WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller, Esq.
Richard P. Krasnow, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                               :
In re                                          :    **Chapter 11 Case No.**
                                               :
**LEHMAN BROTHERS HOLDINGS INC.,**             :    08-_____ (__)
                                               :
         Debtor.                               :
                                               :
------------------------------------------------------------x

### DEBTOR'S MOTION, PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE, FOR AN ORDER ENFORCING THE PROTECTIONS OF SECTION 362 OF THE BANKRUPTCY CODE

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. as debtor and debtor in possession (the "Debtor" or "Lehman"), respectfully represents:

### Background

        1.    On the date hereof (the "Commencement Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to continue to operate its businesses and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Lehman's Business**

2. Lehman is the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide. Through its team of more than 25,000 employees, Lehman offers a full array of financial services in equity and fixed income sales, trading and research, investment banking, asset management, private investment management and private equity. Its worldwide headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

4. Additional information regarding the Debtor's businesses, capital structure, and the circumstances leading to the chapter 11 filing is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed contemporaneously herewith.

**Jurisdiction and Venue**

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

6. Pursuant to Section 105(a) of the Bankruptcy Code, the Debtor hereby seeks entry of an order enforcing the protections of Sections 362 of the Bankruptcy Code to aid it in the administration of its bankruptcy case and to further its reorganization prospects. The global nature of the Debtor's businesses and its extensive dealings with non-U.S. creditors that

are unfamiliar with the protections afforded a chapter 11 debtor under Section 362 of the Bankruptcy Code requires that an order implementing these protections be entered by this Court.

### Basis for Relief

7. As a result of the commencement of the Debtor's chapter 11 case, and by operation of law pursuant to Section 362 of the Bankruptcy Code, the automatic stay enjoins all persons and all governmental units from, among other things: (a) commencing or continuing any judicial, administrative, or other proceeding against the Debtor that was or could have been initiated before the Debtor's chapter 11 case was commenced; (b) recovering upon a claim against the Debtor that arose before the commencement of the Debtor's chapter 11 case; and (c) taking any action to collect, assess, or recover a claim against the Debtor that arose before the commencement of the chapter 11 case. *See* 11 U.S.C. § 362(a)

8. The injunction contained in Section 362 is self-executing. It constitutes a fundamental debtor protection that, in combination with other provisions of the Bankruptcy Code, provides the Debtor with the "breathing spell" that is essential to the Debtor's ability to reorganize successfully. *See, e.g.*, *Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.*, 945 F.Supp. 603, 608 (S.D.N.Y. 1996) ("[Section] 362 is meant to give 'the debtor a breathing spell from his creditors [and] . . . permit [] the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.'") (quoting the legislative history of Section 362)

9. The protections of the automatic stay apply to a debtor's property wherever it is located and by whomever held. *See, e.g., Underwood v. Hilliard* (*In re Rimsat, Ltd.*), 98 F.3d 956, 961 (7th Cir. 1996) (bankruptcy court's *in rem* jurisdiction over property of the estate permits injunctions against foreign proceedings pursuant to the automatic stay).

10. Notwithstanding the self-executing and global nature of Section 362, not all parties affected or potentially affected by the commencement of a chapter 11 case are aware of the Bankruptcy Code provision. Nor are all parties cognizant of its significance and impact. Experience has shown that it is often necessary to advise third parties of the existence and effect of Section 362 of the Bankruptcy Code through a separate order. For these reasons, it is not uncommon for a bankruptcy court to issue an order embodying and restating the provisions of Sections 362 of the Bankruptcy Code.

11. Such an order is particularly appropriate in the Debtor's chapter 11 case because the Debtor operates global businesses across different countries. The Company also has significant assets around the globe.

12. Lehman, for example, has regional headquarters in London and Tokyo and a network of offices in Europe, the Middle East, Latin America and the Asia Pacific region. Lehman also holds memberships or associate memberships on several principal international securities and commodities exchanges, including the London, Tokyo, Hong Kong, Frankfurt, Paris, Milan and Australian stock exchanges.

13. During 2007 alone, Lehman entered or significantly expanded its presence in several international markets, including Australia, Canada, India, Turkey, Russia, Dubai, and Qatar. As a result of these investments in its global franchise, 50% of Lehman's net revenues for the year came from outside the Americas.

