WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller, Esq.
Richard P. Krasnow, Esq.
Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                           :  Chapter 11 Case No.
                                                :
**LEHMAN BROTHERS HOLDINGS INC.**               :  08-_____ (__)
                                                :
    Debtor.                                     :
                                                :
                                                :
------------------------------------------------------------------x

**DEBTOR'S MOTION PURSUANT TO BANKRUPTCY RULES 1007(c)
AND 2002(d) (i) EXTENDING THE TIME TO FILE SCHEDULES OF
ASSETS AND LIABILITIES, SCHEDULES OF CURRENT INCOME
AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL
AFFAIRS AND (ii) WAIVING OF THE REQUIREMENTS TO FILE THE
EQUITY LIST AND PROVIDE NOTICE TO EQUITY SECURITY HOLDERS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc., as debtor and debtor in possession (the

"Debtor" and, together with its non-debtor affiliates, "Lehman"), respectfully represents:

**Background**

1.      On the date hereof (the "Commencement Date"), the Debtor

commenced with this Court a voluntary case under chapter 11 of title 11 of the United

States Code (the "Bankruptcy Code"). The Debtor is authorized to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### Lehman's Business

2. Lehman is the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide. Through its team of more than 25,000 employees, Lehman offers a full array of financial services in equity and fixed income sales, trading and research, investment banking, asset management, private investment management and private equity. Its worldwide headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

3. Additional information regarding the Debtor's business, capital structure, and the circumstances leading to this chapter 11 filing is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed contemporaneously herewith. (the "First-Day Affidavit").

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

5.      Section 521 of the Bankruptcy Code and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") require the Debtor to file its: (i) schedules of assets and liabilities, (ii) schedules of current income and expenditures, (iii) schedules of executory contracts and unexpired leases, and (iv) statements of financial affairs (collectively, the "Schedules") within 15 days after the Commencement Date.

6.      Pursuant to Bankruptcy Rule 1007(a)(3), the Debtor is required to file a list of all equity security holders (the "Equity List") within 15 days after the Commencement Date. Pursuant to Bankruptcy Rule 2002(d), unless otherwise ordered by the Court, the Debtor is required to give notice of the commencement of this chapter 11 case (the "Notice of Commencement") to all equity security holders.

7.      By this Motion, the Debtor respectfully requests that the Court (i) extend the 15-day period to file the Schedules for an additional 45 days (for a total of 60 days from the Commencement Date i.e., through and including November 14, 2008), without prejudice to the Debtor's ability to request additional time should it become necessary, and (ii) waive the requirement to file the Equity List and provide the Notice of Commencement to all equity security holders.

**Cause Exists to Extend the
Time to File the Schedules**

8.      Due to the complexity and diversity of its operations, the Debtor anticipates that it will be unable to complete its Schedules in the mere 15 days provided under Bankruptcy Rule 1007(c). To prepare its Schedules, the Debtor must compile information from books, records, and documents relating to thousands of claims, assets,

and contracts. This information is voluminous and is located in numerous places throughout the Debtor's organization. Collecting the necessary information requires the Debtor and its employees to expend an enormous amount of time and effort.

9. In view of the amount of work entailed in completing the Schedules and the competing demands on the time of Debtor's employees and professionals to assist in efforts to stabilize business operations during the initial postpetition period, the Debtor will not be able to properly and accurately complete the Schedules within the required 15-day time period.

10. At present, the Debtor anticipates that it will require <u>at least</u> 45 additional days to complete its Schedules. The Debtor therefore requests that the Court extend the 15-day period for an additional 45 days (for a total of 60 days), through and including November 14, 2008.

11. This Court has authority to grant the requested extension under Bankruptcy Rule 1007(c), which provides that "[a]ny extension of time for the filing of the schedules and statements may be granted only on motion for cause shown and on notice to the United States trustee and to any committee . . . trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c).

12. The Debtor submits that the vast amount of information that must be assembled and compiled, the multiple places where the information is located, and the number of employee and professional hours required to complete the Schedules all constitute good and sufficient cause for granting the requested extension of time.

**Cause Exists to Waive the Requirement to File the Equity List
and Provide Notice of Commencement to Equity Security Holders**

13. Lehman is a public company and, as of August 31, 2008, has approximately 690 million shares of common stock outstanding. Moreover, such common stock is actively traded on the New York Stock Exchange, and therefore, the holders of the common stock change on a daily basis. The Debtor submits that preparing the Equity List and sending notice to all parties on the Equity List will be expensive and time consuming and will serve little or no beneficial purpose. The Debtor further submits that if it becomes necessary for such equity security holders to file proofs of interest, the Debtor will provide them with notice of the bar date and an opportunity to assert their interests. Thus, equity security holders will not be prejudiced.

14. In light of the foregoing, the Debtor submits that ample cause exists for the Court to waive the requirement under Bankruptcy Rule 1007(a)(3) to file the Equity List and the requirement under Bankruptcy Rule 2002(d) to send the Notice of Commencement to all equity security holders.

**Notice**

15. No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case. The Debtor has served notice of this Motion on (i) the Office of the United States Trustee for the Southern District of New York, (ii) those creditors holding the thirty (30) largest unsecured claims against the Debtor's estate, (iii) the Securities and Exchange Commission, (iv) the Internal Revenue Service, and (v) the United States Attorney for the Southern District of New York. The Debtor submits that no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE the Debtor respectfully requests the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: September 15, 2008
      New York, New York

      /s/ Harvey R. Miller
      Harvey R. Miller, Esq.
      Richard P. Krasnow, Esq.
      Lori R. Fife, Esq.
      Shai Y. Waisman, Esq.
      Jacqueline Marcus, Esq.
      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Debtor
      and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
In re                                                             :    Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.**                                 :    08-_____ (__)
                                                                  :
      Debtor.                                                   :
                                                                  :
                                                                  :
------------------------------------------------------------------x

**ORDER PURSUANT TO BANKRUPTCY RULES 1007(c)
AND 2002(d) (i) EXTENDING THE TIME TO FILE SCHEDULES OF
ASSETS AND LIABILITIES, SCHEDULES OF CURRENT INCOME
AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL
AFFAIRS AND (ii)  WAIVING OF THE REQUIREMENTS TO FILE THE
EQUITY LIST AND PROVIDE NOTICE TO EQUITY SECURITY HOLDERS**

        Upon the Motion, dated September 15, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. as debtor and debtor in possession (the "Debtor" and, together with its non-debtor affiliates, "Lehman"), pursuant to Rules 1007 and 2002(d) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") (i) for an extension of the time within which the Debtor shall file its (a) schedules of assets and liabilities, (b) schedules of executory contracts and unexpired leases, and (c) statements of financial affairs, (collectively, the "Schedules"); and (ii) a waiver of the requirements to file a list of equity security holders (the "Equity List") and provide notice of the commencement of this chapter 11 case (the "Notice of Commencement") to equity security holders, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of

NY2:\1914658\09\151CY09!.DOC\73683.1043

2

New York and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) those creditors holding the thirty (30) largest unsecured claims against the Debtor's estate, (iii) the Securities and Exchange Commission, (iv) the Internal Revenue Service, and (v) the United States Attorney for the Southern District of New York, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications (the "Local Rules"), dated September 15, 2008, the record of the Hearing, and all of the proceedings before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditor, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is hereby granted; and it is further

ORDERED that pursuant to Bankruptcy Rule 1007(a)(4) the time by which the Debtor shall file its Schedules is extended an additional days, through and including November 14, 2008, without prejudice to the Debtor's right to seek further extensions upon a showing of cause therefor; and it is further

ORDERED that the requirement under Bankruptcy Rule 1007(a)(3) to file the Equity List is waived; and it is further

ORDERED that the requirement under Bankruptcy Rule 2002(d) to provide the Notice of Commencement to all equity security holders is waived.

Dated: September __, 2008
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE