WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller, Esq.
Richard P. Krasnow, Esq.
Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                                  :
**In re**                                              :    Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.**      :    08-_____ (__)
                                                                  :
            **Debtor.**                                  :
                                                                  :
                                                                  :
------------------------------------------------------------------x

**DEBTOR'S MOTION PURSUANT TO SECTION 105(a) OF THE**
**BANKRUPTCY CODE AND LOCAL BANKRUPTCY RULE 1007-2(d) FOR WAIVER**
**OF THE REQUIREMENTS OF LOCAL BANKRUPTCY RULE 1007-2(a) AND 1007-2(b)**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc., as debtor and debtor in possession (the "Debtor"

and, together with its non-debtor affiliates, "Lehman"), respectfully represents:

**Background**

    1.  On the date hereof (the "Commencement Date"), the Debtor commenced

with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). The Debtor is authorized to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### Lehman's Business

2. Lehman is the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide. Through its team of more than 25,000 employees, Lehman offers a full array of financial services in equity and fixed income sales, trading and research, investment banking, asset management, private investment management and private equity. Its worldwide headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

3. Additional information regarding the Debtor's business, capital structure, and the circumstances leading to this chapter 11 filing is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed contemporaneously herewith. (the "First-Day Affidavit").

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

5. Pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007-2(d) of Local Bankruptcy Rules for the Southern District of

New York, effective August 4, 2008 (the "Local Rules"), the Debtor is seeking a waiver of the requirement to supply the information set forth in Local Rule 1007-2(a)(5)-(12) and (b).

**Basis for Relief Requested**

6.    Pursuant to Local Rule 1007-2(a), the Debtor must file an affidavit setting forth, *inter alia*:  (i) a summary of the Debtor's assets and liabilities; (ii) the number and classes of shares of stock, debentures or other securities of the Debtor that are publicly held, and the number of holders thereof; (iii) a list of the Debtor's property not in the Debtor's possession; (iv) a list of the Debtor's premises owned, leased, or held under other arrangement from which the Debtor operates its business; (v) the location of Debtor's substantial assets, books and records, and nature, location, and value of any assets held by the Debtor outside territorial limits of the United States; (vi) the nature and status of each action or proceeding, pending or threatened, against the Debtor or its property; and (vii) the names of the individuals who comprise the Debtor's senior management (collectively, the "1007-2(a) Schedules").

7.    Furthermore, in accordance with Local Rule 1007-2(b), the Debtor must also set forth in the affidavit: (i) the estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders, and partners), (ii) the estimated amount to be paid to officers, stockholders, directors, and financial and business consultants retained by the Debtor for the thirty (30) day period following the filing of the petition, and (iii) a schedule of estimated cash receipts and disbursement, net cash gain or loss, and unpaid obligations and receivables that are expected to accrue, other than professional fees (collectively, the "1007-2(b) Schedules" and together with the 1007-2(a) Schedules, the "Schedules") for the thirty (30) day period following the filing of the petition.

8. The Debtor's business is global in nature with over 25,000 employees and hundreds of legal entities organized under domestic and foreign laws operating in numerous markets. That this case is large and complex is an understatement. As explained in the First-Day Affidavit, due to the size and complexity of its operations, and the relatively short time that the Debtor had to prepare to file its chapter 11 case, the Debtor anticipates that it will be unable to provide the information in the affidavit in support of its First-Day Motions as required by Local Rules 1007-2(a) and 1007-2(b). To prepare the Schedules, the Debtor must compile information from books, records, and documents relating to thousands of claims, assets, and contracts. This information is voluminous and is located in numerous places throughout the Debtor's organization. Collecting the information necessary to prepare such lists will require weeks, not days, of time and effort by the Debtor and its employees. Moreover, such information is otherwise publicly available or of little relevance in the context of this case.

9. While the Debtor is mobilizing its employees to work diligently and expeditiously to provide information for the Schedules, the Debtor's resources are limited due to the nature of this particular chapter 11 case. In view of the amount of work entailed in completing the Schedules, and the competing demands on the Debtor's employees and professionals time to assist in efforts to stabilize business operations upon commencement of this chapter 11 case, it is extremely impracticable for the Debtor to furnish the foregoing information required under Local Rules 1007-2(a) and 1007-2(b).

10. This Court has authority to grant the requested waiver under Local Rule 1007-2(d), which provides that:

> [u]pon motion of the debtors on notice to the United States Trustee showing that it is impracticable or impossible to furnish any of the foregoing information, the Court may dispense with any of the

>foregoing provisions, with the exception of those contained in paragraphs (1), (2), (3), and (4) of subdivision (a) of this rule.

Local Rule 1007-2(d).

11. Further, section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtor submits that due to the complex nature of this chapter 11 case and the vast amount of information that must be assembled and compiled, the multiple places where the information is located, and the number of employee and professional hours required to complete the Schedules all constitute good and sufficient cause for granting the requested waiver to dispense with the requirements of Local Rules 1007-2(a) and (b).

## **Notice**

12. No trustee, examiner, or statutory creditors' committee has been appointed in these chapter 11 cases. The Debtor has served notice of this Motion on (i) the Office of the United States Trustee for the Southern District of New York, (ii) those creditors holding the thirty (30) largest unsecured claims against the Debtor's estate, (iii) the Securities and Exchange Commission, (iv) the Internal Revenue Service, and (v) the United States Attorney for the Southern District of New York. The Debtor submits that no other or further notice need be provided.

13. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE the Debtor respectfully requests the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: September 15, 2008
New York, New York

/s/ Harvey R. Miller
Harvey R. Miller, Esq.
Richard P. Krasnow, Esq.
Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                    :

In re                                         :         Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC.     :         08-_____ (\_\_)
                                        :
        Debtor.                            :
                                        :
                                        :
------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND LOCAL BANKRUPTCY RULE 1007-2(d) WAIVING THE REQUIREMENTS OF LOCAL BANKRUPTCY RULE 1007-2(a) AND 1007-2(b)

Upon the Motion, dated September 15, 2008 (the "Motion"), of Lehman Brothers Holdings Inc., as debtor and debtor in possession (the "Debtor" and, together with its non-debtor affiliates, "Lehman"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007-2(d) of Local Bankruptcy Rules for the Southern District of New York, effective August 4, 2008 (the "Local Rules"), the Debtor is seeking a waiver of the requirement to supply the information set forth in Local Rule 1007-2(a)(5)-(12) and (b); all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) those creditors holding the thirty (30) largest unsecured claims against the Debtor's estate, (iii)

the Securities and Exchange Commission, (iv) the Internal Revenue Service, and (v) the United States Attorney for the Southern District of New York, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications (the "Local Rules"), the record of the Hearing, and all of the proceedings before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing thereof, it is

ORDERED that the Motion is hereby granted; and it is further

ORDERED that pursuant to Rule 1007-2(d) of Local Rules the requirement to supply the information set forth in Local Rule 1007-2(a)(5)-(12) and (b) is waived.

Dated: September __, 2008
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE