WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller, Esq.
Richard P. Krasnow, Esq.
Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                                                    :          Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.**           :          08-_____ (__)
:
**Debtor.**                                           :
:
:
------------------------------------------------------------------x

**DEBTOR'S MOTION PURSUANT TO SECTIONS 105(a),
342(a), AND 521(a)(1) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 1007(a) AND 2002(a), (f) AND (*l*), AND LOCAL BANKRUPTCY
RULE 1007-1 FOR (i) A WAIVER OF THE REQUIREMENT TO FILE A LIST OF
CREDITORS AND (ii) APPROVAL OF THE FORM AND MANNER OF NOTIFYING
CREDITORS OF THE COMMENCEMENT OF THE DEBTOR'S CHAPTER 11 CASE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc., as debtor and debtor in possession (the "Debtor"

and, together with its non-debtor affiliates, "Lehman"), respectfully represents:

**Background**

1. On the date hereof (the "Commencement Date"), the Debtor commenced

with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). The Debtor is authorized to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## Lehman's Business

2. Lehman is the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide. Through its team of more than 25,000 employees, Lehman offers a full array of financial services in equity and fixed income sales, trading and research, investment banking, asset management, private investment management and private equity. Its worldwide headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

3. Additional information regarding the Debtor's business, capital structure, and the circumstances leading to this chapter 11 filing is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed contemporaneously herewith.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5. Pursuant to sections 105(a), 342(a) and 521(a)(1) of the Bankruptcy Code, the Debtor is seeking: (i) a waiver of the requirement to file a list of creditors on the Commencement Date as required by section 521(a)(1) of the Bankruptcy Code, Rule 1007(a)(1)

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and General Order M-192 (the "Standing Order") of the United States Bankruptcy Court for the Southern District of New York (collectively, the "Notice Rules"), and (ii) authority to implement certain procedures (the "Procedures") for notifying creditors of the commencement of this chapter 11 case and providing notice of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Notice of Commencement") no less than twenty (20) days prior to the meeting of creditors. The proposed form of Notice of Commencement is annexed hereto as Exhibit A.

**Basis for Relief Requested**

6. As set forth in the First Day Affidavit of Ian T. Lowitt pursuant to Local Rule 1007-2, the Debtor commenced this Chapter 11 case because of a confluence of conditions in the global financial markets and worldwide economic conditions.

7. The Notice Rules require the Debtor to file a list of creditors and their addresses contemporaneously with its chapter 11 petition. The Debtor intends to file a motion to retain and employ a notice and claims processing agent (the "Notice and Claims Agent") in this chapter 11 case. The Debtor intends to request authorization to retain the Notice and Claims Agent pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provision of notices and other administrative information to parties in interest when the Debtor pays the costs out of the estate's assets. 28 U.S.C. § 156(c). The Debtor proposes that, pursuant to section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), within thirty days after the Commencement Date, the Debtor shall furnish its list of creditors to the Notice and Claims

Agent so that the Notice and Claims Agent may mail the Notice of Commencement to the parties identified thereon.[1]

8.   Because the Notice and Claims Agent will receive the list of creditors and mail the Notice of Commencement to the parties identified thereon, the Debtor believes that filing a list of creditors will serve no independent purpose, and therefore, the Court should waive the requirement to file a list of creditors and their addresses.

9.   Bankruptcy Rule 2002(a) provides in relevant part that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 20 days' notice by mail of: the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a). Bankruptcy Rule 2002(f) also provides that notice of the order for relief shall be sent by mail to all creditors.

10.   In addition to the mailing by the Notice and Claims Agent of the Notice of Commencement, the Debtor proposes to publish, as soon as practicable, the Notice of Commencement once in the national edition of the Wall Street Journal. The Court has authority under Bankruptcy Rule 2002(*l*) to "order notice by publication if it finds that notice by mail is impracticable." Fed. R. Bankr. P. 2002(*l*). The Debtor submits that publication of the Notice of Commencement is the quickest and most practical method by which to notify creditors and other parties in interest of the commencement of this chapter 11 case and constitutes an efficient use of the estate's resources.

11.   Section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this

---

[1] Pursuant to the Standing Orders, the Debtor has conferred with the Clerk of the Court and the Clerk has instructed the Debtor not to file a list of creditors. The Clerk has instructed the Debtor to provide the list of creditors to the Notice and Claims Agent as proposed herein.

title." 11 U.S.C. § 105(a). The Debtor submits that the relief requested is appropriate in this chapter 11 case to provide adequate notice and is within the Court's equitable powers under section 105 of the Bankruptcy Code.

## **Notice**

12. No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case. The Debtor has served notice of this Motion on (i) the Office of the United States Trustee for the Southern District of New York, (ii) those creditors holding the thirty (30) largest unsecured claims against the Debtor's estate, (iii) the Securities and Exchange Commission, (iv) the Internal Revenue Service, and (v) the United States Attorney for the Southern District of New York. The Debtor submits that no other or further notice need be provided.

**[The rest of this page was intentionally left blank]**

13. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: September 15, 2008
      New York, New York

      /s/ Harvey R. Miller
      Harvey R. Miller, Esq.
      Richard P. Krasnow, Esq.
      Lori R. Fife, Esq.
      Shai Y. Waisman, Esq.
      Jacqueline Marcus, Esq.
      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Debtor
      and Debtor in Possession

# EXHIBIT A

## Notice of Commencement

NY2:\1914716\13\151#K13!.DOC\73683.1043

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | | |
|---|---|---|
| In re<br>**LEHMAN BROTHERS HOLDINGS INC.,**<br>Debtor | **Chapter 11 Case No:**<br>08-_____ (____) | **Tax Identification Number**<br>13-3216325 |

| **NOTICE OF CHAPTER 11 BANKRUPTCY CASE, MEETING OF CREDITORS, AND DEADLINES** |
|---|
| A Chapter 11 bankruptcy case concerning the debtor was filed on September 15, 2008.  You may be a creditor of the debtor.  **This notice lists important deadlines**.  You may want to consult an attorney to protect your rights.  All documents filed with the Court, including lists of the debtor's properties and debts, are available for inspection at the office of the clerk of the Bankruptcy Court and the Court's website, www.nysb.uscourts.gov.  Note that a PACER password is needed to access documents on the Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov).  NOTE: The staff members of the Bankruptcy Clerk's Office and the Office of the United States Trustee cannot give legal advice. |
| **OTHER NAMES USED BY THE DEBTOR IN THE PAST 8 YEARS**: |

| **Attorneys for Debtor**<br>Harvey R. Miller, Esq.<br>Richard P. Krasnow, Esq.<br>Lori R. Fife, Esq.<br>Shai Y. Waisman, Esq.<br>Jacqueline Marcus, Esq.<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153-0119<br>Telephone: 212-310-8000<br>Facsimile: 212-310-8007 | **DATE, TIME, AND LOCATION OF MEETING OF CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 341(a)**<br>_____, 2008 at _:__ p.m. (prevailing Eastern Time)<br>Office of the United States Trustee for the Southern District of New York<br>80 Broad Street, Fourth Floor<br>New York, New York 10004 |
|---|---|

| **DEADLINE TO FILE A PROOF OF CLAIM** |
|---|
| None at this time.  When the Court sets a claims deadline, you will be notified and provided a proof of claim form by mail. |
| **DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS**<br>_____ __, 2008 at _:__ _.m. (prevailing Eastern Time) |
| **CREDITORS MAY NOT TAKE CERTAIN ACTIONS**<br>**IN MOST INSTANCES, THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTOR AND THE DEBTOR'S PROPERTY.  UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTOR CAN REQUEST THE COURT TO EXTEND OR IMPOSE A STAY.  IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED.  COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTOR TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTOR TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTOR, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS.  CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.** |

| Address of the Clerk of the Bankruptcy Court<br>Clerk of the United States Bankruptcy Court,<br>One Bowling Green, New York, New York  10004 | For the Court: _____<br>Clerk of the Bankruptcy Court |
|---|---|
| Hours Open: 8:30 a.m. – 5:00 p.m. | Date: [_____ __, 2008] |

| | |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Court by the debtor named above, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan. You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the debtor's property and may continue to operate its business. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed above. *The debtor's representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. The court, after notice and a hearing, may order that the United States trustee not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case. |
| Notice | You will not receive notice of all documents filed in this chapter 11 case. On [September __, 2008,] the Court entered its Order Establishing Notice Procedures (the "Notice Procedures Order"). The Notice Procedures Order describes the notice procedures that apply in this chapter 11 case. All parties who desire to participate in this chapter 11 case must follow the procedures set forth in the Notice Procedures Order. Parties can obtain a copy of the Notice Procedures Order and all other documents filed electronically with the Court in this case, including lists of the Debtor's property and debts, by: (i) contacting the Clerk of the Court at One Bowling Green, New York, New York 10004-1408, (ii) accessing the Court's website at www.nysb.uscourts.gov. Note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website; or (iii) contacting the Debtor's counsel at: Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq. Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.). |
| Claims | A schedule of liabilities will be filed pursuant to Bankruptcy Rule 1007. A form of proof of claim and notice of the deadline for filing such proof of claim, as well as procedures for filing proofs of claim, will be sent to you later. A deadline for the last day for filing proofs of claim has not yet been established. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed above. The bankruptcy clerk's office must receive the objection by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.** : 08-_____ (__)
:
Debtor. :
:
:
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a), 342(a)
AND 521(a)(1) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 1007(a) AND 2002(a), (f) AND (*l*), AND LOCAL BANKRUPTCY
RULE 1007-1 (i) WAIVING THE REQUIREMENT TO FILE A LIST OF
CREDITORS AND (ii) APPROVING THE FORM AND MANNER OF NOTIFYING
CREDITORS OF THE COMMENCEMENT OF THE DEBTOR'S CHAPTER 11 CASE**

Upon the Motion, dated September 15, 2008 (the "Motion"), of Lehman Brothers Holdings Inc., as debtor and debtor in possession (the "Debtor" and, together with its non-debtor affiliates, "Lehman"), pursuant to sections 105(a), 342(a), and 521(a)(1) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(a), 2002(a), (f), and *(l)* of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and General Order M-192 (the "Standing Order") for waiver of the requirement for filing a list of creditors and approval of the form and manner of notifying creditors of the commencement of theis chapter 11 case, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) those creditors holding the thirty (30) largest unsecured claims against the Debtor's estate, (iii) the Securities and Exchange Commission, (iv) the Internal Revenue Service, and (v) the United States Attorney for the Southern District of New York, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the Affidavit of Ian T. Lowitt pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is hereby granted; and it is further

ORDERED that the requirement under section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1 and the Standing Order to file a list of creditors with the Court is waived; and it is further

ORDERED that the Debtor, within thirty days after the commencement of this chapter 11 case, shall furnish the list of creditors to a notice and claims agent (the "Notice and Claims Agent"), subject to the Court's authorization to engage such an agent in this chapter 11 case; and it is further

ORDERED that the notice of the commencement of this chapter 11 case and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "<u>341 Meeting</u>"), substantially in the form annexed hereto as <u>Exhibit A</u> (the "<u>Notice of Commencement</u>"), hereby is approved; and it is further

ORDERED that the Debtor, with the assistance of the Notice and Claims Agent, is hereby authorized and directed to mail the Notice of Commencement not later than the date that is twenty days prior to the date on which the 341 Meeting is to be held, to all parties identified on the Debtor's list of creditors; and it is further

ORDERED that the Debtor, with the assistance of the Notice and Claims Agent, shall cause the Notice of Commencement (with such changes as may be required for publication) to be published once in the national edition of the Wall Street Journal, on or before the date that is not less than twenty days prior to the date on which the 341 Meeting is to be held, and that the form of the publication notice is hereby approved and authorized pursuant to Bankruptcy Rule 2002(*l*); and it is further

ORDERED that notice as provided herein is reasonably calculated to inform interested parties of this chapter 11 case and hereby is approved; and it is further

ORDERED that this Court retains jurisdiction regarding all matters arising from or related to the implementation of this Order.

Dated: September ___, 2008
      New York, New York

                                                _____
                                                UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT A**

## **Notice of Commencement**

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | | |
|---|---|---|
| In re<br>**LEHMAN BROTHERS HOLDINGS INC.,**<br>Debtor | Chapter 11 Case No:<br>08-_____ (\_\_\_\_) | Tax Identification Number<br>13-3216325 |

| **NOTICE OF CHAPTER 11 BANKRUPTCY CASE, MEETING OF CREDITORS, AND DEADLINES** |
|---|
| A Chapter 11 bankruptcy case concerning the debtor was filed on September 15, 2008.  You may be a creditor of the debtor.  **This notice lists important deadlines**.  You may want to consult an attorney to protect your rights.  All documents filed with the Court, including lists of the debtor's properties and debts, are available for inspection at the office of the clerk of the Bankruptcy Court and the Court's website, www.nysb.uscourts.gov.  Note that a PACER password is needed to access documents on the Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov).  NOTE: The staff members of the Bankruptcy Clerk's Office and the Office of the United States Trustee cannot give legal advice. |
| **OTHER NAMES USED BY THE DEBTOR IN THE PAST 8 YEARS**: |

| <u>Attorneys for Debtor</u><br>Harvey R. Miller, Esq.<br>Richard P. Krasnow, Esq.<br>Lori R. Fife, Esq.<br>Shai Y. Waisman, Esq.<br>Jacqueline Marcus, Esq.<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153-0119<br>Telephone: 212-310-8000<br>Facsimile: 212-310-8007 | **DATE, TIME, AND LOCATION OF MEETING OF CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 341(a)**<br>_____, 2008 at \_:\_\_ p.m. (prevailing Eastern Time)<br>Office of the United States Trustee for the Southern District of New York<br>80 Broad Street, Fourth Floor<br>New York, New York 10004 |
|---|---|

| **DEADLINE TO FILE A PROOF OF CLAIM**<br>None at this time.  When the Court sets a claims deadline, you will be notified and provided a proof of claim form by mail. |
|---|
| **DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS**<br>_____ \_\_, 2008 at \_:\_\_ \_.m. (prevailing Eastern Time) |
| **CREDITORS MAY NOT TAKE CERTAIN ACTIONS**<br>**IN MOST INSTANCES, THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTOR AND THE DEBTOR'S PROPERTY.  UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTOR CAN REQUEST THE COURT TO EXTEND OR IMPOSE A STAY.  IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED.  COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTOR TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTOR TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTOR, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS.  CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.** |

| <u>Address of the Clerk of the Bankruptcy Court</u><br>Clerk of the United States Bankruptcy Court,<br>One Bowling Green, New York, New York  10004 | For the Court: _____<br>Clerk of the Bankruptcy Court |
|---|---|
| Hours Open: 8:30 a.m. – 5:00 p.m. | Date: [_____ \_\_, 2008] |

| | |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Court by the debtor named above, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan. You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the debtor's property and may continue to operate its business. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed above. *The debtor's representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. The court, after notice and a hearing, may order that the United States trustee not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case. |
| Notice | You will not receive notice of all documents filed in this chapter 11 case. On [September __, 2008,] the Court entered its Order Establishing Notice Procedures (the "Notice Procedures Order"). The Notice Procedures Order describes the notice procedures that apply in this chapter 11 case. All parties who desire to participate in this chapter 11 case must follow the procedures set forth in the Notice Procedures Order. Parties can obtain a copy of the Notice Procedures Order and all other documents filed electronically with the Court in this case, including lists of the Debtor's property and debts, by: (i) contacting the Clerk of the Court at One Bowling Green, New York, New York 10004-1408, (ii) accessing the Court's website at www.nysb.uscourts.gov. Note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website; or (iii) contacting the Debtor's counsel at: Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq. Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.). |
| Claims | A schedule of liabilities will be filed pursuant to Bankruptcy Rule 1007. A form of proof of claim and notice of the deadline for filing such proof of claim, as well as procedures for filing proofs of claim, will be sent to you later. A deadline for the last day for filing proofs of claim has not yet been established. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed above. The bankruptcy clerk's office must receive the objection by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |