WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller, Esq.
Richard P. Krasnow, Esq.
Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                :
**In re**                                       :    **Chapter 11 Case No.**
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,**              :    **08-13555 (JMP)**
                                                :
          **Debtor.**                           :
                                                :
---------------------------------------------------------------x

**MOTION OF LEHMAN BROTHERS HOLDINGS INC. FOR ORDER,
PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE,
<u>CONFIRMING STATUS OF CLEARING ADVANCES</u>**

TO THE HONORABLE JUDGE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc., as debtor in possession (the "<u>Debtor</u>" or

"<u>Lehman</u>"), respectfully represents:

### **Background**

    1.  On September 15, 2008 (the "<u>Commencement Date</u>"), Lehman

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States

Code (the "<u>Bankruptcy Code</u>"). Lehman is authorized to continue to operate its businesses and

NY2:\1915846\05\1529Y05!.DOC\73683.1043

manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## Lehman's Business

2.  Lehman is the fourth largest investment bank in the United States, and for most of its 158 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients, and individuals worldwide. Through its team of more than 25,000 employees, Lehman offers a full array of financial services in equity and fixed income sales, trading and research, investment banking, asset management, private investment management, and private equity. Its worldwide headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America, and the Asia Pacific region.

## Clearing Advances

5.  Lehman Brothers Inc. ("LBI"), a non-Debtor subsidiary of Lehman, is a registered broker-dealer with the Securities and Exchange Commission. JPMorgan Chase Bank, N.A. ("Chase") is party to the following agreements with Lehman and certain of its affiliates: (i) the Clearance Agreement executed by Chase as of June 15, 2000 and executed by Lehman, LBI, Lehman Commercial Paper Inc., Lehman Brothers International (Europe), Lehman Brothers OTC Derivatives Inc., and Lehman Brothers Japan Inc. as of June 7, 2000 and thereafter (as amended, the "June 2000 Clearance Agreement"); (ii) the Clearance Agreement, dated as of September 10, 2008, with Lehman Brothers Bank, FSB; (iii) the Clearance Agreement, dated as of September 10, 2008, with Lehman Brothers Bankhaus Aktiengesellschaft; (iv) the Clearance Agreement, dated as of September 10, 2008, with Lehman Brothers Commercial Bank; and (v)

the Global Custody and Clearance Agreement, dated March 14, 2001, with LBI (the "Global Clearance Agreement," and together with the June 2000 Clearance Agreement and the September 2008 Clearance Agreements, the "Clearance Agreements"). Lehman, LBI, and the foregoing Lehman affiliates that are parties to the respective Clearance Agreements shall be referred to herein as the "Lehman Clearance Parties").

6. Pursuant to section 5 of the June 2008 Clearance Agreement and the September 2008 Clearance Agreements and section 4 of the Global Clearance Agreement, Chase may, in its sole discretion, make advances to or for the benefit of the respective Lehman Clearance Parties, which are payable by the respective Lehman Clearance Parties upon demand by Chase.

7. The obligations of the Lehman Clearance Parties under the respective Clearance Agreements are guaranteed by Lehman pursuant to (i) that certain Guaranty, dated as of August 26, 2008, by Lehman in favor of Chase and its successors and assigns (as amended, the "August Guaranty"), and (ii) that certain Guaranty, dated as of September 9, 2008, made by Lehman in favor of Chase and its affiliates, subsidiaries, successors, and assigns (as amended, the "September Guaranty," and together with the August Guaranty, the "Guarantee Agreements"). Copies of the Guarantee Agreements are annexed hereto as Exhibit "B."

8. Lehman's obligations under the Guarantee Agreements are secured by collateral (including all proceeds thereof, whether arising before or after the Commencement Date) (the "Holding Company Collateral") pledged to Chase pursuant to (i) the Security Agreement, dated as of August 26, 2008, by Lehman in favor of Chase and any of its successors and assigns party to the Clearance Agreements (as amended, the "August Security Agreement"), and (ii) the Security Agreement, dated as of September 9, 2008, by Lehman in favor of Chase

NY2:\1915846\05\1529Y05!.DOC\73683.1043                          3

and any of its affiliates, subsidiaries, successors, and assigns (as amended, the "September Security Agreement," and together with the August Security Agreement, the "Security Agreements"). Copies of the Security Agreements are annexed hereto as Exhibit "C."

9. At the opening of the United States securities markets on September 15, 2008, after the filing of the chapter 11 petition, Chase advanced approximately $87 billion (the "Commencement Date Advance") to or for the benefit of the Lehman Clearance Parties at the request of Lehman and the Federal Reserve Bank of New York. The Commencement Date Advance was necessary to clear, and facilitate the settlement of, securities transactions with customers or clients of the Lehman Clearance Parties to avoid a disruption of the financial markets. The Commencement Date Advance was repaid by the Federal Reserve Bank. On the following day, Chase advanced a comparable amount to or for the benefit of the Lehman Clearance Parties at the request of Lehman and the Federal Reserve Bank of New York (the "Second Day Advance"). The Second Day Advance was necessary to clear, and facilitate the settlement of, securities transactions with customers or clients of the Lehman Clearance Parties to avoid a disruption of the financial markets. Chase may elect to make additional advances under the Clearance Agreements in its sole discretion (such additional advances, including the Second Day Advance and any other advances incidental to, and other amounts owing to Chase in respect of, the clearing process, the "Postpetition Advances").

10. Pursuant to the Guarantee Agreements and Security Agreements, all Postpetition Advances are guaranteed by Lehman, which guarantees are secured by the Holding Company Collateral.

NY2:\1915846\05\1529Y05!.DOC\73683.1043                 4

**Jurisdiction and Venue**

11.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

12.     Pursuant to section 105(a) of the Bankruptcy Code, Lehman hereby seeks entry of an order confirming that any of Chase's claims against Lehman arising under or pursuant to the Clearance Agreements, Guarantee Agreements, or Securities Agreements, which agreements are "securities contracts" within the meaning of section 741(7)(A) of the Bankruptcy Code, arising from any Postpetition Advances, will be allowed as claims under the Guarantee Agreements and will be secured by the Holding Company Collateral to the same extent as if they had been made prior to the Commencement Date.  In order to assure that Chase will continue to perform under the Clearance Agreements, out of an abundance of caution it is necessary to confirm that the claims of Chase that may arise from Postpetition Advances or other transactions arising under or pursuant to the Clearance Agreements, Guarantee Agreements, or Security Agreements post the Commencement Date (the "Clearing Claims") will be allowed as claims under the Guarantee Agreements secured by the Holding Company Collateral.  In the alternative, to the extent the Court views the Postpetition Advances as the postpetition incurrence of debt, Lehman requests that the Court confirm that the Postpetition Advances are authorized under section 364 of the Bankruptcy Code as to the Guarantee Agreements and the Holding Company Collateral.

**Basis for Relief**

13. Section 741(7)(A)(v) of the Bankruptcy Code defines a "securities contract" as "any extension of credit for the clearance or settlement of securities transactions." 11 U.S.C. § 741(7)(A)(v). Section 741(7)(A)(xi) of the Bankruptcy Code defines a "securities contract" as "any security agreement or arrangement or other credit enhancement related to any agreement or transaction referred to in this subparagraph, including any guarantee or reimbursement obligation by or to a stockbroker, securities clearing agency, financial institution, or financial participant in connection with any agreement or transaction referred to in this subparagraph, but not to exceed the damages in connection with any such agreement or transaction, measured in accordance with section 562." *Id.* § 741(7)(A)(xi).

14. Section 562(a) of the Bankruptcy Code provides that damages under any securities contract will be calculated as of the earlier of (i) the date of rejection of such contract, or (ii) the date of liquidation, termination, or acceleration of the contract.

15. Section 502(g)(2) of the Bankruptcy Code provides that a "claim for damages calculated in accordance with section 562 shall be allowed . . . or disallowed . . . as if such claim had arisen before the date of the filing of the petition." *Id.* § 562(a).

16. Section 364 of the Bankruptcy Code authorizes a debtor in possession to obtain credit and incur debt to enable the debtor in possession to gain access to funds that are necessary either to continue the business and operations of the debtor or liquidate the assets of the bankruptcy estate in an orderly fashion.

17. The Clearance Agreements, Guarantee Agreements, and Security Agreements are "securities contracts" within the meaning of section 741(7) of the Bankruptcy

Code. As such, any of Chase's claims under the Clearance Agreements, Guarantee Agreements, or Security Agreements are to be determined as of the date of liquidation, termination, or acceleration under such agreements, which date has not yet occurred.

18. This Motion does not seek an order of this Court validating Chase's guarantees of Lehman or the liens securing such guarantees, or to grant administrative expense status for the Clearing Claims. Rather, out of an abundance of caution, it requests confirmation that Chase's Clearing Claims will be allowed as claims under the Guarantee Agreements that are secured by the Holding Company Collateral to the same extent as if they had been made prior to the Commencement Date.

19. The granting of the relief requested is in the best interests of the estate and its stakeholders and the public markets. Lehman has been advised by Chase that, absent such relief, Chase will be unable to continue to make Postpetition Advances at Lehman's request. It is essential to Lehman's customers that Chase continue to clear securities transactions for the Lehman Clearance Parties in accordance with its prepetition practices. Any cloud on the guarantees vis-à-vis the Holding Company Collateral will inhibit Chase from clearing advances to or for the benefit of the Lehman Clearance Parties to the detriment of public investors.

20. The Court's general equitable powers are codified in section 105(a) of the Bankruptcy Code. Section 105(a) empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Granting the relief requested herein is fully consistent with the terms of the Bankruptcy Code, will facilitate a smooth and orderly transition of Lehman's operations into chapter 11, and minimize not only the disruption of Lehman's business affairs, but also the disruption of the financial markets as a whole.

**Notice**

21.    No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case. Lehman has served notice of this Motion on (i) Chase; (ii) the Office of the United States Trustee for the Southern District of New York; (iii) those creditors holding the thirty (30) largest unsecured claims against the Debtor's estate; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in this case. Lehman submits that no other or further notice need be provided.

22.    No previous request for the relief sought herein has been made by Lehman to this or any other court.

WHEREFORE Lehman respectfully requests that this Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: September 16, 2008
       New York, New York

/s/ Shai Y. Waisman
Harvey R. Miller, Esq.
Richard P. Krasnow, Esq.
Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                 :
**In re**                                                        :   **Chapter 11 Case No.**
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,**                               :   **08-13555 (JMP)**
                                                                 :
           Debtor.                                               :
                                                                 :
-----------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE**
**CONFIRMING STATUS OF CLEARING ADVANCES**

Upon the motion, dated September 15, 2008 (the "Motion"), of Lehman Brothers Holdings Inc., as debtor and debtor in possession (the "Debtor" or "Lehman"), pursuant to section 105 of title 11 of the United States Code for entry of an order confirming the status of clearing advances by JPMorgan Chase Bank, N.A. ("Chase") to Lehman Brothers Inc. ("LBI") and the other Lehman Clearance Parties (as defined in the Motion), as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) Chase; (ii) the United States Trustee for the Southern District of New York; (iii) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates; (iv) the Securities and Exchange Commission; (v) the

Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "<u>Hearing</u>"); and upon the Statement of JPMorgan Chase Bank, N.A. in Support of the Motion, dated September 16, 2008, the record at the Hearing, and all the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of Lehman, its estate, its creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that any of Chase's claims against Lehman arising under or pursuant to the Clearance Agreements (as defined in the Motion), the Guarantee Agreements (as defined in the Motion), or the Securities Agreements (as defined in the Motion) arising from any Postpetition Advances (as defined in the Motion) shall be allowed as claims under the Guarantee Agreements and will be secured by the Holding Company Collateral (as defined in the Motion) to the same extent as if they had been made prior to the date on which the Debtor commenced its chapter 11 case in this Court; and it is further

2

ORDERED that to the extent the Postpetition Advances constitute the postpetition incurrence of debt, the Postpetition Advances are authorized under section 364 of the Bankruptcy Code as to the Guarantee Agreements and the Holding Company Collateral; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: September __, 2008
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE