WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller, Esq.
Richard P. Krasnow, Esq.
Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.

Attorneys for Debtor
and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

|  |  |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.** | **08- 13555 (JMP)** |
| **Debtor.** | |

------------------------------------------------------------x

### DEBTOR'S MOTION PURSUANT TO
### SECTION 105(a) OF THE BANKRUPTCY CODE AND
### BANKRUPTCY RULES 1015(c) AND 9007 SEEKING AUTHORITY TO
### IMPLEMENT CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc., as debtor and debtor in possession (the

"Debtor" and, together with its non-debtor affiliates, "Lehman"), respectfully represents:

### Background

1.        On September 15, 2008 (the "Commencement Date"), the Debtor

commenced with this Court a voluntary case under chapter 11 of title 11 of the United

States Code (the "Bankruptcy Code"). The Debtor is authorized to operate its business

and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## Lehman's Business

2.      Lehman is the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.  Through its team of more than 25,000 employees, Lehman offers a full array of financial services in equity and fixed income sales, trading and research, investment banking, asset management, private investment management, and private equity.  Its worldwide headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

3.      Additional information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York  (the "Local Rules") in Support of First-Day Motions and Applications, on September 15,2008 (the "First-Day Affidavit").

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5.　　By this Motion, the Debtor seeks authority, pursuant to section

105(a) of the Bankruptcy Code and rules 1015(c) and 9007 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), to implement certain procedures (the

"Procedures") in connection with the administration of this chapter 11 case.  The Debtor

requests that, to the extent that any of the Procedures conflict with the provisions of the

Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Procedures shall govern

and shall supersede such provisions and rules.

6.　　The Procedures establish requirements for the filing and serving of

notices, motions, pleadings, applications, other requests for relief, and all documents filed

in support thereof (collectively, the "Pleadings") in this chapter 11 case, the filing of any

objections or responses to such Pleadings (the "Objections") or replies to Objections (the

"Replies," and together with the Pleadings and the Objections, the "Documents").  As set

forth more fully below, the Procedures (i) delineate standards for notice; (ii) authorize the

Debtor to schedule, in cooperation with the Court, periodic omnibus hearing dates; and

(iii) articulate mandatory guidelines for the scheduling of hearings and objection

deadlines.

## The Procedures

7.　　The Debtor submits that the following procedures should be

implemented in connection with the administration of this chapter 11 case.

**A.　　Filing and Notification Procedures**

8.　　Filing.  All Documents shall be filed electronically with the Court

on the docket of *In re Lehman Brothers Holdings Inc.*, Chapter 11 Case No. 08 -13355

(JMP) in accordance with General Order M-242 (available at

www.nysb.uscourts.gov/orders/orders2.html) by registered users of the Court's case

filing system and by all other parties in interest on a 3.5 inch disk, preferably in Portable

Document Format (PDF), Microsoft Word or any other Windows-based word processing

format. The Documents shall be noticed in accordance with the procedures set forth

below.

      9.    <u>Notice</u>

      a.    <u>Entities to be Served</u>.  All Documents shall be served, in

the manner described below, on (i) the chambers of the Honorable James M. Peck

("<u>Chambers</u>"), One Bowling Green, New York, New York 10004, Courtroom 601; (ii)

Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn:

Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline

Marcus, Esq., attorneys for the Debtor; (iii) the Office of the United States Trustee for the

Southern District of New York (the "<u>U.S. Trustee</u>"); (iv) counsel to any official

committee(s) appointed in this chapter 11 case;[1] and (v) any person or entity with a

particularized interest in the subject matter of a certain Document (collectively, the

"<u>Standard Parties</u>").  In addition, Pleadings must only be served on all persons and

entities that have formally appeared and requested service in this case pursuant to

Bankruptcy Rule 2002 and the procedures set forth below (the "<u>Rule 2002 List</u>") in

---

[1] Until such time as an official committee of unsecured creditors is appointed in this case, the
creditors holding the thirty (30) largest unsecured claims against the Debtor's estate shall be
served as set forth herein.  Upon the formation of an official committee of unsecured creditors,
the top thirty (30) creditors will be removed from any service list, unless the entities file a notice
of appearance as set forth herein.

accordance with the Procedures set forth herein. Documents filed in adversary proceedings do not need to be served on the Rule 2002 List.

(i)    <u>Notices of Appearance</u>. Any creditor, equity interest holder, or other party in interest that wishes to receive notice in this chapter 11 case and is not otherwise entitled to notice pursuant to these Procedures shall file a notice of appearance (a "<u>Notice of Appearance</u>") and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b). The Notice of Appearance shall include the following: (i) the party's name and address; (ii) the name of the client, if applicable; (iii) an e-mail address at which the requesting party may be served; (iv) an address by which the requesting party may be served by U.S. mail, hand delivery, and overnight delivery; and (v) a facsimile number for the requesting party. Notwithstanding Bankruptcy Rules 2002 and 9019(b), no request for service filed in this chapter 11 case shall have any effect unless the foregoing requirements are satisfied. Any individual or entity filing a notice of appearance pursuant to Rule 2002 who does not maintain and cannot practicably obtain an e-mail address must include in its Notice of Appearance a certification stating the same. Notice will be provided to that individual or entity by U.S. mail or facsimile, in the Debtor's sole discretion.

(ii)    <u>Master Service List</u>. The Debtor shall maintain a master service list which shall include the Standard Parties and the Rule 2002 List (the "<u>Master Service List</u>"). The Master Service List shall contain addresses and facsimile numbers, and may include e-mail addresses. The Debtor shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days. The Master Service List, and any updates thereto, shall be filed

electronically on the Court's electronic docket starting on the date that is ten (10) days from the date hereof.

      b.    <u>Service by the Debtor</u>. The Debtor shall serve the Standard Parties by U.S. mail, hand delivery, or, with the exception of Chambers, facsimile (the choice being in the Debtor's sole discretion). The Debtor shall be authorized to serve all Documents by e-mail on the Rule 2002 List in accordance with the procedures set forth below.[2] Any of the Standard Parties may request service by e-mail. If any party requests service by e-mail, such party shall be served in accordance with these Procedures.

      (i)    <u>E-mail Service</u>. All Documents served by the Debtor by e-mail shall include access to an attached file containing the entire Document, including, as may be applicable, the proposed form(s) of order and any exhibits, attachments, and other relevant materials, in "<u>.pdf</u>" format, readable by Adobe Acrobat or an equivalent program. Notwithstanding the foregoing, if a Document cannot be annexed to an e-mail (because of its size, technical difficulties, or otherwise), the Debtor may, in its sole discretion, (i) serve the entire Document by U.S. Mail, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials or (ii) e-mail the party being served and include a notation that the Document cannot be annexed and will be (a) mailed only if requested or (b) posted on the Case Information Website (as defined below). Service by e-mail shall be effective as of the date the Document is sent by e-mail to the address provided by a party. If service is done by e-mail, the Debtor shall not be required to serve a paper copy of Documents on interested parties by any

---

[2] A printed copy of the order approving these Procedures shall be served upon all parties on the Master Service List on the date the order approving the Procedures is entered or as soon thereafter as practicable.

other method.  Except as otherwise provided herein, e-mail service shall satisfy the

Court's rules for service.

    (ii)  <u>Alternative Methods of Service</u>.  If a party entitled

to notice of a Pleading does not have an e-mail address or if the e-mail address of a party

is not available to the Debtor, that party shall be served by U.S. mail, facsimile, or hand

delivery (the choice being in the Debtor's sole discretion).

    c.  <u>Service by Non-Debtor Parties</u>.  Non-Debtors are not

authorized to serve Documents by e-mail and shall serve Documents in accordance with

the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

    d.  <u>Confidentiality</u>.  Nothing in these Procedures shall

prejudice the right of any party to move the Court to request relief under section 107(b)

of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential

research, development, or commercial information or to protect a person with respect to

scandalous or defamatory matter contained in a Document filed in this case.

    10.  <u>Affidavits of Service</u>.  Upon the completion of noticing any

particular matter, the party seeking relief shall file with the Court within three (3)

business days thereof either an affidavit of service or a certification of service annexing

the list of parties that received notice.

    11.  <u>Certain Bankruptcy Rules Preserved</u>.  The proceedings with

respect to which notice would be limited to the Master Service List shall include all

matters covered by Bankruptcy Rule 2002, with the express exception of the following:

(i) notice of (a) the first meeting of creditors pursuant to section 341 of the Bankruptcy

Code, (b) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c),

and (c) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and confirmation of a plan of reorganization; and (ii) notice and transmittal of ballots for accepting or rejecting a plan of reorganization.  Notice of the foregoing matters shall be given to all parties in interest in accordance with Bankruptcy Rule 2002, unless the Court orders, or the Bankruptcy Code prescribes, otherwise.

**B.**    **Hearings and Related Procedural Matters**

12.    <u>Omnibus Hearings</u>.  The Debtor shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("<u>Omnibus Hearings</u>") at which Pleadings shall be heard.  If Omnibus Hearings are scheduled, the following guidelines shall apply:

a.    <u>Matters That May be Scheduled for Hearings other than Omnibus Hearings</u>.  Hearings in connection with (i) claims objections, (ii) pre-trial conferences and trials related to adversary proceedings, (iii) approval of the disclosure statement, (iv) confirmation and (v) any other Pleadings filed by the Debtor may be scheduled for dates other than the Omnibus Hearing dates.  However, initial pre-trial conferences scheduled in connection with adversary proceedings shall be set on the next available Omnibus Hearing date that is at least forty-five (45) days after the filing of the complaint.  Hearings on all other Pleadings filed by a non-Debtor must be scheduled for an Omnibus Hearing, except as provided in Paragraph 12(c).

b.    <u>Hearings Scheduled Inconsistent with the Procedures</u>.  If a Document is filed by a non-Debtor party and purports to set a hearing date inconsistent with the Procedures, the hearing shall be scheduled, without the necessity of court order,

for the first Omnibus Hearing date after the applicable notice period has expired. If this occurs, the Debtor shall provide the movant with notice of these Procedures.

c.    Emergency Relief. If a movant or applicant other than the Debtor determines that a motion or application requires emergency or expedited relief, the movant or applicant shall telephonically contact the Debtor's attorneys requesting that the motion or application be considered on an expedited basis. If the Debtor disagrees with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (i) inform the Court of the disagreement via telephone, and thereafter (ii) arrange for a chambers conference, telephonic or in-person, to be held among the Court, the Debtor's attorneys, and the movant or applicant to discuss the disagreement. If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant, may, by order to show cause, request an expedited hearing.

13.    Guidelines for Setting a Hearing Date.

a.    Pleadings Seeking Relief Pursuant to Bankruptcy Rules 2002(a)-(b). If a Pleading requests relief pursuant to Bankruptcy Rules 2002(a)-(b), the Pleading shall be scheduled for the next available hearing following the expiration of the time period set forth in the rule. For example, the hearing to consider a Pleading requesting approval of a compromise or settlement of a controversy (other than approval of an agreement under Bankruptcy Rule 4001(d)) shall be scheduled for a hearing date that is no earlier than twenty (20) calendar days from the date of service if service is by e-mail. Consistent with Bankruptcy Rule 9006(f), if service is by U.S. mail, three (3)

calendar days shall be added to the time period set forth in Bankruptcy Rule 2002(a) or (b).

        b.    <u>Other Pleadings</u>. Pleadings (other than those filed as set forth below) shall not be considered unless filed and served in accordance with these Procedures at least fourteen (14) calendar days before the applicable hearing date. Notwithstanding the foregoing, pursuant to Bankruptcy Rule 9006, if the parties served with Pleadings include parties being served by U.S. mail, the Pleading must be filed and served at least seventeen (17) calendar days before the applicable hearing. Subject to the procedures for emergency relief set forth in paragraph 12(c) of this motion, nothing in these Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and 9006(c).

        14.    <u>Telephonic Participation</u>. If a party desires to participate in a hearing by telephone, such party must request permission from Chambers and notify attorneys for the Debtor at least forty-eight (48) hours prior to the scheduled hearing. If Chambers permits telephonic participation, the party participating telephonically must arrange such telephonic participation with Court Call, adhering to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York, as well as those required by the Judge assigned to this chapter 11 case and promptly supply such information to the Debtor's attorneys. Such procedures are available at www.nysb.uscourts.gov.

        15.    <u>Relief Without a Hearing</u>. A Pleading may be granted without a hearing provided that, after the passage of the Objection Deadline (defined herein), the

attorney for the entity who has filed the Pleading (i) files a declaration pursuant to 28

U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with

these Procedures; (ii) serves the declaration by facsimile upon the undersigned attorneys

for the Debtor one (1) business day before submission thereof to the Court; and (iii)

delivers by U.S. mail, or hand or overnight delivery, a package to the Court including (a)

the declaration described in subsection (i) above, (b) a disk containing an order granting

the relief requested in the applicable Pleading, and (c) a printed copy of the order

(collectively, the "No Objection Package").  Upon receipt of the No Objection Package,

the Court may grant the relief requested in the Pleading without further submission,

hearing, or request.  If the Court does not grant the relief, (i) the Pleading will be heard at

the next-scheduled Omnibus Hearing that is at least six (6) calendar days from the date

the No Objection Package is received by the Court and (ii) the decision shall not

constitute an extension of the objection deadline related thereto, unless otherwise agreed

between the Debtor and the party seeking relief.

      16.   Notices of Hearing.  A "Notice of Hearing" shall be affixed to all

Pleadings, and shall include the following:  (i) the title of the Pleading; (ii) the parties

upon whom any Objection to the Pleading is required to be served; (iii) the date and time

of the applicable Objection Deadline (defined below); (iv) the date of the applicable

hearing at which the Pleading shall be considered by the Court; and (v) a statement that

the relief requested may be granted without a hearing if no Objection is timely filed and

served in accordance with these Procedures.  The applicable Objection Deadline and the

hearing date shall also appear in the upper right corner of the first page of the Notice of

Hearing and on the upper right corner of the first page of each Pleading and each Objection thereto.

17.  Objection Deadlines.  Except as provided in paragraph 23, the deadline to file an Objection (the "Objection Deadline") to any Pleading shall be (i) at least three business days before the applicable hearing date or (ii) any date otherwise ordered by the Court.  The Objection Deadline may be extended with the consent of the movant or applicant.  The Objection will not be considered timely filed unless filed with the Court and received by the Standard Parties on or before the applicable Objection Deadline.  All parties filing an Objection shall include their telephone and facsimile numbers in the signature block on the last page of the Objection.

18.  Deadline for Filing Reply.  Unless otherwise ordered by the Court, a Reply to an Objection shall be filed with the Court and served in accordance with these Procedures on or before 12:00 p.m. prevailing Eastern Time on the day that is at least one (1) business day before the date of the hearing.

19.  Agenda Letters.  By approximately 4:00 p.m. prevailing Eastern Time on the day before a scheduled hearing, the Debtor shall file with the Court a letter setting forth each matter to be heard at the hearing (the letter may be updated after the initial submission if necessary) and shall serve the letter(s), by e-mail or facsimile on:  (i) the Court; (ii) the U.S. Trustee; (iii) the attorneys for the official committee of unsecured creditors appointed in this case; and (iv) any parties filing Documents to be heard at the hearing.  Agenda letters shall not be required where the Debtor have less than forty-eight (48) hours notice of the hearing.

a.    <u>Content</u>.  The matters listed on the agenda letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

20.    <u>Settlements</u>.  In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing.  In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines that additional or supplemental notice is required, the Debtor shall serve such notice in accordance with the procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

## C.    <u>Automatic Stay Proceedings</u>.

21.    <u>Hearings and Objection Deadlines</u>.  Notwithstanding anything contained herein, motions for relief from the automatic stay filed pursuant to section 362 of the Bankruptcy Code shall be noticed for consideration for the Omnibus Hearing that is at least twenty (20) days after the motion is filed and notice is served upon the Debtor. Unless otherwise ordered by the Court, the objection deadline for the Debtor shall be the later to occur of (i) fifteen days (15) after the date of filing and service of the motion or (ii) three (3) days before the scheduled hearing.

22.     <u>Automatic Relief Provision Inapplicable</u>.  Notwithstanding section 362(e) of the Bankruptcy Code, if a motion with respect to a request for relief under section 362(d) of the Bankruptcy Code is scheduled for a date that is on or after the thirtieth day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

**D.     <u>Availability of Documents</u>.**

23.     Shortly hereafter, the Debtor intends to file a motion to retain a claims and noticing agent (the "<u>Notice and Claims Agent</u>").  The Debtor proposes that the proposed Notice and Claims Agent design, maintain, and operate a website, in connection with this chapter 11 case (the "<u>Case Information Website</u>").  The Debtor intends to post certain information regarding this case on the Case Information Website, including the Documents filed in this chapter 11 case, which will be accessible to the general public.

**Establishing the Procedures is in**
**the Best Interests of the Debtor's Estate**

24.     Bankruptcy Rule 9007 grants the Court general authority to regulate notices.  Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The Debtor submits that

implementation of the Procedures is appropriate in this chapter 11 case and well within the Court's equitable powers under section 105 of the Bankruptcy Code.

25.    The Debtor submits that approval of the Procedures is in the best interests of the Debtor, its estate, and its creditors.  The nature of the Debtor's financial difficulties has placed significant demands on the Debtor and its personnel and professionals.  In addition to the discharge of their ordinary duties, the Debtor's personnel now carry the additional burdens imposed by the commencement of this chapter 11 case.  The Procedures, by authorizing the Debtor to schedule Omnibus Hearing dates, by establishing clear timelines for the filing of requests for relief, and by allowing, with certain exceptions, electronic service, will assist the Debtor's management in organizing the Debtor's time and directing the attention of its personnel to issues raised in its chapter 11 case.  It will also reduce the cost of administration of this chapter 11 case.

26.    Similar procedures, including service by e-mail, have been approved in other chapter 11 cases.  *See, e.g.*, *In re Steve & Barry's Manhattan LLC, et al.*, Case No. 08-12579 (ALG) (Bankr. S.D.N.Y. (July 10, 2008) [Docket No. 54]; *In re PRC, LLC, et al.*, Case No. 08-10239 (MG) (Bankr. S.D.N.Y. Jan. 1, 2008) [Docket No. 33]; *In re WorldCom Inc., et al.*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. July 29, 2002) (as amended on Dec. 23, 2002) [Docket No. 2454]; and *In re Enron Corp. et. al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 20, 2002) (as amended on Feb. 26, 2002 and Dec. 17, 2002) [Docket No. 1698].  The Debtor submits that its circumstances warrant similar relief.

## Notice

27.     No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case. The Debtor has served notice of this Motion on (i) the U.S. Trustee (ii) those creditors holding the thirty (30) largest unsecured claims against the Debtor's estate, (iii) the Securities and Exchange Commission, (iv) the Internal Revenue Service, and (v) the United States Attorney for the Southern District of New York. The Debtor submits that no other or further notice need be provided.

28.     No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:  September 16, 2008
      New York, New York

                              /s/ Shai Waisman   by JWL

                              Harvey R. Miller, Esq.
                              Richard P. Krasnow, Esq.
                              Lori R. Fife, Esq.
                              Shai Y. Waisman, Esq.
                              Jacqueline Marcus, Esq.
                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007


                              Attorneys for Debtor
                              and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                                  :
In re                                                             :        Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC.                                     :        08-13555 (JMP)
                                                                  :
            Debtor.                                               :
                                                                  :
                                                                  :
------------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1015(c) AND 9007 IMPLEMENTING CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES

Upon the motion, dated September 15, 2008 (the "Motion")[3], of Lehman

Brothers Holdings Inc., as debtor and debtor in possession (the "Debtor" and, together

with its non-debtor affiliates, "Lehman"), pursuant to sections 105(a) of chapter 11 of

title 11 of the United States Code (the "Bankruptcy Code") and Rules 1015(c) and 9007

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval of

certain notice, case management and administrative procedures (the "Procedures"), all as

more fully described in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334

and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of

New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting

C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

---

[3] Terms not defined herein shall have the meaning used in the Motion.

been provided to (i) the United States Trustee for the Southern District of New York, (ii) those creditors holding the thirty (30) largest unsecured claims against the Debtor's estate, (iii) the Securities and Exchange Commission, (iv) the Internal Revenue Service, and (v) the United States Attorney for the Southern District of New York, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "<u>Hearing</u>"); and upon the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications (the "<u>Local Rules</u>"), the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtor shall serve a printed copy of this Order upon all parties on the Master Service List (defined herein) on the date this Order is entered, or as soon thereafter as is practicable, which Order will be posted on the website to be designed by the Notice and Claims Agent in connection with this chapter 11 case; and it is further

ORDERED that the case administration procedures (the "<u>Procedures</u>") set forth herein are approved and shall govern all aspects of this chapter 11 case, except as otherwise set forth herein or ordered by the Court; and it is further

ORDERED that, to the extent the Procedures conflict with the Bankruptcy

Code, the Bankruptcy Rules, or the Local Rules, the Procedures shall supersede such

laws and shall apply to this chapter 11 case; and it is further

ORDERED that all documents filed in the Debtor's chapter 11 case,

including but not limited to all notices, motions, applications, other requests for relief,

and documents filed in support thereof (collectively, the "Pleadings"), objections or

responses to pleadings ("Objections"), and replies to Objections (the "Replies," and

together with the Pleadings and the Objections, the "Documents") shall be filed

electronically with the Court on the docket of *In re Lehman Brothers Holdings Inc.*,

Chapter 11 Case No. 08-13555 (JMP) in accordance with General Order M-242

(available at www.nysb.uscourts.gov/orders/orders2.html) by registered users of the

Court's case filing system and by all other parties in interest on a 3.5 inch disk, preferably

in Portable Document Format (PDF), Microsoft Word or any other Windows-based word

processing format; and it is further

ORDERED that all Documents shall be served, in the manner described

herein, on (i) the chambers of the Honorable James M. Peck ("Chambers"), One Bowling

Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP,

767 Fifth Avenue, New York, New York 10153, Attn:  Richard P. Krasnow, Esq., Lori R.

Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtor;

(iii) the Office of the United States Trustee for the Southern District of New York (the

"U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004; (iv)

counsel to any official committee(s) appointed in this chapter 11 case; and (v) any person

or entity with a particularized interest in the subject matter of a certain Document
(collectively, the "Standard Parties"); and it is further

ORDERED that in addition to the Standard Parties, Pleadings, but no
other Document, must be served on all persons and entities that have formally appeared
and requested service in this case pursuant to Bankruptcy Rule 2002 and the Procedures
(the "Rule 2002 List"); and it is further

ORDERED that Documents filed in adversary proceedings do not need to
be served on the Rule 2002 List; and it is further

ORDERED that until an official committee of unsecured creditors is
appointed in this case, the creditors holding the thirty (30) largest unsecured claims
against the Debtor's estate (on a consolidated basis) shall be served in place of the
official committee of unsecured creditors.  Upon the formation of an official committee
of unsecured creditors, the top thirty (30) creditors will be removed from the Master
Service List (as defined below), unless an entity files a Notice of Appearance as set forth
herein; and it is further

ORDERED that any creditor, equity interest holder, or party in interest
that wishes to receive notice in this case and is not otherwise entitled to notice pursuant to
these Procedures shall file a notice of appearance (a "Notice of Appearance") and request
for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b); and it is
further

ORDERED that a Notice of Appearance shall include the following
information:  (i) the party's name and address; (ii) the name of the client, if applicable;
(iii) an e-mail address at which the requesting party may be served; (iv) an address by

which the requesting party may be served by U.S. mail, hand delivery and overnight

delivery; and (v) a facsimile number for the requesting party. Notwithstanding

Bankruptcy Rules 2002 and 9019(b), no request for service filed in the chapter 11 case

shall have any effect unless the foregoing requirements are satisfied; and it is further

ORDERED that any individual or entity filing a Notice of Appearance

who does not maintain and cannot practicably obtain an e-mail address must include in its

notice of appearance a certification stating the same. Notice will be provided to these

individuals or entities by U.S. mail or facsimile, in the Debtor's sole discretion; and it is

further

ORDERED that the Debtor shall maintain a master service list which shall

include the Standard Parties and the Rule 2002 List (the "Master Service List"); and it is

further

ORDERED that the Master Service List shall contain addresses and

facsimile numbers, and may include e-mail addresses; and it is further

ORDERED that the Debtor shall use reasonable efforts to update the

Master Service List as often as practicable, but in no event less frequently than every

thirty (30) days; and it is further

ORDERED that the Master Service List and any updates thereto shall be

filed electronically on the Court's website (https://ecf.nysb.uscourts.gov/) commencing as

of the date that is ten (10) days from the date hereof; and it is further

ORDERED that the Debtor shall serve the Standard Parties by U.S. mail,

hand delivery, or, with the exception of the chambers of the Judge assigned to preside

over this case, facsimile (the choice of the foregoing being in the Debtor's sole discretion); and it is further

ORDERED that the Debtor shall be authorized to serve all Documents to the Rule 2002 List by e-mail; and it is further

ORDERED that any of the Standard Parties may request service by e-mail, and if such request is made, such party shall thereby be served in accordance with the Procedures; and it is further

ORDERED that all Documents served by the Debtor by e-mail shall include access to an attached file containing the entire Document, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, in ".pdf" format, readable by Adobe Acrobat or an equivalent program. Notwithstanding the foregoing, if a Document cannot be annexed to an e-mail (because of its size, technical difficulties, or otherwise), the Debtor may, in its sole discretion (i) serve the entire Document by U.S. Mail, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials or (ii) e-mail the party being served and include a notation that the Document cannot be annexed and will be (a) mailed if requested or (b) posted on the website maintained in connection with this chapter 11 case; and it is further

ORDERED that service by e-mail shall be effective as of the date the Document is sent to the e-mail address provided by a party; and it is further

ORDERED that, if service is done by e-mail, the Debtor shall not be required to serve a paper copy of Documents on interested parties by any other method and e-mail service shall satisfy the Court's rules for service; and it is further

ORDERED that if a party entitled to notice of a Pleading does not have an e-mail address or an e-mail address is not available to the Debtor, the party shall be served by U.S. mail, facsimile, or hand delivery, the choice of the foregoing being in the Debtor's sole discretion; and it is further

ORDERED that non-Debtors shall serve the Documents to each of the parties on the Master Service List in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are not authorized to serve Documents to parties on the Master Service List by e-mail; and it is further

ORDERED that nothing in these Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in this case; and it is further

ORDERED that, upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within three (3) business days either an affidavit of service or a certification of service attaching the list of parties that received notice; and it is further

ORDERED that the proceedings with respect to which notice is limited to the Master Service List include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (i) notice of (a) the first meeting of creditors pursuant to section 341 of the Bankruptcy Code, (b) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and (c) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and confirmation of a

plan of reorganization; and (ii) notice and transmittal of ballots for accepting or rejecting

a plan of reorganization.  Notice of the foregoing matters shall be given to all parties in

interest in accordance with Bankruptcy Rule 2002, unless the Court orders, or the

Bankruptcy Code prescribes, otherwise; and it is further

ORDERED that the Debtor shall be authorized to schedule, in cooperation

with the Court, periodic omnibus hearings ("Omnibus Hearings") at which Pleadings

shall be heard; and it is further

ORDERED that hearings in connection with claims objections, pre-trial

conferences and trials related to adversary proceedings, approval of a disclosure

statement, confirmation, and any other Pleading filed by the Debtor, may be scheduled

for dates other than the Omnibus Hearing dates; provided, however, that initial pre-trial

conferences scheduled in connection with adversary proceedings involving the Debtor

shall be set on the next available Omnibus Hearing date that is at least forty-five (45)

days after the filing of the complaint; provided, further, that hearings on all other

Pleadings filed by a non-Debtor must be scheduled for an Omnibus Hearing except for as

permitted under the Expedited Relief Procedures (as defined below); and it is further

ORDERED that if a Document is filed by a non-Debtor party and purports

to set a hearing date inconsistent with the Procedures (a "Non-Compliant Pleading"), the

hearing shall be scheduled, without the necessity of court order, for the first Omnibus

Hearing date after the applicable notice period has expired; and it is further

ORDERED that if a movant or applicant other than the Debtor determines

that a motion or application requires emergency or expedited relief, the movant or

applicant shall telephonically contact the Debtor's attorneys requesting that the motion or

application be considered on an expedited basis (the "Expedited Relief Procedures"). If the Debtor disagrees with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (i) inform the Court of the disagreement by telephone and thereafter (ii) arrange for a chambers conference, telephonic or in-person, to be held among the Court, the Debtor's attorneys, and the movant or applicant to discuss the disagreement. If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant, may, by order to show cause, request an expedited hearing; and it is further

ORDERED that if a Pleading requests relief pursuant to Bankruptcy Rules 2002(a)-(b), the relevant hearing shall be set after the passage of the time period set forth in such rule; provided however, that pursuant to Bankruptcy Rule 9006(f), if service is by U.S. mail, three (3) calendar days shall be added to the time period set forth in Bankruptcy Rule 2002(a) or (b); and it is further

ORDERED that, except as provided with respect to Pleadings requesting relief pursuant to Bankruptcy Rules 2002(a)-(b), Pleadings shall not be considered unless filed and served in accordance with the Procedures at least fourteen (14) calendar days before the applicable hearing date; provided, however, that if the parties served with the Pleading include parties being served by U.S. mail, the Pleading must be filed and served at least seventeen (17) calendar days before the next applicable hearing; provided, further, that subject to the Expedited Relief Procedures, nothing in the Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and 9006(c); and it is further

ORDERED that if a party desires to participate in a hearing by telephone, such party must request permission from Chambers and notify attorneys for the Debtor at least forty-eight (48) hours prior to the scheduled hearing. If Chambers permits telephonic participation, the party participating telephonically must arrange such telephonic participation with Court Call, adhering to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York, as well as those required by the Judge assigned to this chapter 11 case and supply the dial-in details to the Debtor's attorneys; and it is further

ORDERED that a Pleading may be granted without a hearing provided that, after the passage of the Objection Deadline (as defined below), the attorney for the entity who has filed the Pleading (i) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Procedures; (ii) serves the declaration via facsimile upon the attorneys for the Debtor one (1) business day prior to submission thereof to the Court; and (iii) delivers by U.S. mail, or hand or overnight delivery, a package to the Court including (a) the declaration described in subsection (i) above, (b) a disk containing an order granting the relief requested in the applicable Pleading, and (c) a printed copy of the order (collectively, the "No Objection Package"). Upon receipt of the No Objection Package, the Court may grant the relief requested in the Pleading without further submission, hearing, or request. If the Court does not grant the relief, the Pleading will be heard at the Omnibus Hearing that is at least six (6) calendar days after the date the No Objection Package is received by the Court; provided, however, that if the Court does not grant the relief requested in a Pleading without a hearing, such action shall not constitute an extension of the objection

deadline related thereto, unless otherwise agreed between the Debtor and the party seeking relief; and it is further

ORDERED that a "Notice of Hearing" shall be affixed to all Pleadings and shall include the following: (i) the title of the Pleading; (ii) the parties upon whom any Objection to the Pleading is required to be served; (iii) the date and time of the applicable Objection Deadline (as defined below); (iv) the date of the Omnibus Hearing at which the Pleading shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with these Procedures; and it is further

ORDERED that the applicable Objection Deadline (as defined below) and hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing and on the upper right corner of the first page of each Pleading and each Objection thereto; and it is further

ORDERED that, except as provided for below with respect to Stay Relief Motions (defined below), the deadline to file an Objection (the "Objection Deadline") to any Pleading shall be (i) at least three (3) business days before the applicable hearing date or (ii) any date otherwise ordered by the Court. The Objection Deadline may be extended with the consent of the movant or applicant. The Objection will not be considered timely unless filed with the Court and received by the Standard Parties on or before the applicable Objection Deadline. All parties filing an Objection shall include their telephone and facsimile numbers in the signature block on the last page of the Objection; and it is further

ORDERED that unless otherwise ordered by the Court, a Reply shall be filed with the Court and served in accordance with these Procedures on or before 12:00 p.m. prevailing Eastern Time on the day that is at least one (1) business day prior to the date of the applicable hearing; and it is further

ORDERED that by approximately 4:00 p.m. prevailing Eastern Time on the day before a scheduled hearing, the Debtor shall file with the Court a letter (the "Agenda Letter") setting forth each matter to be heard at the hearing (the letter may be updated after the initial submission if necessary) and shall serve the letter(s), by e-mail or facsimile on: (i) the Court; (ii) the U.S. Trustee; (iii) the attorneys for the official committee of unsecured creditors appointed in this case; and (iv) any parties filing Documents to be heard at the hearing; provided, however, that an Agenda Letter shall not be required where the Debtor has less than forty-eight (48) hours notice of a hearing; and it is further

ORDERED that the matters listed on the Agenda Letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service; and it is further

ORDERED that in the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing. In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the

settlement.  In the event the Court determines that additional or supplemental notice is required, the Debtor shall serve such notice in accordance with the Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court; and it is further

ORDERED that notwithstanding anything contained herein, motions for relief from the automatic stay ("Stay Relief Motions") in accordance with section 362 of the Bankruptcy Code shall be noticed for consideration on the Omnibus Hearing Date that is at least twenty (20) days after the motion is filed and notice thereof is served upon the Debtor.  Unless otherwise ordered by the Court, the objection deadline with respect thereto shall be the later to occur of (i) fifteen days (15) after the date of filing and service of the motion and (ii) three (3) days prior to the hearing scheduled with respect thereto; and it is further

ORDERED that notwithstanding section 362(e) of the Bankruptcy Code, if a scheduled motion with respect to a request for relief under section 362(d) of the Bankruptcy Code is adjourned upon the consent of the Debtor and the moving party to a date that is on or after the thirtieth day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order; and it is further

ORDERED that the Debtor may amend the Procedures from time to time throughout this chapter 11 case and shall present such amendments to the Court by motion in accordance with this Order; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

Dated: September___, 2008
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE