**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                                                :

In re                                                                       :         Chapter 11 Case No.

**LEHMAN BROTHERS HOLDINGS INC.**    :         08-13555 (JMP)

        Debtor.                           :

-------------------------------------------------------------------x

**ORDER PURSUANT TO 28 U.S.C. § 156(c)**
**AND LOCAL RULE 5075-1(a) (i) AUTHORIZING**
**THE EMPLOYMENT OF EPIQ BANKRUPTCY SOLUTIONS, LLC AS**
**CLAIMS AND NOTICING AGENT FOR THE DEBTOR, AND (ii) APPOINTING**
**EPIQ BANKRUPTCY SOLUTIONS, LLC AS AGENT OF THE BANKRUPTCY**
**COURT**

        Upon the application dated September 16, 2008 (the "Application") of Lehman Brothers Holdings Inc., as debtor and debtor in possession (the "Debtor" and, together with their non-debtor affiliates, "Lehman"), pursuant to section 156(c) of title 28 of the United States Code, for authority to employ Epiq Bankruptcy Solution, LLC ("Epiq") as noticing and claims agent, as more fully set forth in the Application; and upon consideration of Affidavit of Daniel C. McElhinney in Support of the Application to Employ and Retain Epiq as Claims and Noticing Agent for the Debtor, annexed to the Application as Exhibit B; and the Debtor has estimated that there are hundreds of thousands (if not more) creditors and other parties in interest exist in this chapter 11 case, many of which the Debtor expects to file proofs of claim; and it appearing that noticing, receiving, docketing and maintaining proofs of claim in this volume will be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. § 156(c) and Local Rule 5075-1(a) of the Local Rules of the United States

Bankruptcy Court for the Southern District of New York to utilize, at the Debtor's expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Epiq has the capability and experience to provide such services and that Epiq does not hold an interest adverse to the Debtor or the Debtor's estate with respect to the matters upon which Epiq is to be engaged; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) those creditors holding the thirty (30) largest unsecured claims against the Debtor's estate, (iii) the Securities and Exchange Commission, (iv) the Internal Revenue Service, and (v) the United States Attorney for the Southern District of New York, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "<u>Hearing</u>"); and upon the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtor, its estate and creditors, and all parties in interest and that

the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is hereby granted; and it is further

ORDERED that the Debtor is authorized to retain and employ Epiq, effective as of September 16, 2008, to perform the noticing and other services described in the Application and to receive, maintain, record, and otherwise administer the proofs of claim filed in this chapter 11 case; and it is further

ORDERED that Epiq is appointed as agent for the Clerk and custodian of court records and, as such, is designated as the authorized repository for all proofs of claim filed in this chapter 11 case and is authorized and directed to maintain an official claims registers for each of the Debtor and to provide the Clerk with a certified duplicate thereof on a monthly basis unless otherwise directed by the Clerk; and it is further

ORDERED that Epiq is authorized and directed to perform all related tasks to process the proofs of claim and maintain a claims register including, without limitation:

    (a)    notifying all potential creditors of the filing of the chapter 11 petitions and of the setting of the first meetings of creditors pursuant to section 341(a) of the Bankruptcy Code;

    (b)    assisting with and maintaining an official copy of the Debtor's schedule of assets and liabilities and statement of financial affairs (collectively, the "<u>Schedules</u>"), listing the Debtor known creditors and the amounts owed thereto;

    (c)    designing, maintaining, and operating in conjunction with the Debtor a website, as a centralized location where the Debtor will provide information about the Debtor's case, including, at the Debtor's discretion, certain orders,

3

    decisions, claims, or other documents filed in this chapter 11 case;

(d) maintaining a copy service from which parties may obtain copies of relevant documents in this chapter 11 case;

(e) notifying all potential creditors of the existence and amount of their respective claims as set forth in the Schedules;

(f) furnishing a form for the filing of proofs of claim, after approval of such notice and form by this Court;

(g) filing with the Clerk, within ten (10) days of service, a copy of the proof of claim notice, a list of persons to whom it was mailed (in alphabetical order), and the date the notice was mailed;

(h) docketing all claims received, maintaining the official claims register (the "<u>Claims Register</u>") for the Debtor on behalf of the Clerk, and providing the Clerk with immediate web access to the Claims Register upon request;

(i) specifying in the Claims Register the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, and (iv) the classification of the claim (e.g., secured, unsecured, priority, etc.);

(j) relocating, by messenger, all of the actual proofs of claim filed with the Court, if necessary to Epiq, not less than weekly;

(k) recording all transfers of claims and providing any notices of such transfers required by Bankruptcy Rule 3001;

(l) making changes in the Claims Register pursuant to Court Order;

(m) upon completion of the docketing process for all claims received to date by the Clerk's office, turning over to the Clerk copies of the Claims Register for the Clerk's review;

(n) maintaining the official mailing list for each Debtor of all entities that have filed a proof of claim, which list shall be available upon request by a party in interest or the Clerk;

4

  (o)  thirty (30) days prior to the close of this case, submitting and Order dismissing the Agent and terminating the services of the Agent upon completion of its duties and responsibilities and upon the closing of this case; and

  (p)  at the conclusion of this chapter 11 case, boxing and transporting all original documents in proper format, as specified by the Clerk's Office, to the Federal Records.

ORDERED that Epiq is authorized to take such other action as is reasonably necessary to comply with all duties set forth in the Application and this Order; and it is further

ORDERED that the Debtor is authorized to compensate Epiq on a monthly basis, in accordance with the Standard Bankruptcy Services Agreement, dated September 15, 2008, annexed to the Application as <u>Exhibit A</u>, upon receipt of reasonably detailed invoices setting forth the services Epiq provided in the prior month and the rates charged for each service, and to reimburse Epiq for all reasonable and necessary expenses Epiq may incur upon the presentation of appropriate documentation and without the necessity for Epiq to file an application for reimbursement with the Court; and it is further

ORDERED if this case converts to a case under chapter 7, Epiq will continue to be paid for its services until the claims filed in this chapter 11 case have been completely processed; if claims agent representation is necessary in the converted chapter 7 case, Epiq will continue to be paid in accordance with 28 U.S.C. §156(c) under the terms set out herein; and it is further

ORDERED that in the event Epiq is unable to provide the services set out in this Order, Epiq will immediately notify the Clerk and the Debtor's attorneys and

cause all original proofs of claim and computer information to be turned over to another

claims agent with the advice and consent of the Clerk and Debtor's attorneys.

Dated: September 16, 2008
       New York, New York

                                *s/ James M. Peck*
                                UNITED STATES BANKRUPTCY JUDGE