WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller, Esq.
Richard P. Krasnow, Esq.
Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                :
**In re**                                       :   **Chapter 11 Case No.**
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :   **08-13555 (JMP)**
                                                :
       **Debtors.**                             :   **(Jointly Administered)**
                                                :
                                                :
----------------------------------------------------------------x

**MOTION PURSUANT TO SECTION 105(a) OF
THE BANKRUPTCY CODE FOR AN ORDER DIRECTING
THAT CERTAIN ORDERS IN THE CHAPTER 11 CASE OF LEHMAN
BROTHERS HOLDINGS INC. BE MADE APPLICABLE TO LB 745 LLC**

    Lehman Brothers Holdings Inc. ("Lehman Holdings") and LB 745 LLC ("LB 745" together with Lehman Holdings, the "Debtors" and, collectively with the Debtors' non-debtor affiliates, "Lehman"), file this Motion and respectfully represent:

**Background**

    1.  On September 15, 2008 and September 16, 2008, (as applicable, the "Commencement Date"), Lehman Holdings and LB 745 commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The

Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### Lehman's Business

2. Lehman is the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide. Through its team of more than 25,000 employees, Lehman offers a full array of financial services in equity and fixed income sales, trading and research, investment banking, asset management, private investment management and private equity. Its worldwide headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

3. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to this chapter 11 filing is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed contemporaneously herewith (the "First-Day Affidavit").

### Jurisdiction

4. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

5. By this Motion, the Debtors request a determination that pursuant to section 105(a) of the Bankruptcy Code certain orders entered in the Lehman Holding's chapter 11 case are applicable to LB 745's chapter 11 case on the terms set forth below.

**Application to LB 745 of Certain Orders Entered in the Lehman Holdings Case**

6. The Debtors have chosen to seek the relief granted in certain motions heard by the Court and other motions that have been filed but not heard in this manner in an effort to eliminate the filing of duplicative applications and motions and, therefore, reduce the burdens on this Court and on parties in interest. This Motion seeks to have five orders previously entered and, upon entry by the Court, one proposed order in Lehman Holding's case (the "Lehman Holdings Orders,") apply to LB 745 in its chapter 11 case. In other words, assuming joint administration of the Debtors' chapter 11 cases, LB 745 seeks application of the Lehman Holding Orders as if LB 745 was a Debtor defined therein, with the limited exception that such orders be effective as of the dates set forth above.

7. The following is the list of the Lehman Holdings Orders that the Debtors seek to have apply in LB 745's case. The relief set forth in each of such orders is necessary for LB 745 to experience a smooth transition into chapter 11 and to achieve a successful reorganization for the benefit of all parties in interest:

**Orders Entered in the Lehman Holding's Chapter 11 Case**:

(1) Order Enforcing the Protections of Section 362 of the Bankruptcy Code [Doc. No. 48]

(2) Order Extending the Time to Comply with the Requirements of Local Bankruptcy Rule 1007-2(a) and 1007-2(b) [Doc. No. 49]

(3) Order i) Authorizing the Employment of Epiq Bankruptcy Solutions, LLC as Claims and Noticing Agent for the Debtor and (ii) Appointing Epiq Bankruptcy Solutions, LLC as Agent of the Bankruptcy Court [Doc. No. 50]

(4) Order (i) Extending the Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs and (ii) Waiving of the Requirements to File the Equity List and Provide Notice to Equity Security Holders Through and Including November 14, 2008 [Doc. No. 52]

(5) Order Waiving of the Requirement to File a List of Creditors and (ii) Approving the Form and Manner of Notifying Creditors of the Commencement of the Debtor's Chapter 11 Case. [Doc. No. 53]

**Proposed Orders in the Debtors' Chapter 11 cases**:

- Proposed Order Implementing Certain Notice and Case Management Procedures. [Doc. No. 46]

**The Court has the Authority
To Grant the Relief Requested Herein**

8.  Section 105(a) of the Bankruptcy Code provides, in relevant part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets.  *See, e.g., In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *Bird v. Crown Convenience (In re NWFX, Inc.)*, 864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy . . . is that equitable principles govern'); *In re Cooper Properties Liquidating Trust, Inc.*, 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) ("the Bankruptcy Court is one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

9.  Entry of an order directing that certain orders in the Lehman Holding's chapter 11 case be made applicable to LB 745 in its chapter 11 case will obviate the need for

duplicative notices, motions, applications, and orders to be filed in this case. The Debtors simply seek to save considerable time and expense for their estates and to reduce the burden on the Court and parties in interest by proceeding in this manner. LB 745 requires the protections and authorizations that are set forth in the Lehman Holdings Orders to enter chapter 11 in an orderly manner and to maintain its ability to reorganize successfully. It is not surprising that LB 745 would seek the substantive relief granted in the Lehman Holdings Orders. Those orders deal with many of the first day matters that most debtors (especially large debtors) must deal with. For example, the orders deal with, among other things, the implementation of certain notice and case management procedures; the extension of time to file certain schedules, and to comply with Local Bankruptcy Rule 1007-2(a) and 1007-2(b); waiver of the requirement to file a list of creditors, to file the equity list, and provide notice to equity security holders; approval of the form and manner of notifying creditors of case commencement; and the retention of a claims noticing agent.

        10.      Had LB 745 commenced its chapter 11 case at the same time as the Debtor, it would have been a movant with respect to all the Lehman Holding Orders. By proceeding in the manner of this Motion, the Debtors seek to recognize that fact and streamline the motion practice for requesting such relief, while at the same time providing the same requisite facts and justification for such relief as if LB 745 were filing the said motions and affidavits.

        11.      The Debtors believe that the relief requested herein is appropriate to carry out the provisions of the Bankruptcy Code. Similar procedures have been authorized in other complex chapter 11 cases. *In re Delphi Corporation, et al.*, Case No. 05-44481 (RDD); *In re Enron Corp., et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y.); *In re Genesis Health*

*Ventures, Inc., et al.*, Case No. 00-2692 (JHW) (Bankr. D. Del. 2000); *In re Sun Healthcare Group, Inc., et al.*, Case No. 99-3657 (MFW).

### Notice

12.     As of the filing of this Motion, no trustee, examiner, or statutory creditors' committee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion on (i) the Office of the United States Trustee for the Southern District of New York, (ii) those creditors holding the thirty (30) largest unsecured claims against the Debtor's estate, (iii) the Securities and Exchange Commission, (iv) the Internal Revenue Service, and (v) the United States Attorney for the Southern District of New York.  The Debtors submit that no other or further notice need be provided.

13.     No previous motion for the relief sought herein has been made to this or any other court.

**WHEREFORE** the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated:  September 17, 2008
           New York, New York

/s/ Richard P. Krasnow
Harvey R. Miller, Esq.
Richard P. Krasnow, Esq.
Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                                  :
In re                                                             :    Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**                  :    08-13555 (JMP)
                                                                  :
    Debtors.                                                      :    (Jointly Administered)
                                                                  :
                                                                  :
------------------------------------------------------------------x

**ORDER DIRECTING THAT CERTAIN ORDERS**
**ENTERED IN THE CHAPTER 11 CASE LEHMAN BROTHERS**
**HOLDINGS INC. BE MADE APPLICABLE TO LB 745 LLC**

Upon the motion, dated September 17, 2008 (the "Motion"), jointly filed by Lehman Brothers Holdings Inc. ("Lehman Holdings") and LB 745 LLC ("LB 745," and together with Lehman Holdings, the "Debtors"), seeking entry of an order, pursuant to section 105(a) of the Bankruptcy Code, directing that certain orders entered in the chapter 11 case of the Debtor be made applicable to LB 745, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been provided as described in the Motion; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; the Court finds and determines, after due deliberation, that the relief sought in the Motion is in the best interests of the Debtors, their estates, and all parties in interest therein; notice of the

Motion was due and proper and no further notice is necessary; and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and therefore, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the following orders in Lehman Holding's chapter 11 case are hereby made applicable to LB 745, effective as of entry of this order, as if LB 745, were a debtor referred to in said orders:

(1) Order Enforcing the Protections of Section 362 of the Bankruptcy Code [Doc. No. 48]

(2) Order Extending the Time to Comply with the Requirements of Local Bankruptcy Rule 1007-2(a) and 1007-2(b) [Doc. No. 49]

(3) Order i) Authorizing the Employment of Epiq Bankruptcy Solutions, LLC as Claims and Noticing Agent for the Debtor and (ii) Appointing Epiq Bankruptcy Solutions, LLC as Agent of the Bankruptcy Court [Doc. No. 50]

(4) Order (i) Extending the Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs and (ii) Waiving of the Requirements to File the Equity List and Provide Notice to Equity Security Holders Through and Including November 14, 2008 [Doc. No. 52]

(5) Order Waiving of the Requirement to File a List of Creditors and (ii) Approving the Form and Manner of Notifying Creditors of the Commencement of the Debtor's Chapter 11 Case. [Doc. No. 53]

; and it is further

ORDERED that the following proposed order in Lehman Holding's chapter 11 case, once entered by the Court, are hereby made applicable to LB 745 chapter 11 case as if LB 745 were a Debtor referred to in said order:

- Order Implementing Certain Notice and Case Management Procedures.

Dated: September __, 2008
       New York, New York

                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE