**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
:
**In re**                                              :    **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*            :    **08-13555 (JMP)**
                                                       :
        **Debtors.**                                   :    **(Jointly Administered)**
                                                       :
-----------------------------------------------------------------x

**ORDER (I) APPROVING THE BREAK-UP FEE AND EXPENSE REIMBURSEMENT,
(II) CERTAIN MATTERS RELATING TO COMPETING BIDS, IF ANY,
(III) APPROVING THE FORM AND MANNER OF SALE NOTICES AND
(IV) SETTING THE SALE HEARING DATE IN CONNECTION WITH
THE SALE OF CERTAIN OF THE DEBTORS' ASSETS**

Upon the motion, dated September 17, 2008 (the "Motion"),[1] of Lehman Brothers Holdings, Inc. ("LBHI") and LB 745 LLC ("LB 745"), as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman") for orders pursuant to 11 U.S.C. §§ 105, 363, 364(c)(1) and 365 and Fed. R. Bankr. P. (the "Bankruptcy Rules") 2002, 6004, 6006 and 9014 (A) scheduling a final sale hearing (the "Sale Hearing") with respect to that certain Asset Purchase Agreement, dated September 16, 2008 (the "Purchase Agreement"), among the Debtors, Lehman Brothers Inc. ("LBI" and, collectively with the Debtors, the "Seller") and Barclays Capital, Inc. (the "Purchaser"); (B) establishing sales procedures; (C) approving a break-up fee; and (D) authorizing and approving the sale of certain of the Seller's assets (the "Purchased Assets") free and clear of all liens, claims, encumbrances and interests and the assumption and assignment of certain prepetition executory contracts and unexpired leases (the "Contracts") relating to the Purchased Assets to the Purchaser or the Successful Bidder(s); and upon the Court's consideration of the Motion and the record of the

---

[1] Capitalized terms used herein but not defined herein shall have the meaning ascribed to such terms in the Agreement.

1

Sale Hearing held on September 17, 2008 with respect to procedural matters set forth in the Motion, including the testimony and evidence admitted at the Hearing; and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.     The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).  The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 363, 364(c)(1) and 365 and Fed. R. Bankr. P. ("Bankruptcy Rules") 2002, 6004, 6006, 9006 and 9014.  Venue of these cases and the Sale Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.     The relief requested in the Sale Motion as to the Break-Up Fee and Expense Reimbursement and other matters regarding the sale procedures is in the best interests of the Debtors, their estates, LBI, the stakeholders of the foregoing, and other parties-in-interest; and neither the filing of the Sale Motion nor the contingent intention of LBI to seek or possibly seek relief under the Securities Investor Protection Act of 1970 ("SIPA") or otherwise, to close the Purchase Agreement and get the benefit of the Sale Order (i) subjects, nor shall be deemed to subject, LBI to the jurisdiction of the Court at this time or (ii) constitutes the commencement by LBI as a debtor or debtor-in-possession of any proceeding, whether under SIPA or any other similar law. The Debtors anticipate that, based on the occurrence of certain future contingencies, LBI will be the subject of a proceeding under the SIPA.  To the extent that the SIPA Trustee, if appointed, decides to take advantage of the Purchase Agreement and the Sale Order, it will seek an order consistent with the terms hereof.

---

[2]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2

C.Good cause exists to shorten the applicable notice periods in Bankruptcy Rules 2002, 6004 and 6006 and the applicable notice periods in the Local Rules.

D.The Debtors' estates will suffer immediate and irreparable harm if the preliminary relief requested in Sale Motion is not granted on an expedited basis consistent with the provisions set forth herein.

E.The notice of the Sale Motion and the Hearing given by the Debtors constitutes due and sufficient notice thereof given the wasting nature of the Purchased Assets and the exigent circumstances relating to this case.

F.The Debtors have articulated good and sufficient reasons for the Court to (i) approve the Break-Up Fee and Expense Reimbursement (each as defined on <u>Exhibit A</u> attached hereto) as provided in the Purchase Agreement and in this Order, (ii) approve certain matters relating to competing bids, if any, (iii) approve the form and manner of notice of the Sale Motion, the Sale Hearing, and the assumption and/or assignment of the Contracts and (iv) set the Sale Hearing.

G.The Break-Up Fee and Expense Reimbursement shall be payable in accordance with the terms, conditions, and limitations of the Purchase Agreement, this Order and <u>Exhibit A</u> and (i) if triggered, shall be deemed an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of section 503 of the Bankruptcy Code, (ii) is of substantial benefit to the Debtors' estates, (iii) is reasonable and appropriate, including in light of the size and nature of the Sale, the wasting nature of the Debtors' assets, and the efforts that have been and will be expended by the Purchaser notwithstanding that the proposed Sale is subject to higher or better Qualified Bids (as defined below) for the Purchased Assets, (iv) has been negotiated by the parties and their respective advisors at arms' length and in good faith and (v) is

3

necessary to ensure that the Purchaser will continue to pursue its proposed acquisition of the Purchased Assets.  The Break-Up Fee and Expense Reimbursement are material inducements for, and conditions of, the Purchaser's entry into the Purchase Agreement.  The Purchaser is unwilling to commit to hold open its offer to purchase the Purchased Assets under the terms of the Purchase Agreement unless it is assured of payment of the Break-Up Fee and Expense Reimbursement.  Thus, assurance to the Purchaser of payment of the Break-Up Fee and Expense Reimbursement promotes the possibility of competitive bidding.  Thus, the Purchaser has provided a benefit to the Debtors' estates by leaving its bid open for a period of time.

H. The matters set forth on Exhibit A attached hereto are reasonable and appropriate and represent the best method for maximizing the realizable value of the Purchased Assets.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. The procedures set forth in the Sale Motion and the Break-Up Fee and Expense Reimbursement are approved.

2. All objections filed or asserted in response to the Sale Motion are hereby overruled, to the extent that they relate to the procedures.

### The Purchaser's Bid

3. The transaction contemplated by the Purchase Agreement is designated as the "Purchaser's Bid."

### Bid Matters

4. The matters set forth on Exhibit A attached hereto and incorporated herein by reference, are hereby approved and shall govern all matters relating to any competing bids to the Purchaser's Bid for the Purchased Assets.

4

5.  If the Sellers do not receive any Qualified Bids, other than the Purchaser's Bid, by the Bid Deadline (as defined on Exhibit A), the Debtors shall seek approval of the Purchaser's Bid pursuant to the Purchase Agreement at the Sale Hearing (as defined below).

6.  The failure specifically to include or reference a particular provision of the matters set forth on Exhibit A in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the matters set forth on Exhibit A be authorized and approved in their entirety as modified by this Order.

### Sale Hearing

7.  The Court shall hold a hearing on September 19, 2008 at 4:00 p.m. (New York time) (the "Sale Hearing") in the United States Bankruptcy Court for the Southern District of New York in the courtroom of the Honorable James M. Peck, at which time the Court shall consider the Sale Motion and approve the Successful Bidder.  Objections to the Sale Motion shall be interposed by no later than the conclusion of the Sale Hearing and oral objections will be considered at the Sale Hearing; provided, however, that parties with objections to the Sale Motion shall use reasonable efforts to file a written objection or, where filing a written objection is impracticable, to advise the Debtors' counsel of the nature of the objection as soon as reasonably practicable. The Sale Hearing shall not be adjourned or canceled without prior consent of the Purchaser, the Securities and Exchange Commission (the "SEC"), the Commodity Futures Trading Commission (the "CFTC"), and the Federal Reserve Bank of New York ("FRBNY").

8.  The failure of any objecting person or entity to timely file and serve its objection by the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale, or the Debtors' consummation and performance of the

5

Purchase Agreement (including the transfer of the Purchased Assets and the Closing Date Contracts free and clear of liens, claims, and encumbrances).

9.  The Sale Hearing may be adjourned by the Debtors with the prior consent of the Purchaser, the SEC, the CFTC, and the FRBNY from time to time without further notice to creditors or parties-in-interest other than by announcement of the adjournment in open court or an entry of an order on the Court's docket.

### Break-Up Fee and Expense Reimbursement

10.  The Debtors are authorized and shall pay the Break-Up Fee and the Expense Reimbursement upon the occurrence of any Break-Up Fee Event as provided under the Purchase Agreement without further order of the Court; for the avoidance of doubt, LB 745 shall be considered a Seller under the Purchase Agreement for purposes of section 4.6 of the Purchase Agreement only.  The Break-Up Fee shall be $100,000,000, and shall be paid by the Debtors no later than two (2) business days after it becomes payable in accordance with the Purchase Agreement and this Order.  In addition, the Expense Reimbursement shall be paid by the Debtors no later than five (5) business days after delivery of an invoice to the Debtors, subject to an aggregate cap of $25,000,000 (the "Expense Reimbursement Cap").

11.  The Debtors' obligation to pay the Break-Up Fee and Expense Reimbursement, as provided by the Purchase Agreement, this Order and Exhibit A hereto shall be joint and several, shall survive termination of the Purchase Agreement, shall constitute a superpriority administrative priority claim against each of the Debtors pursuant to sections 105(a) and 364(c)(1) of the Bankruptcy Code until paid in accordance with the Purchase Agreement.  In the event that the Debtors (or any of their affiliates) receive any proceeds from an Alternate Transaction prior to their payment of the Break-Up Fee or Expense Reimbursement, such proceeds in an amount equal to the unpaid portion of the Break-Up Fee and the Expense

6

Reimbursement Cap shall be held in trust for the Purchaser until the Break-Up Fee and the Expense Reimbursement are paid in full pursuant to this Order and the Purchase Agreement.

### Notice

12.   Notice of (a) the Motion, (b) the Sale Hearing and (c) the proposed assumption and/or assignment of the Closing Date Contracts to the Purchaser pursuant to the Purchase Agreement or to a different Successful Bidder shall be good and sufficient, and no other or further notice shall be required, if given as follows:

(a)   <u>Notice of Sale Hearing</u>.  Within one (1) day after entry of this Order (the "<u>Mailing Date</u>"), the Debtors (or their agent) shall make a copy of this Order (including <u>Exhibit A</u> to this Order) (the "<u>Sale Notice</u>"), the Sale Motion, the Purchase Agreement and the proposed Sale Approval Order (as defined in the Sale Motion) available and shall provide notice of the Sale in a form which is reasonably acceptable to the Purchaser by email, facsimile, federal express or other overnight delivery service, upon (i) the Office of the United States Trustee, (ii) counsel for the Purchaser, (iii) counsel for the Creditors' Committee, (iv) the Company's thirty largest creditors, (iv) Rock-Forty-Ninth LLC, (v) all entities known to have asserted any lien, claim, interest or encumbrance in or upon the Purchased Assets, (vi) all non-Debtor parties to Closing Date Contracts, (vii) the United States Attorney's office, (viii) the United States Department of Justice, (ix) the SEC, (x) the FRBNY, (xi) the Securities Investor Protection Corporation, (xii) the Internal Revenue Service, (xiii) the CFTC, and (xiv) all persons who have filed a notice of appearance in these cases.

(b)   <u>Assumption, Assignment and Cure Notice</u>.  At least one (1) day prior to the Sale Hearing, the Debtors shall file with this Court and serve on each non-Debtor party to a Contract by federal express, or other overnight delivery service, a notice of assumption, assignment and cure in a form reasonably acceptable to the Purchaser (the "<u>Assumption, Assignment and Cure Notice</u>").  The Assumption, Assignment and Cure Notice shall state that parties to Contracts may find out whether their contract is proposed for assumption and assignment to Purchaser under the Purchase Agreement by visiting http://chapter11.epiqsystems.com/lehman (the "<u>Website</u>").  If the Contract is one which the Purchaser designates for assumption and assignment at the closing (a "<u>Closing Date Contract</u>"), the Debtors will compute the appropriate cure amount (the "<u>Cure Amount</u>") for such Closing Date Contract and will list such Cure Amounts on the Website.  If the Contract is one which the Purchaser designates for assumption and assignment within the 60 days after the Closing (a "<u>Designated Contract</u>"), the Debtors will file a motion for approval of procedures reasonably satisfactory to the Purchaser with respect to Designated Contracts at a later date.

(c)   Any non-Debtor party to a Closing Date Contract shall file and serve on the Notice Parties any objections to (i) the proposed assumption and assignment to the Purchaser (and must state in its objection, with specificity, the legal and factual basis of its objection) and (ii) if applicable, the proposed Cure Amount (and must state in its objection, with specificity,

7

what Cure Amount is required with appropriate documentation in support thereof), no later than the Sale Hearing. If no objection is timely received, (x) the non-Debtor party to the Closing Date Contract shall be deemed to have consented to the assumption and assignment of the Closing Date Contract to the Purchaser and shall be forever barred from asserting any objection with regard to such assumption and assignment, and (y) any Cure Amount identified pursuant to the Assumption, Assignment and Cure Notice shall be controlling, notwithstanding anything to the contrary in any Closing Date Contract, or any other document, and the non-Debtor party to a Closing Date Contract shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims related to such Closing Date Contract against the Debtors or the Purchaser, or the property of any of them.

(d)     Successful Competing Bidder Other Than Purchaser. If a Successful Bidder other than the Purchaser is declared by the Debtors' Board of Directors, then no later than one (1) business day after that declaration, the Debtors shall send a subsequent Assumption, Assignment and Cure Notice to each non-Debtor party to an Contract identifying the Successful Competing Bidder.

13.     This Court shall retain jurisdiction to hear and determine all matters arising from

the implementation of this Order.


Dated: New York, New York
       September 17, 2008


                                              *s/ James M. Peck*
                                              UNITED STATES BANKRUPTCY JUDGE