# EXHIBIT B

# LEHMAN BROTHERS

## GUARANTEE OF LEHMAN BROTHERS HOLDINGS INC.

EAGLE ENERGY PARTNER I, L.P. ("Party A") and OCCIDENTAL ENERGY MARKETING, INC. ("Party B") have entered into a Base Contract for the Sale and Purchase of Natural Gas dated as of June 23, 2003, as amended from time to time (the "Master Agreement"), pursuant to which Party A and Party B have entered and/or anticipate entering into one or more transactions (each a "Transaction"), the Confirmation of each of which supplements, forms part of, and will be read and construed as one with, the Master Agreement (collectively referred to as the "Agreement"). This Guarantee is a Credit Support Document as contemplated in the Agreement. For value received, and in consideration of the financial accommodation accorded to Party A by Party B under the Agreement, LEHMAN BROTHERS HOLDINGS INC., a corporation organized and existing under the laws of the State of Delaware ("Guarantor"), hereby agrees to the following:

(a)     Guarantor hereby unconditionally guarantees to Party B the due and punctual payment (within five (5) business days of written demand by Party B to Party A) of all amounts payable by Party A under each Transaction when and as Party A's obligations thereunder shall become due and payable in accordance with the terms of the Agreement with such amounts not to exceed Ten Million Dollars ($10,000,000) in aggregate, including payment for costs and expenses arising out of Party B's enforcement of this guarantee. In case of the failure of Party A to pay punctually any such amounts, Guarantor hereby agrees, upon written demand by Party B, to pay or cause to be paid any such amounts punctually when and as the same shall become due and payable.

(b) Guarantor hereby agrees that its obligations under this Guarantee constitute a guarantee of payment when due and not of collection. Party B shall not be required to take any proceedings or exhaust its remedies against Party A prior to the exercise of its rights and remedies against the Guarantor.

(c)     Guarantor hereby agrees that its obligations under this Guarantee shall be unconditional, irrespective of the validity, regularity or enforceability of the Agreement against Party A (other than as a result of the unenforceability thereof against Party B), the absence of any action to enforce Party A's obligations under the Agreement, any waiver or consent by Party B with respect to any provisions thereof, the entry by Party A and Party B into any amendments to the Agreement, additional Transactions under the Agreement or any other circumstance which might otherwise constitute a legal or equitable discharge or defense of a guarantor (excluding the defense of payment or statute of limitations, neither of which is waived) provided, however, that Guarantor shall be entitled to exercise any right that Party A could have exercised under the Agreement to cure any default in respect of its obligations under the Agreement or to setoff, counterclaim or withhold payment in respect of any Event of Default or Potential Event of Default in respect of Party B or any Affiliate, but in each case only to the extent such right is provided to Party A under the Agreement. The Guarantor acknowledges that Party A and Party B may from time to time enter into one or more Transactions pursuant to the Agreement and agrees that the obligations of the Guarantor under this Guarantee will upon the execution of any such Transaction by Party A and Party B extend to all such Transactions without the taking of further action by the Guarantor.

(d)     This Guarantee is a continuing guarantee and shall remain in full force and effect until a date five (5) business days after receipt by Party B of such time as Party B shall receive written notice of termination. Termination of this Guarantee shall not affect Guarantor's liability hereunder as to obligations incurred or arising out of Transactions entered into prior to the termination hereof.

(e)     Guarantor further agrees that this Guarantee shall continue to be effective or be reinstated, as the case may be, if at any time, payment, or any part thereof, of any obligation or interest thereon is rescinded or must otherwise be restored by Party B upon an Event of Default as set forth in Section 5(a)(vii) of the Master Agreement affecting Party A or Guarantor.

1

# LEHMAN BROTHERS

(g) Guarantor hereby acknowledges that any modification of the Agreement shall not affect the liability of Guarantor with respect thereto. Guarantor hereby waives (i) notice of acceptance, notice of entry into the Agreement, any Transaction and any modification thereof, notice of extension of time for payment, promptness, diligence, presentment, demand of payment, protest, notice of protest, order notice of adverse facts, notice of any defaults or disputes and, except as set forth in paragraph (a) hereof, notice for demand of any kind in connection with the Agreement and this Guarantee, or (ii) any requirement that Party B exhaust any right to take any action against Party A or any other person prior to or contemporaneously with proceeding to exercise any right against Guarantor under this Guarantee.

(h) Any notice, request or demand provided for in this Guarantee will be in writing and will be deemed properly given if delivered in person, telecopied or by certified or registered mail, return receipt requested, prepaid to the other at the following addresses:

Occidental Energy Marketing, Inc.
5 Greenway Plaza, Suite 110
Houston, TX   77046

Attention: Credit Manager
Fax:        (713) 350-4802

If to the Guarantor, to:

Lehman Brothers Holdings, Inc.
Attention: Corporate Counsel
1301 Avenue of the Americas, 5th Floor
New York, New York 10019

With a copy to:

Lehman Brothers Commodity Services Inc.
c/o Lehman Brothers Inc.,
Corporate Advisory Division
Attention: Transaction Management Group
745 Seventh Avenue
New York, New York 10019 USA

(i) This Guarantee shall not be affected by the taking of any checks, notes or other obligations, secured or unsecured, in any amount, purportedly in payment of the whole or any part of any indebtedness owed by Party A to Party B until such payment by the Guarantor clears.

(j) Guarantor's liability hereunder shall not be impaired or discharged by reason of any reorganization, insolvency or bankruptcy law modifying Party B's rights and remedies against Party A with regard to any obligation or liability of Party A to Party B under the Agreement.

(k) Guarantor represents and warrants, as of the date hereof, that this Guarantee has been duly authorized, executed and delivered by Guarantor.

(l) This Guarantee shall not be assigned or modified without the written consent of each of Guarantor and Party B.

This Guarantee shall be governed by and construed in accordance with the laws of the State of New York, without reference to choice of law doctrine. Guarantor and Party B, by accepting this Guarantee, submit to the non-exclusive jurisdiction of the Court of the State of New York and the United

## LEHMAN BROTHERS

States District Court of the Southern District of New York. All capitalized terms not defined in this Guarantee, but defined in the Agreement, shall have the meanings assigned thereto in the Agreement.

    IN WITNESS WHEREOF, Guarantor has caused this Guarantee to be executed in its corporate name by its duly authorized officer as of the date of the Agreement.

**LEHMAN BROTHERS HOLDINGS INC.**

By: _/s/ Nahill Younis_
Name: Nahill Younis
Title: Global Head of ALM
Date: 7/31/2007

LEHMAN BROTHERS HOLDINGS INC.
745 SEVENTH AVENUE, NEW YORK, NEW YORK 10019