```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                              :
In re                                         :   Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC.,                :   08-13555 (JMP)
                                              :
        Debtor.                               :
                                              :
                                              :
-----------------------------------------------------------------x
```

# NOTICE OF ASSUMPTION AND ASSIGNMENT OF, AND AMOUNTS NECESSARY TO CURE DEFAULTS UNDER CONTRACTS AND LEASES TO BE ASSUMED AND ASSIGNED TO SUCCESSFUL PURCHASER

**PLEASE TAKE NOTICE** that Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC (together with LBHI, the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on September 15, 2008, and September 17, 2008, respectively.

**PLEASE TAKE FURTHER NOTICE** that on September 17, 2008, the Debtors filed a motion (the "Sale Motion") with the Bankruptcy Court seeking, among other things, an order (the "Sale Order") approving a sale of certain designated assets relating to LBHI's wholly-owned subsidiary Lehman Brothers Inc. ("LBI"), including assets which are owned by LBI and related assets which are owned by LBHI. The assets will be sold in accordance with an Asset Purchase Agreement (the "Purchase Agreement") by and among Barclays Capital Inc. (the "Purchaser"), the Debtors, and LBI, free and clear of all liens, claims, encumbrances, and other interests.

**PLEASE TAKE FURTHER NOTICE** that on September 17, 2008, the Bankruptcy Court entered an Order: (A) Authorizing a Break-Up Fee and Expense Reimbursement, (B) Approving Certain Matters Relating to Competing Bids, if any, as Set Forth in the Purchase Agreement, (C) Approving the Form and Manner of Sale Notices, and (D) Fixing a Date for the Sale Hearing (such order, the "Break-Up Fee and Competing Bid Order").

## Notice to Contract Parties

Pursuant to the Break-Up Fee and Competing Bid Order, parties to executory contracts and unexpired leases (the "Contracts") may determine whether their contract is proposed for assumption and assignment to Purchaser under the Purchase Agreement at the closing of transactions (a "Closing Date Contract") by visiting http://chapter11.epiqsystems.com/lehman (the "Website"). The Debtors will compute the appropriate cure amount (the "Cure Amount") for each Closing Date Contract and will list such Cure Amounts on the Website (the "List") prior to the hearing (the "Sale Hearing") to authorize the Debtors and LBI to enter into the Purchase Agreement. The Sale Hearing is scheduled for September 19, 2008 at 4:00 pm. If the Contract is one that the Purchaser

designates for assumption and assignment within the 60 days after the Closing (a "Designated Contract"), the Debtors will file a motion for approval of procedures with respect to Designated Contracts at a later date.

Any non-Debtor party to a Closing Date Contract shall either (A) at any time prior to the Sale Hearing, file with the Court and serve on the Debtors in writing or (B) raise at the Sale Hearing, any objections to (i) the proposed assumption and assignment to the Purchaser (and must state in its objection, with specificity, the legal and factual basis of its objection) and (ii) if applicable, the proposed Cure Amount (and must state in its objection, with specificity, what Cure Amount is required with appropriate documentation in support thereof), no later than the Sale Hearing. If no such objection is timely received or raised at the Sale Hearing, (x) the non-Debtor party to the Closing Date Contract shall be deemed to have consented to the assumption and assignment of the Closing Date Contract to the Purchaser and shall be forever barred from asserting any objection with regard to such assumption and assignment, and (y) any Cure Amount identified pursuant to the Assumption, Assignment and Cure Notice shall be controlling, notwithstanding anything to the contrary in any Closing Date Contract, or any other document, and the non-Debtor party to a Closing Date Contract shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims related to such Closing Date Contract against the Debtors or the Purchaser, or the property of any of them.

The failure of any Contract to appear on the List does not necessarily indicate that such Contract will not be assumed by the Debtors and assigned to the Purchaser, as Section 2.5 of the Purchase Agreement provides that the Purchaser shall have until 60 days after the Closing to designate contracts for assignment.

A copy of the Sale Motion, Break-Up Fee and Competing Bid Order and further information relating to the sale transaction may be found at http://chapter11.epiqsystems.com/lehman. Questions may be directed to counsel to the above-captioned debtor or to EPIQ at lehman@epiqsystems.com.

Dated: September 18, 2008
      New York, New York

/s/ Jacqueline Marcus
Harvey R. Miller, Esq.
Richard P. Krasnow, Esq.
Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession