Hearing Date and Time: September 19, 2008 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller, Esq.
Richard P. Krasnow, Esq.
Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                          :
**In re**                                 :          **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.* :     **08-13555 (JMP)**
                                          :
           **Debtors.**                   :          **(Jointly Administered)**
                                          :
------------------------------------------------------------x

## MOTION OF DEBTORS FOR ORDER, PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE, CONFIRMING STATUS OF CITIBANK CLEARING ADVANCES

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("LB 745"), as

debtors and debtors in possession (together, the "Debtors," and collectively with their non-

Debtor affiliates, "Lehman"), respectfully represent:

### Background

1.      On September 15, 2008 (the "Commencement Date"), LBHI commenced

with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").   On September 16, 2008, LB 745 commenced with this Court a voluntary

case under chapter 11 of the Bankruptcy Code.    The Debtors are authorized to continue to

operate their businesses and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

## Lehman's Business

2.    Lehman is the fourth largest investment bank in the United States, and for

most of its 158 years, Lehman has been a leader in the global financial markets by serving the

financial needs of corporations, governmental units, institutional clients, and individuals

worldwide.    Through its team of more than 25,000 employees, Lehman offers a full array of

financial services in equity and fixed income sales, trading and research, investment banking,

asset management, private investment management, and private equity.    Its worldwide

headquarters in New York and regional headquarters in London and Tokyo are complemented by

a network of offices in North America, Europe, the Middle East, Latin America, and the Asia

Pacific region.

## Citibank

3.    Citigroup Inc. and certain of its subsidiaries and affiliates (including

Citibank, N.A. and its branches ("Citibank")) ("collectively, "Citigroup") provide an array of

financial services to LBHI and certain of its subsidiaries and affiliates in the United States and

in many foreign jurisdictions.    Such services include the establishment and maintenance of cash

deposit and custodial accounts, the provision of credit facilities, trade clearing and settlement

services, agency and trust services, foreign exchange-related services, and securities lending.    In

addition, among other things, Citibank is counterparty to certain Lehman entities in connection

with thousands of trading positions under numerous financial contracts such as interest-rate and

foreign-exchange swap agreements, securities contracts, and repurchase agreements.

4.      For the purpose of securing Citigroup's financial exposure to Lehman, LBHI maintains a cash deposit account (the "Account") at Citibank with a current balance in the amount of approximately $1.763 billion.   Citibank has the right to set off against the Account prepetition obligations of LBHI owed to Citibank under applicable law, various agreements with LBHI and its affiliates, and various guarantees executed by LBHI.[1]

**Clearing Advances**

5.      Lehman Brothers Inc. ("LBI"), a non-Debtor subsidiary of LBHI, is a registered broker-dealer with the Securities and Exchange Commission.   Pursuant to a CLS Settlement Services Agreement (the "CLS Clearance Agreement"), a copy of which is annexed hereto as Exhibit "A," Citibank provides global foreign exchange clearing and settlement services to LBI.   In addition, Citigroup entities are party to various clearing and custodial agreements (together with the CLS Clearance Agreement, the "Clearance Agreements") with Lehman entities (including LBI) (collectively, the "Lehman Clearance Parties").   A representative clearing and custodial agreement is annexed hereto as Exhibit "B."

6.      Pursuant to each of the Clearance Agreements, Citigroup may, in its sole discretion, make advances to or for the benefit of the respective Lehman Clearance Parties, which are payable by the respective Lehman Clearance Parties upon demand by Citibank.   The obligations of the Lehman Clearance Parties under the Clearance Agreements generally are guaranteed by LBHI pursuant to the guarantee agreement, dated as of January 7, 2004 (as

---

[1]  Shortly before LBHI filed its chapter 11 case, Citibank set off $512 million against the Account.   Citibank is currently in the process of evaluating and calculating the value of its prepetition setoff claim against LBHI.   Because of the volume and complexity of the transactions between the parties as well as the volatility of the securities market, the process of accurately fixing Citibank's setoff claim is time consuming and difficult.

amended, the "Guaranty") in favor of Citigroup.[2]    A copy of the Guaranty is annexed hereto as

Exhibit "C."    Among other things, section 8 of the Guaranty authorizes Citigroup to set off and

apply any and all deposits of LBHI in the Account against LBHI's obligations under the

Guaranty.

7.    Prior to the Commencement Date, Citibank provided intraday advances of

up to $19 billion to Lehman, with the actual amount of the advances fluctuating day to day

depending on volume and market conditions.    Since the Commencement Date, Citibank has

made advances of approximately $9 billion daily to or for the benefit of the Lehman Clearance

Parties at the request of Lehman and the Federal Reserve Bank of New York (the "Recent

Advances").    The Recent Advances were necessary to clear and facilitate the settlement of

securities and foreign exchange transactions with customers or clients of the Lehman Clearance

Parties to avoid a disruption of the financial markets.    Citibank may elect to make additional

advances under the Clearance Agreements in its sole discretion (such additional advances,

together with the Recent Advances and any other advances incidental to, and other amounts

owing to Citibank in respect of, the clearing process, the "Postpetition Advances").

8.    Pursuant to the Guaranty, all Postpetition Advances are guaranteed by

LBHI.

---

[2]  LBHI has executed numerous guaranty agreements in favor of Citigroup, some of which may cover obligations of the Lehman Clearance Parties under certain Clearance Agreements. Citigroup acknowledges and agrees that this Motion and the order approving this Motion only apply with respect to (i) any written, executed guaranty agreement issued by LBHI in favor of Citigroup prior to the Commencement Date that cover obligations of the Lehman Clearance Parties under the Clearance Agreements and/or (ii) any direct obligations of LBHI to Citigroup under the Clearance Agreements.

## Jurisdiction and Venue

9.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.
§§ 157 and 1334.    This is a core proceeding pursuant to 28 U.S.C. § 157(b).    Venue is proper
before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

10.     Pursuant to section 105(a) of the Bankruptcy Code, the Debtors hereby
seek entry of an order confirming that any of Citibank's claims against Lehman arising under or
pursuant to the Clearance Agreements or the Guaranty, which agreements are "securities
contracts" within the meaning of section 741(7)(A) of the Bankruptcy Code, arising from any
Postpetition Advances, will be allowed as claims under the Guaranty and Citibank may set off
such claims against the Account to the same extent as if they had been made prior to the
Commencement Date.    To assure that Citigroup will continue to perform under the Clearance
Agreements, out of an abundance of caution it is necessary to confirm that the claims of Citibank
that may arise from Postpetition Advances or other transactions arising under or pursuant to the
Clearance Agreements and the Guaranty post the Commencement Date (the "Clearing Claims")
will be allowed as claims under the Guaranty and that Citibank may set off such claims against
the Account to the same extent as if they had been made prior to the Commencement Date.    In
the alternative, to the extent the Court views the Postpetition Advances as the postpetition
incurrence of debt, Lehman requests that the Court confirm that the Postpetition Advances are
authorized under section 364 of the Bankruptcy Code as to the Guaranty and that Citibank may
set off such claims against the Account to the same extent as if they had been made prior to the
Commencement Date.

**<u>Basis for Relief</u>**

11.      Section 741(7)(A)(v) of the Bankruptcy Code defines a "securities contract" as "any extension of credit for the clearance or settlement of securities transactions." 11 U.S.C. § 741(7)(A)(v).    Section 101(53B)(A)(vi) of the Bankruptcy Code defines a "swap agreement" as "any security agreement or arrangement or other credit enhancement related to any agreements or transactions referred to in clause (i) through (v), including any guarantee or reimbursement obligation by or to a swap participant in connection with any agreement or transaction referred to in such clause, but not to exceed the damages in connection with any such agreement or transaction, measured in accordance with section 562."    *Id.* § 101(53B)(A)(vi). Similarly, section 741(7)(A)(xi) of the Bankruptcy Code defines a "securities contract" as "any security agreement or arrangement or other credit enhancement related to any agreement or transaction referred to in this subparagraph, including any guarantee or reimbursement obligation by or to a stockbroker, securities clearing agency, financial institution, or financial participant in connection with any agreement or transaction referred to in this subparagraph, but not to exceed the damages in connection with any such agreement or transaction, measured in accordance with section 562."    *Id.* § 741(7)(A)(xi).

12.      Section 562(a) of the Bankruptcy Code provides that damages under any securities contract or swap agreement will be calculated as of the earlier of (i) the date of rejection of such contract, or (ii) the date of liquidation, termination, or acceleration of the contract.

13.      Section 364 of the Bankruptcy Code authorizes a debtor in possession to obtain credit and incur debt to enable the debtor in possession to gain access to funds that are

necessary either to continue the business and operations of the debtor or liquidate the assets of the bankruptcy estate in an orderly fashion.

14.    The Clearance Agreements and the Guaranty are "securities contracts" and/or "swap agreements" within the meaning of section 741(7) and section 101(53B) of the Bankruptcy Code.    As such, any of Citigroup's claims under the Clearance Agreements and the Guaranty are to be determined as of the date of liquidation, termination, or acceleration under such agreements, which date has not yet occurred.

15.    This Motion does not seek an order of this Court validating the Guaranty or Citibank's right of setoff thereunder, or to grant administrative expense status for the Clearing Claims.    Rather, out of an abundance of caution, it requests confirmation that the Clearing Claims will be allowed as claims under the Guaranty and that Citibank may set off the Clearing Claims against the Account to the same extent as if they had been made prior to the Commencement Date.

16.    To preserve Citibank's rights of setoff against the Account, LBHI acknowledges that the maintenance by Citibank as its collateral of the cash in the Account does not constitute a unilateral administrative hold or a violation of the automatic stay.    For the purpose of resolving any and all disputes related to or in connection with the Account, an "administrative hold" will be deemed to commence from the date LBHI requests a withdrawal from the Account and Citibank refuses to comply with such request.

17.    The granting of the relief requested is in the best interests of the estate and its stakeholders and the public markets.    Lehman has been advised by Citigroup that, absent such relief, Citigroup will be unable to continue to make Postpetition Advances at Lehman's request.    It is essential to Lehman's customers that Citigroup continue to clear securities

transactions for the Lehman Clearance Parties in accordance with its prepetition practices.    Any

cloud on the Guaranty and Citibank's right of setoff against the Account will inhibit Citigroup

from clearing advances to or for the benefit of the Lehman Clearance Parties to the detriment of

public investors.

18.    The Court's general equitable powers are codified in section 105(a) of the

Bankruptcy Code.    Section 105(a) empowers the court to "issue any order, process, or judgment

that is necessary or appropriate to carry out the provisions of this title."    11 U.S.C. § 105(a).

Granting the relief requested herein is fully consistent with the terms of the Bankruptcy Code,

will facilitate a smooth and orderly transition of Lehman's operations into chapter 11, and

minimize not only the disruption of Lehman's business affairs, but also the disruption of the

financial markets as a whole.

## **Notice**

19.     No trustee, examiner, or statutory creditors' committee has been appointed

in this chapter 11 case.    The Debtors have served notice of this Motion on (i) Citigroup; (ii) the

Office of the United States Trustee for the Southern District of New York; (iii) those creditors

holding the thirty (30) largest unsecured claims against the Debtor's estate; (iv) the Securities

and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for

the Southern District of New York; and (vii) all parties who have requested notice in these

chapter 11 cases.    The Debtors submit that no other or further notice need be provided.

20.     No previous request for the relief sought herein has been made by

the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that this Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated:  September 18, 2008
        New York, New York

                              /s/ Richard P. Krasnow
                              Harvey R. Miller, Esq.
                              Richard P. Krasnow, Esq.
                              Lori R. Fife, Esq.
                              Shai Y. Waisman, Esq.
                              Jacqueline Marcus, Esq.
                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Debtors
                              and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                           :
In re                                      :          **Chapter 11 Case No.**
                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.* :          **08-13555 (JMP)**
                                           :
                    **Debtors.**           :          **(Jointly Administered)**
                                           :
---------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE CONFIRMING STATUS OF CITIBANK CLEARING ADVANCES

Upon the motion, dated September 18, 2008 (the "Motion"), of Lehman

Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("LB 745," and together with LBHI,

the "Debtors," and collectively with their affiliates, "Lehman"), as debtors and debtors in

possession, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy

Code") for entry of an order confirming the status of clearing advances by Citibank, N.A.

("Citibank") and its affiliates to Lehman Brothers Inc. ("LBI") and the other Lehman

Clearance Parties (as defined in the Motion), as more fully set forth in the Motion; and

the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Motion having been provided to (i) Citigroup; (ii) the United

States Trustee for the Southern District of New York; (iii) those creditors holding the

thirty (30) largest unsecured claims against the Debtors' estates; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the Statement of Citigroup Inc. in Support of the Motion, dated September 18, 2008, the record at the Hearing, and all the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estate, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that any of Citibank's claims against LBHI arising under or pursuant to the Clearance Agreements (as defined in the Motion) and the Guaranty (as defined in the Motion), arising from any Postpetition Advances (as defined in the Motion) shall be allowed as claims under the Guaranty and Citibank may set off such claims against the Account (as defined in the Motion) to the same extent as if they had been made prior to the date on which LBHI commenced its chapter 11 case in this Court; and it is further

ORDERED that to the extent the Postpetition Advances constitute the postpetition incurrence of debt, the Postpetition Advances are authorized under section 364 of the Bankruptcy Code as to the Guaranty and that Citibank may set off the Clearing

2

Claims (as defined in the Motion) against the Account to the same extent as if they had been made prior to the date on which LBHI commenced its chapter 11 case in this Court; and it is further

ORDERED that the maintenance by Citibank as its collateral of the cash in the Account does not constitute a unilateral administrative hold or a violation of the automatic stay and for the purpose of resolving any and all disputes related to or in connection with the Account, an "administrative hold" will be deemed to commence from the date LBHI requests a withdrawal from the Account and Citibank refuses to comply with such request; and it is further

ORDERED that nothing contained herein shall prejudice or be deemed to prejudice (i) any right of Citibank to set off against the Account without seeking relief from the automatic stay in accordance with, *inter alia*, section 362(b)(6) and/or section 362(b)(7) of the Bankruptcy Code or any appellate rights of Citibank, including without limitation, the right to seek a stay of any order terminating the administrative hold of the Account, and (ii) any rights, claims, defenses, obligations, and challenges any party in interest may have with respect thereto; and it is further

ORDERED that nothing contained herein shall be a waiver or be deemed to be a waiver of (i) any of Citigroup's rights, including, without limitation, the right of Citibank to request relief from the automatic stay to effect setoff against the Account, and (ii) any rights, claims, defenses, obligations, and challenges any party in interest may have with respect thereto; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: September __, 2008
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE