Daniel J. Flanigan (NY #4266250)
James E. Bird (MO #28833)
Polsinelli Shalton Flanigan Suelthaus PC
7 Penn Plaza, Suite 600
New York, New York 10001
(212) 684-0199
Fax: (212) 684-0197
dflanigan@polsinelli.com
jbird@polsinelli.com

Christopher A. Ward (DE #3877)
Polsinelli Shalton Flanigan Suelthaus PC
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
(302) 252-0922
Fax No. (302) 252-0921
cward@polsinelli.com

Attorneys for BATS Holdings, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS, INC., et al.,** | Case No.: 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**LIMITED OBJECTION OF BATS HOLDINGS, INC. TO MOTION TO
(A) SCHEDULE A SALE HEARING; (B) ESTABLISH SALE PROCEDURES;
(C) APPROVE A BREAK-UP FEE; AND (D) APPROVE THE SALE OF THE
PURCHASED ASSETS AND THE ASSUMPTION AND ASSIGNMENT
OF CONTRACTS RELATED TO THE PURCHASED ASSETS**

BATS Holdings, Inc. ("BATS"), by and through its undersigned counsel, hereby files this Limited Objection (the "Objection") to the Motion to (A) Schedule a Sale Hearing; (B) Establish Sale Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Related to the Purchased Assets (the

"Sale Motion") [Docket No. 60] filed by Lehman Brothers Holdings, Inc. ("Lehman") and LB 745 LLC, as debtors and debtors in possession (collectively, the "Debtors"). In support of the Objection, BATS respectfully states:

## BACKGROUND

1. On September 15, 2008, the Debtors filed separate voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. The Sale Motion was filed on September 17, 2008. On this same date, this Court entered an order (the "Bidding Procedures Order") approving bidding procedures and a break-up fee with respect to the Debtors' sale of certain identified assets to Barclays Capital, Inc. ("Barclays").

3. The Bidding Procedures Order scheduled a final sale hearing for September 19, 2008 at 4:00 p.m., less than 48 hours after the filing of the Sale Motion. Objections to the final sale hearing are due either in writing prior to the final hearing or orally at the final hearing.

4. BATS is concerned that the relief requested in the Sale Motion will prejudice its rights with respect to that certain Investor Rights Agreement entered into on or about January 1, 2008, by and between BATS Holdings, Inc., a Delaware corporation, Lehman and certain other stockholders of BATS.

5. BATS is the third largest equity market in the country. BATS has recently obtained regulatory approval and is scheduled to begin operating as a registered national securities exchange in October, 2008.

6. In conjunction with BATS efforts to become an active equity market, BATS obtained funding from numerous investor parties, including Lehman. As part of this financing, investor parties negotiated and entered into the Investor Rights Agreement.

7.      By way of this Objection, BATS does not seek to stop the sale to Barclays. BATS merely seeks to protect the rights it negotiated under the Investor Rights Agreement to the extent such rights are affected by the Sale Motion and the APA (as defined below).

8.      Regardless, the sale process as currently contemplated deprives BATS of its constitutional rights to due process and equal protection pursuant to the 5th and 14th amendments to the United States Constitution.

9.      More importantly, Section 2.2 of the Investor Rights Agreement provides a right of first refusal on voluntary transfers to third parties. Section 2.2 provides:

> **RIGHTS OF FIRST REFUSAL ON VOLUNTARY TRANSFERS**
>
> (a)     Offer of Stock to the Company and the Investors. If at any time any Stockholder (the "Selling Stockholder") desires to Transfer all or any portion of his, her or its Common Stock pursuant to a bona fide offer from a third party (the "Proposed Transferee"), the Selling Stockholder shall, within five (5) business days after the Proposed Transferee has delivered such offer to the Selling Stockholder, submit a written notice to the Company and the other Stockholders which notice shall contain an offer (the "Offer") to the Company and the Investors to Transfer the Stock proposed to be Transferred (the "Offered Shares") on terms and conditions, including price, not less favorable to the Company and the Investors than those on which the Selling Stockholder proposes to Transfer such Offered Shares to the Proposed Transferee. The Offer shall disclose the identity of the Proposed Transferee, the number of Offered Shares, the total number of shares of Stock owned by the Selling Stockholder, the terms and conditions, including price, of the proposed Transfer, and any other material facts relating to the proposed Transfer. The Offer shall further state that each of the Company and the Investors may acquire, in accordance with the provisions of this Section 2.2, all or any portion of the Offered Shares, for the price, including deferred payment terms (without having to comply with any other, non-monetary terms), set forth therein; provided that the rights of the Company and the Investors to acquire the Offered Shares shall be conditioned upon the Company's and/or the Investors acquiring all of the Offered Shares, in accordance with the provisions of this Section 2.2, for the price and upon the other terms and conditions, including deferred payment, if applicable, set forth in the Offer.

Investor Rights Agreement at Section 2.2(a).

10.     The Asset Purchase Agreement among Lehman, Lehman Brothers Inc. (a non-debtor), LB 745 LLC and Barclays Capital Inc. (the "APA") includes "corporate equity" in the definition of "Purchased Assets".  APA at page 6.

11.     The APA is ambiguous and BATS is uncertain whether equity interest Lehman's equity interest in BATS is being sold to Barclays as part of the sale.  In the defined term "Purchased Assets", the Debtors seek to sell "corporate equity" to Barclays.  However, under the defined term "Excluded Assets", the Debtors are not selling shares of capital stock and other equity interests.  Additionally, the APA reserves the rights of both the Debtors and Barclays to include or exclude assets from the sale until the sale closes.  Therefore, at the present time, BATS is unable to determine at this time if Lehman's equity interest in BATS is subject to this sale.

12.     To the extent that Lehman is seeking to sell its equity interest in BATS or any other rights under the Investor Rights Agreement to Barclays free of liens, claims and encumbrances, BATS must be afforded the opportunity to exercise its right of first refusal to purchase such equity interest.  If this asset is included in the sale, in order to exercise such right of first refusal, BATS will need to analyze Lehman's valuation of its equity interest in BATS. No independent valuation of Lehman's equity interest in BATS has been provided.

13.     In addition, if this asset is included in the sale, the Debtors must provide BATS with adequate protection in order to protect the value of such equity interest if Lehman intends to attempt to sell this asset free and clear of liens, claims and encumbrances.

14.     Furthermore, to the extent another investor subject to the Investor Rights Agreement seeks to exercise its own right to purchase the equity interests, or if any other party

attempts to seek a purchase of the equity interests, BATS must be afforded the opportunity to match such offer.

15. This request by BATS should not be controversial as it presents an economically neutral position to Lehman. If BATS purchases the equity interest, Lehman's creditor constituencies will realize as much value as anticipated for such asset. If BATS determines not to bid on the equity interest, Lehman will be no worse off as the sale will go forward under the purchase price currently negotiated with the Barclays. Therefore, acknowledging BATS right of first refusal does not undermine the best interests of creditors.

16. Finally, if it is determined that Barclays is NOT including Lehman's interest in BATS as part of the Purchased Assets, BATS will withdraw its Objection to the current Sale Motion. However, if in the future Lehman decides to sell its equity interest in BATS to a different third party, BATS reserves its rights under the Investor Rights Agreement, including, but not limited to, the right of first refusal to purchase the equity prior to its sale to a third party. Under this scenario, BATS will be an interested purchaser of Lehman's equity interest in BATS.

17. BATS reserves its right to supplement this Objection, whether in writing or at the sale hearing, as appropriate as Lehman provides more detail regarding the proposed sale.

Dated: September 19, 2008

        Respectfully Submitted,

        POLSINELLI SHALTON FLANIGAN SUELTHAUS PC

        By: */s/ Daniel J. Flanigan*
            Daniel J. Flanigan (NY #4266250)
            James E. Bird (MO #28833)
            7 Penn Plaza, Suite 600
            New York, New York 10001
            (212) 684-0199
            Fax: (212) 684-0197
            dflanigan@polsinelli.com
            jbird@polsinelli.com

            Christopher A. Ward (DE #3877)
            Polsinelli Shalton Flanigan Suelthaus PC
            222 Delaware Avenue, Suite 1101
            Wilmington, Delaware 19801
            (302) 252-0922
            Fax No. (302) 252-0921
            cward@polsinelli.com

            Attorneys for BATS Holdings, Inc.