| | |
|---|---|
| KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.<br>551 Fifth Avenue, 18th Floor<br>New York, New York 10176<br>(212) 968-6000<br>Matthew J. Gold | **Hearing Date: September 19, 2008**<br>**Hearing Time: 4:00 p.m.** |

Counsel for Elliott Associates, L.P., Elliott International, L.P.
and The Liverpool Limited Partnership,

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

| | |
|---|---|
| In re<br>Lehman Brothers Holdings Inc., *et al*.,<br><br>　　　　　　　　　　Debtors. | Bankruptcy Case No. 08-13555 (JMP)<br>Chapter 11<br>(Joint Administration) |

-----------------------------------------------------------x

### LIMITED OBJECTION OF ELLIOTT ENTITIES TO MOTION TO APPROVE SALE

Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership, (collectively, the "Elliott Entities"), creditors and parties in interest in this case, hereby submit this limited objection to the Debtors' Motion (the "Motion") for approval of a sale (the "Barclays Sale") under an asset purchase agreement (the "Asset Purchase Agreement") among the Debtors, Lehman Brothers Inc. and Barclays Capital, Inc. ("Barclays"), and respectfully represent:

　　　　1.　　The Elliott Entities are creditors of Lehman Brothers Special Financing Inc., Lehman Brothers Commodity Services Inc., and Lehman Brothers International (Europe), all of which are direct or indirect subsidiaries of Debtor Lehman Brothers Holdings Inc. ("Lehman Holdings"), and none of which are debtors before this Court. These claims have been guaranteed by Lehman Holdings.

2. As set forth in greater detail below, the Debtors have asked the Court to approve the proposed sale in all respects, including in respects that have not been identified to the Court or creditors, and that may not even be currently known to the Debtors, including

- what will be sold,
- who are the sellers, and
- who gets the money.

3. It would be improper for the Court to make findings of fact or reach conclusions of law with respect to matters that have not been identified or that have not yet occurred. Accordingly, the Elliott Entities request that the Court reserve jurisdiction to determine such matters in the future, and that it require the Debtors to fully disclose such matters in the future to permit creditors and other affected parties to be heard following meaningful notice.

4. The motion papers submitted by the Debtors with respect to the Barclays Sale are extremely vague with regard to many of the critical terms of the proposed sale – like which assets are being sold and by whom. This vagueness is partly a function of the Debtors' failure to file or post on-line any of the schedules to the Asset Purchase Agreement, and partially a function of the broad definitions used. Thus, "Purchased Assets" is defined as "all of the assets of Seller *and its Subsidiaries* used in connection with the Business (excluding the Excluded Assets)" (emphasis added) and "Excluded Assets" is defined, just as broadly, as:

> the following assets, properties, interests and rights of Seller and its Subsidiaries: (a) the shares of capital stock, limited liability company membership, general and limited partnership, and other equity interests, of Seller and its Subsidiaries other than (i) the capital stock of Townsend Analytics and (ii) the capital stock or other equity interests of any other Subsidiary that Seller and Purchaser may agree prior to the entry of the Sale Order shall be a Purchased Asset….

5. In short, "Purchased Assets" could include assets owned by direct or indirect subsidiaries of Lehman Holdings that are neither formal parties to the Asset Purchase Agreement nor

2

debtors before this Court. To the extent that Barclays elects to acquire such assets it appears that Barclays has an option to acquire them either directly or through the assignment to Barclays of the stock of such subsidiaries.

6. Not only is the Asset Purchase Agreement vague regarding what is being sold, but it also is vague in terms of who gets the proceeds of sale. Section 12.3 of the Asset Purchase Agreement provides that Barclays shall determine how the proceeds of the sale are to allocated among the Sellers:

> Purchase Price Allocation. Seller and Purchaser shall allocate the purchase price (including the Assumed Liabilities) among the Purchased Assets as specified in Schedule 12.3 and, in accordance with such allocation, Purchaser shall prepare and deliver to Seller copies of Form 8594 and any required exhibits thereto (the "Asset Acquisition Statement"). Purchaser shall prepare and deliver to Seller from time to time revised copies of the Asset Acquisition Statement (the "Revised Statements") so as to report any matters on the Asset Acquisition Statement that need updating (including purchase price adjustments, if any) consistent with the agreed upon allocation. The purchase price for the Purchased Assets shall be allocated in accordance with the Asset Acquisition Statement or, if applicable, the last Revised Statements, provided by Purchaser to Seller, and all income Tax Returns and reports filed by Purchaser and Seller shall be prepared consistently with such allocation.

7. Schedule 12.3 has not been made available, and may not even exist yet.

8. Creditors of Lehman Holdings, not to mention creditors of its non-debtor/non-party subsidiaries, may have a great interest in determining how the proceeds are to be allocated. It is improper to delegate this matter to Barclays, or even to the Debtors without Court oversight.

9. The Court has no current basis on which it can determine that an allocation that has not been made is fair or proper.

10. The proposed order submitted by the Debtors would have the Court find that the consideration paid constitutes reasonably equivalent value or fair value. The Court lacks jurisdiction to make any determination regarding conveyances made by non-debtors to non-debtors.

**WHEREFORE**, the Elliott Entities respectfully request that the Court (i) specifically reserve jurisdiction to decide any dispute regarding the proper allocation of the proceeds of the Barclays Sale, and require that the Debtors provide prior notice to all parties in interest of any proposed allocation; (ii) defer any determinations concerning transfers that may be made by non-debtor subsidiaries until the contours of the Barclays Sale have been determined by the parties and revealed to the Court and parties in interest; and (iii) grant such other and further relief as is just and proper.

Dated: September 19, 2008

**KLEINBERG, KAPLAN, WOLF & COHEN, P.C.**

By: */s/ Matthew J. Gold*
Matthew J. Gold
551 Fifth Avenue
New York, New York 10176
Tel. No.: (212) 986-6000
Fax No.: (212) 986-8866
mgold@kkwc.com

Counsel for Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership