# **EXHIBIT 3**

# BINGHAM

Jeffrey S. Sabin
Direct Phone: 212.705.7747
Direct Fax:   212.752.5378
jeffrey.sabin@bingham.com

September 18, 2008

**Via Email and Facsimile**

Mr. Harvey R. Miller, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Re:  **Lehman Brothers – Asset Sale**

Dear Harvey:

We are writing to you on behalf of Harbinger and other clients who are creditors of Lehman Brothers Holdings Inc. ("LBHI") in connection with the motion to approve the draft Asset Purchase Agreement (the "APA") to apprise you of our concerns and to provide you an opportunity to address our concerns prior to the hearing to avoid the need to file a formal objection. We have concerns regarding the structure and logistics of LBHI, Lehman Brothers Inc. ("LBI") and LB 745 LLC's ("745 LLC") proposed sale transaction (the "Transaction") with Barclays Capital Inc. ("Barclays").

Primary Concerns

First, we need to understand why any cash, specifically $1.3 billion (the "Purchased Cash"), is being included as part of the Purchased Assets sold to Barclays. Please confirm whether the Purchased Cash constitutes "customer property." If the Purchased Cash does not constitute "customer property," please explain why the Purchased Cash is included as part of the Transaction and describe the source of the Purchased Cash (including how and why the Purchased Cash is held by LBI and when and how LBI came into possession of such Purchased Cash, *i.e.*, whether LBHI has a cash management system; if so, please provide a description of such cash management system).

Second, we need to understand the consideration being provided to each Seller and what each Seller will do with any consideration received. *See* APA §§3.1, 3.2 and 3.3. For example, (i) we understand that 745 LLC is the owner of a building, located at 745 Seventh Avenue, New York, New York (the "Real Property"), with an appraised value of over $1 billion, subject to the mortgage of a Seller Affiliate and (ii) we understand that $250 million is the purchase price for the assets of LBI. Please confirm what each Seller will receive as consideration under the Transactions and what each Seller intends to do with any consideration received under the Transactions. Also, please provide us a summary of 745 LLC's mortgage with a Seller Affiliate, including the identity of the Seller Affiliate/mortgagee and the amount of the mortgage.

Boston
Hartford
Hong Kong
London
Los Angeles
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

212.705.7000
212.752.5378
bingham.com         A/72657544.2

Mr. Harvey Miller
September 18, 2008
Page 2

Third, we need to understand if there are conditions to closing under the APA that, as of today, may not be satisfied or are impossible to satisfy. For example, Section 10.1(b) of the APA requires that a minimum number of employees must remain actively employed. Please provide us a list of any such troublesome conditions to closing. Also, please confirm whether Barclays is willing to close in the event of an unstayed appeal of an order authorizing the sale of the Real Property.

Fourth, under the APA, the term "Purchased Assets" includes all assets of the Seller and its Subsidiaries. Please confirm (i) what assets of non-debtor Subsidiaries are to be sold under the Transactions, if any, (ii) the basis for jurisdiction over any Purchased Asset of a non-debtor, (iii) whether the Purchased Assets are subject to any liens (and, if so, please provide a list of all such encumbered Purchased Assets, the liens thereon, and the amount of such liens), and (iv) whether the Purchased Assets are to be sold free and clear of any liens.

Issues with the APA

In addition to the concerns noted above, we also have specific concerns regarding the APA.

- Definition of "Contract." Please confirm how swaps, repos, and other securities agreements will be treated, including whether the Buyer will have the right to mandate whether any such contract is assumed or rejected. Please provide a list of all Contracts so that we can assess what Contracts are subject to assumption or rejection and what parties will be affected by any such assumption or rejection.

- Definition of "Excluded Assets."

  Upon information and belief, LBI is the parent of five wholly owned Subsidiaries. Please confirm which entities were Subsidiaries of LBI as of the Petition Date and which Subsidiaries of LBI will be sold pursuant to the Transaction. If none of LBI's Subsidiaries are to be sold pursuant to the Transaction, please confirm whether any assets of any of LBI's Subsidiaries will be sold pursuant to the Transaction, and, if so, on what basis does the bankruptcy court have jurisdiction to authorize the sale of the assets of LBI's Subsidiaries.

  Please describe what constitutes "intercompany receivables." Please provide us a list of all intercompany receivables, including the related counterparties, the source of such intercompany receivables (e.g., promissory note, contract, etc.), and the amount of such intercompany receivables.

- Definition of "Lien." Please confirm whether the intent is to cut off setoff and/or netting rights.

- Definition of "Purchased Assets" and "Retained Cash." There appears to be an unintended but inherent conflict between the definitions of "Purchased Assets" and

Mr. Harvey Miller
September 18, 2008
Page 3

"Retained Cash" and the intended Transactions. "Retained Cash" is an Excluded Asset and includes all cash other than the Purchased Cash. "Purchased Assets" includes all Retained Cash. As drafted, Barclays would receive all cash other than the Purchased Cash (*i.e.*, cash in excess of the $1.3 billion Purchased Cash). Please explain how Retained Cash can be both an Excluded Asset and a Purchased Asset.

- Definition of "Subsidiary." Please provide us with an organizational chart as of the Petition Date so that we can ascertain which entities constitute a "Subsidiary" under the APA.

- Section 5.4 - Title to Purchased Assets. Please provide us with schedules identifying with particularity which assets are to be sold by which entity.

Please provide a response to our concerns as soon as possible.

We look forward to hearing from you.

Best regards,

Jeffrey S. Sabin