GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110
(617) 482-1776
James F. Wallack (JW-4078)
Douglas B. Rosner (DR-5690)
Gregory O. Kaden(GK-9610)

Counsel to 125 High Street, L.P.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
In re:                              :      Chapter 11
                                    :
LEHMAN BROTHERS HOLDINGS, INC.,     :      Case No. 08-13555 (JMP)
                                    :
                    Debtors         :      (Jointly Administered)
------------------------------------------------------------x
```

## PROTECTIVE RESPONSE OF 125 HIGH STREET, L.P.  TO DEBTORS' MOTION TO (A) SCHEDULE A SALE HEARING; (B) ESTABLISH SALES PROCEDURES; (C) APPROVE A BREAK-UP FEE; AND (D) APPROVE THE SALE OF THE PURCHASED ASSETS AND THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS RELATING TO THE PURCHASED ASSETS

125 High Street, L.P.  ("Landlord") hereby submits its Protective Response (the "Protective Response") to Lehman Brothers Holdings., Inc.("LBHI") and LB 745 LLC's (collectively, the "Debtors") Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets ("Sale Motion").  In support of this Protective Response, Landlord respectfully states as follows:

1.      Landlord is the landlord under that certain nonresidential real property lease (as amended or supplemented, the "Lease"), originally dated as of February 24, 2006, as amended by First Amendment to Lease dated as of July 12, 2007, between Landlord and LBHI for certain leased premises located at 125 High Street, Boston, MA, as more fully described in the Lease.  Copies of the Lease can be made available upon

request to the undersigned counsel.

2.      Section 8.14(b) of the Asset Purchase Agreement (the "Purchase Agreement"), among Barclays Capital, Inc., the Debtors, and Lehman Brothers Inc., dated September 16, 2008, attached as Exhibit 2 to the Sale Motion contemplates the assumption and assignment of the Lease as follows:

> For the leased premises located in 125 High Street, Boston, MA, 190 S. LaSalle Street, Chicago, IL and 10250 Constellation Boulevard, Los Angeles, CA[,] Seller shall assume such leases in connection with the Seller's bankruptcy proceedings and assign such leases to Purchaser. Purchaser shall then sublet to Seller or a designee of Seller . . . pursuant to three separate subleases . . . reasonably acceptable to both Purchaser and Seller and subject in all cases to the terms of the underlying lease, a portion of the demised premises in such locations shall be subject to obtaining the landlord's consent to each Sublease or Bankruptcy Court approval. Seller shall bear its portion of the occupancy cost for each such location based on the relative square footage sublet. Seller and Purchaser shall enter into such Sublease at Closing to memorialize the provisions of this Section.

Purchase Agreement, ¶ 8.14(b).

3.      This morning, the Debtors filed a cure schedule showing a total cure amount of $159,266.67. The cure schedule also lists three leases with Landlord. The Landlord is aware of only one lease (albeit, one that has been amended as aforesaid). The Landlord is not, on less than one business day's notice, able to reconcile the Debtors' asserted cure amount. Accordingly, Landlord requests that the Debtors reserve the $159,266.67 at closing to allow the parties an opportunity to reconcile the amount that would be necessary to cure any arrearages under the Lease.

4.      In addition to the asserted cure amount, the Debtors are required to pay any shortfall in their periodic escrow payments of operating costs, insurance payments, real estate taxes and other charges due under the Lease as determined by an annual reconciliation that is typically conducted after the end of each calendar year (the "True-

Up Expenses"). Although the True-Up Expenses have not yet been calculated for calendar year 2008, a portion of those payments will necessarily relate to the period before the date of the proposed assumption and assignment of the Lease (the "Pre-Assignment Period").

5.        Before the Debtors may assume and assign the Lease as contemplated in the Purchase Agreement they must, among other things, cure (or provide assurance that they will promptly cure) all defaults under the Lease and provide adequate assurance of the proposed assignee's future performance under the Lease.  See 11 U.S.C. §§ 365(b)(1); 365(f)(2).

6.        As a threshold matter, the Debtors must at least reserve $159,266.67 pending an agreement between the parties or further order of this Court as to the amount necessary to cure any arrearages under the Lease.  While Landlord does not object on adequate assurance grounds to the assignment of the Lease to Barclays Capital, Inc. ("Barclays"), the Debtors have not confirmed that Barclays, rather than an under-capitalized affiliate of Barclays, will be the ultimate assignee of the Lease.  Nor have the Debtors provided for the payment of True-Up Expenses that relate to the Pre-Assignment Period but may become payable subsequently.  As a condition to assumption and assignment of the Lease, Barclays must assume sole responsibility for the payment of the True-Up Expenses, whether or not such expenses relate to the Pre-Assignment Period.

7.        The Purchase Agreement also contemplates a sublease of a portion of the leased premises back to LBHI, subject to the consent of the Landlord.  Landlord reserves its rights under the Lease with respect to such consent until after it has had an opportunity to review the proposed sublease and the terms thereof.

-3-

8.    Landlord reserves the right to amend and supplement this Protective

Response.

WHEREFORE, Landlord  respectfully requests that this Court, to the extent that it

authorizes LBHI to assume and assign the Lease to Barclays: (i) direct LBHI to reserve

at closing for the benefit of the Landlord no less than $159,266.67 to be used to pay the

amount necessary to cure existing arrearages under the Lease, without prejudice to

Landlord's right to seek additional cure amounts, as may be determined by agreement or

further order of this Court, provide adequate assurance of future performance by

confirming that Barclays and not an affiliate of Barclays will be the assignee of the

Lease and that Barclays, as assignee, shall assume sole responsibility for the payment of

all True-Up Expenses and confirm on the record that Landlord's rights under the Lease

with respect to any sublease back to LBHI are preserved; and (ii) grant Landlord such

other and further relief as may be appropriate under the circumstances.

Dated:  September 19, 2008

/s/ Gregory O. Kaden
James F. Wallack, Esq. (JW-4078)
Douglas B. Rosner, Esq. (DR-5690)*
Gregory O. Kaden, Esq. (GK-9610)*
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA  02110-3333
Tel:  (617) 482-1776
Fax:  (617) 574-4112

Counsel to 125 High Street, L.P.

* Admission Pro Hac Vice Pending.

GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110
(617) 482-1776
James F. Wallack (JW-4078)
Douglas B. Rosner (DR-5690)
Gregory O. Kaden(GK-9610)

Counsel to Interactive Data Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re:                                                       :        Chapter 11
                                                             :
LEHMAN BROTHERS HOLDINGS, INC.,              :        Case No. 08-13555 (JMP)
                                                             :
                         Debtors                   :
------------------------------------------------------------------x

## <u>CERTIFICATE OF SERVICE</u>

I, Gregory O. Kaden, hereby certify that on this 19th day of September, 2008,  I

caused to be served a copy of the ***Protective Response of 125 High Street, L.P. to***

***Debtors' Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C)***

***Approve a Break-up Fee; and (D) Approve the Sale of the Purchase Assets and the***

***Assumption and Assignment of Contracts Relating to the Purchased Assets*** on the

parties set forth on the attached Service List via electronic service.

/s/ Gregory O. Kaden
Gregory O. Kaden, Esq. (GK-9610)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA  02110-3333
Tel:  (617) 482-1776
Fax:  (617) 574-4112

Service List

| | |
|---|---|
| Harvey R. Miller, Esq.<br>Weil, Gotshal & Manges, LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>**Counsel to the Debtor** | United States Trustee Office<br>33 Whitehall Street<br>21st Floor<br>New York, NY 10004 |
| Dennis F. Dunne, Esq.<br>Luc A. Despins, Esq.<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>***Proposed Counsel to the Official Committee of Unsecured Creditors*** | Lisa M. Schweitzer, Esq.<br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, NY 1006<br>***Counsel to Barclays Capital, Inc.*** |

1861197