K&L Gates LLP
599 Lexington Avenue
New York, New York 10022-6030
Telephone: (212) 536-3900
Jeffrey N. Rich
Kristin S. Elliot

Attorneys for Structure Tone Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :    Chapter 11 Case No.
                                                             :
                                                             :    08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.*                      :
                                                             :    (Jointly Administered)
            Debtors.                                         :
                                                             :
------------------------------------------------------------ x

**LIMITED OBJECTION TO PROPOSED CURE AMOUNT AND RESPONSE OF
STRUCTURE TONE INC. TO DEBTORS' MOTION SEEKING, AMONG OTHER
THINGS, AN ORDER AUTHORIZING AND APPROVING (A) THE SALE OF
PURCHASED ASSETS FREE AND CLEAR OF LIENS AND OTHER INTERESTS
AND (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES**

TO:   HONORABLE JAMES M. PECK
      United States Bankruptcy Judge

Structure Tone, Inc. ("STI") hereby files this Limited Objection and Response to the Motion of Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("LB 745"), debtors and debtors-in-possession (collectively, the "Debtors"), seeking, among other things, an order authorizing and approving (a) the sale of certain of the Debtors' assets (the "Purchased Assets") free and clear of all liens, claims, encumbrances and interests and (b) the assumption and assignment of certain executory contracts related to the Purchased Assets (the "Sale Motion"). STI is the holder of mechanic's liens against the Debtors' interests in certain real property, including its worldwide

NY-637462 v1

headquarters in New York and its two (2) data centers in New Jersey, which are part of the Purchased Assets. STI files this Response to assert that its secured claim should attach to the proceeds of the Purchased Assets to the same extent and in the same relative order of priority as it would under applicable law. To the extent that the agreements giving rise to STI's secured claim are assumed by the Debtors and assigned to the Purchaser, STI files this as a Limited Objection and it shall constitute STI's statement of the cure amount owed to STI as of the petition date in these Chapter 11 cases. In further support, STI respectfully states as follows:

## Background

1. STI is a New York corporation with offices at 770 Broadway, New York, New York. STI is in the business of providing construction management and general contracting services.

2. On December 31, 2004, STI entered into a On-Call Construction Management Agreement (the "Master Services Agreement") with LBHI pursuant to which STI agreed to provide construction management and general contracting services to the Debtors related to the construction of various locations, including the Debtors' worldwide headquarters located at 745 Seventh Avenue, Block 1002, Lot 01, New York, New York (the "Headquarters").

3. LBHI currently owes STI approximately $656,673.00[1] under the Master Services Agreement for work on the Headquarters[2] On September 12, 2008, STI recorded a Notice of Mechanic's Lien against the Headquarters asserting a claim against the Debtors for $641,344.00 (the "Mechanic's Lien"), a copy of which is attached hereto as Exhibit A.

---

[1] This includes $15,329 for pending change orders on the Headquarters.

- 2 -

4. In addition to the Headquarters, STI performed work on the Debtors' Cranford, New Jersey data center and its Philadelphia, Pennsylvania and Houston, Texas locations under the Master Services Agreement. STI is owed approximately $59,960.00 for Cranford; $5,471.00 for Philadelphia; and $15,428.00 for Houston. As discussed below, these amounts, in addition to those owed for the Headquarters, should be included as part of the proposed cure amount for the Master Services Agreement. Thus, the total owed to STI under the Master Services Agreement is $737,262.00.

5. With respect to the Debtors' Piscataway, New Jersey data center, STI and the Debtors entered into a Work Order Agreement on June 23, 2006 (the "Data Center Construction Agreement")[3], pursuant to which STI agreed to perform the development, construction, commission and start-up of the data center, including but not limited to certain foundation, steel, interior, exterior, roofing, plumbing, electrical, HVAC, door and window work.

6. The Debtors agreed to pay STI approximately $175,832,070.00 for its work on the Piscataway data center. There is currently an outstanding balance owed to STI of approximately $5,564,190.00[4] under the Data Center Construction Agreement. On September 15, 2008, STI filed a Construction Lien Claim against the Piscataway data center asserting a claim against the Debtors for $3,977,184.00 (the "Construction Lien" and collectively with the Mechanic's Lien, the "Liens"), a copy of which is attached hereto as Exhibit B.

### Response

7. By their Sale Motion, the Debtors seek to sell the Purchased Assets free and clear of all liens, claims, encumbrances, and other interests. *Sale Motion*, ¶ 26. Included within the

---

[3] Together with the Master Services Agreement, the "STI Construction Agreements".
[4] This includes $3,977,184.00 for unpaid work; $1,467,010.00 for shared savings; $80,609.00 for unpaid "Day 2" work; and $40,000.00 for an insurance deductible.

Purchased Assets are the Debtors' Headquarters and the Piscataway data center, which are subject to STI's Liens. *Sale Motion*, ¶ 14.

8. The Sale Motion provides that any lien, claim, encumbrance, or interest in or against the Purchased Assets will be adequately protected by attachment to the net proceeds realized from the sale, subject to any claims and defenses the Debtors may possess with respect thereto. *Sale Motion*, ¶ 27.

9. STI files this Response to assert the right to have its Liens attach to the net sale proceeds to the same extent and in the same relative order of priority as they would under applicable law.

10. In addition, the Schedule of Executory Contracts (Real Estate) posted by Debtors' counsel to the Website (http://chapter11.epiqsystems.com/lehman) indicates that both of the STI Construction Agreements are proposed for assumption and assignment to the Purchaser. The stated cure amount listed, however, is $0.00 for both contracts. On the contrary, the cure amounts owed to STI is $737,262.00[5] under the Master Services Agreement and $5,564,190.00[6] under the Data Center Construction Agreement.[7] A summary of the amounts owed is attached hereto as Exhibit C. Pursuant to section 365(b) of the Bankruptcy Code, neither of the STI Construction Agreements may be assumed and assigned to the Purchaser unless the full amount of these cure obligations are paid.

---

[5] This amount includes $656,673.00 for the Headquarters; $59,960.00 for Cranford, $5,471.00 for Philadelphia; and $15,428 for Houston.
[6] This amount includes $3,977,184.00 for unpaid work; $1,467,010.00 for shared savings; $80,609.00 for unpaid "Day 2" work; and $40,000.00 for an insurance deductible.
[7] Given the urgency within which the Sale Motion and the Schedule of Executory Contracts (Real Estate) was filed, STI reserves the right to amend, supplement, and modify the proposed cure amounts for the STI Construction Agreements.

WHEREFORE, Structure Tone, Inc. hereby requests that any order entered by the Court approving the Debtors' Sale Motion (i) provide that STI's Liens shall attach to the sale proceeds in their relative order of priority, and (ii) condition the assumption and assignment of the STI Construction Agreements upon the payment of $737,262.00 under the Master Services Agreement and $5,564,190.00 under the Data Center Construction Agreement.

Dated: New York, New York
      September 19, 2008

Respectfully submitted,

K&L GATES LLP
Attorneys for Structure Tone, Inc.

By:   */s/ Jeffrey N. Rich*
     Jeffrey N. Rich
     Kristin S. Elliott

# EXHIBIT A

## NOTICE OF MECHANIC'S LIEN

To the Clerk of the County of NEW YORK and all others whom it may concern:

Please Take Notice, that *STRUCTURE TONE, INC* as lienor(s) have and claim a lien on the real property hereinafter described as follows:

*FILED
COUNTY CLERK
N.Y. COUNTY
2008 SEP 12 AM 10: 15*

(1) The names and residences of the lienor(s) are:

*STRUCTURE TONE, INC.
770 BROADWAY, 9TH FLOOR,
NEW YORK, NY 10003*

Being a corporation Duly organized under and by virtue of the laws of the State of New York Whose business address is *770 Broadway, 9th Floor, New York, NY 10003*, and whose principal place of business is at *770 Broadway, 9th Floor, New York, NY 10003*

(1 A)   The name and address of lienor's attorney, if any, *N/A*

(2)   The owner of the real property is: *YILDIZ HOLDING, A.S.*
and the interest of the Owner as far as known to the lienor is: *FEE SIMPLE*

(3)   The name of the person by whom the lienor was employed is: *LEHMAN BROTHERS HOLDINGS, INC.*
The name of the person to whom the lienor furnished or is to furnish material or for whom the lienor performed or is to perform professional services is: *LEHMAN BROTHERS HOLDINGS, INC.*
The name of the person with whom the contract was made is: *LEHMAN BROTHERS HOLDINGS, INC.*

(4)   The labor performed was: *Construction, General Contracting and Construction Management*
The material furnished was: *Interior fit out, fixtures, HVAC system*
The materials actually manufactured for but not delivered to the real property are
The agreed price and value of the labor performed and value of the material furnished is *$2,688,213.00*
The agreed price and value of the material actually mfd. for but not delivered to the real property is $
**Total agreed price and value $2,688,213.00**

**BLOCK:** 1002
**LOT:** 01

(5)   The amount unpaid to the lienor for said labor and for said material furnished is *$641,344.00*

The amount unpaid to lienor for material actually mfd. for but not delivered to the real property is $ ____
**Total amount unpaid     $ _____**
The total amount claimed for which this lien is filed is       *$641,344.00*

(6)   The time when the first item of work was performed was         *October 16, 2006*
The time when the first item of material was furnished was     *October 16, 2006*
The time when the last item of work was performed was          *September 10, 2008*
The time when the last item of material was furnished was      *September 10, 2008*

(7)   The property subject to the lien is situated in the Borough of *MANHATTAN*
and known as Number:   *745 SEVENTH AVENUE*
*BLOCK 1002; LOT 01*

That said labor and materials were performed and furnished for and used in the improvement of the real property hereinbefore described. That 8months (4 months if a single family dwelling) have not elapsed dating from the last item of work performed, or from the last items of materials furnished, or since the completion of the contract, or since the final performance of the work, or since the final furnishing of the materials for which this lien is claimed.

Dated: 9/12/08

_____
Michael P. Neary, C.O.O.

Verification

~~STATE OF NEW YORK,~~
~~——————————ss.:~~
~~COUNTY OF _____ [INDIVIDUAL OR PARTNER VERIFICATION]~~

~~_____ being duly sworn, says that deponent is (one of the co-partnership named in the within notice of lien and) the lienor(s) mentioned in the foregoing notice of lien; that deponent has read the said notice and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.~~

~~Sworn to before me on~~

~~_____~~
~~_____ Notary Public~~

STATE OF NEW YORK
COUNTY OF NEW YORK                                                  [CORPORATION VERIFICATION]

**Michael P. Neary**, says that deponent is the **Chief Operating Officer** of herein corporation, that deponent has read the foregoing notice of lien and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. The reason why this verification is made by deponent is that deponent is an officer, to wit, the **Chief ~~Executive~~ PATRICK Officer** of **Structure Tone, Inc.**, a corporation, and deponent is familiar with the facts and circumstances herein.

The sources of deponent's information and the grounds of deponent's belief as to all matters not therein stated upon deponent's knowledge are as follows: Books and records of said corporation.

_____
Michael P. Neary

State of New York
County of New York

On the 12th day of September in the year 2008 before me the undersigned a Notary Public in and for the State of New York, appeared Michael P. Neary, to me known, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed same in his/her capacity and that by his/her signature on the instrument, in individual or person upon behalf of which individual acted, executed the instrument.

_____
Notary Public
GLEN P. KENNEDY
Notary Public, State of New York
No. 01-KE4927637
Qualified in New York County
Commission Expires April 11, 20 10

Affidavit of Service of Notice of Mechanic's Lien on Owner, Agent or Attorney[1]

STATE OF    NEW YORK,
COUNTY OF   NEW YORK          ss.:

The undersigned, being duly sworn, deposes and says that deponent is over 18 years of age and

on          served the within Notice of Mechanic's Lien

on the owner herein at

❏ by delivering a true copy to said owner personally. Deponent knew the person so served to be the owner.

❏ as the owner could not be found, by delivering a true copy to the *agent attorney* of the owner.

❏ by leaving it at the last known place of residence of the owner in the city or town in which the real property or some part thereof is situated, with a person of suitable age and discretion.

❏ by depositing a true copy of same, enclosed in a *certified registered* mail, postpaid, properly addressed wrapper, in an official depository of the United States Postal Service in New York State.

❏ the owner has no last known place of residence in the city or town in which the real property or some part thereof is situated, or the owner could not be found, and has no agent or attorney, by affixing a true copy thereof conspicuously on such property, at         m. (between the hours of nine o'clock in the forenoon and four o'clock in the afternoon).

❏ as the owner is a corporation, by personally delivering a true copy and leaving it with the *president vice-president secretary clerk cashier treasurer director managing agent* of the corporation.

❏ as the owner is a corporation, and no officer of the corporation could be found within the state, by affixing a true copy conspicuously on such property at m. (between the hours of nine o'clock in the forenoon and four o'clock in the afternoon).

❏ as the owner is a corporation, by depositing a true copy of same, enclosed in a *certified registered* mail, postpaid, properly addressed wrapper, in an official depository of the United States Postal Service in New York State.

Sworn to before me on

_____
Notary Public

AFFIDAVIT OF SERVICE BY CERTIFIED MAIL·

STATE OF NEW YORK,

COUNTY OF

The undersign, being duly sworn, deposes and says that deponent is over 18 years of age and

On                                              the undersigned served the within Notice of Lien on

the    *contractor*    *subcontractor*    *assignee*    *legal representative*

by depositing a true copy of same, enclosed in a certified mail, postpaid, properly addressed wrapper, in an official depository of the United States Postal Service in New York State.

Sworn to before me on

_____
Notary Public

# **EXHIBIT B**

# CONSTRUCTION LIEN CLAIM

**TO THE CLERK, COUNTY OF MIDDLESEX:**



2008 SEP 15 PM 1:43

In accordance with the terms and provision of the AConstruction Lien Law@, P.L., 1993, c. 318 (C.2A:44A-1 et seq.), notice is hereby given that:

1. Structure-Tone, Inc., 770 Broadway, New York, NY 10003, has on September 15, 2008, claimed a construction lien against the below stated real property of **Corporate Park Associates, L.P.**, as Owner, in the amount of **$3,977,184.00** for the value of the work, services, material or equipment provided in accordance with a written contract with Lehman Brothers Holdings, Inc., 745 Seventh Avenue, New York, New York, which required Structure-Tone, Inc. to perform the following work, services, materials or equipment:

   a. Development, construction, commissioning and start-up of a state-of-the-art data center facility, including, but not limited to certain foundation, steel, interior, exterior, roofing, plumbing, electrical, HVAC, door and window work.

2. The amount due for work, services, materials or equipment delivery provided by claimant in connection with the improvement of the real property, and upon which this lien claim is based, is as follows:

| | |
|---|---|
| Total Contract amount: | $146,813,631 |
| Amendments to Contract: | $ 29,018,439 |
| **Total Contract Amount and Amendments to Contract:** | **$175,832,070** |
| Less:  Agreed Upon Credits: | $        0.00 |
| Contract Amount Paid to Date: | $171,854,886 |
| Amendments to Contract Paid to Date: | $        n/a |
| Balance of Work to be Completed: | $        n/a |
| **Total Reductions from Contract Balance Owed:** | **$171,854,886** |
| **TOTAL LIEN CLAIM AMOUNT:** | **$  3,977,184.00** |

3. This construction lien is against the interests of Corporate Park Associates, L.P., as Owner, in that tract or parcels of land and premises known as **30 and 40 Corporate Place South, Tax Block 497.1, Lot 9.14, Township of Piscataway, New Jersey,** for the improvement of which property the aforementioned work, services, materials or equipment was provided.

4. The work, services, materials or equipment was provided pursuant to the terms of a written contract (or, in the case of a supplier, a delivery or order slip signed by the owner, contractor, or subcontractor having a direct contractual relation with a contractor, or an authorized agent of any of them) dated June 23, 2006, by and between Structure-Tone, Inc., and Lehman Brothers Holdings, Inc.

5. The date of the provision of the last work, services, material or equipment for which payment is claimed is **September 13, 2008.**

## NOTICE TO OWNER OF REAL PROPERTY

Your real estate may be subject to sale to satisfy the amount asserted by this claim. However, your real estate cannot be sold until the facts and issues which form the basis of this claim are decided in a legal proceeding before a court of law. The lien claimant is required by law to commence suit to enforce this claim.

The claimant filing this lien shall forfeit all rights to enforce the lien and shall be required to discharge the lien of record, if the claimant fails to bring an action in the Superior Court, in the county in which the real property is situated, to establish the lien claim:

    1.    Within one year of the date of the last provision of work, services, material or equipment, payment for which the lien claim was filed; or

    2.    Within 30 days following the receipt of written notice, by personal service or certified mail, return receipt requested, from the owner requiring the claimant to commence an action to establish the lien claim.

You will be given proper notice of the proceeding and an opportunity to challenge this claim and set forth your position. If, after you (and/or your contractor or subcontractor) have had the opportunity to challenge this lien claim, the court of law enters a judgment against you and in favor of the claimant filing this lien claim, and thereafter you fail to pay that judgment, your real estate may then be sold to satisfy the judgment.

You may choose to avoid subjecting your real estate to sale by doing either of the following:

    1.    You (or your contractor or subcontractor) can pay the claimant and obtain a discharge of lien claim from the claimant; or

    2.    You (or your contractor or subcontractor) can cause the lien claim to be discharged by filing a surety bond or making a deposit of funds as provided for in section 31 of P.L.1993, c.318 (C.2A:44A-31).

If you (or your contractor or subcontractor) choose to pay the claimant under 1. above, you will lose your right to challenge this lien claim in a legal proceeding before a court of law.

If you (or your contractor or subcontractor) choose to discharge the lien claim by filing a surety bond or making a deposit of funds as provided in Section 31 of P.L. 1993, c.318 (C.2A:44A-31), you will retain your right to challenge this lien claim in a legal proceeding before a court of law.

### NOTICE TO SUBCONTRACTOR OR CONTRACTOR:

This lien has been filed with the county clerk and served upon the owner of the real estate. This lien places the owner on notice that the real estate may be sold to satisfy this claim unless the owner pays the claimed sum to this claimant.

Dated: September 15, 2008

STRUCTURE TONE, INC.

By: _____
Print Name & Title: John T. White, Jr. Senior Vice President

## CLAIMANT=S REPRESENTATION AND VERIFICATION

Claimant represents and verifies that:

1. The amount claimed herein is due and owing at the date of filing, pursuant to claimant=s contract described in the construction lien claim.

2. The work, services, material or equipment for which this lien claim is filed was provided exclusively in connection with the improvement of the real property which is the subject of this claim.

3. This claim has been filed within 90 days from the last date upon which the work, services, materials or equipment for which payment is claimed was provided.

4. The foregoing statements made by me are true, to the best of my knowledge. I am aware that if any of the foregoing statements made by me are false, this construction lien claim will be void and that I will be liable for damages to the owner or any other person injured as a consequence of the filing of this lien claim.

Dated: September 15, 2008

STRUCTURE-TONE, INC.
By: _____
Print Name & Title: John T. White, Jr. Senior Vice President

Sworn to before me this
15th day of September, 2008

_____
Notary Public

BARBARA A. MARINO
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES DEC. 11, 2010

## ACKNOWLEDGMENT

STATE OF NEW JERSEY    )
                      )ss.:
COUNTY OF BERGEN      )

On the 15th day of September, 2008, before the undersigned, a Notary Public in and for said State, personally appeared *H. White*, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

BARBARA A. MARINO
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES DEC. 11, 2011

# **EXHIBIT C**

STRUCTRURE TONE
SUMMARY OF OPEN LEHMAN BROTHERS PROJECTS

| Co | Div | BU | Job # | Description | A<br>Approved<br>Contract<br>Value | B<br>Pending<br>CO's | C=(A+B)<br>Total | REVENUE<br>D<br>Gross<br>Billed | E<br>Retention | F=(D-E)<br>Net<br>Billed | G<br>Collected | H=(F-G)<br>Account<br>Receivable | I=(B-F)<br>Unbilled<br>(incl Retention &<br>Pending CO's) | J=(C-G)<br>Uncollected<br>(incl Retention &<br>Pending CO's) | Collected Since<br>6/17/08<br>(90 Days) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | 1 | New York | 70921 | 31st Fl Exec Office, 745 7th Avenue, NY | 462,401 | | 462,401 | 462,401 | 0 | 462,401 | 462,401 | 0 | 0 | 0 | 462,401 |
| 10 | 1 | New York | 18043 | 745 7th Avenue, NY | 216,768 | | 216,768 | 216,768 | 0 | 216,768 | 216,768 | 0 | 0 | 0 | |
| 10 | 1 | New York | 70052 | 6th Fl Trading Desk, 745 7th Avenue, NY | 278,148 | | 278,148 | 278,148 | 0 | 278,148 | 278,148 | 0 | 0 | 0 | 5,636 |
| 10 | 1 | New York | 70133 | 5th Fl, 745 7th Avenue, NY | 122,954 | | 122,954 | 122,954 | 0 | 122,954 | 122,954 | 0 | 0 | 0 | 5,936 |
| 10 | 1 | New York | 18185 | Maintenance, 745 7th Avenue, NY | 1,951,653 | | 1,951,653 | 1,951,653 | 0 | 1,951,653 | 1,941,577 | 10,076 | 0 | 10,076 | 47,070 |
| 10 | 1 | New York | 70794 | 8th Fl, 745 7th Avenue, NY | 222,606 | | 222,606 | 222,606 | 0 | 222,606 | 222,606 | 0 | 0 | 0 | 9,900 |
| 10 | 1 | New York | 17592 | Piscataway NJ Data Center | 175,832,070 | 2,024,936 | 177,857,006 | 175,832,070 | 0 | 175,832,070 | 172,373,425 | 3,458,645 | 2,024,936 | 5,483,581 | 6,406,662 |
| 10 | 1 | New York | 70922 | Misc., 745 7th Avenue, NY | 1,108,415 | | 1,108,415 | 1,108,415 | 0 | 1,108,415 | 461,818 | 646,597 | 0 | 646,597 | 201,992 |
| 10 | 2 | Boston | 80108 | Garthmore Expansion, Boston, MA | 121,084 | | 121,084 | 121,084 | 0 | 121,084 | 121,084 | 0 | 0 | 0 | 121,084 |
| 10 | 5 | Lyndhurst | 70942 | Phase II, Cranford NJ Data Center | 5,393,153 | | 5,393,153 | 5,393,153 | 0 | 5,393,153 | 5,393,153 | 0 | 0 | 0 | |
| 10 | 5 | Lyndhurst | 80321 | Day 2, Cranford NJ Data Center | 42,538 | | 42,538 | 42,538 | 0 | 42,538 | 0 | 42,538 | 0 | 42,538 | |
| 10 | 5 | Lyndhurst | 80749 | Day 2, Cranford NJ Data Center | 17,152 | | 17,152 | 17,152 | 0 | 17,152 | 0 | 17,152 | 0 | 17,152 | |
| 10 | 5 | Lyndhurst | 80685 | Audio Visual, Piscataway NJ | 80,609 | | 80,609 | 80,609 | 0 | 80,609 | 0 | 80,609 | 0 | 80,609 | |
| 10 | 15 | Hamilton | 80622 | Signage Removal, Philadelphia PA | 1,381 | | 1,381 | 1,381 | 0 | 1,381 | 1,381 | 0 | 0 | 0 | |
| 10 | 15 | Hamilton | 80796 | Carpet Install, Philadelphia PA | 5,471 | | 5,471 | | | | 0 | 0 | 5,471 | 5,471 | 1,381 |
| 10 | 15 | Hamilton | 80398 | Wilmington, DE | 31,637 | | 31,637 | 31,637 | 0 | 31,637 | 31,637 | 0 | 0 | 0 | |
| 10 | 15 | Hamilton | 80622 | Signage Removal, Philadelphia PA | 1,381 | | 1,381 | 1,381 | 0 | 1,381 | 1,381 | 0 | 0 | 0 | |
| 40 | 1 | Stamford | 70075 | Day 2, Greenwich CT | 5,006 | | 5,006 | 5,006 | 0 | 5,006 | 5,006 | 0 | 0 | 0 | |
| 20 | 3 | Houston | 80038 | 4700 Sam Houston Pkwy, Houston TX | 15,428 | | 15,428 | 9,654 | 0 | 9,654 | 0 | 9,654 | 5,774 | 15,428 | |
| | | | | | 185,909,855 | 2,024,936 | 187,934,791 | 185,898,610 | 0 | 185,898,610 | 181,633,339 | 4,265,271 | 2,036,181 | 6,301,452 | 7,262,062 |

Summary

| | Uncollected |
|---|---|
| Piscataway | 5,564,190 |
| New York | 656,673 |
| Cranford | 59,590 |
| Boston | 0 |
| Philly/DE | 5,471 |
| Houston | 15,428 |
| Stamford | 0 |
| | 6,301,452 |

| | |
|---|---|
| Piscataway DC | 5,564,190 |
| All Others | 737,262 |
| | 6,301,452 |
| Piscataway Pending CO's: | 1,467,010 |
| Shared Savings | 557,926 |
| Insurance Claim | |
| | 2,024,936 |