DIAMOND McCARTHY LLP
620 Eighth Avenue, 39th Floor
New York, New York 10018
Telephone: (212) 430-5400
Facsimile: (212) 430-5499
Howard D. Ressler
Maria M. Patterson

*Attorneys for DCI Umbrella Fund PLC,*
*an Umbrella Fund with Segregated Liability Sub-Funds,*
*on Behalf of Diversified Credit Investments Fund One*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | Case No. 08-13555(JMP) |
| | : | (Jointly Administered) |
| Debtors. | | |

------------------------------------------------------x

**LIMITED OBJECTION OF DCI UMBRELLA FUND PLC, AN UMBRELLA
FUND WITH SEGREGATED LIABILITY SUB-FUNDS, ON BEHALF OF
DIVERSIFIED CREDIT INVESTMENTS FUND ONE TO DEBTORS' MOTION
TO (A) SCHEDULE A SALE HEARING;(B) ESTABLISH SALES
PROCEDURES; (C) APPROVE A BREAK-UP FEE; AND (D) APPROVE THE
SALE OF THE PURCHASED ASSETS AND THE ASSUMPTION AND
ASSIGNMENT OF CONTRACTS RELATING TO THE PURCHASED ASSETS**

DCI Umbrella Fund PLC, an umbrella fund with segregated liability sub-funds,

on behalf of Diversified Credit Investments Fund One (hereinafter "DCI Umbrella"),

submits this limited objection to the Debtors' Motion to (A) Schedule a Sale Hearing; (B)

Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of

the Purchased Assets and the Assumption and Assignment of Contracts Relating to the

Purchased Assets [D.I. #60] (hereinafter the "Sale Motion") and in support thereof states as follows:

## INTRODUCTION

1. On September 15, 2008, (the "Petition Date"), Lehman Brothers Holdings Inc, ("LBHI") commenced a chapter 11 case in the United States Bankruptcy Court for the Southern District of New York by the filing of a voluntary petition.

2. On September 16, 2008, LB 745 LLC ("LB 745") commenced a chapter 11 case in the United States Bankruptcy Court for the Southern District of New York by the filing of a voluntary petition.

3. The chapter 11 cases of LBHI and LB 745 (collectively, the "Debtors") are being jointly administered.

4. On September 17, 2008, the Debtors filed the Sale Motion.

## BACKGROUND

5. DCI Umbrella and Lehman Brothers International (Europe) ("LBIE") are parties to a certain 1992 ISDA Master Agreement dated July 8, 2005 (as amended, modified or supplemented together with all schedules and exhibits, including the Credit Support Annex, and all confirmations therewith (collectively, the "Agreement"). LBIE is a non-debtor affiliate of LBHI which, upon information and belief, is currently the subject of a U.K. Administration Proceeding.

6. Pursuant to the Agreement, DCI Umbrella pledged certain collateral (the "Collateral") with LBIE.

7. On September 15, 2008, an event of default occurred under the terms of the Agreement.

2

8. On September 15, 2008, DCI Umbrella delivered written Notice of Termination to LBIE designating September 15, 2008 as the Early Termination Date (as that term is defined in the Agreement) for all transactions under the Agreement and demanding immediate delivery of the Collateral, as expressly required under the terms of the Agreement.

9. On September 17, 2008, DCI Umbrella delivered a written notice requiring Return of Posted Collateral and Interest Amount demanding immediate return of the Collateral as expressly required under the terms of the Agreement (attached as Exhibit A, which includes identification of the Collateral).

10. Moreover, DCI Umbrella is the sole owner of the Collateral.

11. As of this date, LBIE has not delivered the Collateral.

## THE SALE MOTION

12. Pursuant to the Sale Motion, the Debtors and an affiliate, Lehman Brothers Inc. ("LBI"), propose to sell certain "Purchased Assets" to Barclays Capital Inc. ("Barclays") for $1.7 billion in cash plus the assumption of certain obligations and expenses.

13. Under the Asset Purchase Agreement between the Debtors and LBI, as sellers, and Barclays, as purchaser (the "APA"), "Purchased Assets" and "Excluded Assets" are defined terms.

14. However, after reviewing these definitions, DCI Umbrella is unable to determine with any degree of certainty whether its Collateral is included or excluded from the proposed sale.

15. For the foregoing reasons, DCI Umbrella is constrained to submit this Limited Objection to the Sale Motion.

## ARGUMENT

16. The Bankruptcy Court's exclusive jurisdiction over a debtor and its property does not extend to "a solvent independent subsidiary of the debtor merely because its stock is held by the debtor." *In re Beck Industries*, 479 F.2d 410, 415 (2d Cir.), cert. denied, 414 U.S. 858 (1973). Consequently, the Court does not have jurisdiction over the Collateral and it cannot be included in the proposed sale.

17. Further, the ownership by the parent of its subsidiary's stock does not result in the assets of the subsidiary becoming property of the parent's estate. *In re Mego International, Inc.* 30 B.R. 479, 481 (S.D.N.Y.); *In re Insilco Technologies, Inc.*, 351 B.R. 313, 321 (Bankr. D. Del. 2006).

18. Moreover, as the Collateral is not property of the Debtors or its subsidiaries, it cannot be included in the proposed sale.

## CONCLUSION

WHEREFORE, for the reasons stated above, DCI Umbrella submits this Limited Objection to the Sale Motion and respectfully requests that the Court carve out DCI's Umbrella's Collateral from any sale approval order and grant such other and further relief as deemed just and proper.

Dated: September 19, 2008
   New York, New York

*Howard D. Ressler*
Howard D. Ressler
Maria M. Patterson
DIAMOND McCARTHY LLP
620 Eighth Avenue, 39th Floor
New York, New York 10018
Telephone: (212) 430-5400
Facsimile:  (212) 430-5499

Attorneys for DCI Umbrella Fund PLC, an umbrella fund with segregated liability sub-funds, on behalf of Diversified Credit Investments Fund One