MUNSCH HARDT KOPF & HARR, P.C.
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Russell L. Munsch (*pro hac vice* application to be filed)
Kevin M. Lippman (*pro hac vice* application to be filed)
Raymond J. Urbanik (admitted)

ATTORNEYS FOR AD HOC COMMITTEE OF BONDHOLDERS

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
In re:                                                :    Chapter 11
                                                      :
LEHMAN BROTHERS HOLDINGS                              :    Case No 08-13555 (JMP)
Inc., *et al.*,                                       :
                                                      :    Jointly Administered
        Debtors.                                      :
------------------------------------------------------X

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF AD
HOC COMMITTEE OF BONDHOLDERS TO DEBTORS' MOTION
TO (A) SCHEDULE A SALE HEARING; (B) ESTABLISH SALES
PROCEDURES; (C) APPROVE A BREAK-UP FEE; AND (D) APPROVE
THE SALE OF THE PURCHASE ASSETS AND THE ASSUMPTION AND
ASSIGNMENT OF CONTRACTS RELATING TO THE PURCHASED ASSETS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

      The Ad Hoc Committee of bondholders (the "Ad Hoc Committee") of the Main Street Natural Gas, Inc. Gas Project Revenue Bonds, Series 2008A (56036YED, 56036YEE, 56036YEF, 56036YEG, 56036YEH) (the "Bonds"),[1] hereby asserts this limited objection and reservation of rights to the Debtors' Motion to (A) Schedule a Sale Hearing; (B) Establish Sales

---

[1] The Ad Hoc Committee consists of the following bondholders (who collectively hold in excess of 33% of the outstanding principal amount of the Bonds): Capital Research and Management Company; Franklin Federal Intermediate-Term Tax-Free Income Fund, Franklin Federal Tax-Free Income Fund, Franklin Georgia Tax-Free Income Fund, Franklin High Yield Tax-Fee Income Fund; Fundamental Advisors, LP; Oppenheimer Funds, Inc.; Independence Holding Co.; The Vanguard Group, Inc., and Allstate Insurance Company.

Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets (the "<u>Sale Motion</u>"), respectfully stating as follows:

1. The members of the Ad Hoc Committee are holders of the Bonds, which were issued pursuant to the Trustee Indenture dated April 1, 2008, between Main Street Natural Gas, Inc., a Georgia non-profit corporation ("<u>Main Street</u>"), and The Bank of New York Trust Company, N.A., as Trustee. The proceeds of the Bonds were used to finance Main Street's prepayment of the purchase price of a thirty year supply of natural gas from Lehman Brothers Commodity Services, Inc. ("<u>Lehman Commodity</u>"), a non-debtor subsidiary of Lehman Brothers Holdings, Inc. ("<u>LBHI</u>"), under an Agreement for Purchase and Sale of Natural Gas (the "<u>Purchase Agreement</u>"), dated April 1, 2008, by and between Main Street and Lehman Commodity.

2. Main Street is sponsored by and created on behalf of the Municipal Gas Authority of Georgia, a public body and instrumentality of the State of Georgia. It was formed to acquire, finance and manage supplies of natural gas for sale to municipal and other governmental entities that are customers of Main Street.

3. Lehman Commodity's obligations under the Purchase Agreement are guaranteed by LBHI pursuant to a Guaranty dated April 1, 2008.

4. A review of the Asset Purchase Agreement ("<u>APA</u>") attached to the Sale Motion fails to adequately indentify whether the assets of Lehman Commodity are included or implicated in the assets being sold to Barclays Capital, Inc. ("<u>Barclays</u>"). A clear understanding of what assets are included is imperative so that the Ad Hoc Committee can evaluate the impact

the sale may have on Lehman Commodity's ability to satisfy its obligations under the Purchase Agreement.

5. Section 2.1 of the APA states that Barclays is purchasing from the Debtors all of the Debtors' right, title and interest in, to and under the "Purchased Assets" free and clear of all liens. "Purchased Assets" is defined in the APA to mean "all of the assets of [LBHI] <u>and its Subsidiaries</u> used in connection with the Business (excluding the Excluded Assets), including . . . (h) Purchased Contracts . . . ." *See* APA, Section 1.1 (emphasis added). The term "Business" is defined in the APA to mean "the U.S. and Canadian investment banking and capital markets businesses of Seller including the fixed income and equities cash trading, brokerage, dealing, trading and advisory businesses, investment banking operations and [Lehman Brothers Inc.] business as a futures commission merchant." *See* Id.

6. The foregoing vague and broadly defined terms suggest that the assets of Lehman Commodity may be included in the assets being sold to Barclays. To the extent Lehman Commodity's assets are included in the sale, as a non-debtor affiliate such assets may not be sold free and clear of interests in such property under section 363(f) of the Bankruptcy Code. Only property of the Debtors' estates may be sold free and clear of interests, which would only include the equity interest of LBHI, if any, in Lehman Commodity.

7. As noted above, the term "Purchased Assets" includes the defined term "Purchased Contracts." This term is defined in the APA to mean "all Contracts designated as Purchased Contracts pursuant to Section 2.5." The term "Contract" is defined to mean "any contract, indenture, note, bond, lease or other agreement." Based on the forgoing definitions, it is possible that the Purchase Agreement may be one of the contracts to be assumed and assigned to Barclays. The Purchase Agreement, however, prohibits Lehman Commodity from assigning

its rights under the Purchase Agreement without the express written consent of Main Street. *See* Purchase Agreement, ¶ 13. Such written consent, to the best of the Ad Hoc Committee's knowledge, has not been provided. This Court cannot, pursuant to section 365 of the Bankruptcy Code, eviscerate an assignment restriction contained in a contract with a non-debtor affiliate.

8. The Ad Hoc Committee reserves its right to supplement this limited objection, whether in writing or at the sale hearing, as appropriate.

WHEREFORE, the Ad Hoc Committee respectfully objects to the relief requested in the Sale Motion to the extent such relief implicates the assets of Lehman Commodity and requests that the Court grant the Ad Hoc Committee such other and further relief as is just and equitable.

Dated: September 19, 2008

        MUNSCH HARDT KOPF & HARR, P.C.
        3800 Lincoln Plaza
        500 North Akard Street
        Dallas, Texas 75201-6659
        Telephone: (214) 855-7500
        Facsimile: (214) 855-7584

        By: /s/ Kevin M. Lippman
        Russell L. Munsch (*pro hac vice* application to be filed)
        Kevin M. Lippman (*pro hac vice* application to be filed)
        Raymond J. Urbanik (admitted)[2]
        NY Bar RU 1842
        TX Bar 20414050

        ATTORNEYS FOR AD HOC COMMITTEE
        OF BONDHOLDERS

---

[2] Licensed to practice and admitted to the State of New York and Southern District of New York.

# CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September, 2008, I served a copy of the foregoing Limited Objection and Reservation of Rights of Ad Hoc Committee of Bondholders by either e-mail or facsimile transmission, as indicated, to the following parties:

Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
E-mail:  harvey.miller@weil.com
E-mail:  jacqueline.marcus@weil.com
E-mail:  shai.waisman@weil.com

Milbank Tweed Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
E-mail:  ddunne@milbank.com
E-mail:  ldespins@milbank.com
E-mail:  wfoster@milbank.com

Brian Shoichi Masumoto
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004
Fax:  (212) 668-2255

    /s/ Kevin M. Lippman
Kevin M. Lippman