**Objection Deadline: September 19, 2008**

**LATHAM & WATKINS LLP**
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, Illinois 60606-6401
(312) 876-7700
David S. Heller
J. Douglas Bacon
Email:  david.heller@lw.com
         douglas.bacon@lw.com

-and-

**LATHAM & WATKINS LLP**
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200
Mitchell Seider (MS-4319273)
Keith A. Simon
Email: Mitchell.Seider@lw.com
        Keith.Simon@lw.com

Attorneys for Fannie Mae

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | ) ) ) | Case No. 08-13555 (JMP) |
| Debtors. | ) ) ) | Jointly Administered |

**FANNIE MAE'S LIMITED OBJECTION TO DEBTORS'
MOTION TO (A) SCHEDULE A SALE HEARING; (B) ESTABLISH SALES
PROCEDURES; (C) APPROVE A BREAK-UP FEE; AND (D) APPROVE THE SALE OF
THE PURCHASED ASSETS AND THE ASSUMPTION AND ASSIGNMENT OF
CONTRACTS RELATING TO THE PURCHASED ASSETS [D.I. # 60]**

Fannie Mae hereby objects to the Debtors' Motion to (A) Schedule a Sale

Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the

Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the

NY\1453631.3

Purchased Assets [D.I. # 60] (hereinafter the "Sale Motion")[1] and in support thereof states as follows:

1. On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. (the "Debtor") filed for bankruptcy protection with the United States Bankruptcy Court for the Southern District of New York pursuant to Chapter 11 of Title 11 of the United States Code. On September 17, 2008, the Debtor filed the Sale Motion, with the hearing on the Sale Motion being scheduled for September 19, 2008.

2. Fannie Mae and Lehman Brothers Holdings, Inc. are party to, among other things, that certain Mortgage Selling and Servicing Contract dated as of September 15, 1994, as well as various master agreements related thereto of various dates (collectively, as amended, the "MSSC"). As of the date hereof, the Debtor owed Fannie Mae very substantial sums under the MSSC, which amounts change on nearly a daily basis.

3. On September 18, 2008, undersigned counsel contacted counsel for the Debtor in writing to inquire whether any contracts with Fannie Mae were going to be assumed and assigned as part of the Sale Motion. Counsel for the Debtor responded that such information would be posted on the website of the Debtor's claims and noticing agent.

4. At 1:07 a.m. Eastern time on September 19, 2008, the Debtor posted the list of potentially assumed contracts on the website. With respect to Fannie Mae, the posting lists a "Master Agreement" with "Fannie Mae Housing Finance Institute". The posting provides a cure amount of $0.00

---

[1] Capitalized terms used, but not defined, herein are as set forth in the Sale Motion. Fannie Mae joins the other objections filed to the Sale Motion.

5.      Fannie Mae is uncertain what contract the Debtor is referring to as the "Master Agreement". Fannie Mae objects to the lack of adequate notice, the ambiguity with which the Debtor has identified the "Master Agreement" to be assumed, and, subject to obtaining additional information, to the Cure Amounts asserted by the Debtor in the Cure Notice at $0.00.

6.      Fannie Mae understands and appreciates the underlying circumstances of this case and the business urgencies involved. However, Fannie Mae does not believe it has been provided with reasonable notice or due process. The Debtor should identify with specificity any and all agreements with Fannie Mae that are the subject of the Sale Motion and that are sought to be assumed and assigned to Purchaser. Fannie Mae also requests a reasonable opportunity to determine and establish the amount of its cure claims and whether Purchaser has provided adequate assurance of future performance under section 365 of the Bankruptcy Code.

7.      Accordingly, pursuant to paragraph 12(c) of the Procedures Order, Fannie Mae (i) objects to the Cure Notice, (ii) requests that the Court direct the Debtor to identify all contracts with Fannie Mae proposed to be included in the Closing Date Contracts with greater specificity, and (iii) requests that the Court direct the Debtor and the Purchaser, jointly and severally, as a condition to assumption and assignment of such contracts under section 365(b)(1) of the Bankruptcy Code, to pay Fannie Mae the cure amounts as determined by this Court after reasonable notice and hearing.

8.      Fannie Mae expressly reserves its rights to amend or supplement this Objection, to introduce evidence supporting this Objection, and be heard, at the hearing with respect to the

Sale Motion, and to file additional and supplemental objections, including, without limitation, with respect to any cure amounts required under section 365 of the Bankruptcy Code.

WHEREFORE, for the reasons stated in this Objection, Fannie Mae objects to the Sale Motion as provided herein and requests that this Court grant Fannie Mae such other and further relief as this Court may deem just and proper.

Dated: September 19, 2008
New York, NY

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: /s/ David S. Heller
   David S. Heller
   J. Douglas Bacon
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, Illinois 60606-6401
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

   -and-

By: /s/ Mitchell Seider
   Mitchell Seider (MS-4319273)
   Keith A. Simon
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Counsel for Fannie Mae