Vincent A. D'Agostino
Eric H. Horn
**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
Tel:  (212) 262-6700
Fax:  (212) 262-7402

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
Tel:  (973) 597-2500
Fax:  (973) 597-2400

*Attorneys for Avaya Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 Case No. |
| | § | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | § | 08-13555 (JMP) |
| | § | |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

### OBJECTION OF AVAYA INC. TO DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT OF, AND AMOUNTS NECESSARY TO CURE DEFAULTS UNDER CONTRACTS AND LEASES TO BE ASSUMED AND ASSIGNED TO SUCCESSFUL PURCHASER

Avaya Inc. ("Avaya"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the Debtors' Notice of Assumption and Assignment of, and Amounts Necessary to Cure Defaults Under Contracts and Leases to be Assumed and Assigned to Successful Purchaser (the "Notice"), and respectfully states as follows:

### BACKGROUND

1.    On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc., along with certain affiliated entities (collectively, the "Debtors"), filed voluntary petitions

for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in

the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy

Court" or the "Court").

2.       The Debtors are operating their businesses and managing their properties

as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

3.       Avaya provides telecommunications equipment and related services to the

Debtors pursuant to certain contracts and/or agreements with the Debtors.

4.       On September 18, 2008, the Debtors filed the Notice (Docket No. 107).

The Notice lists Avaya as follows:

| Vendor Name | Type II | Vendor Contact Name | Vendor Contact Address | Lehman Entity |
|---|---|---|---|---|
| Avaya Inc. | Master Agreement | N/A | 135 Technology Drive, Delware [sic] | LBI |
| Avaya Inc. | Maintenance Renewal Quote | N/A | 211 Mount Airy Road, Basking Ridge, NJ 07920 | N/A |
| Avaya Inc. | Maintenance Renewal Quote | N/A | 211 Mount Airy Road, Basking Ridge, NJ 07920 | N/A |

5.       Additionally, the Debtors set the proposed cure amount at zero ($0.00).

## OBJECTION

6.       Avaya objects to the proposed cure amount of $0.00 listed for Avaya on

the basis that such proposed cure amount does not comport with the amounts reflected on

Avaya's books and records.  Indeed, Avaya's books and records evidence the appropriate cure amount to be **$770,960.61**.[1]

7.    The Debtors must satisfy the applicable provisions of 11 U.S.C. § 365 in order to assume/assign their contracts with Avaya.

8.    11 U.S.C. § 365, which addresses the assumption of executory contracts and unexpired leases, states, in relevant part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease,  the trustee
>
> > (A)    cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;
> >
> > (B)    compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> >
> > (C)    provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365 (b)(1).

9.    As such, before approval of the assumption/assignment of their contacts with Avaya, the Debtors are required to cure their defaults with Avaya pursuant to Bankruptcy Code § 365.

10.    Additionally, pursuant to Bankruptcy Code § 365(b)(1)(C), the

---

[1]  Avaya reserves any and all rights, including, but not limited to, the right to amend the cure amounts set forth in this Objection to include any additional amounts.  The contracts / agreements supporting the cure amount are proprietary and will be provided to the Debtors upon appropriate request.

Debtors/purchaser are also required to provide Avaya with adequate assurance of future performance.

11.    Accordingly, Avaya requests that the Debtors adjust their books and records to reflect the appropriate cure amounts owing to Avaya and that the Debtors comply with the statutory requirements set forth in § 365 of the Bankruptcy Code.

**WHEREFORE**, Avaya respectfully requests that the Court (i) set the cure amount at $770,960.61, (ii) require the Debtors to cure all defaults under their contracts with Avaya, (iii) require the Debtors/purchaser to provide Avaya with adequate assurance of future performance, and (iv) grant such other and further relief as this Court deems just and proper.

Dated:  New York, New York
         September 19, 2008

Respectfully submitted,

**LOWENSTEIN SANDLER, PC**

By:  _/s/ Eric H. Horn_____
Vincent A. D'Agostino
Eric H. Horn
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
Tel:  (212) 262-6700
Fax:  (212) 262-7402

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
Tel:  (973) 597-2500
Fax:  (973) 597-2400

*Attorneys for Avaya Inc.*