Objection Deadline: September 19, 2008 at 4:00 p.m.

Shelley C. Chapman
Thomas H. Golden
Shaunna D. Jones
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
Attorneys for Bloomberg L.P.,
Bloomberg Finance L.P. and their Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al. | ) Case No. 08-13555 (JPM) |
| Debtors. | ) (Jointly Administered) |

**LIMITED OBJECTION OF BLOOMBERG L.P. AND
BLOOMBERG FINANCE L.P. TO THE DEBTORS'
MOTION TO: (A) SCHEDULE A SALE HEARING; (B) ESTABLISH SALES
PROCEDURES; (C) APPROVE A BREAK-UP FEE; AND (D) APPROVE
THE SALE OF THE PURCHASED ASSETS AND THE ASSUMPTION AND
ASSIGNMENT OF CONTRACTS RELATING TO THE PURCHASED ASSETS**

Bloomberg L.P., Bloomberg Finance L.P. and their affiliates (collectively, "Bloomberg") hereby submit this limited objection (the "Limited Objection") with respect to the Debtors' Motion To: (A) Schedule a Sale Hearing; (B) Establish Sale Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets [Docket No. 60] (the "Sale Motion").[1] In support of its Limited Objection, Bloomberg respectfully states as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

4473757.7

1.  Bloomberg offers the BLOOMBERG PROFESSIONAL service, associated products and services, data products, order management systems, electronic trading and other products and services to customers in the United States, Canada and worldwide (collectively, the "Bloomberg Products").[2] Bloomberg is party to various executory contracts (collectively, the "Bloomberg Contracts") to provide the Bloomberg Products to Lehman Brothers Inc. ("LBI") and its affiliates (collectively with LBI, "Lehman"). Bloomberg's revenue derived from the Bloomberg Contracts exceeds $80 million per year.

2.  Bloomberg has multiple Bloomberg Contracts with LBI that collectively govern: (a) approximately 4,100 BLOOMBERG PROFESSIONAL service subscriptions and products and services provided in connection with these subscriptions; and (b) Lehman's use of other Bloomberg Products. In addition, certain other Lehman entities have entered into Bloomberg Contracts, pursuant to which Bloomberg provides such entities with approximately 1,100 BLOOMBERG PROFESSIONAL service subscriptions. Early this morning, the Debtors and LBI provided a list of executory contracts that they propose to assume and assign in connection with the Sale (the "Cure Schedule"). "Bloomberg," "Bloomberg L.P." and "Bloomberg Tradebook Options" were listed on the Cure Schedule, indicating that at least some of the Bloomberg Contracts will be assumed and assigned in connection with the Sale. The Debtors have attributed no Cure Amount and a negative Cure Amount with respect to agreements with "Bloomberg" and Bloomberg L.P., respectively, presumably indicating that the Debtors believe that they owe "Bloomberg" no money under any of the Bloomberg Contracts and Bloomberg L.P. owes the Debtors money under certain of them.

---

[2]  The Bloomberg Products are provided by: (i) Bloomberg Finance L.P.; (ii) Bloomberg L.P.; (iii) Bloomberg Data Services (India) Pvt. Ltd.; (iv) Bloomberg Korea Ltd.; (v) Bloomberg Bermuda Limited; and (vi) other affiliates of Bloomberg Finance L.P.

4473757.7

        3.      Bloomberg believes that Lehman's continued use of the Bloomberg Products is critical to the company's ability to preserve its capital markets and investment banking operations and to operate effectively during the transition of operations to any potential purchasers. The Bloomberg Products provide critical financial market information, analytics and functionality to enable such capital markets and investment banking operations to function. Bloomberg is satisfied that the Debtors have provided adequate assurance of future performance with respect to Barclays Capital, Inc. ("Barclays" or the "Purchaser") as a proposed assignee. Accordingly, Bloomberg does not object to the assignment of the Bloomberg Contracts assigned to Barclays, provided that the Debtors satisfy the requirements of section 365 of the Bankruptcy Code and cure outstanding defaults under the Bloomberg Contracts.

        4.      Bloomberg objects to the proposed Cure Amounts (or the absence thereof) for the Bloomberg Contracts, and believes that significant amounts are due and owing under the Bloomberg Contracts. However, due to: (i) the quantity of the Bloomberg Products that Bloomberg provides to Lehman; (ii) Bloomberg's practice of billing for various Bloomberg Products both in advance and in arrears, depending on the nature of the product; (iii) the sheer number of contracts and other subscription documents governing the provision of the Bloomberg Products to Lehman, and the prices therefor; (iv) the provision of Bloomberg Products to LBI for both its and its affiliates' use in the United States and other countries; and (v) the lack of information from the Debtors, LBI and the Purchaser as to whether they intend to assume and assign all of the Bloomberg Contracts, or only a subset thereof, Bloomberg needs time to conduct sufficient diligence to ascertain the exact Cure Amounts owed to Bloomberg by the Debtors, LBI and their affiliates. Accordingly, Bloomberg respectfully reserves its rights to

supplement this Limited Objection once it has determined the accurate Cure Amounts that will be owed to Bloomberg.

5. In addition, Bloomberg specifically reserves its right to payment of all additional amounts that may accrue or otherwise become due and owing under the Bloomberg Contracts until the effective date of the assignment of such agreements. To the extent that obligations accrue under the Bloomberg Contracts prior to the Closing of the Sale, Bloomberg expects that such amounts under the Bloomberg Contacts will be satisfied in the ordinary course. The proposed Asset Purchase Agreement (the "Purchase Agreement") among the Purchaser, the Debtors, and LBI, dated September 16, 2008, provides that during the 60-day period after Closing (the "Post-Closing Period"), the Purchaser will pay all ordinary course amounts due under the Bloomberg Contracts. (Purchase Agreement, § 2.5) Accordingly, Bloomberg assumes that the Purchaser will pay amounts due and owing under the Bloomberg Contracts as of the Closing, regardless of when such obligations were incurred, and reserves its rights to demand payment for any such amounts.

6. Given the unprecedented haste of this Sale process, the anticipated Closing next week, and the imprecise information provided on the Cure Schedule (all thoroughly understandable under these extraordinary circumstances), Bloomberg recognizes that it may not be possible to reach an agreement with the Lehman entities with respect to the Cure Amounts owed to Bloomberg. Therefore, Bloomberg respectfully submits that the Debtors, LBI and the Purchaser establish a reserve for the benefit of Bloomberg in an amount sufficient to ensure that the hurried nature of this process does not deprive Bloomberg of its statutory entitlement to be paid any outstanding amounts under the assigned Bloomberg Contracts.

7. In the event that the Debtors and LBI propose to assume and assign the Bloomberg Contracts to a third party other than Barclays, Bloomberg reserves all rights to object to such assumption and assignment on the basis of lack of adequate assurance of future performance and/or the identity of such proposed purchaser. Furthermore, Bloomberg expressly reserves its rights under section 365 of the Bankruptcy Code and under any other pertinent provisions of the Bankruptcy Code and the Bankruptcy Rules.

Dated: New York, New York
September 19, 2008

**WILLKIE FARR & GALLAGHER LLP**
*Attorneys for Bloomberg L.P., Bloomberg Finance L.P., and their Affiliates*

By: /s/ Shelley C. Chapman
Shelley C. Chapman
Thomas H. Golden
Shaunna D. Jones

787 Seventh Avenue
New York, New York 10019
(212) 728-8000