DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: 212.259.8000
Facsimile: 212.259.6333
Martin J. Bienenstock, Esq.
Irena Goldstein, Esq.

Attorneys for The Royal Bank of Scotland plc
and ABN AMRO NV

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------- x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,**     :    08-13555 (JMP)
*et al*.                                                    :
        Debtors.                                            :    (Jointly Administered)
                                                            :
----------------------------------------------------------- x

**RESPONSE OF ROYAL BANK OF SCOTLAND PLC AND ABN AMRO TO DEBTORS'
MOTION DATED SEPTEMBER 17, 2008 FOR SALE APPROVAL**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

The Royal Bank of Scotland plc and ABN ABN AMRO NV (collectively "RBS") submit this response (the "Response") to the proposed sale (the "Sale"), by Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("LB 745"), as chapter 11 debtors and debtors in possession (collectively, the "Debtors"), and Lehman Brothers Inc. ("LBI"), pursuant to the motion dated September 17, 2008 (the "Sale Motion"), and respectfully represent as follows:

**PRELIMINARY STATEMENT**

1.   RBS entered into derivatives transactions with several subsidiaries of LBHI which are nondebtors.  LBHI guaranteed payment of many of the derivatives.

2.    RBS has no objection to the Sale if LBHI[1] (i) makes clear that it is not transferring assets (tangible, intangible, and employees) of nondebtors free and clear of claims of RBS and its affiliates; and (ii) Purchaser acquires assets from LBI in accordance with the their terms and does not engage in adverse selection or "cherry picking" adverse to LBI and its creditors..

3.    At the hearing on September 17, 2008, representatives of the debtors advised us that assets of nondebtor subsidiaries (other than LBI) were not being sold and references to same in the asset purchase agreement were erroneous.  To date, we have not received a corrected agreement.  Additionally, the debtors' representatives advised us that the debtors were not requesting relief that would impair RBS' rights against third parties which rights would arise out of transfers by the nondebtors.  As long as that holds true, RBS has no objection on these issues.

4.    Pursuant to the asset purchase agreement dated as of September 16, 2008 (the "APA"), the purchaser ("Purchaser") is purchasing, among other things, contracts from Lehman Brothers Inc. ("LBI") which contracts Purchaser can designate for 60 days after closing. APA § 2.5.  RBS does not object if Purchaser purchases from LBI contracts to which RBS is a party, as long as Purchaser does so in accordance with the terms of the contracts and master agreements in place.  For instance, LBI is not allowed under the master agreements to terminate certain trades and not others. The parties are not allowed to cherry pick.  RBS does object if LBI assumes and assigns certain trades and not others under any master agreement with RBS or its affiliates.

---

[1] RBS does business with:  Lehman Brothers Int'l (Europe) – under UK Administration; Lehman Brothers Special Financing Inc.; Lehman Brothers Commercial Corp.; Lehman Brothers Finance SA; Lehman Brothers Equity Finance (Cayman) Limited; Lehman Brothers Commercial Corporation Asia Limited; Lehman Brothers Bankhaus AG (Seoul Branch); Lehman Brothers Commodity Services Inc.; and Eagle Energy Partners I, L.P.

5. As of the date hereof, to our knowledge, neither Lehman Brothers Inc. nor any other indirect or direct subsidiary of LBHI, besides LB 745, has filed a case under the Bankruptcy Code or an insolvency proceeding under the Securities Investor Protection Act of 1970 ("SIPA").

6. On September 17, 2008, the United States Trustee appointed a statutory creditors' committee for LBHI.  There is no statutory committee representing creditors of the subsidiaries, including LBI which is supposed to commence a SIPC case as part of the Sale.

**B.   The Asset Purchase Agreement May Transfer Assets of Nondebtor Affiliates**

7. The Asset Purchase Agreement is attached to the Sale Motion as exhibit 2.

8. Under the APA, the purchase price is only payable to the sellers, and not to any other entities.  APA § 3.2.  The "Sellers" are defined to be only: LBHI, LBI and LB 745 LLC.  APA, p. 1.

9. <u>The APA Provides for Subsidiary Assets to be Sold</u>.  Nevertheless, the APA includes numerous references implying assets of nondebtor subsidiaries of the Seller are being transferred.  For instance, in section 2.7, Purchaser waives compliance by Seller "and its Subsidiaries" with all bulk-transfer laws.  "Subsidiaries" are defined to include all LBHI's subsidiaries which includes nondebtor subsidiaries.  APA, p. 9.  The definition of "Purchased Assets" provides it means "all of the assets of Seller and its Subsidiaries used in connection with the Business…," excluding the Excluded Assets.  APA, p. 6.  The Excluded Assets are not defined to mean all Subsidiaries' assets other than LBI's assets.  Section 2.1 of the APA provides Seller shall transfer to Purchaser "all of Seller's and its applicable Subsidiaries' right, title and interest in, to and under the Purchased Assets free and clear of all Liens…"  Section 2.4 of the APA provides Purchaser shall not be liable for "all Liabilities of Seller and its Subsidiaries to the

3

extent they do not arise out of the Business and…all Liabilities arising out of Excluded Assets, including Contracts that are not Purchased Contracts…"

10. The term "Excluded Assets" is defined in the Asset Purchase Agreement as including:

(b) all cash, cash equivalents, bank deposits or similar cash items <u>of LBI and its Subsidiaries (the "Retained Cash") other than $1.3 billion in cash, cash equivalents, bank deposits or similar cash items;</u>

(c) all intercompany receivables;

APA, p. 2-3 (emphasis supplied).

11. Section 2.1 of the Asset Purchase Agreement, provides Purchaser shall purchase " all of Seller's and its applicable *Subsidiaries' right, title and interest in, to and under the Purchased Assets free and clear of all* Liens pursuant to Section 363(f) of the Bankruptcy Code.

APA, § 2.1 (emphasis supplied).

12. Significantly, APA § 8.2(b) dictates how the Subsidiaries shall operate the Business pending closing.

**Reservations of Rights and Violations of Law if Nondebtor Assets are Being Sold Free and Clear of RBS' Rights and Claims**

13. RBS has no objection to the Sale if LBHI makes clear that it is not transferring assets (tangible, intangible, and employees) of nondebtors free and clear of rights and claims of RBS and its affiliates. It is that simple. If, however, LBHI is requesting relief that would transfer assets of nondebtors free and clear of claims against any entity, RBS reserves its rights to supplement this pleading and to assert a lack of due process.[2]

---

[2] The sale hearing is being held the second evening after the APA was filed. RBS has had insufficient time to take adequate discovery and to prepare all the appropriate legal issues.

14. As explained in paragraph 13 above, LBHI can cure this defect by making the representations set forth there.

## CONCLUSION

The Sale Motion should be granted as long as the Sale and the order approving it do not (i) permit the Purchaser to selectively assume certain transactions under the Debtor's master agreements with RBS and its affiliates in contravention of the express terms of those agreements; and (ii) transfer assets of nondebtors while eliminating the resultant rights and claims of RBS and its affiliates against nondebtor third parties.

Dated: New York, NY  
       September 19, 2008

DEWEY & LEBOEUF LLP

/s/ Martin J. Bienenstock  
Martin J. Bienenstock  
Irena Goldstein  
1301 Avenue of the Americas  
New York, NY 10019  
Telephone: 212.259.8000  
Facsimile: 212.259.6333

Attorneys for The Royal Bank of Scotland plc  
    and ABN AMRO NV