STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, New York  10022
Telephone: 212-319-8500
Facsimile: 212-319-8505
Chester B. Salomon
Constantine D. Pourakis
Email: cs@stevenslee.com
          cp@stevenslee.com

*Attorneys for 1301 Properties Owner, LP
c/o Paramount Group, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., | Case No. 08-13555 (JMP) |
| Debtor. | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF 1301 PROPERTIES OWNER, LP TO DEBTOR'S MOTION TO SELL ASSETS AND NOTICE OF ASSUMPTION AND ASSIGNMENT OF, AND AMOUNTS NECESSARY TO CURE DEFAULTS UNDER, CONTRACTS AND LEASES TO BE <u>ASSUMED AND ASSIGNED TO SUCCESSFUL PURCHASER</u>**

1301 Properties Owner, LP, c/o Paramount Group, Inc. ("1301 Properties"), a creditor and counter-party to a non-residential real property lease, as amended (the "Lease") with the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, hereby submits its Limited Objection and Reservation of Rights to the Debtor's Motion to Sell Assets and Notice of Assumption and Assignment of, and Amounts Necessary to Cure Defaults Under, Contracts and Leases to be Assumed and Assigned to Successful Purchaser (the "Notice of Assumption").  In support of its Limited Objection, 1301 Properties respectfully alleges as follows:

SL1 867310v1/104011.00001

**Preliminary Statement**

1.  On or about December 16, 2004, the Debtor and 1301 Properties, L.L.C., the predecessor-in–interest to 1301 Properties, entered into the Lease pursuant to which the Debtor, as tenant, agreed to lease the entire second, third, fourth and fifth floors, and portions of the sixth floor, the Concourse and Sub-Concourse, of the building known as 1301 Avenue of the Americas, New York, New York.

2.  The Notice of Assumption lists a proposed cure amount of $2,047,686.99 (the "Cure Amount") due 1301 Properties under the Lease. 1301 Properties has contacted the Debtor's counsel to ascertain the basis of the Cure Amount.

3.  In addition, the Debtor is in occupancy of a portion of the sixth floor, and the entire seventh, eighth, ninth and twelfth floors of the building under subleases or sub-subleases (together, the "Subleases").

**Limited Objection**

A.  **The Debtor's Proposed Cure Amount May Not Accurately Reflect the Cure Amount Actually Due to 1301 Properties Under the Lease**

4.  1301 Properties does not object to the assumption and assignment of the Lease provided that adequate assurance of future performance is furnished and prompt payment is made of any and all existing and potential mechanic's liens, attorneys' fees of 1301 Properties, and accrued Base Rent and Additional Rent (as defined in the Lease).

5.  Nevertheless, 1301 Properties objects to the Cure Amount listed by the Debtor concerning the Lease as inaccurate. Due to the exceptionally short timeframe within which the Debtor identified the Lease as part of the proposed sale and the time within which 1301 Properties must interpose an objection, 1301 Properties has not completed its analysis of outstanding rent and other charges owed by the Debtor.

2

6. Counsel to 1301 Properties attempted to ascertain how the Cure Amount was calculated by the Debtor, but was unable to discuss this issue with Debtor's representative prior to service of this Limited Objection.

7. 1301 Properties objects to the Cure Amount unless the Cure Amount reflects Base Rent and Additional Rent, as those terms are defined in the Lease. For example, 1301 Properties incurs charges and bills its tenants Additional Rent for additional services such as security, overtime, overtime charges for air conditioning use, elevator use, and the like. In addition, sections 19.02(a)(ii) and 26.02 of the Lease entitle 1301 Properties to attorneys' fees incurred in protecting its rights upon default of the Lease by the Debtor.

8. 1301 Properties has begun calculating the August 2008 charges owed by the Debtor, but has not made any such calculation for September 2008 and will not be able to do so prior to the closing of the sale. All such charges should be deemed part of the Cure Amount, and satisfied by either the Debtor or purchaser, prior to assumption and assignment of the Lease.

**B.    The Debtor Has Failed to Provide Adequate Assurance of Future Performance As Required by Sections 365(b)(1) and (f)(2) of the Bankruptcy Code**

9. Section 365(b)(1) of the Bankruptcy Code provides, in relevant part, that:

If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

(a)    cures, or provides adequate assurance that the trustee will promptly cure, such default …

(b)    compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(c)    provides adequate assurance of future performance under such contract or lease.

3

10. Section 365(f)(2) of the Bankruptcy Code provides:

The trustee may assign an executory contract or unexpired lease of the debtor only if –

(a) the trustee assumes such contract or lease in accordance with the provisions of this section; and

(b) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11. The Debtor has the burden of showing adequate assurance of future performance. *In re M. Fine Lumber Co.*, 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008). The Debtor has provided no financial information from the potential purchaser demonstrating it has the ability to cure all past defaults and be able to perform under the Lease going forward.

12. The Debtor has not met its burden insofar as it has not provided 1301 Properties with sufficient information to establish that there can and will be adequate assurance of both cure and future performance by the proposed purchaser.

**C.   The Debtor Cannot Assume and Assign the Lease Because It Has Failed to Demonstrate There Are No Mechanics Liens Or Other Liens on the Premises**

13. The Debtor should be required to provide 1301 Properties with written assurance that there are no existing or potential liens of any kind on the property arising from labor or materials furnished to or on behalf of the Debtor, and if and when such liens arise, either before or after the closing, the Debtor or the proposed purchaser shall satisfy such liens as part of the cure costs under section 365 of the Bankruptcy Code.

14. Accordingly, while 1301 Properties may ultimately consent to the proposed assumption and assignment of the Lease as part of the proposed sale, 1301 Properties is filing this Limited Objection to preserve its right to require that the proposed assumption and

4

assignment of the Lease comply with the requirements of Section 365 of the Bankruptcy Code or otherwise proves acceptable to 1301 Properties.

15. 1301 Properties reserves the right to supplement this Limited Objection, whether in writing or at the sale hearing, as appropriate once the Debtor provides more detail regarding the proposed assumption and assignment of the Lease.

WHEREFORE, 1301 Properties respectfully requests that this Court enter an Order (a) sustaining this Limited Objection, (b) denying the Debtor's requests for authority to assume and assign the Lease unless and until the several grounds for objection are satisfied, and (c) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       September 19, 2008

STEVENS & LEE, P.C.

By: /s/ Chester B. Salomon
    Chester B. Salomon
    Constantine D. Pourakis
    485 Madison Avenue, 20th Floor
    New York, New York  10022
    Telephone: 212-319-8500
    Facsimile:  212-319-8505
    Email:  cs@stevenslee.com
            cp@stevenslee.com

Attorneys for 1301 Properties Owner, LP
c/o Paramount Group, Inc.

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2008 I served a copy of the foregoing OBJECTION OF 1301 PROPERTIES OWNER, LP, C/O PARAMOUNT GROUP, INC. TO DEBTOR'S NOTICE OF ASSUMPTION AND ASSIGNMENT OF, AND AMOUNTS NECESSARY TO CURE DEFAULTS UNDER, CONTRACTS AND LEASES TO BE ASSUMED AND ASSIGNED TO SUCCESSFUL PURCHASER by email and facsimile, where indicated, on the following parties:

| | |
|---|---|
| Weil Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>e-mail: harvey.miller@weil.com<br>e-mail: Jacqueline.marcus@weil.com<br>e-mail: shai.waisman.com | Brian S. Masumoto, Esq.<br>Office of the United States Trustee<br>33 Whitehall Street, 21st Floor<br>New York, New York 10004<br>Fax: 212-668-2255 |
| Dennis F. Dunne, Esq.<br>Luc A. Despins, Esq.<br>Wilbur F. Foster, Jr., Esq.<br>Milbank Tweed Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, New York 10005<br>email: DDunne@milbank.com<br>email: LDespins@milbank.com<br>email: WFoster@milbank.com | |

                                        /s/ Constantine D. Pourakis
                                          Constantine D. Pourakis