Madlyn Gleich Primoff (MP-1701)
Scott D. Talmadge (ST-2399)
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-6157

*Attorneys for Wells Fargo Bank, N.A. and
Wells Fargo & Co.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------x
:
In re                                                             :          Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*   :          08-13555 (JMP)
:
Debtors.                                        :          (Jointly Administered)
:
------------------------------------x

## LIMITED OBJECTION OF WELLS FARGO BANK, N.A. AND WELLS FARGO & CO. TO THE MOTION OF THE DEBTORS FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS TO BARCLAYS CAPITAL INC.

Wells Fargo Bank, N.A. and Wells Fargo & Co. (collectively, "Wells Fargo"), by their undersigned attorneys, for their Limited Objection (the "Limited Objection") to the motion (the "Sale Motion") of the Debtors approving the sale (the "Sale") of certain assets to Barclays Capital Inc. ("Barclays"), respectfully state as follows:

1.      Wells Fargo was a party to certain ISDA master agreements ("Swap Agreements") with Lehman Brothers, Inc. ("LBI") and certain other non-debtor subsidiaries or affiliates (the "Non-Debtor Counterparties") of Lehman Brothers Holdings Inc. ("LBHI"). LBHI guaranteed the obligations of the Non-Debtor Counterparties under such Swap Agreements.

31725936.DOC

Based on the Swap Agreements, Wells Fargo has direct claims against LBI and the Non-Debtor Counterparties as well as guaranty claims against LBHI.

2. Wells Fargo submits this Limited Objection because it appears that the Debtors are attempting to obtain approval from this Court to sell unidentified assets of various unidentified, non-debtor subsidiaries and affiliates of LBHI and LBI (the "Non-Debtor Entities") for an unidentified purchase price (or no purchase price allocation at all to those Non-Debtor Entities). *See, e.g.*, Purchase Agreement, at ¶1.1, p. 6, definition of "Purchased Assets." While Wells Fargo has no desire to impede the Sale to Barclays, this Court should not approve the Sale unless and until the Debtors identify precisely (a) which subsidiaries and affiliates of LBHI and LBI have assets that are included in the Sale, (b) the assets of those Non-Debtor Entities that are to be conveyed to Barclays in connection with the Sale and (c) what consideration is to be allocated and received by each of those Non-Debtor Entities for the conveyance of its assets in connection with the Sale. Wells Fargo requested this information from the Debtors yesterday but it has not yet been provided. *See* Exhibit A hereto.

3. Creditors and other parties in interest are entitled to the information specified above as a matter of fundamental due process. Neither the Motion nor the Purchase Agreement delineates which of the Debtors' subsidiaries or affiliates are selling assets, which assets are being sold or the allocation of the purchase price. Notably, with the exception of LBI, the Non-Debtor Entities are not even parties to the Purchase Agreement. While LBI and other Non-Debtor Entities are free to enter into appropriate private sale transactions for their assets with potential purchasers, neither the Non-Debtor Entities nor the potential purchasers are entitled to a "comfort order" from this Court unless the due process rights of creditors and other parties in interest are satisfied by providing the information requested above.

4.     Moreover, while the Purchase Agreement appears to provide that the Purchased Assets consist of assets of LBHI, LBI and Non-Debtor Entities, the proposed Sale Order requests a finding in paragraph N that the "Debtors and LBI are the sole and lawful owners of the Purchased Assets." Either the Purchased Assets are owned exclusively by the Debtors and LBI or they are not. Parties in interest are entitled to understand which entities' assets are being sold (including whether assets of Non-Debtor Entities are being sold).

5.     The information sought by Wells Fargo is necessary for Wells Fargo and other parties in interest (as well as this Court) to evaluate whether the proposed findings of fact and conclusions of law contained in the Debtors' proposed Sale Order are appropriate. For example, paragraphs M and 20 of the proposed Sale Order contain factual findings and an order of this Court that the consideration received for the Purchased Assets "constitutes reasonably equivalent value or fair consideration" for purposes of fraudulent conveyance laws. How can this Court make such determination with respect to the Non-Debtor Entities unless and until the Debtors provide detailed information concerning which entities' assets are included in the Sale, what assets included in the Sale are property of the Non-Debtor Entities and what allocation of the purchase price is to be given to such Non-Debtor Entities?

6.     The proposed Sale Order also provides for LBI, a non-debtor, to sell its portion of the Purchased Assets "free and clear of any Interests." *See* Sale Order at ¶¶ N, Q and 4. However, this Court does not have jurisdiction over LBI or any other Non-Debtor Entity. In order for Section 363 of the Bankruptcy Code to apply, the assets to be sold must be property of the estate. *See, e.g., In re Stein & Day, Inc.*, 113 B.R. 157 (Bankr. S.D.N.Y. 1990) ("A bankruptcy court's jurisdiction does not extend to a wholly-owned subsidiary of the debtor,

unless the subsidiary is 'a mere sham or conduit rather than a viable entity.'") *citing In re Beck Industries*, 479 F.2d 410, 416 (2d Cir. 1973).

WHEREFORE, Wells Fargo respectfully requests that the Court (i) condition approval of the Sale upon (a) the Debtors' providing the information sought herein forthwith and (b) revisions to the proposed Sale Order so that creditors' rights with respect to the Non-Debtor Entities and their assets remain unaffected by the Sale, and (ii) grant such other and further relief as is just and proper.

Dated: September 19, 2008
      New York, New York

                              KAYE SCHOLER LLP

                              By:   */s/ Scott D. Talmadge*
                                  Madlyn Gleich Primoff (MP-1701)
                                  Scott D. Talmadge (ST-2399)
                                  425 Park Avenue
                                  New York, NY  10022

                                  *Counsel for Wells Fargo Bank, N.A. and Wells Fargo & Co*