**CHADBOURNE & PARKE LLP**

Howard Seife (HS-7995)
David M. LeMay (DL-9093)
30 Rockefeller Plaza
New York, New York 10012
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

Attorneys for GLG Partners LP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------------

**OBJECTION OF GLG PARTNERS LP TO THE DEBTORS' MOTION TO APPROVE THE SALE OF THE PURCHASED ASSETS AND THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS RELATING TO THE PURCHASED ASSETS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE

        GLG Partners LP ("GLG") and its funds, by and through their undersigned counsel, respectfully submit this limited objection (the "Objection") to the motion (the "Motion")[1] of Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("LB 745") as debtors and debtors in possession (collectively, the "Debtors") for the entry of an order approving, *inter alia*, the sale of the Purchased Assets pursuant to that Asset Purchase Agreement, among

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Barclays Capital Inc. ("Barclays"), the Debtors, and Lehman Brothers Inc. ("LBI"), dated September 16, 2008 (the "Purchase Agreement"), and in support thereof represents as follows:

## PRELIMINARY STATEMENT

GLG does not in principle oppose a sale of Lehman's broker dealer assets held by LBI to Barclays. However, as drafted, the proposed order approving the sale fails to protect the interests of the creditors of Lehman Brothers International (Europe) ("LBIE"), a Lehman UK subsidiary that itself is in administration. In particular, certain assets that may be included as part of the sale to Barclays may have been misappropriated from LBIE by the Debtors in advance of their bankruptcy filing. GLG, one of the largest hedge funds in Europe, through its managed funds is a creditor of and account holder at LBIE. GLG files this Objection to ensure that the rights of LBIE, its administrators and LBIE's creditors to recover the full amount of cash that may have been improperly taken by the Debtors are fully preserved.

## OBJECTION

1. GLG manages approximately 45 separate funds and oversees hundreds of managed accounts. LBIE has been GLG's prime broker over the past few years, and GLG's funds hold significant claims against LBIE. In addition, GLG and its managed funds also have the benefit of a guaranty from LBHI with respect to their transactions with LBIE and its affiliates.

2. According to widespread reports from various news agencies, on the eve of its bankruptcy filing, LBHI may have taken from LBIE over $8 billion (the "LBIE Cash").

3. According to the reports, copies of which are attached as Exhibit "A," the transfer was part of a weekly intercompany transaction, whereby LBHI would sweep cash held at

2

LBIE every Friday evening in exchange for a portfolio of liquid assets (mainly securities) of equal value. The transaction would be made in order for LBHI to fund U.S. assets over the weekend. Each Monday, LBHI would reverse the trade and the cash would be transferred back to LBIE in exchange for the assets.

4. According to the reports, LBHI swept cash from LBIE in an amount of over $8 billion on Friday, September 12, 2008. On Monday morning, September 15, 2008, LBHI filed for Chapter 11 in New York and the transaction was not reversed. The LBIE Cash was not returned. Moreover, LBHI either did not provide any assets to LBIE in return (which is what ordinarily would and should have occurred) or, if assets were provided, they were not of comparable value and/or highly illiquid. Accordingly, LBIE has been left with little or no funds and is holding what has been described as "useless assets."

5. The timing of LBHI's bankruptcy filing has raised suspicions and allegations regarding the validity and legality of the transfer in question and the failure to return the LBIE Cash.

6. According to the news reports, Tony Lomas, Steven Pearson, Dan Schwarzmann and Mike Jervis, the Joint Administrators of LBIE's insolvency proceeding, announced that they will be investigating all transactions between the Lehman entities around the time of LBHI's Chapter 11 bankruptcy filing.

7. At this time, we have no information as to the LBIE Cash and whether it has been consumed, whether it is being held by LBHI, or whether it has been transferred to LBI and comprises a portion of the Purchased Assets. The proposed sale transaction with Barclays has moved at a rapid pace and parties have not had an opportunity to trace the LBIE Cash and

3

investigate the assets that are proposed to be transferred as part of the sale. There is a risk that the LBIE Cash has been transferred to, or is being held by, LBI and will be included as part of the Barclays sale.

8.  GLG is not seeking to undermine the Barclays sale. However, GLG seeks to preserve all the rights and claims that LBIE, the Administrators, and LBIE's creditors (GLG included) may have against LBHI, LBI and the proceeds of any Barclays sale. We have been informed by the Debtors that all but $250 million of the purchase price will be paid to LBHI and, therefore, is subject to the control and oversight of this Court. In order to protect the interests of LBIE and the Administrators in those proceeds, there are three changes that should be made to the proposed order.

9.  First, paragraph "N" of the proposed order contains a finding that "[t]he Debtors and LBI are the sole and lawful owners of the Purchased Assets." This finding is inappropriate until an investigation is completed regarding the transfer of LBIE's $8 billion and/or the $8 billion is traced and it is conclusively determined that the LBIE Cash is not being transferred to Barclays as part of the proposed sale. Such a finding could prejudice any subsequent claim made by, or on behalf of, LBIE. Accordingly, this finding should be stricken from the proposed order.

10. Second, until the location of the LBIE Cash is definitively ascertained, the proceeds from the Barclays sale should be held in a segregated and protected account and no funds should be distributed to any parties. Paragraph 24 of the proposed order does limit the ability of the Debtors to disburse the sale proceeds. However, the restriction only applies to "proceeds subject to an asserted Interest" and is subject to exceptions as otherwise set forth in the

4

Purchase Agreement and the order.  The order should require that all sale proceeds be frozen until the issues regarding the LBIE Cash are fully and definitively resolved.

11.     Finally, the release contained in paragraph 8 of the proposed order is too broad because in addition to a release of all "Interests" against the Purchased Assets, the paragraph includes a release of all "Interests" against the Debtors.  The inclusion of the Debtors in the release is not appropriate because entities, such as LBIE or the Administrators, may have claims against the Debtors and, in particular, claims against LBHI as a result of the transfer of the LBIE Cash.

WHEREFORE, GLG respectfully requests that this Court (i) deny the Motion unless the proposed order is amended in accordance with the changes described herein, and (ii) grant such other and further relief as this Court deems just and proper.

Date:   New York, New York
        September 18, 2008

**CHADBOURNE & PARKE LLP**
Counsel to GLG Partners LP

By: */s/ David M. LeMay*
    Howard Seife (HS-7995)
    David M. LeMay (DL-9093)
    Members of the Firm
30 Rockefeller Plaza
New York, New York 10112
(212) 408-5100