**DORSEY & WHITNEY LLP**
250 Park Avenue
New York, New York 10177
Telephone:  (212) 415-9200
Facsimile:  (212) 953-7201
Eric Lopez Schnabel (ES 5553)

and

**DORSEY & WHITNEY LLP**
Christopher T. Lenhart
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 752-7313
Facsimile: (952) 516-5631

Attorneys for Reliance Globalcom Services, Inc.,
f/k/a Yipes Enterprise Service, Inc.


**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------- x
| | |
|---|---|
| In re: | : | Chapter 11 |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | Case No. 08-13555 (JMP) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | x | |

-----------------------------------------------------------


**OBJECTION OF RELIANCE GLOBALCOM SERVICES, INC.  (F/K/A YIPES
ENTERPRISE SERVICES, INC.) TO NOTICE OF ASSUMPTION AND ASSIGNMENT
OF, AND AMOUNTS NECESSARY TO CURE DEFAULTS UNDER CONTRACTS TO
BE ASSUMED AND ASSIGNED TO SUCCESSFUL PURCHASER**


Reliance Globalcom Services, Inc., f/k/a Yipes Enterprise Services, Inc., ("Reliance")

hereby submits its Objection to the Notice of Assumption and Assignment of, and Amounts

Necessary to Cure Defaults Under Contracts to be Assumed and Assigned to Successful

Purchaser (the "Objection").  In support thereof, Reliance respectfully states as follows:

**BACKGOUND**

1. On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings, Inc. ("*LBHI*") and LB 745, LLC ("LB 745") (collectively the "Debtors") filed for bankruptcy protection with the United States Bankruptcy Court for the Southern District of New York pursuant to Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"), and continue to operate their businesses as debtors and debtors in possession.

2. On September 17, 2008, the Debtors filed the Motion to (A) Schedule a Sale Hearing; (B) Establish Sale Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Related to the Purchased Assets (the "Sale Motion"). The Debtors have filed the Sale Motion seeking Court approval for the sale of certain assets of the LBHI's non-debtor subsidiary, LBI, to Barclays Capital Inc. ("Purchaser") for the estimated purchase price of $1.7 billion pursuant to a certain asset purchase agreement dated September 16, 2008 ("Asset Purchase Agreement"). LBI is identified in the Sale Motion as a broker-dealer non-debtor subsidiary of LBHI.

3. Also on September 18, 2008, the Debtors filed the Notice of Assumption and Assignment of, and Amounts Necessary to Cure Defaults Under Contracts and Leases to be Assumed and Assigned to Successful Purchaser (the "Cure Notice"). The Cure Notice notified parties to executory contracts of the procedures for objection to the proposed assumption and assignment and proposed cure amounts for such executory contracts. The Cure Notice also stated that a "List"[1] of such Closing Date Contracts and Cure Amounts would be placed on the Website prior to the Sale Hearing.

4. The Debtors filed the List on September 19, 2008. The List, at pages 93 and 94, identifies approximately 32 executory contracts between a "Lehman Entity" and Reliance for

---

[1]   Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Cure Notice.

assumption and assignment to the Purchaser (the "Reliance Contracts").  The Debtors list the

Cure Amount for the Reliance Contracts as $0.00.

5.   Pursuant to the Cure Notice, all objections to the proposed assumption and

assignment of the Closing Sale Contracts and corresponding Cure Amounts must be filed prior to

or raised at, the Sale Hearing.

## RESERVATION OF RIGHTS

6.   As an initial matter, Reliance believes that all of the referenced executory contracts in

the List between Reliance and a "Lehman Entity" are with Lehman Brothers, Inc., a non-debtor

entity.  To the extent that this Court does not have jurisdiction over such contracts, Reliance

reserves all of its rights under those contracts against any non-debtor counterparty.

## OBJECTION

7.   Reliance objects to the proposed assumption and assignment of the Reliance

Contracts and the amount of the proposed Cure Amount for such contracts.  In order to assume

and assign an executory contract, a debtor is required, pursuant to section 365(b)(1) of the

Bankruptcy Code, to cure all outstanding defaults under such executory contract.  The Debtors'

proposed Cure Amount for the Reliance Contracts is incorrect. Reliance's books and records,

based upon Reliance's preliminary review, show that the actual cure associated with the Reliance

Contracts is $251,058.57, plus continuing costs, fees and expenses.

8.   In conjunction with this duty to cure defaults, a debtor must compensate the non-

debtor party to the executory contract for actual pecuniary loss, including the payment of

attorneys' fees. See 11 U.S.C. §365(b)(1)(B).  Attorneys' fees due under the Reliance Contracts

are compensable. See LJC Corp. v. Boyle, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); In re

Bullock, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); In re BAB Enterprises, Inc., 100 B.R. 982, 984

(Bankr. W.D. Tenn. 1989); In re Westview 74th St. Drug Corp., 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); In re Ribs of Greenwich Vill., Inc., 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). Accordingly, as part of its pecuniary loss, the Reliance is entitled to attorneys' fees in connection with the Debtor's obligation to cure all monetary defaults under the Reliance Contracts.

9.    In addition, Section 365(b) of the Bankruptcy Code requires the Debtors to provide adequate assurance of future performance as a condition to assumption of any Reliance Contract. See, e.g., NLRB v. Bildisco & Bildisco, 465 U.S. 505, 531 (1984); In re National Gypsum Co., 208 F.3d 498, 506 (5th Cir. 2000).  Adequate assurance of future performance is determined by existing factual conditions, and the Court may look to many factors in determining what is necessary to provide adequate assurance of future performance under Section 365(b), including, sufficient economic backing, economic conditions, certificates, credit reports, escrow deposits or other similar forms of security or guarantee. In re Lafayette Radio Electronics Corp., 9 B.R. 993, 998 (Bankr. E.D.N.Y. 1981); In re Belize Airways, 5 B.R. 152 (Bankr. S.D. Fla. 1980). Courts also look to the operating experience of the proposed assignee. In re Bygaph, Inc., 56 B.R. 596,605 (Bankr. S.D.N.Y. 1986). Courts also require a specific factual showing through competent evidence to determine whether an adequate assurance of future performance has been provided. See e.g., Matter of Haute Cuisine, Inc., 58 B.R. 390 (Bankr. M.D. Fla. 1986) (even though experts presented cash flow projections, the court found that insufficient documentary evidence had been presented); In the Matter of CM Systems, Inc., 64 B.R. 363 (Bankr. M.D. Fla. 1986) (debtor's assertion that it could finish project on time was not supported by any reliable factual data, thus, court denied motion to assume).

10. Neither the Sale Motion nor the Cure Notice, provide any adequate assurance that the Purchaser would assume and perform all terms of the Reliance Contracts.  The Sale Motion does not provide any form of assumption agreement that the Purchaser would enter into with

Reliance, pursuant to which, the Purchaser would assume all of the obligations under the Reliance Contracts.

11. Accordingly, although Reliance may ultimately consent to the assumption and assignment of the Reliance Contracts, Reliance is filing this Objection to preserve its right to require that the proposed assumption and assignment of any of the Reliance Contracts complies with Section 365 of the Bankruptcy Code or is otherwise acceptable to Reliance.

12. WHEREFORE, the Reliance respectfully requests that the Court enter an order (i) approving the assumption and assignment of the Reliance Contracts only upon the payment of a cure claim to Reliance in the amount of $251,058.57, plus attorneys' fees; (ii) approving the assumption and assignment of the Reliance Contracts only if the Debtors and the Purchaser furnish adequate assurance of future performance, as outlined above; and (iii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  September 19, 2008

DORSEY & WHITNEY LLP

/s/ Eric Lopez Schnabel
Eric Lopez Schnabel (ES 5553)
250 Park Avenue
New York, New York 10177
Telephone:  (212) 415-9200
Facsimile:  (212) 953-7201

and

DORSEY & WHITNEY LLP
Christopher T. Lenhart
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 752-7313
Facsimile: (952) 516-5631

**Attorneys for Reliance Globalcom Services, Inc.,**
f/k/a Yipes Enterprise Services, Inc.

4844-0423-3987\1 9/19/2008 2:42 PM