Hearing Date: September 19, 2008 at 4:00 p.m.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Sally McDonald Henry

Attorneys for Chicago Mercantile Exchange

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re LEHMAN BROTHERS                            :
                                                 :      Chapter 11 Case No. 08-13555 (JMP)
HOLDINGS INC., et al.,                           :
                                                 :
            Debtors.                             :
                                                 :      (Jointly Administered)
---------------------------------------------------------------:

**RESERVATION OF RIGHTS AND LIMITED OBJECTION OF THE CHICAGO MERCANTILE EXCHANGE TO DEBTORS' MOTION TO APPROVE THE SALE OF THE PURCHASED ASSETS AND THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS RELATING TO THE PURCHASED ASSETS**

The Chicago Mercantile Exchange (the "CME") respectfully submits its reservation of rights and limited objection (the "Limited Objection") to the motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("LB 745") as debtors and debtors in possession (collectively, the "Debtors") for the entry of an order approving, *inter alia,* the sale of the Purchased Assets pursuant to that Asset Purchase Agreement, among Barclays Capital Inc.

1

("Barclays"), the Debtors, and Lehman Brothers Inc. ("LBI"), dated September 16, 2008 (the "Asset Purchase Agreement"), and in support thereof represents as follows:

## OBJECTION

1. Before the Debtors consummate the Purchase Agreement, LBI must confirm that the proposed transfer is consistent the CME rules with respect to specifically identifiable customer securities, property, or commodity contracts of LBI to the Buyer.

2. The CME requests that the following language be inserted into the Sale Order:

> (a) Reservation of CME Rights. "Notwithstanding any provision in the Asset Purchase Agreement or any Order of the Court entered in connection with the Asset Purchase Agreement, nothing in the orders approving in the sale shall determine the any cure amount with respect to any contract to which the CME is a party or to which the CME is a third party beneficiary. Moreover, the assets of Lehman held by the CME to support the operations of Lehman as a clearing member cannot be transferred until such time as Lehman completes withdrawal from the clearing house and all of its obligations to the Exchange have been met. These assets include the memberships and CME shares held by the clearing house, collateral supporting house positions and the clearing fund contribution."
>
> (b) "The transfer of LBI's membership interests in exchanges and clearing houses is subject to Barclay's agreement to observe the obligations of membership including, but not limited to, providing adequate assurance thereof by maintaining collateral in accordance with the rules of such exchanges and clearing houses in kind and amount not less than that maintained by LBI."
>
> (c) "Before the Debtors and LBI consummate the Agreement, LBI and the SIPC trustee in such case shall have complied with:
>
> A. The applicable requirements of the CME rules.

3. In addition, the CME lacks sufficient information to determine whether the proposed cure amounts asserted in the cure notices for the assumption and assignment of contracts with the CME, dated September 18, 2008, are correct.

4.  Accordingly, although the CME may ultimately consent to the assumption and assignment of the contracts, the CME is filing this Limited Objection to preserve its right to require that the proposed assumption and assignment of any of the contracts complies with Section 365 of the Bankruptcy Code or is otherwise acceptable to the CME.

5.  The CME reserves the right to supplement this Limited Objection.

WHEREFORE, the CME respectfully requests that this Court (i) deny the Motion unless the proposed order is amended in accordance with the changes described herein, and (ii) grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
      September 19, 2008

                  SKADDEN, ARPS, SLATE, MEAGHER
                      & FLOM LLP

                  /s/ Sally McDonald Henry
                  Sally McDonald Henry
                  Four Times Square
                  New York, New York 10036
                  (212) 735-3000