MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
Alan Marder (AM-0114)
Jil Mazer-Marino (JM-6470)
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York, 11530-9194
Telephone: 516.741.6565
Facsimile: 516.741.6706

ALLEN MATKINS LECK GAMBLE & MALLORY LLP
Michael S. Greger (CA 156525)
James A. Timko (CA 220140)
1900 Main Street, Fifth Floor
Irvine, CA  92614-7321
Telephone:  (949) 553-1313
Facsimile:  (949) 553-8354
Email:  mgreger@allenmatkins.com
          jtimko@allenmatkins.com

Attorneys for Creditor
Constellation Place, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS INC., | ) | Case No. 08-13555 (JMP) |
| *et al.*, | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS TO DEBTORS' MOTION TO APPROVE THE SALE OF PURCHASED ASSETS AND THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS RELATING TO THE PURCHASED ASSETS**

Constellation Place, LLC ("Constellation") hereby files its Limited Objection and Reservation of Rights to Debtors' Motion to Approve the Sale of Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets (the "Sale Motion"), as follows:

**I.    PRELIMINARY STATEMENT**

In accordance with the Sale Motion, Debtor Lehman Brothers Holdings, Inc. (the "Debtor") seeks to assume and assign to Barclays Capital Inc. ("Barclays") a real property lease by

and between Constellation, as landlord, and the Debtor, as tenant. Because of the expedited nature of these proceedings, it is difficult for Constellation to fully investigate and evaluate the factual and legal limited objections that Constellation has to the proposed lease assumption and assignment, including the adequacy of the proposed cure obligation due under section 365 of the Bankruptcy Code. Accordingly, although Constellation has attempted to fully state its limited objections herein, Constellation reserves all of its rights in connection with its objection, including its right to raise additional issues or arguments at the hearing on the Sale Motion.

## II.    FACTUAL BACKGROUND

Constellation, as landlord, and the Debtor, as tenant, are parties to that certain Office Lease dated December 28, 2004 (the "Lease") whereby the Debtor leased nonresidential real property located on the 24th and 25th floors of the building located at 10250 Constellation Boulevard, Los Angeles, California (the "Premises").

In August of 2008, the Debtor commenced construction of certain leasehold improvements in part of the Premises at an estimated aggregate cost of $1,400,000. In connection therewith, Constellation is informed and believes that although the Debtor's contractor, and certain subcontractors, commenced work at the Debtor's request, the Debtor has recently instructed such contractors to cease work. Moreover, Constellation is informed and believes that as of the petition date, the Debtor had not fully paid its contractor and subcontractors for the work they had performed and/or the materials they had delivered to the Debtor's Premises. As a result of the stoppage of work and nonpayment, Constellation understands that the contractor and/or subcontractors either have or intend to record mechanics' liens against the Premises. At present, Constellation does not have complete information as to the aggregate amount of such liens and/or potential liens.

In addition to the amounts owed in connection with the mechanics' liens, substantial amounts are presently due under the terms of the Lease. As of September 17, 2008, the Debtor's unpaid obligations, unrelated to the mechanics' liens, totalled approximately $93,291.65.

### III. ARGUMENT

#### A. Bankruptcy Code Section 365 Grants Specific Protections to Constellation in Connection with the Assumption and Assignment of Its Lease

Bankruptcy Code section 365 sets forth the standards the Debtor must satisfy as a condition to the Court's approval of the assumption of the Lease. Bankruptcy Code section 365(b)(1) reads in pertinent part:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

The Bankruptcy Code also sets the standard the Debtor must reach in order to assign the Lease in section 365(f)(2), which reads in pertinent part:

> The Trustee may assign an executory contract or unexpired lease of the debtor only if –
>
> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

#### 1. The Debtor Must Cure All Defaults Under the Lease

Pursuant to section 365, as a condition to assumption of the Lease, the Debtor must immediately pay or adequately assure that it will promptly pay all defaults. This includes the cure of any obligations that could result in mechanics' liens being imposed against the Premises, the removal of any mechanics' lien currently filed against the Premises, and the payment of all of the

amounts presently unpaid under the terms of the Lease. Unfortunately, given the expedited nature of the sale hearing, and the fact the Debtor was in control of the construction project, Constellation does not presently have a complete accounting of the total cure obligation. However, the Debtor must pay the full $93,291.65 past due, **plus** satisfy any and all mechanics' liens that have been or may be asserted against the Premises.

### 2. **Barclays Must Assume the Agreement in its Entirety**

Section 365(b) requires that a debtor assume contracts cum onere. As the Court stated in In re Italian Cook Oil Corp., 190 F.2d 994, 997 (3d Cir. 1951):

> The [debtor], however, may not blow hot and cold. If he accepts the contract he accepts it cum onere. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other. Id.

Notwithstanding this basic precept of bankruptcy law, Barclays seeks to assume the Lease and obtain the benefit thereof without fully assuming all the liabilities that may be due thereunder. For example, in Section 2.3(g) of the Asset Purchase Agreement ("APA"), Barclays will only be responsible for Liabilities under the Lease "from the Closing Date forward." This exculpatory clause seeks to shield Barclays from obligations that may arise in the future under the Lease but relate to a pre-Closing period. Such obligations could include, for example, reconciliation obligations, indemnity obligations based upon pre-Closing actions, and the potential mechanics' lien claims already discussed. This Court should require Barclays to fully assume all obligations under the Lease, not just obligations relating to post-Closing events.

### 3. **The Debtor Cannot Be Exonerated From Its Pre-Closing Obligations Under Section 365(k) of the Bankruptcy Code Absent Barclays' Assumption of All Obligations in Full**

As a necessary corollary to the obligation of an assignee to assume all obligations cum onere, a debtor has no right to exoneration under section 365(k) absent a complete assumption. Although section 365(k) of the Bankruptcy Code provides that a debtor is exonerated from any liability under a lease if the lease is completely assigned to a third party, the debtor is not entitled to the benefits and protections of section 365(k) where the debtor does not assume and assign the lease cum onere – with all benefits and burdens. American Flint Glass Workers Union v. Anchor

Resolution Corp., 197 F.3d 76 (3d Cir. 1999).  In particular, where an agreement between the debtor and assignee attempts to limit the obligations assumed by the assignee only to obligations arising after the closing, there has not been a complete assignment and the debtor is not entitled to the protections of section 365(k).  Id. at 81.

Notwithstanding this straightforward principle, the Debtor seeks a discharge of its obligations to Constellation even though the APA expressly limits Barclay's obligations under the APA to obligations arising after Closing.  APA, ¶ 2.3(g).  Accordingly, the Debtor is not entitled to the benefit of a release under section 365(k).

### B. Any Sublease Must Be Subject to the Strict Terms of the Lease

Section 8.14(b) of the APA provides that immediately following Barclays' assumption of the Lease, it is required to sublease some undisclosed portion of the Premises on undisclosed terms back to the Debtor or a designee of the Debtor.  The APA further provides that such sublease will be subject to Constellation's consent or this Court's approval.  Constellation submits that the Code does not authorize Barclays to vary from the terms of the Lease with respect to any proposed sublease.  Thus, any such sublease must be in accordance with the terms and conditions of the Lease, including, to the extent applicable, any rights to recapture in connection with any subleasing of the Premises.

### C. Constellation Is Entitled to Its Attorneys' Fees and Cost

In addition to its cure obligations, under section 365 of the Code, the Debtor must also compensate Constellation for any pecuniary loss it has suffered.  As a result of the Debtor's bankruptcy filing and pursuit of the Sale Motion, Constellation incurred attorneys' fees and costs in connection with preparing the instant objection and appearing at the hearing on the Sale Motion. The Debtor should be required to compensate Constellation for such fees and costs as a condition of assumption.

### D. Constellation Reserves All of Its Rights in Connection with the Assumption of Its Lease

Due to the fast moving nature of the sales process and the relief the Debtor is seeking, Constellation has not been given sufficient time to evaluate the Debtor's proposed assumption and

assignment. As such, Constellation asserts and reserves any and all rights to assert further objections and/or discovery requests in connection with the assumption and/or assignment that it deems necessary.

### IV.  CONCLUSION

For all of the above reasons, the assumption and assignment of the Lease should be denied until the Debtor complies with its obligations under section 365 of the Bankruptcy Code.

Dated:  September 19, 2008  MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

By: */s/ Alan E. Marder*
    Alan E. Marder (AM-0114)
    Jil Mazer-Marino (JM-6470)
    990 Stewart Avenue, Suite 300
    P.O. Box 9194
    Garden City, New York, 11530-9194
    Telephone: 516.741.6565
    Facsimile: 516.741.6706

    - and-

    Michael S. Greger[1]
    James A. Timko
    Allen Matkins Leck Gamble Mallory
     & Natsis LLP
    1900 Main Street, Fifth Floor
    Irvine, CA  92614-7321
    Telephone: (949) 553-1313
    Facsimile: (949) 553-8354

    Attorneys for Creditor
    Constellation Place, LLC

---

[1] Due to the rapid pace of these proceedings, Mr. Greger and Mr. Timko have yet to obtain the Court's approval to appear in these proceedings on a *pro hac vice* basis. Both Mr. Greger and Mr. Timko are in the process of seeking such approval.

683211