Martin G. Bunin (MB 1602)
William Hao (WH 2286)
Alston & Bird LLP
90 Park Avenue
New York City, New York 10016-1387
Telephone (212) 210-9400
Fax (212) 210-9444

- and -

John C. Weitnauer
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone (404) 881-7000
Fax- (404) 881-7777

Attorneys for Main Street Natural Gas, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
In re:                                                :    Chapter 11
                                                      :
LEHMAN BROTHERS HOLDINGS INC., et al.                 :    Case No 08-13555 (JMP)
                                                      :
                                                      :    Jointly Administered
           Debtors.                                   :
------------------------------------------------------X

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF MAIN STREET NATURAL GAS, INC. TO DEBTORS'
MOTION TO (A) SCHEDULE A SALE HEARING; (B)
ESTABLISH SALES PROCEDURES; (C) APPROVE A
BREAK-UP FEE; AND (D) APPROVE THE SALE OF THE
PURCHASE ASSETS AND THE ASSUMPTION AND
ASSIGNMENT OF CONTRACTS RELATING TO THE
PURCHASED ASSETS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

  Main Street Natural Gas, Inc. ("Main Street") hereby asserts this limited objection and reservation of rights to the Debtors' Motion to (A) Schedule a Sale Hearing; (B) Establish Sales

Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets (the "Sale Motion"), respectfully stating as follows:

1. Main Street is a Georgia non-profit corporation. Main Street was created by the Municipal Gas Authority of Georgia, a public body corporate and politic, a public corporation and instrumentality of the State of Georgia. Main Street was formed to acquire, finance and manage supplies of natural gas for sale to municipal and other governmental entities that are customers of Main Street.

2. Main Street is a party to that certain Trustee Indenture dated as of April 1, 2008 (the "Indenture") between Main Street and The Bank of New York Trust Company, N.A., as Trustee. Proceeds of the Bonds issued pursuant to the Indenture were used to prepay the purchase price of a thirty year supply of natural gas from Lehman Brothers Commodities Services Inc. ("Lehman Commodities"), a non-debtor subsidiary of Lehman Brothers Holdings, Inc. ("LBHI"), under an Agreement for Purchase and Sale of Natural Gas (the "Purchase Agreement"), dated as of April 1, 2008, by and between Main Street and Lehman Commodities.

3. Lehman Commodities' obligations under the Purchase Agreement are guaranteed by LBHI pursuant to a Guaranty dated April 1, 2008.

4. A review of the Asset Purchase Agreement ("APA") attached to the Sale Motion fails to adequately indentify whether the assets of Lehman Commodities are included or implicated in the assets being sold to Barclays Capital, Inc. ("Barclays"). A clear understanding of what assets are included is imperative so that Main Street can evaluate the impact the sale may have on Lehman Commodities' ability to satisfy its obligations under the Purchase Agreement.

5. Section 2.1 of the APA states that Barclays is purchasing from the Debtors all of the Debtors' right, title and interest in, to and under the "Purchased Assets" free and clear of all liens. "Purchased Assets" is defined in the APA to mean "all of the assets of [LBHI] <u>and its Subsidiaries</u> used in connection with the Business (excluding the Excluded Assets), including . . . (h) Purchased Contracts . . . ." *See* APA, Section 1.1 (emphasis added). The term "Business" is defined in the APA to mean "the U.S. and Canadian investment banking and capital markets businesses of Seller including the fixed income and equities cash trading, brokerage, dealing, trading and advisory businesses, investment banking operations and [Lehman Brothers Inc.] business as a futures commission merchant." *See* Id.

6. The foregoing vague and broadly defined terms suggest that the assets of Lehman Commodities may be included in the assets being sold to Barclays. In a meeting held yesterday at the offices of Weil Gotshal and Manges, LLP, Debtor's counsel failed to specify, in response to a question, which subsidiaries of LBHI would be included in the assets being sold, although he did mention that a subsidiary of Lehman Commodities, Eagle Energy LLC ("Eagle Energy"), "may" be included in the assets sold. To the extent assets of Lehman Commodities or Eagle Energy are included in the sale, as a non-debtor affiliate such assets may not be sold free and clear of interests in such property under section 363(f) of the Bankruptcy Code. Only property of the Debtors' estates may be sold free and clear of interests, which would only include the equity interest of LBHI, if any, in Lehman Commodities.

7. As noted above, the term "Purchased Assets" includes the defined term "Purchased Contracts." This term is defined in the APA to mean "all Contracts designated as Purchased Contracts pursuant to Section 2.5." The term "Contract" is defined to mean "any contract, indenture, note, bond, lease or other agreement". Based on the forgoing definitions, it

would appear that Barclay's intends to take some, but not all, of the contracts of one or more subsidiaries of LBHI, including Lehman Commodities and Eagle Energy. The Bankruptcy Code does not permit the selection "assumption" or "rejection" of contracts of a non-debtor party.

8. The Purchase Agreement may be one of the contracts to be assumed and assigned to Barclays. The Purchase Agreement, however, prohibits Lehman Commodities from assigning its rights under the Purchase Agreement without the express written consent of Main Street. *See* Purchase Agreement, ¶ 13. Such written consent has not been provided, and would not be provided in the context of a "cherry-picked" asset sale/assumption and assignment of contracts. This Court cannot, pursuant to section 365 of the Bankruptcy Code, eviscerate an assignment restriction contained in a contract with a non-debtor affiliate.

9. Main Street reserves its right to supplement this limited objection, whether in writing or orally at the sale hearing, as appropriate.

WHEREFORE, the Main Street respectfully objects to the relief requested in the Sale Motion to the extent such relief implicates the assets of Lehman Commodities or Eagle Energy and requests that the Court grant Main Street such other and further relief as is just and equitable.

Dated: September 19, 2008

ALSTON & BIRD, LLP

By: /s/ Martin G. Bunin
Martin G. Bunin (MB 1602)
William Hao (WH 2286)
Alston & Bird LLP
90 Park Avenue
New York City, New York 10016-1387
Telephone (212) 210-9400
Fax (212) 210-9444

- and -

John C. Weitnauer
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone (404) 881-7000
Fax- (404) 881-7777

Attorneys for Main Street Natural Gas, Inc.