BLANK ROME LLP
Attorneys for Thomson Reuters PLC
and Thomson Reuters Corporation
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
Edward J. LoBello (EL 3337)
Michael Z. Brownstein (MB 9379)
Melissa S. Vongtama (MV 9402)

Hearing Date:  September 19, 2008 at 4:00 p.m.
Objection Deadline:  September 19, 2008

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| **LEHMAN BROTHERS HOLDING INC.,** *et al.,* | **Case No. 08-13555 (JMP)** **Jointly Administered** |
| **Debtors.** | **Re:  Dkt. No. 60** |

------------------------------------------------

**CURE AMOUNT OBJECTION AND RESERVATION OF RIGHTS OF THOMSON REUTERS PLC AND THOMSON REUTERS CORPORATION WITH RESPECT TO DEBTORS' MOTION TO (A) SCHEDULE A SALE HEARING; (B) ESTABLISH SALES PROCEDURES; (C) APPROVE A BREAK-UP FEE; AND (D) APPROVE THE SALE OF THE PURCHASED ASSETS AND THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS RELATING TO THE PURCHASED ASSETS**

TO:    **THE HONORABLE JAMES M. PECK,**
        **UNITED STATES BANKRUPTCY JUDGE**

Thomson Reuters PLC and Thomson Reuters Corporation (collectively with their

affiliates, including but not limited to TradeWeb Markets LLC and its affiliates and Omgeo LLC,

"Thomson Reuters"), by its counsel, Blank Rome LLP, hereby submits its cure amount objection

and reservation of rights (the "Cure Amount Objection") with respect to the motion (the "Sale

Motion") of the above captioned debtors and debtors in possession (collectively, the "Debtors")

for entry of an order approving: (a) the sale (the "Proposed Sale") of certain Purchased Assets,[1]

free and clear of liens, claims and encumbrances, to Barclays Capital Inc. ("Barclays"); and (b)

the assumption and assignment of certain executory contracts and unexpired leases related to the

Purchased Assets (collectively, the "Contracts"), pursuant to section 365 of the Bankruptcy

Code, and respectfully represents:

## PRELIMINARY STATEMENT

1.      This Chapter 11 case has progressed at break-neck speed.  Within a matter of five

days, the Debtors have sought to effectuate what is essentially a private sale of its assets valued

at billions of dollars.  Parties in interest, including Thomson Reuters, are reacting as quickly and

efficiently as possible to ascertain and protect their rights with respect to a host of agreements

with the Debtors.

2.      Thomson Reuters appreciates that there are sound business reasons why the sale

process must forge ahead with such urgency.  Indeed, as a licensor to the Debtors of certain

intellectual property rights which are essential to the Debtors' business, Thomson Reuters is

immediately available to enter into discussions with the Debtors and Barclays in an attempt to

reach a consensual resolution with respect to the multiple executory contracts at stake.  Thomson

Reuters is optimistic that such a resolution will be achieved.  Nonetheless, Thomson Reuters also

hereby reserves its rights as more fully set forth below.

## BACKGROUND

3.      Thomson Reuters is a public company formed by the acquisition of Reuters by

Thomson, and is a leading provider and source of information for businesses and professionals.

---

[1]      Capitalized terms not defined in this Cure Amount Objection shall have the meaning ascribed to them in the Sale Motion.

900200.00001/6670106v.4

4.      Thomson Reuters and Debtor Lehman Brothers Holding Inc., and certain of its domestic and foreign subsidiaries, ("LBHI") are parties to certain intellectual property content, license, maintenance, support and other agreements, including: (1) that certain "Global Reuters Services Contract" dated January 1, 2002, between Reuters Limited and LBHI; (2) that certain "System Purchase and Support Agreement" dated September 29, 2000, between Reuters Limited and LBHI; (3) that certain "Global Master Agreement for Thomson Financial Services" dated November 23, 2004, between Thomson Financial Inc. and LBHI; (4) certain contracts between TradeWeb Markets LLC and its affiliates ("TradeWeb") and LBHI; (5) certain contracts between Reuters Transaction Services Limited and LBHI, and (6) potentially other contracts that have not yet been identified at the time of filing of this Cure Amount Objection (collectively, all of the foregoing referred to in this paragraph, as amended from time to time, together with any other amendments, addenda, supplements or related invoices, purchase orders, or other documents, the "Thomson Reuters Contracts").[2]

5.      The Debtors filed their voluntary petitions for relief under the Bankruptcy Code on September 15, 2008 and September 16, 2008, and their Sale Motion on September 17, 2008. The Sale Motion seeks authorization to assume and assign Contracts to Barclays.

## CURE AMOUNT OBJECTION

6.      Although Thomson Reuters disputes the Debtors' proposed cure amounts, the parties may be relatively close to, and Thomson Reuters is prepared to work towards, a consensus. Based upon the Lists of proposed Closing Date Contracts and cure amounts that were uploaded on the designated Website, it appears that the Debtors are suggesting an aggregate cure

---

[2]      Copies of the Thomson Reuters Contracts are not attached hereto, because the agreements are (i) voluminous, and (2) proprietary such that the terms and information contained therein are confidential.  If required, copies can be submitted under seal or otherwise made available to this Court for in camera review.

900200.00001/6670106v.4

amount of approximately $9.2 million with respect to the Thomson Reuters Contracts. Thomson

Reuters' records reflect an aggregate cure amount of approximately $10.4 million, with respect

to the contracts as performed on a domestic basis.[3] However, the Lists are unclear in that they do

not provide information sufficient for Thomson Reuters to properly identify which Thomson

Reuters Contracts the Debtors are proposing to assume and assign. Further, Thomson Reuters

needs additional time to review and analyze the proposed cure amounts. As such, Thomson

Reuters requests that the Debtors more clearly identify the Closing Date Contracts, that a

mechanism be established for the resolution of disputes relating to cure amounts (including but

not limited to the escrow of funds in a manner satisfactory to the Court), and that this Court

schedule a hearing to determine the applicable cure amounts.

## **RESERVATION OF RIGHTS**

7.      Thomson Reuters hereby reserves its rights to object that the Debtors are not

authorized to assume and assign the Thomson Reuters Contracts under the Bankruptcy Code.

See 11 U.S.C. § 365(c)(1); see also 3 Collier on Bankruptcy ¶ 365.06[1] (15th ed. rev.) (noting

that "if a contract is of a type that could not be assigned under applicable law, it may not be

assumed or assigned by a trustee or debtor in possession"). It is well-established that

nonexclusive software license agreements are not assignable under federal copyright law absent

the licensor's consent. In re Patient Education Media, Inc., 210 B.R. 237, 240 (Bankr. S.D.N.Y.

1997) ("[T]he nonexclusive license is personal to the transferee . . . and the licensee cannot

assign it to a third party without the consent of the copyright owner."). Similarly, Thomson

---

[3]      According to Thomson Reuters' records, the aggregate cure amount with respect to the Thomson Reuters
Contracts as performed on a global basis, i.e. both domestic and foreign, exceeds $14 million.

Reuters reserves its rights to assert that the Debtors do not have the right to sublicense Thomson Reuters' intellectual property, nor should they be permitted to accomplish indirectly what they cannot do directly.  Moreover, Thomson Reuters reserves its rights to assert that certain of the TradeWeb contracts are terminable and not assignable pursuant to the terms and provisions thereof, applicable law, and section 365(c)(1).

8.      Further, some of the Thomson Reuters Contracts are comprised of a master agreement coupled with multiple order forms in order to, among other things, enable the Debtors' affiliates to obtain critical services.  Thomson Reuters reserves its rights to assert that the Debtors are required to assume such contracts in their entirety.  See In re Fleming Companies, Inc., 499 F.3d 300, 308 (3d Cir. 2007) (holding that it is axiomatic that an executory contract must be assumed *cum onere*); In re Exide Techs., 340 B.R. 222, 228 (Bankr. D. Del. 2006) (holding that all of the contracts that comprise an integrated agreement must either be assumed or rejected as a whole).  In light of the extremely short notice provided to Thomson Reuters and the incomplete contract information supplied in the List on the Website, it is unclear whether the Debtors seek to do so.

900200.00001/6670106v.4

**WHEREFORE**, Thomson Reuters respectfully requests that the Court (a) determine the

appropriate cure amounts with respect to the Thomson Reuters Contracts and (b) grant Thomson

Reuters such other and further relief as is just and proper.

Dated: New York, New York
      September 19, 2008                     Respectfully Submitted,

**BLANK ROME LLP**

By: __/s/ Edward J. LoBello_____
      Edward J. LoBello (EL 3337)
      Michael  Z. Brownstein (MB 9379)
      Melissa S. Vongtama (MV 9402)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0208
Tel: (212) 885-5000
Fax: (212) 885-5001

*Attorneys for Thomson Reuters PLC and*
*Thomson Reuters Corporation*

900200.00001/6670106v.4