Hearing Date: September 19, 2008 at 4:00 p.m.
Objection Deadline: September 19, 2008 at 4:00 p.m.

WINSTON & STRAWN LLP
Carey D. Schreiber (CS 3896)
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

-and-

Daniel J. McGuire
Myja K. Kjaer
35 West Wacker Drive
Chicago, Illinois  60601
Telephone No.: (312) 558-5600
Facsimile No.: (312) 558-5700

Counsel for Capgemini Financial Services USA, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| In re: | § | **Chapter 11** |
|---|---|---|
| | § | |
| **LEHMAN BROTHERS HOLDING, INC, et al.** | § | **Case No. 08-13555 (JMP)** |
| | § | |
| Debtors. | § | **(Jointly Administered)** |

**LIMITED OBJECTION OF CAPGEMINI FINANCIAL SERVICES USA, INC. TO DEBTORS' (I) NOTICE OF ASSUMPTION AND ASSIGNMENT OF, AND AMOUNTS NECESSARY TO CURE DEFAULTS UNDER CONTRACTS AND LEASES TO BE ASSUMED AND ASSIGNED TO SUCCESSFUL PURCHASER AND (II) CURE NOTICE**

Capgemini Financial Services USA, Inc. ("Capgemini") hereby submits this Limited Objection to the Debtors' (i) Notice of Assumption and Assignment of, and Amounts Necessary to Cure Defaults under Contracts and Leases to be Assumed and Assigned to Successful Purchaser (the "Notice") (Docket No. 107) and (ii) Cure Notice (the "Cure Notice") posted online by Lehman Brothers Holding, Inc. ("LBHI") and LB 745 LLC (together with LBHI, the "Debtors") at 1:07 a.m. on September 19, 2008, respecting certain executory contracts with Capgemini. In support of this Limited Objection, Capgemini respectfully states as follows:

1. Capgemini currently provides services to non-Debtors Lehman Brothers, Inc. ("LBI") under various professional services transaction schedules (the "Capgemini Contracts"), as set forth in the General Terms and Conditions and Professional Services Supplement between Capgemini and LBHI originally dated on or about December 22, 2005 as same has been amended, supplemented or modified from time to time (the "General Terms and Conditions"), each of which constitutes a separate executory contract. Additional supporting documentation with respect to the Capgemini Contracts may be available. Such additional supporting documentation (i) is in the possession of the Debtors or other affiliated non-Debtors, (ii) is too voluminous to attach hereto, and/or (iii) is confidential and may be obtained by contacting Carey D. Schreiber, Winston & Strawn LLP, 200 Park Avenue, New York, NY 10166, cschreiber@winston.com, (212) 294-6700.

2. On September 15, 2008 and September 16, 2008, respectively (as applicable, the "Petition Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. On September 17, 2008, the Debtors filed a motion with the Bankruptcy Court seeking, among other things, an order approving a sale of certain designated assets relating to LBI.

4. On September 17, 2008, the Bankruptcy Court entered an Order: (A) Authorizing a Break-Up Fee and Expense Reimbursement, (B) Approving Certain Matters Relating to Competing Bids, if any, as Set Forth in the Purchase Agreement, (C) Approving the Form and Manner of Sale Notices, and (D) Fixing a Date for the Sale Hearing (the "Procedures Order")[1].

5. Pursuant to the Procedures Order, the Debtors are required to list on a website those

---

[1] Capitalized terms that are not otherwise defined in this Limited Objection shall have the meanings ascribed to them in the Procedures Order.

executory contracts and unexpired leases that the Debtors propose to assume and assign to Purchaser under the Purchase Agreement at the Closing Date. In addition the Debtors are required to list proposed cure amounts for each such executory contract and unexpired lease.

6. On September 18, 2008 the Debtors filed the Notice and in the early hours of September 19, 2008 posted the Cure Notice.

7. In the Cure Notice the Debtors appear to indicate that the Capgemini and numerous other (and in many instances not clearly specified) Contracts are among the Closing Date Contracts to be assumed and assigned to the Purchaser effective on the Closing Date. It is not clear in the Cure Notice whether all of the Capgemini Contracts are among the Closing Date Contracts to be assumed and assigned to the Purchaser effective on the Closing Date.

8. Capgemini does not object to the assignment of the Capgemini Contracts that appear to be included among the Closing Date Contracts to the Purchaser. Capgemini does, however, object to the ambiguity with which the Debtors has identified the Capgemini Contracts to be assumed, to the listed counterparties to the Capgemini Contracts and to the Cure Amounts asserted by the Debtors in the Cure Notice with respect to the Capgemini Contracts. The Capgemini Contracts to be included among the Closing Date Contracts need to be identified with more specificity, so that Capgemini, the Debtors and the Purchaser have a clear and consistent understanding of which contracts are being assumed and assigned in this instance.

9. Although the Sale Motion is being heard on exceptionally short notice and Capgemini's internal inquiry concerning the Capgemini Contracts and amounts due thereunder is only preliminary at this point, Capgemini believes that the General Terms and Conditions are the only contract with LBHI and all of the Capgemini Contracts are by

and between Capgemini and non-debtor LBI, not LBHI as listed in the Cure Notice. Accordingly Capgemini objects to any improper counterparty listing pursuant to the Cure Notice and reserves all of its rights in that regard.

10. Moreover, as set forth in greater detail pursuant to Exhibit A attached hereto, Capgemini currently believes, based on an initial review of its books and records, that with respect to the Cure Amounts listed for the Capgemini Contracts, Capgemini is owed not less than $1,627,276.50 (the "Corrected Cure Amount )[2] in order to cure existing payment defaults on the Capgemini Contracts through the Petition Date.

11. Accordingly, pursuant to paragraph 12(c) of the Procedures Order, Capgemini objects to the Cure Notice, requests that the Court require the Debtors to identify the Capgemini Contracts to be included in the Closing Date Contracts with greater specificity (including, but not limited to, listing the appropriate counterparty to the Capgemini Contracts in the Cure Notice), and requests that the Court require the Debtors and the Purchaser, jointly and severally, as a condition to assumption and assignment of the Capgemini Contracts to the Purchaser under section 365(b)(1) of the Bankruptcy Code, to pay Capgemini the Corrected Cure Amount in full, as set forth herein.  In the alternative, Capgemini requests that the Court schedule a hearing at a later date to address identification of the specific Capgemini Contracts to be assumed and assigned to the Purchaser, and to adjudicate any remaining dispute between Capgemini and the Debtors and/or the Purchaser as to the Cure Amounts, and find that the Debtors and the Purchaser shall be jointly and severally liable for payment of such cure amount upon a final determination thereof by this Court.

12. Capgemini reserves its rights (i) to amend, update and/or supplement this Limited

---

[2] Capgemini reserves all of its rights to amend the Corrected Cure Amount after further investigation of the extent of, and amounts due and unpaid under, executory contracts between Capgemini and the Debtors and/or non-Debtors

Objection at any time, and in any respect; (ii) with respect to all amounts due to Capgemini pursuant to the Capgemini Contracts and to file proofs of claim for such amounts; (iii) to file a request for payment of administrative expenses in accordance with Sections 503 and 507 of the Bankruptcy Code; (iv) to assert a right of setoff pursuant to Section 553 of the Bankruptcy Code or right of recoupment with respect to any claims described herein; and/or (v) with respect to the Capgemini Contracts.

WHEREFORE, Capgemini respectfully requests that the Court (i) enter an order requiring the Debtors to identify the Capgemini Contracts to be included in the Closing Date Contracts with greater specificity (including, but not limited to, listing the appropriate counterparty to the Capgemini Contracts in the Cure Notice), and directing payment in full of the Corrected Cure Amount to Capgemini on the Closing Date as a condition to the Debtors' assumption and assignment of the Capgemini Contracts to the Purchaser; or in the alternative (ii) schedule a hearing at a later date to address identification of the specific Capgemini Contracts to be assumed and assigned to the Purchaser, and to adjudicate any remaining dispute between Capgemini and the Debtors and/or the Purchaser as to the Cure Amounts, and find that the Debtors and the Purchaser shall be jointly and severally liable for payment of such cure amount upon a final determination thereof by this Court; and (iii) grant Capgemini such other and further relief as this Court may deem just and proper.

---

affiliated entities such as LBI.  These amounts are as of the Petition Date and, in addition, are amounts that have continued to accrue thereafter.

Dated: New York, New York
    September 19, 2008           Respectfully submitted,

                                      CAPGEMINI FINANCIAL SERVICES USA, INC.

                                      /s/ Carey D. Schreiber
                                    Carey D. Schreiber
                                    WINSTON & STRAWN LLP
                                    200 Park Avenue
                                    New York, New York 10166
                                    (212) 294-3547
                                    (212 294-3547 (Fax)

                                    -and-

                                    Daniel J. McGuire
                                    Myja K. Kjaer
                                    WINSTON & STRAWN LLP
                                    35 West Wacker Drive
                                    Chicago, Illinois 60601
                                    (312) 558-5600
                                    (312) 558-5700 (Fax)

                                   Attorneys for Capgemini Financial Services
                                   USA, INC.

# CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Limited Objection of Capgemini Financial Services USA, INC. to the Debtors' (i) Notice of Assumption and Assignment of, and Amounts Necessary to Cure Defaults under Contracts and Leases to be Assumed and Assigned to Successful Purchaser and (ii) Cure Notice by First Class Mail, and by e-mail as and where indicated, addressed as follows:

Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
E-Mail: harvey.miller@weil.com E-Mail: jacqueline.marcus@weil.com E-Mail: shai.waisman@weil.com

Brian Shoichi Masumoto, Esq.
The Office of the United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004

Dennis F. Dunne, Esq.
Luc A. Despins, Esq.
Wilbur F. Foster, Jr., Esq.
Milbank Tweed Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

Paul Aronson, Esq.
Gregory A. Bray, Esq.
Milbank Tweed Hadley & McCloy LLP
601 South Figueroa Street
30th Floor
Los Angeles, CA 90017

This 19th day of September, 2008

/s/ Carey D. Schreiber