JOSEPHINE WANG
General Counsel
KENNETH J. CAPUTO
Senior Associate General Counsel for Litigation
SECURITIES INVESTOR PROTECTION
 CORPORATION
805 Fifteenth Street, N.W., Suite 800
Washington, DC 20005-2207
Telephone: (202) 371-8300

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>LEHMAN BROTHERS INC.<br><br>Defendant. | Civil Action No. |

**COMPLAINT AND APPLICATION OF**
**THE SECURITIES INVESTOR PROTECTION CORPORATION**

Plaintiff-Applicant Securities Investor Protection Corporation ("SIPC") applies to this Court for a protective decree adjudicating that the customers of the defendant Lehman Brothers Inc. ("LBI") are in need of the protections afforded under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §78aaa et seq. ("SIPA"),[1] and respectfully alleges the following:

    1.    SIPC is a nonprofit membership corporation created under SIPA.

---

1. References hereinafter to provisions of SIPA shall omit "15 U.S.C."

2.    LBI is a broker-dealer registered with the United States Securities and Exchange Commission ("Commission") and the Commodity Futures Trading Commission ("CFTC"), a member of the Financial Industry Regulatory Authority ("FINRA"), and a member of SIPC. Under SIPA §78eee(a)(3), SIPC has jurisdiction over broker-dealers that are members of SIPC, or were members within 180 days prior to SIPC's determination that an application for a protective decree should be filed. In the instant case, SIPC has determined that an application for a protective decree should be filed as to LBI.

3.    LBI has its principal office and place of business at 745 Seventh Avenue, New York, NY 10019.

4.    This proceeding arises under SIPA, more particularly §§78eee(a)(3) and (b)(2), which confers jurisdiction over this proceeding and exclusive jurisdiction over LBI and its property on this Court.

5.    Upon sufficient information, including information supplied by the Commission, SIPC has determined that LBI has failed to meet its obligations to its customers within the meaning of SIPA §78eee(a)(3), and that there exists one or more of the conditions specified in SIPA §78eee(b)(1). Specifically, LBI is unable to meet its obligations to customers as they mature.

6.    Because of the above, the customers of LBI are in need of the protection provided by SIPA, and this Court should issue a protective decree (hereinafter, "LBI Liquidation Order") pursuant to SIPA §78eee(b)(1).

7.    SIPA §78eee(b)(3) provides that upon issuance of the LBI Liquidation Order the court shall forthwith appoint as trustee for the liquidation of the business of the debtor and as attorney for the trustee, such persons as SIPC, in its sole discretion, specifies. Pursuant to

60394659_5.DOC

that section, SIPC respectfully designates James W. Giddens, as trustee, and the law firm of Hughes Hubbard & Reed LLP as counsel to the trustee.

8.  The filing of this Complaint and Application operates, pursuant to 11 U.S.C. ("Bankruptcy Code") §362(a), as an automatic stay with respect to actions enumerated in that section. Notice of the applicability of the automatic stay should be part of the LBI Liquidation Order.

9.  SIPA §78eee(b)(2)(B)(i) provides that the Court "shall stay any pending bankruptcy, mortgage foreclosure, equity receivership, or other proceeding to reorganize, conserve, or liquidate the debtor or its property and any other suit against any receiver, conservator, or trustee of the debtor or its property. . . ." Such actions are also stayed by operation of Bankruptcy Code §362(a).

10. Pursuant to SIPA §78eee(b)(2)(B)(ii), the Court is empowered to stay "any proceeding to enforce a lien against property of the debtor or any other suit against the debtor." SIPA §78eee(b)(2)(B)(iii) provides that the Court may stay "enforcement of . . . but shall not abrogate any right of setoff, except to the extent such right may be affected under section 553 of title 11, and shall not abrogate the right to enforce a valid, nonpreferential lien or pledge against the property of the debtor." SIPA §78eee(b)(2)(C)(ii) provides that notwithstanding section 78eee(b)(2)(C)(i), the application by SIPC or any order or decree thereon "may operate as a stay of the foreclosure on, or disposition of, securities collateral pledged by the debtor, whether or not with respect to one or more of such contracts or agreements, securities sold by the debtor under a repurchase agreement, or securities lent under a securities lending agreement."

11. Pursuant to SIPA §§78fff-1(a) and (b), a trustee appointed under SIPA is vested with all the powers of a chapter 7 trustee under the Bankruptcy Code. Section 721 of the Bankruptcy Code authorizes a trustee "to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." In this case, in order to most effectively and efficiently facilitate the orderly transfer of customers' accounts, and the orderly liquidation of the estate of LBI, it is necessary and appropriate to authorize the SIPA trustee to operate the business of LBI to: (a) complete settlements of pending transactions, and to take other necessary and appropriate actions to implement the foregoing, in such accounts until 6:00 p.m. on September 23, 2008, and (b) take other action as necessary and appropriate for the orderly transfer of customer accounts and related property.

12. The relief requested should be granted in order to safeguard and protect any property of LBI for the benefit of its customers and other creditors, and in the interest of an orderly liquidation of the business of LBI.

13. Pursuant to SIPA §78eee(b)(4), upon issuance of the LBI Liquidation Order, the Court shall order the removal of the entire liquidation proceeding to the court of the United States in this judicial district having jurisdiction over cases under the Bankruptcy Code, which in this case is the United States Bankruptcy Court for the Southern District of New York.

14. SIPC has made no previous application to any court for the relief requested.

**WHEREFORE,** SIPC respectfully requests:

60394659_5.DOC

I.      That this Court enter a LBI Liquidation Order:

    A.      Adjudicating that the customers of LBI are in need of the protections afforded under SIPA;

    B.      Appointing (i) James W. Giddens as trustee for the liquidation of the business of LBI, with all the duties and powers of a trustee as prescribed in SIPA, and (ii) the law firm of Hughes Hubbard & Reed LLP as counsel to the trustee;

    C.      Providing notice that, subject to the other provisions of Bankruptcy Code §362, the automatic stay provisions of Bankruptcy Code §362(a) operate as a stay of:

        1.      the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other proceeding against LBI that was or could have been commenced before the commencement of this proceeding, or to recover a claim against LBI that arose before the commencement of this proceeding;

        2.      the enforcement against LBI or against property of the estate of a judgment obtained before the commencement of this proceeding;

        3.      any act to obtain possession of property of the estate or property from the estate;

        4.      any act to create, perfect or enforce any lien against property of the estate;

        5.      any act to create, perfect or enforce against property of LBI any lien to the extent that such lien secures a claim that arose before the commencement of this proceeding;

        6.      any act to collect, assess or recover a claim against LBI that arose before the commencement of this proceeding;

        7.      the setoff of any debt owing to LBI that arose before the commencement of this proceeding against any claim against LBI; and

  8. the commencement or continuation of a proceeding before the United States Tax Court concerning LBI' tax liability for a taxable period the Bankruptcy Court may determine;

 D. Staying, enjoining and restraining, pursuant to the Court's exclusive jurisdiction over LBI and its property, wherever located, and Bankruptcy Code §105(a), all persons and entities from directly or indirectly removing, transferring, setting off, receiving, retaining, changing, selling, pledging, assigning or otherwise disposing of, withdrawing or interfering with any assets or property owned, controlled or in the possession of LBI, including but not limited to the books and records of LBI, and customers' securities and free credit balances, except for the purpose of effecting possession and control of said property by the trustee;

 E. Staying, enjoining and restraining, pursuant to SIPA §78eee(b)(2)(B)(i), any pending bankruptcy, mortgage foreclosure, equity receivership or other proceeding to reorganize, conserve or liquidate LBI or its property and any other suit against any receiver, conservator or trustee of LBI or its property;

 F. Providing that, pursuant to SIPA §§78eee(b)(2)(B)(ii) and (iii), and notwithstanding the provisions of Bankruptcy Code §§362 and 553, except as otherwise set forth in the LBI Liquidation Order, all persons and entities are stayed, enjoined and restrained, for a period of twenty-one (21) days after the date of entry of the LBI Liquidation Order or such other time as may subsequently be ordered by this Court, or any other court having competent jurisdiction over this proceeding, from enforcing liens or pledges against the property of LBI and from exercising any right of setoff, without first receiving the written consent of SIPC;

 G. Providing that, pursuant to SIPA §78eee(b)(2)(C)(ii), and notwithstanding SIPA §78eee(b)(2)(C)(i), all persons and entities are stayed for a period of twenty-one (21) days after

the date of entry of the LBI Liquidation Order or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from foreclosing on, or disposing of, securities collateral pledged by LBI, whether or not with respect to one or more of such contracts or agreements, securities sold by LBI under a repurchase agreement, or securities lent under a securities lending agreement, without first receiving the written consent of SIPC;

H. Providing that nothing in the LBI Liquidation Order shall enjoin:

1. any suit, action or proceeding brought or to be brought by the Commission, the CFTC, or any self-regulatory organization of which LBI is now a member or was a member within the past six months; or

2. the exercise of a contractual right of a creditor to liquidate, terminate, or accelerate a securities contract, commodity contract, forward contract, repurchase agreement, swap agreement, or master netting agreement, as those terms are defined in Bankruptcy Code §§101, 741, and 761, to offset or net termination values, payment amounts, or other transfer obligations arising under or in connection with one or more of such contracts or agreements, or to foreclose on any cash collateral pledged by LBI, whether or not with respect to one or more of such contracts or agreements; or

3. the exercise of a contractual right of any securities clearing agency to cause the liquidation of a securities contract as defined in Bankruptcy Code §741(7) and the contractual right of any derivatives clearing organization to cause the liquidation of a commodity contract as defined in 11 U.S.C. §761(4); or

4. the exercise of a contractual right of any stockbroker or financial institution, as defined in Bankruptcy Code §101, to use cash or letters of credit held by it as

novation or rollover of such transaction) entered into on or prior to the earlier of (i) consummation of the transactions contemplated by the Asset Purchase Agreement dated September 16, 2008 among Barclays Capital Inc., LBI, Lehman Brothers Holdings Inc. and LB 745 LLC and (ii) September 24, 2008;

    I.    Authorizing the Trustee to operate the business of LBI to: (a) conduct business in the ordinary course until 6:00 p.m. on September 19, 2008, including without limitation, the purchase and sales of securities, commodities futures and option transactions, and obtaining credit and incurring debt in relation thereto; (b) complete settlements of pending transactions, and to take other necessary and appropriate actions to implement the foregoing, in such accounts until 6:00 p.m. on September 23, 2008; and (c) take other action as necessary and appropriate for the orderly transfer of customer accounts and related property.

    J.    Removing this liquidation proceeding to the United States Bankruptcy Court for the Southern District of New York, pursuant to SIPA §78eee(b)(4); and

    K.    Authorizing the trustee to take immediate possession of the property of LBI, wherever located, including but not limited to the books and records of LBI, and to open accounts and obtain a safe deposit box at a bank or banks to be chosen by the trustee, and to designate such of his representatives who shall be authorized to access such property.

    L.    Directing the Clerk of the Court to immediately open the docket in the present proceeding and enter the requested order thereon immediately.

    M.    Directing the Clerk of the Court to produce seventy-five (75) certified copies of the requested order immediately upon entry of the Order.

[the remainder of this page left intentionally blank]

II.     That the Court grant such other and further relief it may deem necessary and proper.

DATED: September 19, 2008

                          Respectfully submitted,
                          JOSEPHINE WANG
                          General Counsel

                          */s/ Kenneth Caputo*
                          KENNETH J. CAPUTO
                          Senior Associate General Counsel

                          SECURITIES INVESTOR PROTECTION
                           CORPORATION
                          805 Fifteenth Street, N.W., Suite 800
                          Washington, DC 20005
                          Telephone: (202) 371-8300
                          Facsimile: (202) 371-6728
                          E-mail: kcaputo@sipc.org