Hearing Date:  September 19, 2008, at 4:00 p.m.

Michael Blumenthal, Esq.
Steven Eichel, Esq.
Crowell & Moring LLP
153 East 53rd Street, 31st Floor
New York, New York 10022-4611
Tel: (212) 223-4000
Fax: (212) 895-4201
Attorneys for ICAP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

**In re**               :      **Chapter 11**

                            :

**Lehman Brothers Holdings Inc., et al.,**    :      **Case Nos: 08-13555 (JMP)**
                            :      **(Jointly Administered)**

             **Debtors.**           :

                            :

---------------------------------------------------------x

### LIMITED OBJECTION AND RESERVATIONS OF RIGHTS OF ICAP TO DEBTORS' MOTION TO (A) SCHEDULE A SALE HEARING; (B) ESTABLISH SALES PROCEDURES; (C) APPROVE A BREAK-UP FEE; AND (D) APPROVE THE SALE OF THE PURCHASED ASSETS AND THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS RELATING TO PURCHASED ASSETS

ICAP North America Inc., ICAP Electronic Broking LLC (f/k/a BrokerTec USA,

L.L.C.), ICAP Securities USA LLC (f/k/a Garban LLC), First Brokers Securities LLC, First

Brokers Holdings Inc., ICAP Corporates LLC (f/k/a Garban Corporates LLC), ICAP Capital

Markets LLC (f/k/a Garban Capital Markets LLC), ICAP Securities Ltd., ICAP Futures LLC

(f/k/a Garban Futures LLC), GovPX Inc., ICAP Information Services LLC, ICAP Energy LLC

(f/k/a APB Energy LLC), ICAP United LLC, Traiana Inc., Linkbrokers Derivatives Corporation,

EBS Dealing Resources Inc., EBS Service Company Limited, Pronous Asset Management LLC,

PGB LLC, Wrightson ICAP LLC, and Hartfield, Titus & Donnelly LLC (collectively, "ICAP")

hereby object to Debtors' motion to (A) schedule a sale hearing; (B) establish sales procedures;

(C) approve a break-up fee; and (D) approve the sale of the purchased assets and the assumption and assignment of contracts relating to the purchased assets (the "Sale Motion") and in support thereof states as follows:

## BACKGROUND

1.    ICAP provides various types of brokerage and related services to, among others, Lehman Brothers Inc. ("LBI"), a non-debtor broker dealer.

2.    On September 15, 2008 (the "Petition Date"), Lehman Brothers Holding, Inc. and LB 745 LLC (collectively, the "Debtors") filed for bankruptcy protection with the United States Bankruptcy Court for the Southern District of New York pursuant to Chapter 11 of Title 11 of the United States Code.

3.    On September 17, 2008, the Debtors filed the Sale Motion without identifying contracts to be assumed and their cure amounts.  Less than 24 hours before the hearing on the Sale Motion, the Debtors filed a list of contracts to be assumed and assigned at the closing (collectively, the "Closing Date Contracts") to the Barclay's Capital Inc. (the "Purchaser").

## LIMITED OBJECTION

4.    Pursuant to the Sale Motion, the Debtors propose to sell certain "Purchased Assets" to the Purchaser for approximately $1.7 billion in cash, plus the assumption of certain obligations and expenses.  Based on the list of Closing Date Contracts posted online, the Purchased Assets appear to include several agreements with ICAP.

5.    The website, however, is somewhat confusing and incomplete.  Although ICAP appears eight times on the list of Closing Date Contracts, the Debtors and LBI have omitted the

identity and/or address of the relevant ICAP entity, and thus it is unclear which contracts between ICAP and LBI are being and assigned.

6.      ICAP does not object to the assignment of the ICAP agreements to the Purchaser. ICAP does, however, object to the lack of information provided to allow it to determine the appropriate contracts being assigned.  Moreover, the cure amounts posted on the website do not correspond to ICAP's books and records.

7.      Thus, as a result of (i) the difference in cure amounts believed to be owed and (ii) the Debtor's lack of information as to the address of and/or identity of the particular ICAP entity whose agreement is being assigned, ICAP is unable to determine which contracts are being assigned.  To resolve this issue, ICAP has listed its agreements with LBI and the Debtors' other affiliated entities on Exhibits A and B so that the parties can work together to resolve the issue as to which agreements are being assigned and the respective cure amounts for each assigned contract.

8.      Furthermore, ICAP's internal review of the amounts due under contracts with LBI and the Debtors' affiliates is only preliminary at this point.  ICAP continues to provide services since the Petition Date and, as a result of these post petition services, the cure amounts owed to ICAP will increase.  As a result, ICAP reserves the right to amend and supplement the cure amounts listed on Exhibits A and B.[1]

9.      Accordingly, ICAP files this limited objections to the proposed cure amounts, requests that the Court require the Debtors to identify the ICAP contracts to be included in the Closing Date Contracts with greater specificity, and requests that the Court require the Debtors,

---

[1] ICAP has additional claims, which are set forth on Exhibit C and D, respectively, concerning a stock loan agreement (Ex. C) and various emerging market positions (Ex. D).  It is unclear from the Purchase Agreement and the Sale Motion whether these positions/agreements are being assigned, and they are being included in an abundance of caution.

LBI, and the Purchaser, as a condition to assignment of ICAP contracts to pay the cure amount listed on Exhibits A and B, as supplemented through the closing date.

10.    In light of the simplicity of the legal issues, ICAP respectfully requests the Court waive the local rules requirement of a memorandum of law.

WHEREFORE, ICAP respectfully requests that the Court enter an order (i) requiring the Debtors to identify the ICAP contracts to be included in the Closing Date Contracts with greater specificity, (ii) directing payment in full or establishment of a reserved account of the corrected cure amounts to the relevant ICAP entity on the Closing Date as a condition to the Debtors' assignment of the ICAP contracts to the Purchaser, and (iii) grant ICAP such other and further relief as this Court may deem just and proper.

Dated: September 19, 2008
New York, New York

Crowell& Moring LLC
153 East 53rd Street
31st Floor
New York, New York 10022
Michael Blumenthal, Esq.
Tel:    (212) 223-4000
Fax:    (212) 895-4201
*Attorneys for ICAP*

By:  /s/ Michael Blumenthal
        Michael Blumenthal
        Steven B. Eichel

63042404v1 DC