Luma Al-Shibib (LA-4179)
Reed Smith LLP
599 Lexington Avenue, 30th Floor
New York, New York 10022
(212) 521-5400
lalshibib@reedsmith.com

*Attorneys for IKON Office Solutions, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS, INC.,** | **Case No. 08-13555 (JMP)** |
| **Debtor.** | |

-------------------------------------------------------------x

**OBJECTION OF IKON OFFICE SOLUTIONS, INC. TO DEBTORS' MOTION TO (A) SCHEDULE A SALE HEARING; (B) ESTABLISH SALES PROCEDURES; (C) APPROVE A BREAK-UP FEE; AND (D) APPROVE THE SALE OF THE PURCHASED ASSETS AND THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS RELATING TO THE PURCHASED ASSETS**

IKON Office Solutions, Inc. ("IKON") by and through its counsel, objects to the Debtors' Motion To (A) Schedule A Sale Hearing; (B) Establish Sales Procedures; (C) Approve A Break-Up Fee; And (D) Approve The Sale Of The Purchased Assets And The Assumption And Assignment Of Contracts Relating To The Purchased Assets (the "Sale Motion") and states as follows:

**FACTUAL BACKGROUND**

1.  On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. (the "Debtor") and its debtor affiliates (the "Debtors") filed for bankruptcy protection with the United States Bankruptcy Court for the Southern District of New York pursuant to chapter 11

of title 11 of the United States Code (the "Bankruptcy Code").

2. On September 17, 2008, the Debtor filed the Sale Motion. On September 18, 2008, the Debtors filed the Notice Of Assumption And Assignment Of, And Amounts Necessary To Cure Defaults Under Contracts And Leases To Be Assumed And Assigned To Successful Purchaser (the "Cure Notice").

3. The timing of the filing of the Cure Notice provided parties in interest with approximately one day to object to the Sale Motion and Cure Notice and appear at the hearing on the Sale Motion.

## The Contracts and the Cure Amounts

4. Prior to the Petition Date, IKON entered into numerous executory contracts and/or unexpired leases with Lehman Brothers entities.

5. Pursuant to those contracts, IKON is owed at least the sum of $242,132.79. The amounts of those claims fluctuate and continue to accrue.

## The Cure Notice

6. Yesterday, the Debtors filed the Cure Notice. The "Non-IT" list of contracts to be assumed and assigned per the Cure Notice provides, in part, as follows:

| Vendor Name | Cure Total | Notification Address | Notification City, ZIP, State | Lehman Entity |
|---|---|---|---|---|
| IKON OFFICE SOLUTIONS INC | $220,000.00 | 1730 Bass Rd. | Macon, GA 31210 | LBHI |
| IKON OFFICE SOLUTIONS INC | $0.00 | 1730 Bass Rd. | Macon, GA 31210 | LBHI |
| IKON OFFICE SOLUTIONS INC | $0.00 | 1730 Bass Rd. | Macon, GA 31210 | LBHI |

| IKON OFFICE SOLUTIONS INC | $0.00 | 1730 Bass Rd. | Macon, GA 31210 | LBHI |

7. The "IT" list of contracts to be assumed and assigned per the Cure Notice provides as follows:

| Vendor Name | Type II | Vendor Contact Name | Vendor Contact Address | Lehman Entity |
|---|---|---|---|---|
| IKON OFFICE SOLUTIONS INC. | Amendment/ Addendum/ Schedule | No contact | Not available | N/A |

8. Contracts are not listed by date, title or contract number. As evidenced by the Cure Notice and the lists attached, the Debtors have failed to provide adequate notice of what executory contracts are being assumed. Without adequate identification of contracts in accordance with Rule 6004(f), IKON is unable to determine which contracts are among those listed by the Debtors in its Cure Notice.

## OBJECTIONS

### The Debtors Must Identify The Relevant Executory Contracts And Pay The Cure Amounts To Assume Those Contracts

9. The Sale Notice fails to comply with the Federal Rules of Bankruptcy Procedure because the Debtors do not sufficiently identify the contracts that are being assumed and assigned. Contracts are not listed by date, title or contract number. Having failed to identify the contracts to be assumed and assigned, the Debtors have failed to give enough information for IKON to determine if the Debtors are paying the appropriate cure amount for each contract as opposed to "cherry-picking" under the relevant contracts. See Fed.R.Bankr.P. 6006(f)(2) (assumption motion must "list parties alphabetically" and, again, "identify the corresponding contract or lease"); Fed.R.Bankr.P. 6006(f)(3) (assumption motion must "specify the terms,

WILLIB-60790.1-JCFALGOW

including the curing of defaults, for *each* requested assumption or assignment") (emphasis added). The Debtor must properly identify the contracts it seeks to assume in order to afford counterparties an opportunity to assert cure objections setting forth the proper cure amounts owed.

10. The Section 365(a) provides that a trustee or debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). A trustee or debtor in possession generally has the discretion to assume or reject an executory contract or unexpired lease. See Texaco, Inc. v. Bd. of Comm'rs (In re Texaco, Inc.), 254 B.R. 536, 556 (S.D.N.Y. 2000); Sharon Steel Corp. v. National Fuel Gas Dist. Corp., 872 F.2d 36, 39 (3d Cir. 1989).

11. When a debtor assumes an executory contract or an unexpired lease, it becomes a binding obligation of the debtor's bankruptcy estate. The debtor must cure defaults and provide adequate assurance of future performance in order to assume an executory contract or unexpired lease. See 11 U.S.C. § 365(b)(1)(A)-(C).

12. It is well established that when a debtor assumes an executory contract, it does so *cum onere*, with all of the benefits and burdens. See NLRB v Bildisco and Bildisco, 465 U.S. 513, 531 (1984) (debtor assumes executory contract *cum onere*); Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.), 78 F.3d 18, 24 (2d Cir. 1996) (quoting Bildisco); Texaco, 254 B.R. at 550 & n.1 ("The law is clear that a debtor who assumes a lease or other executory contract assumes the contract *cum onere*, without any diminution in its obligations or impairment of the rights of" the other party "in the present or the future."); Kopel v. Pasquale Campanile (In re Kopel), 232 B.R. 57, 63 (Bankr. S.D.N.Y. 1999) (It is "axiomatic" that an executory contract "must be assumed *cum onere*"); see also In re Jamesway Corp., 201 B.R. 73, 76 (Bankr.

S.D.N.Y. 1996); Leslie Fay Cos., Inc. v. Corporate Prop. Assocs. 3, 166 B.R. 802, 808 (Bankr. S.D.N.Y. 1994).

13. An executory contract cannot be "assumed in part and rejected in part." AGV Productions, Inc. v. Metro-Goldwyn-Mayer, Inc., 115 F.Supp.2d 378, (S.D.N.Y. 2000) (debtor cannot assume "some of the provisions of an agreement and reject others, because under the law of bankruptcy a contract cannot be assumed in part or rejected in part"). "A debtor cannot simply retain the favorable and excise the burdensome provisions of an agreement." Kopel, 232 B.R. at 63-64; see Leslie Fay, 166 B.R. at 808; In re Village Rathskeller, Inc., 147 BR. 665, 671 (Bankr. S.D.N.Y. 1992).

14. Simply put, a debtor cannot "cherry-pick" pieces of an agreement. See Pieco, Inc. v. Atlantic Computer Sys., Inc. (In re Atlantic Computer Sys., Inc.), 173 B.R. 844, 849 (S.D.N.Y. 1994); Cinicola v. Scharffenberger, 248 F.3d 110, 119-120 (3d Cir. 2001) (debtor must assume agreement in its "entirety").

15. Here, it is unclear whether the Debtors are seeking to "cherry-pick" from existing contracts because the Debtors completely fail to identify the contracts to be assumed.

16. In any event, the Debtors must pay the appropriate cure amounts associated with whatever contracts the Debtors intend to assume and assign. IKON reserves the right to amend this objection with respect to the proper cure amounts upon proper identification by the Debtors of the contracts that they seek to assume and assign.

### The Debtors Must Close Any Gap In Cure Obligations And Provide Adequate Assurance Of Future Performance

17. Section 365 requires the Debtors to cure "defaults" and to compensate the non-debtor party to the contract for such defaults. See 11 U.S.C. § 365(b)(1)(A) and (B).

18. There are amounts, however, that will accrue prior to the sale closing that would not yet be in "default" as of that time. Pursuant to Section 365(b) of the Bankruptcy Code, the Debtors are required to satisfy those obligations in order to assume the contracts. In addition, the purchaser, which must take an assignment of the contracts *cum onere*, is also liable for those obligations.

### The Debtors Have Failed To Provide Adequate Assurance Of Future Performance By The Proposed Assignee

19. As a condition to assigning an executory contract, a debtor must provide "adequate assurance" of the assignee's future performance under the contract. See 11 U.S.C. § 365(f)(2).

20. The statutory requirement of "adequate assurance of future performance by the assignee" affords "needed protection to the non-debtor party because the assignment relieves the trustee and the bankruptcy estate from liability for breaches arising after the assignment." Cinicola v. Scharffenberger, 248 F.3d 110, 120 (3d Cir. 2001).

21. In this case, the Debtors provide no evidence of the adequate assurance of future performance of any assignee. Accordingly, IKON is entirely without any evidence of adequate assurance of future performance by any assignee. See Fed.R.Bankr.P. 6006(f)(4) (assumption motion must "specify the terms, including the . . . adequate assurance of future performance by each *assignee*").

### The Debtors May Not Sell Or Assign Contracts Of Nondebtor Affiliates Under Sections 363 and 365

22. Section 365 of Title 11 of the Bankruptcy Code provides that the trustee may assume or reject any executory contract or unexpired lease of the *debtor*. 11 U.S.C. §365(a) (emphasis added). Thus, the Debtors cannot sell or assign contracts to a purchaser as part of a

Section 363 sale or as part of a Section 365 assumption or rejection process and cannot bind counterparties to asserted "cure amounts."

### The Purported Notices Respecting The Motion Violate The Federal Rules Of Bankruptcy Procedure And Principles Of Due Process

23. Because of the very small amount of time between the sale hearing and the filing of the Sale Motion (two days) and Cure Notice (one day), the Motion does not provide creditors with any opportunity to investigate the proposed purchaser's ability to provide adequate assurances of future performance. Thus, the Motion fails to provide any meaningful notice of the proposed sale, let alone meaningful notice and an opportunity to object.

24. Section 363(b)(1) of the Bankruptcy Code provides that the trustee may sell property of the estate outside the ordinary course of business only "after notice and a hearing." 11 U.S.C. Section 363(b)(1). Section 102(1) of the Bankruptcy Code, in turn, provides that "notice" is such notice "as is appropriate in the particular circumstances." 11 U.S.C. Section 102(1)(A).

25. Federal Rules of Bankruptcy Procedure 6004 and 2002(a)(2) govern the notice requirements and procedures for sales under Section 363(b)(1). See Folger Adam Sec., Inc. v. DeMatteis/MacGregor, JV, 209 F.3d 252, 264-65 (3d Cir. 2000). Federal Rules of Bankruptcy Procedure 6006 governs the notice requirements and procedures for the assumption and assignment of executory contracts.

26. Accordingly, the debtor should have complied with both Fed.R.Bankr.P. 6004 and 6006 with respect to noticing the assumption or rejection of executory contracts. With respect to the Motion, the "notice" falls well below the appropriate notice required by the Federal Rules of Bankruptcy Procedure.

27.   In addition to failing to comply with the applicable Federal Rules of Bankruptcy Procedure, the notice violates IKON's constitutional right to due process. Adequate notice under the Federal Rules of Bankruptcy Procedure is governed by due process considerations. See Folger, 209 F.3d at 265. Due process "requires 'notice reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. at 265 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950)).

28.   Due process requires notice and an opportunity to be heard at a "meaningful time in a *meaningful* manner." In re Temtechco, Inc., 1998 WL 887256, at *18 (Bankr. D.Del. Dec. 18, 1998) (citing Turney v. FDIC, 18 F.3d 865, 868 (10th Cir. 1994) (emphasis added)). The opportunity to be heard must be tailored to the capacities and circumstances of those who are to be heard. Goldberg v. Kelly, 397 U.S. 254, 268-69 (1970). In determining whether a proposed notice violates principles of due process, a court must consider the "surrounding facts and circumstances." See Folger, 209 F.3d at 265.

29.   "[F]air or adequate notice has two basic elements: content and delivery. If the notice is unclear, the fact that it was received will not make it adequate." In re Texaco, Inc., 254 B.R. 536, 561 (Bankr. S.D.N.Y. 2000) (quoting Fogel v. Zell, 221 F.3d 955, 962 (7th Cir. 2000)).

30.   The notice of Motion, interpreted in accordance with the facts and circumstances, falls well below the notice required by due process. Although the notice was delivered one day in advance of the objection deadline and hearing, the content of the notice is virtually meaningless, as it does not identify the contracts in accordance with Fed.R.Bankr.P. 6006(f) or in any manner to enable identification of the contracts. Also, the contract

counterparties in this case will be unable to evaluate whether the purchaser is a good faith purchaser with the ability to consummate the purchase of the Debtors' assets or to provide adequate assurance of future performance.

31. The denial of a party's due process right to be heard is never harmless error. Goldberg, 397 U.S. at 268-69. Therefore, this Court may not authorize or approve the sale contemplated by the Motion without "meaningful" notice and an opportunity for a hearing.

### This Court Should Not Eliminate The 10-Day Stay Afforded To Parties In Interest Pursuant To Federal Rule Of Bankruptcy Procedure 6006(d).

32. Pursuant to Federal Rule of Bankruptcy Procedure 6006, an order authorizing the assignment of an executory contract is "is stayed until the expiration of 10 days after the date of the entry of the order, unless the court orders otherwise." See Fed.R.Bankr.P. 6006(d).

33. The ten-day stay was added effective December 1, 1999, "to provide sufficient time for a party to request a stay pending appeal." See Fed.R.Bankr.P. 6006 Advisory Committee Notes (1999).

34. The Debtors have not shown sufficient cause for the entry of an order eradicating the ten-day stay where only two days' notice of the Sale Motion was given (and one day's notice of the Cure Schedule). Therefore, this Court should not waive the 10-day stay afforded by Bankruptcy Rules 6006(d).

### RESERVATION OF RIGHTS

35. Upon receiving reasonable, adequate notice of what contracts the Debtors propose to assume and assign, IKON may have further objections. Accordingly, IKON reserves its rights to assert further objections.

## Waiver of Memorandum of Law

36.  Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, IKON respectfully requests that the Court waive the requirement for filing a memorandum of law in support of this Objection because there are no novel issues of law presented.

## CONCLUSION

For the foregoing reasons, IKON respectfully requests that this Court enter an Order (i) prohibiting the assumption and assignment of any IKON agreements, unless and until (a) the contracts are identified, (b) the entire cure amount is paid at or before the sale closing, and (c) the Debtors furnish adequate assurance of future performance by the actual assignee, and (ii) granting such further relief to IKON as is appropriate.

Dated: September 19, 2008
       New York, New York

REED SMITH LLP

By: /s/ Luma Al-Shibib
    Luma Al-Shibib (LA-4179)
    Reed Smith LLP
    599 Lexington Avenue, 30th Floor
    New York, New York 10022
    (212) 521-5400
    lalshibib@reedsmith.com

and

J. Cory Falgowski (No. 4546)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: jfalgowski@reedsmith.com

Counsel for *IKON Office Solutions, Inc.*