KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
Daniel M. Eggermann

Attorneys for NPD Group, Inc. and NPD Intelect, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | |
| LEHMAN BROTHERS HOLDINGS INC. ) | Chapter 11 |
| ) | |
| ) | Case No. 08-13555 |
| Debtor. ) | |
| ) | |
| ) | |

**RESERVATION OF RIGHTS AND LIMITED OBJECTION OF NPD GROUP, INC. TO DEBTOR'S MOTION TO APPROVE THE SALE OF THE PURCHASED ASSETS AND THE ASSUMPTION AND ASSIGNMENT OF CONTRACT RELATING TO THE PURCHASED ASSETS**

The NPD Group, Inc. and NPD Intelect, LLC (collectively, "NPD") by and through its undersigned counsel, respectfully submits this objection to the proposed assumption and assignment by the Debtors of its contracts with NPD. In support of this objection, NPD states as follows:

On September 17, 2008, Debtors filed a motion with the Bankruptcy Court seeking authority to sell certain of the Debtors' assets (the "Sale Motion") to a third-party purchaser (the "Purchaser"). In connection with the Sale Motion, the Debtors are seeking authority to assume and assign certain contracts to the Purchaser based on proposed cure amounts that were made available to creditors today.

Based on an internet website made available to NPD, it appears that Debtors are seeking authority to assume and assign to Purchaser possibly two contracts with NPD (the "<u>NPD Contracts</u>") based on a cure amount of $4,253.89.  Given the utter lack of notice to NPD and the Debtors' failure to identify precisely which agreements it seeks to assume, NPD has not had sufficient time to determine whether the cure amount proposed by the Debtors is accurate.  Based on NPD's initial review of its books and records, NPD believes that a payment of no less than $134,387.72 would be required in order to cure amounts owed to NPD under the NPD Contracts.  Moreover, NPD has not had sufficient time to determine whether the NPD Contracts are in fact executory contracts of the Debtors (as opposed to non-debtor Lehman entities) that are assumable and/or assignable under the Bankruptcy Code.

While NPD may have no objection to the assumption and/or assignment of the NPD Contracts based on the correct cure amounts, NPD herby objects to the cure amounts set forth buy the Debtors.  NPD hereby reserves all rights with respect to the NPD Contracts including, but not limited to, requiring that the Debtor cure any defaults under the NPD Contracts and comply with other applicable provisions of Section 365 of the Bankruptcy Code.

WHEREFORE, NPD respectfully requests that the Court: (a) deny the Sale Motion or grant the relief requested therein only on terms consistent with this objection and (b) award NPD such other or further relief as is just and proper.

Dated: September 19, 2008

                              KRAMER LEVIN NAFTALIS & FRANKEL LLP

                              By: /s/ Daniel M. Eggermann
                                  Daniel Eggermann
                                  1177 Avenue of the Americas
                                  New York, New York 10036
                                  (212) 715-9100

        Attorneys for NPD Group, Inc. and NPD Intelect, LLC