**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Leo T. Crowley (LC-1311)
Erica Carrig (EC-2096)
1540 Broadway
New York, NY 10036-4039
Phone: 212-858-1000
Facsimile: 212-858-1500
*Attorneys for Keane, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
: 
In re                                              :    Chapter 11
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.,*           :    Case No. 08-13555 (JMP)
                                                   :
    Debtors.                                       :    (Jointly Administered)
                                                   :
---------------------------------------------------------------------x

### LIMITED OBJECTION OF KEANE, INC. TO DEBTORS' CURE NOTICE

Keane, Inc. ("Keane") respectfully submits this Limited Objection to the Cure Notice (the "Cure Notice") posted online by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") at 1:07 a.m. on September 19, 2008, with respect to certain executory contracts with Keane. In support of this Objection, Keane respectfully states as follows:

### BACKGROUND

1.  Keane is a party to certain executory contracts with Lehman Brothers Holdings, Inc. ("LBHI"), including: (i) the General IT Terms and Conditions and IT Products and Services agreement dated August 8, 2007; (ii) the Professional Services Supplement dated August 8, 2007; and (iii) certain Transaction Schedules issued thereunder detailing the services to be

500279615v1

performed (collectively, the "Keane Agreements"). Pursuant to the Keane Agreements, Keane performs various information technology consulting services for LBHI.

## OBJECTION TO IDENTIFICATION OF CONTRACTS

2. In the Cure Notice[1] posted online on September 19, 2006, the Debtors appear to indicate that the Keane Agreements is among the Closing Date Contracts to be assumed and assigned to the Purchaser on the Closing Date. However, the Cure Notice does not describe the contracts comprising the Keane Agreements with specificity. Rather, the Cure Notice describes the Keane Agreements in only basic terms. Thus, it is unclear if the Debtors intend to assume each of the contracts that comprise the Keane Agreements.

3. Keane does not object in concept to the assumption and assignment of the Keane Agreements that appear to be included among the Closing Date Contracts to the Purchaser. Keane does, however, object to the ambiguity with which the Debtors have identified the Keane Agreements to be assumed. The Keane Agreements need to be identified with more specificity so that Keane, the Debtors and the Purchaser have a clear and consistent understanding of which contracts are being assumed and assigned in this instance.

## OBJECTION TO CURE AMOUNT

4. Keane objects to the Cure Amounts proposed by the Debtors with respect to the Keane Agreements. The Cure Notice provides that the Cure Amount for the Keane Agreements is $0.

---

[1] Capitalized terms that are not otherwise defined in this Objection shall have the meanings ascribed to them in the Court's Order (I) Approving The Break-Up Fee And Expense Reimbursement, (II) Certain Matters Relating To Competing Bids, If Any, (III) Approving The Form And Manner Of Sale Notices And (IV) Setting The Sale Hearing Date In Connection With The Sale Of Certain Of The Debtors' Assets (the "Procedures Order") entered on September 17, 2008.

2

500279615v1

5.     Based upon an initial review of Keane's books and records, Keane currently believes that the Debtors are obligated to pay not less than $127,830.00 in order to cure existing payment defaults on the Keane Agreements (the "Corrected Keane Cure Amount").

## **PROPOSED CURE DISPUTE RESOLUTION PROCEDURES**

6.     As of right now, the Debtors are proposing in their Proposed Order (A) Authorizing and Approving the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases (the "Proposed Sale Order") that "[a]ny objections to either the Cure Amount…or the assumption and assignment of any of the Closing Date Contracts to the Purchaser are hereby overruled." Proposed Sale Order at 9.  Although Keane understands the need for an expeditious sale process, the counterparties to the Debtors' proposed assumed contracts simply have not had any time to have meaningful dialogue with the Debtors regarding their proposed Cure Amounts.

7.     Keane submits that a process should be established by which disputes relating to the Debtors' proposed Cure Amounts can be resolved in an expeditious manner.  This process can be effected after the Closing Date.  For example, this Court could order that the Debtors and parties with disputed cure claims could seek to resolve such disputes within ten (10) days following the Closing Date.  If such disputes cannot be resolved, the Court can set a hearing to decide all such disputes.

8.     Before the Debtors can assume any contract it must either "cure" such contract, or provide "adequate assurance" of such cure under section 365 of the Bankruptcy Code.  At present, the Debtors' Proposed Sale Order does neither.  Accordingly, pursuant to paragraph 12(c) of the Procedures Order, Keane objects to the Cure Notice, requests that the Court require the Debtors to identify the Keane Agreements with greater specificity, and requests that the

3

500279615v1

Court require the Debtors to pay the Corrected Keane Cure Amount as a condition to the Closing Date.  In the alternative, Keane requests that the Court establish a process to resolve the claims of Keane post-closing.  Keane is willing to have the Keane Agreements assumed and assigned as long as there is no adjudication in the sale approval order adverse to its claims.

WHEREFORE, Keane respectfully requests that the Court (i) enter an order requiring the Debtors to identify the Keane Agreements to be included in the Closing Date Contracts with greater specificity; (ii) directing payment in full of the Corrected Keane Cure Amount on the Closing Date as a condition to the Debtors' assumption and assignment of the contracts to the Purchaser; or in the alternative (iii) establish a process to resolve disputed Cure Amount claims post-closing; and (iv) grant Keane such other and further relief as this Court may deem just and proper.

Dated:  September 19, 2008
      New York, New York

> By: __/s/ Erica E. Carrig_____ _
>     Leo T. Crowley (LC-1311)
>     Erica Carrig (EC-2096)
>     **PILLSBURY WINTHROP SHAW PITTMAN LLP**
>     1540 Broadway
>     New York, NY  10036-4039
>     Phone:  212-858-1000
>     Facsimile:  212-858-1500
>     *Attorneys for Keane, Inc.*