Christopher R. Belmonte (CB-2163)
Pamela A. Bosswick (PB-5307)
Abigail Snow (AS-2960)
SATTERLEE STEPHENS BURKE & BURKE LLP
Counsel for International Business Machines Corporation
230 Park Avenue
New York, New York 10169
(212) 818-9200

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al. | Case No. 08-13555 (JMP) |
| Debtor, | Jointly Administered |

### INTERNATIONAL BUSINESS MACHINES CORPORATION'S STATEMENT AND LIMITED OBJECTION TO DEBTORS' MOTION TO (A) SCHEDULE A SALE HEARING; (B) ESTABLISH SALES PROCEDURES; (C) APPROVE A BREAK-UP FEE; AND (D) APPROVE THE SALE OF THE PURCHASED ASSETS AND THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS RELATING TO THE PURCHASED ASSETS

International Business Machines Corporation, on its own behalf and on behalf of its subsidiaries and affiliates (collectively "IBM"), hereby files its statement and limited objection to the Debtor's Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets, dated September 17, 2008 (the "Sale Motion") and in support thereof states as follows:

#### BACKGROUND

1.  On September 15 and 17, 2008, respectively, Lehman Brothers Holdings Inc. and LB 745 LLC (the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

747831_1

2. On September 17, 2008, the Debtors filed the Sale Motion. The Sale Motion provides, *inter alia,* for the Debtors to assume and assign hundreds and possibly thousands of executory contracts. A list of the contracts was not included in the Sale Motion.

3. On September 17, 2008, the Court entered an order (the "Order") setting the sale hearing for September 19, 2008 at 4:00 p.m. (the "Sale Hearing"). The Order provides for the Debtors to give notice of the Sale Hearing (the "Notice"). The Notice, approved by the Order, provided that the Debtors will give the Court and the non-Debtor party to any contract the Debtors propose to assume and assign "[a]t least one (1) day" notice of such assumption and assignment and the proposed cure amount. Order at ¶12(b). Upon information and belief, IBM never received notice of assumption of any of its contracts with the Debtors.

4. The Notice further provides that any objections to the proposed cure amount "must state in its objection, with specificity, what Cure Amount is required with appropriate documentation in support thereof [] no later than the Sale Hearing." Order at ¶12(c). The Notice also states that, if no objection is timely received, "any Cure Amount identified pursuant to the Assumption, Assignment and Cure Notice shall be controlling ... and the non-Debtor party ... shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims related to such Closing Date Contract against the Debtors or Purchaser, or the property of any of them." Id.

5. The Debtors posted the list of assumed contracts in the middle of the night/early morning of the Sale Hearing (the "List"). The List identifies numerous contracts with IBM and proposes a total cure amount of $9,067,000.98. IBM provided mainframe outsourcing contracts and related services to the Debtors pre-petition and continues to do so post-petition.

6. However, based on the List, IBM is unable to identify which of its many contracts with the Debtors the Debtors propose to assume and assign and therefore cannot accurately quantify the cure amounts.

7. IBM is in the process of identifying the contracts and believes, based on its review thus far, that the total contract cure amounts proposed by the Debtors are inadequate.

## OBJECTION

8. While IBM does not object to the proposed assumption and assignment of the IBM Contracts, the Debtors must cure all outstanding amounts owed under each assumed and assigned IBM Contract in full prior to assuming and assigning such contract.

9. Section 365(b)(1) of the Bankruptcy Code provides that if "there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee . . . cures, or provides adequate assurance that the trustee will promptly cure, such default. . . ." 11 U.S.C. § 365(b)(1)(A). Accordingly, in order for the Debtors to assume and assign the IBM Contracts, the Debtors must pay the full and correct cure amounts.

10. Further, IBM objects to the insufficient notice provided. IBM has had less than twenty-four hours notice to review all of its multiple contracts with the Debtors and to determine the proper cure amount for each contract.

## CONCLUSION

WHEREFORE, for the reasons stated above, IBM objects to the relief requested in the Sale Motion to the extent set forth above and respectfully requests that it be denied, and that the Court grant such other and further relief as is just and proper.

Dated: New York, New York
    September 19, 2008

747831_1

SATTERLEE STEPHENS BURKE & BURKE LLP
Counsel for International Business Machines
Corporation

By:   /s/ Christopher R. Belmonte
      Christopher R. Belmonte (CB-2163)
      Pamela A. Bosswick (PB-5307)
      Abigail Snow (AS-2960)
230 Park Avenue
New York, New York 10169
(212) 818-9200

747831_1