MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
Alan Marder (AM-0114)
Jil Mazer-Marino (JM-6470)
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York, 11530-9194
Telephone: 516.741.6565
Facsimile: 516.741.6706

ALLEN MATKINS LECK GAMBLE & MALLORY LLP
Michael S. Greger (CA 156525)
James A. Timko (CA 220140)
1900 Main Street, Fifth Floor
Irvine, CA  92614-7321
Telephone:  (949) 553-1313
Facsimile:  (949) 553-8354
Email:  mgreger@allenmatkins.com
          jtimko@allenmatkins.com

Attorneys for Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS TO DEBTORS' MOTION TO APPROVE THE SALE OF PURCHASED ASSETS AND THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS RELATING TO THE PURCHASED ASSETS**

Creditors SunGard Expert Solutions LLC, SunGard Asset Management Systems LLC, SunGard Availability Services LP, SunGard Business Integration (UK) Ltd., SunGard Institutional Brokerage Inc., SunGard Investment Systems LLC f/k/a SunGard Investment Systems Inc., SunGard Securities Finance LLC, Automated Securities Clearance LLC, successor in interest to Automated Securities Clearance Ltd. dba SunGard Trading Systems, and any and all affiliates of the above listed entities (hereinafter collectively referred to as "SunGard") hereby file their

Limited Objection and Reservation of Rights to Debtors' Motion to Approve the Sale of Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets (the "Sale Motion"), as follows:

## I.    PRELIMINARY STATEMENT

By way of the Sale Motion, the Debtor seeks to sell certain assets and assume and assign certain leases and executory contracts as part of the sale.  Included in the Sale Motion is the assumption and assignment by Debtor Lehman Brothers Holdings, Inc. (the "Debtor") of certain contracts entered into with the various SunGard entities.  Because of the lightning fast nature of these proceedings, and the fact that the list of contracts to be assumed was not provided by the Debtor until approximately 1:00 a.m. eastern time on the day of the hearing on the Sale Motion, it is impossible for SunGard to formulate a meaningful response to the Sale Motion.  Accordingly, SunGard is investigating the status of the various executory contracts and SunGard reserves all of its rights in connection with its objection, including its right to conduct discovery regarding the factual basis for the objection and any issues related thereto and to file additional pleadings, declarations, and/or assert additional factual and legal arguments in connection with the assumption and assignment of its contracts with the Debtor.

## II.   ARGUMENT

### A.    Bankruptcy Code Section 365 Provides Specific Protections to a Party Whose Contract Is Being Assumed and Assigned

Bankruptcy Code section 365 sets forth the standards the Debtor must satisfy as a condition to the Court's approval of the assumption of any executory contract.  Bankruptcy Code section 365(b)(1) reads in pertinent part:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A)  cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;

> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

The Bankruptcy Code also sets the standard the Debtor must reach in order to assign any executory contract in section 365(f)(2), which reads in pertinent part:

> The Trustee may assign an executory contract or unexpired lease of the debtor only if –
>
> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

### 1. The Debtor Must Cure All Defaults Under the SunGard Contracts

Pursuant to section 365, as a condition to assume any executory contract entered into with any SunGard entity, the Debtor must immediately pay, or adequately assure that it will promptly pay, all defaults before it can assume any of SunGard's executory contracts. Further, as the Debtor has provided no specific date regarding the payment of any cure amount, SunGard asserts and reserves its rights to seek the payment of any charges under the various contracts as they become due as part of its cure amount.

### 2. The Debtor Has Provided No Evidence of Adequate Assurance of Future Performance of the SunGard Contracts

SunGard has not received proper adequate assurance of performance by the Debtor or any Buyer of the obligations owed under any of the contracts the Debtor is seeking to assume. These concerns are based on, among other things: (1) the lack of information regarding any buyer; (2) the lack of evidence regarding adequate assurance of future performance; and (3) the Debtor's admitted substantial defaults under the various contracts.

3

### 3. The Buyer Must Assume the SunGard Contracts in Their Entirety

Section 365(b) requires that a debtor assume contracts cum onere.  As the Court stated in In re Italian Cook Oil Corp., 190 F.2d 994, 997 (3d Cir. 1951):

> The [debtor], however, may not blow hot and cold.  If he accepts the contract he accepts it cum onere.  If he receives the benefits he must adopt the burdens.  He cannot accept one and reject the other.  Id.

Notwithstanding this basic precept of bankruptcy law, the buyer seeks to assume the various SunGard contracts and obtain the benefit thereof without fully assuming all the liabilities that may be due thereunder.  For example, in Section 2.3(g) of the Asset Purchase Agreement ("APA"), the buyer will only be responsible for Liabilities under the SunGard contracts "from the Closing Date forward."  This exculpatory clause seeks to shield the Buyer from obligations that may arise in the future under the SunGard contracts but relate to a pre-Closing period.  This Court should require the buyer to fully assume all obligations under the various SunGard contracts, not just obligations relating to post-Closing events.

### 4. The Debtor Cannot Be Exonerated from Its Pre-Closing Obligations Under Section 365(k) of the Bankruptcy Code Absent the Buyer's Assumption of All Obligations in Full

As a necessary corollary to the obligation of an assignee to assume all obligations cum onere, a debtor has no right to exoneration under section 365(k) absent a complete assumption.  Although section 365(k) of the Bankruptcy Code provides that a debtor is exonerated from any liability under an executory contract is completely assigned to a third party, the debtor is not entitled to the benefits and protections of section 365(k) where the debtor does not assume and assign the an executory contract cum onere – with all benefits and burdens.  American Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76 (3d Cir. 1999).  In particular, where an agreement between the debtor and assignee attempts to limit the obligations assumed by the assignee only to obligations arising after the closing, there has not been a complete assignment and the debtor is not entitled to the protections of section 365(k).  Id. at 81.

4

Notwithstanding this straightforward principle, the Debtor seeks a discharge of its obligations to SunGard even though the APA expressly limits the buyer's obligations under the APA to obligations arising <u>after</u> Closing. APA, ¶ 2.3(g). Accordingly, the Debtor is not entitled to the benefit of a release under section 365(k).

### B. **SunGard Reserves All of Its Rights in Connection with the Assumption of Any of Its Executory Contracts**

Due to the fast moving nature of the sales process and the relief the Debtor is seeking, SunGard has not been given sufficient time to evaluate the Debtor's proposed assumption and assignment of its various executory contacts. As such, SunGard asserts and reserves any and all rights to assert further objections and/or discovery requests in connection with the assumption and/or assignment that it deems necessary. Included in this reservation are SunGard's rights to contest the assignability of any of its licensing agreements.

//
//
//
//
//
//
//
//
//
//
//
//
//

5

### III. CONCLUSION

For all of the above reasons, the assumption and assignment of any of SunGard's executory contracts and/or licensing agreements should be denied until the Debtor complies with its obligations under section 365 of the Bankruptcy Code.

Dated: September 19, 2008                     MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

By: /s/ Alan E. Marder
    Alan E. Marder (AM-0114)
    Jil Mazer-Marino (JM-6470)
    990 Stewart Avenue, Suite 300
    P.O. Box 9194
    Garden City, New York, 11530-9194
    Telephone: 516.741.6565
    Facsimile: 516.741.6706

- and-

Michael S. Greger[1]
James A. Timko
Allen Matkins Leck Gamble Mallory
 & Natsis LLP
1900 Main Street, Fifth Floor
Irvine, CA 92614-7321
Telephone: (949) 553-1313
Facsimile: (949) 553-8354

Attorneys for SunGard Creditors

---

[1] Due to the rapid pace of these proceedings, Mr. Greger and Mr. Timko have yet to obtain the Court's approval to appear in these proceedings on a *pro hac vice* basis. Both Mr. Greger and Mr. Timko are in the process of seeking such approval.

683237