UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In re:

LEHMAN BROTHERS HOLDINGS, INC. et al.,

Debtors.

------------------------------------------------------------------X

Chapter 11

Case No. 08-13555 (JMP)

(Jointly Administered)

## RESERVATION OF RIGHTS AND LIMITED OBJECTION OF ABOVENET COMMUNICATIONS, INC. TO CURE AMOUNT

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

AboveNet Communications, Inc. ("AboveNet") hereby files this

reservation of rights and limited objection (the "Objection") to the proposed assumption

and assignment of its contracts to Barclays Capital, Inc. (the "Purchaser") and the cure

amounts proposed to be paid to AboveNet in connection therewith.  In support of the

Objection, AboveNet respectfully represents the following:

**I.**

**PRELIMINARY STATEMENT**

While AboveNet has no objection to the assumption and assignment of all

of its contracts with the Seller (hereinafter defined), AboveNet has not been able to

confirm prior to the filing of this Objection that that will be the case.  Accordingly,

AboveNet reserves any and all of its rights to the extent the Seller does not assume all of

the AboveNet contracts listed below in their entirety.

In addition, the Seller asserts that the cure amount for AboveNet's

contract(s) is $0.00.  AboveNet objects to the Seller's proposed cure amount on the

grounds that the Seller has incorrectly calculated the cure amount necessary to cure all

defaults, compensate AboveNet for any actual pecuniary loss resulting from such

defaults, and has failed to provide AboveNet with assurance of future performance under

any contract.

## II.

## BACKGROUND

1.       AboveNet is party to that certain (i) Fiber Optic Private Network

Agreement dated February 10, 2000 by and between Lehman Brothers, Inc. and

Metromedia Fiber Network Services, Inc. (now known as AboveNet) and the Product

Orders and Exhibits executed thereunder and (ii) Master Products and Services

Agreement dated August 1, 2006 by and between Lehman Brothers Holdings Inc. and

AboveNet and the Supplements, Order Forms and Exhibits executed thereunder

(collectively, the "AboveNet Contacts").

2.       On September 17, 2008, Lehman Brothers Holdings, Inc. and LB 745

LLC, as debtors and debtors-in-possession (collectively, the "Debtors") filed a motion

(the "Motion"), for orders, pursuant to §§ 105, 363, 364(c)(1) and 365 of chapter 11 of

title 11 of the United States Code (the "Bankruptcy Code") and Fed. R. Bankr. P. 2002,

6004, 6006 and 9014, (A) scheduling a final sale hearing with respect to that certain

Asset Purchase Agreement, dated September 16, 2008 (the "Purchase Agreement"),

among the Debtors, Lehman Brothers Inc. ("LBI" and, collectively with the Debtors, the

"Seller") and the Purchaser; (B) establishing sales procedures; (C) approving a break-up

fee; and (D) authorizing and approving the sale of certain of the Seller's assets (the

"Purchased Assets") free and clear of all liens, claims, encumbrances and interests and

the assumption and assignment of certain prepetition executory contracts and unexpired

leases (the "Contracts") relating to the Purchased Assets to the Purchaser or the

Successful Bidder(s).

3.      Pursuant to the Purchase Agreement, the Seller proposes to assume and

assign certain contracts with AboveNet to the Purchaser.  However, it is unclear whether

the Seller proposes to assign both AboveNet Contracts in their entirety.

4.      On September 17, 2008, this Court granted certain relief requested in the

Motion by entering the *Order (I) Approving the Break-Up Fee and Expense

Reimbursement, (II) Certain Matters Relating to Competing Bids, if Any, (III) Approving

the Form and Manner of Sale Notices and (IV) Setting the Sale Hearing Date in

Connection with the Sale of Certain of the Debtors' Assets* (the "Bidding Procedures

Order").

5.      Pursuant to the Bidding Procedures Order, objections to the proposed

assumption and assignment of any Contract in connection with the Sale, or to the amount

of any cure, must be received no later than 4 p.m. on September 19, 2008.

**III.**

**THE CURE AMOUNT LISTED FOR ABOVENET IS INCORRECT**

6.      Pursuant to § 365(a) of the Bankruptcy Code, a debtor, subject to the

court's approval, may assume any executory contract or unexpired lease of the debtor.  11

U.S.C. § 365(a).  However, pursuant to § 365(b)(1) of the Bankruptcy Code, to assume

an executory contract, a debtor must cure or provide adequate assurance that it will

promptly cure such default, including compensation for any pecuniary loss resulting from

such default.  11 U.S.C. § 365(b)(1).

7.      The Seller proposes to assume and assign certain AboveNet contracts to the Purchaser but does not clearly identify the specific AboveNet contracts which the Seller proposes to assume and assign.  As of the filing of this Objection, the Seller has not confirmed that it will assume and assign both AboveNet Contracts in their entirety.  To the extent the Seller intends not to do so, AboveNet hereby reserves any and all of its rights to object to the proposed assumption and assignment.

8.      In addition, the Seller asserts that the Cure Amount for AboveNet's contracts is $0.00.  AboveNet objects to the Seller's proposed cure amount, on the grounds that:  (i)  the Seller has not specifically identified which AboveNet contracts it proposes to assume and assign and (ii) the Seller has incorrectly calculated the cure amount necessary to cure all defaults, compensate AboveNet for any actual pecuniary loss resulting from such defaults, and has failed to provide AboveNet with assurance of future performance under any contract.

9.      Attached hereto as **Exhibit "A"** are invoices indicating that as of September 19, 2008, the Debtors owe AboveNet a total of $59,920.  Therefore, AboveNet objects to the assumption and assignment of its contracts because the Seller will not have cured all defaults under the contracts by paying AboveNet $0.  Rather, as set forth in the attached invoices, AboveNet is owed a total of $59,920.[1]

        **WHEREFORE,** AboveNet respectfully requests that the Court grant its Objection and find that the Cure Amount due AboveNet is not less than $59,920 and grant such other relief as may be just.

---

[1]      AboveNet's cure amount is derived by adding the amounts set forth in the first line of each invoice.  AboveNet does not assert as cure the amount set forth in the second line of each invoice because it understands that the Purchaser will be obligated to pay those amounts when due.  Should that not be the case, AboveNet reserves its rights to assert the invoiced amounts against the Seller or the Purchaser, as appropriate.

Dated: New York, New York
   September 19, 2008

ABOVENET COMMUNICATIONS, INC.
360 Hamilton Avenue
White Plains, New York 10601
(914) 421-6700

By: /s/ Hadley Feldman
   Hadley Feldman

AboveNet Communications, Inc.