UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
In re                                                           CHAPTER 11

LEHMAN BROTHERS HOLDINGS INC.,                Case No.08-13555(JMP)

                    Debtor.
-----------------------------------------------------x

**EXHIBIT "A" TO CORPORATE PARK ASSOCIATES INC.
OBJECTION TO ASSUMPTION AND ASSIGNMENT OF, AND AMOUNTS
NECESSARY TO CURE DEFAULTS UNDER CONTRACTS AND LEASES
TO BE ASSUMED AND ASSIGNED TO SUCCESSFUL PURCHASER**

*[handwritten: cc's at Lasser / File – Lehman]*

## WELBY, BRADY & GREENBLATT, LLP
ATTORNEYS AT LAW
WESTCHESTER FINANCIAL CENTER
11 MARTINE AVENUE
WHITE PLAINS, NEW YORK 10606
TEL: (914) 428-2100
FAX: (914) 428-2172
www.wbgllp.com

GERARD P. BRADY*
ANTHONY P. CARLUCCI, JR.*
MICHAEL E. GREENBLATT*+xΔ
ALEXANDER A. MIUCCIO
PAUL G. RYAN*+
ALAN SINGER
THOMAS S. TRIPODIANOS
THOMAS H. WELBY+

MICHAEL I. SILVERSTEIN
NICHOLAS A. CARRE
ADAM W. DOWNS*+
MARK CERMELE+
S. DEAN KIM+
MICHAEL R. WOOD
SERGIO A. SPAZIANO+

*ALSO ADMITTED IN NEW JERSEY
+ALSO ADMITTED IN CONNECTICUT
xALSO ADMITTED IN MASSACHUSETTS
ΔALSO ADMITTED IN PENNSYLVANIA

OF COUNSEL:
LESTER GULITZ
GEOFFREY S. POPE*x
ROBERT G. CORKE
DONNA M. BRADY*
JOHN J.P. KROL

NEW JERSEY OFFICE
123 NORTH UNION AVENUE
SUITE 103
CRANFORD, NEW JERSEY 07016
(908) 272-7870
(908) 272-2656 (FAX)

CONNECTICUT OFFICE
ONE LANDMARK SQUARE
FIFTH FLOOR
STAMFORD, CONNECTICUT 06901
(203) 363-0081
(203) 363-0071 (FAX)

September 16, 2008

**VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
(#7008 0150 0003 5882 6067)**

Lehman Brothers Holdings, Inc.
745 Seventh Avenue
New York, NY 10019-6801

**VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
(#7008 0150 0003 5882 5077)**

Corporate Park Associates, L.P.
c/o Peter D. Sudler
300 Interpace Parkway, Bldg. C
Parsippany, NJ 07054

Re: Service of Construction Lien Claim
Structure-Tone – Lehman Bros.
File No. 558.001

Dear Sir/Madam:

This firm represents Structure-Tone, Inc. Enclosed herewith for service is a Construction Lien Claim, filed with the Middlesex County Clerk on September 15, 2008.

Very truly yours,

*[signature]*

Adam W. Downs

AWD/tmp
Enc.

cc: Glen Kennedy, Esq.
Structure-Tone, Inc.

## CONSTRUCTION LIEN CLAIM

**TO THE CLERK, COUNTY OF MIDDLESEX:**

In accordance with the terms and provision of the AConstruction Lien Law@, P.L.1993, c. 318 (C.2A:44A-1 et seq.), notice is hereby given that:

1.  Structure-Tone, Inc., 770 Broadway, New York, NY 10003, has on September 15, 2008, claimed a construction lien against the below stated real property of **Corporate Park Associates, L.P.**, as Owner, in the amount of **$3,977,184.00** for the value of the work, services, material or equipment provided in accordance with a written contract with Lehman Brothers Holdings, Inc., 745 Seventh Avenue, New York, New York, which required Structure-Tone, Inc. to perform the following work, services, materials or equipment:

    a.  Development, construction, commissioning and start-up of a state-of-the-art data center facility, including, but not limited to certain foundation, steel, interior, exterior, roofing, plumbing, electrical, HVAC, door and window work.

2.  The amount due for work, services, materials or equipment delivery provided by claimant in connection with the improvement of the real property, and upon which this lien claim is based, is as follows:

| | |
|---|---|
| Total Contract amount: | $146,813,631 |
| Amendments to Contract: | $ 29,018,439 |
| **Total Contract Amount and Amendments to Contract:** | **$175,832,070** |
| Less:  Agreed Upon Credits: | $        0.00 |
| Contract Amount Paid to Date: | $171,854,886 |
| Amendments to Contract Paid to Date: | $      n/a |
| Balance of Work to be Completed: | $      n/a |
| **Total Reductions from Contract Balance Owed:** | **$171,854,886** |
| **TOTAL LIEN CLAIM AMOUNT:** | **$ 3,977,184.00** |

3.  This construction lien is against the interests of Corporate Park Associates, L.P., as Owner, in that tract or parcels of land and premises known as **30 and 40 Corporate Place South, Tax Block 497.1, Lot 9.14, Township of Piscataway, New Jersey,** for the improvement of which property the aforementioned work, services, materials or equipment was provided.

4. The work, services, materials or equipment was provided pursuant to the terms of a written contract (or, in the case of a supplier, a delivery or order slip signed by the owner, contractor, or subcontractor having a direct contractual relation with a contractor, or an authorized agent of any of them) dated June 23, 2006, by and between Structure-Tone, Inc., and Lehman Brothers Holdings, Inc.

5. The date of the provision of the last work, services, material or equipment for which payment is claimed is **September 13, 2008.**

**NOTICE TO OWNER OF REAL PROPERTY**

Your real estate may be subject to sale to satisfy the amount asserted by this claim. However, your real estate cannot be sold until the facts and issues which form the basis of this claim are decided in a legal proceeding before a court of law. The lien claimant is required by law to commence suit to enforce this claim.

The claimant filing this lien shall forfeit all rights to enforce the lien and shall be required to discharge the lien of record, if the claimant fails to bring an action in the Superior Court, in the county in which the real property is situated, to establish the lien claim:

    1.    Within one year of the date of the last provision of work, services, material or equipment, payment for which the lien claim was filed; or

    2.    Within 30 days following the receipt of written notice, by personal service or certified mail, return receipt requested, from the owner requiring the claimant to commence an action to establish the lien claim.

You will be given proper notice of the proceeding and an opportunity to challenge this claim and set forth your position. If, after you (and/or your contractor or subcontractor) have had the opportunity to challenge this lien claim, the court of law enters a judgment against you and in favor of the claimant filing this lien claim, and thereafter you fail to pay that judgment, your real estate may then be sold to satisfy the judgment.

You may choose to avoid subjecting your real estate to sale by doing either of the following:

    1.    You (or your contractor or subcontractor) can pay the claimant and obtain a discharge of lien claim from the claimant; or

    2.    You (or your contractor or subcontractor) can cause the lien claim to be discharged by filing a surety bond or making a deposit of funds as provided for in section 31 of P.L.1993, c.318 (C.2A:44A-31).

If you (or your contractor or subcontractor) choose to pay the claimant under 1. above, you will lose your right to challenge this lien claim in a legal proceeding before a court of law.

If you (or your contractor or subcontractor) choose to discharge the lien claim by filing a surety bond or making a deposit of funds as provided in Section 31 of P.L. 1993, c.318 (C.2A:44A-31), you will retain your right to challenge this lien claim in a legal proceeding before a court of law.

### NOTICE TO SUBCONTRACTOR OR CONTRACTOR:

This lien has been filed with the county clerk and served upon the owner of the real estate. This lien places the owner on notice that the real estate may be sold to satisfy this claim unless the owner pays the claimed sum to this claimant.

Dated: September 15, 2008

STRUCTURE-TONE, INC.

By: _____
Print Name & Title: John T. White, Jr. Senior Vice President

## CLAIMANT=S REPRESENTATION AND VERIFICATION

Claimant represents and verifies that:

1.  The amount claimed herein is due and owing at the date of filing, pursuant to claimant=s contract described in the construction lien claim.

2.  The work, services, material or equipment for which this lien claim is filed was provided exclusively in connection with the improvement of the real property which is the subject of this claim.

3.  This claim has been filed within 90 days from the last date upon which the work, services, materials or equipment for which payment is claimed was provided.

4.  The foregoing statements made by me are true, to the best of my knowledge. I am aware that if any of the foregoing statements made by me are false, this construction lien claim will be void and that I will be liable for damages to the owner or any other person injured as a consequence of the filing of this lien claim.

Dated: September 15, 2008

STRUCTURE-TONE, INC.

By: _____
Print Name & Title: John T. White, Jr. Senior Vice President

Sworn to before me this
15th day of September, 2008

_____
Notary Public

BARBARA A. MARINO
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES DEC. 11, 2010

## ACKNOWLEDGMENT

STATE OF NEW JERSEY        )
                           )ss.:
COUNTY OF BERGEN           )

On the 15th day of September, 2008, before the undersigned, a Notary Public in and for said State, personally appeared *[illegible]*, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

BARBARA A. MARINO
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES DEC. 11, 2010

241841 (ANDER 008)
Record & Return to:
Kenneth R. Sauter, Esq.
Berman, Sauter, Record & Jardim, P.C.
PO Box 2249
Morristown, NJ 07962-2249

# CONSTRUCTION LIEN CLAIM

**TO THE REGISTER OF MIDDLESEX COUNTY
STATE OF NEW JERSEY:**

In accordance with the terms and provisions of the "Construction Lien Law," P.L. 1993, c.318, notice is hereby given that:

1. The Claimant, whose name is: **ANDERSEN INTERIOR CONTRACTING, INC.**, and whose address is 368 Passaic Avenue, P.O. Box 10362, Fairfield, New Jersey, 07004, hereby claims a Construction Lien against the below stated real property owned by **CORPORATE PARK ASSOCIATES,** with an address of c/o Sudler Management Co., 300 Interpace Parkway, Building C, Parsippany, New Jersey 07054, in the amount of $200,572.00 for the value of the work, services, material or equipment provided in accordance with a contract with **STRUCTURE TONE, INC.** for the following work, services, material or equipment:

> Building construction including drywall, carpentry and acoustical ceilings, and related services.

2. The amount due for the work, services, materials or equipment delivery provided by the Claimant in connection with the improvement of the real property, and upon which this Lien Claim is based, is as follows:

| | | |
|---|---|---|
| Total contract amount: | $6,702,162.00 | |
| Amendments to contract: | | |
|   Change Orders: | $1,129,217.00 | |
|   Pending Change Orders; Time and | | |
|     Materials/Proposals: | $            0.00 | |
| **Total contract amount and amendments** | | |
|   **to contract:** | | $7,831,379.00 |
| | | |
| Less: | | |
| Agreed upon credits: | $            0.00 | |
| Contract amount paid to date: | $7,630.807.00 | |
| Amendments to contract amount paid to date | $            0.00 | |
| **Total Reductions from Contract Amount** | | |
|   **and Amendments to Contract:** | | $7,630,807.00 |
| | | |
| **TOTAL LIEN CLAIM AMOUNT:** | | **$ 200,572.00** |

1

3.  This Construction Lien is claimed against the interest of Corporate Park Associates with an address of: c/o Sudler Management Co., 300 Interpace Parkway, Building C, Parsippany, New Jersey 07054:

(XXX) Owner (  ) Lessee        (  ) Other (describe):

in that certain tract or parcel of land and premises located at 30 Corporate Place S., Piscataway, New Jersey, and known as Block 497.1, Lots 9.04 and 10.01 on the tax map of Piscataway, County of Middlesex and State of New Jersey, for the improvement of which property the aforementioned work, services, materials or equipment was provided.

4. The work, services, materials or equipment stipulated in Paragraph 1 hereof were provided pursuant to the terms of a written contract (or, in the case of a supplier, a delivery or order slip signed by the owner, contractor, or subcontractor having a direct contractual relation with a contractor, or an authorized agent of any of them), dated November 15, 2006 between the Claimant and STRUCTURE TONE, INC., whose address is: 770 Broadway, New York, New York 10003.

5. The date of the provision of the last work, services, material or equipment of which payment is claimed is: September 5, 2008.

## NOTICE TO OWNER OF REAL PROPERTY

Your real estate may be subject to sale to satisfy the amount asserted by this claim. However, your real estate cannot be sold until the facts and issues which form the basis of this claim are decided in a legal proceeding before a court of law. The lien Claimant is required by law to commence suit to enforce this Lien Claim.

The Claimant filing this Lien Claim shall forfeit all rights to enforce the lien and shall be required to discharge the lien of record, if the Claimant fails to bring an action in the Superior Court, in the County in which the real property is situated to establish the Lien Claim:

1. Within one year of the date of the last provision of work, services, materials or equipment payment for which the Lien Claim was filed; or

2. Within 30 days following receipt of written notice, by personal service or certified mail, return receipt requested, from the owners requiring the Claimant to commence an action to establish the Lien Claim.

You will be given proper notice of the proceeding and an opportunity to challenge this claim and set forth your position. If, after you (and/or your contractor or subcontractor) have had the opportunity to challenge this Lien Claim, the court of law enters a judgment against you and in favor of the Claimant filing this Lien Claim, and

2

thereafter you fail to pay that judgment, your real estate may then be sold to satisfy the judgment

You may choose to avoid subjecting your real estate to sale by doing either of the following:

1. You (or your contractor or subcontractor) can pay the Claimant and obtain a Discharge of Lien Claim from the Claimant; or

2. You (or your contractor or subcontractor) can cause the Lien Claim to be discharged by filing a surety bond or making a deposit of funds as provided for in Section 31 of P.L. 1993, c. 318.

If you (or your contractor or subcontractor) choose to pay the Claimant under 1 above, you will lose your right to challenge this Lien Claim in legal proceeding before a court of law.

If you (or your contractor or subcontractor) choose to discharge the Lien Claim by filing a surety bond or making a deposit of funds as provided in Section 31 of P.L. 1993, c.318, you will retain your right to challenge this Lien Claim in a legal proceeding before a court of law.

### NOTICE TO SUBCONTRACTOR OR CONTRACTOR:

This lien has been filed with the Middlesex County Clerk and served upon the owner of the real estate. This lien places the owner on notice that the real estate may be sold to satisfy this claim unless the owner pays the claimed sum to this Claimant.

ANDRESEN-INTERIOR CONTRACTING, INC.

Date: September 18, 2008

By: _____
Name: Daniel P. Andersen
Title: President

### CLAIMANT'S REPRESENTATION AND VERIFICATION

Claimant represents and verifies that:

1. The amount claimed herein is due and owing at the date of filing pursuant to the Claimant's contract described in the Construction Lien Claim.

2. The work, services, materials or equipment for which this Lien Claim is filed was provided exclusively in connection with the improvement of the real property which is the subject of this claim.

3

3. This claim has been filed within 90 days from the last date upon which the work, services, materials or equipment for which payment is claimed was provided.

4. The foregoing statements made by me are true, to the best of my knowledge. I am aware that if any of the foregoing statement made by me are false, this Construction Lien Claim will be void and that I will be liable for damages to the owners of any other person injured as a consequence of the filing of this Lien Claim.

ANDERSEN INTERIOR CONTRACTING, INC.

By: _____
Name: __Daniel P. Andersen__
Title: _____President_____

STATE OF NEW JERSEY    }
                       } SS:
COUNTY OF ~~ESSEX~~    }

BE IT REMEMBERED, that on this 18th day of September, 2008, __Daniel P. Andersen__ personally came before me, who I am satisfied is the person who signed the within instrument as __President__ of the Claimant, **ANDRESEN INTERIOR CONTRACTING, INC.**, and he acknowledged that this document was made by the corporation and was signed and delivered by him as such officer, and is the voluntary act of the corporation, made by virtue of authority from its Board of Directors.

_____
Notary Public of the State of NJ
DAVID J ADAMS
NOTARY PUBLIC
MY COMMISSION EXPIRES 9 / 7 / 2009

4

241847 (ANDER 008)
Record & Return to:
Kenneth R. Sauter, Esq.
Berman, Sauter, Record & Jardim, P.C.
PO Box 2249
Morristown, NJ 07962-2249

# CONSTRUCTION LIEN CLAIM

**TO THE REGISTER OF MIDDLESEX COUNTY
STATE OF NEW JERSEY:**

In accordance with the terms and provisions of the "Construction Lien Law," P.L. 1993, c.318, notice is hereby given that:

1. The Claimant, whose name is: **ANDERSEN INTERIOR CONTRACTING, INC.**, and whose address is 368 Passaic Avenue, P.O. Box 10362, Fairfield, New Jersey, 07004, hereby claims a Construction Lien against the below stated real property owned by **CORPORATE PARK ASSOCIATES**, with an address of c/o Sudler Management Co., 300 Interpace Parkway, Building C, Parsippany, New Jersey 07054, in the amount of $16,800.00 for the value of the work, services, material or equipment provided in accordance with a contract with **STRUCTURE TONE, INC.** for the following work, services, material or equipment:

> Building construction including drywall, carpentry and acoustical ceilings, and related services.

2. The amount due for the work, services, materials or equipment delivery provided by the Claimant in connection with the improvement of the real property, and upon which this Lien Claim is based, is as follows:

| | | |
|---|---|---|
| Total contract amount: | $16,800.00 | |
| Amendments to contract: | | |
|   Change Orders: | $ 0.00 | |
|   Pending Change Orders; Time and | | |
|     Materials/Proposals: | $ 0.00 | |
| **Total contract amount and amendments** | | |
|   **to contract:** | | $16,800.00 |
| | | |
| Less: | | |
| Agreed upon credits: | $ 0.00 | |
| Contract amount paid to date: | $ 0.00 | |
| Amendments to contract amount paid to date | $ 0.00 | |
| **Total Reductions from Contract Amount** | | |
|   **and Amendments to Contract:** | | $ 0.00 |
| | | |
| **TOTAL LIEN CLAIM AMOUNT:** | | **$16,800.00** |

1

3. This Construction Lien is claimed against the interest of Corporate Park Associates, with an address of: c/o Sudler Management Co., 300 Interpace Parkway, Building C, Parsippany, New Jersey 07054:

(XXX) Owner ( ) Lessee ( ) Other (describe):

in that certain tract or parcel of land and premises located at 30 Corporate Place, Piscataway, New Jersey, and known as Block 497.1, Lots 9.04 and 10.01 on the tax map of Piscataway, County of Middlesex and State of New Jersey, for the improvement of which property the aforementioned work, services, materials or equipment was provided.

4. The work, services, materials or equipment stipulated in Paragraph 1 hereof were provided pursuant to the terms of a written contract (or, in the case of a supplier, a delivery or order slip signed by the owner, contractor, or subcontractor having a direct contractual relation with a contractor, or an authorized agent of any of them), dated November 2, 2005 between the Claimant and STRUCTURE TONE, INC., whose address is: 770 Broadway, New York, New York 10003.

5. The date of the provision of the last work, services, material or equipment of which payment is claimed is: July 19, 2008.

## NOTICE TO OWNER OF REAL PROPERTY

Your real estate may be subject to sale to satisfy the amount asserted by this claim. However, your real estate cannot be sold until the facts and issues which form the basis of this claim are decided in a legal proceeding before a court of law. The lien Claimant is required by law to commence suit to enforce this Lien Claim.

The Claimant filing this Lien Claim shall forfeit all rights to enforce the lien and shall be required to discharge the lien of record, if the Claimant fails to bring an action in the Superior Court, in the County in which the real property is situated to establish the Lien Claim:

1. Within one year of the date of the last provision of work, services, materials or equipment payment for which the Lien Claim was filed; or

2. Within 30 days following receipt of written notice, by personal service or certified mail, return receipt requested, from the owners requiring the Claimant to commence an action to establish the Lien Claim.

You will be given proper notice of the proceeding and an opportunity to challenge this claim and set forth your position. If, after you (and/or your contractor or subcontractor) have had the opportunity to challenge this Lien Claim, the court of law enters a judgment against you and in favor of the Claimant filing this Lien Claim, and

2

thereafter you fail to pay that judgment, your real estate may then be sold to satisfy the judgment

You may choose to avoid subjecting your real estate to sale by doing either of the following:

1. You (or your contractor or subcontractor) can pay the Claimant and obtain a Discharge of Lien Claim from the Claimant; or

2. You (or your contractor or subcontractor) can cause the Lien Claim to be discharged by filing a surety bond or making a deposit of funds as provided for in Section 31 of P.L. 1993, c. 318.

If you (or your contractor or subcontractor) choose to pay the Claimant under 1 above, you will lose your right to challenge this Lien Claim in legal proceeding before a court of law.

If you (or your contractor or subcontractor) choose to discharge the Lien Claim by filing a surety bond or making a deposit of funds as provided in Section 31 of P.L. 1993, c.318, you will retain your right to challenge this Lien Claim in a legal proceeding before a court of law.

### NOTICE TO SUBCONTRACTOR OR CONTRACTOR:

This lien has been filed with the Middlesex County Clerk and served upon the owner of the real estate. This lien places the owner on notice that the real estate may be sold to satisfy this claim unless the owner pays the claimed sum to this Claimant.

ANDRESEN INTERIOR CONTRACTING, INC.

Date: September 18, 2008        By: _____
                                 Name:   **Daniel P. Andersen**
                                 Title:        **President**

### CLAIMANT'S REPRESENTATION AND VERIFICATION

Claimant represents and verifies that:

1. The amount claimed herein is due and owing at the date of filing pursuant to the Claimant's contract described in the Construction Lien Claim.

2. The work, services, materials or equipment for which this Lien Claim is filed was provided exclusively in connection with the improvement of the real property which is the subject of this claim.

3

3. This claim has been filed within 90 days from the last date upon which the work, services, materials or equipment for which payment is claimed was provided.

4. The foregoing statements made by me are true, to the best of my knowledge. I am aware that if any of the foregoing statement made by me are false, this Construction Lien Claim will be void and that I will be liable for damages to the owners of any other person injured as a consequence of the filing of this Lien Claim.

ANDERSEN INTERIOR CONTRACTING, INC.

By: _____
Name: Daniel P. Andersen
Title: President

STATE OF NEW JERSEY    }
                       } SS:
COUNTY OF ESSEX        }

BE IT REMEMBERED, that on this 18TH day of September, 2008, Daniel P. Andersen personally came before me, who I am satisfied is the person who signed the within instrument as President of the Claimant, **ANDRESEN INTERIOR CONTRACTING, INC.,** and he acknowledged that this document was made by the corporation and was signed and delivered by him as such officer, and is the voluntary act of the corporation, made by virtue of authority from its Board of Directors.

_____
Notary Public of the State of NJ
DAVID J ADAMS
NOTARY PUBLIC
MY COMMISSION EXPIRES 9 / 7 / 2009

4