Ira L. Herman
Demetra L. Liggins
**THOMPSON & KNIGHT LLP**
919 Third Avenue, 39th Floor
New York, New York 10022-3915
(212) 751-3001 Telephone
(212) 751-3113 Facsimile

Rhett G. Campbell
Mitchell E. Ayer
**THOMPSON & KNIGHT LLP**
333 Clay Street, Suite 3300
Houston, TX  77002-4499
(713) 654-8111 Telephone
(713) 654-1799 Facsimile

**Attorneys for Chevron Natural Gas**
**(a division of Chevron U.S.A., Inc.)**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

————————————————————————x
               §
In re:               §
               §      **Chapter 11**
**LEHMAN BROTHERS HOLDINGS INC.,**  §
               §      **Case No. 08-13555 (JMP)**
       **Debtor.**     §
————————————————————————x

## RESERVATION OF RIGHTS AND LIMITED OBJECTION OF CHEVRON NATURAL GAS TO DEBTORS' MOTION TO APPROVE THE SALE OF THE PURCHASED ASSETS AND THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS RELATING TO THE PURCHASED ASSETS

Chevron Natural Gas (a division of Chevron U.S.A., Inc.) ("Chevron"), files this limited objection to the  Debtors' Motion to Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets (the "Sale Motion").

### RELIEF REQUESTED

1.      The Sale Motion as filed Lehman Brothers Holdings, Inc. ("LBHI") and LB 745 LLC (collectively, the "Debtors") contemplates the jurisdiction of this Court and the jurisdiction

of the court in a SIPA[1] to approve the proposed sale of Lehman Brothers, Inc. ("LBI") to
Barclays Capital Inc ("Barclays").  While Chevron acknowledges the emergency nature of these
proceedings, the Debtors have failed to provide sufficient information regarding the nature of the
assets to be sold.  Consequently, Chevron asks this Court to withhold approval of the proposed
sale until LBHI and other Sellers[2] have disclosed basic pertinent information regarding the sale.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 157 (b).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

4.      On September 15, 2008 (the "Petition Date"), LBHI commenced this bankruptcy
case by filing a voluntary under chapter 11 of title 11 of the United States Code (the "Bankruptcy
Code").  On September 16, 2008, LB 745 LLC filed its chapter 11 voluntary petition.  The
Debtors continue their business and operate their affairs as debtors-in-possession.  11 U.S.C. §§
1107(a) and 1108.

5.      Before the Petition Date on June 23, 2003, Chevron Natural Gas[3] (a division of
Chevron U.S.A., Inc.) ("CNG"), entered into a contract with Eagle Energy Partners I, LP
("Eagle") for the sale of natural gas.  Eagle has not filed for bankruptcy protection.

6.      On September 17, 2008, the Debtors filed the Sale Motion seeking this Court's
approval of the sale of LBI—a non-debtor of LBHI for $1.7 billion pursuant to that certain asset
purchase agreement dated September 16, 2008 (the "APA").[4]  In the Sale Motion, LBI is

---

[1] Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa, *et seq.*
[2] All capitalized terms not defined herein shall have the meaning as defined in the Sale Motion.
[3] Formerly known as ChevronTexaco Natural Gas.
[4] Chevron reserves the right to object to the timing and notice of the Sale Motion and Sale Hearing.

identified as broker-dealer non-debtor subsidiary.[5]    The Debtors also seek approval for the assumption of certain obligations and expenses.    The Purchased Assets include the Eagle businesses.

### Arguments and Authorities

7.    The Sale Motion and the APA are ambiguous.    They fail to identify with specificity (1) the assets being sold, (2) the identity of the sellers, and (3) how the sale proceeds will be distributed.    Moreover, the Debtors' attempt to sell the stock of non-debtor subsidiaries in improper.

8.    The APA defines Purchased Assets as "all assets of the Seller <u>and its Subsidiaries</u> used in connection with the Business (excluding the Excluded Assets)" (emphasis added). Purchased Assets could include all assets any subsidiary that LBHI owns (directly or indirectly). These subsidiaries, however, are neither parties to the APA nor are they debtors before this Court.    Likewise, the Purchased Assets include the "stock of Townsend Analytics and the stock, equity interests or assets of <u>any other subsidiary of LBI</u> that the Seller and Purchaser may mutually agree on prior of the entry of the Sale Order. . ." (emphasis added).    Neither Chevron nor any other party-in-interest can determine what entities are impacted by the Debtors' proposed sale and if the Debtors intend to the sale the stock of the non-debtor  subsidiaries free and clear of claims relating to these non-debtor subsidiary entities.

9.    The Bankruptcy Code's exclusive jurisdiction over a debtor and its property does not extend to a "solvent independent subsidiary of the debtor merely because the stock is held by the debtor."[6]    Generally, bankruptcy courts are "without jurisdiction over proceeding involving a

---

[5] Sale Mot. ¶2.
[6] *In re Beck Indus.*, 479 F.2d 410, 415 (2d Cir. 1973).

non-debtor filing subsidiary."[7]  This lack of jurisdiction is true even where a debtor owns one

hundred percent of the subsidiary's stock.[8]  Therefore, this Court does not have jurisdiction over

the Contract between CTNG and Eagle.  Without jurisdiction, the Contract cannot be part of the

Debtors' proposed sale to Barclays.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, Chevron asks this Court to enter an order

sustaining its objection and granting such other and further relief as this Court deems proper both

at law and in equity.

**DATED:**        New York, New York
                 September 19, 2008.


Respectfully submitted,

By:    */s/ Demetra L. Liggins*

**THOMPSON & KNIGHT LLP**
Ira L. Herman
Demetra L. Liggins
919 Third Avenue, 39th Floor
New York, New York 10022-3915
(212) 751-3001 Telephone
(212) 751-3113 Facsimile

**THOMPSON & KNIGHT LLP**
Rhett G. Campbell
Mitchell E. Ayer
333 Clay Street, Suite 3300
Houston, TX  77002-4499
(713) 654-8111 Telephone
(713) 654-1799 Facsimile

---

[7] *In re Arlan's Dep't Stores, Inc.* 615 F.2d 925, 940 (2d Cir. 1979).
[8] *In re Murchison*, 54 B.R. 721, 728 (Bankr. N.D. Tex. 1985).