BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 657-9500
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Thomas M. Gaa, Esq., (Calif. Bar No. 130720)
Kenneth T. Law, Esq., (Calif. Bar No. 111779)

Attorneys for Cisco Systems, Inc. and
Cisco Systems Capital Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC.. *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF CISCO SYSTEMS, INC. AND CISCO SYSTEMS CAPITAL CORPORATION TO DEBTORS' MOTION SEEKING, AMONG OTHER THINGS, AN ORDER AUTHORIZING AND APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

TO: HONORABLE JAMES M. PECK, United States Bankruptcy Judge:

Cisco Systems, Inc. ("Cisco Inc.") and Cisco Systems Capital Corporation ("Cisco Capital") (collectively, "Cisco") hereby files this *Limited Objection Of Cisco Systems, Inc. And Cisco Systems Capital Corporation To Debtors' Motion Seeking, Among Other Things, An Order Authorizing And Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases* (the "Limited Objection") to the Motion of Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("LB 745"), debtors and debtors-in-possession (collectively, the "Debtors"), seeking, among other things, an order authorizing and approving (a) the sale of certain of the Debtors' assets (the "Purchased Assets") free and clear of all liens, claims, encumbrances

1

and interests and (b) the assumption and assignment of certain executory contracts related to the Purchased Assets (the "Sale Motion").

## RELIEF REQUESTED

Cisco is the non-debtor party to various executory contracts (collectively, the "Cisco Contracts") with the Debtors, Lehman Brothers, Inc. and various of their subsidiaries and affiliates (collectively, "Lehman"). The Debtors, by their Sale Motion seek, in pertinent part, to assume and assign certain executory contracts that are categorized as either "Closing Date Contracts" or "Designated Contracts" by the Debtors. *See Sale Motion,* ¶ 28. While the Debtors recognize the legal obligation to cure all monetary defaults as a condition of assuming and assigning such contracts, *see Sale Motion,* ¶ 31, neither the Sale Motion nor the Final Consolidated IT (Revised) List (as identified below) identifies with sufficient particularity the executory contracts the Debtors seeks to assume. Therefore, Cisco is denied any meaningful opportunity to determine whether any grounds exist to object to the proposed assumption including, without limitation, the existence of a monetary default that must be cured pursuant to 11 U.S.C. §365.

The Sale Motion and the Final Consolidated IT (Revised) List fail to identify the Cisco Contracts with sufficient particularity to permit Cisco Capital to determine the correct amount of the monies owed to Cisco Capital (the "Cisco Capital Cure Amount") or to permit Cisco Inc. to determine the correct amount of the monies owed to Cisco Inc. (the "Cisco Inc. Cure Amount"). Accordingly, Cisco seeks denial of the Sale Motion only to the extent that it seeks entry of an order authorizing the assumption of the Cisco Contracts without first requiring the Debtors (a) to identify with particularity the specific executory contracts they seek to assume and assign (by, for example, providing the full name and date of each such executory contract and such other

2

information as Cisco may determine) so that Cisco can identify each such contract and, (b) to cure every monetary default that exists with regard to each such contract to be assumed and assigned.

Cisco does not seek denial of the Sale Motion to the extent that it seeks approval of the sale of the Purchased Assets.

## BACKGROUND

1. Cisco Systems, Inc. is a California corporation with offices at 170 West Tasman, San Jose, California 94134 and, among other activities, it is in the business of manufacturing equipment and providing various services.

2. Cisco Systems Capital Corporation is a Nevada corporation with offices at 170 West Tasman, San Jose, California 94134 and, among other activities, it is in the business of leasing equipment and providing various services.

3. Prior to the commencement of this case, Cisco entered into certain executory contracts with Lehman, including but not limited to LBHI, and pursuant thereto LBHI and other Debtors are obligated to pay certain monies to Cisco.

4. In conjunction with the Sales Motion, on or about 1:00 a.m. on September 19, 2008, the Debtors caused a list of certain executory contracts (the "Final Consolidated IT (Revised) List") to be filed on the website of Epiq Systems - Bankruptcy Solutions [which is found at: http://chapter11.epiqsystems.com/Documents.aspx.] The Final Consolidated IT (Revised) IT List identified certain executory contracts that may be assumed by the Debtors and assigned to Barclay Capital, Inc. (the "Purchaser") as the closing of the Asset Sale (or thereafter) and, further, asserted the monetary cures that it contends are owed with respect to each identified executory contract.

5.  The Final Consolidated IT (Revised) List identifies the executory contracts sought to be assumed as follows:

a.  The following contracts are listed as being subject to assumption and the Vendor Contact is listed as "Cisco":

(i) Type II: Amendment/Addendum/Schedule (with no date included); Vendor Address: 170 West Tasman Drive Mailstop SJC-13, 3rd Floor, San Jose, CA 95134; Lehman Entity: Unknown

(ii) Type II: Amendment/Addendum/Schedule (with no date included); Vendor Address: Customer Services, 170 West Tasman Drive Mailstop SJC-13, 3rd Floor, San Jose, CA 95134; Lehman Entity: Unknown

(iii) Type II: Master Agreement (no date included); Vendor Address: 170 West Tasman Drive Mailstop SJC-13, 3rd Floor, San Jose, CA 95134; Lehman Entity: Unknown

(iv) Type II: Amendment/Addendum/Schedule (with no date included); Vendor Address: Customer Services, 1525 O'Brien Drive Menlo Park CA 94025, Lehman Entity: Unknown

(v) Type II: Amendment/Addendum/Schedule (with no date included); Vendor Address: Customer Services, 1525 O'Brien Drive Menlo Park CA 94025, Lehman Entity: Unknown

(vi) Type II: Side Letter (no date included); Vendor Address: General Counsel, 170 West Tasman Drive, San Jose, CA 95134; Lehman Entity: Unknown

b.  The following contracts are listed as being subject to assumption and the Vendor Contact is listed as "Cisco Systems, Inc." (Smartnet): Type II: (no identification); Vendor Contact: Cisco Systems, Inc., ATTN: Customer Services, 180 Baytech Drive, San Hose CA 95134; Lehman Entity: LBI

c.  The following contracts are listed as being subject to assumption and the Vendor Contact is listed as WebEx Communications, Inc.: Type II: (no entry); Vendor Contact: WebEx Communications, Inc., 3979 Freedom Circle, Santa Clara, CA 95054; Lehman Entity: LBI

6.  The identification of the executory contracts that are subject of the Sale Motion are not described on Final Consolidated IT (Revised) List with sufficient particularity to permit either Cisco Inc. or Cisco Capital to determine (a) the specific executory contracts that the Debtors seek to assume and assign to the Purchaser or (b) the amount of any monetary default that is owed to either Cisco Inc. or Cisco Capital on account of such executory contracts.

7.  With regard to the executory contracts listed on the Final Consolidated IT (Revised) List to which Cisco is identified as the non-debtor party, the stated cure amount listed for all such contracts is $0.00.

**GROUNDS FOR THE RELIEF REQUESTED**

8.  <u>Approval of the Sale Assumption Notice Without Specifying Executory Contracts and Licenses At Issue Would Violate Cisco' Due Process Rights.</u>  Before a creditor's interests may be adversely affected by judicial action, the due process clause of the Fifth Amendment to

the United States Constitution requires "notice be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action . . ." and to afford them an opportunity to present their objections. *See City of N.Y. v. New York, N.H. & H. R.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953) (a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights); *U.S. v. Security Indus. Bank*, 459 U.S. 70, 75, 103 S.Ct. 407, 410, 74 L.Ed2d 235 (1982) (Bankruptcy proceedings are subject to the fifth amendment); *Owens-Corning Fiberglas Corp. v. Center Wholesale, Inc. (In re Center Wholesale, Inc.)*, 759 F.2d 1440, 1448 (9th Cir. 1985) *citing Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). *Accord, In re Golden Books*, 269 B.R. 300, 305 (Bankr. D. Del. 2001) (Notice of an assumption notice seeking authority to assume and assign executory contracts, including licenses of intellectual property, is governed by Federal Rule of Bankruptcy Procedure 6006(a)).

9. In the matter before this Court, neither the Final Consolidated IT (Revised) List nor any other pleadings filed or served by the Debtors or the Purchasers adequately identifies the executory contracts or unexpired leases to which Cisco may be a party and which the Debtors seek to assume. Absent the provision of such fundamental information, Cisco cannot determine all of the grounds (if any) barring assumption of such contracts or otherwise governing its rights in this matter, or whether the Debtor has complied with the mandates governing assumption and assignment of executory contracts as set forth in §365(b), (c) and (f) of the Bankruptcy Code.

10. Cisco submits that entry of an order authorizing and approving the assumption of any of the Cisco Contacts, without first requiring the Debtors to specify the precise contracts at issue, will deny Cisco a meaningful opportunity to be heard on the issue whether any executory

6

contracts to which it is a party may be assumed and assigned by the Debtors.    Therefore, approval of the assumption or assignment of such executory contracts based on the record before this Court would constitute denial of Cisco' due process rights.

WHEREFORE, Cisco hereby requests that any order entered by the Court approving the Debtors' Sale Motion condition the assumption and assignment of the Cisco Contracts upon (a) the Debtors providing a description of the Cisco Contracts that permits Cisco to determine whether any monetary default exists with regard to any or all such contracts, (b) the payment of all monetary defaults associated with the Cisco Contracts without delay and (c) such other and further relief as is necessary to protect Cisco's rights and interests in this matter.

Dated: Palo Alto, California
           September 19, 2008

                    Respectfully submitted,

                    BIALSON, BERGEN & SCHWAB
                    Attorneys for Cisco Systems, Inc. and
                    Cisco Systems Capital Corporation


                    By: /s/ Thomas M. Gaa_____
                        Thomas M. Gaa, Esq.