BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 657-9500
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Patrick M Costello, Esq., (Calif. Bar No. 117205)

Attorneys for SuccessFactors, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC.. *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF SUCCESSFACTORS, INC. TO
DEBTORS' MOTION SEEKING, AMONG OTHER THINGS, AN ORDER
AUTHORIZING AND APPROVING THE ASSUMPTION AND ASSIGNMENT
OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

TO: HONORABLE JAMES M. PECK, United States Bankruptcy Judge

SuccessFactors, Inc. ("SuccessFactors") hereby files this *Limited Objection Of SuccessFactors, Inc. To Debtors' Motion Seeking, Among Other Things, An Order Authorizing And Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases* (the "Limited Objection") to the Motion of Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("LB 745"), debtors and debtors-in-possession (collectively, the "Debtors"), seeking, among other things, an order authorizing and approving (a) the sale of certain of the Debtors' assets (the "Purchased Assets") free and clear of all liens, claims, encumbrances and interests and (b) the assumption and assignment of certain executory contracts related to the Purchased Assets (the "Sale Motion").

1

SuccessFactors is a counterparty to various executory contracts (collectively, the "SuccessFactors Contracts") with certain non-debtor affiliates of the Debtors, including without limitation, Lehman Brothers, Inc. (collectively, the "Non-Debtor Affiliates"). SuccessFactors files this Limited Objection to the Sale Motion because the SuccessFactors Contracts are not identified with sufficient particularity to permit SuccessFactors to determine the correct amount of the monies owed to SuccessFactors (the "SuccessFactors Cure Amount"). Accordingly, SuccessFactors seeks denial of the Sale Motion to the extent that it seeks an order authorizing the proposed assumption of the SuccessFactors Contracts without, (a) first, requiring the Debtors to identify with particularity the specific executory contracts it seeks to assume and assign by providing the full name and date of each such executory contract and such other information as SuccessFactors may require to permit SuccessFactors to identify each such contract and, (b) second, requiring the Debtors to cure every monetary default that exists with regard to each such contract to be assumed and assigned. SuccessFactors does not seek denial of the Sale Motion to the extent that it seeks approval of the sale of the Purchased Assets.

## RELIEF REQUESTED

1. By their Sale Motion, the Debtors seek to assume and assign certain executory contracts and categorize such contracts as either "Closing Date Contracts" or "Designated Contracts." *See Sale Motion,* ¶ 28. The Debtors recognize the legal obligation to cure all monetary defaults as a condition of assuming and assigning such contracts. *See Sale Motion,* ¶ 31.

2. The Final Consolidated IT (Revised) List posted by the Debtors indicates that the stated cure amount for the SuccessFactors Contracts sought to be assumed and assigned is $63,735. However, the SuccessFactors Contracts are not identified with sufficient particularity

2

to permit SuccessFactors to determine (a) the specific executory contracts that the Debtors seek to assume and assign to the Purchaser or (b) the amount of any monetary default that is owed to SuccessFactors on account of such executory contracts.  Accordingly, absent the Debtors providing more detailed information permitting identification of the SuccessFactors Contracts, it is not possible for SuccessFactors to calculate the actual amount of any monetary default.  Denial of the opportunity for SuccessFactors to make such calculation means that, effectively, its due process right to have an opportunity to protect its rights and interests is being denied.

### GROUNDS FOR THE RELIEF REQUESTED

3.      *Approval of the Sale Assumption Notice Without Specifying Executory Contracts and Licenses At Issue Would Violate SuccessFactors' Due Process Rights.*   Before a creditor's interests may be adversely affected by judicial action, the due process clause of the Fifth Amendment to the United States Constitution requires "notice be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action . . ." and to afford them an opportunity to present their objections.  *See City of N.Y. v. New York, N.H. & H. R.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953) (a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights); *U.S. v. Security Indus. Bank*, 459 U.S. 70, 75, 103 S.Ct. 407, 410, 74 L.Ed2d 235 (1982) (Bankruptcy proceedings are subject to the fifth amendment); *Owens-Corning Fiberglas Corp. v. Center Wholesale, Inc. (In re Center Wholesale, Inc.)*, 759 F.2d 1440, 1448 (9th Cir. 1985) *citing Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).  *Accord, In re Golden Books*, 269 B.R. 300, 305 (Bankr. D. Del. 2001) (Notice of an assumption notice seeking authority to assume and assign executory contracts, including licenses of intellectual property, is

governed by Federal Rule of Bankruptcy Procedure 6006(a)).

4.      In the matter before this Court, neither the Final Consolidated IT (Revised) List nor any other pleadings filed or served by the Debtors or the Purchaser adequately identifies the executory contracts or unexpired leases to which SuccessFactors may be a party and which the Debtors seek to assume. Absent the provision of such fundamental information, SuccessFactors cannot determine all of the grounds (if any) barring assumption of such contracts or otherwise governing its rights in this matter, or whether the Debtor has complied with the mandates governing assumption and assignment of executory contracts as set forth in §365(b), (c) and (f) of the Bankruptcy Code.

WHEREFORE, SuccessFactors hereby requests that any order entered by the Court approving the Debtors' Sale Motion condition the assumption and assignment of the SuccessFactors Contracts upon (a) the Debtors providing a description of the SuccessFactors Contracts that permits SuccessFactors to determine whether any monetary default exists with regard to any or all such contracts and (b) the payment of the monetary defaults established without delay.

Dated: Palo Alto, California
September 19, 2008

                                             Respectfully submitted,

                                             BIALSON, BERGEN & SCHWAB
                                             Attorneys for SuccessFactors, Inc.


                                           By:  /s/ Patrick M. Costello_____
                                                  Patrick M. Costello