BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 657-9500
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Thomas M. Gaa, Esq., (Calif. Bar No. 130720)
Kenneth T. Law, Esq., (Calif. Bar No. 111779)

Attorneys for NetApp, Inc. and Network Appliance Limited

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC.. *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF NETAPP, INC. AND NETWORK APPLIANCE LIMITED
TO DEBTORS' MOTION SEEKING, AMONG OTHER THINGS, AN ORDER
AUTHORIZING AND APPROVING THE ASSUMPTION AND ASSIGNMENT
OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

TO: HONORABLE JAMES M. PECK, United States Bankruptcy Judge:

NetApp, Inc., formerly known as Network Appliance, Inc., and Network Appliance Limited (collectively, "NetApp") hereby file their *Limited Objection Of NetApp, Inc. And Network Appliance Limited To Debtors' Motion Seeking, Among Other Things, An Order Authorizing And Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases* (the "Limited Objection") to the Motion of Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("LB 745"), debtors and debtors-in-possession (collectively, the "Debtors"), seeking, among other things, an order authorizing and approving (a) the sale of certain of the Debtors' assets (the "Purchased Assets") free and clear of all liens, claims, encumbrances and interests and (b) the assumption and assignment of certain executory contracts related to the

Purchased Assets (the "Sale Motion").

## RELIEF REQUESTED

Network Appliance, Inc., and Network Appliance Limited are the non-debtor parties to various executory contracts (collectively, the "NetApp Contracts") with the Debtors, Lehman Brothers, Inc. and various of their subsidiaries and affiliates (collectively, "Lehman"). The Debtors, by their Sale Motion seek, in pertinent part, to assume and assign certain executory contracts that are categorized as either "Closing Date Contracts" or "Designated Contracts" by the Debtors. *See Sale Motion,* ¶ 28. While the Debtors recognize the legal obligation to cure all monetary defaults as a condition of assuming and assigning such contracts, *see Sale Motion,* ¶ 31, neither the Sale Motion nor the Final Consolidated IT (Revised) List (as identified below) identifies with sufficient particularity the executory contracts the Debtors seeks to assume. Therefore, NetApp is denied any meaningful opportunity to determine whether any grounds exist to object to the proposed assumption including, without limitation, the existence and amount of all monetary defaults that must be cured pursuant to 11 U.S.C. §365.

The Sale Motion and the Final Consolidated IT (Revised) List fail to identify the NetApp Contracts with sufficient particularity to permit NetApp to determine the correct amount of the monies owed to NetApp (the "NetApp Cure Amount"). Accordingly, NetApp seeks denial of the Sale Motion only to the extent that it seeks entry of an order authorizing the assumption of the NetApp Contracts without first requiring the Debtors (a) to identify with particularity the specific executory contracts they seek to assume and assign (by, for example, providing the full name and date of each such executory contract and such other information as NetApp may determine) so that NetApp can identify each such contract and, (b) to cure every monetary

default that exists with regard to each such contract to be assumed and assigned by payment of the NetApp Cure Amount.

NetApp does not seek denial of the Sale Motion to the extent that it seeks approval of the sale of the Purchased Assets.

## BACKGROUND

1. NetApp, Inc. is a Delaware corporation with offices at 495 East Java Drive, Sunnyvale, CA 94089 and, among other activities, it is in the business of providing equipment, software and various services.

2. Network Appliance Limited is a company limited by shares and organized under the laws of the United Kingdom with registered offices at Waterview House, 1 Roundwood Avenue, Stockley Park Uxbridge, Middlesex UB11 1EJ, United Kingdom and, among other activities, it is in the business of providing equipment, software and various services.

3. Prior to the commencement of this case, NetApp entered into certain executory contracts with Lehman, including but not limited to Lehman Brothers Ltd, Lehman Brothers, Inc. and LBHI, and pursuant thereto Lehman is obligated to pay certain monies to NetApp.

4. In conjunction with the Sales Motion, on or about 1:00 a.m. on September 19, 2008, the Debtors caused a list of certain executory contracts (the "Final Consolidated IT (Revised) List") to be filed on the website of Epiq Systems - Bankruptcy Solutions [which is found at: http://chapter11.epiqsystems.com/Documents.aspx.]   The Final Consolidated IT (Revised) List identified certain executory contracts that may be assumed by the Debtors and assigned to Barclay Capital, Inc. (the "Purchaser") as the closing of the Asset Sale (or thereafter) and, further, asserted the monetary cures that it contends are owed with respect to each identified executory contract.

5. The Final Consolidated IT (Revised) List identifies the following contracts as

being subject to assumption and the Vendor Contacts are listed as "Network Appliance, Inc.":

    a.    Type II: Master Agreement; Vendor Contact Name & Address: Legal department, Network Appliance 495 east java drive, Sunnyvale CA 94089; Lehman Entity: LBI

    b.    Type II: Master Agreement; Vendor Contact Name & Address: Legal department, Network Appliance 495 east java drive, Sunnyvale CA 94089; Lehman Entity: LBI

    c.    Type II: Amendment/Addendum/Schedule (with no date included); Vendor Contact Name & Address: Legal department, Network Appliance 495 east java drive, Sunnyvale CA 94089; Lehman Entity: LBI

    d.    Type II: Amendment/Addendum/Schedule (with no date included); Vendor Contact Name & Address: Legal department, Network Appliance 495 east java drive, Sunnyvale CA 94089; Lehman Entity: LBI

    e.    Type II: TBD; Vendor Contact Name & Address: Nick Dovaras, 230 Park Ave, Suite 834, Newyork (sic), NY 10169; Lehman Entity: Lehman Brothers

    f.    Type II: TBD; Vendor Contact Name & Address: Nick Dovaras, 230 Park Ave, Suite 834, Newyork (sic), NY 10169; Lehman Entity: Lehman Brothers

      g.      Type II: [No entry]; Vendor Contact Name & Address: Network Appliance, Inc., Legal Department, 495 east java drive, Sunnyvale CA 94089; Lehman Entity: LBI

6.      The identification of the executory contracts that are subject of the Sale Motion are not described on Final Consolidated IT (Revised) List with sufficient particularity to permit NetApp to determine (a) the specific executory contracts that the Debtors seek to assume and assign to the Purchaser or (b) the amount of any monetary default that is owed to NetApp on account of such executory contracts.

7.      With regard to the executory contracts listed on the Final Consolidated IT (Revised) List to which NetApp is identified as the non-debtor party, the stated cure amount listed for all such contracts is $436,580.80 owed to Network Appliance, Inc.

**GROUNDS FOR THE RELIEF REQUESTED**

8.      <u>Approval of the Sale Assumption Notice Without Specifying Executory Contracts and Licenses At Issue Would Violate NetApp's Due Process Rights.</u>  Before a creditor's interests may be adversely affected by judicial action, the due process clause of the Fifth Amendment to the United States Constitution requires "notice be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action . . ." and to afford them an opportunity to present their objections.  *See City of N.Y. v. New York, N.H. & H. R.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953) (a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights); *U.S. v. Security Indus. Bank*, 459 U.S. 70, 75, 103 S.Ct. 407, 410, 74 L.Ed2d 235 (1982) (Bankruptcy proceedings are subject to the fifth amendment); *Owens-Corning Fiberglas Corp. v. Center Wholesale, Inc. (In re Center*

*Wholesale, Inc.)*, 759 F.2d 1440, 1448 (9th Cir. 1985) *citing Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). *Accord, In re Golden Books*, 269 B.R. 300, 305 (Bankr. D. Del. 2001) (Notice of an assumption notice seeking authority to assume and assign executory contracts, including licenses of intellectual property, is governed by Federal Rule of Bankruptcy Procedure 6006(a)).

9.  In the matter before this Court, neither the Final Consolidated IT (Revised) List nor any other pleadings filed or served by the Debtors or the Purchasers adequately identifies the executory contracts or unexpired leases to which NetApp may be a party and which the Debtors seek to assume.  Absent the provision of such fundamental information, NetApp cannot determine all of the grounds (if any) barring assumption of such contracts or otherwise governing its rights in this matter, or whether the Debtor has complied with the mandates governing assumption and assignment of executory contracts as set forth in §365(b), (c) and (f) of the Bankruptcy Code.

10.  NetApp submits that entry of an order authorizing and approving the assumption of any of the NetApp Contacts, without first requiring the Debtors to specify the precise contracts at issue, will deny NetApp a meaningful opportunity to be heard on the issue whether any executory contracts to which it is a party may be assumed and assigned by the Debtors. Therefore, approval of the assumption or assignment of such executory contracts based on the record before this Court would constitute denial of NetApp's due process rights.

WHEREFORE, NetApp hereby requests that any order entered by the Court approving the Debtors' Sale Motion condition the assumption and assignment of the NetApp Contracts upon the Debtors (a) providing a sufficient description of the NetApp Contracts that permits NetApp to

identify the executory contracts at issue and to determine the correct amount of all monetary defaults with regard to any or all such contracts, (b)paying all monetary defaults associated with the NetApp Contracts without delay, including without limitation an amount not less than the $436,580.80 admitted by the Debtors as owed in full or partial satisfaction of the NetApp Cure Amount, and (c) affording such other and further relief as may be necessary to protect NetApp's rights and interests in this matter.

Dated: Palo Alto, California
      September 19, 2008

                              Respectfully submitted,

                              BIALSON, BERGEN & SCHWAB
                              Attorneys for NetApp, Inc. and Network Appliance Limited


                              By: /s/ Thomas M. Gaa_____
                                  Thomas M. Gaa, Esq.