**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Jordan Pilevsky, Esq.

*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

                                            Chapter 7

JVJ PHARMACY INC. D/B/A           Case No. 16-10508 (SMB)
UNIVERSITY CHEMISTS,

                         Debtor.
-------------------------------------------------------------x

## NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CHAPTER 11 ADMINISTRATIVE CLAIMS ON OR BEFORE JULY 13, 2018

**TO:    ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST
          JVJ PHARMACY INC. D/B/A UNIVERSITY CHEMISTS**

The United States Bankruptcy Court for the Southern District of New York (the "Court") entered an Order (the "Administrative Bar Date Order") establishing **July 13, 2018** (the "Administrative Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of an administrative claim (an "Administrative Claim") (as defined below) against JVJ Pharmacy Inc. d/b/a University Chemists (the "Debtor").

The Administrative Bar Date and the procedures set forth below for filing proofs of an Administrative Claim apply to all claims against the Debtor that arose from the date the Debtor filed its Chapter 11 bankruptcy petition on March 3, 2016 (the "Petition Date") through and including December 21, 2017 (the "Conversion Date"), the date the Debtor's case was converted to a case under Chapter 7 of Title 11 of the United States Code (the "Chapter 11 Period"), except

for those holders of claims listed in Section 4 below that are specifically excluded from the Administrative Bar Date filing requirement.

1. **WHO MUST FILE A PROOF OF CLAIM**

A party **MUST** file the proof of an Administrative Claim to share in distributions from the Debtor's bankruptcy estate if that party has an Administrative Claim that arose from the Petition Date through and including the Conversion Date and that Administrative Claim is not one of the types of claims described in Section 4 below.

Claims for administrative expenses are specifically described in Sections 503 and 507 of the Bankruptcy Code. Among other things, these sections provided that certain types of claims are entitled to administrative expense priority, including without limitation: (i) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the bankruptcy case, but before conversion; (ii) certain taxes and penalties related thereto; (iii) compensation and reimbursement of certain professionals; or (iv) the actual, necessary expenses incurred by certain creditors in making a substantial contribution to the Debtor's Chapter 11 case. Administrative Claims based on acts or omissions of the Debtor that occurred during the Chapter 11 Period must be filed on or prior to the Administrative Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain during the Chapter 11 Period.

Under Section 101(5) of the Bankruptcy Code, and as used in this notice (the "Administrative Bar Date Notice"), the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to the right to payment,

whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, secured or unsecured.

**2.    WHAT TO FILE**

Any party with an Administrative Claim that fails to file the proof of the Administrative Claim by **July 13, 2018** and in accordance with the Order of the Court dated May __, 2018, shall be deemed barred from filing such proof of the Administrative Claim or from receiving any such distribution of account of the Administrative Claim.

Proof of claim forms may be obtained at http://www.uscourts.gov/forms/bankruptcy-forms. All proofs of an Administrative Claim must conform substantially to Form No. B410 of the Official Bankruptcy Forms. The proof of the Administrative Claim must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. The claimant should attach to a completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

The proof of the Administrative Claim must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

If the person or entity asserting the Administrative Claim is an estate professional whose retention was authorized by the Court, they must also file an application for payment that complies with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and the Fee Guidelines promulgated by the United States Trustee by the Administrative Bar Date. No hearing

should be scheduled on such applications, which will be heard at the final hearing in this case, if any.

3. **WHEN AND WHERE TO FILE**

Except as provided for herein, the proof of the Administrative Claim must be filed **so as to be received on or before July 13, 2018**. Attorneys (with full access accounts) and employees of institutional creditors (with unlimited access accounts) shall file the proof of the Administrative Claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts to the CM/ECF system may create and electronically file their proofs of claim through the "File A Proof of Claim" link on the Court's website, www.nysb.uscourts.gov, or by mailing or delivering the original proof of the Administrative Claim to the Court at the address provided below:

**United States Bankruptcy Court**
**Southern District of New York**
**One Bowling Green**
**New York, New York 10004**

The proof of the Administrative Claim will be deemed filed only when received by the Court on or before the Administrative Bar Date. Proof of the Administrative Claim may **not** be delivered by facsimile, telecopy or electronic mail transmission.

4. **WHO NEED NOT FILE A PROOF OF CLAIM**

You do **not** need to file a proof of the Administrative Claim on or prior to the Administrative Bar Date if you are:

(a) Any person or entity that has already filed a proof of the Administrative Claim against the Debtor in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. B410;

(b) A holder of an Administrative Claim that heretofore has been allowed by order of this Court;

4

(c)     A person or entity whose Administrative Claim has been paid in full by the Debtor; or

(d)     A person or entity whose Administrative Claim for which specific deadlines have previously been fixed by this Court.

This Administrative Bar Date Notice is being sent to the many persons and entities that have had some relationship with, or have done business with, the Debtor but may not have an unpaid Administrative Claim against the Debtor. The fact that you have received this Administrative Bar Date Notice does not mean that you have an Administrative Claim, or that the Debtor or the Court believe that you have an Administrative Claim against the Debtor.

5.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds an Administrative Claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of the Administrative Bar Date Order, must file such Administrative Claim based on such rejection on or before the Administrative Bar Date. Any person or entity that holds an Administrative Claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of the Administrative Bar Date Order, must file an Administrative Claim on or before such date as the Court may fix in the applicable order authorizing such rejection.

6.    **CONSEQUENCES OF FAILURE TO FILE A PROOF OF ADMINISTRATIVE CLAIM BY THE ADMINISTRATIVE BAR DATE**

ANY HOLDER OF AN ADMINISTRATIVE CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE MAY __, 2018 ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF ADMINISTRATIVE CLAIM IN THE APPROPRIATE FORM, SHALL NOT (I) BE TREATED AS A HAVING AN ADMINISTRATIVE CLAIM AGAINST THE DEBTOR AND

THIS ESTATE AND (I) PARTICIPATE IN ANY DISTRIBUTION IN THE DEBTOR'S CHAPTER 7 CASE ON ACCOUNT OF SUCH ADMINISTRATIVE CLAIM.

**A holder of a possible Administrative Claim against the Debtor should consult an attorney regarding this Administrative Bar Date Notice.**

Dated: May __, 2018
      New York, New York

                **BY ORDER OF THE COURT**
                The Honorable Stuart M. Bernstein
                United States Bankruptcy Judge
                United States Bankruptcy Court
                Southern District of New York
                One Bowling Green
                New York, New York 10004

**LaMonica Herbst & Maniscalco, LLP**
Attorneys for Salvatore LaMonica, Chapter 7 Trustee
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Attn: Jordan Pilevsky, Esq.