**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                        :

In re                                      :          Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*  :          08-13555 (JMP)
                                                  :
                   Debtors.           :          (Jointly Administered)
                                                  :
-----------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE**
**CONFIRMING STATUS OF CITIBANK CLEARING ADVANCES**

Upon the motion, dated September 18, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("LB 745," and together with LBHI, the "Debtors," and collectively with their affiliates, "Lehman"), as debtors and debtors in possession, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order confirming the status of clearing advances by Citibank, N.A. ("Citibank") and its affiliates to Lehman Brothers Inc. ("LBI") and the other Lehman Clearance Parties (as defined in the Motion), as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) Citigroup; (ii) the United States Trustee for the Southern District of New York; (iii) those creditors holding the

thirty (30) largest unsecured claims against the Debtors' estates; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the Statement of Citigroup Inc. in Support of the Motion, dated September 18, 2008, the record at the Hearing, and all the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estate, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that any of Citibank's claims against LBHI arising under or pursuant to the Clearance Agreements (as defined in the Motion) and the Guaranty (as defined in the Motion), arising from any Postpetition Advances (as defined in the Motion) shall be allowed as claims under the Guaranty and Citibank may set off such claims against the Account (as defined in the Motion) to the same extent as if they had been made prior to the date on which LBHI commenced its chapter 11 case in this Court; and it is further

ORDERED that to the extent the Postpetition Advances constitute the postpetition incurrence of debt, the Postpetition Advances are authorized under section 364 of the Bankruptcy Code as to the Guaranty and that Citibank may set off the Clearing

2

Claims (as defined in the Motion) against the Account to the same extent as if they had been made prior to the date on which LBHI commenced its chapter 11 case in this Court; and it is further

ORDERED that the maintenance by Citibank as its collateral of the cash in the Account does not constitute a unilateral administrative hold or a violation of the automatic stay and for the purpose of resolving any and all disputes related to or in connection with the Account, an "administrative hold" will be deemed to commence from the date LBHI requests a withdrawal from the Account and Citibank refuses to comply with such request; and it is further

ORDERED that nothing contained herein shall prejudice or be deemed to prejudice (i) any right of Citibank to set off against the Account without seeking relief from the automatic stay in accordance with, *inter alia*, section 362(b)(6) and/or section 362(b)(7) of the Bankruptcy Code or any appellate rights of Citibank, including without limitation, the right to seek a stay of any order terminating the administrative hold of the Account, and (ii) any rights, claims, defenses, obligations, and challenges any party in interest may have with respect thereto; and it is further

ORDERED that nothing contained herein shall be a waiver or be deemed to be a waiver of (i) any of Citigroup's rights, including, without limitation, the right of Citibank to request relief from the automatic stay to effect setoff against the Account, and (ii) any rights, claims, defenses, obligations, and challenges any party in interest may have with respect thereto; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: September 22, 2008
      New York, New York

                                            *s/ James M. Peck*
                                     UNITED STATES BANKRUPTCY JUDGE