**Presentment Date & Time:  October 1, 2008 at 2:00 p.m. (ET)**
**Objection Deadline:  September 30, 2008 at 5:00 p.m. (ET)**

Dennis F. Dunne
Luc A. Despins
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000 (Telephone)
(212) 530-5219 (Facsimile)

Proposed Counsel to the Official Committee of
Unsecured Creditors of Lehman Brothers Holdings Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al., | Case No. 08-13555 (JMP) (Jointly Administered) |
| Debtors. | Honorable James M. Peck |

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED**
**ORDER BETWEEN THE DEBTORS AND THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS REGARDING**
**CREDITOR ACCESS TO INFORMATION PURSUANT TO**
**11 U.S.C. §§ 105(a), 1102(b)(3)(A) AND 1103(c)**

PLEASE TAKE NOTICE that the *Stipulation and Agreed Order Between the Debtors and the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases* (the "Committee") annexed hereto (the "Stipulated Order") will be presented to the Honorable James M. Peck, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for approval and signature on **October 1, 2008 at 2:00 p.m. (ET)**.

PLEASE TAKE FURTHER NOTICE that, objections, if any, to the relief requested in the Stipulated Order must comply with the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, must be set forth in a writing describing the basis therefor and must be filed with the Court electronically in accordance with General Orders M-182 and M-193 by registered users of the Court's electronic case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website of the Bankruptcy Court) and, by all other parties in interest, on a 3½ inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers (as defined below)) and served in accordance with General Order M-182 or by first-class mail upon each of the following: (i) the chambers of the Honorable James M. Peck ("Chambers"), One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.), attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis); (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the Committee; and (v) Cleary Gotliebb LLP, One Liberty Plaza, New York, NY 10006, (Attn: Lindsee P. Granfield, Esq. and Lisa Schweiger, Esq.) and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, (Attn: Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq.), attorneys for the Debtors' postpetition lenders so as to be received no later than **5:00 p.m. (ET) on September 30, 2008**.

PLEASE TAKE FURTHER NOTICE that if no objections to the Stipulated Order are timely filed, served and received in accordance with this notice, the Court may enter an order approving the Stipulated Order without further notice or hearing.

PLEASE TAKE FURTHER NOTICE that if a written objection is timely filed, a hearing will be held to consider the Stipulated Order, along with any written objection timely received, on **October 1, 2008 at 2:00 p.m. (ET)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408, 6th Floor.  The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

| | |
|---|---|
| Dated:  September 25, 2008<br>         New York, New York | Respectfully submitted, |
| | /s/ Dennis F. Dunne<br>Dennis F. Dunne<br>Luc A. Despins<br>MILBANK, TWEED, HADLEY & McCLOY LLP<br>1 Chase Manhattan Plaza<br>New York, New York 10005<br>(212) 530-5000 (Telephone)<br>(212) 530-5219 (Facsimile)<br><br>Proposed Counsel to the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al. |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br>(Jointly Administered)<br><br>Honorable James M. Peck |

**STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS**
**AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**REGARDING CREDITOR ACCESS TO INFORMATION**
**PURSUANT TO 11 U.S.C §§ 105(a), 1102(b)(3) AND 1103(c)**

Lehman Brothers Holdings Inc., as debtors and debtors in possession (the "Debtors" or "Lehman"), and the Official Committee of Unsecured Creditors appointed in the Debtors' cases (the "Committee"), by and through their respective counsel, hereby enter into this stipulation and agreed order (the "Stipulation/Order") and stipulate and agree as follows:

**RECITALS**

WHEREAS, on or about September 15, 2008 (the "Petition Date"), the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, on September 17, 2008, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee appointed the Committee. The Committee currently consists of five members.[1]

WHEREAS, in order to ensure that the Committee is able to comply with its obligations under Bankruptcy Code section 1102(b)(3)(A) and protect the Debtors' confidential,

---

[1] The Committee is currently comprised of the following entities: Wilmington Trust Co., as indenture trustee; The Bank of New York Mellon; Shinsei Bank, Limited; Mizuho Corporate Bank, Ltd., as agent; and Metlife.

privileged or proprietary information, the Debtors and the Committee have agreed to the Creditor Information Protocol (defined below); and

**AGREED ORDER**

IT IS THEREFORE AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1. <u>Access To Creditor Information</u>.  In full satisfaction of the Committee's obligations to provide access to information for creditors (the "<u>Creditor Information Protocol</u>") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code, the Committee shall, until the earliest to occur of dissolution of the Committee, dismissal or conversion of this chapter 11 case, and a further order of the Court:

    (a) Establish and maintain an Internet-accessed website (the "<u>Committee Website</u>") that provides, without limitation:

        (1) general information concerning the Debtors, including, case docket, access to docket filings, and general information concerning significant parties in the cases;

        (2) highlights of significant events in the cases;

        (3) a calendar with upcoming significant events in the cases;

        (4) access to the claims docket as and when established by the Debtors or any claim agent retained in the case;

        (5) a general overview of the chapter 11 process;

        (6) press releases (if any) issued by each of the Committee and the Debtors;

        (7) a non-public registration form for creditors to request "real–time" case updates via electronic mail;

        (8) a non-public form to submit creditor questions, comments and requests for access to information;

        (9) responses to creditor questions, comments and requests for access to information; provided, that the Committee may privately provide such responses in the exercise of its

2

        reasonable discretion, including in the light of the nature of the information request and the creditor's agreements to appropriate confidentiality and trading constraints;

    (10)    answers to frequently asked questions; and

    (11)    links to other relevant websites.

  (b)    Distribute case updates via electronic mail for creditors that have registered for this service on the Committee website.

  (c)    Establish and maintain a telephone number and electronic mail address for creditors to submit questions and comments.

2.    <u>Privileged and Confidential Information</u>.  The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "<u>Entity</u>"): (i) without further order of the Court, confidential, proprietary, or other non-public information concerning the Debtors or the Committee, including (without limitation) with respect to the acts, conduct, assets, liabilities and financial condition of the Debtors, the operations of the Debtors' businesses and the desirability of the continuance of such businesses, or any other matter relevant to these cases or to the formulation of one or more chapter 11 plans (including any and all confidential, proprietary, or other non-public materials of the Committee) whether provided (voluntarily or involuntarily) by or on behalf of the Debtors or by any third party or prepared by or for the Committee (collectively, the "<u>Confidential Information</u>") or (ii) any other information if the effect of such disclosure would constitute a general or subject matter waiver of the attorney-client, work-product, or other applicable privilege possessed by the Committee.

3.    Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with discovery in any contested matter, adversary

proceeding or other litigation shall not be governed by the terms of this Order but, rather, by any order governing such discovery.

        4.      The Debtors shall assist the Committee in identifying any Confidential Information concerning the Debtors that is provided by the Debtors or their agents or professionals, or by any third party, to the Committee, its agents and professionals. Any documents, information or other materials designated by the Debtors as confidential shall be treated as "Confidential Information" for purposes of this Stipulation and Agreed Order.

        5.      <u>Creditor Information Requests</u>. If a creditor (the "<u>Requesting Creditor</u>") submits a written request (including on the Committee Website or by electronic mail) (the "<u>Information Request</u>") for the Committee to disclose information, the Committee shall (a) as soon as practicable, but no more than twenty (20) days after receipt of the Information Request, provide a response to the Information Request (including on the Committee Website) (the "<u>Response</u>"), including providing access to the information requested or the reasons the Information Request cannot be complied with and (b) provide the Debtors with (i) notice of the Information Request within five (5) business days of the Information Request and (ii) a copy of the Response at least three (3) business days prior to providing the Response to the Requesting Creditor. If the Response is to deny the Request because the Committee believes the Information Request implicates Confidential Information that need not be disclosed pursuant to the terms of this Order or otherwise under 11 U.S.C. § 1102(b)(3)(A), or that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and the hearing on such motion shall be noticed and scheduled pursuant to the case

management order entered in the Debtors' cases (the "Case Management Order").  The Committee shall not object to any Requesting Creditor's request to participate in any such hearing by telephone conference.  Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or protected by the attorney/client, work product, or any other privilege.  Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an in camera review of any information specifically responsive to the Requesting Creditor's request that the Committee claims is Confidential Information or subject to the attorney/client, work product, or other privilege.

       6. In its Response to an Information Request for access to Confidential Information, the Committee shall consider, in consultation with the Debtors, whether (a) the Requesting Creditor is willing to agree to reasonable confidentiality and trading restrictions with respect to such Confidential Information and represents that such trading restrictions and any information-screening process complies with applicable securities laws; and (b) under the particular facts, such agreement and any information-screening process that it implements will reasonably protect the confidentiality of such information; provided, however, that if the Committee elects to provide access to Confidential Information on the basis of such confidentiality and trading restrictions, neither the Debtors nor the Committee shall have responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws.  Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph, and, to the extent applicable, the next paragraph.

7.      Release of Confidential Information of Third Parties.  In addition, if the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may make a request (the "Committee Information Request") for the benefit of the Debtors' creditors: (a) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Request," to Weil, Gotshal & Manges LLP, counsel for the Debtors, 767 Fifth Avenue, New York, New York 10153, attention: Shai Y. Waisman, Esq. at shai.waisman@weil.com ("Debtors' Counsel"), stating that such information will be disclosed in the manner described in the Committee Information Request unless the Debtors object to such Committee Information Request on or before fifteen (15) days after the service of such Committee Information Request; and, after the lodging of such an objection, the Committee, the Requesting Creditor and the Debtors may schedule a hearing with the Court pursuant to the Case Management Order seeking a ruling with respect to the Committee Information Request under 11 U.S.C. § 704(a)(7); and (b) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to the Debtors' Counsel, stating that such information will be disclosed in the manner described in the Committee Information Request unless such Entity objects to such Committee Information Request on or before fifteen (15) days after the service of such Committee Information Request; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity and the Debtors may schedule a hearing with the Court pursuant to the Case Management Order seeking a ruling with respect to the Committee Information Request.  In the event of any objection to the disclosure of Confidential Information pursuant to this paragraph, no such

6

information shall be disclosed to the extent provided in an order by the Court that has become final and non-appealable.

    8.  Nothing in this Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

    9.  <u>Exculpation</u>.  None of the Debtors, the Committee or any of their respective directors, officers, employees, members, attorneys, consultants, advisors and agents (acting in such capacity) (collectively, the "<u>Exculpated Parties</u>"), shall have or incur any liability to any Entity (including the Debtors and their affiliates) for any act taken or omitted to be taken in connection with the preparation, dissemination, or implementation of the Creditor Information Protocol, the Committee Website and other information to be provided pursuant to section 1102(b)(3) of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph 9 that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or Order.  Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

    10.  This Order shall be effective as of October 1, 2008 provided, however, the terms of this Order shall apply to all information governed by this Order, including information in the Committee's possession prior to October 1, 2008.

7

Date: September 25, 2008

| **MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| /s/ Dennis F. Dunne | /s/ Shai Y. Waisman |
| Dennis F. Dunne | Harvey R. Miller |
| Luc A. Despins | Lori R. Fife |
| 1 Chase Manhattan Plaza | Shai Y. Waisman |
| New York, New York 10005 | 767 Fifth Avenue |
| (212) 530-5000 (Telephone) | New York, New York 10153 |
| (212) 530-5219 (Fax) | (212) 310-8000 (Telephone) |
| | (212) 310-8007 (Fax) |
| Proposed Counsel to the Official Committee of Unsecured Creditors | Counsel for the Debtors |

Dated: New York, New York,
_____, 2008

                                                          Honorable James M. Peck
                                                        United States Bankruptcy Judge