VINSON & ELKINS, LLP
666 Fifth Avenue
New York, NY 10103
Dov Kleiner (BK 4600)
Telephone:    (212) 237-0000
Facsimile:    (212) 237-0100

Counsel to Shinsei Bank, Limited

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case
                                          :
LEHMAN BROTHERS HOLDINGS INC.,            :    Case No. 08-13555 (JMP)
*et al.*                                  :
                                          :    (Jointly Administered)
                Debtors.                  :
                                          :
---------------------------------------------------------x

**MOTION OF SHINSEI BANK, LIMITED FOR**
**THE ENTRY OF AN ORDER APPROVING SPECIFIED INFORMATION**
**BLOCKING PROCEDURES AND PERMITTING TRADING OF CLAIMS**
**AGAINST THE DEBTOR UPON ESTABLISHMENT OF A SCREENING WALL**

Shinsei Bank, Limited ("Shinsei"), a member of the Official Committee of Unsecured Creditors (the "Committee"), hereby submits this motion (the "Motion") for the entry of an order, pursuant to 11 U.S.C. § 105(a), approving information blocking procedures and permitting trading in the Covered Claims (as defined below) in certain situations. In support of the Motion, Shinsei respectfully represents as follows:

**BACKGROUND**

1.    On September 15, 2008 (the "Petition Dates"), the above-captioned debtors and debtors in possession (the "Debtor") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

NewYork 249476v1

2.  The Debtor is authorized to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  On September 17, 2008, pursuant to section 1002(a) of the Bankruptcy Code, the United States Trustee for the Southern District of New York appointed seven entities to the Committee, including Shinsei, which holds certain Covered Claims[1] against the Debtor.

## JURISDICTION

4.  The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and may be determined by this Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

5.  Shinsei requests the entry of an order that Shinsei, which is engaged in the trading of securities for others or for its own accounts as a regular part of its business, will not violate its fiduciary duties as a member of the Committee by trading in the Covered Claims during the pendency of the Debtor's chapter 11 case, provided that Shinsei establishes, effectively implements, and adheres to the information blocking policies and procedures (collectively, the "Screening Wall") that are approved by the Office of the United States Trustee herein or that are otherwise consistent with those described in the Screening Wall Declaration (as defined below), annexed hereto as Exhibit A. Nothing herein shall have any impact on, or prohibit or curtail or restrict, the trading practices of any Shinsei affiliates.

---

[1] "Covered Claims" is used in this Motion to mean any claims against the Debtor, including (i) "Securities" as defined in Section 2(a)(1) of the Securities Act of 1993 (including the following: stocks, notes, bonds, debentures, participation in, or derivatives based upon or relating to, any of the Debtor's debt obligations or equity interests) and (ii) bank debt.

2

6.      The term "Screening Wall" refers to a procedure established by an institution to isolate its trading activities from its activities as a member of an official committee of unsecured creditors in a chapter 11 case. A Screening Wall includes, among other things, such features as the employment of different personnel to perform certain functions, physical separation of the office and file space, procedures for locking committee related files, separate telephone and facsimile lines for certain functions, and special procedures for the delivery and posting of telephones messages. Such procedures will prevent Shinsei's trading personnel from use or misuse of non-public information obtained by Shinsei's personnel engaged in Committee related activities ("<u>Committee Personnel</u>") and also will preclude Committee Personnel from receiving inappropriate information regarding Shinsei's trading in the Covered Claims in advance of such trades.

7.      Although members of the Committee owe fiduciary duties to the creditors of these estates, Shinsei also has fiduciary duties to maximize returns to its clients through trading securities. Thus, if Shinsei is barred from trading the Covered Claims during the pendency of this bankruptcy case because of its duties to other creditors, it may risk the loss of a beneficial investment opportunity for itself and/or its clients and, moreover, may breach its fiduciary duty to its clients. Alternatively, if Shinsei is compelled to resign from the Committee because of its inability to trade for the benefit of itself and its clients, its interests may be compromised by virtue of taking a less active role in the reorganization process. Shinsei should not be forced to choose between serving on the Committee and risking the loss of beneficial investment opportunities or foregoing service on the Committee and possibly compromising its responsibilities by taking a less active role in the reorganization process.

8.     As evidence of its implementation of the procedures detailed herein, filed herewith is a declaration (the "Screening Wall Declaration") by Edward Gilbert, one of Shinsei's Committee Personnel, that states that such individual and such other Shinsei Committee Personnel set forth therein shall comply with the terms and procedures consistent with those set forth in this Motion or otherwise approved by the United States Trustee.

## BASIS FOR RELIEF

9.     The relief requested is consistent with other orders entered by the Bankruptcy Court for the Southern District of New York. *See, e.g., In re Calpine Corp., et al.,* Case No. 05-60200 (BRL) (January 25, 2006); *In re Solutia Inc., et al,* Case No. 03-17949 (PCB) (January 22, 2004); *In re Magellan Health Services, Inc. et al,* Case No. 03-40515 (PCB) (May 6, 2003); *In re WorldCom, Inc.,* Case No. 02-13533 (AJG) (Aug. 6, 2002); *In re Enron Corp.,* No. 01-16034 (AJG) (Feb. 27, 2002); *In re Dairy Mary Convenience Stores, Inc.,* Case No. 01-42400 (AJG) (Dec. 20, 2001); *In re Flag Telecom Holdings Ltd.,* Case Nos. 02-11732 through 02-11736 and 02-11975 through 02-11979 (ALG) (July 22, 2002); *In re Global Crossing Ltd.,* Case Nos. 02-40187 through 02-40241 (REG) (March 25, 2002); *In re Iridium Operating LLC,* Case No. 99-45005 (CB) (Nov. 3, 1999).

10.    The proposed relief is also supported by substantially similar orders entered in other jurisdictions. *See, e.g., In re The Finova Group, Inc.,* Case No. 01-0697 (PJW) (Bankr. D. Del. Apr. 12, 2001); *In re GST Telecom, Inc.,* Case No. 00-1982 (GMS) (Bankr. D. Del. Oct. 19, 2000); *In re Vista Eyecare, Inc.,* Case No. A00-65214 (Bankr. D. Ga. June 1, 2000); *In re Sun Healthcare Group, Inc.,* Case No 99-3657 (MFW) (Bankr. D. Del. Dec. 11, 1999); *In re ICO Global Communications Services Inc.,* Case No. 99-2933 (MFW) (Bankr. D. Del. Sept. 21, 1999); *In re Acme Metals Inc.,* Case No. 98-2179 (MFW) (Bank. D. De. Dec. 21, 1998); *In re Mid American Waste Systems, Inc.,* Case No. 97-104 (PJW) (Bank. D. Del. Feb. 21, 1997); *In re*

*Ace-Texas, Inc.*, Case No. 96-166 (PJW) (Bankr. D. Del. July 17, 1996); *In re Farley*, Case No. 91-15610 (Bank. N.D. Ill. Nov. 8, 1991); *In re America West Airlines, Inc.*, Case No. 91-07505 (Bankr. D. Ariz. Oct. 23, 1991); *In re Harvard Industries, Inc.*, Case Nos. 91-104, 91-479 through 91-487 (Bankr. D. Del. July 15, 1991); *In re Federated Dep't Stores, Inc.*, Case No. 1-90-00130, 1991 Bankr. LEXIS 288 (Bankr. S.D. Ohio Mar. 7, 1991).

11. Each of the trading orders entered in the foregoing cases provided that a committee member does not violate its fiduciary duties as a committee member by trading in a debtor's securities, so long as it acts in accordance with certain information blocking procedures approved by the bankruptcy court. The orders further provide that the bankruptcy court may take appropriate action if there is any actual breach by a Committee member of its fiduciary duty as a Committee member.

12. In the seminal decision on this issue, *In re Federated Dep't Stores, Inc.*, Case No. 1-90-00130, 1991 Bankr. LEXIS 288 (Bankr. S.D. Ohio Mar. 7, 1991), the bankruptcy court – agreeing with the position of the Securities and Exchange Commission on this issue – stated that Fidelity Management & Research Company:

> Will not be violating its fiduciary duties as a committee member and accordingly, will not be subjecting its claims to possible disallowance, subordination, or other adverse treatment, by trading in securities of the Debtors ... during the pendency of these [c]ases, provided that Fidelity employs an appropriate information blocking device or "[Screening] Wall" which is reasonably designed to prevent Fidelity trading personnel from receiving any nonpublic committee information through Fidelity committee personnel and to prevent Fidelity committee personnel from receiving information regarding Fidelity's trading in securities of the Debtors ... in advance of such trades.

*In re Federated Dep't Stores, Inc.*, 1991 Bankr. LEXIS 288 at *2.

13. The *Federated* court approved Fidelity's Screening Wall procedures, which, as here, included: (i) a written acknowledgement by personnel performing committee work that

5

they could receive nonpublic information and were aware of the Screening Wall procedures in effect; (ii) a prohibition on the sharing of non-public committee information with certain other employees; (iii) separate file space for committee work which is inaccessible to certain other employees; (iv) restrictions on committee personnel's access to trading information; and (v) a compliance review process. The Screening Wall procedures outlined here parallel those protections established in the *Federated* case and followed in subsequent cases.

14.  The relief requested herein is consistent with similar relief to which the United States Trustee's Office has consented in other cases. Shinsei has had preliminary discussions with the United States Trustee's Office regarding the relief requested herein and will work to address any questions or comments that the United States Trustee's Office may have prior to the hearing on the Motion.

## WAIVER OF MEMORANDUM OF LAW

15.  This Motion cites to the necessary and relevant authority and, therefore, Shinsei respectfully submits that the requirement of Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be filed in support of the Motion should be waived.

## NOTICE

16.  Notice of this Motion has been given to the Office of the United States Trustee, counsel to the Debtors, and parties that have requested service pursuant to Federal Rules of Bankruptcy Procedure 2002 in these Chapter 11 cases. Based on the foregoing, Shinsei respectfully submits that no further notice is needed.

## NO PREVIOUS REQUEST

17.  No previous request for the relief sought herein has been made to this Court or any other Court.

WHEREFORE, Shinsei respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit B (i) approving the Screening Wall procedures set forth herein; (ii) determining that Shinsei will not violate its fiduciary duties as a Committee member and, accordingly, will not subject its interests or claims to possible disallowance, subordination, or other adverse treatment by trading in the Covered Claims during the pendency of the Debtor's chapter 11 case, provided that Shinsei follows the procedures set forth herein to insulate its trading activities from its Committee-related activities; and (iii) granting such other and further relief as is just and proper.

Dated: September 25, 2008

By: _____
Dov Kleiner (BK 4600)
VINSON & ELKINS LLP
666 Fifth Avenue
New York, NY 10013
Telephone:    (212) 237-0000
Facsimile:    (212) 237-0100

*Counsel to Shinsei Bank, Limited*