# Exhibit A

NewYork 249476v.1

VINSON & ELKINS, LLP
666 Fifth Avenue
New York, NY 10103
Dov Kleiner (BK 4600)
Telephone:  (212) 237-0000
Facsimile:   (212) 237-0100

Counsel to Shinsei Bank, Limited

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
:
In re                                                         :   Chapter 11 Case
:
LEHMAN BROTHERS HOLDINGS INC.,   :   Case No. 08-13555 (JMP)
*et al.*                                                      :
:
       Debtors.                              :
:
---------------------------------------------------------x

DECLARATION OF EDWARD GILBERT

I, Edward Gilbert, hereby declare:

1.    I have personal knowledge of each of the facts stated in this Declaration, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true. I submit this Declaration on behalf of Shinsei Bank, Limited ("Shinsei"), to advise the United States Trustee for the Southern District of New York of the information blocking procedures designed to prevent Shinsei trading personnel and its investment advisory personnel from receiving any nonpublic information concerning the chapter 11 case of the above-captioned debtor (the "Debtor") through Shinsei personnel, representatives or agents ("Shinsei Committee Personnel") performing activities related to the Official Committee of Unsecured Creditors (the "Committee") in the Debtor's chapter 11 case (the "Chapter 11 Case")

and to prevent Shinsei Committee Personnel from receiving information regarding Shinsei's trading in Covered Claims[1] in advance of trading.

2. I am the General Manager, Principal Transactions Sub-Group, of Shinsei, which (i) serves as an investment adviser on behalf of certain client accounts that beneficially own securities or other claims or interests in the Chapter 11 Case and/or (ii) beneficially owns such securities, in its own name or in the name of one of more funds or accounts. In that capacity, I am a representative that serves on committees in out-of-court restructurings and chapter 11 reorganization cases.

3. In conjunction with Shinsei's existing information blocking procedures and this Declaration, Shinsei has established and will maintain the following internal procedures:
(i) Shinsei Committee Personnel shall execute a letter (a "Confidentiality Letter") acknowledging that they may receive such nonpublic Information (as defined below) and that they are aware of the information blocking procedures which are in effect with respect to the Covered Claims and will follow these procedures and will immediately inform Committee counsel and the United States Trustee in writing if such procedures are materially breached;
(ii) subject to paragraph 4 hereof, Shinsei Committee Personnel will not directly or indirectly share any non-public information generated by, received from or relating to Committee activities or Committee membership ("Information") with any other employees, representatives or agents or Shinsei, including Shinsei's investment advisory personnel, and Shinsei Committee Personnel shall use good faith efforts not to share any material Information concerning this Chapter 11 Case with any Shinsei employee reasonably known to be engaged in trading activities with

---

[1] "Covered Claims" is used to mean any claims against the Debtor, including (i) "Securities" as defined in Section 2(a)(l) of the Securities Act of 1993 (including the following: stocks, notes, bonds, debentures, participation in, or derivatives based upon or relating to, any of the Debtor's debt obligations or equity interests) and (ii) bank debt.

2

respect to the Covered Claims on behalf of Shinsei and/or its clients, except that a good faith communication of publicly available Information shall not be presumed to be a breach of the obligations of Shinsei or any Shinsei Committee Personnel hereunder; (iii) Shinsei Committee Personnel will maintain all files containing information received in connection with or generated from committee activities in secured cabinets inaccessible to other employees of Shinsei;

(iv) Shinsei Committee Personnel will not receive any information regarding Shinsei's trades in the Covered Claims in advance of the execution of such trades, but Shinsei Committee Personnel may receive trading reports showing Shinsei's purchases and sales and ownership of the Covered Claims but no more frequently than bi-weekly (provided that Shinsei Committee Personnel may receive the usual and customary internal reports showing Shinsei's purchases and sales on behalf of Shinsei or its clients and the amount and class of claims, interests or securities owned by Shinsei or its clients to the extent that such personnel would otherwise receive such reports in the ordinary course and such reports are not specifically prepared with respect to the Debtor);

(v) Shinsei's compliance personnel shall review on a weekly basis Shinsei's trades of the Covered Claims to determine if there is any reason to believe that such trades were not made in compliance with the information blocking procedures and shall keep records of such review;

(vi) Shinsei compliance personnel shall monitor periodically consistent with its ordinary course compliance practice the exchange of Information through electronic means among Shinsei Committee Personnel to ensure that such exchanges are performed in a manner consistent with the foregoing procedures; (vii) so long as Shinsei is a member of the Committee, it shall disclose to the Office of the United States Trustee in writing any decrease in dollar amount of the Covered Claims held by Shinsei or its clients which results in such holdings being less than the lesser of $15 million or 1/3 of the aggregate holdings of Shinsei and in its clients' accounts at

3

Shinsei as of the date of Shinsei's appointment to the Committee and any increase in dollar amount of the Covered Claims held by Shinsei or its clients which results in an increase in aggregate holdings of more than the greater of $150 million or 2/3 of the aggregate holdings of Shinsei and in its clients' accounts at Shinsei as of the date of Shinsei's appointment to the Committee, within 10 business days of such trade or trades aggregating the foregoing amount; (viii) so long as Shinsei is a member of the Committee, it shall disclose to the Committee counsel and the United States Trustee every 6 months a declaration verifying continued compliance with the procedures described herein; and (ix) Shinsei shall immediately disclose to the Committee's counsel and the United States Trustee any material breaches of the procedures described herein. If Shinsei resigns from the Committee for any reason, it will continue to follow the procedures set forth in clauses (i) through (iii), (v), (vi) and (ix) above until a plan has been confirmed in the Debtor's Chapter 11 Case or the Chapter 11 Case has been converted or dismissed.

4.  Notwithstanding any of the above, Shinsei Committee Personnel may share Information with (a) senior management of Shinsei who, due to their duties and responsibilities, have a legitimate need to know such Information provided that such individuals (i) otherwise comply with the procedures herein and (ii) use such Information only in connection with their senior managerial responsibilities, (b) regulators, auditors, designated legal and compliance personnel for the purpose of rendering legal advice to the Shinsei Committee Personnel, and to the extent that such Information may be accessible by internal computer systems, Shinsei administrative personnel who service and maintain such systems, each of whom will agree not to share Information with other employees and will keep such Information in files inaccessible to other employees, and (c) other Shinsei employees, representatives and agents who (i) are not

involved with trading or investment advisory activities with respect to the Covered Claims and (ii) execute a Confidentiality Letter.

5.  I, together with Taylor Siedell, an Associate of Shinsei, and Nitin Bajpai, Chief Executive Officer of Shinsei International Limited, a Shinsei affiliate, will be the Shinsei Committee Personnel assigned to the Debtor's chapter 11 case. In the event any other individual Shinsei representative is chosen to act as a Committee representative on behalf of Shinsei in the Debtor's Chapter 11 Case, such individual will also submit a Declaration affirming his or her compliance with the screening procedures described herein prior to accepting any responsibilities in connection herewith.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of September, 2008, Tokyo, Japan.

_____
Edward Gilbert
General Manager
Principal Transactions Sub-Group
Shinsei Bank, Limited

5