<u>SCHEDULE A</u>

**RULE 2004 DISCOVERY OF DEBTOR LEHMAN BROTHERS HOLDINGS, INC.**

**AREAS OF INQUIRY FOR DEPOSITION**

The Harbinger Funds request to depose the Chief Financial Officer and/or other knowledgeable senior corporate representative of Debtor Lehman Brothers Holdings Inc. ("<u>LBHI</u>") concerning, *inter alia*:

1. The flow, movement, and transfer of funds, cash, securities, repurchase agreements, swap agreements, derivative securities, and/or other property after August 15, 2008 between, on the one hand, debtor LBHI or its wholly owned subsidiary Lehman Brothers, Inc. ("<u>LBI</u>"), and, on the other hand, the affiliates and other subsidiaries of LBHI, including but not limited to, Lehman Brothers Special Financing, Inc. ("<u>LBSF</u>") and Lehman Brothers International (Europe) ("<u>LBIE</u>") (the "<u>Transferred Property</u>");

2. The disposition, use, transfer, and/or current custody of Transferred Property after its transfer to LBHI or LBI.

**DESIGNATED DOCUMENTS TO BE PRODUCED**

1. Documents sufficient to show the flow, movement, and transfer of Transferred Property.

2. Internal work papers, emails, and/or similar documents that refer to the reasons and rationale for the flow, movement, and transfer of Transferred Property.

3. Documents sufficient to show the disposition, use, transfer, and/or current custody of Transferred Property.

4. An accounting of all material Transferred Property.

**ADDITIONAL DEFINITIONS AND INSTRUCTIONS**

As used herein, the following terms shall have the following meanings:

1. "Document" means those things described in Fed. R. Civ. P. 34(a), made applicable in bankruptcy cases by Rules 7034 and 9014 of the Federal Rules of Bankruptcy

Procedure, including without limitation the original and each draft or otherwise non-identical copy of such document, all writings, graphics, printed matter, recordings of any kind, including audiotape, videotape, and all information retrievable from computer systems, including electronic mail, in the actual or constructive possession, custody, care or control of defendants, their attorneys, or other persons or entities acting on behalf of the defendants. Any copy differing in any respect from an original shall be deemed herein to be a separate document.

2.    A document that "concerns," "refers to" or "relates to" a given subject matter means any document that evidences, constitutes, describes, contains, embodies, reflects, identifies, states, references, deals with, or is in any way pertinent to that subject, including, without limitation, documents concerning the presentation of other documents.

3.    The following terms are defined herein as they are in 11 U.S.C. § 101: "affiliate," "repurchase agreement," "security," "swap agreement," "transfer."

4.    The term "derivative securities" is defined herein as it is in 17 C.F.R. § 240.16a-1(c).

5.    "Harbinger Funds" means Harbinger Capital Partners Special Situations Fund, L.P. and Harbinger Capital Partners Master Fund I, Ltd., f/k/a Distressed Investment Master Fund, Ltd.

6.    The terms "LBHI," "you," and "your" means Lehman Brothers Holdings, Inc. including its officers, employees, attorneys, agents, servants, directors, subsidiaries, affiliates, representatives, investment bankers, and/or anyone acting on the instructions of or on behalf of or in active concert or participation with LBHI.

7.    "LBI" means Lehman Brothers, Inc., including its officers, employees, attorneys, agents, servants, directors, subsidiaries, affiliates, representatives, investment bankers, and/or anyone acting on the instructions of or on behalf of or in active concert or participation with LBI.

8.    "LBSF" means Lehman Brothers Special Financing, Inc., including its officers, employees, attorneys, agents, servants, directors, subsidiaries, affiliates, representatives, investment bankers, and/or anyone acting on the instructions of or on behalf of or in active

2

concert or participation with LBSF.

9. "LBIE" means Lehman Brothers International (Europe), including its officers, employees, attorneys, agents, servants, directors, subsidiaries, affiliates, representatives, investment bankers, and/or anyone acting on the instructions of or on behalf of or in active concert or participation with LBIE.

10. The singular form shall include the plural and vice versa, wherever such dual construction will serve to bring within the scope of these requests for production any answer or response that otherwise would not be brought within its scope.

11. The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other, wherever such dual construction will serve to bring within the scope of these interrogatories any answer or response which otherwise would not be brought within its scope.

12. If any document that would have been produced is no longer in your possession or custody or subject to the your control, please state the present location of such document.

13. If an objection is made to any request made herein, on privilege grounds or otherwise, for each item and category objected to please state the following, along with your objections to the production thereof: (a) the date of the document; (b) its general nature (*e.g.*, letter, memorandum, etc.); (c) the name(s) of the person(s) who prepared, signed or participated in the preparation of the document and the relationship of said person(s) to the plaintiff; (d) the name(s) of the person(s) to whom the document was addressed, given or sent, or of the recipient(s) of the document and any drafts or copies thereof; (e) the identify of each person having possession, custody, or control of such document or copy thereof and the relationship of each such person to the plaintiff; (f) the subject matter or circumstances of the preparation of the document in sufficient detail to ascertain the availability of the claim of privilege or protection; and (g) the legal or factual basis for such claim of privilege or protection.

14. If no documents are in existence that are responsive to a particular request or subsection thereof, your answer must so indicate.

3

15. When any original, draft, copy, or reproduction of any document responsive to any of the following requests contains or has been revised to include any postscript, notation, change, amendment, or addendum not appearing on the document itself as originally written, typed or otherwise prepared, produce each such revised original, draft, copy, or reproduction.

16. Documents shall be produced in their original file folders, or, in lieu thereof, any writing on the file folders from which documents are taken shall be copied and appended to such documents. Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond with each numbered paragraph and each lettered subparagraph of this request for production in response to which such documents are being produced.

17. All document requests herein are continuing and are to be supplemented to the fullest extent required by Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. The Harbinger Funds reserve the right to serve further document requests.