# **EXHIBIT D**



**Via E-Mail, Telecopier, Fed Ex**

September 24, 2008

Securities Investor Protection Corporation
805 Fifteenth Street, N.W.
Washington, DC 20005-2207
Attn: Josephine Wang, Esq. (202/371-6728)

Lehman Brothers Inc.
Mortgage Trading Desk
Attention:   Deirdre Dunn (deirdre.dunn@lehman.com)
             Jack Fondacaro (jack.fondacaro@lehman.com)

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, N.Y. 10004-1482
James Giddens, Esq. (giddens@hugheshubbard.com)
James Kobak, Esq. (kobak@hugheshubbard.com)
Christopher Kiplock, Esq. (kiplok@hugheshubbard.com)
Anson Frelinghuysen, Esq. (frelingh@hugheshubbard.com)
Maria Termini (termini@hugheshubbard.com)

> Re:   Master Repurchase Agreement dated as of August 15, 2007 (the "Agreement") among Lehman Brothers, Inc. ("LBI") and Lehman Commercial Paper, Inc. and Friedman, Billings, Ramsey Group, Inc. ("FBR")

Dear Ladies and Gentlemen:

As we have discussed with Messrs. Kobak and Frelinghuysen through our counsel Hunton & Williams, FBR seeks the return of certain securities sold to LBI pursuant to the Agreement. Unless otherwise defined, capitalized terms used herein shall have the meaning set forth in the Agreement.

Friedman, Billings, Ramsey Group, Inc.
1001 Nineteenth Street North
Arlington, Virginia 22209
703.312.9500
www.fbr.com

As communicated to LBI by letter dated September 19, 2008 and to Mr. Frelinghuysen on September 22, 2008, FBR has tendered and stands ready to pay the Repurchase Price in order to receive such securities. Specifically, the securities have a CUSIP number of 31397LC31 and reference a pool known as FNR 2008-53 LF in the original face amount of $250,000,000 (the "Securities"). By our calculation, the Repurchase Price based on a September 24, 2008 settlement is $227,358,976.52, representing principal in the amount of $226,863,000 and interest in the amount of $495,976.52. As previously discusses with LBI and Mr. Frelinghuysen, FBR has sold the Securities to a third party and, if the Securities are not returned, FBR will be in breach of its trade. Such a breach will cause FBR irreparable harm.

In response to our inquiries, Mr. Frelinghuysen by email to our counsel indicated as follows: "We are currently unable to respond to your individual request. Your account will be handled in the regular course of the SIPA liquidation. Your client should take whatever actions with respect to the property and account it feels will best mitigate its damages." Unfortunately, there is not a means for mitigation in this instance as, absent return of the Securities, FBR cannot satisfy its obligation to our third party purchaser.

Exercising rights to terminate the Agreement and to enforce remedies under the Agreement is not stayed by the automatic stay provision of 11 U.S.C. § 362(a). Moreover, this action expressly is permitted pursuant to the Order of Judge Lynch of the United States District Court, Southern District of New York, dated September 19, 2008 (case number 08 CIV 8119) commencing the liquidation of LHI (the "Order"). Specifically, Section VIII.B. of the Order permits the exercise of contractual rights to liquidate, terminate or accelerate a repurchase agreement. While Section VII. of the Order stays for 21 days certain parties from "foreclosing on, or disposing of, securities collateral pledged by LBI . . . securities sold by LBI under a repurchase agreement, or securities lend under a securities lending agreement, without first receiving the written consent of SIPC and the Trustee," FBR is not seeking any such relief. LBI has neither pledged, sold nor lent securities to FBR. To the contrary, *FBR sold the Securities to LBI* pursuant to a repurchase agreement, which Securities FBR demands returned pursuant to the Agreement.

We attempted throughout the day on September 19th to contact individuals at LBI to coordinate the return of the Securities. Our attempts were ignored. On September

22nd, we sent a default letter to Mr. Robert Guglielmo of LBI notifying him that FBR was tendering the Repurchase Price and demanding delivery of the Securities. He did not respond to this letter. Our contacts at LBI on the business team have stood ready to accept the Repurchase Price and to delivery our Securities in exchange, but have informed us that they cannot act without the consent of the Securities Investor Protection Corporation's (SIPC) trustee charged with liquidating LBI.

SIPC, of which FBR or its affiliates is a member, is charged under the Securities Investor Protection Act (SIPA) with making every effort to return securities held by broker/dealers under a SIPA liquidation to the owners thereof. It is unclear to FBR why SIPC, or its appointed trustee, is unwilling to do so in this instance, particularly when returning the Security is part of the SIPA mandate and the LBI estate will benefit from the payment of the Repurchase Price.

Furthermore, FBR is aware that the SIPC trustee has developed a protocol to unwind LBI "TBA" trades related to mortgage backed securities. The Securities at issue here, while not TBA trades, are mortgage backed. Moreover, FBR has entered into a forward contract for the rehypothecation of the Securities. There is no basis for not returning the Securities to FBR and otherwise unwinding the Agreement by reference to the TBA protocol

We respectfully request that you return the securities to FBR and FBR has tendered the Repurchase Price to you. Please contact the undersigned to coordinate such an exchange.

Best Regards,

*[signature]*

G. Monique Kadnar
Assistant General Counsel