**BROWN RUDNICK LLP**
7 Times Square
New York, New York 10036
(212) 209-4800
Daniel J. Saval (DS-2437)

**BROWN RUDNICK LLP**
One Financial Center
Boston, MA  02111
(617) 856-8200
Todd A. Feinsmith (TF-1866)
Thomas H. Montgomery (TM-7183)

*Counsel to Altova, Inc. and Altova GmbH*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                            :
In re:                                      :    Chapter 11
                                            :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*    :    Case No. 08-13555
                                            :
            Debtors.                        :    **Objection Deadline: October 3, 2008**
                                            :
------------------------------------------------------------X

**OBJECTION OF ALTOVA, INC. AND ALTOVA GMBH TO CURE AMOUNTS
AND OTHER INFORMATION INCLUDED ON THE DEBTORS' LIST OF IT
CLOSING DATE CONTRACTS IN ACCORDANCE WITH THE ORDER UNDER
11 U.S.C. §§ 105(A), 363, AND 365 AND FEDERAL RULES OF BANKRUPTCY
PROCEDURE 2002, 6004 AND 6006 AUTHORIZING AND APPROVING (A) THE
SALE OF PURCHASED ASSETS FREE AND CLEAR OF LIENS AND
OTHER INTERESTS AND (B) ASSUMPTION AND ASSIGNMENT OF
<u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>**

Altova, Inc. and Altova GmbH (together, "<u>Altova</u>"), by and through their undersigned counsel, hereby submit this objection (the "<u>Objection</u>"), in accordance with the *Order Under 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired*

*Leases* [Docket No. 258] (the "Sale Order"), to the Cure Amounts[1] and other information included on that certain "List of IT Closing Date Contracts" (the "Contract Schedule").[2] By this Objection, Altova seeks to correct what appear to be bookkeeping errors in the Contract Schedule relating to those Closing Date Contracts to which Altova and Lehman Brothers Holdings, Inc. ("LBHI" and, together with LB 745 LLC, the "Debtors") are parties. In support of this Objection, Altova respectfully states as follows:

## BACKGROUND

1. Altova, Inc., a Delaware corporation with headquarters in Beverly, Massachusetts and Vienna, Austria, is a wholly owned subsidiary of Altova GmbH ("GmbH"), an Austrian entity. GmbH and Altova are engaged in the business of producing and selling mass market desktop developer software licenses to millions of customers worldwide, including the Debtors.

2. On July 25, 2007, Altova and the Debtors entered into a master license agreement (the "Master Agreement"), pursuant to which GmbH licensed certain software to the Debtors and the Debtors purchased from Altova certain license key codes for use of the software in the United States. Contemporaneous with the execution of the Master Agreement, the parties entered into a Product License Supplement (the "Supplement"). The Supplement sets forth, inter alia, the specific terms of the license grant, the support and maintenance provisions, and certain representations and warranties relating to the software and the activation thereof.

3. Also on July 25, 2007, Altova entered into Product License Transaction Schedule No. 1 ("Schedule No. 1") with the Debtors. Pursuant to Schedule No. 1, the Debtor purchased 500 copies of Altova XMLSpy Enterprise Edition (the "Altova Software") with a one-year support-and-maintenance package ("SMP") at a total cost of $374,625.00. Upon execution of

---

[1] Terms used and not defined herein shall have the meanings ascribed to them in the Sale Order.
[2] The Contract Schedule can be found online at http://chapter11.epiqsystems.com/Lehman.

Schedule No. 1, Altova sent the Debtors key codes to enable the Debtors to use the Altova Software and the SMP. The Debtors paid Altova the purchase price by check.

4. On August 29, 2007, Altova and the Debtors entered into Product License Transaction Schedule No. 2 ("Schedule No. 2") to renew the SMP and make coterminous an additional 145 licenses for the Altova Software at a cost of $36,424.00. Altova received a purchase order relating to Schedule No. 2 from the Debtors on August 29, 2007, and the Debtors paid Altova the renewal cost by check.

5. After execution of Schedule No. 1 and Schedule No. 2, the Debtors held 645 licenses on the same SMP schedule (which support period was set to expire on July 28, 2008). On September 12, 2007 and May 7, 2008, pursuant to the terms of the licenses, the Debtors had received upgrades to the Altova Software at no additional cost as part of their SMP.

6. On July 28, 2008, Altova received a purchase order from the Debtors for an SMP renewal relating to the 645 licenses at a cost of $111,142.50 (the "Purchase Order"). A copy of the Purchase Order is attached hereto as Exhibit A.

7. On July 29, 2008, Altova emailed the Debtors a proposed Product License Transaction Schedule No. 3 ("Schedule No. 3" and, together with Schedule No. 1 and Schedule No. 2, the "Transaction Schedules") relating to the SMP renewal.

8. On August 4, 2008, the Debtors sent Altova a signed copy of Schedule No. 3. Altova countersigned Schedule No. 3 and, on August 5, 2008, sent the Debtors the relevant license key codes. A copy of the fully executed Schedule No. 3 is attached hereto as Exhibit B. Schedule No. 3 entitles the Debtors to a one-year SMP (including priority technical support), as well as the 2009 version of the Altova Software upon its release (which is slated to be later this year) and also all other maintenance releases and major software versions that are released

during that defined support period.  In connection with the renewal, on or about August 4, 2008, Altova sent the Debtors an invoice (Invoice No. 409604900) (the "Invoice") for $111,142.50.  A copy of the Invoice is attached hereto as Exhibit C.

9.  On September 15, 2008, the same day that the Debtors filed for bankruptcy, Altova received a check from the Debtors in the amount of $111,142.50 (the "Lehman Check").  The Lehman Check, attached hereto as Exhibit D, is dated September 3, 2008 and references the Invoice by date and invoice number.

10.  On the same day that Altova received the Lehman Check, Altova deposited the check in its bank account, and Bank of America (Altova's bank) credited the account.  However, on September 19, 2008, Bank of America debited Altova's account by the amount of $111,142.50.  Bank of America advised Altova that Citibank (the Debtors' bank) had refused to honor the Lehman Check.

11.  In connection with that certain Asset Purchase Agreement, dated September 16, 2008, among the Debtors, Lehman Brothers Inc. and Barclays Capital, Inc. ("Barclays"), the Debtors purport to assume and assign certain contracts to Barclays.  Pursuant to the Contract Schedule, among such assumed and assigned contracts are five contracts to which Altova is asserted to be a counterparty – specifically, the "Master Agreement"; the "Supplement"; the "Maintenance Renewal Quote"; the "Transaction Schedule"; and the "Transaction Schedule." Exhibit A to the Contract Schedule lists the cure amount for Altova as "$0.00."

12.  Upon information and belief, the Contract Schedule lists the cure amount as "$0.00" because the Debtors' records show that the Lehman Check was issued to Altova in payment of the Invoice.  However, as discussed above, the Lehman Check was not honored (along with, presumably, other checks which were issued to the Debtors' creditors in payment of

4

prepetition obligations) because of cash management measures put in place upon the filing of the petition to prohibit the payment of prepetition obligations. This objection is intended to resolve what appear to be simple bookkeeping errors.

## **OBJECTION**

13. By this Objection, Altova seeks to correct three errors in the Contract Schedule relating to contracts between Altova and the Debtors:

- *First*, Exhibit A to the Contract Schedule erroneously lists the cure amount as "$0.00." Because the Lehman Check was not honored by the Debtors' bank, $111,142.50 remains owing by the Debtors to Altova on account of the Schedule No. 3 and the corresponding Invoice. This cure obligation must be satisfied prior to the Debtors' assumption and assignment of the contracts with Altova. See 11 U.S.C. § 365(b)(1)(A). As noted above, this appears to be an issue of miscommunication based on the fact that a check in payment to Altova was issued prepetition, but subsequently dishonored. Therefore, the Exhibit A to the Contract Schedule should be modified to reflect a cure amount of $111,142.50.

- *Second*, the Contract Schedule erroneously lists a so-called "Maintenance Renewal Quote" as contract to be assumed and assigned. However, Altova does not have any renewal quotes outstanding to any of the Debtors at the present time. The Contract Schedule should be modified to delete the reference to the "Maintenance Renewal Quote."

- *Third*, the Contract Schedule erroneously lists only two transaction schedules, rather than the three Transaction Schedules that were, in fact, executed by Altova and the Debtors. The Contract Schedule should be modified to include all three Transaction Schedules.

14. Once the above-described errors are corrected, and upon assumption and assignment of the Master Agreement, the Supplement, and the three Transaction Schedules, Altova will, in accordance with its internal policy, issue new key codes to Barclays in order to facilitate Barclays' use of the Altova Software.

5

## **CONCLUSION**

**WHEREFORE**, Altova respectfully requests that the Court enter an order correcting the Contract Schedule in the manner described herein and grant Altova such other and further relief as is just and proper.

Dated:   New York, New York
         September 26, 2008

                                  **BROWN RUDNICK LLP**

                              By: /s/ Daniel J. Saval
                                  7 Times Square
                                  New York, New York 10036
                                  (212) 209-4800
                                  Daniel J. Saval (DS-2437)

                                  One Financial Center
                                  Boston, MA  02111
                                  (617) 856-8200
                                  Todd A. Feinsmith (TF-1866)
                                  Thomas H. Montgomery (TM-7183)

                                COUNSEL TO ALTOVA, INC. AND
                                ALTOVA GMBH