| | |
|---|---|
| Richard H. Wender, Esq. (RHW- 7324) | Hearing Date: October 2, 2008 @ 3:00P.M. |
| Rochelle R. Weisburg, Esq. of Counsel (RRW-6848) | Objection Date: October 1, 2008 @ 4:00 P.M. |

Wender Law Group, PLLC
*One Penn Plaza, Ste. 2527*
*New York, NY 10119*
*T-212-244-4111 x203*
*F-212-563-7108*
*Email: rickw@wenderlaw.com*
*www.wenderlaw.com*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No.: 08-13555 (jmp) |
| Lehman Brothers Holdings Inc., | |
| | Hon. James M. Peck |
| Debtor. | |

---------------------------------------------------------------x

**OBJECTION TO DEBTORS' MOTION PURSUANT TO 105, 365, AND 554 (a) OF THE
BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE ASSUMPTION
AND ASSIGNMENT OR REJECTION OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES OF PERSONAL AND NON-RESIDENTIAL REAL PROPERTY
<u>AND ABANDONMENT OF RELATED PERSONAL PROPERTY</u>**

Hanover Moving & Storage Co. Inc. ("Hanover"), by and through its counsel, the Wender Law Group, PLLC, respectfully submits its limited objection (the "Objection") to Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, as debtors and debtors-in-possession (together, the "Debtors" and collectively with their non-debtor affiliates, "Lehman") motion pursuant to 105 , 365, and 554 (a) of the Bankruptcy Code to establish procedures for the assumption and assignment or rejection of executory contracts and unexpired leases of personal and non-residential real property and abandonment of related personal property (the "Lease Motion").

1

## BACKGROUND

1. Hanover is a moving, storage and logistics company, and has contractual arrangements with the Debtors and/or affiliates. Hanover provides, among other things, storage facilities for furniture and high tech equipment in Jersey City, New Jersey. The amount of storage space currently utilized by the Debtors and/or Affiliates at Hanover's storage facility amounts to at least 40,000 square feet. Moreover, Hanover has continued to provide storage and logistical services since the commencement of the Debtors' bankruptcy proceedings and the sale of Debtors' and Lehman Brothers Inc.'s ("LBI") assets on September 19, 2008 to a third party purchaser ("Barclays").

2. On September 15, 2008, LHI commenced a voluntary case under chapter 11 of title 11 of the United States Code.

3. On September 16, 2008, its affiliate LB 745 LLC ("LB 745") also commenced a voluntary case under chapter 11.

4. On September 19, 2008 LBI became the subject of a proceeding under the Securities Investment Protection Act which is currently pending before this Court.

5. On September 17, 2008, Debtors filed a motion in the Bankruptcy Court seeking authority (i) to sell certain of the Debtors' assets (the "Sale Motion") and (ii) to assume and assign certain executory contracts to Barclays.

6. In connection with the Sale Motion, the Debtors provided schedules (the "Schedules") identifying certain of the Debtors' executory contracts along with corresponding cure amounts. Hanover was listed on the Schedules and filed its objection as required but did not object to the assumption and assignment of its

executory contracts; however, it did dispute the cure amount, as listed on the Schedule. Specifically, Hanover stated that the pre-petition amounts outstanding are $400,246.57. In addition, for the post-petition period, as of September 19, 2008, Hanover had an outstanding amount of not less than $39,592.90.

**OBJECTION**

7. Hanover has no objection to the ultimate assumption and assignment of Hanover's executory contracts to Barclays. To the extent there is a discrepancy in the amounts listed and the amounts deemed due, Hanover will address same in due course, as required, by the Lease Motion.

8. If it is determined that any of Hanover's executory contract are to be rejected, Hanover does object to provisions in the proposed notice and order Lease Motion and the procedure set forth therein. Specifically, the wording in both the order and the notice is confusing; that is, it is unclear whether under the proposed notice and order a creditor who does not object to the rejection of a Related Contract will still retain the ability to object to the abandonment of Debtors' and related entities' properties at Hanover's warehouse facilities.

9. Moreover, in this instance, because of the enormous quantity of Debtors' and affiliates' property located in Hanover's warehouses, which property may need to be discarded at great cost, such a potential situation will result in Hanover having to bear great costs, which would be unduly burdensome and inequitable. Accordingly, Hanover wants to preserve its rights to object to bearing said costs should it be determined that any of Hanover's executory contracts are to be deemed rejected.

WHEREFORE, Hanover respectfully requests that the Court provide for a clarification of the language set forth in the proposed order and notice annexed to the Lease Motion and for such other and further relief as the Court deems just and proper.

DATED:   New York, New York
         September 29, 2008

                                            Wender Law Group, PLLC

                                            By:/s/ Richard H. Wender
                                               Richard H. Wender, Esq.
                                               Rochelle R. Weisburg, Esq. Of Counsel
                                                 1 Penn Plaza, Suite 2527
                                                  New York 10119
                                                 *212-244-4111 x203*

                                            Counsel to Hanover Moving & Storage Co. Inc