Hearing Date and Time:  October 16, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  October 13, 2008 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :      **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*                   :      **08-13555 (JMP)**
                                                               :
                                        Debtors.               :      **(Jointly Administered)**
                                                               :
                                                               :
---------------------------------------------------------------x

## NOTICE OF MOTION PURSUANT
## TO SECTIONS 105(a) AND 366 OF THE BANKRUPTCY
## CODE FOR AN ORDER (I) APPROVING DEBTORS' PROPOSED
## FORM OF ADEQUATE ASSURANCE OF PAYMENT; (II) RESOLVING
## OBJECTIONS BY UTILITY COMPANIES; AND (III) PROHIBITING
## UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE

PLEASE TAKE NOTICE THAT Lehman Brothers Holdings Inc. ("LBHI") and

its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman")

in the above-captioned chapter 11 cases in the United States Bankruptcy Court for the Southern

District of New York (the "Bankruptcy Court") filed a motion, dated September 29, 2008 (the

"Motion"), for entry of an order, pursuant to sections 105(a) and 366 of the title 11 of the United

States Code (the "Bankruptcy Code"), (i) approving the Debtors' proposed form of adequate

assurance of payment (the "<u>Proposed Adequate Assurance</u>"); (ii) resolving any objections by the utility companies that provide utility services to the Debtors including, but not limited to, those listed in <u>Exhibit A</u> (the "<u>Utility Companies</u>") to the Motion that the Proposed Adequate Assurance is not adequate in accordance with section 366 of the Bankruptcy Code; and (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors solely on the basis of the commencement of this case or a debt that is owed by the Debtors for services rendered prior to the petition date.

PLEASE TAKE FURTHER NOTICE that, pursuant to section 366 of the Bankruptcy Code, the Utilities Companies may not alter, refuse, or discontinue service to, or discriminate against the Debtors solely on the basis of the commencement of these chapter 11 cases or that a debt owed by the Debtors to such Utility Companies for service rendered before the petition date.

PLEASE TAKE FURTHER NOTICE Utility Companies requesting an Adequate Assurance Deposit (as defined in the Motion) must make such request on or before **4:00 p.m. (prevailing Eastern Time) on October 13, 2008**.

PLEASE TAKE FURTHER NOTICE that Utility Companies not satisfied with an Adequate Assurance Deposit must file an objection or response to the Motion that must be:  (i) in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the Local Rules of the Bankruptcy Court for the Southern District of New York; (iii) set forth the amount and form of additional assurance of payment requested; (iv) set forth the location for which Utility Services are provided; (v) include a summary of the Debtors' payment history to such Utility Company, including any security deposits; (vi) set forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of

payment, all as more fully described in the Motion; and (vii) must be filed on or before **October 13, 2008 at 4:00 p.m. (Prevailing Eastern Time)** with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182, and be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn:  Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) Cleary Gottlieb LLP, One Liberty Plaza, New York, NY 10006, Attn: Lindsee P. Granfield, Esq.  and Lisa Schweitzer, Esq. and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn:  Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq., attorneys for the Debtors' postpetition lenders, so as to be received no later than **October 13, 2008, at 4:00 p.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that a hearing to consider the relief requested in the Motion shall be held before the Honorable James M. Peck, United States Bankruptcy Judge, on **October 16, 2008 at 10:00 a.m. (prevailing Eastern Time)**, at the United States Bankruptcy Court, Room 601, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 or as soon thereafter as counsel may be heard.

Dated:  September 29, 2008
    New York, New York

/s/ Shai Y. Waisman
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
In re                                                  :       **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,            :       **08-13555 (JMP)**
                                                       :
                              Debtors.                 :       **(Jointly Administered)**
                                                       :
                                                       :
----------------------------------------------------------------x

## DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 366 OF THE BANKRUPTCY CODE TO (i) APPROVE THE DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT, (ii) ESTABLISH PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, AND (iii) PROHIBIT UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), file this Motion and respectfully

represent:

**Preliminary Statement**

1.      The operation of the Debtors' businesses is dependent upon the

uninterrupted supply of Utility Services (as defined below).  The Debtors file this Motion to

ensure that the Utility Services supplied by the Utility Companies (as defined below) to the

properties retained by the Debtors are not interrupted by the Utility Companies on the basis of

the commencement of these chapter 11 cases or a debt owed by the Debtors for Utility Services

rendered prior the petition date of these chapter 11 cases.

**Background**

2.      Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

3.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

## Lehman's Business

5.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.  Its headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

6.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Jurisdiction and Venue

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.      By this Motion, pursuant to sections 105(a) and 366 of the Bankruptcy Code, the Debtor seeks (i) approval of the Debtors' Proposed Adequate Assurance (as defined below); (ii) to establish procedures for resolving any objections to the Motion by the Utility Companies (as defined below) that the Proposed Adequate Assurance is not adequate; and (iii) to prohibit the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors solely on the basis of the commencement of these chapter 11

cases or a debt that is owed by the Debtors for services rendered prior to the Commencement
Date.

## I.

## The Utility Companies

9.       In connection with the operation of their businesses, the Debtors obtain
electricity, natural gas, oil, water, sewer, telephone, trash collection, and/or other services
(collectively, the "Utility Services") from a number of utilities, as that term is used in section 366
of the Bankruptcy Code (the "Utility Companies").  The Utility Companies, along with their
respective affiliates, that provide Utility Services to the Debtors as of the Commencement Date
include but are not limited to those that are listed on Exhibit A annexed hereto (the "Utility
Service List").[1]

10.      To the best of the Debtors' knowledge, there are few, if any, defaults or
arrearages of any significance with respect to the Debtors' undisputed invoices for Utility
Services, other than payment interruptions that may be caused by the commencement of these
chapter 11 cases.

11.      The Debtors intend to pay all postpetition obligations owed to the Utility
Companies in a timely manner, and believe that there will be sufficient funds available to permit
them to do so.  If, however, any Utility Company believes additional assurance is required than

---

[1] The inclusion of any entity on, as well as any omission of any entity from, Exhibit A and the description
thereof is not an admission or concession that such entity is, or is not, a utility within the meaning of
section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

In addition, the Debtors reserve the right to remove any of the Utility Companies set forth Exhibit A on
the basis that the Utility Services are no longer being supplied to the Debtors as a result of the sale of
certain assets of the Debtors to Barclays Capital Inc, which was approved by this Court on September 20,
2008 [Doc. No. 258].

what the Debtors propose herein, they may file an objection to the Motion in accordance with the procedures set forth below.

### A.    Adequate Assurance of Payment of Postpetition Charges

12.    Pursuant to section 366(c)(2) of the Bankruptcy Code, a utility may alter, refuse or discontinue a chapter 11 debtor's utility service if the utility does not receive from the debtor or the trustee within thirty (30) days of the commencement of the debtor's chapter 11 case "adequate assurance of payment" for postpetition utility services.  11 U.S.C. § 366(c)(2). Section 366(c)(1) of the Bankruptcy Code provides that "assurance of payment" of postpetition charges may consist of "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee."  11 U.S.C. § 366(c)(1)(A).

### B.    The Proposed Adequate Assurance Deposit

13.    In connection with the relief requested herein, the Debtors propose to provide adequate assurance of payment to each Utility Company, pursuant to section 366 of the Bankruptcy Code, in the form of a cash deposit.  The Debtors propose to provide a deposit to any requesting Utility Company no more than five (5) business days after the receipt of such request, which deposit will be equal to two (2) weeks of Utility Service, calculated based on the historical average over the past 12 months (the "Adequate Assurance Deposit"), provided that: (a) such request is made in accordance with the procedures set forth below; (b) the requesting Utility Company does not already hold a deposit equal to or greater than two (2) weeks of Utility Services; and (c) the requesting Utility Company is not currently paid in advance for its Utility Services.  As a condition to requesting and accepting an Adequate Assurance Deposit, the requesting Utility Company shall be deemed to have stipulated that the Adequate Assurance

Deposit constitutes adequate assurance of payment to such Utility Company within the meaning of section 366 of the Bankruptcy Code.[2]

### C.    Adequate Assurance Deposit Request Deadline

14.    The Debtors request that a Utility Company seeking an Adequate Assurance Deposit must make such request in writing to (i) Lehman Brothers Holdings Inc. (c/o Barclays Capital Inc., 1301 Avenue of the Americas, 9th Floor, New York, New York 10019 (Attn:  Paul Darrah and Meredith L. Clair) and (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Shai Y. Waisman and John W. Lucas) (together, the "Notice Parties"), so that it is received on or before **4:00 p.m. (prevailing Eastern Time) on October 13, 2008**.

### D.    Adequacy of Proposed Adequate Assurance

15.    The Debtors submit that the Adequate Assurance Deposit, in conjunction with the Debtors' ability to pay for future Utility Services in the ordinary course of business (collectively, the "Proposed Adequate Assurance"), constitutes adequate assurance to the Utility Companies.  Accordingly, upon entry of an order granting the relief sought in this Motion, any Utility Company that fails to timely request an Adequate Assurance Deposit on or before **4:00 p.m. (prevailing Eastern Time) on October 13, 2008**, or otherwise file an objection to the Motion as described below, shall be deemed to have been provided with adequate assurance of payment as required by section 366 of the Bankruptcy Code and shall be prohibited from discontinuing, altering, or refusing to provide Utility Services, including as a result of unpaid charges for prepetition Utility Services.

---

[2] The Debtors further request that any Adequate Assurance Deposit required by, and provided to, any Utility Company pursuant to the procedures described above be returned to the Debtors at the conclusion of these chapter 11 cases, if not returned or applied sooner.

## II.

### Objections To The Proposed Adequate Assurance

16.     In light of the severe consequences to the Debtors of any interruption in services by the Utility Companies, but recognizing the right of the Utility Companies to evaluate the Proposed Adequate Assurance on a case-by-case basis, the Debtors request that any Utility Company not satisfied with an Adequate Assurance Deposit (i) must file an objection ("Objection"), which Objection shall (a) be in writing; (b) set forth the amount and form of additional assurance of payment requested, (c) set forth the location for which Utility Services are provided, (d) include a summary of the Debtors' payment history to such Utility Company, including any security deposits, and (e) set forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of payment; and (ii) file the Objection with the Court and serve it upon the Notice Parties so that it is received on or before **4:00 p.m. (prevailing Eastern Time) on October 13, 2008**.

17.     The Court will determine the adequacy of the Proposed Adequate Assurance with respect to all Objections not resolved prior to the hearing pursuant to section 366(c) of the Bankruptcy Code.

18.     Absent compliance with the procedures set forth herein to request an Adequate Assurance Deposit or final adjudication of a timely objection to the Proposed Adequate Assurance, the Utility Companies will be forbidden from altering, refusing, or discontinuing service as a result of any unpaid prepetition charges, or the Debtors' failure to provide additional adequate assurance of payment other than the Proposed Adequate Assurance. In addition, pending the entry of an order with respect to this Motion, the Utility Companies are prohibited from discontinuing, altering, or refusing service to the Debtors.

## III.

### Subsequent Modifications of Utility Company List

19.    Although the Debtors have made an extensive and good-faith effort to identify all of the Debtors' providers of Utility Services on Exhibit A, certain Utility Companies that currently provide Utility Services to the Debtors may not be listed on Exhibit A.  To the extent that the Debtors identify additional Utility Companies, the Debtors will promptly file amendments to the Utility Service List, and shall serve copies of the order approving this Motion (when and if entered) on such newly-identified Utility Companies.  The Debtors request that the order approving this Motion be binding on all Utility Companies, regardless of when such Utility Company was added to the Utility Service List.

### Basis for Relief Requested

20.    The relief requested herein will ensure that the Debtors' operations will not be disrupted.  If a disruption occurs, the impact on the Debtors' business operations and revenue would be extremely harmful.  The relief requested provides the Utility Companies with a fair and orderly procedure for determining requests for additional or different adequate assurance.  Without the adequate assurance procedures sought herein, the Debtors could be forced to address numerous requests by Utility Companies in a disorganized manner at a critical period in these chapter 11 cases and during a time when the Debtors' efforts could be more productively focused on the continuation of the Debtors' operations for the benefit of all parties in interest.

21.    Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "2005 Amendments"), it was well established by courts, commentators, and legislative history that section 366 of the Bankruptcy Code did not require, as a matter of course, that the debtor provide a deposit or other security to its utilities as adequate

assurance of payment.  In *Virginia Electric & Power Co. v. Caldor, Inc.*, 117 F.3d 646, 647 (2d

Cir. 1997), the United States Court of Appeals for the Second Circuit affirmed the bankruptcy

court's ruling that the debtor's prepetition payment history, its postpetition liquidity, and the

administrative expense priority afforded to postpetition invoices constituted adequate assurance

of future performance.  The Second Circuit rejected the argument that section 366(b)

nevertheless required a "deposit or other security," holding that "a bankruptcy court's authority

to 'modify' the level of the 'deposit or other security,' provided for under section 366(b),

includes the power to require no 'deposit or other security' where none is necessary to provide a

utility supplier with 'adequate assurance of payment.'"  *Id.* at 650.  *See also Shirey v.*

*Philadelphia Elec. Co.* (*In re Shirey*), 25 B.R. 247, 249 (Bankr. E.D. Pa. 1982) ("section 366(b) .

. . does not permit a utility to request adequate assurance of payment for continued services

unless there has been a default by the debtors on a pre-petition debt owed for services

rendered.").

　　　　　22.　　　Under the 2005 Amendments, section 366(c) of the Bankruptcy Code

permits a utility company that provides service to a debtor in a chapter 11 case to alter, refuse, or

discontinue utility service if, within 30 days after the commencement of the chapter 11 case, the

utility company does not receive adequate assurance in a form that is "satisfactory" to the utility

company, subject to the Court's ability to modify the amount of adequate assurance.

Furthermore, pursuant to section 366(c)(3)(B), in determining whether an assurance of payment

is adequate, the court may not consider (i) the absence of security before the petition date, (ii) the

debtor's history of timely payments or (iii) the availability of an administrative expense priority.

　　　　　23.　　　The adequate assurance procedures set forth herein have been adopted in

other chapter 11 cases.  *See, e.g., In re Beach House Property, LLC*, No. 08-11761-BKC-RAM,

2008 WL 961498, at *2 (Bankr. S.D. Fla. Apr. 8, 2008). In *Beach House Property*, the court

interpreted section 366(c) to mean that "a debtor may comply with § 366 by proposing a means

and amount of adequate assurance in a motion filed at the start of a case," and that "[a]s long as

the debtor then pays the Court ordered amount by the 30th day, the debtor will have complied

with § 366 and the utility may not discontinue service." *Id.* The court will generally "[set] an

objection deadline and hearing date which allows for any dispute to be resolved prior to the 30

day deadline in § 366(C)(2)." *Id.* Failure to object, respond, or make a counter-demand prior to

this deadline can be interpreted as acquiescence on the part of the utility. *See In re Syroco Inc.*,

374 B.R. 60, 62 (Bankr. D. P.R. 2007).

      24.     The 2005 Amendments clarified what does and does not constitute

"assurance of payment" and what can be considered in determining whether such assurance is

adequate. *Id.* at *1 (citing See 3 Collier on Bankruptcy ¶ 366.03[2] (rev. 15th ed. 2006)). In

enacting section 366(c) of the Bankruptcy Code, however, Congress did not divest the Court of

its power to determine what amount, if any, is necessary to provide adequate assurance of

payment to a Utility Company. *See* 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest

and after notice and a hearing, the Court may order modification of the amount of an assurance

of payment . . ."). Under section 366(c), there is nothing to prevent a court from deciding, as

courts have before the enactment of the 2005 Amendments, that, on the facts of the cases before

it, the amount required of the Debtors to adequately assure payment to a utility company is

nominal, or even zero.

      25.     Moreover, Congress has not changed the requirement that the assurance of

payment only be "adequate." Courts construing the meaning of "adequate" assurance of

payment under section 366(b) of the Bankruptcy Code prior to the 2005 Amendments held that it

did not require an absolute guarantee of the debtor's ability to pay.  *See*, *e.g.*, *In re Caldor, Inc. –
N.Y.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires [a] [b]ankruptcy [c]ourt to
determine whether the circumstances are sufficient to provide a utility with 'adequate assurance'
of payment.  The statute does not require an 'absolute guarantee of payment.'") (citation
omitted), *aff'd sub nom. Virginia Elec. & Power Co. v. Caldor, Inc – N.Y.*, 117 F.3d 646 (2d Cir.
1997); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) (same).
Therefore, despite the language in section 366(c)(2) of the Bankruptcy Code allowing a utility to
take action against a debtor should the debtor fail to provide adequate assurance of payment that
is "satisfactory" to the utility, section 366 of the Bankruptcy Code does not require that the
assurance provided be "satisfactory" once the Court determines the appropriate amount of
adequate assurances.

26.    Based on the foregoing, the Debtors believe that the Proposed Adequate
Assurance is reasonable and satisfies the requirements of section 366 of the Bankruptcy Code.
The relief requested in this Motion is similar to the relief granted by courts in this district in other
recent chapter 11 cases filed after the 2005 Amendments became effective.  *In re Steve and
Barry's Manhattan LLC*, Case No. 08-12579 (ALG) (Bankr. S.D.N.Y. July 31, 2008) [Doc. No.
323]; *In re Lexington Precision Corporation*, Case No. 08-11153 (MG) (Bankr. S.D.N.Y. April
22, 2008) [Doc. No. 82]; *In re PRC, LLC*, Case No. 08-10239 (MG) (Bankr. S.D.N.Y. Feb. 13,
2008) [Doc. No. 130], (Bankr. S.D.N.Y. Jan. 25, 2008) [Doc. No. 38]; *Fortunoff Fine Jewelry
and Silverware, LLC*, Case No. 08-10353 (JMP) (Bankr. S.D.N.Y. Feb. 29, 2008) [Doc. No.
307], (Bankr. S.D.N.Y. Feb. 4, 2008) [Doc. No. 28]; *Silicon Graphics, Inc.*, Case No. 06-10977
(ALG) (Bankr. S.D.N.Y. May 25, 2006) [Doc. No. 121] (same); *In re Dana Corp.*, Case No. 06-
10354 (BRL) (Bankr. S.D.N.Y. Mar. 6, 2006) [Doc. No. 86];(Bankr. S.D.N.Y. Mar. 29, 2006)

[Doc. No. 736]; *In re Calpine Corp.*, Case No, 05-60200 (BRL) (Bankr. S.D.N.Y. Jan. 18, 2006)

[Doc. No. 496], (Bankr. S.D.N.Y. Dec. 21, 2005) [Doc. No. 36] (same).

27.    Further, the Court possesses the power, under section 105(a) of the

Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to

carry out the provisions of this title."  11 U.S.C. § 105(a).  The proposed procedures will ensure

the Debtors' Utility Services are continued without prejudicing the Utility Companies.

28.    The Debtors submit, therefore, that the relief requested herein is necessary

and appropriate, is in the best interests of their estates and creditors, and should be granted in all

respects.

### Notice

29.    No trustee or examiner has been appointed in these chapter 11 cases.  The

Debtors have served notice of this Motion in accordance with the procedures set forth in the

order entered on September 22, 2008 governing case management and administrative procedures

for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors'

Committee; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and

Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the

Southern District of New York; and (vii) all parties who have requested notice in these chapter

11 cases.  The Debtors submit that no other or further notice need be provided.

30.    No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:  September 29, 2008
        New York, New York

/s/ Shai Y. Waisman
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**(Utility Companies)**

# Utility Matrix

**Lehman Brothers Holdings Inc., et al.,**                    **EXHIBIT A**
**List of Utility Companies**

| Building Location | Utility Company Name | Address | Type of Service | Account Number |
|---|---|---|---|---|
| 70 Hudson St. Jersey City, NJ | Hess Corporation | PO Box 905243, Charlotte, NC 28290 | Gas | 510066/510087 |
| 27 Commerce Dr., Cranford, NJ | Hess Corporation | PO Box 905243, Charlotte, NC 28290 | Electric | 504587/504588 |
| 125 High St. Boston, MA | NSTAR Electric | PO Box 4508 Woburn, MA 01888 | Electric | Acct. 25651211028 Acct. 25651491026 |
| 190 S LaSalle, Chicago IL | ComEd | PO Box 805379 (Bill Payment Center), Chicago IL 60680 | Electric | 5 accts- 5136190018 5136191015 5136193019 5136194007 5136195004 |
| 40 Corporate Place South, Piscartaway, NJ 08854 | Sempra Energy Solutions | 401 West A Street, Suite 05-148, San Diego CA 92101 | Electric | 195320 |
| 399 Park Avenue, New York, NY | Con Edison | JAF Station, P.O. Box 1701, New York, NY  10116 | Gas | 42-7201-0008-0000-2 |
| 399 Park Avenue | Hess Corporation | Hess Corporation, P.O. Box 905243, Charlotte, NC  28290 | Gas | 510068 / 510089 |
| 085 Tenth Avenue | Con Edison | JAF Station, P.O. Box 1701, New York, NY  10116 | Electric | 49-4071-0009-0100-3 |
| 085 Tenth Avenue | Hess Corporation | Hess Corporation, P.O. Box 905243, Charlotte, NC  28290 | Electric | 440665 / 498953 |
| 399 Park Avenue, New York, NY 10019 | Con Edison | JAF Station, P.O. Box 1701, New York, NY  10116 | Electric | 49-4143-7020-1000-1 |
| 745 Seventh Avenue, New York, NY 10019 | Hess Corporation | Hess Corporation, P.O. Box 905243, Charlotte, NC  28290 | Electric | 440665 / 440788 |
| 745 Seventh Avenue, New York, NY 10019 | Con Edison | JAF Station, P.O. Box 1701, New York, NY  10116 | Steam | 3870000000 |
| 745 Seventh Avenue, New York, NY 10019 | Con Edison | JAF Station, P.O. Box 1701, New York, NY  10116 | Gas | 49-4143-7020-1100-9 |
| 745 Seventh Avenue, New York, NY 10019 | Hess Corporation | Hess Corporation, P.O. Box 905243, Charlotte, NC  28290 | Gas | 510068 / 510090 |

## Utility Matrix

| Building Location | Utility Company Name | Address | Type of Service | Account Number |
|---|---|---|---|---|
| 745 Seventh Avenue, New York, NY 10019 | NYC Water Board | NYC Water Board, P.O. Box 410, Church Street Station, New York, NY  10008 | Water / Sewer | 40009-52986-001 |
| 745 Seventh Avenue, New York, NY 10019 | NYC Water Board | NYC Water Board, P.O. Box 410, Church Street Station, New York, NY  10008 | Water / Sewer | 00009-72026-001 |
| 1127 Euclid Avenue, Cleveland, OH 44115 | AT&T | P.O. 8100, Aurora, IL 60507 | Telephone | 21652380929717 |
| 1128 Euclid Avenue, Cleveland, OH 44115 | AT&T | P.O. 8100, Aurora, IL 60507 | Telephone | 21658901352743 |
| 1129 Euclid Avenue, Cleveland, OH 44115 | AT&T | P.O. 8100, Aurora, IL 60507 | Telephone | 21668597353643 |
| 1130 Euclid Avenue, Cleveland, OH 44115 | AT&T | P.O. 8100, Aurora, IL 60507 | Telephone | 21669668000105 |
| 1131 Euclid Avenue, Cleveland, OH 44115 | AT&T | P.O. 8100, Aurora, IL 60507 | Telephone | 21677106051260 |
| 1132 Euclid Avenue, Cleveland, OH 44115 | AT&T | P.O. 8100, Aurora, IL 60507 | Telephone | 21666406100148 |
| 1133 Euclid Avenue, Cleveland, OH 44115 | AT&T | P.O. 8100, Aurora, IL 60507 | Telephone | 21624162554334 |
| 1134 Euclid Avenue, Cleveland, OH 44115 | Cleveland Public Power | P.O. 5637, Cleveland, OH 44101 | Electric | 4310005958 |
| 1135 Euclid Avenue, Cleveland, OH 44115 | Division of water | P.O. 94540, Cleveland, OH 44101 | Water | 01483643001-1 |
| 1136 Euclid Avenue, Cleveland, OH 44115 | Dominion | P.O. 26225, Richmond, VA 23260 | | 53325 |
| 1137 Euclid Avenue, Cleveland, OH 44115 | Interstate Gas | P.O. 631919, Cincinnati, OH 45263 | Gas | 1184 |
| 1138 Euclid Avenue, Cleveland, OH 44115 | Illuminating | P.O. 3638, Akron, OH 44309 | | 110023197400 |
| 1139 Euclid Avenue, Cleveland, OH 44115 | Illuminating | P.O. 3638, Akron, OH 44309 | | 110023975896 |
| 1140 Euclid Avenue, Cleveland, OH 44115 | NEORSD | P.O. 94550, Cleveland, OH 44101 | | 01373526001-1 |

# Utility Matrix

| Building Location | Utility Company Name | Address | Type of Service | Account Number |
|---|---|---|---|---|
| 1141 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream,  IL 60132 | Internet / Cable | 229315702 |
| 1142 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream,  IL 60132 | Internet / Cable | 233193801 |
| 1143 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream,  IL 60132 | Internet / Cable | 228465004 |
| 1144 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream,  IL 60132 | Internet / Cable | 222818503 |
| 1145 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream,  IL 60132 | Internet / Cable | 216501801 |
| 1146 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream,  IL 60132 | Internet / Cable | 228561604 |
| 1147 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream,  IL 60132 | Internet / Cable | 235373901 |
| 1148 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream,  IL 60132 | Internet / Cable | 234921801 |
| 1149 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream,  IL 60132 | Internet / Cable | 229500004 |
| 1150 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream,  IL 60132 | Internet / Cable | 226559601 |
| 1151 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream,  IL 60132 | Internet / Cable | 219544802 |
| 1152 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream,  IL 60132 | Internet / Cable | 227333403 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
                                       :
In re                                  :    Chapter 11 Case No.
                                       :
LEHMAN BROTHERS HOLDINGS INC., et al., :    08-13555 (JMP)
                                       :
                 Debtors.              :    (Jointly Administered)
                                       :
                                       :
-----------------------------------------------------------------x
```

## ORDER PURSUANT TO SECTIONS
## 105(a) AND 366 OF THE BANKRUPTCY CODE
## (I) APPROVING THE DEBTORS' PROPOSED FORM
## OF ADEQUATE ASSURANCE OF PAYMENT, (II) RESOLVING
## OBJECTIONS BY UTILITY COMPANIES, AND (III) PROHIBITING
## UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE

Upon the motion, dated September 29, 2008 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-

debtor affiliates, "Lehman"), pursuant to sections 105(a) and 366 of title 11 of the United States

Code (the "Bankruptcy Code"), (i) for approval of the Debtors' Proposed Adequate Assurance[1];

(ii) to establish procedures for resolving any objections to the Motion by the Utility Companies

that the Proposed Adequate Assurance is not adequate; and (iii) to prohibit the Utility Companies

from altering, refusing, or discontinuing service, all as more fully described in the Motion; and

the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the
Motion.

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided to (i) the United States Trustee for the Southern District of

New York (the "U.S. Trustee"), (ii) those creditors holding the fifty (50) largest unsecured

claims against the Debtors' estates, (iii) the Securities and Exchange Commission, (iv) the

Internal Revenue Service, and (v) the United States Attorney for the Southern District of New

York, and it appearing that no other or further notice need be provided; and a hearing having

been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of

all interested parties having been noted in the record of the Hearing; and upon the Affidavit of

Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of

New York in Support of First-Day Motions and Applications, and all of the proceedings had

before the Court; and the Court having found and determined that the relief sought in the Motion

is in the best interests of the Debtors, its estate and creditors, and all parties in interest and that

the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

       ORDERED that the Motion is granted; and it is further

       ORDERED that the Debtors' Proposed Adequate Assurance satisfies the

requirements under section 366 of the Bankruptcy Code; and it is further

       ORDERED that no Utility Company shall (a) discontinue, alter, or refuse service

to, or discriminate against, the Debtors on the basis of the commencement of these chapter 11

cases or as a result of any unpaid prepetition charges, or (b) require additional adequate

assurance of payment, other than the Adequate Assurance Deposit supplied; and it is further

         2

ORDERED that any Utility Company that failed to file **by no later than 4:00 p.m. (prevailing Eastern Time) on October 13, 2008** its (i) request for an Adequate Assurance Deposit or (ii) an Objection to the Motion is deemed to have adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized to supplement, as necessary, the list of Utility Companies annexed as <u>Exhibit A</u> hereto (the "<u>Utility Service List</u>"), and that this Order shall apply to any such Utility Company that is subsequently added to the Utility Service List; and it is further

ORDERED that any Adequate Assurance Deposit requested by, and provided to, any Utility Company pursuant to the Motion shall be returned to the Debtors at the conclusion of these chapter 11 cases, if not returned or applied earlier; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order; and it is further

ORDERED that nothing in this Order or the Motion shall be deemed to constitute the postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that the Debtors' service of the Motion upon the Utility Companies

shall not constitute an admission or concession that such entities are a utility within the meaning

of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with

respect thereto.

Dated: September___, 2008
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## (Utility Companies)

NY2:\1915285\04\151%D04!.DOC\58399.0003

# Utility Matrix

**Lehman Brothers Holdings Inc., et al.,**                 EXHIBIT A
**List of Utility Companies**

| Building Location | Utility Company Name | Address | Type of Service | Account Number |
|---|---|---|---|---|
| 70 Hudson St. Jersey City, NJ | Hess Corporation | PO Box 905243, Charlotte, NC 28290 | Gas | 510066/510087 |
| 27 Commerce Dr., Cranford, NJ | Hess Corporation | PO Box 905243, Charlotte, NC 28290 | Electric | 504587/504588 |
| 125 High St. Boston, MA | NSTAR Electric | PO Box 4508 Woburn, MA 01888 | Electric | Acct. 25651211028 Acct. 25651491026 |
| 190 S LaSalle, Chicago IL | ComEd | PO Box 805379 (Bill Payment Center), Chicago IL 60680 | Electric | 5 accts- 5136190018 5136191015 5136193019 5136194007 5136195004 |
| 40 Corporate Place South, Piscartaway, NJ 08854 | Sempra Energy Solutions | 401 West A Street, Suite 05-148, San Diego CA 92101 | Electric | 195320 |
| 399 Park Avenue, New York, NY | Con Edison | JAF Station, P.O. Box 1701, New York, NY 10116 | Gas | 42-7201-0008-0000-2 |
| 399 Park Avenue | Hess Corporation | Hess Corporation, P.O. Box 905243, Charlotte, NC 28290 | Gas | 510068 / 510089 |
| 085 Tenth Avenue | Con Edison | JAF Station, P.O. Box 1701, New York, NY 10116 | Electric | 49-4071-0009-0100-3 |
| 085 Tenth Avenue | Hess Corporation | Hess Corporation, P.O. Box 905243, Charlotte, NC 28290 | Electric | 440665 / 498953 |
| 399 Park Avenue, New York, NY 10019 | Con Edison | JAF Station, P.O. Box 1701, New York, NY 10116 | Electric | 49-4143-7020-1000-1 |
| 745 Seventh Avenue, New York, NY 10019 | Hess Corporation | Hess Corporation, P.O. Box 905243, Charlotte, NC 28290 | Electric | 440665 / 440788 |
| 745 Seventh Avenue, New York, NY 10019 | Con Edison | JAF Station, P.O. Box 1701, New York, NY 10116 | Steam | 3870000000 |
| 745 Seventh Avenue, New York, NY 10019 | Con Edison | JAF Station, P.O. Box 1701, New York, NY 10116 | Gas | 49-4143-7020-1100-9 |
| 745 Seventh Avenue, New York, NY 10019 | Hess Corporation | Hess Corporation, P.O. Box 905243, Charlotte, NC 28290 | Gas | 510068 / 510090 |

## Utility Matrix

| Building Location | Utility Company Name | Address | Type of Service | Account Number |
|---|---|---|---|---|
| 745 Seventh Avenue, New York, NY 10019 | NYC Water Board | NYC Water Board, P.O. Box 410, Church Street Station, New York, NY 10008 | Water / Sewer | 40009-52986-001 |
| 745 Seventh Avenue, New York, NY 10019 | NYC Water Board | NYC Water Board, P.O. Box 410, Church Street Station, New York, NY 10008 | Water / Sewer | 00009-72026-001 |
| 1127 Euclid Avenue, Cleveland, OH 44115 | AT&T | P.O. 8100, Aurora, IL 60507 | Telephone | 21652380929717 |
| 1128 Euclid Avenue, Cleveland, OH 44115 | AT&T | P.O. 8100, Aurora, IL 60507 | Telephone | 21658901352743 |
| 1129 Euclid Avenue, Cleveland, OH 44115 | AT&T | P.O. 8100, Aurora, IL 60507 | Telephone | 21668597353643 |
| 1130 Euclid Avenue, Cleveland, OH 44115 | AT&T | P.O. 8100, Aurora, IL 60507 | Telephone | 21669668000105 |
| 1131 Euclid Avenue, Cleveland, OH 44115 | AT&T | P.O. 8100, Aurora, IL 60507 | Telephone | 21677106051260 |
| 1132 Euclid Avenue, Cleveland, OH 44115 | AT&T | P.O. 8100, Aurora, IL 60507 | Telephone | 21666406100148 |
| 1133 Euclid Avenue, Cleveland, OH 44115 | AT&T | P.O. 8100, Aurora, IL 60507 | Telephone | 21624162554334 |
| 1134 Euclid Avenue, Cleveland, OH 44115 | Cleveland Public Power | P.O. 5637, Cleveland, OH 44101 | Electric | 4310005958 |
| 1135 Euclid Avenue, Cleveland, OH 44115 | Division of water | P.O. 94540, Cleveland, OH 44101 | Water | 01483643001-1 |
| 1136 Euclid Avenue, Cleveland, OH 44115 | Dominion | P.O. 26225, Richmond, VA 23260 | | 53325 |
| 1137 Euclid Avenue, Cleveland, OH 44115 | Interstate Gas | P.O. 631919, Cincinnati, OH 45263 | Gas | 1184 |
| 1138 Euclid Avenue, Cleveland, OH 44115 | Illuminating | P.O. 3638, Akron, OH 44309 | | 110023197400 |
| 1139 Euclid Avenue, Cleveland, OH 44115 | Illuminating | P.O. 3638, Akron, OH 44309 | | 110023975896 |
| 1140 Euclid Avenue, Cleveland, OH 44115 | NEORSD | P.O. 94550, Cleveland, OH 44101 | | 01373526001-1 |

# Utility Matrix

| Building Location | Utility Company Name | Address | Type of Service | Account Number |
|---|---|---|---|---|
| 1141 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream, IL 60132 | Internet / Cable | 229315702 |
| 1142 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream, IL 60132 | Internet / Cable | 233193801 |
| 1143 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream, IL 60132 | Internet / Cable | 228465004 |
| 1144 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream, IL 60132 | Internet / Cable | 222818503 |
| 1145 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream, IL 60132 | Internet / Cable | 216501801 |
| 1146 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream, IL 60132 | Internet / Cable | 228561604 |
| 1147 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream, IL 60132 | Internet / Cable | 235373901 |
| 1148 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream, IL 60132 | Internet / Cable | 234921801 |
| 1149 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream, IL 60132 | Internet / Cable | 229500004 |
| 1150 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream, IL 60132 | Internet / Cable | 226559601 |
| 1151 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream, IL 60132 | Internet / Cable | 219544802 |
| 1152 Euclid Avenue, Cleveland, OH 44115 | TimeWarner | P.O. 0901, Carol Stream, IL 60132 | Internet / Cable | 227333403 |