WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                       :    **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                :    **08-13555 (JMP)**
                                                            :
               Debtors.                                     :    **(Jointly Administered)**
                                                            :
                                                            :
------------------------------------------------------------------x

**AFFIDAVIT OF SHAI Y WAISMAN IN
SUPPORT OF DEBTORS' REQUEST FOR A BRIDGE ORDER
PURSUANT TO SECTIONS 105 AND 366 OF THE BANKRUPTCY CODE
EXTENDING THE STAY UNDER SECTION 366 OF THE BANKRUPTCY CODE
THROUGH THE TIME THE COURT ENTERS AN ORDER ON THE MOTION**


COUNTY OF NEW YORK        )
                          )    ss:
STATE OF NEW YORK         )

SHAI Y. WAISMAN, being duly sworn, hereby declares:

1.   I am an attorney admitted to practice before this Court and a partner of

Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc. ("LBHI") and its

affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession

(together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman") in the

above-captioned chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  Unless otherwise indicated, I have personal knowledge of the facts set forth herein.

2. I submit this affidavit in support of a bridge order extending the stay available under section 366 of title 11 of the United States Code (the "Bankruptcy Code") through the time the Court enters an order on the Debtors' motion, dated September 29, 2008 (the "Motion"), for entry of an order, pursuant to sections 105(a) and 366 of the Bankruptcy Code, (i) approving the Debtors' proposed form of adequate assurance of payment (the "Proposed Adequate Assurance"); (ii) resolving any objections by the utility companies that provide utility services to the Debtors including, but not limited to, those listed in Exhibit A (the "Utility Companies") to the Motion that the Proposed Adequate Assurance is not adequate in accordance with section 366 of the Bankruptcy Code; and (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors solely on the basis of the commencement of this case or a debt that is owed by the Debtors for services rendered prior to the petition date.

3. Section 366 of the Bankruptcy Code provides that "a utility may not alter, refuse, or discontinue services to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor so such utility for service rendered before the order for relief was not paid when due."  11 U.S.C. § 366(a).  Further, section 366 provides that a utility may not take any of the foregoing actions during the 30-days beginning on the petition date.  11 U.S.C. § 366(c)(2).

4. LBHI's chapter 11 case was commenced on September 15, 2008.  The stay under section 366 of the Bankruptcy Code will expire with respect to LHBI's estate on or

about October 14, 2008. I have been advised by the Court's staff that it is not available to hear the Motion on or before October 14, 2008. The Court is available to hear the Motion at the next scheduled omnibus hearing date at 10:00 a.m. on October 16, 2008.

5. Uninterrupted utility services is essential to the operation of the Debtors' businesses. Any discontinuation of such services will undoubtedly cause irreparable harm to the Debtors' estate. Accordingly, the Debtors are requesting a bridge order enforcing the stay under section 366 of the Bankruptcy Code through and including October 16, 2008 and the time the Court enters an order with respect to the Motion.

6. The Debtors have not requested the relief herein from this or any other court.

/s/ Shai Y. Waisman
Shai Y. Waisman

Sworn to before me on
September 29, 2008

/s/ Ilusion Rodriguez
Ilusion Rodriguez
Notary Public, State of New York
No. 01RO6188069
Qualified in New York County
Commission Expires June 2, 2012

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                   :
              Debtors.                                        :    (Jointly Administered)
                                                                   :
                                                                   :
---------------------------------------------------------------x

### EX PARTE ORDER PURSUANT TO SECTIONS 105 AND 366 OF THE BANKRUPTCY CODE AND LOCAL RULE 9077-1, EXTENDING THE STAY UNDER SECTION 366 OF THE BANKRUPTCY CODE THROUGH OCTOBER 16, 2008 AND THE TIME THE COURT ENTERS AN ORDER WITH RESPECT TO THE MOTION

Upon the motion, dated September 29, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), (i) for approval of the Debtors' Proposed Adequate Assurance[1]; (ii) to establish procedures for resolving any objections to the Motion by the Utility Companies that the Proposed Adequate Assurance is not adequate; and (iii) to prohibit the Utility Companies from altering, refusing, or discontinuing service, all as more fully described in the Motion and the affidavit of Shai Y. Waisman, dated September 29, 2008 (the "Waisman Affidavit"), filed in support of the Motion and the request bridge order extending the stay under section 366 of the Bankruptcy Code through the time the Court enters an with respect to the Motion; and consideration of the relief requested in the Waisman Affidavit and the relief requested therein

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that, pursuant to Local Rule 9077-1, no notice of the relief requested in the Waisman Affidavit need be provided; and the Court having determined that the relief requested in the Waisman Affidavit is in the best interests of Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in such affidavit establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the stay under section 366 of the Bankruptcy Code is extended through and including October 16, 2008 and the time the Court enters an order with respect to the Motion; and it is further

ORDERED that no utility company of the Debtors shall discontinue, alter, or refuse service to, or discriminate against, the Debtors on the basis of the commencement of these chapter 11 cases or as a result of any unpaid prepetition charges through the time the Court enters an order with respect to the Motion and subject to the provisions of such order; and it is further

ORDERED that the Debtors shall serve the Motion and this Order by email, facsimile, or overnight mail on (i) all utilities listed in Exhibit A annexed to the Motion; (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured

creditors appointed in these cases; and (iv) Cleary Gottlieb LLP, One Liberty Plaza, New York, NY 10006, Attn: Lindsee P. Granfield, Esq. and Lisa Schweitzer, Esq. and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq., attorneys for the Debtors' postpetition lenders; and it is further

Dated: September __, 2008
      New York, New York

                                             UNITED STATES BANKRUPTCY JUDGE