**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
:
**In re**                                              :     **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :     **08-13555 (JMP)**
                                                       :
            Debtors.                                   :     **(Jointly Administered)**
                                                       :
                                                       :
-------------------------------------------------------------------x

## <u>EX PARTE ORDER PURSUANT TO SECTIONS 105 AND 366 OF THE BANKRUPTCY CODE AND LOCAL RULE 9077-1, EXTENDING THE STAY UNDER SECTION 366 OF THE BANKRUPTCY CODE THROUGH OCTOBER 16, 2008 AND THE TIME THE COURT ENTERS AN ORDER WITH RESPECT TO THE MOTION</u>

Upon the motion, dated September 29, 2008 (the "<u>Motion</u>"), of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "<u>Debtors</u>" and, together with their non-debtor affiliates, "<u>Lehman</u>"), pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), (i) for approval of the Debtors' Proposed Adequate Assurance[1]; (ii) to establish procedures for resolving any objections to the Motion by the Utility Companies that the Proposed Adequate Assurance is not adequate; and (iii) to prohibit the Utility Companies from altering, refusing, or discontinuing service, all as more fully described in the Motion and the affidavit of Shai Y. Waisman, dated September 29, 2008 (the "<u>Waisman Affidavit</u>"), filed in support of the Motion and the request for a bridge order extending the stay under section 366 of the Bankruptcy Code through the time the Court enters an order with respect to the Motion; and consideration of the relief requested in the Waisman Affidavit and the relief requested therein

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that, pursuant to Local Rule 9077-1, no notice of the relief requested in the Waisman Affidavit need be provided; and the Court having determined that the relief requested in the Waisman Affidavit is in the best interests of Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in such affidavit establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the stay under section 366 of the Bankruptcy Code is extended through and including October 16, 2008 and the time the Court enters an order with respect to the Motion; and it is further

ORDERED that no utility company of the Debtors shall discontinue, alter, or refuse service to, or discriminate against, the Debtors on the basis of the commencement of these chapter 11 cases or as a result of any unpaid prepetition charges through the time the Court enters an order with respect to the Motion and subject to the provisions of such order; and it is further

ORDERED that the Debtors shall serve the Motion and this Order by email, facsimile, or overnight mail on (i) all utilities listed in Exhibit A annexed to the Motion; (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn:  Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured

creditors appointed in these cases; and (iv) Cleary Gottlieb LLP, One Liberty Plaza, New York, NY 10006, Attn: Lindsee P. Granfield, Esq. and Lisa Schweitzer, Esq. and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq., attorneys for the Debtors' postpetition lenders.

Dated: New York, New York
       September 29, 2008

                                    *s/ James M. Peck*
                              UNITED STATES BANKRUPTCY JUDGE