**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus
Attorneys for Debtors and Debtors in Possession

-and-

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 310-3999
Lindsee P. Granfield
Lisa M. Schweitzer
Attorneys for Barclays Capital Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Lehman Brothers Holdings Inc., <u>et al</u>. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**JOINT MOTION OF THE DEBTORS AND BARCLAYS CAPITAL INC.
FOR ENTRY OF AN ORDER AUTHORIZING TO FILE UNDER SEAL
CERTAIN SCHEDULES TO THE ASSET PURCHASE AGREEMENT**

Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases (the "<u>Chapter 11 Cases</u>"), as debtors and debtors in possession (together, the "<u>Debtors</u>**")** and Barclays Capital Inc. ("<u>Barclays</u>", and together with the Debtors,

1

[New York #1955017 v5]

the "Movants") hereby move the Court (the "Motion") for entry of an order (the "Order"), in substantially the form attached hereto as Exhibit A, authorizing Movants to file under seal Schedules A and B (the "Schedules") to the Clarifying Letter to the Asset Purchase Agreement (each as defined below). In support of this Motion, the Movants respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. Commencing on September 15, 2008 and periodically thereafter (the "Petition Date"), the Debtors commenced the Chapter 11 Cases. The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner been appointed in these Chapter 11 Cases.

4. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

5. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPA Trustee") is administering LBI's estate.

2

[New York #1955017 v5]

**THE PURCHASE AGREEMENT**

6.  On September 16, the Debtors, LBI, and Barclays entered into an Asset Purchase Agreement (as amended and clarified from time to time, the "Purchase Agreement"). On September 20, 2008, the Court entered an order (the "Sale Order") approving the Purchase Agreement and various transactions contemplated therein [Docket No. 258].[1] The Bankruptcy Court entered a concurrent order approving the Purchase Agreement in LBI's proceeding under SIPA, thereby authorizing the SIPA Trustee to consummate the sale transaction on behalf of LBI.[2]

7.  On September 22, 2008, the Debtors filed the Notice of Filing Of Purchase Agreement Approved By Order Authorizing And Approving (A) The Sale of Purchased Assets Free And Clear Of Liens And Other Interests And (B) Assumption and Assignment Of Executory Contracts and Unexpired Leases (the "Notice") [Docket No. 380]. The Notice attached as Exhibit C the clarifying letter agreement, dated as of September 20, 2008 (the "Clarifying Letter"), by and between LBHI, LBI, LB 745 LLC, and Barclays (together, the "Parties"). The Clarifying Letter clarifies the intention of the Parties with respect to certain provisions of the Purchase Agreement, supplements in certain respects the agreements of the Parties under the Purchase Agreement, amends the Purchase Agreement in certain respects, and is binding on the Parties. As more fully described in the Clarifying Letter, the Schedules contain lists of securities and trading positions transferred under the Purchase Agreement. Schedule A is

---

[1]   Capitalized terms that are used but not defined in this Motion have the meanings ascribed to them in the Sale Order or the Purchase Agreement, as the case may be.

[2]   In the SIPA proceeding, on September 20, 2008, the Bankruptcy Court entered its Order Approving, And Incorporating By Reference For The Purposes Of This Proceeding, An Order Authorizing The Sale Of Purchased Assets And Other Relief In The Lehman Brothers, Holdings Inc. Chapter 11 Proceedings (the "SIPA Sale Order") [Docket No. 3]. References to the "Sale Order" herein include the SIPA Sale Order.

[New York #1955017 v5]

referred to in Section 1(a)(ii)(A) of the Clarifying Letter and Schedule B referred to in Section 1(a)(ii)(B) of the Clarifying Letter.[3]

## RELIEF REQUESTED

8.   The Schedules contain highly sensitive information regarding LBI's (now Barclays') proprietary trading positions. Public dissemination of this information could affect the value of the underlying securities as well as the ability of Barclays to trade its positions in the securities. By this Motion, the Movants respectfully request entry of the Order, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, authorizing the Movants to file the Schedules under seal. The Movants are willing to provide the Schedules to creditors who sign a confidentiality agreement which, <u>inter alia</u>, restricts use of the Schedules to such creditor's role as a creditor in the Chapter 11 Cases.[4]

## BASIS FOR RELIEF

9.   Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the Movants to file the Schedules under seal. Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may--
>
> (1)   protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2)   protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

---

[3]   The listing of any security on the Schedules does not indicate that such security has been delivered to Barclays or the value of any such security. In particular, the par amounts set forth on the Schedules are provided for use of the parties for informational purposes only and are not indicative of the value of the securities. Moreover, Schedule B lists securities believed to be held in LBI's "clearance boxes" as of the time of the Closing (as defined in the Clarifying Letter) and is without prejudice to the right of Barclays to receive other securities held in such clearance boxes but not listed on Schedule B or to return securities, in each case pursuant to the terms of the Clarifying Letter.

[4]   The Movants will share the Schedules with the U.S. Trustee without similar confidentiality restrictions.

4

[New York #1955017 v5]

10. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 reads in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . .

Fed. R. Bankr. P. 9018.

11. Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Court, "the court is required to protect a requesting interested party and has no discretion to deny the application." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994) (hereinafter, "Orion"). Courts have also found that such relief should be granted if the information sought to be protected is "commercial information." See In re Global Crossing, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. Orion, 21 F.3d at 28 (stating that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and that under this exception, an interested party has to show only that the information it wishes to seal is "confidential commercial" in nature).

12. The Movants respectfully request that this Court permit the Schedules to be filed under seal pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules because of the harm that would ensue if the highly confidential trading positions contained

5

in the Schedules became public information. Moreover, the Movants submit that creditors will not be prejudiced by this Motion because they will have access to the Schedules upon entering into a confidentiality agreement.

## NOTICE

13.   The Movants have provided notice of this Motion to: (a) the U.S. Trustee; (b) the attorneys for the Creditors' Committee; (c) the attorneys for the Debtors' postpetition lenders; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the United States Attorney for the Southern District of New York; (g) the attorneys for James Giddens as SIPA Trustee for LBI; (j) and all parties who have requested notice in the Chapter 11 Cases.

## NO PRIOR REQUEST

14.   No prior motion for the relief requested herein has been made to this Court or any other court.

## WAIVER OF MEMORANDUM OF LAW

15.   In accordance with Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, no separate memorandum of law is necessary as all authorities relied on in support of this Motion are set forth herein.

[*The remainder of this page has been intentionally left blank*]

WHEREFORE, the Movants respectfully request that the Court enter the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Movants to file under seal the Schedules; and (b) granting such other and further relief as the Court deems appropriate.

Dated: September 29, 2008  
New York, New York

Respectfully submitted

**WEIL, GOTSHAL & MANGES LLP**

By: /s/ Lori R. Fife
    Harvey R. Miller
    Richard P. Krasnow
    Lori R. Fife
    Shai Y. Waisman
    Jacqueline Marcus
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (312) 310-8007

*Counsel to the Debtors and Debtors in Possession*

-and-

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By: /s/ Lindsee P. Granfield
    Lindsee P. Granfield
    Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to Barclays Capital Inc.*

## Exhibit A

**Proposed Order**

[New York #1955017 v5]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: <br><br> Lehman Brothers Holdings Inc., <u>et al</u>. <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-13555 (JMP) <br> (Jointly Administered) |

**ORDER AUTHORIZING THE DEBTORS AND BARCLAYS CAPITAL INC. TO FILE**
**UNDER SEAL CERTAIN SECHEDULES TO THE PURCHASE AGREEMENT**

Upon consideration of the motion (the "<u>Motion</u>")[1] of the Movants for entry of an order authorizing the Movants to file under seal the Schedules; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, it is hereby:

1. ORDERED that the Motion is GRANTED; and it is further

2. ORDERED that Movants are authorized to file the Schedules under seal; and it is further

3. ORDERED that the Movants are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

4. ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

5. ORDERED that the requirement set forth in Rule 9013-(b) of the Local Bankruptcy Rules for the Southern District of New York that any motion or other request for

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

[New York #1955017 v5]

relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived; and it is further

    6.    ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order

Dated: _____, 2008
New York, New York

                                            The Honorable James M. Peck
                                            United States Bankruptcy Judge

[New York #1955017 v5]