**Hearing Date: October 16, 2008 @ 10:00 a.m.**
**Objection Deadline: October 13, 2008 @ 4:00 p.m.**

Dennis F. Dunne
Luc A. Despins
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

-and-

Paul Aronzon
Gregory A. Bray
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000

Proposed Counsel for Official
Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                :
In re:                                          :    Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :    08-13555 (JMP)
                                                :
              Debtors.                          :    (Jointly Administered)
                                                :
------------------------------------------------------------------- x

**NOTICE OF MOTION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR RECONSIDERATION OF COURT'S
SEPTEMBER 17, 2008 INTERIM ORDER (I) AUTHORIZING
DEBTOR TO OBTAIN POSTPETITION FINANCING PURSUANT TO SECTIONS 363
AND 364 OF BANKRUPTCY CODE AND
(II) GRANTING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION
<u>LENDERS PURSUANT TO SECTION 364 OF BANKRUPTCY CODE</u>**

PLEASE TAKE NOTICE that a hearing will be held before the Honorable James

M. Peck of the United States Bankruptcy Court for the Southern District of New York (the

"<u>Bankruptcy Court</u>"), One Bowling Green, New York, New York 10004, Courtroom 601, on

October 16, 2008, at 10:00 a.m. (Eastern time), or as soon thereafter as counsel may be heard, to consider the relief requested in the Motion Of Official Committee Of Unsecured Creditors For Reconsideration Of Court's September 17, 2008 Interim Order (I) Authorizing Debtor To Obtain Postpetition Financing Pursuant To Sections 363 And 364 Of Bankruptcy Code And (II) Granting Liens And Superpriority Claims To Postpetition Lenders Pursuant To Section 364 Of Bankruptcy Code  (the "Motion").

>PLEASE TAKE FURTHER NOTICE that, objections, if any, to the relief requested in the Motion must comply with the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of New York and the Court's September 22, 2008 Order Pursuant To Section 105(a) Of The Bankruptcy Code And Bankruptcy Rules 1015(c) And 9007 Implementing Certain Notice And Case Management Procedures (the "Case Management Order"), must be set forth in a writing describing the basis therefore and shall be filed electronically with the Court on the docket of *In re Lehman Brothers Holdings Inc.*, Chapter 11 Case No. 08-13555 (JMP), in accordance with General Order M-242 (available at www.nysb.uscourts.gov/orders/orders2.html) by registered users of the Court's case filing system and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format; and served upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.), attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul

2

Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the official committee of unsecured creditors appointed in these cases; (v) the attorneys for any other official committee(s) appointed in these chapter cases; and (vi) Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, (Attn: Lindsee P. Granfield, Esq. and Lisa Schweiger, Esq.) and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, (Attn: Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq.), attorneys for the Debtors' postpetition lenders so as to be received no later than **4:00 p.m. (Eastern time) on October 13, 2008**. The relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with the Case Management Order.

Dated:  New York, New York
        September 29, 2008

                                        **MILBANK, TWEED, HADLEY & McCLOY LLP**

                                        By: /s/ Dennis F. Dunne
                                        Dennis F. Dunne
                                        Luc A. Despins
                                        1 Chase Manhattan Plaza
                                        New York, NY 10005
                                        Telephone: (212) 530-5000

                                        -and-

                                        Paul Aronzon
                                        Gregory A. Bray
                                        601 South Figueroa Street, 30th Floor
                                        Los Angeles, CA 90017
                                        Telephone: (213) 892-4000


                                        Proposed Counsel for Official
                                        Committee of Unsecured Creditors
                                        of Lehman Brothers Holdings Inc., et al.

**Hearing Date: October 16, 2008 @ 10:00 a.m.**
**Objection Deadline: October 13, 2008 @ 4:00 p.m.**

Dennis F. Dunne
Luc A. Despins
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

-and-

Paul Aronzon
Gregory A. Bray
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000

Proposed Counsel for Official
Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                             :
In re:                                       :      Chapter 11 Case No.
                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,       :      08-13555 (JMP)
                                             :
              Debtors.                       :      (Jointly Administered)
                                             :
-------------------------------------------------------------- x

**MOTION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR RECONSIDERATION OF COURT'S
SEPTEMBER 17, 2008 INTERIM ORDER (I) AUTHORIZING
DEBTOR TO OBTAIN POSTPETITION FINANCING PURSUANT TO
SECTIONS 363 AND 364 OF BANKRUPTCY CODE AND
(II) GRANTING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION
<u>LENDERS PURSUANT TO SECTION 364 OF BANKRUPTCY CODE</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of

Lehman Brothers Holdings Inc. (the "<u>Debtor</u>") and its affiliated debtors and debtors in

possession hereby moves (the "<u>Motion</u>"), pursuant to Federal Rules of Civil Procedure 59

and 60(b), made applicable to these cases by Federal Bankruptcy Rules 9023 and 9024, respectively, for reconsideration of the Court's Interim Order (I) Authorizing Debtor to Obtain Postpetition Financing pursuant to Sections 363 and 364 of the Bankruptcy Code, (II) Granting Liens and Superpriority Claims to Postpetition Lenders Pursuant to Section 364 of Bankruptcy Code, and (III) Scheduling Final Hearing, dated September 27, 2008 (the "Interim Order").[1] In support of the Motion, the Committee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Court premised entry of the Interim Order on, inter alia, the Debtor's immediate liquidity needs and the exigencies of these chapter 11 cases as presented to the Court just two days after the commencement of these cases. However, subsequent to entry of the Interim Order, events have transpired that render the Senior Secured Superpriority Debtor in Possession Credit Agreement (the "DIP Agreement")[2] no longer in the best interests of the Debtor's estate.

2. Given this development and the exigent circumstances of these cases, the Committee anticipated that it would have its first meaningful opportunity to be heard with respect to all matters related to the DIP Agreement at the final hearing on the Debtor's motion for approval of the DIP Agreement (the "DIP Motion"). Upon information and belief, however, the DIP Lenders interpret the Interim Order to have granted them final relief with respect to material aspects of the DIP Motion, including without limitation, certain fees and penalties. In light of the relevant statutory deadlines,

---

[1] The Committee reserves the right to supplement this Motion prior to the hearing.

[2] The parties to the DIP Agreement are the Debtor, Barclays Bank plc, as administrative agent and collateral agent for the lenders thereunder (the "DIP Lenders"), and Barclays Capital, as sole lead arranger, sole bookrunner and sole syndication agent.

2

and out of an abundance of caution, the Committee files this Motion for reconsideration of the Interim Order to reserve its rights with respect to any issue that may be deemed to have "final" effect pursuant to the Interim Order.

## JURISDICTION

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C §§ 1408 and 1409.

## APPLICABLE LEGAL STANDARD

4.  Bankruptcy courts have the power to reconsider, modify or vacate their own orders when the interests of justice require -- so long as no intervening rights have become vested in reliance on such orders. See, e.g., Meyer v. Lenox (In re Lenox, 902 F.2d 737, 739-740 (9th Cir. 1990); Maxwell Newspapers, Inc. v. The Travelers Indemnity Co. (In re Maxwell Newspapers, Inc.), 170 B.R. 549, 550 (S.D.N.Y. 1994); Farmers Nat'l Bank of Osborne v. Mettlen (In re Mettlen), 174 B.R. 822, 826 (D. Kan. 1994); Connecticut Nat'l Bank v. Babco, Inc. (In re Babco, Inc.), 133 B.R. 286, 289 (Bankr. D. Conn. 1991). Accordingly, this Court may grant reconsideration of the Interim Order to the extent requested herein since the interests of justice so require, and no party has changed its position in reliance on the Interim Order.

## ARGUMENT

5.  The Debtor's circumstances have changed dramatically since entry of the Interim Order. As the Court is aware, the sale of certain assets under the Asset Purchase Agreement between Barclays Capital Inc., the Debtor and certain of its affiliates, dated as of September 16, 2008 (as amended, the "Barclays APA") resulted in

3

cash proceeds to the Debtor and LB 745 LLC exceeding $1 billion. The Debtor has informed the Committee that it has access to these funds for its day-to-day operations. In addition, given the consummation of the Barclays APA, the Debtor's post-petition financial obligations have diminished substantially. The Debtor is also anticipating receipt of significant additional amounts from contract counterparties. Therefore, as will be demonstrated at the final hearing on the DIP Motion, the legal and factual conditions for approving the DIP Agreement on a final basis simply cannot be satisfied and the Debtor should repay the amounts it borrowed and terminate the DIP Agreement.

6. At the time of the Hearing, the Committee (and presumably the Court) had no reason to expect that the Debtor would have the ability to repay all amounts borrowed under the DIP Agreement before the occurrence of a final hearing. To the extent the DIP Lenders assert that the Interim Order is "final" with respect to any relief other than authorizing the initial draw of $200 million, the Committee respectfully requests that the Court grant reconsideration of the Interim Order with respect to such provisions.

## WAIVER OF MEMORANDUM OF LAW

7. The Committee respectfully requests the Court waive the requirement of Local Bankruptcy Rule 9013-1(b) for an accompanying memorandum of law because this Motion contains no new or difficult issues of law and is supported by citations to authorities.

## NOTICE

8. Notice of this Motion has been provided pursuant to the Court's September 22, 2008 Order Pursuant To Section 105(a) Of The Bankruptcy Code And

4

Bankruptcy Rules 1015(c) And 9007 Implementing Certain Notice And Case Management Procedures. The Committee submits that no other or further notice is required.

## NO PRIOR REQUEST

9. No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Committee respectfully requests that the Court grant reconsideration of the Interim Order with respect to any issue that may be deemed to have "final" effect, and grant the Committee such other and further relief as may be just and proper.

Dated:   New York, New York
         September 29, 2008

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Luc A. Despins
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

-and-

Paul Aronzon
Gregory A. Bray
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000


Proposed Counsel for Official
Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

5