ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Amy E. Vanderwal (AV-1712)

*Attorneys for Bright Horizons Children's Centers LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re:                                        :    Chapter 11
                                              :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*      :    Case No. 08-13555 (JMP)
                                              :
              Debtors.                        :    (Jointly Administered)
---------------------------------------------------------------- x

**OBJECTION OF BRIGHT HORIZONS CHILDREN'S CENTERS LLC
TO DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT OF, AND AMOUNTS
NECESSARY TO CURE DEFAULTS UNDER, CONTRACTS AND LEASES TO BE
ASSUMED AND ASSIGNED TO SUCCESSFUL PURCHASER**

Bright Horizons Children's Centers LLC ("Bright Horizons"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the Notice of Assumption and Assignment of, and Amounts Necessary to Cure Defaults Under, Contracts and Leases to be Assumed and Assigned to Successful Purchaser (the "Notice"), filed by the debtors in the above-captioned cases on September 18, 2008, to the extent that the Notice relates to certain contracts with Bright Horizons, and respectfully represents and sets forth as follows:

**BACKGROUND**

1. On September 15, and September 27, 2008, respectively (the "Petition Dates"), Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("LB 745" and, collectively with LBHI, the "Debtors") filed petitions for relief under Chapter 11, Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy

- 1 -

Court for the Southern District of New York. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 19, 2008, a proceeding began under the Securities Investor Protection Act of 1970 with respect to Lehman Brothers Inc. ("LBI"), a wholly-owned subsidiary of LBHI, in the District Court for the Southern District of New York, which was then transferred to this Court.

3. On September 17, 2008, the Debtors filed a motion with the Bankruptcy Court seeking, *inter alia*, an order (the "Sale Order") approving a sale (the "Sale") of certain assets related to LBI to Barclays Capital Inc. (the "Purchaser"), which assets included certain contracts designated for assumption and assignment at the closing of the Sale (the "Closing Date Contracts").

4. On September 18, 2008, the Debtors filed the Notice with this Court, which stated that the Debtors would communicate their lists of Closing Date Contracts, along with proposed cure amounts (the "Lists"), to their creditors, including Bright Horizons, by posting the Lists on the Internet at http://chapter11.epiqsystems.com/lehman. The Lists include two contracts with Bright Horizons:

> (i) a Management Agreement, commencing March 27, 2003, between LBI and Bright Horizons (as successor in interest to ChildrenFirst Inc.), attached as Exhibit A hereto, which was renewed under the Management Agreement Renewal, commencing January 1, 2008, attached as Exhibit B hereto (collectively, the "Management Agreement"); and

- 2 -

        (ii)    a Backup Care Participation Agreement, commencing January 1, 2008, between LBI and Bright Horizons (as successor in interest to Bright Horizons Children's Centers, Inc.), attached as <u>Exhibit C</u> hereto (the "<u>Participation Agreement</u>" and, together with the Management Agreement, the "<u>Bright Horizons Contracts</u>").

In the Lists, the proposed cure amounts for the Bright Horizons Contracts are both set at $0.00.

    5.    On September 19, 2008, this Court entered the Sale Order, which, *inter alia*, approved the assumption and assignment of the Closing Date Contracts, but allowed counterparties until October 3, 2008, to object to the proposed cure amounts.

## **ARGUMENT**

    6.    Under Sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code, a debtor-in-possession which seeks to assume and assign an executory contract must (i) cure, or provide adequate assurance that it will promptly cure, any defaults in the executory contract, (ii) compensate the counterparty to the executory contract for any actual pecuniary loss to such party resulting from such defaults, and (iii) provide adequate assurance of future performance under such contract.

    7.    Under the Management Agreement, Bright Horizons operates a child care center on the first floor of the LBHI headquarters at 745 7th Ave, New York, New York, for LBI's employees. The Management Agreement requires LBI to pay management and administrative fees, all operational expenses, and all sales, use, value-added, or similar taxes to Bright Horizons on a monthly basis in advance on or before the first business day of each month.

8. Bright Horizons submitted an invoice dated August 1, 2008, attached as <u>Exhibit D</u> hereto (the "<u>August Invoice</u>"), to LBI for the amount of $56,896.50, for services provided in the month of August. LBI remitted a check dated September 8, 2008, in payment of the August Invoice. As evidenced by the notice from Bank of America, N.A., dated September 22, 2008, attached as <u>Exhibit E</u> hereto, this check was returned unpaid, and the amount due under the August Invoice remains outstanding.

9. Further, as set forth on the invoice dated September 1, 2008, attached as <u>Exhibit F</u> hereto (the "<u>September Invoice</u>"), an additional amount of $56,896.50 was due and owing on that date for services provided in the month of September and remains outstanding.[1] The failures of LBI to pay the August Invoice and the September Invoice, which total $113,793, are defaults under the Management Agreement. Moreover, the Purchaser, as the assignee of the Management Agreement, is liable for all future amounts due under this contract.

10. Under the Participation Agreement, Bright Horizons provides LBI's employees with backup child care services at eight centers, which are located in the vicinity of many of the Debtors' branch offices. For these services, LBI pays a fee on an annual basis in advance. The next annual fee, in the amount of $312,000, will be invoiced in December 2009. The Purchaser, as the assignee of the Participation Agreement, will be liable for this amount and all future amounts when they come due.

11. This Court approved the assumption and assignment of the Bright Horizons Contracts in the Sale Order. Further, under the Asset Purchase Agreement, by and among the Debtors, LBI, and the Purchaser, dated September 16, 2008, which was entered into to effect the Sale, the

---

[1] Based on the petition date of September 15, 2008, fifty percent of this amount is for services rendered pre-petition and the other fifty percent is for services rendered post-petition.

- 4 -

Purchaser promised to pay or cause to be paid all cure amounts in respect of the Bright Horizons Contracts, which promise was part of the basis of this Court's finding that the Debtors had provided adequate assurance of future performance within the meaning of Sections 365(b)(1)(C) and 365(f)(2)(A) of the Bankruptcy Code.  Hence, pursuant to the Sale Order and Sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code, LBI or the Purchaser is obligated to pay $113,793, which represents the outstanding amounts from the August Invoice and September Invoice, to cure defaults under the Management Agreement.  For the reasons set forth above, Bright Horizons requests that the Court order that LBI or the Purchaser pay this cure amount.

## **CONTACT INFORMATION**

12. For purposes of resolving this Objection, Bright Horizons requests that parties contact the following person:

> Patricia Chen
> Ropes & Gray LLP
> One International Place
> Boston, Massachusetts 02110-2624
> Telephone:	617-951-7553
> Facsimile:	617-235-9712
> Email:		Patricia.Chen@ropesgray.com

## **NOTICE**

13. No trustee or examiner has been appointed in these cases. Notice of this Objection has been provided to: (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel to the Debtors; (iii) counsel to the Creditors' Committee; (iv) counsel to the Securities Investors Protection Corporation Trustee; (v) counsel to the Purchaser; and (vi) all parties having requested notice in these cases pursuant to Fed. R. Bankr. P. 2002. In light of the nature of the relief requested herein, Bright Horizons submits that no other or further notice is required.

[*The remainder of this page has been intentionally left blank.*]

WHEREFORE, for the reasons set forth herein, Bright Horizons respectfully (i) objects to the proposed cure amounts set forth in the Notice and the Lists, (ii) requests that this Court order LBI or the Purchaser to pay $113,793 to Bright Horizons to cure defaults under the Bright Horizons Contracts; and (iii) requests that this Court grant such other and further relief as the Court may deem just and proper.

Dated: September 30, 2008
      New York, New York

           ROPES & GRAY LLP

           By: */s/ Amy E. Vanderwal*
           Amy E. Vanderwal (AV-1712)
           1211 Avenue of the Americas
           New York, New York 10036-8704
           Telephone: (212) 596-9000
           Facsimile: (212) 596-9090

           *Attorneys for Bright Horizons Children's Centers LLC*