Hearing Date and Time: November 5, 2008 at 10:00 a.m.
Objection Deadline: October 31, 2008 at 4:00 p.m.

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Gerard Uzzi (GU 2297)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Thomas E Lauria (Admission *Pro Hac Vice* Pending)

ATTORNEYS FOR
DNB NOR BANK ASA

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                                 :
**In re**                                                        :   **Chapter 11 Case No.**
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                     :   **08-13555 (JMP)**
                                                                 :
             **Debtors.**                                        :   **Jointly Administered**
                                                                 :
-----------------------------------------------------------------x

**MOTION OF DNB NOR BANK ASA FOR ENTRY OF (I) AN ORDER
PURSUANT TO 11 U.S.C. § 362(d) AND FED. R. BANKR. P. 4001 GRANTING
RELIEF FROM THE AUTOMATIC STAY TO EFFECT SETOFF OR, IN THE
ALTERNATIVE, (II) AN ORDER PURSUANT 11 U.S.C. §§ 361 AND 506(a)
<u>REQUIRING THE DEBTORS TO PROVIDE ADEQUATE PROTECTION</u>**

TO:   THE HONORABLE JUDGE JAMES M. PECK,
      UNITED STATES BANKRUPTCY JUDGE:

DnB Nor Bank ASA ("DnB") files this motion (the "Motion") for entry of (I) an

order pursuant to section 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101, <u>et</u> <u>seq.</u>

(the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") granting relief from the automatic stay to effect setoff or, in the

alternative, (II) an order pursuant to sections 361 and 506(a) of the Bankruptcy Code requiring Lehman Brothers Holdings Inc. ("LBHI") to provide DnB with adequate protection. In support of the Motion, DnB respectfully represents as follows:

## PRELIMINARY STATEMENT

1. LBHI maintains a deposit account at DnB that, absent the automatic stay in LBHI's chapter 11 case, DnB would be entitled to offset against amounts owed by LBHI to DnB under a credit agreement. Upon learning of the commencement of LBHI's chapter 11 case, DnB imposed an administrative freeze on the deposit account in order to preserve its right of setoff. Applicable case law suggests that a lender in DnB's position must promptly seek relief from the automatic stay to effect its setoff and demand, in the alternative, adequate protection. By this motion, DnB seeks such relief.

## FACTUAL BACKGROUND

2. On September 15, 2008 (the "Commencement Date"), LBHI commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. On September 16, 2008, LB 745 LLC (collectively with LBHI, the "Debtors") commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Prior to the Commencement Date, DnB, as lender, and LBHI, as borrower, entered into a $25,000,000 Revolving Credit Facility dated March 1, 2008 (the "Credit Agreement", a true and correct copy of which is attached hereto as Exhibit A). As of the Commencement Date, the amount of all obligations under the Credit Agreement was $25,071,256.94 (the "Obligations").

4.  Prior to the Commencement Date, LBHI established and maintained deposit account number 7966.02.01268 at DnB (the "Account"). As of the Commencement Date, the balance in the Account was 106,178,587.92 Norwegian kroners (approximately $18,538,059.21 United States dollars).

5.  As a consequence of the commencement by LBHI of its case under chapter 11 of the Bankruptcy Code, the Obligations became fully due and payable.

6.  Under applicable non-bankruptcy law, DnB is entitled to offset the amounts held in the Account against the Obligations. Although currently stayed under section 362(a)(7) of the Bankruptcy Code, which arose upon LBHI's chapter 11 filing, DnB's right of offset is preserved under section 553 of the Bankruptcy Code. Moreover, this offset right is considered a secured claim under section 506 of the Bankruptcy Code (the "Secured Claim"), and funds contained in the Account constitute cash collateral securing DnB's Secured Claim (the "Cash Collateral"). Thus, because the Obligations exceed the value of the funds in the Account, DnB's Secured Claim is equal to the Cash Collateral. Further, DnB also has an unsecured claim against LBHI under the Credit Agreement equal to (i) the Obligations less (ii) the value of the Cash Collateral.

7.  To preserve the status quo and to protect DnB's claims against LBHI under the Credit Agreement (including the Secured Claim and its interest in the Cash Collateral), DnB, through its counsel, notified LBHI by letter dated September 17, 2008 (the "Letter")[1] that (i) all amounts owed under the Credit Agreement are now fully due and payable and (ii) DnB has imposed an administrative freeze on the Account and will not permit LBHI to withdraw any amounts therefrom. Additionally, recognizing the complexity of the LBHI's chapter 11 case and the various issues requiring the immediate attention of the Debtors and their advisors, DnB

---

[1]  A copy of the Letter is attached hereto as Exhibit "B".

proposed that, in lieu of filing this Motion, the parties enter into a stipulated order permitting DnB to effectuate the offset against the Account and otherwise reserving the parties' rights. DnB requested that LBHI accept its proposal no later than 5:00 p.m. Eastern Time on Wednesday, September 24, 2008.

8.  As of the filing of this Motion, the Debtors have not responded in any way to the Letter.

## JURISDICTION AND VENUE

9.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RELIEF REQUESTED

10.  In accordance with section 362(d) of the Bankruptcy Code and Bankruptcy Rule 4001, DnB seeks an order from this Court lifting the automatic stay to permit DnB to exercise its right to offset its claims against the funds contained in the Account. Alternatively, in the event that the Court determines not to modify the automatic stay, DnB seeks adequate protection of its interest in the Cash Collateral pursuant to sections 361 and 506(a)(1) of the Bankruptcy Code.

## BASIS FOR RELIEF

**I.  DnB Is Entitled To Relief From The Automatic Stay.**

11.  DnB is entitled to an order granting relief from the automatic stay so that it can exercise its right of offset under section 362(d) of the Bankruptcy Code. Specifically, section 362(d) provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling,

>   modifying, or conditioning such stay—
>
>   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
>   (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
>   (A)  the debtor does not have an equity in such property; and
>
>   (B)  such property is not necessary to an effective reorganization . . . .

11 U.S.C. § 362(d)(2) (emphasis added). Here, DnB is entitled to relief from stay (i) for lack of adequate protection of its Secured Claim and interest in the Cash Collateral and (ii) because LBHI has no equity interest in the Cash Collateral and because such funds are not necessary for an effective reorganization.

12. DnB is entitled to an order lifting the automatic stay under section 362(d)(1) because its valid, non-bankruptcy offset rights constitute "cause" for such relief. Pursuant to section 506(a) of the Bankruptcy Code, a valid right of offset preserved under section 553 constitutes a secured claim. As such, a party possessing a right to offset possesses an interest in property for which such party is entitled to adequate protection under section 361 of the Bankruptcy Code.

13. Although within the discretion of the bankruptcy court, the Second Circuit has found that a creditor generally should be permitted to exercise its valid offset rights absent "compelling circumstances." Official Committee of Unsecured Creditors v. Manufacturers & Traders Trust Co. (In re Bennett Funding Group, Inc.), 146 B.R. 136, 139 (2d Cir. 1998) (citing Bohack Corp. v. Borden, Inc. (In re Bohack Corp.), 599 F.2d 1160, 1165 (2d Cir. 1979)). Thus, absent compelling circumstances, once a party establishes a right to offset, such party also demonstrates "cause" for lifting the automatic stay. In re Alibrandi, No. 87-00384, 1990 Bankr.

LEXIS 1002, at *8 (Bankr N.D.N.Y. Apr. 25, 1990). In other jurisdictions the demonstration of a right of offset has been found to be "a prima facie showing of 'cause' for relief from stay." See, e.g., United States v. Orlinski (In re Orlinski), 140 B.R. 600, 603 (Bankr. S.D. Ga. 1991). Here, DnB has demonstrated that it possesses a right of offset, and thus, DnB has also established that "cause" exists for granting the relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code.

14. Additionally, DnB is entitled to relief from stay under Bankruptcy Code section 362(d)(2) because LBHI lacks equity in the Cash Collateral and such funds are unnecessary for the Debtors' reorganization cases. As an initial matter, DnB easily satisfies its burden of demonstrating that LBHI's lack of equity in the Cash Collateral. See In re Kaplan Ash, LLC, 264 B.R. 309, 321-22 (Bankr. S.D.N.Y. 2001) (noting that under section 362(g)(1), the movant bears the burden of showing the debtor's lack of equity). The term "equity" as used in section 362(d) means the difference between the value of the property (in this case, the Cash Collateral) and the total amount of the claim it secures (here, DnB's claims under the Credit Agreement). Kaplan Ash, 264 B.R. at 322. As explained above and as indicated in Exhibits A and B, DnB's claims against LBHI under the Credit Agreement exceed the value of the Cash Collateral held in the Account. Accordingly, upon information and belief, LBHI lacks any equity in the Cash Collateral.

15. Furthermore, the LBHI has the burden of establishing that the Cash Collateral is necessary for an "effective reorganization" of its estate. See 11 U.S.C. § 362(g)(2) (the party opposing a motion for relief from stay has the burden of proof with respect to all issues except on the issue of the debtor's equity in property). Indeed, as the Second Circuit has noted,

> [t]o demonstrate "necessity," [the debtor] had to show that "the property is essential for an effective reorganization that is in prospect" and that there is a "reasonable possibility of a successful reorganization within a reasonable time."

Pegasus Agency, Inc. v. Grammatikakis (In re Pegasus Agency, Inc.), 101 F.3d 882, 886 (2d Cir. 1996) (citing United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 376 (1988)); see also One Times Square Associates Limited Partnership v. Banque Nationale de Paris (In re One Times Square Associates Limited Partnership), 165 B.R. 773, 775 (S.D.N.Y. 1994). Here, although not insubstantial, the amount that DnB seeks to offset is relatively small given the magnitude of the Debtors' chapter 11 cases and their overall cash resources. As such, DnB respectfully submits that LBHI cannot satisfy its burden of demonstrating that the Cash Collateral is necessary to its reorganization. Accordingly, DnB is also entitled to relief from the automatic stay under section 362(d)(2) of the Bankruptcy Code.

**II.    Alternatively, The Debtors Must Provide
DnB With Adequate Protection Of Its
Interests In the Cash Collateral.**

16.    In the event the Court does not lift the stay to allow DnB to exercise its valid offset rights, DnB, at a minimum, is entitled to adequate protection of its Secured Claim against LBHI and its interests in the Cash Collateral. As noted above, section 506(a) deems a valid claim subject to offset as a secured claim to the extent of the amount of the claim that is subject to the offset. See 11 U.S.C. § 506(a). The Debtors, however, have not provided DnB with adequate protection of its Secured Claim or its interest in the Cash Collateral. If DnB were to lift its administrative freeze on the account, LBHI potentially could remove the Cash Collateral from the Account.

17.    Moreover, absent adequate protection, DnB will be exposed to the risk created by the fluctuations in the currency exchange rates. Although LBHI's Obligations under the Credit Agreement are denominated in United States dollars, the funds held in the Account (i.e., DnB's Cash Collateral) are denominated in Norwegian kroners. Accordingly, if the value of the kroner depreciates vis-à-vis the dollar, DnB's right to setoff and the value of its Secured

Claim automatically will be reduced. Indeed, because of currency fluctuations, the value of the funds held in the Account in United States dollars has decreased by over $4,500 since the Commencement Date (the value of the Account has decreased from $18,538,059.21 as of September 15, 2008 to $18,533,529.05 as of today, September 29, 2008). Therefore, the Court should order LBHI to provide DnB with adequate protection of its Secured Claim and interest in the Cash Collateral in accordance with Section 361 of the Bankruptcy Code.

18. Section 361 of the Bankruptcy Code provides alternative mechanisms through which the value of DnB's interest in the Cash Collateral may be adequately protected, including cash payments, additional or replacement liens, or realization of the indubitable equivalent of the secured party's interest in property. To protect the Secured Claim and its interest in the Cash Collateral in the event the stay is not lifted, DnB respectfully requests that the Court order LBHI to provide adequate protection to DnB by means of one of the above methods, as determined by this Court at the hearing with respect to this Motion.

## NOTICE

19. Notice of this Motion will be provided by counsel to DnB to (i) counsel to the Debtors, (ii) the Office of the United States Trustee for the Southern District of New York, (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel to the Debtors' postpetition lenders, and (v) all other parties requesting notice under Bankruptcy Rule 2002. In light of the nature of the relief requested herein, DnB submits that no other or further notice need be given and that the notice provided by DnB is sufficient.

20. Under this Court's Order Pursuant to Section 105(a) of the Bankruptcy and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures dated September 22, 2008, the next appropriate Omnibus Hearing Date on which the

Motion could be noticed is November 5, 2008.[2] Under section 362(e) of the Bankruptcy Code, however, the automatic stay would terminate with respect to DnB thirty (30) days after its request for relief from stay made in this Motion—several days before November 5th. Accordingly, prior to filing the Motion, DnB raised this issue with the Debtors, explaining that, because of section 362(e), DnB would be forced to seek an earlier hearing date or request relief on an emergency basis from the Court. Following these discussions and relying on the assurances made by the Debtors, however, DnB agreed to accommodate the existing schedule of the Court and the Debtors by setting the Motion for hearing on and continuing the automatic stay through November 5th, provided that doing so would not prejudice the rights of DnB in any way.

21. No previous request for the relief sought herein has been made by DnB to this or any other Court.

---

[2] Specifically, the order provides that all motions seeking relief from stay "shall be noticed for consideration on the Omnibus Hearing Date that is at least twenty (20) days after the motion is filed and notice thereof is served upon the Debtors." The next Omnibus Hearing Date scheduled in these chapter 11 proceedings that is more than 20 days from when this Motion is filed is November 5.

WHEREFORE, DnB respectfully requests that the Court enter an order (i) granting the Motion, (ii) lifting the stay and permitting DnB to exercise its right of offset against the Cash Collateral or, in the alternative, requiring the Debtors to provide DnB with adequate protection of its interest in the Cash Collateral, and (iii) providing such further relief as the Court deems appropriate.

Dated: New York, New York
September 30, 2008

WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 11036-2787
(212) 819-8200

By: /s/ Gerard Uzzi

Gerard Uzzi (GU 2297)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Thomas E Lauria (Admission *Pro Hac Vice* Pending)

ATTORNEYS FOR
DNB NOR BANK ASA