Robert M. Hirsh, Esq.
George P. Angelich, Esq.
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Counsel for The Vanguard Group, Inc.

**Hearing Date and Time: November 5, 2008 at 10:00 a.m.**
**Objection Deadline: October 31, 2008 at 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

LEHMAN BROTHERS HOLDINGS, INC.,
*et al.*,

                Debtors.
-----------------------------------------------------------x

SECURITIES INVESTOR PROTECTION
CORPORATION
                Creditor,

      v.

LEHMAN BROTHERS, INC.

                Defendant.
-----------------------------------------------------------x

Case No. 08-13555 (JMP)

Jointly Administered

Adv. Pro. No. 08-01420 (JMP)

**MOTION OF THE VANGUARD GROUP, INC. FOR CLARIFICATION
AND RECONSIDERATION PURSUANT TO FED. R. CIV. P. 59(e), 60(b),
SECTION 105(a) OF THE BANKRUPTCY CODE, AND S.D.N.Y. L.B.R. 9023-1(A) OF
THE ORDER APPROVING SALE OF ASSETS TO BARCLAYS CAPITAL INC.,
TO CLARIFY AND MODIFY SO MUCH OF THAT ORDER AS MAY HAVE
<u>APPROVED THE TRANSFER OF SALE PROCEEDS TO LW-LLP INC.</u>**

TO:    THE HONORABLE JAMES M. PECK
        UNITED STATES BANKRUPTCY JUDGE

      The Vanguard Group, Inc., ("Vanguard"), a creditor in these proceedings, by and through

its counsel Arent Fox LLP, respectfully submits this motion for clarification and reconsideration

(the "Motion") pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)"), made applicable hereto by Fed.

NYC/403824.2

R. Bankr. P. 9023 ("Bankruptcy Rule 9023"); Fed. R. Civ. P. 60(b) ("Rule 60(b)"), made applicable hereto by Fed. R. Bankr. P. 9024 ("Bankruptcy Rule 9024"); Section 105(a) of the Bankruptcy Code; and S.D.N.Y. L.B.R. 9023-1(a) ("L.B.R. 9023-1(a)") clarifying, amending or modifying the Sale Order entered on September 20, 2008 (D.I. 258) on the limited issue of whether the Sale Order authorized the repayment of a $500,000,000 promissory note in favor of LW-LLP Inc. In support thereof, Vanguard respectfully represents as follows:

### PRELIMINARY STATEMENT

1. This Motion seeks limited relief. Vanguard respectfully requests clarification or modification of the Sale Order to the extent the Debtors may have transferred $500,000,000 of sale proceeds to a non-debtor affiliate in contravention to the representation of Debtors' counsel that the payment obligation to the non-debtor affiliate had already been extinguished by the time of the sale hearing.[1]

### BACKGROUND

2. On September 20, 2008, Lehman Brothers Holdings Inc. ("LBHI"), Lehman Brothers, Inc. ("LBI"), and LB 745 LLC ("LB 745"), obtained Bankruptcy Court approval to sell assets to Barclays Capital Inc. ("Barclays") for a cash payment of $1,540,000,000. Due to the exigencies of the sale process, several key terms were still being revised immediately before the September 19 sale hearing ("Sale Hearing"). Debtors' counsel announced the revised sale terms, on the record, to the Bankruptcy Court at the outset of the Sale Hearing.

3. One of the key changes to the sale terms involved the deletion of Section 10.2(d) of the Asset Purchase Agreement (attached as Exhibit A). Section 10.2(d) stated that as a

---

[1] Counsel for Vanguard made several efforts to contact Debtors' counsel about this matter. But due, in part, to the religious holiday no responses could be obtained prior to the expiration of the 10-day filing deadline under Rule 59(e). We welcome the opportunity to meet and confer with Debtors' counsel regarding the use of the sale proceeds and hopefully resolve this issue without judicial intervention.

NYC/403824.2 - 2 -

condition to closing "the mortgage in favor of the Seller's Affiliate with respect to the premises at 745 Seventh Avenue, New York, New York shall have been fully repaid and extinguished".

4. In explaining the deletion, Debtors' counsel stated that "as it turned out, Your Honor, there is no mortgage on that property. So we deleted that reference". (Transcript of September 19, 2008 Hearing ("Hrg. Tr."), 54:13-15; attached as Exhibit B).

5. The Court raised a concern regarding the proposed payment to a non-debtor affiliate. In response, Debtors' counsel explained that the deletion would not impact the estate's realization of value because the $500,000,000 promissory note on the 745 building had been "already" extinguished and that the full purchase price to be paid for the 745 building would be "transferred up to the holding company" level. (Hrg. Tr. 55:4-8).

6. The response by Debtors' counsel – that funds would not be paid to a non-debtor affiliate and the full purchase price would go up to the holding company – addressed the Court's concerns regarding this issue. (Hrg. Tr. 55:9).

7. But three days later, on September 22, 2008, the final sale documents were made available to the public. (D.I. 280).[2] In contrast to the statements of Debtors' counsel at the Sale Hearing, the Clarification Letter explains that "the $500,000,000 promissory note made by 745 in favor of LW-LLP Inc. *will be* fully repaid and extinguished" (emphasis added) (Clarification Letter at ¶18; attached as Exhibit C). The Clarification Letter was finalized and docketed days after the Bankruptcy Court approved the terms of the sale.

8. Based upon a review of the final sale terms, specifically paragraph 18 of the Clarification Letter, Vanguard respectfully submits that it is now unclear whether the Debtors used $500,000,000 of sale proceeds to repay LW-LLP Inc., a non-debtor Lehman affiliate. If the

---

[2] There are three (3) operative documents that control the sale terms: (i) Asset Purchase Agreement; (ii) First Amendment to Asset Purchase Agreement; and (iii) Clarification Letter from Barclays.

Debtors have in fact transferred $500,000,000 to LW-LLP Inc., such a transfer would contradict the record of the Sale Hearing. (Hrg. Tr. 55:4-8). Moreover, the payment of an inter-company claim without any proof or information about the validity of the claim and the corresponding denial of any party-in-interest to examine the validity of the inter-company claim has a significant potential to result in loss of value to the estate and harm to creditors. Use of sale proceeds in this manner, would have the same effect as a *sub rosa* plan.

9. To address this apparent conflict between the Clarification Letter and the record of the Sale Hearing, Vanguard respectfully requests that the Debtors disclose and explain whether any such transfers to LW-LLP Inc., have in fact occurred.

10. In the event sale proceeds have been transferred to LW-LLP Inc. in accordance with the Clarification Letter, Vanguard respectfully requests that the Sale Order be clarified and amended to direct (i) the immediate return of those funds to the estate from LW-LLP Inc., or any other non-debtor affiliate; and (ii) that sale proceeds are not to be transferred to LW-LLP Inc., or any other non-debtor affiliate, without further application to this Court.

11. For the reasons set forth above and herein, Vanguard seeks entry of an order clarifying, amending or modifying the Sale Order.

## RELIEF REQUESTED

### I. THE SALE ORDER SHOULD BE MODIFIED, AMENDED OR VACATED UNDER RULE 60(b)

12. Rule 60(b), which is made applicable to bankruptcy cases by Bankruptcy Rule 9024 with three exceptions not relevant here, governs requests for relief from judgments or orders in a bankruptcy court. Rule 60(b) provides, in relevant part:

> **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following

> reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

13. A motion for relief from an order or judgment is within the broad discretion of the court. *See In re AMC Realty Corp.*, 270 B.R. 132, 143 (Bankr. S.D.N.Y. 2001) *citing Nemaizer v. Baker*, 793 F.2d 58, 61-61 (2d Cir. 1986). In exercising this discretion, courts should balance the policy in favor of serving the ends of justice against the policy in favor of finality. *AMC Realty Corp.*, 270 B.R. at 143; *see Paddington Partners v. Bouchard*, 34 F.3d 1132, 1144 (2d Cir. 1994).

14. As more fully set forth below, under the circumstances, the possible transfer of $500,000,000 to a non-debtor affiliate warrants relief pursuant to Rule 60(b)(1), (3) or (6).

**A. Grounds Exist Under Rule 60(b)(1) for the Court to Grant Relief from the Sale Order**

15. As stated above, Rule 60(b)(1) states, in pertinent part, that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for: (1) mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1). This rule is to be liberally construed so that doubtful cases may be resolved on the merits. *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

16. The Sale Order should be clarified, amended or modified on the basis of mistake, inadvertence and surprise. Vanguard asserts that there is a conflict between the statements of counsel on the record of the Sale Hearing (Hrg. Tr. 55:4-8) and the terms included in the Clarification Letter (¶ 18). Debtors' counsel should be required to explain the final disposition of the promissory note in favor of LW-LLP Inc. and whether sale proceeds were used to repay and extinguish the promissory note.

17. In the event that the sale terms changed after the Sale Hearing, this Court never authorized those changes and any transfer of estate funds should be immediately reversed.

**B. Relief From the Sale Order is Warranted Under Section Rule 60(b)(3)**

18. Even if relief from the Sale Order is not warranted under Rule 60(b)(1), which it is, grounds exist under Rule 60(b)(3) to vacate the Sale Order. As stated above, under Rule 60(b)(3), "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . ." Fed. R. Civ. P. 60(b)(3). Under this Rule, both intentional and unintentional misrepresentations and failures to disclose provide for a sufficient basis for relief. *See DiPirro v. United States*, 189 F.R.D. 60, 65 (W.D.N.Y. 1999); *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995). The court must then consider the evidence by balancing "the competing policy interests of the finality of judgment against fundamental fairness in light of all of the facts." *Lonsdorf*, 47 F.3d at 897 (citations omitted); *DiPirro*, 189 F.R.D. at 66.

19. As Rule 60(b)(3) is intended to protect the fairness of these proceedings and is aimed towards orders and judgments that were unfairly obtained, clarification, amendment or modification of the Sale Order is warranted under Rule 60(b)(3). *See Lonsford*, 47 F.3d at 898 (stating that Rule 60(b)(3) protects fairness and integrity of the litigation process).

20. The record of the proceedings reveal: (i) the Debtors represented and agreed that the full purchase price would be transferred to LBHI; (ii) the proposed sale was approved; and (ii) three days later, the parties disclosed that the $500,000,000 note in favor LW-LLP Inc. would be fully repaid and extinguished. Based on this record, it is unclear, at best, whether the full purchase price was paid to LBHI.

21. For these reasons, Vanguard respectfully submits that as a result of the Debtors' apparent misrepresentations: (i) Vanguard was denied a fair opportunity to examine the use of the sale proceeds; and (ii) either the Debtors failed to accurately disclose to the Court the use of the sale proceeds or such use changed in a material way which was not adequately disclosed or authorized by this Court.

C. **Relief From the Sale Order is Warranted Under Section Rule 60(b)(6)**

22. Even if relief from the Sale Order were not warranted under Rule 60(b)(1) and Rule 60(b)(3), which it is, additional grounds exist under Rule 60(b)(6) for such relief.

23. The principal purpose of Rule 60(b)(6) is to cover unforeseen circumstances, such as those present here. Pursuant to Rule 60(b)(6), a court has the authority to grant relief from a judgment or order, whenever, after considering all the relevant circumstances, such an action is deemed appropriate in the furtherance of justice. *See Klapprott v. United States*, 335 U.S. 601, 614, 615, 93 L.Ed. 266, 69 S. Ct. 384 (1949). As the Court declared in *AMC Realty Corp.*, the underlying purpose of Rule 60(b)(6) is "to do justice in a particular case when relief is not warranted by the preceding clauses." 270 B.R. at 143.

24. Clause (6) of Rule 60(b) is properly invoked where "there are extraordinary circumstances justifying relief, ... when the judgment may work an extreme and undue hardship, ... *and* when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Id*. (emphasis in original) (*citing Nemaizer*, 793 F.2d at 63). The Second Circuit has stated that one

or the other of the first two prongs had to be shown, without requiring that both of them be satisfied. *See PRC Harris, Inc.*, 700 F.2d 894, 897 (2d Cir. 1983), *cert. denied*, 464 U.S. 936, 104 S. Ct. 344, 78 L.Ed.2d 311 (1983). In two other cases, the Second Circuit merely identified the need for a showing of extraordinary circumstances.

25. Applying these common standards to the present proceedings, it is clear that the presence of both exceptional circumstances and undue hardship justifies the invocation of Rule 60(b)(6) to grant the requested relief.

26. The essence of the Debtors' sale was to provide value to the estate. At this point however, the Clarification Letter gives rise to serious questions about whether LBHI realized all of the sale proceeds as had been represented in Court.

27. As a result of the Debtors' apparent inaccurate representation, the actual value realized by the estate may have been much less than represented.

28. Such inequitable conduct is precisely the type of conduct that this Court, a court of equity, may consider in its application of Rule 60(b). *See Whitaker v. Associated Credit Svces., Inc.*, 946 F.2d 1222, 1224 (6th Cir. 1991) ("under Rule 60(b), this court may consider applicable principals of equity"); *Di Vito v. Fidelity & Deposit Co.*, 361 F.2d 936, 939 ("Rule 60(b) is equitable in character and to be administered upon equitable principals").

29. Based on the Clarification Letter, Vanguard believes extraordinary events may have occurred since the entry of the Sale Order which would render enforcement of the Sale Order, in its current form, inequitable. *See Cashner*, 98 F.3d at 578 (recognizing that at times extraordinary circumstances exist when, events not contemplated by the moving party rendering enforcement of the judgment or order inequitable). Against this factual background, Rule 60(b) should be liberally construed so that the interests of justice are served. The Debtors should

account for the status of the promissory note and whether it was repaid with sale proceeds. If sale proceeds were used, LW-LLP Inc. should be required to immediately return those funds.

## II. RELIEF FROM THE SALE ORDER IS WARRANTED UNDER SECTION 105 OF THE BANKRUPTCY CODE

30. This Court has the authority under Section 105(a) of the Bankruptcy Code to modify its own order, including the Sale Order, to afford the parties in these proceedings substantial justice. *See, e.g., In re Rideout*, 86 B.R. 523, 530 (Bankr. N.D. Ohio 1988) (bankruptcy court may use its inherent power to correct its own mistakes under Section 105(a)); *In re Riso*, 48 B.R. 244, 247 (Bankr. D. N.H. 1985) ("the equitable powers of the bankruptcy court can be used to fill a gap in an unusual procedural situation without doing violence to specific provisions of the bankruptcy laws"), *aff'd.*, 57 B.R. 789 (D.N.H. 1986). Moreover, this Court possesses inherent equitable power to set aside an order that contravenes the Bankruptcy Code where the parties can be restored to the positions they occupied before they entered into such order. *In re American Resources Mgmt. Corp.*, 51 B.R. 713, 717 n.7 (Bankr. D. Utah 1985).

31. Accordingly, pursuant to Section 105(a) of the Bankruptcy Code, the Sale Order can and should be clarified, amended or modified. Debtors' counsel represented to this Court that the full purchase price would be transferred up to LBHI. That representation formed a critical component of the transaction as approved by this Court. In the event funds have been used in a manner inconsistent from what was represented on the record, it is essential that this Court be allowed an opportunity to re-examine the use of sale proceeds and give consideration to any remedy that can be imposed to correct the matter, including but not limited to ordering the return of funds to the estate.

### III. ALTERNATIVELY VANGUARD REQUESTS REARGUMENT

32. Motions for reargument or reconsideration are governed by Local Bankruptcy Rule 9023-1(a), which states:

> A motion for reargument of a court order determining a motion shall be served within 10 days after the entry of the Court's Order determining the original motion, or in the case of a court order resulting in a judgment, within 10 days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be reargued orally.[3]

S.D.N.Y. U.S.B.C. L.B.R. 9023-1(a).

33. To be entitled to reargument, the moving party, must demonstrate that "the court overlooked controlling decisions or factual matters that might . . . have influenced its earlier decision." *Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.),* 290 B.R. 55, 61 (Bankr. S.D.N.Y. 2003) (Bernstein, C.J.) (internal quotations omitted). Alternatively, moving party must demonstrate the need to correct a clear error or prevent a manifest injustice. *Randall's Island Family Golf Ctrs.*, 290 B.R. at 61 (quoting *Griffin Indus. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y 1999).

34. Similarly, under Federal Rule of Civil Procedure 59, the movant must show that (1) the court has made a manifest error of law, (2) the court has made a manifest error of fact, or (3) there exists newly discovered evidence.

---

[3] Local Bankruptcy Rule 9023-1(a) is derived from Civil Rule 3 of the United States District Court for the Southern District of New York. *See* S.D.N.Y. U.S.B.C. L.B.R. 9023-1, cmt. Under those rules, the standards governing motions for reargument are identical to those standards applicable to motions to alter or amend judgments pursuant to Federal Rule of Civil Procedure 59(e). *See Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.)*, 290 B.R. 55, 61 n.4 (Bankr. S.D.N.Y. 2003).

35. Vanguard hereby requests, for all of the above stated reasons, reargument or reconsideration of the Sale Motion under L.B.R. 9023-1(a) and Rule 59(e). The Debtors either (i) incorrectly disclosed the use of $500,000,000 of the sale proceeds, or (ii) the intended use of the sale proceeds changed after the Sale Order was entered.

36. If $500,000,000 of sale proceeds have in fact been transferred to a non-debtor affiliate, that fact must be fully disclosed. Moreover, due to the absence of express authority to do so, any funds transferred to LW-LLP Inc. should be immediately returned to the estate for the benefit of allowed creditors and interests of the estate. There is an urgent need to clarify this issue to prevent a manifest injustice.

## CONCLUSION

37. Vanguard seeks clarification from the Debtors concerning the use of the sale proceeds. If it is disclosed that $500,000,000 of sale proceeds were used to pay the claims of a non-debtor affiliate, clarification or modification of the Sale Order is appropriate. This will not cause any prejudice to the Debtors since clarifying or modifying the Sale Order will merely ensure that the actual terms disclosed in Court and approved by this Court will be implemented, rather than other terms which were never presented or considered.

38. In contrast, the resulting harm and prejudice associated with allowing the use of sale proceeds to pay an affiliate claim is neither speculative nor remote. If the Debtors transferred $500,000,000 to an affiliate, they did so without this Court's express authority and have effectuated a *sub rosa* plan. The apparent contradiction in the record of the Sale Hearing has resulted in the deprivation of value to creditors of LBHI – the intended recipient of the "full purchase price". Furthermore, the payment of an inter-company claim without any proof or information about the validity of the claim will in effect deny other parties-in-interest the opportunity to examine the right of LW-LLP Inc. to receive those funds.

39. If $500,000,000 has been transferred to LW-LLP Inc. in accordance with paragraph 18 of the Clarification Letter, those funds should be immediately returned to the estate and held in escrow by LBHI or, in the alternative, LB 745. LW-LLP Inc. will not be prejudiced in any material way by returning the funds to the estate.

40. Based on the above, Vanguard respectfully submits there exists sufficient grounds for this Court to exercise its discretion to clarify, amend or modify the Sale Order.

WHEREFORE, for all the reasons set forth herein, Vanguard respectfully requests that this Court enter an order (i) clarifying the Sale Order to provide that LW-LLP Inc. is not entitled to receive sale proceeds until such time as its claim is allowed and a plan is approved; (ii) amending and modifying the Sale Order as described herein to order the immediate return of any funds distributed to LW-LLP Inc.; (iii) granting reargument of the Sale Motion; and/or (iv) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 30, 2008

ARENT FOX LLP
*Attorneys for Vanguard Group, Inc.*

By: */s/ Robert M. Hirsh*
Robert M. Hirsh, Esq.
George P. Angelich, Esq.
1675 Broadway
New York, NY 10019
(212) 484-3900