AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022-2524
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Michael S. Stamer (MS-4900)
Philip C. Dublin (PD-4919)
Sarah Link Schultz (admitted *pro hac vice*)
Meredith A. Lahaie (ML-1008)

*Counsel for the Informal Noteholder Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11 Case No.
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.* : Case No. 08-13555 (JMP)
                                              :
                            Debtors.          :    (Jointly Administered)
-------------------------------------------------------------x


**LIMITED OBJECTION OF THE INFORMAL NOTEHOLDER GROUP REGARDING
THE DEBTORS' MOTION PURSUANT TO SECTIONS 105, 365, AND 554(A)
OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE
ASSUMPTION AND ASSIGNMENT OR REJECTION OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES OF PERSONAL AND NON-RESIDENTIAL
REAL PROPERTY AND ABANDONMENT OF RELATED PERSONAL PROPERTY**


TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

The Informal Noteholder Group (the "Informal Noteholder Group"), consisting of certain

unaffiliated holders of senior and subordinated notes issued by Lehman Brothers Holdings Inc.

("LBHI" and, together with its debtor affiliates, the "Debtors"), by and through its undersigned

counsel, hereby files this limited objection (the "Limited Objection") regarding the Debtors'

Motion Pursuant to Sections 105, 365, and 554(a) of the Bankruptcy Code to Establish

Procedures for the Assumption and Assignment or Rejection of Executory Contracts and

Unexpired Leases of Personal and Non-residential Real Property and Abandonment of Related Personal Property (the "Motion"). In support of this Limited Objection, the Informal Noteholder Group respectfully represents as follows:[1]

## LIMITED OBJECTION

1. By the Motion, the Debtors seek the entry of an order approving procedures (the "Procedures") regarding: (i) the assumption and assignment of executory contracts and unexpired leases ("Purchased Contracts"); (ii) the rejection of executory contracts and unexpired leases ("Rejected Contracts"); (iii) the resolution of disputes as to the amount required to cure existing defaults for the Purchased Contracts; (iv) the form of notice to be served upon counterparties to the Purchased Contracts and the Rejected Contracts;[2] and (v) the abandonment of personal property. The Informal Noteholder Group does not dispute the need for uniform procedures to facilitate the transfer of certain assets of Lehman Brothers, Inc. ("LBI") to Barclays Capital Inc. ("Barclays") in connection with the recently closed sale (the "Sale") of the Debtors' U.S. and Canadian capital markets and investment banking business (and certain unspecified assets used in connection with these businesses) and the Debtors' world-wide headquarters. The Informal Noteholder Group submits, however, that certain provisions of the Procedures must be modified and/or clarified.

2. Specifically, the Court should require the following modifications and/or clarifications to the Procedures:

---

[1] All terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[2] On September 26, 2008, the James W. Giddens (the "SIPA Trustee"), trustee for the SIPA Liquidation of Lehman Brothers Inc. joined the Motion and filed a motion to adopt and incorporate the Procedures set forth in the Motion (the "Motion to Incorporate"). The Motion to Incorporate is also set for hearing on October 2, 2008 at 3:00 p.m. All objections set forth herein are also made with respect to the Motion to Incorporate.

3.  **Designation of Notice Parties.**  The proposed Procedures provide that, in addition to the non-debtor contracting party, certain designated parties - the Notice Parties[3] and the Objection Notice Parties[4] - are entitled to receive notices and/or objections filed in connection with the assumption and assignment or the rejection of executory contracts and unexpired leases. The Informal Noteholder Group requests that the Procedures be modified to include the Informal Noteholder Group as a Notice Party and an Objection Notice Party.

4.  **Identification of Transferred Contracts.**  In connection with the Sale, the Debtors have represented that only assets of the LBI estate are being transferred to Barclays.[5] The Motion, however, was filed by all of the Debtors and, accordingly, may also provide for the assumption and assignment of executory contracts and unexpired leases of Debtors other than LBI to Barclays in connection with the Sale. There has been a lack of clarity and transparency in these cases regarding the assets being transferred to Barclays under the Sale. This lack of transparency is highlighted by the Debtors and Barclays' recent joint request to file information related to the assets sold by the Debtors to Barclays under seal. The Informal Noteholder Group intends to object to this request. In the interim, however, to ensure that assets of the non-LBI estates are not transferred to Barclays, a representative of the Debtors must provide assurances that only contracts and leases of the LBI estate will be transferred to Barclays as part of the Sale.

---

[3] The Notice Parties are: (a) the non-Debtor party (and counsel if known); (b) counsel to the Creditors' Committee; (c) counsel to the Purchaser; (d) the U.S. Trustee; and (e) counsel to the SIPA Trustee. Notice Parties are entitled to receive notice of proposed assumption and assignments and proposed rejections.

[4] The Objection Notice Parties are: (a) counsel to the Debtors; (b) the U.S. Trustee; (c) counsel to the Purchaser; (d) counsel to the Creditors' Committee; and (e) counsel to the SIPA Trustee. Objection Notice Parties are entitled to receive copies of all objections to the assumption and assignment or rejection of executory contracts and unexpired leases of personal property.

[5] See, Debtors' Motion to Approve Sale Hr'g Tr. 19:8-10, Sept. 17, 2008 ("essentially, [the Sale] provides for a sale of the assets of the broker dealer, which I'll refer to, Your Honor, as LBI."); Debtors' Motion to Approve Sale Hr'g Tr. 107:4-13 (testimony Herbert H. McDade that the contracts being transferred to Purchaser are LBI contracts).

5. Based on the foregoing, the Informal Noteholder Group respectfully requests that the Court condition approval of the Motion on the incorporation of the above modifications into the Procedures and upon the Debtors' sworn representations regarding the Debtor counterparty to contracts and leases to be transferred to Barclays.

## CONCLUSION

For all of the foregoing reasons, the Informal Noteholder Group respectfully requests that the Court (i) deny approval of the Motion, absent the modification thereof as discussed herein, and (ii) grant the Informal Noteholder Group such other relief as is just, proper and equitable.

Dated:  New York, New York
        October 1, 2008

By:       Michael S. Stamer
Michael S. Stamer (MS-4900)
Philip C. Dublin (PD-4919)
Sarah Link Schultz (admitted *pro hac vice*)
Meredith A. Lahaie (ML-1008)
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, New York 10022-2524
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
mstamer@akingump.com
pdublin@akingump.com
sschultz@akingump.com
mlahaie@akingump.com

*Counsel for the Informal Noteholder Group*