REED SMITH LLP
Luma Al-Shibib, Esq. (LA-4179)
599 Lexington Avenue, 30th Floor
New York, New York 10022
(212) 521-5400
lalshibib@reedsmith.com

    and

Kurt F. Gwynne, Esq.
J. Cory Falgowski, Esq.
1201 N. Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500
kgwynne@reedsmith.com
jfalgowski@reedsmith.com

*Attorneys for IKON Office Solutions, Inc. and
GE Capital Information Technology Solutions,
d/b/a IKON Financial Services*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re:** : **Chapter 11**
:
**LEHMAN BROTHERS HOLDINGS, INC.,** *et al.* : **Case No. 08-13555 (JMP)**
:
    **Debtors.** :
:
:
---------------------------------------------------------------x

**OBJECTION OF IKON OFFICE SOLUTIONS, INC. AND GE CAPITAL
INFORMATION TECHNOLOGY SOLUTIONS, INC. D/B/A IKON FINANCIAL
SERVICES TO DEBTORS' MOTION PURSUANT TO SECTIONS 105, 365, AND 554(a)
OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE
ASSUMPTION AND ASSIGNMENT OR REJECTION OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES OF PERSONAL AND NON-RESIDENTIAL REAL
<u>PROPERTY AND ABANDONMENT OF RELATED PERSONAL PROPERTY</u>**

    IKON Office Solutions, Inc. ("<u>IKON</u>") and GE Capital Information Technology

Solutions, Inc. d/b/a IKON Financial Services ("<u>IFS</u>" and together with IKON, the

"<u>Lessors</u>"), by and through their counsel, object to the Debtors' Motion Pursuant To Sections

105, 365, And 554(a) Of The Bankruptcy Code To Establish Procedures For The Assumption And Assignment Or Rejection Of Executory Contracts And Unexpired Leases Of Personal And Non-Residential Real Property And Abandonment Of Related Personal Property (the "Motion") and state as follows:

## FACTUAL BACKGROUND

1. On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. (the "Debtor") filed for bankruptcy protection with the United States Bankruptcy Court for the Southern District of New York pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. Prior to the Petition Date, IFS entered into approximately 199 unexpired equipment leases and/or other executory contracts with Lehman Brothers entities for office equipment and other personal property as set forth in the individual leases (the "IFS Equipment"). Prior to the Petition Date, IKON entered into an additional 42 unexpired equipment leases and/or other executory contracts with Lehman Brothers entities for office equipment and other personal property as set forth in the individual leases (the "IKON Equipment", and collectively with the IFS Equipment, the "Equipment")

3. On September 26, 2008, the Debtors filed the Motion to establish procedures to govern assumption and rejection or executory contracts and unexpired leases. The Motion seeks entry of an order which provides, *inter alia*, that, upon rejection of a personal property lease

> [i]f the lessor does not retrieve its property by the end of the [10 day] Collection Period, the property shall be deemed abandoned without further order of this Court, free and clear of any interests, and the owner of the premises containing such property or its designee shall be free to dispose of same without liability to any party

See Proposed Order, p. 21, subparagraph i.

4.  Subparagraph h. of the proposed order also provides that the Debtors may abandon leased property and would purportedly enable the landlords of the premises where such leased property is located to "dispose of such abandoned property without liability to any third party claiming an interest in such abandoned property." See Proposed Order, p. 20-21, subparagraph h.

## OBJECTIONS

### The Debtors Cannot Eviscerate the Lessors' Ownership Interests by Abandoning the Estate's Leasehold Interests in the Equipment

5.  The language contained in subparagraphs h. and i. of the proposed order purports to eviscerate the Lessors' ownership rights in their Equipment through the Debtors' "abandonment" of the Equipment "free and clear of any interests." However, the Debtors cannot "abandon" ownership rights they do not have. As mere lessee, the Debtors cannot abandon the ownership rights in the Equipment, but only the lease rights that constitute property of the estate.

6.  Section 554(a) provides that the "trustee may abandon any *property of the estate* that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a) (emphasis added). Under the plain language of the statute, the Debtors may only abandon their leasehold interest (as opposed to the ownership interest in the Equipment). Section 554 provides absolutely no basis for the Debtors to eviscerate the Lessors' ownership interests by simply abandoning the estate's leasehold interests.[1]

---

[1] Even if the Equipment was property of the estate, the Debtors still could not "abandon" the property "free and clear of any interests." Section 554 includes no "free and clear" language and provides absolutely no basis for the extinguishment of rights of third parties in the property.

### The Bankruptcy Court Lacks Jurisdiction to Determine
### The Lessors' Rights Against Nondebtor Landlords

7. The Debtors' proposed procedures order, by way of the purported "free and clear" abandonment of property not even owned by the estate, attempts to release the nondebtor landlords of the premises where leased equipment is housed from any liability stemming from the landlords' disposition of that equipment. The Bankruptcy Court lacks jurisdiction to adjudicate the rights of third parties in the context of this procedures motion.

8. As held by the court in In re Howard Nat. Corp., 70 B.R. 278, 282 (N.D. Ill. 1987)

> The process of abandonment permitted by Code § 554 does not include a determination by the trustee or the court of the various competing interests in the property that is abandoned to the debtor. The effect of § 554 abandonment does not determine who has title to the property, or the validity of liens or interests in the property, nor may a court or trustee specify to whom the property is to be abandoned other than to the debtor. The only determination made by the trustee and the court in the § 554 abandonment process is that the property is (1) burdensome to the estate or (2) of inconsequential value.... The determination of competing claims to the abandoned property must be made by the state courts after abandonment, via adversary proceeding procedure under Bankruptcy Rule 7001 through motion procedure under Bankruptcy Rule 9014 for the recovery of property or under Bankruptcy Rule 7001(2) for determination of priority of liens.

Id. at 282.

9. Accordingly, in considering the Debtor's Motion to establish procedures for assumption and rejection of contract and abandonment of property of the estate, the Court is without jurisdiction to adjudicate the rights of third parties. Therefore, the Court is without jurisdiction to grant nonconsensual third party releases that pre-determine the Lessors' inchoate rights in deciding the Debtors' procedures Motion.

10. Furthermore, it is unlikely that the Court would have "related to" jurisdiction under 28 U.S.C. § 1334(b) over any claims that may arise in the future between the

Lessors and a nondebtor landlord.  As all interests of the Debtors in the Equipment would have been abandoned, those claims would have no "significant connection" with the Debtors bankruptcy.  "[A]ny controversy having 'only [a] speculative, indirect or incidental effect on the estate" is not 'related to' the bankruptcy action."  See 176-60 Union Turnpike, Inc. v. Howard Beach Fitness Center, Inc., 209 B.R. 307, 313 (S.D.N.Y. 1997) (citations omitted).  Accordingly, the Court should not overstep its jurisdictional bounds by pre-determining those claims now by granting the nonconsensual nondebtor releases requested by the Debtors in their Motion.

### Reservation of Rights

11.    The Lessors reserve their respective rights to assert further objections at the hearing, including objections regarding the unreasonably short "Collection Period" and the need for the Debtors to particularly identify the Equipment under rejected leases to allow for prompt pick-up by the Lessors.

### CONCLUSION

For the foregoing reasons, the Lessors respectfully request that this Court enter an Order (i) denying the Motion to the extent that it purports to allow nondebtor third parties to convert or dispose of the Lessors' property free and clear of any claims or interests, and (ii) granting such further relief to the Lessors as is appropriate.

Dated:  October 1, 2008
       New York, New York

REED SMITH LLP

By:  /s/ Luma Al-Shibib
Luma Al-Shibib, Esq. (LA-4179)
599 Lexington Avenue, 30th Floor
New York, New York 10022
(212) 521-5400
lalshibib@reedsmith.com

and

Kurt F. Gwynne, Esq.
J. Cory Falgowski, Esq.
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: kgwynne@reedsmith.com
jfalgowski@reedsmith.com

Counsel for *GE Capital Information Technology Solutions, Inc., d/b/a IKON Financial Services*