Christopher R. Belmonte (CB-2163)
Pamela A. Bosswick (PB-5307)
Abigail Snow (AS-2960)
SATTERLEE STEPHENS BURKE & BURKE LLP
Counsel for International Business Machines Corporation
230 Park Avenue
New York, New York 10169
(212) 818-9200

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEHMAN BROTHERS HOLDINGS INC., et al. | ) Case No. 08-13555 (JMP) |
| | ) |
| Debtor, | ) Jointly Administered |
| | ) |

## INTERNATIONAL BUSINESS MACHINES CORPORATION'S AMENDED OBJECTION TO CURE AMOUNTS FOR CLOSING DATE CONTRACTS

International Business Machines Corporation, on its own behalf and on behalf of its subsidiaries and affiliates (collectively "IBM"), hereby files its Amended Objection to Cure Amounts for Closing Date Contracts, and in support thereof states as follows:

### BACKGROUND

1.       On September 17, 2008, Lehman Brothers Holdings Inc. and LB 745 LLC (the "Debtors") filed the Debtor's Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets, dated September 17, 2008 (the "Sale Motion"). The Sale Motion provides, *inter alia,* for the Debtors to assume and assign hundreds and possibly thousands of executory contracts. The Debtors posted the list of assumed contracts to be considered for assumption and assignment, along with the corresponding cure amounts for such contracts (the "List"). The List identifies numerous contracts with IBM and proposes a total cure amount of $9,067,000.98.

748986_1

2.      On September 19, 2008, IBM filed International Business Machines Corporation's Statement and Limited Objection to Debtor's Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets [Docket No. 221] ( the "Original Objection"). A true copy of the Original Objection is annexed hereto as Exhibit A. In the Original Objection, IBM did not object to the proposed assumption and assignment of the IBM contracts but objected to its inability to identify from the List which of its many contracts with the Debtors the Debtors propose to assume and assign, resulting in its inability to quantify and verify the cure amounts listed for those contracts.

3.      On September 19, 2008, the Court entered an order (the "Order"), which, among other things, granted the Sale Motion. The Order authorized the Debtors and Lehman Brothers Inc. to assume and assign certain pre-petition executory contracts and unexpired leases on the closing date. Order, p. 16, ¶12. According to the Order, all counterparties to these contracts must file an objection to the proposed cure amounts (including as to the specific identity of such contracts) by October 3, 2008. Id.

4.      Since the filing of its Original Objection, IBM undertook the process of attempting to identify the contracts contained on the List, as well as the cure amounts associated with those contracts. To the best of its abilities, IBM has identified the relevant contracts between IBM and the Debtors (the "IBM Contracts").

5.      Accordingly, based on the limited information provided by the Debtors, it appears that the contract cure amounts for the combined IBM Contracts total approximately $9,336,800.39, which amount is in excess of the approximately $9,067,000.98 ascribed to them

748986_1

by the Debtors.[1]  In addition, invoices are in process and will continue to be rendered in the ordinary course for services being provided.  IBM will disclose to the Debtors and/or Barclay's, as the purchaser, the documentation supporting its calculated cure amounts which, due to their length, are not attached hereto.

6.    Given the clear discrepancy in cure amounts, IBM objects to the assumption and assignment of its closing date contracts contained on the List until such time as a resolution is reached concerning the proper cure amount.  Pursuant to 11 U.S.C. § 365, IBM is entitled to payment of $9,336,800.39 in order for the Debtors to assume and assign the relevant agreements to the purchaser.

## CONCLUSION

WHEREFORE, for the reasons stated above, to the extent they are properly identified, IBM objects to cure amounts proposed for its closing date contracts contained on the List and respectfully requests that the assumption and assignment of those contracts be denied until such time as the parties thereto reach a resolution as to the appropriate cure amounts,

---

[1] Given the extensive amount of work involved and the limited amount of time to do so, IBM expressly reserves the right to amend the cure amounts for the IBM Contracts, including identifying additional contracts between the parties and the cure amounts for those agreements.

3

748986_1

and that the Court grant such other and further relief as is just and proper.

Dated: New York, New York
      October 1, 2008

                                SATTERLEE STEPHENS BURKE & BURKE LLP
                                Counsel for International Business Machines
                                Corporation

By: _____

                                  Christopher R. Belmonte (CB-2163)
                                Pamela A. Bosswick (PB-5307)
                                Abigail Snow (AS-2960)
                         230 Park Avenue
                         New York, New York 10169
                         (212) 818-9200

4

748986_1

# EXHIBIT A

Christopher R. Belmonte (CB-2163)
Pamela A. Bosswick (PB-5307)
Abigail Snow (AS-2960)
SATTERLEE STEPHENS BURKE & BURKE LLP
Counsel for International Business Machines Corporation
230 Park Avenue
New York, New York 10169
(212) 818-9200

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| LEHMAN BROTHERS HOLDINGS INC., et al. | ) Case No. 08-13555 (JMP) |
| | ) |
| Debtor, | ) Jointly Administered |
| | ) |

### INTERNATIONAL BUSINESS MACHINES CORPORATION'S STATEMENT AND LIMITED OBJECTION TO DEBTORS' MOTION TO (A) SCHEDULE A SALE HEARING; (B) ESTABLISH SALES PROCEDURES; (C) APPROVE A BREAK-UP FEE; AND (D) APPROVE THE SALE OF THE PURCHASED ASSETS AND THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS RELATING TO THE PURCHASED ASSETS

International Business Machines Corporation, on its own behalf and on behalf of its subsidiaries and affiliates (collectively "IBM"), hereby files its statement and limited objection to the Debtor's Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets, dated September 17, 2008 (the "Sale Motion") and in support thereof states as follows:

### BACKGROUND

1.      On September 15 and 17, 2008, respectively, Lehman Brothers Holdings Inc. and LB 745 LLC (the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

747831_1

2.        On September 17, 2008, the Debtors filed the Sale Motion.  The Sale

Motion provides, *inter alia,* for the Debtors to assume and assign hundreds and possibly

thousands of executory contracts.  A list of the contracts was not included in the Sale Motion.

3.        On September 17, 2008, the Court entered an order (the "Order") setting

the sale hearing for September 19, 2008 at 4:00 p.m. (the "Sale Hearing"). The Order provides

for the Debtors to give notice of the Sale Hearing (the "Notice"). The Notice, approved by the

Order, provided that the Debtors will give the Court and the non-Debtor party to any contract the

Debtors propose to assume and assign "[a]t least one (1) day" notice of such assumption and

assignment and the proposed cure amount. Order at ¶12(b).  Upon information and belief, IBM

never received notice of assumption of any of its contracts with the Debtors.

4.        The Notice further provides that any objections to the proposed cure

amount "must state in its objection, with specificity, what Cure Amount is required with

appropriate documentation in support thereof [] no later than the Sale Hearing." Order at ¶12(c).

The Notice also states that, if no objection is timely received, "any Cure Amount identified

pursuant to the Assumption, Assignment and Cure Notice shall be controlling … and the non-

Debtor party … shall be deemed to have consented to the Cure Amount and shall be forever

barred from asserting any other claims related to such Closing Date Contract against the Debtors

or Purchaser, or the property of any of them." Id.

5.        The Debtors posted the list of assumed contracts in the middle of the

night/early morning of the Sale Hearing (the "List"). The List identifies numerous contracts with

IBM and proposes a total cure amount of $9,067,000.98.  IBM provided mainframe outsourcing

contracts and related services to the Debtors pre-petition and continues to do so post-petition.

747831_1

6.    However, based on the List, IBM is unable to identify which of its many contracts with the Debtors the Debtors propose to assume and assign and therefore cannot accurately quantify the cure amounts.

7.    IBM is in the process of identifying the contracts and believes, based on its review thus far, that the total contract cure amounts proposed by the Debtors are inadequate.

## OBJECTION

8.    While IBM does not object to the proposed assumption and assignment of the IBM Contracts, the Debtors must cure all outstanding amounts owed under each assumed and assigned IBM Contract in full prior to assuming and assigning such contract.

9.    Section 365(b)(1) of the Bankruptcy Code provides that if "there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee . . . cures, or provides adequate assurance that the trustee will promptly cure, such default. . . ." 11 U.S.C. § 365(b)(1)(A).  Accordingly, in order for the Debtors to assume and assign the IBM Contracts, the Debtors must pay the full and correct cure amounts.

10.   Further, IBM objects to the insufficient notice provided.  IBM has had less than twenty-four hours notice to review all of its multiple contracts with the Debtors and to determine the proper cure amount for each contract.

## CONCLUSION

WHEREFORE, for the reasons stated above, IBM objects to the relief requested in the Sale Motion to the extent set forth above and respectfully requests that it be denied, and that the Court grant such other and further relief as is just and proper.

Dated:New York, New York
      September 19, 2008

3

SATTERLEE STEPHENS BURKE & BURKE LLP
Counsel for International Business Machines
Corporation

By:   /s/ Christopher R. Belmonte
        Christopher R. Belmonte (CB-2163)
        Pamela A. Bosswick (PB-5307)
        Abigail Snow (AS-2960)
230 Park Avenue
New York, New York 10169
(212) 818-9200

4

## Service List
## By Overnight Mail

Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Weil, Gotshal & Manges
767 Fifth Avenue
New York, NY 10153-0119
Attorneys for Lehman Brothers Holdings, Inc.
and LB745 LLC

Jeffrey S. Margolin, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
Attorneys for the SIPC Trustee

Lindsee P. Granfield, Esq.
Lisa M. Schweitzer, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attorneys for Purchaser

748986_1