Ira M. Levee (IL 9958)
**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

and

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2480 (Telephone)
(973) 597-2841 (Facsimile)

*Attorneys for Factiva, Inc.,*
*Factiva Limited and Dow Jones & Company, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, Debtors. | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| | Objection Deadline: October 3, 2008 |

## OBJECTION TO CURE AMOUNTS AND RESERVATION OF RIGHTS

Factiva, Inc., as successor in interest to Dow Jones Reuters Business Interactive LLC, Factiva Limited, f/k/a Dow Jones Reuters Business Interactive Limited, and Dow Jones & Company (collectively, the "Objectors"), by and through their counsel, hereby submit this objection and reservation of rights (the "Objection") to the Notice of Assumption and Assignment of, and Amounts Necessary to Cure Defaults under Contracts and Leases to be Assumed and Assigned to Successful Purchaser, dated September 18, 2008 (the "Notice"), filed by the above-captioned debtors (the "Debtors"), to the extent the Notice relates to proposed cure

16539/11
10/02/2008 9944951.1

amounts under contracts between the Debtors and the Objectors, and respectfully state as follows:

## BACKGROUND

1. On September 15, 2008, and September 27, 2008, respectively (the "Petition Dates"), Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("LB 745" and, collectively with LBHI, the "Debtors") filed petitions for relief under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the Debtors filed a motion seeking, *inter alia*, an order (the "Sale Order") approving a sale (the "Sale") of certain assets related to Lehman Brokers, Inc. ("LBI") to Barclays Capital Inc. (the "Purchaser"), which assets included contracts to be assumed and assigned at the close of the Sale (the "Closing Date Contracts").

3. On September 18, 2008, the Debtors filed the Notice with this Court, which stated that the Debtors would disclose their lists of Closing Date Contracts, along with proposed cure amounts (the "Lists"), to their creditors by posting the Lists on the Internet at http://chapter11.epiqsystems.com/lehman (the "Website"). Included among these contracts were certain unidentified contracts stated as being with "Factiva," "Dow Jones & Co." and "Dow Jones & Co., Inc."

4. The Lists were categorized as IT Contracts, Non-IT Contracts and Real Estate Contracts.[1]

5. According to the Website, the Lists are subject to amendment up until the Closing Date of the sale. The Purchaser then has 60 days from the closing to determine which contracts will be assumed.[2]

---

[1] This Objection does not address the Real estate Contracts as the Objectors are not parties thereto.

6. On September 19, 2008, this Court entered the Sale Order, approving the assumption and assignment of the Closing Date Contracts. Counter parties were provided until October 3, 2008, to object to the proposed cure amounts to their respective contracts. The Objectors dispute the proposed cure amounts as incorrect and for failure to identify the contracts being assumed and assigned.

## ARGUMENT

7. Under 11 U.S.C. §§ 365(b)(1) and (f)(2), a debtor-in-possession which seeks to assume and assign an executory contract must (i) cure, or provide adequate assurance that it will promptly cure, any defaults in the executory contract, (ii) compensate the counterparty to the executory contract for any actual pecuniary loss to such party resulting from such defaults, and (iii) provide adequate assurance of future performance under such contract.

8. The Objectors acknowledge that the Court has already approved the assumption and assignment of certain contracts and leases as requested by the Debtors.

9. However, the Objectors object to the cure amounts proposed by the Debtors (and Barclays).

10. Prior to the Petition Date, the Objectors, individually, entered into several different contracts with the Debtors (as well as with certain other non-Debtor affiliated entities). Based upon the lack of information provided on the Lists, the Objectors cannot determine which of their contracts are being assumed and assigned to the Purchaser and to which any proposed cure amount is applicable.

11. Indeed, other than to identify a contract party as "Factiva," "Dow Jones & Co." or "Dow Jones & Co., Inc.," there is little or no information to identify the specific contract being assumed and assigned and for which a cure amount is proposed. Because the Debtors have

---

[2]  On October 1, 2008, the Purchaser filed a Notice of Revisions to Schedules of Certain Contracts and Leases to be Assumed and Assigned to Purchaser. The Objectors' Closing Date Contracts do not appear to be included in this Notice.

not sufficiently identified which Factiva Inc., Factiva Limited or Dow Jones & Company contracts are being assumed and assigned, the Objectors are unable to determine whether the proposed cure amounts are correct.

12. While "Dow Jones & Co." and "Dow Jones and Co., Inc." appear a total of six (6) times on the IT contract List, there is no means to identify the contract. The only information available on the IT Contract List is the following:

| Vendor | Debtor |
|---|---|
| Dow Jones & Co.<br>Attn: Jack Szluka<br>385 Madison Avenue<br>New York, NY 10017 | LBHI |
| Dow Jones & Co.<br>888 Worcester St., 3d Floor<br>Wellesley, MA 02482 | LBI |

For the remaining "Dow Jones & Co." and "Dow Jones & Co., Inc." contracts on the Lists, no information is provided.

13. The proposed cure amount set forth on the List for "Dow Jones & Co." is $0.00 and for "Dow Jones & Co., Inc." is $128,604.89. Whether or not these are intended to be aggregate amounts is not disclosed.

14. On the non-IT contract List, one "Factiva" contract is identified as follows:

| Vendor | Debtor |
|---|---|
| Factiva[3]<br>85 Fleet Street<br>London EC4P7AJ | LBI |

15. The proposed cure amount is $0.00.

---

[3] No further information is provided, but based upon the addition the Factiva entity is Factiva Limited.

-4-

16. As previously set forth, the Objectors object to the proposed cure amounts. Based upon the Objectors' respective books and records, the cure amounts are:

| | |
|---|---|
| Factiva, Inc. | $ 2,214.00 |
| Factiva Limited | $ 3,738.50 |
| Dow Jones & Co./Dow Jones &Co., Inc. | $341,395.00 |

In addition to the above, since the Petition Date and as of the date hereof, four (4) checks issued by the Debtors totaling $102,305.66 (payments are reflected in respective invoices) have been returned to the Objectors as "unpaid" by the Debtors. Copies of the respective supporting invoices, identifying the respective accounts, and other documents are annexed hereto as Exhibit A.

17. The Objectors reserve all of their rights to supplement and amend the Objection as additional information may become available. To the extent charges continue to accrue and/or other losses are sustained, including, but not limited to returned checks, with respect to the assumed and assigned contracts, Objectors further reserve their rights to amend and supplement their Objection to the proposed Cure Amounts in accordance therewith.

18. Pursuant to the Procedures (defined, *infra*, at ¶ 20), the Objectors will await contact by the Purchaser to discuss a resolution of the Objection.

### CONTACT INFORMATION

19. For purposes of resolving this Objection, the Objectors request that parties contact the following person:

> Ira M. Levee, Esq.
> Lowenstein Sandler PC
> 65 Livingston Ave.
> Roseland, NJ 07068
> 973.597.2400 (Telephone)
> 973.597.2481 (Facsimile)
> ilevee@lowenstein.com
>
> and

Mitchell G. Mackler, Esq.
Assistant General Counsel
Dow Jones & Co., Inc.
Factiva Inc.
4300 U.S. Route One
Monmouth Junction, NJ 08852
609.272.2265 (Telephone)
609.627.2860 (Facsimile)
Mitchell.g.mackler@dowjones.com

## NOTICE

20. No trustee or examiner has been appointed in these cases. In accordance with the Procedures for Resolving Cure Amounts for Closing Date Contracts, dated September 22, 2008 (the "Procedures"), notice of this Objection has been provided to: (i) counsel to the Debtors; (ii) counsel to the Securities Investors Protection Corporation Trustee; (iii) counsel to the Purchaser; and (iv) counsel to the Creditors' Committee.

## CONCLUSION

21. For the reasons set forth herein the Objectors respectfully (i) object to the proposed cure amounts set forth in the Notice and the Lists, (ii) request that this Court order payment of $449,653.16 to the Objectors to cure defaults under the Objectors' contracts; and (iii) request that this Court grant such other and further relief as the Court may deem just and proper.

Dated: October 3, 2008                              LOWENSTEIN SANDLER PC

                                                    By: /s/ Ira M. Levee
                                                         Ira M. Levee (IL9958)

                                                    1251 Avenue of the Americas - 18th Floor
                                                    New York, NY 10020
                                                    Tel.: 212.262.6700
                                                    Fax: 212.262.7402

                                                    65 Livingston Avenue
                                                    Roseland NJ 07068
                                                    Tel.: 973.597.2480
                                                    Fax: 973.597.2481

                                                    *Attorneys for Factiva, Inc., Factiva Limited and Dow Jones & Company, Inc.*