PATTERSON BELKNAP WEBB & TYLER LLP        Objection Deadline: October 3, 2008
1133 Avenue of the Americas
New York, NY  10036-6710
(212) 336-2000
(212) 336-2222 (fax)
David W. Dykhouse
Daniel A. Lowenthal
Brian P. Guiney

Attorneys for Training the Street, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                  :
                                                            : Chapter 11
LEHMAN  BROTHERS HOLDINGS INC., *et al.*,  :
                                                            : Case No. 08-13555 (JMP)
               Debtors.               :
---------------------------------------------------------------x

## LIMITED OBJECTION OF TRAINING THE STREET, INC. TO DEBTORS' PROPOSED CURE AMOUNT

Training the Street, Inc. ("TTSI"), by and through its undersigned counsel, respectfully submits this objection (the "Objection") to the cure amount proposed to be paid by Lehman Brothers Holdings Inc. ("LBHI," and, together with its affiliated debtor and debtor in possession, the "Debtors") to TTSI. TTSI respectfully states as follows:

1.      TTSI and LBHI are parties to that certain Master Consulting Services Agreement, dated August 24, 2007 (the "Subject Contract").

2.      On September 17, 2008, the Debtors filed a motion with the Bankruptcy Court (the "Sale Motion") seeking authority to sell certain assets of the Debtors and a non-debtor affiliate to Barclays Capital, Inc. (the "Purchaser"). In connection with the Sale Motion, the Debtors sought authority to assume and assign certain contracts to the Purchaser. Prior to the

hearing on the Sale Motion, the Debtors scheduled the Subject Contract as one of the executory contracts that they sought to assume and assign to the Purchaser.

   3. On September 19, 2008, TTSI filed a limited objection to the Sale Motion because, among other things, TTSI had not had sufficient time to review its books and records in order to determine the amount necessary, if any, to cure any defaults under the Subject Contract. The Sale Motion was approved by order dated September 19, 2008, but contained a provision affording all contract counter-parties an opportunity to object to the cure amount proposed to be paid in connection with the assignment of their contracts to the Purchaser.

   4. Subsequent to approval of the Sale Motion, after the close of business on October 1, 2008, the Debtors made a revised schedule of contracts to be assumed and assigned to the Purchaser available on the website of their claims and noticing agent. This revised schedule does not appear to list the Subject Contract of one of the contracts designated for assumption and assignment.

   5. Of course, TTSI cannot object to the exclusion of the Subject Contract from the revised schedule. But out of an abundance of caution, and to ensure that neither inaction nor silence on the part of TTSI may later be construed as consent to the previously-scheduled cure payment, TTSI is filing with this Objection. The Debtors' proposed cure payment in connection with the Subject Contract on September 19 was $0.00. A review of TTSI's books and records reveals a payment default of not less than $182,767.12 (the "<u>Cure Payment</u>"). Section 365(f)(2) of the Bankruptcy Code unambiguously requires the Debtors to assume the Subject Contract before assigning it to the Purchaser. And in order to assume the Subject Contract, the Debtors are required by Section 365(b)(1)(A) of the Bankruptcy Code to

cure all defaults thereunder. Accordingly, the assignment of the Subject Contract to the Purchaser would require the Debtors to pay the Cure Payment to TTSI.

6. TTSI reserves the right to argue that the Subject Contract is not an executory contract or is not otherwise capable of being assumed and/or assigned. TTSI also reserves the right to supplement this Objection.

WHEREFORE, TTSI requests that the Court: (a) order the Debtors to pay the Cure Payment to TTSI prior to any assumption and assignment of the Subject Contract; and (b) award TTSI such other or further relief as is just and proper.

Dated: New York, New York
October 2, 2008

Respectfully submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

By:     **s/Daniel A. Lowenthal**
David W. Dykhouse
Daniel A. Lowenthal
Brian P. Guiney

1133 Avenue of the Americas
New York, NY  10036-6710
(212) 336-2000
(212) 336-2222 (fax)

Attorneys for Training the Street, Inc.