Objection Deadline: October 3, 2008

Matthew A. Feldman (MF-8961)
Jamie M. Ketten (JK-4043)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
Attorneys for IntraLinks, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                     )
**In re**                            )  **Chapter 11**
                                     )
**LEHMAN BROTHERS HOLDINGS INC., et al.** )  **Case No. 08-13555 (JMP)**
                                     )
        **Debtors.**                 )  **(Jointly Administered)**
_____ )


**SUPPLEMENT TO LIMITED OBJECTION AND RESERVATION OF
RIGHTS OF INTRALINKS, INC. TO THE DEBTORS' MOTION TO:
(A) SCHEDULE A SALE HEARING; (B) ESTABLISH SALES
PROCEDURES; (C) APPROVE A BREAK-UP FEE; AND (D) APPROVE
THE SALE OF THE PURCHASED ASSETS AND THE ASSUMPTION AND
ASSIGNMENT OF CONTRACTS RELATING TO THE PURCHASED ASSETS AND
OBJECTION TO DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT OF,
AND AMOUNTS NECESSARY TO CURE DEFAULTS UNDER, CONTRACTS AND
LEASES TO BE ASSUMED AND ASSIGNED TO SUCCESSFUL PURCHASER**

IntraLinks, Inc. ("IntraLinks") hereby submits this supplemental objection (the

"Objection") to its Limited Objection and Reservation of Rights, dated September 19, 2008

[Docket No. 164]  (the "Limited Objection") with respect to the Motion of the above-captioned

debtors and debtors in possession (together, the "Debtors") to: (A) Schedule a Sale Hearing; (B)

Establish Sale Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the

Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased

4492795.5

Assets [Docket No. 60] (the "Sale Motion")[1] and objection to the Debtors' Notice of Assumption and Assignment of, and Amounts Necessary to Cure Defaults Under, Contracts and Leases to be Assumed and Assigned to Successful Purchaser [Docket No. 107] (the "Notice"). In support of the Objection, IntraLinks respectfully states as follows:

1. IntraLinks serves its clients by providing use of On-Demand Workspaces™ which enable the online exchange of sensitive business information across enterprise boundaries through a secure, central location where information is accessible to any authorized party. IntraLinks is a party to executory contracts (collectively, the "IntraLinks Contracts")[2] through which it provides such services to Lehman Brothers Inc. ("LBI"), Lehman Brothers Holdings Inc. ("Holdings") and certain of its subsidiaries (collectively, "Lehman").

2. On September 19, 2008, after the filing of the Notice, the Debtors and LBI provided three lists of executory contracts (collectively, the "Cure Schedule") that they proposed to assume and assign in connection with the sale of the Purchased Assets, effective as of the Closing Date (the "Closing Date Contracts"). "IntraLinks Inc." was listed on the Cure Schedule relating to IT Closing Date Contracts (the "IT Cure Schedule"), indicating that at least some of the IntraLinks Contracts would be assumed and assigned in connection with the sale of the Purchased Assets. However, it was not clear whether all agreements with IntraLinks would be assumed and assigned. Specifically, the IT Cure Schedule vaguely identified the types of contracts between IntraLinks and either Holdings or LBI that the Debtors intended to assign as: "Transaction Schedule" with Holdings; "Master Agreement" with LBI and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

[2] Annexed hereto as Exhibit A is a list of the IntraLinks Contracts. IntraLinks reserves the rights to supplement and/or amend such list after further investigation.

4492795.5

"Amendment/Addendum/Schedule" with LBI (IT Cure Schedule, p. 35). The Debtors and LBI proposed a total Cure Amount of $2,000 for contracts with "IntraLinks Inc." (Exhibit A to IT Cure Schedule, p. 7).

3. On September 19, 2008, IntraLinks filed its Limited Objection, objecting to the proposed Cure Amount and asserting that the amount stated therein was too low. IntraLinks reserved its right to supplement the Limited Objection once it could determine more accurately the proper Cure Amount.

4. On September 20, 2008, the Bankruptcy Court entered the Order Under 11 U.S.C. §§ 105(a), 363, 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases (the "Sale Order") [Docket No. 258]. The Sale was consummated on September 22, 2008 (the "Closing Date"). In connection with the transfer of Purchased Assets to Barclays as authorized by the Sale Order, the Debtors and LBI assumed and assigned the Closing Date Contracts to Barclays as of the Closing Date. The Sale Order extended the deadline for filing an objection to Cure Amounts listed on the Cure Schedule until October 3, 2008 (the "Cure Amount Objection Deadline").

5. Since the filing of the Limited Objection, IntraLinks has had an opportunity to conduct additional due diligence with respect to the outstanding IntraLinks Contracts and the appropriate Cure Amount associated with each.

6. Based on the IT Cure Schedule, IntraLinks can only presume that all IntraLinks Contracts for the provision of online workspaces to the Debtors and LBI, and the

- 3 -

4492795.5

master terms of service that governed those contracts,[3] have been assumed and assigned to Barclays ("the <u>Assumed and Assigned Intralinks Contracts</u>").  Information regarding each of the Assumed and Assigned IntraLinks Contracts, including the Lehman contract party, the contract type, and the contract date is set forth on <u>Exhibit A</u> annexed hereto.

7.  As stated above, the IT Cure Schedule indicated that the Debtors and LBI believe that they owe "IntraLinks Inc." a Cure Amount of $2,000.  Intralinks hereby objects to such Cure Amount, as the amounts due and owing under the Assumed and Assigned IntraLinks Contracts as of the Closing Date significantly exceed $2,000.   IntraLinks requests that Barclays pay the Cure Amounts listed on Exhibit A, which total $770,400, in order to cure defaults outstanding under the Assumed and Assigned IntraLinks Contracts as of the Closing Date.

8.  IntraLinks reserves the right to supplement this Objection to assert additional amounts required to cure defaults pursuant to section 365 of the Bankruptcy Code under the Assumed and Assigned IntraLinks Contracts.

---

[3] The "Master Agreement" and amendments thereto (which are listed in the IT Cure Schedule) were entered into between IntraLinks and LBI, and they govern the provision of IntraLinks services to any Lehman entity.  IntraLinks would agree that the Master Agreement and amendments thereto are deemed to be assumed and assigned insofar as their terms and conditions will govern the provision of services to Barclays under the Assumed and Assigned IntraLinks Contracts.  However, the same Master Agreement and amendments also must continue to govern any IntraLinks services that are provided to the Debtors, LBI or other Lehman entities.

4492795.5

WHEREFORE, IntraLinks respectfully requests that the Court (a) determine that all of the Assumed and Assigned IntraLinks Contracts have been assumed by Holdings and/or LBI and assigned to Barclays, (b) require payment of the Cure Amounts listed on Exhibit A in lieu of the amounts listed on the IT Cure Schedule, and (c) grant IntraLinks such other relief that is just and proper.

Dated: New York, New York
       October 2, 2008

**WILLKIE FARR & GALLAGHER LLP**
*Attorneys for IntraLinks, Inc.*

By: /s/ Matthew A. Feldman
    Matthew A. Feldman (MF-8961)
    Jamie M. Ketten (JK-4043)

787 Seventh Avenue
New York, New York 10019
(212) 728-8000