Michael Liberman, Esq., ML 0818
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500
mliberman@ebglaw.com

Attorneys for Larsen & Toubro Infotech, Ltd.

**UNITES STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
:
:
In re:                                          : Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC.,et. al.,: 08-13555 (JMP)
                                                :
                                                : (Jointly Administered)
        Debtors.                                :
-----------------------------------------------------------x

**LIMITED OBJECTION OF LARSEN & TOUBRO INFOTECH, LTD.
TO NOTICE OF ASSUMPTION, ASSIGNMENT AND AMOUNTS TO CURE
DATED SEPTEMBER 18, 2008**

COMES NOW Larsen & Toubro Infotech, Limited, a company formed under the laws of India and operating in Mumbai, India, through a branch in Japan, and also through a U.S. branch in Edison, New Jersey (collectively, "L&T"), by counsel, and Objects to the Debtors' September 18, 2008, Notice of Assumption And Assignment Of, And Amounts Necessary To Cure Defaults Under Contracts And Leases To Be Assumed And Assigned To Successful Purchaser (the "Notice of Assumption, Assignment and Proposed Cure"), and states as follows:

Background

1.    On September 15, 2008, Lehman Brothers Holdings, Inc. (LBI), followed periodically thereafter by certain of its subsidiaries, commenced voluntary Chapter 11 cases in this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") .

NY:2908159v1

2. In connection with a September 17, 2008, motion filed by the Debtors seeking authority to (i) sell certain of the Debtors' assets to Barclays Capital, Inc. ("Barclays"), a Connecticut corporation, free and clear of liens, claims, interests and encumbrances, pursuant to a September 16, 2008 Asset Purchase Agreement (the "Sale Motion"), and (ii) to assume and assign to Barclays certain "closing date IT" executory contracts, LBI filed the Notice of Assumption, Assignment and Proposed Cure on September 18, 2008, which, together with schedules on an associated web-site referenced therein, referenced various outstanding L&T invoices concerning the aforesaid work (all invoices arising from work done by L&T under a contract titled General Terms And Conditions: IT Products And Services, dated June 1, 2005), to be assumed and assigned to Barclays, and stated that the cure amount owing, per the Debtors, was $292,064.50.

3. The Notice of Assumption, Assignment and Proposed Cure required that objections to the cure amount be made by September 19, 2008. That date, L&T sent the letter attached hereto as Exhibit A to LBI, advising that the proper cure amount should be $1,455,557.90, based on the limited records available to L&T on such short notice, and detailing the associated open invoices (which did not include certain pre-petition work not yet billed by L&T). This letter was not filed with the Court.

4. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to LBI.

5. On September 20, 2008, the Court approved the Barclays sale.

6. The Court has now extended the period to object to the proposed cure amounts, to October 3, 2008.

7.  L&T is a leading worldwide provider of information technology and related services. Its clients include, among other persons, Barclays.

8.  Counsel to L&T provided L&T's September 19, 2008 letter objecting to the proposed cure amount to Debtor's counsel, on September 22, 2008, via email. Subsequently, L&T sent the September 19th objection to Barclay's counsel later that week.

9.  Since September 19, 2008, L&T has done a comprehensive review of outstanding open invoices, as well as generated new invoices for work performed through September 21, 2008. This review indicates that the proper "cure" amount is $2,241,210.43, as discussed below.

### Objection

9.  Section 365 of the Bankruptcy Code generally permits a debtor to assume or to reject any executory contract, in the debtor's discretion. However, in order to "sell" an executory contract to Barclays under § 363 of the Bankruptcy Code the Debtor must first assume that contract and either cure (or provide adequate assurance that it will promptly cure) all defaults that exist as of the Petition Date(s). See 11 U.S.C. §§365(b)(1)(A)-(C).

11. The Debtor has acknowledged its duty to cure all monetary defaults as of the Petition Date(s), and thereafter thru the date of the sale, as to all executory contracts to be assumed and assigned. Unfortunately, however, the Debtor's proposed "cure" amount is inaccurate and significantly understated, insofar as the Final Consolidated IT (Revised) List posted by the Debtors states that the required cure amount is only $292,064.50 as to L&T.

12. In fact, upon further review, L&T has determined that the outstanding unpaid invoices for work done both pre-petition and through September 21, 2008, and the proper cure amount, is a significantly greater sum, to wit, $2,241,210.43[1]. Therefore, the Debtors cannot

---

[1] In converting the open invoices for work in India from Rupees to U.S. dollars, an exchange rate of 45 Rupees to $1 U.S. dollar is used.

NY:2908159v1                                        - 3 -

legally assume the L&T technology service contracts without first paying L&T $2,241,210.43 to accomplish the required "cure".

13. Moreover, the Debtor must also provide "adequate assurance" of the proposed assignee's future performance under the contract. See 11 U.S.C. § 365(f)(2). This requirement protects a non-debtor party like L&T insofar as, after the assumed contract is assigned to a third-party purchaser like Barclays, the bankruptcy estate will no longer be liable for breaches by the assignee. Here, this is not an issue as L&T is satisfied with Barclays ability to perform.

14. While L&T has no objection to the Debtors' assumption and related assignment of its contract to Barclays, it objects to the proposed cure amount and objects to any cure amount less than the $2,241,210.43 shown by L&T's review to be due and owing by L&T, as of September 21, 2008.

15. In this regard, the list of contracts the Debtor filed on the internet site referenced in the Notice of Assumption and Assignment (actually, a list of open invoices, all for work under the one master contract) was not complete as to the Debtor's dealing with L&T. There is only one master contract between the Debtor and L&T, that of June 1, 2005, as noted. The Debtor cannot pick and choose pieces of its contract to assume and assign, nor can it pick and choose to pay some open invoices, and not others. As such, L&T requires the Debtor to assume and assign to Barclays Capital the subject contract of June 1, 2005, and all open invoices for the work thereunder as is reflected in the master schedule which is attached hereto as Exhibit B, which sum, as noted, totals $2,241,210.43.

16. Full detail of the many subject invoices making up the pre-petition indebtedness due to L&T is not filed herewith due to size limitations. However, the subject invoices, detailed

on Exhibit B, have been e-mailed to each of (1) counsel to Barclays; (2) Barclays; (3) Debtor's counsel and (4) counsel to the SIPC trustee on even date, together with a copy of this pleading.

WHEREFORE, L&T respectfully requests that the Court (a) set the cure amount, as to L&T, at $2,241.210.43, (b) condition the assumption and assignment of L&T's contracts to Barclays upon immediate payment of this sum by Barclays, in cash, under its purchase agreement with the Debtor, such payment to be made immediately or concurrently with final closing, whichever is later and (c) award L&T such other or further relief as is just and proper.

Dated: New York, New York
October 2, 2008

Respectfully Submitted,

EPSTEIN BECKER & GREEN, P.C.

By: /s/ Michael Liberman
Michael Liberman (ML 0818)
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500

Attorneys for Objector Larsen & Toubro Infotech, Ltd.

OF COUNSEL:

David B. Tatge, Esq.
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
(202) 861-0900
dtatge@ebglaw.com

<u>Certificate of Service</u>

The undersigned certifies that a true and correct copy of the foregoing Limited Objection of Larsen & Toubro Infotech Ltd. to Notice of Assumption, Assignment And Amounts To Cure dated September 18, 2008, was filed electronically via the ECF system with copies also mailed by overnight Express Mail this 2nd day of October, 2008, to:

Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, New York 10153-0023
Attn. Lori R. Fife, Esq. and Shai Y. Waisman, Esq.
*Counsel to the Debtors*

Hughes Hubbard & Reed, LLP
One Battery Park Plaza
New York, New York 10004-1405
Attn. James B. Kobak, Esq.
Attn. David Wiltenburg, Esq.
Attn. Jeffrey S. Margolin, Esq.
*Counsel to the SIPC trustee*

Cleary Gottlieb Steen & Hamilton, LLP
One Liberty Plaza
New York, New York 10006-1404
Attn. Lindsee P. Granfeld, Esq. and Lisa M. Schweitzer, Esq.
*Counsel to the Purchaser*

Office of the United States Trustee
33 Whitehall Street
21st Floor
New York, New York 10004-2112
Attn. Tracy Hope Davis, Esq.

Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, New York 10005-1401
Attn. Dennis F. Dunne, Esq.
Attn. Luc A. Despins, Esq.
Attn. Wilbur F. Foster, Jr., Esq.
*Counsel to the Official Committee of Unsecured Creditors*

/s/ Michael Liberman
_____
Michael Liberman