Antonia Golianopoulos, Esq. (AG-3676)
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Tel. 212.506.2500
Fax  212.262.1910

*-and-*

Thomas S. Kiriakos, Esq.
Melissa A. Mickey, Esq.
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel. 312.782.0600
Fax  312.701.7711

Counsel to SP4 190 S. LaSalle, L.P.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------------------------------ X | Chapter 11 | |
| In re: : | | |
| : | Case No. 08-13555 (JMP) | |
| LEHMAN BROTHERS HOLDINGS, INC., et al., : | | |
| : | (Jointly Administered) | |
| Debtors. : | | |
| : | | |
| ------------------------------------------------------------ X | | |

### SP4 190 S. LASALLE, L.P.'S OBJECTION TO
### DEBTORS' PROPOSED CURE AMOUNT

SP4 190 S. LaSalle, L.P. ("190 S. LaSalle") respectfully submits its objection ("Cure Objection") to Lehman Brothers Holdings Co., Inc. and LB 745 LLC's (collectively, the "Debtors") proposed cure amount in connection with the assumption and assignment of its lease pursuant to the Order Under 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases ("Sale Order") as follows:

1456445

1.      190 S. LaSalle is the Debtors' landlord under a certain lease referred to as 190 S. LaSalle Street, Chicago, IL (the "Lease" or the "Premises") in the Asset Purchase Agreement, among Barclays Capital, Inc., the Debtors, and Lehman Brothers Inc., dated September 16, 2008 ("Purchase Agreement").[1]

2.      On September 19, 2008, Judge Peck entered the Sale Order authorizing the Purchase Agreement. The Lease was assumed and assigned to Barclays Capital pursuant to Section 8.14(b) of the Purchase Agreement.

3.      The Debtors assert in the website referenced in the Sale Order that the proposed cure amount necessary to cure outstanding defaults under the Lease is $358,306.80 (the "Proposed Cure Amount"). 190 S. LaSalle objects to the Debtors' Proposed Cure Amount because such amount is insufficient. The total amount outstanding under the Lease is at least $913,264.10.

4.      The total arrearages under the Lease for Base Rent and Additional Rent as of the date of the Cure Objection is $384,724.81.[2] True and correct copies of the invoices for the Base Rent and Additional Rent arrearages are attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

5.      Additionally, the tenant under the Lease owes 190 S. LaSalle $490,539.29 for the following tenant improvements to the Premises (the "Tenant Improvements"):

---

[1]     The Lease (with its eight amendments) is over 200 pages. Due to its volume, a copy of the Lease is not attached hereto, but has been provided to the Debtors and is available to other parties in interest upon request.

[2]     The capitalized terms "Base Rent" and "Additional Rent" are defined in the Lease.

1456445                                    2

(a) $247,784.00 for improvements made to the 27th floor of the Premises by Clune Construction;[3]

(b) $152,276.00 for improvements made to the 23rd floor of the Premises by Clune Construction;

(c) $68,579.29 for improvements made to the 23rd and 27th floors by Ted Moudis Architects;

(d) $20,100.00 for improvements made to the 23rd and 27th floors by ESD Consultants; and

(e) $1,800.00 for improvements made to the 23rd and 27th floors by Burnham Nationwide.

True and correct copies of the invoices for the Tenant Improvements are attached hereto as Exhibit B and incorporated herein by reference.

6. 190 S. LaSalle is entitled to recover the costs associated with the Tenant Improvements pursuant to the Eighth Amendment to the Lease dated September 30, 2007 which provides that the tenant shall pay for certain improvements to the Premises. Contractor Clune Construction has threatened to file a mechanics lien against the Premises if the Tenant Improvements are not paid. Section 9 of the Lease prohibits the tenant from causing or permitting liens or encumbrances to be filed against the Premises. At this time, it is unclear whether additional amounts will be due to 190 S. LaSalle in connection with ongoing Tenant Improvements. For this reason, 190 S. LaSalle reserves the right to supplement this Cure

---

[3] The $247,784.00 in improvements may be offset by a TI allowance under the Lease of $570,750.00 for the 27th floor. However, this TI allowance is limited only to the 27th floor and is not available under the provisions of the Lease for any other floors. Moreover, 190 S. LaSalle does not know whether additional mechanics liens exist and whether the allowance will be sufficient to cover the amounts owing with respect to the 27th floor. Accordingly, 190 S. LaSalle includes these amounts under the compulsion of the Sale Order to file this Cure Objection by the impending deadline.

Objection, whether in writing or at the hearing, to the extent that it discovers additional information regarding the costs associated with the Tenant Improvements.

7. Furthermore, 190 S. LaSalle requests that the Debtors' proposed Cure Amount be amended to include attorneys' fees and costs. 190 S. LaSalle is entitled to recover its attorneys' fees and costs pursuant to Section 23 of the Lease. As of October 1, 2008, 190 S. LaSalle has incurred $38,000 in attorneys' fees and costs as a result of the outstanding defaults under the Lease. In addition to curing existing defaults, the trustee or debtor-in-possession must compensate, or provide adequate assurance of compensating, the non-debtor party for any "actual pecuniary loss" resulting from the defaults. 11 U.S.C. § 365(b)(1)(B). The non-debtor's attorneys fees and costs incurred in enforcing the debtor's obligations under the lease are part of the compensable "pecuniary loss" under § 365(b)(1)(B) if (a) expended as a result of the defaults under the lease and (b) recoverable under the lease and applicable state law. See In re Crown Books Corporation, 269 B.R. 12, 15 (Bankr. D. Del. 2001) (attorneys' fees are recoverable as part of a cure claim if the contract or lease specifically requires their payment). 190 S. LaSalle incurred the $38,000 in fees and costs as a result of the Debtors' defaults under the Lease, and attorneys' fees and costs are recoverable under Illinois law when specifically authorized by statute or contract. In re Greenville Auto Mall, Inc., 278 B.R. 414, 425 (Bankr. N.D. Miss. 2001).

8. 190 S. LaSalle reserves the right to supplement this Cure Objection, whether in writing or at the hearing, to the extent that it continues to incur additional fees and costs in connection with the above-captioned bankruptcy case.

WHEREFORE, 190 S. LaSalle respectfully requests that (i) the Court order the Debtors to pay 190 S. LaSalle the total cure amount due under the Lease in an amount not less than $913,264.10, plus any additional amounts or pecuniary losses that hereafter accrue; and (ii) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
      October 2, 2008                      /s/ Antonia Golianopoulos

                                     Antonia Golianopoulos, Esq. (AG-3676)
                                     MAYER BROWN LLP
                                     1675 Broadway
                                     New York, New York 10019
                                     Tel. 212.506.2500
                                     Fax  212.262.1910

                                     *-and-*

                                     Thomas S. Kiriakos, Esq.
                                     Melissa  A. Mickey, Esq.
                                     MAYER BROWN LLP
                                     71 South Wacker Drive
                                     Chicago, Illinois 60606
                                     Tel. 312.782.0600
                                     Fax  312.701.7711

                                     Counsel to SP4 190 S. LaSalle, L.P.