Hearing Date and Time: November 5, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  October 31, 2008 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                                              :    Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
:
                                    Debtors.                          :    (Jointly Administered)
:
:
------------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION, PURSUANT TO SECTIONS 105(a), 363(b), AND 541
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6003 AND 6004, FOR
AUTHORIZATION TO PAY PREPETITION EXCISE AND WITHHOLDING TAXES**

PLEASE TAKE NOTICE THAT Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman") in the above-captioned chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") filed a motion, dated October 2, 2008 (the "Motion"), pursuant to section 105(a), 363(b), and 541 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, to pay, in their discretion, all prepetition excise and withholding tax obligations, all as more fully set forth in the Motion.

NY2:\1915334\11\151VQ11!.DOC\73683.1043

PLEASE TAKE FURTHER NOTICE that objections or responses, if any, to the Motion must be in writing, must conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, must set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, the basis for the objection and the specific grounds therefor, and must be filed no later than **October 31, 2008 at 4:00 p.m. (Prevailing Eastern Time)** with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182, and be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) Cleary Gottlieb LLP, One Liberty Plaza, New York, NY 10006, Attn: Lindsee P.

Granfield, Esq. and Lisa Schweitzer, Esq. and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq., attorneys for the Debtors' postpetition lenders, so as to be received no later than **October 31, 2008, at 4:00 p.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that a hearing to consider the relief requested in the Motion to consider the relief requested in the Motion shall be held on **November 5, 2008 at 10:00 a.m.**, at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 or as soon thereafter as counsel may be heard.

Dated: October 2, 2008
      New York, New York

/s/ Shai Y. Waisman
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: November 5, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  October 31, 2008 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                                :
**In re**                                                       :   **Chapter 11 Case No.**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.**, *et. al.*,                   :   **08-13555 (JMP)**
                                                                :
                                    Debtors.                    :   **(Jointly Administered)**
                                                                :
                                                                :
-----------------------------------------------------------------x

**DEBTORS' MOTION, PURSUANT TO SECTIONS 105(a), 363(b), AND 541
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6003 AND 6004, FOR
<u>AUTHORIZATION TO PAY PREPETITION EXCISE AND WITHHOLDING TAXES</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

       Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "<u>Debtors</u>" and, collectively with their non-debtor affiliates, "<u>Lehman</u>"), file this Motion and respectfully represent:

**Background**

1.  Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.  On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

**Jurisdiction**

4.  This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Lehman's Business**

5.  Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide. Its headquarters in New

York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

6. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Relief Requested**

7. By this Motion, the Debtors seek authorization, pursuant to section 105(a), 363(b), and 541 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, to pay, in their discretion, all prepetition excise and withholding tax obligations (the "Excise and Withholding Taxes"), including any penalties and interest thereon, to various state, local, and federal taxing authorities (the "U.S. Taxing Authorities"), and foreign taxing authorities (collectively, with the U.S. Taxing Authorities, the "Taxing Authorities"). In addition, the Debtors seek authorization to pay those Excise and Withholding Taxes subsequently determined upon audit to be owed for periods prior to the Commencement Date.

8. As of the Commencement Date, the Debtors estimate that outstanding prepetition liabilities for all Excise and Withholding Taxes owed to U.S. Taxing Authorities amount to approximately $1,244,000 for New York state use taxes on account of LBHI's potential liability as a single member of two non-debtor entities – CES Aviation X LLC and CES Aviation IX LLC.

9. In addition, LBHI operates in the United Kingdom (the "U.K. Division"), and is jointly and severally liable for a withholding value added tax ("VAT") assessed against a group of foreign Lehman entities. Currently, the amount outstanding on the group VAT is

approximately £4.2m (approximately $7.7 million). Because the U.K. Division is not a separate legal entity, LBHI may be liable for such outstanding VAT if it continues to remain unpaid. The Debtors seek authority to pay such tax subject to any rights or claims for reimbursement the Debtors may have against other responsible entities.

### Use Taxes

10. In the normal course of operating their businesses, the Debtors incur use taxes (the "Use Taxes") in connection with their purchase of certain tangible personal property or services from vendors that have no nexus to the resident state of the particular Debtor purchasing the property or services. Such vendors are not obligated to charge or remit sales taxes for sales to parties outside the state of the vendor's operations. Nevertheless, under the various state laws governing Use Taxes, the purchaser, in this case the particular Debtor, is obligated to self-assess and pay the Use Taxes, when applicable, to the state in which the Debtor operates.

11. The Debtors estimate that, as of the Commencement Date, approximately $1,244,000 assessed against two LLC's operating in New York for which LBHI is a single controlling member, and, therefore, jointly and severally liable for the payments, has not yet been paid. Accordingly, for the reasons explained below, the Debtors seek authority to pay such outstanding Use Taxes.

### Foreign Withholding Taxes

12. Similar to their Use Taxes obligations, the Debtors incur foreign withholding taxes ("Withholding Taxes") on account of their U.K. Division in the ordinary course of business. Specifically, the U.K. Division shares joint and several responsibility on a group VAT assessed in connection with the purchase of products or equipment for which the U.K. Division is required to self-assess and withhold appropriate taxes. Accordingly, because LBHI may be responsible for the payment of such Withholding Taxes in the approximate amount

of £4.2m (approximately $7.7 million), the Debtors seek authority to satisfy their obligations for the reasons stated below subject to any rights or claims for reimbursement the Debtors may have against other responsible entities.

**Payment of Prepetition Excise and Withholding Taxes is in
the Best Interests of the Debtors and their Estates and Creditors**

13. Authorization of the payment of the prepetition Excise and Withholding Taxes is critical to the Debtors' continued and uninterrupted operations. Ample cause exists for granting the relief requested in this Motion, including, depending upon the tax: (i) the Excise and Withholding Taxes are not property of the estate; (ii) the Excise and Withholding Taxes are entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code; (iii) governmental entities may sue the Debtors' directors and officers for unpaid Excise and Withholding Taxes, thereby distracting them from the Debtors' reorganization efforts; and (iv) section 105 of the Bankruptcy Code and the Court's general equitable powers permit the Court to grant the relief sought.

14. Section 541 of the Bankruptcy Code provides that all of the Debtors' legal and equitable interests in property as of the petition date are property of the bankruptcy estate. 11 U.S.C. § 541. Certain Excise and Withholding Taxes constitute "trust fund" taxes, which are required to be collected from customers and held in trust for payment to the Taxing Authorities. These "trust fund" taxes are not property of the estate. *See, e.g., Al Copeland Enters., Inc. v. Texas (In re Al Copeland Enters., Inc.),* 991 F.2d 233, 235 (5th Cir. 1993) (debtors' prepetition collection of sales taxes and interest thereon were held subject to trust and were not property of estate); *Shank v. Wash. State Dep't of Revenue (In re Shank)*, 792 F.2d 829, 830 (9th Cir. 1986) (sales taxes required by state law to be collected by sellers from their customers are "trust fund" taxes); *DeChiaro v. N.Y. State Tax Comm'n,* 760 F.2d 432, 433 (2d Cir. 1985) (sales taxes are

"trust fund" taxes); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (excise and withholding taxes are "trust fund" taxes); *see generally In re Columbia Gas Sys. Inc.*, 997 F.2d 1039, 1060 (3d Cir. 1993) (indicating that even if a statute does not establish an express trust, a constructive trust may be found). Because "trust fund" taxes are not property of the Debtors' estates, the Excise and Withholding Taxes are not available for the satisfaction of creditors' claims.

15. Furthermore, the Excise and Withholding Taxes are or may be entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code. As priority claims, such tax obligations must be paid in full before any general unsecured obligations of the Debtors may be satisfied. As such, the requested relief merely affects the timing of the Debtors' payment of Excise and Withholding, not the amount paid in respect thereof.

16. In addition, many federal and state statutes hold officers and directors of collecting entities personally liable or criminally responsible for certain taxes owed by those entities. To the extent that certain Excise and Withholding Taxes remain unpaid by the Debtors, the Debtors' officers, directors, and other employees may be subject to lawsuits or criminal prosecution during the pendency of these chapter 11 cases. The threat of a lawsuit or criminal prosecution, and any ensuing liability, would distract the Debtors and their personnel from important tasks related to the Debtors' cases. The dedicated and active participation of the Debtors' directors, officers, and other employees is not only integral to the Debtors' continued, uninterrupted operations, but also essential to the orderly administration of these chapter 11 cases. Accordingly, the Debtors submit that the proposed relief is in the best interests of their estates.

17. Section 363(b) of the Bankruptcy Code, which provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate," 11 U.S.C. § 363(b)(1), also provides a statutory basis for the relief sought herein. Under this section, a court may authorize a debtor to pay certain prepetition claims. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). To approve the use of a debtor's assets outside the ordinary course of business pursuant to section 363(b), a court must find that a sound business justification existed for the use of such assets. *See, e.g.*, *In re Enron Corp.*, 335 B.R. 22, 27-28 (S.D.N.Y. 2005).

18. The relief requested by the Debtors to pay the Excise and Withholding Taxes satisfies this standard. As stated above, payment of the prepetition Excise and Withholding Taxes is critical to the Debtors' continued and uninterrupted operations. Nonpayment of these obligations may cause the Taxing Authorities to take precipitous action, including, but not limited to, filing liens, preventing the Debtors from conducting their businesses in certain jurisdictions, and seeking to lift the automatic stay, all of which would disrupt the Debtors' day-to-day operations. Failing to pay such Excise and Withholding Taxes could also trigger unwarranted governmental action in the form of increased audits, which would also be disruptive to the Debtors' operations and detrimental to all parties in interest. As such, paying the Excise and Withholding Taxes is well within the Debtors' sound business judgment. Indeed, the Debtors submit that payment of the Excise and Withholding Taxes may actually reduce the amounts ultimately paid to the Taxing Authorities because penalties and interest will be avoided by prompt payment.

19. Finally, there is ample precedent from courts in this district for the relief requested herein as it pertains to excise, withholding, or similar taxes. *See, e.g., In re Steve &*

*Barry's Manhattan LLC*, Case No. 08-12579 (ALG) (Bankr. S.D.N.Y. July 30, 2008) [Docket No. 286]; *In re Lexington Precision Corp.*, Case No. 08-11153 (MG) (Bankr. S.D.N.Y. April 22, 2008) [Docket No. 81]; *In re PRC, LLC*, Case No. 08-10239 (MG) (Bankr. S.D.N.Y. Feb. 13, 2008) [Docket No. 122]; *In re Fortunoff Fine Jewelry and Silverware, LLC*, Case No. 08-10353 (JMP) (Bankr. S.D.N.Y. Feb. 29, 2008) [Docket No. 301]; *In re Bally Total Fitness of Greater New York, Inc.*, Case No. 07-12395 (BRL) (Bankr. S.D.N.Y. Aug. 2, 2007) [Docket No. 94]; *In re Atkins Nutritionals, Inc.*, Case No. 05-15913 (ALG) (Bankr. S.D.N.Y. Aug. 1, 2005) [Docket No. 38]; *In re Magellan Health Services, Inc.*, Case No. 03-40515 (PCB) (Bankr. S.D.N.Y. Mar. 11, 2003) [Docket No. 39]; *In re Global Crossing Ltd.*, Case No. 02-40188 (REG) (Bankr. S.D.N.Y. Jan. 30, 2002) [Docket No. 37]; *In re Enron Corp.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Dec. 4, 2001) [Docket No. 39]. The Debtors submit that similar relief is warranted in these chapter 11 cases.

20. Nothing in this Motion should be construed as impairing the Debtors' right to contest the amount of Excise and Withholding Taxes asserted by any Taxing Authority, and the Debtors expressly reserve all of their rights with respect thereto.

21. The Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the stay of the order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).[1]

## Notice

22. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the

---

[1] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.

order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

        23.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

        WHEREFORE the Debtors respectfully request that this Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: October 2, 2008
      New York, New York

        /s/ Shai Y. Waisman
        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York 10153
        Telephone: (212) 310-8000
        Facsimile: (212) 310-8007
        Harvey R. Miller, Esq.
        Richard P. Krasnow, Esq.
        Lori R. Fife, Esq.
        Shai Y. Waisman, Esq.
        Jacqueline Marcus, Esq.

        Attorneys for Debtors
        and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                              :

In re                                     :        Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et. al.*,  :        08-13555 (JMP)
                                              :
                         Debtors.       :        (Jointly Administered)
                                              :
                                              :
------------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 105(a), 363(b), AND 541 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6003 AND 6004 AUTHORIZING THE DEBTORS TO PAY PREPETITION EXCISE AND WITHHOLDING TAXES

Upon the motion, dated October 2, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a), 363(b), and 541 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003(b) and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to pay prepetition excise and withholding taxes (the "Excise and Withholding Taxes"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No.

285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion and the Objection; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, but not required, to pay all prepetition Excise and Withholding due and owing to all taxing authorities (the "Taxing Authorities"), whether currently assessed or yet to be assessed; and it is further

ORDERED that nothing in this Order or the Motion waives or releases any rights the Debtors have to contest the amount of or basis for any Excise and Withholding Taxes allegedly due any Taxing Authority; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rules 6004(h),[2] the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: November __, 2008
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

---

[2] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.