# **<u>EXHIBIT 2</u>**

# FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (JPMorgan Chase)

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1. "Lehman Brothers" means Lehman Brothers Holdings Inc. ("LBHI"), and any of its subsidiaries (and any predecessors thereof), directors, officers, employees, affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations or any other person acting on their behalf.

2. "LBHI" means Lehman Brothers Holdings Inc., including any of its directors, officers employees, affiliates, representatives, advisors, agents, attorneys, associates, associations or any other person acting on its behalf.

3. "LBI" means Lehman Brothers Inc., including any of its directors, officers employees, affiliates, representatives, advisors, agents, attorneys, associates, associations or any other person acting on its behalf.

4. The term "document" is intended to have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any writings, drawings, graphs, charts, photographs, phone records, electronic, recorded, digitally encoded, graphic, and/or other data compilations from which information can be obtained, translated if necessary, by the respondent through detection devices into reasonably usable form, or other information, including originals, translations and drafts thereof and all copies bearing notations and marks not found on the original. The term "document" includes, without limitation, affidavits, analyses, appointment books, appraisals, articles from publications, (whether in paper, database, electronic or other format(s)), calculations (whether in paper, database, electronic or other format(s)), books, books of account, statements, cables, calendars,

charts, checks (cancelled or un-cancelled), check stubs, confirmations, contracts, correspondence, credit card receipts, desk calendars, desk pads, diaries, diskettes, drafts, estimates, evaluations, filings, financial statements, forms, invoices, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, partners' and employees' personnel files, partners' and employees' review check lists, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, copies of records and documents, and sheets or things similar to any of the foregoing however denominated. The term "document" further includes email and electronic communication whether stored on a personal computer, network computer system, backup computer tape and/or disk, or by some other storage mechanism. The term "document" further means any document now or at any time in the possession, custody, or control of the entity to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof, including, but not limited to, work product contracted by you from professional firms.

       5.    "<u>Concerning</u>" means relating to, referring to, reflecting, describing, evidencing or constituting.

       6.    "<u>Board of Directors</u>" means LBHI's Board of Directors and any of LBHI's Board of Directors' subcommittees.

2

7. "Barclays" means Barclays Bank PLC and any of its subsidiaries (and any predecessors thereof), directors, officers, employees, affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations or any other person acting on their behalf.

8. "BOA" means Bank of America Corp. and any of its subsidiaries (and any predecessors thereof), directors, officers, employees, affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations or any other person acting on their behalf.

9. "JPMC" means JPMorgan Chase & Co. and any of its subsidiaries (and any predecessors thereof), directors, officers (including, without limitation, Jamie Dimon (in whatever capacity)), employees, affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations or any other person acting on their behalf.

10. "Merrill Lynch" means Merrill Lynch & Co., Inc. and any of its subsidiaries (and any predecessors thereof), directors, officers, employees, affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations or any other person acting on their behalf.

11. The words "you" or "your" means JPMC and any or all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on your behalf.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3

## **INSTRUCTIONS**

A. The documents covered by this request include all documents in your possession, custody or control. Unless otherwise specified, each request herein seeks all documents generated or received by you during the period from July 1, 2008 through and including the date of production.

B. Each request for the production of documents shall be deemed to be continuing in nature. If at any time additional documents come into your possession, custody or control or are brought to your attention, prompt supplementation of your response to these requests is required.

C. You shall produce all documents in the manner in which they are maintained in the usual course of your business or you shall organize and label the documents to correspond with the categories in this request. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

D. If and to the extent documents are maintained in a database or other electronic format, you shall produce along with the document(s) software that will enable access to the electronic document(s) or database as you would access such electronic document(s) or database in the ordinary course of your business.

E. Documents shall be produced in such fashion as to identify the department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

4

F. Any document withheld from production based on a claim of privilege or any similar claim shall be identified by (1) the type of document, (2) the general subject matter of the document, (3) the date of the document, and (4) such other information as is sufficient to identify the document including the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other. The nature of each claim of privilege shall be set forth.

G. Documents attached to each other should not be separated.

H. Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this discovery request.

I. The fact that a document is produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

J. In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants, investigators, or by your attorneys or their agents, employees, representatives or investigators.

K. If you object to any part of any request, you shall state fully in writing the nature of the objection. Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the request to which you are not objecting.

L. Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation.

5

6

      M.      The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

      N.      The term "including" means "including, without limitation."

## REQUESTS FOR PRODUCTION

REQUEST NO. 1:

All documents concerning the legal and contractual relationships between LBHI and JPMC, including documents governing credit, liquidity, or clearing relationships, including credit agreements, repurchase agreements, securities contracts, swap agreements, security agreements, guarantee agreements, clearing agreements, and amendments to those agreements.

REQUEST NO. 2:

All documents concerning any assets either owned by LBHI or in which LBHI has an interest held by JPMC, including documents identifying the particular assets held, the value of such assets, the accounts in which such assets are/were held, the terms governing the operation of those accounts, any and all actions by JPMC and and/or Lehman Brothers on those accounts.

REQUEST NO. 3:

All documents concerning the collateral and any valuation of the collateral, including on-line access to the list of all collateral in the same manner provided to LBHI prior to the Petition Date.

REQUEST NO. 4:

All documents concerning any decision by JPMC to freeze accounts held by Lehman Brothers or otherwise limit, circumscribe or restrict Lehman Brothers' ability to access such accounts, on or after September 9, 2008, including documents regarding any discussion within JPMC, or between JPMC and any third party regarding the propriety or advisability of taking such actions, including any communications concerning the same.

REQUEST NO. 5:

All documents concerning any decision by JPMC to liquidate assets following the Petition Date that are or were, immediately prior to the Petition Date, the property of LBHI or in which LBHI has an interest, including all documents pertaining to any requests for bids, responses received, or transactions undertaken as part of such liquidation and all documents reflecting any analysis or discussion within JPMC, or between JPMC and any third party regarding the propriety of such liquidation.

REQUEST NO. 6:

All documents concerning any communications, correspondence or other exchanges involving JPMC and any third party concerning the financial condition of LBHI, its accounts, or the management and administration of its accounts.

REQUEST NO. 7:

All documents concerning communications involving JPMC concerning a possible bankruptcy filing by Lehman Brothers prior to the Petition Date.

REQUEST NO. 8:

All documents concerning clearing advances by JPMC to LBHI between Sept. 12 and Sept. 16, 2008, including all documents regarding communications involving JPMC regarding such advances and all documents regarding the repayment of such advances.

REQUEST NO. 9:

All documents concerning the Guaranty dated August 26, 2008, the May 2008 and August 2008 amendments to the Clearing Agreements, and the Guaranty dated September 9, 2008, including but not limited to, documents concerning JPMC's requests for such guarantees and amendments, any negotiations over such guarantees and amendments, the pledging of security for such guarantees and amendments, any property transferred to LBHI in exchange for such guarantees and amendments, the execution of such guarantees and amendments, including copies of the fully executed guarantees and amendments, and any communications regarding the same.

REQUEST NO. 10:

All documents concerning any requests by Lehman Brothers for credit, including, in the form of loans, advances, and other financing, and any responses by JPMC to such requests, in each case limited to the period from August 15, 2008 to the Petition Date.

REQUEST NO. 11:

All documents concerning the ability of Lehman Brothers to obtain financing from sources other than JPMC during the period from August 15, 2008 to the Petition Date.