Alan D. Halperin, Esq.
Walter Benzija, Esq.
Carrie E. Mitchell, Esq.
HALPERIN BATTAGLIA RAICHT, LLP
*Counsel to Dun & Bradstreet*
555 Madison Avenue – 9th Floor
New York, New York 10022
(212) 765-9100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | Case No. 08-13555 (JPM) |
| | (Jointly Administered) |
| Debtors. | |

---------------------------------------------------------x

**SUPPLEMENTAL OBJECTION OF DUN & BRADSTREET
TO DEBTORS' PROPOSED CURE PAYMENT SUBMITTED IN ACCORDANCE
WITH PROCEDURE ESTABLISHED PURSUANT TO THE COURT'S ORDER
DATED SEPTEMBER 20, 2008 APPROVING SALE OF PURCHASED
ASSETS AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

Dun & Bradstreet ("D&B"), by and through its counsel, Halperin Battaglia Raicht, LLP, respectfully submits this supplemental objection[1] (the "Objection") to the above-captioned debtors' (the "Debtors") proposed payment of cure amounts as set forth in the lists maintained by the Debtors on the website http://chapter11.epiqsystems.com/lehman (the "Website") and is submitted in accordance with the procedures established by the Court in the Order Under 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts

---

[1] D&B initially submitted an objection to the Debtors' proposed cure amount payment on September 19, 2008 [ECF No. 189].

{00069907.3 \ 0180-000}

and Unexpired Leases, dated September 19, 2008 (the "Sale Order"). In support of its Objection, D&B respectfully represents as follows:

**OBJECTION**

1.  D&B and the Debtors are parties to certain contracts beginning in October 2007 whereby D&B provides risk management services to the Debtors (the "Contracts"). The Debtors seek to assume and assign the Contracts in connection with the sale approved by the Sale Order.

2.  As set forth on the Website, the Debtors allege that the cure amount due D&B upon the assumption and assignment of its Contracts to the Purchaser (as defined in the Sale Order) is $95,252.65. D&B objects to the proposed cure amount proposed by the Debtors. As evidenced by the invoices attached hereto as Exhibit A, the amount owed to D&B for work performed under the Contracts to be assumed is $171,556.95 (the "Cure Claim Amount"). A summary of the amount due and invoices supporting D&B's Cure Claim Amount are attached hereto as Exhibit "A".

3.  While Section 365 of the Bankruptcy Code permits a debtor to assume or reject any executory contract, a debtor must first cure, or provide adequate assurance that it will promptly cure, all defaults incident to such contracts. Here, the Debtors cannot assume and/or assign the Contracts without paying D&B the Cure Claim Amount of $171,556.95 in full. Furthermore, the Cure Claim Amount is not subject to bona fide dispute.

4.  Subject to payment of the Cure Claim Amount in full, D&B has no objection to the assumption and assignment of the Contracts.

**WHEREFORE,** D&B respectfully requests that the Court: (a) establish the Cure Claim Amount for the D&B Contracts at $171,556.95 and authorize immediate payment of such amount to D&B under the Purchase Agreement and (b) grant D&B such other relief as is just and proper.

Dated: New York, New York
October 3, 2008

                                                  **HALPERIN BATTAGLIA RAICHT, LLP**
*Counsel to Dun & Bradstreet*

By: */s/ Walter Benzija*
    Alan D. Halperin, Esq.
    Walter Benzija, Esq.
    Carrie E. Mitchell, Esq.
555 Madison Avenue – 9th Floor
New York, New York 10022
(212) 765-9100