Alan E. Gamza, Esq. (AG-2014)
Andrew P. Lederman, Esq. (AL-4108)
MOSES & SINGER LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone: (212) 554-7800

Attorneys for Deutsche Bank AG, New York Branch

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x    Chapter 11
In re:                                                       )    Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC.,                               )
*et al.*,                                                    )    (Jointly Administered)
                                                             )
                                                 Debtors.    )
------------------------------------------------------------ x

### LIMITED OBJECTION OF DEUTSCHE BANK AG, NEW YORK BRANCH TO DEBTORS' MOTION FOR AN ORDER AUTHORIZING AND APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTACTS AND UNEXPIRED LEASES

Deutsche Bank AG, New York Branch ("DB"), by its undersigned attorneys, files this Limited Objection ("Limited Objection") to the motion of Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("LB 745"), debtors and debtors in possession (collectively, the "Debtors"), seeking, among other things, an order authorizing and approving the sale of certain assets and in connection therewith the assumption and assignment of certain executory contracts and unexpired leases (the "Sale Motion") to the extent of the proposed Cure Payment with respect to the two subleases between DB and LBHI, and respectfully states as follows:

**Background**

1.  On September 15, 2008, (the "Petition Date"), LBHI commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On September 16, 2008, LB 745 ("LB 745" and with LBHI, the "Debtors") commenced a case under chapter 11 of

the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

2.       On September 17, 2008, the Debtors filed the Debtors' Motion to (A) Schedule a Sale Hearing; (B) Establish Sale Procedures; (C) Approve a Break-up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets (the "Sale Procedures Motion") including an Asset Purchase Agreement that contemplates the sale of certain of the Debtors' assets to Barclays Capital Inc. ("Barclays"). On September 19, 2008, a hearing was held to approve the sale. Thereafter, on September 19, 2008, an Order Under 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) The Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases (the "Sale Order") was entered by this Court.

3.       In part, the Sale Order provides, "All counterparties to Closing Date Contracts shall have until the Cure Amount Objection Deadline to file an objection to the Cure Amounts (including as to the specific identity of such contracts)." This Court has established October 3, 2008, as the Cure Amount Objection Deadline.

### The DB Leases

4.       Pursuant to Sale Procedures Motion, the Debtors designated a list of executory contracts and unexpired leases (the "Contract Schedule") that contained two subleases to which DB is counterparty for assumption and assignment to Barclays. The subleases for the premises known as 1301 Avenue of the Americas New York, NY are described by Debtors as follows:

> (i)     Sublease dated March 24, 2006 between Deutsche Bank Securities, Inc. and Lehman Brothers Holdings Inc. (the "8th floor Sublease"); and

719209v6  070636.0593

    (ii)  Sublease dated April 28, 2006 between Deutsche Bank Securities, Inc. and Lehman Brothers Holding Inc. (the "9th Floor Sublease" and with the 8th floor Sublease, the "Subleases").

5.  The Debtors, in the Contract Schedule, initially proposed a Cure Payment of $328,650.00 for the 8th Floor Sublease and $0.00 Cure Payment for the 9th Floor Sublease. On October 1, 2008, the Debtors revised the Contract Schedule and now propose $0.00 Cure Payments for both the 8th Floor Sublease and the 9th Floor Sublease. For the reasons set forth below, DB files this Limited Objection to the Sale Motion to the extent of the proposed Cure Payment with respect to the Subleases.

## Limited Objection

6.  Both the 8th Floor Sublease and the 9th Floor Sublease were entered into by and between Deutsche Bank AG, New York Branch and LBHI, not as noted in the Contract Schedule, Deutsche Bank Securities, Inc. and LBHI. Deutsche Bank Securities, Inc. is not and never was a party to either of the Subleases. The Contract Schedule should be amended to reflect the correct counterparty to the Subleases.

7.  Further, the Debtors' September 2008 base rental payment of $156,500.00 for the 8th Floor Sublease and the Debtors' September 2008 base rental payment of $172,150.00 for the 9th Floor Sublease remain outstanding. Under the Subleases, Debtors' are obligated to pay base rental in equal monthly installments on or before one business day prior to the first day of each month during the term of each of the Subleases, respectively. DB has received and has recently deposited a check from the Debtors that totals the aforementioned amounts. However, as of even date, the Debtors' check has not been fully negotiated.

8.  Pursuant to the terms of the Subleases, the Debtors are obligated to pay, together with payment of monthly payments of base rent, an estimated monthly escalation charge for real estate taxes and operating expenses (the "Estimated 2008 Monthly Escalations") in excess of

those costs for the base real estate tax year and base operating expense year (each as defined in the Subleases).   DB has not received payment of the Estimated 2008 Monthly Escalations for the month of September 2008, in the amount of $2,445.53 for the 8th Floor Sublease and in the amount of $14,545.77 for the 9th Floor Sublease.

9. Moreover, pursuant to the terms of the Subleases, the Debtors are obligated to pay, within 45 days of receipt of a statement from DB, escalation charges for real estate taxes and operating expenses (as defined in the Subleases), which have accrued during the term of the Subleases.  On September 15, 2008, DB sent invoices to the Debtors, together with a copy of material furnished to DB in connection with such invoices, in the amounts of $ 51,356.09, and $415,447.07 for escalation charges for the 8th Floor Sublease and the 9th Floor Sublease, respectively.  (These amounts include the Estimated 2008 Monthly Escalations for September 2008 set forth in Paragraph 8 above.)  A breakdown of the charges for each invoice is attached hereto as Exhibits A and B.  To date, DB has not received payment of these charges.

10. Finally, DB has not received payment for October 2008 base rental and Estimated 2008 Monthly Escalations for the 8th Floor Sublease and the 9th Floor Sublease, all of which were due on or before September 30, 2008.  The base rental and Estimated 2008 Monthly Escalations owing for the 8th Floor Sublease for October 2008 are in the amounts of $156,500.00 and $2,445.53, respectively.  The base rental and Estimated Monthly 2008 Escalations owing for the 9th Floor Sublease for October 2008 are in the amounts of $172,150.00 and $14,545.77, respectively.

11. DB requests that either it be paid the amounts outstanding under the Subleases, as set forth herein, as Cure Payments, or if such amounts are not treated as Cure Payments because

719209v6   070636.0593

of the timing of the assumption and assignment, such amounts be paid as due under the Subleases. DB reserves all of its rights as to such sums.

## Applicable Authority

12.     Section 365(a) of the Bankruptcy Code permits a debtor in possession to assume or reject unexpired leases. 11 U.S.C. § 365(a). Section 365(b) of the Bankruptcy Code provides that if there is a default under the unexpired lease, a debtor in possession may not assume the lease unless it:

> (a)   cures, or provides adequate assurance that the [debtor in possession] will promptly cure, such default…;
>
> (b)   compensates, or provides adequate assurance that the [debtor in possession] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (c)   provides adequate assurance.

13.     Subject to certain exceptions not relevant herein, a debtor in possession may also assign an unexpired lease, provided that the requirements for assignment are met. 11 U.S.C. §365(f)(2)(A). Where the assignment of a lease is contemplated, the parties look to the proposed assignee to provide the requisite adequate assurance of future performance. 11 U.S.C. §365(b)(1)(C), (f)(2)(B). *In re Monahan Ford Corp. of Flushing v. Jaspan Schlesinger Hoffman, LLP,* 390 B.R. 493, 500 (Bankr. E.D.N.Y. 2008) citing to *In re Evelyn Brynes, Inc.* 32 B.R. 825, 828 (Bankr. S.D.N.Y. 1983).

14.     Upon assumption and assignment of an executory contract or unexpired lease, both the Bankruptcy Code and well settled case law, requires, either a cure of all monetary defaults under the agreement or adequate assurance of future performance under such agreement.

15. There is no question that DB is entitled to payment of the September 2008 and October 2008 rents and the escalation charges set forth herein either as Cure Payments or, if not as Cure Payments, from Barclays on such dates as due under the Subleases.

WHEREFORE, for the reasons set for the herein, DB requests that the Contract Schedule be amended accordingly and that it be granted such additional relief as may be just and proper.

Dated: New York, New York
      October 3, 2008

    Moses & Singer, LLP
    Attorneys for Deutsche Bank AG, New York Branch

    By:    /s/ Alan E. Gamza
    Alan E. Gamza, Esq. (AG-2014)
    Andrew P. Lederman, Esq. (AL-4108)
    MOSES & SINGER LLP
    The Chrysler Building
    405 Lexington Avenue
    New York, NY 10174
    Telephone: (212) 554-7800