UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | : Chapter 11 |
| | : |
| LEHMAN HOLDINGS INC. et al.,: | |
| DEBTOR | : Jointly Administered |
| | : Under Case No. 08-13555 (JMP) |
| | : |
| | : AFFIDAVIT OF KATHLEEN ARNOLD, |
| | : CREDITOR |

**OBJECTION AND MOTION TO BLOCK TRANSFER/SALE OF ALL CORE ASSETS THAT DO NOT CONTAIN STANDING ORDER BY THIS COURT AND, THAT THUS ORDERS A PROVISION UNDER THE BANKRUPTCY ABUSE PREVENTION & CONSUMER PROTECTION ACT OF 2005, 11 U.S.C. §363(o), SUBJECTING ALL SALE OR TRANSFERS TO BE TAKEN BY NEW PURCHASER SUBJECT SAID PROVISION AND SUBJECT ALL CONSUMER TRUTH IN LENDING CLAIMS PENDING OR TO BE BROUGHT AGAINST DEBTOR, LEHMAN HOLDINGS INC., et al.**

The undersigned Affiant, Kathleen Arnold, hereby states and deposes as follows:

1. Affiant, Kathleen Arnold, advocating on behalf of all borrowers whose loans are held by Lehman Brothers Holdings Inc., or any division, assignee, assignors or purported asset holders and moves now on behalf of all consumers and borrowers whose mortgage loans were originated or are currently held in any Lehman Holdings Inc., debtor or non-debtor entity, affiliates, subsidiary, or are held in any known or unknown financing partners companies or LLC's, including but not limiting to, any privately held LLC's by anyone affiliated with anyone

or any executive of Lehman Holdings Inc. et al., and for which loans are, or where ever serviced

by Lehman Holdings Inc. or any conduit therein.

1

2. Ms. Arnold is representing and advocating on behalf of all borrowers to have a voice in very important issues, which affect us, being addressed in this bankruptcy court.

3. On behalf of all borrowers, Affiant asserts that any claims of fraud are not protected from relief under the bankruptcy code. The Bankruptcy Code has long prohibited debtors from discharging liabilities incurred on account of their fraud, carrying forth a basic policy of affording relief only to an "honest, but unfortunate debtor."

3. Congress clearly intended perpetrators of fraud should not be given the opportunity to wipe out debts in bankruptcy thereby Plaintiff's/Creditors, action against them should be allowed to go forward. Congress <u>did not</u> favor giving perpetrators of fraud a fresh start (by allowing them to wipe out their debts in bankruptcy) over the interest in protecting victims of fraud when it wrote the Bankruptcy Laws. Accordingly, Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge in bankruptcy "any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

4. The Supreme court has ruled that it is not just the value of the property, but that also includes treble and punitive damages.

5. Affiant asserts debts which are non-dischargeable include:

(a) Debts incurred due to false statements made with the intent to deceive

(b) Fraud committed in a fiduciary capacity, such as embezzlement or larceny

(c) Punitive damage claims for "willful and malicious" acts

6. The bankruptcy Court protection <u>cannot</u> protect Lehman Brothers Holdings Inc. from

2

allegations of Fraud, including Statutory or regulatory remedies, punitive and treble damages.

7. Borrower's statutory remedy of rescission and relief cannot be avoided in any way as statutory and regulatory remedies are not protected by bankruptcy.

8. As borrowers and "legal owners" of property known and located at 9543 North Side Drive Owings, MD 20736 and under loan number # 0626414260, our Deeds of Trust and Mortgage Notes are an asset to the Debtors estate, and as such borrowers hold an equity interest in the Debtors estate with lawsuit having bee filed under RWT 07-2722 and consolidated into case # RWT 07-2617 AND LIS PENDENS filed in the Circuit Courts of Calvert County. As borrowers we represent an untold amount of loans with outstanding principal balances totaling in the possible Trillions of Dollars. This asset far outweighs any other asset of this Debtor or the creditors of the estate. Property of the estate includes, but is not limited to, all of the debtor's legal or equitable property interests and most community property, as well as interests in property either recovered by a trustee, preserved for the benefit of the estate, or ordered transferred to the estate, such as avoidable preferences and fraudulent transfers. See 11 U.S.C. §541 (aX1-7).

9. Our Notes are Secured Claims, secured claims are defined as including "liens," 11 U.S.C. § 101(37), "security," 11 U.S.C. § 101(49), "security interest," 11 U.S.C. § 101(51), "security agreement" 11 U.S.C. § 101(50), and "secured claim," 11 U.S.C. § 506(a). Allowed claims secured by a lien on property in which the estate has an interest, or that is subject to setoff, is a "secured claim" to the extent of the value of the creditor's interest which is the estate's interest in the property, or the amount subject to setoff. 11 U.S.C. § 506(a). A secured claim carries the right to "adequate protection" of collateral. 11 U.S.C. §§ 361-364; see United Sav.

Ass'n v. Timbers of Inwood Forest Assocs., 484 U.S. 365 (1988). This right is being exercised and asserted here and now by Ms. Arnold and for all similarly situated borrowers alike hereinafter.

10. Moreover, should the note is to be sold to another entity, borrowers have the right to protection of what personally identifiable information as defined in U.S.C. §741(3) may be provided to that entity in the process, Ms. Arnold now request said protections for all borrowers hereinafter. Borrowers also have the right to assert claims and preserve claims against any entity who purchases the note, Ms. Arnold now request said protections for all borrowers hereinafter.

11. Important issues need to be addressed concerning "customer property" as defined under U.S.C. §741(4)et seq., including the security, and proceeds of such security, property, received, acquired, or held by or for the account of the debtor, from or for the securities account of a customer or any said holder. Property such as deeds of trust, securities, and escrow accounts which may have been unlawfully converted, is and remain the lawful property of the estate.

12. Borrowers have the right to disclosure of any known and unknown parties of interest in their deeds of trust, notes, riders etc., including but not limited to any and all loan financing partners, credit default swap partners, guarantors, master loan servicer, credit insurers, credit enhancement providers, whether that party insures an individual loan or an entire loan pool, including any party who as defined under 741 (7) (A)(i) which owns a security interests or provides insurance associated with a particular loan or loan pool that carries any credit enhancements, or any guarantee as defined under 741 (A)(ix).

4

13. These assets, upon information and belief of the affiant, may be either transferred or in the process of being transferred in the Barclay's sale or pending transactions without any liabilities attached. These Courts know, Lehman Holdings Inc. cannot use the bankruptcy court and transfers of assets to avoid allegations of Fraud and wrongdoing. Once it is established that specific money or property has been obtained by fraud, "any debt" arising therefrom is excepted from discharge as follows:

a) §523(a)(2)(A) excepts from discharge all liability arising from fraud, treble damages (plus attorney's fees and costs) awarded on account of the debtor's fraud fall within the scope of the exception. The most straightforward reading of §523(a)(2)(A) is that it prevents discharge of "any debt" respecting "money, property, services, or … credit" that the debtor has fraudulently obtained. See *Field v. Mans,* 516 U.S. 59, 61, 64.

b) An obligation to pay treble damages satisfies the threshold condition that it constitute a "debt." That word is defined as liability on a "claim," §101(12), which in turn is defined as a "right to payment," §101(5)(A), which this Court has said means an enforceable obligation, *Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 559. An award of treble damages is an enforceable obligation of the debtor, and the creditor has a corresponding right to payment. Moreover, the phrase "to the extent obtained by" in §523(a)(2)(A) modifies "money, property, services, or … credit"–*not "any debt"*–so that the exception encompasses "any debt … for money, property, [etc.], to the extent [that the money, property, etc., is] obtained by" fraud.

c) The Court rejects petitioner's argument that a "debt for" money, property, etc., is necessarily limited to the value of the "money, property, services, or … credit" the debtor obtained by fraud, such that a restitutionary ceiling would be imposed on the extent to which a debtor's liability for fraud is nondischargeable. That argument is at odds with the meaning of "debt for" in parallel exceptions to discharge set forth in §523(a), which use ***"debt for" to mean "debt as a result of," "debt with respect to," "debt by reason of," and the like***. The Court's reading of §523(a)(2)(A) is also reinforced by the fraud exception's history.

d) Moreover, §523(a)'s various exceptions from discharge reflect Congress' conclusion that the creditors' interest in recovering full payment of debts in these categories outweighs the debtors' interest in a complete fresh start, see *Grogan v. Garner,* 498 U.S. 279, 287. Pp. 4—10.106 F.3d 52, affirmed. O'Connor, J., delivered the opinion for a unanimous Court.

e) The extended right of rescission lasts 3 years from the date of the closing of the loan. 12 C.F.R. 226.23(a)(3). *Semar v. Platte Valley Fed. S&L. Assn.,* 791 F.2d 699 (9th Cir. 1986)

f) The rescission remedy runs against any assignee: "Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any

5

assignee of the obligation." 15 U.S.C. § 1641(c). *Mount v. LaSalle Bank Lake View*, 926 F.Supp. 759 (N.D.Ill. 1996); *Stone v. Mehlberg*, 728 F.Supp. 1341 (W.D.Mich. 1989).

g) Upon rescission, "the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge" (step one). 12 C.F.R. 226.23(d)(1). Within 20 days the creditor must take any action required to cancel the security interest and must return any money paid on the loan (step two). 12 C.F.R. 226.23(d)(2). Liability for TILA claims for monetary damages runs against assignees where the violation is apparent on the face of the loan documents. 15 U.S.C. §1641(a).

Affiant sent a RESPA Qualified Written Requests which Lehman Holdings Inc., or their assignees in this particular instance and the debtor, through their agents, negligently failed to answer and as was required to do so under Federal law. Lehman Holdings Inc., failed to live up to their contractual duty and it has frustrated the borrower's ability to perform on (or reinstate) the contracts therefore breaching the contract or its duty of good faith and fair dealing, which is implied in every contract. The parties to a contract, i.e., assignees, assignors, investors and any party of interest, have a duty to honor their obligations thereunder, and they also have an implied duty of good faith and fair dealing.

14. This affidavit and document will serve as public notice to any purchaser of the Deeds of Trust or Mortgage Notes or security interest therein, that liability for common law fraud can be extended, from the lender to a third Party, ***if that third party knowingly accepts the "fruits of the fraud."*** as Barclays surely would so be doing, thus, accepting Lehman Holdings Inc.'s fruits of his fraud if in fact any of these instruments were or are being sold in the order awarded Lehman Holdings Inc. by these honorable courts on September 19, 2008 and contained in said order thereof.

15. Borrower's issues in this action constitute the enforcement of regulatory powers pursuant to *§ 362(b)(4):* permits commencement or continuation of action to enforce police

6

or regulatory powers.

16. Affiant asserts many causes of action carry criminal fines and penalties and even incarceration and as so being, Ms. Arnold asks the court recognize the criminal dimension now presented to these honorable courts and on behalf of all borrowers unidentified as of yet.

### RELIEF REQUESTED

### INDEPENDENT TRUSTEE OR EXAMINER

17. Affiant Arnold, respectfully moves this court pursuant to §1104(a)(1)(2) for an appointment of independent Trustee or Examiner (1) for causes, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before, during or after the commencement of the case, or similar cause; (2) such appointment is in the interest of creditors, equity security holders, and other interests of the estate, known and unknown parties of interest.

18. Affiant Arnold, further moves this court pursuant to pursuant to §1106 (3) and request, this court appoint an independent examiner to investigate the acts, conduct, assets, liabilities and, overall operation of the debtor's business leading up to and causing the debtor to have cause to be forced to seek Title 11 protection and, further moves an examination and desirability analyses be conducted as to the further continuance of such business, but, with particularity, the debtors predatory lending practices and subprime lending businesses and also, all to include matters relevant to the formation of a successful plan under §1106 (4)(A)(B).

19. Affiant Arnold, moves this court to file a statement of any investigation conducted under paragraph (3), including and facts ascertained pertaining to fraud, dishonesty,

7

incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of action available to the estate and transmit a summary of any such findings, facts, and statements pursuant to §1106 (4)(B).

## SUPREME COURT

20. Affiant Arnold, moves this court to stop protecting this Debtor against fraud as stated by the Supreme Court of the United States. It is not only the actual value of the "money, property, services, or . . . credit" the debtor obtained through fraud that is non-dischargeable in bankruptcy, but also treble "punitive damages", attorneys fees and costs related to the fraud. Our honorable supreme courts made this painfully clear when handing down their ruling on March 25, 1998 and contained in their decision in Cohen v. de la Cruz, citing particularly, "Debts which can't be discharged in bankruptcy....(1) Debts incurred due to false statements and made with the intent to deceive, (2) Fraud committed in a fiduciary capacity, such as embezzlement or larceny and (3) Punitive damage claims for "willful and malicious" acts. These acts of treason have been committed against Affiant Arnold and all similarly situated creditors/borrowers and represented herein now by Affiant Arnold.

## CONSUMER PRIVACY OMBUDSMAN

21. On behalf of all borrowers we request the appointment of a Consumer Privacy Ombudsman pursuant to U.S.C. § 332.

22. Affiant Arnold, moves this court to protect borrowers personal information, which is being shared with a variety of other entities and potential bidders for the Lehman Brothers

8

Holdings Inc., business and loan pools such as ***Barclays***.

23. The trustee pursuant to U.S.C. § 363 (b)(1) is required to protect the personally identifiable information about individuals to persons that are not affiliated with the debtor and if such policy is in effect on the date of the commencement of the case, then the trustee may not sell personally identifiable information to any person unless(A) such sale or such lease is consistent with such policy; or (B) after appointment of a consumer privacy ombudsman in accordance with section 332, and after notice and a hearing, the court approves such sale (I) giving due consideration to the facts, circumstances, and conditions of such sale; and(ii) finding that no showing was made that such sale would violate applicable nonbankruptcy law. (2) If notification is required under subsection of section 7A of the Clayton Act in the case of a transaction under this subsection, then, (A) notwithstanding subsection (a) of such section, the notification required by such subsection to be given by the debtor and shall otherwise be given by the trustee; individual Consumer's have the right to know that personal information is being protected, loan files are being protected, documents related to potential claims are being secured and protected, and private information is not transferred to unknown entities as maybe have occurred under the sale of core assets to Barclays.

33. Plaintiff further moves this court to appoint a Consumer privacy ombudsman pursuant to U.S.C. § 332 et seq. in order to protect personal information and property rights pursuant to U.S.C. §363 et seq. of all borrowers whose loans are now part of Lehman Holdings Inc. or any subsidiary thereto and this courts obligation to protect the interest of all borrowers in reference to currently pending sales of negotiable instruments, documents of title, deposit accounts, and other assets of the estate under §363(a)(b)(1), which may or may not include Ms. Arnold's property.

## US TRUSTEE

34. Affiant moves this court, for the bankruptcy trustee as the representative of the estate, pursuant to U.S.C. §323 (a) and U.S.C. §363 (a) to protect all negotiable instruments, documents of title, securities, deposit accounts, whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, or profits of property and the fees, charges, accounts or other payments for the use or occupancy, whether existing before or after the commencement of a case.

35. In this capacity the bankruptcy trustee pursuant to §323 (b) has the capacity to sue and to be sued. The relief requested will protect the Debtor's estate from further legal action due to the negligent actions of Lehman Holdings Inc., and their agents, assignees, assignors, John Doe and any party claiming an interest in said assets etc., and during the pendancy of the Chapter 11 liquidation process.

## PROTECTION OF RIGHTS OF BORROWERS

24. Affiant Arnold moves this court rightfully to block any and all attempts to transfer loans to purchasers of any kind free and clear of pending litigation or any liabilities incurred by the Debtors act of fraud or mortgage fraud. On behalf of all borrowers therefore, affiant Arnold requests and demand all borrower rights are and to further be protected under "all" State and Federal laws applicable to consumer credit transactions including but not limited to:

TILA
RESPA
ECOA
DBPA
HOEPA

TRUTH IN LENDING ACT (TILA) 15 USC 1601-1667f
Sec. 1607 - Administrative enforcement
Sec. 1640. - Civil liability
Sec. 1641. - Liability of assignees;
Sec. 1635. - Right of rescission.

a) Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation. **(d)** Rights upon assignment of certain mortgages

25. Affiant Arnold further moves this court as they are so lawfully bound to uphold the Bankruptcy Code through the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005), 11 U.S.C. §363(o) provides as follows:

*b) Notwithstanding (11 USC §383(f)), if a person purchases any interest in a consumer credit transaction that is dubject to the Truth in Lending Act ("TILA") or any interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations (January 1, 2004), as amended from time to time), and if such interest is purchased through a sale under this section, <u>then such person shall remain subject to all claims and defenses that are related to such consumer credit transactions or such consumer credit contract, to the same extent as such person would be subject to such claims and defenses of the consumer had such interest been purchased at a sale not under this section.</u>*

26. Affiant request on behalf of all borrowers, that this court slow the process down and not allow important sales of assets to be conducted in a timeline that no one can even begin to ascertain the value of assets or ensure that legal protections for property owners, investors, creditors, and Note holders can be enforced.

27. On September, 16, 2008 Lehman Holdings Inc., filed a 49 page document that with notable vagueness, outlined the sale of core Lehman Holdings Inc. assets. These honorable courts rushed to rule on September 19, 2008 to allow this sale to Barclays however said order is devoid of any standing order with regard to Bankruptcy Code through the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005), 11 U.S.C. §363(o) and, as so being, Afffiant Arnold now rightfully request on her own behalf and on the behalf of all similarly situated borrowers that an immediate revision of said order be made

by these honorable courts and that said revised order include the lawful provisions thereof in said order as the honorable courts are so bound under 11 U.S.C. §363(o) and as set our by congress and law that would stipulate any consumer transaction **must** be sold with said lawful provisions of 11 U.S.C. §363(o).

28. This court, US Trustee, and secured and unsecured creditors committee, needs to define and clearly understand what core assets Barclays is buying as it is in no way clear in the debtors 49 page motion to allow Barclays to purchase core assets. Moreover, affiant Arnold maintains she and all similarly situated borrowers also too have a stack in this as being creditors who have yet listed and identified due to the pending bar date and thus must protect their rights under rescission of fraudulent and onerous loans obtained by Lehman Holdings Inc., and thus secured by their residential properties.

## DEMAND FOR IDENTITY AND TRUE OWNER OF THE NOTES

29. On behalf of all borrowers we request Lehman Holdings Inc., and their servicing conduits therein, immediately and without further delay, malice or negligence provide any borrower who request the information, be provided with the true and real owner of the note as required by law TILA 1641(f)(2):

(f) Treatment of servicer
(2) Servicer not treated as owner on basis of assignment for administrative convenience A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation. **Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.**
(3) "Servicer" defined

For purposes of this subsection, the term "servicer" has the same meaning as in section 2605(i)(2) of title 12.

Affiant Arnold further sayeth naught;

*"Under penalties of perjury, I declare that I have personally prepared and read the forgoing document and that the facts stated in it are true."*

_____ Date: 9-27-08
Affiant Kathleen Arnold

Send to the following:

United States Bankruptcy Court, Southern District of New York
One Bowling Green
Room 534
New York, NY 10004-1408

Lehman Brothers Holdings, Claims Processing
C/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

The Office of the United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004
Phone: (212) 510-0500
Fax: (212) 668-2255
Attn: Brian Shoichi Masumoto, Esq.

Weil Gotshal's
767 Fifth Avenue
New York, NY 10153
Debtors Lawyers