Amish R. Doshi (AD5996)
**DAY PITNEY LLP**
7 Times Square
New York, New York 10036-7311
Telephone:    (212) 297-5800
Facsimile:    (212) 916-2940
E-mail: adoshi@daypitney.com

BUCHALTER NEMER, PC
SHAWN M. CHRISTIANSON (CSB#114707)
333 Market Street, 25th Floor
San Francisco, California 94105-2126
Telephone:  (415) 227-0900
Facsimile:  (415) 227-0770

ORACLE USA, INC.
DEBORAH MILLER (CSB #95527)
PEGGY BRUGGMAN (CSB #184176)
500 Oracle Parkway
Redwood City, California  94065
Telephone:  (650) 506-5200
Facsimile:  (650) 506-7114

Attorneys for Oracle U.S.A., Inc.

Hearing Date:   TBD
Hearing Time:   TBD
Objection Date: October 3, 2008

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**LEHMAN BROTHERS HOLDINGS, INC.,** *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No.  08-13555 (JMP)<br>(Jointly Administered) |

**ORACLE'S OPPOSITION TO NOTICE OF ASSUMPTION
AND ASSIGNMENT OF, AND AMOUNT NECESSARY TO
CURE DEFAULTS UNDER CONTRACTS AND LEASES TO
BE ASSUMED AND ASSIGNED TO SUCCESSFUL
PURCHASER ("OPPOSITION")**

Oracle USA, Inc., successor-in-interest to Oracle Corporation, BEA Systems, Inc., PeopleSoft USA, Inc. and Siebel  ("Oracle"), a creditor and interested party in the above-captioned jointly administered Chapter 11 cases, submits its Opposition to Lehman Brothers Holdings, Inc.'s ("Debtors") Notice of Assumption and Assignment of, and Amount Necessary to Cure Defaults Under Contracts and Leases to be Assumed and Assigned to Successful Purchaser ("Cure Notice"), filed in connection with the Debtors' motion for an order approving the sale of certain assets and authorizing the assumption and assignment of certain executory

contracts, including Oracle's ("Sale Motion"). In support of the Opposition, Oracle submits as follows:

## I. INTRODUCTION

1) In connection with the Sale Motion, on or about September 18, 2008, the Debtors filed the Cure Notice, indicating that a list of designated contracts to be assumed and assigned via the sale, as well as a list of cure amounts, would be identified and available for review on Epiq Systems' website ("Contract List").

2) The Contract List on the website identifies, under the heading "Vendor," all of the following: BEA Systems, Inc., Oracle Corporation, PeopleSoft USA, Inc. and Siebel. All of these Vendors now have been acquired by Oracle USA, Inc., which is also identified independently on the Contract List (collectively "Oracle Agreements").

3) No information with respect to the specific contracts with these vendor counter-parties designated for assumption and assignment is identified, nor are the contracts described even in broad terms, such as license, support contract, or ordering document. Attached as Exhibit "A" are the relevant pages from the Contract List which identify the Oracle Agreements.

4) Given the absence of any description of the designated Oracle Agreements, Oracle is unable to determine which contracts the Debtors have slated for assumption and assignment. Therefore, the Contract List must be amended to identify the Oracle Agreements rather than merely identifying the designated vendors.

5) In addition, the Contract List incorporates a second list, including only the vendors' name and the Debtors' proposed cure amount. This list shows a $167,822.49 cure amount for Oracle USA, Inc. and a $0.00 cure amount for each of BEA Systems, Inc., Oracle Corporation, PeopleSoft USA, Inc. and Siebel. A copy of the relevant portions of the Contract List, identifying the Oracle-related vendors' names and the proposed related cure amounts, is attached as Exhibit "B" ("Cure List").

6) Given the inadequate description of the Oracle Agreements in the Contract List, Oracle remains unable to determine the accuracy of the proposed cure, and therefore reserves the

2

right to make a further determination as to the appropriate amount owed. Any arrearages must be paid prior to any assumption and assignment of the Oracle Agreements and greater clarity on the specific designated Oracle Agreements is essential.

7) As described below, Debtors may not assume and assign the Oracle Agreements without Oracle's consent. These contracts involve the licensing of patented and/or copyrighted materials, and Oracle does not consent to their assumption and assignment at this time given the Debtors' deficient statement of intent on this issue to date.

8) For these reasons, Oracle requests that the Court deny, at this time, the Debtors' request for assumption and assignment of any Oracle executory agreements in the absence of first obtaining Oracle's consent, paying the correct amounts due and owing, and providing clarity on the targeted agreements.

## II.    ARGUMENT

### A. The Debtors May Not Assume and Assign the Identified Oracle Agreements, as They Pertain to Licenses of Intellectual Property and Oracle Does Not Yet Consent to the Proposed Assignment.

9) Section 365(c)(1) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

10) Federal law makes non-exclusive patent licenses non-assignable absent consent of the licensor. In re Catapult Entertainment, Inc., 165 F.3d 747 (9th Cir. 1999), cert. dismissed, 528 U.S. 924 (1999). See also In re ANC Rental Corporation, Inc., 277 B.R. 226, 235 (Bankr. D. Del. 2002); In re Golden Books Family Entertainment, Inc., 269 B.R. 311, 316 (Bankr. D. Del. 2001). As the Oracle Agreements involve the licensing of non-exclusive, patented software, and Oracle does not consent to the assignment, the Oracle Agreements are non-assignable. Accordingly, the assumption and assignment should be denied with respect to the Oracle Agreements.

11) In addition, the Debtors must sort out, and clearly describe, which contracts of the various listed vendors are slated for assumption.

### B. The Motion Should Be Denied With Respect to the Oracle Agreements Because It Fails to Provide an Adequate Description of the Contracts to be Assumed and Assigned, Leaving Oracle Unable to Determine the Accuracy of the Stated Cure.

12) The Debtors' effort to assume and assign the Oracle Agreements suffers from a lack of precision in clearly and completely describing the contracts involved.

13) As set forth in the Introduction, the Contract List does not describe which contracts are slated for assumption, and instead lists only the affected counter-parties. For example, no specific license, contract, or ordering document is identified for any of the listed vendors.

14) Therefore, with the scant information provided, Oracle is unable to confirm the accuracy of the cure amount.

15) Once Oracle is able to determine with certainty which contracts are contemplated to be assumed and assigned, any cure amount owed must be paid prior to the assumptions and assignments.

16) Until the Oracle Agreements are identified, Oracle cannot discern the Debtors' intentions, or the effect of the Debtors' plans on the contracts at issue.

17) Therefore, Oracle reserves the right to state the appropriate cure pending obtaining additional information from Debtors.

### III. WAIVER OF MEMORANDUM OF LAW

18) Oracle respectfully requests that this Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York, that a separate memorandum of law be submitted because the issues raised herein are not novel. Moreover, this Opposition already contains citations to case law and statutes. To the extent this Court determines that a memorandum of law is required, Oracle requests that it be allowed to submit one at a later date.

## IV.  CONCLUSION

19) Debtors are prohibited from assuming and assigning any Oracle contracts pursuant to section 365(c) and applicable case law.

20) Moreover, Debtors failed to comply with the statutory prerequisites for assumption and assignment of the Oracle Agreements, as Debtors failed to (1) identify the contracts with clarity; and (2) confirm that the correct amounts owed to Oracle will be paid.

21) For these reasons, Oracle respectfully requests that the Court deny Debtors' effort to seek assumption and assignment of the Oracle Agreements through the Contract List, the CureList and/or the Cure Notice.

Dated:  October 3, 2008
New York, New York

Respectfully submitted,
DAY PITNEY LLP

/s/ Amish R. Doshi
Amish R. Doshi, Esq. (AD5996)
7 Times Square, 20th Floor
New York, New York 10036-7311
Tel:  212-297-5800
Fax:  212-916-2960
E-mail:  adoshi@daypitney.com

BUCHALTER NEMER, PC
SHAWN M. CHRISTIANSON (CSB #114707)
333 Market Street, 25th Floor
San Francisco, California 94105-2126
Telephone:  (415) 227-0900
Facsimile:  (415) 227-0770

ORACLE USA, INC.
DEBORAH MILLER (CSB #95527)
PEGGY BRUGGMAN (CSB #184176)
500 Oracle Parkway
Redwood City, California  94065
Telephone:  (650) 506-5200
Facsimile:  (650) 506-7114

Attorneys for Oracle USA, Inc., Creditor