**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE | ) | Case No. 08-13555 (JMP) |
| | ) | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |

**OBJECTION OF**
**TATA COMMUNICATIONS SERVICES (AMERICA) INC., f/k/a VSNL AMERICA, INC.**
**TO DEBTOR'S NOTICE OF ASSUMPTION AND ASSIGNMENT OF, AND AMOUNTS**
**NECESSARY TO CURE DEFAULTS UNDER, CONTRACTS AND LEASES**
**TO BE ASSUMED AND ASSIGNED TO SUCCESSFUL PURCHASER**

Tata Communications Services (America) Inc., f/k/a VSNL America, Inc. ("Tata"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the Notice of Assumption and Assignment of, and Amounts Necessary to Cure Defaults Under, Contracts and Leases to be Assumed and Assigned to Successful Purchaser (the "Notice"), filed by the Debtors in the above-captioned cases on September 18, 2008, to the extent that the Notice relates to certain contracts with Tata, and respectfully represents and sets froth as follows:

**Background**

1. On September 15 and September 27, 2008, respectively (the "Petition Dates"), Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("LB 745", and collectively with LBHI, the "Debtors") filed petitions for relief under Chapter 11, Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2009, the Debtors filed a motion with the Bankruptcy Court seeking, *inter alia,* an order (the "Sale Order") approving a sale (the "Sale") of certain assets related to Lehman Brothers Inc., a wholly-owned subsidiary of LBHI ("LBI"), to Barclays Capital Inc. (the "Purchaser"), which assets include certain contracts designated for assumption and assignment at the closing of the Sale (the "Closing Date Contracts").

3. On September 18, 2008, the Debtors filed the Notice with this Court, which stated that the Debtors would communicate their lists of Closing Date Contracts, along with proposed cure amounts (the "Lists"), to their creditors, including Tata, by posting the Lists on the Internet at http://chapter11.epiqsystems.com/lehman. The Lists include a contract with Tata (the "Tata Contract"). In the Lists, the proposed cure amounts for the Tata Contract is set at $0.00.

4.      On September 19, 2008, this Court entered the Sale Order which, *inter alia*, approved the assumption and assignment of the Closing Date Contracts, but allowed counterparties until October 3, 2008 to object to the proposed cure amounts.

## Argument

5.      Under Sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code, a debtor-in-possession which seeks to assume and assign an executory contract must (i) cure, or provide adequate assurance that it will promptly cure, any defaults in the executory contract, (ii) compensate the counterparty to the executory contract for any actual pecuniary loss to such party resulting from such defaults, and (iii) provide adequate assurance of future performance under such contract.

6.      Under the Tata Contract, Tata provides communication services to LBI offices in New Jersey, London, Mumbai, Tokyo and Hong Kong.

7.      On July 25, 2008 and August 25, 2008, Tata submitted invoices to LBI for services provided by Tata pursuant to the Tata Contract. True and correct copies of these invoices are marked as Exhibit "A" attached hereto and incorporated herein by this reference. The invoices total $326,026.23. This amount remains unpaid and is the amount necessary to cure defaults under the Tata Contract.

8.      This Court approved the assumption and assignment of the Tata Contract in the Sale Order. Further, under the Asset Purchase Agreement by and among the Debtors, LBI and the Purchaser dated September 16, 2008, which was entered into to effect the Sale, the Purchaser promised to pay or cause to be paid all cure amounts in respect of the Tata Contract, which promise was a part of the basis of this Court's finding that the Debtors had provided adequate assurance of future performance within the meaning of Sections 365(b)(1)(C) and 365(f)(2)(A) of the Bankruptcy Code. Hence, pursuant to the Sale Order and 365(b)(1) and 365(f)(2) of the Bankruptcy Code, LBI or the Purchaser is obligated to pay $387,392.23, which represents the outstanding amounts from the Tata invoices, to cure defaults under the Tata Contract. For the reasons set forth above, Tata requests that the Court order that LBI or the Purchaser pay this cure amount.

WHEREFORE, for the reasons set forth herein, Tata respectfully (i) objects to the proposed cure amounts set forth in the Notice and the Lists, (ii) requests that this Court order LBI or the Purchaser to pay $387,392.23 to Tata to cure defaults under the Tata Contract, and (iii) requests that this Court grant such other and further relief as the Court may deem proper and just.

DATED: October _____, 2008

    TATA COMMUNICATIONS SERVICES (AMERICA)
    INC., f/k/a VSNL AMERICA, INC.
    By */s/ Michael L. Schleich*
      Michael L. Schleich - #NE 13690
      FRASER STRYKER PC LLO
      500 Energy Plaza, 409 South 17th Street
      Omaha, Nebraska 68102
      *Telephone:* 402-341-6000 - *Facsimile:* 402-341-8290
      MSchleich@fraserstryker.com
      ITS ATTORNEYS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court for the United States Bankruptcy Court, Southern District of New York, using the CM/ECF system on this _____ day of October, 2008, which system sent notification of such filing to counsel of record. The undersigned further certifies that a true and correct copy of the foregoing has been sent by first class United States mail, postage prepaid, to all participants in the case who are not CM/ECF users.

    */s/ Michael L. Schleich*
    Michael L. Schleich