BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 657-9500
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Thomas M. Gaa, Esq., (Calif. Bar No. 130720)
Kenneth T. Law, Esq., (Calif. Bar No. 111779)

Attorneys for SuccessFactors, Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC.. *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**STATEMENT OF CURE AMOUNT AND RESERVATION OF RIGHTS OF
SUCCESSFACTORS, INC. TO ORDER AUTHORIZING AND APPROVING
THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES**

TO: HONORABLE JAMES M. PECK, United States Bankruptcy Judge:

SuccessFactors, Inc. ("SuccessFactors") hereby files this *Statement of Cure Amount And Reservation of Rights Of SuccessFactors, Inc. To Order Authorizing And Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases* (the "Statement of Cure Amount And Reservation of Rights") pursuant to the *Order Under 11 U.S.C. §§ 105(a), 363 And 365 And Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing And Approving (A) The Sale of Purchased Assets Free and Clear of Liens and Other Interests And (B) Assumption And Assignment Of Certain Executory Contracts And Unexpired*

*Leases* (the "Sale And Assumption Order") entered by the Court on September 20, 2008 (Docket No. 258).[1]

## SALE AND ASSUMPTION ORDER REQUIREMENTS

The Sale and Assumption Order provides, in pertinent part, that (1) all right, title and interest of Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("LB 745"), debtors and debtors-in-possession (collectively, the "Debtors"), in certain Purchased Assets shall vest in Barclays Capital, Inc. (the "Purchaser") free and clear of all Liens, Excluded Liabilities and Interests and (2) the Debtors are authorized to assume the Contracts (including the Closing Date Contracts) to which they are a party and to assign such contracts and unexpired leases to the Purchaser pursuant to certain procedures set forth in this order.[2]

More specifically, the Sale and Assumption Order provides that (1) any objections to the Cure Amounts the Debtors have contended are due and owing with respect to any of the Closing Date Contracts must be filed by the non-debtor counterparty to such contract not later than October 3, 2008 (the so-called "Cure Amount Objection Deadline") and (2) if the Debtors, the Purchaser and the non-debtor counterparty to any of the Closing Date Contracts cannot agree on the correct Cure Amount, the aggrieved party may seek a judicial determination of the dispute.

## RELIEF REQUESTED

SuccessFactors seeks entry of an order by the Court (1) establishing that, as of October 3, 2008, the Cure Amount owed to SuccessFactors with respect to the SuccessFactors Contracts (as

---

[1] Capitalized terms used herein but which are not defined herein shall have the meaning ascribed to such term in the Sale and Assumption Order.

[2] *See* Finding of Fact ¶N and ¶4 of the Order (sale of Purchased Assets), and Finding of Fact ¶T and ¶12 (assumption and assignment of Contracts of the Sale and Assumption Order.

Limited Objection of SuccessFactors, Inc.
To Assumption of Certain Contracts

defined hereinafter) is not less than $239,502.24, plus such further amounts as may accrue from and after that date until such contracts are assumed and assigned to the Purchaser and subject to SuccessFactors' right to amend such amount as set forth in the Reservation of Rights (as hereinafter defined), (2) ordering payment of the Cure Amount, in full, to SuccessFactors as required by the Sale and Assumption Order, (3) reserving all of SuccessFactors' rights, interests and claims related to the SuccessFactors Contracts, including without limitation the right (a) to assert a Cure Amount with respect to any such contract as may be determined ultimately to be a Closing Date Contract, a Designated Contract or any other Contract, (b) to commence and maintain an action to enforce such rights in any appropriate forum or jurisdiction, and (c) to take such other actions as may be permitted at law or equity with regard to any such contract and/or enforcement of such rights, and (4) affording such other and further relief as may be necessary to protect SuccessFactors' rights and interests in this matter.

## BACKGROUND

1. SuccessFactors, Inc. is a Delaware corporation with offices at 1500 Fashion Island Boulevard, Suite 300, San Mateo, CA 94404 and, among other activities, it is in the business of providing various information technology services and products.

2. Prior to the commencement of this case, SuccessFactors entered into certain executory contracts with the Debtors, including without limitation the SuccessFactors Contracts.

3. On September 17, 2008, the *Debtors' Motion To (A) Schedule A Sale Hearing; (B) Establish Sales Procedures; (C) Approve A Break-Up Fee; and (D) Approve The Sale Of The Purchased Assets And The Assumption And Assignment Of Contracts Relating To The Purchased Assets* (the "Sale and Assumption Motion") was filed.   The Sale and Assumption Motion sought,

in pertinent part, to assume and assign certain executory contracts that are categorized as either the so-called "Closing Date Contracts" or the "Designated Contracts" by the Debtors.

4. On September 19, 2008, the Debtors caused a list (the "Final Consolidated IT (Revised) List") to be filed that identified certain executory contracts (including the Closing Date Contracts) that may be assumed by the Debtors and assigned to the Purchaser as the closing of the Asset Sale (or thereafter) and, further, asserted therein the monetary cure amounts that it contends are owed with respect to each identified executory contract.[3] The Final Consolidated IT (Revised) List identifies "SUCCESSFACTORS, INC." and "Successfactors, Inc." as the Vendor to various contracts to be assumed and assigned. However, no additional information was provided by the Debtors identifying the Closing Date Contracts or other executory contracts sought to be assumed and assigned to Purchasers.

5. With regard to the Contracts listed on the Final Consolidated IT (Revised) List to which SuccessFactors is identified as the non-debtor counterparty, the Debtors state that the Cure Amount for all such contracts is $63,735.00 and that such amount is owed to SuccessFactors.

6. Although the Debtors recognized their legal obligation to cure all monetary defaults as a condition of assuming and assigning the Contracts, SuccessFactors objected (the "Limited Objection") to the Sale and Assumption Motion and sought entry of an order requiring the Debtors to provide SuccessFactors a more definitive description of the Closing Date Contracts sought to be assumed and assigned.[4]

---

[3] *See* the website of Epiq Systems - Bankruptcy Solutions [http://chapter11.epiqsystems.com/Documents.aspx].

[4] *See* the *Limited Objection Of SuccessFactors, Inc. To Debtors' Motion Seeking, Among Other Things, An Order Authorizing And Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases*

7. On September 20, 20008, the above-captioned Court entered the Sale and Assumption Order denying the Limited Objection and providing, in pertinent part, that (a) all right, title and interest of the Debtors in the Purchased Assets shall vest in the Purchaser free and clear of all Liens, Excluded Liabilities and Interests and (2) the Debtors are authorized to assume the Contracts (including the Closing Date Contracts) identified in the Final Consolidated IT (Revised) List to which they are a party and to assign such contracts and unexpired leases to the Purchaser.

8. The Sale and Assumption Order further provides that (1) any objections to the Cure Amounts with respect to any of the Closing Date Contracts must be filed by the non-debtor counterparty not later than the Cure Amount Objection Deadline and (2) if the parties to any of the Closing Date Contracts cannot agree on the correct Cure Amount, the aggrieved party may file an application seeking judicial determination of the matter on twenty (20) days notice and with any response to such application due fifteen (15) days after the application is filed. *See* ¶12 of the Sale and Assumption Order.

9. On October 1, 2008, the Debtors caused a second list (the "Updated Final Consolidated IT (Revised) List") of executory contracts (including the Closing Date Contracts) to be filed.[5] The Updated Final Consolidated IT (Revised) List did not amend, modify, expand, alter, add or delete any information pertaining to the executory contracts the Debtors contend SuccessFactors is the non-debtor counterparty and that it seeks to assume and to assign; likewise, this list did not modify or otherwise change the amount of the monetary default that the Debtors contend has to be cured as a condition of assuming and assigning the executory contracts to which

---

(the "Limited Objection") filed on September 19, 2008.
[5] *See* the Epiq Systems - Bankruptcy Solutions website [which is situated at:

SuccessFactors is the non-debtor counterparty.

10. In the absence of any further identification of the Closing Date Contracts to be assumed and assigned by the Debtors, SuccessFactors has reviewed its executory contracts and understands that <u>only the executory contracts (collectively, the "SuccessFactors Contracts") listed in this paragraph are the Closing Date Contracts to which it is a non-debtor counterparty and that the Debtors seek to assume and assign</u>:

(a) that certain agreement consisting of (i) the Application Service Provider Transaction; (ii) Application Service Provider Supplement, effective May 2007; and (iii) the General Terms and Conditions: IT Products and Services, No.CON000000016252, (collectively, the "ASPTS-1 Agreement");

(b) that certain agreement consisting of (i) the Application Service Provider Transaction Schedule, Schedule No. ASPTS-Number 2, Order Date: January 29, 2008; (ii) Application Service Provider Supplement, effective May 2007; and (iii) the General Terms and Conditions: IT Products and Services, No.CON000000016252, (collectively, the "ASPTS-2 Agreement");

(c) that certain agreement consisting of (i) the Professional Services Transaction Schedule, Schedule No. PSTS-2, Order Date: April 27, 2007; (ii) Professional Services Supplement, effective June 4, 2007; and (iii) the General Terms and Conditions: IT Products and Services, No.CON000000020855, (collectively, the "PSTS-2 Agreement");

(d) that certain agreement consisting of (i) the Professional Services Transaction Schedule, Schedule No. PSTS-3, Order Date: January 1, 2008; (ii) Professional Services Supplement, effective June 4, 2007; and (iii) the General Terms and Conditions: IT

---

http://chapter11.epiqsystems.com/Documents.aspx].

Products and Services, No.CON000000020855, (collectively, the "PSTS-3 Agreement");

(e) that certain agreement consisting of (i) the Professional Services Transaction Schedule, Schedule No. PSTS-03, Order Date: January 13, 2008; (ii) Professional Services Supplement, effective June 4, 2007; and (iii) the General Terms and Conditions: IT Products and Services, No.CON000000020855, (collectively, the "PSTS-3A Agreement");

(f) that certain agreement consisting of (i) the Professional Services Transaction Schedule, Schedule No. PSTS-4, Order Date: January 1, 2008; (ii) Professional Services Supplement, effective June 4, 2007; and (iii) the General Terms and Conditions: IT Products and Services, No.CON000000020855, (collectively, the "PSTS-4 Agreement");

(g) that certain agreement consisting of (i) the Professional Services Transaction Schedule, Order Date: April 16, 2007; (ii) Professional Services Supplement, effective June 4, 2007; and (iii) the General Terms and Conditions: IT Products and Services, No.CON000000020855, (collectively, the "PSTS-5 Agreement");

(h) that certain agreement consisting of (i) the Professional Services Transaction Schedule, Order Date: July 20, 2007; (ii) Professional Services Supplement, effective June 4, 2007; and (iii) the General Terms and Conditions: IT Products and Services, No.CON000000020855, (collectively, the "PSTS-6 Agreement"); and

(i) that certain agreement consisting of (i) the Professional Services Transaction Schedule, Order Date: July 23, 2007; (ii) Professional Services Supplement, effective June 4, 2007; and (iii) the General Terms and Conditions: IT Products and Services, No.CON000000020855, (collectively, the "PSTS-7 Agreement").

11. With regard to the SuccessFactors Contracts, the correct Cure Amount that must

be paid to SuccessFactors is $239,502.24, plus such further amounts that accrue from and after that date until such contract is assumed and assigned to Purchaser and subject to SuccessFactors' right to amend such amount as set forth on the Reservation of Rights set forth hereinafter. A true and accurate copy of SuccessFactors' account statement of the Cure Amount is attached hereto as Exhibit "A" and incorporated by reference herein as if fully set forth.

12. SuccessFactors specifically reserves all of its rights, interests and claims related to any other executory contracts that exist by and between SuccessFactors, its affiliates and subsidiaries and the Debtors, the Non-Debtor Lehman Entities, and their respective affiliates and subsidiaries, including without limitation the right to assert a Cure Amount with respect to any such contract as hereinafter is determined to be a Closing Date Contract, a Designated Contract or any other Contract, to commence and maintain an action in any appropriate forum or jurisdiction, and to take such other actions as may be permitted at law or equity with regard to any such contract (the "Reservation of Rights").

WHEREFORE, SuccessFactors hereby requests that the Court enter its order (1) establishing the Cure Amount with respect to the SuccessFactors Contracts is not less than $239,502.24 (as of October 3, 2008), plus such further amounts that accrue from and after that date until such contract is assumed and assigned to Purchaser and subject to SuccessFactors' right to amend such amount as set forth in the Reservation of Rights, (2) ordering payment of the Cure Amount, in full, to SuccessFactors as required by the Sale and Assumption Order, (3) reserving all of SuccessFactors' rights, interests and claims related to any executory contracts other than the SuccessFactors Contracts, including without limitation the right (a) to assert a Cure Amount with

respect to any such contract as may be determined ultimately to be a Closing Date Contract, a Designated Contract or any other Contract, (b) to commence and maintain an action to enforce such rights in any appropriate forum or jurisdiction, and (c) to take such other actions as may be permitted at law or equity with regard to any such contract and/or enforcement of such rights, and (4) affording such other and further relief as may be necessary to protect SuccessFactors' rights and interests in this matter.

Dated: October 3, 2008

Respectfully submitted,

BIALSON, BERGEN & SCHWAB
Attorneys for SuccessFactors, Inc.

By: /s/ Thomas M. Gaa_____
       Thomas M. Gaa, Esq.