BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 657-9500
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Thomas M. Gaa, Esq., (Calif. Bar No. 130720)
Kenneth T. Law, Esq., (Calif. Bar No. 111779)

Attorneys for NetApp, Inc. and Network Appliance Limited

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 Case No. |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC.. *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**STATEMENT OF CURE AMOUNT AND RESERVATION OF RIGHTS OF
NETAPP, INC. AND NETWORK APPLIANCE LIMITED TO ORDER
AUTHORIZING AND APPROVING THE ASSUMPTION AND ASSIGNMENT
OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

TO: HONORABLE JAMES M. PECK, United States Bankruptcy Judge:

NetApp, Inc., formerly known as Network Appliance, Inc., and Network Appliance Limited (collectively, "NetApp") hereby file their *Statement of Cure Amount And Reservation of Rights Of NetApp, Inc. And Network Appliance Limited To Order Authorizing And Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases* (the "Statement of Cure Amount And Reservation of Rights") as ordered by the *Order Under 11 U.S.C. §§ 105(a), 363 And 365 And Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing And Approving (A) The Sale of Purchased Assets Free and Clear of Liens and Other Interests And (B) Assumption And Assignment Of Certain Executory Contracts And Unexpired*

1

*Leases* (the "Sale And Assumption Order") entered by the Court on September 20, 2008 (Docket No. 258).[1]

## SALE AND ASSUMPTION ORDER REQUIREMENTS

The Sale and Assumption Order provides, in pertinent part, that (1) all right, title and interest of Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("LB 745"), debtors and debtors-in-possession (collectively, the "Debtors"), in certain Purchased Assets shall vest in Barclays Capital, Inc. (the "Purchaser") free and clear of all Liens, Excluded Liabilities and Interests and (2) the Debtors are authorized to assume the Contracts (including the Closing Date Contracts) to which they are a party and to assign such contracts and unexpired leases to the Purchaser pursuant to certain procedures set forth in this order.[2]

More specifically, the Sale and Assumption Order provides that (1) any objections to the Cure Amounts the Debtors have contended are due and owing with respect to any of the Closing Date Contracts must be filed by the non-debtor counterparty to such contract not later than October 3, 2008 (the so-called "Cure Amount Objection Deadline") and (2) if the Debtors, the Purchaser and the non-debtor counterparty to any of the Closing Date Contracts cannot agree on the correct Cure Amount, the aggrieved party may seek a judicial determination of the dispute.

## RELIEF REQUESTED

NetApp seeks entry of an order by the Court (1) establishing the Cure Amount owed to NetApp with respect to the *Network Appliance Volume Purchase Agreement*, dated April 12, 2002, and all amendments, addendums and supplements thereto, by and between Network Appliance, Inc.

---

[1] Capitalized terms used herein but which are not defined herein shall have the meaning ascribed to such term in the Sale and Assumption Order.

[2] *See* Finding of Fact ¶N and ¶4 of the Order (sale of Purchased Assets), and Finding of Fact ¶T and ¶12 (assumption and assignment of Contracts of the Sale and Assumption Order.

and Network Appliance BV on the one hand, and Lehman Brothers, Inc. (the "NetApp VPA") is not less than $348,655.39 as of October 3, 2008, plus such further amounts as may accrue from and after that date until such contract is assumed and assigned to the Purchaser and subject to NetApp's right to amend such amount as set forth on the Reservation of Rights set forth hereinafter, (2) ordering payment of the Cure Amount, in full, to NetApp as required by the Sale and Assumption Order, (3) reserving all of NetApp's rights, interests and claims related to the NetApp Excluded Contracts (as hereinafter defined), including without limitation the right (a) to assert a Cure Amount with respect to any such contract as may be determined ultimately to be a Closing Date Contract, a Designated Contract or any other Contract, (b) to commence and maintain an action to enforce such rights in any appropriate forum or jurisdiction, and (c) to take such other actions as may be permitted at law or equity with regard to any such contract and/or enforcement of such rights, and (4) affording such other and further relief as may be necessary to protect NetApp's rights and interests in this matter.

## BACKGROUND

1. NetApp, Inc. is a Delaware corporation with offices at 495 East Java Drive, Sunnyvale, CA 94089 and, among other activities, it is in the business of providing equipment, software and various services.

2. Network Appliance Limited is a company limited by shares and organized under the laws of the United Kingdom with registered offices at Waterview House, 1 Roundwood Avenue, Stockley Park Uxbridge, Middlesex UB11 1EJ, United Kingdom and, among other activities, it is in the business of providing equipment, software and various services.

3. Prior to the commencement of this case, NetApp entered into certain executory

contracts with the Debtors, Lehman Brothers, Inc. and several of subsidiaries and affiliates (collectively, the "Non-Debtor Lehman Entities").

4. On September 17, 2008, the *Debtors' Motion To (A) Schedule A Sale Hearing; (B) Establish Sales Procedures; (C) Approve A Break-Up Fee; and (D) Approve The Sale Of The Purchased Assets And The Assumption And Assignment Of Contracts Relating To The Purchased Assets* (the "Sale and Assumption Motion") was filed. The Sale and Assumption Motion sought, in pertinent part, to assume and assign certain executory contracts that are categorized as either the so-called "Closing Date Contracts" or the "Designated Contracts" by the Debtors.

5. On September 19, 2008, the Debtors caused a list (the "Final Consolidated IT (Revised) List") to be filed that identified certain executory contracts (the so-called "Closing Date Contracts") that may be assumed by the Debtors and assigned to the Purchaser as the closing of the Asset Sale (or thereafter) and, further, asserted the monetary cures that it contends are owed with respect to each identified executory contract.[3] The Final Consolidated IT (Revised) List identifies the following contracts as being subject to assumption and the Vendor Contacts are listed as "Network Appliance, Inc.":

    a. Type II: Master Agreement; Vendor Contact Name & Address: Legal department, Network Appliance 495 east java drive, Sunnyvale CA 94089; Lehman Entity: LBI

    b. Type II: Master Agreement; Vendor Contact Name & Address: Legal department, Network Appliance 495 east java drive, Sunnyvale CA 94089; Lehman Entity: LBI

---

[3] *See* the website of Epiq Systems - Bankruptcy Solutions [http://chapter11.epiqsystems.com/Documents.aspx].

    c.    Type II:  Amendment/Addendum/Schedule (with no date included); Vendor Contact Name & Address:  Legal department, Network Appliance 495 east java drive, Sunnyvale CA 94089; Lehman Entity: LBI

    d.    Type II:  Amendment/Addendum/Schedule (with no date included); Vendor Contact Name & Address:  Legal department, Network Appliance 495 east java drive, Sunnyvale CA 94089; Lehman Entity: LBI

    e.    Type II:  TBD; Vendor Contact Name & Address:  Nick Dovaras, 230 Park Ave, Suite 834, Newyork (sic), NY 10169; Lehman Entity: Lehman Brothers

    f.    Type II:  TBD; Vendor Contact Name & Address:  Nick Dovaras, 230 Park Ave, Suite 834, Newyork (sic), NY 10169; Lehman Entity: Lehman Brothers

    g.    Type II:  [No entry]; Vendor Contact Name & Address:  Network Appliance, Inc., Legal Department, 495 east java drive, Sunnyvale CA 94089; Lehman Entity: LBI

6.    With regard to the executory contracts listed on the Final Consolidated IT (Revised) List to which NetApp is identified as the non-debtor counterparty, the Debtors state that the Cure Amount for all such contracts is $436,580.80 and that such amount is owed to Network Appliance, Inc.

7.    Although the Debtors recognized their legal obligation to cure all monetary defaults as a condition of assuming and assigning such contracts, NetApp objected to the Sale and Assumption Motion and sought entry of an order requiring the Debtors to provide NetApp a more definitive description of the Closing Date Contracts sought to be assumed and

5

assigned.[4]

8. On September 20, 20008, the above-captioned Court entered the Sale and Assumption Order denying the Limited Objection and providing, in pertinent part, that (a) all right, title and interest of the Debtors in the Purchased Assets shall vest in the Purchaser free and clear of all Liens, Excluded Liabilities and Interests and (2) the Debtors are authorized to assume the Contracts (including the Closing Date Contracts) identified in the Final Consolidated IT (Revised) List to which they are a party and to assign such contracts and unexpired leases to the Purchaser.

9. The Sale and Assumption Order further provides that (1) any objections to the Cure Amounts with respect to any of the Closing Date Contracts must be filed by the non-debtor counterparty not later than October 3, 2008 (the so-called "Cure Amount Objection Deadline") and (2) if the parties to any of the Closing Date Contracts cannot agree on the correct Cure Amount, the aggrieved party may file an application seeking judicial determination of the matter on twenty days notice and with any response to such application due 15 days after the application is filed. *See* ¶12 of the Sale and Assumption Order.

10. On October 1, 2008, the Debtors caused a second list (the "Updated Final Consolidated IT (Revised) List") of executory contracts (including the Closing Date Contracts) to be filed.[5] The Updated Final Consolidated IT (Revised) List modified the description of the executory contracts that are to be assumed and assigned and to which the Debtors contends NetApp is the non-debtor counterparty by excluding the executory contract formerly identified as: *Type II: [No entry]; Vendor Contact Name & Address: Network Appliance, Inc., Legal Department, 495 east java drive, Sunnyvale CA 94089; Lehman Entity: LBI*. The Updated Final Consolidated IT

---

[4] *See* the *Limited Objection Of NetApp, Inc. And Network Appliance Limited To Debtors' Motion Seeking, Among Other Things, An Order Authorizing And Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases* (the "Limited Objection") filed on September 19, 2008.

(Revised) List does not modify the prior representation that the Cure Amount is $436,580.80.

11.     In the absence of any further identification of the Closing Date Contracts to be assumed and assigned by the Debtors, NetApp has reviewed its executory contracts understands that the only executory contracts to which it is a non-debtor counterparty and that are included within the definition of a "Closing Date Contract" is: *Network Appliance Volume Purchase Agreement*, dated April 12, 2002, and all amendments, addendums and supplements thereto, by and between Network Appliance, Inc. and Network Appliance BV on the one hand, and Lehman Brothers, Inc. (the so-called NetApp VPA).

12.     With regard to the NetApp VPA, the correct Cure Amount that must be paid to NetApp is $348,655.39, subject to NetApp's right to amend such amount as set forth on the Reservation of Rights set forth hereinafter.

13.     NetApp specifically reserves all of its rights, interests and claims related to any other executory contracts (the "NetApp Excluded Contracts") that exist by and between NetApp, its affiliates and subsidiaries and the Debtors, the Non-Debtor Lehman Entities, and their respective affiliates and subsidiaries, including without limitation the right to assert a Cure Amount with respect to any such contract as hereinafter is determined to be a Closing Date Contract, a Designated Contract or any other Contract, to commence and maintain an action in any appropriate forum or jurisdiction, and to take such other actions as may be permitted at law or equity with regard to any such contract.

WHEREFORE, NetApp hereby requests that the Court enter its order (1) establishing the Cure Amount with respect to the NetApp VPA is not less than $348,655.39 as of October 3, 2008, plus such further amounts that accrue from and after that date until such contract is assumed and

---

[5] *See* the Epiq Systems - Bankruptcy Solutions website [which is situated at:

7

W:\N0080\082\Pldg\NetApp 2rd Obj & Cure Statement.doc                Limited Objection of NetApp, Inc. To
Assumption And Assignment of Certain Contracts

assigned to Purchaser and subject to NetApp's right to amend such amount as set forth in the Reservation of Rights, above, (2) ordering payment of the Cure Amount, in full, to NetApp as required by the Sale and Assumption Order, (3) reserving all of NetApp's rights, interests and claims related to the NetApp Excluded Contracts, including without limitation the right (a) to assert a Cure Amount with respect to any such contract as may be determined ultimately to be a Closing Date Contract, a Designated Contract or any other Contract, (b) to commence and maintain an action to enforce such rights in any appropriate forum or jurisdiction, and (c) to take such other actions as may be permitted at law or equity with regard to any such contract and/or enforcement of such rights, and (4) affording such other and further relief as may be necessary to protect NetApp's rights and interests in this matter.

Dated: Palo Alto, California
      October 3, 2008

      Respectfully submitted,

      BIALSON, BERGEN & SCHWAB
      Attorneys for NetApp, Inc. and Network Appliance Limited


      By: /s/ Thomas M. Gaa_____
          Thomas M. Gaa, Esq.

---

http://chapter11.epiqsystems.com/Documents.aspx].