BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 657-9500
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Thomas M. Gaa, Esq., (Calif. Bar No.  130720)
Kenneth T. Law, Esq., (Calif. Bar No.  111779)

Attorneys for Sun Microsystems, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC... *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**STATEMENT OF CURE AMOUNT AND RESERVATION OF RIGHTS OF
SUN MICROSYSTEMS, INC. TO ORDER AUTHORIZING AND APPROVING
THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES**

TO: HONORABLE JAMES M. PECK, United States Bankruptcy Judge:

Sun Microsystems, Inc. ("Sun") hereby files this *Statement of Cure Amount And*

*Reservation of Rights Of Sun, Inc.  To Order Authorizing And Approving The Assumption And*

*Assignment Of Certain Executory Contracts And Unexpired Leases* (the "Statement of Cure

Amount And Reservation of Rights") pursuant to the *Order Under 11 U.S.C. §§ 105(a), 363 And*

*365 And Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing And Approving*

*(A) The Sale of Purchased Assets Free and Clear of Liens and Other Interests And (B)*

*Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases* (the "Sale

And Assumption Order") entered by the Court on September 20, 2008 (Docket No. 258). [1]

## SALE AND ASSUMPTION ORDER REQUIREMENTS

The Sale and Assumption Order provides, in pertinent part, that (1) all right, title and interest of Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("LB 745"), debtors and debtors-in-possession (collectively, the "Debtors"), in certain Purchased Assets shall vest in Barclays Capital, Inc. (the "Purchaser") free and clear of all Liens, Excluded Liabilities and Interests and (2) the Debtors are authorized to assume the Contracts (including the Closing Date Contracts) to which they are a party and to assign such contracts and unexpired leases to the Purchaser pursuant to certain procedures set forth in this order.[2]

More specifically, the Sale and Assumption Order provides that (1) any objections to the Cure Amounts the Debtors have contended are due and owing with respect to any of the Closing Date Contracts must be filed by the non-debtor counterparty to such contract not later than October 3, 2008 (the so-called "Cure Amount Objection Deadline") and (2) if the Debtors, the Purchaser and the non-debtor counterparty to any of the Closing Date Contracts cannot agree on the correct Cure Amount, the aggrieved party may seek a judicial determination of the dispute.

## RELIEF REQUESTED

Sun seeks entry of an order by the Court (1) establishing that, as of October 3, 2008, the Cure Amount owed to Sun with respect to the Sun Contracts (as defined hereinafter) is not less than $40,000.00, plus such further amounts as may accrue from and after that date until such contracts are assumed and assigned to the Purchaser and subject to Sun's right to amend such amount as set

---

[1]  Capitalized terms used herein but which are not defined herein shall have the meaning ascribed to such term in the Sale and Assumption Order.

[2]  *See* Finding of Fact ¶N and ¶4 of the Order (sale of Purchased Assets), and Finding of Fact ¶T and ¶12 (assumption and assignment of Contracts of the Sale and Assumption Order.

forth in the Reservation of Rights (as hereinafter defined), (2) ordering payment of the Cure

Amount, in full, to Sun as required by the Sale and Assumption Order, (3) reserving all of Sun's

rights, interests and claims related to the Sun Contracts, including without limitation the right (a)

to assert a Cure Amount with respect to any such contract as may be determined ultimately to be a

Closing Date Contract, a Designated Contract or any other Contract, (b) to commence and

maintain an action to enforce such rights in any appropriate forum or jurisdiction, and (c) to take

such other actions as may be permitted at law or equity with regard to any such contract and/or

enforcement of such rights, and (4) affording such other and further relief as may be necessary to

protect Sun's rights and interests in this matter.

## BACKGROUND

1.      Prior to the commencement of this case, Sun entered into certain executory

contracts with the Debtors, including without limitation the Sun Contracts.

2.      On September 17, 2008, the *Debtors' Motion To (A) Schedule A Sale Hearing; (B)*

*Establish Sales Procedures; (C) Approve A Break-Up Fee; and (D) Approve The Sale Of The*

*Purchased Assets And The Assumption And Assignment Of Contracts Relating To The Purchased*

*Assets* (the "Sale and Assumption Motion") was filed.   The Sale and Assumption Motion sought,

in pertinent part, to assume and assign certain executory contracts that are categorized as either

the so-called "Closing Date Contracts" or the "Designated Contracts" by the Debtors.

3.      On September 19, 2008, the Debtors caused a list (the "Final Consolidated IT

(Revised) List") to be filed that identified certain executory contracts (the so-called "Closing Date

Contracts") that may be assumed by the Debtors and assigned to the Purchaser as the closing of the

Asset Sale (or thereafter) and, further, asserted the monetary cures that it contends are owed with

respect to each identified executory contract.[3]    The Final Consolidated IT (Revised) List identifies

the executory contracts as being subject to assumption:

> a.  Vendor Name: Sun Microsystems, Inc.;  Type II: (no description, date or other identifying information included); Vendor Contact:  General Counsel; Vendor Contact Address: 901 San Antonio Road, Palo Also, CA 94303; Lehman Entity: Unknown
>
> b.  Vendor Name: Sun Microsystems, Inc.;  Type II: (no description, date or other identifying information included); Vendor Contact:  General Counsel; Vendor Contact Address: 901 San Antonio Road, Palo Also, CA 94303; Lehman Entity: Unknown
>
> c.  Vendor Name: Sun Microsystems, Ltd.;  Type II: (no description, date or other identifying information included); Vendor Contact:  General Counsel; Vendor Contact Address: 901 San Antonio Road, Palo Also, CA 94303; Lehman Entity: Unknown
>
> d.  Vendor Name: Sun Microsystems, Ltd.;  Type II: (no description, date or other identifying information included); Vendor Contact:  General Counsel; Vendor Contact Address: 901 San Antonio Road, Palo Also, CA 94303; Lehman Entity: Unknown
>
> e.  Vendor Name: Sun Microsystems, Ltd.;  Type II: (no description, date or other identifying information included); Vendor Contact:  General Counsel; Vendor Contact Address: 901 San Antonio Road, Palo Also, CA 94303; Lehman Entity: Unknown

---

[3]  *See* the website of Epiq Systems - Bankruptcy Solutions [http://chapter11.epiqsystems.com/Documents.aspx].

f.   Vendor Name: Sun Microsystems, Ltd.;  Type II: (no description, date or other identifying information included); Vendor Contact:  General Counsel; Vendor Contact Address: 901 San Antonio Road, Palo Also, CA 94303; Lehman Entity: Unknown

g.   Vendor Name: Sun Microsystems of California Limited;  Type II: (no description, date or other identifying information included); Vendor Contact: General Counsel; Vendor Contact Address: 901 San Antonio Road, Palo Also, CA 94303; Lehman Entity: Unknown

h.   Vendor Name: Sun Microsystems, Inc.;  Type II: (no description, date or other identifying information included); Vendor Contact:  Sun Microsystems, Inc.; Vendor Contact Address: 901 San Antonio Road, Palo Also, CA 94303, ATTN:  General Counsel; Lehman Entity: Unknown

i.   Vendor Name: Sun Microsystems, Inc.;  Type II: (no description, date or other identifying information included); Vendor Contact:  General Counsel; Vendor Contact Address: 901 San Antonio Road, Palo Also, CA 94303; Lehman Entity: LBI

4.      With regard to the Contracts listed on the Final Consolidated IT (Revised) List to which Sun is identified as the non-debtor counterparty, the Debtors state that the Cure Amount for all such contracts is $11,223.00 and that such amount is owed Sun.

5.      Although the Debtors recognized their legal obligation to cure all monetary defaults as a condition of assuming and assigning the Contracts, Sun objected (the "Limited Objection") to the Sale and Assumption Motion and sought entry of an order requiring the Debtors to provide Sun a more definitive description of the Closing Date Contracts sought to

be assumed and assigned. [4]

6.      On September 20, 20008, the above-captioned Court entered the Sale and Assumption Order denying the Limited Objection and providing, in pertinent part, that (a) all right, title and interest of the Debtors in the Purchased Assets shall vest in the Purchaser free and clear of all Liens, Excluded Liabilities and Interests and (2) the Debtors are authorized to assume the Contracts (including the Closing Date Contracts) identified in the Final Consolidated IT (Revised) List to which they are a party and to assign such contracts and unexpired leases to the Purchaser.

7.      The Sale and Assumption Order further provides that (1) any objections to the Cure Amounts with respect to any of the Closing Date Contracts must be filed by the non-debtor counterparty not later than the Cure Amount Objection Deadline and (2) if the parties to any of the Closing Date Contracts cannot agree on the correct Cure Amount, the aggrieved party may file an application seeking judicial determination of the matter on twenty (20) days notice and with any response to such application due fifteen (15) days after the application is filed.   *See* ¶12 of the Sale and Assumption Order.

8.      On October 1, 2008, the Debtors caused a second list (the "Updated Final Consolidated IT (Revised) List") of executory contracts (including the Closing Date Contracts) to be filed.[5]   The Updated Final Consolidated IT (Revised) List did not amend, modify, expand, alter, add or delete any information pertaining to the executory contracts the Debtors contend Sun is the non-debtor counterparty and that it seeks to assume and to assign; likewise, this list did not modify or otherwise change the amount of the monetary default that the Debtors contend has to be cured as a condition of assuming and assigning the executory contracts to which Sun is the non-debtor

---

[4] *See* the *Limited Objection Of Sun Microsystems, Inc. To Debtors' Motion Seeking, Among Other Things, An Order Authorizing And Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases* (the "Limited Objection") filed on September 19, 2008.

counterparty.

9.        In the absence of any further identification of the Closing Date Contracts to be

assumed and assigned by the Debtors, Sun has reviewed its executory contracts and understands that

only the executory contracts (collectively, the "Sun Contracts") listed in this paragraph are the

Closing Date Contracts to which it is a non-debtor counterparty and that the Debtors seek to assume

and assign:  *Sun Equipment Maintenance And Support Services Agreement Between Lehman*

*Brothers, Inc. and Sun Microsystems, Inc.,* effective date:  June 30, 1999, and all supplements,

schedules, work orders, purchase orders, and amendments thereto.

10.        With regard to the Sun Contracts, the correct Cure Amount that must be paid to Sun

is $40,000.00, plus such further amounts that accrue from and after that date until such contract is

assumed and assigned to Purchaser and subject to Sun's right to amend such amount as set forth on

the Reservation of Rights set forth hereinafter.

11.        Sun specifically reserves all of its rights, interests and claims related to any other

executory contracts that exist by and between Sun, its affiliates and subsidiaries and the Debtors,

the Non-Debtor Lehman Entities, and their respective affiliates and subsidiaries, including

without limitation the right to assert a Cure Amount with respect to any such contract as

hereinafter is determined to be a Closing Date Contract, a Designated Contract or any other

Contract, to commence and maintain an action in any appropriate forum or jurisdiction, and to

take such other actions as may be permitted at law or equity with regard to any such contract

(the "Reservation of Rights").

WHEREFORE, Sun hereby requests that the Court enter its order (1) establishing the Cure

Amount with respect to the Sun Contracts is not less than $40,000.00 (as of October 3, 2008), plus

---

[5]  *See* the Epiq Systems - Bankruptcy Solutions website [which is situated at:  http://chapter11.epiqsystems.com/Documents.aspx].

such further amounts that accrue from and after that date until such contract is assumed and

assigned to Purchaser and subject to Sun's right to amend such amount as set forth in the

Reservation of Rights, (2) ordering payment of the Cure Amount, in full, to Sun as required by the

Sale and Assumption Order, (3) reserving all of Sun's rights, interests and claims related to any

executory contracts other than the Sun Contracts, including without limitation the right (a) to

assert a Cure Amount with respect to any such contract as may be determined ultimately to be a

Closing Date Contract, a Designated Contract or any other Contract, (b) to commence and

maintain an action to enforce such rights in any appropriate forum or jurisdiction, and (c) to take

such other actions as may be permitted at law or equity with regard to any such contract and/or

enforcement of such rights, and (4) affording such other and further relief as may be necessary to

protect Sun's rights and interests in this matter.

Dated: October 3, 2008                     Respectfully submitted,
                                            BIALSON, BERGEN & SCHWAB
                                            Attorneys for Sun Microsystems, Inc.



                                            By: /s/ Thomas M. Gaa_____
                                                Thomas M. Gaa, Esq.