**KURZMAN KARELSEN & FRANK, LLP**
Charles Palella, Esquire
230 Park Avenue, 23rd Floor
New York, NY 10169
(212) 867-9500
(212) 599-1759 (fax)
cpalella@kurzman.com

**BROWN & CONNERY, LLP**
Donald K. Ludman, Esquire
6 North Broad Street, Suite 100
Woodbury, NJ 08096
(856) 812-8900
(856) 853-9933 (fax)
dludman@brownconnery.com

Attorneys for Frictionless Commerce, Inc.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.,*<br><br><br>Debtors. | PROCEEDINGS IN CHAPTER 11<br><br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |

**OBJECTION OF FRICTIONLESS COMMERCE, INC.
TO DEBTORS' PROPOSED CURE AMOUNT**

Frictionless Commerce, Inc. ("FCI"), by and through its undersigned counsel, objects to the Debtors' proposed cure amount in connection with the assumption and assignment of certain agreements by and between FCI and the Debtors and/or their affiliates (the "Cure Objection"). In support of the Cure Objection, FCI states as follows:

198764.1

**Background**

1. On September 15 and 17, 2008, Lehman Brothers Holdings, Inc. and LB 645 LLC (jointly, the Debtors"), respectively, commenced these bankruptcy proceedings by each filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. On September 17, 2008, the Debtors filed a motion (the "Sale Motion") seeking authority, among other things, to sell certain designated assets relating to Lehman Brothers, Inc. ("LBI") to Barclays Capital, Inc. ("Barclays"), including the assumption and assignment of certain executory contracts upon the closing of the sale (the "Closing Date Contracts").

3. On September 18, 2008, the Debtors filed a notice with this Court stating that it would identify the Closing Date Contracts and the respective cure amounts by posting such information on the Internet at http://chapter11.epiqsystems.com/lehman (the "Website").

4. At approximately 1:00 am on September 19, 2008, the date of the hearing to consider the Sale Motion, the Debtors posted two lists of Closing Date Contracts on the Website identified as IT Closing Date Contracts and Non-IT Closing Date Contracts. Among the IT Closing Date Contracts was a contract with FCI, vaguely described as "Maintenance Renewal Quote," with a proposed cure amount of "$0.00." The description and proposed cure amount for the purported agreement between the FCI and the Debtors and/or their affiliates have not changed as the list of IT Closing Date Contracts has been updated.

5. On September 19, 2008, this Court entered an order granting the Sale Motion and approving the assumption and assignment of the Closing Date Contracts (the "Sale Order").

6. The Sale Order provided that counter parties to the Closing Date Contracts had until October 3, 2008 to object to the Debtors' proposed cure amounts.

**License Agreement between FCI and LBI**

7. On or about August 12, 2003, FCI and LBI entered into a certain agreement entitled Master Software License & Maintenance Agreement (the "License Agreement") of that

198764.1                                    2

date under which FCI granted a non-exclusive license to LBI for use of FCI's proprietary software upon the terms and conditions stated therein.

8. To the extent that the Debtors do not seek to assume and assign the License Agreement, FCI objects to the information provided under the IT Closing Date Contracts schedule because it is insufficient for FCI to identify the specific contract(s) the Debtors are proposing to assume and assign.

### Outstanding Obligations Under License Agreement

9. In connection with the License Agreement, FCI agreed to provide the LBI with software maintenance and other services with regard to the licensed software.

10. Software maintenance services and other obligations to be performed by FCI under the terms of the License Agreement were duly performed by FCI, and invoices were issued to the LBI.

11. Invoice number 6278000083 in the amount of $48,768.75 (the "Invoice") was sent by FCI to the LBI in or about February, 2008 for annual software maintenance services provided and to be provided by FCI during 2008. A true and correct copy of the Invoice is attached as Exhibit "A."

12. Pursuant to the terms of the Invoice, payment was due "net thirty (30) days."

13. The cure amount with respect to the License Agreement is $48,768.75, the Debtors and/or their affiliates having failed to pay the amount due under the Invoice.

14. FCI objects to the cure amount depicted on the IT Closing Date Contracts schedule to the extent that it is intended to refer to the License Agreement.

15. FCI reserves the right to supplement this Cure Objection to include amounts due for any others services provided to the Debtors or their affiliates but not yet discovered by FCI.

198764.1                                   3

16. FCI has not consented to the assumption and assignment of the License Agreement as required by 11 U.S.C. § 365(c)(1), and FCI reserves all rights in that regard.

WHEREFORE, Frictionless Commerce, Inc. respectfully requests that this Court determine and order that the cure amount for assumption and assignment of the License Agreement is $48,768.75 and grant FCI such other and further relief as the Court deems just and proper.

Dated: October 3, 2008                    KURZMAN KARELSEN & FRANK, LLP

                                          By:    /s/
                                                 Charles Palella—(6642)

                                          230 Park Avenue, 23rd Floor
                                          New York, NY 10169
                                          (212) 867-9500
                                          (212) 599-1759 (fax)

                                          And

                                          BROWN & CONNERY, LLP
                                          Donald K. Ludman, Esq.
                                          6 North Broad Street, Suite 100
                                          Woodbury, NJ 08096
                                          (856) 812-8900
                                          (856) 853-9933 (fax)

                                          Attorneys for Frictionless Commerce, Inc.

198764.1                                         4