**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
(212) 209-4800
Daniel J. Saval (DS-2437)

**BROWN RUDNICK LLP**
One Financial Center
Boston, MA  02111
(617) 856-8200
Todd A. Feinsmith (TF-1866)
Thomas H. Montgomery (TM-7183)

*Counsel to Staples Contract & Commercial, Inc. and Alpha Office Supplies, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                        :
In re:                                                  :         Chapter 11
                                                        :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*                :         Case No. 08-13555
                                                        :
                                Debtors.                :         **Objection Deadline: October 3, 2008**
                                                        :
-------------------------------------------------------------X

**OBJECTION OF STAPLES CONTRACT & COMMERCIAL, INC. AND ALPHA
OFFICE SUPPLIES, INC. TO CURE AMOUNT INCLUDED ON THE DEBTORS' LIST
OF NON-IT CLOSING DATE CONTRACTS IN ACCORDANCE WITH THE ORDER
UNDER 11 U.S.C. §§ 105(A), 363, AND 365 AND FEDERAL RULES OF BANKRUPTCY
PROCEDURE 2002, 6004 AND 6006 AUTHORIZING AND APPROVING (A) THE
SALE OF PURCHASED ASSETS FREE AND CLEAR OF LIENS AND
OTHER INTERESTS AND (B) ASSUMPTION AND ASSIGNMENT OF
<u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>**

Staples Contract & Commercial, Inc. ("<u>Staples</u>") and Alpha Office Supplies, Inc. ("<u>Alpha</u>" and, together with Staples, "<u>Objecting Parties</u>"), by and through their undersigned counsel, hereby submit this objection (the "<u>Objection</u>"), in accordance with the *Order Under 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) the Sale of Purchased Assets Free and Clear of Liens and*

*Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket No. 258] (the "Sale Order"), to the Cure Amount[1] set forth on that certain "List of Non-IT Closing Date Contracts (excluding Corporate Real Estate)" (the "Contract Schedule").[2] In support of this Objection, the Objecting Parties respectfully state as follows:

## BACKGROUND

1. Staples, Alpha and the Debtors are parties to that certain General Terms and Conditions Agreement dated as of May 11, 2006 (as amended, the "Staples/Alpha Contract").

2. In connection with that certain Asset Purchase Agreement, dated September 16, 2008, among the Debtors, Lehman Brothers Inc. and Barclays Capital, Inc. ("Barclays"), the Debtors have proposed, subject to this Court's approval, to assume and assign certain contracts to Barclays, including the Staples/Alpha Contract.

3. The Contract Schedule lists the "Revised Cure Total" for "Alpha Office Products / Staples" as "$464,239.40" (the "Proposed Cure").

## OBJECTION

4. The Objecting Parties have no objection to the assumption and assignment of the Staples/Alpha Contract. However, by this Objection, the Objecting Parties seek to correct an error with respect to the Proposed Cure set forth on the Contract Schedule.

5. According the Objecting Parties' books and records, the following amounts (collectively, the "Open Accounts") remain unpaid as of the date hereof:

- June 23, 2008 invoice in the amount of $22,726.81;
- July 21, 2008 invoice in the amount of $249,755.86;
- August 21, 2008 invoice in the amount of $311,295.35;

---

[1] Terms used and not defined herein shall have the meanings ascribed to them in the Sale Order.
[2] The Contract Schedule can be found online at http://chapter11.epiqsystems.com/Lehman.

2

- September 17, 2008 invoice in the amount of $161,102.53; and

- "Campus Door" account balance in the amount of $8,693.12.[3]

6. Aggregating the Open Accounts, the Debtors presently owe a balance of $753,573.67 to the Objecting Parties. This outstanding amount is $289,334.27 more than the Proposed Cure.

7. The Debtors' cure obligation must be satisfied in full prior to assumption and assignment of the Staples/Alpha Contract. See 11 U.S.C. § 365(b)(1)(A). Therefore, the Contract Schedule should be modified to reflect a cure amount of $753,573.67.

---

[3] The outstanding invoices are voluminous and have not been attached to the Objection. However, copies will be made available to the Debtors upon request, subject to appropriate confidentiality restrictions.

3

## **CONCLUSION**

**WHEREFORE**, the Objecting parties respectfully request that the Court enter an order correcting the Contract Schedule in the manner described herein and grant the Objecting Parties such other and further relief as is just and proper.

Dated:   New York, New York
         October 3, 2008

                              **BROWN RUDNICK LLP**

                              By: /s/ Daniel J. Saval
                                 Seven Times Square
                                 New York, New York 10036
                                 (212) 209-4800
                                 Daniel J. Saval (DS-2437)

                                 One Financial Center
                                 Boston, MA  02111
                                 (617) 856-8200
                                 Todd A. Feinsmith (TF-1866)
                                 Thomas H. Montgomery (TM-7183)

                                 COUNSEL TO STAPLES CONTRACT &
                                 COMMERCIAL, INC. AND ALPHA OFFICE
                                 SUPPLIES, INC.

\# 1600796