**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                      :
In re                                                 :   Chapter 11 Case No.
                                                      :
LEHMAN BROTHERS HOLDINGS INC., *et al.*               :   08-13555 (JMP)
                                                      :
         Debtors.                                     :   (Jointly Administered)
                                                      :
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTIONS 105, 365, AND 554(a) OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NON RESIDENTIAL REAL PROPERTY AND ABANDONMENT OF RELATED PERSONAL PROPERTY

Upon the motion, dated September 26, 2008 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), for an order pursuant to 11 U.S.C. §§ 105, 365, and 554(a), Fed. R. Bankr. P. 6006, and Local Rule 6006-1 for an order approving (i) procedures for the Debtors' assumption and assignment of Purchased Contracts, (ii) procedures for the Debtors' rejection of Rejected Contracts, and (iii) the form of notice to be served upon the counterparties to any Purchased Contract or Rejected Contract, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core

---

[1] Capitalized terms used herein but not defined herein shall have the meaning ascribed to such terms in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the Official Committee of Unsecured Creditors (the "Committee"), (iii) the attorneys for the Debtors' postpetition lenders, (iv) the Securities and Exchange Commission, (v) the Internal Revenue Service, (vi) the United States Attorney for the Southern District of New York, (vii) the SIPA Trustee and (viii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion and the Objection; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, consistent with the Sale Order, the following procedures (the "Assignment Procedures") for the assumption and assignment of Related Contracts to the Purchaser pursuant to section 365 of the Bankruptcy Code are hereby approved and established in the Debtors' chapter 11 cases:

    a.    All Related Contracts pursuant to which the Debtors provide financial services to third parties (each such contract, a "Financial Services Agreement"), including, without limitation, agreements by the Debtors for mandates or engagements for M&A advisory and other financial advisory services, underwriting, placement, and distribution or remarketing of securities, that are designated as Purchased Contracts[2] shall be deemed a Purchased Contract

---

[2] For purposes of this Motion, Purchased Contracts include PIM Leases (as such term is defined in that certain Clarification Letter with respect to the Purchase Agreement, dated September 20, 2008 (the

2

    without further action by the Purchaser or the Debtors, provided that (1) such Financial Services Agreement constitutes a Related Contract pursuant to section 2.5 of the Purchase Agreement and (2) such Financial Services Agreement constitutes an executory contract under section 365 of the Bankruptcy Code.  The Cure Amount required to be paid in connection with the assumption and assignment of a Financial Services Agreement shall be $0.00, unless the Debtors and Purchaser notify the counterparty of a different Cure Amount.   Purchaser shall provide notice to the counterparty to the Financial Services Agreement of the assignment, including the Cure Amount.

  b. For any Purchased Contract that is not a Financial Services Agreement, the Debtors will file on the docket of these chapter 11 cases a notice (the "Assignment Notice") setting forth the designation of the Purchased Contract as an agreement assumed and assigned to Purchaser,[3] and will serve the Assignment Notice via Federal Express or other overnight mail delivery service and fax or email (where available) on:  (i) the non-Debtor party (and its counsel, if known) under the respective lease or contract at the last known address available to the Debtors, (ii) counsel for the Creditors' Committee, (iii) counsel for the Purchaser, (iv) the U.S. Trustee, and (v) counsel for the SIPA Trustee (collectively, the "Notice Parties").

  c. The Assignment Notice shall be substantially in the form of Exhibit A annexed hereto.  With respect to leases being assumed and assigned, the Assignment Notice shall set forth the following information, to the best of the Debtors' and Purchaser's information: (i) the street address of real property, or a description of the personal property, that is the subject of the lease, (ii) the name and address of the affected lessor, and (iii) the proposed Cure Amount, if any.  With respect to contracts being assumed and assigned, the Assignment Notice shall set forth the following information, to the best of the Debtors' and Purchasers' information:  (a) the name and address of the contract counterparty, (b) a brief description of the contract, and (c) the proposed Cure Amount, if any.  All Assignment Notices also shall

---

"Clarification Letter") that are designated for assumption and assignment by the Purchaser in accordance with the terms of the Clarification Letter.

[3] Consistent with Rule 6006(f) of the Federal Rules of Bankruptcy Procedure, however, no more than 100 executory contracts or unexpired leases will be contained on any one Assignment Notice.

3

   set forth the deadlines and procedures for objecting and will be accompanied by a copy of the Order granting this Motion.

d. Any party in interest that objects to the proposed assignment or Cure Amount must file and serve a written objection so that such objection is filed with the Court and <u>actually received</u> by the following parties (the "<u>Objection Notice Parties</u>") no later than ten (10) days after the date on which the notice of assignment is sent to the counterparty: (i) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153-0119 (Attn: Lori R. Fife and Shai Y. Waisman); (ii) the U.S. Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis); (iii) the attorneys for the Purchaser, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York NY 10006 (Attn: Lindsee P. Granfield and Lisa M. Schweitzer); (iv) the attorneys for the Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005 (Attn: Dennis F. Dunne and Dennis C. O'Donnell); and (v) the attorneys for the SIPA Trustee, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004 (Attn: James B. Kobak, David Wiltenburg, and Jeff Margolin).

e. To the extent that any counterparty does not timely file an objection as set forth above, such counterparty is deemed to have consented to such Cure Amounts and the assumption and assignment of their respective Purchased Contracts to the Purchaser as set forth in the Assignment Notice.

f. To the extent any objections to the Cure Amounts for such contracts are timely filed, the Debtors, Purchaser and the counterparty shall meet and confer in good faith to attempt resolve any such objection without Court intervention. If the objecting party and the Purchaser determine that the objection cannot be resolved without judicial intervention, then such dispute will be determined by the Court upon written application by either party on 20 (twenty) days notice, with any response due to such an application 15 (fifteen) days after such application is filed.

g. The Purchaser shall pay any Cure Amount as soon as reasonably practicable after the earliest of (i) the date on which the contracting counterparty consents in writing to the assumption and assignment of its Purchased Contract to the Purchaser and to the Cure Amount for such contract, (ii) the date on which the counterparty is deemed to have consented to the assumption and assignment of its Purchased Contract to the Purchaser and to the Cure Amount for such contract, or (iii) the date on which the Court enters an order

4

determining the Cure Amount for such contract after the notice and hearing procedure set forth above; and it is further

ORDERED that the following procedures (the "Rejection Procedures") for the Debtors' rejection of Related Contracts pursuant to section 365 of the Bankruptcy Code and, as applicable, abandonment of related personal property pursuant to section 554 of the Bankruptcy Code, are hereby approved and established in the Debtors' chapter 11 cases:

a. The Debtors will file on the docket for these chapter 11 cases a notice (the "Rejection Notice") setting forth the proposed rejection of one or more contracts and/or leases,[4] and will serve the Rejection Notice via Federal Express or other overnight mail delivery service and fax or email (where available) on the Notice Parties.

b. The Rejection Notice shall be substantially in the form of Exhibit B annexed hereto. With respect to leases to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' and Purchasers' information: (i) the street address of real property, or a description of the personal property, that is the subject of the lease and (ii) the name and address of the affected lessor. With respect to contracts to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' and Purchasers' information: (i) the name and address of the contract counterparty, and (ii) a brief description of the contract to be rejected. All Rejection Notices will set forth the deadlines and procedures for objecting to such Rejection , the effective date of rejection and be accompanied by a copy of the Order granting this Motion.

c. Should a party in interest object to the Debtors' proposed rejection of a contract or lease, such party must file and serve a written objection so that such objection is filed with this Court and actually received by the Objection Notice Parties no later than ten (10) days after the date on which the notice of rejection is sent to the counterparty.

---

[4] Consistent with Rule 6006(f) of the Federal Rules of Bankruptcy Procedure, however, no more than 100 executory contracts or unexpired leases will be contained on any one Rejection Notice.

5

d. If no objection to a Rejection Notice is timely filed, the Rejected Contract shall be deemed rejected on the effective date set forth in the Rejection Notice, or, if no such date is set forth, the date the Rejection Notice is filed with the Court (the "Rejection Date").

e. If a timely objection to a Rejection Notice is filed and received in accordance with these proposed procedures for rejection, the Debtors shall schedule a hearing on such objection and shall provide at least five (5) days' notice of such hearing to the objecting party and the Objection Notice Parties. If the Court ultimately upholds the Debtors' determination to reject the applicable lease or contract, then the applicable lease or contract shall be deemed rejected (a) as of the Rejection Date, or (b) as otherwise determined by the Court as set forth in any order overruling such objection.

f. Claims arising out of Rejected Contracts must be filed with Epiq Bankruptcy Solutions, LLC,[5] the Court-approved claims processing agent, on or before the later of (i) the deadline for filing proofs of claim established by the Court in the Debtors' cases or (ii) forty-five (45) days after the applicable Rejection Notice is filed. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for rejection damages.

g. If the Debtors have deposited funds with the counterparty to a Rejected Contract as a security deposit or other arrangement, such counterparty may not setoff or otherwise use such deposit without the prior authority of the Court or agreement of the parties.

h. The Debtors are authorized to remove any property from the premises that are the subject of any rejected lease, consistent with the Debtors' ownership rights or other property interests therein, personal property that the Debtors have installed in or about the leased premises (i.e., fixtures, furniture, equipment, and other property) that is either owned by the Debtors, leased by the Debtors from third parties, or subject to any equipment financing agreements with third parties. To the extent that the Debtors determine that any interest of the Debtors in property has little or

---

[5] Claims should be sent to the following addresses:

If by first-class mail: Lehman Brothers' Claims Processing, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5076, New York, New York 10150-5076.

If by hand delivery or overnight mail: Epiq Bankruptcy Solutions, LLC, Attn: Lehman Brothers' Claims Processing, 757 Third Avenue, 3rd Floor, New York, New York 10017.

6

      no value or that the preservation thereof will be burdensome to their estates compared with the expense of removing and storing such property, the Debtors are authorized to abandon, in the Debtors' sole discretion, such property remaining at the premises subject to a rejected lease as of the Rejection Date; *provided, however,* that the Debtors shall not abandon property remaining at any premises having an aggregate book value in excess of $750,000 without obtaining the consent of the Committee; *provided further*, that nothing herein shall preclude the Debtors from seeking to abandon property without the Committee's consent by separate motion.  In the event the Debtors propose to abandon property pursuant to this Order, the foregoing notice and objection procedures will apply and the Debtors shall otherwise be excused from the requirements of Rule 6007-1 of the Local Rules for the Southern District of New York; provided, however, that the ten day objection period shall at the request of the Committee prior to the expiration of such period, shall be extended for an additional ten day period solely with respect to the Committee.  Absent a timely objection filed in accordance with these Rejection Procedures, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code as of the Rejection Date and, except as set forth above, the landlord(s) may dispose of such abandoned property without liability to any third party claiming an interest in such abandoned property.

  i.  If the Debtors propose to reject a lease of personal property pursuant to a Rejection Notice, such Rejection Notice shall a provide a description of the leased property, the location of same, and the automatic stay shall be deemed modified to permit the respective personal property lessor to recover such leased property within ten (10) days of the date the Rejection Notice is filed (the "<u>Collection Period</u>").  If the lessor does not retrieve its property by the end of the Collection Period, the property shall be deemed abandoned without further order of this Court, free and clear of any interests, and the owner of the premises containing such property or its designee shall be free to dispose of same without liability to any party; and it is further

  ORDERED that, pursuant to section 365 of the Bankruptcy Code, the Debtors' assumption and assignment of any Purchased Contract to Purchaser in accordance with the Assignment Procedures set forth in this Order is hereby approved; and it is further

7

ORDERED that, pursuant to section 365 of the Bankruptcy Code, the Debtors' rejection of any Rejected Contract in accordance with the Rejection Procedures set forth in this Order is hereby approved; and it is further

ORDERED that, pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized to abandon any personal property, furniture, fixtures, and/or equipment remaining at premises subject to a rejected lease of real property in accordance with the procedures set forth in this Order; and it is further

ORDERED that the Debtors shall in good faith provide relevant information to the attorneys for the Committee regarding Financial Services Agreement notices, Assumption Notices, and Rejection Notices prior to sending such notices to counterparties, to the extent practicable; and it is further

ORDERED that the Debtors are hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the Assignment Procedures and the Rejection Procedures as approved by this Order; and it is further

ORDERED that entry of this Order is without prejudice to the rights of the Debtors, including, but not limited to, the right to seek further, other, or different relief regarding the unexpired leases and executory contracts pursuant to, among other things, section 365 of the Bankruptcy Code; and it is further

ORDERED that, in the event that any guaranty agreements between the Debtors and the Government National Mortgage Association become Purchased Contracts, approval of assignment is conditioned on the receipt of any necessary

regulatory approvals and compliance with any necessary regulatory procedures; and it is further

ORDERED that, solely with respect to any leases of personal property between the Debtors and GE Capital Information Technololgy Solutions, Inc. d/b/a IKON Financial Services ("IKON"), subsection i. of the Rejection Procedures above is deemed replaced by the following terms: If the Debtors propose to reject a lease of personal property with IKON pursuant to a Rejection Notice, such Rejection Notice shall a provide a description of the leased property, the location of same, and the automatic stay shall be deemed modified to permit IKON to recover such leased property; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:  New York, New York
         October 3, 2008

                                         *s/ James M. Peck*
                                         UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A
Assumption and Assignment Notice

08-13555-mg    Doc 628    Filed 10/03/08    Entered 10/03/08 15:44:42    Main Document
Pg 10 of 17

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
**In re**                                    :    **Chapter 11 Case No.**
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.,**           :    **08-13555 (JMP)**
*et al.*                                     :
          **Debtors.**                       :    **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x

## NOTICE OF ASSUMPTION AND ASSIGNMENT
## OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**PLEASE TAKE NOTICE** that, on September 20, 2008, the United States Bankruptcy Court of the Southern District of New York (the "Bankruptcy Court") entered an order (the "Sale Order") which, among other things, approved an Asset Purchase Agreement (the "Purchase Agreement") in the above-referenced chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively, the "Debtors").

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Sale Order and Section 2.5 of the Purchase Agreement, Barclays Capital, Inc. (the "Purchaser") has the right to designate certain of the Debtors' unexpired leases and executory contracts for assumption and assignment to Purchaser (collectively, the "Purchased Contracts").[6]

**PLEASE TAKE FURTHER NOTICE** that, on September __, 2008, the Bankruptcy Court entered an order (the "Procedures Order") which, among other things, approved expedited procedures for the assumption and assignment of Purchased Contracts to the Purchaser.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the Purchaser hereby provide notice of the (i) assumption and assignment of the Purchased Contracts identified below as of the date hereof, and (ii) cure costs, if any, to be paid (the "Cure Amounts") pursuant to 11 U.S.C. § 365(b)(1)(A) in connection with the assumption and assignment of such Purchased Contracts.

---

[6] For purposes of this Notice and the Procedures Order (defined below), Purchased Contracts include PIM Leases (as such term is defined in that certain Clarification Letter with respect to the Purchase Agreement, dated September 20, 2008 (the "Clarification Letter")) that are designated for assumption and assignment by the Purchaser in accordance with the terms of the Clarification Letter.

**PLEASE TAKE FURTHER NOTICE** that any party in interest that objects to the proposed assignment or Cure Amount must file and serve a written objection so that such objection is filed with the Court and <u>actually received</u> by the following parties (the "Objection Notice Parties") no later than ten (10) days after the date on which this notice of the assignment was sent to the counterparty: (i) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153-0119 (Attn: Lori R. Fife and Shai Y. Waisman); (ii) the U.S. Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis); (iii) the attorneys for the Purchaser, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York NY 10006 (Attn: Lindsee P. Granfield and Lisa M. Schweitzer); (iv) the attorneys for the Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005 (Attn: Dennis F. Dunne, Luc A. Despins, and Wilbur F. Foster, Jr.); and (v) the attorneys for the SIPA Trustee, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004 (Attn: James B. Kobak, David Wiltenburg, and Jeff Margolin).

**PLEASE TAKE FURTHER NOTICE** that, to the extent that any counterparty does not timely file an objection as set forth above, such counterparty is deemed to have consented to their respective Cure Amount and the assumption and assignment of their respective Purchased Contract to the Purchaser as set forth in the Assignment Notice, and shall be forever barred from objecting to the Cure Amount set forth above, including, without limitation, the right to assert any additional Cure Amounts or any other amounts with respect to the leases and contracts to be assumed and assigned.

**PLEASE TAKE FURTHER NOTICE** that, to the extent any objections to the Cure Amounts for such contracts are timely filed, the Debtors, Purchaser and the counterparty must meet and confer in good faith to attempt resolve any such objection without Court intervention. If the objecting party and the Purchaser determine that the objection cannot be resolved without judicial intervention, then such dispute will be determined by the Court upon written application by either party on 20 (twenty) days notice, with any response due to such an application 15 (fifteen) days after such application is filed. The Purchaser shall pay any Cure Amount as soon as reasonably practicable after the earliest of (i) the date on which the contracting counterparty consents in writing to the assumption and assignment of its Purchased Contract to the Purchaser and to the Cure Amount for such contract, (ii) the date on which the counterparty is deemed to have consented to the assumption and assignment of its Purchased Contract to the Purchaser and to the Cure Amount for such contract, or (iii) the date on which the Court enters an order determining the Cure Amount for such contract after the notice and hearing procedure set forth above.

Dated: _____, 2008
New York, New York

**LEASES**

| Address of Subject Property | Landlord Name / Address | Cure Amount, If Any |
|---|---|---|
|  |  |  |

**CONTRACTS**

| Contract Counterparty (Name / Address) | Description of Contract | Cure Amount, If Any |
|---|---|---|
|  |  |  |

## EXHIBIT B

Rejection Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                                    :
In re                                                               :   Chapter 11 Case No.
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*                         :   08-13555 (JMP)
                                                                    :
         Debtors.                                                   :   (Jointly Administered)
                                                                    :
-------------------------------------------------------------------x

## NOTICE OF REJECTION OF
## EXECUTORY CONTRACTS OR UNEXPIRED LEASES

**PLEASE TAKE NOTICE** that, on September __, 2008, the United States Bankruptcy Court of the Southern District of New York (the "Bankruptcy Court") entered an order (the "Procedures Order") in the above-referenced chapter 11 cases of in the above-referenced chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively, the "Debtors"), among other things, approving expedited procedures (the "Rejection Procedures") for the rejection of executory contracts and unexpired leases of the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, the Debtors hereby provide notice of their intent to reject the leases and/or contracts identified below. Pursuant to the terms of the Procedures Order, unless a written objection is filed and served in accordance with the terms of the Procedures Order, the following leases and/or contracts will be rejected pursuant to 11 U.S.C. § 365(a), and property relating to any such leases may be abandoned pursuant to 11 U.S.C. § 554(a), effective as of (a) the effective date otherwise set forth in this Notice or, if no such date is set forth for your lease or contract, (b) the date of this Rejection Notice (the "Rejection Date").

**PLEASE TAKE FURTHER NOTICE** that any party in interest that objects to the proposed rejection of its contract or lease must file and serve a written objection so that such objection is filed with the Court and actually received by the following parties (the "Objection Notice Parties") no later than ten (10) days after this notice of rejection was sent to the counterparty: (i) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153-0119 (Attn: Lori R. Fife and Shai Y. Waisman); (ii) the U.S. Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis); (iii) the attorneys for the Purchaser, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York NY 10006 (Attn: Lindsee P. Granfield and Lisa M. Schweitzer); (iv) the attorneys for the Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005 (Attn: Dennis F. Dunne, Luc A. Despins, and Wilbur F. Foster, Jr.); and

NY2:\1922350\05\157@M05!.DOC\58399.0003

(v) the attorneys for the SIPA Trustee, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004 (Attn: James B. Kobak, David Wiltenburg, and Jeff Margolin).

**PLEASE TAKE FURTHER NOTICE** that, if a timely objection to this Notice is filed and received in accordance with the Procedures Order, the Debtors shall schedule a hearing on such objection and shall provide at least five (5) days' notice of such hearing to the objecting party and the Objection Notice Parties. If the Court ultimately upholds the Debtors' determination to reject the applicable lease or contract, then the applicable lease or contract shall be deemed rejected (a) as of the Rejection Date, or (b) as otherwise determined by the Court as set forth in any order overruling such objection.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, for any claim that you may assert against the Debtors as a result of the rejection of any contract or lease, you must submit a proof of claim for damages arising from such rejection, if any, to Epiq Bankruptcy Solutions, LLC,[7] the Court-approved claims processing agent, on or before the later of (i) the deadline for filing proofs of claim established by the Court in the Debtors' cases or (ii) forty-five (45) days after the filing of this Notice. A proof of claim form is available at http://chapter11.epiqsystems.com/lehman. If you do not timely file such proof of claim, you shall be forever barred from asserting a claim for rejection damages arising from the rejection of the above-referenced Lease or Contract.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a contract or lease counterparty as a security deposit or otherwise, the contract or lease counterparty may not setoff or otherwise use such deposit without the prior authorization of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, the Debtors are authorized to remove any property from the premises that are the subject of any rejected lease, consistent with the Debtors' ownership rights or other property interests therein, personal property that the Debtors have installed in or about the leased premises (i.e., fixtures, furniture, equipment, and other property) that is either owned by the Debtors, leased by the Debtors from third parties, or subject to any equipment financing agreements with third parties. To the extent that the Debtors determine that any interest of the Debtors in property has little or no value or that the preservation thereof will be burdensome to their

---

[7] Claims should be sent to the following addresses:

If by first-class mail: Lehman Brothers' Claims Processing, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5076, New York, New York 10150-5076.

If by hand delivery or overnight mail: Epiq Bankruptcy Solutions, LLC, Attn: Lehman Brothers' Claims Processing, 757 Third Avenue, 3rd Floor, New York, New York 10017.

16

estates compared with the expense of removing and storing such property, the Debtors are authorized to abandon, in their sole discretion, such property remaining at the premises subject to a rejected lease as of the Rejection Date. Absent a timely objection filed in accordance with these Rejection Procedures, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code as of the Rejection Date and, except as set forth above, the landlord(s) may dispose of such abandoned property without liability to any third party claiming an interest in such abandoned property.

**PLEASE TAKE FURTHER NOTICE** that, to the extent the Debtors have proposed to reject a lease of personal property pursuant to this Rejection Notice, a description of the leased property and the location of same are provided below, and the automatic stay shall be deemed modified to permit the respective personal property lessor to recover such leased property within ten (10) days of the date the Rejection Notice is filed (the "Collection Period"). If the lessor does not retrieve its property by the end of the Collection Period, the property shall be deemed abandoned without further order of this Court, free and clear of any interests, and the owner of the premises containing such property or its designee shall be free to dispose of same without liability to any party.

Dated: _____, 2008
New York, New York

**LEASES**

| Address and/or Description of Subject Property | Lessor Name / Address | Effective Date of Rejection |
|---|---|---|
| | | |

**CONTRACTS**

| Contract Counterparty (Name / Address) | Description of Contract | Effective Date of Rejection |
|---|---|---|
| | | |

17