SCHIFF HARDIN LLP
900 Third Avenue
23rd Floor
New York, NY 10022
(212) 753-5000

and

SCHIFF HARDIN LLP
Jon C. Vigano (JV 9322) (Illinois)*
6600 Sears Tower
Chicago, Illinois 60606-6473
Telephone: 312-258-5500
Facsimile: 312-258-5700
jvigano@schiffhardin.com

Attorneys for Options Price Reporting Authority
* *Pro Hac Vice Application Pending*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
In re                                                       :
                                                            :    Chapter 11 Case No.
LEHMAN BROTHERS HOLDINGS INC. et. al.   :
                                                            :    08-13555 (JMP)
            Debtors.                                  ;
------------------------------------------------------------X

**OBJECTION OF OPTIONS PRICE REPORTING AUTHORITY TO DEBTORS'
NOTICE OF ASSUMPTION AND ASSIGNMENT OF, AND AMOUNTS NECESSARY
TO CURE DEFAULTS UNDER, CONTRACTS AND LEASES TO BE ASSUMED AND
ASSIGNED TO SUCCESSFUL PURCHASER**

Options Price Reporting Authority ("OPRA"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the Notice of Assumption and Assignment of, and Amounts Necessary to Cure Defaults Under, Contracts and Leases to be Assumed and Assigned to Successful Purchaser (the "Notice"), filed by Lehman Brothers Holdings, Inc. ("LBHI" together with Lehman Brothers Inc. ("LBI") and LB 745 LLC, the "Debtors") in the

above-captioned case on September 18, 2008, to the extent that the Notice relates to certain contracts with OPRA, and respectfully represents and sets forth as follows:

## BACKGROUND

1. On September 15, and September 16, 2008, respectively (the "Petition Dates"), LBHI and LB 745 LLC filed petitions for relief under Chapter 11, Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the Debtors filed a motion with the Bankruptcy Court seeking, *inter alia*, an order (the "Sale Order") approving a sale (the "Sale") of certain assets related to LBI to Barclays Capital Inc. (the "Purchaser"), which assets included certain contracts designated for assumption and assignment at the closing (the "Closing Date") of the Sale on September 23, 2008 (the "Closing Date Contracts").

3. On September 18, 2008, the Debtors filed the Notice with this Court, which stated that the Debtors would communicate their lists of Closing Date Contracts, along with proposed cure amounts (the "Lists"), to their creditors, including OPRA, by posting the Lists on the Internet at http://chapter11.epiqsystems.com/lehman. As currently posted on the Equip Systems website, the Lists identify a contract with OPRA. The Lists, specifically identified as "List of IT Closing Date Contracts," included the following references to a $86,108.19 cure amount due and owing to OPRA pursuant to contracts with OPRA (the "Contracts"):

| | | | | |
|---|---|---|---|---|
| OPTIONS PRICE REPORTING AUTHORITY | Master Agreement | OPRA | Options Price Reporting Authority 400 South LaSalle Street, 6th Chicago, Illinois 60605 | LBHI |
| OPTIONS PRICE REPORTING AUTHORITY | Amendment / Addendum / Schedule | OPRA | Options Price Reporting Authority 400 South LaSalle Street, 6th Chicago, Illinois 60605 | LBI |
| OPTIONS PRICE REPORTING AUTHORITY | Amendment / Addendum / Schedule | OPRA | Options Price Reporting Authority 400 South LaSalle Street, 6th Chicago, Illinois 60605 | LBI |

(*See* List of IT Closing Date Contracts (excluding Corporate Real Estate) at pp. 55 and 10 of 13.)

4. On September 19, 2008, a proceeding began under the Securities Investor Protection Act of 1970 with respect to LBI, a wholly-owned subsidiary of LBHI, in the District Court for the Southern District of New York, which was then transferred to this Court.

5. On September 20, 2008, this Court entered the Sale Order, which, *inter alia*, approved the assumption and assignment of the Closing Date Contracts to Purchaser, but allowed counterparties until October 3, 2008, to object to the proposed cure amounts.

6. On October 1, 2008, the Debtors filed their Notice of Revised Exhibit A to Notice of Revisions to Schedules of Certain Contracts and Leases Assumed and Assigned to Purchaser (the "Revised Notice"). The Revised Notice did not indicate a change in the proposed cure amount with respect to the Contracts.

## ARGUMENT

7. Under Sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code, a debtor-in-possession which seeks to assume and assign an executory contract must (i) cure, or provide adequate assurance that it will promptly cure, any defaults in the executory contract, (ii) compensate the counterparty to the executory contract for any actual pecuniary loss to such party resulting from such defaults, and (iii) provide adequate assurance of future performance under such contract.

8. OPRA is a committee comprised of the seven U.S. national security exchanges on which exchange trading of securities options is conducted in the United States. These exchanges are the American Stock Exchange LLC, Boston Stock Exchange, Inc, Chicago Board Options Exchange, Incorporated, International Securities Exchange, Inc, NYSE Arca, Inc., Philadelphia Stock Exchange, Inc. and The Nasdaq Stock Market LLC. These exchanges, and any other national securities exchanges that commence trading of securities options in the United States, are authorized by the Securities and Exchange Commission pursuant to Section 11A(a)(3)(B) of the Securities Exchange Act of 1934, as amended, to act jointly as parties to a "Plan" named the "Plan for Reporting of Consolidated Options Last Sale Reports and Quotation Information" (the "OPRA Plan") to disseminate consolidated options last sale and quotation data with respect to securities options trading conducted on the facilities of these exchanges. The term "Options Price Reporting Authority" or "OPRA" refers to these exchanges acting jointly pursuant to the OPRA Plan. OPRA is a "securities information processor" and is registered as such pursuant to Section 11A(b) of the Securities Exchange Act of 1934, as amended.

9. OPRA enters into contracts with recipients of OPRA data. If a recipient of OPRA data uses OPRA data "internally" (i.e., without dissemination to persons outside the recipient) the recipient enters into a "Professional Subscriber Agreement" with OPRA. If a recipient of OPRA data distributes OPRA data "externally" (i.e., to persons outside the recipient) the recipient enters into a "Vendor Agreement" with OPRA. OPRA also has a form of agreement named "Third Party Billing Agreement" pursuant to which a company may agree to pay for another party's receipt of OPRA data.

10. LBI has entered into a Professional Subscriber Agreement and a Vendor Agreement with OPRA, and has entered into several Third Party Billing Agreements pursuant to

which LBI agreed to pay OPRA's fees for other parties' receipt of OPRA data.  OPRA believes that the reference to a "Master Agreement" with OPRA in the Lists is likely a reference to LBI's Professional Subscriber Agreement with OPRA, LBI's Vendor Agreement with OPRA and the Third Party Billing Agreements pursuant to which LBI agreed to pay OPRA's fees for other parties' receipt of OPRA data, since all of these contracts are associated with the business of LBI that the Purchaser purchased from LBHI.

11.    OPRA calculates the fees due to it pursuant to LBI's Professional Subscriber Agreement to be $80,559.88, the fees due to it pursuant to LBI's Vendor Agreement to be $2,300.00, and the fees due to it pursuant to Third Party Billing Agreements to be $25,381.00. Under the Asset Purchase Agreement by and among the Debtors, LBI, and the Purchaser, dated September 16, 2008, which was entered into to effect the Sale, the Purchaser promised to pay or cause to be paid all cure amounts in respect of the contracts and leases referred to in the Lists. This promise was part of the basis of this Court's finding that the Debtors had provided adequate assurance of future performance within the meaning of Sections 365(b)(1)(C) and 365(f)(2)(A) of the Bankruptcy Code.  Hence, pursuant to the Sale Order and Sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code, if Purchaser is assuming all of these agreements, LBI or the Purchaser is obligated to pay $108,240.88 to cure defaults under these executory contracts.

12.    For the reasons set forth above, OPRA requests that the Court order that LBI or the Purchaser specify which of the Agreements described above that it is assuming and pay the Cure Amount referred to above associated with those Agreements.

## CONTACT INFORMATION

13. For purposes of resolving this Objection, OPRA requests that parties contact the following person:

>Jon C. Vigano
>Schiff Hardin LLP
>6600 Sears Tower
>Chicago, Illinois 60606
>Telephone: 312-258-5792
>Facsimile: 312-258-5600
>Email:  jvigano@schiffhardin.com

## NOTICE

14. No trustee or examiner has been appointed in these cases. Notice of this Objection has been provided to: (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel to the Debtors; (iii) counsel to the Creditors' Committee; (iv) counsel to the Securities Investors Protection Corporation Trustee; (v) counsel to the Purchaser; and (vi) all parties having requested notice in these cases pursuant to Fed. R. Bankr. P. 2002. In light of the nature of the relief requested herein, OPRA submits that no other or further notice is required.

## RESERVATION OF RIGHTS

15. OPRA reserves the right to amend, supplement, and otherwise revise this Objection and to raise any additional issues relating to the assumption and assignment of the executory contracts described herein. OPRA also reserves the right to amend, supplement, and otherwise revise this Objection to include, among other things, any and all other or additional amounts that the Debtors may be obligated to pay OPRA under such contracts or to include any and all other or additional non-monetary defaults that Debtors may be obligated to cure under such contracts.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, OPRA respectfully (i) objects to the proposed cure amounts set forth in the Notice and the Lists, (ii) requests that this Court order LBI or the Purchaser to pay $108,240.88 to OPRA to cure defaults under the Contract; and (iii) requests that this Court grant such other and further relief as the Court may deem just and proper.

Dated: October 3, 2008  Respectfully submitted,

**OPTIONS PRICE REPORTING AUTHORITY**

By: Jon C. Vigano

*Attorneys* for *Options Price Reporting Authority*

Schiff Hardin LLP
900 Third Avenue
23rd Floor
New York, NY 10022

-and-

Jon C. Vigano (JV 9322)
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois  60606-6473
Telephone:  312-258-5500
Facsimile:  312-258-5700
jvigano@schiffhardin.com

SCHIFF HARDIN LLP
900 Third Avenue
23rd Floor
New York, NY 10022
(212) 753-5000

and

SCHIFF HARDIN LLP
Jon C. Vigano (JV 9322) (Illinois)*