SCHIFF HARDIN LLP
900 Third Avenue
23rd Floor
New York, NY 10022
(212) 753-5000

and

SCHIFF HARDIN LLP
Jon C. Vigano (JV 9322) (Illinois)*
6600 Sears Tower
Chicago, Illinois  60606-6473
Telephone:  312-258-5500
Facsimile:  312-258-5700
jvigano@schiffhardin.com

Attorneys for *Chicago Board Options Exchange, Incorporated*
* *Pro Hac Vice Application Pending*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
In re                                                       :
                                                            :   Chapter 11 Case No.
LEHMAN BROTHERS HOLDINGS INC. et. al.   :
                                                            :   08-13555 (JMP)
            Debtors.                                ;
-------------------------------------------------------------X

**AMENDED OBJECTION OF CHICAGO BOARD OPTIONS EXCHANGE,
INCORPORATED TO DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT
OF, AND AMOUNTS NECESSARY TO CURE DEFAULTS UNDER, CONTRACTS
AND LEASES TO BE ASSUMED AND ASSIGNED TO SUCCESSFUL PURCHASER**

Chicago Board Options Exchange, Incorporated ("CBOE"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the Notice of Assumption and Assignment of, and Amounts Necessary to Cure Defaults Under, Contracts and Leases to be Assumed and Assigned to Successful Purchaser (the "Notice"), filed by Lehman Brothers Holdings, Inc. ("LBHI" together with Lehman Brothers Inc. ("LBI") and LB 745 LLC,

the "Debtors") in the above-captioned case on September 18, 2008, to the extent that the Notice relates to certain contracts with CBOE, and respectfully represents and sets forth as follows:

## BACKGROUND

1. On September 15, and September 16, 2008, respectively (the "Petition Dates"), LBHI and LB 745 LLC filed petitions for relief under Chapter 11, Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the Debtors filed a motion with the Bankruptcy Court seeking, *inter alia*, an order (the "Sale Order") approving a sale (the "Sale") of certain assets related to LBI to Barclays Capital Inc. (the "Purchaser"), which assets included certain contracts designated for assumption and assignment at the closing of the Sale (the "Closing Date Contracts").

3. On September 18, 2008, the Debtors filed the Notice with this Court, which stated that the Debtors would communicate their lists of Closing Date Contracts, along with proposed cure amounts (the "Lists"), to their creditors, including CBOE, by posting the Lists on the Internet at http://chapter11.epiqsystems.com/lehman. As currently posted on the Equip Systems website, the Lists do not expressly identify any contracts with CBOE. The Lists, specifically identified as "List of Non-IT Closing Date Contracts (excluding Corporate Real Estate)," included the following reference to a cure amount due and owing to CBOE for "CBOE Transaction Fees" without any reference to an underlying contract or contracts:

| | |
|---|---|
| ICAP | $2,033,033.83 |
| NYSE Arca (Lehman) | $1,711,134.29 |
| CBOE Transaction Fees | $1,491,431.02 |
| Broadridge | $1,343,578.46 |
| CREDITEX INC | $835,684.00 |
| PHILADELPHIA Transaction Fees | $789,267.98 |
| NYMEX Exchange | $731,643.91 |
| ICAP | $716,933.89 |
| TULLETT | $712,609.88 |

(*See* List of Non-IT Closing Date Contracts (excluding Corporate Real Estate) at p. 7.)

4.   On September 19, 2008, a proceeding began under the Securities Investor Protection Act of 1970 with respect to LBI, a wholly-owned subsidiary of LBHI, in the District Court for the Southern District of New York, which was then transferred to this Court.

5.   On September 20, 2008, this Court entered the Sale Order, which, *inter alia*, approved the assumption and assignment of the Closing Date Contracts to Purchaser, but allowed counterparties until October 3, 2008, to object to the proposed cure amounts.

6.   On October 1, 2008, the Debtors filed their Notice of Revised Exhibit A to Notice of Revisions to Schedules of Certain Contracts and Leases Assumed and Assigned to Purchaser (the "Revised Notice"). Pursuant to the Revised Notice, the Debtors now indicate that the "CBOE Transaction Fees" cure obligation has been reduced from $1,491,431.02 to $0.00.

**ARGUMENT**

7.   Under Sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code, a debtor-in-possession which seeks to assume and assign an executory contract must (i) cure, or provide adequate assurance that it will promptly cure, any defaults in the executory contract, (ii) compensate the counterparty to the executory contract for any actual pecuniary loss to such party resulting from such defaults, and (iii) provide adequate assurance of future performance under such contract.

8.  CBOE is a national securities exchange. It provides a market facility for the trading of exchange-traded securities options and, through an affiliate named CBOE Stock Exchange, LLC ("CBSX"), a market facility for the trading of stocks and other equity securities. On and prior to September 22, 2008 (the "Closing Date"), LBI was a CBOE member and as such conducted trading on CBOE's market facilities. As of the date of this Objection, CBOE is a party to the following executory contracts with LBI:

(a) The Rules of CBOE (the "CBOE Rules"): The CBOE Rules constitute an executory contract between CBOE and each of its members, including LBI. Pursuant to the CBOE Rules, CBOE members are entitled to trade exchange-traded options on the CBOE market facility and stocks and other equity securities on the CBSX market facility. CBOE charges fees for the use of its market facilities. Such fees consist primarily, but not exclusively, of transaction fees with respect to trades completed on its markets. In the sale transaction between the Debtors and Purchaser that closed on the Closing Date, the Purchaser assumed the CBOE memberships of LBI. The Purchaser has been conducting trading on CBOE's market facilities since the Closing Date. CBOE calculates the fees due to it with respect to LBI's use of CBOE's market facility for the trading of exchange-traded securities options pursuant to the CBOE Rules at $403,237.56 and with respect to LBI's use of the CBSX market facility for the trading of stocks and other equity securities pursuant to the CBOE Rules at $27,138.20.

(b) Index Calculation and License Agreement: CBOE and LBI entered into an "Index Calculation and License Agreement" dated as of May 7, 2008. Pursuant to this Agreement, CBOE agreed to calculate for LBI, and licensed to LBI for use by LBI, an index named the "CBOE Lehman Five Month Constant Maturity VIX Futures Index" (the "Index"), and this Agreement is an executory contract between CBOE and LBI. LBI was obligated to pay

-4-

CBOE initial fees in the total amount of $25,000 pursuant to this Agreement. The Lists do not include an entry that refers to this Index Calculation and License Agreement. However, if the Purchaser intends to assume this Index Calculation and License Agreement, the Cure Amount would be $25,000.

9. CBOE understands the reference to "CBOE Transaction Fees" in the Lists serves as a reference to the CBOE Rules described in paragraph 8(a) above, and accordingly CBOE understands this Court to have approved the assumption and assignment of that executory contract in the Sale Order. Under the Asset Purchase Agreement by and among the Debtors, LBI, and the Purchaser, dated September 16, 2008, which was entered into to effect the Sale, the Purchaser promised to pay or cause to be paid all cure amounts in respect of the contracts and leases referred to in the Lists. This promise was part of the basis of this Court's finding that the Debtors had provided adequate assurance of future performance within the meaning of Sections 365(b)(1)(C) and 365(f)(2)(A) of the Bankruptcy Code. Hence, pursuant to the Sale Order and Sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code, LBI or the Purchaser is obligated to pay $430,375.76, which represents the outstanding amounts due to CBOE to cure defaults under the executory contract described in paragraph 8(a) above.

10. As described above in paragraph 8(b), the Lists do not include an entry that refers to the Index Calculation and License Agreement described in that paragraph. Accordingly, CBOE has no knowledge that the Purchaser intends to assume the Index Calculation and License Agreement. However, if the Purchaser intends to assume the Index Calculation and License Agreement, the Cure Amount would be $25,000.

11.     For the reasons set forth above, CBOE requests that the Court order that LBI or the Purchaser pay the Cure Amount referred to in paragraph 9 and, if the Purchaser intends to assume the Agreement referred to in paragraph 10, the Cure Amount referred to in paragraph 10.

## CONTACT INFORMATION

12.     For purposes of resolving this Objection, CBOE requests that parties contact the following person:

> Jon C. Vigano
> Schiff Hardin LLP
> 6600 Sears Tower
> Chicago, Illinois 60606
> Telephone: 312-258-5792
> Facsimile: 312-258-5600
> Email:  jvigano@schiffhardin.com

## NOTICE

13.     No trustee or examiner has been appointed in these cases.  Notice of this Objection has been provided to: (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel to the Debtors; (iii) counsel to the Creditors' Committee; (iv) counsel to the Securities Investors Protection Corporation Trustee; (v) counsel to the Purchaser; and (vi) all parties having requested notice in these cases pursuant to Fed. R. Bankr. P. 2002.  In light of the nature of the relief requested herein, CBOE submits that no other or further notice is required.

## RESERVATION OF RIGHTS

14.     CBOE reserves the right to amend, supplement, and otherwise revise this Objection and to raise any additional issues relating to the assumption and assignment of the executory contracts described herein.  CBOE also reserves the right to amend, supplement, and otherwise revise this Objection to include, among other things, any and all other or additional amounts that the Debtors may be obligated to pay CBOE under such contracts or to include any

and all other or additional non-monetary defaults that Debtor may be obligated to cure under such contracts.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, CBOE respectfully (i) objects to the proposed cure amounts set forth in the Notice and the Lists, (ii) requests that this Court order LBI or the Purchaser to pay $430,375.76 to CBOE to cure defaults under the CBOE Rules; and (iii) requests that this Court grant such other and further relief as the Court may deem just and proper.

Dated: October 3, 2008

Respectfully submitted,

**CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED**

By: _Jon C. Vigano_

*Attorneys* for *Chicago Board Options Exchange, Incorporated*

Schiff Hardin LLP
900 Third Avenue
23rd Floor
New York, NY 10022

-and-

Jon C. Vigano (JV 9322)
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606-6473
Telephone: 312-258-5500
Facsimile: 312-258-5700
jvigano@schiffhardin.com