KELLEY DRYE & WARREN LLP
Eric R. Wilson (EW 4302)
Howard S. Steel (HS 5515)
101 Park Avenue
New York, New York 10178
Tel:  212-808-7800
Fax:  212-808-7897

Attorneys for Tata American International Corporation
and Tata Consultancy Services Limited

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | ) | Case No. 08-13555 (JMP) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline:  October 3, 2008 |

**TATA'S OBJECTION TO CURE AMOUNTS AND RESERVATION OF RIGHTS**

Tata America International Corporation and Tata Consultancy Services Limited (collectively, "Tata"), by and through its counsel, Kelley Drye & Warren LLP, hereby submits this cure objection and reservation of rights (the "Cure Objection") in response to the Debtors' Notice of Assumption and Assignment of, and Amounts Necessary to Cure Defaults Under Contracts and Leases to be Assumed and Assigned to Successful Purchaser, dated September 18, 2008 (the "Cure Notice").  In support of the Cure Objection, Tata respectfully states:

**BACKGROUND**

1. On November 26, 2007, Tata and Lehman Brothers Holdings Inc. ("LBHI") entered into the Amended and Restated Master Agreement for Development, Maintenance, Infrastructure and Other Information Technology Services (the "Master Agreement").[1]

---

[1]    The Master Agreement contains confidential commercial information and is not attached hereto.  Exhibit 1 sets forth the full title of the Master Agreement and information for accessing a copy.

2. On September 15, 2008, LBHI filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. On September 16, 2008, LBHI's affiliate LB 745 LLC ("LB 745") also commenced a voluntary case under chapter 11 with this Court. On September 19, 2008, Lehman Brothers Inc. (and "LBI," together with LBHI and LB 745, the "Debtors") became the subject of a proceeding under the Securities Investors Protection Act, which is pending before this Court.

3. The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On September 17, 2008, the Debtors filed a motion seeking authority (i) to sell certain of the Debtors' assets and (ii) to assume and assign certain executory contracts to Barclays Capital Inc. ("Barclays"), including contracts to be assumed and assigned at the closing of the sale (the "Closing Date Contracts").

5. On September 18, 2008, the Debtors filed the Cure Notice. The Cure Notice provided that the Debtors would identify the Closing Date Contracts along with proposed cure amounts (the "Proposed Cure Amounts") by posting schedules (the "Schedules") on their claims agent's website (http://chapter11.epiqsystems.com/lehman).

6. Tata is listed numerous times on the Closing Date Contracts' Schedule entitled "IT Closing Date Contracts." However, the Schedule does not provide information sufficient for Tata to identify which Tata contracts the Debtors propose to assume, assign, and cure. The Proposed Cure Amount for Tata is $1,384,000 based on a "Side Letter" between Tata Consultancy Services Limited and LBI. The other Tata contracts listed have Proposed Cure Amounts of $0.

7. On September 19, 2008, the Court entered an order approving the assumption and assignment of the Closing Date Contracts. Counter parties were provided until October 3, 2008, to object to the proposed cure amounts.

**CURE OBJECTION**

8. Tata is a counterparty to a number of agreements with the Debtors to provide services, all of which are subject to, and governed by the Master Agreement.

9. It is well settled law that leases and executory contracts assumed by the debtor "are assumed *cum onere*." *Rockland Center Associates, Inc. v. TSW Stores of Nanuet, Inc., (In re TSW Stores of Nanuet, Inc.),* 34 B.R. 299, 304 (Bankr. S.D.N.Y. 1983), *quoting Thompson v. Texas Mexican Ry. Co.,* 328 U.S. 134, 141, 66 S. Ct. 937, 942, 90 L. Ed. 1132 (1946). A debtor is not free to retain the favorable terms of the contract or lease and reject only the unfavorable ones; assumption carries with it all of the burdens as well as the benefits of the contract. Id.

10. Tata requests clarification of the Closing Date Contracts' Schedule, as Tata believes the Debtors have included "contracts" that are merely project order forms that, among other things, enable the Debtors' affiliates to obtain critical services. To the extent the Debtors are seeking to pick and choose pieces of its contract to assume and assign, Tata reserves its rights to assert that the Debtors are required to assume and cure the Master Agreement in its entirety. *See In re Fleming Companies, Inc.*, 499 F.3d 300, 308 (3d Cir. 2007 (holding that it is axiomatic that an executory contract must be assumed *cum onere*); *In re Exide Technologies,* 340 B.R. 222, 228 (Bankr. D. Del. 2006) (holding that all of the contracts that comprise an integrate agreement must either be assumed or rejected as a whole).

11. In addition, the Proposed Cure Amount is incorrect. For purposes of this Cure Objection, Tata assumes that the Debtors intend to refer to the Master Agreement in the Closing Date Contracts' Schedule and Tata's records indicate that there is approximately

3

$4,363,223.60 (USD) and £141,293.75 (GBP) owed under the Master Agreement ("Tata's Cure Amount").[2] A breakdown of Tata's Cure Amount is attached hereto as Exhibit 2. Exhibit 3 is a detailed chart of the outstanding invoices, and Exhibit 4 is copies of the invoices supporting Tata's Cure Amount.

12. Pursuant Sections 365(b)(1) and (f)(2) of the Bankruptcy Code, a debtor-in-possession which seeks to assume and assign an executory contract must (i) cure, or provide adequate assurance that it will promptly cure, any defaults in the executory contract, (ii) compensate the counterparty to the executory contract for any actual pecuniary loss to such party resulting from such defaults, and (iii) provide adequate assurance of future performance under such contract. 11 U.S.C. §§ 365(b)(i), (f)(2).

13. While Tata has no objection to the Debtors' assumption and related assignment of the Master Agreement to Barclays, nor does Tata have any adequate assurance concerns relating to Barclays, Tata objects to any cure amount less than the $4,363,223.60 (USD) and £141,293.75 (GBP) that is due and owing by the Debtors to Tata, as of October 3, 2008.

14. Additionally, Tata reserves all its rights to supplement and amend the Cure Objection as additional information may become available. To the extent charges continue to accrue, Tata further reserves its rights to amend and supplement its Cure Objection to account for such charges, until cured.

---

[2] Tata's records reflect an aggregate cure amount of approximately $2,576234.66, with respect to contracts as performed and funded on a domestic basis. The aggregate cure amount with respect to Tata's contracts as performed on a global basis, *i.e.* both domestic and foreign is $4,363,223.60 (USD) and £141,293.75 (GBP).

4

**WHEREFORE**, Tata respectfully requests that the Court (i) set the cure amount for Tata at $4,363,223.60 (USD) and £141,293.75 (GBP), and (ii) grant Tata such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 3, 2008

                        KELLEY DRYE & WARREN LLP

                        By: */s/ Eric R. Wilson*
                            Eric R. Wilson (EW 4302)
                            Howard S. Steel (HS 5515)
                        101 Park Avenue
                    New York, New York 10178
                    Tel: (212) 808-7800
                    Fax: (212) 808-7897

                    Attorneys for Tata America International
                    Corporation and Tata Consultancy Services Limited

# CERTIFICATE OF SERVICE

On the 3rd day of October 2008, I caused to be served the *Tata's Objection to Cure Amounts and Reservation of Rights,* upon the following parties via ecf, fax and overnight courier.

| | |
|---|---|
| Weil, Gotshal & Manges, LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn:  Lori R. Fife, Esq.<br>          Shai Y. Waisman, Esq.<br>(212) 310.8007 – fax<br>*Counsel to the Debtors* | Hughes Hubbard & Reed, LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>Attn:  James B. Kobak, Esq.<br>           David Wiltenburg, Esq.<br>           Jeffrey S. Margolin, Esq.<br>(212) 422.4726 - fax<br>*Counsel to the SIPC Trustee* |
| Cleary Gottlieb Steen & Hamilton, LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Attn:  Lindsee P. Granfield, Esq.<br>          Lisa M. Schweitzer, Esq.<br>(212) 225.3999 - fax<br>*Counsel to the Purchaser* | Office of the United States Trustee<br>33 Whitehall Street, 21st Floor<br>New York, New York 10004<br>Attn:  Tracy Hope Davis, Esq.<br>(646) 458.1015 - fax |
| Milbank, Tweed, Hadley & McCloy, LLP<br>1 Chase Manhattan Plaza<br>New York, New York 10005<br>Attn:  Dennis F. Dunne, Esq.<br>          Luc A. Despins, Esq.<br>          Wilbur F. Foster, Esq.<br>(212) 822.5770 – fax<br>*Counsel to the Official Committee of Unsecured Creditors* | |

*/s/ Howard S. Steel*
Howard S. Steel