Alan D. Halperin, Esq.
Walter Benzija, Esq.
Carrie E. Mitchell, Esq.
HALPERIN BATTAGLIA RAICHT, LLP
*Counsel to EMC Corporation*
555 Madison Avenue – 9th Floor
New York, New York 10022
(212) 765-9100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | Case No. 08-13555 (JPM) |
| | (Jointly Administered) |
| Debtors. | |

---------------------------------------------------------x

**OBJECTION OF EMC CORPORATION TO DEBTORS' PROPOSED
CURE PAYMENT SUBMITTED IN ACCORDANCE WITH PROCEDURE
ESTABLISHED PURSUANT TO THE COURT'S ORDER
DATED SEPTEMBER 20, 2008 APPROVING SALE OF PURCHASED
<u>ASSETS AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS</u>**

EMC Corporation ("<u>EMC</u>") and its wholly owned subsidiaries and affiliates, including but not limited to, an entity formerly known as BusinessEdge Solutions Inc. ("<u>Business Edge</u>")[1] (collectively, the "<u>EMC Entities</u>"), by and through their counsel, Halperin Battaglia Raicht, LLP, respectfully submit this objection[2] (the "<u>Objection</u>") to the above-captioned debtors' (the "<u>Debtors</u>") proposed payment of cure amounts as set forth in the lists maintained by the Debtors on the website <u>http://chapter11.epiqsystems.com/lehman</u> (the "<u>Website</u>") and is submitted in accordance with the procedures established by the Court in the Order Under 11

---

[1] Although BusinessEdge is listed as a separate entity on the relevant list, approximately four months following EMC's acquisition of BusinessEdge, BusinessEdge was merged with and into EMC.

[2] EMC initially submitted an objection to the Debtors' proposed cure amount payment on September 19, 2008 [ECF No. 202].

1

U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, dated September 19, 2008 (the "Sale Order"). In support of its Objection, EMC respectfully represents as follows:

## OBJECTION

1.  EMC and the Debtors are parties to certain contracts whereby (a) EMC through the business formerly known as BusinessEdge provides services to the Debtors pursuant to a General Terms and Conditions (number 001725-LEHNY-2006) and Professional Services Supplement (the "BE Contract"); (b) EMC through its other divisions provides ongoing IT services and products to the Debtors (the "Services Contracts"); and (c) EMC provides hardware and equipment on an evaluation basis to the Debtors so that the Debtors may test and determine whether to purchase the equipment on a final basis (the "Evaluation Contracts") (collectively, the "EMC Contracts"). The Debtors seek to assume and assign the EMC Contracts to the Purchaser[3] in connection with the approved sale.

2.  As set forth on the Website, the Debtors allege that the cure amount due EMC upon the assumption and assignment of the EMC Contracts is $196,588.75 – the cure claim amount ascribed to the BE Contract is listed as $0.00. EMC objects to the cure amount proposed by the Debtors for the EMC Contracts.

3.  As evidenced by the invoices attached hereto as Exhibit A, the amount owed to EMC pursuant to (a) the BE Contract is $1,018,530.01[4]; (b) the Services Contracts is

---

[3] Terms not defined herein shall have the meanings ascribed to them in the Sale Order.
[4] This amount does not include obligations which continue to accrue on a daily basis or under fixed price projects. EMC reserves the right to amend the EMC Cure Claim Amount to account for such obligations at the time of cure claim payment.

$880,354.76[5]; and (c) the Evaluation Contracts is $529,297.00.[6]  Thus, the total amount owed to EMC for work performed under the EMC Contracts to be assumed is $2,428,181.77 (the "EMC Cure Claim Amount").  A summary of the amount due is attached and the invoices supporting the amount due under the BE Contract are attached as Exhibit A hereto and the invoices supporting the balance of the EMC Cure Claim Amount are attached as Exhibit B hereto.

        4.       While Section 365 of the Bankruptcy Code permits a debtor to assume or reject any executory contract, a debtor must first cure, or provide adequate assurance that it will promptly cure, all defaults incident to such contracts.  Here, the Debtors cannot assume and/or assign the EMC Contracts without paying EMC the full amount of the EMC Cure Claim Amount.  Finally, the EMC Cure Claim Amount is not subject to bona fide dispute.

        5.       Subject to payment of the EMC Cure Claim Amount in full, the EMC Entities have no objection to the assumption and assignment of the EMC Contracts.

---

[5] Amount includes $472,208.00 for unbilled obligations under the Services Contracts.
[6] This portion of Cure Claim Amount is attributable to the price that would be payable if the Purchaser elected to purchase the evaluation equipment on a final basis.

3

**WHEREFORE,** the EMC Entities respectfully request that the Court (a) establish the EMC Cure Claim Amount at $2,428,181.77; (b) authorize immediate payment of such amounts to EMC under the Purchase Agreement; and (c) grant the EMC Entities such other relief as is just and proper.

Dated: New York, New York
October 3, 2008

                                      **HALPERIN BATTAGLIA RAICHT, LLP**
                                      *Counsel to EMC Corporation*

                                      By: */s/ Walter Benzija*
                                          Alan D. Halperin, Esq.
                                          Walter Benzija, Esq.
                                          Carrie E. Mitchell, Esq.
                                      555 Madison Avenue – 9th Floor
                                      New York, New York 10022
                                        (212) 765-9100