Stephen B. Selbst
Elizabeth L. Rose
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
Telephone: (212) 592-1400
Facsimile: (212) 592-1500
Attorneys for COMPAGNIE FINANCIERE TRADITION SA, *et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------x
In re:                           :  Chapter 11
                                 :
LEHMAN BROTHERS HOLDING INC., *et al.*,  :  Case No. 08-13555 (JMP)
                                 :
           Debtors.              :  (Jointly Administered)
                                 :
---------------------------------x

**OBJECTION OF COMPAGNIE FINANCIERE TRADITION SA**
**TO DEBTOR'S PROPOSED CURE AMOUNTS**

**TO THE HONORABLE JAMES M. PECK,**
**UNITED STATES BANKRUPTCY JUDGE:**

Compagnie Financiere Tradition SA, together with its various subsidiaries and affiliates, including, without limitation, Tradition Asiel Securities Inc., Tradition (North America) Inc., Standard Credit Group LLC, Tradition Services S.A.DE C.V Mex, TFS Derivatives Total, TFS-ICAP, TFS PWR NG, TFS UK, TFS DERIVATIVES CORPORATION, TFS Oil, TFS Sing, TFS UK Cleared, TFS (Germany), TFS PWR Floor, TFS Oil Floor, and TFS (TX) (collectively, "Tradition"), hereby object to the debtor's proposed cure amounts (the "Proposed Cure Amounts") in connection with the assumption and assignment of its executory contracts pursuant to that Order Under 11 U.S.C. §§105(a), 363 and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) The Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory

Contracts and Unexpired Leases, entered herein on September 20, 2008 (the "Sale Order"), as well as that Order Approving and Incorporating By Reference for the Purposes of this Proceeding an Order Authorizing the Sale of Purchased Assets and Other Relief in the Lehman Brothers Holding Inc. Chapter 11 Proceeding, entered on September 20, 2008, in the <u>Securities Investor Protection Corporation v. Lehman Brothers, Inc.</u> action pending as Adv. Pro. No. 08-1420 (the "SIPA Adversary Proceeding").

1. Tradition is a world leader in the brokerage of financial (money market products, bonds, interest rate, currency and credit derivatives, equities, equity derivatives, interest rate futures and index futures) and commodity-related products (precious metals, and energy and environmental products).

2. Prior to the commencement of this chapter 11 case, in the ordinary course of business, any one or more of the Tradition group of companies had many open or pending trades or transactions with Lehman Brothers and its affiliates, as was the case on the date when Lehman Brothers Holdings Inc. (the "Debtor") filed its chapter 11 petition.

3. On the revised list of Closing Date Contracts (the "Revised Schedule") to be assumed and assigned to Barclays Capital, Inc., which was filed by the Debtor on October 1, 2008, not less than 13 of the Tradition affiliates appear to be listed, and not less than 14 alleged contracts appear to be listed.

4. But in each such case, the Revised Schedule does not provide any detail to identify the contract being assumed. In some cases, it is even unclear which Tradition entity is involved and even whether it is a Tradition entity affiliated with or otherwise related to the Tradition parties herein. Furthermore, in the Revised Schedule, all but a handful of the proposed

2

cure amounts (the "Proposed Cure Amounts") allegedly owed to Tradition were apparently reduced to zero from a prior positive amount without any explanation.

5. By filing a Revised Schedule that lacked the most basic information necessary to enable Tradition to determine the Proper Cure Amounts due to it, the Debtor and Barclays have failed to give Tradition adequate or proper notice for the basis for the position they have taken with respect to the Proposed Cure Amounts. Accordingly, Tradition has no alternative but to file this objection to protect its rights.

6. The Revised Schedule is so fundamentally deficient that this Court should direct the Debtor and Barclays to provide Tradition with information reasonably sufficient to enable it to determine the correct Proposed Cure Amounts.

7. Pursuant to 11 U.S.C. §365(b)(1), in order for any executory contracts to be assumed, any defaults under the contract must be cured, or adequate assurance provided that the defaults will be cured promptly. The amounts that are owed to Tradition pursuant to each Closing Date Contract to which the Tradition entities are parties constitute defaults under each such contract and, accordingly, each such default must be cured by payment of that amount to Tradition before the respective Agreement may be assumed and assigned pursuant to the Sale Order. By their failure to provide adequate information with respect to the Proposed Cure Amounts owed to the Tradition entities, the Debtor and Barclays have not carried their burden of proof to establish that such Proposed Cure Amounts are proper or correct.

8. Considering the limited time provided for in the Sale Order to object to the Proposed Cure Amounts and the failure of the Debtor and Barclays to provide adequate information with respect thereto, Tradition hereby reserves the right to supplement and/or amend this objection.

WHEREFORE, Tradition respectfully requests that the Court enter an order: (1) directing direct the Debtor, by applicable business divisions, as relevant, and Barclays to provide each of the Tradition companies with information reasonably sufficient to enable each such enterprise to separately determine the proper Proposed Cure Amounts for the Closing Date Contracts to be assigned to Barclays, (2) denying the Proposed Cure Amounts with respect to Closing Date Contracts to be assigned to Barclays, and (3) granting Tradition such other and further relief as is just and proper.

Dated: New York, New York
October 3, 2008

/s/ Stephen B. Selbst
Stephen B. Selbst (SS 6963)
Elizabeth L. Rose
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
Telephone: (212) 592-1400
Facsimile: (212) 592-1500

Attorneys for Compagnie Financiere Tradition SA, *et al.*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing pleading was sent first-class U.S. mail, postage prepaid, this 3rd day of October, 2008 to the following:

Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119
*Counsel to the Debtors*

Jeffrey S. Morgolin, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
*Counsel to the SIPC Trustee*

Lindsee P. Granfield, Esq.
Lisa M. Schweitzer, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
*Counsel to the Purchaser*

Tracy Hope Davis, Esq.
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004-2112

Dennis F. Dunne, Esq.
Luc A. Despins, Esq.
Wilbur F. Foster, Jr., Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005-1401
*Counsel to the Official Committee of Unsecured Creditors*

/s/Michael Friedman
Michael Friedman

HF 4387147v.1 #13592/0001