Eduardo J. Glas, Esquire (# EG7027)
McCARTER & ENGLISH, LLP
245 Park Avenue
27th Floor
New York, New York 10167
(212) 609-6800 - Telephone
(212) 609-6921 - Facsimile
Attorneys for Cushman & Wakefield, Inc

**Objection Date: October 3, 2008**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
|  | : | Chapter 11 |
|  | : |  |
| In re: | : | Case Nos. 08-13555(JMP) |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC., et. al., | : | (Jointly Administered) |
|  | : |  |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

## OBJECTION TO DEBTOR'S PROPOSED CURE AMOUNT

Cushman & Wakefield, Inc. (hereinafter "C&W"), hereby objects to the Debtors' Proposed Cure Amount and in support thereof states as follows:

### BACKGROUND

1. On May 7, 2003, C&W and Lehman Brothers Inc. ("LBI") entered into that certain Amended and Restated Regional Property Management Agreement (the "Agreement") whereby LBI engaged C&W, as its agent, to operate and maintain certain of LBI's administrative, data center and branch offices. Pursuant to the Agreement, LBI agreed to pay for (a) an Operating Budget covering costs and expenses to be paid by C&W on behalf of LBI for the use operation, repair, improvement and maintenance of the locations covered under the Agreement as well as third party vendor costs; (b) the payroll and payroll related costs for

1

C&W's employees performing the services; and (c) a fee to be paid to C&W for its performance of the services.

2. On September 15, 2008, (the "Petition Date"), Lehman Brothers Holdings Inc. (the "Debtor") filed for bankruptcy protection with the United States Bankruptcy Court for the Southern District of New York pursuant to Chapter 11 of Title 11 of the United States Code.

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to LBI (collectively with Lehman Brothers Holdings, Inc. hereinafter the "Debtors"). A trustee was appointed to administer LBI's estate. The Trustee filed a motion to adopt the Debtor's sale proceedings and incorporate them within the SIPA proceeding.

4. On September 17, 2008, the Debtor filed the Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets [D.I. # 60] (hereinafter the "Sale Motion"). A hearing was held on the Sale Motion on September 19, 2008 and an Order was issued approving the sale to the Purchaser on the same date.

5. On or about September 18, 2008, the Debtor filed a list of contracts proposed to be assumed and assigned to the Purchaser as well as a proposed cure amount (the "Assumption List"). The Sale Order approved the assumption and assignment of the contracts but preserved any disputes over cure amounts.

6. The Agreement with C&W is listed on the Debtors' Assumption List with an incorrect cure amount. Attached hereto as Exhibit "A" is a copy of the proposed Consent to Cure Amount. The total cure owed is $2,081,170.92.

**ARGUMENT**

7.      Section 365 of Title 11 of the Bankruptcy Code provides that the trustee or debtor may assume or reject any executory contract or unexpired lease of the debtor. 11 U.S.C. §365(a).

8.      Prior to the Court's approval of the assumption of a contract, the Court must require the Debtor and/or its assignee to pay the correct pre-petition and post-petition amounts due. *See*, 11 U.S.C. §365(b)(1)(A)&(B).

9.      It is true that generally the Bankruptcy Code authorizes a debtor, with the Court's approval, to assume or assign executory contracts or unexpired leases. However, if the debtor has defaulted under the executory contract, it may not be assumed until all defaults are cured, the debtor compensates the non-debtor party for any actual pecuniary loss resulting from the default and provides the non-debtor party adequate assurance of future performance under such executory contract or lease. *See* 11 U.S.C. § 365(b).

10.     Accordingly, for the Debtors to assume or assign the Agreement with C&W, the Debtors or the Purchaser, must pay $2,081,170.92 which is the total amount due and owing under the Agreement and as amounts continue to accrue on a daily basis, any other sums that become due prior to the assumption and assignment of the contract.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, C&W objects to the relief requested by the Debtors and Purchaser and seeks an Order compelling the Debtors or the Purchaser to pay the full amount owed to C&W as a cure payment, and that the Court grant such other and further relief as deemed just and proper.

McCARTER & ENGLISH, LLP

/s/ Eduardo J. Glas
Eduardo J. Glas, Esquire (# EG7027)
245 Park Avenue
27th Floor
New York, New York  10167
(212) 609-6800 - Telephone
(212) 609-6921 - Facsimile
eglas@mccarter.com

and

D. Edward Hays, Esq.
(Pro Hac Vice Pending, CA #162507)
RUS, MILIBAND & SMITH
A Professional Corporation
2211 Michelson Drive, Suite 700
Irvine, California 92612
(949) 752-7100 – Telephone
(949) 252-1514 – Facsimile

Attorneys for Cushman & Wakefield, Inc.

Dated: October 3, 2008