**GOLDBERG KOHN BELL BLACK
ROSENBLOOM & MORITZ LTD**
Ronald Barliant, Esq.
Dimitri G. Karcazes, Esq.
Zachary J. Garrett, Esq.
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603
Telephone: (312) 201-4000
Facsimile: (312) 332-2196

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: <br><br> LEHMAN BROTHERS HOLDINGS, INC., *et al.*, <br><br> Debtors. | Chapter 11 Case No. <br><br> Case No. 08-13555 (JMP) <br><br> (Jointly Administered) |
|---|---|

**OBJECTION OF HURON CONSULTING GROUP, INC. TO DEBTORS' NOTICE
OF ASSUMPTION AND ASSIGNMENT OF, AND AMOUNTS NECESSARY TO
CURE DEFAULTS UNDER CONTRACTS AND LEASES TO BE ASSUMED AND
ASSIGNED TO BARCLAYS CAPITAL, INC.**

Huron Consulting Group, Inc. ("HCG"), by and through its counsel, Goldberg Kohn Bell Black Rosenbloom & Moritz LTD, as and for its objection (the "Objection") to the Notice of Assumption and Assignment of, and Amounts Necessary to Cure Defaults Under Contracts and Leases to be Assumed and Assigned to Barclays Capital, Inc. ("Barclays"), respectfully represents as follows:

## BACKGROUND

On September 15, 2008 (the "Petition Date"), and on various dates thereafter, Lehman Brothers Holdings, Inc. ("Holdings") and certain of its affiliates (collectively, the "Debtors") each commenced cases under chapter 11 of title 11 of the United States Code, 11

1835396v1 10/6/2008 10:38:36 AM                                                4547.007

U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") by filing voluntary petitions for relief with this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On September 17, 2008, the Debtors filed *Debtors' Motion to (A) Schedule a Sale Hearing; (B) Establish Sale Procedures; (C) Establish a Break-up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of the Contracts Relating to the Purchased Assets* (the "Sale Motion").

On September 20, 2008, the Court entered an *Order Under 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) The Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases* (the "Sale Order") approving the Sale Motion, which contemplates the sale of certain assets of the Debtors to Barclays. The Sale Order provides that counterparties to Closing Date Contracts (as defined in the Sale Order) shall have until October 3, 2008 (the "Objection Deadline") to file an objection to the Cure Amounts (as defined in the Sale Order). Pursuant to Notice of Revised Exhibit A to Notice of Revisions to Schedules of Certain Contracts and Leases Assumed and Assigned to Purchaser, dated October 2, 2008, the Objection Deadline was extended with respect to HCG to October 13, 2008.

On September 18, 2008, Holdings filed a list of leases proposed to be assumed and assigned to Barclays as well as a proposed cure amount (the "Assumption List"). The Assumption List indicates that the amount owed to HCG to cure the Debtors' defaults under their Sublease - 1301 (6th) (the "Sublease") with HCG is $0.00. This amount is incorrect. As of the date hereof, the Debtors owe HCG an amount not less than $54,009.95 (the "Correct

Cure Amount"). In addition to the incorrect proposed cure amount, the Assumption List identifies the Sublease on three separate occasions even though the Sublease constitutes only one lease agreement between HCG and the Debtors.

### OBJECTION TO THE CURE AMOUNT

In order for the Debtors to assume and assign the Sublease to Barclays pursuant to the Sale Order, Barclays must pay the Correct Cure Amount. Pursuant to the Sublease, HCG is owed a cure sum in an amount not less than the Correct Cure Amount.

Notwithstanding the foregoing, HCG does not, by filing this Objection, waive any other claim or interest HCG has, or any claim or interest that may hereafter arise, by operation of the Sublease or applicable law. HCG reserves the right to amend, modify or supplement this Objection, including, without limitation, with additional amounts due under the Sublease.

WHEREFORE, HCG respectfully requests that this Court (i) require Barclays to pay to HCG the Correct Cure Amount in order for the Debtors to assume and assign the Sublease to Barclays and (ii) grant HCG such other and further relief as the Court deems just and proper.

Dated: October 6, 2008

GOLDBERG KOHN BELL BLACK
ROSENBLOOM & MORITZ LTD

By: /s/ Dimitri G. Karcazes
One of Its Attorneys

GOLDBERG KOHN BELL BLACK
 ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603
Telephone: (312) 201-4000
Facsimile: (312) 332-2196
Firm Code No. 24139

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on October 6, 2008, 2008, he caused a copy of the foregoing **Objection of Huron Consulting Group, Inc. to Debtors' Notice of Assumption and Assignment of, and Amounts Necessary to Cure Defaults Under Contracts and Leases to Be Assumed and Assigned to Barclays Capital, Inc.**, to be served by Via Federal Express Mail upon the following:

Lori R. Fife
Shai Y. Waisman
**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, New York 10153-0119

Jeffrey S. Margolin
**Hughes Hubbard & Reed LLP**
One Battery Park Plaza
New York, New York 10004

Lindsee P. Granfield
Lisa M. Schweitzer
**Cleary Gottlieb Steen & Hamilton LLP**
One Libert Plaza
New York, New York 10006

/s/ Dimitri G. Karcazes