UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : Case No. 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

OBJECTION OF BGC PARTNERS, INC.ON BEHALF OF BGC FINANCIAL AND BGC INTERNATIONAL TO CURE AMOUNTS AND OTHER INFORMATION INCLUDED ON THE DEBTORS' LOST OF CLOSING DATE CONTRACTS IN ACCORDANCE WITH THE ORDER UNDER 11 U.S.C. 105(a), 363 AND 365 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004, AND 6006 AUTHORIZING AND PAPPROVIGN (A) THE SALE OF PURCHJASED ASSETS FREE ANDC LERAR OF LIENS AND OTHER INTERESTS AND (B) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

BGC Partners, Inc. f/k/a eSpeed Inc. on behalf of itself and its subsidiaries, BGC Financial L.P., BGC International, and Maxcor now known as BGC, (collectively, "BGC") hereby files its objection (the "Objection") to cure amounts and other information included on the List of Contracts and Leases to be Assumed and Assigned to the Purchaser at Closing (IT) (the "Contract List") in accordance with the Order Under 11 U.S.C. 105(a), 363, And 365 And Federal Rules of Bankruptcy Procedure 2002, 6004 And 6006 Authorizing And Approving (A) The Sale Of Purchased Assets Free And Clear Of Liens And Other Interests And (B) Assignment And Assumption Of Executory Contracts And Unexpired Leases (the "Order"). In support of the Objection, BGC respectfully represents as follows:

**BACKGROUND**

1.   On September 15, (the "Petition Date"), Lehman Brothers Holdings Inc., along with certain affiliated entities (collectively, the "Debtors"), filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court of the Southern District of New York (the "Bankruptcy Court").

2.   The debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

3.   On September 18, 2008, the Debtors filed a Notice Of Assumption And Assignment Of, And Amounts Necessary To Cure Defaults Under Contracts And Leases To Be Assumed And Assigned To Successful Bidder (the "Notice") (Docket No.107)

The Notice refers parties to various Lists and Contracts to be assumed and assigned to the Purchaser at Closing (the "Contract List) on the following website http://chapter11.epiqsystems.com/lehman (the "Website"). The Contract List (updated as of 10/01/08 9:00 PM) makes reference to CF-eSpeed, BGC Financial, BGC International and Maxcor Contracts as follows:

| Vendor Name | Contract | Amount | Lehman Facility |
|---|---|---|---|
| CF-eSpeed | Unknown | 2,842.88 | Unknown |
| BGC Financial | Unknown | 17,997.52 | Unknown |
| BGC International | Unknown | 567,043.31 | Unknown |
| Maxcor | Unknown | 357,234.50 | Unknown |
| BGC International | Unknown | $230,765.00 | Unknown |
| eSpeed Inc. | Unknown | 2,600.00 | Unknown |
| eSpeed Inc. | Amendment/Addendum/Schedule | Unknown | Unknown |

## OBJECTION

4.     BGC objects to the Debtors' description of the BGC contracts to be assumed and assigned as being vague and unintelligible. BGC is uncertain exactly which contracts are being assigned and assumed. We believe that one contract that may be assigned is the Electronic Trading Agreement date as of February 15, 2000, as amended, however, without more information from the Debtors, BGC is unable to ascertain whether this agreement is included in the Contract List.

5.     The amounts set forth in the Contract List may be insufficient to cure the Debtors' monetary default under the Contracts. We need more information in order to reconcile these amounts with our records.

6.     BGC also objects to the proposed cure amounts listed above on the basis that BGC has been unable to verify these amounts with the limited information provided by the Debtors. In an effort to obtain that information, BGC promptly contacted Debtors' counsel to request information on Tuesday, September 23rd, 2008. BGC was referred to Purchaser's counsel to request information on Thursday, September 25th, 2008. On Monday, September 29th, 2008, the Purchaser's in-house counsel provided limited information about the cure amounts, which amounts BGC has not been able to reconcile.

7.     Section 365 of the Bankruptcy Code requires that, as a condition of a debtor's assumption of any executory contract, that it cures or promptly cures, any monetary default under such contract and provide adequate assurance of future performance under such contract. Without further information from the Debtor, we cannot evaluate whether we have received adequate assurances of future performance under these contracts.

8.  Communications regarding this Objection should be made to the following counsel for BGC Partners Inc. and its subsidiaries:

> Michael Lampert, Esq.
> BGC Partners, Inc.
> 199 Water Street
> New York, NY 10038
> Tel. No. (646) 346-7207

**RESERVATION OF RIGHTS**

9.  BGC reserves the right to make such other and further objections as may be appropriate.

10. BGC reserves the right to assert an administrative claim for any and all amounts owed by the Debtor for services provided by BGC after the Petition Date.

WHEREFORE, BGC respectfully requests that the Court (i) direct the Debtors to provide to BGC such information, including but not limited to trade details, copies of contracts and methodology used to determine these amounts, as is necessary or desirable for BGC to correctly verify the cure amounts (ii) require the Debtors to cure all defaults under their contracts with BGC, (iii) require the Debtors/purchaser to provide BGC with adequate assurances of future performance and (iv) grant such other and further relief as this Court deems just and proper under the circumstances.

Dated October 3, 2008                    Respectfully submitted,

                                         BGC PARTNERS, INC.

                                         Michael A. Lampert