UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

## ORDER UNDER 11 U.S.C. §§ 105(a), 363, AND 365 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004 AND 6006 AUTHORIZING AND APPROVING (A) THE SALE OF PURCHASED ASSETS FREE AND CLEAR OF INTERESTS AND (B) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Upon the motion, dated October 6, 2008 (the "Motion"), of Lehman Brothers Holdings

Inc. ("LBHI"), as debtor and debtor in possession (collectively, with its debtor affiliates, the

"Debtors") for orders pursuant to 11 U.S.C. §§ 105, 363, 364(c)(1) and 365 and Fed. R. Bankr.

P. (the "Bankruptcy Rules") 2002, 6004, 6006, 9008 and 9014 (A) approving the Amended and

Restated Purchase Agreement, dated October 3, 2008, among LBHI and certain of its

subsidiaries (collectively, the "Sellers"), and IMD Parent LLC (or its designee, the "Purchaser")

(as same may be subsequently modified, amended or clarified, the "Agreement")[3] and the

transactions contemplated thereby; (B) authorizing the Purchased Assets free and clear of all

Interests (as defined below) in accordance with, and on the terms of, the Agreement (the

"Transaction"); (C) authorizing the Sellers' assumption and assignment to Purchaser, pursuant to

and in accordance with the Agreement, of those executory contracts and unexpired leases

identified as Purchased Contracts and Transferred Real Property Leases, free and clear of all

Interests; and (D) authorizing the assumption and sublease of the Subleased Real Property

Leases free and clear of all Interests; and (E) authorizing the assumption by Purchaser of certain

---

[3]    Capitalized terms used herein but not defined herein shall have the meaning ascribed to such terms in the Agreement.

liabilities of the Sellers pursuant to and solely to the extent provided in the Agreement; and the

Court having entered an order on [●] (Docket No. [●]) (the "Bid Procedures Order") approving

(i) bidding procedures, (ii) the Seller Termination Fee and the Reimbursement Amount, (iii) the

form and manner of the notice of the Transaction, and (iv) the form and manner of the notice of

the assumption and assignment of the Purchased Contracts and Transferred Real Property Leases

and the assumption and sublease of the Subleased Real Property Leases; and the Auction having

been held on [●], 2008 for the consideration of Qualified Bids and the selection of a Successful

Bidder (each as defined in the Bid Procedures Order); and upon the Court's consideration of the

Motion and the record of the hearing held on [●], 2008 with respect to the Motion (the "Sale

Hearing"), including the testimony and evidence admitted at the Sale Hearing; and after due

deliberation thereon, and sufficient cause appearing therefor,

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:[4]

A.    **Jurisdiction and Venue**.  This Court has jurisdiction to consider this Motion

under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue

of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.    **Statutory Predicates**.  The statutory predicates for the relief sought in the Motion

are Bankruptcy Code sections 105(a), 363, 364(c)(i) and 365, Bankruptcy Rules 2002, 6004,

6006, 9008 and 9014 and the applicable Local Rules for the United States Bankruptcy Court for

the Southern District of New York (the "Local Rules").

C.    **Notice**.  As evidenced by the affidavits of service filed with this Court and based

upon the representations of counsel at the Sale Hearing and as approved under the Bid

Procedures Order:  (i) due, proper, timely, adequate and sufficient notice of the Motion, the Sale

---

[4]      Findings of fact shall be construed as conclusions of law and conclusions of law shall be
construed as findings of fact to the fullest extent of the law.  See Fed. R. Bankr. P. 7052.

Hearing and the Transaction, including the assumption and assignment of any Purchased

Contract and Transferred Real Property Lease, the assumption and sublease of the Subleased

Real Property Leases (the "Subleases") designated by the Purchaser prior to the date hereof and

identified on Exhibit [____] attached hereto (collectively, the Purchased Contracts, the

Transferred Real Property Lease and the Subleased Real Property Leases and the corresponding

Subleases, the "Designated Contracts") and the Cure Amounts (as defined below) with respect

thereto, has been provided; (ii) it appearing that no other or further notice need be provided; (iii)

such notice was and is good, sufficient and appropriate under the circumstances of the Debtors'

chapter 11 cases; and (iv) no other or further notice of the Motion, the Sale Hearing or the

Transaction, is or shall be required.

      D.    **Opportunity to Object**.  A reasonable opportunity to object and to be heard with

respect to the Transaction, the Motion and the relief requested therein has been given to all

interested persons and entities, including, without limitation, the following: (i) the Office of the

United States Trustee for the Southern District of New York, (ii) counsel for the Purchaser, (iii)

counsel for the Official Committee of Unsecured Creditors appointed in these chapter 11 cases

(the "Committee"), (iv) all entities known to have asserted any claims against the Purchased

Assets or the Sellers' interest in the Purchased Assets and other entities known to have asserted a

lien, interest or encumbrance in or upon the Purchased Assets, (v) all counterparties to Purchased

Contracts, Transferred Real Property Leases and the Subleased Real Property Leases, (vi) the

Office of the United States Attorney for the Southern District of New York, (vii) the United

States Department of Justice, (viii) the Securities and Exchange Commission, (ix) the Federal

Reserve Bank of New York, (x) the Securities Investor Protection Corporation, (xi) the Internal

Revenue Service and applicable federal and state taxing authorities, (xii) the U.S. Commodities

Futures Trading Commission, (xiii) the Pension Benefit Guaranty Corporation and all regulatory

authorities of the Debtors' foreign pension plans, including the U.K. Pension Regulator, (xiv) all

persons, if any, who have filed objections to the Motion, and (xv) all persons who have filed a

notice of appearance in these cases.

  E. **Auction.** The Sellers extensively marketed the Purchased Assets.  Potential

bidders had the full and fair opportunity to submit bids and participate in the Auction.  The

Auction was conducted fairly and in good faith, without collusion and in accordance with the

Bidding Procedures Order.  At the Auction, Purchaser was selected as the Successful Bidder.

The Debtors' determination that the Agreement constitutes the highest and best offer for the

Purchased Assets constitutes a valid and sound exercise of the Debtors' business judgment.

  F. **Arm's-Length Sale**.  The Agreement and Ancillary Agreements, were

negotiated, proposed and entered into by the Sellers and the Purchaser without collusion, in good

faith and from arm's-length bargaining positions.  Neither the Purchaser nor any of its Affiliates

or their respective Representatives is an "insider" of any of the Debtors, as that term is defined in

Bankruptcy Code section 101(31).  None of the Debtors, the Purchaser or their respective

Affiliates or Representatives (each as defined in the Agreement) has engaged in any conduct that

would cause or permit the Agreement or any Ancillary Agreements to be avoided under

Bankruptcy Code section 363(n) or has acted in any improper or collusive manner with any

person.  The terms and conditions of the Agreement, Ancillary Agreements and the Transactions,

including without limitation the consideration provided in respect thereof, is fair and reasonable

and shall not be avoided under Bankruptcy Code section 363(n).

  G. **Good Faith Purchaser**.  The Purchaser, its Affiliates and their respective

Representatives have proceeded in good faith and without collusion in all respects in connection

with this proceeding.  Such persons are therefore entitled to all of the benefits and protections of Bankruptcy Code section 363(m).  Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Transaction shall not affect the validity of the Transaction (including, without limitation, the Ancillary Agreements and the assumption and assignment of the Purchased Contracts and the Transferred Real Property Leases and the assumption and sublease of the Subleased Real Property Leases) with Purchaser, unless such authorization is duly stayed pending such appeal prior to the Closing.

H.    **Corporate Authority**.  The Debtors (i) have full corporate power and authority to execute the Agreement, Ancillary Agreements and all other documents contemplated thereby, and the Transaction has been duly and validly authorized by all necessary corporate action, (ii) have all of the corporate power and authority necessary to consummate the Transaction, (iii) have taken all corporate action necessary to authorize and approve the Agreement, Ancillary Agreements and the Transaction, and (iv) no consents or approvals, other than those expressly provided for in the Agreement and Ancillary Agreements, are required to consummate such Transaction.

I.    **Sale in Best Interests**.  Good and sufficient reasons for approval of the Agreement, Ancillary Agreements and the Transaction have been articulated, and the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

J.    **Business Justification**.  The Debtors have demonstrated both (i) good, sufficient and sound business purposes and justifications and (ii) compelling circumstances for the Transaction other than in the ordinary course of business under Bankruptcy Code section 363(b) before, and outside of, a plan of reorganization in that, among other things, the immediate

approval by the Bankruptcy Court of the Transaction with the Purchaser is necessary and

appropriate to maximize the value of the Debtors' estates, particularly given the wasting nature

of the Purchased Assets.  Entry of an order approving the Agreement and the Ancillary

Agreements, and all the provisions thereof is a necessary condition precedent to the Purchaser's

consummation of the Transactions.

K.    **Consideration**.  The consideration provided by the Purchaser to the Sellers

pursuant to the Agreement constitutes reasonably equivalent value or fair consideration under the

Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance

Act and the laws of the United States, any state, territory, possession thereof or the District of

Columbia.  The Agreement represents a fair and reasonable offer to purchase the Purchased

Assets under these circumstances.  No other person or entity or group of persons or entities, other

than the Purchaser, has offered to purchase the Purchased Assets for an amount that would give

greater value to the Sellers.  Approval of the Motion, the Agreement, the Ancillary Agreements

and the Transaction by this Court is in the best interests of the Debtors, their creditors and all

other parties in interest.

L.    **Free and Clear**.  The transfer of the Purchased Assets to the Purchaser under the

Agreement will be a legal, valid, and effective transfer, and vests or will vest the Purchaser with

all right, title, and interest of the Debtors to the Purchased Assets free and clear of all Liens (as

defined in the Agreement), Claims (as defined in section 101(5) of the Bankruptcy Code),

encumbrances, obligations, liabilities, demands, guarantees, options, rights, restrictions,

contractual commitments, rights of first refusal, rights of setoff, or interests of any kind or nature

whether known or unknown, legal or equitable, matured or unmatured, contingent or

noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or

subsequent to the commencement of these chapter 11 cases, whether imposed by agreement,

understanding, law, equity or otherwise (collectively, including without limitation, Liens, Claims

and other interests, the "Interests"), including, but not limited to, (i) those that purport to give to

any party a right or option to effect a setoff against or any forfeiture, modification or termination

of the Debtors' interests in the Purchased Assets, or any similar rights, (ii) all Excluded

Liabilities, including without limitation, those relating to taxes arising under or out of, in

connection with, or in any way relating to the operation of the Debtors' business or any tax

liability of the Debtors arising under or out of, in connection with, or in any way relating to the

cancellation of debt, (iii) those arising under all mortgages, deeds of trust, security interests,

conditional sale or other title retention agreements, pledges, liens, judgments, demands,

encumbrances, rights of first refusal or charges of any kind or nature, if any, including, but not

limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any

attributes of ownership, and (iv) those arising in connection with any agreements, acts, or

failures to act, of any of the Sellers or any of the Sellers' predecessors, affiliates, or

Representatives including, but not limited to, Interests arising under any bulk-transfer laws,

doctrines of successor liability or similar theories.  For the avoidance of doubt, without limiting

the effect of the foregoing, the assumption and assignment, transfer or sublease of any Purchased

Contract, Transferred Real Property Lease, or Subleased Real Property Lease are free and clear

of all Interests.

      M.    **Free and Clear Findings Needed by Purchaser**.  The Purchaser asserts that it

would not have entered into the Agreement and would not consummate the Transaction, thus

adversely affecting the Debtors, their estates and their creditors, if the sale of the Purchased

Assets to the Purchaser, the assumption and assignment or transfer of the Purchased Contracts

and Transferred Real Property Leases, and the assumption and sublease of the Subleased Real

Property Leases to the Purchaser was not free and clear of all Interests of any kind or nature

whatsoever, or if the Purchaser would, or in the future could, be liable for any of the Interests.

N.    **Satisfaction of Section 363(f) Standards**.  The Sellers may sell the Purchased

Assets free and clear of any Interests of any kind or nature whatsoever because in each case, one

or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been

satisfied.  The person or entity with any Interest in the Purchased Assets:  (i) has, subject to the

terms and conditions this Sale Order, consented to the Transaction or is deemed to have

consented to the Transaction; (ii) could be compelled in a legal or equitable proceeding to accept

money satisfaction of such Interest; or (iii) otherwise falls within the provisions of section 363(f)

of the Bankruptcy Code.  Those holders of Interests who did not object to the Motion are

deemed, subject to the terms of this Sale Order, to have consented pursuant to section 363(f)(2)

of the Bankruptcy Code.  All holders of Interests are adequately protected by having their

Interests attach to the proceeds ultimately attributable to the Purchased Assets against or in

which such Interests are asserted, subject to the terms of such Interests, with the same validity,

force and effect, and in the same order of priority, which such Interests now have against the

Purchased Assets or their proceeds, subject to any rights, claims and defenses the Sellers or their

estates, as applicable, may possess with respect thereto.

O.    **No Liability Findings Needed by Purchaser**.  Purchaser asserts that it will not

consummate the Transaction unless the Agreement specifically provides, and the Bankruptcy

Court specifically orders, that none of the Purchaser Releasees (as defined below) or the

Purchased Assets will have any liability whatsoever with respect to or be required to satisfy in

any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any Interest or Excluded Liability.

P.      **No Fraudulent Transfer**.  The Agreement and Ancillary Agreements were not entered into for the purpose of hindering, delaying or defrauding creditors of the Sellers under the Bankruptcy Code and under the laws of the United States, any state, territory, possession thereof, or the District of Columbia.  Neither Sellers nor Purchaser are entering into the Transaction contemplated by the Agreement fraudulently for the purpose of such statutory and common law fraudulent conveyance and fraudulent transfer claims.

Q.      **No Substantive Consolidation**.  There is no factual or legal basis to order the substantive consolidation of the Debtors with any of the Sellers or Acquired Subsidiaries (as defined in the Agreement) that are not Debtors, if any.

R.      **No Successor Liability**.  Except for the Assumed Liabilities, the transfer of the Purchased Assets to the Purchaser under the Agreement shall not result in any Purchaser Releasee or the Purchased Assets having any liability or responsibility for (i) any Interest against the Sellers or against an insider of the Sellers, or (ii) the satisfaction in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, of any Interest or Excluded Liability, or (iii) to third parties or the Sellers except as is expressly set forth in the Agreement.  Without limiting the effect or scope of the foregoing, the transfer of the Purchased Assets from the Sellers to the Purchaser does not and will not subject the Purchaser or its affiliates, successors or assigns or their respective properties (including the Purchased Assets) to any liability for Interests against the Sellers or the Sellers' Interests in such Purchased Assets by reason of such transfer under the laws of the United States or any state, territory, possession

thereof, or the District of Columbia applicable to such Transactions, including, without
limitation, any bulk-transfer laws, successor liability or similar theories.

        S.      **Cure/Adequate Assurance**.  The assumption and assignment or transfer of the
Purchased Contracts and Transferred Real Property Leases, and the assumption and the sublease
of the Subleased Real Property Leases pursuant to the terms of this Sale Order is integral to the
Agreement, does not constitute unfair discrimination, and is in the best interests of the Debtors
and their estates, creditors and all other parties in interest, and represents the reasonable exercise
of sound and prudent business judgment by the Sellers.  The Sellers' contractual obligation to
pay the Cure Amounts (as defined below) and the Purchaser's contractual obligation to perform
the obligations under the Purchased Contracts, Transferred Real Property Leases, and Subleases
after the Closing shall constitute adequate assurance of future performance.  Purchaser has
demonstrated adequate assurance of future performance with respect to the Purchased Contracts,
Transferred Real Property Leases, and Subleases and has satisfied the requirements of the
Bankruptcy Code, including, without limitation, sections 365(b)(1) and (3) and 365(f)(2)(B) to
the extent applicable.

        T.      **[Personally Identifiable Information**.  The sale includes the transfer of
"Personally Identifiable Information" (as defined in section 101(41A) of the Bankruptcy Code.
The United States Trustee is directed to appoint a Customer Privacy Ombudsman pursuant to
sections 332 and 363(b)(1) of the Bankruptcy Code.  The transfer of Personally Identifiable
Information shall not be effective until a Consumer Privacy Ombudsman is appointed, issues its
findings, and the Court has an opportunity to review the findings and issue any rulings that are
appropriate.]

NOW, THEREFORE, IT IS ORDERED THAT:

1.      **Motion is Granted**.  The Motion and the relief requested therein is GRANTED
and APPROVED, as set forth herein.

2.      **Objections Overruled**.  Any objections to the entry of this Sale Order or the
relief granted herein and requested in the Motion that have not been withdrawn, waived, or
settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and
overruled on the merits with prejudice.

3.      **Approval**.  The Agreement and the Ancillary Agreements and all of the terms and
conditions thereto are hereby approved.  Sellers are hereby authorized to (i) execute the
Agreement and the Ancillary Agreements, along with any additional instruments or documents
that may be reasonably necessary or appropriate to implement the Agreement, *provided* that such
additional documents do not materially change its terms; (ii) consummate the Transaction in
accordance with the terms and conditions of the Agreement, the Ancillary Agreements, and the
other agreements contemplated thereby; (iii) assume and assign to Purchaser the Purchased
Contracts and Transferred Real Property Leases; (iv) assume and sublease to Purchaser the
Subleased Real Property Leases; and (v) take all other and further actions as may be reasonably
necessary to implement the Transaction.

4.      **Valid Transfer**.  As of the Closing, (i) the Transaction effects a legal, valid,
enforceable and effective sale and transfer of the Purchased Assets to Purchaser, and shall vest
Purchaser with title to such Purchased Assets free and clear of all Interests of any kind
whatsoever and (ii) the Agreement, the Ancillary Agreements, the Transaction and any
instruments contemplated thereby shall be enforceable against and binding upon, and not subject
to rejection or avoidance by, the Sellers or any successor trustee appointed with respect thereto.

5.    **General Assignment**.  On the Closing, this Sale Order shall be construed and

shall constitute for any and all purposes a full and complete general assignment, conveyance and

transfer of the Sellers' interests in the Purchased Assets.  Each and every federal, state, and local

governmental agency or department is hereby directed to accept any and all documents and

instruments necessary and appropriate to consummate the Transaction.

6.    **Exculpation and Release.**  None of the Purchaser, the Acquired Subsidiaries or

their respective affiliates, successors and assigns, and each of their respective current affiliates,

officers, directors, employees, managers, partners, members, financial advisors, attorneys, agents

and representatives (collectively, the "Purchaser Releasees") shall have or incur any liability to,

or be subject to any action by any Debtor or Sellers, their respective affiliates, or any of their

predecessors, affiliates, successors and assigns, and each of their respective current and former

affiliates, officers, directors, employees, managers, partners, members, financial advisors,

attorneys, agents and representatives (collectively, the "Releasing Parties"), arising out of the

negotiation, investigation, preparation, execution, delivery of the Agreement and Ancillary

Agreements and the entry into and consummation of the Transaction, except as expressly

provided in the Agreement, the Ancillary Agreements and this Sale Order.

7.    **Indemnification**.  The Sellers are authorized, from and after the Closing, and up

to nine (9) months after the date thereof, to indemnify and hold Purchaser, its Affiliates

(including the Acquired Subsidiaries), and their respective directors, officers, employees,

stockholders, agents, attorneys, representatives, successors and permitted assigns harmless from

and against any Losses arising or resulting from, or relating to, any Excluded Liabilities as set

forth in Article IX of the Agreement.  The liabilities of the Sellers for indemnification under the

Agreement shall not be subject to objection or disallowance under section 502(e) of the Bankruptcy Code.

8.    **Injunction**.  Except as expressly permitted by the Agreement or by this Sale Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants and other persons, holding Interests of any kind or nature whatsoever against or in the Sellers or the Sellers' interests in the Purchased Assets (whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of these chapter 11 cases, whether imposed by agreement, understanding, law, equity or otherwise), arising under or out of, in connection with, or in any way relating to, the Sellers, the Purchased Assets, the operation of the Sellers' businesses before the Closing or the transfer of the Sellers' interests in the Purchased Assets to the Purchaser, shall be and hereby are forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing Interests against the Purchaser Releasees, their respective property, or the interests of the Sellers in such Purchased Assets.  Following the Closing, no holder of an Interest against the Sellers shall interfere with Purchaser's title to or use and enjoyment of the Sellers' interests in the Purchased Assets based on or related to such Interests, and all such Interests, if any, shall be, and hereby are transferred and attached to the proceeds from the Transaction in the order of their priority, with the same validity, force and effect which they have against such Purchased Assets as of the Closing, subject to any rights, claims and defenses that the Sellers' estates and Sellers, as applicable, may possess with respect thereto.

9.      **No Successor Liability**.  No Purchaser Releasee shall as a result of the

consummation of the Transaction:  (i) be a successor to the Sellers or the Debtors' estates; (ii)

have, de facto or otherwise, merged or consolidated with or into the Sellers or the Debtors'

estates; or (iii) be a continuation or substantial continuation of the Sellers or any enterprise of the

Sellers.  Except for the Assumed Liabilities, the transfer of the Purchased Assets to Purchaser

under the Agreement shall not result in (i) any Purchaser Releasee or the Purchased Assets

having any liability or responsibility for any Interest against the Sellers or against an insider of

the Sellers, (ii) any Purchaser Releasee or the Purchased Assets having any liability whatsoever

with respect to or be required to satisfy in any manner, whether at law or in equity, whether by

payment, setoff or otherwise, directly or indirectly, any Interest or Excluded Liability, or (iii) any

Purchaser Releasee or the Purchased Assets, having any liability or responsibility to the Sellers

except as is expressly set forth in the Agreement.

10.     Without limiting the effect or scope of the foregoing, as a result of the closing of

the Transaction, the Purchaser shall have no successor or vicarious liabilities of any kind or

character, including, but not limited to, federal, state or other tax liabilities, U.S. or foreign

pension liabilities, or liabilities based on any theory of antitrust, environmental, labor law, alter

ego, veil piercing, continuity of enterprise, mere continuation, product line, de facto merger or

substantial continuity, whether known or unknown, legal or equitable, matured or unmatured,

contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising

prior to or subsequent to the commencement of these chapter 11 cases, whether imposed by

agreement, understanding, law, equity or otherwise with respect to the Sellers or any obligations

of the Sellers, including, but not limited to, in the case  of liabilities on account of any taxes

arising, accruing or payable under, out of, in connection with, or in any way relating to the

operation of the Purchased Assets prior to the Closing or any taxes in connection with, or in any

way relating to the cancellation of debt of the Sellers or their Affiliates.

   11. **Assumption and Assignment.** Pursuant to Bankruptcy Code sections 105(a),

363 and 365, and subject to and conditioned upon the Closing, the Sellers' assumption and

assignment to the Purchaser of the Purchased Contracts and Transferred Real Property Leases,

and the Purchaser's acceptance of such assignment on the terms set forth in the Agreement, and

the assumption and sublease to the Purchaser of the Subleased Real Property Leases, are hereby

approved. On the Closing, the Purchased Contracts, Transferred Real Property Leases and

Subleased Real Property Leases whether entered into before or after the Petition Date, shall be

transferred to or subleased to the Purchaser, free and clear of all Interests of any kind or nature

whatsoever other than the Assumed Liabilities, and shall remain in full force and effect for the

benefit of the Purchaser in accordance with their respective terms, notwithstanding any provision

in any such Purchased Contract, Transferred Real Property Lease or Subleased Real Property

Leases (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy

Code) that prohibits, restricts, or conditions such assignment, transfer or sublease. Pursuant to

Bankruptcy Code section 365(k), the Sellers shall be relieved from any further liability with

respect to the Purchased Contracts and Transferred Real Property Leases after such assignment

to the Purchaser. Sellers are hereby authorized to execute and deliver to the Purchaser such

documents or other instruments as may be necessary to assign, transfer or sublease the Purchased

Contracts, Transferred Real Property Leases or Subleased Real Property Leases to the Purchaser

at Closing.

   12. **Payment of Cure Amounts.** The Sellers shall be obligated to pay or cause to be

paid any and all amounts accrued or otherwise owed (collectively, the "Cure Amounts") under

any Purchased Contract, Transferred Real Property Lease or Subleased Real Property Lease

(including, without limitation, any Designated Contracts and any Purchased Contracts assumed

by the Debtors and assigned to the Purchaser following entry of this Sale Order).  The Sellers

shall pay any Cure Amount for each Purchased Contract, Transferred Real Property Lease or

Subleased Real Property Lease as soon as reasonably practicable after (i) the date on which the

contracting counterparty consents in writing to the Cure Amount, (ii) the date on which the

counterparty is deemed to have consented, or (iii) the date on which the Court enters an order

determining the Cure Amount.  The Sellers' obligation to pay the Cure Amounts and the

Purchaser's promise to perform the obligations under the Purchased Contracts, Transferred Real

Property Leases and Subleases after the Closing shall constitute adequate assurance of future

performance within the meaning of 11 U.S.C. §§ 365(b)(1)(C) and 365(f)(2)(B).

13.    **Cure Amounts for Designated Contracts.**  The Cure Amounts set forth on the

Exhibit [●] attached hereto with respect to each Designated Contract shall constitute findings of

the Court and shall be final and binding on parties to such Designated Contracts (and their

successors and designees), and shall not be subject to further dispute or audit based on

performance prior to the time of assumption and assumption and assignment, irrespective of the

terms and conditions of such Designated Contracts.  Each counterparty to a Designated Contract,

whether entered before or after the Petition Date, is hereby forever barred, estopped, and

permanently enjoined from (i) asserting against the Sellers or the Purchaser, or the property of

either of them, any default existing as of Closing; or, against the Purchaser, any counterclaim,

defense, setoff or any other Interest asserted or assertable against the Debtors; and (ii) imposing

or charging against Purchaser or its Affiliates any accelerations, assignment fees, increases or

any other fees as a result of the Sellers' assumption and assignments or assumption and sublease

to Purchaser of the Designated Contracts. To the extent that any counterparty failed to object to

the Cure Amount with respect to a Designated Contract prior to the date hereof, such

counterparty is deemed to have consented to such Cure Amounts and the assignments of such

Designated Contract to the Purchaser.

14.    **Ipso Facto Clauses Ineffective**.  Upon the Debtors' assignment of the Purchased

Contracts and Transferred Real Property Leases and the sublease of the Subleased Real Property

Leases to the Purchaser under the provisions of this Sale Order, no default shall exist under any

Purchased Contract, Transferred Real Property Lease or Subleased Real Property Lease, and no

counterparty to any Purchased Contract, Transferred Real Property Lease or Subleased Real

Property Lease shall be permitted to declare a default by the Debtor or Purchaser thereunder or

otherwise take action against the Purchaser as a result of any Debtor's financial condition,

bankruptcy or failure to perform any of its obligations under the relevant Purchased Contract,

Transferred Real Property Lease or Subleased Real Property Lease.  Any provision in a

Purchased Contract, Transferred Real Property Lease or Subleased Real Property Lease that

prohibits or conditions the assignment or sublease of such Purchased Contract, Transferred Real

Property Lease or Subleased Real Property Lease (including without limitation, the granting of a

lien therein) or allows the counterparty thereto to terminate, recapture, impose any penalty,

condition on renewal or extension, or modify any term or condition upon such assignment or

sublease, constitutes an unenforceable anti-assignment provision that is void and of no force and

effect.  The failure of the Sellers or the Purchaser to enforce at any time one or more terms or

conditions of any Purchased Contract, Transferred Real Property Lease or Subleased Real

Property Lease shall not be a waiver of such terms or conditions, or of the Sellers' and

Purchaser's rights to enforce every term and condition of the Purchased Contract, Transferred

Real Property Lease or Subleased Real Property Lease.

15.      **Binding Effect of Order**.  This Sale Order shall be binding upon and shall

govern the acts of all entities, including without limitation all filing agents, filing officers, title

agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds,

administrative agencies, governmental departments, secretaries of state, federal, state and local

officials, and all other persons and entities who may be required by operation of law, the duties

of their office, or contract, to accept, file, register or otherwise record or release any documents

or instruments, or who may be required to report or insure any title or state of title in or to any of

the Purchased Assets.  The terms and provisions of the Agreement, the Ancillary Agreements

and this Sale Order shall be binding in all respects upon the Sellers, the Debtors' estates, all

creditors of (whether known or unknown) and holders of equity interests in either the Sellers,

Purchaser and their respective affiliates, successors and assigns, and any third parties,

notwithstanding any subsequent appointment of any trustee of the Debtors under any chapter of

the Bankruptcy Code or the Securities Investor Protection Act, as to which trustee(s) such terms

and provisions likewise shall be binding.

16.      **Release of Interests**.  This Sale Order (i) shall be effective as a determination

that, on the Closing, all Interests of any kind or nature whatsoever existing as to the Purchased

Assets prior to the Closing have been unconditionally released, discharged and terminated, and

that the conveyances described herein have been effected, and (ii) shall be binding upon and

shall govern the acts of all entities including without limitation, all filing agents, filing officers,

title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds,

administrative agencies, governmental departments, secretaries of state, federal, state, and local

officials, and all other persons and entities who may be required by operation of law, the duties

of their office, or contract, to accept, file, register or otherwise record or release any documents

or instruments, or who may be required to report or insure any title or state of title in or to any of

the Purchased Assets.  On the Closing, the Sellers and persons holding an Interest in the

Purchased Assets as of the Closing are authorized to execute such documents and take all other

actions as may be reasonably necessary to release their Interests in the Purchased Assets, if any,

as such Interests may have been recorded or may otherwise exist.

17.    **Retention of Jurisdiction**.  This Court retains jurisdiction, pursuant to its

statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and

enforce the terms and provisions of this Sale Order, all amendments thereto and any waivers and

consents thereunder, including, but not limited to, retaining jurisdiction to (i) compel delivery of

the Purchased Assets to Purchaser; (ii) interpret, implement and enforce the provisions of this

Sale Order and any related order; (iii) protect Purchaser Releasees against any Interests against

the Sellers or the Purchased Assets of any kind or nature whatsoever, attaching to the proceeds of

the Transaction, and (iv) enter any orders under section 363 and 365 of the Bankruptcy Code

with respect to the Purchased Contracts, Transferred Real Property Leases and Subleased Real

Property Leases.

18.    **Retention of Rights By the Government**.  Nothing in this Sale Order or in the

Agreement (i) releases, nullifies, or enjoins the enforcement of any liability to a governmental

unit under police and regulatory statutes or regulations that any entity would be subject to as the

owner or operator of property after the date of entry of this Sale Order; or (ii) should be

construed to give Purchaser any more protection against any government unit than it is otherwise

entitled to under 11 U.S.C. § 363(f). Nothing in this paragraph should be construed to create for

any governmental unit any substantive right that does not already exist under law.

19. **Fees, Expenses and Other Obligations**. All obligations of the Debtors under the

Agreement, Ancillary Agreement, or any of the documents delivered by the Debtors in

connection with the Agreement including, but not limited to the Seller Termination Fee and the

Reimbursement Amount, shall be paid in the manner provided in the Agreement, the Ancillary

Agreements and the Bid Procedures Order, without further order of this Court. All such

obligations shall constitute allowed administrative claims in each of the Debtors' chapter 11

cases, with priority over any and all claims of the kind specified in sections 503(b), 507(b) and

364(c)(1) of the Bankruptcy Code, which claims shall be senior to, and have priority over, all

other claims against the Debtors. Until satisfied, all such obligations shall continue to have the

protections provided in the Bid Procedures Order and this Sale Order, and shall not be

discharged, modified or otherwise affected by any reorganization plan for the Debtors, except by

an express agreement with Purchaser, its successors, or assigns.

20. **Sale Proceeds**. Any and all valid and perfected Interests in the Purchased Assets

of the Debtors shall attach to any proceeds of such Purchased Assets immediately upon receipt of

such proceeds by the Sellers (or any party acting on any Seller's behalf) in the order of priority,

and with the same validity, force and effect which they now have against such Purchased Assets,

subject to any rights, claims and defenses the Sellers, the Debtors' estates or any trustee for any

Debtor, as applicable, may possess with respect thereto, in addition to any limitations on the use

of such proceeds pursuant to any provision of this Sale Order. Except as required by the

Agreement, no proceeds subject to an asserted Interest shall be used or disbursed by the Debtors

without the express consent of the party or parties asserting an Interest therein or further order of

the Court after notice (to all parties who have asserted an Interest in such proceeds) and a

hearing, consistent with the requirements of the Bankruptcy Code.

       21.    **No Material Modifications**.  The Agreement, Ancillary Agreements and any

related agreements, documents or other instruments may be modified, amended or supplemented

by the parties thereto, in a writing signed by such parties, and in accordance with the terms

thereof, without further order of the Court, *provided* that any such modification, amendment or

supplement does not have a material adverse effect on the Debtors' estates and has been agreed

to between the Committee, the Debtors and the Purchaser.

       22.    **Subsequent Orders and Plan Provisions**.  Nothing contained in any subsequent

order of this Court or any court of competent jurisdiction in these or other chapter 11 cases

(including without limitation, an order authorizing the sale of assets pursuant to sections 363,

365 or any other provision of the Bankruptcy Code or any order entered after any conversion of a

chapter 11 case of the Debtors to a case under chapter 7 of the Bankruptcy Code) or any chapter

11 plan confirmed in any Debtors' bankruptcy cases or any order confirming any such plan shall

nullify, alter, conflict with, or in any manner derogate from the provisions of this Sale Order, and

the provisions of this Sale Order shall survive and remain in full force and effect.

       23.    **Failure to Specify Provisions**.  The failure specifically to include any particular

provisions of the Agreement in this Sale Order shall not diminish or impair the effectiveness of

such provisions, it being the intent of the Court that the Agreement be authorized and approved

in its entirety.

       24.    **No Stay of Order**.  Notwithstanding the provisions of Interim Bankruptcy Rule

6004 and Bankruptcy Rule 6006 or any applicable provisions of the Local Rules, this Sale Order

shall not be stayed for ten (10) days after the entry hereof, but shall be effective and enforceable

immediately upon entry.  Time is of the essence in approving the Transaction, and the Debtors

and the Purchaser intend to close the Transaction as soon as practicable.  Any party objecting to

this Sale Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its

appeal being foreclosed as moot.

      25.    **Allocation**.  The Purchaser shall pay proceeds of the Transaction to the Sellers,

collectively, to be held by LBHI on behalf of all of the Sellers.  The rights of all parties in

interest in respect of the proper allocation of proceeds received by the Sellers on account of the

Purchased Assets are reserved, as among each of the Sellers (and without impairing or affecting,

in any way, Purchaser's rights under the Agreement).

26.  **Preservation of Certain Records**.  Subject to further order of the Court, the

Sellers and the Purchaser are hereby ordered to take appropriate measures to maintain and

preserve, until the consummation of any chapter 11 plan for the Debtors, the books and records

and any other documentation, including tapes or other audio or digital recordings and data in or

retrievable from computers or servers, relating to or reflecting the records held by it or its

Affiliates relating to the Business, including the accounts, property and trading records of the

customers of the Sellers.  In addition, the Debtors and Committee shall promptly identify

reasonable procedures for preserving information in the Sellers or Purchaser's possession related

to potential tax or financial audits of, government investigations of, or claims against the Sellers,

as well as any claims that the Debtors may have against third parties, and the Sellers and

Purchaser shall maintain and reserve such information, subject to further order of the Court until

the consummation of any chapter 11 plan for the Debtors.


Dated:    New York, New York
          [●], 2008

                                    _____
                                    HONORABLE JAMES M. PECK
                                    UNITED STATES BANKRUPTCY JUDGE