WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
:
------------------------------------------------------------------x

**AFFIDAVIT OF LORI R. FIFE IN SUPPORT OF ORDER TO SHOW
CAUSE AND NOTICE FIXING HEARING DATE TO CONSIDER DEBTORS'
MOTION TO (A) ESTABLISH SALES PROCEDURES; (B) APPROVE
A SELLER TERMINATION FEE AND A REIMBURSEMENT AMOUNT; AND (C)
APPROVE THE SALE OF THE PURCHASED ASSETS AND THE ASSUMPTION AND
ASSIGNMENT OF CONTRACTS RELATING TO THE PURCHASED ASSETS**

CITY OF NEW YORK  )
                 )  ss:
STATE OF NEW YORK )

        LORI R. FIFE, being duly sworn, hereby declares pursuant to section 1746 of title 28 of the United States Code:

        1.     I am an attorney admitted to practice before this Court and a member of Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc. ("LBHI") and its

affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "<u>Debtors</u>" and, collectively with their non-debtor affiliates, "<u>Lehman</u>").

2. I am submitting this declaration in support of the Order to Show Cause being contemporaneously submitted to schedule a hearing on expedited notice with respect to the Debtors' motion (the "<u>Sale Motion</u>")[1] to (a) establish sale procedures, (b) approve a Seller Termination Fee and a Reimbursement Amount (each as defined in the Sale Motion), and (c) approve the sale of the Purchased Assets (as defined in the Sale Motion) and the assumption and assignment of contracts relating to the Purchased Assets.

3. The Debtors respectfully submit that (i) expedited consideration of the proposed Bid Procedures Order, including approval of the Bidding Procedures, the Seller Termination Fee, the Reimbursement Amount and the scheduling of the Auction and the Sale Hearing, and (ii) notice of the hearing to consider such relief as described below is warranted.

4. On September 29, 2008, LBHI and certain of its non-debtor subsidiaries (collectively, the "<u>Sellers</u>") entered into an agreement for the sale of certain equity interests or assets related to Lehman's Investment Management Division ("<u>IMD</u>"). On October 3, 2008, the parties thereto entered into an Amended and Restated Purchase Agreement (as may be further amended, the "<u>Purchase Agreement</u>"). IMD provides customized investment management services for high-net-worth clients, mutual funds and other institutional investors, serves as the general partner for private equity and other alternative investment partnerships, and has minority stake investments in certain alternative investment managers. IMD encompasses Lehman's Neuberger Berman, Lehman Brothers Asset Management, and Alternative Investment groups, and a portion of its private equity business.

---

[1] Capitalized terms that are used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

**ERROR! UNKNOWN DOCUMENT PROPERTY NAME.**     2

5. As set forth in more detail in the Sale Motion, the Sellers and the proposed purchaser (the "Purchaser") believe that the timely entry of the Bid Procedures Order is critical to the stabilization of the Purchased Assets' value and, in turn, to a recovery for the Sellers and the Debtors' estates. Prior to the announcement of the execution of the Purchase Agreement, the chapter 11 cases of the Debtors had caused disruption to the ongoing business of IMD, particularly as IMD relies so heavily upon the confidence of its customers and clients. The Sellers and the Purchaser believe these uncertainties have diminished, and might continue to diminish, the value of the Purchased Assets. Importantly, the vast majority of the value of the Purchased Assets lies with the Sellers' employees, who are portable. Unless and until these employees (a) know, with certainty, who their employer will be, and (b) agree to continue to work for such employer going forward, their departure remains a significant risk to the value of the Purchased Assets and the recoveries for the Sellers and the Debtors' estates. As a result, it was imperative for the stabilization of the business to announce a sale transaction with a viable entity.

6. The Purchase Agreement provides, however, that Purchaser may terminate the Purchase Agreement if the Bid Procedures Order, in form and substance reasonably satisfactory to the Purchaser, is not entered before the tenth (10th) day after the date of the filing of the Sale Motion, or the first available date on the Court's calendar thereafter. Accordingly, the Debtors request that the Court enter the Order to Show Cause and schedule a hearing to consider entry of the Bid Procedures Order on October 16, 2008, at 10:00 a.m. (New York Time), the date currently scheduled for an omnibus hearing in the above-captioned cases.

7. The Guidelines for the Conduct of Asset Sales (the "Guidelines"), adopted by this Court's General Order M-331, provide that, in certain circumstances, the twenty (20) day

**ERROR! UNKNOWN DOCUMENT PROPERTY NAME.**            3

notice period set forth in Bankruptcy Rule 2002(a) can be shortened with respect to the request for approval of a proposed Sale Procedures Order without compromising the finality of the proposed transaction, and that the ten (10) day notice period provided for in Local Rule 9006-1(b) should provide sufficient time, under most circumstances, to enable any parties-in-interest to file an objection to proposed sale procedures.  The Debtors submit that the ten (10) days notice of the hearing to consider the Bid Procedures Order is sufficient in this case, even where the Bid Procedures Order contains "Extraordinary Provisions."  The proposed Bid Procedures Order contemplates providing parties in interest with more than fifty-five (55) days notice of the final sale hearing to consider the sale transaction.  Additional notice will be provided to potential parties in interest through various communications and consent notices sent to IMD's customers and contract counterparties, through SEC filings, including Forms 8-K filed on October 3, 2008, and on the date hereof, and through the news media.

8.    The Guidelines provide that notice of proposed sale procedures "should be limited to those parties-in-interest best situated to articulate an objection to the limited relief sought at this stage."  The Debtors propose to serve notice of the hearing to consider the Bid Procedures Order on the Master Service List (as defined in this Court's Order, dated September 22, 2008, Implementing Certain Notice and Case Management Procedures (the "Case Management Order")).  The Master Service List includes "Standard Parties", as defined in the Case Management Order, which requires notice to be provided to those persons or entities "with a particularized interest in the subject matter" of the filed pleading.  In this case, the Debtors believe the proper interpretation of this phrase is "those parties who have expressed an interest in purchasing the Purchased Assets as of the date hereof."

9. Given the current circumstances, the Debtors request that the Court enter the Order to Show Cause, scheduling a hearing to consider entry of the Bid Procedures Order, and establishing the notice required in advance thereof.

Dated: October 6, 2008
New York, New York

/s/ Lori R. Fife
Lori R. Fife

Sworn to before me this
6th day of October 2008

/s/ Ilusion Rodriguez
ILUSION RODRIGUEZ
NOTARY PUBLIC, State of New York
No. 01RO6188069
Qualified in Kings County
Commission Expires June 02, 2012

**ERROR! UNKNOWN DOCUMENT PROPERTY NAME.**      5