Hearing Date: October 16, 2008 at 10 a.m.
Objections Deadline: September 25, 2008

**TUCKER ARENSBERG, P.C.**
Bradley S. Tupi, Esq. (BST 1202)
Beverly Weiss Manne, Esq. (PA 34545)
Michael A. Shiner, Esq. (PA 78088)
Gary P. Hunt, Esq. (PA 23556)
1500 One PPG Place
Pittsburgh, Pennsylvania 15222
Phone: 412-594-5525
Fax: 412-594-5619
Email: btupi@tuckerlaw.com
       bmanne@tuckerlaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                          ) Chapter 11 Case
                                                )
LEHMAN BROTHERS HOLDINGS, INC., et al.          ) Case No. 08-13555 (JMP)
                                                )
                                                ) Jointly Administered
                          Debtors.              )
                                                ) Relates to Document Nos. 59, 89
---------------------------------------------------------------x

**LIMITED OBJECTION OF FEDERAL HOME LOAN BANK OF PITTSBURGH TO DEBTOR'S MOTION FOR ORDER: (I) AUTHORIZING DEBTOR TO OBTAIN POSTPETITION FINANCING PURSUANT TO SECTIONS 363 AND 364 OF BANKRUPTCY CODE, (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS PURSUANT TO SECTION 364 OF BANKRUPTCY CODE, AND (III) SCHEDULING FINAL HEARING**

The Federal Home Loan Bank of Pittsburgh ("FHLB"), makes this limited objection (the "Limited Objection") to the Debtor's Motion for Final Order: (I) Authorizing Debtor to Obtain Postpetition Financing Pursuant to Sections 363 and 364 of Bankruptcy Code, (II) Granting Liens and Superiority Claims to Postpetition Lenders Pursuant to Section 364 of Bankruptcy Code, and (III) Scheduling Final Hearing (the "Motion"). In support of this Limited Objection, the Federal Home Loan Bank of Pittsburgh respectfully represents as follows:

**BACKGROUND**

1. On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI"), Lehman Brothers, Inc. ("LBI"), and LB 745 LLC ("LB 745"), filed Chapter 11 petitions in this Court, which are being jointly administered at Bankruptcy No. 08-13555 (JMP). The Debtor is authorized to continue to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On Friday evening, October 3, 2008, Lehman Brothers Special Financing, Inc. ("LBSF") filed a chapter 11 Petition at Bankruptcy Case No. 08-13888.

3. On September 17, 2008, in response to the Motion, the Court (1) entered an Interim Order (a) granting, pursuant to sections 105, 363(b), and 364(c) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), authorization to obtain a postpetition loan (the "DIP Credit Facility"), secured by a first priority lien on all equity interests of Neuberger Berman Holdings LLC ("Neuberger Berman") directly owned or held by the Debtor, and all proceeds, products, accessions, rents and profits of or in respect of the foregoing, and (b) a promissory note or other debt instrument, if any, issued to the Debtor by Neuberger Berman to fund intercompany loans from the Debtor to Neuberger Berman (limited to an aggregate principal amount of $20 million), in the aggregate principal amount of $450 million, $200 million of which is to be borrowed on an interim basis, and (2) scheduling a final hearing (the "Final Hearing") for 10/2/2008 at 3:00 PM. (the "Interim DIP Order").

4. The Final Hearing was adjourned to October 16, 2008, at 10:00 AM., pursuant to a Notice of Adjournment filed September 29, 2008.

5. The proposed DIP Credit Facility requires that LBHI prepay to Barclays an amount equal to the "Net Asset Sale Proceeds" following the receipt of proceeds from an asset

sale by LBHI's Subsidiaries. "Net Asset Sale Proceeds" is defined under the DIP Credit Facility to include net proceeds from an asset sale by LBHI's Subsidiaries.

6. Section 2.17(e) of the DIP Credit Facility requires that LBHI prepay to Barclays "Excess Cash and Cash Equivalents".

### FHLB's Assets

7. FHLB and LBSF were parties to certain derivative transactions (the "Transactions") pursuant to an International Swap Dealers Association, Inc. ("ISDA") Master Agreement dated as of June 26, 1997 and amended as of April 21, 2003 and schedules, annexes, including a Credit Support Annex (the "CSA"), and amendments thereto (collectively the "Master Agreement").

8. LBHI was a Credit Support Provider, as set forth in the Master Agreement, and LBHI guaranteed LBSF's obligations to the FHLB under the Master Agreement.

9. The Master Agreement required LBSF and FHLB to provide collateral to secure their respective obligations to the other party in connection with the Transactions contemplated by the Master Agreement (the "FHLB Posted Collateral") and the Master Agreement further provided that the FHLB Posted Collateral was to be held in "a segregated account, apart from any account which holds [LBSF's] own cash or securities. A segregated account shall at all times indicated (sic) that property held therein is property of the Pledgor". The FHLB Posted Collateral remained at all times property of FHLB and LBSF had no ownership interest whatsoever in the FHLB Posted Collateral.

10. The Master Agreement also requires the immediate return of all collateral provided by FHLB, plus interest thereon, net of transfers to cover outstanding obligations, upon

Page 3

BANK_FIN:336563-3 020260-138012

the occurrence or designation of an "Early Termination Date" resulting from an "Event of Default" by LBSF.

11. The Bankruptcy of LBHI as a "Credit Support Provider" constituted an Event of Default under the Master Agreement and, as provided for under the Master Agreement, due to the occurrence of the Event of Default, FHLB as the non-defaulting party designated September 19, 2008 as an Early Termination Date in respect of all outstanding Transactions under the Master Agreement. FHLB provided notice of the Event of Default and Early Termination Date to LBSF by letter dated September 19, 2008.

12. As of September 19, 2008, the FHLB Posted Collateral was in an amount in excess of $316,000,000.

13. On October 2, 2008, FHLB sent a final settlement notice to LBSF pursuant to the Master Agreement whereby FHLB authorized the transfer of approximately $275 million to LBSF from the FHLB Posted Collateral and FHLB demanded the return of the balance of the FHLB Posted Collateral, approximately $41 million, plus default interest. Hereafter, the $41 million of collateral that is to be transferred to FHLB will be referred to as the "FHLB Collateral Balance."

14. LBSF failed to return the FHLB Collateral Balance to FHLB on October 3, 2008, as required under the Master Agreement.

15. During the evening of October 3, 2008, LBSF filed a chapter 11 petition.

16. Additionally, at or about that time, certain allegations as to transfers of monies by LBSF came to the attention of FHLB, including allegations that LBSF may have transferred cash maintained in custodial accounts to LBHI immediately prior to or contemporaneously with

LBHI's bankruptcy filing. LBSF has not returned phone calls pr responded to other communications by FHLB concerning the return of the FHLB Collateral Balance.

17. More specifically, on or about October 3, 2008, LBHI filed a Motion to Continue Using Existing Centralized Cash Management System wherein LBHI, *inter alia*: (a) acknowledged that it engaged in the practice of sweeping cash from the accounts maintained by subsidiaries into a central operating account; (b) that the transactions involving LBSF did rely upon the cash management system to some degree; and (c) that "excess cash" from the LBSF Transactions were transferred to either the main operating account of Lehman Brothers Holdings Inc. or to an account referred to as the United Kingdom Operating Account, depending upon whether the cash was generated through U.S. transactions or European transactions.

## **LIMITED OBJECTION**

18. FHLB does not take a position, on a general basis, as to whether the Debtors should be authorized to enter into the postpetition financing. However, if the Court determines to approve such postpetition financing and to grant Postpetition Lien secured status to the Postpetition Collateral Agent, then the liens, claims or interests in favor of the Postpetition Collateral Agent and lenders should not under any circumstance attach to the FHLB Collateral Balance, nor should the adequate protection be deemed under any circumstance to reach the FHLB Collateral Balance, or the proceeds thereof.

19. FHLB objects to the Motion and the proposed DIP Credit Facility's treatment of proceeds from asset sales by LBHI's nondebtor subsidiaries, to the extent the FHLB Collateral Balance was transferred or converted to the use and possession of LBHI, because the FHLB Collateral Balance is property of the FHLB, thus not subject to Postpetition Liens, as contemplated in the Motion nor subject to 2.17(a) or (e) of the DIP Credit Facility.

20. The Final DIP Order should, as set forth above, appropriately limit and clarify the that Excess Cash, Cash Equivalents, and Net Asset Sale Proceeds (as provided for in the DIP Credit Facility) do NOT and will not include the FHLB Collateral Balance and proceeds thereof.

21. As of the date of this Limited Objection, a proposed Final DIP Order and amended DIP Credit Facility have not been filed with the Court. Accordingly, FHLB reserves its rights to supplement this Limited Objection based on the proposed terms thereof.

22. FHLB further requests that the Final DIP Order state that nothing therein, or in the DIP Credit Facility, shall prejudice, impair, waive or otherwise affect the rights of FHLB.

## CONCLUSION

For all of the foregoing reasons, the Federal Home Loan Bank of Pittsburgh respectfully requests that the Court (i) specify that the DIP Credit Facility and adequate protection and liens, claims or interests granted thereunder do not and will not encumber, lien or attach to the property of the Federal Home Loan Bank of Pittsburgh consisting of, *inter alia,* the FHLB Collateral Balance and the proceeds thereof, and (ii) grant the Federal Home Loan Bank of Pittsburgh such other relief as is just, proper and equitable.

Dated: October 7, 2008                                              Respectfully submitted,

/s/ *Bradley S. Tupi*
Bradley S. Tupi (BST1202)
Beverly Weiss Manne (PA 34545)
Gary P. Hunt (PA
Michael A. Shiner (PA 78088)
1500 One PPG Place
Pittsburgh, PA  15222
Phone: (412) 566-1212
Fax: (412) 594-5619
email: bmanne@tuckerlaw.com
       btupi@tuckerlaw.com
       ghunt@tuckerlaw.com
       mshiner@tuckerlaw.com

Attorneys for Federal Home Loan Bank of Pittsburgh