**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
In re                                                                         :    Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :    08-13555 (JMP)
:
Debtors.                                                             :    (Jointly Administered)
:
:
----------------------------------------------------------------x

**NOTICE OF WITHDRAWAL OF**
**MOTION (I) AUTHORIZING DEBTOR TO OBTAIN**
**POSTPETITION FINANCING PURSUANT TO SECTIONS**
**363 AND 364 OF THE BANKRUPTCY CODE, (II) GRANTING**
**LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION**
**LENDERS PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE**

       PLEASE TAKE NOTICE that the motion, dated September 17, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. (the "Debtor") (a) for entry of a final order authorizing the Debtor to (i) obtain postpetition financing, pursuant to sections 105, 362, 363, and 364 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 4001, and 9014 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") by entering into (x) a senior secured superpriority debtor in possession credit agreement (as the same may be amended, supplemented or otherwise modified from time to time, the "Postpetition Credit Agreement"),[1] among the Debtor, as borrower, the lenders from time to time parties thereto (collectively, the "Postpetition Lenders"), Barclays Bank PLC, as administrative agent (in such capacity, the "Postpetition Administrative Agent"), sole lead arranger, sole bookrunner, and sole syndication agent (in such capacities, the "Postpetition Lead Arranger and Syndication Agent," and together with the Postpetition Administrative Agent, the "Postpetition Agents"), (ii) grant Liens and superpriority claims to and on behalf of and for the benefit of the Postpetition Agents and the Postpetition Lenders in the Collateral (as hereinafter defined and as defined in the Postpetition Credit Agreement) in accordance with the Collateral Documents and this Interim Order and the Final Order to secure any and all of the Postpetition Obligations in accordance with the Collateral Documents and this Interim Order and the Final Order to secure any and all of the Postpetition Obligations (as hereinafter defined), and (iii) pending a final hearing on the Motion, (a) obtain emergency postpetition loans under the Postpetition Credit Agreement to and including the date on which the Final Order is entered and (b) in accordance with Bankruptcy Rule 4001(c)(2), requesting that this Court schedule the Final Hearing and approve notice with respect thereto [Docket No. 59] hereby is withdrawn.

---

[1] Unless otherwise defined herein, all capitalized terms used herein have the meanings ascribed to such terms in the Postpetition Credit Agreement.

Dated: October 8, 2008
      New York, New York

/s/ Lori R. Fife
Harvey R. Miller, Esq.
Richard P. Krasnow, Esq.
Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession