WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
:
**In re**                                                    :    **Chapter 11 Case No.**
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :    **08-13555 (JMP)**
                                                             :
              **Debtors.**                                   :    **(Jointly Administered)**
                                                             :
                                                             :
---------------------------------------------------------------------x

**DECLARATION OF ALFREDO R. PEREZ IN SUPPORT OF ORDER TO SHOW CAUSE SCHEDULING A HEARING TO CONSIDER DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004, 6006, AND 9019 (I) APPROVING EQUITY INTERESTS PURCHASE AGREEMENT; (II) AUTHORIZING DEBTORS TO COMPROMISE, SETTLE, AND RELEASE RELATED CLAIMS; AND (III) GRANTING CERTAIN RELATED RELIEF**

ALFREDO R. PEREZ, being duly sworn, hereby declares pursuant to section 1746 of title 28 of the United States Code:

1.  I am an attorney admitted to practice before this Court and a member of Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc.

("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-Debtor affiliates, "Lehman").

2. I am submitting this declaration in support of the Order to Show Cause being contemporaneously submitted to schedule a hearing on expedited notice with respect to the Debtor's motion (the "Motion")[1] pursuant to sections 105, 363, and 365 of the Bankruptcy Code, and Rules 2002, 6004, 6006, and 9019 of the Federal Rules of Bankruptcy Procedure, for entry of an order approving the Purchase Agreement, the Redemption and Contribution Agreement, the Assignment Agreement, and authorizing the consummation of the transactions contemplated therein, including the Merger and the Releases.

3. The Debtors respectfully submit that expedited consideration of the Motion is warranted for the following reasons:

   i. As explained in greater detail in the Motion, LBHI, through one of its wholly-owned subsidiaries, owns a 45% nonvoting equity interest in the Fund. The Motion seeks authority to allow the co-investors of the Fund to purchase LBHI's interest for $250 million in cash, a limited partnership interest of $250 million in the New Fund, and other related consideration.

   ii. The events that drove down Lehman's credit standing impeded its ability to maintain normal business operations. As a result, LBHI, through certain of its affiliates, was unable to continue to satisfy certain ongoing obligations with respect to the Fund, including making additional loans, providing prime brokerage services, and providing certain marketing services. These

---

[1] Capitalized terms that used but not defined here have the meanings ascribed to them in the Motion or the Purchase Agreement.

    chapter 11 cases have created significant uncertainty in the marketplace regarding the fate of LBHI's initial investment of approximately $1 billion and the impact of these chapter 11 cases on the Seller's operations.  If allowed to continue, this uncertain state of affairs could lead to an erosion of the value of the Debtors' equity stake in the Fund, which value would otherwise inure to the benefit of the Debtors' estates and their creditors.

 iii. Accordingly, to maximize the value of LBHI's interest in the Fund, LBHI has entered into the transactions set forth in the Purchase Agreement, the Contribution and Redemption Agreement, and the Assignment Agreement, which will immediately halt any further erosion of its interest in the Fund, provide much needed certainty of its relationship with its co-investors to the Fund, resolve significant claims against LBHI with respect to its continuing obligations to the Fund, and generate a greater opportunity for success through LBHI's limited interest in the New Fund.

 iv. Under Bankruptcy Rule 2002(a), motions to sell assets outside the ordinary course and compromise claims require twenty-days' notice.  The Debtors filed the Motion on October 8, 2008, and request that it be heard at the next omnibus hearing on October 16, 2008, a date that will give all parties in interest eight (8) days' notice of the Motion.  Recognizing the urgency of the situation and the interests of the Debtors' estates in this transaction, the Creditors Committee, which has been actively involved in the negotiation process, supports the Motion and does not oppose the entry of an order expediting the hearing to consider the Motion.

  4. Accordingly, the Debtors request that the Court enter the Order to Show Cause and schedule a hearing to consider the Motion on October 16, 2008, at 10:00 a.m. (New York Time).  The Debtors also propose that the Court set an objection deadline for October 15, 2008 at 12:00 noon.

Dated: October 8, 2008
       New York, New York

                                            /s/ Alfredo R. Pérez
                                            Alfredo R. Pérez