AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022-2524
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Michael S. Stamer (MS-4900)
Philip C. Dublin (PD-4919)
Meredith A. Lahaie (ML-1008)

*Counsel for the Informal Noteholder Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                                                            :
**In re:**                                                  :   **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.* :   **08-13555 (JMP)**
                                                            :
                                            **Debtors.**   :   **(Jointly Administered)**
-----------------------------------------------------------x


**OBJECTION OF THE INFORMAL NOTEHOLDER GROUP TO**
**THE JOINT MOTION OF THE DEBTORS AND BARCLAYS CAPITAL INC. FOR**
**ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL**
**CERTAIN SCHEDULES TO THE ASSET PURCHASE AGREEMENT**


TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

The Informal Noteholder Group (the "Informal Noteholder Group"), consisting of certain unaffiliated holders of senior and subordinated notes issued by Lehman Brothers Holdings Inc. ("LBHI" and, together with its debtor affiliates, the "Debtors"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the Joint Motion of the Debtors and Barclays Capital Inc. ("Barclays") for Entry of an Order Authorizing the Debtors to File under Seal Certain Schedules to the Asset Purchase Agreement (the "Motion"). In support of this Objection, the Informal Noteholder Group respectfully represents as follows:

**OBJECTION**

1. By the Motion, the Debtors and Barclays seek authority to file under seal information related to the Debtors' sale of their U.S. and Canadian capital markets and investment banking business (and certain unspecified assets used in connection with these businesses) to Barclays, which sale was approved by this Court on September 20, 2008.[1] Specifically, the Movants request that this Court permit the Debtors to file Schedules A and B (the "Schedules") to the Clarifying Letter[2] under seal. The Schedules contain information related to (a) securities owned by LBI and transferred to Barclays under the "Barclays Repurchase Agreement" and (b) securities held in LBI's "clearance boxes" as of the closing of the sale. The Movants assert that the relief requested in the Motion is warranted because the Schedules "contain highly sensitive information" and that "[p]ublic dissemination of this information could affect the value of the underlying securities." Motion at p. 4. The Motion does not, however, provide a sufficient explanation as to how or why disclosure of the information set forth in the Schedules could adversely impact the Debtors or Barclays. Accordingly, the Informal Noteholder Group requests that this Court deny the relief sought in the Motion.

2. As set forth in the Motion, only those creditors who are willing to sign a confidentiality agreement (the terms of which have not been disclosed either in the Motion or elsewhere) will have an opportunity to obtain a full understanding of the assets sold to Barclays and the assets that remain in the estates. Without unfettered access to the Schedules in either full or summary form, the vast majority of the Debtors' creditors will be unable to determine the specific terms of the Barclays sale. This result is contrary to well-established principles that

---

[1] The approval of the sale has been appealed by the Informal Noteholder Group and other parties.
[2] All terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

chapter 11 proceedings be transparent and creditors have full access to information to evaluate the assets and liabilities of a debtor's estate.

3.  As a general matter, public interest weighs heavily in favor of open and transparent court proceedings. *See, e.g., Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978). More particularly, "[t]he public interest in openness of court proceedings is at its zenith when issues concerning the integrity and transparency of bankruptcy court proceedings are involved." *In re Food Management Group, LLC*, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007). *See also In re Hale-Halsell Co.*, 391 B.R. 459, 469 (Bankr. N.D. Okla. 2008) (stating that bankruptcy proceedings are designed to be transparent for the benefit of both the public and the debtor's creditors). The relief requested in the Motion is therefore at odds with a fundamental principle of the judicial system – court proceedings should be open and transparent absent a compelling justification to the contrary. Particularly here, where the sale to Barclays was noticed, approved and consummated in a matter of days, it is crucial that all creditors receive information that at the very least will allow them to determine what assets were sold to Barclays and what assets will ultimately be available for distribution to satisfy unsecured claims in excess of $150 billion.

4.  The Movants argue that the Schedules should not be filed because public dissemination of the information contained therein could, among other things, affect the value of the underlying securities. The Schedules therefore, as alleged in the Motion, constitute "commercial information" under Bankruptcy Code section 107(b). As defined by the Second Circuit, "commercial information" is "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Video Software Dealers Assn. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24,

3

27 (2d Cir. 1994) (internal citations omitted).  Neither the Debtors nor Barclays, however, has articulated *any* explanation as to how providing creditors with a list of assets transferred to Barclays could "cause an unfair advantage to competitors."  *Id*.  Accordingly, the Movants have not met their burden of proof that the Schedules constitute "commercial information" within the meaning of Bankruptcy Code section 107(b).

5. To the extent the Schedules do contain information that this Court determines to be "commercial," the Schedules should either be summarized or redacted in as limited a manner as possible to ensure transparency in these proceedings and allow creditors to ascertain the assets transferred to Barclays pursuant to the Asset Purchase Agreement without the burden of signing a confidentiality agreement.

## **CONCLUSION**

For all of the foregoing reasons, the Informal Noteholder Group respectfully requests that the Court (i) deny the Motion or, alternatively and only to the extent absolutely necessary, permit the Debtors to file a redacted or summary version of the Schedules that sets forth with particularity which assets were transferred to Barclays and which assets remain in the Debtors' possession, and (ii) grant the Informal Noteholder Group such other relief as is just, proper and equitable.

Dated:  New York, New York
        October 8, 2008

By:     /s/ Michael S. Stamer
        Michael S. Stamer (MS-4900)
        Philip C. Dublin (PD-4919)
        Meredith A. Lahaie (ML-1008)
        Akin Gump Strauss Hauer & Feld LLP
        590 Madison Avenue
        New York, New York 10022-2524
        (212) 872-1000 (Telephone)
        (212) 872-1002 (Facsimile)
        mstamer@akingump.com
        pdublin@akingump.com
        mlahaie@akingump.com

        *Counsel for the Informal Noteholder Group*