Interim Hearing Date and Time:  October 16, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Final Hearing Date and Time:  November 5, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  October 31, 2008 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
**In re** : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : **08-13555 (JMP)**
:
Debtors. : **(Jointly Administered)**
:
:
----------------------------------------------------------------x

**NOTICE OF DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(a)**
**AND 328(a) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO EMPLOY**
**AND RETAIN WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS**
**FOR THE DEBTORS, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

PLEASE TAKE NOTICE that an interim hearing on the annexed application (the

"Application") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases (together, the "Debtors"), pursuant to sections 327(a) and

328(a) of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to

employ Weil, Gotshal & Manges LLP as attorneys for the Debtors *nunc pro tunc* to the

Commencement Date, all as more fully described in the Application, will be held on **October 16,**

**2008 at 10:00 a.m. (Prevailing Eastern Time)**, and the final hearing to consider the relief

requested in the Application will be held on **November 5, 2008 at 10:00 a.m.**, or as soon

thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that both the Interim Hearing and the Final

Hearing will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at

the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One

Bowling Green, New York, New York 10004 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Application

shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of

New York, shall set forth the name of the objecting party, the basis for the objection and the

specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance

with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users

of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch

disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based

word processing format (with two hard copies delivered directly to Chambers), and shall be

served upon:  (i) the chambers of the Honorable James M. Peck ("Chambers"), One Bowling

Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767

Fifth Avenue, New York, New York 10153, Attn:  Richard P. Krasnow, Esq., Lori R. Fife, Esq.,

Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office

of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33

Whitehall Street, 21st Floor, New York, New York 10004, Attn:  Andy Velez-Rivera, Paul

Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed,

Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis

F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official

committee of unsecured creditors appointed in these cases; and (v) Cleary Gottlieb LLP, One

Liberty Plaza, New York, NY 10006, Attn: Lindsee P. Granfield, Esq. and Lisa Schweitzer, Esq.

and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Robinson B.

Lacy, Esq. and Hydee R. Feldstein, Esq., attorneys for the Debtors' postpetition lenders, so as to

be received no later than **October 31, 2008, at 4:00 p.m. (prevailing Eastern Time)** (the

"Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Application is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: October 8, 2008
New York, New York

/s/ Shai Y. Waisman
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Interim Hearing Date and Time: October 16, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Final Hearing Date and Time: November 5, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: October 31, 2008 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                              :

**In re**                        :      **Chapter 11 Case No.**
                              :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :      **08-13555 (JMP)**
                              :

                **Debtors.**      :      **(Jointly Administered)**
                              :
                              :
-------------------------------------------------------------------x

**DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(a)**
**AND 328(a) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO EMPLOY**
**AND RETAIN WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS**
**FOR THE DEBTORS,** *NUNC PRO TUNC* **TO THE COMMENCEMENT DATE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

           The application of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated

debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates,

"Lehman"), to employ Weil, Gotshal and Manges LLP as their attorneys under a general

retainer, represents:

## Background

1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee"), James W. Giddens, Esq. is administering LBI's estate.

## Jurisdiction

4.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Lehman's Business

5.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations,

governmental units, institutional clients, and individuals worldwide. Its headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

6.       Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

<u>**Relief Requested**</u>

7.       The Debtors seek authority pursuant to sections 327(a) and 328(a) of the Bankruptcy Code to employ and retain Weil, Gotshal & Manges LLP ("<u>WGM</u>"), *nunc pro tunc* to the Commencement Date, as their attorneys in connection with the commencement and prosecution of the chapter 11 cases under a general retainer to perform the extensive legal services that are or will be necessary during their chapter 11 cases and to compensate WGM in accordance with its usual hourly rates in effect when services are performed and to reimburse WGM for its out of pocket expenses consistent with its usual practices.

<u>**The Retention of WGM is Warranted**</u>

8.       The Debtors have been advised that Harvey R. Miller, Richard P. Krasnow, Lori R. Fife, Shai Y. Waisman, and Jacqueline Marcus, members of WGM, as well as other members, counsel, and associates of WGM will be employed in these chapter 11 cases and are members in good standing of the Bar of the State of New York and the United States District Court for the Southern District of New York among others.

9.       The Debtors have selected WGM as their attorneys because of the firm's knowledge of the Debtors' businesses and financial affairs and its extensive general experience

and knowledge, and in particular, its expertise in the field of debtors' protections and creditors'

rights and business reorganizations under chapter 11 of the Bankruptcy Code and other

insolvency laws.  WGM has been actively involved in most of the major chapter 11 cases over

the last several decades.  WGM currently represents or has represented, among others, the

following debtors in chapter 11 cases:

- The Sharper Image Corporation, Inc.
- LandSource Communities Development, LLC
- PRC, LLC
- Charys Holding Company, Inc.
- Hollinger Inc.
- New York Racing Association
- Lexington Precision Corp.
- Silicon Graphics, Inc.
- Atkins Nutritionals, Inc.
- Footstar, Inc.
- New World Pasta Company
- Parmalat USA Corp.
- Loral Space & Communications Ltd.
- TL Administration Corporation;
- Republic Engineered Product Holdings
- WestPoint Stevens Inc.
- Worldcom, Inc.

- Adelphia Business Solutions, Inc.
- Enron Corp.
- APW Ltd.
- Formica Corp.
- Global Crossing Ltd.
- Regal Cinemas, Inc.
- Sunbeam Corporation
- Bethlehem Steel Corporation
- Armstrong Worldwide Industries
- Genesis Health Services Corp.
- Grand Union Corporation
- Weiner's Stores
- Carmike Cinemas, Inc.
- DIMAC Marketing Corporation
- Sun Healthcare Group, Inc.
- United Companies Financial Corporation
- Bruno's, Inc.

10.    WGM's representation of Lehman extends back to 1984.  During the

course of this twenty-four year relationship, WGM has represented Lehman on hundreds of

matters of great complexity and commercial significance.  WGM has provided legal advice and

performed legal services on behalf of Lehman across almost all legal disciplines, including but

not limited to advice on banking, finance, corporate governance, securities, mergers and

acquisitions, tax, real estate, and litigation.  As a result of this substantial experience, WGM has

become familiar with Lehman's businesses, financial affairs, and capital structure.  WGM has

the necessary background to deal effectively with the many issues that have arisen and will arise

in the context of the Debtors' chapter 11 cases.  The Debtors believe that WGM is both well

qualified and uniquely able to represent them in their chapter 11 cases in the most efficient and

expeditious manner.

11.     WGM's past experience with Lehman is particularly valuable because of

the extraordinary complexity of the Debtors' business operations.  Prior to filing these chapter 11

cases, Lehman operated the fourth largest investment bank in the United States, employed more

than 25,000 people, and operated more than 150 subsidiaries worldwide.  As of May 31, 2008,

Lehman's consolidated assets totaled approximately $639 billion, and its consolidated liabilities

totaled approximately $613 billion.  Adding to the complexity of the instant cases is the

significant regulatory oversight of the Debtors by various governmental entities.

12.     WGM has represented Lehman in relation to many of the its operations

and transactions and is thoroughly acquainted with the Debtors' businesses.

### Scope of Services

13.     The services to be performed by WGM under a general retainer are

appropriate and necessary to enable the Debtors to execute their duties faithfully as debtors in

possession, and to implement the objectives of chapter 11. It is proposed that WGM be employed

to perform the following professional services:

> a.      take all necessary action to protect and preserve the estates of the
> Debtors, including the prosecution of actions on the Debtors'
> behalf, the defense of any actions commenced against the Debtors,
> the negotiation of disputes in which the Debtors are involved, and

the preparation of objections to claims filed against the Debtors' estates;

b.   prepare on behalf of the Debtors all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates, and serve such papers on creditors;

c.   take all necessary actions in connection with a plan or plans of reorganization and related disclosure statement(s) and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

d.   take all necessary action to protect and preserve the value of the estates of the Debtors including advising with respect to the Debtors' affiliates in the U.S. and abroad, and all related matters; and

e.   perform all other necessary legal services in connection with the prosecution of these chapter 11 cases.

14.    It is necessary for the Debtors to employ attorneys under a general retainer to perform the foregoing professional services.  WGM has stated its desire and willingness to act in these chapter 11 cases and perform the necessary professional services as attorneys for the Debtors.

15.    Given the magnitude and complexity of these cases, the Debtors also anticipate submitting an application to retain Curtis Mallet-Prevost, Colt & Mosle LLP as conflicts counsel to the Debtors.  The Debtors intend to monitor and coordinate the efforts of all professionals, and delineate their respective duties so as to prevent duplication of effort, whenever possible.  Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of the chapter 11 cases.

## WGM's Disinterestedness

16.    To the best of the Debtors' knowledge, the members of, counsel to, and associates of WGM do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the attached declaration of Harvey R. Miller, a member of WGM (the "WGM Declaration").

17.    Based upon the WGM Declaration, WGM is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.  The Debtors have been informed that WGM will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, WGM will supplement its disclosure to the Court.

## Professional Compensation

18.    As set forth herein and in the WGM Declaration, WGM has a longstanding professional relationship with the Debtors and has received payments from the Debtors as compensation for professional services performed and to be performed in the prosecution of the chapter 11 cases and as advance payments for the reimbursement of reasonable and necessary expenses incurred in the performance of the requisite legal services.

19.    WGM hereafter will apply for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), the guidelines (the "Guidelines") established by the United States Trustee for the Southern District of New York (the "U.S. Trustee"), and further orders of this Court ("Orders") for all services performed and expenses incurred after the Commencement Date.

20.     Pursuant to section 328(a) of the Bankruptcy Code, the Debtors may retain WGM on any reasonable terms and conditions.  Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Orders, it is proposed that WGM be compensated at its customary hourly rates for services performed that are in effect from time to time, as set forth in the WGM Declaration, and to reimburse WGM according to its customary reimbursement policies subject to approval by the court.  The Debtors believe that the rates stated in the WGM Declaration are reasonable.

**Interim Relief Should Be Granted**

21.     The Debtors seek approval of the Application on an interim basis in order to retain counsel as expeditiously as possible while providing parties in interest with an opportunity to object to the relief requested herein.

**Notice**

22.     No trustee or examiner has been appointed in these chapter 11 cases.  The Debtors have served notice of this Application in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases.  No other or further notice need be provided.

23.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  October 8, 2008
        New York, New York

<div style="margin-left:40%">

Lehman Brothers Holdings Inc.
(for itself and on behalf of its affiliated
Debtors and Debtors in Possession)


By: /s/ Bryan Marsal
    Bryan Marsal

Title: Chief Restructuring Officer
</div>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
:
In re                                                      :      **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :      **08-13555 (JMP)**
:
Debtors.                             :      **(Jointly Administered)**
:
:
-------------------------------------------------------------------x

### DECLARATION AND DISCLOSURE STATEMENT OF HARVEY R. MILLER PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328(a), 329 AND 504 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014(a) AND 2016(b) IN SUPPORT OF DEBTORS' APPLICATION FOR AUTHORIZATION TO EMPLOY AND RETAIN WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Harvey R. Miller makes this declaration under 28 U.S.C. § 1746, and states:

1.      I am a member of the firm of Weil, Gotshal & Manges LLP ("WGM" or

the "Firm"), a law firm with principal offices at 767 Fifth Avenue, New York, New York 10153;

and regional offices in Washington, D.C.; Houston, Dallas and Austin, Texas; Miami, Florida;

Boston, Massachusetts; Menlo Park, California; Providence, Rhode Island; and Wilmington,

Delaware; and foreign offices in London, United Kingdom; Paris, France; Budapest, Hungary;

Warsaw, Poland; Frankfurt and Munich, Germany; Prague, The Czech Republic; and Shanghai,

Hong Kong and Beijing, China.  I am admitted to practice before this Court.

2.      I submit this Declaration in connection with the application dated October

8, 2008 (the "Application") of Lehman Brothers Holdings Inc. and its debtor affiliates, as debtors

in possession (collectively, "Lehman Holdings" or the "Debtors"), for authority to employ WGM

as their attorneys in the above-captioned chapter 11 cases under a general retainer, *nunc pro tunc*

to the date on which these chapter 11 cases commenced (the "Commencement Date"), i.e.

September 15, 2008, at its usual hourly rates in effect from time-to-time and in accordance with

their usual expense reimbursement policies, consistent with sections 328(a), 329, and 504 of title

11 of the United States Code (the "<u>Bankruptcy Code</u>"), and to provide disclosure required under

Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

<u>Rules</u>").  Unless otherwise stated in this Declaration, I have personal knowledge of the facts set

forth herein.  To the extent any information disclosed herein requires amendment or modification

upon WGM's completion of further review or as additional party-in-interest information

becomes available to it, a supplemental Declaration will be submitted to the Court reflecting

such amended or modified information.

## **<u>WGM's Disinterestedness</u>**

3.    Except as set forth herein, to the best of my knowledge, after due inquiry, neither

I, WGM, nor any member or counsel, or associate of the Firm represent any party in interest or

any other entity other than the Debtors in connection with these chapter 11 cases.  WGM is a

"disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as

modified by section 1107(b) of the Bankruptcy Code in that WGM, its members, counsel, and

associates:

    a.      are not creditors or insiders of the Debtors;

    b.      are not and were not, within two years before the Commencement Date a
              director, or officer of the Debtors;

    c.      do not have an interest materially adverse to the interests of the estates or
              of any class of creditors or equity security holders, by reason of any
              significant direct or indirect relationship to, connection with, or interest in,
              the Debtors or for any other reason; and

    d.      have not represented any party in connection with matters relating to the
              Debtors, although WGM has certain relationships with other parties in
              interest and other professionals in connection with unrelated matters.

4.      Certain interrelationships exist among the Debtors and among the Debtors and their non-debtor affiliates.  Based upon information [provided] by the Debtors and WGM's knowledge of the Debtors and their affiliates, the relationships among the Debtors and among the Debtors and their non-debtor affiliates do not present any conflicts of interest because of the general unity of interests among the Debtors and their non-debtor affiliates.  Insofar as I have been able to ascertain, I know of no conflicts of interest that would preclude WGM's representation of the Debtors in these cases, and, as necessary, the non-debtor affiliates in matters relating to these chapter 11 cases and the protection and preservation of the Debtor's estates including the non-debtor affiliates.

## WGM's Prepetition Relationship with the Debtors

5.      WGM's representation of the Lehman extends back to 1984.  During the course of this twenty-four year relationship, WGM has represented Lehman on hundreds of matters of great complexity and commercial significance.  WGM has provided legal advice and performed legal services on behalf of Lehman across almost all legal disciplines, including but not limited to advice on banking, finance, corporate governance, securities, mergers and acquisitions, tax, real estate, and litigation.  As a result of this substantial experience, WGM has become familiar with Lehman's businesses, financial affairs, and capital structure.  WGM has the necessary background to deal effectively with the many issues that have arisen and will arise in the context of the Debtors' chapter 11 cases.  The Debtors believe that WGM is both well qualified and uniquely able to represent them in their chapter 11 cases in the most efficient and expeditious manner.

6.      Prior to the Commencement Date, in the context of extremely strained circumstances precipitated by the sudden and largely unanticipated liquidity crisis that

confronted Lehman, deteriorating general economic conditions affecting financial institutions,

and increasing oversight by regulatory bodies, WGM prepared the chapter 11 petitions for the

Debtors and affidavits in support of the chapter 11 cases.  Immediately after the initiation of the

chapter 11 process, WGM devoted extreme efforts to performing legal services, inter alia, to

assist the Debtors in preserving value, jobs, customer accounts, and by pursuing a sale of the

assets of its capital markets business.  The sale to Barclays Capital Inc. approved by the Court on

September 20, 2008 was one result of such services.

7.      During the one year prior to the Commencement Date, in accordance with its

usual billing and receipt practices relative to Lehman, WGM received a total of $51,833,961.08,

in the aggregate, from the Debtors and their non-Debtor affiliates for professional services

performed and reimbursement of out of pocket expenses incurred in relation to such services

exclusive of and unrelated to the financial crisis that occurred in September, 2008.  In addition,

in September, 2008, WGM received an advance of $5 million for professional services

performed and to be performed and out of pocket expenses incurred in relation thereto

concerning the Debtors' negotiations and efforts to maintain and continue their business

operations and, if necessary, to prepare for the commencement of the Debtors' chapter 11 cases,

if such negotiations were unsuccessful.  The negotiations were unsuccessful and the chapter 11

cases resulted.  WGM is applying the advance to the charges for the professional services

performed and to reimbursement of out of pocket expenses.  To the extent, if any, that any

balance remains after reconciliation of the account, WGM will request that such balance be to

applied to post Commencement Date charges to the extent such charges are allowed by the

Court.

**WGM Disclosure Procedures**

8.      WGM employs approximately 1,200 attorneys and has a large and

diversified legal practice that encompasses the representation of many financial institutions and

commercial entities.  WGM has in the past represented, currently represents, and may in the

future represent, entities that are claimants of or interest holders in the Debtors in matters

unrelated to the Debtors' pending chapter 11 cases.  Some of these entities are, or may consider

themselves to be, creditors or parties in interest in the Debtors' pending chapter 11 cases or to

otherwise have interests in these cases.  WGM does not represent such entities in such capacities.

9.      In preparing this Declaration, I used a set of procedures developed by

WGM to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy

Rules, and local rules of the Court (the "Local Rules"), regarding the retention of professionals

by a debtor under the Bankruptcy Code (the "Firm Disclosure Procedures").  Pursuant to the

Firm Disclosure Procedures, I performed, or caused to be performed, the following actions to

identify the parties relevant to this Declaration and to ascertain WGM's connection to such

parties:

      a.      A comprehensive list of the types of entities that may have contacts with the Debtors was developed through discussions with the WGM attorneys who have provided services to the Debtors and in consultation with senior management of the Debtors (the "Retention Checklist").

      b.      WGM obtained information responsive to the Retention Checklist through several inquiries of the Debtors' senior management and review of documents provided by the Debtors to WGM.  WGM then used that information, together with other information identified by WGM, to compile a list of the names of entities that may be parties in interest in the Chapter 11 Cases (the "Potential Parties In Interest").

      c.      WGM maintains a master client database as part of its conflict clearance and billing records.  The master client database includes the names of the entities for which any attorney time charges have been billed since 1980

(the "Client Database").  The Client Database includes the name of each current or former client, the names of the parties who are or were related or adverse to such current or former client, and the names of the WGM personnel who are or were responsible for current or former matters for such client.  It is the policy of WGM that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict clearance system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the name of the matter, adverse parties and, in some cases, parties related to the client or to an adverse party.  Accordingly, the database is updated for every new matter undertaken by WGM.  The accuracy of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

d.      WGM compared the names of each of the Potential Parties In Interest to client matters in the Client Database for which professional time was recorded during the two years prior to the comparison.[1]  Any matches to names in the Client Database generated by the comparison were compiled in a list, together with the names of the respective WGM personnel responsible for the identified client matters (the "Match List").

e.      A WGM attorney then reviewed the Match List and deleted obvious name coincidences and individuals or entities that were adverse to WGM's clients in both this matter and the matter referenced on the Match List.

f.      The remaining client connections with regard to which WGM had represented the client within the last two years were compiled for purposes of this Declaration.

g.      In addition, a general inquiry to all WGM attorneys was sent by electronic mail to determine whether (i) any such individual or household member holds any claims against, or stock of, the Debtors, and (ii) any such individuals or household member was employed by the Debtors within the last two years.

**WGM's Connections with Parties in Interest
in Matters Unrelated to these Chapter 11 Cases**

10.     WGM has identified the client connections disclosed below.  The

connections are categorized as follows:  (i) Potential Parties In Interest, or affiliates thereof, for

which WGM has performed services within last two (2) years  ("Current Clients"); (ii) Potential

---

[1]  For purposes of the Firm Disclosure Procedures, WGM considers an entity a "former client" if all matters for such client have been closed or, if any matters for such client have not been closed, if no billable time for such client has been recorded in the past two years.  Because the Firm Disclosure Procedures only reflect client activity during the past two years, matches to client matters outside that timeframe are not reflected in this Declaration.

Parties In Interest, or affiliates thereof, for which WGM has performed services in the past two (2) years and with respect to which WGM's engagement was formally closed ("Former Clients"); (iii) Potential Parties in Interest, or affiliates thereof, for which a WGM engagement has been opened but no services have been performed within the last six (6) months ("Potential Clients"); and (iv) Potential Parties in Interest, or affiliates thereof, which have a substantive relationship to a matter for which WGM performed services to a Current or Former Client, or affiliate thereof ("Related Entities"). All client connections were diligently reviewed by an attorney working under my supervision. From such review, I determined that, with respect to each connection between WGM and such parties, WGM does not hold or represent an interest that is adverse to the Debtors' estates, and that WGM is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, for the reasons discussed below.

<div align="center"><strong><u>Current Clients</u></strong></div>

11.    WGM has performed services within the prior two (2) years to the Current Clients described below, or their affiliates, in matters unrelated to the Debtors:

| Matched Entity | Relationship to Debtors | Relationship to WGM |
|:---:|:---:|:---:|
| AIG Annuity Insurance Company | Bond Holder | Affiliate of Current Client |
| AXA Equitable Life Insurance Company | Bond Holder | Affiliate of Current Client |
| Barclays Global Fund Advisors | Bond Holder | Affiliate of Current Client |
| Hartford Life Insurance Company | Bond Holder | Affiliate of Current Client |
| Fidelity Management and Research | Bond Holder | Affiliate of Current Client |
| Franklin Advisors Inc. | Bond Holder | Affiliate of Current Client |
| Franklin Templeton Investments | Bond Holder | Current Client |

| Matched Entity | Relationship to Debtors | Relationship to WGM |
|---|---|---|
| ING Investments LLC | Bond Holder | Affiliate of Current Client |
| Metropolitan Life Insurance Company | Bond Holder | Affiliate of Current Client |
| NATIXIS Asset Management Advisors | Bond Holder | Affiliate of Current Client |
| Prudential Insurance Company of America | Bond Holder | Current Client |
| Prudential Financial, Inc. | Bond Holder | Affiliate of Current Client |
| Teachers Insurance and Annuity Association | Bond Holder | Affiliate of Current Client |
| UBS Investment KAG | Bond Holder | Affiliates of Current Clients |
| Citibank, N.A. | Unsecured Creditor | Affiliate of Current Client |
| The Bank of New York | Unsecured Creditor | Current Client |
| Aozora Bank | Unsecured Creditor | Current Client |
| BNP Paribas | Unsecured Creditor | Current Client |
| Citibank N.A. Hong Kong Branch | Unsecured Creditor | Affiliate of Current Client |
| Shinsei Bank Limited | Unsecured Creditor | Current Client |
| KBC Bank | Unsecured Creditor | Current Client |
| The Bank of Nova Scotia | Unsecured Creditor | Current Client |
| Microsoft Licensing, GP | Unsecured Creditor | Affiliate of Current Client |
| Standard Chartered Bank | Unsecured Creditor | Affiliate of Current Client |
| HSBC Bank | Unsecured Creditor | Affiliate of Current Client |
| Banctec Ltd. | Unsecured Creditor | Affiliate of Current Client |
| Sidley Austin Brown & Wood | Unsecured Creditor | Current Client |
| Reuters America Limited | Unsecured Creditor | Affiliate of Current Client |
| Network Appliance, Inc. | Unsecured Creditor | Current Client |

| Matched Entity | Relationship to Debtors | Relationship to WGM |
|---|---|---|
| Thompson Financial | Unsecured Creditor | Affiliate of Current Client |
| Clifford Chance | Unsecured Creditor | Current Cleint |
| Ernst & Young | Unsecured Creditor | Affiliate of Current Client |
| NYSE Market, Inc. | Unsecured Creditor | Affiliate of Current Client |
| Sungard Securities Finance Inc. | Unsecured Creditor | Affiliate of Current Client |
| Dell Marketing L.P. | Unsecured Creditor | Affiliate of Current Client |
| Bank of America Plaza STWE 3500 | Unsecured Creditor | Affiliate of Current Client |
| Cushman & Wakefield, Inc. | Unsecured Creditor | Affiliate of Current Client |
| The Bank of NY Mellon | Bank Lender | Affiliate of Current Client |
| The Royal Bank of Scotland, PLC | Bank Lender | Current Client |
| Shinsei Bank Limited | Bank Lender | Current Client |
| J.P. Morgan Chase | Bank Lender | Affiliate of Current Client |
| Wilmington Trust Company | Bank Lender | Current Client |
| Deutsche Bank Securities, Inc. | Lessor | Current Client |
| Clifford Chance US LLP | Lessor | Affiliate of Current Client |
| J.P. Morgan Chase | Secured Creditor | Affiliate of Current Client |
| State Street | Secured Creditor | Affiliate of Current Client |
| Danske Bank | Secured Creditor | Current Client |
| Franklin Federal Intermediate-Term-Tax-Free Income Fund | Member of Ad Hoc or Unofficial Creditors Committee | Affiliate of Current Client |
| Franklin Federal Tax-Free Income Fund | Member of Ad Hoc or Unofficial Creditors Committee | Affiliate of Current Client |

| Matched Entity | Relationship to Debtors | Relationship to WGM |
|---|---|---|
| Franklin Federal Georgia Tax-Free Income Fund | Member of Ad Hoc or Unofficial Creditors Committee | Affiliate of Current Client |
| Franklin Federal High Yield Tax-Free Income Fund | Member of Ad Hoc or Unofficial Creditors Committee | Affiliate of Current Client |
| Franklin Advisors LP | Member of Ad Hoc or Unofficial Creditors Committee | Affiliate of Current Client |
| Oppenheimer Funds, Inc. | Member of Ad Hoc or Unofficial Creditors Committee | Affiliate of Current Client |
| AXA | Significant Stockholder | Affiliated of Current Client |
| FMR LLC | Significant Stockholder | Affiliate of Current Client |
| George F. Walker | Officer | Current Client |
| UBS Investment Bank | Underwriting Investment Banker | Affiliate of Current Client |
| Merrill Lynch | Underwriting Investment Banker | Current Client |
| ABN AMRO Rothschild | Underwriting Investment Banker | Affiliate of Current Client |
| Ernst & Young | Accountant | Current Client |
| PricewaterhouseCoopers LLP | Accountant | Current Client |
| Deloitte & Touche USA LLP | Accountant | Affiliate of Current Client |
| Iron Mountain Information Management | Potential Party In Interest | Affiliate of Current Client |
| Harbinger Capital Partners | Potential Party In Interest | Affiliate of Current Client |
| Harbinger Capital Partners Special Situations Fund LP | Potential Party In Interest | Affiliate of Current Client |
| UBS Financial Services | Potential Party In Interest | Affiliate of Current Client |
| UBS Financial Services of Puerto Rico | Potential Party In Interest | Affiliate of Current Client |
| UBS International Inc. | Potential Party In Interest | Affiliate of Current Client |
| Morgan Stanley & Co. | Potential Party In Interest | Affiliate of Current Client |

| Matched Entity | Relationship to Debtors | Relationship to WGM |
|----------------|------------------------|---------------------|
| Citigroup, Inc. | Potential Party In Interest | Current Client |
| Credit Suisse | Potential Party In Interest | Current Client |
| BP Canada | Potential Party In Interest | Affiliate of Current Client |
| BP Energy | Potential Party In Interest | Affiliate of Current Client |
| BP North America | Potential Party In Interest | Affiliate of Current Client |
| Canadian Imperial Bank | Potential Party In Interest | Affiliate of Current Client |
| CIBC World Market Inc. | Potential Party In Interest | Affiliate of Current Client |
| Societe Generale | Potential Party In Interest | Current Client |
| Washington Mutual Inc. | Potential Party In Interest | Affiliate of Current Client |
| Wells Fargo & Co. | Potential Party In Interest | Affiliate of Current Client |
| Wells Fargo Bank, NA | Potential Party In Interest | Affiliate of Current Client |
| Toronto –Dominion Bank | Potential Party In Interest | Current Client |
| Dresdner Kleinwort Group Holdings LLC | Potential Party In Interest | Affiliate of Current Client |
| General Electric Capital Corp. | Potential Party In Interest | Current Client |
| ING Bank, FSB | Potential Party In Interest | Affiliate of Current Client |
| Microsoft Corporation | Potential Party In Interest | Affiliate of Current Client |
| AIG Global Investment Corporation | Potential Party In Interest | Affiliate of Current Client |
| Providence Equity Partners | Potential Party in Interest | Current Client |
| Verizon Communications Inc. | Potential Party in Interest | Current Client |
| Deutsche Bank Securities, Inc. | Potential Party in Interest | Current Client |
| Brookfield Properties One WFC Co. LLC | Potential Party in Interest | Affiliate of Current Client |
| Bank of Montreal | Potential Party in Interest | Current Client |

| Matched Entity | Relationship to Debtors | Relationship to WGM |
|---|---|---|
| Barclays Capital, Inc. | Potential Party in Interest | Affiliate of Current Client |
| Bay Harbour Management L.C. | Potential Party in Interest | Current Client |
| Avaya, Inc. | Potential Party in Interest | Current Client |
| European Bank for Reconstruction | Potential Party in Interest | Current Client |
| The Bank of Tokyo-Mitsubishi UFJ, Ltd. | Potential Party in Interest | Current Client |
| Tishman Speyer Properties | Potential Party in Interest | Current Client |
| Shinsei Bank Limited | Potential Party in Interest | Current Client |
| Godiva Chocolatier, Inc | Potential Party in Interest | Current Client |
| Yildiz Holdings, Inc. | Potential Party in Interest | Affiliate of Current Client |
| W.R. Grace & Co. | Affiliation of Outside Director John F. Akers | Affiliate of Current Client |
| Huntsman Corporation | Affiliation of Outside Director Marsha Johnson Evers | Current Client |
| MGM Mirage | Affiliation of Outside Director Roland A. Hernandez | Current Client |
| Sony Corporation | Affiliation of Outside Director John F. Akers | Affiliate of Current Client |
| Vail Resorts Inc. | Affiliation of Outside Director John F. Akers | Affiliate of Current Client |
| Con Edison | Utility | Current Client |
| Milbank Tweed Hadley & McCloy | Professionals Retained by Significant Creditor Group | Potential Client |

12.     To the best of my knowledge and information, none of the entities listed as Current Clients represents more than 1 percent (1%) of WGM's annual revenues over the past twelve (12) months other than General Electric Capital Corporation (3.30%), Providence Equity Partners (1.54%), Microsoft Corporation (1.49%), Citigroup, Inc. (1.48%), Reuters (1.14%), Merrill Lynch (1.12%) and Credit Suisse (1.04%).

13.    WGM has not, does not, and will not represent any of the Current Clients
or their respective affiliates or subsidiaries in the Debtors' chapter 11 cases or in other matters
adverse to the Debtors during the pendency of these chapter 11 cases.

**Potential Clients**

14.    After diligent effort, WGM has determined that the following Parties In
Interest or their affiliates are Potential Clients:

| Matched Entity | Relationship to Debtors | Relationship to WGM |
| --- | --- | --- |
| American Life Insurance Company | Bond Holder | Potential Client |
| Allianz Life Insurance Company of North America | Bond Holder | Potential Client |
| Dimension Data | Unsecured Creditor | Potential Client |
| Tibco Software Inc. | Unsecured Creditor | Potential Client |
| Allen & Overy | Unsecured Creditor | Potential Client |
| Millennium Developers | Unsecured Creditor | Potential Client |
| Swedbank | Secured Creditor | Potential Client |
| Property Asset Management Inc. | Former LBHI Entity | Potential Client |
| Fannie Mae | Potential Party in Interest | Potential Client |
| Moody's Investor Service | Potential Party in Interest | Potential Client |
| Occidental Energy Marketing, Inc. | Potential Party in Interest | Potential Client |
| Stewart & Stevenson LLC | Affiliations of Outside Director John D. Macomber | Potential Client |
| Meridian IT, Inc. | Trade Debt | Potential Client |

15.    To the extent any additional Potential Parties In Interest become a
Potential Client during the pendency of these chapter 11 cases, WGM will make the appropriate

supplemental disclosures to the Court.  Further, to the extent any Current Client becomes a

Former Client during the pendency of these chapter 11 cases, WGM will make the appropriate

supplemental disclosures to the Court.

## Former Clients

16.    After diligent effort, WGM has determined that, at this time, the following

Parties In Interest or their affiliates are Former Clients.

| Matched Entity | Relationship to Debtors | Relationship to WGM |
| --- | --- | --- |
| Sun Life Assurance Company of Canada | Bond Holder | Former Client |
| Aetna Life Insurance Company | Bond Holder | Former Client |
| UFJ Bank Limited | Unsecured Creditor | Affiliate of Former Client |
| Lloyds Bank, PLC | Unsecured Creditor | Affiliate of Former Client |
| ANZ Banking Group Limited | Unsecured Creditor | Affiliate of Former Client |
| DnB Nor Bank ASA | Unsecured Creditor | Former Client |
| Hewlett-Packard AP (Hong Kong) Ltd. | Unsecured Creditor | Affiliate of Former Client |
| Thayer Properties Limited | Former LBHI Entity | Former Client |
| Chevron Natural Gas | Potential Party In Interest | Affiliate of Former Client |

## Related Entities

17.    After diligent effort, WGM had determined that the following Parties In

Interest or their affiliates are Related Entities:

| Matched Entity | Relationship to Debtors | Relationship to WGM |
| --- | --- | --- |
| Sun Life Assurance Company of Canada | Bond Holder | May be Related to Current Client |
| Capital Research and Management | Bond Holder | May be Related to Current Client |

| Matched Entity | Relationship to Debtors | Relationship to WGM |
|---|---|---|
| Continental Casualty Company | Bond Holder | Related to Current Client |
| T. Rowe Price Associates | Bond Holder | Related to Current Client |
| Northwestern Mutual Life Insurance Company | Bond Holder | May be Related to Current Client |
| Jackson National Life Insurance | Bond Holder | May be Related to Current Client |
| VanKanpen Asset Management | Bond Holder | May be Related to Current Client |
| Principal Life Insurance Company | Bond Holder | May be Related to Current Client |
| Transamerica Life Insurance Company | Bond Holder | May be Related to Current Client |
| John Hancock Investment Management Services and John Hancock Life Insurance Company | Bond Holder | Related to Current Client |
| National Bank of Australia | Unsecured Creditor | May be Related to Current Client |
| Commonwealth Bank of Australia | Unsecured Creditor | May be Related to Current Client |
| Standard & Poor's | Unsecured Creditor | May be Related to Current Client |
| The British Land Company PLC | Unsecured Creditor | May be Related to Current Client |
| Tata Consultancy Services | Unsecured Creditor | May be Related to Current Client |
| CDW Direct LLC | Unsecured Creditor | May be Related to Current Client |
| First Commercial bank Co. Ltd. (N.Y. Agency) | Unsecured Creditor | May be Related to Current Client |
| Archipelago Holdings, Inc. | Landlord | May be Related to Current Client |
| Fenway Funding LLC | Secured Creditor | May be Related to Current Client |
| Thomas H. Cruikshank | Director | Director of Current Client |
| Roland A. Hernandez | Director | Director of Current Client |
| Marsha Johnson Evans | Director | Director of Former Client |
| MBR / G.P. Corporation | Related Entity | May be Related to Current Client |

| Matched Entity | Relationship to Debtors | Relationship to WGM |
|---|---|---|
| SASCO ARC Corporation | Related Entity | May be Related to Current Client |
| Preferred Mortgage Ltd. | Former LBHI Entity | May be Related to Current Client |
| Office Depot, Inc. | Affiliations of Outside Director Marsha Johnson Evers | May be Related to Current Client |
| Akin Gump Stauss Hauer & Feld | Professionals Retained by Significant Creditor Group | May be Related to Current Client |
| Newport Global Advisors LLC | Potential Party in Interest | May be Related to Current Client |
| U.S. Bank National Association | Potential Party in Interest | May be Related to Current Client |

18.     To the extent any additional Potential Parties In Interest become a Related Entity during the pendency of these chapter 11 cases, WGM will make the appropriate supplemental disclosures to the Court.

19.     In addition to the matters discussed above, WGM's Partner and Employee Pension Plans hold investments in and have ongoing commitments to private equity funds that are managed by the Investment Management Division of Lehman.

20.     WGM has also represented, and may currently represent, entities which hold certain of the Debtors' debt in beneficial accounts on behalf of unidentified parties.  These entities maintain no direct financial stake in the Debtors' economic performance.

21.     Because distressed bank and note debt is actively traded in the commercial markets, WGM may be unaware of the actual holder of such debt of the Debtors at any given moment.  Because WGM represents in unrelated matters numerous entities that may buy and sell distressed debt of chapter 11 debtors, out of an abundance of caution, I am listing here many such entities either currently or formerly represented by WGM:  Salomon Smith Barney, Donaldson Lufkin Jenrette, JP Morgan/Chase Manhattan Bank, Bank of America, Bay Harbour

Management, Mackay Shields, Perry Corporation, Whipporwill Associates, Teachers Insurance Company, Elliott Associates, Morgens Waterfall Vintiades & Co., Oaktree Associates, Argent Capital, AIG Corporation, Leucadia Corporation, Halcyon Management Co., Bennett Management Co., Resurgence Asset Management Co., and M.D. Sass & Co. Generally, WGM does not represent any of such entities in connection with the purchase or sale of distressed debt.

22. Additionally, WGM has represented, may currently represent, and may in the future represent entities with respect to matters involving legal and regulatory authorities such as the Federal Reserve Bank, the Securities and Exchange Commission, the Office of Thrift Supervision, and the Federal Trade Commission, among others, which may be involved in the Debtors chapter 11 cases.

23. WGM has not, does not, and will not represent any of the aforementioned entities or their respective affiliates or subsidiaries, except as specifically stated above, in matters related to the Debtors or their chapter 11 cases.

24. WGM will continue to apply the Firm Disclosure Procedures as additional information concerning entities having a connection with the Debtors is developed and will file appropriate supplemental disclosure with the Court.

### WGM Personnel Inquiry

25. WGM has conducted a general inquiry of its personnel to determine whether any WGM personnel or any member in his or her household (i) owns any debt or equity securities of any of the Debtors; (ii) holds a claim against any of the Debtors; or (iii) is or was an officer, director, or employee of any of the Debtors. As a result of the inquiry, I have determined that seven WGM employees own the Debtors' securities, two WGM employees were employed by the Debtors within the past two years, and one WGM employee is married to a current

employee of the Debtors.  It should be noted that WGM has a long-standing policy prohibiting

all lawyers and support staff from using confidential information that may come to their attention

in the course of their work.  In this regard all personnel are barred from trading in securities with

respect to which they possess confidential information.

26.     WGM will continue to apply the Firm Disclosure Procedures as additional

information concerning entities having a connection with the Debtors is developed and will file

appropriate supplemental disclosure with the Court.

### WGM's Rates and Billing Practices

27.     WGM's current customary hourly rates in our U.S. offices, subject to

change from time to time, are $650 to $950 for members and counsel, $355 to $595 for

associates and $155 to $290 for paraprofessionals.[2]

28.     WGM's disbursement policies pass through all out of pocket expenses at

actual cost or an estimated actual cost when the actual cost is difficult to determine.  For

example, with respect to duplication charges, WGM will charge $.10 per page because the actual

cost is difficult to determine.  Similarly, as it relates to computerized research, WGM believes

that it does not make a profit on that service as a whole although the cost of any particular search

is difficult to ascertain.  Other reimbursable expenses (whether the service is performed by

WGM in-house or through a third party vendor) include, but are not limited to, facsimiles, toll

calls, overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees,

travel, and clerk fees.

29.     No promises have been received by WGM or any member, counsel or

associate thereof as to payment or compensation in connection with these cases other than in

---

[2] WGM policy is to adjust rates in November of each year. Should such an adjustment occur, WGM will
file appropriate disclosure with the court.

accordance with the provisions set forth herein.  WGM has no agreement with any other entity to share with such entity any compensation received by WGM or by such entity.

30.    The Debtors' Application requests, pursuant to section 328(a) of the Bankruptcy Code, approval of their retention of WGM on rates, terms and conditions consistent with what WGM charges non-chapter 11 debtors, namely, prompt payment of its hourly rates as adjusted from time to time and reimbursement of out-of-pocket disbursements at cost or based on formulae that approximate the actual cost where the actual cost is not easily ascertainable. Subject to these terms and conditions, WGM intends to apply pursuant to section 330 of the Bankruptcy Code for allowances of compensation for professional services performed in these chapter 11 cases and for reimbursement of actual and necessary expenses incurred in connection therewith.

31.    The foregoing constitutes the statement of WGM pursuant to sections 327(a), 328(a), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

I declare under penalty of perjury that, to the best of my knowledge, and after reasonable inquiry, the foregoing is true and correct.

/s/ Harvey R. Miller
Harvey R. Miller

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                                              :
In re                                         :    **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :    **08-13555 (JMP)**
                                              :
         **Debtors.**                         :    **(Jointly Administered)**
                                              :
                                              :
--------------------------------------------------------------------x

### INTERIM ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the application dated October 8, 2008 (the "Application") of

Lehman Brothers Holdings Inc. and its debtor affiliates, as debtors and debtors in

possession (collectively, the "Debtors"), pursuant to sections 327(a) and 328(a) of title 11

of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to employ

and retain Weil, Gotshal & Manges LLP ("WGM") as their attorneys under a general

retainer, all as more fully described in the Application; and upon consideration of the

Declaration of Harvey R. Miller, a member of WGM (the "WGM Declaration"); and the

Court having jurisdiction to consider the Application and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Application and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Application having been provided in

accordance with the procedures set forth in the order entered September 22, 2008

governing case management and administrative procedures [Docket No. 285] to (i) the

United States Trustee for the Southern District of New York; (ii) the attorneys for the

Official Committee of Unsecured Creditors; (iii) the attorneys for the Debtors'

postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal

Revenue Service; (vi) the United States Attorney for the Southern District of New York;

and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing

that no other or further notice need be provided; and upon all of the proceedings had

before the Court; and it appearing that the members and associates of WGM who will be

engaged in these chapter 11 cases are or will be duly admitted to practice before this

Court; and the Court being satisfied that WGM represents or holds no interest adverse to

the Debtors or their estates and is disinterested under section 101(14) of the Bankruptcy

Code, as modified by section 1107(b) of the Bankruptcy Code; and the Court having

found and determined that the relief sought in the Application is in the best interests of

the Debtors, their estates and creditors, and all parties in interest and that the legal and

factual bases set forth in the Application establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved, on an interim basis, *nunc pro

tunc* to September 15, 2008, the date on which the Debtors commenced their chapter 11

cases; and it is further

ORDERED that pursuant to sections 327(a) and 328(a) of the Bankruptcy

Code, the Debtors' retention of WGM as their attorneys under a general retainer in

accordance with WGM's normal hourly rates and disbursement policies as set forth in the

WGM Declaration is approved on an interim basis; and it is further

ORDERED that WGM shall apply for compensation and reimbursement

in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy

Code, applicable provisions of the Bankruptcy Rules, the Local Rules of Bankruptcy

Procedure of the United States Bankruptcy Court for the Southern District of New York,

the guidelines established by the Office of the United States Trustee, and such other

procedures as may be fixed by order of this Court; and it is further

ORDERED that notice of the Application as provided herein and therein

shall be deemed good and sufficient notice of the Application; and it is further

ORDERED that the final hearing to consider entry of an order granting the

relief requested in the Application on a permanent basis shall be held on November 5,

2008 at 10:00 a.m. (prevailing Eastern Time); and any objections to entry of such order

shall be in writing, filed with the Court in accordance with General Order M-242, and

served upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth

Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife,

Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii)

the Office of the United States Trustee for the Southern District of New York, 33

Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera,

Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv)

Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New

York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck,

Esq., attorneys for the official committee of unsecured creditors appointed in these cases;

and (v) Cleary Gottlieb LLP, One Liberty Plaza, New York, NY 10006, Attn: Lindsee P.

Granfield, Esq., and Lisa Schweitzer, Esq. and Sullivan & Cromwell LLP, 125 Broad

Street, New York, NY 10004, Attn:  Robinson B. Lacy, Esq. and Hydee R. Feldstein,

Esq., attorneys for the Debtors' postpetition lenders, so as to be received no later than

4:00 p.m. (prevailing Eastern Time) on October 31, 2008; and it is further

ORDERED that the Debtors shall serve this Order within three business

days of its entry on (i) the U.S. Trustee, (ii) the attorneys for the Creditors' Committee,

(iii) the attorneys for the Debtors' postpetition lenders, (iv) the Securities and Exchange

Commission, (v) the Internal Revenue Service, (vi) the United States Attorney for the

Southern District of New York, and (vii) all parties who have requested notice in these

chapter 11 cases.

Dated:  October ___, 2008
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE