Interim Hearing Date and Time:  October 16, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Final Hearing Date:  November 5, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date:  October 31, 2008 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                :

**In re**                           :    **Chapter 11 Case No.**

                                :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :    **08-13555 (JMP)**

                                :

                     **Debtors.**    :    **(Jointly Administered)**

                                :

                                :

----------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND**
**363(b) OF THE BANKRUPTCY CODE FOR INTERIM AND FINAL ORDERS**
**AUTHORIZING THE DEBTORS TO (A) RETAIN ALVAREZ & MARSAL**
**NORTH AMERICA, LLC TO PROVIDE THE DEBTORS A CHIEF**
**RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, AND**
**(B) TO APPOINT THE CHIEF RESTRUCTURING OFFICER**
***NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

PLEASE TAKE NOTICE that an Interim Hearing on the annexed Motion of

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases (together, the "Debtors") for entry of, pursuant to sections 105(a) and 363(b) of

title 11 of the United States Code (the "Bankruptcy Code"), Interim and Final Orders

Authorizing the Debtors to Retain Alvarez & Marsal North America, LLC to Provide the

Debtors a Chief Restructuring Officers and Additional Personnel, and to Appoint the Chief

Restructuring Officer *Nunc Pro Tunc* to the Commencement Date, all as more fully described in the Motion, will be held on **October 16, 2008 at 10:00 a.m. (Prevailing Eastern Time)**, and the Final Hearing to consider the relief requested in the Motion will be held on **November 5, 2008 at 10:00 a.m.**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that both the Interim Hearing and the Final Hearing will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck ("Chambers"), One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian

Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP,

1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq., Dennis

O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured

creditors appointed in these cases; and (v) Cleary Gottlieb LLP, One Liberty Plaza, New York,

NY 10006, Attn: Lindsee P. Granfield, Esq.  and Lisa Schweitzer, Esq. and Sullivan & Cromwell

LLP, 125 Broad Street, New York, NY 10004, Attn:  Robinson B. Lacy, Esq. and Hydee R.

Feldstein, Esq., attorneys for the Debtors' postpetition lenders, in each case, so as to be received

no later than **October 31, 2008, at 4:00 p.m. (prevailing Eastern Time)** (the "Objection

Deadline").

> PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

> PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Final Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  October 7, 2008
       New York, New York

/s/ Shai Y. Waisman
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Interim Hearing Date and Time: October 16, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Final Hearing Date: November 5, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date: October 31, 2008 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                          :
**In re**                                  :    **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :    **08-13555 (JMP)**
                                          :
                          **Debtors.**     :    **(Jointly Administered)**
                                          :
                                          :
-------------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND**
**363(b) OF THE BANKRUPTCY CODE FOR INTERIM AND FINAL ORDERS**
**AUTHORIZING THE DEBTORS TO (A) RETAIN ALVAREZ & MARSAL**
**NORTH AMERICA, LLC TO PROVIDE THE DEBTORS A CHIEF**
**RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, AND**
**(B) TO APPOINT THE CHIEF RESTRUCTURING OFFICER**
***NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), file this Motion and respectfully

represent:

## Background

1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its direct and indirect subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under the SIPA (the "SIPC Trustee") is administering LBI's estate.

## Lehman's Business

4.      Lehman is the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.  Its headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

5.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit

of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District

of New York in Support of First-Day Motions and Applications, filed on September 15, 2008

[Docket No. 2].

### Jurisdiction

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

7.      Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the

Debtors request entry of interim and final orders authorizing the engagement of Alvarez &

Marsal North America, LLC ("A&M"), effective as of the Commencement Date, in accordance

with the fee structure described below and pursuant to the terms and conditions of that certain

agreement between A&M and LBHI, dated September 15, 2008 (the "Engagement Letter").[1]

The Engagement Letter provides that Bryan P. Marsal will serve as Chief Restructuring Officer

("CRO") to assist the Debtors with all phases of these chapter 11 cases.  The Engagement Letter

also provides for the services of additional staff (the "Additional Personnel," and, together with

the CRO, the "A&M Professionals") to assist the Debtors with their restructuring process.  In

accordance with the Engagement Letter, the CRO and two additional A&M Professionals, David

Coles and James Fogharty, will serve as executive officers of the Debtors (the "Additional

Officers").  A copy of the Engagement Letter is annexed hereto as Exhibit A.

---

[1]      In the event of any inconsistencies between the description of the A&M engagement described in this Motion and the terms of the Engagement Letter, the Engagement Letter shall control.

## The Retention of A&M

8.      In consideration of the size and complexity of their businesses, as well as
the exigencies of the circumstances, the Debtors have determined that the services of
experienced restructuring managers will substantially enhance their attempts to maximize the
value of their estates.  The A&M Professionals are well qualified to act on the Debtors' behalf
given their extensive knowledge and expertise regarding chapter 11 proceedings.

9.      The A&M Professionals specialize in interim management, crisis
management, turnaround consulting, operating due diligence, creditor advisory, and
financial/operational restructuring.  A&M's debtor advisory services have included a range of
activities targeted at stabilizing and improving a company's financial position, including
developing or validating forecasts and business plans and related assessments of a business's
strategic position; monitoring and managing cash and cash flow and supplier relationships;
assessing and recommending cost reduction strategies; and designing and negotiating financial
restructuring packages.

10.      A&M is also familiar with the Debtors' businesses, financial affairs, and
capital structure.  Since the firm's initial retention, A&M Professionals have worked closely with
the Debtors' management and other professionals in assisting with the myriad requirements of
these chapter 11 cases.  Consequently, the Debtors believe that A&M has developed significant
relevant experience and expertise regarding the Debtors and is thus both well qualified and
uniquely suited to deal effectively and efficiently with matters that may arise in the context of
these cases.  Accordingly, the Debtors submit the retention of A&M on the terms and conditions
set forth herein is necessary and appropriate, is in the best interests of their estates, creditors, and
all other parties in interest, and should be granted in all respects.

## Scope of Services

11.     Among other things, the A&M Personnel will provide assistance to the Debtors with respect to (i) reviewing and assessing Lehman's financial information, including without limitation its short and long-term projected cash flows, and including but not limited to financial information provided by the Debtors to their creditors, (ii) assisting in asset sales and the identification of cost reduction and operational improvement opportunities, (iii) developing possible restructuring plans or strategic alternatives for maximizing the enterprise value of Lehman's various business lines, (iv) serving as the principal contact with the Debtors' creditors with respect to financial and operational matters, and (v) performing such other services in connection with the restructuring process as reasonably requested or directed by LBHI's Board of Directors and other authorized company personnel.  These services are necessary to enable the Debtors to maximize the value of their estates and successfully complete their restructuring.

## A&M's Disinterestedness

12.     To the best of the Debtors' knowledge, information and belief, neither A&M nor any professional employee or independent contractor of A&M has any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the the Declaration of Bryan P. Marsal (the "Marsal Declaration"), attached hereto as Exhibit "B."

13.     Although the Debtors submit that the retention of A&M is not governed by section 327 of the Bankruptcy Code, the Debtors attach the Marsal Declaration.  The Marsal Declaration discloses, among other things, any relationship that either Mr. Marsal or any individual member of the Additional Personnel has with the Debtors, their creditors, or other parties in interest.  Based upon the Marsal Declaration, the Debtors submit that A&M is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code.

14.     In addition, as set forth in the Marsal Declaration, A&M will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new material facts or relationships are discovered or arise, A&M will provide the Court with a supplemental declaration.

### Terms of Retention

15.     Subject to approval by the Court, the Debtors propose to pay A&M for the services of the CRO and any Additional Personnel at the following hourly billing rates.  The hourly billing rate for the CRO is $850.  The current hourly billing rates, subject to annual adjustment, for other A&M Personnel are based on the position held by such A&M Personnel and are as follows:

|  | U.S./Asia | Europe[2] |
|---|---|---|
| Managing Directors | $550-850 | €550-750 |
| Directors / Senior Directors | $450-600 | €350-500 |
| Associates / Senior Associates | $300-450 | €250-350 |
| Administration / Analysts | $175- 300 | €175-225 |

16.     In addition to compensation for professional services rendered by A&M personnel, A&M will seek reimbursement for reasonable and necessary expenses incurred in connection with the Debtors' chapter 11 cases, including but not limited to, travel, lodging, duplications, computer research, messenger and telephone charges. The Debtors shall also reimburse A&M for the reasonable fees and expenses of its outside counsel incurred in connection with the preparation, negotiation, enforcement and approval of the Engagement Letter.  All fees and expenses due to A&M will be billed on a monthly basis or, at A&M's discretion, more frequently.

---

[2] At the time the Debtors and A&M executed the Engagement Letter, A&M was only providing services to the Debtors in the United States.  At present, A&M anticipates utilizing its European staff as well.

17.     The Debtor shall promptly remit to A&M a retainer in the amount of $2,500,000, which shall be credited against any amounts due at the termination of A&M's employment by the Debtors.  Furthermore, the Debtors and A&M recognize that it is appropriate that A&M receive incentive compensation for its services in addition to the compensation set forth above (the "Incentive Fee").  The Debtors and A&M will seek to reach an agreement as to the amount of such Incentive Fee within ninety (90) days from the Commencement Date.

18.     If the Court approves the relief requested herein, A&M will be employed as a restructuring officer pursuant to section 363 of the Bankruptcy Code, rather than as a professional under section 327 of the Bankruptcy Code.  Accordingly, A&M will not be required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code.  Instead, A&M will file with the Court, and provide notice to the United States Trustee and all official committees, reports of compensation earned and expenses incurred on at least a quarterly basis.  Such compensation and expenses shall be subject to Court review in the event that an objection is filed.

19.     Given the numerous issues which the A&M Personnel may be required to address in the performance of their services, A&M's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for such services for engagements of this nature in an out-of-court context, as well as in chapter 11, the Debtors submit that the fee arrangements in the Engagement Letter are reasonable under the standards set forth in section 328(a) of the Bankruptcy Code.

**Indemnification**

20.     Subject to the approval of the Court and as more fully described in the Engagement Letter (including that certain Indemnification Agreement attached to the

Engagement Letter and incorporated by reference therein (the "<u>Indemnification Agreement</u>"), the Debtors will indemnify (a) the CRO and all Additional Personnel to the same extent as the most favorable indemnification it extends to its officers or directors and (b) A&M pursuant to the terms of the Indemnification Agreement. In addition, the Debtors shall cause the CRO and each Additional Officer to be covered under LBHI's existing director and officer liability insurance policy.

## Applicable Authority

21.     The Debtors seek approval of the employment of A&M pursuant to section 363 of the Bankruptcy Code, *nunc pro tunc* to September 15, 2008. Section 363(b)(1) of the Bankruptcy Code provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Further, pursuant to section 105(a) of the Bankruptcy Code, the "court may issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a).

22.     Under applicable case law, in this and other circuits, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on the part of the debtor, such use should be approved. *See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) (requiring an "articulated business justification"); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (noting that under normal circumstances, the court defers to the trustee's judgment so long as there is a "legitimate business justification"); *In re Del. & Hudson R.R. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)). Courts have applied the section 363(b) standard when a

11

debtor employs one or more individuals to serve as restructuring officers or managers. *See In re Tokheim Corp.*, Ch. 11 Case No. 02-13437 (RJN) (Bankr. D. Del. Feb. 25, 2003).

23.    The retention of interim corporate officers and other temporary employees, therefore, is proper under section 363 of the Bankruptcy Code. This Court has authorized retention of officers utilizing this provision of the Bankruptcy Code on numerous occasions. *In re PRC, LLC*, Case No. 08-10239 (MG) (Bankr. S.D.N.Y. 2008); *In re Bally Total Fitness of Greater N.Y., Inc.*, Case No. 07-12395 (BRL) (Bankr. S.D.N.Y. 2007); *In re Dana Corp.*, Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. 2006); *In re Penn Traffic Company*, Case No. 03-22945 (ASH) (Bankr. S.D.N.Y. 2003); *In re Acterna Corp.*, Case No. 03-12837 (BRL) (Bankr. S.D.N.Y. 2003); *In re WorldCom, Inc., et al.*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. 2002).

24.    Based upon the foregoing, the Debtors submit that the relief requested herein is essential, appropriate, and in the best interest of the Debtors' estates and creditors, and therefore, should be granted in these chapter 11 cases.

### Waiver of Bankruptcy Rules 6004(a), (h)

25.    Due to the exigencies of this case, and the Debtors' immediate need for A&M's services, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the stay of the order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Notice

26.    No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors'

Committee; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and

Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the

Southern District of New York, and (vii) all parties who have requested notice in these chapter

11 cases.  The Debtors submit that no other or further notice need be provided.

      27.    No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

      WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated:  October 7, 2008
      New York, New York

      /s/ Shai Y. Waisman
      Harvey R. Miller
      Richard P. Krasnow
      Lori R. Fife
      Shai Y. Waisman
      Jacqueline Marcus
      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Debtors
      and Debtors in Possession

**EXHIBIT A**

**Alvarez & Marsal North America, LLC**
**Engagement Letter**



ALVAREZ & MARSAL

600 Lexington Avenue, 6th Floor, New York, NY 10022
Phone: 212.759.4433  Fax: 212.759.5532
**www.alvarezandmarsal.com**

September 15, 2008

Lehman Brothers Holdings, Inc.
745 Seventh Avenue
New York, NY 10019

Dear Sir/Madam:

This letter confirms and sets forth the terms and conditions, subject to the approval of the Bankruptcy Court, of the engagement between Alvarez & Marsal North America, LLC ("A&M") and Lehman Brothers Holdings, Inc. (the "Company"), including the scope of the services to be performed and the basis of compensation for those services. Upon execution of this letter by each of the parties below and receipt of the retainer described below, this letter will constitute an agreement between the Company and A&M.

    1.    <u>Description of Services</u>

        a.    Personnel. In connection with this engagement, A&M shall make available to the Company and its subsidiaries:

            (i)    Bryan P. Marsal to serve as the Chief Restructuring Officer (the "CRO"); and

            (ii)    upon the mutual agreement of A&M and the Board of Directors of the Company (the "Board"), such additional personnel (who may be employees of affiliates of A&M which affiliates are wholly-owned by A&M's parent company and employees) as are necessary to assist in the performance of the duties set forth in clause 1.b below (the "Additional Personnel"). Up to two of such Additional Personnel shall be designated by the Company as executive officers (the "Additional Officers").

Lehman Brothers Holdings, Inc.
September 15, 2008
Page 2

b.  Duties.

(i)  The CRO, together with any Additional Personnel, in cooperation with the Chief Executive Officer of the Company (the "CEO"), shall perform a financial review of the Company, including but not limited to a review and assessment of financial information that has been, and that will be, provided by the Company to its creditors, including without limitation its short and long-term projected cash flows;

(ii)  The CRO and any Additional Personnel shall assist in asset sales, the identification of cost reduction and operations improvement opportunities;

(iii)  The CRO and any Additional Personnel shall assist the CEO in developing for the Board's review possible restructuring plans or strategic alternatives for maximizing the enterprise value of the Company's various business lines;

(iv)  The CRO shall serve as the principal contact with the Company's creditors with respect to the Company's financial and operational matters; and

(v)  The CRO and any Additional Personnel shall perform such other services in connection with the restructuring process as reasonably requested or directed by the Board, the CEO, and other authorized Company personnel.

c.  Reporting. The CRO and any Additional Personnel shall report to the CEO and to the Board.

d.  Employment by A&M. The CRO and any Additional Personnel will continue to be employed by A&M and while rendering services to the Company will continue to work with other personnel at A&M in connection with other unrelated matters, which will not unduly interfere with services pursuant to this engagement. With respect to the Company, however, the CRO and any Additional Officers shall operate under the direction of the Board and A&M shall have no liability to the Company for any acts or omissions of such persons other than caused by their gross negligence or willful misconduct. The CRO shall not undertake

Lehman Brothers Holdings, Inc.
September 15, 2008
Page 3

another client engagement for six (6) months from the date hereof. To the extent required to provide the services hereunder, the Additional Officers will devote all of their business time to the business and affairs of the company but it will not be a breach of the foregoing for them to attend to administrative matters of A&M.

e.      Projections; Reliance; Limitation of Duties.  You understand that the services to be rendered by the CRO and any Additional Personnel may include the preparation of projections and other forward-looking statements, and that numerous factors can affect the actual results of the Company's operations, which may materially and adversely differ from those projections and other forward-looking statements.   In addition, the CRO and any Additional Personnel will be relying on information provided by other members of the Company's management in the preparation of those projections and other forward-looking statements. Neither the CRO, any Additional Personnel nor A&M makes any representation or guarantee that an appropriate restructuring proposal or strategic alternative can be formulated for the Company, that any restructuring proposal or strategic alternative presented to the Board will be more successful than all other possible restructuring proposals or strategic alternatives, that restructuring is the best course of action for the Company or, if formulated, that any proposed restructuring plan or strategic alternative will be accepted by any of the Company's creditors, shareholders and other constituents. Further, neither the CRO, and any Additional Personnel nor A&M assumes responsibility for the selection of any restructuring proposal or strategic alternative that any such officer assists in formulating and presenting to the Board, and the CRO and any Additional Personnel shall be responsible for implementation only of the proposal or alternative approved by the Board and only to the extent and in the manner authorized and directed by the Board.

Lehman Brothers Holdings, Inc.
September 15, 2008
Page 4

2.   <u>Compensation</u>

a.   A&M will be paid by the Company for the services of the CRO
and any Additional Personnel at the following hourly billing rates.
The hourly billing rate for the CRO is $850.  The current hourly
billing rates for other A&M personnel, based on the position held
by such A&M personnel in A&M, are:

| | | |
|---|---|---|
| i. | Managing Director | $550 - 850 |
| ii. | Director | $450 - 600 |
| iii. | Associate | $300 - 450 |
| iv. | Analyst | $175 - 300 |

Such rates shall be subject to adjustment annually at such time as
A&M adjusts its rates generally.

b.   In addition, A&M will be reimbursed by the Company for the
reasonable out-of-pocket expenses of the CRO and any Additional
Personnel, and if applicable, other A&M personnel, incurred in
connection with this assignment, such as travel, lodging,
duplications, computer research, messenger and telephone charges.
In addition, A&M shall be reimbursed by the Company for the
reasonable fees and expenses of its outside counsel incurred in
connection with the preparation, negotiation, enforcement and
approval of this Agreement.  All fees and expenses due to A&M
will be billed on a monthly basis or, at A&M's discretion, more
frequently.

c.   The Company shall promptly remit to A&M a retainer in the
amount of $2,500,000, which shall be credited against any amounts
due at the termination of this engagement and returned upon the
satisfaction of all obligations hereunder.

d.   The Company and A&M recognize that it is appropriate that
A&M receive incentive compensation for its services hereunder,
in addition to the compensation set forth above.  To establish
such incentive compensation (the "Incentive Fee"), A&M and the
Company will seek to reach agreement within ninety (90) days
from the date hereof on the amount of such Incentive Fee and the
terms on which it shall be payable.

Lehman Brothers Holdings, Inc.
September 15, 2008
Page 5

3.      Term

The engagement will commence as of the date hereof and may be
terminated by either party without cause by giving 30 days' written notice
to the other party. A&M normally does not withdraw from an engagement
unless the Company misrepresents or fails to disclose material facts, fails
to pay fees or expenses, or makes it unethical or unreasonably difficult for
A&M to continue to represent the Company, or unless other just cause
exists. After notice of termination by the Company, A&M will provide
services as reasonably requested by the Company in connection with the
restructuring process for up to thirty (30) days. In the event of any such
termination, any fees and expenses due to A&M shall be remitted
promptly (including fees and expenses that accrued prior to but were
invoiced subsequent to such termination). If the Company terminates this
engagement without Cause or if A&M terminates this engagement for
Good Reason, A&M shall also be entitled to receive the Incentive Fee
upon the occurrence of the event to be agreed upon if such event occurs
within nine (9) months of the termination. The Company may
immediately terminate A&M's services hereunder at any time for Cause
by giving written notice to A&M. Upon any such termination, the
Company shall be relieved of all of its payment obligations under this
Agreement, except for the payment of fees and expenses through the
effective date of termination (including fees and expenses that accrued
prior to but were invoiced subsequent to such termination) and its
obligations under paragraphs 7 and 8. For purposes of this Agreement,
"Cause" shall mean if (i) the CRO or any of the Additional Personnel is
convicted of, admits guilt in a written document filed with a court of
competent jurisdiction to, or enters a plea of nolo contendere to, an
allegation of fraud, embezzlement, misappropriation or any felony; (ii) the
CRO or any of the Additional Personnel willfully disobeys a lawful
direction of the Board; or (iii) a material breach of any of A&M's or the
CRO or any of the Additional Personnel material obligations under this
Agreement which is not cured within 30 days of the Company's written
notice thereof to A&M describing in reasonable detail the nature of the
alleged breach. For purposes of this Agreement, termination for "Good
Reason" shall mean either its resignation caused by a breach by the
Company of any of its material obligations under this Agreement that is
not cured within 30 days of A&M having given written notice of such
breach to the Company describing in reasonable detail the nature of the
alleged breach.

Lehman Brothers Holdings, Inc.
September 15, 2008
Page 6

4.    No Audit, Duty to Update.

It is understood that the CRO, any Additional Personnel and A&M are not
being requested to perform an audit, review or compilation, or any other
type of financial statement reporting engagement that is subject to the
rules of the AICPA, SEC or other state or national professional or
regulatory body. They are entitled to rely on the accuracy and validity of
the data disclosed to them or supplied to them by employees and
representatives of the Company. The CRO, any Additional Personnel and
A&M are under no obligation to update data submitted to them or review
any other areas unless specifically requested by the Board to do so.

5.    No Third Party Beneficiary.

The Company acknowledges that all advice (written or oral) given by
A&M to the Company in connection with this engagement is intended
solely for the benefit and use of the Company (limited to its Board and
management) in considering the matters to which this engagement relates.
The Company agrees that no such advice shall be used for any other
purpose or reproduced, disseminated, quoted or referred to at any time in
any manner or for any purpose other than accomplishing the tasks referred
to herein without A&M's prior approval (which shall not be unreasonably
withheld), except to Company counsel or as required by law.

6.    Conflicts.

A&M is not currently aware of any relationship that would create a
conflict of interest with the Company or those parties-in-interest of which
you have made us aware. Because A&M is a consulting firm that serves
clients on an international basis in numerous cases, both in and out of
court, it is possible that A&M may have rendered or will render services to
or have business associations with other entities or people which had or
have or may have relationships with the Company, including creditors of
the Company. In the event you accept the terms of this engagement,
A&M will not represent, and A&M has not represented, the interests of
any such entities or people in connection with this matter. Each of the
Companies acknowledges and agrees that the services being provided
hereunder are being provided on behalf of each of them and each of them
hereby waives any and all conflicts of interest that may arise on account of
the services being provided on behalf of any other Company. Each
Company represents that it has taken all corporate action necessary and is
authorized to waive such potential conflicts of interest.

Lehman Brothers Holdings, Inc.
September 15, 2008
Page 7

7.    Confidentiality / Non-Solicitation.

The CRO, and Additional Personnel and A&M shall keep as confidential
all non-public information received from the Company in conjunction
with this engagement, except (i) as requested by the Company or its legal
counsel; (ii) as required by legal proceedings or (iii) as reasonably
required in the performance of this engagement. All obligations as to non-
disclosure shall cease as to any part of such information to the extent that
such information is or becomes public other than as a result of a breach of
this provision.    Except as specifically provided for in this letter, the
Company on behalf of itself and its subsidiaries and affiliates and any
person which may acquire all or substantially all of its assets agrees that,
until two (2) years subsequent to the termination of this engagement, it
will not solicit, recruit, hire or otherwise engage any employee of A&M
who worked on this engagement while employed by A&M ("Solicited
Person").  Should the Company or any of its subsidiaries or affiliates or
any person who acquires all or substantially all of its assets extend an offer
of employment to or otherwise engage any Solicited Person and should
such offer be accepted, A&M shall be entitled to a fee from the party
extending such offer equal to the Solicited Person's hourly client billing
rate at the time of the offer multiplied by 4,000 hours for a Managing
Director, 3,000 hours for a Senior Director and 2,000 hours for any other
A&M employee.  The fee shall be payable at the time of the Solicited
Person's acceptance of employment or engagement.

8.    Indemnification.

The Company shall indemnify the CRO and all Additional Personnel to
the same extent as the most favorable indemnification it extends to its
officers or directors, whether under the Company's bylaws, its certificate
of incorporation, by contract or otherwise, and no reduction or termination
in any of the benefits provided under any such indemnities shall affect the
benefits provided to the CRO or Additional Personnel.  The Company
shall use its reasonable best efforts to cover the CRO and each Additional
Officer under the Company's existing director and officer liability
insurance policy. If such insurance is obtained, a Certificate of Insurance
evidencing such coverage shall be furnished to A&M and the Company
shall give thirty (30) days' prior written notice to A&M of cancellation,
non-renewal, or material change in coverage, scope, or amount of such
director and officer liability policy.  If such insurance is obtained, the
Company shall also maintain such insurance coverage for the CRO and

Lehman Brothers Holdings, Inc.
September 15, 2008
Page 8

each Additional Officer for a period of not less than two years following the date of the termination of such officer's services hereunder. The provisions of this section 8 are in the nature of contractual obligations and no change in applicable law or the Company's charter, bylaws or other organizational documents or policies shall affect the CRO's or any Additional Officer's rights hereunder. The attached indemnity provisions are incorporated herein and the termination of this agreement or the engagement shall not affect those provisions, which shall survive termination.

9.    Miscellaneous.

This Agreement shall (together with the attached indemnity provisions be: (a) governed and construed in accordance with the laws of the State of New York, regardless of the laws that might otherwise govern under applicable principles of conflict of laws thereof; (b) incorporates the entire understanding of the parties with respect to the subject matter thereof; and (c) may not be amended or modified except in writing executed by each of the signatories hereto. The Company and A&M agree to waive trial by jury in any action, proceeding or counterclaim brought by or on behalf of the parties hereto with respect to any matter relating to or arising out of the performance or non-performance of the Company or A&M hereunder. The Company and A&M agree that the Bankruptcy Court having jurisdiction over the Company's Chapter 11 case (or any case into which it may be converted) shall have exclusive jurisdiction over any and all matters arising under or in connection with their obligations hereunder. Notwithstanding anything herein to the contrary, A&M may reference or list the Company's name and/or a general description of the services in A&M's marketing materials, including, without limitation, on A&M's website.

The next page is the signature page.

Lehman Brothers Holdings, Inc.
September 15, 2008
Page 9


If the foregoing is acceptable to you, kindly sign the enclosed copy to acknowledge your agreement with its terms.

Very truly yours,

Alvarez & Marsal North America, LLC

By: _____

Bryan P. Marsal
Managing Director


Accepted and Agreed:

Lehman Brothers Holdings, Inc.

By: _____

Name:  STEVEN BERKENFELD

Title:  VICE PRESIDENT

## INDEMNIFICATION AGREEMENT

This indemnity is made part of an agreement, dated September 15, 2008 (which together with any renewals, modifications or extensions thereof, is herein referred to as the "Agreement") by and between Alvarez & Marsal North America, LLC ("A&M") and Lehman Brothers Holdings, Inc. (the "Company"), for services to be rendered to the Company by A&M.

A.      The Company agrees to indemnify and hold harmless each of A&M, its affiliates and their respective shareholders, members, managers, employees, agents, representatives and subcontractors (each, an "Indemnified Party" and collectively, the "Indemnified Parties") against any and all losses, claims, damages, liabilities, penalties, obligations and expenses, including the costs for counsel or others (including employees of A&M, based on their then current hourly billing rates) in investigating, preparing or defending any action or claim, whether or not in connection with litigation in which any Indemnified Party is a party, or enforcing the Agreement (including these indemnity provisions), as and when incurred, caused by, relating to, based upon or arising out of (directly or indirectly) the Indemnified Parties' acceptance of or the performance or nonperformance of their obligations under the Agreement; provided, however, such indemnity shall not apply to any such loss, claim, damage, liability or expense to the extent it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from such Indemnified Party's gross negligence or willful misconduct. The Company also agrees that no Indemnified Party shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Company for or in connection with the engagement of A&M, except to the extent that any such liability for losses, claims, damages, liabilities or expenses are found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from such Indemnified Party's gross negligence or willful misconduct. The Company further agrees that it will not, without the prior consent of an Indemnified Party, settle or compromise or consent to the entry of any judgment in any pending or threatened claim, action, suit or proceeding in respect of which such Indemnified Party seeks indemnification hereunder (whether or not such Indemnified Party is an actual party to such claim, action, suit or proceedings) unless such settlement, compromise or consent includes an unconditional release of such Indemnified Party from all liabilities arising out of such claim, action, suit or proceeding.

B.      These indemnification provisions shall be in addition to any liability which the Company may otherwise have to the Indemnified Parties. In the event that, at any time whether before or after termination of the engagement or the Agreement, as a result of or in connection with the Agreement or A&M's and its personnel's role under the Agreement, A&M or any Indemnified Party is required to produce any of its personnel (including former employees) for examination, deposition or other written, recorded or oral presentation, or A&M or any of its personnel (including former employees) or any other Indemnified Party is required to produce or otherwise review, compile, submit, duplicate, search for, organize or report on any material within such Indemnified Party's possession or control pursuant to a subpoena or other legal (including administrative) process, the Company will reimburse the Indemnified Party for its out of pocket

1

expenses, including the reasonable fees and expenses of its counsel, and will compensate the Indemnified Party for the time expended by its personnel based on such personnel's then current hourly rate.

C.    If any action, proceeding or investigation is commenced to which any Indemnified Party proposes to demand indemnification hereunder, such Indemnified Party will notify the Company with reasonable promptness; provided, however, that any failure by such Indemnified Party to notify the Company will not relieve the Company from its obligations hereunder, except to the extent that such failure shall have actually prejudiced the defense of such action. The Company shall promptly pay expenses reasonably incurred by any Indemnified Party in defending, participating in, or settling any action, proceeding or investigation in which such Indemnified Party is a party or is threatened to be made a party or otherwise is participating in by reason of the engagement under the Agreement, upon submission of invoices therefor, whether in advance of the final disposition of such action, proceeding, or investigation or otherwise. Each Indemnified Party hereby undertakes, and the Company hereby accepts its undertaking, to repay any and all such amounts so advanced if it shall ultimately be determined that such Indemnified Party is not entitled to be indemnified therefor. If any such action, proceeding or investigation in which an Indemnified Party is a party is also against the Company, the Company may, in lieu of advancing the expenses of separate counsel for such Indemnified Party, provide such Indemnified Party with legal representation by the same counsel who represents the Company, provided such counsel is reasonably satisfactory to such Indemnified Party, at no cost to such Indemnified Party; provided, however, that if such counsel or counsel to the Indemnified Party shall determine that due to the existence of actual or potential conflicts of interest between such Indemnified Party and the Company such counsel is unable to represent both the Indemnified Party and the Company, then the Indemnified Party shall be entitled to use separate counsel of its own choice, and the Company shall promptly advance its reasonable expenses of such separate counsel upon submission of invoices therefor. Nothing herein shall prevent an Indemnified Party from using separate counsel of its own choice at its own expense. The Company will be liable for any settlement of any claim against an Indemnified Party made with the Company's written consent, which consent shall not be unreasonably withheld.

D.    In order to provide for just and equitable contribution if a claim for indemnification pursuant to these indemnification provisions is made but it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) that such indemnification may not be enforced in such case, even though the express provisions hereof provide for indemnification, then the relative fault of the Company, on the one hand, and the Indemnified Parties, on the other hand, in connection with the statements, acts or omissions which resulted in the losses, claims, damages, liabilities and costs giving rise to the indemnification claim and other relevant equitable considerations shall be considered; and further provided that in no event will the Indemnified Parties' aggregate contribution for all losses, claims, damages, liabilities and expenses with respect to which contribution is available hereunder exceed the amount of fees actually received by the Indemnified Parties pursuant to the Agreement.    No person found liable for a fraudulent misrepresentation shall be entitled to contribution hereunder from any person who is not also found liable for such fraudulent misrepresentation.

2

E.    The Company and A&M shall seek judicial approval for the assumption of the Agreement or authorization to enter into a new engagement agreement pursuant to either of which A&M would continue to be engaged by the Company, the Company shall promptly pay expenses reasonably incurred by the Indemnified Parties, including attorneys' fees and expenses, in connection with any motion, action or claim made either in support of or in opposition to any such retention or authorization, whether in advance of or following any judicial disposition of such motion, action or claim, promptly upon submission of invoices therefor and regardless of whether such retention or authorization is approved by any court.  The Company will also promptly pay the Indemnified Parties for any expenses reasonably incurred by them, including attorneys' fees and expenses, in seeking payment of all amounts owed it under the Agreement (or any new engagement agreement) whether through submission of a fee application or in any other manner, without offset, recoupment or counterclaim, whether as a secured claim, an administrative expense claim, an unsecured claim, a prepetition claim or a postpetition claim.

F.    The rights provided herein shall not be deemed exclusive of any other rights to which the Indemnified Parties may be entitled under the certificate of incorporation or bylaws of the Company, any other agreements, any vote of stockholders or disinterested directors of the Company, any applicable law or otherwise.

LEHMAN BROTHERS HOLDINGS,  INC.    ALVAREZ & MARSAL NORTH AMERICA, LLC

By: _____    By: _____
    Name:  STEVEN BERNENFELD        Bryan P. Marsal, Managing Director
    Title:  VICE PRESIDENT

3

**EXHIBIT B**

**Declaration of Bryan P. Marsal**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                      :
In re                                                 :        **Chapter 11 Case No.**
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,          :        **08-13555 (JMP)**
                                                      :
           **Debtors.**                               :        **(Jointly Administered)**
                                                      :
                                                      :
------------------------------------------------------------------x

**DECLARATION OF BRYAN P. MARSAL IN**
**SUPPORT OF DEBTORS' MOTION PURSUANT TO**
**SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE FOR INTERIM AND**
**FINAL ORDERS AUTHORIZING THE DEBTORS TO (A) RETAIN ALVAREZ &**
**MARSAL NORTH AMERICA, LLC TO PROVIDE THE DEBTORS**
**A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL**
**PERSONNEL, AND (B) TO APPOINT THE CHIEF RESTRUCTURING**
**OFFICER *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF NEW YORK           )

Bryan P. Marsal, being duly sworn, hereby deposes and says as follows:

1.        I am a Managing Director with Alvarez & Marsal North America, LLC (together

with its wholly owned subsidiaries, affiliates (all of which are owned by Alvarez & Marsal North

America, LLC's parent company and employees), agents, independent contractors and

employees, "A&M"), a restructuring advisory services firm with numerous offices throughout

the country.  I submit this declaration on behalf of A&M (the "Declaration") in support of the

motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in

the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the

"Debtors") for an order authorizing the employment of A&M as restructuring managers under

the terms and conditions set forth in the Motion.  Except as otherwise noted,[1] I have personal

knowledge of the matters set forth herein.

## **Disinterestedness and Eligibility**

2.      In connection with the preparation of this Declaration, A&M conducted an

analysis to determine whether it holds or represents any interests adverse to the Debtors.  Such

analysis consisted of a review of A&M's contacts with the Debtors, their non-Debtor affiliates,

and certain entities holding large claims against or interests in the Debtors that were made

reasonably known to A&M by the Debtors.  A listing of the parties reviewed is reflected on

Schedule "A" and Schedule "B" to this Declaration.  A&M's review included providing a list of

such parties to all A&M employees worldwide and conducting a query of such parties in a

database containing the names of individuals and entities that are represented by A&M.  A

summary of relationships with the Schedule "A" parties that A&M identified during this process

is set forth in Schedule "C" hereto.

3.      Based on the results of its review, except as discussed below, A&M does not have

an active relationship with any of the parties listed in Schedule "A" in matters related to these

proceedings.

4.      As indicated above, part of A&M's review included an inquiry into the Lehman

"related" (and formerly affiliated) parties provided by the Debtors and listed on Schedule "B"

hereto.  As can be expected with respect to any international professional services firm such as

A&M, A&M provides services to many clients with interests in the Debtors' Chapter 11 cases.

---

[1] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at A&M and are based on information provided by them.

However, to the best of my knowledge, except as indicated below, A&M's services for such clients do not relate to the Debtors' Chapter 11 Cases.

5.      In the course of its review, A&M learned that it maintains a relationship as a financial advisor and/or interim officer of the following entities for whom Lehman is a significant creditor or to whom Lehman holds an adverse interest:

a.      A&M serves as restructuring advisor to Pierre Foods and certain of its affiliates, as debtors and debtors in possession (collectively, "<u>Pierre</u>"). Lehman is as a bondholder of Pierre. The negotiation of Pierre's plan of reorganization is complete and A&M does not expect that any further issues will arise in this matter as it relates to the Debtors' interests therein.  In any event, A&M will recuse itself from Debtor matters that relate to the Debtors' interests in the Pierre case and such matters will be addressed solely by other Lehman employees.

b.      A&M serves as financial advisor to Tronox Worldwide LLC ("<u>Tronox</u>"). Lehman is a creditor of Tronox.  A&M will recuse itself from Debtor matters that relate to the Debtors' Tronox interests and such matters will be addressed solely by other Lehman employees.

c.      A&M is a restructuring advisor to Vertis Holdings, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, "<u>Vertis</u>").  Lehman is a creditor of Vertis.  Vertis' plan of reorganization has been confirmed and it is unlikely that any conflict will arise from the Vertis case. A&M will recuse itself from Debtor matters that relate to the Debtors' interests in the Vertis case and such matters will be addressed solely by other Lehman employees.

3

d.  A&M provides general financial advisory services to Georgia Gulf Corporation ("Georgia Gulf").  Lehman is a creditor of Georgia Gulf.  A&M will recuse itself from Debtor matters that relate to the Debtors' interests in the Georgia Gulf case and such matters will be addressed solely by other Lehman employees.

e.  A&M provides financial advisory services to the Unsecured Creditors Committee of Our Lady of Mercy Hospital ("OLMH").  It is understood that Lehman is a secured creditor of OLMH.  A&M will recuse itself from Debtor matters that relate to the Debtors' interests in the Georgia Gulf case and such matters will be addressed solely by other Lehman employees.

f.  The Debtor is providing financing in connection with a condominium real estate project being developed by WSG Development Company (the "Project").  An equity owner of A&M has purchased two apartments in the Project and has contracted to purchase a third apartment.  A&M will recuse itself from Debtor matters that relate to Debtor's interest in the Project.

6.      In addition, A&M has provided and could reasonably be expected to continue to provide services or maintain professional relationships unrelated to the Debtors' cases for the various entities shown on Schedule "C."  A&M's assistance to these parties has been related to providing various financial restructuring, litigation support, business consulting and/or tax services.  To the best of my knowledge,  A&M's involvement in this case does not compromise its ability to continue such consulting services.

7.      Further, as part of its diverse practice, A&M appears in numerous cases and proceedings, and participates in transactions that involve many different professionals, including attorneys, accountants, and financial consultants, who represent claimants and parties-in-interest

in the Debtors' chapter 11 cases.  Further, A&M has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings.  Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Debtors in matters upon which A&M is to be employed, and none are in connection with these cases.

8.    A&M does not believe it is a "creditor" of any of the Debtors within the meaning of section 101(10) of the Bankruptcy Code.  Further, neither I nor any member of the A&M engagement team serving the Debtors, to the best of my knowledge, is a holder of any of the Debtors' debt or equity securities except for de minimis amounts representing not more than 0.01% of the equity interests in the related entity.

9.    To the best of my knowledge, no employee of A&M is a relative of, or has been connected with, any judge of the bankruptcy court for this district or the United States Trustee in this district.  A&M has not reviewed the relationship that the members of the A&M engagement team may have against a comprehensive list of employees within the U.S. Trustee's office in this District, but will do so upon being provided with a list of such persons by the office of the U.S. Trustee.

10.    To the best of my knowledge, A&M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that A&M (i) is not a creditor, equity security holder, or insider of the Debtors, (ii) was not, within two years before the date of filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors; and (iii) does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders.

5

11.    In addition, to the best of my knowledge and based upon the results of the relationship search described above and disclosed herein, other than as described herein, A&M neither holds nor represents an interest adverse to the Debtors.

12.    If any new material relevant facts or relationships are discovered or arise, A&M will promptly file a supplemental declaration.

### Professional Compensation

13.    Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, applicable United States Trustee guidelines, and the local rules of this Court, A&M will seek from the Debtor payment for compensation on an hourly basis, reimbursement of actual and necessary expenses incurred by A&M, and incentive compensation in an amount to be determined within ninety (90) days of the date of the commencement.  A&M's customary hourly rates as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined in the Motion. These hourly rates are adjusted annually.

14.    To the best of my knowledge, (a) no commitments have been made or received by A&M with respect to compensation or payment in connection with these cases other than in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and (b) A&M has no agreement with any other entity to share with such entity any compensation received by A&M in connection with these chapter 11 cases.

Dated this 29th day of September 2008

By: /s/ Bryan P. Marsal
Bryan P. Marsal
Managing Director

Sworn to and subscribed before
me this 29th day of September, 2008

/s/ Luba Kerod
Notary Public

Notary Public State of New York
No. 01KE4818017
Qualified in New York County
Commission Expires January 29, 2011

7

# Schedule A

## 50 Largest Bond Holders

1. PIMCO Advisors LP
2. Barclays Global Fund Advisors
3. Vanguard Group Incorporated
4. UBS Investment KAG
5. Franklin Advisors Inc.
6. American Life Insurance Company
7. Capital Research and Management
8. Fidelity Management and Research
9. Metropolitan Life Insurance
10. Federated Investors
11. Loomis Sayles & Company L.P.
12. Sun Life Assure Co. of Canada
13. Phillips Hager & North Investment Management
14. United States – Indices
15. Alpha Mutual Fund Management
16. Teachers Insurance and Annuity Association
17. Northwest Mutual Life Insurance Company
18. AXA Equitable Life Insurance Company
19. BBVA Gestion SA SGIIC (Spain)
20. Allianz Life Insurance Company of North America
21. Prudential Insurance Company of America
22. Riversource Life Insurance Company
23. Van Kampen Asset Management
24. Zurich American Insurance Company
25. AIG Annuity Insurance Company
26. Jackson National Life Insurance
27. John Hancock Life Insurance Company
28. Hartford Life Insurance Company
29. ALFA Mutual Fire Insurance Company
30. PIMCO Funds Global Investors
31. Advanced Series Trust
32. AETNA Life Insurance Company
33. NATIXIS  Asset Management Advisors
34. Guardian Life Insurance Company
35. T. Rowe Price Associates
36. Principal Life Insurance Company
37. Medical Liability Mutual Insurance Company
38. Western Asset Management Company
39. Continental Casualty Company
40. John Hancock Investment Management Services
41. Franklin Templeton Investments
42. Thrivent Financial for Lutherans
43. Metlife Insurance Company of Connecticut
44. Transamerica Life Insurance Company
45. Metropolitan West Capital Management

46. ING Investment LLC
47. Prudential Financial Inc.
48. American Family Life Assurance Company
49. Blackrock Advisors
50. Liberty National Life Insurance Company


## 100 Largest Unsecured Creditors other than Bondholders

1. Citibank, NA
2. The Bank of New York
3. Aozora
4. BNP Paribas
5. Mizuho Corporate Bank Ltd.
6. Citibank N.A. Hong Kong Branch
7. Shinsei Bank Ltd.
8. UFJ Bank Limited
9. Sumitomo Mitsubishi Banking Corp
10. Svenska Handelsbanken
11. Lloyds Bank
12. KBC Bank
13. Shinkin Central Bank
14. Commonwealth Bank of Australia, Tokyo Branch
15. The Bank of Nova Scotia
16. Chuo Mitsui Trust & Banking
17. Hua Nan Commercial Bank, Ltd
18. Bank of China, New York Branch
19. CW Lending II Limited
20. Nippon Life Insurance Co.
21. Microsoft Licensing, GP
22. ANZ Banking Group Limited
23. Dimension Data
24. Standard Chartered Bank
25. First Commercial Bank Co., Ltd, New York Agency
26. Bank of Taiwan, New York Agency
27. DnB NOR Bank ASA
28. Australia and New Zealand Banking Group Limited
29. HSBC Bank
30. Bloomberg Finance LP
31. National Bank of Australia
32. Taipei Fubon Bank, New York Agency
33. Origin HR Consulting Limited
34. Banctec Ltd.
35. The British Land Company PLC
36. London Borough of Tower Hamlets Rates
37. McKee Nelson LLP
38. YXIME

39. Standard & Poors
40. Bats Trading, Inc.
41. Caldwalader, Wickersham, and Taft
42. CB Richard Ellis Client Account RE Gloa
43. Sidley Austin
44. JQ Network PTD Limited
45. Reuters America Inc.
46. IBM Corporation
47. Network Appliance
48. Clifford Chance
49. Ernst & Young
50. Hewlett Packard AP (HONG KONG) LIMITED
51. CDW Direct LLC
52. Millennium Developers PVT LTD
53. Virtx
54. Linklaters
55. Allen & Overy
56. NYSE Market, Inc.
57. Broadridge Securities Processing
58. Reuters Ltd.
59. Paul Weiss
60. Kim & Chang
61. Tata Consultancy Services
62. Bloomberg L.P.
63. Standard and Poors Corp.
64. Ernst and Young Private Limited
65. Deutsche Borsche AG
66. FT Interactive Data
67. Thompson Financial
68. Anjarlekar & Associates
69. Pricoa Relocation UK Limited
70. Davis, Polk and Wardwell
71. Henegan Construction Co., Inc.
72. Linklaters, S.L.
73. Ashurst Morris Crisp
74. National Commerce bank
75. ZKB (Zurcher Kantonalbank)
76. Information Builders Inc.
77. TIBCO Software, Inc.
78. Sungard Securities Finance Inc.
79. 1301 Properties Owner LP
80. Dell Marketing L.P.
81. Fidessa Plc.
82. London & European Title Insurance Services Ltd.
83. Haworth Singapore PTE Ltd.
84. 1221 Avenue of the Americas *

85. 55 Broadway *
86. ICAP Securities Limited
87. Morse Service Holdings Limited
88. Swapswire Limited
89. Kingston Communications PLC
90. Vertex Mortgage Services
91. Drowst Trading, LLC
92. Compucenter (UK) Ltd.
93. Bank of America Plaza STE 3500 *
94. Canary Warf Management Limited
95. WIPRO Infotech Enterprise Solutions
96. 767 Fifth  Ave *
97. 125 Broad Street *
98. Morse Group Limited
99. Mace Limited
100. 1301 Properties Owner LP

## Bank Lenders

1. Wilmington Trust Company
2. Mizuho Corporate Bank, Ltd.
3. RR Donnelley & Sons
4. The Bank of NY Mellon
5. The Royal Bank of Scotland, PLC
6. Shinsei Bank, Limited
7. Metlife
8. J.P. Morgan Chase

## Significant Lessors and Lessees

| Description of Property | Landlord |
| --- | --- |
| 745 7th Avenue | Rock Forty Ninth LLC |
| 1301 Avenue of the Americas | 1301 Properties Owner LP |
| 1301 Avenue of the Americas | Huron Consulting Group, Inc. |
| 1301 Avenue of the Americas | Deutsche Bank Securities, Inc. |
| 1301 Avenue of the Americas | Deutsche Bank Securities, Inc. |
| 1301 Avenue of the Americas | WPGH, LLC |
| Jersey City - 70 Hudson Street | 70 Hudson Street, LLC |
| Piscataway - 40 Corporate Place South | Corporate Park Associates |
| Buenos Aires - Av. Leandro N. Alem 855 - Torre Alem Plaza | Consultatio Inversora S.A. |
| Chicago - 100 South Wacker Drive | MJH Wacker LLC |
| Columbus - 2600 Corporate Exchange Drive | Eastrich No. 167 Corporation |
| Greenwich - 8 Sound Shore Drive | 8 Sound Shore Associates, LLC |
| Hato Rey - 270 Munoz Rivera Avenue | MCPR Unit V LP, S.E. c/o MCPR Unit R LP |
| Houston (Eagle) - 4700 W Sam Houston Parkway W | Guggenheim Concourse, L.P. |
| Menlo Park - 155 Linfield Drive | Middlefield Park Associates |
| Miami - 1111 Brickell Avenue - Barclay's Financial Center | 1111 Brickell Office, LLC |
| New York - 45 Broadway | Telwares, Inc. |
| New York - 65 Broadway | Archipelago Holdings, Inc. |
| Salt Lake City - 4001 South 700 East (LBCB) | JDJ Properties, Inc. |
| San Diego - 1450 Frazee Road (subleased from BNC Mortgage) | San Diego - Frazee, LLC |
| Sao Paulo - Faria Lima Sq | Millennium De Investimentos Imobiliarios LTDA |
| Seattle – 701 Fifth Avenue | WA-Columbia Center Property LLC |
| Toronto - 161 Bay Street | CT Tower Investments Inc |
| Washington - 2001 K Street NW | Clifford Chance US LLP |
| Atlanta - 3414 Peachtree Road | Monarch Centre Associates, LLC |
| Boston – 125 High Street | 125 High Street LP |
| Chicago - 190 S. LaSalle Street | SP4 190 S. LaSalle, L.P. |
| Dallas – 200 Crescent Court | Crescent TC Investors LP |
| Los Angeles - 10250 Constellation Blvd - MGM Grand | Constellation Place, LLC |
| Newport Beach - 680 Newport Center Dr | The Irvine Company |
| Palm Beach - 450 Royal Palm Way | Palm Beach Centre 1, LLC |

| San Francisco - 555 California Street | HWA 555 Owners, LLC |
|---|---|

## Secured Creditors

1. JPMorgan Chase
2. Fenway
3. Swedbank
4. State Street
5. MetLife
6. SMBC
7. Danske Bank

## Members of Ad Hoc or Unofficial Creditors' Committees known to Debtors

The Ad Hoc Committee of Bondholders of the Main Street Natural Gas, Inc. Gas Project Revenue Bonds
- Capital Research Management Co.
- Franklin Federal Intermediate-Term-Tax-Free Income Fund
- Franklin Federal Tax-Free Income Fund
- Franklin Georgia Tax-Free Income Fund
- Franklin High-Yield Tax-Free Income Fund
- Franklin Advisors LP
- Oppenheimer Funds, Inc.
- Independence Holding Co.
- The Vanguard Group
- Allstate Insurance Co.

Informal LBHI Bondholder Group
- Members not listed

## Significant Stockholders (greater than 5%)

1. AXA and related parties — 7.25%
2. Clearbridge Advisors, LLC and related parties — 6.33%
3. FMR LLC and related parties — 5.87%

## Directors and Officers

### Board of Directors

1. Richard S. Fuld, Jr. (current)
2. Michael L. Ainslie (current)

3.  John F. Akers (current)
4.  Roger S. Berlind (current)
5.  Thomas H. Cruikshank (current)
6.  Marsha Johnson Evans (current)
7.  Sir Christopher Gent (current)
8.  Jerry A. Grundhofer (current)
9.  Roland A. Hernandez (current)
10. Henry Kaufman (current)
11. John D. Macomber (current)

Officers

12. Richard S. Fuld, Jr. (current)
13. Riccardo Banchetti (current)
14. Jasjit S. Bhattal (current)
15. Gerald A Donini (current)
16. Eric Felder (current)
17. Scott J. Freidheim (current)
18. Michael Geband (current)
19. David Goldfarb (current)
20. Alex Kirk (current)
21. Hyung S. Lee (current)
22. Stephen M. Lessing (current)
23. Ian T Lowitt (current)
24. Herbert H. McDade III (current)
25. Hugh E. McGee III (current)
26. Christian Meissner (current)
27. Thomas A. Russo (current)
28. George H. Walker (current)
29. Erin Callen (former)
30. Jospeh M. Gregory (former)
31. Christopher O'Mera (former)
32. Jonathan Beyman (former)

**Underwriting Investment Bankers for Debtor's securities for all securities issued or outstanding on the Commencement Date or during <u>the three years prior to the Commencement Date</u>**

1.  Lehman Brothers
2.  Hoare Govett, Ltd.
3.  UBS Investment Bank
4.  Merrill Lynch
5.  ABN AMRO Rothschild

## Accountants who were employed or retained during the two years prior to the Commencement Date

1. Ernst and Young
2. Price Waterhouse Coopers
3. Deloitte & Touch USA LLP

## Potential Parties in Interest

1. The Vanguard Group, Inc.
2. Ameren et al.
3. Iron Mountain Information Management
4. Harbinger Capital Partners
5. Harbert
6. UBS Financial Services
7. UBS International Inc.
8. UBS Financial Services of Puerto Rico
9. Harbinger Capital Partners Special Situations Fund LP
10. Harbinger Capital Partners
11. Thomson Reuters Plc & Thomson Reuters Corp.
12. Citigroup, Inc.
13. Citibank, NA
14. Morgan Stanley & Co.
15. Fxcm Holdings LLC
16. Glg Partners LP
17. Wilmington Trust Company
18. Credit Suisse
19. Rock-Forty Ninth LLC, Rockefeller Center et al.
20. Bank of New York Mellon
21. Customer Asset Protection
22. Royal Bank of Scotland
23. Federal Reserve Bank of New York
24. Federal Express Corporation
25. Accenture LLP
26. Lehman Brothers Private Equity Funds
27. Interactive Data Corp.
28. Green Tree Servicing LLC
29. Henegan Construction Co., Inc.
30. Monument Realty LLC
31. Wells Fargo Bank, NA
32. Wells Fargo & Co.
33. BP North America
34. BP Energy
35. BP Canada
36. IGI Resources
37. Essex Equity Holdings USA, LLC
38. Abm Industries, Inc.

39. Northgate Minerals Corporation
40. 4Kids Entertainment, Inc.
41. Fred Hutchinson Cancer Research Center
42. Fannie Mae
43. Carrollton-Farmers Branch Independent School District
44. Harris County
45. Dallas County
46. Tarrant County
47. Mclennan County
48. Factiva, Inc.
49. SP4 190 S. Lasalle, L.P.
50. Canadian Imperial Bank
51. CIBC Wolrd Market.
52. CIBC Wolrd Markets Inc.
53. Sumitomo Mitsui Banking Corp.
54. SMBC Capital Markets
55. Sumitomo Mitsui Brussels Branch
56. Societe Generale
57. Washington Mutual Bank
58. Washington Mutual, Inc.
59. National Bank of Canada
60. Occidental Energy Marketing, Inc.
61. Landamerica Financial Group, Inc.
62. Toronto-Dominion Bank
63. Dresdner Kleinwort Group Holdings LLC
64. Normandy Hill Capital, LP
65. Office of Thrift Supervision
66. Office of Thrift Supervision, Northeast Region
67. General Electric Capital Corp
68. ING bank, FSB
69. 250 East Borrower LLC
70. East 46th Borrower LLC
71. Hale Avenue Borrower LLC
72. EHMD, LLC
73. Bats Holdings, Inc.
74. CD Representative
75. Pursuit Partners
76. Galleon Buccaneer's Offshore LTD
77. Microsoft Corporation
78. Microsoft Licensing
79. Dresdner Kleinwort Group Goldings LLC
80. Svenska Handelsbanken AB
81. Moody's Investors Service
82. IBM
83. Collins Building Services, Inc.
84. 1301 Properties Owner, LP

85. Mizuho Corporate Bank LTD
86. Greg Georgas & Mark Grock
87. Direct Energy Business LLC
88. Direct Energy LLC
89. Chevron Natural Gas
90. Bank of China
91. Pursuit Capital Partners Master
92. Pursuit Opportunity Fund I Master LTD.
93. Aig Global Investment Corporation
94. Green Tree Servicing Inc.
95. Wilmington Trust Company
96. Wilmington Trust FSB
97. Mack-Cali Realty LP
98. Arapahoe County Treasurer
99. J P Morgan Chase Bank, N.A.
100. Mizuho Corporate Bank
101. Pursuit Capital Partners Master (Cayman) Ltd.
102. CD Representative, L.C.

## Affiliations of Outside Directors

1. Michael L. Ainslie
   - director - The St. Joe Company
   - director - Lehman Brothers Bank, FSB
   - trustee - Vanderbilt University
   - Member (and the chairman emeritus) of the Board of Directors of The Posse Foundation, Inc.
2. John F. Akers
   - director - W.R. Grace & Co
3. Roger S. Berlind
   - governor - The Broadway League
4. Thomas H. Cruikshank
5. Marsha Johnson Evans
   - director - Weight Watchers International, Inc.
   - director - Huntsman Corporation
   - director - Office Depot, Inc.
   - director - Naval Academy Foundation
   - director - America's Development Foundation.
   - advisory board - LPGA
   - advisory board - Pew Partnership for Civic Change
6. Roland A. Hernandez (current)
   - director of MGM Mirage
   - director - The Ryland Group, Inc.
   - director - Sony Corporation
   - director - Vail Resorts, Inc.

- advisory board - David Rockefeller Center for Latin American Studies at Harvard University
- advisory board - Harvard Law School
- President's Council on International Activities – Yale University

7. Henry Kaufman (current)
   - president - Henry Kaufman & Company
   - member (and the chairman emeritus) - Board of Trustees of the Institute of International Education
   - member - Board of Trustees of New York University
   - member (and the chairman emeritus) - Board of Overseers of the Stern School of Business of New York University
   - member - Board of Trustees of the Animal Medical Center
   - member of the International Advisory Committee of the Federal Reserve Bank of New York
   - member of the Advisory Committee to the Investment Committee of the International Monetary Fund Staff Retirement Plan
   - member of the Board of Governors of Tel-Aviv University  treasurer (and former trustee) of The Economic Club of New York.

8. John D. Macomber (current)
   - director - Collexis Holdings, Inc.
   - director - Stewart & Stevenson LLC
   - chairman - Council for Excellence in Government
   - vice chairman - Atlantic Council
   - trustee - Carnegie Institution of Washington
   - trustee - Folger Library

9. Sir Christopher Gent
   - director - Ferrari SpA
   - senior advisor - Bain & Company, Inc.
   - advisory board - Reform

## Professionals Employed by the Company

1. Heller Ehrman LLP
2. McKenna Long & Aldridge LLP
3. Hahn Loeser & Parks LLP
4. Thacher Proffitt & Wood LLP
5. Simpson Thacher & Bartlett LLP
6. Ernst & Young
7. PricewaterhouseCoopers
8. McKee Nelson
9. DLA Piper
10. White & Case
11. Sidley Austin
12. Andrew & Kurth
13. Herrick & Feinstein

## Litigation and Non-Litigation Claimants

1. City of Cleveland, Ohio
2. First Alliance Mortgage Company Class Action
3. IPO Class Actions
4. Breakaway Solutions Inc.
5. In re Public Offering Antitrust Litigation (consolidated class action)
6. In re Issuer Plaintiff Initial Public Offering Fee Antitrust Litigation (consolidated class action)
7. In re Mirant Corporation Securities Litigation (class action)
8. Research Analyst Independence Litigations
9. Bader and Yakaitis P.S.P. and Trust, et al. v. Michael L. Ainslie, et al.,
10. In re Short Sale Antitrust Litigation.
11. Avenius, et al. v. Banc of America Securities LLC, et al.
12. Overstock.com, Inc., et al. v. Morgan Stanley & Co., Inc., et al.
13. Wright et al. v. Lehman Brothers Holdings Inc. et al. (A. Vernon Wright and Dynoil Refining LLC, plaintiffs)
14. In re Lehman Brothers Holdings, Inc. Derivative Litigation (Garber, Staehr, Locals 302 & 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Trust, and Saginaw Police & Fire Pension Board, plaintiffs)

## 100 Largest Holders of Trade Debt

1. Microsoft Licensing, GP
2. ANZ Banking Group Limited
3. Dimension Data
4. Standard Chartered Bank
5. First Commercial Bank Co., Ltd, New York Agency
6. Bank of Taiwan, New York Agency
7. DnB NOR Bank ASA
8. Australia and New Zealand Banking Group Limited
9. HSBC Bank
10. Bloomberg Finance LP
11. National Bank of Australia
12. Taipei Fubon Bank, New York Agency
13. Origin HR Consulting Limited
14. Banctec Ltd.
15. The British Land Company PLC
16. London Borough of Tower Hamlets Rates
17. McKee Nelson LLP
18. YXIME
19. Standard & Poors
20. Bats Trading, Inc.
21. Caldwalader, Wickersham, and Taft
22. CB Richard Ellis Client Account RE Gloa
23. Bank One Plaza

24. JQ Network PTD Limited
25. Reuters America Inc.
26. IBM Corporation
27. Network Appliance
28. Clifford Chance
29. Ernst & Young
30. Hewlett Packard AP (HONG KONG) LIMITED
31. CDW Direct LLC
32. Millennium Developers PVT LTD
33. Virtx
34. Linklaters
35. Allen & Overy
36. NYSE Market, Inc.
37. Broadridge Securities Processing
38. Reuters Ltd.
39. Paul Weiss
40. Kim & Chang
41. Tata Consultancy Services
42. Bloomberg L.P.
43. Standard and Poors Corp.
44. Ernst and Young Private Limited
45. Deutsche Borsche AG
46. FT Interactive Data
47. Thompson Financial
48. Anjarlekar & Associates
49. Pricoa Relocation UK Limited
50. Davis Polk and Wardwell
51. Henegan Construction Co., Inc.
52. Linklaters, S.L.
53. Ashurst Morris Crisp
54. National Commerce bank
55. ZKB (Zurcher Kantonalbank)
56. Information Builders Inc.
57. TIBCO Software, Inc.
58. Sungard Securities Finance Inc.
59. 1301 Properties Owner LP
60. Dell Marketing L.P.
61. Fidessa Plc.
62. London & European Title Insurance Services Ltd.
63. Haworth Singapore PTE Ltd.
64. 1221 Avenue of the Americas *
65. 55 Broadway *
66. ICAP Securities Limited
67. Morse Service Holdings Limited
68. Swapswire Limited
69. Kingston Communications PLC

70. Vertex Mortgage Services
71. Drowst Trading, LLC
72. Compucenter (UK) Ltd.
73. Bank of America Plaza STE 3500 *
74. Canary Warf Management Limited
75. WIPRO Infotech Enterprise Solutions
76. 767 Fifth  Ave *
77. 125 Broad Street *
78. Morse Group Limited
79. Mace Limited
80. 1301 Properties Owner LP
81. 77 West Wacker *
82. 425 Lexington Ave. *
83. Department 0723 *
84. 2027 Collections Center Drive *
85. 515 South Flower Street *
86. IPC Information Systems Inc.
87. Net One Systems
88. Intuition Publishing
89. P.O. Box 60000 *
90. Dept. 7247-6838 *
91. Meridian IT, Inc.
92. Lancaster Office Cleaning Co.
93. Centrale Attivita Finanziarie SPA
94. London Eastern Railway Limited
95. Hatfield Philips International Limited
96. Elyo Services Limited
97. Sungard Securities Finance Ltd.
98. BT Americas, Inc.
99. File No. 72497 *
100. Cushman and Wakefield, Inc.

## Professionals Retained by Significant Creditor Groups

1. Milbank, Tweed, Hadley & McCloy LLP
2. Munsch Hardt Kopf & Harr, P.C.
3. Akin Gump Strauss Hauer & Feld LLP
4. The Wilson Law Firm, PC

## Utilities

1. Con Edison
2. The Hess Corporation

## Strategic Partners

1. Barclays Capital, Inc.

14

## Committee Members

1. Wilmington Trust Company
2. Mizuho Corporate Bank, Ltd.
3. RR Donnelley & Sons
4. The Bank of NY Mellon
5. The Royal Bank of Scotland, PLC
6. Shinsei Bank, Limited
7. Metlife

# S<small>CHEDULE</small> B

## Related Entities

- 737 Portfolio Services LLC
- 737 Portfolio Trust
- Area Assignor Corp. (dissolved)
- Area Depository Corporation (dissolved)
- Area GP Corporation
- Aristos LLC
- ASB L.L.C.
- Bixen Limited
- BK I Realty Inc. (dissolved)
- BK II Properties Inc.
- BK III Properties Inc.
- Blue Jay Realty Corporation
- Bromley LLC
- Brookson Corp.
- Brookwood Energy & Properties Inc.
- Canope Credit Corp.
- Central Funding (Concord) Corporation (dissolved)
- Clarks Summit I, LLC
- Clarks Summit II, LLC
- CP1 Real Estate Services Inc.
- CP4 Real Estate Services Inc. (dissolved)
- Dimont Corporation
- DL Mortgage Corp.
- DRA Management, Inc. (dissolved)
- Eagle Energy Management, LLC
- Eagle Energy Partners I, L.P.
- East Dover Limited
- Edibrook Corp.
- EHP/GP Inc. (dissolved)
- Equipment Management Inc.
- Equity Strategies Loans LLC
- Equity Strategy Loans LLC
- First Ward Properties Inc.
- Flight Sim I LLC
- Flight Sim II LLC
- Flight Sim III LLC
- Flight Sim IV LLC
- Flight Sim V Inc.
- FRAH Special Services Inc.
- Fundo De Investimento Multimercado Credito Privado Navigator Investmento
- GA Dekalb Inc.
- Global Principal Strategies Loans Inc.

- GRA Finance Corporation Ltd.
- GRA Finance Corporation Ltd.
- Growth Partners Inc. (dissolved)
- Hydrocarbon Capital II LLC
- IL Lombard Inc. (dissolved)
- Ivanhoe Lan Pty Limited
- Jet Aircraft Leasing Inc. (dissolved)
- Jet Partners, LLC
- JFM Aviation Once LLC
- KM-I Real Estate Company VII (sold)
- Laminar Holdings LLC
- LB Alberta Holdings Inc.
- LB GPS Lightfoot L.L.C.
- LB I Group Inc.
- LB I Group Inc.
- LB India Holdings Mauritius I Limited
- LB India Holdings Mauritius II Limited
- LB India Holdings Mauritius III Limited
- LB Investment Corp. Inc.
- LB Investment Holding Company Limited (dissolved)
- LB Leasing Inc.
- LB Maritim Investor GmbH
- LB Memphis Brownestone LLC
- LB Military Housing LLC
- LB Note Corp.
- LB Ohana, LLC
- LB Skypower Inc.
- LB Trade Corp.
- LB3 GmbH
- LB-NL Holdings (Cayman) Limited
- LB-NL Holdings I Inc.
- LB-NL Holdings L.P.
- LB-NL U.S. Investor Inc.
- LBQ Hong Kong Funding Ltd
- LBQ Hong Kong Services Limited
- LCP LTU LLC
- LCPI Properties Inc.
- LCPI Properties Inv.
- Leesburg ACG LLC
- Lehman ABS Corporation
- Lehman Aircraft Securitization Holdings LLC
- Lehman Asset Backed Caps Inc.
- Lehman Brother Venture Capital 2003 Partnership
- Lehman Brothers (Israel) Inc.

- Lehman Brothers (Spain) S.A.
- Lehman Brothers 1999 Venture Managers' Partnership L.P.
- Lehman Brothers 1999 Vernture GP Partnership L.P.
- Lehman Brothers AIM Holding II LLC
- Lehman Brothers Alternative Investment Management LLC
- Lehman Brothers Argentina S.A.
- Lehman Brothers Asset Management Asia, Inc. (dissolved)
- Lehman Brothers Asset Securitization LLC
- Lehman Brothers Capital Partners I, L.P.
- Lehman Brothers Capital Partners II, L.P.
- Lehman Brothers Capital Partners IV, L.P.
- Lehman Brothers CDO 2003 L.P.
- Lehman Brothers CDO Associates (Cayman), Ltd.
- Lehman Brothers CDO Associates 2003 L.P.
- Lehman Brothers CDO Associates 2004 L.P.
- Lehman Brothers CDO Opportunity Partners 2004-2, L.P.
- Lehman Brothers Commodity Service Inc.
- Lehman Brothers Communications Partnership
- Lehman Brothers de Chile, S.A. (dissolved)
- Lehman Brothers de Chile, S.A. (dissolved)
- Lehman Brothers de Venezuela C.A. (inactive)
- Lehman Brothers de Venezuela C.A. (inactive)
- Lehman Brothers Derivative Fiance LLC
- Lehman Brothers Derivative Products Inc.
- Lehman Brothers Diversified Private Equity Fund 2004, L.P.
- Lehman Brothers Energy Canada, ULC
- Lehman Brothers Europe Inc.
- Lehman Brothers European Mezzanine 2002 Associates L.P.
- Lehman Brothers European Mezzanine 2002 L.P.
- Lehman Brothers European Venture Capital Associates L.P.
- Lehman Brothers European Venture Capital L.P.
- Lehman Brothers Finance (Japan) Inc.
- Lehman Brothers Financial Products Inc.
- Lehman Brothers Fund of Funds Associates L.P.
- Lehman Brothers Fund of Funds L.P.
- Lehman Brothers Global Asset Management K.K. (liquidated)
- Lehman Brothers Healthcare Venture Capital Associates L.P.
- Lehman Brothers Healthcare Venture Capital L.P.
- Lehman Brothers Holdings Inc.
- Lehman Brothers Holdings International Inc.
- Lehman Brothers Inc.
- Lehman Brothers International Services, Inc.
- Lehman Brothers Investment Holding Company Inc.
- Lehman Brothers Investment Management Asia Limited

- Lehman Brothers LBO Inc.
- Lehman Brothers MBG Associates III L.L.C.
- Lehman Brothers MBG Associates L.P.
- Lehman Brothers MBG Capital Partners 1998 (C) LP
- Lehman Brothers MBG Finders 1999 (A) L.P.
- Lehman Brothers MBG Finders 1999 (B) L.P.
- Lehman Brothers MBG Finders 2000 (B) L.P.
- Lehman Brothers MBG Partners 1997 (A) L.P. (dissolved)
- Lehman Brothers MBG Partners 1997 (B) L.P. (dissolved)
- Lehman Brothers MBG Partners 1998 (A) L.P.
- Lehman Brothers MBG Partners 1998 (B) L.P.
- Lehman Brothers MBG Partners 1998 (C) L.P.
- Lehman Brothers MBG Partners 1999 (A) L.P.
- Lehman Brothers MBG Partners 1999 (B) L.P.
- Lehman Brothers MBG Partners 1999 (C) L.P.
- Lehman Brothers MBG Partners L.P.
- Lehman Brothers MBG Venture Capital Partners 1997
- Lehman Brothers MBG Venture Capital Partners 1998 (A) L.P.
- Lehman Brothers MBG Venture Capital Partners 1998 (B) L.P.
- Lehman Brothers MBG Venture Capital Partners 1998 (C) L.P.
- Lehman Brothers MBG Venture Capital Partners 1998 (D) L.P.
- Lehman Brothers MLP Associates, L.P.
- Lehman Brothers MLP Partners, L.P.
- Lehman Brothers Offshore Diversified Arbitrage Fund, Ltd.
- Lehman Brothers Offshore Diversified Arbitrage Master Fund Ltd.
- Lehman Brothers Offshore Diversified Private Equity Fund 2004, L.P.
- Lehman Brothers Offshore Investment Partnership L.P.
- Lehman Brothers Offshore Investment Partnership-Japan L.P.
- Lehman Brothers Offshore long/short fund, ltd
- Lehman Brothers Offshore Long/Short Master Fund Ltd.
- Lehman Brothers Offshore Partners Ltd.
- Lehman Brothers Offshore Partnership Account 2000/2001, L.P.
- Lehman Brothers Offshore Partnership GP 2000/2001 L.P.
- Lehman Brothers Overseas Inc.
- Lehman Brothers Participation Fund Associates, L.P.
- Lehman Brothers Partnership GP 2000/2001 L.P. (dissolved)
- Lehman Brothers Secondary Fund of Funds Associates L.P.
- Lehman Brothers Secondary Fund of Funds L.P.
- Lehman Brothers Securities Taiwan Limited
- Lehman Brothers South Asia Limited (Inactive)
- Lehman Brothers Special Financing Inc.
- Lehman Brothers Sudamerica S.A.
- Lehman Brothers Uruguay S.A.
- Lehman Brothers VC Partners L.P.

- Lehman Brothers Venture Associates Inc.
- Lehman Brothers Venture Bankers' Partnership L.P.
- Lehman Brothers Venture Capital Partners I, L.P.
- Lehman Brothers Venture GP Partnership L.P.
- Lehman Brothers Venture Partners L.P.
- Lehman CMO Inc.
- Lehman Commercial Paper Inc.
- Lehman Insurance Company
- Lehman Loan Funding I LLC
- Lehman Mortgage  Holdings Canada II Inc. (inactive)
- Lehman Mortgage Company of Canada (surrendered)
- Lehman Mortgage Company of Canada (surrendered)
- Lehman Mortgage Holdings Canada I Inc. (inactive)
- Lehman Municipal ABS Corp.
- Lehman OPC LLC
- Lehman Pass-Through Securities Inc.
- Lehman Queens Center Inc. (inactive)
- Lehman Queens Limited Inc. (inactive)
- Lehman Realty & Development Corp.
- Lehman Receivables Corp. (dissolved)
- Lehman Risk Management, Inc. (dissolved)
- Lehman Structured Securities Corp.
- Lehman Syndicated Loan Inc.
- Lehman VIP Holdings Inc.
- Lehman VIP Investment LDC
- Lehman VIP Investment LDC
- Liberty Corner Inc. (sold)
- Liberty GP II Inc. (sold)
- Libro Companhia Securitizadora de Creditos
- Long Point Funding Pty Ltd.
- LPTG Inc.
- LPTG Intermediate LLC
- LPTG Intermediate LLC
- LPTG LLC
- LPTG LLC
- LW-LP Inc.
- LW-LP Properties Inc.
- M&L Debt Investments Holdings Pty Limited
- M&L Debt Investments Pty Limited
- Mast Depositor Corp
- MBR/GP Corp.
- Merit, LLC
- Metro Realty Corporation (dissolved)
- Morganberry Corporation

- Newark Properties One Inc.
- Nexity Investment Partnership L.P.
- NL Funding, L.P.
- NL GP Inc.
- Northstar Equipment Leasing Income Inc. (dissolved)
- NPC Inc. (dissolved)
- O.M.B. Limited Partner Ltd.
- OSD Corp.
- PAC Aircraft Management Inc.
- Pentaring, Inc.
- Pindar Pty Ltd.
- QP80 Real Estate Services Inc.
- Quality Pork Partners, Inc.
- Real Estate Investors Inc. (dissolved)
- Real Estate Services I Inc. (dissolved)
- Real Estate Services VII Inc. (dissolved)
- Reliance Energy E&P, LLC
- RIBCO LLC
- RIBCO LLC
- RIBCO SPC, Inc.
- Rock Hill Real Estate, Inc.
- Sambar Properties Inc.
- SASCO ARC Corporation
- Scranzay, Inc.
- Select Asset Inc.
- Senior Income Fund Inc. (dissolved)
- Serafino Investments Pty Limited
- Shearson Lehman Brothers Capital Partners II, L.P.
- Shearson Lehman Hutton Capital Partners II
- Skratook LLC
- Small Business Assets I LLC
- Stamford Investment Realty Inc.
- STRATUS I Inc.
- Structure Asset Securities Corporation II
- Structured Asset Securities Corporation
- Structured Options Inc.
- STUIE CORP.
- TAL Europe, LLC
- Tallus
- Townsend Analytics Japan Ltd.
- Townsend Analytics, Ltd.
- TX Tower Inc. (sold)
- West Dover, LLC

## Former Lehman Brothers Holdings Inc. Entities

- 314 Commonwealth Ave. Inc.
- Aegis Finance LLC
- Alnwick Investments (UK) Limited
- Alnwick Investments (UK) Ltd. Kingdom
- Appalachian Asset Management Corp
- ARS Holdings I LLC
- Aurora Loan Services LLC
- Ballybunion Investments No.  Ltd.
- Ballybunion Investments No. 2 Ltd.
- Ballybunion Investments No. 3 Ltd
- Ballybunion Partnership
- Bamburgh Investments (UK) Ltd
- Banque Lehman Brothers S.A.
- Blixen U.S.A.
- Blue Way Finance Corporation U.A.
- BNC Holdings Inc.
- Brasstown Entrada I SCA
- Brasstown LLC
- Brasstown Mansfield I SCA
- Capital Analytics II, LP
- Capstone Mortgage Services Ltd
- CIMT Limited
- Cohort Investments Limited
- Commonwealth Ave. Inc.
- Dynamo Investments Ltd.
- Eldon Street Holdings Limited
- ELQ Holdings B.V.
- ELQ Hypothekan N.V.
- Entrada II Sarl
- Erin Asset
- e-Valuate, LP
- Executive Monetary Management, Inc.
- Falcon Holdings I LLC
- Falcon Holdings II Inc
- Falcon Investor I-X Inc
- Falcon LB Sarl
- Furno & Del Castano CapitalPartners LLP
- Gainsborough Investments BV
- GKI Korea Development Limited
- Global Korea Investments Ltd.
- Global Thai Property Fund
- Hills Funding One, Ltd.

- Kayenta L.P
- Kenilworth Investments  Ltd.
- L.B.C. YK
- L.B.C. YK  Hearn Street Holdings Limited
- LB  Leaseco I
- LB  LLC
- LB 745 Leaseco I LLC
- LB 745 LLC
- LB Alpha Finance Cayman Limited
- LB Asia Issuance Company Ltd.
- LB Asset Management Ltd.
- LB Australia and Asia Investments Limited
- LB Beta Finance Cayman Limited
- Lehman Brothers U.K. Holdings Ltd.
- LB Capital Investments  Ltd.
- LB Delta (Cayman) No  Ltd.
- LB Delta (Cayman) No 1 Ltd
- LB Delta Funding
- LB Holdings Intermediate  Ltd.
- LB Holdings Intermediate 1 Ltd
- LB Holdings Intermediate 2 LtdLB I Group Inc
- LB India Holdings Cayman I Limited
- LB India Holdings Cayman II Limited
- LB Investments (UK) Limited
- LB Lease & Finance No . Ltd.
- LB Lomond Investments Limited
- LB Russia Holdings Inc.
- LB Russia Holdings LLC
- LB SF No.  Ltd.
- LB SPV SCA
- LB UK Financing Limited
- LB UK RE Holdings Ltd.
- LBA Funding (Cayman) Limited
- LBAC Holdings I Inc
- LBASC LLC
- LBCCA Holdings I Inc.
- LBCCA Holdings I LLC
- LBCCA Holdings II Inc
- LBCCA Holdings II LLC
- LBHK Funding (Cayman) No.  Ltd.
- LBHK Funding (Cayman) No. 1 Ltd
- LBHK Funding (Cayman) No. 2 Ltd.
- LBHK Funding (Cayman) No. 4 Ltd
- LB Vin Co Inc.

- LBO Funding (Cayman) Limited
- LBO Investments Limited
- LBQ Funding (UK)
- LBS Holdings SARL
- LCPI Properties Inc
- Lehman ALI Inc.
- Lehman Brothers (PTG) Limited
- Lehman Brothers AIM Holding III LLC
- Lehman Brothers Asia Capital Company
- Lehman Brothers Asia Capital Company Kong
- Lehman Brothers Asia Holdings Limited
- Lehman Brothers Asia Limited
- Lehman Brothers Asia Pacific (Singapore) PTE. Ltd.
- Lehman Brothers Asset Management (Europe) Ltd
- Lehman Brothers Asset Management France
- Lehman Brothers Asset Management Inc
- Lehman Brothers Asset Management, LLC
- Lehman Brothers Australia Granica PTY Limited
- Lehman Brothers Australia Holdings PTY Limited.
- Lehman Brothers Australia Limited
- Lehman Brothers Bancorp Inc
- Lehman Brothers Bancorp UK Holdings Limited
- Lehman Brothers Bank, FSB
- Lehman Brothers Bankhaus Aktiengesellschaft
- Lehman Brothers Canada Inc
- Lehman Brothers Capital GmbH, Co
- Lehman Brothers Capital Private Limited
- Lehman Brothers Co-Investment Associates LLC
- Lehman Brothers Commercial Bank
- Lehman Brothers Commercial Corporation
- Lehman Brothers Commercial Corporation Asia Limited
- Lehman Brothers Commercial Mortgage K.K.
- Lehman Brothers Commodity Services Inc.
- Lehman Brothers do Brasil Ltda
- Lehman Brothers Equity Finance (Cayman) Limited
- Lehman Brothers Europe Limited
- Lehman Brothers Finance S.A
- Lehman Brothers Fixed Income Securities Private Limited
- Lehman Brothers Futures Asia Limited
- Lehman Brothers Futures Asset Management Corp
- Lehman Brothers Global Investments LLC
- Lehman Brothers Holdings Capital Trust IV
- Lehman Brothers Holdings Japan Inc.
- Lehman Brothers Holdings Plc

- Lehman Brothers Holdings Scottish LP
- Lehman Brothers Hy Opportunities Inc.
- Lehman Brothers Hy Opportunities Korea Inc.
- Lehman Brothers Inc.
- Lehman Brothers Insurance Agency L.L.C
- Lehman Brothers International (Europe)
- Lehman Brothers Investment Korea Inc
- Lehman Brothers Investments PTE Ltd.
- Lehman Brothers Japan Inc
- Lehman Brothers Limited
- Lehman Brothers Luxembourg Investments Sarl
- Lehman Brothers Management LLC
- Lehman Brothers Offshore Real Estate Associates, Ltd
- Lehman Brothers OTC Derivatives Inc.
- Lehman Brothers P.A. LLC
- Lehman Brothers Pacific Holdings Pte. Ltd.
- Lehman Brothers Private Equity Advisers
- Lehman Brothers Private Equity Advisers L.L.C
- Lehman Brothers Private Fund Advisers LP
- Lehman Brothers Private Fund Advisers LPD
- Lehman Brothers Private Fund Management LP
- Lehman Brothers Private Funds Investment Company GP, LLC
- Lehman Brothers Private Funds Investment Company LP, LLC
- Lehman Brothers Securities Asia Limited
- Lehman Brothers Securities N.V.
- Lehman Brothers Securities Private Limited
- Lehman Brothers Services India Private Limited
- Lehman Brothers Singapore PTE Ltd.
- Lehman Brothers South East Asia Investments PTE Limited
- Lehman Brothers Spain Holdings Limited
- Lehman Brothers Special Financing Inc.
- Lehman Brothers Treasury Co. B.V.
- Lehman Brothers Trust Company of Delaware
- Lehman Brothers Trust Company, National Association
- Lehman Brothers U.K. Holdings (Delaware) Inc.
- Lehman Brothers U.K. Holdings Ltd.
- Lehman Brothers UK Investments Limited
- Lehman Brothers Verwaltungs-und Beteiligungsgesellschaft mbH
- Lehman Capital Investments  Ltd.
- Lehman Commercial Mortgage Conduit Ltd.
- Lehman Crossroads Corporate Investors II, LP
- Lehman Crossroads Corporate Investors, LP
- Lehman Crossroads Investment Advisers, LP
- Lehman Crossroads Investment Company, LP

- Lehman Re Ltd.
- Lehman Risk Advisors Inc.
- Lehman Risk Services (Bermuda) Ltd.
- Lehman Structured Assets Inc.
- Lehman Syndicated Loan Funding Inc
- LIBRO Holdings I Inc.
- Lincoln Capital Fixed Income Management Company, LLC
- Longmeade Limited
- Louise Y.K.
- LUBS Inc.
- Lunar Constellation Limited Partnership
- MABLE Commercial Funding Limited
- Maewha K-STARS Ltd.
- MBAM Investor Limited
- MICT Limited
- MMP Funding Corp.
- Nai Harn Hotel 1 Company Limited
- Nale Trust
- Neuberger & Berman Agency, Inc.
- Neuberger Berman Asset Management, LLC
- Neuberger Berman Inc.
- Neuberger Berman Investment Services, LLC
- Neuberger Berman Management Inc.
- Neuberger Berman Pty Ltd.
- Neuberger Berman, LLC
- New Century Finance Co., LTD.
- OCI Holdings Limited
- OOO Lehman Brothers
- Opal Finance Holdings Ireland Limited
- Pentaring Inc.  Long Point Funding Pty Ltd
- Phuket Hotel 1 Holdings Company Limited.
- Pike International Y.K.
- Pindar Pty Ltd
- Portsmouth Investment Company Pty Ltd
- Preferred Group Limited
- Preferred Holdings Limited
- Preferred Mortgages Limited
- Principal Transactions Inc.
- Property Asset Management Inc.
- Real Estate Private Equity Inc.
- REPE LBREP II LLC
- REPE LBREP III LLC
- Resetfan Limited
- Resetfan Limited  Capstone Mortgage Services Ltd.

- Revival Holdings Limited
- Sage Partners, LLC
- SAIL Investor Pte Ltd.
- Security Assurance Advisers, LP
- SOGKI Development Inc.
- Southern Pacific Funding
- Southern Pacific Funding 5 Ltd
- Southern Pacific Mortgage Limited
- SPML Mortgage Funding Limited
- SPML Mortgage Funding Limited
- Lehman Brothers Europe Limited
- Stockholm Investments Limited
- Storm Funding Ltd.
- Storm Funding Ltd. Lehman (Cayman Islands) Ltd.
- Sunrise Finance Co., Ltd.
- Thayer Group Limited
- Thayer Properties (Jersey) Ltd.
- Thayer Properties Limited
- The Main Office Management Company, LP
- TMIC Limited
- Wharf Reinsurance Inc.
- Woori-LB Fifth Asset Securitization Specialty Co., Ltd.
- Woori-LB First Asset Securitization Specialty Co., Ltd.
- Woori-LB Fourth Asset Securitization Specialty Co., Ltd.
- Woori-LB Sixth Asset Securitization Specialty Co., Ltd
- Y.K. Park Funding
- Y.K Tower Funding

# SCHEDULE C

## Creditors[1]

ABN AMRO Rothschild
Accenture
AIG  - Sun America
Allen & Overy LLP
Allianz of America
Allstate Insurance Co.
Amerada Hess Corporation
American Family Life Insurance
Banc of America Securities
Bank of America
Bank of China
Bank of NY Mellon
Barclays Bank, PLC
Blackrock Financial
Bloomberg LP
BNP Paribas
Canadian Imperial Bank
Capital Research & Management Co.
CB Richard Ellis
CDW Computer Centers Inc.
CIBC, Inc.
Citigroup Inc.
Clifford Chance US LLP
Con Edison
Continental Casualty Company
Credit Suisse
Danske Bank
Dell Marketing LP
Deloitte & Touche USA LLP
Deutsche Bank AG
Dimension Data
Dresdner Bank AG
Ernst and Young
Federated Investors
Fidelity Management & Research Co. (FMR)
First Commercial Bank
Franklin Advisors LP
Franklin Templeton Investments
General Electric Capital Corporation
GLG Partners
Hartford Capital Appreciation Fund
Hewlett Packard Co.
HSBC Bank
Hua Nan Bank

---

[1] A&M is currently advising or has previously advised these parties or their affiliates as creditors or various official
creditors' committees in which these parties or their affiliates were members or which represented the interests of
these parties or their affiliates.

IBM Corporation
ING Bank
Iron Mountain
Jackson National Life Insurance Company
John Hancock Advisors, Inc.
JP Morgan Chase Bank
KBC Bank, N.V.
Lloyds
Loomis, Sayles & Company, LP
Merrill Lynch
MetLife
MGM Home Entertainment
MGM Mirage Resorts
Microsoft Corporation
Mizuho Corporate Bank, Ltd
Morgan Stanley & Co.
National Bank of Canada
Normandy Equities LTD
NYSE
Office Depot, Inc.
Oppenheimer Funds, Inc.
Phillips, Hager & North Investment Management
PIMCO Corporate Income Fund
Price Waterhouse Coopers
Principal Life Insurance Co.
Prudential Insurance Company of America
Reuters America, Inc.
Sidley Austin
Societe Generale, S.A.
Sony Music
Standard Chartered Bank
State Street Bank & Trust Co.
Sumitomo Mitsui Banking Corporation
Sun Life Canada
T Rowe Price
Teachers Insurance and Annuity Association of America (TIAA)
The Bank of Nova Scotia
The Bank of NY Mellon
The Royal Bank of Scotland, PLC
The Toronto Dominion Bank
Thompson Financial
Transamerica Business Capital Corp
UBS Investment Bank
Van Kampen
Washington Mutual
Western Asset Management Company
Wilmington Trust Company

## Members of Noteholders Group[2]

ABN AMRO Rothschild Inc.
Allstate Insurance Co.
Barclays Capital Inc.
Capital Research & Management Co.
Continental Casualty Company
Deutsche Bank Securities
Fidelity Management & Research Co. (FMR)
Leows (Continental Casualty)
Merrill Lynch
MetLife
Morgan Stanley & Co.
Oppenheimer Funds, Inc.
Price Waterhouse Coopers
State Street Bank & Trust Co.
The Bank of NY Mellon
The Vanguard Group

## Professionals & Advisors[3]

Accenture
Akin Gump Strauss Hauer & Feld LLP
Allen & Overy
American Home Assurance Co. (AIG)
Andrews Kurth LLP
Ashurst Morris Crisp
Bain & Company, Inc.
Bank of America, N.A.
Bank of NY Mellon
Barclays Bank, PLC
Capital Research & Management Co.
CB Richard Ellis
CIBC World Markets Corp
Clifford Chance US LLP
Credit Suisse
Davis Polk & Wardwell
Deloitte & Touche USA LLP
DLA Piper Rudnick Gray Cary [4]
Ernst and Young

---

[2] A&M is currently advising or has previously advised various official or unofficial noteholders' committees in which these parties or their affiliates were members or which represented the interests of these parties or their affiliates.

[3] These professionals have represented clients in matters where A&M was also an advisor (or provided crisis management) to the same client. In certain cases, these professionals may have engaged A&M on behalf of such client.

[4] These professionals represent A&M on wholly unrelated matters.

Fidelity Management & Research Co. (FMR)
Heller Ehrman LLP
HSBC Bank
Huron Consulting Group, Inc.
ING
Kim & Chang
Linklaters
McKenna Long & Aldridge LLP
Milbank Tweed Hadley & McCloy
Morgan Stanley & Co.
Munsch Hardt Kopf & Harr
Paul Weiss
Price Waterhouse Coopers
RR Donnelley & Sons
Sidley Austin
Simpson Thacher & Bartlett LLP
The Bank of NY Mellon
The Royal Bank of Scotland, PLC
The Vanguard Group
UBS Investment Bank
Vanguard High-Yield Corporate Bond Portfolio
Weil Gotshal & Manges LLP [4]
Wells Fargo Foothill Capital
White & Case LLP

**Clients of A&M and/or its Affiliates**[5]

ABN AMRO Rothschild
Accenture
AIG
Akin Gump Strauss Hauer & Feld LLP
Allstate Insurance Co.
Amerada Hess Corporation
AXA
Bank of America
Bank of NY Mellon
Barclays Capital PLC
BNP Paribas
Chevron
CIBC
Citi Alternative
Citigroup Inc.
Con Edison
Credit Suisse
Cushman & Wakefield, Inc.
Deloitte Consulting
Deutsche Bank AG

---

[5] A & M and/ or an affiliate is currently providing or has previously provided certain consulting services to these parties or their affiliates in wholly unrelated matters.

4

Direct Energy
DLA Piper Rudnick Gray Cary
Dresdner Kleinwort
Ernst and  Young
Federated Investors
Fenway
Fidelity Investments
Franklin Templeton
Fubon Financial Holding
General Electric
Heller Erhman LLP
Hewlett Packard
ING Clarion
John Hancock Advisors
JP Morgan Chase
London Life & General Reinsurance Co. Ltd
Merrill Lynch
MetLife
MGM International Group
Microsoft Corporation
Morgan Stanley & Co.
National Bank of Canada
Network Appliance Inc.
Occidental Petroleum Corporation
Office Depot
Oppenheimer Funds, Inc.
Prudential Insurance Company of America
Sidley Austin
Simpson Thacher & Bartlett LLP
Standard Chartered Bank
T. Rowe Price Group Inc.
The Irvine Company
The Rockefeller Group
The Royal Bank of Scotland
The Royal Bank of Scotland, PLC
TIAA CREF
Toronto Dominion Bank
UBS Investment Bank
Vail Resorts, Inc.
Weight Watchers International Inc.
Weil Gotshal & Manges
Wells Fargo
White & Case

## **Significant Equity Holders**[6]

ABN AMRO Rothschild

---

[6] These parties or their affiliates are significant equity holders of other clients of A&M or its affiliates in wholly
unrelated matters.

AIG
Allianz Group
AXA
Bain & Company, Inc
Bank of America
Bank of NY Mellon
Barclays Bank, PLC
Blackrock Advisors, LLC
Capital Research & Management Co.
Citibank NA
Clearbridge Advisors LLC
Deutsche Bank AG
Dresdner Kleinwort
Federated Investment Management
Fenway
Fidelity Management & Research Co. (FMR)
Franklin Templeton Funds
Galleon
GLG Partners, Inc.
HSBC Bank
ING
JPMorgan Chase
Loomis, Sayles & Company, LP
Mellon Bank. N.A.
Merrill Lynch
Microsoft Corporation
Morgan Stanley & Co.
NATIXIS
Oppenheimer Funds, Inc.
Price Associates Inc
Societe Generale de Financement de Quebec
State Street
T Rowe Price Associates Inc
The Vanguard Group Inc.
TIAA CREF Investment Management
UBS Securities Bank
Vertex Management
Wells Fargo & Company


**Significant Joint Venture Partners**[7]


Accenture
IBM

---

[7] These parties or their affiliates are significant joint venture partners of other clients of A&M or its affiliates in wholly unrelated matters.

6

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                            :
In re                                                       :          **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :          **08-13555 (JMP)**
                                                            :
          **Debtors.**                                      :          **(Jointly Administered)**
                                                            :
                                                            :
-------------------------------------------------------------------x

### INTERIM ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE SEEKING AUTHORIZATION TO (A) RETAIN ALVAREZ & MARSAL NORTH AMERICA, LLC TO PROVIDE THE DEBTORS A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, AND (B) TO APPOINT THE CHIEF RESTRUCTURING OFFICER *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the motion dated October 7, 2008 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-

debtor affiliates, "Lehman"), pursuant to sections 105(a) and 363(b) of title 11 of the United

States Code (the "Bankruptcy Code") for authorization to employ and retain Bryan P. Marsal as

Chief Restructuring Officer (the "CRO") along with such additional personnel (the "Additional

Personnel") of Alvarez & Marsal North America, LLC ("A&M") and its wholly owned

subsidiaries, agents, affiliates (all of which are owned by Alvarez & Marsal North America,

LLC's parent company and employees), and independent contractors as are necessary to assist

the CRO in the performance of his duties (the "Additional Personnel"), pursuant to that

agreement dated September 15, 2008 among the Debtors and A&M, including that certain

indemnification agreement between Debtors and A&M and incorporated by reference therein

(together, the "Engagement Letter"), all as more fully described in the Motion; and upon the

declaration of Bryan P. Marsal in support of the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of

New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the order entered September 22, 2008 governing case management and

administrative procedures [Docket No. 285], and it appearing that no other or further notice need

be provided; and a hearing having been held to consider the relief requested in the Motion on an

interim basis; and it appearing that A&M neither holds nor represents any interest adverse to the

Debtors' estates; and it appearing that A&M is "disinterested," as that term is defined in section

101(14) of the Bankruptcy Code; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all

parties in interest and that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

ORDERED that the Motion is granted on an interim basis; and it is further

ORDERED that, in accordance with section 363 of the Bankruptcy Code, the

Debtors are authorized to enter into the Engagement Letter agreement, *nunc pro tunc* to

September 15, 2008; and it is further

ORDERED that the terms of the Engagement Letter, including without limitation,

the fee provisions and the indemnification provisions, are reasonable terms and conditions of

employment and are approved; and it is further

ORDERED that the Debtors are authorized to pay A&M in such amounts and at such times as is provided in the Engagement Letter without further order of this Court; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are waived; and it is further

ORDERED that the final hearing to consider entry of an order granting the relief requested in the Motion on a permanent basis shall be held on November 5, 2008 at 10:00 a.m. (prevailing Eastern Time); and any objections to entry of such order shall be in writing, filed with the Court in accordance with General Order M-242, and served upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) Cleary Gottlieb LLP, One Liberty Plaza, New York, NY 10006, Attn: Lindsee P. Granfield, Esq., and

Lisa Schweitzer, Esq. and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004,

Attn:  Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq., attorneys for the Debtors'

postpetition lenders, so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on

October 31, 2008; and it is further

        ORDERED that the Debtors shall serve this Order within three business days of

its entry on (i) the U.S. Trustee, (ii) the attorneys for the Creditors' Committee, (iii) the attorneys

for the Debtors' postpetition lenders, (iv) the Securities and Exchange Commission, (v) the

Internal Revenue Service, (vi) the United States Attorney for the Southern District of New York,

and (vii) all parties who have requested notice in these chapter 11 cases; and it is further

        ORDERED that this Court will retain jurisdiction to construe and enforce the

terms of the Motion, the Engagement Letter, and this Order.

Dated: _____, 2008
     New York, New York


                            _____
                            UNITED STATES BANKRUPTCY JUDGE