Madlyn Gleich Primoff (MP-1701)
Lauren Attard (LA-5083)
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-6157

**Hearing Date: October 16, 2008, at 10:00 a.m.**
**Objection Deadline: October 10, 2008, at 10:00a.m.**

*Attorneys for Wells Fargo Bank, N.A. and*
*Wells Fargo & Co.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------x

|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

------------------------------------------x

### RESPONSE AND JOINDER OF WELLS FARGO BANK, N.A. AND WELLS FARGO & CO. TO THE MOTION OF THE HARBINGER FUNDS FOR LEAVE TO CONDUCT RULE 2004 DISCOVERY OF DEBTOR LEHMAN BROTHERS HOLDINGS INC.

Wells Fargo Bank, N.A. and Wells Fargo & Co. (collectively, "Wells Fargo"), by their undersigned attorneys, for their response to and joinder in the Motion of the Harbinger Funds for Leave to Conduct Rule 2004 Discovery of Debtor Lehman Brothers Holdings Inc. (the "Harbinger Rule 2004 Motion"), dated September 26, 2008, respectfully state as follows:

1.      Wells Fargo is a party to various ISDA master agreements (the "Swap Agreements") with Lehman Brothers Special Financing Inc. ("LBSFI"), Lehman Brothers Finance S.A. ("LBFSA") and Lehman Brothers, Inc. ("LBI"). Lehman Brothers Holdings Inc.

31731299.DOC

("LBHI") guaranteed the obligations of LBSFI and LBFSA under the Swap Agreements. LBHI, LBSFI, LBFSA and LBI are referred to collectively herein as the "Lehman Entities".

2.      All of the transactions between Wells Fargo and LBSFI, LBFSA and LBI under the Swap Agreements have been terminated. As a result, Wells Fargo has substantial claims (in excess of $100 million) against the Lehman Entities based on the Swap Agreements and the LBHI guarantees.

3.      On September 15, 2008, LBHI filed its petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.      On September 19, 2008, the United States District Court for the Southern District of New York entered that certain Order Commencing Liquidation with respect to LBI, pursuant to which LBI became the subject of a proceeding under the Securities Investor Protection Act of 1970 ("SIPA") and James W. Giddens was appointed to act as the SIPA Trustee.

5.      On October 3, 2008, LBSFI and LBFSA filed petitions for relief under chapter 11 of the Bankruptcy Code.

6.      In view of Wells Fargo's substantial claims against the Lehman Entities, Wells Fargo is keenly interested in obtaining information and reviewing documents relating to the following subjects (the "Subjects"): (a) the assets and liabilities of the Lehman Entities and (b) the transfer of assets or funds (i) between and among the Lehman Entities, (ii) to the Lehman Entities from other entities and (iii) to other entities from the Lehman Entities. Unfortunately, the Debtors' motion, dated October 3, 2008, for authorization, *inter alia,* to continue using their existing cash management system (the "Cash Management Motion") barely addresses these Subjects.

7.    In order to obtain information about the Subjects, and without waiving Wells Fargo's right to seek further or additional relief pursuant to Fed. R. Bankr. P. 2004 at a later date, Wells Fargo hereby joins in the Harbinger Rule 2004 Motion.  More particularly, Wells Fargo seeks (a) to participate in the deposition of LBHI's Chief Financial Officer and/or any other person(s) most knowledgeable at LBHI, (b) to participate in any other or further depositions to be conducted involving any one or more of the Subjects and (c) production of any and all documents produced by any of the Lehman Entities to Harbinger or any other person, party or entity relating to or concerning the Subjects.

8.    Wells Fargo respectfully submits that it is entitled to the relief requested herein pursuant to Fed. R. Bankr. P. 2004.  Wells Fargo further respectfully submits that the implementation of a coordinated discovery mechanism in these cases, which permits creditors and other parties in interest to obtain information relating to the Debtors' assets and liabilities (and the other Subjects described above), will benefit all parties (including the Debtors' estates) because it will facilitate the dissemination of information in an efficient, cost-effective and orderly manner.

WHEREFORE, for the reasons set forth above and in the Harbinger Rule 2004 Motion, Wells Fargo respectfully requests that this Court enter an order (a) (i) granting Wells Fargo the right to participate in the deposition of LBHI's Chief Financial Officer and/or any other person(s) most knowledgeable at LBHI, (ii) granting Wells Fargo the right to participate in any other or further depositions to be conducted involving any one or more of the Subjects, (iii) requiring that any and all documents produced by any of the Lehman Entities to Harbinger or any other person, party or entity relating to or concerning the Subjects shall be produced by the

Lehman Entities to Wells Fargo, (b) granting the Harbinger Rule 2004 Motion, and (c) granting

Wells Fargo such other and further relief as this Court deems just and proper.

Dated: October 8, 2008
      New York, New York

KAYE SCHOLER LLP

By:_ */s/ Lauren Attard*_____
    Madlyn Gleich Primoff (MP-1701)
    Lauren Attard (LA-5083)
    425 Park Avenue
    New York, NY  10022

*Counsel for Wells Fargo Bank, N.A. and Wells Fargo & Co.*