**REED SMITH LLP**                                      Proposed Hearing Date:        TBD
  J. Andrew Rahl, Jr.
  Michael J. Venditto
  Paul A. Rachmuth
599 Lexington Avenue
New York, NY  10022
Tel:  212-521-5400
Fax:  212-521-5450
arahl@reedsmith.com
mvenditto@reedsmith.com
prachmuth@reedsmith.com

*Counsel to AEGON USA Investment Management, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                :        Chapter 11
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al*.,  :        Case No. 08-13555 (JMP)
                                                   :
                          Debtors.               :        (Jointly Administered)
                                                   :
---------------------------------------------------------------x

**MOTION OF AEGON USA INVESTMENT MANAGEMENT, LLC FOR
ENTRY OF AN ORDER APPROVING SPECIFIED INFORMATION
BLOCKING PROCEDURES AND PERMITTING TRADING OF CLAIMS
<u>AGAINST THE DEBTOR UPON ESTABLISHMENT OF A SCREENING WALL</u>**

      AEGON USA Investment Management, LLC ("AUIM"), a member of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. and its affiliated debtors (other than Lehman Brothers Inc.) (collectively, the "Debtors"), hereby submits this motion (the "Motion") for the entry of an order, pursuant to 11 U.S.C. § 105(a), approving information blocking procedures and permitting trading in the Covered Claims (as defined in the Screening Wall Declaration) in certain situations.  In support of the Motion, AUIM respectfully represents as follows:

08-13555-mg    Doc 789    Filed 10/10/08    Entered 10/10/08 11:10:53    Main Document
                                    Pg 2 of 7

**BACKGROUND**

1.     On September 15, 2008 and periodically thereafter (the "Petition Date"), the Debtors commenced the Chapter 11 Cases. The Debtors have been authorized to operate their businesses and manage their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

2.     On September 17, 2008, pursuant to section 1002(a) of the Bankruptcy Code, the United States Trustee (the "U.S. Trustee") appointed the Committee. No trustee or examiner been appointed in the Chapter 11 Cases.

3.     On October 3, 2008, the U.S. Trustee amended the composition of the Committee, *inter alia*, to include AUIM.  See, First Amended Appointment of Committee of Unsecured Creditors. [D.I. 592].

**JURISDICTION**

4.     The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and may be determined by this Court.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

5.     AUIM is an affiliate of AEGON, one of the world's largest providers of life insurance, pensions and an important provider of long-term vestment and savings products. Based in The Hague, Netherlands,  AEGON's 30,000 employees serve more than 40 million customers in over 20 countries.  AUIM oversees the management of the non-real estate assets of AEGON's American unit, AEGON USA.

6.     As an ordinary and regular part of its business, AUIM is engaged in the trading of securities for others or for its own accounts.  AUIM, therefore, requests entry of an order holding that it will not violate its fiduciary duties as a member of the Committee by permitting the trading in the Covered Claims during the pendency of these Chapter 11 Case, provided that AUIM establishes, effectively implements, and adheres to the information blocking policies and

08-13555-mg    Doc 789    Filed 10/10/08    Entered 10/10/08 11:10:53    Main Document
Pg 3 of 7

procedures (collectively, the "Screening Wall") that are described in the Screening Wall Declaration (as defined below), annexed hereto as Exhibit A, or approved by the U.S. Trustee. Nothing therein would impact, prohibit, curtail or restrict, the trading practices of any AUIM affiliates.

7. The term "Screening Wall" refers to a procedure established by an institution to isolate its trading activities from its activities as a member of an official committee of unsecured creditors in a chapter 11 case. A Screening Wall includes, among other things, such features as the employment of different personnel to perform certain functions, physical separation of the office and file space, procedures for locking committee related files, separate telephone and facsimile lines for certain functions, and special procedures for the delivery and posting of telephones messages. Implementing such procedures prevents AUIM's trading personnel from use or misuse of non-public information obtained by AUIM's personnel engaged in Committee related activities ("Committee Personnel") and also will preclude Committee Personnel from receiving inappropriate information regarding AUIM's trading in the Covered Claims in advance of such trades.

8. Although members of the Committee owe fiduciary duties to the creditors of these estates, AUIM also has an obligation to maximize returns to AEGON and its customers through the trading of securities. Thus, if AUIM is barred from trading the Covered Claims during the pendency of these Chapter 11 Cases because of its duties to other creditors, it may risk the loss of a beneficial investment opportunity for AEGON or its customers. Alternatively, if AUIM is compelled to resign from the Committee because of its inability to trade for the benefit of itself and its clients, its interests may be compromised by virtue of taking a less active role in the reorganization process. AUIM should not be forced to make such a choice, particularly since its service as a member of the Committee benefits all unsecured creditors.

9. As evidence of its implementation of the procedures detailed herein, filed herewith is a declaration (the "Screening Wall Declaration") of James Schaeffer, AUIM's director of distressed debt, and its designated representative on the Committee. In the Screening

Wall Declaration, he states that he will comply with the terms and procedures consistent with those set forth in this Motion or otherwise approved by the U. S. Trustee.

**BASIS FOR RELIEF**

10. The relief requested is consistent with other orders entered by the Bankruptcy Court for the Southern District of New York. *See, e.g., In re Calpine Corp., et al.*, Case No. 0560200 (BRL) (January 25, 2006); *In re Solutia Inc., et al*, Case No. 03-17949 (PCB) (January 22, 2004); *In re Magellan Health Services, Inc. et al*, Case No. 03-40515 (PCB) (May 6, 2003); *In re WorldCom, Inc.*, Case No. 02-13533 (AJG) (Aug. 6, 2002); *In re Enron Corp.*, No. 01-16034 (AJG) (Feb. 27, 2002); *In re Dairy Mary Convenience Stores, Inc.*, Case No. 01-42400 (AJG) (Dec. 20, 2001); *In re Flag Telecom Holdings Ltd.*, Case Nos. 02-11732 through 02-11736 and 02-11975 through 02-11979 (ALG) (July 22, 2002); *In re Global Crossing Ltd.*, Case Nos. 0240187 through 02-40241 (REG) (March 25, 2002); *In re Iridium Operating LLC*, Case No. 9945005 (CB) (Nov. 3, 1999).

11. Substantially similar orders have also been entered by Bankruptcy Courts in other district. *See, e.g., In re The Finova Group, Inc.*, Case No. 01-0697 (PJW) (Bankr. D. Del. Apr. 12, 2001); *In re GST Telecom, Inc.*, Case No. 00-1982 (GMS) (Bankr. D. Del. Oct. 19, 2000); *In re Vista Eyecare, Inc.*, Case No. A00-65214 (Bankr. D. Ga. June 1, 2000); *In re Sun Healthcare Group, Inc.*, Case No 99-3657 (MFW) (Bankr. D. Del. Dec. 11, 1999); *In re ICO Global Communications Services Inc.*, Case No. 99-2933 (MFW) (Bankr. D. Del. Sept. 21, 1999); *In re Acme Metals Inc.*, Case No. 98-2179 (MFW) (Bank. D. De. Dec. 21, 1998); *In re Mid American Waste Systems, Inc.*, Case No. 97-104 (PJW) (Bank. D. Del. Feb. 21, 1997); *In re Ace-Texas, Inc.*, Case No. 96- 166 (PJW) (Bankr. D. Del. July 17, 1996); *In re Farley*, Case No. 91-15610 (Bank. N.D. 111. Nov. 8, 1991); *In re America West Airlines, Inc.*, Case No. 91-07505 (Bankr. D. Ariz. Oct. 23, 1991); *In re Harvard Industries, Inc.*, Case Nos. 91-104, 91-479 through 91-487 (Bankr. D. Del. July 15, 1991); *In re Federated Dep't Stores, Inc.*, Case No. 1-90-00130, 1991 Bankr. LEXIS 288 (Bankr. S.D. Ohio Mar. 7, 1991).

12. Moreover, similar orders have also been requested by other members of the Committee in these Chapter 11 Cases. See, *e.g*., Motion of Shinsei Bank Limited for the Entry of an Order Approving Specified Information Blocking Procedures and Permitting Trading of Claims Against the Debtor Upon Establishment of a Screening Wall [D.I. 355]; and, Motion of Metropolitan Life Insurance Company for Entry of an Order Approving Specified Information Blocking Procedures and Permitting Trading of Claims Against the Debtor Upon Establishment of a Screening Wall [D.I. 416].

13. Further support for the requested relief is found in the Bankruptcy Court decision *In re Federated Dep't Stores, Inc.*, Case No. 1-90-00130, 1991 Bankr. LEXIS 288 (Bankr. S.D. Ohio Mar. 7, 1991). In that case, the court ruled that Fidelity Management & Research Company:

> Will not be violating its fiduciary duties as a committee member and accordingly, will not be subjecting its claims to possible disallowance, subordination, or other adverse treatment, by trading in securities of the Debtors . . . during the pendency of these [c]ases, provided that Fidelity employs an appropriate information blocking device or "[Screening] Wall" which is reasonably designed to prevent Fidelity trading personnel from receiving any non-public committee information through Fidelity committee personnel and to prevent Fidelity committee personnel from receiving information regarding Fidelity's trading in securities of the Debtors . . . in advance of such trades.

*In re Federated Dep't Stores, Inc.*, 1991 Bankr. LEXIS 288 at *2.

14. The *Federated* court approved screening wall procedures, which, as AUIM is requesting here, required (i) a written acknowledgement by personnel performing committee work that they could receive non-public information and were aware of the Screening Wall procedures in effect; (ii) a prohibition on the sharing of non-public committee information with certain other employees; (iii) separate file space for committee work which is inaccessible to certain other employees; (iv) restrictions on committee personnel's access to trading information;

- 5 -

and (v) a compliance review process. The Screening Wall procedures outlined here parallel those protections established in the *Federated* case and followed in subsequent cases.

## WAIVER OF MEMORANDUM OF LAW

15. This Motion cites to the necessary and relevant authority and, therefore, AUIM respectfully submits that the requirement of Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be filed in support of the Motion should be waived.

## NOTICE

16. Notice of this Motion has been given to the parties required under the Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, which this Court entered in these cases on September 22, 2008 [D.I. 285]. Accordingly, AUIM respectfully submits that no further notice is needed.

## NO PREVIOUS REQUEST

17. No previous request for the relief sought herein has been made to this Court or any other Court.

WHEREFORE, AUIM respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit B (i) approving the Screening Wall procedures set forth herein; (ii) determining that AUIM will not violate its fiduciary duties as a Committee member and, accordingly, will not subject its interests or claims to possible disallowance, subordination, or other adverse treatment by trading in the Covered Claims during the pendency of the Debtor's chapter 11 case, provided that AUIM follows the procedures set forth herein to insulate its trading activities from its Committee-related activities; and (iii) granting such other and further relief as is just and proper.

Dated: New York, New York
October 9, 2008

        Respectfully submitted,

        REED SMITH LLP

By: /s/ *J. Andrew Rahl, Jr.*
    J. Andrew Rahl, Jr.
    Michael J. Venditto
    Paul A. Rachmuth
    599 Lexington Avenue
    New York, NY  10022
    Tel:  212-521-5400
    Fax:  212-521-5450

    *Counsel to AEGON USA Investment Management, LLC*