UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
:
In re                                                             :    Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    Case No. 08-13555 (JMP)
:
Debtors.                                       :    (Jointly Administered)
:
-----------------------------------------------------------------x

## DECLARATION OF JAMES K. SCHAEFFER

I, James K. Schaeffer, hereby declare:

1. I have personal knowledge of each of the facts stated in this Declaration, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true.

2. I submit this declaration in support of the Motion of AEGON USA Investment Management, LLC ("AUIM") for an Order Approving Specified Information Blocking Procedures and Permitting Trading of Claims Against the Debtor Upon Establishment of a Screening Wall (the "Motion"). Further, I submit this Declaration on behalf of AUIM to advise the United States Trustee of AUIM's information blocking procedures designed to: (i) prevent its trading personnel and its investment advisory personnel from receiving any non-public information concerning the Chapter 11 Cases of the above-captioned debtor (the "Debtor") through AUIM personnel, representatives or agents ("AUIM Committee Personnel") performing activities related AUIM's membership on the Official Committee of Unsecured Creditors (the "Committee") in the Debtors' Chapter 11 Cases (the "Chapter 11 Cases") and (ii) prevent AUIM Committee Personnel from receiving information regarding AUIM's trading in Covered Claims[1] in advance of trading.

---

[1] "Covered Claims" is used to mean any claims against the Debtor, including (i) "Securities" as defined in Section 2(a)(l) of the Securities Act of 1993 (including the following: stocks, notes, bonds, debentures, participation

Continued on following page

3. AUIM: (i) serves as an investment adviser on behalf of certain client accounts that beneficially own securities or other claims or interests in these Chapter 11 Cases and/or (ii) beneficially owns such securities, in its own name or in the name of one of more funds or accounts.

4. Among my responsibilities as a director of AUIM, is to represent it as a member of committees in out-of-court restructurings and Chapter 11 reorganization cases.

5. AUIM has established, and will maintain, the following internal procedures: (i) AUIM Committee Personnel shall execute a letter (a "Confidentiality Letter") acknowledging that they may receive non-public Information (as defined below) and that they are aware of the information blocking procedures which are in effect with respect to the Covered Claims and will follow these procedures and will immediately inform both Committee counsel and the United States Trustee in writing if such procedures are materially breached; (ii) subject to paragraph 6 hereof, AUIM Committee Personnel will not directly or indirectly share any non-public information generated by, received from or relating to Committee activities or Committee membership ("Information") with any other employees, representatives or agents of AUIM, including AUIM's investment advisory personnel, and AUIM Committee Personnel shall use good faith efforts not to share any material Information concerning these Chapter 11 Cases with any AUIM employee reasonably known to be engaged in trading activities with respect to the Covered Claims on behalf of AUIM and/or its clients, except that a good faith communication of publicly available Information shall not be presumed to be a breach of the obligations of AUIM or any AUIM Committee Personnel hereunder; (iii) AUIM Committee Personnel will maintain all files containing information received in connection with or generated from Committee activities in secured cabinets inaccessible to other employees of AUIM; (iv) AUIM Committee

---

Continued from previous page
in, or derivatives based upon or relating to, any of the Debtor's debt obligations or equity interests) and (ii) bank debt.

Personnel will not receive any information regarding AUIM's trades in the Covered Claims in advance of the execution of such trades, but AUIM Committee Personnel may receive trading reports showing AUIM's purchases and sales and ownership of the Covered Claims but no more frequently than bi-weekly (provided that AUIM Committee Personnel may receive the usual and customary internal reports showing AUIM's purchases and sales on behalf of AUIM or its clients and the amount and class of claims, interests or securities owned by AUIM or its clients to the extent that such personnel would otherwise receive such reports in the ordinary course and such reports are not specifically prepared with respect to the Debtor); (v) AUIM's compliance personnel shall review on a weekly basis AUIM's trades of the Covered Claims to determine if there is any reason to believe that such trades were not made in compliance with the information blocking procedures and shall keep records of such review; (vi) so long as AUIM is a member of the Committee, it shall disclose to the Office of the United States Trustee in writing any decrease in dollar amount of the Covered Claims held by AUIM or its clients which results in such holdings being less than the lesser of $15 million or 1/3 of the aggregate holdings of AUIM and in its clients' accounts at AUIM as of the date of AUIM's appointment to the Committee and any increase in dollar amount of the Covered Claims held by AUIM or its clients which results in an increase in aggregate holdings of more than the greater of $150 million or 2/3 of the aggregate holdings of AUIM and in its clients' accounts at AUIM as of the date of AUIM's appointment to the Committee, within 10 business days of such trade or trades aggregating the foregoing amount; (vii) so long as AUIM is a member of the Committee, it shall disclose to the Committee counsel and the U.S. Trustee every 6 months a declaration verifying continued compliance with the procedures described herein; and (viii) AUIM shall immediately disclose to the Committee's counsel and the U.S. Trustee any material breaches of the procedures described herein.

      6.      Notwithstanding any of the above, AUIM Committee Personnel may share Information with (a) senior management of AUIM who, due to their duties and responsibilities, have a legitimate need to know such Information provided that such individuals (i) otherwise comply with the procedures herein and (ii) use such Information only in connection with their

senior managerial responsibilities, (b) regulators, auditors, designated legal and compliance personnel for the purpose of rendering legal advice to the AUIM Committee Personnel, and to the extent that such Information may be accessible by internal computer systems, AUIM administrative personnel who service and maintain such systems, each of whom will agree not to share Information with other employees and will keep such Information in files inaccessible to other employees, and (c) other AUIM employees, representatives and agents who (i) are not involved with trading or investment advisory activities with respect to the Covered Claims and (ii) execute a Confidentiality Letter.

7.    I will be the AUIM Committee Personnel assigned directly to these Chapter 11 Cases. In the event any other individual AUIM representative is chosen to replace me in that capacity on behalf of AUIM, such individual will also submit a Declaration affirming his or her compliance with the screening procedures described herein prior to accepting any responsibilities in connection herewith.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of October, 2008.

James K. Schaeffer
Director
AUIM USA Investment Management, LLC