**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
                                                          :
In re                                                     :          Chapter 11
                                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :          Case No. 08-13555 (JMP)
                                                          :
                                    Debtors.              :          (Jointly Administered)
                                                          :
----------------------------------------------------------x

### ORDER APPROVING SPECIFIED INFORMATION BLOCKING PROCEDURES AND PERMITTING TRADING OF CLAIMS UPON ESTABLISHMENT OF A SCREENING WALL

Upon the Motion (the "Motion") of AEGON USA Investment Management, LLC

("AEGON"), a member of the Official Committee of Unsecured Creditors ("Committee")

appointed in this chapter 11 case (the "Chapter 11 Cases") concerning the above-captioned

debtors and debtors-in-possession (collectively, the "Debtors"), for the entry of an order pursuant

to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), approving

specified information blocking procedures and permitting trading in Covered Claims (as defined

below) in certain situations, together with the exhibits attached thereto; and the Motion having

come on to be heard before this Court; no objections to the Motion having been filed; and the

Court being satisfied that the relief requested in the Motion is appropriate and in the best

interests of AUIM (as defined in the Motion), the Committee, the creditors, and the Debtors'

estates; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted, subject to the terms and conditions of this Order.

2.      The information blocking procedures described substantially in the declaration of

James K. Schaeffer ("Schaeffer") annexed to the Motion (the "Screening Wall Declaration"),

which are designed to prevent the misuse of Committee information and which are acceptable to

the Office of the United States Trustee or otherwise consistent with those policies and

procedures, are hereby approved.

3.      AUIM will not violate its duties as a Committee member and, accordingly, will not subject its claims to possible disallowance, subordination, or other adverse treatment, by trading in the Covered Claims during the pendency of the Debtors' Chapter 11 Case, provided that AUIM establishes and effectively implements and strictly adheres to the information blocking procedures detailed in the Screening Wall Declaration or otherwise approved in writing by the Office of the United States Trustee.

4.      For purposes of this Order, the term "Covered Claims" is used to mean any claims against the Debtors, including (i) "Securities" as defined in Section 2(a)(l) of the Securities Act of 1993 (including the following: stocks, notes, bonds, debentures, participation in, or derivatives based upon or relating to, any of the Debtors' debt obligations or equity interests) and (ii) bank debt.  AUIM's trading in the Covered Claims will not constitute a breach of this Order provided that it establishes and effectively implements and strictly adheres to the information blocking procedures detailed in the Screening Wall Declaration or otherwise approved in writing by the Office of the United States Trustee.

5.      In the event that any other individual AEGON representative is chosen to replace Schaeffer as AUIM's representative on the Committee, such individual will deliver to the U.S. Trustee a declaration affirming his or her compliance with the screening procedures described herein prior to accepting any responsibilities in connection with these Chapter 11 Cases.

6.      Nothing in this Order shall prejudice the right of the United States Trustee to take such action as she deems appropriate in the case, including the removal of any Committee member pursuant to section 1102 of the Bankruptcy Code.

7.      This Order shall not preclude the Court from taking any action it may deem appropriate in the event that it is determined that a breach of fiduciary duty has occurred as a

result of a defect in, or the ineffectiveness of, the implementation of the information blocking

procedures herein approved.

Dated: New York, New York
        _____, 2008

 

                                        _____
                                        HONORABLE JAMES M. PECK
                                        UNITED STATES BANKRUPTCY JUDGE