08-13555-mg    Doc 800    Filed 10/10/08    Entered 10/10/08 11:51:23    Main Document
Pg 1 of 4

Andrew D. Gottfried
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Tel: 212-309-6000
Fax: 212-309-6001

*Attorneys for Hotspot FXr LLC and Hotspot FXi, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

---------------------------------------------------------------x

### OBJECTION OF HOTSPOT TO DEBTORS' PROPOSED CURE AMOUNT IN CONNECTION WITH ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS

Hotspot FXr LLC and Hotspot FXi, LLC (collectively with any affiliates, "Hotspot"), by its undersigned counsel, hereby submits this objection (the "Objection") to the Debtors' proposed cure amount with respect to the assumption and assignment of certain Closing Date Contracts[1] (including all supplements, amendments, addendums, statements and schedules relating thereto) by and between Hotspot and the Debtors and/or their affiliates. In support of the Objection, Hotspot respectfully states as follows:

1.  On or about September 20, 2008, the Bankruptcy Court for the Southern District of New York entered the *Order Under 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedures 2002, 6004 and 6006 Authorizing and Approving (A) the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and*

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Order Under 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedures 2002, 6004 and 6006 Authorizing and Approving (A) the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Leases* [Docket No. 258].

DB1/62179846.2

*Assignment of Executory Contracts and Leases* [Docket No. 258] (the "Sale Order"). Pursuant to the Sale Order, the Debtors assumed and assigned certain contracts, described further below, to Barclays (the "Hotspot Contracts"). However, the proposed cure amount for the Hotspot Contracts as stated in Exhibit A to the Contract Schedule erroneously lists the cure amount as "$0." By this Objection, Hotspot seeks to correct the amount, which is required to be paid by Barclays as a condition to assumption and assignment of the Hotspot Contracts. Hotspot believes that it is owed not less than $497,732.17 (the "Cure Amount"). To the extent that either LBHI or Lehman Brothers Inc. ("LBI") claims rights in the Hotspot Contracts, Hotspot is entitled to the Cure Amount.

2. Hotspot provides a foreign exchange trading platform to retail and institutional clients. With respect to its retail business, Hotspot is a party to that certain ISDA Master Agreement, dated as of May 8, 2007 (the "ISDA Agreement"), with Lehman Brothers Commercial Corporation ("LBCC"). See ISDA Agreement attached hereto as Exhibit A. Lehman Brothers Holdings Inc. ("LBHI") is the guarantor under the ISDA Agreement, whereby it has agreed to guarantee to Hotspot the due and punctual payment of all amounts payable by LBCC in connection with each transaction.

3. In connection with Hotspot's retail foreign exchange business, Hotspot has maintained a deposit account at LBCC (the "Account"), which as of September 19, 2008 contained $409,979 of Hotspot's funds. On September 19, 2008, Hotspot directed LBCC to wire $409,979 from the Account to another account at UBS AG ("UBS"). See Wire Instructions attached hereto as Exhibit B. On September 19, 2008, LBCC debited $409,979 from the Account but failed to wire such amount to UBS as directed by Hotspot and as required under the ISDA Agreement. On September 26, 2008, after repeated efforts by Hotspot, the $409,979 was credited back to the Account. By letter dated September 26, 2008, Hotspot again directed LBCC

to wire Hotspot's funds in the amount of $409,979; however, LBCC has not complied with the request. See Letter attached hereto as Exhibit C. Because LBCC has failed to comply with Hotspot's wire instructions, the amount of not less than $409,979 remains owing by the Debtors to Hotspot under the ISDA Agreement.

4. With respect to its institutional business, Hotspot is a party to that certain Participating Financial Institution Agreement, dated July 21, 2005 (the "PFI Agreement"), with LBCC, pursuant to which Hotspot has enabled and allowed LBCC and other affiliates, including LBI, to use Hotspot's electronic platform to enter into foreign currency transactions. See PFI Agreement attached hereto as Exhibit D. Pursuant to the PFI Agreement, LBCC is obligated to remit fees, commissions and/or expense reimbursements to Hotspot via electronic funds transfer to an account designated by Hotspot. Based on outstanding August and September invoices, the amount of not less than $87,753.17 remains owing by the Debtors to Hotspot under the PFI Agreement. See Outstanding Invoices attached hereto as Exhibit E.

5. Thus, to date the Cure Amount of not less than $497,732.17 remains outstanding under the Hotspot Contracts. In addition, to the extent that charges continue to accrue and/or Hotspot suffers other pecuniary losses with respect to the Hotspot Contracts (including attorneys' fees[2]), Hotspot hereby reserves its right to amend the Cure Amount to reflect such additional amounts or to account for adjustments which have not yet become due under the terms of the Hotspot Contracts.

**WHEREFORE**, Hotspot respectfully requests that the Court enter an order (i) requiring the Debtors to pay the Cure Amount, plus any additional amounts or pecuniary losses

---

[2] The Debtors are required, pursuant to Section 365(b)(1) of the Bankruptcy Code, to cure all outstanding defaults under the Hotspot Contracts prior to assumption thereof. In conjunction with this duty, the Debtors must compensate Hotspot for any actual pecuniary loss, including the payment of attorneys' fees. See 11 U.S.C. §365(b)(1)(B); see also In re Westview 74th St. Drug Corp., 59 B.R. 747, 752-4 (Bankr. S.D.N.Y. 1986); In re Ribs of Greenwich Vill., Inc., 57 B.R. 319, 321 (Bankr. S.D.N.Y. 1986); LJC Corp. v. Boyle, 768 F.2d 1489, 1494-6 (D.C. Cir. 1985); Andrew v. KMR Corp., 17 B.R. 438, 439 (Bankr. 9th Cir. 1982); In re BAB Enterprises, Inc., 100 B.R. 982 (Bankr. W.D. Tenn. 1989).

DB1/62179846.2                                3

that hereafter accrue (including reasonable attorneys' fees); and (ii) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 10, 2008

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: s/ Andrew D. Gottfried
    Andrew D. Gottfried
    101 Park Avenue
    New York, New York 10178
    Tel: 212-309-6000
    Fax: 212-309-6001

*Attorneys for Hotspot FXr LLC and Hotspot FXi, LLC*