```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
In re                                                  :   Chapter 11
                                                       :
LEHMAN BROTHERS HOLDINGS, INC.,                        :   Case No. 08-13555 (JMP)
  et al.,                                              :
                                                       :   (Jointly Administered)
                                                       :
                            Debtors.                   :
                                                       :
-------------------------------------------------------x
```

## OBJECTION OF THE UNITED STATES TRUSTEE TO
## AMENDED MOTION FOR APPOINTMENT OF EQUITY COMMITTEE

TO:   THE HONORABLE JAMES M. PECK,
      UNITED STATES BANKRUPTCY JUDGE:

Diana G. Adams, the United States Trustee for Region 2, in furtherance of the duties and responsibilities set forth in 28 U.S.C. §§ 586(a)(3) and (5), hereby files her objections to the Amended Motion for Appointment of Equity Committee (the "Motion," Docket No. 293), filed by Greg Georgas (the "Proponent").

### I. SUMMARY STATEMENT

The Motion should be denied because the Proponent has not shown that the appointment of an official equity committee is warranted at this time. The Motion is premised largely upon a September 10, 2008 Press Release issued by Lehman Brothers Holdings, Inc. ("Lehman Bros."). Even though the actual Press Release is not annexed to the Motion, the Court is asked to conclude from a summary of the Press Release provided in the Motion that there was $28.4 billion of shareholder equity in Lehman Bros. on the date of the pre-petition Press Release, and that this justifies the appointment of an equity committee.

Reliance upon information from a Press Release is not sufficient to demonstrate that there is an economic interest to be protected.  Moreover, the Proponent has not demonstrated that the appointment of an official equity committee is necessary to adequately represent equity security holders' interests at this time.

For the foregoing reasons, the United States Trustee, in the exercise of her discretion under 11 U.S.C. § 1102(a)(1), has declined to appoint an equity committee at this time, and believes the Motion should be denied.

## II. BACKGROUND

1.	On September 15, 2008 (the "Petition Date"), Lehman Bros. commenced in this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Since that time, certain of its direct and indirect subsidiaries (collectively with Lehman Bros., the "Debtors") also have filed voluntary petitions for relief.  In addition, on September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") regarding Lehman Brothers Inc., a subsidiary of Lehman Bros. ("LBI").  Under SIPA, James W. Giddens has been appointed as trustee in the SIPA proceeding, and is administering LBI's estate.

2.	The Debtors' chapter 11 cases have been consolidated for procedural purposes only, and are being jointly administered under Federal Rule of Bankruptcy Procedure 1015(b) pursuant to an order of the Court entered September 17, 2008.  Docket No. 86.

3.	The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On September 17, 2008, the United States Trustee appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee"). Docket No. 62.

5. According to Item No. 1 of Exhibit "A" to the Voluntary Petition of Lehman Bros.:

> 1. The following consolidated financial data is the latest available information and refers to the Debtor's condition as of May 31, 2008.
>
> | | |
> |---|---|
> | Total assets | $ 639 billion |
> | Total debts | $ 613 billion. |

Voluntary Petition, Exhibit A, Docket No. 1., ¶ 1, at 1 (note omitted).

6. Item No. 1 of Exhibit "A" to the Voluntary Petition of Lehman Bros. provides further, as follows:

> b. Number of shares of preferred stock
>
> 1) 5.94% Cumulative Preferred Stock, Series C: up to 5.0 million
> 2) 5.67% Cumulative Preferred Stock, Series D: up to 4.0 million
> 3) 6.50% Cumulative Preferred Stock, Series F: up to 12.0 million
> 4) Floating Rate Convertible Preferred Stock, Series G: up to 5.2 million
> 5) 7.95% Non-Convertible Perpetual Preferred Stock, Series J: up to 66.0 million
> 6) 6.375% Preferred Securities, Series K: up to 12.0 million
> 7) 6.375% Preferred Securities, Series L: up to 12.0 million
> 8) 6.00% Preferred Securities, Series M: up to 16 million
> 9) 6.24% Preferred Securities, Series N: up to 8 million
> 10) 7.25% Non-Cumulative Perpetual Convertible Preferred Stock, Series P: up to 4.0 million
> 11) 8.75% Non-Cumulative Mandatory Convertible Preferred Stock, Series Q: up to 2.0 million
>
> c. Number of shares of common stock 694,401,926 (outstanding). (Note 1: This number is as of June 30, 2008.)

7.     On September 22, 2008, the Proponent filed his Amended Motion for Appointment of Equity Committee (Docket No. 293). The text of the Motion spans two pages, and its representations rely largely on a press release issued by Lehman Bros. on September 10, 2008, entitled "Preliminary Third Quarter 2008 Financial Results" (the "Sept. 10 Press Release"). *See id.*

8.     By letter dated October 7, 2008 – *i.e.* two weeks after the Motion was filed – the Proponent requested that the United States Trustee appoint an official committee of equity security holders.

9.     By letter dated October 9, 2008, the United States Trustee advised the Proponent that, for the reasons set forth in this objection, she was declining to appoint an equity committee at this time.

10.    The request for an equity committee made by the Proponent constitutes the only such request received by the Office of the United States Trustee.

### III. DISCUSSION

Under Bankruptcy Code § 1102(a)(2), the Court has the discretion to order the appointment of an equity committee. Official Comm. v. Finova Group, Inc. (In re Finova Group, Inc.), 383 B.R. 64, 70 (D. Del. 2008). Where such a committee is ordered, the Court is required to find that the appointment of an equity committee is "necessary to assure adequate representation of . . . equity security holders." 11 U.S.C. § 1102(a)(2); In re Johns-Manville Corp., 68 B.R. 155, 159 (S.D.N.Y. 1986). This hurdle has been described as a "high standard." In re Oneida, Ltd., 351 B.R. 79, 83 (Bankr. S.D.N.Y. 2006). The difficult threshold imposed by the statute reflects the statutory policies implemented in Bankruptcy Code § 1141(d)(1)(B),

which provides that unless a plan of reorganization or confirmation order provide otherwise, the confirmation of a reorganization plan by a bankruptcy court "terminates all rights and interests of equity security holders [ ] provided for by the plan." 11 U.S.C. § 1141(d)(1)(B).

Accordingly, the appointment of committees of equity security holders in chapter 11 cases is the "rare exception," rather than the rule. In re Williams Commc'ns Group, Inc., 281 B.R. 216, 223 (Bankr. S.D.N.Y. 2002). The moving party bears the burden of establishing that the tenets of section 1102(a) have been met. Id. (proponents must establish substantial likelihood of meaningful recovery and inability to represent their interests without official committee).[1]

### A.   The Proponent Has Not Shown Inadequate Representation.

Section 1102(a)(2) does not set forth a test of adequate representation, so the Court must examine the facts of each case. Johns-Manville, 68 B.R. at 159; see also In re Beker Indus. Corp., 55 B.R. 945, 948 (Bankr. S.D.N.Y. 1985) (adequate representation is not defined in the statute, but requires interpretation by the Court).

The Proponent, an individual, is the only person who has requested the appointment of an equity committee. The United States Trustee has not received any calls or correspondence from other equity holders requesting the appointment of an equity committee as of the date hereof; nor does the docket reflect any filings made in support of the Motion. The Proponent and other shareholders in the Lehman Bros. bankruptcy case are not statutorily disenfranchised from the chapter 11 process. The law provides that equity holders have standing to be heard on any issue

---

[1] As set forth above, the Proponent requested in writing that the United States Trustee appoint an equity committee, but did so on October 7, 2008, i.e. well after the filing of the Motion. As set forth above, in response to the Proponent's written request, which essentially sets forth the same arguments as the Motion, the United States Trustee declined to appoint an equity committee, and so notified the Proponent in writing on October 9, 2008.

in the bankruptcy case.  11 U.S.C. § 1109(b)(2).

The "statutory focus of section 1102(a)(2) is not whether the shareholders are 'exclusively' represented, but whether they are 'adequately' represented." Williams Commcn's, 281 B.R. at 223.  In this analysis, the bankruptcy courts consider a number of non-exclusive factors in determining whether there is adequate representation, including the debtor's insolvency, the number of shareholders, the complexity of the case, and whether the cost of the committee would significantly outweigh the concern for adequate representation.  Johns-Manville Corp., 68 B.R. at 159-60.

It is true that Lehman Bros. has a large number of shareholders, and it is conceded that this relatively-new bankruptcy case has raised complex issues, and will continue raising them during most of its pendency in this Court.  But generally, "not every case with public shareholders warrants an equity committee."  In re National R.V. Holdings, Inc., 390 B.R. 690, 698 (Bankr. C.D. Cal. 2008) (denying appointment of equity committee because insolvency not proven).  Specifically, "while there is a large number of shareholders, not every case with such a large number will require an official equity committee." Williams Commcn's, 281 B.R. at 223.

When a corporate debtor remains in possession, as is the case here, its directors bear the same fiduciary responsibilities to creditors and shareholders as would a bankruptcy trustee, if one was appointed.  "Indeed, the willingness of courts to leave debtors in possession 'is premised upon an assurance that the officers and managing employees can be depended upon to carry out the fiduciary responsibilities of a trustee.' " Commodity Futures Trading Commission v. Weintraub, 471 U.S. 343, 355 (1985) (*citing* Wolf v. Weinstein, 372 U.S. 633, 649-652 (1963)).  In this sense, the Proponent has neither alleged nor proven that the Debtor and its representatives

have faltered in the exercise of their fiduciary duties to equity security holders.

The Proponent has failed to show that he is not adequately represented, and this failure militates against the Court ordering the appointment of an equity committee at this time.

**B.     The Proponent Has Not Established that There is an Economic Interest to Protect.**

Equity committees "should not be appointed unless equity holders establish that (i) there is a substantial likelihood that they will receive a meaningful distribution in the case under a strict application of the absolute priority rule." Williams Commcn's, 281 B.R. at 223.  In this regard, section 101(32) requires a "balance sheet test."  In re Nirvana Restaurant, Inc., 337 B.R. 495, 506 (Bankr. S.D.N.Y. 2006.)  If the debtor is a going concern, fair valuation means  "the fair market value of the debtor's assets that could be obtained if sold in a prudent manner within a reasonable period of time to pay the debtor's debts."  *Id., quoting* Lawson v. Ford Motor Co. (In re Roblin Indus., Inc.), 78 F.3d 30, 35 (2d Cir.1996).

The analysis starts with a review of the balance sheet, with the recognition that book value does not always provide a fair estimate of market value.  Nirvana, 337 B.R. at 506. However, book values "may still support a court's inference of an entity's insolvency in some circumstances."  In re Flutie New York Co., 310 B.R. 31, 52 (Bankr. S.D.N.Y. 2004) (*quoting* Roblin Indus., 78 F.3d at 36.  Other evidence of insolvency can be found in SEC filings and accompanying financial statements, including (1) reports of negative net worth, (2) statements or figures that show sustained losses; (3) facts that show that the debtor is operating in a depressed market, and (4) reports of failure to pay bank debt.  Roblin Indus., 78 F.3d at 37.  However, "whenever possible, a determination of insolvency should be based on reasonable appraisals or expert testimony."  *Id*., at 38.

The Proponent has fallen short of meeting his burden of establishing "a substantial likelihood" that there will be a "meaningful distribution" to equity.  <u>Williams Commcn's</u>, 281 B.R. at 223.  According to Exhibit "A" to the Voluntary Petition of Lehman Bros., the latest available information as of the Petition Date was that Lehman Bros.' total assets were $639 billion and its total liabilities were $613 billion as of May 31, 2008.  Voluntary Petition, Exh. A, Docket No. 1.  However, these figures were based on calculations made more than three months prior to the Commencement Date.  Thus, they reflect a financial performance that has likely changed with the volatility of the global financial markets during the intervening time frame.  Moreover, updated public information with respect to the Debtors' solvency, such as their bankruptcy schedules and regulatory filings for the third and fourth fiscal quarters of 2008, is not yet available.

Thus, as the Proponent has not established, and perhaps at this time cannot establish, that there is an economic interest to protect from the perspective of equity, the appointment of an equity committee is not warranted at this time.

//

//

//

## IV.  CONCLUSION

For the foregoing reasons, the United States Trustee requests that the Court exercise its discretion, deny the Motion, and sustain the United States Trustee's objections.

**WHEREFORE**, in light of the foregoing, the United States Trustee respectfully requests that the Court grant such relief as the Court may deem appropriate and just.

Dated:    New York, New York          Respectfully submitted,
          October 10, 2008            DIANA G. ADAMS
                                      UNITED STATES TRUSTEE

                            **By:**    */s/ Andrew D. Velez-Rivera*
                                       Trial Attorney
                                       33 Whitehall Street, 21st Floor
                                       New York, New York 10004
                                       Tel. No. (212) 510-0500
                                       Fax No. (212) 668-2255