# BINGHAM

Sabin Willett
Direct Phone: 617.951.8775
Direct Fax:    617.951.8736
sabin.willett@bingham.com

October 7, 2008

**<u>Via Email and First-Class Mail</u>**

Harvey R. Miller, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

**Re: Lehman - Information Request**

Dear Harvey:

On Friday, we invited the Debtors to a call whose purpose was to explore whether the Harbinger Funds' Rule 2004 motion (the "Rule 2004 Motion") could be narrowed and resolved by consensus. We are disappointed that you would not consent to the release of any information on the call. However, we appreciate that Alvarez & Marsal provided some insight and background during the call. That information has helped us greatly focus our information request. We hope it will permit us to resolve the matter consensually.

Our formal request was couched broadly as a result of our lack of knowledge regarding the Debtors' cash-management systems. As I mentioned on the call, however, the core of our inquiry is to understand whether Lehman Brothers International (Europe), Lehman Brothers Special Financing Inc., and other key Lehman affiliates transferred approximately $8 billion (or any material sum, whether in cash or some other form) on or about September 12, 2008; to what entities the $8 billion was transferred; whether the transferred funds or other property were subsequently transferred and, if so, to what entity. We do not restrict the inquiry to transfers made on September 12, 2008, but focus upon it because of certain unverified information in the press and statements made in the Debtors' recent cash management motion, and would like an understanding of material net transfers that may have taken place on or around that time.

We appreciate the great strains on the Debtors and their professionals, and on that basis, as I told you Friday, we accept that a transaction-by-transaction accounting is infeasible in the short term. We had, however, expected that the basic information we seek, on a net entity-to-entity basis, would be electronically available. Our hope during the call had been that we could mutually identify a manageable core of such information, agree for the time being to limit our request to it, and put in place a mechanism to obtain it consensually. You did not provide any information that would enable us to do this, or identify means or alternatives for us to obtain the information from you.

Boston
Hartford
Hong Kong
London
Los Angeles
**New York**
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

T 212.705.7000
F 212.752.5378
bingham.com

Harvey R. Miller, Esq.
October 7, 2008
Page 2

We are committed to try to resolve this consensually to the best of our ability, and have attached hereto is a revised Schedule A containing a much-narrowed request for our Rule 2004 motion. The request is for "documents sufficient" to disclose operative facts, as opposed to "all documents"; the chronological scope of the inquiry is as narrow as can fairly be drawn given what little we know; and we are focused now on entity-by-entity gross transfers on a daily-total basis, *i.e.*, on summary information. We understand from the Debtors' recent cash management motion that the Debtors' will continue to maintain their books and records. It would be highly surprising if that information does not exist in electronic form.

It is our hope to reach agreement with you. If an agreement is not reached, we will proceed in Court on the basis of this revised and narrow information request.

In the course of our conversation, you asserted that we should obtain this information from the Creditors' Committee. We would be happy to do so, provided the Creditors' Committee has the information we seek (which seems unlikely, in light of what you disclosed to us during the call), and that we are not obliged to execute a confidentiality agreement. You have not identified any reason that the information we seek should be withheld from the public.

We look forward to your response.


Very truly yours,

/s/ Sabin Willett

Sabin Willett


cc:  Dennis C. O'Donnell, Esq.
     Dennis F. Dunne, Esq.
     Andrew S. Dash, Esq.
     David J. Molton, Esq.
     Andrew K. Glenn, Esq.
     David S. Rosner, Esq.

## AMENDED SCHEDULE A

## RULE 2004 DISCOVERY OF DEBTOR LEHMAN BROTHERS HOLDINGS, INC.

### AREAS OF INQUIRY FOR DEPOSITION

The Harbinger Funds request to depose the Chief Financial Officer and/or other knowledgeable senior corporate representative of Debtor Lehman Brothers Holdings Inc. ("LBHI") concerning, *inter alia*:

1. The flow, movement, and transfer of funds, cash, securities, repurchase agreements, swap agreements, derivative securities, and/or other property (the "Transferred Property") after August 31, 2008 between, on the one hand, LBHI or its wholly owned subsidiary Lehman Brothers, Inc. ("LBI"), and, on the other hand, the affiliates and other subsidiaries of LBHI, including but not limited to, Lehman Brothers Special Financing, Inc. ("LBSF") and Lehman Brothers International (Europe) ("LBIE");

2. The disposition, use, transfer, and/or current custody of Transferred Property after its transfer to LBHI or LBI.

### DESIGNATED DOCUMENTS TO BE PRODUCED

1. Documents sufficient to show, for each day from September 1, 2008 through September 19, 2008, on an entity basis, the total daily flow, movement, and transfer of the Transferred Property between and among (whether transferred directly or indirectly) each of LBHI, LBI, LBSF and LBIE.

2. Documents sufficient to show, for each day from September 8, 2008 through September 19, 2008, on an entity basis, the total daily, flow, movement and transfer of property from LBHI to any non-debtor entity that, on such day, received total net outflow from LBHI of property of a value in excess of $100 million.

3. To the extent not produced in response to paragraph 2, documents sufficient to show each transfer of property made by LBHI on and after September 11, 2008 and prior to the filing of LBHI's voluntary chapter 11 petition.

A/72674234.2

4.  To the extent not produced in response to previous requests, documents sufficient to show the current holder of property to which paragraph 3 refers.

### ADDITIONAL DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms shall have the following meanings:

1.  "Document" means those things described in Fed. R. Civ. P. 34(a), made applicable in bankruptcy cases by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, including without limitation the original and each draft or otherwise non-identical copy of such document, all writings, graphics, printed matter, recordings of any kind, including audiotape, videotape, and all information retrievable from computer systems, including electronic mail, in the actual or constructive possession, custody, care, or control of LBHI, its predecessors, successors, affiliates, subsidiaries, divisions, officers, directors, employees, agents, attorneys, or other persons or entities acting on behalf of LBHI. Any copy differing in any respect from an original shall be deemed herein to be a separate document.

2.  A document that "concerns," "refers to" or "relates to" a given subject matter means any document that evidences, constitutes, describes, contains, embodies, reflects, identifies, states, references, deals with, or is in any way pertinent to that subject, including, without limitation, documents concerning the presentation of other documents.

3.  The following terms are defined herein as they are in 11 U.S.C. § 101: "affiliate," "repurchase agreement," "security," "swap agreement," "transfer."

4.  The term "derivative securities" is defined herein as it is in 17 C.F.R. § 240.16a-1(c).

5.  "Harbinger Funds" means Harbinger Capital Partners Special Situations Fund, L.P. and Harbinger Capital Partners Master Fund I, Ltd., f/k/a Harbert Distressed Investment Master Fund, Ltd.

6.  The terms "LBHI," "you," and "your" means Lehman Brothers Holdings, Inc. including its officers, employees, attorneys, agents, servants, directors, subsidiaries, affiliates,

A/72674234.2                               2

representatives, investment bankers, and/or anyone acting on the instructions of or on behalf of or in active concert or participation with LBHI.

7.  "LBI" means Lehman Brothers, Inc., including its officers, employees, attorneys, agents, servants, directors, subsidiaries, affiliates, representatives, investment bankers, and/or anyone acting on the instructions of or on behalf of or in active concert or participation with LBI.

8.  "LBSF" means Lehman Brothers Special Financing, Inc., including its officers, employees, attorneys, agents, servants, directors, subsidiaries, affiliates, representatives, investment bankers, and/or anyone acting on the instructions of or on behalf of or in active concert or participation with LBSF.

9.  "LBIE" means Lehman Brothers International (Europe), including its officers, employees, attorneys, agents, servants, directors, subsidiaries, affiliates, representatives, investment bankers, and/or anyone acting on the instructions of or on behalf of or in active concert or participation with LBIE.

10. The singular form shall include the plural and vice versa, wherever such dual construction will serve to bring within the scope of these requests for production any answer or response that otherwise would not be brought within its scope.

11. The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other, wherever such dual construction will serve to bring within the scope of these interrogatories any answer or response which otherwise would not be brought within its scope.

12. If any document that would have been produced is no longer in your possession or custody or subject to your control, please state the present location of such document.

13. If an objection is made to any request made herein, on privilege grounds or otherwise, for each item and category objected to please state the following, along with your objections to the production thereof: (a) the date of the document; (b) its general nature (*e.g.*, letter, memorandum, etc.); (c) the name(s) of the person(s) who prepared, signed or participated in the preparation of the document and the relationship of said person(s) to the plaintiff; (d) the

name(s) of the person(s) to whom the document was addressed, given or sent, or of the recipient(s) of the document and any drafts or copies thereof; (e) the identify of each person having possession, custody, or control of such document or copy thereof and the relationship of each such person to the plaintiff; (f) the subject matter or circumstances of the preparation of the document in sufficient detail to ascertain the availability of the claim of privilege or protection; and (g) the legal or factual basis for such claim of privilege or protection.

14.    If no documents are in existence that are responsive to a particular request or subsection thereof, your answer must so indicate.

15.    When any original, draft, copy, or reproduction of any document responsive to any of the following requests contains or has been revised to include any postscript, notation, change, amendment, or addendum not appearing on the document itself as originally written, typed or otherwise prepared, produce each such revised original, draft, copy, or reproduction.

16.    Documents shall be produced in their original file folders, or, in lieu thereof, any writing on the file folders from which documents are taken shall be copied and appended to such documents. Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond with each numbered paragraph and each lettered subparagraph of this request for production in response to which such documents are being produced.

17.    All document requests herein are continuing and are to be supplemented to the fullest extent required by Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. The Harbinger Funds reserve the right to serve further document requests.