Martin Flics (#MF 9718)  
Mary K. Warren (#MW 5215)  
LINKLATERS LLP  
1345 Avenue of the Americas  
New York, NY 10105  
(+1) 212 903 9000 (Tel)  
(+1) 212 903 9100 (Fax)  

Hearing Date: October 16, 2008 at 10:00 a.m.  
Objection Deadline: October 10, 2008 at 4:00 p.m.

Attorneys for the Joint Administrators of the  
Lehman European Group Administration Companies

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re

In re LEHMAN BROTHERS HOLDING INC., et al.,

                               Debtors.

Chapter 11

08-13555 (JMP)

(Jointly Administered)

---------------------------------------------------------------x

**RESPONSE AND LIMITED OBJECTION OF THE JOINT ADMINISTRATORS OF THE LEHMAN EUROPEAN GROUP ADMINISTRATION COMPANIES TO (I) THE HARBINGER FUNDS' MOTION FOR LEAVE TO CONDUCT RULE 2004 DISCOVERY OF DEBTOR LEHMAN BROTHERS HOLDINGS INC., AND (II) MOTION OF THE NEWPORT GLOBAL OPPORTUNITIES FUND LP, NEWPORT GLOBAL CREDIT FUND (MASTER) L.P., PEP CREDIT INVESTOR L.P. AND PROVIDENCE TMT SPECIAL SITUATIONS FUND L.P. FOR LEAVE TO CONDUCT RULE 2004 DISCOVERY OF DEBTOR LEHMAN BROTHERS HOLDINGS INC. AND <u>OTHER ENTITIES</u>**

The Joint Administrators of the Lehman European Group Administration Companies[1] hereby respond and object to (I) the Motion of the Harbinger Funds for Leave to Conduct Rule 2004 Discovery of Debtor Lehman Brothers Holding Inc. (the "Harbinger Rule

---

[1] The Lehman European Group Administration Companies include Lehman Brothers International Europe, Lehman Brothers Holding Plc, Lehman Brothers Limited, LB UK RE Holdings Limited, Storm Funding Limited, Mable Commercial Funding Limited, Lehman Brothers Europe Limited and the other Lehman group companies in insolvency processes in the UK over which partners in PricewaterhouseCoopers LLP are appointed.

A10010660/0.0/09 Oct 2008

2004 Motion") and (II) the Motion of Newport Global Opportunities Fund LP, Newport Global Credit Fund (Master) L.P., PEP Credit Investor L.P. and Providence TMT Special Situations Fund L.P. (the "Newport Global Rule 2004 Motion"), and in support thereof state as follows:

**I.     Response To The Harbinger Rule 2004 Motion**

1.      Harbinger Capital Partners Special Situations Fund, L.P., Harbinger Capital Partners Master Fund I, Ltd., f/k/a/ Harbert Distressed Investment Master Fund, Ltd., (collectively the "Harbinger Funds") have filed a Motion for Leave to Conduct Rule 2004 Discovery of Debtor Lehman Brothers Holding Inc. ("LBHI"). The Harbinger Motion states that the Harbinger Funds seek document discovery and testimonial evidence from this Debtor in order to investigate reported multi-billion dollar transfers of cash and other assets by or into LBHI and or Lehman Brothers Inc. ("LBI") just prior to the Petition Date. (Mot. at ¶19).

2.      The Joint Administrators do not oppose the Harbinger Rule 2004 Motion, as discovery of the kind that the Harbinger Funds request may be necessary in the future to investigate and vindicate the rights and claims of the Joint Administrators, the Lehman European Group Administration Companies and their creditors. The Joint Administrators are, however, engaged in discussions with counsel for the Debtors and Barclays Capital Inc. ("Barclays") regarding consensual exchanges of information, including information relating to intercompany claims and transfers of cash, securities and other assets in the weeks prior to the Petition Date, and after. The Joint Administrators wish to continue to pursue these discussions unless or until it becomes necessary to seek permission of this Court for discovery or other measures.

3.      Since their appointment by the English High Court of Justice (the "High Court") on September 15, 2008, the Joint Administrators have been challenged with the enormous tasks of quickly investigating and understanding the extensive operations of the

A10010660/0.0/09 Oct 2008

Lehman European Group Administration Companies and the Debtors while managing and operating the Lehman European Group Administration Companies in a rapidly changing environment.  The activities of the Joint Administrators have thus far included raising funding for the English administration proceedings; stabilizing and dealing with the Lehman European Group workforce; working with regulators and exchanges to effect an orderly transition; realizing assets to generate liquidity; disposing of parts of the Lehman European Group businesses; communicating with the market; and seeking to recover assets from other Lehman Group entities; among other matters. (Witness Statement of Steven Anthony Pearson- Redacted Version of the Statement Before Mr. Justice Blackburne at a Hearing on 7 October 2008 ("Pearson Statement") available at: www.pwc.co.uk/pdf/Lehman_Witness_Statement_1010108.pdf, at ¶¶ 13-14).

4. In addition, the Joint Administrators have treated the identification and return of cash and assets owned by customers and other counterparties of Lehman Brothers International (Europe) ("LBIE") as an important and urgent matter, and have set up a process, approved by the High Court, for identifying and returning client assets (the "Recovery Process"). (Pearson Statement at ¶¶ 40-41).

5. As part of this process, the Joint Administrators have started the process of identifying and gaining control of property of or held in the name of or otherwise to the order of LBIE, whether money, securities or other contractual rights, that may be subject to trust or proprietary claims. (Pearson Statement at ¶¶ 40).

6. The Joint Administrators believe that the consensual exchange of information and negotiation with the Debtors and Barclays are a key element of the Recovery Process.  Therefore, the Joint Administrators reserve the right (a) to apply to the Court for

permission to conduct additional and further discovery, under Rule 2004 or other appropriate procedures, at a later date, and (b) to take other appropriate actions in respect of rights or claims of the Lehman European Group Administration Companies, the Joint Administrators and creditors of the Lehman European Group Administration Companies.  But should the Court grant the Harbinger Rule 2004 Motion, given the Joint Administrators' duties to creditors of LBIE (and the other Lehman European Group Administration Companies), both in their capacity as Joint Administrators as well as under the Recovery Process, the Joint Administrators request that they be permitted to participate in any discovery ordered.

## II.     Limited Objection To the Newport Global Rule 2004 Motion

7.     Newport Global Opportunities Fund, Newport Global Credit Fund, PEP Credit Investor, and Providence TMT Special Situations Fund (collectively "the Funds") have filed Motion Seeking Leave to Conduct Rule 2004 Discovery of Lehman Brothers Holdings Inc. And Other Entities.  The Funds state that they were prime brokerage customers of LBI, that they instructed LBI to transfer their accounts to Credit Suisse on or about September 10, 2008, and following additional correspondence with LBI, the assets in their accounts have not been located or accounted for.  (Mot. ¶¶ 7-8).  The Funds seek broad documentary and testimonial evidence including, among other things, all documents about all funds movement into and through LBHI, LBI and their affiliates since July 2008.  (Mot., Schedules A and B).

8.     As stated above, the Joint Administrators do not object in principle to Rule 2004 discovery of the Debtors.  The Joint Administrators do object to particular aspects of the Newport Global Rule 2004 Motion.

9.     The Joint Administrators object to the Newport Global Rule 2004 Motion because it is vague and overbroad to the extent it seeks leave to conduct discovery as to parties

other than Debtors.  For example, the Newport Global Rule 2004 Motion seeks leave to conduct unspecified document and deposition discovery "of any third-party transferee of securities, cash, or other property held by the Debtors – in particular third-party transferees of securities or the proceeds thereof in which the Funds have an ownership or other interest in the period commencing 60 days prior to the Petition Date to the present." (Mot. at ¶17).

10. For the same reasons, the Joint Administrators object to the Newport Global Rule 2004 Motion to the extent it seeks discovery from the Joint Administrators and LBIE.  The Motion and its accompanying Schedules are so broadly drafted that they could be read to encompass discovery from affiliates of LBHI and LBI that are in administration proceedings in the UK, including the Lehman European Group Administration Companies.  The Joint Administrators further object to the Newport Rule 2004 Motion to the extent it seeks to reserve rights of the Funds to conduct discovery as to the Joint Administrators and LBIE.

11. WHEREFORE, for the reasons set forth above, the Joint Administrators respectfully ask that (i) should the Court grant the Harbinger Rule 2004 Motion, the Joint Administrators be permitted to participate in that discovery process without prejudice to their right (a) to apply to the Court for permission to conduct additional and further discovery, under Rule 2004 or other appropriate procedures, at a later date, and (b) to take other appropriate actions in respect of rights or claims of the Joint Administrators and creditors. In addition, for the reasons set forth above, the Joint Administrators respectfully ask that the Court deny the Newport Global Rule 2004 Motion to the extent that it seeks to obtain discovery from the Joint Administrators or any of the Lehman European Group Administration Companies.

        /s/ Martin Flics, Esq.
Martin Flics, Esquire (# MF 9718)
Linklaters, LLP
1345 Avenue of the Americas
New York, New York 10105
(212) 903-9000 – Telephone
(212) 903-9100 – Fascimile
Martin.flics@linklaters.com

Attorneys for the Joint Administrators of the Lehman European Group Administration Companies

Dated: October 10, 2008