SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York  10022
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179
Fredric Sosnick
James L. Garrity, Jr.
Ned S. Schodek

Attorneys for Bank of America, N.A. and its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
:
In re:                                                      :    Chapter 11
:
**LEHMAN BROTHERS HOLDINGS INC., et al.,**   :    Case No. 08 – 13555 (JMP)
:
Debtors.                                    :    (Jointly Administered)
:
:
---------------------------------------------------------------x

**BANC OF AMERICA SECURITIES INC.'S OBJECTION TO CURE AMOUNTS
AND OTHER INFORMATION INCLUDED ON THE DEBTORS' LIST OF
CLOSING DATE CONTRACTS IN ACCORDANCE WITH THE ORDER
UNDER 11 U.S.C. §§ 105(a), 363, AND 365 AND FEDERAL RULES OF
BANKRUPTCY PROCEDURE 2002, 6004 AND 6006 AUTHORIZING AND
APPROVING (A) THE SALE OF PURCHASED ASSETS FREE AND CLEAR OF
LIENS AND OTHER INTERESTS AND (B) ASSUMPTION AND ASSIGNMENT
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Banc of America Securities Inc. ("BAS") hereby objects to the Cure Amount the

Chapter 11 Debtors (as defined below) seek to pay to BAS on account of the BAS Closing Date

Contract[1] assumed and assigned by Debtors to Barclays Capital, Inc. (the "Purchaser") pursuant

to this Court's Order Under 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy

---

[1]    Capitalized terms that are used but not defined in this Motion have the meanings ascribed to them in the Sale Order or the Purchase Agreement (as those terms are defined below).

Procedure 2002, 6004 and 6006 Authorizing and Approving (A) the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases [Docket No. 258] (the "Sale Order"), and in support thereof states as follows:

**Background**

1.  Commencing on September 15, 2008 and periodically thereafter, Lehman Brothers Holding, Inc. ("LBHI") and certain of its subsidiaries (collectively, the "Chapter 11 Debtors") commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Chapter 11 Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On September 17, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

3.  On September 16, 2008, certain of the Chapter 11 Debtors, Lehman Brothers Inc. ("LBI") and the Purchaser entered into an Asset Purchase Agreement (as amended and clarified from time to time, the "Purchase Agreement").

4.  On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to LBI.  A trustee appointed under SIPA (the "SIPA Trustee") is administering LBI's estate.

5.  On September 20, 2008, the Court entered the Sale Order approving the Purchase Agreement and the various transactions contemplated therein.  The Bankruptcy Court

2

entered a concurrent order approving the Purchase Agreement in LBI's proceeding under SIPA, thereby authorizing the SIPA Trustee to consummate the sale transaction on behalf of LBI.[2]

6.    Among other things the Purchase Agreement and Sale Order provide for the assumption and assignment of the Closing Date Contracts to the Purchaser on the Closing Date. The Debtors identified the Closing Date Contracts and proposed Cure Amounts associated with those contracts on three lists (the "Contract Lists") posted on a website (the "Epiq Website"). The Sale Order did not fix the Cure Amounts payable in connection with the assumption of the Closing Date Contracts. Rather, it provided, in substance, that counterparties to Closing Date Contracts shall have until October 3, 2008 (the "Cure Amount Objection Deadline") to file an objection to the Cure Amounts of their respective Closing Date Contracts (including as to the identity of such contracts). Sale Order at ¶12. On October 2, 2008, the Debtors filed a Notice of Revisions to Schedules of Certain Contracts and Leases Assumed and Assigned to Purchaser (the "October 2 Notice"). It further provided that in the event a party to a Closing Date Contract fails to contest the proposed Cure Amount by the Cure Amount Objection Date, the Court will fix the Cure Amount as proposed by the Debtors. Pursuant to the October 2 Notice, the Debtor extended the Cure Amount Objection Deadline for counterparties affected by the October 2 Notice to October 13, 2008.

7.    On September 22, 2008, the Debtors posted a memorandum detailing procedures for resolving Cure Amounts for Closing Date Contracts (the "Contract Procedures") on the Epiq Website. Among other things, the Contract Procedures state that all Cure Amount objections should identify: (i) the counterparty to the Closing Date Contract; (ii) the relevant

---

[2] In the SIPA proceeding, on September 20, 2008, the Bankruptcy Court entered its Order Approving, And Incorporating By Reference For The Purposes Of This Proceeding, An Order Authorizing The Sale Of Purchased Assets And Other Relief In The Lehman Brothers, Holdings Inc. Chapter 11 Proceedings (the "SIPA Sale Order") [Docket #3]. References to the "Sale Order" herein include the SIPA Sale Order.

3

Closing Date Contracts (including any account numbers by which the agreements are known); (iii) the counterparty's asserted Cure Amount; (iv) the contact information for the counterparty; and (v) documentary support for the asserted Cure Amount where available.

8. BAS is party to one Closing Date Contract appearing on the Non-IT Contract List at p. 10. That list identifies "Bank of America Securities" as the counterparty to a contract (the "BAS Contract") with an unidentified Lehman entity and proposes a Cure Amount (the "BAS Cure Amount") of $1,333. The October 2 Notice amended the Contracts List to reduce the BAS Cure Amount to $0. The Contracts List and October 2 Notice provide no other information about the BAS Contract. BAS has reviewed its books and records and cannot identify the BAS Contract. It has requested counsel to both the Debtors and the Purchasers to identify the contract but has not yet received that information. BAS objects to the proposed BAS Cure Amount because it lacks sufficient information to identify the BAS Contract and determine whether the proposed cure amount is correct.

**Basis For Relief**

9. The Sale Order authorizes counterparties to Closing Date Contracts "to file an objection to the Cure Amounts (including as to the identity of such contracts)" of their respective Closing Date Contracts. Sale Order ¶ 12. Bankruptcy Rule 6006(f) provides, among other things, that a motion to assume and assign multiple executory contracts or unexpired leases to, among other things, "list parties alphabetically and identify the corresponding contract or lease." Fed. R. Bankr. P. 6006(f)(2).

10. Although the Contract Procedures have not been approved by this Court, BAS has complied with them to the best of its ability as follows: (a) the Debtors have identified the counterparty as BAS; (b) neither the Debtors nor the Purchaser have identified the BAS

4

Contract and after reviewing its books and records, BAS has not been able to identify it; and (c) because BAS does not know the identity of the BAS Contract, BAS is unable to determine whether the BAS Cure Amount correctly reflects amounts necessary to cure defaults under the BAS Contract.

11. The Sale Motion, Assumption Notice and Contract List fail to identify the BAS Contract in accordance with Bankruptcy Rule 6006(f)(2). As the Debtors have not identified the BAS Contract, BAS has no way of knowing whether the $0 cure cost listed is accurate. Therefore, BAS objects to the BAS Cure Amount.

WHEREFORE, BAS respectfully requests that this Court enter an order denying Debtors' request to fix the Cure Amount for BAS' Closing Date Contract granting BAS such other and further relief as is just.

Dated: New York, New York
October 10, 2008

SHEARMAN & STERLING LLP

By: /s/ Fredric Sosnick
Fredric Sosnick
James L. Garrity, Jr.
Ned S. Schodek
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

Attorneys for Bank of America, N.A. and its Affiliates

5