**Hearing Date and Time: October 16, 2008 at 10:00 a.m. (Prevailing Eastern Time)**

James B. Kobak, Jr.
David W. Wiltenburg
Sarah L. Cave
Christopher K. Kiplok
Jeffrey S. Margolin
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*<br><br>Debtor. | Chapter 11<br><br>No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**TRUSTEE'S OBJECTION TO MOTION OF NEWPORT GLOBAL OPPORTUNITIES
FUND LP *ET AL.* FOR LEAVE TO CONDUCT RULE 2004 DISCOVERY OF LEHMAN
BROTHERS HOLDINGS INC. AND OTHER ENTITIES**

James W. Giddens, as Trustee (the "Trustee") for the liquidation of the business of Lehman Brothers Inc. ("Debtor" or "LBI"), by and through his undersigned counsel, respectfully submits this opposition to the Motion of Newport Global Opportunities Fund LP, Newport Global Credit Fund (Master (L.P.), PEP Credit Investor L.P. and Providence TMT Special Situations Fund L.P. (collectively, the "Funds") for leave to conduct Rule 2004 discovery of Debtor Lehman Brothers Holdings, Inc. ("LBHI") (the "Motion"). The Trustee opposes the Motion to the extent that the Funds seek leave to conduct unspecified and unlimited Rule 2004 discovery of the Trustee without further order of this Court. The Trustee respectfully supports the arguments against the Motion set forth in the Debtors' Opposition to the Motion of

Harbinger Funds and Others to Conduct Examinations Under Bankruptcy Rule 2004 and Debtors' accompanying Memorandum of Law (Docket Nos. 837, 838), and further states as follows:

1. On September 19, 2008, the Honorable Gerald E. Lynch, Judge of the United States District Court for the Southern District of New York, entered the Order Commencing Liquidation (the "LBI Liquidation Order") pursuant to the provisions of the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.* in the case captioned *Securities Investor Protection Corp. v. Lehman Brothers Inc.*, Case No. 08-CIV-8119 (GEL).

2. The LBI Liquidation Order: (i) appointed James W. Giddens Trustee for the liquidation of the business of the Debtor pursuant to § 78eee(b)(3) of SIPA; (ii) appointed Hughes Hubbard & Reed LLP ("HHR") counsel to the Trustee pursuant to § 78eee(b)(3) of SIPA; and (iii) removed this case to this Court pursuant to § 78eee(b)(4) of SIPA (the "SIPA Proceeding").

3. The SIPA Proceeding is by far the largest securities broker-dealer liquidation ever attempted. Pursuant to the strong legal and public interest mandate to transfer customer accounts to the extent practicable, and working in cooperation with the Securities Investor Protection Corporation, former LBI personnel, the Securities and Exchange Commission, the Commodity Futures Trading Commission, the Federal Reserve Bank of New York, and the Depository Trust Clearing Corporation, the Trustee has effected the transfer of over 135,000 accounts. This still-ongoing transfer of accounts is taking place in a liquidation proceeding of unprecedented size and speed and is a testament to the hard work and dedication of the professionals and regulators involved.

4.      Beyond customer matters, the Trustee, his staff and counsel must deal not only with all of the time-sensitive issues that might be anticipated in the early days of a multi-billion-dollar bankruptcy, but also with a dizzying array of fire drills and emergencies that present themselves on a daily basis.  Any hour spent responding to coercive information requests from individual creditors via Rule 2004 subpoenas will not be available to carry out critical work at a crucial time in the SIPA Proceeding.

5.      On September 29, 2008, the Funds filed the Motion in this proceeding – but not in the LBI SIPA Proceeding – ostensibly seeking to conduct documentary and deposition discovery of LBHI and certain of its affiliates pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure regarding the alleged transfer of securities, cash or other property held by or for Lehman Brothers International (Europe) ("LBIE").  (Motion at 2.)

6.      The Motion offers no reason to suppose that the Trustee has any information concerning whether or why LBIE did or did not make a certain transfer of securities on a certain date.  Indeed, the Motion purports merely to "reserve the[] right to request and/or to conduct any other discovery, pursuant to Rule 2004 or other applicable law, from any person or entity, including, without limitation, the Debtors and the SIPA Trustee."  (Motion at ¶ 18.)  Superfluous at best where it is not logical to suppose that the Trustee has information, this at least seems to say that the Motion seeks no relief against the Trustee.

7.      This, however, is belied by the Proposed Order (Motion Ex. E), which asks the Court to grant the Funds the authority "to request such other and additional discovery, including, without limitation, document requests from the . . . SIPA Trustee . . . to the extent the Funds deem necessary <u>without further order of the Court</u>."  (*Id*. (emphasis added).)  In this off-

3

60410817_2

hand way, the Proposed Order would place at the disposal of the Funds a coercive power to demand information that would, if exercised, interfere with the progress of the SIPA Proceeding.

        8.     Rule 2004 it is not, as the Funds would have it, without limits. *In re Duratech Indus., Inc.*, 241 B.R. 291, 296 (Bankr. E.D.N.Y. 1999). Most certainly, it does not allow a party to conduct far-ranging discovery without careful judicial oversight. *See In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) (noting importance of exercise of judicial oversight to limit carefully scope of Rule 2004 discovery).

        9.     With respect to the Trustee in particular, to grant the Funds' request would be unduly burdensome, as it would divert the limited resources of the Trustee and his professionals from their statutory duties to oversee and execute the orderly administration of the estate of LBI, including the safe transfer of customer accounts and return of customer property. *See In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985). Thus, to impose on the Trustee the obligation to comply with the Funds' – yet unseen and likely substantial – discovery requests would harm not only the estate of LBI but also thousands of customers who are awaiting the orderly return of their property. Furthermore, allowing other entities who have joined in the Funds' Motion, (*see*, *e.g.*, Joinder to the Motions for Leave to Conduct Rule 2004 Discovery of Lehman Brothers Holdings Inc. (Docket No. 823)), to conduct discovery at this time would only multiply the burden, and accordingly, the Trustee similarly opposes those requests as well.

WHEREFORE, the Trustee respectfully requests that this Court: (i) deny the Motion to the extent that the Motion seeks an Order permitting the Funds to conduct Rule 2004 discovery of the Trustee without further order of this Court; and (ii) grant such other and further relief as is just.

Dated:    New York, New York
          October 12, 2008

HUGHES HUBBARD & REED LLP

By: /s/ Christopher K. Kiplok
    James B. Kobak, Jr.
    David W. Wiltenburg
    Sarah L. Cave
    Christopher K. Kiplok
    Jeffrey S. Margolin
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: kiplok@hugheshubbard.com

Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.