UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*                        :    08-13555 (JMP)
                                                               :
        Debtors.                                               :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

## CREDITOR NISCAYAH, INC.'S OBJECTION TO CURE AMOUNT
## SPECIFIED FOR CLOSING DATE CONTRACT WITH PEI SYSTEMS INC.

Creditor Niscayah, Inc. ("Niscayah"), a successor-in-interest to PEI Systems Inc. ("PEI") by acquisition, is informed and believes that Debtors have listed a cure amount of $3,500.04 respecting a purported contract with PEI identified only as 1728 Peachtree Lane. The true and correct amount owing with respect to installation at this site is $3,904.11. To the extent the referenced transaction or the revised cure total of $491,628.66 may be deemed a part of any other contract to which Niscayah or PEI may be a party, or to the extent any other contract may be proposed for assumption, Niscayah objects to cure of default under such contract for less than the full balance owed as reflected on the Lehman Brothers Barclays Customer Aging Report 9-25-08, a true and correct copy of which is attached hereto as Exhibit A. Niscayah further specifically notes that the maintenance agreement respecting the equipment covered by the contracts proposed to be assumed has not been proposed for assumption and that, absent

///

///

///

///

610000.1                                         1

assumption, no further maintenance services will be provided. A true and correct copy of this maintenance contract, on which a balance of $100,000 is owed, is attached as Exhibit B.

DATED: October 13, 2008       MUSICK, PEELER & GARRETT LLP

By: _____
Richard S. Conn
Attorneys for Creditor Niscayah, Inc.

Local Counsel:

Silverberg Stonehill Goldsmith & Haber, P.C.

# EXHIBIT "A"

Lehman Brothers Barclays
Customer Aging Report
9.25.08

| Date | Num | Due Date | Project #'s | Memo | Description | Aging | PO# | Open Balance |
|---|---|---|---|---|---|---|---|---|
| 10/24/2007 | PEI28781 | 11/23/2007 | 7860104 | 12449 - 745 7th Avenue | Card Access equipment removed, 8th Fl | 337 | | $ 2,606.86 |
| 10/24/2007 | PEI28782 | 11/23/2007 | 7860104 | 12449 745 7th Avenue | Card Access equipment removed, 8th Fl | 337 | | $ 2,001.14 |
| 1/23/2008 | PA00008103 | 2/22/2008 | 7860104 | 12449 745 7th Avenue | 8th Floor Relocation | 246 | | $ 400.23 |
| 2/15/2008 | PA00008687 | 3/15/2008 | 7860003617 | 12639 7904 N Sam houston Pkwy W Houston, TX | Eagle Energy - Access Control/CCTV | 223 | | $ 4,999.03 |
| 3/27/2008 | PA00009681 | 4/26/2008 | 7860002936 | 12431 125 High St., Boston, MA | Final Invoice Base | 182 | | $ 1,482.23 |
| 3/27/2008 | PA00009642 | 4/26/2008 | 7860005354 | 12706 27 Commerce Dr. Cranford, NJ | Phase IIA - Mobilization | 182 | | $ 4,278.12 |
| 5/23/2008 | PA00011001 | 6/23/2008 | 7860005354 | 12706 27 Commerce Dr. Cranford, NJ | Phase IIA - two door add | 125 | | $ 12,834.34 |
| 5/23/2008 | PA00010992 | 6/23/2008 | 7860006474 | 12752 3000 Sand Hill Rd Menlo Park, Ca | Access Control & Analog Camera | 125 | | $ 7,637.61 |
| 6/5/2008 | PA00011203 | 7/4/2008 | 7860003397 | 12615 745 7th Avenue | 39th Foor Access Control & CCTV-Hedge Fund | 112 | | $ 1,132.31 |
| 6/19/2008 | PA00011423 | 7/19/2008 | 7860014 | 11793-5 40 Corporate Pl, So. Piscataway, NJ | Access Control & CCTV | 98 | | $ 321,000.00 |
| 6/27/2008 | PA00011750 | 7/27/2008 | 7860006589 | 12730 3414 Peachtree Rd, Atlanta, GA | IBD Suite Door and Camera add | 90 | 66773 | $ 3,904.11 |
| 7/10/2008 | PA00012012 | 8/10/2008 | 7860007435 | 12714-6 45 Broadway | 20th Floor - Access Control & CCTV | 77 | | $ 5,186.15 |
| 7/22/2008 | PA00012156 | 8/22/2008 | 7860006823 | 12224 555 California Strett San Francisco, CA | 30th Floor Cage Door Access Control | 65 | 63960 | $ 2,514.11 |
| 7/22/2008 | PA00012158 | 8/22/2008 | 7860104 | 12449 745 7th Avenue | 8th Floor Door Relocation | 65 | | $ 266.82 |
| 7/22/2008 | PA00012148 | 8/22/2008 | 7860007435 | 12714 45 Broadway, NYC | 20th Floor - Access Control & CCTV | 65 | | $ 10,371.59 |
| 7/22/2008 | PA00012147 | 8/22/2008 | 7860007400 | 12742 Sao Paulo, Brazil | Door Release button/cable | 65 | | $ 2,936.11 |
| 7/25/2008 | PA00012447 | 8/24/2008 | 7860007725 | 78682620062 MGM Tower | 24th & 25th Floors Card readers & CCTV | 62 | | $ 9,922.53 |
| 8/6/2008 | PA00012517 | 9/6/2008 | 7860005605 | 12714-6 45 Broadway | 20th Floor - Access Control & CCTV | 50 | | $ 3,112.10 |
| 8/6/2008 | PA00012516 | 9/6/2008 | 7860006823 | 78682620065 745 7th Avenue | 21st Floor Access Control & CCTV | 50 | | $ 3,465.40 |
| 8/6/2008 | PA00012521 | 9/6/2008 | 7860007844 | 78682620066 Buenos Aires Office | 8th Floor Access Control & CCTV | 50 | | $ 1,469.50 |
| 8/12/2008 | PA00012621 | 9/12/2008 | 7860007975 | 78682620070 745 7th Avenue | 21st Floor Compliance, Access Control | 44 | | $ 397.95 |
| 8/14/2008 | PA00012650 | 9/14/2008 | 7860014 | 11793 40 Corporate Pl So, Piscataway, NJ | CO9, CO10, C11 | 42 | | $ 17,916.08 |
| 8/22/2008 | PA00012861 | 9/22/2008 | 7860007435 | 12714-6 45 Broadway | 20th Floor - Access Control & CCTV | 34 | | $ 2,074.73 |
| 8/22/2008 | PA00012858 | 9/22/2008 | 7860007725 | 78682620062 MGM Tower | 24th & 25th Floors Card readers & CCTV | 34 | | $ 19,845.08 |
| 8/22/2008 | PA00012855 | 9/22/2008 | 7860007891 | 78682620065 745 7th Avenue | 21st Floor Compliance, Access Control | 34 | | $ 9,906.31 |
| 8/22/2008 | PA00012857 | 9/22/2008 | 7860007844 | 78682620066 Buenos Aires Office | 8th Floor Access Control & CCTV | 34 | | $ 3,530.84 |
| 8/28/2008 | SV0023842 | 9/28/2008 | 40791 | Service Call | Replaced Reader | 28 | | $ 298.03 |
| 9/8/2008 | PA00013139 | 10/8/2008 | 7860003553 | 12572-1 Sao Paolo, Brazil | Access Control IBD Area Door | 17 | | $ 1,193.16 |
| 9/12/2008 | PA00013233 | 10/12/2008 | 7860007725 | 78682620062 MGM Tower | 24th & 25th Floors Card readers & CCTV | 13 | | $ 5,953.52 |
| 9/12/2008 | PA00013235 | 10/12/2008 | 7860007891 | 78682620065 745 7th Avenue | 21st Floor Compliance, Access Control | 13 | | $ 1,500.97 |
| 9/12/2008 | PA00013234 | 10/12/2008 | 7860007975 | 78682620070 745 7th Avenue | 21st Floor Compliance Door Release | 13 | | $ 397.95 |
| 9/18/2008 | SC0004571 | 10/18/2008 | Svc Contract #17789 | Various Location | Preventative Maintenance September | 2 | | $ 27,093.75 |
| | | | | | Total | | | $ 491,628.66 |

Lehman Brothers
Customer Aging Report
9.25.08

| Date | Num | Due Date | Project #'s | Memo | Description | Aging | PO# | Open Balance |
|---|---|---|---|---|---|---|---|---|
| 3/28/2007 | PEI26783 | 4/27/2008 | N/A | 11909 Tampa, FL | Access Install CO#2 | 547 | | $ 1,131.01 |
| 12/11/2007 | PA00007249 | 1/10/2008 | 7860091 | 12421 2617 Scottsbluff, NE | IT Door Access Control | 289 | | $ 3,548.57 |
| 1/23/2008 | PA00008107 | 2/23/2008 | 7860116 | 12476 Indianapolis, IN | Access Control & CCTV (Remaining Bal.) | 246 | | $ 2,055.68 |
| 1/23/2008 | PA00008113 | 2/22/2008 | 7860004116 | 12553 2617 College Drive Scottsbluff, NE | Command Center Door | 246 | | $ 7,873.89 |
| 1/25/2008 | PA00008388 | 2/24/2008 | 7860003633 | 12618 605 Third Avenue | Relocate Lock to New Storage Room | 244 | 55514 | $ 2,342.66 |
| 6/5/2008 | PA00011205 | 7/4/2008 | 7860095 | 12427 101 Hudson Street | Change Order #1 DR4208 reader replacement | 112 | | $ 752.39 |
| 6/5/2008 | PA00011204 | 8/4/2008 | 7860100 | 12430 101 Hudson Street | 11th Floor Access Control & CCTV | 112 | | $ 4,982.36 |
| 6/27/2008 | PA00011700 | 7/27/2008 | 7860007106 | 12682 399 Park Avenue | CO1 Access Control & CCTV 4th Fl. | 90 | | $ 2,103.36 |
| 7/18/2008 | PA00012069 | 8/18/2008 | 7860007529 | 12682 399 Park Avenue | CO2 Access Control & CCTV | 69 | | $ 2,141.76 |
| 7/22/2008 | PA00012157 | 8/22/2008 | 7860005605 | 12682 399 Park Avenue | 4th Floor - Access Control & CCTV | 65 | 66520 | $ 9,880.28 |
| 7/22/2008 | PA00012150 | 8/22/2008 | 7860007106 | 12682 399 Park Avenue | CO1 Access Control & CCTV 4th Fl. | 65 | | $ 2,103.35 |
| 7/22/2008 | PA00012155 | 8/22/2008 | 7860006756 | 12765 Mexico City | Access Control & CCTV | 65 | | $ 779.69 |
| 7/22/2008 | PA00012149 | 8/22/2008 | 7860007529 | 12682 399 Park Avenue | CO2 Access Control & CCTV | 65 | | $ 2,141.76 |
| 8/6/2008 | PA00012520 | 9/6/2008 | 7860005605 | 12682-3 399 Park Ave. | 4th Floor - Access Control & CCTV | 50 | | $ 6,581.85 |
| 8/6/2008 | PA00012519 | 9/6/2008 | 7860006756 | 12765 Mexico City | Additional Access Control, CCTV & Door Contact | 50 | | $ 519.79 |
| 8/20/2008 | PA00012719 | 9/20/2008 | 7860008118 | 78682620071 399 Park Avenue | 9th Floor Access Control & CCTV | 36 | | $ 1,414.81 |
| 8/28/2008 | PA00013093 | 9/28/2008 | 7860008266 | 78682620074 399 Park Ave | 9th Floor Additional Panel LAN Room | 28 | | $ 1,440.43 |
| 9/8/2008 | PA00013145 | 10/8/2008 | 7860008266 | 78682620074 399 Park Ave | 9th Floor Additional Panel LAN Room | 17 | | $ 4,321.26 |
| 9/8/2008 | PA00013142 | 10/8/2008 | 7860008118 | 78682620071 399 Park Avenue | 9th Floor Access Control & CCTV | 17 | | $ 4,235.63 |
| 9/12/2008 | PA00013231 | 10/12/2008 | 7860002 | 10910 605 Third Ave. | Artwork Alarm | 13 | | $ 5,810.92 |
| 9/24/2008 | SV0024923 | 10/24/2008 | Svc 40950 | 40950 1271 Avenue of the Americas | Mortise Lock Relplacement | 1 | | $ 636.90 |
| | | | | | Total | | | $ 66,798.35 |

EXHIBIT "B"

# Purchase Order

**Lehman Brothers - Americas**
70 Hudson Street
Jersey City NJ 07302
United States

Vendor: 0000041207
PEI SYSTEMS INC
10-09 49TH Avenue
LONG ISLAND CITY NY 11101

Dispatch via E-Mail

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| LBUSA-0000061561 | Apr-01-2008 | | 1 |

| Payment Terms | Freight Terms | Ship Via |
|---|---|---|
| Net 30 | Destination, PPD | Common |

| Buyer | Phone | Currency |
|---|---|---|
| Holmes, Mary | 1 201 499 6468 | USD |

Ship To: 74SXXVBLDG  Attn: Madans, Jeffrey
745 Seventh Avenue
New York NY 10019
United States

Bill To: P.O. Box 2339
Secaucus NJ 07096
United States

Tax Exempt? N    Tax Exempt ID:          Replenishment Option: Standard

| Line-Sch | Item/Description | Mfg ID | Quantity UOM | PO Price | Extended Amt | Due Date |
|---|---|---|---|---|---|---|
| 1-1 | Annual Americas Maintenance Agreement for corporate security access control & video systems. | | 1.00 EA | 899,862.99 | 899,862.99 | Apr-15-2008 |

Schedule Total         899,862.99

Annual Americas Maintenance Agreement for corporate security access control & video systems.
billing is on a monthly basis..

Item Total         899,862.99

Total PO Amount         899,862.99

Signature not required on emailed POs

# Purchase Order

**Lehman Brothers - Americas**
70 Hudson Street
Jersey City NJ 07302
United States

Dispatch via E-Mail

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| LBUSA-0000061487 | Apr-01-2008 | | 1 |

| Payment Terms | Freight Terms | Ship Via |
|---|---|---|
| Net 30 | Destination, PPD | Common |

| Buyer | Phone | Currency |
|---|---|---|
| Holmes, Mary | 1 201 499 6468 | USD |

**Vendor:** 0000041207
PEI SYSTEMS INC
10-09 49TH Avenue
LONG ISLAND CITY NY 11101

**Ship To:** 39PXXVBLDG  Attn: Hash,Steven
399 Park Avenue
New York NY 10022
United States

**Bill To:** P.O. Box 2339
Secaucus NJ 07096
United States

Tax Exempt? N    Tax Exempt ID:        Replenishment Option: Standard

| Line-Sch | Item/Description | Mfg ID | Quantity UOM | PO Price | Extended Amt | Due Date |
|---|---|---|---|---|---|---|
| 1- 1 | 399/15 Art Alarm System | | 1.00 EA | 9,816.99 | 9,816.99 | Apr-15-2008 |

Schedule Total     9,816.99

Item Total     9,816.99

TSR - 1015588

Total PO Amount     9,816.99

PURCHASE ORDER TERMS AND CONDITIONS
ACCEPTANCE; TERM; TERMINATION -- These terms and conditions (the "T&Cs") constitute Customer's acceptance of Supplier's offer (the "Offer," together with the T&Cs, the "Order") to sell and/or license products and/or services, as applicable, to the Customer identified in this Order. Customer's acceptance of this Order is expressly subject to the terms and conditions contained herein, unless otherwise expressly agreed to in a writing signed by Customer pursuant to the Section titled "Miscellaneous" below. If ongoing services are to be provided pursuant to this Order, the term of such services shall be one year unless otherwise specified in the T&Cs or in a writing signed by the parties. Customer may renew services under the same T&Cs at any time by providing written notice to Supplier for subsequent one-year terms unless Supplier provides notice of non-renewal to Customer no later than sixty days prior to the end of the then-current term. If neither party gives notice of renewal or non-renewal, upon the expiration of the term, this Order shall continue month-to-month under these T&Cs.

FEES -- Invoices shall be sent to Customer's address set forth in this Order. Undisputed invoices shall be payable within sixty (60) days of receipt. Supplier shall not invoice any products or services provided hereunder at a price higher than that shown on this Order, which price includes all applicable federal, state and local taxes. If the price is omitted on the Order, the price will be the lowest prevailing market price for such products or services. Customer shall not be responsible for any charges for delivery, installation, transportation or packaging. Supplier will not be entitled to reimbursement from Customer for any expenses it incurs in connection with fulfilling this Order.

DELIVERY AND ACCEPTANCE; RISK OF LOSS; CUSTOMER'S PROPERTY -- Title and risk of loss shall remain with Supplier until products purchased under this Order have been delivered to Customer at the location specified in the Order and have been accepted by Customer. If Supplier does not comply with Customer's delivery schedule, Customer may either approve a revised schedule or terminate the Order without liability. Upon delivery, Customer may inspect all products and services purchased hereunder to determine if they meet all applicable requirements, and are otherwise in good condition, suitable for their intended business use. IF, IN THE REASONABLE JUDGMENT OF CUSTOMER, THE PRODUCTS OR SERVICES ARE UNSATISFACTORY, CUSTOMER MAY REJECT SUCH PRODUCTS OR SERVICES. Customer shall return rejected products to Supplier at Supplier's expense. Except for Software licensed to Customer hereunder, all products and services provided to Customer under this Order shall be and remain the personal property of Customer. Any developed works or other intellectual property or materials created by Supplier under this Order shall be owned exclusively by Customer.

SOFTWARE -- This Section will apply to the extent that this Order includes Software (embedded or stand-alone). Unless otherwise specified in the T&Cs or in another applicable agreement between the parties, Supplier grants to Customer a worldwide, perpetual, royalty-free license to use, display and perform the Software identified in this Order in the ordinary course of Customer's business operations and for its own business purposes, including, but not limited to, processing its own information and that of its affiliates and clients as part of its business. Use includes use by or on behalf of Customer or Customer's affiliates, and use by third parties under contract to provide

Signature not required on emailed POs

## Purchase Order

**Lehman Brothers - Americas**
70 Hudson Street
Jersey City NJ 07302
United States

Vendor: 0000041207
PEI SYSTEMS INC
10-09 49TH Avenue
LONG ISLAND CITY NY 11101

**Dispatch via E-Mail**

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| LBUSA-0000061487 | Apr-01-2008 | | 2 |
| Payment Terms | Freight Terms | | Ship Via |
| Net 30 | Destination, PPD | | Common |
| Buyer | Phone | | Currency |
| Holmes, Mary | 1 201 499 6468 | | USD |

Ship To:   39PXXVBLDG   Attn: Hash, Steven
399 Park Avenue
New York NY 10022
United States

Bill To:   P.O. Box 2339
Secaucus NJ 07096
United States

**Tax Exempt?** N   **Tax Exempt ID:**   **Replenishment Option:** Standard

| Line-Sch | Item/Description | Mfg ID | Quantity UOM | PO Price | Extended Amt | Due Date |
|---|---|---|---|---|---|---|

services to Customer or its affiliates, on any number of PCs and in any number of instances, subject
to the restrictions set forth herein. If applicable, Use also includes the right of Customer to
freely use and distribute, internally within Customer, among Customer's affiliates, and with
Customer's clients, data produced by the Software, including data in any proprietary formats used by
the Software. Customer may make a reasonable number of copies of the Software solely for backup,
training, archiving, testing and disaster recovery. "Software" means the software programs listed in
this Order and any upgrades, updates, enhancements, modifications, alterations, improvements,
revisions, releases, and new versions. Customer may transfer the Software from one hardware platform
or operating system to another (or both) for which the Software is or becomes generally available, at
no additional charge. Customer will not modify, reverse assemble, or reverse compile any part of the
Software, except as permitted by applicable law. Customer may make copies of and incorporate any
documentation for the Software in other works prepared for Customer's business, so long as all
intellectual property notices of Supplier are included as they appear on or in the documentation.

COMPLIANCE WITH LAWS -- In connection with the products provided and/or services performed hereunder,
Supplier shall at Supplier's sole cost, comply with, and shall require all Suppliers, subcontractors
and/or consultants retained by Supplier to comply with (i) all requirements of applicable laws,
orders, rules and regulations of governmental authorities, and (ii) all policies, rules and
regulations of Customer (including, without limitation, Customer's policies regarding security and
testing for controlled substances) and of the building in which the products are provided and/or the
services are to be performed. Supplier shall not file any mechanic's or materialman's lien or claim
against Customer's property nor against the buildings in which the products are provided and/or the
services are performed, nor shall Supplier suffer or permit any such lien to be filed by any of its
subcontractors and/or consultants.

CONFIDENTIALITY -- Supplier shall preserve as confidential all information related to the business
activities of Customer and its affiliates, clients, and entities with whom Customer does business
that may be obtained by Supplier from any source (such information, together with the existence and
terms of this Order, constituting the "Confidential Information"). Supplier shall hold Confidential
Information in trust and confidence for Customer and shall not disclose Confidential Information to
any person, firm or enterprise, or use any Confidential Information for its own benefit or the
benefit of any other party, unless specifically authorized by Customer in writing, and to limit
access and disclosure of such Confidential Information to Supplier's personnel on a "need to know"
basis only. Confidential Information does not include any particular information that the Supplier
can demonstrate (i) is currently in the public domain, (ii) was previously known to Supplier free
from any obligation to keep it confidential, (iii) was or is publicly disclosed by or on behalf of
the Customer either prior to or subsequent to the receipt of such information by Supplier, (iv) is
independently developed by the Supplier without any access to or use of Confidential Information of
Customer, or (v) is rightfully obtained by Supplier from a third party lawfully in possession of the
Confidential Information and who is not bound by confidentiality obligations to Customer. Supplier
may disclose Confidential Information of Customer if required to do so under applicable law, rule or
order provided that Supplier, where reasonably practicable and to the extent legally permissible,
provides Customer with prior written notice of the required disclosure so that Customer may seek a
protective order or other appropriate remedy, and provided further that Supplier discloses no more
Confidential Information of the Customer than is reasonably necessary in order to respond to the
required disclosure. At any time at the request and option of the Customer and in the event of
termination or expiration of the Order (or any part thereof), Supplier agrees to promptly: (i)
return to Customer the Confidential Information; or (ii) destroy or permanently erase (on all forms
of recordation) the Confidential Information and, if requested by Customer, acknowledge in writing
that all such Confidential Information has been destroyed or permanently erased. In addition,
Supplier acknowledges and agrees that any disclosure of Confidential Information will in no way be
construed to be an assignment, transfer, or conveyance of title to or ownership rights in such
Confidential Information.

WARRANTY -- Supplier warrants that all products sold under this Order are free from defects in
material, workmanship and design, and that all services provided under this Order shall be performed
in a high-quality, professional and workmanlike manner by qualified personnel.

**Signature not required on emailed POs**

# Purchase Order

**Lehman Brothers - Americas**
70 Hudson Street
Jersey City NJ 07302
United States

    Vendor:  0000041207
    PEI SYSTEMS INC
    10-09 49TH Avenue
    LONG ISLAND CITY NY 11101

**Dispatch via E-Mail**

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| LBUSA-0000061487 | Apr-01-2008 | | 3 |

| Payment Terms | Freight Terms | Ship Via |
|---|---|---|
| Net 30 | Destination, PPD | Common |

| Buyer | Phone | Currency |
|---|---|---|
| Holmes,Mary | 1 201 499 6468 | USD |

Ship To:  39PXXVBLDG  Attn:  Hash,Steven
399 Park Avenue
New York NY 10022
United States

Bill To:  P.O. Box 2339
Secaucus NJ 07096
United States

Tax Exempt? N   Tax Exempt ID:    Replenishment Option: Standard

| Line-Sch | Item/Description | Mfg ID | Quantity UOM | PO Price | Extended Amt | Due Date |
|---|---|---|---|---|---|---|

PUBLICITY -- Supplier will not use the name or marks of, refer to, or identify Customer (or any related entity) in publicity releases, interviews, promotional or marketing materials, public announcements, customer listings, testimonials or advertising without the prior written consent of Customer in each such instance.

INSURANCE -- Supplier at its sole cost and expense, shall maintain with insurance companies having a Best's rating of A or better, (i) comprehensive general liability insurance in an amount not less than $2,000,000 and (ii) automobile liability insurance in an amount not less than $1,000,000 and (iii) worker's compensation insurance as required by law. Such policies shall include an endorsement naming Customer and any other entities designated by the Customer as additional insureds and shall include a waiver by the insurance carrier of any subrogation rights. Within ten (10) days after the date hereof., Supplier shall deliver to Customer binders or certificates of insurance showing that each policy of insurance which Supplier is required to maintain hereunder is in full force and effect and that the premium therefore has been paid in full and providing that such policies may not be canceled, supplemented, amended or modified before the expiration date thereof without issuing company giving at least thirty (30) days prior written notice to Customer.

INDEMNIFICATION -- Supplier shall, at its own expense, indemnify, defend and hold harmless Customer, Customer's parent, subsidiaries and affiliates and any additional indemnified parties that may be designated by Customer, together with the respective partners, agents, officers, directors and employees of all of the foregoing, from and against any loss, cost, expense, claim, injury or damage (including, without limitation, reasonable attorneys' fees and expenses), whether incurred due to third party claims or otherwise, arising or resulting from or caused by (i) any act or omission or willful misconduct of Supplier or any consultant, engineer or other party retained by Supplier or any of its or their partners, directors, officers, employees, agents or subcontractors; (ii) any breach or default by Supplier in the performance of any of its obligations under this Order, or (iii) any claim that any product and/or services furnished by or on behalf of Supplier, or the use thereof by Customer, constitutes an infringement, misappropriation or unlawful use or disclosure of any intellectual property rights of a third party.

LIMITATION OF LIABILITY -- IN NO EVENT WILL EITHER PARTY BE LIABLE TO THE OTHER PARTY FOR LOST PROFITS OR LOST REVENUE, OR FOR ANY INDIRECT, INCIDENTAL, SPECIAL, PUNITIVE, EXEMPLARY OR CONSEQUENTIAL DAMAGES ARISING OUT OF OR IN CONNECTION WITH THIS ORDER; PROVIDED, HOWEVER, THAT THE FOREGOING LIMITATION OF LIABILITY WILL NOT APPLY TO ANY OF THE FOLLOWING: (A) SUPPLIER'S INDEMNIFICATION OBLIGATIONS HEREUNDER; (B) SUPPLIER'S BREACH OF ITS CONFIDENTIALITY OBLIGATIONS UNDER THIS ORDER; OR (C) ANY UNLAWFUL OR WILLFUL MISCONDUCT BY SUPPLIER.

RECORD RETENTION AND INSPECTION -- During the term of this Order and for a period of at least three (3) years after the date of the final payment under this Order, Supplier will maintain complete and accurate accounting records in connection with products provided and Services performed under this Order, in accordance with generally accepted accounting principles applied on a consistent basis, to substantiate its charges hereunder. Such records will include, without limitation, payroll records, attendance cards, time tracking sheets and job summaries. Supplier will provide Customer or its designees access to such records for audit purposes during the term of this Order and for three (3) years after the date of the final payment under this Order.

BREACH/REMEDIES -- In the event of any breach of this Order by Supplier, Customer may (reserving cumulatively all other remedies and rights under this Order, at law and in equity) terminate this Order, in whole or in part, by giving Supplier thirty (30) days' prior written notice of termination thereof; provided, however, that such termination will not be effective if Supplier has cured the breach of which it has been notified prior to the expiration of such thirty (30) day notice period. Additionally, Customer may terminate this Order for convenience by giving Supplier written notice specifying the termination date. In such event, Customer will be obliged to pay Supplier at the agreed upon rates for all products and services accepted by Customer up to the effective date of termination, subject to a refund of any unearned, prepaid fees, but will not be liable for any other termination-related charges.

**Signature not required on emailed POs**

# Purchase Order

**Lehman Brothers - Americas**
70 Hudson Street
Jersey City NJ 07302
United States

Dispatch via E-Mail

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| LBUSA-0000061487 | Apr-01-2008 | | 4 |

| Payment Terms | Freight Terms | | Ship Via |
|---|---|---|---|
| Net 30 | Destination, PPD | | Common |

| Buyer | Phone | Currency |
|---|---|---|
| Holmes,Mary | 1 201 499 6468 | USD |

Vendor: 0000041207
PEI SYSTEMS INC
10-09 49TH Avenue
LONG ISLAND CITY NY 11101

Ship To: 39PXXVBLDG   Attn:   Hash,Steven
399 Park Avenue
New York NY 10022
United States

Bill To: P.O. Box 2339
Secaucus NJ 07096
United States

Tax Exempt? N    Tax Exempt ID:        Replenishment Option: Standard

| Line-Sch | Item/Description | Mfg ID | Quantity UOM | PO Price | Extended Amt | Due Date |
|---|---|---|---|---|---|---|

MISCELLANEOUS -- Except to the extent the parties have entered into an agreement covering the products and/or services provided hereunder (in which case such other agreement's terms shall apply), (a) this Order constitutes the entire agreement between the Customer and the Supplier and voids all prior agreements concerning the subject matter hereof; and (b) no modification, amendment, supplement to, or waiver of this Order or any of its provisions shall be binding upon the parties unless made in a writing duly signed by both parties, and specifically referencing these T&Cs, and stating that such modification, amendment, or supplement is made to modify, amend or supplement these T&Cs.  No amendment or modification to these T&Cs may be executed via electronic signatures unless the parties first agree in a writing that is not an electronic communication to be bound by electronic signatures.  Any purchase order printed on a form provided by Supplier may be used for convenience only, but these T&Cs shall solely control the terms of this Order, and any such terms contained on any form(s) received from Supplier shall be of no force and effect.  Failure or delay on the part of Customer to exercise any right hereunder shall not operate as a waiver thereof.  Any services performed by Supplier will be performed as an independent contractor, and Supplier will be solely responsible for any applicable payroll or income taxes.  This Order shall be governed under the laws of the State of New York, excluding its conflicts of laws rules.  If any term, provision or part of these T&Cs is to any extent held invalid, void or unenforceable by a court of competent jurisdiction, the remainder of these T&Cs will not be impaired or affected thereby, and each term, provision and part will continue in full force and effect, and will be valid and enforceable to the fullest extent permitted by law.  Supplier may not assign this Order or delegate any of its responsibilities hereunder without the prior written consent of the Customer, and any such purported assignment or delegation shall be null and void.  Customer may freely assign this order to any affiliate, or to any entity acquiring all or substantially all of its assets or which is a successor by merger to Customer, or to any party acquiring that portion of Customer's business to which the products and/or services purchased or licensed under this Order pertain.  Any provision of this Order that contemplates performance or observance subsequent to termination or expiration of the Order (including confidentiality, limitation of liability, indemnification provisions and perpetual licenses) will survive termination or expiration of this Order and continue in full force and effect thereafter.

Signature not required on emailed POs

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is One Wilshire Boulevard, Suite 2000, Los Angeles, California 90017-3383.

On October 13, 2008, I served the foregoing document(s) described as **CREDITOR NISCAYAH, INC.'S OBJECTION TO CURE AMOUNT SPECIFIED FOR CLOSING DATE CONTRACT WITH PEI SYSTEMS INC.** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**See Attached List**

☒ **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FEDERAL EXPRESS.** I caused such envelope to the deposited at the Federal Express office at Los Angeles, California for guaranteed one/two day delivery with delivery charges prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for delivery by Federal Express delivery service. Under that practice, it would be deposited with the delivery service on that same day with delivery charges thereon fully prepaid at Los Angeles, California in the ordinary course of business for delivery to the addressee.

Executed on October 13, 2008, at Los Angeles, California.

☐ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Kathleen Slevcove

610000.1

## SERVICE LIST

| | |
|---|---|
| Lori R. Fife<br>Shai Y. Waisman<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119 | Attorneys for Lehman Brothers Holdings, Inc.<br>and LB745 LLC |
| Jeffery S. Margolin<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004 | Attorneys for SIPC Trustee |
| Lindsee P. Granfield<br>Lisa M. Schweitzer<br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York NY 10006 | Attorneys for Purchaser |

610000.1