Hearing Date: To Be Determined
Objection Deadline: October 13, 2008 at 4:00 p.m.

Michael S. Etkin, Esq. (ME 0570)
Timothy R. Wheeler, Esq. (TW 3466)
**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)
         -and-
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2480 (Telephone)
(973) 597-2841 (Facsimile)

*Attorneys for Spiral Binding Company, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al*., | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**OBJECTION TO CURE AMOUNTS AND RESERVATION OF RIGHTS**

Spiral Binding Company, Inc. ("Spiral", or the "Objector"), by and through its undersigned counsel, hereby submits this objection and reservation of rights (the "Objection") to the Notice of Assumption and Assignment of, and Amounts Necessary to Cure Defaults under Contracts and Leases to be Assumed and Assigned to Successful Purchaser, dated September 18, 2008 (the "Notice") filed by the above-captioned debtors (the "Debtors"), and Notice of Revisions to Schedules of Certain Contracts and Leases to be Assumed and Assigned to Purchaser dated October 1, 2008 (the "Revised Notice") filed by Barclays Capital Inc. (the "Purchaser") to the extent the Notice and Revised Notice relate to proposed cure amounts under the contract between the Debtors and Spiral (the "Cure Amounts"), and respectfully states as follows:

22303/1
10/13/2008 10010415.3

**PRELIMINARY STATEMENT**[1]

While Spiral has no objection to the assumption and assignment of the Agreement to the Purchaser, Spiral objects to the proposed Cure Amounts on the grounds that they are incorrectly calculated, do not include an amount sufficient to cure all defaults, do not compensate Spiral for any actual pecuniary loss resulting from such defaults, and fail to provide Spiral with assurance of future performance under the Agreement.

**BACKGROUND**

1. On September 15, 2008, and September 27, 2008, respectively (the "Petition Dates"), Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("LB 745" and, collectively with LBHI, the "Debtors") filed petitions for relief under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the Debtors filed a motion seeking, *inter alia*, an order (the "Sale Order") approving a sale (the "Sale") of certain assets related to Lehman Brothers, Inc. ("LBI") to the Purchaser, which assets included contracts to be assumed and assigned at the closing of the Sale (the "Closing Date Contracts").

3. On September 18, 2008, the Debtors filed the Notice with this Court, which stated that the Debtors would disclose their lists of Closing Date Contracts, along with proposed cure amounts (the "Lists"), to their creditors by posting the Lists on the Internet at http://chapter11.epiqsystems.com/lehman (the "Website"). The Lists are categorized as IT Contracts, Non-IT Contracts and Real Estate Contracts.

---

[1] Capitalized terms used but not defined in the Preliminary Statement shall have the meanings ascribed to such terms in the body of this Objection.

4. Included on the Non-IT Contracts List is a certain contract stated as being with Spiral with a cure total of $385,000.

5. According to the Website, the Lists are subject to amendment up until the Closing Date of the sale. The Purchaser then has sixty (60) days from the Closing Date to determine which additional contracts will be assumed.

6. On September 19, 2008, this Court entered the Sale Order, approving the assumption and assignment of the Closing Date Contracts. Pursuant to the Notice, Counterparties were originally given until October 3, 2008, to object to the proposed cure amounts to their respective contracts.

7. Also on September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to LBI. A trustee appointed under SIPA is administering LBI's estate.

8. On October 1, 2008, the Purchaser filed the Notice of Revisions, which indicates that the Purchaser has determined, based upon its review of relevant information, that the schedules of Closing Date Contracts as listed on the Website on September 18, 2008 should be revised in certain respects. Exhibit A to the Notice of Revisions ("Exhibit A") lists the counterparties to the subject Closing Date Contracts, including Spiral. Counterparties listed on Exhibit A are referred to the website for the updated schedules of Closing Date Contracts with proposed cure amounts (the "Revised Lists").

9. As further set forth in the Notice of Revisions, the objection deadline for counterparties included on Exhibit A (and only those on Exhibit A) has been extended from October 3, 2008 at 4:00 p.m. (New York City time) to October 13, 2008 at 4:00 p.m. (New York City time) (the "Revised Schedules Objection Deadline"). As previously noted, Spiral is included on Exhibit A. Accordingly, this Objection is subject to the Revised Schedules Objection Deadline.

-3-

10. Included among the contracts on the Revised Lists is the Agreement with Spiral reflecting the original cure total of $385,000 and a revised cure total of $62,639.73. Spiral disputes both the original proposed cure total and the revised proposed cure total. As more fully set forth below, neither reflect the actual amount necessary to be paid to Spiral to cure existing defaults so as to enable the Debtors to assume and assign the Agreement to the Purchaser.

## ARGUMENT

11. Under 11 U.S.C. §§ 365(b)(1) and (f)(2), a debtor-in-possession which seeks to assume and assign an executory contract must (i) cure, or provide adequate assurance that it will promptly cure, any defaults in the executory contract, (ii) compensate the counterparty to the executory contract for any actual pecuniary loss to such party resulting from such defaults, and (iii) provide adequate assurance of future performance under such contract.

12. Spiral acknowledges that the Court has already approved the assumption and assignment of certain contracts and leases as requested by the Debtors. However, Spiral objects to the Cure Amounts proposed by the Debtors (and Barclays).

13. On or about March 6, 2007, Spiral entered into a master sales agreement (the "Agreement") with LBI, under which LBI agreed to purchase from Spiral, and Spiral agreed to sell to LBI, various custom imprinted products (the "Custom Products") as required by LBI during the term of the Agreement.[2] A copy of the Agreement is attached hereto as Exhibit 1. Exhibits A and B to the Agreement include descriptions of some of the Custom Products created by Spiral, which, under the Agreement, were imprinted and temporarily warehoused by Spiral until such time as LBI requested delivery of such Custom Products in specific amounts.

---

[2] The initial term expires at midnight, three years from the effective date of the Agreement, or March 7, 2010, with the option for LBI to extend for an additional year unless earlier terminated in accordance with the terms of the Agreement. If not extended or terminated upon expiration, the Agreement continues on a month-to-month basis under the same terms and conditions. The Agreement states that LBI has the right to terminate upon ninety (90) days' prior written notice to Spiral at any time during the initial term or any renewal term. *See* Agreement, ¶ 4.

-4-

Thereafter, Spiral would ship the requested Custom Products to LBI and invoice LBI for the shipped Custom Products.

14. The Agreement provides that upon the occurrence of a default (which is not disputed):

> (a) Lehman shall pay to VENDOR the full balance due of all non-disputed outstanding invoices for Products shipped to Lehman; (b) the Storage Agreement shall also terminate; (c) Lehman shall pay VENDOR for custom Contract Products, raw materials for custom Contract Products where such materials cannot practically be used in the manufacture of Vendor's standard line of products, and custom work in progress for custom Contract Products; and (d) VENDOR shall deliver to Lehman all such custom Contract Products, raw materials for custom Contract Products, and work in progress for custom Contract Products. The remedies in this Section and the remedies stated in the Storage Agreement shall be in addition to all other remedies available under applicable law.

Agreement, ¶ 15.

15. Accordingly, under the Agreement, the aggregate outstanding obligation of LBI to Spiral is due, and is comprised of two amounts: (1) the outstanding accounts receivable due from products already shipped to LBI; and (2) the cost of the Custom Products stored in Spiral's warehouse including raw materials and work in progress (the "Inventory").

16. As of the Petition Date, LBI had outstanding invoices due under the Agreement in the aggregate net amount of $74,729.08. A copy of a statement summarizing the outstanding invoices due under the Agreement is attached hereto as Exhibit 2.

17. As of the Petition Date, Spiral maintained Inventory with an aggregate cost, including applicable sales tax, of $321,557.23. Copies of an invoice for the Inventory and an itemized list of the Inventory are attached hereto as Exhibit 3.

18. As previously set forth, Spiral objects to the proposed Cure Amounts included in the Lists and Revised Lists. Based upon Spiral's books and records, and as

evidenced by Exhibits 2 and 3 hereto, the correct aggregate cure amount due is $396,286.31.[3]

19. Spiral reserves all of its rights to supplement and amend the Objection as additional information may become available. To the extent charges continue to accrue and/or other losses are sustained, including, but not limited to returned checks, with respect to the assumed and assigned contracts, Spiral further reserves its rights to amend and supplement this Objection to the proposed cure amounts in accordance therewith.

20. Pursuant to the Procedures (defined, *infra*, at ¶ 22), Spiral will await contact by the Purchaser to discuss a resolution of the Objection.

## **CONTACT INFORMATION**

21. For purposes of resolving this Objection, Spiral requests that parties contact the following person:

> Michael S. Etkin, Esq.
> Lowenstein Sandler PC
> 1251 Avenue of the Americas - 18th Floor
> New York, NY  10020
> Tel.: 212.262.6700
> Fax: 212.262.7402
> metkin@lowenstein.com

## **NOTICE**

22. No trustee or examiner has been appointed in these cases. In accordance with the Procedures for Resolving Cure Amounts for Closing Date Contracts, dated September 22, 2008 (the "Procedures"), notice of this Objection has been provided to: (i) counsel to the Debtors; (ii) counsel to the Securities Investors Protection Corporation Trustee; (iii) counsel to the Purchaser; and (iv) counsel to the Creditors' Committee.

[Signature page to follow.]

---

[3] Based upon communications with representatives of LBI, Spiral believes that LBI does not dispute the amount asserted by Spiral as the correct cure amount.

## **CONCLUSION**

23. For the reasons set forth herein, Spiral respectfully (i) objects to the proposed Cure Amounts set forth in the Notice, Revised Notice, Lists and Revised Lists, (ii) requests that this Court order payment of $396,286.31 to Spiral to cure defaults under the Agreement; and (iii) requests that this Court grant such other and further relief as the Court may deem just and proper.

Dated: October 13, 2008                    **LOWENSTEIN SANDLER PC**

                                                              By: /s/ *Michael S. Etkin*
                                                                  Michael S. Etkin, Esq. (ME 0570)
                                                                  1251 Avenue of the Americas - 18th Floor
                                                                  New York, NY 10020
                                                                  Tel.: 212.262.6700
                                                                  Fax: 212.262.7402
                                                                     -and-
                                                                  65 Livingston Avenue
                                                                  Roseland NJ 07068
                                                                  Tel.: 973.597.2400
                                                                  Fax: 973.597.2500

                                               *Attorneys for Spiral Binding Company, Inc.*