STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, New York 10022
Telephone: 212-319-8500
Facsimile: 212-319-8505
Chester B. Salomon
Constantine D. Pourakis
Email:  cs@stevenslee.com
        cp@stevenslee.com
*Attorneys for 1301 Properties Owner, LP
c/o Paramount Group, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., | Case No. 08-13555 (JMP) |
| Debtor. | |

### SUPPLEMENTAL OBJECTION AND RESERVATION OF RIGHTS OF 1301 PROPERTIES OWNER, LP TO DEBTOR'S PROPOSED AMOUNTS NECESSARY TO CURE DEFAULTS UNDER LEASE

1301 Properties Owner, LP, c/o Paramount Group, Inc. ("1301 Properties"), a creditor and counter-party to a non-residential real property lease, as amended (the "Lease") with the above-captioned debtor and debtor-in-possession (the "Debtor"), and landlord to additional space subleased and sub-subleased to the Debtor, by and through its undersigned counsel, hereby submits its Supplemental Objection to the Debtor's motion to assume and assign executory contracts and proposed amounts necessary to cure defaults under the Lease (the "Cure Amount").[1] In support of its Supplemental Objection, 1301 Properties respectfully alleges as follows:

---

[1] Except as modified by this Supplemental Objection, 1301 Properties incorporates all arguments set forth in its September 19, 2008 Limited Objection and Reservation of Rights to Debtor's sale motion (Docket # 171) as if set forth at length herein.

SL1 869328v1/104011.00001

**Preliminary Statement**

1. On or about December 16, 2004, the Debtor and 1301 Properties, L.L.C., the predecessor-in-interest to 1301 Properties, entered into the Lease pursuant to which the Debtor, as tenant, agreed to lease the entire second, third, fourth and fifth floors, and portions of the sixth floor, eleventh floor, the Concourse and Sub-Concourse, of the building known as 1301 Avenue of the Americas, New York, New York. The Debtor has assumed and is assigning the Lease to Barclays Capital Inc. ("Barclays").

2. The Debtor is also a party to the following subleases and sub-subleases in the same building: (a) sub-sublease agreement with Huron Consulting Group, LLC, dated May 17, 2006, for a portion of the sixth floor (Suite 600); (b) sub-sublease agreement with Deutsche Bank AG, dated March 24, 2006, for the entire eighth floor; (c) sub-sublease agreement with Deutsche Bank AG, dated April 28, 2006, for the entire ninth floor; (d) sublease agreement with Wasserstein Perella Group Holdings LLC, dated July 26, 2006, for the entire twelfth floor; and (e) sublease agreement with PricewaterhouseCoopers LLP, dated March 30, 2007, for the entire seventh floor (collectively, the "Subleases"). Upon information and belief, the Debtor is assuming and assigning all of the Subleases to Barclays.

3. The Debtor's original Cure Amount, dated September 18, 2008 and posted on its website, listed $2,047,686.99 due 1301 Properties under the Lease.

4. On or about October 1, 2008, the Debtor revised the Cure Amount, reducing the amount from $2,047,686.99 to $1,068,500.66.[2] Debtor's revised Cure Amount notice also erroneously changed the notification address for 1301 Properties. The correct notification address is 1301 Properties Owner L.P., c/o Paramount Group, Inc., 1633 Broadway, Suite 1801, New York NY 10019.

---

[2] The Debtor also reduced the cure amounts owing to the various sublandlords and sub-sublandlords, including PricewaterhouseCoopers LLP's sublease for the seventh floor.

2

## Objection To Cure Amount

### I. The Proposed Cure Amount Does Not Accurately Reflect the Cure Amount Actually Due and Payable to 1301 Properties Under the Lease and Subleases

*A. The Lease Cure Amount Is Incorrect*

5. 1301 Properties objects to the Cure Amount listed by the Debtor concerning the Lease. The Cure Amount due and payable by the Debtor is at least $1,360,630.41, in addition to attorneys fees due and payable under the Lease. Attached hereto as <u>Exhibit A</u> is a preliminary breakdown of the Rent, Additional Rent, unpaid mechanic's liens, accruing but unbilled charges, and other charges (overtime, freight elevator use etc.) due and payable from the Debtor, subject to revision.

*B. The Debtor Owes 1301 Properties Payments Under the Subleases*

6. Other than the Debtor's sublease with Wasserstein Perella Group Holdings LLC ("WPGH"), the Landlord's consents to the various Subleases all contain the following provision:

> Primary Tenant hereby authorizes (and Landlord hereby permits) [Debtor], as agent for Primary Tenant, to obtain services and materials for or related to the [Sublease], and Primary Tenant agrees to pay for such services and materials as additional rent under the Primary Lease upon written demand from Landlord. However, as a convenience ... Landlord may bill [Debtor] directly for such services and materials, or any portion thereof, in which event [Debtor] shall pay for the services and materials so billed upon written demand, provided that such billing shall not relieve Primary Tenant from its primary obligations to pay for such services and materials nor shall it be deemed to mean or interpreted to mean the existence of any privity of contract between Primary Tenant or Landlord and [Debtor], the parties agreeing that such privity does not exist.

An example of this provision is annexed hereto as <u>Exhibit B</u>.

7. As 1301 Properties purchased the building on August 12, 2008, it is continuing to familiarize itself with charges accruing during the tenure of the prior owner. 1301 Properties

3

continues to examine its files and seeks information from the prior owner to determine whether written demands for direct payment by the Debtor have been made, and if so, whether Debtor failed to pay the amounts due. 1301 Properties reserves its right to seek reimbursement of such payments from Debtor should any such payments be discovered, and add them to the total Cure Amount set forth herein.

8. The WPGH Sublease differs radically from the other Subleases, in that the Debtor is <u>directly</u> responsible to pay <u>directly</u> to 1301 Properties, as additional rent under the Lease, charges for services and materials furnished, <u>and</u> electricity, concerning the subleased twelfth floor, pursuant to the terms and conditions of the Lease. WPGH is released from any and all liability for such charges. Annexed as <u>Exhibit C</u> are the relevant provisions from the Landlord's consent to the WPGH sublease and the WPGH sublease providing for same. It is unclear whether the Debtor's Cure Amount includes charges for services and materials rendered to the Debtor for its use and occupancy on the twelfth floor. Nevertheless, 1301 Properties has included said amounts in <u>Exhibit A</u>.

    *C. Barclays Is Responsible For All Accrued Amounts That Will Become Due And Payable After The Closing*

9. It was unclear in the Debtor's sale motion whether the Debtor's payment of the Cure Amount would shield Barclays from being required to pay additional amounts that may become due and payable under the Lease and Subleases in the future, for charges and additional rent liabilities that may have accrued prior to the closing of the sale. Such charges include periodic payments of operating costs, insurance payments, real estate taxes and the like, all of which are normally determined by an annual reconciliation conducted after the end of each calendar year.

10. This concern was raised at the September 19, 2008 sale hearing, to which Barclays' counsel represented to the Court "when [Barclays] assume[s] the contract, even if

4

SL1 869328v1/104011.00001

accrued amounts aren't due yet but then the due date comes up, that's going to be for our account. So that's pretty much the comfort I can give at this time." Tr. at 231:8-11 (annexed hereto as <u>Exhibit D</u>). This representation is consistent with case law. *See In re Jillian's Entertainment Holdings*, 372 B.R. 342, 349 (Bankr. W.D. Ky. 2007) (finding deferred rent to constitute a debt becoming due after the sale closing and falling under the category of Assumed Liabilities as defined in debtor's asset purchase agreement, and holding purchaser responsible for payment of deferred rent).

11. Based on Barclays' counsel's representation to the Court, 1301 Properties requests that any order determining the Cure Amount include language that requires Barclays to be responsible for any and all obligations and liabilities of the Debtor under the Lease (and Subleases as applicable) that have accrued pursuant to and in accordance with the terms of the Lease and/or Subleases prior to the closing of the asset sale, provided that (a) Debtor is actually responsible for such amounts and obligations in accordance with the terms of the Lease and/or Sublease; (b) such amounts are unpaid and/or such obligations are unperformed; and (c) Debtor does not waive any right it may have under the Lease and/or Sublease, to dispute the validity or accuracy of such amounts.

12. 1301 Properties also asks that the order determining Cure Amount provide that "cure amounts" are exclusive of the obligations described in the preceding paragraph and consist only of those amounts currently outstanding under the Lease and/or Sublease which were due and payable prior to the closing of the sale to Barclays.

### D. The Cure Amount Must Include 1301 Properties' Attorneys' Fees

13. Section 26.02 of the Lease entitles 1301 Properties to attorneys' fees incurred to "enforce any covenant, term of condition" of the Lease by the Debtor (relevant Lease provisions are annexed hereto as <u>Exhibit E</u>). The Debtor's failure to timely pay any item of Rent

when due or the commencement of a bankruptcy proceeding constitutes an event of default under the Lease. Lease §§ 18.01(a) and 18.01(b)(i) (*see* Exhibit E).

14. The Debtor has failed to timely pay its September 2008 Rent and Additional Rent. As such, any attorneys' fees incurred by 1301 Properties in this case to protect its rights as a landlord under the Lease, and in reviewing and consenting to the assumption and assignment of the Lease to Barclays, should be added to the Cure Amount. *See Travelers Casualty and Surety Co. of Am. v. Pacific Gas & Elec. Co.*, 549 U.S. 443 (2007) (allowing payment of attorney's fees by debtor where contractually permitted); *In re Ribs of Greenwich Village, Inc.*, 57 B.R. 319, 321-22 (Bankr. S.D.N.Y. 1986) (holding landlord entitled to recover attorney's fees associated with debtor's assignment of lease); *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 757 (Bankr. SD.N.Y. 1986) (holding debtor required to pay landlord reasonable attorney's fees pursuant to lease before assuming lease). Prior to a hearing to determine the Cure Amount, 1301 Properties will provide the Debtor billing statements setting forth attorney's fees owed.

## RESERVATION OF RIGHTS

15. 1301 Properties reserves its right to amend, modify or supplement this Supplemental Objection in response to, or as a result of any investigation and/or discovery being conducted in connection with the Cure Amount. 1301 Properties also reserves the right to adopt any other objections to Cure Amount filed by any other party.

WHEREFORE, based on the foregoing, 1301 Properties respectfully requests that this Court enter an Order (a) setting the Cure Amount as at least $1,360,630.41, plus attorneys fees, (b) providing that Barclays is liable for all additional amounts that may become owing under the Lease in the future, for liabilities that may relate to pre-petition or pre-assignment periods, as set forth more fully at paragraphs 11 and 12 herein, and (c) granting such other and further relief as this Court deems just and proper.

SL1 869328v1/104011.00001

Dated: New York, New York
      October 13, 2008

STEVENS & LEE, P.C.

By: /s/ Chester B. Salomon
    Chester B. Salomon
    Constantine D. Pourakis
    485 Madison Avenue, 20th Floor
    New York, New York 10022
    Telephone: 212-319-8500
    Facsimile: 212-319-8505
    Email: cs@stevenslee.com
          cp@stevenslee.com

Attorneys for 1301 Properties Owner, LP
c/o Paramount Group, Inc.

SL1 869328v1/104011.00001