# **EXHIBIT B**

## LANDLORD CONSENT TO SUB-SUBLEASE

This **LANDLORD CONSENT TO SUB-SUBLEASE** ("Consent") is entered into as of June 1△, 2006, by and among **1301 PROPERTIES OWNER, L.L.C.**, a Delaware limited liability company, ("Landlord"), **PricewaterhouseCoopers LLP, a Delaware limited liability partnership** ("Primary Tenant"), **HURON CONSULTING GROUP LLC, a Delaware limited liability company** ("Sublandlord II"), and **LEHMAN BROTHERS HOLDINGS INC., a Delaware corporation** ("Subtenant II").

### RECITALS:

A. Landlord (formerly known as 1301 Properties, L.L.C., a Delaware limited liability company as successor in interest to Tishman Speyer Trammell Crow Limited Partnership, a Delaware limited partnership), as landlord, and Primary Tenant (as successor in interest to Coopers and Lybrand, a New York partnership), as tenant, are parties to that certain lease agreement dated December 22, 1989, which lease has been previously amended by that certain First Amendment of Lease and Agreement (the "First Amendment") dated July 17, 1990, by that certain Second Amendment of Lease and Agreement dated January 28, 1993, by that certain License Agreement dated January 1, 1995, by that certain Third Amendment dated July 19, 2001, by that certain Fourth Amendment dated December 16, 2004, and by that certain Fifth Amendment dated March 10, 2005 (collectively, the "Primary Lease" and as amended by various other letter agreements). Pursuant to the Primary Lease, Landlord has leased to Primary Tenant certain premises containing approximately **217,352** rentable square feet (the "Primary Premises") consisting of (i) 29,552 rentable square feet described as Suite No. 600 on the 6th floor; (ii) 62,600 rentable square feet described as Suite No. 700 on the 7th floor; (iii) 62,600 rentable square feet described as Suite No. 800 on the 8th floor; and (iv) 62,600 rentable square feet described as Suite No. 900 on the 9th floor of the building commonly known as 1301 Avenue of the Americas located at 1301 Avenue of the Americas, New York, New York (the "Building").

B. Pursuant to the terms of that certain Landlord Consent to Sublease dated August 14, 2003 (the "Original Consent"), Landlord granted its consent to that certain sublease agreement dated August 5, 2003, (the "Original Sublease"), made by and between Primary Tenant, as sublandlord, and Sublandlord II, as subtenant, for certain premises described as follows: approximately 29,552 rentable square feet described as Suite No. 600 on the 6th floor of the Building (the "Sublet Premises"), comprising a portion of the Primary Premises.

C. Sublandlord II, as sublandlord, and Subtenant II, as subtenant, have entered into (or are about to enter into) that certain sublease agreement dated May 10, 2006, attached hereto as **Exhibit A** (the "6th Floor Sub-Sublease Agreement") pursuant to which Sublandlord II has agreed to sublease to Subtenant II the Sublet Premises (the "6th Floor Sub-Sublet Premises").

D. Primary Tenant, Sublandlord II and Subtenant II have requested Landlord's consent to the 6th Floor Sub-Sublease Agreement.

*C:\Documents and Settings\kobrien.LEH\Local Settings\Temporary Internet Files\OLK1898\PWC (Huron-Lehman-6th fl)SubSub1 doc*
*6/28/2006 8 13 AM*
*Matter ID Number 25588*

*1*

5.  **Administrative Fee.** Subtenant II shall pay to Landlord an administrative fee of $2,500.00 in consideration for Landlord's review of the 6th Floor Sub-Sublease Agreement and the preparation and delivery of this Consent.

6.  **No Transfer.** Subtenant II shall not further sublease the 6th Floor Sub-Sublet Premises, assign its interest under the 6th Floor Sub-Sublease Agreement or otherwise transfer its interest in the 6th Floor Sub-Sublet Premises or the 6th Floor Sub-Sublease Agreement to any person or entity without the written consent of Landlord to the extent required under Article 12 of the Primary Lease (and written consent of Primary Tenant to the extent required under the Original Sublease), provided, however that with respect to any further assignment of the 6th Floor Sub-Sublease Agreement or sub-sub-subletting of the 6th Floor Sub-Sublet Premises by Subtenant II's assignee or sub-sub-sublessee, Primary Tenant and Sublandlord II, may withhold their consent in their sole discretion.

7.  **Primary Lease and Original Sublease; No Release Estoppel.** The parties agree that the 6th Floor Sub-Sublease Agreement is subject and subordinate to the terms of the Primary Lease and Original Sublease. Except as expressly provided in this Consent, the parties hereto acknowledge and agree that this Consent shall not modify in any way their respective rights and obligations under the Primary Lease, Original Sublease, Original Consent, or 6th Floor Sub-Sublease Agreement, and this Consent shall in no manner be deemed to release or relieve such parties from any of their respective obligations under such documents. In accordance with the foregoing, any construction or alterations performed in or to the 6th Floor Sub-Sublet Premises shall be the responsibility of Primary Tenant and shall be performed only with Landlord's prior written approval to the extent required under the Primary Lease and Primary Tenant's prior written approval to the extent required under the Original Sublease. The parties hereby represent that to their knowledge (without having made any specific inquiry) there is no default of Landlord, Primary Tenant or Sublandlord II under the Primary Lease or Original Sublease and that such documents are in full force and effect.

    Sublandlord II shall be responsible for the collection of all rent due it from Subtenant II and for the performance of all the other terms and conditions of the 6th Floor Sub-Sublease Agreement, it being understood that Landlord is not a party to the Original Sublease or 6th Floor Sub-Sublease Agreement and, notwithstanding anything to the contrary contained in the Original Sublease or 6th Floor Sub-Sublease Agreement (but subject to Section 9 hereof), is not bound by any terms, provisions, representations or warranties contained in the Original Sublease or 6th Floor Sub-Sublease Agreement and is not obligated to Primary Tenant, Sublandlord II or Subtenant II for any of the duties and obligations contained therein.

8.  **Parking and Services.**

    a.  The parties hereto acknowledge that there are no parking rights granted to Subtenant II pursuant to the 6th Floor Sub-Sublease Agreement.

    b.  Primary Tenant hereby authorizes (and Landlord hereby permits) Sublandlord II, as agent for Primary Tenant, to obtain services and materials for or related to the Sublet Premises pursuant to the Primary Lease, and Primary Tenant agrees to

C:\Documents and Settings\kobrien LEH\Local Settings\Temporary Internet Files\OLK1898\PWC (Huron-Lehman-6th fl)SubSub1 doc
6/28/2006 8 13 AM
Matter ID Number 25588

3

pay for such services and materials as additional rent under the Primary Lease upon written demand from Landlord in accordance with the terms thereof, and Sublandlord II acknowledges and agrees that it shall be liable to Primary Tenant therefor as provided in the Original Sublease, in accordance with the terms thereof. However, as a convenience to Primary Tenant and Sublandlord II, Landlord may bill Sublandlord II directly for such services and materials, or any portion thereof, in which event Sublandlord II shall pay for the services and materials so billed upon written demand, provided that such billing shall not relieve Primary Tenant from its primary obligation to pay for such services and materials, nor shall it be deemed to mean or interpreted to mean the existence of any privity of contract between Landlord and Subtenant II, the parties agreeing that such privity does not exist.

c.  Primary Tenant hereby authorizes (and Landlord hereby permits) Subtenant II, as agent for Primary Tenant, to obtain services and materials for or related to the 6th Floor Sub-Sublet Premises, and Primary Tenant agrees to pay for such services and materials as additional rent under the Primary Lease upon written demand from Landlord. However, as a convenience to Primary Tenant, Sublandlord II, and Subtenant II, Landlord may bill Subtenant II directly for such services and materials, or any portion thereof, in which event Subtenant II shall pay for the services and materials so billed upon written demand, provided that such billing shall not relieve Primary Tenant from its primary obligation to pay for such services and materials nor shall it be deemed to mean or interpreted to mean the existence of any privity of contract between Primary Tenant or Landlord and Subtenant II, the parties agreeing that such privity does not exist.

9.  **Termination of Primary Lease and Attornment of Subtenant II.** If the Primary Lease and Primary Tenant's right to possession of the Primary Premises shall terminate or be terminated by Landlord for any reason prior to the expiration of the 6th Floor Sub-Sublease Agreement, Subtenant II shall attorn to Landlord, and Landlord shall recognize Subtenant II as its direct tenant, upon the then executory terms and conditions of the 6th Floor Sub-Sublease Agreement for the remainder of the term of the 6th Floor Sub-Sublease Agreement. In the event of any such attornment and recognition, the 6th Floor Sub-Sublease Agreement shall not be terminated and shall continue in full force and effect and Subtenant II's right under the 6th Floor Sub-Sublease Agreement shall not be disturbed, and Landlord will not be (a) liable for any rent paid by Subtenant II to Sublandlord II more than one month in advance, or any security deposit paid by Subtenant II to Sublandlord II, unless same has been transferred to Landlord; (b) liable for any act or omission of Sublandlord II under the 6th Floor Sub-Sublease Agreement, Original Sublease or any other agreement between Primary Tenant and Sublandlord II or for any default of Primary Tenant under any such documents which occurred prior to the effective date of the attornment, except with respect to continuing obligations to the extent the same continue from and after the date of attornment; (c) subject to any defenses or offsets that Subtenant II may have against Sublandlord II which arose prior to the effective date of the attornment, except with respect to continuing obligations to the extent the same continue from and after the date of attornment; (d) bound by any changes or modifications made to the 6th Floor Sub-Sublease Agreement without the written consent of Landlord except as expressly contemplated by the 6th Floor Sub-Sublease Agreement; (e) obligated in any manner with respect to the transfer, delivery, use or condition of any

C \Documents und Settings\kobrien.LEH\Local Settings\Temporary Internet Files\OLK1898\PWC (Huron-Lehman-6th fl)SubSub1 doc
6/28/2006 8 13 AM
Matter ID Number  25588

4