## EXHIBIT D

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 08-13555

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


LEHMAN BROTHERS HOLDINGS, INC., et al.


       Debtors.


- - - - - - - - - - - - - - - - - - -x


             United States Bankruptcy Court

             One Bowling Green

             New York, New York


             September 19, 2008

             4:36 PM


B E F O R E:

HON. JAMES M. PECK

U.S. BANKRUPTCY JUDGE

230

1    believes that the global services agreement must be assumed and

2    assigned together with any schedule that Barclay is purchasing.

3    That's because they're interrelated and we think that the

4    global services agreement provides the master terms and

5    conditions for the schedules.  It actually got intertwined with

6    the schedules.  So we respectfully request either that the

7    parties agree to that proposition on the record, namely that

8    the schedules can't be assumed without the global services

9    agreement also being assumed.  Or if we can't get that granular

10   at this point, simply confirmation of the issue can be tabled

11   for purposes of today's hearing, without prejudice to

12   Interactive's right to raise the issue post-closing.

13            THE COURT:  Is there anybody here in a position to

14   comment with regard to that statement?

15            MR. MILLER:  Not the debtors, Your Honor.

16            MS. GRANFIELD:  Lindsee Granfield, Cleary Gottlieb

17   Steen & Hamilton, LLP on behalf of Barclays Capital.  I think

18   we indicated to the Courtroom, when Your Honor was out of the

19   courtroom, that in working through the issues of the assumed

20   contracts, that we would seek to resolve those issues.  The

21   contracts that are the closing contracts, we are asking Your

22   Honor to find are assumed because with respect to many of them

23   they are needed to operate.  For instance, the Lehman space on

24   Seventh Avenue and the trading floors there, and other

25   infrastructure in many, many different places.  And therefore

231

1    not to have -- or to have some cloud would be a problem.

2         But having said that, in terms of trying to work out

3    with the counterparties to assume contracts, are there issues

4    about identification?  Is there an issue that -- what's the

5    full contract?  We obviously realize we have to live within the

6    bounds of 365 in terms of assuming a full contract, can't break

7    up the contract, have to pay the cure cost.  Plus, in terms of

8    any accrued amounts, when we assume the contract, even if

9    accrued amounts aren't due yet but then the due date comes up,

10   that's going to be for our account.  So that's pretty much the

11   comfort I can give at this time.

12        THE COURT:  You don't have to agree that's sufficient

13   but that's all you're getting.

14        MR. KADEN:  Pardon me, Your Honor.

15        THE COURT:  I said, you don't have to agree right now

16   that that's sufficient but I've heard what she said and I think

17   that's all you're getting in court this evening.  Is that

18   satisfactory?

19        MR. KADEN:  I guess it's not satisfactory to the

20   extent that these documents are -- the two agreements are

21   physically separate documents.  So, to the extent we're talking

22   about assuming all the benefits of one contract, if we can

23   agree that it's one contract, then of course we have no

24   objection.  But we just don't know whether the debtors or the

25   Barclays will have an issue that these are, in fact, separate