# **EXHIBIT E**

# 1301 Avenue of the Americas
## NEW YORK, NEW YORK

## OFFICE LEASE AGREEMENT

BETWEEN

**1301 PROPERTIES, L.L.C., a Delaware limited liability company**

("LANDLORD")

AND

**LEHMAN BROTHERS HOLDINGS INC., a Delaware corporation**

("TENANT")

notice of termination of this Lease which shall be effective 30 days after such notice of termination is delivered to Tenant, provided that, if the Premises shall not be substantially affected or rendered substantially unusable for general office use by reason of such Taking, Landlord may not terminate this Lease unless Landlord shall elect to terminate leases (including this Lease) affecting at least 75% of the remaining office space in the Building (expressly excluding any retail space and any rentable area leased by Landlord or its Affiliates). The terminating party shall provide written notice of termination to the other party within 45 days after it first receives notice of the Taking. The termination shall be effective on the date the physical Taking occurs. If this Lease is not terminated, Base Rent and Tenant's Pro Rata Share shall be appropriately adjusted to account for any reduction in the square footage of the Building or the Premises. All compensation awarded for a Taking shall be the property of Landlord. The right to receive compensation or proceeds are expressly waived by Tenant, however, Tenant may file a separate claim for Tenant's Property and Tenant's reasonable relocation expenses, provided the filing of such claim does not diminish the amount of Landlord's award. If only a part of the Premises is subject to a Taking and this Lease is not terminated, Landlord, with reasonable diligence, will restore the remaining portion of the Premises as nearly as practicable to the condition existing immediately prior to the Taking.

**18. Events of Default.**

    18.01    Each of the following events shall be a "**Default**" hereunder:

        (a)    if Tenant shall default in the payment when due of any item of Rent and any other sum due hereunder and such default shall continue for 10 days after notice of such default is given to Tenant; or

        (b)    (i)    if Tenant shall commence or institute any case, proceeding or other action (A) seeking relief on its behalf as debtor, or to adjudicate it a bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution, composition or other relief with respect to it or its debts under any existing or future law of any jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization or relief of debtors, or (B) seeking appointment of a receiver, trustee, custodian or other similar official for it or for all or any substantial part of its property; or

                (ii)    if Tenant shall make a general assignment for the benefit of creditors; or

                (iii)    if any case, proceeding or other action shall be commenced or instituted against Tenant (A) seeking to have an order for relief entered against it as debtor or to adjudicate it a bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution, composition or other relief with respect to it or its debts under any existing or future law of any jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization or relief of debtors, or (B) seeking appointment of a receiver, trustee, custodian or other similar official for it or for all or any substantial part of its property, which

**25. Surrender of Premises.**

25.01  At the termination of this Lease or Tenant's right of possession, Tenant shall remove (subject to the terms of Section 8 of this Lease) Tenant's Property from the Premises, and quit and surrender the Premises to Landlord, broom clean, and in good order, condition and repair, ordinary wear and tear and damage which Landlord is obligated to repair hereunder excepted. If Tenant fails to remove any of Tenant's Property within 2 days after termination of this Lease or Tenant's right to possession, Landlord, at Tenant's sole cost and expense, shall be entitled (but not obligated) to remove and store Tenant's Property. Landlord shall not be responsible for the value, preservation or safekeeping of Tenant's Property. Tenant shall pay Landlord, upon demand, the expenses and storage charges incurred. If Tenant fails to remove Tenant's Property from the Premises or storage, within 30 days after notice thereof, Landlord may deem all or any part of Tenant's Property to be abandoned and title to Tenant's Property shall vest in Landlord.

**26. Miscellaneous.**

26.01  This Lease shall be interpreted and enforced in accordance with the Laws of the state or commonwealth in which the Building is located and Landlord and Tenant hereby irrevocably consent to the jurisdiction and proper venue of such state or commonwealth. If any term or provision of this Lease shall to any extent be void or unenforceable, the remainder of this Lease shall not be affected. If there is more than one Tenant or if Tenant is comprised of more than one party or entity, the obligations imposed upon Tenant shall be joint and several obligations of all the parties and entities, and requests or demands from any one person or entity comprising Tenant shall be deemed to have been made by all such persons or entities. Notices to any one person or entity shall be deemed to have been given to all persons and entities. Tenant represents and warrants to Landlord that each individual executing this Lease on behalf of Tenant is authorized to do so on behalf of Tenant and that Tenant is not among the individuals or entities identified on any list compiled pursuant to Executive Order 13224 for the purpose of identifying suspected terrorists.

26.02  If either party institutes a suit against the other for violation of or to enforce any covenant, term or condition of this Lease, the prevailing party shall be entitled to all of its costs and expenses, including, without limitation, reasonable attorneys' fees. Landlord and Tenant hereby waive any right to trial by jury in any proceeding based upon a breach of this Lease. Either party's failure to declare a Default or Landlord's Default, as the case may be, immediately upon its occurrence, or delay in taking action for a Default or Landlord's Default, as the case may be, shall not constitute a waiver of the Default or Landlord's Default, as the case may be, nor shall it constitute an estoppel.

26.03  Whenever a period of time is prescribed for the taking of an action by Landlord or Tenant (other than the payment of Rent), the period of time for the performance of such action shall be extended, but subject to the provisions of Sections 1.03(D), 7.02, 9.02, 10.02 and 16.03(a) of this Lease, by the number of days that the performance is actually delayed due to strikes, acts of God, shortages of labor or materials, war, terrorist acts, civil disturbances and other causes beyond the reasonable control of the performing party, but the unavailability of funds shall not be deemed a cause beyond the reasonable control of either party for this purpose ("**Force Majeure**"). For purposes of this Lease, Force Majeure shall be deemed to exist only if Landlord or Tenant (as the case may be) promptly notifies the other party in writing