**Hearing Date: October 16, 2008, at 10:00 a.m. (Eastern Time)**

Dennis F. Dunne
Luc A. Despins
Wilbur F. Foster, Jr.
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000

-and-

Paul Aronzon
Gregory A. Bray
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone:  (213) 892-4000

Proposed Counsel for Official
Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
In re:                                                       :   Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :   08-13555 (JMP)
                                                             :
                         Debtors.                            :   (Jointly Administered)
                                                             :
------------------------------------------------------------ x

**LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO MOTIONS OF (I) THE HARBINGER FUNDS AND (II)
NEWPORT GLOBAL OPPORTUNITIES FUND LP, NEWPORT GLOBAL
CREDIT FUND (MASTER) L.P., PEP CREDIT INVESTOR L.P., AND
PROVIDENCE TMT SPECIAL SITUATIONS FUND L.P. FOR
LEAVE TO CONDUCT RULE 2004 DISCOVERY OF DEBTOR
LEHMAN BROTHERS HOLDINGS INC. AND OTHER ENTITIES**

The Official Committee of Unsecured Creditors (the "Committee") of

Lehman Brothers Holdings Inc. and certain of its affiliates (other than Lehman Brothers

Inc.) (collectively, the "Debtors") hereby objects on a limited basis (the "Limited

Objection") to (i) the Motion of Harbinger Capital Partners Special Situations Fund, L.P. and Harbinger Capital Partners Master Fund I, Ltd., f/k/a/ Harbert Distressed Investments Master Fund Ltd. (collectively, the "Harbinger Funds"), for Leave to Conduct Rule 2004 Discovery of Debtor Lehman Brothers Holdings, Inc, (the "Harbinger Motion"); and (ii) the Motion of Newport Global Opportunities Fund LP, Newport Global Credit Fund (Master) L.P., PEP Credit Investor L.P. and Providence TMT Special Situations Find L.P. (collectively, the "Newport Funds," and together with the Harbinger Funds, the "Funds") for Leave to Conduct Rule 2004 Discovery of Debtor Lehman Brothers Holdings Inc. and Other Entities (the "Newport Motion," and together with the Harbinger Motion, the "Motions")[1], and in support of this Limited Objection, respectfully represents as follows:

## BACKGROUND

1.  On September 15, 2008 and periodically thereafter, the Debtors commenced the Chapter 11 Cases. The Debtors have been authorized to operate their businesses and manage their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. On September 17, 2008, the United States Trustee for the Southern District of New York appointed the Committee. No trustee or examiner been appointed in the Chapter 11 Cases.

---

[1] Since the filing of the Motions, twelve other parties, namely Federal Home Loan Bank of Pittsburgh, Wells Fargo Bank, N.A. and Wells Fargo & Co., Fir Tree Value Master Fund, L.P. and Fir Tree Capital Opportunity Master Fund, L.P., Federal Home Loan Bank of Seattle, Airlie Opportunity Master Fund, Ltd., Global Thematic Opportunities Fund LP, Panton Master Fund, L.P., CFIP Master Fund, Ltd., Cura Fixed Income Arbitrage Master Fund, Ltd., and Turnberry Leveraged Credit Master Fund, L.P. (the "Joinder Parties") have filed joinders (Docket Nos. 691, 770, 782, 806, 822 and 823) (the "Joinders") in the relief requested in the Motion. The arguments advanced herein apply with equal validity to the Joinder Parties' requests to participate in this discovery.

2.       On September 26, 2008, the Harbinger Funds filed the Harbinger Motion seeking, *inter alia,* discovery in the form of (i) a deposition of LBHI; and (ii) document production concerning the movement of property by and between LBHI and its affiliates, including Lehman Brothers Special Financing, Inc. and Lehman Brothers International (Europe) ("LBIE") in the thirty (30) days prior to the Petition Date. On October 10, 2008, the Harbinger Funds filed a Supplement to the Harbinger Motion (Docket Number 816) purporting to limit the scope of documents sought in the Harbinger Motion.

3.       On September 29, 2008, the Newport Funds filed the Newport Motion seeking, *inter alia,* discovery in the form of (i) a deposition of LBHI regarding the transfer of various property held by or for LBIE; (ii) document production concerning such transfer; and (iii) document and deposition discovery from any third parties that received transfers from LBIE or the Debtors of certain property after July 15, 2008, in which the movants claim to have held an ownership or interest.[2]

**LIMITED OBJECTION**

4.       The Committee files this Limited Objection for the sole purpose of deferring and channeling through the Committee the discovery sought by the Funds in the Motions. The matters as to which the Funds seek Rule 2004 discovery – all of which relate to the financial condition of the Debtors – plainly warrant investigation. Such matters, however, just as plainly fall within the scope of the Committee's statutory mandate under section 1103(b)(2) of the Bankruptcy Code to "investigate the acts,

---

[2] By letters dated October 7, 2008 and October 9, 2008 (as reflected in the Supplement filed by Harbinger on October 10, 2008), respectively, the Funds purported to narrow the scope of the discovery sought in the Motions, but these more circumscribed requests do little to allay the concerns articulated by the Committee herein.

3

conduct, liabilities, and financial condition of debtor." The Committee's efforts to carry out this mandate are already underway. It should be permitted to complete its own investigation of these and related matters before the Debtors are burdened with duplicative discovery requests from a multitude of individual creditors.

5. Indeed, since its appointment on September 17, 2008, the Committee and its professionals, Milbank Tweed Hadley & McCloy LLP, Quinn, Emanuel, Urquhart, Oliver & Hedges LLP, Houlihan Lokey Howard & Zukin LLP, and FTI Consulting, Inc. have worked closely with the Debtors and their financial advisor, Alvarez & Marsal North America, LLC, to begin to address (among many others) the very issues raised by the Funds. While relatively simple and far from sinister explanations may ultimately emerge, the path to full and final answers is likely to be neither short nor uncomplicated.

6. The Lehman corporate family, as Debtors' counsel noted to the Court recently, may contain in excess of 4,000 legal entities. Its far-flung international operations were, as evidenced by the Cash Management Motion filed by the Debtors on October 3, 2008, funded using an equally expansive and complicated cash management system. In light of these circumstances, fully reconstructing pre-petition cash flows is a complex undertaking that is likely to take months, if not years.

7. The Committee is committed to seeing this process through to conclusion with the Debtors, and will dedicate all the resources available to it to ensure that any explanations ultimately proffered by the Debtors are fully-vetted and reliable. The Committee will also seek, as a general matter and in the context of the Cash Management Motion, to put in place controls intended to prevent "transfers of highly

4

liquid assets, such as cash and securities, outside the Courts control." (Harbinger Motion ¶ 22.)

8.      Granting the relief requested in the Motions will serve only to burden the Debtors with duplicative discovery requests at a time when they can ill afford such distractions and, thereby, indirectly impede the Committee's own investigation. The Debtors have been engaged in a triage process, prioritizing the use of their resources, seeking to sell wasting assets and stabilize others, while simultaneously attempting to preserve corporate data and undertaking the forensic efforts required to reconstruct prepetition cash flows. The Debtors' professionals have been working to address the Committee's requests on these and other issues. Adding the requests of the Funds (and the potential plethora of copy-cat parties presaged by the Joinder Parties) to this mix could complicate this undertaking to such a degree that the Funds' own avowed objective – full and frank disclosure as to the matters at issue – would be delayed and potentially compromised.[3]

9.      Rule 2004 – by its terms and as the Funds concede – grants the Court ample discretion in deciding whether the relief requested in the Motions should be granted. While the Court <u>may</u> grant the relief requested, it is not obligated to do so. In the present case, in circumstances where (i) the Debtors' time is more productively used conducting investigations for the benefit of all creditors, not just a handful of them; and (ii) the Committee is bound to, and will, investigate, the very matters that are the subject of the Motions, the Committee respectfully submits that discovery by individual

---

[3]  Such an outcome would also be unwarranted where, as it appears possible, certain of the Movants or Joinder Parties seek to use the requested discovery to assert claims that might result in the diversion of Debtor assets to non-Debtor entities. If such claims exist, the facts are what they are and can be proven up through discovery at some future date, not at this critical juncture in these Chapter 11 cases.

5

creditors, including the Funds, should be deferred and ultimately channeled through the Committee.

**WHEREFORE**, the Committee respectfully requests that the Court (i) sustain the Limited Objection to the Motions; (ii) deny the relief requested in the Motions; and (iii) grant the Committee such other relief as is just.

**Dated:** New York, New York
October 13, 2008

**MILBANK, TWEED, HADLEY & McCLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Luc A. Despins
Wilbur F. Foster, Jr.
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

and

Paul Aronzon
Gregory A. Bray
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000
Proposed Counsel for Official
Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.