STROOCK & STROOCK & LAVAN LLP  
Melvin A. Brosterman  
Harold A. Olsen  
180 Maiden Lane  
New York, New York 10038  
Telephone: (212) 806-5400  
Facsimile: (212) 806-6006  

Objection Deadline: October 13, 2008 at 4:00 p.m.

*Attorneys for Hess Corporation*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x

*In re* : Chapter 11

LEHMAN BROTHERS HOLDINGS INC., et al., : Case No. 08-13555 (JMP)

: (Jointly Administered)

Debtors. :

------------------------------------------------------------------------ x

**OBJECTION OF HESS CORPORATION TO CURE AMOUNTS AND OTHER INFORMATION INCLUDED ON THE DEBTORS' LIST OF CLOSING DATE CONTRACTS IN ACCORDANCE WITH THE ORDER UNDER 11 U.S.C. 105(A), 363, AND 365 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004 AND 6006 AUTHORIZING AND APPROVING (A) THE SALE OF PURCHASED ASSETS FREE AND CLEAR OF LIENS AND OTHER INTERESTS AND (B) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Hess Corporation ("Hess"), by and through its undersigned counsel, hereby files its objection (the "Objection") to cure amounts and other information included on the List of Contracts and Leases to be Assumed and Assigned to the Purchaser at Closing (Non-IT) (the "Contract List") in accordance with the Order Under 11 U.S.C. 105(a), 363, And 365 And Federal Rules Of Bankruptcy Procedure 2002, 6004 And 6006 Authorizing And Approving (A) The Sale of Purchased Assets Free And Clear Of Liens And Other Interests And (B) Assumption And Assignment Of Executory Contracts And Unexpired Leases (the "Order"). In support of the Objection, Hess respectfully represents as follows:

NY 71796171

**BACKGROUND**

1. On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On September 16, 2008, LB 745, LLC ("LB 745") filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in the Bankruptcy Court. On September 19, 2008, a petition was filed commencing a liquidation under the Securities Investor Protection Act (the "SIPA Proceeding") in respect of Lehman Brothers, Inc. ("LBI" and collectively with LBHI and LB 745, the "Debtors"), which SIPA proceeding was transferred to the Bankruptcy Court.

2. LBHI and LB 745 are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. On September 19, 2008, James W. Giddens was appointed trustee of LBI in the SIPA Proceeding.

3. Hess sells natural gas and electric power to the Debtors pursuant to certain contracts and/or agreements with the Debtors, which are summarized in Exhibit A to this Objection (the "Agreements"). The Agreements are "forward contracts" within the meaning of section 101(25) of the Bankruptcy Code, as they provide for the sale by Hess of electric power or natural gas, as applicable, on a forward basis, in each case for a term of one year or longer. Hess is a "forward contract merchant" within the meaning of section 101(26) of the Bankruptcy Code, as its business consists of entering into forward contracts as a merchant and with other merchants in commodities, including electric power and natural gas. Moreover, in the Agreements, the parties agreed that the transactions thereunder were "forward contracts" and that the parties were "forward contract merchants" as defined in the Bankruptcy Code. On September 15 and 16, 2008, Hess delivered termination notices regarding certain of the Agreements in accordance with

section 556 of the Bankruptcy Code, as summarized on <u>Exhibit A</u> to this Objection.  Copies of such notices are annexed hereto as <u>Exhibit B</u>.

4. On September 18, 2008, in connection with the motion ("Sale Motion") to approve the sale of assets to Barclay's Capital, Inc. ("Barclay's"), the Debtors filed a Notice of Assumption And Assignment Of, And Amounts Necessary To Cure Defaults Under Contracts And Leases To Be Assumed And Assigned To Successful Bidder (the "Initial Assumption Notice") [Docket No. 107].  The Initial Assumption Notice refers parties to various Lists and Contracts to be assumed and assigned to the Purchaser at Closing (the "Contract List") on the following website: http://chapter11.epiqsystems.com/lehman (the "Website").  The Contract List made reference to an unspecified Hess contract or contracts as follows:

| <u>Vendor Name</u> | <u>Type II</u> | <u>Notification Address</u> | <u>Notification City, State, Zip</u> | <u>Lehman Entity</u> | <u>Total Cure Amount</u> |
|---|---|---|---|---|---|
| HESS | | | | | $409,311.90 |

5. Pursuant to a Notice of Revisions to Schedules of Certain Contracts and Leases Assumed and Assigned to Purchaser, dated October 1, 2008 [Docket No. 504], the Purchaser (by reference to an amended Contract List posted on the Website) amended the proposed cure amount for the unspecified Hess contract to zero ($0.00).  The amended Contract List does not provide any additional information as to which Hess entity or which contract or contracts are subject of the assumption.

**OBJECTION**

6. Hess objects to the Debtors' description of the Hess contract or contracts to be assumed and assigned as being vague and unintelligible.  The amended Contract List provides no

3

NY 71796171

information as to: (i) which Hess entity is party to the contract, (ii) which Lehman Brothers entity is party to the contract, (iii) the identity or description of the contract, (iv) the location to which the contract relates, and (v) the basis for the proposed cure amount (including the amendment of such proposed cure amount to zero ($0.00)).  Upon information and belief Hess was never served with any pleadings relating to the proposed assumption and assignment.

7.   Hess objects to the assumption and assignment of its contracts and the proposed cure amounts because it has not received notice sufficient to respond to the Debtors' proposal. Indeed, based upon the filings by the Debtors and Barclay's, it is impossible to determine which contracts with which entities are the subject of assumption and assignment.  Moreover, as noted above, several of the Hess contracts with Lehman Brothers entities were terminated immediately upon the bankruptcy filings, so that there was no contract to assume or assign at the time the Debtors sought approval of the Sale Motion.

8.   To the extent the Debtors propose to assume and assign contracts that are not terminated, if any, section 365 of the Bankruptcy Code requires that, as a condition of a debtor's assumption of any executory contract, that it cure or promptly cure any monetary defaults under such contract and provide adequate assurance of future performance under such contract.  Once the Debtors actually identify the specific contract(s) at issue, they will have to meet this requirement, and provide Hess with an opportunity to respond.

## RESERVATION OF RIGHTS

9.   Hess reserves the right to assert a cure amount different than zero dollars once the contract is identified, and to make such other and further objections as may be appropriate. Hess further reserves the right to assert an administrative claim for any and all amounts owed by the Debtors for gas or electricity provided by Hess on or after the Petition Date.

WHEREFORE, Hess respectfully requests that the Court (i) order that the Agreements are terminated and not subject to assumption or assignment or (ii) to the extent the Court determines that any Agreement may be assumed and assigned, order that (a) the Debtors identify which Agreement is to be assumed and assigned, and set forth the proposed cure amount therefor, and (b) provide Hess with an opportunity to respond with its calculation of any cure amount, and (iii) grant such other and further relief as this Court deems just and proper under the circumstances.

Dated: October 13, 2008  
       New York, New York

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP

/s/ Melvin A. Brosterman  
Melvin A. Brosterman  
Harold A. Olsen  
180 Maiden Lane  
New York, New York 10038  
Telephone: (212) 806-5400  
Facsimile: (212) 806-6006

*Attorneys for Hess Corporation*

## EXHIBIT A

NY 71796171

| Location | Lehman Party | Gas or Electric | Account Number | Termination Date |
|---|---|---|---|---|
| 70 Hudson St. Jersey City, NJ | LBHI | Gas | 510066/510087 | 9/16/08 |
| 27 Commerce Drive Cranford, NJ | LBHI/LBI | Electric | 504587/504588 | 9/16/08 |
| 399 Park Ave. New York, NY | LBI | Gas | 510068/510089 | N/A |
| 085 Tenth Ave. New York, NY | LBHI/LBI | Electric | 440665/498953 | 9/16/08 |
| 745 Seventh Ave. New York, NY | LB 745 | Electric | 440665/440788 | 9/17/08 |
| 745 Seventh Ave. New York, NY | LBI | Gas | 510068/510090 | N/A |

NY 71796171

## EXHIBIT B

NY 71796171

# HESS CORPORATION
1 Hess Plaza
Woodbridge, NJ 08836
(732) 750-6000

September 16, 2008

**VIA FACSIMILE ( 646-885-9357 ) and CM-RRR**

Lehman Brothers Holdings, Inc.
745 Seventh Avenue
New York, NY 10019

Re:   **Notice of Event of Default and Early Termination Date Designation**

To whom it may concern:

We refer to the Base Agreement for the Purchase and Sale of Natural Gas (the "Gas Base Agreement") between Hess Corporation ("Hess") and Lehman Brothers Holdings, Inc. ("LB Holdings"), the Base Agreement for the Purchase and Sale of Electricity (the "Electricity Base Agreement," and together with the Gas Base Agreements, the "Base Agreements") and all Transactions (as such term is defined in the Base Agreements) outstanding between Hess and LB Holdings under the Base Agreement.

This letter serves as our notice that, effective today, an Event of Default has occurred with respect to LB Holdings pursuant to Section 11(iii) of the Gas Base Agreement and Section 11(v) of the Electricity Base Agreement, as a result of the September 15, 2008 filing by Lehman Brothers Holdings, Inc. of a Chapter 11 petition in bankruptcy (Petition # 08-13555-jmp, NY (Southern District - Manhattan)).  For purposes of the Base Agreements, this serves as notice of termination to occur on September 16, 2008, with service to be terminated on the dates set forth in attachment A. The Base Agreements provide in Section 22 for Gas and Section 24 for Electric that the Base Agreements constitute forward contracts and that the parties are forward contract merchants as defined in the Bankruptcy Code.  Accordingly, a safe harbor for termination is provided pursuant to Section 556 of the Bankruptcy Code, and as such, such action is exempt from the automatic stay requirements of Section 362.

For the avoidance of doubt, this early termination of the Base Agreements is separate from any responsibility that Hess may be alleged to have to deliver natural gas and/or electricity to the debtor as a result of any successful attempt by LB Holdings to designate Hess as a Utility pursuant to Section 366 of the United States Bankruptcy Code. While Hess, as a supplier and marketer of product, and not the registered utility, nor a

tariff provider of last resort, is not a Utility and will seek to be relieved of any responsibility thereunder, if filed, Hess will continue deliveries of product until the dates set forth on Attachment A hereto, as utility drop dates.

We will make calculations with respect to the valuation of the Transactions subject to the termination and will, as soon as reasonably practicable or allowable under applicable law, notify you of the amount calculated and the date on which the amount will be payable.

In addition, nothing in this confirmation of notice shall be deemed to constitute a waiver of any default or Event of Default not specified herein and Hess hereby reserves all other rights and remedies that it may have under the Base Agreements, any other agreement between Hess or any of its affiliates and LB Holdings or any of its affiliates, or under applicable law.

You are further advised that no verbal communication from or on behalf of Hess by any party shall constitute any agreement, commitment, or evidence of any assurance or intention of Hess with respect to the subject matter hereof. Any agreement, commitment, assurance, or intention of Hess shall be effective only if in writing and duly executed on behalf of Hess.

Very truly yours,

Hess Corporation

By: [signature]
Name: Jonathan C. Stein
Title: Vice President, Chief Risk Officer

cc: Harvey R. Miller, Esq., Weil, Gotshal & Manges, LLP
    (attorney for debtor – by CM-RRR, e-mail Harvey.miller@weil.com and facsimile
      (212) 310-8007)

Page 2 of 2

# Lehman Brothers Holdings Inc. Drop Dates

## Attachment A

| | Nat Gas | Electric | Electric |
|---|---|---|---|
| SAP Sold To: | 510066 | 504587 | 440665 |
| LDC Account # | 21-941-150-21-2917545 | 5147395105 | |
| LDC | PSE&G | PSEG | CONED |
| Service Address: | 70 Hudson St, Jersey City, NJ | 27 Commerce Dr, Cranford, NJ 07016 | 85 10th Ave, 7th Floor, New York, NY 10011 |
| Last Read Period: | 08/02 - 09/02/2008 | 08/01/08 through 08/31/08 | 08/08/08 through 09/09/08 |
| LDC RULES to drop | 15 days | 15 days | 15 days |
| to Drop in October- drop by | 09/17/2008 | 10/15/08 | 09/22/08 |

# HESS CORPORATION
1 Hess Plaza
Woodbridge, NJ 07095
(732) 750-6000

September 17, 2008

LB 745 LLC  
Michael Anderson  
745 7th Avenue, 12th Floor  
New York, NY 10019  
Tel: 212-526-4603  
Fax: 212-526-7280  

**VIA FACSIMILE AND CERTIFIED MAIL**

Re: **Notice of Event of Default and Early Termination Date Designation**

To whom it may concern:

We refer to the Base Agreement for the Purchase and Sale of Electricity dated as of June 7, 2006 (the "Master Agreement") between Hess Corporation ("HESS") and Rockefeller Group Development Corporation, A/F LB 745 LLC ("LB 745 LLC") and all Transactions (as such term is defined in the Master Agreement) outstanding between HESS and LB 745 LLC.

This letter serves as our notice that, effective today, an Event of Default has occurred with respect to LB 745 LLC pursuant to Section 11(iii) of the Master Agreement, as a result of the September 16, 2008 filing by LB 745 LLC of a Chapter 11 petition in bankruptcy. For purposes of the Master Agreement, this serves as notice of (1) termination to occur on September 17, 2008, with service to be terminated on the applicable utility drop date, and (2) withdrawal of our request for LB 745 LLC to provide credit assurances pursuant to the letter sent by Hess Corporation, dated September 16, 2008. The Master Agreement provides in Section 22 the Master Agreement constitutes forward contracts and that the parties are forward contract merchants as defined in the Bankruptcy Code. Accordingly, a safe harbor for termination is provided pursuant to Section 556 of the Bankruptcy Code, and as such, such action is exempt from the automatic stay requirements of Section 362.

For the avoidance of doubt, this early termination of the Master Agreement is separate from any responsibility that Hess may be alleged to have to deliver natural gas and/or electricity to the debtor as a result of any successful attempt by LB 745 LLC to designate Hess as a Utility pursuant to Section 366 of the United States Bankruptcy Code. While Hess, as a supplier and marketer of product, and not the registered utility, nor a tariff provider of last resort, is not a Utility and will seek to be relieved of any responsibility thereunder, if filed, Hess will continue deliveries of product until the utility drop dates.

We will make calculations with respect to the valuation of the Transactions subject to the termination and will, as soon as reasonably practicable or allowable under applicable law, notify you of the amount calculated and the date on which the amount will be payable.

In addition, nothing in this confirmation of notice shall be deemed to constitute a waiver of any default or Event of Default not specified herein and Hess hereby reserves all other rights and remedies that it may have under the Master Agreement, any other agreement between Hess or any of its affiliates and LB 745 LLC or any of its affiliates, or under applicable law.

You are further advised that no verbal communication from or on behalf of Hess by any party shall constitute any agreement, commitment, or evidence of any assurance or intention of Hess with respect to the subject matter hereof. Any agreement, commitment, assurance, or intention of Hess shall be effective only if in writing and duly executed on behalf of Hess.

Very truly yours,

Hess Corporation

EAC

By: _____
Name: John P. Rielly
Title: Senior Vice President, Chief Financial Officer

cc: Harvey R. Miller, Esq., Weil, Gotshal & Manges, LLP
(attorney for debtor – by CM-RRR, e-mail Harvey.miller@weil.com and facsimile
(212) 310-8007)