Objection Deadline: October 13, 2008 at 4:00 p.m.

SALANS
   Dan J. Schulman
   Lee P. Whidden
Rockefeller Center
620 Fifth Avenue
New York, NY  10020-2457
Tel:   (212) 632-5500
Fax:  (212) 632-5555

*Attorneys for Eze Castle Software LLC and*
   *Eze Castle Transaction Services LLC.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF EZE CASTLE SOFTWARE LLC AND EZE CASTLE TRANSACTION SERVICES LLC TO ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND PROPOSED CURE AMOUNTS**

Eze Castle Software LLC (successor to Eze Castle Software, Inc.) and Eze Castle Transaction Services LLC (successor to Eze Castle Transaction Services, Inc.) (collectively, "Eze Castle"), by and through undersigned counsel, respectfully submits their reservation of rights and limited objection (the "Limited Objection") to the Debtors' proposed assumption and assignment to the Purchaser of unspecified Eze Castle contracts (the "Proposed Barclays Contracts") as follows:

      1.    According to Eze Castle's books and records, Eze Castle is a party to a Connectivity Services Agreement, made as of March 1, 2005, by and between Eze Castle Transaction Services, Inc. and Lehman Brothers, Inc. ("LBI"), as amended by an Amendment to Connectivity Services Agreement, made as of October 1, 2006, by and

NewYork 1214219.3

between Eze Castle Transaction Services LLC and LBI, and an Amendment to Connectivity Services Agreement, made as of November 1, 2006, by and between Eze Castle Transaction Services LLC and LBI (collectively, the "CSA") and supplemented by certain Custom Work Orders made as of March 1, 2005, October 18, 2005, June 19, 2006, February 7, 2008 and June 23, 2008 by and between Eze Castle Software LLC or Eze Castle Transaction Services, Inc. and LBI (collectively, the "Custom Work Orders," and together with the CSA, the "Agreements"). The Agreements are attached hereto as Exhibit A.

2. Specifically, Eze Castle provided LBI with certain services related to Eze Castle's order management software system pursuant to the CSA, and provided LBI with custom software development services to create interfaces between Eze Castle's order management system and LBI's trading tools pursuant to the Custom Work Orders. Together, the services provided under the CSA and the Custom Work Orders comprise the LBI/Eze Castle relationship. Eze Castle would not have developed interfacing software for LBI pursuant to the Custom Work Orders without the existing CSA relationship. The Custom Work Orders rely upon and incorporate by reference the CSA.

3. Purchaser is required to pay to Eze Castle the cure amount associated with the Proposed Barclays Contracts, which represents fees incurred and unpaid through September 22, 2008 (the "Eze Castle Cure Amount"). Purchaser originally scheduled the Eze Castle Cure Amount as $578,379.83. On or about October 1, 2008, Debtor filed a revised schedule, changing the Eze Castle Cure Amount to $179,254.05.

4. Eze Castle notes that the revised proposed Eze Castle Cure Amount is close to the amount invoiced by Eze Castle through August 2008: Eze Castle's books and records indicate that, through August 2008, $179,945.25 was invoiced and remains unpaid. See invoices 30485, 30871, 31706, 31718 and 32032 attached hereto as Exhibit B. In addition, fees billed from the beginning of September through the assumption date, September 22, 2008, should be included in the Eze Castle Cure Amount. Annexed as Exhibit C are invoices 32121, 32134 and 32150 for fees incurred through September 22, 2008 in the ordinary course of business, which total $137,502.53.

5. Based on the review of its accounts receivables, books and records, Eze Castle believes that the amount of fees incurred and unpaid associated with the Proposed Barclays Contracts through September 22, 2008 is ($179,945.25 + $137,502.53) = $317, 447.78, and that the Eze Castle Cure Amount therefore should be $317,447.78, plus continuing costs, fees and expenses. For the avoidance of doubt, fees incurred pursuant to the Proposed Barclays Contracts following September 22, 2008 are the responsibility of Purchaser, are not included within the Eze Castle Cure Amount and will be invoiced separately.

6. Because Debtors have not specified which of the Agreements are intended to constitute the Proposed Barclays Contracts, it is not clear what is being assumed by Purchaser. To the extent Debtor is not seeking to assign and Purchaser is not seeking to assume both the CSA and the Custom Work Orders, Eze Castle would object, because the CSA and the Custom Work Orders together constitute the contractual relationship between Eze Castle and LBI and the terms and conditions of the CSA and

the Custom Work Orders collectively govern the services currently provided by Eze Castle to LBI (now Purchaser).

7.  The Custom Work Orders include certain terms and conditions that govern custom software owned by Eze Castle that was developed at the request of and for the benefit of LBI (now Purchaser)  LBI (now Purchaser) to enable LBI to receive additional connectivity and other benefits, including the ability to interface between Eze Castle's order management system and LBI's proprietary algorithmic and futures trading tools (the "Custom Work").  If Debtor does not assign to Purchaser and Purchaser does not assume from Debtor the Custom Work Orders, Eze Castle will not allow Purchaser to receive the additional connectivity and other benefits enabled by the Custom Work.

8.  Although Eze Castle may ultimately consent to the assumption and assignment of the Proposed Barclays Contracts, Eze Castle is filing this Limited Objection to preserve its right to require that the proposed assumption and assignment of any of the Agreements complies with Section 365 of the Bankruptcy Code or is otherwise acceptable to Eze Castle.

9.  Eze Castle reserves the right to supplement this Limited Objection.

**WHEREFORE**, Eze Castle respectfully: (i) objects to the proposed assumption and assignment of any of the Agreements in connection with the sale contemplated by the Sale Motion and Purchase Agreement to the extent that such assumption and assignment does not satisfy the requirements of Section 365 of the Bankruptcy Code; (ii) expressly reserves its rights under Section 365 of the Bankruptcy Code and under any other pertinent provisions of the Bankruptcy Code and the Bankruptcy Rules; (iii) expressly reserves its warehouseman's lien and any other rights it

might have under the Uniform Commercial Code; and (iv) requests that this Court grant such other and additional relief as may be just and proper.

Dated:  New York, New York
        October 13 , 2008

                      SALANS

                      By:  /s/ Dan J. Schulman
                          Lee P. Whidden

                      Attorneys for Eze Castle Software LLC and
                          Eze Castle Transaction Services LLC
                      620 Fifth Avenue
                      New York, NY 10020
                      212-632-5500