**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq. (MSE 0570)
S. Jason Teele, Esq. (SJT 7390)
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel for EnergyCo Marketing And Trading, LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br>(Jointly Administered)<br><br>Case No. 08-13555 (JMP) |

**LIMITED OBJECTION OF ENERGYCO MARKETING AND TRADING, LLC TO DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 6004, 6006 AND 9019 AUTHORIZING LEHMAN BROTHERS HOLDINGS INC. TO (A) ENTER INTO A PARTNERSHIP INTERESTS PURCHASE AGREEMENT, (B) COMPROMISE AND RELEASE A PORTION OF AN INTERCOMPANY LOAN, AND (C) ASSIGN THE REMAINDER OF SUCH <u>INTERCOMPANY LOAN TO PURCHASERS</u>**

EnergyCo Marketing and Trading, LLC ("<u>EnergyCo</u>"), by and through its undersigned counsel, submits this limited objection to the motion of the above captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order pursuant to sections 363 and 365 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 6004, 6006 and 9019 authorizing Lehman Brothers Holdings, Inc. ("<u>LB</u> <u>Holdings</u>") to (a) enter into a partnership

22199/2
10/13/2008 10011578.3

interests purchase agreement, (b) compromise and release a portion of an intercompany loan, and (c) assign the remainder of such intercompany loan to Purchasers (as defined herein) (the "Motion"), and respectfully states as follows:

## RELEVANT BACKGROUND

**A.   In General.**

1. On September 15, 2008 and periodically thereafter (collectively, the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On October 3, 2008, Lehman Brothers Commodity Services, Inc. (individually, "LB Commodity Services") filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. *See In re Lehman Brothers Commodity Services, Inc.*, Case No. 08-13885 (JMP) (Bankr. S.D.N.Y.). All of the outstanding capital stock of LB Commodity Services is owned by Lehman Brothers Special Financing, Inc. *See* Corporate Ownership Statement Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1) and Local Rule of Bankruptcy Procedure 1007-3, Docket No. 3 in Case No, 08-13885 (JMP). LB Commodity Services in turn owns a 100% interest in LB Alberta Holdings Inc., Skiatook LLC, and Eagle Power Services LLC. *Id.*

3. Since the applicable Petition Date, the Debtors have continued in possession and management of their assets and properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

4. The Debtors' cases have been consolidated for procedural purposes only. *See* Order Directing Joint Administration (Docket No. 86). To date, the Debtors' estates have not been substantively consolidated.

**B.   EnergyCo's Relationship With The Debtors.**

5. EnergyCo, among other things, purchases and sells electricity in the Electric Reliability Counsel of Texas.

6. EnergyCo is a creditor of LB Commodity Services by virtue of that certain ISDA Master Agreement and related annexes and schedules dated as of October 16, 2007 (the "ISDA Agreement"). EnergyCo is also a creditor of LB Holdings by virtue of LB Holdings' guarantee of LB Commodity Services' obligations to EnergyCo under the ISDA Agreement.

**C.     The Motion.**

7. Through the Motion, LB Holdings and certain of its subsidiaries[1] (including LB Commodity Services) (collectively, the "Sellers") seek authority to, among other things, consummate a transaction with EDF Trading North America Management, LLC and EDF Trading North America, Inc. (collectively, "EDF" or the "Purchasers") to sell their interests in Eagle Energy Partners I, L.P. ("Eagle"). As part of the proposed transaction, LB Holdings will forgive approximately $433 million of approximately $663,661,636 due from Eagle pursuant to an intercompany note. In addition, any amounts owed to or by Eagle, on the one hand, and any of the Sellers or any of their affiliates, on the other hand, shall be deemed satisfied, including an alleged $19,516,553 receivable owed by LB Commodity Services to Eagle. *See* Motion at ¶ 12. The remaining balance of the intercompany note will be assigned to EDF. *Id*. at ¶ 11.

8. In exchange for all of the Sellers' (including LB Commodity Services') interests in Eagle, EDF will pay approximately $230 million to LB Holdings. *See* Motion at ¶ 11; Motion, Ex. 1. at § 1.2.

9. Eagle apparently constitutes a significant asset of LB Commodity Services' chapter 11 estate. Thus, LB Commodity Services is selling a substantial asset, yet the proceeds of the sale are being paid directly to LB Holdings without any explanation as to why that allocation is fair and appropriate given the interests of multiple Debtors and non-debtor affiliates in Eagle.

---

[1] The subsidiaries are (i) LB Commodity Services; (ii) LBMB Fund Eagle Energy Holdings LLC; (iii) LBMB Partners Eagle Energy Holdings LLC; (iv) LBMB Fund (B) Eagle Energy Holdings LLC; and (v) LBMB Capital Partners V Eagle Energy Holdings LLC. *See* Motion at ¶ 8 & n. 1.

-3-

**LIMITED OBJECTIONS**

10. EnergyCo takes no position with respect to the merits of the proposed sale of Eagle to EDF. However, EnergyCo objects to the sale of LB Commodity Services' interests in Eagle for no value other than the apparent forgiveness of debt totaling approximately $19,516,553 (assuming, *arguendo*, that such debt is *bona fide* and would not otherwise be subject to challenge).

11. LB Commodity Services' interests in Eagle constitute an asset of LB Commodity Services' chapter 11 estate. *See* 11 U.S.C. § 541. It is axiomatic that the proceeds from the sale of estate property also are property of the estate. *See*, *e.g.*, *In re Ames Dept. Stores, Inc.*, 287 B.R. 112, 122 (Bankr. S.D.N.Y. 2002). While the Debtors assert that ample business reasons justify the sale of Eagle to EDF, they have offered no business justification or explanation for up-streaming all of the sale proceeds without appropriate allocation that takes into account the interests of the various estates and non-debtors.

12. There has been no showing that LB Commodity Services is receiving its fair share for the sale of its interest in Eagle. In particular, the Debtors have not set forth and demonstrated the value of each Sellers' interest in Eagle and each Sellers' allocable share of the consideration to be paid by EDF if the sale is approved. Thus, on the present record, the Court cannot find that forgiveness of approximately $19,516,553 (assuming the *bona fides* of that obligation) is fair value for LB Commodity Services' interest in Eagle. Accordingly, the Court, in approving the sale, should not permit the Sellers' to up-stream all of the sale proceeds to LB Holdings absent evidentiary justification and further order of the Court.

13. All creditors of LB Commodity Services in these non-substantively consolidated estates will suffer irreparable harm if the Sellers are authorized to up-stream all of the sale proceeds to LB Holdings at this juncture. Rather, the Court should direct LB Holdings to escrow the sale proceeds until a determination can be made of each Sellers' appropriate allocable interest in such proceeds.

14. EnergyCo therefore respectfully requests that the Court include the

following language in any order approving the Motion:

> **ORDERED**, that LBHI shall hold the proceeds of the Sale (the "<u>Sale</u> <u>Proceeds</u>") in escrow pending a further determination by the Court of each Sellers' allocable share of the Sale Proceeds; and it is further
>
> **ORDERED**, that the rights of the chapter 11 estate of Lehman Brothers Commodity Services, Inc. to its allocable share of the Sale Proceeds as determined by the Court after a hearing and opportunity for parties in interest to be heard are hereby preserved.

15.  Including the foregoing language in the order approving the Motion will allow the Sellers to sell Eagle to preserve its value (as alleged in the Motion) while preserving the rights of creditors of the Debtors' respective estates as well as creditors of any non-debtor affiliates.

**WHEREFORE**, EnergyCo respectfully requests that the Court condition approval of the Motion upon the inclusion of the foregoing or similar language in any order approving the sale, and grant such other and further relief that is just.

Dated:  October 13, 2008

**LOWENSTEIN SANDLER PC**

By:  \_/s/ *Michael S. Etkin*_____
Michael S. Etkin, Esq. (MSE 0570)
S. Jason Teele, Esq. (SJT 7390)
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel for EnergyCo Marketing And Trading, LLC*