**MORRISON COHEN LLP**
909 Third Avenue
New York, New York 10022
(212) 735-8600
Joseph T. Moldovan
Michael R. Dal Lago

Attorneys for Carpenter Group, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                        :
                                                             :    Chapter 11
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :
                                                             :    Case No. 08-13555 (JMP)
                                                             :    Jointly Administered
                    Debtors.                                 :
------------------------------------------------------------x

## OBJECTION OF CARPENTER GROUP, INC. TO THE PROPOSED CURE AMOUNT SET FORTH IN THE DEBTORS' NOTICE OF REVISIONS TO SCHEDULES OF CERTAIN CONTRACTS AND LEASES ASSUMED AND ASSIGNED TO PURCHASER

TO:   THE HONORABLE JAMES M. PECK
      UNITED STATES BANKRUPTCY JUDGE

Carpenter Group, Inc. ("Carpenter"), by its attorneys, Morrison Cohen LLP, hereby submits its cure amount objection and reservation of rights ("Cure Amount Objection") with respect to the "Notice of Revisions to Schedules of Certain Contracts and Leases Assumed and Assigned to Purchaser" ("Revised Cure Notice"), filed by the above-captioned debtors and debtors in possession (collectively, "Debtors") in connection with the sale of certain of the Debtors' assets to Barclays Capital Inc. ("Barclays") In support of this Cure Amount Objection, Carpenter respectfully represents as follows:

#1451358 v1 \017267 \0301

## Background

1. Carpenter and Lehman Brothers Inc. ("LBI"), one of the above-captioned debtors, are parties to a pre-petition Master Service Agreement ("Service Agreement"), whereby Carpenter provides certain services to LBI. In the ordinary course of LBI's and Carpenter's business, Carpenter submits invoices to LBI and Carpenter receives payment by check from the LBI in satisfaction of such invoices.

2. Prior to the filing of LBI's voluntary petition for relief under chapter 11 of the Bankruptcy Code, which occurred on September 15, 2008 ("Petition Date"), Carpenter received checks from LBI as payment for certain undisputed invoices that were issued by Carpenter for services performed in accordance with the terms of the Service Agreement. Specifically, the following payments were received by Carpenter from LBI:

   i) Check No. 002086947, dated September 2, 2008, in the sum of $21,675.00 as payment for Invoice No. 2907; and

   ii) Check No. 002081689, dated July 31, 2008, in the sum of $31,428.75 as payment for Invoice Nos. 2828 and 2829.

3. After receipt of the above payments, Carpenter deposited the checks into its account with Citibank N.A. ("Citibank") on September 12, 2008. On September 17, 2008, these checks were then returned by Citibank to Carpenter due to insufficient funds. Consequently, LBI remains indebted to Carpenter for the sum of $53,103.75 ("Unpaid Balance"), which includes the sum of $4,103.75 that Carpenter remitted out of its own pocket for payment of Sale Taxes to the State of New York.

4. Carpenter has filed a proof of claim against LBI reflecting the Unpaid Balance, which is annexed hereto as Exhibit A.

#1451358 v1 \017267 \0301

## Cure Amount Objection

5. Exhibit A to the Revised Cure Notice lists Carpenter as a counterparty to an executory contract that LBI intends to assume and assign to Barclays and directs Carpenter to a designated website hosted by Epiq Bankruptcy Solutions ("Epiq Website"), the Debtors' claims agent, where schedules of Closing Date Contracts and cure amounts are posted. The Services Agreement appears on the schedule listing Closing Date Contracts "as they existed prior to 10/01/2008." That schedule lists the cure amount that the Debtors propose to pay to Carpenter in connection with the assumption of the Service Agreement as $0.00 ("Zero Dollar Cure Amount").

6. Section 365(b)(1)(A) of the Bankruptcy Code provides in pertinent part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .

7. Carpenter does not object to the Debtors' assumption of the Service Agreement and, in fact, consents to such assumption. Rather, Carpenter is filing this Cure Amount Objection to reflect that as of the date hereof, the correct cure amount that must be paid to Carpenter as a condition to the Debtors' assumption of the Service Agreement is $53,103.75, as reflected in Carpenter's proof of claim and as set forth herein.

8. Curiously, the revised schedules listed on the Epiq Website do not include the Service Agreement. Carpenter, therefore, has no way of knowing whether the Debtors have revised the Zero Dollar Cure Amount to accurately reflect the Unpaid Balance or intend to assert the Zero Dollar Cure Amount. Carpenter is willing and available to enter into discussions with

#1451358 v1 \017267 \0301

the Debtors and/or Barclays to attempt to resolve this Cure Amount Objection and to address any related issues.

9. Carpenter reserves all of its rights in connection with the matters set forth herein and expressly reserves its rights to amend, supplement or modify this Objection for any reason. Furthermore, Carpenter adopts any additional arguments raised by other parties objecting to the Revised Cure Notice to the extent not inconsistent with its own arguments and positions.

10. This Objection does not present a novel issue of law, and the relevant authorities are cited herein. Accordingly, Carpenter respectfully requests that the Court waive and dispense with the requirement of the Local Bankruptcy Rules that all objections filed shall be accompanied by a Memorandum of Law.

WHEREFORE, Carpenter respectfully requests that the Court (i) direct the Debtors to cure the default under the Service Agreement, and (ii) grant Carpenter such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 13, 2008

                          **MORRISON COHEN LLP**
                          Attorneys for Carpenter Group, Inc.


By:   */s/ Joseph T. Moldovan*
       Joseph T. Moldovan
       Michael R. Dal Lago
       909 Third Avenue
       New York, New York  10022
       (212) 735-8600

#1451358 v1 \017267 \0301

# EXHIBIT A

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT  Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Lehman Brothers Holdings, Inc. | Case Number:<br>08-13555(JMP) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Carpenter Group, Inc.

Name and address where notices should be sent:

Carpenter Group, Inc.
72 Spring Street - 10th Floor, New York, New York 10012

Telephone number:
(212) 431-6666

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 53,103.75

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** Services performed
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   **Nature of property or right of setoff:**  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   **Describe:**

   **Value of Property:** $_____   **Annual Interest Rate** ___%

   Amount of arrearage and other charges as of time case filed included in secured claim,
   if any: $_____   **Basis for perfection:** _____

   **Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim.

   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. §507(a)(5).

   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

   ☑ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

   **Amount entitled to priority:**
   $ 4,103.75

   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date: 9/29/08

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Polly Carpenter, President   /s/ Polly Carpenter

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

72 Spring Street
New York, NY 10012
T 212 431 6600 F 212 431 9723
www.carpenternyc.com

carpenter group

September 29, 2008

To:   Epiq Bankruptcy Solutions, LLC
      Attn:  Lehman Brothers Holdings Claims Processing
      757 Third Avenue, 3rd Floor
      New York, New York 10017

From: Carpenter Group, Inc.
      72 Spring Street- 10th Floor
      New York, New York 10012

RE: **BASIS OF CLAIM**

Checks received from Lehman Brothers for payment of invoices rendered for services performed deposited by creditor on September 12, 2008 in the total amount of  $53,103.75 was returned unpaid by the bank for insufficient funds

**PROOF OF CLAIM ATTACHED:**

Debit Advices  from Citibank on 9/17/2008 for returned unpaid checks:
   Check #002086947 dated 9/2/2008 - $21,675.00 as payment for Inv.#2907 dated 8/1/2008
   Check #002081689 dated 7/31/2008-$31,428.75 as payment for Inv. #2828 dated 6/30/2008
   and Inv.#2829 dated 5/12/2008.

For:  Carpenter Group, Inc
      Polly Carpenter, President