WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                         :
In re                                    :   Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :   08-13555 (JMP)
                                         :
              Debtors.                   :   (Jointly Administered)
                                         :
                                         :
------------------------------------------------------------x
```

**DEBTORS' RESPONSE TO MOTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF LEHMAN
BROTHERS HOLDINGS INC. FOR LEAVE TO CONDUCT DISCOVERY
OF JPMORGAN CHASE BANK, N.A. PURSUANT TO 11 U.S.C. §§ 105(a)
AND 1103(c) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors in possession (together, the "Debtors" and, collectively

with their non-debtor affiliates, "Lehman"), file this response to the motion (the "2004 Request")

of the Official Committee of Unsecured Creditors of LBHI (the "Creditors' Committee") for

leave to conduct discovery of JPMorgan Chase Bank, N.A. ("JPMC") pursuant to 11 U.S.C.

§§ 105(a) and 1103(c) and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (Docket No. 566), and respectfully represent:

**Preliminary Statement**

1. The 2004 Request comes in the initial phase of these extraordinary cases involving the financial collapse of one of the largest investment banking firms in the world. The Debtors commenced their bankruptcy cases less than a month ago with approximately $639 billion in assets and $613 billion in liabilities. The Debtors' cases are of significant public importance and are subject to significant public interest. At this early stage of the chapter 11 process, the Debtors, their employees, and their professionals are responding to the thousands of issues that must be addressed each day to stabilize the Debtors' business and preserve its value.

2. For the Debtors to maximize the value of their estates, the Debtors' assets must be marshaled and all of the their potential claims and causes of action must be identified and prosecuted in the most comprehensive, cost-efficient and expeditious manner. In order to avoid piecemeal consideration of these important issues, the Debtors request that the Court set a status conference, at the next monthly omnibus hearing date, to consider the over-all conduct of discovery in these cases including consideration of the 2004 Request.

**Background**

3. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced these voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors are

authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On September 17, 2008, the United States Trustee for the Southern District of New York appointed the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code.

5. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

### Lehman's Business

6. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide. Its headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

7. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 (Docket No. 2).

### The 2004 Request

8. On October 2, 2008, the Creditors' Committee filed the 2004 Request, seeking an order of the Court authorizing and directing discovery from JPMC in the form of

responses to document requests and depositions.  The Creditors' Committee states that the relief it request is necessary in order for the Creditors' Committee to carry out its statutory authority to investigate the financial affairs of the Debtors to discover assets and expose any conduct that may give rise to causes of action of the Debtors' estates.  (2004 Request ¶ 1.)  Specifically, the Creditors' Committee seeks to determine the basis for JPMC's refusal to make available assets of LBHI that were held at JPMC in the days leading up to LBHI's chapter 11 filing, as such refusal may have contributed to LBHI's liquidity constraints.  (Id.)  The Creditors' Committee also seeks to understand the intent, effect, consideration, and financial condition of LBHI in connection with certain guarantees and transfers between LBHI and JPMC prior to the Commencement Date.  (Id. ¶ 2.)

         9.      The Creditors' Committee seeks authorization to obtain from JMPC, among other things, all documents concerning:  the legal and contractual relationships between LBHI and JMPC; any assets owned by or in which LBHI has an interest held by JPMC; any collateral and valuation thereof; any decision by JPMC to freeze or otherwise limit access to Lehman accounts; any decision by JPMC to liquidate assets following the Commencement Date; communications or correspondence concerning the financial condition of LBHI or the management or administration of its accounts; communications about LBHI's potential bankruptcy filing prior to the Commencement Date; clearing advances by JMPC to LBHI between September 12 and September 18, 2008; certain guarantees and clearing agreements; requests by LBHI for credit; and the ability of Lehman to obtain financing from sources other than JPMC during the period from August 15, 2008 through the Commencement Date.  (Id. Ex. 2.)  The Creditors Committee further requests to depose a knowledgeable representative of JMPC regarding the foregoing.  (Id. Ex. 3.)

10. The Creditors' Committee also requests that LBHI's on-line access to its various accounts with JPMC be restored to the same manner provided prepetition so that LBHI would be able to, among other things, review the location and value of its collateral. (Id. ¶ 26, Ex. 1.)

### Debtors' Response

11. The issues raised by the Creditors' Committee in its 2004 Request, i.e. the need to locate the Debtors' assets and identify and investigate potential causes of action of the Debtors' estates, are important. Indeed, the Debtors are fully engaged in a process to address these issues. The Debtors, at the direction of their Chief Restructuring Officer, Bryan Marsal, and with the assistance of their financial advisors, Alvarez & Marsal North America, LLC ("A&M") have prioritized the tasks ahead of them. They have established four key priorities: first, to preserve, capture and store key data such that transactions and events can be recreated and claims and privileges can be preserved for the benefit of the Debtors' estates and all parties in interest; second, to address immediate needs impacting values and claims; third, to identify and retain teams to work on the issues; and fourth, to determine pre-bankruptcy events giving rise to causes of action or mitigation of claims. The Debtors and their professionals are fully committed to pursuing claims and causes of action in cooperation with the Creditors' Committee, provided the values of their estates are protected in the interim.

12. A well-planned and coordinated effort to identify and locate the Debtors' assets and causes of action will benefit all parties in interest. Such an effort would be cost-efficient and would prevent an unnecessary diversion of the Debtors' limited human resources. Two motions requesting examinations of one or more of the Debtors pursuant to Bankruptcy

Rule 2004 have already been filed,[1] and no fewer than eight joinders thereto have already been interposed.[2] In addition, the Debtors are aware of, and will be compelled to respond to, several ongoing state and federal investigations into the Debtors' pre-chapter 11 affairs and conduct.

13. In order to avoid unnecessary cost and possible duplication, it is critical that a comprehensive process be developed for the most efficient and expedient investigation of the Debtors' acts, conduct and affairs without the overlay of diverse proponents and professionals pursuing parochial interests. The interests of the Debtors' estates need to be protected from inconsistent and potentially harmful actions that might impair the value of potential claims or otherwise expose the Debtors to unnecessary costs and potential liabilities. Therefore, the Debtors request that a status conference with the Court be scheduled at its earliest convenience to consider the appropriate course of action to be followed. At that time, the Court will have the opportunity to consider how any investigations should be pursued in a cost-efficient manner as well as the timing and sequence of any investigation.

---

[1] See docket entry numbers 373 and 435.

[2] See docket entry numbers 691, 692, 770, 782, 806, 814, 822, and 823.

**Conclusion**

14.   The Debtors request that the Court apply Rule 7014 of the Bankruptcy Rules and schedule a status conference as soon as convenient as aforesaid and that consideration of the 2004 Request be continued until that date or until further ordered by the Court.

WHEREFORE the Debtors respectfully request the continuance of the 2004 Request, as aforesaid, and that the Debtors be granted such other and further relief as is just.

Dated:  October 13, 2008
           New York, New York

/s/ Harvey R. Miller
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession