ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone:    (212) 596-9000
Facsimile:    (212) 596-9090
Amy E. Vanderwal (AV-1712)

*Attorneys for Bright Horizons Children's Centers LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x
In re:                                              :    Chapter 11
                                                    :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*  :    Case No. 08-13555 (JMP)
                                                    :
          Debtors.                                  :    (Jointly Administered)
--------------------------------------------------------------- x

**OBJECTION OF BRIGHT HORIZONS CHILDREN'S CENTERS LLC TO
MOTION OF BARCLAYS CAPITAL INC. FOR RELIEF CONCERNING CERTAIN
CONTRACTS ERRONEOUSLY POSTED WITH THE "CLOSING DATE
CONTRACTS" AND
SUPPLEMENTAL OBJECTION TO DEBTORS' NOTICE OF ASSUMPTION AND
ASSIGNMENT OF, AND AMOUNTS NECESSARY TO CURE DEFAULTS UNDER,
CONTRACTS AND LEASES TO BE ASSUMED AND ASSIGNED TO SUCCESSFUL
PURCHASER**

Bright Horizons Children's Centers LLC ("Bright Horizons"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to (i) the *Motion of Barclays Capital Inc. for Relief Concerning Certain Contracts Erroneously Posted with the "Closing Date Contracts"* (the "Purchaser Motion"), filed by Barclays Capital Inc. in the above-captioned cases on October 10, 2008; and (ii) the *Notice of Assumption and Assignment of, and Amounts Necessary to Cure Defaults Under, Contracts and Leases to be Assumed and Assigned to Successful Purchaser* (the "Sept. 18 Notice"), filed by the debtors in the above-captioned cases on September 18, 2008, as modified by (x) the *Notice of Revision to Schedules of Certain Contracts and Leases Assumed and Assigned to Purchaser*, filed on October 1, 2008 (the "Oct. 1

- 1 -

Notice"), and (y) the *Notice of Revised Exhibit A to Notice of Revisions to Schedules of Certain Contracts and Leases Assumed and Assigned to Purchaser*, filed on October 2, 2008 (the "Oct. 2 Notice" and, collectively with the Sept. 18 Notice and the Oct. 1 Notice, the "Notices"), to the extent that the Notices relate to certain contracts with Bright Horizons. This filing supplements the objection of Bright Horizons filed on September 30, 2008 (Docket No. 456) (the "Initial Objection").[1] In support this Objection, Bright Horizons respectfully represents and sets forth as follows:

## BACKGROUND

1. On September 18, 2008, the Debtors filed the Sept. 18 Notice with this Court, which stated that the Debtors would communicate their lists of Closing Date Contracts, along with proposed cure amounts (the "Original Schedules"), attached as Supplemental Exhibit D hereto, to their creditors, including Bright Horizons, by posting the Original Schedules on the Internet at http://chapter11.epiqsystems.com/lehman (the "Website"). The Original Schedules included two contracts with Bright Horizons:

> (i) a Management Agreement, commencing March 27, 2003, between LBI and Bright Horizons (as successor in interest to ChildrenFirst Inc.), attached as Exhibit A to the Initial Objection, which was renewed under the Management Agreement Renewal, commencing January 1, 2008, attached as Exhibit B to the Initial Objection (collectively, the "Management Agreement"); and

---

[1] Capitalized terms used, and not defined, in this Objection shall have the meanings specified in the Initial Objection.

- 2 -

   (ii) a Backup Care Participation Agreement, commencing January 1, 2008, between LBI and Bright Horizons (as successor in interest to Bright Horizons Children's Centers, Inc.), attached as <u>Exhibit C</u> to the Initial Objection (the "<u>Participation Agreement</u>" and, together with the Management Agreement, the "<u>Bright Horizons Contracts</u>").

In the Original Schedules, the proposed cure amounts for the Bright Horizons Contracts were both set at $0.00.

  2. On September 19, 2008, this Court entered the Sale Order, which, *inter alia*, approved the assumption and assignment of the Closing Date Contracts, but allowed counterparties until October 3, 2008, to object to the proposed cure amounts.

  3. On September 30, 2008, Bright Horizons filed the Initial Objection with this Court, which stated that the failures of LBI to pay the August and September Invoices, totaling $113,793, were defaults under the Management Agreement required to be cured in connection with the assumption and assignment of the Bright Horizons Contracts. Bright Horizons requested an order from this Court that LBI or the Purchaser pay this cure amount.

  4. Beginning in the first week after the Petition Date, Bright Horizons contacted the Purchaser regarding the status of the Bright Horizons Contracts. On October 1, 2008, the Purchaser informed Bright Horizons that it would like the Purchaser's employees, as well as LBI's employees, to be eligible to use the child care center located in the Debtors' headquarters (the "<u>Child Care Center</u>"), which is operated pursuant to the Management Agreement, and requested a confirmatory letter agreement (the "<u>Letter Agreement</u>") from Bright Horizons. Bright Horizons and the Purchaser also discussed the use of back-up child care services under

- 3 -

the Participation Agreement by the Purchaser's employees.  On October 2, 2008, in keeping with these discussions, Bright Horizons drafted and submitted the Letter Agreement for approval by the Purchaser.  In reliance on the Purchaser's statements and the assumption of the Bright Horizons Contracts, Bright Horizons has continued to operate the Child Care Center and has provided services to both the Purchaser's employees and LBI's employees.  Bright Horizons continues to provide, and the Purchaser continues to accept, its services.

5. On October 1, 2008, the Debtors filed the Oct. 1 Notice with this Court, which stated that the Purchaser had updated the lists (the "Revised Schedules") of the Closing Date Contracts to (a) revise the amounts necessary to cure defaults and/or (b) remove certain contracts.  The Oct. 1 Notice provided a list of the affected parties (the "Affected Party List"), directed them to consult the Website to obtain copies of the Revised Schedules, and extended the October 3, 2008, objection deadline to October 13, 2008.  The Affected Party List included Bright Horizons, and the Bright Horizons Contracts do not appear on the Revised Schedules, indicating that the contracts had been removed.

6. On October 2, 2008, the Debtors filed the Oct. 2 Notice with this Court, which stated that the Affected Party List had been further amended to incorporate all parties affected by the Revised Schedules.

7. On October 10, 2008, the Purchaser filed the Purchaser Motion with this Court, which stated that, as a result of an error by its counsel in reformatting an Excel spreadsheet, the Original Schedules included 179 contracts that the Purchaser had not intended to designate as Closing Date Contracts.  The Purchaser requests a limited modification to the Sale Order and the related sales procedures order to reflect its intended designations of the Closing Date Contracts

for reasons of mistake and/or excusable neglect under Rule 60(b)(1) of the Federal Rules of Civil Procedure (the "<u>Rules</u>"), made applicable to bankruptcy cases by Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

## ARGUMENT

8. This Objection incorporates in its entirety the Initial Objection.

9. Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Rule 60(b) is an extraordinary measure, and "should be invoked only upon a showing of exceptional circumstances." <u>Nemaizer v. Baker</u>, 793 F.2d 58, 61 (2nd. Cir. 1986) (denying relief under Rule 60(b)(1) despite the district court's finding that a stipulation to dismiss an action with prejudice was an "honest mistake" and a "misunderstanding of what each party intended"). While courts should broadly construe Rule 60(b) to do "substantial justice," final judgments should not be lightly reopened. <u>Id</u>. <u>See also</u> <u>United States v. Temporary Options, Inc.</u>, No. 92 CIV. 9491 (LMM), 1994 WL 263555, at *2 (S.D.N.Y. June 6, 1994).

10. Under the principle that "clients must be held accountable for the acts and omissions of their attorneys," the United States Supreme Court has held that the proper focus should be on whether the neglect of the parties *and their counsel* was excusable. <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 397 (1993) (emphasis in the original). Factors in determining what constitutes "excusable neglect" include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Id</u>. at 395.

- 5 -

11. This Court approved the assumption and assignment of the Bright Horizons Contracts in the Sale Order as a Closing Date Contract, and the Sale closed on September 22, 2008. Since the Sept. 18 Notice, Bright Horizons has operated the Child Care Center, provided back-up child care services to LBI's employees and the Purchaser's employees, and transacted business with LBI and the Purchaser on the understanding that the Bright Horizons Contracts had been assumed and assigned.

12. Bright Horizons' understanding resulted from information provided to Bright Horizons pursuant to the Sale Order and related sales procedures order, as well as the discussions with the Purchaser that the Purchaser's employees would be eligible to use services under the Bright Horizons Contracts. By requesting the Letter Agreement, the Purchaser has behaved as if the Bright Horizons Contracts were Closing Date Contracts in full force and effect between the two parties. Unwinding the assumption and assignment of the Bright Horizons Contracts would be prejudicial to Bright Horizons, which, in good faith, has continued to operate the Child Care Center and provide back-up child care services for the benefit of LBI and the Purchaser in reliance on the Purchaser's actions. Under the circumstances, the Purchaser cannot even show that the inclusion of the Bright Horizons Contracts in the Original Schedules was in error, much less an error that arose from mistake or excusable neglect.

13. For the reasons set forth above, Bright Horizons requests that the Court deny the Purchaser Motion seeking removal of the Bright Horizons Contracts from the list of Closing Date Contracts, and order that LBI or the Purchaser pay $113,793, which represents the outstanding amounts necessary to cure defaults under the Management Agreement.

14. Bright Horizons reserves all of its rights in connection with the matters set forth herein, including, without limitation, the right to amend, supplement, or modify the Initial Objection and this Objection and the cure amounts described herein for any reason.

**NOTICE**

15. No trustee or examiner has been appointed in these cases. Notice of this Objection has been provided to: (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel to the Debtors; (iii) counsel to the Creditors' Committee; (iv) counsel to the Securities Investors Protection Corporation Trustee; (v) counsel to the Purchaser; and (vi) all parties having requested notice in these cases pursuant to Fed. R. Bankr. P. 2002. In light of the nature of the relief requested herein, Bright Horizons submits that no other or further notice is required.

[*The remainder of this page is intentionally left blank.*]

WHEREFORE, for the reasons set forth herein, Bright Horizons respectfully requests that this Court (i) deny the Purchaser Motion and the removal of the Bright Horizons Contracts from the Closing Date Contracts; (ii) order LBI or the Purchaser to pay $113,793 to Bright Horizons to cure defaults under the Bright Horizons Contracts; and (iii) grant such other and further relief as the Court may deem just and proper.

Dated: October 13, 2008
      New York, New York

                    ROPES & GRAY LLP

                    By: */s/ Amy E. Vanderwal*
                    Amy E. Vanderwal (AV-1712)
                    1211 Avenue of the Americas
                    New York, New York 10036-8704
                    Telephone: (212) 596-9000
                    Facsimile: (212) 596-9090

                    *Attorneys for Bright Horizons Children's Centers LLC*