Hearing Date: October 16, 2008, at 10:00 a.m. (Prevailing Eastern Time)

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone (212) 403-1000
Facsimile (212) 403-2000
Harold S. Novikoff (HN 3898)
Amy R. Wolf (AW 6646)

Attorneys for JPMorgan Chase Bank, N.A.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 Case No. |
| **Lehman Brothers Holdings Inc., et al.,** | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**RESPONSE OF JPMORGAN CHASE, N.A. TO THE RESPONSE AND JOINDER OF FEDERAL HOME LOAN BANK OF PITTSBURGH TO THE MOTION OF NEWPORT GLOBAL OPPORTUNITIES FUND LP, NEWPORT GLOBAL CREDIT FUND (MASTER) L.P., PEP CREDIT INVESTOR L.P. AND PROVIDENCE TMT SPECIAL SITUATIONS FUND L.P. FOR LEAVE TO CONDUCT RULE 2004 DISCOVERY OF DEBTOR LEHMAN BROTHERS HOLDINGS INC. AND OTHER ENTITIES**

JPMorgan Chase Bank, N.A. ("JPMC"), by and through its undersigned attorneys, hereby responds to the Response of Federal Home Loan Bank of Pittsburgh ("FHLB") to the Motion of Newport Global Opportunities Fund LP, Newport Global Credit Fund (Master) L.P., Pep Credit Investor L.P. and Providence TMT Special Situations Fund L.P. for Leave to Conduct Rule 2004 Discovery of Debtor Lehman Brothers Holdings Inc. and Other Entities, (the "FHLB Joinder"), and respectfully represents as follows:

W/1303745v1

1. JPMC concurs with and respectfully joins in the Debtors' Response to the Motions of Harbinger Funds and Others to Conduct Examinations Under Bankruptcy Rule 2004. As the Debtors demonstrate in their Response, the requests of various parties to engage in broad discovery of the Debtors pursuant to Bankruptcy Rule 2004 would be disruptive of the extraordinarily difficult and labor-intensive activities currently taking place involving the Debtors, JPMC, the SIPA Trustee and others.

2. In the FHLB Joinder, FHLB states that discovery pursuant to Rule 2004 should also be permitted of third parties, including JPMC. JPMC objects to this request for the reasons discussed in the Debtor's Response, as well as the fact that FHLB has commenced an adversary proceeding against JPMC in this Court entitled Federal Home Loan Bank of Pittsburgh v. J.P.Morgan Chase Bank, N.A. and Lehman Brothers Special Financing, Inc. It is the "well recognized rule that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004." In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citing In re Bennett Funding Group, Inc., 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996); 2435 Plainfield Ave., Inc. v. Township of Scotch Plains (In re 2435 Plainfield Ave., Inc.), 223 B.R. 440, 455-56 (Bankr. D.N.J. 1998)); see also Moore v. Lang (In re Lang), 107 B.R. 130, 132 (Bankr. N.D. Ohio 1989); In re Ecam Publ'ns, Inc., 131 B.R. 556, 558 (Bankr. S.D.N.Y. 1991); In re Szadkowski, 198 B.R. 140, 141 (Bankr. D. Md. 1996); In re Blinder, Robinson & Co., Inc., 127 B.R. 267, 274 (D. Colo. 1991); 6 Collier on Bankruptcy ¶ 7026.01, at 7026-3 (15th ed. rev. 2008) ("If an adversary proceeding or contested matter is pending or is likely to be filed, it is improper for one of the parties to use a Rule 2004

-3-

examination as a substitute for, or in addition to, discovery pursuant to Rule 26 et seq. of the Civil Rules or to circumvent the rule's procedural protections provided to the parties and witnesses.").

## Conclusion

3. As a litigant, FHLB has whatever rights to take discovery of JPMC the Federal Rules afford it. FHLB's efforts to circumvent those Rules should not be countenanced.

WHEREFORE, JPMorgan Chase Bank, N.A. respectfully requests that the relief sought in the FHLB Joinder be denied.

Dated:   New York, New York
         October 13, 2008

WACHTELL, LIPTON, ROSEN & KATZ


By: _____
Harold S. Novikoff  (HN 3898)
Amy R. Wolf  (AW 6646)

51 West 52nd Street
New York, New York  10019
(212) 403-1000

Attorneys for JPMorgan Chase Bank, N.A.