# Exhibit B

(Revised)

NewYork 250623v.1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                                            :
In re                                       :   Chapter 11 Case
                                            :
LEHMAN BROTHERS HOLDINGS INC.,              :   Case No. 08-13555 (JMP)
  *et al.*                                  :
                                            :   (Jointly Administered)
                Debtors.                    :
                                            :
---------------------------------------------------------x

### ORDER APPROVING SPECIFIED INFORMATION BLOCKING PROCEDURES AND PERMITTING TRADING IN CLAIMS AGAINST THE DEBTORS UPON ESTABLISHMENT OF A SCREENING WALL

Upon the Motion (the "Motion") of Shinsei Bank, Limited ("Shinsei"), a member of the Official Committee of Unsecured Creditors ("Committee") appointed in these chapter 11 cases (collectively, the "Chapter 11 Case") concerning the above-captioned debtors and debtors in possession (collectively, the "Debtor"), by and through its counsel, for the entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), approving specified information blocking procedures and permitting trading in the Covered Claims (as defined below) in certain situations, and all exhibits attached thereto; and adequate notice of the Motion having been given; and no objections to the Motion having been filed; and the Court being satisfied that the relief requested in the Motion is necessary and in the best interests of Shinsei, the Committee, the creditors, and the Debtor's estates; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.  The Motion is granted, subject to the terms and conditions of this Order.

2. The information blocking procedures established by Shinsei described substantially in the declaration of Edward Gilbert annexed to the Motion as Exhibit A as revised and filed on _____, 2008 (the "Screening Wall Declaration"), which are designed to prevent the misuse of Committee information, are hereby approved.

3. Shinsei will not violate its duties as a Committee member and, accordingly, will not subject its claims to possible disallowance, subordination, or other adverse treatment, by trading in the Covered Claims during the pendency of the Debtor's Chapter 11 Case, provided that Shinsei establishes and effectively implements and strictly adheres to the information blocking procedures detailed in the Screening Wall Declaration or otherwise ordered by the Court.

4. Should any entity related to or affiliated with the Debtor file a bankruptcy petition at any time after the entry of this Order, and should Shinsei contemplate trading in Covered Claims (defined below) of that new debtor, Shinsei shall file additional disclosures articulating the informational blocking procedures that will be implemented by Shinsei that are designed to prevent the misuse of Committee information. Such disclosures shall be accompanied by a proposed order, and if no objections to Shinsei's disclosures are filed within five (5) business days of the filing of such disclosures, the proposed order may be entered by the Court. If objections are filed, then the Court may schedule a hearing on the matter.

5. For purposes of this Order, the term "Covered Claims" is used to mean any claims against the Debtor, including (i) "Securities" as defined in Section 2(a)(l) of the Securities Act of 1993 (including the following: stocks, notes, bonds, debentures, participation in, or derivatives based upon or relating to, any of the Debtor's debt obligations or equity interests) and (ii) bank debt. Shinsei's trading in the Covered Claims will not constitute a breach of this Order.

6.     Nothing in this Order shall prejudice the right of the United States Trustee to take such action as she deems appropriate in the case, including the removal of any Committee member pursuant to section 1102 of the Bankruptcy Code.

7.     This Order shall not preclude the Court from taking any action it may deem appropriate in the event that it is determined that a breach of fiduciary duty has occurred as a result of a defect in, or the ineffectiveness of, the implementation of the information blocking procedures herein approved.

Dated:  New York, New York
             _____, 2008

                                                              _____
                                                              HONORABLE JAMES M. PECK
                                                              UNITED STATES BANKRUPTCY JUDGE