WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus
Attorneys for Debtor
And Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------------X
                                        :
In re:                                  :      Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al. : 08-13555 (JMP)
                                        :
         Debtors.                       :      (Jointly Administered)
                                        :
-------------------------------------------------------------------------X
```

**NOTICE OF HEARING REGARDING DEBTORS'**
**MOTION PURSUANT TO SECTIONS 105(a), 327, 328, AND**
**330 OF THE BANKRUPTCY CODE FOR AUTHORIZATION**
**TO EMPLOY PROFESSIONALS UTILIZED IN THE ORDINARY**
**COURSE OF BUSINESS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases

(together, the "Debtors") for entry of an order, pursuant to sections 105(a), 327, 328, and 330 of

the Bankruptcy Code (the "Bankruptcy Code"), to retain, *nunc pro tunc* to the Commencement

Date, professionals utilized in the ordinary course of business (the "Ordinary Course

Professionals") without the submission of separate employment applications and the issuance of

separate retention orders for each individual professional, all as more fully described in the

Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at

the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One

Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **November 5, 2008**

**at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

        PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York,

shall set forth the name of the objecting party, the basis for the objection and the specific grounds

thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order

M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy

Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the

chambers of the Honorable James M. Peck ("Chambers"), One Bowling Green, New York, New

York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York,

New York 10153, Attn: Richard P. Krasnow, Esq. and Shai Y. Waisman, Esq., attorneys for the

Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the

"U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy

Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv)

Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York

10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys

for the official committee of unsecured creditors appointed in these cases; (v) Cleary Gottlieb

LLP, One Liberty Plaza, New York, NY 10006, Attn: Lindsee P. Granfield, Esq. and Lisa

Schweitzer, Esq. and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn:

Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq., attorneys for the Debtors' postpetition

lenders; and (vi) any person or entity with a particularized interest in the Motion, so as to be

received no later than **October 31, 2008 at 10:00 a.m. (prevailing Eastern Time)** (the

"Objection Deadline").

        PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

        PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  October 13, 2008
       New York, New York

                /s/ Richard P. Krasnow
                Harvey R. Miller
                Richard P. Krasnow
                Lori R. Fife
                Shai Y. Waisman
                Jacqueline Marcus
                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007
                Attorneys for Debtors
                and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                    :
**In re**                                           :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :        **08-13555 (JMP)**
                                                    :
                                **Debtors.**        :        **(Jointly Administered)**
                                                    :
                                                    :
------------------------------------------------------------------x

## DEBTORS' MOTION PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO EMPLOY PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), file this Motion and respectfully

represent:

## Background

1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

## Jurisdiction

4.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Lehman's Business

5.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.  Its headquarters in New

York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

6.     Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Relief Requested

7.     The Debtors operate a global business the size and scope of which is unprecedented in the chapter 11 context.  In order to effectively operate their business prior to the Commencement Date, the Debtors utilized the services of scores of professionals to address and advise as to the countless business and legal issues that arose on a daily basis.  In order to effectively continue to operate for the benefit of all stakeholders, the Debtors require the services of many of these professionals for ongoing matters.  By this Motion, the Debtors seek authorization, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to retain, *nunc pro tunc* to the Commencement Date, professionals utilized in the ordinary course of business (the "Ordinary Course Professionals") without the submission of separate employment applications and the issuance of separate retention orders for each individual professional.

## Proposed Procedures

8.     The Debtors desire to continue to employ the Ordinary Course Professionals to render a variety of professional services to these estates in the same manner and for the same purposes as the Ordinary Course Professionals did prior to the Commencement Date.  In the past, these professionals have rendered a range of professional services issues related to litigation, corporate, tax, real estate and employment related matters.  It is essential that

the employment of these Ordinary Course Professionals, many of whom are already familiar

with the Debtors' businesses and financial affairs, be continued to avoid disruption of the

Debtors' normal business operations and the cost, expense and delay of securing replacement

professionals.

9.      The Debtors submit that the proposed employment of the Ordinary Course

Professionals and the payment of monthly compensation on the basis set forth below are in the

best interest of their estates and creditors.  The relief requested will save the estates the

substantial expenses that would be associated with applying separately for the employment of

each Ordinary Course Professional.  Further, the relief requested will avoid the incurrence of

additional fees relating to the preparation and prosecution of interim fee applications.

10.      The Debtors propose that as promptly as possible following (i) the entry of

an order granting this Motion, or (ii) the date on which the Ordinary Course Professional

commences services for the Debtors, each Ordinary Course Professional shall provide to the

Debtors' attorneys:  (a) an affidavit (the "Ordinary Course Professional Affidavit"), substantially

in the form annexed hereto as Exhibit A, certifying that the professional does not represent or

hold any interest adverse to the Debtors or their estates with respect to the matter on which the

professional is to be employed; and (b) a completed retention questionnaire (the "Retention

Questionnaire"), substantially in the form annexed hereto as Exhibit B.

11.      The Debtors shall then file the Ordinary Course Professional Affidavit and

Retention Questionnaire with the Court and serve a copy thereof upon (i) the U.S. Trustee; and

(ii) attorneys for the Creditors' Committee (together with the Debtors, the "Reviewing Parties").

The Reviewing Parties shall have 10 days following service of such documents (the "Objection

Deadline") to notify the Debtors, the other Reviewing Parties and the relevant Ordinary Course

Professional in writing of any objection to the retention stemming from the contents of the

Ordinary Course Professional Affidavit or Retention Questionnaire.  If, after the Objection

Deadline, no objection is filed, the retention, employment, and compensation of such Ordinary

Course Professional shall be deemed approved, without further order from the Court.  If an

objection is filed and such objection cannot be resolved within 20 days, the matter shall be set for

a hearing before the Court.

        12.      The Debtors propose that they be permitted to pay each Ordinary Course

Professional, without a prior application to the Court by such professional, 100% of the fees and

disbursements incurred, if the Debtors approve an appropriate invoice submitted by such

professional that sets forth in reasonable detail the nature of the services rendered and

disbursements actually incurred; *provided*, *however*, that, if any amount owed for an Ordinary

Course Professional's fees and disbursements exceeds a total of $150,000 per month per

professional on a "rolling basis," then the payments to such professional for such excess amounts

shall be subject to the prior approval of the Court in accordance with sections 330 and 331 of the

Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rules for the Southern District of

New York (the "Local Rules"), and the Fee Guidelines promulgated by the U.S. Trustee.  Paying

fees on a "rolling basis" would mean that an Ordinary Course Professional whose fees and

disbursements were less than $150,000 in any month would be eligible to apply the difference

between $150,000 and the amount billed in such month to any subsequent month in which fees

and disbursements exceed $150,000; *provided*, *however*, that payment during any such

subsequent month shall not exceed $175,000 per Ordinary Course Professional.  In addition, the

Debtors propose to cap payments to each Ordinary Course Professional at $2 million for the

entire period in which these chapter 11 cases are pending.  In the event that an Ordinary Course

Professional seeks more than $150,000 per month on a "rolling basis," that professional will be required to file a fee application for the full amount of its fees and expenses for that month in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the Fee Guidelines promulgated by the United States Trustee, and any and all orders of the Court.  The Debtors reserve the right to amend the monthly compensation limitations set forth in this paragraph upon notice and a hearing.

13.    Annexed hereto as <u>Exhibit C</u> is an initial list of the Ordinary Course Professionals identified by the Debtors as of the Commencement Date.  The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during these cases, as the need arises, and to otherwise supplement the list of Ordinary Course Professionals from time to time as necessary.  In such event, the Debtors propose to file a notice with the Court listing such additional Ordinary Course Professionals, and attaching to such notice the Ordinary Course Retention Affidavits and the Retention Questionnaires for each additional Ordinary Course Professional (collectively, the "<u>Supplemental Notice of Ordinary Course Professionals</u>"), and to serve the Supplemental Notice of Ordinary Course Professionals on the Reviewing Parties.  The Debtors further propose that the procedures and deadlines for Reviewing Parties to object to the retention, employment, or compensation of the additional Ordinary Course Professionals be the same as those set forth in paragraph 11 above for the Ordinary Course Professionals listed on <u>Exhibit C</u>.

**Employment of Ordinary Course
<u>Professional Should be Authorized</u>**

14.    Section 327(a) of the Bankruptcy Code provides that:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest

adverse to the estate, and that are disinterested persons, to represent or assist the
trustee in carrying out the trustee's duties under this title.

11.U.S.C. § 327(a). Section 327(e) of the Bankruptcy Code further provides that "with the

court's approval" a debtor may employ:

for a specified special purpose, other than to represent the trustee in conducting
the case, an attorney that has represented the debtor, if in the best interest of the
estate, and if such attorney does not represent or hold any interest adverse to the
debtor or to the estate with respect to the matter on which such attorney is to be
employed.

*Id.* at § 327(e).

15.     Section 328(a) of the Bankruptcy Code provides, in pertinent part, that the

trustee "with the court's approval, may employ or authorize the employment of a professional

person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and

conditions of employment…" *Id.* § 328(a). Section 330 of the Bankruptcy Code further

provides, in pertinent part, that:

[a]fter notice to the parties in interest and the United States Trustee and a hearing,
and subject to sections 326, 328, and 329, the court may award to a…professional
person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services
rendered…by the professional person, or attorney and by any paraprofessional
person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

*Id.* at § 330.

16.     Section 105(a) of the Bankruptcy Code provides:

The court may issue any order, process, or judgment that is necessary or
appropriate to carry out the provisions of this title. No provision of this title
providing for the raising of an issue by a party in interest shall be construed to
preclude the court from, sua sponte, taking any action or making any
determination necessary or appropriate to enforce or implement court orders or
rules, or to prevent an abuse of process.

*Id.* at § 105(a).

17.     The Debtors submit that, in light of the additional costs associated with the preparation of employment applications for professionals who will receive relatively small fees, it is impractical and costly for the Debtors to submit individual applications and proposed retention orders for each Ordinary Course Professional as required by Bankruptcy Rules 2014 and 2016.  Accordingly, the Debtors request that this Court dispense with the requirement of individual employment applications and retention orders with respect to each Ordinary Course Professional.

18.     Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their creditors or other parties in interest that should preclude such professional from continuing to represent the Debtors, and thus, all of the Ordinary Course Professionals proposed to be retained meet the special counsel retention requirement under section 327(e) of the Bankruptcy Code.

19.     Retention and payment procedures similar to the procedures proposed herein have been approved by this and other courts and utilized in many chapter 11 cases.  *See, e.g., In re PRC LLC,* Case No. 08-10239 (MG) (Bankr. S.D.N.Y. March 13, 2008) [Docket No. 247];  *In re The New York Racing Assoc. Inc.*, Case No. 06-12618 (JMP) (Bankr. S.D.N.Y. Nov. 9, 2006) [Docket No. 35]; *In re Silicon Graphics, Inc., et al.*, Case No. 06-10977 (BRL) (Bankr. S.D.N.Y. May 31, 2006) [Docket No. 153]; *In re Parmalat USA Corp.*, Case No. 04-11139 (RDD) (Bankr. S.D.N.Y. Feb. 26, 2004) [Docket No. 56]; *In re Enron Corp.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 22, 2002) [Docket No. 1635]; *In re Bethlehem Steel Corp.*, Case

Nos. 01-15288 through 01-15302, 01-15308 through 01-15315 (BRL) (Bankr. S.D.N.Y. Oct. 15, 2001) [Docket No. 39].

### **Notice**

20.　　No trustee or examiner has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

21.　　No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**[The rest of this page was intentionally left blank]**

WHEREFORE the Debtors respectfully request that the Court grant the

relief requested herein and such other and further relief as it deems just and proper.

Dated:  October 13, 2008
        New York, New York

/s/ Richard P. Krasnow
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

## EXHIBIT A

**(Ordinary Course Professional Affidavit)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                          :
In re                                     :      **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :      **08-13555 (JMP)**
                                          :
                    **Debtors.**          :      **(Jointly Administered)**
                                          :
                                          :
------------------------------------------------------------------x

      **AFFIDAVIT AND DISCLOSURE STATEMENT OF _____,**

      **ON BEHALF OF _____**


STATE OF _____              )
                                    ) ss:
COUNTY OF _____               )

      _____, being duly sworn, upon his oath, deposes and says:

      1.    I am a [INSERT TITLE] of _____, located at

_____ (the "Firm").

      2.    Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"

and, collectively with their non-debtor affiliates, "Lehman"), have requested that the Firm

provide _____ services to the Debtors, and the Firm has consented to provide such services.

      3.    The Firm may have performed services in the past and may perform

services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties

in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is

retained in cases, proceedings, and transactions involving many different parties, some of whom

may represent or be claimants or employees of the Debtors, or other parties in interest in these

chapter 11 cases.  The Firm does not perform services for any such person in connection with

these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.      Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5.      Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

6.      The Debtors owe the Firm $_____ for prepetition services.

7.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.[1]

Subscribed and sworn to before me
this ___ day of _____, 2008

_____
        Notary Public

---

[1] If necessary.

## EXHIBIT B

**(Retention Questionnaire)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                             :

In re                                      :        **Chapter 11 Case No.**
                                             :

**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :        **08-13555 (JMP)**
                                             :

                    **Debtors.**         :        **(Jointly Administered)**
                                             :
                                           :
------------------------------------------------------------------x

<u>RETENTION QUESTIONNAIRE</u>

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEHMAN BROTHERS
HOLDINGS INC. OR ANY OF ITS DEBTOR AFFILIATES (collectively, the "<u>Debtors</u>")

<u>DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT</u>.
<u>RETURN IT FOR FILING BY THE DEBTORS, TO:</u>

      Weil, Gotshal & Manges LLP
      767 Fifth Avenue
      New York, New York 10153
      Attn:  Jennifer Sapp
              Christopher Stauble

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate.
If more space is needed, please complete on a separate page and attach.

      1.     Name and address of firm:

          _____

          _____

          _____

          _____

      2.     Date of retention:     _____

      3.     Type of services provided (accounting, legal, etc.):

          _____

_____

_____

4.    Brief description of services to be provided:

_____

_____

_____

5.    Arrangements for compensation (hourly, contingent, etc.)

_____

(a)    Average hourly rate (if applicable):

_____

(b)    Estimated average monthly compensation based on prepetition
retention (if firm was employed prepetition):

_____

6.    Prepetition claims against the Debtors held by the firm:

Amount of claim:    $_____

Date claim arose:    _____

Source of Claim:    _____

7.    Prepetition claims against the Debtors held individually by any member,
associate, or professional employee of the firm:

Name:    _____

Status:    _____

Amount of Claim:    $_____

Date claim arose:    _____

Source of claim:    _____

_____

_____

_____

8.    Stock of the Debtors currently held by the firm:

      Kind of shares:   _____

      No. of shares:    _____

9.    Stock of the Debtors currently held individually by any member, associate,
      or professional employee of the firm:

      Name:    _____

      Status:  _____

      _____

      Kind of shares:   _____

      No. of shares:    _____

10.   Disclose the nature and provide a brief description of any interest adverse to
      the Debtors or to their estates with respect to the matters on which the above-
      named firm is to be employed.

      _____

      _____

      _____

      _____

11.   Name of individual completing this form:

      _____

**EXHIBIT C**

**(Ordinary Course Professionals)**

| Professional | Address | Service Performed by Professional |
|---|---|---|
| MMOR Consulting | 575 Lexington – Suite 400 New York, NY 10022 | State and Local Audit Controversy |
| Kramer Levin Naftalis & Frankel LLP | 1177 Avenue of the Americas New York, NY 10036 | Employment Counsel |
| Thacher Proffitt & Wood LLP | Two World Financial Center New York, NY 10281 | Corporate and Real Estate Counsel |
| Ballard Spahr Andres & Ingersoll, LLP | Plaza 1000-Suite 500 Main Street Voorhees, NJ 08043 | Corporate and Real Estate Counsel |
| Andrews & Kurth LLP | 450 Lexington Ave. New York, NY 10017 | Corporate Counsel |
| Herrick & Feinstein LLP | One Gateway Center Newark, NJ 07102 | Corporate and Real Estate Counsel |
| Benesch, Fiedlander, Coplan & Arnoff LLP | 200 Public Square, #2300 Cleveland, OH 44114 | Corporate and Real Estate Counsel |
| Latham & Watkins, LLP | 885 Third Avenue New York, NY 10022-4834 | Corporate Counsel |
| Schulte, Roth & Zabel LLP | 919 Third Avenue New York, NY 10022 | Corporate Counsel |
| Heller Ehrman LLP[1] Peter J. Benvenutti | 333 Bush Street San Francisco, CA 94104 | Litigation Counsel[2] |
| White & Case LLP | ul. Marszałkowska 142 00-061 Warszawa Poland | Litigation Counsel in Warsaw |
| Freshfields Bruckhaus Deringer | Seilergrasse 16 1010 Vienna Austria | Litigation Counsel in Austria |

[1] The firm of Heller Ehrman LLP is currently in dissolution.  Peter J. Benvenutti, the primary attorney working on Lehman matters at Heller Ehrman, will be moving to a new firm in the future.  When that determination occurs, the Debtors will supplement the list of ordinary course professionals to include his new firm.

[2] Litigation Counsel is defined throughout the list of ordinary course professionals as counsel who represent Lehman Brothers Holdings Inc. or one of its affiliates in a Plaintiff capacity.

| Professional | Address | Service Performed by Professional |
|---|---|---|
| White & Case LLP | Jungfernstieg 51 (Prien-Haus) 20354 Hamburg Germany | Corporate Counsel in Hamburg |
| Dorsey & Whitney LLP | 136 South Main Street Suite 1000 Salt Lake City, UT 84101 | Litigation Counsel |
| Snell & Wilmer LLP | One Arizona Center Phoenix, AZ 85004 | Litigation Counsel in Arizona |
| Squire, Sanders & Dempsey L.L.P. | Two Renaissance Square 40 North Central Avenue Suite 2700 Phoenix, AZ  85004 | Litigation Counsel in Arizona |
| Lewis and Roca LLP | One South Church Ave. Suite 700 Tucson, Arizona 85701 | Litigation Counsel in Arizona |
| Hahn Loeser & Parks LLP | 200 Public Square Suite 2800 Cleveland, OH  44114 | Litigation Counsel in Ohio |
| Windels Marx Lane & Mittendorf, LLP | 56 West 56th Street, New York, NY 10019 | Real Estate Counsel |
| Woodbury & Santiago, P.A. | Two Datran Center - Ph 1A 9130 South Dadeland Blvd. Miami, Florida 33156 | Real Estate Counsel in Florida |
| Blake Cassels & Graydon LLP | 199 Bay Street Suite 2800 Commerce Court West Toronto, ON M5L, 1A9 Canada | Corporate Counsel in Toronto and Vancouver |
| Willkie Farr & Gallagher LLP | 787 Seventh Avenue New York, NY 10019 | Real Estate Counsel |
| Menter, Rudin & Trivelpiece, P.C. | 308 Maltbie Street, Suite 200 Syracuse, NY 13204-1498 | Litigation Counsel |
| Jeffer, Mangels, Butler & Marmaro | 1900 Avenue of the Stars 7th Floor Los Angeles, CA 90067 | Litigation and Real Estate Counsel in California |
| Click & Null, P.C. | 3475 Piedmont Road, #1910 Atlanta, GA 30305 | Corporate and Real Estate Counsel |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | 1285 Avenue of the Americas New York, NY 10019-6064 | Litigation Counsel |
| Foster, Graham, Milstein & Calisher, LLP | 621 Seventeenth Street, 19th Floor Denver, CO 80293 | Litigation and Real Estate Counsel |
| Reilly Pozner & Connelly  LLP | 511 16th Street Suite 700 | Litigation and Real Estate Counsel |

| *Professional* | *Address* | *Service Performed by Professional* |
| --- | --- | --- |
| | Denver, CO 80202 | |
| Akerman Senterfitt | Attorneys at Law<br>350 East Las Olas Blvd.<br>Suite 1600<br>Ft. Lauderdale, FL 33301 | Litigation and Real Estate Counsel |
| Baker & McKenzie LLP | 111 Brickell Avenue<br>Suite 1700<br>Miami, FL 33131 | Litigation and Real Estate Counsel |
| Gianni, Origoni Grippo & Partners | 20, Via delle Quattro Fontane<br>00184 | Italian Counsel |
| Kleyr Grasso Associes | Avocats À La Cour<br>122, Rue A. Fischer<br>B.P. 559 L-2015 Luxembourg | Luxembourg Counsel |
| Cederquist | Advokatfirman Cederquist KB<br>Hovslagargatan 3<br>P.O. Box 1670<br>111 96 Stockholm | Swedish Counsel |
| Mitsui Company | Akasaka 2.14 Plaza Bldg.<br>14-32, Akasaka 2-chome<br>Minato-ku, Tokyo 107-0052<br>Japan | Japanese Counsel |
| Oh-Ebashi LPC & Partners | 2F Kishimoto Building<br>2-1 Marunouchi 2-chome<br>Chiyoda-ku, Tokyo 100-0005<br>Japan | Japanese Counsel |
| Morrison & Foerster LLP | Shin-Marunouchi Building, 29th Floor<br>5-1, Marunouchi 1-chome<br>Chiyodaku, Tokyo 100-6529<br>Japan | Japanese Counsel |
| LS Horizon Ltd. | 14th Floor Diethelm Tower A<br>93/1 Wireless Road<br>Lumpini, Pathumwan, 2<br>Bangkok 10330<br>Thailand | Thai Counsel |
| Herbert Smith Ltd. | 1403 Abdulrahim Place<br>990 Rama IV Road<br>Bangkok 10500<br>Thailand | Thai Counsel |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                           :

In re                          :          Chapter 11 Case No.
                                           :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :         **08-13555 (JMP)**
                                         :

                     Debtors.      :          **(Jointly Administered)**
                                         :
                                         :
-------------------------------------------------------------------x

ORDER PURSUANT TO SECTIONS 105(a), 327, 328, AND 330
OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO
EMPLOY PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

            Upon the motion, dated October 13, 2008 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-

debtor affiliates, "Lehman"), pursuant to sections 105(a), 327, 328 and 330 of chapter 11 of the

title 11 of the United States Code (the "Bankruptcy Code") for authorization to employ

professionals utilized in the ordinary course of business (the "Ordinary Course Professionals"),

all as more fully described in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the order entered September 22, 2008 governing case management and

administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern

District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii)

the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission;

(v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of

New York; and (vii) all parties who have requested notice in these chapter 11 cases, and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their estates

and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy

Code, to the extent deemed necessary by the Debtors, the Debtors are authorized to employ, *nunc*

*pro tunc* to September 15, 2008, the Ordinary Course Professionals listed on <u>Exhibit C</u> hereto in

the ordinary course of their businesses in accordance with the procedures set forth herein,

effective as of the date of commencement of the Debtors' chapter 11 cases; and it is further

ORDERED that each Ordinary Course Professional shall provide the Debtors'

attorneys as promptly as possible following (i) the entry of an order granting this Motion, or (ii)

the date on which the Ordinary Course Professional commences services for the Debtors:  (a) an

affidavit (the "<u>Ordinary Course Professional Affidavit</u>"), substantially in the form annexed

hereto as <u>Exhibit A</u>, certifying that such Ordinary Course Professional does not represent or hold

any interest adverse to the Debtors or their estates with respect to the matter on which the

professional is to be employed; and (b) a completed retention questionnaire (the "<u>Retention</u>

<u>Questionnaire</u>"), substantially in the form annexed hereto as <u>Exhibit B</u>; and it is further

ORDERED that the Debtors' attorneys shall file the Ordinary Course Professional

Affidavits and Retention Questionnaires with the Court and serve a copy thereof upon the

Reviewing Parties (as defined below); and it is further

ORDERED that the Debtors are authorized to supplement the list of Ordinary

Course Professionals from time to time during these chapter 11 cases, as the need arises, and file

a notice with the Court listing such additional Ordinary Course Professionals and attach thereto

the relevant Ordinary Course Professional Affidavits and Retention Questionnaires (collectively,

the "Supplemental Notice of Ordinary Course Professionals"), and serve the Supplemental

Notice of Ordinary Course Professionals on the (i) U.S. Trustee, and (ii) attorneys for the official

committee of unsecured creditors appointed in these chapter 11 cases (together with the Debtors,

the "Reviewing Parties"); and it is further

ORDERED that the Reviewing Parties shall have 10 days after receipt of either

the Ordinary Course Professional Affidavit and the Retention Questionnaire, in the case of

Ordinary Course Professionals listed on Exhibit A, or the Supplemental Notice of Ordinary

Course Professionals, in the case of any additional Ordinary Course Professionals, to object to

the retention, employment or compensation of the Ordinary Course Professional stemming from

the contents of the Ordinary Course Professional Affidavit or the Retention Questionnaire (the

"Objection Deadline"); and it is further

ORDERED that if no objections are filed by the Objection Deadline, the

retention, employment, and compensation of the Ordinary Course Professional shall be deemed

approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a

hearing and without further order from the Court; *provided*, *however*, that if an objection is filed

and any such objection cannot be resolved within 20 days, the matter shall be set for a hearing

before the Court; and it is further

ORDERED that the Debtors are authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the customary manner in the full amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices); *provided*, *however*, that the payments do not exceed $150,000 per month per Ordinary Course Professional on a "rolling basis"; and it is further

ORDERED that paying fees on a "rolling basis" shall mean that an Ordinary Course Professional whose fees and disbursements are less than $150,000 in any month will be eligible to apply the difference between $150,000 and the amount billed in such month to any subsequent month in which fees and disbursements exceed $150,000; *provided*, *however*, that the payment to any Ordinary Course Professional in any such subsequent month shall not exceed $175,000; and it is further

ORDERED that payment to any one Ordinary Course Professional shall not exceed $2 million for the entire period in which these chapter 11 cases are pending; and it is further

ORDERED that in the event payment to any Ordinary Course Professional exceeds $2 million for the entire period in which these chapter 11 cases are pending, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code; and it is further

ORDERED that in the event that an Ordinary Course Professional seeks more

than $150,000 per month on a rolling basis, that professional will be required to file a fee

application for the full amount of its fees and expenses for that month in accordance with

sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules for the Southern District of New York, the Fee Guidelines promulgated

by the U.S. Trustee, and any and all orders of the Court; and it is further

ORDERED that the Debtors reserve the right to amend the monthly compensation

limitations set forth in this order upon notice and hearing; and it is further

ORDERED that this Order shall not apply to any professional retained by the

Debtors pursuant to a separate order of the Court.

Dated: _____ ____, 2008
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

**(Ordinary Course Professional Affidavit)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                    :
In re                                                               :          **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                        :          **08-13555 (JMP)**
                                                                    :
                                    **Debtors.**                    :          **(Jointly Administered)**
                                                                    :
                                                                    :
-------------------------------------------------------------------x

      **AFFIDAVIT AND DISCLOSURE STATEMENT OF _____,**

      **ON BEHALF OF _____**


STATE OF _____                         )
                                               ) ss:
COUNTY OF _____                          )

      _____, being duly sworn, upon his oath, deposes and says:

      1.     I am a [INSERT TITLE] of _____, located at
_____ (the "Firm").

      2.     Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"

and, collectively with their non-debtor affiliates, "Lehman"), have requested that the Firm

provide _____ services to the Debtors, and the Firm has consented to provide such services.

      3.     The Firm may have performed services in the past and may perform

services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties

in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is

retained in cases, proceedings, and transactions involving many different parties, some of whom

may represent or be claimants or employees of the Debtors, or other parties in interest in these

chapter 11 cases.  The Firm does not perform services for any such person in connection with

these chapter 11 cases.  In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.    Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5.    Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

6.    The Debtors owe the Firm $_____ for prepetition services.

7.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.[1]

Subscribed and sworn to before me
this ____ day of _____, 2008

_____
      Notary Public

_____
[1] If necessary.

# **EXHIBIT B**

## **(Retention Questionnaire)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                    :
In re                                               :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*        :        **08-13555 (JMP)**
                                                    :
                         **Debtors.**               :        **(Jointly Administered)**
                                                    :
                                                    :
----------------------------------------------------------------x

<u>**RETENTION QUESTIONNAIRE**</u>

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEHMAN BROTHERS
HOLDINGS INC. OR ANY OF ITS DEBTOR AFFILIATES (collectively, the "<u>Debtors</u>")

<u>DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT</u>.
<u>RETURN IT FOR FILING BY THE DEBTORS, TO:</u>

      Weil, Gotshal & Manges LLP
      767 Fifth Avenue
      New York, New York 10153
      Attn:  Jennifer Sapp
             Christopher Stauble

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate.
If more space is needed, please complete on a separate page and attach.

    1.      Name and address of firm:

        _____

        _____

        _____

        _____

    2.      Date of retention:   _____

    3.      Type of services provided (accounting, legal, etc.):

        _____

_____

_____

4.  Brief description of services to be provided:

_____

_____

_____

5.  Arrangements for compensation (hourly, contingent, etc.)

_____

(a)  Average hourly rate (if applicable):

_____

(b)  Estimated average monthly compensation based on prepetition
retention (if firm was employed prepetition):

_____

6.  Prepetition claims against the Debtors held by the firm:

Amount of claim:     $_____

Date claim arose:     _____

Source of Claim:     _____

7.  Prepetition claims against the Debtors held individually by any member,
associate, or professional employee of the firm:

Name:  _____

Status:  _____

Amount of Claim:  $_____

Date claim arose:  _____

Source of claim:  _____

_____

_____

_____

8.   Stock of the Debtors currently held by the firm:

Kind of shares: _____

No. of shares: _____

9.   Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

Name: _____

Status: _____

_____

Kind of shares: _____

No. of shares: _____

10.   Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

_____

_____

_____

_____

11.   Name of individual completing this form:

_____

**EXHIBIT C**

**(Ordinary Course Professionals)**

| Professional | Address | Service Performed by Professional |
|---|---|---|
| MMOR Consulting | 575 Lexington – Suite 400 New York, NY 10022 | State and Local Audit Controversy |
| Kramer Levin Naftalis & Frankel LLP | 1177 Avenue of the Americas New York, NY 10036 | Employment Counsel |
| Thacher Proffitt & Wood LLP | Two World Financial Center New York, NY 10281 | Corporate and Real Estate Counsel |
| Ballard Spahr Andres & Ingersoll, LLP | Plaza 1000-Suite 500 Main Street Voorhees, NJ 08043 | Corporate and Real Estate Counsel |
| Andrews & Kurth LLP | 450 Lexington Ave. New York, NY 10017 | Corporate Counsel |
| Herrick & Feinstein LLP | One Gateway Center Newark, NJ 07102 | Corporate and Real Estate Counsel |
| Benesch, Fiedlander, Coplan & Arnoff LLP | 200 Public Square, #2300 Cleveland, OH 44114 | Corporate and Real Estate Counsel |
| Latham & Watkins, LLP | 885 Third Avenue New York, NY 10022-4834 | Corporate Counsel |
| Schulte, Roth & Zabel LLP | 919 Third Avenue New York, NY 10022 | Corporate Counsel |
| Heller Ehrman LLP[1] Peter J. Benvenutti | 333 Bush Street San Francisco, CA 94104 | Litigation Counsel[2] |
| White & Case LLP | ul. Marszałkowska 142 00-061 Warszawa Poland | Litigation Counsel in Warsaw |
| Freshfields Bruckhaus Deringer | Seilergrasse 16 1010 Vienna Austria | Litigation Counsel in Austria |

---

[1] The firm of Heller Ehrman LLP is currently in dissolution. Peter J. Benvenutti, the primary attorney working on Lehman matters at Heller Ehrman, will be moving to a new firm in the future. When that determination occurs, the Debtors will supplement the list of ordinary course professionals to include his new firm.

[2] Litigation Counsel is defined throughout the list of ordinary course professionals as counsel who represent Lehman Brothers Holdings Inc. or one of its affiliates in a Plaintiff capacity.

| Professional | Address | Service Performed by Professional |
|---|---|---|
| White & Case LLP | Jungfernstieg 51 (Prien-Haus) 20354 Hamburg Germany | Corporate Counsel in Hamburg |
| Dorsey & Whitney LLP | 136 South Main Street Suite 1000 Salt Lake City, UT 84101 | Litigation Counsel |
| Snell & Wilmer LLP | One Arizona Center Phoenix, AZ 85004 | Litigation Counsel in Arizona |
| Squire, Sanders & Dempsey L.L.P. | Two Renaissance Square 40 North Central Avenue Suite 2700 Phoenix, AZ  85004 | Litigation Counsel in Arizona |
| Lewis and Roca LLP | One South Church Ave. Suite 700 Tucson, Arizona 85701 | Litigation Counsel in Arizona |
| Hahn Loeser & Parks LLP | 200 Public Square Suite 2800 Cleveland, OH  44114 | Litigation Counsel in Ohio |
| Windels Marx Lane & Mittendorf, LLP | 56 West 56th Street, New York, NY 10019 | Real Estate Counsel |
| Woodbury & Santiago, P.A. | Two Datran Center - Ph 1A 9130 South Dadeland Blvd. Miami, Florida 33156 | Real Estate Counsel in Florida |
| Blake Cassels & Graydon LLP | 199 Bay Street Suite 2800 Commerce Court West Toronto, ON M5L, 1A9 Canada | Corporate Counsel in Toronto and Vancouver |
| Willkie Farr & Gallagher LLP | 787 Seventh Avenue New York, NY 10019 | Real Estate Counsel |
| Menter, Rudin & Trivelpiece, P.C. | 308 Maltbie Street, Suite 200 Syracuse, NY 13204-1498 | Litigation Counsel |
| Jeffer, Mangels, Butler & Marmaro | 1900 Avenue of the Stars 7th Floor Los Angeles, CA 90067 | Litigation and Real Estate Counsel in California |
| Click & Null, P.C. | 3475 Piedmont Road, #1910 Atlanta, GA 30305 | Corporate and Real Estate Counsel |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | 1285 Avenue of the Americas New York, NY 10019-6064 | Litigation Counsel |
| Foster, Graham, Milstein & Calisher, LLP | 621 Seventeenth Street, 19th Floor Denver, CO 80293 | Litigation and Real Estate Counsel |
| Reilly Pozner & Connelly  LLP | 511 16th Street Suite 700 | Litigation and Real Estate Counsel |

| Professional | Address | Service Performed by Professional |
|---|---|---|
| | Denver, CO 80202 | |
| Akerman Senterfitt | Attorneys at Law<br>350 East Las Olas Blvd.<br>Suite 1600<br>Ft. Lauderdale, FL 33301 | Litigation and Real Estate Counsel |
| Baker & McKenzie LLP | 111 Brickell Avenue<br>Suite 1700<br>Miami, FL 33131 | Litigation and Real Estate Counsel |
| Gianni, Origoni Grippo & Partners | 20, Via delle Quattro Fontane<br>00184 | Italian Counsel |
| Kleyr Grasso Associes | Avocats À La Cour<br>122, Rue A. Fischer<br>B.P. 559 L-2015 Luxembourg | Luxembourg Counsel |
| Cederquist | Advokatfirman Cederquist KB<br>Hovslagargatan 3<br>P.O. Box 1670<br>111 96 Stockholm | Swedish Counsel |
| Mitsui Company | Akasaka 2.14 Plaza Bldg.<br>14-32, Akasaka 2-chome<br>Minato-ku, Tokyo 107-0052<br>Japan | Japanese Counsel |
| Oh-Ebashi LPC & Partners | 2F Kishimoto Building<br>2-1 Marunouchi 2-chome<br>Chiyoda-ku, Tokyo 100-0005<br>Japan | Japanese Counsel |
| Morrison & Foerster LLP | Shin-Marunouchi Building, 29th Floor<br>5-1, Marunouchi 1-chome<br>Chiyodaku, Tokyo 100-6529<br>Japan | Japanese Counsel |
| LS Horizon Ltd. | 14th Floor Diethelm Tower A<br>93/1 Wireless Road<br>Lumpini, Pathumwan, 2<br>Bangkok 10330<br>Thailand | Thai Counsel |
| Herbert Smith Ltd. | 1403 Abdulrahim Place<br>990 Rama IV Road<br>Bangkok 10500<br>Thailand | Thai Counsel |