**Hearing Date: October 16, 2008 at 10 a.m.**
**Objections Deadline: October 14, 2008**

**TUCKER ARENSBERG, P.C.**
Bradley S. Tupi, Esq. (BST 1202)
Beverly Weiss Manne, Esq. (PA 34545)
Michael A. Shiner, Esq. (PA 78088)
Gary P. Hunt, Esq. (PA 23556)
1500 One PPG Place
Pittsburgh, Pennsylvania 15222
Phone: 412-594-5525
Fax: 412-594-5619
Email: btupi@tuckerlaw.com
       bmanne@tuckerlaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                      ) Chapter 11 Case
                                                      )
LEHMAN BROTHERS HOLDINGS, INC., et al.    ) Case No. 08-13555 (JMP)
                                                      )
                                                      ) Jointly Administered
                       Debtors.         )
                                                      ) Relates to Document No. 669
---------------------------------------------------------------x

**RESPONSE AND LIMITED OBJECTION OF FEDERAL HOME LOAN BANK OF
PITTSBURGH TO DEBTORS' MOTION: (A) FOR AUTHORIZATION TO
(i) CONTINUE USING EXISTING CENTRALIZED CASH MANAGEMENT SYSTEM,
AS MODIFIED, (ii) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED TO
THE USE OF THE CASH MANAGEMENT SYSTEM, AND (iii) MAINTAIN EXISTING
BANK ACCOUNTS AND BUSINESS FORMS; AND (B) FOR AN EXTENSION OF
TIME TO COMPLY WITH SECTION 345(b) OF THE BANKRUPTCY CODE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

      The Federal Home Loan Bank of Pittsburgh ("FHLB"), makes this limited objection (the

"Limited Objection") to the Debtors' Motion For Order Pursuant To Sections 105(A), 345(B),

363(B), 363(C) And 364(A) of The Bankruptcy Code and Bankruptcy Rules 6003 and 6004:

(A) For Authorization To: (i) Continue Using Existing Centralized Cash Management System,

As Modified, (ii) Honor Certain Prepetition Obligations Related to the Use of the Cash Management System, and (iii) Maintain Existing Bank Accounts and Business Forms; and (B) For an Extension of Time To Comply With Section 345(B) of the Bankruptcy Code (the "Motion"). In support of this Limited Objection, the Federal Home Loan Bank of Pittsburgh respectfully represents as follows:

## BACKGROUND

1. On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI"), Lehman Brothers, Inc. ("LBI"), and LB 745 LLC ("LB 745"), filed Chapter 11 petitions in this Court, which are being jointly administered at Bankruptcy No. 08-13555 (JMP).

2. On Friday evening, October 3, 2008, Lehman Brothers Special Financing, Inc. ("LBSF") filed a chapter 11 Petition at Bankruptcy Case No. 08-13888, as did certain other subsidiaries of LBHI (Collectively, the "Debtors").

3. Debtors are authorized to continue to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On or about October 3, 2008, LBHI filed the Motion[1].

5. In the Motion LBHI, *inter alia*: acknowledges: (a) that it engaged in the practice of sweeping cash from the accounts maintained by subsidiaries into a central operating account; (b) that the transactions involving LBSF did rely upon the cash management system to some degree; and (c) that "excess cash" from the LBSF transactions were transferred to either the main

---

[1] While the Motion does not include LBSF within its moving parties, the Debtors have filed (i) Motion for Order Pursuant to Section 105(A) Of The Bankruptcy Code Directing That Certain Orders and Other Pleadings Entered Or Filed In The Chapter 11 Cases of Affiliated Debtors Be Made Applicable to Recently Filed Cases, and (ii) Debtors' Motion Pursuant to Rule 1015(B) Of The Federal Rules of Bankruptcy Procedure Requesting Joint Administration of Chapter 11 Cases. Thus, a response with respect to LBSF issues is appropriate at this time.

Page 2

operating account of Lehman Brothers Holdings Inc. or to the United Kingdom Operating Account, depending upon whether the cash was generated through U.S. transactions or European transactions.

6. In the Motion, the Debtors seek, among other things, to fund expenses for Lehman's unregulated businesses through cash proceeds from the sale of assets, including the sale to Barclays, and to move Sales Proceeds cash to the LBHI's Main Operating Account, to fund non-debtor affiliates, and to continue collection, concentration and disbursement, including intercompany transfers of cash.

### FHLB's Assets

7. FHLB and LBSF were parties to certain derivative transactions (the "Transactions") pursuant to an International Swap Dealers Association, Inc. ("ISDA") Master Agreement dated as of June 26, 1997, and amended as of April 21, 2003, and schedules, annexes, including a Credit Support Annex (the "CSA"), and amendments thereto (collectively the "Master Agreement"). LBHI was a Credit Support Provider, as set forth in the Master Agreement, and LBHI guaranteed LBSF's obligations to FHLB under the Master Agreement.

8. The Master Agreement required LBSF and FHLB to provide collateral to secure their respective obligations to the other party in connection with the Transactions contemplated by the Master Agreement (the "FHLB Posted Collateral"). The Master Agreement provided that the FHLB Posted Collateral was to be held in "a segregated account, apart from any account which holds [LBSF's] own cash or securities. A segregated account shall at all times indicate[ ] that property held therein is property of [FHLB]". FHLB Posted Collateral remained at all times property of FHLB and LBSF had no ownership interest whatsoever in the FHLB Posted Collateral. The Master Agreement also requires the immediate return of all collateral provided

Page 3

BANK_FIN:336982-4 020260-138012

by FHLB, plus interest thereon, net of transfers to cover outstanding obligations, upon the occurrence or designation of an "Early Termination Date" resulting from an "Event of Default" by LBSF.

9.  Due to the LBHI Bankruptcy (an Event of Default under the Master Agreement), FHLB as the non-defaulting party designated September 19, 2008 as the Early Termination Date in respect of all outstanding Transactions under the Master Agreement by letter to LBSF and LBHI dated September 19, 2008.

10. As of September 19, 2008, the amount of the FHLB Posted Collateral was in excess of $316,000,000.

11. On October 2, 2008, FHLB sent a final settlement notice to LBSF pursuant to the Master Agreement whereby FHLB authorized the transfer of approximately $275 million to LBSF from the FHLB Posted Collateral and demanded the return of the balance of the FHLB Posted Collateral, approximately $41 million, plus default interest (the "FHLB Collateral Balance").

12. LBSF failed to return the FHLB Collateral Balance to FHLB on October 3, 2008, as required under the Master Agreement and has failed to respond to inquiries concerning the FHLB Posted Collateral.

**OBJECTION**

13. LBSF was never authorized to transfer the FHLB Posted Collateral to LBHI or other affiliates. To the extent that LBHI transferred either FHLB Posted Collateral or the FHLB Collateral Balance, the Debtors should not be permitted:

> (i) use the FHLB Collateral Balance, as the Debtors have obtained neither court authority to use the FHLB Collateral Balance nor the consent of FHLB to the use of the FHLB Posted Collateral (see 11 U.S.C. § 363(2);

BANK_FIN:336982-4 020260-138012

(ii)    disperse that cash or proceeds through countless transactions that will make tracing impossible or impracticable. LBSF has never accounted for the FHLB Collateral Balance or FHLB Collateral Balance; or

(iii)   otherwise dispose of transfer, hypothecate, pledge, encumber the FHLB Collateral Balance.

14.    FHLB further objects to the Motion to the extent the Motion implicitly or explicitly ratifies a prior, unauthorized transfer of the FHLB Collateral Balance or implicitly or explicitly authorizes a future transfer of the FHLB Collateral Balance, because the FHLB Collateral Balance is property of FHLB, not property of the Debtors, and the Debtors were not and are not authorized to use FHLB's cash, nor have the Debtors proposed any protections to FHLB by virtue of a prior or ongoing use of FHLB's cash and the proceeds thereof. Furthermore, any transfer of the FHLB Collateral Balance (by LBSF or any of its affiliates including LBHI) may well be a fraudulent transfer designed to hinder FHLB's recovery of the FHLB Collateral.

15.    FHLB requests that any Order approving the Motion explicitly provide that: Debtors shall immediately account to FHLB for the FHLB Collateral Balance; no relief granted therein shall constitute an authorization for the prior, present or future use by the Debtors of the FHLB Collateral Balance; and nothing therein shall prejudice, impair, waive or otherwise affect the rights of FHLB.

## CONCLUSION

16.    For all of the foregoing reasons, the Federal Home Loan Bank of Pittsburgh respectfully requests that the Court: (i) order Debtors to account to FHLB for the FHLB Posted Collateral; (ii) provide that no relief granted to the Debtors on account of the Motion shall constitute an authorization for the prior, present or future use by the Debtors of the FHLB Collateral Balance; (iii) provide that nothing in any Order entered on the Motion prejudice,

BANK_FIN:336982-4 020260-138012

impair, waive or otherwise affect the rights of FHLB; and (iv) grant the Federal Home Loan Bank of Pittsburgh such other relief as is just, proper and equitable.

Dated: October 13, 2008

Respectfully submitted,

/s/ *Beverly Weiss Manne*
Bradley S. Tupi (BST1202)
Beverly Weiss Manne (PA 34545)
Gary P. Hunt (PA
Michael A. Shiner (PA 78088)
1500 One PPG Place
Pittsburgh, PA  15222
Phone: (412) 566-1212
Fax: (412) 594-5619
email: bmanne@tuckerlaw.com
   btupi@tuckerlaw.com
   ghunt@tuckerlaw.com
   mshiner@tuckerlaw.com

Attorneys for Federal Home Loan Bank of Pittsburgh

BANK_FIN:336982-4 020260-138012