KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of Americas
New York, New York 10036
Thomas Moers Mayer
P. Bradley O'Neill
Amy Caton
Tel: 212-715-9100
Fax: 212-715-8000

Attorneys for The Bank of New York Mellon Trust Company, N.A.

_____
                                                )
In re:                                          )    Chapter 11
                                                )
LEHMAN BROTHERS HOLDINGS INC, *et al.*,         )    Case No. 08-13555 (JMP)
                                                )
            Debtors.                            )    (Jointly Administered)
_____)

**BANK OF NEW YORK MELLON'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS**

   The Bank of New York Mellon Trust Company, N.A., as indenture trustee, pursuant to Fed R. Civ. P. 34, made applicable to these proceedings pursuant to Fed. R. Bankr. P. 7034, requests that the above captioned debtors produce the following documents to the offices of Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, at a time to be determined by the Court.

**Instructions**

   1. Unless otherwise specified in any request, furnish documents generated, transmitted or received on or after January 1, 2006 or otherwise relating to the period from January 1, 2006 to the present.

   2. In responding to each request, furnish all documents that are available to you.

   3. All documents are to be produced as kept in the usual course of business or organized and labeled to correspond with the categories in this request.

KL2 2576937.1

4. The file folder or other container in which a document is kept is deemed to be an integral part of the document and shall be produced with the document.

5. Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular request or the subject matter thereof.

6. If in answering these requests, you claim any ambiguity in interpreting either these requests or a definition or instruction applicable thereto, you shall not use such claims as a basis for refusing to respond, but shall identify as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

7. If you object to any part of a document request, produce documents responsive to all parts of the request to which you do not object.

8. These document requests shall be deemed continuing so as to require supplementation if you or your attorneys or agents become aware of, receive or generate additional documents responsive to these requests after the time of the initial response.

9. If any document called for by this request is withheld under a claim of privilege, furnish a list setting forth for each document: (i) the nature of the privilege (including attorney work product) that is being claimed; (ii) the type of document (*e.g.,* letter, memo, handwritten notes); (iii) the general subject matter of the document; (iv) the date of the document; and (v) such other information as is sufficient to identify the document for a *subpoena duces tecum*, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressees to each other.

KL2 2576937.1

10. If there are no documents responsive to a specific request, so state in writing.

11. If any document requested was, but is no longer, in your possession, custody or control, state the subject matter of the document, what disposition was made of it, and the date or dates on which such disposition was made. Additionally, produce all documents concerning the disposition of such document.

12. If you are unable to locate any document requested, state all efforts that have been made to locate it, and identify any individual who you believe is likely to possess any information regarding the present location of the document.

13. If you know of any documents responsive to a particular request but cannot produce them, so state, produce the documents within your possession, custody or control on the subject matter sought, and identify each person whom you believe has documents responsive to the request.

### **Definitions**

1. Pursuant to Rule 7026-1 of the local rules of the United States Bankruptcy Court for the Southern District of New York, the uniform definitions set forth in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York are hereby incorporated by reference as if fully set forth herein.

2. "Concerning" shall mean directly or indirectly concerning, mentioning, describing, pertaining to, being connected with or reflected upon a stated subject matter.

3. "Eagle Energy" shall mean Eagle Energy Partners I, LP, as well as its present and former officers, directors, agents, employees, representatives, successors and all other persons acting or purporting to act on its behalf.

4. "Gas Purchase Agreement" shall mean that certain Agreement for Purchase and Sale of Natural Gas dated April 1, 2008 by and between LBCS and Main Street Natural gas, Inc.

5. "Intercompany Loan" shall have the meaning set forth in the Purchase Agreement.

6. "Intercompany Receivable" shall have the meaning set forth in the Purchase Agreement.

7. "LBCS" shall mean Lehman Brothers Commodity Services Inc., as well as its present and former officers, directors, agents, employees, representatives, successors and all other persons acting or purporting to act on its behalf.

8. "LBHI" shall mean Lehman Brothers Holdings, Inc., as well as its present and former officers, directors, agents, employees, representatives, successors and all other persons acting or purporting to act on its behalf.

9. "Motion" shall mean the Debtors' Motion for Entry of an Order Pursuant to Sections 363 and 365 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 6004, 6006 and 9019 Authorizing Lehman Brothers Holdings Inc. to (A) Enter into a Partnership Interests Purchase Agreement, (B) Compromise and Release a Portion of an Intercompany Loan, and (C) Assign the Remainder of Such Intercompany Loan to Purchasers, dated October 1, 2008 (Docket No. 503).

10. "Operating Agreement" shall have the meaning set forth in the Purchase Agreement.

11. "Partnership Agreement" shall have the meaning set forth in the Purchase Agreement.

KL2 2576937.1

12. "Person" shall mean any individual, corporation, partnership, company, organization, association, governmental unit or any other identifiable entity.

13. "Purchase Agreement" shall mean the Purchase Agreement dated as of September 26, 2008 related to partner interests in Eagle Energy among the Sellers and the Purchasers.

14. "Purchasers" shall mean EDF Trading North America Management LLC and EDF Trading North America Inc., as well as their present and former officers, directors, agents, employees, representatives, successors and all other persons acting or purporting to act on their behalf.

15. "Sale" shall mean the sale of Eagle Energy as contemplated by the Motion.

16. "Sellers" shall mean (i) Eagle Energy Management, LLC, (ii) LBCS, (iii) LBMB Fund Eagle Energy Holdings LLC, (iv) LBMB Partners Eagle Energy Holdings LLC, (v) LBMB Fund (B) Eagle Energy Holdings LLC, (vi) LBMB Capital Partners V Eagle Energy Holdings LLC and (vii) LBHI, as well as their present and former officers, directors, agents, employees, representatives, successors and all other persons acting or purporting to act on their behalf.

17. "You" or "your" shall refer to any person to whom these documents requests have been addressed.

18. Whenever used herein, the singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means both "any and all"; the word "any" means "any and all".

**First Request For Documents**

Please produce the following documents that are within your possession, custody or control:

1. Any and all versions of the Partnership Agreement, including any amendments thereto.

2. Any and all versions of the Operating Agreement, including any amendments thereto.

3. All documents concerning the Intercompany Loan.

4. All documents concerning the Intercompany Receivable.

5. All documents concerning or evidencing any indebtedness by and between LBCS on the one hand and Eagle Energy on the other hand.

6. All documents concerning or evidencing any indebtedness by and between Eagle Energy on the one hand and LBHI on the other hand.

7. All schedules and exhibits to the Purchase Agreement.

8. Documents sufficient to show any and all transactions by, between and/or among LBCS on the one hand and Eagle Energy on the other hand.

9. Documents sufficient to show all transactions by, between and/or among LBHI on the one hand and Eagle Energy on the other hand.

10. Documents sufficient to show all transactions by, between and/or among LBHI on the one hand and LBCS on the other hand.

11. Documents sufficient to show the financial condition of LBCS as of the date LBCS commenced its chapter 11 case, including, but not limited to, financial statements, balance sheets, income statements, profit/loss statements, and cash flow statements.

KL2 2576937.1

12. Documents sufficient to show the use of any funds received by LBCS pursuant to the Gas Purchase Agreement.

13. All contracts and/or agreements to which both LBCS and Eagle Energy are parties.

14. All contracts and/or agreements to which both LBHI and Eagle Energy are parties.

15. All written consents, resolutions and minutes of any meetings of the board of directors of LBCS or any committee or subcommittee thereof concerning the Motion, the Purchase Agreement, the Intercompany Loan and/or the Intercompany Receivable.

16. All documents provided to or considered by the board of directors of LBCS or any committee or subcommittee thereof concerning the Motion, the Purchase Agreement, the Intercompany Loan and/or the Intercompany Receivable.

17. All written consents, resolutions and minutes of any meetings of the board of directors of LBHI or any committee or subcommittee thereof concerning the Motion, the Purchase Agreement, the Intercompany Loan and/or the Intercompany Receivable.

18. All documents provided to or considered by the board of directors of LBHI or any committee or subcommittee thereof concerning the Motion, the Purchase Agreement, the Intercompany Loan and/or the Intercompany Receivable.

19. All documents concerning the capitalization of Eagle Energy.

20. All documents concerning any efforts by LBCS, LBHI or Eagle Energy to obtain outside financing for the benefit of Eagle Energy.

21. All documents concerning Eagle Energy's use of the Intercompany Loan.

Dated: October 14, 2008

        KRAMER LEVIN NAFTALIS & FRANKEL LLP

        By: /s/ Amy Caton
            Amy Caton
            Thomas Moers Mayer
            P. Bradley O'Neill
            1177 Avenue of the Americas
            New York, New York 10036
            212-715-9100

        Attorneys for The Bank of New York Mellon Trust Company, N.A.

KL2 2576937.1