KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of Americas
New York, New York 10036
Thomas Moers Mayer
P. Bradley O'Neill
Amy Caton
Tel: 212-715-9100
Fax: 212-715-8000

Attorneys for The Bank of New York Mellon Trust Company, N.A.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LEHMAN BROTHERS HOLDINGS INC, *et al.*, | ) | Case No. 08-08-13555 (JMP) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rules 7026 and 7030 of the Federal Rules of Bankruptcy Procedure and Rules 26 and 30 of the Federal Rules of Civil Procedure, counsel for The Bank of New York Mellon Trust Company, N.A., as indenture trustee (the "Indenture Trustee"), will take the deposition upon oral examination of the representatives of Lehman Brothers Holdings Inc. and Lehman Brothers Commodity Services Inc. possessing the most knowledge regarding the topics listed on the attached Exhibit A, at the offices of Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, at a time and date to be set by the Court.

Dated: October 14, 2008         KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                By:  /s/ Amy Caton
                                     Amy Caton
                                     Thomas Moers Mayer
                                     P. Bradley O'Neill
                                     1177 Avenue of the Americas
                                     New York, New York 10036
                                     212-715-9100

                        Attorneys for The Bank of New York Mellon Trust Company, N.A.

KL2 2576974.2

## Exhibit A

## Definitions

The definitions set forth in the Indenture Trustee's First Request for Production of Documents dated October 14, 2008 are incorporated by reference herein.

## Topics upon Which a Designated Representative is Required to Testify

1. The Partnership Agreement.

2. The Operating Agreement.

3. The Gas Purchase Agreement.

4. The Intercompany Loan.

5. The Intercompany Receivable.

6. The Sale.

7. The financial condition of LBCS as of the date of the commencement of LBCS's chapter 11 case.

8. The use of any funds received by LBCS pursuant to the Gas Purchase Agreement.

9. The relationship between LBCS and Eagle Energy.

10. The relationship between LBHI and Eagle Energy.

11. Transactions by, between and/or among LBCS on the one hand and Eagle Energy on the other hand.

12. Transactions by, between and/or among LBHI on the one hand and Eagle Energy on the other hand.

13. Transactions by, between and/or among LBHI on the one hand and LBCS on the other hand.

KL2 2576974.2

14. Any actions or meetings of the board of directors of LBCS or any committee or subcommittee thereof concerning the Motion, the Purchase Agreement, the Intercompany Loan and/or the Intercompany Receivable.

15. Any actions or meetings of the board of directors of LBHI or any committee or subcommittee thereof concerning the Motion, the Purchase Agreement, the Intercompany Loan and/or the Intercompany Receivable.

16. The capitalization of Eagle Energy.

17. Any efforts by LBCS, LBHI or Eagle Energy to obtain outside financing for the benefit of Eagle Energy.

18. Eagle Energy's use of the Intercompany Loan.

KL2 2576974.2