Hearing Date: Oct. 16, 2008 10:00 a.m. (Eastern Time)
Objection Deadline: Oct. 14, 2008 5:00 p.m. (Eastern Time)

John D. Lovi, Esq. (JL-5928)
Lara E. Romansic, Esq. (LR-9236)
STEPTOE & JOHNSON LLP
750 Seventh Avenue
New York, NY 10019
Tel:    (212) 506-3900
Fax:    (212) 506-3950
Email:  jlovi@steptoe.com
        lromansic@steptoe.com
and

Robbin L. Itkin, Esq. (CA Bar No. 117105)
(*pro hac vice pending*)
Katherine C. Piper, Esq. (CA Bar No. 222828)
(*pro hac vice pending*)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Tel:    (310) 734-3200
Fax:    (310) 734-3300
Email:  ritkin@steptoe.com
        kpiper@steptoe.com

*Counsel for Korea Investment & Securities Co., Ltd.
and True Friend 4th Securitization Specialty Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Lehman Brothers Holdings, Inc., et al.,<br><br>                Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |

**LMIITED OBJECTION OF KOREA INVESTMENT & SECURITIES CO., LTD. AND TRUE FRIEND 4TH SECURITIZATION SPECIALTY CO., LTD. TO DEBTORS' MOTION TO (A) ESTABLISH SALES PROCEDURES; (B) APPROVE A SELLER TERMINATION FEE AND A REIMBURSEMENT AMOUNT; AND (C) APPROVE THE SALE OF THE PURCHASED ASSETS AND THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS RELATING TO THE PURCHASED ASSETS [DKT. NO. 694]**

Doc. #193054 v.2

Korea Investment & Securities Co., Ltd. ("KISC") and True Friend 4th Securitization Specialty Co., Ltd. ("True Friend"), by and through their counsel of record, hereby file this limited objection ("Limited Objection") to the *Debtors' Motion to (A) Establish Sales Procedures; (B) Approve a Seller Termination Fee and a Reimbursement Amount; and (C) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets* [LBHI Dkt. No. 694] (the "Sale Procedures Motion"), filed by Lehman Brothers Holdings, Inc. ("LBHI," collectively with its debtor and non-debtor affiliates, "Lehman Brothers").

## INTRODUCTION

True Friend is a fund that holds a senior Fixed Rate Credit Linked Note (Series Number 5497) (the "CLN") in the amount of approximately $318.6 million due July 15, 2010, which is managed by KISC.[1] The CLN was issued to KISC by Lehman Brothers Treasury Co. B.V. ("Lehman BV"), and guaranteed by LBHI, under the Lehman Brothers Holdings, Inc. Euro Medium-Term Note Program (the "EMTN Program"). The recent bankruptcy filings of LBHI (in the United States) and Lehman BV (in the Netherlands) constitute "Events of Default" under the EMTN Program providing for the acceleration of the CLN.

Through the Sale Procedures Motion and the accompanying Asset Purchase Agreement (the "APA"), LBHI seeks approval of a process by which Lehman Brothers intends to sell its Investment Management Division ("IMD"). However, it is not clear from the Sale Procedures Motion or related pleadings as to what specific assets are intended to be sold. Accordingly, while KISC and True Friend have no objection to Lehman Brothers' ultimate goal, they do object to the proposed sale to the extent that such sale includes any assets associated with the CLN Transaction, as further described below.

---

[1] KISC is the asset manager of True Friend.

## THE CREDIT-LINKED NOTE AND THE ASSOCIATED ASSETS

The CLN was issued to KISC as part of an integrated transaction (the "CLN Transaction") among Lehman Brothers, KISC and Kumho Industrial Co. Ltd. ("Kumho"), whereby the CLN was linked to that certain Kumho Industrial Co. Ltd. Fixed Rate Bond 5.75% due 2009. As part of the integrated CLN Transaction, KISC and True Friend understand that Lehman Brothers was a consortium partner with Kumho in Kumho's bid to purchase an approximately 72% controlling stake in Daewoo Engineering & Construction Co., Ltd. ("Daewoo") held by Korea Asset Management Co. ("KAMCO"). As part of this consortium commitment, it is believed that Lehman Brothers committed to purchase approximately KRW[2] 220bn of Daewoo stock (the "Daewoo Shares") as part of Kumho's bid.

In exchange for its consortium commitment, KISC and True Friend understand that Lehman Brothers received a put option from Kumho (the "Put Option") for the Daewoo Shares that guaranteed Lehman Brothers a positive return on its Daewoo investment if that investment was continuously held by Lehman Brothers for three years. KISC and True Friend understand that the Put Option was memorialized in a Shareholders Agreement between Kumho and an entity in the Lehman Brothers enterprise called Merit, LLC ("Merit"), a Delaware limited liability company believed to have been established as a special purpose vehicle by Lehman Brothers to hold the Daewoo Shares and the Put Option (together with the Daewoo Shares, the "CLN Assets"). As of the date of this Limited Objection, Merit has not sought relief under Chapter 11 of the Bankruptcy Code or similar law.

The CLN Assets are being held by Lehman Brothers <u>solely</u> to ensure that funds are available to redeem the CLN upon its maturity date, upon a credit event under the Final Terms of the CLN or upon an event of default under the EMTN Program. KISC and True Friend, therefore, assert an interest in the CLN Assets. KISC and True Friend, through their counsel, have attempted to meet with a representative of Lehman Brothers and its counsel to confirm the

---

[2] As used in this Objection, "KRW" means South Korean Won.

protected status of the CLN Assets and have informed Lehman Brothers' counsel that KISC should be given advance notice of any attempt by Lehman Brothers to dispose of Merit or the CLN Assets. To date, Lehman Brothers' counsel has represented that it has not yet located a person in the Lehman Brothers enterprise with knowledge of the CLN Transaction, Merit or the CLN Assets, and has failed to respond to the sale notice and meeting request. Therefore, the filing of this Limited Objection is necessary to protect KISC's and True Friend's interests in the CLN Assets in light of the pending Sale Procedures Motion.

## **LIMITED OBJECTION**

As stated above, KISC and True Friend do not object to the sale of the IMD business as proposed in the Sale Procedures Motion and the APA. However, KISC and True Friend must object to the sale to the extent that it includes any of the CLN Assets or Lehman Brothers' equity interests in Merit.

One of the Sellers[3] under the APA is Lehman ALI Inc. ("Lehman ALI"), an entity which does not appear to be the subject of a domestic or foreign insolvency proceeding. Lehman ALI holds 100% of the equity interests in Lehman Commercial Paper, Inc. ("LCPI"), according to LCPI's *Corporate Ownership Statement Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1) and Local Rule of Bankruptcy Procedure 1007-3* [LCPI Dkt. No. 2]. As set forth in the Lehman Brothers Form 10K dated as of November 30, 2007, Merit is a direct subsidiary of LCPI.

Accordingly, the language of the APA leaves open the possibility that Lehman ALI, as a Seller, may sell its equity interests in, or the assets of, LCPI and/or Merit as direct and indirect Subsidiaries of Lehman ALI. For example, pursuant to the APA, the Purchased Assets include:

> subject to Section 7.23, all of the assets of Seller and its Subsidiaries (other than the Acquired Subsidiaries) owned, held or used primarily in connection with the Business (other than the Excluded Assets), including

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the APA.

> (n) without duplication of any other Purchased Assets, *any or all of the equity interests in, or assets of, any direct or indirect Subsidiary of Seller that the Seller and Purchaser may mutually agree on or prior to the entry of the Sale Order* (in which case such Subsidiary will thereafter be considered an Acquired Subsidiary for all purposes of this Agreement) . . .

*See* APA, p. 26 (definition of "Purchased Assets" subparagraph (n)) (emphasis added).

It is unknown whether Merit or the CLN Assets are "used primarily in connection with the Business." While the Sale Procedures Motion indicates that Schedules 1.1(d) and 1.1(e) of the APA list the businesses and funds included in and excluded from the Business, respectively, and neither Merit nor the CLN Assets are listed thereon, in fact LCPI is a direct subsidiary of Lehman ALI (and Merit is a direct subsidiary of LCPI) according to Lehman Brothers' filings. Thus, the breadth of the definition of Purchased Assets under the APA and the ability of the Sellers and the Purchaser to add Subsidiaries to the list of Acquired Subsidiaries prior to the entry of the Sale Order, make it impossible for KISC and True Friend to know whether Merit and/or the CLN Assets will be included in the proposed sale upon the Closing.

In light of the foregoing, KISC and True Friend hereby object to the Sale Procedures Motion to the extent that either Merit or the CLN Assets are intended to be part of the proposed sale under the APA and hereby request that the Bid Procedures Order and Sale Order be modified to expressly state that neither Merit nor the CLN Assets shall be included in any sale transaction under the APA.

| | |
|---|---|
| Dated: New York, New York<br>October 14, 2008 | Respectfully submitted,<br><br>**STEPTOE & JOHNSON LLP**<br><br>By: _____<br>John D. Lovi, Esq. (JL-5928)<br>Lara E. Romansic, Esq. (LR-9236)<br>750 Seventh Avenue<br>New York, New York 10019<br>Tel: (212) 506-3900<br>Fax: (212) 506-3950<br>Email: jlovi@steptoe.com<br>            lromansic@steptoe.com<br><br>and<br><br>Robbin L. Itkin, Esq. (CA Bar No. 117105)<br>(*pro hac vice pending*)<br>Katherine C. Piper, Esq. (CA Bar No. 222828)<br>(*pro hac vice pending*)<br>STEPTOE & JOHNSON LLP<br>2121 Avenue of the Stars, Suite 2800<br>Los Angeles, California 90067<br>Tel:    (310) 734-3200<br>Fax:   (310) 734-3300<br>Email: ritkin@steptoe.com<br>             kpiper@steptoe.com<br><br>*Counsel for Korea Investment & Securities Co., Ltd.*<br>*and True Friend 4th Securitization Specialty Co., Ltd.* |