AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022-2524
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Michael S. Stamer (MS-4900)
Philip C. Dublin (PD-4919)
Sarah Link Schultz (admitted *pro hac vice*)

*Counsel for the Informal Noteholder Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re: : Chapter 11 Case No.
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.* : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
---------------------------------------------------------------x

**OBJECTION OF THE INFORMAL NOTEHOLDER GROUP TO
DEBTORS' MOTION PURSUANT TO SECTIONS 105(a), 345(b), 363(b), 363(c) AND
364(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6003 AND 6004 (A)
FOR AUTHORIZATION TO (i) CONTINUE USING EXISTING CENTRALIZED CASH
MANAGEMENT SYSTEM, AS MODIFIED, (ii) HONOR CERTAIN PREPETITION
OBLIGATIONS RELATED TO THE USE OF THE CASH MANAGEMENT SYSTEM,
AND (iii) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS; (B)
FOR AN EXTENSION OF TIME TO COMPLY WITH SECTION 345(b) OF THE
BANKRUPTCY CODE, AND (C) TO SCHEDULE A FINAL HEARING**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

The Informal Noteholder Group (the "Informal Noteholder Group"), consisting of certain

unaffiliated holders of senior and subordinated notes issued by Lehman Brothers Holdings Inc.

("LBHI" and, together with its debtor affiliates, the "Debtors" and, collectively with their non-

debtor affiliates, "Lehman"), by and through its undersigned counsel, hereby files this objection

(the "Objection") to the Debtors' Motion Pursuant to Sections 105(a), 345(b), 363(b), 363(c) and

364(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 (A) for Authorization to (i) Continue Using Existing Centralized Cash Management System, as Modified, (ii) Honor Certain Prepetition Obligations Related to the Use of the Cash Management System, and (iii) Maintain Existing Bank Accounts and Business Forms; (B) for an Extension of Time to Comply with Section 345(b) of the Bankruptcy Code, and (C) to Schedule a Final Hearing (the "Motion"). In support of this Objection, the Informal Noteholder Group respectfully represents as follows:[1]

## OBJECTION

1.  By the Motion, the Debtors seek authorization to, among other things, continue to utilize Lehman's prepetition cash management system (the "Cash Management System"). A significant function of the Cash Management System is to provide for the regular and systematic transfer of cash between Lehman entities. Motion at ¶ 9. In support of the Motion, the Debtors assert that "[t]he Debtors' Cash Management System constitutes ordinary course, essential business practices providing significant benefits to the Debtors including, inter alia, the ability to (i) control corporate funds, (ii) ensure the availability of funds when necessary, and (iii) reduce costs and administrative expenses by facilitating the movement of funds and the development of more timely and accurate account balance information." Id. at ¶ 33. While the Informal Noteholder Group recognizes the importance of the Cash Management System to preserving the value of the Debtors' estates, the Informal Noteholder Group believes it is inappropriate for a Debtor to have unfettered authority to transfer cash and other assets between Debtor and non-Debtor entities. To provide the Debtors' creditors with adequate assurance that intercompany transfers (both between Debtors and to non-Debtors) will be repaid or otherwise allocated

---

[1] All terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

properly, it is imperative that the Cash Management System be modified to address the following concerns:

- **Priority Status of Intercompany Advances**.  The current Cash Management System does not provide sufficient assurances that post-petition intercompany transfers will be repaid or otherwise properly allocated .  The Cash Management System should be modified to provide that post-petition intercompany advances between Debtor entities be treated as loans, supported by market-rate interest bearing notes, and accorded superpriority administrative expense status.  In addition, post-petition transfers between Debtor and non-Debtor entities should also be documented by market-rate interest bearing notes.  Moreover, the notes issued to any Debtor that transfers cash or other assets to or on behalf of a non-Debtor should be secured by the non-Debtor's assets.  Absent the grant of a security interest, the Debtor transferee will not be adequately assured of repayment in the event the non-Debtor eventually seeks bankruptcy protection.

- **Oversight of Intercompany Advances**.  As part of the Cash Management System, LBHI funds shortfalls in cash for various Lehman entities on a regular basis.  The Motion seeks to continue this process without any assurance that the borrowing entities are creditworthy and able to repay such loans.  The Informal Noteholder Group recognizes that the Debtors' cases are unique and, accordingly, may require the Court to approve unusual requests – for example, the regular transfer of assets between Debtor and non-Debtor entities.  This does not mean, however, the Debtors are entitled to dispense with all third-party oversight.  Rather, given the uncertainty and lack of transparency surrounding Lehman's ongoing operations and obligations, it is imperative that increased oversight provisions be built into the Cash Management System.  To that end, the Informal Noteholder Group proposes that the Debtors provide the Official Committee of Unsecured Creditors of Lehman Brothers Holding, Inc., *et al*. (the "Creditors' Committee") with 5 days notice of any intercompany transfers in excess of appropriate threshold amounts acceptable to the Creditors' Committee.  If the Creditors' Committee does not object to the proposed transfer, the Debtors will be authorized to make such intercompany transfer (subject to the conditions set forth in the proceeding paragraph).  If the Creditors' Committee provides the Debtors with written notice of an objection to the proposed intercompany transfer, the Debtors may only make such transfer following a further hearing before this Court, which may be scheduled on an expedited basis.

- **Periodic Intercompany Claims Reports**.  To ensure transparency during these cases, the Debtors should be required to include details regarding intercompany transfers in their publicly filed monthly operating reports.

2. Absent modifications to address the foregoing concerns, the Informal Noteholder Group believes a substantial likelihood exists that the Cash Management System will allow for the transfer assets of among the various Debtors' estates and to non-Debtor entities without

3

sufficient safeguards to protect the value and assets of the transferring Debtors for the benefit of their creditors.

## CONCLUSION

For all of the foregoing reasons, the Informal Noteholder Group respectfully requests that the Court (i) deny approval of the Motion absent the modifications discussed herein, and (ii) grant the Informal Noteholder Group such other relief as is just, proper and equitable.

Dated:  New York, New York
        October 14, 2008

AKIN GUMP STRAUSS HAUER & FELD LLP

By:  /s/ Michael S. Stamer
     Michael S. Stamer (MS-4900)
     Philip C. Dublin (PD-4919)
     Sarah Link Schultz (admitted *pro hac vice*)
     Akin Gump Strauss Hauer & Feld LLP
     590 Madison Avenue
     New York, New York 10022-2524
     (212) 872-1000 (Telephone)
     (212) 872-1002 (Facsimile)
     mstamer@akingump.com
     pdublin@akingump.com
     sschultz@akingump.com

     *Counsel for the Informal Noteholder Group*