Hearing Date: October 16, 2008 at 10:00 a.m. EST

Howard J. Weg (Cal. State Bar No. 91057)
David B. Shemano (DS 1224)
PEITZMAN, WEG & KEMPINSKY LLP
10100 Santa Monica Blvd., Suite 1450
Los Angeles, CA  90067
Tel. (310) 552-3100
Fax. (310) 552-3101

Rosanne Thomas Matzat (RM-6937)
HAHN & HESSEN LLP
350 Fifth Avenue
New York, New York 1018
212-736-1000

Attorneys for Avista Corporation and Powerex Corp.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al. | No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**RESPONSE OF AVISTA CORPORATION AND POWEREX CORP.|**
**TO MOTIONS FOR RULE 2004 EXAMINATION AND THE**
<u>**OPPOSITION OF THE DEBTORS AND OTHER PARTIES THERETO**</u>

Avista Corporation and Powerex Corp. (collectively, the "Interested Parties"), hereby submit their response to the motions for Rule 2004 examinations filed by Harbinger Capital Partners Special Situations Fund, Newport Global Opportunities Fund LP, and other parties (the "Rule 2004 Motions"), the joinders thereto, and the opposition filed by the above-captioned debtors (the "Debtors") and other parties to the Rule 2004 Motions.

I.

**THE CLAIMS OF THE INTERESTED PARTIES**

Avista Corporation ("Avista") and Lehman Brothers Commodity Services, Inc. ("LBCS") are parties to the Western Power Pool Agreement (the "Pool Agreement") and engaged in series of trading transactions pursuant to the Pool Agreement. Pursuant to a separate guaranty, Lehman Brothers Holdings, Inc. ("LBHI") guaranteed the obligations of LBCS. As a result of the bankruptcy filing by LBHI, Avista terminated all pending transactions with LBCS effective September 16, 2008. On September 17, 2008, Avista delivered a demand to LBCS for payment of a termination amount of $3,478,931. Avista has not received any payment from LBCS.

Powerex Corp. ("Powerex") and LBCS are parties to a certain ISDA Master Agreement (the "Powerex Master Agreement") and engaged in series of trading transactions pursuant to the Powerex Master Agreement. Pursuant to a separate guaranty, LBHI guaranteed the obligations of LBCS. As a result of the bankruptcy filing by LBHI, Powerex terminated all pending transactions with LBCS effective September 16, 2008. On September 18, 2008, Powerex delivered a demand to LBCS for payment of a termination amount of $4,792,665.98. Powerex has not received any payment from LBCS.

II.

**THE COURT SHOULD GRANT THE RULE 2004 MOTIONS AND/OR REQUIRE THE DEBTORS TO ESTABLISH A PROTOCOL FOR THE DISSEMINATION OF INFORMATION REQUESTED BY CREDITORS**

From the commencement of the LBHI case on September 15, the Interested Parties repeatedly attempted to obtain information from one or more individuals at LBHI, LBCS, or

Lehman Brothers Special Finance Inc. ("LBSF"), which is the parent of LBCS, concerning the status of their contracts, collateral and transactions with LBCS and/or LBSF, especially with respect to intercompany transfers of cash and collateral provided by counter-parties to trading transactions. The efforts of the Interested Parties to obtain any, let alone responsive, information were met with either silence or a statement that no information could be provided.

The Interested Parties have reviewed the Rule 2004 Motions and the opposition to the Rule 2004 Motions filed by the Debtors and other parties. The Interested Parties very much appreciate that the bankruptcy filings have created very unique burdens on Lehman personnel and that the personnel and their counsel would very much like to do things other than respond to inquiries from creditors such as the Interested Parties. However, the burdens on the personnel must be balanced against the very legitimate right of creditors to inquire about such fundamental issues as where collateral is presently located, when will the collateral be returned, how much cash belonging to LBCS and LBSF have been transferred to LBHI, etc. For these reasons, the Interested Parties join in the Rule 2004 Motions and seek the right to participate in all discovery and depositions that occur pursuant to Rule 2004.

If the Bankruptcy Court is not prepared to grant at this time the Rule 2004 Motions as filed, at minimum the Bankruptcy Court should order the Debtors to establish a protocol and deadlines for the dissemination of information requested by creditors such as the Interested Parties. The Debtors should not be permitted to continue to simply ignore legitimate inquiries. The Interested Parties suggest that the Debtors be required to propose categories of inquiries that the Debtors will be prepared to answer and provide contact information for the specific personnel to

whom the inquiries should be directed.  The protocol should require the Debtors to provide an answer (or an update concerning when an answer will be forthcoming) within a specified period of time.

While the Interested Parties cannot speak for other creditors, an answer from the Debtors to just a few specific questions would alleviate significant concerns that presently exist.  In the absence of such answers and instead the Debtors' continued refusal to respond to legitimate inquiries, the Interested Parties can only speculate concerning the status of these cases, including that perhaps the failure to provide information is due to the lack of any meaningful financial records or controls and, therefore, these cases need to proceed in a new direction to remedy the situation.

### III.

### CONCLUSION

For all the foregoing reasons, the Interested Parties request that the Court (1) grant the Rule 2004 Motions, (2) grant the Interested Parties the right to participate in all discovery and depositions that occur pursuant to Rule 2004, and/or (3) require the Debtors to establish a protocol and deadlines for the dissemination of information requested by creditors such as the Interested Parties.

Dated: Los Angeles, California
      October 14, 2008                              **PEITZMAN, WEG & KEMPINSKY LLP**
                                                Attorneys for Avista Corporation and
                                                Powerex Corp.

                                                By:    /s/ David B. Shemano
                                                      David B. Shemano (DS 1224)
                                                      10100 Santa Monica Blvd.
                                                      Suite 1450
                                                      Los Angeles, California 90067
                                                      (310) 552-3100

                                                        and

Dated: New York, New York
      October 14, 2008                                **HAHN & HESSEN LLP**
                                                  Attorneys for Avista Corporation and
                                                Powerex Corp.

                                               By:    /s/ Rosanne Thomas Matzat
                                                   Rosanne Thomas Matzat (RM-6937)
                                                   350 Fifth Avenue
                                                   New York, New York 1018
                                                   212-736-1000