Hearing Date: October 16, 2008, at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                     :    **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :    **08-13555 (JMP)**
                                              :
         **Debtors.**                         :    **(Jointly Administered)**
                                              :
                                              :
------------------------------------------------------------------x

# RESPONSE TO SUPPLEMENT TO MOTION OF NEWPORT GLOBAL OPPORTUNITIES FUND L.P. ET AL FOR LEAVE TO CONDUCT RULE 2004 DISCOVERY OF DEBTOR LEHMAN BROTHERS HOLDINGS INC.

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("*LBHI*") and its affiliated debtors (collectively, the "*Debtors*"), respond to the Supplement to Motion of Newport Global Opportunities Fund L.P., et al, for Leave to Conduct Rule 2004 Discovery of Debtor Lehman Brothers Holdings Inc. and respectfully shows:

1. As part of the Supplement to the Motion of Newport Global Opportunities Fund L.P., et al, is a copy of a letter dated October 8, 2008 addressed to the Debtors' attorneys, marked as Exhibit A to the Supplement.

2. Newport Global Opportunities Fund L.P., et al, neglected to also add to its Supplement a true and accurate copy of the response to the letter of October 8, 2008. Attached hereto is a true and accurate copy of the letter dated October 9, 2008 addressed to Andrew Dash, Esq., an attorney for Newport Global Opportunities Fund L.P., et al, marked as Exhibit 1 hereto. Because the letter of October 8, 2008 indicated a copy addressed to the Court, the Debtors deemed it appropriate to likewise address a copy of the letter to the Court.

3. The Supplement does not detract from the inappropriateness and unjustified requests for broad-based discovery with respect to the interests of entities who maintained customer accounts with Lehman Brothers Inc. (Europe). For all of the reasons stated in the objections to such examinations by the Debtors, the statutory Creditors' Committee and others, the Rule 2004 Motion of Newport Global Opportunities Fund L.P., et al, should be denied.

WHEREFORE the Rule 2004 Motions filed by Newport Global Opportunities Fund L.P., et al, should be denied and the Debtors granted such other and further relief as is just.

Dated: New York, New York
October 14, 2008

              */s/ Harvey R. Miller*
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit 1**

Letter from Harvey R. Miller, counsel to Lehman Brothers Holdings, Inc., to Andrew Dash, Esq., counsel to Newport Global Opportunities Fund L.P., et al, (Oct. 9, 2008).

# WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE
NEW YORK, NY 10153
(212) 310-8000
FAX: (212) 310-8007

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

HARVEY R. MILLER
DIRECT LINE (212) 310-8500
E-MAIL: harvey.miller@weil.com

October 9, 2008

**VIA ELECTRONIC MAIL**

Andrew Dash, Esq.
Brown Rudnick LLP
Seven Times Square
New York, New York 10036

   Re: **In re: Lehman Brothers Holdings Inc., et al
     Chapter 11 Case No. 08-13555 (JMP)**

Dear Andrew:

   Receipt of your letter dated October 8, 2008 hereby is acknowledged. You state in your letter that your client, Newport/PEP Funds, is limiting "the discovery requests set forth in their Rule 2004 motion filed on September 29, 2008 to furnish information solely related to [your] clients' property." In the motion, you set forth that your client and LBI "entered into respective Customer Account Agreements – Prime Brokerage and Margin lending Agreements *** pursuant to which LBI provided prime brokerage services to the Funds." It is also stated that your clients, on or around September 10, 2008, instructed "LBI to transfer assets held by LBIE [Lehman Brothers Inc. Europe] as collateral *** to Credit Suisse." [Paragraph 8].

   In respect of your now limited examination request, I note for your attention:

- The records, papers, etc. relating to your clients' accounts are under the control and in the possession of James Giddens, as Trustee in the pending proceedings under the Securities Investor Protection Act.

- The records, papers, etc. of LBIE are under the control and in the possession of PwC Joint Administrators in the insolvency proceedings pending in the Chancery Court in the United Kingdom. Lehman Brothers Holdings Inc. ("LBHI") may assert claims against LBIE and

NY2:\1925204\01\159HW01!.DOC\58399.0003

Andrew Dash, Esq.
October 9, 2008
Page 2

it essentially has been denied access to the records of LBIE. From the perspective of the PwC Joint Administrators, LBHI is a creditor and has no greater rights than any other creditor.

Accordingly, your requests are directed to the wrong parties. As we have stated to you previously, if appropriate in the circumstances that apply to those proceedings, you should be addressing the SIPC Trustee and the PwC Joint Administrators.

Your clients' motion indicates that Linklaters LLP, as attorneys for the Joint Administrators, "promised to look at [your clients' request] as a priority." [Paragraph 11]. As previously indicated in documents filed with the Bankruptcy Court, the PwC Joint Administrators have employed approximately 200 PwC accountants and 100 attorneys from Linklaters to assist in the administration of the substantially smaller business of LBIE.

Nonetheless, as appears from your clients' motion, you have received no information from the PwC Joint Administrators. We assume that that remains the case, despite the passage of almost ten days since your clients' motion was filed. That should give you some indication of the complexity of obtaining the information that you seek to obtain by examination from a Debtor which did not maintain your clients' accounts.

I hope that the foregoing is informative and that you and your clients will understand the difficulties that are being confronted in this very short period to deal with the primary priorities of organizing the administration of the Debtors' cases, the preservation of data and records, and the preservation and protection of value and recoveries. The Debtors wish to work cooperatively with all interested parties within the bounds of reasonableness and practicality. Your clients' situation is unfortunate, but not dissimilar to others as a result of the financial collapse of one of the world's largest investment banking firms.

Again, as previously stated, there is a statutory Creditors' Committee that has been diligently discharging its fiduciary obligations. As potentially unsecured creditors of the Debtors, your clients have access to that Committee, subject to appropriate confidentiality requirements.

Andrew Dash, Esq.
October 9, 2008
Page 3

        Should you wish to discuss the foregoing, please do not hesitate to contact me.

Very truly yours,

Harvey R. Miller

HRM/jp

cc:    Honorable James M. Peck (Via email)
        Dennis F. Dunne, Esq. (Via email)
        Sabin Willett, Esq. (Via email)
        Beverly Weiss Mann, Esq. (Via email)