Objection Deadline: October 14, 2008 @ 5:00 p.m.
Hearing Date: October 16, 2008 @ 10:00 a.m.

Dennis F. Dunne
Luc A. Despins
MILBANK, TWEED, HADLEY & M$^c$CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000

-and-

Paul Aronzon
Gregory A. Bray
MILBANK, TWEED, HADLEY & M$^c$CLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone:  (213) 892-4000

Proposed Counsel for Official
Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                                                   :
In re:                                                             :   Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,                             :   08-13555 (JMP)
                                                                   :
                        Debtors.                                   :   (Jointly Administered)
                                                                   :
------------------------------------------------------------------ x

**LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO DEBTORS' MOTION PURSUANT TO SECTIONS 105(a), 345(b),
363(b), 363(c) AND 364(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES
6003 AND 6004 (A) FOR AUTHORIZATION TO (i) CONTINUE USING EXISTING
CASH MANAGEMENT SYSTEM, AS MODIFIED, (ii) HONOR CERTAIN
PREPETITION OBLIGATIONS RELATED TO THE USE OF THE CASH
MANAGEMENT SYSTEM, AND (iii) MAINTAIN EXISTING BANK ACCOUNTS AND
BUSINESS FORMS; (B) FOR AN EXTENSION OF TIME TO COMPLY WITH
SECTION 345(b) OF THE BANKRUPTCY CODE;
<u>AND (C) TO SCHEDULE A FINAL HEARING</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Lehman

Brothers Holdings Inc. ("<u>LBHI</u>"), and its affiliated chapter 11 debtors and debtors in possession

(collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), hereby brings this limited objection (the "Objection") to the Debtors' Motion Pursuant To Sections 105(1), 345(b), 363(b), 363(c) and 364(a) of the Bankruptcy Code and Bankruptcy Rules[1] 6003 and 6004 (A) For Authorization To (i) Continue Using Existing Centralized Cash Management System, As Modified, (ii) Honor Certain Prepetition Obligations Related To The Use Of The Cash Management System, And (iii) Maintain Existing Bank Accounts And Business Forms; (B) For An Extension Of Time To Comply With Section 345(b) Of The Bankruptcy Code; And (C) To Schedule A Final Hearing, dated October 3, 2008 (as supplemented, the "Motion"), and respectfully states as follows:

## BACKGROUND

1.  Commencing on September 15, 2008, and periodically thereafter, the Debtors filed with this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"). On September 17, 2008, the Office of the United States Trustee appointed the Committee.

## LIMITED OBJECTION

2.  The Committee recognizes that the relief requested in the Motion is an interim measure and that obtaining relief of this type is necessary to the continued operation of Lehman's complex, integrated financial system. However, two fundamental infirmities afflict the requested relief and must be resolved before the Committee can support the Motion.

3.  First, the Debtors seek the ability to continue transferring funds during the postpetition period among themselves and to non-debtor affiliates. Motion, ¶ 35. In exchange for providing such intercompany loans/investments, as well as payments by certain Debtors to

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

third parties that result in direct economic benefit to other Debtors and non-debtor affiliates (i.e., insurance premiums advanced by LBHI), the interests of the transferring Debtors must be protected.

4.  The Committee believes that, under the circumstances of these cases, with respect to transfers among Debtors, such interests are appropriately protected through the grant to such transferring Debtors of: (i) an allowed, interest-bearing claim under sections 364(c)(1) and 507(b) of the Bankruptcy Code having priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code; and (ii) a lien on all property of the beneficiary Debtor's estate securing such claim. With respect to transfers by Debtors to or on behalf of non-debtor Lehman entities, the Debtors' interests are appropriately protected through the creation of: (i) a note in favor of the transferring Debtor bearing market-based interest; and (ii) a lien on all of the beneficiary entity's assets securing such note, which lien shall be senior to all other liens or encumbrances on such assets (to the extent possible in light of any negative pledges and other covenants). Without protections of this type, the transferring Debtors will be unreasonably exposed to the financial condition of the beneficiary entities, particularly in the case of transfers to non-debtor Lehman entities that are not subject to the reporting requirements of chapter 11 debtors or the jurisdiction of this Court.

5.  Second, and more fundamentally, the Committee cannot support entry of the current version of the proposed order because it does not contemplate any oversight with respect to the operation of the Debtors' cash management system – by the Committee or otherwise. Instead, the Debtors propose to continue to operate their cash management system and move funds among the thousands of Lehman entities in the "ordinary course" of business. Motion, ¶ 33-35.

6. The Committee recognizes that the Debtors are operating under the management of the skilled professionals of Alvarez & Marsal North America, LLC ("A&M"), under the direction of Mr. Bryan Marsal, the Debtors' Chief Restructuring Officer, who appear intent on maximizing the return for economic stakeholders. Indeed, A&M's involvement may facilitate the work of the Committee's professionals. For example, the Committee fully anticipates that, prior to authorizing an intercompany payment, A&M will make a reasoned determination that the beneficiary entity has the wherewithal to repay such amounts. Nevertheless, the unsecured creditors of these estates are entitled to have a seat at the table when decisions are made with respect to the use of property of the Debtors' estates (particularly when such property is used for the benefit of non-debtor Lehman entities).

7. The fact that the Debtors intend to accurately record collections, transfers and disbursements as they are made, Motion, ¶ 34, is essential to the integrity of the cash management system, but the Motion does not contemplate regular (or any) reporting to the Committee or any other formalized process or protocol that will enable the Committee to assure its constituency that the interests of unsecured creditors are being protected.

8. The Committee understands that the Debtors are amenable to including the Committee and its professionals in the decision making process with respect to intercompany transactions, subject to agreeing upon appropriate materiality thresholds so that the system will continue to operate effectively and efficiently. To be clear, the Committee has no interest in impeding the operation of the system through its involvement.

9. The Committee is optimistic, based on discussions with the Debtors' professionals, that the issues described herein will be resolved in advance of the hearing on the Motion. However, to the extent such issues are not resolved, the Committee reserves all of its

rights with respect to the Motion.

WHEREFORE, the Committee respectfully requests that, to the extent the Committee and the Debtors are unable to reach a consensual resolution of the issues raised herein, the Committee may be heard by the Court in connection with the Motion, and the Committee be granted such other and further relief as is just and proper.

Dated:   New York, New York
         October 14, 2008

**MILBANK, TWEED, HADLEY & McCLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Luc A. Despins
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

-and-

Paul Aronzon
Gregory A. Bray
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000


Proposed Counsel for Official
Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.