Robin E. Keller
Matthew P. Morris
LOVELLS LLP
590 Madison Avenue
New York, NY 10022
Telephone: (212) 909-0600
Fax: (212) 909-0660

Attorney for Lloyds TSB Bank plc

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
                                                   :

In re                                    :         **Chapter 11 Case No.**

**Lehman Brothers Holdings Inc., *et al.*,**      :         **08-13555 (JMP)**

                     **Debtors.**     :         **(Jointly Administered)**

---------------------------------------------------------------X

**LIMITED OBJECTION OF LLOYDS TSB BANK PLC**
**TO DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 6004, 6006, AND 9019 AUTHORIZING LEHMAN BROTHERS HOLDINGS INC. TO (A) ENTER INTO A PARTNERSHIP INTERESTS PURCHASE AGREEMENT, (B) COMPROMISE AND RELEASE A PORTION OF AN INTERCOMPANY LOAN, AND (C) ASSIGN THE REMAINDER OF SUCH <u>INTERCOMPANY LOAN TO PURCHASERS</u>**

Lloyds TSB Bank plc ("**Lloyds**") by and through its undersigned counsel, hereby submits this limited objection ("**Limited Objection**") to the above-referenced Motion of Lehman Brothers Holdings Inc. ("**LBHI**") and its affiliated debtors in the above-referenced chapter 11 case (together, the "Debtors") for entry of an order (i) approving LBHI's entry into a partnership interests purchase agreement, dated September 26, 2008, for the sale of its interests in Eagle Energy Partners I, L.P. ("**Eagle**") to EDF Trading North America Management LLC and EDF Trading North America Inc. (the "**Purchasers**"); (ii) compromising and releasing a portion of the

NYCLIB01/NYDAA/141483.1

amount owed under a certain intercompany loan, and (iii) assigning LBHI's interest in such intercompany loan to the Purchasers (the "**Sale Motion**").  Lloyds respectfully alleges the following:

**PRELIMINARY STATEMENT**

It appears that by the sale of its partnership interests, LBHI is intending to sell the business of Eagle as a going concern.  Lloyds' Limited Objection relates to its rights for information about and protection of its position as a letter of credit issuer on behalf of LBHI for liabilities relating to Eagle.  In August of 2008, Lloyds issued two irrevocable letters of credit in the aggregate amount of $11 million (the "**Lloyds Letters of Credit**"), by order of LBHI for the account of Eagle in favor of two third party beneficiaries — Southern California Gas Company and Broadway Generating Co., LLC — who appear to be contract counterparties or vendors doing business in the normal course with Eagle.  In a separate reimbursement agreement, LBHI agreed to reimburse Lloyds for any amount paid by Lloyds on the Lloyds Letters of Credit. Neither the Sale Motion nor the Purchase Agreement annexed to the Sale Motion make any mention of the Lloyds Letters of Credit and the reimbursement agreement, nor do they address the disposition of the letter of credit liabilities and specifically whether those liabilities are to be assumed by the Purchasers.  Lloyds therefore submits this Limited Objection seeking clarification of the parties' intention with respect to those liabilities, and protection for its letter of credit exposure.

**BACKGROUND**

1.     On June 5, 2008, Lloyds and LBHI entered into an Unsecured Continuing Reimbursement Agreement (the "**Reimbursement Agreement**").  A copy of the Reimbursement Agreement is annexed as <u>Exhibit 1</u>.  The Reimbursement Agreement provides in part that in

consideration for Lloyds issuing one or more standby letters of credit, undertakings, bid or performance bonds or other similar instruments (each a "**Credit**" and collectively, the "**Credits**") by order or for the account of LBHI, LBHI agrees to pay Lloyds on demand, the following:

1. any amount paid by Lloyds on any demand for payment under a Credit;

2. interest on each amount;

3. Lloyds' commission and fees for issuance and maintenance of each Credit;

4. all charges, costs, expenses, liabilities, and obligations paid or incurred by Lloyds or its correspondents or for which Lloyds or its correspondents may become liable, including the reasonable fees and charges of outside counsel, in connection with the enforcement of any of Lloyds' remedies under the Reimbursement Agreement.

*Reimbursement Agreement*, § 3(i)-(iv). LBHI may not assign the Reimbursement Agreement without Lloyds' prior written consent. *Reimbursement Agreement*, § 13.

2. On August 14, 2008, Lloyds issued a $10 million irrevocable standby letter of credit, Number NYSB2008660, in favor of Southern California Gas Company, by order of LBHI for the account of Eagle. A copy of this letter of credit is annexed as Exhibit 2. On August 15, Lloyds issued a $1 million irrevocable standby letter of credit, number NYSB2008670, in favor of Broadway Generating Co, LLC, by order of LBHI for the account of Eagle. A copy of this letter of credit is annexed as Exhibit 3.

3. As of the filing date of this Limited Objection, neither beneficiary of the Lloyds Letters of Credit has sought payment under them.

**LIMITED OBJECTION TO THE SALE MOTION**

4. Lloyds has scrutinized the Sale Motion and the Purchase Agreement annexed to LBHI's Sale Motion, and it cannot find any provision discussing the Lloyds Letters of Credit. Lloyds would like to know how the Lloyds Letters of Credit will be affected by the sale of Eagle to the Purchasers. Will the Lloyds Letters of Credit be terminated, which could trigger additional

claims against the LBHI estate unnecessarily? Does LBHI want to assign the Lloyds Letters of Credit and reimbursement obligations to the Purchasers? This will require Lloyds' consent. Lloyds objects to the Sale Motion because it does not address, and Lloyds is entitled to know, how the sale of Eagle will affect the Lloyds Letters of Credit, and LBHI's obligations owed to Lloyds as set forth in the Reimbursement Agreement.

## CONCLUSION

WHEREFORE, Lloyds respectfully requests denial of the Sale Motion pending clarification of the parties' intentions with respect to the Lloyds Letters of Credit and reimbursement obligations for the reasons stated herein, and for such other and further relief as is just and proper.

Dated:  New York, New York
        October 14, 2008

                                    LOVELLS LLP

                                    By: /s/ *Robin E. Keller*
                                        Robin E. Keller (RK-7302)
                                        Matthew P. Morris (MM-8865)
                                        590 Madison Avenue
                                        New York, New York 10022
                                        Telephone: (212) 909-0640
                                        Fax: (212) 909-0660
                                        Email: robin.keller@lovells.com
                                               matthew.morris@lovells.com

                                    *Counsel for Lloyds TSB Bank plc*