ISRAEL GOLDOWITZ
Chief Counsel
KAREN L. MORRIS
Deputy Chief Counsel
STEPHANIE THOMAS
Assistant Chief Counsel
SARA B. EAGLE (*Pro Hac Vice*)
COLIN B. ALBAUGH (*Pro Hac Vice*)
Attorneys
PENSION BENEFIT GUARANTY
 CORPORATION
Office of the Chief Counsel
1200 K Street, N.W.
Washington, D.C.  20005-4026
Ph: (202) 326-4020, extension 3176
Fax: (202) 326-4112

Hearing Date and Time:  October 16 at 10:00 a.m. (EST)
Objection Date and Time:  October 13 at 4:00 p.m. (EST)
(extended by the Debtors to October 14 at 5:00 pm (EST))

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION OF THE PENSION BENEFIT GUARANTY
CORPORATION TO DEBTORS' MOTION FOR ENTRY OF ORDER
PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE AND
FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004, 6006, AND 9019: (I)
APPROVING EQUITY INTERESTS PURCHASE AGREEMENT; (II) AUTHORIZING
DEBTORS TO COMPROMISE, SETTLE, AND RELEASE RELATED CLAIMS
<u>AND (III) GRANTING CERTAIN RELATED RELIEF</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

  The Pension Benefit Guaranty Corporation ("PBGC") files this protective objection to the

Debtors' October 8, 2008 Motion for Entry of Order Pursuant to Sections 105, 363, and 365 of

the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002, 6004, 6006, and 9019:

(I) Approving Equity Interests Purchase Agreement; (II) Authorizing Debtors to Compromise, Settle, and Release Related Claims and (III) Granting Certain Related Relief ("Motion").

PBGC has agreed with the Debtors to withdraw this objection subject to the inclusion of the following language in the Order, with no contrary language that would negate the meaning and effect of the provision as PBGC has agreed to it:

> The PBGC shall, notwithstanding a merger of Lehman Brothers Holding Inc. ("LBHI") and each of LB R3 Holdings GP, LLC and LB R3 Holdings L.P., be entitled to assert any and all claims it may have arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") against the assets of LBHI obtained by reason of such mergers ("Proceeds"), including the proceeds from the redemption of the Redeemed R3 Interests and the limited partner interest in R3 Master Fund ("R3 Assets"), to the same extent as if such merger had not occurred and each LB Investor remained a separate nondebtor entity. For the purposes of this paragraph, the Proceeds shall be treated as a separate member of LBHI's controlled group, as defined in 29 U.S.C. § 1301(a)(14).

Debtors' counsel had previously extended PBGC's response deadline to October 14, 2008, at 5:00 p.m., in recognition of the federal holiday on October 13 and the parties efforts to resolve the issue consensually. The Debtors have not provided PBGC with the entire revised Order, therefore, PBGC files the instant Objection as a protective measure pending its review of the entire revised Order.

BACKGROUND

1. PBGC is the United States government agency created to administer the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. §§ 1301-1461 (2000 & Supp. V 2005). The termination insurance program covers more than 44 million workers participating in over 35,000 private sector defined benefit pension plans.

2.  PBGC invariably is appointed statutory trustee of terminated, underfunded pension plans. The agency is responsible for paying a terminated plan's benefits, subject to statutory limitations.[1]

3.  The sponsor of a PBGC-covered plan that is terminated and every other member of that sponsor's controlled group, as defined in 29 U.S.C. § 1301(a)(14), are jointly and severally liable for the total shortfall between the plan's assets and promised benefits as of the plan's termination date (Unfunded Benefit Liabilities "UBL").[2] Regardless of whether a plan terminates, those parties are also jointly and severally liable for minimum funding contributions owed to the plan and insurance premiums owed to PBGC.[3] PBGC routinely files and pursues joint and several claims for UBL, minimum funding contributions, and premiums in the bankruptcy cases of plan sponsors and their controlled group members.[4]

## FACTS

4.  LBHI sponsors and administers the Lehman Brothers Holdings Inc. Retirement Plan ("Pension Plan"), a defined benefit plan covered by Title IV of ERISA. LBHI and all members of its controlled group are responsible for the Pension Plan. The Debtors, as well as the LB R3 Holdings L.P. ("Investor") and the LB R3 Holdings G.P. L.L.C., are members of LBHI's controlled group.

---

[1] 29 U.S.C. §§ 1322, 1342, 1361.

[2] 29 U.S.C. §§ 1301(a)(18), 1362(b).

[3] *See* 26 U.S.C. § 412(c)(11); 29 U.S.C. §§ 1082(c)(11), 1307. For pension plan years beginning after December 31, 2007, see 26 U.S.C. § 412(b)(1) & (2); 29 U.S.C. § 1082(b)(1) & (2).

[4] *See generally* 29 U.S.C. §§ 1342(d), 1362(c).

5. To date, the Debtors have not committed to a standard termination of the Pension Plan nor identified any entities that will assume sponsorship of the Pension Plan once LBHI liquidates its assets.

6. PBGC estimates that the Pension Plan is underfunded on a termination basis by $72,500,000. If the Plan is not funded for a standard termination, upon termination and trusteeship by PBGC, the Debtors' controlled group members, including the nondebtor Subsidiaries, will be jointly and severally liable for that underfunding.

7. With its motion, LBHI seeks approval to take possession of the Investor's assets by merging the Investor into LBHI. LBHI then proposes to sell the Investor's assets for $250 million.

ARGUMENT

It is well settled that the Debtors and each of their Subsidiaries are jointly and severally liable for the Pension Plan-related claims that PBGC and the Pension Plan will have upon a termination of the Pension Plan. *See Official Comm. of Unsecured Creditors of LTV Aerospace & Def. Co. v. LTV Corp.* (*In re Chateaugay Corp.*), 973 F.2d 141, 142, 144 (2d Cir. 1992) (in approving sale of controlled group member's business and escrow of sale proceeds, Second Circuit recognized joint and several nature of PBGC's claims).

As this Court noted in another context, "the creditors of . . . [a] subsidiary . . . hold the superior claim to its assets, and a parent's *de facto* control does not mean it can legitimately use the subsidiary's assets to pay its own creditors." *In re Regency Holdings (Cayman), Inc.*, 216 B.R. 371, 376 (Bankr. S.D.N.Y. 1998). If it is not legitimate to use a subsidiary's assets to pay

the Debtor's own creditors, it cannot be legitimate to indirectly accomplish the same result through a merger of its subsidiary without provision for the subsidiary's creditors.

CONCLUSION

PBGC objects to the elevation of LBHI's creditors over PBGC's superior claim to the assets and the proceeds of the Investors, but will withdraw this objection if satisfactory language is included in the order preserving PBGC's claims.

Dated: Washington, D.C.
October 14, 2008

Respectfully submitted,

 /s/ Colin B. Albaugh
ISRAEL GOLDOWITZ
Chiefl Counsel
KAREN L. MORRIS
Deputy Chief Counsel
STEPHANIE THOMAS
Assistant Chief Counsel
SARA EAGLE
COLIN B. ALBAUGH (CA 3283)
Attorneys
PENSION BENEFIT GUARANTY
 CORPORATION
Office of the Chief Counsel
1200 K Street, N.W.
Washington, D.C. 20005-4026
Ph: (202) 326-4020, extension 3176
Fax: (202) 326-4112
Emails: albaugh.colin@pbgc.gov
        efile@pbgc.gov

Attorneys for the Pension Benefit Guaranty
 Corporation

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Limited Objection of the Pension Benefit Guaranty Corporation to Debtors' Motion for Entry of Order Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002, 6004, 6006, and 9019: (I) Approving Equity Interests Purchase Agreement; (II) Authorizing Debtors to Compromise, Settle, and Release Related Claims and (III) Granting Certain Related Relief was served electronically and/or by overnight mail this 14th day of October 2008, on the following:

The Honorable James M. Peck
United States Bankruptcy Court
 for the Southern District of New York
One Bowling Green
New York, N.Y. 10004
Courtroom 601

Richard P. Krasnow, Esq.
Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Andy Velez-Rivera, Esq.
Paul Swartzberg, Esq.
Brian Masumota, Esq.
Linda Riffkin, Esq.
Tracy Hope Davis, Esq.
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

Dennis F. Dunne, Esq.
Dennis O'Donnell, Esq.
Evan Fleck, Esq.
Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, NY 10005

Lindsee P. Granfield, Esq.
Lisa Schweiger, Esq.
Cleary Gottlieb LLP
One Liberty Plaza
New York, NY 10006

Robinson B. Lacy, Esq.
Hydee R. Feldsteen, Esq.
Sullivan & Cromwell, LLP
125 Broad Street
New York, NY 10004

Keith H. Wofford, Esq.
Rope and Gray LLP
1211 Avenue of the Americas
New York, NY 10036

/s/ Colin B. Albaugh
Colin B. Albaugh (*Pro Hac Vice*)
Attorney for the Pension Benefit Guaranty
 Corporation