# EXHIBIT A
# (blacklined version)

BINGHAM McCUTCHEN LLP
Mark W. Deveno (MD-8708)
One State Street
Hartford, CT  06103
Tel:  860.240.2700
Fax:  860.240.2800
mark.deveno@bingham.com

Counsel to Metropolitan Life Insurance Company

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.,*   :    Case No. 08-13555 (JMP)
                                                            :
                                       Debtors.    :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

## DECLARATION OF DAVID YU

I, David Yu, hereby declare:

     1.    I have personal knowledge of each of the facts stated in this Declaration, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true.  I submit this declaration in support of the Motion of Metropolitan Life Insurance Company for Entry of an Order Approving Specified Information Blocking Procedures and Permitting Trading of Claims Against the \\Debtor\\Debtors Upon Establishment of a Screening Wall (the "Motion").  I submit this Declaration on behalf of Metlife (as defined in the Motion), to advise the United States Trustee for the Southern District of New York of the information blocking procedures designed to prevent Metlife trading personnel and its investment advisory personnel from receiving any nonpublic information concerning the chapter 11 case of the above-captioned \\debtor\\debtors (the "\\Debtor\\Debtors") through Metlife personnel, representatives or agents ("Metlife Committee Personnel") performing activities

related to the Official Committee of Unsecured Creditors (the "Committee") in the Debtors' chapter 11 case (the "Chapter 11 Case") and to prevent Metlife Committee Personnel from receiving information regarding Metlife's trading in Covered Claims[1] in advance of trading.

2. I am a Director of Metropolitan Life Insurance Company and in that capacity have responsibilities pertaining to Metlife, which (i) serves as an investment adviser on behalf of certain client accounts that beneficially own securities or other claims or interests in the Chapter 11 Case and/or (ii) beneficially owns such securities, in its own name or in the name of one of more funds or accounts. In that capacity, I am a representative that serves on committees in out-out-court restructurings and chapter 11 reorganization cases.

3. In conjunction with Metlife's existing information blocking procedures and this Declaration, Metlife has established and will maintain the following internal procedures: (i) Metlife Committee Personnel shall execute a letter (a "Confidentiality Letter") acknowledging that they may receive such nonpublic Information (as defined below) and that they are aware of the information blocking procedures which are in effect with respect to the Covered Claims and will follow these procedures and will immediately inform Committee counsel and the United States Trustee in writing if such procedures are materially breached; (ii) subject to paragraph 4 hereof, Metlife Committee Personnel will not directly or indirectly share any non-public information generated by, received from or relating to Committee activities or Committee membership ("Information") with any other employees, representatives or agents of Metlife, including Metlife's investment advisory personnel, and Metlife Committee Personnel shall use good faith efforts not to share any material Information concerning this Chapter 11 Case with

---

[1] "Covered Claims" is used to mean any claims against the \Debtor\Debtors, including (i) "Securities" as defined in Section 2(a)(l) of the Securities Act of 1993 (including the following: stocks, notes, bonds, debentures, participation in, or derivatives based upon or relating to, any of the \Debtor's\Debtors' debt obligations or equity interests) and (ii) bank debt.

2  Workshare DeltaView comparison of interwovenSite://IMANDMS/ACTIVE/72661234/1 and interwovenSite://IMANDMS/ACTIVE/72661234/2. Performed on 10/14/2008.

any Metlife employee reasonably known to be engaged in trading activities with respect to the Covered Claims on behalf of Metlife and/or its clients, except that a good faith communication of publicly available Information shall not be presumed to be a breach of the obligations of Metlife or any Metlife Committee Personnel hereunder; (iii) Metlife Committee Personnel will maintain all files containing information received in connection with or generated from committee activities in secured cabinets inaccessible to other employees of Metlife; (iv) Metlife Committee Personnel will not receive any information regarding Metlife's trades in the Covered Claims in advance of the execution of such trades, but Metlife Committee Personnel may receive trading reports showing Metlife's purchases and sales and ownership of the Covered Claims but no more frequently than bi-weekly (provided that Metlife Committee Personnel may receive the usual and customary internal reports showing Metlife's purchases and sales on behalf of Metlife or its clients and the amount and class of claims, interests or securities owned by Metlife or its clients to the extent that such personnel would otherwise receive such reports in the ordinary course and such reports are not specifically prepared with respect to the \~~Debtor~~\Debtors); (v) Metlife's compliance personnel shall review on a weekly basis Metlife's trades of the Covered Claims to determine if there is any reason to believe that such trades were not made in compliance with the information blocking procedures and shall keep records of such review; (vi) so long as Metlife is a member of the Committee, it shall disclose to the Office of the United States Trustee in writing any decrease in dollar amount of the Covered Claims held by Metlife or its clients which results in such holdings being less than the lesser of $15 million or 1/3 of the aggregate holdings of Metlife and in its clients' accounts at Metlife as of the date of Metlife's appointment to the Committee and any increase in dollar amount of the Covered Claims held by Metlife or its clients which results in an increase in aggregate holdings of more than the greater

---

3    Workshare DeltaView comparison of interwovenSite://IMANDMS/ACTIVE/72661234/1 and interwovenSite://IMANDMS/ACTIVE/72661234/2. Performed on 10/14/2008.

of $150 million or 2/3 of the aggregate holdings of Metlife and in its clients' accounts at Metlife as of the date of Metlife's appointment to the Committee, within 10 business days of such trade or trades aggregating the foregoing amount; (vii) so long as Metlife is a member of the Committee, it shall disclose to the Committee counsel and the United States Trustee every 6 months a declaration verifying continued compliance with the procedures described herein; and (viii) Metlife shall immediately disclose to the Committee's counsel and the United States Trustee any material breaches of the procedures described herein.

4.      Notwithstanding any of the above, Metlife Committee Personnel may share Information with (a) senior management of Metlife who, due to their duties and responsibilities, have a legitimate need to know such Information provided that such individuals (i) otherwise comply with the procedures herein and (ii) use such Information only in connection with their senior managerial responsibilities, (b) regulators, auditors, designated legal and compliance personnel for the purpose of rendering legal advice to the Metlife Committee Personnel, and to the extent that such Information may be accessible by internal computer systems, Metlife administrative personnel who service and maintain such systems, each of whom will agree not to share Information with other employees and will keep such Information in files inaccessible to other employees, and (c) other Metlife employees, representatives and agents who (i) are not involved with trading or investment advisory activities with respect to the Covered Claims and (ii) execute a Confidentiality Letter.

5.      I will be the Metlife Committee Personnel assigned directly to the \~~Debtor's~~\Debtors' chapter 11 case. In the event any other individual Metlife representative is chosen to replace me in that capacity on behalf of Metlife, such individual will also submit a

---

4       Workshare DeltaView comparison of interwovenSite://IMANDMS/ACTIVE/72661234/1 and interwovenSite://IMANDMS/ACTIVE/72661234/2. Performed on 10/14/2008.

Declaration affirming his or her compliance with the screening procedures described herein prior to accepting any responsibilities in connection herewith.

6. The information blocking procedures described herein shall apply with respect to any affiliate of the Debtors that files a bankruptcy petition at any time after the entry of the order approving the Motion provided that Metlife or its counsel of record has received prior written notice of such bankruptcy filing, *provided that*, (i) such order grants Metlife the right to file a proposed order setting forth alternative information blocking procedures for such entity, (ii) if no objections thereto are filed within five (5) business days, the proposed order may be entered by the Court, and (iii) if an objection is filed, the Court may schedule a hearing on the matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of September, 2008 at Moristown, New Jersey.

_____
David Yu
Director
Metropolitan Life Insurance Company

5    Workshare DeltaView comparison of interwovenSite://IMANDMS/ACTIVE/72661234/1 and interwovenSite://IMANDMS/ACTIVE/72661234/2. Performed on 10/14/2008.