# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.,* : Case No. 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

### ORDER APPROVING SPECIFIED INFORMATION BLOCKING PROCEDURES AND PERMITTING TRADING IN CLAIMS AGAINST THE DEBTORS UPON ESTABLISHMENT OF A SCREENING WALL

Upon the Motion (the "Motion") of Metropolitan Life Insurance Company, a member of the Official Committee of Unsecured Creditors ("Committee") appointed in this chapter 11 case (the "Chapter 11 Case") concerning the above-captioned debtor and debtor in possession (collectively, the "Debtor"), by and through its counsel, for the entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), approving specified information blocking procedures and permitting trading in the Covered Claims (as defined below) in certain situations, and all exhibits attached thereto; and adequate notice of the Motion having been given; and no objections to the Motion having been filed; and the Court being satisfied that the relief requested in the Motion is necessary and in the best interests of Metlife (as defined in the Motion), the Committee, the creditors, and the Debtors' estates; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

    1.    The Motion is granted, subject to the terms and conditions of this Order.

    2.    The information blocking procedures established by Metlife described substantially in the declaration of David Yu annexed to the Motion (the "Screening Wall

A/72661233.2

Declaration"), which are designed to prevent the misuse of Committee information, are hereby approved.

3.    Metlife will not violate its duties as a Committee member and, accordingly, will not subject its claims to possible disallowance, subordination, or other adverse treatment, by trading in the Covered Claims during the pendency of the Debtors' Chapter 11 Case, provided that Metlife establishes and effectively implements and strictly adheres to the information blocking procedures detailed in the Screening Wall Declaration or otherwise ordered by the Court.

4.    The information blocking procedures described in the Screening Wall Declaration shall apply with respect to any affiliate of the Debtors that files a bankruptcy petition at any time after the entry of this Order provided that Metlife or its counsel of record has received prior written notice of such bankruptcy filing. Notwithstanding the foregoing, Metlife shall have the right to file a proposed order setting forth alternative information blocking procedures for such entity and if no objections thereto are filed within five (5) business days, the proposed order may be entered by the Court. If objections are filed, then the Court may schedule a hearing on the matter.

5.    For purposes of this Order, the term "Covered Claims" is used to mean any claims against the Debtors, including (i) "Securities" as defined in Section 2(a)(l) of the Securities Act of 1993 (including the following: stocks, notes, bonds, debentures, participation in, or derivatives based upon or relating to, any of the Debtors' debt obligations or equity interests) and (ii) bank debt. Metlife's trading in the Covered Claims will not constitute a breach of this Order.

6. Nothing in this Order shall prejudice the right of the United States Trustee to take such action as she deems appropriate in the case, including the removal of any Committee member pursuant to section 1102 of the Bankruptcy Code.

7. This Order shall not preclude the Court from taking any action it may deem appropriate in the event that it is determined that a breach of fiduciary duty has occurred as a result of a defect in, or the ineffectiveness of, the implementation of the information blocking procedures herein approved.

Dated: New York, New York
_____, 2008

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

3

A/72661233.2