| | |
|---|---|
| BIALSON, BERGEN & SCHWAB | Objection Deadline: 10/14/08 |
| 2600 El Camino Real, Suite 300 | Hearing Date: 10/16/08 @ 10:00 a.m. |
| Palo Alto, California 94306 | |
| Telephone: (650) 857-9500 | |
| Lawrence M. Schwab, Esq. (Calif. Bar No. 085600) | |
| Thomas M. Gaa, Esq., (Calif. Bar No. 130720) | |
| Kenneth T. Law, Esq., (Calif. Bar No. 111779) | |

Attorneys for SuccessFactors, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC.. *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF SUCCESSFACTORS, INC. TO DEBTORS'
MOTION SEEKING, AMONG OTHER THINGS, AN ORDER APPROVING
THE SALE OF PURCHASED ASSETS AND AUTHORIZING ASSUMPTION
AND ASSIGNMENT OF CONTRACTS RELATING TO PURCHASED ASSETS**

TO: HONORABLE JAMES M. PECK, United States Bankruptcy Judge:

SuccessFactors, Inc. ("SuccessFactors") hereby files this *Limited Objection Of SuccessFactors Inc. To Debtors' Motion Seeking, Among Other Things, An Order Approving The Sale Of Purchased Assets And Authorizing Assumption And Assignment Of Contracts Relating To Purchased Assets* (the "Limited Objection").[1]

---

[1] Capitalized terms not defined in this Limited Objection shall have the meaning ascribed to them in the Sale Motion as defined herein.

**DEBTOR'S SALE MOTION**

The *Debtors' Motion To (A) Establish Sales Procedures; (B) Approve A Seller Termination Fee And A Reimbursement Amount; And (C) Approve The Sale Of The Purchased Assets And The Assumption And Assignment Of Contracts Relating To The Purchased Assets* filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors-in-possession (collectively, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman") (the "Sale Motion") [Docket No. 694] seeks, *inter alia*, entry of (1) a "Bid Procedure Order" that will approve the procedures for the auction of certain Purchased Assets related to its Capital Markets, Investment Banking and Investment Management Division ("IMD"), free of all liens, claims, encumbrances and other interests, and the conditions under which the Seller Termination Fee and Reimbursement Amount (as defined in the Asset Purchase Agreement), *see* Sale Motion, ¶ 6, and (2) a "Sale Order" that approves (a) the sale of certain Purchased Assets pursuant to 11 U.S.C. §363 and (b) *assumption and sublease, or assumption and assignment, of certain executory contracts and unexpired leases related to the Purchased Assets pursuant to 11 U.S.C. §363 and 11 U.S.C. §365*, free of all liens, claims, encumbrances and other interests.  *See* Sale Motion, ¶¶ 6, 27 (emphasis added).

Neither the Sale Motion nor any other pleading filed by the Debtors identifies the Purchased Contracts in any manner.  Likewise, as of this date, the website for the Claims Agent does not include any list of Purchased Contracts whose assumption and assignment will be approved -- pursuant to the proposed Sale Order that will be entered if the Sale Motion is approved -- prior to actual notice to the non-debtor counterparties.

W:\S0486\002\pldgs\LmtObj & RsvRts (SuccessFactors-IMD).doc

2    Limited Objection of SuccessFactors, Inc. to
IMD Sale Motion and Assumption and Assignment
of Sun Contracts

**RELIEF REQUESTED BY SUN**

SuccessFactors is the non-debtor party to various executory contracts (collectively, the "SuccessFactors Contracts") with the Lehman and the Debtors. The Limited Objection seeks entry of an order (in substantially the form attached hereto as Exhibit "A") denying the Sale Motion *unless – as a condition the assumption and assignment of the SuccessFactors Contracts –* the Court's order requires the Debtors and Lehman (a) to identify with particularity the specific executory contracts they seek to assume and assign (by, for example, providing the full name and date of each such executory contract and such other information as SuccessFactors may determine) so that SuccessFactors can identify each such contract, (b) to pay all monetary defaults associated with the SuccessFactors Contracts without delay and (c) to provide such other and further relief as is necessary to protect SuccessFactors' rights and interests in this matter.

SuccessFactors does not seek denial of the Sale Motion to the extent that it seeks approval of the sale of the Purchased Assets (except to the extent that the SuccessFactors Contracts are deemed to be included in such property).

**BACKGROUND**

1. SuccessFactors, Inc. is a Delaware corporation with offices at 1500 Fashion Island Boulevard, Suite 300, San Mateo, CA 94404 and, among other activities, it is in the business of providing various information technology services and products.

2. Prior to the commencement of this case, SuccessFactors entered into certain executory contracts with Lehman, including but not limited to LBHI, and pursuant thereto LBHI and other Debtors are obligated to pay certain monies to SuccessFactors.

3    Limited Objection of SuccessFactors, Inc. to
IMD Sale Motion and Assumption and Assignment
W:\S0486\002\pldgs\LmtObj & RsvRts (SuccessFactors-IMD).doc    of Sun Contracts

3. Neither the Debtors nor Lehman have provided any information identifying the Purchased Contracts, or any information advising SuccessFactors whether any of the SuccessFactors Contracts are subject to assumption and assignment pursuant to the Sale Motion.

**GROUNDS FOR THE RELIEF REQUESTED**

4. <u>Approval of the Sale Assumption Notice Without Specifying Executory Contracts and Licenses At Issue Would Violate SuccessFactors' Due Process Rights.</u>  Before a creditor's interests may be adversely affected by judicial action, the due process clause of the Fifth Amendment to the United States Constitution requires "notice be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action . . ." and to afford them an opportunity to present their objections.  *See City of N.Y. v. New York, N.H. & H. R.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953) (a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights); *U.S. v. Security Indus. Bank*, 459 U.S. 70, 75, 103 S.Ct. 407, 410, 74 L.Ed2d 235 (1982) (Bankruptcy proceedings are subject to the fifth amendment); *Owens-Corning Fiberglas Corp. v. Center Wholesale, Inc. (In re Center Wholesale, Inc.)*, 759 F.2d 1440, 1448 (9th Cir. 1985) *citing Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).  *Accord, In re Golden Books*, 269 B.R. 300, 305 (Bankr. D. Del. 2001) (Notice of an assumption notice seeking authority to assume and assign executory contracts, including licenses of intellectual property, is governed by Federal Rule of Bankruptcy Procedure 6006(a)).

5.      Neither the Sale Motion nor any other pleadings filed or served by the Debtors or the Purchasers identifies the executory contracts or unexpired leases to which SuccessFactors may be a party and which the Debtors may be seeking to assume and to assign pursuant to the Sale Motion.

6.      The Debtors, admittedly, recognize the legal obligation to cure all monetary defaults as a condition of assuming and assigning such contracts.  *See* Sale Motion, ¶¶ 30, 47 and 48.   Approval of the Sale Order <u>without first compelling the Debtors to provide effective notice to SuccessFactors identifying the SuccessFactors Contracts (if any)</u> that are subject to the Sale Motion, effectively, denies SuccessFactors any opportunity to determine whether any grounds exist to deny assumption of such contracts including, without limitation, the correct amount of any monetary default that must be cured by payment of monies to SuccessFactors (the "SuccessFactors Cure Amount").

7.      SuccessFactors submits that entry of an order authorizing and approving the assumption of any of the SuccessFactors Contacts, without first requiring the Debtors to specify the precise contracts at issue, will deny SuccessFactors a meaningful opportunity to be heard on the issue whether any executory contracts to which it is a party may be assumed and assigned by the Debtors.   Therefore, approval of the assumption or assignment of such executory contracts based on the record before this Court would constitute denial of SuccessFactors' due process rights otherwise protected by the provisions of 11 U.S.C. §365.

WHEREFORE, The Limited Objection seeks entry of an order (in substantially the form attached hereto as Exhibit "A") denying the Sale Motion unless the Court's order requires the Debtors and Lehman (a) to identify with particularity the specific executory

5

W:\S0486\002\pldgs\LmtObj & RsvRts (SuccessFactors-IMD).doc

Limited Objection of SuccessFactors, Inc. to
IMD Sale Motion and Assumption and Assignment
of Sun Contracts

contracts they seek to assume and assign (by, for example, providing the full name and date of each such executory contract and such other information as SuccessFactors may determine) so that SuccessFactors can identify each such contract, (b) to pay all monetary defaults associated with the SuccessFactors Contracts without delay and (c) to provide such other and further relief as is necessary to protect SuccessFactors' rights and interests in this matter.

Dated: October 14, 2008

    Respectfully submitted,

    BIALSON, BERGEN & SCHWAB
    Attorneys for SuccessFactors, Inc.


    By: /s/ Thomas M. Gaa_____
        Thomas M. Gaa