| | |
|---|---|
| BIALSON, BERGEN & SCHWAB | Objection Deadline: 10/14/08 |
| 2600 El Camino Real, Suite 300 | Hearing Date: 10/16/08 @ 10:00 a.m. |
| Palo Alto, California  94306 | |
| Telephone: (650) 857-9500 | |
| Lawrence M. Schwab, Esq. (Calif. Bar No. 085600) | |
| Thomas M. Gaa, Esq., (Calif. Bar No. 130720) | |
| Kenneth T. Law, Esq., (Calif. Bar No.  111779) | |

Attorneys for NetApp, Inc. and
Network Appliance Limited

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC.. *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF NETAPP, INC.
AND NETWORK APPLIANCE LIMITED TO DEBTORS' MOTION SEEKING,
AMONG OTHER THINGS, AN ORDER APPROVING THE SALE OF
PURCHASED ASSETS AND AUTHORIZING ASSUMPTION AND ASSIGNMENT
OF CONTRACTS RELATING TO PURCHASED ASSETS**

TO: HONORABLE JAMES M. PECK, United States Bankruptcy Judge:

NetApp, Inc., formerly known as Network Appliance, Inc., and Network Appliance Limited (collectively, "NetApp") hereby file this *Limited Objection And Reservation of Rights Of NetApp, Inc. And Network Appliance Limited To Debtors' Motion Seeking, Among Other Things, An Order Approving The Sale Of Purchased Assets And Authorizing Assumption And Assignment Of Contracts Relating To Purchased Assets* (the "Limited Objection").[1]

---

[1] Capitalized terms not defined in this Limited Objection shall have the meaning ascribed to them in the Sale Motion as defined herein.

**DEBTOR'S SALE MOTION**

The *Debtors' Motion To (A) Establish Sales Procedures; (B) Approve A Seller Termination Fee And A Reimbursement Amount; And (C) Approve The Sale Of The Purchased Assets And The Assumption And Assignment Of Contracts Relating To The Purchased Assets* filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors-in-possession (collectively, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman") (the "Sale Motion") [Docket No. 694] seeks, *inter alia*, entry of (1) a "Bid Procedure Order" that will approve the procedures for the auction of certain Purchased Assets related to its Capital Markets, Investment Banking and Investment Management Division ("IMD"), free of all liens, claims, encumbrances and other interests, and the conditions under which the Seller Termination Fee and Reimbursement Amount (as defined in the Asset Purchase Agreement), *see* Sale Motion, ¶ 6, and (2) a "Sale Order" that approves (a) the sale of certain Purchased Assets pursuant to 11 U.S.C. §363 and (b) *assumption and sublease, or assumption and assignment, of certain executory contracts and unexpired leases related to the Purchased Assets pursuant to 11 U.S.C. §363 and 11 U.S.C. §365*, free of all liens, claims, encumbrances and other interests.  *See* Sale Motion, ¶¶ 6, 27 (emphasis added).

Neither the Sale Motion nor any other pleading filed by the Debtors identifies the Purchased Contracts in any manner.  Likewise, as of this date, the website for the Claims Agent does not include any list of Purchased Contracts whose assumption and assignment will be approved -- pursuant to the proposed Sale Order that will be entered if the Sale Motion is approved -- prior to actual notice to the non-debtor counterparties.

W:\N0080\082\Pldg\LmtObj & RsvRts (NetApp-IMD).doc

2

Limited Objection of NetApp, Inc. and Network Appliance Limited to IMD Sale Motion and Assumption and Assignment of NetApp Contracts

**RELIEF REQUESTED BY NETAPP**

NetApp is the non-debtor party to various executory contracts (collectively, the "NetApp Contracts") with the Lehman and the Debtors. The Limited Objection seeks entry of an order (in substantially the form attached hereto as Exhibit "A") denying the Sale Motion *unless – as a condition the assumption and assignment of the NetApp Contracts –* the Court's order requires the Debtors and Lehman (a) to identify with particularity the specific executory contracts they seek to assume and assign (by, for example, providing the full name and date of each such executory contract and such other information as NetApp may determine) so that NetApp can identify each such contract, (b) to pay all monetary defaults associated with the NetApp Contracts without delay and    (c) to provide such other and further relief as is necessary to protect NetApp's rights and interests in this matter.

NetApp does not seek denial of the Sale Motion to the extent that it seeks approval of the sale of the Purchased Assets (except to the extent that the NetApp Contracts are deemed to be included in such property).

**BACKGROUND**

1. NetApp, Inc. is a Delaware corporation with offices at 495 East Java Drive, Sunnyvale, CA 94089 and, among other activities, it is in the business of providing equipment, software and various services.

2. Network Appliance Limited is a company limited by shares and organized under the laws of the United Kingdom with registered offices at Waterview House, 1 Roundwood Avenue, Stockley Park Uxbridge, Middlesex UB11 1EJ, United Kingdom and, among other activities, it is in the business of providing equipment, software and various services.

3. Prior to the commencement of this case, NetApp entered into certain executory

contracts with Lehman, including but not limited to LBHI, and pursuant thereto LBHI and other Debtors are obligated to pay certain monies to NetApp.

4.  Neither the Debtors nor Lehman have provided any information identifying the Purchased Contracts, or any information advising NetApp whether any of the NetApp Contracts are subject to assumption and assignment pursuant to the Sale Motion.

## GROUNDS FOR THE RELIEF REQUESTED

5.  <u>Approval of the Sale Assumption Notice Without Specifying Executory Contracts and Licenses At Issue Would Violate NetApp's Due Process Rights.</u>   Before a creditor's interests may be adversely affected by judicial action, the due process clause of the Fifth Amendment to the United States Constitution requires "notice be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action . . ." and to afford them an opportunity to present their objections.  *See City of N.Y. v. New York, N.H. & H. R.R. Co*., 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953) (a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights); *U.S. v. Security Indus. Bank*, 459 U.S. 70, 75, 103 S.Ct. 407, 410, 74 L.Ed2d 235 (1982) (Bankruptcy proceedings are subject to the fifth amendment); *Owens-Corning Fiberglas Corp. v. Center Wholesale, Inc. (In re Center Wholesale, Inc.)*, 759 F.2d 1440, 1448 (9th Cir. 1985) *citing Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).  *Accord, In re Golden Books*, 269 B.R. 300, 305 (Bankr. D. Del. 2001) (Notice of an assumption notice seeking authority to assume and assign executory contracts, including licenses of intellectual property, is governed by Federal Rule of Bankruptcy Procedure 6006(a)).

6.  Neither the Sale Motion nor any other pleadings filed or served by the Debtors or the Purchasers identifies the executory contracts or unexpired leases to which NetApp

may be a party and which the Debtors may be seeking to assume and to assign pursuant to the Sale Motion.

7.  The Debtors, admittedly, recognize the legal obligation to cure all monetary defaults as a condition of assuming and assigning such contracts.  *See* Sale Motion, ¶¶ 30, 47 and 48.   Approval of the Sale Order <u>without first compelling the Debtors to provide effective notice to NetApp identifying the NetApp Contracts (if any)</u> that are subject to the Sale Motion, effectively, denies NetApp any opportunity to determine whether any grounds exist to deny assumption of such contracts including, without limitation, the correct amount of any monetary default that must be cured by payment of monies to NetApp (the "NetApp Cure Amount").

8.  NetApp submits that entry of an order authorizing and approving the assumption of any of the NetApp Contacts, without first requiring the Debtors to specify the precise contracts at issue, will deny NetApp a meaningful opportunity to be heard on the issue whether any executory contracts to which it is a party may be assumed and assigned by the Debtors.   Therefore, approval of the assumption or assignment of such executory contracts based on the record before this Court would constitute denial of NetApp's due process rights otherwise protected by the provisions of 11 U.S.C. §365.

9.  NetApp specifically reserves all of its rights, interests and claims related to any other executory contracts (the "NetApp Excluded Contracts") that exist by and between NetApp, its affiliates and subsidiaries and the Debtors, the Lehman entities, and their respective affiliates and subsidiaries, including without limitation the right to assert a Cure Amount with respect to any such contract as hereinafter is determined to be an executory contract subject to the Sale Motion, to commence and maintain an action in any appropriate forum or jurisdiction, and to

W:\N0080\082\Pldg\LmtObj & RsvRts (NetApp-IMD).doc       5       Limited Objection of NetApp, Inc. and Network
Appliance Limited to IMD Sale Motion and
Assumption and Assignment of NetApp Contracts

take such other actions as may be permitted at law or equity with regard to any such contract.

WHEREFORE, The Limited Objection seeks entry of an order (in substantially the form attached hereto as Exhibit "A") denying the Sale Motion unless the Court's order requires the Debtors and Lehman (a) to identify with particularity the specific executory contracts they seek to assume and assign (by, for example, providing the full name and date of each such executory contract and such other information as NetApp may determine) so that NetApp can identify each such contract, (b) to pay all monetary defaults associated with the NetApp Contracts, including without limitation the NetApp Cure Amount, without delay and (c) to provide such other and further relief as is necessary to protect NetApp's rights and interests in this matter.

Dated: October 14, 2008

> Respectfully submitted,
>
> BIALSON, BERGEN & SCHWAB
> Attorneys for NetApp, Inc. and Network Appliance Limited
>
> By:/s/ Thomas M. Gaa_____
>      Thomas M. Gaa

W:\N0080\082\Pldg\LmtObj & RsvRts (NetApp-IMD).doc

6    Limited Objection of NetApp, Inc. and Network Appliance Limited to IMD Sale Motion and Assumption and Assignment of NetApp Contracts