Hearing Date: October 16, 2008

David S. Rosner (DR-4214)
Andrew K. Glenn (AG-9934)
KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Attorneys for Bay Harbour Management L.C., Bay Harbour Master Ltd.,
Trophy Hunter Investments, Ltd., BHCO Master, Ltd.,
MSS Distressed & Opportunities 2 and Institutional Benchmarks

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC, | Case No. 08-13555 (JMP) |
| Debtor. | (Jointly Administered) |

## JOINDER OF BAY HARBOUR MANAGEMENT L.C., BAY HARBOUR MASTER LTD., TROPHY HUNTER INVESTMENTS, LTD., BHCO MASTER, LTD., MSS DISTRESSED & OPPORTUNITIES 2 AND INSTITUTIONAL BENCHMARKS TO MOTION OF THE HARBINGER FUNDS FOR LEAVE TO CONDUCT RULE 2004 DISCOVERY OF DEBTOR LEHMAN BROTHERS HOLDINGS INC. AND MOTION TO CONDUCT DISCOVERY PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Bay Harbour Management L.C., Bay Harbour Master Ltd., Trophy Hunter Investments, Ltd., BHCO Master, Ltd., MSS Distressed & Opportunities 2 and Institutional Benchmarks (collectively, "Bay Harbour"), creditors of, and counterparties to contracts with, Lehman Brothers Inc. ("LBI"), Lehman Brothers Holdings Inc. ("LBHI" and with LBI, the "Debtors") and Lehman Brothers International (Europe) ("LBIE"), by their undersigned counsel, hereby joins in the Motion Of The Harbinger Funds For Leave To Conduct Rule 2004 Discovery Of Debtor Lehman Brothers Holdings Inc. (the "Harbinger Motion"). In support thereof, Bay

respectfully represents as follows:

1.  The Debtors' bankruptcy filings occurred in an unprecedented period of distress in the financial markets. But such distress does excuse the equally unprecedented lack of transparency into the Debtors' business and the massive unexplained losses that have occurred during the pendency of these cases.

2.  The Debtors' business involves the deployment and management of cash. But only recently did the Debtors file a cash management motion. Creditors such as Bay Harbour can only speculate as to why all of the Debtors' cash -- billions of dollars -- disappeared within days of the Petition Date. The Debtors concede that this figure is $1.3 billion, and announced this fact in court immediately before the Barclays sale hearing but offered no explanation. On the same day, an Administrator appointed in LBIE's insolvency proceedings submitted a declaration that $8 billion was transferred to the Debtors shortly before the Petition Date and is now gone. While the Debtors steadfastly oppose 2004 discovery requested by Harbinger, Bay Harbour and other similarly situated creditors, they still have not refuted the Administrator's testimony.

3.  Rule 2004 authorizes discovery into the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. That is precisely the goal of this Motion. The loss of billions of dollars is not an ordinary course transaction for a debtor of any size. Creditors and the Court are entitled to know the facts and whether the alleged disappearance of this case was caused by any malfeasance. Accordingly, the Court should authorize Rule 2004 discovery without further delay.

4.  The requested discovery will cause no prejudice to the Debtors. Indeed,

Harbinger, Bay Harbour and other similarly situated parties will work with the Debtors to ensure that there is minimal disruption to the Debtors' remaining business. By contrast, if creditors are denied access to this important information, the estates and parties interest may lose valuable rights to recover estate assets if discovery reveals impropriety.

WHEREFORE, Bay Harbour joins in the relief requested in the Harbinger Motion and respectfully requests that the Court: (i) approve the relief sought in the Harbinger Motion, (ii) permit Bay Harbour to have access to such discovery on substantially similar terms, and (iii) grant Bay Harbour such other and further relief as is just and proper.

Dated: New York, New York
October 14, 2008

Respectfully Submitted,

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP

By: /s/ Andrew K. Glenn
David S. Rosner (DR-4214)
Andrew K. Glenn (AG-9934)
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Attorneys for Bay Harbour Management
L.C.., Bay Harbour Master Ltd., Trophy Hunter
Investments, Ltd., BHCO Master, Ltd., MSS
Distressed & Opportunities 2 and Institutional
Benchmarks