Hearing Date:  November 5, 2008 at 10:00 a.m. (Eastern time)
Objection Date:  October 31, 2008 at 4:00 p.m. (Eastern time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :    08-13555 (JMP)
                                        :
                    Debtors.            :    (Jointly Administered)
                                        :
                                        :
-------------------------------------------------------------x
```

## NOTICE OF FILING OF MOTION FOR AN ORDER APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES AND ESTABLISHING NOTIFICATION PROCEDURES RELATING THERETO

PLEASE TAKE NOTICE that commencing on September 15, 2008 and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI")[1] and its subsidiaries in the above-referenced chapter 11 cases, as debtors and debtors in possession (the "Debtors" and, collectively with LBHI's wholly-owned non-debtor domestic subsidiaries, "Lehman"), commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Section 362(a) of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE that on October 15, 2008, the Debtors filed a motion (the "Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), having jurisdiction over the chapter 11 cases, to consider entry of an

---

[1] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

order (the "Order") (i) finding that Lehman's consolidated net operating loss carryforwards ("NOLs") and certain other tax attributes (together with the NOLs, the "Tax Attributes") are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code; (ii) finding that trading in LBHI's common stock, certain classes of preferred stock or options to acquire such stock could severely limit the Debtors' ability to use the Tax Attributes for purposes of title 26 of the United States Code (the "Tax Code"); and (iii) approving the procedures set forth below to preserve the Tax Attributes pursuant to sections 105(a) and 362(a) of the Bankruptcy Code. **The Debtors are requesting that the relief be retroactive effective as of the date of filing of the Motion. IF THE REQUESTED RELIEF IS GRANTED, ANY ACQUISITION, DISPOSITION OR OTHER TRANSFER IN VIOLATION OF THE RESTRICTIONS SET FORTH IN THE PROPOSED ORDER SHALL BE NULL AND VOID *AB INITIO* AS AN ACT IN VIOLATION OF THE AUTOMATIC STAY UNDER SECTIONS 105(A) AND 362 OF THE BANKRUPTCY CODE.**

PLEASE TAKE FURTHER NOTICE that the Debtors hereby request that any transfer agent send this Notice of Motion, together with the Motion, to all holders of Lehman Stock registered with the transfer agent. Any registered holder shall, in turn, provide the Notice of Motion, together with the Motion, to any holder for whose account the registered holder holds Lehman Stock. Any holder shall, in turn, provide the Notice of Motion, together with the Motion, to any person or entity for whom the holder holds Lehman Stock.

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **November 5, 2008 at 10:00 a.m.** (Eastern Time) or as soon thereafter as counsel may be heard (the "Hearing").

PLEASE TAKE FURTHER NOTICE that any objection or response to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York, and (i) shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers), and (ii) shall be served in accordance with General Order M-242, upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.), attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis); (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the official committee of unsecured creditors appointed in these cases; and (v) any person or entity entitled to receive notice of the Motion in these cases, so as to be

actually filed and received no later than **October 31, 2008 at 4:00 p.m.** (Eastern Time) (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not filed and received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  October 15, 2008
        New York, New York

/s/ Shai Y. Waisman
Harvey R. Miller, Esq.
Richard P. Krasnow, Esq.
Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :    08-13555 (JMP)
                                            :
                         Debtors.           :    (Jointly Administered)
                                            :
                                            :
------------------------------------------------------------------x
```

## DEBTORS' MOTION PURSUANT
## TO SECTIONS 105(a) AND 362 OF THE
## BANKRUPTCY CODE FOR AN
## ORDER APPROVING RESTRICTIONS
## ON CERTAIN TRANSFERS OF INTERESTS IN
## THE DEBTORS AND ESTABLISHING
## NOTIFICATION PROCEDURES RELATING THERETO

Lehman Brothers Holdings Inc. ("LBHI") and its subsidiaries in the above-

referenced chapter 11 cases, as debtors and debtors in possession (the "Debtors" and, collectively

with LBHI's wholly-owned non-debtor domestic subsidiaries, "Lehman") request entry of an

order, pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy

Code"), authorizing the Debtors to establish procedures to protect the potential value of

Lehman's consolidated net operating tax loss carryforwards ("NOLs") and certain other tax

attributes (together with NOLs, the "Tax Attributes").  In support of the motion, the Debtors

respectfully represent as follows:

### Background

1.      Commencing on September 15, 2008 and periodically thereafter, the

Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

The Debtors are authorized to operate their business and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### Lehman's Business

2.      Prior to the events leading up to these chapter 11 cases, Lehman was the

fourth largest investment bank in the United States.  For more than 150 years, Lehman, together

with its foreign affiliates, has been a leader in the global financial markets by serving the

financial needs of corporations, governmental units, institutional clients and individuals

worldwide.  Its headquarters in New York and regional headquarters in London and Tokyo are

complemented by a network of offices in North America, Europe, the Middle East, Latin

America and the Asia Pacific region.

3.      Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit

of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District

of New York in Support of First-Day Motions and Applications, filed on September 15, 2008.

### Jurisdiction

4.      This Court has jurisdiction to consider this Motion (the "Motion")

pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5.    By this Motion, the Debtors request, pursuant to sections 105(a) and 362 of the Bankruptcy Code, entry of an order (the "Order") authorizing the Debtors to establish procedures to protect the potential value of the Tax Attributes.  The procedures would apply in respect of the common stock and certain classes of preferred stock of LBHI, and any options or similar interests to acquire such stock.  **The procedures would impose restrictions and notification requirements, to be effective *nunc pro tunc* to the date of filing of the Motion.** Parties would be notified of the procedures through (i) the form of notice substantially in the form annexed hereto as Exhibit "A" (the "Notice of Motion"), together with the Motion, which shall describe the trading restrictions and notification requirements described herein and the date of the hearing to determine whether these procedures will be approved and (ii) a form of notice of the procedures actually approved by the Court substantially in the form annexed hereto as Exhibit "B" (the "Final Procedures Notice").  A copy of Debtors' proposed Order is annexed hereto as Exhibit "C."

## Certain Contemplated Transactions

6.    Lehman has sold a significant portion of its operating assets and will likely sell other assets during the pendency of these chapter 11 cases.  Lehman expects to recognize substantial gain or other income in connection with certain of these transactions and may, depending on market conditions, recognize significant additional income or gain in connection with certain other events (*e.g.,* in the case of assets subject to mark-to-market tax accounting).

## Net Operating Loss Carryforward Amounts

7.    The Debtors estimate that, as of the date hereof, Lehman has incurred NOLs in excess of $10 billion, in addition to certain other Tax Attributes.

3

8.      The Tax Attributes may be valuable assets of the estates because title 26 of the United States Code (the "Tax Code") generally permits corporations to carry forward their losses and tax credits to offset future income.  *See, e.g.,* 26 U.S.C. § 172 (NOLs) and § 904(c) (foreign tax credits).  As discussed above, the Debtors expect that significant amounts of gain and other income will be recognized during the pendency of these chapter 11 cases.  Absent any intervening limitations, the Tax Attributes could substantially reduce the Debtors' future U.S. federal income tax liability in respect of such amounts.  Any reduction in the Debtors' tax liability would enhance the Debtors' cash position for the benefit of all parties in interest.

9.      The ability of the Debtors to use the Tax Attributes to offset future income is subject to certain statutory limitations.  Sections 382 and 383 of the Tax Code limit a corporation's use of its NOLs, tax credits and other tax attributes to offset future income after that corporation has undergone an "ownership change."  For purposes of section 382 of the Tax Code, an ownership change generally occurs when the percentage of a company's equity held by one or more persons or entities holding 5% or more of that company's stock (and certain groups of less-than-5% shareholders) increases by more than 50 percentage points above the lowest percentage of ownership owned by such shareholder(s) at any time during the relevant three-year testing period.

10.     A section 382 ownership change of LBHI could significantly reduce or eliminate the Debtors' ability to use the Tax Attributes, thereby resulting in a potential loss of value.  To the best of the Debtors' knowledge, and subject to certain interpretational issues, the Debtors do not believe that a section 382 ownership change has occurred with respect to LBHI.

11.     In furtherance of the automatic stay provisions of section 362 of the Bankruptcy Code and pursuant to section 105 of the Bankruptcy Code, the Debtors seek

4

authority to monitor and object to certain changes in the ownership of Lehman Stock (as defined

below) to protect against the occurrence of an ownership change during the pendency of the

bankruptcy case and, thus, preserve the potential value of the Tax Attributes during such time.

### Trading Restrictions and Notification Requirements

12.    To preserve the potential value of the Tax Attributes, the Debtors propose

the following trading restrictions and notification requirements applicable to an acquisition or

disposition of Lehman Stock effective *nunc pro tunc* to the date of the filing of this Motion (the

"Motion Date"):

(1)    Acquisition of Lehman Stock or Options.  At least twenty (20) calendar days
prior to the proposed date of any transfer of equity securities (including Options,
as defined below, to acquire such securities) that would result in an increase in
the amount of Lehman Stock beneficially owned by any person who currently is
or becomes a Substantial Equityholder (as defined below) or that would result in
a person or entity becoming a Substantial Equityholder (a "Proposed Equity
Acquisition Transaction"), such person, entity or Substantial Equityholder (a
"Proposed Equity Transferee") shall file with the Court, and serve upon the
Debtors and Debtors' counsel, a Notice of Intent to Purchase, Acquire or
Otherwise Accumulate Lehman Stock (an "Equity Acquisition Notice"), in the
form attached hereto as Exhibit "E," specifically and in detail describing the
proposed transaction in which Lehman Stock would be acquired.  At the
holder's election, the Equity Acquisition Notice to be filed with the Court may
be redacted to exclude such holder's taxpayer identification number and the
number of shares of Lehman Stock that such holder beneficially owns and
proposes to purchase or otherwise acquire.

(2)    Disposition of Lehman Stock or Options.  At least twenty (20) calendar days
prior to the proposed date of any transfer of equity securities (including Options
to acquire such securities) that would result in a decrease in the amount of
Lehman Stock beneficially owned by a Substantial Equityholder or that would
result in a person or entity ceasing to be a Substantial Equityholder (a "Proposed
Equity Disposition Transaction" and together with a Proposed Equity
Acquisition Transaction, a "Proposed Equity Transaction"), such person, entity
or Substantial Equityholder (a "Proposed Equity Transferor") shall file with the
Court, and serve upon the Debtors and Debtors' counsel, a Notice of Intent to
Sell, Trade or Otherwise Transfer Lehman Stock (an "Equity Disposition Notice,
and together with an Equity Acquisition Notice, an "Equity Trading Notice"), in
the form attached hereto as Exhibit "F," specifically and in detail describing the
proposed transaction in which Lehman Stock would be transferred.  At the
holder's election, the Equity Disposition Notice to be filed with the Court may

be redacted to exclude such holder's taxpayer identification number and the number of shares of Lehman Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(3) <u>Objection Procedures</u>.  The Debtors shall have fifteen (15) calendar days after the filing of an Equity Trading Notice (the "<u>Equity Objection Deadline</u>") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of Lehman Stock described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "<u>Equity Objection</u>") as a result of an ownership change under section 382 or section 383 of the Tax Code.

        a) If the Debtors file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

        b) If the Debtors do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors provide written authorization to the Proposed Equity Transferor approving the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, prior to the Equity Objection Deadline, then such Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, may proceed solely as specifically described in the Equity Trading Notice.  Any further Proposed Equity Transaction must be the subject of additional notices as set forth herein, with an additional twenty (20) calendar day waiting period.

(4) <u>Unauthorized Transactions in Lehman Stock or Options</u>.  Effective as of the date of the filing of this Motion and until further order of the Court to the contrary, any acquisition, disposition or other transfer of Lehman Stock in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code.

(5) <u>Definitions</u>.  For purposes of the Order:

        a) <u>Substantial Equityholder</u>.  A "Substantial Equityholder" is any person or entity that beneficially owns at least:

            (i) 23,900,000 shares of LBHI's common stock ("<u>Lehman Common Stock</u>") (representing approximately 4.0% of all issued and outstanding shares of LBHI's common stock);[1] or

---

[1] Note that this represents approximately 4.75% of all outstanding shares of LBHI's common stock <u>excluding</u> shares currently held in the "RSU Trust."  In 1997, LBHI established an irrevocable grantor trust (the "<u>RSU Trust</u>")

(ii)  4.50% of the outstanding shares of LBHI's 8.75% Non-Cumulative Mandatory Convertible Preferred Stock, Series Q (the "<u>Series Q Convertible Preferred</u>"), as of the day immediately prior to the date of the filing of the Equity Trading Notice;[2] or

(iii)  4.50% of the outstanding shares of LBHI's 7.25% Non-Cumulative Perpetual Convertible Preferred Stock, Series P (the "<u>Series P Convertible Preferred</u>"), as of the day immediately prior to the date of the filing of the Equity Trading Notice;

b)  <u>Beneficial Ownership</u>.  "Beneficial ownership" (or any variation thereof of Lehman Stock and Options to acquire Lehman Stock) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("<u>Treasury Regulations</u>") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire Lehman Stock;

c)  <u>Option</u>.  An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable; and

d)  <u>Lehman Stock</u>.  "Lehman Stock" shall mean Lehman Common Stock, the Series P Convertible Preferred and the Series Q Convertible Preferred.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to

---

to provide common stock voting rights to employees holding outstanding LBHI restricted stock units.  LBHI has made regular contributions of Lehman Common Stock to the RSU Trust; the Trust currently holds approximately 97 million shares of Lehman Common Stock.  However, these shares are not considered outstanding stock for federal income tax purposes.

[2] Because the Series P Convertible Preferred and Series Q Convertible Preferred have conversion rights, 4.50% (although arbitrary) allows cushion for the reduced number of shares of preferred stock that may be outstanding as of the actual acquisition or disposition of the shares that are the subject of the Equity Trading Notice.

acquire Lehman Stock may be treated as the owner of such Lehman Stock.

(6)    The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in the Order.

**Ample Support Exists for the Proposed Restrictions and Notification Requirements**

13.    Section 362(a) of the Bankruptcy Code operates as a stay of, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3).  Accordingly, "where a non-debtor's action with respect to an interest that is intertwined with that of a bankrupt debtor would have the legal effect of diminishing or eliminating property of the bankrupt estate, such action is barred by the automatic stay."  *Official Comm. of Unsecured Creditors v. PSS Steamship Co. (In re Prudential Lines Inc.)*, 928 F.2d 565, 574 (2d Cir. 1991), *cert. denied,* 502 U.S. 821 (1991).

14.    NOLs are property of a debtor's estate protected by section 362 of the Bankruptcy Code.  *See Nisselson v. Drew Indus., Inc. (In re White Metal Rolling & Stamping Corp.)*, 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) ("It is beyond peradventure that NOL carrybacks and carryovers are property of the estate of the loss corporation that generated them.").  The United States Court of Appeals for the Second Circuit, in its seminal *Prudential Lines* decision, affirmed the application of the automatic stay and upheld a permanent injunction prohibiting a parent corporation from taking a worthless stock deduction for the stock of its debtor subsidiary because doing so would have adversely affected the subsidiary's ability to use its NOLs under the special relief provisions of section 382 of the Tax Code.  928 F.2d 565  The Second Circuit stated:

> Including NOL carryforwards as property of a corporate debtor's estate is consistent with Congress' intention to "bring anything of value that the debtors have into the estate."  Moreover, "[a] paramount and important goal of Chapter 11 is the rehabilitation of the debtor by offering breathing space and an opportunity to

8

> rehabilitate its business and eventually generate revenue."
> Including the right to a NOL carryforward as property of [the
> debtor's] bankruptcy estate furthers the purpose of facilitating the
> reorganization of [the debtor].

*Id.* at 573 (internal citations omitted); s*ee also In re Fruehauf Trailer Corp.*, 444 F.3d 203 (3d

Cir. 2006) ("Property of the estate 'includes all interests, such as . . . contingent interests and

future interests, whether or not transferable by the debtor.'") (quoting *Prudential Lines*, 928 F.2d

at 572); *In re Enron Corp.*, Case No. 01-16034 (Bankr. S.D.N.Y. 2003) (finding that the debtors'

NOL carryforwards "are property of the Debtors' estates and are protected by the automatic stay

prescribed in section 362 of the Bankruptcy Code"); *Gibson v. United States (In re Russell)*, 927

F.2d 413, 417 (8th Cir. 1991) (concluding the "right to carry forward the [debtor's] NOLs" was a

"property interest" of the estate); *In re Delta Air Lines, Inc.*, Ch. 11 Case No. 05-17923 (PCB)

(Bankr. S.D.N.Y. Sept. 16, 2005) (finding that tax credit carryforwards were property of the

debtors' estates and approving notification procedures and restrictions on certain transfers of

claims against and interests in the debtors to protect, among other things, $346 million in non-

NOL tax credits).  In *Prudential Lines*, the Second Circuit further held that the parent

corporation's attempt to claim a worthless stock deduction in stock of its debtor subsidiary

effectively would eliminate the value of the debtor's NOLs, and thus, would be an act to exercise

control over estate property in violation of the automatic stay extant under section 362 of the

Bankruptcy Code.  *Prudential Lines*, 928 F.2d at 573-574.

> 15.    In *Prudential Lines,* the parent corporation's interest in its worthless stock

deduction was intertwined with the debtor's NOLs.  The Second Circuit determined that if the

parent was permitted to take a worthless stock deduction, it would have an adverse impact on the

debtor subsidiary's ability to carry forward its NOLs.  Therefore, the Second Circuit noted that,

"despite the fact that the [parent corporation's] action is not directed specifically at [the debtor

subsidiary], it is barred by the automatic stay as an attempt to exercise control over property of the estate." *Id.*

16.    The Second Circuit also held that the permanent injunction was supported by the court's equitable powers pursuant to section 105(a) of the Bankruptcy Code, which authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11]." *Id.*; *see also* 11 U.S.C. § 105(a).  Because the NOLs were valuable assets of the debtor, the Second Circuit refused to disturb the bankruptcy court's determination that elimination of the right to apply its NOLs to offset income on future tax returns would impede the debtor's reorganization.  *Prudential Lines*, 928 F.2d at 574.

17.    Similarly, in *In re Phar-Mor, Inc.*, 152 B.R. 924 (Bankr. N.D. Ohio 1993), chapter 11 debtors moved to prohibit the transfer of their stock that could have an adverse effect on their ability to use NOLs.  The court held that the NOLs qualified as property of the estate and issued an injunctive order and enforced the automatic stay, thereby protecting the assets of the debtors' estates.  Significantly, the court granted the relief requested even though the stockholders did not state any intent to sell their stock and even though the debtors did not show that a sale was pending that would trigger the prescribed ownership change under section 382 of the Tax Code.  *See id.* at 927.  Despite the "ethereal" nature of the situation, the court observed that "[w]hat is certain is that the *NOL has a potential value, as yet undetermined*, which will be of benefit to creditors and will assist debtors in their reorganization process.  This asset is entitled to protection while debtors move forward toward reorganization."  *Id.* (emphasis added).  The court also concluded that, because the debtors were seeking to enforce the stay, they did not have to meet the more stringent requirements for preliminary injunctive relief:

> The requirements for enforcing an automatic stay under 11 U.S.C.
> § 362(a)(3) do not involve such factors as lack of an adequate

> remedy at law, or irreparable injury, or loss and a likelihood of
> success on the merits.  The key elements for a stay . . . are the
> existence of property of the estate and the enjoining of all efforts
> by others to obtain possession or control of property of the estate.

*Id.* at 926 (quoting *In re Golden Distribs., Inc.*, 122 B.R. 15, 19 (Bankr. S.D.N.Y. 1990)).

18.    Restrictions on equity trading to protect a debtor against the possible loss of its NOLs are regularly applied by courts.[3]  *See, e.g.*, *In re Northwest Airlines Corp.*, Ch. 11 Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. 2005) (approving notification procedures and restrictions on certain transfers of claims against and equity interests in the debtors); *In re Delta Air Lines, Inc.*, Ch. 11 Case No. 05-17923 (PCB) (Bankr. S.D.N.Y. 2005) (approving notification procedures and restrictions on certain transfers of claims against and equity interests in the debtors); *In re WorldCom, Inc.*, Ch. 11 Case No. 02-13533 (AJG) (Bankr. S.D.N.Y.  2003) (restricting acquisitions of stock above a certain threshold and establishing notification requirements for certain acquisitions of claims); *In re Metrocall, Inc.*, Ch. 11 Case No. 02-11579 (Bankr. D. Del. 2002) (approving procedures where debtor would provide 5 business days' notice to object to proposed transfers of stock that would result in a transferee holding 5% or more of the debtor's stock or a reduction in the ownership interest of an existing 5% or greater shareholder); *In re Reliance Acceptance Group Inc.*, Ch. 11 Case No. 98-288 (PJW) (Bankr. D. Del. 1998) (providing debtor with 30 days notice to object to proposed transfers that would result in a transferee holding 5% or more of debtor's common stock).

19.    These cases establish that it is well settled that the automatic stay under section 362(a)(3) of the Bankruptcy Code stays actions that would adversely affect a debtor's

---

[3] Because of the voluminous nature of the unreported orders cited herein, they are not annexed to this Motion. Copies of these orders are available upon request of the undersigned counsel.

NOLs, tax credits and other tax attributes. These actions, including the trading of stock in a debtor, may be determined to be null and void *ab initio*.

### The Proposed Restrictions and Notice Procedures are Necessary and in the Best Interests of the Debtors, Their Estates, and Creditors

20.     The proposed restrictions and notice procedures are necessary to preserve the Debtors' potential ability to use the Tax Attributes, which may be valuable assets of the Debtors' estates. The Debtors' ability to meet the requirements of the tax laws to preserve the Tax Attributes may be seriously jeopardized unless procedures and restrictions are established immediately to ensure that trading in Lehman Stock is either curtailed or closely monitored. The Debtors recognize that some trading in Lehman Stock may not pose a serious risk to the Tax Attributes, and thus it generally seeks to impose only an advance notice and objection procedure and limits the relief sought to transactions implicating a holder of Lehman Stock that is or seeks to become, or cease to be, a Substantial Equity Holder.

21.     Depending on the circumstances (including asset sales and potential changes in the value of any retained assets), the Tax Attributes may be valuable assets of the Debtors' estates and are entitled to the protection of the automatic stay. The exercise of this Court's equitable powers under section 105(a) of the Bankruptcy Code is appropriate.

22.     The relief requested is narrowly tailored to permit certain stock trading to continue, subject to applicable securities, corporate, and other laws. The Debtors are seeking only to enforce the provisions of the automatic stay in connection with certain types of stock trading that pose a serious risk under the ownership change tests and to monitor other types of trading that potentially pose a serious risk. The proposed restrictions on trading are crucial because once an interest is acquired, the acquisition might not be reversible for tax purposes absent such restrictions. Once a transfer acts to limit the Debtors' ability to use the Tax

Attributes under section 382 or section 383 of the Tax Code, such ability may be permanently

lost.  The relief requested is, therefore, necessary to prevent an irrevocable loss of the Debtors'

use of the Tax Attributes.

23.    It is in the best interests of the Debtors and their stakeholders to restrict

stock trading that could result in an ownership change under section 382 of the Tax Code during

the pendency of the bankruptcy case.  This permits the use of the Tax Attributes, if needed, to

offset gain or other income recognized in connection with asset sales, changes in the market

value of other Lehman assets (such as assets subject to mark-to-market tax accounting), or other

events.  If an ownership change were to occur prior to the recognition of any such gain or

income, the Tax Attributes may be unavailable due to the annual limitation imposed by section

382 and section 383 of the Tax Code.

24.    Upon the filing of this Motion, the Debtors will send the Notice of

Motion, together with the Motion, describing the proposed trading restrictions and notification

requirements (including the requested *nunc pro tunc* relief) to the parties entitled to notice under

the Court's case management order and any transfer agent(s) for Lehman Stock (collectively, the

"Notice Parties").  The Debtors are requesting that upon receipt of the Notice of Motion, together

with the Motion, any transfer agents shall send the Notice of Motion, together with the Motion,

to all holders of Lehman Stock registered with the transfer agent.  Any registered holder shall, in

turn, provide the Notice of Motion, together with the Motion, to any holder for whose account

the registered holder holds Lehman Stock.  Any holder shall, in turn, provide the Notice of

Motion, together with the Motion, to any person or entity for whom the holder holds Lehman

Stock.  The Notice of Motion, together with the Motion, will also be posted on the website

established by the Debtors' claim agent:  http://chapter11.epiqsystems.com/lehman (the

"Website").

25.    Following the entry of the Order, the Final Procedures Notice describing

the authorized trading restrictions and notification requirements would be sent to the Notice

Parties.  Upon receipt of the Final Procedures Notice, any transfer agents shall send the Final

Procedures Notice to all holders of Lehman Stock registered with the transfer agent.  Any

registered holder shall, in turn, provide the Final Procedures Notice to any holder for whose

account the registered holder holds Lehman Stock.  Any holder shall, in turn, provide the Final

Procedures Notice to any person or entity for whom the holder holds Lehman Stock.  The Final

Procedures Notice would be posted on the Website.

26.    The above measures constitute a sufficient and cost-effective way of

providing notice of the procedures described above.

27.    Entry of an order granting the relief requested herein shall be without

prejudice to any person or entity that believes it is unjustifiably aggrieved by these restrictions

and desires to transfer Lehman Stock from requesting relief from this Court at any time.

### Relief Should Be Granted

28.    Absent granting the relief requested herein, the Debtors may be

irreparably harmed by the mere filing of this Motion.  If the Debtors filed this Motion in

accordance with the usual notice procedures set forth in the applicable Bankruptcy Rules and the

Local Rules of the Bankruptcy Court for the Southern District of New York, it is possible that a

flurry of equity trading would immediately follow.  Parties holding Lehman Stock may rush to

transfer their Lehman Stock or others may rush to acquire Lehman Stock before any prohibition

on trading is approved by this Court.  Such trading would put the Tax Attributes in jeopardy, as

described above, and would thereby be counterproductive to the Debtors' objectives in seeking

this relief.  Accordingly, it is requested that the procedures described herein be effective as of the date of filing of the Motion.

29.     Within three (3) business days of the filing of this Motion, the Debtors will send the Notice of Motion, together with the Motion, to the Notice Parties.

30.     Until the Court enters an Order, and thereafter, subject to any modifications pursuant to the Order, any acquisition, disposition or other transfer of Lehman Stock as of the date of the Motion in violation of the procedures set forth above shall be null and void *ab initio* as an act in violation of the automatic stay prescribed by section 362 of the Bankruptcy Code and pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code.

31.     The foregoing notice procedures satisfy due process and the strictures of Bankruptcy Rule 9014 by providing the counterparties with notice and an opportunity to object and be heard at a hearing.  *See, e.g.*, *Harada v. DBL Liquidating Trust (In re Drexel Burnham Lambert Group, Inc.)*, 160 B.R. 729, 733 (S.D.N.Y. 1993) (indicating that an opportunity to present objections satisfies due process); *Flynn v. Eley (In re Colo. Mountain Cellars, Inc.)*, 226 B.R. 244, 246 (D. Colo. 1998) (noting that a hearing is not required to satisfy Bankruptcy Rule 9014). Furthermore, the proposed notice procedures protect the due process rights of the parties in interest without unnecessarily exposing the Debtors' estates to unwarranted administrative expenses.  Similar notice and objection procedures were approved in the cases discussed above.

32.     The granting of relief will benefit the Debtors and their stakeholders by preventing the loss of the Tax Attributes pending determination of approval of the requested procedures while allowing holders of Lehman Stock and other parties in interest ample time to consider the proposed procedures.

**Notice**

33.     No trustee or examiner has been appointed in this chapter 11 case.  Notice

of this Motion, together with the Motion, has been provided to those parties entitled to notice

under the case management order entered by the Court and any additional Notice Parties

identified in the Motion.  In light of the nature of the relief requested, the Debtors submit that no

other or further notice need be provided.

**No Previous Request**

34.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief

requested herein and such other and further relief as is just.

Dated: October 15, 2008
       New York, New York


                                   /s/ Shai Y. Waisman
                                   WEIL, GOTSHAL & MANGES LLP
                                   767 Fifth Avenue
                                   New York, New York 10153
                                   (212) 310-8000
                                   Harvey R. Miller, Esq.
                                   Richard P. Krasnow, Esq.
                                   Lori R. Fife, Esq.
                                   Shai Y. Waisman, Esq.
                                   Jacqueline Marcus, Esq.

                                   ATTORNEYS FOR THE DEBTORS
                                   AND DEBTORS IN POSSESSION

**EXHIBIT A**
**<u>Notice of Motion</u>**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                            :
**In re**                                   :        **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                            :
                        **Debtors.**        :        **(Jointly Administered)**
                                            :
                                            :
----------------------------------------------------------------x

**NOTICE OF FILING OF MOTION FOR AN ORDER APPROVING RESTRICTIONS**
**ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES AND**
**ESTABLISHING NOTIFICATION PROCEDURES RELATING THERETO**

              PLEASE TAKE NOTICE that commencing on September 15, 2008 and
periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI")[1] and its subsidiaries in the
above-referenced chapter 11 cases, as debtors and debtors in possession (the "Debtors" and,
collectively with LBHI's wholly-owned non-debtor domestic subsidiaries, "Lehman"),
commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy
Code").  Section 362(a) of the Bankruptcy Code operates as a stay of any act to obtain
possession of property of the Debtors' estates or of property from the Debtors' estates or to
exercise control over property of the Debtors' estates.

              PLEASE TAKE FURTHER NOTICE that on October 15, 2008, the Debtors filed
a motion (the "Motion") with the United States Bankruptcy Court for the Southern District of
New York (the "Bankruptcy Court"), having jurisdiction over the chapter 11 cases, to consider

---

[1] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in
the Motion.

entry of an order (the "Order") (i) finding that Lehman's consolidated net operating loss carryforwards ("NOLs") and certain other tax attributes (together with the NOLs, the "Tax Attributes") are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code; (ii) finding that trading in LBHI's common stock, certain classes of preferred stock or options to acquire such stock could severely limit the Debtors' ability to use the Tax Attributes for purposes of title 26 of the United States Code (the "Tax Code"); and (iii) approving the procedures set forth below to preserve the Tax Attributes pursuant to sections 105(a) and 362(a) of the Bankruptcy Code. **The Debtors are requesting that the relief be retroactive effective as of the date of filing of the Motion. IF THE REQUESTED RELIEF IS GRANTED, ANY ACQUISITION, DISPOSITION OR OTHER TRANSFER IN VIOLATION OF THE RESTRICTIONS SET FORTH IN THE PROPOSED ORDER SHALL BE NULL AND VOID *AB INITIO* AS AN ACT IN VIOLATION OF THE AUTOMATIC STAY UNDER SECTIONS 105(A) AND 362 OF THE BANKRUPTCY CODE.**

PLEASE TAKE FURTHER NOTICE that the Debtors hereby request that any transfer agent send this Notice of Motion, together with the Motion, to all holders of Lehman Stock registered with the transfer agent. Any registered holder shall, in turn, provide the Notice of Motion, together with the Motion, to any holder for whose account the registered holder holds Lehman Stock. Any holder shall, in turn, provide the Notice of Motion, together with the Motion, to any person or entity for whom the holder holds Lehman Stock.

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **November 5, 2008 at 10:00 a.m.** (Eastern Time) or as soon thereafter as counsel may be heard (the "Hearing").

PLEASE TAKE FURTHER NOTICE that any objection or response to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York, and (i) shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers), and (ii) shall be served in accordance with General Order M-242, upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.), attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis); (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the official committee of unsecured creditors appointed in these cases; and (v) any person or

entity entitled to receive notice of the Motion in these cases, so as to be actually filed and received no later than **October 31, 2008 at 4:00 p.m.** (Eastern Time) (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not filed and received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: October 15, 2008
      New York, New York

                                     _____

                                     Harvey R. Miller, Esq.
                                     Richard P. Krasnow, Esq.
                                     Lori R. Fife, Esq.
                                     Shai Y. Waisman, Esq.
                                     Jacqueline Marcus, Esq.
                                     WEIL, GOTSHAL & MANGES LLP
                                     767 Fifth Avenue
                                     New York, New York 10153
                                     Telephone: (212) 310-8000
                                     Facsimile: (212) 310-8007

                                     Attorneys for Debtors
                                     and Debtors in Possession

**EXHIBIT B**

**<u>Final Procedures Notice</u>**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :    08-13555 (JMP)
                                        :
                      Debtors.          :    (Jointly Administered)
                                        :
                                        :
-----------------------------------------------------------------x
```

### NOTICE OF ORDER APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES AND ESTABLISHING NOTIFICATION PROCEDURES RELATING THERETO

TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN LEHMAN BROTHERS HOLDINGS INC.:

　　　　　　PLEASE TAKE NOTICE that commencing on September 15, 2008 and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI")[1] and its subsidiaries in the above-referenced chapter 11 cases, as debtors and debtors in possession (the "Debtors" and, collectively with LBHI's wholly-owned non-debtor domestic subsidiaries, "Lehman"), commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Section 362(a) of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

---

[1] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

PLEASE TAKE FURTHER NOTICE that on November _, 2008, the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"), having jurisdiction over this chapter 11 case, upon motion of the Debtors (the "<u>Motion</u>"), entered an order (the "<u>Order</u>") (i) finding that Lehman's consolidated net operating loss carryforwards ("<u>NOLs</u>") and certain other tax attributes (together with the NOLs, the "<u>Tax Attributes</u>") are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code; (ii) finding that trading in LBHI's common stock, certain classes of preferred stock or options to acquire such stock could severely limit the Debtors' ability to use the Tax Attributes for purposes of title 26 of the United States Code (the "<u>Tax Code</u>"); and (iii) approving the procedures set forth below to preserve the Tax Attributes pursuant to sections 105(a) and 362(a) of the Bankruptcy Code. **ANY ACQUISITION, DISPOSITION OR OTHER TRANSFER IN VIOLATION OF THE RESTRICTIONS SET FORTH BELOW SHALL BE NULL AND VOID *AB INITIO* AS AN ACT IN VIOLATION OF THE AUTOMATIC STAY UNDER SECTIONS 105(A) AND 362 OF THE BANKRUPTCY CODE.**

PLEASE TAKE FURTHER NOTICE that the following procedures and restrictions have been approved by the Bankruptcy Court and shall apply to holding and trading in Lehman Stock (as defined below):

(1) <u>Acquisition of Lehman Stock or Options</u>.  At least twenty (20) calendar days prior to the proposed date of any transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in an increase in the amount of Lehman Stock beneficially owned by any person who currently is or becomes a Substantial Equityholder (as defined below) or that would result in a person or entity becoming a Substantial Equityholder (a "<u>Proposed Equity Acquisition Transaction</u>"), such person, entity or Substantial Equityholder (a "<u>Proposed Equity Transferee</u>") shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Intent to Purchase, Acquire or Otherwise Accumulate Lehman Stock (an "<u>Equity Acquisition Notice</u>"), in the form attached hereto as Exhibit "E," specifically and in detail describing the proposed transaction in which Lehman Stock would be acquired.  At the holder's election, the Equity Acquisition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of Lehman Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

(2) <u>Disposition of Lehman Stock or Options</u>.  At least twenty (20) calendar days prior to the proposed date of any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of Lehman Stock beneficially owned by a Substantial Equityholder or that would result in a person or entity ceasing to be a Substantial Equityholder (a "<u>Proposed Equity Disposition Transaction</u>" and together with a Proposed Equity Acquisition Transaction, a "<u>Proposed Equity Transaction</u>"), such person, entity or Substantial Equityholder (a "<u>Proposed Equity Transferor</u>") shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Intent to Sell, Trade or Otherwise Transfer Lehman Stock (an "<u>Equity Disposition Notice</u>," and together with an Equity Acquisition Notice, an "<u>Equity Trading

Notice"), in the form attached hereto as Exhibit "F," specifically and in detail describing the proposed transaction in which Lehman Stock would be transferred.  At the holder's election, the Equity Disposition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of Lehman Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(3)     Objection Procedures.  The Debtors shall have fifteen (15) calendar days after the filing of an Equity Trading Notice (the "Equity Objection Deadline") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of Lehman Stock described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "Equity Objection") as a result of an ownership change under section 382 or section 383 of the Tax Code.

a)     If the Debtors file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

b)     If the Debtors do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors provide written authorization to the Proposed Equity Transferor approving the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, prior to the Equity Objection Deadline, then such Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, may proceed solely as specifically described in the Equity Trading Notice.  Any further Proposed Equity Transaction must be the subject of additional notices as set forth herein, with an additional twenty (20) calendar day waiting period.

(4)     Unauthorized Transactions in Lehman Stock or Options.  Effective as of the filing of the Motion and until further order of the Court to the contrary, any acquisition, disposition or other transfer of Lehman Stock in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code.

(5)     Definitions.  For purposes of this Order:

a)     Substantial Equityholder.  A "Substantial Equityholder" is any person or entity that beneficially owns at least:

(i) 23,900,000 shares of LBHI's common stock ("Lehman Common Stock") (representing approximately 4.0% of all issued and outstanding shares of LBHI's common stock);[2] or

(ii) 4.50% of the outstanding shares of LBHI's 8.75% Non-Cumulative Mandatory Convertible Preferred Stock, Series Q (the "Series Q Convertible Preferred"), as of the day immediately prior to the date of the filing of the Equity Trading Notice;[3] or

(iii) 4.50% of the outstanding shares of LBHI's 7.25% Non-Cumulative Perpetual Convertible Preferred Stock, Series P (the "Series P Convertible Preferred"), as of the day immediately prior to the date of the filing of the Equity Trading Notice;

b)    Beneficial Ownership. "Beneficial ownership" (or any variation thereof of Lehman Stock and Options to acquire Lehman Stock) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire Lehman Stock;

c)    Option. An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable; and

d)    Lehman Stock. "Lehman Stock" shall mean Lehman Common Stock, the Series P Convertible Preferred and the Series Q

---

[2] Note that this represents approximately 4.75% of all outstanding shares of LBHI's common stock excluding shares currently held in the "RSU Trust." In 1997, LBHI established an irrevocable grantor trust (the "RSU Trust") to provide common stock voting rights to employees holding outstanding LBHI restricted stock units. LBHI has made regular contributions of Lehman Common Stock to the RSU Trust; the Trust currently holds approximately 97 million shares of Lehman Common Stock. However, these shares are not considered outstanding stock for federal income tax purposes.

[3] Because the Series P Convertible Preferred and Series Q Convertible Preferred have conversion rights, 4.50% (although arbitrary) allows cushion for the reduced number of shares of preferred stock that may be outstanding as of the actual acquisition or disposition of the shares that are the subject of the Equity Trading Notice.

Convertible Preferred.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire Lehman Stock may be treated as the owner of such Lehman Stock.

(6)  The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in the Order.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED ACQUISITION, DISPOSITION OR OTHER TRANSFER OF LEHMAN STOCK IN VIOLATION OF THE ORDER WILL BE NULL AND VOID *AB INITIO* AND MAY LEAD TO CONTEMPT, COMPENSATORY DAMAGES, PUNITIVE DAMAGES, OR SANCTIONS BEING IMPOSED BY THE BANKRUPTCY COURT.**

**THE DEBTORS MAY WAIVE, IN WRITING, ANY AND ALL RESTRICTIONS, STAYS, AND NOTIFICATION PROCEDURES CONTAINED IN THE ORDER.**

PLEASE TAKE FURTHER NOTICE that any person or entity that desires to acquire an interest restricted by the Order may request relief for cause at any time and the Debtors may oppose such relief.

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated: November __, 2008
       New York, New York

BY ORDER OF THE COURT

**Exhibit C**

**Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x
: 
In re:                                   :            **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :           **08-13555 (JMP)**
: 
                 **Debtors.**             :           **(Jointly Administered)**
: 
-----------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS**
**105(a) AND 362 OF THE BANKRUPTCY CODE**
**APPROVING RESTRICTIONS ON CERTAIN**
**TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES AND**
**ESTABLISHING NOTIFICATION PROCEDURES RELATING THERETO**

Upon the motion dated October 15, 2008 (the "Motion")[1] of Lehman Brothers

Holdings Inc. ("LBHI") and certain of its subsidiaries, as debtors and debtors in possession (the

"Debtors" and, collectively with LBHI's wholly-owned non-debtor domestic subsidiaries,

"Lehman"),  pursuant to sections 362 and 105(a) of title 11 of the United States Code (the

"Bankruptcy Code"), seeking entry of an order (the "Order") to establish notification procedures

and approve restrictions on transfers of certain equity interests in LBHI, as more fully described

in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief

requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion

having been provided to  (i) the United States Trustee for the Southern District of New York; (ii)

the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and

---

[1] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in
the Motion.

Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the

Southern District of New York; (vi) all parties that have requested notice in these cases; and (vii)

any transfer agent(s) for Lehman Stock (as defined below) (collectively, the "Notice Parties");

and it appearing that no other or further notice need be provided; and the Court having reviewed

the Motion and having heard the statements in support of the relief requested at the hearing on

the Motion; and the Court having determined that the relief sought in the Motion pursuant to this

Order is in the best interests of the Debtors, their creditors and all parties in interest; and the

Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and upon all of the proceedings had before the Court and after

due deliberation and sufficient cause appearing therefore, it is FOUND that:

1.    Lehman's consolidated net operating loss tax carryforwards ("NOLs") and

certain other tax attributes (together with NOLs, the "Tax Attributes") are property of the

Debtors' estates and are protected by the automatic stay prescribed in section 362 of the

Bankruptcy Code;

2.    Unrestricted trading of certain equity interests in LBHI during the

pendency of the bankruptcy could severely limit the Debtors' ability to utilize the Tax Attributes

for purposes of title 26 of the United States Code (the "Tax Code"), as set forth in the Motion;

3.    The notification procedures and restrictions on transfers of LBHI's

common stock, certain classes of preferred stock and options to acquire such stock are necessary

and proper to preserve the Tax Attributes and are therefore in the best interests of the Debtors,

their estates, and their creditors; and

4.    The relief requested in the Motion is authorized under sections 105(a) and

362 of the Bankruptcy Code.

THEREFORE, IT IS:

ORDERED that the Motion is granted; and it is further

ORDERED that the provisions of this Order shall be effective, *nunc pro tunc*, to the date of the Motion; and it is further

ORDERED that all objections to the Motion not previously withdrawn are overruled; and it is further

ORDERED that any acquisition, disposition or other transfer in violation of the restrictions set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay prescribed in section 362 of the Bankruptcy Code and pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code.  For purposes of this Order, any trades made before the filing of the Motion shall not be subject to this Order; and it is further

ORDERED that the following procedures and restrictions shall apply to trading in Lehman Stock and are approved:

(1)    Acquisition of Lehman Stock or Options.  At least twenty (20) calendar days prior to the proposed date of any transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in an increase in the amount of Lehman Stock beneficially owned by any person who currently is or becomes a Substantial Equityholder (as defined below) or that would result in a person or entity becoming a Substantial Equityholder (a "Proposed Equity Acquisition Transaction"), such person, entity or Substantial Equityholder (a "Proposed Equity Transferee") shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Intent to Purchase, Acquire or Otherwise Accumulate Lehman Stock (an "Equity Acquisition Notice"), in the form attached hereto as Exhibit "E," specifically and in detail describing the proposed transaction in which Lehman Stock would be acquired.  At the holder's election, the Equity Acquisition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of Lehman Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

(2)    Disposition of Lehman Stock or Options.  At least twenty (20) calendar days prior to the proposed date of any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of Lehman Stock beneficially owned by a Substantial Equityholder or that would

result in a person or entity ceasing to be a Substantial Equityholder (a "<u>Proposed Equity Disposition Transaction</u>" and together with a Proposed Equity Acquisition Transaction, a "<u>Proposed Equity Transaction</u>"), such person, entity or Substantial Equityholder (a "<u>Proposed Equity Transferor</u>") shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Intent to Sell, Trade or Otherwise Transfer Lehman Stock (an "<u>Equity Disposition Notice</u>," and together with an Equity Acquisition Notice, an "<u>Equity Trading Notice</u>"), in the form attached hereto as Exhibit "F," specifically and in detail describing the proposed transaction in which Lehman Stock would be transferred. At the holder's election, the Equity Disposition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of Lehman Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(3)   <u>Objection Procedures</u>.  The Debtors shall have fifteen (15) calendar days after the filing of an Equity Trading Notice (the "<u>Equity Objection Deadline</u>") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of Lehman Stock described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "<u>Equity Objection</u>") as a result of an ownership change under section 382 or section 383 of the Tax Code.

> a)   If the Debtors file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction shall not be effective unless approved by a final and nonappealable order of this Court.
>
> b)   If the Debtors do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors provide written authorization to the Proposed Equity Transferor approving the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, prior to the Equity Objection Deadline, then such Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, may proceed solely as specifically described in the Equity Trading Notice.  Any further Proposed Equity Transaction must be the subject of additional notices as set forth herein, with an additional twenty (20) calendar day waiting period.

(4)   <u>Unauthorized Transactions in Lehman Stock or Options</u>.  Effective as of the filing of the Motion and until further order of the Court to the contrary, any acquisition, disposition or other transfer of Lehman Stock in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code.

(5)  <u>Definitions</u>.  For purposes of this Order:

a)  <u>Substantial Equityholder</u>.  A "Substantial Equityholder" is any person or entity that beneficially owns at least:

(i)  23,900,000 shares of LBHI's common stock ("<u>Lehman Common Stock</u>") (representing approximately 4.0% of all issued and outstanding shares of LBHI's common stock);[2] or

(ii)  4.50% of the outstanding shares of LBHI's 8.75% Non-Cumulative Mandatory Convertible Preferred Stock, Series Q (the "<u>Series Q Convertible Preferred</u>"), as of the day immediately prior to the date of the filing of the Equity Trading Notice;[3] or

(iii)  4.50% of the outstanding shares of LBHI's 7.25% Non-Cumulative Perpetual Convertible Preferred Stock, Series P (the "<u>Series P Convertible Preferred</u>"), as of the day immediately prior to the date of the filing of the Equity Trading Notice;

b)  <u>Beneficial Ownership</u>.  "Beneficial ownership" (or any variation thereof of Lehman Stock and Options to acquire Lehman Stock) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("<u>Treasury Regulations</u>") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire Lehman Stock;

c)  <u>Option</u>.  An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless

---

[2] Note that this represents approximately 4.75% of all outstanding shares of LBHI's common stock <u>excluding</u> shares currently held in the "RSU Trust."  In 1997, LBHI established an irrevocable grantor trust (the "<u>RSU Trust</u>") to provide common stock voting rights to employees holding outstanding LBHI restricted stock units.  LBHI has made regular contributions of Lehman Common Stock to the RSU Trust; the Trust currently holds approximately 97 million shares of Lehman Common Stock.  However, these shares are not considered outstanding stock for federal income tax purposes.

[3] Because the Series P Convertible Preferred and Series Q Convertible Preferred have conversion rights, 4.50% (although arbitrary) allows cushion for the reduced number of shares of preferred stock that may be outstanding as of the actual acquisition or disposition of the shares that are the subject of the Equity Trading Notice.

of whether it is contingent or otherwise not currently exercisable; and

d)   <u>Lehman Stock</u>.  "Lehman Stock" shall mean Lehman Common Stock, the Series P Convertible Preferred and the Series Q Convertible Preferred.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire Lehman Stock may be treated as the owner of such Lehman Stock.

(6)    The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Order.

and it is further;

ORDERED that any person or entity acquiring, disposing of or transferring Lehman Stock in violation of the restrictions set forth herein, or failing to comply with the "<u>Equity Acquisition Notice</u>" or "<u>Equity Disposition Notice</u>" requirements, as may be the case, shall be subject to such sanctions as the Court may consider appropriate pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code; and it is further

ORDERED that the notices substantially in the form annexed to the Motion as Exhibit "D" and Exhibit "E" are approved; and it is further

ORDERED that the Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Order; and it is further

ORDERED that the Debtors shall serve notice of the entry of this Order substantially in the form annexed to the Motion as Exhibit "B" (the "<u>Final Procedures Notice</u>") describing the authorized trading restrictions and notification requirements on the Notice Parties to the extent such parties have not previously been served with the Final Procedures Notice. Upon receipt of Final Procedures Notice, any transfer agents shall send the Final Procedures Notice to all holders of Lehman Stock registered with the transfer agent.  Any registered holder

shall, in turn, provide the Final Procedures Notice to any holder for whose account the registered

holder holds Lehman Stock.  Any holder shall, in turn, provide the Final Procedures Notice to

any person or entity for whom the holder holds Lehman Stock; and it is further

ORDERED that the Debtors shall post the Final Procedures Notice on the website

established by the Debtors' claim agent:  http://chapter11.epiqsystems.com/lehman (the

"Website"); and it is further

ORDERED that nothing herein shall preclude any person or entity that desires to

purchase or transfer any Lehman Stock from requesting relief from this Order in this Court

subject to the Debtors' rights to oppose such relief; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good

and sufficient notice of the Motion; and it is further

ORDERED that the requirements set forth in this Order are in addition to the

requirements of Bankruptcy Rule 3001(e), applicable securities, corporate, and other laws, and

do not excuse compliance therewith; and it is further

ORDERED that the Court shall retain jurisdiction with respect to any matters,

claims, rights or disputes arising from or related to the implementation of this Order; and it is

further

ORDERED that the relief granted in this Order is intended solely to permit the

Debtors to protect, preserve and maximize the value of the Tax Attributes.  Accordingly, except

to the extent the Order expressly conditions or restricts trading in equity interests in the Debtors,

nothing in this Order or in the Motion shall or shall be deemed to prejudice, impair or otherwise

alter or affect the rights of any holders of interests in the Debtors, including in connection with

the treatment of any such interests during the pendency of the Debtors' bankruptcy cases.

Dated:  _____, 2008
        New York, New York

                              _____
                                UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT D**

**Equity Acquisition Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------------------x
                                            :
In re:                                      :        Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :        08-13555 (JMP)
                                            :
              Debtors.                      :        (Jointly Administered)
                                            :
----------------------------------------------------------------------x
```

### NOTICE OF INTENT TO PURCHASE, ACQUIRE OR OTHERWISE
### ACCUMULATE LEHMAN STOCK

PLEASE TAKE NOTICE THAT [Name of Prospective Acquirer] hereby provides notice of its intention to purchase, acquire or otherwise accumulate one or more shares of Lehman Brothers Holdings Inc. ("LBHI") common stock (the "Lehman Common Stock"), LBHI's 8.75% Non-Cumulative Mandatory Convertible Preferred Stock, Series Q (the "Series Q Convertible Preferred"), or LBHI's 7.25% Non-Cumulative Perpetual Convertible Preferred Stock, Series P (the "Series P Convertible Preferred" and, together with Lehman Common Stock and the Series Q Convertible Preferred, "Lehman Stock") or an Option (as defined below) with respect to any of the foregoing (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT [Name of Prospective Acquirer] currently beneficially owns:

        (i) _____ shares of Lehman Common Stock and/or Options to acquire _____ shares of Lehman Common Stock,

        (ii) _____ shares of Series Q Convertible Preferred and/or Options to acquire _____ shares of Series Q Convertible Preferred,

        (iii) _____ shares of Series P Convertible Preferred and/or Options to acquire _____ shares of Series P Convertible Preferred.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [Name of Prospective Acquirer] proposes to purchase, acquire or otherwise accumulate:

        (i) _____ shares of Lehman Common Stock and/or Options to acquire _____ shares of Lehman Common Stock,

        (ii) _____ shares of Series Q Convertible Preferred and/or Options to acquire _____ shares of Series Q Convertible Preferred,

(iii) _____ shares of Series P Convertible Preferred and/or Options to acquire _____ shares of Series P Convertible Preferred.

If the Proposed Transfer is permitted to occur, [Name of Prospective Acquirer] will own:

(i) _____ shares of Lehman Common Stock and/or Options to acquire _____ shares of Lehman Common Stock,

(ii) _____ shares of Series Q Convertible Preferred and/or Options to acquire _____ shares of Series Q Convertible Preferred,

(iii) _____ shares of Series P Convertible Preferred and/or Options to acquire _____ shares of Series P Convertible Preferred.

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of [Name of Prospective Acquirer] is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [Name of Prospective Acquirer] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Motion seeking entry of an order (the "Order") to approve restrictions on transfers of certain equity interests in LBHI and establish notification procedures, as more fully described in the Motion, and the Order, when issued, under 11 U.S.C. §§ 105(a) and 362 Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors' Estate, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of New York, and (B) served upon (i) the Debtors, 1301 Avenue of the Americas, New York, NY 10019 (Attn: Darryl R. Steinberg); and (ii) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.), attorneys for the Debtors.

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) calendar days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) calendar day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) calendar day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [Name of Prospective Acquirer] that may result in [Name of Prospective Acquirer] purchasing, acquiring or otherwise accumulating shares of Lehman Stock (or Options with

respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

   For purposes of this Notice, (i) "<u>Ownership</u>" (or any variation thereof of Lehman Stock and Options to acquire Lehman Stock) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "<u>Tax Code</u>"), the U.S. Department of Treasury regulations ("<u>Treasury Regulations</u>") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire Lehman Stock, (ii) any variation of the term "<u>Ownership</u>" (*e.g.,* Own) shall have the same meaning and (iii) an "<u>Option</u>" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

        Respectfully submitted,


        _____
        (Name of Prospective Acquirer)

        By:_____
         Name:_____
         Title:_____

        Address:_____

         _____

        Telephone:_____
        Facsimile:_____


Date: _____

**EXHIBIT E**

**<u>Equity Disposition Notice</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------------x
                                          :
In re:                                    :        Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :        08-13555 (JMP)
                                          :
            Debtors.                      :        (Jointly Administered)
                                          :
----------------------------------------------------------------------x
```

**NOTICE OF INTENT TO SELL, TRADE**
**OR OTHERWISE TRANSFER LEHMAN STOCK STOCK**

PLEASE TAKE NOTICE THAT [Name of Prospective Seller] hereby provides notice of its intention to sell, trade or otherwise transfer one or more shares of Lehman Brothers Holdings Inc. ("LBHI") common stock (the "Lehman Common Stock"), LBHI's 8.75% Non-Cumulative Mandatory Convertible Preferred Stock, Series Q (the "Series Q Convertible Preferred"), or LBHI's 7.25% Non-Cumulative Perpetual Convertible Preferred Stock, Series P (the "Series P Convertible Preferred" and, together with Lehman Common Stock and the Series Q Convertible Preferred, "Lehman Stock") or an Option (as defined below) with respect to any of the foregoing (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT [Name of Prospective Seller] currently owns:

(i) _____ shares of Lehman Common Stock and/or Options to acquire _____ shares of Lehman Common Stock,

(ii) _____ shares of Series Q Convertible Preferred and/or Options to acquire _____ shares of Series Q Convertible Preferred,

(iii) _____ shares of Series P Convertible Preferred and/or Options to acquire _____ shares of Series P Convertible Preferred,

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [Name of Prospective Seller] proposes to sell, trade or otherwise transfer:

(i) _____ shares of Lehman Common Stock and/or Options to acquire _____ shares of Lehman Common Stock,

(ii) _____ shares of Series Q Convertible Preferred and/or Options to acquire _____ shares of Series Q Convertible Preferred,

(iii) _____ shares of Series P Convertible Preferred and/or Options to acquire _____ shares of Series P Convertible Preferred,

If the Proposed Transfer is permitted to occur, [Name of Prospective Seller] will own:

(i) _____ shares of Lehman Common Stock and/or Options to acquire _____ shares of Lehman Common Stock,

(ii) _____ shares of Series Q Convertible Preferred and/or Options to acquire _____ shares of Series Q Convertible Preferred,

(iii) _____ shares of Series P Convertible Preferred and/or Options to acquire _____ shares of Series P Convertible Preferred,

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of [Name of Prospective Seller] is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [Name of Prospective Seller] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Motion seeking entry of an order (the "Order") to approve restrictions on transfers of certain equity interests in LBHI and establish notification procedures, as more fully described in the Motion, and the Order, when issued, under 11 U.S.C. §§ 105(a) and 362 Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors' Estate, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of New York, and (B) served upon (i) the Debtors, 1301 Avenue of the Americas, New York, NY 10019 (Attn: Darryl R. Steinberg); and (ii) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.), attorneys for the Debtors.

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) calendar days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) calendar day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) calendar day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [Name of Prospective Seller] that may result in [Name of Prospective Seller] selling, trading or otherwise transferring shares of Lehman Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "Ownership" (or any variation thereof of Lehman Stock and Options to acquire Lehman Stock) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire Lehman Stock, (ii) any variation of the term "Ownership" (*e.g.,* Own) shall have the same meaning and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____
(Name of Prospective Seller)

By:_____
   Name:_____
   Title:_____

Address:_____
        _____
        _____
Telephone:_____
Facsimile:_____

Date: _____