**Hearing Date: To Be Determined**
**Objection Deadline: October 16, 2008 at 4:00 p.m.**

Peter J. Tucci, Esq. (PT- 47172)
Christine Jagde, Esq. (CJ-0320)
**FOX ROTHSCHILD LLP**
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7900 (Telephone)
-and-
Stone Manor Corporate Center
2700 Kelly Road, Suite 300
Warrington, Pennsylvania 18976
(215) 345-7500 (Telephone)
*Attorneys for Strategic Systems Solutions Ltd. And Strategic Systems Solutions, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

| | |
|---|---|
| In re | : |
| | : Chapter 11 |
| | : |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | : Case No. 08-13555 (JMP) |
| | : |
| Debtors. | : Jointly Administered |
| | : |

----------------------------------------------------------------x

**OBJECTION TO CURE AMOUNTS**
**AND RESERVATION OF RIGHTS**

Strategic Systems Solutions Inc. ("SSS Inc.") And Strategic Systems Solutions Ltd. ("SSS Ltd.") (collectively, "SSS"), by and through its undersigned counsel, hereby submits this objection with full and complete reservation of rights (the "Objection") to the Third Omnibus Notice of Assumption and Assignment of Executory Contracts and Unexpired Leases, dated October 6, 2008 (the "Notice") filed by Barclays Capital Inc. (the "Purchaser") to the extent that the Notice identifies incorrect cure costs (the "Cure

NY1 417541v1 10/15/08

Amounts") relating to the contracts between SSS and the above-captioned debtors (the "Purchased Contracts") in connection with the assumption and assignment of the Purchased Contracts to the Purchaser, and respectfully states as follows:

## PRELIMINARY STATEMENT

SSS has no objection to the Purchased Contracts being assumed and assigned to the Purchaser. SSS merely objects to the proposed Cure Amounts listed in the Notice on the grounds that they: (i) are improperly listed in the schedules annexed to the Notice at "zero" and do not include an amount sufficient to cure all defaults; (ii) do not compensate SSS for any pecuniary loss resulting from such defaults; and (iii) fail to provide SSS with adequate assurance of future performance under the terms of the Purchased Contracts.

## BACKGROUND

1. Commencing on September 15, 2008 and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2

NY1 417541v1 10/15/08

3. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPA Trustee") is administering LBI's estate.

5. By order of this Court dated September 20, 2008 (the "Sale Order"), the Court, *inter alia,* approved an asset purchase agreement between the Debtors and the Purchaser. Under the Sale Order, the Purchaser had the right to designate certain of the Debtors' unexpired leases and executory contracts for assumption and assignment to the Purchaser. Pursuant to the Notice, the Purchaser has exercised its rights to assume and have the Purchased Contracts with SSS assigned to it.

6. Annexed to the Notice is a schedule which identifies the Purchased Contracts with SSS. The Cure Amounts listed is zero. SSS disputes the Cure Amounts and argues that it does not reflect the appropriate amount necessary to be paid to SSS to cure existing defaults so as to enable the Debtors to assume and assign the Purchased Contracts to the Purchaser.

NY1 417541v1 10/15/08

## ARGUMENT

7.  11 U.S.C. §§ 365(b)(1) and (f)(2) provides that a debtor-in-possession seeking to assume and assign executory contracts must: (i) cure, or provide adequate assurance that it will promptly cure, any defaults in the executory contract, (ii) compensate the counterparty to the executory contract for any actual pecuniary loss to such party resulting from such defaults, and (iii) provide adequate assurance of future performance under such contract.

8.  SSS is a global IT and BPO consultancy company with offices in the UK, US, China, Philippines and Singapore. SSS offers a full service catalogue Including business and IT transformation consulting, IT service management, applications development specializing in critical large business transaction processing systems, performance and tuning services, business applications QA, integrity and testing, business process re-engineering, automation and outsourcing.

9.  On or about July 2, 2007, SSS entered into an agreement to provide Professional Services and an agreement of General Terms and Conditions to provide IT Products and Services, and on or about August 29, 2007, October 29, 2007 and May 1, 2008, SSS entered into separate Professional Services Transaction Schedules (collectively, the "Agreements") with LBI, under which SSS provided the Debtors with a qualified mainframe resources to perform detailed systems analysis of the Debtors ITS system batch processes to determine the extent of required remediation for support of a real-time publishing of ITS position and balance data. A copy of the Agreements is annexed hereto as Exhibit A.

4

10. Pursuant to the Agreements, the aggregate outstanding obligation of LBI to Strategic Inc. is $72,942.00 USD. A chart summarizing the appropriate Cure Amounts due is annexed hereto as Exhibit B. Copies of invoices evidencing the Cure Amounts in the summary chart are annexed hereto as Exhibit C.

11. SSS hereby reserves all of its rights to update, supplement and/or amend this Objection or objections to further Cure Amounts from time to time, or as additional information may become available to SSS.

12. SSS objects to the Cure Amounts of "zero" proposed by the Purchasers. Pursuant to the procedures set forth in the Notice, SSS is ready, willing and able to meet and confer in good faith with the Debtors and the Purchaser to resolve the Objection to the Cure Amounts. In the event that the Objection cannot be resolved, SSS seeks relief from this Court as set forth herein.

## CONCLUSION

13. For the reasons set forth herein, SSS respectfully (i) objects to the proposed Cure Amounts set forth in the Notice; (ii) requests that this Court order payment of $72,942.00 USD to SSS to cure defaults under the Agreement; and (iii) requests that this Court grants all such other and further relief as is just and proper.

14. No other application for the relief sought herein has been made or granted.

New York, New York
Dated: October 15, 2008

**FOX ROTHSCHILD LLP**

By: *Christine Jagde*
Christine Jagde (CJ-0320)
100 Park Avenue, Suite 1500

5

New York, New York 10017
(212) 878-7900 (Telephone)
-and-
Peter J. Tucci (PT-47172)
Stone Manor Corporate Center
2700 Kelly Road, Suite 300
Warrington, Pennsylvania 18976
(215) 345-7500 (Telephone)

*Attorneys for Strategic Systems Solutions Inc. and Strategic Systems Solutions Ltd..*

NY1 417541v1 10/15/08