Steven E. Fineman (SF 8481)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Tel.: (212) 355-9500

Elizabeth J. Cabraser
(*pro hac vice* admission pending)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Tel.: (415) 956-1000

*Counsel for the Certified Class in Austin v. Chisick*

Omnibus Hearing Date and Time:
November 5, 2008, 10:00 a.m.

Objections Due Date:
October 31, 2008, 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------

| | |
|---|---|
| **In re:** | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | Case No. 08-13555 (JMP) |
| **Debtors.** | **Jointly Administered** |
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| **Plaintiff,** | |
| v. | Adv. Proc. No. 08-01420 (JMP) |
| LEHMAN BROTHERS INC., | SIPA Liquidation Proceeding |
| **Defendant.** | |

785159.2

In re:                                                  :
                                                        :
**LEHMAN COMMERCIAL PAPER, INC.,**                      :   Case No. 08-13900 (JMP)
                                                        :
            **Debtor.**                                 :
                                                        :

**MOTION FOR RELIEF FROM AUTOMATIC STAYS
TO PROCEED WITH CLASS ACTION SETTLEMENT**

Pursuant to Local Bankruptcy Rule 9013-1, the certified Class in the matter captioned *Austin, et al. v. Chisick, et al.*, Case No. SA CV 01-0971 DOC ("*Austin v. Chisick*"), pending in the United States District Court for the Central District of California before the Honorable David O. Carter (the "District Court"), hereby submits its Motion for Relief from Automatic Stays to Proceed with Class Action Settlement.

**I.    FACTUAL STATEMENT**

On June 16, 2003, the jury in *Austin v. Chisick* returned a verdict deeming Lehman Brothers Inc. ("LBI") and Lehman Commercial Paper, Inc. ("LCPI") responsible for 10 percent of a $50,913,928 total damages award to plaintiffs, for LBI and LCPI's aiding and abetting First Alliance Mortgage Company's ("First Alliance") fraudulent lending practices in originating mortgage loans. On November 19, 2003, the District Court entered judgment, ordering and adjudging, "All persons who acquired mortgage loans from First Alliance Mortgage Company ('First Alliance') from May 1, 1996 through March 31, 2000, which were used as collateral for First Alliance's warehouse credit line with Lehman Commercial Paper, Inc. or were securitized in transactions underwritten by Lehman Brothers, Inc., except for those individuals who have requested to be excluded from the Class, are members of the Plaintiff Class in the Austin v Chisick matter." The Court further ordered and adjudged, "The members of the Class

785159.2                                    -1-

who acquired mortgage loans from First Alliance from December 30, 1998 through March 23, 2000, shall recover the sum of $5,091,392.80 from Defendants on their claim for aiding and abetting fraud" and the Class would "recover nothing on its other claims." *See* November 19, 2003 Judgment, attached to the Declaration of Elizabeth J. Cabraser in Support of Motion for Relief from Automatic Stays to Proceed with Class Action Settlement ("Cabraser Declaration") as Exhibit A.[1] Plaintiffs later reached a settlement with LBI and LCPI, which is memorialized in a settlement agreement (attached to Cabraser Declaration as Exhibit B).

Subsequent to the District Court's June 6, 2008 order preliminarily approving the settlement, LBI became the subject of a liquidation proceeding initiated by the Securities Investor Protection Corporation in the United States District Court for the Southern District of New York and now pending in this Court (Adversary Proceeding No. 08-01420-jmp). A September 19, 2008 order issued by the United States District Court for the Southern District of New York imposed a stay of litigation under 11 U.S.C. § 362 against LBI and transferred the case to this Court. On October 5, 2008, LCPI filed a voluntary bankruptcy petition in this Court (Case No. 08-13900-jmp), which confers an automatic stay of litigation against that entity pursuant to 11 U.S.C. § 362.

Under the proposed settlement, which is subject to final approval by the District Court, LBI and LCPI have agreed to provide relief to Class members in the amount of $2,000,000 and to pay for reimbursement of up to $1,500,000 of the costs and expenses Class

---

[1] On December 8, 2006, the Ninth Circuit Court of Appeals issued its decision in *In re First Alliance Mortgage Co.*, 471 F.3d 977 (9th Cir. 2006), which addressed plaintiffs' and the Lehman defendants' cross-appeals. The Ninth Circuit, among other things, affirmed the District Court's holding imposing liability on LBI and LCPI for aiding and abetting a class-wide fraud perpetrated by First Alliance, but vacated the damages verdict and remanded for further proceedings on the proper calculation of damages. Cabraser Decl. ¶ 3.

Counsel have incurred on behalf of the Class (subject to approval by the District Court).[2] Class Counsel agreed not to seek attorneys' fees. Any award of costs and expenses would not come from the $2,000,000 recovery. *See* June 6, 2008 Order at 5. The members of the Class who acquired mortgage loans from First Alliance from December 30, 1998 through March 23, 2000, and who have not previously opted out of the Class and who timely submit valid claim forms, would be allocated a share of the settlement funds in proportion to the amount of the loan origination fee they paid in connection with their mortgage loan from First Alliance.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the District Court granted preliminary approval of the settlement, determining the settlement appeared "fair, adequate and reasonable."

Attorneys for plaintiffs were directed to provide notice of the settlement to Class members. *See* June 6, 2008 Order at 7. In accordance with the District Court's order, a Notice to Class Members of Settlement and of Class Plaintiffs' Counsel's Request for Reimbursement of Costs and Expenses, dated July 16, 2008 (attached to Cabraser Declaration as Exhibit D) ("Notice") was mailed to Class members at considerable expense to attorneys for Plaintiffs. *See* Cabraser Decl. ¶ 9 (stating Class Counsel thus far have incurred costs in excess of $55,000 relating to the claims administration process). Under the direction of Class Counsel, CPT Group, Inc. ("CPT Group"), the claims administrator, mailed the Notice (and claim form) to Class members deemed eligible to participate in the settlement – i.e., those whom the Court ruled, in its November 19, 2003 judgment, were entitled to recover from LBI and LCPI. The Notice and

---

[2] The Class anticipates that, should the District Court grant final approval of the settlement, it will award the maximum amount allowable under the settlement as reimbursement for Class Counsel's costs and expenses. In preliminarily approving the settlement, the District Court observed costs in the case "presently exceed $1,500,000." June 6, 2008 Minute Order, attached to Cabraser Declaration as Exhibit C ("June 6, 2008 Order"), at 5.

claim form were mailed to approximately 7,300 Class members. *Id.* ¶ 7. CPT Group has reported that more than 50 percent of Class members who received the Notice and claim form have submitted valid claims. *Id.* ¶ 10. Class Counsel are aware of no objections to the settlement to date. *Id.* ¶ 11.

The final approval hearing regarding the settlement is currently set for October 27, 2008. Under the settlement agreement, if the District Court grants final approval, LBI and LCPI must fund the $2,000,000 settlement amount within 20 business days after a judgment by the District Court becomes final (and must pay the amount awarded for reimbursement of costs and expenses within 20 business days after an order awarding such costs becomes final). *See* Settlement Agreement at 4, 6.

On September 24, 2008, counsel for LBI, who also act as counsel to LCPI, filed a Notice of Automatic Stay Pursuant to Bankruptcy Code § 362(a) Re Lehman Brothers Inc. in the District Court. On October 7, 2008, counsel filed a similar Notice of Automatic Stay in the District Court with respect to LCPI. Class Counsel have been, and will continue to be, in contact with counsel for LBI and LCPI and will attempt to coordinate with the trustees, the District Court and this Court to determine the proper course of action under the circumstances.

After becoming aware of the stay as to LBI, Class Counsel requested that LBI stipulate to a lifting of the stay to allow the District Court to enter judgment, but have not received a final response. Class Counsel will attempt to obtain a stipulation that results in a lifting of the stays and performance of the settlement terms. However, as no stipulation currently exists and the stays remain in effect, plaintiffs have refrained from submitting their motion for final approval of the class action settlement and partial reimbursement of Class Counsel's costs and expenses, which under the District Court's preliminary approval order was due on October 8,

2008. It is the Class's understanding that, unless this Court lifts the stays as to LBI and LCPI, the final approval process will not go forward.[3]

As further explained below, lifting the stays of litigation against LBI and LCPI for the limited purpose of permitting the settlement in *Austin v. Chisick* to proceed would give Class members the opportunity to obtain the recovery to which LBI and LCPI have agreed following approximately seven years of hard-fought litigation. Additionally, this relief would promote efficiency in the liquidation and bankruptcy proceedings involving LBI and LCPI by allowing the District Court – which is eminently familiar with the facts and procedural history of *Austin v. Chisick* and already has devoted significant judicial resources to that matter – to consider final approval of the parties' settlement agreement and, should it approve the settlement, enter judgment accordingly. The Class therefore respectfully requests that this Court lift the stays currently in effect as to LBI and LCPI.[4]

Granting the relief requested will not unduly prejudice LCPI or LBI or their estates. The funds to be expended in the settlement (approximately $3,500,000) are minor relative to the size of the estates of LCPI and LBI and will not be necessary to effective Chapter

---

[3] Given that the hearing date for this motion is November 5, 2008, unless the Lehman entities stipulate to a lifting of the stays prior to October 27, 2008, the final approval hearing will not proceed on the scheduled date. In the absence of a lifting of the stays through a stipulation between plaintiffs and the Lehman entities, Class Counsel will request that LBI and LCPI submit jointly with plaintiffs a stipulation and proposed order whereby the District Court would continue the October 27, 2008 hearing until further order of the District Court, which would obviate the need to disseminate a new notice to Class members. However, should Class Counsel ultimately be required to send out a new notice regarding the final approval hearing, they would incur substantial additional expenses on behalf of the Class.

[4] As detailed herein, movants request that this Court lift the automatic stays presently in effect as to LBI and LCPI to allow the settlement in *Austin v. Chisick* to proceed. Movants do not intend their request to pertain to other litigation or proceedings besides *Austin v. Chisick*.

11 reorganization or liquidation of the companies. Moreover, because the proposed settlement had already received preliminary approval in the District Court prior to the commencement of the instant liquidation and bankruptcy proceedings, LCPI and LBI likely had already accounted for the amount to be set aside to fund the settlement. Under these circumstances, lifting the automatic stays to allow final approval of the class action settlement and performance of the terms of the settlement would not prejudice LBI or LCPI.

## II.    JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought herein is Section 362(d)(1) of the Bankruptcy Code, as complemented by Bankruptcy Rule 4001.

## III.    ARGUMENT AND AUTHORITIES

Section 362(d)(1) of the Bankruptcy Code provides that a bankruptcy court, on request of a party in interest and after notice and a hearing, may terminate, annul, modify or condition the Section 362(a) automatic stay "for cause, including the lack of adequate protection of an interest in property" of the party seeking relief. 11 U.S.C. § 362(d)(1). The decision to lift the automatic stay rests within the discretion of the bankruptcy court. *Watkins v. Alpert*, 180 Fed. Appx. 295, 296 (2d Cir. 2006).

There is a "shifting" burden of proof on a motion to lift or modify an automatic stay. *In re Cicale*, No. 05-14462 (AJG), 2007 Bankr. LEXIS 2252, at *8 (Bankr. S.D.N.Y. June 29, 2007). The movant must first establish "cause." If the movant meets that burden, "the party opposing the relief must prove that it is entitled to the continuing protections of the automatic stay." *Id.*

The Bankruptcy Code does not define "cause" for purposes of Section 362(d)(1) (other than "the lack of adequate protection" of the movant's interest in property), and "it is viewed as a broad and flexible concept." *In re M.J. & K. Co.*, 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993). As a result, a determination of whether sufficient cause exists to warrant relief from a stay is case-specific. *Id.* at 591. *See also In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1288 (2d Cir. 1990) (inquiry on motions to lift automatic stay is "very fact-specific" and involves "the weighing of numerous factors peculiar to the particular case," thus "broad discretion is accorded to bankruptcy and district courts, and other decisions are useful far more for general guidance than as binding precedents").

In evaluating a motion to lift the automatic stay to allow litigation to continue in another forum, courts in this Circuit examine the factors the Court of Appeals listed in *Sonnax*. *See Cicale*, 2007 Bankr. LEXIS 2252, at *5. Those factors are:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*Sonnax*, 907 F.2d at 1286 (relying on *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)).

Not all of those factors will be relevant in every case, "nor will a court accord equal weight to each element." *Cicale*, 2007 Bankr. LEXIS 2252, at *6-7 (citation and footnote

omitted). *See also In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994) (court "should take into account the particular circumstances of the case, and ascertain what is just to the claimants, the debtor and the estate").

In this case, at least several of the *Sonnax* factors – the interests of judicial economy and the expeditious and economical resolution of *Austin v. Chisick*; the procedural posture of that case; and the impact of the stays on *Austin v. Chisick* Class members versus LBI and LCPI – weigh heavily in favor of lifting the automatic stays.[5]

### A. Allowing the District Court to Continue to Oversee the *Austin v. Chisick* Settlement Process Would Promote Judicial Efficiency and Allow for the Resolution of That Case.

Lifting the stays will greatly promote judicial economy, allowing the District Court – which has presided over *Austin v. Chisick* for nearly seven years and is intimately aware of the facts and procedural posture of the case – to continue to oversee the proceedings (which, should the Court approve the settlement, will soon be concluded). If this Court does not lift the automatic stays, then the case likely would eventually be transferred to this Court as an adversary proceeding. Allowing the settlement to proceed in the District Court would avoid a significant investment of the time and resources of this Court in adjudicating claims and overseeing a class action settlement that could most expeditiously be handled in the District Court.

Indeed, a worst case procedural scenario would involve the dissolution of the settlement, leading to the filing in this Court of thousands of proofs of claim from individual Class members seeking to validate their claims against LCPI and LBI. If this Court lifts the automatic stays and the District Court approves the settlement, those Class members' claims will

---

[5] While other factors may also support lifting the stays, these are the most prominent and provide strong support for this motion. We therefore focus on these here.

be extinguished through settlement and release. Such a result would benefit both the Class and the Lehman entities.

### B. That *Austin v. Chisick* Has Proceeded Through Trial and Appeal in the District Court, and the Claims Are Near Resolution, Supports Lifting the Stays.

The parties have extensively litigated the *Austin v. Chisick* matter, resulting in a jury verdict and judgment awarding plaintiffs damages on their aiding and abetting claim against LBI and LCPI. Consequently, the factual and legal issues have been developed, with the lone question remaining as to the appropriate measure of damages (following the Ninth Circuit's remand of the case for further proceedings on the proper calculation of damages). The pending settlement promises to bring finality to the litigation, which has spanned approximately seven years.

Ample authority recognizes the usefulness and desirability of encouraging the resolution of pre-petition litigation in its existing (non-bankruptcy) forum. *See, e.g.*, 3 *Collier on Bankruptcy* (15th ed. rev.), para. 362.07[3][a] (relief from automatic stay "may be granted when necessary to permit litigation to be concluded in another forum"). *See also In re Kemble*, 776 F.2d 802, 807 (9th Cir. 1985) (affirming district court's lift of stay where the "prior extensive preparation" for damages retrial in another court "made proceeding with that trial efficient," observing the district court's decision to lift stay "could be upheld on this ground alone"). Indeed, the legislative history of Section 362(d)(1) "emphasizes the section's applicability to proceedings in another tribunal." *In re SCO Group, Inc.*, No. 07-11337 (KG), 2007 Bankr. LEXIS 3947, at *7 (Bankr. D. Del. Nov. 27, 2007). The congressional record states, "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." H.R.

Rep. No. 595, 95th Cong., 1st Sess., 341 (1977).

The advanced procedural posture of the *Austin v. Chisick* litigation warrants relief from the stays relating to LBI and LCPI. When the instant liquidation and bankruptcy proceedings commenced, the parties in *Austin v. Chisick* were on the brink of achieving a complete resolution of plaintiffs' claims against the Lehman entities. Having expended considerable time and resources taking the case through trial and appeal, the parties came to an agreement the District Court deemed (at the preliminary approval stage) fair, reasonable and adequate. In light of the District Court's findings in favor of preliminary approval, plaintiffs expect the settlement likely would receive final approval and they would then be entitled to payment from LBI and LCPI. This Court therefore should allow the settlement process to continue in the District Court, where resolution of the case is imminent.

Moreover, the District Court, with all the specialized knowledge it has attained from presiding over the litigation for nearly seven years, is best equipped to evaluate whether the settlement is an appropriate resolution of the case. *See SCO Group*, 2007 Bankr. LEXIS 3947, at *16 (referring in part to *Sonnax* factors, deeming of "particular importance" the "specialized knowledge" the district court had developed "in presiding over the Lawsuit for four years," as well as "the interests of judicial economy and the expeditious and economical resolution of litigation" and the fact that the parties were ready for trial). Granting relief from the stays of litigation against LBI and LCPI for the limited purpose requested would allow for the completion of *Austin v. Chisick* in the most appropriate forum.

### C. A Refusal to Lift the Stays Would Impose Considerable Hardship on *Austin v. Chisick* Class Members, Whereas Lifting the Stays Would Not Unduly Prejudice LBI or LCPI.

Granting the requested relief will not unduly prejudice LCPI or LBI or their estates. The funds to be expended in the settlement (approximately $3,500,000) are of a minor

amount relative to the size of the estates of LCPI and LBI and will not be necessary to the effective Chapter 11 reorganization or liquidation of the companies. Moreover, since the proposed settlement had already received preliminary approval in the District Court prior to the commencement of liquidation or bankruptcy proceedings involving LBI and LCPI, those companies likely had already accounted for the amount to be set aside to fund the settlement. Under these circumstances, a lifting of the automatic stays to allow final approval of the class action settlement and performance of the terms of the settlement agreement will not unduly prejudice LBI or LCPI.

The settlement is the product of arm's-length negotiations between plaintiffs and the Lehman entities and represents a reasonable resolution of protracted, hard-fought litigation. A refusal to lift the automatic stays to allow the final approval process to move forward would threaten to deprive Class members of recovery on their claims against LBI and LCPI – claims based on misconduct for which a jury deemed those defendants liable. Class members are entitled to compensation for the damages they suffered at the hands of the Lehman entities; justice demands that Class members have the opportunity to obtain final approval of the settlement and receive their recovery.

Moreover, allowing final resolution of the claims in *Austin v. Chisick* would afford a valuable benefit to LBI and LCPI, as the settlement provides for a release of Class members' claims against them. Therefore, far from imposing substantial prejudice on LBI and LCPI, a final judgment in *Austin v. Chisick* would provide them the resolution they bargained for in agreeing to the settlement.

### D. The Court Should Order That the 10-Day Stay Provided Under Bankruptcy Rule 4001(a)(3) Will Not Apply to the Lifting of the Stays Regarding LBI and LCPI.

Bankruptcy Rule 4001(a)(3) provides, "An order granting a motion for relief from

an automatic stay . . . is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise." Given the closeness of the *Austin v. Chisick* settlement to completion and the importance to Class members of expeditiously obtaining a final judgment and their recovery under the settlement, this Court should waive the 10-day stay ordinarily applicable to relief from an automatic stay.

E. **The Settlement Agreement Obligates LBI and LCPI to Cooperate with Class Members' Attempt to Obtain Relief from the Automatic Stays.**

The settlement agreement contains a "Best Efforts" provision that obligates the parties to cooperate to obtain final approval of the settlement. Specifically, the agreement provides:

> 3.1 <u>Best Efforts</u>. The Parties agree to recommend approval of this Agreement to the Court, and to undertake their best efforts, including all steps and efforts contemplated by this Agreement and any other steps and efforts that may be reasonably necessary or appropriate, by order of the Court, or otherwise, to carry out the terms of this Agreement, including joint cooperation to have the Judgment entered and all required notices given in such a manner as to ensure that the Judgment becomes Final at the earliest possible time. Any dispute regarding forms of notices and other documents necessary to implement the Settlement contained in the Agreement, if not timely resolved among the Parties, shall be referred to the Court.

Settlement Agreement at 7.

The Lehman entities' cooperation with Class members' attempt to obtain relief from the automatic stays is "reasonably necessary or appropriate" to carry out the terms of the settlement agreement. As detailed above, the requested relief is necessary to allow the settlement to proceed and would promote judicial efficiency and finality while imposing no undue prejudice on LBI or LCPI. Moreover, *Austin v. Chisick* Class members face the prospect of severe prejudice should the stays remain in effect. The Lehman entities therefore should not oppose – and indeed should favor – a lifting of the stays.

## IV. NOTICE

The *Austin v. Chisick* Class members, through counsel, are serving this motion by ECF in the above-captioned proceedings in this Court. Movants, through counsel, are also serving this motion by e-mail or facsimile on counsel for the Securities Investor Protection Corporation, counsel for LBI and LCPI (and counsel for Lehman Brothers Holdings, Inc.) in the above-captioned proceedings in this Court, the Trustee for the SIPA Liquidation of LBI (and counsel for the Trustee), proposed counsel for the Official Committee of Unsecured Creditors, the Office of the United States Trustee, counsel for LBI and LCPI in *Austin v. Chisick*, and others included on the service list attached to the certificate of service filed with this motion.

Movants have not made a previous application for the requested relief to this Court or any other court.

## V. CONCLUSION

For all of the foregoing reasons, the *Austin v. Chisick* Class respectfully requests entry of an order, substantially in the form of the proposed order annexed hereto, (1) lifting the automatic stays to allow the final approval proceedings with respect to the proposed settlement between *Austin v. Chisick* Class members and LBI and LCPI to move forward; (2) directing that relief from the automatic stays be effective immediately upon entry of an order granting this motion and that the 10-day stay provided under Bankruptcy Rule 4001(a)(3) shall not apply; and (3) providing that the automatic stays will remain lifted for a period of time commensurate with the time required for the District Court to determine whether final approval is warranted and for the District Court and the parties to the settlement to administer the relief under the settlement, should the District Court grant final approval.

Dated: New York, New York
      October 15, 2008

By:  /s/ Steven E. Fineman
Steven E. Fineman (SF 8481)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Tel.: (212) 355-9500

Elizabeth J. Cabraser
(*pro hac vice* admission pending)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Tel.: (415) 956-1000