# EXHIBIT D

## Federico, Fran F.

| | |
|---|---|
| **From:** | Elliot, Patrick |
| **Sent:** | Wednesday, October 01, 2008 1:09 PM |
| **To:** | Elliot, Patrick |
| **Subject:** | FW: Lehman Brothers International (Europe) (in administration) - Newport |

**From:** Ganguly, Robin [mailto:robin.ganguly@linklaters.com]
**Sent:** 01 October 2008 16:03
**To:** Verrill, Louise
**Cc:** Gardner, James
**Subject:** Lehman Brothers International (Europe) (in administration) - Newport

Dear Sirs

**Lehman Brothers International (Europe) (in administration) - Newport**

We refer to your letters of 30 September 2008.

In your second letter you describe the transfer request made by your clients prior to the administration, and you refer to a number of actions on the part of LBIE and your clients which took place during the week preceding the administration. It appears that you are relying on these as being somehow determinative of your clients' entitlement to the release of their securities by LBIE notwithstanding that that entity is now in administration. We do not agree. LBIE's rights and duties in relation to the assets in question are governed by the terms of the applicable agreements, not by whether LBIE had engaged in preparations for the transfer prior to the administration. We therefore do not understand the relevance of the factual matters discussed in your letter.

In any event, insofar as the factual matters you raise are relevant to the question of the legal position between the parties, they are matters which the Joint Administrators would need to investigate in due course as part of their analysis of your clients' position and their claims. As we have explained, your clients' position will be reviewed in detail alongside all of LBIE's other clients once the Joint Administrators are appraised of the necessary data and other information they require from its own records and from third party custodians and others, in accordance with the processes agreed with the FSA and described in our email of 21:00 on 29 September 2008. As we explained in that email, the Joint Administrators are faced with a considerable volume of urgent requests from prime brokerage clients such as yours, who are seeking confirmation and/or actions on securities and cash that are held by LBIE. The Joint Administrators owe duties to all of LBIE's creditors. It is not consistent with the due and timely performance of these duties and the limits on their resources for them to seek at this stage to divert significant resources in order to resolve all of the issues which arise in the context of LBIE's relationship with a single creditor at the expense of the others.

The position in relation to the exercise of voting rights on securities held by LBIE is likewise governed by the relevant contractual documentation. Under the relevant agreements, your clients agreed to waive all voting rights in respect of securities that had been pledged, repledged, hypothecated or rehypothecated by LBIE, as we explained to you in our email of 16:10 on 29 September. It follows from this and other provisions of the governing contractual documentation that the Joint Administrators are not obliged to act in accordance with directions issued by LBIE's clients in relation to voting rights attaching to securities held by way of collateral. In order to take an informed decision on the appropriateness or otherwise of any corporate action such as the exercise of voting rights it would be necessary for the Joint Administrators to understand the detail of each such situation and to

take advice thereon.  Given the pressures on their time and resources and the over-riding need for them to deploy these to the benefit of all creditors of LBIE, the Joint Administrators do not feel that such actions are appropriate or consistent with their role.

Yours faithfully

Linklaters LLP

_____

This communication, sent by or on behalf of Linklaters LLP or one of its affiliated firms or other entities (together "Linklaters"), is confidential and may be privileged or otherwise protected. If you receive it in error please inform us and then delete it from your system. You should not copy it or disclose its contents to anyone. Messages sent to and from Linklaters may be monitored to ensure compliance with internal policies and to protect our business. Emails are not secure and cannot be guaranteed to be error free. Anyone who communicates with us by email is taken to accept these risks.

Linklaters LLP (www.linklaters.com) is a limited liability partnership registered in England and Wales with registered number OC326345. It is a law firm regulated by the Solicitors Regulation Authority (www.sra.org.uk). The term partner in relation to Linklaters LLP is used to refer to a member of Linklaters LLP or an employee or consultant of Linklaters LLP or any of its affiliated firms or entities with equivalent standing and qualifications.

A list of Linklaters LLP members together with a list of those non-members who are designated as partners and their professional qualifications, may be inspected at our registered office, One Silk Street, London EC2Y 8HQ and such persons are either solicitors, registered foreign lawyers or European lawyers.