# EXHIBIT E



LOUISE VERRILL
direct dial: 020 7851 6072
lverrill@brownrudnick.com

8
Clifford
Street
London
W1S 2LQ
tel +44.20.7851.6000
fax +44.20.7851.6100

3 October 2008

**By Post and by Email:** james.gardner@linklaters.com
Linklaters LLP
One Silk Street
London
EC2Y 8HQ

Dear Sirs

RE: **Lehman Brothers International (Europe) (in administration) ("LBIE")**
**Voting Rights**

Dear Sirs,

**Lehman Brothers International (Europe) (in administration) – Newport / Providence**

We refer to your e-mail of 1st October, 2008 replying to our letters of 30th September, 2008.

**A simple explanation**

You say that you do not understand the relevance of the <u>factual matters</u> discussed in our letter because the relationship between the parties and LBIE is governed by contracts. This part of this letter is intended to aid you to understand our clients' position. We believe we have already explained ourselves clearly. We would ask you to refer back to our earlier letters for context, and we attach copies for your ease of reference.

The <u>factual matters</u> fall into two categories. The first category pertains to the transfer of the securities which was requested and should have been carried out pursuant to the contracts. The second category pertains to the status of the securities. They are interlinked to this extent: the fact that LBI/LBIE was ready, willing and able to transfer the securities and confirmed on 12th September, 2008 that it would be doing so on specified dates shortly thereafter (in accordance with their contractual obligations) demonstrates that on that date the Securities were not subject to any third party security interest and were ready to be transferred. There is a subsidiary but very important point which arises from the foregoing. In the course of carrying out the instruction to transfer the Securities LBI/LBIE had appropriated them to and for the benefit of our clients. All that remained was for the transfer to be executed by LBI to the order of our clients to whom they belong. *Ipso facto* if the Securities are with LBIE then it must transfer them to the order of our clients.


October 2, 2008
Page 2

At this stage we are seeking information on who has the Securities and on what terms they are held. This is preliminary to our clients taking legal action if that becomes necessary to obtain the transfer of the Securities according to their instructions. We are not yet asking for the legal position to be resolved (although we do say our clients have since the 16th September, 2008 been entitled to an immediate transfer), but only that you provide us with the information we have on a number of occasions requested. Therefore we do not yet require your clients' opinion on the legal relationships, although it may be required later. We have emphasised the urgency with which our clients need the information they seek by reference to the damage delay is causing to their business one aspect of which is the issue of the exercise of voting rights. If LBIE has the Securities, and is able to exercise voting rights and refuses (for legal reasons) to transfer them the least they must do is to facilitate the exercise of those rights because - *(i)* this would be in the ordinary business of LBIE as a going concern; and *(ii)* there could be no prejudice to LBIE in so doing.

**Prioritisation**

Your position appears to come down to the following. You and your clients are very busy and there are a lot of creditors and so you cannot tell us anything now. Also your clients have to treat all creditors equally and cannot prioritise the case of one over any other. We would make the following observations about this –

(1)     The notion that there can be no prioritisation is facile and represents a misinterpretation of the law. The Joint Administrators must adopt a practical approach. They cannot simply stonewall everybody on the premise that all claims will be dealt with simultaneously because patently that would be a logistical impossibility and such an approach is not in the interests of any creditor. A common sense approach to prioritisation would naturally entail taking decisions about which cases to investigate first. Such a decision can only be taken by reference to specific criteria *e.g.* by weighing up the harm to the putative creditor caused by delay against the likely difficulties of investigating that particular case.

(2)     We have a strong suspicion that the greater part of your letter represents a standard response sent to every client seeking assistance. As we have said, the number of Securities in our clients' case is small so the position should be easy to check *a fortiori* because the facts show there were no outstanding third party securities. If anything is being done, the individuals charged with the task should be able to inform us of the current status. Since on any sensible analysis there must be some form of prioritisation your clients can have no proper concern that they will be criticised for disclosing to one person what is being done in that person's case.

The content of your letter leads us to believe that nothing is being done by the Joint Administrators or their team in respect of our clients' case. If we are wrong about that we would ask you to state specifically what has been done or is being done and who is doing it, so that we may obtain a report


October 2, 2008
Page 3

on progress. It would at least be some form of progress if the status of some of the Securities had been verified.

In summary –

- The Joint Administrators have a duty to prioritise since it is the only sensible way in which they can fulfil their task.

- Our clients' case, which involves a very large sum of money, is urgent and simple and we cannot imagine that it is not so close to the top of the list of priorities that nothing is being done.

- If anything is being done our clients are entitled to know about it and to reasonable reports on progress. Your clients could not be criticised for giving them this information.

**Proceedings**

In the light of your client's repeated failure to address our client's concerns in any meaningful way they will very shortly be seeking relief from the Court.

Yours faithfully,

*Brown Rodnick LLP*

**BROWN RUDNICK LLP**