# EXHIBIT G

**BROWN**RUDNICK

STEVEN D. POHL
direct dial: 617.856.8594
spohl@brownrudnick.com

One
Financial
Center
Boston
Massachusetts
02111
tel 617.856.8200
fax 617.856.8201

October 9, 2008

**VIA FIRST CLASS MAIL AND FACSIMILE: (212) 422-4726**

James B. Kobak Jr.
Hughes, Hubbard & Reed
One Battery Park Plaza
New York, N.Y. 10004-1482

RE:   Lehman Brothers, Inc. ("LBI")

Dear Mr. Kobak:

As you are aware from our correspondence on Saturday, September 27, 2008, our clients' submissions to you on September 29, 2008 and subsequent phone conversations both we and our clients have had with your firm, we represent Newport Global Opportunities Fund LP, Newport Global Credit Fund (Master) LP, Providence TMT Special Situations Fund L.P. and PEP Credit Investor L.P. (collectively "**Newport**") in their efforts to first locate and identify, and then receive a distribution of, their securities maintained in prime brokerage accounts with Lehman – including LBI. In writing to you as the counsel to the SIPC trustee of LBI (the "Trustee"), our clients, of course, reserve all and do not waive any of their rights as against Lehman Brothers Holding Inc. ("LBHI") and Lehman Brothers International (Europe) ("LBIE"). Those entities were also named parties to the Prime Brokerage Agreement.

Newport entered in to prime brokerage agreements with LBI, to which LBIE was also a party. Our clients also entered into margin lending agreements with LBIE. As a result of these arrangements, LBI and LBIE acted as Newport's prime broker for a number of years and our clients' respective securities have been held by LBIE.

Our clients' accounts at LBIE are:

1.
2.     **REDACTED**
3.
4.

On September 10, 2008, our clients duly gave instructions to transfer securities and funds held by LBIE as prime brokerage assets, including collateral for its prime brokerage function, to Credit Suisse First Boston ("CSFB"). At that time, Newport was informed that most Newport securities had been recalled from the various Lehman entities to which the securities had been hypothecated, including LBI. On September 12, 2008, Newport was informed by representatives of LBIE that all steps necessary for the transfer were made and that the transfer was imminent with a settlement date of September 16, 2008 (see Attachment 1). On September 15, LBIE was placed in to administration in the UK and the agreed settlement did not take place. On September 17, 2008 LBI became subject to a SIPC proceeding.

BR

James B. Kobak Jr.
Hughes, Hubbard & Reed
October 9, 2008
Page 2

     Our clients understand and now believe that some of their securities may be with LBI rather than with LBIE. Despite our repeated, diligent and good faith efforts, to date our clients have not been able to determine the exact location of their securities. As Newport's investments are fairly unique, and we expect that they are not generally held by Lehman clients, these securities should be readily identifiable without burden or cost to the Trustee. Accordingly, we request (i) that you produce to us any information the Trustee may have regarding our clients' assets residing at LBI, and (ii) the Trustee's assurance and confirmation of the preservation of these assets until delivery to CSFB as instructed is completed. Should LBI have possession of our client's securities, we request immediate delivery of the outstanding assets pursuant to SIPC Rule 503.

     We understand a protocol has been established for the transfer of fully paid securities with customer free credit balances to designated accounts. In accordance with that protocol, Newport has sent a notice of transfer to the identified email address. Based on our clients' submissions to date, and our discussions with you, we have been made to understand that (i) our request was one of the first ten received, (ii) is being reviewed in order of receipt and (iii) if the securities are found at LBI, they will be transferred to an account of Newport's choice – CSFB. Our clients have large holdings in the relevant securities and are currently actively involved in restructuring the companies. The restructuring involves the conversion of debt in to equity and is vital to save the companies from insolvent collapse. As holders of the securities, our clients need to give their agreement to the restructuring, which will not be able to proceed if no action is taken to ensure their participation through the securities.

     Newport has submitted numerous inquiries to LBIE regarding the margin lending agreements held there (see Attachment 2), resulting in a communication last week that the administrator believes the securities are still held under the agreement. We would like to resolve this as quickly, efficiently and amicably as possible and request your full cooperation. As such, any information you can provide regarding your knowledge of the location of Newport's securities and the status of the transfer would be appreciated.

     Newport reserves all rights.

                             Very truly yours,

                             BROWN RUDNICK LLP

                             *[signature]*
                             Steven D. Pohl, Esq.

# 1603496 v1