**Hearing Date:  November 5, 2008 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  November 3, 2008 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Larren M. Nashelsky
Lorenzo Marinuzzi
Todd M. Goren

*Attorneys for WFP Tower A Co. L.P.*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                                                 :
In re:                                                           :
                                                                 :     Chapter 11
                                                                 :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*,                        :
                                                                 :     Case No. 08-13555 (JMP)
                                                                 :
                                                                 :     Jointly Administered
                                                                 :
                                          Debtors.               :
                                                                 :
-----------------------------------------------------------------x
-----------------------------------------------------------------x
                                                                 :
SECURITIES INVESTOR PROTECTION                                   :
CORPORATION,                                                     :
                                                                 :
                             Plaintiff,                          :     Adversary Proceeding No.
                                                                 :
         v.                                                      :     08-01420
                                                                 :
LEHMAN BROTHERS INC.                                             :
                             Debtor.                             :
                                                                 :
-----------------------------------------------------------------x

### NOTICE OF MOTION FOR AN ORDER (A) COMPELLING PAYMENT OF POST-PETITION ADMINISTRATIVE RENT; (B) GRANTING RELIEF FROM THE AUTOMATIC STAY; AND (C) COMPELLING ASSUMPTION OR REJECTION OF LEASE

**PLEASE TAKE NOTICE**, that WFP Tower A Co. L.P. ("Landlord") has filed a Motion

pursuant to sections 362(d), 365(d)(2), and 365(d)(3) of Title 11 of United States Code (the

"Bankruptcy Code"), and Rules 4001(a) and 6006(b) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") For Entry of an Order (a) Compelling Payment of Post-

Petition Administrative Rent, (b) Granting Relief From the Automatic Stay, and (c) Compelling

Assumption Or Rejectin of the Lease (the "Motion").

   **PLEASE TAKE FURTHER NOTICE** that a hearing will be held in connection with

the Motion (the "Hearing") on **November 5, 2008 at 10:00 a.m. (prevailing Eastern time)**

before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander

Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 601.

   **PLEASE TAKE FURTHER NOTICE THAT** responses or objections, if any, to the

Motion and the relief requested therein must be made in writing, conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Bankruptcy Court, set forth the

basis for the objection and the specific grounds therefor, and be filed with the Bankruptcy Court

electronically in accordance with General Order M-242, as amended by General Order M-269,

by registered users of the Court's electronic case filing system (the User's manual for the

Electronic case Filing System can be found at www.nysb.uscourts.gov, the official website for

the Bankruptcy Court), with a hard copy delivered directly to Chambers and served in

accordance with General Order M-242 or by first-class mail upon each of the following: (i) the

chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004;

(ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn:

Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus,

Esq.), attorneys for the above-captioned debtors; (iii) the Office of the United States Trustee for

the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004

(Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis); (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases; (v) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, (Attn: Robinson B. Lacy, Esq. And Hydee R. Feldstein, Esq.); (vi) the attorneys for any other official committee(s) that may be appointed in the above-captioned cases; and (vii) counsel to the Landlord, Morrison & Foerster LLP, Attention: Larren M. Nashelsky, Esq., 1290 Avenue of the Americas, New York, New York 10104, so as to be received on or before **4:00 p.m. (prevailing Eastern time) on November 3, 2008**, or such shorter time as the Bankruptcy Court may hereafter order and of which you may receive subsequent notice.  Only those objections which have been timely filed and served by the Objection Deadline in accordance with the procedures herein may be considered by the Court at the Hearing

      **PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written objection to the relief requested in the Motion in accordance with this Notice and the Court's Order Implementing Certain Notice and Case Management Procedures (D.I. 285), dated September 22, 2008, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

      **PLEASE TAKE FURTHER NOTICE THAT** a copy of the Motion may be obtained at no charge at http://www.lehman-docket.com_ or for a fee via PACER at http://www.nysb.uscourts.gov.

Dated: October 16, 2008
New York, New York

MORRISON & FOERSTER LLP

By: /s/ Lorenzo Marinuzzi

LARREN M. NASHELSKY
LORENZO MARINUZZI
TODD M. GOREN
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Attorneys for WFP Tower A Co. L.P.*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Larren M. Nashelsky
Lorenzo Marinuzzi
Todd M. Goren

*Attorneys for WFP Tower A Co. L.P.*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
                                 :

In re:                           :    Chapter 11
                               :

LEHMAN BROTHERS HOLDINGS, INC., *et al.*,  :    Case No. 08-13555 (JMP)
                               :
                               :    Jointly Administered
                               :

                   Debtors.    :
                               :

-------------------------------------------------------------- x
-------------------------------------------------------------- x
                               :

SECURITIES INVESTOR PROTECTION
CORPORATION,                     :
                               :

               Plaintiff,    :    Adversary Proceeding No.
                               :

   v.                          :    08-01420
                               :

LEHMAN BROTHERS INC.          :
              Debtor.    :
                               :

-------------------------------------------------------------- x

**MOTION FOR AN ORDER (A) COMPELLING PAYMENT OF POST-PETITION
ADMINISTRATIVE RENT; (B) GRANTING RELIEF FROM THE AUTOMATIC
STAY; AND (C) COMPELLING ASSUMPTION OR REJECTION OF LEASE**

Pursuant to sections 362(d), 365(d)(2), and 365(d)(3) of Title 11 of United States Code (the "Bankruptcy Code"), and Rules 4001(a) and 6006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), WFP Tower A Co. L.P. ("Landlord") hereby moves for entry of an order: (1) compelling payment of post-petition administrative rent, (2) granting relief from the automatic stay, and (3) compelling assumption or rejection of Amended and Restated Lease, dated as of November 9, 2000 (as amended, the "Lease"), pursuant to which the Debtors lease non-residential real property space at One World Financial Center, New York, NY (the "Premises").

## JURISDICTION

1.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## INTRODUCTION

2.       As described below, Lehman Brothers, Inc. ("LBI") is a party to the Lease with Landlord covering the Premises.  LBI no longer occupies the Premises and subleases (the "Subleases") [all] such space to various parties[1] at amounts that are collectively less than what is owed under the Lease (i.e., LBI collects less from the Subtenants than what it owes to Landlord under the Lease).  Thus, LBI has no economic interest in the Premises.  In spite of its obligations under section 365(d)(3) of the Bankruptcy Code, LBI failed to pay the rent due on October 1, 2008 under the Lease.  Accordingly, Landlord seeks entry of order (1) compelling LBI to pay the

---

[1] The subtenants are (a) Richards Spears Kibble & Orbe, G.P. ("RSKO"), (b) Global Futures & Forex Ltd ("GFF"), and (c) TATA American International Corporation ("TATA" and collectively, the "Subtenants").

post-petition rent due on October 1, 2008 as required by Section 365(d)(3) of the Bankruptcy

Code and requiring LBI to honor its post-petition obligations under the Lease pending its

decision to assume or reject the Lease, (2) lifting the automatic stay to permit Landlord to collect

rent directly from the Subtenants as permitted under the Lease and begin negotiations with the

Subtenants or alternative tenants pending a decision to reject the Lease, and (3) compelling

immediate assumption or rejection of the Lease.

## **BACKGROUND**

3.      On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings, Inc.

and various affiliated entities (collectively, the "Debtors") filed voluntary petitions under the

Bankruptcy Code[2], and have thereafter continued to operate their businesses as debtors-in-

possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4.      On September 19, 2008, a proceeding was commenced under the Securities

Investor Protection Act of 1970 ("SIPA") with respect to LBI, which proceeding is currently

pending as an adversary proceeding related to the instant case.  Pursuant to Section 78(fff)(b) of

SIPA, liquidation proceedings under SIPA are to be conducted in accordance with, and as though

they are being conducted under, chapter 1, 3, 5 and subchapters I and II of chapter 7 of the

Bankruptcy Code.  *See* 15 U.S.C. § 78(fff)(b).

5.      On September 20, 2008, the Court entered an Order approving the sale of

substantially all of the Debtors and LBI's assets to Barclays Capital, Inc. ("Barclays").  The

Lease was not assigned to Barclays as part of the sale.

---

[2]  Various Debtors filed their petitions after the Petition Date.

## THE LEASE

6.      LBI entered into the Lease with Landlord on or about November 9, 2000.  The

Premises currently includes the entire 27th, 28th, and 29th floors (the "Contiguous Space") as well

as parts of the 21st and 22nd floor (the "Area A Premises") of One World Financial Center, New

York, NY.   At the inception of the Lease, the Premises encompassed several additional floors,

but pursuant to the Third Amendment to the Lease, dated March 15, 2004, the leased area under

the Lease was substantially reduced to the area described above.[3]  The Lease is set to expire on

December 31, 2015 with respect to the Contiguous Space and December 31, 2021 with respect to

the Area A Premises.

7.      LBI entered into Subleases with (i) RSKO, dated April 23, 2002, for the portion

of the Premises located on the 27th – 29th floors, (ii) GFF, dated November 18, 2003, for the

portion of the Premises located on the 22nd floor, and (iii) TATA, dated December 31, 2005, for

the portion of the Premises located on the 21st floor.  The terms of the Subleases are generally

coterminous with the Lease.

8.      The Lease requires payment of all Fixed Rent[4] (as well as certain other Additional

Charges) in advance on the first of each month.  On October 1, 2008, LBI failed to pay Landlord

total rent of $510,646.63 under the Lease for the month of October (the "Rent"), which is

comprised of $484,127.83 in Fixed Rent and $26,518.80 in Additional Charges.[5]  The Rent owed

by the Subtenants, which aggregates approximately $371,392.38, was also due to LBI on

October 1, 2008 under the Subleases.

---

[3]  The balance of the originally leased area was leased by Landlord to an alternative tenant, and LBI provided a
letter of credit to Landlord in respect of the obligations under the lease with such alternative tenant.

[4]  All capitalized terms not otherwise defined herein have the meaning ascribed to them in the Lease.

9.      Shortly after the filing of LBI's case, counsel for Landlord reached out to counsel for LBI to determine LBI's intention with respect to the space in light of the fact that LBI is no longer occupying the space.  Counsel for Landlord has since spoken, or corresponded with, counsel for LBI on several other occasions, including upon LBI's failure to pay October Rent when due.  Counsel for LBI, however, informed counsel for Landlord that LBI was not dealing with these issues at this time -- thus, necessitating the filing of the instant motion.[6]

## ARGUMENT

## I.      LBI IS REQUIRED TO PAY OCTOBER 2008 RENT PURSUANT TO SECTION 365(D)(3) OF THE BANKRUPTCY CODE.

10.      Pursuant to Section 365(d)(3) of the Bankruptcy Code, as made applicable to LBI pursuant to SIPA, debtors must "timely perform all obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1)."  11 U.S.C. § 365(d)(3); *see also In re Klein Sleep Prods.*, 78 F.3d 18 (2d Cir. 1996).  A debtor's obligation to perform under a non-residential real property lease is mandatory, not permissive.  *See In re New Almacs, Inc.*, 196 B.R. 244 (Bankr. N.D.N.Y. 1996).  Furthermore, courts have consistently held that failure to comply with post-petition lease obligations gives rise to an administrative expense claim pursuant to section 503(b)(1) of the Bankruptcy Code.  *See, e.g., In re Klein Sleep Prods.*, 78 F.3d at 30; *In re Valley Media, Inc.*, 290 B.R. 73 (Bankr. D. Del. 2003); *In re Pacific-Atlantic Trading Co.*, 27 F.3d 401 (9th Cir. 1994).

---

[5]  The Additional Charges includes charges for Operating Expenses and Taxes.

[6]  The Motion is being filed simultaneously in both the Debtors' main case and the SIPA proceeding.

11.     Here, LBI failed to pay Rent when due to Landlord for the month of October.

Therefore, Landlord requests that the Court compel LBI to pay the October Rent in the amount

of at least $510,646.63 and to comply with its obligations under the Lease going forward

pending assumption or rejection of the Lease.

## II.     PURSUANT TO 11 U.S.C. § 362(d), CAUSE EXISTS FOR GRANTING LANDLORD RELIEF FROM THE AUTOMATIC STAY.

12.     Pursuant to section 5.04(a) of the Lease, Landlord is permitted to collect Rent

from any Subtenant after a default by LBI under the Lease once LBI's cure period has expired.

*See* Lease § 5.04(a) ("If the Premises or any part thereof are sublet or occupied by anybody other

than Tenant, whether or not in violation of this Lease, Landlord may, after default by Tenant,

and expiration of Tenant's time to cure such default, collect rent from the subtenant or

occupant.").[7]  Considering that amount of Rent LBI is required to pay under the Lease exceeds

the amount of rent LBI collects from the Subtenants, it is not entirely clear that LBI has an actual

property interest in the rental payments from the Subtenants because such payments would

effectively be used only to partially meet LBI's obligations under the Lease.  As such, the

automatic stay arguably would not preclude Landlord from exercising its rights under section

5.04 of the Lease.[8]  However, out of an abundance of caution, by this Motion, Landlord asks for

limited stay relief to permit it to collect Rent from the Subtenants as permitted by the Lease, and

---

[7]  A complete copy of Section 5.04 of the Lease is attached hereto as **Exhibit "A"**.

[8]  On October 6, 2008, the undersigned counsel advised counsel for LBI that LBI failed to pay the October Rent when due.  To the extent such notice is not sufficient; Landlord requests that this motion be deemed to be notice of LBI's failure to pay rent under the Lease.

ny-839024

commence discussions with the Subtenants or alternative tenants about leasing the Premises

pending LBI's decision to assume or reject the Lease.[9]

13.    Under section 362(d),  the Court may lift the automatic stay:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a), if  (A) the debtor does not have an equity in such property; and
     (B) such property is not necessary to an effective reorganization; . . .

11 U.S.C § 362(d).

14.    Here, ample cause exists to lift the automatic stay under both section 362(d)(1)

and section 362(d)(2).  Specifically, as evidenced by LBI's failure to comply with the Section

365(d)(3) of the Bankruptcy Code and pay October rent when due, Landlord lacks adequate

protection that it will continue to receive Rent from LBI going forward.  *See In re 1345 Main*

*Partners, Ltd.*, 215 B.R. 536, 543 (Bankr. S.D. Ohio 1997) (finding that relief from the

automatic stay was appropriate "if the Debtor attempts to occupy the premises without timely

making the required rental payments").

15.    In addition, as set forth above, LBI has no equity in the Lease because the

collective rent from the Subtenants is less than what LBI is obligated to pay under the Lease.

Moreover, as LBI no longer occupies the Premises (and has no equity interest in the rental

payments from the Subtenants), the Lease cannot be necessary to an effective reorganization.

*See, e.g., In re de Kleinman*, 156 B.R. 131 (Bankr. S.D.N.Y. 1993) (lifting automatic stay where

Court found that debtor did not have equity interest in property and such property was not

---

[9] Like the exercise of Landlord's right under section 5.04 of the Lease, Landlord does not believe that stay relief is necessary to commence such negotiations, but seeks relief out of an abundance of caution as part of the broader relief requested.

ny-839024

necessary to an effective reorganization because, among other reasons, any sublease of the

property was not likely to generate income in excess of the debtor's rental obligations to

landlord).  Certainly, under these circumstances, more than adequate cause exists for the limited

stay relief requested herein.

### III.    LBI SHOULD BE COMPELLED TO IMMEDIATELY ASSUME OR REJECT THE LEASE.

16.    Upon the request of a party to an unexpired lease of non-residential real property,

the Court "may order" the debtor "to determine within a specified period of time whether to

assume or reject such contract or lease." 11 U.S.C. § 365(d)(2). What constitutes a reasonable

time is left to the bankruptcy court's discretion in light of the circumstances of the case.  *See In*

*re Dunes Casino Hotel*, 63 B.R. 939, 949 (D.N.J. 1986).  Debtors are only entitled to a

reasonable period of time for assumption or rejection.  The "reasonable period" standard is

equitable in nature.  *See In re GHR Energy Corp.*, 41 B.R. 668, 673 (Bankr. D. Mass. 1984)

(reviewing a request to impose reasonable period based on "its inherent powers of equity"); *In re*

*Midtown Skating Corp.*, 3 B.R. 194, 197 (Bankr. S.D.N.Y. 1980) (same).  The reasonable period

standard requires the Court to consider the landlord's need for certainty as to when it may seek to

lease the premises to another tenant, and the needs of the debtor to facilitate the management of

its affairs. *See Midtown Skating* at 196.  Thus, the Court must take into account (a) the nature of

the interests at stake, (b) the balance of hurt to the litigants, (c) the safeguards afforded those

litigants, and (d) whether the action to be taken is so in derogation of Congress' scheme that the

court may be said to be arbitrary. *Id*. at 198. *Accord, In re Dunes Casino Hotel*, 63 B.R. 939, 949

(D. N.J. 1986) (using the Midtown Skating factors to consider request that reasonable time be

set); *In re GHR Energy Corp.*, 41 B.R. 668, 676 (Bankr. D. Mass. 1984) (applying Midtown

Skating factors); *In re Lionel Corp.*, 23 B.R. 224, 225 (Bankr. S.D.N.Y. 1982) (same).

17.     In this case, for all of the reasons set forth above, these factors weigh heavily in

favor of requiring LBI to immediately assume or reject the Lease.  Specifically, because LBI has

no equity interest in the rental stream from the Subtenants and no longer occupies any portion of

the Premises, there is no conceivable harm to LBI in being forced to make an immediate decision

to assume or reject the Lease.  In contrast, considering the current volatility in the real estate

market, each day Landlord is asked to wait to begin negotiations with alternative tenants is

potentially prejudicial to Landlord's interests.

18.     Landlord understands that the Debtors' bankruptcy cases are among the largest

and most complex ever filed, but in light of LBI's apparent unwillingness to make the required

rental payments, Landlord had no choice but to file the instant motion.  As the Lease represents a

net loss to LBI after receipt of all rentals from the Subtenants, and LBI clearly no longer has any

need or use for the Premises, there is no harm to LBI in being forced to reject the lease at this

time, freeing Landlord to enter into direct leases with each of the Subtenants or some alternative

tenant(s).

## **CONCLUSION**

19.     For these reasons, the Landlord requests entry of an order (i) compelling LBI to

comply with its post-petition obligations under the Lease, (ii) lifting the automatic stay to permit

the Landlord to collect Rent directly from the Subtenants (with LBI being responsible for the

shortfall) and allowing Landlord to commence negotiations with the Subtenants or some

alternative tenant to rent the Premises pending a decision by LBI as to whether it will assume or

reject the Lease, and (iii) compelling LBI to immediately assume or reject the Lease.

9

WHEREFORE, for the reasons set forth herein, Landlord requests that the Court grant the relief requested herein and grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      October 16, 2008

MORRISON & FOERSTER LLP

By:    /s/ Lorenzo Marinuzzi
     LARREN M. NASHELSKY
     LORENZO MARINUZZI
     TODD M. GOREN
     MORRISON & FOERSTER LLP
     1290 Avenue of the Americas
     New York, New York 10104
     Telephone: (212) 468-8000
     Facsimile: (212) 468-7900

     *Attorneys for WFP Tower A Co. L.P.*

10

# EXHIBIT A

WFP TOWER A CO. L.P.,

Landlord

TO

LEHMAN BROTHERS INC.,

Tenant

Lease

Dated as of April 28, 2000

person with whom Landlord is then negotiating or has within the prior 3 months negotiated to lease space in the Building.

(F)   The form of the proposed sublease shall be reasonably satisfactory to Landlord and shall comply with the applicable provisions of this <u>Article 5</u>.

(G)   There shall not be more than four subtenants per floor of the Premises.

(H)   Tenant shall reimburse Landlord on demand for any out-of-pocket reasonable costs incurred by Landlord in connection with said assignment or sublease, including, without limitation, the costs of making investigations as to the acceptability of the proposed assignee or subtenant, and legal costs incurred in connection with the granting of any requested consent.

(b)   If Landlord consents to a proposed assignment or sublease and Tenant fails to execute and deliver the assignment or sublease to which Landlord consented within 30 days after the giving of such consent, then Tenant shall again comply with this <u>Article 5</u> before assigning this Lease or subletting all or part of the Premises.

5.04.   <u>General Provisions</u>.

(a)   If this Lease is assigned, whether or not in violation of this Lease, Landlord may collect rent from the assignee.   If the Premises or any part thereof are sublet or occupied by anybody other than Tenant, whether or not in violation of this Lease, Landlord may, after default by Tenant, and expiration of Tenant's time to cure such default, collect rent from the subtenant or occupant.   In either event, Landlord may apply the net amount collected against Rent, but no such assignment, subletting, occupancy or collection shall be deemed a waiver of any of the provisions of <u>Section 5.01(a)</u>, or the acceptance of the assignee, subtenant or occupant as tenant, or a release of Tenant from the performance of Tenant's obligations under this Lease.

(b)   No assignment or transfer shall be effective until the assignee delivers to Landlord (i) evidence that the assignee, as Tenant hereunder, has complied with the requirements of <u>Sections 7.02</u> and <u>7.03</u>, and (ii) an agreement in form and substance satisfactory to Landlord whereby the assignee assumes Tenant's obligations under this Lease.

(d)   Notwithstanding any assignment or transfer, whether or not in violation of this Lease, and notwithstanding the acceptance of any Rent by Landlord from an assignee, transferee, or any other party, the original named Tenant and each successor Tenant shall remain fully liable for the payment of the Rent and the performance of all of Tenant's other obligations under this Lease.   The joint and several liability of Tenant and any

-40-

immediate or remote successor in interest of Tenant shall not be discharged, released or impaired in any respect by any agreement made by Landlord extending the time to perform, or otherwise modifying, any of the obligations of Tenant under this Lease, or by any waiver or failure of Landlord to enforce any of the obligations of Tenant under this Lease.

(d)  Each subletting by Tenant shall be subject to the following:

(i)  No subletting shall be for a term (including any renewal or extension options contained in the sublease) ending later than one day prior to the Expiration Date.

(ii)  No sublease shall be valid, and no subtenant shall take possession of the Premises or any part thereof, until there has been delivered to Landlord, both (A) an executed counterpart of such sublease, and (B) a certificate of insurance evidencing that (x) Landlord is an additional insured under the insurance policies required to be maintained by occupants of the Premises pursuant to <u>Section 7.02</u>, and (y) there is in full force and effect, the insurance otherwise required by <u>Section 7.02</u>.

(iii)  Each sublease shall provide that it is subject and subordinate to this Lease, and that in the event of termination, reentry or dispossess by Landlord under this Lease Landlord may, at its option, take over all of the right, title and interest of Tenant, as sublessor, under such sublease, and such subtenant shall, at Landlord's option, attorn to Landlord pursuant to the then executory provisions of such sublease, except that Landlord shall not be liable for, subject to or bound by any item of the type that a Successor Landlord is not so liable for, subject to or bound by in the case of an attornment by Tenant to a Successor Landlord under <u>Section 6.01(a)</u>.

(e)  Each sublease shall provide that the subtenant may not assign its rights thereunder or further sublet the space demised under the sublease, in whole or in part, without Landlord's consent (which shall be granted or withheld subject to the same terms and conditions contained in <u>Section 5.03</u>) and without complying with all of the terms and conditions of this <u>Article 5</u>, including, without limitation, <u>Section 5.05</u>, which for purposes of this <u>Section 5.04(e)</u> shall be deemed to be appropriately modified to take into account that the transaction in question is an assignment of the sublease or a further subletting of the space demised under the sublease, as the case may be.

(f)  Tenant shall not publicly advertise the availability of the Premises or any portion thereof as sublet space or by way of an assignment of this Lease, without first obtaining Landlord's consent, which consent shall not be unreasonably withheld or delayed provided that Tenant shall in no event advertise the rental rate or any description thereof.

US\69830.6

-41-

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                        :

In re:                                 :      Chapter 11
                                          :

LEHMAN BROTHERS HOLDINGS, INC., *et al.*,     :      Case No. 08-13555 (JMP)
                                          :

                                          :      Jointly Administered
                                          :

                      Debtors.       :

------------------------------------------------------------------ x
------------------------------------------------------------------ x
                                          :

SECURITIES INVESTOR PROTECTION
CORPORATION,                               :

                      Plaintiff,       :      Adversary Proceeding No.
                                          :

      v.                                  :      08-01420
                                          :

LEHMAN BROTHERS INC.                   :
                     Debtor.        :

------------------------------------------------------------------ x

## ORDER GRANTING MOTION OF WFP TOWER A CO., L.P.
## (A) COMPELLING PAYMENT OF POST-PETITION ADMINISTRTIVE RENT;
## (B) GRANTING RELIEF FROM THE AUTOMATIC STAY; AND
## (C) COMPELLING ASSUMPTION OR REJECTION OF LEASE

       Upon the Motion (the "<u>Motion</u>")[1] of WFP Tower A Co., L.P. (the "<u>Landlord</u>"),

for an order (1) compelling payment of post-petition administrative rent, (2) granting relief from

the automatic stay, and (3) compelling assumption or rejection of Amended and Restated Lease,

dated as of November 9, 2000 (as amended, the "<u>Lease</u>"), the Court finds that, (i) it has

---

[1] Capitalized terms used herein and not defined shall have the meanings ascribed to them in the Motion.

jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is proper and should be granted; (iv) proper and adequate notice of the Motion and the hearing thereon has been given under the circumstances and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of relief as set forth herein,

IT IS HEREBY ORDERED THAT:

1.    The Motion is granted.

2.    James W. Giddens (the "Trustee"), the Trustee for Lehman Brothers, Inc. ("LBI"), is hereby ordered to immediately pay Landlord $510,646.63 in post-petition rent for each of the months of October and November and to timely honor its post-petition obligations under the Lease pending LBI's decision to assume or reject the Lease as set forth below.

3.    Pursuant to Section 362(d) of the Bankruptcy Code, the automatic stay in effect in the Debtors' bankruptcy cases and LBI's Securities Investor Protection Act proceeding is hereby modified to the extent necessary to (i) authorize Landlord to seek to collect rent directly from the Subtenants as permitted under the section 5.04 of the Lease, and (ii) allow Landlord to commence negotiations with the Subtenants or alternative tenant(s) to rent the Premises pending a decision by LBI as to whether it will assume or reject the Lease.

4.    To the extent Landlord collects rent directly from the Subtenants, until rejection of the Lease, LBI shall continue to be obligated to Landlord for any deficiency and shall timely pay any such deficiency to Landlord.  Any obligation under the Lease accruing prior to rejection of the Lease that is not timely paid by LBI to Landlord or otherwise collected by

2

Landlord from the Subtenants, shall be allowed as an administrative expense priority claim under Section 503(b)(1) of the Bankruptcy Code.

5.  James W. Giddens, Trustee for LBI, is directed to assume or reject the Lease within fifteen (15) days of the date of entry of this Order.

6.  The modification of the automatic stay granted by this Order shall take effect immediately upon entry of this Order and shall not be stayed by operation of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedures.

7.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: New York, New York
   November __, 2008

           _____
           HONORABLE JAMES M. PECK
           UNITED STATES BANKRUPTCY JUDGE

ny-839867