**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,             :    08-13555 (JMP)
                                                   :
                        Debtors.                   :    (Jointly Administered)
                                                   :
-------------------------------------------------------------------x
```

### ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF ORDER PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004, 6006, AND 9019 (I) APPROVING EQUITY INTERESTS PURCHASE AGREEMENT; (II) AUTHORIZING THE DEBTORS TO COMPROMISE, SETTLE, AND RELEASE RELATED CLAIMS; AND (III) GRANTING RELATED RELIEF

Upon the motion, dated October 8, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization and approval of, among other things, (i) a Purchase Agreement, dated October 8, 2008[1] for the sale of the Purchased R3 Interests; (ii) an Assignment Agreement, dated October 8, 2008; (iii) the Debtors' settlement and exchange of mutual Releases of related claims; and (iv) certain related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] and the Order to Show Cause entered by the Court on October 8, 2008 to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; (vii) the Buyers; (viii) any party with an interest in the Sub-Sublease; and (ix) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

        FOUND that:

        A.    **<u>Arm's-Length Transaction</u>**.  The Purchase Agreement and the Releases were negotiated, and entered into by the Debtors, the Investor Parties, and the Buyers without collusion, in good faith and from arm's-length bargaining positions.  The

Buyers are not "insiders" of the Debtors or the Investor Parties, as that term is defined in section 101(31) of the Bankruptcy Code.

    B. **<u>Business Justification</u>**.  The Debtors have demonstrated good, sufficient, and sound business purposes and justifications and compelling circumstances for the relief requested in the Motion and the approval of the transactions contemplated thereby.

    C. **<u>Fair and Reasonable</u>**.  The Releases are an integral aspect of the Purchase Agreement.  The Debtors have demonstrated that the probability of success in litigation regarding the claims resolved by the Releases would be complex and extremely costly.  In light of the substantial recovery afforded to the Debtors' estates by the Purchase Agreement, the compromise and settlement of claims pursuant to the Releases rises well above the lowest range of reasonableness.

    D. **<u>Good Faith</u>**.  The Buyers are good faith purchasers of the Purchased R3 Interests within the meaning of section 363(m) of the Bankruptcy Code and are, therefore, entitled to all of the protections afforded thereby.  The Buyers have proceeded in good faith in connection with this proceeding and will be acting in good faith in closing the transactions contemplated by the Purchase Agreement.

    E. **<u>Consideration</u>**.  The Purchase Agreement represents a fair and reasonable offer to purchase the Purchased R3 Interests under the circumstances of these chapter 11 cases.

    F. **<u>Net Asset Value</u>**.  The Net Asset Value of the New LP Investment reflects a reasonable reduction of the Net Asset Value of the Seller's Fund Interests in light of the circumstances.

    G. **Free and Clear**.  After the Merger, LBHI will be the sole and lawful owner of the Purchased R3 Interests.  The transfer of the Purchased R3 Interests to the Buyers pursuant to the Purchase Agreement will be a legal, valid, and effective transfer of the Purchased R3 Interests, and vests or will vest the Buyers with all rights and title to the Purchased R3 Interests free and clear of all liens, claims (as defined in section 101(5) of the Bankruptcy Code), and encumbrances.

    H. **Satisfaction of 363(f) Standards**.  LBHI may sell the Purchased R3 Interests free and clear of any interests because one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code have been satisfied.

    I. **Private Sale**.  The exigent circumstances surrounding these chapter 11 cases support the Debtors' decision to pursue a private sale.  A public auction for the Purchased R3 Interests would entail unwarranted delay, risk, and expense.

    J. **Prompt Consummation**.  The prompt consummation of the sale of the Purchased R3 Interests is in the best interests of the Debtors, their estates, and their creditors.

    NOW, THEREFORE, IT IS ORDERED THAT:

    1. The Motion is GRANTED.

    2. Pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rules 6004, 6006, and 9019, the Purchase Agreement and the Assignment Agreement are approved, and the Debtors are authorized to consummate all the transactions contemplated thereby, including but not limited to (i) the merger of the Investor Parties with and into LBHI; (ii) the Buyers' purchase from LBHI of the Purchased R3 Interests; (iii) the exchange of mutual Releases contemplated in section 3.4.2(a) by and between the

Participating R3 Release Parties and the Participating LB Release Parties as well as the Releases contemplated in section 3.4.2(b) of the Purchase Agreement by and between Participating LB General Release Parties and Eligible R3 General Release Parties; and (iv) the contribution of the Seller's Master Fund Interests to the New LP Investment in the New Fund.

3. Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled.

4. LBHI is authorized to accept the instruction of the Buyers, if any, to terminate the Sub-Sublease without liability of the Buyer to the Seller or any of the Seller's successors and assigns arising from such early termination of the Sub-Sublease. The Sub-Sublease shall be expressly excluded from any assumption and rejection procedures established in the chapter 11 cases. Without further Court order, LBHI is authorized and directed to perform all ordinary course duties and fulfill all obligations with respect to the Sub-Sublease, including, but not limited to, the delivery and installation of office furniture and the payment of all related charges.

5. Pursuant to section 363(f) of the Bankruptcy Code, the sale of the Purchased R3 Interests to the Buyers shall be free and clear of any and all liens, claims, and encumbrances, with such liens, claims, and encumbrances (if any) to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, and encumbrances have on the Purchased R3 Interests as appropriate, subject to the rights and defenses of the Debtors and any party in interest with respect thereto.

6. Except as expressly permitted by the Purchase Agreement or otherwise by this Order, the releases contemplated by the Purchase Agreement are approved.

7. The terms and provisions of the Purchase Agreement, including, but not limited to, the Releases, and this Order shall be binding in all respects upon (i) the Debtors and their estates, (ii) the Investor Parties, (iii) all creditors of (whether known or unknown) and holders of equity interests in, the Debtors, (iv) the Buyers and their respective affiliates, successors and assigns, and any affected third parties, notwithstanding any subsequent appointment of any trustee of the Debtors under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding. This Order and the Purchase Agreement shall inure to the benefit of the Debtors and their estates and their creditors, the Investor Parties, the Buyers, the Participating R3 Releasing Parties, and the respective successors and assigns of each of the foregoing.

8. Nothing in this Order or in the Purchase Agreement (i) releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order; or (ii) should be construed to give the Buyers any more protection against any government unit than it is otherwise entitled to under 11 U.S.C. § 363(f)(1), (3), (4), or (5). Nothing in this paragraph should be construed to create for any governmental unit any substantive right that does not already exist under law.

9. The Pension Benefit Guaranty Corporation shall, notwithstanding a merger of LBHI and each of LB R3 Holdings GP, LLC and LB R3 Holdings L.P., be entitled to assert any and all claims it may have arising under the Employee Retirement Income Security Act of 1974, as amended, against the assets of LBHI obtained by reason of such mergers (the "<u>Proceeds</u>"), including the proceeds from the sale to the Buyers of the Purchased R3 Interests and its limited partnership interest in the New Fund, to the same extent as if such merger had not occurred and each of the Investor Parties remained a separate nondebtor entity. For the purposes of this paragraph, the Proceeds shall be treated as a separate member of LBHI's controlled group, as defined in 29 U.S.C. § 1301(a)(14).

10. Each of the Buyers are granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code.

11. The Debtors are authorized to execute and deliver such assignments, conveyances, and other documents, and instruments of transfer and to take such other actions as may be reasonably necessary to consummate the Sale.

12. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed pursuant to Bankruptcy Rule 6004(g).

13. The jurisdictional provisions of the Purchase Agreement shall be binding on the parties thereto. This Court shall retain jurisdiction to interpret and enforce this Order.

Dated: New York, New York        *s/ James M. Peck*
       October 16, 2008        United States Bankruptcy Judge