UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>Lehman Brothers Holdings Inc., <u>et al</u>.<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |

### BARCLAYS CAPITAL, INC.'S STATEMENT OF ISSUES PRESENTED ON APPEAL AND COUNTERDESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL IN CONNECTION WITH THE APPEAL OF THE INFORMAL NOTEHOLDER GROUP FROM ORDER OF BANKRUPTCY COURT ENTERED SEPTEMBER 20, 2008

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, Barclays Capital, Inc. ("Barclays" or "Purchaser") hereby designates additional items to be included in the record on appeal and restates the issues presented in connection with the appeal of the Informal Noteholder Group ("Appellant") from the following order (the "Appealed Order") entered on September 20, 2008:[1] *Order Under 11 §§ U.S.C. 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases* [D.I. 258 in Case No. 08-13555].[2]

---

[1] Barclays reserves its right to designate additional items for inclusion in the record and/or restate issues presented on appeal if any motions are granted subsequent to the filing of this designation that affects the Appealed Order.

[2] While Appellant's Designation of Record on Appeal and Statement of Issues to be Presented on Appeal, dated October 9, 2008 (D.I. 774), states that Appellant is appealing related orders entered in the Securities Investor Protection Act proceeding against Lehman Brothers Inc. (Case Nos. 08-01419 and 08-01420), Appellant did not file a notice of appeal in the SIPA proceedings.

1

**Restatement of Issues Presented on Appeal**

1. Whether an appeal challenging the correctness of the Bankruptcy Court's sale order is moot under section 363(m) of the Bankruptcy Code where (a) the court below found Barclays was a purchaser in good faith, (b) Appellant failed to seek a stay of the Appealed Order pending appeal; and (c) the sale to Barclays has closed and cannot be reversed?

2. Whether the district court should affirm the Bankruptcy Court's detailed findings of fact that the Purchaser engaged in a good faith, arms-length negotiation, without collusion – which are subject to review only for clear error and which as a matter of law entitle Barclays to protection as a purchaser in good faith under section 363(m) of the Bankruptcy Code?

3. Whether the Bankruptcy Court, having concluded that there was ample evidence to find Barclays to be a purchaser in good faith, properly approved the sale free and clear of liabilities to Barclays pursuant to section 363(f) of the Bankruptcy Code?

4. Whether the Bankruptcy Court was correct in concluding that the sale effectuated by the Appealed Order complied with the Due Process clause of the Fifth Amendment where the court (a) found that the parties provided adequate notice of the sale in light of the exigent circumstances and the wasting nature of the debtors' assets, and (b) provided a reasonable opportunity under the circumstances for parties, including the appellant, to be heard and object?

**Additional Items Designated for the Record on Appeal**[3]

Barclays hereby designates the following items to be included in the record on appeal:[4]

---

[3] Each designated item shall also include any exhibits, attachments, declarations and affidavits related to such item.

[4] Lehman Brothers Holdings Inc. and its affiliated chapter 11 debtors filed a Statement of Issues Presented on Appeal and Counterdesignation of Additional Items to be Included in the Record on Appeal in Connection with the Appeal of the Information Noteholder Group/Informal LBHI Bondholder Group [Case No. 08-13555, D.I. 1101] (the "Debtors' Counterdesignation"). For an avoidance of doubt, Barclays incorporates by reference and thereby designates the docket items identified in the Debtors' Counterdesignation in addition to the items listed herein.

| Item | Date | Docket Item[5] | Document Title |
|---|---|---|---|
| 1. | 9/19/2008 | 108 | Notice of Hearing |
| 2. | 9/19/2008 | 213 | Objection /Limited Objection of Keane, Inc. to Debtors Cure Notice |
| 3. | 9/19/2008 | 214 | Objection of HST Lessee SNYT LLC Lessee Of Sheraton New York Hotel & Towers To Proposed Cure Amounts |
| 4. | 9/19/2008 | 220 | Objection to Motion / Limited Objection of Goldman, Sachs & Co. to Proposed Cure Amounts and Assumption and Assignment of Executory Contracts |
| 5. | 9/19/2008 | 225 | NYSE's Reservation of Rights and Limited Objection to Assumption and Assignment of, and Amounts Necessary to Cure Defaults Under, Contracts and Leases to be Assumed and Assigned to Successful Purchaser |
| 6. | 9/19/2008 | 227 | Opposition to Assumption and Assignment of, And Amounts Necessary to Cure Defaults Under Contracts and Leases to Be Assumed and Assigned to Successful Purchaser |
| 7. | 9/19/2008 | 229 | Objection to Motion Reservation of Rights and Limited Objection of AboveNet Communications Inc. to Cure Amount |
| 8. | 9/19/2008 | 267 | Notice of Objection to Proposed Cure Amount as to Iris Software, Inc. |
| 9. | 9/19/2008 | 269 | Objection to Assumption and Agreement Fixing Cure Amount |
| 10. | 9/19/2008 | 270 | Notice of Objection by ICAS to Notice of Assumption, Assignment and Amounts to Cure Dated September 18, 2008 |
| 11. | 9/29/2008 | 427 | Notice of Appeal by Informal Noteholder Group |

---

[5]    All docket items refer to Case No. 08-13555.

Dated: October 17, 2008
New York, New York

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By: /s/ Lindsee P. Granfield
    Lindsee P. Granfield
    Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to Barclays Capital, Inc.*