| | |
|---|---|
| David L. Dubrow, Esq. | Hearing Date and Time:  November 5, 2008 at 10:00 a.m. |
| Robert M. Hirsh, Esq. | Objection Deadline:  October 31, 2008 at 4:00 p.m. |

ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Counsel to The Vanguard Group, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

LEHMAN BROTHERS HOLDINGS, INC.,
*et al.*,

      Debtors.
------------------------------------------------------------x

Case No. 08-13555 (JMP)

Jointly Administered

**MOTION OF THE VANGUARD GROUP, INC.
FOR ENTRY OF AN ORDER APPROVING SPECIFIED INFORMATION
BLOCKING PROCEDURES AND PERMITTING TRADING OF CLAIMS
AGAINST THE DEBTOR UPON ESTABLISHMENT OF A SCREENING WALL**

TO: THE HONORABLE JAMES M. PECK
   UNITED STATES BANKRUPTCY JUDGE

   The Vanguard Group, Inc., for and on behalf of certain funds and trusts for which it provides investment advisor services ("Vanguard"), a creditor in these proceedings and a member of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. and its affiliated debtors (collectively, the "Debtors"), by and through its counsel Arent Fox LLP, respectfully submits this motion (the "Motion") for the entry of an order approving information blocking procedures and permitting trading of claims, pursuant to 11 U.S.C Section 105(a) of the Bankruptcy Code.  In support thereof, Vanguard respectfully represents as follows:

NYC/406209.1

## BACKGROUND

1. On September 15, 2008, and periodically thereafter (the "Petition Date"), the Debtors commenced the Chapter 11 Cases. The Debtors have been authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee (the "UST") appointed the Committee. On October 3, 2008 the UST amended the composition of the Committee to include Vanguard.

## JURISDICTION

3. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. Section 1334. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2) and may be determined by this Court. Venue is proper before this Court pursuant to 28 U.S.C. Sections 1408 and 1409.

## RELIEF REQUESTED

4. Vanguard is one of the largest mutual fund companies in the United States.

5. As an ordinary and regular part of its business, Vanguard is engaged in the trading of securities for client accounts. Vanguard, therefore, requests entry of an order holding that it will not violate its fiduciary duties as a member of the Committee by permitting the trading in securities or claims involving or against the Debtors as defined in section 2(a)(1) of the Securities Act of 1933 (including but not limited to the following: stocks, notes, bonds, debentures, participation in, or derivatives based upon or relating to, any of the Debtors' debt obligations or equity interests and bank debt) (collectively, the "Covered Claims") during the pendency of the Debtors' Chapter 11 Cases, provided that Vanguard established, implements and

adheres to the information blocking and ethical wall policies and procedures (collectively, the "Screening Wall") that are described in the Screening Wall declaration of Stuart Hosansky (as defined below), annexed hereto as Exhibit A, or approved by the UST. Nothing therein would impact, prohibit, curtail or restrict, the trading practices of Vanguard or any of its affiliates entities.

6. The term "Screening Wall" refers to a procedure established by an institution to isolate its trading activities from its activities as a member of an official committee of unsecured creditors in a chapter 11 proceeding. A Screening Wall or ethical wall includes, among other things, such features as to the employment of different personnel to perform certain functions, physical separation of the office and file space, procedures for locking committee related files, oversight by Vanguard's Legal and/or Compliance Departments and special procedures for handling nonpublic communications related to the Debtors. These policies and procedures have been adopted and implemented by Vanguard to ensure that Vanguard employs an appropriate information blocking device in every situation where one or more of its employees receive material non-public information in the course serving on an official committee of unsecured creditors.

7. Although members of the Committee owe fiduciary duties to the creditors of these estates, Vanguard also has an obligation to maximize returns to its customers through the trading of securities. The goal of the Screening Wall is to enable Vanguard employees who are involved with the Debtors cases to continue to seek to maximize the recovery value of the distressed debt held by Vanguard funds, while providing maximum flexibility to Vanguard employees who have portfolio management and/or credit analysis responsibilities to such funds while maintaining its ethical and fiduciary obligations and requirements.

8.      Thus, if Vanguard is barred from trading in claims involving the Debtors during the pendency of these Chapter 11 Cases because of its duties to other creditors, it may risk the loss of a beneficial investment opportunity for Vanguard's customers.  As a member of the Committee, Vanguard views its role as one of great importance to the entire creditor body as well as entire Debtors Estates.  Without the Screening Wall, Vanguard would have to take a less active role in these cases, thereby diminishing its value and insight to the entire creditor body.

9.      As evidence of its implementation of the procedures detailed herein, attached as Exhibit A is the declaration of Stuart Hosansky (the "Hosansky Declaration"), Principal at Vanguard and its designated representative on the Committee.  In the Hosansky Declaration, he states that he will comply with the terms and procedures consistent with those set forth in Vanguard's Ethical Wall Policies and Procedures, as set forth in this Motion or otherwise approved by the UST.

## BASIS FOR RELIEF

10.     The relief requested in this Motion is consistent with other orders entered by the Bankruptcy Court for the Southern District of New York in many cases.  *See, e.g., In re Calpine Corp., et al.*, Case No. 05-60200 (BRL) (January, 2006); *In re Solutia Inc., et al.*, Case No. 03-17949 9PCB) (January, 2004); *In re Magellan Health Services, Inc., et al.*, Case No. 03-40515 (PCB) (May, 2003); *In re Enron Corp.*, Case No. 01-16034 (AJG) (February, 2002) and *In re Global Crossing Ltd.*, Case Nos. 02-40187 through 02-40241 (REG) (March, 2002).

11.     Substantially similar orders have also been entered by Bankruptcy Courts in many other districts.  *See, e.g., In re the Finova Group, Inc.,* Case No. 01-0697 (PJW) (Bankr. D. Del. April, 2001); *In re Vista Eyecare, Inc.,* Case No. 00-65214 (Bankr. D. Ga. June, 2000); *In re Sun Healthcare Group, Inc.*, Case No. 99-3657 (MFW) (Bankr. D. Del. December, 1999); *In re*

*Farley*, Case No. 91-15610 (Bankr N.D. Ill. November, 1991) and *In re Federated Dep't Stores, Inc.*, Case Nos. 91-479 through 91-487 (Bankr. S.D. Ohio, March, 1991).

12. Moreover, similar orders have also been requested by other members of the Committee in these Chapter 11 Cases. *See e.g.*, the Motions of Shinsei Bank Limited, the Motion of Metropolitan Life Insurance Company and the Motion of AEGON USA Investment Management, LLC all seeking orders from this Court approving specified blocking procedures and permitting the trading of claims against or involving the Debtors upon establishing a screening or ethical wall.

13. Support for the requested relief was articulated by the court in *In re Federated Dep't Stores, Inc.*, *Supra,* where the court ruled that Fidelity Management & Research Company "will not be violating its fiduciary duties as a Committee member….. provided that Fidelity employs an appropriate information blocking device or "[Screening] Wall" which is reasonably designed to prevent Fidelity trading personnel from receiving any non-public committee information through Fidelity committee personnel and to prevent Fidelity committee personnel from receiving information regarding Fidelity's trading in securities of the Debtors… in advance of such trades."

14. The court in *Federated* approved screening wall procedures similar to those that Vanguard is requesting here: employment of different personnel to perform certain functions, physical separation of the office and file space, procedures for locking committee related files, oversight by Vanguard's Legal and/or Compliance Departments and special procedures for handling non-public communications related to the Debtors. The Screening Wall procedures outlined here parallel those protections established in the *Federated* case as well as many others across the country.

WHEREFORE, for all the reasons set forth herein, Vanguard respectfully requests that this Court enter an order (i) approving the Screening Wall procedures set forth herein; (ii) determining that Vanguard will not violate its fiduciary duties as a member of the Committee and, accordingly, will not subject its interests or claims to possible disallowance, subordination, or other adverse treatment by trading in the claims set forth in this Motion during the pendency of the Debtors' Chapter 11 Cases, provided that Vanguard follows the procedures set forth herein to insulate and separate its trading activities from its Committee related activities; and (iii) granting such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         October 17, 2008

                                                 ARENT FOX LLP
                                                *Attorneys for Vanguard Group, Inc.*

                                 By:   */s/ Robert M. Hirsh*
                                         David L. Dubrow, Esq.
                                         Robert M. Hirsh, Esq.
                                         1675 Broadway
                                         New York, NY 10019
                                         (212) 484-3900