UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re                                                    :     Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :     08-13555 (JMP)
                                                         :
                        Debtors.                         :     (Jointly Administered)
                                                         :
                                                         :
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND FEDERAL
RULES OF BANKRUPTCY PROCEDURE 6004 AND 9019 AUTHORIZING LEHMAN
BROTHERS HOLDINGS INC. TO (A) ENTER INTO A PARTNERSHIP INTERESTS
PURCHASE AGREEMENT, (B) COMPROMISE AND RELEASE A PORTION OF AN
INTERCOMPANY LOAN, AND (C) ASSIGN THE REMAINDER OF SUCH
<u>INTERCOMPANY LOAN TO PURCHASERS</u>**

Upon the Motion, dated September 29, 2005 (the "<u>Motion</u>"),[1] of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "<u>Debtors</u>" and, together with their non-debtor affiliates, "<u>Lehman</u>"), pursuant to section 363 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for authorization and approval of, among other things, (i) a certain Purchase Agreement (the "<u>Purchase Agreement</u>") related to the partnership interests in Eagle Energy Partners I, L.P. ("<u>Eagle</u>"), as amended, (ii) the compromise and release of a portion of an intercompany loan, and (iii) the assignment of the remainder of such intercompany loan, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rules 6004 and 9019, the Purchase Agreement is approved and the Debtors are authorized to consummate all of the transactions contemplated thereby, including but not limited to (a) the appointment of LBHI as the representative for each of the Sellers for purposes of consummating the transaction contemplated by the Purchase Agreement and subject to the terms of this Order, (b) LBHI's transfer, and/or causing to be transferred, all right, title, and interest in

2

and to any and all personal property (i) used in the Business (as defined in the Purchase Agreement) and located at Eagle's offices in Houston, Texas, Chicago, Illinois, Atlanta, Georgia and Pittsburgh, Pennsylvania or (ii) not located at such offices but otherwise exclusively used or held for use in the conduct of the Business, (c) LBHI's assignment to Eagle, and/or causing to be assigned to Eagle, that certain lease of non-residential real property for Eagle's office located at 4700 W. Sam Houston Parkway, Houston, Texas, (d) LBHI's forgiveness, and/or causing its affiliates to forgive, the Debt Forgiveness Amount (as defined in the Purchase Agreement), (e) LBHI's settling and releasing, and/or causing its affiliates to settle and release, the Intercompany Receivable (as defined in the Purchase Agreement), and (f) LBHI's assignment, and/or causing its affiliates to assign, all rights and interests in the Intercompany Loan (as defined in the Purchase Agreement), net of the Debt Forgiveness Amount; and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, the sale of the Assets (as defined in the Motion) to the Purchasers (the "Sale") shall be free and clear of any and all liens, claims and encumbrances, with such liens, claims and encumbrances (if any) to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims and encumbrances have on such Assets, as appropriate, subject to the rights and defenses of the Debtors and any party in interest with respect thereto; and it is further

ORDERED that, pursuant to sections 363 and 364 of the Bankruptcy Code, the Purchasers are hereby granted a first priority security interest in, and lien upon, any and all proceeds of the Sale received by the Sellers to secure any and all obligations of the Sellers under the Purchase Agreement which (i) become due after the closing of the Sale, and (ii) arise from a breach of section 5.17(b) of the Purchase Agreement by reason of Eagle being treated as a member of the LBHI control group prior to the closing of the Sale for purposes of section 414 of

3

the Internal Revenue Code; *provided, however*, that the lien and security interest granted to Purchasers shall be terminated, released, and of no further force or effect on the earlier of (a) a standard termination, which has a termination date after the closing date of the Sale, pursuant to section 4041(b) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") of all pension plans subject to Title IV of ERISA as to which LBHI or any member of such control group was a contributing sponsor or employer immediately prior to the closing, with no objection from the PBGC within the 60-day period set forth in 4041(b)(2) of ERISA and any extension thereof, (b) the effective date of a chapter 11 plan, or (c) the closing of the Debtors' bankruptcy cases pursuant to Bankruptcy Rule 5009. Purchasers' security interest shall be properly perfected without the need for further filings, further documentation, control over the proceeds or the ability to identify the proceeds if commingled with other funds; and it is further

ORDERED that each of the Purchasers is granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code; and it is further

ORDERED that, pursuant to section 365 of the Bankruptcy Code, the assumption and assignment to the Purchasers of the Lease for certain non-residential real property located at 4700 W. Sam Houston Parkway, Houston, Texas, is hereby approved and any other purported assumption and assignment of the Lease, including without limitation any purported assumption and assignment of the Lease from the Sellers to Barclays Capital Inc. ("BCI"), shall be void and without any force or effect; and it is further

ORDERED that, for the avoidance of any doubt, BCI shall have no liability to any party for cure amounts or other amounts that may be due or that may have accrued under the Lease, if any; and it is further

ORDERED that the Debtors are authorized to execute and deliver such deeds,

4

assignments, conveyances, and other documents, and instruments of transfer and to take such other actions as may be reasonably necessary to consummate the Sale; and it is further

ORDERED that nothing in this Order or in the Purchase Agreement, (i) releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order, or (ii) should be construed to give Purchaser any more protection against any government unit than it is otherwise entitled to under 11 U.S.C. § 363(f)(1), (3), (4), or (5).  Nothing in this paragraph should be construed to create for any governmental unit any substantive right that does not already exist under law; and it is further

ORDERED that nothing in this Order or the Purchase Agreement shall be deemed to affect or determine, solely as between LBHI and Lehman Brothers Commodity Services Inc. ("Commodity"), either (i) the allocation of proceeds from the Sale approved herein, or (ii) the validity, appropriate characterization, or subordination of intercompany claims between LBHI and Eagle, or between Commodity, Eagle Management LLC, and Eagle, with all such issues to be fully reserved; and it is further

ORDERED that if it is ever determined that Commodity had a right to any of the proceeds of the Sale, either as a result of the invalidity, recharacterization, subordination, or reallocation, Commodity will be entitled to an allowed claim in LBHI's chapter 11 case, under sections 364(c)(1) and 507(b) of the Bankruptcy Code, having priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code in the amount of such entitlement; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.

Dated: October 17, 2008
       New York, New York

/s/ James M. Peck _____
UNITED STATES BANKRUPTCY JUDGE