# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS
LONDON • MOSCOW • FRANKFURT • COLOGNE
ROME • MILAN • HONG KONG • BEIJING

MARK A. WALKER
LESLIE B. SAMUELS
ALLAN G. SPERLING
MAX GITTER
EVAN A. DAVIS
LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
A. RICHARD SUSKO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
WILLIAM F. GORIN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
ANDREA G. PODOLSKY
JAMES A. DUNCAN
STEVEN M. LOEB
DANIEL S. STERNBERG
DONALD A. STERN
CRAIG B. BROD
WANDA J. OLSON
MITCHELL A. LOWENTHAL
DEBORAH M. BUELL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR

CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
JANET L. FISHER
DAVID L. SUGERMAN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
ANA DEMEL
RAYMOND B. CHECK
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
YVETTE P. TEOFAN
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
PAUL E. GLOTZER
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND

DAVID I. GOTTLIEB
LEONARD C. JACOBY
SANDRA L. FLOW
DANA G. FLEISCHMAN
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
KRISTOFER W. HESS
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA
BENET J. O'REILLY
RESIDENT PARTNERS

SANDRA M. ROCKS
ELLEN M. CREEDE
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
GABRIEL J. MESA
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
NANCY I. RUSKIN
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
RESIDENT COUNSEL

October 17, 2008

BY HAND

The Honorable James M. Peck
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:  In re Lehman Brothers Holdings Inc., et al., Bankruptcy Case No. 08-13555

Dear Judge Peck:

      We represent D. E. Shaw Composite Portfolios, L.L.C., D. E. Shaw Oculus Portfolios, L.L.C., and their affiliates in the above referenced matter. We are writing in response to the hearing that took place yesterday, October 16, 2008, specifically regarding the interim Order for continued use of Debtors' cash management system.

      We respectfully request that the Court substitute the language in the attachment hereto, which is designed to preserve the status quo, for the preservation language that appears in the Debtors' proposed interim Order authorizing continued use of Debtors' cash management system. We agree with the majority of the language submitted by the Debtors, with the exception of (a) one line that appears to encourage all participants to pursue unilateral action—undermining the Debtors' desire to ease its burden to administer this sale in an orderly way and (b) with the Debtors failure to offer to other entities the same protection the Order provides to protect Debtors' own interest during this interim time period.

      We understand and sympathize at this early stage in this case with the Debtors' desire to avoid having to engage in expedited discovery. However, at this time, when no

schedules of assets have even been filed, and when it appears, based on statements made in Court yesterday, that the Debtors may have been sweeping cash that was customer cash or customer property (which the Debtors had an obligation under state and federal law to safeguard), the Court should not enter an Order implicitly authorizing the use of such cash in a way that does not preserve the status quo.

There is no harm and, in fact, only benefit to the Debtors' estate from our proposed request. If parties are assured that their rights are preserved, their need for the expedited production of information is substantially alleviated. By agreeing to preserve the status quo, the Debtors will have earned the breathing room to organize its affairs in order to proceed in a more efficient and orderly process.

There is also analogous precedent for this request in the Refco Capital Management case in this Court, where the Court also had to deal with potential claims of customer and other forms of entitlement to funds held by the Debtors. The Court entered several general Orders to preserve the status quo as a prelude to limited coordinated discovery over a reasonable time schedule, which is a topic we look forward to addressing on November 5, 2008.

Respectfully submitted,

Attachment

ORDERED that nothing in this Order shall be deemed to affect any entity's (and for the avoidance of doubt, including the representatives of other related insolvent estates) otherwise valid rights or claims under applicable agreements or applicable law, including, *inter alia*, (i) valid setoff or recoupment rights under applicable law, (ii) valid netting rights under applicable law, (iii) valid right under applicable law to impose an administrative freeze on any Bank Account, (iv) valid argument that it is entitled to a constructive trust, (v) valid property or ownership rights (legal or equitable), or (vi) valid legal or beneficial interests in cash or other property, and nothing herein shall affect the rights of any entity (including for the avoidance of doubt, the Creditors' Committee) to contest such entitlement and, if, and only to the extent, the use or transfer of funds hereafter pursuant to this Order effectively causes the loss of a claim of entitlement, such injured entity shall be entitled to an allowed claim under sections 364(c)(1) and 507(b) of the Bankruptcy Code having priority over all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code as compensation for such loss.