Hearing Date and Time: November 5, 2008 at 10:00 a.m. (prevailing Eastern time)
Objection Date: October 31, 2008 at 4:00 p.m. (prevailing Eastern time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus
Robert J. Lemons

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X
:
**In re:** : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC., et al.** : **08-13555 (JMP)**
:
Debtors. : **(Jointly Administered)**
:
------------------------------------------------------------------------X

**NOTICE OF HEARING REGARDING DEBTORS'**
**MOTION PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND**
**BANKRUPTCY RULES 6006 AND 9014 FOR AUTHORIZATION TO REJECT**
**CONTINGENT MANAGEMENT AGREEMENT WITH WESTLB AG**

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11

cases (together, the "Debtors") for entry of an order, pursuant to section 365 of the Bankruptcy

Code and Bankruptcy Rules 6006 and 9014 for authorization to reject a contingent management

agreement with WestLB AG, New York Branch (f/k/a Westdeutsche Landesbank Girozentrale),

as more fully described in the Motion, will be held before the Honorable James M. Peck, United

States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs

NY2:\1926537\04\15@$X04!.DOC\58399.0003

House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **November 5, 2008 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck ("Chambers"), One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Shai Y. Waisman, Esq. and Robert J. Lemons, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn:  Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; (v) Cleary Gottlieb LLP, One Liberty Plaza, New York, NY 10006, Attn: Lindsee P. Granfield, Esq.  and Lisa Schweitzer, Esq. and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq., attorneys for the Debtors' postpetition

lenders; and (vi) any person or entity with a particularized interest in the Motion, so as to be received no later than **October 31, 2008 at 10:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: October 17, 2008
      New York, New York

/s/ Robert J. Lemons
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus
Robert J. Lemons
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

**Hearing Date and Time: November 5, 2008 at 10:00 a.m. (prevailing Eastern time)**
**Objection Date:  October 31, 2008 at 4:00 p.m. (prevailing Eastern time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                  :
**In re**                                         : **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      : **08-13555 (JMP)**
                                                  :
             **Debtors.**                         : **(Jointly Administered)**
                                                  :
                                                  :
------------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6006 AND 9014 FOR AUTHORIZATION TO REJECT
CONTINGENT MANAGEMENT AGREEMENT WITH WESTLB AG**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), file this Motion and respectfully

represent:

NY2:\1926537\04\15@$X04!.DOC\58399.0003

**Background**

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

**Jurisdiction**

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Lehman's Business**

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide. Its headquarters in New

York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

6. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Relief Requested

7. By this Motion, the Debtors seek authorization to reject a certain Contingent Management Agreement, dated as of January 5, 1999 (as amended, the "Agreement"), by and between Lehman Brothers Financial Products Inc. ("LBFP") and WestLB AG, New York Branch (f/k/a Westdeutsche Landesbank Girozentrale) ("WestLB"), pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014. A copy of the Agreement is annexed as Exhibit A hereto.

## Basis For Relief Requested

### Rejection of the Agreement is Supported by the Debtors' Business Judgment and Should be Approved by the Court

8. The Agreement provides for WestLB to assume certain management functions for LBFP upon a triggering event, which included the filing of the chapter 11 case of LBHI. The main purpose for the Agreement is for WestLB to seek to reduce market risks to LBFP's portfolio through hedging agreements and liquidation of LBPF's assets. The Agreement was required by credit rating agencies for LBFP to maintain its credit rating. The Agreement provides that WestLB will be paid for its services a fee of up to $3.0 million per year that it provides services, plus a $2.0 million incentive fee if LBFP's portfolio that WestLB is managing

maintains or increases its value over the first 60 business days following the termination of certain offsetting transaction and hedge master agreements between LBFP and its affiliated chapter 11 debtor, Lehman Brothers Special Financing Inc.

9. The Debtors have determined, in the exercise of their business judgment, that the management functions contemplated under the Agreement are unnecessary and redundant of services being provided by other professionals in the context of these chapter 11 cases. LBFP, with the assistance of its advisors, will liquidate its portfolio. Indeed, WestLB lacks the ability to liquidate the portfolio under the circumstances because the personnel and systems associated with LBFP's portfolio now work for Barclays Capital Inc. ("Barclays") and WestLB has no access to such personnel and systems under the existing Transition Services Agreement with Barclays. Due to the commencement of its chapter 11 case, LBFP is very unlikely to be able to enter into any hedging agreements. Additionally, because LBFP is conducting no new business, it no longer needs to maintain ratings with credit rating agencies. Moreover, the Agreement has become unworkable because WestLB has not been able to supply the personnel that would be required and, at this juncture in these chapter 11 cases, it would be unduly expensive to recruit and train such personnel. The Agreement, therefore, represents an unnecessary expense for the Debtors' estates.

10. It is the Debtors' business judgment that it is in the best interests of their estates and creditors to reject the Agreement pursuant to section 365 of the Bankruptcy Code. Rejection of the Agreement will maximize the value of the estates by decreasing the Debtors' liability for services that are unnecessary for the Debtors' continuing operations, and will not be utilized as part of the Debtors' efforts to sell assets or liquidate their existing portfolio.

11. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993) (internal citations omitted).

12. Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease and, upon finding that a debtor has exercised sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See, e.g. Bildisco & Bildisco*, 465 U.S. at 523; *Nostas Assocs. v. Costich* (*In re Klein Sleep Products, Inc.*), 78 F.3d 18, 25 (2d Cir. 1996); *Delightful Music Ltd. v. Taylor* (*In re Taylor*), 913 F.2d 102 (3d Cir. 1990). As discussed above, the Debtors have examined the needs of their businesses and their obligations under the Agreement and have concluded that the Agreement, and the obligations thereunder, constitute an unnecessary expense in the context of their ongoing business operations. Continued compliance with the terms of the Agreement, therefore, is burdensome and will provide no benefit to the Debtors and their estates. Accordingly, rejection of the Agreement under section 365(a) of the Bankruptcy Code is an appropriate exercise of the Debtors' business judgment.

13. In light of the foregoing, the Debtors respectfully request that, pursuant to section 365(a) of the Bankruptcy Code, the Court approve rejection of the Agreement in the manner requested herein as a sound exercise of their business judgment.

## Notice

14. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285]. No other or further notice need be provided.

15. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested and such other and further relief as is just.

Dated: October 17, 2008
      New York, New York

                                       /s/ Robert J. Lemons
                                       Harvey R. Miller
                                       Richard P. Krasnow
                                       Lori R. Fife
                                       Shai Y. Waisman
                                       Jacqueline Marcus
                                       Robert J. Lemons
                                       WEIL, GOTSHAL & MANGES LLP
                                       767 Fifth Avenue
                                       New York, New York 10153
                                       Telephone: (212) 310-8000
                                       Facsimile: (212) 310-8007

                                       Attorneys for Debtors
                                       and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
:
**In re:** : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC., et al.** : **08-13555 (JMP)**
:
**Debtors.** : **(Jointly Administered)**
:
-------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 9014 FOR AUTHORIZATION TO REJECT CONTINGENT MANAGEMENT AGREEMENT WITH WESTLB AG**

Upon the motion, dated October 17, 2008 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to reject a Contingent Management Agreement, dated as of January 5, 1999 (as amended, the "Agreement"), by and between Lehman Brothers Financial Products Inc. and WestLB AG, New York Branch (f/k/a Westdeutsche Landesbank Girozentrale) ("WestLB"), as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] Capitalized terms used but not otherwise defined in this order shall have the meanings ascribed to them in the Motion.

1

1409 and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the Official Committee of Unsecured Creditors, (iii) the attorneys for the Debtors' postpetition lenders, (iv) the Securities and Exchange Commission, (v) the Internal Revenue Service, (vi) the United States Attorney for the Southern District of New York, (vii) all parties with a particularized interest in the Motion, and (viii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Agreement is hereby rejected effective immediately.

Dated: November __, 2008
      New York, New York

                                          UNITED STATES BANKRUPTCY JUDGE