Christopher J. Giaimo, Jr. (CG 2260)
ARENT FOX LLP
1050 Connecticut Ave., N.W.
Washington, DC 20036
(212) 857-6000
giaimo.christopher@arentfox.com

Counsel for Transaction Network Services, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al*., | : Case No. 08-13555 (JMP) |
| Debtors. | : (Jointly Administered) |
| | : |
| | : Re: Docket No. 712 |

**NOTICE OF AND OBJECTION TO PROPOSED CURE
AMOUNTS IN CONNECTION WITH THE ASSUMPTION AND
ASSIGNMENT OF CERTAIN SERVICE AGREEMENTS BETWEEN
THE DEBTORS AND TRANSACTION NETWORK SERVICES, INC.**

**TO:   THE HONORABLE JAMES M. PECK**
**UNITED STATES BANKRUPTCY JUDGE**

Transaction Network Services, Inc. ("TNS"), files this notice of and objection to proposed cure amounts in connection with the assumption and assignment of the Service Orders (defined below), and in support thereof, states as follows:

**BACKGROUND**

1.   On September 15, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

2.   On September 20, 2008, the Court entered an order (the "Sale Order") approving an asset purchase agreement (the "Asset Purchase Agreement") between the Debtors and Barclays Capital, Inc. (the "Purchaser"). Pursuant to the terms of the Asset Purchase Agreement,

the Purchaser has the right to designate certain of the Debtors' executory contracts for assumption and assignment to the Purchaser. On October 3, 2008, the Court entered an order approving the procedures of the assumption and assignment of those designated executory contracts (the "Procedures Order").

3.      Prior to the Petition Date, the Debtors, pursuant to numerous service orders (the "Service Orders"), utilized TNS' Financial Services Division's Secure Trading Extranet Service to enable the Debtors to, *inter alia*, effectuate electronic trading (the "Service").[1] The Service is provided on automatically renewed annual terms.

4.      Pursuant to the Procedures Order, the Debtors filed the Fourth Omnibus Notice of Assumption and Assignment of Executory Contracts and Unexpired Leases (the "Fourth Notice"), which provides that the Debtors' intend to assume and assign the Service to the Purchaser. The Fourth Notice lists the amount necessary to cure the monetary defaults for the Service as $0.00 (the "Proposed Cure Amount").

5.      Upon receipt of the Fourth Notice, TNS analyzed its books and records and determined that the amount outstanding for the Service was $440,446.16 as set forth under the following monthly invoices (the "Invoices"):[2]

| **TNS Customer No.** | **Invoice Dates** | **Amount** |
|---|---|---|
| 2373-5071 | July, August and September 2008 | $13,930.14 |
| 1043-7716 | January 2007, August and September 2008 | $223,096.59 |
| 2405-6985 | August and September 2008 | $105,728.00 |
| 2405-5208 | July, August and September 2008 | $97,691.43 |
| **Total Cure:** | | **$440,446.16** |

---

[1] Upon information and belief, the Debtors have copies of all relevant Services Orders and related documents; accordingly, the Service Orders are not attached hereto. To the extent the Debtors do not have a copy of any relevant Service Order, that document will be made available thereto upon request to the undersigned counsel.
[2] The Invoices are attached hereto as Exhibit A.

GENBUS/642888.1                           2

6. Accordingly, the Proposed Cure Amount is incorrect. The proper amount necessary to cure in accordance with the requirements of section 365 is $440,446.16 (the "Cure Amount").

7. Consequently, pursuant to section 365(b), the Debtor cannot assume and assign the Service without curing all defaults by paying, in full, the Cure Amount and any additional post-petition amounts owing as of the date of assumption.

### **RESERVATION OF RIGHTS**

8. TNS reserves all of its rights in connection with the matters set forth herein, including without limitation, the right to contest any purported assumption and assignment by the Debtors of any Service that may be between TNS and non-debtor affiliates of the Debtors. TNS also expressly reserves its right to amend, supplement or modify this Objection and the cure amounts listed herein for any reason. TNS also adopts any additional arguments raised by other parties objecting the Fourth Notice or any other cure notice served by the Debtors to the extent not inconsistent with the arguments and positions of TNS.

WHEREFORE, TNS respectfully requests that this Court enter an order directing the Debtors to pay TNS the amounts of $440,446.16 in full cure of the amount outstanding under the Service Orders.

Dated: Washington, DC
October 21, 2008                     ARENT FOX LLP

*/s/ Christopher J. Giaimo, Jr.*
Christopher J. Giaimo, Jr.
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

Attorneys for Transaction Network Services, Inc.

## CERTIFICATE OF SERVICE

      I, Christopher J. Giaimo, hereby certify that on this 21st day of October, 2008, I caused a true and correct copy of the foregoing to be served via the Court's CM/ECF System as well as by first class mail, postage pre-paid, on the parties listed on the attached service list.

                                                                    _/s/ Christopher J. Giaimo_____
                                                                    Christopher J. Giaimo

## SERVICE LIST

Lori R. Fife and Shai Y. Waisman
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

U.S. Trustee
Attn: Tracy Hope Davis
33 Whitehall Street, 21st Floor
New York, NY 10004

Lindsee P. Granfield & Lisa M. Schwietzer
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

Dennis F. Dunne, Luc A. Despins and
Wilbur F. Foster, Jr.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

James B. Kobak, David Wiltenburg and
Jeff Margolin
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004