QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Susheel Kirpalani (SK 8926)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Telecopier: (212) 849-7100
*Proposed Special Counsel For The*
*Official Committee Of Unsecured Creditors Of*
*Lehman Brothers Holdings Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re:                                                      :
:                     Chapter 11
LEHMAN BROTHERS HOLDINGS INC.,                              :
ET AL.,                                                     :  Case No. 08-13555 (JMP)
:
:  (Jointly Administered)
Debtors.                                      :
:  Objection Deadline: October 31, 2008, 4:00 p.m.
:  Hearing Date: November 5, 2008, 10:00 a.m.
------------------------------------------------------------x

**APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**OF LEHMAN BROTHERS HOLDINGS INC., ET AL., UNDER 11 U.S.C. §§ 328 AND**
**1103 AND FED. R. BANKR. P. 2014 AND 5002, FOR ORDER AUTHORIZING**
**RETENTION AND EMPLOYMENT OF QUINN EMANUEL URQUHART OLIVER &**
**HEDGES, LLP, AS SPECIAL COUNSEL, NUNC PRO TUNC TO SEPTEMBER 17, 2008**

The Official Committee of Unsecured Creditors (the "**Creditors' Committee**") of Lehman Brothers Holdings Inc. ("**LBHI**") and its affiliated debtors in possession (collectively, "**Lehman**" or the "**Debtors**"), hereby files this application (the "**Application**") seeking entry of an order authorizing the Creditors' Committee to retain and employ Quinn Emanuel Urquhart Oliver & Hedges, LLP ("**Quinn Emanuel**" or the "**Firm**"), *nunc pro tunc* to September 17, 2008, as special counsel for the Creditors' Committee in the above-captioned cases, pursuant to sections 328 and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the

"**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and respectfully represents as follows:

## BACKGROUND

1. On September 15, 2008, LBHI filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Initial Petition Date**"). Thereafter, (a) on September 16, 2008, LB 745 LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code; (b) on September 23, 2008, PAMI Statler Arms LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code; (c) on October 3, 2008, each of Lehman Brothers Commodities Services, Inc., Lehman Brothers Special Financings, Inc., and Lehman Brothers Finance, S.A. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code; and (d) on October 5, 2008, each of Lehman Brothers Derivative Products Inc., Lehman Commercial Paper Inc., Lehman Brothers Commercial Corporation, Lehman Brothers Financial Products Inc., Fundo de Investimento Multimercado Credito Privado, Lehman Scottish Finance L.P., CES Aviation LLC, CES Aviation V LLC, CES Aviation IX LLC, and East Dover Limited filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (references to the "**Petition Date**" shall mean the date a particular Debtor filed its petition). The cases of each of the Debtors are being jointly administered with that of LBHI.

2. On September 17, 2008, the United States Trustee filed the Appointment of Committee of Unsecured Creditors (docket no. 62), and thereby appointed the Creditors' Committee consisting of: (i) Wilmington Trust Company, as Indenture Trustee; (ii) The Bank of NY Mellon; (iii) Shinsei Bank, Limited; (iv) Mizuho Corporate Bank, Ltd., as Agent; (v) The Royal Bank of Scotland, PLC; (vi) Metlife; and (vii) RR Donnelley & Sons. RR Donnelley & Sons and The Royal Bank of Scotland, plc subsequently resigned as members of the Committee and on October 3, 2008, the United States Trustee filed the First Amended Appointment of

2

Committee of Unsecured Creditors (docket no. 592) appointing The Vangard Group Inc. and Aegon USA Investment Management as additional members of the Committee.

3. No other official committees have been appointed or designated in these chapter 11 cases.

4. On September 17, 2008, the Creditors' Committee, pursuant to section 1103(a) of the Bankruptcy Code, duly selected Milbank, Tweed, Hadley & McCloy LLP ("**Milbank**") as counsel to the Creditors' Committee.

5. After selecting Milbank as Creditors' Committee counsel, the Creditors' Committee determined that it would be necessary for it to retain separate counsel to represent it in connection with matters arising in or in connection with these chapter 11 cases where conflicts prevented Milbank from representing the Creditors' Committee. On September 17, 2008, the Creditors' Committee selected Quinn Emanuel as special counsel. The Creditors' Committee believes that retaining Quinn Emanuel as special counsel is reasonable and necessary in order for the Creditors' Committee to discharge its responsibilities.

### JURISDICTION

6. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 5002. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### RELIEF REQUESTED

8. Pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, the Creditors' Committee seeks to employ and retain Quinn Emanuel as its special counsel, effective as of September 17, 2008, in connection with the Debtors' chapter 11 cases.

3

9. The Creditors' Committee requests that Quinn Emanuel's retention be approved, effective as of September 17, 2008, as this is the date the Creditors' Committee retained Quinn Emanuel and that Quinn Emanuel commenced providing services on behalf of the Creditors' Committee. In light of the extensive legal services that may be necessary in these cases, the Creditors' Committee believes that the employment of Quinn Emanuel is appropriate and in the best interests of the unsecured creditors that the Creditors' Committee represents.

## RETENTION OF QUINN EMANUEL

10. The Creditors' Committee respectfully submits that it is necessary and appropriate to employ and retain Quinn Emanuel pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to render the following services, among others, as directed by the Creditors' Committee:

   (a) assist the Creditors' Committee on matters involving any and all entities as to which Milbank has an actual or potential conflict of interest;

   (b) assist the Creditors' Committee's investigation of the acts, conduct, assets, liabilities, intercompany relationships and claims and financial condition of the Debtors and their non-debtor subsidiaries, the existence of estate causes of action and the operation of their businesses to the extent that Milbank is conflicted from conducting that investigation;

   (c) perform such other legal services as requested by the Creditors' Committee to the extent not duplicative of Milbank.

11. Quinn Emanuel possesses extensive knowledge and expertise in the areas of law most relevant to these cases and is well qualified to represent the Creditors' Committee as special counsel. In selecting its special counsel, the Creditors' Committee sought counsel with experience advancing unsecured creditors' interests against secured lenders and financial instrument counter-parties, mediating complex inter-creditor disputes, investigating the financial condition of companies in distress, and pursuing third-party recovery actions on behalf of fiduciaries in chapter 11 cases. Quinn Emanuel's bankruptcy attorneys, while with Quinn

Emanuel and at previous firms, have represented the official creditors' committee or debtors in possession in numerous bankruptcy cases including, without limitation, In re SemGroup L.P., In re Sentinel Management Group, Inc., In re Refco Inc., In re Enron Corp., In re Mirant Corporation, In re RCN Corp., In re ICO Global Communications, In re Safety-Kleen Corp., In re Solutia, Inc., In re American Home Mortgage Holdings, Inc., In re Buffets Holdings, Inc., In re The Loewen Group Inc., In re Lernout & Hauspie Speech Products N.V., In re Fruit of the Loom, Inc., In re National Century Financial Enterprises, Inc., In re Winstar Communications, and In re USG Corporation. Quinn Emanuel also has extensive experience representing creditor interests in special litigation matters arising in connection with the bankruptcy cases of Refco, Enron, Parmalat, and K-Mart, among others.

12. Moreover, Quinn Emanuel has a substantial and experienced insolvency practice in the United Kingdom and Europe. Quinn Emanuel attorneys Sue Prevezer, QC and Richard East reside in Quinn Emanuel's London office and have been involved in nearly every major European insolvency in the last twenty years. Ms. Prevezer has advised creditors on major restructuring and insolvency cases including Eurotunnel, TXU, T&N, Marconi, and Enron. She recently advised creditors in litigation against the trustee of a bond issue in Concord Trust v Law Debenture Trust Corp Plc, and she has acted for the administrators of Maxwell Communications Corporation, Levitt Insurance Company, QPR FC, Millwall FC, KWELM, Ionica plc, the Facia Group, and Atlantic Telecom Group in insolvency-related matters. Mr. East has recently provided advice to the joint administrators of Global Trader Europe Limited, a CFD brokerage. He has also provided advice to Sea Containers Group in connection with both the group's chapter 11 proceedings and the Pensions Regulator Financial Support Direction proceedings, the Collins & Aikman European debtors, the Calpine group of companies in connection with their chapter 11 cases, and to the joint administrators of JL French UK Limited.

5

13. Certain of the Quinn Emanuel attorneys responsible for this representation have prior, and indeed substantial, associations with Milbank, the Creditors' Committee's lead counsel. For example, Susheel Kirpalani was formerly a partner of the Milbank firm (from 2001 through 2007), and was associated with Milbank from 1998 to 2001. Accordingly, the Creditors' Committee believes that Quinn Emanuel and Milbank will continue (as they have to date) coordinating their efforts and clearly delineating their respective duties to minimize any duplication of effort and creating a seamless representation of the Creditors' Committee. The Creditors' Committee believes that the efficient coordination of efforts of its chosen counsel will enhance, not burden, the effective administration in these chapter 11 cases. Thus, the Creditors' Committee seeks to engage Quinn Emanuel as special counsel for the Creditors' Committee.

### DISCLOSURE CONCERNING QUINN EMANUEL CONNECTIONS

14. To the best of Quinn Emanuel's knowledge, information and belief, and except as set forth in the annexed declaration of Susheel Kirpalani (the "**Kirpalani Declaration**," a copy of which is attached hereto as Exhibit A), Quinn Emanuel does not represent any entity having an adverse interest in connection with these cases. The Kirpalani Declaration also sets forth, pursuant to Bankruptcy Rule 2014(a), Quinn Emanuel's connections with the Debtors, their affiliates, creditors, and other known parties-in-interest.

15. To the best of Quinn Emanuel's knowledge, information and belief, and except as set forth in the Kirpalani Declaration, the partners, counsel, and associates of Quinn Emanuel (i) do not have any connection with the Debtors, their affiliates, creditors, or any other parties in interest, or their respective attorneys and accountants, and (ii) do not hold or represent any interest adverse to the estates.

16. Notwithstanding the foregoing, Quinn Emanuel may represent parties in interest in matters unrelated to these chapter 11 cases. Nonetheless, the scope of Quinn Emanuel's representation of the Creditors' Committee is limited to exclude such matters and thereby eliminate the possibility of conflicts with former or current clients.

17. Based upon all of the foregoing, the Creditors' Committee believes that the employment of Quinn Emanuel as special counsel *nunc pro tunc* effective September 17, 2008 is appropriate and in the best interests of the unsecured creditor body that the Creditors' Committee represents.

## COMPENSATION OF QUINN EMANUEL

18. Quinn Emanuel intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the guidelines promulgated by the Office of the United States Trustee, the local rules and orders of this Court, and pursuant to any additional procedures this Court deems appropriate.

19. Quinn Emanuel will be compensated at its standard charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered. As is the case with respect to rates charged in nonbankruptcy matters of this type, Quinn Emanuel's rates are subject to periodic adjustment to reflect economic and other market conditions. The current hourly rates for Quinn Emanuel professionals range from $660 to $950 for partners, from $380 to $950 for other attorneys, including counsel positions, and from $250 to $280 for paraprofessionals. The Firm's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the

7

experience and seniority of the individuals assigned and may be adjusted by the Firm from time to time.

20. It is Quinn Emanuel's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, certain secretarial and other overtime expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals" and telecopier charges. The firm will charge the Debtors' estates for these expenses in a manner and at rates consistent with charges made generally to its other non-bankruptcy clients, subject to any limitations imposed by the Court or by the U.S. Trustee's guidelines.

21. The Creditors' Committee seeks to retain Quinn Emanuel as special counsel to provide the services set forth above. To date, Quinn Emanuel has not been paid any fees or expenses for this representation, and Quinn Emanuel holds no retainer. Quinn Emanuel intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges, costs and expenses incurred in these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the guidelines and orders of this Court.

## MEMORANDUM OF LAW

22. Pursuant to Local Rule 9013-1, because there are no novel issues of law presented herein, the Creditors' Committee respectfully reserves the right to file a brief in reply to any objection to this Application.

## NOTICES

23. Notice of this Application will be provided to the (i) Office of the United States Trustee of the Southern District of New York; (ii) counsel to the Debtors; (iii) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; and (iv) all other parties that have requested receipt of notices in these cases. In light of the nature of the relief requested herein, the Creditors' Committee submits that no other or further notice is required.

## NO PRIOR REQUEST

24. No prior Application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Creditors' Committee respectfully requests entry of an order, substantially in the form attached hereto as Exhibit B, (i) authorizing the Creditors' Committee to retain Quinn Emanuel as its special counsel in these cases *nunc pro tunc* to September 17, 2008; and (ii) granting the Creditors' Committee such other and further relief as the Court may deem just and proper.

Dated: October 21, 2008

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF LEHMAN BROTHERS
HOLDINGS INC., et al.

Wilmington Trust Company, as Indenture Trustee

Designated Signatory for Official Committee of
Unsecured Creditors

By:   /s/ Julie Becker
      Name: Julie Becker
      Title: Vice President