**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                    :
In re                                               :        Chapter 11
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,             :        Case No. 08-13555 (JMP)
                                                    :
                                       Debtors.     :        (Jointly Administered)
                                                    :
-------------------------------------------------------------------x

### ORDER APPROVING SPECIFIED INFORMATION BLOCKING
### PROCEDURES AND PERMITTING TRADING OF CLAIMS
### UPON ESTABLISHMENT OF A SCREENING WALL

Upon the Motion (the "Motion") of AEGON USA Investment Management, LLC

("AUIM"), a member of the Official Committee of Unsecured Creditors ("Committee")

appointed in this chapter 11 case (the "Chapter 11 Cases") concerning the above-captioned

debtors and debtors-in-possession (collectively, the "Debtors"), for the entry of an order pursuant

to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), approving

specified information blocking procedures and permitting trading in Covered Claims (as defined

below) in certain situations, together with the exhibits attached thereto; and the Motion having

come on to be heard before this Court; no objections to the Motion having been filed; and the

Court being satisfied that the relief requested in the Motion is appropriate and in the best

interests of AUIM (as defined in the Motion), the Committee, the creditors, and the Debtors'

estates; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted, subject to the terms and conditions of this Order.

2.      The information blocking procedures described substantially in the declaration of

James K. Schaeffer ("Schaeffer") annexed to the Motion (the "Screening Wall Declaration"),

which are designed to prevent the misuse of Committee information are hereby approved.

3.      AUIM will not violate its duties as a Committee member and, accordingly, will

not subject its claims to possible disallowance, subordination, or other adverse treatment, by

trading in the Covered Claims during the pendency of the Debtors' Chapter 11 Case, provided

that AUIM establishes and effectively implements and strictly adheres to the information

blocking procedures detailed in the Screening Wall Declaration or otherwise ordered by the

Court.

4.      Should any entity related to or affiliated with the Debtor file a bankruptcy petition

at any time after the entry of this Order, and should AUIM contemplate trading in that new

debtor's Covered Claims, AUIM shall file additional disclosures articulating the informational

blocking procedures that will be implemented by AUIM which are designed to prevent the

misuse of Committee information. Such disclosures shall be accompanied by a proposed order,

and if no objections to AUIM 's disclosures are filed within five (5) business days of the filing of

such disclosures, the order may be entered by the Court.  If objections are filed, then the Court

may schedule a hearing on the matter.

5.      For purposes of this Order, the term "Covered Claims" is used to mean any claims

against the Debtors, including (i) "Securities" as defined in Section 2(a)(l) of the Securities Act

of 1993 (including the following: stocks, notes, bonds, debentures, participation in, or derivatives

based upon or relating to, any of the Debtors' debt obligations or equity interests) and (ii) bank

debt.  AUIM's trading in the Covered Claims will not constitute a breach of this Order provided

that it establishes and effectively implements and strictly adheres to the information blocking

procedures detailed in the Screening Wall Declaration or otherwise approved in writing by the

Office of the United States Trustee.

6.      In the event that any other individual AUIM representative is chosen to replace

Schaeffer as AUIM's representative on the Committee, such individual will deliver to the U.S.

Trustee a declaration affirming his or her compliance with the screening procedures described

herein prior to accepting any responsibilities in connection with these Chapter 11 Cases.

7.      Nothing in this Order shall prejudice the right of the United States Trustee to take

such action as she deems appropriate in the case, including the removal of any Committee

member pursuant to section 1102 of the Bankruptcy Code.

- 3 -

8.      This Order shall not preclude the Court from taking any action it may deem appropriate in the event that it is determined that a breach of fiduciary duty has occurred as a result of a defect in, or the ineffectiveness of, the implementation of the information blocking procedures herein approved.


Dated: New York, New York
          October 22, 2008

                              _s/ James M. Peck_____
                              HONORABLE JAMES M. PECK
                              UNITED STATES BANKRUPTCY JUDGE