Hearing Date and Time: November 5, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: October 31, 2008 at 4:00 p.m. (Prevailing Eastern Time)

Karen E. Wagner, Esq. (KW-3451)
Abraham Gesser, Esq. (AG-7531)
James I. McClammy, Esq. (JM-5592)
**DAVIS POLK & WARDWELL**
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800

– and –

George Kielman
Associate General Counsel for Litigation
Federal Home Loan Mortgage Corporation
8200 Jones Branch Drive – MS202
McLean, Virginia 22102
Telephone (703) 903-2640
Facsimile (703) 903-4160

*Counsel to Federal Home Loan Mortgage Corporation in Conservatorship*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------- x
In re:                             :   Chapter 11
                                   :
LEHMAN BROTHERS HOLDINGS INC., et al., :   Case No. 08-13555 (JMP)
                                   :
                        Debtors.   :   (Jointly Administered)
                                   :
---------------------------------- x

**MOTION OF FEDERAL HOME LOAN MORTGAGE CORPORATION
FOR LEAVE TO CONDUCT RULE 2004 DISCOVERY**

Federal Home Loan Mortgage Corporation in conservatorship ("Freddie Mac"), by and through its undersigned counsel, hereby moves this Court, pursuant to the Federal Rules of Bankruptcy Procedure Rule 2004, for an order authorizing and directing discovery in the form of: (i) a deposition of one or more current or former employees or other agents or

representative(s) of Lehman Brothers Holdings Inc. ("LBHI") (together with certain of LBHI's affiliates, the "Debtors") regarding $1.2 billion plus interest owed to Freddie Mac (the "Funds" or "Freddie Mac Funds") in connection with two August 2008 transactions; and (ii) document production concerning the Freddie Mac Funds. In support of this motion, Freddie Mac, incorporates by reference the declaration of George Kielman, Associate General Counsel for Litigation of Freddie Mac, filed in support of this Motion ("Kielman Decl."), and states as follows:

### I.   JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.   BACKGROUND

2. LBHI filed its chapter 11 bankruptcy petition on September 15, 2008. Freddie Mac is a creditor of LBHI by virtue of its entitlement to the Funds and is a creditor as a result of other transactions.

3. Freddie Mac is a government-sponsored enterprise that not only plays a critical role in the United States mortgage finance market but also is inextricably interwoven into the nation's financial system. On September 6, 2008, the Federal Housing Finance Agency ("FHFA"), an independent agency of the United States Government, was appointed to be Freddie Mac's conservator (the "Conservator"). The goal of the conservatorship is to "help restore confidence in Fannie Mae and Freddie Mac, enhance their capacity to fulfill their mission, and mitigate the systemic risk that has contributed directly to the instability in the current market." See Statement of FHFA Director James B. Lockhart, Federal Home Loan Mortgage Corp. 8-K Exhibit 99.1, September 11, 2008. The Conservator's statutory powers include all powers to

2

carry on Freddie Mac's business without interruption and to preserve and conserve the company's assets and property. See 12 U.S.C. § 4617(b), as amended by P.L. 110-289.

4. The Freddie Mac Funds are owed to Freddie Mac as a result of two fund transactions made through the Federal Reserve System from Freddie Mac's account at the Federal Reserve Bank of New York ("FRBNY") to LBHI's subaccount with Citibank at the FRBNY. The first transaction was executed with LBHI on August 19, 2008 for the sum of $450,000,000. The second transaction was executed with LBHI on August 20, 2008 for the sum of $750,000,000. The funds transferred to LBHI on August 19 and August 20, totaling $1.2 billion in principal, were due to be returned via FRBNY wire transfer to Freddie Mac's account, with accrued interest, on September 15, 2008.

5. Freddie Mac did not receive any portion of the required repayment before, on or after September 15, 2008. Moreover, Freddie Mac was not listed as being among LBHI's largest unsecured creditors, even though, with claims in excess of $1.2 billion for these two transactions by themselves, Freddie Mac would be among LBHI's top five unsecured creditors.

6. Freddie Mac made inquiries of Debtor's counsel regarding the circumstances immediately surrounding the failure of LBHI to return the Freddie Mac Funds. (See Kielman Decl. Ex. 1.) Debtor's counsel responded with minimal information that, standing alone, is insufficient. (See Kielman Decl. Ex. 2.) Freddie Mac requires additional information in order to determine how to proceed in this case, and therefore files this 2004 motion.

7. Since the commencement of these cases, a number of parties have filed motions seeking Rule 2004 discovery that have called into question the lack of disclosure and transparency with respect to the prepetition movement of property and transfer of funds between and among LBHI and its affiliates and/or third parties. Freddie Mac believes that it is entitled to

discovery as well and is willing to take such discovery in connection with the other requests if the Court finds that is more convenient.

### IV. RELIEF REQUESTED

8. By this motion, Freddie Mac seeks: (a) an order compelling the Debtors to produce the documents responsive to the document requests set forth on Schedule A attached hereto; and (b) the opportunity to depose the person(s) within the Debtors most knowledgeable with regard to the topics listed in Schedule B.

### V. ARGUMENT

#### A. Legal Standard

9. Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). The purpose of a Rule 2004 examination is to "assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." See In re Recoton Corp., 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); see also Fed. R. Bankr. P. 2004(b) (examination may relate to, among other things, "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . .").

10. Freddie Mac is a major creditor of LBHI and is clearly a "party-in-interest" with standing to seek authorization for, and to undertake, the requested Rule 2004 examination. See 11 U.S.C. § 1109(b) ("A party in interest, including . . . a creditor . . . may appear and be heard on any issue in a case under this chapter.").

#### B. Scope of 2004 Exam

11. Under Rule 2004, examination may be sought with respect to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may

affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b).

12. The scope of Rule 2004 discovery is "unfettered and broad." In re GHR Energy Corp., 33 B.R. 451, 453 (Bankr. D. Mass. 1983). Thus, a Rule 2004 examination provides a party in interest an opportunity to conduct a wide-ranging examination with respect to a debtor's financial affairs, see In re Texaco Inc., 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987), though a court must also "balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." In re Drexel Burnham Lambert Group, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991).

### C.    The Requested Discovery

13. First, despite the wide latitude afforded to examinations under Rule 2004, Freddie Mac seeks only narrowly tailored and focused discovery. The requested discovery, as set forth in the attached schedules, aims to investigate, by documents and deposition testimony, the status of the Freddie Mac Funds.

14. Second, the balance of competing interests is strongly in favor of Freddie Mac and its Conservator. As noted, Freddie Mac is in conservatorship. Pursuant to 12 U.S.C. § 4617(b), as amended by P.L. 110-289, Freddie Mac's conservator has the powers necessary to locate and protect Freddie Mac's assets, which, as a matter of law, have been taken over by the Conservator. The Conservator has authorized Freddie Mac to seek this Rule 2004 discovery.

15. In response to inquiries made by Freddie Mac, in a letter dated October 16, 2008, the Debtors provided Freddie Mac and its Conservator with certain very basic information but have not produced any supporting documents. (See Kielman Decl. Ex. 2.) That information — that there were insufficient funds in LBHI's subaccount with Citibank to repay Freddie Mac and

that LBHI did not issue instructions to repay Freddie Mac — raises a number of questions that require not only narrative responses, but also the provision of documentary support, in a timely manner. Without the additional documents and information requested, Freddie Mac and its Conservator will be hindered in meeting their obligations to protect and conserve Freddie Mac's assets and are unable to act appropriately in this case or determine if there are other parties from which to seek the Freddie Mac Funds. If the information sought is not provided promptly, Freddie Mac's rights and the rights of its Conservator will be prejudiced.

16. By submitting this motion, Freddie Mac does not waive any regulatory, statutory or judicial rights that the Conservator may have, including, but not limited to, rights with respect to the Freddie Mac Funds, or any other property or assets that may be due and owing to Freddie Mac and its Conservator.

### VI.    WAIVER OF MEMORANDUM OF LAW

17. Freddie Mac respectfully requests that the Court waive the requirement of Local Rule 9013-1(b) that a separate memorandum of law be submitted herewith as this Motion presents no novel issues of law and the authorities relied upon by Freddie Mac are set forth herein. Freddie Mac reserves the right to file a memorandum in reply to any objection to this Motion.

### VII.    NO PRIOR REQUEST

18. No prior motion for the relief requested herein has been made to this Court or any other court.

### VIII.    NOTICE

19. Freddie Mac has provided notice of this Motion to (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel for the Debtors; (c) counsel to

the Creditors Committee and (d) all other parties on the regular service list in these cases. Freddie Mac respectfully submits that no other or further notice need be given.

### IX. CONCLUSION

20. WHEREFORE, for the reasons stated herein, Freddie Mac respectfully requests that this Court enter an Order, pursuant to Bankruptcy Rule 2004, in the form attached hereto as Exhibit A: (i) requiring the production of documents from the relevant parties responsive to the document requests; (ii) requiring the Deponents to submit to examination under oath by Freddie Mac, from day to day until completed; and (iii) granting Freddie Mac such other and further relief as this Court may deem just and proper.

Dated: October 22, 2008
New York, New York

**DAVIS POLK & WARDWELL**
By: /s/ James I. McClammy
Karen E. Wagner, Esq. (KW-3451)
Abraham Gesser (AG-7531)
James I. McClammy (JM-5592)
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800

– and –

George Kielman
Associate General Counsel for Litigation
Federal Home Loan Mortgage Corporation
8200 Jones Branch Drive – MS202
McLean, Virginia 22102
Telephone (703) 903-2640
Facsimile (703)-903-4160

*Counsel to the Federal Home Loan*
*Mortgage Corporation in Conservatorship*

## SCHEDULE A

## DEFINITIONS

1. As used herein, the term "document" is used in the broadest sense.

2. As used herein, the terms "relating to" or "referring to" or "pertaining to" or the like mean and include all documents that in any manner or form are relevant in any way to or bear upon the subject matter in question.

3. As used herein, the term "LBHI," "you" and "yours" shall mean Lehman Brothers Holdings Inc, including its directors, officers, agents, employees, attorneys, servants, subsidiaries, affiliates, representatives, funds custodians, investment bankers and/or anyone acting on the instruction of or on behalf of or in active concert or participation with Lehman Brothers Holdings Inc.

4. As used herein, the term "Debtors" shall mean LBHI and its affiliated entities, as debtors and debtors-in-possession in the above-captioned jointly administered chapter 11 cases.

5. As used herein, the term "Transactions" or "Fund Transfers" shall mean the two transactions entered into by Freddie Mac and LBHI on August 19 and 20, 2008 for the transfer of funds from Freddie Mac's account at the Federal Reserve Bank of New York ("FRBNY") to LBHI's subaccount of Citibank's FRBNY account and the obligation of LBHI to return those funds to Freddie Mac on September 15, 2008, with interest. The August 19 Fund Transfer was executed for the sum of $450,000,000, and the August 20 Fund Transfer was executed for the sum of $750,000,000.

6. As used herein, the term "Freddie Mac Funds" shall refer to the total of the amount owed by LBHI to Freddie Mac as a result of the Transactions, totaling $1.2 billion in principal plus accrued interest.

7. The uniform definitions contained in Rule 26.3 of the Local Civil Rules for the Southern and Eastern Districts of New York (incorporated by reference by Local Bankruptcy Rule 7026-1) are hereby incorporated by reference.

## INSTRUCTIONS

1. This discovery is to be deemed continuing, and any information secured subsequent to the service of the response hereto must be furnished with supplemental responses immediately upon receipt of such information.

2. If any document requested in any request for production is withheld because of a claim or privilege or otherwise, state the following:

    (a) the privilege or other grounds upon which you rely to protect the document from disclosure;

    (b) the date of the document;

8

(c)   the name, address, telephone number, title and occupation of each of the individuals who prepared, produced, or reproduced, or who were recipients of, said document;

(d)   a description of the document sufficient to identify it; and

(e)   each and every fact or basis upon which you claim any such privilege or other grounds for nondisclosure.

3.   If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of any notation or modification of any kind whatsoever, including without limitation notations on the front or back of any of the pages thereof, then each such nonidentical copy is a separate document and must be produced.

4.   Documents are to be produced for inspection as they are kept in the usual course of business, with delineation of the files from which they were produced, or organized and labeled to correspond with the categories in the request.

5.   In producing documents, furnish all documents known or available to you, regardless of whether such documents or things are possessed directly by you or by your attorneys or their agents, employees, representatives or investigators.

6.   If any portion of any document is responsive to any request, then the entire document must be produced. If any requested document cannot be produced in full, produce the document to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the unproduced portion.

7.   If any document responsive to any request was at one time in existence, but is no longer in existence, then so state, specifying for each document:

(a)   the type of document;

(b)   the type(s) of information contained therein;

(c)   the date upon which it ceased to exist;

(d)   the circumstances under which it ceased to exist;

(e)   the identity of all persons having knowledge of the circumstances under which it ceased to exist; and

(f)   the identity of all persons having knowledge or who had knowledge of the contents thereof.

8.  Documents shall be produced in the order in which they appear in their files and shall not be shuffled or otherwise rearranged. Documents that, in their original condition, were stapled, clipped, or otherwise fastened together shall be produced in such form.

## DOCUMENTS REQUESTED

1.  Documents sufficient to show LBHI's instructions, if any, with regard to segregation of funds for the purpose of repayment of the Freddie Mac Funds, including account information where those funds were located or deposited, account information where those funds are currently located or deposited, and any documentation evidencing the movement of such funds from the account where they were initially placed for transfer to Freddie Mac.

2.  Documents reflecting or relating to LBHI's actual use(s) of the Freddie Mac Funds and documents reflecting or relating to LBHI's intended use(s) of the Freddie Mac Funds.

3.  Documents sufficient to show whether funds existed or were placed in LBHI's subaccount of Citibank's FRBNY account, or any such subaccount with any other bank, between August 19, 2008 through September 15, 2008, inclusive, to repay the Freddie Mac Funds. In addition, documents sufficient to show whether any funds were transferred from any such subaccount(s) during that period to any party other than Freddie Mac.

4.  For the period between August 19, 2008 through September 15, 2008, documents sufficient to show any and all uses or transfers of the Freddie Mac Funds, including information sufficient to identify any transferor, transferee, payor, payee, recipient, or holder of the Freddie Mac Funds.

5.  Documents relating to any wire instructions or payment orders for the repayment, either in full or in part, of the Freddie Mac Funds, including documents evidencing when LBHI issued the instructions, the designated date for the transfer, the sender account information, and the beneficiary/recipient name and account information.

6.  Documents sufficient to show any requests to cancel or amend any wire instructions issued for the repayment of the Freddie Mac Funds, in full or in part, and the substance and timing of such requests.

## SCHEDULE B

## DEPOSITION TOPICS

1.  The segregation of funds for the repayment of the Freddie Mac Funds, including relevant account information, the current location of such funds, and whether such funds were removed from any account in which they were originally placed for transfer to Freddie Mac.

2.  LBHI's actual use(s) of the Freddie Mac Funds and LBHI's intended use(s) of the Freddie Mac Funds.

3.  Whether funds existed or were placed in LBHI's subaccount of Citibank's FRBNY account, or any such subaccount with any other bank, between August 19, 2008 through September 15, 2008, inclusive, to repay the Freddie Mac Funds, and whether any funds were transferred from any such subaccount(s) during that period to any party other than Freddie Mac

4.  For the period between August 19, 2008 through September 15, 2008, any and all uses or transfers of the Freddie Mac Funds, including information regarding any transferor, transferee, payor, payee, recipient, or holder of the Freddie Mac Funds.

5.  Any wire instructions or payment orders issued for the repayment, either in full or in part, of the Freddie Mac Funds, including information about when LBHI issued the instructions, the designated date for the transfer, the sender account information, and the beneficiary/recipient name and account information.

6.  Whether any requests to cancel or amend any wire instructions for the repayment of the Freddie Mac Funds, in full or in part, were made, the substance and timing of such requests, and whether such requests were accepted or rejected.