**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
:
In re:                                : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., et al., : Case No. 08-13555 (JMP)
:
               Debtors.               : (Jointly Administered)
:
------------------------------------- x

**ORDER, UNDER 11 U.S.C. § 105(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004, AUTHORIZING AND DIRECTING RULE 2004 DISCOVERY**

Upon the motion (the "2004 Motion") of the Federal Home Loan Mortgage Corporation in conservatorship ("Freddie Mac") seeking the entry of an order, pursuant to Section 105(a) of Title 11 of the United States Bankruptcy Code, as amended, (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing and directing discovery in the form of: (i) a deposition of one or more current or former employees or other agents representative(s) of Lehman Brothers Holdings Inc. ("LBHI") (together with certain of LBHI's affiliates, the "Debtors") regarding $1.2 billion plus interest owed to Freddie Mac (the "Funds" or "Freddie Mac Funds") in connection with two August 2008 transactions; and (ii) document production concerning the Freddie Mac Funds; and the Court having jurisdiction over the 2004 Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the 2004 Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the 2004 Motion having been provided to: (i) the United States Trustee for the Southern District of New York; (ii) the proposed attorneys and special counsel for the Official Committee of Unsecured Creditors; (iii) the attorneys for the

Debtors' postpetition lenders; (iv) the Securities Investment Protection Corporation; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the United States Attorney for the Southern District of New York; (viii) the attorneys for the Purchasers (as defined in the Sale Motion); (ix) the attorneys for James W. Giddens as SIPA Trustee for Lehman Brothers Inc.; and (x) all other parties who have requested notice in these Chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in this 2004 Motion; and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED, that the 2004 Motion is granted; and it is further

ORDERED, that Freddie Mac is permitted to serve document requests in connection with the Freddie Mac Funds, and that the Debtors shall respond to such document requests twenty (20) days after service; and it is further

ORDERED, that the Debtors shall produce to Freddie Mac the documents requested in Schedule A of the 2004 Motion on or before **December 4, 2008**; and it is further

ORDERED that Freddie Mac is authorized to compel the Debtors to produce the documents responsive to the document requests set forth in Schedule A; and is otherwise authorized to compel production pursuant to Rule 9016 of the Bankruptcy Rules; and it is further

ORDERED, that Freddie Mac is permitted to serve deposition notices and/or subpoenas upon LBHI and/or its current or former employees or other agents representative(s) consistent with the 2004 Motion; and it is further

ORDERED, that the Debtors shall make representative(s) most knowledgeable with regard to the topics listed in Schedule B of the 2004 Motion available for a deposition by Freddie Mac on at least ten (10) days prior written notice made to the Debtors' counsel; and it is further

ORDERED, that entry of this order is without prejudice to Freddie Mac's right to request and/or to conduct any other discovery, pursuant to Rule 2004 or other applicable law, from any person or entity, including, without limitation, the Debtors; and it is further

ORDERED that the Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.


Dated: November _, 2008                    _____
New York, New York                         HON. JAMES M. PECK
                                           United States Bankruptcy Judge