**Hearing Date and Time: November 5, 2008 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: October 31, 2008 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
: 
In re                                                : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,             : 08-13555 (JMP)
:
                                    Debtors.         : (Jointly Administered)
:
:
-----------------------------------------------------------------x

### NOTICE OF SUPPLEMENT TO DEBTORS' MOTION, PURSUANT TO SECTIONS 105(a), 363(b), AND 541 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6003 AND 6004, FOR AUTHORIZATION TO PAY PREPETITION EXCISE AND WITHHOLDING TAXES

PLEASE TAKE NOTICE THAT Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman") in the above-captioned chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") filed a motion (the "Motion"), dated October 2, 2008, pursuant to section 105(a), 363(b), and 541 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, to pay, in their discretion, all prepetition excise and withholding tax obligations, all as more fully set forth in the Motion.

NY2:\1929488\03\15CSW03!.DOC\58399.0003

PLEASE TAKE FURTHER NOTICE that the Debtors filed a supplement (the "Supplement"), dated October 22, 2008, requesting authority to pay certain prepetition employee withholding tax obligations related to federal and state disability and unemployment insurance obligations, all as more fully set forth in the Supplement.

PLEASE TAKE FURTHER NOTICE that objections or responses, if any, to the Motion (as supplemented) must be in writing, must conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, must set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, the basis for the objection and the specific grounds therefor, and must be filed no later than **October 31, 2008 at 4:00 p.m. (Prevailing Eastern Time)** with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182, and be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn:  Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto,

Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) Cleary Gottlieb LLP, One Liberty Plaza, New York, NY 10006, Attn: Lindsee P. Granfield, Esq. and Lisa Schweitzer, Esq. and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq., attorneys for the Debtors' postpetition lenders, so as to be received no later than **October 31, 2008, at 4:00 p.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that a hearing to consider the relief requested in the Motion (as supplemented) shall be held on **November 5, 2008 at 10:00 a.m.**, at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 or as soon thereafter as counsel may be heard.

Dated: October 22, 2008
      New York, New York

/s/ Richard P. Krasnow
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: November 5, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: October 31, 2008 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                :
**In re**                                       : **Chapter 11 Case No.**
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et. al.*,   : **08-13555 (JMP)**
                                                :
                    **Debtors.**                : **(Jointly Administered)**
                                                :
                                                :
------------------------------------------------------------------x

**SUPPLEMENT TO DEBTORS' MOTION, PURSUANT TO
SECTIONS 105(a), 363(b), AND 541 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6003 AND 6004, FOR AUTHORIZATION
TO PAY PREPETITION EXCISE AND WITHHOLDING TAXES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (together, the

"Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this

Supplement and respectfully represent:

**Background**

1. Commencing on September 15, 2008 and thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

**Jurisdiction**

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Lehman's Business**

5.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide. Its headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

6.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Relief Requested**

7.      On October 2, 2008, the Debtors filed their motion, pursuant to section 105(a), 363(b), and 541 of the Bankruptcy Code and Rules 6003(b) and 6004 of the Bankruptcy Rules, for authorization to pay prepetition excise and withholding taxes to various domestic and foreign taxing authorities (the "Motion"). Specifically, the Motion identified approximately $1,244,000 in outstanding Use Taxes[1] assessed against

---

[1] Capitalized terms that are used but not defined in this Supplement have the meanings ascribed to them in the Motion.

at that time two non-debtor entities – CES Aviation X LLC and CES Aviation IX LLC[2] – for which LBHI may be potentially liable as a single member and approximately £4.2m (approximately $7.7 million) in outstanding foreign Withholding Taxes assessed against LBHI's U.K. Division on account of a group VAT.

8. Subsequent to the filing of the Motion, the Debtors learned of additional de-minimis prepetition withholding tax obligations owed to various U.S. Taxing Authorities on account of employee withholdings related to federal and state disability and unemployment insurance obligations (the "Disability and Unemployment Insurance Obligations," and collectively with the Use Taxes and Withholding Taxes identified in the Motion, the "Excise and Withholding Tax Obligations"). The Disability and Unemployment Insurance Obligations are prepetition obligations owed for July, August and pre-September 15, 2008, and are payable on a quarterly basis. The Debtors believe that the amounts outstanding on account of the Disability and Unemployment Insurance Obligations are no more than $10,000.

9. For the reasons more fully stated in the Motion, the Debtors request authorization to pay the Disability and Unemployment Insurance Obligations. The Debtors believe that the Disability and Unemployment Insurance Obligations are "trust fund" taxes and not property of the estate. In addition, the Disability and Unemployment Insurance Obligations may be entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code and are the type of taxes for which governmental entities may seek to impose personal liability upon the Debtors' directors

---

[2] Subsequent to the filing of the Motion, on October 5, 2008, CES Aviation IX LLC filed a voluntary chapter 11 petition and its case is being jointly administered, pursuant to an order dated October 16, 2008, under lead case number 08-13555 (JMP) (Jointly Administered).

and officers if left unpaid. Lastly, the Debtors submit that the prompt payment of the Disability and Unemployment Insurance Obligations is a sound exercise of their business judgment under section 363(b)(1) of the Bankruptcy Code.

10. Accordingly, for these reasons, all as more fully stated in the Motion, the Debtors request authorization to pay the Disability and Unemployment Insurance Obligations. Attached hereto as <u>Exhibit A</u> is a revised proposed order and blackline granting the relief requested in Motion as supplemented herein.

11. Nothing in this Supplement or the Motion should be construed as impairing the Debtors' right to contest the amount of Excise and Withholding Tax Obligations asserted by any Taxing Authority, and the Debtors expressly reserve all of their rights with respect thereto.

12. The Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the stay of the order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).[3]

**Notice**

13. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this Supplement in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the

---

[3] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.

Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

14. No previous request for the additional relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that this Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: October 22, 2008
       New York, New York

/s/ Richard P. Krasnow
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession