UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
:
In re:                                                         :
                                                               :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*,  :  Chapter 11 Case No. 08-13555 (JMP)
                                                               :         (Jointly Administered)
            Debtors.                                           :
                                                               :
------------------------------------------------------------- x
                                                               :
SOLA LTD,                                                      :
                                                               :
            Plaintiff,                                         :
                                                               :
            -v-                                                :  Adv. Proc. No. 08-_____
                                                               :
LEHMAN BROTHERS SPECIAL FINANCING,  :
INC. AND JPMORGAN CHASE BANK, N.A.,    :
                                                               :
            Defendants.                                        :
------------------------------------------------------------- x

## VERIFIED COMPLAINT

Plaintiff, Sola Ltd ("Sola"), by its undersigned attorneys, Wollmuth Maher & Deutsch LLP, for its verified complaint against Lehman Brothers Special Financing, Inc. ("LBSF") and JPMorgan Chase Bank, N.A. ("JPM Chase" and when taken together with LBSF, the "Defendants") alleges as follows:

### INTRODUCTION

This is an action to recover $3,000,000 (the "Sola Funds") belonging to plaintiff Sola which were inadvertently transferred by wire to the account of LBSF held at JPM Chase on September 12, 2008, in response to a September 10, 2008 email from LBSF. Shortly after the transfer was made, it became apparent that the transfer of funds was an administrative error and that the September 10 email from LBSF did not request funds from Sola, but was intended

instead to confirm the transfer of funds to Sola from LBSF in the ordinary course of business between Sola and LBSF. Since the error was discovered, the Sola Funds have not been released to Sola despite repeated requests to both JPM Chase and LBSF. Moreover, JPM Chase exercised setoff rights against the LBSF account in which the Sola Funds were held. Sola is entitled to declaratory relief that the Sola Funds were not the property of LBSF, and thus not subject to setoff by JPM Chase. As Sola holds legal title to the Sola Funds, which the Defendants had not disputed, Sola has commenced this action seeking, among other things, (i) a declaration that the Sola Funds are not, and were not, the property of LBSF and therefore not subject to setoff by JPM Chase; (ii) the return of the Sola Funds; and (iii) damages against JPM Chase for the conversion of the Sola Funds for its benefit.

## PARTIES

1. Plaintiff Sola is a company organized under the laws of the Cayman Islands with its principal place of business in the Cayman Islands.

2. Upon information and belief, Defendant JPM Chase is a national banking corporation with its principal place of business in New York, New York.

3. Upon information and belief, LBSF is a corporation organized under the laws of the state of Delaware, and has its principal executive office at 745 Seventh Avenue, New York, NY 10019. On October 3, 2008, LBSF filed a petition under chapter 11 of the Bankruptcy Code and is currently operating its business as a debtor in possession.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

**FACTUAL BACKGROUND**

5. On September 10, 2008, LBSF sent to Solus Alternative Asset Management LP ("Solus"), an affiliate of Sola and its investment advisor, confirmation by e-mail (the "Payment Confirmation") that, on September 12, 2008, LBSF would wire $3,000,000 to a bank account held in Sola's name at the Bank of New York Mellon Trust Company, N.A. ("BoNY"). The transaction's purpose was to unwind an option placed by Sola on an interest rate swap contract (the "Swaption Contract"). A copy of the Payment Confirmation is attached hereto as Exhibit A.

6. On September 12, 2008, LBSF authorized, and JPM Chase completed, the transfer of $3,000,000 to Sola's account at BoNY (the "LBSF Wire Transfer"), thereby validly unwinding the Swaption Contract.

7. However, also on September 12, 2008, operational personnel for Solus mistakenly read the Payment Confirmation to require payment by Sola to LBSF. Thus, on September 12, 2008, before Solus or Sola became aware of the LBSF Wire Transfer, Solus authorized and BoNY transferred (the "Sola Wire Transfer") the Sola Funds from Sola's account at BoNY to LBSF's account held at JPM Chase. The Federal Reference Number for the Sola Wire Transfer is 20080912B1Q8151C003621. Personnel of JPM Chase acknowledged receipt of the Sola Wire Transfer. A copy of the authorization for the Sola Wire Transfer is attached hereto as Exhibit B.

8. Immediately after it discovered that the Sola Wire Transfer had been inadvertently sent to JPM Chase, Sola worked diligently to recover the Sola Funds, including requesting BoNY to reverse the wire transfer. By letter dated September 16, 2008, Sola advised JPM Chase of the error and formally requested that JPM Chase (i) remit the Sola

3

Funds to Sola's account at BoNY, (ii) segregate the Sola Funds into a trust or other segregated account so that they were not commingled with any other assets, and (iii) refrain from disbursing any of the Sola Funds to any party other than Sola. Sola delivered a courtesy copy of that letter to LBSF. A copy of that letter is attached hereto as <u>Exhibit C</u>.

9. Sola also made numerous additional requests, both orally and electronically, to LBSF and JPM Chase to have the Sola Funds returned to Sola, including most recently a letter from counsel dated October 8, 2008, requesting JPM Chase and LBSF return the Sola Funds. A copy of this letter is attached hereto as <u>Exhibit D</u>. Nevertheless, to date, JPM Chase and LBSF have failed to return the Sola Funds.

10. Additionally, although the Sola Funds do not properly belong in the possession of either JPM Chase or LBSF, on information and belief, JPM Chase has setoff the balance in LBSF's account, including the Sola Funds against LBSF's obligations to JPM Chase.

11. At no time was LBSF or JPM Chase entitled to the Sola Funds.

### COUNT I

*(Declaratory Judgment – All Defendants)*

12. Sola repeats and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if hereinafter fully set forth at length.

13. The Sola Funds were erroneously transferred to LBSF's account at JPM Chase. Neither LBSF nor JPM Chase ever made a request or demand for the payment of the Sola Funds.

14. JPM Chase and LBSF have no right or title, either equitable or legal, to the Sola Funds.

4

15. Sola enjoys legal and equitable title to the Sola Funds and such funds were never property of LBSF's estate.

16. Accordingly, Sola is entitled to a declaratory judgment that it enjoys title to the Sola Funds and accordingly, any purported transfer of title to the Defendants is null and void and the Defendants enjoy no right to possession with respect to the Sola Funds and, further, that any right to setoff exercised by JPM Chase over the Sola Funds in respect of any claims it may hold against LBSF is voidable and improper.

## COUNT II

### *(Request for Immediate Injunctive Relief—All Defendants)*

17. Sola repeats and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if hereinafter fully set forth at length.

18. For the reasons set forth herein, Sola seeks immediate injunctive relief (i) directing the Defendants to deliver the Sola Funds and any related proceeds thereof and (ii) enjoining the Defendants from transferring any Sola Funds to any third party other than Sola.

19. The Sola Funds are not the property of any of the Defendants and therefore, may not be used by any such Defendant.

20. The failure and refusal of Defendants to deliver the Sola Funds in their possession to Sola is causing immediate irreparable damage to Sola.

## COUNT III

### *(Relief from Stay—Against LBSF)*

21. Sola repeats and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if hereinafter fully set forth at length.

22. The Sola Funds sought herein are the property of Sola and in the possession of JPM Chase.

23. The Sola Funds do not constitute property of LBSF's estate pursuant to 11 U.S.C. § 541 and, therefore, the relief sought herein is not subject to the automatic stay as provided in 11 U.S.C. § 362(a).

24. Nonetheless, in an abundance of caution, Sola seeks relief from the automatic stay as the Defendants have refused to deliver the Sola Funds in their possession to Sola.

25. Sola seeks relief from any applicable stay to the extent necessary to pursue the relief requested in this Complaint and to obtain possession of the Sola Funds in the possession of any Defendant.

26. Because the Sola Funds belong to Sola and do not constitute property of LBSF's estate cause exists for relief from the automatic stay.

### COUNT IV

*(Unjust Enrichment—Against JPM Chase)*

27. Sola repeats and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if hereinafter fully set forth at length.

28. Having wrongfully received the Sola Funds and improperly refused to return the Sola Funds to Sola's possession, JPM Chase may not use the Sola Funds to its advantage.

29. Upon information and belief, JPM Chase has setoff or has indicated that it may setoff the Sola Funds against claims that JPM Chase alleges to hold against LBSF.

30. Upon information and belief, such setoff or the assertion of a setoff right has unjustly enriched JPM Chase to the detriment of Sola, which has been unable to use the Sola Funds to which it is legally entitled.

31. Sola is entitled to any proceeds derived from its wrongful use of the Sola Funds, including interest and profits.

32. Sola is entitled to monetary damages in an amount sufficient to compensate Sola for the conversion of the Sola Funds and resulting unjust enrichment after September 16, 2008.

## COUNT V

### *(Constructive Trust – All Defendants)*

33. Sola repeats and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if hereinafter fully set forth at length.

34. The Defendants received the proceeds of the Sola Wire Transfer as the result of a mistake of fact. Neither of the Defendants owns the Sola Funds or any related proceeds currently in the possession of the Defendants and, instead, holds the Sola Funds in trust for Sola.

35. Equity and good conscience dictate that the proceeds of the Sola Wire Transfer should not be kept by the Defendants. LBSF, as a broker to Sola, violated its fiduciary duties to Sola by refusing to comply with Sola's repeated demands to deliver the Sola Funds, and any proceeds thereof currently in the possession of any of the Defendants, to Sola, and by improperly retaining the Sola Funds in its possession.

36. As a consequence of Defendants' actions, this Court should impose a constructive trust in favor of Sola on the Sola Funds, and any related proceeds currently in the possession of, or at any time in the future in the possession of, any of the Defendants.

## COUNT VI

### *(Conversion – All Defendants)*

37. Sola repeats and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if hereinafter fully set forth at length.

38. The Defendants were required to return possession of the Sola Funds immediately upon notification or discovery of the inadvertent Sola Wire Transfer.

39. The conduct of the Defendants described herein, including the failure to return the Sola Funds and the use of the Sola Funds by JPM Chase to setoff the claims of LBSF constitute intentional conversion of the Sola Funds by the Defendants to their own use and possession.

40. As a direct and proximate result of the failure of the Defendants to return possession of the Sola Funds to Sola, Sola has suffered and will suffer damages.

WHEREFORE, Sola respectfully requests that the Court grant the following relief:

(a) Enter judgment for Sola on all counts of this Complaint;

(b) Enter a declaratory judgment finding that the Sola Funds are not the property of the Defendants and that Sola retains all title to the Sola Funds;

(c) Order that the Defendants return the Sola Funds to Sola;

(d) Order the Defendants to pay monetary damages to Sola in an amount sufficient to compensate Sola for the conversion of the Sola Funds and resulting unjust enrichment after September 16, 2008;

(e)     Award Sola its interest, costs, expenses and attorneys fees; and

(f)     Enter such further and additional relief as the Court deems to be appropriate.

Respectfully Submitted,

Dated: New York, New York
October 23, 2008

SOLA LTD

By Its Attorneys

_____
Paul R. DeFilippo
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, New York 10022
(212) 382-3300

*Attorneys for Plaintiff*

## VERIFICATION

I, Nicholas Signorile, hereby certify and verify under penalty of perjury that (i) I am an authorized signatory of Sola Ltd and am fully familiar with the matters set forth in the attached complaint; and (ii) the statements set forth therein are true and correct to the best of my knowledge.

Dated: October 23, 2008

Nicholas Signorile
EVP/CFO/COO

Sworn to before me this 23 day of October, 2008

Stephen J. Blauner
Notary Public, State of New York
No. 02BL4896541
Qualified in New York County
Commission Expires April 27, 2011

STEPHEN J. BLAUNER
NOTARY PUBLIC, State of New York
No. 02BL4896541
Qualified in New York County
Commission Expires April 27, 20__11__