Glenn E. Siegel
Donald M. Badaczewski
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Phone: (212) 698-3500
Fax:    (212) 698-3599
glenn.siegel@dechert.com

*Attorneys for Frank Russell Company, d/b/a Russell Investment Group*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                               :
In re:                                                         :   Chapter 11
                                                               :
LEHMAN BROTHERS HOLDINGS, INC. et al.,    :   Case No. 08-13555 (JMP)
                                                               :
                         Debtors.                              :   Jointly Administered
                                                               :
---------------------------------------------------------------X

# RESPONSE OF RUSSELL INVESTMENT GROUP TO DEBTORS' PROPOSED CURE AMOUNTS

Russell Investment Group ("Russell"), by and through its undersigned attorneys, hereby submits this response (the "Response") to the Debtors' proposed cure amounts of $0 with respect to the assumption and assignment of certain agreements allegedly by and between Russell and the Debtors.

1.  On September 20, 2008, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered its Order Under 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004, and 6006 Authorizing and Approving (A) the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases (the

"Sale Order"). The Sale Order provided, among other things, for the Purchaser[1] to assume and assign certain executory contracts and unexpired leases connection with the transfer of the Purchased Assets to the Purchaser.

2.  On October 3, 2008, the Bankruptcy Court entered an order in the cases of Lehman Brothers Holdings, Inc. and its affiliated debtors (the "Procedures Order") which, among other things, approved expedited procedures for the assumption and assignment of Purchased Contracts to the Purchaser.

3.  On October 6, 2008, the Bankruptcy Court entered an order in the SIPA Proceeding of Lehman Brothers, Inc. which, among other things, approved, adopted and incorporated by reference the Procedures Order, such that its procedures govern the assumption and assignment of Purchased Contracts to the Purchaser in the SIPA Proceeding.

4.  Pursuant to the Procedures Order, on October 16, 2008, the Purchaser filed several Omnibus Notices of Assumption and Assignment of Executory Contracts and Unexpired Leases (each an "Omnibus Notice"). Each Omnibus Notice stated that counterparties to the contracts contained therein (the "Assumed Contracts") had until October 27, 2008 to file any objections to the Cure Amounts of their Assumed Contracts.

5.  From an examination of the Omnibus Notices, Russell has determined that two of the Assumed Contracts (the "Scheduled Russell Agreements")[2] may be by and between Russell and the Debtors. However, the Debtors' descriptions of the Scheduled Russell Agreements are too vague for Russell to be able to match the Scheduled Russell Agreements

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order.

[2] A description of the Scheduled Russell Agreements is attached hereto as Schedule 1 and is incorporated herein by reference.

with certainty to any contracts in its books and records.  Russell knows of multiple contracts between itself and the Debtors, and without further clarification as to what contracts the Debtors are attempting to assume and assign, Russell cannot determine whether or not the Debtors' proposed Cure Amounts are appropriate.

6. Furthermore, they may be other contracts by and between Russell and the Debtors that the Purchaser may be seeking to have the Debtors assume and assign ("Other Russell Agreements") that Russell is unable to identify due to a lack of identifying information supplied in the Omnibus Notices.

7. Accordingly, Russell is unable to object or consent to the Debtors' proposed Cure Amounts of $0 for the Scheduled Russell Agreements, as well as any Cure Amounts with respect to any Other Russell Agreements.

8. Russell intends for this Response to satisfy the requirements of a Cure Amount Objection as described in the Procedures and Sales Orders.  Accordingly, this Response should be treated as a Cure Amount Objection to the extent necessary to preserve Russell's rights under the Procedures and Sale Orders.

Dated: October 24, 2008  
       New York, New York

Respectfully Submitted,

DECHERT LLP

/s/ Glenn E. Siegel  
Glenn E. Siegel  
Donald M. Badaczewski  
1095 Avenue of the Americas  
New York, New York 10036  
Phone: (212) 698-3500  
Fax:    (212) 698-3599  
glenn.siegel@dechert.com

*Attorneys for Frank Russell Company,*  
*d/b/a Russell Investment Group*

**Schedule 1**

**The Scheduled Russell Agreements**

*Contracts from the Sixth Omnibus Notice of Assumption and Assignment of Executory Contracts and Unexpired Leases*

| Name of Counterparty | Counterparty Contact Information | Address | Name of Lehman Entity | Contract Name | Contract Type | Contract Date | Proposed Cure Amount |
|---|---|---|---|---|---|---|---|
| Frank Russell Trust Co. | Fredrik Gjerstad | 909 A Street - 7th fl Tacoma, WA 98402 | LBI | Terms and Conditions for Use of Lehman Brothers Subscription Service | License Agreement | 3/3/1997 | $0.00 |
| Franklin Russell Company | | 909 A Street Tacoma, WA 98402 | | Terms and Conditions For Use of the Lehman Brother Global Family of Indices and Analytics Services | License Agreement | 12/31/2004 | $0.00 |