Hearing Date and Time: November 5, 2008 at 10:00 a.m. (prevailing Eastern time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re**                                           : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        : 08-13555 (JMP)
:
Debtors.                                            : (Jointly Administered)
:
:
------------------------------------------------------------------x

**DEBTORS' RESPONSE TO THE MOTIONS OF BARCLAYS CAPITAL INC. FOR
RELIEF, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)
AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9024,
CONCERNING VARIOUS CLOSING DATE CONTRACTS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), respectfully submit this response to the Motions of Barclays Capital Inc. ("Barclays") for (i) Relief Concerning Certain Contracts Erroneously Posted with the Closing Date Contracts, and (ii) Relief Concerning an American Express Contract Erroneously Posted with the Closing Date Contracts (collectively, the "Rule 60

Motions"):

**Preliminary Statement**

    1.    In principle, the Debtors do not object to the relief sought in Barclays' Rule 60 Motions.  Given that the sale to Barclays has been consummated, many of the contracts that are the subject of the Rule 60 Motions will be rejected if the assumption of such contracts is undone.  Had such contracts never been assumed, any rejection damages would have been treated as general unsecured non-priority claims against the estates.  Typically, rejection of an assumed contract elevates such claims to administrative expense priority status.  Any relief provided by the Court, therefore, should be premised upon and specify that the Debtors and their estates shall not have any administrative expense or greater liability with respect to any contracts erroneously assumed and assigned, particularly when such contracts likely need to be rejected.

**Background**

    2.    Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries, including LB 745 LLC ("LB 745"), commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

    3.    On September 16, 2008, LBHI, LB 745, LBHI's wholly-owned subsidiary Lehman Brothers Inc. ("LBI"), and Barclays entered into an Asset Purchase Agreement (as amended and clarified from time to time, the "Purchase Agreement").  On September 17, 2008, the Debtors filed a motion (the "Sale Motion") seeking, among other things, approval of the Purchase Agreement and approval of certain notice and bid procedures relating to the Purchase Agreement.[1]  Later that day, the Court entered an order (the "Sale Procedures Order") that

---

[1]    Docket No. 60.

approved the requested procedures and scheduled a final hearing on the Sale Motion for September 19, 2008.[2]

4. The Purchase Agreement provides for the Debtors to assume and assign certain contracts and leases to Barclays. Given the expedited nature of the sale transaction, the contracts and leases were divided into two categories. The first category consisted of contracts and leases that were required to be assumed and assigned to Barclays at closing (the "Closing Date Contracts"). The second category consisted of the remaining contracts and leases that Barclays would designate for assumption and assignment over a sixty-day period. Section 2.5 of the Purchase Agreement provides that Barclays must pay any cure costs associated with the assumption and assignment of contracts. In addition, the Purchase Agreement requires Barclays to pay all ordinary course amounts due under a contract until Barclays designates it for assumption and assignment or rejection.

5. Pursuant to the Sale Procedures Order, on September 18, 2008, the Debtors notified contract and lease counterparties that they could determine whether their contract or lease was designated as a Closing Date Contract by visiting the website maintained by the Debtors' claims and noticing agent at http://chapter11.epiqsystems.com/lehman (the "Website"). Following the final hearing on the Sale Motion, the Court entered an order on September 20, 2008 (the "Sale Order"), which approved the Purchase Agreement.[3] Consistent with the Sale Procedures Order and the information provided on the Website, the assumption and assignment of Closing Date Contracts was approved in the Sale Order.[4] The Debtors closed the

---

[2] Docket No. 88.

[3] Docket No. 258.

[4] *See* Sale Order at ¶ 12.

sale transaction with Barclays on September 22, 2008.

**Barclays' Rule 60 Motions**

6.  In its Rule 60 Motions, Barclays asserts that approximately 180 Closing Date Contracts were designated for assumption and assignment by mistake. Based upon the affidavits submitted in support of the Rule 60 Motions, it appears that a number of factors contributed to the mistake, including technological problems and Barclays' inability to conduct a thorough analysis of the Debtors' contracts and leases within the time permitted. Barclays, therefore, requests that the Court make a "limited modification of the Sale Order and the Sale Procedures Order solely in order to reflect Barclays' actual designations as to which contracts would be Closing Date Contracts."[5]

**Debtors' Response**

7.  Under Rule 60(b), relief from a judgment must be granted "upon such terms as are just." *Iowa Oil Co. v. T Mart, Inc. (In re Iowa Oil Co.)*, 299 B.R. 555, 563 (Bankr. N.D. Iowa 2003) (citing Fed. R. Civ. P. 60(b)). Here, the Sale Order and the Purchase Agreement provide that Barclays has assumed all liability with respect to any Closing Date Contract. While the Debtors do not object to the Court granting relief to Barclays if it is otherwise warranted, the Court should do so only if the relief granted imposes no greater liability upon these estates than they would have had if such contracts had never been assumed.

8.  Given that the sale to Barclays has already been consummated, many of the contracts likely will be rejected by the Debtors. Absent assumption, any rejection damages resulting from such rejection would give rise to general unsecured claims. Typically, contracts rejected after assumption give rise to administrative expense priority claims. The Debtors,

---

[5]   Docket No. 809 at ¶ 11.

therefore, should not be subject to any greater liability than they would have had if the contracts had never been assumed as a result of any relief granted on the Rule 60 Motions.

WHEREFORE the Debtors respectfully request that the Court either deny the relief requested or condition any relief granted to protect the estates from heightened liability.

Dated: October 27, 2008
      New York, New York

/s/ Shai Y. Waisman
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession