# EXHIBIT 4

**From:** Sue Labar [mailto:Sue.Labar@SixthGear.com]
**Sent:** Monday, September 22, 2008 12:56 PM
**To:** Sullivan, Daniel; Ku, Jeffrey; Obermeyer, James; Rodgers, Daniel
**Cc:** William Houlihan; Stephen Dietz; Sue Labar
**Subject:** Request to Borrow

Reference is made to the Transfer Agreement and Purchase Request (the "Request") dated as of September 12, 2008 and attached hereto which requested that you purchase Receivables (as defined in the Request) for a price of $673,262.92 on September 15, 2008. Daniel Rodgers confirmed by email on September 12, 2008 that you would be purchasing such Receivables. You indicated on September 15, 2008 by phone that you would not be funding such Request and you did not do so.

Attached is another Transfer Agreement and Purchase Request dated today's date which requests that you purchase Receivables for a price of $1,925,966.65. This request includes the Receivables we requested you purchase on September 15, 2008. Please confirm today that you will be funding this request tomorrow, September 23, 2008 before 4 p.m. EST.

Please understand that we rely on your funding these requests to continue to do business and that if you refuse to honor your commitments we will be unable to continue as a going concern and will incur substantial damages. We do not have any other source of financing available.

We reserve all of our rights and remedies should you fail to honor this request.

:: : : : : :

Susan LaBar
Director, Treasury
Sixth Gear
1212 Avenue of the Americas
17th Floor
New York, NY 10036

direct   646.454.2605
fax      646.454.2683
email    sue.labar@sixthgear.com

www.sixthgear.com

10/21/2008

TRANSFER AGREEMENT AND PURCHASE REQUEST, dated as of September 22, 2008 (this "Agreement"), between SIXTH GEAR FUNDING TRUST, a Delaware statutory trust (the "Company") and SIXTH GEAR SOLUTIONS CORP. ("Sixth Gear"), a Delaware corporation, as seller (in such capacity, the "Seller") and as servicer (in such capacity, the "Servicer").

WITNESSETH:

WHEREAS the Company, the Seller, the Servicer and Lehman Brothers Commercial Paper Inc., as administrative agent (the "Administrative Agent"), are parties to the Amended and Restated Sale and Servicing Agreement, dated as of May 9, 2008 (as amended or supplemented, the "Sale and Servicing Agreement");

WHEREAS pursuant to the Sale and Servicing Agreement, the Seller wishes to convey certain Receivables to the Company;

WHEREAS the Company is willing to accept such conveyance subject to the terms and conditions hereof;

WHEREAS, the Company, the Seller, the Servicer and the Administrative Agent are parties to the Amended and Restated Master Repurchase Agreement, dated as of May 9, 2008 (as amended on July 30, 2008 and as otherwise amended or supplemented, the "Master Repurchase Agreement"); and

WHEREAS, the Company hereby makes a Purchase Request (unless otherwise indicated in Section 6 hereof).

NOW, THEREFORE, the Company and the Seller hereby agree as follows:

1. **Defined Terms.** Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Sale and Servicing Agreement or the Master Repurchase Agreement, as applicable.

"Transfer Date" shall mean, with respect to the Receivables conveyed hereby, September 23, 2008.

2. **Schedule of Receivables.** Schedule A to the Sale and Servicing Agreement listing the Receivables that constitute the Receivables to be conveyed pursuant to this Agreement on the Transfer Date is contained in a file dated the date hereof which was posted to a secure database at the Administrative Agent concurrently with delivery of this Agreement.

3. **Conveyance of Receivables to Company.** In consideration of the Company's delivery to or upon the order of the Seller of $1,925,966.65, the Seller does hereby sell, contribute, transfer, assign, set over and otherwise convey to the Company, without recourse (except as expressly provided in the Sale and Servicing Agreement), all right, title and interest of the Seller in and to:

  (a) the Receivables listed on the file posted pursuant to Section 2 hereof, and all moneys due thereon, after the related Cutoff Date;

  (b) the security interests in the Financed Vehicles granted by Obligors pursuant to such Receivables and any other interest in the Seller in such Financed Vehicles;

  (c) any proceeds with respect to such Receivables from claims on any theft, physical damage, credit life or disability insurance policies covering the related Financed Vehicles or Obligors and the Net Liquidation Proceeds with respect to such Receivables;

  (d) all rights under any Service Contracts on the related Financed Vehicles and all of the Seller's rights and benefits, but none of the obligations or burdens, under Dealer Agreements related to the foregoing, including the delivery requirements, representations and warranties and the cure and repurchase obligations of the Dealers thereunder;

  (e) the related Receivables Files; and

  (f) the proceeds of any and all of the foregoing.

  4. **Conditions Precedent.** The obligation of the Company to acquire the Receivables hereunder is subject to the satisfaction, on or prior to the Transfer Date, of each of the conditions set forth in Section 2.2(b) to the Sale and Servicing Agreement shall have been satisfied.

  5. **Ratification of Agreement.** As supplemented by this Agreement, the Sale and Servicing Agreement is in all respects ratified and confirmed and the Sale and Servicing Agreement as so supplemented by this Agreement shall be read, taken and construed as one and the same instrument.

  6. **Purchase Request.** This Section 6 is applicable unless checked here: ☐

  (a) The Company hereby requests that the Purchaser purchase from the Company the Receivables described in Section 2 hereof pursuant to the Master Repurchase Agreement.

  (b) The Purchase Date for the Transaction requested hereby is September 23, 2008, which is a Business Day.

  (c) The Purchase Price for the Receivables to be purchased pursuant hereto is $1,925,966.65 less the amount of any principal collected on the Receivables on

September 22, 2008. Seller shall notify the Company of any such reduction, if applicable, not later than 10:00 A.M. on the Transfer Date.

(d) The proceeds of the Transaction requested hereby (net of the amount described in Section 6(f) hereof) should be deposited into the following account:

| | |
|---|---|
| Bank Name: | Wachovia Bank |
| ABA #: | 031201467 |
| For the Acct. of: | Sixth Gear Solutions Corp. |
| Account #: | 2079951062896 |

(e) By its execution hereof, the Company certifies that (A) the true and correct Margin Confirmation is including in the file posted pursuant to Section 2 of this Agreement EXCEPT that custodial fees and servicing fees for the month of July have been deducted from the calculation of the "Adjusted Asset Amount" and (B) the applicable conditions to the entry into a Transaction contained in Section 3.2 of the Master Repurchase Agreement have been satisfied.

(f) As set forth in the Margin Confirmation (otherwise known as the Borrowing Base certificate) included herewith, there is a Margin Deficit of $0 on the Transfer Date, which the Company, pursuant to Section 7.1 of the Master Repurchase Agreement, hereby pays in cash to the Administrative Agent by netting such amount against the Purchase Price specified in Section 6 (c) hereof, which amount shall be applied to reduce the aggregate Purchase Price.

7. Counterparts. This Agreement may be executed in two or more counterparts (and by different parties in separate counterparts), each of which shall be an original but all of which together shall constitute one and the same instrument.

8. GOVERNING LAW. THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, INCLUDING SECTION 5-1401 OF THE GENERAL OBLIGATION LAW, AND THE OBLIGATIONS, RIGHTS AND REMEDIES OF THE PARTIES HEREUNDER SHALL BE DETERMINED IN ACCORDANCE WITH SUCH LAWS.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed and delivered by their respective duly authorized officers as of the day and year first above written.

SIXTH GEAR SOLUTIONS CORP., as Seller

By: *[signature]*
Name: William Houlihan
Title: Treasurer

SIXTH GEAR FUNDING TRUST,

By: SIXTH GEAR SOLUTIONS CORP.

By: *[signature]*
Name: William Houlihan
Title: Attorney-in-fact

Schedule of Receivables and Margin Confirmation (otherwise known as the Borrowing Base) sent separately in file posted to a secure database at the Administrative Agent.