# EXHIBIT A

# PricewaterhouseCoopers

|  |  |
|---|---|
| **NOTICE OF DEFAULT** | PricewaterhouseCoopers LLP<br>3109 W. Dr. M. L. King Jr., Blvd.<br>Tampa FL 33607-6215<br>Direct (813) 215-3923<br>toni.brewer@us.pwc.com |

October 8, 2008

VIA OVERNIGHT DELIVERY

Deutsche Bank AG, New York Branch
60 Wall Street
New York, New York 10005
Attn: Lease Administration
Attn: General Counsel

Re:  Lease dated December 2, 1989, as amended (the "Prime Lease"), between 1301 Properties Owner, L.L.C. (formerly known as 1301 Properties, L.L.C., as successor in interest to Tishman Speyer Trammell Crow Limited Partnership), as landlord ("Prime Landlord"), and PricewaterhouseCoopers LLP (as successor in interest to Coopers and Lybrand), as tenant ("Tenant" or "Sublandlord"), covering certain premises (the "Premises") in the building located at 1301 Avenue of the Americas, New York, New York

Agreement of Sublease dated September 19, 1996, as amended (the "Sublease"), between Sublandlord, as sublandlord, and Deutsche Bank, AG, New York Branch, as subtenant ("Subtenant"), covering the 8th and 9th floor portion of the Premises

To whom it may concern:

Reference is hereby made to (1) the letter sent by Prime Landlord to Sublandlord via overnight delivery, dated September 23, 2008 and received by Sublandlord on September 24, 2008 (the "First Prime Landlord Default Notice"), whereby Prime Landlord notified Sublandlord that Prime Landlord has received a Notice Under Mechanic's Lien Law filed by Henegan Construction Co., Inc., filed on September 19, 2008 with the NY County Clerk in the amount of $41,438.83 (the "Henegan Lien"), and that, pursuant to Section 3.1(e) of the Prime Lease, the Henegan Lien must be discharged within thirty (30) days of Sublandlord's receipt of the First Prime Landlord Default Notice (on or before October 24, 2008), and (2) the letter sent by Prime Landlord to Sublandlord via overnight delivery, dated September 25, 2008 and received by Sublandlord on September 26, 2008 (the "Second Prime Landlord Default Notice"), whereby Prime Landlord notified Sublandlord that Prime Landlord has received a Notice Under Mechanic's Lien Law filed by Campbell and Dawes LTD, filed on September 23, 2008 with the NY County Clerk in the amount of $8,500.00 (the "Campbell Lien"; the Henegan Lien and the Campbell Lien each referred to herein as a "Lien" and collectively as the "Liens"), and that, pursuant to Section 3.1(e) of the Prime Lease, the Campbell Lien must

# PRICEWATERHOUSECOOPERS 🅿

be discharged within thirty (30) days of Sublandlord's receipt of the Second Prime Landlord Default Notice (on or before October 26, 2008). The Liens arise out of labor performed and materials furnished to the 9th floor portion of the Premises, which space is subleased by Subtenant under the Sublease. Copies of the First Prime Landlord Default Notice and the Second Prime Landlord Default Notice (in the aggregate "the Default Notices") are attached.

The circumstances described in the Default Notices constitute a default by you under the terms of the Sublease.

Section 10.2 of the Sublease provides that the time limits set forth in the Prime Lease for the performance of any act, condition or covenant are changed for the purpose of the Sublease by shortening the same so that Subtenant shall perform within three (3) days prior to the expiration of the time limit specified in the Prime Lease. Sublandlord hereby notifies Subtenant (1) to discharge the Henegan Lien no later than October 21, 2008 and (2) to discharge the Campbell Lien no later than October 23, 2008, at Subtenant's expense by payment, filing the bond required by law or otherwise.

Sublandlord shall have all rights and remedies against Subtenant available to Sublandlord if a default occurs. This notice is limited to the matters expressly contained herein, and Sublandlord reserves and retains all rights and remedies it may have against Subtenant with respect to this or any other or subsequent breach or default by Subtenant under the Sublease, whether or not presently known to Sublandlord.

Any capitalized terms not defined herein shall have the meaning set forth in the Prime Lease.

                                           Sincerely yours,
                                           PricewaterhouseCoopers LLP

                                           Toni Brewer
                                           Real Estate Manager

cc: Moses & Singer LLP
    405 Lexington Avenue, Floor 12
    New York, New York 10174
    Attn: Richard E. Strauss

(2)

Sep. 30. 2008  8:16AM    PRICEWATERHOUSECOOPERS                                No. 0767   P. 1



## PARAMOUNT GROUP, INC.

### DEFAULT NOTICE

September 25, 2008

<u>Via Federal Express</u>
Pricewaterhouse Coopers LLP
3109 West Dr. Martin Luther King Jr. Blvd.
Tampa, FL 33607
Attn: Director of Real Estate

Re: Lease dated December 22, 1989 between PARAMOUNT GROUP, INC., as Agent for 1301 PROPERTIES OWNER LP (Landlord), successor-in-interest to 1301 PROPERTIES, LLC and PRICEWATERHOUSE COOPERS LLP (Tenant), covering certain premises (Premises) in the building (Building) located at 1301 Avenue of the Americas, New York, NY (as amended, the "Lease")

Dear Tenant:

Reference is made to the above Lease. All capitalized terms used herein shall have the same meaning as set forth in the Lease.

Section 3.1(e) of the Lease provides, in part, as follows: "Any mechanic's lien filed against the Premises or the Real Property for work claimed to have been done for, or materials claimed to have been furnished to, Tenant shall be discharged by Tenant within thirty (30) days after Tenant shall have received notice thereof, at Tenant's expense, by payment, filing the bond required by law or otherwise."

Landlord has received a Notice Under Mechanic's Lien Law filed by Campbell and Dawes LTD. filed on September 23, 2008 with the NY County Clerk in the amount of $8,500.00 (Lien), a copy of which is enclosed herewith. The Lien arises out of labor performed and materials furnished on the 9th floor portion of the Premises, which space is subleased to Lehman Brothers Holdings Inc.

Landlord hereby notifies Tenant to discharge the Lien within thirty (30) days after Tenant's receipt of this notice, at Tenant's expense by payment, filing the bond required by law or otherwise.

This letter is without prejudice to any and all of Landlord's rights and remedies under the Lease and otherwise, all of which Landlord hereby reserves.

Very truly yours,

PARAMOUNT GROUP, INC., as Agent for
1301 PROPERTIES OWNER LP

By: _____
Douglas Ulene
Senior Vice President

Attachment

cc: C. Boyea
    R. DiRuggiero
    R. Newman
    C. Salomon (by email)
    J. VanderVliet

1633 BROADWAY, SUITE 1801, NEW YORK, NEW YORK 10019  (212) 237-3100  FAX (212) 237-3197

Sep. 30. 2008  8:16AM    PRICEWATERHOUSECOOPERS                    No. 0767   P. 2

50278

# Mechanic's Lien

*Claimant* Campbell and Dawes LTD.

84-48 129th Street
Kew Gardens, NY   11415
718-441-6300
Gary Dawes, President

*Against*

1301 Properties Owner, L.L.C.
767 5th Avenue
21st Floor
New York, NY 10153

Henegan Construction
250 West 30th Street
New York, NY 10001



# Notice of Lien

*Amount* $8,500.00

*Premises known as*

1301 6th Avenue, "Lehman Brothers"
New York, NY

*Block:*   1005
*Lot:*      29

08-13555-mg    Doc 1233-1    Filed 10/28/08    Entered 10/28/08 13:53:00    Exhibit A
Pg 6 of 11

Sep. 30. 2008  8:17AM    PRICEWATERHOUSECOOPERS                              No. 0767    P. 3

So 278

## NOTICE UNDER MECHANIC'S LIEN LAW

To the Clerk of the County of New York and all others whom it may concern:

**Please Take Notice,** that  Campbell and Dawes LTD.

as lienor(s) have and claim a lien on the real property hereinafter described as follows:

(1) The names and residences of the lienor(s) are Campbell and Dawes LTD.
    84-48 129th Street
    Kew Gardens, NY 11415

being a Corporation Duly organized and existing under and by virtue of the laws of the State of New York whose business address is at 84-48 129th Street Kew Gardens, NY 11415

(2) The owner of the real property is 1301 Properties Owner, L.L.C.
    and the interest of the owner as far as known to the lienor(s) is Fee Simple

(3) The name of the party by whom the lienor(s) was (were) employed is:
    Henegan Construction
    The name of the party to whom the lienor(s) furnished or is (are) to furnish materials or for whom the lienor(s) performed or is (are) to perform professional services is:
    Henegan Construction

(4) The labor performed and    Supplied and Installed Electrical Material, Etc.
    material furnished were

The materials actually manufactured for but not delivered to the real property are N/A

The agreed price and value of the labor
performed and value of the material furnished is       $8,500.00
The agreed price and value of the material actually mfd. for but not delivered to the real prop is
The agreed fee for professional services is
                                                     Total agreed price and value $8,500.00

(5) The amount unpaid to the lienor(s) for said labor
    performed and said material furnished is           $8,500.00
    The amount unpaid to lienor(s) for material actually mfd. for but not delivered to the real prop is
                                                     Total amount unpaid $8,500.00

The total amount claimed for which this lien is filed is   $8,500.00
(6) The time when the first item of work was performed was   9/8/2008
    The time when the first item of material was furnished was  9/8/2008
    The time when the last item of work was performed was    9/8/2008
    The time when the last item of material was furnished was  9/8/2008

(7) The property subject to the lien is situated in New York, County of New York, State of New York
    Known as:  1301 6th Avenue, "Lehman Brothers"
               New York, NY

That said labor and materials were performed and furnished for and used, and that the professional services rendered were used, in the improvement of the real property hereinbefore described.

Dated September 19, 2008

                                                 Gary Dawes, President

278

9/19/2008 1:71 AM  FROM: Speedy Lien Inc.    TO: +1 (718) 5417158    PAGE: 003 OF 003

278

| STATE OF NEW YORK, COUNTY OF | SS.: | INDIVIDUAL OR PARTNER |

being duly sworn, says that deponent is of the co-partnership named in the within notice of lien and the lienor(s) mentioned in the foregoing notice of lien, that deponent has read the said notice and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true

_____
<<Officer[CoPart]>>,

| STATE OF NEW YORK, COUNTY OF New York | SS.: | CORPORATION |

Gary Dawes being duly sworn, says that deponent is the President of Campbell and Dawes LTD. herein, that deponent has read the foregoing notice of lien and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. The reason why this verification is made by deponent is that deponent is an officer, to wit, the President of Campbell and Dawes LTD which is a Domestic corporation, and deponent is familiar with the facts and circumstances herein.

_____
Gary Dawes, President

State of New York  ss:

County of Nassau

On the 19 day of September in the year 2008, before me, the undersigned, a Notary Public in and for said State, personally appeared Gary Dawes, President personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which individual acted, executed the instrument.

_____
Signature of Notary Public

MICHAEL W. SCHWARTZ
Notary Public, State of New York
No. 4877407
Qualified in Nassau County
Commission Expires Nov. 17, 2010

Sep. 30. 2008  8:18AM    PRICEWATERHOUSECOOPERS                          No. 0767    P. 5



**PARAMOUNT GROUP, INC.**

**DEFAULT NOTICE**

September 23, 2008

Via Federal Express
Pricewaterhouse Coopers LLP
3109 West Dr. Martin Luther King Jr. Blvd.
Tampa, FL 33607
Attn: Director of Real Estate

Re:  Lease dated December 22, 1989 between PARAMOUNT GROUP, INC., as Agent for 1301 PROPERTIES OWNER LP (Landlord), successor-in-interest to 1301 PROPERTIES, LLC and PRICEWATERHOUSE COOPERS LLP (Tenant), covering certain premises (Premises) in the building (Building) located at 1301 Avenue of the Americas, New York, NY (as amended, the "Lease")

Dear Tenant:

Reference is made to the above Lease. All capitalized terms used herein shall have the same meaning as set forth in the Lease.

Section 3.1(e) of the Lease provides, in part, as follows: "Any mechanic's lien filed against the Premises or the Real Property for work claimed to have been done for, or materials claimed to have been furnished to, Tenant shall be discharged by Tenant within thirty (30) days after Tenant shall have received notice thereof, at Tenant's expense, by payment, filing the bond required by law or otherwise."

Landlord has received a Notice Under Mechanic's Lien Law filed by Henegan Construction Co., Inc. filed on September 19, 2008 with the NY County Clerk in the amount of $41,438.83 (Lien), a copy of which is enclosed herewith. The Lien arises out of labor performed and materials furnished on the 9th floor portion of the Premises, which space is subleased to Lehman Brothers Holdings Inc.

Landlord hereby notifies Tenant to discharge the Lien within thirty (30) days after Tenant's receipt of this notice, at Tenant's expense by payment, filing the bond required by law or otherwise.

This letter is without prejudice to any and all of Landlord's rights and remedies under the Lease and otherwise, all of which Landlord hereby reserves.

Very truly yours,

PARAMOUNT GROUP, INC., as Agent for
1301 PROPERTIES OWNER LP

By: _____
Douglas Ulene
Senior Vice President

Attachment

cc:  C. Boyea
     R. DiRuggiero
     R. Newman
     C. Salomon (by email)
     J. VanderVliet

1633 BROADWAY, SUITE 1801, NEW YORK, NEW YORK 10019  (212) 237-3100  FAX (212) 237-3197

Sep. 30. 2008 8:18AM  PRICEWATERHOUSECOOPERS                  No. 0767  P. 6
09/22/2008  16:46    12125545844         COORDINATOR LEGAL AF       PAGE 02/05

# Mechanic's Lien

*Claimant* Henegan Construction Co., Inc.

    250 West 30th Street
    New York, NY  10001
    212-947-6441 Ext 350
    Nancy E. Pearl, Sr. V.P Finance &

*Against*

    1301 Properties Owner LLC
    c/o Macklowe Properties
    767 5th Avenue - 21st Floor
    New York, NY  10153

    Lehman Brothers Holdings Inc.
    1301 Avenue of the Americas
    New York, NY  10019



RECEIVED SEP 22 2008 FELICIA A. DiPAOLA

# Notice of Lien

*Amount* $41,438.83

*Premises known as*

1301 Avenue of The Americas 9th Floor
New York, NY

*Block:* 1005
*Lot:* 29

Sep. 30. 2008 8:18AM   PRICEWATERHOUSECOOPERS                    No. 0767   P. 7
09/22/2008  16:46   12125545944          COORDINATOR LEGAL AF              PAGE 03/05

50284

# NOTICE UNDER MECHANIC'S LIEN LAW

To the Clerk of the County of New York and all others whom it may concern:

**Please Take Notice,** that   Henegan Construction Co., Inc.
as lienor(s) have and claim a lien on the real property hereinafter described as follows:

(1) The names and residences of the lienor(s) are Henegan Construction Co., Inc.
    250 West 30th Street
    New York, NY 10001

being a Corporation Duly organized and existing under and by virtue of the laws of the State of New York
whose business address is at 250 West 30th Street New York, NY 10001

(2) The owner of the real property is 1301 Properties Owner LLC
and the interest of the owner as far as known to the lienor(s) is Fee Simple

(3) The name of the party by whom the lienor(s) was (were) employed is:
    Lehman Brothers Holdings Inc.
The name of the party to whom the lienor(s) furnished or is (are) to furnish materials or for whom
the lienor(s) performed or is (are) to perform professional services is:
    Lehman Brothers Holdings Inc.

(4) The labor performed and     Supplied and Installed Lumber, Drywall, Electrical Materials, Etc.
    material furnished were

Block: 1005

Lot: 29

The materials actually manufactured for but not delivered to the real property are N/A

The agreed price and value of the labor
performed and value of the material furnished is    $41,438.83
The agreed price and value of the material actually mfd. for but not delivered to the real prop. is
The agreed fee for professional services is

                                                                    Total agreed price and value $41,438.83
(5) The amount unpaid to the lienor(s) for said labor
performed and said material furnished is       $41,438.83
The amount unpaid to lienor(s) for material actually mfd. for but not delivered to the real prop. is
                                                                    Total amount unpaid $41,438.83
The total amount claimed for which this lien is filed is   $41,438.83
(6) The time when the first item of work was performed was    9/8/2008
The time when the first item of material was furnished was   9/8/2008
The time when the last item of work was performed was        9/17/2008
The time when the last item of material was furnished was    9/17/2008

(7) The property subject to the lien is situated in New York, County of New York, State of New York
                         Known as:    1301 Avenue of The Americas 9th Floor
                                      New York, NY

That said labor and materials were performed and furnished for and used, and that the professional services rendered were
used, in the improvement of the real property hereinbefore described.

Dated September 18, 2008

                                                    _____
                                                    Nancy E. Pearl, Sr. V.P Finance & Administration

80264

STATE OF NEW YORK, COUNTY OF                         SS.:           INDIVIDUAL OR PARTNER

that deponent is ____ of the co-partnership named in the within notice of lien and the lienor(s) mentioned in the foregoing notice of lien; being duly sworn, says that deponent has read the said notice and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

<<Officer[CoPart]>>,

STATE OF NEW YORK, COUNTY OF                         SS.:           CORPORATION

that deponent is the Sr. V.P Finance & Administration of Henegan Construction Co., Inc. Nancy E. Pearl being duly sworn, says herein, that deponent has read the foregoing notice of lien and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. The reason why this verification is made by deponent is that deponent is an officer, to wit, the Sr. V.P Finance & Administration of Henegan Construction Co., Inc.
which is a Domestic corporation, and deponent is familiar with the facts and circumstances herein.

_____
Nancy E. Pearl, Sr. V.P Finance & Administration

State of New York       ss:
County of __New York__

On the __18__ day of __September__ in the year __2008__, before me, the undersigned, a Notary Public in and for said State, personally appeared Nancy E. Pearl, Sr. V.P Finance & Administration  personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which individual acted, executed the instrument.

CATHERINE A. ZIEGLER    Signature of Notary Public
Notary Public, State of New York
No. 02ZI4867107
Qualified in Westchester County
Commission Expires July 14, 2010