# EXHIBIT B

Deutsche Bank AG, New York Branch
c/o DB Services New Jersey, Inc.
Corporate Real Estate and Services
Harborside Financial Center
100 Plaza One – JCY03-0334
Jersey City, New Jersey 07311-3999

October 21, 2008

**VIA OVERNIGHT DELIVERY**

Frank Bartolotta / Beth Anisman
Barclays Capital Inc.
745 Seventh Avenue
New York NY 10019

    Re:   **NOTICE OF DEFAULT** - 1301 Avenue of the Americas, New York, NY

Dear Mr. Bartolotta and Ms. Anisman:

    Reference is made to that certain (a) Lease dated December 2, 1989, as amended (the "**Prime Lease**"), between 1301 Properties Owner, L.L.C. ("**Prime Landlord**"), as landlord, and PricewaterhouseCoopers LLP ("**Sublandlord**"), as tenant, covering certain premises in the building located at 1301 Avenue of the Americas, New York, New York (the "**Building**"), (b) Agreement of Sublease dated September 19, 1996 (the "**DB Sublease**") between Sublandlord, as sublandlord, and Deutsche Bank AG, New York Branch ("**DB**"), as subtenant, (c) Agreement of Sublease dated March 24, 2006 ("**Floor 8 Sublease**"), between DB, as sub-sublandlord, and Barclays Capital Inc. ("**Barclays**"), as successor by assignment from Lehman Brothers Holdings Inc. ("**Lehman**"), as sub-subtenant, and (d) Agreement of Sublease dated April 28, 2006 ("**Floor 9 Sublease**"), between DB, as sub-sublandlord, and Barclays, as sub-subtenant. The Floor 8 Sublease and the Floor 9 Sublease herein are collectively referred to as the "**Barclays Subleases**".

    We have been advised that Prime Landlord has received notice of two mechanic's liens filed with the New York County Clerk against the Building, in connection with work performed for Lehman at the Building. One of the mechanic's liens was filed by Campbell and Dawes LTD. on September 23, 2008 in the amount of $8,500.00 ("**Campbell Lien**"), and the other was filed by

Henegan Construction Co., Inc. on September 19, 2008 in the amount of $41,438.83 ("**Henegan Lien**", together with the Campbell Lien, the "**Liens**").

    In a Notice of Default from Sublandlord which DB received last week, Sublandlord advised that Prime Landlord has alleged that Sublandlord is obligated under Section 3.1(e) of the Prime Lease to discharge the Liens by payment or bond within 30 days after Sublandlord shall have received notice of the Liens. The Notice of Default from Sublandlord alleged that the Liens constitute a default under the DB Sublease and directed DB to discharge the Liens within the cure periods provided in the DB Sublease. Enclosed is a copy of the Notice of Default that DB received from Sublandlord with the enclosures thereto, including Prime Landlord's notice to Sublandlord and the notice of the Campbell Lien and the Henegan Lien respectively.

    While DB does not agree that its failure to discharge or bond the Liens is a default under the DB Sublease, if it is determined that the existence of the Liens is a default under the DB Sublease, then the Liens would also be a default under the Barclays Subleases. DB hereby reserves all of its rights and remedies in law, in equity and under the Barclays Subleases, including, without limitation, DB's rights to indemnification set forth therein.

    Independently, in Section 23 of the Landlord Consent to the Floor 9 Sublease (the "**Floor 9 Consent**") Lehman agreed to indemnify Sublandlord against any and all costs, expenses and liabilities that Sublandlord may be obligated to pay to Prime Landlord with respect to any action by Lehman to which Sublandlord's consent was deemed given, such as the costs arising out of Lehman's right to make alterations on the 9th floor of the Building. Moreover, pursuant to Section 7.4 of the Floor 9 Sublease, the Floor 9 Sublease is deemed to include the Floor 9 Consent. Additionally, under such Section 7.4, if Lehman (as tenant) defaults in the full and timely performance of any of its covenants and other agreements set forth in the Floor 9 Consent which are for the sole benefit of Sublandlord and the same shall be a default under the DB Sublease or the Prime Lease, then such default shall also be a default under the Floor 9 Sublease. Accordingly, Lehman's obligations under the Floor 9 Sublease assigned to Barclays include Lehman's obligations under the Floor 9 Consent to pay the costs, expenses and liabilities that Sublandlord is obligated to pay with respect to the Liens.

    For the reasons set forth in the previous two paragraphs, Barclays is required to deliver the required payments or bond or otherwise cause the discharge of the Liens, given that the Notice Under Mechanic's Lien Law for (i) the Henegan Lien provides that the lienor thereunder was employed by Lehman with respect to work on the 9th floor of the Building and (ii) the Campbell Lien provides that the lienor thereunder was employed by the lienor under the Henegan Lien to perform work at the Building for Lehman.

   Please promptly advise DB as to the actions that Barclay will be taking and the timing for resolving this situation, by contacting Howard Becker at 201-593-3048.

          Sincerely,

          Deutsche Bank AG, New York Branch

         By: _____
         Name: Howard Becker
         Title: Attorney In Fact

         By: _____
         Name: Linda Hoyer
         Title: Attorney In Fact

# PRICEWATERHOUSECOOPERS 🅿

**NOTICE OF DEFAULT**

PricewaterhouseCoopers LLP
3109 W. Dr. M. L. King Jr., Blvd.
Tampa FL 33607-6215
Direct (813) 215-3923
toni.brewer@us.pwc.com

October 8, 2008

VIA OVERNIGHT DELIVERY

Deutsche Bank AG, New York Branch
60 Wall Street
New York, New York 10005
Attn: Lease Administration
Attn: General Counsel

Re: Lease dated December 2, 1989, as amended (the "Prime Lease"), between 1301 Properties Owner, L.L.C. (formerly known as 1301 Properties, L.L.C., as successor in interest to Tishman Speyer Trammell Crow Limited Partnership), as landlord ("Prime Landlord"), and PricewaterhouseCoopers LLP (as successor in interest to Coopers and Lybrand), as tenant ("Tenant" or "Sublandlord"), covering certain premises (the "Premises") in the building located at 1301 Avenue of the Americas, New York, New York

Agreement of Sublease dated September 19, 1996, as amended (the "Sublease"), between Sublandlord, as sublandlord, and Deutsche Bank, AG, New York Branch, as subtenant ("Subtenant"), covering the 8th and 9th floor portion of the Premises

To whom it may concern:

Reference is hereby made to (1) the letter sent by Prime Landlord to Sublandlord via overnight delivery, dated September 23, 2008 and received by Sublandlord on September 24, 2008 (the "First Prime Landlord Default Notice"), whereby Prime Landlord notified Sublandlord that Prime Landlord has received a Notice Under Mechanic's Lien Law filed by Henegan Construction Co., Inc., filed on September 19, 2008 with the NY County Clerk in the amount of $41,438.83 (the "Henegan Lien"), and that, pursuant to Section 3.1(e) of the Prime Lease, the Henegan Lien must be discharged within thirty (30) days of Sublandlord's receipt of the First Prime Landlord Default Notice (on or before October 24, 2008), and (2) the letter sent by Prime Landlord to Sublandlord via overnight delivery, dated September 25, 2008 and received by Sublandlord on September 26, 2008 (the "Second Prime Landlord Default Notice"), whereby Prime Landlord notified Sublandlord that Prime Landlord has received a Notice Under Mechanic's Lien Law filed by Campbell and Dawes LTD, filed on September 23, 2008 with the NY County Clerk in the amount of $8,500.00 (the "Campbell Lien"; the Henegan Lien and the Campbell Lien each referred to herein as a "Lien" and collectively as the "Liens"), and that, pursuant to Section 3.1(e) of the Prime Lease, the Campbell Lien must

# PricewaterhouseCoopers

be discharged within thirty (30) days of Sublandlord's receipt of the Second Prime Landlord Default Notice (on or before October 26, 2008). The Liens arise out of labor performed and materials furnished to the 9th floor portion of the Premises, which space is subleased by Subtenant under the Sublease. Copies of the First Prime Landlord Default Notice and the Second Prime Landlord Default Notice (in the aggregate "the Default Notices") are attached.

The circumstances described in the Default Notices constitute a default by you under the terms of the Sublease.

Section 10.2 of the Sublease provides that the time limits set forth in the Prime Lease for the performance of any act, condition or covenant are changed for the purpose of the Sublease by shortening the same so that Subtenant shall perform within three (3) days prior to the expiration of the time limit specified in the Prime Lease. Sublandlord hereby notifies Subtenant (1) to discharge the Henegan Lien no later than October 21, 2008 and (2) to discharge the Campbell Lien no later than October 23, 2008, at Subtenant's expense by payment, filing the bond required by law or otherwise.

Sublandlord shall have all rights and remedies against Subtenant available to Sublandlord if a default occurs. This notice is limited to the matters expressly contained herein, and Sublandlord reserves and retains all rights and remedies it may have against Subtenant with respect to this or any other or subsequent breach or default by Subtenant under the Sublease, whether or not presently known to Sublandlord.

Any capitalized terms not defined herein shall have the meaning set forth in the Prime Lease.

Sincerely yours,
PricewaterhouseCoopers LLP

Toni Brewer
Real Estate Manager

cc: Moses & Singer LLP
405 Lexington Avenue, Floor 12
New York, New York 10174
Attn: Richard E. Strauss

(2)



## PARAMOUNT GROUP, INC.

DEFAULT NOTICE

September 25, 2008

<u>Via Federal Express</u>
Pricewaterhouse Coopers LLP
3109 West Dr. Martin Luther King Jr. Blvd.
Tampa, FL 33607
Attn: Director of Real Estate

Re:   Lease dated December 22, 1989 between PARAMOUNT GROUP, INC., as Agent for 1301
      PROPERTIES OWNER LP (Landlord), successor-in-interest to 1301 PROPERTIES, LLC and
      PRICEWATERHOUSE COOPERS LLP (Tenant), covering certain premises (Premises) in the
      building (Building) located at 1301 Avenue of the Americas, New York, NY (as amended, the
      "Lease")

Dear Tenant:

Reference is made to the above Lease. All capitalized terms used herein shall have the same meaning as set forth in the Lease.

Section 3.1(e) of the Lease provides, in part, as follows: "Any mechanic's lien filed against the Premises or the Real Property for work claimed to have been done for, or materials claimed to have been furnished to, Tenant shall be discharged by Tenant within thirty (30) days after Tenant shall have received notice thereof, at Tenant's expense, by payment, filing the bond required by law or otherwise."

Landlord has received a Notice Under Mechanic's Lien Law filed by Campbell and Dawes LTD. filed on September 23, 2008 with the NY County Clerk in the amount of $8,500.00 (Lien), a copy of which is enclosed herewith. The Lien arises out of labor performed and materials furnished on the 9th floor portion of the Premises, which space is subleased to Lehman Brothers Holdings Inc.

Landlord hereby notifies Tenant to discharge the Lien within thirty (30) days after Tenant's receipt of this notice, at Tenant's expense by payment, filing the bond required by law or otherwise.

This letter is without prejudice to any and all of Landlord's rights and remedies under the Lease and otherwise, all of which Landlord hereby reserves.

Very truly yours,

PARAMOUNT GROUP, INC., as Agent for
1301 PROPERTIES OWNER LP

By: _____
Douglas Ulene
Senior Vice President

Attachment

cc:   C. Boyea
      R. DiRuggiero
      R. Newman
      C. Salomon (by email)
      J. VanderVliet

50278

# Mechanic's Lien

*Claimant* Campbell and Dawes LTD.

> 84-48 129th Street
> Kew Gardens, NY   11415
> 718-441-6300
> Gary Dawes, President

*Against*

> 1301 Properties Owner, L.L.C.
> 767 5th Avenue
> 21st Floor
> New York, NY  10153
>
> Henegan Construction
> 250 West 30th Street
> New York, NY  10001



RECEIVED SEP 25 2008 FELICIA A. DIPAOLA

# Notice of Lien

*Amount* $8,500.00

*Premises known as*

1301 6th Avenue, "Lehman Brothers"
New York, NY

Block:   1005
Lot:     29

Sep. 30. 2008  8:17AM    PRICEWATERHOUSECOOPERS                    No. 0767   P. 3

9/19/2008 11:31 AM FROM: Sperry Lien Law    TO: +1 (718) 4417158    PAGE: 002 OF 003

So 278

## NOTICE UNDER MECHANIC'S LIEN LAW

To the Clerk of the County of New York and all others whom it may concern:

**Please Take Notice,** that Campbell and Dawes LTD.

as lienor(s) have and claim a lien on the real property hereinafter described as follows:

(1) The names and residences of the lienor(s) are Campbell and Dawes LTD.
84-48 129th Street
Kew Gardens, NY 11415

being a Corporation Duly organized and existing under and by virtue of the laws of the State of New York whose business address is at 84-48 129th Street Kew Gardens, NY 11415

(2) The owner of the real property is 1301 Properties Owner, L.L.C.
and the interest of the owner as far as known to the lienor(s) is Fee Simple

(3) The name of the party by whom the lienor(x) was (were) employed is:
Henegan Construction
The name of the party to whom the lienor(s) furnished or is (are) to furnish materials or for whom the lienor(s) performed or is (are) to perform professional services is:
Henegan Construction

(4) The labor performed and   Supplied and Installed Electrical Material, Etc.
material furnished were

The materials actually manufactured for but not delivered to the real property are N/A

The agreed price and value of the labor
performed and value of the material furnished is      $8,500.00
The agreed price and value of the material actually mfd. for but not delivered to the real prop is
The agreed fee for professional services is
                                                            Total agreed price and value $8,500.00

(5) The amount unpaid to the lienor(s) for said labor
performed and said material furnished is             $8,500.00
The amount unpaid to lienor(s) for material actually mfd. for but not delivered to the real prop is
                                                            Total amount unpaid $8,500.00

The total amount claimed for which this lien is filed is  $8,500.00
(6) The time when the first item of work was performed was  9/8/2008
The time when the first item of material was furnished was  9/8/2008
The time when the last item of work was performed was  9/8/2008
The time when the last item of material was furnished was  9/8/2008

(7) The property subject to the lien is situated in New York, County of New York, State of New York
Known as:    1301 6th Avenue, "Lehman Brothers"
New York, NY

That said labor and materials were performed and furnished for and used, and that the professional services rendered were used, in the improvement of the real property hereinbefore described

Dated September 19, 2008

Gary Dawes, President

278

FILED
2008 SEP 23 PM 1:44
COUNTY CLERK
NY COUNTY

Sep. 30. 2008  8:17AM    PRICEWATERHOUSECOOPERS                           No. 0767    P. 4

9/19/2008 11:71 AM  FROM: Speedy Lien Ind.   TO: +1 (718) 5417158   PAGE: 003 OF 003

278

STATE OF NEW YORK, COUNTY OF                          ss.:           INDIVIDUAL OR PARTNER

being duly sworn, says that deponent is of the co-partnership named in the within notice of lien and the lienor(s) mentioned in the foregoing notice of lien, that deponent has read the said notice and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true

<<Officer[CoPart]>>,


STATE OF NEW YORK, COUNTY OF  New York         SS.:                  CORPORATION


Gary Dawes being duly sworn, says
that deponent is the President of Campbell and Dawes LTD.
herein, that deponent has read the foregoing notice of lien and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. The reason why this verification is made by deponent is that deponent is an officer,
to wit, the President of Campbell and Dawes LTD
which is a Domestic corporation, and deponent is familiar with the facts and circumstances herein

Gary Dawes, President


State of New York        ss:

County of  Nassau

On the  19  day of  September   in the year  2008 , before me, the undersigned, a Notary Public in and for said State, personally appeared Gary Dawes, President  personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which individual acted, executed the instrument.

Signature of Notary Public

MICHAEL W. SCHWARTZ
Notary Public, State of New York
No. 4877407
Qualified in Nassau County
Commission Expires Nov. 17, 20__

Sep. 30. 2008 8:18AM    PRICEWATERHOUSECOOPERS                    No. 0767   P. 5



# PARAMOUNT GROUP, INC.

**DEFAULT NOTICE**

September 23, 2008

<u>Via Federal Express</u>
Pricewaterhouse Coopers LLP
3109 West Dr. Martin Luther King Jr. Blvd.
Tampa, FL 33607
Attn: Director of Real Estate

Re: Lease dated December 22, 1989 between PARAMOUNT GROUP, INC., as Agent for 1301 PROPERTIES OWNER LP (Landlord), successor-in-interest to 1301 PROPERTIES, LLC and PRICEWATERHOUSE COOPERS LLP (Tenant), covering certain premises (Premises) in the building (Building) located at 1301 Avenue of the Americas, New York, NY (as amended, the "Lease")

Dear Tenant:

Reference is made to the above Lease. All capitalized terms used herein shall have the same meaning as set forth in the Lease.

Section 3.1(e) of the Lease provides, in part, as follows: "Any mechanic's lien filed against the Premises or the Real Property for work claimed to have been done for, or materials claimed to have been furnished to, Tenant shall be discharged by Tenant within thirty (30) days after Tenant shall have received notice thereof, at Tenant's expense, by payment, filing the bond required by law or otherwise."

Landlord has received a Notice Under Mechanic's Lien Law filed by Henegan Construction Co., Inc. filed on September 19, 2008 with the NY County Clerk in the amount of $41,438.83 (Lien), a copy of which is enclosed herewith. The Lien arises out of labor performed and materials furnished on the 9th floor portion of the Premises, which space is subleased to Lehman Brothers Holdings Inc.

Landlord hereby notifies Tenant to discharge the Lien within thirty (30) days after Tenant's receipt of this notice, at Tenant's expense by payment, filing the bond required by law or otherwise.

This letter is without prejudice to any and all of Landlord's rights and remedies under the Lease and otherwise, all of which Landlord hereby reserves.

Very truly yours,

PARAMOUNT GROUP, INC., as Agent for
1301 PROPERTIES OWNER LP

By: _____
Douglas Ulene
Senior Vice President

Attachment

cc:  C. Boyea
     R. DiRuggiero
     R. Newman
     C. Salomon (by email)
     J. VanderVliet

1633 BROADWAY, SUITE 1801, NEW YORK, NEW YORK 10019 (212) 237-3100 FAX (212) 237-3197

# Mechanic's Lien

*Claimant* Henegan Construction Co., Inc.

> 250 West 30th Street
> New York, NY  10001
> 212-947-6441 Ext 350
> Nancy E. Pearl, Sr. V.P Finance &

*Against*

> 1301 Properties Owner LLC
> c/o Macklowe Properties
> 767 5th Avenue - 21st Floor
> New York, NY  10153
>
> Lehman Brothers Holdings Inc.
> 1301 Avenue of the Americas
> New York, NY  10019



RECEIVED SEP 22 2008 FELICIA A. DiPAOLA

# Notice of Lien

*Amount* $41,438.83

*Premises known as*

1301 Avenue of The Americas 9th Floor
New York, NY

*Block:*  1005
*Lot:*    29

# NOTICE UNDER MECHANIC'S LIEN LAW

To the Clerk of the County of New York and all others whom it may concern:

**Please Take Notice,** that    Henegan Construction Co., Inc.
as lienor(s) have and claim a lien on the real property hereinafter described as follows:

(1) The names and residences of the lienor(s) are Henegan Construction Co., Inc.
250 West 30th Street
New York, NY 10001

being a Corporation Duly organized and existing under and by virtue of the laws of the State of New York whose business address is at 250 West 30th Street New York, NY 10001

(2) The owner of the real property is 1301 Properties Owner LLC
and the interest of the owner as far as known to the lienor(s) is Fee Simple

(3) The name of the party by whom the lienor(s) was (were) employed is:
Lehman Brothers Holdings Inc.
The name of the party to whom the lienor(s) furnished or is (are) to furnish materials or for whom the lienor(s) performed or is (are) to perform professional services is:
Lehman Brothers Holdings Inc.

(4) The labor performed and material furnished were   Supplied and Installed Lumber, Drywall, Electrical Materials, Etc.

Block: 1005

Lot: 29

The materials actually manufactured for but not delivered to the real property are N/A

The agreed price and value of the labor
performed and value of the material furnished is        $41,438.83
The agreed price and value of the material actually mfd. for but not delivered to the real prop. is
The agreed fee for professional services is

Total agreed price and value $41,438.83

(5) The amount unpaid to the lienor(s) for said labor
performed and said material furnished is                $41,438.83
The amount unpaid to lienor(s) for material actually mfd. for but not delivered to the real prop. is

Total amount unpaid $41,438.83

The total amount claimed for which this lien is filed is  $41,438.83
(6) The time when the first item of work was performed was    9/8/2008
The time when the first item of material was furnished was   9/8/2008
The time when the last item of work was performed was        9/17/2008
The time when the last item of material was furnished was    9/17/2008

(7) The property subject to the lien is situated in   New York, County of New York, State of New York
Known as:    1301 Avenue of The Americas 9th Floor
New York, NY

That said labor and materials were performed and furnished for and used, and that the professional services rendered were used, in the improvement of the real property hereinbefore described.

Dated September 18, 2008

Nancy E. Pearl, Sr. V.P Finance & Administration

Sep. 30. 2008  8:19AM    PRICEWATERHOUSECOOPERS                                    No. 0767   P. 8
09/22/2008  15:46    12125545844             COORDINATOR LEGAL AF                  PAGE  04/05

80264

STATE OF NEW YORK, COUNTY OF                          SS.:              INDIVIDUAL OR PARTNER

that deponent is              of the co-partnership named in the within notice of lien and the lienor(s) mentioned in the foregoing notice of lien; being duly sworn, says that deponent has read the said notice and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

&lt;&lt;Officer[CoPart]&gt;&gt;,

STATE OF NEW YORK, COUNTY OF                          SS.:              CORPORATION

                                                    Nancy E. Pearl  being duly sworn, says
that deponent is the  Sr. V.P Finance & Administration  of  Henegan Construction Co., Inc. herein, that deponent has read the foregoing notice of lien and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. The reason why this verification is made by deponent is that deponent is an officer, to wit, the Sr. V.P Finance & Administration of Henegan Construction Co., Inc. which is a Domestic corporation, and deponent is familiar with the facts and circumstances herein.

                                                Nancy E. Pearl, Sr. V.P Finance &
State of New York         ss:                   Administration
County of __New York__

On this __18__ day of __September__ in the year __2008__, before me, the undersigned, a Notary Public in and for said State, personally appeared Nancy E. Pearl, Sr. V.P Finance & Administration personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which individual acted, executed the instrument.

CATHERINE A. ZIEGLER    Signature of Notary Public
Notary Public, State of New York
No. 02ZI4887107
Qualified in Westchester County
Commission Expires July 14, 2010