Hearing Date and Time: November 18, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: November 13, 2008 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
: 
In re                                                           :    Chapter 11 Case No.
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :    08-13555 (JMP)
                                                                :
            Debtors.                                      :    (Jointly Administered)
                                                                :
                                                                :
------------------------------------------------------------------x

# AMENDED NOTICE OF DEBTORS' MOTION
# PURSUANT TO BANKRUPTCY RULE 1007(c) TO FURTHER
# EXTEND THE TIME TO FILE THE DEBTORS' SCHEDULES,
# STATEMENTS OF FINANCIAL AFFAIRS, AND RELATED DOCUMENTS

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") to further extend the time to file the Debtors' schedules, statements of financial affairs, and related documents (collectively, the "Schedules"), all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House,

Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **November 18, 2008 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) any person or entity with a particularized interest in

the Motion, so as to be so filed and received no later than **November 13, 2008 at 4:00 p.m.**

**(prevailing Eastern Time)**.

Dated: October 28, 2008
        New York, New York

/s/ Shai Y. Waisman
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: November 18, 2008 at 10:00 am (Prevailing Eastern Time)
Objection Date and Time:  November 13, 2008 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re**                                              :    **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,           :    **08-13555 (JMP)**
                                                       :
            Debtors.                                   :    **(Jointly Administered)**
                                                       :
                                                       :
------------------------------------------------------------------x

**DEBTORS' AMENDED MOTION PURSUANT TO BANKRUPTCY RULE 1007(c) TO
FURTHER EXTEND THE TIME TO FILE THE DEBTORS' SCHEDULES,
STATEMENTS OF FINANCIAL AFFAIRS, AND RELATED DOCUMENTS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), file this Motion and respectfully

represent:

NY2:\1929649\08\15CXD08!.DOC\58399.0003

**Background**

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate (the "SIPA Trustee").

**Jurisdiction**

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Lehman's Business**

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide. Its headquarters in New

York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

6. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Preliminary Statement**

7. These are the largest chapter 11 cases that have ever been commenced under the Bankruptcy Code. The volume of information that the Debtors will need to disclose in these cases is formidable and, in some respects, perhaps unprecedented. Marshalling the information needed to complete the Debtors' schedules,[1] statements of financial affairs, and related documents (collectively, the "Schedules") has placed heavy demands on the Debtors' personnel and resources. Furthermore, due to the exigent circumstances of these cases, the Debtors have been forced to allocate most of their limited resources during the first 45 days of these cases to asset sales and other critical efforts to preserve the value of the Debtors' assets. In fact, as one measure of the activity, in the initial 45 days of these cases there have been over 1,225 docket entries and numerous adversary proceedings commenced. In light of these

---

[1] The schedules to be filed are:

    Schedule A – Real Property
    Schedule B – Personal Property
    Schedule C – Property Claimed as Exempt
    Schedule D – Creditors Holding Secured Claims
    Schedule E – Creditors Holding Unsecured Priority Claims
    Schedule F – Creditors Holding Unsecured Nonpriority Claims
    Schedule G – Executory Contracts and Unexpired Leases
    Schedule H – Codebtors

circumstances, although the Debtors have been working on their Schedules and have made progress, it has also become apparent that this preparation will take far more time than the Bankruptcy Rules provide for other chapter 11 cases. Therefore, the Debtors are requesting an additional 60 days to submit their Schedules.

**Relief Requested**

8. Bankruptcy Rule 1007(c) requires debtors to file their Schedules 15 days after the commencement of a chapter 11 case. Bankruptcy Rule 1007(c) also permits the Court to extend the 15-day time period upon a showing of cause. On September 16, 2008, the Court entered an order granting the Debtors' motion for an extension of the time to file their Schedules by an additional 45 days (the "First Extension Motion"), through and including November 14, 2008.[2] The Debtors request that the Court extend the time to file the Debtors' Schedules by an additional 60 days, through and including January 13, 2009, without prejudice to the Debtors' right to seek further extensions, for cause shown, should it become necessary.

**Cause Exists to Further
Extend the Time to File the Schedules**

9. Several factors have made the Schedules difficult to assemble. The information that the Debtors need to compile for their Schedules is not only voluminous, but also located in numerous places, and across a network of electronic ledgers and software platforms that span across the Debtors' information systems. Generally, the information sought to satisfy any one aspect of the Schedules is dispersed throughout these systems. While the collection of

---

[2] Order Pursuant to Bankruptcy Rules 1007(c) and 2002(d) (i) Extending the Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs and (ii) Waiving of the Requirements to File the Equity List and Provide Notice to Equity Security Holders, dated September 16, 2008 [Docket No. 52].

NY2:\1929649\08\15CXD08!.DOC\58399.0003          4

the necessary data is a time consuming process in itself, this data must subsequently be collated and cross-referenced with alternate sources and ledgers, to ensure accuracy and consistency.

10. The process of gathering and consolidating the Debtors' information is further hampered by the fact that the Debtors' assets – once run as a single unified network – are dispersed widely and, in many instances, reside either at Barclays Capital Inc. ("Barclays"); Lehman Brothers International (Europe), now under the control of the joint administrators from PricewaterhouseCoopers (the "Joint Administrators"); or LBI, which is under the control of the SIPA Trustee. Consequently, the Debtors often need to depend on Barclays, the Joint Administrators, and the SIPA Trustee to assist them in the process of gathering information.

11. Accordingly, in view of the size of the Debtors' cases, the amount of information that must be compiled and assembled, the location of such information, and the significant amount of employee resources that must be devoted to these tasks, the Debtors submit that ample cause exists for an extension of an additional 60 days to file their Schedules, thereby extending the deadline through and including January 13, 2009.

**Notice**

12. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

13. Other than the First Extension Motion, no previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: October 28, 2008
New York, New York

/s/ Shai Y. Waisman
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                                 :

In re                                                   :          Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :          08-13555 (JMP)
                                                   :
                      Debtors.                  :          (Jointly Administered)
                                                   :
                                                   :
------------------------------------------------------------x

## ORDER PURSUANT TO BANKRUPTCY RULE 1007(C) FURTHER EXTENDING THE TIME TO FILE THE DEBTORS' SCHEDULES, STATEMENTS OF FINANCIAL AFFAIRS, AND RELATED DOCUMENTS

        Upon the motion, dated October 28, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to further extend the time to file the Debtors' schedules, statements of financial affairs, and related documents (collectively, the "Schedules"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the

NY2:\1929649\08\15CXD08!.DOC\58399.0003

attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion and the Objection; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted; and it is further

        ORDERED that pursuant to Bankruptcy Rule 1007(c) the time to file the Debtors' Schedules is extended by an additional 60 days, through and including January 13, 2009, without prejudice to the Debtors' right to seek further extensions upon a showing of cause therefore.

Dated: _____, 2008
      New York, New York

                                _____
                                UNITED STATES BANKRUPTCY JUDGE