Hearing Date and Time: November 18, 2008 at 10:00 a.m (Prevailing Eastern Time)
Objection Deadline: November 13, 2008 at 4:00 p.m (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                              :
In re                                         :   Chapter 11 Case No.
                                              :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :   08-13555 (JMP)
                                              :
         Debtors.                             :   (Jointly Administered)
                                              :
                                              :
-------------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION OF THE DEBTORS, PURSUANT TO SECTION
365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, FOR
AUTHORIZATION TO ASSUME AN AGREEMENT TO SELL
APPROXIMATELY 50 ACRES OF UNDEVELOPED LAND**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases (together, the "Debtors") for authorization, pursuant to section 365 of the

Bankruptcy Code and Bankruptcy Rule 6006, to assume an agreement to sell approximately 50

acres of undeveloped land, all as more fully described in the Motion, will be held before the

Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy

Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York,

New York 10004 (the "Bankruptcy Court"), on **November 18, 2008 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be received no later than **November 13, 2008, at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: October 28, 2008
      New York, New York

/s/ Jacqueline Marcus
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

**Hearing Date and Time: November 18, 2008 at 10:00 a.m (Prevailing Eastern Time)**
**Objection Deadline: November 13, 2008 at 4:00 p.m (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
: 
Debtors. : **(Jointly Administered)**
: 
: 
------------------------------------------------------------------x

**MOTION OF THE DEBTORS, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, FOR AUTHORIZATION TO ASSUME AN AGREEMENT TO SELL APPROXIMATELY 50 ACRES OF UNDEVELOPED LAND**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this Motion and respectfully represent:

NY2:\1925869\07\15@0D07!.DOC\58399.0003

**Background**

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

**Jurisdiction**

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Lehman's Business**

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations,

governmental units, institutional clients and individuals worldwide. Its headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

6.  Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## The Property Agreement

7.  In the ordinary course of its business, LBHI buys bank loans secured by real estate assets. In the event of a default by a borrower, LBHI has the right to acquire the real estate securing its loans through foreclosure, after which it will market the property and sell it as expeditiously as possible. Here, LBHI acquired approximately 50 acres of undeveloped land in Hamilton Township, New Jersey, that has been subdivided into 125 lots primarily intended for single family homes (the "Property"). LBHI marketed the Property to prospective purchasers and, on May 12, 2008, entered into an Agreement of Sale (as amended, the "Property Agreement") to sell the Property to the Engel Group LLC (the "Purchaser") in exchange for an aggregate purchase price of $6,250,000. A copy of the Property Agreement, including the First Amendment to Agreement of Sale, dated June 26, 2008, is annexed to this Motion as Exhibit 1.

8.  The principal terms of the Property Agreement are as follows:

| | |
|---|---|
| *Purchase Price* | The Purchaser will pay LBHI $6,250,000 (the "Purchase Price") in the aggregate for the Property. |
| *Assets to Be Sold* | The assets include (i) the Property and all improvements located thereon, if any, (ii) all of the Debtors' right, title and interest in and to any and all easements and similar rights-of-way, (iii) all |

strips and gores and any land lying in the bed of any street, road, or alley, open or proposed, contiguous to the Property, and (iv) all plans, development approvals and land use approvals related to the Property.

| | |
|---|---|
| *Down Payment* | The Purchaser has paid LBHI $550,000 in the aggregate as a down payment on the Property (the "Down Payment"). If the Purchaser does not complete the Phase I Closing, as described below, by November 20, 2008, then LBHI has the right to keep the Down Payment as liquidated damages. |
| *Phase I and Phase II Property* | The sale of the Property will take place in two phases. The Phase I Property includes 63 lots and the Phase II Property includes 62 lots. |
| *Phase I Closing Date* | The Phase I Closing Date must occur on or before November 20, 2008 and time is of the essence. On the Phase I Closing Date, Purchaser will pay $3,150,000, less the entire $550,000 Down Payment which will be credited toward the Purchase Price.<br><br>If Purchaser completes the Phase I Closing, but subsequently defaults with respect to its remaining obligations, Purchaser must pay LBHI liquidated damages of $500,000. |
| *Phase II Closing Date* | The Phase II Closing Date will occur on or before September 1, 2010, unless Purchaser exercises an option to extend the Phase II Closing Date to March 1, 2011. If Purchaser exercises this option, Purchaser must, among other things, pay an "Extension Fee" to LBHI of $150,000. On the Phase II Closing Date, Purchaser must pay the balance of the Purchase Price, which is $3,100,000. |

**Relief Requested**

9. By this Motion, the Debtors seek entry of an order, pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, authorizing the Debtors to assume the Property Agreement and consummate the transactions contemplated thereby.

**Assumption of the Property Agreement Is
Within the Debtors' Sound Business Judgment**

10. Section 365(a) of the Bankruptcy Code provides, in relevant part that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). In determining whether an

executory contract or unexpired lease should be assumed, courts apply the "business judgment" test. Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures), 4 F.3d 1095, 1099 (2d Cir. 1993); see also Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 1311 (5th Cir. 1985) ("More exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially"); In re Helm, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("The decision to assume or reject an executory contract is within the sound business judgment of the debtor-in-possession. . . ."). A court should approve the assumption of a contract under section 365(a) of the Bankruptcy Code if it finds that a debtor has exercised its sound business judgment in determining that assumption of an agreement is in the best interests of its estate. See, e.g., In re Child World, Inc., 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992).

11. The Debtors have determined in their sound business judgment that assumption of the Property Agreement will provide the estate with a premium recovery from the disposition of non-core assets. Absent the prompt sale of the Property or portions thereof, the Debtors will be forced to continue paying all taxes and maintenance costs on account of unused land. By contrast, assumption of the Property Agreement provides the estate with a return that is either at or above current market prices and, therefore, is in the best interests of the Debtors' estates and creditors.

12. Moreover, if the Debtors elect to reject the Purchase Agreement, the Purchaser will hold a lien against the property because of the down payment, see 11 U.S.C. § 365(j), and the Debtors will be forced to market and sell the Property in an increasingly unfavorable real estate market. This effort would require additional time and expense, and

would likely result in a lower purchase price. Furthermore, the Debtors will continue to incur real estate taxes on the entire Property during the time required for any additional marketing efforts. Under these circumstances, the Debtors believe that it is necessary and in their best interests to assume the Property Agreement.

13. Section 365(b) of the Bankruptcy Code provides that before the Debtors can assume the Property Agreement, they must cure all defaults thereunder. 11 U.S.C. § 365(b). As there are no defaults by the Debtors under the Property Agreement, the Debtors will not be required to make any cure payments upon assumption of the Property Agreement. Accordingly, the Debtors' assumption of the Property Agreement should be approved as an exercise of their sound business judgment under section 365(a) of the Bankruptcy Code.

### Order Effective Immediately

14. Based upon the foregoing, the Debtors desire to complete the Phase I Closing as quickly as possible. Accordingly, the Debtors request that the order granting the relief requested be effective immediately.

### Notice

15. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: October 28, 2008
      New York, New York

/s/ Jacqueline Marcus
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession