**Hearing Date and Time: November 5, 2008 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: October 31, 2008 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                              :
**In re**                                     :      **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :      **08-13555 (JMP)**
                                              :
                            **Debtors.**      :      **(Jointly Administered)**
                                              :
                                              :
-------------------------------------------------------------------x

**NOTICE OF SUPPLEMENT TO DEBTORS'**
**MOTION FOR ENTRY OF AN ORDER PURSUANT TO**
**SECTION 363 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF**
**BANKRUPTCY PROCEDURE 6004 AUTHORIZING LEHMAN BROTHERS**
**HOLDINGS INC. TO ENTER INTO A SALE AND PURCHASE AGREEMENT**

PLEASE TAKE NOTICE THAT Lehman Brothers Holdings Inc. ("LBHI") and

its affiliated debtors, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman") in the above-captioned chapter 11 cases

in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy

Court") filed a motion (the "Motion"), dated October 15, 2008, for an entry of an order, pursuant

to section 363 of the Bankruptcy Code and Bankruptcy Rule 6004, authorizing the Debtors'

entry into an aircraft sale and purchase agreement (the "Sale Agreement"), dated October 13,

2008, all as more fully set forth in the Motion.

PLEASE TAKE FURTHER NOTICE that the Debtors filed a supplement to the

Motion (the "Supplement"), dated October 29, 2008, identifying certain amendments to the Sale

Agreement and requesting approval of Debtors' entry into the Sale Agreement, as amended, all

as more fully set forth in the Supplement.

PLEASE TAKE FURTHER NOTICE PLEASE TAKE FURTHER NOTICE that

objections, if any, to the Motion (as supplemented) shall be in writing, shall conform to the

Bankruptcy Rules and the Local Bankruptcy Rules, shall set forth the name of the objecting

party, the basis for the objection and the specific grounds thereof, shall be filed with the

Bankruptcy Court electronically in accordance with General Order M-242 (which can be found

at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and

by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format

(PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies

delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable

James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil

Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Richard P.

Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.,

attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of

New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004

Attn:  Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope

Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New

York 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.,

attorneys for the official committee of unsecured creditors appointed in these cases; and (v) any

person or entity with a particularized interest in the Motion, so as to be received no later than

**October 31, 2008, at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that a hearing to consider the relief

requested in the Motion (as supplemented) shall be held on **November 5, 2008 at 10:00 a.m.**, at

the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green,

New York, New York 10004 or as soon thereafter as counsel may be heard.

Dated: October 29, 2008
     New York, New York

                          /s/ Alfredo R. Perez
                          Harvey R. Miller
                          Richard P. Krasnow
                          Lori R. Fife
                          Shai Y. Waisman
                          Jacqueline Marcus

                          WEIL, GOTSHAL & MANGES LLP
                          767 Fifth Avenue
                          New York, New York 10153
                          Telephone: (212) 310-8000
                          Facsimile: (212) 310-8007

                          Attorneys for Debtors
                          and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | : | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et. al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | |

------------------------------------------------------------------x

**SUPPLEMENT TO DEBTORS'**
**MOTION FOR ENTRY OF AN ORDER PURSUANT TO**
**SECTION 363 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF**
**BANKRUPTCY PROCEDURE 6004 AUTHORIZING LEHMAN BROTHERS**
**HOLDINGS INC. TO ENTER INTO A SALE AND PURCHASE AGREEMENT**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, including, *inter alia*, CES Aviation, LLC (the

"Seller"), as debtors and debtors in possession (together, the "Debtors" and, collectively

with their non-debtor affiliates, "Lehman"), file this Supplement and respectfully

represent:

# Introduction[1]

1.      On October 15, 2008, the Debtors filed their motion for an entry of an order, pursuant to section 363 of the Bankruptcy Code and Rule 6004 of the Bankruptcy Rules, authorizing the Debtors' entry into an aircraft sale and purchase agreement (the "Sale Agreement") between Seller and Pegasus AV, LLC (the "Purchaser"),[2] dated as of October 13, 2008 (the "Motion"). The Motion set forth several salient provisions of the Sale Agreement. Specifically, the Motion identified the Purchase Price of the Aircraft to be in the amount of Twenty Five Million Four Hundred Thousand Dollars ($25,400,000) and the Balance of the Purchase Price to be in the amount of Twenty Five Million One Hundred Fifty Thousand Dollars ($25,150,000), *i.e.,* the Purchase Price minus the Deposit received by the Escrow Agent.[3] The Motion also identified the Purchaser's ability to secure an irrevocable commitment from The Northern Trust Company to finance the Purchase Price of the Aircraft, upon terms and conditions acceptable to Purchaser, in Purchaser's sole discretion, as a condition precedent to the Closing of the Sale Agreement.

2.      Subsequent to the filing of the Motion, the Debtors learned that the Purchaser's ability to secure the necessary financing was significantly more expensive than Purchaser, or Seller, had anticipated at the time the Sale Agreement was executed. In light of today's financial markets, Seller and Purchaser agreed to, *inter alia*, a

---

[1] Refer to Motion [Docket No. 1033] for background information regarding these chapter 11 cases and for information regarding Debtors' business, and other such related information.

[2] Purchaser intends to assign its rights and obligations under the Sale Agreement to Gypsy Baby, LLC following an order by this Court approving Debtors' entry into the Sale Agreement, as amended.

[3] Capitalized terms that are used but not defined in this Supplement have the meanings ascribed to them in the Motion.

reduction in the Purchase Price as set forth in Amendment No. 1 to Aircraft Sale and

Purchase Agreement (the "<u>Amendment</u>"), dated as of October 27, 2008, in order to offset

the increased financing cost.

### Amended Provisions of the Sale Agreement

      3.      The Amendment, attached hereto as <u>Exhibit A</u>, contains the

following salient provisions:[4]

- **Purchase Price**.  "Purchase Price" means the amount of Twenty Four Million Eight Hundred Ninety Two Thousand Dollars ($24,892,000) in order to help offset the increased financing cost.

- **Balance of the Purchase Price**.  "Balance of the Purchase Price" means the amount of Twenty Four Million Six Hundred Forty Two Thousand Dollars ($24,642,000).

- **Irrevocable Financing Commitment Satisfied**.  Seller and Purchaser agree that Purchaser has obtained the irrevocable financing commitment referenced in Section 4.1.6 of the Sale Agreement.

- **Inspection**.  Seller and Purchaser agree that the Inspection shall commence within four (4) Business Days of receipt of the order of the Bankruptcy Court approving the transactions contemplated by the Sale Agreement.

- **No Further Modification**.  Except as provided in the Amendment, Seller and Purchaser agree that the Sale Agreement is otherwise unmodified and each party expressly reserves any and all of its respective rights and remedies under the Sale Agreement.

      4.      For the reasons more fully stated in the Motion, the Debtors

request authorization to enter into the Sale Agreement, as amended by the Amendment.

Should the transaction not be consummated, LBHI will incur certain costs related to the

movement of the Aircraft of approximately Thirty Thousand Dollars ($30,000), which

---

[4] To the extent that there are any inconsistencies between the summary description of the Amendment contained herein and the terms and conditions of the Amendment the terms of the Amendment control.

will be reimbursed to the Purchaser, and the cost of retrieving the Aircraft from its

current location, an estimated Forty Thousand Dollars ($40,000), all as more fully

described in the Motion.  Debtors engaged in an extensive bidding process and are

confident they received the best offer for the Aircraft, despite the minor reduction in the

Purchase Price as per the Amendment.  Lastly, the Debtors submit that entry into the Sale

Agreement, as amended, is a sound exercise of their business judgment under section

363(b)(1) of the Bankruptcy Code.

        5.      Accordingly, for these reasons, all as more fully stated in the

Motion, the Debtors request approval to enter into the Sale Agreement, as amended by

the Amendment.  Attached hereto as <u>Exhibit B</u> is a revised proposed order and blackline

(i) granting the relief requested in the Motion as supplemented herein and (ii) reflecting

language requested by the United States Attorneys Office.

        6.      The Debtors seek a waiver of any stay of the order authorizing the

use, sale, or lease of property imposed under Bankruptcy Rule 6004(h).[5]

## **Notice**

        7.      No trustee or examiner has been appointed in these chapter 11

cases.  The Debtors have served notice of this Motion in accordance with the procedures

set forth in the order entered on September 22, 2008 governing case management and

administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii)

the attorneys for the Creditors' Committee; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the

---

[5]  Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.  The Motion incorrectly references Bankruptcy Rule 6004(g).

Southern District of New York; and (vi) all parties who have requested notice in these

chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

8.      No previous request for the additional relief sought herein has been

made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that this Court grant the

relief requested herein and such other and further relief as it deems just and proper.

Dated:  October 29, 2008
        New York, New York

                                      /s/ Alfredo R. Perez
                                      Harvey R. Miller
                                      Richard P. Krasnow
                                      Lori R. Fife
                                      Shai Y. Waisman
                                      Jacqueline Marcus

                                      WEIL, GOTSHAL & MANGES LLP
                                      767 Fifth Avenue
                                      New York, New York 10153
                                      Telephone: (212) 310-8000
                                      Facsimile: (212) 310-8007

                                      Attorneys for Debtors
                                      and Debtors in Possession

## Exhibit A

## The Amendment

CES AVIATION, LLC
c/o Lehman Brothers Inc.
745 Seventh Avenue, 30th Floor
New York, NY 10019

October 27, 2008

Pegasus AV, LLC
c/o Scheuer, Yost & Patterson
125 Lincoln Avenue, Suite 223
Santa Fe, NM 87501
Attn: Ursula Gebert

Re:    Amendment No. 1 to Aircraft Sale and Purchase Agreement

Dear Ursula:

Reference is made to that certain Aircraft Sale and Purchase Agreement dated as of October 13, 2008 (the "Agreement") between CES Aviation, LLC ("Seller") and Pegasus AV, LLC ("Purchaser"). Capitalized terms used herein, but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Agreement.

Seller and Purchaser hereby agree that the Definitions of the terms "Balance of the Purchase Price" and "Purchase Price" in Section 1.1 of the Agreement are hereby amended and restated in their entirety as follows:

**"Balance of the Purchase Price"** means the amount of Twenty Four Million Six Hundred Forty Two Thousand Dollars ($24,642,000.00), *i.e.,* the Purchase Price minus the Deposit received by the Escrow Agent.

**"Purchase Price"** means the amount of Twenty Four Million Eight Hundred Ninety Two Thousand Dollars ($24,892,000.00).

Seller and Purchaser hereby agree that Purchaser has obtained the irrevocable financing commitment referenced in Section 4.1.6 of the Agreement. Seller and Purchaser further agree that the Condition Precedent to Seller's Obligations in Section 4.2.7 of the Agreement and the Condition Precedent to Purchaser's Obligations in Section 4.3.10 of the Agreement are both hereby irrevocably deemed satisfied.

Seller and Purchaser hereby agree that the Inspection described in Section 3.2 of the Agreement shall commence within four (4) Business Days of receipt of the order of the Bankruptcy Court described in Section 4.1.5 of the Agreement.

Except as expressly provided above, the Agreement is otherwise unmodified and each party hereto expressly reserves any and all of its respective rights and remedies under the Agreement.

**THIS LETTER AGREEMENT SHALL IN ALL RESPECTS BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK, UNITED STATES OF AMERICA, WITHOUT REFERENCE TO PRINCIPLES OF CONFLICTS OF LAW OTHER THAN SECTIONS 5-1401 AND 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW.**

Any dispute, claim or controversy arising out of or relating to this letter agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by arbitration in New York, New York, before one (1) arbitrator. The arbitration shall be administered by JAMS pursuant to its Streamlined Arbitration Rules and Procedures. Judgment on the Award may be entered in any court having jurisdiction. This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction.

The parties agree that the terms and conditions of this letter agreement and the Agreement, taken together constitute the entire agreement between the parties with respect to the subject matter hereof. This letter agreement and the Agreement taken together, supersede all prior agreements between the parties, express or implied.

The provisions of this letter agreement shall not be varied otherwise than by an instrument in writing executed by or on behalf of both parties.

This letter agreement may be executed in any number of counterparts, each of which when executed and delivered constitutes an original of this letter agreement, but all the counterparts shall together constitute one and the same agreement.

Very truly yours,

CES Aviation, LLC

By:

Name: Francine Kittredge

**ACCEPTED AND AGREED:**

Pegasus AV, LLC

By:_____

Name: Ursula Gebert

Very truly yours,

CES Aviation, LLC

By: _____
Name: Francine Kittredge

**ACCEPTED AND AGREED:**

Pegasus AV, LLC

By: _____
Name: Ursula Gebert

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                         :

**In re**                      :        **Chapter 11 Case No.**
                         :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :        **08-13555 (JMP)**
                       :

               **Debtors.**      :        **(Jointly Administered)**
                       :
                       :
----------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 363 OF THE**
**BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY**
**PROCEDURE 6004 AUTHORIZING LEHMAN BROTHERS HOLDINGS**
**INC. TO ENTER INTO AN AMENDED SALE AND PURCHASE AGREEMENT**

        Upon the motion, dated October 15, 2008, as modified by a supplement, dated

October 29, 2008 (said motion and supplement, collectively, the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-

debtor affiliates, "Lehman"), pursuant to section 363 of title 11 of the United States Code (the

"Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for authorization and approval of a certain Sale and Purchase Agreement

(the "Sale Agreement"), dated as of October 13, 2008, as amended by Amendment No. 1 to

Aircraft Sale and Purchase Agreement (the "Amendment"), dated as of October 27, 2008, all as

more fully described in the Motion; and the Court having jurisdiction to consider the Motion and

the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing

------------------------

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided in accordance with the procedures set forth in

the order entered September 22, 2008 governing case management and administrative procedures

[Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the

attorneys for the Official Committee of Unsecured Creditors; (iii) the attorneys for the Debtors'

postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue

Service; (vi) the United States Attorney for the Southern District of New York; (vii) the

Purchaser; and (viii) all parties who have requested notice in these chapter 11 cases, and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their estates

and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is hereby

      ORDERED that the Motion is GRANTED; and it is further

      ORDERED that, pursuant to section 363(b) of the Bankruptcy Code and

Bankruptcy Rule 6004, the Sale Agreement, as amended by the Amendment, hereby is approved

and the Debtors are authorized to consummate all of the transactions contemplated thereby,

including but not limited to, the sale of Seller's aircraft, Gulfstream Aerospace G-IV bearing

Manufacturer's Serial Number 1448 and U.S. Registration Mark N300LB (the "Aircraft"), to

Pegasus AV, LLC; and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, the sale of the Aircraft to the Purchaser (the "Sale") shall be free and clear of any and all liens, claims and encumbrances, with such liens, claims and encumbrances (if any) to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims and encumbrances have on the Assets, as appropriate, subject to the rights and defenses of the Debtors and any party in interest with respect thereto; and it is further

ORDERED that the Purchaser is granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized to execute and deliver such assignments, conveyances, and other documents, and instruments of transfer and to take such other actions as may be reasonably necessary to consummate the Sale; and it is further

ORDERED that nothing in this Order or in the Sale Agreement or in the Amendment (i) releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statues or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order, or (ii) should be construed to give Purchaser any more protection against any government unit than it is otherwise entitled to under 11 U.S.C. § 363(f)(1), (3), (4), or (5). Nothing in this paragraph should be construed to create for any governmental unit any substantive right that does not already exist under law; and it is further

ORDERED that Debtors are authorized to pay the following outstanding invoices relating to flight support activities, as more fully described in the Motion: (i) aircrew training expenses in the amount of $27,621.06; (ii) travel and preparation for aircrew expenses in the amount of $491.79; (iii) hangar, fuel, and maintenance expenses in the amount of $21,624.72;

(iv) expenses incurred in positioning the Aircraft in Scottsdale, Arizona for Purchaser's

inspection in the amount of $20,046.28; and (v) various other operating expenses in the amount

of $41,265.45; and it is further

ORDERED that Debtors are authorized to pay the fees of Seller's Broker in the

amount of One Hundred Fifty-Eight Thousand Five Hundred Dollars ($158,000); and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rule 6004(h),[2]

the terms and conditions of this Order shall be immediately effective and enforceable upon its

entry; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this

Order.

Dated:  October __, 2008
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

---

[2] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the
United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge
Stuart M. Bernstein.

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                               :
In re                                                          :        Chapter 11 Case No.
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :        **08-13555 (JMP)**
                                                               :
                                    **Debtors.**               :        **(Jointly Administered)**
                                                               :
                                                               :
-----------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 363 OF THE**
**BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY**
**PROCEDURE 6004 AUTHORIZING LEHMAN BROTHERS HOLDINGS**
**INC. TO ENTER INTO ~~A~~AN AMENDED SALE AND PURCHASE AGREEMENT**

Upon the motion, dated October 15, ~~2008 (~~2008, as modified by a supplement,

dated October 29, 2008 (said motion and supplement, collectively, the "Motion"), [1] of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their

non-debtor affiliates, "Lehman"), pursuant to section 363 of title 11 of the United States Code

(the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for authorization and approval of a certain Sale and Purchase Agreement~~,~~.

(the "Sale Agreement"), dated as of October 13, 2008, as amended by Amendment No. 1 to

Aircraft Sale and Purchase Agreement (the "Amendment"), dated as of October 27, 2008, all as

more fully described in the Motion; and the Court having jurisdiction to consider the Motion and

the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided in accordance with the procedures set forth in

the order entered September 22, 2008 governing case management and administrative procedures

[Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the

attorneys for the Official Committee of Unsecured Creditors; (iii) the attorneys for the Debtors'

postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue

Service; (vi) the United States Attorney for the Southern District of New York; (vii) the

Purchaser; and (viii) all parties who have requested notice in these chapter 11 cases, and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their estates

and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to section 363(b) of the Bankruptcy Code and

Bankruptcy Rule 6004, the Sale Agreement, ~~dated October 13, 2008,~~ as amended by the

Amendment, hereby is approved and the Debtors are authorized to consummate all of the

transactions contemplated thereby, including but not limited to, the sale of Seller's aircraft,

Gulfstream Aerospace G-IV  bearing Manufacturer's Serial Number 1448 and U.S. Registration

Mark N300LB (the "Aircraft"), to Pegasus AV, LLC; and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, the sale of the Aircraft to the ~~Purchasers~~Purchaser (the "Sale") shall be free and clear of any and all liens, claims and encumbrances, with such liens, claims and encumbrances (if any) to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims and encumbrances have on the Assets, as appropriate, subject to the rights and defenses of the Debtors and any party in interest with respect thereto; and it is further

ORDERED that the Purchaser is granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized to execute and deliver such assignments, conveyances, and other documents, and instruments of transfer and to take such other actions as may be reasonably necessary to consummate the Sale; and it is further

ORDERED that nothing in this Order or in the Sale Agreement or in the Amendment (i) releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statues or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order, or (ii) should be construed to give Purchaser any more protection against any government unit than it is otherwise entitled to under 11 U.S.C. § 363(f)(1), (3), (4), or (5).  Nothing in this paragraph should be construed to create for any governmental unit any substantive right that does not already exist under law; and it is further

ORDERED that Debtors are authorized to pay the following outstanding invoices relating to flight support activities, as more fully described in the Motion: (i) aircrew training expenses in the amount of $27,621.06; (ii) travel and preparation for aircrew expenses in the amount of $491.79; (iii) hangar, fuel, and maintenance expenses in the amount of $21,624.72;

(iv) expenses incurred in positioning the Aircraft in Scottsdale, Arizona for Purchaser's

inspection in the amount of $20,046.28; and (v) various other operating expenses in the amount

of $~~41,265.45~~ 41,265.45; and it is further

ORDERED that Debtors are authorized to pay the fees of Seller's Broker in the

amount of One Hundred Fifty-Eight Thousand Five Hundred Dollars ($158,000)~~.~~; and it is

further

ORDERED that notwithstanding any applicability of Bankruptcy Rule 6004(h),[2]

the terms and conditions of this Order shall be immediately effective and enforceable upon its

entry; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this

Order.

Dated:  October __, 2008
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

---

[2] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.