Hearing Date and Time: November 5, 2008 at 10:00 a.m.
Objection Deadline: October 29, 2008 at 4:00 p.m.

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone: 212-403-1000
Facsimile: 212-403-2000
David C. Bryan (DB-3379)

Attorneys for JP Morgan Chase & Co.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re                                                            :
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                         :   Chapter 11 Case No.
                                                                 :   Case No. 08-13555 (JMP)
                                          Debtors.               :   Jointly Administered
                                                                 :
---------------------------------------------------------------- x

### JOINDER IN SUPPORT OF MOTION FOR AN ORDER COMPELLING ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS PURSUANT TO SECTIONS 105(d)(2)(A) AND 365(d)(2) OF THE BANKRUPTCY CODE

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

JPMorgan Chase & Co., on behalf of itself and certain of its affiliates identified on Exhibit A hereto ("JPMorgan"), hereby joins in the Motion for an Order Compelling Lehman Commercial Paper Inc. to Assume or Reject Executory Contracts Pursuant to Sections 105(d)(2)(a) and 365(d)(2) of the Bankruptcy Code, dated October 17, 2008 (Docket No. 1117 in Case No. 08-13555, the "Motion"), filed by certain financial institutions (the "Trade Counterparties") that are counterparties to trade confirmations for the purchase or sale of loans from or to certain of the Debtors. In support of its Joinder in the Motion, JPMorgan respectfully states as follows:

1. Like the Trade Counterparties to the pending Motion, JPMorgan is the counterparty to a number of pending prepetition trade confirmations for the purchase and sale of loans, participations and claims from and to certain of the Debtors in these chapter 11 cases (the "JPM Trade Confirmations"). A schedule of the prepetition JPM Trade Confirmations now known to be pending between JPMorgan and two of the Debtors, Lehman Brothers Holdings Inc. and Lehman Commercial Paper, Inc., is annexed hereto as Exhibit A. JPMorgan reserves the right to supplement this Joinder to identify additional JPM Trade Confirmations with the Debtors.

2. For the reasons set forth in the Motion, JPMorgan joins in the Motion with respect to the JPM Trade Confirmations, and similarly requests that the Debtors party thereto be compelled to assume or reject the JPM Trade Confirmations on or before November 7, 2008.

3. The JPM Trade Confirmations constitute executory contracts under which material performance will remain due on both sides until such time as the parties enter into definitive transfer documentation and consummate the subject loan purchase and sale transactions. Unless the Debtors are compelled promptly to assume or reject the JPM Trade Confirmations, JPMorgan will be placed in the untenable and inequitable position of bearing all of the market risk associated with fluctuations in the prices of the loans being purchased or sold, thus exposing JPMorgan to the risk of large losses while permitting the Debtors in effect to gamble with JPMorgan's money – deciding only later, after the facts of any increases or decreases in the market prices of the subject loans are known, to "assume" all of the winning bets and "reject" all of the losing ones.

4. It would be unfair and prejudicial to JPMorgan, and would create an inequitable windfall for these estates, to require JPMorgan to bear all of the future risk of loss, and yet to permit the Debtors to reap all of the future gains, from the JPM Trade Confirmations, particularly given the extreme volatility currently being experienced in the secondary commercial loan market. Conversely, there is no prejudice to the Debtors from being compelled to assume or reject the JPM Trade Confirmations in a timely fashion according to ordinary industry practice.

5. The decision whether to assume or reject the JPM Trade Confirmations is not a complex or difficult task, since the Debtors are readily able to ascertain now whether or not the JPM Trade Confirmations are of net benefit to the estate. Indeed, the Debtors and other parties-in-interest will be well-served by the expeditious fixing of the estate's assets and liabilities in respect of these executory contracts, while freeing JPMorgan to engage in alternative transactions to mitigate any losses, as well as enabling JP Morgan to comply with its own obligations to other trading counterparties with respect to the subject loans.

WHEREFORE, JPMorgan respectfully joins in the Motion and requests that the relief sought therein be made fully applicable to the JPM Trade Confirmations, together with such other and further relief as is just and proper.

Dated: New York, New York
October 29, 2008

/s/ David C. Bryan
David C. Bryan

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

Attorneys for JP Morgan Chase & Co.