**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
|  | X |  |
| In re: | § | Chapter 11 |
|  | § |  |
| LEHMAN BROTHERS HOLDINGS, INC. | § | Case No. 08-13555 (JMP) |
| et al., | § | (Jointly Administered) |
|  | § |  |
| Debtors, | § |  |
| _____ |  |  |
| SECURITIES INVESTOR PROTECTION | § |  |
| CORPORATION | § | Adversary No. 08-01420 (JMP) |
|  | § |  |
| Creditor, | § |  |
|  | § |  |
| v. | § |  |
|  | § |  |
| LEHMAN BROTHERS, INC. | § |  |
|  | § |  |
| Defendant, | § |  |
|  | § |  |
|  | X |  |

**CERTIFICATION OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING NOTICE OF PRESENTMENT OF STIPULATION AND ORDER (1) CLARIFYING THAT DATA SERVICES AGREEMENT BETWEEN LEHMAN BROTHERS INC. AND MARKIT GROUP, INC. HAS NOT BEEN ASSUMED AND ASSIGNED PURSUANT TO THE SEPTEMBER 20, 2008 SALE ORDER AND (2) WITHDRAWING THE MOTION OF MARKIT GROUP, INC. FOR CLARIFICATION OR MODIFICATION OF THE SEPTEMBER 20 ORDER**

Pursuant to 28 USC §1746, and in accordance with this Court's case management procedures set forth in the Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures entered on September 22, 2008 (the "Case Management Order"), the undersigned hereby certifies as follows:

1. On October 24, 2008, the undersigned, on behalf of Barclays Capital Inc. ("BCI"), caused the Notice of Presentment of Stipulation and Order (1) Clarifying that Data Services Agreement between Lehman Brothers Inc. and Markit Group, Inc. has not been Assumed and Assigned Pursuant to the September 20, 2008 Sale Order and (2) Withdrawing the Motion of Markit Group, Inc. for Clarification or Modification of the September 20 Order (Docket Nos. 1206 and 172, in the respective cases) (the "Notice of Presentment") to be filed with the United States Bankruptcy Court for the Southern District of New York (the "Court") in the above captioned cases.

2. The Notice of Presentment set October 29, 2008 at 4:00 pm (New York Time) as the deadline for parties to object or file a response to the Notice of Presentment (the "Objection Deadline").

3. The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Notice of Presentment has been filed with the Court on the dockets of the above-referenced cases in accordance with the procedures set forth in Case Management Order, nor has any objection or other responsive pleading with respect to the Notice of Presentment been served on counsel to BCI.

4. BCI respectfully requests that the proposed Stipulation and Order, attached hereto as Exhibit A, be entered in accordance with the Notice of Presentment.

I declare that the foregoing is true and correct.

Dated:  New York, New York
October 29, 2008

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By: _____
Lindsee P. Granfield
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to Barclays Capital Inc.*

Exhibit A

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | X | |
| In re: | § | Chapter 11 |
| | § | |
| LEHMAN BROTHERS HOLDINGS, INC. | § | Case No. 08-13555 (JMP) |
| et al., | § | (Jointly Administered) |
| | § | |
| Debtors, | § | |
| _____ | | |
| SECURITIES INVESTOR PROTECTION | § | |
| CORPORATION | § | Adversary No. 08-01420 (JMP) |
| | § | |
| Creditor, | § | |
| | § | |
| v. | § | |
| | § | |
| LEHMAN BROTHERS, INC. | § | |
| | § | |
| Defendant, | § | |
| | § | |
| | X | |

**STIPULATION AND ORDER (1) CLARIFYING THAT DATA SERVICES
AGREEMENT BETWEEN LEHMAN BROTHERS INC. AND MARKIT GROUP, INC.
HAS NOT BEEN ASSUMED AND ASSIGNED PURSUANT TO THE SEPTEMBER 20,
2008 SALE ORDER AND (2) WITHDRAWING THE MOTION OF MARKIT GROUP,
INC. FOR CLARIFICATION OR MODIFICATION OF THE SEPTEMBER 20 ORDER**

　　　　WHEREAS, on or about September 15, 2008, Lehman Brothers Holdings, Inc. and LB

745 LLC (the "Debtors") filed voluntary petitions under Chapter 11 of Title 11 of the United

States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and

　　　　WHEREAS, on or about September 19, 2008, the Securities Investor Protection

Corporation ("SIPC") commenced a liquidation proceeding against Lehman Brothers

International ("LBI") under the Securities Investor Protection Act of 1970, as amended ("SIPA"), 15 U.S.C. Sections 78aaa et seq (the "SIPA Liquidation"), and

WHEREAS, on or about September 17, 2008, the Debtors filed the "*Debtors' Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets*" (the "Sale Motion") [Docket No. 60]; and

WHEREAS, on September 20, 2008, the Court granted Debtors' Sale Motion and, *inter alia*, provided for the assumption and assignment to Barclays Capital Inc. ("Purchaser") of certain executory contracts (the "Closing Date Contracts") between the Debtors, LBI and various third parties, pursuant to an Asset Purchase Agreement among the Debtors, LBI and Purchaser (the "Asset Purchase Agreement"); and

WHEREAS, Markit Group Limited ("Markit") and LBI are parties to a Data Services Agreement dated December 3, 2002 and addenda thereto (the "Markit License"); and

WHEREAS, on or about September 29, 2008, Markit filed a "*Motion To (1) Clarify So Much Of The September 19, 2008 Order Authorizing And Approving The Sale Of Assets As Relates To The Assumption And Assignment Of The Data Services Agreement Between Lehman Brothers, Inc. And Markit Partners Limited Or, (2) To The Extent Necessary, Modify So Much Of That Order As Approved The Assignment Of That Agreement To Purchaser Without Markit's Consent*" (the "Clarification Motion"); and

WHEREAS, Markit and the Purchaser have agreed to resolve the issues raised by the Clarification Motion on the terms set forth herein;

NOW, THEREFORE, it is STIPULATED AND AGREED, subject to the approval of the Bankruptcy Court, by and between the undersigned parties, as follows:

2

1. The Markit License has not been assumed and assigned to Purchaser as a Closing Date Contract (as defined in the Sale Order) or otherwise, and shall not be assumed and assigned to Purchaser as a Closing Date Contract (as defined in the Sale Order) or otherwise unless and until Markit consents to such assumption and assignment (such consent to be at Markit's sole discretion); and

2. Markit's Clarification Motion shall be, and hereby is, withdrawn.

Dated: October 24, 2008
       New York, NY

/s/ Jeffrey W. Levitan
Jeffrey W. Levitan
Michael T. Mervis
Karen D. Coombs
Proskauer Rose LLP
1585 Broadway
New York, NY  10036-8299
*Attorneys for Mark-it Group*

/s/ Lisa M. Schweitzer
Lindsee P. Granfield, Esq.
Lisa M. Schweitzer, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
*Attorneys for Barclays Capital Inc.*

SO ORDERED

_____
Hon James M. Peck, U.S.B.J.

3