Christopher R. Belmonte (CB-2163)
Pamela A. Bosswick (PB-5307)
Abigail Snow (AS-2960)
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, New York 10169
(212) 818-9200

*Counsel for International Business Machines Corporation*

Hearing Date: December 3, 2008
Hearing Time: 10:00 a.m.
Objection Date: November 26, 2008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al. | ) Case No. 08-13555 (JMP) |
| Debtor, | ) Jointly Administered |
| SECURITIES INVESTOR PROTECTION CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) Adversary Proceeding No. ) 08-01420 (JMP) |
| LEHMAN BROTHERS INC. | ) |
| Debtor. | ) |

**INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTION
FOR AN ORDER (I) COMPELLING PAYMENT OF UNDISPUTED PORTION
OF CURE AMOUNT; (II) COMPELLING PAYMENT FOR SERVICES PROVIDED
POST-PETITION; AND (III) SCHEDULING A HEARING FOR THIS COURT TO
<u>DETERMINE THE AMOUNT OF REMAINING DISPUTED CURE AMOUNT</u>**

International Business Machines Corporation, on its own behalf and on behalf of its subsidiaries and affiliates (collectively "<u>IBM</u>"), hereby files its motion for an order compelling payment of the undisputed portion of the Cure Amount (as defined in the Sale Order), compelling payment for services provided post-petition, and scheduling a hearing to determine the amount of the remaining disputed Cure Amount (the "<u>Motion</u>"), and in support

751173_3

thereof states as follows:

## PRELIMINARY STATEMENT

Pursuant to a Master Information Technology Services Agreement dated as of May 24, 2007, IBM provided mainframe outsourcing and related services to the Debtors and LBI (as defined herein) (the "IBM Contracts"). In connection with the IBM Contracts, IBM has agreements with third party software vendors for software licensed to the Debtors and/or LBI (the "Third Party Contracts") to provide services required for IBM to render support services under the IBM Contracts. The IBM Contracts were assumed and assigned in the sale to Barclays Capital, Inc. ("Barclays"), approved by this Court on September 19, 2008, and which closed on September 22, 2008. IBM continues to provide services to Barclays under the IBM Contracts, but has yet to receive any payment: either for the $9,067,000.98 portion of the Cure Amount which is undisputed, or for an additional $7 million, (subject to an invoice scheduled to be submitted on November 15). IBM timely objected to the amount of the cure payment proposed by the Debtors, and has twice, on October 1 and again on October 9, provided documents to Barclays at its request which support an additional $284,095.24 in amounts owed. Nevertheless, IBM has yet to receive any response from Barclays, and there has been no good faith effort to resolve the Cure Amount. Accordingly, IBM seeks to have this Court compel payment of the undisputed portion of the Cure Amount, compel payment for services provided subsequent to the Petition Date, and schedule a hearing to resolve IBM's objection with respect to the remaining $284,095.24 disputed portion of the Cure Amount.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. § 1409(a).

2. The statutory provisions governing the relief requested in this Motion are 11 U.S.C. §§ 363 and 365.

## BACKGROUND

A.   *Procedural Background*

3. On September 15 Lehman Brothers Holdings Inc. ("LBHI") filed its petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subsequent chapter 11 petitions were filed by related entities (together with LBHI, the "Debtors"). By order dated October 16, the Debtors cases are jointly administered.

4. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA"), with respect to Lehman Brothers Inc. ("LBI"), and James W. Giddens was appointed as Trustee under SIPA (the "SIPC Trustee") to administer LBI's estate.

5. On September 17, 2008, the Debtors filed their Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets, dated September 17, 2008 (the "Sale Motion"). The Sale Motion provided, *inter alia,* for the assumption and assignment of the IBM Contracts as Closing Date Contracts.

6. The Debtors posted the list of assumed contracts on September 19, 2008 (the "List"), and proposed a total Cure Amount of $9,067,000.98.[1]

7. On September 19, 2008, IBM filed its Statement and Limited Objection to Debtor's Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a

---

[1] The List was updated on October 1, 2008, although the proposed cure amount for IBM remained unchanged.

3

751173_3

Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets [Docket No. 221] (the "Original Objection"). A true copy of the Original Objection is annexed hereto as Exhibit A. In the Original Objection, IBM did not object to the proposed assumption and assignment of the IBM Contracts but objected to its inability to identify from the List which of its many contracts with the Debtors the Debtors propose to assume and assign, resulting in its inability to quantify and verify the cure amounts listed for those contracts.

8. On September 19, 2008, the Court entered an order (the "Sale Order"), which, among other things, granted the Sale Motion. The Sale Order authorized the Debtors and LBI to assume and assign to Barclays certain pre-petition executory contracts and unexpired leases on the closing date. Sale Order, p. 16, ¶12. According to the Sale Order, all counterparties to these contracts were required to file objections to the proposed cure amounts (including as to the specific identity of such contracts) by October 3, 2008. Id.

9. On October 2, 2008, IBM filed its Amended Objection to Cure Amounts for Closing Date Contracts [Docket No. 521] (the "Amended Objection"). A true copy of the Amended Objection is annexed hereto as Exhibit B. The Amended Objection set forth a cure amount for the IBM Contracts of $9,336,800.39 (the "Cure Amount"), and reserved the right to amend the cure amounts as necessary.

B.    *Attempts to Resolve Cure Amount*

10. On October 1, 2008, at the request of Barclays, the invoices which support (and in fact slightly exceed) the Cure Amount were emailed to Doron Shakarachy and Nancy Stanton at Barclays. On October 9, 2008, again at the request of Barclays, the October 1st email and supporting invoices were emailed to Arif Goraya at Barclays. A true copy of the emails, without attachments, is attached as Exhibit C.

4

11. The invoices supplied to Barclays total $9,351,096.22, of which $4,782,052.73 is for services invoiced under the IBM Contracts prior to the September 15 Petition Date, and $4,569,043.49 is for services invoiced on and after September 15. IBM subsequently, on October 15, submitted an invoice for services totaling $3,731,935.12 to Barclays. Thus the amount due to IBM as of the date hereof, October 30, is $13,083,031.34.

12. On November 15, IBM will submit another monthly invoice for services which is anticipated to total $3,722,119.32 (subject to revision by the invoice date). Also on November 15, IBM will submit an invoice for $558,829.00 (excluding sales tax) in connection with a Third Party Contract with Compuware, for payment to be made to Compuware by IBM as paying agent for Barclays. Additionally, as of November 15, contractual interest in the amount of $90,467.15 will be due with respect to the August 15 invoice (for 41 days of late interest), and contractual interest in the amount of $24,107.69 will be due with respect to the September 15 invoice (for 11 days of late interest), for a total interest late fee of $114,574.84.[2] Accordingly, as of the scheduled hearing on December 3, 2008, the amount due to IBM will exceed $17 million, without taking into account services rendered but not yet invoiced.

13. IBM has not received any response from Barclays, nor has it received any payments for services rendered before or after the Petition Date. Although IBM has been and remains willing to confer in good faith to resolve the disputed $284,095.24 portion of the Cure Amount, as required by the Sale Order, there can be no resolution in the absence of a willing partner to such conference. Barclays, by its failure to respond to information which has been submitted to it twice, and by its failure to meet the obligations it assumed for services arising after the Petition Date, has failed to demonstrate the good faith required by the Sale Order.

---

[2] Contractual interest will continue to accrue on these two invoices in the amount of $4,398.13 per day, $2,206.52 for the August 15 invoice and $2,191.61 for the September 15 invoice.

751173_3

**GROUNDS FOR RELIEF REQUESTED**

14. Pursuant to the Asset Purchase Agreement among Lehman Brothers Holdings Inc., Lehman Brothers Inc., LB 745 LLC and Barclays Capital Inc. (the "APA"), approved by this Court on September 19, 2008, Barclays assumed, and was required to "timely perform and discharge" liabilities of the Debtors and LBI which included "all Liabilities of Seller under the Purchased Contracts arising after, with respect to each entity comprising Seller, the date on which such entity commenced a voluntary case or cases under Chapter 11 or Chapter 7 . . ." APA at section 2.3(b). As set forth above, IBM provided services under the IBM contracts subsequent to the Petition Date and continues to provide such services. Barclays, however, has failed to "timely perform and discharge" the liabilities under the IBM Contracts, specifically to make payments due.

15. The Sale Order requires that, if an objection to a Cure Amount is filed, "the Debtors, Purchaser and the counterparty shall meet and confer in good faith to attempt [to] resolve any such objection" but that if the objection cannot be resolved, "then such dispute will be determined by the Court upon written application." Sale Order, p.16, ¶12. As set forth above, IBM has twice responded to request from Barclays and provided documentation to support the disputed amount of the Cure Payment, but Barclays has failed to respond and accordingly cannot be said to be demonstrating good faith.

16. Accordingly, IBM requests that this Court compel payment of the undisputed portion of the Cure Amount, totaling $9,067,000.98; compel payment of invoices for services provided after the Petition Date, which as of the date of this writing total $3,731,935.12 and which will by the December 3 hearing date increase by approximately $4.2-million; and schedule a hearing to resolve the $284,095.24 remaining disputed portion of the Cure Amount.

17. IBM expressly reserves the right to amend the cure amounts for the IBM Contracts, including identifying additional contracts between the parties and the cure amounts for those agreements.

### REQUEST FOR WAIVER OF LOCAL BANKRUPTCY RULE 9013-1(b)

18. It is respectfully requested that this Court waive and dispense with the requirement set forth in Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York that any motion filed shall be accompanied by a memorandum of law on the grounds that no novel issues of law are raised in this motion and the relevant authorities are contained herein.

### CONCLUSION

WHEREFORE, for the reasons stated above, IBM respectfully requests that this Court enter an order compelling payment of the undisputed portion of the Cure Amount, compelling payment for services provided post-petition, and scheduling a hearing to determine the amount of the remaining disputed Cure Amount, and that the Court grant such other and further relief as is just and proper.

Dated: New York, New York
October 30, 2008

SATTERLEE STEPHENS BURKE & BURKE LLP
*Counsel for International Business Machines Corporation*

By:   /s/ Christopher R. Belmonte
Christopher R. Belmonte (CB-2163)
Pamela A. Bosswick (PB-5307)
Abigail Snow (AS-2960)
230 Park Avenue
New York, New York 10169
(212) 818-9200

751173_3