**Hearing Date: November 5, 2008 at 10:00 am (prevailing Eastern Time)**

CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York  10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666
Howard R. Hawkins Jr., Esq.
Jason Jurgens, Esq.
Ellen M. Halstead, Esq.
*Attorneys for WestLB AG, New York Branch*

-and-

Peter Marchetti, Esq.
WestLB AG, New York Branch
1211 Avenue of the Americas
New York, NY  10002
Tel:  (212) 597-1436
Fax:  (212) 789-0054

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC.,<br><br>                              Debtor. | Chapter 11<br><br>Case No. 08-13555 (JMP) |

**RESPONSE OF WESTLB AG TO DEBTORS' MOTION PURSUANT TO
SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULES 6006 AND 9014 FOR AUTHORIZATION TO REJECT CONTINGENT
MANAGEMENT AGREEMENT WITH WESTLB AG, NEW YORK BRANCH**

WestLB AG, New York Branch (f/k/a Westdeutsche Landesbank Girozentrale (New York Branch) ("WestLB"), by and through its undersigned counsel, hereby submits this response (the "Response") to the Debtors' Motion Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014 for Authorization to Reject Contingent Management Agreement with WestLB AG (the "Motion"), and in support thereof states as follows:

**BACKGROUND**

1.  On October 5, 2008 (the "Petition Date"), Lehman Brothers Financial Products Inc. ("LBFP" or the "Debtor"), a subsidiary of Lehman Brothers Holdings Inc. ("LBHI") , filed for bankruptcy protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor's case has been consolidated for procedural purposes only and is being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") with the chapter 11 cases of LBHI and certain other of its subsidiaries that have filed for chapter 11 protection.

2.  Prior to the Petition Date, WestLB and the Debtor entered into a certain Contingent Management Agreement dated as of January 5, 1999, which was later amended by an Extension and Amendment Agreement, a Second Extension and Amendment Agreement and a Third Amendment Agreement (the Contingent Management Agreement, the Extension and Amendment Agreement, the Second Extension and Amendment Agreement and the Third Amendment Agreement are hereinafter collectively referred to as the "Contingent Management Agreement"). A copy of the Contingent Management Agreement is annexed to the Motion as Exhibit A thereto. The Contingent Management Agreement provides that WestLB would assume certain management functions for the Debtor upon the occurrence of a Trigger Event, which includes the filing of a chapter 11 petition by LBHI. The Contingent Management Agreement was required by the credit rating agencies for LBFP to maintain its credit rating and was aimed at reducing market risks to LBPF's portfolio.

3.  Pursuant to paragraph 6 of the Contingent Management Agreement, WestLB has a right to be paid a fee of $2,200,000.00 (plus applicable interest) and a right to be reimbursed for any and all of its costs and expenses incurred under the Contingent Management Agreement. If the Motion is granted, WestLB intends to file a rejection damages claim (the

"Rejection Damages Claim") for any and all amounts owed to WestLB under the Contingent Management Agreement.

4. On October 17, 2008, the Debtor filed the Motion, which seeks to reject the Contingent Management Agreement. Attached to the Motion is a proposed order (the "Proposed Order"), which, upon the legal and factual bases in the Motion, seeks to grant the relief sought in the Motion.

## RESPONSE

5. WestLB does not object to the Debtor's exercise of its business judgment in rejecting the Contingent Management Agreement. WestLB, however, has filed this Response because certain language contained in paragraph 9 of the Motion contains inaccurate factual assertions that the Debtor may subsequently assert prejudice WestLB's Rejection Damages Claim. Such language includes, *inter alia*, the following statement set forth in paragraph 9 of the Motion: "Moreover, the [Contingent Management] Agreement has become unworkable because WestLB has not been able to supply the personnel that would be required . . . ." This inaccurate statement is arguably transformed into a finding by the language in the Proposed Order, which provides: "[T]he legal and factual bases set forth in the Motion establish just cause for the relief granted herein."

6. WestLB has been, at all times prior to and since the Petition Date, ready, willing and able to perform its duties under the Contingent Management Agreement, including, without limitation, the supply of any necessary personnel. Indeed, prior to the filing of the Motion, certain employees of WestLB, consultants to the Debtor and Debtor's counsel engaged in email correspondence and a phone call to discuss the Contingent Management Agreement. In such correspondence and dialogue, several issues regarding the Contingent Management Agreement were discussed, such as: (a) whether the Debtor desired that WestLB perform under

-4-

the Contingent Management Agreement; (b) whether WestLB should seek the Court's permission pursuant to Section 327 of the Bankruptcy Code to be retained as a professional; and (c) whether the Debtor intended to assume or reject the Contingent Management Agreement. The assertion contained in paragraph 9 of the Motion that WestLB was not able to perform its duties under the Contingent Management Agreement, therefore, has no basis in fact.

WHEREFORE, for the reasons stated in this Response, WestLB respectfully requests that the Court require that language be placed in the Order granting the motion to reject so that WestLB's rights to file, assert and fully litigate its Rejection Damages Claim are no way prejudiced and that the Court grant WestLB such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 30, 2008

CADWALADER, WICKERSHAM & TAFT LLP

/s/ *Howard R. Hawkins, Jr.*
Howard R. Hawkins Jr., Esq.
Jason Jurgens, Esq.
Ellen M. Halstead, Esq.
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

- and -

Mark C. Ellenberg, Esq., *Pro Hac Vice Pending*
1201 F Street N.W., Suite 1100
Washington, DC 20004
Telephone: (202) 862-2200
Facsimile: (202) 862-2400
*Attorneys for WestLB AG, New York Branch*

- and -

Peter Marchetti, Esq.
WestLB AG, New York Branch
1211 Avenue of the Americas
New York, NY 10002
Tel: (212) 597-1436
Fax: (212) 789-0054