**Hearing Date and Time: November 5, 2008 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                    :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :    **08-13555 (JMP)**
:
      **Debtors.**                           :    **(Jointly Administered)**
:
------------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF STIPULATION
## AND AGREED ORDER RESOLVING MOTION TO COMPEL

PLEASE TAKE NOTICE that the *Stipulation and Agreed Order Resolving Motion to Compel* (the "Stipulated Order"), annexed hereto, will be presented to the Honorable James M. Peck, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for approval and signature on **November 5, 2008 at 10:00 a.m. (ET)**.

NY2:\1928392\12\15BYG12!.DOC\58399.0003

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: October 31, 2008
      New York, New York

/s/ Jacqueline Marcus
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: November 5, 2008 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                                   :
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,             :    08-13555 (JMP)
                                                   :
                        Debtors.                   :    (Jointly Administered)
                                                   :
                                                   :
------------------------------------------------------------------x
```

**STIPULATION AND AGREED ORDER RESOLVING MOTION TO COMPEL**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor in the above-referenced chapter 11 cases, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors" and, collectively with their debtor and non-debtor affiliates, "Lehman"), and the Movants,[1] by and through their respective counsel, hereby enter into this Stipulation and Agreed Order (this "Stipulation") and stipulate and agree, as follows:

---

[1] The term "Movants" shall mean those parties listed on Exhibit A hereto.

**RECITALS**

A. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries, including LCPI, commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C. Prior to the Commencement Date, the Debtors were active in the secondary loan market. In this capacity, the Debtors purchased and sold both par and distressed commercial loans.

D. The Debtors' prepetition trades were reflected in various oral and written confirmations (the "Trade Confirmations"). Generally, each Trade Confirmation represented a binding agreement to purchase or to sell positions in par or distressed loans or participations in par or distressed loans or claims against third parties at an agreed upon price. Such transactions generally were consummated and settled over the next several weeks upon execution by both parties of formal transfer documentation and payment by the purchaser of the applicable purchase price.

E. As of the Commencement Date, the Debtors had entered into, but had not yet consummated and settled, hundreds of Trade Confirmations (the "Open Trade Confirmations").

F. The Open Trade Confirmations are executory contracts subject to assumption or rejection under section 365 of the Bankruptcy Code. Pursuant to section

365(d)(2) of the Bankruptcy Code, the Debtors have until plan confirmation to assume or reject the Open Trade Confirmations unless the Court fixes an earlier date. 11 U.S.C. § 365(d)(2).

G. On October 17, 2008, the Movants filed a Motion for an Order Compelling Lehman Commercial Paper Inc. to Assume or Reject Executory Contracts Pursuant to Sections 105(d)(2)(A) and 365(d)(2) of the Bankruptcy Code [Docket No. 1117 in Case No. 08-13555] (the "Motion to Compel"), in which the Movants seek an order compelling LCPI to assume or reject certain Open Trade Confirmations prior to November 7, 2008.

H. LBHI was not a subject of the Movants' Motion to Compel. However, several parties to Open Trade Confirmations with LBHI have requested that LBHI also make a prompt determination regarding the treatment of its Open Trade Confirmations.

I. Since the Commencement Date, the Debtors have worked diligently to determine which Open Trade Confirmations should be assumed, assumed and assigned, or rejected, as applicable.

J. The Debtors believe they will be able to notify counterparties to the Open Trade Confirmations (each a "Counterparty" and, collectively, the "Counterparties") of their intentions with respect to the Open Trade Confirmations on or before November 7, 2008.

K. The Debtors and the Movants have agreed as follows:

**AGREED ORDER**

IT IS HEREBY AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1. After consultation with professionals retained by the Official Committee of Unsecured Creditors (the "Committee") and, in any event, on or before the close of business at 5:00 p.m. (Prevailing Eastern Time) on November 7, 2008 (the "Notification Deadline"), the

Debtors shall notify each Counterparty of the applicable Debtor's designation of each Open Trade Confirmation entered into with such Counterparty as either (1) an Open Trade Confirmation the Debtor seeks to assume (an "<u>Assumed Trade Confirmation</u>"), (2) an Open Trade Confirmation the Debtor seeks to assume and assign (an "<u>Assumed and Assigned Trade Confirmation</u>"), or (3) an Open Trade Confirmation the Debtor seeks to reject (a "<u>Rejected Trade Confirmation</u>").

2. No Open Trade Confirmations shall be assumed or rejected without an order of the Court approving same after notice as required by section 365 of the Bankruptcy Code and the Bankruptcy Rules. The Debtors shall file a motion to assume, assume and assign, or reject the Open Trade Confirmations on or before November 16, 2008 and request that the such motion be heard at the Omnibus Hearing currently scheduled for December 3, 2008. The Committee reserves the right to object to the assumption, assumption and assignment, or rejection of any Open Trade Confirmation on any ground, including the proposed timing of such assumption, assumption and assignment or rejection of same.

3. The Debtors shall attempt to close the Open Trade Confirmations that they decide to assume as soon as practicable after November 7, 2008. In the event that any Counterparty believes in good faith that the applicable Debtor is not acting in a commercially reasonable manner in closing any Assumed Trade Confirmation or any Assumed and Assigned Trade Confirmation, such Counterparty shall have the right to request an order of the Court compelling the Debtor to close the trade within a commercially reasonable time period and the Debtor and/or the Committee shall have the right to object thereto.

4. The Debtors reserve the right to move this Court to extend the Notification Deadline for good cause shown.

08-13555-mg    Doc 1300    Filed 10/31/08    Entered 10/31/08 13:02:20    Main Document
Pg 7 of 11

5. Upon Court approval of this Stipulation, the Movants shall withdraw, without prejudice, the Motion to Compel.

6. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim of or against any party, as a waiver of the rights of any party to dispute any claim, or as an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code.

7. Nothing contained herein is intended to or should be construed to restrict, prohibit or impair the rights of any Counterparty to assert that any Open Trade Confirmation has been terminated prior to the Commencement Date and, therefore, may not be assumed or rejected by the applicable Debtor pursuant to section 365 of the Bankruptcy Code, and all such rights are expressly reserved; *provided, however*, that the Debtors reserve the right to contest any such claim.

8. Nothing contained here is intended to or should be construed to restrict, prohibit or impair the rights of any Counterparty to assert a right of setoff or recoupment in accordance with section 553 or otherwise and all such rights are expressly reserved; *provided, however,* that that Debtors reserve the right to object to any setoff or recoupment.

9. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

10. Each person who executes this Stipulation on behalf of a party hereto represents that he is duly authorized to execute this Stipulation on behalf of such party.

11. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

12.    If this Stipulation is not approved by the Bankruptcy Court, it shall be

deemed null and void and shall not be referred to or used for any purpose by any of the parties

hereto or any of the other parties in the Debtors' chapter 11 cases.

Dated: October 31, 2008

| **RICHARDS KIBBE & ORBE LLP** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| /s/ Michael Friedman | /s/ Jacqueline Marcus |
| Michael Friedman | Harvey R. Miller |
| Joon P. Hong | Richard P. Krasnow |
|  | Lori R. Fife |
| One World Financial Center | Shai Y. Waisman |
| New York, New York 10281 | Jacqueline Marcus |
| Telephone: (212) 530-1800 |  |
| Facsimile: (212) 530-1801 | 767 Fifth Avenue |
|  | New York, New York 10153 |
| Attorneys for Movants | Telephone: (212) 310-8000 |
|  | Facsimile: (212) 310-8007 |
|  |  |
|  | Attorneys for Debtors |
|  | and Debtors in Possession |

Dated: _____, 2008
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

NY2:\1928392\12\15BYG12!.DOC\58399.0003

DK Acquisition Partners, L.P.
Farallon Choctaw ENE, LLC
Farallon Capital Partners, LP
Farallon Capital Institutional Partners, LP
Farallon Capital Institutional Partners II, LP
Farallon Capital Institutional Partners III, LP
Farallon Capital Offshore Investors, Inc.
Farallon Capital Offshore Investors II, Inc.
Goldman Sachs Credit Partners L.P.
Greywolf Capital Partners II LP
Greywolf Capital Overseas Fund
Halcyon Structured Asset Management European CLO 2007-I B.V.
Longacre Capital Partner (QP), L.P.
Longacre Master Fund, Ltd.
Morgan Stanley Bank International Limited
Morgan Stanley Senior Funding, Inc.
Rowayton Loan Funding Company
Royal Bank of Scotland, plc

NY2:\1928392\12\15BYG12!.DOC\58399.0003