Lindsee P. Granfield
Lisa M. Schweitzer
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Barclays Capital Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                                :
**In re**                                 : **Chapter 11 Case No.**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
                                                                :
       **Debtors.**                       :  **(Jointly Administered)**
                                                                :
                                                                :
----------------------------------------------------------------x

## OBJECTION OF BARCLAYS CAPITAL INC. TO MOTION OF THE FEDERAL HOME LOAN BANK OF PITTSBURGH FOR CLARIFICATION, AND RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b), SECTION 105(a) OF THE BANKRUPTCY CODE, REGARDING THE COURT'S ORDER APPROVING THE SALE OF ASSETS TO BARCLAYS CAPITAL INC. WITH RESPECT TO NON-DEBTOR ASSETS

Barclays Capital Inc. ("BCI" or the "Purchaser"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the Motion Of The Federal Home Loan Bank Of Pittsburgh ("FHLB") For Clarification, And Relief From Judgment Pursuant To Fed. R. Civ. P. 60(b), Section 105(a) Of The Bankruptcy Code, Regarding The Court's Order Approving The Sale Of Assets To Barclays Capital Inc. With Respect To Non-Debtor Assets (the "Sale Order"), dated October 7, 2008 (D.I. 694) (the "Motion"). In support of its Objection, BCI respectfully states as follows:

**BASIS FOR OBJECTION**

1. FHLB's attempt to clarify and/or modify the terms of the Sale Order – including the assets transferred thereunder – is both procedurally improper and impermissible under the Bankruptcy Code. First, the status of BCI as good faith purchaser under section 363(m) of title 11 of the United States Code (the "Bankruptcy Code") – which FHLB has not challenged in the Motion – precludes the Court from modifying the Sale Order, the terms of which the Purchaser relied on with respect to the Sale.[1]

2. Second, even if FHLB was not foreclosed from attempting to modify the terms of the Sale, it has failed to set forth any grounds that would meet the threshold for relief under Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Specifically, FHLB offers no evidence that its cash collateral was transferred to the Purchaser. Indeed, the assertion is flatly contradicted by the explicit terms of the Asset Purchase Agreement, dated as of September 16, 2008 (as amended and clarified, the "Purchase Agreement") (D.I. 280), and the Sale Order. Further, FHLB's assertion that the Sale was approved without sufficient notice is directly contradicted by this Court's explicit findings in the Sale Order and the statements made on the record at the hearing approving the Sale Order. Far from being a motion to clarify an ambiguous order, the Motion is merely a backhanded attempt by FHLB to obtain additional discovery and to collaterally attack a sale order.

**FACTS AND PROCEDURAL HISTORY**

3. On Monday, September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") commenced a voluntary case under chapter 11 of Bankruptcy Code; LB 745 LLC soon commenced its own voluntary case under chapter 11 of the Bankruptcy Code. The cases of

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Sale Order.

2

LBHI and LB 745 LLC (together, the "Debtors") are jointly administered with other affiliated chapter 11 debtors. On September 19, 2008, a proceeding was also commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"), and James W. Giddens was appointed as Trustee under the SIPA to administer LBI's estate.

4.    On Wednesday, September 17, 2008, the Debtors filed a motion (the "Sale Motion") requesting the Court to schedule a sale hearing at which the Court would, *inter alia*, approve the sale of Purchased Assets (as defined in the Purchase Agreement) and the assumption and assignment of contracts relating to the Purchased Assets.[2] In their moving papers, the Debtors explained the exigent circumstances surrounding the proposed sale, and emphasized that time was "of the essence" because their assets were losing value every day in a turbulent financial market. See Sale Motion ¶¶ 6-7.

5.    That same day, this Court entered an order (the "Sale Procedures Order") setting the hearing date for the Sale Motion for September 19, 2008.[3] The Sale Procedures Order also approved the form and manner of notice proposed by the Debtors in the Sale Motion. See Sale Procedures Order ¶ 12.

6.    On Friday, September 19, 2008, this Court held a hearing on the Sale Motion (the "Sale Hearing") and approved the Purchase Agreement. The Sale Order explicitly finds that "due, proper timely, adequate and sufficient notice of the [Sale] Motion, the Sale

---

[2]    See Debtors' Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets (D.I. 60).

[3]    Order (I) Approving The Break-Up Fee And Expense Reimbursement, (II) Certain Matters Relating To Competing Bids, If Any, (III) Approving The Form And Manner Of Sale Notices And (IV) Setting The Sale Hearing Date In Connection With The Sale Of Creditors Of The Debtors' Assets (D.I. 88).

Hearing and the transaction set forth in the [Sale] . . . has been provided." Sale Order ¶ C. The Sale Order also finds that "[t]he transactions contemplated by the Purchase Agreement are undertaken by Purchaser without collusion and in good faith" and that the Purchaser "is entitled to all of the benefits and protections afforded by Bankruptcy Code section 363(m)." Id. ¶ 18. Moreover, the Sale Order finds that "[e]xcept to the extent that certain intellectual property rights may be owned by entities other than the Seller, the Debtors and LBI are the sole and lawful owners of the Purchased Assets." Id. at ¶ N.

7. The Sale closed on September 22, 2008.

8. On October 7, 2008, FHLB commenced an adversary proceeding against Lehman Brothers Special Financing, Inc. ("LBSF") and J.P. Morgan Chase Bank N.A. (collectively, the "Defendants") (such proceeding, the "Adversary Proceeding"), seeking to recover the balance of certain cash collateral posted with LBSF.

9. That same day, FHLB also filed the Motion requesting this Court to modify and/or clarify the Sale Order under Rule 9024 of the Federal Rules of Bankruptcy Procedure (which in large part incorporates Rule 60(b) of the Federal Rules of Civil Procedure) on the principal ground that FHLB did not receive proper notice. The Motion attempts to discover the whereabouts of FHLB's cash collateral posted with LBSF, an entity that was not a party to the Purchase Agreement and was not a debtor at the time of the Sale.

## ARGUMENT

**A. Section 363(m) And Its Underlying Policies Preclude Any Reconsideration of the Sale Order**

10. Courts in this circuit have long recognized that finality in judicial sales enhances the value to the estate and thus the return to creditors. Specifically, the Second Circuit has noted that "Section 363(m) maximizes the purchase price of assets because without this

4

assurance of finality, purchasers could demand a large discount for investing in a property that is laden with the risk of endless litigation as to who has rights to estate property." In re Gucci, 126 F.3d 380, 387 (2d Cir. 1997); United States v. Salerno, 932 F.2d 117, 123 (2d Cir.1991) (finding that Section 363(m) "furthers the policy of finality in bankruptcy sales . . . and assists bankruptcy courts in maximizing the price for assets sold in such proceedings."). Section 363(m) specifically provides that the validity of a sale authorized under Section 363 of the Bankruptcy Code shall not be affected by the reversal or modification of such sale on appeal. 11 U.S.C. § 363(m). Absent a stay of the sale (which neither FHLB nor anyone else sought in this case), a request for modification or reversal of an authorized sale to a good faith purchaser is plainly moot. Id.

11.  The protections of Section 363(m) are broad: unless the sale is stayed, the only issue a court may consider upon review of a sale authorized under Section 363 is whether the purchaser is a good faith purchaser -- it may not even reconsider whether the property transferred was property of the estate. See In re Gucci, 126 F.3d at 392 (finding that absent a showing of bad faith the court may not reconsider the question whether property sold pursuant to an authorized sale was part of the estate).

12.  While the terms of Section 363(m) apply literally only to appeals, in light of its underlying policy of promoting finality in sale orders, courts have applied its principles to foreclose subsequent modifications by the bankruptcy court under Rule 9024 or otherwise. See In re Summit Ventures, Inc., 161 B.R. 9, 11 (Bankr. D. Vt. 1993) (declining to undo sale and finding that principles of Section 363(m) apply to Rule 60(b) motions in the absence of showing that purchaser was not a good faith purchaser); In re Pine Coast Enterprises, Ltd., 147 B.R. 30, 33 (Bankr. N.D. Ill. 1992) (finding that "spirit" of Section 363(m) applied to a motion for

5

reconsideration of sale order and mandated a finding of bad faith in order to grant relief under Rule 59, even though Section 363(m) applies by its literal terms only to appeals) ("The purpose of [Section] 363(m) is to disable courts from backtracking on promises with respect to bankruptcy sales in the absence of bad faith. In this regard, a bankruptcy court's modifications of its own orders poses the same risks as does reversal on appeal."); In re Colarusso, 382 F.3d 51, 62 (1st Cir. 2004) (noting that "principle of finality embodied in § 363(m) still applies" to collateral attacks); Hayes v. Sullivan, 1992 WL 486914, at *6 (D. Mass. Dec. 3, 1992) (finding that same standard of Section 363(m) applies "when a motion or complaint to vacate a bankruptcy sale is filed after the sale has been completed and the property transferred"); In re Edwards, 962 F.2d 641, 645 (7th Cir. 1992) (declining to undo sale and finding that even though Section 363(m) does not literally apply to a Rule 60(b) motion, "[t]he strong policy of finality of bankruptcy sales embodied in section 363(m) provides, in turn, strong support for the principle that a bona fide purchaser at a bankruptcy sale gets good title").

13. Moreover, in several instances courts have found that the principles underlying the equivalent protections under Section 364(e) that are afforded to postpetition lenders likewise apply to motions to reconsider under Rule 9024. See, e.g., In re Pan Am. Corp., 162 B.R. 667, 672 (S.D.N.Y. 1993) ("to allow the DIP orders, non-modifiable on their face, to be modified . . . subsequent to their issuance is inconsistent with the protection given to [the lender] as a DIP lender under Section 364(e)"); Kham & Nate's Shoes No. 2, Inc. v. First Bank of Whiting, 908 F.2d 1351, 1355 (7th Cir. 1990) (finding that "§ 364(e) and companion provisions, e.g., 11 U.S.C. § 363(m) disable[s] courts from backtracking on promises in the absence of bad faith, which is a very narrow exception.").

6

14. These authorities clearly bar the relief that FHLB seeks in the Motion. The Court has already made detailed findings of fact concerning the Purchaser's status as a good faith buyer, including that "[t]he transactions contemplated by the Purchase Agreement are undertaken by Purchaser without collusion and in good faith." Sale Order ¶ 18. Moreover, the Court has specifically found that the "Purchaser is entitled to all of the benefits and protections afforded by Bankruptcy Code section 363(m)." Id. Nothing in FHLB's Motion calls these findings into question. There is no allegation in the Motion that the Purchaser was not a good faith purchaser. Accordingly, the Purchaser is protected against modifications to the Sale Order and the terms of the Sale that the Court approved and authorized. Moreover, the Purchaser agreed to enter into the Purchase Agreement in reliance on the Sale Order. FHLB's attempt to rewrite or otherwise undermine the Sale Order is in direct contravention of the principles underlying Section 363(m).

**B.    In Any Event, There Are No Extraordinary Circumstances Justifying Relief from the Sale Order Under Rule 9024**

15. Even if the principles of Section 363(m) did not foreclose FHLB's attempt to modify the terms of the Sale, FHLB's Motion fails to satisfy the threshold for relief under the Bankruptcy Rules. Specifically, relief under Rule 9024 is proper "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Here, the Motion fails to sets forth any grounds justifying clarification and/or modification under Rule 60(b), let alone "exceptional" circumstances.

16. First, FHLB fails to offer any evidence that its cash collateral was transferred to the Purchaser.[4] Nor does (or can) it point to any language in the Sale Order or the

---

[4] Nor has FHLB made any showing that the cash collateral was, in fact, held in a segregated account or that there are no competing claims to such funds.

7

Purchase Agreement that would suggest that the Purchaser received any cash in connection with the Sale.  FHLB plainly ignores the Clarification Letter, dated September 20, 2008, and filed with the Court on September 22, 2008 (D.I. 280).  The Clarification Letter makes abundantly clear that no "cash, cash equivalents, bank deposits or similar cash items of Seller and its Subsidiaries" were transferred from the Debtors to the Purchaser under the Sale.  Clarification Letter ¶ 1(c).  Moreover, the Sale Order and the record at the Sale Hearing are clear that, with the exception of certain intellectual property rights, the only assets transferred in the Sale were assets of LBI, LBHI and LB 745 LLC.  See Sale Order ¶ N.  See also Transcript of Sale Hearing at 88:21-22 (Debtors' counsel stated on the record that with one exception not relevant here "there were no nondebtor assets being sold").  In light of the unambiguous language in the Sale Order and the Clarification Letter, the Purchaser submits that no further clarification and/or modification of the Purchase Agreement or the Sale Order is warranted.[5]

        17.     Having failed to put forth any evidence that its cash was transferred to the Purchaser and having failed to identify any ambiguity in the Sale Order or the Purchase Agreement, FHLB's Motion is no more than an attempt to obtain an improper advisory opinion from this Court with respect to matters that are currently the subject of the separately filed Adversary Proceeding, namely the whereabouts of its cash collateral.  Such an advisory opinion would also open the floodgates to similar requests by other parties with claims against any of the Debtors or their affiliates, thereby rendering the protections of Section 363(m) meaningless.  Nor should the Court condone FHLB's backhanded attempt to obtain discovery on the whereabouts of its purported cash collateral without satisfying the requirements of the Federal Rules of Civil

---

[5] FHLB vaguely suggests that there has been misconduct in connection with the transfer of custodial monies. The Motion, however, fails to identify any such supposed transfers.

Procedure. Simply put, a motion for modification and/or clarification of the Sale Order cannot serve as a vehicle for FHLB to locate its cash collateral posted with LBSF, an entity that was not a party to the Purchase Agreement and was not a debtor at the time of the Sale.

18. Second, FHLB's argument that it did not receive sufficient notice must also fail. First, FHLB does not assert that it was unaware of the Debtors' bankruptcy filings or the Sale at the time of the Sale. Also, FHLB certainly was aware of its business relationship with LBHI and LBSF. Thus, FHLB's assertion that it did not have the opportunity to be heard at the time of the Sale rings hollow.

19. Furthermore, this Court explicitly found that notice was sufficient in light of the exceptional circumstances of the Sale. Specifically, the Sale Procedures Order sets forth detailed notice procedures. FHLB does not charge that the Debtors did not comply with these procedures. Moreover, in the Sale Order the Court found that

> in light of the exigent circumstances of these cases and the wasting nature of the Sellers' assets, due, proper and sufficient notice of the Motion, the Sale Hearing and the transactions set forth in the Purchase Agreement . . . has been provided in accordance with Bankruptcy Code sections 105(a), 363 and 365, Bankruptcy Rules 2002, 6004, 6006 and 9008 and the Local Rules.

Sale Order ¶C. At the sale hearing the Court recognized the importance of a prompt closing and rejected arguments of insufficient notice or lack of due process, noting that "for due process purposes we are all here with, perhaps cobbled together notice, but it's notice." Transcript of Sale Hearing, 84:20-21. These comments by the Court demonstrate that the Court was well aware of the exigent circumstances of the Sale and deliberately balanced the trade-off between

9

more fulsome notice to all parties, on the one hand, and a timely sale of a quickly depreciating asset, on the other hand.[6]

---

[6] The authorities cited by FHLB do not offer support for the modification and/or clarification of the Sale Order under the circumstances of this case, as they involve egregious facts not present here. Specifically, unlike DiPirro v. United States, FHLB does no offer new evidence that would show that a material misrepresentation was made to the Court. See 189 F.R.D. 60 (W.D.N.Y. 1999). Nor has there been a material alteration of a core document, as was the case in Lonsdorf v. Seefeldt, 47 F.3d 893 (7th Cir. 1995). Further, Altschul v. Paine Webber, Inc., is a case of excusable neglect and thus has little application, if any, to the circumstances here. See 488 F. Supp 858 (S.D.N.Y. 1980). Finally, Folger Adam Sec., Inc. v. DeMatteis/Macgregor, JV, specifically acknowledges that the reasonableness of notice must be evaluated under all the circumstances. See 209 F.3d 252, 265 (3d Cir. 2000). Here, as discussed above, the circumstances of the Sale were exceptional and required an expedited sale, as explicitly recognized, and taken into account, by the Court at the Sale hearing and in the Sale Order.

10

## **REQUEST FOR RELIEF**

WHEREFORE, for the reasons set forth herein, Barclays respectfully requests that this Court: (a) deny FHLB's Motion in its entirety; and (b) grant such other and further relief as this Court may deem just or proper.

Dated: New York, New York
October 31, 2008

                          Respectfully submitted,

                          CLEARY GOTTLIEB STEEN & HAMILTON LLP

                          By: /s/ Lindsee P. Granfield

                          Lindsee P. Granfield
                          Lisa M. Schweitzer
                          One Liberty Plaza
                          New York, New York 10006
                          (212) 225-2000

                          *Attorneys for Barclays Capital Inc.*