AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Michael S. Stamer (MS-4900)
Philip C. Dublin (PD-4919)
Sarah Link Schultz (admitted *pro hac vice*)

*Counsel for the Informal Noteholder Group*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
**In re:**                                                   :          **Chapter 11**
                                                             :
**LEHMAN COMMERCIAL PAPER INC.,**                            :          **Case No. 08-13555 (JMP)**
                                                             :
                                              **Debtor.**    :
-------------------------------------------------------------x


**STATEMENT OF THE INFORMAL NOTEHOLDER GROUP WITH RESPECT TO
MOTION OF SUMITOMO MITSUI BANKING CORPORATION FOR ENTRY OF AN
ORDER PURSUANT TO 11 U.S.C. § 362(d) AND FED. R. BANKR. P. 4001 GRANTING
RELIEF FROM THE AUTOMATIC STAY TO FORECLOSE ON ITS COLLATERAL**


TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        The Informal Noteholder Group (the "Informal Noteholder Group"), consisting of certain

unaffiliated holders of senior and subordinated notes issued by Lehman Brothers Holdings Inc.

("LBHI" and, together with its debtor affiliates, the "Debtors"), by and through its undersigned

counsel, hereby files this statement (the "Statement") with respect to Motion of Sumitomo Mitsui

Banking Corporation for Entry of an Order Pursuant to § 362(d) and Fed. R. Bankr. P. 4001

Granting Relief from the Automatic Stay to Foreclose on its Collateral (the "Motion").  In

support of this Statement, the Informal Noteholder Group respectfully represents as follows:

## STATEMENT

1.        By the Motion, Sumitomo Mitsui Banking Corporation ("SMBC") seeks relief from the automatic stay pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") to recover certain collateral (the "Collateral").  SMBC contends that cause exists to grant relief from the automatic stay pursuant to Bankruptcy Code section 362(d) because Lehman Commercial Paper Inc. ("LCPI") has no equity in the Collateral and the Collateral is not necessary to an effective reorganization.  SMBC maintains that further cause exists to modify the automatic stay because of the extraordinary state of the financial markets which has caused a precipitous decline in the value of the Collateral.

2.        The fundamental purpose of the automatic stay is to give the debtor a breathing spell and time to work constructively with its creditors to propose a plan of orderly liquidation or to propose a plan of reorganization.  *United States Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.)*, 808 F.2d 363, 370 (5th Cir. 1987) (citing H.R. Rep. No. 595, 95th Cong. 2d Sess. 174, reprinted in 1978 U.S. Code Cong. & Ad. News 5963, 6135); *Lange v. Schropp (In re Brook Valley IV)*, 347 B.R. 662, 673 (B.A.P. 8th Cir. 2006) (stating that the purpose of chapter 11 is to maximize the value of property available for distribution to creditors, either by preserving and protecting the debtor's assets through reorganization or by effecting an orderly liquidation of such assets); *In re Enron Corp.*, 306 B.R. 465, 475 (Bankr. S.D.N.Y. 2004) (finding that debtors are entitled to a "breathing spell" that is afforded by the automatic stay); *In re Diplomat Elecs. Corp.*, 82 B.R. 688, 693 (Bankr. S.D.N.Y. 1988) (holding that the automatic stay provides the debtor with a "breathing spell" to formulate a liquidating plan of reorganization).

3.        Allowing individual creditors to rush in and foreclose on their collateral before the debtor has an opportunity to evaluate the utility of the collateral with respect to the debtor's estate and creditors is contrary to the orderly liquidation contemplated by the Bankruptcy Code. *In re Johns-Manville Corp.*, 26 B.R. 405, 410 (Bankr. S.D.N.Y. 1983) (stating that bankruptcy is "designed to provide an orderly liquidation procedure under which all creditors are treated equally," and that a race to the courthouse prevents such order).  The automatic stay promotes the further goal of equality of distribution by preventing piecemeal dismemberment of the debtor's estate.  *Diplomat*, 82 B.R. at 691.

4.        Granting the Motion to allow SMBC to foreclose on the Collateral will almost certainly create a rush of other creditors requesting similar relief.  Such requests, if granted, will result in a "piecemeal dismemberment" of the Debtors' estates before the Debtors have an opportunity to evaluate their assets and to pursue an orderly liquidation process.  To prevent the unnecessary loss of value, the Debtors must be accorded the time necessary to implement a process to obtain maximum value for estate assets and, accordingly, the Motion should be denied.

## CONCLUSION

For all of the foregoing reasons, the Informal Noteholder Group respectfully requests that the Court (i) deny approval of the Motion, and (ii) grant the Informal Noteholder Group such other relief as is just, proper and equitable.

Dated:   New York, New York
October 31, 2008

AKIN GUMP STRAUSS HAUER & FELD LLP

By:          */s/ Michael S. Stamer*
Michael S. Stamer (MS-4900)
Philip C. Dublin (PD-4919)
Sarah Link Schultz (admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
mstamer@akingump.com
pdublin@akingump.com
sschultz@akingump.com

*Counsel for the Informal Noteholder Group*