**QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**
Susheel Kirpalani (SK 8926)
James C. Tecce (JT5910)
Robert K. Dakis (RD0626)
51 Madison Avenue, 22nd Floor
New York, New York  10010
Telephone:  (212) 849-7000
Telecopier: (212) 849-7100

*Proposed Special Counsel For Official*
*Committee Of Unsecured Creditors Of*
*Lehman Brothers Holdings Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                                 :
**In re:**                                                       :
                                                                 :   **Chapter 11**
**LEHMAN BROTHERS HOLDINGS INC.,**                               :
**ET AL.,**                                                      :   **Case No. 08-13555 (JMP)**
                                                                 :
                                                                 :   **(Jointly Administered)**
                    **Debtors.**                                 :
                                                                 :
-----------------------------------------------------------------x

**OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF**
**LEHMAN BROTHERS HOLDINGS INC., ET AL. TO MOTION OF SUMITOMO**
**MITSUI BANKING CORPORATION FOR ENTRY OF AN ORDER PURSUANT**
**TO 11 U.S.C. § 362 (d) AND FED. R. BANKR. P. 4001 GRANTING RELIEF**
**FROM AUTOMATIC STAY TO FORECLOSE ON ITS COLLATERAL**

The Official Committee of Unsecured Creditors (the "**Creditors' Committee**") in the above-captioned chapter 11 cases of Lehman Brothers Holding Inc. ("**LBHI**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), hereby files this objection (the "**Objection**") to the Motion By Sumitomo Mitsui Banking Corporation ("**SMBC**") for Entry of an Order Pursuant to 11 U.S.C. § 362 (D) and Fed. R. Bankr. P. 4001 Granting Relief from the Automatic Stay to Foreclosure on Its Collateral, dated

October 15, 2008 (Docket No. 17) (the "**SMBC Motion**").  In support of this Objection, the Creditors' Committee respectfully states as follows:

## I. PRELIMINARY STATEMENT

1. A mere 8 weeks into these cases, SMBC seeks relief from the automatic stay to foreclose on seven commercial loans (the "**Collateral**") pledged by Lehman Commercial Paper, Inc. ("**LCPI**"), with a face amount of over $400 million, to satisfy approximately $350 million of allegedly secured indebtedness that LBHI owes to SMBC under a loan & security agreement (the "**Loan & Security Agreement**").  Granting relief from the automatic stay to permit a secured creditor to foreclose on its collateral at this early stage of exigently filed chapter 11 cases will set a dangerous precedent and invite a wave of distracting motions from claimants alleging similar entertainment.

2. Moreover, the relief requested in the SMBC Motion is predicated solely on SMBC's thinly supported assumptions as to the value of the Collateral.  Indeed, the only shred of evidence presented to support SMBC's requests for relief from the automatic stay or adequate protection is a third party's unsubstantiated statements allegedly averaging "quotes" received when it "polled" various brokers regarding the value of the loans making up the Collateral.  This is a slender reed upon which to ground the relief requested in the SMBC Motion.  Accordingly, the SMBC Motion should be denied.

II.   **OBJECTION**

    A.   **Granting SMBC Motion Will Invite A Wave Of Motions Needlessly Distracting Chapter 11 Efforts**

3.   The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws." Mid-Atlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot., 474 U.S. 494, 503 (1986).  The purpose of the automatic stay is to provide the Debtors with a "breathing spell" and a chance to focus its efforts on reorganization. See, e.g., Eastern Refractories Co. Inc. v. Forty Eight Insulations Inc., 157 F.3d 169, 172 (2d Cir. 1998) (noting "automatic stay provision is 'one of the fundamental debtor protections provided by the bankruptcy laws,' designed to relieve 'the financial pressures that drove [debtors] into bankruptcy' . . . It affords debtors a 'breathing spell' from the collection process") (citing H.R.Rep. No. 95-595, at 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97); see also, In re Oligbo, 328 B.R. at 650 (noting automatic stay is a "fundamental debtor protection designed to promote equal treatment among creditors and to provide the debtor with a breathing spell from the financial pressures which drove him or her into bankruptcy").

4.   Given the size and complexity of these chapter 11 cases, preservation of the breathing spell afforded by section 362 of the Bankruptcy Code is necessary for their efficient and orderly administration.  A ruling permitting SMBC to foreclose on its collateral threatens to unleash a wave of lift-stay motions from other creditors.  That result will needlessly distract from the administration of these cases, and, in essence, deny the estates the automatic stay's protections.  Given the sheer volume of activity at this early point in the cases, the automatic stay's protections should not be waived to promote the pecuniary interests of one secured creditor.

### B.  SMBC Has Not Carried Its Burden Of Demonstrating Entitlement To Relief From Automatic Stay

5. Section 362(d) of the Bankruptcy Code provides that a bankruptcy court may grant relief from the automatic stay:

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property . . . if --
>    (A) the debtor does not have an equity in such property . . . and
>    (B) such property is not necessary to an effective reorganization . . .

11 U.S.C. § 362(d)(1). "The moving party has the burden to make a *prima facie* showing that 'cause' exists for relief from the stay." In re Balco Equities Ltd., Inc., 312 B.R. 734, 749 (Bankr. S.D.N.Y. 2004) (citing In re Sonnax Indus., Inc., 907 F.2d 1280, 1285 (2d Cir. 1990)). Moreover, a motion for relief from the stay must be denied where the movant "fails to demonstrate that the debtor has no equity" in the subject property. In re In re Oligbo, 328 B.R. 619, 650 (Bankr. E.D.N.Y. 2005) (denying relief from the automatic stay where, inter alia, the movant failed to demonstrate the debtor lacked equity in the subject property).

6. SMBC has failed to set forth even a *prima facie* showing of either "cause" or LCPI's lack of equity in the Collateral. SMBC's request for relief from the automatic stay is predicated solely on its assumption that the Collateral is worth less than the amount of LBHI's debt. The only evidence the Collateral's value provided by SMBC comes from a report created by the "Loan-X" service (the "**Loan-X Chart**"), which merely "poll[ed] various dealers with respect to the price of a loan and averag[ed] the quotes provided by the dealers." See Declaration of David A. Buck in Support of the Motion By Sumitomo Mitsui Banking Corporation for Entry of an Order Pursuant to 11 U.S.C. § 362 (D) and Fed. R. Bankr. P. 4001 Granting Relief from the Automatic Stay to

4

Foreclosure on Its Collateral, In re Lehman Commercial Paper, Inc., 08-13900, Docket No. 18, at ¶11 (Bankr. S.D.N.Y. Oct. 15, 2008) (the "**Buck Declaration**").  Indeed, the purported "quotes" fail to establish the current value of commercial loans that have an aggregate face value exceeding $400 million, and SMBC has not provided even basic information to evaluate these quotes (such as the names of the dealers consulted, the number of dealers consulted, the range of prices given by each dealer, the manner and method in which the quote was solicited, whether pricing was based on a forced sale, and whether any dealer was actually willing to purchase a loan at the stated price).

### C.    SMBC Is Not Entitled To Adequate Protection

SMBC further argues that if the Court denies its request for relief from the automatic stay, it is entitled to adequate protection.  "The purpose or intent of granting adequate protection payments are to maintain the status quo for that creditor and to protect the creditor from diminution or loss of the value of its collateral during the ongoing Chapter 11 case."  In re 354 East 66th Street Realty Corp., 177 B.R. 776, 782 (Bankr. E.D.N.Y. 1995) (denying motion for adequate protection where creditor was oversecured); see also Bluebird Partners, L.P. v. First Fidelity Bank, 896 F. Supp. 152, 154 (S.D.N.Y. 1995) (noting in dictum that "[a]dequate protection compensates the secured creditor for the diminution in value of the collateral during the period in which the automatic stay prevents the creditor from repossessing the collateral").

As support for its request for adequate protection, SMBC again relies solely on the Loan-X Chart to suggest that the value of the Collateral is diminishing.  The Loan-X Chart is wholly insufficient to establish the value of the Collateral and thus fails to provide a substantiated basis upon which to grant adequate protection.

5

### III. CONCLUSION

WHEREFORE, the Creditors' Committee respectfully requests that the Court enter an order sustaining this objection, denying the SMBC Motion, and granting such other relief that the Court considers appropriate.

Dated:  October 31, 2008
       New York, New York

                          **QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**

                          /s/ James C. Tecce
                          Susheel Kirpalani (SK8926)
                          James C. Tecce (JT5910)
                          Robert K. Dakis (RD0626)
                          51 Madison Avenue
                          New York, New York 10010
                          Telephone No.:  (212) 849-7000
                          Facsimile No.:  (212) 849-7100

                          *Proposed Special Counsel for Official Committee Of Unsecured Creditors Of Lehman Brothers Holdings Inc., et al.*