Hearing Date and Time:  November 5, 2008 at 10:00 a.m. (Prevailing Eastern Time)

James B. Kobak, Jr.
David W. Wiltenburg
Christopher K. Kiplok
Jeffrey S. Margolin
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*<br><br>Debtor. | Chapter 11<br><br>No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**TRUSTEE'S OBJECTION TO (I) MOTION OF WALT DISNEY
COMPANY FOR THE APPOINTMENT OF AN EXAMINER PURSUANT
TO SECTION 1104(c)(2) OF THE BANKRUPTCY CODE AND
(II) JOINDER OF BANK OF AMERICA, N.A. IN MOTION**

James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of Lehman Brothers Inc. ("Debtor" or "LBI"), by and through his undersigned counsel, respectfully submits this objection to the motion (the "Motion") of the Walt Disney Company for the appointment of an examiner pursuant to section 1104(c) of the Bankruptcy Code and the joinder (the "Joinder") of Bank of America, N.A. in the Motion and respectfully represents as follows:

**Background**

1.     On September 19, 2008, the Honorable Gerald E. Lynch, United States District Court for the Southern District of New York, entered the Order Commencing Liquidation

(the "LBI Liquidation Order") pursuant to the provisions of the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.* in the case captioned *Securities Investor Protection Corp. v. Lehman Brothers Inc.*, Case No. 08-CIV-8119 (GEL).

2.  The LBI Liquidation Order: (i) appointed the Trustee pursuant to § 78eee(b)(3) of SIPA; (ii) appointed counsel to the Trustee pursuant to § 78eee(b)(3) of SIPA; and (iii) removed the case to this Court pursuant to § 78eee(b)(4) of SIPA (the "SIPA Proceeding").

3.  The SIPA Proceeding is by far the largest securities broker-dealer liquidation ever attempted. Pursuant to the strong legal and public interest mandate to transfer customer accounts to the extent practicable, and working in cooperation with the Securities Investor Protection Corporation ("SIPC"), former LBI personnel, the Securities and Exchange Commission, the Commodity Futures Trading Commission, the Federal Reserve Bank of New York, and the Depository Trust Clearing Corporation, the Trustee has effected the transfer of over 135,000 accounts. This still-ongoing transfer of accounts is taking place in a liquidation proceeding of unprecedented size and speed and is a testament to the hard work and dedication of the professionals and regulators involved.

**Objection**

4.  The Trustee opposes any relief in the Motion and Joinder insofar as it relates to the appointment of an examiner authorized to conduct an investigation of LBI. The SIPA specifically requires that the Trustee "investigate the acts, conducts, property, liabilities, and financial condition of the debtor, the operation of its business, and any other matter, to the extent relevant to the liquidation proceeding." 15 U.S.C. § 78fff-1(d). The Trustee has already initiated this investigation, and opposes any examiner or other process that would duplicate or impede the carrying out of this statutory duty. SIPC, which is also charged with the statutory

2

duties of oversight under SIPA, opposes inevitable imposition of unnecessary costs and administrative burdens that the appointment of an examiner would entail.

5.  Moreover, as a legal matter, the relief sought in the Motion and Joinder are inapplicable to the SIPA Proceeding because appointment of an examiner may only occur in a chapter 11 case.  <u>In re Big Rivers Elec. Corp.</u>, 355 F.3d 415, 430 (6th Cir. 2004)  ("[T]he Code prohibits the use of an examiner when a trustee has already been appointed"); <u>In re Camelot Casino Cruises, Inc.</u>, No. 8:99-bk-18423-PMG, 2005 Bankr. LEXIS 1658, at *4 (Bankr. M.D. Fla. July 6, 2005) ("§ 1104(c), which authorizes the Court to appoint an examiner under the conditions set forth in that section, applies only in cases under Chapter 11").

WHEREFORE, the Trustee respectfully requests that this Court:  (i) deny the Motion to the extent it seeks to appoint an examiner to investigate matters relating to LBI; and (ii) grant such other and further relief as is just and proper.

Dated:    New York, New York
          October 31, 2008

HUGHES HUBBARD & REED LLP

By: <u>/s/ David W. Wiltenburg</u>
    James B. Kobak, Jr.
    David W. Wiltenburg
    Christopher K. Kiplok
    Jeffrey S. Margolin
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
Email:  kobak@hugheshubbard.com

Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.

3

60432403_1.DOC