UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:

LEHMAN BROTHERS HOLDINGS, INC.,
*et al.*,

                    Debtors.

------------------------------------------------------------x

Chapter 11

Case No. 08-13555 (JMP)

Jointly Administered

## AMENDED DECLARATION OF STUART HOSANSKY

I, Stuart Hosansky hereby declare;

1.      I have personal knowledge of each of the facts stated in this Amended Declaration, except for those facts stated on information and belief and, as to those facts, I am informed and believed them to be true.

2.      I submit this Amended Declaration in support of the Motion of The Vanguard Group, Inc., for and on behalf of certain funds and trusts for which it provides investment advisor services ("Vanguard"), for an Order Approving Specified Information Blocking Procedures and Permitting Trading of Claims Against the Debtor Upon Establishment of A Screening Wall (the "Motion").  Further, I submit this Amended Declaration on behalf of Vanguard to advise the United States Trustee of Vanguard's information blocking procedures designed to:  (i) prevent its trading personnel and its investment advisory personnel from receiving any non-public information concerning the Chapter 11 Cases of the above-captioned debtors (the "Debtors") through Vanguard personnel, representatives or agents ("Vanguard Committee Personnel") performing activities related Vanguard's membership on the Official Committee of Unsecured Creditors (the "Committee") in the Debtors' Chapter 11 Cases (the "Chapter 11 Cases") and (ii) prevent Vanguard Committee Personnel from receiving information regarding Vanguard's trading in claims in advance of trading.

NYC/406253.2

3.      Vanguard serves as an investment advisor on behalf of certain client accounts that

beneficially own securities or other claims or interests in these Chapter 11 Cases in their own

name or in the name of one or more funds in accounts.

4.      Among my responsibilities as a Principal of Vanguard is to represent it as a

member of the Committee in these Chapter 11 Cases.

5.      Vanguard has established, and will maintain, the following internal procedures:

(i) Vanguard Committee Personnel shall execute a letter (a "Confidentiality Letter")

acknowledging that they may receive non-public Information (as defined below) and that they

are aware of the information blocking procedures which are in effect with respect to the Covered

Claims, as defined in the Motion, will follow these procedures and will immediately inform both

Committee counsel and the United States Trustee in writing if such procedures are materially

breached; (ii) Vanguard Committee Personnel will not directly or indirectly share any non-public

information generated by, received from or relating to Committee activities or Committee

membership ("Information") with any other employees or representatives of Vanguard, including

Vanguard's investment advisory personnel, and Vanguard Committee Personnel shall use good

faith efforts not to share any material information concerning these Chapter 11 Cases with any

Vanguard employee reasonably known to be engaged in trading activities with respect to the

Covered Claims on behalf of Vanguard's clients, except that a good faith communication of

publicly available Information shall not be presumed to be a breach of the obligations of

Vanguard or any Vanguard Committee Personnel hereunder; (iii) Vanguard Committee

Personnel will maintain all physical and computer files containing information received in

connection with or generated from Committee activities in secured cabinets and/or computer

files, inaccessible to other employees of Vanguard; (iv) Vanguard Committee Personnel will not

receive any information regarding Vanguard's trades in the Covered Claims in advance of the

execution of such trades, but Vanguard Committee Personnel may receive trading reports

showing Vanguard's purchases and sales of the Covered Claims after consummation of any such

purchases or sales (provided that Vanguard Committee Personnel may receive the usual and

customary internal reports showing Vanguard's purchases and sales on behalf of Vanguard's

clients and the amount and class of claims, interests or securities owned by Vanguard's clients to

the extent that such personnel would otherwise receive such reports in the ordinary course and

such reports are not specifically prepared with respect to the Debtor); (v) Vanguard's legal

and/or compliance personnel shall review on a bi-weekly basis if there were any trades made by

Vanguard of the Covered Claims to determine if there is any reasons to believe that such trades

were not made in compliance  with the information blocking procedures and shall keep records

of such review; (vi) so long as Vanguard is a member of the Committee, it shall disclose to the

Office of the United States Trustee in writing any decrease in dollar amount of the Covered

Claims held by Vanguard or its clients which results in such holdings being less than the lesser

of $15 million or 1/3 of the aggregate holdings of Vanguard and in its clients' accounts at

Vanguard as of the date of Vanguard's appointment to the Committee and any increase in dollar

amount of the Covered Claims held by Vanguard or its clients which results in an increase in

aggregate holdings  of more than the greater of $150 million or 2/3 of the aggregate holdings of

Vanguard and in its clients' accounts at Vanguard as of the date of Vanguard's appointment to

the Committee, within 10 business days of such trade or trades aggregating the foregoing

amount; (vii) so long as Vanguard is a member of the Committee, it shall disclose to the

Committee counsel and the U.S. Trustee every 6 months a declaration verifying continued

compliance with the procedures described herein; and (viii) Vanguard shall immediately disclose

to the Committee's counsel and the U.S. Trustee any material breaches of the procedures

described herein.

NYC/406253.2                           - 3 -

6.      Notwithstanding any of the above, Vanguard Committee Personnel may share Information with (a) senior management of Vanguard who, due to their duties and responsibilities, have a legitimate need to know such Information provided that such individuals (i) otherwise comply with the procedures herein pertaining to such information and (ii) use such Information only in connection with their senior managerial responsibilities, (b) regulators, auditors, designated legal and/or compliance personnel for the purpose of rendering legal advice to the Vanguard Committee Personnel, and to the extent that such Information may be accessible by internal computer systems, Vanguard administrative personnel who service and maintain such systems, each of whom will agree not to share Information with other employees and will keep such Information in files inaccessible to other employees, and (c) other Vanguard employees, representatives and agents who (i) are not involved with trading or investment advisory activities with respect to the Covered Claims and (ii) execute a Confidentiality Letter.

7.      I will be the corporate representative on the Committee on behalf of Vanguard in these Chapter 11 Cases.  In the event any other individual Vanguard representative is chosen to replace me in that capacity on behalf of Vanguard such individual will also submit a Declaration affirming his or her compliance with the screening procedures described herein prior to accepting any responsibilities in connection herewith.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of October, 2008

/s/ Stuart Hosansky
Stuart Hosansky
Principal
The Vanguard Group, Inc.