**Hearing Date: November 5, 2008 @ 10:00 a.m.**

Dennis F. Dunne
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

-and-

Paul Aronzon
Robert Jay Moore
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000

Proposed Counsel for Official
Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ----------------------------------------------------------------- x | : | |
| In re: | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ----------------------------------------------------------------- x | | |

**JOINDER OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO DEBTORS' OBJECTION TO MOTION OF DNB NOR BANK
ASA FOR (I) RELIEF FROM THE AUTOMATIC STAY TO
EFFECT SETOFF OR, IN THE ALTERNATIVE, (II) AN ORDER
<u>REQUIRING THE DEBTORS TO PROVIDE ADEQUATE PROTECTION</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Lehman

Brothers Holdings Inc. ("<u>LBHI</u>"), and its affiliated chapter 11 debtors in possession (collectively,

the "<u>Debtors</u>"), joins (the "<u>Joinder</u>") in the Debtors' Objection (the "<u>Objection</u>") to the Motion

Of DnB Nor Bank ASA ("<u>DnB</u>") For Entry Of (I) An Order Pursuant To 11 U.S.C. § 362(d) And

Fed.R.Bankr.P. 4001 Granting Relief From The Automatic Stay To Effect Setoff Or, In The

Alternative, (II) An Order Pursuant To 11 U.S.C. §§ 361 And 506(a) Requiring The Debtors To Provide Adequate Protection (the "Motion").  In support of its Joinder, the Committee respectfully states as follows:

## BACKGROUND

1. Commencing on September 15, 2008 (the "Petition Date"), and periodically thereafter, the Debtors filed with this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").  On September 17, 2008, the Office of the United States Trustee appointed the Committee.

2. By the Motion, DnB seeks relief from the automatic stay to offset its alleged claim (the "Claim") arising out of a March 1, 2008 credit facility with LBHI (the "Credit Agreement") against funds contained in a deposit account allegedly established and maintained by LBHI at DnB (the "Account") as of the Petition Date.  In the alternative, DnB seeks adequate protection of its interests in the Claim.

## THE COMMITTEE'S JOINDER

3. The Debtors filed the Objection on November 3, 2008.  The Committee concurs with the arguments set forth in the Objection and, accordingly, files this Joinder in support thereof.  More specifically, the Committee agrees with the Debtors that DnB has not met its burden of demonstrating that it is entitled to relief from the automatic stay at this very early stage of these chapter 11 cases, particularly given that DnB has failed to make the requisite showing of mutuality in connection with the setoff it requests, let alone the additional state law requirements.  To be clear, in addition to any state law requirements, DnB must (but does not)

2

demonstrate that the Claim arose prepetition against LBHI and that the Account contains funds deposited prior to the Petition Date that are owed by DnB to LBHI.

4. Every party seeking relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code carries the initial burden of showing that it is entitled to relief. See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1285 (2d Cir. 1990); In re Eatman, 182 B.R. 386, 390 (Bankr. S.D.N.Y. 1995) ("While section 362(g) allocates the burden of ultimate persuasion . . . , the movant must still make a *prima facie* showing that it is entitled to the relief that it seeks."). DnB has made no such showing. Instead, DnB states that it is entitled to such relief because "its valid, non-bankruptcy offset rights constitute 'cause' for such relief." Motion at ¶ 12.

5. In keeping with the Bankruptcy Code's general policy of equality of distribution to all similarly-situated creditors, section 553 of the Bankruptcy Code strictly limits the ability of a creditor to setoff claims against a debtor. A creditor that offsets a debt owed to a debtor effectively receives full repayment and is, therefore, in a preferred position vis-à-vis other creditors who cannot setoff their claims.[1] In addition, setoff upsets the priority scheme of the Bankruptcy Code. A creditor with setoff rights is treated as if its claim were a secured claim. See 11 U.S.C. § 506(a).

---

[1] See Sampsell v. Imperial Paper & Color Corp., 313 U.S. 215, 219 (1941) (the bankruptcy scheme is oriented toward the prevention of preferential treatment of creditors); BNY Fin. Corp. v. Masterwear Corp. (In re Masterwear Corp.), 229 B.R. 301, 311 (Bankr. S.D.N.Y. 1999) ("[setoff] operates to prefer one creditor over every other"). Setoff is also disfavored because it reduces the amount available for distribution to all creditors. In re Bevill, Bresler & Schulman Asset Management Corp., 896 F.2d 54, 57 (3d Cir. 1990) ("setoff is at odds with a fundamental policy of bankruptcy, equality among creditors . . . ").

6. A setoff is in derogation of the Bankruptcy Code's policy of equality of treatment of unsecured creditors. Accordingly, the burden lies with the party seeking setoff to prove its right and to establish the requisite "mutuality." See Official Comm. of Unsecured Creditors v. Mfrs. & Traders Trust Co. (In re Bennett Funding Group, Inc.), 212 B.R. 206, 212 (B.A.P. 2d Cir. 1997); Scherling v. Hellman Elec. Corp. (In re Westchester Structures, Inc.), 181 B.R. 730, 739 (Bankr. S.D.N.Y. 1995); Shugrue v. Fischer (In re Ionosphere Clubs, Inc.), 164 B.R. 839, 841 (Bankr. S.D.N.Y. 1994).

7. Section 553(a) expressly limits a creditor's right to assert a setoff in bankruptcy to debts and claims that are "mutual." The mutuality requirement of section 553 is in addition to any setoff requirements under state law. In re Lakeside Community Hosp., Inc., 151 B.R. 887, 890 (Bankr. N.D. Ill. 1993). Thus, while compliance with state setoff law is a necessary condition precedent to setoff under the Bankruptcy Code, the mutuality rule of section 553 prevents non-mutual setoffs against a debtor, even if such setoff would be enforceable outside of bankruptcy.

8. Mutuality is "strictly construed against the party seeking setoff." In re Bennett Funding, 212 B.R. at 212; accord Packaging Indus. Group, Inc. v. Dennison Mfg. Co. (In re Sentinel Prods. Corp.), 192 B.R. 41, 46 (N.D.N.Y. 1996). Indeed, "[a] narrow interpretation of mutuality ensures that setoff is allowed only in situations in which the equitable considerations are strongest: namely where the claims or debts are owed between the same parties and in the same right or capacity." In re Ionosphere Clubs, 164 B.R. at 843.

9. Controlling Second Circuit precedent holds that debts are mutual only if they are debts (i) between the same parties (ii) who are standing in the same right and (iii) in the

4

same capacity.[2]  See Duke Energy Trading and Mktg., LLC and Duke Energy Merchs., LLC, v. Enron Corp., Ch. 11 Case No. 01-16034, Adv. No. 02-3609, slip op. at 9 (Bankr. S.D.N.Y. Apr. 17, 2003) ("The debts are considered mutual when the debtor and creditor each incurred its debt to the other in the same right or capacity." (citing In re Bennett Funding Group, Inc., 146 F.3d 136, 139 (2d Cir. 1998))); see also American Homes Assurance Co. v. Enron Natural Gas Mktg. Corp., Ch. 11 Case No. 01-16034, Adv. No. 02-2171, slip op. at 12-13 (Bankr. S.D.N.Y. Feb. 25, 2003) (same).

10.     The "same parties" requirement means that the same parties hold the debt and the claim to be setoff against each other.  For example, "a subsidiary's debt may not be set off against the credit of a parent or other subsidiary, or vice versa, because no mutuality exists under the circumstances."  In re Sentinel Prods. Corp., 192 B.R. at 46 (citing MNC Commercial Corp. v. Joseph T. Ryerson & Son, Inc., 882 F.2d 615, 618 n.2 (2d Cir. 1989)).  Section 553 explicitly permits a creditor to setoff only "a debt owing by such creditor to the debtor ... against... a claim of such creditor against the debtor ... ." 11 U.S.C. §553 (emphasis added). Further, the creditor and debtor must each incur its debt to the other in the same right or capacity. In re Bennett Funding Group, Inc., 146 F.3d at 139.  DnB has not demonstrated that the claim and debt for which it is requesting a setoff meet this mutuality requirement.

11.     Additionally, section 553(a) only preserves a creditor's right to setoff a "mutual debt owing by such creditor to the debtor that arose before the commencement of the case." 11 U.S.C. § 553(a) (emphasis added).  Therefore, mutuality only exists when the debts and claims to be set off each arose prepetition.  See In re Springfield Casket Co., 21 B.R. 223,

---

[2]     See Westinghouse Credit Corp. v. D'Urso, 278 F.3d 138, 149 (2d Cir. 2002); Modern Settings, Inc. v. Prudential-Bache Secs., Inc., 936 F.2d 640, 648 (2d Cir. 1991); In re Westchester Structures, Inc., 181 B.R. at 738.

5

228 (Bankr. S.D. Ohio 1982) ("In the context of bankruptcy, postpetition debts may not provide the basis for setoff because mutuality ceases upon the filing of the bankruptcy estate."). See, e.g., In re Orr, 234 B.R. 249, 254 (Bankr. N.D.N.Y. 1999); In re Keather, 208 B.R. 406, 415 (Bankr. S.D. Ohio 1997) ("it is clear that the right of setoff cannot exist in postpetition deposits"). DnB has not demonstrated that the amounts deposited in the Account were deposited prior to the Petition Date and has therefore failed to satisfy this requirement.

12. Having failed to satisfy any of the independent requirements of section 553 of the Bankruptcy Code, the Motion should be denied and the automatic stay should remain in effect.

WHEREFORE, for all of the foregoing reasons, the Committee respectfully requests that the Court deny the relief requested in the Motion, and grant the Committee such other and further relief as is just and proper.

Dated:   New York, New York
          November 3, 2008

**MILBANK, TWEED, HADLEY & McCLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

-and-

Paul Aronzon
Robert Jay Moore
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000

Proposed Counsel for Official
Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.