Hearing Date: November 5, 2008 at 10:00 a.m. Eastern Time

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :    08-13555 (JMP)
                                              :
                        Debtors.              :    (Jointly Administered)
                                              :
                                              :
                                              :
-------------------------------------------------------------------x
```

### NOTICE OF AMENDMENT TO DEBTORS' OBJECTION TO THE MOTION OF DNB NOR BANK ASA FOR (I) RELIEF FROM THE AUTOMATIC STAY TO EFFECT SETOFF OR, IN THE ALTERNATIVE, (II) AN ORDER REQUIRING THE DEBTORS TO PROVIDE ADEQUATE PROTECTION

**PLEASE TAKE NOTICE** that on November 3, 2008, Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with

their non-debtor affiliates, "Lehman"), filed an objection, dated November 3, 2008 (the

"Objection") (docket no. 1334), seeking to deny the motion of DnB Nor Bank ASA, filed

September 30, 2008 (docket no. 465), for relief from the automatic stay to effect setoff

or, in the alternative, an order requiring LBHI to provide adequate protection in the

above-captioned chapter 11 cases, which Objection is scheduled to be heard before the

Honorable James. M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green New York, New York 10004, in Court Room 601, on November 5, 2008, at 10:00 a.m. Eastern Time.

**PLEASE TAKE FURTHER NOTICE** that, subsequent to filing the Objection, the Debtors realized that a prior draft version of the Objection was inadvertently filed. A copy of the corrected Objection has been filed with the Court and is available upon request.

Dated: November 3, 2008
       New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date: November 5, 2008 at 10:00 a.m. Eastern Time

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
**In re**                                                         :   Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                      :   08-13555 (JMP)
                                                                  :
                          Debtors.                                :   (Jointly Administered)
                                                                  :
                                                                  :
------------------------------------------------------------------x

**DEBTORS' OBJECTION TO THE MOTION OF DNB NOR BANK
ASA FOR (I) RELIEF FROM THE AUTOMATIC STAY TO
EFFECT SETOFF OR, IN THE ALTERNATIVE, (II) AN ORDER
REQUIRING THE DEBTORS TO PROVIDE ADEQUATE PROTECTION**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (together, the

"Debtors" and, collectively with their non-debtor affiliates, "Lehman"), as and for their

objection (the "Objection") to the motion of DnB Nor Bank ASA ("DnB"), filed

September 30, 2008 (docket no. 465) (the "Motion"), for relief from the automatic stay to

effect setoff or, in the alternative, an order requiring LBHI to provide adequate protection

in the above-captioned chapter 11 cases respectfully represent:

**Preliminary Statement**

1.  By the Motion, DnB is seeking relief from the automatic stay to effectuate a setoff to apply approximately $18.5 million (the "Funds") currently in an LBHI deposit account (the "Account") against an approximately $25 million claim that DnB asserts it has against LBHI under a credit facility (the "Credit Agreement Obligations").  As demonstrated below, the Motion should be denied because DnB has not met its evidentiary burden of proving it is has a right to set off the Funds against the Credit Agreement Obligations.  DnB's assertion that the Funds were in the Account "as of the Commencement Date" is questionable.  The Debtors have reason to believe that the majority of the Funds were not in the Account at the moment LBHI filed its chapter 11 petition (and were not transferred into the Account until later that day), which would mean that DnB has no right to set off such funds.  Moreover, even if the Funds were in the Account as of September 15, 2008, the date of the commencement of the LBHI chapter 11 case (the "Commencement Date"), DnB's right to those Funds is far from clear, as it is possible that Lehman entities other than LBHI may have an interest in the Funds.

2.  Accordingly, DnB has failed to meet its burden in demonstrating that it is entitled to relief from the automatic stay to effectuate a setoff.  The Motion should therefore be denied, and the stay should remain in place.

**Standard for Section 362(d) of the Bankruptcy Code**

3.  The automatic stay is one of the fundamental protections afforded to debtors under the Bankruptcy Code.  *See Midatlantic Nat'l Bank v. New Jersey Dep't of Envt'l Protection,* 474 U.S. 494, 503 (1986).  The automatic stay provides the debtor

with a "breathing spell" after the commencement of a chapter 11 case, shielding it from creditor harassment and from a multitude of litigation in a variety of forums at a time when a debtor's personnel should be focusing on restructuring. *See, e.g., E. Refactories Co. v. Forty Eight Insulations,* 157 F.3d 169 (2d Cir. 1998); *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 64 (2d Cir. 1986); *Taylor v. Slick,* 178 F.3d 698, 702 (3d Cir. 1999), *cert. denied,* 528 U.S. 1079 (2000); *In re Univ. Med. Ctr.,* 973 F.2d 1065, 1074 (3d Cir. 1992). The United States Court of Appeals for the Second Circuit has stated that the automatic stay

> is a crucial provision of bankruptcy law. It prevents disparate actions against debtors and protects creditors in a manner consistent with the bankruptcy goal of equal treatment . . . by ensuring that no creditor receives more than an equitable share of the bankrupt's estate.

*Lincoln Sav. Bank, FSB v. Suffolk County Treasurer (In re Parr Meadows Racing Ass'n)*, 880 F.2d 1540, 1545 (2d. Cir. 1989), *cert. denied,* 110 S.Ct. 869 (1990), quoted in*, In re Drexel Burnham Lambert Group, Inc.*, No. 90B-10421, 1990 WL 302177 at *5 (Bankr. S.D.N.Y. Dec. 14, 1990).

4.      Moreover, the automatic stay is intended to "allow the bankruptcy court to centralize all disputes concerning property of the debtors' estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *See SEC v. Brennan*, 230 F.3d 65, 70 (2d Cir. 2000); *see also In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 989 (2d Cir. 1992).

5.      Section 362(d) of the Bankruptcy Code provides that a party may be entitled to relief from the automatic stay under certain circumstances. 11 U.S.C. § 362(d); *In re Eclair Bakery Ltd.*, 255 B.R. 121, 132 (Bankr. S.D.N.Y. 2000). DnB moves

for relief from the automatic stay pursuant to section 362(d)(1) and (2) of the Bankruptcy Code. That section provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
>> (A) the debtor does not have equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization. . . .

6. The party seeking to lift or modify the automatic stay bears the initial burden to show cause why the stay should be lifted. *In re Sonnax*, 907 F.2d 1280, 1285 (2d Cir. 1990) ("If the movant fails to make an initial showing of cause . . . the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection"). DnB has not carried its burden in demonstrating that "cause" exists and so is not entitled to relief from the automatic stay.

### DnB Has Not Met its Burden

7. DnB claims it is entitled to an order lifting the automatic stay under section 362(d)(1) because "its valid, non-bankruptcy offset rights constitute 'cause'" for such relief. A conclusory statement that a party has a valid right to a setoff does not make it so and it certainly does not constitute cause for relief from the automatic stay.

8. The treatment of setoff rights in bankruptcy is addressed in section 553 of the Bankruptcy Code. Section 553(a) of the Bankruptcy Code provides, in relevant part, that:

> Except as otherwise provided in this section an in *sections 362* and *363* of this title, this title does not affect any right of a creditor to offset a *mutual debt* owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.
> . . .

11 U.S.C § 553(a) (emphasis added).

9. Section 553(a) preserves a creditor's right to setoff, but only for a "mutual debt owing by such creditor to the debtor that arose before the commencement of the case." 11 U.S.C. § 553(a). The filing of a bankruptcy petition marks the time at which mutuality ceases; any funds thereafter deposited are considered property of the bankruptcy estate. *In re Springfield Casket Co., Inc.,* 21 B.R. 223, 228 (Bankr. S.D. Ohio 1982) ("In the context of bankruptcy, postpetition debts may not provide the basis for setoff because mutuality ceases upon the filing of the bankruptcy estate."). Thus, courts consistently hold that banks cannot set off their prepetition claims against amounts debtors deposit in their bank accounts postpetition). *See, e.g., In re Orr*, 234 B.R. 249, 254 (Bankr. N.D.N.Y. 1999) (noting that "it is clear that the right of setoff cannot exist in postpetition deposits."); *In re Keather*, 208 B.R. 406, 415 (Bankr. S.D. Ohio 1997) (stating that "it is clear that the right of setoff cannot exist in postpetition deposits" and denying bank's motion to apply amounts deposited in bank account postpetition against prepetition claim).

10. DnB alleges in its Motion that, prior to the Commencement Date, DnB, as lender, and LBHI, as borrower, entered into a $25,000,000 Revolving Credit Facility dated March 1, 2008 (the "Credit Agreement"). Further, the Motion alleges that, prior to the Commencement Date, LBHI established and maintained the Account,

account number 7966.02.01268, at DnB.  DnB claims that, "[a]s of Commencement Date", the amount of the obligations under the Credit Agreement was $25,071,256.94, and "[a]s of the Commencement Date, the balance in the Account was 106,178,587.92 Norwegian kroners (approximately $18,538,059.21 United States dollars)" (the "Account Balance").  Motion ¶¶ 3, 4.  DnB claims that it is entitled to offset the Account Balance against the Credit Agreement Obligations and apply the Funds in partial satisfaction of its claim for the Credit Agreement Obligations.

          11.     While Exhibit A to the Motion does provide evidence of the existence of the Credit Agreement, the Motion fails to set forth *any* evidence of the Account Balance on the Commencement Date.  The Debtors have reason to believe that the majority of the Account Balance was, or may have been, deposited in the Account *after* LBHI filed its chapter 11 petition (at 1:45 a.m. Eastern Time on September 15, 2008).  If this is the case, the majority of the Account Balance was deposited *postpetition*, destroying the "mutuality" requirement of section 553 of the Bankruptcy Code and DnB's right to a setoff.  *See Springfield Casket*, 21 B.R. at 228; *Keather*, 208 B.R. at 415; *Orr*, 234 B.R. at 254.

          12.     Specifically, the Debtors' internal account records reflect that at the close of business on Friday, September 12, 2008 (the last business day prior to the filing), the balance in the Account was $209,074, while at the close of business on Monday, September 15, 2008 (the first business day after the filing), the balance in the Account was $18,519,974.  The increase appears to have been the result of three separate wire transfers that may have been credited to the Account on September 15, 2008 (the "September 15 Transfers").

13. In determining their response to the Motion, the Debtors have worked diligently to confirm the numbers DnB asserts in the Motion.[1] The Debtors do not have in their possession the back-up data tracking the September 15 Transfers and supporting the Account Balance and requested such data from DnB. While DnB recently has provided the Debtors with some documents that might suggest that at least some of the September 15 Transfers were received by DnB (although not deposited in the Accounts) prior to the Commencement Date, DnB has not provided the Debtors with sufficient information that would enable it to verify whether DnB's credit of the September 15 Transfers represented a prepetition or postpetition transfer.

14. In addition, the limited information DnB has provided to the Debtors thus far has raised more questions as to the facts DnB asserts in its Motion, questions that DnB has not been able to answer as of the date hereof. Specifically, the documents that DnB has provided suggest that at least some of the Funds might have been transferred from other Lehman entities currently in insolvency proceedings, "for the benefit of" Lehman entities other than LBHI in connection with foreign exchange transactions. It is unclear what it means to be for the benefit of such other entities without more information or discovery. Thus, it is possible that other Lehman entities may have an interest in the funds in the Account, an interest that is not identified in the Motion. There are too many questions about the Funds that remain unanswered such that granting the Motion at this time and determining the status of those Funds without any evidence would be premature.

---

[1] The Debtors have not attached the limited documentation that DnB has provided them because of DnB's instructions not to provide such documentation to third parties.

15. The Debtors requested from DnB an adjournment of the hearing on the Motion for 13 days in order to provide both parties an opportunity to clarify the facts DnB sets forth in the Motion.  The Debtors stressed that an adjournment would allow DnB time to present clear facts regarding the Funds as of the Commencement Date and would provide the Debtors, as well as those other Lehman entities that might have an interest in the Funds not determinable from the facts as set forth in the Motion, a fair opportunity to determine whether or not there is a factual and legally cognizable basis for the relief DnB seeks.  DnB has refused to agree to an adjournment, apparently preferring to rely on its flawed Motion.  Having elected that path, it should suffer the consequences that flow therefrom.  For the reasons set forth above, the Motion should be denied.

WHEREFORE the Debtors respectfully request that the Court deny the Motion in its entirety and grant the Debtors such other and further relief as may be just.

Dated:  November 3, 2008
       New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession