Hearing Date and Time: November 18, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: November 13, 2008 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
: 
Debtors. : **(Jointly Administered)**
: 
: 
------------------------------------------------------------------x

**NOTICE OF HEARING REGARDING APPLICATION OF THE DEBTORS
PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE
BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION
TO EMPLOY AND RETAIN SIMPSON, THACHER & BARTLETT LLP AS SPECIAL
COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

PLEASE TAKE NOTICE that a hearing on the annexed application (the "Application") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors"), pursuant to sections 327(e) and 328(a) of the Bankruptcy Code for authorization to employ, *nunc pro tunc*, Simpson Thacher & Bartlett LLP as special counsel, all as more fully described in the Application, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") on **November 18, 2008 at 10:00 a.m. (Prevailing Eastern Time)** or as soon thereafter as counsel may be heard.

NY2:\1931768\04\15#K804!.DOC\58399.0003

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to the chambers of the Honorable James M. Peck ("Chambers")), and shall be served upon: (i) Chambers, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., and James T. Grogan, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn: Anne Knight, Esq. and Mary E. McGarry, Esq., so as to be received no later than **November 13, 2008 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Application is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: November 3, 2008
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow, Esq.
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Debtor
And Debtor in Possession

Hearing Date and Time:  November 18, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  November 13, 2008 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                :
**In re**                                       :    **Chapter 11 Case No.**
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
                                                :
                          Debtors.              :    **(Jointly Administered)**
                                                :
                                                :
------------------------------------------------------------------x

**APPLICATION OF THE DEBTORS**
**PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE**
**BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION**
**TO EMPLOY AND RETAIN SIMPSON, THACHER & BARTLETT LLP AS SPECIAL**
**COUNSEL TO THE DEBTORS,** ***NUNC PRO TUNC*** **TO THE COMMENCEMENT DATE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this Application to employ Simpson, Thacher & Bartlett LLP as special counsel and respectfully represent:

**Background**

    1.  Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

**Jurisdiction**

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Lehman's Business**

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.  Its headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

6.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Applications and Applications, filed on September 15, 2008 [Docket No. 2].

### Relief Requested

7.      By this Application, the Debtors request entry of an order, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing the employment of Simpson, Thacher & Bartlett LLP ("STB") as special counsel for the Debtors, effective *nunc pro tunc* to the Commencement Date with respect to the following matters:  (i) assisting LBHI with reporting obligations under the Securities and Exchange Act of 1934; (ii) assisting LBHI with respect to negotiations related to, and the closing of the sale of, the investment banking and capital markets business of LBI to Barclays Capital, Inc.; (iii) assisting LBHI with respect to the sale of Lehman's investment management division to Bain Capital, LLC and Hellman & Friedman LLC; (iv) representing LBHI in connection with the testimony of Richard S. Fuld, Jr., Chairman of the Board and Chief Executive Officer of LBHI, before Congress, including production of LBHI related documents to Congress; and (v) representing LBA Y.K. ("LBA"), a non-debtor indirect subsidiary of LBHI, in certain litigation matters pending in the United States and in Japan (collectively, the "LBA Actions"), and as to which LBHI has a direct financial interest in any recovery.  All of the foregoing matters, other than the LBA Actions, were substantially concluded as of October 22, 2008 except as to follow-up requests.

**Basis for Relief**

8.  The Debtors' knowledge, information, and belief regarding the matters set forth in this Application are based on and made in reliance upon the Affidavit of Mary Elizabeth McGarry (the "McGarry Affidavit"), sworn to on November 3, 2008, a copy of which is attached as Exhibit A.

9.  The retention of STB under the terms described herein is appropriate under Bankruptcy Code sections 327(e), 328(a) and 1107(b). Section 327(e) provides for the appointment of special counsel where the proposed counsel does not possess any interest materially adverse to the debtor with regard to the matter(s) that will be handled by counsel. Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Moreover, section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

10. Accordingly, section 327(e) of the Bankruptcy Code authorizes the retention of counsel who previously represented a debtor prepetition provided that: (a) the appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the specified special purpose for which counsel is being retained does not rise to the level of conducting the bankruptcy case for the debtor in possession. *See In re DeVlieg, Inc.*, 174 B.R.

497 (N.D. Ill. 1994). *See In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained*, there is no conflict and the representation can stand") (emphasis in original). As explained more fully below, the Debtors submit that each of these factors is satisfied with respect to STB and, therefore, its retention should be approved under section 327(e) of the Bankruptcy Code.

**The Employment and Retention of STB is in the Best Interests of the Estates**

11. The Debtors' decision to retain STB is based on several factors: (a) STB is well qualified to act as special counsel in the areas for which it has been asked to provide legal counsel; (b) prior to the Commencement Date, STB actively represented the Debtors and their affiliates with regard to various matters, including matters for which the Debtors need postpetition counsel; and (c) the Debtors believe that representation by STB in such matters, subsequent to the Commencement Date was, and as to the LBA Actions is, in the best interest of the estates.

12. Here, the Debtors selected STB as special counsel in three principal areas: (i) compliance with U.S. securities laws; (ii) certain asset sales conducted during the course of the chapter 11 cases; and (iii) a Congressional hearing that ensued after the filing of these chapter 11 cases. As described in the McGarry Affidavit, STB has extensive knowledge and experience with each of these kinds of matters. STB is a leading global law firm with more than 800 lawyers. The firm provides coordinated legal advice on the largest and most complex corporate transactions and litigation matters in a variety of industries, including financial services. STB regularly advises clients regarding ongoing disclosure and compliance matters under the U.S. securities laws, and regularly advised Debtors on these matters for many years. STB is one of

the world's preeminent law firms in the mergers and acquisitions field, and is experienced in such transactions within the financial services industry. In addition, STB's litigation professionals frequently represent individuals and business entities in a wide range of litigation matters, including government investigations and proceedings.

13. Furthermore, as set forth in the McGarry Affidavit, STB has represented LBHI since its 1994 spin-off from American Express and represented LBHI's predecessors for several decades prior to 1994. During that time, STB has represented LBHI and its affiliates in numerous litigations and corporate transactions and in connection with general corporate and regulatory matters. Over the course of its representation of the Debtors, STB has become familiar with the Debtors' business operations, as well as the legal matters described in this Application and in the McGarry Affidavit. Although the matters on which STB represents LBHI have largely concluded, if any additional needs arise in those matters STB will be well qualified to represent the Debtors interests due to its longstanding relationship with the Debtors. The Debtors believe that the employment of STB as special counsel for the Debtors will enable the Debtors to avoid the unnecessary expense otherwise attendant to having another law firm familiarize itself with the matters described above. For these reasons, the Debtors submit that the employment of STB is in the best interests of the Debtors, their estates, and creditors.

### STB Holds No Interest Materially Adverse to the Debtors or the Debtors' Estates

14. To the best of the Debtors' knowledge, STB does not represent or hold any interest adverse to the Debtors, their creditors, any other parties in interest herein, or their respective attorneys or accountants, or the U.S. Trustee, with respect to the matters as to which STB is to be employed, except as may be set forth in the McGarry Affidavit. *See In re AroChem*, 176 F.3d at 622 (emphasizing that, under section 327(e) of the Bankruptcy Code,

potential conflicts must be evaluated only with respect to the scope of the proposed retention). The Debtors have been informed that STB will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, STB will supplement its disclosure to the Court. *See* McGarry Affidavit at ¶ 20.

15. As of the Commencement Date, the Debtors owed STB amounts for unbilled and billed fees and expenses incurred for services rendered by STB unrelated to these chapter 11 cases. STB has not received payment of any of these outstanding amounts.[1] STB is, therefore, a prepetition creditor of the Debtors.[2] However, STB's status as a prepetition creditor of the Debtors should not be an impediment to its retention by LBHI under section 327(e) of the Bankruptcy Code. Additionally, because STB is not serving as the Debtors' bankruptcy counsel, the Debtors believe that STB has not rendered "services . . . in contemplation of, or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.

16. Based on the foregoing and the disclosures set forth in the McGarry Affidavit, the Debtors submit that STB does not hold or represent any interest adverse to the Debtors or the Debtors' estates with respect to the matters on which STB is to be employed.

### STB will not Conduct the Debtors' Bankruptcy Case

17. By separate applications, the Debtors have sought the Court's approval to retain and employ Weil, Gotshal & Manges LLP as the Debtors' general bankruptcy counsel, and Curtis, Mallet-Prevost, Colt & Mosle LLP as conflicts counsel. By contrast, STB's postpetition work is comprised of the LBA Actions, as well as the specific non-litigation matters described in

---

[1] As set forth in the McGarry Affidavit, some portion of this amount is for litigation services that may hereafter be paid for under one or more of the Debtors' insurance policies. *See* McGarry Affidavit at ¶ 25.

[2] STB is also owed amounts by certain non-debtor affiliates for services rendered to those entities, including in particular the private equity related entities listed on Exhibit D to the McGarry Affidavit. STB anticipates that it will receive payment from those entities for such services.

paragraph 7 above which are now largely concluded. None of these matters involves the conduct of the bankruptcy cases themselves. Accordingly, the services rendered and functions to be performed by STB will not be duplicative of any bankruptcy-related work performed by other law firms retained by the Debtors. Furthermore, STB will coordinate with the Debtors' other professionals to ensure that its services are, to the maximum extent possible, complimentary to other professionals' services.

**Professional Compensation**

18. The Debtors understand that STB intends to apply separately to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all orders of this Court governing professional services performed and expenses incurred after the Commencement Date. *See* McGarry Affidavit at ¶ 32. To that end, STB has agreed to "to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of this Court." *See id.*

19. STB has further informed the Debtors that the current hourly billing rates for STB professionals range from $785 to $1000 for partners, $740 to $765 for counsel and senior counsel, $385 to $690 for associates, and $130 to $285 for paralegals. *See id.* at ¶ 26. The Debtors respectfully submit that such rates are reasonable and comparable to the rates other firms charge for similar services. For services rendered by STB in these cases, the Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, all guidelines promulgated by the U.S. Trustee, and orders of the Court, propose to pay STB its customary hourly rates that are in effect from time to time, as set forth in the McGarry Affidavit.

20. As noted above, much of the work to be performed by STB on behalf of the Debtors has been completed, except for certain responses and information requests which may require STB's attention. Nevertheless, the Debtors also seek authority to continue paying STB's fees and expenses on a postpetition basis for its work in connection with the LBA Actions. The LBA Actions include the following litigation matters: (i) a lawsuit pending in the United States District Court for the Southern District of New York styled *LBA Y.K. vs. Marubeni America Corp.*, Case No. 08-3282 (S.D.N.Y.); (ii) an appeal therefrom filed by Marubeni America Corp. to the United States Court of Appeals for the Second Circuit; (iii) a proceeding under 28 U.S.C. § 1782 seeking discovery in aid of LBA's pending action against Marubeni Corporation in the Civil Court of Tokyo, Japan; and (iv) providing assistance to LBA's local counsel in the action pending in the Civil Court of Tokyo, Japan.

21. By providing counsel to LBA in the LBA Actions, STB also serves the direct financial interests of LBHI. Specifically, a bond policy has been issued to LBHI which relates to the LBA Actions and pursuant to which LBA is a named insured. Any recovery LBA receives from the action pending in the Civil Court of Tokyo, Japan, and any proceeds received under the bond policy, will be paid to the Debtors. Thus, the Debtors' estates have a common interest with LBA in the prosecution of its claims against Marubeni Corporation, and in recovery under the bond policy, as well as a strong interest in ensuring maximum recovery from Marubeni Corporation in the Japanese proceedings and under the bond policy. LBA, however, lacks funds with which to pay fees and expenses to STB in these matters and, prior to the Commencement Date, all such fees and expenses were paid by LBHI. Accordingly, LBHI is requesting authority, subject to further order of this Court, to pay STB's fees and expenses incurred in connection with the LBA Actions on an ongoing basis.

## The Relief Requested is Appropriate

22.     Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Notice

23.     No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this Application in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

24. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: November 3, 2008
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession