**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
:   Chapter 11
In re:                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et. al.*,  :   Case No. 08-13555 (JMP)
      Debtors.                  :
:   (Jointly Administered)
------------------------------------------------------------ x

### SUPPLEMENTAL DECLARATION OF DAVID A. BUCK IN SUPPORT OF THE MOTION AND REPLY OF SUMITOMO MITSUI BANKING CORPORATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §362(D) AND FED. R. BANKR. P. 4001 GRANTING RELIEF FROM THE AUTOMATIC STAY TO FORECLOSE ON ITS COLLATERAL

David A. Buck, pursuant to 28 U.S.C. §1746, declares under penalty of perjury that the following is true and correct:

1. I am the Senior Vice President and head of loan restructuring for the Americas Division of Sumitomo Mitsui Banking Corporation ("*SMBC*"). SMBC is a secured creditor of the above-referenced debtor and I am familiar with all the facts and circumstances set forth herein.

2. I submit this Supplemental Declaration in support of (i) the Motion, dated October 15, 2008, of SMBC Pursuant to 11 U.S.C. §362(d) and Fed. R. Bankr. P. 4001 Of The Bankruptcy Code For Relief From The Automatic Stay (the "*Motion*") and (ii) the Reply, dated November 4, 2008, of SMBC In Support of the Motion For Entry of An Order Granting Relief From the Automatic Stay to Foreclose on Its Collateral Pursuant to 11 U.S.C. §362(d) and Fed. R. Bankr. P. 4001 (the "*Reply*"), which seek entry of an order granting limited relief from the automatic stay to permit a foreclosure sale of SMBC's Collateral.

3. The Debtor assessed the Market Value of the Collateral on the closing date of the Loan and Security Agreement to be $395,485,273 while the notional funded value was $415,329,427. A true and correct copy of the Borrowing Notice sent from the Debtor to SMBC on May 27, 2008 is attached hereto as ***Exhibit A***.

4. The Debtor provided its own detailed reports on the Market Value of the Collateral to SMBC on several occasions. As set forth in the reports, the Debtor never valued the Collateral at its face or funded amount. True and correct copies of samples of the reports that the Debtor delivered to SMBC on June 30, 2008 and September 9, 2008 are attached hereto as ***Exhibit B***.

5. As of November 3, 2008, the value of the Collateral has precipitously dropped to approximately $313,426,073. See ***Exhibit C*** attached hereto which sets forth the calculation of the current value of the Collateral.

6. The precipitous decline in the value of the loans which comprise the Collateral can also be seen in ***Exhibit D*** hereto, which lists the last bid for each of the loans and the last ask for each of the loans, for each business day from September 22, 2008 through November 3, 2008. Exhibit D includes a row titled "Conservative 100" which values the non-Dollar denominated loans at par throughout the time period (the *"Conservative Values"*). A review of the Conservative Values shows that as of November 3, 2008, the Collateral has decreased by $63,395,408 since the last business day prior to the LCPI Petition Day.

7. The value of the Collateral, as shown on Exhibits C and D was determined by using the Loan-X service (except for the non-dollar denominated loans in the "Conservative 100" row), which is widely recognized and used by the loan market. All of the loans that make up the Collateral are listed on the Loan-X service, except for the Carlsberg revolving credit. To

determine the value of the Carlsberg revolving credit (in all instances other than for purposes of the Conservative Values where the non-Dollar denominated loans are assumed to trade at par), SMBC (i) conservatively chose a method that may overstate its value because it discounts both the impact of currency conversion and the fact that revolving credits traditionally trade lower than term loans, and (ii) applied the value of the Carlsberg term loan to the Carlsberg revolving credit. For each loan, the value of the Collateral was determined by multiplying the U.S. dollar value equivalent of such loan by the last bid for that loan as set forth on Loan-X on the date for which a value was sought.

8. *Exhibit E* attached hereto sets forth a comparison of the bids and offers received by SMBC from various dealers which are widely available in the market and the average of the dealer quotes set forth by the Loan-X service on various dates.

9. I declare under penalty of perjury that the foregoing is true and correct.

November 4, 2008

*/s/ David A. Buck*
David A. Buck
Senior Vice President
Head of Loan Restructuring for the
Americas Division
Sumitomo Mitsui Banking Corporation