UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

LEHMAN BROTHERS HOLDINGS, INC.,           Chapter 11
                                                                     Case No. 08-13555 (JMP)

      Debtor.

-----------------------------------------------------------X
MIRON BERENSHTEYN, on behalf of himself           ADVERSARY
PROCEEDING
and all others similarly situated,                               CLASS ACTION COMPLAINT

        Plaintiff,                                            ADV. PRO. 08-_____ (JMP)

   v.

LEHMAN BROTHERS HOLDINGS, INC.,

      Defendant.
-----------------------------------------------------------X

      Plaintiff MIRON BERENSHTEYN ("Plaintiff") alleges on behalf of himself and the

class of those similarly situated as follows:

## NATURE OF THE ACTION

      1.      The Plaintiff brings this action on behalf of himself, and the other similarly

situated former employees who worked for Defendant LEHMAN BROTHERS HOLDING, INC.

(hereinafter the "Debtor") and were terminated on September 9, 2008 as part of, or as the result

of, mass layoffs or plant closings ordered by the Debtor on or about September 9, 2008, and

within thirty (30) days of that date, and who were not provided 60 days advance written notice of

their termination, as required by the Worker Adjustment and Retraining Notification Act

("WARN Act"), 29 U.S.C. § 2101 *et. seq.* and by the New Jersey Millville Dallas Airmotive

Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2 ("New Jersey WARN Act").

2.	Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to 29 U.S.C. § 2104, from the Debtor. Debtor's employees who worked at or reported to one of Debtor's New Jersey facilities seek to recover lost wages, benefits and other remuneration, including severance pay equal to one week of pay for each full year of employment. Plaintiff's WARN backpay claim, as well as the claims of all similarly situated employees, is entitled to first priority administrative expense status pursuant to the United States Bankruptcy Code § 503(b)(1)(A), or wage priority status pursuant to the United States Bankruptcy Code § 507(a)(4), (5).

## JURISDICTION AND VENUE

3.	This Court has jurisdiction over this adversary pursuant to 28 U.S.C. §§ 157, 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

4.	This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

5.	The violation of the WARN Act alleged herein occurred in this district.

6.	This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action in which: (1) there are 100 or more members in the Plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

7.	Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiff*

8. Plaintiff was employed by the Debtor as a AVP/Senior Java Developer and worked at the Debtor's facility located at 110 Hudson Street, Jersey City, New Jersey (the "Jersey City Facility") until his termination on or about September 9, 2008.

*Defendant*

9. The Debtor maintained and operated its corporate headquarters at 745 Seventh Avenue, New York, New York (the "Seventh Avenue Facility") and maintained and operated additional facilities, including the Jersey City Facility as that term is defined by the WARN Act, throughout the United States (collectively the "Facilities").

10. Until on or about September 9, 2008, the Plaintiff and the other similarly situated former employees were employed by the Debtor and worked at or reported to one of its Facilities.

11. On September 15, 2008, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

## CLASS ALLEGATIONS, 29 U.S.C. § 2104

12. Plaintiff brings this action on his own behalf and on behalf of all other similarly situated former employees of the Debtor who worked at or reported to one of Debtor's Facilities and were terminated on or about September 9, 2008, and within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by the Debtor on September 9, 2008, pursuant to 29 U.S.C. § 2104(a)(5).

13. On or about September 9, 2008, the Debtor terminated the Plaintiff as part of a mass layoff or plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which the Plaintiff was

3

entitled to receive 60 days advance written notice under the WARN Act or receive 60 days pay and benefits in lieu of 60 days notice.

14. The mass layoff or plant closing ordered on or about September 9, 2008, affected not only the Plaintiff, but approximately 1,000 other similarly situated employees at the Debtor's Facilities (the "other similarly situated former employees").

15. Pursuant to 29 U.S.C. § 2104(a)(5), the Plaintiff maintains this action on behalf of himself and on behalf of each of the other similarly situated former employees.

16. Each of the other similarly situated former employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

17. The Plaintiff and the other similarly situated former employees are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

18. The Debtor was required by the WARN Act to give the Plaintiff and the other similarly situated former employees at least 60 days advance written notice of their respective terminations or pay them 60 days wages and benefits.

19. Prior to their employment loss, neither the Plaintiff nor the other similarly situated former employees received written notice that complied with the requirements of the WARN Act.

20. The Debtor failed to pay the Plaintiff and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective employment losses and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits under ERISA for 60 calendar days from and after the dates of their respective employment losses.

4

21.     The Debtor ordered a termination of operations of the New Jersey Establishments or Facilities without notice on or about September 9, 2008 and failed to pay its New Jersey Class Members compensatory damages and costs of the action as required by PL. 2007, c.212, C.34:21-6 of the New Jersey WARN Act.

### CLASS ALLEGATIONS, F.R.B.P. 7023 and F.R.C.P. 23

22.     Plaintiff sues under Rule 7023(a) and (b)(3) of the Federal Rules of Bankruptcy Procedure, and Rule 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons who worked at or reported to one of the Debtor's Facilities and suffered an employment loss on or about September 9, 2008, within 30 days of September 9, 2008, or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by the Debtor on or about September 9, 2008 (the "Class").

23.     The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of the Debtor.

24.     There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

25.     The claims of the Plaintiff are typical of the claims of the Class.

26.     The Plaintiff will fairly and adequately protect the interests of the Class.

27.     The Plaintiff has retained counsel competent, experienced in complex class action employment litigation.

28.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where

5

individual plaintiff and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

29. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. whether the Class Members were employees of the Debtor who worked at or reported to Debtor's Facilities;

    b. whether the Class Members received 60 days written notice which complied with the WARN Act;

    c. whether the Debtor paid the Class members 60 days wages and benefits as required by the WARN Act.

## **CLAIMS FOR RELIEF**

### **First Cause of Action – WARN ACT**

30. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

31. At all relevant times, the Debtor employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

32. At all relevant times, the Debtor was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoff or plant closing at the Facilities.

33. At all relevant times, the Plaintiff and the other similarly situated former employees were employees of the Debtor as that term is defined by 29 U.S.C. §2101.

34. On or about September 9, 2008, the Debtor ordered a mass layoff or plant closing at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2),(3).

35. The mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2), (3) for at least fifty of the Debtor's employees as well as 33% of the Debtor's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

36. The Plaintiff and the Class Members suffered employment losses by the Debtor, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Facilities.

37. The Plaintiff and the Class Members are "affected employees" of the Debtor, within the meaning of 29 U.S.C. § 210l(a)(5).

38. The Debtor was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their employment loss.

39. The Debtor failed to give the Plaintiff and the Class Members written notice that complied with the requirements of the WARN Act.

40. The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Debtor as that term is defined in 29 U.S.C. § 2104 (a)(7).

41. The Debtor failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective loss of employment, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective employment loss.

42. Since the Plaintiff and each of the Class Members seek back-pay attributable to a period of time after the filing of the Debtor's bankruptcy petition and which arose as the result of the Debtor's violation of federal law, Plaintiff's and the Class Members' claims against the

7

Debtor are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A).

43.  The relief sought in this proceeding is equitable in nature.

### Second Cause of Action -  New Jersey WARN Act

44.  Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

45.  At all relevant times, the Debtor was a private business entity defined as an "employer" under the New Jersey WARN Act and continued to operate as a business until it decided to terminate operations at the Establishments and/or Facilities as defined by PL. 2007, c.212, C.34:21-2.

46.  On or about September 9, 2008, or within 30 days thereof, the Debtor ordered a mass layoff as defined by PL. 2007, c.212, C.34:21-2.

47.  The New Jersey Class Members suffered a termination of employment as defined by PL. 2007, c.212, C.34:21-2, having been terminated by the Debtor without cause on their part.

48.  The Debtor was required by the New Jersey WARN Act to give the New Jersey Class Members at least 60 days advance written notice of their terminations.

49.  The Debtor failed to give the New Jersey Class Members written notice that complied with the requirements of the New Jersey WARN Act.

50.  The Debtor failed to pay the New Jersey Class Members their respective lost wages, benefits and other remuneration, including severance pay equal to one week of pay for each full year of employment.

51.  The New Jersey Class Members have informed the State of New Jersey Department of Labor and Workforce Development of this action.

52. Since the New Jersey Class Members seek lost wages, benefits and other remuneration, including severance attributable to a period of time after the filing of the Debtor's bankruptcy petition and which arose as the result of the Debtor's violation of New Jersey law and the New Jersey Class Members' claims against the Debtor are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A).

53. The relief sought in this proceeding is equitable in nature.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against the Debtor:

A. Certification of this action as a class action;

B. Designation of the Plaintiff as a Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A first priority administrative expense claim for WARN backpay pursuant to 11 U.S.C. § 503(b)(1)(A) in favor of the Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period and severance in accordance with the New Jersey Warn Act, or, alternatively, determining that the first $10,950 of the WARN Act claims of the Plaintiff and each of the other similarly situated former employees is entitled to priority status, under 11 U.S.C. § 507(a)(4), and the remainder is a general unsecured claim; and

E. An award against the Debtor under the New Jersey WARN Act of compensatory damages, including lost wages, benefits and other remuneration and reasonable attorneys' fees under PL. 2007, c.212, C.34:21-6, and

F. An allowed administrative-expense priority claim under 11 U.S.C. § 503 against the Debtor for the reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6) and PL. 2007, c.212, C.34:21-6; and

G. . Such other and further relief as this Court may deem just and proper.

Dated: November 4, 2008

Respectfully submitted,

By: /s/ Renè S. Roupinian
René S. Roupinian
Jack A. Raisner
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

Christopher D. Loizides (3345)
**LOIZIDES, P.A.**
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728

*Attorneys for Plaintiff and the putative Class*