Hearing Date: November 5, 2008 at 10:00 a.m.
Objection Deadline: October 31, 2008 4:00 p.m.

**TUCKER ARENSBERG, P.C.**
Bradley S. Tupi, Esq. (BST 1202)
Beverly Weiss Manne, Esq. (PA 34545)
Michael A. Shiner, Esq. (PA 78088)
Gary P. Hunt, Esq. (PA 23556)
1500 One PPG Place
Pittsburgh, Pennsylvania 15222
Phone: 412-594-5525
Fax: 412-594-5619
Email: btupi@tuckerlaw.com
       bmanne@tuckerlaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re:                                          ) Chapter 11 Case
                                                )
LEHMAN BROTHERS HOLDINGS, INC., et al.          ) Case No. 08-13555 (JMP)
                                                )
                                                ) Jointly Administered
                        Debtors.                )
                                                ) Relates to Document No. 258 and 718
                                                )
----------------------------------------------------------------x

## ORDER CLARIFYING THE SALE ORDER DATED SEPTEMBER 20, 2008

Upon the Motion for Reconsideration and Clarification of the Sale Order by the Federal Home Loan Bank of Pittsburgh ("FHLB"), and the Responses of the Debtors and Barclays Capital, Inc. ("Barclays") thereto, and upon the following facts:

A.    On September 16, 2008, LBHI, Lehman Brothers, Inc. ("LBI"), and LB 745 LLC ("LB 745"), filed Chapter 11 petitions in this Court, which are being jointly administered at Bankruptcy No. 08-13555 (JMP) and on October 3, 2008, Lehman Brothers Special Financing,

Inc. ("LBSF") filed a chapter 11 Petition at Bankruptcy Case No. 08-13888 (JMP) which is now also being jointly administered at Bankruptcy No. 08-13555 (JMP).

B.   On September 17, 2008, LBHI, LBI and LB 745 filed a Motion "for orders pursuant to 11 U.S.C. §§ 105, 363, 364(c)(1) and 365 and Fed. R. Bankr. P. (the "Bankruptcy Rules") 2002, 6004, 6006 and 9014 (A) scheduling a final sale hearing (the "Sale Hearing") with respect to that certain Asset Purchase Agreement, dated September 16, 2008, among the Debtors, Lehman Brothers Inc. ("LBI" and, collectively with the Debtors, the "Seller") and Barclays Capital, Inc. (the "Purchaser"), collectively with that First Amendment Clarifying Asset Purchase Agreement dated September 19, 2008 and that letter agreement clarifying and supplementing the Asset Purchase Agreement dated September 20, 2008 (as same may be subsequently modified or amended or clarified, the "Purchase Agreement"); (B) establishing sales procedures; (C) approving a break-up fee; and (D) authorizing and approving the sale of certain of the Seller's assets (the "Purchased Assets") free and clear of all liens, claims, encumbrances and interests"(the "Sale Motion").

C.   The Sale Motion and proposed Order filed were significantly modified during a hearing conducted on September 19 -20, 2008 (the "Sale Hearing").

D.   On September 20, 2008, the Court entered an Order approving "Debtors (hereinafter referred to as the "Sale Order").

E.   The operative provisions of the Sale Order and asset purchase documents (consisting of: (i) the Asset Purchase Agreement, (ii) First Amendment to Asset Purchase Agreement, and (iii) Executed Clarification Letter, Docket 280, collectively the "APA",) provide, among other things, that the Purchased Assets consist only of assets of which the Debtors and LBI were the sole and lawful owners.

F.      The APA provides that Barclays did not purchase assets that were not owned by the Sellers and the Clarification Letter further specifies that the Purchased Assets do not include securities owned by LBHI or any Subsidiary such as LBSF.  Purchased Assets do include "exchange-traded derivatives (and any property that may be held to secure obligations under such derivatives) and collateralized short-term agreements (See, ¶1(a)(ii)). "Excluded Assets" encompass, *inter alia,*  all "Retained Cash" ***other than $1.3 billion in cash, cash equivalents, bank deposits or similar cash items,*** as well as all investments held by Seller or their Subsidiaries in collateralized debt obligations, collateralized loan obligations, over-the-counter derivatives, TBA mortgage notes and similar asset-backed securities and corporate loans, "other than those subject to the Barclays Repurchase Agreement, and until (sic) any securities pledged as collateral under Seller clearing arrangements with JP Morgan Chase & Co. or its Affiliates (other than those  referred to in Section l(a)(ii) of the Letter).

F.      Due to questions concerning the movement of cash among the Debtors and affiliates, FHLB filed a Motion for Reconsideration of the Sale Order [Docket No. 718] ("<u>Motion for Reconsideration</u>") seeking confirmation and clarification from this Court that the Purchased Assets did not include the cash of FHLB in whatever form or wherever such cash may be located (the "<u>FHLB Posted Collateral,</u>" as further defined in the Motion for Reconsideration) and a modification to the Sale Order to reflect the same.

G.      Barclays and the Debtors have responded and averred that the Sale Order, APA and Clarification Order clearly provide that assets such as the FHLB Posted Collateral are not and were not Purchased Assets and fall within the provisions of "Excluded Assets" based upon the Clarification Letter.

3

H. Debtors have further responded that the FHLB Posted Collateral was in an operating account at JP Morgan Chase but was swept in a purported setoff exercised by JP Morgan Chase on or about October 3, 2008, and thus, by implication, since the FHLB Collateral was in the account at JP Morgan Chase as of October 3, 2008, it could not have sold or otherwise transferred under the Barclay's sale order.

K. FHLB has averred that the Order with respect to the Sale, and not just the Clarification Letter, should clearly provide that assets such as the FHLB Posted Collateral are not and were not Purchased Assets, fall within the provisions of "Excluded Assets" and were not sold or otherwise transferred to Barclays.

NOW THEREFORE, the Court hereby finds and Orders as follows:

1. The Motion for Clarification is GRANTED and the Sale Order is hereby clarified with the following findings:

A. Debtors have represented to the Court that the account holding FHLB's Posted Collateral was swept by JP Morgan Chase on or about October 3, 2008 and the assets transferred to Barclays did not include any of the FHLB Posted Collateral.

B. Barclays has represented to the Court that the assets it acquired did not include any cash transferred from the accounts at JP Morgan Chase.

C. The Purchased Assets do not include the FHLB Posted Collateral and the Sale Order did not convey to Barclays any right, title or interest in the FHLB Posted Collateral.

So Ordered this _____ day of November 2008.

HONORABLE JAMES M. PECK
United States Bankruptcy Judge

4