IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
                                                                        :
In re:                                                                  :    Chapter 11 Case No.
                                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                                :    08-13555 (JMP)
                                                                        :
               Debtors.                                                 :    (Jointly Administered)
                                                                        :
------------------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES AND ESTABLISHING NOTIFICATION PROCEDURES RELATING THERETO

Upon the motion dated October 15, 2008 (the "Motion")[1] of Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries, as debtors and debtors in possession (the "Debtors" and, collectively with LBHI's wholly-owned non-debtor domestic subsidiaries, "Lehman"), pursuant to sections 362 and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), seeking entry of an order (the "Order") to establish notification procedures and approve restrictions on transfers of certain equity interests in LBHI, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York; (ii)

---

[1] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties that have requested notice in these cases; and (vii) any transfer agent(s) for Lehman Stock (as defined below) (the "Transfer Agents" and (i)-(vii) collectively, the "Notice Parties"); and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested at the hearing on the Motion; and the Court having determined that the relief sought in the Motion pursuant to this Order is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is FOUND that:

      1.      Lehman's consolidated net operating loss tax carryforwards ("NOLs") and certain other tax attributes (together with NOLs, the "Tax Attributes") are property of the Debtors' estates and are protected by the automatic stay prescribed in section 362 of the Bankruptcy Code;

      2.      Unrestricted trading of certain equity interests in LBHI during the pendency of the bankruptcy could severely limit the Debtors' ability to utilize the Tax Attributes for purposes of title 26 of the United States Code (the "Tax Code"), as set forth in the Motion;

      3.      The notification procedures and restrictions on transfers of LBHI's common stock, certain classes of preferred stock and options to acquire such stock are necessary and proper to preserve the Tax Attributes and are therefore in the best interests of the Debtors, their estates, and their creditors; and

    4.  The relief requested in the Motion is authorized under sections 105(a) and 362 of the Bankruptcy Code.

THEREFORE, IT IS:

    ORDERED that the Motion is granted; and it is further

    ORDERED that the provisions of this Order shall be effective, *nunc pro tunc*, to the date of the Motion; and it is further

    ORDERED that all objections to the Motion not previously withdrawn are overruled; and it is further

    ORDERED that any acquisition, disposition or other transfer in violation of the restrictions set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay prescribed in section 362 of the Bankruptcy Code and pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code. For purposes of this Order, any trades made before the filing of the Motion shall not be subject to this Order; and it is further

    ORDERED that the following procedures and restrictions shall apply to trading in Lehman Stock and are approved:

  (1) <u>Acquisition of Lehman Stock or Options</u>. At least twenty (20) calendar days prior to the proposed date of any transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in an increase in the amount of Lehman Stock beneficially owned by any person who currently is or becomes a Substantial Equityholder (as defined below) or that would result in a person or entity becoming a Substantial Equityholder (a "<u>Proposed Equity Acquisition Transaction</u>"), such person, entity or Substantial Equityholder (a "<u>Proposed Equity Transferee</u>") shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Intent to Purchase, Acquire or Otherwise Accumulate Lehman Stock (an "<u>Equity Acquisition Notice</u>"), in the form attached hereto as Exhibit "E," specifically and in detail describing the proposed transaction in which Lehman Stock would be acquired. At the holder's election, the Equity Acquisition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the

number of shares of Lehman Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

(2) <u>Disposition of Lehman Stock or Options</u>. At least twenty (20) calendar days prior to the proposed date of any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of Lehman Stock beneficially owned by a Substantial Equityholder or that would result in a person or entity ceasing to be a Substantial Equityholder (a "<u>Proposed Equity Disposition Transaction</u>" and together with a Proposed Equity Acquisition Transaction, a "<u>Proposed Equity Transaction</u>"), such person, entity or Substantial Equityholder (a "<u>Proposed Equity Transferor</u>") shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Intent to Sell, Trade or Otherwise Transfer Lehman Stock (an "<u>Equity Disposition Notice</u>," and together with an Equity Acquisition Notice, an "<u>Equity Trading Notice</u>"), in the form attached hereto as Exhibit "F," specifically and in detail describing the proposed transaction in which Lehman Stock would be transferred. At the holder's election, the Equity Disposition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of Lehman Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(3) <u>Objection Procedures</u>. The Debtors shall have fifteen (15) calendar days after the filing of an Equity Trading Notice (the "<u>Equity Objection Deadline</u>") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of Lehman Stock described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "<u>Equity Objection</u>") as a result of an ownership change under section 382 or section 383 of the Tax Code.

    a) If the Debtors file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

    b) If the Debtors do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors provide written authorization to the Proposed Equity Transferor approving the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, prior to the Equity Objection Deadline, then such Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, may proceed solely as specifically described in the Equity Trading Notice. Any further Proposed Equity Transaction must be the subject of additional notices as set forth herein, with an additional twenty (20) calendar day waiting period.

4

(4) <u>Unauthorized Transactions in Lehman Stock or Options</u>.  Effective as of the filing of the Motion and until further order of the Court to the contrary, any acquisition, disposition or other transfer of Lehman Stock in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code.

(5) <u>Definitions</u>.  For purposes of this Order:

    a) <u>Substantial Equityholder</u>.  A "Substantial Equityholder" is any person or entity that beneficially owns at least:

        (i) 23,900,000 shares of LBHI's common stock ("<u>Lehman Common Stock</u>") (representing approximately 4.0% of all issued and outstanding shares of LBHI's common stock);[2] or

        (ii) 4.50% of the outstanding shares of LBHI's 8.75% Non-Cumulative Mandatory Convertible Preferred Stock, Series Q (the "<u>Series Q Convertible Preferred</u>"), as of the day immediately prior to the date of the filing of the Equity Trading Notice;[3] or

        (iii) 4.50% of the outstanding shares of LBHI's 7.25% Non-Cumulative Perpetual Convertible Preferred Stock, Series P (the "<u>Series P Convertible Preferred</u>"), as of the day immediately prior to the date of the filing of the Equity Trading Notice;

    b) <u>Beneficial Ownership</u>.  "Beneficial ownership" (or any variation thereof of Lehman Stock and Options to acquire Lehman Stock) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("<u>Treasury Regulations</u>") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned

---

[2] Note that this represents approximately 4.75% of all outstanding shares of LBHI's common stock <u>excluding</u> shares currently held in the "RSU Trust."  In 1997, LBHI established an irrevocable grantor trust (the "<u>RSU Trust</u>") to provide common stock voting rights to employees holding outstanding LBHI restricted stock units.  LBHI has made regular contributions of Lehman Common Stock to the RSU Trust; the Trust currently holds approximately 97 million shares of Lehman Common Stock.  However, these shares are not considered outstanding stock for federal income tax purposes.

[3] Because the Series P Convertible Preferred and Series Q Convertible Preferred have conversion rights, 4.50% (although arbitrary) allows cushion for the reduced number of shares of preferred stock that may be outstanding as of the actual acquisition or disposition of the shares that are the subject of the Equity Trading Notice.

    or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire Lehman Stock;

 c) <u>Option</u>. An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable; and

 d) <u>Lehman Stock</u>. "Lehman Stock" shall mean Lehman Common Stock, the Series P Convertible Preferred and the Series Q Convertible Preferred. For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire Lehman Stock may be treated as the owner of such Lehman Stock.

 (6) The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Order.

and it is further;

ORDERED that any person or entity acquiring, disposing of or transferring Lehman Stock in violation of the restrictions set forth herein, or failing to comply with the "<u>Equity Acquisition Notice</u>" or "<u>Equity Disposition Notice</u>" requirements, as may be the case, shall be subject to such sanctions as the Court may consider appropriate pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code; and it is further

ORDERED that the notices substantially in the form annexed to the Motion as Exhibit "D" and Exhibit "E" are approved; and it is further

ORDERED that the Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Order; and it is further

ORDERED that the Debtors shall serve notice of the entry of this Order substantially in the form annexed to the Motion as Exhibit "B" (the "Final Procedures Notice") describing the authorized trading restrictions and notification requirements on the Notice Parties to the extent such parties have not previously been served with the Final Procedures Notice. Upon receipt of Final Procedures Notice, any Transfer Agents shall send the Final Procedures Notice to all holders of Lehman Stock registered with the Transfer Agent. Any registered holder shall, in turn, provide the Final Procedures Notice to any holder for whose account the registered holder holds Lehman Stock. Any holder shall, in turn, provide the Final Procedures Notice to any person or entity for whom the holder holds Lehman Stock; and it is further

ORDERED that any Transfer Agent that executes a transfer as instructed, in its capacity as Transfer Agent, shall not incur liability to any party in the event such transfer is determined to be in violation of the Order; and it is further

ORDERED that the Debtors are hereby authorized and directed to pay, within five (5) business days of receipt of a detailed invoice from a Transfer Agent, such Transfer Agent's reasonable and documented costs, fees and expenses incurred by the Transfer Agent at the request of the Debtors in furtherance of the Motion or this Order, including, but not limited to, costs, fees and expenses arising from and related to the mailing and distribution of the notice of Motion and the Final Procedures Notice in accordance with this Order; and it is further

ORDERED that the Debtors shall post the Final Procedures Notice on the website established by the Debtors' claim agent: http://chapter11.epiqsystems.com/lehman (the "Website"); and it is further

7

ORDERED that nothing herein shall preclude any person or entity that desires to purchase or transfer any Lehman Stock from requesting relief from this Order in this Court subject to the Debtors' rights to oppose such relief; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that the requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule 3001(e), applicable securities, corporate, and other laws, and do not excuse compliance therewith; and it is further

ORDERED that the Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order; and it is further

ORDERED that the relief granted in this Order is intended solely to permit the Debtors to protect, preserve and maximize the value of the Tax Attributes.  Accordingly, except to the extent the Order expressly conditions or restricts trading in equity interests in the Debtors, nothing in this Order or in the Motion shall or shall be deemed to prejudice, impair or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests during the pendency of the Debtors' bankruptcy cases.

Dated:  New York, New York
       November 5, 2008

    *s/ James M. Peck*
    UNITED STATES BANKRUPTCY JUDGE