UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

LEHMAN BROTHERS HOLDINGS INC.,
*et al.*,

                Debtors.
-----------------------------------------------------------x

Chapter 11

08-13555 (JMP)

(Jointly Administered)

**ORDER APPROVING SPECIFIED
INFORMATION BLOCKING PROCEDURES AND PERMITTING
TRADING OF CLAIMS UPON ESTABLISHMENT OF A SCREENING WALL**

Upon the Motion (the "Motion") of The Vanguard Group, Inc., for and on behalf of certain funds and trusts for which it provides investment advisor services ("Vanguard"), a creditor in these proceedings and a member of the Official Committee of Unsecured Creditors ("Committee") appointed in these Chapter 11 cases (the "Chapter 11 Cases") concerning the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for the entry of an order pursuant to Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), approving specified information blocking procedures and permitted trading in Covered Claims (as defined below) in certain situations, together with the exhibits attached thereto; and the Motion having come on to be heard before this Court; no objections to the Motion having been filed; and the Court being satisfied that the relief requested in the Motion is appropriate and in the best interest of Vanguard, the Committee, the creditors, and the Debtors' estates; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

    1.    The Motion is granted, subject to the terms and conditions of this Order;

    2.    The information blocking procedures described substantially in the declaration of Stuart Hosansky ("Hosansky") annexed to the Motion (the "Screening Wall Declaration"), which are designed to prevent the misuse of Committee information are hereby approved.

3. Vanguard will not violate its duties as a Committee member and, accordingly, will not subject its claims to possible disallowance, subordination, or other adverse treatment, by trading in the Covered Claims during the pendency of the Debtors' Chapter 11 Cases, provided that Vanguard establishes and effectively implements and strictly adheres to the information blocking procedures detailed in the Screening Wall Declaration or otherwise ordered by the Court.

4. Should any entity related to or affiliated with the debtors in these Chapter 11 Cases file a bankruptcy petition at any time after the entry of this Order, and should Vanguard contemplate trading in that new debtor's Covered Claims, Vanguard shall file additional disclosures articulating the informational blocking procedures that will be implemented by Vanguard which are designed to prevent the misuse of Committee information. Such disclosures shall be accompanied by a proposed order, and if no objections to Vanguard's disclosures are filed within five (5) business days of the filing of such disclosures, the order may be entered by the Court. If objections are filed, then the Court may schedule a hearing on the matter.

5. For purposes of this Order, the term "Covered Claims" is used to mean any claims against the Debtors, including (i) "Securities" as defined in Section 2(a)(I) of the Securities Act of 1993 (including the following: stocks, notes, bonds, debentures, participation in, or derivatives based upon or relating to, any of the Debtors' debt obligations or equity interests( and (ii) bank debt. Vanguard's trading in the Covered Claims will not constitute a breach of this Order provided that establishes and effectively implements and strictly adheres to the information blocking procedures detailed in the Screening Wall Declaration or otherwise approved in writing by the Office of the United States Trustee.

6. In the event that any other individual Vanguard representative is chose to replace Hosansky as Vanguard's representative on the Committee, such individual; will deliver to the

2

U.S. Trustee a declaration affirming his or her compliance with the screening procedures described herein prior to accepting any responsibilities in connection with these Chapter 11 Cases.

7. Nothing in this Order shall prejudice the right of the United States Trustee to take such action as she deems appropriate in the case, including the removal of any Committee member pursuant to Section 1102 of the Bankruptcy Code.

8. This Order shall not preclude the Court from taking any action it may deem appropriate in the event that it is determined that a breach of fiduciary duty has occurred as a result of a defect in, or the ineffectiveness, of the implementation of the information blocking procedures herein approved.

Dated:  New York, New York
        November 5, 2008

                                              *s/ James M. Peck*
                                              HONORABLE JAMES M. PECK
                                              UNITED STATES BANKRUPTCY JUDGE