UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                : 
In re                                                           :    Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :    08-13555 (JMP)
                                                                :
          Debtors.                                      :    (Jointly Administered)
                                                                :
                                                                :
------------------------------------------------------------------x

**FINAL ORDER PURSUANT TO SECTIONS 105(a), 362(d), 363(b),
AND 503(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES
4001, 6003 AND 6004 FOR ORDER (A) (i) AUTHORIZING DEBTOR TO
CONTINUE ITS WORKERS' COMPENSATION PROGRAMS AND ITS
LIABILITY, PRODUCT, PROPERTY, AND OTHER INSURANCE PROGRAMS,
(ii) AUTHORIZING DEBTOR TO PAY ALL PREPETITION OBLIGATIONS
IN RESPECT THEREOF, AND  (B) AUTHORIZING FINANCIAL
INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS
RELATED TO SUCH OBLIGATIONS**

Upon the motion, dated October 1, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), for entry of an order, pursuant to sections 105(a), 362(d), 363(b), and 503(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 4001, 6003 and 6004 of the Federal Rules of Bankruptcy Procedure, for authority to (a) (i) continue their workers' compensation programs (the "Workers' Compensation Programs") and their liability, product, property, and other insurance programs (together with the Workers' Compensation Programs, the "Insurance Programs") including but not limited to those set forth on the schedule annexed hereto as Exhibit A, (ii) pay all prepetition obligations in respect thereof, on an uninterrupted basis, consistent with their practices in effect prior to the commencement of

the Debtors' chapter 11 cases, including the payment of all premiums, claims, deductibles, administrative expenses, and all other charges incurred, whether relating to the period prior to or after the commencement of these chapter 11 cases (collectively, "<u>Insurance Obligations</u>"), (iii) modify the automatic stay solely and for the limited purpose of permitting employees with claims under the Workers' Compensation Program to proceed with their claims in accordance with such program in the appropriate judicial or administrative forum; and (B) schedule a hearing to consider the relief requested on a permanent basis (the "<u>Final Hearing</u>"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures to (i) the United States Trustee; (ii) counsel for the Creditors' Committee; (iii) counsel for those lenders making daily postpetition clearing advances to the Debtors pursuant to the Order Confirming Status of Clearing Advances (the "<u>Postpetition Lenders</u>"); (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been

2

held to consider the relief requested in the Motion (the "Interim Hearing"); and upon the Affidavit of Ian T. Mowitt Pursuant to Rule 1007-2 for the Local Bankruptcy Rules of the Southern District of New York in Support of First-Day Motions and Applications, sworn to on September 14, 2008, the record of the Interim Hearing and Final Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on a final basis as provided herein; and it is further

ORDERED that the Debtors are authorized and empowered to maintain their Insurance Programs including but not limited to those set forth on the schedule annexed hereto as Exhibit A without interruption, on the same basis, and in accordance with the same practices and procedures that were in effect prior to the commencement of the Debtors' chapter 11 cases; and it is further

ORDERED that the Debtors are authorized, but not required, to pay, in their sole discretion, all Insurance Obligations that are or become payable prior to the Final Hearing, including, without limitation, all premiums, claims, deductibles, excess, retrospective adjustments, administrative and brokers' fees, and all other obligations arising under the Insurance Programs, including those Insurance Obligations that (i) were due and payable or related to the period before the commencement of these chapter 11 cases, without further Order of the Court; *provided*, *however*, that the Debtors shall

consult with the Official Creditors' Committee prior to the payment of any such claims exceeding $250,000 and shall obtain the consent of the Official Creditors' Committee prior to the payment of such claims exceeding $500,000 (which consent shall not be unreasonably withheld) or further order of the Court, and (ii) are or become due and payable or related to the period after the commencement of these chapter 11 cases; and it is further

ORDERED that, pursuant to section 362(d) of the Bankruptcy Code, to the extent any of the Debtors' employees hold claims under the Debtors' Workers' Compensation Programs, these employees are authorized, at the Debtors' discretion, to proceed with their workers' compensation claims through and including the collection of any judgment in the appropriate judicial or administrative forum under the Workers' Compensation Programs; _provided_, that the prosecution of such claims is in accordance with the Workers' Compensation Program and the recoveries are limited to the proceeds available under the Workers' Compensation Program; and it is further

ORDERED that nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors or other parties in interest as provided under the Bankruptcy Code to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Debtors' Insurance Programs; and it is further

ORDERED that, to the extent that any Insurance Program or any related contract or agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute the postpetition assumption of any such Insurance Program,

4

contract, or related agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that notwithstanding any applicability of Rules 6004(h),[1] 7062, or 9014 of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

Dated: New York, New York
        November 5, 2008

                                                *s/ James M. Peck*
                                                UNITED STATES BANKRUPTCY JUDGE

---

[1] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.

5

# EXHIBIT A

**(Insurance Programs)**

**Lehman Brothers Holdings Inc., et al.**                                              **EXHIBIT A**

| | *CARRIER* | *POLICY NUMBER* | *BROKER* | *EFFECTIVE DATE* | *EXPIRATION DATE* | *LIMITS* | *DEDUCTIBLE* | *POLICY PREMIUM* | *ANNUAL PREMIUM* | *GEOGRAPHIC SCOPE* |
|---|---|---|---|---|---|---|---|---|---|---|
| UK Engineering Inspection Coverage | Royal & Sun Alliance | CY/EKD7000537 | Marsh UK | 05/01/2008 | 09/29/2008 | Statutory | N/A | GBP 3,204.81 | GBP6,549.58 | UK |
| LBCS Cargo Insurance | Lloyds of London | JC715106 | Marsh - Portland | 01/09/2007 | 09/30/2008 | $50mm for named location; $10mm for any one conveyance and/or pipeline; $5mm for unnamed location | $100,000 per occurrence | $25,000 minimum & deposit | $25,000 minimum & deposit | Worldwide |
| LBCS Energy Liability | Lloyds of London | B0509HB177007 (Primary); B0509HE307607 (Excess) | Marsh | 08/01/2007 | 09/30/2008 | $100mm Primary ; $150 xs $100 Excess (total limits: $250mm) | $50,000 SIR; $100,000 SIR for Oil Trading | $136,920 (primary $100mm); $173,400 (Excess$150mm) | $136,920 (primary $100mm); $173,400 (Excess$150mm) | Worldwide |
| Canadian General Liability | ACE | CGL323128 | Integro | 09/30/2007 | 09/30/2008 | $!,000,000 per occ. | Nil | $2,500 | $2,500 | Canada |
| Auto Liability | AIG | AL 1607101 | Marsh | 09/30/2007 | 09/30/2008 | $1MM Liability; PIP statutory; $10,000 Medial payments | N/A | $107,691 | $107,691 | USA |
| General Liability (Commercial) | AIG | 1595543 | Marsh | 09/30/2007 | 09/30/2008 | $1MM/loss $10MM aggregate | $0 | $381,031 | $381,031 | USA |
| Punitive Damages Wrap Around Coverage | AIG CAT | TBD | Marsh Bermuda | 09/30/2007 | 09/30/2008 | $25MM excess of Primary | N/A | $35,000 | $35,000 | Global |
| Umbrella/Excess Liability | AIG, Liberty Mutual, Zurich, ACE Bermuda | Various | Marsh | 09/30/2007 | 09/30/2008 | $250MM/loss, excess of scheduled underlying limits | N/A | $939,896 | $939,896 | Worldwide |

1                                                                                                                                             11/05/2008

**Lehman Brothers Holdings Inc., et al.**                                                                   EXHIBIT A

| | CARRIER | POLICY NUMBER | BROKER | EFFECTIVE DATE | EXPIRATION DATE | LIMITS | DEDUCTIBLE | POLICY PREMIUM | ANNUAL PREMIUM | GEOGRAPHIC SCOPE |
|---|---|---|---|---|---|---|---|---|---|---|
| Workers Compensation and Employers Liability | AIG | 5455585(FL); 5455585(CA); 5455586(AOS); 5455587(NY); 5455588(AR,MA,TN,VA); 5455589(MI,WI); 5455590(OR); 5455591(TX) | Marsh | 09/30/2007 | 09/30/2008 | Workers Compensation statutory benefits for states covered. Employers Liability $1MM each accident and each employee. | $250,000 | $3,612,198 | $3,612,198 | USA |
| Aviation Finance Group Contingent Hull & Liability (Corporate Aircraft) | AIG Aviation | FI-1859476-01 | AON Aviation | 10/25/2007 | 10/25/2008 | $200mm per occ with various sublimits | N/A | $17,500 | $17,500 | Worldwide |
| Aviation Hull and Liability (including Non-Owned Aircraft and Excess Coverage for the fractional) | AIG Aviation, National Union -(Fractional Policy) | TBD | Aon Aviation | 10/30/2007 | 10/30/2008 | Aircraft Hull: 1995 Gulfstream IV $34,170,000 2001 Gulfstream IV $38,760,000 1998 Sikorsky $8,800,000 | N/A | $437,550 | $437,550 | Global |
| Fine Arts Liability | Travelers | QT-660-3077B165-FA 103107 | Dewitt Stern Group | 10/31/2007 | 10/31/2008 | $12MM scheduled locations; $1MM transit; $3MM any other location world wide | $1,000 in transit; $15,000 all other | $26,145 | $26,145 | Global |

2                                                                                                                                                 11/05/2008

**Lehman Brothers Holdings Inc., et al.**                                                                                                       EXHIBIT A

| | CARRIER | POLICY NUMBER | BROKER | EFFECTIVE DATE | EXPIRATION DATE | LIMITS | DEDUCTIBLE | POLICY PREMIUM | ANNUAL PREMIUM | GEOGRAPHIC SCOPE |
|---|---|---|---|---|---|---|---|---|---|---|
| Petrol Properties GL | Lexington | 107253 | Integro | 11/18/2007 | 11/18/2008 | $2MM aggregate; $2MM products/oper; $1MM/loss; $1MM personal injury; $50K Fire Damage; Legal Excluded Medical Payments | $10,000/occurrence | $27,000 (Minimum and Deposit) | $25,000 | USA |
| Non 40 Act Asset Management - D&O/E&O | AIG, XL, Chubb, HCC, Arch, Travelers, Starr, PIA, ACE USA, Axis USA | AIG: 003019007, XL: ELU101620-07, Chubb: 68005473, HCC: 24MGU07A15762, Arch: IAP0018995-01, Travelers: 0590CM3054, Starr: 349-4864, PIA: U707-60579, ACE USA: DOX G21681283-003, Axis USA: MNN | Willis | 11/30/2007 | 11/30/2008 | $100MM | $0 Individual; Corporate Reimbursement $3MM | $2,302,752 | $2,302,752 | Global |
| Private Equity D&O and E&O | Chubb, AIG, XL | Chubb: 70434566, AIG: 003029441, XL: ELU101654-07 | Marsh | 11/30/2007 | 11/30/2008 | $30MM | $0 Individual; Corporate Reimbursement $500,000 | $481,750 | $481,750 | Global |
| Pro Bono Professional Liability | Lloyds of London | 86335 | Complete Equity Markets | 01/10/2008 | 01/10/2009 | $1MM aggregate (sub-limits for certain coverages) | $500 per claim | $1,979 plus taxes ($2,054.20 with taxes) | $1,979 plus taxes ($2,054.20 with taxes) | |
| Aviation Finance Group Contingent Hull & Liability | Lloyds of London | B0823AM0852581 | AON | 01/16/2008 | 01/16/2009 | $500mm plus various sublimits | $10k for All Risk; $1,250 for Baggage/personal effects | $441,216 Deposit | $441,216 Deposit | Worldwide |
| Comprehensive Crime (Fidelity Coverage) including Computer Crime | Lloyds & Various U.S. insurers | B0509QA005308/1 Primary | Marsh | 01/31/2008 | 01/31/2009 | $175MM per loss subject to $175MM aggregate | $10MM per claim | $4,001,734 | $4,001,734 | Global |
| Comprehensive Crime Mortgage Bank Excess In-fill | AIG | Bond: 003002193 Computer: 003008225 | Marsh | 01/31/2008 | 01/31/2009 | $5MM excess of $5MM retention | $5MM/loss | $74,767 | $74,767 | |
| Terrorism Coverage (Nuclear, Biological and Chemical) | Wharf Reinsurance | 2008-NBC-01 | Marsh | 02/11/2008 | 02/11/2009 | $1.425B | $1MM | $2,720,938 | $2,720,938 | USA |

**Lehman Brothers Holdings Inc., et al.**                                                                                                EXHIBIT A

| | CARRIER | POLICY NUMBER | BROKER | EFFECTIVE DATE | EXPIRATION DATE | LIMITS | DEDUCTIBLE | POLICY PREMIUM | ANNUAL PREMIUM | GEOGRAPHIC SCOPE |
|---|---|---|---|---|---|---|---|---|---|---|
| Excess SIPC Surety Bond | Customer Asset Protection Company | 2002-02, 1002-03lbi, 1003-03nb | Marsh | 02/16/2008 | 02/16/2009 | N/A | N/A | $904,243 | | LBI, NB LLC, LBIE |
| All Risk & NBCR Excess (excluding UK) | Wharf Reinsurance | XS-002 | Marsh | 12/31/2007 | 03/15/2009 | $575MM per occ for NBC; $300MM per occ /agg for Global All Risk (excl. UK); $100MM Flood except $25MM for high hazard flood zones, $100MM for EQ | Excess underlying policies | All Risk= $57,744 NBC=$115,488 | All Risk= $48,000 NBC=$96,000 | Global |
| ALS/BNC/LBB/LBSBF/PML Mortgage Impairment Policy | Lloyd's | B066408164A07    B066408164B07 | Integro | 12/31/2007 | 03/15/2009 | $30MM A1 & A2; $25MM CA Earthquake | $5,000, except $10K for windstorm & flood, $1M for direct loss of damages from balance of perils | $1,198,766 GBP30,075 for PML | $996,480 GBP25,000 for PML | Global |
| Global Property, Business Interruption and Boiler and Machinery | Zurich, Chubb, Lexington, Lloyds, ACE USA, Max Bermuda, AWAC, Arch, Allianz, Montpelier RE, GEP, Axis US, Swiss RE, Lancashire, ACE | Various | | 12/31/2007 | 03/15/2009 | $1.4 B w/various sub limits | $1MM/occurrence all loss except, 5% for CA Quake and Named Windstorm with $1mm minimum, 24 hours waiting period for service interruption | $6,142,640.37 | $5,106,102.40 | Global |

4                                                                                                                                            11/05/2008

**Lehman Brothers Holdings Inc., et al.**                                                                                                    **EXHIBIT A**

| | *CARRIER* | *POLICY NUMBER* | *BROKER* | *EFFECTIVE DATE* | *EXPIRATION DATE* | *LIMITS* | *DEDUCTIBLE* | *POLICY PREMIUM* | *ANNUAL PREMIUM* | *GEOGRAPHIC SCOPE* |
|---|---|---|---|---|---|---|---|---|---|---|
| Terrorism Standalone - International (exlcuding US, UK) | Lexington | 9406835 | Marsh | 12/31/2007 | 03/15/2009 | Limits of Liability per location not to exceed the amounts shown in Property and BI columns respectively for each location, for each | $5MM/occurrence as respects to property damage. 3 days as respects BI and Extra Expense | $111,149 | $92,393 | Global (excluding US,UK) |
| TRIPRA | Wharf Reinsurance | 2008-T-02 | Marsh | 12/31/2007 | 03/15/2009 | $2 B | $1MM/occurrence all loss | $1,904,789.00 | $1,583,366.00 | USA |
| UK All Risk Property Policy | Wharf Reinsurance | 2008PRIUK-01 | Marsh | 12/31/2007 | 03/15/2009 | $1.7 B USD with various sublimits | $1MM per occurrence with a 24 hour waiting period with respect to service interruption | $515,786 | $428,750 | UK |
| UK Terrorism -Pool RE Endorsement | Wharf Reinsurance | Attaches to Policy 2008-PRIUK-01 | Marsh | 12/31/2007 | 03/15/2009 | $1.7B with various sublimits | $1MM per occurrence with a 24 hour waiting period with respect to service interruption | $1,043,736 | $867,611 | UK |
| Special Risk | Great American Insurance Co. | SCI273610130-06 | Marsh | 03/30/2006 | 03/30/2009 | $50MM per Insured Event subject to sub-limits | $0 (NIL) | $60,795 | $20,265 | Global |
| Directors and Officers Liability | XL, Chubb, HCC, Axis, Zurich, Lloyds, ACE Bda, Arch, AIG Cat Excess/AWAC, Liberty, AIG, Endurance, RSUI, CNA, AIG, Axis, ACE | ELU104715-08, 7043-0876, 24-MGU-08-A16690, MNN713535/01/2008, DOC7995104-10, B0509QA027108, LEH-11930D, 00DOX0112000403, ELU1047515-08, C002007/006, 078365-018, 005082352, | Marsh | 05/16/2008 | 05/16/2009 | $180MM - A&B $250MM - A | (A) Individual coverage $0;  (B) Company reimbursement $25MM | $11,756,796.00 | $11,756,796.00 | Global |
| Employment Practices Insurance | XL, ACE Bermuda, AWAC, Axis Bermuda, Endurance | BM00023596EP08A, LEHM-11929E, C006345/002, 1131670108QA, P006960002 | Marsh Bermuda | 05/16/2008 | 05/16/2009 | $100MM | $10MM | $1,821,408 | $1,821,408 | Global |
| Fiduciary Liability (Pension Trust) | AIG, St. Paul Travelers, CNA, HCC, Zurich | 507-47-13, EC09001745, 169856703, 14-MGU-08-A16695, FLC5979655-04 | Marsh | 05/16/2008 | 05/16/2009 | $50MM | $250K for; $2.5M for derivative or class representative action; $10M for all loss in connection with any Claim made against any | $593,909 | $593,909 | Global |

**Lehman Brothers Holdings Inc., et al.**                                                                 **EXHIBIT A**

| | CARRIER | POLICY NUMBER | BROKER | EFFECTIVE DATE | EXPIRATION DATE | LIMITS | DEDUCTIBLE | POLICY PREMIUM | ANNUAL PREMIUM | GEOGRAPHIC SCOPE |
|---|---|---|---|---|---|---|---|---|---|---|
| Charterers Legal Liability | International Marine Underwriters | N5JH01111 | Integro | 05/31/2008 | 05/31/2009 | $5MM | $10,000 any one loss or occurrence | $5,000 | $5,000 | Global |
| Global Real Estate Group Liability (General Liability, Liquor Liability, Auto Liability, & Garage Liability) | AIG | GL 4571645 LIQ 4572469 CA 1469944 CA 4576013 | Integro | 08/01/2008 | 08/01/2009 | $1mm per occ/$2mm agg per location; $1mm for non-owned & Hired Auto; $1mm for Liquor Liability | N/A | $851,213 | $851,213 | per scheduled locations |
| Global Real Estate Group Property | Lexington, ACE, CNA, Glacier, Inter Hannover, Liberty Mutual, Swiss Re, Zurich | Various | Integro | 08/01/2008 | 08/01/2009 | $250mm with various sublimits | $25k; $100k for Garden Apts; $250k or 5% for Flood, Named Storm, Flood as a result of Named Storm & CA Earthquake | $3,301,467 plus applicable taxes | $3,301,467 plus applicable taxes | per scheduled locations |
| Global Real Estate Group Umbrella/Excess Liability | AIG, Lexington, ACE Westchester, AIG CAT Excess, Chubb, Fireman's Fund | 6081831, 7769720, G23810815002,9497745, 93635835, SHX 00079403960 | Integro | 08/01/2008 | 08/01/2009 | $200mm per occ / agg Per location | $25,000 SIR | $1,157,460 plus applicable taxes | $1,157,460 plus applicable taxes | per scheduled locations |
| Cranford Storage Tank Liability | ACE | G21861492002 | Marsh | 08/15/2008 | 08/15/2009 | $1mm per pollution incident; $1mm aggregate legal defense expense; $1mm aggregate limit | $5,000 | $473 | $473 | USA |
| International Casualty | Ace | PHFD37282236 | Integro | 09/30/2007 | 09/30/2009 | $1MM CGL; $2MM Auto; $1MM Employers Liability | $1,000 for EBL; N/A for all others | $261,895 | $130,948 | Global ex US |
| Excess Securities (J) | Lloyd's | 509/ZF003708 | Marsh | 01/31/2008 | 01/31/2011 | $325MM each and every loss | Excess of underlying $175M Bond Aggregate | $532,500 | $177,500 | Global |
| Mail (Lehman Brothers) | Chubb | | Marsh | Continuous (7/30 anniversary date) | Continuous (7/30 anniversary date) | $50MM subject to sub-limits | $0 (NIL) | $35,000 | $35,000 | Global |

6                                                                                                                                           11/05/2008