UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
:
In re                                                : Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,             : 08-13555 (JMP)
                                                     :
           Debtors.                                  : (Jointly Administered)
                                                     :
                                                     :
----------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004 AUTHORIZING LEHMAN BROTHERS HOLDINGS INC. TO ENTER INTO AN AMENDED SALE AND PURCHASE AGREEMENT

Upon the motion, dated October 15, 2008, as modified by a supplement, dated October 29, 2008 (said motion and supplement, collectively, the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization and approval of a certain Sale and Purchase Agreement (the "Sale Agreement"), dated as of October 13, 2008, as amended by Amendment No. 1 to Aircraft Sale and Purchase Agreement (the "Amendment"), dated as of October 27, 2008, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; (vii) the Purchaser; and (viii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

    ORDERED that the Motion is GRANTED; and it is further

    ORDERED that, pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004, the Sale Agreement, as amended by the Amendment, hereby is approved and the Debtors are authorized to consummate all of the transactions contemplated thereby, including but not limited to, the sale of Seller's aircraft, Gulfstream Aerospace G-IV bearing Manufacturer's Serial Number 1448 and U.S. Registration Mark N300LB (the "Aircraft"), to Pegasus AV, LLC; and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, the sale of the Aircraft to the Purchaser (the "<u>Sale</u>") shall be free and clear of any and all liens, claims and encumbrances, with such liens, claims and encumbrances (if any) to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims and encumbrances have on the Assets, as appropriate, subject to the rights and defenses of the Debtors and any party in interest with respect thereto; and it is further

ORDERED that the Purchaser is granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized to execute and deliver such assignments, conveyances, and other documents, and instruments of transfer and to take such other actions as may be reasonably necessary to consummate the Sale; and it is further

ORDERED that nothing in this Order or in the Sale Agreement or in the Amendment (i) releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order, or (ii) should be construed to give Purchaser any more protection against any government unit than it is otherwise entitled to under 11 U.S.C. § 363(f)(1), (3), (4), or (5).  Nothing in this paragraph should be construed to create for any governmental unit any substantive right that does not already exist under law; and it is further

ORDERED that Debtors are authorized to pay the following outstanding invoices relating to flight support activities, as more fully described in the Motion: (i) aircrew training expenses in the amount of $27,621.06; (ii) travel and preparation for aircrew expenses in the amount of $491.79; (iii) hangar, fuel, and maintenance expenses in the amount of $21,624.72;

3

(iv) expenses incurred in positioning the Aircraft in Scottsdale, Arizona for Purchaser's inspection in the amount of $20,046.28; and (v) various other operating expenses in the amount of $41,265.45; and it is further

ORDERED that the fees of Seller's Broker in the amount of One Hundred Fifty-Eight Thousand Five Hundred Dollars ($158,500) be segregated from the Purchase Price and held in escrow and paid to Broker only upon this Court's approval of Seller's retention of Broker; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rule 6004(h),[2] the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.

Dated:  New York, New York
        November 5, 2008

                        *s/ James M. Peck*
                        UNITED STATES BANKRUPTCY JUDGE

---

[2] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.

4