WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
In re                                                  :    Chapter 11 Case No.
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,           :    08-13555 (JMP)
                                                       :
                    Debtors.                           :    (Jointly Administered)
                                                       :
                                                       :
----------------------------------------------------------------x

**REVISED STIPULATION**
**AND AGREED ORDER RESOLVING MOTION TO COMPEL**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

       Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor in the above-

referenced chapter 11 cases, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in

possession (together, the "Debtors" and, collectively with their debtor and non-debtor affiliates,

"Lehman"), and the Movants,[1] by and through their respective counsel, hereby enter into this

Stipulation and Agreed Order (this "Stipulation") and stipulate and agree, as follows:

---

[1] The term "Movants" shall mean those parties listed on Exhibit A hereto.

**RECITALS**

      A.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries, including LCPI, commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

      B.      The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

      C.      Prior to the Commencement Date, the Debtors were active in the secondary loan market.  In this capacity, the Debtors purchased and sold both par and distressed commercial loans.

      D.      The Debtors' prepetition trades were reflected in various oral and written confirmations (the "Trade Confirmations").  Generally, each Trade Confirmation represented a binding agreement to purchase or to sell positions in par or distressed loans or participations in par or distressed loans or claims against third parties at an agreed upon price.  Such transactions generally were consummated and settled over the next several weeks upon execution by both parties of formal transfer documentation and payment by the purchaser of the applicable purchase price.

      E.      As of the Commencement Date, the Debtors had entered into, but had not yet consummated and settled, hundreds of Trade Confirmations (the "Open Trade Confirmations").

      F.      The Open Trade Confirmations are executory contracts subject to assumption or rejection under section 365 of the Bankruptcy Code.  Pursuant to section

365(d)(2) of the Bankruptcy Code, the Debtors have until plan confirmation to assume or reject the Open Trade Confirmations unless the Court fixes an earlier date.  11 U.S.C. § 365(d)(2).

G.    On October 17, 2008, the Movants filed a Motion for an Order Compelling Lehman Commercial Paper Inc. to Assume or Reject Executory Contracts Pursuant to Sections 105(d)(2)(A) and 365(d)(2) of the Bankruptcy Code [Docket No. 1117 in Case No. 08-13555] (the "Motion to Compel"), in which the Movants seek an order compelling LCPI to assume or reject certain Open Trade Confirmations prior to November 7, 2008.

H.    LBHI was not a subject of the Movants' Motion to Compel.  However, several parties to Open Trade Confirmations with LBHI have requested that LBHI also make a prompt determination regarding the treatment of its Open Trade Confirmations.

I.    Since the Commencement Date, the Debtors have worked diligently to determine which Open Trade Confirmations should be assumed, assumed and assigned, or rejected, as applicable.

J.    Until November 4, 2008, the Debtors believed they would be able to notify counterparties to all the Open Trade Confirmations (each a "Counterparty" and, collectively, the "Counterparties") of their intentions with respect to the Open Trade Confirmations on or before November 7, 2008.  As a result, on October 31, 2008, the Debtors and the Movants entered into a Stipulation and Agreed Order Resolving Motion to Compel (the "Original Stipulation"), which has been filed with the Court.

K.    On November 4, 2008, the Debtors determined that they may need additional time with respect to 49 of the Open Trade Confirmations.  The Movants and the Debtors, have agreed to modify the terms of the Original Stipulation as reflected herein.

L.    The Debtors and the Movants have agreed as follows:

**AGREED ORDER**

IT IS HEREBY AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1. After consultation with professionals retained by the Official Committee of Unsecured Creditors (the "Committee") and, in any event, on or before the close of business at 5:00 p.m. (Prevailing Eastern Time) on November 7, 2008 (the "Notification Deadline"), the Debtors shall notify each Counterparty of the applicable Debtor's designation of each Open Trade Confirmation entered into with such Counterparty as either (1) an Open Trade Confirmation the Debtor seeks to assume (an "Assumed Trade Confirmation"), (2) an Open Trade Confirmation the Debtor seeks to assume and assign (an "Assumed and Assigned Trade Confirmation"), or (3) an Open Trade Confirmation the Debtor seeks to reject (a "Rejected Trade Confirmation"); *provided, however,* that as to the Open Trade Confirmations listed on Exhibit B annexed hereto, the Debtors shall provide notice to the applicable Counterparties on or before the close of business at 5:00 p.m. (Prevailing Eastern Time) on December 5, 2008 (the 'Second Notification Deadline").

2. No Open Trade Confirmations shall be assumed or rejected without an order of the Court approving same after notice as required by section 365 of the Bankruptcy Code and the Bankruptcy Rules. The Debtors shall file a motion to assume, assume and assign, or reject the Open Trade Confirmations on or before November 16, 2008 and request that the such motion be heard at the Omnibus Hearing currently scheduled for December 3, 2008. The Debtors shall file a motion to assume, assume and assign, or reject the Open Trade Confirmations subject to the Second Notification Deadline on or before December 15, 2008 and request that the such motion be heard at the first Omnibus Hearing scheduled in January, 2009.

The Committee reserves the right to object to the assumption, assumption and assignment, or rejection of any Open Trade Confirmation on any ground, including the proposed timing of such assumption, assumption and assignment or rejection of same.

3. The Debtors shall attempt to close the Open Trade Confirmations that they decide to assume as soon as practicable after November 7, 2008. In the event that any Counterparty believes in good faith that the applicable Debtor is not acting in a commercially reasonable manner in closing any Assumed Trade Confirmation or any Assumed and Assigned Trade Confirmation, such Counterparty shall have the right to request an order of the Court compelling the Debtor to close the trade within a commercially reasonable time period and the Debtor and/or the Committee shall have the right to object thereto.

4. The Debtors reserve the right to move this Court to extend the Notification Deadline or the Second Notification Deadline for good cause shown.

5. Upon Court approval of this Stipulation, the Movants shall withdraw, without prejudice, the Motion to Compel.

6. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim of or against any party, as a waiver of the rights of any party to dispute any claim, or as an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code.

7. Nothing contained herein is intended to or should be construed to restrict, prohibit or impair the rights of any Counterparty to assert that any Open Trade Confirmation has been terminated prior to the Commencement Date and, therefore, may not be assumed or rejected by the applicable Debtor pursuant to section 365 of the Bankruptcy Code, and all such rights are

expressly reserved; *provided, however*, that the Debtors reserve the right to contest any such claim.

8. Nothing contained here is intended to or should be construed to restrict, prohibit or impair the rights of any Counterparty to assert a right of setoff or recoupment in accordance with section 553 or otherwise and all such rights are expressly reserved; *provided, however,* that that Debtors reserve the right to object to any setoff or recoupment.

9. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

10. Each person who executes this Stipulation on behalf of a party hereto represents that he is duly authorized to execute this Stipulation on behalf of such party.

11. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

12. If this Stipulation is not approved by the Bankruptcy Court, it shall be deemed null and void and shall not be referred to or used for any purpose by any of the parties

hereto or any of the other parties in the Debtors' chapter 11 cases.

Dated: November 5, 2008

**RICHARDS KIBBE & ORBE LLP**　　　　　**WEIL, GOTSHAL & MANGES LLP**

/s/ Michael Friedman　　　　　　　　　　/s/ Jacqueline Marcus
Michael Friedman　　　　　　　　　　　　Harvey R. Miller
Joon P. Hong　　　　　　　　　　　　　　Richard P. Krasnow
　　　　　　　　　　　　　　　　　　　　Lori R. Fife
One World Financial Center　　　　　　　Shai Y. Waisman
New York, New York 10281　　　　　　　Jacqueline Marcus
Telephone: (212) 530-1800
Facsimile: (212) 530-1801　　　　　　　767 Fifth Avenue
　　　　　　　　　　　　　　　　　　　　New York, New York 10153
Attorneys for Movants　　　　　　　　　Telephone: (212) 310-8000
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 310-8007

　　　　　　　　　　　　　　　　　　　　Attorneys for Debtors
　　　　　　　　　　　　　　　　　　　　and Debtors in Possession

Dated: New York, New York
　　　　November 5, 2008

　　　　　　　　　　　　　　　　　　　　　*s/ James M. Peck*
　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

DK Acquisition Partners, L.P.
Farallon Choctaw ENE, LLC
Farallon Capital Partners, LP
Farallon Capital Institutional Partners, LP
Farallon Capital Institutional Partners II, LP
Farallon Capital Institutional Partners III, LP
Farallon Capital Offshore Investors, Inc.
Farallon Capital Offshore Investors II, Inc.
Goldman Sachs Credit Partners L.P.
Greywolf Capital Partners II LP
Greywolf Capital Overseas Fund
Halcyon Structured Asset Management European CLO 2007-I B.V.
Longacre Capital Partner (QP), L.P.
Longacre Master Fund, Ltd.
Morgan Stanley Bank International Limited
Morgan Stanley Senior Funding, Inc.
Rowayton Loan Funding Company
Royal Bank of Scotland, plc

**Lehman Brothers**
**Summary**

|  | Open Trades |
|---|---:|
| Verano | 25 |
| Fusion | 14 |
| Bankhaus | 4 |
| Pine | 6 |
| **Total** | **49** |

**Lehman Brothers**
**Verano**
**US Open Trades**

| DealName | B/S | TradeDate | Type | CustomerName | CurrCode |
|---|---|---|---|---|---|
| CAPMARK FINANCIAL (5-YR Japanese Term) | S | 9/10/2008 | Distressed | GOLDENTREE ASSET MANAGEMENT | USD |
| CAPMARK FINANCIAL (5-YR Japanese Term) | S | 9/10/2008 | Distressed | Verano | USD |
| GREEN VALLEY RANCH GAMING LLC | S | 9/15/2008 | PAR | H/2 CAPITAL PARTNERS (MASTER) | USD |
| GREEN VALLEY RANCH GAMING LLC | B | 9/15/2008 | PAR | VERANO CCS, LTD | USD |
| GREEN VALLEY RANCH GAMING LLC | S | 9/17/2008 | PAR | VERANO CCS, LTD | USD |
| KERASOTES (3RD A&R 10/29/04) | S | 9/15/2008 | PAR | H/2 CAPITAL PARTNERS (MASTER) | USD |
| KERASOTES (3RD A&R 10/29/04) | B | 9/16/2008 | PAR | VERANO CCS, LTD | USD |
| KERASOTES (3RD A&R 10/29/04) | B | 9/16/2008 | PAR | VERANO CCS, LTD | USD |
| SPANISH BROADCASTING - FIRST LIEN | S | 9/10/2008 | PAR | 4086 ADVISORS | USD |
| SPANISH BROADCASTING - FIRST LIEN | B | 9/10/2008 | PAR | PUTNAM INVESTMENTS | USD |
| SPANISH BROADCASTING - FIRST LIEN | S | 9/11/2008 | PAR | PUTNAM INVESTMENTS | USD |
| SPANISH BROADCASTING - FIRST LIEN | B | 9/10/2008 | PAR | RIDGEWORTH FUNDS-SEIX FRHIF | USD |
| SPANISH BROADCASTING - FIRST LIEN | S | 9/10/2008 | PAR | GOLDENTREE 2004 TRUST | USD |
| SPANISH BROADCASTING - FIRST LIEN | B | 9/10/2008 | PAR | GOLDENTREE ASSET MANAGEMENT | USD |
| SPANISH BROADCASTING - FIRST LIEN | S | 9/10/2008 | PAR | GOLDENTREE ASSET MANAGEMENT | USD |
| SPANISH BROADCASTING - FIRST LIEN | B | 9/10/2008 | PAR | GOLDENTREE MULITSTRAT SUBSID | USD |
| SPANISH BROADCASTING - FIRST LIEN | S | 9/11/2008 | PAR | GOLDENTREE MULTI STRAT FIN LTD | USD |
| SPANISH BROADCASTING - FIRST LIEN | B | 9/11/2008 | PAR | VERANO CCS, LTD | USD |
| SPANISH BROADCASTING - FIRST LIEN | S | 9/11/2008 | PAR | VERANO CCS, LTD | USD |
| TOYS R US TERM (12/9/05) | S | 9/15/2008 | PAR | VERANO CCS, LTD | USD |
| TOYS R US TERM (12/9/05) | B | 9/15/2008 | PAR | VERANO CCS, LTD | USD |
| TOYS R US TERM (12/9/05) | S | 9/15/2008 | PAR | H/2 CAPITAL PARTNERS (MASTER) | USD |
| WINTERGAMES (INTRAWEST) 10-06 (Tranche A) | B | 9/16/2008 | PAR | VERANO CCS, LTD | USD |
| WINTERGAMES (INTRAWEST) 10-06 (Tranche A) | S | 9/16/2008 | PAR | VERANO CCS, LTD | USD |

**Lehman Brothers**
**Fusion**
**US Open Trades**

| DealName | B/S | TradeDate | Type | CustomerName | CurrCode |
|---|---|---|---|---|---|
| ARINC 1ST LIEN(10/25/07) | S | 8/7/2008 | PAR | FUSION FUNDING LIMITED | USD |
| ARINC 1ST LIEN(10/25/07) | B | 8/6/2008 | PAR | LCPI | USD |
| ARINC 1ST LIEN(10/25/07) | S | 8/6/2008 | PAR | LBCB | USD |
| ARVINMERITOR, INC. (6/23/06) | S | 8/7/2008 | PAR | FUSION FUNDING LIMITED | USD |
| BERRY PLASTICS A&R ABL-BOA(4-3-07) | S | 8/7/2008 | PAR | FUSION FUNDING LIMITED | USD |
| LYONDELLBASELL INDUSTRIES, CITI-12/20/07 | B | 7/18/2008 | PAR | TCW ASSET MGMT CO (CA) | USD |
| LYONDELLBASELL INDUSTRIES, CITI-12/20/07 | B | 7/18/2008 | PAR | ORE HILL PARTNERS LLC | USD |
| LYONDELLBASELL INDUSTRIES, CITI-12/20/07 | S | 8/26/2008 | PAR | HARTFORD INVESTMENT MGMT(MAST) | USD |
| LYONDELLBASELL INDUSTRIES, CITI-12/20/07 | S | 8/7/2008 | PAR | FUSION FUNDING LIMITED | USD |
| METAVANTE CORP. (PROJECT MONTANA) $2BN 1 | S | 8/7/2008 | PAR | FUSION FUNDING LIMITED | USD |
| RENT-A-CENTER, INC. 2ND A&R 7-13-06 | S | 8/7/2008 | PAR | FUSION FUNDING LIMITED | USD |
| TXU ENERGY (10/10/07) CITI (B-1) | S | 8/7/2008 | PAR | FUSION FUNDING LIMITED | USD |
| TXU ENERGY (10/10/07) CITI (B-1) | B | 8/6/2008 | PAR | LBCB | USD |
| TXU ENERGY (10/10/07) CITI (B-1) | S | 8/6/2008 | PAR | LCPI | USD |

**Lehman Brothers**
**Bankhaus**
US Open Trades

| DealName | B/S | TradeDate | Type | CustomerName | CurrCode |
|---|---|---|---|---|---|
| CAPMARK FINANCIAL (5-YR Japanese Term) | S | 9/3/2008 | Distressed | GOLDENTREE ASSET MANAGEMENT | USD |
| CAPMARK FINANCIAL (5-YR Japanese Term) | S | 9/3/2008 | Distressed | KNIGHTHEAD CAPITAL MGMT (MST) | USD |
| CAPMARK FINANCIAL (5-YR Japanese Term) | S | 9/10/2008 | Distressed | KNIGHTHEAD CAPITAL MGMT (MST) | USD |
| GIVAUDAN SA CHF 1.9 BN RC 3-23-07 | S | 9/4/2008 | PAR | DRESDNER BANK AG LONDON BRANCH | CHF |

**Lehman Brothers**
**Pine**

| DealName | B/S | TradeDate | Type | CustomerName | CurrCode |
|---|---|---|---|---|---|
| COLONIAL REALTY LTD PARTNERSHIP 3/22/05 | S | 9/15/2008 | PAR | H/2 CAPITAL PARTNERS (MASTER) | USD |
| COLONIAL REALTY LTD PARTNERSHIP 3/22/05 | B | 9/16/2008 | PAR | PINE CCS, LTD. | USD |
| COLONIAL REALTY LTD PARTNERSHIP 3/22/05 | S | 9/16/2008 | PAR | PINE CCS, LTD. | USD |
| STARWOOD HOTELS & RESORTS WORLDWIDE, INC | S | 9/15/2008 | PAR | H/2 CAPITAL PARTNERS (MASTER) | USD |
| STARWOOD HOTELS & RESORTS WORLDWIDE, INC | B | 9/16/2008 | PAR | PINE CCS, LTD. | USD |
| STARWOOD HOTELS & RESORTS WORLDWIDE, INC | S | 9/16/2008 | PAR | PINE CCS, LTD. | USD |