**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
In re:                                           :    Chapter 11
                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,           :    08-13555 (JMP)
                                                 :
                    Debtors.                     :    (Jointly Administered)
-----------------------------------------------------------------x
```

**INTERIM ORDER UNDER 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002, AUTHORIZING THE RETENTION AND EMPLOYMENT OF MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF SEPTEMBER 17, 2008**

Upon the application dated October 21, 2008 (the "Application") of the Official Committee of Unsecured Creditors (the "Creditors' Committee"), appointed in the above-captioned chapter 11 cases of Lehman Brothers Holdings Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Lehman"), pursuant to section 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for authorization to employ and retain Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP ("Milbank") as counsel for the Creditors' Committee, effective as of September 17, 2008, all as more fully described in the Application; and upon consideration of the Affidavit of Robert Jay Moore, Partner in Milbank's Financial Restructuring Group, sworn to October 21, 2008 (the "Moore Affidavit"); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984; and consideration

of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the time for objections to the Application having expired on October 31, 2008, except for the United States Trustee and the Debtors, whose respective time to object has been extended on consent, with no objections having been timely filed; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein and that Milbank represents no interest adverse to the Debtors' estates or to any class of creditors or equity security holders in the matters upon which Milbank is to be engaged and Milbank is disinterested within the meaning of 11 U.S.C. § 101(14); and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is approved, on an interim basis, effective as of September 17, 2008, the date on which the Creditors' Committee selected Milbank as counsel to represent it during the pendency of the Debtors' chapter 11 cases; and it is further

ORDERED that pursuant to sections 1103(a) of the Bankruptcy Code, the Creditors' Committee's retention of Milbank as its counsel in accordance with Milbank's normal hourly rates and disbursement policies as set forth in the Moore Affidavit is approved to the extent set forth herein on an interim basis; and it is further

ORDERED that Milbank shall apply for compensation and reimbursement in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Rules, the guidelines established by the

Office of the United States Trustee, and such other procedures as may be fixed by order of this Court; and it is further

ORDERED that notice of the Application as provided herein and therein shall be deemed good and sufficient notice of the Application; and it is further

ORDERED that the final hearing to consider entry of an order granting the relief requested in the Application on a permanent basis shall be held on November 18, 2008 at 10:00 a.m. (prevailing Eastern Time), with no requirement of further notice; and it is further

ORDERED that any objections to entry of an order granting the relief requested in the Application on a permanent basis by the Debtors or the United States Trustee shall be in writing, filed with the Court in accordance with General Order M-242 and and served upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Creditors' Committee; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; and (v) Cleary Gottlieb LLP, One Liberty Plaza, New York, NY 10006, Attn: Lindsee P. Granfield, Esq., and Lisa Schweitzer, Esq., and (vi) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq., attorneys for the Debtors' postpetition lenders, so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on November 13, 2008; and it is further

ORDERED that if prior to the hearing date either no objections to the Application have been timely filed by either the Debtors or the United States Trustee, or all timely filed objections have been withdrawn, then an order granting the relief requested on a permanent basis may be entered without further hearing; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this interim order.

Dated: New York, New York
       November 5, 2008

    *s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE