**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------x
In re:                               :    Chapter 11
                                     :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :    08-13555 (JMP)
                                     :
                     Debtors.        :    (Jointly Administered)
--------------------------------------------------------------x
```

### INTERIM ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103 AND FED. R. BANKR. P. 2014 AUTHORIZING THE RETENTION AND EMPLOYMENT OF FTI CONSULTING INC., AS FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF SEPTEMBER 17, 2008

Upon the application dated October 21, 2008 (the "Application") of the Official

Committee of Unsecured Creditors (the "Creditors' Committee"), appointed in the above-

captioned chapter 11 cases of Lehman Brothers Holdings Inc. and its affiliated debtors and

debtors in possession (collectively, the "Debtors" and, together with their non-Debtor affiliates,

"Lehman"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11

U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy

Rules for the Southern District of New York (the "Local Rules"), for authorization to employ

and retain FTI Consulting Inc. ("FTI") as financial advisor for the Creditors' Committee,

effective as of September 17, 2008, all as more fully described in the Application; and upon

consideration of the Affidavit of Michael Eisenband, Senior Managing Director of FTI, sworn to

October 21, 2008 (the "Eisenband Affidavit"); and the Court having jurisdiction to consider the

Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and

the Standing Order of Referral of Cases to Bankruptcy Judges for the Southern District of New

York (Ward, Acting C.J.), dated July 10, 1984; and consideration of the Application and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Application having been provided, and it appearing that no other or further notice need be

provided; and the time for objections to the Application having expired on October 31, 2008,

except for the United States Trustee and the Debtors, whose respective time to object has been

extended on consent, with no objections having been timely filed; and the Court having reviewed

the Application; and the Court having determined that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein and that FTI represents no interest

adverse to the Debtors' estates or to any class of creditors or equity security holders in the

matters upon which FTI is to be engaged and FTI is disinterested within the meaning of 11

U.S.C. § 101(14); and upon all of the proceedings had before the Court, and after due

deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is approved, on an interim basis, effective as of

September 17, 2008, the date on which the Creditors' Committee selected FTI to provide certain

financial advisory services to the Creditors' Committee; and it is further

ORDERED that pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code,

the Creditors' Committee's retention of FTI as its financial advisor in accordance with the

Engagement as set forth in the Eisenband Affidavit is approved to the extent set forth herein on

an interim basis; and it is further

ORDERED that, except as provided herein, FTI shall apply for compensation and

reimbursement in accordance with the procedures set forth in sections 328, 330 and 331 of the

Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Rules, the guidelines

established by the Office of the United States Trustee, and such other procedures as may be fixed

by order of this Court; and it is further

ORDERED, that all requests of FTI for payment of indemnity pursuant to the Engagement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall FTI be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct; and it is further

ORDERED, that in no event shall FTI be indemnified if the Debtor or a representative of the estate, asserts a claim for, and a court determines by final order that such claim arose out of, FTI's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; and it is further

ORDERED that in the event FTI seeks reimbursement for attorneys' fees pursuant to the terms of the Engagement, the invoices and supporting time records from such attorneys shall be included in FTI's own application and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code; and it is further

ORDERED that notice of the Application as provided herein and therein shall be deemed good and sufficient notice of the Application; and it is further

ORDERED that the final hearing to consider entry of an order granting the relief requested in the Application on a permanent basis shall be held on November 18, 2008 at 10:00 a.m. (prevailing Eastern Time), with no requirement of further notice; and it is further

ORDERED that any objections to entry of an order granting the relief requested in the Application on a permanent basis by the Debtors or the United States Trustee shall be in writing, filed with the Court in accordance with General Order M-242 and and served upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Creditors' Committee; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; and (v) Cleary Gottlieb LLP, One Liberty Plaza, New York, NY 10006, Attn: Lindsee P. Granfield, Esq., and Lisa Schweitzer, Esq., and (vi) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq., attorneys for the Debtors' postpetition lenders, so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on November 13, 2008; and it is further

ORDERED that if prior to the hearing date either no objections to the Application have been timely filed by either the Debtors of the United States Trustee, or all timely filed objections have been withdrawn, then an order granting the relief requested on a permanent basis may be entered without further hearing; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this interim order.


Dated:  New York, New York
        November 5, 2008


                              *s/ James M. Peck*
                              HONORABLE JAMES M. PECK
                              UNITED STATES BANKRUPTCY JUDGE