**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**In re:**

**LEHMAN BROTHERS HOLDINGS, INC., et al.,**

**Debtors.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**Chapter 11**

**Case No.: 08-13555 (JMP)**

**(Jointly Administered)**

### ORDER GRANTING MOTION OF ABRAHAM KAMBER & COMPANY LLC FOR DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY

On December ____, 2008, the Court conducted a hearing on Abraham Kamber & Company LLC's Motion for Determination that the Automatic Stay Does Not Apply or, in the Alternative, for Relief from the Automatic Stay. After considering the Motion, any objections of responses to the Motion that were filed, the arguments and representations set forth by counsel at the hearing; and it appearing that this Court has jurisdiction over this matter, notice of the Motion is sufficient under the circumstances and no other or further notice need be provided, and good and sufficient cause appearing, the Court is of the opinion that the relief requested in the Motion should be granted.

IT IS HEREBY ORDERED THAT:

1.   The Motion is granted.

2.   The automatic stay does not apply to any actions by Kamber or any party acting on Kamber's behalf to enforce Kamber's rights under the Sublease against any person or entity, including Debtor, even if enforcement of Kamber's rights would have a negative impact on Debtor or its bankruptcy estate. Without limiting the generality of the foregoing, the Court specifically rules that the automatic stay does not apply to the following, whether or not they have an adverse impact on property of the Debtor's bankruptcy estate: (a) Kamber's issuance of

additional notices relating to the Sublease to any person or entity; (b) Kamber's termination of the Sublease; (c) litigation of Kamber's claims and counterclaims relating to the Sublease against any person or entity (including, without limitation, any such claims that are or are made part of the State Court Litigation); (d) litigation to defend any claims against Kamber asserted by any person or entity that relate to the Sublease (including, without limitation, any such claims that are or are made part of the State Court Litigation); or (e) to Kamber's assertion of any other rights concerning or relating to the Sublease against any person or entity.

[or]

Pursuant to Bankruptcy Code § 362(d)(1), the automatic stay is modified to permit Kamber or any party acting on Kamber's behalf to enforce Kamber's rights under the Sublease against any person or entity, including Debtor, even if enforcement of Kamber's rights would have a negative impact on Debtor or its bankruptcy estate. Without limiting the generality of the foregoing, the stay is modified to permit the following, whether or not they have an adverse impact on property of the Debtor's bankruptcy estate: (a) Kamber's issuance of additional notices relating to the Sublease to any person or entity; (b) Kamber's termination of the Sublease; (c) litigation of Kamber's claims and counterclaims relating to the Sublease against any person or entity (including, without limitation, any such claims that are or are made part of the State Court Litigation); (d) litigation to defend any claims against Kamber asserted by any person or entity that relate to the Sublease (including, without limitation, any such claims that are or are made part of the State Court Litigation); and (e) Kamber's assertion of any other rights concerning or relating to the Sublease against any person or entity.

2

3. The modification of the automatic stay granted by this Order shall take effect immediately upon entry of this Order and shall not be stayed by operation of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

Dated: New York, New York
      December ___, 2008

                                            _____
                                            HONORABLE JAMES M. PECK
                                            UNITED STATES BANKRUPTCY JUDGE