**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
```
In re:                                               :    Chapter 11
                                                     :
LEHMAN BROTHERS HOLDINGS INC., <u>et</u> <u>al.</u>,    :    08-13555 (JMP)
                                                     :
                                  Debtors.           :    (Jointly Administered)
```
----------------------------------------------------------------x
```

**INTERIM ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103 AND FED. R. BANKR. P. 2014**
**AUTHORIZING THE RETENTION AND EMPLOYMENT OF**
**HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC. AS INVESTMENT**
**BANKER FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,**
**<u>EFFECTIVE AS OF SEPTEMBER 17, 2008</u>**

Upon the application dated October 21, 2008 (the "<u>Application</u>") of the Official

Committee of Unsecured Creditors (the "<u>Creditors' Committee</u>"), appointed in the above-

captioned chapter 11 cases of Lehman Brothers Holdings Inc. and its affiliated debtors and

debtors in possession (collectively, the "<u>Debtors</u>" and, together with their non-Debtor affiliates,

"<u>Lehman</u>"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11

U.S.C. §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>"), Rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2014-1 of the Local Bankruptcy

Rules for the Southern District of New York (the "<u>Local Rules</u>"), for authorization to employ

and retain Houlihan Lokey Howard & Zukin Capital, Inc. ("<u>Houlihan</u>") as investment banker for

the Creditors' Committee, effective as of September 17, 2008, all as more fully described in the

Application and the engagement letter between the Creditors' Committee and Houlihan, dated

September 17, 2008 (the "<u>Engagement Letter</u>"); and upon consideration of the Declaration of

Eric Siegert, Senior Managing Director of Houlihan, sworn to October 21, 2008 (the "<u>Siegert</u>

<u>Declaration</u>"); and the Court having jurisdiction to consider the Application and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of

Referral of Cases to Bankruptcy Judges for the Southern District of New York (Ward, Acting

C.J.), dated July 10, 1984; and consideration of the Application and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application

having been provided, and it appearing that no other or further notice need be provided; and the

time for objections to the Application having expired on October 31, 2008, except for the United

States Trustee and the Debtors, whose respective time to object has been extended on consent,

with no objections having been timely filed; and the Court having reviewed the Application; and

the Court having determined that the legal and factual bases set forth in the Application establish

just cause for the relief granted herein and that Houlihan represents no interest adverse to the

Debtors' estates or to any class of creditors or equity security holders in the matters upon which

Houlihan is to be engaged and Houlihan is disinterested within the meaning of 11 U.S.C. §

101(14); and upon all of the proceedings had before the Court, and after due deliberation and

sufficient cause appearing therefor, it is hereby

ORDERED that the Application is approved, on an interim basis, effective as of

September 17, 2008, the date on which the Creditors' Committee selected Houlihan to provide

certain investment banking services to the Creditors' Committee; and it is further

ORDERED that pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code,

the Creditors' Committee's retention of Houlihan as its investment banker in accordance with the

Engagement Letter is approved to the extent set forth herein on an interim basis; and it is further

ORDERED that, except as provided herein, Houlihan shall apply for

compensation and reimbursement in accordance with the procedures set forth in sections 328,

330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local

2

Rules, the guidelines established by the Office of the United States Trustee, and such other

procedures as may be fixed by order of this Court; and it is further

ORDERED that in the event Houlihan seeks reimbursement for attorneys' fees

pursuant to the terms of the Engagement Letter, the invoices and supporting time records from

such attorneys shall be included in Houlihan's own application and such invoices and time

records shall be subject to the United States Trustee's guidelines for compensation and

reimbursement of expenses and the approval of the Bankruptcy Court under the standards of

sections 330 and 331 of the Bankruptcy Code; and it is further

ORDERED that (i) none of the fees hereunder, including the Deferred Fees, shall

constitute a "bonus" or "fee enhancement" under applicable law; (ii) Houlihan shall not be

required to maintain time records;  (iii) Houlihan shall be entitled to be paid out of distributions

to unsecured creditors, when and if made, in accordance with the terms of the Engagement Letter

without further application to the Court; and it is further

ORDERED that all requests of Houlihan for payment of indemnity pursuant to the

Engagement Letter shall be made by application and shall be subject to review by the Court to

ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is

reasonable based upon the circumstances of the litigation or settlement in respect of which

indemnity is sought; provided, however, that in no event shall Houlihan be indemnified in the

case of its own willful misconduct, gross negligence, bad faith or self dealing; and it is further

ORDERED that notice of the Application as provided herein and therein shall be

deemed good and sufficient notice of the Application; and it is further

ORDERED that the final hearing to consider entry of an order granting the relief requested in the Application on a permanent basis shall be held on November 18, 2008 at 10:00 a.m. (prevailing Eastern Time), with no requirement of further notice; and it is further

ORDERED that any objections to entry of an order granting the relief requested in the Application on a permanent basis by the Debtors or the United States Trustee shall be in writing, filed with the Court in accordance with General Order M-242 and and served upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Creditors' Committee; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; and (v) Cleary Gottlieb LLP, One Liberty Plaza, New York, NY 10006, Attn: Lindsee P. Granfield, Esq., and Lisa Schweitzer, Esq., and (vi) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq., attorneys for the Debtors' postpetition lenders, so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on November 13, 2008; and it is further

ORDERED that if prior to the hearing date either no objections to the Application have been timely filed by either the Debtors or the United States Trustee, or all timely filed objections have been withdrawn, then an order granting the relief requested on a permanent basis may be entered without further hearing; and it is further

4

5

ORDERED that the Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this interim order.


Dated:  New York, New York
        November 5, 2008


                                    *s/ James M. Peck*
                                    HONORABLE JAMES M. PECK
                                    UNITED STATES BANKRUPTCY JUDGE