UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                        :

In re                                                   :         Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :         08-13555 (JMP)

                   Debtors.                   :         (Jointly Administered)

------------------------------------------------------------------x

SECURITIES INVESTOR PROTECTION
CORPORATION,

                   Plaintiff,                 :         Adv. Pro. No. 08-1420 (JMP)

           v.                                  :         SIPA Liquidation Proceeding

LEHMAN BROTHERS, INC.,

                   Defendant.             :

------------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER BETWEEN
LEHMAN BROTHERS INC., THE DEBTORS, AND CARGILL
INVESTMENT GROUP, LTD. PROVIDING FOR RELIEF FROM
THE AUTOMATIC STAY FOR THE EXCLUSIVE PURPOSE OF
TERMINATING THE SECOND ASSET MANAGEMENT AGREEMENT**

RECITALS:

        A.      On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases (the "Chapter 11 Cases") have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 17, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

B.  On September 19, 2008, a proceeding (the "SIPA Proceeding") was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate and the SIPA Proceeding is pending in this Court.

C.  On or about February 1, 2007, LBI and Cargill Investment Group Ltd. ("Cargill") entered into a Second Asset Management Agreement (the "Management Agreement") to perform asset management services.

D.  On October 4, 2008, Cargill filed a motion in the SIPA Proceeding for relief from the automatic stay extant pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") to terminate the Management Agreement and for allowance and payment of administrative expense claim [Doc. No. 61].  On October 4, 2008, Cargill filed a substantially similar motion in the Chapter 11 Cases for relief from the Automatic Stay to terminate the Management Agreement and for allowance and payment of administrative expense claim [Doc. No. 676].

E.  As the Debtors are not party to the Management Agreement, termination of such Management Agreement does not affect the Debtors; nevertheless, out of an abundance of caution, Cargill has requested relief from the Automatic Stay.

2

F.  LBI, the Debtors, and Cargill have consented, subject to approval of this Court, to provide Cargill relief from the Automatic Stay for the limited purpose of enabling Cargill to terminate the Management Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED by and between the LBI, the Debtors, and Cargill, through their undersigned counsel, that:

1.  The Automatic Stay in the SIPA Proceeding is hereby modified solely to the extent necessary to permit Cargill to terminate the Management Agreement, *provided*, *however*, that the provisions of the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose before the commencement of LBI's SIPA Proceeding from LBI's estate and/or assets or property of LBI (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

2.  The Automatic Stay in the Chapter 11 Cases is hereby modified solely to the extent necessary to permit Cargill to terminate the Management Agreement, *provided*, *however*, that the provisions of the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose before the commencement of the Debtors' Chapter 11 Cases from the Debtors' estates and/or assets or property of the Debtors (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

3.  Notwithstanding anything to the contrary in the Management Agreement, Cargill and LBI agree that Cargill may terminate the Management Agreement by providing written notice (the "<u>Notice to Terminate</u>") of its election to terminate the Management

Agreement to the undersigned counsel for the SIPC Trustee. The Management Agreement shall be deemed terminated immediately upon Cargill's service of the Notice to Terminate.

4. Notwithstanding the Debtors' consent to the limited relief described herein, Cargill hereby admits that it has no claim (as such term is defined in section 101(5) of the Bankruptcy Code) against the Debtors arising before or after the commencement of the Chapter 11 Cases arising from or in relation to the Management Agreement or any termination thereof.

5. Except as otherwise provided in this Stipulation, Agreement, and Order, all rights of LBI and Cargill under the Management Agreement, including Cargill's claims for amounts owed, if any, by LBI to Cargill, are expressly reserved.

6. That portion of the motion filed by Cargill in the SIPA Proceeding whereby Cargill requested allowance and payment of an administrative expense claim is hereby withdrawn without prejudice to refiling.

7. The Parties agree that this Court shall be the exclusive forum with respect to any disputes or controversies relating to or arising under this Stipulation, Agreement, and Order.

8. This Stipulation, Agreement, and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

9. The person who executes this Stipulation, Agreement, and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

10. This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the

same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, or facsimiles signed by the Parties here to be charged.

11. This Stipulation, Agreement, and Order is subject to the approval of the Court and upon such approval shall inure to the benefit of the parties hereto and their respective successors and assigns.

12. This Stipulation, Agreement, and Order shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

Dated: October 31, 2008
     New York, New York

         /s/ Patrick Collins
Ted A. Berkowitz
Patrick Collins

FARRELL FRITZ, P.C.
1320 RexCorp Plaza
Uniondale, New York  11556-0120
Telephone:  (516) 227-0700
Facsimile:  (516) 227-0777

Attorneys for Cargill Investment Group, Ltd.

Dated: October 31, 2008
     New York, New York

         /s/ Daniel S. Lubell
James B. Kobak, Jr.
Daniel S. Lubell
Christopher K. Kiplok
Jeffrey S. Margolin

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.

5

Dated: November 3, 2008
       New York, New York

                                      /s/ Shai Y. Waisman
                              Shai Y. Waisman

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Debtors
                              and Debtors in Possession


SO ORDERED, this 6th day of November, 2008


*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE