Christopher R. Belmonte (CB-2163)  
Pamela A. Bosswick (PB-5307)  
Abigail Snow (AS-2960)  
SATTERLEE STEPHENS BURKE & BURKE LLP  
230 Park Avenue  
New York, New York 10169  
(212) 818-9200  

Hearing Date: December 3, 2008  
Hearing Time: 10:00 a.m.  
Objection Date: November 26, 2008  

*Counsel for Moody's Corporation*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al. | Case No. 08-13555 (JMP) |
| Debtor, | Jointly Administered |
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff, | |
| v. | Adversary Proceeding No. 08-01420 (JMP) |
| LEHMAN BROTHERS INC. | |
| Debtor. | |

**MOTION OF MOODY'S CORPORATION FOR AN ORDER (I) COMPELLING PAYMENT OF UNDISPUTED PORTION OF CURE AMOUNT; (II) COMPELLING PAYMENT FOR SERVICES PROVIDED POST-PETITION; AND (III) SCHEDULING A HEARING FOR THIS COURT TO DETERMINE THE DISPUTED CURE AMOUNT**

Moody's Corporation, on its own behalf and on behalf of its subsidiaries and affiliates (collectively "Moody's"), hereby files its motion for an order compelling payment of the approximately $2 million undisputed portion of the Cure Amount (as defined in the Sale Order), compelling payment for services provided post-petition, and scheduling a hearing to

751595_2

determine the amount of the remaining disputed Cure Amount (the "<u>Motion</u>"), and in support thereof states as follows:

## PRELIMINARY STATEMENT

Moody's provided credit rating services, research tools and analysis to the Debtors and Lehman Brothers Inc., pursuant to a number of contracts (the "<u>Moody's Contracts</u>"). The Moody's Contracts were assumed and assigned in the sale to Barclays Capital, Inc. ("<u>Barclays</u>"), which sale was approved by this Court on September 19, 2008, and which closed on September 22, 2008. Moody's continues to provide services to Barclays under the Moody's Contracts, but has yet to receive any payment. Moody's timely objected to the amount of the cure payment proposed by the Debtors, and has three times, on October 3, October 6 and again on October 9, provided detailed documentation to Barclays at its request which support Moody's calculation of the Cure Amount. Nevertheless, Moody's has yet to receive any payment from Barclays, and there has been little good faith effort by Barclays to resolve the Cure Amount. Accordingly, Moody's seeks to have this Court compel payment of the undisputed portion of the Cure Amount, compel payment for services provided subsequent to the Petition Date, and schedule a hearing to resolve the remaining disputed portion of the Cure Amount.

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. § 1409(a).

2.  The statutory provisions governing the relief requested in this Motion are 11 U.S.C. §§ 363 and 365.

**BACKGROUND**

*A.    Procedural Background*

3.    On September 15 Lehman Brothers Holdings Inc. ("LBHI") filed its petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Subsequent chapter 11 petitions were filed by related entities (together with LBHI, the "Debtors").  By order dated October 16, the Debtors cases are jointly administered.

4.    On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA"), with respect to Lehman Brothers Inc. ("LBI"), and James W. Giddens was appointed as Trustee under SIPA (the "SIPC Trustee") to administer LBI's estate.

5.    On September 17, 2008, the Debtors filed their Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets, dated September 17, 2008 (the "Sale Motion").  The Sale Motion provided, *inter alia,* for the assumption and assignment of the Moody's Contracts.

6.    The Debtors posted the list of assumed contracts on September 19, 2008 (the "List"), and proposed a total Cure Amount of $2,119,105.[1]

7.    On September 19, 2008, Moody's filed its Statement and Limited Objection to Debtors' Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets [Docket No. 217] (the "Original Objection").  A true copy of the Original Objection is annexed hereto as Exhibit

---

[1]    The List was updated on October 1, 2008, although the proposed cure amount for Moody's remained unchanged.

A. In the Original Objection, Moody's did not object to the proposed assumption and assignment of the Moody's Contracts but objected to its inability to identify from the List which of its many contracts with the Debtors the Debtors propose to assume and assign, resulting in its inability to quantify and verify the cure amounts listed for those contracts.

8. On September 19, 2008, the Court entered an order (the "Sale Order"), which, among other things, granted the Sale Motion. The Sale Order authorized the Debtors and LBI to assume and assign to Barclays certain pre-petition executory contracts and unexpired leases on the closing date. Sale Order, p. 16, ¶12. According to the Sale Order, all counterparties to these contracts were required to file objections to the proposed cure amounts (including as to the specific identity of such contracts) by October 3, 2008. Id.

9. On October 2, 2008, Moody's filed its Amended Objection to Cure Amounts for Closing Date Contracts [Docket No. 520] (the "Amended Objection"). A true copy of the Amended Objection is annexed hereto as Exhibit B. The Amended Objection set forth a total amount for the Moody's Contracts of $3,370,099.15 (the "Cure Amount"), and reserved the right to amend the cure amounts as necessary.

B. *Attempts to Resolve Cure Amount*

10. On October 3, 2008, at the request of Barclays, the invoices which support (and in fact slightly exceed) the Cure Amount were emailed to Barclays by Moody's. On October 3, 2008, these emails were retransmitted to Doron Shakarachy and Nancy Stanton at Barclays. Again at the request of Barclays, the October 6th email and supporting invoices were emailed to Arif Goraya at Barclays. Once more, on November 8, updated copies of invoices were emailed to Luke A. Barefoot, counsel to Barclays. A true copy of the emails, without attachments, is attached as Exhibit C. Only on November 7, after having been alerted that

4

Moody's intended to file the present motion, did Barclay's even acknowledge receipt of the invoices.

11. The invoices supplied to Barclays as of November 8, 2008, total $3,522,088, of which $3,096,127 is for services invoiced under the Moody's Contracts prior to the September 15 Petition Date, and $425,961 is for serviced invoiced on and after September 15. Moody's is continuing to provide services to Barclays and additional amounts will be invoiced for such services before the hearing date scheduled for December 3.

12. To date, Barclays has failed to provide any payment for services provided by Moody's arising after the Petition Date. Although Moody's has been and remains willing to confer in good faith to resolve the approximately $1 million disputed portion of the Cure Amount, as required by the Sale Order, there can be no resolution in the absence of a willing partner to such conference. Barclays, by its failure to respond to information which has been submitted to it three times, and by its failure to meet the obligations it assumed for services arising after the Petition Date, has failed to demonstrate the good faith required by the Sale Order.

## GROUNDS FOR RELIEF REQUESTED

13. Pursuant to the Asset Purchase Agreement among Lehman Brothers Holdings Inc., Lehman Brothers Inc., LB 745 LLC and Barclays Capital Inc. (the "APA"), approve by this Court on September 19, 2008, Barclays assumed, and was required to "timely perform and discharge" liabilities of the Debtors and LBI which included "all Liabilities of Seller under the Purchased Contracts arising after, with respect to each entity comprising Seller, the date on which such entity commenced a voluntary case or cases under Chapter 11 or Chapter 7 . . ." APA at section 2.3(b). As set forth above, Moody's continues to provide services under the

5

Moody's contracts subsequent to the Petition Date. Barclays, however, has failed to 'timely perform and discharge" the liabilities under the Moody's Contracts, specifically to make payments due.

14.  The Sale Order requires that, if an objection to a Cure Amount is filed, "the Debtors, Purchaser and the counterparty shall meet and confer in good faith to attempt [to] resolve any such objection" but that if the objection cannot be resolved, "then such dispute will be determined by the Court upon written application." Sale Order, p.16, ¶12. As set forth above, Moody's has three times responded to requests from Barclays and provided documentation to support the disputed amount of the Cure Payment, but Barclays has failed to respond in any meaningful way and accordingly cannot be said to be demonstrating good faith.

15.  Accordingly, Moody's requests that this Court compel payment of the undisputed portion of the Cure Amount, totaling $2,119,105; compel payment of invoices for services provided after the Petition Date, which as of this date of this writing total $425,961 and which continue to increase as services are provided by Moody's; and schedule a hearing to resolve the $977,022 remaining disputed portion of the Cure Amount.

16.  Moody's expressly reserves the right to amend the cure amounts for the Moody's Contracts, including identifying additional contracts between the parties and the cure amounts for those agreements.

### REQUEST FOR WAIVER OF LOCAL BANKRUPTCY RULE 9013-1(b)

17.  It is respectfully requested that this Court waive and dispense with the requirement set forth in Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York that any motion filed shall be accompanied by a

memorandum of law on the grounds that no novel issues of law are raised in this motion and the relevant authorities are contained herein.

## CONCLUSION

WHEREFORE, for the reasons stated above, Moody's respectfully requests that this Court enter an order compelling payment of the undisputed portion of the Cure Amount, compelling payment for services provided post-petition, and scheduling a hearing to determine the amount of the remaining disputed Cure Amount, and that the Court grant such other and further relief as is just and proper.

Dated: New York, New York
November 10, 2008

SATTERLEE STEPHENS BURKE & BURKE LLP
*Counsel for Moody's Corporation*

By: /s/ Christopher R. Belmonte
Christopher R. Belmonte (CB-2163)
Pamela A. Bosswick (PB-5307)
Abigail Snow (AS-2960)
230 Park Avenue
New York, New York 10169
(212) 818-9200