**EXHIBIT B**

Christopher R. Belmonte (CB-2163)
Pamela A. Bosswick (PB-5307)
Abigail Snow (AS-2960)
SATTERLEE STEPHENS BURKE & BURKE LLP
Counsel for Moody's Corporation
230 Park Avenue
New York, New York 10169
(212) 818-9200

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al. | ) Case No. 08-13555 (JMP) |
| Debtor, | ) Jointly Administered |

## MOODY'S CORPORATION'S AMENDED OBJECTION TO CURE AMOUNTS FOR CLOSING DATE CONTRACTS

Moody's Corporation, on its own behalf and on behalf of its subsidiaries and affiliates (collectively "Moody's"), hereby files its Amended Objection to Cure Amounts for Closing Date Contracts, and in support thereof states as follows:

### BACKGROUND

1. On September 17, 2008, Lehman Brothers Holdings Inc. and LB 745 LLC (the "Debtors") filed the Debtor's Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets, dated September 17, 2008 (the "Sale Motion"). The Sale Motion provides, *inter alia,* for the Debtors to assume and assign hundreds and possibly thousands of executory contracts. The Debtors posted the list of assumed contracts to be considered for assumption and assignment, along with the corresponding cure amounts for such contracts (the "List"). The List identifies numerous contracts with Moody's and proposes a total cure amount of $2,119,105.

748371_1

2. On September 19, 2008, Moody's filed Moody's Corporation's Statement and Limited Objection to Debtor's Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets [Docket No. 217] ( the "Original Objection"). A true copy of the Original Objection is annexed hereto as Exhibit A. In the Original Objection, Moody's did not object to the proposed assumption and assignment of the Moody's contracts but objected to its inability to identify from the List which of its many contracts with the Debtors the Debtors propose to assume and assign, resulting in its inability to quantify and verify the cure amounts listed for those contracts.

3. On September 19, 2008, the Court entered an order (the "Order"), which, among other things, granted the Sale Motion. The Order authorized the Debtors and Lehman Brothers Inc. to assume and assign certain pre-petition executory contracts and unexpired leases on the closing date. Order, p. 16, ¶12. According to the Order, all counterparties to these contracts must file an objection to the proposed cure amounts (including as to the specific identity of such contracts) by October 3, 2008. Id.

4. Since the filing of its Original Objection, Moody's undertook the process of attempting to identify the contracts contained on the List, as well as the cure amounts associated with those contracts. To the best of its abilities, Moody's has identified the relevant contracts between Moody's Investors Service and the Debtors (the "MIS Contracts"), as well as the relevant contracts between Moody's Analytics and the Debtors (the "MA Contracts"). The cure amount for the MIS Contracts is approximately $2,684,657, and the cure amount for the MA Contracts is $583,395.15.

5. Accordingly, based on the limited information provided by the Debtors, it appears that the contract cure amounts for the combined Moody's agreements total

approximately $3,268,052.15, considerably in excess of the approximately $2 million ascribed to them by the Debtors.[1] In addition, invoices are in process and will continue to be rendered in the ordinary course for services being provided. Given the confidential and proprietary nature of the pricing materials involved, Moody's will exchange with the Debtors and/or Barclay's, as the purchaser, the documentation supporting its calculated cure amounts, subject to the execution of an appropriate confidentiality agreement.

6. Given the clear discrepancy in cure amounts, Moody's objects to the assumption and assignment of its closing date contracts contained on the List until such time as a resolution is reached concerning the proper cure amount. Pursuant to 11 U.S.C. § 365, Moody's is entitled to payment of $3,370,099.15 in order for the Debtors to assume and assign the relevant agreements to the purchaser.

## CONCLUSION

WHEREFORE, for the reasons stated above, to the extent they are properly identified, Moody's objects to cure amounts proposed for its closing date contracts contained on the List and respectfully requests that the assumption and assignment of those contracts be denied until such time as the parties thereto reach a resolution as to the appropriate cure amounts,

---

[1] Given the extensive amount of work involved and the limited amount of time to do so, Moody's expressly reserves the right to amend the cure amounts for the MIS and MA Contracts, including identifying additional contracts between the parties and the cure amounts for those agreements.

3

748371_1

and that the Court grant such other and further relief as is just and proper.

Dated: New York, New York
      October 1, 2008

                                     SATTERLEE STEPHENS BURKE & BURKE LLP
                                     Counsel for Moody's Corporation

                          By: _____
                                     Christopher R. Belmonte (CB-2163)
                                     Pamela A. Bosswick (PB-5307)
                                     Abigail Snow (AS-2960)
                          230 Park Avenue
                          New York, New York 10169
                          (212) 818-9200