Hearing Date: December 3, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: November 28, 2008 at 4:00 p.m. (Prevailing Eastern Time)

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Michael H. Torkin (MT-5511)

*Attorneys for DekaBank Deutsche Girozentrale*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------x
                                    :
In re                               :    Chapter 11 Case No.
                                    :
LEHMAN BROTHERS HOLDINGS INC,       :    08-13555 (JMP)
et al.,                             :
                                    :    Jointly Administered
                                    :
                    Debtors.        :
-----------------------------------------------------x
```

### NOTICE OF MOTION OF DEKABANK DEUTSCHE GIROZENTRALE
### FOR RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE**, that DekaBank Deutsche Girozentrale ("DekaBank") has

filed a Motion pursuant to Section 362(d) of title 11 of the United States Code (the "Bankruptcy

Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

for Relief from the Automatic Stay (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held in connection with

the Motion (the "Hearing") on **December 3, 2008 at 10:00 a.m. (prevailing Eastern time)**

before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander

Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 601.

**PLEASE TAKE FURTHER NOTICE THAT** responses or objections, if any, to the

Motion and the relief requested therein must be made in writing, conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Bankruptcy Court, set forth the

basis for the objection and the specific grounds therefor, and be filed with the Bankruptcy Court

electronically in accordance with General Order M-242, as amended by General Order M-269,

by registered users of the Court's electronic case filing system (the User's manual for the

Electronic case Filing System can be found at www.nysb.uscourts.gov, the official website for

the Bankruptcy Court), with a hard copy delivered directly to Chambers and served in

accordance with General Order M-242 or by first-class mail upon each of the following: (i) the

chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004;

(ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn:

Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus,

Esq.), attorneys for the above-captioned debtors; (iii) the Office of the United States Trustee for

the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004

(Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope

Davis); (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York,

New York 10005, (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.),

attorneys for the Official Committee of Unsecured Creditors appointed in these cases; (v) Cleary

Gotliebb LLP, One Liberty Plaza, New York, NY 10006, (Attn: Lindsee P. Granfield, Esq. and

Lisa Schweiger, Esq.) and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004,

(Attn: Robinson B. Lacy, Esq. And Hydee R. Feldstein, Esq.), attorneys for the Debtors'

postpetition lenders; (vi) the attorneys for any other official committee(s) that may be appointed

in the above-captioned cases; (vii) Kilpatrick Stockton LLP, Suite 2800, 1100 Peachtree Street,

Atlanta, Georgia 30309-4530 (Attn: Richard W. White, Esq.), attorneys for Trimont Real Estate

Advisors, Inc. and (viii) counsel to DekaBank, Shearman & Sterling LLP, 599 Lexington

Avenue, New York, New York 10022 (Attn:  Michael H. Torkin, Esq.), so as to be received on

or before **4:00 p.m. (prevailing Eastern time) on November 28, 2008**, or such shorter time as

the Bankruptcy Court may hereafter order and of which you may receive subsequent notice.

Only those objections which have been timely filed and served by the Objection Deadline in

accordance with the procedures herein may be considered by the Court at the Hearing

     **PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written

objection to the relief requested in the Motion in accordance with this Notice and the Court's

Order Implementing Certain Notice and Case Management Procedures (D.I. 285), dated

September 22, 2008, the Bankruptcy Court may deem any opposition waived, treat the Motion as

conceded, and enter an order granting the relief requested in the Motion without further notice or

hearing.

     **PLEASE TAKE FURTHER NOTICE THAT** a copy of the Motion may be obtained at

no charge at http://www.lehman-docket.com or for a fee via PACER at

http://www.nysb.uscourts.gov.

Dated:  November 10, 2008
       New York, New York

                SHEARMAN & STERLING LLP

                By:   /s/ Michael H. Torkin
                    Michael H. Torkin
                    SHEARMAN & STERLING LLP
                    599 Lexington Avenue
                    New York, New York 10022
                    Telephone:  (212) 848-4000

                    *Attorneys for DekaBank Deutsche*
                    *Girozentrale*

Hearing Date:  December 3, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: November 28, 2008 at 4:00 p.m. (Prevailing Eastern Time)

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone:  (212) 848-4000
Facsimile: (212) 848-7179
Michael H. Torkin (MT-5511)

*Attorneys for DekaBank Deutsche Girozentrale*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 Case No. |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC, | : | 08-13555 (JMP) |
| et al., | : |  |
|  | : | Jointly Administered |
|  | : |  |
| Debtors. | : |  |

----------------------------------------------------------x

### MOTION OF DEKABANK DEUTSCHE GIROZENTRALE
### FOR RELIEF FROM THE AUTOMATIC STAY

DekaBank Deutsche Girozentrale ("DekaBank"), by and through its undersigned counsel,

hereby files this motion (the "Motion") pursuant to Section 362(d) of title 11 of the United States

Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") requesting entry of an order substantially in the form attached hereto as

Exhibit A.  In support of the Motion, DekaBank respectfully represents as follows:

### PRELIMINARY STATEMENT

Lehman Brothers Holdings Inc. ("LBHI" or the "Debtor") has failed to confirm to

DekaBank its intent to fulfill its obligations under the Agency Agreement (defined below) with

DekaBank and Trimont (defined below).  Accordingly, DekaBank desires to terminate the

Agency Agreement in accordance with its terms, which it is entitled to do without-cause. Terminating the Agency Agreement will ensure that DekaBank, Trimont and the Borrower (defined below) will not be forced to bare the unnecessary risk that they will become trapped in an untenable position of not being able to properly service the Credit Agreement, and draw requests made by the Borrower thereunder, thereby threatening the success and value of the Project (defined below).

LBHI has no incentive to perform under the Agency Agreement. LBHI receives absolutely no fees or any other type of compensation for its services thereunder. Section 5.6 of the Agency Agreement provides that DekaBank and Trimont may terminate the Agency Agreement upon 30 days notice to each other. Neither party is required to deliver notice to LBHI. Upon termination of the Agency Agreement, LBHI will be released of all obligations thereunder, for which it is not entitled to compensation.

DekaBank does not believe it requires this Court's approval to terminate the Agency Agreement, yet out of an abundance of caution and in deference to this Court's authority, it seeks to obtain an order of this Court permitting it to terminate the Agency Agreement notwithstanding the imposition of the automatic stay.

In fact, LBHI's subsidiary, Lehman Commercial Paper, Inc., already has sought and received authority from this Court to resign as agent under its loan transactions, recognizing the state of its affairs and its inability to perform the required duties. Rather than wait for LBHI to also recognize its own inabilities, DekaBank seeks relief from this Court to accomplish that same objective.

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28. U.S.C. § 157(b)(2).

## FACTUAL BACKGROUND

2.    On September 15, 2008 (the "Petition Date"), LBHI commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. LBHI is authorized to continue to operate its businesses and manage its properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

**The Loan Agreements**

3.    Prior to the Petition Date, on December 12, 2005, LBHI entered into a Mortgage Loan Agreement (the "Credit Agreement") with 254 PAS Property LLC (the "Borrower"). The Credit Agreement provides for acquisition and pre-construction financing to the Borrower in the aggregate principal amount of $37,379,000 (the "Mortgage Loan").

4.    Also prior to the Petition Date, on December 12, 2005, LBHI entered into a building loan agreement (the "Building Loan Agreement") and a project loan agreement (the "Project Loan Agreement" and, together with the Building Loan Agreement and Credit Agreement, the "Loan Agreements" and, the loans related to the Loan Agreements, the "Senior Loans") with the Borrower.[1]

5.    Also prior to the Petition Date, on November 9, 2006, LBHI and DekaBank entered into an Assignment and Assumption Agreement (the "Assignment and Assumption Agreement"), by which LBHI assigned to DekaBank certain promissory notes and other interests

---

[1]    True and correct copies of the Loan Agreements will be provided at DekaBank's discretion upon written request.

related to the Loan Agreements.  A true and correct copy of the Assignment and Assumption Agreement is attached hereto as Exhibit B.  DekaBank currently is the only lender in the Loan Agreements.

6.      Also prior to the Petition Date, on November 9, 2006, LBHI, Trimont Real Estate Advisors, Inc. ("Trimont") and DekaBank entered into a servicing and agency agreement (the "Agency Agreement") pursuant to which LBHI agreed to provide management and administration services in connection with the Senior Loans.  A true and correct copy of the Agency Agreement is attached hereto as Exhibit C.

7.      The purpose of the Senior Loans is to provide financing for acquisition, pre-construction and construction costs for the development of a property located at 254 Park Avenue South in New York, New York (the "Project").

**LBHI's Duties**

8.      Pursuant to the Agency Agreement, LBHI is charged with a variety of administrative duties, including (i) granting or withholding approvals related to the Senior Loans; (ii) exercising any discretion or taking any action on behalf of DekaBank with regard to the Senior Loans; (iii) agreeing to the modification or waiving of any of the terms or provisions of the Senior Loans; (iv) consenting to any action or failure to act by the Borrower; and (v) exercising or refraining from exercising any rights which DekaBank may have with respect to the Senior Loans, as more particularly set forth below and in the Loan Agreements.[2]

9.      One of LBHI's most important administrative duties is the processing of draw requests from the Borrower.  LBHI receives the draw request, makes calculations related thereto and conveys all draw related information to DekaBank.  During this process, LBHI also advises

---

[2]      Any discussion of the terms of the Loan Agreements is meant for convenience and is qualified by the terms of the Loan Agreements themselves.

DekaBank as to whether certain conditions in the Loan Agreements have been met and whether disbursement of additional funds pursuant to such draw request is appropriate.

10.     Pursuant to Section 5.6 of the Agency Agreement, DekaBank may terminate the Agency Agreement without-cause upon a thirty (30) day written notice to Trimont pursuant to terms particularly set forth below in the Agency Agreement.  Notice to LBHI is not required to terminate the Agency Agreement.

**LBHI's Inaction**

11.     As set forth in more detail in the Declaration Of Burkhard Mau In Support Of Motion Of DekaBank Deutsche Girozentrale For Relief From The Automatic Stay (attached hereto as Exhibit D), despite numerous attempts by DekaBank to contact LBHI since the Petition Date, LBHI has been largely unresponsive to DekaBank's inquiries regarding LBHI's intent to perform under the Agency Agreement.

12.     DekaBank is particularly concerned that LBHI will not be able to properly process the Borrower's next draw request, which Trimont estimates will likely be made in November 2008.

13.     Given the immediacy of these issues, DekaBank reached out to LBHI on multiple occasions beginning shortly after the Petition Date and continuing through the date of this Motion in an attempt to (i) ascertain whether LBHI has the capacity to discharge its duties under the Agency Agreement and (ii) discuss whether it might be most convenient for all parties to terminate the Agency Agreement.

14.     The (i) failure of LBHI to respond to DekaBank's inquiries and (ii) likelihood that LBHI will be unable to adequately perform its functions with respect to the upcoming draw

on the Senior Loans, clearly militate in favor of DekaBank exercising its right to terminate the

Agency Agreement.

15.     While DekaBank has contacted counsel to LBHI regarding this matter and

counsel to LBHI has presumably made attempts to ascertain LBHI's intentions with respect to its

obligations under the Agency Agreement, DekaBank has not yet received any clarification.

## RELIEF REQUESTED

16.     By this Motion, DekaBank seeks an order pursuant to Section 362(d) of the

Bankruptcy Code and Bankruptcy Rule 4001 granting DekaBank relief from the automatic stay

to exercise its rights under Section 5.6 of the Agency Agreement to terminate such agreement by

issuing thirty (30) days written notice of such termination to Trimont.

## BASIS FOR RELIEF

### Relief for Cause

17.     Section 362(d) of the Bankruptcy Code provides that the Court may grant relief

from the automatic stay as follows:

> On request of a party in interests and after notice and a hearing, the
> court shall grant relief from the stay provided under subsection (a)
> of this section, such as by terminating, annulling, modifying or
> conditioning such stay – (1) for cause....

11 U.S.C. § 362(d)(2).

18.     The determination of whether cause exists to vacate the Automatic Stay is

committed to the sound discretion of the bankruptcy court. *In re Sonnax Industries, Inc.*, 907

F.2d 1280, 1286 (2d Cir. 1990) (citing *Holtkamp v. Littlefield (In re Holtkamp)*, 669 F.2d 505,

507 (7th Cir. 1982)).

19.    The burden of proof is a shifting one.  The movant has the initial burden of showing cause.  *In re Sonnax Industries, Inc.,* 907 F.2d at 1286.  Once the moving party satisfies its initial burden showing that cause exists, any party opposing stay relief has the ultimate burden of disproving the existence of cause.  11 U.S.C § 362(g)(2).

20.    The Second Circuit Court of Appeals has enunciated a number of factors that should be considered in a determination to lift the automatic stay, including the impact of the stay on the parties and the balance of harms.  *In re Sonnax Industries, Inc.,* 907 F.2d at 1286 (quoting *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984)).  Here, the balance of harms clearly weighs in favor of DekaBank.

**Harm to DekaBank**

21.    Cause exists to lift the automatic stay because LBHI has demonstrated through its failure to respond to DekaBank's many inquiries that it lacks the intent to fulfill its obligations under the Agency Agreement.  LBHI's failure to fulfill its obligations thereunder could do serious harm to DekaBank and the Borrower.  Inactivity by LBHI could prevent DekaBank and/or the Borrower from appropriate operation and use of the Senior Loans and thereby threaten the value of the Project.  To the extent that LBHI's failure to act allows the value of the Project to decrease, it is causing further harm to itself and its creditors.[3]

22.    DekaBank is entitled to terminate the Agency Agreement pursuant to Section 5.6 thereof without-cause upon a thirty (30) day written notice to Trimont.  DekaBank is not required to deliver any notice to LBHI in connection with such termination, nor does LBHI have any consent rights or an ability to terminate the Agency Agreement.  Moreover, LBHI obtains no economic benefit from the Agency Agreement whatsoever.

---

[3]    LBHI is the mezzanine lender to the Project.  LBHI's $20,700,000 mezzanine loan has been fully funded to the Project.

23.    Accordingly, it is out of an abundance of caution that DekaBank is seeking an order of this Court to lift the automatic stay under Section 362(d)(1), so it may take the necessary action to terminate the Agency Agreement.

**No Harm to the Estates**

24.    The Debtors' estates will not be harmed if DekaBank is allowed to terminate the Agency Agreement.

25.    LBHI has no economic interest in performing thereunder.  LBHI receives absolutely no fees or any other type of compensation for its services.  In fact, LBHI strongly resisted entering the Agency Agreement and only reluctantly agreed to do so at the strong insistence of DekaBank.  Ironically, in a recent separate but similar proceeding in this Court, one of LBHI's Debtor-subsidiaries, Lehman Commercial Paper, Inc. ("LCPI"), sought and was granted the ability to terminate its agency relationships in similar loan transactions.  LCPI noted that "authorization to terminate its agency relations is both necessary and appropriate in order to operate the Debtor's business in a manner that is both consistent with the provisions of the Bankruptcy Code and gives due regard to the interests of third parties with which LCPI dealt in operating its business."  Thus, LCPI expeditiously transferred its agency responsibilities in the best interests of itself and third parties, including co-lenders and borrowers.

## CONCLUSION

26.    As LBHI appears to be unable or unwilling to continue to perform its obligations under the Agency Agreement, DekaBank should be authorized to issue notice of termination without cause to Trimont under the Agency Agreement.  The potential injury to DekaBank compared to the harm to the Debtors, if any, supports the relief sought in this Motion.

## NOTICE

27.    Consistent with this Court's Order Pursuant To Section 105(a) Of The

Bankruptcy Code And Bankruptcy Rules 1015(c) And 9007 Implementing Certain Notice And

Case Management Procedures filed on September 22, 2008, notice of this Motion will be

provided by counsel to DekaBank to (i) counsel to the Debtors, (ii) the Office of the United

States Trustee for the Southern District of New York, (iii) counsel to the Official Committee of

Unsecured Creditors, (iv) counsel to the postpetition lenders, (v) counsel for Trimont and (vi) all

other parties requesting notice under Bankruptcy Rule 2002.  In light of the nature of the relief

requested herein, DekaBank submits that no other or further notice need be given and that the

notice provided by DekaBank is sufficient.

28.    No previous request for the relief sought herein has been made by DekaBank to

this or any other Court.

## WAIVER OF MEMORANDUM OF LAW

29.    This Motion sets forth the applicable authority upon which it relies herein and

does not raise any novel issues of law.  Accordingly, DekaBank respectfully requests that the

Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the

Southern District of New York that a separate memorandum of law be submitted in support of

the Motion.

## PRAYER FOR RELIEF

30.     WHEREFORE, for all of the foregoing reasons, DekaBank respectfully requests

that the Court enter an order (i) granting DekaBank relief from the automatic stay to allow

DekaBank to exercise its rights as set forth herein and (ii) granting such other and further relief

as this Court deems just and proper.

Dated: New York, New York
       November 10, 2008

SHEARMAN & STERLING LLP

By:  /s/ Michael H. Torkin
     _____
     Michael H. Torkin
     SHEARMAN & STERLING LLP
     599 Lexington Avenue
     New York, New York 10022
     Telephone:  (212) 848-4000
     Facsimile:  (212) 848-7179

     *Attorneys for DekaBank Deutsche
     Gironzentrale*