## EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
:
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC,  :    08-13555 (JMP)
et al.,                                        :
                                               :    Jointly Administered
                                               :
            Debtors.               :
-----------------------------------------------------------x

# ORDER GRANTING MOTION OF DEKABANK DEUTSCHE GIRONZENTRALE FOR RELIEF FROM THE AUTOMATIC STAY

Upon the Motion (the "Motion")[1] of DekaBank Deutsche Gironzentrale ("DekaBank"), for an order granting DekaBank relief from the automatic stay, the Court finds that, (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is proper and should be granted; (iv) proper and adequate notice of the Motion and the hearing thereon has been given under the circumstances and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of relief as set forth herein,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. Pursuant to Section 362(d) of the Bankruptcy Code, the automatic stay in effect in the Debtors' bankruptcy cases is hereby modified to the extent necessary to authorize DekaBank to deliver Trimont a termination notice under Section 5.6 of the Agency Agreement

---

[1] Capitalized terms used herein and not defined shall have the meanings ascribed to them in the Motion.

NYDOCS03/872257.5

and to otherwise permit the termination of the Agency Agreement as expeditiously as agreed to by Trimont and DekaBank.

3. The modification of the automatic stay granted by this Order shall take effect immediately upon entry of this Order and shall not be stayed by operation of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedures.

4. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       December __, 2008

                                         HONORABLE JAMES M. PECK
                                         UNITED STATES BANKRUPTCY JUDGE