Hearing Date: November 20, 2008 at 2:00 p.m. (EST)
Objections Due: November 17, 2008 at 4:00 p.m. (EST)

**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile:  (949) 720-4111
Paul J. Couchot – CA State Bar No. 131934

**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile:  (212) 309-6001
Richard W. Esterkin – CA State Bar No. 70769
Andrew D. Gottfried
Matthew W. Olsen

Co-Counsel for the SCC Entities[1]

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) |
| | ) **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS INC,** | ) |
| **et al.,** | ) **Case No. 08-13555 (JMP)** |
| | ) |
| | ) **Jointly Administered** |
| Debtors. | ) |
| | ) |

## NOTICE OF MOTION OF THE SCC ENTITIES FOR AN
## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

---

[1] The SCC Entities are comprised of the following: SCC Acquisitions, Inc.; SunCal Management, LLC; SCC Acquisitions, LLC; SunCal Communities II, LLC; SunCal Bickford Ranch, LLC; SCC/Palmdale, LLC; Palmdale Hills Property, LLC; SunCal Emerald Meadows Ranch, LLC; Acton Estates, LLC; SJD Partners, Ltd.; SJD Development Corp.; SunCal Summit Valley, LLC; Seven Brothers, LLC; Kirby Estates, LLC; SunCal Century City, LLC; SunCal Oak Knoll, LLC; SunCal Torrance Properties, LLC; SunCal Beaumont Heights, LLC; SunCal Johannson Ranch, LLC; SunCal Marblehead, LLC; SunCal Heartland, LLC; SunCal Communities I, LLC; SunCal Communities III, LLC; LB/L-SunCal Northlake, LLC; LB/L-SunCal Oak Valley, LLC; SunCal PSV, LLC; Delta Coves Venture, LLC; North Orange Del Rio Land, LLC; Tesoro SF LLC; and SCC Communities LLC.

PLEASE TAKE NOTICE, that the SCC Entities have filed a Motion pursuant to Section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for Relief from the Automatic Stay (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing will be held in connection with the Motion (the "Hearing") on **November 20, 2008 at 2:00 p.m. (prevailing Eastern time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 601.

PLEASE TAKE FURTHER NOTICE that responses or objections, if any, to the Motion and the relief requested therein must be made in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Bankruptcy Court, set forth the basis for the objection and the specific grounds therefor, and be filed with the Bankruptcy Court electronically in accordance with General Order M-242, as amended by General Order M-269, by registered users of the Court's electronic case filing system (the User's manual for the Electronic case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court), with a hard copy delivered directly to the Chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004 and served in accordance with General Order M-242 or by first-class mail upon each of the following:  (i) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.), attorneys for the above-captioned Debtors; (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21 st Floor, New York, New York 10004 (Attn:  Andy Velez-

Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis); (iii)

Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York

10005, (Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys

for the Official Committee of Unsecured Creditors appointed in these cases; (iv) Cleary Gotliebb

LLP, One Liberty Plaza, New York, NY 10006, (Attn: Lindsee P. Granfield, Esq. and Lisa

Schweiger, Esq.) and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, (Attn:

Robinson B. Lacy, Esq. And Hydee R. Feldstein, Esq.), attorneys for the Debtors' post-petition

lenders; (v) the attorneys for any other official committee(s) that may be appointed in the above-

captioned cases; and (vi) Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, NY

10178-0060 (Attn: Andrew D. Gottfried, Esq. and Matthew W. Olsen, Esq.) and Winthrop

Couchot Professional Corporation, 660 Newport Center Drive, Fourth Floor, Newport Beach,

CA 92660 (Attn: Paul J. Couchot, Esq.) co-counsel for the SCC Entities, so as to be received on

or before 4:00 p.m. (prevailing Eastern time) on November 17, 2008, or such shorter time as the

Bankruptcy Court may hereafter order and of which you may receive subsequent notice.  Only

those objections which have been timely filed and served by the Objection Deadline in

accordance with the procedures herein may be considered by the Court at the Hearing.

      **PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written

objection to the relief requested in the Motion in accordance with this Notice and the Court's

Order Implementing Certain Notice and Case Management Procedures (D.I. 285), dated

September 22, 2008, the Bankruptcy Court may deem any opposition waived, treat the Motion as

conceded, and enter an order granting the relief requested in the Motion without further notice or

hearing.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained at no

charge at http://www.lehman-docket.com or for a fee via PACER at

http://www.nysb.uscourts.gov.

Dated:  November 10, 2008          Respectfully submitted,

         _____ /s/ Andrew D. Gottfried _____
         Richard W. Esterkin
         Andrew D. Gottfried
         Matthew W. Olsen
         MORGAN, LEWIS & BOCKIUS LLP
         101 Park Avenue
         New York, NY 10178-0060
         Telephone: (212) 309-6000
         Facsimile:   (212) 309-6001

         Paul J. Couchot
         WINTHROP COUCHOT
         PROFESSIONAL CORPORATION
         660 Newport Center Drive, Fourth Floor
         Newport Beach, CA 92660
         Telephone:  (949) 720-4100
         Facsimile: (949) 720-4111

         *Co-Counsel for the SCC Entities*

**Hearing Date: November 20, 2008 at 2:00 p.m. (EST)**
**Objections Due: November 17, 2008 at 4:00 p.m. (EST)**

**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile:   (949) 720-4111
Paul J. Couchot – CA State Bar No. 131934

**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile:   (212) 309-6001
Richard W. Esterkin – CA State Bar No. 70769
Andrew D. Gottfried
Matthew W. Olsen

Counsel for

| | |
|---|---|
| SCC Acquisitions, Inc. | SunCal Oak Knoll, LLC |
| SunCal Management, LLC | SunCal Torrance Properties, LLC |
| SCC Acquisitions, LLC | SunCal Beaumont Heights, LLC |
| SunCal Communities II, LLC | SunCal Johannson Ranch, LLC |
| SunCal Bickford Ranch, LLC | SunCal Marblehead, LLC |
| SCC/Palmdale, LLC | SunCal Heartland, LLC |
| Palmdale Hills Property, LLC | SunCal Communities I, LLC |
| SunCal Emerald Meadows Ranch, LLC | SunCal Communities III, LLC |
| Acton Estates, LLC | LB/L-SunCal Northlake, LLC |
| SJD Partners, Ltd. | LB/L-SunCal Oak Valley, LLC |
| SJD Development Corp. | SunCal PSV, LLC |
| SunCal Summit Valley, LLC | Delta Coves Venture, LLC |
| Seven Brothers, LLC | North Orange Del Rio Land, LLC, |
| Kirby Estates, LLC | Tesoro SF LLC |
| SunCal Century City, LLC | SCC Communities LLC |

(the "SCC Entities")

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | |
| | ) | **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS INC, et al.,** | ) | |
| | ) | **Case No. 08-13555 (JMP)** |
| | ) | |
| | ) | **Jointly Administered** |
| Debtors. | ) | |
| | ) | |

**MOTION OF THE SCC ENTITIES FOR AN ORDER**
**GRANTING RELIEF FROM THE AUTOMATIC STAY**

The SCC Entities by and through their undersigned counsel, hereby files this motion (the "Motion") pursuant to Section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requesting entry of an order substantially in the form attached hereto as Exhibit "A" granting certain relief from the automatic stay in the Debtors' Chapter 11 cases. In support of the Motion, the SCC Entities respectfully represent as follows:

## PRELIMINARY STATEMENT

1. SCC Acquisitions, Inc., SunCal Management, LLC, SCC Acquisitions, LLC, and SunCal Communities II, LLC (collectively, "SunCal")and Mr. Bruce Elieff and certain other SunCal affiliates are parties to an Agreement with Lehman Brothers Holding, Inc. ("Lehman Holdings"), a Debtor in the above-captioned Chapter 11 cases, and Lehman ALI, Inc., ("Lehman ALI") a non-debtor affiliate of Lehman Holdings, dated May 23, 2008 (the "Agreement"), relating to a number of limited liability companies (collectively, the "Projects," and each a "Project") formed to develop various residential real estate projects located throughout the western United States.[1] SunCal and certain of the Projects comprise the SCC Entities, the movants herein.

2. Pursuant to the Agreement, Lehman Holdings and Lehman ALI committed to, among other things, fund the continuing costs necessary to preserve the value of the Projects, which had already received loans from Lehman ALI and/or Lehman Commercial Paper, Inc., a Debtor in the above-captioned Chapter 11 cases, totaling approximately $2.3 billion.[2] The amounts previously loaned and to be advanced by Lehman pursuant to the

---

[1]     A copy of the Agreement, without exhibits, is attached as Exhibit "A" to the Declaration of Bruce V. Cook, which has been filed concurrently with this Motion (the "Cook Declaration").

[2]     Lehman Commercial Paper, Inc., Lehman Holdings and Lehman ALI are hereinafter collectively referred to as "Lehman"

Agreement are all secured by, among other things, first priority trust deeds on the
Projects' real property.

3.    Since the Debtors' petition date, Lehman has breached its obligations under
the Agreement by failing to fund the ongoing, critical expenses of the Projects.  As a
result, the Projects have suffered, and continue to suffer, catastrophic losses, and the
public safety and health has been endangered.  Some examples of this are as follows:

- Many of the Projects involve grading of vacant land and the installation of, among other things, streets and storm water control measures which were not completed when Lehman ceased funding the Projects.  The failure to timely complete street improvements impairs access to the Projects and adjoining properties (creating, among other things, fire hazards), and may violate the developer's obligations to the municipality that approved the Project for development (potentially causing a loss of the Project's valuable development rights).  In addition, there are completion bonds posted for many of the Projects that may be called upon to complete the streets, causing a cascade of defaults and a loss of the Project manager's ability to control and coordinate development of the Project.  The failure to install proper storm water control measures threatens to damage the Projects and adjacent land as a result of erosion caused by storm water run off as the rainy season approaches.  In addition, the failure to timely install storm water control measures may result in violations of water discharge permits issued for the Projects, exposing the Projects to substantial, daily, governmental fines and penalties.  *See e.g.,* Notice of Violation dated October 17, 2008 from the California Regional Water Quality Control Board, Central Valley Region, issued in connection with the Delta Cove project, a copy of which is attached to the Cook Declaration as Exhibit "B" .

- The Pacific Point Project, located in San Juan Capistrano, has been partially sold to home builders, who have sold some homes to consumers.  The developer of that Project was required to commence construction of a common area recreation center by October 2008, which has not occurred due to the absence of funding.  Movants have filed an application to extend that date, which has not yet been acted upon by the applicable governmental authority.  The failure to timely construct the recreation center could result in the California Department of Real Estate suspending the builder's ability to sell homes and result in substantial claims by the builder and Project residents against the Project developer.

- Many of the Projects have significant investments in landscaping, which may be lost due to the absence of funds to irrigate and maintain the landscaping.

- The 10000 Santa Monica Project is a proposed high rise condominium adjacent to Beverly Hills, California that is currently in the entitlement process with the City of Los Angeles.  The entitlement applications for that Project are based upon plans prepared by the 2008 Pritzker Prize winning architect, Jean

Nouvel, who is currently owed over $1 million and has indicated that he will resign from the Project, if he is not paid. Were he to resign, the entitlement process (which the Project is unable to prosecute due to the absence of funds for attorneys and consultants) would have to commence anew with new plans prepared by some other architect. The interruption in the entitlement process, and the potential loss of Mr. Nouvel's services, could cause the Project to fail to obtain the necessary entitlements or set back the entitlement process many months and cost the project millions of dollars.

• A number of the Projects are in arid locations in Southern California where wind-blown dust and dirt is a significant problem that is regulated by the local air quality management district. In the absence of funding for dust control measures, these projects could violate air quality standards, exposing the Projects to substantial fines, as well as liability to nearby property owners whose property may be affected by wind blown dust from the Projects.

• The Oak Knoll Project required the demolition of existing structures. During the course of the demolition activities, friable asbestos was discovered at the site. As of today's date, Lehman has not provided the funds necessary to properly remove the friable asbestos, as a result of which, the exposed, friable asbestos continues to remain in place at the Project and create a health danger to any person who may be exposed to windblown asbestos fibers from the Project.

• The Delta Cove Project is built adjacent to the Sacramento River and is protected from flooding from the river by levees that must be continuously monitored and maintained. As a result of the absence of funding, the levees are not currently being monitored or maintained. This is a particularly critical matter as the California rainy season has just commenced and nearby homes may be imperiled by flood waters.

4.      As demonstrated by the letters from Mr. Bruce Cook to Lehman, copies of which are attached to the Cook Declaration as Exhibit "C," the SCC Entities have tried for weeks to determine whether Lehman intended to honor its funding commitment by notifying Lehman of the Projects' condition and requesting that Lehman resume funding the Projects. During these weeks, the SCC Entities' requests have been met with almost complete inaction from Lehman. Recently, Lehman representatives have confirmed that the requested funding is not forthcoming.

5.      All of the SCC Entities are facing extreme financial distress caused by Lehman's failure to honor its obligations under the Agreement. As a result, the SCC Entities must obtain relief under the Bankruptcy Code as soon as possible. Certain of the SCC Entities have already

-4-

filed or will file for bankruptcy relief and others may shortly become subject to involuntary proceedings.[3]  Attached hereto as Exhibit "B" is a chart listing those SCC Entities which have already filed bankruptcy petitions.  It is imperative that the SCC Entities be able to administer their bankruptcy cases, including taking actions and seeking relief with respect to property that is subject to Lehman's liens.

6.      Therefore, by this Motion, the SCC Entities request that this Court grant relief from the automatic stay in order to allow the SCC Entities to administer their bankruptcy cases filed by or against them to the extent the administration of such cases may affect Lehman's rights in the Projects and property held by the Projects.

## BACKGROUND

7.      Pursuant to the Agreement, Lehman agreed to finance the essential costs, urgent payables, and certain other related costs of the Projects in order to preserve the value of the Projects and protect the public health and safety.  Pursuant to various other predecessor agreements, Lehman has funded approximately $2.3 billion dollars toward the Projects.  Lehman's prior loans are secured by first-priority deeds of trust on the Projects, as well other collateral.  A Lehman affiliate is also an equity holder in approximately one-half of the SCC Entities and may have the right to approve any Chapter 11 filings by those entities.

8.      Since the Petition Date, Lehman has failed to provide the agreed-upon funding for the Projects.  As a result of the lack funding, human lives and property are being put at risk from situations as diverse as:  (a) potential levee failures, (b) airborne friable asbestos, (c) failure to provide dust and erosion control measures, (d) possible brush fires in

---

[3]      The SCC Entities have requested that Lehman consent to the filing of voluntary Chapter 11 petitions for those Projects for which Lehman's consent to such action is required.  Like the SCC Entities' requests for funding, however, those requests have gone unanswered.  The SCC Entities assume, therefore, that either those Projects will continue to languish with major health and safety issues unattended to, or creditors of those Projects will file

DB2/20897548.3

densely populated areas during peak periods of the California fire season due to the failure

to fund brush control, and (e) failure to provide adequate storm water control. In addition,

the condition and value of the assets are wasting, fines have been assessed due to projects'

violation of governmental permits and more fines are imminent, entitlements are at risk,

availability of resources such as water are at risk, and governmental bonds are being called.

(See Cook Declaration, Exhibit C.)

9.     As stated in the Cook Declaration, since the filing of these Chapter 11 cases,

the SCC Entities' representatives have contacted responsible Lehman personnel numerous

times by email and phone requesting that Lehman provide funding for the critical expenses

of the Projects, only to be met with inaction. On October 24, 2008, the SCC Entities sent

a letter to F. Robert Brusco of Lehman asking for a definitive answer as to whether

Lehman would perform under the Agreement and providing notice of certain of the SCC

Entities' intention to file their own Chapter 11 proceedings. (See Cook Declaration,

Exhibit "D"). Shortly thereafter, at Lehman's request, the SCC Entities' representative

provided Lehman with a six-month budget that specified the critical expenses of each

Project that should be paid immediately. Lehman then requested a three-month budget of

critical expenses, which was immediately provided. (See Cook Declaration, Exhibit "E").

10.     In response, after another week of inaction, on November 2, 2008,

Mr. Brusco informed Mr. Cook that Lehman was not prepared to immediately fund any

costs for any of the Projects (including insurance payments) except for approximately

$270,000 on two of the Projects. The $270,000 was not even sufficient to address the

immediate problems at those Projects or complete work necessary to address critical

public health and safety issues.

---

involuntary bankruptcy petitions against such Projects.

DB2/20897548.3

11.     As a result of Lehman's failure to fund the critical expenses of the Projects,

SCC located an alternative source willing to fund obligations up to $75 million for these

expenses.  However, that funding commitment is conditioned upon a Court-approved

priming lien in the Chapter 11 cases of the SCC Entities.

12.     As of this date, many of the SCC Entities that are authorized to file their own

Chapter 11 cases have done so in the United States Bankruptcy Court for the Central District of

California (the "California Bankruptcy Court") (See Exhibit B) and in the near future several

more are expected to follow suit or be placed into bankruptcy involuntarily.  Consequently, in

order to ensure the efficient administration of these cases, the SCC Entities filed this

Motion seeking an order modifying the automatic stay to allow the SCC Entities to

administer their own Chapter 11 cases to the extent that such cases, and the relief

requested by the debtors therein, may affect the rights of Lehman.[4]

## JURISDICTION AND VENUE

13.     This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

14.     By this Motion, the SCC Entities seek an order pursuant to Section 362(d) of the

Bankruptcy Code and Bankruptcy Rule 4001 granting the SCC Entities relief from the

automatic stay in order to administer their own bankruptcy cases to the extent that such

cases, and the relief requested by the debtors therein, may affect the rights of Lehman

---

[4]     The Motion does not seek an order from this Court as to the merits of any requests for relief which the SCC Entities, or any of them, may present to the California Bankruptcy Court.  Any such requests potentially affecting the rights of Lehman will be made on notice to Lehman who will, of course, be afforded all protections granted under applicable provisions of the Bankruptcy Code and will have an opportunity to object and be heard before the California Bankruptcy Court.  This motion merely seeks an order from this Court modifying the automatic stay in place by reason of the Debtors' cases so that the California Bankruptcy Court may consider such requests without

including, without limitation: (i) filing a motion to authorize the use of Lehman's cash collateral; (ii) filing a motion to approve post-petition debtor-in-possession ("DIP") financing on a priming lien basis that would subordinate Lehman's interests to those of a proposed DIP lender; (iii) filing motions to authorize the sale of Project assets free and clear of all liens, claims and encumbrances; and (iv) seeking confirmation of a plan of reorganization or liquidation that may impair Lehman's claims or interests.

## ARGUMENT

### This Court Should Modify the Automatic Stay to Allow the SCC Entities to Administer Their Own Chapter 11 Cases.

15.     In order to address the critical issues caused by Lehman's failure to fund the Projects, the SCC Entities seek an order modifying the automatic stay in order to be allowed to administer their own bankruptcy cases and, thereby, to avail themselves of the same Congressionally sanctioned rights as Lehman has sought to pursue in these cases, without the threat of being accused of violating the automatic stay in these cases.

16.     Bankruptcy Code Section 362(d)(1) states in relevant part that, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay... such as by terminating, annulling, modifying, or conditioning such stay for cause..." 11 U.S.C. § 362(d)(1). The party seeking relief from the stay is required to make an initial showing of cause, and if cause is shown, the burden is shifted to the debtor to disprove the existence of cause under Bankruptcy Code § 362(g)(2). In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990); In re Deep, 279 B.R. 653, 657 (Bankr. N.D.N.Y. 2002).

17.     The Bankruptcy Court has broad discretion to grant relief from the automatic stay. In re Pittsford Polo Club, Inc., 188 B.R. 339, 344 (Bankr. W.D.N.Y. 1995); see also, In re Newman, 196 B.R. 700, 703 (Bankr. S.D.N.Y. 1996) ("As to those areas protected by the

the risk of the SCC Entities violating the automatic stay in these cases.

automatic stay, relief from the stay is liberally granted."); In re Anton, 145 B.R. 767, 770

(Bankr. E.D.N.Y. 1992) ("The Bankruptcy Court has wide discretion to grant the relief and lift

the automatic stay.").

18.    The Second Circuit Court of Appeals has enunciated a number of factors that

should be considered in a determination to modify the automatic stay, including the impact of

the stay on the parties and the balance of harms. In re Sonnax Indus., Inc., 907 F.2d at 1286.

Here, the balance of harms clearly weighs in favor of the SCC Entities.

19.    In the instant situation, cause plainly exists to grant relief from stay to allow the

SCC Entities to obtain effective relief under Chapter 11, including arranging for post-petition

funding that will preserve and protect the public health and safety, preserve the value of the

Projects and mitigate any damages that the Projects may incur as a result of Lehman's breach of

its obligations under the Agreement.

20.    Substantially all of the SCC Entities' assets are subject to the secured claims of

Lehman.  Thus, any effort on the part of the SCC Entities to effectuate their own Chapter 11

cases will potentially run afoul of the automatic stay in these cases.  Absent the relief requested

herein, the SCC Entities' efforts to seek funding, sell assets and reorganize under the

Bankruptcy Code may be completely stymied, resulting in the rapid accumulation of massive

claims against the SCC Entities, substantial injury to the public welfare, and a complete wasting

of the Project assets and, hence, a diminution of the recovery that Lehman may receive on

account of its $2.3 billion investment in the Projects.

21.    By contrast, any adverse effect that the requested relief may have on Lehman

would not be substantial.  The Motion merely seeks to secure the SCC Entities' ability to make

various requests for relief in their own Chapter 11 cases.  Lehman will be afforded the

protections of the Bankruptcy Code and Rules and have an opportunity to object and be heard to

any request affecting its interests.  Moreover, in filing the Chapter 11 cases and seeking

essential funding, the SCC Entities are attempting to preserve the value of Lehman's own

collateral.  Finally, as is evidenced by the litany of urgent letters issued by Mr. Cook to Lehman

representatives (attached to the Cook Declaration as Exhibit C) and lack of any meaningful

responses thereto, Lehman has not demonstrated any interest in the Projects and appears content

to allow them to languish indefinitely.

### WAIVER OF 10-DAY STAY UNDER BANKRUPTCY RULE 4001(a)(3)

22.    In light of the urgency of the relief requested herein, the SCC Entities request

that the Court waive the 10-day stay requirement of Bankruptcy Rule 4001(a)(3) and provide

that any order granting the relief requested herein become effective immediately upon entry.

### NOTICE

23.    Notice of this motion has been served, in accordance with the procedures set

forth in the order entered on September 22, 2008 governing case management and

administrative procedures for this case [Docket No. 285], on (i) the attorneys for the Debtors;

(ii) the U.S. Trustee; (iii) the attorneys for the Official Committee of Unsecured Creditors; (iii)

the attorneys for the Debtor's post-petition lenders; and (iv) all parties who have requested

notice in these Chapter 11 cases.  The SCC Entities submit that no other or further notice need

be given and that the notice provided by SCC Entities is sufficient.

24.    No previous request for the relief sought herein has been made by the SCC

Entities to this or any other Court.

### WAIVER OF MEMORANDUM OF LAW

25.    This Motion sets forth the applicable authority upon which it relies herein and

does not raise any novel issues of law.  Accordingly, the SCC Entities respectfully request that

the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for

DB2/20897548.3

the Southern District of New York that a separate memorandum of law be submitted in support

of the Motion.

## **CONCLUSION**

For all of the foregoing reasons, the SCC Entities request that the Court grant the

Motion in its entirety.

Dated:  November 10, 2008                    Respectfully submitted,

                                                 /s/ Andrew D. Gottfried
                                      Richard W. Esterkin
                                      Andrew D. Gottfried
                                      Matthew W. Olsen
                                      MORGAN, LEWIS & BOCKIUS LLP
                                      101 Park Avenue
                                      New York, NY 10178-0060
                                      Telephone: (212) 309-6000
                                      Facsimile:   (212) 309-6001

                                      Paul J. Couchot
                                      WINTHROP COUCHOT
                                      PROFESSIONAL CORPORATION
                                      660 Newport Center Drive, Fourth Floor
                                      Newport Beach, CA 92660
                                      Telephone:  (949) 720-4100
                                      Facsimile: (949) 720-4111

                                      *Co-Counsel for the SCC Entities*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) |
| | )   **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS INC,** | ) |
| et al., | )   **Case No. 08-13555 (JMP)** |
| | ) |
| | )   **Jointly Administered** |
| Debtors. | ) |
| | ) |

**ORDER APPROVING MOTION OF THE SCC ENTITIES FOR AN
ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

Upon the Motion of the SCC Entities[1] for an Order Granting Relief from the Automatic

Stay (the "Motion"), the Court finds that, (i) it has jurisdiction over the matters raised in the

Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is proper and should be granted; (iv)

proper and adequate notice of the Motion and the hearing thereon has been given and no other or

further notice is necessary; and (v) upon the record herein after due deliberation thereon, good

and sufficient cause exists for the granting of relief as set forth herein,

IT IS HEREBY ORDERED THAT:

1.    The Motion is granted;

2.    The automatic stay under § 362(a) of the United States Bankruptcy Code (the

"Code") applicable to the above-captioned cases is modified to permit the SCC Entities to

---

[1]    The SCC Entities are comprised of the following: SCC Acquisitions, Inc.; SunCal Management, LLC; SCC
Acquisitions, LLC; SunCal Communities II, LLC; SunCal Bickford Ranch, LLC; SCC/Palmdale, LLC;
Palmdale Hills Property, LLC; SunCal Emerald Meadows Ranch, LLC; Acton Estates, LLC; SJD Partners,
Ltd.; SJD Development Corp.; SunCal Summit Valley, LLC; Seven Brothers, LLC; Kirby Estates, LLC;
SunCal Century City, LLC; SunCal Oak Knoll, LLC; SunCal Torrance Properties, LLC; SunCal Beaumont
Heights, LLC; SunCal Johannson Ranch, LLC; SunCal Marblehead, LLC; SunCal Heartland, LLC; SunCal
Communities I, LLC; SunCal Communities III, LLC; LB/L-SunCal Northlake, LLC; LB/L-SunCal Oak
Valley, LLC; SunCal PSV, LLC; Delta Coves Venture, LLC; North Orange Del Rio Land, LLC; Tesoro SF
LLC; and SCC Communities LLC.

administer any case in which any of them is a debtor under the Code to the extent that the administration of such case or cases may affect the rights of the Debtors in the above-captioned proceedings, including, without limitation: (i) filing a motion to authorize the use of the Debtors' cash collateral; (ii) filing a motion to approve post-petition debtor-in-possession ("DIP") financing on a priming lien basis that seeks to subordinate the Debtors' interests to those of a proposed DIP lender; (iii) filing motions to authorize the sale of assets free and clear of the Debtors' liens, claims and encumbrances; and (iv) seeking confirmation of a plan of reorganization or liquidation that may impair the Debtors' claims or interests.

3.    The modification of the automatic stay granted by this Order shall take effect immediately upon entry of this Order and shall not be stayed by operation of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedures.

4.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: New York, New York
          November __, 2008

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

# SCC ENTITIES

| | SCC ENTITIES | CHAPTER 11 CASES FILED |
|---|---|---|
| | | |
| 1. | SCC Acquisitions, Inc. | |
| 2. | SunCal Management, LLC | |
| 3. | SCC Acquisitions, LLC | |
| 4. | SunCal Communities II, LLC | |
| 5. | SunCal Bickford Ranch, LLC | Bankr. C.D. Cal. 08-17231<br>Ch. 11 Petition Date – 11/07/08 |
| 6. | SCC/Palmdale, LLC | Bankr. C.D. Cal. 08-17224<br>Ch. 11 Petition Date – 11/07/08 |
| 7. | Palmdale Hills Property, LLC | Bankr. C.D. Cal. 08-17206<br>Ch. 11 Petition Date – 11/06/08 |
| 8. | SunCal Emerald Meadows Ranch, LLC | Bankr. C.D. Cal. 08-17230<br>Ch. 11 Petition Date – 11/07/08 |
| 9. | Acton Estates, LLC | Bankr. C.D. Cal. 08-17236<br>Ch. 11 Petition Date – 11/07/08 |
| 10. | SJD Partners, Ltd. | Bankr. C.D. Cal. 08-17242<br>Ch. 11 Petition Date – 11/07/08 |
| 11. | SunCal Summit Valley, LLC | Bankr. C.D. Cal. 08-17227<br>Ch. 11 Petition Date – 11/07/08 |
| 12. | Seven Brothers, LLC | Bankr. C.D. Cal. 08-17240<br>Ch. 11 Petition Date – 11/07/08 |
| 13. | Kirby Estates, LLC | Bankr. C.D. Cal. 08-17246<br>Ch. 11 Petition Date – 11/07/08 |
| 14. | SunCal Century City, LLC | |
| 15. | SunCal Oak Knoll, LLC | |
| 16. | SunCal Torrance Properties, LLC | |
| 17. | SunCal Beaumont Heights, LLC | Bankr. C.D. Cal. 08-17209<br>Ch. 11 Petition Date – 11/06/08 |
| 18. | SunCal Johannson Ranch, LLC | Bankr. C.D. Cal. 08-17225<br>Ch. 11 Petition Date – 11/07/08 |
| 19. | SunCal Marblehead, LLC | |
| 20. | SunCal Heartland, LLC | |
| 21. | SunCal Communities I, LLC | Bankr. C.D. Cal. 08-17248<br>Ch. 11 Petition Date – 11/07/08 |
| 22. | SunCal Communities III, LLC | Bankr. C.D. Cal. 08-17249<br>Ch. 11 Petition Date – 11/07/08 |
| 23. | LB/L-SunCal Northlake, LLC | |
| 24. | LB/L-SunCal Oak Valley, LLC | |
| 25. | SunCal PSV, LLC | |
| 26. | Delta Coves Venture, LLC | |
| 27. | North Orange Del Rio Land, LLC | |

| SCC ENTITIES | CHAPTER 11 CASES FILED |
|---|---|
| | |
| 28.   Tesoro SF LLC | |
| 29.   SCC Communities LLC | |
| 30.   SJD Development Corp. | Bankr. C.D. Cal. 08-17245<br>Ch. 11 Petition Date – 11/07/08 |