Hearing Date and Time: December 3, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: November 28, 2008 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :    08-13555 (JMP)
                                                :
            Debtors.                            :    (Jointly Administered)
                                                :
                                                :
------------------------------------------------------------------x

### NOTICE OF DEBTORS' MOTION FOR
### AUTHORIZATION TO PAY PREPETITION ART-HANDLER FEES

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") for authorization to pay undisputed prepetition Art-Handler Fees, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **December 3, 2008 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

NY2:\1933127\04\15FLZ04!.DOC\58399.0003

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis; Esq.; and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; so as to be filed and received no later than **November 28, 2008 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

6

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: November 10, 2008
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: December 3, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: November 28, 2008 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
: 
In re                                                           :    Chapter 11 Case No.
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (JMP)
                                                                :
                    Debtors.                               :    (Jointly Administered)
                                                                :
                                                                :
-----------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO
SECTIONS 105(a) AND 363(b)(1) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 6004
FOR AUTHORIZATION TO PAY PREPETITION ART-HANDLER CLAIMS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this Motion and respectfully represent:

**Background**

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

NY2:\1933127\04\15FLZ04!.DOC\58399.0003

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

**Jurisdiction**

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Lehman's Business**

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.  Its headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

6. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Relief Requested

7. By this Motion, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code and Bankruptcy Rule 6004, the Debtors request authority to pay undisputed prepetition claims of specialized companies that hold, store and move artwork owned by the Debtors.

## Payment of the Art-Handler Claims is Warranted

8. The Debtors own a substantial amount of valuable artwork (the "Art Collection"), which is located in the Debtors' various offices, as well as in certain off-site storage facilities (the "Warehouses"). The storage of valuable artwork requires specialized Warehouses that provide a secure and controlled environment. The Debtors employ Stebich Ridder International, Inc. ("SRI") to handle the storage of the Art Collection in New York, and André Chenue SA ("Chenue") to handle the storage of the Art Collection in Paris, France (the "Warehousing Services"). As of the Commencement date, the value of the Debtors' Art Collection that is currently in storage in the Warehouses in New York and Paris is approximately $8 million dollars.

9. As the safe transportation of the Art Collection from its display site to the Warehouses is a specialized process, SRI and Chenue also provide services to the Debtors with respect to the moving and displaying of the Art Collection (the "Transportation Services"). The

Debtors chose SRI and Chenue to provide Warehousing Services and Transportation Services after an in-depth procurement process in July 2007, based on their service level, storage capacity, techniques, and cost.

10. In addition, the Debtors use the services of Drummond Framing, Inc. ("Drummond") to frame pieces of work in the Art Collection (the "Framing Services," and together with the Warehousing Services and the Transportation Services, the "Art-Handler Services"). As of the Commencement Date, the value of the Debtors' Art Collection that is in Drummond's possession is approximately $90,000.

11. The Art Collection represents significant value to the Debtors' estates. As such, the Debtors desire to monetize the Art Collection through sales, for the benefit of their creditors and other parties in interest. In order for the Debtors to sell pieces in the Art Collection for their maximum value, and thereby recover the most funds for their estates, the Debtors must be able to have access to the art to show it to prospective purchasers and to relinquish title to the ultimate purchaser. To do so, the Debtors require access to the Art-Handler Services to display the Art Collection and move pieces to and from the Warehouses.

12. The Debtors currently owe money with respect to the Warehousing Services (the "Warehousing Claims"), the Transportation Services (the "Transportation Claims"), and the Framing Services (the "Framing Claims," and, together with the Warehousing Claims and the Transportation Claims, the "Art-Handler Claims"). As of the Commencement Date, the Debtors owe approximately $20,000 with respect to the Art Handler Claims on account of approximately $8 million worth of art.

**Payment of Art Handler Fees is in the Best
Interests of the Debtors and their Estates and Creditors**

13.  As a result of the Art-Handler Claims the Art Collection held by the Art-Handlers is subject to possessory liens under applicable state law and French law.[1]  Typically, state laws grant an entity that furnishes services or materials with respect to goods, such as SRI, Chenue or Drummond, a possessory lien on such goods to secure payment for such charges and related expenses, if such entity retains possession of the goods at issue.[2]  Additionally, pursuant to section 362(b)(3) of the Bankruptcy Code, the acts of perfecting such liens, to the extent consistent with section 546(b) of the Bankruptcy Code, is expressly excluded from the automatic stay.  11 U.S.C. § 362(b)(3).  Section 546(b)(1)(A) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession's avoidance powers "are subject to any generally applicable law that . . . permits perfection of an interest in property to be effective against an entity that acquires

---

[1] Article 1948 of the French Civil Code provides that any depository may benefit from a possessory lien until full payment of its outstanding claims relating to the deposit.  See C. Civ. Art. 1948.

[2] Section 7-209(1) of New York's Uniform Commercial Code provides for a lien for warehousemen.  It provides, in pertinent part:

> A warehouseman has a lien against the bailor on the goods covered by a warehouse receipt or on the proceeds thereof in his possession for changes for storage or transportation (including demurrage and terminal charges), insurance, labor, or charges present or future in relation to the goods, and for expenses necessary for preservation of the goods or reasonably incurred in their sale pursuant to law.

N.Y. U.C.C. § 7-209.

Section 7-307(1) of New York's Uniform Commercial Code provides, in pertinent part:

> A carrier has a lien on the goods covered by a bill of lading for charges subsequent to the date of its receipt of the goods for storage or transportation (including demurrage and terminal charges) and for expenses necessary for preservation of the goods incident to their transportation or reasonably incurred in their sale pursuant to law…

N.Y. U.C.C. § 7-307.

rights in such property before the date of perfection . . . ." Id. § 546(b)(1)(A). Accordingly, the Art-Handlers, notwithstanding the automatic stay imposed by section 362(a) of the Bankruptcy Code, may (i) be entitled to assert and perfect liens against the Debtors' property, which would entitle them to payment ahead of other general unsecured creditors, and (ii) hold the property subject to the asserted liens pending payment, to the direct detriment of the Debtors, their estates and other parties in interest.

14. Further, section 9-310 of the Uniform Commercial Code grants to creditors, such as those holding possessory liens, a priority in payment over consensual lien creditors. Thus, under the Bankruptcy Code, as secured creditors, the Art-Handlers are entitled to receive payment in full for the Art-Handler Claims pursuant to any confirmed plan(s) of reorganization in these chapter 11 cases. Consequently, payment of such charges and fees gives Art-Handlers no more than that to which they are already entitled. On the other hand, absent payment of the amounts owed, art having an approximate aggregate retail value of $8 million is likely to be retained by those carriers as security for payment of approximately $20,000 in outstanding prepetition Art-Handler Fees.

15. As set forth above, the Debtors' inability to have access to the Art Collection and to be able to transport, store, and display the Art Collection would inhibit the Debtors' ability to sell the pieces in the Art Collection for their market value. The interests of the Debtors, their estates and their creditors will be served by allowing for the payment of these prepetition claims. The Debtors submit that these amounts are incredibly modest in comparison to the value that the Debtors' estates will receive if the Debtors' are allowed access to the Art Collection and the services of the Art-Handlers.

16.     The Debtors submit that the relief requested is reasonable and necessary under the circumstances and justified by applicable law, even if the Art-Handlers were not secured.  Section 363(b)(1) of the Bankruptcy Code provides that, after notice and a hearing, the trustee "may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  The Debtors further submit that section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  A bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept."  In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).  "Under Section 105, the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor."  In re NVR L.P., et al., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing Ionosphere Clubs, 98 B.R. at 177).

17.     In a long line of well-established cases, federal courts have consistently permitted postpetition payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors.  See, e.g., Miltenberger v. Logansport Ry., 106 U.S. 286, 312 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of [crucial] business relations"); Dudley v. Mealey, 147 F.2d 268 (2d Cir. 1945), cert. denied, 325 U.S. 873 (1945) (Second Circuit extends doctrine for payment of prepetition claims beyond railroad reorganization cases); Michigan Bureau of Workers' Disability Compensation v. Chateaugay Corp. (In re Chateaugay Corp.), 80 B.R. 279, 285-86 (S.D.N.Y. 1987), appeal dismissed, 838 F.2d 59 (2d Cir. 1988) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits); In

re Boston & Me. Corp., 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing the existence of a judicial power to authorize trustees to pay claims for goods and services that are indispensably necessary to debtors' continued operation); In re Payless Cashways, Inc., 268 B.R. 543, 546 (Bankr. W.D. Mo. 2001) ("Since the enactment of the Code, various courts have permitted debtors-in-possession to pay pre-petition debts on the grounds that payment of such claims was necessary to effectuate a successful reorganization, or at least to give the debtor the opportunity to propose any type of plan at all.").

18.     This doctrine of necessity functions in a chapter 11 case as a mechanism by which the bankruptcy court can exercise its equitable power to facilitate a restructuring by allowing payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code.  See Just for Feet, 242 B.R. at 824 (recognizing that "[c]ertain pre-petition claims by employees and trade creditors . . . may need to be paid to facilitate a successful reorganization"). The doctrine is frequently invoked early in a chapter 11 case.  The court in In re Structurelite Plastics Corp., 86 B.R. 922, 931 (Bankr. S.D. Ohio 1988), indicated its accord with "the principle that a bankruptcy court may exercise its equity powers under section 105(a) to authorize payment of prepetition claims where such payment is necessary to permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately." The court stated that "a per se rule proscribing the payment of prepetition indebtedness may well be too inflexible to permit the effectuation of the rehabilitative purposes of the Code." Id. at 932. The rationale for the doctrine of necessity rule is consistent with the paramount goal of chapter 11 - "facilitating the continued operation and rehabilitation of the debtor." Ionosphere Clubs, 98 B.R. at 176.  Accordingly, pursuant to section 105(a) of the Bankruptcy Code, this Court is empowered to grant the relief requested herein.

19.     Courts in this and other districts have granted similar relief in other chapter 11 cases.[3]  See, e.g., In re Lexington Precision Corp., et al., Case No. 08-11153 (MG) (Bankr. S.D.N.Y. April 2, 2008) [Docket No. 29]; In re Silicon Graphics, Inc., et al., Case No 06-10977 (BRL) (Bankr. S.D.N.Y. May, 10 2006) [Docket No. 46]; In re Footstar, Inc., et al, Case No. 04-22350 (ASH) (Bankr. S.D.N.Y. Mar. 3, 2004) [Docket No. 44], (Bankr. S.D.N.Y. Mar. 31, 2004) [Docket No. 257]; In re Loral Space & Communications Ltd., et al., Case No. 03-41710 (RDD) (Bankr. S.D.N.Y. July 16, 2003) [Docket No. 41]; and In re WestPoint Stevens, Inc., Case No. 03-13532 (RDD) (Bankr. S.D.N.Y. June 3, 2003) [Docket No. 48].  The Debtors submit that similar authorization is appropriate in these chapter 11 cases.

20.     Authorization of the payment of all prepetition Art-Handler Fees requested herein shall not be deemed to constitute postpetition assumption or adoption of any of the related agreements pursuant to section 365 of the Bankruptcy Code.  The Debtors reserve all of their rights under the Bankruptcy Code with respect thereto.  Nothing in this Motion shall be an admission as to any possessory lien.

21.     Based upon the foregoing, the Debtors submit that the relief requested herein is essential, appropriate, and in the best interest of the Debtors' estates and creditors, and therefore should be granted in these chapter 11 cases.

## Reservation of Rights

22.     Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' right to dispute any claim, or an approval or assumption of any agreement, contract or lease under

---

[3] Because of the voluminous nature of the unreported orders cited herein, they are not annexed to this Motion.  Copies of these orders are available upon request of Debtors' counsel, including at the hearing to consider the Motion.

section 365 of the Bankruptcy Code.  Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order granting the Motion is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### Waiver of Bankruptcy Rules 6004(a), (h)

23. The Debtors request a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the stay of the order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).[4]

### The Relief Requested is Appropriate

24. Based upon the foregoing, the Debtors submit that the relief requested herein is essential, appropriate, and in the best interest of the Debtors' estates and creditors, and therefore, should be granted.

### Notice

25. No trustee or examiner has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) SRI; (vii) Chenue; (viii) Drummond; and (ix) all parties who have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

---

[4] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.

26. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: November 10, 2008
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
                                          :
In re                                     :   Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :   08-13555 (JMP)
                                          :
                 Debtors.                 :   (Jointly Administered)
                                          :
                                          :
---------------------------------------------------------------x
```

**ORDER PURSUANT TO**
**SECTIONS 105(a) AND 363(b)(1) OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULE 6004**
<u>**AUTHORIZING PAYMENT OF PREPETITION ART-HANDLER FEES**</u>

Upon the motion, dated November 7, 2008 (the "<u>Motion</u>"), of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "<u>Debtors</u>" and, together with their non-debtor affiliates, "<u>Lehman</u>"), pursuant to section 105(a) and 363(b)(1) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for authorization and approval of, among other things, to pay undisputed prepetition fees with respect to the warehousing, displaying, framing, and transportation of the Debtors' art collection (the "<u>Art-Handler Fees</u>"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Stebich Ridder International, Inc. ("SRI"); (vii) André Chenue SA ("Chenue"); (viii) Drummond Framing, Inc. ("Drummond"); and (ix) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

    ORDERED that the Motion is granted; and it is further

    ORDERED that the Debtors are authorized but not directed to pay all undisputed prepetition charges or fees owed to the SRI, Chenue, and Drummon (collectively, the "Art-Handlers") consistent with the Debtors' customary practices in the ordinary course of their businesses; and it is further

    ORDERED that nothing in this Order or the Motion shall be construed as prejudicing any rights the Debtors may have to dispute or contest the amount of or basis for any claims against the Debtors arising in connection with any prepetition charge or fee by the Art-Handlers; and it is further

ORDERED that nothing herein shall be deemed to constitute an assumption or rejection of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December __, 2008
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE