**Hearing Date & Time:  December 3, 2008, at 10:00 a.m.**
**Objection Deadline: November 28, 2008 at 4:00 p.m.**

Klein, DeNatale, Goldner,
  Cooper, Rosenlieb & Kimball, LLP
T. Scott Belden, Esq. (CA Bar No. 184387)
Lisa Holder, Esq. (CA Bar No. 217752)
Attorneys for Superior Pipelines, Inc.
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone:  (661) 395-1000

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | |
| | (Chapter 11) |
| LEHMAN BROTHERS HOLDINGS, INC.,  et al. | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| Debtors. | |

## NOTICE OF MOTION FOR RELIEF FROM STAY TO PROSECUTE ADVERSARY PROCEEDING AGAINST LEHMAN COMMERCIAL PAPER, INC., PENDING IN THE BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND FOR OTHER APPROPRIATE RELIEF

**PLEASE TAKE NOTICE** that at 10:00 a.m., on December 3, 2008, or as soon

thereafter as counsel may be heard, Superior Pipelines, Inc., a California corporation

("Superior"), by its counsel, shall appear before the Honorable James M. Peck, United States

Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York,

Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408,

Room 601, and present **Superior's motion for an order modifying the automatic stay to**

**authorize Superior to continue to prosecute an adversary proceeding pending in the**

**Eastern District of California involving Lehman Commercial Paper, Inc., and for other appropriate relief (the "Motion").**

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned thereafter from time to time without further notice other than the announcement of the adjourned date or dates at the hearing.

**PLEASE TAKE FURTHER NOTICE** that the Court may grant the relief requested in the Motion without a hearing if no objections to the Motion are timely filed and served.

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (in either case, with a hard copy delivered directly to the Chambers of the Honorable James M. Peck, U.S.B.J., United States Bankruptcy Court, One Bowling Green, Courtroom 601, New York, New York 10004); and shall be served upon:

(a) counsel to the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Harvey R. Miller, Esq., Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.);

(b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis);

(c) counsel for the Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., Evan Fleck, Esq.);

(d) counsel for Debtors' postpetition lenders, Cleary Gotliebb LLP, One Liberty Plaza, New York, NY 10006, (Attn: Lindsee P. Granfield, Esq. and Lisa Schweiger, Esq.); and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004 (Attn: Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq.); and

(e) counsel to Superior Pipelines, Inc., Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP, 4550 California Avenue, Second Floor, Bakersfield, California 93309 (Attn: T. Scott Belden, Esq.), so as to be received no later than November 28, 2008, at 4:00 p.m. (EST).

Dated: November 10, 2008
Bakersfield, California

Respectfully Submitted,

/s/ T. Scott Belden
T. SCOTT BELDEN (CA Bar No. 184387)
Admitted *Pro hac vice*
Klein, DeNatale, Goldner,
  Cooper, Rosenlieb & Kimball, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone:  (661) 395-1000
Facsimile:  (661) 326-0418
Email:  SBelden@KleinLaw.com

Attorneys for Superior Pipelines, Inc.

00502931.002

**Hearing Date & Time:  December 3, 2008, at 10:00 a.m.**
**Objection Deadline: November 28, 2008 at 4:00 p.m.**

Klein, DeNatale, Goldner,
  Cooper, Rosenlieb & Kimball, LLP
T. Scott Belden, Esq. (CA Bar No. 184387)
Lisa Holder, Esq. (CA Bar No. 217752)
Attorneys for Superior Pipelines, Inc.
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone:  (661) 395-1000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | (Chapter 11) |
| LEHMAN BROTHERS HOLDINGS, INC., <u>et al.</u> | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| Debtors. | |

**MOTION FOR RELIEF FROM STAY TO PROSECUTE**
**ADVERSARY PROCEEDING AGAINST LEHMAN COMMERCIAL PAPER, INC.,**
**PENDING IN THE BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF**
**CALIFORNIA AND FOR OTHER APPROPRIATE RELIEF**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

     Superior Pipelines, Inc., a California corporation ("Superior"), in support of its motion

for relief from the automatic stay (the "Motion"), respectfully states:

00502931.002

1

## I . SUMMARY OF RELIEF REQUESTED

1.      Superior requests modification of the automatic stay to prosecute a pending

lawsuit against Lehman Commercial Paper Inc., and others.  Venue for the pending lawsuit is

currently in the United States Bankruptcy Court for the Eastern District of California.

## II.  PROCEDURAL BACKGROUND

2.      On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc.

("LBHI"), commenced a case under chapter 11 of Title 11 of the United States Code (the

"Bankruptcy Code"). On October 5, 2008, Lehman Commercial Paper Inc. ("Paper," collectively

with LBHI, the "Debtors"), commenced a case under chapter 11 of the Bankruptcy Code.  Both

cases were commenced in the Southern District of New York.

3.      The Debtors continue to operate their business and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## III.  JURISDICTION

4.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and

1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under

28 U.S.C. §§ 157(b)(2)(G). The statutory predicates for the relief requested herein are 11 U.S.C.

§§ 105(a) and 362(d).

## IV.  FACTS

5.      In or about July 2005, Turman Construction Company began grading road bases

and lots for a 2,070-acre master-planned-community development, which included plans for over

one thousand homes, a Greg Norman-designed golf course, a lake, clubhouses, and parks, all

commonly know as McAllister Ranch (the "Property"), owned by LBREP/L-SunCal McAllister

Ranch LLC [1] ("SunCal").  The Property is located in Bakersfield, California.

6.     In March of 2006, Superior commenced work at the Property under a written letter of intent with SunCal.  Between April 2006 and September 2007, Superior and SunCal entered into eight written contracts for the installation of "wet" utilities (e.g., storm drains, water system, and sewer) and "dry" utilities (e.g., electric, cable, telephone, and gas) on the Property.

7.     SunCal agreed to pay Superior in excess of $18 million for Superior's work. SunCal owes Superior over $6 million.  The Property is located in, and the written and oral contracts were entered into in, the State of California, County of Kern, in the Eastern District of California judicial district, Fresno Division.

8.     The project was reputedly financed by Paper and/or Lehman ALI, Inc[2] as administrative agents for multiple entities, some of which may be affiliates or subsidiaries of LBHI, which are unknown to Superior.  If Paper is acting as administrative agent for another Lehman entity that has filed a bankruptcy petition, and if relief from stay as to that affiliated entity is required, this Motion also seeks relief from stay as to that entity.

---

[1] "LBREP" is an acronym that means "Lehman Brothers Real Estate Partners."  The alleged relationship between LBREP and SunCal is described at pages 9-11 of the *Opposition to Motion for Relief from the Automatic Stay under 11 U.S.C. 362 filed by Lehman Commercial Paper Inc., as First Lien Administrative Agent; Declaration of Daniel Reiss,* excerpts of which are attached to the Exhibits as Exhibit "C".  This opposition was filed in the SunCal Chapter 11 case in Santa Ana.

[2] Lehman ALI, Inc., had not filed a petition under the Bankruptcy Code at the time of the filing of this Motion.

00502931.002

9.    Paper recorded three deeds of trust against the property, the first in the amount of

$235,000.000.00, the second in the amount of $85,000,000.00, and third in the amount of

$75,000,000.00. As described in the *First Amended Complaint,*[3] attached to the Exhibits as

Exhibit "A," the first and second deeds of trust were recorded on January 23, 2006, and the third

on February 9, 2007.   Superior intends to file the *First Amended Complaint* upon being granted

relief from stay.

10.    Public records reveal that on January 20, 2006, Paper filed two Uniform

Commercial Code liens—as first and second lien administrative agent—with the  Delaware

Secretary of State against "all assets" of SunCal.  According to the California Secretary of

State's Business Portal, SunCal is a Delaware limited liability company authorized to do

business in California.  On February 7, 2007, Paper filed a third Uniform Commercial Code

lien—as third lien administrative agent—with the  Delaware Secretary of State against "all

assets" of SunCal.

11.    Paper assigned the second deed of trust to Gramercy Warehouse Funding, LLC.

Paper assigned the third deed of trust to Square Mile Structured Debt (One), LLC, and Square

Mile Structured Debt (Two), LLC.  All assignments were recorded on April 22, 2008.

12.    Construction at McAllister Ranch ceased in or about December 2007.  Superior

timely recorded mechanic's liens against the Property, and in April 2008 filed a complaint in the

Superior Court of Kern County, located in Bakersfield, California, against SunCal, Paper, and

---

[3] *First Amended Complaint for: 1.Breach of Contract, 2. Foreclosure on Mechanics' Lien, 3. Injunctive Relief, 4. Declaratory Relief under 11 U.S.C. §§ 362 and 541, 5. Declaratory Relief under 11 U.S.C. §§ 362 and 541, 6. Determination of Nature, Extent, and Validity of Liens under 11 U.S.C. § 506, and 7. Equitable Subordination under 11 U.S.C. § 510(c)* alleged against LBREP/L-SunCal McAllister Ranch, LLC, Pacific Gas and Electric Company, McAllister Ranch Irrigation District, Lehman Commercial Paper, Inc., Lehman ALI, Inc., Gramercy Warehouse Funding, LLC, Square Mile Structured Debt (One), LLC, Square Mile Structured Debt (Two), LLC, LBREP/L-SunCal Master I, LLC, LBREP Lakeside SC Master I, LLC, and SCC Ventures, LLC.
00502931.002

others, for breach of contract, to foreclose its mechanic's liens, and for other appropriate relief.

13.    After Superior initiated its case in superior court, Superior immediately sought a prejudgment writ of attachment, and Superior has an attachment lien against all property of SunCal that is subject to attachment under Cal. Code Civ. Proc. Section 488.510. Superior attached approximately $1.2 million of SunCal's funds that are in the hands of a third party, McAllister Ranch Irrigation District ("MRID"). MRID disputes that the funds Superior attached are SunCal's property, and MRID continues to use those funds to operate—so the funds are eroding.

14.    Superior, Paper, and MRID were litigating MRID's claim to those funds in the superior court. Paper's argument regarding its claim to the funds is articulated in the *Statement of Lehman Commercial Paper, Inc. Regarding Proceedings on Writ of Attachment as to Third Party McAllister Ranch Irrigation District* filed in the superior court, provided at Exhibit "D" to the Exhibits.

15.    Superior also attached approximately $835,000 of SunCal's funds that were on deposit with Pacific Gas and Electric Company. Those funds are not eroding, but Paper's position regarding the PG&E funds would be identical to its arguments regarding the MRID funds.

16.    Key among Superior's claims in the superior court were that, because Turman Construction Company began works of improvement at the Property before Paper filed its first deed of trust, Superior's mechanic's liens have priority over Paper's deeds of trust under California law. Superior prayed that the superior court would reorder lien priority on that ground. Another key claim is that SunCal and Paper failed to follow California law in the handling of the financing, resulting in Superior's right to equitably reorder Paper's deeds of trust

and UCC liens to be junior to Superior's mechanic's liens.

17.    Three petitioning creditors filed an Involuntary Chapter 11 Petition against SunCal and several of its affiliates in the Central District of California, Santa Ana Division. The Involuntary Petition was filed on September 11, 2008, and given case number 8:08-bk-15637-ES, and was assigned to Bankruptcy Judge Erithe A. Smith. Judge Smith appointed a Chapter 11 trustee on October 28, 2008.

18.    On October 1, 2008, Superior filed its Notice of Removal under Bankruptcy Rule 9027(a) to remove the superior court case to the United States Bankruptcy Court, Eastern District of California, Fresno Division, Bakersfield Courthouse. The Eastern District LBREP/L-SunCal McAllister Ranch, LLC, case was assigned case number 08-00104-B, and the adversary proceeding against SunCal, Paper, and others was assigned adversary number 08-01226-B (the "Removed Proceeding"). Superior desires to file its First Amended Complaint in the Removed Proceeding to add claims for relief for: (1) equitable subordination under 11 U.S.C. § 510(c); (2) determination of nature, extent, and validity of liens under 11 U.S.C. § 506; and (3) declaratory relief under 11 U.S.C. §§ 362 and 541, all as described at Exhibit "A" to the Exhibits.

19.    Before SunCal was placed in involuntary bankruptcy, it had appeared and was defending the superior court case. Before Paper filed its Voluntary Petition, it had appeared and was defending the superior court case.

20.    On October 3, 2008—two days before it filed its Voluntary Petition—Paper filed its own motion for relief from stay in the SunCal case, to complete its foreclosure proceeding and sell the Property under its remaining first deed of trust. Paper's relief from stay motion—minus its voluminous exhibits—is attached as Exhibit "B" to the Exhibits ("Paper's Motion").

00502931.002

6

Paper's Motion represents that its claim exceeds $243,000,000.00, and that the value of the Property is $180,700,000.00. Paper's Motion also represents that Notice of Default was recorded on April 22, 2008, and Notice of Sale was recorded on July 30, 2008, and that the foreclosure sale was originally scheduled for August 22, 2008.

21.    Superior has opposed Paper's Motion based on multiple grounds, including Superior's equitable subordination claims. The hearing on Paper's Motion was October 28, 2008, in Santa Ana. The court treated that hearing as preliminary and continued Paper's Motion to November 20, 2008. But regardless of the outcome of Paper's Motion in the SunCal case, Superior needs relief from stay to obtain a determination in the Removed Proceeding of the priority of Paper's deed of trust and UCC liens vis-à-vis Superior's liens.

22.    Litigation between MRID and Superior is also in limbo because of SunCal's bankruptcy, followed by Paper's. It is urgent that the Removed Proceeding resume as soon as possible so that Superior can obtain a determination regarding the funds in MRID's possession. Because of Paper's UCC liens, Paper is a necessary party to any lien priority determination regarding the funds held by MRID.

23.    Lien priority should be determined in the Removed Proceeding because the Property is in the judicial district where the Removed Proceeding is pending, the contracts were entered into Kern County, and in large part, the witnesses are in Kern County. Paper engaged attorneys to litigate the claims in the superior court. The Bankruptcy Court, like the superior court, allows telephonic appearances by counsel and parties in interest. There is no inconvenience to Paper to litigate this case in the Eastern District of California Bankruptcy Court.

00502931.002

7

24.     That being noted, it is possible that SunCal will move to change the venue of the Removed Proceeding to the Central District of California, Santa Ana Division, or another forum. While Santa Ana would be an inconvenient forum for Kern County parties and witnesses, it is possible that the Removed Proceeding will be moved to Santa Ana, or another forum. Superior requests authority to take the same actions to prosecute its case in the Central District of California, or in the Eastern District, or in any forum where the SunCal court may move the Removed Proceeding. It is also possible that Superior will be required to file an adversary proceeding directly in the SunCal case in the Santa Ana court.

25.     Superior requests relief from stay to take all action necessary to litigate the Removed Proceeding or an action asserting identical or similar claims arising from the transactions related to the Property to final judgment

## V. ARGUMENT

26.     Section 362(d) provides the grounds for relief from the automatic stay. Superior seeks relief from stay for cause under Section 362(d). Cause exist because it is necessary to conclude pre-petition litigation in another tribunal. (*In re Curtis*, 40 B.R. 795, 799 (Bankr. D. Utah 1984).)

27.     Granting stay modification for cause under 11 U.S.C. § 362(d)(1), is within the sound discretion of the bankruptcy judge. *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). In *Sonnax*, the Second Circuit adopted a twelve factor test to determine if cause exists to grant relief from stay. Those factors were first set out in *In re Curtis*, 40 B.R. 795, *supra*. The *Curtis* factors and their applicability to this motion are:

00502931.002

8

a.      *Whether relief would result in a partial or complete resolution of the issues* – Superior intends to litigate the Removed Proceeding to conclusion in the bankruptcy court.  The judgment would determine the priority of Superior's mechanic's liens vis-à-vis Paper's lien under its deed of trust and UCC liens.  Four of Superior's claims for relief involving Paper in the First Amended Complaint are to determine the priority of liens.  The fifth claim for relief involving Paper is for injunctive relief related to Superior's prejudgment writ of attachment and resultant lien, which would be perfected by a judgment.  That claim requests that the court prohibit Paper and others from transferring any deposits or other of SunCal's funds (if any there are) pending final adjudication.  The Removed Proceeding—because it brings SunCal, Paper, MRID, and PG&E before the court—would afford a complete resolution of the lien priority issues, both under the mechanic's liens and Superior's entitlement to the funds it attached under its writ of attachment.

b.      *Lack of any connection with or interference with the bankruptcy case* – The continuation of the Removed Proceeding with Paper as a party will not interfere with the bankruptcy case.

c.      *Whether the other proceeding involves the debtor as a fiduciary* – Not known to be a factor.

d.      *Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action* – The Bankruptcy Court for the Eastern District of California, like all bankruptcy courts, is competent to make fact findings and adjudicate the priority of liens.  The Bankruptcy Court has special expertise regarding the bankruptcy issues alleged in the *First Amended Complaint* under Bankruptcy Code sections 506 and 510.

00502931.002

9

e.      *Whether the debtor's insurer has assumed full responsibility for defending it* – Not a factor.

f.      *Whether the action primarily involves third parties* – The matter involves multiple third parties, and Paper is a necessary party to complete resolution. Paper, as the holder of the first deed of trust and blanket UCC liens, is a necessary party to determine lien priority vis-a-vis Paper, SunCal, MRID and Superior. Those third parties will be prejudiced if forced to litigate the Removed Proceeding without Paper's presence because a full adjudication on the merits, binding on Paper, would be impossible. Because the funds in MRID's possession are eroding, a swift resolution is needed.

g.      *Whether litigation in another forum would prejudice the interests of other creditors* – No creditors will be prejudiced by allowing the Removed Proceeding to be litigated in California. Superior is not aware that other parties to the dispute would prefer that the litigation occur in the Southern District of New York. Further, if the court enters a judgment adverse to Paper, the relief granted would be a determination that Superior's mechanic's and equitable liens are superior to Paper's deed of trust and UCC liens. It is unlikely that such a determination will ultimately result in a monetary claim against Debtors' estate, but not impossible. Superior does, however, assert a claim against SunCal's estate.

h.      *Whether the judgment claim arising from the other action is subject to equitable subordination* – The purpose of the Removed Proceeding is to determine legal or equitable subordination or reordering of liens.

i.      *Whether Superior's success in the other proceeding would result in a judicial lien avoidable by the debtor* – It will not.

j.      *The interests of judicial economy and the expeditious and economical resolution of litigation* – (i) The Removed Proceeding should be tried in the Eastern District of

10

California Bankruptcy Court. It was removed from the Kern County Superior Court, located n

Bakersfield, California. Both Paper and SunCal already have counsel in place to defend the

litigation. Bakersfield is home to Superior, fact witnesses, and the relevant records. The

Bankruptcy Court for the Eastern District of California, Bakersfield Court house routinely allows

telephonic appearances for non-evidentiary hearings. (ii) In the alternative, if SunCal or another

party in interest, including Superior, moves to change venue, the Central District of California

would be less distant for witnesses than the Southern District of New York. (iii) The presence

of Paper in the Removed Proceeding puts all necessary parties before the court. The burden on

judicial resources to manage and try the case is equivalent in California or the Southern District

of New York. But it is most expeditious and economical to litigate the Removed Proceeding in

the district where the  Property is located, where the  contracts were entered into, where the fact

witnesses reside, and where documents are located.

k.      *Whether the parties are ready for trial in the other proceeding* – The

parties were in the discovery stage in the superior court before the Removed Proceeding was

removed. The first status conference in the Removed Proceeding was held on November 6,

2008. Upon obtaining authority to proceed with the Removed Proceeding and file the *First

Amended Complaint*, Superior intends to bring in three new defendants, whose interests accrued

after Superior filed its case in the superior court. Those are the three assignees of Paper's second

and third deeds of trust described above.

l.      *Impact of the stay on the parties and the balance of harms* – (i)  Paper

likely did not file its Voluntary Petition to stay the case in the Kern County Superior Court.

Paper's reorganization is probably not dependent on obtaining breathing room from this

litigation. In fact, Paper moved the Central District of California Court for relief from stay in

SunCal's case to move forward with the foreclosure. But there must be resolution of lien priority

before there can be a sale under Paper's deed of trust, because reordered liens could result in

00502931.002

11

equity in the Property for SunCal's estate under section 510(c)(2);    (ii) Because Paper's interest is a lien interest, the Property is not necessary to Debtor's reorganization.  But the need to determine lien priority is important to all parties—Paper included, given its desire for relief from stay in the SunCal case.   The funds in MRID's possession are eroding, which creates a need for swift resolution of the UCC lien priority issue.  The balance of harm to the parties weighs in favor of relief from stay to allow the Removed Proceeding to move forward.

28.     Paper must address the issues in the Removed Proceeding in some court.  The *Curtis* factors weight in favor of this Court modifying the stay to allow Superior to litigate the claims against Paper in the Removed Proceeding.

29.     This Motion includes citations to the applicable authorities and a discussion of their application to this Motion.  Superior respectfully submits that such citations and discussion satisfy LBR 9013-1.

30.     All of the facts surrounding SunCal, Paper, and the Property could not be described using a ream of paper.  Superior provided the court with the essential facts outlining Superior's entitlement to the relief requested.  Superior reserves the right to present additional facts by declaration or witness, documents, and legal authority in support of this Motion in reply or in argument at the hearing, and at any adjourned hearing.  Further, Superior requests an evidentiary hearing if such a hearing would be helpful to the Court.

## VI. CONCLUSION AND PRAYER FOR RELIEF

1.     Superior has demonstrated that cause exists under section 362(d)(1) and *Curtis* to grant relief from stay to allow Superior to continue with the Removed Proceeding in the Eastern District of California Bankruptcy Court, or if transferred, the Central District of California Bankruptcy Court, or any action asserting identical or similar claims arising from the

00502931.002

transactions related to the Property.

2.    Therefore, Superior prays for an order providing that:

a.    The Motion is granted.

b.    Pursuant to Section 362(d)(1) of the Bankruptcy Code, the automatic stay
in effect in Debtors' bankruptcy cases is modified to allow:

i.    Superior to continue to litigate Superior's claims against Paper in the
Removed Proceeding or an action asserting identical or similar claims
arising from the transactions related to the Property commenced in the
SunCal case;

ii.    Such litigation in the Eastern District of California Bankruptcy Court,
Fresno Division, Bakersfield Courthouse, or the Central District of
California Bankruptcy Court, Santa Ana Division, or any Bankruptcy
Court where the Removed Proceeding may be moved;

iii.    Superior to take all necessary and proper action in the Removed
Proceeding to litigate the issues raised in the *First Amended
Complaint*, or any currently operative complaint or subsequently
amended or filed complaint asserting claims arising from the
transactions related to the Property to conclusion, including
prosecuting any appeals;

iv.    Superior to enforce any order or exercise its rights under any judgment
rendered by the Bankruptcy Court in the Removed Proceeding, except
that any monetary damages awarded against Paper shall be filed as a
claim against Paper's estate;

v.    The modification of the automatic stay granted by this Order to take

00502931.002

13

effect immediately upon entry of this Order notwithstanding Rule

4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and

vi.    Granting such other and further relief as is just and proper.

Dated: November _10_, 2008                    Respectfully Submitted,
Bakersfield, California

/s/ T. Scott Belden
T. SCOTT BELDEN (CA Bar No. 184387)
Admitted *Pro hac vice*
Klein, DeNatale, Goldner,
  Cooper, Rosenlieb & Kimball, LLP
T. Scott Belden, Esq. (CA Bar No. 184387)
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone:  (661) 395-1000
Facsimile:  (661) 326-0418
Email:  SBelden@KleinLaw.com
Attorneys for Superior Pipelines, Inc.

00502931.002

14

Hearing Date & Time:  December 3, 2008, at 10:00 a.m.
Objection Deadline: November 28, 2008 at 4:00 p.m.

Klein, DeNatale, Goldner,
    Cooper, Rosenlieb & Kimball, LLP
T. Scott Belden, Esq. (CA Bar No. 184387)
Lisa Holder, Esq. (CA Bar No. 217752)
Attorneys for Superior Pipelines, Inc.
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone:  (661) 395-1000


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | (Chapter 11) |
| LEHMAN BROTHERS HOLDINGS, INC., et al. | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| Debtors. | |


**DECLARATION OF WALTER E. ALEXANDER IN SUPPORT OF
MOTION FOR RELIEF FROM STAY TO PROSECUTE
ADVERSARY PROCEEDING AGAINST LEHMAN COMMERCIAL PAPER,
INC., PENDING IN THE BANKRUPTCY COURT FOR THE EASTERN
DISTRICT OF CALIFORNIA AND FOR OTHER APPROPRIATE RELIEF**

I, WALTER E. ALEXANDER, declare as follows:

1.      I am an individual over the age of eighteen years and make this

declaration based upon my own personal knowledge except as otherwise described

below.

2.      If called upon to testify to the facts set forth herein, I could and would

competently testify thereto.

1

3.      Superior Pipelines, Inc. ("Superior"), plaintiff in the Removed Proceeding[1], is a California corporation and was incorporated in 1974.

4.      I am the president of Superior, and as president, I have access to and am a custodian of Superior's business records.

5.      Since 1975, Superior has maintained a Class A General Engineering Contractor's license from the State of California.  Superior's contractor's license number is 302046.

6.      Approximately 5 years ago, Superior obtained and has since that time maintained a Class B General Building Contractor's license from the State of California as well.

7.      Superior was duly licensed at all times that it performed the work alleged in this declaration and as alleged in the complaint filed by Superior in the superior court.

8.      Prior to 1987, Superior had its principal place of business in Sacramento, California.  In 1987, Superior moved its business to Bakersfield, Kern County, California, where it has engaged, and continues to engage, in the business of general contracting and supplying labor, services, equipment and material for the construction of underground and other site work improvements to real property.

9.      In or about March of 2006, Superior, under a written letter of intent with debtor LBREP/L-SunCal McAllister Ranch, LLC ("SunCal"), commenced work on a work of improvement known as McAllister Ranch ("the Property"), a residential development located east of Highway 43 and west of the future Allen Road extension on Panama Lane in Kern County, California.

10.     McAllister Ranch was designed to be a 2070-acre master planned community development, which was to include, among other features, a Greg Norman-designed golf course, a lake, and thousands of homes.  The Property was to be

---

[1]  All capitalized words in this declaration have the meaning ascribed to them in the Motion.

constructed on Debtor's real property located in Bakersfield, California, County of Kern, in the Eastern District of California judicial district, Fresno Division (the "Property").

11.    Debtor is and was the owner of McAllister Ranch, and intended to only cause the site improvements to be built before selling the entire development to a third party(ies).

12.    Debtor and Turman Construction Company, Inc. ("Turman") entered into an Earth work contract on or about July 28, 2005.  I am informed and believe that works of improvement on the Property related to the Property began on or about July 2005 when Turman began grading the road bases and lots for the Property.

13.    Between April 10, 2006, and September 28, 2007, Superior and Debtor entered into eight written contracts ("the Agreements") for the installation of "wet" utilities (e.g., storm drains, water system and sewer) and "dry" utilities (e.g., electric, cable, telephone and gas) on the Property.  Superior and Debtor also entered into one oral contract for the purchase of pipe to be used in connection with the Property.

14.    No money is owed by Debtor under the eighth written contract.

15.    Between approximately March of 2006 and December of 2007, Superior provided labor, services, equipment and material to the Property, including, but not limited to, purchasing and installing (a) storm drains, (b) a water system, (c) a sanitary sewer, (d) dry utilities, (e) wet utilities, and (e) street light bases.

16.    To date, Superior has provided labor, services, equipment and material to the Property in excess of $16,000,000.00.

17.    As of the date of this declaration, Superior has received $9,927,801.35 from Debtor for the labor, services, equipment and material Superior provided to the Property, leaving a current balance due and owing to Superior from Debtor under the oral contract and the Agreements in the amount of $6,385,162.41, exclusive of interest.

18.    Superior last provided labor, services, equipment and/or material to the Property on December 22, 2007, and the Property has been shut down since then.

3

19.    In or about March 2008, I was told by Sam Bowman, who I understood to be the project manager/superintendent on the Property on behalf of Debtor, that he was told by Mike Kane, Debtor's vice-president in Debtor's Bakersfield office, that Debtor was going to walk away from the Property and shut it down.

20.    Superior has only one office, which is located in Bakersfield, Kern County, California, and all payments that have been made by Debtor under the Agreements have been due at and delivered to that Bakersfield office.

21.    Construction at McAllister Ranch ceased when tradesmen were not being paid. Now, I believe that approximately $80 million in site improvements had been completed. Superior filed mechanics' liens against the Property on February 14, 2008, and amended mechanics' liens on April 2, 2008. True and correct copies of the amended mechanics' liens recorded in the Official Records of Kern County (the "Mechanics' Liens") are attached as Exhibit "1." Superior subsequently filed a complaint in the Superior Court of Kern County against Debtor and Lehman Commercial Paper, Inc. ("Lehman"), among others, for breach of contract and to foreclose its Mechanics' Liens.

22.    Key among Superior's claims in the state court complaint is that works of improvement commenced at the Property before Lehman recorded its first deed of trust, so that Superior's Mechanics' Liens have priority over the deeds of trust. Another key claim is that Debtor and Lehman failed to follow California law in the handling of the financing, resulting in Superior's Mechanics' Liens taking priority over the deeds of trust and UCC liens in any event.

23.    I certify that the facts described in this declaration are derived from (a) my personal knowledge or (b) records that were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters, which were kept in the course of the regularly conducted activity, and were made by the regularly conducted activity as a regular practice. I further certify that Superior's original documents or copies of recorded documents are in Superior's possession.

4

I declare under penalty of perjury and under the laws of California and the United States of America that the foregoing is true and correct. Executed this 14th day of October 2008 at Bakersfield, California.

WALTER E. ALEXANDER

00502931.000.DOC

Hearing Date & Time:  December 3, 2008, at 10:00 a.m.
Objection Deadline: November 28, 2008 at 4:00 p.m.

Klein, DeNatale, Goldner,
   Cooper, Rosenlieb & Kimball, LLP
T. Scott Belden, Esq. (CA Bar No. 184387)
Lisa Holder, Esq. (CA Bar No. 217752)
Attorneys for Superior Pipelines, Inc.
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone:  (661) 395-1000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | (Chapter 11) |
| LEHMAN BROTHERS HOLDINGS, INC., et al. | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| Debtors. | |

**DECLARATION OF T. SCOTT BELDEN IN SUPPORT OF**
**MOTION FOR RELIEF FROM STAY TO PROSECUTE ADVERSARY**
**PROCEEDING AGAINST LEHMAN COMMERCIAL PAPER, INC., PENDING**
**IN THE BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF**
**CALIFORNIA AND FOR OTHER APPROPRIATE RELIEF**

I, T. SCOTT BELDEN, declare as follows:

1.     I am an attorney duly admitted to practice law before all courts of the State of California and the United States District Courts for the Eastern, Southern, Central, and Northern Districts of California, and the Ninth Circuit Court of Appeals.  I am admitted to practice in this bankruptcy case, *pro hac vice*.

2.     I am a partner in the law firm of Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP ("Klein, DeNatale"), the law firm that represents Superior Pipelines, Inc.

1

3.     In addition to my federal court practice, I also practice in the Kern County Superior Court, the court where Superior first filed its complaint against Lehman Commercial Paper, Inc., ("Paper") and others.

4.     The courthouse where the superior court case was filed is located at 1415 Truxtun Avenue, Bakersfield, California (the "Superior Court"). The Bankruptcy Court for the Eastern District of California, Fresno Division, Bakersfield Courthouse (the "Bankruptcy Court"), is located two city blocks north of the Superior Court.

5.     Both the Superior Court and the Bankruptcy Court allow telephonic appearances by counsel and parties in interest at almost all hearings. The primary exception is evidentiary hearings, where counsel and witnesses must appear in person.

6.     According to a real property litigation guarantee obtained by Klein, DeNatale, the Property was reputedly financed by Paper and/or Lehman ALI, Inc. Lehman ALI, Inc., had not filed a petition under the Bankruptcy Code at the time of the filing of this Motion. Paper recorded three deeds of trust against the property, the first in the amount of $235,000.000.00, the second in the amount of $85,000,000.00, and third in the amount of $75,000,000.00. The first and second deeds of trust were recorded on January 23, 2006, and the third on February 9, 2007.

7.     A UCC lien search undertaken by Klein, DeNatale indicates that on January 20, 2006, Paper filed two Uniform Commercial Code liens—as first and second lien administrative agent—with the Delaware Secretary of State against "all assets" of SunCal. According to the California Secretary of State's Business Portal, SunCal is a Delaware limited liability company authorized to do business in California. On February 7, 2007, Paper filed a third Uniform Commercial Code lien—as third lien administrative agent—with the Delaware Secretary of State against "all assets" of SunCal.

8.     According to the litigation guarantee, Paper assigned the second deed of trust to Gramercy Warehouse Funding, LLC. Paper assigned the third deed of trust to Square Mile Structured Debt (One), LLC, and Square Mile Structured Debt (Two), LLC.

All assignments were recorded on April 22, 2008.

9.      After Superior initiated its case in superior court, Superior immediately sought a prejudgment writ of attachment, and Superior has an attachment lien against all property of Suncal that is subject to attachment under Cal. Code Civ. Proc. Section 488.510.  Superior attached approximately $1.2 million of Suncal's funds that are in the hands of a third party, McAllister Ranch Irrigation District ("MRID").  MRID disputes that the funds Superior attached are SunCal's property, and MRID continues to use those funds to operate—so the funds are eroding.

10.      Superior, Paper, and MRID were litigating MRID's claim to those funds in the superior court.  Paper's argument regarding its claim to the funds is articulated in the *Statement of Lehman Commercial Paper, Inc. Regarding Proceedings on Writ of Attachment as to Third Party McAllister Ranch Irrigation District* filed in the superior court.  The Statement, provided at Exhibit "D" to the Exhibits, is an exact copy of the Statement served on Klein, DeNatale by Paper's counsel.

11.      Superior also attached approximately $835,000 of Suncal's funds that were on deposit with Pacific Gas and Electric Company.  Those funds are not eroding.

12.      I have reviewed pleadings filed in the Central District of California SunCal case and the present action.  Those pleadings, capable of judicial notice, demonstrate the dates that various documents were filed with the respective courts.

13.      Three petitioning creditors filed an Involuntary Chapter 11 Petition against SunCal and several of its affiliates in the Central District of California, Santa Ana Division.  The Involuntary Petition against SunCal was filed on September 11, 2008, and given case number 8:08-bk-15637-ES, assigned to Bankruptcy Judge Erithe A. Smith.  At a hearing I attended on October 28, 2008, Judge Smith appointed a Chapter 11 trustee in the SunCal case.

14.      On October 1, 2008, Superior filed its Notice of Removal under Bankruptcy Rule 9027(a) to remove the superior court case to the United States

Bankruptcy Court, Eastern District of California, Fresno Division, Bakersfield Courthouse. The case was titled *In re LBREP/SunCal McAllister Ranch, LLC*, and assigned Eastern District case number 08-00104-B, and the removed case was assigned adversary proceeding number 08-01226-B.

15. Paper filed its Voluntary Chapter 11 Petition on October 5, 2008. According to the Epiq Systems website regarding the Lehman Brothers Holdings Inc., and related debtors bankruptcy cases, as of the time of the filing of the Motion, Lehman ALI, Inc., had not filed a bankruptcy petition.

16. Before SunCal was placed in involuntary bankruptcy, it had appeared and was defending the superior court case. Before Paper filed its Voluntary Petition, it had appeared and was defending the superior court case.

17. The copy of Exhibit "B" filed in support of the Motion, *Paper's Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. §362 (with supporting declarations)* in the SunCal case, pending in the Central District of California, is a true and accurate copy of the original documents my staff or I obtained from PACER. Exhibit "B" does not include the exhibits and memorandum of points and authorities filed with the Central District Bankruptcy Court, but they are available from my office or from PACER. On October 28, 2008, I attended the initial hearing on Paper's Motion in Santa Ana. The Court treated the hearing as a preliminary hearing and continued the hearing to November 20, 2008.

I declare under penalty of perjury and under the laws of California and the United States of America that the foregoing is true and correct. Executed this *10*th day of November 2008 at Bakersfield, California.

T. SCOTT BELDEN