Hearing Date & Time:  December 3, 2008, at 10:00 a.m.
Objection Deadline: November 28, 2008 at 4:00 p.m.

Klein, DeNatale, Goldner,
    Cooper, Rosenlieb & Kimball, LLP
T. Scott Belden, Esq. (CA Bar No. 184387)
Lisa Holder, Esq. (CA Bar No. 217752)
Attorneys for Superior Pipelines, Inc.
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone:  (661) 395-1000

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | |
| | (Chapter 11) |
| LEHMAN BROTHERS HOLDINGS, INC., et al. | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| Debtors. | |

## EXHIBITS IN SUPPORT OF MOTION FOR RELIEF FROM STAY TO PROSECUTE ADVERSARY PROCEEDING AGAINST LEHMAN COMMERCIAL PAPER, INC., PENDING IN THE BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND FOR OTHER APPROPRIATE RELIEF

(Remainder of this page intentionally blank.)

00502931.002

1

Exhibit "A"     First Amended Complaint
                (with exhibits referred to therein)

Exhibit "B"     Notice of Motion and Motion for Relief from the Automatic
                Stay Under 11 U.S.C. §362 (with supporting declarations)

Exhibit "C"     Pages 9-11 of Opposition to Motion for Relief from the
                Automatic Stay under 11 U.S.C. 362 filed by Lehman
                Commercial Paper Inc., as First Lien Administrative Agent

Exhibit "D"     Statement of Lehman Commercial Paper Inc. Regarding
                Proceedings on Writ of Attachment as to Third Party McAllister
                Ranch Irrigation District

Dated: November _10_, 2008            Respectfully Submitted,
Bakersfield, California

                                      /s/ T. Scott Belden
                                      T. SCOTT BELDEN (CA Bar No. 184387)
                                      Admitted *Pro hac vice*
                                      Klein, DeNatale, Goldner,
                                         Cooper, Rosenlieb & Kimball, LLP
                                      T. Scott Belden, Esq. (CA Bar No. 184387)
                                      4550 California Avenue, Second Floor
                                      Bakersfield, California 93309
                                      Telephone:  (661) 395-1000
                                      Facsimile:  (661) 326-0418
                                      Email:  SBelden@KleinLaw.com

                                      Attorneys for Superior Pipelines, Inc.

00502931.002                          2

**EXHIBIT A**

**EXHIBIT A**

**37**

1  BARRY L. GOLDNER, State Bar No. 107126
   T. SCOTT BELDEN, State Bar No. 184387
2  TERRENCE T. EGLAND, State Bar No. 240911
   KLEIN, DENATALE, GOLDNER,
3     COOPER, ROSENLIEB & KIMBALL, LLP
   4550 California Avenue, Second Floor
4  Bakersfield, California 93309
   P.O. Box 11172
5  Bakersfield, California 93389-1172
   Telephone: (661) 395-1000
6  Facsimile: (661) 326-0418

7  Attorneys for Plaintiff, Superior Pipelines, Inc.

8              **UNITED STATES BANKRUPTCY COURT**

9        **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| 10  In re | **Central District of California** |
| 11  LBREP/L-SUNCAL MCALLISTER RANCH, LLC, | Case No.  8:08-bk-15637-ES<br>Judge:  Erithe A. Smith |
| 12          Debtor. | **Eastern District of California** |
| 13  SUPERIOR PIPELINES, INC., a California corporation, | Case No. 08-00104-B<br>Judge:  W. Richard Lee |
| 14          Plaintiff, | Chapter 11 |
| 15          v. | Adv. Proc. No. 08-01226-B |
| 16  LBREP/L-SUNCAL MCALLISTER RANCH LLC, a Delaware limited liability company; PACIFIC GAS AND | **First Amended Complaint for:** |
| 17  ELECTRIC COMPANY, a California corporation; MCALLISTER RANCH | **1.    Breach of Contract** |
| 18  IRRIGATION DISTRICT, a local publicly owned electric utility; | **2.    Foreclosure on Mechanics' Lien** |
| 19  LEHMAN COMMERCIAL PAPER, INC., a Delaware corporation; | **3.    Injunctive Relief** |
| 20  LEHMAN ALI, INC., a Delaware corporation; GRAMERCY | **4.    Declaratory Relief under 11 U.S.C. §§ 362 and 541** |
| 21  WAREHOUSE FUNDING I, LLC, a Delaware limited liability company; | **5.    Declaratory Relief under 11 U.S.C. §§ 362 and 541** |
| 22  SQUARE MILE STRUCTURED DEBT (ONE), LLC, a Delaware limited | **6.    Determination of Nature, Extent, and Validity of Liens** |
| 23  liability company; SQUARE MILE STRUCTURED DEBT (TWO), LLC, a | **under 11 U.S.C. § 506** |
| 24  Delaware limited liability company; LBREP/L-SUNCAL MASTER I, LLC, | **7.    Equitable Subordination under 11 U.S.C. § 510(c)** |
| 25  a Delaware limited liability company; LBREP LAKESIDE SC MASTER I, | |
| 26  LLC, a Delaware limited liability company; SCC VENTURES, LLC, a | |
| 27  Delaware limited liability company; and DOES 7 through 100, inclusive, | |
| 28          Defendants. | |

00506858.000.DOC                     1                     First Amended Complaint

1   SUPERIOR PIPELINES, INC., a California corporation and petitioning creditor in the

2   above captioned involuntary Chapter 11 bankruptcy case of LBREP/L-SUNCAL

3   MCALLISTER RANCH, LLC, alleges against LBREP/L-SUNCAL MCALLISTER RANCH,

4   LLC, PACIFIC GAS AND ELECTRIC COMPANY, MCALLISTER RANCH IRRIGATION

5   DISTRICT, LEHMAN COMMERCIAL PAPER, INC., LEHMAN ALI, INC., GRAMERCY

6   WAREHOUSE FUNDING, LLC, SQUARE MILE STRUCTURED DEBT (ONE), LLC,

7   SQUARE MILE STRUCTURED DEBT (TWO), LLC, LBREP/L-SUNCAL MASTER I, LLC,

8   LBREP LAKESIDE SC MASTER I, LLC, SCC VENTURES, LLC, and DOES 7 through 100,

9   inclusive, the following:

**I.    Jurisdiction and Venue**

10      1.      GRAMERCY WAREHOUSE FUNDING, LLC, JOHN D. SCRIPTER *dba*

11  MASON PLUS, and KLASSEN CORPORATION filed an involuntary bankruptcy petition

12  against Debtor under Chapter 11 of the Bankruptcy Code on September 11, 2008.

13  LANDSCAPE DEVELOPMENT, INC., filed a joinder as petitioning creditor on September 29,

14  2008, and SUPERIOR PIPELINES, INC., filed its joinder as petitioning creditor on October 13,

15  2008.

16      2.      This adversary proceeding is brought by SUPERIOR PIPELINES, INC.

17  ("Superior"), under Rule 7001 of the Federal Rules of Bankruptcy Procedure ("F.R.B.P.") and

18  seeks damages for breach of contract, foreclosure on mechanics' lien, a declaration that

19  Superior's mechanics' liens with respect to the real property described below take priority over

20  defendants' deeds of trust against the real property, a declaration that Superior's attachment lien

21  obtained in the Superior Court of California takes priority over any security interest in personal

22  property held by defendants, a determination regarding the nature, extent, and validity of liens,

23  and equitable subordination under 11 U.S.C. section 510(c).

24      3.      This adversary proceeding is a "core" proceeding under 28 U.S.C. §

25  157(b)(2)(K).

26      4.      Jurisdiction in this Court is proper under 28 U.S.C. § 1334.

27      5.      Venue in this Court is proper under 28 U.S.C. § 1409(a).

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

## II.    Parties

6.    SUPERIOR PIPELINES, INC. ("Superior"), is, and at all times mentioned in this first amended complaint was, a corporation organized and existing under the laws of the State of California, Inc. and engaged in the business of general contracting and supplying labor, services, equipment and material for the construction of underground and other site work improvements. At all times herein mentioned, Superior, whose principal place of business is located in Bakersfield, in the County of Kern, State of California, was and now is duly licensed by the State of California to perform the work described in this first amended complaint.

7.    Superior is informed and believes, and thereon alleges, that debtor LBREP/L-SUNCAL McALLISTER RANCH LLC ("Debtor") is now, and at all times mentioned in this first amended complaint was, a Delaware limited liability company, with its principal place of business in Woodland Hills, Los Angeles County, California.  Superior is further informed and believes, and thereon alleges, that defendant Debtor is now, and at all times mentioned in this first amended complaint was, the owner of the real property that is the subject matter of the within action ("the Property") and a related entity to LEHMAN COMMERCIAL PAPER, INC., LEHMAN ALI, INC., and other Lehman Brothers entities.  On October 28, 2008, ALFRED H. SIEGEL was appointed Chapter 11 Trustee in Debtor's bankruptcy case and the jointly administered cases of LBREP/L-SUNCAL MASTER I, LLC,  LBREP/L-SUNCAL MCSWEENEY FARMS, LLC, and LBREP/L-SUNCAL SUMMERWIND RANCH, LLC. Superior is further informed and believes, and thereon alleges, that "LBREP" is an acronym that stands for "Lehman Brothers Real Estate Partners."

8.    The Property is located in Bakersfield, Kern County, California and is commonly known as McAllister Ranch.  The Property is legally described as set forth in attached Exhibit "A", which Exhibit is incorporated herein by reference, and is identified as APNs 537-010-, -40, -42, -47, -50, -54, -56, -59; 537-020-01 through -08; 537-020-10 through 18; 537-020-20; 537-020-21; 537-020-23 through -32 (erroneously identified in Exhibit "A" as 527-020-23 through -32), and 537-030-01 through -35.

9.    Superior is informed and believes, and thereon alleges, that defendant LEHMAN

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

1   COMMERCIAL PAPER, INC. ("Lehman Commercial") is now, and at all times mentioned in

2   this first amended complaint was, a corporation organized and existing under the laws of the

3   State of Delaware, and the administrative agent for "several banks and other financial

4   institutions or entities from time to time" and beneficiary under the first deed of trust recorded

5   against the Property.  Superior is further informed and believes, and thereon alleges, that

6   Lehman Commercial is a related entity to Debtor and other Lehman Brothers entities.

7          10.     Superior is informed and believes, and thereon alleges, that defendant LEHMAN

8   ALI, INC. ("Lehman ALI") is now, and at all times mentioned in this first amended complaint

9   was, a corporation organized and existing under the laws of the State of Delaware, and one of

10   the reputed lenders on the project described in this complaint.  Superior is further informed and

11   believes, and thereon alleges, that Lehman ALI is a related entity to Debtor and other Lehman

12   Brothers entities.

13          11.     Defendants Lehman Commercial and Lehman ALI, along with other as yet

14   unknown Lehman Brothers entities, are collectively referred to herein as "Lehman."

15          12.     Superior is informed and believes, and thereon alleges, that as DOE 1, defendant

16   GRAMERCY WAREHOUSE FUNDING, LLC. ("Gramercy") is now, and at all times

17   mentioned in this first amended complaint was, a limited liability company organized and

18   existing under the laws of the State of Delaware, and the administrative agent and beneficiary

19   under the second deed of trust recorded against the Property.

20          13.     Superior is informed and believes, and thereon alleges, that as DOE 2, defendant

21   SQUARE MILE STRUCTURED DEBT (ONE), LLC ("Square Mile One"), is now, and at all

22   times mentioned in this first amended complaint was, a limited liability company organized and

23   existing under the laws of the State of Delaware, and the administrative agent and beneficiary

24   under the second deed of trust recorded against the Property.

25          14.     Superior is informed and believes, and thereon alleges, that as DOE 3, defendant

26   SQUARE MILE STRUCTURED DEBT (TWO), LLC ("Square Mile Two"), is now, and at all

27   times mentioned in this first amended complaint was, a limited liability company organized and

28   existing under the laws of the State of Delaware, and the administrative agent and beneficiary

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

1    under the third deed of trust recorded against the Property. Square Mile One and Square Mile

2    Two are collectively referred to herein as "Square Mile."

3       15.  Superior is informed and believes, and thereon alleges, that defendant

4    MCALLISTER RANCH IRRIGATION DISTRICT ("MRID") is now, and at all times relevant

5    herein, was a local publicly owned electric utility, with its principal place of business in Kern

6    County, California.

7       16.  Superior is informed and believes, and thereon alleges, that defendant PACIFIC

8    GAS AND ELECTRIC COMPANY ("PG&E") is now, and at all times relevant herein, was a

9    corporation organized and existing under the laws of the State of California, with its principal

10    place of business in San Francisco, California.

11       17.  Defendant PG&E is named solely herein as a nominal defendant for purposes of

12    obtaining preliminary and permanent injunctive relief against Debtor and in relation to assets of

13    Debtor.

14       18.  Superior is informed and believes, and thereon alleges, that as Doe 4, defendant

15    LBREP/L-SUNCAL MASTER I, LLC ("SunCal Master"), is now, and at all times mentioned in

16    this first amended complaint was, a limited liability company organized and existing under the

17    laws of the State of Delaware, and that Debtor is a wholly owned subsidiary of SunCal Master.

18       19.  Superior is informed and believes, and thereon alleges, that as Doe 5, defendant

19    LBREP LAKESIDE SC MASTER I, LLC ("Lakeside"), is now, and at all times mentioned in

20    this first amended complaint was, a limited liability company organized and existing under the

21    laws of the State of Delaware, and that Lakeside is a majority equity holder of SunCal Master.

22       20.  Superior is informed and believes, and thereon alleges, that as Doe 6, defendant

23    SCC VENTURES, LLC ("Ventures"), is now, and at all times mentioned in this first amended

24    complaint was, a limited liability company organized and existing under the laws of the State of

25    Delaware, and that Lakeside is an minority equity holder of SunCal Master.

26       21.  LBREP/L-SUNCAL MCALLISTER RANCH, LLC, LBREP/L-SUNCAL

27    MASTER I, LLC, LBREP LAKESIDE SC MASTER I, LLC, and SCC VENTURES, LLC, are

28    collectively referred to herein as "SunCal."

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

22.     Superior is unaware of the true names, capacities, or basis for liability of defendants DOES 7 through 100, inclusive, and therefore sues said defendants by their fictitious names. Superior will further amend this first amended complaint to allege their true names, capacities or basis for liability when the same has been ascertained. Superior is informed and believes, and thereon alleges, that DOES 7 through 20, inclusive, claim some title to the Property. Superior is further informed and believes, and thereon alleges, that DOES 4 through 75 have or claim some right or interest in the PROPERTY, which right or interest is subordinate or equal to the claim of Superior as alleged herein. Superior is informed and believes, and thereon alleges, that DOES 10 through 20 and 60 through 100 are responsible, in some manner, for the damages sustained by Superior as alleged herein either directly or as alter-egos, co-venturers, agents or otherwise.

**III.     General Allegations**

23.     Superior realleges and incorporates by reference each allegation of paragraphs 1 through 22, inclusive, as if all were fully set forth herein.

24.     Commencing in or about April of 2006 and continuing thereafter, Superior and Debtor entered into a series of written contracts ("the Agreements"), as well as one oral contract, in which Superior (1) was identified as the "Contractor", and (2) agreed to furnish labor, services, equipment and material for a single work of improvement on the Property ("the Project") for an agreed price in excess of $18,000,000.00, inclusive of agreed upon change orders, which Debtor agreed to pay. The Property is located in, and the Agreements and oral contract were entered into in, the State of California, County of Kern, in the Eastern District of California judicial district, Fresno Division. The whole of the Property and the entire estate of Debtor in the Property are required for the convenient use and occupation of the work of improvement.

25.     Superior is informed and believes, and thereon alleges, that Construction began on the Project in January 2005 by Turman Construction Company. Between March of 2006 and December of 2007, pursuant to the oral agreement and the Agreements, or at the special instance and request of Debtor, or its agents, Superior furnished labor, services, equipment and material

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

1    that were used and intended to be used in connection with the Project.  The Project was to result

2    in a 2,070-acre master-planned-community development in Bakersfield, California, which

3    included plans for over one thousand homes, a Greg Norman-designed golf course, a lake,

4    clubhouses, and parks, all commonly know as McAllister Ranch and owned by Debtor.

5        26.    Construction at McAllister Ranch ceased in or about December 2007.  Superior

6    timely recorded mechanic's liens against the Property (discussed more fully below), and in

7    April 2008 filed a complaint in the Superior Court of Kern County, located in Bakersfield,

8    California (the "Superior Court"), against Debtor, Lehman, and others, for breach of contract

9    and to foreclose its mechanic's liens, and for other appropriate relief.  Following the filing of the

10   involuntary bankruptcy case against Debtor on September 11, 2008, Superior filed its Notice of

11   Removal of the Superior Court case to this Court on October 1, 2008.

**IV.    Claims for Relief**

12

**A.    First Claim for Relief—Breach of Contract against Debtor only**

13

14       27.    Superior realleges and incorporates by reference each and every allegation of

15   paragraphs 1 through 22 and 24 through 26 as if all were fully set forth in this Claim for Relief.

16       28.    Debtor breached the oral contract and the Agreements in that Debtor has failed to

17   pay Superior the full amount due and owing under the oral contract and the Agreements, and

18   there is now due, owing, and unpaid since October 15, 2007, a balance of $6,385,162.41, plus

19   interest at the legal rate.

20       29.    Superior performed all things necessary and required of Superior under the oral

21   contract and the Agreements, except to the extent that Superior was excused from performing by

22   the breaches of Debtor alleged above.

23       30.    As a result of said breaches of the oral contract and the Agreements, Superior has

24   been damaged in the sum of $6,385,162.41, plus interest at the legal rate, and in such additional

25   sums as will be proven at trial.

**B.    Second Claim for Relief—Foreclosure on Mechanics' Lien against all**

26

**Defendants except PG&E and MRID**

27

28       31.    Superior realleges and incorporates by reference paragraphs 1 through 22, 24

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

1  through 26, and 28 through 30 as if all were fully set forth in this Claim for Relief.

2      32.    As a "Contractor" within the meaning of Civil Code, Section 3097, Superior was

3  not required to serve a 20-day preliminary notice to the owner of the Property or any lender on

4  the Property.

5      33.    On or about February 14, 2008, Superior timely caused mechanics' liens to be

6  recorded against the Property. Thereafter, on or about April 2, 2008, Superior timely caused

7  amended mechanics' liens to be recorded against the Property. True and correct copies of the

8  amended mechanics' liens recorded in the Official Records of Kern County are attached hereto

9  as Exhibit "B" and are incorporated herein by reference. The mechanics' liens and amended

10  mechanics' liens are hereinafter collectively referred to as "the Mechanics' Liens."

11      34.    The labor, services, equipment, and material furnished by Superior, for which

12  Debtor has not paid, has a reasonable and current market value of $6,385,162.41, which Debtor

13  agreed to pay, and which remained unpaid at the time the Mechanics' Liens were recorded and

14  the time this action was filed.

15      35.    The oral contract and the Agreements provide for lump sum payments to be paid

16  on the work of improvement on the Property as a whole, and the Agreements do not segregate

17  the amount due for any individual parcels.

18      36.    At the time Superior recorded the Mechanics' Liens, the amount stated in the

19  Mechanics' Liens remained owing, and unpaid. The cost of verifying and recording the

20  Mechanics' Liens was $198.00, no part of which has been paid.

21      37.    Superior is informed and believes, and thereon alleges, that on or about January

22  23, 2006, Lehman caused two deeds of trust to be recorded against the Property, wherein

23  Lehman Commercial was identified as the administrative agent and beneficiary, and which

24  secured monetary obligations in the following amounts: $235,000,000 ("the First Deed of

25  Trust"), and $85,000,000 ("the Second Deed of Trust"). Superior is further informed and

26  believes, and thereon alleges, that on or about February 9, 2007, defendant Lehman caused a

27  third deed of trust to be recorded against the Property ("the Third Deed of Trust"), which

28  secured a monetary obligation in the amount of $75,000,000.

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

38.    Superior is informed and believes, and thereon alleges, that on or about April 22, 2008, Gramercy caused an assignment of the beneficial interest under the Second Deed of Trust to be recorded against the Property, wherein Gramercy was identified as the assignee of Lehman Commercial's rights as administrative agent and beneficiary under the Second Deed of Trust.

39.    Superior is informed and believes, and thereon alleges, that on or about April 22, 2008, Square Mile caused an assignment of the beneficial interest under the Third Deed of Trust to be recorded against the Property, wherein Square Mile was identified as the assignee of Lehman Commercial's rights as administrative agent and beneficiary under the Third Deed of Trust.

40.    Superior is informed and believes, and thereon alleges, that work on the Project first commenced in or around July 25, 2008, and prior to the recording of the First Deed of Trust, the Second Deed of Trust, or the Third Deed of Trust, and that Superior's work on the Project relates back to the date upon which work on the Project first commenced, thereby entitling Superior to priority over each of the referenced deeds of trust.

41.    Superior is further informed and believes, and thereon alleges, that the credit agreement secured by the Second Deed of Trust was obtained for the sole or primary purpose of financing site improvements at the Property, and that Debtor, SunCal, and Lehman failed to satisfy the requirements of Civil Code, Section 3137, in regard to the handling of the proceeds obtained under that credit agreement, thereby providing a separate basis for the Mechanics' Liens obtaining priority over the Second Deed of Trust.

42.    Superior is further informed and believes, and thereon alleges, that little to no portion of the funds obtained by the credit agreement secured by the First Deed of Trust were used to improve the Property, but rather, were part of a plan and scheme of defendants Debtor, SunCal, and Lehman, and DOES 10 through 20 and 60 through 100, inclusive, to (1) circumvent the protections afforded to mechanics under Section 3137 of the Civil Code, and (2) over leverage the Project, while at the same time knowing that all mechanics on the Project could not and would not be paid.  As an example, but without limitation, Superior is informed and believes, and thereon alleges, that of the $235 million obligation secured by the First Deed of

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

Trust, $144 million of the funds were declared a dividend by Lehman and distributed to SunCal

Master's equity holders, defendants Lakeside and Ventures, without consideration, and that

$116 million of that dividend was transferred to Lakeside. Based on the foregoing, Superior

alleges that the Mechanics' Liens have a separate basis for obtaining priority over the First Deed

of Trust.

43.    Superior is further informed and believes that the Mechanics' Liens have priority

over the claims of the named defendants, and DOES 4 through 100, to the extent their work

cannot relate back to the date upon which work first commenced on the Project, the claims are

defective, or the claims are otherwise junior to the Mechanics' Liens.

**C.    Third Claim for Relief—Injunctive Relief**

44.    Superior realleges and incorporates by reference paragraphs 1 through 22, 24

through 26, 28 through 30, and 32 through 43 as if all were fully set forth in this Claim for

Relief.

45.    After Superior initiated its case in Superior Court and prior to removal, Superior

immediately sought a prejudgment writ of attachment, and Superior has an attachment lien

dated April 15, 2008, against all property of Debtor that is subject to attachment under Cal.

Code Civ. Proc. Section 488.500 (the "Attachment Lien"). A true and correct copy of the Writ

of Attachment is attached as Exhibit "C" and is incorporated here by this reference. Superior

attached approximately $1.2 million of Debtor's funds that are in the hands of MRID. MRID

disputes that the funds Superior attached are Debtor's property, and MRID continues to use those

funds to operate—so the funds are eroding.

46.    Prior to removal of this case from the Superior Court, Superior also attached

approximately $835,000 of Debtor's funds that were on deposit with PG&E, which funds are

currently being held by the Kern County Sherriff.

47.    Superior is informed and believes, and thereon alleges, that defendants Lehman,

SunCal, MRID, and DOES 4 through 100, inclusive, are in possession, custody, or control of

certain assets of Debtor, including, but not limited to, deposits, advances, or other monies held

in the name of or for the benefit of Debtor.

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

48.     Superior is further informed and believes, and thereon alleges, that absent the issuance (or continuation) of a preliminary and permanent injunction as requested herein (or previously granted by the Superior Court), the assets of Debtor will or are likely to be diminished, impaired, or otherwise disposed of by defendants.

**D.     Fourth Claim for Relief—Declaratory Relief against all defendants except MRID and PG&E under 11 U.S.C. §§ 362 and 541**

49.     Superior realleges and incorporates by reference paragraphs 1 through 22, 24 through 26, 28 through 30, 32 through 43, and 45 through 48 as if all were fully set forth in this Claim for Relief.

50.     An actual controversy has arisen and now exists between Superior and defendants regarding their respective interests in the Property.

51.     Lehman, Gramercy, and Square Mile hold three deeds of trust against the Property in the sum of $395,000,000.  The First Deed of Trust and Second Deed of Trust, securing monetary obligations in the amounts of $235,000,000 and $85,000,000 respectively, were recorded against the Property on or about January 23, 2006.  The Third Deed of Trust, securing a monetary obligation in the amount of $75,000,000, was recorded against the Property on or about February 9, 2007.

52.     Superior is informed and believes, and thereon alleges, that work on the Project first commenced prior to the recording of the First Deed of Trust, the Second Deed of Trust, and the Third Deed of Trust, and that Superior's work on the Project relates back to the date upon which work on the Project first commenced.  Accordingly, Superior's Mechanics' Liens take priority over each of the referenced deeds of trust.

53.     Further, Superior is further informed and believes, and thereon alleges, that the credit agreement secured by the Second Deed of Trust was obtained for the sole or primary purpose of financing site improvements at the Property, and that Debtor and Lehman failed to satisfy the requirements of Civil Code, Section 3137, in regard to the handling of the proceeds obtained under that credit agreement, thereby providing a separate basis for the Mechanics' Liens obtaining priority over the Second Deed of Trust.

54.    Moreover, Lehman's, Gramercy's, and Square Mile's interests in the deeds of trust should be wholly subordinated to Superior's Mechanics' Liens.  Superior is informed and believes, and thereon alleges, that little to no portion of the funds obtained by the credit agreement secured by the First Deed of Trust were used to improve the Property, but rather, were part of a plan and scheme of Debtor, Lehman, and DOES 10 through 20 and 60 through 100, inclusive to (1) circumvent the protections afforded to mechanics under Section 3137 of the Civil Code, and (2) over leverage the Project, while at the same time knowing that all mechanics on the Project would not be paid.  As an example, but without limitation, Superior is informed and believes, and thereon alleges, that of the $235 million obligation secured by the First Deed of Trust, $144 million of the funds were declared a dividend by Lehman and distributed to SunCal Master's equity holders, defendants Lakeside and Ventures, without consideration, and that $116 million of that dividend was transferred to Lakeside.  Accordingly, Superior's Mechanics' Liens take priority over Lehman's, Gramercy's, and Square Mile's deeds of trust.

55.    Superior desires a judicial determination of its interests in the Property, and a declaration as to the priority of its duly filed Mechanics' Liens in relation to the interests of Lehman, Gramercy, Square Mile, Debtor, and Does 7 through 100.  Superior believes such a declaration is necessary and appropriate at this time under all of the circumstances.

**E.    Fifth Claim for Relief—Declaratory Relief against MRID and Lehman only under 11 U.S.C. §§ 362 and 541**

56.    Superior realleges and incorporates by reference paragraphs 1 through 22, 24 through 26, 28 through 30, 32 through 43, 45 through 48, and 50 through 55 as if all were fully set forth in this Claim for Relief.

57.    An actual controversy has arisen and now exists between Superior, MRID, and Lehman regarding their respective interests in certain assets of Debtor, including, but not limited to, deposits, advances, or other monies held in the name of or for the benefit of Debtor (the "Funds").

58.    MRID claims that the Funds are not property of Debtor's bankruptcy estate, but are instead the property of MRID.

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

59.    Lehman claims that it holds a security interest in the Funds by virtue of Lien Guarantee and Collateral Agreements ("Guarantees") by which Debtor and other SunCal entities guaranteed the debt secured by the Deeds of Trust.  Under the Guarantees, Debtor purportedly granted Lehman security interests in substantially all of Debtor's personal-property assets. Public records reveal that on January 20, 2006, Lehman Commercial filed two Uniform Commercial Code liens—as first and second lien administrative agent—with the Delaware Secretary of State against "all assets" of Debtor.  According to the California Secretary of State's Business Portal, Debtor is a Delaware limited liability company authorized to do business in California.  On February 7, 2007, Lehman Commercial filed a third Uniform Commercial Code lien—as third lien administrative agent—with the Delaware Secretary of State against "all assets" of Debtor.  Lehman asserts that its security interests were perfected by the filing of these UCC-1 filing statements with the Delaware Secretary of State and that they take priority over Superior's Attachment Lien in the Funds.

60.    Superior asserts that the Funds held by MRID are property of Debtor's bankruptcy estate and subject to Superior's Attachment Lien.  Superior further asserts that its Attachment Lien has priority over the Guarantees and associated UCC-1 filing statements because Lehman's interests, if any, should be wholly subordinated to Superior's Attachment Lien.  Superior is informed and believes, and thereon alleges, that little to no portion of the funds obtained by the credit agreement, guaranteed by the Guarantees and secured by the UCC-1 filing statements, were used to improve the Property, but rather, were part of a plan and scheme of Debtor, Lehman, and DOES 10 through 20 and 60 through 100, inclusive to over leverage the Project.  Accordingly, Superior's Attachment Lien takes priority over Lehman's security interests in Debtor's personal property.

61.    Superior desires a judicial determination of its interest in the Funds, a declaration as to whether the Funds are property of the Debtor's bankruptcy estate, and the priority of interests in the Funds.  Superior believes such a declaration is necessary and appropriate at this time under all of the circumstances.

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

**F.      Sixth Claim for Relief—Determination of Nature, Extent, and Validity of Liens Against Lehman, Gramercy, and Square Mile**

62.      Superior realleges and incorporates by reference paragraphs 1 through 22, 24 through 26, 28 through 30, 32 through 43, 45 through 48, 50 through 55, and 57 through 61 as if all were fully set forth in this Claim for Relief.

63.      Superior prays for an order and judgment determining that the liens represented by Lehman's, Gramercy's, and Square Mile's deeds of trust against the Property are invalid and do not encumber either (a) the Property, or (b) the proceeds from the sale of the Property; or, at a minimum, that Lehman's, Gramercy's, and Square Mile's deeds of trust are subordinate to Superior's Mechanics' Liens.

64.      Superior also prays for an order and judgment determining that the lien represented by Lehman's UCC-1 filing statements and security interests in Debtor's personal property are invalid and do not encumber the Funds held by MRID or PG&E, or, at a minimum, that Lehman's security interests in Debtor's personal property are subordinate to Superior's Attachment Lien.

65.      A judicial declaration is necessary and appropriate at this time under the circumstances in order that Superior may ascertain its rights and duties with respect to the Property and the Funds.

**G.      Seventh Claim for Relief—Equitable Subordination under 11 U.S.C. § 510(c) Against Lehman, Gramercy, and Square Mile**

66.      Superior realleges and incorporates by reference paragraphs 1 through 22, 24 through 26, 28 through 30, 32 through 43, 45 through 48, 50 through 55, 57 through 61, and 63 through 65 as if all were fully set forth in this Claim for Relief.

67.      For the reasons stated herein, and to the extent that Lehman, Gramercy, Square Mile, or SunCal hold any allowable claim or interest in the Property or the Funds, such interests should be subordinated, for purposes of distribution, to Superior's Mechanics' Liens and Superior's Attachment Lien because of Lehman's, SunCal's, and Debtor's fraudulent and inequitable conduct toward Superior, which is described more fully above.

KLEIN, DeNATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

## IV.    Prayer for Relief

WHEREFORE, SUPERIOR PIPELINES, INC., demands judgment as follows:

**First Claim for Relief:**

A.    For judgment against Debtor in the sum of $6,385,162.41 in favor of Superior, together with interest provided by law from October 15, 2007, until paid, plus attorney's fees and costs of suit.

**Second Claim for Relief:**

B.    For judgment that the sum of $6,385,162.41, together with interest provided by law until paid, the further sum of $198.00 for verifying and recording the Mechanics' Liens, and costs incurred by Superior in bringing this action, be adjudged and decreed to be a lien on the real property described in this complaint.

C.    That the demands of Superior and all persons having claims of lien, or any interest in the real property described in this complaint, be ascertained and adjudged, and that the interests of Debtor, Lehman, Gramercy, and Square Mile, SunCal Master, Lakeside, Ventures, and any persons claiming under them, be sold under the decree of this court to satisfy the amount of the lien ascertained and adjudged in favor of Superior.

(1)    That if any deficiency results from the sale of the real property under this court's decree, that Superior has judgment for such deficiency against Debtor.

(2)    That the court clerk be directed to docket and enter the personal judgment demanded in paragraph A, above, independently of any deficiency judgment that may be entered after sale of the real property under the court's decree.

**Third Claim for Relief:**

D.    For judgment that Debtor and defendants, and each of them, shall refrain from transferring, selling, encumbering, or disposing of any assets of Debtor including, but not limited to, deposits, advances, or other monies held in the name of or for the benefit of Debtor.

**Fourth Claim for Relief:**

E.    For a declaration that Superior's Mechanics' Liens with respect to the Property take priority over Lehman's, Gramercy's, and Square Mile's deeds of trust against the Property.

**Fifth Claim for Relief**:

F.    For a declaration that the Funds including, but not limited to, deposits, advances, or other monies held in the name of or for the benefit of Debtor are property of the Debtor's bankruptcy estate and that Lehman Commercial's security interest in personal property is equitably subordinated to Superior's Attachment Lien.

**Sixth Claim for Relief**:

G.    For a determination that Superior's Mechanics' Liens with respect to the Property take priority over Lehman, Gramercy, and Square Mile's deeds of trust against the Property.

H.    For a determination that Superior's Attachment Lien with respect to the Funds takes priority over Lehman Commercial's security interests in personal property of the Debtor.

**Seventh Claim for Relief**:

I.    For a determination that Lehman's, Gramercy's, and Square Mile's deeds of trust against the Property are equitably subordinated to Superior's Mechanics' Liens with respect to the Property;

J.    For judgment that Lehman Commercial's security interests in the Funds are equitably subordinated to Superior's Attachment Lien in the Funds; and/or

K.    For a determination that the liens of Lehman, Lehman Commercial, Gramercy, and Square Mile are property of the bankruptcy estate of Debtor.

**All Claims for Relief**:

L.    For such other and further relief that the court considers just and proper.

Date: November ____, 2008

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP


By _/s/ T. Scott Belden_
   T. SCOTT BELDEN, Attorneys for Plaintiff,
   Superior Pipelines, Inc.

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

# EXHIBIT "A"
## McAllister Ranch

**PARCEL 1**:  That portion of Section 16, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, including Lots 20, 30 and 31 thereof, as shown upon the Sales Map of Lands of Kern County Land Company dated May 23, 1892 and recorded May 28, 1892 in the Office of the Kern County Recorder, lying Westerly and Southwesterly of the lands conveyed to Southern Pacific Railroad Company, a corporation, in Deeds recorded October 21, 1893 and July 2, 1894, in Book 47, Page 356 of Deeds and in Book 54, Page 262 of Deeds, respectively.

EXCEPTING THEREFROM that portion thereof conveyed to the City of Bakersfield, in Deeds recorded December 30, 1976 in Book 4999, Pages 431 and 436 of Official Records.

**PARCEL 2**:  All of Section 21, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion thereof conveyed to the Southern California Gas Company, a California corporation, in Grant Deed recorded July 28, 1980 in Book 5301, Page 1695 of Official Records, described as follows:   A three-dimensional parcel of land commencing at a point 1000 feet below the surface of the hereinafter described tracts and extending to a depth of 8,500 feet below the surface of the ground in and under the following described tracts of land, to wit:  The SW 1/4 of the SW 1/4; the W 1/2 of the SE 1/4 of the SW 1/4; the SE 1/4 of the SE 1/4 of the SW 1/4.

**PARCEL 3**:  All of Section 22, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

**PARCEL 4**:  All of Section 23, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM all of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

**PARCEL 5**:  Lots 1 through 8, inclusive, Lots 10 through 18, inclusive, Lots 20 and 21, and Lots 23 through 32, inclusive, of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM all interests in Parcels 1 to 5 conveyed to Tenneco Oil Company, a Delaware corporation, in assignment and conveyance thereof recorded November 18, 1988 in Book 6183, Page 1167 of Official Records, which interest can be briefly summarized as all oil, gas and other liquid and gaseous hydrocarbons and in addition thereto carbon dioxide, hydrogen, helium, nitrogen, methane, sulfur (in each case in either liquid or gaseous form) and any other liquid or gaseous substances, inert or otherwise, or any of them, and any minerals or other substances produced in association therewith ("hydrocarbons") in, on or under the premises, together with all rights, privileges, duties and responsibilities in any way related thereto.  Grantee acknowledges that this reservation is fully set forth in the conveyance referred to above and that it takes title subject to that conveyance and not subject to this summary which is for convenience only.  Said assignment and conveyance was clarified by First Amendment thereof recorded January 17, 1989 in Book 6200, Page 1908 of Official Records.

APNs:
537-010-, -40, -42, -47, -50, -54, -56, -59;
537-020-01 through -08; 537-020-10 through 18; 537-020-20; 537-020-21; 527-020-23 through -32;
537-030-01 through -35.

Exhibit_____ _A_

Page_____ _17_                                   00474277.008.DOC

RECORDING REQUESTED BY
Superior Pipelines, Inc.

AND WHEN RECORDED MAIL TO:
Barry L. Goldner
Klein, DeNatale, Goldner,
    Cooper, Rosenlieb & Kimball, LLP
PO Box 11172
Bakersfield, CA  93389-1172

**James W. Fitch, Assessor – Recorder**    TELFORDT
Kern County Official Records                 4/02/2008
Recorded at the request of                   10:26 AM
Public

DOC#:    **0208051365**    | Stat Types: 1 | Pages:  2

| Fees  | 11.00 |
| Taxes | 0.00 |
| Others | 0.00 |
| PAID | $11.00 |

## AMENDED MECHANIC'S LIEN

The undersigned **Superior Pipelines, Inc.**, Claimant, hereby amends the Mechanic's Lien previously recorded on **February 14, 2008, as Document Number 0208023212**, to clarify the property description, as follows:

Claimant claims a mechanic's lien upon the real property located in the City of Bakersfield, County of Kern, State of California, commonly referred to as McAllister Ranch, and as more particularly described in Exhibit "A."

The sum of $1,573,664.73 together with interest thereon at the rate of 10% percent per annum from October 15, 2007, is due claimant (after deducting all just credits and offsets) for work, materials and labor furnished by Claimant for the construction of storm drain and water system, and misc items.

The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the labor, service, equipment and/or materials is LBREP/L-Suncal McAllister Ranch, LLC, a Delaware Limited Liability Company.

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are:  **LBREP/L-SunCal McAllister Ranch, LLC**, a Delaware Limited Liability Company, 21900 Burbank Blvd., Suite 114, Woodland Hills, CA  91367.

Superior Pipelines, Inc.

By:_____
    Walter E. Alexander, President

### VERIFICATION

I, the undersigned, say I am the President of the Claimant of the foregoing mechanic's lien.  I have read said claim of mechanic's lien and know the contents thereof; and the same is true to my own knowledge.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____    _____
                              Walter E. Alexander

Exhibit____ B
1
Page_____ 18                                    00474277.008.DOC

## EXHIBIT "A"
### McAllster Ranch

PARCEL 1:  That portion of Section 16, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, including Lots 20, 30 and 31 thereof, as shown upon the Sales Map of Lands of Kern County Land Company dated May 23, 1892 and recorded May 28, 1892 in the Office of the Kern County Recorder, lying Westerly and Southwesterly of the lands conveyed to Southern Pacific Railroad Company, a corporation, in Deeds recorded October 21, 1893 and July 2, 1894, in Book 47, Page 356 of Deeds and in Book 54, Page 262 of Deeds, respectively.

EXCEPTING THEREFROM that portion thereof conveyed to the City of Bakersfield, in Deeds recorded December 30, 1976 in Book 4999, Pages 431 and 436 of Official Records.

PARCEL 2:  All of Section 21, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion thereof conveyed to the Southern California Gas Company, a California corporation, in Grant Deed recorded July 28, 1980 in Book 5301, Page 1695 of Official Records, described as follows:  A three-dimensional parcel of land commencing at a point 1000 feet below the surface of the hereinafter described tracts and extending to a depth of 8,500 feet below the surface of the ground in and under the following described tracts of land, to wit:  The SW 1/4 of the SW 1/4; the W 1/2 of the SE 1/4 of the SW 1/4; the SE 1/4 of the SE 1/4 of the SW 1/4.

PARCEL 3:  All of Section 22, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

PARCEL 4:  All of Section 23, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM all of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

PARCEL 5:  Lots 1 through 8, inclusive, Lots 10 through 18, inclusive, Lots 20 and 21, and Lots 23 through 32, inclusive, of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM all interests in Parcels 1 to 5 conveyed to Tenneco Oil Company, a Delaware corporation, in assignment and conveyance thereof recorded November 18, 1988 in Book 6183, Page 1167 of Official Records, which interest can be briefly summarized as all oil, gas and other liquid and gaseous hydrocarbons and in addition thereto carbon dioxide, hydrogen, helium, nitrogen, methane, sulfur (in each case in either liquid or gaseous form) and any other liquid or gaseous substances, inert or otherwise, or any of them, and any minerals or other substances produced in association therewith ("hydrocarbons") in, on or under the premises, together with all rights, privileges, duties and responsibilities in any way related thereto.  Grantee acknowledges that this reservation is fully set forth in the conveyance referred to above and that it takes title subject to that conveyance and not subject to this summary which is for convenience only.  Said assignment and conveyance was clarified by First Amendment thereof recorded January 17, 1989 in Book 6200, Page 1908 of Official Records.

APNs:
537-010-, -40, -42, -47, -50, -54, -56, -59;
537-020-01 through -08; 537-020-10 through 18; 537-020-20; 537-020-21; 527-020-23 through -32;
537-030-01 through -35.

Exhibit _____ B _____

2          Page _____ 19 _____          00474277.008.DOC

RECORDING REQUESTED BY
Superior Pipelines, Inc.

AND WHEN RECORDED MAIL TO:
Barry L. Goldner
Klein, DeNatale, Goldner,
   Cooper, Rosenlieb & Kimball, LLP
PO Box 11172
Bakersfield, CA  93389-1172

**James W. Fitch, Assessor – Recorder**   TELFORDT
Kern County Official Records              4/02/2008
Recorded at the request of                10:26 AM
**Public**

DOC#:  0208051366        | Stat Types: 1    Pages:  **2**
                         | Fees             11.00
                         | Taxes             0.00
                         | Others            0.00
                         | PAID            $11.00

## AMENDED MECHANIC'S LIEN

The undersigned **Superior Pipelines, Inc.**, Claimant, hereby amends the Mechanic's Lien previously recorded on **February 14, 2008, as Document Number 0208023213**, to clarify the property description, as follows:

Claimant claims a mechanic's lien upon the real property located in the City of Bakersfield, County of Kern, State of California, commonly referred to as McAllister Ranch, and as more particularly described in Exhibit "A."

The sum of $1,918,062.34 together with interest thereon at the rate of 10% percent per annum from October 15, 2007, is due claimant (after deducting all just credits and offsets) for work, materials and labor furnished by Claimant for the construction of dry utilities and misc items.

The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the labor, service, equipment and/or materials is LBREP/L-Suncal McAllister Ranch, LLC, a Delaware Limited Liability Company.

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are: **LBREP/L-SunCal McAllister Ranch, LLC**, a Delaware Limited Liability Company, 21900 Burbank Blvd., Suite 114, Woodland Hills, CA  91367.

Superior Pipelines, Inc.

By
   Walter E. Alexander, President

VERIFICATION

I, the undersigned, say I am the President of the Claimant of the foregoing mechanic's lien.  I have read said claim of mechanic's lien and know the contents thereof; and the same is true to my own knowledge.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/1/08

   Walter E. Alexander

Exhibit   _B_
Page   _20_

1

00474277.000.DOC

## EXHIBIT "A"
## McAllister Ranch

PARCEL 1:  That portion of Section 16, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, including Lots 20, 30 and 31 thereof, as shown upon the Sales Map of Lands of Kern County Land Company dated May 23, 1892 and recorded May 28, 1892 in the Office of the Kern County Recorder, lying Westerly and Southwesterly of the lands conveyed to Southern Pacific Railroad Company, a corporation, in Deeds recorded October 21, 1893 and July 2, 1894, in Book 47, Page 356 of Deeds and in Book 54, Page 262 of Deeds, respectively.

EXCEPTING THEREFROM that portion thereof conveyed to the City of Bakersfield, in Deeds recorded December 30, 1976 in Book 4999, Pages 431 and 436 of Official Records.

PARCEL 2:  All of Section 21, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion thereof conveyed to the Southern California Gas Company, a California corporation, in Grant Deed recorded July 28, 1980 in Book 5301, Page 1695 of Official Records, described as follows:  A three-dimensional parcel of land commencing at a point 1000 feet below the surface of the hereinafter described tracts and extending to a depth of 8,500 feet below the surface of the ground in and under the following described tracts of land, to wit:  The SW 1/4 of the SW 1/4; the W 1/2 of the SE 1/4 of the SW 1/4; the SE 1/4 of the SE 1/4 of the SW 1/4.

PARCEL 3:  All of Section 22, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

PARCEL 4:  All of Section 23, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM all of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

PARCEL 5:  Lots 1 through 8, inclusive, Lots 10 through 18, inclusive, Lots 20 and 21, and Lots 23 through 32, inclusive, of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM all interests in Parcels 1 to 5 conveyed to Tenneco Oil Company, a Delaware corporation, in assignment and conveyance thereof recorded November 18, 1988 in Book 6183, Page 1167 of Official Records, which interest can be briefly summarized as all oil, gas and other liquid and gaseous hydrocarbons and in addition thereto carbon dioxide, hydrogen, helium, nitrogen, methane, sulfur (in each case in either liquid or gaseous form) and any other liquid or gaseous substances, inert or otherwise, or any of them, and any minerals or other substances produced in association therewith ("hydrocarbons") in, on or under the premises, together with all rights, privileges, duties and responsibilities in any way related thereto.  Grantee acknowledges that this reservation is fully set forth in the conveyance referred to above and that it takes title subject to that conveyance and not subject to this summary which is for convenience only.  Said assignment and conveyance was clarified by First Amendment thereof recorded January 17, 1989 in Book 6200, Page 1908 of Official Records.

APNs:
537-010-, -40, -42, -47, -50, -54, -56, -59;
537-020-01 through -08; 537-020-10 through 18; 537-020-20; 537-020-21; 527-020-23 through -32;
537-030-01 through -35.

Exhibit ___*B*___

2    Page ___*21*___    00474277.000.DOC

RECORDING REQUESTED BY
Superior Pipelines, Inc.

**James W. Fitch, Assessor – Recorder**  TELFORDT
Kern County Official Records    4/02/2008
Recorded at the request of    10:26 AM
**Public**

AND WHEN RECORDED MAIL TO:
Barry L. Goldner
Klein, DeNatale, Goldner,
    Cooper, Rosenlieb & Kimball, LLP
PO Box 11172
Bakersfield, CA 93389-1172

DOC#:  **0208051367**  |  Stat Types: 1  Pages:  **2**

| Fees | 11.00 |
| Taxes | 0.00 |
| Others | 0.00 |
| **PAID** | **$11.00** |

## AMENDED MECHANIC'S LIEN

The undersigned **Superior Pipelines, Inc.**, Claimant, hereby amends the Mechanic's Lien previously recorded on **February 14, 2008, as Document Number 0208023214**, to clarify the property description, as follows:

Claimant claims a mechanic's lien upon the real property located in the City of Bakersfield, County of Kern, State of California, commonly referred to as McAllister Ranch, and as more particularly described in Exhibit "A."

The sum of $334,650.40 together with interest thereon at the rate of 10% percent per annum from October 15, 2007, is due claimant (after deducting all just credits and offsets) for work, materials and labor furnished by Claimant for the construction of sewer, water and storm drain, dry utilities and misc. items.

The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the labor, service, equipment and/or materials is LBREP/L-Suncal McAllister Ranch, LLC, a Delaware Limited Liability Company.

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are: **LBREP/L-SunCal McAllister Ranch, LLC**, a Delaware Limited Liability Company, 21900 Burbank Blvd., Suite 114, Woodland Hills, CA  91367.

Superior Pipelines, Inc.

By: _____
Walter E. Alexander, President

### VERIFICATION

I, the undersigned, say I am the President of the Claimant of the foregoing mechanic's lien. I have read said claim of mechanic's lien and know the contents thereof; and the same is true to my own knowledge. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _4/1/08_  _____
Walter E. Alexander

Exhibit  _B_
1    Page  _22_    00474277.001.DOC

## EXHIBIT "A"
## McAllister Ranch

PARCEL 1: That portion of Section 16, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, including Lots 20, 30 and 31 thereof, as shown upon the Sales Map of Lands of Kern County Land Company dated May 23, 1892 and recorded May 28, 1892 in the Office of the Kern County Recorder, lying Westerly and Southwesterly of the lands conveyed to Southern Pacific Railroad Company, a corporation, in Deeds recorded October 21, 1893 and July 2, 1894, in Book 47, Page 356 of Deeds and in Book 54, Page 262 of Deeds, respectively.

EXCEPTING THEREFROM that portion thereof conveyed to the City of Bakersfield, in Deeds recorded December 30, 1976 in Book 4999, Pages 431 and 436 of Official Records.

PARCEL 2: All of Section 21, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion thereof conveyed to the Southern California Gas Company, a California corporation, in Grant Deed recorded July 28, 1980 in Book 5301, Page 1695 of Official Records, described as follows: A three-dimensional parcel of land commencing at a point 1000 feet below the surface of the hereinafter described tracts and extending to a depth of 8,500 feet below the surface of the ground in and under the following described tracts of land, to wit: The SW 1/4 of the SW 1/4; the W 1/2 of the SE 1/4 of the SW 1/4; the SE 1/4 of the SE 1/4 of the SW 1/4.

PARCEL 3: All of Section 22, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

PARCEL 4: All of Section 23, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM all of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

PARCEL 5: Lots 1 through 8, inclusive, Lots 10 through 18, inclusive, Lots 20 and 21, and Lots 23 through 32, inclusive, of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM all interests in Parcels 1 to 5 conveyed to Tenneco Oil Company, a Delaware corporation, in assignment and conveyance thereof recorded November 18, 1988 in Book 6183, Page 1167 of Official Records, which interest can be briefly summarized as all oil, gas and other liquid and gaseous hydrocarbons and in addition thereto carbon dioxide, hydrogen, helium, nitrogen, methane, sulfur (in each case in either liquid or gaseous form) and any other liquid or gaseous substances, inert or otherwise, or any of them, and any minerals or other substances produced in association therewith ("hydrocarbons") in, on or under the premises, together with all rights, privileges, duties and responsibilities in any way related thereto. Grantee acknowledges that this reservation is fully set forth in the conveyance referred to above and that it takes title subject to that conveyance and not subject to this summary which is for convenience only. Said assignment and conveyance was clarified by First Amendment thereof recorded January 17, 1989 in Book 6200, Page 1908 of Official Records.

APNs:
537-010-, -40, -42, -47, -50, -54, -56, -59;
537-020-01 through -08; 537-020-10 through 18; 537-020-20; 537-020-21; 527-020-23 through -32;
537-030-01 through -35.

Exhibit ___B___

Page ___23___

00474277.001.DOC

RECORDING REQUESTED BY
Superior Pipelines, Inc.

AND WHEN RECORDED MAIL TO:
Barry L. Goldner
Klein, DeNatale, Goldner,
    Cooper, Rosenlieb & Kimball, LLP
PO Box 11172
Bakersfield, CA  93389-1172

**James W. Fitch, Assessor — Recorder**    TELFORDT
Kern County Official Records    4/02/2008
Recorded at the request of    10:26 AM
**Public**

D O C # :    **0208051368**

| | |
|---|---|
| Stat Types: 1 | Pages: **2** |

| | |
|---|---:|
| Fees | 11.00 |
| Taxes | 0.00 |
| Others | 0.00 |
| PAID | $11.00 |

---

## AMENDED MECHANIC'S LIEN

The undersigned **Superior Pipelines, Inc.**, Claimant, hereby amends the Mechanic's Lien previously recorded on **February 14, 2008, as Document Number 0208023215**, to clarify the property description, as follows:

Claimant claims a mechanic's lien upon the real property located in the City of Bakersfield, County of Kern, State of California, commonly referred to as McAllister Ranch, and as more particularly described in Exhibit "A."

The sum of $635,366.40 together with interest thereon at the rate of 10% percent per annum from October 15, 2007, is due claimant (after deducting all just credits and offsets) for work, materials and labor furnished by Claimant for the construction of sewer, water and storm drain, and misc. items.

The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the labor, service, equipment and/or materials is LBREP/L-Suncal McAllister Ranch, LLC, a Delaware Limited Liability Company.

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are: **LBREP/L-SunCal McAllister Ranch, LLC**, a Delaware Limited Liability Company, 21900 Burbank Blvd., Suite 114, Woodland Hills, CA  91367.

Superior Pipelines, Inc.

By:
Walter E. Alexander, President

### VERIFICATION

I, the undersigned, say I am the President of the Claimant of the foregoing mechanic's lien. I have read said claim of mechanic's lien and know the contents thereof; and the same is true to my own knowledge. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _7/1/08_

Walter E. Alexander

Exhibit _B_

Page _24_

1

00474277.002.DOC

## EXHIBIT "A"
### McAllister Ranch

PARCEL 1:  That portion of Section 16, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, including Lots 20, 30 and 31 thereof, as shown upon the Sales Map of Lands of Kern County Land Company dated May 23, 1892 and recorded May 28, 1892 in the Office of the Kern County Recorder, lying Westerly and Southwesterly of the lands conveyed to Southern Pacific Railroad Company, a corporation, in Deeds recorded October 21, 1893 and July 2, 1894, in Book 47, Page 356 of Deeds and in Book 54, Page 262 of Deeds, respectively.

EXCEPTING THEREFROM that portion thereof conveyed to the City of Bakersfield, in Deeds recorded December 30, 1976 in Book 4999, Pages 431 and 436 of Official Records.

PARCEL 2:  All of Section 21, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion thereof conveyed to the Southern California Gas Company, a California corporation, in Grant Deed recorded July 28, 1980 in Book 5301, Page 1695 of Official Records, described as follows:  A three-dimensional parcel of land commencing at a point 1000 feet below the surface of the hereinafter described tracts and extending to a depth of 8,500 feet below the surface of the ground in and under the following described tracts of land, to wit:  The SW 1/4 of the SW 1/4; the W 1/2 of the SE 1/4 of the SW 1/4; the SE 1/4 of the SE 1/4 of the SW 1/4.

PARCEL 3:  All of Section 22, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

PARCEL 4:  All of Section 23, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM all of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

PARCEL 5:  Lots 1 through 8, inclusive, Lots 10 through 18, inclusive, Lots 20 and 21, and Lots 23 through 32, inclusive, of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM all interests in Parcels 1 to 5 conveyed to Tenneco Oil Company, a Delaware corporation, in assignment and conveyance thereof recorded November 18, 1988 in Book 6183, Page 1167 of Official Records, which interest can be briefly summarized as all oil, gas and other liquid and gaseous hydrocarbons and in addition thereto carbon dioxide, hydrogen, helium, nitrogen, methane, sulfur (in each case in either liquid or gaseous form) and any other liquid or gaseous substances, inert or otherwise, or any of them, and any minerals or other substances produced in association therewith ("hydrocarbons") in, on or under the premises, together with all rights, privileges, duties and responsibilities in any way related thereto.  Grantee acknowledges that this reservation is fully set forth in the conveyance referred to above and that it takes title subject to that conveyance and not subject to this summary which is for convenience only.  Said assignment and conveyance was clarified by First Amendment thereof recorded January 17, 1989 in Book 6200, Page 1908 of Official Records.

APNs:
537-010-, -40, -42, -47, -50, -54, -56, -59;
537-020-01 through -08; 537-020-10 through 18; 537-020-20; 537-020-21; 527-020-23 through -32;
537-030-01 through -35.

Exhibit _____B_____

Page _____25_____

2

00474277.002.DOC

RECORDING REQUESTED BY
Superior Pipelines, Inc.

AND WHEN RECORDED MAIL TO:
Barry L. Goldner
Klein, DeNatale, Goldner,
    Cooper, Rosenlieb & Kimball, LLP
PO Box 11172
Bakersfield, CA 93389-1172

**James W. Fitch, Assessor—Recorder**    TELFORDT
Kern County Official Records    4/02/2008
Recorded at the request of    10:26 AM
**Public**

DOC#:    **0208051369**

| Stat Types: 1 | Pages: 2 |
|---|---|
| Fees | 11.00 |
| Taxes | 0.00 |
| Others | 0.00 |
| PAID | $11.00 |

## AMENDED MECHANIC'S LIEN

The undersigned **Superior Pipelines, Inc.**, Claimant, hereby amends the Mechanic's Lien previously recorded on **February 14, 2008, as Document Number 0208023216**, to clarify the property description, as follows:

Claimant claims a mechanic's lien upon the real property located in the City of Bakersfield, County of Kern, State of California, commonly referred to as McAllister Ranch, and as more particularly described in Exhibit "A."

The sum of $289,668.50 together with interest thereon at the rate of 10% percent per annum from October 15, 2007, is due claimant (after deducting all just credits and offsets) for work, materials and labor furnished by Claimant for the construction of sewer, water and storm drain, and misc. items.

The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the labor, service, equipment and/or materials is LBREP/L-Suncal McAllister Ranch, LLC, a Delaware Limited Liability Company.

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are: **LBREP/L-SunCal McAllister Ranch, LLC**, a Delaware Limited Liability Company, 21900 Burbank Blvd., Suite 114, Woodland Hills, CA 91367.

Superior Pipelines, Inc.

By:
    Walter E. Alexander, President

## VERIFICATION

I, the undersigned, say I am the President of the Claimant of the foregoing mechanic's lien. I have read said claim of mechanic's lien and know the contents thereof; and the same is true to my own knowledge. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/1/08

Walter E. Alexander

Exhibit __B__

Page __26__

1

00474277.003.DOC

## EXHIBIT "A"
### McAllister Ranch

PARCEL 1:  That portion of Section 16, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, including Lots 20, 30 and 31 thereof, as shown upon the Sales Map of Lands of Kern County Land Company dated May 23, 1892 and recorded May 28, 1892 in the Office of the Kern County Recorder, lying Westerly and Southwesterly of the lands conveyed to Southern Pacific Railroad Company, a corporation, in Deeds recorded October 21, 1893 and July 2, 1894, in Book 47, Page 356 of Deeds and in Book 54, Page 262 of Deeds, respectively.

EXCEPTING THEREFROM that portion thereof conveyed to the City of Bakersfield, in Deeds recorded December 30, 1976 in Book 4999, Pages 431 and 436 of Official Records.

PARCEL 2:  All of Section 21, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion thereof conveyed to the Southern California Gas Company, a California corporation, in Grant Deed recorded July 28, 1980 in Book 5301, Page 1695 of Official Records, described as follows:  A three-dimensional parcel of land commencing at a point 1000 feet below the surface of the hereinafter described tracts and extending to a depth of 8,500 feet below the surface of the ground in and under the following described tracts of land, to wit:  The SW 1/4 of the SW 1/4; the W 1/2 of the SE 1/4 of the SW 1/4; the SE 1/4 of the SE 1/4 of the SW 1/4.

PARCEL 3:  All of Section 22, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

PARCEL 4:  All of Section 23, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM all of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

PARCEL 5:  Lots 1 through 8, inclusive, Lots 10 through 18, inclusive, Lots 20 and 21, and Lots 23 through 32, inclusive, of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM all interests in Parcels 1 to 5 conveyed to Tenneco Oil Company, a Delaware corporation, in assignment and conveyance thereof recorded November 18, 1988 in Book 6183, Page 1167 of Official Records, which interest can be briefly summarized as all oil, gas and other liquid and gaseous hydrocarbons and in addition thereto carbon dioxide, hydrogen, helium, nitrogen, methane, sulfur (in each case in either liquid or gaseous form) and any other liquid or gaseous substances, inert or otherwise, or any of them, and any minerals or other substances produced in association therewith ("hydrocarbons") in, on or under the premises, together with all rights, privileges, duties and responsibilities in any way related thereto.  Grantee acknowledges that this reservation is fully set forth in the conveyance referred to above and that it takes title subject to that conveyance and not subject to this summary which is for convenience only.  Said assignment and conveyance was clarified by First Amendment thereof recorded January 17, 1989 in Book 6200, Page 1908 of Official Records.

APNs:
537-010-, -40, -42, -47, -50, -54, -56, -59;
537-020-01 through -08; 537-020-10 through 18; 537-020-20; 537-020-21; 527-020-23 through -32;
537-030-01 through -35.

Exhibit____B____

RECORDING REQUESTED BY
Superior Pipelines, Inc.

AND WHEN RECORDED MAIL TO:
Barry L. Goldner
Klein, DeNatale, Goldner,
    Cooper, Rosenlieb & Kimball, LLP
PO Box 11172
Bakersfield, CA  93389-1172

**James W. Fitch, Assessor–Recorder**    TELFORDT
Kern County Official Records    4/02/2008
Recorded at the request of    10:26 AM
**Public**

DOC#:    **0208051370**    Stat Types: 1    Pages:    **2**

| | |
|---|---|
| Fees | 11.00 |
| Taxes | 0.00 |
| Others | 0.00 |
| PAID | $11.00 |

## AMENDED MECHANIC'S LIEN

The undersigned **Superior Pipelines, Inc.**, Claimant, hereby amends the Mechanic's Lien previously recorded on **February 14, 2008, as Document Number 0208023217**, to clarify the property description, as follows:

Claimant claims a mechanic's lien upon the real property located in the City of Bakersfield, County of Kern, State of California, commonly referred to as McAllister Ranch, and as more particularly described in Exhibit "A."

The sum of $283,563.80 together with interest thereon at the rate of 10% percent per annum from October 15, 2007, is due claimant (after deducting all just credits and offsets) for work, materials and labor furnished by Claimant for the construction of sewer, water and storm drain, and misc. items.

The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the labor, service, equipment and/or materials is LBREP/L-Suncal McAllister Ranch, LLC, a Delaware Limited Liability Company.

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are: **LBREP/L-SunCal McAllister Ranch, LLC**, a Delaware Limited Liability Company, 21900 Burbank Blvd., Suite 114, Woodland Hills, CA  91367.

Superior Pipelines, Inc.

By: _____
    Walter E. Alexander, President

### VERIFICATION

I, the undersigned, say I am the President of the Claimant of the foregoing mechanic's lien. I have read said claim of mechanic's lien and know the contents thereof; and the same is true to my own knowledge. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____    _____
                            Walter E. Alexander

Exhibit    B

Page    28

1

00474277.004.DOC

## EXHIBIT "A"
### McAllister Ranch

PARCEL 1:  That portion of Section 16, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, including Lots 20, 30 and 31 thereof, as shown upon the Sales Map of Lands of Kern County Land Company dated May 23, 1892 and recorded May 28, 1892 in the Office of the Kern County Recorder, lying Westerly and Southwesterly of the lands conveyed to Southern Pacific Railroad Company, a corporation, in Deeds recorded October 21, 1893 and July 2, 1894, in Book 47, Page 356 of Deeds and in Book 54, Page 262 of Deeds, respectively.

EXCEPTING THEREFROM that portion thereof conveyed to the City of Bakersfield, in Deeds recorded December 30, 1976 in Book 4999, Pages 431 and 436 of Official Records.

PARCEL 2:  All of Section 21, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion thereof conveyed to the Southern California Gas Company, a California corporation, in Grant Deed recorded July 28, 1980 in Book 5301, Page 1695 of Official Records, described as follows:  A three-dimensional parcel of land commencing at a point 1000 feet below the surface of the hereinafter described tracts and extending to a depth of 8,500 feet below the surface of the ground in and under the following described tracts of land, to wit:  The SW 1/4 of the SW 1/4; the W 1/2 of the SE 1/4 of the SW 1/4; the SE 1/4 of the SE 1/4 of the SW 1/4.

PARCEL 3:  All of Section 22, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

PARCEL 4:  All of Section 23, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM all of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

PARCEL 5:  Lots 1 through 8, inclusive, Lots 10 through 18, inclusive, Lots 20 and 21, and Lots 23 through 32, inclusive, of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM all interests in Parcels 1 to 5 conveyed to Tenneco Oil Company, a Delaware corporation, in assignment and conveyance thereof recorded November 18, 1988 in Book 6183, Page 1167 of Official Records, which interest can be briefly summarized as all oil, gas and other liquid and gaseous hydrocarbons and in addition thereto carbon dioxide, hydrogen, helium, nitrogen, methane, sulfur (in each case in either liquid or gaseous form) and any other liquid or gaseous substances, inert or otherwise, or any of them, and any minerals or other substances produced in association therewith ("hydrocarbons") in, on or under the premises, together with all rights, privileges, duties and responsibilities in any way related thereto.  Grantee acknowledges that this reservation is fully set forth in the conveyance referred to above and that it takes title subject to that conveyance and not subject to this summary which is for convenience only.  Said assignment and conveyance was clarified by First Amendment thereof recorded January 17, 1989 in Book 6200, Page 1908 of Official Records.

APNs:
537-010-, -40, -42, -47, -50, -54, -56, -59;
537-020-01 through -08; 537-020-10 through 18; 537-020-20; 537-020-21; 527-020-23 through -32;
537-030-01 through -35.

Exhibit ___B___

Page ___29___

2

00474277.004.DOC

RECORDING REQUESTED BY
Superior Pipelines, Inc.

AND WHEN RECORDED MAIL TO:
Barry L. Goldner
Klein, DeNatale, Goldner,
    Cooper, Rosenlieb & Kimball, LLP
PO Box 11172
Bakersfield, CA 93389-1172

**James W. Fitch, Assessor – Recorder**    TELFORDT
Kern County Official Records    4/02/2008
Recorded at the request of    10:26 AM
**Public**

DOC#:  **0208051371**    | Stat Types: 1 | Pages: **2**

| Fees | 11.00 |
| Taxes | 0.00 |
| Others | 0.00 |
| PAID | $11.00 |

## AMENDED MECHANIC'S LIEN

The undersigned **Superior Pipelines, Inc.**, Claimant, hereby amends the Mechanic's Lien previously recorded on **February 14, 2008, as Document Number 0208023218**, to clarify the property description, as follows:

Claimant claims a mechanic's lien upon the real property located in the City of Bakersfield, County of Kern, State of California, commonly referred to as McAllister Ranch, and as more particularly described in Exhibit "A."

The sum of $148,608.00 together with interest thereon at the rate of 10% percent per annum from October 15, 2007, is due claimant (after deducting all just credits and offsets) for work, materials and labor furnished by Claimant for dust control.

The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the labor, service, equipment and/or materials is LBREP/L-Suncal McAllister Ranch, LLC, a Delaware Limited Liability Company.

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are: **LBREP/L-SunCal McAllister Ranch, LLC**, a Delaware Limited Liability Company, 21900 Burbank Blvd., Suite 114, Woodland Hills, CA 91367.

Superior Pipelines, Inc.

By: _____
Walter E. Alexander, President

### VERIFICATION

I, the undersigned, say I am the President of the Claimant of the foregoing mechanic's lien. I have read said claim of mechanic's lien and know the contents thereof; and the same is true to my own knowledge. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _4/1/08_    _____
Walter E. Alexander

Exhibit    _B_

Page    _30_

1    00474277.005.DOC

## EXHIBIT "A"
### McAllister Ranch

PARCEL 1:  That portion of Section 16, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, including Lots 20, 30 and 31 thereof, as shown upon the Sales Map of Lands of Kern County Land Company dated May 23, 1892 and recorded May 28, 1892 in the Office of the Kern County Recorder, lying Westerly and Southwesterly of the lands conveyed to Southern Pacific Railroad Company, a corporation, in Deeds recorded October 21, 1893 and July 2, 1894, in Book 47, Page 356 of Deeds and in Book 54, Page 262 of Deeds, respectively.

EXCEPTING THEREFROM that portion thereof conveyed to the City of Bakersfield, in Deeds recorded December 30, 1976 in Book 4999, Pages 431 and 436 of Official Records.

PARCEL 2:  All of Section 21, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion thereof conveyed to the Southern California Gas Company, a California corporation, in Grant Deed recorded July 28, 1980 in Book 5301, Page 1695 of Official Records, described as follows:  A three-dimensional parcel of land commencing at a point 1000 feet below the surface of the hereinafter described tracts and extending to a depth of 8,500 feet below the surface of the ground in and under the following described tracts of land, to wit:  The SW 1/4 of the SW 1/4; the W 1/2 of the SE 1/4 of the SW 1/4; the SE 1/4 of the SE 1/4 of the SW 1/4.

PARCEL 3:  All of Section 22, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

PARCEL 4:  All of Section 23, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM all of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

PARCEL 5:  Lots 1 through 8, inclusive, Lots 10 through 18, inclusive, Lots 20 and 21, and Lots 23 through 32, inclusive, of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM all interests in Parcels 1 to 5 conveyed to Tenneco Oil Company, a Delaware corporation, in assignment and conveyance thereof recorded November 18, 1988 in Book 6183, Page 1167 of Official Records, which interest can be briefly summarized as all oil, gas and other liquid and gaseous hydrocarbons and in addition thereto carbon dioxide, hydrogen, helium, nitrogen, methane, sulfur (in each case in either liquid or gaseous form) and any other liquid or gaseous substances, inert or otherwise, or any of them, and any minerals or other substances produced in association therewith ("hydrocarbons") in, on or under the premises, together with all rights, privileges, duties and responsibilities in any way related thereto.  Grantee acknowledges that this reservation is fully set forth in the conveyance referred to above and that it takes title subject to that conveyance and not subject to this summary which is for convenience only.  Said assignment and conveyance was clarified by First Amendment thereof recorded January 17, 1989 in Book 6200, Page 1908 of Official Records.

APNs:
537-010-, -40, -42, -47, -50, -54, -56, -59;
537-020-01 through -08; 537-020-10 through 18; 537-020-20; 537-020-21; 527-020-23 through -32;
537-030-01 through -35.

RECORDING REQUESTED BY
Superior Pipelines, Inc.

AND WHEN RECORDED MAIL TO:
Barry L. Goldner
Klein, DeNatale, Goldner,
    Cooper, Rosenlieb & Kimball, LLP
PO Box 11172
Bakersfield, CA 93389-1172

**James W. Fitch, Assessor — Recorder**
Kern County Official Records

TELFORDT
4/02/2008
10:26 AM

Recorded at the request of
**Public**

DOC#: **0208051372**

| Stat Types: 1 | Pages: **2** |
|---|---|
| Fees | 11.00 |
| Taxes | 0.00 |
| Others | 0.00 |
| PAID | $11.00 |

---

## AMENDED MECHANIC'S LIEN

The undersigned **Superior Pipelines, Inc.**, Claimant, hereby amends the Mechanic's Lien previously recorded on **February 14, 2008, as Document Number 0208023219**, to clarify the property description, as follows:

Claimant claims a mechanic's lien upon the real property located in the City of Bakersfield, County of Kern, State of California, commonly referred to as McAllister Ranch, and as more particularly described in Exhibit "A."

The sum of $673,703.05 together with interest thereon at the rate of 10% percent per annum from October 15, 2007, is due claimant (after deducting all just credits and offsets) for work, materials and labor furnished by Claimant for 54" RCP to enclose James Canal.

The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the labor, service, equipment and/or materials is LBREP/L-Suncal McAllister Ranch, LLC, a Delaware Limited Liability Company.

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are: **LBREP/L-SunCal McAllister Ranch, LLC**, a Delaware Limited Liability Company, 21900 Burbank Blvd., Suite 114, Woodland Hills, CA 91367.

Superior Pipelines, Inc.

By_____
     Walter E. Alexander, President

### VERIFICATION

I, the undersigned, say I am the President of the Claimant of the foregoing mechanic's lien. I have read said claim of mechanic's lien and know the contents thereof; and the same is true to my own knowledge. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____          _____
                                              Walter E. Alexander

Exhibit____B____

1          Page____32____          00474277.006.DOC

## EXHIBIT "A"
## McAllister Ranch

PARCEL 1: That portion of Section 16, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, including Lots 20, 30 and 31 thereof, as shown upon the Sales Map of Lands of Kern County Land Company dated May 23, 1892 and recorded May 28, 1892 in the Office of the Kern County Recorder, lying Westerly and Southwesterly of the lands conveyed to Southern Pacific Railroad Company, a corporation, in Deeds recorded October 21, 1893 and July 2, 1894, in Book 47, Page 356 of Deeds and in Book 54, Page 262 of Deeds, respectively.

EXCEPTING THEREFROM that portion thereof conveyed to the City of Bakersfield, in Deeds recorded December 30, 1976 in Book 4999, Pages 431 and 436 of Official Records.

PARCEL 2: All of Section 21, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion thereof conveyed to the Southern California Gas Company, a California corporation, in Grant Deed recorded July 28, 1980 in Book 5301, Page 1695 of Official Records, described as follows:   A three-dimensional parcel of land commencing at a point 1000 feet below the surface of the hereinafter described tracts and extending to a depth of 8,500 feet below the surface of the ground in and under the following described tracts of land, to wit:  The SW 1/4 of the SW 1/4; the W 1/2 of the SE 1/4 of the SW 1/4; the SE 1/4 of the SE 1/4 of the SW 1/4.

PARCEL 3: All of Section 22, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

PARCEL 4: All of Section 23, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM all of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

PARCEL 5: Lots 1 through 8, inclusive, Lots 10 through 18, inclusive, Lots 20 and 21, and Lots 23 through 32, inclusive, of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM all interests in Parcels 1 to 5 conveyed to Tenneco Oil Company, a Delaware corporation, in assignment and conveyance thereof recorded November 18, 1988 in Book 6183, Page 1167 of Official Records, which interest can be briefly summarized as all oil, gas and other liquid and gaseous hydrocarbons and in addition thereto carbon dioxide, hydrogen, helium, nitrogen, methane, sulfur (in each case in either liquid or gaseous form) and any other liquid or gaseous substances, inert or otherwise, or any of them, and any minerals or other substances produced in association therewith ("hydrocarbons") in, on or under the premises, together with all rights, privileges, duties and responsibilities in any way related thereto.  Grantee acknowledges that this reservation is fully set forth in the conveyance referred to above and that it takes title subject to that conveyance and not subject to this summary which is for convenience only.  Said assignment and conveyance was clarified by First Amendment thereof recorded January 17, 1989 in Book 6200, Page 1908 of Official Records.

APNs:
537-010-, -40, -42, -47, -50, -54, -56, -59;
537-020-01 through -08; 537-020-10 through 18; 537-020-20; 537-020-21; 527-020-23 through -32;
537-030-01 through -35.

Exhibit_____ $\mathcal{B}$
Page_____ 33

2

00474277.006.DOC

RECORDING REQUESTED BY
Superior Pipelines, Inc.

AND WHEN RECORDED MAIL TO:
Barry L. Goldner
Klein, DeNatale, Goldner,
    Cooper, Rosenlieb & Kimball, LLP
PO Box 11172
Bakersfield, CA  93389-1172

**James W. Fitch, Assessor – Recorder**
Kern County Official Records

TELFORDT
4/02/2008
10:26 AM

Recorded at the request of
**Public**

D O C #:  **0208051373**

| Stat Types: 1 | Pages: **2** |
| --- | --- |
| Fees | 11.00 |
| Taxes | 0.00 |
| Others | 0.00 |
| **PAID** | **$11.00** |

## AMENDED MECHANIC'S LIEN

The undersigned **Superior Pipelines, Inc.**, Claimant, hereby amends the Mechanic's Lien previously recorded on **February 14, 2008, as Document Number 0208023220**, to clarify the property description, as follows:

Claimant claims a mechanic's lien upon the real property located in the City of Bakersfield, County of Kern, State of California, commonly referred to as McAllister Ranch, and as more particularly described in Exhibit "A."

The sum of $841,290.20 together with interest thereon at the rate of 10% percent per annum from October 15, 2007, is due claimant (after deducting all just credits and offsets) for work, materials and labor furnished by Claimant for street lights.

The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the labor, service, equipment and/or materials is LBREP/L-Suncal McAllister Ranch, LLC, a Delaware Limited Liability Company.

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are:  **LBREP/L-SunCal McAllister Ranch, LLC**, a Delaware Limited Liability Company, 21900 Burbank Blvd., Suite 114, Woodland Hills, CA  91367.

Superior Pipelines, Inc.

By:

Walter E. Alexander, President

### VERIFICATION

I, the undersigned, say I am the President of the Claimant of the foregoing mechanic's lien.  I have read said claim of mechanic's lien and know the contents thereof; and the same is true to my own knowledge.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  4/1/08

Walter E. Alexander

Exhibit  B

Page  34

1

00474277.007.DOC

## EXHIBIT "A"
### McAllister Ranch

PARCEL 1:  That portion of Section 16, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, including Lots 20, 30 and 31 thereof, as shown upon the Sales Map of Lands of Kern County Land Company dated May 23, 1892 and recorded May 28, 1892 in the Office of the Kern County Recorder, lying Westerly and Southwesterly of the lands conveyed to Southern Pacific Railroad Company, a corporation, in Deeds recorded October 21, 1893 and July 2, 1894, in Book 47, Page 356 of Deeds and in Book 54, Page 262 of Deeds, respectively.

EXCEPTING THEREFROM that portion thereof conveyed to the City of Bakersfield, in Deeds recorded December 30, 1976 in Book 4999, Pages 431 and 436 of Official Records.

PARCEL 2:  All of Section 21, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion thereof conveyed to the Southern California Gas Company, a California corporation, in Grant Deed recorded July 28, 1980 in Book 5301, Page 1695 of Official Records, described as follows:  A three-dimensional parcel of land commencing at a point 1000 feet below the surface of the hereinafter described tracts and extending to a depth of 8,500 feet below the surface of the ground in and under the following described tracts of land, to wit:  The SW 1/4 of the SW 1/4; the W 1/2 of the SE 1/4 of the SW 1/4; the SE 1/4 of the SE 1/4 of the SW 1/4.

PARCEL 3:  All of Section 22, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

PARCEL 4:  All of Section 23, Township 30 South, Range 26 East, M.D.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM all of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

PARCEL 5:  Lots 1 through 8, inclusive, Lots 10 through 18, inclusive, Lots 20 and 21, and Lots 23 through 32, inclusive, of Tract No. 5840, Unit A, in the unincorporated area, County of Kern, State of California, as per Map recorded June 23, 1998 in Book 44, Page 38 of Maps, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM all interests in Parcels 1 to 5 conveyed to Tenneco Oil Company, a Delaware corporation, in assignment and conveyance thereof recorded November 18, 1988 in Book 6183, Page 1167 of Official Records, which interest can be briefly summarized as all oil, gas and other liquid and gaseous hydrocarbons and in addition thereto carbon dioxide, hydrogen, helium, nitrogen, methane, sulfur (in each case in either liquid or gaseous form) and any other liquid or gaseous substances, inert or otherwise, or any of them, and any minerals or other substances produced in association therewith ("hydrocarbons") in, on or under the premises, together with all rights, privileges, duties and responsibilities in any way related thereto.  Grantee acknowledges that this reservation is fully set forth in the conveyance referred to above and that it takes title subject to that conveyance and not subject to this summary which is for convenience only.  Said assignment and conveyance was clarified by First Amendment thereof recorded January 17, 1989 in Book 6200, Page 1908 of Official Records.

APNs:
537-010-, -40, -42, -47, -50, -54, -56, -59;
537-020-01 through -08; 537-020-10 through 18; 537-020-20; 537-020-21; 527-020-23 through -32;
537-030-01 through -35.

Exhibit       B
2       Page       35

00474277.007.DOC

**AT-120**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| BARRY L. GOLDNER, ESQ.; SBN 107126<br>CRAIG D. BRAUN, ESQ.; SBN 166519<br>KLEIN DeNATALE GOLDNER COOPER ROSENLIEB & KIMBALL LLP<br>4550 CALIFORNIA AVENUE, 2ND FLOOR<br>BAKERSFIELD, CA 93309<br>TELEPHONE NO.: (661) 395-1000    FAX NO.: (661) 326-0418 | SUPERIOR COURT, METROPOLITAN DIVISION<br>FILED<br>COUNTY OF KERN<br>ENDORSED<br>APR 18 2008<br>TERRY McNALLY, CLERK<br>BY_____ DEPUTY |

ATTORNEY FOR (Name): PLAINTIFF, SUPERIOR PIPELINES, INC.

NAME OF COURT: SUPERIOR COURT OF THE STATE OF CALIFORNIA
STREET ADDRESS: 1415 TRUXTUN AVENUE
MAILING ADDRESS:
CITY AND ZIP CODE: BAKERSFIELD, CA 93301
BRANCH NAME: COUNTY OF KERN - METROPOLITAN DIVISION

PLAINTIFF: SUPERIOR PIPELINES, INC., a California corporation
DEFENDANT: LBREP/L-SUNCAL MCALLISTER RANCH LLC

| | CASE NUMBER: |
|---|---|
| [X] **RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AFTER HEARING**<br>[ ] **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT AFTER HEARING** | S-1500-CV263573 WDP |

1. a. The application of plaintiff (name): SUPERIOR PIPELINES, INC., a California corporation
   for [X] a right to attach order and order for issuance of writ of attachment
   [ ] an order for issuance of additional writ of attachment
   against the property of defendant (name): LBREP/L-SUNCAL MCALLISTER RANCH LLC
   came on for hearing as follows:
   (1) Judge (name):
   (2) Hearing date: 4-15-2008    Time: 8:30 a.m.    [X] Dept.: 15    [ ] Div.:    [ ] Rm.:
   b. The following persons were present at the hearing:
   (1) [ ] Plaintiff (name): SUPERIOR PIPELINES, INC., a California corporation
   (2) [ ] Defendant (name): LBREP/L-SUNCAL MCALLISTER RANCH LLC
   (3) [X] Plaintiff's attorney (name): BARRY L. GOLDNER AND CRAIG D. BRAUN
   (4) [ ] Defendant's attorney (name):

2. THE COURT FINDS    **FINDINGS**
   a. Defendant (specify name): LBREP/L-SUNCAL MCALLISTER RANCH LLC is a    [ ] natural person    [ ] partnership
      [X] unincorporated association or [X] corporation    [X] other (specify): LLC
   b. The claim upon which the application is based is one upon which an attachment may be issued.
   c. Plaintiff has established the probable validity of the claim upon which the attachment is based.
   d. The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.
   e. The amount to be secured by the attachment is greater than zero.
   f. [ ] Defendant failed to prove that all the property described in plaintiff's application is exempt from attachment.
   g. [ ] The following property of defendant, described in plaintiff's application
      (1) [ ] is exempt from attachment (specify):

      (2) [ ] is not exempt from attachment (specify):

   h. [ ] The following property, not described in plaintiff's application, claimed by defendant to be exempt
      (1) [ ] is exempt from attachment (specify):

      (2) [ ] is not exempt from attachment (specify):

   i. [X] An undertaking in the amount of: $ 10,000.00    is required before a writ shall issue, and plaintiff
      [ ] has    [X] has not    filed an undertaking in that amount.
   j. A Right to Attach Order was issued on (date):    pursuant to
      [ ] Code of Civil Procedure section 484.090 (on hearing)    [ ] Code of Civil Procedure section 485.220 (ex parte)
   k. [ ] Other (specify):

**Exhibit** C

**Page** 36

Form Approved for Optional Use
Judicial Council of California
AT-120 [Rev. January 1, 2000]
(Continued on reverse)
**RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER
FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)**
Legal Solutions Plus
Code of Civil Procedure,
§§ 482.030, 484.090

| SHORT TITLE: SUPERIOR PIPELINES, INC. v. LBREP/L-SUNCAL MCALLISTER RANCH LLC et al. | CASE NUMBER: |
|---|---|

## ORDER

3. THE COURT ORDERS

a. Plaintiff has a right to attach property of defendant *(name)*:  LBREP/L-SUNCAL MCALLISTER RANCH LLC

in the amount of: $ 6,385,162.41

b. ☐ The property described in items 2g(1) and 2h(1) of the findings is exempt and shall not be attached.

c. The clerk shall issue ☒ a writ of attachment  ☐ an additional writ of attachment  in the amount stated in item 3a
   ☐ forthwith  ☒ upon the filing of an undertaking in the amount of: $ 10,000.00

   (1) ☒ for any property of a defendant who is **not** a natural person for which a method of levy is provided.

   (2) ☐ for the property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010, described as follows *(specify)*:

   (3) ☐ for the property covered by a bulk sales notice with respect to a bulk transfer by defendant or the proceeds of sale of such property, described as follows *(specify)*:

   (4) ☐ for plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold. The license number is *(specify)*:

d. ☒ Defendant shall transfer to the levying officer possession of

   (1) ☒ any documentary evidence in defendant's possession of title to any property described in item 3c;

   (2) ☐ any documentary evidence in defendant's possession of debt owed to defendant described in item 3c;

   (3) ☐ the following property in defendant's possession *(specify)*:

---

**NOTICE TO DEFENDANT:  FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

---

e. ☐ Other *(specify)*:

f. Total number of boxes checked in item 3:  5

Date: APRIL 15, 2008

Exhibit _____ C

Page _____ 37

. . . . . . . . . . .
(TYPE OR PRINT NAME)

▶ Wee _____
(SIGNATURE OF JUDGE OR COMMISSIONER)

AT-120 [Rev. January 1, 2000]    **RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER**    Page two
                                 **FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)**

**EXHIBIT B**

**EXHIBIT B**

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| David R. Zaro (CA 124334)<br>Email: dzaro@allenmatkins.com<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>515 South Figueroa Street, 9th Floor<br>Los Angeles, California, 90071<br>Tel: (213) 622-5555<br>Fax: (213)-620-8816<br><br>George A. Davis (NY 2761)<br>Email: george.davis@cwt.com<br>Andrew M. Troop (NY 04556320)<br>Email: andrew.troop@cwt.com<br>Cadwalader, Wickersham & Taft LLP<br>One World Financial Center, New York, NY 10281<br>Tel: 212-504-6000<br>Fax: 212-504-6666<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Lehman Commercial Paper Inc., As First Lien Administrative Agent | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re:<br><br>LBREP/L-SunCal McAllister Ranch LLC<br><br><div align="right">Debtor(s)</div> | CHAPTER: 11<br><br>CASE NO. 8:08-15637 (ES)<br><br>DATE: October 28, 2008<br>TIME: 9:30 a.m.<br>CTRM: 5A<br>FLOOR: |

### NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT: Lehman Commercial Paper Inc., As First Lien Administrative Agent)
### (REAL PROPERTY)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. Hearing Location: ☐ 255 East Temple Street, Los Angeles   ☒ 411 West Fourth Street, Santa Ana

   ☐ 21041 Burbank Boulevard, Woodland Hills   ☐ 1415 State Street, Santa Barbara

   ☐ 3420 Twelfth Street, Riverside

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:
      ☐ at the hearing        ☐ at least _____ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

---

| In re (SHORT TITLE)<br>LBREP/L–SunCal McAllister Ranch LLC<br><br>                                         Debtor(s). | CHAPTER: 11<br><br>CASE NO.: 08-15637-ES |
|---|---|

4.   You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response (*Optional Court Form F 4001-1M.RES*), or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

5.   If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated:  October 2, 2008

David R. Zaro (CA 124334)
Allen Matkins Leck Gamble Mallory & Natsis LLP

-and-

George A. Davis (NY 2761)
Andrew M. Troop (NY 04556320)
Cadwalader, Wickersham & Taft LLP
_____
*Print Law Firm Name (if applicable)*

_____          _____
David R. Zaro, Esq.
*Print Name of Individual Movant or Attorney for Movant*          *Signature of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California

Motion for Relief from Stay (Real Property) – *Page 3 of 10*     **F 4001-1M.RP**

| In re (SHORT TITLE)<br>LBREP/L–SunCal McAllister Ranch LLC<br><br><div align="right">Debtor(s).</div> | CHAPTER: 11<br>CASE NO.: 08-15637-ES |
|---|---|

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### (MOVANT: <u>Lehman Commercial Paper Inc., As First Lien Administrative Agent</u>)

1.  **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

    *Street Address:* Please see attached continuation page – Rider 1
    *Apartment/Suite No.:*
    *City, State, Zip Code:*

    Legal description or document recording number (including county of recording):

    ☒  See attached continuation page. Please see Rider 1.

2.  **Case History:**

    a.  ☐  A voluntary   ☒  An involuntary   petition under Chapter   ☐ 7   ☒ 11   ☐ 12   ☐ 13
        was filed on (*specify date*):  September 10, 2008 and September 11, 2008

    b.  ☐  An Order of Conversion to Chapter   ☐ 7   ☐ 11   ☐ 12   ☐ 13
        was entered on (*specify date*):

    c.  ☐  Plan was confirmed on (specify date):

    d.  ☐  Other bankruptcy cases affecting this Property have been pending within the past two years. See attached Declaration.

3.  **Grounds for Relief from Stay:**

    a.  ☒  Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

        (1)  ☒  Movant's interest in the Property is not adequately protected.

             (a)  ☒  Movant's interest in the collateral is not protected by an adequate equity cushion.

             (b)  ☒  The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

             (c)  ☐  No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).

             (d)  ☐  Payments have not been made as required by an Adequate Protection Order previously granted in this case.

        (2)  ☒  The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

             (a)  ☐  Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

             (b)  ☐  Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

             (c)  ☐  The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.

             (d)  ☒  Other (See attached Memorandum of Points and Authorities).

<div align="center">(Continued on next page)</div>

Motion for Relief from Stay (Real Property) – *Page 4 of 10*   **F 4001-1M.RP**

| In re (SHORT TITLE)<br>LBREP/L–SunCal McAllister Ranch LLC<br><div align="right">Debtor(s).</div> | CHAPTER: 11<br>CASE NO.: 08-15637-ES |
|---|---|

      (3)  ☐   *(Chapter 12 or 13 cases only)*

           (a)  ☐  Postconfirmation plan payments have not been made to the Standing Trustee.

           (b)  ☐  Postconfirmation payments required by the confirmed plan have not been made to Movant.

      (4)  ☐  For other cause for relief from stay, see attached continuation page.

**b.**  ☒  Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

**c.**  ☐  Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

**d.**  ☐  Pursuant to 11 U.S.C. § 362(d)(4), Debtor's(s) filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

      (1)  ☐  The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

      (2)  ☐  Multiple bankruptcy filings affecting the Property.

**4.**  ☐  Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

**5.**  **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

    **a.**  ☒  Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

    **b.**  ☐  Other Declaration(s) are also attached in support of this Motion.

    **c.**  ☐  Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.

    **d.**  ☒  Other evidence (specify): Please see attached Memorandum of Points and Authorities.

**6.**  ☒  **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this court issue an order terminating or modifying the stay and granting the following** *(specify forms of relief requested)***:**

**1.**  ☒  Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

**2.**  ☐  Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

**3.**  ☒  Additional provisions requested:

    **a.**  ☐  That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    **b.**  ☒  That the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

    **c.**  ☐  That Extraordinary Relief be granted as set forth in the Attachment (*attach Optional Court Form F 4001-1M.ER*).

*Revised October 2005*
808041.01/LA
                                                          **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) – *Page 5 of 10*     **F 4001-1M.RP**

| In re (SHORT TITLE)<br>LBREP/L–SunCal McAllister Ranch LLC<br><br>                                    Debtor(s). | CHAPTER: 11<br><br>CASE NO.: 08-15637-ES |
|---|---|

      d.  ☐  For other relief requested, see attached continuation page.

4.  ☒  If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: October 2, 2008                       Respectfully submitted,

Lehman Commercial Paper Inc., As First Lien Administrative Agent
_____
*Movant Name*

Allen Matkins Leck Gamble Mallory & Natsis LLP
David R. Zaro (CA 124334)

-and-

George A. Davis (NY 2761)
Andrew M. Troop (NY 04556320)
Cadwalader, Wickersham & Taft LLP
_____
*Firm Name of Attorney for Movant (if applicable)*

By: _____
      *Signature*

Name: _____
               David R. Zaro, Esq.
           *Print Name of Individual Movant or Attorney for Movant*

| In re (SHORT TITLE)<br>LBREP/L–SunCal McAllister Ranch LLC<br><br>                                   Debtor(s). | CHAPTER: 11<br><br>CASE NO.: 08-15637-ES |
|---|---|

## REAL PROPERTY DECLARATION
### (MOVANT:  Lehman Commercial Paper Inc., As First Lien Administrative Agent)

I, <u>Craig Malloy, Authorized Signatory for Lehman Commercial Paper Inc., As First Lien Administrative Agent</u>    , declare as follows:
*(Print Name of Declarant)*

1.   I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion ("Property") because (specify):

☐   I am the Movant and owner of the Property.

☐   I manage the Property as the authorized agent for the Movant.

☒   I am employed by Movant as (state title and capacity):  Authorized Signatory

☐   Other (specify):

2.   I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3.   a.   The address of the Property that is the subject of this Motion is:

   *Street Address:*  Please see Rider 1
   *Apartment/Suite No.:*
   *City, State, Zip Code:*

   b.   The legal description or document recording number (including county of recording) set forth in Movant's Deed of Trust is attached as Exhibit   Rider 1  .

   ☒   See attached page.

4.   Type of property (check all applicable boxes):

   a.   ☐   Debtor's(s') principal residence      b.   ☐   Other single family residence

   c.   ☐   Multi-unit residential               d.   ☐   Commercial

   e.   ☐   Industrial                           f.   ☒   Vacant land – Please see Rider 2

   g.   ☐   Other (specify):

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California

Motion for Relief from Stay (Real Property) – *Page 7 of 10*    **F 4001-1M.RP**

| In re (SHORT TITLE)<br>LBREP/L–SunCal McAllister Ranch LLC<br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 08-15637-ES |
|---|---|

5. Nature of Debtor's(s') interest in the Property:

   a. ☒ Sole owner

   b. ☐ Co-owner(s) (*specify*):

   c. ☐ Lien holder (*specify*):

   d. ☐ Other (*specify*):

   e. ☐ Debtor(s)  ☐ did  ☐ did not   list the Property in the Schedules filed in this case.

   f. ☐ Debtor(s) acquired the interest in the Property by  ☐ grant deed  ☐ quitclaim deed  ☐ trust deed

     The deed was recorded on:

6. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 229,337,867.91 | $ | $ 229,337,867.91 |
| b. | Accrued Interest: | $ 13,973,064.36 | $ 1,267,759.10 | $ 15,240,823.46 |
| c. | Late Charges | $ | $ | $ |
| d. | Costs (Attorney's Fees, Other Costs): | $ 415,595.00 | $ | $ 415,595.00 |
| f. | Advances (Property Taxes, Insurance): | $ | $ | $ |
| g. | TOTAL CLAIM as of October 1, 2008: | $ 243,726,527.27 | $ 1,267,759.10 | $ 244,994,286.37 |

   h. ☒ Loan is all due and payable because it matured on (*specify date*): 4/14/08

7. Movant holds a  ☒ deed of trust  ☐ judgment lien  ☐ other (specify)
that encumbers the Property.

   a. A true and correct copy of the document as recorded is attached as Exhibit   A  .

   b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit   B  .

   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit   C  .

8. Status of Movant's claim relating to the Property (*fill in all applicable information requested below*):

   a. Current interest rate: 9.25%

   b. Contractual maturity date: 1/19/10

   c. Amount of current monthly payment: $ N/A

   d. Number of PREPETITION payments that have come due and were not made:   2  . Total amount: $ 2,586,093.48

   e. Number of POSTPETITION payments that have come due and were not made:   N/A  . Total amount: $   N/A  

   f. Date of POSTPETITION default: N/A

   g. Last payment received on the following date:

   h. Notice of default recorded on the following date: 4/22/08

   i. Notice of sale recorded on the following date: 7/30/08

   j. Foreclosure sale originally scheduled for the following date: 8/22/08

   k. Foreclosure sale currently scheduled for the following date: A day following the entry of an order approving this Motion

   l. Foreclosure sale already held on the following date: N/A

   m. Trustee's deed on sale already recorded on the following date: N/A

   n. Future payments due by time of anticipated hearing date (*if applicable*): Loan accelerated, entire amount due 4/14/08. An additional payment of $   N/A   will come due on   N/A  , and on the   N/A   day of each month thereafter. If the payment is not received by the   N/A   day of the month, a late charge of $   N/A   will be charged to the loan.

9. Attached hereto as Exhibit  D   is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor(s) since the petition date.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California

Motion for Relief from Stay (Real Property) – *Page 8 of 10*          **F 4001-1M.RP**

| In re (SHORT TITLE)<br>LBREP/L–SunCal McAllister Ranch LLC<br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 08-15637-ES |
|---|---|

10. ☒ *(Chapter 7 and 11 cases only)*: The fair market value of the entire Property is $ 180,700,000.00 , established by:

    a. ☒ Appraiser's declaration with appraisal attached herewith as Exhibit _E_ .

    b. ☐ A real estate broker or other expert's declaration regarding value attached as Exhibit _____.

    c. ☐ A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as Exhibit _____.

    d. ☐ Other (specify):

11. ☒ The fair market value of the Property is declining based on/due to: Current economic conditions impacting real estate in the United States and lack of funds to perform basic maintenance and preservation of the property.

12. ☒ Calculation of equity in Property:

    a. Based upon    ☒ preliminary title report    ☐ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor(s) (if any) | Amount Known to Declarant and Source |
|---|---|---|---|
| 1st Deed of Trust: | First Lienholders | | $235,000,000.00 |
| 2nd Deed of Trust: | Second Lienholders | | $85,000,000.00 |
| 3rd Deed of Trust: | Third Lienholders | | $75,000,000.00 |
| Judgment Liens: | | | |
| Taxes: | As of 4/23/2008 real property tax | | $13,704.03 |
| Other: | as of 4/23/2008 mechanics liens | | $46,531,555.10 |
| **TOTAL DEBT:** $ 441,545,259.13 | | | |

    b. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit _F_ , and consists of:

       ☒ Preliminary title report

       ☐ Relevant portions of Debtor's(s') Schedules as filed in this case

       ☐ Other (*specify*):

    c. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $ -260,845,259.13 (§ 362(d)(2)(A)).

    d. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $ N/A (§ 362(d)(1)).

    e. Estimated costs of sale: $ 8,131,500.00     (Estimate based upon 4.5 % of estimated gross sales price)

13. ☐ *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:

    a. 341(a) Meeting currently scheduled for (or concluded on) the following date:<br>     Confirmation hearing currently scheduled for (or concluded on) the following date:<br>     Plan confirmed on the following date (*if applicable*):

    b. Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| | | | |
|---|---|---|---|
| (*Number of*) _____ | payment(s) due at $_____ | each = | $ _____ |
| (*Number of*) _____ | payment(s) due at $_____ | each = | $ _____ |
| (*Number of*) _____ | late charge(s) at $_____ | each = | $ _____ |
| (*Number of*) _____ | late charge(s) at $_____ | each = | $ _____ |

*(Continued on next page)*

*Revised October 2005*
808041.01/LA

**F 4001-1M.RP**

Motion for Relief from Stay (Real Property) – *Page 9 of 10*    **F 4001-1M.RP**

| In re (SHORT TITLE)<br>LBREP/L–SunCal McAllister Ranch LLC<br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 08-15637-ES |
|---|---|

c.   Postpetition/preconfirmation advances or other charges due but unpaid:     $ _____
(See attachment for details of type and amount.)

**TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY: $**_____

d.   Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation (if applicable):

(*Number of*) _____ payment(s) due at $_____ each = $ _____
(*Number of*) _____ payment(s) due at $_____ each = $ _____
(*Number of*) _____ late charge(s) at $ _____ each = $ _____
(*Number of*) _____ late charge(s) at $ _____ each = $ _____

e.   Postconfirmation advances or other charges due but unpaid:     $ _____
(See attachment for details of type and amount.)

**TOTAL POSTCONFIRMATION DELINQUENCY:**     $ _____

f.   ☐   The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____.

g.   ☐   See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan (*attach Court Form F 4001-1M.13*).

14.   ☐   Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

15.   ☐   The court determined that the Property qualifies as single asset real estate on _____. More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or the Debtor(s) has/have not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

16.   ☒   See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

17.   ☐   The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

a.   ☐   The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b.   ☐   Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:

1.   Case Name:
Case Number:                     Chapter:
Date Filed:                          Date Dismissed:                     Date Discharged:

Relief from stay re this property      ☐ was      ☐ was not granted.

2.   Case Name:
Case Number:                     Chapter:
Date Filed:                          Date Dismissed:                     Date Discharged:

Relief from stay re this property      ☐ was      ☐ was not granted.

3.   ☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐   See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California

Motion for Relief from Stay (Real Property) – Page 10 of 10    **F 4001-1M.RP**

| In re (SHORT TITLE):<br>LBREP/L–SunCal McAllister Ranch LLC<br>    Debtor(s). | CHAPTER: 11<br>CASE NO.: 08-15637-ES |
| --- | --- |

18.  ☐  Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

   a.  ☐  These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b.  ☐  Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

   c.  ☐  For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on, _October 2, 2008_ at _New York, NY_ (city, state).

Craig Malloy,
Authorized Signatory for Lehman Commercial Paper Inc.,
As First Lien Administrative Agent
_Print Declarant's Name_                                      _Signature of Declarant_

---

| In re (SHORT TITLE)<br>LBREP/L–SunCal McAllister Ranch LLC<br><div align="right">Debtor(s).</div> | CHAPTER: 11<br><br>CASE NO.: 08-15637-ES |
|---|---|

## PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF _____

1.   I am over the age of 18 and not a party to the within action. My business address is as follows:

2.   **Regular Mail Service: On** _____, pursuant to Local Bankruptcy Rule 9013-1, I served the documents described as: NOTICE OF MOTION and MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) on the interested parties at their last known address in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at _____, California, addressed as set forth on the attached list.

> **NOTE:** *If the Notice and Motion have been served pursuant to an Order Shortening Time ("Order"), you must file a Proof of Service that indicates that the notice and service requirements contained in the Order have been met.*

3.   **See attached list for names and addresses of all parties and counsel that have been served.** (*In the manner set forth in Local Bankruptcy Rule 7004-1(b), specify capacity in which service is made; e.g., Debtor(s), Debtor's(s') Attorney, Trustee, Trustee's Attorney, Creditors Committee, or 20 largest unsecured creditors, etc.*)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:

_____
*Typed Name*

_____
*Signature*

**EXHIBIT C**

**EXHIBIT C**



1   CRAIG M. RANKIN (SBN 169844)
    DANIEL H. REISS (SBN 150573)
2   KRIKOR J. MESHEFEJIAN (SBN 255030)
    LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
3   10250 Constellation Blvd., Suite 1700
    Los Angeles, California 90067
4   Telephone: (310) 229-1234
    Facsimile: (310) 229-1244
5
    Attorneys for Chapter 11 Petitioning Creditors (as defined on pg. 2)
6

7
                    UNITED STATES BANKRUPTCY COURT
8
                    CENTRAL DISTRICT OF CALIFORNIA
9
                          SANTA ANA DIVISION
10

11  In re:                          )   Case No. 8:08-bk-15637-ES
                                    )
12  LBREP/L-SunCal  McAllister Ranch, )   Chapter 11
    LLC,                            )
13                                  )   OPPOSITION TO MOTION FOR
          Debtor and Debtor in Possession,  )   RELIEF FROM THE AUTOMATIC
14                                  )   STAY UNDER 11 U.S.C. 362 FILED BY
                                    )   LEHMAN COMMERCIAL PAPER INC.,
15                                  )   AS FIRST LIEN ADMINISTRATIVE
                                    )   AGENT; DECLARATION OF DANIEL
16                                  )   H. REISS
                                    )
17                                  )
                                    )
18                                  )   Date:   October 28, 2008
                                    )   Time:   9:30 a.m.
19                                  )   Place:  Courtroom 5A
                                    )           411 West Fourth Street
20                                  )           Santa Ana, CA 92701
                                    )
21                                  )
                                    )
22                                  )
                                    )
23                                  )
                                    )
24  _____)

25

26

27

28

                                          Exhibit_____ "C"

1.     **The Relationship between the Debtors and LCPI.**

A close relationship exists between LCPI as agent for the First Lien Lenders and the Debtors.  The names of all of the LLCs contain "LBREP".  This is an acronym for Lehman Brothers Real Estate Partners, LP ("LB Real Estate"), the 85% indirect owner of LBREP Holding.  The relationships and ownership structures of these entities and the Developments are, on information and belief, as follows: [16]

[See next page]

---

[15] A true copy of the Fraudulent Conveyance Complaint is annexed as Exhibit "C" to the concurrently filed Request for Judicial Notice.

[16] See the Fraudulent Conveyance Complaint, at pg. 5, ¶18.

**Table 1:**



As shown by the foregoing, SunCal Companies only owns 15% of LBREP Holding (and through LBREP Holding, the Debtor). Consequently, there is no question that Lehman Brothers entities are firmly in control of the Debtor.

Lehman Brothers entities historically have been and are also in control of a substantial amount of the Debtor's secured debt. As set forth in the Relief from Stay Memorandum,[17] LBI was a party to the First Lien Credit Agreement as the "arranger"; LCPI is the first lien administrative agent for the First Lien Lenders; and LCPI was, through February 14, 2008,

---

[17] As previously defined in footnote 4; see also, footnote 14.

administrative agent under the Second and Third Lien Credit Agreements.[18]    Consequently,

LCPI is now seeking relief from stay to foreclose against any entity that is owned and

controlled by Lehman Brothers entities.

    LCPI recently released $102,000 from the Development Account to fund bankruptcy

counsel for these involuntary bankruptcy cases.[19]    The Relief from Stay Motion was filed after

payment of the retainer.    According to LCPI, after retaining counsel from monies advanced by

LCPI, the Debtors informed LCPI that they will not oppose the Relief from Stay Motions.[20]

Counsel for the Petitioning Creditors has requested that the Debtors take action to oppose the

Relief from Stay Motion.[21]    The Debtors have not yet informed the Petitioning Creditors of

their intention in this regard.    It is hard to understand the purpose of paying retainers if the

Debtors intend to simply allow the First Lien Lenders to take all of the Debtors' assets

through foreclosure.

        **2.**        **Creditor interests need to be protected.**

    There are substantial creditor interests to protect outside of LCPI and other Lehman

Brothers entities' interests.    Due to the large scale of the Developments, hundreds of

construction and trade creditors provided goods and services with respect to the

Developments in good faith with the expectation of being paid for those goods and services.[22]

There is also over $150 million of debt owed to the Second and Third Lien Lenders.

---

[18] See the Relief from Stay Memorandum, pg. 4, n. 5.
[19] See letter dated September 30, 2008 from LCPI to Gramercy, annexed hereto as Exhibit "A".
[20] See the Relief from Stay Memorandum, pg. 3, n. 4.
[21] See letter from Daniel Reiss to Scott Clarkson and Paul Couchot dated October 7, 2008, annexed hereto as Exhibit "B".  Mr. Clarkson informed Mr. Reiss that he will be representing all four Debtors, and that Mr. Couchot has not been retained as counsel to any of the Debtors. See letter from Scott Clarkson to Daniel Reiss dated October 8, 2008, annexed hereto as Exhibit "C".

**EXHIBIT D**

**EXHIBIT D**

RECEIVED
AUG 20 2008
By _____

1  ALLEN MATKINS LECK GAMBLE
      MALLORY & NATSIS LLP
2  DAVID R. ZARO (BAR NO. 124334)
   ROBERT R. BARNES (BAR NO. 144881)
3  FRANCIS N. SCOLLAN (BAR NO. 186262)
   515 South Figueroa Street, Ninth Floor
4  Los Angeles, California 90071-3309
   Phone:  (213) 622-5555
5  Fax:  (213) 620-8816
   E-Mail:  dzaro@allenmatkins.com
6         fscollan@allenmatkins.com

7  Attorneys for Defendant
   LEHMAN COMMERCIAL PAPER INC.

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             COUNTY OF KERN - METROPOLITAN DIVISION

11

| | |
|---|---|
| 12  SUPERIOR PIPELINES, INC., a California corporation, | Case No. S-1500-CV 263573 WDP |
| 13                      Plaintiff, | Date:    August 21, 2008<br>Time:    8:30 a.m. |
| 14        vs. | Dept:    15<br>Judge:   Hon. William D. Palmer |
| 15  LBREP/L-SUNCAL MCALLISTER RANCH LLC, a Delaware limited liability company, et al., | STATEMENT OF LEHMAN COMMERCIAL PAPER INC. REGARDING PROCEEDINGS ON WRIT OF ATTACHMENT AS TO THIRD PARTY MCALLISTER RANCH IRRIGATION DISTRICT |
| 16 | |
| 17                      Defendants. | |
| 18 | |
| 19 | |
| 20 | Complaint Filed:   April 15, 2008 |
| 21 | |

22         Lehman Commercial Paper Inc. ("LCPI"), a defendant in this action and the holder

23  of an interest superior to that of Superior Pipelines, Inc., plaintiff ("Superior Pipelines"), in

24  the property at issue, respectfully submits this statement in respect of the proceedings

25  regarding the writ of attachment obtained by Superior Pipelines and served upon third-

26  party McAllister Ranch Irrigation District ("MRID").  The proceedings presently include

27  Superior Pipelines' application for third-party examination of MRID and MRID's request

28  for review of the issuance of the writ of attachment.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

804151.01/LA

Exhibit "D"

LCPI STATEMENT RE WRIT OF ATTACHMENT PROCEEDINGS

I. **INTRODUCTION: Superior Pipelines Is Junior to LCPI, And No Purpose Is Served By Litigating Over the MRID Money In the Attachment Proceedings.**

No matter how the money already paid to MRID is characterized, Superior Pipelines has no rights to it. If, as MRID maintains, it owes nothing to defendant LBREP/L-Suncal McAllister Ranch LLC ("Suncal McAllister"), then Superior Pipelines has no asset upon which the sheriff may levy. If, as Superior Pipelines maintains, Suncal McAllister does have rights to a refund or return of deposit, then LCPI, as administrative agent for several lenders, holds a perfected security interest that is earlier in time and superior in priority to whatever lien Superior Pipelines may have by virtue of its writ of attachment and related papers. Suncal McAllister itself has no equity in the funds, above and beyond the amounts owing to LCPI. Either way, nothing is payable to Superior Pipelines. Thus, no purpose is served by litigating over whether MRID actually owes anything to McAllister Ranch in these attachment proceedings.

II. **The MRID Property**

The property at issue ("MRID Property") has been described in various ways:

- "accounts with third parties, where such funds are being held as deposits, advances or otherwise in the name of or for the benefit of defendant LBREP/L-Suncal McAllister Ranch LLC" (Superior Pipelines' application for a right to attach order, temporary protective order, and order for issuance of writ of attachment at ¶ 14);

- "any monies held by. . . McAllister Ranch Irrigation District as deposits, advances or otherwise for the benefit of in the name of defendant LBREP/L-Suncal McAllister Ranch LLC" (Temporary Protective Order, Finding 2.i);

- "all property of defendant LBREP/L-Suncal McAllister Ranch LLC which is subject to attachment . . . . and which is held by . . . McAllister Ranch Irrigation District" (Writ of Attachment ¶ 5);

- unused "deposit monies" held by MRID (Memorandum of points and authorities in support of ex parte application for order to appear for examination at 4);

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1     •  "monies provided by [Suncal McAllister] to MRID for work orders to be

2         completed by MRID" on the project (Memorandum of points and authorities in

3         opposition to request of defendant McAllister Ranch Irrigation District for

4         hearing to review writ at 3);

5     It seems mostly undisputed that Suncal McAllister paid MRID more than $1.5

6 million for work orders to be performed by MRID for project work.  At present, not all of

7 that amount has been used; Superior Pipelines estimates the unused portion at around

8 $1,000,000.  Section 488.010 et seq. of the Code of Civil Procedure describes the various

9 kinds of property subject to attachment — growing crops, tangible personal property,

10 chattel paper, instruments, securities, etc. — and sets forth the method of attaching such

11 property.  The MRID Property is best characterized as an account receivable or general

12 intangible under Code of Civil Procedure Section 488.470, as those terms are defined at

13 Code of Civil Procedure Sections 481.030 and 481.115 and in the Uniform Commercial

14 Code.

15 **III.**   **LCPI Has A Security Interest In The MRID Property**

16     LCPI is the administrative agent for various lenders that are party to a $235,000,000

17 First Lien Credit Agreement among LBREP/L-Suncal Master I LLC ("Suncal Master"),

18 the lenders, Lehman Brothers Inc., and LCPI dated as of January 19, 2006 ("Credit

19 Agreement").  The lenders lent Suncal Master approximately $235,000,000 under the

20 Credit Agreement.

21     Under a First Lien Guarantee and Collateral Agreement dated as of January 19,

22 2006 ("Guarantee and Collateral Agreement"), Suncal McAllister, along with several other

23 parties, guaranteed Suncal Master's obligations under the Credit Agreement and certain

24 other agreements.  Suncal McAllister's guarantee obligation is joint and several.  (Article 2

25 of the Guarantee and Collateral Agreement, and in particular Section 2.1.)  Suncal

26 McAllister's guarantee obligation to LCPI is presently at least $230,000,000.

27     Under the Guarantee and Collateral Agreement, Suncal McAllister granted LCPI a

28 security interest in substantially all of Suncal McAllister's personal-property assets (other

1    than money and oil, gas, or other minerals before extraction).  (Section 3.1 of the

2    Guarantee and Collateral Agreement.)  Under the Uniform Commercial Code,[1] the

3    personal property in which a security interest may be granted is divided into several

4    mutually exclusive, collectively exhaustive types of collateral:  accounts, chattel paper,

5    commercial tort claims, deposit accounts, documents, general intangibles (including

6    payment intangibles), goods, instruments, investment property, letter-of-credit rights,

7    money, and oil, gas, or other minerals before extraction.  See UCC § 9102 generally and

8    § 9102(42) in particular.

9        The indication of collateral in the Guarantee and Collateral Agreement includes all

10    of those types of collateral (except money and oil, gas, or other minerals before extraction)

11    specifically as those types are defined in the UCC.  (Section 1.1 of the Guarantee and

12    Collateral Agreement.)  Accordingly, LCPI has a security interest in almost everything that

13    Suncal McAllister owns or acquires.

14        This includes in particular all of Suncal McAllister's "Accounts" and "General

15    Intangibles."  As discussed above, the MRID Property is either an account receivable or

16    general intangible under the Code of Civil Procedure.

17        A filing statement with LCPI as agent for secured party and Suncal McAllister as

18    debtor was filed January 20, 2006, with the Delaware Secretary of State.  The collateral

19    indication is "all assets;" section 9504(2) of the UCC specifically provides that "all assets"

20    is a sufficient indication of the covered collateral in a financing statement.  The financing

21    statement also goes on to include a comprehensive supplemental statement of the

22    collateral, similar to the description of the collateral in the Guarantee and Collateral

23    Agreement.

24        Delaware was the proper jurisdiction for filing.  A registered organization such as a

25    corporation or limited liability company is "located" in the state in which it is registered,

26

---

[1]  Certain documents purport to be governed by New York law, others by California law.
Because there are no relevant differences between the California and New York
enactments of the Uniform Commercial Code, for the sake of simplicity all UCC
references will be to the California Uniform Commercial Code, except where otherwise
noted.

1    section 9307(e): Suncal McAllister is a Delaware limited liability company. Under

2    section 9301(1) of the California UCC, the general rule is that the local law of the

3    jurisdiction in which the debtor is located governs perfection of the security interest, that is

4    Delaware, so Delaware is the proper jurisdiction in which to file the financing statement.

5    The filing of the financing statement was sufficient to perfect LCPI's security interest in

6    most of the assets, including in particular the MRID Property. See section 9310 of the

7    UCC.

8        In other words, LCPI had a perfected security interest in most of Suncal

9    McAllister's assets, including any rights to payment with respect to the MRID Property, as

10   of January 2006.

11   **IV.    Lehman's Security Interest In The MRID Property Is Superior In Priority To**

12          **Superior Pipelines' Attachment Lien.**

13       Under the Code of Civil Procedure, Superior Pipeline obtained an attachment lien

14   on the MRID Property in April 2008 (assuming such attachment was valid).

15   Section 488.500 provides that a levy on property under a writ of attachment creates an

16   attachment lien on the property from the time of the levy. Superior Pipeline is thus a "lien

17   creditor" under section 9102(52)(A)(i) of the UCC. The first-in-time rule applies: a

18   security interest perfected in 2006 is senior to an attachment lien obtained in 2008. As

19   Paragraph 4:93 of Cal. Prac. Guide: Enforcing Judgments and Debts (The Rutter Group

20   2008) explains, an existing security interest defeats an attachment lien:

21       **Property subject to security interest:** An attachment lien ordinarily only
         reaches defendant's interest in property *at the time of the levy.* When
22       defendant's property is already subject to a *perfected security interest,* the
         levy effectively only reaches defendant's *equity* in the property (if any).

23   (Emphasis in the original.)

24       This all operates in a somewhat mechanical fashion, but the conclusion is

25   inescapable: LCPI has a perfected security interest in Suncal McAllister's rights, whatever

26   they may be, with respect to the MRID Property. That security interest is senior in time

27

28

1    and priority to Superior Pipelines' lien.  Suncal McAllister has no equity, above and

2    beyond LCPI's secured claim, in the MRID Property.

3    **V.    CONCLUSION.**

4    　　　　If Suncal McAllister has no rights with respect to the money it paid to MRID, then

5    Superior Pipelines has nothing to levy upon.  If Suncal McAllister does have such rights,

6    Superior Pipelines' loses to LCPI.  In light of such an outcome, LCPI respectfully suggests

7    that nothing need be done in this proceeding to address the potentially difficult disputes

8    raised by MRID and Superior Pipelines.  The parties should be permitted to focus their

9    energies on the underlying foreclosure action.

10

11    Dated:  August 19, 2008　　　　　　　　ALLEN MATKINS LECK GAMBLE
　　　　　　　　　　　　　　　　　　　　　　　MALLORY & NATSIS LLP
12    　　　　　　　　　　　　　　　　　　DAVID R. ZARO
　　　　　　　　　　　　　　　　　　　　ROBERT R. BARNES
13    　　　　　　　　　　　　　　　　　　FRANCIS N. SCOLLAN

14    　　　　　　　　　　　　　　　　　　By:

15    　　　　　　　　　　　　　　　　　　　Francis N. Scollan
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
16    　　　　　　　　　　　　　　　　　　LEHMAN COMMERCIAL PAPER
　　　　　　　　　　　　　　　　　　　　INC.

17

18

19

20

21

22

23

24

25

26

27

28