**QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**
Susheel Kirpalani (SK 8926)
51 Madison Avenue, 22nd Floor
New York, New York  10010
Telephone:  (212) 849-7000
Telecopier: (212) 849-7100

*Special Counsel For The Official Committee*
*Of Unsecured Creditors Of*
*Lehman Brothers Holdings Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., ET AL., | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| Debtors. | |

-----------------------------------------------------------------x

**SUPPLEMENTAL DECLARATION OF SUSHEEL KIRPALANI IN SUPPORT OF APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., ET AL., UNDER 11 U.S.C. §§ 328 AND 1103 AND FED. R. BANKR. P. 2014 AND 5002, FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, AS SPECIAL COUNSEL, NUNC PRO TUNC TO SEPTEMBER 17, 2008**

Susheel Kirpalani hereby declares, under penalty of perjury:

1. I am a member of the firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP ("**Quinn Emanuel**" or the "**Firm**"), a law firm with offices at 51 Madison Avenue, New York, New York 10010, and in Los Angeles, San Francisco, Silicon Valley, California, London, England, and Tokyo, Japan.

2. I submit this declaration in connection with the application (the "**Application**") of the Official Committee of Unsecured Creditors (the "**Creditors'**

**Committee**") of Lehman Brothers Holdings Inc. ("**LBHI**") and its affiliated debtors in possession (collectively, the "**Debtors**"), to retain and employ Quinn Emanuel *nunc pro tunc* effective as of September 17, 2008, as special counsel for the Creditors' Committee in the above-captioned cases, pursuant to sections 328 and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.  I will supplement the Initial Declaration (as defined below) if additional relevant information becomes available during the pendency of these cases.

3. On October 21, 2008, Quinn Emanuel, on behalf of the Creditors' Committee, filed the Application.  I filed an initial declaration (the "**Initial Declaration**"), dated October 21, 2008, in support of the Application.

4. As stated in the Initial Declaration, Quinn Emanuel developed a list of potentially material adverse parties in interest in these chapter 11 cases (the "**Potential Party List**").  Attached as Schedules I and II to the Initial Declaration were entities appearing on the Potential Party List.

5. As stated in the Initial Declaration, Quinn Emanuel conducted a series of searches in its conflicts database to identify its connections with the Debtors, creditors and other parties in interest appearing on the Potential Party List.  The Initial Declaration summarizes the results of these searches.  As set forth therein, and except to the extent provided in paragraphs 18 through 34 of the Initial Declaration, Quinn Emanuel may be adverse in all respects to all of the entities listed on the Potential Party List.  In response to an informal request from the Office of the United States Trustee, I am clarifying that the ability to be adverse includes, for the

avoidance of doubt, the ability to commence litigation against, and defend against litigation initiated by such entities.

6. In the Initial Declaration, I also disclosed that during my tenure at Milbank, I did not represent any of the Debtors or any entity affiliated with the Debtors, nor was I involved in any transaction with the Debtors or their affiliates. In response to an informal request from the Office of the United States Trustee, I am disclosing that during my tenure at Milbank, I represented (a) Teachers Insurance and Annuity Association (in connection with certain trade claims in Solutia Inc.'s chapter 11 cases); (b) Citibank N.A. (in connection with a major airline's customer affinity program); (c) Deutsche Bank Securities Inc. (specifically, its distressed trading desk in documenting significant trades, defending a Rule 2004 investigation relating to Dan River, Inc., a textile and home furnishings company, and as both a creditor of Mirant Americas, Inc. and a defendant in actions brought by the Mirant estate); and (d) JPMorgan Chase, N.A. (assisting in the preparation of a motion to estimate claims under § 502(c) in connection with the Adelphia chapter 11 cases). None of the foregoing representations related to the Debtors, their affiliates or these chapter 11 cases.

7. The foregoing statements are true and correct to the best of my knowledge, information and belief.

November 10, 2008

/s/ Susheel Kirpalani
Susheel Kirpalani
A Member of the Firm

3