UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------------x  
                                                :  
In re                                            :   Chapter 11  

Hearing: January 14, 2009 (10:00 a.m.)  
Objections: January 9, 2009 (4:00 p.m.)

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| Debtors. | |

**RESPONSE OF THE UNITED STATES TRUSTEE TO  
MOTION OF THE WALT DISNEY COMPANY FOR APPOINTMENT OF  
EXAMINER PURSUANT TO SECTION 1104(c)(2) OF THE BANKRUPTCY CODE**

TO:    THE HONORABLE JAMES M. PECK,  
         UNITED STATES BANKRUPTCY JUDGE:

Diana G. Adams, the United States Trustee for Region 2, in furtherance of the duties and responsibilities set forth in 28 U.S.C. §§ 586(a)(3) and (5), hereby files her response (the "Response") to the Motion of The Walt Disney Company for Appointment of Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code (the "Examiner Motion," Docket No. 1143).

### I. SUMMARY STATEMENT

The Walt Disney Company ("TWDC") is requesting that the Court direct the appointment of an examiner pursuant to Bankruptcy Code § 1104(c)(2). Bankruptcy Code § 1104(c)(2) requires the mandatory appointment of an examiner, upon the request of a party in interest or the United States Trustee, provided a debtor's unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceeds $5.0 million.

## II. BACKGROUND

1.  On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings, Inc. ("LBHI") commenced in this Court a voluntary case under chapter 11 of the Bankruptcy Code. LBHI Docket No. 1.

2.  Since the Petition Date, certain of LBHI's direct and indirect subsidiaries (collectively with LBHI, the "Debtors") also have filed voluntary petitions for relief. One of those subsidiaries is Lehman Brothers Commercial Corporation ("LBCC"), which filed a voluntary petition for relief under chapter 11 on October 5, 2008. In re Lehman Brothers Commercial Corporation, Bankr. Case No. 08-13901 (JMP). LBCC Docket No. 1.

3.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only, and are being jointly administered under Federal Rule of Bankruptcy Procedure ("Rule") 1015(b), pursuant to an order of the Court. LBCC Docket No. 5; LBHI Docket No. 86.

4.  TWDC, which has requested the appointment of an examiner, contends that, as of the Petition Date, LBHI owed it approximately $107 million. Examiner Motion, ¶ 4, at 3. TWDC states further that, as of LBCC's October 5, 2008 petition date, LBCC owes TWDC approximately $92 million. Id.

## III. DISCUSSION

The appointment of an examiner pursuant to Bankruptcy Code § 1104(c)(2) is mandatory once the debt threshold has been met.

A.  **The Statute**

Section 1104(c)(2) of the Bankruptcy Code provides as follows:

> (c)  If the court does not order the appointment of a trustee under this section, then at any time before the confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor, if—
>
> > (1)  such appointment is in the interests of creditors, any equity security holders, and other interests of the estate; or
> >
> > (2)  the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000.

11 U.S.C. § 1104(c)(2).[1]

B.  **Applicable Case Law**

Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498 (6th Cir. 1990), the only reported United States Court of Appeals decision on the issue, held that the appointment of an examiner under § 1104(c)(2) is mandatory as opposed to discretionary. *Id.* at 500-501. The significant majority of other courts addressing this issue have acknowledged the mandatory nature of examiner appointments under § 1104(c)(2). *See, e.g.,* In re Loral Space & Commc'ns, Ltd., 2004 WL 2979785 *5 (S.D.N.Y., Dec. 23, 2004) (District Court reversed the bankruptcy

---

[1] This section was originally codified as 11 U.S.C. § 1104(b). Subsections (b) and (c) of § 1104 were redesignated as subsections (c) and (d) by the Bankruptcy Reform Act of 1994, which added a new subsection (b), authorizing trustee elections in Chapter 11 cases. *See* Bankruptcy Reform Act of 1994, Pub. L. No. 103-394 (enacted October 22, 1994, and effective in cases filed after that date). The later enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") did not result in any amendments to § 1104(c).

court's denial of a motion by an *ad hoc* equity committee for the appointment of an examiner, holding that "the Bankruptcy Court had no discretion to deny appointment of an examiner where, as here, the $5,000,000 debt threshold is met and shareholders of a public company have moved for the appointment of an examiner."); In re Schepps Food Stores, Inc., 148 B.R. 27, 30 (S.D. Tex. 1992) (mandatory, but creditor waived right to appointment of examiner by failing to make request until eve of confirmation hearing); In re UAL Corp., 307 B.R. 80, 84-86 (Bankr. N.D. Ill. 2004 (following Revco, and appointing examiner to examine debtor airline's good faith negotiations vis-a-vis its flight attendants); In re Big Rivers Elec. Corp., 213 B.R. 962, 965-66 (Bankr. W.D. Ky. 1997) (appointment of examiner required as a matter of law); In re Mechem Fin. of Ohio, Inc., 92 B.R. 760, 761 (Bankr. N.D. Ohio 1988) (mandatory); In re The Bible Speaks, 74 B.R. 511, 514 (Bankr. D. Mass. 1987) (appointment of examiner required if trustee not appointed, but court appointed trustee); In re Tyler, 18 B.R. 574, 578-79 (Bankr. S.D. Fla. 1982) (appointment of examiner not mandated because moving party failed to establish that debtor's unsecured debts exceeded $5,000,000); In re 1243 20th St., Inc., 6 B.R. 683, 685 n.3 (Bankr. D. D.C. 1980) (mandatory); In re Lenihan, 4 B.R. 209, 211 (Bankr. D. R.I. 1980) (mandatory); *see also* In re Bradlees Stores, Inc., 209 B.R. 36, 38 (Bankr. S.D. N.Y. 1997) (creditors waived right to appointment of examiner to investigate claims arising from leveraged buyout by failing to make request until approximately two years after cases were filed and eight months after issuance of report on same matter by debtors' professionals following a 13-month investigation); *but see* In re Rutenberg, 158 B.R. 230, 233 (Bankr. M.D. Fla. 1993) (court denied motion for appointment of examiner filed by individual debtor no longer engaged in business, where plan and disclosure statement had been filed and such appointment would cause further

delay in the administration of case); In re GHR Co., Inc., 43 B.R. 165, 176 (Bankr. D.Mass. 1984) (court denied motion for appointment of examiner in view of pending motions to appoint a trustee and to change venue and where debtors were not public companies).

## IV.  PROVISIONS OF ORDER

If the Court finds that the $5,000,000 debt threshold is met, the order directing the appointment of an examiner should contain appropriate provisions to address issues that can arise related to the coordination of the examiner's investigation with other investigations of the Debtors, including any governmental investigations that might be ongoing or might later be commenced.  The United States Trustee has participated in the fashioning of workable orders in other cases involving multiple investigations, and requests that she be consulted by the parties in connection with the preparation of any order directing the appointment of an examiner.

## V.  CONCLUSION

As set forth above, the mandatory appointment of an examiner is supported by the plain language of § 1104(c)(2) and decisional law.  Based upon the Examiner Motion filed by The Walt Disney Company, the Court is required to direct the appointment an examiner pursuant to § 1104(c)(2) if the Court finds that the $5,000,000 debt threshold is satisfied.

Dated:  New York, New York
        November 12, 2008                    DIANA G. ADAMS
                                             UNITED STATES TRUSTEE

                                    By:   */s/ Andrew D. Velez-Rivera*
                                          Trial Attorney
                                          33 Whitehall Street, 21st Floor
                                          New York, New York 10004
                                          Tel. No. (212) 510-0500
                                          Fax. No. (212) 668-2255