UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.,              :    08-13555 (JMP)
                                                    :
                            Debtors.                :    (Jointly Administered)
------------------------------------------------------------x

### FIRST SUPPLEMENTAL AFFIDAVIT
### OF ROBERT JAY MOORE IN SUPPORT OF APPLICATION OF
### OFFICIAL COMMITTEE OF UNSECURED CREDITORS
### OF LEHMAN BROTHERS HOLDINGS INC., ET AL., UNDER
### 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002,
### FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF
### MILBANK, TWEED, HADLEY & McCLOY LLP AS COUNSEL,
### EFFECTIVE AS OF SEPTEMBER 17, 2008

STATE OF NEW YORK        )
                         )   SS.:
COUNTY OF NEW YORK       )

ROBERT JAY MOORE, being duly sworn, says:

1. I submit this First Supplemental Affidavit (the "Affidavit") as a supplement to my affidavit dated October 21, 2008 (the "Initial Affidavit"), pursuant to section 1103(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which was submitted in support of the application, dated October 21, 2008 (the "Application"),[1] of the Official Committee of Unsecured Creditors (the "Creditors' Committee" or the "Committee") appointed in the above-captioned chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, as debtors and debtors in possession

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application or in the Initial Affidavit.

(collectively, the "Debtors" and, together with their non-Debtor affiliates, "Lehman"), for an order, pursuant to section 1103 of the Bankruptcy Code and Bankruptcy Rules 2014 and 5002, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), authorizing the employment and retention of Milbank, Tweed, Hadley & M$^c$Cloy LLP ("Milbank") as counsel to the Creditors' Committee, effective as of September 17, 2008. This Affidavit supplements the disclosures set forth in the Initial Affidavit and is submitted in support of the Application. By order of the Court dated November 5, 2008, the employment of Milbank as counsel to the Creditors' Committee, effective as of September 17, 2008, was approved on an interim basis. A final hearing on the Application is scheduled for November 20, 2008.

2.   I am a partner of the firm of Milbank, proposed counsel to the Creditors' Committee, and a partner in its Financial Restructuring Group and a member of the Task Force established to oversee the continuing process of identifying to the fullest extent possible all connections that Milbank, and its attorneys and employees, had in the past and presently have to the Debtors, Lehman, the chapter 11 cases, and the parties in interest in the chapter 11 cases and to gather the information required to complete this Affidavit. I have consulted with, and relied upon the input obtained from, the members of the Task Force and I, or other members of the Task Force, have knowledge of all facts described herein.

3.   Unless otherwise stated in this Affidavit, I have knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.[2]

4.   In preparing this Affidavit, I used the Milbank Disclosure Procedures outlined in the Initial Affidavit, and among other things, applied those procedures to the

---

[2]   Certain of the disclosures set forth herein relate to matters not within my personal knowledge, but rather within the personal knowledge of other attorneys and employees at Milbank, and are based on information provided by them to the Task Force.

2

supplemental list of parties in interest and attorneys employed by the Debtors which was supplied by the Debtors' counsel to Milbank after October 21, 2008.

### Milbank's Additional Connections with the Debtors and Parties in Interest

5.      Based upon the information gathered by the Task Force using the Milbank Disclosure Procedures, to the best of my knowledge the following sets forth the connections, in addition to those disclosed in the Initial Affidavit, that Milbank, its attorneys and its employees have with regard to the Debtors, their creditors, and other parties in interest in these chapter 11 cases as of the date of this Affidavit.

Connections with the Debtors, Counsel, etc.

6.      Except as set forth below and in the Initial Affidavit, to the best of my knowledge: (a) no Milbank attorney has been, within two years before the date of filing of the Debtors' petitions, a director, officer or employee of any of the Debtors as specified in subparagraph (C) of section 101(14) of the Bankruptcy Code, and (b) the attorneys of Milbank (i) do not have any connection with the Debtors, the Debtors' creditors known to Milbank, or any other known party in interest, or their respective attorneys and accountants and (ii) consistent with Bankruptcy Code section 1103(b), do not represent in connection with these chapter 11 cases any other entity having an adverse interest.

7.      Except as set forth in this paragraph, and the related paragraph 18 in the Initial Affidavit, to the best of my knowledge, no attorney or employee of Milbank is related to counsel or accountants to the Debtors and other parties in interest.  In addition to the matters set forth in the Initial Affidavit, certain Milbank attorneys have relatives, spouses or domestic partners who are employed by the counsel to the Debtors or other parties in interest, as follows: a Milbank partner's wife is special counsel at Baker McKenzie LLP ("Baker"); a Milbank

3

partner's brother is employed at Freshfields Bruckhaus Deringer; a Milbank partner's brother-in-law is general counsel at Marsh & McLennan Companies; a Milbank partner's daughter is an associate at Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"); a Milbank partner's brother-in-law is of counsel at Simpson Thacher & Bartlett LLP; a Milbank associate's wife is an associate at Paul Weiss; a Milbank associate's husband is an associate at Gibson, Dunn & Crutcher LLP; a Milbank associate's husband is an associate at Jones Day; a Milbank associate's husband is an attorney at Latham Watkins LLP ("Latham"); a Milbank associate's brother-in-law is an attorney at Latham; a Milbank associate's sister and brother-in-law work in the London office of Schulte Roth & Zabel LLP; a Milbank associate's sister-in-law is an attorney at White & Case LLP ("W&C"); a Milbank associate's brother is an employee of W&C; and a Milbank associate's domestic partner is an associate at Willkie Farr & Gallagher LLP. In addition, a Milbank associate intends to clerk for a Southern District of New York judge in 2009 and a Milbank employee has a loan sold or serviced by a former Lehman affiliate. In each instance the applicable Milbank attorney and/or employee will not be assigned to any matters in these chapter 11 cases that involve such institution, and has been advised in writing of, and directed to maintain, his or her duty of confidentiality with respect to client matters. Finally, on November 12, 2008, the Debtors filed a motion for authority to retain Natixis Capital Markets Inc. ("Natixis") as a strategic advisor in regard to the disposition of certain complex financial instruments, which is set for hearing on December 3, 2008; Milbank has been advised that Natixis intends to retain Frank C. Puleo, a retired Milbank partner, as a non-legal consultant to Natixis in connection with its retention by the Debtor.

4

8. To the best of my knowledge, neither Milbank nor any attorney or employee at the firm is a creditor, an equity security holder or an insider of the Debtors, except as described in the Application and Initial Affidavit.[3]

9. As described in the Application and Initial Affidavit, Milbank has agreed not to seek to collect from Lehman, subject to approval by the Bankruptcy Court of its retention as counsel to the Committee, any amount owing to Milbank by Lehman for accrued and unpaid fees for services rendered or reimbursement for expenses incurred (whether or not billed) as of the Initial Petition Date. Without limiting the foregoing, Milbank reserves the right to seek payment directly from third parties who may be liable to pay such amounts with respect to the applicable transaction, but agrees that it shall not seek payment from any such third party to the extent that, to the knowledge of Milbank, such third party has a contractual right to seek reimbursement or indemnity from a Lehman Entity on account of a payment to Milbank.

<u>Connections with Creditors</u>

10. Using information in the Database and by making specific inquiries of Milbank personnel, Milbank attorneys under the supervision of the Task Force verified that, except as set forth below and in the Initial Affidavit, Milbank does not represent in connection with these chapter 11 cases any entity on the Client Match List known by Milbank to be a creditor of the Debtors or other person or entity that has appeared as a creditor in these chapter 11 cases.

11. Except as disclosed in the Initial Affidavit, no single creditor or party in interest client of Milbank referenced in this Affidavit accounted for more than 1% of Milbank's

---

[3] As disclosed in the Initial Affidavit, as of the Petition Date certain attorneys and employees of Milbank held stock issued by LBHI; each such person has either donated such shares to charity, or sold such shares and donated the proceeds to charity, as proposed in the Initial Affidavit.

5

gross revenues for the year ending December 31, 2007 or for 2008 year to date and, in the aggregate, such representations (each representing less than 1%) represented an additional 0.24% of Milbank's gross revenues for the year ending December 31, 2007 and an additional 0.26% of Milbank's gross revenues year to date as of August 31, 2008.

12.  Exhibit A to this Affidavit set forth a list of the current and former clients of Milbank and Milbank attorneys who have appeared as creditors or parties in interest in the chapter 11 cases since the date of the Initial Affidavit.[4] To the extent that the interests of the Creditors' Committee and a known Milbank client in an unrelated matter conflict in respect of Lehman, Milbank either will procure a waiver from such client or the conflicts matter will be handled by Conflicts Counsel. If any litigation arises between the Creditors' Committee and any of these clients in connection with the chapter 11 cases, the Creditors' Committee will be represented by Conflicts Counsel in such litigation.

13.  Milbank is carrying on further inquiries of its partners, counsel and associates with respect to the matters contained herein and in the Initial Affidavit. Milbank will file supplemental declarations regarding this retention as and if any additional relevant information comes to its attention.

_____
ROBERT JAY MOORE

Sworn to before me this 13th day
of November, 2008

_____
Notary Public

DEBRA ESPOSITO
NOTARY PUBLIC, State of New York
No. 01ES4504379
Qualified in Queens County
Certificate Filed In New York County
Commission Expires Aug. 31, 20__

---

[4] Entities on Exhibit A identified as former clients of Milbank may in the future become current clients of Milbank.

# EXHIBIT A

| Party In Interest | Relationship with Milbank[5] | Relationship with Debtors |
|---|---|---|
| Allen & Overy LLP | Current client on unrelated matter | Employed professional |
| Allianz Global Investors AG | Former client of Milbank attorney on unrelated matter | Potential party in interest |
| Broadridge Processing Solutions, Inc. | Current client on unrelated matter | Potential party in interest |
| Cadwalader, Wickersham & Taft LLP | Former client of Milbank attorney on unrelated matter | Employed professional |
| Chuo Mitsui Trust And Banking Co. | Former client on unrelated matter | Potential party in interest |
| Computer Associates International Inc. | Former client on unrelated matter | Listed on Debtors' list of 100 largest holders of trade debt |
| Deutsche Bank Securities Inc. | Current client on unrelated matter | Potential party in interest |
| Dominion | Affiliate of a current client on unrelated matter | Utility |
| Dorsey & Whitney LLP | Affiliate of current client on unrelated matter | Employed professional |
| Federal Home Loan Bank Of Pittsburgh | Former client of Milbank attorney on unrelated matter | Potential party in interest |
| KPMG, LLP | Former client of Milbank attorney on unrelated matter | Listed on Debtors' list of 100 largest holders of trade debt |
| Lexis Nexis | Current client on unrelated matter | Listed on Debtors' list of 100 largest holders of trade debt |

---

[5] A "current client" is an entity for which there are, as of the Petition Date, active matters on which Milbank is engaged; a "former client" is an entity for which there were no active matters as of the Petition Date, but there may in the future be active matters; and a "former client of Milbank attorney" is an entity that was a client of a Milbank attorney prior to such attorney's employment by Milbank.

| Party In Interest | Relationship with Milbank[5] | Relationship with Debtors |
|---|---|---|
| Mercer Marsh & McLennan Companies | Affiliate of former client on unrelated matter | Employed professional |
| Mitsui Company | Current client on unrelated matter | Employed professional |
| Morrison & Foerster LLP | Affiliate of current client on unrelated matter | Employed professional |
| Newport Global Advisors LP | Current client on unrelated matter | Potential party in interest |
| Open Solutions Inc. | Former client of Milbank attorney on unrelated matter | Potential party in interest |
| Oversea-Chinese Banking Corp. Ltd. | Former client of Milbank attorney on unrelated matter | Potential party in interest |
| Pacific Gas & Electric Company | Affiliate of current client on unrelated matter | Potential party in interest |
| PJM Interconnection, L.L.C. | Former client of Milbank attorney on unrelated matter | Potential party in interest |
| Sempra Energy Solutions | Current client on unrelated matter | Utility |
| Snell & Wilmer | Current client on unrelated matter | Employed professional |
| Sonnenschein Nath & Rosenthal | Former client of Milbank attorney on unrelated matter | Employed professional |
| Sprint Nextel Corp | Former client of Milbank attorney on unrelated matter | Potential party in interest |
| Tata American International | Former client of Milbank attorney on unrelated matter | Potential party in interest |
| The Bank of Tokyo-Mitsubishi UFJ, Ltd | Current client on unrelated matter | Potential party in interest |

| Party In Interest | Relationship with Milbank[5] | Relationship with Debtors |
|---|---|---|
| The Chuo Mitsui Trust And Banking Co., Ltd | Former client on unrelated matter | Potential party in interest |
| Tishman Speyer Properties, L.P. | Affiliate of current client on unrelated matter | Potential party in interest |
| Union Bank Of California, N.A. | Current client on unrelated matter | Potential party in interest |