| | |
|---|---|
| **BINGHAM McCUTCHEN LLP**<br>399 Park Avenue<br>New York, NY 10022<br>(212) 705-7000<br>Jeffrey S. Sabin<br>Ronald J. Silverman<br>Sabin Willett, *admitted pro hac vice*<br>Rheba Rutkowski, *admitted pro hac vice*<br><br>Counsel to Harbinger Capital Partners Special Situations Fund, L.P. and Harbinger Capital Partners Master Fund I, Ltd. (f/k/a Harbert Distressed Investment Master Fund Ltd.) | Hearing Date: November 20, 2008, 2:00 p.m.<br>Objection Deadline: November 13, 2008, 4:00 p.m. |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re                                              :    Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.,*  :    Case No. 08-13555 (JMP)
:
Debtors.         :    (Jointly Administered)
:
---------------------------------------------------------------x

**LIMITED OBJECTION OF THE HARBINGER FUNDS TO DEBTORS' MOTION
PURSUANT TO BANKRUPTCY RULE 1007(C) TO FURTHER
EXTEND THE TIME TO FILE THE DEBTORS' SCHEDULES,
STATEMENTS OF FINANCIAL AFFAIRS, AND RELATED DOCUMENTS**

Harbinger Capital Partners Special Situations Fund, L.P. and Harbinger Capital Partners Master Fund I, Ltd., f/k/a Harbert Distressed Investment Master Fund, Ltd., (collectively, the "Harbinger Funds") submit this limited objection to the Debtors' Motion pursuant to Bankruptcy Rule 1007(c) to further extend the time to file the Debtors' schedules, statements of financial affairs, and related documents (the "Further Extension Motion") [Dkt. No. 1232 and Dkt. No. 1244]. In support of this limited objection, the Harbinger Funds state as follows:

1.    The Harbinger Funds are substantial creditors of Lehman Brothers Holdings Inc. ("LBHI"). They are obligees under counterparty arrangements with Lehman Brothers Special

A/72747665.3

Financing Inc. ("LBSF"). LBSF has substantial indebtedness to the Harbinger Funds, in the amount of $269,051,317[1], pursuant to certain International Swap Dealers Association, Inc. ("ISDA") swap agreements, including that certain Master Agreement dated as of July 28, 2006 by and between LBSF and Harbinger Capital Partners Special Situations Fund, L.P., and that certain Master Agreement dated as of May 20, 2005 by and between LBSF and Harbinger Capital Partners Master Fund I, Ltd. (f/k/a Harbert Distressed Investment Master Fund, Ltd.). That indebtedness is, in turn, guaranteed by LBHI.[2]

2.      The Harbinger Funds acknowledge that the Debtors' chapter 11 cases are the largest and, arguably, the most complex chapter 11 cases ever filed. We also appreciate that the volume of information that the Debtors are required to disclose in these cases has placed heavy demands on the Debtors' personnel and resources. Nevertheless, the Debtors' request for a further extension of 60 days (through January 13, 2009) within which to file their Schedules[3] is inappropriate and should be denied by the Court.

3.      Bankruptcy Rule 1007(c) requires debtors to file their Schedules 15 days after the commencement of a chapter 11 case. Fed. R. Bankr. P. 1007(c). LBHI's chapter 11 case commenced on September 15, 2008, almost 60 days ago.

4.      Bankruptcy Rule 1007(c) also permits the Court to extend the 15-day time period upon a showing of cause. Fed. R. Bankr. P. 1007(c). On September 16, 2008, the Court entered an order granting the Debtors' motion for an extension of the time to file their Schedules by an

---

[1] This figure is exclusive of accrued interest, expenses and other costs and charges (whether arising by contract, applicable law or otherwise) and the Harbinger Funds reserve the right to revise this figure in the future.

[2] LBHI executed guarantees that unconditionally guaranteed "the due and punctual payment of all amounts payable" by LBSF to the Harbinger Funds under the swap agreements. *See* Guarantee at ¶ A (Exhibit A to ISDA Agreement).

[3] Unless otherwise indicated, capitalized terms used herein shall have the meanings ascribed to them in the Further Extension Motion.

additional 45 days (the "First Extension Motion") [Dkt. No. 5], through and including November 14, 2008 [Dkt. No. 52]. After the Further Extension Motion was filed, the Court entered a bridge order extending the deadline from November 14, 2008 until such time as the Court has entered an order determining the Further Extension Motion [Dkt. No. 1234].

5. The clear intent of Bankruptcy Rule 1007(c) is to ensure that the Schedules are filed (and provided to creditors) in a timely fashion in the early stages of a bankruptcy case. As a result of the First Extension Motion and the Further Extension Motion, the Debtors seek (at least) 120 days within which to file the Schedules (without prejudice to the right to seek further extensions).

6. The Debtors have previously indicated to this Court that the migration of personnel to Barclays Capital Inc. ("Barclays"), and the difficulty in translating expressions of support from senior Barclays management into real-time information flow at the desk level, have slowed the process of gathering and compiling documentation and information in these chapter 11 cases. *See* Oct. 16, 2008 Hrg. Tr. at 68 and 71. The Debtors and their financial advisors, Alvarez & Marsal ("A&M"), have also advised that they should be in a position to respond to requests for documentation and information and answer specific inquiries (of creditors) within 45-60 days from the day cooperation begins. *See* Oct. 16, 2008 Hrg. Tr. at 46, 47 and 67.

7. Accordingly, the Court should only grant the Debtors a further extension of time to file the Schedules until mid-December 2008. The Debtors should be required to file the Schedules by no later than December 15, 2008 and to the extent any part thereof remains incomplete, the Debtors should so state in their filing and supplement it as soon as possible thereafter (as is ordinarily done in other bankruptcy cases). This approach will yield valuable information to creditors much sooner than contemplated under the Further Extension Motion and

avoids continued blanket non-disclosure by the Debtors. If the Debtors are continuing to experience problems with accessing documentation and information and procuring the cooperation of Barclays and/or the Joint Administrators, the Debtors have ample and better remedies (such as seeking assistance from this Court) than further delaying the provision of the Schedules.

8. Although Bankruptcy Rule 1007(c) does allow extensions of time, such extensions must be reasonable and may be granted only upon a showing of cause by the Debtors. The Debtors have otherwise failed to show any, let alone adequate, cause for a further extension that goes beyond December 15, 2008. Instead, the Debtors effectively rely upon the same grounds stated in support of the first extension.

9. The Schedules should contain critical financial and corporate information pertaining to the Debtors, the timely disclosure of which is essential to ensure protection of creditor rights and transparency in these chapter 11 cases. The Debtors and A&M have previously acknowledged and agreed that they have understood the Court's admonitions concerning the need for transparency in these cases. *See* Oct. 16 2008 Hrg. Tr. at 62 and 69. Any delay in filing the Schedules beyond December 15, 2008 will contravene both the Court's admonitions and the Debtors' assurances in this regard.

10. Finally, the need for all interested parties to understand and resolve numerous intercompany issues concerning Lehman affiliates demands that the Schedules be filed by no later than December 15, 2008. These chapter 11 cases are jointly administered. A number of affiliates, some of them subject to foreign proceedings, engaged in complex intercompany transfers. Potential intercompany issues must be resolved and the Schedules are necessary to reach any such resolution.

## REQUEST FOR WAIVER OF MEMORANDUM OF LAW

11. As there are no novel issues of law presented, the Harbinger Funds respectfully request that the Court waive the requirement that the Harbinger Funds file a memorandum of law in support of this limited objection pursuant to Local Bankruptcy Rule 9013-1(b).

## CONCLUSION

For the foregoing reasons, the Harbinger Funds respectfully request that the Court (i) grant the Further Extension Motion, but require the Schedules to be filed by no later than December 15, 2008; and (ii) grant such other, further relief as the Court deems just and proper.

Dated: New York, New York
November 13, 2008

**BINGHAM McCUTCHEN LLP**

By: /s/ Jeffrey S. Sabin
Jeffrey S. Sabin
Ronald J. Silverman
Sabin Willett, *admitted pro hac vice*
Rheba Rutkowski, *admitted pro hac vice*
399 Park Avenue
New York, New York 10022
Telephone No.:  (212) 705-7000
Facsimile No.:  (212) 752-5378

*Counsel to Harbinger Capital Partners Special Situations Fund L.P. and Harbinger Capital Partners Master Fund I, Ltd. (f/k/a Harbert Distressed Investment Master Fund Ltd.)*