**Hearing Date and Time: December 3, 2008 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: November 28, 2008 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
**In re**                                             :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,          :    **08-13555 (JMP)**
:
Debtors.                                        :    **(Jointly Administered)**
:
:
-------------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION, PURSUANT TO
SECTIONS 105(a) AND 363(b)(1) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 6004 FOR AUTHORIZATION
TO ADVANCE CERTAIN LEGAL COSTS TO FORMER EMPLOYEES**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") for authorization to advance certain legal costs to former employees of the Debtors, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **December 3, 2008 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

NY2:\1934501\04\15G_504!.DOC\58399.0003

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be received no later than **November 28, 2008 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: November 13, 2008
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: December 3, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: November 28, 2008 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                                           :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :    **08-13555 (JMP)**
:
Debtors.                                          :    **(Jointly Administered)**
:
:
------------------------------------------------------------x

**DEBTORS' MOTION, PURSUANT TO SECTIONS
105(a) AND 363(b)(1) OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 6004, FOR AUTHORIZATION TO
ADVANCE CERTAIN LEGAL COSTS TO FORMER EMPLOYEES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this Motion and respectfully represent:

**Background**

      1.    Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

NY2:\1934501\04\15G_504!.DOC\58399.0003

"Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

## Jurisdiction

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Lehman's Business

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide. Its headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

6.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Relief Requested

7.      By this Motion, the Debtors seek authorization, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, to advance legal costs up to an aggregate amount of $3 million for certain former employees that are not otherwise covered by an applicable insurance policy for such costs and have been individually named in various arbitration proceedings or are the subjects of government investigations relating to their association with Lehman. Furthermore, to prevent any adverse consequences to the Debtors in the pending investigations and arbitration proceedings, the Debtors request that, pursuant to Bankruptcy Rule 6004(g), the Court direct that the order granting the requested relief be effective immediately upon entry.

## The Investigations and Arbitration Proceedings

8.      Prior to and since the Commencement Date, various government and regulatory entities have initiated investigations (the "Investigations") concerning the sale of auction rate securities by Lehman. In addition, multiple arbitration proceedings (the "Arbitration Proceedings") have been commenced against various Lehman entities, such as LBI, by the Financial Industry Regulatory Authority ("FINRA") and other private institutions. The Arbitration Proceedings primarily relate to the sale of auction rate securities, but also include certain employment disputes against former managers of Lehman.

9.  During the course of the Investigations, several of Lehman's former employees have been advised that they are under investigation and/or have been required to appear as witnesses before various grand juries or regulatory authorities. In addition, nineteen (19) former employees have been individually named as defendants in the Arbitration Proceedings. None of the foregoing employees are covered by an applicable insurance policy, such as a directors and officers policy, that would otherwise be available to pay the legal costs incurred in connection with the Investigations and Arbitration Proceedings. Additional former employees who are not covered by insurance may also be subject to similar investigations and proceedings (all such individuals who are, or may in the future be, the subject of investigations, arbitration proceedings, and similar litigations, collectively, the "Employees"). Consistent with LBHI's By-Laws and long standing policies and procedures, all of the Employees are entitled to indemnification from LBHI for their legal costs and any judgments that may be rendered against them.

10. In the ordinary course of their prepetition business, the Debtors provided counsel to and paid the defense costs of the Employees involved in the Investigations and Arbitration Proceedings. However, since the Commencement Date, the Debtors have been unable to pay the legal costs the Employees continue to accrue. As a result, many of the Employees' legal counsel have threatened to discontinue providing representation unless outstanding fees are paid and assurance is provided that their legal costs will be paid regularly on a going forward basis. Moreover, the Debtors understand that deadlines in the Arbitration Proceedings are quickly approaching and no further extensions will be granted by opposing counsel or FINRA.

11. Due to the complexity and significance of the Investigations and Arbitration Proceedings, the Employees need the assistance of legal counsel. If the Employees' legal costs are not paid, the Debtors believe that many, if not all, of the Employees will be unable or unwilling to obtain adequate representation. Such a turn of events could have adverse consequences to the Debtors and their estates. Most seriously, the matters as to which the Employees may be testifying are sensitive and, if unrepresented, the Employees may unintentionally impair the Debtors' ability to later prosecute estate claims and causes of action against third parties. In addition, it is foreseeable that a finding of wrongdoing or liability against the Employees may be used, or attempted to be used, to judicially prejudice or prosecute claims against the Debtors. Adequate representation of the Employees' named in the Arbitration Proceedings is especially critical because to the extent such Employees suffer adverse judgments or rulings, they could have indemnification claims against LBHI. Moreover, there is always the potential that any judgments rendered against the Employees in the Arbitration Proceedings could be significant. Accordingly, in order to protect their interests, and the concomitant interests of the estates, the Debtors request authority to pay the legal costs of the Employees subject to the conditions below.

## The Debtors' Proposal to Pay Employee Legal Costs

12. To ensure that the Employees involved in the Investigations and Arbitration Proceedings are adequately represented, the Debtors seek authorization to pay the legal costs incurred by the Employees up to an aggregate cap of $3 million. The various legal counsel to the Employees will submit monthly bills and expenses subject to review by the Debtors and the Creditors' Committee for reasonableness. In addition, before any disbursements are made, the Debtors would require that each Employee execute (a) a written affirmation of the

Employee's belief that he or she has conducted himself or herself in good faith and reasonably believed that such conduct was in the best interests of the Debtors, and (b) a written undertaking to repay the legal costs paid by the Debtors if it is determined that the Employee has acted in bad faith.

13. To be clear, the various legal counsel representing the Employees are not being retained as professionals of the Debtors' estates. Rather, such counsel will continue to provide services directly to the individual Employees, but may be paid by the Debtors.

### Funding the Employees' Legal Costs Is an Appropriate Exercise of the Debtors' Business Judgment

14. Ample cause exists for granting the relief requested herein. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). When considering a transaction outside the ordinary course of business, courts in the Second Circuit, and others, require that such transaction be based upon the sound business judgment of the debtor. *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1070 (2d Cir. 1983); *accord In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992); *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996) (*citing Fulton State Bank v. Schipper* (*In Re Schipper*), 933 F.2d 513, 515 (7th Cir. 1991)); *Institutional Creditors of Cont'l Airlines, Inc. v. Cont'l Airlines, Inc.* (*In re Cont'l Airlines, Inc.*), 780 F.2d 1223, 1226 (5th Cir. 1986).

15. It is commonly understood that "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). If a valid business justification

exists, there is a strong presumption that "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (*quoting Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993). The burden of rebutting this presumption falls to parties opposing the proposed exercise of a debtor's business judgment. *Id.*

16. The Debtors submit that the relief requested herein satisfies this standard and is in the best interests of the Debtors and their estates and creditors. If the Employees, who otherwise have indemnification claims, are not represented by counsel in connection with the Investigations and Arbitration Proceedings, there may be serious consequences to the Debtors, including inadvertent disclosures and testimony given that may prejudice the Debtors' ability to later prosecute claims and causes of action held by the estates. In addition, as noted above, an inference of wrongdoing or a finding of liability against the Employees may be used to judicially prejudice and prosecute claims against the estates.

17. With respect to the Investigations in particular, it is in the best interests of the Debtors' estates that the Employees cooperate with the government agencies to timely and accurately conclude and resolve the Investigations. The Investigations are highly complex and require a significant dedication of time and resources by the Debtors. A quick and efficient resolution of the Investigations would allow the Debtors to focus exclusively on the administration of their estates.

18. Lastly, if the Employees are forced to personally bear the legal costs arising from their prior employment with Lehman, the Debtors are likely to face considerable difficulty in recruiting and hiring talented individuals to assist in the administration of the

estates.  As described in the Debtors' motion, dated October 29, 2008, to implement the retention and recruitment program, the recruitment of former Lehman employees with detailed knowledge about the Debtors' business is critical to the Debtors' ability to maximize recoveries for all stakeholders.  If those individuals were to learn that the Debtors have wholly abandoned their former employees, who are the subject of the Investigations and Arbitration Proceedings solely as a result of their employment by Lehman, that may seriously prejudice the Debtors' ability to recruit such individuals.  The Debtors, and their stakeholders, simply cannot afford to take that risk.

19. The overwhelming benefits associated with the Motion far outweigh the relatively *de minimis* costs.  Although the Debtors have yet to identify all allowable claims against the estates, it is likely that $3 million represents a very small fraction of the total amount of the assets of, and claims that may be allowed against, the estates.  Accordingly, the aggregate amounts that may be expended if the requested relief is granted is a relatively modest price to pay for the multitude of benefits identified herein.

20. Indeed, in other chapter 11 cases, courts in this district have granted similar relief.  *See In re Delphi Corp.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 13, 2005) [Docket No. 198] (authorizing debtors' to advance legal costs up to an aggregate cap of $5 million for employees, including 19 former employees, engaged in defending shareholder class actions and participating in investigations initiated by the Securities and Exchange Commission); *In re Worldcom, Inc.*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. Oct. 15, 2002) [Docket No. 1607] (authorizing advancement of legal fees and related costs, including settlement amounts for employees named individually in lawsuits up to $3 million and legal costs for employees named as witnesses in government investigations up to a cap of $1 million).

### **Waiver of Bankruptcy Rules 6004(h)**

21.     The Debtors request a waiver of the stay of the order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).[1]

### **Notice**

22.     No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

---

[1] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.

23. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: November 13, 2008
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
　　　　　　　　　　　　　　　　　　　　　　　　　　:
In re　　　　　　　　　　　　　　　　　　　　　　 :　Chapter 11 Case No.
　　　　　　　　　　　　　　　　　　　　　　　　　　:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,　 :　08-13555 (JMP)
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Debtors.　　　　　　　　　　　　　:　(Jointly Administered)
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
-----------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION, PURSUANT TO SECTIONS 105(a) AND 363(b)(1) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 FOR AUTHORIZATION TO ADVANCE CERTAIN LEGAL COSTS TO FORMER EMPLOYEES

　　　　　Upon the motion, dated November 13, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to advance certain legal costs to former employees not otherwise covered by an applicable insurance policy for such costs, but who may hold indemnification claims against LBHI, that are now or may in the future be the subject of a Lehman related investigation, arbitration proceeding, or litigation (collectively, the "Employees"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting

NY2:\1934501\04\15G_504!.DOC\58399.0003

C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

   ORDERED that the Motion is granted; and it is further

   ORDERED that the Debtors are authorized to advance up to $3 million for the payment of legal costs of the Employees; and it is further

   ORDERED that before the legal costs of an individual Employee are paid: (i) such Employee must execute (a) a written affirmation of the Employee's belief that he or she has conducted himself or herself in good faith and reasonably believed that such conduct was in the best interests of the Debtors, and (b) a written undertaking to repay the legal costs paid by the Debtors if it is determined that the Employee has acted in bad

faith; and (ii) the fees and expenses of the various law firms representing the Employees must be reviewed by the Debtors and the Creditors' Committee for reasonableness; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rule 6004(h),[1] the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: November __, 2008
      New York, New York

                                                           _____
                                                           UNITED STATES BANKRUPTCY JUDGE

---

[1] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.