WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                          :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    **08-13555 (JMP)**
:
Debtors.                      :    **(Jointly Administered)**
:
:
------------------------------------------------------------------x

### DECLARATION OF SHAI Y. WAISMAN IN SUPPORT OF ORDER TO SHOW CAUSE SCHEDULING A HEARING TO CONSIDER DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO ENTER INTO A TRANSITION SERVICE AGREEMENT WITH LEHMAN EUROPE

SHAI Y. WAISMAN, being duly sworn, hereby declares pursuant to section 1746 of title 28 of the United States Code:

1. I am an attorney admitted to practice before this Court and a partner of Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman") filed in the United States Bankruptcy Court for the Southern District of New York. Unless otherwise indicated, I have knowledge of the facts set forth herein from various employees of the Debtors and from the Debtors' professionals.

2. I am submitting this declaration in support of the Order to Show Cause being contemporaneously submitted to schedule a hearing on expedited notice with respect to the Debtors' motion, dated November 13, 2008 (the "Motion"), pursuant to sections 105(a) and 363(b) of the title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to enter into a transition services agreement (the "TSA") with Lehman Europe and the Administrators (each as defined in the Motion).

3. The Court entered an order, dated September 22, 2008 [Docket No. 285] (the "Case Management Order"), implementing certain notice and case management procedures in the Debtors' chapter 11 cases. Pursuant to the Case Management Order, a motion seeking relief pursuant to Bankruptcy Rule 2002(a)(2) requires twenty days' notice. The Debtors are requesting an order shortening the notice period ordinarily required for a hearing on the Motion under Bankruptcy Rule 2002(a)(2) and the Case Management Order.

4. As discussed below, ample cause exists to expedite approval of the TSA, because (i) the Debtors cannot access their substantial book of business in Europe without the TSA; (ii) the TSA will stem the flow of critical employees exiting Lehman Europe; and (iii) the TSA allows Lehman Europe to fund the payroll on November 28, 2008 for employees critical to the Debtors and the administration of their chapter 11 cases.

5. Prior to the commencement of these chapter 11 cases, Lehman's businesses operated on an integrated and seamless basis, and information was shared among the businesses. Since the commencement of these chapter 11 cases and Lehman Europe's joint administration, the access to key employees and information systems and the flow of critical information has ceased.

6. As described more fully in the Motion, the TSA provides the Debtors with access to employees, assets, and services provided by Lehman Europe, and reciprocally, allows Lehman Europe the same rights with respect to employees, assets, and services provided by the Debtors. The Debtors require the TSA primarily to unwind their substantial book of business in Europe, which consists of more than one million trading positions and billions of dollars in receivables for the estate. In short, without the TSA, the Debtors cannot access the employees and information systems necessary to manage their substantial book of business in Europe. Each day that passes, the Debtors risk losing value that would otherwise be preserved and maximized for the benefit of their estates and all stakeholders in these cases.

7. Lehman Europe controls parts of the information systems with data and applications related to the Debtors' trading positions in Europe. The Debtors have been sealed off from those parts of the information systems since the commencement of these cases, and as a result, the Debtors cannot execute trades or gather any information related to their European book of business. The Debtors also require the expertise of Lehman Europe's employees to unwind their trading positions. Those employees possess familiarity with the Debtors' trading positions, many of which involve complex derivatives and other exotic instruments. Moreover, replicating that level of expertise with other employees would prove unfeasibly costly and time-consuming. Without the employees and information systems provided through the TSA, the Debtors cannot manage their trading positions in Europe, and the value of those positions will likely diminish as a result of market volatility and other market forces.

8. Since the commencement of these cases, many of Lehman Europe's employees, including employees who possess critical knowledge of the Debtors' operations, have departed. Some of these employees were transferred to other companies in connection with

the sale of certain businesses related to Lehman Europe. The Administrators have chosen to discharge other employees in their efforts to maximize the value of Lehman Europe's estates. Still other employees have left Lehman Europe due to the uncertainty or unavailability of funding for their remuneration costs. Unless and until a TSA is in place, Lehman Europe will likely lose more of these critical employees.

9. While the TSA was executed on November 13, 2008, the Administrators of Lehman Europe believe that the effect of the chapter 11 cases makes the TSA unenforceable against the Debtors absent Court approval. As a result, to avoid _any_ potential liability to Lehman Europe and its estates, the Administrators are unwilling to provide any services until the Court approves the TSA. While immediate approval is critical on these facts alone, as asset values may be declining on a daily basis, approval of the TSA is urgently requested as the Administrators are required to pay the wages of certain employees whose immediate assistance the Debtors require on November 28, 2008. Absent approval, these employees will not receive their past due wages and there is a marked risk they will leave.

10. Accordingly, the Debtors respectfully requests that the Court enter the Order to Show Cause and schedule a hearing on the Motion so that it may be heard on November 20, 2008 at 2:00 p.m. (Prevailing Eastern Time) and responses, if any, to be filed with the Court on or before November 19, 2008 at 4:00 p.m. (Prevailing Eastern Time), with courtesy copies delivered to the Court.

11. The Debtors have not requested the relief herein from this or any other court.

Dated: November 14, 2008
      New York, New York

                                           /s/ Shai Y. Waisman
                                                Shai Y. Waisman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
 :
Debtors. : (Jointly Administered)
 :
 :
------------------------------------------------------------------x

**ORDER TO SHOW CAUSE AND NOTICE FIXING HEARING
DATE TO CONSIDER DEBTORS' MOTION PURSUANT TO SECTIONS
105(a) AND 363(b) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO
ENTER INTO A TRANSITION SERVICE AGREEMENT WITH LEHMAN EUROPE**

Upon the motion, dated November 13, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code for authorization to enter into a transition services agreement among the Debtors, Lehman Europe, and the Administrators (each as defined in the Motion) and the declaration of Shai Y. Waisman, dated November 13, 2008 (the "Waisman Declaration"), filed in support of the Motion and the request to shorten notice of the hearing on the Motion; and the Court having jurisdiction to consider the request to shorten notice in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and upon consideration of the relief requested in the Waisman Declaration and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that, pursuant to Local Rule 9077-1, no notice of the relief requested in the Waisman

Declaration need be provided; and the Court having determined that the relief requested in the Waisman Declaration is in the best interests of the Debtors, their estates, and all parties in interest; and the Court having determined that the legal and factual bases set forth in such declaration establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the hearing to consider the Motion shall be held on **November 20, 2008 at 2:00 p.m.** (Prevailing Eastern Time), before the Honorable James M. Peck, United States Bankruptcy Judge, in Room 601, of United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York; and it is further

ORDERED that that the Debtors shall serve the Motion in accordance with the Court's Case Management Order [Docket No. 285] on or before **November 13, 2008** on all parties entitled to receive notice of the Motion; and it is further

ORDERED that the foregoing shall constitute good and sufficient notice of the hearing on the Motion; and it is further

ORDERED that any objections to the Motion must be filed and served so that they are actually received by: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Harvey R. Miller and Shai Y. Waisman, attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys

for the official committee of unsecured creditors appointed in these cases, so as to be so field and served no later than **November 19, 2008 at 4:00 p.m. (prevailing Eastern Time)**.

Dated: November __, 2008
      New York, New York

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE