UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :   08-13555 (JMP)
                                                            :
                        Debtors.                            :   (Jointly Administered)
                                                            :
                                                            :
------------------------------------------------------------x

## AFFIDAVIT AND DISCLOSURE STATEMENT OF NEIL C. ERICKSON, ON BEHALF OF JEFFER, MANGELS, BUTLER & MARMARO LLP

STATE OF CALIFORNIA        )
                           ) ss:
COUNTY OF LOS ANGELES      )

Neil C. Erickson, being duly sworn, upon his oath, deposes and says:

1. I am a Partner of the law firm of Jeffer, Mangels, Butler & Marmaro LLP, located at 1900 Avenue of the Stars, 7th Floor, Los Angeles, California 90067 (the "Firm").

2. Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. Except where it has obtained conflict waiver letters, the Firm does not

5739812v1

perform services for any such person in connection with these chapter 11 cases. In addition, except where it has obtained conflict waiver letters, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5. Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

6. The Debtors owe the Firm $262,728.70 for prepetition services.

7. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.[1]

DATED: November 7, 2008

_____
NEIL C. ERICKSON

Subscribed and sworn to before me
this 7th day of Nov., 2008

_____
Notary Public

LAURA SCHICK
Commission # 1583993
Notary Public - California
Los Angeles County
My Comm. Expires Jun 29, 2009

---

[1] If necessary.

2

5739812v1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    08-13555 (JMP)
                                                               :
                    Debtors.                                   :    (Jointly Administered)
                                                               :
                                                               :
---------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEHMAN BROTHERS HOLDINGS INC. OR ANY OF ITS DEBTOR AFFILIATES (collectively, the "Debtors")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT. RETURN IT FOR FILING BY THE DEBTORS, TO:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn:   Jennifer Sapp
        Christopher Stauble

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

   Jeffer, Mangels, Butler & Marmaro LLP
   1900 Avenue of the Stars, 7th Floor
   Los Angeles, California 90067

2. Date of retention: December 20, 2007

3. Type of services provided (accounting, legal, etc.):

   Legal.

5739812v1

4. Brief description of services to be provided:

   Transactional and litigation services in connection with loans to SunCal.

5. Arrangements for compensation (hourly, contingent, etc.)

   Hourly.

   (a) Average hourly rate (if applicable):

   Not applicable.

   (b) Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

   $30,000 to $75,000.

6. Prepetition claims against the Debtors held by the firm:

   Amount of claim:    $262,728.70

   Date claim arose:   September 14, 2008

   Source of Claim:    Unpaid legal services.

7. Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm: None.

   Name: _____

   Status: _____

   Amount of Claim:  $_____

   Date claim arose: _____

   Source of claim: _____

   _____

   _____

   _____

4

8. Stock of the Debtors currently held by the firm: None.

   Kind of shares: _____

   No. of shares: _____

9. Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm: None.

   Name: _____

   Status: _____

   _____

   Kind of shares: _____

   No. of shares: _____

10. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

    See attached conflict waiver letters.

11. Name of individual completing this form:

    Neil C. Erickson

5739812v1



**JMBM** | Jeffer Mangels Butler & Marmaro LLP

Scott M. Kalt, Esq.
Direct: (310) 785-5314
SKalt@jmbm.com

1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
(310) 203-8080  (310) 203-0567 Fax
www.jmbm.com

Ref: 67242-0009

May 16, 2008

**VIA EMAIL – victor@hudsonllc.com**

SGS Holdings, LLC
c/o Hudson Capital, LLC
11601 Wilshire Blvd., Ste. 1600
Los Angeles, CA 90025
ATTN: Victor Coleman

**VIA EMAIL – dbroderi@lehman.com**

Lehman Brothers
399 Park Avenue, 8th Floor
New York, New York 10022
ATTN: David S. Broderick, Esq.

Re:   Consent to Representation

Dear Victor and Mr. Broderick:

Jeffer, Mangels, Butler & Marmaro LLP ("JMBM") has recently been requested to represent SGS Holdings, LLC ("SGS"), in connection with a loan modification (the "Transaction") with Lehman Ali Inc. ("Lehman"). JMBM has in the past, and continues today, to represent both SGS and Lehman in other unrelated matters. The California Rules of Professional Conduct applicable to attorneys require that we inform you of the possibility that certain conflicts of interest may arise in connection with our representation of SGS in the Transaction and that we obtain the written consent from SGS and Lehman to our representation as more particularly described below. Attached is a copy of Rule 3-310 "Avoiding the Representation of Adverse Interests".

The purpose of this letter is to confirm in writing that (i) SGS and Lehman have been fully apprised that we separately represent SGS and Lehman in other unrelated matters, (ii) SGS and Lehman agree that JMBM will represent SGS in the Transaction and will not represent Lehman, and (iii) we may continue to represent SGS and Lehman in separate unrelated matters.

The attorneys at JMBM working on the Transaction will not, with respect to the Transaction, use any confidential information of Lehman and will not divulge any confidential information of Lehman to SGS.

By limiting our representation to SGS only in this matter, JMBM will not be representing parties with conflicting interests. However, you should understand that we will pursue and protect only SGS's interests and not Lehman's interests in the Transaction. We therefore recommend that Lehman obtain independent counsel to advise them of their rights.

If litigation were to arise between SGS and Lehman as a result of the Transaction, JMBM will not represent any party in connection therewith.

SGS Holdings, LLC
Lehman Brothers
May 16, 2008
Page 2

As stated above, the California Rules of Professional Conduct require that an attorney obtain the written consent of each party involved in conflicting representation. A client must be fully informed of the potential conflicts involved in this representation and must give his written consent to the representation based on such information.

We are not acting as your counsel in advising you with respect to this letter, as we would have a conflict of interest in doing so. If you wish to be advised by independent counsel on the question of whether you should be so represented, we urge you to consult with independent counsel of your choice. If you have any questions or would like additional information, we would be happy to discuss this matter with you further.

If, after considering the information set forth above, SGS and Lehman consent to JMBM's representation of SGS in connection with the Transaction, and they consent to JMBM's continuing representation of SGS and Lehman in connection with other unrelated matters, please execute the attached Consent on the next page, and return it to us. Should you have any questions, feel free to call me.

Very truly yours,

SCOTT M. KALT,
a Professional Corporation of
Jeffer, Mangels, Butler & Marmaro LLP

SMK:ntf
Enclosure

## CONSENT

We have read the foregoing letter and have been informed and understand that JMBM represents Lehman and SGS in accordance with the terms set forth herein.

Lehman Ali Inc.

By: _____
Name: David S. Broderick
Title: AUTHORIZED SIGNATORY

SGS Holdings, LLC,
a Delaware limited liability company

By: Hudson Capital, LLC,
    a California limited liability company,
    its authorized agent

    By: _____
    Name: _____
    Title: _____

SGS Capital, LLC
Lehman Brothers
May 16, 2008
Page 3

"Rule 3-310. Avoiding the Representation of Adverse Interests."

(A)  For purposes of this rule:

    (1) "Disclosure" means informing the client or former client of the relevant circumstances and of the actual and reasonably foreseeable adverse consequences to the client or former client;

    (2) "Informed written consent" means the client's or former client's written agreement to the representation following written disclosure;

    (3) "Written" means any writing as defined in Evidence Code section 250.

(B)  A member shall not accept or continue representation of a client without providing written disclosure to the client where:

    (1) The member has a legal, business, financial, professional, or personal relationship with a party or witness in the same matter; or

    (2) The member knows or reasonably should know that:

        (a) the member previously had a legal, business, financial, professional, or personal relationship with a party or witness in the same matter; and

        (b) the previous relationship would substantially affect the member's representation; or

    (3) The member has or had a legal, business, financial, professional, or personal relationship with another person or entity the member knows or reasonably should know would be affected substantially by resolution of the matter; or

    (4) The member has or had a legal, business, financial, or professional interest in the subject matter of the representation.

(C)  A member shall not, without the informed written consent of each client:

    (1) Accept representation of more than one client in a matter in which the interests of the clients potentially conflict; or

    (2) Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict; or

    (3) Represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter.

SGS Holdings, LLC
Lehman Brothers
May 16, 2008
Page 4

- (D) A member who represents two or more clients shall not enter into an aggregate settlement of the claims of or against the clients, without the informed written consent of each client.

- (E) A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

- (F) A member shall not accept compensation for representing a client from one other than the client unless:

    - (1) There is no interference with the member's independence of professional judgment or with the client-lawyer relationship; and

    - (2) Information relating to representation of the client is protected as required by Business and Professions Code section 6068, subdivision (e); and

    - (3) The member obtains the client's informed written consent, provided that no disclosure or consent is required if:

        - (a) such nondisclosure is otherwise authorized by law; or

        - (b) the member is rendering legal services on behalf of any public agency which provides legal services to other public agencies or the public.

# JMBM | Jeffer Mangels Butler & Marmaro LLP

David P. Waite
dwaite@jmbm.com

1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
(310) 203-8080  (310) 203-0567 Fax
www.jmbm.com

May 29, 2008

Lehman ALI, Inc.
Lehman Brothers Holdings, Inc.
c/o Joelle Halperin
Lehman Brothers
399 Park Avenue, 8th Floor
New York, NY 10022

Peter K. Kofoed
Senior Vice President
iStar Financial, Inc.
One Galleria Tower
13355 Noel Road, Suite 900
Dallas, TX 75240

Re: Waiver of Potential Conflict of Interest

Dear Ms. Halperin and Mr. Kofoed:

We understand that iStar Financial, Inc. ("iStar") holds the senior lien position on the Spring Mountain Ranch property located in Riverside California, and that iStar has recently initiated foreclosure proceedings. We have been requested to represent iStar in connection with land use permitting and entitlement matters pertaining to such foreclosure and/or a proposed transaction involving the conveyance by SMR Ventures, LLC ("SMR") to iStar of a deed in lieu of foreclosure to the Spring Mountain Ranch property ("Land Use Matters").

Jeffer, Mangels, Butler & Marmaro LLP ("JMBM") has represented in the past, and continues today to represent Lehman ALI, Inc. and Lehman Brothers Holdings, Inc. (collectively, "Lehman") in unrelated matters. JMBM also has represented in the past, and continues today to represent iStar in unrelated matters. Lehman ALI, Inc. has a loan on the Spring Mountain Ranch project which is secured by a partnership interest in SMR. Lehman Brothers Holdings, Inc. has an equity interest in the Spring Mountain Ranch project through Troxler Residential Ventures XII, LLC, a joint venture member of SMR.

The California Rules of Professional Conduct applicable to attorneys require that we inform you of the possibility that certain conflicts of interest may arise in connection with our representation of iStar on Land Use Matters and that we must obtain the written consent of all of you to that joint representation. Attached is a copy of Rule 3-310 "Avoiding the Representation of Adverse Interests."

Joelle Halperin
Peter Kofoed
May 29, 2008
Page 2

The purpose of this letter is to confirm that (i) Lehman has been apprised of our role as counsel to iStar in connection with the Land Use Matters, (ii) Lehman has consented to our representation of iStar in the Land Use Matters, (iii) Lehman is aware of and consents to our continuing representation of iStar in unrelated matters; and (iv) iStar is aware of and consent to our current and continuing representation of Lehman in unrelated matters.

In representing iStar in Land Use Matters, JMBM will not be representing parties with conflicting interests. By this Consent to Representation, JMBM is not precluded from representing iStar or Lehman now or in the future on unrelated matters. If litigation were to arise between iStar and Lehman, JMBM would decline to represent either iStar or Lehman in any dispute.

As stated above, the California Rules of Professional Conduct require that an attorney obtain the written consent of each party involved in conflicting representation. A client must be fully informed of the potential conflicts involved in this representation and must give his, her or its written consent to the representation based on such information.

We are not acting as your counsel in advising you with respect to this letter as we would have a conflict of interest in doing so. If you wish to be advised by independent counsel on the question of whether you should be so represented, we would advise you to consult with independent counsel of your choice. In addition, if you have any questions or would like additional information, we would be happy to discuss this matter with you further.

If, after considering the information set forth above, you consent to our joint representation of each of you, please indicate your approval by signing the enclosed duplicate original of this letter in the spaces provided and return it to us as soon as possible.

Best regards,

Very truly yours,

DAVID P. WAITE of
Jeffer, Mangels, Butler & Marmaro LLP

DPW:L
cc:   David Broderick, Esq.
       Lehman Brothers Holdings, Inc.
       Benzion J. Westreich, Esq.,
       Katten Muchin Rosenman, LLP
       Neil Erickson, Esq., JMBM

5392061v2

Joelle Halperin
Peter Kofoed
May 29, 2008
Page 3

## CONSENT

The undersigned have read the attached letter, have been informed and understand that Jeffer, Mangels, Butler & Marmaro LLP will represent iStar Financial, Inc. in connection with Land Use Matters, and that Jeffer, Mangels, Butler & Marmaro LLP will continue to provide representation to iStar and Lehman in connection with other unrelated matters, and the undersigned consent to the representation described in the attached letter.

Dated: _____     iSTAR FINANCIAL, INC.


                            By: _____
                            Its: _____


Dated: 6·02·08              LEHMAN ALI, INC.

                            By: [signature]
                            Its: AUTHORIZED SIGNATORY


Dated: 6·02·08              LEHMAN BROTHERS HOLDINGS, INC.

                            By: [signature]
                            Its: AUTHORIZED SIGNATORY


5392061v2

Joelle Halperin
Peter Kofoed
May 29, 2008
Page 4

"Rule 3-310. Avoiding the Representation of Adverse Interests."

I.      For purposes of this rule:

     A.      "Disclosure" means informing the client or former client of the relevant circumstances and of the actual and reasonably foreseeable adverse consequences to the client or former client;

     B.      "Informed written consent" means the client's or former client's written agreement to the representation following written disclosure;

     C.      "Written" means any writing as defined in Evidence Code section 250.

II.      A member shall not accept or continue representation of a client without providing written disclosure to the client where:

     A.      The member has a legal, business, financial, professional, or personal relationship with a party or witness in the same matter; or

     B.      The member knows or reasonably should know that:

         1.      the member previously had a legal, business, financial, professional, or personal relationship with a party or witness in the same matter; and

         2.      the previous relationship would substantially affect the member's representation; or

     C.      The member has or had a legal, business, financial, professional, or personal relationship with another person or entity the member knows or reasonably should know would be affected substantially by resolution of the matter; or

     D.      The member has or had a legal, business, financial, or professional interest in the subject matter of the representation.

III.      A member shall not, without the informed written consent of each client:

     A.      Accept representation of more than one client in a matter in which the interests of the clients potentially conflict; or

     B.      Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict; or

Joelle Halperin
Peter Kofoed
May 29, 2008
Page 5

    C.    Represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter.

IV.    A member who represents two or more clients shall not enter into an aggregate settlement of the claims of or against the clients, without the informed written consent of each client.

V.    A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

VI.    A member shall not accept compensation for representing a client from one other than the client unless:

    A.    There is no interference with the member's independence of professional judgment or with the client-lawyer relationship; and

    B.    Information relating to representation of the client is protected as required by Business and Professions Code section 6068, subdivision (e); and

    C.    The member obtains the client's informed written consent, provided that no disclosure or consent is required if:

        1.    such nondisclosure is otherwise authorized by law; or

        2.    the member is rendering legal services on behalf of any public agency which provides legal services to other public agencies or the public.

Joelle Halperin
Jaime Sohacheski
Robert Flaxman
August 1, 2008
Page 6

    C.    Represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter.

IV.    A member who represents two or more clients shall not enter into an aggregate settlement of the claims of or against the clients, without the informed written consent of each client.

V.    A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

VI.    A member shall not accept compensation for representing a client from one other than the client unless:

    A.    There is no interference with the member's independence of professional judgment or with the client-lawyer relationship; and

    B.    Information relating to representation of the client is protected as required by Business and Professions Code section 6068, subdivision (e); and

    C.    The member obtains the client's informed written consent, provided that no disclosure or consent is required if:

        1.    such nondisclosure is otherwise authorized by law; or

        2.    the member is rendering legal services on behalf of any public agency which provides legal services to other public agencies or the public.

JMBM Jeffer Mangels Butler & Marmaro LLP

# JMBM | Jeffer Mangels Butler & Marmaro LLP

Jeffrey L. Reuben
Direct: (310) 201-3505
Fax: (310) 712-8505
JLR@jmbm.com

1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
(310) 203-8080  (310) 203-0567 Fax
www.jmbm.com

August 1, 2008

Lehman ALI, Inc.
Lehman Brothers Holdings, Inc.
c/o Joelle Halperin
Lehman Brothers
399 Park Avenue, 8th Floor
New York, NY 10022

Crown Montelucia Associates, LLC
18201 Von Karman Avenue
Suite 950
Irvine CA 92612
Attn: Robert Flaxman, Member

Jaime Sohacheski
c/o Crown Management Company
8665 Wilshire Blvd.
Suite 200
Beverly Hills CA 90211

Re:    Waiver of Potential Conflict of Interest

Ladies and Gentlemen:

    Lehman Brothers Holdings, Inc. ("Lehman") is a mezzanine lender with respect to the project owned by Crown Montelucia Associates ("Crown") located in Arizona known as the "Montelucia Spa & Resort" (hereafter, "Montelucia"). Jaime Sohacheski has provided certain guarantees to Lehman in connection with the financing and construction of Montelucia. Jeffer, Mangels, Butler & Marmaro LLP ("JMBM") represented Crown in connection with the preparation of the organizational documents pertaining to the entities which own and operate Montelucia.

    Crown is in the process of restructuring (the "Restructuring") the primary financing with Eurohypo Bank ("EHY") and possibly Lehman's mezzanine financing. Although the law firm of Rutan & Tucker LLP is Crown's primary borrower's counsel in this regard, we have been asked to assist with respect to tax planning and tax structuring.

    JMBM has represented in the past, and continues today, to represent Lehman in unrelated matters.

    The California Rules of Professional Conduct applicable to attorneys require that we inform you of the possibility that certain conflicts of interest may arise in connection with our representation of Crown and Jaime Sohacheski in connection with the Restructuring and that we

Joelle Halperin
Jaime Sohacheski
Robert Flaxman
August 1, 2008
Page 2

must obtain the written consent of all of you to that representation. Attached is a copy of Rule 3-310 "Avoiding the Representation of Adverse Interests."

The purpose of this letter is to confirm that (i) Lehman has been apprised of our role as counsel to Crown and Jaime Sohacheski in connection with the Restructuring, (ii) Lehman has consented to our representation of Crown and Jaime Sohacheski in connection with the Restructuring, (iii) Lehman is aware of and consents to our continuing representation of Crown and Jaime Sohacheski in unrelated matters; and (iv) Crown and Jaime Sohacheski are aware of and consent to our current and continuing representation of Lehman in unrelated matters.

In representing Crown and Jaime Sohacheski in connection with the Restructuring, JMBM will not be representing parties with conflicting interests with respect to Lehman. By this Consent to Representation, JMBM is not precluded from representing Crown, Jaime Sohacheski or Lehman now or in the future in unrelated matters. If litigation were to arise between Crown and Jaime Sohacheski on the one hand, and Lehman on the other, JMBM would decline to represent any of the parties in any dispute without an additional written waiver.

As stated above, the California Rules of Professional Conduct require that an attorney obtain the written consent of each party involved in conflicting representation. A client must be fully informed of the potential conflicts involved in this representation and must give his, her or its written consent to the representation based on such information.

We are not acting as your counsel in advising you with respect to this letter as we would have a conflict of interest in doing so. If you wish to be advised by independent counsel on the question of whether you should be so represented, we would advise you to consult with independent counsel of your choice. In addition, if you have any questions or would like additional information, we would be happy to discuss this matter with you further.

If, after considering the information set forth above, you consent to our representation of each of you, please indicate your approval by signing this letter in the spaces provided and return it to us as soon as possible.

Very truly yours,

*[signature]*

JEFFREY L. REUBEN of
Jeffer, Mangels, Butler & Marmaro LLP

JLR:lm

JMBM | Jeffer Mangels
      | Butler & Marmaro LLP

Joelle Halperin
Jaime Sohacheski
Robert Flaxman
August 1, 2008
Page 3

## CONSENT

The undersigned have read the attached letter, have been informed and understand that Jeffer, Mangels, Butler & Marmaro LLP will represent Crown and Jaime Sohacheski in connection with the Restructuring, and that Jeffer, Mangels, Butler & Marmaro LLP will continue to provide representation to Crown, Jaime Sohacheski and Lehman in connection with other unrelated matters, and the undersigned consent to the representation described in the attached letter.

Dated: _____     CROWN MONTELUCIA ASSOCIATES, LLC


By:_____
Robert Flaxman, Member


Dated: _____     _____
JAIME SOHACHESKI


Dated: _____     LEHMAN ALI, INC.

By:_____
Name: __JOELLE HALPERIN__
        AUTHORIZED SIGNATORY
Its:_____

JMBM | Jeffer Mangels Butler & Marmaro LLP

Joelle Halperin
Jaime Sohacheski
Robert Flaxman
August 1, 2008
Page 4

Dated: _____        LEHMAN BROTHERS HOLDINGS, INC.

                              By: _____

                              Name:   JOELLE HALPERIN
                                    AUTHORIZED SIGNATORY
                              Its: _____

Joelle Halperin
Jaime Sohacheski
Robert Flaxman
August 1, 2008
Page 5

"Rule 3-310. Avoiding the Representation of Adverse Interests."

I. For purposes of this rule:

   A. "Disclosure" means informing the client or former client of the relevant circumstances and of the actual and reasonably foreseeable adverse consequences to the client or former client;

   B. "Informed written consent" means the client's or former client's written agreement to the representation following written disclosure;

   C. "Written" means any writing as defined in Evidence Code section 250.

II. A member shall not accept or continue representation of a client without providing written disclosure to the client where:

   A. The member has a legal, business, financial, professional, or personal relationship with a party or witness in the same matter; or

   B. The member knows or reasonably should know that:

      1. the member previously had a legal, business, financial, professional, or personal relationship with a party or witness in the same matter; and

      2. the previous relationship would substantially affect the member's representation; or

   C. The member has or had a legal, business, financial, professional, or personal relationship with another person or entity the member knows or reasonably should know would be affected substantially by resolution of the matter; or

   D. The member has or had a legal, business, financial, or professional interest in the subject matter of the representation.

III. A member shall not, without the informed written consent of each client:

   A. Accept representation of more than one client in a matter in which the interests of the clients potentially conflict; or

   B. Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict; or

JMBM  Jeffer Mangels
      Butler & Marmaro LLP