Hearing Date:  November 20, 2008 at 2:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
**In re**                                          :   **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :   **08-13555 (JMP)**
                                                                  :
                    Debtors.                       :   **(Jointly Administered)**
                                                                  :
                                                                  :
------------------------------------------------------------------x

### DEBTOR'S RESPONSE TO MOTION TO SET PROMPT DATE FOR ASSUMPTION OR REJECTION OF LCPI'S AMENDED AND RESTATED MASTER REPURCHASE AGREEMENT WITH SIXTH GEAR

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Commercial Paper Inc. ("LCPI"), as debtor and debtor in possession (together with Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-reference chapter 11 cases, the "Debtors" and, collectively with their debtor and non-debtor affiliates, "Lehman"), respectfully submit this response to the motion (the "Motion") of Sixth Gear Funding Trust and Sixth Gear Solutions Corp. (together, "Sixth Gear") for entry of an order, pursuant to §365(d)(2) of title 11 of the

United States Code (the "Bankruptcy Code"), requiring LCPI to assume or reject the Amended and Restated Master Repurchase Agreement dated May 9, 2009 (the "MRA").

**Background**

1.  Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  Sixth Gear seeks an order requiring LCPI to determine promptly whether to assume or reject the MRA and related agreements. Under the MRA, LCPI purchased Receivables[1] from Sixth Gear from time to time.  LCPI was committed to purchasing $750,000,000 in Receivables over the three-year term of the MRA.  Motion ¶¶ 9, 10.

3.  Prior to the commencement of LBHI's chapter 11 case on September 15, 2008, LCPI regularly honored Sixth Gear's Purchase Requests.  LCPI has not funded a Purchase Request since the last completed purchase, which took place on September 11, 2008.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the MRA. Insofar as there are any inconsistencies between this summary description of the MRA and the MRA, the terms of the MRA shall control.

4. Pursuant to the MRA, LCPI has purchased Receivables in the aggregate face amount of approximately $26,000,000 and, in connection therewith, has paid Sixth Gear approximately $23,000,000.

**LCPI's Response**

5. In response to the Motion, LCPI reviewed the terms of the MRA. As a result of its review, LCPI has determined that its estate would not gain any benefit from assuming the MRA and performing in accordance with its terms. Thus, LCPI has decided to reject the MRA.

6. The Court's analysis should not end there, however, Sixth Gear has violated the terms of the MRA, has improperly taken control of property of the Debtor's estate, and has violated the automatic stay.

**Counterclaims Against Sixth Gear**

7. The Declaration of William Houlihan (the "Houlihan Declaration") in support of the Motion sets forth actions taken by Sixth Gear both pre- and post-petition, allegedly in order to mitigate damages. Houlihan Declaration ¶¶ 21, 22. Specifically, on September 26, 2008, Sixth Gear caused the Receivables that had been designated as purchased by LCPI to be redesignated as owned by Sixth Gear. *Id.* at ¶ 21. In other words, Sixth Gear caused Receivables that belonged to LCPI, the proceeds of which were required to be deposited in an account controlled by LCPI, to instead be put in Sixth Gear's name and directed to accounts controlled by Sixth Gear, accounts Sixth Gear refers to as "suspense accounts" (the "Suspense Accounts"). *Id*. Three days later, on September 29, 2008, Sixth Gear caused cash representing payments on the Receivables that had been deposited into the MRA's designated collection account (the

"Collection Account") to be moved into another Sixth Gear Suspense Account. *Id*.

8. By its own admission, Sixth Gear has been and continues to distribute to itself the fees and available funds to which it believes it is entitled under the MRA from the collected funds in the Suspense Accounts. *Id*. at ¶ 22. Sixth Gear has also ceased making the distribution to LCPI that would normally be made under the MRA on the 21st day of each month and has instead retained those amounts. *Id*. Sixth Gear's failure to make payments to LCPI constitutes a breach of its obligations under section 8.1(b) of the MRA.

9. Contrary to Sixth Gear's assertions, it actions violate the terms of the MRA. Specifically, sections 5.1(a). 5.1(j), 5.7 and 8.1(a) require Sixth Gear to comply with the Transaction Documents, including the Sale and Servicing Agreement. Section 5.1 of the Sale and Servicing Agreement provides that "[t]he Servicer shall remit ... to the Collection Account all payments by or on behalf of the obligors with respect to the Receivables." The actions taken by Sixth Gear to redirect such payments is a violation of, *inter alia*, the foregoing provisions. Consequently, Sixth Gear is in breach of its obligations to LCPI under the MRA.

10. Sixth Gear claims its actions were an exercise of its rights under the MRA, including section 13.3 which provides each party with the right of setoff. *Id*. LCPI disagrees. Section 13.3 only permits Sixth Gear Funding Trust to assert setoff rights; Sixth Gear Solutions Corp. is the Seller and Servicer. Therefore, any action taken by the Seller/Servicer to redirect collections of the Receivables violates Section 13.3 of MRA.

11. Moreover, Sixth Gear's actions, which commenced prior to LCPI's

Commencement Date but continued thereafter, violate the automatic stay extant as a result of the commencement of LCPI's chapter 11 case. The automatic stay expressly prohibits:

> any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate
>
> \*\*\*
>
> any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. §§ 362(a)(3), 362(a)(6). Sixth Gear's attempts to collect the proceeds of LCPI's Receivables, for Sixth Gear's own account, clearly violates the automatic stay.

12.     Finally, pursuant to section 542(a) of the Bankruptcy Code, LCPI seeks an order of the Court requiring Sixth Gear to turn over to LCPI (i) the Receivables and any documents relating thereto, (ii) all funds in the Collection Account, and (iii) all funds in the Suspense Accounts. Further, consistent with section 542(a), LCPI seeks an accounting from Sixth Gear for all amounts collected in respect of the Receivables from and after September 15, 2008.

## Conclusion

13.     LCPI submits that rejection the MRA is in the best interests of LCPI, its estate, creditors, and all parties in interest. This Court should not, however, countenance Sixth Gear's attempt to exercise self-help against a debtor in possession, in direct contravention of the provisions of the Bankruptcy Code.

WHEREFORE LCPI respectfully requests that the Court (a) approve rejection of the MRA, (b) find that Sixth Gear has violated the automatic stay, (c) direct Sixth Gear to turn over to LCPI the Receivables, the documents pertaining thereto, the

Suspense Accounts and the Collection Account, and (d) grant LCPI such other and further relief as is just.

Dated: November 17, 2008
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession