WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                                :
In re                                           :   Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :   08-13555 (JMP)
                                                :
                    Debtors.                    :   (Jointly Administered)
                                                :
                                                :
-------------------------------------------------------------------x
```

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING MOTION OF THE DEBTORS, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, FOR AUTHORIZATION TO ASSUME AN AGREEMENT TO SELL APPROXIMATELY 50 ACRES OF UNDEVELOPED LAND**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 285] (the "Case Management Order"), the undersigned hereby certifies as follows:[1]

---

[1] Capitalized terms that are used but not otherwise defined here have the meanings ascribed to them in the Motion. Interested parties should refer to the Motion for background information regarding these chapter 11 cases and the Debtors' business, as well as additional information concerning the transaction at issue here.

NY2:\1938262\01\15JKM01!.DOC\58399.0003

1. On October 28, 2008, the undersigned, on behalf of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed a Motion Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, for Authorization to Assume an Agreement to Sell Approximately 50 Acres of Undeveloped Land with this Court [Docket No. 1250] (the "Motion").

2. In accordance with the Case Management Order, November 13, 2008 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a response to the Motion (the "Objection Deadline").

3. The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion has been filed with the Court on the dockets of the above-referenced cases in accordance with the procedures set forth in Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on Debtors' counsel.

4. As set forth in the Motion, time is of the essence with respect to the sale at issue therein. The closing of the sale is currently scheduled for November 20, 2008 at 10 a.m., prevailing Eastern Time.

5. Accordingly, the Debtors respectfully request that the proposed Order, annexed hereto as Exhibit A, and unmodified since filed along with the Motion, be entered in accordance with the Motion.

I declare that the foregoing is true and correct.

Dated: November 18, 2008
      New York, New York

                /s/ *Jacqueline Marcus*
                Jacqueline Marcus

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Debtors
                and Debtors in Possession

# EXHIBIT A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                            :

In re                                       :          Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :          08-13555 (JMP)

                         Debtors.          :          (Jointly Administered)

------------------------------------------------------------------x

**ORDER, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 6006, GRANTING DEBTORS' MOTION FOR
AUTHORIZATION TO ASSUME AN AGREEMENT TO SELL
APPROXIMATELY 50 ACRES OF UNDEVELOPED LAND**

Upon the motion, dated October 28, 2008 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), for an order pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to assume that certain Agreement of Sale between LBHI and Engel Group LLC (the "Purchaser"), dated as of May 12, 2008 (as amended, the "Property Agreement"), and otherwise authorizing the transactions contemplated thereby, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors' assumption of the Property Agreement is hereby approved pursuant to section 365(a) of the Bankruptcy Code; and it is further

ORDERED that there are no existing defaults under the Property Agreement that must be cured pursuant to section 365(b) of the Bankruptcy Code; and it is further

ORDERED that this Order shall be a final order and shall take effect immediately upon entry by the Court; and it is further

ORDERED that the Debtors are authorized, pursuant to sections 105 and 365 of the Bankruptcy Code, to execute and deliver such documents and take such actions as are necessary to effectuate the transactions set forth in the Property Agreement assumed hereby; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: November __, 2008
      New York, New York

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE