**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
            :
In re        :           Chapter 11 Case No.
            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
            :
       Debtors.   :           (Jointly Administered)
            :
            :
-------------------------------------------------------------------x

**ORDER, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 6006, GRANTING DEBTORS' MOTION FOR
AUTHORIZATION TO ASSUME AN AGREEMENT TO SELL
APPROXIMATELY 50 ACRES OF UNDEVELOPED LAND**

Upon the motion, dated October 28, 2008 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), for an order pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to assume that certain Agreement of Sale between LBHI and Engel Group LLC (the "Purchaser"), dated as of May 12, 2008 (as amended, the "Property Agreement"), and otherwise authorizing the transactions contemplated thereby, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors' assumption of the Property Agreement is hereby approved pursuant to section 365(a) of the Bankruptcy Code; and it is further

ORDERED that there are no existing defaults under the Property Agreement that must be cured pursuant to section 365(b) of the Bankruptcy Code; and it is further

ORDERED that this Order shall be a final order and shall take effect immediately upon entry by the Court; and it is further

ORDERED that the Debtors are authorized, pursuant to sections 105 and 365 of the Bankruptcy Code, to execute and deliver such documents and take such actions as are necessary to effectuate the transactions set forth in the Property Agreement assumed hereby; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
        November 18, 2008

                                        *s/ James M. Peck*
                                        UNITED STATES BANKRUPTCY JUDGE