**Hearing Date: November 20, 2008 @ 2:00 p.m.**

Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                       :

In re:                           :          Chapter 11 Case No.
                                         :

LEHMAN BROTHERS HOLDINGS INC., et al.,    :          08-13555 (JMP)
                                         :

           Debtors.                 :          (Jointly Administered)
                                         :

------------------------------------------------------------------ x

**JOINDER OF OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS TO DEBTORS' OBJECTION TO MOTION OF**
**SCC ENTITIES FOR ORDER GRANTING RELIEF FROM AUTOMATIC STAY**

The Official Committee of Unsecured Creditors (the "Committee") of Lehman

Brothers Holdings Inc. ("LBHI"), and its affiliated chapter 11 debtors in possession (collectively,

the "Debtors"), joins (the "Joinder") in the Debtors' objection (the "Objection") to the Motion of

the SCC Entities for an Order Granting Relief From the Automatic Stay (the "Motion"). In

support of its Joinder, the Committee respectfully states as follows:

**BACKGROUND**

1. Lehman Commercial Paper, Inc. ("LCPI"), Lehman ALI, Inc. ("Lehman

ALI"), a non-debtor affiliate of LBHI, OVC Holdings LLC ("OVC Lender"), a non-debtor

affiliate of LBHI, and Northlake Holdings LLC ("Northlake Lender"), a non-debtor affiliate of

LBHI, are lenders to certain of the SCC Entities[1] pursuant to various loan agreements.  The SCC

Borrowers' obligations to LCPI, Lehman ALI, OVC Lender and Northlake Lender are secured,

in part, by first-priority deeds of trust on various real estate projects located in the State of

California (collectively, the "Projects").

    2.  Commencing on September 15, 2008, and periodically thereafter, the

Debtors filed with this Court voluntary petitions for relief under chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").  On

September 17, 2008, the Office of the United States Trustee appointed the Committee.

    3.  On or about November 7, 2008, certain of the SCC Entities filed voluntary

petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy

Court for the Central District of California, Santa Ana Division (collectively, the "California

Cases").

    4.  By the Motion, the SCC Entities seek to be excused from the automatic

stay in these chapter 11 cases notwithstanding the fact that, by their own admission, the relief

they will seek in the California Cases will impact property of the Debtors' estates and may have

a direct and deleterious effect on the Debtors' unsecured creditors.  The Motion identifies the

following non-exclusive list of actions the SCC Entities intend to pursue in the California Cases,

each of which may impair the Debtors' rights: (i) seeking authorization to use the Debtors' cash

collateral; (ii) seeking debtor-in-possession financing that would prime the Debtors' lien on, and

subordinate the Debtors' interests in, the SCC Entities' assets; (iii) seeking authority to sell the

Project assets free and clear of liens, claims and encumbrances; and (iv) seeking confirmation of

a plan of reorganization or liquidation that may impair the Debtors' claims or interests.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

## THE COMMITTEE'S JOINDER

5.      The Debtors filed the Objection on November 18, 2008.  The Committee concurs with the arguments set forth in the Objection and, accordingly, files this Joinder in support thereof.

6.      The SCC Entities seek extraordinary relief from this Court.  Effectively, the SCC Entities are asking this Court to (i) strip the Debtors of the fundamental protections afforded by the automatic stay, (ii) divest itself of jurisdiction over a significant asset of these estates, and (iii) treat the Debtors as any other creditors in the California Cases.  Not only do the SCC Entities fail to satisfy the legal standard for obtaining *carte blanche* relief from the automatic stay in these cases, they ignore the impact of the relief they seek on the Debtors' unsecured creditors.

7.      As set forth in the Objection, the automatic stay provides broad, essential protection from actions that may impact property of the estate.  See H.R. Rep. No. 95-595, at 340 (1977) reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97; see also Eastern Refractories Co. v. Forty Eight Insulations, Inc., 157 F.3d 169, 172 (2d Cir. 1998) (finding that the automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws").  For that reason, "[t]he scope of the automatic stay is broad." In re Enron, 306 B.R. 465, 475 (Bankr. S.D.N.Y. 2004). Accord AP Indus. Inc. v. SN Phelps & Co. (In re AP Indus., Inc.), 117 B.R. 789, 798 (Bankr. S.D.N.Y 1990) ("Congress intended that the scope of the automatic stay be broad in order to effectuate its protective purposes on behalf of both debtors and creditors. . . ."); Constitution Bank v. Tubbs, 68 F.3d 685, 691 (3d Cir. 1995) ("The automatic stay is of broad scope."); Oligbo v. Louis (In re Oligbo), 328 B.R. 619, 650 (Bankr. E.D.N.Y. 2005) (noting that the automatic stay is a "fundamental debtor protection designed to promote equal treatment among creditors and to provide the debtor with a breathing spell from the financial pressures which

drove him or her into bankruptcy.").

8.      A party seeking the relief from the automatic stay carries the burden of

demonstrating to the bankruptcy court administering the debtor's chapter 11 case that it is

entitled to relief.   See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus.,

Inc.), 907 F.2d 1280, 1285 (2d Cir. 1990) ("While section 362(g) allocates the burden of ultimate

persuasion . . . , the movant must still make a *prima facie* showing that it is entitled to the relief

that it seeks.").  The fact that the SCC Entities have themselves sought protection under chapter

11 of the Bankruptcy Code does not constitute "cause" for lifting the automatic stay.  In fact, as

set forth in the Objection, the Sonnax factors weigh heavily against granting relief from the

automatic stay in these cases.

9.      The SCC Entities seek to minimize the import of the relief they seek by

arguing that the Debtors will have an opportunity to be heard by the court administering the

California Cases.  Motion, ¶ 21.  Aside from the significant costs and administrative burdens that

would result from requiring the Debtors and the Committee to monitor and appear before a

separate United States Bankruptcy Court located in California to advocate for protections that are

manifest under the Bankruptcy Code and have already been recognized by this Court in these

chapter 11 cases, the Motion fails to address how the rights of unsecured creditors in these

chapter 11 cases would be safeguarded in the California Cases.  The Committee has broad

fiduciary duties and is charged with protecting the interests of the unsecured creditors of these

estates.  As part of the dispatch of its duties, the Committee has standing to be heard by this

Court in connection with each of the various forms of relief the SCC Entities intend to seek in

the California Cases (certain of which are identified in the Motion).  There is also no dispute that

this Court is uniquely situated, based on its administration of the Debtors' chapter 11 cases, to

understand the interests of the Debtors' unsecured creditors.  Nevertheless, if, as the SCC

Entities request, the automatic stay is rendered a nullity, there is no assurance that the Committee would be recognized in the California Cases.

10.     The SCC Entities' argument that they require the relief requested "in order to administer their own bankruptcy cases" is disingenuous.  Motion, ¶14.  The California Cases plainly can proceed absent the relief sought by the Motion.  What the SCC Entities are really arguing (without basis) is that, on balance, it is somehow more appropriate that they be relieved of the cost and burdens of coming before this Court to seek stay relief on matters that impact property of the Debtors' estates and the unsecured creditors of these cases.  The Committee respectfully disagrees.

11.     Additionally, the relief requested in the Motion is particularly inappropriate because it is completely open-ended.  The SCC Entities are not requesting limited relief from the automatic stay with respect to any particular exigent circumstances, but rather are seeking *carte blanche* authority to take whatever actions in the California Cases they may desire to pursue without regard to the impact on the Debtors and their creditors.  It would not be unduly burdensome to require the SCC Entities to seek stay relief when – and if – they require such relief from this Court for any specific purpose.  At such time, they would have the opportunity to make the appropriate showing that the requisite cause exists.  The Debtors, Committee, other parties in interest and, ultimately, this Court, would then be in a better position to assess whether such relief is, in fact, warranted under the relevant legal standard.

12.     Finally, the Committee has reviewed the term sheet for post-petition financing provided by counsel to the SCC Entities.  In exchange for substantial fees, the proposed DIP lender would essentially fund a ninety-day fire sale of the Projects, including the Debtors' collateral, subject to the discretion of the DIP lender.  The terms of the proposed financing do not contemplate adequate protection for the Debtors' interests.  If the proposed

financing is an indication of the type of relief the SCC Entities intend to seek, the unsecured

creditors of these estates must have an opportunity to be heard by this Court because their

interests may be in jeopardy.

WHEREFORE, for all of the foregoing reasons, the Committee respectfully

requests that the Court deny the relief requested in the Motion, and grant the Committee such

other and further relief as is just and proper.

Dated:    New York, New York
          November 18, 2008

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.