Jeffrey W. Levitan
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
(212) 969-3000
*Attorneys for Sixth Gear Funding Trust
and Sixth Gear Solutions Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS, INC., | (Jointly Administered) |
| *et al.*, | |
| Debtors. | |

---

**SIXTH GEAR'S REPLY IN FURTHER SUPPORT OF MOTION**
**TO SET PROMPT DATE FOR ASSUMPTION OR REJECTION**
**AND IN OPPOSITION TO RELIEF REQUESTED IN DEBTORS' RESPONSE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Sixth Gear Funding Trust and Sixth Gear Solutions Corp. (together, "Sixth Gear") respectfully submit this brief reply (a) in further support of Sixth Gear's motion for an Order requiring Lehman Commercial Paper Inc. ("LCPI") promptly to assume or reject the Amended and Restated Master Repurchase Agreement ("MRA") dated May 9, 2008 (and related agreements), and (b) in opposition to LCPI's effort to obtain a premature adjudication on improperly asserted counterclaims.

1

## Introduction

1.  In its response, LCPI states that it has decided to reject the MRA. Thus, the motion is unopposed. That should end the inquiry for purposes of the hearing on the motion scheduled for November 20.

2.  However, LCPI improperly seeks affirmative relief against Sixth Gear. There is no need for the Court to consider the merits of these premature requests at the hearing. Rather, to the extent LCPI believes it can plead claims against Sixth Gear, then it should state those claims with particularity in an adversary proceeding or other contested matter, to which Sixth Gear will respond in due course on a full evidentiary record. For present purposes, suffice it to say that Sixth Gear is confident that it would demonstrate in connection with any such proceeding that LCPI's claims are without merit and that Sixth Gear's actions have been justified.

3.  LCPI's purported claim for breach of the MRA would be meritless because LCPI itself (as it concedes) committed prior material breaches thereof by failing to honor Sixth Gear's funding requests, to the grave detriment of Sixth Gear. Seen in this light, the steps that Sixth Gear was compelled to take prior to the filing date – which it was entitled to under the agreements and applicable law – were not "breaches" of the MRA, but rather fully justified attempts to partially mitigate the substantial harm caused to it by LCPI's failure to comply with its contractual obligation to fund Sixth Gear's borrowing needs. Because of LCPI's defaults, Sixth Gear has been forced to lay off almost all of its employees and is making plans to wind down its operations. It would be wholly inequitable to grant any relief against Sixth Gear in these circumstances, without a full opportunity to develop its opposition in an appropriate adversary proceeding.

### Sixth Gear's Motion Should Be Granted

4.  As explained in its moving papers, Sixth Gear's automobile financing business is wholly dependent upon the receipt of funding from LCPI pursuant to the MRA. LCPI's pre- and post-petition failures to honor its contractual funding obligations have had incredibly harsh consequences, making it impossible for Sixth Gear to continue as a going concern. (The details of Sixth Gear's repeated requests for funding and LCPI's repeated failures to provide funding, as well as Sixth Gear's pre-petition actions to protect its interests, are set forth in Sixth Gear's moving papers and will not be repeated here.) Sixth Gear sought a prompt assumption/rejection decision so that, assuming the MRA is rejected, its restriction against dealing with other lenders will no longer be in force and Sixth Gear could at least try to mitigate its damages by seeking a replacement facility.

5.  The situation at Sixth Gear has become even grimmer since its motion was filed. Because it has not received the promised funding from LCPI, Sixth Gear has ceased business and commenced an orderly liquidation process. It has laid off 115 of its 125 employees. It cannot continue as a going concern.

6.  LCPI acknowledges that it has decided to reject the MRA. Clearly, Sixth Gear's motion should be granted, and the MRA (and related agreements) should be deemed rejected by debtor LCPI as of the date of the Court's Order. That is the only matter presented to the Court for determination at the November 20 hearing.

### LCPI's Requests for Relief Should Be Denied

7.  LCPI attempts improperly to use Sixth Gear's motion as a back-door effort to assert "counterclaims" and then to obtain immediate relief on its claims, without the benefit of

3

pleading a claim for relief, engaging in discovery, or trying its purported allegations. This effort should not be countenanced, especially given that it is LCPI's own non-performance that caused Sixth Gear to fall into dire straits.

8. Sixth Gear's pre-petition remedial steps were legally and contractually permissible. What LCPI calls "breaches" by Sixth Gear were in reality Sixth Gear's exercise of its express contractual rights of setoff and rights of recoupment. Those setoff and recoupment rights arose as a result of LCPI's repeated non-performance of its contractual funding obligations.

9. Under the MRA and related agreements with Wachovia, Sixth Gear has the right to control the proceeds of the Receivables, a right LCPI expressly granted to Sixth Gear. (These matters would all be fleshed out in the evidentiary record in an appropriate adversary proceeding.)

10. LCPI, on the other hand, has forfeited any rights it had under the MRA and related agreements, by virtue of its default and repudiation. By materially breaching the MRA both before and after the October 5, 2008 filing of LCPI's Chapter 11 petition, LCPI repudiated the MRA and relieved Sixth Gear of any further performance obligation, forfeiting LCPI's own rights to demand or receive performance from Sixth Gear. *See Grace v. Nappa*, 46 N.Y.2d 560, 567 (1979) ("Defendant's failure to provide the certificate was thus a material breach of the contract, excusing plaintiff's performance"); *New Windsor Volunteer Ambulance Corps., Inc. v. Meyers*, 442 F.3d 101, 117 (2d Cir. 2006) (finding of material breach by service provider would excuse town's obligation to pay).

11. In short: LCPI caused millions of dollars in damage to Sixth Gear by its admitted, material breach; yet it now seeks to obtain a judgment enforcing its purported rights against Sixth

4

Gear as though there had been no breach at all, on less than three days' notice without filing a pleading seeking affirmative relief. By repudiating the MRA, and thereby causing grievous injury to Sixth Gear, LCPI set in motion the chain of events about which it now complains. Under the circumstances, Sixth Gear's actions were within its rights under the contracts and the common law: it had control of the accounts; it had a contractual right of setoff; it had a legal right of recoupment; and it had a legal right to attempt to mitigate its damages from the injury LCPI inflicted. And notwithstanding its severe cash needs and its belief that it has the right to use the proceeds from the Receivables, Sixth Gear has not spent the disputed cash but retained it in the suspense accounts pending adjudication of the dispute.

12. Nor has there been any violation of the automatic stay. First, the property at issue (the Receivables associated with the underlying loans) may not be part of the LCPI estate. They may be subject to recharacterization as secured financing transactions, not sales. In such event, LCPI would not have an ownership interest in the Receivables, as they would merely be collateral to secure is financing advances to Sixth Gear.

13. Second, Sixth Gear's remedial actions were taken in late September, prior to the filing of LCPI's petition on October 5, 2008, and after LCPI's two breaches clearly signaled a repudiation of the MRA. No action was taken against LCPI after the petition was filed. Following the petition date, Sixth Gear merely distributed to itself the moneys to which it would unquestionably be entitled under the MRA in the ordinary course. The funds that would have been due to LCPI under § 8.1 if it were performing the agreement have been maintained in the suspense accounts, pending further adjudication of the parties' rights and remedies.

14. Third, Sixth Gear's remedial steps have been in the nature of a recoupment, because Sixth Gear's claims arise out of the same transactions as LCPI's purported claims. The

automatic stay does not prevent the exercise of a right of recoupment. *See, e.g., In re Slater Health Center, Inc.*, 398 F.3d 98 (1st Cir. 2005); *In re Delicruz*, 300 B.R. 669 (Bankr. E.D. Mich. 2003). Moreover, the funds withheld from LCPI are relatively insubstantial in comparison to the large amounts on which LCPI has defaulted: the amount that was withheld from LCPI on October 21, 2008 was $674,844, whereas LCPI had failed to pay Sixth Gear over $3.5 million by that point (and the total damages suffered by Sixth Gear from LCPI's failure to honor the $750 million MRA will exceed $50 million). (Houlihan Decl. ¶ 22.)

15. LCPI argues that the § 13.3 setoff right applies only to one of the Sixth Gear contracting parties, Sixth Gear Funding Trust, and not the other, Sixth Gear Solutions Corp. This is a distinction without a difference in the present circumstances. Sixth Gear Solutions Corp. is the sole beneficial owner of Sixth Gear Funding Trust. Sixth Gear Funding Trust was created as a bankruptcy-remote entity (at LCPI's request, ironically, to protect it in case Sixth Gear Solutions became insolvent) to interface with LCPI. Pursuant to the Amended and Restated Sale and Servicing Agreement dated as of May 9, 2008 that is referenced in the MRA (p. 1), Sixth Gear Funding Trust acquired the receivables from Sixth Gear Solutions and provided them to LCPI as security for the LCPI financing. Sixth Gear Solutions acts as Servicer to implement and effectuate Sixth Gear Funding Trust's rights and obligations under the MRA. It is thus in fact Sixth Gear Funding Trust's setoff rights that have been implemented by the remedial actions taken by Sixth Gear Solutions as servicing agent.

16. It is apparent from LCPI's and Sixth Gear's submissions that the issues LCPI seeks to submit for decision cannot be summarily adjudicated without discovery and a proper evidentiary record established at trial, as LCPI seeks to do.

17. If LCPI wants to obtain an adjudication of these disputed matters, which seek

6

recovery of money or property, a determination of the extent of an interest in property, and equitable relief including an accounting, it is obliged to commence an adversary proceeding under Rule 7001(1), (2),or (7) so there can be an adjudication based upon a full evidentiary record. That mandatory procedure may not be sidestepped by raising claims in opposition to a motion. *See In re Mansaray-Ruffin*, 530 F.3d 230, 234-35, 238-39 (3d Cir. 2008) (the rule requiring an adversary proceeding is mandatory and establishes a right to specific process that must be afforded to protect the litigants' due process rights). The hasty rulings that LCPI seeks here would unfairly deny Sixth Gear the pleading and hearing rights to which any third-party litigant would be entitled.

18. Finally, it is inequitable for LCPI, whose failure to perform the MRA has already caused such tremendous harm to Sixth Gear, to seek to impose any extra penalty on Sixth Gear for supposed breaches that arose only because of LCPI's failure to perform its contractual obligations. Upon trial, it is likely that Sixth Gear's pre-petition remedial actions, which have in fact done nothing but maintain the *status quo* pending a full adjudication, will be found fully justified under the contract and the common law, and that the damages owed to Sixth Gear are far greater than any supposed damages allegedly suffered by LCPI. Thus, even after a proper hearing, LCPI will not likely be entitled to any of the relief it seeks on this motion.

## Conclusion

19. In order to prevent any further irreparable injury to Sixth Gear, the Court should enter an Order effectuating the decision of Debtor LCPI to reject the MRA. The Court should deny any of the relief prematurely and inappropriately sought by LCPI against Sixth Gear, and should grant Sixth Gear such other and further relief as is just and proper.

Dated: New York, New York
November 19, 2008

        PROSKAUER ROSE LLP

By: _/s/ Karen Clarke_
        David M. Lederkramer
        Jeffrey W. Levitan
        Karen E. Clarke
        Victoria Loughery (not yet admitted)
1585 Broadway
New York, NY  10036-8299
(212) 969-3000
*Attorneys for Sixth Gear Funding Trust
and Sixth Gear Solutions Corp.*