Dennis F. Dunne
Paul S. Aronzon
Robert J. Moore
Risa M. Rosenberg
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000 (Telephone)
(212) 530-5219 (Facsimile)

Counsel to the Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- x
                                                        :
In re:                                                  :         Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,                  :         08-13555 (JMP)
                                                        :
                        Debtors.                        :         (Jointly Administered)
                                                        :
----------------------------------------------------------------- x


**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING FINAL**
**ORDER UNDER 11 U.S.C. § 1103 AND FED.R. BANKR. P. 2014 AND 5002,**
**AUTHORIZING RETENTION AND EMPLOYMENT OF**
**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP AS COUNSEL TO OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS OF**
**LEHMAN BROTHERS HOLDINGS INC., ET AL.,**
**EFFECTIVE AS OF SEPTEMBER 17, 2008**


Pursuant to 28 USC § 1746, and in accordance with this Court's case management

procedures set forth in the Order Pursuant to Section 105(a) of the Bankruptcy Code and

Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management

Procedures entered on September 22, 2008 (the "Case Management Order"), the undersigned

hereby certifies as follows:

1.      On October 21, 2008 the Official Committee of Unsecured Creditors (the

"Creditors' Committee"), appointed in the above-captioned jointly administered chapter 11 cases

of Lehman Brothers Holdings Inc. and its affiliated debtors and debtors in possession

(collectively, the "Debtors"), filed an Application for an Order (I) Authorizing the Creditors'

Committee to retain and employ Milbank, Tweed, Hadley & M$^c$Cloy LLP ("Milbank"), effective

as of September 17, 2008, as counsel for the Creditors' Committee, pursuant to section 1103(a)

of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy

Code"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the District of New York (the

"Local Rules").

2.      The objection deadline to the Application for all parties except the Debtors and

the United States Trustee expired on October 31, 2008, without objection.  The time for the

Debtors and the United States Trustee to object to the Application was extended by the consent

of the parties to November 13, 2008, and the parties further agreed that the Application would

proceed on November 5, 2008 on an interim basis.

3       On November 5, 2008, the Court entered an Interim Order (the "Interim Order")

(Docket No. 1404), approving the Application on an interim basis without objection, which

Interim Order provided, among other things, that due and proper notice of the Application and

the hearing to consider entry of a final order approving the Application and no other or further

notice need be provided; and that if there were no objection by the either the Debtors or the

United States Trustee to the entry of a final order approving the Application, such order may be

entered without a hearing.

3.      The objection deadline to the Application the Debtors and the United States

Trustee set in the Interim Order of November 13, 2008, expired without objection.  Pursuant to

the Interim Order and the Case Management Order, there being no objection to the Application,

an order granting the Application on a permanent basis may be entered without further hearing.

A copy of this declaration has been served on the Debtors prior to submission to the Court, in

accordance with the Case Management Order.

4.      The Official Committee of Unsecured Creditors requests that the Court enter the

Final Order Under 11 U.S.C. § 1103 And Fed. R. Bankr. P. 2014 And 5002, Authorizing

Retention And Employment Of Milbank, Tweed, Hadley & M$^c$Cloy LLP As Counsel To Official

Committee Of Unsecured Creditors Of Lehman Brothers Holdings Inc., et al. Effective as of

September 17, 2008, annexed hereto.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  November 18, 2008
        New York, New York

Respectfully submitted,

Dennis F. Dunne
Paul S. Aronzon
Robert J. Moore
Risa M. Rosenberg
MILBANK, TWEED, HADLEY & M$^c$CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000 (Telephone)
(212) 530-5219 (Facsimile)
Counsel to the Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                        :    Chapter 11

                                              :

  LEHMAN BROTHERS HOLDINGS INC., <u>et</u> <u>al.</u>, :    08-13555 (JMP)

                                              :

                    Debtors.     :    (Jointly Administered)

---------------------------------------------------------------x

**FINAL ORDER UNDER 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002,
AUTHORIZING RETENTION AND EMPLOYMENT OF
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP AS COUNSEL TO OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF
LEHMAN BROTHERS HOLDINGS INC., <u>ET</u> <u>AL.</u>,
<u>EFFECTIVE AS OF SEPTEMBER 17, 2008</u>**

Upon the application, dated October 21, 2008 (the "<u>Application</u>"), of the Official

Committee of Unsecured Creditors (the "<u>Creditors' Committee</u>"), appointed in the above-

captioned jointly administered chapter 11 cases of Lehman Brothers Holdings Inc. and its

affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for an order authorizing

the Creditors' Committee to retain and employ Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP

("<u>Milbank</u>"), effective as of September 17, 2008, as counsel for the Creditors' Committee,

pursuant to section 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as

amended, the "<u>Bankruptcy Code</u>"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2014-1 of the Local Bankruptcy Rules for the

District of New York (the "<u>Local Rules</u>"); and the Court having considered the Affidavit of

Robert Jay Moore, sworn to October 21, 2008, and the First Supplemental Affidavit of Robert

Jay Moore, sworn to November 13, 2008 (together, the "<u>Moore Affidavits</u>"), submitted in

support of the Application; and the Court having jurisdiction to consider the Application and the

relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases

to Bankruptcy Judges of the United States District Court for the Southern District of New York

(Ward, Acting C.J.), dated July 10, 1984; and consideration of the Application and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the time for objections to

the Application having expired on October 31, 2008, except for the United States Trustee and the

Debtors, whose respective time to object was extended on consent until November 13, 2008;

and, with no objections having been timely filed by any party; and the Court having entered an

Interim Order (the "Interim Order") dated November 5, 2008 (Docket No. 1404), approving the

Application on an interim basis without objection; and no objection having been timely made or

filed by either the Debtors, the United States Trustee, or any party; and due and proper notice of

the Application, the Interim Order, and the hearing to consider entry of a final order approving

the Application having been provided as approved in the Interim Order; and it appearing that no

other or further notice need be provided; and the Court having reviewed the Application; and the

Court having determined that the legal and factual bases set forth in the Application establish just

cause for the relief granted herein; and that Milbank represents no interest adverse to the

Debtors' estates or to any class of creditors or equity security holders in the matters upon which

Milbank is to be engaged and Milbank is disinterested within the meaning of 11 U.S.C. §

101(14); and upon all of the proceedings had before the Court, and after due deliberation and

sufficient cause appearing therefor, it is hereby

       **ORDERED, ADJUDGED AND DECREED that:**

       1.     The Application is granted, effective as of September 17, 2008, to the

extent provided herein.

2.      Milbank's employment is necessary and would be in the best interest of
the Debtors' estates, creditors, and other parties in interest; Milbank's hourly rates for its
paralegals and attorneys set forth in the Moore Affidavit are reasonable.

3.      Pursuant to section 1103(a) of the Bankruptcy Code, Bankruptcy Rules
2014 and 5002 and Local Rule 2014-1, the Creditors' Committee is authorized to employ and
retain Milbank, effective as of September 17, 2008, as counsel for the Creditors' Committee, on
the terms set forth in the Application and the Moore Affidavits, and the retention of Milbank as
counsel in accordance with Milbank's normal hourly rates and disbursement policies as set forth
in the Moore Affidavits is hereby approved, except as expressly provided herein.

4.      Milbank shall be compensated upon appropriate application in accordance
with sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy
Rules, the Local Rules, the guidelines established by the Office of the United States Trustee, and
such other procedures as may be fixed by order of this Court, including any interim
compensation procedures order entered in these cases.

5.      The Court shall retain jurisdiction to hear and determine all matters arising
from the implementation of this Order.

Dated:  New York, New York
        November __, 2008

_____
UNITED STATES BANKRUPTCY JUDGE