Dennis F. Dunne
Paul S. Aronzon
Robert J. Moore
Risa M. Rosenberg
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000 (Telephone)
(212) 530-5219 (Facsimile)

Counsel to the Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                                                 :
In re:                                                           :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,                           :    08-13555 (JMP)
                                                                 :
                         Debtors.                                :    (Jointly Administered)
                                                                 :
---------------------------------------------------------------- x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING FINAL ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103, FED.R. BANKR. P. 2014, AND S.D.N.Y. LBR 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF FTI CONSULTING INC. AS FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., ET AL., EFFECTIVE AS OF SEPTEMBER 17, 2008**

Pursuant to 28 USC § 1746, and in accordance with this Court's case management procedures set forth in the Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures entered on September 22, 2008 (the "Case Management Order"), the undersigned hereby certifies as follows:

1.  On October 21, 2008 the Official Committee of Unsecured Creditors (the "Creditors' Committee"), appointed in the above-captioned jointly administered chapter 11 cases

of Lehman Brothers Holdings Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), filed an application (the "Application") for an Order authorizing the Creditors' Committee to retain and employ FTI Consulting Inc. ("FTI"), effective as of September 17, 2008, as financial advisor for the Creditors' Committee, pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the District of New York (the "Local Rules").

2.  The objection deadline to the Application for all parties except the Debtors and the United States Trustee expired on October 31, 2008, without objection. The time for the Debtors and the United States Trustee to object to the Application was extended by the consent of the parties to November 13, 2008, and the parties further agreed that the Application would proceed on November 5, 2008 on an interim basis.

3   On November 5, 2008, the Court entered an Interim Order (the "Interim Order") (Docket No. 1405), approving the Application on an interim basis without objection, which Interim Order provided, among other things, that due and proper notice of the Application and the hearing to consider entry of a final order approving the Application and no other or further notice need be provided; and that if there were no objection by the either the Debtors or the United States Trustee to the entry of a final order approving the Application, such order may be entered without a hearing.

3.  The objection deadline to the Application the Debtors and the United States Trustee set in the Interim Order of November 13, 2008, expired without objection. Pursuant to the Interim Order and the Case Management Order, there being no objection to the Application,

2

an order granting the Application on a permanent basis may be entered without further hearing. A copy of this declaration has been served on the Debtors prior to submission to the Court, in accordance with the Case Management Order.

4. The Official Committee of Unsecured Creditors requests that the Court enter the Final Order Under 11 U.S.C. §§ 328(a) And 1103, Fed. R. Bankr. P. 2014, And S.D.N.Y. LBR 2014-1 Authorizing Employment And Retention Of FTI Consulting Inc., As Financial Advisor To Official Committee Of Unsecured Creditors Of Lehman Brothers Holdings Inc., et al. Effective as of September 17, 2008, annexed hereto.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 18, 2008
New York, New York

Respectfully submitted,

*/s/ Risa M. Rosenberg*
Dennis F. Dunne
Paul S. Aronzon
Robert J. Moore
Risa M. Rosenberg
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000 (Telephone)
(212) 530-5219 (Facsimile)
Counsel to the Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc.

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                          :    Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :    08-13555 (JMP)
                                                :
                    Debtors.                    :    (Jointly Administered)
------------------------------------------------------------x

**FINAL ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103, FED. R. BANKR. P. 2014,
AND S.D.N.Y. LBR 2014-1 AUTHORIZING EMPLOYMENT AND
RETENTION OF FTI CONSULTING INC., AS FINANCIAL ADVISOR
TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN
BROTHERS HOLDINGS INC., ET AL., EFFECTIVE AS OF SEPTEMBER 17, 2008**

Upon the application, dated October 21, 2008 (the "Application"), of the Official Committee of Unsecured Creditors (the "Creditors' Committee"), appointed in the above-captioned jointly administered chapter 11 cases of Lehman Brothers Holdings Inc., and its affiliated debtors and debtors in possession (collectively, the "Debtors") for an order authorizing the Creditors' Committee to retain and employ FTI Consulting Inc. ("FTI"), effective as of September 17, 2008, as financial advisor for the Creditors' Committee in the above-captioned cases, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Bankruptcy Rules for the District of New York (the "Local Rules"); and the Court having considered the Affidavit of Michael Eisenband, sworn to October 21, 2008 (the "Eisenband Affidavit"), in connection with the Application; and the Court being satisfied based on the representations in the Application and the Eisenband Affidavit, that FTI does not represent any other entity having an adverse interest in connection with the case within the meaning of section 1103(b) of the Bankruptcy Code and is "disinterested" as defined in section 101(14) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the

relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the time for objections to the Application having expired on October 31, 2008, except for the United States Trustee and the Debtors, whose respective time to object was extended on consent until November 13, 2008; and, with no objections having been timely filed by any party; and the Court having entered an Interim Order (the "Interim Order") dated November 5, 2008 (Docket No. 1405), approving the Application on an interim basis without objection; and no objection having been timely made or filed by either the Debtors, the United States Trustee, or any other party; and due and proper notice of the Application, the Interim Order, and the hearing to consider entry of a final order approving the Application having been provided as approved in the Interim Order; and it appearing that no other or further notice need be provided; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is hereby

   ORDERED that the Application is granted to the extent provided herein; and it is further

   ORDERED, that all compensation and reimbursement of expenses to be paid to FTI, shall be subject to prior approval of this Court in accordance with the requirements under

§§ 330 and 331 of the Bankruptcy Code and the order of this Court which establishes procedures for monthly compensation and reimbursement of expenses; and it is further

ORDERED, that without limiting the rights of the United States Trustee to object to FTI's interim or final fee applications and without limiting the requirement that all compensation and reimbursement of expenses to be paid to FTI shall be subject to prior approval of this Court, in each instance as set forth in this Order, the Completion Fee (as defined in the Application), to the extent approved by the Court, shall be an expense of the administration of the above-captioned chapter 11 cases, payable, following conversion of such cases to a case under Chapter 7 of Title 11 of the United States Code, in the same order of priority as other allowed chapter 11 administrative expenses; and it is further

ORDERED, that all requests of FTI for payment of indemnity pursuant to the Engagement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall FTI be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct; and it is further

ORDERED, that in no event shall FTI be indemnified if the Debtor or a representative of the estate, asserts a claim for, and a court determines by final order that such claim arose out of, FTI's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; and it is further

ORDERED that in the event FTI seeks reimbursement for attorneys' fees pursuant to the terms of the Engagement, the invoices and supporting time records from such

attorneys shall be included in FTI's own application and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent with the Engagement or the Application, this Order shall govern; and it is further

ORDERED that this court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
      November __, 2008

_____
UNITED STATES BANKRUPTCY JUDGE