BLANK ROME LLP  
Attorneys for Thomson Reuters PLC  
and Thomson Reuters Corporation  
The Chrysler Building  
405 Lexington Avenue  
New York, New York 10174  
(212) 885-5000  
Edward J. LoBello (EL 3337)  
Michael Z. Brownstein (MB 9379)  
Melissa S. Vongtama (MV 9402)  

Hearing Date: November 20, 2008 at 2:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) <br> Jointly Administered |
| Debtors. | Re: Dkt. No. 1518 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
THOMSON REUTERS PLC AND THOMSON REUTERS CORPORATION WITH
RESPECT TO DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363(b)
OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO ENTER INTO A
<u>TRANSITION SERVICES AGREEMENT WITH LEHMAN EUROPE</u>**

**TO:    THE HONORABLE JAMES M. PECK,**
**        UNITED STATES BANKRUPTCY JUDGE**

Thomson Reuters PLC and Thomson Reuters Corporation (collectively with their affiliates, including but not limited to TradeWeb Markets LLC and its affiliates, Omgeo LLC, and Liquid Engines, Inc., "Thomson Reuters"), by its counsel, Blank Rome LLP, hereby submits this limited objection and reservation of rights (the "Limited Objection") with respect to the motion (the "TSA Motion") of Lehman Brothers Holdings Inc. ("LBHI") and certain of its domestic and foreign affiliates (together, the "Debtors" and, collectively with their non-debtor

1

affiliates, "Lehman") for entry of an order authorizing the Debtors to enter into a Transition Services Agreement (the "TSA") among Lehman Europe,[1] the Administrators, LBHI and Neuberger Berman Holdings LLC ("Neuberger"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, and respectfully represents:

## BACKGROUND

1.    Thomson Reuters is the world's leading provider and source of information for businesses and professionals. Thomson Reuters provides essential products and services for the global market by creating transparency and by providing insight through independent news and content.

2.    Thomson Reuters and the Debtors are parties to various intellectual property content, license, maintenance, support and other agreements (collectively, as amended from time to time, together with any other amendments, addenda, supplements or related invoices, purchase orders, or other documents, the "Thomson Reuters Contracts"). The services and products provided under the Thomson Reuters Contracts (the "Products and Services") are instrumental for the functionality and ongoing continuity of the business segments currently operated by Lehman, as well as those assets and businesses which have already been, or will be, acquired by third parties.

## PROCEDURAL HISTORY

3.    The Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on September 15, 2008 and on various dates thereafter.

4.    On September 20, 2008, the Debtors consummated a sale (the "Barclays Sale") of

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed in the TSA Motion.

2

certain of their domestic assets to Barclays Capital, Inc. ("Barclays"). In connection with the Barclays Sale, the Debtors designated the Thomson Reuters Contracts to be assumed and assigned to Barclays on the Closing Date.

5. On October 6, 2008, the Debtors moved to sell certain of their assets to IMD Parent LLC or to the highest and best offeror (the "IMD Sale"). A hearing on the IMD Sale is scheduled for December 22, 2008.

6. Throughout the Barclays Sale and the IMD Sale processes, Thomson Reuters has provided its full cooperation and delivered the crucial Products and Services to Lehman and Barclays to ensure continuity during these critical periods. At the same time, Thomson Reuters timely and clearly reserved its rights, and made its limited objections known to the Debtors, parties in interest, and this Court, with respect to the Debtors' designation of the Thomson Reuters Contracts for assumption and assignment.

## LIMITED OBJECTION

7. First, the TSA Motion and the TSA refer to, but do not specifically identify or describe in detail "information technology platforms and systems" that are "shared," "integrated global network of applications that supported the Lehman entities worldwide," "unified information system," "Computer-based resources," "Software," "Technology," and "Intellectual Property." It is unclear whether these categories of assets and resources encompass the Products and Services provided by Thomson Reuters. Thus, Thomson Reuters requests that the Debtors clarify and identify the specific third-party vendors whose rights may be implicated, and the products and services which may be shared or exchanged, under the TSA.

8. Second, Thomson Reuters objects to the TSA Motion on a limited basis to the extent that the TSA contemplates a sharing or exchange of Products and Services provided under

3

the Thomson Reuters Contracts with Lehman Europe, Neuberger, or any party without Thomson Reuters' prior consent, including appropriate payment terms and indemnities. Without such consent, the Debtors should not be permitted to share or exchange any Thomson Reuters' Products and Services with any other party.

## RESERVATION OF RIGHTS

9. Any arrangement by Lehman to allow a third party to use infrastructure or software which is provided by Thomson Reuters to Lehman, or any redistribution of content supplied by Thomson Reuters to Lehman under the Thomson Reuters Contracts, requires the consent of Thomson Reuters and its third party suppliers. Any sale or arrangement whereby there is an unauthorized use by a third party of Thomson Reuters' infrastructure or software, or unauthorized redistribution of Thomson Reuters' content or third party supplier content, may result in potential claims from Thomson Reuters' third party suppliers. In this regard, Thomson Reuters reserves its rights against the Debtors, their estates, Barclays, and any other purchaser for indemnification of Thomson Reuters or its third party suppliers.

10. Thomson Reuters reserves all of its rights to further supplement this Limited Objection, including, but not limited to, its right to assert that additional amounts are required to be paid by reason of the provision of the Products and Services to any party under the TSA.

**WHEREFORE**, Thomson Reuters respectfully requests that the Court (a) require the Debtors to clarify the categories of assets and resources referenced in the TSA Motion and the TSA, and to identify the specific third-party vendors whose rights may be implicated, and the products and services which may be shared or exchanged under the TSA, (b) to the extent that the TSA contemplates a sharing or exchange of the Products and Services provided under the Thomson Reuters Contracts, require that Thomson Reuters receive appropriate compensation for

4

such postpetition Products and Services and such other terms and indemnities as may be appropriate thereunder, and (c) grant Thomson Reuters such other and further relief as is just and proper.

Dated: New York, New York
November 19, 2008

Respectfully Submitted,

**BLANK ROME LLP**

By:   /s/ Edward J. LoBello
Edward J. LoBello (EL 3337)
Michael Z. Brownstein (MB 9379)
Melissa S. Vongtama (MV 9402)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel: (212) 885-5000
Fax: (212) 885-5001

*Attorneys for Thomson Reuters PLC and Thomson Reuters Corporation*