Hearing Date and Time: **November 20, 2008 at 2:00 p.m.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
 : 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.* : **08-13555 (JMP)**
 : 
Debtors. : **(Jointly Administered)**
 : 
------------------------------------------------------------------x

**DEBTORS' REPLY TO LIMITED OBJECTION OF
THE HARBINGER FUNDS TO THE DEBTORS' MOTION
TO FURTHER EXTEND THE TIME TO FILE THE DEBTORS' SCHEDULES,
STATEMENTS OF FINANCIAL AFFAIRS, AND RELATED DOCUMENTS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors" and, collectively with their non-Debtor affiliates, "Lehman"), as and for their reply to the limited objection of the Harbinger Funds to the Debtors' motion (the "Motion") to further extend the time to file the Debtors' schedules, statements of financial affairs, and related documents (collectively, the "Schedules"), respectfully represent:

**Preliminary Statement**

1. As the Harbinger Funds concede, these are the largest and most complex chapter 11 cases ever filed. Since the Commencement Date, the Debtors and their professionals have worked diligently to review and organize an unprecedented amount of information. This information must be compiled from many sources – both foreign and domestic – and must be organized while the Debtors attend to countless other tasks within the context of these chapter 11 cases. For these and the other reasons explained in the Motion, the Debtors have requested another 60 days to file their bankruptcy schedules.

2. Neither the U.S. Trustee nor the Creditors' Committee opposes the Motion. The only objection comes from the Harbinger Funds – which are general unsecured creditors assessing a liquidated claim against Lehman Brothers Special Financing Inc., with LBHI as a guarantor. The Harbinger Funds contend that the Debtors should be required to file their schedules and statements within the next month because (i) the Court can lend its assistance with respect to difficulties that may arise in obtaining necessary information from third parties (Obj. at ¶ 7), (ii) schedules and statements are important to creditors (Obj. at ¶ 9), and (iii) the Harbinger Funds want a better understanding of alleged "intercompany issues" concerning Lehman affiliates. (Obj. at ¶ 10.)

3. Although the Debtors have made considerable efforts to keep all creditors and interested parties informed, as information becomes available, in light of the difficulties presented by a case of this magnitude an aggregate 105-day extension is reasonable. Indeed, the extension requested here is significantly shorter than extensions

that have been granted in virtually every other comparable chapter 11 case in this District – each of which was significantly smaller, less complex, and had greater resources. The Harbinger Funds have no basis for contending that they will be harmed if the Debtors need additional time to file their schedules and statements. Indeed, in the perspective of the allegedly liquidated claims of the Harbinger Fund, the objective of the Funds is unclear. The Objection provides no basis or authority to deny the Debtors' extension request. Accordingly, the Objection should be overruled and the Motion should be granted.

## Reply in Support of the Motion

4.  In the preparation of their schedules and statements, both the Debtors and their professionals are dealing with a volume of data that is unprecedented in this or any other jurisdiction. Given this massive task, it should not be surprising or inappropriate that the Debtors would require an additional extension of 60 days. As the chart below illustrates, it is commonplace for courts in other large and complex chapter 11 cases to grant multiple extensions of time for debtors to file their schedules, with multiple extensions often aggregating more than six months:

| **Case and Date Filed** | **Orders granting extension** | **Total time granted** |
|---|---|---|
| In re Adelphia Communications, Case No. 02-41729 (REG) (Bankr. S.D.N.Y. 2003) | • Order entered June 27, 2002 [Doc. No. 37] (granting initial 90 day extension)<br>• Order entered Sept. 17, 2002 [Doc. No. 678] (granting additional 90 day extension)<br>• Order entered Dec. 23, 2002 [Doc. No. 1251] (granting additional 120 day extension)<br>• Order entered April 25, 2003 [Doc. No. 1646] (granting additional 120 day extension)<br>• Order entered July 22, 2003 [Doc. No. 1911] (granting additional 90 days) | Schedules due approximately 13 months after the petition date. |

| | | |
|---|---|---|
| <u>In re Worldcom, Inc.</u>, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. July 21, 2002) | • Order entered July 23, 2002 [Doc. No. 73] (granting initial 90 day extension)<br>• Order entered Oct. 29, 2002 [Doc. No. 1781] (granting additional 90 day extension)<br>• Order entered January 28, 2003 [Doc. No. 3028] (granting additional 60 day extension)<br>• Order entered March 25, 2003 [Doc. No. 3983] (granting extension to April 1, 2003)<br>• Order entered April 8, 2003 [Doc. No. 4184] (granting extension to April 15, 2008) | Schedules due approximately 10 months after the petition date. |
| <u>In re Northwest Airlines</u>, Case No. 05-17930 (Bankr. S.D.N.Y. Sept. 14, 2005) (ALG) | • Order entered September 15, 2005 [Doc. No. 76] (granting initial 120 day extension)<br>• Order entered Dec. 15, 2005 [Doc. No. 1473] (granting additional 60 day extension)<br>• Order entered March 7, 2006 [Doc. No. 2236] (granting additional 60 day extension) | Schedules due over 8 months after the petition date. |
| <u>In re Enron Corp.</u>, Case No. 01-16034 (Bankr. S.D.N.Y. Dec. 2, 2001) (AJG) | • Order entered Dec. 3, 2001 [Doc. No. 33] (granting initial 4 month extension)<br>• Order entered April 11, 2002 [Doc. No. 2955] (granting additional 60 days) | Schedules due approximately 6 months after the petition date. |
| <u>In re In re Delta Air Lines, Inc.</u>, Case No. 05-17923 (Bankr. S.D.N.Y. September 14, 2005) (PCB) | • Order entered Sept. 16, 2005, [Doc. No. 146] (granting initial 60 day extension)<br>• Order entered Nov. 10, 2005 [Doc. No. 1126] (granting additional 60 day extension)<br>• Order entered Jan. 23, 2006, [Doc. No. 1893] (granting additional 60 day extension) | Schedules due over 6 months after the petition date. |
| <u>In re Quebecor World (USA) Inc. et al.</u>, Case No. Case No. 08-10152 (Bankr. S.D.N.Y. 2008) (JMP) | • Order entered January 23, 2008, [Doc. No. 46] (granting initial 30 day extension)<br>• Order entered March 20, 2008 [Doc. No. 440] (granting additional 90 days)<br>• Order entered May 22, 2008 [Doc. No. 672] (granting additional 45 days) | Schedules due approximately 180 days after petition date |
| <u>In re Dana Corp.</u>, Case No. 06-10354 (Bankr. S.D.N.Y. March 3, 2006) (BRL) | • Order entered March 29, 2006 [Doc. No. 726] | Schedules due over 120 days after petition date. |

5. As these cases illustrate, the 15-day period proscribed by Bankruptcy Rule 1007(c) is simply unrealistic for most large, corporate debtors in chapter 11. That is why it is typical for courts in this District to grant substantial extensions for the same reasons presented here.

**Information Sharing Continues**

6. Despite the difficulties presented by these enormous chapter 11 cases, the Debtors continue to make every effort to ensure that parties in interest are kept as informed as possible. For example, the Debtors and their attorneys have met face to face with numerous of their creditors individually, including the representatives of the Harbinger Funds, as well as with the Creditors' Committee and its professionals, the SIPA Trustee and its professionals, and the United States Trustee.

7. The Creditors' Committee and its professionals, as the representative constituents for all unsecured creditors, have been immersed on a real-time basis in virtually all of Debtors' activities, and have received regular updates on topics such as liquidity, significant transactions and upcoming transactions, financial reporting, claims management, and reports from the Debtors' various asset teams.

8. In addition, both the Debtors, the SIPA Trustee, and the Creditors' Committee have published several public websites to which all parties in interest may refer in order to remain generally informed about the status of these cases, to access the court's docket, and to locate other important documents that may relate to any asset sales or other important transactions in the Debtors' cases.

9. In an unprecedented effort to provide access to creditors, the Debtors' websites list the names and contact information <u>for each specific individual associated with the Debtors' professionals that is responsible for specific subject areas</u>, so that they may be contacted directly by creditors with questions. These designated areas of responsibility include Wind Down / Transition, Derivatives, Loans, Real Estate, Claims Management, and many others. These websites list all the names and contact

information that parties in interest may need in order to follow up with more detailed requests for information.

10.  The relevant websites are available at:[1]

- http://www.lehmanbrothersestate.com
- http://chapter11.epiqsystems.com/lehman
- http://www.lehmancreditors.com

Screenshots of these website are attached hereto as Exhibit A.

11.  Beyond these internet-based resources and the individuals, including attorneys, listed on each website and contact list is a telephone and email hotline for any party to contact the Debtors' attorneys in connection with any general legal inquiries.  Legal counsel can be contacted at:

> Lehman Legal Hotline:
> 212-310-8040
> LehmanTeam@Weil.Com

12.  For any questions related to the Debtors' cases, the Debtors have published on the www.lehman-docket.com website the entire docket, where each document can be downloaded free of charge, and the following hotlines for general questions relating to the claims aspect of their chapter 11 cases:

> In the United States: 1-866-879-0688
> Outside of the United States: 1-503-597-7691

**The Extension is Warranted**

13.  In opposing the Motion, the Harbinger Funds rely on the truism that schedules are important.  (Obj. at ¶ 9).  The Debtors do not dispute that the schedules

---

[1] In addition, the SIPA Trustee has published a separate website that provides information to the public about the proceeding commenced under the Securities Investor Protection Act of 1970 with respect to Lehman Brothers Inc.  This website is available at http://www.lehmantrustee.com.

are important to the Harbinger Funds and other parties in interest. But axiomatic assertions that schedules are important do not negate the actual facts and circumstances of these cases. Indeed, the importance of the schedules necessitates the requested extension, as there is no justification for rapidly compiling important information before it is complete and accurate. The Debtors will strive to complete their schedules as promptly as possible, all the while making information available to their stakeholders through the numerous channels identified above.

14. The Debtors have made every possible effort to ensure that parties in interest remain informed about the Debtors' estates and these chapter 11 cases, as information becomes available, while they continue to compile and organize a massive amount of information that will ultimately constitute their bankruptcy schedules. After granting a relatively modest extension of 45 days at the outset of these cases, it is entirely appropriate and in no way unusual for the Court to grant the additional 60 days requested in the Motion, for cause as set forth in the Motion, and without prejudice to the Debtors' right to seek further extensions should it become necessary, as has been done in so many of the large-scale chapter 11 cases in this jurisdiction.

WHEREFORE the Debtors respectfully request (i) that the Objection be

overruled, to the extent not otherwise withdrawn; (ii) entry of the Order granting the

Motion; and (iii) such other or further relief as is just.

Dated: November 19, 2008
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# Exhibit A

# WEBSITE SCREENSHOTS

















