UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                            :
In re                                       :     Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :     08-13555 (JMP)
                                            :
            Debtors.                        :     (Jointly Administered)
                                            :
-----------------------------------------------------------------x

**FINAL ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE
BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP AS CONFLICTS COUNSEL
FOR THE DEBTORS, *NUNC PRO TUNC* TO THE DATE OF ITS ENGAGEMENT**

Upon the application, dated October 8, 2008 (the "Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, and Rule 2014(a) of the Bankruptcy Rules, for entry of an order authorizing the Debtors to employ and retain Curtis, Mallet-Prevost, Colt & Mosle LLP ("CMP") as their conflicts counsel, under a general retainer, *nunc pro tunc* to the date of its Engagement, all as more fully described in the Application; and upon consideration of the affidavit of Steven J. Reisman, a partner of CMP (the "Reisman Affidavit"), and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the Order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; (vii) the attorneys for the SIPA Trustee; and (viii) all parties who have requested notice in these Chapter 11 Cases, and it appearing that no other or further notice need be provided; and hearings having been held to consider the Application on an interim and final basis; and the Court having entered an interim order on October 16, 2008, granting the relief requested in the Application on an interim basis [Docket No. 1100]; and upon the Court being satisfied based on the representations made in the Application and the Reisman Affidavit that the partners, counsel and associates of CMP who will be in engaged in the Chapter 11 Cases represent no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; that they are disinterested persons as that term is defined under Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

    1.        The Application is approved.

2. Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain CMP as their conflicts counsel, under a general retainer, on the terms set forth in the Application and the Reisman Affidavit, in accordance with CMP's normal hourly rates and disbursement policies, effective, *nunc pro tunc* to September 26, 2008, the date of CMP's Engagement.

3. CMP will render professional services to the Debtors for certain discrete matters, which may include, but are not limited to, the following matters where Weil or other counsel for the Debtors, may not be able to act as a result of an actual or potential conflict of interest or where the Debtors, Weil, or other counsel to the Debtors, have requested that CMP:

(a) advise the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their business and properties;

(b) attend meetings and negotiate with representatives of creditors and other parties in interest;

(c) take necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors and representing the Debtors' interests in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the estates;

(d) prepare motions, applications, answers, orders, appeals, reports and papers necessary to the administration of the Debtors' estates;

(e) take any necessary action on behalf of the Debtors to obtain approval of a disclosure statement and confirmation of one or more chapter 11 plans;

(f) represent the Debtors in connection with obtaining postpetition financing;

(g) advise the Debtors in connection with any potential sale of assets;

(h) advise the Debtors on the rights of offset and the applicability of the "safe harbor" provisions from the automatic stay;

3

    (i)    appear before the Court, any appellate courts and the United States Trustee, and protect the interests of the Debtors' estates before those Courts and the United States Trustee;

    (j)    consult with the Debtors regarding tax matters; and

    (k)    perform other necessary legal services and provide other necessary legal advice to the Debtors in connection with these cases, including (i) the analysis of the Debtors' leases and executory contracts and the assumption, rejection or assignment thereof, (ii) the analysis of the validity of liens against the Debtors, and (iii) advice on corporate, litigation, employment, intellectual property, governmental investigatory, regulatory and environmental matters.

4. CMP shall be compensated in accordance with the procedures set forth in Sections 330(a) and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules and the Local Rules, the Guidelines and such other procedures as may be fixed by order of this Court.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and the terms of any engagement letter executed by the Debtors and CMP consistent with this Order as approved by the Court.

6. The Court retains jurisdiction with respect to all matters arising from, or related to, the interpretation and implementation of this Order.

7. Notice of the Application as provided herein shall be deemed good and sufficient notice of the Application.

Dated: New York, New York
       November 21, 2008

                                *s/ James M. Peck*
                                UNITED STATES BANKRUPTCY JUDGE