UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                        :
In re                                                   :     Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :     08-13555 (JMP)
                                                        :
                        Debtors.                        :     (Jointly Administered)
                                                        :
                                                        :
----------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 AUTHORIZING IMPLEMENTATION OF THE RETENTION AND RECRUITMENT PROGRAM

Upon the motion, dated October 29, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval of the Debtors' recruitment program (the "Retention and Recruitment Program"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for

the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided, and it appearing that no other or further notice need be provided; and the Official Creditors' Committee (the "Creditors' Committee") having indicated its support for the relief sought in the Motion as reflected by its statement in support filed contemporaneously with the Motion; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, to take all necessary action to implement the Retention and Recruitment Program on the terms and conditions set forth in the Motion to the extent such actions are not in the ordinary course of business; and it is further

ORDERED that, notwithstanding anything to contrary in this Order or the Motion, (i) the establishment of the applicable performance metrics, (ii) the review of each employee's performance under the applicable performance metric and the amount of the bonus ultimately payable to such employee, (iii) any material increase, decrease, or reallocation of funds dedicated to any specific job slot under the Retention and Recruitment Program, and (iv) the propriety of any amounts required to fund base salary and bonuses for extended commitment

periods shall be subject to the consent of the Creditors' Committee, which consent shall not be unreasonably withheld; and it is further

ORDERED, that if the Debtors and the Creditors' Committee do not agree on those aspects of the Retention and Recruitment Program that require the Creditors' Committee's consent, that the Debtors reserve the right to obtain the Court's authorization to implement such aspect of the Retention and Recruitment Program without the consent of the Creditors' Committee; and it is further

ORDERED that payments to employees through under the Retention and Recruitment Program are entitled to administrative expense status and priority under 11 U.S.C. §§503(b)(1)(A) and 507(a)(2); and it is further

ORDERED that notwithstanding any provision in the Motion or related documents to the contrary, the Debtors shall retain the right, in their sole discretion, to decline to pay any bonus or severance under the Retention and Recruitment Program that fails to comply with the terms of the applicable employment agreement; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h),[1] this Order shall be effective immediately upon entry; and it is further

---

[1] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.

3

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation the Retention and Recruitment Program or disputes arising under individual employment agreements.

Dated: New York, New York
November 21, 2008

                                          *s/ James M. Peck*
                                          UNITED STATES BANKRUPTCY JUDGE