UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| Debtors. | |

-----------------------------------------------------------x

## DECLARATION OF ANDREW L. SCHWARCZ IN SUPPORT OF MOTION OF MAPCO EXPRESS, INC. AND DELEK US HOLDINGS, INC. FOR RELIEF FROM THE AUTOMATIC STAY

Andrew L. Schwarcz, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1.  I am the Corporate Counsel of Delek US Holdings, Inc. ("Delek") and its subsidiary, Mapco Express, Inc. ("Mapco"). I submit this declaration in support of the Motion[1] of Delek and Mapco (together, the "Movants") pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order granting the Movants relief from the automatic stay. I have reviewed the Motion and attest to the following facts upon personal knowledge or, where indicated, upon information and belief formed after reasonable investigation.

2.  From time to time, both the Delek Loan and the Mapco Loan have been amended for various purposes. In each such instance, LCPI as the administrative agent was responsible for drafting and presentation of the amendments to the syndicate of lending banks, and with respect to the Mapco Loan, LCPI signed the amendments on behalf of the lenders. The Delek Loan has been amended four times and the Mapco Loan has had seven amendments.

---

[1] Unless defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

{00071429.3 \ 0678-001}

1

3.  In recent months, the Movants determined it would be beneficial to sell certain of their assets, largely so that the net proceeds could be applied in conformity with the Mapco Loan and provide the Movants with greater ability to borrow in the future.  After careful marketing, in or about August 2008, Mapco reached written agreements to sell certain of its retail outlets on a going concern basis, for total consideration of approximately $23 million and to sell another, smaller group for $3 to $4 million.  An agreement has also been reached with a landlord from which Mapco leases eight locations that are unprofitable to Mapco, about a transaction that would convey some assets to the landlord and result in the termination of most or all of those unprofitable leases without penalty.

4.  Both the Delek Loan and the Mapco Loan need to be amended to increase the dollar limit on the value of assets that the Movants can sell in a given year, and to provide the Movants with added flexibility with respect to the sales of certain of their assets. Absent such amendments, the limits are $10 million under the Mapco Loan and $20 million under the Delek Loan.

5.  As required under the loan documents, Delek and Mapco immediately informed LCPI, as administrative agent, of the need for the appropriate amendments to, among other things, increase the asset sale limits.  There were communications about the general terms and desirability of the proposed sales, and the anticipated use of the net proceeds in compliance with the terms of the Mapco Loan.

6.  Counsel to LCPI sent us preliminary drafts of amendments to both loans in October 2008.  We promptly reviewed those documents and returned them with our comments on October 24th.  Our comments, among other things, included the replacement of LCPI as

{00071429.3 \ 0678-001}

2

administrative agent, because we were experiencing more and more difficulty getting information and responses from LCPI, even as to very straightforward matters.

7. Since providing comments, both the Movants and their counsel have made repeated attempts to contact LCPI to move the amendment process forward. We have gotten no responses to those repeated communications, and no revised drafts of the amendments have been forthcoming.

8. Because of LCPI's inaction, Mapco has in effect been forced to act as the administrative agent under the Mapco Loan. Mapco has contacted substantially all of the Mapco lenders directly to inform them of the proposed asset sales and the need for amendments increasing the asset sale limits and creating more flexibility, and replacing LCPI as agent. It has already been necessary for Mapco to engage one of the other lenders to serve as an advisor and as a "clearing house" for information, and Mapco has agreed to pay a fee of $75,000 to that lender, in order to assist Mapco management in navigating through the unprecedented task of effectively serving as its own administrative agent. The fee to this lender is in addition to the $100,000 fee that has already been paid to LCPI by Mapco for services as agent for the period April 2008 through April 2009 -- services which LCPI is not providing.

9. As of the date of this Motion, Mapco has spoken individually with most of the lenders and held a conference call with all of the Mapco lenders. During the individual calls, lenders representing more than 70% in dollar amount of the Mapco Loan indicated their support of the amendment and proposed sales, including the replacement of LCPI as administrative agent and swing line lender. Mapco has circulated the proposed amendment on its own accord to all of the Mapco lenders and has already begun to receive executed amendments from its lenders accepting all of the amendment terms.

10.    In addition, a successor administrative agent has been identified by the Mapco lender group, is to be appointed in the proposed amendment and is ready, willing and able to replace LCPI as administrative agent under the Mapco Loan and as the swing line lender.

11.    We have not had a meeting or conference call with the Delek Loan lenders as of yet, simply because of the press of time and the enormous administrative burdens that LCPI's abdication of its responsibilities has already placed on the Movants.  We anticipate contacting those lenders shortly, and I note that the Delek Loan involves a much smaller lender group, no revolver or swing line facility, and an already higher dollar threshold for asset sales that may occur in a given year.  It is my expectation that the Delek lenders, like the Mapco lenders, will be supportive of the proposed amendment and the replacement of LCPI as agent.

12.    The lack of responsiveness by LCPI has put the proposed sales and transactions at significant risk.  Despite the firm support of lenders, LCPI has failed to take the steps necessary to proffer and effect the amendments, and the Movants are unable to move forward with and finally consummate extremely beneficial transactions because of LCPI's failure to meet its obligations as administrative agent.  If the sales are lost due to LCPI's breach of its duties as administrative agent, it will cause additional harm to the Movants, as well as to all of the lenders, including LCPI, who would benefit from the application of the net proceeds in accordance with the Delek Loan.

Executed on:  November 21, 2008

*/s/ Andrew L. Schwarcz*

_____
Andrew L. Schwarcz

{00071429.3 \ 0678-001}

4