**QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Telecopier: (212) 849-7100
Susheel Kirpalani
James C. Tecce
Eric M. Kay

*Special Counsel to the Official*
*Committee of Unsecured Creditors of*
*Lehman Brothers Holdings Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re:** :
: **Chapter 11**
**LEHMAN BROTHERS HOLDINGS INC.,** :
**ET AL.,** : **Case No. 08-13555 (JMP)**
:
: **(Jointly Administered)**
**Debtors.** :
:
------------------------------------------------------------------x

**OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**OF LEHMAN BROTHERS HOLDINGS INC., ET AL. TO MOTIONS**
**OF BARCLAYS CAPITAL INC. FOR RELIEF, PURSUANT TO FEDERAL**
**RULE OF CIVIL PROCEDURE 60(b), CONCERNING CERTAIN CONTRACTS**
**ERRONEOUSLY POSTED WITH THE CLOSING DATE CONTRACTS**

The Official Committee of Unsecured Creditors (the "Creditors' Committee") in the above-captioned chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this omnibus objection (the "Objection") to (i) the Motion of Barclays Capital Inc. ("Barclays") for Relief Concerning Certain Contracts Erroneously Posted with the Closing Date Contracts and (ii) the Motion of Barclays Capital Inc. for Relief Concerning an American Express Contract Erroneously Posted with the Closing Date

Contracts (together, the "Rule 60(b) Motions). In support of this Objection, the Creditors' Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Creditors' Committee takes no position on whether Barclays has met the standards to justify relief from the Sale Order under Rule 60(b). The Creditors' Committee respectfully submits, however, that the estates should not be exposed to any potential rejection damages relating to the Contested Contracts (as defined below). Accordingly, any form of relief granted to Barclays or the Contested Contract counterparties should be fashioned in a manner that has no detrimental economic impact on the estates.

## BACKGROUND

2. By Order dated September 20, 2008, this Court approved an asset purchase agreement (the "Purchase Agreement") dated September 16, 2007 between LBHI and certain of its subsidiaries, including Lehman Brothers, Inc. and LB 745 LLC, and Barclays (Docket No. 258 (the "Sale Order")). Among other things, the Sale Order authorized the Debtors to assume and assign certain of their contracts and leases to Barclays. In connection therewith, Barclays designated certain contracts and leases to be assumed by the Debtors and assigned to Barclays (the "Closing Date Contracts").

3. Under procedures established by this Court prior to entry of the Sale Order,[1] Barclays posted the list of Closing Date Contracts, and proposed cure amounts, on a website established by the Debtors' claims agent for the purposes of providing notice of the assumption and assignment to the non-debtor counterparties.

---

[1] By Order dated September 17, 2008 (Docket No. 88), the Court approved notice and bid procedures with respect to the sale as well as the proposed notification procedures for contract and lease counterparties.

4. Pursuant to the Rule 60(b) Motions, Barclays seeks to be relieved of the assumption and assignment to it of 179 contracts with various counterparties and certain travel services related contracts with American Express Travel Related Services Company, Inc. (collectively, the "Contested Contracts") that Barclays placed on the list of Closing Date Contracts. Barclays contends it erroneously included the Contested Contracts in the schedule of Closing Date Contracts, either as a result of Barclays' (or its counsel's) mistake and/or excusable neglect.

## OBJECTION

5. The Debtors and their estates are innocent parties to the dispute concerning the assumption and assignment of the Contested Contracts to Barclays. As such, the estates should not incur any economic damage resulting from these disputes.

6. The Purchase Agreement provided for the assumption and assignment of the Contested Contracts to Barclays, and the Sale Order noted specifically that "[t]he assumption and assignment of the Contracts pursuant to the terms of this Order is integral to the Purchase Agreement …" (Sale Order at 10 (¶ T)). Once assigned, the estates could reasonably expect to be relieved of any potential liability relating to the Contested Contracts, including liability for rejection damage claims. Cf., 11 U.S.C. § 365(k) ("Assignment by the trustee to an entity of a contract or lease assumed under this section relieves the trustee and the estate from any liability for any breach of such contract or lease occurring after such assignment").

3

7.      Now that the sale agreements have been consummated, the Debtors posit that if Barclays prevails, then the estates will likely have to reject the contracts.[2] But to the extent that the assumption and assignment of the Contested Contacts were the result of mistakes and/or neglect, such mistakes and/or neglect relate solely to Barclays and were completely under its control. As such, the estates should not bear any costs or expenses resulting from Barclay's actions, including any costs of unwinding the transaction for the purposes of returning the Contested Contracts to the estate.

8.      Accordingly, the Creditors' Committee respectfully requests that any relief granted by the Court with respect to the Rule 60(b) Motions should expressly preclude the non-debtor counterparties to the Rule 60(b) Contracts from filing any claims against the estates in connection with the rejection of the contracts or require Barclays to hold the estates harmless for any rejection damages that the estates may incur.[3] Any such costs or expenses that might be incurred as a result of the erroneous assumption of the 60(b) Contracts, either by mistake, neglect or otherwise, should be borne by Barclays and not the estates.

---

[2]   See Debtors' Response To Motions Of Barclay's Capital Inc. For Relief, Pursuant To Federal Rule Of Civil Procedure 60(b) And Federal Rule Of Bankruptcy Procedure 9024, Concerning Various Closing Date Contracts (Docket No. 1212) at p. 4 (¶ 8) ("Given that the sale to Barclays has already been consummated, many of the contracts will likely be rejected by the Debtors").

[3]   The Creditors' Committee expressly reserves any and all rights to object to any such claims, on the grounds that such claims should be disallowed, that such claims do not constitute administrative expense claims under section 503(b)(7) of the Bankruptcy Code, or otherwise.

4

WHEREFORE, the Creditors' Committee respectfully requests that the Court enter an order granting relief consistent with this Objection, otherwise denying the Rule 60(b) Motions, and granting such other and further relief that the Court deems appropriate.

Dated: November 21, 2008
      New York, New York

      **QUINN EMANUEL URQUHART**
      **OLIVER & HEDGES, LLP**

      By: /s/ James C. Tecce
          Susheel Kirpalani
          James C. Tecce
          Eric M. Kay

      51 Madison Avenue
      New York, New York 10010
      Telephone No.: (212) 849-7000
      Facsimile No.: (212) 849-7100

      *Special Counsel to the Official Committee*
      *Of Unsecured Creditors Of Lehman*
      *Brothers Holdings Inc., et al.*