**IN THE UNITED STATES BANKRUPTCY
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | Case No. 08-13555 (JMP) Jointly Administered |
| Debtor. | |

**LEAD PLAINTIFFS' JOINDER IN MOTION OF NEW YORK STATE
COMPTROLLER FOR APPOINTMENT OF AN EXAMINER WITH EXPANDED
POWERS**

Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, Northern Ireland Local Government Officers' Superannuation Committee, City of Edinburgh Council as Administering Authority of the Lothian Pension Fund, and Operating Engineers Local 3 Trust Fund, the court-appointed lead plaintiffs (collectively, the "Lead Plaintiffs") in the consolidated securities class action pending in the United States District Court for the Southern District of New York captioned, *Operative Plasterers and Cement Masons International Association Local 262 Annuity Fund et al. v. Richard S. Fuld, Jr., et al.*, Case No. 08-05523 (LAK) (the "Securities Litigation"), by and through their undersigned counsel, hereby join in that portion of the motion of the New York State Comptroller seeking the appointment of an examiner with expanded powers to investigate Lehman Brothers Holdings, Inc. ("LBHI"), its affiliated debtors-in-possession (together with LBHI, collectively, the "Debtors"), other than Lehman Brothers, Inc., and the Debtors' former and current management (Docket No. 1376) (the "Motion"). In support of this Joinder, Lead Plaintiffs respectfully state:

**RELEVANT BACKGROUND**

**A.    Relevant Procedural Background.**

1.    On September 15, 2008 (the "Petition Date"), LBHI filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On and after the Petition Date, the other Debtors in these cases filed voluntary petitions for relief. The Debtors' chapter 11 cases are being jointly administered in this Court.

2.  The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to section 1107 and 1108(a) of the Bankruptcy Code.

3.  On September 17, 2008, the United States Trustee appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

**B.  The Securities Litigation.**

4.  On April 29, 2008, a securities class action styled *Southeastern Pennsylvania Transportation Authority v. Lehman Brothers Holdings Inc., et al.*, No. 08-CV-2431, was filed in the Northern District of Illinois against LBHI and certain of its officers. On June 18, 2008, the Securities Litigation was commenced in the United States District Court for the Southern District of New York. Conforming to the lead plaintiff deadlines established by the Private Securities Litigation Reform Act of 1995 and repeated in the notices circulated in connection with the *Southeastern Pennsylvania Transportation Authority* action and the Securities Litigation, on June 30, 2008, Lead Plaintiffs moved for appointment as lead plaintiffs in the Securities Litigation. On July 31, 2008, Judge Lewis A. Kaplan entered an order appointing Lead Plaintiffs and approving Lead Plaintiffs' selection of counsel.

5.  Lead Plaintiffs are, and represent, persons and entities who purchased or acquired publicly-traded securities of LBHI between June 12, 2007 and September 15, 2008 inclusive (the "Class Period"). On October 27, 2008, Lead Plaintiffs filed an amended class action complaint (the "Complaint") in the Securities Litigation alleging violations of the federal securities laws and asserting claims on behalf of themselves and the class they represent against the defendants. A copy of the Complaint is annexed hereto as Exhibit A.

6.  Defendants in the Securities Litigation are Richard S. Fuld, Jr., the Debtors' former president and chief executive officer; Christopher M. O'Meara, the Debtors' former chief financial officer, controller and executive vice president; Joseph M. Gregory, the Debtors' former chief operating officer; Erin Callan, the Debtors' former chief financial officer and executive vice president; Ian Lowitt, the Debtors' former chief financial officer; former directors of the Debtors Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H.

Cruikshank, Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, and John D. Macomber; and underwriters of certain of the Debtors' securities.[1]

7. In summary, the Securities Litigation arises from LBHI's undisclosed exposure to losses from distressed mortgage and asset-backed securities. Throughout the Class Period, LBHI, one of the largest financial institutions in the United States, purchased and packaged residential and commercial mortgages and other collateralized debt obligations into complex securities that were sold to investors or held for LBHI's own benefit.

8. The Complaint alleges that even as delinquencies and defaults in the residential and commercial mortgage markets mounted and the credit markets declined, LBHI falsely assured investors that it faced minimal exposure to losses from its mortgage related assets, due, in part, to its economic hedges. In fact, throughout the Class Period, LBHI failed to adequately disclose the true risk of losses associated from its mortgage related assets and did not properly write-down the assets to reflect their true value. Further, LBHI did not adequately reveal its full exposure to the additional risk of losses from the economic hedges themselves.

9. Lead Plaintiffs submit that the allegations set forth in the Complaint provide additional support for the appointment of an examiner with expanded powers in these chapter 11 cases.

**C.    The Motion.**

10. On November 4, 2008, the New York State Comptroller, as Administrative Head of the New York State and Local Retirement Systems and sole Trustee of the New York State Common Retirement Fund (the "<u>New York State Comptroller</u>"), filed the Motion.

11. In the Motion, the New York State Comptroller asserts that LBHI's board of directors and present management are "wholly inappropriate" parties to oversee the Debtors' reorganization, in part because of concerns over the board's and management's role in the

---

[1] By virtue of the chapter 11 filings, the Securities Litigation is stayed against the Debtors only pursuant to section 362(a) of the Bankruptcy Code; thus, the consolidated class action complaint, which was filed in the Securities Litigation after the Petition Date, does not assert claims against the Debtors.

downfall of the Debtors. *See* Motion at ¶¶ 1-2. Moreover, the New York State Comptroller alleges the board and senior management have shown too much deference to Mr. Fuld, the Debtors' president and chief executive officer, which has enabled him to consolidate power within the Debtors' organization, and permitted him to continue to steer the Debtors' operations and reorganization without the requisite transparency that creditors, equity holders and other parties-in-interest deserve and to which they are entitled. *See*, generally, Motion at ¶¶ 23-35. To remedy past failures of the board and management, the Motion seeks to replace Mr. Fuld and the present management with a trustee. Lead Plaintiffs do not join in the Motion to the extent it seeks the appointment of a chapter 11 trustee. Moreover, at a hearing before this Court on November 20, 2008, it was disclosed that Mr. Fuld will resign as president and chief executive officer of the Debtors effective at the close of business on December 31, 2008.

12. However, in the alternative, the New York State Comptroller seeks the appointment of an examiner pursuant to section 1104 of the Bankruptcy Code, with expanded powers to investigate the prepetition conduct of the Debtors and their current and former management. *See* Motion at ¶¶ 69-79. The Motion correctly states that the appointment of an examiner in these cases is mandatory under section 1104(c) of the Bankruptcy Code because the Debtors' fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000.[2]

## **JOINDER**

13. For the reasons and upon the authorities cited in the Motion, as well as the allegations set forth in the Complaint, Lead Plaintiffs join in the Motion insofar as the New York State Comptroller seeks the appointment of an examiner under section 1104 of the Bankruptcy Code with expanded powers to investigate the Debtors and their current and former management.

---

[2]  In a response to the Motion of The Walt Disney Company for Appointment of Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code (Docket No. 1143), the United States Trustee also takes the position that the appointent of an examiner is mandatory once the debt threshold set forth in section 1104(c) of the Bankruptcy Code is met. *See* Docket No. 1468 at pp. 2-3.

**WHEREFORE**, Lead Plaintiffs respectfully request that the Court enter an order appointing an examiner with expanded powers to investigate the prepetition conduct of the Debtors and their current and former management.

Dated: November 24, 2008
          New York, New York

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

By: /s/ *Michael S. Etkin*
Michael S. Etkin, Esq. (ME 0570)
S. Jason Teele, Esq. (ST 7390)
1251 Avenue of the Americas, 18th Floor
New York, New York 10022

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Bankruptcy Counsel to Lead Plaintiffs*

-- and --

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
John P. "Sean" Coffey, Esq.
1285 Avenue of the Americas
New York, New York 10019
212.554.1400 (Telephone)
212.554.1444 (Facsimile)

-- and --

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
David R. Stickney, Esq.
12481 High Bluff Drive
Suite 300
San Diego, CA 92130
858.793.0070 (Telephone)
858.793.0323 (Facsimile)

-- and --

**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
John A. Kehoe, Esq.
Benjamin J. Hinerfeld, Esq.
280 King of Prussia Road
Radnor, PA 19087
610.667.7706 (Telephone)
610.667.7056 (Facsimile)