**CHADBOURNE & PARKE LLP**  Hearing Date and Time:
N. Theodore Zink, Jr.  December 16, 2008 at 10:00 a.m.
Andrew Rosenblatt
30 Rockefeller Plaza
New York, New York  10112
tel:  (212) 408-5100
fax: (212) 408-5369

*Attorneys for Central Pacific Bank, Deutsche Hypothekenbank*
*(Actien-Gesellschaft), and Landesbank Baden-Württemberg*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                          :     Chapter 11 Cases
                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al*.    :     08-13555 (JMP)
                                               :
                        Debtors.               :     Jointly Administered
------------------------------------------------------------------x

**MOTION OF CENTRAL PACIFIC BANK, DEUTSCHE HYPOTHEKENBANK
(ACTIEN-GESELLSCHAFT), AND LANDESBANK BADEN-WÜRTTEMBERG
PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE FOR RELIEF FROM
THE AUTOMATIC STAY TO ENFORCE CONTRACTUAL RIGHTS TO REMOVE
LEHMAN BROTHERS HOLDINGS INC. AS AGENT UNDER LOAN FACILITY**

Central Pacific Bank ("CPB"), Deutsche Hypothekenbank (Actien-Gesellschaft) ("Deutsche Hypo"), and Landesbank Baden-Württemberg (f/k/a Landesbank Sachsen Girozentrale) ("LBBW," together with CPB and Deutsche Hypo, the "Non-Defaulting Lenders"), by and through their undersigned counsel, respectfully submit this motion (the "Motion") for an order, pursuant to section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure, granting the Non-Defaulting Lenders relief from the automatic stay to permit them to enforce their rights under the Co-Lending Agreement (as defined herein) to remove and replace Lehman Brothers Holdings

NY4 - 210024.02

Inc. ("LBHI") as agent ("Agent") thereunder. In support of the Motion, the Non-Defaulting Lenders respectfully set forth and represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested herein is section 362(d) of the Bankruptcy Code.

## FACTUAL BACKGROUND

2. Kapalua Bay, LLC (the "Borrower") and LBHI are parties to a Construction Loan Agreement dated as of July 14, 2006 (the "Construction Loan Agreement"), pursuant to which LBHI agreed to loan $370,000,000 to the Borrower for the development of the Residences at Kapalua Bay, located in Maui, Hawaii (the "Project"). The Construction Loan Agreement permitted LBHI, among other things, to syndicate the construction loan as well as to sell participations in the loan.

3. The Borrower and LBHI are parties to a Note Splitter and Reaffirmation Agreement dated as of January 26, 2007, pursuant to which the original note delivered by the Borrower pursuant to the Construction Loan Agreement was split, divided and apportioned into six separate promissory notes delivered by the Borrower to LBHI: (i) Amended, Severed and Restated Promissory Note (Note A-1) in the principal amount of $30,000,000 ("Note A-1"); (ii) Amended, Severed and Restated Promissory Note (Note A-2) in the principal amount of $25,000,000 ("Note A-2"); (iii) Amended, Severed and Restated Promissory Note (Note A-3) in the principal amount of $25,000,000 ("Note A-3"); (iv) Amended, Severed and Restated

2

Promissory Note (Note A-4) in the principal amount of $15,000,000 ("Note A-4"); (v) Amended, Severed and Restated Promissory Note (Note A-5) in the principal amount of $255,000,000 ("Note A-5"); and (vi) Amended, Severed and Restated Promissory Note (Note B) in the principal amount of $20,000,000 ("Note B").

    4.    By an Assignment and Assumption Agreement effective February 1, 2007, LBHI sold and assigned to CPB Note A-1 and a *pro rata* interest in the Construction Loan Agreement and other loan documents, and in accordance with its *pro rata* interest CPB assumed the obligations of LBHI under the Construction Loan Agreement and the other loan documents. Contemporaneously with the execution and delivery of such Assignment and Assumption, LBHI endorsed Note A-1 to the order of CPB and delivered the original Note A-1 as so endorsed to CPB.

    5.    By an Assignment and Assumption Agreement effective February 1, 2007, LBHI sold and assigned to LBBW Note A-2 and a *pro rata* interest in the Construction Loan Agreement and other loan documents, and in accordance with its *pro rata* interest LBBW assumed the obligations of LBHI under the Construction Loan Agreement and the other loan documents. Contemporaneously with the execution and delivery of such Assignment and Assumption, LBHI endorsed Note A-2 to the order of LBBW and delivered the original Note A-2 as so endorsed to LBBW.

    6.    By an Assignment and Assumption Agreement effective February 1, 2007, LBHI sold and assigned to Deutsche Hypo Note A-3 and a *pro rata* interest in the Construction Loan Agreement and other loan documents, and in accordance with its *pro rata* interest Deutsche Hypo assumed the obligations of LBHI under the Construction Loan Agreement and the other loan documents. Contemporaneously with the execution and delivery of such Assignment and

Assumption, LBHI endorsed Note A-3 to the order of Deutsche Hypo and delivered the original Note A-3 as so endorsed to Deutsche Hypo.

7. Although LBHI sold and assigned Note A-1, Note A-2 and Note A-3 to the Non-Defaulting Lenders, LBHI retained Note A-4, Note A-5 and Note B.[1]

8. In connection with the foregoing assignments and assumption, CPB as the holder of Note A-1, LBBW as the holder of Note A-2, Deutsche Hypo as the holder of Note A-3, LBHI as holder of Note A-4, Note A-5 and Note B, and LBHI as Agent entered into a Co-Lending Agreement dated as of February 1, 2007 (the "Co-Lending Agreement"). Under the Co-Lending Agreement, CPB, LBBW, Deutsche Hypo and LBHI agreed to the relative rights, benefits, priorities and obligations under the Construction Loan Agreement and the other loan documents, and appointed LBHI as Agent.[2]

9. As a result of its financial difficulties, LBHI has not funded its obligations under the Construction Loan Agreement since its bankruptcy filing. Notwithstanding LBHI's failure to fund, the Non-Defaulting Lenders, while reserving all rights, have continued to fund their respective *pro rata* shares of advances under the Construction Loan Agreement.

10. On or about October 23, 2008, the Borrower filed a motion to compel LBHI to assume or reject the Construction Loan Agreement, and upon rejection, for relief from the automatic stay so that it may seek additional financing to fund completion of the Project. That motion remains pending and is currently scheduled to be heard on December 16, 2008.[3]

---

[1] The Non-Defaulting Lenders understand that LBHI may have subsequently sold participations with respect to its interests in Note A-4 and Note A-5 to Lehman Brothers Bankhaus AG, and that Note B has been subsequently transferred to a third party.

[2] A copy of the Co-Lending Agreement will be provided at the Non-Defaulting Lenders' discretion upon written request.

[3] Although the Non-Defaulting Lenders support Borrower's request to compel assumption and rejection and to resolve issues related to LBHI's on-going role and involvement with respect to the Project, the Non-Defaulting

4

11.     As described above, LBHI was appointed as Agent for the Non-Defaulting Lenders and other noteholders pursuant to the Co-Lending Agreement. The Co-Lending Agreement also governs the terms and conditions upon which the Agent may be removed and replaced. Section 1.08 of the Co-Lending Agreement provides that "Required Split Note Holders shall have the right to remove the Agent if Cause occurs, provided that for this purpose if any Split Note Holder is Agent … such Split Note Holder's Pro Rata Interest shall be excluded in determining which Split Note Holders constitute Required Split Note Holders." Cause includes the failure of LBHI to comply with its funding obligations under the Construction Loan. Moreover, section 5.01(c) of the Co-Lending Agreement provides that "[i]f Agent is a Defaulting Split Note Holder, the Current Split Note Holders holding at least sixty percent (60%) of the outstanding principal balance of the Notes held by the Current Split Note Holders shall have the immediate right to terminate the Agent as Agent and appoint a successor Agent . . . ."

12.     The Non-Defaulting Lenders, in the aggregate and excluding LBHI, constitute Required Split Note Holders (as defined in the Co-Lending Agreement) and hold at least 60% of the balance of the Notes. Accordingly, based on the express terms of the Co-Lending Agreement, LBHI's failure to fund its obligations under the Construction Loan Agreement gives the Non-Defaulting Lenders the right to replace LBHI, as Agent, and appoint a replacement agent.

---

Lenders oppose any attempt by the Borrower to seek additional financing for the Project that would "prime" or be senior to the liens of the Non-Defaulting Lenders. The Borrower also mischaracterizes the Non-Defaulting Lenders as "participants" under the Construction Loan Agreement. As described above, the Lenders are direct lenders holding notes with full rights as lenders under the Construction Loan Agreement. The Non-Defaulting Lenders reserve any and all rights with respect to the Borrower's motion.

## RELIEF REQUESTED

13. The Non-Defaulting Lenders respectfully request entry of the annexed proposed order modifying the automatic stay in effect in LHBI's bankruptcy case pursuant to section 362(d)(1) of the Bankruptcy Code to permit the Non-Defaulting Lenders to enforce their contractual rights to replace LBHI as Agent under the Co-Lending Agreement.

14. The Non-Defaulting Lenders also request that relief from the automatic stay be effective immediately upon entry of an order granting the Motion, and that the 10-day stay, provided under Bankruptcy Rule 4001(a)(3), of orders granting relief from the automatic stay shall not apply.

## BASIS FOR RELIEF REQUESTED

A.  Legal Standard for Relief From Stay

15. Relief from the automatic stay is permitted under section 362(d) of the Bankruptcy Code which provides, in pertinent part, that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay --
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest

11 U.S.C. § 362(d).

16. Although the Bankruptcy Code does not define "cause," courts have recognized that the determination of whether "cause" exists to vacate the stay must be determined on a case-by-case basis and is left to the sound discretion of the bankruptcy court. In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990); In re Mazzeo, 167 F.3d 139, 142 (2d Cir. 1999); In re Enron Corp., 306 B.R. 465, 476 (Bankr. S.D.N.Y. 2004).

6

17.     The Second Circuit Court of Appeals has enunciated a number of factors that should be considered in a determination to lift the automatic stay, including the impact of the stay on the parties and the balance of harms.  In re Sonnax Industries, Inc., 907 F.2d at 1286.

18.     In this instance, cause exists to modify the stay because LBHI has failed to fund its obligations under the Construction Loan Agreement which gives the Non-Defaulting Lenders the right to replace LBHI, as Agent, and appoint a replacement agent.  The Non-Defaulting Lenders should be permitted to enforce their contractual rights to remove the Agent and will be harmed if they are not permitted to do so.

B.      The Non-Default Lenders Should Be Permitted to Enforce Their Contractual Rights

19.     Bankruptcy courts have consistently held that the debtor's failure to perform under a contract postpetition constitutes cause to lift the automatic stay and have consistently granted non-debtor parties relief from the automatic stay to enforce their contractual rights.  See, e.g., In re M.J. & K. Co., Inc., 161 B.R. 586, 594-5 (Bankr. S.D.N.Y. 1993) (granting relief from stay to permit non-debtor to exercise terminable-at-will provision in license agreement); In re Davis, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986) (granting relief from stay based on debtor's failure to make mortgage payments).

20.     It is also well established that the Bankruptcy Code does not grant a debtor in bankruptcy greater rights and powers under a contract than it had outside of bankruptcy.  In re Penn Traffic Co., 322 B.R. 63, 72 (Bankr. S.D.N.Y. 2003), aff'd in part and rev'd in part on other grounds, 2005 WL 2276879 (S.D.N.Y. Sept. 16, 2005), appeal dismissed, 466 F.3d 75 (2d Cir. 2006); M.J. & K. Co., 161 B.R. at 593; In re Heaven Sent, Ltd., 50 B.R. 636, 638 (Bankr. E.D. Pa. 1985); In re Advent Corp., 24 B.R. 612, 614 (Bankr. 1st Cir. 1982).

21.  There is no question that LBHI's failure to continue funding the Project gives the Non-Defaulting Lenders the right under the Co-Lending Agreement to remove the Agent and appoint a replacement. The Co-Lending Agreement was negotiated and entered into in good faith and at arms' length by and among sophisticated parties. There is no reason why the Non-Defaulting Lenders should be denied the benefit of their bargain or why LBHI should not have to comply with contractual terms to which it expressly agreed. Denying the Non-Defaulting Lenders relief from the stay to enforce their rights under the Co-Lending Agreement would be tantamount to the Court rewriting terms of the Co-Lending Agreement to remove the Agent-removal provisions. This would be contrary to well established bankruptcy principles. See paragraph 20, supra.

C.  The Balance of Harms Requires Relief from the Stay

22.  Putting aside the fact that the Non-Default Lenders have an express contractual right to replace LBHI, permitting LBHI to continue in its agency role could significantly prejudice the Non-Defaulting Lenders. Given that it has ceased funding the Project, LBHI no longer has the same prospective interests or concerns as the Non-Defaulting Lenders who continue to fund the Project. Therefore, LBHI does not necessarily have the same incentives to do what might be in the best interests of the Non-Defaulting Lenders.

23.  Moreover, as a result of LBHI's payment default, many of its rights as a lender under the Co-Lending Agreement have been forfeited or altered (*e.g.*, certain voting rights). If LBHI remains as Agent, it is conceivable that LBHI could use its position as Agent to assert undue leverage on the lenders (or even the Borrower) and attempt to claw back rights that have been forfeited or altered as a result of its default.

24. Finally, the Non-Defaulting Lenders have concerns regarding LBHI's ability and willingness to fulfill its obligations as Agent. Despite numerous attempts by the Non-Defaulting Lenders to contact LBHI, LBHI has generally been unresponsive. Therefore, the Non-Defaulting Lenders have no knowledge regarding the Agent's intentions with respect to the Project. The failure of LBHI to perform its duties as Agent could have an adverse impact on the value of the Project which would harm the lenders as well as LBHI.

25. As opposed to the harm that would be incurred by the Non-Defaulting Lenders, LBHI will suffer no harm if relief is granted.

26. Upon information and belief, LBHI has no economic interest in performing as Agent because it receives no fees or other type of compensation for its services. Moreover, any investment that LBHI has in the Project as a lender would be protected by the replacement agent who will also be a lender in the Project. Finally, continuing on as Agent would be a distraction to LBHI when its resources and time should be devoted to the administration of its bankruptcy case. Therefore, removal of LBHI as Agent would be in the best interest of LBHI's estate and its creditors.

27. Bankruptcy Rule 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay … is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise." The Non-Defaulting Lenders request the Court to order that the 10-day stay provided under Rule 4001(a)(3) shall not apply with respect to enforcement of the Non-Defaulting Lenders' rights under the Co-Lender Agreement.

## NOTICE

28. Consistent with this Court's Order Pursuant to Section 105(a) Of The Bankruptcy Code And Bankruptcy Rules 1015(c) And 9007 Implementing Certain Notice And

Case Management Procedures filed on September 22, 2008, notice of the Motion has been provided by counsel to: (i) counsel to the Debtors, (ii) the Office of the United States Trustee for the Southern District of New York, (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel to the postpetition lenders, (v) counsel for Trimont Real Estate Advisors, Inc., and (vi) all other parties requesting notice under Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Non-Defaulting Lenders submit that no other or further notice need be given and that the notice provided by the Non-Defaulting Lenders is sufficient.

29. No previous request for the relief sought herein has been made by the Non-Defaulting Lenders to this or any other Court.

NY4 - 210024.02

WHEREFORE, for the reasons set forth herein, the Non-Defaulting Lenders respectfully request that this Court (i) grant the Non-Defaulting Lenders relief from the automatic stay to allow them to exercise their rights to remove and replace LBHI as Agent under the Co-Lending Agreement; and (ii) grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       November 24, 2008

                                **CHADBOURNE & PARKE LLP**

                          By: */s/ N. Theodore Zink, Jr.*
                                N. Theodore Zink, Jr.
                                Andrew Rosenblatt
                                30 Rockefeller Plaza
                                New York, New York 10112
                                Phone: (212) 408-5100
                                Fax: (212) 541-5369

                                Attorneys for Central Pacific Bank, Deutsche
                                Hypothekenbank(Actien-Gesellschaft), and
                                Landesbank Baden-Württemberg

# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Cases |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | Jointly Administered |

------------------------------------------------------------------------x

# ORDER GRANTING MOTION
# FOR RELIEF FROM AUTOMATIC STAY

Upon the motion (the "<u>Motion</u>")[4] of Central Pacific Bank, Deutsche Hypothekenbank (Actien-Gesellschaft), and Landesbank Baden-Württemberg (collectively, the "<u>Non-Defaulting Lenders</u>"), for an order granting relief from the automatic stay, the Bankruptcy Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is proper and should be granted; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of relief as set forth herein,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

---

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

NY4 - 210024.02

2.    Pursuant section 362(d) of the Bankruptcy Code, the automatic stay in effect in the Debtors' bankruptcy cases is hereby modified to the extent necessary to permit the Non-Defaulting Lenders to enforce their rights under the Co-Lending Agreement to remove and replace Lehman Brothers Holdings Inc. as agent thereunder.

3.    The modification of the automatic stay granted by this Order shall take effect immediately upon entry of this Order and shall not be stayed by operation of rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

4.    The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated:  New York, New York
        December __, 2008

_____
Honorable James M. Peck
United States Bankruptcy Judge

NY4 - 210024.02