Hearing Date and Time: December 3, 2008 at 10:00 a.m (Prevailing Eastern Time)
Objection Date and Time: November 28, 2008 at 4:00 p.m (Prevailing Eastern Time)

**CHADBOURNE & PARKE LLP**
N. Theodore Zink, Jr., Esq.
30 Rockefeller Plaza
New York, New York  10112
tel:  (212) 408-5100
fax: (212) 408-5369

*Attorneys for Bayview Financial, L.P. and*
*Bayview Opportunity Master Fund, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
| | |
|---|---|
| In re  : | Chapter 11 Cases |
|   : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al*.  : | 08-13555 (JMP) |
|   : | |
| Debtors.  : | Jointly Administered |

------------------------------------------------------------------------x

**LIMITED OBJECTION TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO
SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH
PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION
AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS**

Bayview Financial, L.P., f/k/a Bayview Financial Trading Group L.P. ("Bayview Financial"), and one of its affiliates, Bayview Opportunity Master Fund, L.P. ("BOMF," together with Bayview Financial, the "Bayview Entities"), by and through their undersigned counsel, respectfully submit this limited objection to the motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned chapter 11 cases (together, the "Debtors") for an order establishing and authorizing terms and procedures for the settlement or assumption and assignment of prepetition derivative contracts (the "Derivative Contracts").  In support of this Response, the Bayview Entities respectfully set forth and represent as follows:

## PRELIMINARY STATEMENT

The Bayview Entities are parties to two fully terminated Derivative Contracts with Lehman Brothers Special Financing Inc. ("LBSF"), one of the Debtors. Each of the Derivative Contracts was memorialized by a separate master agreement. Pursuant to a master netting provision, the Bayview Entities have the right to setoff amounts due from the Debtors against amounts that they owe to the Debtors. Although the Bayview Entities believe that their Derivative Contracts are fully terminated and therefore are not subject to assumption and assignment, out of an abundance of caution, the Bayview Entities have filed this limited objection to preserve their right to setoff.

## BACKGROUND

1.      Pursuant to that certain ISDA Master Agreement dated as of August 11, 1999, as amended and supplemented from time to time, between LBSF and Bayview Financial, and all Schedules and Confirmations related to the same (together, the "Bayview Master Agreement"), LBSF and Bayview Financial agreed to enter into certain transactions.

2.      All trades under the Bayview Master Agreement have been closed and there are no open trades. Pursuant to the closed trades, LBSF owes a sum certain to Bayview Financial and LBSF has acknowledged such.

3.      Pursuant to that certain ISDA Master Agreement dated as of November 30, 2007, as amended and supplemented from time to time, between LBSF and Wells Fargo Bank, N.A. ("Wells Fargo"), not in its individual capacity but solely as trustee of the Supplemental Interest Trust for Structured Asset Securities Corporation mortgage pass-through certificates,

series 2007-SC1, and all Schedules and Confirmations related to the same (the "<u>Wells Fargo Master Agreement</u>"), LBSF and Wells Fargo agreed to enter into certain transactions.

4. All trades under the Wells Fargo Master Agreement have been closed according to the terms of the Wells Fargo Master Agreement. Pursuant to the closed trades, BOMF, an affiliate of Bayview Financial, owes a sum certain to LBSF.

5. Pursuant to the Bayview Master Agreement (the "<u>Master Netting Provision</u>"), upon an Event of Default (as defined in the Bayview Master Agreement), Bayview Financial is entitled to setoff or apply any obligation of LBSF owed to Bayview Financial (and to any affiliate of Bayview Financial) against any obligation of Bayview Financial (or of an affiliate of Bayview Financial) owed to LBSF. The bankruptcy filing of LBSF, as well as the bankruptcy filing of LBHI, a guarantor with respect to the Bayview Master Agreement, each constitute an Event of Default under the Bayview Master Agreement. Accordingly, Bayview Financial is entitled to, among other things, exercise its right to setoff, under the Master Netting Provision.

6. By letter dated October 22, 2008 (the "<u>October Letter</u>"), Bayview Financial informed the Debtors that it intends to setoff amounts that LBSF owes to Bayview Financial against amounts that BOMF owes to LBSF in accordance with the Master Netting Agreement and as permitted by the Bankruptcy Code.

## **THE RESPONSE**

7. All of the trades under the Bayview Master Agreement have been closed. Moreover, the Wells Fargo Master Agreement has terminated pursuant to its terms. Accordingly, the Debtors may not assume and assign either Derivative Contract. See 11 U.S.C. § 365(a) (permitting assumption of executory contracts). Nevertheless, the Bayview Entities

have filed this limited objection only to preserve their rights of setoff, and to request that the Court prohibit any transactions by the Debtors with the intent or effect of impairing the setoff rights.

WHEREFORE, for the reasons set forth herein, the Bayview Entities request that the Court (i) ensure that any order entered by this Court in respect of the Motion is without prejudice to a nondebtor counterparty's right of setoff; and (ii) grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 25, 2008

**CHADBOURNE & PARKE LLP**

By: */s/ N. Theodore Zink, Jr.*
N. Theodore Zink, Jr., Esq.
A Member of the Firm
30 Rockefeller Plaza
New York, New York 10112
Phone: (212) 408-5100
Fax: (212) 541-5369

*Attorneys for Bayview Financial, L.P. and*
*Bayview Opportunity Master Fund, L.P*

4

NY4 - 209995.05