GREENBERG TRAURIG, LLP
Attorneys for FPL Energy Power Marketing, Inc. and
    Florida Power & Light Company
Maria J. DiConza (MP–4619)
200 Park Avenue
New York, New York 10166
212-801-9200

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                :
**In re:**                           :
                                :   Chapter 11 Case No. 08-13555 (JMP)
**LEHMAN BROTHERS HOLDINGS, INC.,** *et al.***,**  :
                                :   (Jointly Administered)
                **Debtors.**       :
                                :
------------------------------------------------------------------x

**OBJECTION OF FPL ENERGY POWER MARKETING, INC. AND FLORIDA
POWER & LIGHT COMPANY TO DEBTORS' MOTION FOR AN ORDER
PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO
ESTABLISH PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION
<u>AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS</u>**

       FPL Energy Power Marketing, Inc. (**"PMI"**) and Florida Power & Light Company (**"FPL,"** and together with PMI, the **"FPL Parties"**), hereby object to the Debtors' Motion for an Order, Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts (the **"Derivative Contracts Motion"**), and in support thereof state as follows:

**BACKGROUND**

1.   PMI is a party to that certain ISDA Master Agreement dated January 30, 2007 (the **"PMI Agreement"**) by and between PMI and Lehman Brothers Commodity Services Inc. (**"LBCS"**).  A copy of the PMI Agreement is annexed hereto as Exhibit A.

2.   FPL is a party to an ISDA Master Agreement dated as of August 14, 2006 (the **"FPL Agreement,"** and together with the PMI Agreement, the **"FPL Parties' Agreements"**) by and between LBCS and FPL.  In connection with the FPL Agreement, FPL delivered to LBCS a letter of credit No. 10050004/80085 issued by Scotiabank dated July 25, 2007 as amended on August 15, 2007 (the **"FPL Letter of Credit"**).  A copy of the FPL Agreement is annexed hereto as Exhibit B.

3.   On September 15, 2008, Lehman Brothers Holdings Inc. (**"LBHI"**) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Reform Act of 1978, as codified in title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the **"Bankruptcy Code"**).

4.   On September 15, 2008, PMI delivered by hand to LBCS its Notice of Event of Default and Designation of an Early Termination Date (the **"PMI Notice of Early Termination"**).  The PMI Notice of Early Termination provided LBCS, *inter alia*, with notice of an Event of Default under the PMI Agreement and designated September 17, 2008 as the "Early Termination Date" for all outstanding "Transactions" under the PMI Agreement.  This Event of Default was caused by the commencement of the chapter 11 bankruptcy by LBHI, which was LBCS's Credit Support Provider under the PMI Agreement.  A copy of the PMI Notice of Early Termination is annexed hereto as Exhibit C.

5. Also on September 15, 2008, FPL delivered by hand to LBCS (i) its Notice of Event of Default and Designation of an Early Termination Date (the **"FPL Notice of Early Termination**,") and (ii) its Notice of Demand of Return of Letter of Credit (the **"FPL Demand of Return of Letter of Credit"** and together with the FPL Notice of Early Termination and the PMI Notice of Early Termination **"Notices of Early Termination"**). The FPL Notice of Early Termination provided LBCS, *inter alia*, with notice of an Event of Default under the FPL Agreement and designated September 17, 2008 as the "Early Termination Date" for all outstanding "Transactions" under the PMI Agreement. This Event of Default was also caused by the commencement of the chapter 11 bankruptcy by LBHI, which was LBCS's Credit Support Provider under the FPL Agreement. A copy of the FPL Notice of Early Termination and FPL Demand of Return of Letter of Credit are annexed hereto as Exhibit D.

6. On October 2, 2008, FPL delivered by courier and facsimile to counsel of LBCS a second Notice of Demand of Return of Letter of Credit (the **"Second FPL Demand for Return of Letter of Credit"**). The Second FPL Demand for Return of Letter of Credit provided, *inter alia*, that LBCS's refusal (after FPL's proper demand) to return the FPL Letter of Credit was wrongful in that:

A. The entity that is required to return the Letter of Credit to FPL is LBCS, which, as you know, is not an entity that is subject to the automatic stay in connection with the chapter 11 proceeding of *In re Lehman Brothers Holdings Inc.*, Chapter 11 Case No. 08-13555 (JMP). Moreover, even if the Letter of Credit were property of the *Lehman Brothers Holdings* bankruptcy estate, *which it is not*, its return would be unaffected by the automatic stay. *See* 11 U.S.C. § 556. As you also know, the Agreement is a "forward contract" within the meaning of section 556 of the Bankruptcy Code and is also not subject to the automatic stay. *See* Order Pursuant to Sections 105 of the Bankruptcy Code, Enforcing the Protections of Section 362 of the Bankruptcy Code, Chapter 11 Case No. 08-13555 (JMP), *In re Lehman Brothers Holdings Inc.*

- 3 -

      B.      LBCS is contractually required to return the Letter of Credit to FPL pursuant to Paragraphs 8(b) and 13(j)(iv)(B) of the Credit Support Annex to the Agreement. Please note that FPL is in the process of establishing its damages pursuant to the terms of the Agreement; however, return of the Letter of Credit is not dependent upon LBCS receiving that calculation nor is it dependent upon payment of the settlement amount by one party to the other determined pursuant to such calculation. The return obligation was triggered by LBCS's default under the terms of the Agreement.

Second FPL Demand for Return of Letter of Credit at pp. 1-2. A copy of the Second FPL Demand for Return of Letter of Credit is annexed hereto as Exhibit E.

    7.    On October 3, 2008, LBCS filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code (the **"LBCS Commencement Date"**). The PMI Notice of Early Termination, the FPL Notice of Early Termination and the FPL Demand for Return of Letter of Credit were delivered *18 days* prior to the LBCS Commencement Date. The Second FPL Demand for Return of Letter of Credit was delivered *1 day* prior to the LBCS Commencement Date.

## OBJECTION TO THE DERIVATIVE CONTRACTS MOTION

    8.    The FPL Parties object to the Derivative Contracts Motion to the extent (A) that the FPL Parties' Agreements are not treated as terminated in accordance with the Notices of Early Termination; (B) the Debtors do not immediately return the FPL Letter of Credit; and (C) this Court exercises jurisdiction over the FPL Parties and the FPL Parties' Agreements for purposes of calculating the settlement amounts or set offs under the FPL Parties' Agreements.

    9.    The Debtors assert that approximately 733,000 Derivative Contracts "are purported to have been terminated" and claim to "reserve all rights with respect to any alleged termination of any Derivative Contract." Derivative Contracts Motion at ¶ 8 & n.2; ¶

13. The FPL Parties aver that there is no question as to whether the FPL Parties' Agreements were properly terminated. Moreover, while the FPL Parties appreciate the Debtors' attempts to marshal value with respect to "in the money" Derivative Contracts, the FPL Parties' Agreements cannot, on the facts above, be the subject of the Derivative Contracts Motion and the procedures set forth therein.

## CONCLUSION

WHEREFORE, the FPL Parties respectfully request that the Court deny the Derivative Contracts Motion, except to the extent that this Court (A) finds the FPL Parties' Agreements are terminated in accordance with the Notices of Early Termination;[1] (B) directs the Debtors to immediately return the FPL Letter of Credit; and (C) abstains from exercising its jurisdiction over the FPL Parties and the FPL Parties' Agreements for purposes of calculating the settlement amounts or set offs under the FPL Parties' Agreements.

Dated: New York, New York
       November 25, 2008

> GREENBERG TRAURIG, LLP
>
> By:    /s/ Maria J. DiConza
>        Maria J. DiConza (MP 4619)
>        200 Park Avenue
>        New York, NY  10166
>        212-801-9200 (telephone)
>        212-801-6400 (facsimile)
>
>        Attorneys for FPL Energy Power Marketing, Inc. and Florida Power & Light Company

---

[1] As noted, the FPL Parties believe that the FPL Parties' Agreements and the FPL Parties are not subject to the jurisdiction of this Court. The FPL Parties reserve all their rights to the extent this Court concludes otherwise.