UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,                      :    08-13555 (JMP)
                                                            :
                              Debtors.                      :    (Jointly Administered)
                                                            :
                                                            :
------------------------------------------------------------x

## OBJECTION TO MOTION OF DEBTORS TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS

Wellmont Health System ("Wellmont"), a creditor, swap counterparty and party in interest, objects to the Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts (the "Motion") filed by Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced Chapter 11 cases and debtors in possession (together, the "Debtors" and "Debtors in Possession").

### BACKGROUND

1. Wellmont is a not-for-profit healthcare system doing business in northeastern Tennessee, southwestern Virginia and southeastern Kentucky. Without limitation, Wellmont operates full-service, acute care and critical access hospitals.

2. On or about April 29, 2002, Wellmont and the Debtors entered into an agreement (the "Master Agreement") that governs the terms and conditions of certain swap agreements by and between Wellmont and the Debtors dated April 29, 2002,

October 9, 2003, November 9, 2005, and June 28, 2006 (collectively the "Swap Agreements").

3. On or about September 15, 2008, the Debtors filed voluntary petitions for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code").

4. On or about November 13, 2008, the Debtors filed the Motion. In the Motion, the Debtors seek to establish certain procedures related to the settlement or assumption and assignment of prepetition derivative contracts. On information and belief, the Motion applies to the Swap Agreements and the Master Agreement (collectively, the "Wellmont Agreements").

### Summary of Objection

5. The Motion proposes procedures contrary to the provisions of the Bankruptcy Code, including, without limitation, Sections 365 and 560. In addition, the proposed procedures violate due process and fundamental notice requirements.

6. Wellmont respectfully requests the Court to deny the Motion.

### Basis of Objection

7. Wellmont objects to the Motion to the extent that the Debtor seeks to modify, prejudice, or affect Wellmont's substantive rights under the Bankruptcy Code and applicable non-bankruptcy law. Without limitation:

(a) The Motion presumes the Wellmont Agreements are executory contracts, subject to Section 365 of the Bankruptcy Code. The Wellmont Agreements require Wellmont and the Debtors to make or

2

collect payments from the other on a monthly or semi-annual basis, depending upon the current interest rate. The only material obligation under the Wellmont Agreements is each party's obligation to pay the other money. Accordingly, the Wellmont Agreements are not executory contracts that the Debtors may assume or assign. *South Chicago Disposal, Inc. v. LTV Steel Co., Inc. (In re Chateaugay Corp.)*, 130 B.R. 162, 165-66 (Bankr. S.D.N.Y. 1991); *see also In re Spectrum Information Technologies, Inc.*, 190 B.R. 741, 747 (Bankr. E.D.N.Y. 1996) (Section 365 generally does not apply to contracts where the only remaining obligation is the payment of money.). Wellmont reserves the right to object to any proposed assignment of the Wellmont Agreements under Section 365 and reserves all rights with respect to the requirements for assumption under Section 365.

(b) In the alternative, to the extent Section 365 applies, the Motion does not provide for adequate assurance of future performance with regard to the assignment of the Wellmont Agreements as required by Section 365(f)(2) of the Bankruptcy Code. The pre-qualification process for "Qualified Assignees" does not satisfy the Debtors' burden of proving a particular assignee can provide adequate assurance of performance. Without limitation, the current market conditions have proven that credit ratings are not reliable indicators of a company's economic stability. Furthermore, ratings are not indicators of an assignee's ability to satisfy the financial obligations under the Wellmont

Agreements. Wellmont reserves the right to object to any proposed bidder and to demand proof of additional assurance of performance in accordance with applicable law.

(c) Wellmont has an unqualified right to terminate the Wellmont Agreements pursuant to Section 6 of the Master Agreement. Wellmont's right to terminate the Wellmont Agreements cannot be limited "by operation of any provisions of this title or by order of a court or administrative agency in any proceeding under this title." 11 U.S.C. § 560; *In re Penn Traffic Company*, 323 B.R. 63, 72 (Bankr. S.D.N.Y. 2005); *see also In re Nemko, Inc.*, 143 B.R. 980, 987 (Bankr. E.D.N.Y. 1991) (holding that filing of bankruptcy petition does not affect contractual rights). The Motion violates Section 560 to the extent the Debtors attempt to limit Wellmont's right to terminate the Wellmont Agreements.

(d) The Motion provides inadequate notice. The procedures set forth in the Motion regarding the assignment of the Wellmont Agreements violate due process and fundamental notice procedures.

(e) Wellmont objects to the Motion to the extent the Debtors seek to limit Wellmont's right to seek authorization of the Court to resolve disputes arising out of proposed assignments of the Wellmont Agreements. Wellmont reserves the right to ask the Court to resolve disputes and objections to any proposed assignment by the Debtors.

4

8. Wellmont reserves all rights, claims and defenses under the documents governing the Wellmont Agreements, the Bankruptcy Code and applicable law.

## Conclusion

9. The Motion is contrary to the provisions of the Bankruptcy Code, including, without limitation, Sections 365 and 560. In addition, the proposed notice procedures violate due process and fundamental fairness requirements. Wellmont respectfully requests the Court to deny the Motion and to provide such other, further, or different relief as may be just and proper.

Respectfully submitted this the 25th day of November, 2008.

/s/Helen Ball
_____
Helen Ball
Patrick Darby
Molly C. Taylor
Counsel for Wellmont Health System

OF COUNSEL:

Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: 205.521.8000
Facsimile: 205.521.8800

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the Objection to Motion of Debtors to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts on the following by placing a copy of the same in the U.S. Mail, postage prepaid or electronically through the Court's CM/ECF system on the 25th day of November, 2008.

Lori R. Fife
Robert J. Lemons
Weil, Gotshal, & Manges LLP
767 Fifth Avenue
New York, NY 10153

Steven J. Reisman
L.P. Harrison III
Curtis, Mallet-Prevost, Colt, & Mosle LLP
101 Park Avenue
New York, NY 10178

Jeffrey S. Margolin
Hughes Hubbard & Reed
1 Battery Park Plaza
New York, NY 10004

Andrew D. Velez-Rivera
Office of the U.S. Trustee
33 Whitehall Street
21st. Floor
New York, NY 10004

James Tecce
Susheel Kirpalani
Quinn Emanuel Urquhart Oliver & Hedges
51 Madison Avenue, 22nd Floor
New York, NY 10010


/s/ Helen Ball
_____
OF COUNSEL