**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (JMP)
                                                :
            Debtors.                            :    (Jointly Administered)
                                                :
----------------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF ORDER PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004, 6006, AND 9019 AUTHORIZING (I) THE ASSUMPTION, ASSIGNMENT, AND SALE OF DEBTOR'S RIGHTS AND OBLIGATIONS UNDER A CERTAIN LOAN FACILITY AGREEMENT, (II) THE RELEASE OF CERTAIN CLAIMS, AND (III) RELATED RELIEF

Upon the motion, dated November 25, 2008 (the "Motion")[1], of Lehman Brothers Holdings Inc. ("LBHI"), as debtor in possession (together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), pursuant to sections 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, (i) authorizing LBHI to assume the Loan Facility Agreement, (ii) authorizing LBHI to assign and sell the Loan Facility Agreement and Loan Rights to Nomura free and clear of any liens, claims, encumbrances, and other interests pursuant to Purchase Agreement, (iii) approving the Waiver and Release, (iv) establishing the Cure Amount as zero, and (v) authorizing LBHI to take all corporate actions necessary to facilitate the 000 LB Stock Sale by 000 LB's non-debtor parent company, LBRHI, including, without limitation, appointing authorized persons to act on behalf of LBHI as managing member of LBRH LLC, all as more fully described in the Motion; and the

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285]; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

FURTHER FOUND AND DETERMINED that:

A.    **Business Justification**.  LBHI has properly exercised its reasonable business judgment in the entry into, and performance of, the assumption by LBHI and the assignment, and sale of the Loan Facility Agreement and the Loan Rights thereunder, pursuant to the terms, and subject to the conditions of, the Purchase Agreement.  LBHI has shown good and sufficient business justification under sections 363(b) and (l) and 365(a) and (b) of the Bankruptcy Code for the relief requested in the Motion and the approval of the transactions contemplated thereby.

B.    **Best Interests**.  The relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest in that, without exclusion:  (i) the Purchase Agreement and the Waiver and Release were proposed, negotiated and entered into in

good faith, from arm's-length bargaining positions among the Parties, and without collusion, and Nomura is not an "insider" of the Debtors, as that term in defined in section 101(31) of the Bankruptcy Code, and is not a continuation of the Debtors' corporation; (ii) LBHI was free to deal with any other party interested in acquiring the rights and obligations to be assumed, assigned, and sold to Nomura pursuant to the Purchase Agreement; and (iii) LBHI has proposed for adequate notice and a reasonable opportunity to be heard in connection with the proposed assumption, assignment, and sale of the Loan Facility Agreement and the Loan Rights.

C. **Consideration**. The consideration to be paid by Nomura pursuant to the terms, and subject to the conditions, of the Purchase Agreement: (i) represents the highest and best offer for the Loan Facility Agreement and the Loan Rights; (ii) is fair and reasonable; (iii) will provide for a greater recovery for LBHI's creditors than would be provided by any other practical, available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

D. **Cure Costs**. There are no existing defaults required to be cured, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code, pursuant to the Purchase Agreement in connection with LBHI's obligations under the Loan Facility. Accordingly the Cure Amount is zero.

E. **Adequate Assurance**. Nomura has provided adequate assurance of its future performance under Loan Facility Agreement within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

F. **Fair and Reasonable**. The Waiver and Release is an integral aspect of the Purchase Agreement and the 000 LB Sales and in light of the substantial recovery afforded to

LBHI's estate by the Purchase Agreement and because the Waiver and Release will not have a detrimental impact on LBHI's estate, the compromise and settlement of claims pursuant to the Waiver and Release rises well above the lowest range of reasonableness.

G. **Good Faith**. Nomura is a good faith purchaser of the Loan Facility Agreement and the Loan Rights within the meaning of section 363(m) of the Bankruptcy Code and is, therefore, entitled to all of the protections afforded thereby. None of LBHI, Nomura nor 000 LB have engaged in conduct that would prevent the application of section 363(m) of the Bankruptcy Code or permit the Purchase Agreement to be avoided under section 363(n) of the Bankruptcy Code. Nomura has proceeded in good faith in all respects in connection with this proceeding and will be acting in good faith in closing the transactions contemplated by the Purchase Agreement.

H. **Free and Clear Transfer**. Upon the fulfillment of the Conditions and payment of the Assignment Price (each as defined in the Purchase Agreement), the sale, assignment, conveyance, and transfer to Nomura of the Loan Facility Agreement and the Loan Rights thereunder shall be legal, valid, and binding and an effective transfer of property and shall vest in Nomura all right, title, and interest in and to same free and clear of all liens, claims (as defined in section 101(5) of the Bankruptcy Code), encumbrances and other interests.

I. **Satisfaction of 363(f) Standards**. LBHI may sell the Loan Facility Agreement and the Loan Rights free and clear of any and all liens, claims, encumbrances and other interests because one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code have been satisfied, including, without limitation, section 365(f)(5) thereof.

J. **Private Sale**.  The exigent circumstances surrounding these chapter 11 cases support LBHI's decision to pursue a private sale.  A public auction for the Loan Facility Agreement and the Loan Rights would entail unwarranted delay, risk, and expense.

K. **Prompt Consummation**.  The prompt consummation of the assumption, assignment, and sale of the Loan Facility Agreement and the Loan Rights thereunder is in the best interests of LBHI, its estate, and its creditors.

L. **Conclusions of Law and Fact**.   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The Motion is GRANTED.

2. Pursuant to sections 363(b) and 365(a) of the Bankruptcy Code and Bankruptcy Rules 6004, 6006, and 9019, the Purchase Agreement is approved, and LBHI is authorized to perform all obligations under the Purchase Agreement and to execute such other documents and take such other actions as may be necessary or appropriate to effectuate the Purchase Agreement and the provisions of this Order, and to consummate all the transactions contemplated by the Purchase Agreement, including, but not limited to (i) assume, assign, and sell the Loan Facility Agreement and the Loan Rights thereunder to Nomura; (ii) release all claims LBHI has or may have against 000 LB for Indebtedness, other than that arising under the Loan Facility Agreement, pursuant to the Waiver and Release between LBHI and 000 LB; and (iii) appoint authorized persons to act on behalf of LBHI as managing member of LBRH LLC.

3. Subject to the terms and conditions of the Purchase Agreement, the Loan Facility Agreement and the Loan Rights thereunder hereby are assumed by LBHI and shall be

assigned and sold to Nomura pursuant to sections 363(b), 365(a) and 365(f) of the Bankruptcy Code and paragraph 5 below.

4. Subject to the terms and conditions of the Purchase Agreement, Nomura shall assume all of LBHI's rights and obligations under the Loan Facility Agreement, including, without limitation, the obligation to pay, satisfy, perform and discharge in full, as and when due, and release and discharge LBHI and its successors and assigns completely and forever from, all obligations and liabilities of any kind arising out of the Loan Facility Agreement.

5. Subject to the terms and conditions of the Purchase Agreement, LBHI shall sell, assign, transfer, and convey absolutely and unconditionally the Loan Facility Agreement and the Loan Rights to Nomura, and Nomura shall assume all of LBHI's right, title and interest in and to the Loan Facility Agreement and the Loan Rights thereunder.

6. Following the payment of the Assignment Price, LBHI shall have no further liability to any party under the Loan Facility Agreement, and Nomura shall assume all of LBHI's obligations and liabilities under the Loan Facility Agreement.

7. Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

8. Pursuant to section 363(f) of the Bankruptcy Code, LBHI's right, title and interest in and to the Loan Facility Agreement and the Loan Rights thereunder shall be sold to Nomura free and clear of any and all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and other interests (if any) to attach to the proceeds of the 000 LB Loan Facility Sale with the same force, effect, and priority as such liens, claims, encumbrances

and other interests have on the Loan Facility Agreement as appropriate, subject to the rights and defenses of LBHI and any party in interest with respect thereto.

9. The sale of the Loan Facility Agreement to Nomura pursuant to the Purchase Agreement and this Order vests Nomura with all right, title and interest in and to the Loan Facility and the Loan Rights thereunder free and clear of all liens, claims, encumbrances and other interests of any kind whatsoever.

10. The Purchase Agreement was negotiated at arm's-length and entered into in good faith by the respective parties thereto, and Nomura is entitled to all the benefits and protections of section 363(m) of the Bankruptcy Code, and consummation of the sale and assignment of the Loan Facility Agreement and the Loan Rights pursuant to the Purchase Agreement shall not be affected by reversal or modification on appeal of this Order, in that: (i) Nomura has not violated section 363(n) of the Bankruptcy Code by any action or inaction; (ii) no common identity or directors or controlling stockholders exists between Nomura and LBHI; and (iii) the negotiation and execution of the Purchase Agreement and any other agreements or instruments related thereto was without collusion, at arm's-length and in good faith.

11. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and any stay imposed by Bankruptcy Rules 6004(g) or 6006(d) is hereby waived.

12. The jurisdictional provisions of the Purchase Agreement shall be binding on the parties thereto. This Court shall retain jurisdiction to interpret and enforce this Order.

Dated: December ___, 2008
      New York, New York

                                       _____
                                       HONORABLE JAMES M. PECK
                                       UNITED STATES BANKRUPTCY JUDGE