HEARING DATE: DECEMBER 3, 2008 at 10:00 a.m.

Lindsee P. Granfield
Lisa M. Schweitzer
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Barclays Capital Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |
| In re: | |
| Lehman Brothers Inc., | Case No. 08-01420 (JMP) |
| | SIPA |
| Debtor. | |

**RESPONSE OF BARCLAYS CAPITAL INC. TO MOTION OF MOODY'S CORPORATION FOR AN ORDER (I) COMPELLING PAYMENT OF UNDISPUTED PORTION OF CURE AMOUNT; (II) COMPELLING PAYMENT FOR SERVICES PROVIDED POST-PETITION; AND (III) SCHEDULING A HEARING TO DETERMINE THE DISPUTED CURE AMOUNT**

Barclays Capital Inc. ("BarCap") by and through its undersigned counsel, hereby submits this response (the "Response") to the Motion (the "Motion") of Moody's Corporation ("Moody's") for an Order (I) Compelling Payment Of Undisputed Portion Of Cure Amount; (II) Compelling Payment For Services Provided Post-Petition; and (III) Scheduling A Hearing For This Court To Determine The Disputed Cure Amount. In support of its Response, BarCap respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The relief sought in the Motion is premature at this juncture. To some extent before November 7, 2008, and on an ongoing basis after November, 7, 2008, BarCap and Moody's have engaged in substantive discussions regarding cure amounts as required in the Sale Order ("To the extent any objections are timely filed, the Debtors, Purchaser and counterparty shall meet and confer in good faith to attempt to resolve any such objection without Court intervention.") (Sale Order, ¶ 12). While BarCap appreciates Moody's concerns with the pace of negotiations, Moody's must understand that BarCap has been responding to cure-related inquiries and objections as quickly as possible given the sheer number of contracts subject to assumption and assignment (which, as of November 21, 2008, are no less than 3,8 00 contracts).[1] BarCap is expending all available manpower to deal with the cure process and, with respect to Moody's, BarCap has in good-faith engaged in a number of discussions aimed at resolving the disputes.

2. BarCap respectfully requests that the Court allow BarCap and Moody's to continue to engage in these discussions without Court intervention. Consistent with the Court's position that judicial intervention in cure disputes could be burdensome to all parties,[2] BarCap believes that parties should take all necessary steps to resolve contract cure-related disputes before seeking such intervention. Moreover, BarCap hopes that the disputes with Moody's can be resolved, like so many others, through continued discussions and negotiations. While BarCap intends to fully honor its obligations under any executory agreements with Moody's assigned to

---

[1] See Closing Date Contracts listed on the Epiq Systems Website, www.epiqsystems.com/; First through Tenth Omnibus Notices of Assumption and Assignment of Executory Contracts and Unexpired Leases filed in the Bankruptcy Cases; First through Twenty-second Omnibus Notices of Assumption and Assignment of Executory Contracts and Unexpired Leases filed in the SIPA Proceeding.

[2] See Transcript, October 6, 2008, 49: 6-23.

it in the sale process, it would be prejudicial to BarCap to be required to pay a portion of the cure amount under dispute and further post-closing amounts that allegedly have accrued where the parties are still in active discussions, and have not finally resolved, the scope of services subject to executory contracts assigned to BarCap and the appropriate costs associated with any such agreements.

## BACKGROUND

3. On September 15, 2008, Lehman Brothers Holdings, Inc. ("LBHI") and LB 745 LLC ("745") commenced voluntary cases (the "Bankruptcy Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

4. On September 19, 2008, a proceeding (the "SIPA Proceeding") was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers, Inc. ("LBI", and together with LBHI, 745, and the other affiliated debtors and debtors in possession, the "Debtors").

5. On September 16, 2008, the Debtors entered into an Asset Purchase Agreement (as amended, the "Purchase Agreement") with BarCap. The Purchase Agreement provides for the purchase of those contracts designated by BarCap that are related to the assets purchased from LBI and certain of the Debtors.[3]

6. On September 20, 2008, the Court entered an order (the "Sale Order") approving the Purchase Agreement and the various transactions contemplated therein in the Bankruptcy Cases, including, pursuant to paragraph 12 of the Sale Order, the assumption and

---

[3] See Purchase Agreement, § 2.5.

3

assignment of Closing Date Contracts (as defined in the Sale Order), and the deadline to object to cure amounts associated with such assumptions and assignments.[4]

7. On September 18, 2008, pursuant to paragraph 12 of the Sale Order, a schedule of Closing Date Contracts to be assumed and assigned to BarCap under the Purchase Agreement (the "Schedules") were posted on the website of the Debtors' claims agent, Epiq Systems. Such Schedules included various contracts with Moody's and its affiliates.

8. On October 2, 2008, Moody's filed in the Bankruptcy Cases its Amended Objection To Cure Amounts For Closing Date Contracts [D.I. 520] and on November 10, 2008 Moody's filed the Motion in the Bankruptcy Cases [D.I. 1436] and in the SIPA Proceeding [D.I. 255].

**RESPONSE**

9. As of November 21, 2008, BarCap has designated no less than 3,800 contracts for assumption and assignment.[5] Some of those contracts, like those of Moody's, were designated for assumption and assignment as of the closing date of the sale of certain LBI, LBHI and 745 assets to BarCap (the "Closing Date").

10. BarCap has received a number of objections to the assumption and assignment of contracts, and those objections have, in the vast majority of cases, related to a dispute over cure amounts. BarCap employees have been working very hard to resolve these objections and pay out negotiated cure amounts. To date, none of these disputes have required

---

[4] On September 20, 2008, the Bankruptcy Court also entered an order approving and incorporating by reference the Sale Order in the SIPA Proceeding.

[5] See Closing Date Contracts listed on the Epiq Systems Website, www.epiqsystems.com/; First through Tenth Omnibus Notices of Assumption and Assignment of Executory Contracts and Unexpired Leases filed in the Bankruptcy Cases; First through Twenty-second Omnibus Notices of Assumption and Assignment of Executory Contracts and Unexpired Leases filed in the SIPA Proceeding.

4

judicial intervention to be resolved.  BarCap believes that it is still possible to resolve the disputes with Moody's without Court intervention.

11.     Notwithstanding Moody's suggestion that BarCap has not been actively engaged in cure discussions, beginning in mid-October, and to a larger extent taking place since November 7, 2008, BarCap and Moody's have in fact engaged in a series of e-mail communications and discussions with respect to amounts due to Moody's as cure amounts.  Thus far, BarCap has been unable to reconcile all of the amounts claimed by Moody's as due and owing because some services appear to have been provided outside of an executory contract with the Debtors.[6]

12.     BarCap believes that discussions with Moody's should continue, without Court invention, in order to allow BarCap and Moody's to seek to reach a global resolution with respect to amounts owed to Moody's as cure amounts.  To the extent that such discussions (and disputes as to the appropriate cure amount) are ongoing, it would be prejudicial to BarCap to be required to make partial cure payments to Moody's, or to be obligated to make payment on post-closing amounts that have not yet been agreed to by the parties.

[*The remainder of the page has been left blank intentionally*]

---

[6] To the extent BarCap and Moody's are unable to resolves these disputes, BarCap reserves all rights and, in particular, BarCap reserves the right to pay only those invoices of the Debtors that relate to executory contracts assumed by the Debtors and assigned to BarCap.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, BarCap respectfully requests that this Court: (a) deny the Motion of Moody's without prejudice or, alternatively, adjourn the hearing requested in the Motion to allow Moody's and BarCap additional time to meet and confer; and (b) grant such other and further relief as this Court may deem just or proper.

Dated: New York, New York
November 26, 2008

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Lindsee P. Granfield

Lindsee P. Granfield
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Barclays Capital Inc.*