# EXHIBIT C

October 3, 2002



## STATUTE OF FRAUDS EXEMPTION AND SEPTEMBER 2002 TRADE CONFIRMS

In September 2002, the LSTA published for immediate use revised forms of par and distressed loan trading confirmations that increase the certainty that oral trades are binding and pave the way for electronic execution of documents. The new forms are named "September 2002, rev 2" and are available free of charge to members on the LSTA website at www.lsta.org. Copies may be purchased by non-members for a per-document fee.

The following summarizes the effect of the amendment to the New York State Statute of Frauds and the related changes in the LSTA forms of trade confirmation:

- As of October 5, 2002, loan trades qualify in New York for exemption from the statute of frauds; that is, if certain requirements are met, oral trades that have not been committed to writing signed by the non-performing party may nevertheless be enforceable under New York State law.
- The exemption from the statute of frauds only eliminates the requirement that an agreement must be in writing and signed "by the party to be bound." However, a party attempting to enforce an agreement must be able to show that the material terms of an agreement were reached by the parties to the trade.
- The NYS statute provides that parties can qualify for the exemption by agreeing in writing with each other that oral trades between them are enforceable.
- The Standard Terms & Conditions to the new LSTA forms of trade confirmation contain such an agreement.
- Parties who sign the new form of LSTA trade confirm make all their prior and future trades eligible for the exemption, effective for all trades between the two institutions who sign the new form.
- Loan market practice requiring that all trade confirms be signed has not changed. Exemption from the New York State Statute of Frauds means that a party who fails to sign cannot use that failure alone to claim that the trade is unenforceable. In accordance with market practice and market participant audit policies, trading parties must continue to sign trade confirmations. There should be no departure from past practice in that regard.
- However, the New York statutory exemption makes it possible to legally enforce an oral trade even if a confirm has not been signed by both parties to the trade.
- The NYS statute provides that the oral trade can be enforced if it can be shown that the parties did in fact enter into a contract, including by means of the following:
  - a trade confirmation received within 5 business days of the trade was not objected to within 3 business days of receipt
  - taped phone line
  - email
  - trade ticket or blotter

  Any of these may provide sufficient evidence that a contract was formed. Depending on the circumstances, the parties may need to offer additional evidence to establish the material terms of the trade.
- It is recognized that some market participants may not wish to qualify for the statute of frauds exemption. In order to "opt out" of the exemption, such parties would execute a separate written modification to the LSTA Standard Terms & Conditions ("T&Cs") with each of their trading counterparties.
- The Standard T&Cs will no longer need to be attached to the face of the trade confirmation. Instead, the Standard T&Cs will be incorporated by reference. Any changes to the Standard T&Cs can be made only:
  - in a separate writing, which can, if the parties choose, act as a "standing" departure from the Standard Terms, or

- on a trade-specific basis in the "Trade Specific Other Terms of Trade" section in the confirm itself.
➢ <u>Electronic Execution of Documentation</u>: A new provision has been included in the Standard T&Cs to take advantage of the enactment of statutes that grant the same legal effect to electronic signatures and electronic records as to signatures affixed by hand or paper-based record keeping systems. The new provision in the Standard T&Cs currently is limited to Confirmations and has not been extended to the formal transfer documentation.
➢ <u>Electronic Transmission of Documents</u>: The Standard T&Cs now contemplate electronic transmission of confirms, confidentiality agreements and transfer documentation. This expands on the existing provision that permitted parties to execute and deliver documents by fax, and allows for other forms of electronic transmission (for example, scanning a signed document and sending it by e-mail).
➢ <u>Manually Sign and Retain Hard Copy of First Confirm</u>: The LSTA recommends that when entering into a confirmation in the new form for the first time, parties execute manually and retain a physical copy for their records to help ensure the desired result under the federal and state electronic signatures and records.



## Enforceability of Oral Loan Trades

*This memorandum is presented largely for background and historical interest; the Statute of Frauds in New York was amended with effect on October 5, 2002 to include loan trading in the category of "Qualified Financial Contracts" that qualify for exemption from the statute of frauds if certain requirements are satisfied. For more information, see NYS GOL 5-701 and the materials published by the LSTA in conjunction with adoption by the LSTA of the September 2002 Forms of Trade Confirmation.*

August 2001 - In many states, including New York, a contract for the sale of a loan is not enforceable by statute beyond $5000 unless the material terms of such contract are set forth in a signed writing. This provision – known as the Statute of Frauds – creates an element of risk for loan trading parties since a trade may not be binding between the trade date and the date the written trade confirmation is signed, even though the parties intend to be "done on the phone." As a matter of custom and practice, parties to a secondary loan trade generally intend to be legally bound by the terms of each transaction from the moment they reach agreement on such terms, whether orally or otherwise. The terms of trade typically are agreed over the telephone at the time of the trade and promptly followed up by a written trade confirmation. However, absent a signed writing setting forth the material terms of the trade, the Statute of Frauds can prevent enforcement of most oral loan trades. The Statute of Frauds defense provides a legal loophole if one of the parties fails to execute a written trade confirmation.

In order to address enforcement issues created by the Statute of Frauds in the context of secondary loan trades, the Loan Syndications and Trading Association, Inc. (the "LSTA") has undertaken two significant initiatives. First, the LSTA is pursuing a legislative initiative to amend the law in New York to exempt from the Statute of Frauds oral agreements for the sale or participation of commercial loans, trade claims and private notes. In addition, the LSTA will modify its standard forms of trade confirmation to include an agreement by trading parties not to assert the Statute of Frauds as a defense to enforcement of oral trades, and to require the trading parties to prepare and maintain an internal record reflecting the terms of each trade.

### The Legislative Initiative

In June of 2001, the LSTA launched a dedicated effort to address this problem by seeking legislative relief under New York State law. As of the date of this memorandum, legislation is pending in the New York State Senate to extend to loan trading the same exemption from the Statute of Frauds that exists for certain other financial contracts, including derivatives and foreign exchange contracts. The legislation would add agreements relating to loan trading to the list of "qualified financial contracts" ("QFCs") exempt under New York law from the Statute of Frauds. The New York State Legislature had previously provided relief from the Statute of Frauds in 1994 by exempting agreements relating to derivative contracts, foreign exchange contracts and certain other financial instruments. The original legislation did not address bank loans, trade claims or private notes. As a consequence, loan trading is not included within the existing definition of "QFC." The new legislation would add to the laundry list of exempted QFCs agreements between parties (other than natural persons) relating to:

> "the assignment, sale, trade, participation or exchange of indebtedness (including but not limited to choses in action, commercial and/or bank loans, trade claims, or private notes, and including forward sales)."

Copyright © LSTA 2001. All rights reserved.

In order for an oral agreement to qualify for the QFC exemption, there must exist either (i) sufficient evidence to indicate that a contract was made or (ii) a prior or subsequent writing between the parties by which they agree to be bound.

The legislative solution to the Statute of Frauds problem is critical to pursue in order to bring legal certainty to the custom and practice that parties to a loan trade are bound from the time they reach agreement on the terms of the trade, which is typically by use of the telephone.

### Proposed Modification to the LSTA Forms of Trade Confirmation

The LSTA will be publishing modified Standard Terms and Conditions to the forms of LSTA trade confirmation for both par/near par and distressed loan trades (collectively, the "Confirmation"). The modification will add to the Confirmation an agreement between the counterparties to the trade that for all subsequent trades between those trading parties:

- the Statute of Frauds will not be asserted as a defense to enforcement of an oral trade; and
- a trade ticket or similar written internal record will be recorded and maintained for each loan trade agreed to orally between the parties.

Either party will be able to revoke such agreement by a subsequent writing.

The proposed modification to the Confirmation will not constitute a waiver of any claim or defense other than the Statute of Frauds. If the oral trade is not enforceable for a reason other than the Statute of Frauds (for example, failure to agree on an essential term of the contract), the new provision will not make binding an otherwise unenforceable trade.

In addition to effecting a waiver of the Statute of Frauds, the provision to be added to the Confirmation will require that the parties record and execute contemporaneously with the oral trade a "trade ticket." The trade ticket should contain the following specific elements in order to qualify as a "writing" sufficient to make the oral trade enforceable against the party to be charged: (i) the date of the oral trade; (ii) a description of the credit, including obligor and amount; (iii) the counterparty; and (iv) the purchase price or purchase rate. In the event that a counterparty fails to prepare or maintain a trade ticket, this provision may (x) estop the defaulting party from pleading the Statute of Frauds as a defense to an action on the oral contract, and (y) entitle the nondefaulting party to assert a separate claim for breach of the obligation to maintain a writing sufficient to satisfy the Statute of Frauds.

Because the agreement to waive the Statute of Frauds and to maintain a record of each trade are contained in the Confirmation, they will be binding on all parties who use the LSTA form of Confirmation and who do not "opt out" of the provision. Loan market participants will be able to manage the Statute of Frauds risk by maintaining lists of trading counterparties that have or have not executed Confirmations with the new provision.

2