UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                  :
In re                                             :    Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :    08-13555 (JMP)
                                                  :
         Debtors.                                 :    (Jointly Administered)
                                                  :
                                                  :
------------------------------------------------------------------x

## DECLARATION OF MICHAEL S. FELDBERG

Pursuant to 28 U.S.C. § 1746, Michael S. Feldberg declares as follows:

1. I am an attorney admitted to practice before this Court and am a partner at Allen & Overy LLP, counsel for Barclays Capital Inc. ("Barclays").

2. I make this Declaration in support of Barclays' Motion For Relief Concerning American Express Contracts Erroneously Posted With The Closing Date Contracts.

3. Attached as Exhibit A is a true copy of Exhibit A to the Affidavit of Daniel J. Massoni (the "Massoni Affidavit"), on which (a) transactions for U.S. cardholders dated on or after September 20, 2008 have been identified with dotted-line boxes; and (b) transaction for non-U.S. cardholders dated on or after September 20, 2008 have been identified with solid-line boxes. Although Exhibit A to Mr. Massoni's affidavit does not provide a total for the charges included therein, the total appears to be approximately $669,000.

4. Attached as Exhibit B is a spreadsheet listing all of the transactions from Exhibit A to the Massoni Affidavit that have been identified as transactions for U.S. cardholders dated on or after September 20, 2008. These transactions amount to approximately $3,557.

5. Attached as Exhibit C is a spreadsheet listing all of the transactions identified from Exhibit A to the Massoni Affidavit that have been identified as transactions for

non-U.S. cardholders dated on or after September 20, 2008. These transactions amount to approximately $40,288.

   6. Given the approximate totals identified in paragraphs 3 through 5, the vast bulk of the transactions listed in Exhibit A of the Massoni Affidavit occurred before entry of the order authorizing the sale of certain assets to Barclays on September 19, 2008, and only $3,557 were recorded to U.S. corporate cards after entry of this order.

   7. Attached as Exhibit D is a true copy of the Declaration of Eugene J. Chikowski in Support of Objection of American Express Travel Related Services Company, Inc. To Relief Requested in Notice of Revisions to Schedules of Contracts Assumed and Assigned to Purchaser and To Proposed Cure Amount dated October 14, 2008, which includes Exhibits A through H.

   8. Attached as Exhibit E is a true copy of an article published by the Wall Street Journal on September 22, 2008 entitled "Nomura Wins Auction for Lehman's Asian Operations."

   9. Attached as Exhibit F is a true copy of an article published by the Wall Street Journal on September 23, 2008 entitled "Lehman Businesses Open Under Barclays Ownership."

   10. Attached as Exhibit G is a true copy of an article published by the Wall Street Journal on September 24, 2008 entitled "Nomura Grows in Europe as It Buys More of Lehman."

   11. Two additional exhibits have not been attached due to confidentiality agreements that restrict their circulation: the Global Corporate Services Commercial Account Agreement with Lehman Brothers Holding Inc. ("LBHI") and its global related entities entered

2

into on October 13, 2006, which was last amended in February 2008 (the "Corporate Services Agreement"); and the Business Travel Service Agreement with Lehman Brothers Inc. ("LBI") on September 1, 2000, which was last amended in September 2004 (the "Travel Services Agreement"). These agreements are available upon request of the Court, and can be provided for *in-camera* review or filed under seal.

           12.      Under the Corporate Services Agreement, American Express agreed to issue corporate cards in the name of employees designated by LBHI and its global related entities who were authorized to incur expenses on behalf of LBHI and its global related entities. LBHI and its global related entities agreed to be held liable for payment of all charges made to the corporate card accounts in accordance with the terms and conditions of the Corporate Services Agreement. The term "charges" is defined by the Corporate Services Agreement to include purchases, cash advances, fees and American Express Corporate Travelers Cheque encashments, among other things. The Corporate Services Agreement is governed by the laws of the state of New York without reference to the choice of law doctrine of such state.

13. Under the Travel Services Agreement, American Express agreed to make travel arrangements for the employees of LBI and its subsidiaries and affiliates in exchange for LBI's agreement to pay certain commissions and fees on a regular basis. The Travel Services Agreement is governed by the laws of the State of New York without reference to the choice of law doctrine of such state.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 25th day of November, 2008.

      /s/ Michael S. Feldberg
      Michael S. Feldberg