David L. Barrack, Esq.
FULBRIGHT & JAWORSKI L.L.P.           Hearing Date:  December 3, 2008 at 10:00 a.m.
666 Fifth Avenue                      Objection Date:  November 28, 2008
New York, New York  10103
Telephone:     (212) 318-3000
Facsimile:     (212) 318-3400

Counsel for Canadian National Resources Limited

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

––––––––––––––––––––––––––––––––––––––––
                                        :    Chapter 11
In re:                                  :
                                        :    Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS                :
INC., et al.,                           :    (Jointly Administered)
                                        :
                                        :
                     Debtor.            :
                                        :
––––––––––––––––––––––––––––––––––––––––:

# CANADIAN NATIONAL RESOURCES LIMITED'S OBJECTION TO AND RESERVATION OF RIGHTS FROM DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS

Canadian National Resources Limited ("CNR") hereby files this limited objection to, and reservation of rights from, the *Debtors' Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts* (the "Procedures Motion") and, in support thereof, states as follows:

## BACKGROUND

1. On September 15, 2008, Lehman Brothers Holdings Inc. and, periodically, thereafter, certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On September 17, 2008, the United States Trustee for the Southern District of New York appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

3. Prior to the filing of the Debtors' petitions in bankruptcy, pursuant to an ISDA Master Agreement dated August 26, 2006, CNR and one of the Debtors, Lehman Brothers Commodity Services, Inc., entered into numerous swap transactions documented by confirmations (the "CNR Derivative Contract"). With respect to the CNR Derivative Contract, certain transactions have terminated in accordance with the terms of the CNR Derivative Contract. Others will not terminate until a future date.[1]

## THE PROCEDURES MOTION

4. On November 13, 2008, the Debtors filed the Procedures Motion. Pursuant to the Procedures Motion, the Debtors seek entry of an order authorizing: (i) procedures for the Debtors' assumption and assignment of Derivative Contracts, including resolution of cure amounts; and (ii) procedures for the efficient processing of settlement agreements that may

---

[1] As of the date of this Objection, CNR has not exercised rights to terminate and accelerate the CNR Derivative Contract, but fully reserves those and all other rights it has under the agreements.

establish termination payments and the return of collateral and/or property under terminated derivative contracts.[2]

5. The Debtors acknowledge in the Procedures Motion that: "Certain Derivative Contracts are memorialized pursuant to master agreements .… These individual transactions are customarily documented in the form of confirmations …." The parties to a master agreement then enter into individual transactions under the master agreement. *Motion at pp. 4-5, para. 9.*

6. As part of the proposed procedures, the Procedures Motion appears to require that the Debtors assume and assign all transactions under a master agreement as a single "Derivative Contract" and that the Debtors cannot cherry pick between "in the money" and "out of the money" transactions pursuant to a single master agreement. For instance, the Debtors state that: "For the purposes of Rule 6006(f), in instances where multiple Derivative Contract transactions are subject to a master agreement, each master agreement set forth on an Assignment Notice will be treated as one single Derivative Contract. *Id. at p. 9, para. 19a.*

7. More importantly, the Debtors' proposed language for the order states:

> K. In any instance where a Derivative Contract is memorialized pursuant to a master agreement, the Debtors may assume and assign, pursuant to these Assumption and Assignment Procedures, only all, but not fewer than all, of the Derivative Contract transactions entered into pursuant to the master agreement.

*Id. at p. 12, para. 19k.*

---

[2] Unless otherwise defined, capitalized terms shall have the meanings ascribed to them in the Procedures Motion.

60138232.1     - 3 -

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

8.  CNR submits that the Debtors must treat all transactions under a master agreement as a single contract that must be assumed and assigned as a single Derivative Contract and the Debtors cannot cherry pick between "in the money" and "out of the money" contracts. A debtor cannot pick and choose the provisions of an executory contract that are most favorable, but rather, must either assume or reject the entire contract *cum onere*. N.L.R.B. v. Bildisco and Bildisco, 465 U.S. 513, 531-32 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract *cum onere* . . . and the expenses and liabilities incurred may be treated as administrative expenses, which are afforded the highest priority on the debtor's estate, 11 U.S.C. § 503(b)(1)(A)'") (citations omitted); In re Fleming Companies, Inc., 499 F.3d 300, 306 (3rd Cir. 2007) (the debtor ... 'may not blow hot and cold. If he accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.' . . .The *cum onere* rule 'prevents the [bankruptcy] estate from avoiding obligations that are an integral part of an assumed agreement.') (citations omitted); In re Buffets Holdings, Inc., 387 B.R. 115, 119 (Bankr. D. Del. 2008) ("Debtor must assume all leases under a master lease agreement and may not pick and choose only favorable leases to be assumed." ). Swap Agreements are treated as a single contract under the Bankruptcy Code and also must be assumed or rejected *cum onere*. In re Enron Corp., 349 B.R. 96, 106 (Bankr. S.D.N.Y. 2006) (The provisions of the Bankruptcy Code concerning swap agreements aim at preventing 'cherry picking' by the parties … rejection requires netting"); In re Enron Corp., 306 B.R. 465, 472 (Bankr. S.D.N.Y. 2004) ("Once terminated a swap agreement typically provides that all transactions between the parties are cancelled and a single net amount will be due based upon market conditions at the time of

termination"). The Debtors should not be able to use a procedures motion to defeat the rights of CNR under the CNR Master Agreement and confirmations, which rights include, but are not limited to, rights to set-off and net transactions under the Master Agreement.

9. CNR is concerned that the Debtors may try to use the proposed procedure order to defeat the rights of CNR under the CNR Master Agreement and the confirmations entered into thereunder. CNR submits that the proposed language in paragraph K is unclear and will lead to confusion. CNR submits that if it is the Debtors' intent to assume and assign all transactions under a master agreement, then the language in paragraph K should clearly and unambiguously state that intention. If it is not the Debtors' intention, then the Court and CNR should be so advised and, furthermore, if it is not the Debtors' intention, then CNR objects to the entry of the Proposed Order as in violation of section 365 of the Bankruptcy Code, which requires a debtor to assume and assign an entire executory contract and not parts thereof. CNR requests that its rights be reserved in full to object to any notice by the Debtor to assume and assign less than all of the transactions under its Master Agreement. Additionally, CNR requests that its due process rights to be heard before this Court with respect to its objections to such an assumption and assignment be preserved, and that such rights cannot be dispensed with by entry of a procedures order in accordance with the Procedures Motion.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, CNR objects to the relief requested in the Procedures Motion to the extent cited above, and respectfully requests that if the Procedures Motion is approved by the Court, then CNR's rights to object to the assumption and/or assumption and assignment of the CNR Derivative Contract be preserved and the Debtors be required to assume all of the transactions under the CNR Master Agreement, and that the Court grant such other and further relief as is deemed just and proper.

Dated: November 26, 2008

                                                Respectfully submitted,

                                                /s/David L. Barrack
                                                David L. Barrack, Esq.
                                                FULBRIGHT & JAWORSKI L.L.P.
                                                666 Fifth Avenue
                                                New York, New York  10103
                                                Telephone:     (212) 318-3000
                                                Facsimile:       (212) 318-3400

                                                Counsel for Canadian National Resources Limited