Madlyn Gleich Primoff (MP-1701)  
Lauren Attard (LA-5083)  
Kaye Scholer LLP  
425 Park Avenue  
New York, New York 10022  
Telephone: (212) 836-8000  
Facsimile: (212) 836-6157  

Hearing Date: **December 3, 2008, at 10:00 a.m**  
Objection Date: **November 28, 2008, at 4:00 p.m**

Attorneys for Caisse de dépôt  
et placement du Québec

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                                              :   **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*   :   **08-13555 (JMP)**
:
                **Debtors.**       :   **(Jointly Administered)**
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**LIMITED OBJECTION OF CAISSE DE DEPOT ET PLACEMENT DU QUEBEC
TO THE MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO
SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH
PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND
<u>ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS</u>**

Caisse de dépôt et placement du Québec ("<u>Caisse</u>"), by its undersigned attorneys, for its limited objection (the "<u>Limited Objection</u>") to the Debtors' Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts (the "<u>Derivatives Motion</u>"), dated November 13, 2008, respectfully states as follows:

    1.    Caisse was a party to a certain ISDA master agreement ("<u>Swap Agreement</u>"), dated as of October 16, 2007, with Lehman Brothers Special Financing Inc. ("<u>LBSFI</u>"), one of the above-captioned Debtors. A copy of the Swap Agreement is attached hereto as <u>Exhibit A</u>.

31755580.DOC

2. Lehman Brothers Holdings Inc. ("LBHI") guaranteed the obligations of LBSFI under the Swap Agreement pursuant to a Guarantee dated November 13, 2007. A copy of the Guarantee is attached hereto as Exhibit B.

3. On September 15, 2008, LBHI filed its petition for relief under chapter 11 of the Bankruptcy Code. The filing by LBHI of its chapter 11 case on September 15 constituted an Event of Default (as such term is defined in the Swap Agreement).

4. On September 18, 2008, Caisse sent LBSFI a notice of termination (the "Termination Notice") of the Swap Agreement, declaring September 19, 2008 as the Early Termination Date (as such term is defined in the Swap Agreement). The Termination Notice is attached hereto as Exhibit C.

5. Paragraph 19(j) of the Derivatives Motion states that:

> Within a reasonable time period after consummation of an assignment transaction, the Debtors will provide notice to any Counterparty of the effective date of the assignment. Any purported termination notice sent by a Counterparty of a Derivative Contract based on a Default occurring prior to the assignment shall be ineffective unless a termination notice is received by the Debtors pursuant to the terms of the Derivative Contract prior to the assignment's consummation.

Caisse is filing this Limited Objection so that there is no doubt that Caisse previously terminated the Swap Agreement effective as of September 19, 2008. It appears that the proposed assumption and assignment procedures (as defined in the Derivatives Motion) are directed only to those Derivative Contracts (as defined in the Derivatives Motion) that have not been terminated and not to Derivative Contracts, such as the Caisse Swap Agreement, that have been previously terminated.

6. To the extent that the Debtors are seeking approval of certain termination procedures pursuant to the Derivatives Motion, Caisse would be amenable to discussing a

termination agreement with the Debtors provided that, among other things, the Debtors were to grant a general release to Caisse and its affiliates.

WHEREFORE, Caisse respectfully requests that (i) any order granted by the Court with respect to the Derivatives Motion expressly provide that the Caisse Swap Agreement was terminated effective as of September 19, 2008 and (ii) the Court grant Caisse such other and further relief as this Court deems just and proper.

Dated: November 26, 2008
      New York, New York

                                  /s/ Lauren Attard
                                Madlyn Gleich Primoff (MP-1701)
                                Lauren Attard (LA-5083)
                                Kaye Scholer LLP
                                425 Park Avenue
                                New York, NY  10022

                                Attorneys for Caisse de dépôt
                                et placement du Québec