Madlyn Gleich Primoff (MP-1701)
Lauren Attard (LA-5083)
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-6157

**Hearing Date: December 3, 2008, at 10:00 a.m**
**Objection Date: November 28, 2008, at 4:00 p.m**

Attorneys for Total Gas & Power Limited

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------x
                                    :
In re                               :   **Chapter 11 Case No.**
                                    :
**LEHMAN BROTHERS HOLDINGS INC., et al.**  :   **08-13555 (JMP)**
                                    :
        Debtors.                    :   **(Jointly Administered)**
                                    :
------------------------------------x

**LIMITED OBJECTION OF TOTAL GAS & POWER LIMITED TO
THE MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO
SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH
PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND
ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS**

Total Gas & Power Limited ("Total"), by its undersigned attorneys, for its limited objection (the "Limited Objection") to the Debtors' Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts (the "Derivatives Motion"), dated November 13, 2008, respectfully states as follows:

1.  Total was a party to two agreements with Lehman Brothers Commodity Services Inc. ("LBCSI"), one of the above-captioned Debtors. One of these agreements was a swap agreement, as described below, and the other was a general agreement concerning the delivery and acceptance of electricity, as described below (together, the "Total Agreements").

31755179.DOC

## SWAP AGREEMENT

2.    Total was a party to a certain ISDA master agreement ("Swap Agreement"), dated as of October 16, 2007, with LBSCI. A copy of the Swap Agreement is attached hereto as Exhibit A. LBCSI's obligations under the Swap Agreement were guaranteed by Lehman Brothers Holdings Inc. ("LBHI").

3.    On September 15, 2008, LBHI filed its petition for relief under chapter 11 of the Bankruptcy Code. The filing by LBHI of its chapter 11 case on September 15 constituted an Event of Default (as such term is defined in the Swap Agreement) under the Swap Agreement, thus authorizing Total to terminate the Swap Agreement.

4.    On September 16, 2008, Total sent LBCSI a notice of termination (the "Swap Termination Notice") of the Swap Agreement, declaring September 16, 2008 as the Early Termination Date (as such term is defined in the Swap Agreement). The Swap Termination Notice is attached hereto as Exhibit B.

## EFET AGREEMENT

5.    Total was also party to a certain General Agreement Concerning the Delivery and Acceptance of Electricity ("EFET Agreement"), dated November 6, 2007, with LBSCI. A copy of the EFET Agreement is attached hereto as Exhibit C. LBCSI's obligations under the Swap Agreement were guaranteed by LBHI.

6.    On September 15, 2008, LBHI filed its petition for relief under chapter 11 of the Bankruptcy Code. The filing by LBHI of its chapter 11 case on September 15 constituted a Material Reason (as such term is defined in the EFET Agreement), thus authorizing Total to terminate the EFET Agreement. Additionally, the filing by LBCSI of its chapter 11 case on

October 3, 2008 also constituted a Material Reason, further authorizing Total to terminate the EFET Agreement.

7. On September 16, 2008, Total sent LBCSI a notice of termination (the "EFET Termination Notice") of the EFET Agreement, declaring September 16, 2008 as the Early Termination Date (as such term is defined in the EFET Agreement). The EFET Termination Notice is attached hereto as Exhibit D.

## LIMITED OBJECTION

8. Paragraph 19(j) of the Derivatives Motion states that:

> Within a reasonable time period after consummation of an assignment transaction, the Debtors will provide notice to any Counterparty of the effective date of the assignment. Any purported termination notice sent by a Counterparty of a Derivative Contract based on a Default occurring prior to the assignment shall be ineffective unless a termination notice is received by the Debtors pursuant to the terms of the Derivative Contract prior to the assignment's consummation.

Total is filing this Limited Objection so that there is no doubt that Total previously terminated each of the Total Agreements effective as of September 16, 2008. It appears that the proposed assumption and assignment procedures described in the Derivatives Motion are directed only to those Derivative Contracts (as defined in the Derivatives Motion) that have not been terminated, and not to agreements -- such as the Total Agreements -- that have been previously terminated.

9. To the extent that the Debtors are seeking approval of certain termination procedures pursuant to the Derivatives Motion, Total would be amenable to discussing termination arrangements with the Debtors provided that, among other things, the Debtors were to grant a general release to Total and its affiliates.

WHEREFORE, Total respectfully requests that (i) any order granted by the Court with respect to the Derivatives Motion expressly provide that the Total Agreements were terminated

effective as of September 16, 2008 and (ii) the Court grant Total such other and further relief as this Court deems just and proper.

Dated: November 26, 2008
     New York, New York

                                  */s/ Lauren Attard*
                                  Madlyn Gleich Primoff (MP-1701)
                                  Lauren Attard (LA-5083)
                                  Kaye Scholer LLP
                                  425 Park Avenue
                                  New York, NY  10022

                                  Attorneys for Total Gas & Power Limited