**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
900 Third Avenue, 16th floor
New York, NY 10022-4728
(212) 752-8000
(212) 752-8393 Facsimile
Laurence May, Esq. (LM-9714)
Nolan E. Shanahan, Esq. (NS-4598)

Attorneys for the Federal Home Loan Bank
of Pittsburgh

Objection Date: November 28, 2008
Time: 4:00 p.m.

Hearing Date: December 3, 2008
Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Case No. 08-13555 (JMP) |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC., et al., | Chapter 11 |
| | Jointly Administered |
| Debtors. | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE FEDERAL HOME LOAN BANK OF PITTSBURGH TO THE DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND <u>ASSIGNMENT OF PRE-PETITION DERIVATIVE CONTRACTS</u>**

The Federal Home Loan Bank of Pittsburgh ("FHLB") by its counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A., as and for its limited objection and reservation of rights to the motion of Lehman Brothers Holding, Inc. <u>et al</u>. (collectively the "Debtors") for an order pursuant to sections 105 and 365 of the Bankruptcy Code to establish procedures for the settlement or assumption and assignment of pre-petition derivative contracts (the "Motion"), respectfully states as follows:

1.      FHLB is a creditor in these jointly administered cases and a party to an International Swap Dealers Association Master Agreement dated as of June 26, 1997, as amended on or about April 21, 2003 (as amended, the "ISDA"), with Lehman Brothers Special

Financing, Inc. ("LBSF"). The obligations of LBSF under the ISDA were guaranteed by another debtor, Lehman Brothers Holdings, Inc. ("LBH"), known under the ISDA as a "Credit Support Provider."

2. Although the Motion purports to be procedural in nature, it suggests by implication if not expressly, that LBSF has the right to fix amounts owed under the ISDA. No such right exists, however, as between it and FHLB. Because FHLB is concerned that the Motion might be construed as abridging FHLB's rights under the ISDA, it objects.

3. At least as early as the date that LBH filed its chapter 11 petition, an Event of Default[1] occurred under the ISDA. Upon the occurrence of an Event of Default, FHLB provided notice to LBSF that it was designating September 19, 2008 as an Early Termination Date in respect of all outstanding Transactions.

4. FHLB's selection of the Early Termination Date is not subject to dispute by LBSF, and once that date was selected, the calculation as to the amounts owed to the counterparties is governed by inter alia, sections 6(d) and 6(e) of the ISDA. After making the appropriate calculations and netting of collateral held by LBSF in trust for FHLB, FHLB determined that LBSF owed it $41,545,541.68. The collateral delivered to LBSF under the ISDA and the Credit Support Annex ("Posted Collateral") was to be held by LBSF in a segregated account, apart from any account which held any cash or securities of LBSF, and LBSF was prohibited from selling, assigning, transferring, exchanging or otherwise disposing of, granting any option or permitting any pledge, lien, mortgage, hypothecation, security interest, charge, option or any other encumbrance with respect to Posted Collateral.

---

[1] Capitalized terms unless otherwise expressly defined herein are as defined in the ISDA.

2

5. As a result of LBSF's failure to return the Posted Collateral, FHLB commenced an adversary proceeding against it and JP Morgan Chase Bank, N.A., the custodian of FHLB's assets. (<u>Federal Home Loan Bank of Pittsburgh v. JPMorgan Chase Bank,N.A. and Lehman Brothers Special Finance, Inc.</u>, Adv. Pro. 08-01610).

6. The proposed procedures for terminating and settling derivative contracts should not be construed to in any way affect FHLB's rights in the adversary proceeding, and indeed that may not have been the Debtors' intent. It is for that reason that FHLB joins in with the suggestion of Royal Bank of America (Docket No. 1720) in its objection to the Motion that any order approving the Motion contain a reservation that the order shall not, nor shall it be construed to supersede or otherwise affect the legal and contractual rights of parties to terminated derivative contracts or the rights of parties to any adversary proceeding pending or hereafter commenced in the Bankruptcy Court relating to derivative contracts.

DATED:   New York, New York
         November 26, 2008

        COLE, SCHOTZ, MEISEL,
        FORMAN & LEONARD, P.A.
        A Professional Corporation
        Attorneys for the Federal Home Loan Bank of Pittsburgh

        By: /s/ Laurence May
            Laurence May, Esq. (LM-9714)
            Nolan E. Shanahan, Esq. (NS-4598)
            900 Third Avenue, 16th floor
            New York, NY 10022-4728
            (212) 752-8000