David W. Dykhouse  
Daniel A. Lowenthal  
Brian P. Guiney  
**PATTERSON BELKNAP WEBB & TYLER LLP**  
1133 Avenue of the Americas  
New York, New York 10036-6710  
Telephone: (212) 336-2000  
Fax: (212) 336-2222  

Attorneys for Asbury Atlantic, Inc. and Asbury-Solomons, Inc.

Hearing Date: December 3, 2008, 10:00 a.m.  
Objection Deadline: November 28, 2008, 4:00 p.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## LIMITED OBJECTION OF ASBURY ATLANTIC, INC. AND ASBURY-SOLOMONS, INC. TO DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR SETTLEMENT OR ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS

Asbury Atlantic, Inc. ("AAI"), and Asbury-Solomons, Inc. ("ASI" and, together with AAI, "Asbury"), by and through their undersigned counsel, respectfully submit this limited objection to the motion of the debtors and debtors-in-possession herein ("Debtors") dated November 13, 2008 for an order pursuant to Sections 105 and 365 of the Bankruptcy Code to establish procedures for the settlement or assumption and assignment of prepetition derivative contracts ("Motion"). Asbury respectfully states as follows:

1.  AAI and Lehman Brothers Special Financing, Inc. ("LBSF"), one of the Debtors, are parties to an interest rate swap documented with a Master Agreement dated December 8, 2006 and a related confirmation and schedule ("AAI Swap"). ASI and LBSF are parties to

an interest rate swap documented with a Master Agreement dated March 15, 1999 and a related confirmation and schedule (together with the AAI Swap, "Asbury Swaps").[1]

  2. The Asbury Swaps are just two of nearly a million derivative contracts that the Debtors must reconcile and administer in connection with their Chapter 11 cases.  This labor-intensive and time-consuming process dictates that the Debtors implement orderly procedures for resolving the payments due to and from numerous contract counterparties.  But those procedures must also be fair and respect the rights of counterparties under both the Bankruptcy Code and their extant agreements with the Debtors.  The procedures proposed in the Motion to govern the assumption and assignment of derivative contracts such as the Asbury Swaps ("Assumption and Assignment Procedures") do not meet this standard and should be revised.

  3. Under the proposed Assumption and Assignment Procedures, the Debtors would serve a notice (an "Assignment Notice") on the counterparty to any derivative contract with a Debtor to be assumed and assigned to a third party.  Motion ¶ 19(a).  But the Assignment Notice will not inform the counterparty that its contract *will be* assigned, only that it *might be* assigned--if and when the Debtors find a willing buyer that meets certain criteria.  Under this scenario, a counterparty such as Asbury receiving an Assignment Notice might not know for years–or even decades–if its derivative contract has been assigned to a third party (let alone the identity of that party).  There is no authority in the Bankruptcy Code for the Debtors to give what amounts to notice of a *possible* assumption and assignment.  At a minimum, any order approving the Motion ought to require that each Assignment Notice expire within a reasonable period of time (*e.g.*, three months), and that any counterparty receiving an Assignment Notice that has expired must be re-noticed before its derivative contract may be assumed and assigned.

---

[1] The documentation of both Asbury Swaps was based on widely-used ISDA forms, but the terms were customized in important respects.

4. The proposed Assumption and Assignment Procedures also require that a party receiving an Assignment Notice will have just five business days to object to the proposed assumption and assignment of its contract. Motion ¶ 19(e). This shortened notice is inconsistent with the Local Rules of the Bankruptcy Court. But more importantly, as a matter of fundamental fairness, the complex nature of the derivative contracts, particularly in the context of the Debtors' bankruptcy, requires that parties be afforded more than a week to assess the validity of any proposed assignment as well as the creditworthiness of the proposed assignee.

5. The Motion proposes that, upon receipt of an Assignment Notice, counterparties may object to the proposed cure amount listed thereon, the need to cure any defaults under the derivative contract or the adequate assurance of future performance provided by the Debtors (but only if the proposed assignee is not a "Qualified Assignee" (as defined in the Motion)). Motion ¶ 19(e). But the Motion slyly limits the grounds for any party to object to an Assignment Notice to just those three categories. The Debtors should not be permitted to create jurisdictional limitations on an objection to an Assignment Notice. All counterparties should be free to interpose any valid objection to an Assignment Notice. And the Court, not the Debtors, should determine not only the merits of such objections but also its jurisdiction to entertain them.

6. Upon closing an assignment transaction, the proposed Assumption and Assignment Procedures would require the Debtors to give notice of the effective date of an assignment to the counterparty "within a reasonable time period." Motion ¶ 19(j). Such an ill-defined standard as "reasonable" ought not be approved by the Court. Counterparties such as Asbury are entitled to prompt notice (*e.g.*, within 10 business days) that a new counterparty has replaced the Debtor on a derivative contract. The need for timely notice is particularly acute because the Debtors have proposed that a purported notice of termination of a derivative contract

received after the effective date of an assignment of such contract would have no effect, even if the counterparty has not received notice of the effectiveness of the assignment at the time of termination.

7.  Finally, the notice that the Debtors propose to provide to counterparties upon consummation of an assignment transaction does not require the Debtors to identify the assignee. While the Debtors may not be able to identify a particular Qualified Assignee on the initial Assignment Notice, there is no reason to withhold that information any longer once an assignment transaction has closed.

8.  Asbury reserves all rights with respect to the Asbury Swaps, including the right to assert that the Asbury Swaps are not capable of being assumed or assigned and that any assignment thereof must be subject to all of the express terms and conditions provided in the Asbury Swaps. Asbury also reserves the right to supplement this Limited Objection.

WHEREFORE, Asbury requests that the Court deny the relief requested in the Motion or grant the relief requested in the Motion only on terms consistent with this Limited Objection and award Asbury such other or further relief as is just and proper.

Dated:  New York, New York
        November 26, 2008

Respectfully submitted,

**PATTERSON BELKNAP WEBB & TYLER** LLP
Attorneys for Asbury Atlantic, Inc. and Asbury-Solomons, Inc.

By: __s/David W. Dykhouse__
        David W. Dykhouse
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Fax: (212) 336-2222