William J.F. Roll, III
Fredric Sosnick
James L. Garrity, Jr.
Daniel H.R. Laguardia
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

*Attorney for Plaintiff BANK OF AMERICA, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtor. | Chapter 11 Case No.<br><br>08-13555 (JMP)<br><br>(Jointly Administered) |
| In re<br><br>LEHMAN BROTHERS SPECIAL FINANCING INC.,<br><br>Debtor. | Chapter 11 Case No.<br><br>08-13888 (JMP) |
| BANK OF AMERICA, N.A.,<br><br>Plaintiff,<br>v.<br>LEHMAN BROTHERS SPECIAL FINANCING INC. and LEHMAN BROTHERS HOLDINGS INC.,<br><br>Defendants. | Adv. Proc. No. 08-____ |

**ADVERSARY COMPLAINT**

Plaintiff BANK OF AMERICA, N.A. ("BofA"), for its complaint against defendants LEHMAN BROTHERS SPECIAL FINANCING INC. ("LBSF") and LEHMAN BROTHERS HOLDINGS INC. ("LBHI"), alleges through its undersigned counsel as follows:

## NATURE OF THE ACTION

1.  This is an action for declaratory relief, in which BofA seeks a judgment declaring (a) that it properly exercised its right to partially set off amounts owed to it by LBSF and LBHI against approximately $509 million deposited by LBSF's guarantor, LBHI, in BofA accounts 40xxx1; 6550xxx465; 6550xxx536; 7009xxx536; 6014xxx58013; 6064xxx05010; 1233xxx459 (the "Accounts"), and (b) that such setoff was not in violation of the automatic stay arising by reason of 11 U.S.C. § 362(a) (the "Automatic Stay"). Alternatively, if this Court finds that such setoff cannot be effected without relief from the Automatic Stay, BofA seeks a judicial declaration that it is entitled to such relief for the purpose of exercising such setoff.

## THE PARTIES

2.  Plaintiff BofA is a national banking association organized and existing under the laws of the United States of America.

3.  Defendant LBHI is a corporation organized and incorporated under the laws of Delaware. It is registered to do business in this State and has its principal business address at 745 Seventh Avenue, New York, NY 10019. On September 15, 2008, LBHI filed a petition in the United States Bankruptcy Court for the Southern District of New York seeking relief under Chapter 11 of the United States Bankruptcy Code (the "Filing"), and since that date it has operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Code.

4.  Defendant LBSF is a corporation organized and incorporated under the laws of Delaware. It is registered to do business in this State and has its principal business address at 745 Seventh Avenue, New York, NY 10019. LBSF is a subsidiary of LBHI. On October 3, 2008, LBSF filed a petition in the United States Bankruptcy Court for the Southern

District of New York seeking relief under Chapter 11 of the United States Bankruptcy Code, and since that date it has operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## JURISDICTION AND VENUE

5. This is a civil proceeding arising in a case under the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, within the meaning of 28 U.S.C. § 1334. It is properly brought as an adversary proceeding pursuant to Bankruptcy Rule 7001.

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and § 1334(b).

7. This is a core proceeding under 28 U.S.C. § 157(b).

8. Venue is proper in this district under 28 U.S.C. § 1409.

## FACTUAL ALLEGATIONS

A. **The Relevant Contracts and Principal Terms**

9. BofA and LBSF entered into an ISDA Master Agreement (Multicurrency-Cross Border) dated as of October 31, 1996 (the "Master Agreement"). The Master Agreement governs the swap transactions executed between the two parties. A true and correct copy of the Master Agreement is attached hereto as Exhibit "A."

10. Pursuant to the Schedule to the Master Agreement, LBHI is designated as "Credit Support Provider" to LBSF. (Master Agreement § 14; Schedule to the Master Agreement at Part 4(g).)

11. In connection with the Master Agreement, LBHI (the "Guarantor") issued a guarantee to BofA (the "Guarantee") in which LBHI agreed unconditionally to guarantee the due and punctual payment of all amounts payable by LBSF to BofA under the Master Agreement. A true and correct copy of the Guarantee is attached hereto as Exhibit "B."

3

12. LBHI's Guarantee provided credit support and a credit enhancement to LBSF for the swap transactions with BofA and was essential as an inducement for BofA to trade with, or enter into transactions with, LBSF.

13. Under the Master Agreement, an Event of Default occurs, *inter alia*, when one of the parties, or any "Credit Support Provider" of a party "becomes insolvent or is unable to pay its debts or fails or admits in writing its inability generally to pay its debts as they become due", "institutes [or has instituted against it] a proceeding seeking a judgment of insolvency or bankruptcy or any other relief under any bankruptcy or insolvency law or other similar law affecting creditors' rights" or "seeks or becomes subject to the appointment of an administrator, provisional liquidator, conservator, receiver, trustee, custodian or other similar official for it or for all or substantially all its assets." (Master Agreement § 5(a)(vii)(2), (4), (6).)

14. Upon the occurrence of an Event of Default, the non-defaulting party may designate an Early Termination Date in respect of all outstanding transactions under the Master Agreement. (Master Agreement § 6(a).)

B. **BofA's Claims Against Lehman and the Instant Dispute**

15. On September 15, 2008, LBHI filed a petition in the United States Bankruptcy Court for the Southern District of New York seeking relief under Chapter 11 of the United States Bankruptcy Code.

16. Because LBHI is a designated Credit Support Provider to LBSF, the Filing constituted an Event of Default under section 5(a)(vii) of the Master Agreement, and LBSF became a Defaulting Party.

17. On the day of the Filing, BofA sent to LBSF a notice (a) designating that date, September 15, 2008, as the Early Termination Date in respect of all outstanding

4

transactions pursuant to section 6(a) of the Master Agreements and (b) demanding the immediate return of all collateral provided by BoA in support of the transactions.

18. At the time, LBSF held about $360,000,000 of BofA's posted collateral.

19. In accordance with the provisions of the Master Agreement, BofA then calculated the amount payable by LBSF to BofA in respect of all of the terminated transactions under the Master Agreement. That amount (the "Termination Amount") exceeds $509,304,584.29, the aggregate amount that was in the Accounts at the time BofA exercised its setoff rights (as described below).

20. On November 10, 2008, BofA sent a statement to LBSF and LBHI in which BofA provided details of its calculations and demanded the payment of the Termination Amount, together with accrued interest and related expenses.

21. BofA also, pursuant to the terms of the Master Agreement and Guarantee, submitted a written demand under the Guarantee (the "Guarantee Demand") for payment by LBHI of the Termination Amount, together with interest thereon and legal fees and expenses payable under the Master Agreement (the Termination Amount, together with the Default Interest and the Legal Fees, the "Master Agreement Termination Value").

22. Neither LBHI nor LBSF has disputed that there was an Event of Default, that BofA was entitled to the return of its collateral, or that BofA is owed the Termination Amount or the Master Agreement Termination Value. But neither entity has paid BofA any of that money, nor did LBSF pay BofA any of the money owed to BofA during the nearly three-week period between LBHI's bankruptcy filing and LBSF's subsequent bankruptcy filing, or as of the date of the filing of this complaint.

23. BofA notified LBHI that, effective as of November 10, 2008, BofA would partially set off the amount owed to it by LBSF and LBHI against the amount of $509,304,584.29, which was the aggregate amount held by BofA in the Accounts for LBHI's benefit.

24. BofA exercised its setoff right against the funds in the Accounts, and that setoff was applied to reduce the amount owed to BofA.

25. On November 21, 2008, LBHI advised BofA of its position that (a) BofA had no valid setoff right against the funds in the Accounts and (b) BofA's set off of funds in the Account violated the Automatic Stay. LBHI demanded immediate return of the funds in the Accounts, with interest.

26. BofA has taken the funds in the Accounts pursuant to its rights to set off amounts that LBSF and LBHI owe to BofA in connection with swap transactions between BofA and LBSF. This setoff right is expressly excepted from the Automatic Stay and, therefore, BofA's actions did not violate the Automatic Stay.

C. **Right to Setoff**

27. LBSF and LBHI owe BofA more than the amount in the Accounts in connection with swap transactions entered into among the parties.

28. BofA has a right of setoff against the funds in the Accounts under common law and under the statutory law of New York, including without limitation New York Debtor and Creditor law section 151.

29. The common-law right to set off pre-petition mutual debts and credits between a debtor and its creditors is preserved pursuant to 11 U.S.C. § 553. Specifically, section 553 provides: "Except as otherwise provided in this section and in sections 362 and 363 of this title [11 U.S.C. §§ 362 and 363], this title does not affect any right of a creditor to offset a

mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title [11 U.S.C. §§ 101 *et seq.*] against a claim of such creditor against the debtor that arose before the commencement of the case . . . ."

30. The claims made under the Master Agreement and Guarantee arose before LBHI's filing and the amounts in the LBHI Accounts were deposited there before its filing.

31. Furthermore, BoA's setoff was not barred by the Automatic Stay because, among other reasons, it falls within an explicit exception to the Automatic Stay provided by section 362(b) of the Bankruptcy Code. Specifically, section 362(b)(17) excepts from the Automatic Stay

> the exercise by a swap participant or financial participant of any contractual right (as defined in section 560 [11 U.S.C. § 560]) under any security agreement or arrangement or other credit enhancement forming a part of or related to any swap agreement, or of any contractual right (as defined in section 560 [11 U.S.C. § 560]) to offset or net out any termination value, payment amount, or other transfer obligation arising under or in connection with 1 or more such agreements, including any master agreement for such agreements.

32. The term "contractual right" as defined in section 560 of the Bankruptcy Code, and made applicable to section 362(b)(17), includes common law rights of setoff.

33. BofA is a "financial institution" and "financial participant" as each term is defined in, respectively, section 101(22) and section 101(22A) of the Bankruptcy Code.

34. BofA is also a "swap participant" as defined in section 101(53C) of the Bankruptcy Code.

35. The Master Agreement is a "swap agreement" as defined in section 101(53B) of the Bankruptcy Code.

36. The Guarantee is a credit enhancement forming a part of or related to a swap agreement.

7

## FIRST CAUSE OF ACTION
(Declaratory Judgment – Propriety of Setoff)

37.     BofA repeats and incorporates the allegations in paragraphs 1 through 36 as if set forth fully herein.

38.     A substantial and actual controversy exists between BofA and LBHI as to (a) whether BofA had a right of setoff against the funds in the Accounts, and (b) whether exercise of such right was a violation of the Automatic Stay.

39.     A declaration of the rights and legal relations of the parties with respect to the Accounts is required to clarify and settle the legal issues involved and, in particular, to confirm that BofA properly exercised a right of setoff and did not violate the Automatic Stay in doing so, and is entitled to retain the funds.

40.     Resolution of this issue will provide certainty to the parties to this adversary action and to others as LBHI liquidates.

41.     Pursuant to 28 U.S.C. § 2201 and Fed. R. Bankr. P. 7001, this Court should issue judgment declaring that BofA properly applied its right to set off the funds in the Accounts against the moneys owed to it by LBSF and LBHI, and that it did not violate the Automatic Stay by doing so, and granting such other and further relief as may be necessary to enforce BofA's ownership rights in the funds.

## SECOND CAUSE OF ACTION
(Relief from the Automatic Stay under Section 362(d))

42.     BofA repeats and incorporates the allegations in paragraphs 1 through 36 as if set forth fully herein.

43.     In the alternative, if this Court were to find that BofA may not assert a right of setoff against the funds in the Accounts without relief from the Automatic Stay, BofA

8

requests a judicial declaration that such relief is appropriate and that BofA is entitled to such relief to effect such setoff. The reasons BofA is entitled to such relief include those set forth in the following paragraphs.

44. Pursuant to 11 U.S.C. § 506(b), BofA's valid right of setoff constitutes a secured claim.

45. The debtors have not provided BofA with adequate protection on account of its secured claim.

46. The debtors lack equity in the funds because BofA's claims against LBHI exceed the amount of the funds that were in the Account.

47. On information and belief, the funds are not necessary to an effective reorganization of LBHI or LBSF.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff BofA prays for relief and respectfully requests that the Court enter judgment in its favor as follows:

a) Declaring that BofA properly exercised a valid right to set off the funds in the Accounts against the moneys owed to it by LBSF and LBHI, and that BofA did not violate the Automatic Stay by doing so; or, in the alternative,

b) Declaring that BofA is entitled to relief from the Automatic Stay for the purpose of exercising its right to such setoff and granting such relief; and

c) Granting BofA such other and further relief as the Court finds just and proper.

Dated: New York, New York
November 26, 2008

SHEARMAN & STERLING LLP

By: /s/ William J.F. Roll, III
William J.F. Roll, III
Fredric Sosnick
James L. Garrity, Jr.
Daniel H.R. Laguardia

599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Fax: (212) 848-7179

*Attorneys for Plaintiff BANK OF AMERICA, N.A.*