**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Mark A. Broude (MB-1902)
Email: mark.broude@lw.com

*Counsel for NetApp, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS INC., , *et al*., | ) ) | Case No. 08-13555 (JMP) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**LIMITED OBJECTION OF NETAPP, INC. TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS**

NetApp, Inc. ("NetApp"), by and through its counsel, hereby files this *Limited Objection of NetApp, Inc. to the Debtors' Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts* (the "Objection"). In support of this Objection, NetApp respectfully states as follows:

**BACKGROUND**

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), commenced with this

Court voluntary cases under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures ("the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

4. NetApp entered into that certain Confirmation dated July 4, 2008, as amended and supplemented (the "Warrant Confirmation") evidencing an Issuer Warrant Transaction (Ref. No. 3871841) with Lehman Brothers OTC Derivatives Inc. ("Dealer").

5. On November 13, 2008, Debtors filed a *Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts* (the "Motion").  The Motion seeks Court approval of (i) procedures for the Debtors to assume and assign derivative contracts, including the resolution of cure amounts, and (ii) procedures to process settlement agreements that may establish termination payments and the return of collateral and/or property under terminated derivative contracts.

6.     Pursuant to the Motion the Debtors seek Court approval of certain "Assumption and Assignment Procedures" that allow the Debtors to assume and assign derivative contracts, many of which have counterparties who are "out of the money," and thus the assumption and assignment of these contracts would result in consideration for the Debtors' estates. The Assumption and Assignment Procedures listed in the Motion provided for very limited grounds[1] on which a counterparty may object to the proposed contract assignment.

## BASES OF OBJECTION

**I.     The Relief Requested by Debtors in the Motion Should Not Be Granted As to NetApp to the Extent That Transfer of the Warrant Confirmation Results in a Conflict with the Securities Representations in the Legend**

7.     Pursuant to the legend in the Warrant Confirmation, Dealer and NetApp each represented that the warrants issued pursuant to the Warrant Confirmation "were originally issued in a transaction exempt from registration under the United States Securities Act of 1933 … and the warrants may not be offered, sold, or otherwise transferred except pursuant to a registration statement under the Securities Act or an applicable exemption from the registration requirements thereof" (the "<u>Securities Legend</u>").

8.     Further, in Section 8(h) of the Warrant Confirmation, Dealer and NetApp agree that "Dealer may transfer or assign its rights and obligations [under the Warrant Confirmation], in whole or in part, at any time without the consent of [NetApp], subject to the restrictions set forth in the [Securities Legend]."

---

[1] The derivative contract counterparties may only object on the grounds of (i) the proposed cure amount, (ii) the need to cure a default or early termination event with respect to the Debtors, other than a default resulting from the filing of the Debtors' bankruptcy cases or the insolvency of the Debtors or (iii) the proposed assignee's ability to provide adequate assurance of future performance under the contract.

3

9. These provisions present a potential problem in the context of the Debtors' Motion if the Debtors choose to transfer the Warrant Confirmation to a party the result of which is that the assignee is not in compliance with the Securities Legend. If such a transfer were allowed to happen, arguably under the terms of the Warrant Confirmation, NetApp would be in violation of the provisions of the Securities Legend.

10. Allowing the Debtors and any potential assignee to get the benefit of a transfer of the Warrant Confirmation in direct contravention of the terms of the Warrant Confirmation deprives NetApp of the benefit of its contract and is patently unfair and should not be permitted to occur as a result of the Motion. It is one thing to facilitate the Debtors getting the benefit of their bargain through an assignment, it is another to allow the assignee and the Debtors to gain an unintended advantage from the assignment. This problem is exacerbated by the fact that, under the proposed procedures, the Debtors need not identify their proposed assignee if it is a "qualified assignee."

11. NetApp therefore requests that, to the extent the Court allows an assignment of the Warrant Confirmation, the Court order provide that the Debtors cannot transfer the Warrant Confirmation, pursuant to the terms prescribed by the Motion, to an assignee who is not in compliance with the Securities Legend or in a manner that is not in compliance with the Securities Legend.

4

**WHEREFORE,** NetApp respectfully requests that this Court (a) sustain NetApp's objection and the relief requested herein, and (b) grant NetApp such relief that it deems just and proper.

Dated: November 26, 2008
New York, New York

                    **LATHAM & WATKINS LLP**

                    By: /s/ Mark A. Broude
                         Mark A. Broude (MB-1902)
                         885 Third Avenue, Suite 1000
                         New York, New York 10022
                         Telephone: (212) 906-1200

                    *Counsel for NetApp, Inc.*