Hearing Date and Time: December 3, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: November 28, 2008 at 4:00 p.m. (Prevailing Eastern Time)

Jeffrey A. Rosenthal
Zoe Segal-Reichlin
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Wachovia Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Lehman Brothers Holding Inc., *et al*.,<br><br>Debtors. | Chapter 11 Case No.<br>08-13555 (JMP)<br>(Jointly Administered) |

**LIMITED OBJECTION OF WACHOVIA BANK, N.A. TO DEBTORS'**
**MOTION FOR AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE**
**BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR**
**ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS**

Wachovia Bank**,** N.A. ("Wachovia"), by and through its undersigned counsel, hereby submits this limited objection (the "Limited Objection") to the Debtors' Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts, dated November 13, 2008 (Docket No. 1498) (the "Motion").  In support of its Limited Objection, Wachovia respectfully states as follows:

**BASIS FOR OBJECTION**

1.  Generally speaking, Wachovia does not object to the relief requested in the Motion.  Rather, Wachovia's Limited Objection is primarily directed toward the proposed

order (the "Proposed Order") submitted with the Motion insofar as the Proposed Order contains several material ambiguities and does not contain certain protections to avoid unduly prejudicing the rights of the Debtors' counterparties to so-called "derivative contracts."

2. Specifically, Wachovia believes that the Proposed Order outlining the proposed procedures for the settlement or assumption and assignment of prepetition derivative contracts should:

> (i) make clear that it does not apply to validly terminated derivative contracts (and does not revive such derivative contracts);
>
> (ii) make clear that it does not (a) affect the rights of any counterparty to terminate derivative contracts (if not otherwise relinquished) prior to any attempted assignment, or (b) compromise any applicable set-off rights; and
>
> (iii) require notice of not less than ten business days upon all attorneys of record in these proceedings in addition to the last known address of the party receiving the notice and the address provided in the notice provision of the applicable derivative contract or related confirmation, if any.

3. Unless these modifications to the Proposed Order are implemented in accordance with the revised order annexed hereto as Exhibit A, Wachovia respectfully requests that the Court deny the Debtors' Motion.

## BACKGROUND

4. According to the Motion, Lehman Brothers Holding Inc. ("LBHI") and its affiliated debtors in the above referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors") have entered into certain derivative contracts with various counterparties ("Counterparties," and each a "Counterparty"), including with Wachovia and certain of its affiliates, including "securities contracts," "forward contracts," "repurchase agreements," or "swap agreements," in some cases governed by a "master netting agreement," each as defined under the Bankruptcy Code (the "Derivative Contracts," each a "Derivative

2

Contract", and with respect to the Derivative Contracts to which Wachovia or an affiliate is a Counterparty, the "Wachovia Derivative Contracts").

5.  With respect to the majority, if not all, of the Wachovia Derivative Contracts, LBHI serves as the guarantor and other Debtors serve as counterparty.

6.  Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under the Bankruptcy Code.

7.  The majority, if not all, of Wachovia Derivative Contracts have been terminated in accordance with applicable law. The majority, if not all, of those terminated contracts were terminated prior to the filing of bankruptcy petitions by the LBHI subsidiaries who were counterparty to the Wachovia Derivative Contracts.

## THE MOTION

8.  On November 13, 2008, the Debtors filed the Motion, requesting approval of procedures for: (i) "the Debtors' assumption and assignment of derivative contracts, including resolution of cure amounts"; and (ii) "the efficient processing of settlement agreements that may establish termination payments and the return of collateral and/or property under terminated derivative contracts." Motion ¶ 7.

9.  The Motion and Proposed Order are not clear as to whether the Debtors seek their application to validly terminated Derivative Contracts ("Validly Terminated Contracts").

10. While the Motion does not specifically purport to seek authority to assume and assign any Validly Terminated Contracts, the Proposed Order purports to bar a Counterparty's objections "relating to the commencement of a case under the Bankruptcy Code by any of the Debtors," Proposed Order at 3-4, decretal ¶ (e), and further specifies that the

3

"Order is and shall be effective as a determination that, upon assignment of a Derivative Contract pursuant to the Assumption and Assignment Procedures, all defaults, events of default, *and early termination events* pursuant to the applicable Derivative Contract have been cured, that all liabilities arising therefrom have been released and discharged, and that any rights to designate an Early Termination Date have been cured or waived and (ii) the grounds on which Counterparties may object to the assignment of their Derivative Contracts shall be limited as described in subparagraph e of the second decretal paragraph of this Order."  Proposed Order at 6-7 (emphasis added).  Coupled with Proposed Order at 4 decretal ¶ (f) – which provides that if a Counterparty does not properly object to an assignment, an assigned Derivative Contract will persist "in full force and effect for the benefit of the assignee and the Counterparty in accordance with its terms" – the Proposed Order is thus ambiguous with regard to its application to Validly Terminated Contracts.

11. Additionally, while the Motion does not specifically seek to interfere, prior to assumption and assignment, with any termination rights provided in law or contract or any applicable set-off rights, the Proposed Order does not clearly provide that pre-existing termination rights and any applicable set-off rights are not compromised by the Proposed Order.

12. Moreover, the Motion and the Proposed Order seek to establish a notice procedure whereby the Debtors would be required to serve a notice at least five (5) business days prior to any assumption and assignment upon the "Counterparty under each applicable Derivative Contract (and its attorney, if known) at the last known mail address, fax number, or email address available to the Debtors."  Motion, ¶ 19(a); Proposed Order, 3.  The Proposed Order does not mandate that notice also be sent to the address provided in the notice provision of

4

the applicable Derivative Contract or related confirmation, if any, and it is unclear as to which "known" counsel must be served.

## WACHOVIA'S REQUESTED REVISIONS TO THE PROPOSED ORDER

### A. The Proposed Order Should Be Revised to Make Clear That It Does Not Apply To Validly Terminated Derivative Contracts

13. Validly Terminated Contracts are not "executory contracts" as provided under Section 365 of the Bankruptcy Code.[1] Accordingly, to the extent that Derivative Contracts have been validly terminated, they are not assumable by the Debtors and the Proposed Order should not apply to them. The Proposed Order, however, provides insufficient protection to Wachovia for avoiding unnecessary litigation and expense with respect to Validly Terminated Contracts.

14. As there is no reasonable basis to compel parties to Validly Terminated Contracts to nevertheless have to file and litigate objections, Wachovia requests that the Proposed Order be revised (a) to make clear that it does not apply to Validly Terminated Contracts and (b) to require Debtors to withdraw any notice that it learns was sent regarding a Validly Terminated Contract.

---

[1] It is black letter law that validly terminated contracts are not executory contracts as that term is used in Section 365 of the Bankruptcy Code, and cannot be assumed by debtors. See Norton Bankruptcy Law and Practice 2d § 39:6 ("The prevailing standard employed by courts in determining whether a particular contract is executory and, as a consequence, governed by Code § 365 is . . . a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a *material* breach excusing the performance of the other").

**B. The Proposed Order Should Be Revised To Make Clear That It Does Not Affect Termination Rights, Does Not Revive Validly Terminated Contracts, And Does Not Compromise Any Applicable Set-Off Rights**

15.     The Proposed Order fails to provide sufficient protection to Wachovia that the proposed procedures will not compromise any applicable termination rights or set-off rights of any non-terminated Wachovia Derivative Contracts.

16.     Given the recent market turmoil, it is vital that Wachovia and other Counterparties be able to assess with certainty the nature of their contractual relationships, including, among other things, the status of their terminated contracts and termination rights, in order to manage risk and make sound business judgments.

17.     Further, it is well established that the Bankruptcy Code grants a creditor, with certain exceptions, the right to set off claims held against a debtor against claims the debtor has against the creditor.  See Maryland v. Strumpf, 516 U.S. 16, 18 (1995).

18.     While the Motion does not specifically purport to interfere with termination rights prior to assumption and assignment or to seek to infringe upon any applicable set-off rights, the prospect that an ambiguous Proposed Order might be utilized so as to interfere with these rights in any way could inappropriately and unfairly create significant business uncertainty for Wachovia and other Counterparties.  Therefore, Wachovia requests that the Proposed Order be revised to make clear that it does not (a) affect the rights of a Counterparty to issue a termination notice under the terms of the applicable Derivative Contract prior to the consummation of any assignment or (b) compromise any applicable set-off rights.

**C. The Proposed Order Should Have A Longer Notice Period And Modify Who Must Be Served**

19.     The procedures set forth in the Debtors' Motion and Proposed Order provide Wachovia insufficient notice before consummating a proposed assumption and assignment.

20.     Specifically, given the far-flung nature of many Counterparties' operations and the recent market events that severely impacted "institutional knowledge" and the ability of Counterparties, including Wachovia, to respond on an extremely expedited basis, the proposed five business day notice period is inadequate.

21.     For similar reasons, a limited notice provision as set forth in the Proposed Order creates significant risk that the proper personnel will be unaware of the Debtor's proposed actions with enough time to object, if necessary.

22.     In light of the foregoing, the Proposed Order must ensure a robust notice provision.   Wachovia therefore requests that the Proposed Order be revised to clarify that notice will be sent not only to Counterparties at their last known address, but also to their attorneys of record in these proceedings, as well as to any address provided in the notice provision of the applicable Derivative Contract or related confirmation.

23.     Wachovia further requests that the notice period be extended to ten (10) business days.

## **REQUEST FOR RELIEF**

WHEREFORE, for the reasons set forth herein, Wachovia respectfully requests that this Court: (a) deny approval of the Proposed Order; (b) condition approval of the Motion on entry of Wachovia's revised form of Order (annexed hereto as Exhibit A along with a blackline against the Proposed Order); and (c) grant such other and further relief as this Court may deem just or proper.

Dated: New York, New York
       November 26, 2008

>                                   Respectfully submitted,
>
>                                   CLEARY GOTTLIEB STEEN & HAMILTON LLP
>
>
>                                   By:  /s/ Jeffrey A. Rosenthal
>                                        Jeffrey A. Rosenthal
>                                        A Member of the Firm
>
>                                   One Liberty Plaza
>                                   New York, New York 10006
>                                   (212) 225-2000
>
>                                   *Attorneys for Wachovia Bank, N.A.*

Of counsel:

Zoe Segal-Reichlin