TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, NY  10174
Telephone: (212) 704-6000
Facsimile: (212) 704-6288
Hollace T. Cohen, Esq.
Paul H. Deutch, Esq.

*Attorneys for Plaintiff New South*
    *Federal Savings Bank, F.S.B.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 Case |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.* | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

----------------------------------------------------------------------

**NEW SOUTH FEDERAL SAVINGS BANK, F.S.B.'S**
**JOINDER IN ROYAL BANK AMERICA'S LIMITED OBJECTION TO**
**DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105**
**AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES**
**FOR THE SETTLEMENT OR ASSUMPTION AND ASSIGNMENT OF**
**<u>PREPETITION DERIVATIVE CONTRACTS</u>**

New South Federal Savings Bank, F.S.B. ("<u>New South</u>"), by and through its undersigned attorneys, hereby joins in Royal Bank America's Limited Objection to Debtors' Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts (the "<u>Royal Bank Objection</u>"), and states as follows:

1. New South and Lehman Brothers Special Financing, Inc. ("LBSF") are parties to that certain ISDA Master Agreement, dated as of February 16, 1993 (together with the Schedule, dated February 16, 1993, the Credit Support Annex, dated February 16, 1993 (the "Credit Support Annex") and any and all confirmations entered into thereunder, as the same may have been supplemented, modified, amended, restated or replaced from time to time in the manner provided therein, the "Agreement").

2. Since 1993, New South and LBSF have engaged in a series of derivative transactions under and subject to the Agreement.[1]

3. Pursuant to the terms of the Agreement, New South had an obligation to provide collateral to LBSF from time to time to secure its potential obligations to LBSF under the Agreement (defined in the Agreement as the "Posted Collateral"). The Posted Collateral is composed of (i) Cash in the amount of $605,325 (as of August 31, 2008), plus interest accruing at the Interest Rate from August 31, 2008, if any; and (ii) Ginnie Mae bonds in the original face amount of $9,453,894 (the "Bonds"), including any Distributions in respect thereto.

4. Lehman Brothers Holdings Inc. ("LBHI") is designated as a Credit Support Provider under and pursuant to the Agreement. On September 15, 2008, LBHI filed a voluntary petition for relief under chapter 11 of title 11 of the U.S. Code (the "LBHI Petition").

5. The filing of the LBHI Petition constituted an Event of Default under the Agreement inasmuch as it was the institution of a "proceeding seeking a judgment of insolvency or bankruptcy or any other relief under any bankruptcy or insolvency law or other similar law

---

[1] Unless defined herein, all capitalized terms retain the meanings ascribed to them in the Agreement.

affecting creditors' rights" by a Credit Support Provider under Section 5(a)(vii)(4) of the Agreement.

6. By letter dated September 19, 2008 (the "<u>Termination Letter</u>"), New South notified LBSF that the filing of the LBHI Petition caused an Event of Default to arise under the Agreement and gave notice of early termination of all outstanding transactions under the Agreement. In the Termination Letter, New South demanded payment of all amounts due New South as a result of such termination and further demanded the return of any and all Posted Collateral.

7. To date, LBSF has failed to return any of the Posted Collateral to New South, including any Distributions that are due to New South since September 15, 2008.

8. Based on the foregoing, and the concerns raised by Royal Bank with respect to the failure of the proposed termination and settlement procedures to acknowledge, among other things, the rights of the non-defaulting counterparties under their respective Derivative Contracts, New South hereby joins in the Royal Bank Objection to the extent it requests that the following language be added to any Order authorizing the procedures proposed by the Debtor (¶ 38 of the Royal Bank Motion):

> "Nothing in this order shall be construed to supersede, suspend or otherwise interfere with (i) the legal and contractual rights of parties to terminated Derivative Contracts, to the extent such legal and contractual rights are enforceable in the Debtors' cases under the Bankruptcy Code (the "Enforceable Rights"); and (ii) the commencement or continuation of any civil proceeding by any

party to a terminated Derivative Contract with respect to such party's Enforceable Rights, including, without limitation, any such adversary proceeding commenced or pending in this Court."

Dated: New York, New York
November 26, 2008

Respectfully submitted,

TROUTMAN SANDERS LLP

By:  __/s/  Paul H. Deutch____
    Hollace T. Cohen
    Paul H. Deutch
    The Chrysler Building
    405 Lexington Avenue
    New York, New York  10174
    (212) 704-6000

    *Attorneys for New South Federal*
        *Savings Bank, F.S.B.*

-4-

STATE OF NEW YORK   )
                                                 )   s.s.:
COUNTY OF NEW YORK   )

Harriet E. Cohen, being duly sworn, deposes and says:

I am not a party to this action, I am over the age of twenty-one years and I reside in Queens, New York.

On November 26, 2008 I served a copy of the foregoing document upon the parties listed on the Service List annexed hereto via Federal Express Priority Overnight Service.

                                                       /s/ Harriet E. Cohen
                                                         Harriet E. Cohen

Sworn to before me this
26th day of November, 2008

    /s/ Anthony Cardillo
       Notary Public

Anthony Cardillo
Notary Public, State of New York
No. 03-486-0234
Qualified in Bronx County
Commission Expires March 18, 2010

**SERVICE LIST**

Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn:   Lori R. Fife, Esq.
        Robert J. Lemons,Esq.


Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY 10178
Attn:   Steven J. Reisman, Esq.
        L.P. Harrison III, Esq.


Office of the Untied States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004
Attn:   Andy Velez-Rivera, Esq.
        Paul Schwartzberg, Esq.
        Brian Masumoto, Esq.
        Linda Riffkin, Esq.
        Tracy Hope Davis, Esq.


Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York,. NY 10005
Attn:   Dennis F. Dunne, Esq.
        Dennis O' Donnell, Esq.
        Evan Fleck, Esq.