K&L GATES LLP  　　　　　　　　　　　　　　　Hearing Date: December 3, 2008 at 10:00 a.m.
Jeffrey N. Rich, Esq.
Kristin S. Elliott, Esq.
599 Lexington Avenue
New York, NY 10022
(212) 536-3900

Attorneys for USAA High-Yield Opportunities Fund

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
                                                          :
In re                                                     :    Chapter 11
                                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                  :    Case No. 08-13555 (JMP)
                                                          :
                                                          :    (Jointly Administered)
                                           Debtors.       :
                                                          :
------------------------------------------------------------------------x

### OBJECTION OF USAA HIGH-YIELD OPPORTUNITIES FUND TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION OR REJECTION OF OPEN TRADE CONFIRMATIONS

USAA High-Yield Opportunities Fund (the "USAA") hereby objects to the Debtors'

Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the

Assumption or Rejection of Open Trade Confirmations (the "Motion"), and respectfully

states as follows:

### BACKGROUND

1.　　On September 15, 2008 (the "Filing Date"), and periodically

thereafter, Lehman Brothers Holdings Inc. and certain of its subsidiaries (collectively, the

"Debtors"), including Lehman Commercial Paper, Inc. ("LCPI"), filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code.

NY-650484 v3

2. Pursuant to 11 U.S.C. §§ 1107 and 1108, the Debtors continue to operate their businesses and manage their property as debtors in possession.

3. On or about September 4, 2008, USAA and LCPI entered an LSTA Distressed Trade Confirmation (the "Trade Confirm") for the sale by LCPI of a loan made by certain lenders to Hawaiian Telecom (the "HT Loan") to USAA (the "Trade").[1]

4. The Trade is subject to the Loan Syndications and Trading Association's ("LSTA") Standard Terms and Conditions for Distressed Trade Confirmations (the "LSTA Terms and Conditions").[2]

5. Pursuant to the LSTA Terms and Conditions, the Trade was to settle within twenty (20) business days, i.e. by October 2, 2008.

6. LCPI breached its obligation by failing to settle the Trade on or about October 2, 2008.

7. Since October 2, 2008, when the HT Loan was trading at approximately 71.786% per $1,000,000 face amount, the market price for the HT Loan has fallen, and is now approximately 40% per $1,000,000 face amount.

8. In the Motion, the Debtors seek authority to assume the Trade pursuant to 11 U.S.C. § 365. The Debtors, however, fail to make any provision to cure and/or compensate USAA for damages suffered as a result of LCPI's failure to settle the Trade on a timely basis and instead seek a determination that USAA is obligated to pay the Debtors the full purchase price stated in the Trade Confirm, without any setoff or

---

[1] In light of the confidential nature of the Trade Confirm, a copy of the Trade Confirm is not attached to this Objection but will be provided to the Court in camera at the hearing on the Motion.

[2] A copy of the LSTA Terms and Conditions is attached as Exhibit A to the Declaration of Kristin S. Elliott, filed simultaneously herewith.

credit to reflect the decline in value USAA will be forced to suffer as a result of LCPI's delay.

**OBJECTION**

9.      Section 365 of the Bankruptcy Code governs a debtor's ability to assume and assign executory contracts. Pursuant to section 365(b)(1) of the Bankruptcy Code,

> [i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease the trustee—
>
> (A)  cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
>
> (B)  compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C)  provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

10.     As a result of LCPI's breach of its obligation to timely settle the Trade by October 2, 2008, USAA has suffered, and will continue to suffer, damages from the decline in the market value of Hawaiian Telecom debt.

11.     If LCPI intends to assume the Trade, section 365 of the Bankruptcy Code requires it to compensate USAA for this loss in market value. 11 U.S.C. § 365(b)(1)(B). Absent such compensation, the Debtors essentially will be allowed to shift the cost of their delay to USAA, which is an inequitable result that the

- 3 -

Court should not allow.[3]

12.     Accordingly, the Court should order that any assumption of the Trade be subject to USAA's right to a credit against the purchase price to reflect the difference in the market value of Hawaiian Telecom debt on October 2, 2008 and the date on which the Trade ultimately settles.

WHEREFORE, USAA respectfully requests the Court limit the relief requested in the Motion as set forth herein and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York           Respectfully submitted,
       November 26, 2008

                                    K&L GATES LLP


                                    By:     /s/ Jeffrey N. Rich
                                         Jeffrey N. Rich
                                         A Member of the Firm
                                    599 Lexington Avenue
                                    New York, NY  10022
                                    (212) 536-3900 (telephone)
                                    (212) 536-3901 (facsimile)

                                    Attorneys for USAA High-Yield
                                    Opportunities Fund

---

[3] USAA also notes that the LSTA Terms and Conditions provide for the payment of "Delay Compensation" when a trade fails to close within twenty (20) business days. See Elliott Decl., Ex. A (LSTA Terms and Conditions) at § 6. Pursuant to Section 6 of the LSTA Terms and Conditions, in such circumstance, a buyer is entitled to receive credit for any interest and fees (and, if applicable, adequate protection payments) that accrue on the underlying debt during the delay period, and a seller is entitled to interest from the buyer (at the Average LIBO Rate) on the outstanding purchase price. Given that it is the Debtors' delay and failure to timely close the Trade that has damaged USAA, USAA submits that, if the Trade is assumed, USAA should not be obligated to pay interest to LCPI and, in addition to curing the damages resulting from a decline in the market value of the debt, it also should receive any interest and fees that have accrued on the underlying Hawaiian Telecom debt since October 2, 2008.