Richard J. Bernard (RB 6371)  
Elyssa S. Kates (EK 8439)  
BAKER & HOSTETLER LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  

Hearing Date: December 3, 2008  
Hearing Time: 10:00 a.m. (Eastern Time)

-and-

Donald Workman (DW 4006)  
BAKER & HOSTETLER LLP  
Washington Square, Suite 1100  
1050 Connecticut Avenue, N.W.  
Washington, D.C. 20036-5304  
Telephone: (202) 861-1500  
Facsimile: (202) 861-1783  

Attorneys for Creditor  
Linn Energy, LLC

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Case No. 08-13555 (JMP)<br><br>Chapter 11<br><br>Jointly Administered |

**LINN ENERGY, LLC'S LIMITED OBJECTION TO AND RESERVATION OF RIGHTS FROM DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS**

Linn Energy, LLC ("Linn"), by and through undersigned counsel, for its objection (the "Objection") to the Debtors' Motion for an Order Pursuant to Sections 105 and 365 of the

102571277.2

Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts (the "Motion"), respectfully asserts as follows:

## PRELIMINARY STATEMENT

1. Linn entered into an International Swap Dealers Association, Inc. ("ISDA") Master Agreement Dated as of July 11, 2006 (together with all schedules, annexes and definitions, as amended and supplemented from time to time, the "Agreement") with Lehman Brothers Commodity Services Inc. ("Commodity Services"), which Linn terminated prior to Commodity Services' bankruptcy filing. The obligations of Commodity Services under the Agreement were unconditionally guaranteed by Lehman Brothers Holdings Inc. ("Holdings"), which filed its petition prior to the termination of the Agreement.

2. Linn objects to the Motion to the extent the Debtors seek to re-write contracts, including the Agreement, which is not authorized under well settled precedent and deprive counterparties ("Counterparties") to terminated agreements of their bargained-for rights. Linn also objects to the Motion to the extent that the Debtors assert that Linn's termination of the Agreement was ineffective or improper, the Debtors seek to revive the Agreement, or that the Agreement is not subject to the Bankruptcy Code's Safe Harbor Provisions. Linn, in accordance with the terms of the Agreement, has terminated the Agreement and all outstanding transactions under the Agreement and re-hedged its positions.

## FACTS

3. On or about July 11, 2006, Linn and Commodity Services entered into the Agreement. Pursuant to the Agreement, Linn and Commodity Services agreed to enter, and did enter, into certain derivative transactions.

4. Holdings guaranteed performance under the Agreement.

5. Under the Agreement, after the occurrence of an Event of Default, the non-defaulting party becomes entitled to declare an "Early Termination Date" with respect to all outstanding derivative transactions. Linn has setoff rights pursuant to the Agreement.

6. An Event of Default occurs under the Agreement when, among other things, a party or guarantor files for bankruptcy. Thus, the bankruptcy filing of Holdings constituted an Event of Default under the Agreement which entitled Linn to both terminate the Agreement and exercise its rights to setoff. The bankruptcy filing of Commodity Services constituted an additional Event of Default under the Agreement.

7. By letter dated September 16, 2008 and hand-delivered to Commodity Services at 1:10 p.m. on September 17, 2008, Linn, as the non-defaulting party, properly notified Commodity Services and Holdings that one or more Events of Default occurred, and that September 17, 2008 was designated as the Early Termination Date for all outstanding derivative transactions.

8. All outstanding derivative transactions under the Agreement have been closed and re-hedged and Linn has given notice that the amount of loss payable by Commodity Services to Linn is not less than $67,614,109.00.

**OBJECTION**

9. The Motion seeks to establish two sets of relief, one for the assumption and assignment of non-terminated agreements, and one for the settlement of terminated agreements. As set forth above, all of the trades under the Agreement have been closed. Accordingly, the Debtors may not assume or assign the Agreement. Thus, Linn objects to the Motion to the extent that the Agreement is not treated as terminated and proposes that any order entered by the Court specify that the Agreement is terminated.

10. With respect to the portion of the Motion addressing settlement of terminated agreements, Linn objects to the Motion because it proposes to give the Debtors the right to use procedures which will abrogate Linn's bargained for contractual rights, including Linn's setoff rights, without providing Linn with sufficient protections.[1]

11. The Debtors invoke no authority other than section 105 to support their argument that they are entitled to alter Linn's contractual rights. However, there is nothing in section 105 which permits the relief the Debtors are seeking.

12. Section 105 "does not allow the bankruptcy court 'to create substantive rights that are otherwise unavailable under applicable law.'" Deutsche Bank AG v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.), 416 F.3d 136, 142 (2d Cir. 2005) (quoting New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.), 351 F.3d 86, 92 (2d Cir. 2003)). "Any 'power … under § 105 must derive ultimately from some other provision of the Bankruptcy Code.'" Id. (quoting Douglas G. Baird, *Elements of Bankruptcy* 6 (3d ed. 2001)); see also Smart World Techs., LLC v. Juno Online Services, Inc. (In re Smart World Techs., LLC), 423 F.3d 166, 184 (2d Cir. 2005) (Citing Dairy Mart, the Second Circuit stated that section 105 is "inapplicable where no provision of the Bankruptcy Code could be invoked to support [the movants'] claim for relief."); In re River Center Holdings, LLC, 394 B.R. 704, 711-12 (Bankr. S.D.N.Y. 2008). Here, the Debtors are unable to cite any independent authority in the Bankruptcy Code which would entitle them to the relief they are seeking. Thus, the Debtors' section 105 argument must fail.[2]

---

[1] Linn also objects to the Motion because it proposes to implement insufficient notice procedures which do not give counterparties sufficient time to respond, nor do the procedures specify the manner in which the Debtors are required to provide notice.

[2] Moreover, the orders entered by courts in this jurisdiction which were cited by the Debtors in support of their position actually support Linn's position that no order should be entered without protection of its rights. The orders entered in both the Enron and NRG Energy, Inc. cases specifically provide that the protocols "shall not limit the

13.     In addition to lacking a basis for their position under section 105, the Debtors proposed procedures constitute an impermissible attempt to re-write the Agreement. Courts "will enforce unambiguous commercial agreements that are entered into between sophisticated parties…" and will not re-write the contract. Enron Power Marketing, Inc. v. City of Santa Clara (In re Enron Power Marketing, Inc.), 2003 WL 68036 at * 5 (Case No. 01-cv-7964, S.D.N.Y. Jan. 8, 2003); Seawind v. Creed Taylor, Inc. (In re Creed Taylor, Inc.), 10 B.R. 265, 267 (Bankr. S.D.N.Y. 1981) (Enforcing contract against reorganized debtor because California law, like New York law, requires the enforcement of unambiguous contracts.).

14.     To avoid the misuse of the procedures and to protect Linn's rights, including its setoff rights, Linn seeks the addition of language to the proposed order which would make any procedures without prejudice to the legal and contractual rights of Linn, and all other counterparties who are similarly situated. Linn proposes that the following language be added to any order approved by the Court:

> "Nothing in this Order or in the Procedures shall alter, modify or limit in any way the terms of the Derivative Contracts, nor shall this Order or the Procedure limit the rights of the Debtors (except as otherwise provided in the Procedure) or any counterparty to the Derivative Contracts, the relevant provisions of the Bankruptcy Code, or otherwise. Nothing in this Order shall supersede, suspend or otherwise interfere with the commencement or continuation of any civil proceeding by a counterparty to a Derivative Contract with respect to such party's enforceable rights, including, without limitation, any adversary proceeding to be commenced in this Court."

---

rights … [of] any counterparty…" to the agreements at issue.

102571277.2                                              - 5 -

## JOINDER AND RESERVATION OF RIGHTS

15. Linn reserves all rights and its suggested changes to the proposed order should not be construed as an admission or a waiver of any rights or claims that Linn may be entitled to assert.

16. Linn hereby joins in the objections of Royal Bank America, FPL Energy Power Marketing, Inc., Florida Power & Light Company, Bayview Financial, L.P., Bayview Opportunity Master Fund, L.P., GoldenTree Asset Management, LP, and Wellmont Healthcare Systems, and reserves its rights to join in any other objections or responses which may be filed.

Dated: November 26, 2008                              Respectfully submitted,

*/s/ Elyssa S. Kates*
Richard J. Bernard (RB 6371)
Elyssa S. Kates (EK 8439)
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone:    (212) 589-4200
Facsimile:    (212) 589-4201

-and-

Donald Workman (DW 4006)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
Telephone: (202) 861-1500
Facsimile: (202) 861-1783

Attorneys for Creditor
Linn Energy, LLC