SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Jay Goffman

Attorneys for H/2 Credit Partners Master Fund Ltd.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
                                                               :
In re LEHMAN BROTHERS                  :    Chapter 11
    HOLDINGS INC., et al.,             :    Case No. 08-13555 (JMP)
                                                               :
            Debtors.                   :
                                       :    (Jointly Administered)
---------------------------------------------------------------:

**OBJECTION OF H/2 CREDIT PARTNERS MASTER FUND LTD TO DEBTORS'
MOTION FOR AN ORDER PURSUANT TO SECTION 365 OF THE BANKRUPTCY
CODE APPROVING THE ASSUMPTION TO PROPOSED ASSUMPTION AND
<u>ASSIGNMENT OF OPEN TRADE CONFIRMATIONS</u>**

       H/2 Credit Partners Master Fund Ltd. ("H/2 Credit Partners") respectfully submits this objection (the "Objection") to the Debtors' Motion For An Order Pursuant To Section 365 Of The Bankruptcy Code Approving The Assumption To Proposed Assumption And Assignment Of Open Trade Confirmations (the "Assumption and Rejection Motion") [Docket No. 1541], and in support thereof represent as follows:

## BACKGROUND

1. Commencing on September 15, 2008 (the "Petition Date") and periodically thereafter, Lehman Brothers Holding Inc. and certain of its subsidiaries, including Lehman Commercial Paper Inc. ("LCPI"), commenced with this Court voluntary cases under chapter 11 the Bankruptcy Code (collectively, the "Debtors"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On November 5, 2008, the Court approved a Revised Stipulation and Agreed Order Resolving Motion to Compel (the "Stipulation") with a group of counterparties to certain of LCPI's open trade confirmations (the "Open Trade Confirmations"), pursuant to which the Debtors agreed, *inter alia*, (i) to notify counterparties to all open trade confirmations whether the Debtors would seek to assume, assume and assign, or reject such Open Trade Confirmations by November 7, 2008 or December 5, 2008, (ii) to file with the Court a motion to assume, assume and assign, or reject such Open Trade Confirmations on or before November 16, 2008, and (iii) to request that such motion be heard by the Court at the Omnibus Hearing currently scheduled for December 3, 2008 [Docket No. 4000].

3. On November 14, 2008, the Debtors filed the Assumption and Rejection Motion seeking the assumption and rejection of Open Trade Confirmations. The Assumption and Rejection Motion identifies two purported trades with H/2 Credit Partners: (1) the first

purported trade is listed on Exhibit A[1] to the Assumption and Rejection Motion as an Open Trade Confirmation to be assumed and (2) the second trade is listed on Exhibit B[2] to the Assumption and Rejection Motion as an Open Trade Confirmation to be rejected (collectively, the "H/2 Purported Trade Confirmations").  In addition, the Debtors identify a second trade to be rejected trade on Exhibit B[3] (the "Wimar Trade").  H/2 Credit Partners objects only to the H/2 Purported Trade Confirmations, and does not object to the rejection of the Wimar Trade.

## ARGUMENT

I. **The H/S Purported Trade Confirmations are Not Executory Contracts**

      4.      Section 365 of the Bankruptcy Code provides that a debtor may assume or reject an executory contract.  By definition, before this section can apply, there must be a contract.  As explained below, neither of the H/2 Purported Trade Confirmations constitutes a contract.

      5.      As the Debtors describe in the Assumption and Rejection Motion, the Debtors were active in the secondary loan market for both par and distressed commercial loans.  As such, the Debtors are aware that agreements to buy or sell loans only become binding executory contracts (i) upon execution of a trade confirmation containing all of the relevant terms or (ii) under Section 5-701 of the General Obligation Law of the State of New York, when parties orally or otherwise agree to and evidence their assent to the essential terms of the trade.

---

[1] This purported trade is identified on page 3 of Exhibit A to the Assumption and Rejection Motion as follows: (1) the Deal Name is "Suncal – LBREP/L – Suncal Master I LLC"; (2) the customer is "H/2 Capital Partners (Master)"; and (3) the purported Trade Date is 9/15/08.

[2] This purported trade is identified on page 3 of Exhibit B to the Assumption and Rejection Motion as follows: (1) the Deal Name is "Ventas Realty, LTD Prtship A&R 4/26/08"; (2) the Customer is "H/2 Capital Partners (Master)"; and (3) the purported Trade Date is 9/15/08.

[3] This Open Trade Confirmation is identified on page 3 of Exhibit B to the Assumption and Rejection Motion as follows: (1) the Deal Name is "Wimar Landco, LLC [01/03/2007]"; (2) the Customer is "H/2 Capital Partners (Master)"; and (3) the Trade Date is 5/12/08.

6. In this case, neither of these events occurred. Although H/2 Credit Partners had discussions about the purchase and sale of a group of loans, those discussions always involved the entire group of loans as a package, and not individual loans. Unfortunately, those discussions never resulted in any agreement between H/2 Credit Partners and the Debtors. As reflected in correspondence from H/2 Credit Partners to the Debtors, the H/2 Purported Trade Confirmations were part of a proposal that included "all or none" of the loans – and were not being sold separately. In addition, the proposal required the Debtors to return all cash which had been posted by H/2 Credit Partners with respect to these loans. The H/2 Purported Trade Confirmations were not confirmed trades.

7. Without question, there was never the requisite offer, acceptance, consideration, and a meeting of the minds on all material terms, much less a final, fully executed biding agreement. See e.g., N.F.L. Ins. Ltd. by Lines v. B & B Holdings, Inc., 874 F.Supp. 606 (S.D.N.Y. 1995) ("On the current record, there is no room to conclude other than that there was no meeting of the minds, manifested by an assent to mutually agreeable contract terms, and that there was no mutual assent and intent to be bound."); In re Nemko, Inc., 163 B.R. 927 (Bankr. E.D.N.Y. 1994) (Because an "overall agreement" between the parties was never reached, an "overall" executory contract between the debtor and the counterparty did not exist on the day the debtor filed its petition in bankruptcy).

8. It appears that in all of the confusion surrounding the Debtors' chapter 11 filings, someone at the Debtors has inexplicably cherry picked the two H/2 Purported Trade Confirmations which were discussed as part of a potential "all or none" sale package, and attempted to treat these as fully executed contracts (while ignoring all the other elements of the proposed package, including the Debtors' requirement to return all the cash posted by H/2 Credit

4

Partners).  There were not.  Accordingly, the Court should deny the Assumption and Rejection Motion as it applies to the H/2 Purported Trade Confirmations.

## **CONCLUSION**

WHEREFORE, H/2 Credit Partners respectfully requests that this Court (i) enter an order denying the Assumption and Rejection Motion as it applies to H/2 Credit Partners, and (ii) grant H/2 Credit Partners such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 26, 2008

                    Skadden, Arps, Slate, Meagher & Flom LLP

                    By:     /s/ *Jay Goffman*
                           Jay Goffman
                    Four Times Square
                    New York, New York 10036
                    Telephone:  212-735-3000
                    Facsimile:  212-735-2000

                    Attorneys for H/2 Credit Partners Master Fund Ltd.