FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA  95814
Telephone:  (916) 329-7400
Facsimile:  (916) 329-7435
Steven H. Felderstein, admitted Pro Hac Vice

Attorneys for Interested Party
California Public Employees Retirement System

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
In re                                                                           :          Chapter 11
                                                                                    :
LEHMAN BROTHERS HOLDINGS, INC., et al.   :          Case No. 08-13555 (JMP)
                                                                                    :          (Jointly Administered)
                                                                                    :
                        Debtors.                                              :
---------------------------------------------------------------X

**LIMITED OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER PURSUANT TO
SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH
PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND ASSIGNMENT OF
PREPETITION DERIVATIVE CONTRACTS**

Interested Party California Public Employees Retirement System ("CalPERS") hereby files this Limited Opposition (the "Limited Opposition") to the Debtor's Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts (the "Procedure Motion").  In support of this Limited Opposition, CalPERS respectfully represents:

**Background**

(1)     CalPERS is an interested party in this matter as it was a Counterparty to several Derivative Contracts with the Debtors, which contracts are the subject of this Procedure Motion.

(2)     Following the Debtors' bankruptcy filing, CalPERS terminated all but one of those Derivative Contracts.  The one remaining Derivative Contract was allowed to expire by its own terms.

(3)     As a result of such terminations, CalPERS may be liable to the Debtors in an

-1-

amount yet to be determined, but estimated at approximately $22,000,000.00, subject to setoff and recoupment claims.

(4) CalPERS currently holds and asserts a claim against the Debtors in an amount not less than $450,000,000.00 based upon other transactions not related to the Derivative Contracts.

## Limited Opposition

(5) CalPERS files this Limited Opposition seeking to amend the Proposed Order to the Procedure Motion by adding additional language to one of the provisions in the "Termination and Settlement Procedures" section, such language to state that the Debtors and Counterparties may agree to the setoff and/or recoupment of any amounts owing to either party.

(6) Specifically, CalPERS requests that paragraph "b." to the "Termination and Settlement Procedures" section on Page 6 of the Proposed Order to the Procedure Motion be amended to provide:

"b. A termination agreement may resolve and fix amounts owing between the Debtors and the Counterparty, *including any claims of setoff or recoupment.*"

(7) Pursuant to provisions contained in the ISDA Master Agreement and Schedule to the Master Agreement between CalPERS and the Debtors, "The parties may elect in respect of two or more Transactions that a net amount will be determined in respect of all amounts payable on the same date in the same currency in respect of such Transactions, regardless of whether such amounts are payable in respect of the same Transaction." Master Agreement Section 2(c); Schedule Part 3(f).

(8) In addition, pursuant to 11 U.S.C. § 553(a), the filing of a bankruptcy "does not affect the right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case [with enumerated exceptions, not applicable here]."

(9) The inclusion of the proposed additional language in paragraph "b." as set forth in (6) above will ensure that the Debtors and Counterparties are able to readily and finally

resolve any amounts owing to either party under the Derivative Contracts and other transactions through the use of setoff and recoupment.

WHEREFORE, CalPERS respectfully requests that the Court enter an order amending the Proposed Order to the Procedure Motion by including the language requested above in (6), or fashioning such other relief as is consistent with this Limited Opposition.

Dated: November 26, 2008

>FELDERSTEIN FITZGERALD
>WILLOUGHBY & PASCUZZI LLP
>
>*/s/ Steven H. Felderstein*_____
>STEVEN H. FELDERSTEIN
>400 Capitol Mall, Suite 1450
>Sacramento, CA  95814
>Telephone:  (916) 329-7400
>Facsimile:  (916) 329-7435
>
>Attorneys for California Public Employees Retirement System

Pg 4 of 4

## PROOF OF SERVICE

## FEDERAL COURT

I am a citizen of the United States, over the age of 18 years, and am not a party to or interested in the within entitled cause. I am an employee of Felderstein Fitzgerald Willoughby & Pascuzzi LLP, 400 Capitol Mall, Suite 1450, Sacramento, CA 95814-4434.

On November 26, 2008, I served the following document(s) described as:

**LIMITED OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS**

(✓)   I am familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service and know that each day's mail is deposited with the United States Postal Service that same day in the ordinary course of business. On the date set forth above, I served the aforementioned documents on the parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage prepaid, for collection and mailing on this date following ordinary business practices, at Sacramento, California, addressed as set forth below.

| | |
|---|---|
| The Honorable James M. Peck<br>One Bowling Green, Courtroom 601<br>New York, NY 10004 | United States Trustee<br>Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Rifkin, and Tracy Hope Davis<br>33 Whitehall Street, 21st Floor<br>New York, NY 10004 |
| Lehman Brothers Holdings, Inc.<br>745 Seventh Avenue<br>New York, NY 10019 | Jeffrey S. Margolin<br>Hughes Hubbard & Reed<br>1 Battery Park Plaza<br>New York, NY 10004 |
| Quinn Emanuel Urguhart, Oliver & Hedges<br>Attn: James Tecce<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010 | Weil, Gotshal & Manges, LLP<br>Attn: Lori R. Fife, Robert J. Lemons, Harvey R. Miller and Maurice Horwitz<br>767 Fifth Avenue<br>New York, NY 10153 |
| Curtis, Mallet-Prevost, Colt & Mosle LLP<br>Attn: Steven J. Reisman and L.P. Harrison 3rd<br>101 Park Avenue<br>New York, NY 10178 | Milbank, Tweed, Hadley & McCloy LLP<br>Attn: Dennis F. Dunne, Dennis O'Donnell and Evan Fleck<br>1 Chase Manhattan Plaza<br>New York, NY 10005 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 26, 2008 at Sacramento, California.

*/s/ Lori N. McCleerey*
Lori N. McCleerey