**Womble Carlyle Sandridge & Rice, PLLC**
Michael G. Busenkell
222 Delaware Avenue
Suite 1501
Wilmington, DE  19801
Telephone:     (302) 252-4320
Facsimile:      (302) 252-4330

**Locke Lord Bissell & Liddell LLP**
Jay G. Safer
885 Third Avenue, 26th Floor
New York, New York 10022
Telephone:     (212) 812-8305
Facsimile:      (212) 947-4700

*Counsel for Carolina First Bank*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case |
| LEHMAN BROTHERS HOLDINGS, INC., | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION OF CAROLINA FIRST BANK TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS**

Carolina First Bank ("Carolina First"), by and through undersigned counsel, hereby submits its limited objection to Debtors' Motion For An Order Pursuant To Sections 105 And 365 Of The Bankruptcy Code To Establish Procedures For The Settlement Or Assumption And Assignment Of Prepetition Derivative Contracts (the "Motion").  In support thereof, Carolina First respectfully states as follows:

## BACKGROUND

**The Pre-Petition Relationship between Lehman SF and Carolina First**

1. On or about May 3, 2002, Lehman Brothers Special Financing, Inc. ("Lehman SF") and Carolina First entered into that certain International Swap Dealers Association, Inc. Master Agreement dated May 3, 2002 (the "Master Agreement," and collectively with the attached Schedule (the "Schedule") and Credit Support Annex (the "Credit Support Annex") dated May 3, 2002, the "Swap Agreement"). Attached hereto as composite Exhibit A are true and correct copies of the Master Agreement, and Schedule and Credit Support Annex.

2. Since 2002, Lehman SF and Carolina First, and its predecessors, have engaged in a series of derivative transactions (the "Transactions") under, and subject to, the terms of the Swap Agreement.

**Pre-Petition Event of Default, Declaration of Early Termination Date and Cessation of Distributions**

3. Under the Master Agreement, an "Early Termination Date" may be declared by the non-defaulting party upon the occurrence of an Event of Default.

4. Among other events, an Event of Default occurs under the Master Agreement if a party or any "Credit Support Provider" of such party "institutes or has instituted against it a proceeding seeking a judgment of insolvency or bankruptcy or any other relief under any bankruptcy or insolvency law." Master Agreement, § 5(a)(vii)(4).

5. Lehman Brothers Holdings Inc. ("LBHI") is designated as a Credit Support Provider in the Schedule to the Master Agreement.

6. On or about September 15, 2008, LBHI filed a voluntary petition with the United States Bankruptcy Court for the Southern District of New York seeking relief under Chapter 11 of the Bankruptcy Code (the "LBHI Petition").

2

7. The filing of the LBHI Petition caused an Event of Default to occur under the Master Agreement.

8. Pursuant to Section 6(a) of the Master Agreement, upon the occurrence of this Event of Default, Carolina First was entitled to provide notice to Lehman SF specifying the relevant Event of Default and to designate a day not earlier than the day such notice was effective as an Early Termination Date in respect of all outstanding Transactions.

9. By letter dated and delivered September 25, 2008, Carolina First as the non-defaulting party, notified Lehman SF that the filing of the LBHI Petition caused an Event of Default to arise under the Master Agreement and that, as a result, Carolina First was designating September 26, 2008 as the Early Termination Date in respect of all outstanding Transactions under the Master Agreement.  Attached hereto as <u>Exhibit B</u> is a true and correct copy of the September 25, 2008 letter.

10. On November 13, 2008, the Debtors filed the Motion seeking, among other things, approval of certain procedures for the assumption and assignment of derivative contracts.

## **LIMITED OBJECTION**

11. Carolina First objects to the Motion to the extent it seeks approval of procedures for the assumption and assignment of the Swap Agreement.

12. The Swap Agreement is not subject to assumption and assignment under section 365 of the Bankruptcy Code.  It is axiomatic that for Bankruptcy Code section 365 to be applicable in the first instance, there must be a contract in existence.  Where a contract has been terminated prepetition, there is no contract for a debtor-in-possession to assume or reject.  *See* 2 *Collier on Bankruptcy* § 365.02 (15th ed. 1993); *see also*, *In re Hughes*, 166 B.R. 103, 105 (Bankr. S.D. Ohio 1994) (finding that no executory contract existed where contract was terminated prepetition); *In the Matter of Howard Industries, Inc.*, 56 B.R. 5 (Bankr. D.N.J. 1985)

3

(where contract was terminated prepetition, contract was not executory and not subject to Bankruptcy Code section 365).

13. Carolina First terminated the Swap Agreement prior to Lehman SF's chapter 11 filing. As a result, the Swap Agreement is not an executory contract subject to assumption and assignment pursuant to section 365 of the Bankruptcy Code. Consequently, the Swap Agreement cannot be subject to the proposed procedures for the assumption and assignment of derivative contracts and Carolina First objects to the Motion to the extent it purports to include the Swap Agreement within the scope of the proposed procedures.

14. To the extent not set forth in this objection, Carolina First joins in any other opposition filed to the Motion.

## CONCLUSION

WHEREFORE, for the reasons stated above, Carolina First respectfully requests that the Motion be denied to the extent that the Debtors seek to extend the proposed procedures to the Swap Agreement and for such other and further relief as the Court deems just and proper.

Dated: November 26, 2008

**Womble Carlyle Sandridge & Rice, PLLC**

/s
Michael G. Busenkell (No. 3933)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone:   (302) 252-4324
Facsimile:   (302) 252-4330

**Locke Lord Bissell & Liddell LLP**
Jay G. Safer (JS 4609)
885 Third Avenue, 26th Floor
New York, New York 10022
Telephone:   (212) 812-8305
Facsimile:   (212) 947-4700

*Counsel for Carolina First Bank*

4