**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq. (ME 0570)
S. Jason Teele, Esq. (ST 7390)
1251 Avenue of the Americas, 18th Floor
New York, New York 10022

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Counsel to Reliant Energy Power Supply, LLC*

**IN THE UNITED STATES BANKRUPTCY
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>Debtor. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br>Jointly Administered |

**LIMITED OBJECTION BY RELIANT ENERGY POWER SUPPLY, LLC TO
DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF
THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE
SETTLEMENT OR ASSUMPTION AND ASSIGNMENT OF PREPETITION
DERIVATIVE CONTRACTS**

Reliant Energy Power Supply, LLC ("Reliant"), by and through its undersigned counsel, submits this limited objection to the motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order pursuant to 11 U.S.C. §§ 105 and 365 establishing procedures for the settlement or assumption and assignment of prepetition derivative contracts (the "Motion"). In support of this limited objection, Reliant respectfully states:

**RELEVANT BACKGROUND**

**A.    Relevant Procedural Background.**

1. On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings, Inc. ("LBHI") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United

                                    Pg 2 of 4

States Code (the "Bankruptcy Code"). On and after the Petition Date, the other Debtors in these cases filed voluntary petitions for relief. The Debtors' chapter 11 cases are being jointly administered in this Court.

2. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to section 1107 and 1108(a) of the Bankruptcy Code.

3. On September 17, 2008, the United States Trustee appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

**B.    Reliant's Relationship With The Debtors.**

4. Reliant Lehman Brothers Commodity Services Inc. ("LBCS") and Eagle Energy Partners I, LLP ("Eagle") were parties to certain contracts (the "Reliant Derivative Contracts") which fall within the category of Derivative Contracts as defined in the Motion.

5. By letter dated September 18, 2008, Reliant, as the non-defaulting party under the Reliant Derivative Contracts, informed LBCS and Eagle that an Event of Default had occurred under the Reliant Derivative Contracts and that as a result, Reliant was designating an Early Termination Date in respect of all outstanding Transactions under the Reliant Derivative Contracts.

**C.    The Motion.**

6. Through the Motion, the Debtors seek to establish procedures for the assumption and assignment of prepetition derivative contracts and the settlement of terminated derivative contracts as to which Reliant is or may have been a counterparty. Reliant takes no position with respect to the proposed procedures for the assumption and assignment of derivative contracts because the they are inapplicable to Reliant as a result of the post-petition termination of the Reliant Derivative Contracts. However, the proposed procedures dealing with terminated derivative contracts are spartan, designed to give the Debtors maximum flexibility, and do not appear to take into account the rights of Reliant under the terminated derivative contracts. Reliant also notes that the Debtors provide no legal basis, other than section 105(a) of the

Bankruptcy Code, to support the proposed procedures dealing with terminated derivative contracts.

## **LIMITED OBJECTION**

7.      Reliant is concerned that the proposed procedures dealing with terminated derivative contracts will be used offensively by the Debtors as superseding Reliant's legal and contractual rights, and for seeking a stay of the enforcement by Reliant of its legal or contractual rights.  Accordingly, Reliant joins in the relevant portion of the limited objection by Royal Bank of America, *see* Docket No. 1720, as well as similar objections by other parties, and requests the inclusion of the following reservation of rights language in any order approving the Motion:

> Nothing in this order shall be construed to supersede, suspend or otherwise interfere with (i) the legal and contractual rights of parties to terminated Derivative Contracts, to the extent such legal and contractual rights are enforceable in the Debtors' cases under the Bankruptcy Code (the "Enforceable Rights"); and (ii) the commencement or continuation of any civil proceeding by any party to a terminated Derivative Contract with respect to such party's Enforceable Rights, including, without limitation, any such adversary proceeding commenced or pending in this Court.

8.      Including the foregoing language in any order approving the Motion should adequately protect Reliant's legal and contractual rights under the Reliant Derivative Contracts without impeding the Debtors' efforts in respect of the terminated derivate contracts.

9.      Reliant reserves all of its rights under the Reliant Derivative Contracts and nothing contained herein, including without limitation the requested language for inclusion in any order granting the Motion, is an admission or a wavier of any rights or claims that Reliant may be entitled to assert in these cases.

**WHEREFORE**, Reliant respectfully requests that the Court deny the Motion unless protective language as set forth above is included in any order granting the Motion.

Dated: November 26, 2008
     New York, New York

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

By: /s/ *Michael S. Etkin*
Michael S. Etkin, Esq. (ME 0570)
S. Jason Teele, Esq. (ST 7390)
1251 Avenue of the Americas, 18th Floor
New York, New York 10022

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Counsel to Reliant Energy Services, Inc. and Reliant Energy Power Supply, LLC*