Hearing Date: December 3, 2008 at 10:00 a.m.

CROWE & DUNLEVY
A Professional Corporation
20 North Broadway, Suite 1800
Oklahoma City, OK 73102-8273
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
Judy Hamilton Morse,
Attorney for Oklahoma Municipal Power Authority

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) <br> ) <br> LEHMAN BROTHERS HOLDINGS, INC., et al., ) <br> ) <br> Debtors. ) <br> ) | Chapter 11 <br><br> Case No. 08-13555 (JMP) <br> Jointly Administered |

**OBJECTION OF OKLAHOMA MUNICIPAL POWER AUTHORITY TO
DEBTOR'S MOTION FOR AN ORDER PURSUANT TO SECTIONS 105
AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH
PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND
ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS**

Oklahoma Municipal Power Authority ("OMPA"), by and through its undersigned counsel, and pursuant to sections 105, 365(e)(1), 556 and 560 of the United States Bankruptcy Code objects to the Debtor's Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts (the "Motion"), and in support hereof states as follows:

**Background**

1. The Oklahoma Municipal Power Authority is a state governmental agency, created in 1981 to provide wholesale electricity to cities and towns that own their electric systems. OMPA currently serves 35 municipals in Oklahoma.

2. OMPA executed a financial transaction using an ISDA Master Agreement dated December 13, 2001 ("the Swap Agreement") with Lehman Brothers Special Financing, Inc. ("LBSF").

3. An event of default on the part of LBSF occurred due to the bankruptcy filing of LBSF as well as the prior bankruptcy of Lehman Brothers Holdings, Inc. ("Holdings") which provided credit support for the Swap Agreement. In addition, LBSF defaulted under the Swap Agreement as a result of a failure by LBSF to make payments when due to OMPA.

4. Under the terms of the Swap Agreement, the bankruptcy filings and other defaults of LBSF and Holdings did not result in an automatic termination of the Swap Agreement. Rather, these events provided OMPA with an option to terminate the Swap Agreement.

5. As of the present date, OMPA has not given notice of termination of the Swap Agreement but has reserved and has not waived its rights to do so. OMPA has been in the process of evaluating options that are available to it under the terms of the Swap Agreement and applicable law including the Bankruptcy Code given the current conditions in the markets.

## Objection To Motion

6. In the Motion, Debtors seek to establish procedures allowing them to assume and assign Derivative Contracts[1] such as the Swap Agreement ("Assignment Procedure"). Debtors also seek to establish procedures for the settlement of terminated Derivative Contracts ("Termination Procedure"). Both the Assignment Procedure and the Termination Procedure proposed seek to establish expedited procedures that do not provide sufficient information or time for counter parties to Derivative Contracts such as OMPA to protect their interests. The

---

[1] Capitalized terms not otherwise defined in this Objection shall have the meaning ascribed to them in Debtors' Motion.

2

procedures proposed are also contrary to the terms of the Swap Agreement and contrary to the provisions of the Bankruptcy Code.

7.    OMPA has not waived its right to terminate the Swap Agreement but has not yet exercised that right. The actions of Debtors resulting in the filing of Bankruptcy and the failure to make the payments when due under the Swap Agreement provide OMPA with the option to terminate but do not compel it to do so.

8.    The Swap Agreement by its terms cannot be assigned without OMPA's consent. While OMPA may consent, to an appropriate assignee under terms that protect OMPA's interests, this not a simple executory contract that can be assumed and assigned under 11 U.S.C.§ 365 without OMPA's consent. Debtors' attempt to proceed in that manner threatens the protections provided to counter parties to Derivative Contracts intended by Congress as provided in 11 U.S.C. §§555-561.

9.    The proposed Assignment Procedure purports to allow an automatic assignment to a Qualified Assignee as that term is defined. The required qualifications are much too limited since they only pertain to the Fitch credit rating or the Moody's credit rating of the so called "Qualified Assignee." However, many other factors are considered by the OMPA in selecting an appropriate counter party for a Derivative Contract transaction. The imposition of these unilateral restrictions may adversely impact the OMPA's other present and future financial arrangements.

10.    At any time before a consensual assignment of the Swap Agreement, the Assignment Procedure should make clear that counter parties such as the OMPA reserve all of their rights to terminate their Derivative Contract and that those rights are not impaired until such a consensual assignment is consummated. Further, additional time to review the proposed terms of the assignment and the proposed replacement counter party must be provided. OMPA

suggests that at a minimum, a 20 day notice should be allowed.  This is required to make certain that OMPA will be adequately assured of future performance by any assignee of the Swap Agreement and that its interests are protected.  OMPA and all other parties to Derivative Contracts should further have the right to object to any proposed assignment on any valid ground if the benefits of their bargains are not protected and performance isn't adequately assured.

11. OMPA hereby joins with the other objections to the Motion filed in this matter to the extent not inconsistent with this Objection.

12. OMPA reserves all of its rights.  The suggestions made by OMPA in this Objection should not be construed as a waiver of any of its rights, claims or defenses in connection with any proposed assumption and assignment of the Swap Agreement.

### Conclusion

WHEREFORE, Oklahoma Municipal Power Authority requests that the Court deny the relief requested in the Motion or grant the relief requested in the Motion only on terms consistent with this Objection and award such other or further relief as is just and proper.

Dated:  November 26, 2008
Oklahoma City, Oklahoma

Respectfully submitted,

s/ Judy Hamilton Morse
Judy Hamilton Morse, OBA #6450

CROWE & DUNLEVY, a Professional Corporation
20 North Broadway, Suite 1800
Oklahoma City, OK 73102-8273
(405) 235-7700    (405) 239-6651 (Facsimile)
judy.morse@crowedunlevy.com

ATTORNEY FOR OKLAHOMA MUNICIPAL POWER AUTHORITY