MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Suite 3500
Los Angeles, CA  90071-1560
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702
Mark Shinderman (MS-2258) (pro hac vice pending)
Seth Goldman (SG–6825) (pro hac vice pending)
mark.shinderman@mto.com
seth.goldman@mto.com

Counsel for Southern California Edison Company

Hearing: December 3, 2008
Time:     10:00 a.m.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br>[Jointly Administered] |

**OBJECTION OF SOUTHERN CALIFORNIA EDISON COMPANY
TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO
SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH
PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND
<u>ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS</u>**

Southern California Edison Company ("SCE") hereby files its objection to the motion ("Motion") of Lehman Brothers Holdings Inc., et al. (collectively, "Debtors") for procedures for the settlement or assumption and assignment of prepetition derivative contracts pursuant to §§ 105 and 365(a) of Title 11 of the United States Code ("Bankruptcy Code").  The objection is made and based upon the following:

I.

**PRELIMINARY STATEMENT**

1. In the Motion, the Debtors seek approval of procedures to assume and assign any of more than 950,000 prepetition derivative contracts on five business days notice and to enter into agreements to terminate and/or settle the derivative contracts. Among the contracts subject to the motion are two contracts with SCE: an "ISDA" Master Agreement dated July 12, 2006 between Lehman Brothers Commodity Services Inc. ("Lehman Commodity") and SCE (as amended or modified, the "ISDA Agreement"); and a Master Power Purchase and Sale Agreement dated April 7, 2008 between Lehman Commodity and SCE (as amended or modified, the "EEI Agreement"). As set forth more fully below, SCE terminated the ISDA and EEI Agreements before Lehman Commodity commenced its bankruptcy.

2. SCE generally does not object to the termination and settlement procedures set forth in the Motion and proposed order. The Motion and order, however, reserve the Debtors' rights, if any, to contest whether terminated contracts were properly terminated. Thus, the Debtors may seek to assume and assign the previously terminated ISDA and EEI Agreements pursuant to the broad and sweeping procedures set forth in the Motion and proposed order. Although SCE understands that the Debtors are modifying the proposed procedures to address concerns that have been raised by counterparties such as SCE to the derivative contracts, SCE files this objection to ensure that three basic rights are preserved under the assumption and assignment procedures if the Debtors seek to contest termination of, and to assume and assign, either the ISDA or EEI Agreements.

    a. First, the proposed order must make clear that SCE can object to assumption and assignment on the ground that the contracts are terminated (either prepetition or, to the extent applicable, at any time up to assignment pursuant to the "safe harbor" provisions of the Bankruptcy Code).

    b. Second, the proposed order should make clear that, as part of the Debtors' obligation to cure defaults and provide adequate assurance of future performance

-2-

6464981

     in connection with any assumption and assignment, the Debtors must return (with interest) any termination payment paid to the estates if the Debtors seek to revive and assign either the ISDA or EEI Agreements, and that SCE can object to assignment if the Debtors fail to include that amount as part of the "Cure Amount" under the procedures.

  c. Third, the proposed order should provide clear protection of SCE's rights of setoff under the ISDA and EEI Agreements.[1] That could be accomplished by providing in the order approving the Motion that, notwithstanding anything contained in the order, SCE may object to assumption and assignment to the extent that SCE's setoff rights are not preserved and enforceable against the assignee or SCE does not receive adequate protection of its secured claim as required under the Bankruptcy Code for any loss of its setoff rights. If SCE's right to object on those grounds is not preserved until such time, if ever, that the Debtors seek to assume and assign any agreement with SCE, the order approving the Motion should provide that SCE's setoff rights are preserved and enforceable against an assignee and that SCE shall receive adequate protection of its secured claim to the extent they are not.

 3. In as much as the ISDA and EEI Agreements were terminated prepetition and the Debtors have not sought to date to assume and assign either contract, SCE acknowledges that the Court does not, at this time, need to rule on the substantive issues that SCE would raise in objecting to assignment.[2] Rather, SCE asks the Court to require that the order approving the

---

[1] SCE reserves its rights as to the characterization of its contractual rights, whether they be a right of setoff, a defense, or a condition precedent to performance.

[2] For these same reasons, and given the compressed schedule to consider the sweeping procedures sought by the Debtors and an objection deadline that falls on the day after Thanksgiving, SCE has not submitted the underlying agreements or related notices as part of a declaration or affidavit. SCE anticipates filing such a declaration if the Debtors subsequently seek to assume and assign the ISDA or EEI Agreements.

6464981

Motion make clear that the objection grounds set forth above are not waived by any provision of the order setting forth procedures for the assumption and assignment of derivative contracts.

## II.

## BACKGROUND

**A.  SCE Terminated the ISDA Agreement and the EEI Agreement Before Lehman Commodity Commenced its Bankruptcy Case and Paid Lehman Commodity the Net Termination Payment in Accordance with the Agreements**

4. On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") commenced this bankruptcy case. LBHI is a "Credit Support Provider" under the ISDA Agreement and a "Guarantor" under the EEI Agreement. LBHI's bankruptcy constituted an Event of Default under Section 5(vii) of the ISDA Agreement and under Section 5.1(h)(iii) of the EEI Agreement.

5. As a result of those Events of Default, SCE terminated both the ISDA and EEI Agreements before Lehman Commodity's bankruptcy. Specifically, on September 17, 2008, SCE sent Lehman Commodity a notice that, under Section 6(a) of the ISDA Agreement, SCE was electing to terminate the ISDA Agreement as of September 17, 2008. Similarly, on September 17, 2008, SCE sent Lehman Commodity a notice that, under Section 5.2(a) of the EEI Agreement, SCE was electing to terminate the EEI Agreement as of 8:00 AM Prevailing Eastern Time on September 18, 2008. Subsequently, on October 3, 2008, Lehman Commodity commenced its bankruptcy case.

6. After calculating the termination amounts owed under the ISDA and EEI Agreements and setting off those amounts as provided by, and in accordance with, the terms of both agreements, SCE sent Lehman Commodity a notice dated October 7, 2008 containing the calculation of the termination amounts. SCE paid the net termination amount by wire transfer on October 7, 2008.

**B.      The Debtors' Proposed Order Improperly Limits SCE's Rights**

7.      Under the proposed order, although perhaps unintentional, the fact that a contract has already been terminated (whether prepetition or under the "safe harbor contract" provisions of the Bankruptcy Code) would not constitute a ground for objecting to a notice of proposed assumption and assignment.

8.      Specifically, under the fifth decretal paragraph of the proposed order, counterparties to derivative contracts may object to assumption and assignment only on the grounds set forth in subparagraph e of the second decretal paragraph of the proposed order. That subparagraph sets forth only three grounds for objection: (i) the amount of cure calculated by the Debtors to cure any defaults; (ii) the need to cure a default or early termination event; or (iii) the adequate assurance of future performance by the assignee, but only if the assignee is not a "Qualified Assignee," which the proposed order specifies is an entity with a certain credit rating. No other grounds are provided by the proposed order.

9.      Nor does the proposed order explicitly require the Debtors to return any termination payments as part of their cure or adequate assurance of future performance obligations, or permit SCE to object to assignment if the Debtors fail to do so.

10.     Finally, the proposed order effectively destroys a counterparty's right of setoff. Specifically, the seventh and eighth decretal paragraphs purport to prohibit a counterparty from asserting a right, defense, or condition precedent to performance against the assignee under an assigned derivative contract, including specifically a right of setoff. The Debtors Motion to approve "procedures" for assumption and assignment does not provide any factual or legal basis for this sweeping elimination of a counterparty's rights. Nor does the proposed order provide that a counterparty may object to a proposed assumption and assignment on the basis that adequate assurance of future performance requires the assignee to take the contract subject to the contractual right of setoff. The order also does not provide any adequate protection to a counterparty for the loss of its setoff rights or preserve the counterparty's right to seek adequate protection for any such loss.

-5-

### III.

### ARGUMENT

**A.    The Proposed Order Must Permit Counterparties to Object on the Ground that a Contract Has Been Terminated Before Assumption and Assignment[3]**

**1.    Contracts that have been terminated before bankruptcy cannot be assumed and assigned.**

11.    Bankruptcy Code § 365(a), by its terms, only applies to executory contracts. A contract that has been terminated before the commencement of a debtor's bankruptcy is not an executory contract that can be assumed under Section 365. See Pieco, Inc. v. Atl. Computer Sys., Inc. (In re Atl. Computer Sys., Inc.), 173 B.R. 844, 855 (S.D.N.Y. 1994) (citing In re Scarsdale Tires Inc., 47 B.R. 478, 480 (S.D.N.Y. 1985). This is a threshold determination that must be made before consideration of the debtor's business judgment in assuming and assigning a contract, the debtor's cure obligations, or the debtor's showing of adequate assurance of future performance. See In re Atl. Computer Sys., Inc., 173 B.R. at 854 n.14. Accordingly, Lehman Commodity must prove that the terminated ISDA or EEI Agreements were not in fact terminated before Lehman Commodity commenced bankruptcy in order for Lehman Commodity to even seek to assume and assign one of those agreements.

12.    Understandably, given the nature of the Motion, the Debtors have not presented any evidence that the ISDA or EEI Agreements were not properly terminated prepetition. Nevertheless, it is essential that the Court clarify in the order approving the Motion that the Debtors must prove that the contract to be assumed and assigned was not terminated before bankruptcy of the debtor party and that the counterparty may object to assumption and assignment on the ground that the contract was terminated prepetition.

---

[3]    SCE understands that the Debtors intend to submit a modified proposed order that will provide that the counterparties may object to assignment on the basis that the contracts have been terminated (either prepetition or under the "safe harbor" provisions postpetition). That modification would resolve this portion of SCE's objection.

-6-

6464981

**2.    "Safe harbor contracts" may be terminated at any time before assumption and assignment, and if terminated, cannot be assumed.**

13.    As the Debtors have acknowledged in their Motion, the derivative contracts it seeks to assume and assign may be what are known as "safe harbor contracts" under the Bankruptcy Code. With respect to safe harbor contracts, the counterparty generally has the right to terminate the contract postpetition notwithstanding the automatic stay and the prohibition on enforcing *ipso facto* clauses under the Bankruptcy Code. See, e.g., 11 U.S.C. §§ 362(b)(6), (b)(7).

14.    Thus, for the same reasons discussed above, a safe harbor contract that is terminated postpetition in accordance with the protections afforded those contracts under the Bankruptcy Code, effectively removes that property from the estate and prevents the estate from assuming that contract under Section 365(a). See, e.g., In re Scarsdale Tires Inc., 47 B.R. at 480 (noting that the reason terminated contracts cannot be assumed is that the Bankruptcy Court cannot cultivate rights where none can grow). The Court, therefore, should provide in the order approving the Motion that, to the extent the contract to be assumed and assigned is a safe harbor contract under the Bankruptcy Code, the counterparty may exercise its contractual right, if any, to terminate the contract any time before the Debtors assume and assign the contract, thereby preventing the contract from being assumed and assigned.

**B.    The Debtors Must be Required to Return Any Termination Payment as Part of Their Cure or Adequate Assurance of Future Performance Obligations**

15.    Notwithstanding the prepetition termination of the ISDA and EEI Agreements, the Debtors have reserved their right, if any, to contest termination and to seek to assume and assign either of those agreements. The proposed order approving the Motion, however, does not address specifically whether the Debtors will return any termination payments that have already been paid to the estates were the Debtors to seek to assume and assign an agreement pursuant to which the termination payment was made.

16. SCE is concerned that under the terms of the proposed order, the Debtors may argue that they do not need to cure a default that is the result of a bankruptcy of any Debtor and that SCE is barred from seeking adequate assurance of future performance where there is no default and where the assignee has a certain credit rating. That would result in a windfall to the estates because the Debtors would keep the termination payment and receive a second payment from the assignee of the "revived" contract.

17. This result is both inequitable and contrary to the purpose of the cure and adequate assurance of future performance requirements under Bankruptcy Code § 365. The purpose of those requirements, which are a condition precedent to assumption and assignment, is to insure that counterparties "receive the full benefit of their bargain if they are forced to continue performing." Eastern Air Lines, Inc. v. Ins. Co. of Pa. (In re Ionosphere Clubs, Inc.), 85 F.3d 992, 999 (internal citations and quotations omitted). Unless the Debtors return any termination payments as part of assumption and assignment of either the ISDA Agreement or the EEI Agreement, SCE would be deprived of the full benefit of its bargain.

18. Accordingly, SCE requests that the proposed order be modified to provide that, if the Debtors seek to assume and assign either the ISDA or EEI Agreements, the Debtors must return any termination payment, plus interest, as part of the "Cure Amount" (as defined in the order) and that SCE may object to assumption and assignment to the extent the Cure Amount does not include that amount.

**C.    SCE Must Be Entitled to Object to Assumption and Assignment to Preserve Its Rights of Setoff and to Seek Adequate Protection for the Loss of Its Setoff Rights Under a Proposed Assumption and Assignment**

19. The proposed order purports to limit a counterparty's right to contest adequate assurance of future protection and to bar a counterparty from asserting any claim, defense, or setoff applicable to the Debtors against the assignee. SCE understands that the Debtors intend to modify the proposed order to provide the counterparties with a "reservation of rights" to assert

setoff rights as part of an objection to assumption and assignment. SCE would be satisfied with such a modification provided that it is clear, either in the order or on the record at the hearing on the Motion, that, notwithstanding any other language contained in the order approving the Motion, the additional language preserves, and SCE will not be held to have waived, any of the following objections to a proposed assignment of the ISDA Agreement or EEI Agreement:

    a.    First, SCE has the right to object to assumption and assignment on the ground that prohibiting SCE from asserting against the assignee a defense, offset, or condition precedent to performance arising from amounts owed to SCE by the Debtors does not provide SCE adequate assurance of future performance as required for assumption and assignment of either the ISDA or EEI Agreements.

    b.    Second, SCE has the right to object to assumption and assignment because it would impermissibly destroy SCE's right of setoff. Under Bankruptcy Code § 553, no provision of Title 11, other than sections 362 and 363, shall affect a creditor's right of setoff. 11 U.S.C. § 553(a). Thus, the Debtors' Motion, which is brought under Bankruptcy Code §§ 105 and 365, cannot affect SCE's right of setoff.

    c.    Third, SCE has the right to seek adequate protection of its right of setoff as part of its objection to assumption and assignment to the extent SCE is not permitted to assert its contractual setoff rights against the assignee of either the ISDA or EEI Agreements. As a creditor holding a claim subject to a right of setoff, SCE is a secured creditor under Bankruptcy Code § 506(a). 11 U.S.C. § 506(a); see also Bank of N.Y. v. Treco (In re Treco), 240 F.3d 148, 162 (2nd Cir. 2001). Accordingly, Bankruptcy Code § 553(a) permits a debtor to affect a right of setoff only under Bankruptcy Code §§ 362 and 363, both of which permit the secured creditor to request adequate protection. See, e.g., Citizens Bank v. Strumpf, 516 U.S. 16, 20 (1995) (holding that the general rule under section 553(a) that Title 11 does not affect a right of setoff would be rendered meaningless if the creditor is

forced to pay its debt to the debtor and thereby "divest the creditor of the very thing that supports the right of setoff"); <u>MBNA Am. Bank v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)</u>, 275 B.R. 712, 718 (creditors claim secured by right of setoff adequately protected by attaching to proceeds of section 363 sale). Thus, SCE is entitled to request adequate protection to the extent assignment would destroy or otherwise affect SCE's right of setoff, which protection could be given by providing in the proposed order on the Motion or in an order approving assignment that SCE's secured claim will attach to the proceeds of any assignment of either the ISDA or EEI Agreements.

20. If the proposed order does not preserve the three objection grounds in paragraph 19 until such time as the Debtors seek to assume and assign either the ISDA or EEI Agreements, the proposed order should be modified to provide that SCE's setoff rights are preserved and enforceable against the assignee and SCE shall receive adequate protection if they are not.

## IV.

## **CONCLUSION**

21. Based on the foregoing, SCE respectfully requests that the Court require the Debtors to modify the proposed order as set forth above in paragraphs 12, 14, 18, 19, and 20.

Dated: November 26, 2008
Los Angeles, California

Respectfully submitted,

By: _____/s/ Seth Goldman_____
Mark Shinderman (MS-2258) (pro hac vice pending)
Seth Goldman, Esq. (SG -6825) (pro hac vice pending)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Suite 3500,
Los Angeles, CA 90071-1560
Telephone:    (213) 683-9554
Facsimile:    (213) 683-4054
Email:        seth.goldman@mto.com

Counsel for Southern California Edison Company