Hearing Date and time: December 3, 2008 at 10:00 a.m (Prevailing Eastern Time)
Objection Date and Time: November 28, 2008 at 400 p.m (Prevailing Eastern Time)

ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
David S. Elkind
W. Jane Rogers
Morgan E. Bradylyons

Attorneys for Creditor West Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------- x
In re                                                     :
                                                          :  Chapter 11 Case No.
**LEHMAN BROTHERS HOLDINGS INC.,**    :
*et al.*,                                                 :  08-13555 (JMP)
                                                          :
            **Debtors.**                                  :  (Jointly Administered)
                                                          :
---------------------------------------------------------- x
STATE OF NEBRASKA        )
                         :ss.;
COUNTY OF DOUGLAS        )

**AFFIDAVIT IN SUPPORT OF OBJECTION OF CREDITOR**
**WEST CORPORATION TO DEBTORS' MOTION FOR AN ORDER**
**ESTABLISHING PROCEDURES FOR ASSUMPTION AND ASSIGNMENT**
**OR SETTLEMENT OF PREPETITION DERIVATIVE CONTRACTS**

PAUL M. MENDLIK, being sworn, says:

1. I am the Chief Financial Officer of West Corporation ("West"). I make this affidavit in support of the Objection of West (the "Objection"), dated November 26, 2008, to the Motion of debtors Lehman Brothers Holdings Inc. and its affiliated entities (the "Debtors") for an Order Establishing Procedures for the Assumption and Assignment or Settlement of Prepetition Derivative Contracts. I am familiar with the facts set forth below.

3734209_1.DOC

2. I have read the accompanying Objection by West. Based upon my personal knowledge and information, the facts set forth in the Objection are accurate and true.

3. Annexed as Exhibits hereto are true and correct copies of the following documents:

4. Annexed as Exhibit A is a copy of the Credit Agreement, dated October 24, 2006 (the "Credit Agreement"), among Lehman Commercial Paper Inc. ("LCPI"), a subsidiary of Lehman Brothers Holdings Inc. ("LBH"), and a syndicate of financial institutions (collectively with LCPI, the "Lenders"), and West, pursuant to which the Lenders (including LCPI) agreed to make $250 million of revolving credit loans (the "Revolving Credit Loans") and $2.1 billion of term loans to West.

5. Annexed as Exhibit B is a copy of the confirmation between West and Lehman Brothers Special Financing, Inc. ("LBSF") dated October 25, 2006 (the "2006 Confirmation") relating to an interest rate swap between West and LBSF (the "2006 Swap"). The 2006 Confirmation, by its terms, expressly incorporated the terms of the International Swaps and Derivative Association ("ISDA") 1992 Master Agreement (the "ISDA Form"), a copy of which is included as part of Exhibit D excluding the Supplement thereto.

6. Annexed as Exhibit C is a copy of the confirmation dated September 2, 2008 (the "2008 Confirmation") relating to an interest rate swap between West and LBSF (the "2008 Swap," and, together with the 2006 Swap, the "Swaps.").

7. Annexed as Exhibit D is a copy of the ISDA Master Agreement with Schedule (the "Master Agreement") prepared by LBSF, and signed and returned by West to LBSF.

8. On September 15, 2008, LBH filed a petition in this Court pursuant to chapter 11 of the Code. On October 3, 2008, LBSF and various of its affiliates filed chapter 11 petitions, and on October 5, 2008, LCPI and additional Lehman affiliates filed chapter 11 petitions.

9. Since September 16, 2008, LCPI and its affiliate have defaulted on their obligations under the Credit Agreement, including their funding obligations as Lenders and the obligations of LCPI as Administrative Agent, causing financial loss to creditor West and threatening to cause substantial additional loss to West in the future. Specifically:

(a) On September 16, 2008, LCPI refused to fund a $5 million "swing line" request which it was obligated to fund under the Credit Agreement;

(b) On September 16, 2008, West made a request for $5 million under the revolving credit facility[1]; although the LCPI affiliate funded its 9.625% of that request, LCPI failed to fund any portion of its 1.625% commitment;

(c) On September 22, 2008, West made a $100 million revolving loan request; LCPI and its affiliate refused to fund any portion of their aggregate commitment of 11.25% or $11.25 million of the request;

(d) On September 29, 2008, West made a request for an additional $130 million under the revolving loan facility; LCPI and its affiliate refused to fund any portion of their 11.25% commitment amounting to $14,625,000.

(Copies of the requests made for funding of the revolving loan and "swing line" commitments, and the emails reflecting the refusals of LCPI and its affiliate to honor their obligations under the Credit Agreement, are annexed as Exhibit E.) As a result of the refusal of LCPI and its affiliate to fund their commitments under the secured credit facilities, West has been left with an unfunded revolver commitment of $25,956,250 and a refusal of LCPI to honor its "swing line" commitment of $30 million.[2]

---

[1] Immediately prior to September 16, 2008, only $15 million was outstanding under the revolving loan facility.

[2] West is working with Bank of America to transfer the administrative agency role under the Credit Agreement from LCPI to Bank of America. Although Bank of America has agreed to act as a "swing line" lender in place of LCPI, it

3734209_1.DOC

- 3 -

10. As a result of the defaults of LCPI, its affiliate, and LBSF, West has suffered and will in the future suffer substantial damages. The damages include (i) added financing and related costs for procuring substitute revolving loans which LCPI and its affiliate have refused to fund, which I would estimate to be in excess of $9.5 million, if such replacement loans can be obtained at all; (ii) the potential damage to West's business resulting from LCPI's and its affiliate's refusal to honor their funding commitments; (iii) the costs of obtaining a new administrative agent to replace LCPI; and (iv) the legal and other costs incurred as a result of LCPI's, its affiliate's, and LBSF's defaults. It is likely, if not certain, that West will incur substantial damages in the future.

11. I understand that Debtors ask this Court for authority to assign open swap agreements to any party with a Standard & Poor's or Fitch credit rating of A- or a Moody's credit rating of A3. Annexed as <u>Exhibit F</u> are reports of ratings of Lehman entities by Fitch and Moody's, which show that, from at least July 2007 until immediately prior to their own chapter 11 filings, LBH had Fitch and Moody's credit ratings of A+ and A2 and Lehman Brothers Special Financing Inc. had a Moody's credit rating of A2.

---

has agreed to do so on a discretionary basis only. Thus, West is no longer guaranteed any "swing line" borrowings at all and is no longer guaranteed access to same day borrowings.

12. For the reasons set forth above and in West's Objection, the Debtors' Motion should be denied, together with such other and further relief as the Court may deem proper.

_____
Paul M. Mendlik

Sworn to before me this
26 day of November, 2008

_____
Notary Public

GENERAL NOTARY - State of Nebraska
DENEEN SHADEWALD
My Comm. Exp. Nov. 4, 2010