Mark J. Dorval, Esquire
Stradley Ronon Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103
Telephone: (215) 564-8161
Fax: (215) 564-8500

Hearing Date: Dec. 3, 2008 at 10:00 a.m.
Obj. Deadline: Nov. 28, 2008 at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : |
| | : Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.* | : |
| | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

**LIMITED OBJECTION OF ABERDEEN ASSET MANAGEMENT, INC.
TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 365
OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION
OR REJECTION OF OPEN TRADE CONFIRMATIONS**

Aberdeen Asset Management, Inc. ("Aberdeen")[1], by and through its undersigned counsel, hereby submits this limited objection to the Debtors' Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations (the "Objection").

**I.    BACKGROUND[2]**

1.    The Debtors' Motion, filed on November 14, 2008, seeks the Court's approval of the Debtors' assumption, rejection, and modification of certain Open Trade

---

[1] This Objection is submitted by Aberdeen on its own behalf and on behalf of the portfolios under its management that are parties to the relevant Open Trade Confirmations with the Debtors.

[2] All capitalized terms not defined herein shall have the meaning set forth in the Debtors' Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations (the "Debtors' Motion") (Docket No. 1541).

B # 865419 v.1

Confirmations. Pursuant to the Debtor's Motion, the Debtors seek to assume all Open Trade Confirmations where the Debtors are "in the money," and simultaneously reject all Open Trade Confirmations where the Debtors are "out of the money." To the extent that the Debtors assume and reject Open Trade Confirmations with the same Counterparty, the Debtors' Motion further seeks to prohibit the Counterparty from applying its right of setoff under section 553 of the Bankruptcy Code, thereby putting the Counterparty at a considerable disadvantage.

2. Prior to the Debtors filing of their petitions for relief under Chapter 11 of the Bankruptcy Code, Aberdeen and the Debtors entered into certain business transactions. Specifically, Aberdeen has three (3) Open Trade Confirmations that are the subject of the Debtors' Motion. The Debtors seek to assume two (2) Open Trade Confirmations with Aberdeen (see Exhibit A to Debtors' Motion) (the "Assumed Aberdeen Trades") and reject one (1) Open Trade Confirmation with Aberdeen (see Exhibit B to Debtors' Motion) (the "Rejected Aberdeen Trade").

## II.  OBJECTION

3. Aberdeen respectfully requests the Court to deny the Debtors' Motion to the extent that it prohibits or restricts Aberdeen's right of setoff under section 553 of the Bankruptcy Code. Moreover, it is not clear that the Open Trade Confirmations are executory contracts subject to assumption or rejection under section 365 of the Bankruptcy Code.

## III.  ARGUMENT

4. Section 553 of the Bankruptcy Code provides that:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case ....

B # 865419 v.1

11 U.S.C. § 553.

5.  Section 553 of the Bankruptcy Code does not create a right of setoff, but reserves whatever right of setoff exists under relevant, non-bankruptcy law. 11 U.S.C. § 553. Under the non-bankruptcy law applicable here, a creditor has a right of setoff against a debtor. See N.Y. Debt & Cred. Law § 151 (McKinney 1997); In re The Bennett Funding Group, Inc., 146 F.3d 136 (2d Cir. 1998).

6.  In order to exercise its right of setoff under Section 553 of the Bankruptcy Code, Aberdeen must show that (i) Aberdeen has a claim against the Debtors that arose pre-petition; (ii) the Debtors have a claim against Aberdeen that arose pre-petition; and (iii) the debts are "mutual." Bennett Funding, 146 F.3d at 139. To the extent that these requirements are satisfied, "the bankruptcy judge must scrutinize the right of setoff in light of the Bankruptcy Code's goals and objectives." In re The Bennett Funding Group, Inc., 212 B.R. 206, 212 (B.A.P. 2d Cir. 1997), aff'd, 146 F.3d 136 (2d Cir. 1998).

### A. Pre-Petition Claim Against the Debtors.

7.  The Debtors admit that claims arising as a result of the Rejected Trades are *pre-petition* claims against the Debtors. (See Debtors' Motion at ¶ 28, citing 11 U.S.C. §§ 365(g)(1) & 502(g)). As a result of the Rejected Aberdeen Trade, Aberdeen will have a claim against the Debtors because the Debtors are "out of the money" on that trade. Therefore, to the extent that the Court allows the Debtors to reject the Rejected Aberdeen Trades, Aberdeen will have a claim against the Debtors that arose pre-petition, and the first requirement for setoff is satisfied.

### B. Pre-Petition Claims Against Aberdeen.

8.  Claims that arise from the post-petition assumption of pre-petition contracts are *pre-petition* claims. See United States v. Gerth, 991 F.2d 1428, 1432 (8th Cir.

- 3 -

1993) (the "mere assumption of an executory contract does not alter when the obligations under the contract arose"); see also In re Allen, 135 B.R. 856, 864 (Bankr. N.D. Iowa 1992) ("the mere assumption of the contract does not make the contract a postpetition contract under which the debt ... must arise postpetition"). To the extent that the Court allows the Debtors to assume the Assumed Aberdeen Trades, the Debtors will have claims against Aberdeen because the Debtors are "in the money" on those trades. Those claims against Aberdeen arose pre-petition, and the second requirement for setoff is satisfied.

### C. The Debts are Mutual.

9. Debts are deemed "mutual" if they are "due to and from the same person in the same capacity." In re Prudential Lines, Inc. 148 B.R. 730, 751 (Bankr. S.D.N.Y. 1992), aff'd in part, rev'd in part, 170 B.R. 222 (S.D.N.Y. 1994) (citations omitted). The debts do not have to arise from the same transaction in order to be deemed "mutual." In re Westchester Structures, Inc., 181 B.R. 730, 739 (Bankr. S.D.N.Y. 1995) ("ordinarily debts subject to setoff are those that are generated by different transactions because debts that evolve from the same transaction, whether or not they are mutual, are subject to recoupment") (citations omitted). Here, the debts are "mutual" because they are due to and from the same party[3] and Aberdeen and the Debtors were in the same "capacity" with respect to the transactions from which the debts arose. See Westchester, 181 B.R. at 739 (stating that parties are not in the same capacity if they stand in different relationships with respect to the transactions giving rise the debt, "[f]or example, [where] one party owes a fiduciary duty to the other, or has a claim for trust funds, and the other side's claim is a simple unsecured debt, mutuality is lacking").

---

[3] With regard to each of the Assumed Aberdeen Trades and the Rejected Aberdeen Trade, LCPI and Aberdeen were the parties on opposite sides of the trades.

B # 865419 v.1

### D.  Denying Setoff is Inequitable.

10.  To the extent that the Debtors are permitted to assume the Assumed Aberdeen Trades and reject the Rejected Aberdeen Trades, Aberdeen will be entitled to setoff the amount it will be owed by the Debtors against any amount due to the Debtors. The Second Circuit "has repeatedly favored the allowance of setoffs." Bohack Corp v. Borden, Inc., 599 F.2d 1160, 1165 (2d Cir. 1979). Here, the Debtors seek to assume all favorable Open Confirmation Trades, reject all unfavorable Open Confirmation Trades, and prohibit the Counterparties to the Open Trade Confirmations from exercising their right of setoff, as provided for under the Bankruptcy Code. It would be inequitable and contrary to the "Bankruptcy Code's goals and objectives" to permit the Debtors to implement this scheme and unjustly prohibit Aberdeen (and all other Counterparties) from exercising their right to setoff. See In re Lehigh & Hudson River Railway Co., 468 F.2d 430, 434 (2d Cir. 1972) (describing an injunction against setoff as "strong medicine"); Bennett Funding, 212 B.R. at 212.

11.  To the extent that the Court determines that the Open Trade Confirmations are not executory contracts, then the Debtors will not be permitted to assume the Open Trade Confirmations that are "in the money," the Debtors will not be able to reject the Open Trade Confirmations for which they are "out of the money," and the setoff issue will be moot.

12.  Moreover, the Debtors have failed to establish adequate assurance of future performance for the Assumed Aberdeen Trades, which is a requirement under section 365 of the Bankruptcy Code. 11 U.S.C. § 365(b)(1)(C).

13.  Aberdeen reserves its right to amend or supplement this Objection.

B # 865419 v.1

WHEREFORE, for the reasons stated herein, Aberdeen respectfully requests that this Court enter an Order (i) denying the relief requested in the Debtors' Motion to the extent that it seeks to prohibit or restrict Aberdeen's right to setoff under section 553 of the Bankruptcy Code; and (ii) granting such other and further relief as this Court deems just and proper.

STRADLEY RONON STEVENS & YOUNG, LLP

Dated: November 28, 2008

By: /s/ Mark J. Dorval
Mark J. Dorval, Esquire
Stradley Ronon Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
Telephone:  (215) 564-8000
Fax: (215) 564-8120

*Attorneys for Aberdeen Asset Management*

B # 865419 v.1