Hearing Date: December 3, 2008
Objection Date: November 28, 2008

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Lorenzo Marinuzzi
Norman S. Rosenbaum

Attorneys for BRM Group, Ltd.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS INC, <u>et</u> <u>al.</u>,** | 08-13555 (JMP) |
| | Jointly Administered |
| **Debtors.** | |

**LIMITED OBJECTION OF BRM GROUP, LTD. TO DEBTORS' MOTION
FOR AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE
BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE
SETTLEMENT OR ASSUMPTION AND ASSIGNMENT OF
<u>PREPETITION DERIVATIVE CONTRACTS AND RESERVATION OF RIGHTS</u>**

BRM Group, Ltd. ("BRM"), a corporation formed under the laws of Israel, by and through its undersigned counsel, hereby files this limited objection and reservation of rights to the Debtors' Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts (the "Motion") and, in support thereof, respectfully represents as follows:

**Background**

1. On September 15, 2008, Lehman Brothers Holdings Inc. and, periodically thereafter, certain of its subsidiaries, including Lehman Brothers OTC Derivatives Inc. ("LOTC"

and collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On September 17, 2008, the United States Trustee for the Southern District of New York appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

3. BRM and LOTC are parties to a collar transaction (the "Transaction") entered into under an ISDA Master Agreement dated as of January 23, 2006, between the parties (the ISDA Master Agreement, including the Credit Support Annex to the Schedule thereto, the "Agreement"). The Transaction consists of a call option (in respect of which LOTC is the buyer and BRM is the seller) and a put option (in respect of which BRM is the buyer and LOTC is the seller), in each case relating to 2,000,000 shares of common stock of Check Point Software Technologies Ltd. (the "Shares"). In order to support its obligations to LOTC under the Transaction, BRM pledged and delivered the Shares to LOTC on September 21, 2007 pursuant to the terms of the Transaction and the Agreement. In return, LOTC pledged and delivered to BRM $40 million which sum continues to accrue interest. In the context of a termination, the Credit Support Annex specifically requires the return of the Shares to BRM. As of the date hereof, BRM has not terminated the Transaction and the Shares have not been returned to BRM. BRM understands that the Shares may now be in the possession or under the control of Lehman Brothers Inc., which is the subject of a liquidation proceeding under the Securities Investor Protection Act.

**Limited Objection and Reservation of Rights**

4.     Pursuant to the Motion, the Debtors seek entry of an order authorizing: (i) "procedures for the Debtors' assumption and assignment of derivative contracts, including resolution of cure amounts; and (ii) procedures for the efficient processing of settlement agreements that may establish termination payments and the return of collateral and/or property under terminated derivative contracts." (Motion at ¶ 7).

5.     The proposed Assignment and Assumption Procedures[1] for which approval is requested include authority for the Debtors to satisfy any Cure Amount, which otherwise would require the return of posted collateral, by "either return[ing] such collateral or, if such collateral is no longer in the Debtors' possession, . . .pay[ing] an amount equal to the value of such collateral . . . which payment will be considered in full satisfaction of the posted collateral." (Motion at ¶19d.). Thus, the Debtors apparently seek authority to deviate from the express terms of any given Derivative Contract under which the return of specific collateral is mandated in the context of the assignment of such Derivative Contract.

6.     BRM objects to the granting of any relief which would, in the context of an assignment, permit the Debtors to substitute payment in lieu of the actual delivery of collateral (originally posted by the Counterparty) to an assignee. Specifically, in connection with any assumption and assignment of the Agreement, LOTC should be required to deliver the Shares to the purported assignee and it should be precluded from rendering any substitute performance. Likewise, any purported assignee must remain bound by the terms of the Agreement to deliver the Shares to BRM in the event of a termination, or as otherwise provided under the Agreement.

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

To do otherwise would deprive BRM of the benefit of its bargain and constitute an impermissible modification of the Agreement and Transaction. Indeed, LOTC may be precluded from attempting any assumption and assignment of the Transaction at this time because it may not be in possession of the Shares. The Debtors' cite to no authority which would permit their unilateral modification of the terms of the Agreement and/or the Transaction.

7. In connection with the Termination and Settlement Procedures, the Debtors request, among other things, authority to enter into a termination agreement which would permit "collateral or margin held by the Debtors or by the Counterparties to be liquidated or returned in accordance with the Derivative Contract, an applicable Master Netting Agreement, or the termination agreement."

8. The proposed Termination and Settlement Procedures would apparently preclude the Debtors from liquidating any collateral held by the Debtors in connection with a termination where liquidation is not permitted under the applicable Derivative Contract. Nonetheless, in light of the flexibility the Debtors seek with respect to both the Assumption and Assignment Procedures and Termination and Settlement Procedures, BRM objects to the relief requested to the extent it could be construed to permit the Debtors to unilaterally liquidate collateral posted by a Counterparty in connection with a termination. The proposed order should be modified to require LOTC, or any party in possession of the Shares, to return the Shares to BRM upon the termination of the Agreement absent the express written consent of BRM. The proposed order should also provide that LOTC, or any party in possession of the Shares, must transfer the Shares (as BRM's collateral) to any assignee as a condition to any assignment of the Agreement.

9. BRM expressly reserves all rights to object to the relief requested in the Motion on all other available grounds, the right to object to any purported assignment of the Transaction

and the right to exercise any right, power or privilege in respect of the Agreement and Transaction, including without limitation, the termination of the Transaction in accordance with the terms of the Agreement.

## CONCLUSION

For all of the foregoing reasons, BRM respectfully requests that (x) if the Motion is approved by the Court, then the proposed order submitted with the Motion should be modified to (i) require the Debtors, or any third-party in possession of the Shares, to transfer the Shares to the purported assignee in connection with any assignment of the Agreement and Transaction; and (ii) in connection with any termination of the Agreement, require the Debtors, or any third-party in possession of the Shares, to return the Shares to BRM absent the express written consent of BRM, and (y) all rights of BRM set forth above be preserved.

Dated: New York, New York
November 28, 2008

                                                MORRISON & FOERSTER LLP

By:   /s/ Lorenzo Marinuzzi_____
Lorenzo Marinuzzi
Norman S. Rosenbaum
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Attorneys for BRM Group, Ltd.*