THOMPSON HINE LLP
Martin Eisenberg, Esq.
335 Madison Ave, 12th Floor
New York, NY 10017
(212) 344-5680

*Attorneys for The A.M. McGregor Home*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC., et. al., | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

_____x

**OBJECTION OF THE A.M. MCGREGOR HOME TO DEBTOR'S MOTION FOR
AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY
CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR
ASSUMPTION AND ASSIGMENT OF PREPETITION DERIVATIVE CONTRACTS**

The A.M. McGregor Home ("McGregor"), by and through its undersigned attorneys, hereby submits this Objection (the "Objection") to the Motion of Lehman Brothers Holdings, Inc. and its affiliated debtors, including Lehman Brothers Special Financing, Inc. ("LBSF"), in the above referenced Chapter 11 cases, for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assigment of Prepetition Derivative Contracts (the "Motion"), and in support hereof states as follows:

1. McGregor is a party in interest in these Chapter 11 cases as party to that certain International Swap Dealers Association Master Agreement, dated as of November 28, 2001, and to an interest rate swap transaction thereunder maturing January 01, 2032, with LBSF (the "Swap Agreement").

2. To date, the Swap Agreement remains in effect.

170843

<u>The Motion</u>

3. The Debtors' Motion seeks to establish procedures in connection with *inter alia* assumption and assignment of certain "Derivative Contracts" (defined in the Motion) that have not been terminated by various counterparties (the "Assignment Procedures").

4. The Assignment Procedures vary from the rights of McGregor and the requirements of applicable provisions set forth in the Swap Agreement.

<u>Objection To Motion</u>

5. The Motion impermissibly seeks to impair McGregor's rights under the Swap Agreement which was negotiated with LBSF.

6. First, the Swap Agreement expressly prohibits assignment or transfer of a counterparty's obligations under the Agreement without the consent of the other counterparty. In contrast, the Assignment Procedures indicate that an assignee may automatically be deemed a "Qualified Assignee" if such assignee or its credit support provider has a Standard & Poor's or Fitch credit rating equal to or higher than A- or a Moody's credit rating equal to or higher than A3, or any equivalent thereof." Motion, p. 9. McGregor objects to this provision. The ratings by S&P, Moody's and/or Fitch cannot be relied on as the sole determinative factor to qualify a proposed assignee. McGregor should have the opportunity to consider other factors relating to the choice of a counterparty, including but not limited to (i) aggregate credit exposure to the counterparty and compliance with the counterparty's credit policies, (ii) the impact of any tax or withholding obligations, and (iii) compliance with underlying debt instruments. The Assignment Procedures should not abrogate the right of McGregor and other counterparties to object to any proposed assignee on any valid grounds.

7. Second, the Assignment Procedures provide counterparties with a mere five (5) business days to file an objection to a proposed Assignment Notice (as defined in the Motion). Motion, p.9.  Five (5) business days from the date of service is not sufficient time to *inter alia* evaluate the propriety of any proposed cure amount and/or determine whether the requirement of adequate assurance of future performance has been met.  McGregor submits that counterparties should be provided with at least fifteen (15) business days notice to formulate an objection to an Assignment Notice.

<u>Joinder In Other Objections To Motion</u>

8. McGregor joins in other objections filed in the above captioned Case with respect to the Motion, to the extent not inconsistent with this Objection.

<u>Reservation Of Rights</u>

9. McGregor hereby reserves all of its rights under the Swap Agreement, and reserves all of its rights to submit additional arguments in support of this Objection prior to or during the hearing on the Motion.

<u>Waiver of Memorandum of Law</u>

10. McGregor requests a waiver of the requirement of a memorandum of law under Local Bankruptcy Rule 9013-1(a).

[continued on next page]

WHEREFORE, McGregor respectfully requests that this Court deny the Motion

consistent with this Objection and grant McGregor such other and further relief this Court deems

just and proper.

Dated: November 28, 2008
      New York, New York              Respectfully submitted,
                                        THOMPSON HINE LLP

                                        */s/ Martin Eisenberg, Esq.*
                                        Martin Eisenberg, Esq.
                                        335 Madison Ave, 12th Floor
                                        New York, NY 10017
                                        (212) 344-5680

                                        *Attorneys for A.M. McGregor Home*

170843

4