McGUIREWOODS LLP
Patrick L. Hayden
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105
Telephone:  (212) 548-2100
Facsimile:  (212) 548-2150
-and-
Dion W. Hayes
One James Center
901 East Cary Street
Richmond, VA 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061

**Hearing Date: December 3, 2008, at 10:00 a.m.**
**Objection Deadline: November 28, 2008, at 4:00 p.m.**

Attorneys for The Toronto-Dominion Bank

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*            :    08-13555 (JMP)
                                                   :
                    Debtors.                       :    (Jointly Administered)
                                                   :
------------------------------------------------------x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE TORONTO-DOMINION BANK TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO §§ 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND <u>ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS</u>**

The Toronto-Dominion Bank, by its undersigned attorneys, for its Limited Objection and

Reservation of Rights (the "Objection") to Debtors' Motion for an Order Pursuant to §§ 105 and

365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and

Assignment of Prepetition Derivative Contracts (the "Motion")[1], respectfully states as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings assigned to them in the Motion.

I. **Preliminary Statement**

The Toronto-Dominion Bank and certain affiliates (collectively, "TD") are counterparties to, without limitation, certain ISDA master agreements and master repurchase agreements (collectively, the "TD Agreements") with certain of Lehman Brothers Holdings Inc.'s ("LBHI") affiliates (the "Lehman Entities") (collectively, LBHI and the Lehman Entities are the "Debtors"). LBHI guaranteed certain of the Lehman Entities' obligations under the TD Agreements. LBHI's bankruptcy filing, and other insolvency events of certain of the Lehman Entities, were events of default under the TD Agreements, and TD terminated the TD Agreements substantially contemporaneously therewith.[2]

TD objects to the Motion because, as presently constituted, the Assumption and Assignment Procedures violate 11 U.S.C. § 365 because such procedures improperly apply to Terminated Derivative Contracts and because they improperly prevent contract counterparties from objecting to the assumption of a Terminated Derivative Contract on any grounds available pursuant to applicable law. TD further objects to the Assumption and Assignment Procedures because they fail to recognize a counterparty's valid claims, including those supported by a right of setoff pursuant to applicable law. TD objects to the Termination and Settlement Procedures, which, as presently constituted, provide the Debtors with virtually unfettered discretion to adjust all aspects of the debtor/creditor relationship with the Counterparties without addressing the standard for allowance of claims provided in 11 U.S.C. § 502 or providing parties in interest with notice of the compromise of a claim as required by Federal Rule of Bankruptcy Procedure 9019.

---

[2] TD validly terminated the TD Agreements in accordance with their terms and applicable law. Accordingly, the Assumption and Assignment Procedures cannot apply to the TD Agreements. However, TD files this Objection out of an abundance of caution, and reserving all rights, because the Motion, by its terms, and without justification, applies even to properly terminated agreements.

Additionally, TD objects to the Motion to the extent that it seeks to adjudicate TD's rights in regard to, without limitation, breaches, termination and damages in regard to the TD Agreements.

## II.  Argument

A.  <u>As Presently Constituted, the Assumption and Assignment Procedures are Improper</u>.

1.  Section 365 of the Bankruptcy Code authorizes the Debtors to assume only contracts that have not already terminated under applicable law. However, in paragraph 8 of the Motion, the Debtors request the Court to approve procedures for the assumption of Derivative Contracts, which, by definition, includes Terminated Derivative Contracts as defined in paragraph 12. Motion at ¶¶ 8, 12. TD validly terminated the TD Agreements, and thus the TD Agreements cannot be assumed or assigned.

2.  Further, in paragraph 19(e) of the Motion, the Assumption and Assignment Procedures allow a counterparty to object only on one or more of three grounds: (a) the proposed Cure Amount; (b) the need to cure a default or early termination event; and/or (c) adequate assurance of future performance. <u>Id.</u> at ¶ 19(e). The Assumption and Assignment Procedures violate 11 U.S.C. § 365 by failing to allow a counterparty to contest assumption and assignment on any grounds available pursuant to applicable law, including, without limitation, that the contract proposed to be assumed is ineligible for assumption, or was validly terminated. An action to determine breaches or termination of a contract cannot be heard by a bankruptcy court without the consent of the non-bankrupt party, nor can it be heard simply in conjunction with a proposed assumption and assignment. See <u>In re Orion Pictures Corp.</u>, 4 F.3d 1095 (2nd Cir. 1993). TD does not consent, and reserves all rights in regard thereto.

3

3. The Assumption and Assignment Procedures violate the counterparty's right to assert claims against the Debtors, including claims supported by a right of setoff under applicable law, whether arising under contract or under common law. The assignment of a contract cannot be implemented in a way which diminishes a counterparty's setoff rights. Further, the counterparty's claims against other Debtor entities must be preserved, such as TD's claims against guarantors such as LBHI. As presently constituted, the Assumption and Assignment Procedures fail to require the Debtors to recognize valid claims against the Debtors' bankruptcy estates.

    B.    <u>As Presently Constituted, the Termination and Settlement Procedures are Improper</u>.

4. The Termination and Settlement Procedures authorize the Debtors to "enter into and consummate" a termination agreement with a counterparty, which "may resolve and fix amounts owing between the Debtors and the Counterparty", "provide a release to the Counterparty", and "may address and permit the collateral or margin held by the Debtors to be liquidated or returned." <u>Id</u>. at p. 12, ¶¶ (b), (c), and (d).

5. Federal Rule of Bankruptcy Procedure 9019(a) governs the compromise of controversies in bankruptcy, requiring that notice "shall be given to creditors, the United States trustee, the debtor, and indenture trustees and any other entity as the court may direct." While the Court may fix a class or classes of controversies that can be settled without further hearing or notice, the Debtors have failed to provide the Court with even the most basic information to determine whether that relief is appropriate. By providing the Debtors with the ability to settle claims, provide releases, and liquidate or return collateral, the Termination and Settlement Procedures provide the Debtors with virtually unfettered discretion to control all aspects of the debtor/creditor relationship with respect to the Counterparties. Further, for certain of the

Debtors, settlement of disputes with the Counterparties collectively may determine the course of the bankruptcy cases of those Debtors. Based on the information provided to date, the Debtors have failed to demonstrate that the Termination and Settlement Procedures satisfy Federal Rule of Bankruptcy Procedure 9019.

6. The Termination and Settlement Procedures fail to state whether the amounts "fixed" pursuant to a settlement agreement will constitute an "allowed claim" pursuant to 11 U.S.C. § 502. To the extent the Debtors seek this relief, TD objects because an action to determine damages under a breached or terminated contract cannot be heard by a bankruptcy court without the consent of the non-bankrupt party. See In re Orion Pictures Corp., 4 F.3d 1095 (2nd Cir. 1993). TD does not so consent. Nor does TD consent to the imposition on it of claims resolution procedures. TD reserves all rights in regard thereto.

### III.    Conclusion

WHEREFORE, for the reasons set forth above, TD respectfully requests that this Court enter an order (a) denying the relief requested in the Motion, and (b) granting TD such other and further relief as this Court deems just and proper.[3]

Dated:  November 28, 2008

                McGUIREWOODS LLP

                /s/ Patrick L. Hayden
                Patrick L. Hayden
                1345 Avenue of the Americas
                Seventh Floor
                New York, NY 10105
                Telephone:  (212) 548-2100
                Facsimile:  (212) 548-2150

                -and-

---

[3] TD also reserves the right to assert at the hearing on the Motion any and all other objections to the Motion, including those raised by other parties in their objections.

Dion W. Hayes
One James Center
901 East Cary Street
Richmond, VA 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061

Attorneys for The Toronto-Dominion Bank

\6738535.3