Carmine D. Boccuzzi Jr.
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Goldman Sachs Credit Partners L.P. and*
*GS European Performance Fund Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
: 
----------------------------------------------------------------x

**JOINDER OF GOLDMAN SACHS CREDIT PARTNERS L.P. AND GS EUROPEAN PERFORMANCE FUND LIMITED TO THE OBJECTION OF VARIOUS COUNTERPARTIES TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION OR REJECTION OF OPEN TRADE CONFIRMATIONS**

Goldman Sachs Credit Partners L.P. and GS European Performance Fund Limited (together, "Goldman"), by and through their undersigned counsel, hereby join in the Objection to the Debtors' Motion For an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations (the "Objection"), dated November 26, 2008, filed by Richards Kibbe & Orbe LLP on behalf of various parties (the "Counterparties") and to the extent not inconsistent herewith, incorporates the objections raised therein by reference as if set forth fully herein.

In joining the Objection, Goldman respectfully states as follows:

1. Like the Counterparties to the pending Objection, Goldman is a creditor of Lehman Brothers Commercial Paper, Inc. ("LCPI") and its affiliated debtors in the above-

captioned cases.  Goldman, has claims against LCPI arising from, inter alia, unsettled prepetition open trade forward purchases and sales of commercial loans (the "Trades").

2. Goldman specifically joins the portions of the Objection demonstrating that Debtors may not obtain their requested order "providing that no Counterparty shall be entitled to assert or take any act to exercise a right to set off any prepetition Claim of such Counterparty."  Motion ¶ 36; Objection ¶¶ 24-34.[1]  Issuing such an order would violate Section 553 of the Bankruptcy Code, which specifically preserves any rights that the Counterparties have under non-bankruptcy law to offset mutual, prepetition obligations owing to the Debtors against prepetition obligations owed by the Debtors.  Here, Trades rejected by the Debtors, and Trades assumed by them are eligible for setoff by the Counterparties, including Goldman; the Motion provides no basis to abrogate those rights.  See, e.g., In re Bennett Funding Group, 212 B.R. 206, 212 (B.A.P. 2d Cir. 1997) (setting forth requirements for setoff – existence of prepetition claims and mutuality).

3. First, as Debtors acknowledge, the rejection of any Trade subject to the Debtor's motion creates a prepetition unsecured claim against the relevant Debtor's estate.  Motion ¶ 28.

4. Second, any Trades assumed by Debtors likewise constitute prepetition obligations because "all of the elements necessary to give rise to a legal obligation – 'a right of payment' – under relevant non-bankruptcy law" were present as at the time of each Trade.  In re

---

[1] As established in the Objection, there is no basis for the requested blanket abrogation of Counterparty setoff rights.  Moreover, to the extent Debtors may seek to challenge the setoff rights of a particular Counterparty in the context of a specific transaction or transactions, such a challenge must be adjudicated in the context of a given transaction; otherwise the Court is being asked to render an impermissible advisory opinion.  In re Adelphia Communications Corp., 307 B.R. 432, 437 (Bankr. S.D.N.Y. 2004) (federal courts, including bankruptcy courts, empowered to hear only controversies that are both "sufficiently real and immediate, allowing specific and conclusive relief" and "ripe for adjudication").

Manville Forest Prods. Corp., 209 F.3d 125, 129 (2d Cir. 2000); Motion ¶ 14. Thus, a claim arises "when the right to payment accrues, not when payment is due." In re Communication Dynamics, Inc., 382 B.R. 219, 233-34 (Bankr. D. Del. 2008); see also In re Bousa, Inc., 2006 WL 2864964, Case No. 89-B-13380 (JMP), at *3 (Bankr. S.D.N.Y. Sept. 29, 2006) ("For purposes of setoff, a debt arises when all transactions necessary for liability have occurred, regardless of whether the claim was contingent when the petition was filed" (citing In re Gerth, 991 F.2d 1428, 1422 (8th Cir. 1993)); In re Buckner, 218 B.R. 137, 145-146 (B.A.P. 10th Cir. 1998) (for setoff purposes contingent, unmatured and unliquidated debts qualify as "absolutely owed" so long as such obligations arose prepetition within the meaning of Bankruptcy Code section 101(5)). Here, since the relevant Trade confirmations were entered into prepetition, the debt owing under those contracts arose prepetition for purposes of Section 553.

        5.       Third, the obligations under assumed and rejected Trades are mutual where, as here, the Debtor and any given Counterparty were the same parties to the Trade. This mutuality is not vitiated in the event (as claimed by Debtors), a contract is assumed by a debtor. Indeed, the contrary position – argued by Debtors here – has been rejected repeatedly. See In re Gerth, 991 F.2d 1428, 1432 (8th Cir. 1993) (the "mere assumption of an executory contract does not alter when the obligations under the contract arose"); In re Allen, 135 B.R. 856, 867 (Bankr. N.D. Iowa 1992) (same); In re Mohar, 140 B.R. 273, 277 (Bankr. D. Mont. 1992) (same); In re Affiliated Food Stores, Inc., 123 B.R. 747, 748 (Bankr. N.D. Tex. 1991) ("A creditor has a right to offset mutual claims arising under a prepetition contract without regard to the executory nature of the contract"); In re Ratliff, 79 B.R. 930, 933 (Bankr. D. Colo. 1987).

        6.       Against this weight of authority, Debtors cite two cases, which, since their issuance, have not been followed, and have been criticized by the majority precedent cited

3

above.  Motion ¶ 30 (citing In re Evart, 112 B.R. 405 (Bankr. W.D. Okl. 1989); In re Walat Farms, Inc., 69 B.R. 529 (Bankr. E.D. Mich. 1987)); cf. In re Gerth, 991 F.2d 1428, 1431-32 (8th Cir. 1993) (disagreeing with Walat Farms).  These two outliers are themselves at odds with the Supreme Court's decision in NLRB v. Bildisco & Bildisco, 465 U.S. 513, 528 (1984), which rejected any distinction between a debtor and debtor-in-possession.  Accordingly, Debtors' attempt to abrogate the setoff rights of Goldman in connection with the Trade Confirmations fails.[2]

WHEREFORE, for the reasons set forth herein, Goldman respectfully joins in the Objection and requests that the relief sought therein be made fully applicable to Goldman; and grant such other and further relief as this Court may deem just or proper.

---

[2] Goldman reserves all rights protected by the Bankruptcy Code's financial contract safe harbor provisions, including Sections 362(b)(6), 362(b)(17), 555, 556, 560, 561 and 562 of the Bankruptcy Code, as Trades constitute "swap agreements," "securities contracts" and/or "forward contracts" within the meaning of Sections 101(53), 741(7) and 101(25) of the Bankruptcy Code. "Swap agreement" is defined under section 101(53) of the Bankruptcy Code to include, among other things, a "debt…forward agreement" and the loan trades squarely fit within that definition.  "Forward contract" is defined to include "a contract ... for the purchase, sale, or transfer of a commodity…or any similar good, article, service, right, or interest which is presently or in the future becomes the subject of dealing in the forward contract trade…with a maturity date more than two days after the date the contract is entered into."  The loans that are the subject of the Trades fit within this definition, and the Trades had maturity dates of more than two days.  In addition, some, if not all, of the Trades also qualify as "securities contracts," the definition of which includes, among other things, a contract for the purchase or sale of "mortgage loans" (even though "mortgage loans" are not securities under the federal securities laws). See Bankruptcy Code § 741(7).

4

Dated: New York, New York
November 28, 2008

        Respectfully submitted,

        CLEARY GOTTLIEB STEEN & HAMILTON LLP


        By:   /s/ Carmine D. Buccuzzi Jr.
        Carmine D. Boccuzzi Jr.
        One Liberty Plaza
        New York, New York 10006
        (212) 225-2000

        *Attorneys for Goldman Sachs Credit Partners L.P.*
        *and GS European Performance Fund Limited*