Objection Deadline: November 28, 2008 at 4:00 p.m.
Hearing Date:  December 3, 2008 at 10:00 a.m

Marc Abrams
Shelley C. Chapman
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

Attorneys for Fir Tree Capital Opportunity Master Fund, LP and Fir Tree Value Master Fund LP

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____
                                            )
**In re**                                   )  **Chapter 11**
                                            )
**LEHMAN BROTHERS HOLDINGS INC., et al.**   )  **Case No. 08-13555 (JMP)**
                                            )
         **Debtors.**[1]                    )  **(Jointly Administered)**
_____ )


**LIMITED OBJECTION OF FIR TREE CAPITAL OPPORTUNITY
MASTER FUND, LP AND FIR TREE VALUE MASTER FUND LP,
TO THE DEBTORS' MOTION FOR AN ORDER PURSUANT TO
SECTION 365 OF THE BANKRUPTCY CODE APPROVING
THE ASSUMPTION OR REJECTION OF OPEN TRADE CONFIRMATIONS**

Fir Tree Capital Opportunity Master Fund, LP and Fir Tree Value Master Fund LP (collectively, "Fir Tree"), hereby submit this limited objection (the "Objection") to the Debtors' Motion For An Order Pursuant To Section 365 of The Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations.  In support of this Objection, Fir Tree respectfully states as follows:

---

[1] As of the date of the filing of this Objection, the Debtors in these cases are: (i) Lehman Brothers Holdings Inc.; (ii) Lehman Brothers Derivative Products Inc.; (iii) Lehman Commercial Paper Inc.; (iv) Lehman Brothers Commercial Corporation; (v) Lehman Brothers Financial Products Inc.; (vi) Fundo de Investimiento Multimercado Credito Privado; (vii) Lehman Scottish Finance L.P.; (viii) CES Aviation LLC ; (ix) CES Aviation V LLC; (x) CES Aviation IX LLC; (xi) East Dover Limited; (xii) Lehman Brothers Commodity Services Inc.; (xiii) Lehman Brothers Finance SA; (xiv) Lehman Brothers Special Financing Inc.; (xv) Lehman Brothers OTC Derivatives Inc.; (xvi)  PAMI Statler Arms LLC; and (xvii) LB 745 LLC.

4510883

## BACKGROUND

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holding Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Certain of the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

## OBJECTION

4. Fir Tree is listed as a Counterparty to several trades listed in the Assumed Trade exhibit to the Debtors' Motion. Specifically, Fir Tree is listed as the buyer in the following Assumed Trades: (A) four Assumed Trades relating to the debt of CIT Group, Inc. with trade dates of July 31, 2008, and August 5, 2008 (see Debtors' Motion, Exhibit A, p. 1 (listed thereon as Deal Name "CIT Group, Inc. 5YR (Citi-12/6/06)")) (collectively, the "CIT Trades") and (B) four Assumed Trades relating to the debt of ProSieben Holdco with trade dates of April 17, 2008 and April 22, 2008 (see Debtors' Motion, Exhibit A, p. 1 (listed thereon as Deal Name "Lavena Senior

4510883

(2 Mar 07) ProSiebenHoldco")).  Collectively, we refer to the Assumed Trades between the Debtors and Fir Tree as the "Fir Tree Assumed Trades").

5. The Debtors appear to be asking the Court, in both the Motion and the form of order submitted, (a) to order that the Debtors are not required to pay any cure costs to any counterparty to an Assumed Trade, and (b) to prohibit the exercise of setoff rights under § 553 of the Bankruptcy Code.

6. Fir Tree's concerns are simple.  First, in the light of the passage of time between the trade date on each of the Fir Tree Assumed Trades and the prospective settlement date, there may be amounts due and owing by the Debtor party to the trade to Fir Tree (e.g., the Debtor party may have received payments of principal and/or interest in the interim time period).  By agreement of the Debtors and Fir Tree, each of the Fir Tree Assumed Trades is governed by the terms of the Loan Syndications and Trading Association ("LSTA") Standard Terms and Conditions for Par/Near Par Trade Confirmations, published by the LSTA as of December 1, 2006 (the "Standard Terms").  Pursuant to the Standard Terms, the amount Fir Tree pays to the Debtor party on settlement of the Fir Tree Assumed Trades should be reduced for payments received following the trade date by the Debtors (and increased by the amount of any delayed compensation owed to the Debtors).  See Standard Terms, Sections 4, 5 and 6.  The Debtors should not be permitted to assume the Fir Tree Assumed Trades without assuming each in its entirety, subject to all applicable provisions of the Standard Terms.

7. Accordingly, Fir Tree reserves its rights to assert, upon settlement of each the Fir Tree Assumed Trades, that its obligation to pay the Debtors should be determined in accordance with the Standard Terms and reduced or increased by any and all amounts the Debtors owe Fir Tree or Fir Tree owes the Debtors with respect to each of the Assumed Trades.

4510883

8.  Second, Fir Tree requests that the Debtors clarify their intentions with respect to the CIT Trades. The CIT Trades pertain to bank loans made to CIT Group, Inc. ("CIT") pursuant to a 5-Year Credit Agreement, dated as of December 6, 2006 (as amended, the "CIT Credit Agreement"), among CIT, certain lenders parties thereto (including one or more Debtors) and Citibank, N.A., as administrative agent. Pursuant to the CIT Credit Agreement, CIT has the right to approve or deny any assignment of loans by lenders party to the CIT Credit Agreement. Following the trade dates in respect of the CIT Trades, CIT indicated its denial of permission for Fir Tree to act as a lender under the CIT Credit Agreement. The Standard Terms provide several paths for addressing such a denial, including settlement of the CIT Trades as participations, instead of as assignments, and the agreement of "a mutually agreeable alternative structure or other arrangement that affords Buyer and Seller the economic equivalent of the agreed-upon trade." See Standard Terms, Section 1. Alternatively, the Standard Terms provide a mechanism for settling trades by reference to market "sell-out" prices. See Standard Terms, Section 18. Despite Fir Tree's best efforts to obtain clarification from the Debtors and their counsel, it remains unclear as to how the Debtors intend to settle the CIT Trades.

9.  Accordingly, given the uncertain status of the CIT Trades, Fir Tree reserves its rights to assert, upon settlement of each the CIT Trades, that its obligation to pay the Debtors should be determined in accordance with the Standard Terms and not by simple reference to the relevant trade confirmation or otherwise.

10.  In addition, Fir Tree objects to the Debtors' wholesale attempt to preclude the assertion of setoff rights with respect to the Assumed Trades. The caselaw does not support such an approach, and the Debtors have failed to demonstrate an equitable basis for the relief requested. The Debtors should not be permitted to foreclose Fir Tree's rights to assert and exercise

- 4 -

4510883

setoff rights it may have, as and when it is appropriate to do so, and Fir Tree expressly reserves its rights in that regard.

## CONCLUSION

WHEREFORE, Fir Tree respectfully requests that the Court deny the Motion unless modified by the relief requested herein and grant such further relief as the Court deems just and proper.

Dated: New York, New York
November 28, 2008

**WILLKIE FARR & GALLAGHER LLP**

By: /s/ Shelley C. Chapman
    Marc Abrams
    Shelley C. Chapman

787 Seventh Avenue
New York, New York 10019
(212) 728-8000

*Attorneys for Fir Tree Capital Opportunity Master Fund, LP and Fir Tree Value Master Fund LP*