UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re:                                              :     Chapter 11
                                                    :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*  :     Case No. 08-13555 (JMP)
                                                    :
            Debtors.                                :     (Jointly Administered)
---------------------------------------------------------------- x

COMMONWEALTH OF MASSACHUSETTS    )
                                 ) ss
COUNTY OF SUFFOLK                )

**AFFIDAVIT OF CHRISTOPHER J. FLYNN IN SUPPORT OF THE OBJECTION OF THL CREDIT PARTNERS, L.P. TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION OR REJECTION OF OPEN TRADE CONFIRMATIONS**

CHRISTOPHER J. FLYNN, being duly sworn, deposes and says:

1. I am a Vice President at THL Credit Group, L.P. and am responsible for underwriting new debt investments and handling trading activities for various funds and entities. I submit this Affidavit in support of the Objection of THL Credit Partners, L.P. ("THLC") to the Notice of Debtors' Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 1541].

2. THLC has never been party to any trade with Lehman Commercial Paper, Inc. ("LCPI") for debt under that certain Bridge Loan Agreement dated as of May 10, 2006 among NTK Holdings, Inc., various lenders, and Goldman Sachs Credit Partners L.P. as administrative agent (the "Nortek Holdings Bank Debt"). Rather, in September 2008 I expressed an interest in such a trade on behalf of various funds and entities. On September 15, 2008, I settled on a price for a potential purchase from LCPI for $27,000,000 in principal amount of the Nortek Holdings Bank Debt at a purchase rate of 35.000% (or $9,450,000.00). The negotiations always

- 1 –

contemplated that I was investigating and negotiating a trade for one or more other entities, which included THL Nortek (Luxembourg) S.A.R.L., a limited liability entity created under the laws of Luxenbourg ("THL Luxco").  I promptly informed LCPI of the initial allocation of the trade (to THL Luxco and two other funds, neither of which was THL Credit Partners, L.P.) during the day on September 16, 2008, and then revised the allocation late that same day to be just to THL Luxco.

3.  During the following week, we negotiated the terms of a trade confirmation with LCPI, and drafts and the final confirmation listed THL Luxco as the counterparty for this trade with LCPI.  LCPI accepted that counterparty.  On September 23, 2008, more than eight business days before LCPI filed for bankruptcy, THL Luxco sent LCPI a signed trade confirmation (the "Trade Confirmation") regarding the proposed trade.  A true and correct copy of the Trade Confirmation is attached hereto as Exhibit A, and a true and correct copy of the applicable LSTA Standard Terms and Conditions for Distressed Trades are attached as Exhibit B.  Pursuant to paragraphs 18 and 22 of the LSTA Standard Terms and Conditions, LCPI agrees that the entity signing the trade confirmation is the counterparty that is bound.

4.  In accordance with the general market practice for settling bank debt trades, the Trade Confirmation should have been promptly signed and then the Nortek Holdings Bank Debt trade should have settled as soon as practicable (the "Settlement Date").

5.  On behalf of THL Luxco I repeatedly contacted LCPI regarding the trade prior to LCPI's petition date, but neither I nor THL Luxco ever received any substantive response.

6.  LCPI filed for bankruptcy on October 5, 2008.  Neither I nor THL Luxco received any notice, communication, or direction from LCPI as to whether LCPI would assume the trade

- 3 –

of the Nortek Holdings Bank Debt with THL Luxco.  On November 5, 2008, more than four weeks after the Petition Date, LCPI finally informed me by e-mail that it was planning to assume a trade with THLC.

7.  LCPI never signed the Trade Confirmation, and, in any event, LCPI did not consummate any trade with THL Luxco on the Settlement Date.

Signed under pains and penalties of perjury this 28th day of November, 2008.

                                     */s/ Christopher J. Flynn*
                                     CHRISTOPHER J. FLYNN