UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re:                                                        :    Chapter 11
                                                              :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*                      :    Case No. 08-13555 (JMP)
                                                              :
          Debtors.                                           :    (Jointly Administered)
------------------------------------------------------------- x

COMMONWEALTH OF MASSACHUSETTS    )
                                 ) ss
COUNTY OF SUFFOLK                )

**AFFIDAVIT OF JOSHUA NELSON IN SUPPORT OF THE OBJECTION OF THL CREDIT PARTNERS, L.P. TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION OR REJECTION OF OPEN TRADE CONFIRMATIONS**

    I, JOSHUA NELSON, being duly sworn, deposes and says:

    1.  I am an authorized agent of THL Nortek (Luxembourg) S.A.R.L., a limited liability entity created under the laws of Luxenbourg ("THL Luxco"), and my responsibilities include matters relating to a trade with Lehman Commercial Paper, Inc. ("LCPI") for debt under that certain Bridge Loan Agreement dated as of May 10, 2006 among NTK Holdings, Inc., various lenders, and Goldman Sachs Credit Partners L.P. as administrative agent (the "Nortek Holdings Bank Debt").  I submit this Affidavit in support of the Objection of THL Credit Partners, L.P. ("THLC") to the Notice of Debtors' Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 1541].

    2.  As of October 5, 2008, THL Luxco did not know if LCPI would complete the trade of the Nortek Holdings Bank Debt.  Over the next several days, THL Luxco considered whether, in light of all the circumstances, THL Luxco wanted to have the position in Nortek Holdings Bank

- 2 –

Debt that was the subject of the trade that LCPI had not executed.  THL Luxco rapidly concluded that it did not want this position from LCPI.  THL Luxco, however, could not have taken action to reduce any potential losses because it was not able to sell the Nortek Holdings Bank Debt or otherwise hedge the trade because it did not know if LCPI believed there was a trade or would complete the trade.

     3.  If THL Luxco would have known LCPI would attempt to enforce the trade that it had not signed and had repudiated, and instead assume the trade, as of October 5, 2008, THL Luxco could have averted actual pecuniary losses in an amount equal to the difference between the price on the date that LCPI should have closed (not later than the day before the petition date) and the date on which LCPI actually assumes the trade.

     Signed under pains and penalties of perjury this 28th day of November, 2008.

                                                  */s/ Joshua Nelson*
                                                  JOSHUA NELSON