DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone:  212.259.8000
Facsimile:  212.259.6333
Martin J. Bienenstock, Esq.
Irena Goldstein, Esq.

Attorneys for The Walt Disney Company

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------- x
                                                            :
**In re**                                                   :   **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,**                          :   **08-13555 (JMP)**
*et al.*                                                    :
         **Debtors.**                                       :   **(Jointly Administered)**
                                                            :
----------------------------------------------------------- x

**OBJECTION OF THE WALT DISNEY COMPANY TO DEBTORS' MOTION
FOR ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY
CODE ESTABLISHING PROCEDURES FOR SETTLEMENT OR ASSUMPTION <u>AND
ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

      1.      The Walt Disney Company ("<u>TWDC</u>") submits this objection (the "<u>Objection</u>") to the motion (the "<u>Motion</u>") of Lehman Brothers Holdings, Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors-in-possession (together, the "<u>Debtors</u>") for an order establishing procedures for the settlement or assumption and assignment of the Debtors' prepetition derivative contracts (the "<u>Derivative Contracts</u>") pursuant to sections 105 and 365 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and respectfully represents:

NYA 587183.2

**BACKGROUND**

2. LBHI and Lehman Brothers Commercial Corp. ("LBCC") filed for relief under chapter 11 of the Bankruptcy Code on or about September 15 and October 5, 2008, respectively. Certain other direct and indirect subsidiaries of LBHI (the "Subsidiaries") also commenced chapter 11 cases in that interval. The Debtors' cases are jointly administered under the above-captioned number, but not substantively consolidated.

3. TWDC is a creditor of LBHI and LBCC as a result of certain foreign exchange transactions between TWDC and LBCC, guaranteed by LBHI, entered into prior to each entity's bankruptcy filing. As of today, TWDC is owed approximately $92 million from LBCC which was guaranteed by LBHI. As of LBHI's petition date, TWDC's guaranty claim was approximately $107 million.

4. The Debtors now seek an order approving proposed procedures (the "Procedures") for the assumption and assignment and termination and settlement of their Derivative Contracts. The Motion should be denied or conditioned on certain creditor protections because the relief requested would, among other things, vest the liquidating Debtors and their professionals with power to favor one debtor over another such as LBCC without scrutiny and potentially to impair unfairly TWDC's contract rights.

**OBJECTION**

5. As described below, the Debtors' Procedures raise numerous important issues impacting TWDC, as well as other creditors holding unsecured claims against the Subsidiaries.

6. In general the obligations of Subsidiaries under Derivative Contracts are guaranteed by LBHI. Thus, multiple Debtors often have an interest in the outcome of the

2

treatment of a particular Derivative Contract. The proposed Procedures grant the "the Debtors" almost exclusive authority over how Derivative Contracts are to be treated (Motion ¶ 19). However, when there is a lack of completely consistent interests among the Debtors regarding the treatment of Derivative Contracts, the Motion does not provide a mechanism for resolving such a dispute, and, as a result, the amounts that will ultimately be available to satisfy any particular Debtor's creditors will, if the proposed Procedures are accepted, be determined by liquidating Debtors whose decision making will be unchecked by the need to maintain long term business relationships with their creditors.

7. In addition, with respect to Derivative Contracts which are to be assumed and assigned in which the obligations of Subsidiaries are guaranteed by LBHI, the Motion does not address whether such contracts may be assumed and assigned without making LBHI's guaranty an administrative claim. Presumably, the non-debtor counterparty would not have entered into a Derivative Contract with a Subsidiary without the guarantee of LBHI. These contracts may be one integrated agreement for those purposes and the Debtors cannot cherry pick among those agreements, depriving the counterparties of their claims against LBHI under the guarantee, while causing a subsidiary to assume a contract that the counterparty would never have entered into without LBHI's guaranty. *See*, *e.g.*, *In re Atlantic Computer Sys., Inc.*, 173 B.R. 844 (S.D.N.Y. 1994) (as integrated agreements, the debtor could not individually assume or reject a master lease, equipment schedules, and "flexleases"). Assumption or reinstatement of LBHI's obligations under the guarantee may create extensive administrative claims against LBHI's estates, about which the motion is silent. *See*, *e.g.*, *In re Boston Post Road Ltd. P'ship*, 21 F.3d 477, 484 (2d Cir. 1994) (once assumed, damages flowing from a post-assumption breach are entitled to administrative claim status); *In re Frontier Prop., Inc.*, 979 F.2d 1358, 1367 (9th

Cir. 1992) ("when a trustee assumes and then rejects an executory contract, however, all of the liabilities flowing from that rejection are entitled to priority as administrative expenses of the estate").

8. Further, the Motion proposes Procedures for the resolution of issues relating to Derivative Contracts in which counterparties have exercised their termination rights (the "Terminated Derivative Contracts") (Motion ¶ 19). However, certain Terminated Derivative Contracts may still be executory contracts under section 365 of the Bankruptcy Code. An executory contract is one "on which performance remains due to some extent on both sides." *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 998-99 (2d Cir. 1996). With respect to Terminated Derivative Contracts, although amounts owing between the Debtors and the counterparty may have been fixed as of the termination date, the Debtors and the counterparty may have continuing obligations, *i.e.* regarding the return of collateral or property under such contracts. If Terminated Derivative Contracts are executory contracts, such contracts may still be assumed and assigned. However, the Procedures either do not allow for such an assumption and assignment, or provide for it implicitly without requiring notice, hearing, and court approval (Motion ¶ 19).

9. Also, pursuant to the Motion, the Debtors, through Bryan P. Marsal as Chief Restructuring Officer and additional personnel of Alvarez & Marsal North America, LLC, are the only parties deciding whether the Debtors should settle or assume and assign the Derivative Contracts. Indeed, under the Procedures, the Debtors are only required to seek input from the statutory creditors' committee (the "Committee") with respect to the assumption and assignment of a Derivative Contract in the event the Debtors are unable to attract four bids for such Contract (Motion ¶ 19). In other words, the Committee will have no say in the initial decision to assume and assign a Derivatives Contract.

NYA 587183.2

10. As the Debtors are mere stakeholders temporarily holding property of the estate until such property can be distributed among the Debtors' creditors, why is the Committee or a subcommittee thereof, not necessary to all the material decisions to be made? Indeed, the proposed lack of oversight is particularly troubling in this case because the Debtors' have no interest in maintaining ongoing business relationships with their creditors but at the same time are seeking the virtually unfettered discretion to make decisions that could end up unfairly favoring one group of creditors over another by putting money into the account of one of the Debtors instead of another.

11. Finally, as the Committee was created before most all the subsidiary debtors had commenced chapter 11 cases and it has several members who are indenture trustees for bonds issued by LBHI whose interests on any interdebtor issue are diametrically opposed to LBCC because they are only creditors of LBHI. There is no statutory committee representing the Subsidiaries, there is little protection for Subsidiaries whose interests may or may not be treated fairly in transactions guaranteed by LBHI. Before the Debtors are given free reign to settle or assume and assign the Derivative Contracts, additional mechanisms should be instituted to (i) review whether the Debtors' proposed treatment of the Derivative Contracts is fair to each subsidiary, and (ii) allocate the value and liabilities created by the Debtors' treatment of the Derivative Contracts after the fact.

## CONCLUSION

WHEREFORE TWDC requests that this Court deny the Motion or condition it on protections providing for (a) notice and hearings when terminated contracts are still executory, (b) evaluations of each transaction from the viewpoint of each subsidiary impacted by the

transaction, and (c) Committee input into each transaction, and grant TWDC such other and

further relief as is equitable and just.

Dated: New York, NY  
       November 28, 2008

DEWEY & LEBOEUF LLP

/s/ Martin J. Bienenstock  
Martin J. Bienenstock, Esq.  
Irena Goldstein, Esq.  
1301 Avenue of the Americas  
New York, New York 10019  
Telephone:  212.259.8000  
Facsimile:  212.259.6333

NY3 3016248.1 230054 000003 11/28/2008 01:10pm

NYA 587183.2