LOVELLS LLP
Robin E. Keller, Esq.
Matthew Morris, Esq.
590 Madison Avenue
New York, New York 10022
Telephone: (212) 909-0600
Facsimile: (212) 909-0660
Attorneys for Standard Chartered Bank and Certain Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                              :
                                                    :    Chapter 11
LEHMAN BROTHERS HOLDING INC., et. al.,              :
                                                    :
               Debtors.                             :    Case No. 08-13555 (jmp)
                                                    :
                                                    :    (Jointly Administered)
                                                    :
---------------------------------------------------------------X

**LIMITED OBJECTION OF STANDARD CHARTERED BANK TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS**

Standard Chartered Bank and certain of its affiliated entities (collectively, "SCB"), by and through its undersigned counsel, hereby submits this limited objection to the motion of the Debtors[1] for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code for the Settlement or Assumption and Assignment of Prepetition Derivatives Contracts (the "Motion"), and respectfully states as follows:[2]

**Preliminary Statement**

1. By the Motion, the Debtors seek to establish procedures for the settlement of an estimated 733,000 terminated Derivative Contracts and for the assumption and assignment of

---
[1] Unless otherwise noted, all capitalized terms have the meaning ascribed in the Motion.
[2] SCB has entered a limited appearance in these Cases solely for the purpose of making this limited objection. In so doing, SCB does not submit itself or otherwise consent or acquiesce to the jurisdiction of this Court, or any other court of the United States, for any purpose other than with respect to this limited objection. In addition, by filing this limited objection, SCB does not waive any, and hereby reserves all, of its rights to object on jurisdictional grounds to the application of the Motion to it, if ordered by this Court, or any other order of this Court, or any other court in the United States.

approximately 200,000 open Derivative Contracts. The procedures proposed by the Debtors, as may ultimately be approved by the Court, will affect the contractual rights of thousands of the Debtors' trading counterparties. Prior to the Debtors' bankruptcy filings, SCB was party to several Derivative Contracts with various of the Debtors, all of which it has terminated. SCB does not, in principle, oppose the establishment of some form of protocol for the settlement of Derivative Contracts in order to streamline the close-out of the Debtors' derivative trading positions and expedite recovery of amounts owed to Counterparties. Such a protocol, however, should be clear, equitable, in accordance with applicable law, and structured to ensure the protection of Counterparty rights. That is not the case with the Termination and Settlement Procedures submitted by the Debtors.

2. As a Counterparty to terminated contracts that may be subject to the Termination and Settlement Procedures proposed in the Motion (as may be modified and ordered by the Court), SCB has the following objections as set out below.

## Limited Objection

3. The Termination and Settlement Procedures set forth in the Motion all revolve around the prospect of a "termination agreement," which the Debtors "may" enter into and which "may" include any of the features thereafter described--*i.e.*, resolution and fixing of amounts owing; counterparty releases; and the return or liquidation of collateral or margin. *See* Motion at 12, Paragraphs (a)-(d). The Termination and Settlement Procedures say nothing beyond that the Debtors *might* enter into a termination agreement that *might* contain a few general features. They provide no clear mechanism for resolving the termination damages with respect to the estimated 733,000 Derivative Contracts that have already been terminated.

4. In light of the ambiguity surrounding the Termination and Settlement Procedures, SCB hereby objects to such procedures insofar as they purport to supersede the express terms and conditions of the Derivative Contracts regarding, among other things, rights to collateral, closeout

mechanisms, setoff and valuation. Therefore, in order to protect the bargained-for rights of Counterparties, the Termination and Settlement Procedures must be revised to reflect that they are not intended to, and do not, supersede the express terms and conditions of the Derivative Contracts and that, to the extent the Termination and Settlement Procedures conflict with the provisions of a Derivative Contract, the express terms and conditions of the Derivative Contract shall govern.

5.  In addition, the following questions should be addressed before the Termination and Settlement Procedures are approved:

- How do the Debtors propose to settle claims arising from terminated contracts if they do not enter into a termination agreement?

- What is the timetable for settling terminated contracts, whether by agreement or otherwise?

- How will the Debtors select Counterparties with whom they will negotiate such termination agreements, and how will such Counterparties know if they are being treated fairly and with uniformly applied criteria for factual and legal determinations, as between similarly situated Counterparties?

- If a termination agreement does not resolve and fix amounts owing, what will be the resolution process? Will mediation be employed (like, for example, the mediation procedure used with respect to the terminated energy trading contracts in the Enron chapter 11 case (In re Enron Corp., et al. (Case No. 01-16034) (AJG) (Bankr. S.D.N.Y. 2001) [Doc No. 9533])?

- Can counterparties elect either to trigger an informal negotiation process, or to opt out of it and commence a more formal claim determination process?

- Will there be an opportunity for parties to brief disputed issues of law in connection with informal negotiations in order to establish guidelines or ground rules, and, if necessary, to obtain a court ruling prior to entering into negotiations with the Debtors?

- Will there be procedures for discovery of facts, documents, and witnesses in connection with the informal negotiations, and how will those procedures be set and implemented?

- Will each Debtor apply the same settlement standards and legal review?

- If settlement is reached, how does a Counterparty obtain a final court order approving the settlement so that it knows that the settlement will not be revisited by third parties, or by the Debtors themselves should they ultimately conclude they would like a different outcome?

6.      The Termination and Settlement Procedures, as set out in the Motion, give the impression that thus far the Debtors have paid little attention to the detailed mechanics required to resolve the hundreds of thousands of terminated Derivative Contracts they are a party to. It is, in fact, hard to know just what relief the Debtors seek with respect to the terminated derivatives. Some form of Court-ordered procedure may well speed the process and reduce time and expense for the Debtors and Counterparties alike. To be effective, however, such procedures have to employ an ascertainable structure and guidelines for negotiating facts and resolving legal disputes so that Counterparties can understand the process in advance and make sure that their interests are protected. In short, the procedures need to be thought through, and spelled out, and that does not appear to be the case with those propounded in the Motion.

## Reservation of Rights

SCB reserves any and all applicable rights at law and/or equity, including the right to amend or supplement this limited objection and to join in the objection of any other Counterparty or other party to the Motion.

## Relief Requested

SCB respectfully requests that the Court require the Debtors to modify the Termination and Settlement Procedures to address the above objections and questions and to otherwise clarify the proposed procedures, and grant such other and further relief as may be just and proper.

November 28, 2008
New York, New York

Lovells LLP
By: /s/ *Robin E. Keller*

Robin E. Keller, Esq.
Matthew Morris, Esq.
590 Madison Avenue
New York, NY 10022
Telephone: 212-909-0600
Facsimile: 212-909-0660

*Attorneys for Standard Chartered Bank and certain of its affiliates*