| | |
|---|---|
| KELLEY DRYE & WARREN LLP<br>Eric R. Wilson (EW 4302)<br>Howard S. Steel (HS 5515)<br>101 Park Avenue<br>New York, New York 10178<br>Tel: 212-808-7800<br>Fax: 212-808-7897 | Hearing Date: **December 3, 2008 at 10:00 a.m. (ET)**<br>Objection Deadline: **November 28, 2008 at 4:00 p.m. (ET)** |

Attorneys for Tullett Prebon Holdings Corporation[1]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | ) | Case No. 08-13555 (JMP) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**TULLETT PREBON HOLDINGS CORPORATION'S LIMITED OBJECTION TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR SETTLEMENT OR ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS**

Tullett Prebon Holdings Corporation and its subsidiaries, Tullett Prebon (Europe) Limited and its subsidiaries, Tullett Prebon (Securities) Limited and its subsidiaries, Tullett Prebon Canada Limited and its subsidiaries, and Tullett Prebon (Singapore) Limited and its subsidiaries (collectively, "Tullet Prebon"), by and through its counsel, Kelley Drye & Warren LLP, hereby submits this limited objection (the "Objection") to the Debtors' Motion (the "Motion") for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative

---

[1] For purposes of this objection, Tullett Prebon Holdings Corporation includes its subsidiaries, and Tullett Prebon (Europe) Limited, Tullet Prebon (Securities) Limited, Tullett Prebon Canada Limited, Tullett Prebon (Singapore) Limited, and their respective subsidiaries.

Contracts, dated November 13, 2008 (Docket No. 1498). In support, Tullett Prebon respectfully states as follows:

## PRELIMINARY STATEMENT

1. By the Motion, the Debtors seek to replace or modify the procedures specified by section 365 of the Bankruptcy Code and Bankruptcy Rule 6006 with truncated procedures for assumption and assignment of derivative contracts under section 365 of the Bankruptcy Code. (Mot. ¶ 19). The Debtors generally seek to impose inadequate notice and response dates, dispense with identifying the proposed assignee in certain circumstances, and limit the grounds for objecting to adequate assurance of future performance of the assignee under the derivative contract. While Tullett Prebon does not object to establishing assumption and assignment procedures for derivative contracts as a general proposition, Tullett Prebon objects to the proposed procedures on the grounds that they would deprive Tullett Prebon of the protections of section 365 of the Bankruptcy Code.

## BACKGROUND

2. On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since then, numerous affiliates of LBHI (together with LBHI, the "Debtors") have likewise filed voluntary chapter 11 petitions.

3. Prepetition, Tullett Prebon and the Debtors entered into several derivative contracts. Upon information and belief, to date, Tullett Prebon has not exercised its termination rights on certain of the derivative contracts, with such termination rights not waived but fully reserved.[2]

---

[2] In footnote 2 to the Motion (Mot. at p. 4), the Debtors reserve the right to assert that counterparties have waived the right to terminate on account of the Debtors' bankruptcies or financial condition. Tullett Prebon denies that it has waived its termination rights and reserves all of its rights.

2

## ARGUMENT

4. The proposed assumption and assignment procedures would improperly deprive Tullett Prebon of many of the protections of section 365 of the Bankruptcy Code. Pursuant to section 365(f) of the Bankruptcy Code, a debtor may assume and assign an executory contract only if the debtor (i) meets the requirements of section 365(b)(1) of the Bankruptcy Code for assumption of the contract and (ii) provides adequate assurance of future performance by the proposed assignee under the contract. "Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was 'to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance.'" *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996) (quoting *In re Superior Toy & Mfg Co.*, 78 F.3d 1169, 1174 (7th Cir. 1996)). The procedures proposed by the Debtors provide no such insurance but instead work to limit and undermine Tullett Prebon's rights under section 365.[3]

      **A.**    **The Proposed Notice Procedures Would Wrongly Deprive Tullett Prebon of Meaningful Opportunity to Object to Assumption and Assignment**

5. The proposed procedures afford inadequate notice of the proposed assumption and assignment of Tullett Prebon's derivative contracts. As a result, Tullett Prebon would be deprived of a meaningful opportunity to object to the proposed assumption and assignment of its derivative contracts and, if unable to resolve its objections, to have a hearing on the merits.

6. Bankruptcy Rule 6006 governing assumption and assignment of executory contracts incorporates the procedures of Bankruptcy Rule 9014. Rule 9014 provides that "*reasonable* notice and opportunity for hearing *shall be afforded* the party against whom relief is sought." Fed. R. Bankr. P. 9014(a) (emphasis added); *cf. In re Burger Boys, Inc.*, 94 F.3d 755,

---

[3] The orders cited by the Debtors in paragraph 21 of the Motion as creating similar procedures for the assignment or settlement of derivative contracts in the *NRG Energy*, *Mirant*, and *Enron* bankruptcy cases address only settlement procedures and do not establish assignment procedures.

3

763 (2d Cir. 1996) (formal motion and opportunity to oppose motion required for assumption of unexpired lease; lower court erred in allowing debtor merely to file election of assumption). These requirements of court approval and a hearing after reasonable notice "provide necessary safeguards" to parties forced to maintain contractual relations with an assignee of the debtor. *In re National Gypsum Co.*, 208 F.3d 498, 512 (5th Cir. 2000). "Notice as a procedural safeguard cannot expand or contract based solely upon the procedural choice of the debtor when the ramifications to the non-debtor party are no less severe." *Id.* (notice requirements when assumption occurs pursuant to plan do not differ from those when assumption occurs pursuant to motion).

7. Under the proposed procedures, the Debtors would have to provide only five business days notice of the assumption and assignment. (Mot. ¶ 19(a)). In that short time, Tullett Prebon would have to investigate and analyze the financial condition of the proposed assignee (if one is even identified) and serve the Debtors' counsel with its objection to the proposed assumption and assignment. This is insufficient time to perform such investigation and analysis. At a minimum counterparties should be afforded fifteen (15) business days notice.

8. The proposed procedures are also inadequate because they would permit assignment of the derivative contracts without the Debtors even identifying the proposed assignee to the counterparty before the assignment. As proposed, the Debtors would not need to specify the identity of the proposed assignee in the notice to the counterparty, but rather would be able simply to state that any assignee or its credit support provider shall have a Standard & Poor's or Fitch credit rating equal to or higher than A- or a Moody's credit rating equal to or higher than A3, or any equivalent thereof (a "Qualified Assignee"). (Mot. ¶ 19(b)). The assignment may then take place without notifying the counterparty of the assignee's identity beforehand (and indeed nothing in the proposed procedures requires the Debtors to notify the

4

counterparty of the identity of the assignee even after the assignment takes place). Similar procedures have previously been rejected as insufficient to meet the notice requirements of Bankruptcy Rules 6006 and 9014. *See In re Golden Books Family Entm't., Inc.*, 269 B.R. 300, 306 (D. Del. 2001) (notice of sale procedures providing that nondebtor's contracts were subject to assumption and assignment to winning bidder of debtor's assets found to be insufficient notice of eventual assignee). Counterparties should be notified of the identity of the proposed assignee in sufficient time to object to the assignment before its consummation.

9. Finally, the proposed procedures fail to require timely notice to the counterparty of the consummation of the assignment and the particulars of the assignee. The only requirement is that the Debtors provide notice of the effective date of an assignment within an unspecified "reasonable time period" after consummation of the assignment. (Mot. ¶ 19(j)). Such notice should be provided as soon as practicable after consummation and should not only include notice of the assignment's effective date but also confirm the identity of the assignee and its contact information.

### B. The Proposed Procedures Wrongly Serve to Limit the Grounds to Object to the Proposed Adequate Assurance of Future Performance

10. Adequate assurance of future performance "provides needed protection to the non-debtor party because the assignment relieves the trustee and the bankruptcy estate from liability for breaches arising after the assignment." *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 (3d Cir. 2001). "What constitutes . . . 'adequate assurance of future performance' must be determined by consideration of the facts of the proposed assumption." *Id.* n.10. "Assumption [and assignment] . . . is subject to court approval based on a review of the totality of the circumstances." *In re U.S. Wireless Data, Inc.*, 2008 WL 4724366, at *2 (2d Cir. Oct. 29, 2008).

11. The Debtors wrongly seek to limit the grounds for objection and narrow the scope of the adequate assurance inquiry. Specifically, the Debtors propose that any counterparty

5

will be deemed to have received adequate assurance of future performance under the derivative contract if either (i) an assignee or its credit support provider is a Qualified Assignee or (ii) the Debtors, after payment of any cure amounts, would no longer have any payment or delivery obligations under the derivative contracts. (Mot. ¶ 19(c)). A counterparty would be precluded from objecting to the proposed adequate assurance if an assignee or its credit support provider is a Qualified Assignee. (Mot. ¶ 19(e); Proposed Order at pp. 6-7).

12. The Debtors make no showing that a so-called "Qualified Assignee," as determined by any predetermined credit rating (much less the inadequate ratings proposed by the Debtors), should automatically qualify as an acceptable assignee. Especially in today's financial markets, credit ratings have proven to be unreliable and subject to rapid change; hence, adequate protection must be determined "based on the totality of the circumstances," *Wireless Data*, *supra*, at the time of a particular proposed assignment and not by a predetermined one-size-fits-all formula.

13. At most, the credit rating of a proposed assignee should be but one factor to consider and not alone determinative of an acceptable assignee. In addition, the credit rating should be examined as of the time of assignment, not at the time the Debtors serve notice of proposed assumption and assignment. Objection should therefore be permitted to Qualified Assignees as well as non-Qualified Assignees, and all of the facts and circumstances of the proposed assignment should be considered.

14. The proposed procedures also provide that a credit support provider that is a Qualified Assignee is deemed to provide adequate assurance of future performance, but fail to specify the level of credit support necessary to allow the credit support provider to substitute for the assignee. Credit support comes in many variations, not all of which provide irrevocable, unconditional, and complete recourse to the credit support provider for payment of all amounts

6

payable under a derivative contract. The procedures should specify that only a credit support provider providing such recourse can substitute for the assignee for purposes of adequate assurance.

15. The Debtors also propose that a counterparty will be deemed to have received adequate assurance of future performance if, after payment of any cure amounts, the Debtors would have no payment or delivery obligations under the derivative contract. (Mot. ¶ 19(c)). This criterion in inadequate to provide adequate assurance to the extent the derivative contract has not terminated and Debtors and their proposed assignee could have payment or delivery obligations in the future, even if no such obligations exist at the time of assignment. Given that derivative contracts are typically tied to the movement in financial markets, such obligations could readily mature in the future. The proposed procedures should be clarified on this point.

16. Although it is not clear, the Debtors may also be seeking to modify assigned derivative contracts to eliminate all restrictions on assignment for all future purposes, rather than just to the extent inconsistent with section 365 and then only for the limited purpose of the immediate assignment by the Debtors. (See Proposed Order at p. 7). This would violate the established principle that an assignee must accept all of the burdens and obligations of a executory contract. *E.g.*, *American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80-81 (3d Cir. 1999). To ensure there is no confusion on this point, as well as to the consequences of assumption and assignment generally, any order that is entered establishing assumption and assignment procedures should expressly provide that on assumption and assignment the assignee shall be subject to and bound by all of the terms of the assigned contract.

    **C.**    **Tullett Prebon's Termination Rights Cannot be Limited or Impaired**

17. Section 560 of the Bankruptcy Code categorically directs that the exercise of termination, liquidation, acceleration, and certain related rights of a swap/derivative contract

7

participant such as Tullett Prebon "shall not be stayed, avoided, or otherwise limited by operation of any provision of this title or by order of a court . . . in any proceeding under this title." *See also* 11 U.S.C. § 561. The proposed procedures should be limited accordingly.

18. Tullett Prebon reserves all of its rights to object to the Motion on all other available grounds, to object to any purported assumption and assignment of any of its derivative contracts, and to exercise its termination liquidation, acceleration, and related rights under any of its derivative contracts.

**WHEREFORE,** for the reasons stated, Tullett Prebon objects to the Motion and respectfully requests that this Court deny the requested relief unless the proposed procedures are modified to provide that: (i) the Debtors shall give the counterparty at least fifteen (15) business days notice of a proposed assumption and assignment; (ii) the Debtors shall identify the proposed assignee in the notice; (iii) after consummation of an assignment, the Debtors shall notify the counterparty of the effective date of the assignment and confirm the assignee and its contact information; (iv) any counterparty may object on any grounds to adequate assurance of future performance with respect to any proposed assignee, whether or not a Qualified Assignee, and all the facts and circumstances of the proposed assignment shall be considered; (v) a credit support provider may substitute for an assignee for purposes of adequate assurance of future performance only if the counterparty has irrevocable, unconditional, and complete recourse to the credit support provider for payment of all amounts payable under the derivative contract; (vi) a counterparty will be deemed to have received adequate assurance of future performance only when, after payment of any cure amounts, the Debtors and their proposed assignee could not possibly have any payment or delivery obligations under the derivative contract at present and throughout any remaining term of the derivative contract; (vii) on consummation of an assignment, the assignee shall be subject to and bound by all of the terms of the assigned

contract; and (viii) nothing in this order shall in any way limit or impair the exercise of termination, liquidation, acceleration, and related rights of a counterparty of the Debtors to a derivative contract, and further (ix) grant such further and other relief as this Court may deem just and equitable.

Dated: New York, New York
       November 28, 2008

                    KELLEY DRYE & WARREN LLP

                    By: */s/ Eric R. Wilson*
                         Eric R. Wilson (EW 4302)
                         Howard S. Steel (HS 5515)
                    101 Park Avenue
                  New York, New York 10178
                  Tel: (212) 808-7800
                  Fax: (212) 808-7897

                  Attorneys for Tullett Prebon Holdings Corporation

# **CERTIFICATE OF SERVICE**

On the 28th day of November 2008, I caused to be served *Tullett Prebon Holdings Corporation's Limited Objection To Debtors' Motion For An Order Pursuant To Sections 105 And 365 Of The Bankruptcy Code To Establish Procedures For Settlement Or Assumption And Assignment Of Prepetition Derivative Contracts,* upon the following parties via ecf, fax and overnight courier.

| | |
|---|---|
| Weil, Gotshal & Manges, LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn:  Lori R. Fife, Esq.<br>         Robert J. Lemons, Esq.<br>(212) 310.8007 – fax<br>*Counsel to the Debtors* | Curtis, Mallet-Prevost, Colt & Mosle LLP<br>101 Park Avenue<br>New York, New York 10178<br>Attn:  Steven J. Reisman, Esq.<br>         L.P Harrison 3rd<br>(212) 697-1559 – fax<br>*Conflicts Counsel for the Debtors* |
| Milbank, Tweed, Hadley & McCloy, LLP<br>1 Chase Manhattan Plaza<br>New York, New York 10005<br>Attn:  Dennis F. Dunne, Esq.<br>         Dennis O'Donnell, Esq.<br>         Evan Fleck, Esq.<br>(212) 822.5770 – fax<br>*Counsel to the Official Committee of Unsecured Creditors* | Office of the United States Trustee<br>33 Whitehall Street, 21st Floor<br>New York, New York 10004<br>Attn:  Andy Velez-Rivera, Esq.<br>         Paul Schwartzberg, Esq.<br>         Brian Masumoto, Esq.<br>         Linda Riffkin, Esq.<br>         Tracy Hope Davis, Esq.<br>(646) 458.1015 – fax<br>*U.S. Trustee* |
| Honorable James M. Peck<br>United States Bankruptcy Judge<br>One Bowling Green<br>Courtroom 601<br>New York, New York 10004 | |

*/s/ Howard S. Steel*
Howard S. Steel