**Hearing Date and Time: December 3, 2008 at 10:00 a.m (Prevailing Eastern Time)**

**PORZIO, BROMBERG & NEWMAN, P.C.**
(Mail to) P.O. Box 1997, Morristown, NJ  07962-1997
(Delivery to) 100 Southgate Parkway, Morristown, NJ  07960
Telephone (973) 538-4006
Facsimile (973) 538-5146
-and-
156 West 56th Street
New York, NY  10019
Email: jsmairo@pbnlaw.com
          tjfreedman@pbnlaw.com

Attorneys Appearing: John S. Mairo (JM-0670)
                                  Terri Jane Freedman (TF-0028)

Attorneys for Aliant Bank

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
In re:                                                        ) Chapter 11 Case
                                                              )
LEHMAN BROTHERS HOLDINGS INC., et al., ) Case No. 08-13555 (JMP)
                                                              )
                                                              ) Jointly Administered
                           Debtors.              )
-------------------------------------------------------------x
```

**LIMITED OBJECTION BY ALIANT BANK TO DEBTORS' MOTION
FOR AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY
CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION
AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS**

Aliant Bank ("Aliant"), by and through its counsel Porzio, Bromberg & Newman, P.C.

("Porzio"), respectfully submits this limited objection to the motion brought by the above

captioned debtors (the "Debtors") for an order establishing and authorizing terms and procedures

for the settlement or assumption and assignment of prepetition derivative contracts (the

"Motion"), and respectfully represents as follows:

1248988                                     1

08-13555-mg    Doc 1896    Filed 11/28/08    Entered 11/28/08 15:05:16    Main Document
Pg 2 of 4

### General Background

1.  Aliant and debtor Lehman Brothers Special Financing, Inc. ("LBSF") are parties to a certain ISDA Master Agreement dated October 24, 2003 (the "Swap Agreement").  Prior to LBSF's bankruptcy filing, Aliant terminated its outstanding transactions with LBSF and established that LBSF owes Aliant approximately $1.3 million under the Swap Agreement. Aliant demanded the return of the property it posted as collateral under the Swap Agreement, specifically, a Federal National Mortgage Association ("FNMA") mortgage backed security bearing CUSIP No. 31371LB81 (the "FNMA Security").  Aliant also demanded the return of the monthly distributions that were being made on the FNMA Security, which were (are) being sent to LBSF's custodian, JPMorgan Chase Bank, N.A. ("JPMorgan").  Despite Aliant's demands, Aliant has not received the FNMA Security or the distributions and accrued interest related thereto (collectively, the "Swap Collateral").

2.  On November 25, 2008, Aliant filed a Verified Complaint against LBSF, JPMorgan and FNMA (the "Aliant Action"), which was assigned adversary proceeding number 08-01751-JMP. The Aliant Action seeks, <u>inter alia</u>, specific performance of the Swap Agreement's remedy provision regarding LBSF's obligation to "immediately" transfer to Aliant the Swap Collateral. In the Aliant Action, Aliant has filed a motion, returnable December 16, 2008, which seeks the entry of an order: (i) directing LBSF to return to Aliant the Swap Collateral and directing JPMorgan to effectuate such transfers; or (ii) in the alternative pending resolution of the action, directing FNMA to make all future distributions on the FNMA Security directly to Aliant or to a trust account maintained at an institution which acknowledges to have no setoff rights to the

1248988                                           2

funds in the account (the "Specific Performance Motion").[1]

## LIMITED OBJECTION

3.   With respect to derivative contracts terminated pre-petition (such as Aliant's Swap

Agreement), the Motion seeks authority for the Debtors to enter into settlement agreements

without obtaining prior Court approval; which agreements "may include" certain "features"

described in the Motion.  On its face, this relief does not appear to negatively impact the rights of

non-debtor counterparties with terminated derivative contracts to pursue their remedies, such as

Aliant's right to prosecute the Aliant Action and Specific Performance Motion.  However, to

avoid any confusion, Aliant agrees with the Limited Objection of Royal Bank America [Dkt. No.

1720] that any order approving the Motion must contain the below language (the "Proposed

Order Language"):

> Nothing in this order shall be construed to supersede, suspend or
> otherwise interfere with (i) the legal and contractual rights of
> parties to terminated Derivative Contracts, to the extent such legal
> and contractual rights are enforceable in the Debtors' cases under
> the Bankruptcy Code (the "Enforceable Rights"); and (ii) the
> commencement or continuation of any civil proceeding by any
> party to a terminated Derivative Contract with respect to such
> party's Enforceable Rights, including, without limitation, any such
> adversary proceeding commenced or pending in this Court.

## CONCLUSION

WHEREFORE, Aliant Bank respectfully requests an order: (i) denying the Motion,

unless it includes the Proposed Order Language; and (ii) for such other and further relief as this

---

[1]  A full recitation of the facts regarding Aliant's Swap Agreement are set forth in its pleadings submitted in support
of the Specific Performance Motion, including a copy of the communication, dated November 6, 2008, in which
Aliant received confirmation that the FNMA Security is still being held by the Debtor "as collateral."  *See* **Exhibit E**
to Aliant's Verified Complaint, which is an email, dated November 6, 2008, 7:20 AM, from Barclays Capital's M.
Poznar to Aliant's D. Blanks confirming the Debtor's possession of the FNMA Security "as collateral."

Court deems fair and appropriate.


Dated   November 28, 2008                 **PORZIO, BROMBERG & NEWMAN, P.C.**
                                          Attorneys for Aliant Bank

                                          By:   /s/ John S. Mairo
                                                   John S. Mairo

1248988                                          4