CLIFFORD CHANCE US LLP
31 W. 52nd Street
New York, NY 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375
David A. Sullivan

Attorneys for FirstBank of Puerto Rico

Hearing Date: December 3, 2008, at 10:00 a.m.
Objection Deadline: November 28, 2008, at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF FIRSTBANK OF PUERTO RICO
TO DEBTORS' MOTION FOR AN ORDER PURSUANT
TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH
PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND
ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS**

FirstBank of Puerto Rico ("FirstBank"), by its undersigned attorneys, for its Limited Objection to Debtors' Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts (the "Objection"), respectfully submits as follows:

**PRELIMINARY STATEMENT**

As more fully set forth below, FirstBank was a party to a series of swap transactions (the "Swap Transactions") with Lehman Brothers Special Financing Inc. ("LBSF") that were governed by the terms of an ISDA master agreement and related documents. Pursuant to the terms of the Swap Transactions, FirstBank deposited collateral with LBSF to secure its

NYA911588.2

obligations under the Swap Transactions (the "FirstBank Collateral"). Prior to the bankruptcy filing of Lehman Brothers Holdings Inc. ("LBHI") the value of the FirstBank Collateral exceeded $63,000,000. As a result of the bankruptcy filing by LBHI, FirstBank terminated the Swap Transactions substantially contemporaneously therewith. LBSF's right to use the collateral posted by FirstBank terminated as a result of the termination of the Swap Transactions and LBSF was contractually obligated to return the FirstBank Collateral. LBSF has failed to return the collateral to FirstBank. FirstBank has inquired as to the current status of the FirstBank Collateral but has not received confirmation as to its current location.

FirstBank objects to the Debtors' Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts (the "Motion") as set forth herein.[1] FirstBank objects to the Assumption and Assignment Procedures to the extent that such procedures would permit the Debtors to use the FirstBank Collateral or the proceeds thereof to pay counterparties to Derivative Contracts that are being assumed and assigned.

FirstBank also objects to the proposed Termination and Settlement Procedures, in that the Debtors would have the ability to chose, with no enumerated criteria or oversight whatsoever, who they will enter into settlement agreements with, provide releases to and/or return their collateral. These procedures provide for no transparency as to how the Debtors will decide who will be entitled to a settlement and possibly to the return of their collateral. As proposed, the Termination and Settlement Procedures amount to a lottery for counterparties in the same position as FirstBank. If their number is selected by the Debtors, they may be fortunate in that they will obtain the return of their collateral.

---

[1] Capitalized terms used but not defined herein shall have the meanings assigned to them in the Motion.

2

**BACKGROUND FACTS**

1. On or about January 16, 1997, LBSF and FirstBank entered into that certain ISDA Master Agreement (the "Master Agreement") and that certain ISDA Credit Support Annex to the Schedule to the Master Agreement dated as of January 16, 1997 (the "CSA"; together with the Master Agreement and the related schedules thereto, the "FirstBank Documents"). LBHI guaranteed the obligations of LBSF under the FirstBank Documents. Since that time, FirstBank and LBSF engaged in the Swap Transactions.

2. In accordance with the terms of the FirstBank Documents and the Swap Transactions, FirstBank was required to deliver the FirstBank Collateral to LBSF from time to time to secure its obligations owing to LBSF in connection with the Swap Transactions in accordance with the terms of the FirstBank Documents. The securities that were delivered by FirstBank were owned by FirstBank and LBSF's interest in the FirstBank Collateral is limited to the security interest granted under the terms of the CSA. As of August 29, 2008, according to an account statement prepared by LBSF, the FirstBank Collateral had a value of $63,176,927.

3. On September 15, 2008 (the "Petition Date"), LBHI filed a petition with this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Thereafter, LBSF and certain other affiliates of LBHI (together with LBSF and LBHI, the "Debtors") filed petitions for relief under chapter 11 of the Bankruptcy Code. The bankruptcy filing by LBHI was an Event of Default (as defined under the Master Agreement) under the Master Agreement.

4. Pursuant to the terms of the Master Agreement, FirstBank was entitled to provide notice to LBSF of an Early Termination Date (as defined under the Master Agreement) with

3

respect to all outstanding Swap Transactions. By letter dated September 24, 2008, FirstBank provided the necessary notice under the Master Agreement and designated September 26, 2008 as the Early Termination Date. FirstBank demanded payment from LBSF in the net amount of $513,397.80 as an early termination payment.[2] The obligations owing by FirstBank to LBSF on the Early Termination Date were zero.

5.      Pursuant to paragraph 8(b) of the CSA, following notice of the Early Termination Date, LBSF was required to immediately transfer to FirstBank the FirstBank Collateral. To date, LBSF has not returned the FirstBank Collateral to FirstBank, including distributions that were received by LBSF on account of certain Fannie Mae mortgage backed securities that are part of the FirstBank Collateral and required to be delivered to FirstBank within one business day after receipt by LBSF.

6.      Following the Petition Date, FirstBank and its counsel have attempted to confirm through the Debtors and their counsel and other parties, the status of the FirstBank Collateral, including whether it has been transferred or whether it is still in the possession of LBSF or its agent. FirstBank has not been able to verify the location and status of the FirstBank Collateral.

**LIMITED OBJECTION**

I.      **The FirstBank Collateral Should Not Be Used to Satisfy the Debtors Cure Obligations Under the Assumption and Assignment Procedures**

7.      As set forth in the proposed Assumption and Assignment Procedures, to the extent that the Cure Amount requires the return of posted collateral, the Debtors will return such collateral or if such collateral is no longer in the Debtors' possession, it will pay an amount equal to the value of such collateral. Motion at ¶ 19(d). In the event that payment will be required to

---

[2] This amount does not reflect all amounts owing by LBSF or any of the other Debtors to FirstBank or that was demanded under the termination notice, which included a demand for the return of the FirstBank Collateral.

4

be made to a counterparty to satisfy the Debtors' obligation to return posted collateral, the proposed Assignment and Assumption Procedures does not identify the source of such funds.

8. Pursuant to the terms of the FirstBank Documents, upon the occurrence of an Early Termination Date, LBSF was immediately obligated to return the FirstBank Collateral to FirstBank. As a result thereof, the bankruptcy estate of LBSF no longer had an interest in the FirstBank Collateral. To the extent that the FirstBank Collateral, or the identifiable proceeds thereof remain in the possession of LBSF or its agent, FirstBank objects to the use of such securities or funds to satisfy the Debtors cure obligations under an assumed and assigned Derivative Contract.

9. FirstBank therefore requests that, to the extent that the Cure Amount under a particular Derivatives Contract that a Debtor intends to assume includes a payment for the return of collateral that is no longer in the possession of such Debtor, that the Debtors be prohibited from using collateral that has been posted by counterparties to other derivative contracts, including the FirstBank Collateral and any identifiable proceeds thereof.

II. **There is No Criteria or Oversight With Respect to the Determination as to Who Obtains a Settlement Under the Proposed Procedures**

10. The Termination and Settlement Procedures authorize the Debtors to "enter into and consummate" a termination agreement with a counterparty, which "may resolve and fix amounts owing between the Debtors and the Counterparty", "provide a release to the Counterparty", and "may address and permit the collateral or margin held by the Debtors to be liquidated or returned." Id. at ¶ 19(b), (c), and (d).

11. As presently constituted, there would be no oversight or standards under the Termination and Settlement Procedures that would define the criteria by which it will be

determined who would qualify for settlement status and, among other things, receive the return of their collateral.

12.  Pursuant to the terms of the FirstBank Documents, LBSF is contractually obligated to return the FirstBank Collateral. Notwithstanding the motion filed by the Debtors, the Debtors' estates do not have a right to retain the FirstBank Collateral. If LBSF continues to have an interest in the FirstBank Collateral under Section 541 of the Bankruptcy Code, such interest is limited to LBSF's security interest in the FirstBank Collateral that was granted to secure the obligations owing by FirstBank under the Swap Transactions which has been determined to be zero.

13.  The Termination and Settlement Procedures should provide for the return of collateral to creditors similarly situated to FirstBank, or at the very least transparency as to the criteria that will be used to select which parties will be the beneficiary of a settlement and who will be entitled to the return of its collateral.

WHEREFORE, for the reasons set forth above, FirstBank respectfully requests that this Court (a) sustain the Objection, and (b) grant FirstBank such other and further relief as this Court deems just and proper.[3]

Dated: November 28, 2008

                              CLIFFORD CHANCE US LLP

                              /s/ David A. Sullivan
                              David A. Sullivan (DS-8967)
                              31 W. 52nd Street
                              New York, NY 10019
                              Telephone: (212) 878-8000
                              Facsimile: (212) 878-8375

                              Attorneys for FirstBank of Puerto Rico

---

[3] FirstBank also reserves the right to assert at the hearing on the Motion any and all other objections to the Motion, including those raised by other parties in their objections.