Hearing Date and Time:  December 3, 2008 at 10:00 a.m.
Objection Date and Time:  November 28, 2008 at 4:00 p.m.

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
Telephone:  (312) 845-3000
Facsimile:  (312) 701-2361
James E. Spiotto, *admitted pro hac vice*
Ann E. Acker, *admitted pro hac vice*
Franklin H. Top, III, *admitted pro hac vice*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE | CHAPTER 11 CASE NO. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS INC., ET AL., | |
| Debtors. | (Jointly Administered) |

**OBJECTION AND RESERVATION OF RIGHTS OF NATIONAL AUSTRALIA BANK LIMITED TO THE DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES National Australia Bank Limited ("*NAB*") by and through its counsel, Chapman and Cutler LLP, to object to the Debtors' Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement and Assignment and Assumption of Prepetition Derivative Contracts (the "*Motion*" and NAB's objection thereto, the "*Objection*").  In support of its Objection, NAB states as follows:

2540027_01_01.doc

1.      NAB is a Counterparty[1] to a variety of transactions involving LBHI or one of its debtor or nondebtor affiliates (*"Lehman Entities"*).  In particular, NAB is a Counterparty to a number of ISDA Master Agreements.  NAB has terminated all of its Derivative Contracts with respect to the Lehman Entities and is in the process of delivering Statements of Calculation with respect to these Terminated Derivative Contracts.  These Statements of Calculation will reveal that, except for one of the Terminated Derivative Contracts, the Lehman-related entity owes NAB money.  In other words, the Terminated Derivative Contracts are "out of the money" from the perspective of the relevant Lehman entity.  With respect to the one derivative contract that is "in the money," in this case Lehman Brothers Inc. (*"LBI"*), NAB is in the process of delivering a check to James W. Giddens, the SIPC Trustee, for the relevant sum.

2.      NAB has approached the issue of the termination of the Derivative Contracts and calculation of amounts due thereunder in good faith.  NAB is prepared to discuss any remaining issues with respect to the Statements of Calculation with the applicable Lehman entity.  While NAB believes that its calculations are true and correct, to the degree the Lehman-related entity takes issue with a calculation, NAB will be attentive to any comments and will work in a constructive way to resolve any disputes if that is possible.

### LIMITED OBJECTION AND RESERVATION OF RIGHTS

3.      However, the proposed Order and Procedures attached to the Motion fail to make clear that, if a Termination Agreement cannot be entered into consensually, the Counterparty will have all of its rights preserved under applicable law to pursue the matter before the Bankruptcy Court.  Accordingly, NAB reserves all of its rights in connection with the Motion and objects to the Motion unless the Order specifically provides as follows:

---

[1]     Capitalized terms not otherwise defined herein shall have the definition set forth in the Motion unless a different meaning is apparent from the context.

"ORDERED that nothing in this Order or in the establishment of Termination and Settlement Procedures shall be deemed to impair or prejudice the rights of a Counterparty that exist under the Bankruptcy Code and applicable law with respect to (a) the remedies available to such Counterparty or (b) the substantive law applicable to any dispute with respect to a Derivative Contract that the Debtors and the Counterparty are unable to resolve by agreement. Nothing in this Order shall be deemed to impair the rights of the Counterparty with respect to any Terminated Derivative Contracts."

Accordingly, NAB requests that any order entered in connection with the Motion be modified to clearly preserve the rights of parties to Terminated Derivative Contracts as set forth above and reserves its rights in connection therewith or with respect to any proposed changes to the form of Order attached to the Motion.

Respectfully submitted,

National Australia Bank Limited

By   /s/ Ann Acker
     One of Its Attorneys

James E. Spiotto, Esq., *admitted pro hac vice*
Ann E. Acker, Esq., *admitted pro hac vice*
Franklin H. Top, III, Esq., *admitted pro hac vice*
James Heiser, Esq. (JH-3660)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, IL 60603
Telephone: (312) 845-3000