Hearing Date and Time: December 3, 2008 at 10:00 a.m (Prevailing Eastern Time)
Objection Date and Time: November 28, 2008 at 4:00 p.m (Prevailing Eastern Time)

**DUANE MORRIS LLP**
Lawrence J. Kotler, Esq.
John Dellaportas, Esq.
Junghye June Yeum, Esq.
1540 Broadway
New York, New York 10036
Tel: (212) 692-1000
Fax: (212) 692-1020
*Attorneys for National Agricultural Cooperative Federation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Cases |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al*. | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | Jointly Administered |

------------------------------------------------------------------------x

### OBJECTION TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS

National Agricultural Cooperative Federation ("NACF") hereby submits this objection (the "Objection") to the motion of the above-captioned debtors (the "Debtors") for an order pursuant to §§ 105 and 365 of the United State Bankruptcy Code to establish procedures for the settlement or assumption and assignment of prepetition derivative contracts (the "Motion"). In support of the Objection, NACF respectfully states as follows:

**The Bankruptcy**

1.    On September 15, 2008 and thereafter, the Debtors filed Chapter 11 bankruptcy petitions in this Court. On September 17, 2008, the Office of the United States Trustee appointed

the official committee of unsecured creditors in the Debtors' cases.

### NACF's Transactions With Debtors

2.  NACF entered into a series of transactions with Lehman Brothers affiliates pursuant to the ISDA Master Agreement, as amended by one or more Schedules, Modifications, Transfer Agreements, and Confirmations thereunder (collectively, the "Agreements"). The obligations of the Lehman Brothers affiliates under the Agreements are guaranteed by Lehman Brothers Holdings Inc. ("LBHI"). NACF and its subsidiary also entered into a series of other derivative transactions with Lehman Brothers affiliates. NACF is also the holder of $30 million of Debenture Notes issued and/or guaranteed by LBHI, for which it will be submitting Proofs of Claim in advance of the Bar Date. (No Bar Date has yet been set.)

### Debtors' Motion

4.  The Debtors' Motion seeks, *inter alia*, to establish procedures in connection with assumption and assignment of certain "Derivative Contracts" (defined in the Motion) that have not yet been terminated by various counterparties, and seeks to establish expedited procedures in connection with the settlement of terminated Derivative Contracts (collectively, the "Proposed Procedures"). The Proposed Procedures vary, to certain extents, from the procedures negotiated and set forth in the Agreements and from governing New York law.

### Bases Of Objection

5.  To the extent the Proposed Procedures would apply to the Agreements, the Proposed Procedures violate the protections afforded NACF under the safe harbor provisions of Bankruptcy Code and should not be approved. The Debtors cannot subvert protections afforded NACF under the Agreements and Bankruptcy Code by proposing administrative procedures that

2

impact substantive rights.

6. <u>First</u>, the Proposed Procedures may improperly affect a counterparty's rights under a derivative contract to set-off and/or to reconcile amounts owed pursuant to provisions of the derivative contracts and before this Court. While the wording of the Proposed Procedures is exceedingly vague, it appears that a derivative contract counterparty could be forced to litigate with the Debtors before this Court respecting any cure disputes (with disputed amounts being held in escrow), while also having to address payment obligations and rights under the derivative contract with the assignee, potentially before a separate Court. It further appears that, post-assignment, a derivative contract counterparty might no longer have the right to set off against the Debtors any liabilities incurred and owing only after the assignment.

7. Such an outcome would be both inequitable and violative of bankruptcy and non-bankruptcy law. To start, § 553 of the Bankruptcy Code provides that:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case. ...

11 U.S.C. § 553. Section 553 reserves whatever right of setoff exists under the relevant, non-bankruptcy law. Under the non-bankruptcy law applicable here, New York law, a creditor has a right of setoff against a debtor. *See* N.Y. Debtor & Creditor Law § 151 (McKinney 1997); *In re The Bennett Funding Group. Inc.,* 146 F.3d 136, 139 (2d Cir. 1998).

8. <u>Second</u>, while the fast-paced procedures proposed for determining cure amounts and designating an assignee as a "Qualified Assignee" are convenient for the Debtors, they are not equitable, violate due process and contradict NACF's rights under the Agreements. For example, the imposition of a short time period in which a counterparty has to respond to the

3

Debtors' asserted cure amounts and the requirement that a counterparty provide supporting detail when such information may be in the possession of the Debtors or third parties, poses undue obligations on the counterparty and contradicts NACF's rights under the Agreements. Similarly, the Debtors' proposal that a mere credit rating of a potential assignee (or its credit support provider) is per se sufficient to satisfy the assignment provisions of § 365 of the Bankruptcy Code and removes any right of a counterparty to challenge such designation or to seek adequate assurance is contrary to common notions of due process and the provisions of § 365, and would improperly alter NACF's rights under the Agreements.

9. Section 365(f) of the Bankruptcy Code provides that a debtor-in-possession may only assign an unexpired executory contract if the assignee provides adequate assurance of future performance. 11 U.S.C. § 365(f)(2)(B). It is a debtor's burden to show that all the requirements of section 365 of the Bankruptcy Code have been met to assign an executory contract. *See In re M. Fine Lumber Co., Inc.,* 383 B.R. 565, 573 (Bankr. E.D.NY. 2008). Courts considering whether the debtor has met its burden of showing the element of adequate assurance of future performance, have considered factors such as the presence of a guarantee or security deposit, evidence of profitability, a plan which would earmark money exclusively for the non-debtor counterparty, and whether the unexpired contract is at or below the prevailing rate. *Id.* Here, the Motion considers none of these factors and so should be denied.

10. Third, even if such adequate assurance could be provided, it is not reasonable to believe that the counterparties can perform any meaningful due diligence on an assignee in five (5) business days, which is all that the Proposed Procedures allow for. Even if the Debtors were to identify the assignee by name as is proposed in the case of unrated assignees, the counterparty would either have to conduct all of its due diligence and object within five business days, or it

4

would effectively waive all of its rights against the Debtors. This five business day rule would not only be unfair, but would also violate Rule 2002(a)(2) of the Federal Rules of Bankruptcy Procedure, which requires at least twenty days notice of any sale of property of estate, unless the Court "for cause shown" shortens the time. No such "cause" has been shown here.

11. <u>Fourth</u> and finally, any attempt to alter any of NACF's substantive rights under the Agreements would need to be brought before the Court pursuant to an adversary proceeding or contested matter, not merely as an administrative procedural motion. Tellingly, the Debtors offer no authorities for the Proposed Procedures, as there are none.

12. The Debtors desire to streamline issues respecting derivative contracts does not trump the rights of counterparties under such contracts and the protections afforded such counterparties by the Bankruptcy Code. Thus, the Proposed Procedures to the extent applicable to the Agreements are improper and violate various protections afforded NACF pursuant to the Bankruptcy Code and the Agreements.

13. Accordingly, for all of the foregoing reasons, NACF respectfully requests that the Court deny the Debtors' Motion. There will be time for the Court to consider a more sensible set of procedures, but this hurry to enact radical new rules – with an objection deadline scheduled on a Court holiday the day after Thanksgiving – is simply not necessary.

### Joinder And Reservation Of Rights

14. NACF further joins in other objections filed to the Motion, to the extent they are not inconsistent with this Objection. In addition, NACF hereby reserves its right to submit additional arguments in support of this Objection either prior to or at the hearing to consider the Motion, and further reserves all of its rights under the Agreements.

WHEREFORE, NACF respectfully requests that this Court deny the Motion consistent with this Objection; or at a minimum, enter such further and other relief as is necessary to ensure that any order entered by this Court in respect of the Motion shall not prejudice or impair any nondebtor counterparty's rights in any way.

Dated:   New York, New York
         November 28, 2008

**DUANE MORRIS LLP**

By:  /s/ *John Dellaportas*
     John Dellaportas, Esq.
     Lawrence J. Kotler, Esq.
     Junghye June Yeum, Esq.
     1540 Broadway
     New York, New York 10036
     Tel: (212) 692-1000
     Fax: (212) 692-1020

*Attorneys for National Agricultural Cooperative Federation*

DM1\1451558.2

6