Hearing Date: December 3, 2008 at 10 a.m. (Prevailing Eastern Time)
Objection Deadline: November 28, 2008 at 4 p.m. (Prevailing Eastern Time)

Lee S. Attanasio
David H. Lee
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for*
*KKR Debt Investors (2006) (Ireland) LP*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al., | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION TO DEBTORS' MOTION FOR AN ORDER
PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE APPROVING
THE ASSUMPTION OR REJECTION OF OPEN TRADE CONFIRMATIONS**

KKR Debt Investors (2006) (Ireland) L.P. ("KKR"), by its undersigned attorneys, hereby submits this limited objection to Debtors' Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations (the "Open Trade Motion")[1] [Docket No. 1541] and respectfully states as follows:

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Open Trade Motion.

1

## BACKGROUND

1.  On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") and certain of is affiliates commenced voluntary cases under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.  On October 5, 2008 (the "LCPI Petition Date"), Lehman Commercial Paper Inc. ("LCPI") commenced a voluntary cases under chapter 11 of the Bankruptcy Code. The chapter 11 cases of LBHI, LCPI and certain of their affiliates (together the "Debtors") are jointly administered.

3.  On November 14, 2008, the Debtors filed the Open Trade Motion, which, among other things, seeks authorization to assume certain prepetition trades (the "Trades"), which the Debtors allege were executory and were reflected in various oral and written trade confirmations.

4.  KKR was the counterparty to LCPI with respect to two of the Trades the Debtors seeks to assume (the "KKR Trades").[2] The documentation related to the KKR Trades was executed in June and July, 2008. Critically, notwithstanding multiple attempts by KKR to close and settle the KKR Trades, which efforts continued into September 2008, LCPI was either unable or unwilling to consummate the KKR Trades. With LCPI having effectively repudiated the KKR Trades, termination was the only viable option for KKR.

---

[2] See Exhibit A to the Open Trade Motion at 6. The "Deal Name" for both of the KKR Trades are listed as "LAVENA MEZZ (2MAR07) PROSIEBEN HOLDCO." The "Customer" for each of the KKR Trades is improperly listed as "KKR TRS HOLDINGS LTD." The actual documentation relating to the trade may contain confidential and proprietary information and is therefore not being filed with this objection. The documentation has been provided to counsel to the Debtors and may be available upon request to the undersigned.

2

5.      On October 3, 2008, two days prior to the LCPI Petition Date, the KKR Trades were terminated pursuant to a notice (the "Termination Notice"), attached hereto as Exhibit 1, which KKR sent to LCPI and Bayerische Hypo-und Vereinsbank AG, London Branch, the Facility Agent with respect to the KKR Trades.

**LIMITED OBJECTION**

6.      KKR objects to the Open Trade Motion insofar as the Debtors attempt to assume the KKR Trades, which were terminated by written notice prior to the LCPI Petition Date.

7.      It is axiomatic that the Bankruptcy Code does not allow assumption of contracts which are already terminated prepetition because such contracts are no longer "executory."  See In re Scarsdale Tires, Inc., 47 B.R. 478, 480 (S.D.N.Y. 1985) ("It is settled law that a lease or license that was terminated before the filing of a bankruptcy petition is neither affected by the automatic stay under 11 U.S.C. § 362(a) nor may it be assumed by the debtor under 11 U.S.C. § 365") (citing Kopelman v. Halvajian (In re Triangle Laboratories), 663 F.2d 463 (3d Cir. 1981)).[3]  The KKR Trades, which were properly terminated prepetition pursuant to the October 3, 2008 Termination Notice, are no longer executory and may not be assumed.[4]

---

[3]   This principal becomes even more acute in the context of volatile market-driven instruments. Allowing LCPI to assume the KKR Trades approximately 5 months after they were executed and two months after LCPI was given notice of termination would provide LCPI with a risk-free option to play the debt markets.

[4]   If the Court were somehow to conclude that assumption were nonetheless permissible, such assumption cannot be accomplished without cure of all existing defaults and providing KKR with compensation for its damages, including the substantial losses suffered as a result of LCPI's failure to timely close the transactions.

## **REQUEST FOR RELIEF**

WHEREFORE, KKR respectfully requests that that the Court (a) deny the Open Trade Motion unless the KKR Trades are excluded from Exhibit A to the Open Trade Motion, the list of Trades to be assumed, and (b) grant such other and further relief as the Court may deem just or proper.

Dated: November 28, 2008
New York, New York

                                                       Respectfully submitted,

                                                       SIDLEY AUSTIN LLP

                                                       _/s/ Lee S. Attanasio_____
                                                       Lee S. Attanasio
                                                       David H. Lee
                                                       787 Seventh Avenue
                                                       New York, N.Y. 10019
                                                       Tel: (212) 839-5300
                                                       Fax: (212) 839-5599

                                                       *Attorneys for KKR Debt Investors (2006)*
                                                       *(Ireland) LP*