EXHIBIT F

14 Nov 2008

Lehman Commercial Paper Inc.

14 November, 2008

Tara Hill B.V.
Locatellikade 1
Panassustoren
1076 AZ Amsterdam
The Netherlands

Email: Laura.G.Cannon@aib.ie

RE: BCM Ireland Holdings Ltd. (the "Borrower")

Dear Ms. Cannon:

We write with reference to your letters dated (i) 22 September, 2008 and (ii) 24 September, 2008 (the "First Notice" and the "Second Notice", respectively). Reference is further made to the Loan Market Association Trade Confirmations dated 9 September, 2008 (the "Trade Confirmation") between Lehman Commercial Paper Inc., UK Branch (the "Seller") and Tara Hill B.V. (the "Buyer") pursuant to which LCPI agreed to sell and the Buyer agreed to purchase EUR 1,500,000 principal amount of facility A (the "Loans") made to the Borrower at a rate of 93.0% (the "Trade").

On October 5, 2008 (the "Commencement Date") LCPI commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

Pursuant to section 541 of the Bankruptcy Code, the filing of a petition under chapter 11 creates an estate, which is comprised of all of the debtor's property wherever located and by whomever held. Pursuant to section 362(a) of the Bankruptcy Code, an automatic stay went into effect on the Commencement Date that prohibits actions to interfere with LCPI's property or to collect debts against LCPI that arose before the Commencement Date. The automatic stay expressly prohibits:

> any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.
> ***
> any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. §§ 362(a)(3), 362(a)(6).

The Notice purports to terminate the Trade as documented under the Trade Confirmation. Such purported termination is invalid because LCPI has not breached any of its obligations under the Trade Confirmation. We view your efforts to terminate the Trade Confirmation prior to the Commencement Date as ineffective under the terms of the Trade Confirmation and general

industry practice and, therefore, LCPI retains all of its rights to assume or reject the Trade Confirmation in accordance with section 365 of the Bankruptcy Code. LCPI continues to evaluate whether it will assume or reject the Trade Confirmation. Please note that LCPI will consider all of its rights with respect to any act by Buyer that is in contravention of the terms of the Trade Confirmation.

Neither the sending of this letter nor anything contained herein shall in any way waive, diminish, or prejudice any rights and/or remedies which LCPI now has or may have in the future under the Trade Confirmation or applicable law, all of which rights and remedies LCPI hereby expressly reserves and which may be exercised at any time. Any delay by LCPI in enforcing its rights and remedies with respect to the Trade Confirmation does not constitute, and any future delay will not constitute, and no such delay may be construed as (i) a waiver of any of LCPI's rights and remedies or any default under the Trade Confirmation or (ii) a course of conduct on the part of LCPI on which or any other person may rely at any time, and none of the foregoing will impair LCPI's ability to exercise its rights and remedies now or in the future. This letter is without prejudice to LCPI, which hereby expressly reserves all of its rights and remedies.

[Remainder of page intentionally left blank]

Very truly yours,

**Lehman Commercial Paper Inc.**

14 November 2008

By: _____
Name:
Title:

SALLY M. NANCOZ
AUTHORIZED SIGNATORY

Tara Hill B.V.

By: _____
Name:
Title:

14 November, 2008

Tara Hill B.V.
Locatellikade 1
Panassustoren
1076 AZ Amsterdam
The Netherlands

Email: Laura.G.Cannon@aib.ie

RE: BCM Ireland Holdings Ltd. (the "Borrower")

Dear Ms. Cannon:

We write with reference to your letters dated (i) 22 September, 2008 and (ii) 24 September, 2008 (the "First Notice" and the "Second Notice", respectively). Reference is further made to the Loan Market Association Trade Confirmations dated 9 September, 2008 (the "Trade Confirmation") between Lehman Commercial Paper Inc., UK Branch (the "Buyer") and Tara Hill B.V. (the "Seller") pursuant to which Tara Hiill B.V. agreed to sell and LCPI agreed to purchase EUR 750,000 principal amount of facility B and EUR 750,000 principal amount of facility C (the "Loans") made to the Borrower at a rate of 92.50% (the "Trade").

On October 5, 2008 (the "Commencement Date") LCPI commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

Pursuant to section 541 of the Bankruptcy Code, the filing of a petition under chapter 11 creates an estate, which is comprised of all of the debtor's property wherever located and by whomever held. Pursuant to section 362(a) of the Bankruptcy Code, an automatic stay went into effect on the Commencement Date that prohibits actions to interfere with LCPI's property or to collect debts against LCPI that arose before the Commencement Date. The automatic stay expressly prohibits:

> any act to obtain possession of property of the estate or of property
> from the estate or to exercise control over property of the estate.
> ***
> any act to collect, assess, or recover a claim against the debtor that
> arose before the commencement of the case under this title.

11 U.S.C. §§ 362(a)(3), 362(a)(6).

The Notice purports to terminate the Trade as documented under the Trade Confirmation. Such purported termination is invalid because LCPI has not breached any of its obligations under the Trade Confirmation. We view your efforts to terminate the Trade Confirmation prior to the Commencement Date as ineffective under the terms of the Trade Confirmation and general

industry practice and, therefore, LCPI retains all of its rights to assume or reject the Trade Confirmation in accordance with section 365 of the Bankruptcy Code. LCPI continues to evaluate whether it will assume or reject the Trade Confirmation. Please note that LCPI will consider all of its rights with respect to any act by Buyer that is in contravention of the terms of the Trade Confirmation.

Neither the sending of this letter nor anything contained herein shall in any way waive, diminish, or prejudice any rights and/or remedies which LCPI now has or may have in the future under the Trade Confirmation or applicable law, all of which rights and remedies LCPI hereby expressly reserves and which may be exercised at any time. Any delay by LCPI in enforcing its rights and remedies with respect to the Trade Confirmation does not constitute, and any future delay will not constitute, and no such delay may be construed as (i) a waiver of any of LCPI's rights and remedies or any default under the Trade Confirmation or (ii) a course of conduct on the part of LCPI on which or any other person may rely at any time, and none of the foregoing will impair LCPI's ability to exercise its rights and remedies now or in the future. This letter is without prejudice to LCPI, which hereby expressly reserves all of its rights and remedies.

[Remainder of page intentionally left blank]

Very truly yours,

**Lehman Commercial Paper Inc.**

14 November 2008

By: _____
Name:
Title:    SALLY M. NANCOZ
         AUTHORIZED SIGNATORY

Tara Hill B.V.

By: _____
Name:
Title: