LOVELLS LLP
Robin E. Keller, Esq.
Matthew P. Morris, Esq.
590 Madison Avenue
New York, New York 10022
Telephone: (212) 909-0600
Facsimile: (212) 909-0660
Attorneys for Lloyds TSB Bank plc

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

LEHMAN BROTHERS HOLDING INC., et. al.,

                   Debtors.

                                         Chapter 11

Case No. 08-13555 (jmp)

(Jointly Administered)
------------------------------------------------------------X

## LIMITED OBJECTION OF LLOYDS TSB BANK PLC TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION OR REJECTION OF OPEN TRADE CONFIRMATIONS

Lloyds TSB Bank plc ("Lloyds TSB"), by and through its undersigned counsel, hereby submits this limited objection to the motion of Lehman Brothers Holdings, Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI", and together with LBHI, the "Debtors")[1] for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations (the "Motion"), and respectfully states as follows:[2]

### Preliminary Statement

1.      By the Motion, the Debtors seek authority from this Court to assume the Assumed Trades and Amended Trades and reject the Rejected Trades. In connection with the assumption

---

[1] Unless otherwise noted, all capitalized terms have the meaning ascribed in the Motion.
[2] Lloyds TSB has entered its limited appearance in these Cases solely for the purpose of making this limited objection. By making its limited appearance in these Cases and filing this limited objection, Lloyds TSB does not submit itself or otherwise consent or acquiesce, and shall not be deemed to have submitted itself, consented or acquiesced, to the jurisdiction of this Court, or any other court of the United States, for any purpose other than with respect to this limited objection. In addition, by filing this limited objection, Lloyds TSB does not waive any, and hereby reserves all, of its rights to object on jurisdictional grounds to the application of the assumption or rejection of open trade confirmations, if ordered by this Court, or any other order of this Court, or any other court resident in the United States.

and rejection of such open trades, the Debtors seek entry of an order (i) finding that there are no cure amounts owed by the Debtors with respect to any Assumed Trade or Amended Trade; (ii) finding that the Debtors have provided adequate assurance of future performance with respect to each Assumed Trade and Amended Trade; and (iii) providing that no Counterparty shall be entitled to assert or take any action to exercise a right to setoff any prepetition claim that it might have against the Debtors, including claims for damages arising from the rejection of a Rejected Trade, against any obligation to the Debtors under any Assumed Trade or Amended Trade. *See* Motion at 5-6, Paragraphs 15-17. As proposed, the relief requested in the Motion may affect and usurp the legal and equitable rights of hundreds of Counterparties, including Lloyds TSB, and must be modified as set forth herein in order to comply with applicable law and to provide Counterparties with certain basic protections.

2. In 2008, Lloyds TSB entered into two trades with Lehman Commercial Paper Inc., UK Branch ("LCPI UK"): (i) a sale of a loan participation to LCPI UK (the "Molnlycke Trade") and (ii) a purchase from LCPI UK (the "Ferretti Trade", and together with the Molnlycke Trade, the "Lloyds TSB Trades"). The Lloyds TSB Trades were entered into pursuant to LMA Trade Confirmations (PAR) (the "Trade Confirmations"), which are, by their terms, subject to the terms of the Standard Terms and Conditions for Par Trade Transactions of the Loan Market Association (the "LMA Standard Agreement", and together with the LMA Trade Confirmations, the "Trade Documents"). Pursuant to Section 26 of the LMA Standard Agreement, the Trade Documents, and all trades made pursuant thereto, are governed by English law. The Ferretti Trade is listed in Exhibit A to the Motion as an Assumed Trade and the Molnlycke Trade is listed in Exhibit B to the Motion as a Rejected Trade.

3. As a Counterparty to an Assumed Trade and a Rejected Trade, each of which may be subject to the relief requested in the Motion (as may be modified and ordered by this Court), Lloyds TSB has the following objections as set out below.

## Limited Objection

### A. Debtors Have Named Incorrect Counterparty to Rejected Trade

4. The Debtors have named "3V Capital Management LLC" as the Counterparty to the Molnlycke Trade. *See* Motion, Exhibit B. This is incorrect; the actual Counterparty is Lloyds TSB Bank plc. Lloyds TSB objects to the incorrect identification of the Molnlycke Trade Counterparty and requests that the Debtors revise Exhibit B and their internal records to reflect the same.

### B. To the Extent LCPI UK and LCPI Are Separate Legal Entities, Debtors Cannot Assume or Reject the Lloyds TSB Trades

5. The Lloyds TSB Trades were entered into by and between Lloyds TSB and LCPI UK. Lloyds TSB is unable to determine whether LCPI and LCPI UK are distinct and separate legal entities. It is possible that LCPI UK is merely a branch of LCPI, but factual discovery may be required to determine the actual relationship. LCPI UK is not a debtor in the above-captioned cases, nor is it named as one of the Debtors seeking relief under the Motion. In the event that LCPI UK is, in fact, a separate legal entity, the Debtors would not be permitted to assume or reject the Lloyds TSB Trades.

### C. Counterparties Should Not Be Denied Right to Exercise Setoff

6. The Debtors correctly point out in the Motion that, in order for setoff to be permissible under section 553 of the Bankruptcy Code, there must be mutuality of obligations. However, the Debtors are incorrect in arguing that mutuality will not exist where a Counterparty seeks to setoff claims arising from the rejection by the Debtors of a Rejected Trade against amounts owing by the Counterparty to the Debtors under an Assumed Trade. The Debtors argue that, pursuant to section 553 of the Bankruptcy Code, the damage claim arising from the rejection of a Rejected Contract is a prepetition claim owed by the Debtors, while the amount owed by the Counterparty to the Debtors in respect of an Assumed Claim is a postpetition claim. Therefore,

the Debtors assert that there can be no mutuality and, thus, no right of setoff. *See* Motion at 11, Paragraph 29.

7. The Debtors' argument, however, rests on the proposition that the obligation of Counterparties to pay amounts under Assumed Trades is a post-petition obligation. This is not the case, as established by substantial case law which holds that a claim is considered to be pre-petition where all elements of liability arose pre-petition. *See, e.g., United States v. Gerth*, 991 F.2d 1428, 1433 (8th Cir. 1993) ("For setoff purposes, a debt arises when all transactions necessary for liability occur, regardless of whether the claim was contingent, unliquidated, or unmatured when the petition was filed."); *In re Bousa, Inc.*, 2006 WL 2864964, Case No. 89-B-13380 (JMP), *11 (Bankr. S.D.N.Y., Sept. 29, 2006) (same). Therefore, because the obligations of the Counterparties to pay amounts to the Debtors under the Assumed Trades arose pre-petition and, pursuant to section 553 of the Bankruptcy Code, rejection damages claims are also deemed to be pre-petition claims, the Debtors should not be granted sweeping relief depriving Counterparties of their offset rights.

8. Additionally, via a tortured analysis of equitable considerations, the Debtors request that this Court prohibit the exercise of setoff even if the requisite mutuality of obligations is established. The essence of the Debtors' so-called equitable argument is that the Court must prohibit setoff or the Debtors will otherwise realize less benefit from assumption of the Assumed Trades. This argument is not only self-serving, it does not provide a basis for the Court to deprive Counterparties of their setoff rights. The Second Circuit in *In re Applied Logic Corp.*, 576 F.2d 952, 957 (2d Cir. 1978), clearly stated that the right of setoff "is not one that courts are free to ignore when they think application would be 'unjust.'" The right of setoff "is a rule that has been embodied in every bankruptcy act the nation has had, and creditors … have long acted in reliance upon it." *Id.* at 957-958. Furthermore, the right of setoff should not be disturbed "unless compelling circumstances require it." *Bohack Corp. v. Borden, Inc.*, 599 F.2d 1160, 1165

(2d Cir. 1979); see also *Official Comm. of Unsecured Creditors v. Manufacturers & Traders Trust Co. (In re Bennett Funding Group)*, 146 F.3d 136, 139 (2d Cir. 1998); *In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 839 (Bankr. S.D.N.Y. 1990). The Debtors have failed to show the existence of any such compelling circumstances, instead they argue that if "setoff were permitted, the Debtors would lose a substantial portion of the benefits to be derived from assumption of the Assumed Trades." Motion at 9, Paragraph 24. This, however, is not a legal or equitable basis on which to deprive Counterparties of valuable and legitimate setoff rights. This Court should be mindful of the fact that most Counterparties have themselves suffered significant losses of the benefits they thought they would receive as a result of transacting business with the Debtors, and in all likelihood will not be made whole for these losses.

9. Accordingly, Lloyds TSB objects to the Debtors' request for entry of an order prohibiting Counterparties from asserting or taking any action to exercise a right of setoff against the Debtors, including, without limitation, in connection with claims for damages arising from the rejection of a Rejected Trade, against an obligation owed to the Debtors under any Assumed Trade or Amended Trade.

### **Reservation of Rights**

Lloyds TSB reserves any and all applicable rights at law and/or equity, including the right to amend or supplement this limited objection (including, to object to the Motion based on the grounds that the Trade Documents and Lloyds TSB Trades are governed by English law and thus not subject to some or all of the relief requested in the Motion),[3] or join in the objection of any other Counterparty or other party to this Motion. Moreover, Lloyds TSB hereby reserves any

---

[3] Pursuant to Federal Rule of Civil Procedure 44.1, Lloyds TSB hereby gives notice that it may raise issues of foreign law in connection with this limited objection.

and all applicable rights at law and/or equity to object to an assignment by the Debtors of the Lloyd TSB Trades.

### Relief Requested

Lloyds TSB hereby objects to the assumption and rejection of the Lloyds TSB Trades and respectfully requests that the Court deny the relief requested by the Debtors in the Motion on the grounds set forth above and grant such other and further relief as may be just and proper.

November 28, 2008
New York, New York

Lovells LLP
By: /s/ *Robin E. Keller*

Robin E. Keller,
Matthew P. Morris
590 Madison Avenue
New York, NY 10022
Telephone: 212-909-0600
Facsimile: 212-909-0660

*Attorneys for Lloyds TSB Bank plc*