**Hearing Date:   December 3, 2008 at 10:00 a.m.**
                                          **Objection Date: November 28, 2008, at 4:00 p.m.**

Erin E. Wietecha, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
A Professional Corporation
900 Third Avenue, 16th Floor
New York, NY 10022-4728
 212-752-8000 ext. 3005
ewietecha@coleschotz.com

Jeffrey Andersen
Dickinson, Mackaman, Tyler & Hagen, P.C.
699 Walnut Street
Suite 1600
Des Moines, Iowa 50309-3986
(515) 246-4503
jandersen@dickinsonlaw.com

Counsel for Northcrest, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., ET AL., | Case Nos. 08-13555 (JMP) |
| | (Jointly Administered) |
| Debtor. | |

**NORTHCREST, INC.'S LIMITED OBJECTION TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND <u>ASSIGNMENT OF PREPETITION DERIVATIVES CONTRACTS</u>**

      Northcrest, Inc. ("Northcrest"), a swap counterparty and party in interest, submits this

objection to the Motion for an Order Pursuant to Section 105 and 365 of the Bankruptcy Code to

Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative

Contracts (the "Motion") filed by Lehman Brothers Holding Inc. and its affiliated debtors. In support of its objection, Northcrest states:

## Background

1. Northcrest is a retirement community doing business in Ames, Iowa.

2. In July of 2006 Northcrest requested bids for an interest rate swap in connection with a revenue bond loan.

3. Northcrest received bids from five major financial firms, one of which was from Lehman Brothers Special Financing Inc.

4. On or about July 11, 2006, Northcrest entered into a 1992 ISDA Master Agreement ("Master Agreement") with Lehman Brothers Special Financing Inc.("LBSF"). Lehman Brothers Holdings, Inc. ("LBHI") was a guarantor and credit support provider under the Master Agreement. LBHI had a Moody's Rating of A1 and an S & P Rating of A+ at the time.

5. On or about September 15, 2008 Debtors filed Chapter 11 bankruptcy petitions in this Court. The bankruptcy filing constitutes an Event of Default under the Master Agreement. Under the Master Agreement, upon an event of default Northcrest has the right, but not the obligation, to terminate the Master Agreement and all Transactions thereunder. Northcrest also has the right to withhold any scheduled payments under the Master Agreement while the Event of Default is continuing. As of yet, Northcrest has not terminated the Master Agreement and has withheld all scheduled payments arising after the Event of Default.

## The Motion

6. On November 13, 2008 Debtors filed the Motion. In the Motion, the Debtors seek to establish procedures related to the settlement or assumption and assignment of prepetition derivative contracts. On information and belief the Motion applies to the Master Agreement among LBSF, LBHI, and Northcrest, Inc.

2

7. Northcrest did not receive notice of the Motion as required by Local Bankruptcy Rule 9013-1 despite its status as an entity that would be affected by the proposed order.

**Objection to Motion**

8. The procedures sought by Debtors in the Motion would substantially alter the terms of the Master Agreement negotiated between LBSF and Northcrest, would deprive Northcrest of the benefit of its bargain, and would fail to provide Northcrest of adequate assurance of performance in accordance with applicable law.

9. As of the date and time of this filing, numerous objections to the Motion have been filed by Lehman Brothers counterparties. On November 26, 2008 The Delaware River Port Authority ("the Authority") filed an objection to the Motion. *See Docket # 1802*. Northcrest joins in Paragraphs 7 through 13, and Paragraph 15 of the Authority's Objection, in sum:

> (a) Northcrest joins in the Authority's Objection stated in Paragraph 7 of its Objection. The Master Agreement prohibits assignment without the consent of Northcrest. The Motion threatens to undercut Northcrest's right to terminate and setoff under the Master Agreement and under the Bankruptcy Code.
>
> (b) Northcrest joins in the Authority's Objection to the Motion's request to force counterparties to accept assignments to a "Qualified Assignee" in Paragraph 8 of its Objection. The proposed credit ratings are substantially lower than LBHI's rating at the time of the Master Agreement. Further, current market conditions and the Debtor's bankruptcy itself show that ratings cannot be relied upon as the sole

3

factor in choosing an assignee. For example, the Friday before LBHI filed for bankruptcy in this case, S & P maintained an "A" rating for LBHI, higher than that sought for "Qualified Assignees" in the Motion. The insufficiency of credit ratings aside, if the Master Agreement is transferred to a foreign counterparty, it could give rise to tax and withholding obligations not contemplated in the Master Agreement. These tax and withholding obligations could then arguably give the "Qualified Assignee" a right to terminate the Master Agreement despite Northcrest's continued performance. Lastly, as stated in the Objection of the Authority, an assignment would impact Northcrest's own debt and contractual obligations as well as its ability to issue additional debt.

(c) Northcrest joins in the Authority's Objection to the Motion's five business day deadline to file an objection to a proposed Assignment Notice as stated in Paragraph 9 of the Authority's Objection. Given the complexities involved as well as the gravity of the decision, counterparties should be provided with at least ten business days notice to formulate an objection to an Assignment Notice.

(d) Northcrest joins in the Authority's objection that the Assignment Procedures should not adversely impact counterparties' valid rights of termination and setoff under the terms of the Master Agreement and under the Bankruptcy Code as stated in Paragraph 10 of the Authority's Objection. Counterparties' right to terminate should not be abrogated until an assignment has been finally consummated.

(e) Northcrest joins in the Authority's Objection in Paragraph 11 that the Assignment Procedures should not interfere with counterparties' right to object to a proposed assignment on any valid grounds including but not limited to a proposed assignee's failure to provide a separate unconditional guarantee from an affiliated third party or otherwise. Northcrest negotiated an unconditional guarantee from LBHI and should be able to object for the failure of an assignee to have a guarantor, or on other basis provided in the Master Agreement.

(f) Northcrest joins in the Authority's Objection in Paragraph 12 of the Authority's Objection that in the Motion the definition of "Derivative Contracts" does not appear to directly include the underlying master agreement and should be amended.

(g) Northcrest joins in the Authority's Objection in Paragraph 13 of the Authority's Objection that the Assignment Procedures should be amended to specify a definitive timeframe for the resolution of objections and provide counterparties the right to seek a Court hearing in the event that Debtors are unnecessarily delaying such resolution.

(h) Northcrest joins in the Authority's objection in Paragraph 15 of the Authority's Objection that the Termination Procedures should be amended and clarified as stated in such Paragraph.

10. For the avoidance of all doubt, Northcrest *does not* join in Paragraph 14 of the Authority's Objection. Unlike the Authority, Northcrest has not terminated its Agreement with

5

Debtors and does not agree to withdraw its objections in any manner, even if the Authority withdraws its Motion.

11.  In addition to the above objections, Northcrest objects to the Motion on the basis that it provides no timeframe or deadline for proposed assignments to take place.  Northcrest is essentially in an unhedged position as a result of LBSF and LBHI's Event of Default.  Considering the novelty and scope of this bankruptcy, remaining in an uncapped state of "limbo" awaiting action on the part of the Debtors puts Northcrest and other counterparties in an unfair position and does not adequately assure Northcrest of performance of the Master Agreement.  Thus, Northcrest respectfully requests a timeframe for Debtors' to take action under the Motion so that Northcrest can protect its interests and make a more informed decisions on whether and when it should terminate the Master Agreement.  Northcrest respectfully requests that, in addition to the objections stated above, Debtors are given 6 months to take action under its Motion.  In the event that Debtors fail to assign or terminate a contract within that period, it must move for an extension of the time period, at which time, counterparties shall have another opportunity to object.

## Joinder in Other Objections to Motion

12.  Northcrest joins in the other objections filed to the Motion to the extent not inconsistent with this Objection.

## Reservation of Rights

13.  Northcrest reserves all rights to submit additional arguments in support of this Objection, all rights under its Master Agreement with LBSF, including its right to terminate the Master Agreement while the Event of Default continues, and all rights to object to any proposed assignment of the Master Agreement.

WHEREFORE, Northcrest respectfully requests that this Court deny the Motion consistent with this Objection.

Respectfully submitted this 28th day of November, 2008

/s/ Erin E. Wietecha_____
Erin E. Wietecha, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
A Professional Corporation
900 Third Avenue, 16th Floor
New York, NY 10022-4728
212-752-8000 ext. 3005
ewietecha@coleschotz.com

-and-

Jeffrey Andersen
Dickinson, Mackaman, Tyler & Hagen, P.C.
699 Walnut Street
Suite 1600
Des Moines, Iowa 50309-3986
(515) 246-4503
jandersen@dickinsonlaw.com

COUNSEL FOR NORTHCREST, INC.