Hearing Date: December 3, 2008
10:00 a.m.

EMMET, MARVIN & MARTIN, LLP
120 Broadway
New York, New York 10271
Tel: (212) 238-3021
Fax: (212) 238-3100
Edward P. Zujkowski (EP-3095)

Attorneys for CFIP Master Fund, Ltd.

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| LEHMAN BROTHERS HOLDINGS INC., et al. | ) Chapter 11 |
| | ) |
| | ) Case No. 08-13555 (JMP) |
| Debtors.[1] | ) |
| | ) (Jointly Administered) |
| | ) |

**LIMITED OBJECTION OF CFIP MASTER FUND, LTD. TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION OR REJECTION OF OPEN TRADE CONFIRMATIONS**

CFIP Master Fund, Ltd. ("CFIP"), by and through its undersigned counsel, respectfully submits this limited objection (the "Objection") to the Debtors' Motion For An Order Pursuant To Section 365 Of The Bankruptcy Code Approving The Assumption Or

---

[1] As of the date of the filing of this Objection, the Debtors in these cases are (i) Lehman Brothers Holdings Inc.; (ii) Lehman Brothers Derivative Products Inc.; (iii) Lehman Commercial Paper, Inc.; (iv) Lehman Brothers Commercial Corporation; (v) Lehman Brothers Financial Products Inc.; (vi) Fundo de Investimiento Multimercado Credito Privado; (vii) Lehman Scottish Finance L.P.; (viii) CES Aviation LLC; (ix) CES Aviation V LLC; (x) CES Aviation IX LLC; (xi) East Dover Limited; (xii) Lehman Brothers Commodity Services Inc.; (xiii) Lehman Brothers Finance SA; (xiv) Lehman Brothers Special Financing Inc.; (xv) Lehman Brothers OTC Derivatives Inc.; (xvi) PAMI Statler Arms LLC; and (xvii) LB 745 LLC.

KL2 2576934.9

Rejection Of Open Trade Confirmations (the "Motion").[2] In support of this Objection, CFIP respectfully states as follows:

## BACKGROUND

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holding Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Certain of the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

4. On November 14, 2008, the Debtors filed the Motion, seeking approval of the assumption, rejection and modification of certain Open Trade Confirmations.

---

[2] All capitalized terms used herein not otherwise defined shall have the meaning defined in the Motion.

KL2 2576934.9

## OBJECTION

5. CFIP is listed as a buyer of an Assumed Trade listed on Exhibit A of the Motion (See Debtors' Motion, Exhibit A, p.1 (listed thereon as Deal Name "Dana Holding TL (1/31/08)", Trade Date 8/28/08) the "Dana Trade").

6. CFIP was not and is not a party to any trade with any of the Debtors for debt under the Term Facility Credit and Guaranty Agreement dated as of January 31, 2008 among Dana Holding Corporation (the "Borrower"), each of the direct and indirect subsidiaries of the Borrower, the Initial Lenders, and the other banks, financial institutions and other institutional lenders party thereto (the "Lenders"), and Citicorp USA, Inc., as administrative agent for the Lenders dated August 8, 2008. Because the Dana Trade above simply does not, and never did exist, the Motion should be denied to the extent that it seeks to assume the Dana Trade and to impose obligations on CFIP or any or its affiliates with respect to such trade. CFIP cannot be ordered to perform a contract to which it was not party outside of bankruptcy.[3]

7. Even if CFIP was a party to the Dana Trade, Debtors must compensate CFIP for actual pecuniary loss due to failure to timely settle the Dana Trade. The requirement for compensation is mandated by section 365(b)(1)(B) of the Bankruptcy Code. Section 365(b)(1)(B) requires a debtor that seeks to assume an executory contract to (i) cure, or provide adequate assurance that it will promptly cure, any default in the executory contract; (ii) compensate or, or provide adequate assurance that it will promptly compensate, the counterparty to the executory contract for any actual pecuniary loss to such party resulting from such defaults; and (iii) provide adequate assurance of future performance under such contract.

---

[3] Although CFIP has never been party to the Dana Trade, CFIP believes that the proper counterparty to the Dana Trade is a separate entity, CHGO Loan Funding Ltd. ("CHGO"). CHGO is a CLO entity affiliated with CFIP. Chicago Fundamental Investment Partners, LLC is the investment manager to CFIP and also acts as the collateral manager for CHGO.

-3-

8.  If the court rules that the Dana Trade is subject to assumption by the Debtors, then Lehman Commercial Paper Inc. ("LCPI") must compensate CFIP for its failure to timely settle the trade. The LSTA Standard Terms and Conditions for Par/Near Par Trades (the "Standard Terms"), and the general market practice for settling bank debt trades, provides that "transfer of the Purchase Amount (as defined in the Standard Terms) of the Debt (as in the Standard Terms) specified in the Confirmation shall be effected as soon as practicable after the Trade Date." See Standard Terms, §1. The purported Trade Date for the Dana Trade was August 28, 2008. During the period between August 28, 2008, and November 14, 2008, when Debtors filed the Motion purporting to assume the Dana Trade, CFIP was been unable to sell or otherwise hedge its losses with respect to the Dana Trade.

9.  In the time period between August 28, 2008 and November 14, 2008, the value of the loan has dropped. Had the trade settled in a timely fashion, this loss in value could have been avoided by CFIP. Accordingly, there has been actual and quantifiable loss as a result of the Debtor's default in failing to settle the Dana Trade in accordance with the Standard Terms (including the requirement to settle as soon as practicable).

10. If the Debtors are permitted to assume this trade, they must therefore compensate CFIP for the amount of the loss in value from the date that the Dana Trade should have settled to the date of the actual assignment.

11. Additionally, the Debtors appear to be asking the Court to order that the Debtors are not required to pay any cure costs to any counterparty to an Assumed Trade. The Standard Terms provide that the purchase price for a purchased loan should be adjusted on the closing date for payments received following the trade date by the Debtors and increased by delayed compensation. The Debtors should not be permitted to assume the Dana Trade without assuming

KL2 2576934.9

it in its entirety, subject to the all of the provisions of the Standard Terms. We note that the delayed compensation and other payment adjustments under the Standard Terms would be insufficient to compensate CFIP for the Debtors' failure to settle the Dana Trade as soon as practicable. Delayed compensation is designed to protect a party against losses when settlement is delayed, but assured. If that was the case, CFIP could have sold the position even though it had not actually settled its purchase. In the case of the Dana Trade, where the Debtors had the option to completely reject the trade in its entirety, CFIP could not sell its position because it was not assured of ever having a position to sell.

12. In addition, CFIP objects to the Debtors' wholesale attempt to preclude the assertion of setoff rights with respect to the Assumed Trades. The caselaw does not support such an approach, and the Debtors have failed to demonstrate an equitable basis for the relief requested. The Debtors should not be permitted to foreclose CFIP's rights to assert and exercise setoff rights it may have, as and when it is appropriate to do so, and CFIP expressly reserves its rights in that regard.

KL2 2576934.9

WHEREFORE, CFIP respectfully requests that the Court: (1) deny the Motion as to the trade purportedly made with CFIP Master Fund, Ltd. Alternatively, the Motion as to the Dana Trade should be denied unless and until (1) the Debtors compensate, or provide adequate assurance that they will compensate for actual pecuniary losses resulting from the Debtor's default and (2) the Debtors agree to adjust the purchase price for the Dana Trade as required by the Standard Terms.

Dated: November 28, 2008

        EMMET, MARVIN & MARTIN LLP

        By: /s/ Edward P. Zujkowski
           Edward P. Zujkowski (EZ-3095)
           120 Broadway
           New York, New York 10271
           (212) 238-3021

        Attorneys for CFIP Master Fund, Ltd.