| | |
|---|---|
| HERRICK, FEINSTEIN LLP<br>Stephen B. Selbst<br>Steven A. Munson<br>2 Park Avenue<br>New York, NY 10016<br>Tel: 212-592-1400<br>Fax: 212-592-1500<br>sselbst@herrick.com<br>smunson@herrick.com | Hearing Date: December 3, 2008, at 10:00 a.m.<br>Objection Date: November 28, 2008, at 4:00 p.m. |

Attorneys for OHP Opportunity Limited Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                                     : Chapter 11
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., et al.,     : Case No.: 08-13555 (JMP)
                                                                  :
                         Debtors.                : (Jointly Administered)
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**LIMITED OBJECTION OF OHP OPPORTUNITY LIMITED TRUST TO DEBTORS'
MOTION FOR AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE
BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR
ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS**

      OHP Opportunity Limited Trust ("OHP"), by its counsel, Herrick, Feinstein LLP, for its limited objection (the "Limited Objection") to the Debtors' Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts (the "Derivatives Motion"), dated November 13, 2008, respectfully states as follows:

      1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (together, the

"Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. OHP is was party to that certain International Swap Dealers Association, Inc. ("ISDA") Master Agreement (the "Swap Agreement"), dated as of August 18, 2006, with Lehman Brothers Special Financing Inc. ("LBSFI"), one of the Debtors in the above-captioned case. A copy of the Swap Agreement is annexed hereto as Exhibit A.

3. LBHI guaranteed the obligations of LBSFI under the Swap Agreement pursuant to a guarantee (the "Guarantee") dated as of August 18, 2006. A copy of the Guaranty is annexed hereto as Exhibit B.

4. LBHI's filing of its chapter 11 case on the Commencement Date constituted an Event of Default[1] under the Swap Agreement.

5. On October 3, 2008, OHP sent LBSFI a notice of termination (the "Termination Notice") of the Swap Agreement, declaring October 10, 2008, as the Early Termination Date in respect of all Transactions entered into pursuant to the Swap Agreement. A copy of the Termination Notice is annexed hereto as Exhibit C.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Swap Agreement.

2

6. On October 14, 2008, OHP sent LBSFI a Demand for Payment of Early Termination Amount and Interest Thereon (the "Demand Letter"), demanding that LBSFI immediately make payment to OHP of the Early Termination Amount pursuant to the provisions of the Swap Agreement. A copy of the Demand Letter is annexed hereto as Exhibit D.

7. Paragraph 19(j) of the Derivatives Motion states that:

> Within a reasonable time period after consummation of an assignment transaction, the Debtors will provide notice to any Counterparty of the effective date of the assignment. Any purported termination notice sent by a Counterparty of a Derivative Contract based on a Default occurring prior to the assignment shall be ineffective unless a termination notice is received by the Debtors pursuant to the terms of the Derivative Contract prior to the assignment's consummation.

8. OHP is filing this Limited Opposition so that there is no doubt that OHP previously terminated the Swap Agreement effective as of October 10, 2008. It appears that the proposed assignment and assumption procedures (as defined in the Derivatives Motion) is directed only to those Derivative Contracts (as defined in the Derivatives Motion) that have not been terminated and not to Derivative Contracts, such as the Swap Agreement, that have been previously terminated.

**WHEREFORE**, OHP respectfully requests that (i) any order granted by the Court with respect to the Derivatives Motion expressly provides that the Swap Agreement was terminated effective as of October 10, 2008 and (ii) the Court grant OHP such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| Dated: November 28, 2008<br>New York, New York | HERRICK, FEINSTEIN LLP<br><br>Respectfully submitted,<br><br>By: /s/ Stephen B. Selbst<br>    Stephen B. Selbst<br>    Steven A. Munson<br>    Two Park Avenue<br>    New York, NY  10016<br>    Telephone: (212) 592-1400<br>    Facsimile: (212) 592-1500<br>    sselbst@herrick.com<br><br>*Attorneys for OHP Opportunity Limited Trust* |

4