# LEHMAN BROTHERS

## GUARANTEE OF LEHMAN BROTHERS HOLDINGS INC.

LEHMAN BROTHERS SPECIAL FINANCING INC. ("Party A") and OHP OPPORTUNITY LIMITED TRUST ("Party B") have entered into a Master Agreement dated as of August 18, 2006, as amended from time to time (the "Master Agreement"), pursuant to which Party A and Party B have entered and/or anticipate entering into one or more transactions (each a "Transaction"), the Confirmation of each of which supplements, forms part of, and will be read and construed as one with, the Master Agreement (collectively referred to as the "Agreement"). This Guarantee is a Credit Support Document as contemplated in the Agreement. For value received, and in consideration of the financial accommodation accorded to Party A by Party B under the Agreement, LEHMAN BROTHERS HOLDINGS INC., a corporation organized and existing under the laws of the State of Delaware ("Guarantor"), hereby agrees to the following:

(a) Guarantor hereby unconditionally guarantees to Party B the due and punctual payment of all amounts payable by Party A under each Transaction when and as Party A's obligations thereunder shall become due and payable in accordance with the terms of the Agreement. In case of the failure of Party A to pay punctually any such amounts, Guarantor hereby agrees, upon written demand by Party B, to pay or cause to be paid any such amounts punctually when and as the same shall become due and payable.

(b) Guarantor hereby agrees that its obligations under this Guarantee constitute a guarantee of payment when due and not of collection.

(c) Guarantor hereby agrees that its obligations under this Guarantee shall be unconditional, irrespective of the validity, regularity or enforceability of the Agreement against Party A (other than as a result of the unenforceability thereof against Party B), the absence of any action to enforce Party A's obligations under the Agreement, any waiver or consent by Party B with respect to any provisions thereof, the entry by Party A and Party B into any amendments to the Agreement, additional Transactions under the Agreement or any other circumstance which might otherwise constitute a legal or equitable discharge or defense of a guarantor (excluding the defense of payment or statute of limitations, neither of which is waived); provided, however, that Guarantor shall be entitled to exercise any right that Party A could have exercised under the Agreement to cure any default in respect of its obligations under the Agreement or to setoff, counterclaim or withhold payment in respect of any Event of Default or Potential Event of Default in respect of Party B or any Affiliate, but only to the extent such right is provided to Party A under the Agreement. The Guarantor acknowledges that Party A and Party B may from time to time enter into one or more Transactions pursuant to the Agreement and agrees that the obligations of the Guarantor under this Guarantee will upon the execution of any such Transaction by Party A and Party B extend to all such Transactions without the taking of further action by the Guarantor.

(d) This Guarantee shall remain in full force and effect until such time as Party B shall receive written notice of termination. Termination of this Guarantee shall not affect Guarantor's liability hereunder as to obligations incurred or arising out of Transactions entered into prior to the termination hereof.

(e) Guarantor further agrees that this Guarantee shall continue to be effective or be reinstated, as the case may be, if at any time, payment, or any part thereof, of any obligation or interest thereon is rescinded or must otherwise be restored by Party B upon an Event of Default as set forth in Section 5(a)(vii) of the Master Agreement affecting Party A or Guarantor.

(f) Guarantor hereby waives (i) promptness, diligence, presentment, demand of payment, protest, order and, except as set forth in paragraph (a) hereof, notice of any kind in connection with the Agreement and this Guarantee, or (ii) any requirement that Party B exhaust any right to take any action against Party A or any other person prior to or contemporaneously with proceeding to exercise any right against Guarantor under this Guarantee.

1

# LEHMAN BROTHERS

This Guarantee shall be governed by and construed in accordance with the laws of the State of New York, without reference to choice of law doctrine. All capitalized terms not defined in this Guarantee, but defined in the Agreement, shall have the meanings assigned thereto in the Agreement.

IN WITNESS WHEREOF, Guarantor has caused this Guarantee to be executed in its corporate name by its duly authorized officer as of the date of the Agreement.

LEHMAN BROTHERS HOLDINGS INC.

By: *[signature]* JAMES KILLERLANE, VICE PRESIDENT

Name:  James J. Killerlane, III
Title:  Vice President
Date:  August 18, 2006

## SECRETARY'S CERTIFICATE

I, Aaron Guth, a duly elected, qualified and acting Assistant Secretary of Lehman Brothers Holdings Inc, a Delaware corporation ("LBHI"), does hereby certify that:

1. LBHI owns 100% of Lehman Brothers Inc., a Delaware corporation ("LBI"); and

2. LBI owns 100% of Lehman Brothers Special Financing Inc., a Delaware corporation.

IN WITNESS WHEREOF, I have set my hand this 21st day of August, 2006.

_____
Aaron Guth
Assistant Secretary

## CERTIFICATE OF INCUMBENCY AND SIGNATURE

I, Aaron Guth, a duly elected, qualified and acting Assistant Secretary of Lehman Brothers Special Financing Inc., a Delaware corporation (the "Corporation"), do hereby certify that the person listed below holds the title in the Corporation indicated opposite her name on the date hereof and that the signature appearing opposite her name is a specimen signature of such person.

| NAME | OFFICE | SIGNATURE |
|---|---|---|
| Jacqueline Didier | Vice President | *[signature]* |

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the Corporation as of this 18th day of January, 2006.

Name: Aaron Guth
Title: Assistant Secretary

648017.2

## CERTIFICATE OF INCUMBENCY

I, Jim Lee, a duly elected, qualified and acting Assistant Secretary of Lehman Brothers Special Financing Inc., a Delaware corporation (the "Corporation"), do hereby certify that the person listed below holds the title in the Corporation indicated opposite his name as of the date hereof and that he is authorized to execute guarantees on behalf of the Corporation and that the signature appearing opposite his name is the specimen signature of such person:

| NAME: | TITLE: | SIGNATURE: |
|---|---|---|
| James J. Killerlane III | Vice President | *[signature]* |

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of this Corporation this 7th day of June, 2005.

[SEAL]

LEHMAN BROTHERS SPECIAL FINANCING INC.

Jim Lee
Assistant Secretary

## ASSISTANT SECRETARY'S CERTIFICATE

The undersigned, a duly elected and qualified Assistant Secretary of Lehman Brothers Holdings Inc., a Delaware corporation (the "Corporation"), does hereby certify as follows:

1. That pursuant to Resolutions of the Board of Directors of the Corporation dated September 24, 1991, the Corporation resolved to authorize the Treasurer of the Corporation, among others, (a) to execute guarantees of Lehman Brothers Special Financing Inc. on behalf of the Corporation ("LBSF Guarantees") and (b) to take any and all actions not inconsistent with such Resolutions which are necessary or advisable in order to effectuate the purpose and intent of such Resolutions, and such Resolutions are in full force and effect as of the date hereof.

2. That pursuant to an Authorization of the Treasurer of the Corporation dated as of August 7, 2000, the Treasurer authorized James J. Killerlane III to execute LBSF Guarantees on behalf of the Corporation, and such Authorization has at all times since then been, and as of the date hereof remains, in full force and effect.

3. The undersigned further certifies that the person listed below holds the office in the Corporation indicated opposite his name on the date hereof and that the signature appearing opposite his name is the genuine signature of such person:

| NAME | OFFICE | SIGNATURE |
|---|---|---|
| James J. Killerlane III | Vice President | /s/ James J. Killerlane III |

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Corporation's seal on August 29, 2005.

[SEAL]

LEHMAN BROTHERS HOLDINGS INC.

By: /s/ Jim Lee
Jim Lee
Assistant Secretary

## SECRETARY'S CERTIFICATE

The undersigned, an Assistant Secretary of Lehman Brothers Special Financing Inc. (the "Corporation"), a Delaware corporation, does hereby certify that attached hereto as Exhibit A is a true and correct and complete excerpt of resolutions duly adopted by the Board of Directors of the Corporation, which resolutions are in effect as of the date hereof.

IN WITNESS WHEREOF, I have hereunto set my hand this 21st day of September 2005.

[SEAL]

LEHMAN BROTHERS SPECIAL
FINANCING INC

By: _____
Jin Lee
Assistant Secretary

Exhibit A

**FURTHER RESOLVED**, that this Corporation (a) be and hereby is authorized to enter into: rate swap transactions; swap option transactions; basis swap transactions; credit default transactions; forward rate transactions; commodity swap transactions; commodity option transactions; commodity spot and forward transactions; total return and reverse total return swap transactions; equity or equity index swap transactions; index options and index swap transactions; interest rate option transactions; foreign exchange transactions; non-deliverable forward transactions; interest rate cap, floor, corridor and collar transactions; currency swap transactions; cross-currency swap transactions; currency spot and forward transactions; interest rate spread-lock transactions; interest rate-lock transactions; float forward transactions; currency option transactions; credit protection transactions; credit spread transactions; debt service deposit transactions; debt service reserve fund transactions; weather derivatives transactions; energy derivatives transactions; forward purchase or sale of a commodity or currency; any other similar transactions (including options with respect to any of these transactions) howsoever designated; and any combination of these transactions (each a "Transaction" and, collectively, "Transactions"), and (b) may enter Transactions on terms satisfactory to the President, and Managing Director, any Senior Vice President, any Vice President or the Treasurer of this Corporation, and such other acts and things as may be advisable or necessary to carry out and effect the full intent and purpose of this resolutions; and

**FURTHER RESOLVED**, that each of the President, any Managing Director, any Senior Vice President, any Vice President and the Treasurer of this Corporation be and hereby is authorized to execute, in the name of and on behalf of the Corporation, any form of document or agreement with respect to any Transactions and to do such other acts and things as may be advisable or necessary to carry out and perform, on the part of this Corporation, any such agreement, or in order to carry out and effect the full intent and purpose of this resolutions; and

**FURTHER RESOLVED**, that any and all prior actions taken, and any and all Transactions entered into, on behalf of this Corporation by the President, any Managing Director, any Senior Vice President, any Vice President or the Treasurer of this Corporation, prior to the date of this resolution be and hereby are ratified; and

**FURTHER RESOLVED**, that any one of the President, any Managing Director and the Treasurer (each such officer, an "Authorized Officer") shall have the authority to designate and/or terminate the designation of those individuals who can, in the name of and on behalf of the Corporation, enter into Transactions or execute, any form of document or agreement, in connection therewith; and

**FURTHER RESOLVED**, that the Corporation hereby adopts any form of resolution which an Authorized Officer shall approve as necessary, appropriate or desirable in order to carry out the purpose an intent of the preceding resolution and directs that the Secretary or an Assistant Secretary file a copy of each form of resolution so approved in the appropriate Minute Book of the Corporation.