**Hearing Date and Time: December 16, 2008 at 10:00 a.m (Prevailing Eastern Time)**
**Objection Date and Time:  December 11, 2008 at 4:00 p.m (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                     :

| | |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | **08-13555 (JMP)** |
| **Debtors.** | **(Jointly Administered)** |

------------------------------------------------------------------x

## NOTICE OF DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 9006(b) AND 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE ENLARGING THE TIME WITHIN WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11

cases (together, the "Debtors") to enlarge the time within which the Debtors may file notices of

removal of civil actions and proceedings to which the Debtors are or may be parties, all as more

fully described in the Motion, will be held before the Honorable James M. Peck, United States

Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House,

Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on

**December 16, 2008 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

NY2:\1940299\02\15L5702!.DOC\58399.0003

Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York,

shall set forth the name of the objecting party, the basis for the objection and the specific grounds

thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order

M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy

Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the

chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004,

Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York

10153, Attn:  Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and

Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee

for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New

York, New York 10004 Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian

Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley

& McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F.

Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee

of unsecured creditors appointed in these cases; and (v) any person or entity with a particularized

interest in the Motion, so as to be so filed and received by no later than **December 11, 2008 at**

**4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 1, 2008
       New York, New York

/s/ Shai. Y. Waisman
Shai. Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: December 16, 2008 at 10:00 a.m (Prevailing Eastern Time)
Objection Date and Time:  December 11, 2008 at 4:00 p.m (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                                               :
**In re**                                                      :    **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    **08-13555 (JMP)**
                                                               :
                                **Debtors.**                    :    **(Jointly Administered)**
                                                               :
                                                               :
---------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE**
**BANKRUPTCY CODE AND RULES 9006(b) AND 9027 OF THE FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE ENLARGING THE TIME WITHIN**
**WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), file this Motion and respectfully

represent:

**Background**

1.      Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

NY2:\1940299\02\15L5702!.DOC\58399.0003

"Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

2.     On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.     On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

## Jurisdiction

4.     This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Lehman's Business

5.     Prior to the events leading up to these chapter 11 cases, Lehman was the

fourth largest investment bank in the United States. For more than 150 years, Lehman has been

a leader in the global financial markets by serving the financial needs of corporations,

governmental units, institutional clients and individuals worldwide.

6.     Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Pg 6 of 13

Rules for the Southern District of New York in Support of First-Day Motions and Applications,

filed on September 15, 2008 [Docket No. 2].

## Relief Requested

7.        Pursuant to Bankruptcy Rule 9027(a)(2), the existing time within which

the Debtors may file notices of removal (the "Removal Period") for civil actions and proceedings

in state and federal courts to which the Debtors are or may become parties (the "Civil Actions")

that have not been stayed pursuant to section 362(a) of the Bankruptcy Code expires on

December 14, 2008.  By this Motion, the Debtors seek, pursuant to section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 9006(b) and 9027, an enlargement of the Removal

Period for Civil Actions until the date an order is entered confirming any chapter 11 plan in the

Debtors' chapter 11 cases.

## Basis for Relief Requested

8.        Section 1452 of title 28 of the United States Code provides for the

removal of actions related to bankruptcy cases.  Specifically, section 1452 provides, in pertinent

part, as follows:

> (a) A party may remove any claim or cause of action in a civil
> action other than a proceeding before the United States Tax Court
> or a civil action by a governmental unit to enforce such
> governmental unit's police or regulatory power, to the district court
> for the district where such civil action is pending, if such district
> court has jurisdiction of such claim or cause of action under
> section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may
> remand such claim or cause of action on any equitable ground.  An order
> entered under this subsection remanding a claim or cause of action, or a
> decision to not remand, is not reviewable by appeal or otherwise . . . .

28 U.S.C. § 1452.

9.    Bankruptcy Rule 9027 defines the Removal Period.  Specifically, Rule

9027 provides, in pertinent part, as follows:

> (a)(2) If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy Code] is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

> (a)(3) If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with summons.

Fed. R. Bankr. P. 9027(a).

10.    Accordingly, pursuant to Bankruptcy Rule 9027(a)(2), the Debtors must

file removal notices with respect to any pending civil actions or proceedings that have not been

stayed by December 14, 2008.

11.    Bankruptcy Rule 9006 permits, however, the Court to enlarge the

Removal Period.  Specifically, Rule 9006 provides, in pertinent part, as follows:

> (b)(1) Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

12.     In addition, section 105(a) of the Bankruptcy Code provides, in pertinent part, that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

13.     It is well established that this Court can enlarge the Removal Period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027.  *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding that the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) (Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions pursuant to Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (The United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods set forth in Bankruptcy Rule 9027(a)); *Raff. v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

14.     In fact, this Court has granted similar extensions of the removal period in other large chapter 11 cases.  *See, e.g., In re Loral Space & Communications Ltd.,* Case No. 03-41710 (RDD) (Bankr. S.D.N.Y. Oct. 27, 2003) [Docket No. 523] (extending the debtors' removal deadline through the earlier of six months or confirmation of a plan of reorganization); *In re WorldCom, Inc.*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. Oct. 8, 2002) [Docket No. 1511] (extending the debtors' removal deadline through confirmation of a plan of reorganization); *In re Enron Corp.,* Case No. 01-16034 (Bankr. S.D.N.Y. Feb. 28, 2002) [Docket

No. 1772] (extending the debtors' removal deadline for three months without prejudice to further

requests); *In re Global Crossing Ltd.,* Case No. 02-40188 (REG) (Bankr. S.D.N.Y. May 1, 2002)

[Docket No. 936] (extending the debtors' removal deadline through confirmation of a plan of

reorganization).

### Cause Exists to Enlarge the Removal Period

15.     These are the largest chapter 11 cases ever commenced under the

Bankruptcy Code.  Due to the exigent circumstances of these cases, the Debtors have been

forced to allocate most of their limited resources during the first 90 days of these cases to asset

sales and many other critical efforts to preserve the value of the Debtors' assets.  Specifically,

since the Commencement Date, the Debtors and their professionals have devoted their time to

multiple asset sales, including the sale of the broker dealer business to Barclays Capital Inc., the

sale of the Debtors' interest in Eagle Energy Partners I L.P., the sale of the Debtors' partnership

interest in R3 Capital Management, LLC, and the proposed sale of the Investment Management

Division.  The Debtors, their management, and their professionals have also devoted a

substantial portion of their time to stabilizing and preserving data, recruiting individuals with

particularized knowledge of Lehman's business to assist in the wind down of Lehman's affairs,

responding to constituent inquiries and coordinating a constant flow of information for parties in

interest both domestic and abroad.  As a result, the Debtors have not had an opportunity to

examine any of the Civil Actions to determine the feasibility or benefit of removing each case.

Additional time is required to undertake and complete the task of analyzing whether any pending

Civil Action should be removed to this Court, all in the context of the multitude of tasks

associated with these chapter 11 cases.

16.    The Debtors firmly believe that the proposed enlargement of the Removal Period will enable them to complete their review of the Civil Actions and file notices of removal where appropriate.  Absent the requested enlargement of the Removal Period, however, the Debtors will not be able to complete this review adequately, and the result could unnecessarily hinder the Debtors' ability to prosecute successfully their chapter 11 cases.

17.    Based on the foregoing, the Debtors submit that there exists sufficient cause to grant this Motion.

### Notice

18.    No trustee or examiner has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

19.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the

relief requested herein and such other and further relief as it deems just and proper.

Dated:  December 1, 2008
      New York, New York

 

/s/ Shai. Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                    :
In re                                               :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :        **08-13555 (JMP)**
                                                    :
                                    Debtors.         :        **(Jointly Administered)**
                                                    :
                                                    :
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF
THE BANKRUPTCY CODE AND RULES 9006(b) AND 9027 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE ENLARGING THE TIME WITHIN
WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS**

Upon the motion, dated December 1, 2008 (the "Motion"), of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and,

together with their non-debtor affiliates, "Lehman"), pursuant to Section 105(a) of the

Bankruptcy Code and Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), to enlarge the time within which the Debtors may

file notices of removal of civil actions and proceedings to which the Debtors are or may

become parties, all as more fully described in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28

U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges

for the Southern District of New York Any and All Proceedings Under Title 11, dated

July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided in accordance with the procedures set

forth in the order entered September 22, 2008 governing case management and

administrative procedures [Docket No. 285] to (i) the United States Trustee for the

Southern District of New York; (ii) the attorneys for the Official Committee of

Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal

Revenue Service; (v) the United States Attorney for the Southern District of New York;

and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing

that no other or further notice need be provided; and a hearing having been held to

consider the relief requested in the Motion; and the Court having found and determined

that the relief sought in the Motion is in the best interests of the Debtors, their estates and

creditors, and all parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code and

Bankruptcy Rule 9006(b), the time provided by Bankruptcy Rule 9027 within which the

Debtors may file notices of removal is extended in each of the Debtors' chapter 11 cases,

respectively, until the date an order is entered confirming a chapter 11 plan in each such

chapter 11 case.

Dated: December __, 2008
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE