**HEARING DATE: DECEMBER 3, 2008 at 10:00 a.m.**

Lindsee P. Granfield
Lisa M. Schweitzer
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Barclays Capital Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> Lehman Brothers Holdings Inc., et al. <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-13555 (JMP) <br> (Jointly Administered) |
| In re: <br><br> Lehman Brothers Inc., <br><br> Debtor. | Case No. 08-01420 (JMP) <br> SIPA |

**REPLY TO RESPONSES TO MOTION OF BARCLAYS
CAPITAL INC. FOR RELIEF CONCERNING CERTAIN CONTRACTS
ERRONEOUSLY POSTED WITH THE "CLOSING DATE CONTRACTS"**

Barclays Capital Inc. ("Barclays") by and through its undersigned counsel, hereby submits this reply (the "Reply") to the various responses (collectively, the "Responses") submitted in connection with the Motion of Barclays Capital Inc. for Relief Concerning Certain Contracts Erroneously Posted with the "Closing Date Contracts" (D.I. 809) (the "Motion"). In support of its Reply, Barclays respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.  By its Motion, Barclays seeks only a limited modification of the Sale Order and the Sale Procedures Order solely in order to reflect Barclays' actual intended designations as to which contracts would be assumed and assigned as Closing Date Contracts. None of the counterparties to the affected contracts have objected to the Motion, nor do the Responses filed really question Barclays' entitlement to relief. The Responses instead generally raise issues as to the appropriate form of or conditions to such relief. Barclays has attached a revised form of order that it believes should address the concerns raised by the LBI Trustee and the Debtors. As to the Creditor's Committee, their objection essentially suggests that Barclays should pay the full cure amounts for the affected contracts, regardless of whether they were ultimately assumed and assigned to Barclays. Not only would this force Barclays to pay for contracts under which it may have received none of the benefits of performance, but it is contrary to the basic premise of the Motion – which aims only to return all parties to the positions they would be in had this mistake not been made.

**BACKGROUND**

2.  Barclays filed the Motion on October 10, 2008, seeking to correct the record as to approximately 179 contracts erroneously included on the list of Closing Date Contracts posted to the Debtors' website.[1] As set forth in the Motion, Barclays seeks to clarify that these contracts were not assumed as Closing Date Contracts, but instead remain subject to future assumption or rejection.[2]

---

[1] All capitalized terms not otherwise defined have the meanings ascribed to them in the Motion. Unless otherwise noted herein, all docket item numbers refer to the docket for In re Lehman Brothers Holdings Inc. (Case No. 08-13555).

[2] Barclays filed a separate motion, also seeking relief under Federal Rule of Bankruptcy Procedure 9024, concerning a contract between Lehman Brothers Holding Inc. and American Express Travel Related Services Company, Inc. ("American Express") (D.I. 959). While American Express has filed a Response to that motion (D.I.

2

3. Both the trustee for the Securities Investor Protection Act liquidation of Lehman Brothers Inc. (the "LBI Trustee")[3], and the Debtors[4], filed limited objections to Barclays Motion on October 27, 2008. The Official Committee of Unsecured Creditors (the "Creditors' Committee") then filed an Objection on November 21, 2008.[5]

4. Since that time, Barclays has completed its process of reviewing contracts of LBI and LBHI that are related to the assets it purchased, and has accordingly designated additional agreements for assumption and assignment. A handful of the agreements that have been assumed through this later process are included in the relief sought by the Motion, which is simply that they not be Closing Date Contracts.[6]

## ARGUMENT

5. None of the counterparties to the contracts subject to Barclays' Motion have objected to entry of an order approving the relief Barclays requests.[7] Moreover, none of

---

1216), it does not relate to or oppose the instant Motion, which in any event presents a different situation. However, to the extent that American Express questions Barclays' standing generally, not only has the Court already found that the Sale Order and the APA "shall inure to the benefit of . . . the Purchaser," (Sale Order ¶ 16), but Barclays is clearly "sufficiently connected and identified with" the Order approving the APA to provide standing to seek relief under Rule 60(b). See Dunlop v. Pan Am. World Airways, Inc., 672 F.2d 1044 (2d Cir. 1982); see also Grace v. Bank Leumi Trust Co. of New York, 443 F.3d 180, 188 (2d Cir. 2006).

[3] See Trustee's Limited Objection to Motion for Rule 60 Relief Concerning Certain Contracts Erroneously Posted with the "Closing Date Contracts" (D.I. 179 in Case No. 08-1420) (the "Trustee Response").

[4] See Debtor's Response to the Motions of Barclays Capital Inc. for Relief, Pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9024, Concerning Various Closing Date Contracts (D.I. 1212) (the "Debtor's Response").

[5] See Objection Of Official Committee Of Unsecured Creditors Of Lehman Brothers Holdings Inc., et al. To Motions Of Barclays Capital Inc. For Relief, Pursuant To Federal Rule Of Civil Procedure 60(b), Concerning Certain Contracts Erroneously Posted With The Closing Date Contracts (D.I. 1672) (the "Committee Objection").

[6] As noted above, the Proposed Order clarifies that the mistakenly posted agreements remain subject to future assumption or rejection. Accordingly, no additional modifications need be made to the Proposed Order with respect to those mistakenly-posted contracts that have been designated for assumption and assignment since the Closing Date.

[7] While one counterparty, Bright Horizons Children's Centers LLC, did initially file a response to the Motion (D.I. 888), that response has since been withdrawn. See Notice of Withdrawal of Objections (D.I. 1525).

3

the Responses take the position that Barclays has not demonstrated its entitlement to relief. The Responses, instead, focus on concerns about the form of relief or conditions under which relief might be fashioned to avoid undue prejudice to the estates. Each of these Reponses is addressed, in turn, below.

6.    First, while the Creditors' Committee purports to suggest a compromise solution, what its Objection demands is in fact tantamount to denying the Motion. Specifically, the Creditors' Committee requests that any relief "expressly preclude the non-debtor counterparties to the Rule 60(b) Contracts from filing any claims against the estates in connection with the rejection of the contracts or require Barclays to hold the estates harmless for any rejection damages that the estates may occur." Committee Objection, ¶ 8. The effect of fashioning relief in this manner would be inequitable: it would essentially require Barclays to pay any cure costs associated with the contracts subject to the Motion, without having those agreements assigned to it. This would leave Barclays with only the burdens and none of the benefits of such contracts. Rather than place Barclays and the estates in the positions they would be in if the contracts had not been mistakenly posted, the Creditors' Committee seeks to hold Barclays accountable for rejection damages on agreements it did not intend to designate for assignment. Moreover, while it is very early in these cases, it is extremely unlikely that any incremental claims against the estates based on those agreements will represent more than a very small proportion of the entire universe of claims that will have to be addressed and determined in this proceeding.[8]

---

[8]    Even if the Court were persuaded by the Creditors' Committee's reasoning, Barclays should in any event not be held to answer for the entire amount of any counterparty's claim, but rather only for incremental marginal amount that would have been available for distribution to unsecured creditors but for any additional allowed rejection-damages claims filed by counterparties to the mistakenly-posted contracts that are the subject of the Motion.

4

7.      The Debtors' Response is not as broad.  Instead, in an abundance of caution, the Debtors request that any relief "impose[] no greater liability upon these estates than they would have had if [the] contracts [affected by the Motion] had never been assumed." Debtors' Resp., ¶ 7.  Specifically, the Debtors' Response expressed concern that counterparties to the affected contracts could seek to pursue administrative expense claims against the estate. Id, ¶ 8.  While the Motion already sought to make clear that the affected contracts were never assumed, Barclays believes that the revised proposed order (attached as Exhibit A (the "Proposed Order")) directly addresses the concerns raised in the Debtors' Response, making abundantly clear that any rejection damages resulting from a subsequent rejection of affected contracts will not be elevated to administrative expense priority status.

8.      The LBI Trustee's Response also addresses potential administrative priority claims against the estates.  To this end, the LBI Trustee requests that the Court expressly condition its relief on Barclays' "payment to and [commitment to] otherwise deal in good faith with persons adversely affected by the error, and that such persons will have claims against Barclays rather than administrative claims in this proceeding." Trustee Response, ¶ 2.  Barclays believes that Section 2.5 of the APA fairly addresses the LBI Trustee's concerns.  Pursuant to that section, Barclays is "obligated to pay or cause to be paid ordinary course amounts due under such contracts in accordance with the terms thereof" until the time such contracts are designated as either Purchased Contracts (and thereby assigned to Barclays) or as Rejected Contracts. Granting Barclays the relief it requests, as further clarified in the attached Proposed Order, will neither amend nor revise Barclays' obligation to pay or cause to be paid any ordinary course due amounts that accrued post-Closing under a particular contract prior to the time it was designated

as a Rejected Contract by Barclays.[9]  With the benefit of the time that has passed since the Closing Date Contracts were posted, Barclays has since designated a handful of the agreements that were originally among those subject to the Motion for assumption and assignment.  For these agreements, Barclays has assumed the responsibility for any cure liabilities.  For those agreements that Barclays ultimately has not designated for assumption and assignment, it remains responsible for any ordinary course due amounts in the interim time, pursuant to Section 2.5 of the APA.

9. In sum, granting the requested relief will serve only to return the estates to the position they would have been in had no mistake ever occurred.  This is precisely the type of case in which a party should be granted relief under Rule 60(b).

## CONCLUSION

WHEREFORE, for the reasons set forth herein, BarCap respectfully requests that this Court: (a) grant the Motion by entering the attached Proposed Order; and (b) grant such other and further relief as this Court may deem just or proper.

Dated: New York, New York
December 2, 2008

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Lindsee P. Granfield
Lindsee P. Granfield
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Barclays Capital Inc.*

---

[9] While Barclays believes that the Proposed Order addresses the issues raised by the Trustee Response, the LBI Trustee has not yet confirmed whether he agrees with that position.

6

Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**ORDER GRANTING BARCLAYS' MOTION FOR CERTAIN LIMITED RELIEF**
**FROM THE SALE ORDER AND THE SALE PROCEDURES ORDER**

Upon the motion, dated October 10, 2008 (the "Motion"),[1] of Barclays Capital Inc. for entry of an order, pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), granting certain limited relief from this Court's Sale Order and Sale Procedures Order (as more fully described in the Motion); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, proper and sufficient notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that it should exercise its discretion in accordance with the relief requested in the Motion and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

ORDERED that, pursuant to Bankruptcy Rule 9024 the Motion is granted; and it is further

ORDERED that, notwithstanding any prior order of this Court to the contrary, or any notice given by Barclays or the Debtors, those contracts set forth on Exhibit 1 hereto, which were erroneously included in the schedule of Non-IT Closing Date Contracts posted to the Debtor's Website on September 18, 2008 **(the "September 18 Non-IT Schedule")**: (i) do not Constitute Closing Date Contracts, (ii) have not been assumed and assigned to Barclays, and (iii) remain subject to future assumption, assignment, and/or rejection**. For the avoidance of doubt, the erroneous inclusion of the contracts set forth on Exhibit 1 in the September 18 Non-IT Schedule has not effectuated an assumption of such contracts, and any subsequent rejection thereof shall not give rise to any administrative expense claim against the Debtors or their estates under 11 U.S.C. § 503(b)**; and it is further

ORDERED that, notwithstanding any prior order of this Court to the contrary, nor any notice given by Barclays or the Debtors, Barclays shall have no obligation or liability for payment of cure amounts with respect to those contracts set forth on Exhibit 1 hereto**, provided however, that nothing in this Order shall modify or amend Barclays' obligations under Section 2.5 of the Asset Purchase Agreement**; and it is further

ORDERED that Barclays and the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

2

ORDERED that the Court retains jurisdiction to enforce this Order.

Dated: ~~November~~**December** __, 2008
    New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE