WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                  :
**In re**                                         :        **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*      :        **08-13555 (JMP)**
                                                  :
                              **Debtors.**        :        **(Jointly Administered)**
                                        :         :
                                                  :
-------------------------------------------------------------------x

**DEBTORS' SUPPLEMENTAL OBJECTION**
**TO THE MOTION OF DNB NOR BANK ASA FOR**
**(I) RELIEF FROM THE AUTOMATIC STAY TO**
**EFFECT SETOFF OR, IN THE ALTERNATIVE, (II) AN ORDER**
**REQUIRING THE DEBTORS TO PROVIDE ADEQUATE PROTECTION**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), as and for their supplemental objection

(the "Supplemental Objection") to the motion of DnB Nor Bank ASA ("DnB"), filed September

30, 2008 (docket no. 465) (the "Motion"), for relief from the automatic stay to effect setoff or, in

the alternative, an order requiring LBHI to provide adequate protection in the above-captioned

chapter 11 cases, respectfully represent:

## **Background**

1.      By the Motion, DnB is seeking relief from the automatic stay provided for in section 362(a) of title 11 of the United States Code (the "Bankruptcy Code") to effectuate a setoff to apply the amount in an LBHI deposit account (the "Account") against an approximate $25 million claim that DnB asserts it has against LBHI under a credit facility.  DnB alleges in its Motion that, prior to the commencement of LBHI's chapter 11 case on September 15, 2008 (the "Commencement Date"), DnB, as lender, and LBHI, as borrower, entered into a $25,000,000 Revolving Credit Facility dated March 1, 2008 (the "Credit Agreement").  DnB claims that as of Commencement Date, the amount of the obligations under the Credit Agreement was approximately $25,071,256.94.

2.      Further, DnB alleges in the Motion that, prior to the Commencement Date, LBHI established and maintained the Account, account number 7966.02.01268, at DnB.  DnB alleges that the balance in the Account as of the Commencement Date was approximately 106,178,587.92 Norwegian Kroners ("NOK").  Motion ¶¶ 3, 4.  DnB claims that it is entitled to setoff 106,178,587.92 NOK against its claim arising under the Credit Agreement in partial satisfaction thereof.

3.      In their initial objection to the Motion, dated November 3, 2008 (the "Objection") [Docket No. #1334], the Debtors objected to the Motion because the Motion contained insufficient information and the Debtors did not possess sufficient information to determine whether all of the funds in the Account were credited prior to the commencement of LHBI's chapter 11 case.

4.      On November 5, 2008, the Court held an initial status conference on the Motion at which time DnB agreed to engage in informal discovery regarding when the deposits

were credited to the Account and make available employees from DnB to answer questions

regarding the documents that had been provided or were to be provided and regarding the

Account.  On or about November 13, 2008, DnB produced various documents regarding the

Account, and on November 28, 2008, employees of the Debtors and DnB engaged in informal

discussions regarding said documents and the Account.  Based on that informal discovery, as

demonstrated below, the Debtors have determined that approximately 7 million NOK were

credited to the Account subsequent to the commencement of LBHI's chapter 11 case.  Such

funds and may not, therefore, be subject to setoff.

### The Deposits, Debits, and Withdrawals

5.      Among the documents that DnB provided to the Debtors was a transaction

log (the "Transaction Log"), a copy of which is annexed hereto as Exhibit A.  DnB advised the

Debtors that the Transaction Log lists the various withdrawals and deposits made to the Account

and the date and time at which such transfers were effected.  The row corresponding to the

column marked Res. No. 060830 on the Transaction Log demonstrates that a transfer in the

amount of  98,046,550 NOK was credited to the Account on September 15, 2008 at

approximately 6:06 a.m. (Central European Summer Time), which equates to 12:06 a.m.

(Eastern Time) on September 15, 2008, less than two hours prior to the commencement LBHI's

chapter 11 case at approximately 1:45 a.m. (Eastern Time) See Docket No. 1 and the time stamp

of LHBI's petition that is annexed hereto as Exhibit B.  The credit of 98,046,550 NOK to the

Account and the available balance of 1,221,285.28 NOK at the close of business in Norway on

September 12, 2008 resulted in a total available balance in the Account immediately prior to the

commencement of LBHI's chapter 11 case of 99,267,835.28 NOK.

6.      The Transaction Log also demonstrates that five debits or withdrawals

were made from the Account.  The rows marked Res. No. 060832, Res. No. 535784, Res. No.

535850, Res. No. 535890, and Res. No. 540311 on the Transaction Log correspond to transfers

from the Account that reduced the available prepetition balance in the aggregate amount of no

less than 154,598.92 NOK.  These debits and withdrawals reduced the prepetition balance

available for set off from 99,267,835.28 NOK to 99,113,236.36 NOK.

　　　　7.　　　DnB also provided copies of wiring instructions for a transfer in the

amount of 6,865,351.56 NOK and another in the amount of 200,000 NOK, which are annexed

hereto respectively as Exhibit C and Exhibit D.

　　　　8.　　　Page one of Exhibit C reflects that Lehman Brothers Commercial

Corporation ("LBCC") sent the wiring instructions on September 12, 2008 at 5:03 p.m.

(Greenwich Mean Time).  Page two of Exhibit C reflects that the 6,865,351.56 NOK was not to

be debited from LBCC's account and credited to LBHI's Account until September 15, 2008.

　　　　9.　　　Page one of Exhibit D reflects that LBCC sent the wiring instructions on

September 12, 2008 at 5:06 p.m. (Greenwich Mean Time).  Page two of Exhibit D reflects that

the 200,000 NOK was not to be debited from LBCC's account and credited to LBHI's account

until September 15, 2008.

　　　　10.　　　Notably, the rows corresponding to the column marked Res. No. 541229

and Res. No. 541340 of the Transaction Log confirm that the funds directed by the wiring

instructions in Exhibit C and Exhibit D totaling 7,065,351.56 NOK were credited to the Account

at 12:54 p.m. (Central European Summer Time), which equates to 6:54 a.m. (Eastern Time),

approximately five hours <u>after</u> the commencement LBHI's chapter 11 case.

## **DnB Has Not Met its Burden As to the Postpetition Transfers**

　　　　11.　　　DnB claims it is entitled to an order lifting the automatic stay under

section 362(d)(1) of the Bankruptcy Code because "its valid, non-bankruptcy offset rights

constitute 'cause'" for such relief.  A conclusory statement that a party has a valid right to a

setoff does not make it so and without more certainly does not constitute cause for relief from the

automatic stay.

12.    The treatment of setoff rights in bankruptcy is addressed in section 553 of

the Bankruptcy Code.  Section 553(a) of the Bankruptcy Code provides, in relevant part, that:

> Except as otherwise provided in this section an in *sections 362* and
> *363* of this title, this title does not affect any right of a creditor to
> offset a *mutual debt* owing by such creditor to the debtor that arose
> before the commencement of the case under this title against a
> claim of such creditor against the debtor that arose before the
> commencement of the case. . . .

11 U.S.C § 553(a) (emphasis added).

13.    Section 553(a) preserves a creditor's right to setoff, but only for a "mutual

debt owing by such creditor to the debtor that arose before the commencement of the case."  11

U.S.C. § 553(a).  The filing of a bankruptcy petition marks the time at which mutuality ceases;

any funds thereafter deposited are considered property of the bankruptcy estate.  *In re Springfield*

*Casket Co., Inc.,* 21 B.R. 223, 228 (Bankr. S.D. Ohio 1982) ("In the context of bankruptcy,

postpetition debts may not provide the basis for setoff because mutuality ceases upon the filing

of the bankruptcy estate.").  Thus, courts consistently hold that banks cannot set off their

prepetition claims against amounts debtors deposit in their bank accounts postpetition.  *See, e.g.,*

*In re Orr*, 234 B.R. 249, 254 (Bankr. N.D.N.Y. 1999) (noting that "it is clear that the right of

setoff cannot exist in postpetition deposits."); *In re Keather*, 208 B.R. 406, 415 (Bankr. S.D.

Ohio 1997) (stating that "it is clear that the right of setoff cannot exist in postpetition deposits"

and denying bank's motion to apply amounts deposited in bank account postpetition against

prepetition claim).

14.    While a bank may place a postpetition administrative freeze on a debtor's bank account without violating the automatic stay, *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 21 (1995), a bank's failure to do such when it voluntarily releases funds held in a debtor's bank account acts as a waiver to whatever setoff rights it had against the prepetition funds that were debited or withdrawn from the bank account.  *Orr*, 234 B.R. at 254.

### Proper Amount of the Setoff

15.    As demonstrated above, no more than 99,113,236.36 NOK of the 106,178,587.92 NOK claimed by DnB to be in the Account as of the Commencement Date were actually credited to the Account prior to the commencement of LBHI's chapter 11 case.  DnB's documents clearly demonstrate that the remaining balance of 7,065,351.56 NOK were not credited to the Account until after LBHI commenced its chapter 11 case.  Accordingly, no mutuality exists with respect to the approximate 7 million NOK DnB is seeking to setoff against its prepetition claims.  *See Orr*, 234 B.R. at 254; *Keather*, 208 B.R. at 415; *Springfield Casket*, 21 B.R. at 228.  Any reliance on the fact that the instructions in Exhibit B and Exhibit C to wire the approximate 7 million NOK were transmitted prior to the commencement of LBHI's chapter 11 case is unavailing.  In its Motion, DnB did not supply nor have the Debtors found any cases standing for the proposition that a bank may setoff against funds credited to an account <u>after</u> the petition merely because the wiring instructions were sent prior to the petition date.  Without mutuality, section 553(a) of the Bankruptcy Code prohibits DnB from setting off against the 7,065,351.56 NOK.

16.    Accordingly, while the Debtors are prepared to consent to the modification of the automatic stay under section 362(a) of the Bankruptcy Code for the exclusive purpose of permitting DnB to setoff its obligations to the Debtors arising under the Account

against the Debtors' obligations to DnB under the Credit Agreement in amount equal to 99,113,236.36 NOK less any postpetition deposits, debits, or withdrawals to or from the Account.  DnB should be directed to transfer the remaining funds in the Account as directed by LBHI.

## The Adequate Protection

17.    At the November 5, 2008 status conference on the Motion, DnB and the Debtors stipulated on the record that DnB would be permitted to convert the NOK in the Account into United States dollars ("USD") as adequate protection against currency fluctuations. The relevant portion of the November 5, 2008 transcript is annexed hereto as Exhibit E.  Since the status conference on the Motion, the value of the NOK as of November 6, 2008 has depreciated.  Notwithstanding its authorization to convert the NOK and its obligation to mitigate its claim against LBHI, DnB failed to convert the NOK into USD.  As of November 6, 2008, if the funds available for setoff had been converted into USD they would have been valued at approximately $14,453,881 based on a conversion rate of 1 NOK to .145832 USD.  As of the date hereof those same funds are valued at approximately $13,988,148 based on a conversion rate of 1 NOK to .141133 USD.  Thus, DnB's failure to convert the NOKs as it sought and obtained the authority to do has prejudiced LHBI's estate and its creditors.  Accordingly, the Debtors reserve their rights to object to DnB's deficiency claim based upon, *inter alia*, DnB's failure to covert the funds on November 6, 2008.

WHEREFORE the Debtors respectfully request that the Court (i) to deny the Motion in part insofar as it seeks to setoff against the entire 106,178,587.92 NOK in the Account, (ii) grant the Motion in part to permit DnB to setoff against the 99,113,236.36 NOK,

less any subsequent debits or withdrawals, (iii) direct DnB to transfer the 7,065,351.56 NOK and

in other funds remaining in the Account upon the direction by LBHI, and (iv) grant the Debtors

such other and further relief as may be just.

Dated:  December 2, 2008
      New York, New York

                             /s/ Richard P. Krasnow
                             Harvey R. Miller
                             Richard P. Krasnow
                             WEIL, GOTSHAL & MANGES LLP
                             767 Fifth Avenue
                             New York, New York 10153
                             Telephone: (212) 310-8000
                             Facsimile: (212) 310-8007

                             Attorneys for Debtors
                             and Debtors in Possession

# EXHIBIT A

**(Transaction Log)**

*Encl 3.*  *3.3*  *3.4*

7966.02.01268 LBHI

*3.2*

| TRA.DATO | TIME | RES.NO | TYPE | SYS | RS | TRAN AMOUNT | DISP AFTER | TIMESTAMP | PROD | VAL | TRANSREF | VALUEDATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12.09.2008 | 15.32.28 | 322802 | 0050 | 794 | 00 | 34.074.353,96 | 65.147.131,32 | 2008-09-12-15.32.28 | DE8 | | | 12092008 |
| 12.09.2008 | 15.32.28 | 322803 | 0120 | 794 | 00 | 34.074.353,96 | 99.221.485,28 | 2008-09-12-15.32.28 | DE8 | | | 12092008 |
| 12.09.2008 | 15.56.25 | 562598 | 0050 | 234 | 00 | 98.000.000,00- | 1.221.485,28 | 2008-09-12-15.56.25 | DE8 | 13251 | 00018360 | 12092008 |
| 12.09.2008 | 15.56.25 | 562600 | 0100 | 234 | 00 | 98.000.000,00- | 1.221.485,28 | 2008-09-12-15.56.25 | DE8 | 13140 | 234NEV206113 | 12092008 |
| 12.09.2008 | 15.56.26 | 562609 | 0050 | 234 | 00 | 98.046.550,00 | 98.046.550,00 | 2008-09-12-15.56.26 | DE8 | 13140 | 234NEV206113 | 15092008 |
| 12.09.2008 | 15.56.26 | 562610 | 0120 | 234 | 00 | 98.046.550,00 | 98.268.035,28 | 2008-09-12-15.56.26 | DE8 | 13140 | 234NEV206113 | 15092008 |
| 15.09.2008 | 06.06.03 | 060830 | 0050 | 794 | 00 | 1.500,00- | 99.267.835,28 | 2008-09-15-06.06.03 | DE8 | 13220 | 00001318 | 15092008 |
| 15.09.2008 | 06.06.08 | 060832 | 0100 | 794 | 00 | 1.500,00- | 99.266.335,28 | 2008-09-15-06.06.08 | DE8 | 13220 | 00001318 | 15092008 |
| 15.09.2008 | 12.53.57 | 535782 | 0050 | 794 | 00 | 35.148,00- | 99.266.335,28 | 2008-09-15-12.53.57 | DE8 | 13251 | 00018276 | 15092008 |
| 15.09.2008 | 12.53.57 | 535784 | 0100 | 794 | 00 | 35.148,00- | 99.231.187,28 | 2008-09-15-12.53.57 | DE8 | 13251 | 00018276 | 15092008 |
| 15.09.2008 | 12.53.58 | 535848 | 0050 | 794 | 00 | 70.296,00- | 99.231.187,28 | 2008-09-15-12.53.58 | DE8 | 13251 | 00018277 | 15092008 |
| 15.09.2008 | 12.53.58 | 535850 | 0100 | 794 | 00 | 70.296,00- | 99.160.891,28 | 2008-09-15-12.53.58 | DE8 | 13251 | 00018277 | 15092008 |
| 15.09.2008 | 12.53.58 | 535848 | 0050 | 794 | 00 | 43.430,00- | 99.160.891,28 | 2008-09-15-12.53.58 | DE8 | 13251 | 00018278 | 15092008 |
| 15.09.2008 | 12.53.58 | 535880 | 0100 | 794 | 00 | 43.430,00- | 99.117.461,28 | 2008-09-15-12.53.58 | DE8 | 13251 | 00018278 | 15092008 |
| 15.09.2008 | 12.54.03 | 540309 | 0050 | 794 | 00 | 4.189,92- | 99.117.461,28 | 2008-09-15-12.54.03 | DE8 | 13251 | 00018308 | 15092008 |
| 15.09.2008 | 12.54.03 | 540311 | 0100 | 794 | 00 | 4.189,92- | 99.113.271,36 | 2008-09-15-12.54.03 | DE8 | 13251 | 00018308 | 15092008 |
| 15.09.2008 | 12.54.12 | 541228 | 0050 | 794 | 00 | 6.865.351,56 | 99.113.271,36 | 2008-09-15-12.54.12 | DE8 | 13251 | 00018372 | 15092008 |
| 15.09.2008 | 12.54.12 | 541229 | 0120 | 794 | 00 | 6.865.351,56 | 105.978.622,92 | 2008-09-15-12.54.12 | DE8 | 13251 | 00018372 | 15092008 |
| 15.09.2008 | 12.54.13 | 541339 | 0050 | 794 | 00 | 200.000,00 | 105.978.622,92 | 2008-09-15-12.54.13 | DE8 | 13251 | 00018374 | 15092008 |
| 15.09.2008 | 12.54.13 | 541340 | 0120 | 794 | 00 | 200.000,00 | 106.178.622,92 | 2008-09-15-12.54.13 | DE8 | 13251 | 00018374 | 15092008 |

*for DnB NOR Bank ASA*

*3.1*

**EXHIBIT B**

**(Time Stamp of LBHI's Petition)**

```
MIME-Version:1.0
From:nysbinfo@nysb.uscourts.gov
To:courtmail@localhost.localdomain
Bcc: harvey.miller@weil.com
Message-Id:<6989459@nysb.uscourts.gov>
Subject:08-13555 Voluntary Petition (Chapter 11)
```

Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. Bankruptcy Court

### Southern District of New York

Notice of Bankruptcy Case Filing

The following transaction was received from Miller, Harvey R. entered on 9/15/2008 at 1:45 AM and filed on 9/15/2008

**Case Name:**       Lehman Brothers Holdings Inc.
**Case Number:**      08-13555
**Document Number:** 1

**Docket Text:**
Voluntary Petition (Chapter 11). Order for Relief Entered. Filed by Harvey R. Miller of Weil, Gotshal & Manges, LLP on behalf of Lehman Brothers Holdings Inc.. (Miller, Harvey)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\staublec\Desktop\Lehman Brothers Holdings Inc_ Petition_#1915514.PDF
**Electronic document Stamp:**
[STAMP NYSBStamp_ID=842906028 [Date=9/15/2008] [FileNumber=6989457-0] [1e355305d71bbaae0b660416e6aad9503d9ed61ad241545fd8cf19232cec7994cfded 4bcd0b7695d80fea320eba616a82803512d2e7293d3eed72888cb512aa6]]

**08-13555 Notice will be electronically mailed to:**

Harvey R. Miller     harvey.miller@weil.com

**08-13555 Notice will not be electronically mailed to:**

United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004

**EXHIBIT C**

**(6.8 Million NOK Wiring Instruction)**

Page: 1 Document Name: untitled

PMMS S PP  View Electronic Message                08.10.30  12:34 3R3O
                                          DNNO 7966     AD30887  D-I

Sender       : SLHIUS3NXXX  Medium  : SWIFT    Format: 202   Prio:     N
Receiver     : DNBANOKCXXX  TRN/MsgId: FX143039500
Reg. Date/Time: 080912/1703  SRC     : 080912SLHIUS3NAXXX4133875495

      Delivery time from SWIFT: 080912/1703

      * LEHMAN BROTHERS COMMERCIAL CORPORAT
      * NEW YORK
108   SLIIGB2L/24217
20    FX143039500
21    REF FX
32A    080915 NOK            6.865.351,56
53B   /70020241134
56A   DNBANOKKXXX
      * DNB NOR BANK ASA
      * OSLO
57A   /7966 02 01268
      SLHIGB2HXXX
      * LEHMAN BROTHERS HOLDING INC UK BRAN
      * LONDON
58A   SLIIGB2LXXX
      * LEHMAN BROTHERS INTERNATIONAL (EURO
      * LONDON
      -
MAC   8C19F267
CHK   16E005DC5B56


Tran : _____ _    Key : _____ Sys : __        Page 001 of 002



Date: 30.10.2008 Time: 12:35:05

```
Page: 1 Document Name: untitled

PMFT S PP  Financial Transfer Select              08.10.30  12:34 3R3O
                                                  DNNO 7966      AD30887  D-I
Exdate 2008-09-15   Pay-ID : 7966XXF00018372 Status: F     Screen 01 of 07
                    Rout  :                   Reverse :
SdBIC< SLHIUS3NXXX  NatID <                          Setl. N   M:
Name   LEHMAN BROTHERS COMMERCIAL CORPORAT NEW YORK
DbBIC< SLHIUS3XXXX  NatID <                                  Deb.Mech<
       LEHMAN BROTHERS INC.                   NEW YORK
DbAcc< 70020241134                            E Prio  : N
       LEHMAN BROTHERS INC.                   LEHMAN BROTHERS
ReCur< NOK  Amount:             6.865.351,56  DebVal: 0915 E CreVal  : 0915 S

ClBIC<               Nat-ID <                           RT :
Name
AWBIC< SLHIGB2HXXX  Nat-ID <                    E        RT :
Name   LEHMAN BROTHERS HOLDING INC UK BRAN 25, BANK ST

BNBIC< SLIIGB2LXXX  Nat-ID <                    E        RT :
Name   LEHMAN BROTHERS INTERNATIONAL (EURO 25, BANK STREET

Banks  SLHIGB2HXXX  SLIIGB2LXXX
Fld 72


TRN    FX143039500             Rel TRN: REF FX        Advice ind: N
Debit  NOK          6.865.351,56  CreMech< CORR    S    RT  :
Credit NOK          6.865.351,56  CreAcc : 79660201268            M
                                  LEHMAN BROTHERS HOLDING INC U
RegUsr SWIFT       VerUsr : SWIFT                 SWIFT  2008-09-12
Msg< _ Evnts< _ Procs< _ Comm< _   Auth< _   PMRF< _ PMAI< _ PMAT< _ Claim< _

Tran :  ____  _   Key : _____ Sys : __ Pr: FT EXTRFO BAS
```

Date: 30.10.2008 Time: 12:34:57

**EXHIBIT D**

**(200,000 NOK Wiring Instruction)**

```
PMMS S PP  View Electronic Message                    08.10.30  12:33 3R3O
                                              DNNO 7966      AD30887  D-I


Sender       : SLHIUS3NXXX  Medium   : SWIFT   Format: 202    Prio:    N
Receiver     : DNBANOKCXXX  TRN/MsgId: FX143543658
Reg. Date/Time: 080912/1706  SRC     : 080912SLHIUS3NAXXX4133875567


       Delivery time from SWIFT: 080912/1706


       * LEHMAN BROTHERS COMMERCIAL CORPORAT
       * NEW YORK
108    SLIIGB2L/24291
20     FX143543658
21     REF FX
32A      080915 NOK              200.000,
53B    /70020241134
56A    DNBANOKKXXX
       * DNB NOR BANK ASA
       * OSLO
57A    /7966 02 01268
       SLHIGB2HXXX
       * LEHMAN BROTHERS HOLDING INC UK BRAN
       * LONDON
58A    SLIIGB2LXXX
       * LEHMAN BROTHERS INTERNATIONAL (EURO
       * LONDON
       -
MAC    AA881C3E
CHK    B94C4621FF6C


Tran : ____ _   Key : _____ Sys : __        Page 001 of 002
```

```
PMFT S PP  Financial Transfer Select              08.10.30  12:36 3R3O
                                           DNNO 7966      AD30887  D-I
Exdate 2008-09-15   Pay-ID : 7966XXF00018374  Status: F   Screen 01 of 07
                    Rout   :                 Reverse :
SdBIC< SLHIUS3NXXX  NatID <                    Setl. N   M:
Name   LEHMAN BROTHERS COMMERCIAL CORPORAT NEW YORK
DbBIC< SLHIUS3XXXX  NatID  <                            Deb.Mech<
       LEHMAN BROTHERS INC.               NEW YORK
DbAcc< 70020241134                        E Prio  : N
       LEHMAN BROTHERS INC.               LEHMAN BROTHERS
ReCur< NOK  Amount:          200.000,00   DebVal: 0915 E CreVal  : 0915 S


ClBIC<              Nat-ID <                           RT  :
Name
AWBIC< SLHIGB2HXXX  Nat-ID <               E          RT  :
Name   LEHMAN BROTHERS HOLDING INC UK BRAN 25, BANK ST

BNBIC< SLIIGB2LXXX  Nat-ID <               E          RT  :
Name   LEHMAN BROTHERS INTERNATIONAL (EURO 25, BANK STREET


Banks  SLHIGB2HXXX  SLIIGB2LXXX
Fld 72




TRN    FX143543658             Rel TRN: REF FX        Advice ind: N
Debit  NOK          200.000,00 CreMech< CORR     S    RT  :
Credit NOK          200.000,00 CreAcc : 79660201268              M
                                        LEHMAN BROTHERS HOLDING INC U
RegUsr SWIFT        VerUsr : SWIFT           SWIFT    2008-09-12
Msg< _ Evnts< _ Procs< _ Comm< _   Auth< _  PMRF< _ PMAI< _ PMAT< _ Claim< _

Tran :  ____  _    Key : _____ Sys : __ Pr: FT EXTRFO BAS
```

Date: 30.10.2008 Time: 12:36:47

# EXHIBIT E

## (November 5, 2008 Transcript)

```
 1

 2    UNITED STATES BANKRUPTCY COURT

 3    SOUTHERN DISTRICT OF NEW YORK

 4    Case No. 08-13555

 5    - - - - - - - - - - - - - - - - - - - -x

 6    In the Matter of:

 7

 8    LEHMAN BROTHERS HOLDINGS, INC., et al.

 9

10           Debtors.

11

12    - - - - - - - - - - - - - - - - - - - -x

13

14                 United States Bankruptcy Court

15                 One Bowling Green

16                 New York, New York

17

18                 November 5, 2008

19                 10:02 AM

20

21    B E F O R E:

22    HON. JAMES M. PECK

23    U.S. BANKRUPTCY JUDGE

24

25
```

LEHMAN BROTHERS HOLDINGS INC., et al.

1   action settlements of a certified class action entitled

2   "Austin, et al, v. Chisick".  The parties have agreed to put

3   that over for November 18th, Your Honor.

4          THE COURT:  There's also a number on there carried --

5          MR. MILLER:  I'm sorry?

6          THE COURT:  Number 42 on the next page.

7          MR. MILLER:  I'm sorry, Your Honor.  That is the

8   debtors' motion, Your Honor, to pay pre-petition excise and

9   withholding taxes.  We have agreed -- there's an objection

10  filed, Your Honor, by the Walt Disney Company.  We've agreed to

11  discuss that with the Walt Disney Company and bring it back on

12  November 18th.

13         THE COURT:  Fine.

14         MR. MILLER:  We can go to the contested matters, Your

15  Honor, which relate to Lehman Brothers Inc., et al. and then go

16  to LBI, Lehman Brothers Inc., if that's --

17         THE COURT:  Fine.

18         MR. MILLER:  -- agreeable to Your Honor.

19         THE COURT:  That's agreeable.

20         MR. MILLER:  Okay.  The first contested matter, Your

21  Honor, is the motion of DNB Bank ASA for stay relief or, in the

22  alternative, an order requiring the debtors to provide adequate

23  protection.  This relates, Your Honor, to a deposit of

24  approximately 18.5 million dollars.  It's actually in Swedish

25  krona, Your Honor.  And the moving party would like to have the

LEHMAN BROTHERS HOLDINGS INC., et al.

1   stay lifted.  We are in negotiations, Your Honor, to try and

2   resolve this matter.  The debtors are agreeable to the

3   conversion of the krona into U.S. dollars to protect it against

4   deterioration in value.  The parties have agreed that there

5   should be final hearing on December 3.  In the interim, there

6   would be expedited discovery to see if this matter can be

7   resolved and then bring it forward to December 3 which I think

8   is an omnibus hearing date, if I recall correctly, Your Honor,

9   if it can't be resolved prior to that date.  I don't know if

10  counsel is here --

11          MR. UZZI:  Your Honor, pardon me, Gerard Uzzi of

12  White & Case on behalf of DNB NOR Bank.  That, for the most

13  part, accurately reflects our agreement, Your Honor, with one,

14  I think, nuance.  The next omnibus hearing date is November

15  14th --

16          THE COURT:  November 18th.

17          MR. UZZI:  18th, I'm sorry, 18th.  I think both

18  parties want to work toward getting to a final hearing if we

19  need a contested hearing, an evidentiary hearing by the 18th.

20  We're using the 3rd as a fallback in the event that we can't

21  get it done by the 18th.  But our hope would be that we resolve

22  this consensually by the 18th, that the parties are ready to go

23  forward on the 18th.  If we haven't otherwise resolved it

24  consensually, then we will want to go forward on the 18th as a

25  final hearing.

LEHMAN BROTHERS HOLDINGS INC., et al.

1      THE COURT:  I don't think you mean the 18th.  Maybe I

2   misunderstood you.  I thought that this was being put off to a

3   possible hearing on the 3rd.  What happens on the 18th?

4      MR. UZZI:  It's really being put off, Your Honor, to

5   the 18th but there's a recognition that my client's in Norway,

6   the debtors may want to take some discovery.  And if we're

7   unable to resolve the matter consensually, either on the merits

8   or with respect to providing discovery so that the parties are

9   ready to go forward on the 18th, we've agreed that we would

10  then adjourn it to the 3rd.  But it no event would we adjourn

11  it later than the 3rd so that we would have the final hearing

12  on the 3rd.

13      THE COURT:  All right.  Well, here's my take-away

14  from this.

15      MR. UZZI:  Yes.

16      THE COURT:  If you have a consensual resolution, it

17  can be approved on the 18th.  Otherwise, there will be a

18  hearing on the 3rd.  But since you don't control the calendar,

19  you can't tell me that that's the last permissible date.  It

20  will be ultimately up to me when this happens.

21      MR. UZZI:  Understood, Your Honor.

22      THE COURT:  Okay.

23      MR. UZZI:  And I didn't mean to imply otherwise.  I

24  just meant the agreement between the parties.

25      THE COURT:  Okay.  I understand the agreement.  Okay.

LEHMAN BROTHERS HOLDINGS INC., et al.

1        MR. UZZI:  And then just, Your Honor, the -- we are -

2   - we've reached an agreement also on adequate protection, as

3   Mr. Miller said, that my client can convert the krona account

4   to U.S. dollars at its discretion in order to protect it

5   against currency fluctuations.  And we're fine with that being

6   just a memorialization on the record, Your Honor.  But if Your

7   Honor would prefer a written order on that, we would be happy

8   to submit a written order also.

9        THE COURT:  Well, it's up to you as to how much

10  protection you want as you convert kronas into dollars.  I

11  assume with the consent of Mr. Miller on behalf of the estate

12  and with your stating the intention to do it as a form of

13  adequate protection, I'm confident that you're free to proceed

14  without further documentation.  But if, for your own

15  protection, you want that documentation, go right ahead and

16  produce it.

17       MR. UZZI:  No, that's fine, Your Honor.  We just want

18  to make sure the Court was aware.

19       THE COURT:  I understand.  Thank you.

20       MR. UZZI:  Thank you.  May I be excused, Your Honor?

21       THE COURT:  You may.

22       MR. UZZI:  Thank you.

23       MR. MILLER:  I just want to make clear, Your Honor,

24  to get to a resolution on November 18th depends upon expedited

25  discovery.  And as counsel pointed out, because the moving

- 45 -

LEHMAN BROTHERS HOLDINGS INC., et al.

1    party is in Sweden, there may be some delay.  That's why we did

2    that backup.

3              MR. UZZI:  We're fine with expedited discovery.

4              THE COURT:  Is it Norway or is it Sweden?

5              MR. UZZI:  It's Norway, Your Honor.

6              MR. MILLER:  I'm sorry.  Scandinavia, Your Honor.

7              THE COURT:  Okay.  Fine.

8              MR. MILLER:  And in one election and the dollar

9    suddenly became a solid currency.  Your Honor, the next matter

10   is the cash management order.  Mr. Perez will handle that.

11             MR. PEREZ:  Good morning, Your Honor.  Alfredo Perez.

12   Your Honor, there's a footnote on the G-IV sale motion that I

13   neglected to tell Mr. Miller.  And that is there's a footnote 8

14   in the supplemental motion that talks about rights and

15   obligations being assigned.  And that is a little incorrect.

16   The purchaser -- Pegasus is obligated to pay the money.  They

17   will then assign the right to take the liberty of the contract

18   but they're not assigning the obligation to pay.  And I just --

19   I told the creditors' committee I would put it on the record

20   and I just wanted to make sure that that was on the record.

21             THE COURT:  Okay.  Fine.

22             MR. PEREZ:  Thank you, Your Honor.

23             THE COURT:  Now we'll proceed with what you stood up

24   to talk about.

25             MR. PEREZ:  I apologize.