Hearing Date and Time: December 16, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: December 11, 2008 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
: 
Debtors. : **(Jointly Administered)**
: 
: 
------------------------------------------------------------------x

**NOTICE OF HEARING REGARDING APPLICATION OF THE
DEBTORS PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE
BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND
RETAIN McKENNA LONG & ALDRIDGE LLP AS SPECIAL COUNSEL
TO THE DEBTORS, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

PLEASE TAKE NOTICE that a hearing on the annexed application (the "Application") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors"), pursuant to sections 327(e) and 328(a) of the Bankruptcy Code for authorization to employ, *nunc pro tunc*, McKenna Long & Aldridge LLP ("McKenna") as special counsel, all as more fully described in the Application, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") on **December 16, 2008 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

NY2:\1940637\04\15L#L04!.DOC\58399.0003

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to the chambers of the Honorable James M. Peck), and shall be served upon:  (i) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Richard P. Krasnow, Esq., and James T. Grogan, Esq., attorneys for the Debtors; (ii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto,Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (iv) McKenna Long & Aldridge LLP, 303 Peachtree Street, N.E., Suite 5300, Atlanta, Georgia  30308, Attn:  Gary Marsh, Esq. and Charles D. Weiss, Esq., so as to be filed and received by no later than **December 11, 2008 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Application is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 2, 2008
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow, Esq.
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Debtor
And Debtor in Possession

Hearing Date and Time: December 16, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: December 11, 2008 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
                    Debtors.              :    (Jointly Administered)
                                          :
                                          :
------------------------------------------------------------------x
```

**APPLICATION OF THE DEBTORS
PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE
BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND
RETAIN McKENNA LONG & ALDRIDGE LLP AS SPECIAL COUNSEL
TO THE DEBTORS, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (together, the

"Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this

Application to employ McKenna Long & Aldridge LLP as special counsel and respectfully represent:

## Background

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

## Jurisdiction

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Lehman's Business**

5.  Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

6.  Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Relief Requested**

7.  By this Application, the Debtors request entry of an order, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing the employment of McKenna Long & Aldridge LLP ("McKenna") as special counsel for the Debtors, effective *nunc pro tunc* to the Commencement Date.

8.  The Debtors seek authorization to retain McKenna as special counsel to provide services to the extent necessary and as requested by the Debtors with respect to matters on which McKenna is currently representing the Debtors (the "Current McKenna Matters"). The Current McKenna Matters are more fully described in the Declaration of Charles D. Weiss, Esq., a partner of McKenna, sworn to December 2, 2008, attached hereto as Exhibit 1 (the "Weiss Declaration"). In addition, the Debtors

seek authorization to utilize McKenna's services from time to time, with respect to commercial lending and real estate owned assets held by the Debtors. The Debtors anticipate that such services will include the following:

      a.    representation of the Debtors on issues relating to creditor's rights, the disposal of distressed loans and real estate assets, mortgage and mezzanine lending, real property and asset-based lending, the bankruptcy or insolvency of the Debtors' borrowers, loan modifications and workouts, and the servicing and restructuring of the Debtors' debt and equity portfolios;

      b.    rendering legal advice, as may be requested from time to time by the Debtors, with respect to such other commercial lending related issues as may be requested by the Debtors;

      c.    rendering legal advice, as may be requested from time to time by the Debtors, with respect to litigation, conducting that litigation and assisting Debtors in management and coordination of other litigation counsel;

      d.    preparing any necessary agreements, contracts, instruments, applications, complaints, answers, declarations, orders, counterclaims, affidavits, reports and other legal papers relating to the special counsel matters and related issues; and

      e.    in consultation with the Debtors, appearing before this Court and any other court, including any appellate court, to the extent required, to protect the Debtors' interests.

## Basis for Relief

9.    The Debtors' knowledge, information, and belief regarding the matters set forth in this Application are based on and made in reliance upon the Weiss Declaration.

10.    The retention of McKenna under the terms described herein is appropriate under Bankruptcy Code sections 327(e), 328(a) and 1107(b). Section 327(e) provides for the appointment of special counsel where the proposed counsel does not possess any interest materially adverse to the debtor with regard to the matter(s) that will be handled by counsel. Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Moreover, section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

11. Accordingly, section 327(e) of the Bankruptcy Code authorizes the retention of counsel who previously represented a debtor prepetition provided that: (a) the appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the specified special purpose for which counsel is being retained does not rise to the level of conducting the bankruptcy case for the debtor in possession. *See In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994); *In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained*, there is no conflict and the representation can stand") (emphasis in original). As explained more fully below, the Debtors submit that each of these factors is satisfied with respect to McKenna and, therefore, its retention should be approved under section 327(e) of the Bankruptcy Code.

**The Employment and Retention of McKenna is in the Best Interests of the Estate**

12. First, the employment and retention of McKenna is in the best interest of the Debtors' estates. The Debtors are engaged in the business of financing real estate transactions. Therefore, the Debtors seek to retain McKenna to handle commercial lending, loan restructuring, collection and litigation matters, including the representation of the Debtors in the bankruptcy or insolvency proceedings of the Debtors' borrowers. McKenna enjoys a national reputation for the quality and depth of these practices and has provided these services to Lehman for more than fifteen years.

13. The Firm has extensive experience in representing banks, finance companies and other lenders in all aspects of commercial real estate and finance, including mortgage and mezzanine lending, equity investment transactions, and acquisitions and dispositions of real property. McKenna provides advice and counsel to clients on issues related to the structuring of loans, loan documentation, creation and perfection of security interests in personal property and real estate collateral, loan closings and troubled loan workouts. McKenna advises financial institutions and other lenders regarding compliance with state and federal banking and consumer finance regulations. Additionally, McKenna represents clients in structuring and closing mezzanine and other structured financings, including mezzanine tranches or separate mezzanine facilities for single projects, as well as in the making of preferred and *pari passu* equity investments in real estate. McKenna has substantial experience in documenting and negotiating cash flow and enterprise value loans, multi-tier, syndicated and participated loans, bridge loans and complex senior/subordinate loan structures.

Finally, McKenna has developed a strong reputation for its workout, creditor's rights and bankruptcy expertise.

14. In addition to being well qualified to provide the services required by the Debtors in their chapter 11 cases, McKenna is also intimately familiar with the Debtors' business and financial affairs. McKenna has represented Lehman on various commercial lending, workout, collection and litigation related matters for over fifteen years. During this period McKenna has represented Lehman in more than 230 matters involving multiple practice areas including mezzanine and mortgage loan origination, troubled loan workouts and restructuring, loan modifications and amendments, creditor's rights, asset disposition, receivership, real property and asset-based lending, the bankruptcy or insolvency of the Debtors' borrowers, and commercial litigation. As a result of these efforts, McKenna is quite familiar with the complex commercial lending, workout, collection and litigation issues that have arisen and are likely to arise in connection with the Debtors' chapter 11 cases.

15. Based on McKenna's prepetition representation of the Debtors, as such representation is described above and in the Weiss Declaration, the Debtors believe that the attorneys at McKenna are well qualified and experienced to represent the Debtors as special counsel. Furthermore, because of McKenna's longstanding history of working with the Debtors on commercial lending, loan restructuring, collection and litigation matters, including the representation of the Debtors in the bankruptcy or insolvency proceedings of the Debtors' borrowers, McKenna is thoroughly familiar with the Debtors' business, loan documentation regime, organizational structure and debt structuring history and preferences. Both the disruption and duplicative cost involved in

obtaining substitute counsel to replace McKenna's unique role in the matters in which McKenna is already involved would be harmful to the Debtors, their estates, creditors and other parties in interest. Were the Debtors required to retain counsel other than McKenna in connection with the Current McKenna Matters, the Debtors, their estates and all parties in interest would be unduly prejudiced by the time and expense necessary to replicate McKenna's familiarity with the intricacies of those matters.

16. McKenna has stated its desire and willingness to act as special counsel to the Debtors with respect to the Current McKenna Matters and other special counsel matters, and to render the necessary professional services required in connection therewith. The Debtors have been informed that certain partners and associates of McKenna who will be engaged in these chapter 11 cases are admitted to practice before this Court or shall seek to be admitted *pro hac vice t*o the extent required, as certain matters in which McKenna is already involved are pending in other jurisdictions. Accordingly, the Debtors submit that McKenna is well qualified and uniquely able to provide the specialized legal advice sought by the Debtors on a going-forward basis and that McKenna's retention as special counsel is in the best interest of the Debtors and their estates.

17. The Debtors request that McKenna's retention be made effective *nunc pro tunc* to the Commencement Date to allow the Firm to be compensated for work performed on behalf of the Debtors on or after September 15, 2008, but prior to the submission of this Application. The Debtors submit that the circumstances of these cases warrant retroactive approval, particularly since McKenna was under time pressure,

including numerous court-imposed filing deadlines, to continue rendering services and such services are of value to the estates and all parties in interest.

### McKenna Holds No Interest Materially Adverse to the Debtors or the Debtors' Estates

18. Second, to the best of the Debtors' knowledge, McKenna does not represent or hold any interest adverse to the Debtors, their creditors, any other parties in interest herein, or their respective attorneys or accountants, or the U.S. Trustee, with respect to the matters as to which McKenna is to be employed, except as may be set forth in the Weiss Declaration. *See In re AroChem*, 176 F.3d at 622 (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention). The Debtors have been informed that McKenna will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, McKenna will supplement its disclosure to the Court.

19. As of the Commencement Date, the Debtors and/or their non-debtor affiliates or subsidiaries owed McKenna sums, the amount of which is uncertain, for unbilled and billed fees and expenses incurred for services rendered by McKenna unrelated to these chapter 11 cases. McKenna has not received payment of any of these outstanding amounts, and is, therefore, the holder of a prepetition claim against the Debtors, the amount of which is uncertain, and is owed sums by the Debtors. McKenna's status as a prepetition creditor of the Debtors should not be an impediment to its retention by the Debtors under section 327(e) of the Bankruptcy Code. Additionally, because McKenna is not serving as the Debtors' bankruptcy counsel, the Debtors believe that

McKenna has not rendered "services . . . in contemplation of, or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.  In addition, McKenna has not received a retainer.

20.     Based on the foregoing and the disclosures set forth in the Weiss Declaration, the Debtors submit that McKenna does not hold or represent any interest adverse to the Debtors or the Debtors' estates with respect to the matters on which McKenna is to be employed.

### McKenna will not Conduct the Debtors' Bankruptcy Case

21.     Third, the specified special purpose for which McKenna is to be employed does not rise to the level of conducting the bankruptcy case for the Debtors. By separate applications, the Debtors have sought the Court's approval to retain and employ Weil, Gotshal & Manges LLP as the Debtors' general bankruptcy counsel, and Curtis, Mallet-Prevost, Colt & Mosle LLP as conflicts counsel.  By contrast, the Debtors currently seek to retain McKenna, subject to court approval, in connection with the Current McKenna Matters and similar matters that may arise in the future.  While certain aspects of the representation may necessarily involve McKenna as well as Weil, Gotshal & Manges LLP or certain of the Debtors' other professionals, the Debtors believe that McKenna's services will be complimentary to, rather than duplicative of, the services to be performed by any other retained counsel.  In order to minimize costs, McKenna is prepared to work closely with the Debtors and each of their other retained professionals to clearly delineate the professionals' respective duties so as to prevent unnecessary duplication of services whenever possible.  Ultimately, the services of McKenna are appropriate and necessary to enable the Debtors to execute their duties as debtors and

debtors in possession faithfully and to implement the restructuring and reorganization of the Debtors.

## Compensation

22.    Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).  The Debtors intend to employ and retain McKenna at its normal hourly rates in effect from time to time and in accordance with McKenna's normal reimbursement policies as set forth in the Weiss Declaration.  The Debtors believe that the proposed retention of McKenna as special counsel to the Debtors satisfies the standards of section 327, 328 and 1107 of the Bankruptcy Code.

23.    In accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to McKenna on an hourly basis at its current billing rates at the time service is rendered, plus reimbursement of actual and necessary expenses incurred by McKenna, as set forth in the Weiss Declaration.  McKenna's hourly rates are set at a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by McKenna from time to time.  It is McKenna's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's matter.  The expenses charged to clients include, among other things, photocopying, title report fees, title insurance fees, judgment and lien search report fees, witness fees, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and

messenger charges, computerized legal research charges, expenses for "working meals" and telecopy charges. McKenna will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to its other clients. Reimbursement for any such charges will be sought at the actual cost incurred (or at estimated actual cost when the actual cost is difficult to determine) by McKenna. The Debtors believe that the rates stated in the McKenna Declaration are reasonable.

24.     With respect to professional services rendered after the Commencement Date, the Debtors understand that McKenna intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guide to Applications for Professional Compensation Issued by the U.S. Trustee (the "U.S. Trustee Guidelines") and the Local Rules.

25.     Subject to approval by this Court, and in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines and the Local Rules, the Debtors propose to pay McKenna its customary hourly rates in effect from time to time, as set forth in the Weiss Declaration, and submit that such rates are reasonable. Additionally, the Debtors propose to reimburse McKenna for expenses incurred on behalf of the Debtors. All of McKenna's fees and expenses incurred during these chapter 11 cases will, except as may otherwise be ordered by the Court, be subject to approval of the Court upon proper application by McKenna in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, the U.S. Trustee Guidelines, and such other procedures as may be fixed by order of this Court, including but not

limited to the Court's Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals.

### The Relief Requested is Appropriate

26. Based upon the foregoing, the Debtors submit that the relief requested herein is essential, appropriate, and in the best interest of the Debtors' estates and creditors, and therefore, should be granted.

### Notice

27. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

28. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: December 2, 2008
      New York, New York

                /s/ Richard P. Krasnow
                Richard P. Krasnow

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Debtors
                and Debtors in Possession