Hearing Date: December 16, 2008
Time: 10:00 a.m.
Objection Deadline: December 15, 2008
Time: 12:00 p.m.

KLESTADT & WINTERS, LLP
Tracy L. Klestadt
John E. Jureller, Jr.
292 Madison Avenue, 17th Floor
New York, NY 10017
Tel: (212) 972-3000
Fax: (212) 972-2245

*Attorneys for OMX Timber Finance Investments II, LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*, :    Case No. 08-13555 (JMP)
                                        :
              Debtors.                  :    (Jointly Administered)
-----------------------------------------------------------------------:

**MOTION OF OMX TIMBER FINANCE INVESTMENTS II, LLC FOR**
**LIMITED RELIEF FROM THE AUTOMATIC STAY**

OMX Timber Finance Investments II, L.L.C. ("*OMX Timber II*"), by and through its undersigned counsel, hereby submit this motion (the "*Motion*") for entry of an order granting relief from the automatic stay imposed pursuant to section 362(d) of title 11 of the United States Code (the "*Bankruptcy Code*") for the limited purpose of reserving its rights under the Guaranty (as defined below) issued by Lehman Brothers Holdings, Inc. ("*LBHI*"). In support of this Motion, OMX Timber II respectfully states as follows:

**INTRODUCTION**

1

1. OMX Timber II requests that this Court modify the automatic stay for the limited purpose of allowing OMX Timber II to make demand upon LBHI under the terms of the Installment Note and Guaranty (as defined below). The issuance of a demand letter will seek only to reserve OMX Timber II's rights under the Installment Note and Guaranty and will not seek to impose any judgment against the assets of the bankruptcy estates. Cause exists for modifying the automatic stay in that no harm will result to the estates from granting the relief sought herein, but OMX Timber II risks forfeiting its right under the Installment Note and Guaranty in the absence of such relief.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 362 of the Bankruptcy Code.

## BACKGROUND FACTS

3. On October 29, 2004, Boise Land & Timber II., L.L.C. ("*Boise II*") issued a promissory note payable to OfficeMax Incorporated ("*OMX*") (as successor to Boise Cascade Corporation) in the aggregate principal amount of $817,500,000.00 (the "*Installment Note*," attached hereto and incorporated herein as Exhibit A). Also on October 29, 2004, LBHI issued a guaranty (the "*Guaranty*, attached hereto and incorporated herein as Exhibit B) in favor of OMX guaranteeing the obligations under the Installment Note. OMX subsequently assigned the Installment Note and the Guaranty to OMX Timber II.[1]

---

[1] OMX Timber II issued its $735,000,000 Class A-2 Notes due 2019 (the "*Securitization Notes*") pursuant to an Indenture dated as of December 21, 2004, by and between OMX Timber

4. On September 15, 2008, Lehman filed for bankruptcy protection under chapter 11 of the Bankruptcy Code. On October 29, 2008, Boise II failed to make its scheduled interest payment under the Installment Note.[2]

5. Section 6 of the Installment Note acknowledges six events which would constitute an "Event of Default." Pursuant to section 6(f) of the Installment Note, an Event of Default occurs upon "[t]he insolvency, receivership, conservatorship, reorganization, winding-up, liquidation or similar occurrence in respect of the Guarantor under any applicable law." *See* Exhibit A. Accordingly, upon LBHI's filing for bankruptcy, its insolvency was confirmed and an Event of Default has occurred and is continuing. In addition, an Event of Default occurs upon "the failure of the Maker [Boise II] to pay to Holder [OMX Timber II] within three (3) Business days of the applicable due date any and all amounts payable by Maker to Holder under the terms of the Installment Note." *See* Exhibit A. Therefore, a second Event of Default occurred upon Boise II's failure to make the October 29, 2008 interest payment by November 3, 2008.

6. Under section 7 of the Installment Note, during an Event of Default, at the option of the holder thereof, which is OMX Timber II, all amounts payable by Boise II to OMX Timber II shall immediately become due and payable; provided, however, that so long as the Guaranty is in effect, and LBHI has not failed to honor any timely and proper demand for payment under the terms of the Guaranty, OMX Timber II cannot accelerate the Installment Note or exercise any rights or remedies under the Installment Note on account of the Event of Default. OMX Timber

---

II and Wells Fargo Bank Norwest, N.A., as Indenture Trustee. The Securitization Notes are secured by the Installment Note and the Guaranty.

[2]    While Boise II is the primary obligor with respect to the debt owed to OMX Timber II under the Installment Note, Boise II is a special purpose entity that holds no assets except for a promissory note from LHBI in the original principal amount of $817,500,000.00 (the "*Collateral Note*"). Hence, any return on the Installment Note will ultimately be funded from distributions from LBHI's bankruptcy estate either by payment on the Collateral Note or the Guaranty.

II can, however, "make a demand for payment from the Guarantor under the terms of the Guaranty for accrued and unpaid interest not paid by Maker within sixty (60) days of the applicable due date." *See* Exhibit A at section 7. The Guaranty provides that upon the failure of Boise II to make a regularly scheduled interest payment when due, OMX Timber II shall make a written notice of demand (the "*Demand Notice(s)*")[3] within sixty (60) days of such interest payment default. OMX Timber II can also issue a Demand Notice with respect to the failure to pay principal and interest under the Installment Note upon an acceleration of the Installment Note as a result of the Events of Default under the Installment Note within 120 days of the date on which such Event of Default occurred. *See* Exhibit B at section 3. Based on the date of Boise II's defaults, the deadline for making such a demand under the Guaranty is December 27, 2008. *See* Exhibit A at section 7, Exhibit B at section 3. Additionally, pursuant to the Guaranty, LHBI is only liable for the payment of any interest payment default if a demand was sent to LHBI during the 60 day demand period and for principal and interest in connection with the acceleration of the Installment Note if demand is sent to LBHI during the 120 day demand period. *See* Exhibit B at section 3(c)(i).

## RELIEF REQUESTED

7.      By this Motion, OMX Timber II requests that it be granted relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code for the limited purpose of allowing OMX Timber II to issue the Demand Notice(s), thereby reserving its rights to obtain whatever recovery may be available on account of the Guaranty and avoiding potential arguments regarding compliance with the language of the Installment Note and the Guaranty. In particular, OMX Timber II wishes to issue Demand Notices on account of (i) the interest

---

[3]    As set forth in the Guaranty, different Demand Notices must be issued with respect to (i) interest payment defaults, (ii) acceleration payment defaults; and (iii) maturity payment defaults.

payment default that occurred on October 29, 2008 and, subsequently, (ii) an acceleration payment default once the underlying obligation of Boise II is accelerated in accordance with the Installment Note.

## BASIS FOR RELIEF

8. Section 362 of the Bankruptcy Code automatically stays any act to transfer control over property of the estate. *In re Enron Corp., et al.*, 300 B.R. 201, 211 (Bankr. S.D.N.Y. 2003). This includes sending demand letters pursuant to a contract, as this is considered an act to obtain possession of property of the estate. *See, e.g., id.* at 212. The Second Circuit has held that actions taken in violation of the automatic stay are void and without effect. *Id.*

9. Section 362(d)(1) of the Bankruptcy Code provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

10. The determination of whether cause exists to vacate the automatic stay is committed to the sound discretion of the bankruptcy court. *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2nd Cir. 1990) (citing *Holtkamp v. Littlefield (In re Holtkamp)*, 669 F.2d 505, 507 (7th Cir. 1982)). The moving party has the initial burden of showing that cause exists, but once that burden is satisfied, any party opposing stay relief has the ultimate burden of disproving the existence of cause. *See Sonnax*, 907 F.2d at 1286; 11 U.S.C. § 363(g)(2).

11. The Second Circuit Court of Appeals has enunciated a number of factors that should be considered in a determination to lift the automatic stay, including interference with the

5

bankruptcy estate, and impact of the stay on the parties and balance of harms. *Sonnax*, 907 F.2d at 1286 (quoting *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984)). Here, the issuance of Demand Notices will have no direct impact on the estates, and the balance of harms weighs in favor of OMX Timber II.

There Will be Considerable Harm to OMX Timber II if the Stay is Not Lifted

12.    Cause exists to lift the automatic stay because it is necessary for OMX Timber II to preserve its rights to collect under the Guaranty. The filing of LBHI's bankruptcy and Boise II's failure to make the October 29, 2008 interest payment each represent Events of Default under the Installment Note. In order to hold LBHI liable on the Guaranty, OMX Timber II must issue a Demand Notice by December 27, 2008. As stated above, the issuance of a demand letter is considered a violation of the stay. If OMX Timber II were to issue Demand Notices in violation of the stay, the Court could find that the action is void and without effect, thus potentially impairing OMX Timber II ability to enforce its rights under the Installment Note and the Guaranty.

<u>There Will be No Harm to the Estates if OMX Timber II Issues Demand Notices</u>

13. The Debtors' estates will not be harmed if OMX Timber II is permitted to issue Demand Notices. OMX Timber II is not seeking to compel any payment from LBHI, but only wishes to preserve its rights to any distribution from LBHI's bankruptcy estate on account of the Guaranty. Thus, there is no effect on the bankruptcy estates.

14. In light of the foregoing, cause exists to lift the stay and the OMX Timber II's Motion should be granted.

15. OMX Timber II respectfully requests that the Court waive the requirement, under Local Bankruptcy Rule 9013-1(a), of a memorandum of law as the applicable statutory and case law upon which the relief is requested is set forth herein and, otherwise, this Motion contains no novel issues of law.

WHEREFORE, the OMX Timber II respectfully request that this court enter an order:

(a) providing OMX Timber II with relief from the automatic stay pursuant to 11 U.S.C. §362(d) to the extent necessary for OMX Timber II to issue Demand Notices under the Guaranty; and

(b) granting OMX Timber II such other and further relief as the Court deems just and proper.

Date: December 2, 2008            **OMX Timber Finance Investments II, L.L.C.**

/s/ *John E. Jureller, Jr.*
One of Its Attorneys

Tracy L. Klestadt
John E. Jureller, Jr.
Klestadt & Winters, LLP
292 Madison Avenue, 17th Floor
New York, NY 10017
Tel.: (212) 972-3000

7

# EXHIBIT A

**EXHIBIT B**