**EXECUTION VERSION**

# GUARANTY

October 29, 2004

Subject to the terms and conditions of this Guaranty, **LEHMAN BROTHERS HOLDINGS INC.,** a Delaware corporation ("Guarantor") guarantees the payment of any and all of the Guaranteed Obligations (defined below), whether absolute or contingent, payable by **BOISE LAND & TIMBER II, L.L.C.,** a Delaware limited liability company ("Obligor") to **BOISE CASCADE CORPORATION,** together with any subsequent Holder of the Installment Note (defined below) the "Beneficiary"). For purposes of this Guaranty, the "Guaranteed Obligations" are defined as the payments of principal and interest due (as and when such payments shall become due and payable) under the terms of the Installment Note dated as of the date of this Guaranty executed by Obligor in favor of Beneficiary in the original principal amount of $817,500,000. Capitalized terms not otherwise defined in this Guaranty shall have the meanings assigned under the Installment Note.

## AGREEMENT

1.    Guarantor agrees that its obligations under this Guaranty shall be absolute, irrespective of the validity, regularity or enforceability of this Guaranty or the Guaranteed Obligations, the power, authority or capacity of the Obligor, the absence of any action to enforce this Guaranty or the Guaranteed Obligations, the recovery of any judgment against Obligor or any action to realize upon or to enforce payment of the Guaranteed Obligations, the winding up or dissolution of Obligor or any other circumstance that might otherwise constitute a legal or equitable discharge or defense of a guarantor.

2.    Except as set forth in Paragraph 3 below, Guarantor waives notice of the acceptance of this Guaranty and of the extension or continuation of any or all of the Guaranteed Obligations, presentment, protest, notice, demand or action or delinquency in respect of the any or all of Guaranteed Obligations, including, without limiting the foregoing, any right to require a proceeding first against Obligor, any other guarantor, any other entity or person obligated in relation to the any or all of Guaranteed Obligations. Guarantor's obligations under this Guaranty shall not be delayed or restrained upon the commencement of any bankruptcy or insolvency proceedings in relation to Obligor or any of its property whether or not any collection, enforcement or other action against Obligor or any of its property is stayed or enjoined. If at any time any payment of any portion of the Guaranteed Obligations is rescinded or must otherwise be restored or returned upon the insolvency, bankruptcy or reorganization of Obligor or otherwise, Guarantor's obligations under this Guaranty in relation to such payment shall be reinstated at such time as though such payment had not been made.

3.    Upon the failure by Obligor to make any payment of principal or interest due under the Installment Note, Beneficiary shall make a written notice of demand (a "Demand") for payment by faxing such Demand (and confirming receipt by telephone) to Guarantor, at Lehman Brothers Holdings, Inc., 745 Seventh Avenue, 14/F, New York, NY 10019 Attn: Global Treasurer, Telephone: (212) 526-7000, Facsimile: (646) 758-3204, or such other address which may be designated by Guarantor by notice to Beneficiary in writing. Each Demand shall be in the form (with the blanks filled in appropriately) specified pursuant to subparagraphs (a), (b) or (c) below, as applicable:

1013533.2.PHI_BUSTAX_01

(a)     If the Demand is being made with respect to failure to pay regularly scheduled
interest when due (without regard to any applicable cure period) under the
Installment Note (an "Interest Payment Default"), Beneficiary's notice of Demand
shall be in the form of attached Annex A and shall be delivered to Guarantor within
sixty (60) days of the date of such Interest Payment Default; or

(b)     If the Demand is being made with respect to the failure to pay principal and interest
due under the Installment Note upon an acceleration of the Installment Note as a
result of an Event of Default under the Installment Note (an "Accelerated Payment
Default"), Beneficiary's notice of Demand shall be in the form of attached Annex B
and shall be delivered to Guarantor within one hundred twenty (120) days of the date
on which Event of Default occurred; or

(c)     If the Demand is being made with respect to failure to pay regularly scheduled
interest and principal under the Installment Note on the Maturity Date (a "Maturity
Date Default"), Beneficiary's notice of Demand shall be in the form of attached
Annex C and shall be delivered to Guarantor within one hundred twenty (120) days
of the Maturity Date.

Nothing in this Guaranty shall prohibit multiple Demands for payment by Beneficiary with regard to
the Installment Note; provided, however, that more than one Demand may be made for Interest
Payment Defaults under the Installment Note, but only one Demand may be made for an Accelerated
Payment Default or a Maturity Date Default under the Installment Note. Once a Demand for an
Accelerated Payment Default or a Maturity Date Default has been made, no further Demands may be
made by Beneficiary with respect to the Installment Note. A Demand may be made pursuant to this
Guaranty at any time on a Business Day during Guarantor's regular business hours. As used in this
Guaranty, "Business Day" shall mean any day other than a Saturday or Sunday, or a day on which
commercial banks in North Carolina or New York are authorized by law to close.

Notwithstanding anything to the contrary in this Guaranty, Guarantor shall only be liable to
Beneficiary for the payment of:

(i)     upon an Interest Payment Default, the regularly scheduled payment of interest
which was due on the Installment Note on the date of such Interest Payment Default (provided a
Demand was delivered to Guarantor within the notice period set forth in subparagraph (a) above);

(ii)     upon an Accelerated Payment Default, (A) accrued and unpaid interest on the
Installment Note from the last Payment Date on which payment was made through and until the
earlier to occur of (1) the first Business Day after the date of delivery of the applicable Demand to
Guarantor and (2) the date which is two hundred forty (240) days from such Payment Date, and (B)
the outstanding principal balance of the Installment Note (provided a Demand was delivered to
Guarantor within the notice period set forth in subparagraph (b) above); and

(iii)     upon a Maturity Payment Default, (A) accrued and unpaid interest on the
Installment Note from the last Payment Date on which payment was made through and until the

- 2 -

earlier to occur of (1) the first Business Day after the date of delivery of the applicable demand to Guarantor and (2) the date which is two hundred forty (240) days from such Payment Date, and (B) the outstanding principal balance of the Installment Note (provided a Demand was delivered to Guarantor within the notice period set forth in subparagraph (c) above).

Further notwithstanding anything to the contrary in this Guaranty, Guarantor shall have no liability to Beneficiary for any Guaranteed Obligations for which a Demand is not delivered to Guarantor within the notice periods set forth in subparagraphs (a), (b) and (c) above.

4.      Guarantor agrees that (i) any such written notice of demand properly delivered prior to 12:00 noon (Eastern Standard Time or Daylight Time, as applicable) on any Business Day will be honored no later than 3:00 p.m. (Eastern Standard Time or Daylight Time, as applicable) on the next succeeding Business Day, and (ii) any such written notice of demand properly delivered after 12:00 noon (Eastern Standard Time or Daylight Time, as applicable) on any Business Day will be honored no later than 3:00 p.m. (Eastern Standard Time or Daylight Time, as applicable) on the second succeeding Business Day. Payments under this Guaranty shall be made in immediately available funds in US Dollars in accordance with the payment instructions set forth in such written notice of demand.

5.      This Guaranty is a continuing guarantee of payment and will not be discharged except upon (i) complete indefeasible payment of the Guaranteed Obligations, notwithstanding any extensions, waivers, amendments, renewals or any other modifications or indulgences in relation to, or substitutions for, the Guaranteed Obligations or any part thereof, or (ii) the termination of this Guaranty by Beneficiary by written notice to Guarantor.

6.      Guarantor represents at all times under this Guaranty that: (a) it is duly organized or formed, validly existing and in good standing under the laws of its jurisdiction or organization or formation; (b) it is duly authorized to enter into and perform its obligations under this Guaranty; (c) nothing in this Guaranty violates or conflicts with any applicable law or regulation, any of its constitutional documents, or any contractual agreement binding on it; (d) all governmental consents required for this Guaranty are in effect; and (e) its obligations under this Guaranty are legally binding and enforceable except as general principles of equity and bankruptcy or other similar laws affect the enforcement of creditors' rights generally.

7.      Until complete indefeasible payment of the Guaranteed Obligations, Guarantor shall not exercise any right of subrogation in relation to payments made by Guarantor pursuant to this Guaranty. Guarantor waives any benefit of collateral (if any) which may from time to time secure all or any of Guaranteed Obligations and authorizes Beneficiary to take any action or exercise any remedy in relation to the Guaranteed Obligations without notice to Guarantor. Guarantor acknowledges that the Guaranteed Obligations are subject to limitations set forth in the Installment Note, and that to the extent Guarantor is subrogated under this Guaranty to Beneficiary's rights under the Installment Note, such rights will remain subject to all limitations applicable to the Guaranteed Obligations.

1013533.2.PHI_BUSTAX_01

8.     Guarantor shall pay all costs, fees and expenses (including reasonable attorneys' fees) incurred by Beneficiary in collecting or enforcing the Guaranteed Obligations.

9.     No provision of this Guaranty may be amended, supplemented or modified, or any of the terms and provisions of this Guaranty waived, except by a written instrument executed by Guarantor and Beneficiary. Any release of Guarantor under this Guaranty shall be ineffective unless in writing executed by the Beneficiary.

10.     This Guaranty shall bind Guarantor, its successors and assigns; inure to the benefit of Beneficiary, its successors and assigns; and be governed by the laws of New York. Guarantor shall have no right to assign its obligations to any other party without the written consent of Beneficiary. With respect to any suit, action or proceedings relating to this Guaranty, Guarantor irrevocably waives (to the fullest extent permitted by law) any and all right to trial by jury in any legal proceeding in connection with this Guaranty.

11.     All payments under this Guaranty will be made without any deduction or withholding for or on account of any taxes (other than stamp, registration, documentation, or similar tax) unless such deduction or withholding is required by any applicable law, as modified by the practice of any relevant governmental revenue authority, then in effect. If Guarantor is so required to deduct or withhold on account of such taxes, then the Guarantor will (i) promptly notify Beneficiary of such requirement; (ii) pay to the relevant authorities the full amount required to be deducted or withheld (including the full amount required to be deducted or withheld from any amount paid by Guarantor to Beneficiary under clause (iv) below) promptly upon the earlier of determining that such deduction or withholding is required or receiving notice that such amount has been assessed against Beneficiary; (iii) promptly forward to Beneficiary an official receipt (or a certified copy), or such other documentation reasonably acceptable to Beneficiary, evidencing such payment to such authorities; and (iv) pay to Beneficiary, in addition to the payment which Beneficiary is otherwise entitled under this Guaranty, such additional amount as is necessary to ensure that the net amount actually received by Beneficiary (free and clear of any such taxes, whether assessed against Guarantor or Beneficiary) will equal the full amount Beneficiary would have received had no such deduction or withholding been required.

12.     This Guaranty is non-negotiable, and the benefits of this Guaranty may not be transferred by Beneficiary except in conjunction with the transfer of the Installment Note.

13.     Any provision of this Guaranty which is prohibited or determined by a court of law to be unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof or affecting the validity or enforceability of such provision in any other jurisdiction.

14.     Notices or communications in respect of this Guaranty shall be addressed to Guarantor at its address provided below.

[SIGNATURE PAGE FOLLOWS]

- 4 -

IN WITNESS WHEREOF, Guarantor has executed this Guaranty by its duly authorized officer as of the day first above written.

**LEHMAN BROTHERS HOLDINGS INC.,** a
Delaware corporation

By: _____

Name: _Goldfarb, Dave_ ._____

Title: _CFO and MD._____


Address:    Lehman Brothers Holdings Inc.
            745 Seventh Avenue, 14th Floor
            New York, NY 10019
            Attn: Global Treasurer
            Telephone: (212) 526-7000
            Facsimile: (646) 758-3204

## ANNEX A

### WRITTEN NOTICE OF DEMAND UPON INTEREST PAYMENT DEFAULT

[Date]

To:    **LEHMAN BROTHERS HOLDINGS INC.**
745 Seventh Avenue, 14th Floor
New York, NY 10019
Attn: Global Treasurer

Re:    Guaranty dated October 29, 2004 (the "Guaranty") executed by Lehman Brothers
Holdings Inc. ("Guarantor")

Ladies and Gentlemen:

This notice is delivered to Guarantor by the undersigned in accordance with the terms of the captioned Guaranty. Terms defined in the Guaranty and not otherwise defined in this notice shall have the same meanings set out in the Installment Note.

1.    This notice is presented upon the occurrence of an Interest Payment Default in connection with the Installment Note dated October 29, 2004 (the "Installment Note"), executed by Boise Land & Timber II, L.L.C. ("Obligor") for the benefit of the undersigned (or its predecessor-in-interest) in the original principal amount of $817,500,000.

2.    An interest payment is due and has not been made by Obligor, and payment of such amount is demanded of Guarantor. Such interest payment is in the amount of $[_____], which represents the regularly scheduled payment of interest on the Installment Note which was due on the Payment Date in [_____] [20__].

3.    This Demand is being made within sixty (60) days of the Payment Date referenced in paragraph 2 above.

4.    No previous Demand has been made in connection with an Interest Payment Default for any portion of the interest for which this Demand is made. No previous Demand has been made in connection with an Acceleration Payment Default or a Maturity Payment Default under the Installment Note.

5.    The undersigned is duly authorized to make this Demand under the terms of the Guaranty.

**[Beneficiary]**

By:_____

Name:_____

Title:_____

Telephone No.: _____

## ANNEX B

### WRITTEN NOTICE OF DEMAND UPON ACCELERATED PAYMENT DEFAULT

[Date]

To:    **LEHMAN BROTHERS HOLDINGS INC.**
       745 Seventh Avenue, 14th Floor
       New York, NY 10019
       Attn: Global Treasurer

       Re:    Guaranty dated October 29, 2004 (the "Guaranty") executed by Lehman Brothers
              Holdings Inc. ("Guarantor")

Ladies and Gentlemen:

        This notice is delivered to Guarantor by the undersigned in accordance with the terms of the
captioned Guaranty.  Terms defined in the Guaranty and not otherwise defined in this notice shall
have the same meanings set out in the Installment Note.

        1.      This notice is presented upon the occurrence of an Accelerated Payment Default in
connection with the Installment Note dated October 29, 2004 (the "Installment Note"), executed by
Boise Land & Timber II, L.L.C. ("Obligor") for the benefit of the undersigned (or its predecessor-in-
interest) in the original principal amount of $817,500,000.

        2.      The Obligor has failed to pay interest and principal due under the Installment Note
following the occurrence of an Event of Default under paragraph 6 of the Installment Note.

        3.      Payment of all principal outstanding under the Installment Note and accrued and
unpaid interest is due and has not been made by Obligor and payment of such amount is demanded
of Guarantor.  Such payment is in the amount of $[                    ], which represents the
outstanding principal balance of the Installment Note plus accrued and unpaid interest on the
Installment Note from the Payment Date in [        ] [20__] through the earlier to occur of (1) the
date of this Demand and (2) the date which is two hundred forty (240) days from such Payment Date.

        4.      This Demand is being made within one hundred twenty (120) days of the occurrence
of the Event of Default referenced in paragraph 2 above.

        5.      No previous Demand has been made in connection with an Acceleration Payment
Default or a Maturity Payment Default in connection with the Installment Note.

- 8 -

6.      The undersigned is duly authorized to make this Demand under the terms of the Guaranty.

**[Beneficiary]**

By:_____

Name:_____

Title:_____

Telephone No.: _____

- 9 -

## ANNEX C

### WRITTEN NOTICE OF DEMAND UPON MATURITY PAYMENT DEFAULT

[Date]

To:    **LEHMAN BROTHERS HOLDINGS INC.**
745 Seventh Avenue, 14th Floor
New York, NY 10019
Attn: Global Treasurer

Re:    Guaranty dated October 29, 2004 (the "Guaranty") executed by Lehman Brothers
Holdings Inc. ("Guarantor")

Ladies and Gentlemen:

This notice is delivered to Guarantor by the undersigned in accordance with the terms of the captioned Guaranty. Terms defined in the Guaranty and not otherwise defined in this notice shall have the same meanings set out in the Installment Note.

1.    This notice is presented upon the occurrence of a Maturity Payment Default in connection with the Installment Note dated October 29, 2004 (the "Installment Note"), executed by Boise Land & Timber II, L.L.C. ("Obligor") for the benefit of the undersigned (or its predecessor-in-interest) in the original principal amount of $817,500,000.

2.    The Installment Note matured on the Maturity Date, which was [_____], [20__]. Payment of all principal outstanding under the Installment Note and accrued and unpaid interest payment is due and has not been made by Obligor and payment of such amount is demanded of Guarantor. Such payment is in the amount of $[_____], which represents the outstanding principal balance of the Installment Note plus accrued and unpaid interest on the Installment Note from the Payment Date in [_____] [20__] through the earlier to occur of (1) the date of this Demand and (2) the date which is two hundred forty (240) days from such Payment Date.

3.    This Demand is being made within one hundred twenty (120) days of the occurrence of the Maturity Date.

4.    No previous Demand has been made in connection with an Acceleration Payment Default or a Maturity Payment Default in connection with the Installment Note.

5.      The undersigned is duly authorized to make this Demand under the terms of the Guaranty.

**[Beneficiary]**

By:_____

Name:_____

Title:_____

Telephone No.: _____

1013533.2.PHI_BUSTAX_01