UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                                       :    Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :    08-13555 (JMP)
                                                            :
                        Debtors.                            :    (Jointly Administered)
                                                            :
                                                            :
------------------------------------------------------------x

AFFIDAVIT AND DISCLOSURE STATEMENT OF MICHAEL MORGESE,

ON BEHALF OF MMOR CONSULTING INC.

STATE OF NEW YORK            )
                             ) ss:
COUNTY OF NEW YORK           )

Michael Morgese, being duly sworn, upon his oath, deposes and says:

1. I am the President of MMOR Consulting Inc., located at 575 Lexington Avenue, Suite 400, New York, NY 10022 ("MMOR").

2. Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), have requested that the Firm provide certain consultancy services relating to state and local taxation (the "Services") to the Debtors, and the Firm has consented to provide such services.

3. I submit this Affidavit in accordance with the procedures set forth in the order entered November 5, 2008 authorizing the Debtors to employ professionals utilized in the ordinary course of business [Docket No. 1394] in connection with MMOR's engagement with the Debtors, pursuant to sections 328(a), 329 and 504 of title 11 of the United States Code, 11

U.S.C. § 101 *et seq.* (the "Bankruptcy Code") to provide the disclosures required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. With respect to its engagement, MMOR undertook to determine whether it had any conflicts or relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors. In connection with this inquiry, MMOR obtained from the Debtors and/or its representatives the names of individuals and entities that may be parties in interest in these chapter 11 cases. MMOR researched its electronic files and records to determine its connections with the Debtors and any potential parties in interest. Based on the results of this conflict search conducted to date and described more fully below, to the best of my knowledge, neither I, MMOR, nor any member or employee thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, other parties in interest, their respective attorneys, or the U.S. Trustee or any person employed in the Office of the U.S. Trustee, except as disclosed or otherwise described herein.

5. Certain interrelationships exist among the Debtors and among the Debtors and their non-debtor affiliates. Based upon information provided by the Debtors and MMOR's knowledge of the Debtors and their affiliates, the relationships among the Debtors and among the Debtors and their non-debtor affiliates do not present any conflicts of interest because of the general unity of interests among the Debtors and their non-debtor affiliates. Insofar as I have been able to ascertain, I know of no conflicts of interest that would preclude MMOR's representation of the Debtors in these cases, and, as necessary, the non-debtor affiliates in matters relating to these chapter 11 cases and the protection and preservation of the Debtor's estates including the non-debtor affiliates.

6. To the best of my knowledge, MMOR is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), as modified by section 1107(b) of the Bankruptcy Code. MMOR will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, MMOR will supplement its disclosure to the Court.

7. MMOR may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, MMOR is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. As far as I am aware, MMOR does not perform services for any such person in connection with these chapter 11 cases. In addition, MMOR does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates. Nevertheless, to the extent such relationships are discovered, MMOR will supplement its disclosure to the Court.

8. To the best of my knowledge, MMOR has not been retained to assist any entity or person other than the Debtors on matters relating to, or in connection with, the Debtors' chapter 11 cases. MMOR may, however, provide professional services in the future to entities or persons that may be creditors of the Debtors or parties in interest in the Debtors' chapter 11 cases; provided, however, that such services will not relate to, or have any direct connection with, the Debtors' chapter 11 cases.

9. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

10. The Debtors owe the Firm $40,000/50,000 for prepetition services. However, in connection with its engagement, MMOR waives all claims for pre-petition amounts owed.

11. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.[1]

By: _____

Subscribed and sworn to before me
this  1st  day of  Dec , 2008

_____
Notary Public

---

[1] If necessary.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
:
In re                                                            :       Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                         :       08-13555 (JMP)
                                                                 :
                                Debtors.                         :       (Jointly Administered)
                                                                 :
                                                                 :
-----------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEHMAN BROTHERS HOLDINGS INC. OR ANY OF ITS DEBTOR AFFILIATES (collectively, the "Debtors")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:

    Weil, Gotshal & Manges LLP
    767 Fifth Avenue
    New York, New York 10153
    Attn:  Jennifer Sapp
            Christopher Stauble

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.  Name and address of firm:

    MMOR Consulting Inc.

    575 Lexington Avenue

    Suite 400

    New York, N.Y. 10022

2.  Date of retention:    9-16-2008

3.  Type of services provided (accounting, legal, etc.):

    State and Local Taxes

NY2:\1940784\04\15L$_04!.DOC\58399.0003

4. Brief description of services to be provided:

   Represent LBHI and affiliates during the audit process by various state and local tax jurisdictions.

5. Arrangements for compensation (hourly, contingent, etc.)

   (a) Average hourly rate (if applicable):

   $275

   (b) Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

   $35,000 - $50,000

6. Prepetition claims against the Debtors held by the firm:

   Amount of claim: $40,000 – 50,000

   Date claim arose: July – Sept. 2008

   Source of Claim: State and Local Tax Services

7. Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

   Name: None

   Status: _____

   Amount of Claim: $_____

   Date claim arose: _____

   Source of claim: _____

5

_____

_____

_____

8. Stock of the Debtors currently held by the firm:

   Kind of shares: None_____

   No. of shares: _____

9. Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

   Name: None_____

   Status: _____

   _____

   Kind of shares: _____

   No. of shares: _____

10. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

    None_____

    _____

    _____

    _____

11. Name of individual completing this form:

    Michael Morgese_____