**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                   :
**In re**                                                          :         **Chapter 11 Case No.**
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                       :         **08-13555 (JMP)**
                                                                   :
                       Debtors.                                    :         **(Jointly Administered)**
                                                                   :
                                                                   :
-------------------------------------------------------------------x

### ORDER PURSUANT TO
### SECTIONS 105(a) AND 363(b)(1) OF THE
### BANKRUPTCY CODE AND BANKRUPTCY RULE 6004
### AUTHORIZING PAYMENT OF PREPETITION ART-HANDLER FEES

Upon the motion, dated November 7, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to section 105(a) and 363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization and approval of, among other things, to pay undisputed prepetition fees with respect to the warehousing, displaying, framing, and transportation of the Debtors' art collection (the "Art-Handler Fees"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Stebich Ridder International, Inc. ("SRI"); (vii) André Chenue SA ("Chenue"); (viii) Drummond Framing, Inc. ("Drummond"); and (ix) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

   ORDERED that the Motion is granted; and it is further

   ORDERED that the Debtors are authorized but not directed to pay all undisputed prepetition charges or fees owed to the SRI, Chenue, and Drummon (collectively, the "Art-Handlers") consistent with the Debtors' customary practices in the ordinary course of their businesses; and it is further

   ORDERED that nothing in this Order or the Motion shall be construed as prejudicing any rights the Debtors may have to dispute or contest the amount of or basis

2

for any claims against the Debtors arising in connection with any prepetition charge or fee by the Art-Handlers; and it is further

ORDERED that nothing herein shall be deemed to constitute an assumption or rejection of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  New York, New York
        December 3, 2008

                                            *s/ James M. Peck*
                                        UNITED STATES BANKRUPTCY JUDGE