**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
: 
**In re** : Chapter 11 Case No.
 :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : 08-13555 (JMP)
 :
Debtors. : (Jointly Administered)
 :
 :
-----------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE, FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004 AND 9014, AND RULES 6004-1, 9006-1 AND 9014-1 OF THE LOCAL BANKRUPTCY RULES APPROVING THE SALE OF DEBTOR'S AIRCRAFT PURSUANT TO AN AIRCRAFT SALE AND PURCHASE AGREEMENT

Upon the motion, dated November 12, 2008 (the "Motion"),[1] of CES Aviation IX LLC (the "Debtor"), as debtor in possession (collectively with Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014, and Local Bankruptcy Rules 6004-1, 9006-1, and 9014-1 for (i) approval of the sale of the Debtor's aircraft, a Dassault model Falcon 50, bearing manufacturer's serial number 179 and U.S. registration mark N232PR (the "Aircraft", as more fully defined in the Motion), pursuant to (a) that certain Aircraft Sale and Purchase Agreement dated as of October 29, 2008 (the "Sale Agreement") with Peregrine Aviation Services, Inc. (the "Purchaser") or (b) a substantially similar sale and purchase agreement with a party who submits a Higher Offer, whereby the Debtor will sell, and the ultimate purchaser will purchase, the Aircraft (the "Proposed Sale"), (ii) approval of the Debtor's

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

payment of the fees of its broker, Bloomer de Vere Group Avia Inc. (the "Broker"), upon this Court's approval of the Debtor's retention of the Broker, and (iii) approval of the Debtor's payment of certain outstanding invoices, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, proper, timely, adequate and sufficient notice of the Motion and Proposed Sale having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285]; and a reasonable opportunity to object or be heard regarding the Motion and Proposed Sale having been afforded to all such parties; and it appearing that no other or further notice need be provided; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

FURTHER FOUND AND DETERMINED THAT:

1. The Debtor has properly exercised its reasonable business judgment in executing the Sale Agreement. The Debtor has shown good and sufficient business justification under sections 105(a), 363(b) and (l) of the Bankruptcy Code for the Proposed Sale, outside a plan of reorganization.

2. The relief sought in the Motion is in the best interests of the Debtor, its estate, and creditors, and all parties in interest.

3. The ultimate consideration to be paid by the Purchaser (i) represents the best offer for the Aircraft; (ii) is fair and reasonable; (iii) provides for a greater recovery for the Debtor's creditors than would be provided by any other practical, available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and non-bankruptcy law.

4. The Purchaser is not an "insider" or "affiliate" of the Debtor (within the meaning of the Bankruptcy Code). Neither the Debtor nor the Purchaser have engaged in conduct that would prevent the application of section 363(m) of the Bankruptcy Code or permit the Sale Agreement to be avoided under section 363(n) of the Bankruptcy Code. Consequently, the Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded thereby.

NOW, THEREFORE, IT IS HEREBY:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014, and Local Bankruptcy Rules 6004-1, 9006-1, and 9014-1, the Proposed Sale is approved and the Debtor is authorized to consummate all of the transactions contemplated thereby, including, but not limited to, the Sale Agreement; and it is further

ORDERED that the fees of the Broker in the amount of $88,000 be segregated from the Purchase Price and held in escrow and that the Debtor is authorized, but not ordered, to pay the fees of the Broker upon this Court's approval of the Debtor's retention of the Broker; and it is further

3

ORDERED that Debtors are authorized to pay certain outstanding invoices relating to flight support activities, as more fully described in the Motion, in the amount of $69,125.83; and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, the Debtor's right, title, and interest in and to the Aircraft shall be sold to Purchaser free and clear of any and all liens, claims, and encumbrances; and it is further

ORDERED that the Purchaser is a good faith purchaser and is granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code and consummation of the Sale Agreement shall not be affected by reversal or modification on any appeal of this Order; and it is further

ORDERED that the Debtor is authorized to perform all obligations under the Sale Agreement and to execute such other documents and take such other actions as may be necessary or appropriate to effectuate the Sale Agreement and the provisions of this Order; and it is further

ORDERED that nothing in this Order or in the Sale Agreement (i) releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statues or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order, or (ii) should be construed to give the Purchaser any more protection against any government unit than it is otherwise entitled to under 11 U.S.C. § 363(f)(1), (3), (4), or (5).  Nothing in this paragraph should be construed to create for any governmental unit any substantive right that does not already exist under law; and it is further

ORDERED that each and every federal, state, and local government agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order; and it is further

ORDERED that any stay imposed by Bankruptcy Rule 6004(h)[2] is hereby waived and this Order shall be immediately effective and enforceable; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.

Dated:  New York, New York
        December 3, 2008

                                              *s/ James M. Peck*
                                              UNITED STATES BANKRUPTCY JUDGE

---

[2] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.