**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
: 
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                   :
                    Debtors.                                 :    (Jointly Administered)
                                                                   :
                                                                   :
-------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION, PURSUANT TO**
**SECTIONS 105(a) AND 363(b)(1) OF THE BANKRUPTCY CODE**
**AND BANKRUPTCY RULE 6004 FOR AUTHORIZATION TO**
**ADVANCE CERTAIN LEGAL COSTS TO FORMER EMPLOYEES**

Upon the motion, dated November 13, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to advance certain legal costs to former employees who may not otherwise be covered by an applicable insurance policy for such costs, but who may hold indemnification claims against LBHI, that are now or may in the future be the subject of a Lehman related investigation, arbitration proceeding, or litigation (collectively, the "Employees"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting

C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized to advance up to $3 million for the payment of legal costs of the Employees subject to the conditions stated immediately below; and it is further

ORDERED that before the legal costs of an individual Employee are paid: (i) such Employee must execute (a) a written affirmation of the Employee's belief that he or she has conducted himself or herself in good faith and reasonably believed that such conduct was in the best interests of the Debtors, (b) a written undertaking to repay the

2

legal costs paid by the Debtors if it is determined that the Employee has acted in bad faith and (c) a written irrevocable assignment to the Debtors of all rights, claims, powers, title, privileges, duties and interest such Employee may have with respect to any provider of directors, officers, employee or similar insurance to Lehman (the "Insurance Providers") for payment of legal costs incurred in connection with a Lehman related investigation, arbitration or litigation and paid by the Debtors pursuant to this Order; and (ii) the fees and expenses of the various law firms representing the Employees must be reviewed by the Debtors and the Creditors' Committee for reasonableness; and it is further

ORDERED that nothing in this Order or the Motion nor the payment of legal costs by the Debtors shall prejudice any claims or rights that the Debtors or the Employees may have against any Insurance Provider with respect to the legal costs incurred by the Employees and paid by the Debtors pursuant to this Order; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rule 6004(h),[1] the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice; and it is further

---

[1] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.

3

4

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
       December 3, 2008

                                         *s/ James M. Peck*
                                         UNITED STATES BANKRUPTCY JUDGE