UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                    :
In re                                               :          Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :          08-13555 (JMP)
                                                    :
Debtors.                                            :          (Jointly Administered)
                                                    :
-------------------------------------------------------------------x

### AFFIDAVIT AND DISCLOSURE STATEMENT OF DUNCAN DARROW

### ON BEHALF OF SIDLEY AUSTIN LLP

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Duncan Darrow, being duly sworn, upon his oath, deposes and says:

1. I am a partner of Sidley Austin LLP located at 787 Seventh Avenue, New York, New York 10019 (the "Firm").

2. Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services, albeit solely to Lehman Commercial Paper Inc. ("LCPI"), a Lehman-related entity for whom the firm provided legal services for several years prior to the filing of these Chapter 11 cases (the "Chapter 11 Proceedings").

3. The Firm may have performed services in the past and anticipates that it will perform services in the future for persons that are parties in interest in the Debtors' chapter 11 cases, however, none of such services relate to Loan Closing matters (as defined below) on

NY1 6783725v.5

which the Firm is to be retained by LCPI. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom are now or will likely become directly adverse to LCPI, other Debtors, or other parties in interest in these Chapter 11 Proceedings. The Firm does not perform services for any such person in connection with these Chapter 11 Proceedings with respect to the Loan Closing Trades described below. For a description of the scope and certain terms and conditions of the firm's representation of LCPI, please see the supplement attached hereto (the "Sidley Supplement"). As more fully described in the Sidley Supplement, the contemplated Firm chapter 11 engagement would relate solely to assisting LCPI with the documentation required to close LCPI-initiated secondary market trades relating to the bank debt of various borrowers (such services being referred to as the "Loan Closings"). The Firm does not currently represent any Firm clients which may be adverse[1] to LCPI with respect to bank debt trades that still remain open and are the subject of the Firm's engagement, and no Firm clients have retained the Firm for purposes of closing such trades. The Firm historically has represented, and continues to represents, various clients which have some connection to these Chapter 11 Proceedings. These clients, generally speaking, are investment funds and financial institutions which have some form of indebtedness owing to them from certain of the Debtors and/or some form of "derivatives-type" transaction that has not yet been resolved, and it is likely that they will assert claims in these Chapter 11 Proceedings in connection with such indebtedness or transactions. Such client involvements do not, in our opinion, represent interests adverse to the Debtors with respect to the matters on which the Firm

---

[1] For purposes of this Affidavit, and the Firm documenting the Loan Trade Closings, the Firm does not consider adversity to exist with respect to any of its clients holding positions in the debt which is the subject of the Loan Trade Closings, unless such clients are parties to the Loan Trade Closings and have not consented to the Firm's representation of LPCI in such Loan Trade Closings. The Firm does not intend to assist in Loan Trade Closings with respect to loans in which it may have represented the borrower.

2

is to be engaged, and accordingly, the Firm's engagement should be consistent with §327(e) of the Bankruptcy Code.

4.  Neither I, nor any principal of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5.  Except as set forth elsewhere in this Affidavit, neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the Loan Closing matters on which the Firm is to be engaged.

_____
Duncan N. Darrow

Subscribed and sworn to before me
this 3rd day of December, 2008

_____
Notary Public

JACOB SASSON
Notary Public, State of New York
No. 02SA6166534
Qualified in New York County
Commission Expires May 21, 2011

3

NY1 6783725v.5

## EXHIBIT A

### Sidley Supplement

### (Following two pages)

08-13555-mg    Doc 2062    Filed 12/04/08    Entered 12/04/08 13:14:36    Main Document
Pg 4 of 10

NY1 6783725v.5

**SUPPLEMENT PROVIDED BY SIDLEY AUSTIN LLP ("SIDLEY") TO ACCOMPANY THE FIRM'S AFFIDAVIT AND DISCLOSURE STATEMENT RELATED TO DEBTORS' MOTION FOR AUTHORITY TO EMPLOY SIDLEY AS ONE OF THE ORDINARY COURSE PROFESSIONALS ("OCP") IN THE CHAPTER 11 CASES**

In the interests of full disclosure, this Supplement (the "Sidley Supplement") sets forth certain material terms of Sidley's retention as one of the OCP in the Chapter 11 cases styled In re Lehman Brothers Holdings Inc., et al. (the "Chapter 11 Proceeding"). The terms are as follows:

1. **Client.** Sidley is to be retained and employed by only one of the Lehman-related debtors – namely, Lehman Commercial Paper Inc. ("LCPI"). Sidley will not be retained by and will accordingly have no attorney-client relationship with any other debtor (all Lehman-related debtors in Chapter 11 or other insolvency precedings being referred to, collectively, as the "Debtors").

2. **Scope of Engagement.** Consistent with the terms of Sidley's pre-petition engagement by LCPI, Sidley's post-petition engagement (the "Sidley Chapter 11 Engagement" or "the Engagement") would be to assist LCPI in the documentation required to close LCPI-initiated secondary market trades (both purchases and sales) in the bank debt of various borrowers (such services being referred to as the "Loan Closings"). The Engagement would not include legal research or negotiation on behalf of LCPI vis-à-vis the borrowers under the loan facilities being traded; nor would any of the services rendered by Sidley be adverse to such borrowers. At present it is Sidley's understanding that LCPI has numerous bank debt trades that have not been closed (the "open trades") and are listed on one or more schedules (collectively, the "Open Trades Register").

3. **Disengagement.** Consistent with the pre-petition understanding between the parties, in the event that the Chapter 11 Engagement moves forward, Sidley would be entitled at any time thereafter (for any or no reason) to disengage as OCP counsel and LCPI, likewise, would be entitled at any time (for any or no reason) to terminate Sidley as one of the OCP. Such termination must take place by written notice, sent by email, and would be effective at 5:00 p.m. (EST) on the date the email is sent. In the event of any such disengagement, Sidley may be handling open trade transactions that have not yet been concluded (the "Work in Progress"); even if disengagement occurs, Sidley commits to continue to provide legal services (post the disengagement date) until all Work in Progress matters have been properly concluded.

4. **Retention of Additional OCP with Loan Trade Closing Expertise.** Sidley understands that a second law firm, Andrews Kurth LLP, also is to be retained as an OCP to assist in Loan Trade Closings and would be available as "conflicts counsel" in the event that one of more of the open trades on the Open Trades Register presents issues that make it inappropriate for Sidley (in the exercise of its reasonable discretion) to assist in the loan closing process. At this time, Sidley is unaware of any such issues.

5. **Review of Open Trades Register.** At the inception of the Engagement, Sidley will be provided with a copy of the Open Trades Register which, among other items, lists the LCPI "counterparties" to each trade and the name of the borrower. Sidley will review the Open Trades Register to determine if its services in closing any particular trade would present a conflict or otherwise be problematic or inappropriate; if so, then LCPI would be advised of this determination and all such open trades would be considered outside the scope of the Sidley Chapter 11 Engagement, there would be no expectation that Sidley would be responsible for closing such open trades and closing of those open trades would be handled by another OCP (such as Andrews Kurth LLP). Conversely, if Andrews Kurth LLP, upon reviewing of the Open Trades Register, finds that they are being asked by LCPI to close open trades that are problematic for Andrews Kurth LLP (due to, for example, conflicts that may be presented) Sidley

NY1 6783506v.5

understands that it may be asked to handle such open trades and would assist in the closings (so long as such requests present no conflicts or other issues which would make Sidley's handling of the matter problematic or otherwise inappropriate).

6. **Representation of Parties in Interest in the Debtors' Chapter 11 Cases.** Sidley currently represents several clients (the "Other Clients") who have transactions (involving one or more of the Debtors) that can be characterized as open, unresolved or potentially litigious (the "Other Client Transactions"), and will result in the assertion by such parties of claims against the Debtors. To the best of its knowledge at this time, Sidley does not believe that any of the Other Client Transactions involve distressed bank debt trades with LCPI[*]. Furthermore, Sidley, to the best of its knowledge, has not been retained by any of the Other Clients to assist in closing any Open Trades involving bank debt where LCPI would be a counterparty. Therefore, services being rendered to the Other Clients do **not** appear to come within the scope of the services that Sidley would render to LCPI as part of Sidley Chapter 11 Engagement. If Sidley determines, after review of the Open Trades Register, that there actually are Other Clients with Open Trades listed on the Open Trades Register, then Sidley will abstain from providing services to LCPI on such trades, seek a waiver or otherwise resolve the matter to the mutual satisfaction of Sidley, LCPI and the Other Clients.

7. **Potential Conflicts.** In the event that the Sidley Chapter 11 Engagement moves forward, Sidley understands that neither LCPI nor any other of the Debtors will object to Sidley's representation of any party with interests in respect of the Chapter 11 Proceeding by citing, as the basis for such objection, any of the services rendered by Sidley regarding the Loan Closing transactions (so long as the new Sidley client is not being represented by Sidley in the specific capacity as a counterparty to LCPI in respect of a Loan Closing transaction worked on previously for LCPI by Sidley). Furthermore, if Sidley's Chapter 11 Engagement is terminated (whether by Sidley or LCPI) and at a later date Sidley is requested to represent a new client, who is a counterparty in respect of an open trade with LCPI, then neither LCPI nor the Debtors will object to such retention by citing, as the basis for an objection, any of the services rendered by Sidley regarding the Loan Closing transactions; provided, however, that Sidley will not represent such Other Client in respect of issues that specifically relate to an Open Trade where Sidley already had been actively representing LCPI. In addition, any Sidley partner, associate or paralegal (the "Sidley Professionals") who would have worked on Loan Closing transactions for LCPI, will not be part of any Sidley legal team assigned to represent Other Clients (in the event Sidley determines to do so) that have disputes or controversies with LCPI.

---

[*] With the exception of two bank debt trades, on behalf of, KKR Debt Investors (2006) (Ireland) LP, regarding Lavena Holding III Gmbh.

2

NY1 6783506v.5

**EXHIBIT B**

**Retention Questionnaire**

**(Following three pages)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    08-13555 (JMP)
                                                               :
                    Debtors.                                   :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEHMAN BROTHERS HOLDINGS INC. OR ANY OF ITS DEBTOR AFFILIATES (collectively, the "Debtors")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:

    Weil, Gotshal & Manges LLP
    767 Fifth Avenue
    New York, New York 10153
    Attn:   Jennifer Sapp
            Christopher Stauble

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. **Name and address of firm:**

   Sidley Austin LLP
   787 Seventh Avenue
   New York, New York 10019

2. **Date of retention:**   November 5, 2008

3. **Type of services provided (accounting, legal, etc.):**

   Legal

4. **Brief description of services to be provided:**

   Solely for one debtor -- namely, Lehman Commercial Paper, Inc. ("LCPI") -- preparation of documentation for the closing of LCPI-initiated secondary market trades in the bank debt of various debtors, which trades, at this time, remain open and uncompleted. The documentation and closing of such trades for LCPI are services Sidley Austin LLP ("Sidley") has provided to LCPI for several years.

NY1 6783729v.3

5. **Arrangements for compensation (hourly, contingent, etc.):**

The closing of open trades in bank debt is to be handled primarily by Sidley associates and paralegals (whose hourly rates are less than those charged by Sidley partners) and hence, the average or blended hourly rate would be approximately $400 per hour.

(a) **Average hourly rate (if applicable):**

(b) **Estimated average monthly compensation based on prepetition retention (if firm was employed pre-petition):**
For many months pre-petition, Sidley would close at least one hundred open trades per month and its monthly billings averaged $100,000 to $125,000.

6. **Pre-petition claims against the Debtors held by the firm:**

Amount of claim:    $ None

Date claim arose:    None

Source of Claim:    None

7. **Pre-petition claims against the Debtors held individually by any member, associate, or professional employee of the firm:**

Name:    None, to best of knowledge of individual completing this form. However, Sidley has approximately 1,900 partners, counsel and associates and it is not practical to determine whether any of such persons, in their individual capacities, may have such claims.

Status:

Amount of Claim: $

Date claim arose:

Source of claim:

8. **Stock of the Debtors currently held by the firm:** NONE

Kind of shares: _____

No. of shares: _____

9. **Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:**

NY1 6783729v.3

    Name:  None to best of knowledge of individual completing this form.  See answer to question 8.

    Status: _____

    Kind of shares: _____

    No. of shares: _____

10. **Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.**

_____[NONE]_____

_____

_____

**11. Name of individual completing this form:**

  Duncan Darrow

NY1 6783729v.3