Hearing Date: December 3, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: November 28, 2008 at 4:00 p.m. (Prevailing Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC. *et al.,* | 08-13555 (JMP) |
| Debtors | (Jointly Administered) |

NOTICE OF OBJECTION TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION OR REJECTION OF OPEN TRADE CONFIRMATIONS

Name of Objecting Party:    AXA Alternative Financing FCP

PLEASE TAKE NOTICE that this is an objection to the motion dated November 14, 2008 of Lehman Brothers Holdings Inc. ("**LBHI**") and its affiliated debtor, Lehman Commercial Paper Inc. ("**LCPI**" and, together with LBHI, the "**Debtors**") for entry of an order pursuant to section 365 of the Bankruptcy Code approving the Debtors' assumption or rejection of certain open trade confirmations (the "**Motion**").

**Incorrect counterparty**

1.  LCPI has served a copy of the Motion on an unrelated third party: AXA Alternative Financing FCP. AXA Alternative Financing FCP was not, as stated in Exhibit A to the Motion, the counterparty to a Euro trade with LCPI on August 12, 2008 in relation to a Second Lien tranche of LCPI's loan to Edam Acquisition Holding B.V. (referred to in Exhibit A to the Motion as the "Endemol SEN (03/07/07)" deal). Moreover, AXA Alternative Financing FCP has never been a counterparty to any trade with LCPI. There is, therefore, no open trade confirmation with AXA Alternative Financing FCP which is capable of being assumed by LCPI.

1

**Actual counterparties**

2. In order to avoid any misunderstanding, I am aware, however, that two other AXA entities, AXA Mezzanine II SA, SICAR and MD Mezzanine SA, SICAR were counterparties to two separate Euro trades with LCPI's UK branch on August 12, 2008, each in relation to a Second Lien tranche of LCPI's loan to Edam Acquisition Holding B.V. (the "**Second Lien Trades**"). Neither of the Second Lien Trades is included in Exhibit A to the Motion.

3. I do not make this objection on behalf of either AXA Mezzanine II SA, SICAR or MD Mezzanine SA, SICAR, but, for the benefit of the Honourable James M. Peck and the Bankruptcy Court, I understand the position of AXA Mezzanine II SA, SICAR and MD Mezzanine SA, SICAR with regard to the Second Lien Trades to be as follows.

**Governing law**

4. The Second Lien Trades are subject to the Standard Terms and Conditions for Par Trade Transactions of the Loan Market Association ("**LMA Terms and Conditions**"). A copy of the LMA Terms and Conditions is attached as Annex 1. Pursuant to clause 26.1 of the LMA Terms and Conditions, the Second Lien Trades are governed by English law.

5. Under English law, both as a matter of contract, and at common law, the Second Lien Trades have been terminated and set aside.

**The common law position**

6. LCPI agreed with each of AXA Mezzanine II SA, SICAR and MD Mezzanine SA, SICAR to settle the Second Lien Trades on 16 September 2008 (the "**Settlement Date**"). It was a fundamental term of LCPI's contract with each of AXA Mezzanine II SA, SICAR and MD Mezzanine SA, SICAR that LCPI would provide signed Transfer Certificates on the Settlement Date to enable each of the Second Lien Trades to be concluded.

7. In breach of this fundamental term, LCPI failed to provide signed Transfer Certificates on the Settlement Date. Under English common law, LCPI's breach was sufficiently serious to comprise a repudiatory breach of each of the Second Lien Trades and, therefore, entitled AXA Mezzanine II SA, SICAR and MD Mezzanine SA, SICAR, as the innocent parties, to treat each of the Second Lien Trades as being at an end.

8. Each of AXA Mezzanine II SA, SICAR and MD Mezzanine SA, SICAR elected to accept LCPI's repudiation of the Second Lien Trades and, on September 22, 2008, by way of an email from Mr. Stefano Mion (on behalf of both AXA Mezzanine II SA, SICAR and MD Mezzanine SA, SICAR) to, amongst others, Mr. Neils Ribeiro (representing LCPI), each of AXA Mezzanine II SA, SICAR and MD Mezzanine SA, SICAR notified LCPI of their acceptance of LCPI's repudiatory breach. As at that date, as a matter of English common law, the Second Lien Trades were therefore set aside.

**The contractual position**

9. Clause 19(1)(a) of the LMA Terms and Conditions provides that if either party defaults in performance of its obligations under any Transaction Document (which is defined as "the documentation required to implement the transaction"), the non-defaulting party shall be entitled to give notice to the defaulting party for such period as the non-defaulting party may specify. It is not a requirement of the LMA Terms and Conditions that such notice is given in writing.

10. Pursuant to clause 19(1)(b) of the LMA Terms and Conditions, if the default is not remedied within the period specified in the notice, the non-defaulting party may, by written notice to the defaulting party, terminate the transaction immediately.

11. As explained in paragraph 7 above, LCPI failed to perform its obligation to provide signed Transfer Certificates on the Settlement Date and thereby prevented the transaction from being concluded.

12. In accordance with clause 19(1)(a) of the LMA Terms and Conditions, in the days following LCPI's default, Mr. Mion communicated with Mr. Ribeiro via email and telephone to put Mr. Ribeiro on notice that if he did not confirm within a reasonable period that LCPI would provide signed Transfer Certificates for both of the Second Lien Trades, AXA Mezzanine II SA, SICAR and MD Mezzanine SA, SICAR would regard the Second Lien Trades as cancelled and would return the acquisition funds to their investors.

13. Having (i) given LCPI a reasonable period to remedy its default and (ii) made several attempts to elicit a confirmation of LCPI's position from Mr. Ribeiro, on 22 September 2008, in accordance with clause 19(1)(b) of the LMA Terms and Conditions, on behalf of

3

AXA Mezzanine II SA, SICAR and MD Mezzanine SA, SICAR, Mr. Mion gave written notice to LCPI to terminate each of the Second Lien Trades with immediate effect.

14. AXA Mezzanine II SA, SICAR and MD Mezzanine SA, SICAR have each, therefore, exercised their contractual right to terminate the Second Lien Trades.

**Objection**

15. AXA Alternative Financing FCP was not, and has never been, a counterparty to any trade with LCPI. The erroneous reference to the non-existent trade with AXA Alternative Financing FCP in Exhibit A to the Motion should therefore be removed and disregarded. PLEASE TAKE NOTICE OF OUR OBJECTION to the Motion in this regard.

16. AXA Alternative Financing FCP has not instructed US counsel and, in the circumstances, does not wish to incur unnecessary costs in doing so. AXA Alternative Financing FCP does not intend to attend the hearing of the Motion on December 3, 2008 and has lodged this objection in order that the Honourable James M. Peck and the Bankruptcy Court should be fully aware of the circumstances, namely: the error in Exhibit A to the Motion and the position in relation to the Second Lien Trades. I respectfully request the Judge's indulgence in relation to AXA Alternative Financing FCP's non-appearance in this matter.

Dated:    November 26, 2008

_____
Brian McMahon
Manager
AXA Alternative Financing Management S.à.r.l.
Société à responsabilité limitée
6, rue Philippe II
L-2340 Luxembourg
R.C.S. Luxembourg B-118.072
Acting as management company of
**AXA Alternative Financing FCP**
T.: +352.27.11.00.01
F.: +352.27.11.00.99

4