Proposed Hearing Date and Time: December 22, 2008 at 10:00 a.m. (Prevailing Eastern Time)
Proposed Objection Date and Time: December 18, 2008 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
: 
    Debtors. : **(Jointly Administered)**
: 
: 
------------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULES
2002(a)(2) AND 9006(c) TO SHORTEN TIME WITH RESPECT TO
HEARING ON DEBTORS' MOTION FOR ENTRY OF ORDER
PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY
CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE
2002, 6004, AND 9019 (I) AUTHORIZING LEHMAN BROTHERS
HOLDINGS INC. TO ENTER INTO A SETTLEMENT AGREEMENT
WITH CERTAIN FRENCH AFFILIATES RELATING TO
INTERCOMPANY CLAIMS, (II) AUTHORIZING
LEHMAN BROTHERS HOLDINGS INC. TO VOTE ITS SHARES
IN FRENCH AFFILIATE TO APPROVE SALE OF SUBSTANTIALLY
ALL OF THE ASSETS OF AND VOLUNTARY DISSOLUTION OF
SUCH AFFILIATE AND (III) GRANTING CERTAIN RELATED RELIEF**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this Motion and respectfully represent:

NY2:\1943636\04\15NPW04!.DOC\58399.0003

**Background**

1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

**Jurisdiction**

4.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Lehman's Business**

5.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

6. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Declaration of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Relief Requested**

7. Contemporaneously with this motion, the Debtors have filed a motion (the "Motion") pursuant to sections 105 and 363 of the Bankruptcy Code and Rules 2002, 6004, and 9019 of the Bankruptcy Rules for authorization and approval of, among other things, (i) a Settlement Agreement, dated December 3, 2008 (the "Settlement Agreement"), among LBHI, Banque Lehman Brothers S.A. ("BLB"), Lehman Brothers Conseil S.A. ("LBC"), and Lehman Brothers Services SNC ("LBS" and collectively with BLB and LBC, the "Lehman French Companies"), attached to the Motion as Exhibit A, (ii) the settlement of intercompany claims between LBHI, on the one hand, and the Lehman French Companies, on the other hand, contemplated thereby, (iii) the approval by LBHI in its capacity as a shareholder of BLB of (x) the sale of BLB's businesses to Banque Nomura France ("BNF") pursuant to a certain Business Sale and Purchase Agreement, dated November 17, 2008 (as amended, the "BSA"), among the Lehman French Companies and BNF (the "BNF Transaction") and (y) the voluntary dissolution (the "Solvent Liquidation") of BLB; (iv) any and all other actions contemplated by the Settlement Agreement; and (v) certain related relief. The Debtors seek authority to shorten the notice period with respect to the Motion to allow the Motion to be heard at the hearing scheduled for December 22, 2008, which falls 14 calendar days and 10 business days after service of the Motion. To present the Motion on this expedited schedule, the Debtors seek entry of an order

shortening the notice period with respect to the Motion pursuant to Bankruptcy Rules 2002(a)(2) and 9006(c). In support of this request, the Debtors submit the Declaration of Richard P. Krasnow, attorney for the Debtors, attached hereto as Exhibit 1.

### The Debtors May Shorten the Notice Period in Accordance With the Case Management Order and the Bankruptcy Rules

8.  On September 22, 2008, the Court entered an order governing case management and administrative procedures for these cases [Docket No. 285] (the "Case Management Order"). The Case Management Order provides that, except with respect to pleadings requesting relief pursuant to Bankruptcy Rules 2002(a)-(b), pleadings may not be considered unless filed at least 14 calendar days before the applicable hearing date. The notice provisions in Rules 2002(a)(2)-(3) of the Bankruptcy Rules apply to the Motion. Rule 2002(a)(2) of the Bankruptcy Rules provides that creditors and others must receive at least 20 days' notice by mail of "a proposed use…of property of the estate other than in the ordinary course of business," and Rule 2002(a)(3) of the Bankruptcy Rules provides that creditors and others must receive at least 20 days' notice by mail of "the hearing on approval of a compromise or settlement of a controversy."

9.  The Case Management Order and the Bankruptcy Rules each permit the Court to shorten the notice period with respect to the Motion upon a showing of cause. The Case Management Order provides that "nothing in the [Case Management Order] shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and 9006(c)." Bankruptcy Rule 9006(c) provides that a court may, in its discretion, order any time period reduced for cause shown. In addition, Rule 2002(a)(2) provides that the court may shorten the notice period for cause shown and Rule 2002(a)(3) further provides that the court for cause shown may direct that notice not be sent.

**Ample Cause Exists to Shorten the Notice Period**

10. As described more fully in the Motion, the Settlement Agreement, among other things, provides for a settlement relating to intercompany claims between LBHI, on the one hand, and the Lehman French Companies, on the other hand, and an agreement by LBHI to vote, in its capacity as a shareholder of BLB, for the BNF Transaction and the Solvent Liquidation.

11. Ample cause exists to expedite approval of the Settlement Agreement, because it provides great benefits to LBHI's estate that would be lost if the Settlement Agreement is not approved within certain delineated timeframes. Specifically, a condition precedent to the BSA is that the Settlement Agreement must be approved by this Court by December 31, 2008, a deadline demanded by BNF, and a condition precedent to the Settlement Agreement is that it must be approved by this Court by December 23, 2008, a deadline demanded by BLB.

12. Each of the BNF Transaction, the Settlement Agreement, and the Solvent Liquidation is predicated on the others, and collectively, they are expected to provide substantial benefits to LBHI's estate by limiting BLB's claims against LBHI and minimizing LBHI's potential exposure under a support letter, dated June 15, 1994 (the "Support Letter"),[1] wherein LBHI committed to the Banque de France, the French central bank, and the Commission Bancaire, the French banking agency, among other things, to provide BLB with financial support when so requested by the Banque de France. In connection with the BNF Transaction, BNF is assuming certain of BLB's liabilities, and in connection with the Settlement Agreement, BLB is releasing any claims it has under the Support Letter and waiving its intercompany claim against

---

[1] Nothing herein shall be interpreted as an admission that LBHI is liable to any party under the Support Letter and LBHI reserves all rights and defenses with respect thereto.

LBHI except to the extent that BLB does not have sufficient assets to pay its creditors.[2]  LBHI retains the right to object to the allowance of BLB's claim.

13. Importantly, absent the Settlement Agreement, the BNF Transaction would not occur, a costly insolvent liquidation would inevitably result, BLB's claims against LBHI would likely be substantially higher, and LBHI's potential exposure to BLB, the Banque de France, and the Commission Bancaire under the Support Letter would likely be much higher.

14. The Debtors could not have filed the Motion for hearing much sooner. LBHI and BLB did not conclude their negotiations until December 3, 2008 and LBHI filed the Motion thereafter as promptly as possible.  No entity would be prejudiced by shortening the notice period for the Motion.  All parties in interest are receiving notice of the Motion well before the anticipated hearing date.

15. In addition, the Debtors have been advised that the Creditors' Committee has no objection to the shortened notice.

16. Accordingly, the Debtors request that the Court shorten the notice period with respect to the Motion such that the Court may consider the Motion at the [omnibus] hearing currently scheduled for December 22, 2008 at 10 a.m. (Prevailing Eastern Time) and that responses, if any, must be filed with the Court on or before December 18, 2008 at 4:00 p.m. (Prevailing Eastern Time) and served in accordance with the Case Management Order, with courtesy copies delivered to the Court.

---

[2] While LBHI is agreeing in the Settlement Agreement to waive its intercompany claims against the Lehman French Companies, LBHI's creditors are not prejudiced thereby, as LBHI is unlikely to receive a recovery on such claims in any case.  This is because, among other reasons, all of its claims against the Lehman French Companies would be subordinated under French law to certain priority creditors (particularly employees), as well as the fact that most of the claims would likely be subject to setoff against BLB's much larger claims against LBHI to the extent such claims are allowed.

**Notice**

17. Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time without notice. Accordingly, no notice of this motion to shorten time has been given.

18. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: December 8, 2008
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# **EXHIBIT 1**

NY2:\1943636\04\15NPW04!.DOC\58399.0003

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| Debtors. | : | **(Jointly Administered)** |

**DECLARATION OF RICHARD P. KRASNOW IN SUPPORT
OF ORDER TO SHOW CAUSE SCHEDULING A HEARING TO
CONSIDER DEBTORS' MOTION FOR ENTRY OF ORDER
PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY
CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE
2002, 6004, AND 9019 (I) AUTHORIZING LEHMAN BROTHERS
HOLDINGS INC. TO ENTER INTO A SETTLEMENT AGREEMENT
WITH CERTAIN FRENCH AFFILIATES RELATING TO
INTERCOMPANY CLAIMS, (II) AUTHORIZING
LEHMAN BROTHERS HOLDINGS INC. TO VOTE ITS SHARES
IN FRENCH AFFILIATE TO APPROVE SALE OF SUBSTANTIALLY
ALL OF THE ASSETS OF AND VOLUNTARY DISSOLUTION OF
<u>SUCH AFFILIATE AND (III) GRANTING CERTAIN RELATED RELIEF</u>**

RICHARD P. KRASNOW, being duly sworn, hereby declares pursuant to section

1746 of title 28 of the United States Code:

1. I am an attorney admitted to practice before this Court and a partner of

Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its

affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession

(together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman") filed in the United States Bankruptcy Court for the Southern District of New York.  Unless otherwise indicated, I have knowledge of the facts set forth herein from various employees of the Debtors and from the Debtors' professionals.

2. I am submitting this declaration in support of the Order to Show Cause being contemporaneously submitted to schedule a hearing on expedited notice with respect to the motion (the "Motion") pursuant to sections 105 and 363 of the Bankruptcy Code and Rules 2002, 6004, and 9019 of the Bankruptcy Rules for authorization and approval of, among other things, (i) a Settlement Agreement, dated December 3, 2008 (the "Settlement Agreement"), among LBHI, Banque Lehman Brothers S.A. ("BLB"), Lehman Brothers Conseil S.A. ("LBC"), and Lehman Brothers Services SNC ("LBS" and collectively with BLB and LBC, the "Lehman French Companies"), attached to the Motion as Exhibit A, (ii) the settlement of intercompany claims between LBHI, on the one hand, and the Lehman French Companies, on the other hand, contemplated thereby, (iii) the approval by LBHI in its capacity as a shareholder of BLB of (x) the sale of BLB's businesses to Banque Nomura France ("BNF") pursuant to a certain Business Sale and Purchase Agreement, dated November 17, 2008 (as amended, the "BSA"), among the Lehman French Companies and BNF (the "BNF Transaction") and (y) the voluntary dissolution (the "Solvent Liquidation") of BLB; (iv) any and all other actions contemplated by the Settlement Agreement; and (v) certain related relief.

3. The Court entered an order, dated September 22, 2008 [Docket No. 285] (the "Case Management Order"), implementing certain notice and case management procedures in the Debtors' chapter 11 cases.  Pursuant to the Case Management Order, a motion seeking relief pursuant to Bankruptcy Rule 2002(a)(2) or (a)(3) requires twenty days' notice.  The

Debtors are requesting an order shortening the notice period ordinarily required for a hearing on the Motion under Bankruptcy Rule 2002(a)(2) and (a)(3) and the Case Management Order.

        4.        As discussed below, ample cause exists to expedite approval of the Motion, because it provides great benefits to LBHI's estate that would be lost if the Settlement Agreement is not approved within certain delineated timeframes.  A condition precedent to the BSA is that the Settlement Agreement must be approved by this Court by <u>December 31, 2008</u>, a deadline demanded by BNF, and a condition precedent to the Settlement Agreement is that it must be approved by this Court by <u>December 23, 2008</u>, a deadline demanded by BLB.

        5.        As described more fully in the Motion, LBHI has negotiated the Settlement Agreement with the Lehman French Companies.  The Settlement Agreement, among other things, provides for a settlement relating to intercompany claims between LBHI, on the one hand, and the Lehman French Companies, on the other hand, and an agreement by LBHI to vote, in its capacity as a shareholder of BLB, for the BNF Transaction and the Solvent Liquidation of BLB.

        6.        Each of the BNF Transaction, the Settlement Agreement, and the Solvent Liquidation is predicated on the others, and collectively, they are expected to provide substantial benefits to LBHI's estate by limiting BLB's claims against LBHI and minimizing LBHI's potential exposure under a support letter, dated June 15, 1994 (the "<u>Support Letter</u>"),[3] wherein LBHI committed to the Banque de France, the French central bank, and the Commission Bancaire, the French banking agency, among other things, to provide BLB with financial support when so requested by the Banque de France. In connection with the BNF Transaction, BNF is assuming certain of BLB's liabilities, and in connection with the Settlement Agreement, BLB is

---

[3] Nothing herein shall be interpreted as an admission that LBHI is liable to any party under the Support Letter and LBHI reserves all rights and defenses with respect thereto.

releasing any claims it has under the Support Letter and waiving its intercompany claim against LBHI except to the extent that BLB does not have sufficient assets to pay its creditors.[4]  LBHI retains the right to object to the allowance of BLB's claim.

7.   Importantly, absent the Settlement Agreement, the BNF Transaction would not occur, a costly insolvent liquidation would inevitably result, BLB's claims against LBHI would likely be substantially higher, and LBHI's potential exposure to BLB, the Banque de France, and the Commission Bancaire under the Support Letter would likely be much higher.

8.   Accordingly, the Debtors respectfully requests that the Court enter the Order to Show Cause and schedule a hearing on the Motion so that it may be heard on December 22, 2008 at 10:00 a.m. (Prevailing Eastern Time) and responses, if any, to be filed with the Court on or before December 18, 2008 at 4:00 p.m. (Prevailing Eastern Time), with courtesy copies delivered to the Court.

9.   The Debtors have not requested the relief herein from this or any other court.

Dated: December 8, 2008
       New York, New York

                                        /s/ Richard P. Krasnow
                                        Richard P. Krasnow

---

[4] While LBHI is agreeing in the Settlement Agreement to waive its intercompany claims against the Lehman French Companies, LBHI's creditors are not prejudiced thereby, as LBHI is unlikely to receive a recovery on such claims in any case.  This is because, among other reasons, all of its claims against the Lehman French Companies would be subordinated under French law to certain priority creditors (particularly employees), as well as the fact that most of the claims would likely be subject to setoff against BLB's much larger claims against LBHI to the extent such claims are allowed.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re                                                       :    Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                            :
           Debtors.                                   :    (Jointly Administered)
                                                            :
                                                            :
------------------------------------------------------------------x

**ORDER TO SHOW CAUSE AND NOTICE FIXING HEARING
DATE TO CONSIDER DEBTORS' MOTION FOR ENTRY OF ORDER
PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY
CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE
2002, 6004, AND 9019 (I) AUTHORIZING LEHMAN BROTHERS
HOLDINGS INC. TO ENTER INTO A SETTLEMENT AGREEMENT
WITH CERTAIN FRENCH AFFILIATES RELATING TO
INTERCOMPANY CLAIMS, (II) AUTHORIZING
LEHMAN BROTHERS HOLDINGS INC. TO VOTE ITS SHARES
IN FRENCH AFFILIATE TO APPROVE SALE OF SUBSTANTIALLY
ALL OF THE ASSETS OF AND VOLUNTARY DISSOLUTION OF
SUCH AFFILIATE AND (III) GRANTING CERTAIN RELATED RELIEF**

Upon the motion, dated December 8, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization and approval of, among other things, (i) a Settlement Agreement, dated December 3, 2008 (the "Settlement Agreement"), among LBHI, Banque Lehman Brothers S.A. "("BLB"), Lehman Brothers Conseil S.A. ("LBC"), and Lehman Brothers Services SNC ("LBS" and collectively with BLB and LBC, the "Lehman French Companies"), attached to the Motion as Exhibit A, (ii) the settlement of

intercompany claims between LBHI, on the one hand, and the Lehman French Companies, on the other hand, contemplated thereby, (iii) the approval by LBHI in its capacity as a shareholder of BLB of (x) the sale of BLB's businesses to Banque Nomura France ("BNF") pursuant to a certain Business Sale and Purchase Agreement, dated November 17, 2008 (as amended, the "BSA"), among the Lehman French Companies and BNF (the "BNF Transaction") and (y) the voluntary dissolution (the "Solvent Liquidation") of BLB; (iv) any and all other actions contemplated by the Settlement Agreement; and (v) certain related relief; and the declaration of Richard P. Krasnow, dated December 8, 2008 (the "Krasnow Declaration"), filed in support of the Motion and the request to shorten notice of the hearing on the Motion; and the Court having jurisdiction to consider the request to shorten notice in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and upon consideration of the relief requested in the Krasnow Declaration and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that, pursuant to Local Rule 9077-1, no notice of the relief requested in the Krasnow Declaration need be provided; and the Court having determined that the relief requested in the Krasnow Declaration is in the best interests of the Debtors, their estates, and all parties in interest; and the Court having determined that the legal and factual bases set forth in such declaration establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the hearing to consider the Motion shall be held on **December 22, 2008 at 10:00 a.m.** (Prevailing Eastern Time), before the Honorable James M. Peck, United

States Bankruptcy Judge, in Room 601, of United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York; and it is further

ORDERED that that the Debtors shall serve the Motion in accordance with the Court's Case Management Order [Docket No. 285] on or before **December 8, 2008** on all parties entitled to receive notice of the Motion; and it is further

ORDERED that the foregoing shall constitute good and sufficient notice of the hearing on the Motion; and it is further

ORDERED that any objections to the Motion must be filed and served so that they are actually received by: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Harvey R. Miller and Richard P. Krasnow, attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases, so as to be so filed and served no later than **December 18, 2008 at 4:00 p.m. (prevailing Eastern Time)**.

Dated: December __, 2008
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE