Hearing Date and Time: December 22, 2008 at 10:00 a.m (Prevailing Eastern Time)
Objection Date and Time: December 17, 2008 at 4:00 p.m (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
: 
In re                                                     :  **Chapter 11 Case No.**
                                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :  **08-13555 (JMP)**
                                                          :
Debtors.                                          :  **(Jointly Administered)**
                                                          :
                                                          :
-----------------------------------------------------------------x

**NOTICE OF LBHI'S MOTION, PURSUANT TO SECTIONS 105(a)
AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULES 6006 AND 9014, FOR AUTHORIZATION TO REJECT
PRESCRIPTION DRUG PROGRAM MASTER AGREEMENT WITH MEDCO**

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") for authorization and approval of, among other things, the rejection of an integrated prescription drug program master agreement, dated January 1, 2006, by and between Medco Health Solutions Inc., on the one hand, and LBHI, on the other, as supplemented and amended from time to time, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **December 22, 2008 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

NY2:\1942976\02\15N7K02!.DOC\58399.0003

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **December 17, 2008 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 8, 2008
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: December 22, 2008 at 10:00 a.m (Prevailing Eastern Time)
Objection Date and Time: December 17, 2008 at 4:00 p.m (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
: 
In re                                                              : Chapter 11 Case No.
                                                                   : 
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                       : 08-13555 (JMP)
                                                                   : 
Debtors.                                                           : (Jointly Administered)
                                                                   : 
                                                                   : 
-------------------------------------------------------------------x

**LBHI'S MOTION, PURSUANT TO SECTIONS 105(a)**
**AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY**
**RULES 6006 AND 9014, FOR AUTHORIZATION TO REJECT**
**PRESCRIPTION DRUG PROGRAM MASTER AGREEMENT WITH MEDCO**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (together, the

"Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this Motion

and respectfully represent:

**Background**

1. Commencing on September 15, 2008 and periodically thereafter

(as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries

NY2:\1942976\02\15N7K02!.DOC\58399.0003

commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

**Jurisdiction**

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Lehman's Business**

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years,

Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

6. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Relief Requested**

7. By this Motion, LBHI seeks authorization, pursuant to sections 105(a) and 365 of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, to reject an integrated prescription drug program master agreement, dated January 1, 2006, by and between Medco Health Solutions Inc. ("Medco"), on the one hand, and LBHI, on the other, as supplemented and amended from time to time (collectively, the "PDM Agreement") effective December 31, 2008 at 11:59 p.m. (Prevailing Eastern Time).

**The Integrated Prescription Drug Program Master Agreement**

8. Prior to and since the Commencement Date, Medco has provided certain administrative products and services associated with Lehman's pre-chapter 11 prescription drug program. Currently, Lehman's prescription drug program is "self-funded." That is, in exchange for a service fee (the "Service Fee"), Medco performs administrative functions associated with the prescription drug coverage offered to Lehman employees and makes its network of prescription drug providers available to Lehman. The actual prescription drug claims, however, are paid directly by LBHI pursuant to a reimbursement mechanism outlined in the PDM Agreement.

9. In light of the changed circumstances of Lehman's business, in particular, the massive reduction of its workforce, a "self-funded" prescription drug program is no longer cost-efficient for LBHI and exposes it to unnecessary risk. To reduce its exposure, LBHI has determined to switch its prescription drug coverage from a "self-funded" to a fully insured program. To that end, LBHI is currently negotiating an insurance agreement with Aetna Life Insurance Company ("Aetna") that will be effective January 1, 2009 (the "Insurance Agreement").[1] Under the Insurance Agreement, LBHI will pay a monthly premium and Aetna will be responsible for the cost of, *inter alia*, prescription drug claims.

### Rejection of the Integrated Prescription Drug Program Master Agreement is an Appropriate Exercise of LBHI's Business Judgment

10. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (internal citations omitted).

11. Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease and, upon finding that a debtor has exercised sound

---

[1] LBHI believes that its entry into the Insurance Agreement with Aetna is an ordinary course transaction and does not require Court approval under section 363(c)(1) of the Bankruptcy Code.

business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See, e.g., Bildisco & Bildisco*, 465 U.S. at 523; *Nostas Assocs. v. Costich* (*In re Klein Sleep Products, Inc.*), 78 F.3d 18, 25 (2d Cir. 1996); *Delightful Music Ltd. v. Taylor* (*In re Taylor*), 913 F.2d 102 (3d Cir. 1990).

12. LBHI has determined in its sound business judgment that rejection of the PDM Agreement is in the best interests of its estate. The PDM Agreement is no longer cost-efficient and exposes LBHI to unnecessary risk of potentially substantial claims that would be directly payable if LBHI continued to operate under a "self-funded" program. In addition, the Insurance Agreement with Aetna will not only cover the prescription drug program, but will also provide health and medical coverage to Lehman. Essentially, LBHI believes that by combining its medical and prescription drug coverage to a single provider, it will be able to reduce the administrative burdens and costs to its estate. Therefore, rejection of the PDM Agreement with Medco effective December 31, 2008 at 11:59 p.m. (Prevailing Eastern Time) is a reasonable exercise of the LBHI's business judgment and should be approved.

## Notice

13. No trustee or examiner has been appointed in these chapter 11 cases. In compliance with Bankruptcy Rules 6006(c) and 9014, LBHI has served notice of this Motion on Medco. In addition, LBHI has served notice of this Motion in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases. LBHI submits that no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by LBHI to this or any other court.

WHEREFORE LBHI respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: December 8, 2008
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
:
In re                                                                                      :     Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :     08-13555 (JMP)
:
             Debtors.                                                             :     (Jointly Administered)
:
:
---------------------------------------------------------------------x

**ORDER GRANTING LBHI'S MOTION, PURSUANT TO
SECTIONS 105(a) AND 365 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULES 6006 AND 9014, FOR AUTHORIZATION TO REJECT
PRESCRIPTION DRUG PROGRAM MASTER AGREEMENT WITH MEDCO**

Upon the motion, dated December 8, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization and approval of, among other things, the rejection of an integrated prescription drug program master agreement, dated January 1, 2006, by and between Medco Health Solutions Inc. ("Medco"), on the one hand, and LBHI, on the other, as supplemented and amended from time to time (collectively, the "PDM Agreement"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with Bankruptcy Rules 6006 and 9014 and the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) Medco, (ii) the United States Trustee for the Southern District of New York; (iii) the attorneys for the Official Committee of Unsecured Creditors; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

   ORDERED that the Motion is granted; and it is further

   ORDERED that, pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the PDM Agreement is hereby rejected effective December 31, 2008 at 11:59 p.m. (Prevailing Eastern Time); and it is further

   ORDERED that Medco shall file a proof of claim, if any, by a date to be set by the Court fixing the deadline for the filing of all proofs of claim in these cases; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: December __, 2008
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE