Hearing Date and Time: December 16, 2008 at 10:00 a.m.

RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, NY 10281
Telephone: (212) 530-1800
Facsimile: (212) 530-1801
Neil S. Binder
Michael Friedman
Keith N. Sambur

Attorneys for Morgan Stanley Bank International Limited and
Morgan Stanley Senior Funding, Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : Case No. 08-13555 (JMP) |
| Debtors. | : Jointly Administered |

**SUPPLEMENTAL LIMITED OBJECTION OF MORGAN STANLEY BANK
INTERNATIONAL LIMITED AND MORGAN STANLEY SENIOR FUNDING, INC. TO
DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 365
OF THE BANKRUPTCY CODE APPROVING THE
<u>ASSUMPTION OR REJECTION OF OPEN TRADE CONFIRMATIONS</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Morgan Stanley Bank International Limited and Morgan Stanley Senior Funding, Inc.

(collectively, "Morgan Stanley"), by their undersigned attorneys, hereby file this supplemental

limited objection (the "Supplemental Objection") to the Objection filed by certain

Counterparties [Docket No. 1841] to the Debtors' Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations (the "Debtors' Motion"). In support of this Supplemental Objection, Morgan Stanley respectfully represents as follows:

1. In the Debtors' Motion, the Debtors seek approval for, *inter alia*, the assumption of certain open prepetition trade confirmations set forth on Exhibits A and B to the Debtors' Motion for the purchase and sale of loans and claims from and to certain of the Debtors in these chapter 11 cases. Included in the Debtors' Motion are certain trades that were never agreed upon between the Debtors and Morgan Stanley and for which no binding open trade confirmations exist between the parties. As a result, these purported trades (the "Non-Agreed Upon Trades") may not be assumed or rejected by the Debtors. Attached hereto as Exhibit A is a list of the Non-Agreed Upon Trades.

2. In order for a debtor to assume a contract under Bankruptcy Code section 365 a contract must exist. *See In re Sanshoe Worldwide Corp.*, 993 F.2d 300, 305 (2nd Cir. 1993) (when parties question existence of executory contract court should determine that contract subject to assumption or rejection exists); *In re 611 Sixth Ave. Corp.*, 191 B.R. 295, 301 (Bankr. S.D.N.Y. 1996) (bankruptcy courts should determine if an executory contract exists in connection with request to assume or reject); *In re Nemko, Inc.*, 163 B.R. 927, 935 (Bankr. E.D.N.Y. 1994) ("Generally, in order for section 365 to be applicable, the Code mandates the existence of an executory contract on the day the debtor files its petition for relief.").

3. Under New York law, agreements to buy or sell loans or claims only become binding contracts when parties orally or otherwise agree to and evidence their assent to the

essential terms of the trade. *See, e.g.*, N.Y. Gen. Oblig. Law § 5-701 (McKinney 2008); *Tractebel Energy Marketing, Inc. v. AEP Power Marketing, Inc.*, 487 F.3d 89, 95 (2d Cir. 2007) ("To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms.") (internal citations omitted).

4. In the current case, the Debtors and Morgan Stanley did not form binding contracts prepetition with respect to the Non-Agreed Upon Trades. More specifically, with respect to the "Nycomed Holding A/S" trade set forth on Exhibit A, the parties did discuss certain terms, but did not agree on a purchase price for the loan. Because the purchase price is a material term and the parties never reached an agreement on such term, no binding contract exits with respect to the purported Nyomed Holdings A/S trade. Regarding the other Non-Agreed Upon Trades, Morgan Stanley has no records of having ever entered into such trades with the Debtors (either in oral or written form). Therefore, with respect to these trades, the parties had no agreement and could not have formed valid and binding contracts. Accordingly, because none of the Non-Agreed Upon Trades can be considered binding contracts the Court may not grant the relief requested in the Debtors' Motion with respect to such trades.

5. Morgan Stanley also files this Supplemental Objection because there are multiple errors on Exhibits A and B to the Debtors' Motion with respect to valid open trade confirmations between the Debtors and Morgan Stanley. Attached hereto as <u>Exhibit B</u> is a spreadsheet setting forth certain modifications and corrections. Morgan Stanley respectfully requests that the corrections set forth on Exhibit B hereto be incorporated into Exhibits A and B to the Debtors' Motion and any order entered with respect thereto.

For the foregoing reasons, Morgan Stanley respectfully requests that (i) the Court deny the relief requested in the Debtors' Motion with respect to the Non-Agreed Upon Trades, (ii) the changes set forth on Exhibit B hereto be incorporated into Exhibits A and B to the Debtors' Motion and any order entered with respect thereto and for such other relief as this Court deems just and proper.

Dated: New York, NY
December 10, 2008

        RICHARDS KIBBE & ORBE LLP

        /s/ Michael Friedman
        Neil S. Binder
        Michael Friedman
        Keith N. Sambur

        One World Financial Center
        New York, New York 10281
        Telephone: (212) 530-1800
        Facsimile: (212) 530-1801

        Attorneys for Morgan Stanley Bank
        International Limited and
        Morgan Stanley Senior Funding, Inc.