Hearing Date and Time: December 16, 2008 at 10:00 a.m.

GARDERE WYNNE SEWELL LLP
John P. Melko (TX 13919600)
1000 Louisiana, Suite 3400
Houston, TX 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555

Counsel for Pyrrhuloxia, LP

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
:
In re                                                                    :    Chapter 11
                                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                                 :    Case No. 08-13555 (JMP)
                                                                         :
                                                                         :    (Jointly Administered)
                        Debtors.                                         :
                                                                         :
------------------------------------------------------------------------x

**LIMITED JOINDER OF PYRRHULOXIA, LP IN CERTAIN OBJECTIONS TO
DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 365 OF THE
BANKRUPTCY CODE APPROVING THE ASSUMPTION OR REJECTION OF OPEN
TRADE CONFIRMATIONS**

Pyrrhuloxia, LP ("Pyrrhuloxia") respectfully files this limited joinder in the objections of USAA High-Yield Opportunities Fund [Docket No. 1805] ("USAA"), THL Credit Partners, L.P. [Docket No. 1883] ("THL"), and Citibank [Docket No. 1915] ("Citibank) (each an "Objection," collectively, the "Objections") to the *Debtors' Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations* [Docket No. 1541] (the "Motion"). In support thereof, Pyrrhuloxia respectfully states as follows:

1.    From August 6, 2008 through September 8, 2008, Pyrrhuloxia entered into fifteen (15) separate LSTA distressed trade confirmations (collectively, the "Trade Confirms") for the sale by LCPI (as defined in the USAA Objection) to Pyrrhuloxia of certain loans (each an

DALLAS 1996589v.3

"Hawaiian Loan," collectively, the "Hawaiian Loans") made by certain lenders to Hawaiian Telcom Communications, Inc. (collectively, the "Trades"). LCPI has not yet settled the Trade Confirms. The Debtors have identified the Trade Confirms as executory contracts they wish to assume. *See* Motion, Exhibit A, p. 2.

2.     Accordingly, Pyrrhuloxia joins in the Objection of USAA insofar as it requests an order that any assumption of the Trades be subject to a counterparty's right to a credit against the purchase price that reflects the discrepancy in the market value of the Hawaiian Loan in question on the date the Trade Confirm should have settled and its value on the date on which such Trade Confirm actually settles (assuming the Motion is approved).

3.     Pyrrhuloxia joins in the Objection of THL inasmuch as it urges that the failure of LCPI to settle trade confirms as soon as practicable constitutes a default for which counterparties are entitled to compensation, or adequate assurance that LCPI will provide compensation, for actual pecuniary losses resulting from the default. The "actual pecuniary loss," as contemplated by 11 U.S.C. 365(b)(1)(B), is the difference in price between the time when it would have been commercially reasonable for LCPI to deliver the relevant instruments and the price on the actual date of delivery of such instruments, i.e., the actual pecuniary loss is equal to the credit described in paragraph two of this joinder.

4.     Pyrrhuloxia joins in the Objection of Citibank to the extent that Citibank posits that LCPI should be required to adequately assure, beyond the conclusory *ipse dixit* asserted in the Motion, that it is able to close the trades shortly after the Motion is approved, if it is approved.

WHEREFORE, Pyrrhuloxia joins in the Objections to the extent provided herein and respectfully requests: (i) that any relief granted the Debtors be subject to Pyrrhuloxia's right to

the credit described herein, (ii) that the Debtors be required to compensate, or provide adequate assurance that it will compensate, Pyrrhuloxia for actual pecuniary losses resulting from the Debtors' default, (iii) that the Debtors be required to adequately assure that they are able to close the Trades shortly after the Motion is approved, and (iv) that the Court grant such other and further relief the Court deems just and proper.

Dated: December 10, 2008
New York, New York

GARDERE WYNNE SEWELL, LLP

/s/ John P. Melko
John P. Melko (TX 13919600)
1000 Louisiana, Suite 3400
Houston, TX 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555

COUNSEL FOR PYRRHULOXIA, LP

DALLAS 1996589v.3