| | |
|---|---|
| DRINKER BIDDLE & REATH LLP<br>140 Broadway, 39th Floor<br>New York, New York 10005-1116<br>Stephanie Wickouski<br>Telephone:     (212) 248-3170 | **Hearing Date: January 15, 2009 at 10:00 a.m. (EST)**<br>**Objection Deadline: January 12, 2009 at 4:00 p.m. (EST)** |

—and—

DRINKER BIDDLE & REATH LLP
1500 K. St., NW - Suite 1100
Washington, DC 20005-1209
Kristin K. Going
Telephone: (202) 230-5177

Attorneys for Parsec Trading Corp.

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                    :
In re:                                                              :
                                                                    :  Chapter 11
LEHMAN BROTHERS HOLDINGS,                                           :  Case No. 08-13555-JMP
                                                                    :
         Debtor.                                                    :
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF HEARING ON MOTION OF PARSEC TRADING CORPORATION FOR (A) DETERMINATION THAT THE AUTOMATIC STAY DOES NOT PREVENT RECOVERY OF PLEDGED COLLATERAL; OR (B) IN THE ALTERNATIVE, RELIEF FROM THE AUTOMATIC STAY TO RECOVER PLEDGED COLLATERAL PURSUANT TO SWAP COLLATERAL AGREEMENT**

**PLEASE TAKE NOTICE,** that by motion (the "Motion") dated December 10, 2008 of Parsec Trading Corporation ("Parsec") filed contemporaneously herewith, by and through its undersigned counsel, a hearing (the "Hearing") will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Room 601, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, on January 15, 2009 at 10:00

a.m. (EST), or as soon thereafter as counsel can be heard, seeking entry of an order (a) determining that the automatic stay does not prevent the termination of the Swap Collateral Agreement by and among Parsec, Lehman Brothers Special Financing, Inc. and The Chase Manhattan Bank, or (b) in the alternative, granting Parsec relief from the automatic stay to recover its pledged collateral under to the Swap Collateral Agreement.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the Motion, must (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and Administrative Orders for the United States Bankruptcy Court for the Southern District of New York, and the Court's September 22, 2008 Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures (the "Case Management Order"); (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) (which can be found at www.nysb.uscourts.gov) (i) electronically by registered users of the Bankruptcy Court's case filing system, or (ii) on a 3.5 inch disk, preferably in Portable Document Format (PDF), Word, WordPerfect, or any other Windows-based word processing format, by all other parties in interest; (d) be submitted in hard copy form to the Chambers of the Honorable James M. Peck, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004; and (e) and served in accordance with General Order M-242 and the Case Management Order upon the following parties: (i) counsel for Parsec, Drinker Biddle & Reath LLP, 140 Broadway, 39th Floor, New York, New York 10005-1116, Attention: Stephanie Wickouski, and Drinker Biddle & Reath LLP, 1500 K Street, N.W., Suite 1100, Washington, D.C. 20005, Attention: Kristin Going, (ii) counsel for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth

Avenue, New York, New York 10153, Attention: Harvey R. Miller, Richard P. Krasnow, Lori R. Fife, Shai Waisman, and Jacqueline Marcus, (iii) counsel for the Official Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attention: Dennis F. Dunne, Dennis O'Donnell and Evan Fleck, (iv) counsel for the Debtors' Postpetition Lenders, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attention: Lindsee P. Granfield and Lisa Schweitzer, and Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attention: Robinson B. Lacy and Hydee R. Feldstein, and (v) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attention: Tracy Hope Davis, Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, and Linda Riffkin **so as to be actually received, in all cases, no later than January 12, 2009 at 4:00 p.m. (EST)**.  Only those objections or responses which have been timely filed and served may be considered by the Court at the Hearing;

**PLEASE TAKE FURTHER NOTICE** that the Court may grant the relief requested in the Motion without a hearing if no objections to the Motion are timely filed and served; and

**PLEASE TAKE FURTHER NOTICE**, that the Hearing to consider the Motion may be adjourned thereafter from time to time without further notice to parties in interest other than the announcement of the adjourned date at the Hearing or any other hearing thereafter.

Dated:  New York, New York
        December 10, 2008

**DRINKER BIDDLE & REATH LLP**

By: /s/ Stephanie Wickouski
    Stephanie Wickouski
    140 Broadway, 39th Floor
    New York, New York 10005-1116

3

(212) 248-3140

—and—

Kristin K. Going
1500 K. St., NW - Suite 1100
Washington, DC 20005-1209
(202) 230-5177

*Counsel to Parsec Trading Corporation*

NY01/ 7116104.1

| | |
|---|---|
| DRINKER BIDDLE & REATH LLP<br>140 Broadway, 39th Floor<br>New York, New York 10005-1116<br>Stephanie Wickouski<br>Telephone:    (212) 248-3170 | **Hearing Date: January 15, 2009 at 10:00 a.m. (EST)**<br>**Objection Deadline: January 12, 2009 at 4:00 p.m. (EST)** |

—and—

DRINKER BIDDLE & REATH LLP
1500 K. St., NW - Suite 1100
Washington, DC 20005-1209
Kristin K. Going
Telephone: (202) 230-5177

Attorneys for Parsec Trading Corp.

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                    :
In re:                                                              :
                                                                    : Chapter 11
LEHMAN BROTHERS HOLDINGS,                                           : Case No. 08-13555-JMP
                                                                    :
        Debtor.                                                     :
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NY01/ 7115586.2

**MOTION OF PARSEC TRADING CORPORATION FOR (A) DETERMINATION THAT THE AUTOMATIC STAY DOES NOT PREVENT RECOVERY OF PLEDGED COLLATERAL; OR (B) IN THE ALTERNATIVE, RELIEF FROM THE AUTOMATIC STAY TO RECOVER PLEDGED COLLATERAL PURSUANT TO SWAP COLLATERAL AGREEMENT**

Parsec Trading Corp. ("Parsec") by and through its undersigned counsel, respectfully submits this motion (the "Motion") for an order, pursuant to sections 555 and 362 of title 11 of the United States Code (the "Bankruptcy Code") determining that the automatic stay does not prevent termination of the Collateral Agreement (as defined below) or in the alternative, for relief from the automatic stay to allow Parsec to recover its collateral under the Collateral Agreement. In support of the relief sought, Parsec respectfully states as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

**Factual Background**

2. Parsec and Lehman Brothers Special Financing, Inc. ("Special Financing") entered into an ISDA Master Agreement dated April 21, 1997 (the "Swap Agreement"), pursuant to which Parsec agreed to pledge certain collateral to Special Financing to secure Parsec's obligations under the Swap Agreement.

3. Parsec and Special Financing also entered into a Swap Collateral Agreement (the "Collateral Agreement") with The Chase Manhattan Bank ("Chase") dated as of August 25, 1999, attached hereto as Exhibit A, whereby Chase holds Parsec's pledged collateral (the "Collateral").

4. Special Financing's bankruptcy filing constituted an event of default under the Swap Agreement, and pursuant to section 6(a) of the Swap Agreement, Parsec terminated the Swap Agreement by notice dated September 15, 2008, attached hereto as Exhibit B. Parsec also provided Special Financing with a statement of calculations following early termination, dated September 25, 2008, and attached hereto as Exhibit C. On September 26, 2008, Parsec provided Chase written notice of termination and requested return of the Collateral, which is also attached hereto as Exhibit D.

5. Parsec believes that the automatic stay provisions on section 362 of the Bankruptcy Code do not apply in this instance because the Swap Agreement and Collateral Agreement are "securities contracts" and that Parsec is a "financial institution" as those terms are defined in the Bankruptcy Code. Therefore Parsec may terminate the Collateral Agreement and Chase may return Parsec's collateral without the need to obtain relief from the automatic stay from the Court pursuant to section 555 of the Bankruptcy Code. However, because Chase has refused to turn over the Collateral absent a Bankruptcy Court order, Parsec seeks a determination from the Court that the automatic stay provisions of the Bankruptcy Code do not apply, and that Parsec can terminate the Collateral Agreement and receive the return of the Collateral from Chase.

6. In the event the Court determines that the automatic stay does apply, Parsec seeks, in the alternative, relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code so that it can terminate the Collateral Agreement. As set forth below, the Swap Agreement is "out of the money" for Special Financing and thus there is no monetary value to Special Financing's bankruptcy estate. However, the prejudice to Parsec is substantial as Chase is currently holding in excess of $13,000,000.00 of Parsec's collateral. Chase will not release

these funds absent this Court's order. Therefore, cause exists to grant relief from the automatic stay.

### Relief Requested

7. Parsec respectfully requests entry of the attached proposed order determining that the automatic stay of section 362 of the Bankruptcy Code does not apply, and therefore Parsec may terminate the Collateral Agreement without prior permission from the Court. In the event the Court determines that the automatic stay provisions of the Bankruptcy Code do apply, Parsec respectfully requests, in the alternative, relief from the automatic stay so as to permit Parsec to take all actions necessary to terminate the Collateral Agreement. Parsec further seeks an order compelling Chase to turnover the Collateral as required under the provisions of the Swap Agreement and Collateral Agreement.

### Basis for Relief Requested

**A.   Parsec is Entitled to Terminate the Collateral Agreement Pursuant to the Safe Harbor Provisions of the Bankruptcy Code**

8. Section 555 of the Bankruptcy Code provides in relevant part:

> The exercise of a contractual right of a …financial institution…to cause the liquidation, termination, or acceleration of a securities contract, as defined in section 741 of this title, because of the condition of the kind specified in section 365(e)(1) of this title shall not be stayed, avoided, or otherwise limited by operation of any provision of this title…

11 U.S.C. § 555.

9. Parsec meets the definition of "financial institution" in section 101(22) of the Bankruptcy Code, as the definition includes the customer of a bank, when the bank is acting as agent and/or custodian for the customer, as Special Finance and Chase were acting as agent and/or custodian for Parsec. The Swap Agreement and Collateral Agreement are "securities contracts" pursuant

to section 741(7) of the Bankruptcy Code as they are contracts for the purchase, sale or loan of a security, or contracts that are similar to an agreement for the purchase, sale or loan or a security.

10.   Therefore, Parsec requests this Court determine that terminating the Collateral Agreement is within the safe harbor provisions of the Bankruptcy Code and that Parsec is entitled to terminate the Collateral Agreement without further order of the Bankruptcy Court.

**B.   Even if the Automatic Stay Does Apply, Cause Exists to Lift the Automatic Stay**

11.   In the event the Court determines the automatic stay applies, Parsec requests the Court lift the automatic stay to allow it to recover the Collateral from Chase.

12.   Pursuant to section 362(d)(1) of the Bankruptcy Code, the Court, after notice and a hearing, may terminate the automatic stay for cause. While cause is not defined in the Bankruptcy Code, the Second Circuit has identified several factors in determining whether cause exists, including the impact of the stay and the balance of the harms. *In re Sonnax Industries*, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990). The Second Circuit also concluded that the issue of whether to terminate the automatic stay is within the sound discretion of the Bankruptcy Court. *Id.*

13.   Parsec has cause to terminate the stay, to the extent it applies, to allow it to terminate the Collateral Agreement and recoup the Collateral from Chase. There is no benefit to Special Finance as it is already holding an amount in excess of the termination value. Special Finance is currently holding $49,487,274.05 plus interest from Parsec. Based upon the termination notice of calculations that Parsec sent to Special Finance, the value of the portfolio was $46,737,917.55. Therefore, Special Finance is not owed any additional amounts, but instead owes $2,797,842.30, plus interest and expenses to Parsec. However, in addition to the above, Chase is holding

$ 13,000,000.00 in treasury notes, which constitutes Excess Collateral (as that term is defined in the Collateral Agreement). The intent and purpose of the Excess Collateral was to protect Special Finance in the event that Parsec defaulted under the Swap Agreement or did not have sufficient funds to pay Special Finance at the termination of the Swap Agreement. Clearly that is not what happened in this instance, and the Collateral must be returned to Parsec.

**C.     Once the Collateral Agreement Is Terminated, Chase Must Return the Collateral**

14.     Pursuant to Paragraph 12 of the Collateral Agreement, Chase was obligated to turn over the Collateral to Parsec upon receipt of a certificate from Parsec stating that an Early Termination Date (as defined in the Swap Agreement) has occurred. However, despite receiving such a certificate on September 26, 2008, Chase has refused to turn over the Collateral absent an Order from this Bankruptcy Court determining that the automatic stay is either not in effect or has been terminated, and directing Chase to turn over the Collateral to Parsec. Pursuant to the terms of the Swap Agreement and Collateral Agreement, Chase has no valid basis for withholding the Collateral from Parsec. Therefore, Chase must turn over the Collateral to Parsec.

**Notice**

15.     Notice of this Motion has been provided pursuant to this Court's Order [Dkt. 285] entered on September 22, 2008 governing case management and administrative procedures for the Debtors' cases to: (i) counsel for the Debtors, (ii) the Office of the United States Trustee for the Southern District of New York, (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel to the postpetition lenders, (v) counsel for Chase Manhattan Bank, and (vi) all other parties requesting notice under Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Parsec submits that no other or further notice need be given.

**No Prior Request**

16.     No prior request for the relief sought herein has been made to this or any other Court.

Dated:  December 10, 2008

By: */s/ Stephanie Wickouski*
Stephanie Wickouski
DRINKER BIDDLE & REATH LLP
140 Broadway, 39th Floor
New York, New York 10005-1116
Telephone:    (212) 248-3170
Facsimile:     (212) 348-3141

—and—

Kristin K. Going
DRINKER BIDDLE & REATH LLP
1500 K. St., NW - Suite 1100
Washington, DC 20005-1209
Telephone: (202) 230-5177
Facsimile: (202) 842-8465

Attorneys for Parsec Trading Corp.