**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: :
: Chapter 11
LEHMAN BROTHERS HOLDINGS, : Case No. 08-13555-JMP
:
Debtor. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER DETERMINING THAT THE AUTOMATIC STAY DOES NOT PREVENT RECOVERY OF PLEDGED COLLATERAL [OR IN THE ALTERNATIVE, GRANTING RELIEF FROM THE AUTOMATIC STAY TO RECOVER PLEDGED COLLATERAL PURSUANT TO SWAP COLLATERAL AGREEMENT]**

Upon the Motion (the "Motion") of Parsec Trading Corporation ("Parsec") for entry of an order determining that the automatic stay does not prevent termination of the Collateral Agreement,[1] or, in the alternative, granting Parsec relief from the automatic stay under section 362(d) of the Bankruptcy Code to recover its collateral under the Collateral Agreement; the Court finding that proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and that upon the record herein after due deliberation, good and sufficient cause exists for the granting of the relief sought by the Motion,

IT IS ORDERED AS FOLLOWS:

1. The Motion is granted.

2. The automatic stay does not apply to any actions by Parsec or any party acting on Parsec's behalf to enforce Parsec's rights under the Collateral Agreement against any person or entity, including Debtor Lehman Brother Special Financing, Inc. or The Chase Manhattan Bank ("Chase").

[or]

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

The automatic stay imposed by 11 U.S.C. § 362 is modified to allow Parsec or any party acting on Parsec's behalf to exercise all of its rights and remedies under applicable law with respect to the Swap Agreement, the Collateral Agreement and the pledged collateral (the "Collateral"), including without limitation, terminating the Collateral Agreement.

3. Chase is directed to turnover the Excess Collateral (as that term is defined in the Collateral Agreement) to Parsec as required under the provisions of the Swap Agreement and the Collateral Agreement.

4. This order shall be effective immediately upon its entry.

5. The ten day stay of effectiveness of this Order under Fed. R. Bankr. P. 4001(a)(3) is waived.

Dated: New York, New York
January ___, 2008

        HONORABLE JAMES M. PECK,
        UNITED STATES BANKRUPTCY JUDGE

NY01/ 7116115.2