Hearing Date and Time: December 16, 2008 at 10:00 a.m.

Jeffrey A. Rosenthal
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Wachovia Bank, N.A. and Evergreen Investment Management Company, LLC, acting as agent for various funds.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

**JOINDER OF WACHOVIA BANK, N.A. AND EVERGREEN INVESTMENT MANAGEMENT COMPANY, LLC TO THE OBJECTION OF VARIOUS COUNTERPARTIES TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE APPROVING THE <u>ASSUMPTION OR REJECTION OF OPEN TRADE CONFIRMATIONS</u>**

Wachovia Bank, N.A. ("Wachovia") and Evergreen Investment Management Company, LLC, acting as agent for various funds ("<u>Evergreen</u>"), by and through their undersigned counsel, hereby file this Limited Joinder in the Objections filed by Barclays Bank PLC [Docket No. 1819], certain Counterparties [Docket No. 1841], Deutsche Bank AG [Docket No. 1858], Whippoorwill Associates, Inc. [Docket No. 1918] and The Bank of Nova Scotia [Docket No. 1908] (collectively, the "<u>Objections</u>") to the Debtors' Motion For an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 1541] (the "<u>Motion</u>"), solely to the extent that the Objections address counterparty setoff rights.

In joining the Objections, Wachovia and Evergreen respectfully state as follows:

1. Like the Counterparties to the pending Objections, Wachovia and Evergreen are creditors of Lehman Brothers Commercial Paper, Inc. ("LCPI") and its affiliated debtors in the above-captioned cases. Wachovia and Evergreen have claims against LCPI arising from, inter alia, unsettled pre-petition open trade forward purchases and sales of commercial loans (the "Trades"). In the Motion, the Debtors seek approval for, inter alia, the assumption of certain of these Trades and the rejection of others.

2. In the Motion, the Debtors request a blanket ruling that "no Counterparty shall be entitled to assert or take any act to exercise a right to set off any pre-petition Claim of such Counterparty." Motion ¶ 36. In the Objections, the objecting counterparties demonstrate that the Debtors are not entitled, either as a matter of law or equity, to bar counterparties' exercise of such rights of setoff. Wachovia and Evergreen agree that, for the reasons set forth in the Objections, the Debtors are not permitted to strip counterparties of their setoff rights.[1] Wachovia and Evergreen therefore join in the Objections and request that the relief sought therein permitting, preserving and/or protecting the exercise of rights of setoff fully applicable to all similarly situated counterparties that are subject to the Motion, including Wachovia and Evergreen.

---

[1] Wachovia and Evergreen reserve all rights protected by the Bankruptcy Code's financial contract safe harbor provisions, including Sections 362(b)(6), 362(b)(17), 555, 556, 560, 561 and 562 of the Bankruptcy Code, as the Trades constitute "swap agreements," "securities contracts" and/or "forward contracts" within the meaning of Sections 101(53), 741(7) and 101(25) of the Bankruptcy Code. "Swap agreement" is defined under section 101(53) of the Bankruptcy Code to include, among other things, a "debt…forward agreement" and the loan trades squarely fit within that definition. "Forward contract" is defined to include "a contract ... for the purchase, sale, or transfer of a commodity…or any similar good, article, service, right, or interest which is presently or in the future becomes the subject of dealing in the forward contract trade…with a maturity date more than two days after the date the contract is entered into." The loans that are the subject of the Trades fit within this definition, and the Trades had maturity dates of more than two days. In addition, some, if not all, of the Trades also qualify as "securities contracts," the definition of which includes, among other things, a contract for the purchase or sale of "mortgage loans" (even though "mortgage loans" are not securities under the federal securities laws). See Bankruptcy Code § 741(7).

WHEREFORE, for the reasons set forth herein, Wachovia and Evergreen respectfully join in the Objections and request that the relief sought therein be made fully applicable to Wachovia and Evergreen, together with such other and further relief as this Court may deem just or proper.

Dated: New York, New York
December 11, 2008

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:  /s/ Jeffrey A. Rosenthal
Jeffrey A. Rosenthal
A Member of the Firm

One Liberty Plaza
New York, New York 10006
212-225-2000
jrosenthal@cgsh.com

*Attorneys for Wachovia Bank, N.A. and Evergreen Investment Management Company, LLC, acting as agent for various funds.*