**Hearing Date: December 16, 2008 @ 10:00 a.m.**

Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

-and-

Paul Aronzon
Robert Jay Moore
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
: 
In re:                                                              :   Chapter 11 Case No.
                                                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.,                              :   08-13555 (JMP)
                                                                    :
                  Debtors.                                          :   (Jointly Administered)
                                                                    :
------------------------------------------------------------------- x

**JOINDER OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO DEBTORS' OBJECTION TO MOTION OF
TPG-AUSTIN PORTFOLIO HOLDINGS LLC TO COMPEL
IMMEDIATE ASSUMPTION OR REJECTION OF CREDIT
AGREEMENT; OR IN THE ALTERNATIVE, GRANT RELIEF
FROM THE AUTOMATIC STAY TO PERMIT ALTERNATIVE
<u>FINANCING ON A SENIOR SECURED BASIS</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Lehman

Brothers Holdings Inc. ("<u>LBHI</u>"), and its affiliated chapter 11 debtors in possession (collectively,

the "<u>Debtors</u>"), joins (the "<u>Joinder</u>") in the Debtors' Objection (the "<u>Objection</u>") to the Motion

Of TPG-Austin Portfolio Holdings LLC ("<u>TPG-Austin</u>") To Compel Immediate Assumption Or

Rejection Of Credit Agreement; Or In The Alternative, Grant Relief From The Automatic Stay To Permit Alternative Financing On A Senior Secured Basis (the "Motion"). In support of its Joinder, the Committee respectfully states as follows:

## BACKGROUND

1. Commencing on September 15, 2008 (the "Petition Date"), and periodically thereafter, the Debtors filed with this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"). On September 17, 2008, the Office of the United States Trustee appointed the Committee.

2. By the Motion, TPG-Austin requests that this Court enter an order (i) compelling Lehman Commercial Paper, Inc. ("LCPI"), one of the chapter 11 debtors in possession, to immediately assume a certain credit agreement between TPG-Austin and LCPI dated June 1, 2007, which made available to TPG-Austin a term loan in the aggregate amount of $192,500,000 (the "Term Loan") and a revolving loan in the aggregate amount of $100,000,000 (the "Revolver"), by no later than the date scheduled for a hearing on the Motion; or (ii) in the alternative, pending assumption or rejection of the Credit Agreement, authorizing TPG-Austin to replace the Revolver by borrowing such funds on a senior secured basis ahead of the liens and security interest of LCPI.

## THE COMMITTEE'S JOINDER

3. The Committee concurs with the arguments set forth in the Objection and, accordingly, files this Joinder in support thereof. More specifically, the Committee agrees with the Debtors that: (i) the Term Loan, as a contract that is severable from Revolver and has been fully performed, is not an executory contract that the Debtors can be compelled to assume or

2

reject; (ii) compelling LCPI to assume or reject the Revlover by no later than the date scheduled for hearing on the Motion is not warranted under section 365(d) of the Bankruptcy Code; and (iii) TPG-Austin has not demonstrated that it is entitled to relief from the automatic stay to prime LCPI's security interests in order to obtain alternative financing.

4.  <u>First</u>, LCPI cannot be compelled to assume or reject the Term Loan. The Term Loan is severable from the Revolver. See <u>In re Adelphia Business Solutions, Inc</u>. 322 B.R. 51, 55 (Bankr. S.D.N.Y. 2005) (finding one document severable into two agreements for the purpose of separately assuming or rejecting each agreement). As a separate contract, the Term Loan has been fully funded and performed by LCPI and, therefore, is no longer an executory contract subject to assumption or rejection. See <u>In re Murexco Petroleum, Inc.</u>, 15 F.3d 60, 62 (5th Cir. 1994) (Section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.). Because the Term Loan is no longer an executory contract, LCPI is not required to assume or reject it.

5.  <u>Second</u>, LCPI should not be compelled to prematurely assume or reject the Revolver at this early stage of the bankruptcy cases. Under section 365(d)(2) of the Bankruptcy Code, a debtor is entitled to a reasonable amount of time within which to assume or reject executory contracts. As this Court held in <u>In re Teligent, Inc.</u>, 268 B.R. 723 (Bankr. S.D.N.Y. 2001) (<u>citing</u> <u>Theatre Holding Corp. v. Munso</u>, 681 F.2d 102, 105-06 (2d Cir. 1982)):

> What constitutes a reasonable time is left to the bankruptcy court's discretion, to be determined on a case-by-case basis in light of the broad purposes of the entire Bankruptcy Code. Relevant considerations include the damage that the non-debtor will suffer beyond the compensation available under the Bankruptcy Code, the importance of the contract to the debtor's business and reorganization, whether the debtor has had sufficient time to appraise its financial situation and the potential value of its assets in formulating a plan, and whether exclusivity has terminated. Above all, the court should interpret reasonable time consistent

3

>with the broad purpose of Chapter 11, which is to permit successful rehabilitation of debtors.

268 B.R. 723, 738-39; see also In re Orion Pictures Corp., 4 F.3d 1095, 1098 (2d Cir. 1993) ("In short, § 365 permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject.").

6. By all accounts, the Debtors' chapter 11 filing is the largest bankruptcy in history. The Debtors are less than three months into their chapter 11 cases and, as this Court is well aware, these estates are confronted by a host of challenges on a daily basis. Considering that the Debtors have yet to file their required schedules and statement of financial affairs, it is reasonable to assume that they have not "had sufficient time to appraise [their] financial situation and the potential value of [their] assets" for the purposes of a Bankruptcy Code section 365 decision regarding the Loan Agreements. Teligent, 268 B.R. at 738-739.

7. Nonetheless, the Debtors appear to be engaged in a careful, systematic review and valuation of their contracts and have been proceeding with this review as rapidly as is prudently possible given the exigent circumstances leading to the Debtors' bankruptcy cases. While the Debtors acknowledge that the contract review process should be completed within a reasonable time, the majority of the Debtors' resources and efforts to date have been directed at stabilizing their businesses and evaluating ways in which to maximize value to creditors. The review and valuation of contracts has been rendered even more difficult by virtue of the significant staff reductions implemented since commencement of these chapter 11 cases. Forcing the Debtors to hastily assume or reject the Revolver prior to the conclusion of this contract review process risks the loss of significant value to the Debtors' estates.

4

8. <u>Third</u>, TPG-Austin plainly has not shown that it is entitled to relief from the automatic stay to seek to prime the Debtors' existing security interests. As a threshold matter, every party seeking relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code carries the initial burden of showing that it is entitled to relief. <u>See</u> <u>Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)</u>, 907 F.2d 1280, 1285 (2d Cir. 1990); <u>In re Eatman</u>, 182 B.R. 386, 390 (Bankr. S.D.N.Y. 1995) ("While section 362(g) allocates the burden of ultimate persuasion . . . , the movant must still make a *prima facie* showing that it is entitled to the relief that it seeks."). TPG-Austin has made no such showing.

9. Even if it had made the required showing, moreover, TPG-Austin has proffered no legal or factual basis for the ultimate relief it seeks through relief from the stay -- subordination of LCPI's liens. TPG-Austin fails to cite or discuss any cause of action or procedure by which a non-debtor movant could prime non-consensually the liens of a defaulting lender and grant a new lender a senior lien.[1] Since TPG-Austin is not a debtor in a chapter 11 case, the Committee, like the Debtors, are unaware of any process by which the relative rights and liens of the TPG-Austin's lenders can be non-consensually subordinated in favor of new lenders.

---

[1] Section 364 allows a debtor in possession to obtain additional credit and incur superpriority debt with a lien senior to any existing lien on property but does not apply here because TPG-Austin is not a debtor in possession.

WHEREFORE, for all of the foregoing reasons, the Committee respectfully requests that the Court deny the relief requested in the Motion.

Dated:    New York, New York
         December 11, 2008

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck

1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

-and-

Paul Aronzon
Robert Jay Moore
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.