Lovells, LLP
Robin E. Keller, Esq.
590 Madison Avenue
New York, New York 10038
Telephone: (212) 909-0600
Facsimile: (212) 909-0660
(Robin.keller@lovells.com)
Attorneys for Babson Capital Management LLC

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
                                                          :
In re:                                                    :          Chapter 11
                                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                  :          Case No. 08-13555(JMP)
                                                          :
                                   Debtors.               :          (Jointly Administered)
------------------------------------------------------------------------X

**LIMITED OBJECTION FILED BY GMAM INVESTMENT FUNDS TRUST II BY ITS
AGENT BABSON CAPITAL MANAGEMENT, TO DEBTORS' MOTION FOR AN ORDER
PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE APPROVING THE
ASSUMPTION OR REJECTION OF OPEN TRADE CONFIRMATIONS**

GMAM Investment Funds Trust II, by its agent Babson Capital Management LLC (hereafter collectively referred to as "Babson"), by and through its undersigned counsel, hereby submits this limited objection (the "Objection") to the motion of Lehman Brothers Holdings, Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI", and together with LBHI, the "Debtors")[1] for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 1541] (the "Motion"). In addition, Babson hereby joins in the relevant portions of the Objections filed by Pyrrhuloxia, LP [Docket No. 2149], USAA High-Yield Opportunities Fund [Docket No. 1805], THL Credit Partners, L.P. [Docket No. 1883] and Citibank [Docket No. 1915] (collectively, the "Assumption Objections"), and respectfully states as follows:[2]

---

[1] Unless otherwise noted, all capitalized terms have the meaning ascribed in the Motion.
[2] Babson has entered its limited appearance on behalf of GMAM Investment Trust Funds II in these Cases solely for the purpose of making this limited objection. By making its limited appearance in these Cases and filing this limited objection, Babson does not submit itself or otherwise consent or acquiesce, and

NYCLIB01/NYHFH/144281.3

**Preliminary Statement**

1.  The Debtors seek to assume or reject certain trade confirmations, including the assumption of one trade confirmation between LCPI (the "Seller") and Babson. The Court should deny the Motion as it applies to Babson for the following reasons. First, the Debtors breached the contract terms as set out in the Trade Confirmation between the Seller and Babson pre-petition. This breach -- namely, their failure to come to the table to close this deal in a timely manner -- caused damage and loss to Babson, which must be cured as a pre-condition to assumption. In addition, Babson believes, based on the Debtors' past performance and the lack of showing to the contrary by the Debtors in their Motion, that the Debtors are unable to complete reasonable documentation of the trade, or to deliver the Aveta notes, and will be unable to perform on any representations and warranties that are customary and likely to be agreed to as part of consummating the transaction. Thus, this Motion must be denied.

**Background**

2.  On July 28, 2008 (the "Trade Date"), Babson reviewed a trade confirmation from LCPI (the "Trade Confirmation") regarding the purchase of $1,994,884.90 in principal amount of Aveta Inc. at a purchase price of 93.000% (the "Aveta Trade").

3.  On July 30, 2008, Babson executed the Trade Confirmation and sent it to LCPI.

4.  On July 31, 2008, Babson received Lehman's signature to the Trade Confirmation.

5.  The Trade Confirmation contained a "Subject to:" clause, reading: "Subject to: Negotiation, execution and delivery of reasonably acceptable contracts and instruments of transfer in accordance herewith." In addition, the Trade Confirmation expressly stated that it was "*subject to the Standard Terms and Conditions for Distressed Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc. (the "LSTA"). . .*"

---

shall not be deemed to have submitted itself, consented or acquiesced, to the jurisdiction of this Court, or any other court of the United States, for any purpose other than with respect to this limited objection.

The LSTA Standard Terms and Conditions state that "Seller shall use reasonable efforts to furnish Buyer drafts of the applicable Transfer Documentation, together with any related Predecessor Transfer Documentation … within six (6) Business Days after the Trade Date."

6.  Commencing on the Trade Date and weekly or bi-weekly thereafter, Babson's counsel repeatedly contacted LCPI regarding the trade and requested that LCPI negotiate and deliver the relevant transfer documentation, as it was obliged to do under the terms of the Trade Confirmation and the LSTA. Neither Babson's counsel nor Babson received any substantive response and the Aveta Trade was not documented and did not settle. During the time from the date of execution of the Trade Confirmation to the present, the trading prices for the Aveta notes have gradually declined.

7.  On October 5, 2008 (the "Petition Date"), LCPI filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code, 11 U.S. C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York.

8.  By electronic mail notification dated November 6, 2008, more than four weeks after the Petition Date, the Seller informed Babson of its intention to reject the Aveta Trade. The notification was delivered to an incorrect email address; consequently, Babson did not receive the email notification until November 12, 2008.

9.  As investment manager to the Buyer, Babson, upon the notification of rejection, made the appropriate accounting entries to the Buyer's account with respect to the cancellation of the Aveta Trade. Further, in reliance on the Debtors' representations as to their rejection of the Trade Confirmation, Babson did not enter into any hedging, sale or insurance transactions that might have protected it from the Debtors' indecision regarding the trade.

10. On November 14, 2008, the Debtors filed the Motion seeking authorization to assume, reject and modify certain open trade confirmations. In the Motion, Murray Capital Management is listed as a buyer of a **Rejected Trade** listed on Exhibit B of the Debtors' Motion

(See Debtors' Motion, Exhibit B, p. 1 of 5 (listed thereon as Deal Name "AVETA INC. 2ND A&R 8-14-06", Customer Name "MURRAY CAPITAL MGMT. (MASTER)", Trade Date "7/28/2008")).[3]

11. By electronic mail notification dated November 21, 2008, the Debtors notified Babson that they intended to assume the Aveta Trade. **The Motion's Exhibits have not been amended to reflect the Debtors' change in position with respect to the Aveta Trade.**

### Objection

12. The Debtors' Motion reflects their desire to reject the Aveta Trade. Assuming the Debtors amend their Motion to reflect that the Aveta Trade is to be assumed, and correct the erroneously listed Counterparty, the Motion with respect to the Aveta Trade should still be denied. The Debtors committed pre-petition breaches under the Trade Confirmation which caused damage and loss to Babson, and therefore they cannot assume the Trade Confirmation unless and until they agree to cure those defaults by payment to Babson for its damages and loss, and further provide adequate assurance that they will be able to timely perform their obligations under the Trade Confirmation and related Transfer Documentation, and to stand behind their representations and warranties should the transaction be consummated.

13. Under section 365(b)(1) of the Bankruptcy Code, the Debtors can only assume a breached contract if they either cure the existing defaults or provide adequate assurance that they will cure the defaults, and provide further adequate assurance of future performance under the contract. The burden of proof of cure and adequate assurance falls on the party seeking to assume the contract. See In re Grant, 201 B. R. 216,220 (Bankr. N.D. Ill. 1996). In the event there is a default in an executory contract which a debtor is seeking to assume, Section 365(b)(1)(B) of the Bankruptcy Code requires the debtor to compensate, or provide adequate assurance that it will promptly

---

[3] Murray Capital Management is an entity that was acquired by Babson prior to the Trade Date, and is erroneously listed as the buyer. Neither Murray Capital Management nor Babson was a buyer in the Aveta Trade. The proper buyer counterparty to the Aveta Trade is GMAM. Babson is the investment manager to GMAM and executed the related trade confirmation as GMAM's agent.

compensate, the counterparty to the executory contract for any actual pecuniary loss to such party resulting from such defaults.  This requirement ensures that a counterparty to an assumed contract is put back in the same position that it would otherwise have been in, were it not for the bankruptcy and defaults by the debtor.  See Aetna Cas. & Sur. Co. v. Gamel, 45 B.R. 345, 348 (N.D.N.Y. 1984).

14. Beginning on and immediately following the Trade Date, Babson through its counsel made numerous requests through both telephone and email for the Debtor's drafts of the applicable documentation necessary for timely settlement of the Aveta Trade.  Despite Babson's repeated requests, the Debtors failed to use reasonable efforts to furnish such documents or to provide any alternatives for settlement.  More than four months have passed since the Trade Confirmation was executed by the parties, and to date no documentation relating to the trade has been provided by the Debtors to Babson, nor have they sought to negotiate the terms.  Further, the Debtors conduct to date is more consistent with an intent to reject the Trade Confirmation not to assume it.

15. If the Court rules that the Trade Confirmation (with the correct counterparty) is subject to assumption by the Debtors, then the Debtors must compensate Babson for actual pecuniary loss due to the Debtors' failure to timely settle the Aveta Trade in a reasonable period of time.  The Seller asserted that with respect to open trades where LCPI is the seller, that LCPI has no monetary cure.  In this case, the Buyer suffered an actual pecuniary loss due to the Debtors' pre-petition default.  In the time period from the July 28, 2008 Trade Date to today, the value of the Aveta note has dropped substantially. Had the Debtors fulfilled their contractual obligations under the Trade Confirmation and the Aveta Trade settled in a timely fashion, and had the Debtors responded to Babson's repeated inquiries, the loss of value in the note could have been avoided entirely, or mitigated through a sale or a hedge.  However, since the Debtors had the option to reject the Aveta Trade (and in fact initially communicated its intent to reject the trade), Babson could not sell the position because it was not assured of having a position to sell.  Accordingly, since Babson was unable to take any loss avoidance or mitigation steps due to the Debtor's breach, there has been an

actual loss from the date of execution of the Trade to date, as a result of such default, in an amount which Babson will document. This amount must be paid as the cost of cure, and reinstating Babson to the position it would have been in had the Debtors performed their obligations in a timely manner.

16. In their Motion, the Debtors fail to carry their burden of proof to demonstrate adequate assurance of future performance. The Motion only makes a passing reference to the Debtors' adequate assurance obligations by stating that there is no "monetary default" under the trade confirmations they seek to assume, and they request that the Court enter an order finding that no cure amounts are owed. Motion at ¶ 16. Further, there has been no showing, either specific or general, that the Debtors have either (i) the debt instruments they are to furnish under the Aveta Trade, (ii) the ability to negotiate normal and customary terms for the purchase, or (iii) the ability to stand behind any representations and warranties that are customary in transactions of this nature. The Debtors' past conduct gives Babson reasonable grounds for concern on this score, and should concern this Court as well. The Debtors have failed to meet the basic statutory prerequisites for assumption.

17. Moreover, in the event the Court permits assumption of the Trade Confirmation, the Buyer reserves all of its rights with respect to the negotiation and documentation of the final Transfer Documentation. The final Transfer Documentation will need to contain customary representations, warranties, indemnities and other obligations from the Seller. Due to their current highly insolvent state, and the fact that they are in a liquidation mode, it is doubtful the Debtors will be able to perform these obligations. Therefore, even if the Debtors are able to provide adequate assurance of future performance of the Trade Confirmation (namely, the ability to document the transfer in a timely manner and close on it), the Debtors have not (and likely cannot) provide adequate assurance of future performance of the representations and warranties that will be contained in the Transfer Documentation.

18. In light of the uncertainty surrounding the Debtors, it is reasonable for Babson to require that as a condition to assumption of the Aveta Trade, the final Transfer Documentation

provide, among other things, that the Debtors' obligations be guaranteed by a viable entity, and that the Trade Confirmation be amended to provide for a reasonable settlement date after which Babson has the unilateral right to terminate the Aveta Trade.   In addition, payment of appropriate damages for Babson's loss caused by the Debtors' breaches must be agreed by the parties or determined by this Court, and paid.

## **Conclusion**

For the reasons given above, and in the other Assumption Objections, Babson respectfully requests that this Court deny the Motion with respect to the Aveta Trade, and provide such other and further relief as may be necessary and appropriate.

Dated: New York, New York
       December 12, 2008

Lovells LLP
By: /s/ Robin E. Keller
Robin E. Keller, Esq. (7302)
590 Madison Avenue
New York, NY 10022
Telephone: 212-909-0600
Facsimile: 212-909-0660
(Robin.keller@lovells.com)

Attorney for Babson Capital
Management LLC