

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

December 15, 2008

David S. Elkind
212-841-0608
646-728-1504 fax
david.elkind@ropesgray.com

**BY HAND**

Honorable James M. Peck
United States Bankruptcy Judge
One Bowling Green, Courtroom 601
New York, New York 10004

Re:     In re *Lehman Brothers Holdings, Inc.*, Case No. 08-13555-JMP

Dear Judge Peck:

We are the attorneys for West Corporation ("West"), which filed with Your Honor an objection dated November 26, 2008 (the "Objection") to the motion of the Debtors, among other things, to establish procedures for the assumption and assignment of derivative contracts, including swaps (the "Motion"), scheduled to be heard tomorrow. We write because we believe that the proposed revised order (the "Revised Order") which the Debtors plan to submit to Your Honor retains provisions which are completely at odds with the rights of swap counterparties under sections 560 and 561 of the Bankruptcy Code (the "Code") and fails to resolve a number of critical objections to their motion.

While the Debtors' Revised Order properly drops their earlier request for authority to assume and assign open derivative contracts to assignees with lower credit ratings than those which the Debtors, themselves, had prior to their chapter 11 filings, the Revised Order, like the request in their initial Motion, persists in proposing that the contractual termination rights and the contractual set-off rights of swaps counterparties be limited, in violation of the plain language of sections 560 and 561 and the clear Congressional mandate.

As described in West's Objection filed with the Court, West is a party to a series of related agreements with the Debtors, including a credit agreement, under which the Debtors are in default, and two related interest rate swaps, under which the Debtors are likewise in default, intended to hedge the interest rate payments which West was obligated to make under the credit agreement. (Copies of West's swap agreements and credit agreement with the Debtors are annexed to West's Motion.)

3742807_1.DOC

ROPES & GRAY LLP

- 2 -                                                        December 15, 2008

A.     **The Debtors' Effort to Limit Swap Termination Rights**

Because the termination liabilities of parties to a swap (such as the interest rate swaps to which West was a party) can change based upon market changes such as rising or falling interest rates or credit conditions referred to in the swap, swap agreements, including those between West and the Debtors, give the non-defaulting party the essential right, following a default by the other party, to terminate the swap transaction at any time. The non-defaulting party is *not* required to terminate its swap within any fixed or specified period of time, but is instead permitted to wait as long as it deems appropriate to permit the market to recover so that its termination payments upon any such termination will be reduced and so that it will not be penalized by the Debtors' bankruptcy. This right of a counterparty to determine when to terminate its swap is an essential right of counterparties to a swap under the standard ISDA form and related swap agreements, copies of which we submitted with our Objection.

The Debtors' Revised Order, like their Motion, proposes to limit a non-defaulting counterparty's right to terminate its swaps following the Debtors' default by providing that the counterparty can no longer terminate its swaps following the Debtors' assignment of the swaps to another party. Under the Debtors' theory, a debtor could assign its swaps a week, a month, or at any other time after bankruptcy and cut off a non-defaulting party's right of termination by the act of assignment.

Sections 560 and 561 of the Bankruptcy Code expressly provide that a contractual right of termination in a swap agreement following a bankruptcy default by the other party may not be limited or abridged *in any way* by the provisions of the Bankruptcy Code or by any order of the Court. In terms that could not be more clear, section 560 states that the non-defaulting party's right of termination resulting from a bankruptcy default shall not be "stayed, avoided, <u>or otherwise limited</u>" by the Code <u>or by any order of the Court</u>. Section 560 states:

> The exercise of any contractual right of any swap participant or financial participant to cause the liquidation, termination, or acceleration of one or more swap agreements because of a condition of the kind specified in section 365(e)(1) of this title or to offset or net out any termination values or payment amounts arising under or in connection with the termination, liquidation, or acceleration of one or more swap agreements <u>shall not be stayed, avoided, or otherwise limited by operation of any provision of this title or by order of a court or administrative agency in any proceeding under this title</u>.

11 U.S.C. §560 (emphasis added). *See also* Section 561(a) which likewise bars a debtor or any order of a court from modifying a party's termination or set off rights.[1]

---

[1] Section 561(a) states:

ROPES & GRAY LLP

- 3 -                                                                                          December 15, 2008

No doubt, it would suit the Debtors' convenience to be able to cut off the rights of non-defaulting counterparties to terminate their agreements by assigning their contracts to third parties. But sections 560 and 561 make clear that the Debtors may not do so. Section 560 says that the contractual termination rights may not be "stayed, avoided, *or otherwise limited*" by the Code or an order of the Court, and yet that is precisely what the Debtors ask this Court to do. Nothing in sections 560 or 561 gives the debtor the right to "limit" the non-defaulting party's termination rights by assigning swaps, and nothing in the Code states that the non-defaulting party can be required to exercise its right of termination within a week, a month, or any other specified time of a Debtor's bankruptcy filing. As the language of sections 560 and 561, their legislative history, and the other authorities discussed in our Objection make clear, the Debtors' request that rights of swap participants to terminate their swaps be cut off at the time of an assignment must be denied.

B.  **The Debtors' Effort to Limit Counterparties' Set-Off Rights**

As was shown in our Objection, West's swap agreements with the Debtors were part of a series of transactions related to a Credit Agreement under which the Debtors are currently in default by reason of their refusal to fund revolving credit loans which they agreed to make. As is also set forth in West's Objection, West's swap agreements provided West with broad set-off rights, including provisions in one of the swaps which expressly gave West the right to set off any liability which it might have to the Debtors under the swaps against any liabilities of any of the Debtors or their affiliates to West under the swaps or under any other agreements or transactions. Under those agreements, the Debtors already have, and are likely to have, substantial liabilities to West which West is entitled to set off against any future liability which West might have under the swaps.

In the Revised Order, as in the Motion, the Debtors request that this Court direct that contractual set-off rights which a party may have against the Debtors be limited in that (i) no set-off for any such rights could be asserted against an assignee of the swaps, and (ii) set-off rights against the Debtors would be limited in amount to the proceeds received by the Debtors from a sale of the

---

(a) Subject to subsection (b), the exercise of any contractual right, because of a condition of the kind specified in section 365(e)(1), to cause the termination, liquidation, or acceleration of or to offset or net termination values, payment amounts, or other transfer obligations arising under or in connection with one or more (or the termination, liquidation, or acceleration of one or more) –
    (1) securities contracts, as defined in section 741(7);
    (2) commodity contracts, as defined in section 761(4);
    (3) forward contracts;
    (4) repurchase agreements;
    (5) swap agreements; or
    (6) master netting agreements,
shall not be stayed, avoided, or otherwise limited by operation of any provision of this title or by any order of a court or administrative agency in any proceeding under this title.

11 U.S.C. §561(a).

3742807_1.DOC

ROPES & GRAY LLP

- 4 -                                                                                                    December 15, 2008

party's swap. This request violates parties' contractual set-off rights, denies parties "adequate protection" of their rights under section 365 of the Code, and violates the provisions of sections 560 and 561 which bar the Debtors from limiting a party's set-off rights.

By limiting the set-off rights of non-defaulting parties against the Debtors to the amounts received by the Debtors in an assignment, and cutting off any set-off rights against assignees, the Debtors' request fails to protect and improperly limits the set-off rights of non-defaulting parties such as West. If West has now, or has in the future, a set-off claim which is greater in amount than the price for which the Debtors sell West's swaps, West would have no right to recover its full set-off amount under the Debtors' proposal because any recovery would limited to the present sales price of the swaps. The request that a party's set-off rights against the Debtors be limited to the sales price is plainly inadequate to protect the party because there can be no assurance that the selling price will exceed the amount of the set-off.

As set forth in West's Objection, sections 560 and 561 expressly provide that the set-off rights of a party to a swap may not be limited by the provisions of the Code or by an order of the Court. Section 560 states that a non-defaulting party's set-off rights "shall not be stayed, avoided, or otherwise limited by operation of any provision of [the Bankruptcy Code] or by order of a court or administrative agency in any proceeding under this title." 11 U.S.C. §560. Here, West has set-off rights against any future liabilities under the swaps which it would be entitled to assert upon any future termination of the swaps. The Debtors are not entitled to alter, truncate, or limit those set-off rights by assigning the swap agreements to another party.

For these and each of the additional reasons set forth in West's Objection to the Debtors' Motion, West submits that the Debtors' requests should be denied.

Respectfully yours,

David S. Elkind

DSE:mda

cc:     All parties

3742807_1.DOC