**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | 08-13555(JMP) |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,: | | (Jointly Administered) |
| **DEBTORS.** | : | Refers to Dkt. Nos. 1469 and 1498 |
| | : | |

------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**BETWEEN DEBTORS AND GUIDANCE ENHANCED GREEN TERRAIN FUND LLC**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This stipulation, agreement, and order ("Stipulation") is entered into by and between Guidance Enhanced Green Terrain Fund LLC ("Guidance"), and Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors").

RECITALS

A.      On September 15, 2008 (the "Petition Date"), LBHI and certain of its subsidiaries commenced voluntary cases under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 et seq. ("Bankruptcy Code").

B.      On October 3, 2008, Lehman Brothers Special Finance, Inc. ("LBSF"), commenced a voluntary case under Chapter 11 of the Bankruptcy Code.

C. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rules"); Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and on September 17, 2008 the United State Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to 1102 of the Bankruptcy Code.

D. On November 12, 2008 the Debtors filed the Debtors' Motion Pursuant To Sections 105(a) and 363 Of The Bankruptcy Code Authorizing The Debtors To Employ Natixis Capital Markets, Inc ("Natixis") as strategic advisor (Dkt. 1469)(the "Retention Motion").

E. On November 13, 2008 Debtors filed the Motion For Order Pursuant To Sections 105 and 365 Of The Bankruptcy Code To Establish Procedures For The Settlement or Assumption And Assignment of Prepetition Derivatives Contracts (Dkt. 1498) (the "Derivatives Procedures Motion").

F. Prior to the Petition Date Debtor LBSF and Natixis Financial Products Inc. ("Natixis FP"), an affiliate of Natixis, entered into a Total Return Swap Agreement dated as of May 30, 2008, the ("Natixis Swap") pursuant to a certain ISDA Master Agreement dated as of May 26, 1998, between Natixis FP and LBSF, which was guaranteed by LBHI ("Natixis Master Agreement").

G. Natixis FP has purported to terminate the Natixis Master Agreement and Natixis Swap upon the bankruptcy filing by LBHI.

2

H. Guidance asserts that pursuant to an Amended and Restated Security Agreement dated as of May 30, 2008 (the "Security Agreement") between Guidance ( as secured party) and LBSF (as pledgor), Guidance holds a perfected security interest in $21.5 million (plus costs and interest) of the proceeds of the Natixis Swap.

I. Debtors, Natixis FP and Natixis have not yet settled the payment obligations due Debtors pursuant to the Natixis Swap, or other pre-petition Derivative Contracts and agreements such as may have been entered between them and their respective affiliates.

J. Subsequent to the filing of the Derivative Procedures Motion and Retention Motion, Guidance and Debtors (the "Parties," and each a "Party") met and conferred in an effort to resolve consensually Guidance's objections to both the Retention Motion and Derivatives Procedures Motion, and the Debtors have agreed to the terms herein and Guidance has agreed not to file its objections.

K. The Debtors acknowledge that Natixis (including its affiliates) will be among the first large financial institutions with which they attempt a final settlement and reconciliation of derivative contracts.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AND ORDERED** by and between the Parties, through their respective undersigned counsel, that as adequate protection for the interests of Guidance under the Security Agreement as described above:

1. LBSF will segregate any funds it receives from Natixis FP or any of its affiliates on account of, or attributable on a net basis to, the Natixis Swap and hold such funds pursuant to the terms hereof until either LBSF and Guidance agree on the terms of release of such funds or the Court orders their release.

3

08-13555-mg    Doc 2218    Filed 12/15/08    Entered 12/15/08 12:54:52    Main Document
Pg 4 of 6

2. Subject to the reservation of the Debtors' rights in paragraph 5 hereof (including the right to challenge the security interest asserted by Guidance in the proceeds of the Natixis Swap), any funds received and/or held by the Debtors pursuant to paragraph 1 hereof will be subject to the alleged security interest of Guidance to the same priority and extent as existed in the Natixis Swap and Natixis Master Agreement.

3. LBSF will use reasonable efforts to make it a priority to seek collection of amounts Natixis FP agrees are due in respect of the Natixis Swap, subject to a reservation of rights by LBSF (i) to pursue Natixis FP or any of its affiliates for any other amounts that LBSF believes are due in respect of the Natixis Swap and (ii) to dispute that any such amounts are due to Guidance; provided, however, that nothing herein shall be deemed to require LBSF to file any motion or adversary proceeding or commence any other action to collect any amounts from Natixis FP or any of its affiliates.

4. Upon receipt of any funds from Natixis FP or any of its affiliates in respect of the Natixis Swap, Debtors will provide Guidance with notice of the receipt of such funds, including the amounts thereof.

5. Debtors will provide Guidance with not less than fifteen (15) business days notice of any proposed final settlement with Natixis FP or any of its affiliates which pertains to amounts payable under the Natixis Swap and Natixis Master Agreement, together with a copy of all supporting documentation provided to and/or agreed upon by the Debtors, (other than any such documentation that the Debtors are not contractually permitted to deliver to Guidance, and subject to Guidance's right to contest the applicability of such restrictions). Any objection by Guidance will be due so as to be received by Debtors ten (10) business days after completion of delivery of the notice, and if such objections cannot be resolved consensually, the Parties agree that they will consent to the scheduling of a hearing on the proposed settlement as soon thereafter

4

as practicable.  The Parties respectively reserve all of their rights in respect of the Security Agreement, Natixis Swap, and any related agreements or documents, including all rights to make any claims and to assert all defenses available at law or equity with regard to any dispute concerning any rights to and interests in the proceeds of the Natixis Swap. Notwithstanding the foregoing, the Debtors shall not enter into any agreement that waives, directly modifies, or releases any rights or claims of Guidance without Guidance's prior consent.   The Debtors agree that they will not after the date hereof enter into any agreements with Natixis FP or any of its affiliates that would prohibit the Debtors from providing Guidance with the documents referenced in the first sentence of this paragraph.

6.   Nothing herein shall be deemed to modify or otherwise affect any contractual or legal rights that Guidance may have to seek collection of amounts due from Natixis FP or any of its affiliates in respect of the Natixis Swap.

7.   This Stipulation contains the entire agreement between the Parties relating to the subject matter thereof.

8.   This Stipulation can only be amended or otherwise modified by a signed writing executed by the Parties.

9.   The person who executed the Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

10.   This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties here to be charged.This Stipulation and the terms and conditions contained herein are subject to the approval of the Court and shall be of no force and effect unless and until approved

by the Court.

Dated: December ___, 2008
       New York, New York

| REED SMITH LLP | WEIL, GOTSHAL & MANGES LLP |
|---|---|
| By: /s/ J. Andrew Rahl | By: /s/ Lori Fife |
| J. Andrew Rahl, Jr. Esq. | Lori Fife, Esq. |
| Andrea Pincus, Esq. | Robert Lemons, Esq. |
| 599 Lexington Avenue | 767 Fifth Avenue |
| New York, New York 10022 | New York, New York 10153 |
| Tel: 212-521-5400 | Tel: 212-310-8000 |
| Fax: 212-521-5450 | Fax: 212-310-8007 |
| *Attorneys for Guidance Enhanced Green Terrain Fund LLC* | *Attorneys for the Debtors and Debtors in Possession* |

SO ORDERED this 15th day of December, 2008

   *s/ James M. Peck*
HONORABLE JAMES PECK
UNITED STATES BANKRUPTCY JUDGE