WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
:
------------------------------------------------------------------x

**NOTICE OF DEBTORS' SECOND MOTION FOR AN ORDER PURSUANT TO**
**SECTION 365 OF THE BANKRUPTCY CODE APPROVING THE**
<u>**ASSUMPTION OF OPEN TRADE CONFIRMATIONS**</u>

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtor, Lehman Commercial Paper Inc. ("<u>LCPI</u>," and together with LBHI, the "<u>Debtors</u>"), for entry of an order approving the assumption of open trade confirmations, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "<u>Bankruptcy Court</u>"), on **January 14, 2009 at 10:00 a.m. (Prevailing Eastern Time)** (the "<u>Hearing</u>").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be received no later than **January 9, 2009 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 15, 2008
      New York, New York

    /s/  Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                                 :
In re                                            :   Chapter 11 Case No.
                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,           :   08-13555 (JMP)
                                                 :
                        Debtor.                  :
                                                 :
-----------------------------------------------------------------x
```

**DEBTORS' SECOND MOTION FOR AN ORDER PURSUANT TO
SECTION 365 OF THE BANKRUPTCY CODE APPROVING THE
ASSUMPTION OF OPEN TRADE CONFIRMATIONS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors" and, collectively with their debtor and non-debtor affiliates, "Lehman"), file this Motion and respectfully represent:

**Background**

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries, including LCPI, commenced with this Court voluntary cases under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

**Jurisdiction**

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Lehman's Business**

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

6. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to their chapter 11 filings is contained in the

Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Preliminary Statement**

7. Prior to the Commencement Date, the Debtors were active in the secondary loan market. In this capacity, the Debtors purchased and sold both par and distressed commercial loans. The Debtors' prepetition trades were reflected in various oral and written trade confirmations (the "Trade Confirmations"). As of the Commencement Date, the Debtors had entered into, but had not yet consummated and settled, hundreds of Trades Confirmations, many of which remain pending (the "Open Trade Confirmations").

8. The Open Trade Confirmations are executory contracts subject to assumption or rejection under section 365 of the Bankruptcy Code.

9. On November 14, 2008, the Debtors filed a Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 1541] (the "First Open Trades Motion"), pursuant to which the Debtors sought the Court's approval of assumption or rejection by the Debtors of the vast majority of Open Trade Confirmations. Numerous objections were filed to the First Open Trades Motion. The hearing on the Debtors' First Open Trades Motion has been adjourned to December 16, 2008, and, for many parties who have objected thereto, will be further adjourned to December 22, 2008 or January 14, 2009.

10. The First Open Trades Motion did not include certain Open Trade Confirmations (the "Second Group of Trades") because the Debtors needed more time to

evaluate such trades. Pursuant to this Motion, the Debtors seek approval of the assumption of certain of the Second Group of Trades.

## Relief Requested

11. The Debtors respectfully request, pursuant to section 365(a) of the Bankruptcy Code, Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), an order approving the assumption of the Open Trade Confirmations set forth on Exhibit A annexed hereto (the "Assumed Trades").

12. The Debtors intend that settlement of all Open Trade Confirmations will include all appropriate, usual and customary settlement adjustments. Neither of the Debtors is in monetary default under any Assumed Trade. The Debtors thus seek entry of an order finding that there are no cure amounts owed with respect to any Assumed Trade and that the Debtors have provided all Counterparties to such trades with adequate assurance of future performance.

13. In addition, the Debtors seek entry of an order providing that no Counterparty shall be entitled to assert or take any act to exercise a right to set off any prepetition claim that it might have against either Debtor against any obligation to the Debtors under any Assumed Trade.

## The Relief Requested is in the Best Interests of the Debtors and their Estates and Creditors

14. Section 365(a) of the Bankruptcy Code empowers a debtor in possession, "subject to the court's approval, [to] assume or reject any executory contracts or unexpired leases of the debtor." 11 U.S.C. § 365(a). In determining whether to approve

the assumption or rejection of executory contracts and leases of the debtor, courts apply the "business judgment" standard. *See Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993). "More exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985).

15. The Debtors believe the relief requested herein reflects a sound exercise of business judgment because the proposed assumption of the Assumed Trades will maximize the recovery to be realized on behalf of the Debtors' estates.

16. Specifically, most of the Assumed Trades are transactions in which the applicable Debtor was a seller. Because most of the Assumed Trades were entered into during the period from April through mid-September, 2008, the terms provided in such trade confirmations are more favorable than what would be available in today's market. Thus, the Debtors will realize a greater recovery as a result of assumption of the Assumed Trades than they would through sale of such loan positions on the open market, based on current market prices. Accordingly, the Debtors' proposed assumption of the Assumed Trades reflects an exercise of sound business judgment.

17. Based upon the foregoing, the Debtors submit that the proposed assumption of the Assumed Trades should be approved as being in the best interests of the Debtors and their estates, their creditors and all parties in interest.

## Setoff By Counterparties of Prepetition Claims Against Their Obligations Under Assumed Trades is Impermissible

18. In making a determination to assume certain Open Trade Confirmations, the Debtors are expecting and requiring Counterparties who are obligated on sell trades to pay the purchase price provided for therein in cash, upon settlement of the respective trades. The Debtors anticipate, however, that one or more Counterparties may seek to assert setoff rights upon settlement of the Assumed Trades. Indeed, several parties that objected to the First Open Trades Motion asserted such rights. If such setoff were permitted, the Debtors would lose a substantial portion of the benefit to be derived from assumption of the Assumed Trades.

19. Section 553 of the Bankruptcy Code provides, in pertinent part:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . . .

20. It is well-established that in order for a setoff to be permissible, there must be mutuality of obligations. *See* 11 U.S.C. § 553; *In re Shoppers Paradise, Inc.*, 8 B.R. 271, 277 (Bankr. S.D.N.Y. 1980). Thus, although prepetition obligations may be set off against prepetition obligations and postpetition obligations against postpetition obligations, "[t]raditionally, there has been no crossover of claims because the debtor and the debtor-in-possession are two separate and distinct entities which act in different capacities pre-and post-petition." *In re Genuity*, 323 B.R. 79, 82 (Bankr. S.D.N.Y. 2005) (citing *Shopmen's Local 455 v. Kevin Steel Products, Inc.*, 519 F.2d 698, 704 (2d Cir. 1975)); *Shoppers Paradise, Inc.*, 8 B.R. at 279.

21. The burden lies with the party seeking setoff to prove its right to do so and, thus, to establish the requisite mutuality. *See Official Comm. of Unsecured Creditors v. Mfrs. and Traders Trust Co. (In re the Bennett Funding Group, Inc.*), 212 B.R. 206, 212 (B.A.P. 2d Cir. 1997), *aff'd*, 146 F.3d 136 (2d. Cir. 1998). Moreover, mutuality is strictly construed against the party seeking the right of setoff. *See Bennett Funding,* 212 B.R. at 212 ("A narrow interpretation of mutuality ensures that setoff is allowed only in situations in which the equitable considerations are the strongest.") (quoting with approval *In re Ionosphere Clubs*, *Inc.*164 B.R. 839, 843 (Bankr. S.D.N.Y. 1994).

22. The effect of assumption of the Assumed Trades under section 365(a) of the Bankruptcy Code is to require the Counterparty to perform its obligations on a *postpetition* basis. A corollary to that principle is that any failure by the Debtors to comply with their obligations under an Assumed Trade will be treated as postpetition administrative obligations of the Debtors' estates. *See, e.g.*, *Nat'l Labor Relations Bd. v. Bildisco and Bildisco*, 465 U.S. 513 (1984) ("Should the debtor-in-posession elect to assume the executory contract, however, it assumes the contract *cum onere*, and the expenses and liabilities incurred may be treated as administrative expenses, which are afforded the highest priority on the debtor's estate.") (citations omitted). Thus, any purported exercise of a right of setoff would presumably entail the setoff of a prepetition unsecured claim owed by the Debtor, against a postpetition claim owed by the Counterparty to the debtor in possession (the purchase price under the Assumed Trade).

23. Consistent with the foregoing, several courts have found that it is impermissible under section 553 to set off prepetition claims against obligations under

assumed contracts. *See, e.g.*, *In re Evatt*, 112 B.R. 405, 415 (Bankr. W.D. Okl. 1989); *In re Walat Farms Inc.*, 69 B.R. 529, 534 (Bankr. E.D. Mich. 1987). *See also* 4 NORTON BANKR. L. & PRAC. 3d § 73:4 (2008) ("[T]he timely postpetition rejection of an executory contract creates a prepetition claim subject to setoff by the operation of the "relation-back" rule of Code § 502(g). By contrast, the assumption of a contract postpetition may give rise to a postpetition obligation that is no longer a mutual debt with a prepetition obligation."). *But see In re Gerth*, 991 F.2d 1428, 1432 (8th Cir. 1993) (finding that government could offset its prepetition claim against its obligation to pay the debtor under an assumed contract); *In re Buckner*, 218 B.B. 137, 145–49 (B.A.P. 10th Cir. 1998) (government's obligation to make postpetition Conservation Recovery Program payments was a prepetition debt); *In re Bousa*, 2006 WL 2864964 at *5 (Bankr. S.D.N.Y. 2006) (finding that the contingent nature of the government's liability to the debtor did not render it ineligible for setoff against its prepetition claim though such liability was not fixed until the conclusion of a postpetition lawsuit).

24. While courts within the United States Court of Appeals for the Second Circuit have considered related issues, *see, e.g., In re Genuity*, 323 B.R. 79 (Bankr. S.D.N.Y. 2005), this appears to be a case of first impression in this Court. The Debtors submit that the rule adopted by the *Evatt* and *Walat Farms* courts is the better view, and one that reflects due regard for the fundamental distinction between a prepetition unsecured claim and a postpetition administrative obligation.

25. The decision in *In re Genuity*, *supra*, is instructive. In *Genuity*, the debtors argued that prepetition deposits held by counterparties as security deposits for the debtors' obligations should be applied to reduce the amount that the debtors were

required to pay as cure costs under assumed contracts. 323 B.R. at 82. In roundly rejecting the debtors' argument, the Court noted the effect of assumption of the executory contracts, finding that "[t]he Debtors' post-petition assumption of their executory contracts transformed the pre-petition claims of the [counterparties] once not cured into new claims arising post-petition." *Id*. (citations omitted) Notably, the Court went on to find:

> [T]he court has found that none of the cases it has reviewed . . . addresses what this court deems a crucial factor in denying the pre/post-petition crossover of claims which the Debtors propose: that is that pre-petition dollars and post-petition dollars are considered differently under the Code. Under their plans of reorganization, debtors routinely pay fractional dividends, percentages on the dollar, to their pre-petition unsecured creditors. Post-petition administrative expenses are paid in full, 100¢ on the dollar. *It is not fair, nor is it equitable, to allow the satisfaction of post-petition obligations with fractional dollars, rather than whole ones.*

*Id*.

26. While the facts in the instant case are different than in G*enuity*, in that here the Debtors seek to preclude setoff, the principles are the same -- if the Counterparties were permitted to assert a right of setoff, the Counterparties would effectively be granted administrative expense treatment for their prepetition unsecured claims. In most instances, priority treatment runs counter to the policies of the Bankruptcy Code and should not be permitted here.

27. The narrow construction of section 553 is also consistent with the observation of the United States Court of Appeals for the First Circuit in *In re Public Service of New Hampshire*, 884 F.2d 11 (1st Cir. 1989) in which the Court observed:

> As Congress recognized, setoffs work against both the goal of orderly reorganization and the fairness principle because they preserve serendipitous advantages accruing to creditors who happen to hold mutual

> obligations, thus disfavoring other equally-deserving creditors and interrupting the debtor's cash flow.

*Id.* at 13 (citing H.R. Rep. No. 595, 95th Cong., 2d Sess. 183).

28. Even if Counterparties were able to demonstrate that the literal requirements for setoff have been satisfied, the Debtors request that such setoff be precluded on equitable grounds. As the Bankruptcy Appellate Panel for the Second Circuit noted in *Bennett Funding*:

> Once the technical requirements of setoff are satisfied, "the bankruptcy judge must scrutinize the right of setoff in light of the Bankruptcy Code's goals and objectives. These goals include . . . equitable treatment of all creditors." In addition, the right of setoff is within the bankruptcy court's discretion, and it may "invoke equity to bend the rules," if required, to avert injustice.

206 B.R. at 212 (citations omitted). Here, setoff should not be permitted where it would allow parties with prepetition unsecured claims to receive, in effect, payment in full of such claims, irrespective of the distributions that may ultimately be made to other unsecured creditors.

29. Inasmuch as the requisite mutuality of the proposed setoff is lacking, and for equitable reasons, the Debtors seek entry of an order providing that no Counterparty shall be entitled to assert or take any act to exercise a right to set off any prepetition claim of such Counterparty against any obligation to the Debtors under any Assumed Trade.

30. In the event that the Court determines that such setoff is permissible, however, the Debtors reserve their rights to review Exhibit A and, to the extent they deem appropriate, to make revisions thereto, including to elect to reject some of such Open Trade Confirmations.

**Reservation of Rights**

31.     To the extent that parties to Assumed Trades indicate that they are prepared to make modifications to their Open Trade Confirmations, the Debtors reserve the right to remove such Open Trade Confirmations from Exhibit A prior to the date of the hearing with respect to this Motion, and to seek assumption of such Open Trade Confirmations as amended.

**Notice**

32.     No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; and (v) all Counterparties. The Debtors submit that no other or further notice need be provided.

33. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: December 15, 2008
      New York, New York

    /s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**EXHIBIT A**

| Entity | Deal Name | Customer | B/S | TradeDate | CurrCode | Status |
|---|---|---|---|---|---|---|
| LCPI | ARINC INCORPORATED | FUSION FUNDING LIMITED | S | 8/7/2008 | USD | Assumed |
| LCPI | ARVINMERTIOR, INC. | FUSION FUNDING LIMITED | S | 8/7/2008 | USD | Assumed |
| LCPI | BERRY PLASTICS A&R ABL | FUSION FUNDING LIMITED | S | 8/7/2008 | USD | Assumed |
| LCPI | METAVANTE CORPORATION | FUSION FUNDING LIMITED | S | 8/7/2008 | USD | Assumed |
| LCPI | RENT-A-CENTER, INC. 2ND A&R 7-13-.06 | FUSION FUNDING LIMITED | S | 8/7/2008 | USD | Assumed |
| LCPI | TXU ENERGY (10/10/07) CITI (B-1) | FUSION FUNDING LIMITED | S | 7/29/2008 | USD | Assumed |
| LCPI | LLONDELLBASELL INDUSTRIES, CITI - 12/20/207 | FUSION FUNDING LIMITED | S | 8/7/2008 | USD | Assumed |
| LCPI | CAPMARK FINANCIAL (5-YEAR JAPANESE TERM) | KNIGHTHEAD MASTER FUND, LP | S | 9/3/2008 | USD | Assumed |
| LCPI | CAPMARK FINANCIAL (5-YEAR JAPANESE TERM) | KNIGHTHEAD MASTER FUND, LP | S | 9/10/2008 | USD | Assumed |
| LCPIUK | GIVAUDAN SA | DRESDNER BANK AG LONDON BRANCH | S | 9/4/2008 | USD | Assumed |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                    :
In re                                               :   Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :   08-13555 (JMP)
                                                    :
                    Debtors.                        :   (Jointly Administered)
                                                    :
                                                    :
-----------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION OF OPEN TRADE CONFIRMATIONS

Upon the motion, dated December 15, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors"), pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") for entry of an order approving the Debtors' assumption of the Assumed Trades[1] all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; and (vii) all Counterparties; and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED, pursuant to section 365(a) of the Bankruptcy Code, that the Debtors' assumption of the Assumed Trades set forth on Exhibit A annexed hereto is hereby approved; and it is further

ORDERED that the Debtors are not required to pay any cure costs to any Counterparty to an Assumed Trade; and it is further

ORDERED that the Debtors have demonstrated adequate assurance of future performance of the Assumed Trades; and it is further

ORDERED that no Counterparty shall be entitled to assert or take any action to exercise a right to set off any prepetition claim that it might have against either Debtor against any obligation payable to the applicable Debtor under any Assumed Trade; and it is further

ORDERED that settlement of all Assumed Trades shall include all appropriate, usual, and customary settlement adjustments; and it is further

ORDERED that the Debtors are authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the assumption, rejection or modification of Open Trade Confirmations as provided in this Order; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and that the requirements of Bankruptcy Rule 6006(a) and Local Rule 6006-1 are satisfied; and it is further

ORDERED that this Court retains jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: January  , 2008
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE