Thomas I. Sheridan, III
HANLY CONROY BIERSTEIN SHERIDAN
FISHER & HAYES LLP
112 Madison Avenue
New York, NY 10016
212-784-6404
tsheridan@hanlyconroy.com

    and

Robert W. Phillips
SIMMONSCOOPER LLC
707 Berkshire Boulevard
East Alton, IL 62024
618-259-2222
rphillips@simmonscooper.com

*Attorneys for Objector Benjamin M. Gamoran*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** <br><br> **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, <br><br> **Debtors.** | Chapter 11 Case No. 08-13555 (JMP) <br> (Jointly Administered) |

**LIMITED OBJECTION OF BENJAMIN M. GAMORAN**
**TO DEBTORS' MOTION TO APPROVE**
**THE SALE OF CERTAIN ASSETS**
**[Relates to Docket No. 694]**

**TO: THE HONORABLE JAMES M. PECK, UNITED STATES BANKRUPTCY JUDGE:**

        Objector, Benjamin M. Gamoran ("Objector"), hereby submits this limited

objection to the relief requested by Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated

debtors in the above referenced chapter 11 cases (together, the "Debtors" and, collectively with

their non-debtor affiliates, "Lehman") for the approval of the sale of certain assets and for other

relief as requested by the Debtors' Motion To (A) Establish Sales Procedures; (B) Approve A Seller Termination Fee And A Reimbursement Amount; And (C) Approve The Sale Of The Purchased Assets And The Assumption And Assignment Of Contracts Relating To The Purchased Assets (the "Sale Motion"), and respectfully represents:

## INTRODUCTION

1. In the Sale Motion, the Debtors, along with certain related non-debtor entities, seek this Court's authority to sell certain equity interests and assets related to what Debtors call Lehman Brothers' "investment banking and investment management division" ("IMD"), which includes Neuberger Berman Management LLC ("NBM") and Neuberger Berman, LLC ("NB").

2. Objector is the plaintiff in a civil racketeering action filed on December 12, 2008, in the United States District Court for the Southern District of New York (the "RICO Action") against various defendants (the "Defendants"), including but not limited to NBM and NB. *Gamoran v. Neuberger Berman Management LLC*, 08 Civ. 10807 (S.D.N.Y.).

3. As more fully set forth in Objector's verified complaint filed in the district court, the RICO Action arises from wrongful acts committed by the Defendants when they unlawfully invested money entrusted to them by the Objector and other mutual fund investors in illegal gambling businesses. These unlawful investments suffered significant losses when the government began arresting principals of the gambling businesses during a law enforcement crackdown beginning in 2006. That, in turn, resulted in injury to mutual fund investors like Objector.

4. In the RICO Action, Objector asserts claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 ("RICO"), as well as common law claims for breach of fiduciary duty, negligence and waste.

5. The Court should deny approval of the Sale Motion to the extent that approval may be sought for any transaction that would prejudice in any way the rights of Objector (and the mutual fund and mutual fund investors he represents) against NBM and NB.

## PROCEDURAL BACKGROUND

6. On September 15, 2008 (the "Petition Date"), the Debtors commenced these bankruptcy proceedings by filing voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

7. On October 3, 2008, LBHI and certain of its non-debtor subsidiaries entered into an Amended and Restated Purchase Agreement by and between IMD Parent LLC, Lehman Brothers Holding, Inc. and Other Sellers Named Herein dated as of October 3, 2008 (the "IMD Asset Purchase Agreement") for the sale of certain assets (the "IMD Sale") to IMD Parent LLC ("Buyer").

8. On December 9, 2008, Debtors filed a Notice of Filing of Successful Bid in Connection With Sale of Lehman Brothers Inc.'s Investment Management Division. Attached as Exhibit A to that notice is a redacted copy of a Unit Purchase Agreement, dated December 1, 2008 (the "UPA") between LBHI and NBSH Acquisition, LLC ("Acquisition"). It appears that Debtors intend to seek this Court's approval of this new transaction pursuant to the Sale Motion.

9. Under the terms of the UPA, the IMD will be acquired by Acquisition, and LBHI will receive a combination of preferred and common units but no material cash consideration.

## THE RICO ACTION

10. As set forth in greater detail in the complaint in the RICO Action, Objector is a shareholder in Neuberger Berman Equity Funds, which is named as a nominal defendant in the RICO Action (the "Nominal Defendant"). Defendants, each of whom is a person or entity employed

by or associated with the Nominal Defendant, conducted the affairs of the Nominal Defendant through a pattern of racketeering. Specifically, each of the Defendants knowingly developed and implemented (or conspired to develop and implement) an investment strategy pursuant to which the Nominal Defendant was caused to purchase shares in "illegal gambling businesses" as that term is used in 18 U.S.C. § 1955, which makes it a felony to finance or to own all or part of an illegal gambling business. By causing the Nominal Defendant to purchase stock in illegal gambling businesses, Defendants caused the Nominal Defendant to finance and to become a part owner of illegal gambling businesses and thereby to violate 18 U.S.C. § 1955.

11. A violation of 18 U.S.C. § 1955 is a predicate crime under RICO. 18 U.S.C. § 1961(1)(B). Thus, by causing the Nominal Defendant to purchase stock of illegal gambling businesses repeatedly and over a significant period of time, Defendants conducted the affairs of the Nominal Defendant through a pattern of racketeering in violation of 18 U.S.C. § 1962(c).

12. Nominal Defendant is a statutory trust organized under the laws of the State of Delaware. It offers approximately twenty-five different "series" of shares representing nineteen different mutual funds, one of which is known as Neuberger Berman International Fund (the "Fund"). The series of shares purchased and owned by Objector is the series for the Fund. NBM is an investment management company. NBM serves as investment advisor to the Nominal Defendant. NB serves as the sub-advisor to the Nominal Defendant.

13. The other Defendants in the RICO Action were managers or trustees of the Nominal Defendant at the time the illegal investments were made and at other relevant times.

14. In his prayer for relief in the Complaint, Objector seeks the following relief:

        a.      Compensatory damages for the Nominal Defendant representing the reduction in value of its investments resulting from Defendants' wrongful conduct in an amount estimated to be $30 million;

        b.      Compensatory damages for individual shareholders representing the reduction in value of their investments resulting from Defendants' wrongful conduct in an amount estimated to be $30 million;

        c.      Forfeiture and disgorgement of any commissions, fees or profits received by Defendants from the time of their first wrongful conduct in an amount estimated to be $9 million;

        d.      Treble damages;

        e.      Punitive damages;

        f.      Pre-judgment and post-judgment interest; and

        g.      Plaintiff's attorney's fees, expert witness fees, and costs and disbursements of suit in an amount likely to exceed one-third of the amount recovered for the Objector and those he represents, including the Nominal Defendant.

15.      If Objector succeeds in the RICO Action, NBM and NB will be held jointly and severally liable for damages, treble damages, punitive damages, and expenses, including attorney's fees, in an amount likely to exceed $100 million, exclusive of interest, costs and attorney's fees.

## LIMITED OBJECTION TO SALE MOTION

16.      Under the terms of the sale that Debtors apparently intend to ask this Court to approve, all of the outstanding equity interests of each of NBM and NB would be sold, transferred

and assigned to Acquisition, and Acquisition would assume all liabilities of NBM and NB, including the liabilities asserted in the RICO Action.

17. However, under the UPA, the definition of "Excluded Liabilities" contains several "reserved" provisions, including sub-sections (b), (f), (h), (n) and (o) (referring to Schedule 1.1(h), which is itself "reserved"). Also, the terms of the proposed sale have changed significantly since the Sale Motion. Thus, it is possible that, at some time prior to the closing, the terms of the proposed transaction might be changed in such a way as to prejudice the rights of Objector with respect to the claims asserted in the RICO Action

18. Accordingly, while Objector has no objection to the sale and transfer of LBHI's equity interest in NBM and NB to Acquisition, Objector hereby submits this limited objection to the approval by this Court of any modified transaction that in any way prejudices the rights of Objector with respect to the claims asserted against NBM and NB in the RICO Action.

## CONCLUSION

WHEREFORE, for the reasons stated above, Objector asks this Court to enter an order

a. sustaining his Limited Objection;

b. denying the Sale Motion to the extent that approval may be sought for a transaction that in any way prejudices the rights of Objector with respect to the claims asserted against NBM and NB and;

c. granting such other and further relief as this Court deems proper, both at law and in equity.

Dated: December 16, 2008

/S/ Thomas I. Sheridan, III
Thomas I. Sheridan, III
HANLY CONROY BIERSTEIN SHERIDAN
FISHER & HAYES LLP

        112 Madison Avenue
New York, NY 10016
212-784-6404
tsheridan@hanlyconroy.com

        and
Robert W. Phillips
SIMMONSCOOPER LLC
707 Berkshire Boulevard
East Alton, IL 62024
618-259-2222
rphillips@simmonscooper.com

*Attorney for Objector Benjamin M. Gamoran*

TO:

Chambers of the Honorable James M. Peck
One Bowling Green
Courtroom 601
New York, New York 10004

Weil Gotshal & Manges, LLP
767 Fifth Avenue
New York, New York 10153
(Attn: Lori R. Fife, Esq., and Garrett A. Fail, Esq.)

*Attorneys for Debtors*

Office of the United States Trustee
for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York 10004
(Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian
Masumoto, Linda Riffkin, and Tracy Hope Davis)

Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
(Attn: Abhilash M. Raval, Esq., and Evan Fleck, Esq.)

*Attorneys for the official committee of unsecured
creditors appointed in these cases*

Hughes Hubbard & Reed LLP
One Battery Park Plaza

New York, NY 10004
(Attn: James B. Kobak, David Wiltenburg,
and Jeff Margolin)

*Attorneys for James Giddens as SIPA Trustee
for Lehman Brothers Inc.*

Ropes & Gray, LLP
1211 Avenue of the Americas
New York, NY 10036
(Attn: Mark I. Bane, Esq. and Steven T. Hoort, Esq.)

and

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza,
New York, NY 10006
(Attn: James L. Bromley, Esq. and Sean A. O'Neal, Esq.)

*Attorneys for the Purchaser*