| | |
|---|---|
| DAY PITNEY LLP<br>Amish R. Doshi (AD5996)<br>7 Times Square<br>New York, New York 10036-7311<br>Telephone:   (212) 297-5800<br>Facsimile:    (212) 916-2940<br>Email:         adoshi@daypitney.com | Hearing Date:         December 22, 2008<br>Hearing Time:        10:00 a.m.<br>Objection Deadline:  December 17, 2008 |

*Attorneys for Oracle USA, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**LEHMAN BROTHERS HOLDINGS INC., et. al.,**<br><br>                              Debtors. | Chapter 11<br><br>Case No.  08-13555 (JMP)<br><br>(Jointly Administered) |

**RESERVATION OF RIGHTS OF ORACLE USA, INC.**
**REGARDING THE SALE OF LEHMAN BROTHERS INC.'S**
**INVESTMENT MANAGEMENT DIVISION**
**("RESERVATION OF RIGHTS")**

Oracle USA, Inc., successor-in-interest to Oracle Corporation ("Oracle"), by and through its undersigned counsel, submits this Reservation of Rights in connection with Lehman Brothers Holdings, Inc.'s ("Debtors") Sale of its Investment Management Division ("Sale Motion") and in support thereof submits as follows:

**I.      INTRODUCTION**

1.     In connection with the Sale Motion, on or about October 22, 2008, an Order was entered (a) Approving the Bidding Procedures, (b) Approving the Seller Termination Fee and the Reimbursement Amount, (c) Approving the Form and Manner of Sale Notice and (d) Setting the Auction and Sale Hearing Date in Connection with the Sale of Certain Debtor Assets ("Bid Procedures Order").

2.     An auction was held on December 3, 2008 and the successful bidder was NBSH Acquisition, LLC ("NBSH").

3. Pursuant to the Bid Procedures Order, if the successful bidder proved to be an entity other than IMD Parent LLC, the initial "stalking horse" identified, as now is the case based on the Debtors' Notice of Filing of Successful Bid In Connection With Sale of Lehman Brothers Inc.'s Investment Management Division ("Bid Notice"), the Debtors committed to sending out an Assumption, Assignment and Cure Notice ("Cure Notice") to each non-Debtor party to a Purchased Contract as soon as practical after the Auction.

4. Pursuant to the Unit Purchase Agreement entered into between NBSH and the Debtors, a Purchased Contract is broadly defined as "all Contracts of LBHI and its Subsidiaries primarily related to the conduct of Business".

5. Furthermore, in the Bid Notice filed and served on or about December 9, 2008, identifying NBSH as the successful bidder ("defined therein as Company"), executory contract parties were notified via the Unit Purchase Agreement attached thereto ("UPA"), that among the items "to be contributed" at Closing by LBHI and its Subsidiaries are, potentially, certain Intellectual Property rights.

6. Section 2.5 of the UPA, at subsection (e) provides:

> "If, pursuant to the Contribution, the Company (i.e. the Purchaser, NBSH) acquires Intellectual Property Rights used or exploited by LBHI or any of its current or former Subsidiaries outside of the scope of the Business in the ordinary course of LBHI or any of its Subsidiaries' operations, the Company shall and hereby does grant to LBHI and its current Subsidiaries, the perpetual, irrevocable, fully paid up, royalty free, worldwide, non-exclusive right and license to use or exploit such Non-exclusive Intellectual Property Rights outside the field of the Business in the manner in which such Non-exclusive Intellectual Property Rights were used or exploited prior to the Closing Date. The license granted pursuant to this Section 2.5(e) shall be assignable and sublicensable by LBHI or any of its Subsidiaries, as applicable, in whole or in part; provided, however, that it may only be assigned or sublicensed to a Person who is engaged in (or owns or controls a Person who is engaged in) those aspects of the business in which the relevant Non-xclusive Intellectual Property Rights were used prior to Closing Date, or a portion thereof."

7. Similarly, subsections (c) and (d) of Section 2.5 contemplate various other Intellectual Property rights will transfer, all of which appear to be contingent on decisions not yet communicated to the executory contract counter parties.

8. Accordingly, Oracle reserves all of its rights to object to same until the anticipated treatment of its numerous Intellectual Property licenses and related contracts with LBHI and its affiliates, subsidiaries, or other affected parties, are identified with specificity.

9. Based on a review of the docket, the Debtors have yet to file the promised Cure Notice. Therefore, no information with respect to the specific contracts slated for assumption and assignment to NBSH yet has been provided.

10. However, given the pending sale objection deadline of December 17, 2008, the broad definition of a Purchased Contract, as set forth in the Unit Purchase Agreement, and the general complexity of this case, Oracle files this Reservation of Rights to preserve its rights in the event the Debtors are intending to attempt to assume and assign any Oracle contracts to NBSH via the sale by LBHI and certain of its affiliates of the assets "owned, held, or used primarily in connection with the Sellers' investment management business ("IMD"). *See* Bid Notice.

11. Specifically, Oracle reserves its rights to: (a) file a supplemental pleading setting forth its objection to the assumption and assignment of Oracle's contracts, should any be identified; (b) object to the accuracy of any associated cure amount; (c) object to the accuracy of the description of the contracts; and (d) object to the adequate assurance of future performance of the NBSH.

12. Furthermore, it should be noted that, in the event the Debtors eventually elect to assume and assign any Oracle contract to NBSH, certain of the contracts currently used by the IMD may not be assignable.

13. If assignment is an option under any contemplated Oracle contracts, these contracts may not be assumed or assigned without Oracle's consent.

14. Finally, it is critical that the Debtors clearly describe which Oracle contracts, if any, are proposed for assumption and/or assignment including the specific license, support contract or ordering document contemplated.

**WHEREFORE,** Oracle requests the relief set forth herein.

Dated: December 17, 2008
New York, New York

Respectfully submitted,

**DAY PITNEY LLP**

By:   /s/ Amish R. Doshi
    Amish R. Doshi (AD5996)
7 Times Square
New York, New York 10036
Telephone:   (212) 297-5800
Facsimile:   (212) 916-2940
E-mail:   adoshi@daypitney.com

**BUCHALTER NEMER, PC**
Shawn M. Christianson (CSB #114707)
333 Market Street
San Francisco, California 94105-2126
Telephone:   (415) 227-0900
Facsimile:   (415) 227-0770

**ORACLE USA, INC.**
Deborah Miller (CSB #95527)
Peggy Bruggman (CSB #184176)
500 Oracle Parkway
Redwood City, California  94065
Telephone:   (650) 506-5200
Facsimile:   (650) 506-7114

*Attorneys for Oracle USA, Inc., Creditor*