UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                   :

In re:                               :    Chapter 11
                                   :

LEHMAN BROTHERS HOLDINGS, INC., *et al.*,   :    Case No. 08-13555 (JMP)
                                   :
                                   :    Jointly Administered

                       Debtors.      :
                                   :
------------------------------------------------------------x
------------------------------------------------------------x
                                   :

In re:                               :
                                   :
LEHMAN BROTHERS INC.            :    Case No. 08-01420 (JMP) SIPA
               Debtor.        :
                                   :
------------------------------------------------------------x

**STIPULATION AND ORDER RESOLVING MOTION OF WFP TOWER A CO., L.P.
(A) COMPELLING PAYMENT OF POST-PETITION ADMINISTRTIVE RENT;
(B) GRANTING RELIEF FROM THE AUTOMATIC STAY; AND
(C) COMPELLING ASSUMPTION OR REJECTION OF LEASE**

RECITALS:

      A.      On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings, Inc.

and various affiliated entities (collectively, the "Debtors") filed voluntary petitions under the

Bankruptcy Code[1], and have thereafter continued to operate their businesses as debtors-in-

possession pursuant to 11 U.S.C. §§ 1107 and 1108.

      B.      On September 19, 2008 (the "SIPA Commencement Date"), a proceeding was

commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to

---

[1]  Various Debtors filed their petitions after the Petition Date.

Lehman Brothers, Inc. ("LBI"), which proceeding is currently pending as an adversary proceeding related to the instant case.

      C.      On September 20, 2008, the Court entered an Order approving the sale of substantially all of the Debtors and LBI's assets to Barclays Capital, Inc. ("Barclays").  The Lease was not assigned to Barclays as part of the sale.

THE LEASE:

      D.      LBI is party to an Amended and Restated Lease, dated as of November 9, 2000 (as amended, the "Lease") with WFP Tower A Co., L.P. ("Landlord")[2], pursuant to which LBI leased non-residential real property space at One World Financial Center, New York, NY (the "Premises").  The Premises included the entire 27th, 28th, and 29th floors (the "Contiguous Space") as well as parts of the 21st and 22nd floor (the "Area A Premises") of One World Financial Center, New York, NY.   At the inception of the Lease, the Premises encompassed several additional floors, but pursuant to the Third Amendment to the Lease, dated March 15, 2004, the leased area under the Lease was substantially reduced to the area described above.

      E.      LBI entered into subleases (the "Subleases") with (i) Richards Spears Kibbe & Orbe, G.P. ("RKO"), dated April 23, 2002, for the portion of the Premises located on the 27th – 29th floors (the "RKO Sublease")[3], (ii) Global Futures & Forex Ltd. ("Global Futures"), dated November 18, 2003, for the portion of the Premises located on the 22nd floor (the "Global Futures Sublease"), and (iii) TATA America International Corporation ("TATA"), dated December 31, 2005, for the portion of the Premises located on the 21st floor (collectively, the

---

[2]  Landlord subsequently changed its name to Brookfield Properties One WFC Co. LLC

[3]  Subsequent to entry into the RKO Sublease, RKO changed its name to Richards Kibbe & Orbe LLP.

"Subtenants"). The terms of the Subleases are generally coterminous with the Lease. RKO and

Landlord are also party to a Non-Disturbance, Recognition and Attornment Agreement, dated

June 30, 2002 (the "NDA"), pursuant to which, subject to certain terms and conditions more

fully set forth in the NDA, RKO is permitted to remain in the Premises following the rejection of

the Lease by LBI.

F.      The Lease requires payment of all Fixed Rent[4] (as well as certain other Additional

Charges) in advance on the first of each month. On October 1, 2008, LBI failed to pay Landlord

total rent of $510,646.63 under the Lease for the month of October (the "Rent"), which is

comprised of $484,127.83 in Fixed Rent and $26,518.80 in Additional Charges.

The Motions:

G.      On October 16, 2008, Landlord filed a Motion for order (1) compelling payment

of post-petition administrative rent, (2) granting relief from the automatic stay, and (3)

compelling assumption or rejection of the Lease (the "Landlord Motion").

H.      On October 20, 2008, James W. Giddens (the "Trustee"), as the Trustee for LBI,

filed a Motion for Entry of an Order Approving the Rejection of Certain Nonresidential Real

Property Leases and Subleases and Abandonment of Related Personal Property (the "Trustee

Motion", and together with the Landlord Motion, the "Motions"), which sought authority to

terminate the Lease and Subleases, *nunc pro tunc*, to October 20, 2008.

I.      On November 6, 2008, the Court entered an order approving a Stipulation

between Landlord and Trustee partially resolving the Motions, which provided, *inter alia*, that

the effective date of the rejection of the Lease would be October 31, 2008 (the "Rejection Date"),

---

[4] Capitalized terms used herein and not defined shall have the meanings ascribed to them in the Motion.

and otherwise reserved all of the parties' rights with respect to the Motions.  The Order approving the Trustee Motion was also amended to change the effective date of rejection of the Subleases to the Rejection Date.

J.    Landlord, RKO and Global Futures have agreed to enter into agreements on terms to be agreed upon by such parties for the continued use of and occupancy of the portion of the Premises currently occupied by such Subtenant effective as of the Rejection Date.

K.    After good-faith, arms-length negotiations, the Trustee, Landlord, RKO, and Global Futures have reached agreement on a resolution of the Motions as set forth herein.

NOW THEREFORE, in consideration of the foregoing, the parties hereby agree as follows:

1.    The Landlord Motion is withdrawn.

2.    Within ten (10) days of entry of this Stipulation and Order, the Trustee shall pay Landlord the sum of $152,651.37 as an administrative expense priority claim under Section 503(b)(1) of the Bankruptcy Code for unpaid post-petition Rent accrued under the Lease through the Rejection Date.  The remaining $357,995.26 of the Rent payable (the "RKO October Rent") shall have been paid by RKO directly to Landlord no later than ten (10) days after entry of this Stipulation and Order in satisfaction of RKO's October rental obligations under the RKO Sublease.  The Trustee hereby assigns to Landlord all rights to the $357,995.26 owed to the Trustee under the RKO Sublease for RKO's October rental obligations.  Landlord will advise LBI promptly upon its receipt of the RKO October Rent.

3.    RKO and Global Futures shall pay to Landlord in the ordinary course their respective shares of all Additional Charges (as defined in the Lease), which accrued between the SIPA Commencement Date and the Rejection Date in accordance with, and subject to, the terms

of their respective subleases, and neither LBI nor the Trustee shall have any liability for such charges.  The Trustee hereby assigns to Landlord all rights to collect such Additional Charges from RKO and Global Futures.  Any Additional Charges allocable to space occupied by TATA that come due after the date hereof and which accrued between the SIPA Commencement Date and the Rejection Date shall be paid by the Trustee within thirty (30) days of the presentment of a bill to the Trustee for such charges by Landlord, or, if the bill is contested, within thirty (30) days of the resolution of such dispute by the parties or the Bankruptcy Court.

4.    Upon being advised by Landlord that RKO has paid the RKO October Rent as provided for in Paragraph 2 hereof, the Trustee shall assign to Landlord the letter of credit posted by RKO for the benefit of LBI under the RKO Sublease.  Within ten (10) days of entry of this Stipulation and Order, the Trustee shall terminate the letter of credit posted by Global Futures for the benefit of LBI under the Global Futures Sublease and return the original letter of credit to Global Futures c/o its attorney at the address below, in order to facilitate any subsequent arrangements regarding the continued use of the Premises by RKO and Global Futures, respectively.  Notwithstanding the foregoing, LBI shall not be required to assign the letter of credit posted by RKO if RKO has not fulfilled its obligations pursuant to Paragraph 2 hereof.  Nothing in this Paragraph 4 shall be deemed to constitute an agreement by Landlord to permit any Subtenant to remain in the Premises after the Rejection Date.

5.    Except as set forth herein, Landlord and the Subtenants shall retain all rights to assert other claims arising under the Lease and the Subleases (the "Additional Claims"), including, without limitation, claims for rejection damages, and LBI shall retain all rights to object to any such Additional Claims.

6.      This Stipulation and Order contains the entire agreement between the parties as to the subject matter hereof.  This Stipulation and Order is subject to approval of the Court and shall be of no force and effect unless and until it is approved.

7.      This Stipulation and Order may not be modified other than by a signed writing executed by the parties hereto or by further order of the Court.

8.      Each person who executes this Stipulation and Order represents that he or she is duly authorized to execute this Stipulation and Order on behalf of the respective parties hereto and that each such party has full knowledge and has consented to this Stipulation and Order.

9.      This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copy, copies, or facsimiles signed by the parties hereto to be charged.

10.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation and Order.

Dated:   New York, New York
         December 15, 2008

MORRISON & FOERSTER LLP

By: /s/

Larren M. Nashelsky
Lorenzo Marinuzzi
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
*Attorneys for Brookfield Properties One WFC Co. LLC*

HUGHES HUBBARD & REED LLP

By:  /s/ Daniel S. Lubell
James B. Kobak, Jr.
Daniel S. Lubell
Christopher K. Kiplok
Jeffrey S. Margolin
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
*Attorneys for James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc.*

RICHARDS KIBBE & ORBE LLP

By: /s/Larry G. Halperin
Larry G. Halperin
Managing Partner
One World Financing Center
New York, New York 10281-1003
Telephone: (212) 530-1870
Facsimile: (917) 344-8870

GLOBAL FUTURES & FOREX LTD.

By: /s/Robert P. Cooper
Robert P. Cooper
333 Bridge NW, Suite 1120
Grand Rapids, MI 49504
Telephone: (616) 235-8802
Facsimile: (616) 235-8804
*Attorney for Global Futures & Forex LTD.*

**SO ORDERED**, this 17th day of December, 2008

   *s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE