**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re                                                           :         Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :         08-13555 (JMP)
                                                                :
        Debtors.                                         :         (Jointly Administered)
                                                                :
                                                                :
------------------------------------------------------------------x

### ORDER AUTHORIZING THE DEBTORS AND BARCLAYS CAPITAL INC. TO FILE UNDER SEAL CERTAIN SECHEDULES TO THE PURCHASE AGREEMENT

Upon the joint motion, dated September 29, 2008 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman") and Barclays Capital Inc. (together with the Debtors, the "Movants"), for entry of an order, pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Movants to file under seal the Schedules, all as more fully described in the Motion; and upon the filing of the Notice of Filing of Summary Concerning Schedules to Clarification Letter [D.I. 1072] (the "Summaries"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to

---

[1]     Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

(i) the United States Trustee; (ii) counsel for the Creditors' Committee; (iii) counsel for those lenders making daily postpetition clearing advances to the Debtors pursuant to the Order Confirming Status of Clearing Advances; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Movants, the Debtors, the Debtors' estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Motion is granted, any objections to the Motion having been withdrawn or resolved by the filing of the Summaries; and it is further

ORDERED that, pursuant to section 107(b) of the Bankruptcy Code, the Clerk of the Court is directed to file an unredacted version of the Schedules under seal in an envelope, clearly indicating that the Schedules have been filed under seal by order of the United States Bankruptcy Court for the Southern District of New York and may not be unsealed until and unless permitted by further order of the Court; and it is further

ORDERED that (a) the Schedules shall be sealed, (b) the Official Committee of Unsecured Creditors in the above-captioned cases, together with all of its members and counsel that receive copies of the Schedules, shall not disclose and shall keep confidential the contents of the Schedules, and (c) all other parties-in-interest may receive copies of the Schedules only upon

execution of a confidentiality agreement that restricts use of the Schedules to such party's role as a creditor in the Chapter 11 Cases;

ORDERED that the Movants are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Court retains jurisdiction to enforce this Order and the confidentiality of the Schedules and the sensitive information contained therein, including the authority to impose sanctions on any person or entity that violates this Order.

Dated:  New York, New York
        December 17, 2008

                                              *s/ James M. Peck*
                                              UNITED STATES BANKRUPTCY JUDGE