UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

------------------------------------------------------------------x

## ORDER PURSUANT TO RULE 9019 OF
## THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
## AUTHORIZING AND APPROVING A SETTLEMENT BETWEEN
## PAMI STATLER ARMS LLC AND STATLER ARMS GARAGE LLC

Upon the motion, dated November 25, 2008 (the "Motion"), of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and,

together with their non-debtor affiliates, "Lehman"), for an order, pursuant to Rule 9019

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and

approving a settlement (the "Settlement"), which is annexed hereto as Exhibit A, between

PAMI Statler Arms LLC ("PAMI Statler") and Statler Arms Garage LLC (the "Statler

Garage"), all as more fully set forth in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and

1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the

District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting

C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

been provided, and it appearing that no other or further notice need be provided; and the

Court having reviewed the Motion; and approval of the Settlement being within the

sound discretion of the Court; and the relief requested in the Motion and the Settlement

being fair and equitable, in the best interests of the PAMI Statler's estate, and above the

lowest point in the range of reasonableness; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement is

approved; and it is further

ORDERED that PAMI Statler is authorized to execute, deliver, implement

and fully perform any and all obligations, instruments, documents and papers and to take

any and all actions reasonably necessary or appropriate to consummate the Settlement

and perform any and all obligations contemplated therein; and it is further

ORDERED that the United States District Court for the Northern District

of Ohio, Eastern Division shall retain jurisdiction to enforce the Settlement and any

disputes arising thereunder.

Dated:  New York, New York
        December 18, 2008

     *s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

**(Settlement)**

## AMENDMENT OF LICENSE AGREEMENT AND STIPULATION OF SETTLEMENT

This Amendment Of License Agreement And Stipulation Of Settlement ("Agreement") is made and entered into effective as of September 23, 2008 by and between PAMI Statler Arms LLC ("Licensee") and Statler Arms Garage, LLC ("Licensor").

## RECITALS

A.     Statler Arms, Inc. and Statler Arms Garage, Inc. entered into (i) that certain License Agreement for Use of Parking Spaces by and between Statler Arms Garage, Inc. and Statler Arms, Inc. dated August 13, 1999 and filed for record on September 21, 1999 as Instrument No. 199909210870 of Cuyahoga County Records ("License Agreement"); and (ii) that certain License Agreement for Use of Ballroom by and between Statler Arms Garage, Inc. and Assignor dated August 13, 1999 and filed for record September 21, 1999 as Instrument No. 199909210869 of Cuyahoga County Records ("Ballroom License Agreement").  The License Agreement sets forth respective rights and obligations of Statler Arms, Inc. and Statler Arms Garage, Inc. with respect to licensing of parking spaces at the Statler Arms Garage located at 1111 Euclid Avenue, Cleveland, OH (the "Garage") for use by tenants of the Statler Arms Apartment Building located at 1127 Euclid Avenue, Cleveland, OH (the "Apartment Building").

B.     By Warranty Deeds by and between Statler Arms Garage, Inc. and Statler Arms Garage, LLC dated August 6, 2004 and recorded December 6, 2004 as Instrument No. 200412061122 of Cuyahoga County Records and Warranty Deed by and between Statler Arms Garage, Inc. and Statler Arms Garage, LLC dated December 27, 2004 and recorded January 3, 2005 Instrument No. 200501030945 of Cuyahoga County Records, Statler Arms Garage, Inc. transferred all of its right, title and interest in and to the Garage to the Licensor.  As a result, Licensor (Statler Arms Garage, LLC) became the licensor under the License Agreement.

NY2.\\1920029\02\15CG502I.DOC\58399.0003

C.      By Warranty Deed in lieu of foreclosure (the "Deed in Lieu") dated May 8, 2008 and recorded on May 10, 2008 as Instrument No. 200501030945 of Cuyahoga County Records, Statler Arms, Inc. transferred all of its right, title and interest in and to the Apartment Building to the Licensee, subject to the encumbrances as set forth in the Deed in Lieu.

D.      Licensee and Statler Arms, Inc. are parties to that certain Assignment and Assumption of License Agreements dated May 8, 2006 and recorded May 10, 2006 as Instrument No. 200605100708 of Cuyahoga County Records (the "Assumption"), covering the property described in Exhibit A annexed hereto. Licensor executed and delivered the Assumption to evidence its agreement with the representations of Statler Arms, Inc. contained in the License Agreement and Licensee's assumption of the License Agreement. As a result, Licensee (PAMI Statler Arms LLC) is now the licensee under the License Agreement.

E.      A series of disputes have arisen between Licensor and Licensee since May 10, 2006. Certain of the disputes (including claims by Licensee and counterclaims by Licensor) were being litigated in the action entitled PAMI Statler Arms LLC v. Statler Arms Garage, LLC, Case No. CV 06 598610 (the "State Court Action"), pending before the Court of Common Pleas, Cuyahoga County, State of Ohio (the "State Court"). On September 16, 2008, a jury trial commenced in the State Court Action. Because this document is a settlement agreement, Licensor and Licensee have agreed not to set forth at any length the nature of the disputes, but rather both agree that those and all other present and past disputes are being settled pursuant to this Agreement.

F.      On September 23, 2008, while the State Court Action was pending, Licensee commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New

York (the "Bankruptcy Court"), Case No. 08-13664 (JMP) (the "Bankruptcy Case"). The

Bankruptcy Case is being jointly administered under Case No. 08-13555 (JMP).

     G.     By removal petition dated September 23, 2008, Licensee removed the State Court

Action to the United States District Court for the Northern District of Ohio, Eastern Division (the

"District Court") (the District Court action shall be referred to herein as the "Pending Action").

The Pending Action remains pending before the District Court.

     H.     Through the mediation of the District Court, Licensor and Licensee (each a

"Party" and, collectively, the "Parties") have agreed to modify the License Agreement and settle

all disputes outstanding between them, including those that are the subject of the Pending Action.

     **NOW, THEREFORE,** in consideration of the premises, and the undertakings herein

including the payment and performance by the Licensor and Licensee of the obligations set forth

in this Agreement, and for other good and valuable consideration, the parties hereto covenant and

agree as follows:

     1.     Paragraph 4 of the License Agreement is amended to read as follows:

          a.  Notwithstanding past practices, the following shall apply effective as of
September 23, 2008 and going forward.

          b.  Commencing October 1, 2008, tenants ("Tenants") of the Apartment
Building will be charged $140 per month for a non-reserved space and
$160 for a reserved space in the Garage.

          c.  Commencing January 1, 2009, Tenants of the Apartment Building may be
charged up to $150 per month and $170 per month for non-reserved
parking and spaces reserved parking spaces, respectively.

          d.  Commencing January 1, 2010 and every year thereafter in January, the

rates for non-reserved and reserved parking spaces in the Garage may be

increased by up to $10.00 per space month, subject to the conditions set

forth in subparagraph g below.

e.   The rates for non-reserved and reserved parking spaces in the Garage shall

not be retroactively adjusted for any period prior to October 1, 2008.

f.   The rules governing the Garage will continue to be governed by the

Interim Agreement between the parties, dated as of November 10, 2006,

and will stay in effect through December 31, 2008, after which time the

Parties are free to renegotiate such rules.

g.   Commencing with any increase in parking rates pursuant to subparagraph d above

taking effect in January 2011 or in any January thereafter, the parking rates in effect

after any such annual increase (the "Proposed Garage Rates") shall not deviate by

more than twenty-five percent (25%) from the market rates for downtown Cleveland

parking garages as established by the average of the published rates in effect at the

time (the "Current Published Rates")[1] for the following ten public parking garages

(the "Public Parking Garages") set forth below:

- Chesterfield - Highest public rate
- Chesterfield - Highest residential rate
- Reserve Apartments - Highest public rate
- Reserve Apartments - Highest residential rate
- 515 Euclid Avenue
- 709 Vincent Avenue
- 947 Chester Avenue
- 750 Vincent Avenue
- 320 Superior Avenue
- 1100 Superior Garage

---

[1]  For purpose of reference, the rates in effect during September 2008 (the "September 2008 Rates") and the average of such rates are attached hereto as Exhibit B.

The average of the Current Published Rates (each such parking garage being given equal weight in such calculation) (the "Current Average Rates") will be calculated as of the time of the particular Proposed Garage Rates. In the event the particular Proposed Garage Rates are more than twenty-five (25%) percent *lower* than the Current Average Rates, Licensor may increase the Proposed Garage Rates to the rates that are seventy-five (75%) of the Current Average Rates. In the event the particular Proposed Garage Rates are more than twenty-five (25%) percent *higher* than the Current Average Rates, Licensor shall reduce the Proposed Garage Rates to the rates that are one hundred twenty-five (125%) of the Current Average Rates. The resulting rates will be the new rates in effect for the year in question. For subsequent calendar years, subparagraphs (d) above and this subparagraph shall apply to the rates resulting from the calculation set forth in this subparagraph.

2.    <u>Release of Claims</u>. Other than the obligations of the Parties set forth herein, the Parties hereby absolutely and unconditionally forever waive, release, discharge, relinquish and give up any and all claims, causes of action, suits, obligations and covenants they may have or hold against the other Party or its respective agents, servants, employees, attorneys, shareholders, members, directors, officers, affiliates, successors or assigns that may have arisen as of the date hereof, whether in law, in equity, or otherwise, which the Parties ever had, now have, or that they may have in the future, whether known or unknown, knowable or unknowable, suspected or unsuspected, and including without limiting the generality of the foregoing, all claims and counterclaims that were, or could have been, asserted in the State Court Action and District Court Action; *provided, however*, that the License Agreement between the Parties as amended by this Agreement shall remain in full force and effect and any rights or claims arising from and

after the date of this Agreement under the License Agreement as amended shall be unaffected by the foregoing release.

3.    Recording of License Agreement.  This Agreement may be recorded by either Party to this Agreement.

4.    Independent Investigations; Representations as to Authority.  Except as set forth below, each Party has entered into this Agreement based upon its own independent investigation, and makes no warranty or representation to any other Party, nor does it rely upon any representation of any other Party with respect to the subject matter of this Agreement, other than the following sentence.  Each Party represents that it has full power and authority to enter into and perform this Agreement in accordance with its terms, but as to the Licensee, subject to Bankruptcy Court approval.  No Party is, and no Party shall be deemed or found to be, a fiduciary to any other Party.

5.    Bankruptcy Court Approval.  Promptly after execution and delivery of this Agreement, Licensee will promptly file with the Bankruptcy Court a motion (the "Settlement Motion") for entry of an order (the "Settlement Order") authorizing the Licensee to perform this Agreement in accordance with its terms without the need for further order from the Bankruptcy Court or notice to any other party in interest in the Bankruptcy Case.  The Parties shall cooperate reasonably to procure prompt entry of the Settlement Order.  In filing the Settlement Motion, the Parties shall stipulate to the facts set forth in the lettered paragraphs of the Recitals of this Agreement.  This Agreement shall be of no force or effect against Licensee unless and until the Settlement Order is entered by the Bankruptcy Court.

6.    Dismissal of Action; Retention of Jurisdiction by District Court.  Promptly following the execution of this Agreement by all Parties and final approval of it by the

Bankruptcy Court, the District Court Action and all claims and counterclaims asserted therein

shall be dismissed with prejudice and without costs; provided, however, the Parties through their

entry into this Agreement consent to the Bankruptcy Court order approving this Agreement also

providing that the District Court shall retain jurisdiction to enforce this Agreement and any

disputes arising hereunder. The Parties shall request that the Bankruptcy Court approve the

District Court's retention of jurisdiction as provided in this paragraph.

7.    Notices. Any notice, report, demand, request or other instrument or

communication authorized, required or desired to be given under this Agreement by or to any

party shall be in writing and shall be deemed given if addressed to the party intended to receive

the same, at the address of such party set forth below, (i) when delivered at such address by hand

or by overnight delivery service, or (ii) three (3) days after the same is deposited in the United

States mail as first class certified mail, return receipt requested, postage paid, whether or not the

same actually shall have been received by such party:

Licensee:                    PAMI Statler Arms LLC
                             c/o Midland Loan Services, Inc.
                             Special Servicing Group
                             2201 N. Collins, # 185
                             Arlington, TX  76011
                             Attn:  Cecilia Bolen
                             Phone: 817-804-5902
                             Fax:  817-633-3144
                             Email: cecilia.bolen@midlandls.com

With a copy to:              Herrick, Feinstein LLP
                             One Gateway Center
                             Newark, NJ 07102
                             Phone: (973) 274-2055
                             Fax: (973) 274-6424
                             Email geisenberg@herrick.com
                             Attention: Gary F. Eisenberg, Esq.

7

and a copy to:          Benesch Friedlander Coplan & Aronoff LLP
                          200 Public Square, 2300 BP Tower
                          Cleveland, Ohio 44114-2378
                          Voice: (216) 363-4428
                          Fax:   (216) 363-4588
                          Mobile: (440) 376-1594
                          dmayo@bfca.com

Licensor:               Statler Arms Garage, LLC
                          c/o David Spira
                          1660 49th Street
                          Brooklyn, New York 11204

with a copy to:         Stephen M. O'Bryan
                          Taft Stettinius & Hollister, LLP
                          200 Public Square, Suite 3500
                          Cleveland, Ohio 44114-2302
                          Phone: (216) 241-2838
                          Fax: (216) 241-3707

and a copy to:          Eric H. Zagrans
                          The Zagrans Law Firm
                          474 Overbrook Road
                          Elyria, Ohio 44035

Any Party may change the address to which any such notice, report, demand, request or other instrument or communication to such Party is to be delivered or mailed, by giving written notice of such change to the other parties, but no such notice of change shall be effective unless and until received by such other parties. No such notice, report, demand, request or other instrument or communication given hereunder shall be invalidated or rendered ineffective due to any failure to give, or delay in giving, a copy of such notice, report, demand, request or other instrument or communication to any party to whom such copy is to be given as provided above.

8.    Calculation of Time. Whenever in this Agreement a period of time is stated as a number of days, it shall be construed to mean calendar days; *provided, however,* that when any period of time so stated would end on a Saturday, Sunday, legal holiday, then such period shall

be deemed to end on the next day following which is not a Saturday, Sunday, or legal holiday. Time is of the essence of this Agreement.

9.    Further Assurances.  Each Party hereby covenants and agrees (in the case of the Licensee, subject to Bankruptcy Court approval) to take any and all additional actions and execute, file, record and/or deliver to the other Party such further agreements, documents and instruments as may be necessary or as the other Party may at any time or times reasonably request to effect the provisions and intent of this Agreement.

10.    Construction.  Unless the context of this Agreement clearly requires otherwise, references to the plural include the singular, the singular includes the plural, the part includes the whole, "including" is not limiting, and "or" has the inclusive meaning represented by the phrase "and/or." The words "hereof," "herein," "hereby," "hereunder," and similar terms in this Agreement refer to this Agreement as a whole and not to any particular provision of this Agreement. Section references are to this Agreement unless otherwise specified. Capitalized terms not defined herein shall have the meanings as provided in the License Agreement.

11.    Complete Agreement, Modifications in Writing.  This Agreement is intended by the Parties as a final expression of their agreement and is intended as a complete statement of the terms and conditions of their agreement. No amendment, modification, supplement, termination, consent, or waiver of or to any provision of this Agreement nor any consent to any, departure therefrom shall in any event be effective unless the same shall be in writing and signed by or on behalf of each of the Parties. Any waiver of any provision of this Agreement, or any consent to any departure from the terms of any provisions of this Agreement, shall be effective only in the specific instance and for the specific purpose for which given.

12.    Waivers; Failure or Delay.  No failure or delay on the part of any Party in the exercise of any, power, right, remedy, or privilege under this Agreement shall impair such power, right, remedy, or privilege or shall operate as a waiver thereof; nor shall any single or partial exercise of any such power, right, or privilege preclude any other or further exercise of any other power, right, or privilege. The waiver of any such right, power, remedy, or privilege with respect to particular facts and circumstances shall not be deemed to be a waiver with respect to other facts and circumstances.

13.    Headings. Section headings used in this Agreement are for convenience of reference only and shall not constitute a part of this Agreement for any purpose or affect the construction of this Agreement.

14.    Execution in Counterparts; Facsimile Delivery; Reproduction.  This Agreement may be executed in any number of counterparts and by different parties on separate counterparts, each of which counterparts, when so executed and delivered, shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same Agreement. Delivery of a copy of an executed counterpart by facsimile shall constitute sufficient delivery of an executed original counterpart.  This Agreement shall become effective upon the execution and delivery of a counterpart hereof by each of the parties hereto and approved by the Bankruptcy Court. This Agreement may be reproduced by any photographics, photostatic, microfilm, micro- card, miniature photographic, facsimile or other similar process and the original thereof may be destroyed.  The Parties agree that any such reproduction shall, to the extent permitted by law, be as admissible in evidence as the original itself in any judicial or administrative proceeding (whether or not the original is in existence and whether or not the reproduction was made in the

regular course of business) and that any enlargement, facsimile or further reproduction shall likewise be admissible in evidence.

      15.   <u>Severability</u>.  Whenever possible, each provision of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement shall be illegal, invalid, prohibited, or unenforceable under applicable law, such provision shall be ineffective only to the extent of such illegality, invalidity, prohibition or unenforceability, without invalidating or impairing the remaining provisions hereof.

      16.   <u>Successors and Assigns</u>. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns, including without limitation transferees of the Apartment Building or the Garage.

      17.   <u>Governing Law</u>. This Agreement shall be construed in accordance with the laws of the State of Ohio that are applicable to contracts formed in and to performed entirely within such state without giving effect to any conflict of laws rules or principles recognized by the courts thereof that would cause the laws of another jurisdiction to apply.

      IN WITNESS WHEREOF, the Parties have entered into this Agreement as of the date first set forth above, intending to be legally bound hereby.

      Executed this November _24_, 2008.

**STATLER ARMS GARAGE, LLC**        **PAMI STATLER ARMS LLC**

By: _____        By: _____
Name: David Spira        Name: Jeff Fitt
Its:   Authorized Signatory        Its:   Authorized Signatory

State of New York     )
County of New York )

The foregoing was acknowledged before me this _21st_ day of November, 2008 by
_JEFF FITTS_____, Authorized Signatory of PAMI STATLER ARMS LLC, a Delaware
limited liability company, on behalf of the company.

(seal)

_Joanne C. Pflaum_
Notary Public
My Commission Expires:

JOANNE C. PFLAUM
Notary Public, State of New York
No. 4848238
Qualified in Nassau County
Commission Expires March 30, 19
9|30|09

State of ~~Ohio~~ _New York_
County of ~~Cuyahoga~~  )
            _Kings_

The foregoing was acknowledged before me this _23_ day of November, 2008 by
_David Spira_____, Authorized Signatory of STATLER ARMS GARAGE, LLC, a
Delaware limited liability company, on behalf of the company.

(seal)

x _____
Notary Public
My Commission Expires:

CHAIM GROSS
Notary Public, State of New York
No. 24 — 4981755
Qualified in Kings County
Commission Expires May 20, 10

Drafted by:

Gary F. Eisenberg, Esq.
Herrick Feinstein LLP
One Gateway Center
Newark, NJ  07102
(973) 274-2055

When recorded return to:

Gary F. Eisenberg, Esq.
Herrick Feinstein LLP
One Gateway Center
Newark, NJ  07102
(973) 274-2055

**Exhibit A To Deed**

Property Description

Parcel No. 1: Fee Simple (PPN's 101-36-006 and 007)

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio and known as being part of Sublot Nos. 62 and 63 in John M. Woolsey's Subdivision of part of Original Two Acre Lot Nos. 163 to 167, as shown by the recorded plat in Volume "N" of Deeds, Page 486 of Cuyahoga County Records, bounded and described as follows:

Beginning on the northerly line of Euclid Avenue (99.00 feet wide) at its intersection with the westerly line of East 12th Street (formerly Muirson Street) (60.40 feet wide);

Thence South 79° 35' 51" West along said northerly line of Euclid Avenue, 168.82 feet to the southeasterly corner of land conveyed to the Trebmal Construction Co. by deed recorded in Volume 83-0853, Page 17 of Cuyahoga County Records;

Thence North 10° 35' 39" West along the easterly line of land so conveyed to the Trebmal Construction Co. and the northerly prolongation thereof, 150.00 feet to a point;

Thence North 79° 35' 42" East 64.80 feet to a point on the westerly line of load conveyed to The Cleveland Trust Company by deed dated May 31, 1927 and recorded in Volume 3567, Page 349 of Cuyahoga County Records;

Thence North 10° 36' 09" West along said line, 169.58 feet to a point in the southeasterly line of Hickory Court, N.E. (15.12 feet wide);

Thence North 55° 48' 21" East along the southeasterly line of Hickory Court N.E. 113.48 feet to a point in the westerly line of aforementioned East 12th Street;

Thence South 10° 36' 09" East along the westerly line of said East 12th Street, 365.36 feet to the point of beginning and containing 1.0408 acres of land as calculated and described by The North Coast Engineering and Surveying Co., Inc., in November of 1998, be the same more or less, but subject to all legal highways.

Note: The above premises is further known as the Apartment Parcel in the Plat of Consolidation of Statler Arms, Inc. as shown by the recorded plat in Volume 301 of Maps, Page 78 of Cuyahoga County Records.

EXHIBIT
"A"
PAGE 1 OF 2

Parcel No. 2: Appurtenant Rights

A. Together with a nonexclusive perpetual easement for the use of the elevator and stairwell in the garage; a nonexclusive perpetual easement for access to and the use of all underground facilities serving the building located on the apartment parcel including without limitation all utility lines, pipes, ducts, equipment and other facilities located on, under or over the garage parcel; a nonexclusive perpetual easement for the use of the access and service drive which extends from Hickory Court through the rear portion of the garage; a nonexclusive and perpetual easement to perform all necessary maintenance to the apartment building wall and to make penetrations into and through the garage wall for the purpose of allowing direct access from the apartment building to each floor of the garage and a nonexclusive perpetual easement to the use of the air rights above the top level of the garage for the purpose of maintaining and repairing the portions of the wall of the apartment building which extend above the top level of the garage all as reserved in the Warranty Deed from Statler Arm, Inc., an Ohio corporation to Statler Arms Garage, Inc., an Ohio corporation dated April 27, 1999 filed for record September 21, 1999 and being Cuyahoga County Recorder's AFN 199909210866.

B. Together with a License Agreement for Use of Ballroom by and between Statler Arms Garage, Inc., an Ohio corporation and Statler Arms, Inc., an Ohio corporation, dated August 13,1999 filed for record September 21, 1999 as Cuyahoga County and being Cuyahoga County Recorder's AFN 199909210869.

C. Together with a License Agreement for Use of Parking Spaces by and between Statler Arms Garage, Inc., an Ohio corporation and Statler Arms, Inc., an Ohio corporation, dated August 13, 1999, filed for record on September 21, 1999 and being Cuyahoga County Recorder's AFN 199909210870.

EXHIBIT
"A"
PAGE 2 OF 2

**<u>Exhibit B To Agreement</u>**

List of September 2008 Rates

Central Parking
Chesterfield Parking Rates

| Monthly Rates | Tenant | Non Tenant |
|---|---|---|
| Level 8 | $105.00 | $130.00 |
| Level 7 | $105.00 | $130.00 |
| Level 7 Double Spot | $80.00 Half | $105.00 Half |
| Level 6 | $110.00 | $145.00 |
| Level 5 | $145.00 | $170.00 |
| Level 4 | $145.00 | $170.00 |
| Levels 1-3 | $85.00 | $125.00 |

**Daily Rates**

| | |
|---|---|
| 15 min or less | $1.50 |
| 30 min or less | $3.00 |
| 45 min or less | $4.50 |
| 1  hour or less | $6.00 |
| 10 hour or less | $6.25 |
| 24 hour or less | $6.75 |
| Early Bird In By 9:00am | $5.75 |
| Weekend Rate | $5.00 |


DEFENDANT'S EXHIBIT

Reserve Square

**Tenants Rates**

- 2004-$50 Non-Reserved; $65 Reserved
- 2005-$75 Non-Reserved; $95 Reserved
- 2006-$80 Non-Reserved; $95 Reserved
- 2007-$85 Non-Reserved; $105 Reserved
- 2008-$87 Non-Reserved; $105 Reserved

**Non-Tenants Rates**

- 2004-$140
- 2005-$140
- 2006-$140
- 2007-$160
- 2008-$160

**Available Parking Spaces**

- 952 Spaces (Includes Handicapped, Reserved & Non-Reserved)

**Tenants Reserved Parking Spaces**

- 2004-68 Spaces
- 2005-68 Spaces
- 2006-68 Spaces
- 2007-68 Spaces
- 2008-60 Spaces

**Non-Tenants Reserved Parking Spaces**

- N/A (2004-2008)


DEFENDANT'S
EXHIBIT
92



# DESMAN
A S S O C I A T E S

Table 1  Existing Monthly Parking Rates at Select Garages in the vicinity of the Statler Arms Garage

| Base Map # | Parking Facility Address | Parking Facility Name | Reserved Monthly | | General Monthly | |
|---|---|---|---|---|---|---|
| | | | Rate | Rank | Rate | Rank |
| GW-19 | 515 Euclid Avenue | 515 Euclid Garage | $275.00 | 1 | $165.00 | 7 |
| GW-02 | 709 Vincent Avenue | Fifth Third Bank Garage | $250.00 | 2 | $205.00 | 1 |
| TH-02 | 947 Chester Avenue | Huntington Garage | $250.00 | 2 | $180.00 | 6 |
| GW-03 | 750 Vincent Avenue | National City Bank Garage | $245.00 | 3 | $195.00 | 2 |
| GW-04 | 320 Superior Avenue | BP Garage | $235.00 | 4 | $195.00 | 2 |
| CC-16 | 1375 E. 9th Street | One Cleve. Center Garage | $235.00 | 4 | $185.00 | 4 |
| CC-17 | 1438 E. 12th Street | Eaton Center Garage | $225.00 | 5 | N/A | |
| TH-01 | 1100 Superior Garage | Diamond-Hines Garage | $220.00 | 6 | $185.00 | 5 |
| CC-12 | 708 St. Clair Avenue | IMG Center Garage | $220.00 | 6 | $180.00 | 6 |
| TH-06 | 1101 Euclid Avenue | Statler Arms Garage | $220.00 | 6 | $180.00 | 6 |
| GW-01 | 800 Superior Avenue | Key Center Garage | $215.00 | 7 | $185.00 | 5 |
| GW-17a | 740 Euclid Avenue | Krenzler Garage | $210.00 | 8 | $155.00 | 10 |
| TH-03 | 1717 E. 9th Street | East Ohio Gas Garage | $205.00 | 9 | $187.00 | 3 |
| CC-18 | 1060 Rockwell Avenue | Cathedral Diocese Plaza Garage | $197.18 | 10 | $157.18 | 9 |
| GW-13 | 2047 Ontario Street | May Company Garage | $175.00 | 11 | $152.80 | 11 |
| TH-07 | 1801 E. 12th Street | Chesterfield Apartments | $170.00 | 12 | $125.00 | 13 |
| CC-13 | 801 Rockwell Avenue | Rockwell Garage | $162.18 | 13 | $142.18 | 12 |
| TH-14 | 1350 Euclid Avenue | US Bank Centre Garage | $155.00 | 14 | $110.00 | 18 |
| TH-30 | 1459 Chester Avenue | Playhouse Square Garage | $155.00 | 14 | $114.00 | 16 |
| TH-17 | 1212 Huron Road | Halle Garage | $150.00 | 15 | $115.00 | 15 |
| TH-22 | 900 Prospect Avenue | Ameritrust Garage | $150.00 | 15 | $111.00 | 17 |
| TH-13 | 1509 Prospect Avenue | Hanna Garage | $150.00 | 15 | $110.00 | 18 |
| GW-16 | 645 Prospect Avenue | Atrium Bldg Garage | $142.18 | 16 | $97.18 | 19 |
| TH-52 | 1250 Superior Avenue | Reserve Square Garage | N/A | | $160.00 | 8 |

Note: The highlighted parking garages are those which are deemed to be comparable to the Statler Arms Garage.