**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                        :
**In re**                                               : **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   : **08-13555 (JMP)**
                                                        :
**Debtors.**                                            : **(Jointly Administered)**
                                                        :
                                                        :
-------------------------------------------------------------------x

**ORDER AUTHORIZING THE DEBTORS TO**
**EMPLOY NATIXIS CAPITAL MARKETS INC. AS STRATEGIC ADVISOR**

Upon the motion, dated November 12, 2008 (the "Motion"), as modified by a supplement, dated December 12, 2008 (said motion and supplement, collectively, the "Motion")[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), seeking authorization and approval of, among other things, the Debtors' retention of Natixis Capital Markets Inc., all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

---

[1] Capitalized terms that are used but not defined in this Order have the meaning ascribed to them in the Motion.

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the Official Committee of Unsecured Creditors, (iii) the Securities and Exchange Commission, (iv) the Internal Revenue Service, (v) the United States Attorney for the Southern District of New York, and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted; and it is further

        ORDERED that, in accordance with section 105(a) and 363 of the Bankruptcy Code, the Debtors are authorized to employ Natixis Capital Markets Inc. under the terms of the Agreement annexed hereto as Exhibit A (including the Confidentiality Agreement annexed as Exhibit C to the Motion); and it is further

        ORDERED that, notwithstanding anything contrary in the Engagement Letter, Natixis may not bill and recover payment from the Debtors on account of work performed by Frank C. Puleo pursuant to the Engagement Letter for any amounts in excess of what Natixis actually pays Mr. Puleo for such work; and it is further

ORDERED that the Debtors will be bound by the indemnification, contribution and exculpation provisions of the Engagement Letter and will indemnify and hold harmless Natixis Capital Markets, Inc., and its respective directors, officers, members, agents, employees and controlling persons, and each of their respective successors and assigns (collectively the "Indemnified Persons"), pursuant to the indemnification, exculpation and contribution provisions of the Engagement Letter and, during the pendency of these Chapter 11 Cases, subject to the following conditions:

(i)     all requests of Indemnified Persons for payment of indemnity, contribution or otherwise pursuant to the indemnification provisions of the Engagement Letter shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Engagement Letter, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Court and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall an Indemnified Person be indemnified or receive contribution to the extent that any claim or expense has resulted from the bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the part of that or any other Indemnified Person;

(ii)    in no event shall an Indemnified Person be indemnified or receive contribution or other payment under the indemnification provisions of the Engagement Letter if the Debtors, their estates, or the Committee assert a claim, to the extent that the Court determines by final order that such claim arose out of bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person; and

    (iii)  in the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be submitted for approval by the Court, and subject to objection, and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorney has been retained under section 1103 of the Bankruptcy Code; and it is further

  ORDERED that to the extent this Order is inconsistent with the Engagement Letter or the Application, this Order shall govern; and it is further

  ORDERED that the Debtors are authorized to pay Natixis Capital Markets Inc. in such amounts and at such times as is provided in the Agreement without further order of this Court; and it is further

  ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied; and it is further

  ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
    December 18, 2008

              _s/ James M. Peck_
              UNITED STATES BANKRUPTCY JUDGE