# REQUESTS FOR PRODUCTION

Pursuant to the Definitions and Instructions set forth below, Piper makes the following requests for the production of documents:

REQUEST NO. 1:

All documents relating to the Piper Capital Account, including but not limited to, all documents which identify the exact names of accounts, all documents which identify the location of accounts, and all documents which identify all funds, shares and or stock in these accounts.

REQUEST NO. 2:

All documents relating to the transfer of the Piper Capital Account to any other entity including, but not limited to, Barclays.

REQUEST NO. 3:

All documents relating to any accounting, including account statements, for the Piper Capital Account.

REQUEST NO. 4:

All documents concerning any transfers, distributions, exchanges, changes of ownership, loans, payments and disposition of assets of any kind including, but not limited to, leases, sales, services, customers and contracts, made in connection with the Operating Agreement and all the documents referenced therein, including, but not limited to, any accountings or allocations with respect thereto.

REQUEST NO. 5:

All documents relating to all share transfers from LPJ Aircraft to LCPI or any other entity, including the Debtors and LBHI.

REQUEST NO. 6:

All documents relating to the sale of LPJ Aircraft and its aircraft or other property.

REQUEST NO. 7:

All documents relating to the proceeds from any sale of LPJ Aircraft and its aircraft or other property, including but not limited to cash proceeds from such sale.

REQUEST NO. 8:

All documents relating to any agreement entered into between LPJ Aircraft and SH&E regarding the sale or lease of any aircraft owned by LPJ Aircraft.

REQUEST NO. 9:

All documents concerning NWA/Delta shares including but not limited to the transfer of NWA/Delta stock to LPJ Aircraft, Piper, the Piper Capital Account and/or the Capital Accounts.

REQUEST NO. 10:

All documents concerning communications with the SIPA Trustee with respect to LPJ Aircraft, the Piper Capital Account and any other accounts, shares, proceeds or other property of LPJ Aircraft.

## **DEFINITIONS**

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

2.     The term "document" is intended to have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and Federal Rule of Bankruptcy Procedure 7034 and includes, without limitation, any writings, drawings, graphs, charts, photographs, phone records, electronic, recorded, digitally encoded, graphic, and/or other data compilations from which information can be obtained, translated if necessary, by the respondent through detection devices into reasonably usable form, or other information, including originals, translations and drafts thereof and all copies bearing notations and marks not found on the original. The term "document" includes, without limitation, affidavits, analyses, appointment books, appraisals, articles from publications, audit and scope plans (whether in paper, database, electronic or other format(s)), audit workpapers (whether in paper, database, electronic or other format(s)), books, books of account, account statements, cables, calendars, charts, checks (cancelled or uncancelled), check stubs, confirmations, contracts, correspondence, credit card receipts, desk calendars, desk pads, diaries, diskettes, drafts, e-mails, estimates, evaluations, filings, financial statements, forms, invoices, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, all personnel files, including personnel reviews, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, copies of Debtors' and Examinee's records and documents, and sheets or things similar to any of the foregoing however denominated. The

term "document" further means any document now or at any time in the possession, custody, or control of the entity to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof, including, but not limited to, work product contracted by Debtors or Examinees from other professional firms.

3.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

4.    "Debtors" means any or all of the Debtors in the above-captioned Chapter 11 proceeding, including Lehman Commercial Paper Inc., (and any predecessors thereof), any of their parents and subsidiaries (past or present and any predecessors thereof), directors, officers, employees, affiliates, representatives, advisors, agents, attorneys, associates, servants, investment bankers and/or anyone acting on the instructions of or on behalf of or in active concert or participation with Debtors.

5.    "LCPI" means Lehman Commercial Paper Inc. (and any predecessor thereof), any of its parents and subsidiaries (past or present and any predecessors thereof), directors, officers, employees, affiliates, representatives, advisors, agents, attorneys, associates, servants, investment bankers and/or anyone acting on the instructions of or on behalf of or in active concert or participation with LCPI.

6.    "LBI" means Lehman Brothers Inc. (and any predecessor thereof), any of its parents and subsidiaries (past or present and any predecessors thereof), directors, officers, employees, affiliates, representatives, advisors, agents, attorneys, associates, servants, investment

NY:1209725.7

bankers and/or anyone acting on the instructions of or on behalf of or in active concert or participation with LBI.

7. "LBHI" means Lehman Brothers Holdings Inc. (and any predecessor thereof), any of its parents and subsidiaries (past or present and any predecessors thereof), directors, officers, employees, affiliates, representatives, advisors, agents, attorneys, associates, servants, investment bankers and/or anyone acting on the instructions of or on behalf of or in active concert or participation with LBHI.

8. "LPJ Aircraft" means LPJ Aircraft Finance LLC (and any predecessor thereof), any of its parents and subsidiaries (past or present and any predecessors thereof), directors, officers, employees, affiliates, representatives, advisors, agents, attorneys, associates, servants and/or anyone acting on the instructions of or on behalf of or in active concert or participation with LPJ Aircraft.

9. "SIPA Trustee" means James W. Giddens, the Trustee appointed under the Securities Investor Protection Act for LBI, and his representatives, advisors, agents, attorneys, associates, servants and/or anyone acting on the instructions of or on behalf of or in active concert or participation with him.

10. "NWA" means Northwest Airlines, Inc. (and any predecessor thereof), any of its parents and subsidiaries (past or present and any predecessors thereof), directors, officers, employees, affiliates, representatives, advisors, agents, attorneys, associates, servants, and/or anyone acting on the instructions of or on behalf of or in active concert or participation with NWA.

11. "Delta" means Delta Air Lines Corporation (and any predecessor thereof), any of its parents and subsidiaries (past or present and any predecessors thereof), directors, officers,

5

employees, affiliates, representatives, advisors, agents, attorneys, associates, servants, and/or anyone acting on the instructions of or on behalf of or in active concert or participation with Delta.

12. "Barclays" means Barclays Bank PLC (and any predecessor thereof), any of its parents and subsidiaries (past or present and any predecessors thereof), directors, officers, employees, affiliates, representatives, advisors, agents, attorneys, associates, servants, investment bankers and/or anyone acting on the instructions of or on behalf of or in active concert or participation with Barclays.

13. "Piper" means Piper Jaffray & Co. (and any predecessor thereof), any of its parents and subsidiaries (past or present and any predecessors thereof), directors, officers, employees, affiliates, representatives, advisors, agents, attorneys, associates, servants, and/or anyone acting on the instructions of or on behalf of or in active concert or participation with Piper.

14. "SH&E" means Simat, Helliesen and Eichner, Inc. (and any predecessor thereof), any of its parents and subsidiaries (past or present and any predecessors thereof), directors, officers, employees, affiliates, representatives, advisors, agents, attorneys, associates, servants, and/or anyone acting on the instructions of or on behalf of or in active concert or participation with SH&E.

15. "Operating Agreement" means the agreement (including the schedules annexed thereto) entered into on or about April 9, 2007, between Piper and LCPI.

16. "Capital Accounts" means the Capital Accounts which were established in accordance with Section 4.2 of the Operating Agreement.

17.  "Piper Capital Account" means the Capital Account which was established in favor of Piper pursuant to Section 4.2 of the Operating Agreement.

18.  "Capital Contribution" means, with respect to Piper, LCPI, and/or any other beneficiary under the Operating Agreement, the amount of cash and the net fair market value of any property other than cash, contributed by Piper, LCPI, and/or any other beneficiary under the Operating Agreement (or any predecessor in interest) to LPJ Aircraft.

19.  "Petition Date" means the dates upon which the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

## **INSTRUCTIONS**

A.  The documents covered by this request include all documents in your possession, custody or control, created between April 1, 2007 and today.

B.  If any document that would have been produced is no longer in your possession or custody or subject to your control, please state the present location of such document.

C.  Each request for the production of documents shall be deemed to be continuing in nature. If at any time additional documents come into your possession, custody or control or are brought to your attention, prompt supplementation of your response to these requests is required.

D.  You shall produce all documents in the manner in which they are maintained in the usual course of your business and/or you shall organize and label the documents to correspond with the categories in this request. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

NY:1209725.7

E.  If and to the extent documents are maintained in a database or other electronic format, you shall produce along with the document(s) software that will enable access to the electronic document(s) or database as you would access such electronic document(s) or database in the ordinary course of your business.

F.  Documents shall be produced in such fashion as to identify the department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

G.  Any document withheld from production based on a claim of privilege or any similar claim shall be identified by:  (1) the type of document, (2) the general subject matter of the document, (3) the date of the document, and (4) such other information as is sufficient to identify the document including the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.  The nature of each claim of privilege shall be set forth.

H.  Documents attached to each other should not be separated.

I.  Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this discovery request.

J.  The fact that a document is produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

K.  In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents,

NY:1209725.7

employees, representatives, subsidiaries, managing agents, affiliates, accountants, investigators, or by your attorneys or their agents, employees, representatives or investigators.

L.  If you object to any part of any request, you shall state fully the nature of the objection. Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the request not objected to.

M.  Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation.

N.  The terms "all" and "each" shall be construed as "all and each."

O.  The terms "and" and "or" are both conjunctive and disjunctive.

P.  The terms "you" or "your" shall refer to the Debtors and to PLC.

NY:1209725.7