## Guaranty Of Lease

**THIS GUARANTY OF LEASE** (the "Guaranty") made as of this 25th day of May 2001, by NEUBERGER BERMAN, INC. ("Guarantor"), a Delaware corporation with an office at 605 Third Avenue, New York, New York 10158, to and for the benefit of 220 NEWS LLC ("Landlord"), a New York limited liability company.

WITNESSETH:

**WHEREAS**, by lease dated as of *May 15* 2001, (the "Lease") between Landlord, as landlord, and Executive Monetary Management Inc. ("Tenant"), as tenant, Landlord leases to Tenant, and Tenant leases from Landlord, the Premises under and as defined in the Lease;

**WHEREAS**, Guarantor will benefit from Tenant's entering into the Lease;

**WHEREAS**, Guarantor is executing and delivering this Guaranty as a material inducement to Landlord entering into the Lease; and

**WHEREAS**, Landlord is unwilling to enter into the Lease unless Guarantor executes and delivers this Guaranty to Landlord,

**NOW, THEREFORE**, in consideration of the execution and delivery of the Lease by Landlord and in order to induce Landlord to accept the Lease and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Guarantor, for itself, its successors and assigns, hereby agrees with Landlord for the benefit of Landlord, its successors and assigns, as follows:

1. <u>Definitions</u>. Terms not otherwise defined herein shall have the meaning described to them in the Lease.

2. <u>Guaranty</u>. Guarantor hereby guarantees to Landlord, within five (5) days of receipt of written notice from Landlord to Guarantor, the full and prompt payment, when due, of the Base Rent and Additional Rent and all other sums and charges, however characterized, payable by Tenant under the Lease, and further hereby guarantees the full and timely performance and observance of all covenants, terms, conditions and agreements therein provided to be performed and observed by Tenant subject to and in accordance with the provisions of the Lease, and Guarantor hereby covenants and agrees to and with Landlord that if Tenant, its successors or assigns should default at any time in the payment of rent or any other sum or default at any time in the payment of rent or any other sum or charge payable under the Lease, or if Tenant, its successors or assigns should default in the performance and observance of any of the covenants, terms, conditions or agreements contained in the Lease, Guarantor will, upon expiration of any grace period provided Tenant under the Lease, forthwith upon demand therefor pay such rent and other sums and charges, and any

arrears thereof, to Landlord, subject to any defense or right of set-off or counterclaim permitted pursuant to the provisions of the Lease that Tenant may assert, and will forthwith faithfully perform and fulfill all such terms, covenants, conditions and agreements on demand, and will pay to Landlord all damages, costs and expenses that may result from any default by Tenant, its successors or assigns, under the Lease, including without limitation, all costs or expenses, including reasonable attorneys' fees and disbursements, incurred by Landlord or caused by any such default and/or in any way relating to the enforcement or protection of the rights of Landlord under this Guaranty or under the Lease, successive recoveries may be had under this Guaranty. (All of the obligations guaranteed or undertaken by Guarantor in this Section are hereinafter referred to as the "Obligations").

3. <u>Absolute Guaranty</u>. Subject to the terms of the Lease and any defenses, counterclaims or offsets which Tenant may have against Landlord which are permitted pursuant to the terms of the Lease, this Guaranty is an irrevocable, absolute and unconditional guaranty of payment and of performance. It shall be enforceable against Guarantor without the necessity of any suit or proceeding on Landlord's part of any kind or nature whatsoever against Tenant, its successors or assigns, and without the necessity of nonpayment, nonperformance or non-observance or any notice of acceptance of this Guaranty and without need for any other notice or demand to which Guarantor might otherwise be entitled, all of which Guarantor hereby expressly waives.

4. <u>No Discharge</u>. This Guaranty shall be a continuing guaranty and Guarantor expressly agrees that the liability of Guarantor hereunder shall in no way be terminated, affected, modified, released, impaired or diminished by reason of:

(a) any assignment or subletting of the Premises or any part thereof in accordance with the terms of the Lease;

(b) the amendment, modification or supplement of, or change in, any of the terms, covenants, conditions or provisions of the Lease or this Guaranty;

(c) any extension of time that may be granted by Landlord to Tenant, or its successors or assigns for (i) the payment of any sum owing or payable under, or arising out of or on account of the Lease, or (ii) the performance of any obligation under the Lease;

(d) a changed or different use of the Premises, (provided that no such change may be made unless consented to by Landlord pursuant to the applicable provisions of the Lease), or by reason of any dealings or transactions or matters occurring between Landlord and Tenant, and their respective successors or assigns, whether or not notice thereof is given to Guarantor;

(e) any enforcement, assertion or exercise or any failure, omission or delay on the part of the Landlord to enforce, assert or exercise against Tenant, its

successors or assigns, any right, power or remedy conferred on or available to Landlord in or by the Lease or allowed at law or in equity, or any action on the part of Landlord granting indulgence or extension in any form whatsoever;

(f) the waiver by Landlord of the performance or observance by Tenant of any of the agreements, covenants, terms or conditions contained in the Lease;

(g) the doing or the omission of any of the acts referred to in the Lease or this Guaranty (including, without limitation, the giving of any consent) provided such act or omission does not constitute a default by Landlord under the Lease and same does not continue beyond any grace period set forth in the Lease for such default;

(h) (i) the voluntary or involuntary liquidation, dissolution, sale of all or substantially all of the assets, marshalling of assets and liabilities, receivership, conservatorship, insolvency, bankruptcy, assignment for the benefit of creditors, reorganization, arrangement, composition or readjustment of, or other similar proceeding affecting, Tenant or any of its assets (collectively "Bankruptcy Proceedings"); (ii) the release or discharge of Tenant in any Bankruptcy Proceedings; (iii) the impairment, limitation or modification of the liability of Tenant, or the estate of Tenant in bankruptcy, or of any remedy for the enforcement of Tenant's liability under the Lease, resulting from any Bankruptcy Proceedings, by operation of any current or future law or court decision with respect to bankruptcy or creditor's rights; or (iv) the rejection of disaffirmance of the Lease in any Bankruptcy Proceedings;

(i) the release of Tenant from the performance or observance of any of the agreements, covenants, terms or conditions contained in the Lease by operation of law;

(j) the surrender by the holder thereof of any security for the performance or observance of any of the agreements, covenants, terms or conditions contained in the Lease;

(k) the disposition by Guarantor of part or all of the outstanding stock of Tenant.

5. Assignment and Subletting. Landlord's consent to any assignment or subletting of all or any portion of the Premises by any party by Tenant or Tenant's successors or assigns made either with or without notice to Guarantor, shall in no manner whatsoever release Guarantor from any liability hereunder.

6. Bankruptcy. In the event of the rejection or disaffirmance of the Lease by Tenant or Tenant's trustee in bankruptcy pursuant to the bankruptcy laws or any other law affecting creditors' rights or in any Bankruptcy Proceedings, Guarantor will,

and does hereby (without the necessity of any further agreement or act), assume all obligations and liabilities of Tenant under the Lease, to the same extent as if (a) it were originally named Tenant under the Lease, and (b) there had been no such rejection or disaffirmance; and Guarantor will confirm such assumption in writing, at the request of Landlord, upon or after such rejection or disaffirmance; and Guarantor shall upon such assumption (to the extent permitted by law) have all of the obligations and liabilities of Tenant under the Lease.

7.    Right of Separate Actions. Landlord may bring and prosecute a separate action against Guarantor to enforce its liabilities hereunder, whether or not any action is brought against Tenant or any other person and whether or not Tenant or any other person is joined in any such action or actions. Nothing shall prohibit Landlord from exercising its rights against Guarantor, Tenant, any security for the Obligations, and any other person simultaneously, jointly and/or severally. Guarantor shall be bound by each and every ruling, order and judgment obtained by Landlord against Tenant in respect of the Obligations, whether or not Guarantor is a party to the action or proceeding in which such ruling, order to judgment is issued or rendered.

8.    Waiver of Rights of Subrogation. Guarantor hereby irrevocably waives any rights to be subrogated to the rights of Landlord with respect to the Obligations until such time as the default under the Lease has been cured. Guarantor hereby agrees that it will not institute or take any action seeking reimbursement against Tenant until such time as the default under the Lease has been cured. No failure on the part of Landlord to exercise, and no delay in exercising, any right, remedy or power hereunder shall operate as a waiver thereof, nor shall any single or partial exercise by Landlord of any right, remedy or power hereunder preclude any other or future exercise of any other right, remedy or power.

9.    Waiver of Notice, Consent, Etc. (a) This Guaranty shall be construed as a continuing, absolute and unconditional guarantee of payment and performance.

(b)    Guarantor hereby waives notice of acceptance of this Guaranty by Landlord and of presentment, demand, protest, notice of protest and of dishonor and except as otherwise provided in this Guaranty, all other notices relative to this Guaranty of every kind and description now or hereafter provided by any agreement between Tenant and Landlord or any statute or rule of law.

(c)    Guarantor waives any and all notice of the creation or accrual of any of the Obligations or of the reliance by Landlord upon this Guaranty. Said Obligations, and each of them, shall conclusively be deemed to have been created, contracted, or incurred in reliance upon this Guaranty and all dealings between Tenant and Landlord shall likewise be conclusively presumed to have been made or consummated in reliance upon this Guaranty.

(d)    Guarantor hereby agrees that any term, covenant, and provision contained in the Lease may be altered, modified, waived, released or cancelled by Landlord, all without any further consent of Guarantor, and Guarantor agrees that this Guaranty and its liability hereunder shall be in no way affected, diminished or released by any such alteration, modification, release, waiver or cancellation.

10.    Waiver of Election of Remedies. Guarantor waives any right to require or compel Landlord to (a) proceed against Tenant or any other guarantor; (b) proceed against or exhaust any security for the Obligations; or (c) pursue any other remedy in Landlord's power whatsoever; and the failure of Landlord to do any of the foregoing shall not exonerate, release or discharge Guarantor from its absolute, unconditional and independent liabilities to Landlord hereunder. Guarantor hereby waives any and all legal requirements that Landlord shall or may institute, any action or proceedings at law or in equity against Tenant, or anyone else, in respect of the Lease or resort to or seek to realize upon the security held by Landlord, as a condition precedent to bringing an action against Guarantor upon this Guaranty.

11.    Continuing Guaranty. Until all Obligations are satisfied, Guarantor shall not be released by any act or thing which might, but for this provisions, be deemed a legal or equitable discharge of a surety, or by reason of any waiver, extension, modification, forbearance or delay or other act or omission of Landlord or its failure to proceed promptly or otherwise, or by reason of any action taken or omitted or circumstance which may or might vary the risk or affect the rights or remedies of Guarantor or by reason of any further dealings between Tenant and Landlord, whether relating to the Lease or not, and Guarantor hereby expressly waives and surrenders any defenses to its liability hereunder based upon any of the foregoing acts, omissions, things or agreements or waivers of Landlord; it being the purpose and intent of the parties hereto that the obligations of Guarantor hereunder are absolute and unconditional under any and all circumstances.

12.    Remedies Cumulative. Guarantor hereby waives notice of acceptance of this Guaranty, notice of any obligations or liabilities contracted or incurred by Tenant, and extensions of time granted to Tenant under the Lease.

13.    Joinder of Actions. All of Landlord's rights and remedies under the Lease and this Guaranty are intended to be distinct, separate and cumulative, and no such right and remedy therein or herein mentioned, whether exercised by Landlord or not, is intended to be an exclusion of or a waiver of any of the others. The obligation of Guarantor hereunder shall not be released by Landlord's receipt, application or release of any security given for the performance and observance or covenants and conditions required to be performed or observed by Tenant under the Lease, nor shall Guarantor be released by the maintenance of or execution upon any lien which Landlord may have or assert against Tenant and/or Tenant's assets.

14. <u>Notices</u>. All notices, demands, instructions and other communications required or permitted to be given to or made upon either party hereto or any other person shall be in writing and shall be either personally delivered or sent by registered or certified mail, postage prepaid, return receipt requested or by prepaid courier, and shall be deemed to be given for purpose of this Guaranty in regard to registered or certified mail, three (3) days after mailing, and in regard to personal delivery or prepaid courier, on the day that such writing is delivered. Unless otherwise specified by notice in accordance with the foregoing provisions of this Section, notices, demands, instructions and other communications in writing shall be given to or made upon the following persons at their respective addresses indicated below:

If to Guarantor:

>Neuberger Berman, Inc.
>605 Third Avenue
>New York, New York 10158
>Attention: Robert Matza

with a courtesy copy to:

>Neuberger Berman, LLC
>605 Third Avenue
>New York, New York 10158
>Attention: General Counsel

If to Landlord:

>220 News LLC
>c/o The Witkoff Group LLC
>220 East 42nd Street
>New York, New York 10017
>Attention: Mr. Steven C. Witkoff

with a courtesy copy to:

>The Witkoff Group LLC
>220 East 42nd Street
>New York, New York 10017
>Attention: James F. Stomber, Jr., Esq.

or at such other address as any of the parties may from time to time designate by written notice given as herein required. Rejection or refusal to accept or inability to deliver because of changed addresses or because no notice of changed address was

given shall be deemed a receipt of such notice.

15.  Entire Agreement.  This Guaranty represents the entire agreement between Guarantor and Landlord with respect to the matters referred to herein and therein and no waiver or modification hereof or thereof shall be effective unless in writing and signed by Landlord and Guarantor.

16.  GOVERNING LAW.  THIS GUARANTY AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER SHALL BE CONSTRUED, ENFORCED, AND INTERPRETED ACCORDING TO THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE IN AND PERFORMED IN THE STATE OF NEW YORK.

17.  Successors and Assigns.  This Guaranty shall be binding upon Guarantor and upon its successors and assigns and shall inure to the benefit of Landlord and its endorsees, successors and assigns.

18.  Construction.  Each and every provision of this Guaranty has been mutually negotiated, prepared and drafted; each party has been represented by counsel; and in connection with the construction of any provision hereby or deletions herefrom, no consideration shall be given to the issue of which party actually prepared, drafted, requested or negotiated any provision or deletion.

19.  Representations of Guarantor.  Guarantor hereby represents, warrants and covenants as follows:

(a)  This Guaranty has been duly executed and delivered and constitute the valid and binding obligation of Guarantor and is enforceable against Guarantor in accordance with its terms subject, as to enforcement only, to bankruptcy, insolvency, moratorium and other similar laws at the time in effect affecting the enforceability of the rights of creditors generally and to general principles of equity (regardless of whether such enforceability is considered in a proceeding in equity or at law).

(b)  Guarantor is not insolvent (as such term is defined in Section 101(29) of the Bankruptcy Code of 1978, as amended) and will not be rendered insolvent (as such term is defined in Section 101(29) of the Bankruptcy Code of 1978, as amended) by execution of this Guaranty or by the consummation of the transaction contemplated thereby.

(c)  The consummation of the transactions contemplated hereby and the performance by Guarantor of its Obligations under this Guaranty will not result in any breach of, give rise to a lien under, or constitute a default under, any mortgage, deed of trust, lease, bank loan or credit agreement, partnership agreement, corporate charter, by-laws or other agreement or instrument to which Guarantor is a party or by which it may be bound or affected.

(d)    Guarantor is deriving or expects to derive a financial or other advantage from each any every Obligation.

20.    <u>Time of the Essence</u>.  Time shall be of the essence with regard to the performance by Guarantor of its Obligations under this Guaranty.

21.    <u>Severability of Provisions</u>.  Any provision of this Guaranty which is prohibited or unenforceable shall be ineffective to the extent of such prohibition or unenforceability without affecting the validity or unenforceability of such provision.

**IN WITNESS WHEREOF**, the undersigned has executed this Guaranty the day and year first above written.

NEUBERGER BERMAN, INC.

By: _____

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

On the _18TH_ day of _MAY_, 2001, before me, the subscriber, personally appeared _ROBERT MATZA_, the _C.O.O. EXEC. V.P._ of NEUBERGER BERMAN INC., a New York corporation, the corporation which executed the foregoing instrument; who indicated that the execution of the instrument by NEUBERGER BERMAN INC. was duly authorized by the board of directors of said corporation and that said ~~President~~ had _individual_ authority to sign the instrument; _Robert Matza_, to me known to be the person described in and who executed the foregoing instrument, acknowledged that he executed the same as his free act and deed.

_Salvatore F. Lopes_
Notary Public

SALVATORE F. LOPES
Notary Public, State of New York
No. 01LO4516752
Qualified in New York County
Commission Expires June 30, 2002