Hearing Date: December 22, 2008 at 10:00 a.m.

Paul Aronzon
Abhilash M. Raval
Dennis C. O'Donnell
Evan R. Fleck
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                                            :
In re:                                                      :      Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,                      :      08-13555 (JMP)
                                                            :
            Debtors.                                        :      (Jointly Administered)
                                                            :
------------------------------------------------------------------ x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS IN SUPPORT OF DEBTORS' MOTION FOR ORDER TO**
**APPROVE THE SALE OF THE INVESTMENT MANAGEMENT**
**DIVISION ASSETS TO THE SUCCESSFUL BIDDER**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated chapter 11 debtors, as debtors in possession (collectively, the "Debtors"), hereby files this statement (the "Statement") in support of Debtors' Motion to (A) Establish Sales Procedures; (B) Approve a Seller Termination Fee and a Reimbursement Amount; and (C) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets, dated October 6, 2008 (the "Sale Motion") [Docket No. 694]. In support of the Sale Motion, the Committee respectfully states as follows:

**BACKGROUND**

1. Commencing on September 15, 2008, and periodically thereafter, the Debtors commenced these chapter 11 cases. On September 17, 2008, the Office of the United States Trustee appointed the Committee.

2. On October 6, 2008, the Debtors filed the Sale Motion.

3. On October 14, 2008, the Committee filed its limited objection to the Sale Motion (the "Limited Objection") [Docket No. 938]. Through the Limited Objection, the Committee objected to those aspects of the proposed bidding and auction procedures that it believed would have the effect of chilling, rather than enhancing, opportunities for other parties to submit and obtain approval for acquisition of the Debtors' Investment Management Division (the "IMD"). Among other things, the Limited Objection requested that "the Bidding Procedures Order should not in any way restrict bidding by current Neuberger Berman management." Limited Objection at 11.

4. On October 22, 2008, the Court entered the Order (I) Approving the Bidding Procedures, (II) Approving the Seller Termination Fee and the Reimbursement Amount, (III) Approving the Form and Manner of Sale Notices and (IV) Setting the Auction and Sale Hearing Date in Connection with the Sale of Certain Debtor Assets (the "Bid Procedures Order") [Docket No. 1175].

5. On December 3, 2008, an auction (the "Auction") for the IMD was conducted.

6. On December 9, 2008, the Debtors filed their Notice of Filing of Successful Bid in Connection with the Sale of Lehman Brothers Holdings Inc.'s Investment Management Division (the "Successful Bid Notice") [Docket No. 2135], which announced that

2

the successful bid (the "Successful Bid") had been tendered by current Neuberger Berman management through a newly formed entity, NBSH Acquisition, LLC (the "Successful Bidder").

**STATEMENT**

7. The Committee has been thoroughly involved in the process that resulted in the Successful Bid, including negotiation of modified bidding and auction procedures, solicitation of bidders, and negotiation of transaction terms with IMD Parent LLC (the "Stalking Horse Bidder") and other potential bidders, including the Successful Bidder.

8. Prior to entry of the Bid Procedures Order, the Committee conferred with potential bidders to determine the features of bidding and auction procedures that would foster an active bidding process for the IMD and allow the Debtors to maximize recovery. As a result of those discussions, as well as the Committee's independent experience with bankruptcy sale processes, the Committee successfully advocated for material improvements to the bidding and auction procedures, including the reduction of the Seller Termination Fee and Reimbursement Amount.[1]

9. After entry of the Bid Procedures Order, it soon became apparent that there was limited third party interest in the IMD. At the same time, the purchase price of the transaction negotiated with the Stalking Horse Bidder was decreasing precipitously due to certain market-based adjustments contained in the Purchase Agreement, and the certainty of closing the transaction with the Stalking Horse Bidder was eroding rapidly due to several closing conditions in the Purchase Agreement related to similar market-based events.

10. After careful review and consideration of the bids submitted at the Auction, the Debtors, in consultation with the Committee, determined that the Successful Bid was the highest and best offer. The Committee believes that the Successful Bid will maximize

recovery to the Debtors' creditors, notwithstanding the fact that a Seller Termination Fee and Reimbursement Amount are owed to the Stalking Horse Bidder.

11.     The Successful Bid provides, in pertinent part, that LBHI will (i) hold 93% of the IMD's preferred stock, which shall have a liquidation preference of $875 million and bear an annual preferred return, (ii) retain 49% of the IMD's common equity, and (iii) be permitted to designate two out of seven members of the IMD's board of directors.  The Successful Bid also includes certain protections if the IMD fails to pay two consecutive cash dividend payments, including the right to (i) terminate the CEO and select and retain a replacement, (ii) approve management compensation, and (iii) approve the IMD's annual budget. Further, LBHI is granted the right to cause the IMD to repurchase its preferred stock under certain circumstances.

12.     Given market conditions, the Committee believes that the Successful Bid maximizes value for the IMD and for the benefit of the estates.  Furthermore, the objections are focused on individual creditor interests and do not dispute that the proposed transaction is in the best interests of the estates.  Accordingly, the Committee supports the sale of IMD to the Successful Bidder and respectfully requests that the Sale Motion be approved to facilitate an expeditious closing.

---

[1]     The Seller Termination Fee was reduced from $70,000,000 to $52,500,000.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Committee respectfully requests that the Court grant (i) the relief requested in the Sale Motion, and (ii) such other relief as is just and proper.

Dated: New York, New York
December 19, 2008

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Paul Aronzon
Paul Aronzon
Abhilash M. Raval
Dennis C. O'Donnell
Evan R. Fleck

1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.

5