Hearing Date: December 22, 2008, at 10:00 a.m. (New York Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                              :
In re                                         :   Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.         :   08-13555 (JMP)
                                              :
         Debtors.                             :   (Jointly Administered)
                                              :
------------------------------------------------------------x
```

**DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO
THE SALE OF PURCHASED ASSETS AND THE ASSUMPTION
AND ASSIGNMENT OF CONTRACTS IN CONNECTION WITH
LEHMAN BROTHERS' INVESTMENT MANAGEMENT DIVISION**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), as and for their reply to the objections (collectively, the "Objections") interposed to the Debtors' motion (the "Sale Motion") for an order authorizing and approving, inter alia, the sale of the Debtors' assets owned, held, or used primarily in connection with Lehman's investment management business and the assumption and sublease or the assumption and assignment of certain executory contracts and unexpired leases related thereto, free of all liens, claims, encumbrances and other interests, respectfully represent:

**Preliminary Statement**

1. As previously disclosed, the Debtors, in consultation with the Official Committee of Unsecured Creditors, have determined that the bid submitted by NBSH Acquisition, LLC (the "Purchaser") represents the highest and best offer for the investment management business conducted by LBHI and its affiliates. The determination was made after an auction conducted in accordance with bidding procedures that the Court previously determined were "reasonable and appropriate and represent the best method for maximizing the realizable value" of the assets being sold. (Bid P. Order ¶ F.)

2. On December 9, 2008, the Debtors filed with the Court a copy of the Unit Purchase Agreement, dated December 1, 2008, by and between LBHI and the Purchaser (as may be amended from time to time, the "Purchase Agreement"). On December 19, 2008, the Debtors filed with the Court a copy of an amendment to the Purchase Agreement, dated December 19, 2008. On the date hereof, the Debtors filed with the Court a proposed Sale Order (as defined in the Sale Motion) revised to reflect the terms of the Purchase Agreement and sale to the Purchaser (the "Revised Order").

**Reply to Objections**

3. None of the objections dispute that the proposed sale is a reasonable exercise of the Debtors' business judgment or that it is in the best interests of the Debtors, their employees, and their economic stakeholders to consummate the sale. The following chart summarizes the Objections and the Debtors' reply thereto. For the following reasons, the Objections should be overruled, the Motion granted, and the Sale Order entered.[1]

---

[1] Lehman denies many of the factual and legal assertions and characterizations contained in the Objections. Nothing contained herein shall be deemed an admission or acceptance of any statement contained in the Objections.

| **OBJECTION** | **OBJECTION** | **RESPONSE** |
|---|---|---|
| **Limited Objection of Benjamin M. Gamoran ("Gamoran")** (Docket No. 2249) | <ul><li>On December 12, 2008, Gamoran commenced a lawsuit against, among others, two non-debtor subsidiaries of LBHI: Neuberger Berman Management LLC and Neuberger Berman, LLC. (¶ 2)</li><li>It is possible that Purchase Agreement could be amended to include the potential liability to Gamoran within the definition of "Excluded Liabilities." (¶ 17)</li><li>Gamoran objects to a transaction that in any way may prejudice his rights with respect to his lawsuit. (¶ 18)</li></ul> | <ul><li>The Bankruptcy Court lacks jurisdiction over the terms of a sale of assets by a non-debtor.</li><li>Gamoran does not have any legal basis upon which to object to the Debtors' sale of assets.</li></ul> |
| **Limited Objection and Reservation of Rights of Advanced Portfolio Technologies, Inc., et al. (the "SunGard Creditors")** (Docket No. 2260) | <ul><li>The Debtors did not provide notice of the executory contracts they propose to assume in connection with the proposed transaction.</li><li>The assumption and assignment of any of the SunGard Creditors' contracts should be conducted by separate motion with adequate notice.</li></ul> | <ul><li>The Revised Order provides that the Debtors shall file with the Court and provide notice of assumption, assignment, and cure amount to counterparties to all Purchased Contracts, Transferred Real Property Leases or Subleased Real Property Leases (each as defined in the Purchase Agreement) with a Debtor. (¶ 11)</li><li>Counterparties will have 15 days notice and opportunity to object to the proposed assumption and/or the cure amount before the Debtors may assume and assign any Purchased Contract, Transferred Real Property Lease or Subleased Real Property Lease. (¶¶ 11, 12)</li><li>No separate motion or further notice is required.</li></ul> |
| **Reservation of Rights of Oracle USA, Inc. ("Oracle")** (Docket No. 2271) | <ul><li>The Debtors did not provide notice of the executory contracts they propose to assume in connection with the proposed transaction. (¶ 9)</li><li>Oracle reserves its rights to object to the assumption and assignment of its contracts, including the accuracy of any cure amount and the demonstration of adequate assurance of future performance. (¶ 11)</li></ul> | <ul><li>See above response to the SunGard Creditors.</li></ul> |

| | | |
|---|---|---|
| **Limited Objection and Reservation of Rights of Thomson Reuters PLC, et al. ("Thomson")**<br><br>(Docket No. 2288) | ▪ The Debtors did not provide notice of the executory contracts they propose to assume in connection with the proposed transaction. (¶ 11)<br>▪ The Debtors should confirm they intend to pay their post-petition obligations on executory contracts pending their determination to assume or reject. (¶ 12)<br>▪ Thomson believes its contracts may have been assumed and assigned to Barclays Capital, Inc. ("Barclays"). (¶ 13) | ▪ See above response to the SunGard Creditors.<br>▪ The Debtors intend to pay their post-petition obligations pending their determination to assume or reject executory contracts.<br>▪ Thomson has not identified with any specificity the contracts for which it seeks assurance of payment. To the extent contracts have been assigned to Barclays, Barclays has assumed liability for obligations thereunder. |
| **Reservation of Rights of 605 Third Avenue Fee LLC ("605")**<br><br>(Docket No. 2280) | ▪ 605 states it is a counterparty to a lease with a non-debtor subsidiary of LBHI: Neuberger Berman, LLC. (¶¶ 5,6, 9)<br>▪ 605 reserves its rights to object to the proposed sale and/or the assumption and/or assignment of its lease to the extent that Neuberger Berman, LLC becomes a debtor and/or the Debtors move to assume and/or assign its lease. (¶ 10) | ▪ If 605 is a counterparty to a lease with a Debtor, see above response to the SunGard Creditors.<br>▪ If 605 is a counterparty to a lease with a non-Debtor, the Debtors agree that "any issues respecting [its lease] … are matters entirely between non-Debtors with no basis of jurisdiction in this Court." (¶ 9)<br>▪ 605's reservation of rights lacks foundation in law to object to the proposed sale transaction. |
| **Statement and Reservation of Rights of Crossmark Investment Advisers, L.P., et al. ("Crossmark")**<br><br>(Docket No. 2274) | ▪ Crossmark asserts it is a creditor of a non-debtor subsidiary of LBHI: Lehman Brothers Private Funds Investment Company LP, LLC ("PFIC"). (¶ 1)<br>▪ Crossmark "requires the opportunity to review the proposed sale order … to allow Crossmark to determine with certainty that NBSH is assuming the obligations owed to Crossmark." (¶ 7) | ▪ Crossmark does not have any legal basis upon whicg to object to the Debtors' sale of assets.<br>▪ The Revised Order, Purchase Agreement, and amendment thereto were filed with the Court and are available on the internet website maintained by LBHI's Court-approved noticing agent.<br>▪ The Purchase Agreement permits the parties, prior to the Closing, to (i) elect, in lieu of transferring equity interests of certain subsidiaries of LBHI to the Purchaser, to cause certain assets owned by such subsidiaries to be transferred to the Purchaser, and (ii) designate as Excluded Assets and Excluded Liabilities assets, interests, rights or Liabilities that would otherwise be Purchased Assets or Assumed Liabilities (as each term is defined in the Purchase Agreement). (§ 7.23)<br>▪ The parties reserve all rights to further amend the Purchase Agreement as may be in the best interests of the Debtors and sellers and their estates.<br>▪ The Bankruptcy Court lacks jurisdiction over the terms of a sale of assets by a non-debtor. |

| | | |
|---|---|---|
| **Objection of the Pension Benefit Guaranty Corporation ("PBGC")**<br><br>**(Docket No. 2283)** | ▪ The Debtors' motion should be denied to the extent it seeks to transfer non-Debtor controlled group members to the Purchaser free and clear of their joint and several ERISA liabilities arising under Title IV of ERISA.<br>▪ The ten-day stay pursuant to Bankruptcy Rule 6004(g) should not be waived. | ▪ The Revised Order does not transfer non-Debtor controlled group members free and clear of their joint and several ERISA liabilities arising under Title IV of ERISA.<br>▪ Pursuant to the Purchase Agreement, (i) the equity interests of certain controlled group members will be sold and (ii) the assets of certain controlled group members will be sold. To the extent the equity interests of a controlled group member are sold, liabilities of the acquired controlled group members shall remain with such members because either (i) the controlled group members will remain within the control group by virtue of LBHI's ownership of the equity of Purchaser or (ii) a date prior to consummation of the Transaction is established as the termination date of LBHI's pension plan. To the extent a controlled group member sells its assets, liabilities of the selling controlled group member shall remain with such selling entity. Such liabilities will be satisfied with the seller's allocated share of the proceeds of the Transaction.<br>▪ The Revised Order does not grant relief from the ten-day stay imposed by Bankruptcy Rule 6004(g). |
| **Limited Objection of 220 News Owner LLC ("220")**<br><br>**(Docket No. 2316)** | ▪ 220 states it is a counterparty to a lease with a non-debtor indirect subsidiary of LBHI: Executive Monetary Management, Inc. ("EMM") (¶ 2)<br>▪ 220 states that EMM's obligations under the lease are guaranteed by two non-debtor subsidiaries of LBHI: Neuberger Berman Management LLC and Neuberger Berman, LLC. (¶ 2)<br>▪ 220 objects to the proposed sale to the extent that approval may prejudice its rights against non-debtors Neuberger Berman Management LLC and Neuberger Berman, LLC. (¶ 3) | ▪ This limited objection was filed late.<br>▪ This limited objection lacks foundation in law.<br>▪ The party listed on the Guaranty of Lease attached to the limited objection is Neuberger Berman Holdings LLC, f/k/a Neuberger Berman, Inc.<br>▪ Nothing in the Guaranty of Lease restricts either the sale by LBHI of the equity of Neuberger Berman Holdings LLC or the sale by Neuberger Berman Holdings LLC of the equity of its subsidiaries, Neuberger Berman Management LLC and Neuberger Berman, LLC. |

WHEREFORE the Debtors respectfully request that the Court enter the Sale Order and such other and further relief as is just.

Dated: December 20, 2008
      New York, New York

      /s/ Lori R. Fife
Lori R. Fife
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession