PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
Telephone: 212- 318-6000
Lawrence Mittman, Esq.
Thomas L. Kent, Esq.
Attorneys for 605 Third Avenue Fee LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

In re                                      :
                                           :     Chapter 11
LEHMAN BROTHERS HOLDINGS, INC.,            :
et al.                                     :     Case No. 08-13555 (JMP)
                                           :
                        Debtors.           :     (Jointly Administered)
                                           :

------------------------------------------------------------

**SUPPLEMENT TO RESERVATION OF RIGHTS OF 605 THIRD AVENUE FEE LLC
RESPECTING MOTION TO APPROVE THE SALE AND THE ASSUMPTION AND
ASSIGNMENT OF CERTAIN CONTRACTS RELATED TO THE SALE OF THE
NEUBERGER BERMAN INVESTMENT MANAGEMENT DIVISION**

NOW COMES 605 Third Avenue Fee LLC ("605 Third Avenue"), successor in interest

to Fisher 40th and 3rd Company, by and through its undersigned counsel, respectfully states as

follows:[1]

PRELIMINARY STATEMENT

1.     On December 19, 2008, Debtors filed an Amendment to Unit Purchase

Agreement, dated as of December 1, 2008 (the "IMD Contract Amendments").  If read literally

the IMD Contract Amendments purport to give the Debtors, non-debtor Neuberger Berman LLC

---

[1]   605 Third Avenue files this Supplement to Reservation of Rights respecting a matter
involving a non-debtor solely to preserve its right to object to certain actions in these
proceedings as expressly provided herein.  This Supplement to Reservation of Rights shall not
constitute or be deemed to constitute the consent of 605 Third Avenue to the jurisdiction of this
(continued...)

and the Court the ability vitiate 605 Third Avenue's rights as landlord under the 605 Third

Avenue Lease and applicable non-bankruptcy law. Were Neuberger Berman LLC a debtor in

this case, sections 363 and 365 of the Bankruptcy Code would provide a framework for affecting

605 Third Avenue's rights under the 605 Third Avenue Lease with significant statutory

protections.[2] Under the terms of the IMD Contract Amendments, however, the Debtors have

rendered 605 Third Avenue vulnerable to the loss of its non-bankruptcy law rights in a context

where it is not entitled to any of the protections afforded landlords under the Bankruptcy Code.

Indeed, under various scenarios made possible by the IMD Contract Amendments discussed

below, 605 Third Avenue can be victimized by fraudulent transfers and violations of the New

York Limited Liability Company Law by being left without a source for the substantial damages

it would sustain if Neuberger Berman LLC's obligations as tenant under the 605 Third Avenue

Lease were consigned to an empty shell with no right to receive any of the transaction proceeds.

<u>BACKGROUND</u>

2.      On or about December 17, 2008, 605 Third Avenue filed the Reservation of

Rights of 605 Third Avenue Fee LLC Respecting Motion to Approve the Sale and the

Assumption and Assignment of Certain Contracts Related to the Sale of the Neuberger Berman

Investment Management Division (the "Reservation of Rights"). 605 Third Avenue hereby

---

(...continued)

Court respecting Debtors' cases or a waiver of any other similar such rights by 605 Third
Avenue.

[2] Prior to filing the proposed IMD Contract Amendments counsel for the Debtors advised
counsel for 605 Third Avenue that "[b]ecause Neuberger Berman LLC is the tenant on the lease,
and Neuberger Berman LLC is not a chapter 11 debtor, the lease will not be assumed or assigned
pursuant to the Bankruptcy Code." Annexed hereto as Exhibit A is a copy of an email sent on
December 10 by Debtors' counsel to counsel for 605 Third Avenue.

adopts and incorporates by reference the Reservation of Rights as if fully set forth herein.

Defined terms not otherwise defined herein are as defined in the Reservation of Rights.

3.      On December 19, 2008, Debtors filed the Notice of Filing of Amendment to Unit

Purchase Agreement (the "Notice"). Attached to the Notice are the IMD Contract Amendments.

Although there is no indication in the IMD Contract Amendments or otherwise that the IMD

Contract Amendments will necessarily affect 605 Third Avenue, because the IMD Contract

Amendments *could* affect 605 Third Avenue, 605 Third Avenue files this Supplement to

Reservation of Rights.

4.      The IMD Contract Amendments, among other provisions, purport to: (i) allow

LBHI and the Company (as such terms are defined in the IMD Contract) to amend Schedule I to

the IMD Contract to eliminate certain currently included entities; (ii) change the definitions of

Excluded Assets and Excluded Liabilities (as such terms are defined in the IMD Contract); and

(iii) allow LBHI and the Company to designate additional Excluded Assets and Excluded

Liabilities.

5.      Under the IMD Contract, before giving effect to the IMD Contract Amendments,

the equity of Neuberger Berman LLC was to be sold, transferred and assigned to the Company

and the Company could not designate any Neuberger Berman LLC assets or liabilities to be

excluded from the transaction. The effect of the IMD Contact Amendments, *inter alia*, allows

for any of the following consequences:

> A. The sale, transfer and assignment of the equity of Neuberger Berman LLC as
>
> previously contemplated can now occur, but the 605 Third Avenue Lease can be
>
> designated as an Excluded Asset. In that event the liabilities related to the 605
>
> Third Avenue Lease would, by operation of the Excluded Liabilities definition, be

included as Excluded Liabilities. As a result, the 605 Third Avenue Lease and the related obligations would be separated from Neuberger Berman LLC where such asset and liabilities presently reside without any basis in law.

B. The sale, transfer and assignment of the equity of Neuberger Berman LLC as was previously contemplated can now occur, but the liabilities related to the 605 Third Avenue Lease may be designated as Excluded Liabilities. In that event, the liabilities related to the 605 Third Avenue Lease would be separated not only from Neuberger Berman LLC as above, but those liabilities would also now be separated from the 605 Third Avenue Lease.

C. The sale, transfer and assignment of the Neuberger Berman LLC equity can be eliminated from the transaction and replaced by a sale of all of Neuberger Berman LLC's assets (as Purchased Assets) except the 605 Third Avenue Lease (whether by including the 605 Third Avenue Lease as an Excluded Asset or otherwise).

6.     Each of the foregoing scenarios is problematic respecting Neuberger Berman LLC and 605 Third Avenue, as non-debtors. As to the first example, as admitted by Debtors' counsel, any transfer of the 605 Third Avenue Lease has to comply with applicable non-bankruptcy law, including the satisfaction of all requirements of the 605 Third Avenue Lease. *See* Exhibit A hereto. Even under the narrow circumstances in which an assignment of the 605 Third Avenue Lease can be accomplished without 605 Third Avenue's consent (which circumstances themselves may not even be present depending on the manner in which the parties could attempt to dispose of the 605 Third Avenue Lease in accordance with the IMD Contract Amendments), the Third Avenue Lease requires Neuberger Berman LLC as the assigning tenant to remain obligated for the performance of all covenants, agreements, terms, provisions and conditions of

- 4 -

the 605 Third Avenue Lease.  The IMD Contract Amendments purport to vitiate this important

contractual requirement.

       7.      As to the second example, it is a basic legal principle that any assignment of a

liability without recourse to the assignor requires the consent of the party to whom the obligation

is owed.  "The underlying principle is that novation requires the consent of all parties to

substitute one obligation or agreement for another.  *Raymond v. Marks*, 1997 U.S. App. LEXIS

15246 at *5 (2d Cir. June 24, 1997).  Any transfer of the liability respecting the 605 Third

Avenue Lease without recourse to Neuberger Berman LLC would violate the express provisions

of the 605 Third Avenue Lease and require the consent of 605 Third Avenue, which consent 605

Third Avenue should have the right to grant or withhold in its sole and absolute discretion.  The

IMD Contract Amendments purport to vitiate such legal and contractual requirements.

       8.      As to the third example, although 605 Third Avenue acknowledges that

Neuberger Berman LLC can sell, transfer or assign any or all of its assets, all such transactions

are constrained by applicable law including N.Y. Ltd. Liab. Co. Law § 508 and N.Y. Debt. &

Cred. Law § 273, 273-A, 274, 275, 276, 276-A, 277.  The IMD Contract Amendments purport to

vitiate such legal provisions.

       9.      Debtors admit in Debtors' Omnibus Reply to Objections to the Sale of Purchased

Assets and the Assumption and Assignment of Contracts in Connection with Lehman Brothers'

Investment Management Division, at page 4, that this Court has no jurisdiction respecting

matters entirely between non-debtors, but nonetheless seek entry of the proposed Order which if

entered would sanction the elimination of otherwise valid and enforceable rights of non-debtors

such as 605 Third Avenue.  This Court cannot vitiate the non-bankruptcy law protections

afforded to 605 Third Avenue under the 605 Third Avenue Lease and its rights under applicable

law. *See In re Mariner Post Acute Network, Inc.*, 267 BR 46, 59 (Bankr. D. Del. 2001)

(recognizing that "a bankruptcy court's jurisdiction does not extend to property that is not part of

a debtor's estate."). *See also TM Patents, L.P. v. International Business Machines Corp.*, 121 F.

Supp.2d 349, 361 (S.D.N.Y. 2000) ("[E]ven a confirmed bankruptcy plan 'cannot furnish anyone

rights to what was not property of the debtor's estate'") (quoting *Terry Oilfield Supply Co. v.

American Sec. Bank, N.A.*, 195 B.R. 66, 73 (S.D. Tex.1996)).

  10. It is unclear whether 605 Third Avenue will be affected by the changes set forth

in the IMD Contract Amendments, but because the possibility of improper consequences exists,

all sections in the proposed Order which purport to limit 605 Third Avenue's rights including,

but not limited to, paragraphs A, B, F, G, I, K, L, N, O, Q, R, and S as well as 4, 6, 7, 8, 9, 10,

11, 12, 13, 14, 15, 16, 20, 21, 22 and 25 cannot and should not be binding and otherwise

enforceable against 605 Third Avenue, a non-debtor party to a contract with another non-debtor.

  11. For all the foregoing reasons, 605 Third Avenue requests that the proposed Order

be amended as set forth above and that this Court grant 605 Third Avenue such other and further

relief as is just and proper in the circumstances.

Dated: New York, New York
   December 21, 2008

        By:   */s/ Thomas L. Kent*
           Thomas L. Kent
          Leslie A. Plaskon
          Lawrence Mittman
          PAUL, HASTINGS, JANOFSKY & WALKER LLP
          75 East 55th Street
          New York, New York 10022
          Telephone: 212- 318-6000

          Attorneys for 605 Third Avenue Fee LLC

# EXHIBIT A

LEGAL_US_E # 82079797.6

**From:** Garrett.Fail@weil.com [mailto:Garrett.Fail@weil.com]
**Sent:** Wednesday, December 10, 2008 1:54 PM
**To:** Kent, Thomas L.
**Cc:** lori.fife@weil.com
**Subject:** RE: Lehman - Fisher Bros. Lease

Thomas,

The attached notice, which includes a copy of the purchase agreement and schedules relating to the successful bid for the IMD assets, was filed with the Bankruptcy Court yesterday.  You will note that the lease for 605 Third Avenue is listed on Schedule 1.1(j) to the purchase agreement.  Because Neuberger Berman LLC is the tenant on the lease, and Neuberger Berman LLC is not a chapter 11 debtor, the lease will not be assumed or assigned pursuant to the Bankruptcy Code.  To the extent that Neuberger Berman LLC will not remain the tenant upon closing of the proposed sale transaction, Neuberger Berman LLC will take whatever steps may be necessary to assign the lease pursuant to applicable non-bankruptcy law.

Regards,

Garrett Avery Fail
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
P: 212-310-8451
F: 212-310-8007

- 8 -