KELLEY DRYE & WARREN LLP
James S. Carr, Esq.
Sarah L. Reid, Esq.
Jonathan K. Cooperman, Esq.
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

Counsel for Plaintiffs BP Energy Company and
BP Corporation North America Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | **(Jointly Administered)** |
| **BP ENERGY COMPANY and BP CORPORATION NORTH AMERICA INC.,** Plaintiffs, -against- **LEHMAN BROTHERS HOLDINGS INC. and LEHMAN BROTHERS COMMODITY SERVICES INC.** Defendants. | Adv. Pro. No. |

**COMPLAINT**

BP Energy Company and BP Corporation North America (collectively, "BP"), by

and through their counsel, Kelley Drye & Warren LLP, as and for their complaint against

Lehman Brothers Holdings Inc. and Lehman Brothers Commodity Services Inc. (collectively,

"Lehman"), do hereby allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a), 157(b) and 1334(b) and the Standing Order of Referral of Cases to Bankruptcy Judges, dated July 10, 1984 (Ward, Acting C.J.). This adversary proceeding relates to the above-captioned bankruptcy cases now pending before this Court under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to 28 U.S.C. §1409(a), venue properly lies in this District where Lehman Brothers Holdings, Inc.'s chapter 11 case is pending.

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2). In the event that any part of this adversary proceeding is found to be non-core, BP consents to entry of final orders and/or judgment by this Court pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

## PARTIES

3. BP Energy Company is a Delaware corporation with its principal place of business at Houston, Texas.

4. BP Corporation North America Inc. is an Indiana corporation with its principal place of business at Warrenville, Illinois.

5. Upon information and belief, Defendant Lehman Brothers Commodity Services Inc. is a Delaware corporation with its principal place of business at 399 Park Avenue, New York, New York 10022.

6. Upon information and belief, Defendant Lehman Brothers Holdings Inc. is a Delaware corporation with its principal place of business at 399 Park Avenue, New York, New York 10022.

## NATURE OF ACTION

7. This is an adversary proceeding brought pursuant to Rule 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure, section 105(a) of the Bankruptcy Code for declaratory relief or alternatively for damages caused by Lehman's improper attempt to draw down a letter of credit posted by BP.

## STATEMENT OF FACTS

8. Lehman entered into a series of energy trades pursuant to a Master Power Purchase and Sale Agreement dated as of October 26, 2006 (the "Master Agreement").

9. On July 31, 2008, BP caused an Irrevocable Standby Letter of Credit, no. 080801IS644GBR (the "Letter of Credit"), to be issued by Calyon, London (the "Issuing Bank") in connection with transactions under the Master Agreement. The Letter of Credit is currently in the amount of $15 million. Lehman now seeks to draw down the full $15 million, even though Lehman is entitled to only $5,747,206.35 from BP and related entities after netting out the various obligations of the parties and their affiliates.

10. The Master Agreement at issue governs various agreements and underlying transactions among Lehman and various BP entities. From time to time, the parties entered into confirmations for energy and power trades. The parties netted out the amounts which each owed to the other at fixed times, as provided in confirmations under the Master Agreement.

11. The parties also provided for collateral to reduce credit risk upon an event of default. The collateral was adjusted frequently as a result of the fluctuating balances among the parties under the various agreements. Pursuant to the Master Agreement and Paragraph 10 to

the Collateral Annex thereto, the parties agreed that BP could provide collateral to Lehman in the form of cash or a letter of credit.

### The Letter of Credit

12. The Letter of Credit initially provided for an aggregate amount not exceeding $8 million and was payable to Lehman no more than three banking days following the receipt of the necessary documents. The Letter of Credit had an initial expiration date of December 31, 2008.

13. The Letter of Credit provides that the Issuing Bank, here Calyon, London, shall tender full or partial payment to Lehman upon Lehman's presentation to the Issuing Bank of a dated and signed statement that, *inter alia*,:

> "The Account Party has failed to cause the issuing bank to renew, substitute, or increase the amount of a Eligible Standby Letter of Credit and fewer than 20 days remain prior to expiration of such Letter of Credit."

14. The aggregate amount of the Letter of Credit was amended by the parties seven times. Each time the total amount was either increased or decreased in response to current trading activity. The latest of these amendments was on September 4, 2008, with a new limit of $15 million.

### The Lehman Bankruptcy and Subsequent Negotiations

15. On September 15, 2008, Lehman Brothers Holdings Inc. filed a voluntary petition commencing the above-referenced case seeking relief under Chapter 11 of the United States Bankruptcy Code. Sixteen additional affiliates of Lehman Brothers Holdings Inc., including Lehman Brothers Commodity Services Inc., subsequently filed petitions seeking relief under Chapter 11. The cases are jointly administered.

16. The Lehman bankruptcy is an event of default under the Master Agreement. Thus, Lehman becomes a "defaulting party" under the Master Agreement.

17. On September 15, 2008, BP terminated all of the underlying transactions relating to and governed by the Master Agreement and other various agreements in which BP entities were counterparties with Lehman, based on Lehman's event of default, and provided written notices of termination to Lehman. Under the terms of the Master Agreement and the Collateral Annex, Lehman, as a defaulting party, is not entitled to draw on the Letter of Credit, and is required to return the Letter of Credit to BP.

18. On November 20, 2008, BP informed Lehman in writing (the "November 20 Letter") that, based on the remaining obligations between Lehman and BP entities under the various agreements, and pursuant to Section 5.6 of the Master Agreement, BP owes Lehman a net settlement amount of $5,747,206.35 (the "Global Net Settlement Amount").

19. In the November 20 Letter, BP asked Lehman to confirm in writing that it agreed with BP's calculation of the Global Net Settlement Amount and to send instructions so that BP could remit such amount to Lehman.

20. Lehman has not responded to the November 20 Letter, and, to date, has not challenged BP's calculation of the Global Net Settlement Amount.

**Lehman's Improper Presentment for the Full Amount of the Letter of Credit**

21. On or about December 18, 2008, the Issuing Bank informed BP that Lehman had made a presentment for $15 million, or the entire remaining balance of the Letter of Credit. This amount is more than twice the net settlement amount owed by BP to Lehman.

22. The presentment is dated December 16, 2008, but, upon information and belief, was presented to the Issuing bank in London on December 18. The presentment states

5

that BP has failed to cause the Issuing Bank to renew, substitute, or increase the amount of the Letter of Credit, and fewer than 20 days remain until the expiration date. Under the terms of the Letter of Credit, the Issuing Bank has three business days to make payment. Upon information and belief, the drawdown will occur as early as 4:00 AM on Tuesday, December 23, 2008, New York time.

23. On December 18, when BP learned that Lehman was attempting to draw down the entire amount, BP directed the Issuing Bank to extend the Letter of Credit to March 31, 2009. Upon information and belief, the Issuing Bank advised BP that Lehman rejected such amendment and was insisting on a full draw down of the Letter of Credit.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

24. BP repeats and realleges each and every allegation contained in paragraphs 1 through 23 above as if fully set forth herein.

25. By reason of the foregoing, an actual justiciable controversy exists among the parties as to whether, under the governing Master Agreement, including the Collateral Annex, Lehman is entitled to draw down the Letter of Credit.

26. Under the terms of the governing agreements, Lehman, as a defaulting party, must return the Letter of Credit to BP and is prohibited from drawing on it.

27. Accordingly, BP seeks a judgment declaring that Lehman is not entitled to draw down the Letter of Credit, and directing the return of said Letter of Credit to BP.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

28. BP repeats and realleges each and every allegation contained in paragraphs 1 through 27 above as if fully set forth herein.

29. Due to the bankruptcy, Lehman is a defaulting party under the Master Agreement. As a defaulting party, Lehman is not permitted to draw down the full amount under the Letter of Credit.

30. Lehman's improper request to draw down the Letter of Credit constitutes a breach of the Master Agreement including the Collateral Annex.

31. BP has suffered and continues to suffer damages, including ordinary and special damages, as a result of the Defendant's breach of said agreement.

32. Accordingly, BP is entitled to judgment for all ordinary and special damages resulting from the Defendant's breach of contract, plus interest, costs and fees..

## THIRD CLAIM FOR RELIEF

### (Breach of the Covenant of Good Faith and Fair Dealing)

33. BP repeats and realleges each and every allegation contained in paragraphs 1 through 32 above as if fully set forth herein.

34. Lehman requested to draw down the full $15 million under the letter of credit, despite being on notice that BP only owes Lehman $5,747,206.35. Lehman never challenged BP's calculation of this amount.

35. Instead of negotiating in good faith with BP, Lehman improperly sought to draw down on the Letter of Credit in violation of the terms of the Master Agreement and in an amount that far exceeds what it is owed.

36. Lehman's conduct regarding the Letter of Credit, including but not limited to its attempt to improperly draw down the full amount, in breach of the Master Agreement, constitutes a breach of the covenant of good faith and fair dealing under the Master Agreement and the Letter of Credit.

37. BP has suffered and continues to suffer damages, including ordinary and special damages, as a result of Lehman's breach of the covenant of good faith and fair dealing.

38. Accordingly, BP is entitled to judgment for all ordinary and special damages resulting from the Defendant's breach, plus interest, costs and fees.

**WHEREFORE**, BP respectfully requests the following:

(1) On the First Claim for Relief, a judgment declaring that Lehman is not entitled to draw down the Letter of Credit, and directing the return of said Letter of Credit to BP;

(2) On the Second Claim for Relief, judgment against Lehman in an amount to be determined at trial for damages for breach of the Master Agreement;

(3) On the Third Claim for Relief, judgment against Lehman in an amount to be determined at trial for damages for breach of the implied covenant of good faith; and

(4) Such other and further relief as this Court deems just and proper under the circumstances.

Dated: New York, New York
       December 22, 2008

                                KELLEY DRYE & WARREN LLP

                                By: */s/ James S. Carr*
                                    James S. Carr, Esq.
                                    Sarah L. Reid, Esq.
                                    Jonathan K. Cooperman, Esq.
                                101 Park Avenue
                                New York, NY 10178
                                (212) 808-7800

                                Attorneys for Plaintiffs BP Energy
                                Company and BP Corporation North
                                America Inc.