# LEHMAN BROTHERS HOLDINGS INC.

December 19, 2008

NBSH Acquisition, LLC
c/o Neuberger Berman
605 Third Avenue
New York, New York 10158

        Re:    <u>Amendment to Unit Purchase Agreement, dated as of December 1, 2008</u>

Ladies and Gentlemen:

Reference is made to that certain Unit Purchase Agreement, dated as of December 1, 2008 (the "<u>Purchase Agreement</u>"), by and between NBSH Acquisition, LLC, a Delaware limited liability company, and Lehman Brothers Holdings Inc., a Delaware corporation. Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to such terms in the Purchase Agreement.

LBHI and the Company desire to amend the Purchase Agreement in order to permit the parties, prior to the Closing, to elect, (a) in lieu of the transfer of equity interests of certain Subsidiaries of LBHI to the Company (or applicable member of the Company Group), to cause the Purchased Assets owned by such Subsidiaries to be transferred to the Company (or applicable member of the Company Group) and the Assumed Liabilities of such Subsidiaries to be assumed by the Company (or applicable member of the Company Group), and/or (b) to cause certain (i) Purchased Assets to be Excluded Assets, and/ or (ii) Assumed Liabilities to be Excluded Liabilities. LBHI and the Company also desire to amend the Purchase Agreement in order to amend and clarify certain other matters set forth in the Purchase Agreement.

Accordingly, LBHI and the Company have agreed to make certain amendments to the Purchase Agreement. Pursuant to Section 10.3 of the Purchase Agreement, the Purchase Agreement is hereby amended as follows:

1. The definition of "Business Entities" in Section 1.1 of the Purchase Agreement is hereby amended and restated in its entirety to read as follows:

    "<u>Business Entities</u>" means, collectively, the entities listed on <u>Schedule I</u> hereto; <u>provided</u>, <u>however</u>, that, at any time prior to the Closing, LBHI and the Company may mutually agree to amend <u>Schedule I</u> hereto to add additional or eliminate entities.

2. The definition of "Estimated Closing Cash Target" in Section 1.1 of the Purchase Agreement is hereby amended and restated in its entirety to read as follows:

"Estimated Closing Cash Target" means: (i) the Earn-Out Cash Amount; *plus* (ii) an amount, which may not be less than zero, equal to $100,000,000, *minus* the Estimated Closing Net Working Capital.

3. Clause (n) of the definition of "Excluded Assets" in Section 1.1 of the Purchase Agreement is hereby amended and restated in its entirety to read as follows:

   (n)   any asset, interest or right that is designated as an Excluded Asset pursuant to Section 7.23;

4. Clause (b) of the definition of "Excluded Liabilities" in Section 1.1 of the Purchase Agreement is hereby amended and restated in its entirety to read as follows:

   (b)   any Liability that is designated as an Excluded Liability pursuant to Section 7.23;

5. The definition of "Final Closing Cash Target" in Section 1.1 of the Purchase Agreement is hereby amended and restated in its entirety to read as follows:

   "Final Closing Cash Target" means: (i) the Earn-Out Cash Amount; *plus* (ii) an amount, which may not be less than zero, equal to $100,000,000, *minus* the Final Net Working Capital.

6. The definition of "Purchased Marks" in Section 1.1 of the Purchase Agreement is hereby amended by adding the following sentence to the end of such definition:

   For the avoidance of doubt, "Purchased Marks" shall also include NEUBERGER and BERMAN as separate brands.

7. Section 7.19(d)(ii) of the Purchase Agreement is hereby amended and restated in its entirety as follows:

   (ii)   In addition, with regard to leasehold interests held by LBHI or its Subsidiaries which are used in the operation of the Business (including, but not limited to, the lease of 399 Park Avenue, New York, New York) and not subleased to a member of the Company Group pursuant to this Section 7.19, LBHI, to the extent reasonably practicable, shall provide reasonable prior notice to the Company before rejecting or otherwise acting to terminate the underlying lease prior to April 17, 2009.

8. Section 7.23 of the Purchase Agreement is hereby amended and restated in its entirety as follows:

   7.23   Right to Exclude. At any time prior to the Closing, LBHI and the Company may mutually agree to designate (a) as an Excluded Asset any asset, interest or right of any Acquired Subsidiary or that would otherwise constitute a Purchased Asset hereunder, (b) as an Excluded Asset the equity interests of any Subsidiary of a Business Entity, and if so designated pursuant to this Section 7.23,

such Subsidiary shall not be an Acquired Subsidiary for the purposes of this Agreement, (c) as a Purchased Asset the equity interests of any Subsidiary of an entity that is no longer a Business Entity following an amendment of Schedule I hereunder, and if so designated pursuant to this Section 7.23, such Subsidiary shall be an Acquired Subsidiary for the purposes of this Agreement, or (d) as an Excluded Liability any Liability of any Acquired Subsidiary or that would otherwise constitute an Assumed Liability hereunder.

9. LBHI's address in Section 10.4 of the Purchase Agreement is hereby amended and restated in its entirety as follows:

> Lehman Brothers Holdings Inc.
> 1271 Sixth Avenue
> New York, New York 10020
> Facsimile: 646 758 2652
> Attention: Chief Restructuring Officer

Except as amended hereby, all of the terms of the Purchase Agreement shall remain in full force and effect and are hereby ratified in all respects. On and after the date of this letter agreement, each reference in the Purchase Agreement to "this Agreement", "hereunder", "hereof", "herein" or words of like import, and each reference to the Purchase Agreement in any other agreements, documents or instruments executed and delivered pursuant to, in connection with or in relation to the Purchase Agreement, shall mean and be a reference to the Purchase Agreement, as amended by this letter agreement.

Each of the Company and, subject to the approval of the Bankruptcy Court, LBHI hereby represents and warrants to each other that: (a) such party has all requisite power and authority to execute and deliver this letter agreement; (b) the execution and delivery of this letter agreement by such party have been duly authorized by all requisite action on the part of such party; and (c) this letter agreement has been duly and validly executed and delivered by such party hereto.

THIS LETTER AGREEMENT, AND ALL CLAIMS OR CAUSES OF ACTION (WHETHER IN CONTRACT OR TORT) THAT MAY BE BASED UPON, ARISE OUT OF OR RELATE TO THIS LETTER AGREEMENT (INCLUDING ANY AMENDMENT, SUPPLEMENT OR WAIVER OF THIS LETTER AGREEMENT), OR THE NEGOTIATION, EXECUTION OR PERFORMANCE OF THIS LETTER AGREEMENT (INCLUDING ANY AMENDMENT, SUPPLEMENT OR WAIVER OF THIS LETTER AGREEMENT) AND THE TRANSACTIONS CONTEMPLATED HEREBY, SHALL BE GOVERNED BY THE INTERNAL LAWS OF THE STATE OF NEW YORK.

This letter agreement may be executed in multiple counterparts, each of which will be deemed to be an original copy of this letter agreement and all of which, when taken together, will be deemed to constitute one and the same agreement.

[Remainder of page intentionally left blank. Signature page follows.]

If the foregoing is consistent with your understanding, please so indicate by signing below and returning a copy of this letter to us.

Very truly yours,

LEHMAN BROTHERS HOLDINGS INC.

By: _____
Name: James P Fogarty
Title: Pres & co-COO

*ACCEPTED AND AGREED TO AS OF*
*THE DATE FIRST WRITTEN ABOVE:*

NBSH ACQUISITION, LLC

By: _____
Name:
Title:

By: _____
Name:
Title:

If the foregoing is consistent with your understanding, please so indicate by signing below and returning a copy of this letter to us.

Very truly yours,

LEHMAN BROTHERS HOLDINGS INC.

By: _____
    Name:
    Title:

ACCEPTED AND AGREED TO AS OF
THE DATE FIRST WRITTEN ABOVE:

NBSH ACQUISITION, LLC

By: _*[signature]*_____
Name:
Title:

By: _*[signature]*_____
Name:
Title: