**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
:
In re  :  **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :  **08-13555 (JMP)**
:
Debtors.  :  **(Jointly Administered)**
:
:
-----------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS**
**327(a) AND 328(a) OF THE BANKRUPTCY**
**CODE AND RULE 2014 AUTHORIZING THE RETENTION**
**AND EMPLOYMENT OF BLOOMER deVERE GROUP AVIA, INC. AS**
**DEBTORS' BROKER IN CONNECTION WITH THE SALES OF DEBTORS'**
**AVIATION ASSETS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

Upon consideration of the application, dated December 5, 2008 (the

"Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the

"Debtors"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for authorization to employ and retain Bloomer deVere Group Avia, Inc.

("Bloomer deVere") as the Debtors' broker in connection with the sales of the Debtors'

aviation assets *nunc pro tunc* to the Commencement Date, all as more fully described in the

Application; and upon the Declaration of Mark Bloomer, the President of Bloomer deVere (the

"Bloomer Declaration"), filed in support of the Application; and the Court being satisfied,

based on the representations made in the Application and the Bloomer Declaration, that

Bloomer deVere does not hold or represent an interest adverse to the Debtors' estates and that

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

Bloomer deVere is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Application is approved; and it is further

        ORDERED that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain Bloomer deVere as the Debtors' broker

in connection with the sales of the Debtors' aviation assets *nunc pro tunc* to the

Commencement Date on the terms set forth in the Application; and it is further

        ORDERED that Bloomer deVere shall receive compensation as set forth in the

Application and the Marketing Agreements without further order of the Court.

Dated: December 23, 2008
       New York, New York

                            */s/ James M. Peck*
                            UNITED STATES BANKRUPTCY JUDGE