# Exhibit 1

## Amendment No. 2 to Aircraft Sale and Purchase Agreement

NY2:\1948300\03\15RBG03!.DOC\58399.0003

CES AVIATION, LLC
c/o Lehman Brothers Inc.
1271 Sixth Avenue, 45th Floor
New York, NY 10020

December 18, 2008

Pegasus AV, LLC
c/o Scheuer, Yost & Patterson
125 Lincoln Avenue, Suite 223
Santa Fe, NM 87501
Attn: Ursula Gebert

Re:    Amendment No. 2 to Aircraft Sale and Purchase Agreement (the "Amendment")

Dear Ursula:

Reference is made to that certain Aircraft Sale and Purchase Agreement dated as of October 13, 2008 (as amended by that certain Amendment No. 1 to Aircraft Sale and Purchase Agreement dated October 27, 2008, the "Agreement") between CES Aviation, LLC ("Seller") and Pegasus AV, LLC ("Purchaser"). Capitalized terms used herein, but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Agreement.

Seller and Purchaser hereby agree that the Definitions of the terms "Balance of the Purchase Price" and "Purchase Price" in Section 1.1 of the Agreement are hereby amended and restated in their entirety as follows:

**"Balance of the Purchase Price"** means the amount of Twenty One Million One Hundred Fifty Thousand Dollars ($21,150,000.00), *i.e.*, the Purchase Price minus the Deposit received by the Escrow Agent.

**"Deposit"** means a purchase money deposit in the amount of Two Million Two Hundred Fifty Thousand Dollars ($2,250,000.00), which is refundable, subject to the terms and conditions of this Agreement.

**"Purchase Price"** means the amount of Twenty Three Million Four Hundred Thousand Dollars ($23,400,000.00).

Seller and Purchaser agree that the following Definition is hereby added to Section 1.1 of the Agreement in alphabetical order:

**"Order"** has the meaning set forth in Subsection 4.1.7.

Seller and Purchaser agree that a new Subsection 4.1.7 of the Agreement is hereby added to the Agreement in numerical order as follows:

"As promptly as practicable, Seller shall obtain an order ("Order") of the Bankruptcy Court approving the reduced Purchase Price of Twenty Three Million Four Hundred Thousand Dollars ($23,400,000.00). Purchaser agrees that it will promptly take such actions as are reasonably requested by Seller with respect to the Order."

Seller and Purchaser agree that a new Subsection 4.2.9 of the Agreement is hereby added to the Agreement in numerical order as follows:

"The obligation set forth in Subsection 4.1.7 shall have been satisfied."

Seller and Purchaser agree that a new Subsection 4.3.12 of the Agreement is hereby added in numerical order as follows:

"The obligation set forth in Subsection 4.1.7 shall have been satisfied."

Purchaser represents that it has delivered to Escrow Agent an additional Two Million Dollars ($2,000,000.00) to bring the total Deposit to Two Million Two Hundred Fifty Thousand Dollars ($2,250,000.00).

Seller and Purchaser hereby agree that Seller has obtained the Bankruptcy Court order referenced in Subsection 4.1.5 of the Agreement. Seller and Purchaser further agree that the Condition Precedent to Seller's Obligations in Subsection 4.2.6 of the Agreement and the Condition Precedent to Purchaser's Obligations in Subsection 4.3.9 of the Agreement are both hereby irrevocably deemed satisfied.

Seller and Purchaser hereby agree that the Inspection described in Section 3.2 of the Agreement has been completed, all Discrepancies have been corrected by Seller and the Aircraft is, as of the date hereof, in the required Delivery Condition. Seller and Purchaser further agree that the Condition Precedent to Purchaser's Obligations in Subsection 4.3.5 of the Agreement is hereby irrevocably deemed satisfied.

Except as expressly provided above, the Agreement is otherwise unmodified and each party hereto expressly reserves any and all of its respective rights and remedies under the Agreement.

**THIS AMENDMENT SHALL IN ALL RESPECTS BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK, UNITED STATES OF AMERICA, WITHOUT REFERENCE TO PRINCIPLES OF CONFLICTS OF LAW OTHER THAN SECTIONS 5-1401 AND 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW.**

Any dispute, claim or controversy arising out of or relating to this Amendment or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be

determined by arbitration in New York, New York, before one (1) arbitrator. The arbitration shall be administered by JAMS pursuant to its Streamlined Arbitration Rules and Procedures. Judgment on the Award may be entered in any court having jurisdiction. This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction.

The parties agree that the terms and conditions of this Amendment and the Agreement, taken together constitute the entire agreement between the parties with respect to the subject matter hereof. This Amendment and the Agreement taken together, supersede all prior agreements between the parties, express or implied.

The provisions of this Amendment shall not be varied otherwise than by an instrument in writing executed by or on behalf of both parties.

This Amendment may be executed in any number of counterparts, each of which when executed and delivered constitutes an original of this Amendment, but all the counterparts shall together constitute one and the same agreement.

Very truly yours,

CES AVIATION, LLC

By: *[signature]*
Name: Francine Kittredge

**ACCEPTED AND AGREED:**

PEGASUS AV, LLC

By: *[signature]*
Name: ~~Ursula Gobert~~ RALPH H. SCHEUER

GYPSY BABY, LLC

By: *[signature]*
Name: ~~Ursula Gobert~~ RALPH H. SCHEUER

INSURED AIRCRAFT TITLE SERVICE, INC.

By: _____
Name: _____
Title: _____

Very truly yours,

CES AVIATION, LLC

By: _____
Name: Francine Kittredge

### ACCEPTED AND AGREED:

PEGASUS AV, LLC

By: _____
Name: Ursula Gebert

GYPSY BABY, LLC

By: _____
Name: Ursula Gebert

INSURED AIRCRAFT TITLE SERVICE, INC.

By: _*[signature]*_____
Name: ___Joan F. Roberts_____
Title: _____Vice President_____