**Hearing Date and Time: January 14, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  January 9, 2009 at 5:00 p.m. (Prevailing Eastern Time)**

| | |
|---|---|
| HUGHES HUBBARD & REED LLP | WEIL, GOTSHAL & MANGES LLP |
| One Battery Park Plaza | 767 Fifth Avenue |
| New York, New York 10004 | New York, New York 10153 |
| Telephone: (212) 837-6000 | Telephone: (212) 310-8000 |
| Facsimile: (212) 4224726 | Facsimile: (212) 310-8007 |
| James B. Kobak, Jr. | Harvey R. Miller |
| David W. Wiltenburg | Jacqueline Marcus |
| Daniel S. Lubell | |
| Christopher K. Kiplok | Attorneys for Debtors |
| Jeffrey S. Margolin | and Debtors in Possession |

Attorneys for James W. Giddens, Esq.,
as Trustee for the SIPA Liquidation of
the Business of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                    :
In re                                                               :    Chapter 11 Case No.
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                        :    **08-13555 (JMP)**
                                                                    :
                                        Debtors.                    :    **(Jointly Administered)**
                                                                    :
-------------------------------------------------------------------x
                                                                    :
In re                                                               :
                                                                    :
**LEHMAN BROTHERS INC.**                                            :    **08-01420 (JMP) SIPA**
                                                                    :
                                        Debtor.                     :
                                                                    :
-------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER**
**PROVIDING FOR LEHMAN BROTHERS INC.'S ASSUMPTION**
**AND ASSIGNMENT OF ADMINISTRATIVE AGENCY**
**AGREEMENTS TO LEHMAN COMMERCIAL PAPER INC.**

PLEASE TAKE NOTICE that the Stipulation and Agreed Order Providing for

Lehman Brothers Inc.'s Assumption and Assignment of Administrative Agency Agreements to

Lehman Commercial Paper Inc. (the "Stipulated Order"), annexed hereto, will be presented to

the Honorable James M. Peck, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York (the "Bankruptcy Court") for approval and signature on

**January 14, 2009 at 10:00 a.m. (Prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief

requested in the Stipulated Order shall be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court

for the Southern District of New York, shall set forth the name of the objecting party, the basis

for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with two hard copies

delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable

James M. Peck ("Chambers"), One Bowling Green, New York, New York 10004, Courtroom

601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:

Jacqueline Marcus, attorneys for the Debtors; (iii) Hughes Hubbard & Reed LLP, One Battery

Park Plaza, New York, New York 10004, Attn: James B. Kobak, Jr., Esq., David W. Wiltenburg,

Esq., Daniel S. Lubell, Esq., Christopher K. Kiplok, Esq., and Jeffrey S. Margolin, Esq.,

attorneys for James W. Giddens, Esq., as Trustee for the SIPA Liquidation of the Business of

Lehman Brothers Inc.; (iv) the Office of the United States Trustee for the Southern District of

New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004

(Attn:  Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope

Davis; (v) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New

York 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.,

attorneys for the official committee of unsecured creditors appointed in these cases; and (vi) any person or entity with a particularized interest in the Motion, so as to be received no later than **January 9, 2009 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that any claims for cure payments allegedly due under section 365(b) and the Administrative Agency Agreements shall be filed with the Court and served in the manner and by the time set forth in the preceding paragraph.

PLEASE TAKE FURTHER NOTICE that if an objection to the Stipulated Order is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order approving the Stipulated Order without further notice or a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 23, 2008
New York, New York

**HUGHES HUBBARD & REED LLP**

/s/ Daniel S. Lubell
James B. Kobak, Jr.
David W. Wiltenburg
Daniel S. Lubell
Christopher K. Kiplok
Jeffrey S. Margolin

One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 4224726


Attorneys for James W. Giddens, Esq.,
as Trustee for the SIPA Liquidation of
the Business of Lehman Brothers Inc.

**WEIL, GOTSHAL & MANGES LLP**

/s/ Jacqueline Marcus
Jacqueline Marcus

767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
:
In re                                                             :        **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*     :        **08-13555 (JMP)**
:
Debtors.                               :        **(Jointly Administered)**
:
---------------------------------------------------------------------x
:
In re                                                             :
:
**LEHMAN BROTHERS INC.,**                          :        **08-01420 (JMP) SIPA**
:
Debtor.                                :
:
---------------------------------------------------------------------x

**STIPULATION AND AGREED ORDER**
**PROVIDING FOR LEHMAN BROTHERS INC.'S**
**ASSUMPTION AND ASSIGNMENT OF ADMINISTRATIVE**
**AGENCY AGREEMENTS TO LEHMAN COMMERCIAL PAPER INC.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Commercial Paper Inc. ("LCPI"), an indirect subsidiary of Lehman

Brothers  Holdings Inc. ("LBHI"), as debtor and debtor in possession, and Lehman Brothers Inc.

("LBI"), by and through James W. Giddens (the "SIPA Trustee"), as Trustee for the Securities

Investor Protection Act ("SIPA") liquidation of the business of the LBI, hereby enter into this

Stipulation and Agreed Order (this "Stipulation") and stipulate and agree, as follows:

**RECITALS**

A.       Commencing on September 15, 2008 and periodically thereafter, LBHI

and certain of its subsidiaries, including LCPI, commenced with this Court voluntary cases (the

"Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. LCPI is authorized to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.    On September 19, 2008, a proceeding was commenced under SIPA with respect to LBI, and the SIPA Trustee was appointed under SIPA to administer LBI's estate Case No. 08-01420 (such proceeding, the "SIPA Proceeding").

C.    LBI is party to that certain Administrative Agency Agreement, dated May 22, 2008 (the "SASCO 2008 Administrative Agency Agreement") between LBI, as Administrative Agent,[1] and SASCO 2008-C2, LLC ("SASCO 2008"). SASCO 2008 is a securitization issuer, and LCPI owns the preferred membership interests in SASCO 2008. LCPI also owns a beneficial interest in a portion of the notes issued by SASCO 2008. Pursuant to the Indenture, dated May 22, 2008, Wells Fargo Bank, National Association is the Trustee for SASCO 2008 (the "SASCO 2008 Trustee").

D.    LBI is party to that certain Administrative Agency Agreement, dated July 25, 2008 (the "Verano CCS Administrative Agency Agreement") between LBI, as Administrative Agent, and Verano CCS, Ltd. ("Verano CCS"). Verano CCS is a securitization issuer, and LCPI owns a beneficial interest in the notes issued by Verano CCS. Pursuant to the Indenture, dated July 25, 2008, US Bank National Association ("US Bank") is the Trustee for Verano CCS (the "Verano CCS Trustee").

E.    LBI is party to that certain Administrative Agency Agreement, dated May 28, 2008 (the "Pine CCS Administrative Agency Agreement") between LBI, as Administrative

---

[1] Capitalized terms used and not defined herein shall have the meaning ascribed to them in the Administrative Agency Agreement.

Agent, and Pine CCS, Ltd. ("Pine CCS").  Pine CCS is a securitization issuer, and LCPI owns a beneficial interest in a portion of the notes issued by Pine CCS.  Pursuant to the Indenture, dated May 28, 2008, US Bank is the Trustee for Pine CCS (the "Pine CCS Trustee").

       F.     LBI is party to that certain Administrative Agency Agreement, dated April 28, 2008 (the "Spruce CCS Administrative Agency Agreement," and, together with the SASCO 2008 Administrative Agency Agreement, the Verano CCS Administrative Agency Agreement, and the Pine CCS Administrative Agency Agreement, each an "Administrative Agency Agreement" and collectively the "Administrative Agency Agreements") between LBI, as Administrative Agent, and Spruce CCS, Ltd. ("Spruce CCS," and together with SASCO 2008, Verano CCS, and Pine CCS, the "Issuers").  Spruce CCS is is a securitization issuer, and LCPI owns a beneficial interest in the notes issued by Spruce CCS.  Pursuant to the Indenture, dated April 28, 2008, US Bank is the Trustee for Spruce CCS (the "Spruce CCS Trustee," and, collectively with the SASCO 2008 Trustee, the Verano CCS Trustee, and the Pine CCS Trustee, the "Trustees").

       G.     Consistent with the mandate of the SIPA Trustee to wind-down the affairs of LBI, the SIPA Trustee has determined to terminate its role as Administrative Agent under each Administrative Agency Agreement.  LCPI, however, would like to assume the role as Administrative Agent under the Administrative Agency Agreements, in order to maximize the value of LCPI's interest in the notes issued by the Issuers and its residual interest in SASCO 2008.  Consequently, rather than reject the Administrative Agency Agreements, LBI has agreed to assume each Administrative Agency Agreement and to assign all of its rights and delegate all of its obligations thereunder to LCPI.

H.    On October 29, 2008, LBI and LCPI (the "Parties") entered into an Assignment and Assumption Agreement with respect to the SASCO 2008 Administrative Agency Agreement, a copy of which is annexed hereto as Exhibit A, providing for LBI's assumption and assignment of the SASCO 2008 Administrative Agency Agreement to LCPI and setting forth the terms upon which the Parties have agreed to proceed.  The Parties entered into substantially similar Assignment and Assumption Agreements, copies of which are annexed hereto as Exhibit B, Exhibit C, and Exhibit D, with respect to the remaining Administrative Agency Agreements (collectively, the "Assignment and Assumption Agreements") on December 16, 2008.

I.    LBHI provided the Issuers and the Trustees with written notice of the proposed assumption and assignment, in a form substantially similar to that annexed hereto as Exhibit E.  Specifically, LBHI so notified SASCO 2008 and the SASCO 2008 Trustee on November 13, 2008, and the remaining Issuers and Trustees on December 16, 2008.

J.    LCPI and LBI have agreed as follows:

**AGREED ORDER**

IT IS HEREBY AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1.    LBI hereby assumes and assigns to LCPI, pursuant to section 365(a) of the Bankruptcy Code, all of LBI's rights under each Administrative Agency Agreement and transfers and delegates to LCPI all of LBI's obligations under each Administrative Agency Agreement.  LCPI hereby acquires all of LBI's rights and assumes all of LBIs obligations under each Administrative Agency Agreement existing from and prior to the effective date of the

applicable Assignment and Assumption Agreement (the "Effective Date").  Such assumptions

and assignments shall take effect retroactively, *nunc pro tunc* to the applicable Effective Date.

2.      LCPI shall pay any cure costs that may be approved by this Court in

connection with the assumption of the Administrative Agency Agreements.

3.      The SIPA Trustee and the LBI estate shall continue to be entitled to

receive amounts, if any, that were due under the Administrative Agency Agreements prior to the

applicable Effective Date of the Assignment and Assumption Agreements.

4.      The SIPA Trustee and the LBI estate shall be relieved of any liability

resulting from any breach of the Administrative Agency Agreements subsequent to the Effective

Dates of the Assignment and Assumption Agreements.

5.      The Court shall retain jurisdiction to resolve any disputes or controversies

arising from or related to this Stipulation.

6.      Each person who executes this Stipulation on behalf of a party hereto

represents that he is duly authorized to execute this Stipulation on behalf of such party.

7.      This Stipulation may be executed in multiple counterparts, each of which

shall be deemed an original but all of which together shall constitute one and the same

instrument.  This Stipulation may be executed by facsimile or PDF signatures, and such facsimile

or PDF signatures will be deemed to be as valid as an original signature whether or not

confirmed by delivering the original signatures in person, by courier or mail, although it is the

parties' intention to deliver original signatures after delivery of facsimile signatures.

8.    If this Stipulation is not approved by the Bankruptcy Court, in both

LCPI's chapter 11 case and LBI's SIPA Proceeding, this Stipulation shall be deemed null and

void and shall not be referred to or used for any purpose by any of the parties hereto or any of the

other parties in LCPI's chapter 11 case or in LBI's SIPA Proceeding.  In addition, if this

Stipulation is not approved by the Bankruptcy Court, in both LCPI's chapter 11 case and LBI's

SIPA Proceeding, each Assignment and Assumption Agreement shall be deemed null and void.

Dated:  December 23, 2008
New York, New York

**HUGHES HUBBARD & REED LLP**          **WEIL, GOTSHAL & MANGES LLP**


/s/ Daniel S. Lubell_____          /s/ Jacqueline Marcus_____
James B. Kobak, Jr.                          Jacqueline Marcus
David W. Wiltenburg
Daniel S. Lubell                             767 Fifth Avenue
Christopher K. Kiplok                        New York, New York 10153
Jeffrey S. Margolin                          Telephone: (212) 310-8000
                                             Facsimile: (212) 310-8007
One Battery Park Plaza
New York, New York 10004                     Attorneys for Debtors
Telephone: (212) 837-6000                    and Debtors in Possession
Facsimile: (212) 4224726


Attorneys for James W. Giddens, Esq.,
as Trustee for the SIPA Liquidation of
the Business of Lehman Brothers Inc.




Dated: January __, 2009
        New York, New York


                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

**SASCO 2008-C2 LLC--Assignment and Assumption Agreement**

EXECUTION COPY

ASSIGNMENT AND ASSUMPTION AGREEMENT
WITH RESPECT TO ADMINISTRATIVE AGENCY AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Agreement") is made as of October 29, 2008 between Lehman Brothers Inc., a Delaware corporation ("Assignor"), and Lehman Commercial Paper Inc., a Delaware limited liability company ("Assignee"), and is related to the Administrative Agency Agreement (as defined below).

WHEREAS, Assignor entered into an Administrative Agency Agreement, dated May 22, 2008 (the "Administrative Agency Agreement"), between the Assignor, as Administrative Agent and SASCO 2008-C2, LLC ("SASCO");

WHEREAS, On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 with respect to Lehman Brothers, Inc. and James W. Giddens was appointed as Trustee for the liquidation of the business of Lehman Brothers Inc.;

WHEREAS, Assignor desires to assign all of its rights and delegate all of its obligations under the Administrative Agency Agreement to Assignee pursuant to Section 8 of the Administrative Agency Agreement;

WHEREAS, immediately prior to such assignment and assumption, the Administration Agent gave the Issuer and the Trustee the written notice thereof contemplated by the third paragraph of Section 8 of the Administrative Agency Agreement (a copy of such notice (along with evidence of delivery thereof) is attached hereto as Exhibit A); and

WHEREAS, for purposes of the Administrative Agency Agreement, the Assignee is an Affiliate of the Assignor which (a) is able to professionally and competently perform duties similar to those imposed upon the Administrative Agent under the Administrative Agency Agreement, (b) is legally qualified and has the capacity to act as Administrative Agent under the Administrative Agency Agreement; (c) employs principal personnel performing the duties required under the Administrative Agency Agreement who are among the same individuals who would have performed such duties had the assignment not occurred; and (d) intends to comply with the Administrative Agency Agreement.

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the parties hereby agree as follows:

1.    Definitions.   All capitalized terms used herein and not defined shall have the respective meanings set forth in the Administrative Agency Agreement.

2.    <u>Assignment and Assumption of Interest</u>.  Pursuant to Section 8 of the Administrative Agency Agreement, Assignor hereby assigns, transfers and delivers to Assignee all of Assignor's rights and assigns, transfers and delegates to Assignee all of Assignor's obligations under the Administrative Agency Agreement, and Assignee hereby acquires all of Assignor's rights and assumes all of Assignor's obligations under the Administrative Agency Agreement existing from and prior to the date hereof.

3.    <u>Representations</u>.  The Assignee hereby represents and warrants to the Assignor and the Trustee, for the benefit of the Secured Parties, as of the date hereof that:

(a)    it is a corporation duly organized under the laws of Delaware;

(b)    it has full power, authority and legal right to execute, deliver and perform this Agreement and intends to comply with the terms of the Administrative Agency Agreement;

(c)    it has duly authorized, executed and delivered this Agreement and this Agreement constitutes the legal, valid, binding agreement of Assignee, enforceable in accordance with its terms, except as such enforcement may be limited by bankruptcy, insolvency, reorganization, liquidation, receivership, moratorium and other law's relating to or affecting the enforcement of creditors' rights generally and by general principles of equity (regardless of whether such enforcement is considered in a proceeding in equity or at law);

(d)    no consent of any other Person and no consent, license, approval, or authorization of, or exemption by, or registration or declaration or filing with, any governmental authority, bureau or agency is required in connection with the execution, delivery or performance by it of this Agreement or consummation by it of the transactions contemplated by this Agreement;

(e)    it is able to professionally and competently perform duties similar to those imposed upon the Administrative Agent under the Administrative Agency Agreement;

(f)    it legally qualified and has the capacity to act as Administrative Agent under the Administrative Agency Agreement; and

(g)    it employs principal personnel performing the duties required under the Administrative Agency Agreement who are among the same individuals who would have performed such duties had the assignment not occurred.

In addition, the Assignee hereby remakes each of the representations and warranties of the Administrative Agent contained in Section 7 of the Administrative Agency Agreement; <u>provided</u> that the representation and warranty made in clause (vi) of

Section 7 is not remade with respect to clause (d) of Section 10 of the Administrative Agency Agreement.

    4.    <u>Effectiveness of this Agreement</u>.  This Agreement will become effective immediately subsequent to the execution and delivery of this Agreement by the parties hereto.

    5.    <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflict of laws.

    6.    <u>Counterparts</u>.  This Agreement may be executed in two or more counterparts, each of which shall constitute an original and all of which, when taken together shall constitute, one and the same agreement.

    7.    <u>Modification</u>.  This Agreement may not be modified, supplemented, altered or otherwise amended without the satisfaction of the Rating Agency Condition.

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as of the day and year first above written.

LEHMAN BROTHERS INC.

By:    James W. Giddens, as trustee for the liquidation of the business of Lehman Brothers Inc.

By:    Hughes Hubbard & Reed LLP, his attorneys

By: _____
Name: _____
Title: _____


LEHMAN BROTHERS COMMERCIAL PAPER INC.

By: _____
Name:
Title:

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as of the day and year first above written.

LEHMAN BROTHERS INC.

By:    James W. Giddens, as trustee for the liquidation of the business of Lehman Brothers Inc.

By:    Hughes Hubbard & Reed LLP, his attorneys

By:_____
Name:
Title:

LEHMAN BROTHERS COMMERCIAL PAPER INC.

By:_____
Name:    _Jeff F. Hr_
Title:    _Duly Authorized Signatory_

EXHIBIT A

FORM OF ASSIGNMENT NOTICE

October __, 2008

| | |
|---|---|
| Wells Fargo Bank, National Association<br>9062 Old Annapolis Road<br>Columbia, Maryland 21045<br>Attention: Corporate Trust Services | SASCO 2008-C2, LLC<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801 |
| | |

Re:    Administrative Agency Agreement, dated May 22, 2008 (the "Administrative Agency Agreement"), among SASCO 2008-C2, LLC (the "Issuer") and Lehman Brothers Inc. ("LBI")

     Pursuant to Section 8 of the Administrative Agency Agreement, LBI, as administrative agent, hereby gives notice to the Wells Fargo Bank, National Association that it has assigned its rights thereunder to Lehman Commercial Paper Inc. ("LCPI") pursuant to the Assignment and Assumption Agreement, dated October 30, 2008 between LBI and LCPI.

LEHMAN BROTHERS INC.

By:    James W. Giddens, as trustee for the
liquidation of the business of
Lehman Brothers Inc.

By:    Hughes Hubbard & Reed LLP, his
attorneys

By:_____
Name:
Title

# Exhibit B

**Pine CCS, Ltd. --Assignment and Assumption Agreement**

ASSIGNMENT AND ASSUMPTION AGREEMENT
WITH RESPECT TO ADMINISTRATIVE AGENCY AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Agreement") is made as of December 16, 2008 between Lehman Brothers Inc., a Delaware corporation ("Assignor"), and Lehman Commercial Paper Inc., a Delaware limited liability company ("Assignee"), and is related to the Administrative Agency Agreement (as defined below).

WHEREAS, Assignor entered into an Administrative Agency Agreement, dated as of May 28, 2008 (the "Administrative Agency Agreement"), between the Assignor, as Administrative Agent and Pine CCS, Ltd. (the "Issuer");

WHEREAS, On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 with respect to Lehman Brothers, Inc. and James W. Giddens was appointed as Trustee for the liquidation of the business of Lehman Brothers Inc.;

WHEREAS, Assignor desires to assign all of its rights and delegate all of its obligations under the Administrative Agency Agreement to Assignee pursuant to Section 7 of the Administrative Agency Agreement;

WHEREAS, immediately prior to such assignment and assumption, the Administration Agent gave the Issuer and the Trustee the written notice thereof contemplated by the third paragraph of Section 8 of the Administrative Agency Agreement (a copy of such notice (along with evidence of delivery thereof) is attached hereto as Exhibit A); and

WHEREAS, the holders of a majority of the Subordinated Notes issued by the Issuer have directed the Issuer to execute this Agreement.

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the parties hereby agree as follows:

1.    Definitions.  All capitalized terms used herein and not defined shall have the respective meanings set forth in the Administrative Agency Agreement.

2.    Assignment and Assumption of Interest.  Pursuant to Section 7 of the Administrative Agency Agreement, Assignor hereby assigns, transfers and delivers to Assignee all of Assignor's rights and assigns, transfers and delegates to Assignee all of Assignor's obligations under the Administrative Agency Agreement, and Assignee hereby acquires all of Assignor's rights and assumes all of Assignor's obligations under the Administrative Agency Agreement existing from and prior to the date hereof.

3.    <u>Representations</u>.  The Assignee hereby represents and warrants to the Assignor and the Trustee, for the benefit of the Secured Parties, as of the date hereof that:

(a)    it is a corporation duly organized under the laws of Delaware;

(b)    it has full power, authority and legal right to execute, deliver and perform this Agreement and intends to comply with the terms of the Administrative Agency Agreement;

(c)    it has duly authorized, executed and delivered this Agreement and this Agreement constitutes the legal, valid, binding agreement of Assignee, enforceable in accordance with its terms, except as such enforcement may be limited by bankruptcy, insolvency, reorganization, liquidation, receivership, moratorium and other law's relating to or affecting the enforcement of creditors' rights generally and by general principles of equity (regardless of whether such enforcement is considered in a proceeding in equity or at law);

(d)    no consent of any other Person and no consent, license, approval, or authorization of, or exemption by, or registration or declaration or filing with, any governmental authority, bureau or agency is required in connection with the execution, delivery or performance by it of this Agreement or consummation by it of the transactions contemplated by this Agreement;

(e)    it is able to professionally and competently perform duties similar to those imposed upon the Administrative Agent under the Administrative Agency Agreement; and

(f)    it legally qualified and has the capacity to act as Administrative Agent under the Administrative Agency Agreement.

4.    <u>Effectiveness of this Agreement</u>.  This Agreement will become effective immediately subsequent to the execution and delivery of this Agreement by the parties hereto.

5.    <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflict of laws.

6.    <u>Counterparts</u>.  This Agreement may be executed in two or more counterparts, each of which shall constitute an original and all of which, when taken together shall constitute, one and the same agreement.

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as of the day and year first above written.

LEHMAN BROTHERS INC.

By:    James W. Giddens, as trustee for the liquidation of the business of Lehman Brothers Inc.

By:    Hughes Hubbard & Reed LLP, his attorneys

By:_____
Name:    Daniel Lubell
Title:    Partner


LEHMAN BROTHERS COMMERCIAL PAPER INC.

By:_____
Name:
Title:

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as of the day and year first above written.

LEHMAN BROTHERS INC.

By:    James W. Giddens, as trustee for the liquidation of the business of Lehman Brothers Inc.

By:    Hughes Hubbard & Reed LLP, his attorneys

By:_____
Name:
Title:

LEHMAN BROTHERS COMMERCIAL PAPER INC.

By:_____
Name:
Title:

EXHIBIT A

FORM OF ASSIGNMENT NOTICE

December 16, 2008

| | |
|---|---|
| U.S. Bank National Association<br>214 Tryon Street, 26th Floor<br>Charlotte, North Carolina 28202<br>Attn: CDO Trust Services- Pine CCS, Ltd. | Pine CCS, Ltd.<br>c/o Maples Finance Limited<br>P.O. Box 1093<br>Boundary Hall, Cricket Square<br>Grand Cayman KY1-1102<br>Cayman Islands<br>Attn: Directors |
| | |

Re:    Administrative Agency Agreement, dated May 28, 2008
(the "Administrative Agency Agreement"), among Pine
CCS, Ltd. (the "Issuer") and Lehman Brothers Inc. ("LBI")

Pursuant to Section 7 of the Administrative Agency Agreement, LBI, as administrative agent, hereby gives notice to the Wells Fargo Bank, National Association that it has assigned its rights thereunder to Lehman Commercial Paper Inc. ("LCPI") pursuant to the Assignment and Assumption Agreement, dated December 16, 2008 between LBI and LCPI.

LEHMAN BROTHERS INC.

By:    James W. Giddens, as trustee for the
liquidation of the business of
Lehman Brothers Inc.

By:    Hughes Hubbard & Reed LLP, his
attorneys

By:_____
Name:
Title

# **Exhibit C**

**Spruce CCS, Ltd.--Assignment and Assumption Agreement**

ASSIGNMENT AND ASSUMPTION AGREEMENT
WITH RESPECT TO ADMINISTRATIVE AGENCY AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Agreement") is made as of December 16, 2008 between Lehman Brothers Inc., a Delaware corporation ("Assignor"), and Lehman Commercial Paper Inc., a Delaware limited liability company ("Assignee"), and is related to the Administrative Agency Agreement (as defined below).

WHEREAS, Assignor entered into an Administrative Agency Agreement, dated as of April 28, 2008 (the "Administrative Agency Agreement"), between the Assignor, as Administrative Agent and Spruce CCS, Ltd. (the "Issuer");

WHEREAS, On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 with respect to Lehman Brothers, Inc. and James W. Giddens was appointed as Trustee for the liquidation of the business of Lehman Brothers Inc.;

WHEREAS, Assignor desires to assign all of its rights and delegate all of its obligations under the Administrative Agency Agreement to Assignee pursuant to Section 7 of the Administrative Agency Agreement;

WHEREAS, immediately prior to such assignment and assumption, the Administration Agent gave the Issuer and the Trustee the written notice thereof contemplated by the third paragraph of Section 8 of the Administrative Agency Agreement (a copy of such notice (along with evidence of delivery thereof) is attached hereto as Exhibit A); and

WHEREAS, the holders of a majority of the Subordinated Notes issued by the Issuer have directed the Issuer to execute this Agreement.

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the parties hereby agree as follows:

1.      Definitions.  All capitalized terms used herein and not defined shall have the respective meanings set forth in the Administrative Agency Agreement.

2.      Assignment and Assumption of Interest.  Pursuant to Section 7 of the Administrative Agency Agreement, Assignor hereby assigns, transfers and delivers to Assignee all of Assignor's rights and assigns, transfers and delegates to Assignee all of Assignor's obligations under the Administrative Agency Agreement, and Assignee hereby acquires all of Assignor's rights and assumes all of Assignor's obligations under the Administrative Agency Agreement existing from and prior to the date hereof.

3.     _Representations_.  The Assignee hereby represents and warrants to the Assignor and the Trustee, for the benefit of the Secured Parties, as of the date hereof that:

(a)     it is a corporation duly organized under the laws of Delaware;

(b)     it has full power, authority and legal right to execute, deliver and perform this Agreement and intends to comply with the terms of the Administrative Agency Agreement;

(c)     it has duly authorized, executed and delivered this Agreement and this Agreement constitutes the legal, valid, binding agreement of Assignee, enforceable in accordance with its terms, except as such enforcement may be limited by bankruptcy, insolvency, reorganization, liquidation, receivership, moratorium and other law's relating to or affecting the enforcement of creditors' rights generally and by general principles of equity (regardless of whether such enforcement is considered in a proceeding in equity or at law);

(d)     no consent of any other Person and no consent, license, approval, or authorization of, or exemption by, or registration or declaration or filing with, any governmental authority, bureau or agency is required in connection with the execution, delivery or performance by it of this Agreement or consummation by it of the transactions contemplated by this Agreement;

(e)     it is able to professionally and competently perform duties similar to those imposed upon the Administrative Agent under the Administrative Agency Agreement; and

(f)     it legally qualified and has the capacity to act as Administrative Agent under the Administrative Agency Agreement.

4.     _Effectiveness of this Agreement_.  This Agreement will become effective immediately subsequent to the execution and delivery of this Agreement by the parties hereto.

5.     _Governing Law_.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflict of laws.

6.     _Counterparts_.  This Agreement may be executed in two or more counterparts, each of which shall constitute an original and all of which, when taken together shall constitute, one and the same agreement.

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as of the day and year first above written.

LEHMAN BROTHERS INC.

By:    James W. Giddens, as trustee for the liquidation of the business of Lehman Brothers Inc.

By:    Hughes Hubbard & Reed LLP, his attorneys

By: _____

Name: _____

Title: _____

LEHMAN BROTHERS COMMERCIAL PAPER INC.

By: _____

Name: _____

Title: _____

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as of the day and year first above written.

LEHMAN BROTHERS INC.

By:     James W. Giddens, as trustee for the liquidation of the business of Lehman Brothers Inc.

By:     Hughes Hubbard & Reed LLP, his attorneys

By:_____
Name:
Title:

LEHMAN BROTHERS COMMERCIAL PAPER INC.

By:_____
Name:
Title:

EXHIBIT A

FORM OF ASSIGNMENT NOTICE

December 16, 2008

| | |
|---|---|
| U.S. Bank National Association<br>214 Tryon Street, 26th Floor<br>Charlotte, North Carolina 28202<br>Attn: CDO Trust Services- Spruce CCS, Ltd. | Spruce CCS, Ltd.<br>c/o Maples Finance Limited<br>P.O. Box 1093<br>Boundary Hall, Cricket Square<br>Grand Cayman KY1-1102<br>Cayman Islands<br>Attn: Directors |
| | |

Re:    Administrative Agency Agreement, dated April 28, 2008
(the "Administrative Agency Agreement"), among Spruce
CCS, Ltd. (the "Issuer") and Lehman Brothers Inc. ("LBI")

Pursuant to Section 7 of the Administrative Agency Agreement, LBI, as administrative agent, hereby gives notice to the Wells Fargo Bank, National Association that it has assigned its rights thereunder to Lehman Commercial Paper Inc. ("LCPI") pursuant to the Assignment and Assumption Agreement, dated December 16, 2008 between LBI and LCPI.

LEHMAN BROTHERS INC.

By:     James W. Giddens, as trustee for the
        liquidation of the business of
        Lehman Brothers Inc.

By:     Hughes Hubbard & Reed LLP, his
        attorneys


By:_____
Name:
Title

## **Exhibit D**

**Verano CCS, Ltd.--Assignment and Assumption Agreement**

ASSIGNMENT AND ASSUMPTION AGREEMENT
WITH RESPECT TO ADMINISTRATIVE AGENCY AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Agreement") is made as of December 16, 2008 between Lehman Brothers Inc., a Delaware corporation ("Assignor"), and Lehman Commercial Paper Inc., a Delaware limited liability company ("Assignee"), and is related to the Administrative Agency Agreement (as defined below).

WHEREAS, Assignor entered into an Administrative Agency Agreement, dated as of July 25, 2008 (the "Administrative Agency Agreement"), between the Assignor, as Administrative Agent and Verano CCS, Ltd. (the "Issuer");

WHEREAS, On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 with respect to Lehman Brothers, Inc. and James W. Giddens was appointed as Trustee for the liquidation of the business of Lehman Brothers Inc.;

WHEREAS, Assignor desires to assign all of its rights and delegate all of its obligations under the Administrative Agency Agreement to Assignee pursuant to Section 7 of the Administrative Agency Agreement;

WHEREAS, immediately prior to such assignment and assumption, the Administration Agent gave the Issuer and the Trustee the written notice thereof contemplated by the third paragraph of Section 8 of the Administrative Agency Agreement (a copy of such notice (along with evidence of delivery thereof) is attached hereto as Exhibit A); and

WHEREAS, the holders of a majority of the Subordinated Notes issued by the Issuer have directed the Issuer to execute this Agreement.

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the parties hereby agree as follows:

1.      Definitions.  All capitalized terms used herein and not defined shall have the respective meanings set forth in the Administrative Agency Agreement.

2.      Assignment and Assumption of Interest.  Pursuant to Section 7 of the Administrative Agency Agreement, Assignor hereby assigns, transfers and delivers to Assignee all of Assignor's rights and assigns, transfers and delegates to Assignee all of Assignor's obligations under the Administrative Agency Agreement, and Assignee hereby acquires all of Assignor's rights and assumes all of Assignor's obligations under the Administrative Agency Agreement existing from and prior to the date hereof.

3.    <u>Representations</u>.  The Assignee hereby represents and warrants to the Assignor and the Trustee, for the benefit of the Secured Parties, as of the date hereof that:

(a)    it is a corporation duly organized under the laws of Delaware;

(b)    it has full power, authority and legal right to execute, deliver and perform this Agreement and intends to comply with the terms of the Administrative Agency Agreement;

(c)    it has duly authorized, executed and delivered this Agreement and this Agreement constitutes the legal, valid, binding agreement of Assignee, enforceable in accordance with its terms, except as such enforcement may be limited by bankruptcy, insolvency, reorganization, liquidation, receivership, moratorium and other law's relating to or affecting the enforcement of creditors' rights generally and by general principles of equity (regardless of whether such enforcement is considered in a proceeding in equity or at law);

(d)    no consent of any other Person and no consent, license, approval, or authorization of, or exemption by, or registration or declaration or filing with, any governmental authority, bureau or agency is required in connection with the execution, delivery or performance by it of this Agreement or consummation by it of the transactions contemplated by this Agreement;

(e)    it is able to professionally and competently perform duties similar to those imposed upon the Administrative Agent under the Administrative Agency Agreement; and

(f)    it legally qualified and has the capacity to act as Administrative Agent under the Administrative Agency Agreement.

4.    <u>Effectiveness of this Agreement</u>.  This Agreement will become effective immediately subsequent to the execution and delivery of this Agreement by the parties hereto.

5.    <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflict of laws.

6.    <u>Counterparts</u>.  This Agreement may be executed in two or more counterparts, each of which shall constitute an original and all of which, when taken together shall constitute, one and the same agreement.

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as of the day and year first above written.

LEHMAN BROTHERS INC.

By:    James W. Giddens, as trustee for the liquidation of the business of Lehman Brothers Inc.

By:    Hughes Hubbard & Reed LLP, his attorneys

By: _____
Name:    David Wolff
Title:    Partner


LEHMAN BROTHERS COMMERCIAL PAPER INC.

By: _____
Name:
Title:

IN WITNESS WHEREOF, the parties hereto have duly executed this
Agreement as of the day and year first above written.

LEHMAN BROTHERS INC.

By:     James W. Giddens, as trustee for the
        liquidation of the business of
        Lehman Brothers Inc.

By:     Hughes Hubbard & Reed LLP, his
        attorneys

By:_____
Name:
Title:

LEHMAN BROTHERS COMMERCIAL
PAPER INC.

By: _____
Name:
Title:

EXHIBIT A

FORM OF ASSIGNMENT NOTICE

December 16, 2008

| | |
|---|---|
| U.S. Bank National Association<br>214 Tryon Street, 26th Floor<br>Charlotte, North Carolina 28202<br>Attn: CDO Trust Services- Verano CCS, Ltd. | Verano CCS, Ltd.<br>c/o Maples Finance Limited<br>P.O. Box 1093<br>Boundary Hall, Cricket Square<br>Grand Cayman KY1-1102<br>Cayman Islands<br>Attn: Directors |
| | |

Re:    Administrative Agency Agreement, dated July 25, 2008
(the "Administrative Agency Agreement"), among Verano
CCS, Ltd. (the "Issuer") and Lehman Brothers Inc. ("LBI")

Pursuant to Section 7 of the Administrative Agency Agreement, LBI, as administrative agent, hereby gives notice to the Wells Fargo Bank, National Association that it has assigned its rights thereunder to Lehman Commercial Paper Inc. ("LCPI") pursuant to the Assignment and Assumption Agreement, dated December 16, 2008 between LBI and LCPI.

LEHMAN BROTHERS INC.

By:    James W. Giddens, as trustee for the liquidation of the business of Lehman Brothers Inc.

By:    Hughes Hubbard & Reed LLP, his attorneys

By:_____
Name:
Title

# Exhibit E

**Form of Assignment Notices**

FORM OF ASSIGNMENT NOTICE

November __, 2008

| Wells Fargo Bank, National Association<br>9062 Old Annapolis Road<br>Columbia, Maryland 21045<br>Attention: Corporate Trust Services | SASCO 2008-C2, LLC<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801 |
| --- | --- |
| | |

**Re:    Administrative Agency Agreement, dated May 22, 2008
(the "Administrative Agency Agreement"), among
SASCO 2008-C2, LLC (the "Issuer") and Lehman
Brothers Inc. ("LBI")**

Pursuant to Section 8 of the Administrative Agency Agreement, LBI, as administrative agent, hereby gives notice to the Wells Fargo Bank, National Association that it has assigned its rights thereunder to Lehman Commercial Paper Inc. ("LCPI") pursuant to the Assignment and Assumption Agreement, dated October 30, 2008 between LBI and LCPI.

FORM OF ASSIGNMENT NOTICE

December 16, 2008

| | |
|---|---|
| U.S. Bank National Association<br>214 Tryon Street, 26th Floor<br>Charlotte, North Carolina 28202<br>Attn: CDO Trust Services- Verano CCS, Ltd. | Verano CCS, Ltd.<br>c/o Maples Finance Limited<br>P.O. Box 1093<br>Boundary Hall, Cricket Square<br>Grand Cayman KY1-1102<br>Cayman Islands<br>Attn: Directors |
| | |

Re:   Administrative Agency Agreement, dated July 25, 2008
(the "Administrative Agency Agreement"), among Verano
CCS, Ltd. (the "Issuer") and Lehman Brothers Inc. ("LBI")

Pursuant to Section 7 of the Administrative Agency Agreement, LBI, as administrative agent, hereby gives notice to the U.S. Bank National Association that it has assigned its rights thereunder to Lehman Commercial Paper Inc. ("LCPI") pursuant to the Assignment and Assumption Agreement, dated December 16, 2008 between LBI and LCPI.

13

FORM OF ASSIGNMENT NOTICE

December 16, 2008

| | |
|---|---|
| U.S. Bank National Association<br>214 Tryon Street, 26th Floor<br>Charlotte, North Carolina 28202<br>Attn: CDO Trust Services- Pine CCS, Ltd. | Pine CCS, Ltd.<br>c/o Maples Finance Limited<br>P.O. Box 1093<br>Boundary Hall, Cricket Square<br>Grand Cayman KY1-1102<br>Cayman Islands<br>Attn: Directors |
| | |

Re:    Administrative Agency Agreement, dated May 28, 2008 (the "Administrative Agency Agreement"), among Pine CCS, Ltd. (the "Issuer") and Lehman Brothers Inc. ("LBI")

Pursuant to Section 7 of the Administrative Agency Agreement, LBI, as administrative agent, hereby gives notice to the U.S. Bank National Association that it has assigned its rights thereunder to Lehman Commercial Paper Inc. ("LCPI") pursuant to the Assignment and Assumption Agreement, dated December 16, 2008 between LBI and LCPI.

FORM OF ASSIGNMENT NOTICE

December 19, 2008

| | |
|---|---|
| U.S. Bank National Association<br>214 Tryon Street, 26th Floor<br>Charlotte, North Carolina 28202<br>Attn: CDO Trust Services- Spruce CCS, Ltd. | Spruce CCS, Ltd.<br>c/o Maples Finance Limited<br>P.O. Box 1093<br>Boundary Hall, Cricket Square<br>Grand Cayman KY1-1102<br>Cayman Islands<br>Attn: Directors |
| | |

Re:    Administrative Agency Agreement, dated April 28, 2008 (the "Administrative Agency Agreement"), among Spruce CCS, Ltd. (the "Issuer") and Lehman Brothers Inc. ("LBI")

　　　　Pursuant to Section 7 of the Administrative Agency Agreement, LBI, as administrative agent, hereby gives notice to the U.S. Bank National Association that it has assigned its rights thereunder to Lehman Commercial Paper Inc. ("LCPI") pursuant to the Assignment and Assumption Agreement, dated December 16, 2008 between LBI and LCPI.