LATHAM & WATKINS LLP
Michael J. Riela (MR-7829)
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: michael.riela@lw.com

and

Richard A. Levy
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: richard.levy@lw.com

Attorneys for GE Corporate Financial Services, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** ) | **Chapter 11** |
| ) | |
| **LEHMAN BROTHERS HOLDINGS INC., et al.** ) | **Case No. 08-13555 (JMP)** |
| ) | |
| Debtors. ) | **Jointly Administered** |
| ) | |
| ) | |

**MOTION OF GE CORPORATE FINANCIAL SERVICES, INC., AS LOAN SERVICER
FOR FUSION FUNDING LIMITED AND FUSION FUNDING LUXEMBOURG,
S.A.R.L., FOR RELIEF FROM THE AUTOMATIC STAY**

GE Corporate Financial Services, Inc., by and through its undersigned counsel, hereby moves (the "Motion") this Court for an order pursuant to 11 U.S.C. §§ 105(a) and 362(d)(2) lifting the automatic stay to permit GE Corporate Financial Services, Inc. (and any affiliate thereof serving as a sub-servicer, collectively, "GECFS"), as loan servicer and sub-servicer (collectively, "Loan Servicer") for Fusion Funding Limited ("Fusion") and its

CH\1073566.3

Luxembourg affiliate, Fusion Funding Luxembourg, S.A.R.L. ("Fusion-Lux" and together with Fusion, the "Fusion Entities"), to provide notice of termination to Lehman Commercial Paper Inc., including its UK Branch (collectively, "LCPI"), of all outstanding Fusion Trade Confirmations (as defined below) in accordance with the termination provisions of that certain Master Loan Purchase Agreement, dated August 18, 2008, (the "MLPA") among the Fusion Entities, LCPI and a non-US debtor affiliate, Lehman Brothers Bankhaus AG-UK Branch (together with LCPI, the "Lehman Sellers"). In support of this Motion, GECFS, as Loan Servicer on behalf of the Fusion Entities, respectfully represents as follows:

## INTRODUCTION

1. On October 5, 2008 (the "Petition Date"), LCPI filed with this Court a voluntary petition for relief (the "Petition") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). LCPI's chapter 11 case is being jointly administered for procedural purposes only with the chapter 11 cases commenced by Lehman Brothers Holdings Inc. and certain other U.S. affiliates (together with LCPI, the "Debtors"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over the Debtors' chapter 11 cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are §§ 105(a) and 362(d) of the Bankruptcy Code and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure. Venue of the Debtors' chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2

CH\1073566.3

**FACTS**

3.  Fusion is a Bermuda exempted limited liability company, and Fusion-Lux is a Luxembourg limited liability company. As described in greater detail below, the Fusion Entities are special purpose vehicles formed to purchase certain commercial loans from the Lehman Sellers, funded almost exclusively from the proceeds of a secured credit facility provided by General Electric Capital Corporation ("GECC").

4.  GECFS, in its capacity as the Loan Servicer for the Fusion Entities, is authorized to perform certain services on behalf of the Fusion Entities pursuant to that certain Loan Servicing Agreement (the "Loan Servicing Agreement"), dated as of August 18, 2008, by and among the Fusion Entities and GECFS, as Loan Servicer. With the approval of the Fusion Board of Directors, GECFS, as Loan Servicer, is filing this Motion on behalf of the Fusion Entities.

5.  On or about August 18, 2008, LCPI and the Fusion Entities executed a Master Loan Purchase Agreement (the "MLPA"), pursuant to which LCPI and the other Lehman Seller agreed to use commercially reasonable efforts to sell, and the Fusion Entities agreed to use commercially reasonable efforts to purchase, certain specified commercial loans (the "Lehman Loan Assets") for a 75-day period, ending November 1, 2008 (the "Termination Date"). A true and correct copy of the MLPA is attached as Exhibit A to this Motion.[1] The aggregate principal amount of the Lehman Loan Assets intended to be covered by the MLPA exceeded $913 million.

6.  To effectuate the loan acquisition arrangement contemplated by the MLPA, the applicable Lehman Seller and the applicable Fusion Entity entered into individual LSTA Par/Near Par Trade Confirmation (collectively, the "Fusion Trade Confirmations") for each of

---

[1] Confidential pricing information not relevant to this Motion has been redacted from the MLPA attached as Exhibit A.

the Lehman Loan Assets covered by the MLPA. A true and correct copy of the LSTA Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "LSTA Standard Terms and Conditions"), which are incorporated into each of the Fusion Trade Confirmations, is attached as Exhibit B to this Motion. Each of the Fusion Trade Confirmations is dated shortly before the MLPA. Each Fusion Trade Confirmation is subject to, and qualified by, the provisions of the MLPA.[2]

7. To finance its acquisition of the Lehman Loan Assets, Fusion obtained a secured credit facility in a maximum principal amount of approximately $775,389,297 from GECC pursuant to a Credit Agreement (the "Credit Agreement"), dated as of August 18, 2008, by and among Fusion and GECC as Administrative Agent and as the sole Lender. Pursuant to various security documents, the loan obligations owing to GECC under the Credit Agreement are secured by first priority liens on all or substantially all of Fusion's assets, including all Lehman Loan Assets acquired by Fusion from time to time.

8. Because the MLPA contemplated that the parties might not be able to consummate the sale/purchase of certain of the Lehman Loan Assets until after the August 18, 2008 closing, the parties expressly and unambiguously structured the loan acquisition arrangement to protect the Fusion Entities (and GECC, as Fusion's secured lender) against the market risks associated with any undue delay in consummating any loan acquisitions under the MLPA.

---

[2] See also Section 21 of the LSTA Standard Terms and Conditions, which provides "each of Buyer and Seller agrees to be legally bound to any other transaction between them (whether entered into before or after the Trade Date) with respect to the assignment, purchase, sale and/or participation of commercial and/or bank par/near par loans, or interest therein, upon reaching agreement to the terms thereof (whether by telephone, exchange of electronic messages or otherwise, directly or through their respective agents, and whether the subject of a confirmation), subject to all the other terms and conditions set forth in any confirmation relating to such transaction, or otherwise agreed." Ex. B (Emphasis added).

4

CH\1073566.3

9. First, the parties expressly limited the time period for the sale and purchase of Lehman Loan Assets to 75 days (the so-called "Ramp-Up Period"), which ended on the November 1, 2008 (the so-called "Termination Date"). Upon the expiration of the Ramp-Up Period, neither the Lehman Sellers nor the Fusion Entities had any obligation to continue to use commercially reasonable efforts to sell or purchase any further Lehman Loan Assets.

10. Second, and most important, once the Termination Date occurred, Section 5.1(b) of the MLPA entitled each of the Fusion Entities in its sole discretion to terminate at any time any unconsummated Fusion Trade Confirmation:

> [T]o the extent that the purchase and sale of any Financial Asset has not settled on or prior to the Termination Date [defined as seventy-five (75) days after August 18, 2008] in accordance with the terms hereof, the applicable Buyer may, in its sole discretion, elect to terminate its obligations to purchase such Financial Asset under this Agreement, and any applicable Trade Confirmation, by notifying the applicable Seller of such election in writing.[3]

Because the MLPA fully addressed the parties' termination and other rights with respect to any Lehman Loan Asset not sold on the August 18 closing date, the parties agreed in the Fusion Trade Confirmations to make inapplicable the provisions of the LSTA Standard Terms and

---

[3] The parties also agreed to protect the Fusion Entities (and GECC) from the failure of the Lehman Sellers to sell to the Fusion Entities a specified threshold amount of the Lehman Loan Assets (set at $800 million in face amount of the Lehman Loan Assets) by the Termination Date. Upon the occurrence of this so-called "Ramp-Up Failure Event" (as defined in the Credit Agreement), GECC is entitled to unwind the arrangement by directing Fusion to liquidate all Lehman Loan Assets then owned by Fusion, at which point the MLPA automatically terminates. See Section 2.12 of the Credit Agreement. As of the Termination Date, LCPI and the other Lehman Seller had sold to Fusion far less than the minimum threshold of $800 million in Lehman Loan Assets. Consequently, a Ramp-Up Failure Event has occurred, and the MLPA is therefore subject to automatic termination pursuant to Section 5.1(a) thereof. Moreover, as a result of various Events of Default under the Credit Agreement and the occurrence of the Ramp-Up Failure Event, GECC has advised Fusion that all financing commitments under the Credit Agreement have terminated. Consequently, Fusion no longer has access to any funding to purchase any additional Lehman Loan Assets, including those that are the subject of the open Fusion Trade Confirmations.

5

Conditions which provide for delayed settlement compensation and other damages and remedies for trades which are not consummated within specified time frames. In any event, each Fusion Trade Confirmation is subject to the Fusion Entities' termination rights under Section 5.1(b) of the MLPA.

11. Because November 1, 2008 marked the seventy-fifth day after the August 18, 2008 closing date, the Termination Date under the MLPA has occurred and the Fusion Entities have an irrefutable contractual right to terminate each and every open Fusion Trade Confirmation. In accordance with the MLPA and the open Fusion Trade Confirmations, GECFS, as Loan Servicer acting on behalf of the Fusion Entities, may elect in its sole discretion to terminate any or all of the Fusion Trade Confirmations at any time after November 1, 2008. Having obtained the approval of the Fusion Board of Directors, GECFS, as Loan Servicer, intends to exercise this termination right with respect to all open Fusion Trade Confirmations.

12. On November 14, 2008, the Debtors filed the *Debtors' Motion for An Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations* (the "First Trade Confirmation Motion"). In the First Trade Confirmation Motion, the Debtors sought, among other things, to reject one of the Fusion Trade Confirmations, and in an Order dated December 16, 2008, the Court granted in part the First Trade Confirmation Motion, including the Debtor's rejection of that one Fusion Trade Confirmation.

13. On December 15, 2008, the Debtors filed *Debtors' Second Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption of Open Trade*

6

*Confirmations* (the "Second Trade Confirmation Motion").[4] In the Second Trade Confirmation Motion, LCPI seeks, among other things, to assume seven (7) of the Fusion Trade Confirmations between LCPI and Fusion (the "Specified Fusion Trade Confirmations"), all of which are now terminable at will by Fusion under the MLPA and under the Specified Fusion Trade Confirmations as a result of the occurrence of the Termination Date. Fusion-Lux is not a party to any of the Specified Fusion Trade Confirmations.

## RELIEF REQUESTED

14. GECFS, as Loan Servicer to the Fusion Entities, seeks to provide notice of termination to LCPI in accordance with the MLPA, the Fusion Trade Confirmations, and applicable non-bankruptcy law, thereby terminating any obligation to purchase the Lehman Loan Assets under the Fusion Trade Confirmations. GECFS respectfully requests that this Court enter an Order, substantially in the form of the Order attached hereto, granting GECFS immediate relief from the automatic stay pursuant to and in accordance with section 362(d) of the Bankruptcy Code so that GECFS may exercise its contractual termination rights with respect to the Fusion Trade Confirmations under the MLPA.

## BASIS FOR RELIEF

### Relief from Automatic Stay

15. The automatic stay is depriving the Fusion Entities of their express and unambiguous contractual right to terminate the Fusion Trade Confirmations. Continuing the automatic stay here does nothing less than effect a material re-write of the negotiated, bargained for and mutually promised terms and conditions of the MLPA and the Fusion Trade

---

[4] Concurrently with this Motion, GECFS has also filed an objection to the Second Trade Confirmation Motion. True and correct copies of the Specified Fusion Trade Confirmations are attached to GECFS's Objection to the Second Trade Confirmation Motion.

7

CH\1073566.3

Confirmations in direct contravention of the uniform and very substantial body of law which holds that nothing in the Bankruptcy Code grants a debtor greater rights and powers under its contracts than it had outside of bankruptcy.

  16. Section 362(d) of the Bankruptcy Code provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

(1) for cause,[5] including the lack of adequate protection of an interest in property of such party in interest

  17. Bankruptcy courts have consistently found "cause" to grant a non-debtor party relief from the automatic stay where such party holds a contractual right to terminate its contract at will with a debtor.  See In re MJ & K Co., Inc., 161 B.R. 586, 594-95 (Bankr. S.D.N.Y. 1993) (granting relief from the automatic stay to terminate a license agreement with the debtor for the use of real property, stating that "a licensor at will . . . cannot be required to continue its business relationship with the Debtor"); In re Chautauqua Capital Corp., 135 B.R. 779, 782 (Bankr. W.D. Pa. 1992) (granting relief from the automatic stay to enable non-debtor lessors to serve notice of termination on the debtor, who was an "at will" tenant); Valley Forge Plaza Assoc. v. Schwartz, 114 B.R. 60, 62-63 (E.D. Pa. 1990) (holding that it was not a violation of the automatic stay for a non-debtor party to terminate its agreement to use the debtor's conference center because the agreement allowed for at-will termination seventy-two hours prior to the event).

---

[5] Although the Bankruptcy Code does not define "cause," courts have recognized that the determination of whether "cause" exists to vacate the stay must be determined on a case by case basis and is left to the sound discretion of the bankruptcy court.  In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d. Cir. 1990); In re Mazzeo, 167 F.3d 139, 142 (2d Cir. 1999); In re Enron Corp., 306 B.R. 465, 476 (Bankr. S.D.N.Y. 2004).

CH\1073566.3

18. The bankruptcy courts do so because of the unassailable principle that the Bankruptcy Code does not confer upon a debtor in bankruptcy greater rights and powers under a contract than it had outside of bankruptcy. In re Penn Traffic Co., 322 B.R. 63, 72 (Bankr. S.D.N.Y. 2003), aff'd in part and rev'd in part on other grounds ("It is well settled that the mere filing of a bankruptcy petition does not enhance a debtor's contract rights or diminish its obligations."); In re Nemko, Inc., 143 B.R. 980, 987 (Bankr. E.D.N.Y. 1992) ("[A] contractual right is not affected by the filing of a Chapter 11 petition. The rights of a debtor to the property of the estate do not expand when the debtor files a petition in bankruptcy."); In re Heaven Sent, Ltd., 50 B.R. 636, 638 (Bankr. E.D. Pa. 1985) (holding that it was beyond the power of the Bankruptcy Court to direct an insurance company to renew insurance policies that were set to expire); In re Advent Corp., 24 B.R. 612, 614 (Bankr. 1st Cir. 1982) ("The Bankruptcy Code neither enlarges the rights of a debtor under a contract, nor prevents the termination of a contract by its own terms.").

19. After the Termination Date occurred, the Fusion Trade Confirmations became terminable at will under the MLPA and under the Fusion Trade Confirmations themselves. Because the Fusion Entities have the right to terminate the Fusion Trade Confirmations at will, they "cannot be required to continue [their] business relationship with the Debtor." In re MJ & K Co., Inc., 161 B.R. at 595. Thus, the Court as a matter of law must lift the stay to enable GECFS to exercise the Fusion Entities' contractual right to terminate the Fusion Trade Confirmations.

20. No previous request for the relief sought herein has been made by GECFS to this or any other Court.

CH\1073566.3

## MEMORANDUM OF LAW

21. This Motion includes citations to the applicable authorities and a discussion of their application to the Motion. Accordingly, GECFS respectfully submits that such citations and discussion satisfy the requirement that GECFS submit a separate memorandum of law in support of the Motion pursuant to Local Bankruptcy Rule 9013-1(b).

## NOTICE

22. Consistent with this Court's Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures filed on September 22, 2008, notice of the Motion has been provided by counsel to: (i) counsel to the Debtors, (ii) the Office of the United States Trustee for the Southern District of New York, (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel to the postpetition lenders, and (v) all other parties requesting notice under Bankruptcy Rule 2002. In light of the nature of the relief requested herein, GECFS submits that no other or further notice need be given and that the notice provided by GECFS is sufficient.

## RESERVATION OF RIGHTS

23. GECFS expressly reserves its right to amend or supplement this Motion, to introduce evidence supporting this Motion at the hearing on the Motion, and to file additional and supplemental pleadings.

WHEREFORE, GECFS respectfully requests that the automatic stay provided in 11 U.S.C. § 362 be immediately lifted to permit GECFS, as Loan Servicer for the Fusion Entities, to provide notice of termination with respect to the Fusion Trade Confirmations, and to award such other and further relief as is just and equitable.

Dated: December 24, 2008
New York, NY

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: /s/ Michael J. Riela
    Michael J. Riela (MR-7829)
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Richard A. Levy

Counsel for GE Corporate Financial Services, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | **Chapter 11** |
| ) | |
| **LEHMAN BROTHERS HOLDINGS INC., et al.** ) | **Case No. 08-13555 (JMP)** |
| ) | |
| **Debtors.** ) | **Jointly Administered** |
| ) | |
| ) | |

**ORDER GRANTING GE CORPORATE FINANCIAL SERVICES, INC.**
**RELIEF FROM THE AUTOMATIC STAY**

Upon the Motion of GE Corporate Financial Services, Inc. ("GECFS"), dated as of December 24, 2008, (the "Motion"),[1] filed by GECFS, as Loan Servicer to the Fusion Entities, by which GECFS seeks to exercise its contractual right under the MLPA, the Credit Agreement, and the Loan Servicing Agreement to provide notice of termination to Lehman Commercial Paper, Inc. ("LCPI), a Debtor in the above-captioned bankruptcy; this Court having reviewed, and held a hearing with respect to, the Motion; and the Court having found that cause exists to grant relief from the automatic stay because, among other things, (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested by the Motion is proper and should be granted; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of relief as set forth herein,

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

CH\1073566.3

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED in its entirety.

2. Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay in effect in LCPI's bankruptcy case is hereby modified to the extent necessary to permit GECFS to enforce its rights under the MLPA, Credit Agreement, and Loan Servicing Agreement to provide notice of termination to LCPI, which shall have the effect of immediately terminating the obligation of the Fusion Entities to purchase the Lehman Loan Assets subject to the Fusion Trade Confirmations.

3. The modification of the automatic stay granted by this Order shall take effect immediately upon entry of this Order and shall not be stayed by operation of rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

4. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: New York, New York

    January, [__], 2009.

                                                                                             _____
                                                                                             Honorable James M. Peck
                                                                                             United States Bankruptcy Judge

LATHAM & WATKINS LLP
Michael J. Riela (MR-7829)
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: michael.riela@lw.com

and

Richard A. Levy
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: richard.levy@lw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** ) | **Chapter 11** |
| ) | |
| **LEHMAN BROTHERS HOLDINGS INC., et al.** ) | **Case No. 08-13555 (JMP)** |
| ) | |
| **Debtors.** ) | **Jointly Administered** |
| ) | |
| ) | |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE**, that a hearing (the "Hearing") will be held on the Motion of GE Corporate Financial Services, Inc., as Loan Servicer for Fusion Funding Limited, for Relief From the Automatic Stay (the "Motion") on **January 14, 2009, at 10 a.m.**, or as soon thereafter as counsel may be heard, before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004.

3

CH\1073566.3

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief requested in the Motion, must be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect of any other Windows-based word processing format (with a hard copy delivered directly to the Chambers of the Honorable James M. Peck) and shall be served upon: (i) Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, Illinois 60606, Attention: Richard Levy, Esq.; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attention: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., counsel to the above-captioned debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attention: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attention: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., counsel to the Official Committee of Unsecured Creditors appointed in the above-captioned chapter 11 cases, so as to be received no later than **January 9, 2009.**

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written objection to the relief requested in the Motion in accordance with this Notice and the Court's Order Implementing Certain Notice and Case Management Procedures dated September 22,

2008, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and grant the relief requested in the Motion without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without further notice to creditors or other parties of interest, other than by announcement in Bankruptcy Court of such adjournment on the date of the hearing.

Dated:  December 24, 2008
New York, NY

Respectfully submitted,

**LATHAM & WATKINS LLP**
By: /s/ Michael J. Riela
      Michael J. Riela (MR-7829)
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864

233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
Richard A. Levy

Counsel to GE Corporate Financial Services, Inc.