Hearing Date and Time: February 25, 2009, 10:00 AM
Objection Deadline: February 18, 2009

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**MOTION OF BLT 39 LLC FOR PARTIAL RECONSIDERATION OF ORDER PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION OR REJECTION OF OPEN TRADE CONFIRMATIONS**

BLT 39 LLC ("BLT"), by and through its undersigned counsel, moves, under Federal Rule of Civil Procedure 59, made applicable by Federal Rules of Bankruptcy Procedure 9023, for reconsideration of the Court's Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations (the "December 16 Order"), solely with respect to the open trade of USI Holdings Corp. debt between BLT and debtor Lehman Commercial Paper Inc. ("LCPI") dated September 10, 2008 (the "USI Trade"). In support of the Motion, BLT respectfully represents as follows:

**BACKGROUND**

1. On October 5, 2008, Lehman Commercial Paper, Inc. ("LCPI," and together with its affiliated debtors and debtors-in-possession, the "Debtors"), commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Before October 5, 2008, R3 Capital Management, LLC ("R3") purchased from Lehman Commercial Paper Inc. ("LCPI") a loan made to USI Holdings Corp. (the "USI Loan"). While the USI Loan trade (the "USI Trade") was a binding agreement, the transaction has not yet been consummated and settled with the execution of formal transfer documentation.

3.      Also before October 5, 2008, R3 transferred its interest in the USI Loan and the USI Trade to BLT, an affiliate of Credit Suisse ("CS").  In connection with the USI Loan trade, R3 and another affiliate of CS entered into a Total Return Swap (the "TRS") in which the USI Loan was the reference obligation.  Because of the TRS, R3 held all of the economic interest in the USI Loan, even though BLT held the legal title to the loan and was the counterparty of record with LCPI with respect to the USI Trade.

4.      On October 17, 2008, various counterparties to trades with LCPI (the "Counterparties") filed a Motion for an Order Compelling LCPI to Assume or Reject Executory Contracts Pursuant to Sections 105(d)(2)(A) and 365(d)(2) of the Bankruptcy Code [Docket No. 1117] ("Motion to Compel").

5.      On October 31, 2008, the Debtors and the Counterparties entered into a "Stipulation and Agreed Order Resolving Motion to Compel" (the "Stipulation").  Under the Stipulation, the Debtors were required to notify each counterparty to an open loan trade with the Debtors of the designation of each open trade confirmation as either: (i) a trade the Debtors seek to assume; (ii) a trade the Debtors seek to assume and assign; or (iii) a trade the Debtors seek to reject.  Under the terms of the Stipulation, this notification regarding the USI Trade had to be made by November 7, 2008 ("Notification Deadline").  The Debtors also had to file with the Court a motion to approve the assumption, assumption and assignment, or rejection by

November 16, 2008. [Docket No. 1400]. The Court approved the Stipulation on November 5, 2008.

6.    On November 4, 2008, before the Notification Deadline, the Debtors notified CS by email that it had "made the determination to reject" the USI Loan trade "in accordance with its rights under section 365 of the Bankruptcy Code". A copy of this email is annexed hereto as Annex I

7.    On November 14, 2008, as required by the Stipulation, the Debtors filed the "Notice of Debtors' Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmation," which sought authorization under Section 365(a) of the Bankruptcy Code to assume, reject, or modify and assume certain open trade confirmations [Docket No. 1541] (the "Open Trade Motion"). The proposed order filed with the Open Trade Motion provided for the rejection of the USI Trade. This proposed rejection was consistent with the Debtors' prior email notification to CS.

8.    On November 25, 2008, shortly before the objection deadline for the Open Trades Motion, the Debtors notified CS by a second email that they now desired to assume the trade instead of rejecting it. A copy to this second email purporting to assume the USI Loan trade is annexed hereto as Annex II. Based on the TRS with R3, BLT determined not to object to the Debtors' change in position on the USI Trade. Unknown at the time to CS and BLT, however, R3 had negotiated an omnibus settlement agreement with the Debtors, which R3 believed covered the USI Trade.

9.    On November 28, 2008, R3 Capital Management LLC, on behalf of certain affiliated entities ("R3"), filed an objection to the Open Trade Motion with respect to a variety of open trades (the "R3 Objection"). R3 has advised CS that R3 did not address the USI Trade in

3

the R3 Objection, because R3 did not oppose the rejection of the USI Trade, as the Open Trade Motion provided.

10. On December 14, 2008, two days before the hearing scheduled on the Open Trade Motion, the Debtors filed their Revised Exhibits and Revised Proposed Order Relating to the Debtors' Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations (the "Revised Order"). In contrast to the original proposed order, the Revised Order provided for assumption of the USI Trade. R3 has advised CS that the Revised Order was the first notice that R3 received of the Debtors' change in position on the USI Trade.

11. R3 has advised CS that in advance of the hearing on the Open Trade Motion, R3 negotiated an adjournment of the Open Trade Motion with respect to the R3 Objection.

12. On December 16, 2008, the Court entered the December 16 Order approving, in part, the Open Trade Motion. The December 16 Order did not memorialize the agreed adjournment of the R3 Objection, and the USI Trade was included on the exhibit of assumed open trades.

13. A further order of the Court on the Open Trade Motion, entered December 23, 2008 (the "December 23 Order"), confirms the adjournment of the R3 Objection to January 14, 2009 and further provides as follows:

> R3 reserves its rights to contend that it has standing to contest the assumption of the trade set forth on Exhibit A to the Prior Open Trades Order as a trade with BLT 39 LLC (the "USI Trade") and the Debtors reserve their right to contest R3's position; *provided*, *however*, that the Debtors agree that the failure of R3 to object to the entry of the Prior Open Trades Order with respect to the USI Trade shall not be a basis upon which to contest R3's position. The Debtors shall not close the USI Trade until they settle R3's objection or obtain further relief from the Court.

December 16 Order ¶ (d) at 6.

4

## ARGUMENT

14. This Court has the power to reconsider, modify or vacate its own orders where the interest of justice so requires, so long as no intervening rights have vested in connection with such orders. See, e.g., *Meyer v. Lenox* (*In re Lenox*, 902 F.2d 737, 739-740 (9th Cir. 1990); *Maxwell Newspapers, Inc. v. The Travelers Indemnity Co.* (*In re Maxwell Newspapers, Inc.*), 170 B.R. 549, 550 (S.D.N.Y. 1994); *Farmers Nat'l Bank of Osborne v. Mettlen* (*In re Mettlen*), 174 B.R. 822, 826 (D. Kan. 1994); *Connecticut Nat'l Bank v. Babco, Inc.* (*In re Babco, Inc.*), 133 B.R. 286, 289 (Bankr. D. Conn. 1991).

15. In view of the fact that the Debtors changed their position with respect to the USI Trade shortly before the objection deadline and did not announce the change publicly until immediately before the hearing on the motion and for the Open Trade Motion, BLT believes that R3, the economic party in interest with respect to the USI Trade and the USI Loan, did not have adequate notice of or time to object to the assumption of the USI Trade.

16. While the December 23 Order reserves certain of R3's rights with respect to the USI Trade, the rights of BLT are not so preserved. BLT believes it would be inequitable not to preserve the status quo with respect to the USI Trade, given the multi-party nature of these transactions and the Debtors' failure to comply with the Stipulation and the Order approving it by failing to notify BLT of the assumption of the USI Trade by the Notification Deadline and to file with the Court a motion to assume the USI Trade by November 16, 2008.

17. BLT understands that no intervening rights have become vested as a result of the December 16 Order, based on the provision in the December 23 Order that provides that the "Debtors shall not close the USI Trade until they settle R3's objection or obtain further relief from the Court."

## MEMORANDUM OF LAW

18. BLT respectfully requests that the Court deem the requirement of Local Bankruptcy Rule 9013-1(b) satisfied because this Motion contains no new or difficult issues of law and is supported by citations to authorities.

## NOTICE

19. Notice of this Motion has been provided in accordance with the Court's September 22, 2008 Order Pursuant To Section 105(a) Of The Bankruptcy Code And Bankruptcy Rules 1015(c) And 9007 Implementing Certain Notice And Case Management Procedures. BLT submits that no other or further notice is required.

## NO PRIOR REQUEST

20. No previous request for the relief sought herein has been made to this Court or any other court.

## RESERVATION OF RIGHTS

21. BLT reserves the right to make such other and further objections and to supplement or revise this Motion as may be appropriate.

WHEREFORE, BLT respectfully requests that the Court grant (i) reconsideration of the December 16 Order with respect to the USI Trade such that all of BLT's rights are preserved with respect to the proposed assumption of the USI trade and (ii) such other and further relief as the Court deems just and proper.

Dated: New York, NY
       December 26, 2008

**CRAVATH, SWAINE & MOORE LLP**

/s/ Richard Levin
Richard Levin
Robert H. Trust
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue

[[NYCORP:3117752v1:REMOTE_RLEVIN:12/26/08--03:56 p]]

New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

Attorneys for BLT-39 LLC