Hearing Date and Time: January 14, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: January 9, 2009 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
**In re**                                : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
:
Debtors.                          : (Jointly Administered)
:
:
------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION PURSUANT TO SECTION 365(d)(4) OF THE
BANKRUPTCY CODE FOR AN EXTENSION OF THE TIME TO ASSUME
OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") for an extension of the time to assume or reject unexpired leases of nonresidential real property, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **January 14, 2008 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

NY2:\1942595\06\15MWZ06!.DOC\58399.0003

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Harevy R. Miller, Esq., and Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis; Esq., (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **January 9, 2008 at 4:00 p.m. (prevailing Eastern Time)** (the "<u>Objection Deadline</u>").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

NY2:\1942595\06\15MWZ06!.DOC\58399.0003            2

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 29, 2008
   New York, New York

              /s/ Lori R. Fife
              Harvey R. Miller
              Lori R. Fife
              Shai Y. Waisman

              WEIL, GOTSHAL & MANGES LLP
              767 Fifth Avenue
              New York, New York 10153
              Telephone: (212) 310-8000
              Facsimile: (212) 310-8007

              Attorneys for Debtors
              and Debtors in Possession

**Hearing Date and Time: January 14, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: January 9, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                         :
In re                                    :   Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :   08-13555 (JMP)
                                         :
                        Debtors.         :   (Jointly Administered)
                                         :
                                         :
------------------------------------------------------------x
```

### DEBTORS' MOTION PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE FOR AN EXTENSION OF THE TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

The Motion of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, as debtors (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), pursuant to section 365(d)(4) of the Bankruptcy Code, respectfully represents:

**Background**

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"), a wholly owned subsidiary of LBHI and a registered broker dealer. James W. Giddens, Esq. is the trustee appointed under SIPA and is administering LBI's estate.

**Jurisdiction**

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Lehman's Business**

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

6. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Preliminary Statement**

7. The Debtors and their advisors have been working assiduously since the Commencement Date to stabilize, identify, and monetize the Debtors' assets, both foreign and domestic, to preserve value for their estates and their creditors. Concurrently with this massive undertaking in these exceptional cases, the Debtors' workforce was drastically reduced and inter-company communication made more difficult by the sale of several of the Debtors' businesses, with the transfer of employees to the purchasers, and the subjection of many of the Debtors' subsidiaries into foreign insolvency proceedings. Despite these challenges, the Debtors have made substantial progress toward resolving the status of their unexpired leases of nonresidential real property (collectively with their co-location agreement and service agreement, the "Leases") (a schedule of the remaining unresolved Leases is attached hereto as Exhibit A).[1] To date, the Debtors have disposed of twenty-four out of the thirty-four Leases under which they were lessees as of the Commencement Date. The evaluation of the remaining Leases is an ongoing project.

**Relief Requested**

8. Section 365(d)(4)(A) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor may assume or reject unexpired leases of nonresidential real property. *See* 11 U.S.C. § 365(d)(4)(A). Pursuant to section 365(d)(4)(B) of the Bankruptcy Code, where the initial 120-day period provided for in the Bankruptcy Code proves to be inadequate for debtors to evaluate the economics of each of

---

[1] The inclusion of any agreement in Exhibit A is not binding on the Debtors' determination that such agreements are nonresidential real property leases. Any inadvertent omission of any particular Lease from that schedule will not operate to preclude the effect of the extension sought herein, rather, the Debtors' request that the relief contemplated by this motion be extended to all of their unexpired leases of non-residential real property.

their unexpired leases of non-residential real property, the Court may extend such period for cause. *See* 11 U.S.C. §365(d)(4)(B).

9. The Debtors hereby request an extension of the period in which to assume or reject their unresolved Leases through and including April 13, 2009. Currently, the Debtors' time in which to assume or reject unexpired leases of nonresidential real property expires on January 13, 2009. In the context of these extraordinary cases, the proposed 3-month extension is necessary, appropriate, and in the best interests of the Debtors.

### The Debtors' Cases

10. The Debtors and their professionals have devoted substantial time, post-Commencement Date, to stabilizing, recovering, and analyzing an immense quantity of assets and information. During the first three and a half months, they have completed several complex asset sales, including:

- the sale of the North American capital markets business, including the assets of LBI, and related real estate to Barclays Capital Inc. ("Barclays")

- the sale of their interest in Eagle Energy Partners I L.P.

- the sale of their partnership interest in R3 Capital Management, LLC

- the sale of certain assets related to the Investment Management Division

- the sale of aircraft

all with the purpose of maximizing recoveries to key stakeholders. While these transactions have realized substantial value for the Debtors' estates, and resolved the status of many of the Debtors' Leases, they have diverted time and efforts in order to consummate the transactions.

11. Complicating the Debtors' efforts is the sheer volume of proceedings that have been commenced in the chapter 11 cases and the need to evaluate and respond to voluminous pleadings. Since the Commencement Date, over 2,400 motions, notices, applications, objections, and orders have been filed in the Debtors' chapter 11 cases by and against the Debtors, each of which require the Debtors' attention (an average of nearly 17 pleadings each day, 7 days a week). Pleadings filed by parties in interest include:

- the commencement of 18 adversary proceedings seeking a range of relief;

- 18 motions for relief from the automatic stay, including motions to exercise purported rights of setoff;

- 7 motions (with 11 parties filing joinders thereto) seeking Rule 2004 examinations;

- 5 motions for orders compelling decisions to assume or reject executory contracts, including requests for performance or adequate protection;

- 5 motions for the appointment of separate committees, trustees, and examiners.

- 3 appeals from decisions of this Court, including 2 appeals from the order authorizing the sale of the North American capital markets business to Barclays.

12. The size and global scope of the winding down of Lehman's businesses alone substantiates the need for an extension of the time to assume or reject unexpired leases of nonresidential real property. To date, seventy-six of the Debtors' foreign subsidiaries have been subjected to insolvency proceedings in their local foreign jurisdictions. Such proceedings have required the Debtors to allocate substantial resources to monitoring and, when necessary, acting to preserve their key interests – a substantial undertaking particularly in light of the facts that such proceedings are occurring in 15 different countries, each with its own insolvency laws. Therefore, as a result of these, and other matters that have required, and continue to require, the

attention of the Debtors and their professionals, as well as the many complex issues and problems that remain to be addressed, the Debtors' are requesting a ninety (90) day extension of their time to assume or reject unexpired leases of nonresidential real property.

### The Debtors' Leases

13.     As of the Commencement Date, the Debtors were parties to approximately thirty-four unexpired leases of nonresidential real property. Pursuant to the transactions described above, the Debtors have disposed of twenty-four of those leases and estimate that they are currently parties to eight unexpired leases of nonresidential real property, one so-called co-location agreement, and one service agreement.[2] At this juncture in the chapter 11 process, the Debtors have not had a sufficient opportunity to make final determinations regarding the assumption or rejection of the remaining Leases. In light of the unprecedented size, complexity and demands of these cases, it would be unreasonable or unrealistic to require the Debtors to make final determinations regarding the assumption or rejection of all of the Leases on or before January 13, 2009, which, absent entry of an order of the Court, is the final day within which the Debtors must make those important decisions pursuant to section 365(d)(4) of the Bankruptcy Code. Therefore, the Debtors require entry of an Order extending the time within which they may assume or reject the Leases to and including April 13, 2009.

14.     In most instances, the properties covered by the remaining Leases are being used to continue the operations that they housed pre-chapter 11 and, as such, are either necessary to the Debtors' orderly wind-down, or are otherwise valuable assets of the Debtors.

---

[2] The Debtors have, out of an abundance of caution, included certain co-location and service agreements in their request for an extension of time to assume or reject. To the extent that the provisions of Bankruptcy Code section 365(d)(4) apply to such agreements, the Debtors request that they be subject to the same relief granted in regard to their unexpired leases of nonresidential real property. The Debtors reserve the right, however, to assert that Bankruptcy Code section 365(d)(4) does not apply to such agreements.

For example, as part of the Asset Purchase Agreement (the "APA") entered into between the Debtors and Barclays Capital, Inc.,[3] the Debtors agreed to maintain the availability of certain locations for use by former Lehman personnel, who had become Barclays' personnel pursuant to the APA, for nine months after the APA's closing date.[4]

15.     If the Debtors are granted the requested extension (and subject to a potential further extension) they will be able to comply with this obligation without having to assume the subject Leases.  Without the extension, the Debtors may be forced to assume some of the Leases to fulfill their obligations under the APA.  Such assumption is disadvantageous because once the nine month period has expired, the Debtors may have no further use for such premises.  Similarly, if forced to make assumption or rejection decisions at this early stage with respect to the Leases not covered by the APA, the decision would be premature.  In all of these situations, the Debtors might be forced to terminate such assumed leases, resulting in postpetition, administrative claims for the Lease counterparties or, conversely rejection of Leases necessary to the Debtors' current operations or obligations under the APA.  Such premature decisions could be prejudicial to the Debtors and their economic stakeholders.  In contrast, Lease counterparties will not be unduly prejudiced by the requested extension because Debtors are current on all postpetition payments and other obligations due under the Leases.

**Cause Exists to Grant the Requested Extension**

16.     Section 365(d)(4) of the Bankruptcy Code provides, in pertinent part:

(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender the nonresidential real property to the lessor,

---

[3] Approved on September 19, 2008 (Docket No. 258).

[4] See §8.11(g) of the Asset Purchase Agreement Among Lehman Brothers Holdings Inc, Lehman Brothers Inc., LB 745 LLC, and Barclays Capital Inc.

> if the trustee does not assume or reject the unexpired lease by the earlier of (i) the date that is 120 days after the order for relief; or (ii) the date of the entry of an order confirming a plan.
>
> (B) The Court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

11 U.S.C. § 365(d)(4). Thus, if a debtor's unexpired leases of nonresidential real property are not assumed within the initial 120 days of filing its chapter 11 case, they are deemed rejected.

17.     Pursuant to section 365(d)(4) of the Bankruptcy Code, the Leases will be deemed rejected on January 14, 2008, unless (i) the Leases are assumed on or prior to January 13, 2008, (ii) the Leases are rejected on or prior to January 13, 2008, or (iii) the time within which the Debtors may decide to assume or reject the Leases is extended pursuant to section 365(d)(4) of the Bankruptcy Code.

18.     In determining whether cause exists to extend the initial 120-day period under section 365(d)(4), courts have considered the following factors:

(i)     whether the debtor was paying for the use of the property;

(ii)    whether the debtors' continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

(iii)   whether the debtor has had sufficient time to formulate a plan of reorganization; and

(iv)    whether the case is complex.

*See, e.g., In re Burger Boys, Inc.,* 94 F.3d 755, 761-62 (2d. Cir. 1996); *In re Wedtech Corp.*, 72 B.R. 464, 471-73 (Bankr. S.D.N.Y. 1987); *Legacy, Ltd. v. Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir.), *cert denied*, 510 U.S. 865 (1993); *In re Unit Portions of Del., Inc.*, 53 B.R. 83, 85 (Bankr. E.D.N.Y. 1985) ("Congress recognized that there may be times when it is not possible for the trustee to make a careful and informed assessment of the benefits and burdens of the lease within this sixty day period. Accordingly, it empowered the court to grant a trustee

who demonstrates cause for extension additional time to make this assessment.").

19.    Applying these factors to the Debtors' cases demonstrates that cause exists to extend the deadline contained in section 365(d)(4) for these Debtors:

a) First, in compliance with section 365(d)(3), the Debtors believe they are current with respect to all undisputed postpetition obligations under the Leases that are due and payable under applicable law;

b) Second, permitting the Debtors to continue to occupy the locations covered by the Leases will not damage any lessor under a Lease in a manner that cannot be remedied by the compensation or protections provided for by the Bankruptcy Code, as the Debtors intend to remain current on postpetition rent obligations. Moreover, any lessor, upon showing of cause, may request that the Court fix an earlier deadline by which the Debtors' must assume or reject that lessor's lease; and

c) Third, as discussed above, the Debtors' chapter 11 cases are the largest ever filed in the United States. While the Debtor's are parties to a relatively moderate number of leases, other elements of their cases, particularly the sale transactions, have prevented the Debtors' from devoting the requisite time and effort necessary to carefully evaluate the economics of the Leases in the perspective of the Bankruptcy Code to determine whether the assumption or rejection of each of the Leases would inure to their benefit.

20.    Given the importance of the Leases to the continued operations of the Debtors, it is impractical for the Debtors to make a reasoned and informed decision as to whether to assume or reject each of the Leases prior to January 13th. Relief similar to the relief requested herein has been granted by courts in this district as well as by courts in other districts. *See In re Enron Corp., et al.,* Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. January 31, 2002); *In re Global Crossing Ltd., et al.,* Case No. 02-40187 (REG) (S.D.N.Y. April 17, 2002); *In re Adelphia Communications Corp. et al.,* Case No. 02-41729 (REG) (Bankr. S.D.N.Y. August 20, 2002); *In re WorldCom, Inc., et al.*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. September 19, 2002); *In re Calpine Corp., et al.,* Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. April 11, 2006); *In re Lexington Precision Corp., et al.*, Case No. 08-11153 (MG) (Bankr. S.D.N.Y. July 29, 2008).

21.  A full and accurate analysis of each Lease is critical to maximizing the value of the Debtors' estates for the benefit all parties in interest.  The proposed extension of the section 365(d)(4) deadline through and including April 13, 2009 is necessary, appropriate and in the best interests of the Debtors, and their economic stakeholders and thus the motion should be granted.

**Notice**

22.  No trustee or examiner has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; and (vi) each lessor listed on the schedule of leases attached as Exhibit A and their designated agents.  No other or further notice need be provided.

23.  No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  December 29, 2008
       New York, New York

/s/ Lori R. Fife
Harvey R. Miller
Lori R. Fife
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit A**
**(Schedule of LBHI Leases)**

NY2:\1942595\06\15MWZ06!.DOC\58399.0003

## Schedule of Debtors' Remaining Leases

| No. | Premises | Lessor | Lessee |
|---|---|---|---|
| 1 | 111 West 50th Street New York, NY (Sublease) (3rd & 15th floors, 37th-45th floors and portion of 46th floor)<br><br>Note – this building is known as 1271 Avenue of the Americas, but is located at 111 West 50th Street, New York, NY | Historic TW Inc.<br><br>Attn: Senior Vice President- Administrative Services<br>1271 Avenue of the Americas<br>New York, NY | LBHI |
| 2 | 111 West 50th Street New York, NY (Lease) (Portions of the 46th, 47th & 48th floors, lobby, sub-basement mezzanine floor, subbasement, riser and shaft space.) | Rockefeller Center North, Inc.<br><br>Attn: Senior Vice President of Operations<br>1221 Avenue of the Americas<br>New York, NY 10020 | LBHI |
| 3 | 600 Madison Avenue New York, NY (Lease) (entire 25th floor) | 600 Partners Co., L.P.<br><br>600 Madison Avenue<br>New York, NY 10022 | LBHI |
| 4 | 85 Tenth Avenue, New York, NY 10011 (Sublease) (Entire 7th Floor) | 85 Tenth Avenue Associates, L.L.C.<br><br>c/o The Related Companies, L.P.<br>60 Columbus Circle<br>New York, NY 10023 | LBHI |
| 5 | 6666 East 75th Street Indianapolis, IN 46250 (Lease) (Portion of 2nd and 3rd floors) | DBSI Housing, Inc.<br><br>Attn: Vice President of Leasing<br>12426 W. Explorer Drive Suite 190 | LBHI |

| | | Boise, ID 83713 | |
|---|---|---|---|
| 6 | 101 Hudson Street Jersey City, NJ 07302 (Lease) (Floors 25-27, 32, 38-40, portions of floors 2, 3, 15, 42 and lobby) | 101 Hudson Leasing Associates<br><br>Attn: Mack-Cali Realty Corporation<br>343 Thornall Street, 8th Floor<br>Edison, NJ 08837 | LBHI |
| 7 | 2 Peachtree Hill Road Livingston, NJ 07039 (License Agreement For Use of Co-Location Space) | AIG Technologies, Inc.<br><br>Attn: Graham Alexander, Senior Vice President<br>2 Peachtree Hill Road<br>Livingston, NJ 07039 | LBHI |
| 8 | 600 Travis Street Houston, TX (Lease) (portions of the 67th and 72nd floors) | Texas Tower Limited<br><br>600 Travis Street, Suite 2380<br>Houston, TX<br>77002 | LBHI |
| 9 | 680 Newport Center Dr., Suite 150 Newport Beach, CA (Lease) | The Irvine Company LLC<br><br>550 Newport Center Drive<br>Newport Beach, CA<br>92660 | LBHI |
| 10 | 50 Dey Street Jersey City, NJ (service agreement) | Hanover Moving & Storage Co.<br><br>Attn: Leonard Masucci<br>50 Dey Street<br>Jersey City, NJ<br>07036 | LBHI |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                      :    Chapter 11 Case No.
                                           :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                           :
               Debtors.                    :    (Jointly Administered)
                                           :
                                           :
---------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 365(d)(4) OF THE
BANKRUPTCY CODE EXTENDING THE TIME TO ASSUME OR
<u>REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY</u>**

Upon the motion, dated December 29, 2008 (the "<u>Motion</u>"), of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "<u>Debtors</u>" and, together with their non-debtor affiliates, "<u>Lehman</u>"), pursuant to section 365(d)(4) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") for an extension of the time to assume or reject unexpired leases of nonresidential real property (the "<u>Leases</u>"), all as more fully described in the Motion; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases, and (vii) each lessor listed on the schedule of leases attached to the Motion as

Exhibit A, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the time within which the Debtors may assume or reject their Leases pursuant to section 365(d)(4) of the Bankruptcy Code is extended to and including April 13, 2009; and it is further

ORDERED that the relief requested herein is without prejudice to the right of any lessor under the Leases to move the Court to fix an earlier date by which the Debtors must assume or reject its unexpired Leases in accordance with section 365(d)(4) of the Bankruptcy Code; and it is further

ORDERED that if a lessor requests the relief described in the preceding decretal paragraph, the Debtors shall maintain the burden of persuasion as to why the time within which the Debtors may assume or reject such lessors' Lease(s) pursuant to section 365(d)(4) of the Bankruptcy Code shall continue through April 13, 2009; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: January __, 2009
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE