Hearing Date and Time: January 14, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: January 9, 2009 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                            :
**In re**                                                   :   Chapter 11 Case No.
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,               :   08-13555 (JMP)
                                                            :
                        Debtors.                            :   (Jointly Administered)
                                                            :
                                                            :
-----------------------------------------------------------------x

# AMENDED NOTICE OF DEBTORS' MOTION
## PURSUANT TO BANKRUPTCY RULE 1007(c) TO
## EXTEND THE TIME TO FILE THE DEBTORS' SCHEDULES,
## STATEMENTS OF FINANCIAL AFFAIRS, AND RELATED DOCUMENTS

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") to further extend the time to file the Debtors' schedules, statements of financial affairs, and related documents (collectively, the "Schedules"), all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **January 14, 2009 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis; Esq., (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee

of unsecured creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **January 9, 2009 at 4:00 p.m. (prevailing Eastern Time)**.

Dated: December 30, 2008
      New York, New York

/s/ Lori R. Fife
Lori R. Fife
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: January 14, 2009 at 10:00 am (Prevailing Eastern Time)
Objection Date and Time:  January 9, 2009 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                         :
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :    08-13555 (JMP)
                                         :
                 Debtors.                :    (Jointly Administered)
                                         :
                                         :
------------------------------------------------------------x
```

**DEBTORS' AMENDED MOTION PURSUANT TO BANKRUPTCY RULE 1007(c)**
**TO FURTHER EXTEND THE TIME TO FILE THE DEBTORS' SCHEDULES,**
**STATEMENTS OF FINANCIAL AFFAIRS, AND RELATED DOCUMENTS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), respectfully represent:

**Background**

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural

NY2:\1950515\05\15T0Z05!.DOC\58399.0003

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

**Jurisdiction**

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Lehman's Business**

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

6. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Preliminary Statement**

7.  As the Court is aware, these are the largest and most complex chapter 11 cases ever filed. The fact that Lehman Brothers was the fourth largest independent banking institution in the world up until the Commencement Date suggests the volume of information that the Debtors need to collect and ultimately disclose in their schedules,[1] statements of financial affairs, and related documents (collectively, the "Schedules"). For their Schedules to be complete, the Debtors will need to offer a clear view into the assets, liabilities, contracts and other obligations of this global financial services empire on the eve of its collapse, at a time when it had over 4,000 subsidiary entities, and 25,000 employees working day and night, seven days a week, producing hundreds of thousands of transactions across the world. Such disclosure requires a marshalling and presentation of information that is likely to be without precedent.

8.  At the same time that they seek to recover such an unprecedented volume of information, the Debtors' resources have been nearly decimated. Since the Commencement Date, only 160 of the Debtors' employees remain in New York with LBHI. Both the novelty of circumstances and the sheer magnitude surrounding each of the Debtors' tasks have added greater strain to the diminished resources of the Debtors and their professionals. As the Debtors have made their transition from a period of perpetual crisis, to a stage of operating as chapter 11 debtors-in-possession, every step has implicated multitudes of interested parties, all of whom

---

[1] The schedules to be filed are:

    Schedule A – Real Property
    Schedule B – Personal Property
    Schedule C – Property Claimed as Exempt
    Schedule D – Creditors Holding Secured Claims
    Schedule E – Creditors Holding Unsecured Priority Claims
    Schedule F – Creditors Holding Unsecured Nonpriority Claims
    Schedule G – Executory Contracts and Unexpired Leases
    Schedule H – Codebtors

require the full time and attention of the Debtors and their professionals. In light of these circumstances, and given the massive tasks that still lie ahead, the Debtors will require at least an additional 60 days before all, or even a part of their Schedules will be complete enough for submission to this Court.

## Relief Requested

9. Bankruptcy Rule 1007(c) requires debtors to file their Schedules 15 days after the commencement of a chapter 11 case. Bankruptcy Rule 1007(c) also permits the Court to extend the 15-day time period upon a showing of cause. On September 16, 2008, the Court entered an order granting the Debtors' motion for an extension of the time to file their Schedules by an additional 45 days (the "First Extension Motion"), through and including November 14, 2008. On November 21, 2008, the Court entered a second order granting the Debtors' motion for an extension of the time to file their Schedules by an additional 60 days (the "Second Extension Motion"), through and including January 13, 2009. The Debtors request that the Court extend the time to file the Debtors' Schedules by at least an additional 60 days, through and including March 16, 2009, without prejudice to the Debtors' right to seek further extensions, for cause shown, should it become necessary.

## Cause Exists to Further
## Extend the Time to File the Schedules

10. Since the Commencement Date, the Debtors and their professionals have worked diligently, and with every intention of harnessing the massive amount of information that needs to be disclosed in the Debtors' Schedules. Despite these intentions, however, the reality is that the Debtors and their professionals have only begun to understand how Lehman managed to store, organize, and integrate the constant flow of financial and operational information that made their global business possible, through approximately 2,700 different software

applications. While the Debtors have made considerable progress towards an understanding of how these applications functioned together, and have recovered more than half of the most critical data needed to administer their estates, the Debtors are still in the very early stages of accumulating the unprecedented volume of information that will ultimately comprise their Schedules.

11. A multitude of other obstacles have prevented the Debtors from completing their Schedules. The most significant of these is that these cases were commenced in the middle of the month of September, but the Debtors' systems are not designed for a mid-month closing. Thus, closing the books mid-month, as is necessary in order to report assets and liabilities on their Schedules, has proven extremely challenging. While the Debtors' professionals have worked with Lehman's Information Technology Department to develop a test system that would close the Debtors' books mid-month, the financial information necessary to publish a balance sheet requires thousands of data feeds from around the world, and would result in a general ledger of thousands of lines.

12. Further complicating the closing process is the resistance that the Debtors' professionals continue to face from certain of their affiliates who are not willing to participate or assist the Debtors in the coordination of many tasks, not the least of which is the preparation of the Schedules. The Debtors' access to their own business records and related information has also been hampered by the sales of their businesses, and the commencement of numerous insolvency proceedings by affiliates outside of the United States. Many of these affiliates in Europe and Asia formerly played an integral role in Lehman's worldwide financial reporting system. Since the Commencement Date, however, at least <u>seventy-six</u> of the Debtors' foreign affiliates have either commenced their own insolvency proceedings, or been placed in

administration, liquidation, or some other form of receivership. The commencement of these proceedings across <u>fifteen</u> countries has materially disrupted the flow of information, particularly because what used to be routine intercomany accounting has been supplanted by adversarial proceedings among a divided group of debtors-in-possession, trustees, administrators, and liquidators.

    13. Thus, although the full scale of the Debtors' task is unknown, it is clear that for the Debtors to submit a complete and finished set of Schedules to the Court, they will need far more time than the aggregate 105 additional days that the Court has already granted. As the Debtors have previously noted, courts in this District have routinely granted even longer extensions of time to large, corporate chapter 11 debtors, none of which equaled the Debtors in size or complexity. <u>See</u>, <u>e.g.</u>, <u>In re Adelphia Communications</u>, Case No. 02-41729 (REG) (Bankr. S.D.N.Y. 2003) (schedules due approximately 13 months after the petition date); <u>In re Worldcom, Inc.</u>, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. July 21, 2002) (schedules due approximately 10 months after the petition date); <u>In re Northwest Airlines</u>, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. Sept. 14, 2005) (schedules due over 8 months after the petition date); <u>In re Enron Corp.</u>, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Dec. 2, 2001) (schedules due approximately 6 months after the petition date).

14. Despite the onslaught of exigencies in the first three months of these cases, the Debtors have made considerable efforts to prepare their Schedules. Nonetheless, based upon the foregoing, the Debtors submit that ample cause exists for an extension of at least an additional 60 days to file their Schedules, through and including March 16, 2009, without prejudice to the Debtors' right to seek further extensions, for cause shown, should it become necessary.

### Notice

15. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

16. Other than the First Extension Motion and the Second Extension Motion, no previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated: December 30, 2008
      New York, New York

                                                /s/ Lori R. Fife
                                                Lori R. Fife
                                                Shai Y. Waisman

                                                WEIL, GOTSHAL & MANGES LLP
                                                767 Fifth Avenue
                                                New York, New York 10153
                                                Telephone: (212) 310-8000
                                                Facsimile: (212) 310-8007

                                                Attorneys for Debtors
                                                and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                    Debtors.                       :    (Jointly Administered)
                                                   :
                                                   :
------------------------------------------------------------x

### ORDER PURSUANT TO BANKRUPTCY RULE 1007(C) FURTHER EXTENDING THE TIME TO FILE THE DEBTORS' SCHEDULES, STATEMENTS OF FINANCIAL AFFAIRS, AND RELATED DOCUMENTS

Upon the motion, dated December 30, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to further extend the time to file the Debtors' schedules, statements of financial affairs, and related documents (collectively, the "Schedules"), all as more fully described in the Motion; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no

NY2:\1950515\05\15T0Z05!.DOC\58399.0003

other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion and the Objection; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted; and it is further

        ORDERED that pursuant to Bankruptcy Rule 1007(c) the time to file the Debtors' Schedules is extended by an additional 60 days, through and including March 16, 2009, without prejudice to the Debtors' right to seek further extensions upon a showing of cause therefore.

Dated: _____, 2009
      New York, New York

                            _____
                            UNITED STATES BANKRUPTCY JUDGE