Hearing Date and Time:  January 14, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  January 9, 2009 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                               :

**In re**                                   :         **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :        **08-13555 (JMP)**
                                            :
                 **Debtors.**             :         **(Jointly Administered)**
                                             :
                                             :
------------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION TO EXTEND TIME**
**TO COMPLY WITH SECTION 345(b) OF THE BANKRUPTCY CODE**

      PLEASE TAKE NOTICE that a hearing on the annexed motion, dated as of December 31, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors"), pursuant to sections 105 and 345 of title 11 of the United States Code and Federal Bankruptcy Rule 9006, to extend the time within which the Debtors must comply with section 345(b) of the Bankruptcy Code or make other such arrangements agreed to by the United States Trustee, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **January 14, 2009 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

      PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the

Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received no later than **January 9, 2009 at 4:00 p.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 31, 2008
       New York, New York

/s/ Lori R. Fife
Lori R. Fife
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

2

Hearing Date and Time: January 14, 2009 at 10:00 am (Prevailing Eastern Time)
Objection Date and Time: January 9, 2009 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                        :
In re                                   :   Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :   08-13555 (JMP)
                                        :
              Debtors.                  :   (Jointly Administered)
                                        :
                                        :
-----------------------------------------------------------------x
```

**DEBTORS' MOTION TO EXTEND THE TIME WITHIN WHICH**
**DEBTORS' MUST COMPLY WITH SECTION 345(b) OF THE BANKRUPTCY CODE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), respectfully represent:

**Background**

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural

NY2:\1947809\07\15QXT07!.DOC\58399.0003

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate (the "SIPA Trustee").

**Jurisdiction**

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Lehman's Business**

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.  Its headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

6. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District

of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Relief Requested**

7. By this Motion, the Debtors are seeking, pursuant to sections 105 and 345 of the Bankruptcy Code and Bankruptcy Rule 9006, an extension of time through and including March 11, 2009 to comply with section 345(b) of the Bankruptcy Code and the UST Guidelines or to make other arrangements acceptable to the U.S. Trustee, without prejudice to the Debtors' right to seek further extensions.

**The Debtors' Cash Deposits and Investments**

A.   Prepetition Cash Management System

8. In the ordinary course of business prior to the Commencement Date, Lehman utilized a centralized cash management system (collectively, the "Cash Management System") to collect and transfer funds generated by their operations and disburse those funds to satisfy the obligations required to operate their business. The Cash Management System facilitated Lehman's cash monitoring, forecasting, and reporting, while ensuring compliance with various regulatory requirements. In connection with the Cash Management System, the Debtors maintained control over the administration of their deposit accounts located at the banks set forth in the Debtors' motion for approval of their Cash Management System.

9. LBHI has historically acted essentially as a central banker for Lehman, aggregating excess cash for investment and advancing money to certain subsidiaries to cover shortfalls, primarily through its main operating account at Citibank, N.A. Not all of LBHI's subsidiaries operated under the Cash Management System. Some of the Lehman subsidiaries were less integrated and relied on LBHI only on occasion, while others that operated under the

Cash Management System were highly integrated into such system and dependant on LBHI.[1] Pursuant to an order, dated November 6, 2008 [Docket No. 1416] (the "Cash Management Order"), the Court approved the continuation of the Debtors' Cash Management System and extended the Debtors time to comply with section 345(b) of the Bankruptcy Code and UST Guidelines or to make such other arrangements as agreed with the U.S. Trustee.

B.  The Debtors' Postpetition 345 Compliance Efforts

10. In accordance with the Cash Management Order, the Debtors have continued their prepetition cash management practices in the postpetition period given the inefficiencies that would have been caused by immediately changing or establishing a new system that would administer billions of dollars on a world-wide basis.

11. Since the Commencement Date, the Debtors and their professionals have been working diligently to come into compliance with the requirements under section 345 of the Bankruptcy Code and the UST Guidelines by (i) establishing new accounts at banks that are designated as authorized depositories by the U.S. Trustee, (ii) working to ensure that new depository banks will not setoff their claims against the deposits in these accounts, and (iii) analyzing a wide-range of investments that are fully backed by the United States government or have acceptable risk but also provide the Debtors with a reasonable return on such investments. The Debtors have made great progress towards achieving these goals but will require more time to address the unique challenges associated with each of the items listed above before they are in full compliance with section 345 of the Bankruptcy Code and the UST Guidelines, or have made other arrangements acceptable to the U.S. Trustee and this Court.

---

[1] Lehman's Cash Management System is described in greater detail in the motion for approval of the Debtors' Cash Management System.

(i)    Authorized Depositories

12.    For cash that is deposited with a bank that exceeds the guarantees provided by the United States and its various agencies and instrumentalities, section 345(b) of the Bankruptcy Code requires a debtor to obtain a bond and an undertaking from a corporate surety from the bank holding a debtor's cash deposits unless such bank is an U.S. Trustee authorized depository ("Authorized Depository"). The U.S. Trustee has published a list of Authorized Depositories and since the Commencement Date, the Debtors have been actively engaged in discussions with certain of these banks to establish accounts for the deposit of the Debtors' cash.

13.    The Debtors have executed several asset sales, collected settlement payments from counterparties that have terminated certain in-the-money derivative contracts, and other activities that each have generated a substantial amount of cash. The flow of money into the Debtors' estates from these and other activities has resulted in a current cash balance that exceeds $4 billion. The amount of cash the Debtors hold also complicates their negotiations with the limited universe of Authorized Depositories with issues such as the appropriate collateral to secure their cash deposits.

14.    A further complicating factor has been that, as a leading worldwide investment bank, Lehman had relationships with virtually every other bank in the world. As a result of the commencement of these chapter 11 cases, many of these banks now assert claims against the Debtors and, therefore, may assert setoff rights against any cash deposited by the Debtors. To highlight this issue, subsequent to the Commencement Date, a number of the Debtors' historical depository banks purported to effect a setoff of sums on deposit against claims held by such banks. As such, the Debtors can only deposit their cash in U.S. Trustee

Authorized Depositories that (i) have no historical relationship with Lehman or (ii) agree to not setoff against the Debtors deposits. Taking the foregoing criteria into consideration, there currently exists only two or three banks that are available to the Debtors.

15. In response to the purported setoffs described above, subsequent to the Commencement Date, the Debtors acted quickly to move their cash deposits to banks that did not have prepetition claims against the Debtors and as such could not assert setoff rights against the Debtors' cash deposits. Since then, and with the benefit of additional time, the Debtors identified eligible banks and commenced negotiations with certain of these banks to establish accounts that such banks would expressly agree would not be subject to setoff. After several months of negotiations, the Debtors ultimately reached a "no setoff" agreement with two Authorized Depositories and since then have been in the process of moving the funds held by other banking institutions to these depositories.

16. The Debtors are also in active discussions with other Authorized Depositories to reach similar "no setoff" agreements. The Debtors hope to establish accounts with several primary depository institutions in order to diversify their deposits. Achieving this goal will require each such institution to agree to waive any setoff rights it otherwise may have. The Debtors expect that the establishment of new accounts will require several weeks, if not more, given the length of time the Debtors required before they reached acceptable arrangements with their current bank depositories.

17. Having accounts with more than one Authorized Depository will help diversify their cash deposits and broaden the range of services and investment opportunities available, which in the end will inure to the benefit of all stakeholders in these chapter 11 cases. Accordingly, the Debtors anticipate that opening accounts at other Authorized Depositories will

involve weeks, if not more, of negotiations before an acceptable arrangement can be agreed to between the parties. In the end, this period of time will enable the Debtors to increase the control and flexibility over their deposits with these banks just as they have with their current bank depositories and aid in the efficient administration of these chapter 11 cases.

    (ii)    <u>Investments</u>

18. Lehman historically deposited its excess cash nightly in various domestic and overseas investment accounts with banks in the United States and around the world. Immediately after the commencement of these chapter 11 cases, the Debtors discontinued their various investment activities. Now that the Debtors' operations have been stabilized, they intend to resume their investments activities with their excess cash to maximize the value thereon for the benefit of these estates while at the same time taking into account the risk associated with such investments.

19. Considering the volatility of the international investment markets and the requirements under section 345 of the Bankruptcy Code and the UST Guidelines, the Debtors are carefully scrutinizing a number of potential investments. The Debtors are considering investing in (i) government securities (i.e., direct obligations of the government including T-bills, bonds, notes, and other obligations issued by the Federal Treasury), (ii) investment funds that invest in government securities, and (iii) agency securities (i.e., indirect obligations of the government). The Debtors intend to pursue investments that are highly secure while providing the maximum possible return to these estates.

20. As noted above, the Debtors also have cash deposited in accounts with foreign banks. The Debtors are actively engaged in analyzing potential investments for these funds. As with the domestic investments, the Debtors are proceeding at a modest pace by

carefully assessing potential investments to help reduce the risk with such investments but also yield sufficient returns beneficial to the Debtors' estates.

## The Relief Requested is Appropriate

21. Section 345 of the Bankruptcy Code governs a debtor's cash deposits and the investment thereof during a chapter 11 case and authorizes a debtor to deposit money as "will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a). For deposits that are not "insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States," section 345(b) requires the estate to obtain from the entity with which the money is deposited a bond in favor of the United States and secured by the undertaking of an adequate corporate surety, unless the Court for cause orders otherwise. 11 U.S.C. § 345(a)-(b). In the alternative, the estate may require the entity to deposit governmental securities pursuant to 31 U.S.C. § 9303. Section 9303 provides that when a person is required by law to give a surety bond, that person, in lieu of a surety bond, may provide a governmental obligation. 31 U.S.C. § 9303.

22. To date, the Debtors and the U.S. Trustee have met and conferred several times regarding the Debtors' development of its Investment Guidelines and the time within which it will comply with the requirements prescribed by section 345 of the Bankruptcy Code and the UST Guidelines. During these meetings, the U.S. Trustee's counsel and staff have indicated their satisfaction with the Debtors' progress thus far and appreciates the new and continuing challenges the Debtors face in these chapter 11 cases.

23. The U.S. Trustee supports an extension of the time within which they must comply with section 345 of the Bankruptcy Code and the UST Guidelines as requested by this Motion.

24. The Debtors believe that the benefits of the requested extension far outweigh any harm to the estate. *See generally In re Serv. Merchandise Co., Inc.*, 240 B.R. 894 (Bankr. M.D. Tenn. 1999) (noting that some of the factors to consider in determining whether cause exists "for relief from the strictures of § 345(b)" is whether benefits to the debtors outweigh the harm, if any, to the estate). In short, the management of these activities has been time-consuming and resource-heavy that has increased the amount of time necessary for the Debtors to comply with the requirements under section 345 of the Bankruptcy Code and the UST Guidelines.

25. Accordingly, the Debtors submit that ample cause exists for an extension of time within which they must comply with section 345 of the Bankruptcy Code and the UST Guidelines through and including March 11, 2009, without prejudice to the Debtors' right to seek further extensions, so that they can continue their endeavors to finalize their Investment Guidelines so that they comply with the requirements under section 345 of the Bankruptcy Code and the UST Guidelines.

## Notice

26. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the

Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

27. Other than the motion requesting approval of the Cash Management System, no previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: December 31, 2008
New York, New York

/s/ Lori R. Fife
Lori R. Fife
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                            :

In re                                     :       Chapter 11 Case No.
                                            :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :       08-13555 (JMP)
                                            :
                   Debtors.               :       (Jointly Administered)
                                            :
                                              :
----------------------------------------------------------------x

**ORDER EXTENDING THE TIME WITHIN WHICH DEBTORS'**
**MUST COMPLY WITH SECTION 345(b) OF THE BANKRUPTCY CODE**

        Upon the motion (the "Motion"), dated December 31, 2008, by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105 and 345 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 9006, to extend the time within which the Debtors must comply with section 345(b) of the Bankruptcy Code and the guideline of the United States Trustee (or make other such arrangements agreed to by the United States Trustee) (the "345 Compliance Period") through and including March 11, 2009, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in

the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the U.S. Trustee having consented to entry of an order extending the 345 Compliance Period through and including March 11, 2009; and the Court having determined that it is appropriate to enlarge the 345 Compliance Period; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors shall have until March 11, 2009 (or such time as the U.S. Trustee may agree to) to comply with section 345(b) of the Bankruptcy Code or make such other arrangements agreed to by the U.S. Trustee, without prejudice to the Debtors' rights to seek further extensions.

Dated: January __, 2009
          New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

NY2:\1947809\07\15QXT07!.DOC\58399.0003              12