14. Accordingly, the Debtor believes that many of the non-U.S. creditors affected by Section 362 of the Bankruptcy Code are unaware of the significant protection it provides to the Debtor. Moreover, a certain amount of the Debtor's assets are located around the

globe, which may further confuse a non-U.S. creditor that is unaccustomed to the broad reach of the automatic stay.

15. The Debtor, therefore, respectfully requests that this Court issue an order that confirms the applicable provisions of Section 362. The Debtor believes that the existence of such an order, which the Debtor will be able to transmit to affected parties, will maximize the protections afforded by Sections 362 of the Bankruptcy Code. Further, the Debtor believes that the "automatic" and self-executing nature of these protections may not be recognized by foreign creditors or tribunals unless embodied in an order of this Court.

16. The Court's general equitable powers are codified in Section 105(a) of the Bankruptcy Code. Section 105(a) empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Granting the relief requested herein is fully consistent with the terms of the Bankruptcy Code and will facilitate a smooth and orderly transition of the Debtor's operations into chapter 11 and minimize the disruption its business affairs. The Debtor, therefore, requests that this Court grant the relief.

17. Similar relief has been granted by this Court in other chapter 11 cases. *See, e.g.*, *In re Dana Corp., et al.*, No. 06-10354 (BRL) (Bankr. S.D.N.Y. March 6, 2006); *In re Delphi Corp.*, No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 13, 2005).

## Notice

18. No trustee, examiner, or statutory creditors' committee has been appointed in the chapter 11 case. The Debtor has served notice of this Motion on (i) the Office of the United States Trustee for the Southern District of New York, (ii) those creditors holding the thirty (30) largest unsecured claims against the Debtor's estate, (iii) the Securities and Exchange Commission, (iv) the Internal Revenue Service, and (v) the United States Attorney for the Southern District of New York. The Debtor submits that no other or further notice need be provided.

19. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE the Debtor respectfully requests that this Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: September 15, 2008
      New York, New York

 /s/ Harvey R. Miller
Harvey R. Miller, Esq.
Richard P. Krasnow, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
In re                                            :     Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,**    :     08-_____ (__)
:
Debtor.                              :
:
-------------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 105 OF THE BANKRUPTCY CODE, ENFORCING THE PROTECTIONS OF SECTION 362 OF THE BANKRUPTCY CODE

Upon the motion, dated September 15, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. as a debtor and debtor in possession (the "Debtor"), pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order enforcing the provisions of Section 362 of the Bankruptcy Code as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates, (iii) the Securities and Exchange Commission, (iv) the Internal Revenue Service, and (v) the United States Attorney for the Southern District of New York, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the Affidavit of Ian T.

NY2:\1915507\02\1520J02!.DOC\73683.1043

Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, the record at the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED pursuant to Section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations and all those acting for or on their behalf) and all foreign or domestic governmental units (and all those acting for or on their behalf) are hereby stayed, restrained, and enjoined from:

(a) commencing or continuing any judicial, administrative, or other action or proceeding against the Debtor, including the issuance or employment of process, that was or could have been commenced before the Debtor's chapter 11 case was commenced;

(b) enforcing, against the Debtor or against property of the estate, a judgment obtained before the commencement the Debtor's chapter 11 case;

(c) collecting, assessing, or recovering a claim against the Debtor that arose before the commencement of the chapter 11 case;

(d) taking any action to obtain possession of property of the estates or of property from the estate or to exercise control over property of the estate;

(e) taking any action to create, perfect, or enforce any lien against property of the estate;

(f) taking any action to create, perfect or enforce any lien against property of the Debtor, to the extent that such lien secures a claim that arose before the commencement of the Debtor's chapter 11 case;

(g) offsetting any debt owing to the Debtor that arose before the commencement of the chapter 11 case against any claim against the Debtor.

; and it is further

ORDERED that all persons and all foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables and other or similar law enforcement officers and officials are stayed, restrained and enjoined from in any way seizing, attaching foreclosing upon, levying against or in any other way interfering with any and all property of the Debtor or the Debtor's estate, wherever located; and it is further

ORDERED that this Order shall not affect the exceptions to the automatic stay contained in Section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with Section 362(d) of the Bankruptcy Code. In addition, this Order shall not affect the substantive rights of any party; and is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: September 15, 2008
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE