Hearing Date: January 28, 2009 at 10:00 AM
Last Date for Objections: January 23, 2009 at 4 PM

Ellen Zweig, Esq.
Law Office of Neil Moldovan
One Old Country Road
Carle Place, New York
516-294-3300
Fax 516-294-4011
ezweig@optonline.net

Attorney for Anita Bryant

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re LEHMAN BROTHERS HOLDING, INC.         Chapter 11
                                             Case No.: 08-13555 (JMP)
                                             Jointly Administered

                      Debtors
-----------------------------------------------------------X

**NOTICE OF HEARING ON MOTION OF ANITA BRYANT
FOR RELIEF FROM THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE THAT** on January 28, 2009 at 10AM or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 601 in the Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, to consider Anita Bryant's Motion for Relief from the Automatic Stay filed herein on December 2008.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be (a) in writing, stating the name of the objecting party and shall state with particularity the reasons for the objection; (b) filed with the Clerk of the Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 (with a courtesy copy of Judge Peck's

Chambers) in accordance with procedures in the paragraph immediately below; and c served upon the undersigned counsel for movant so as to be received no later than January 23, 2009.

**PLEASE TAKE FURTHER NOTICE** that objections, if any to the relief sought in the Motion must be filed (a) through the Bankruptcy Court's electronic filing system; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the objection refers, and the file name on the outside of the envelope; or c if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect or DOS text (ASCII) format to the Clerk of the Bankruptcy Court with a label containing the information indicated in section (b) of this paragraph.  An objection filed by a party with no legal representation shall comply with section b or c as set forth in this paragraph.

**PLEASE TAKE FURTHER NOTICE** that the Court may grant the relief requested in the motion without a hearing if no objections to the Motion are timely filed and served.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion may be adjourned from time to time without further notice to parties in interest, other than the announcement of the adjourned date of the hearing.

Dated: January 5, 2009

Respectfully submitted,

Law Office of Neil Moldovan

By:
Ellen Zweig (EZ9598)
One Old Country Road
Carle Place, New York 11514
516-294-3300
Fax: 516-294-4019
ezweig@optonline.net

Hearing Date: January 28, 2009 at 10:00 AM
Last Date for Objections: January 23, 2009 at 4 PM

Ellen Zweig, Esq.
Law Office of Neil Moldovan
One Old Country Road
Carle Place, New York
516-294-3300
Fax 516-294-4011
ezweig@optonline.net

Attorney for Anita Bryant

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re LEHMAN BROTHERS HOLDING, INC.        Chapter 11
                                           Case No.: 08-13555 (JMP)
                                           Jointly Administered

                    Debtors
-----------------------------------------------------------X

**MOTION OF ANITA BRYANT FOR A DETERMINATION
THAT THE AUTOMATIC STAY DOES NOT APPLY TO
HER STATE COURT ACTION**

Anita Bryant, by and through her undersigned attorneys, hereby files this Motion for Relief from the Automatic Stay. In support of her motion, she states:

**I. Jurisdiction and Venue**

1. This Court has subject matter jurisdiction over this Motion pursuant to 28 USC Section 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges for the Southern District of New York, dated July 10, 1984 (Ward, acting CJ). Consideration of this Motion is a core proceeding pursuant to 28 USC Section 157 (b). Venue is proper in this district pursuant to 28 USC 1408 and 1409. The statutory predicate for the relief sough in this Motion is

Section 362 (d) of the United States Bankruptcy Code.

**II.  Factual Background**

2. On September 15, 2008, the above captioned debtors filed separate voluntary petitions for relief under chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

3. At the time that the debtors filed their voluntary petitions, Anita Bryant had an action to recover money damages for personal injury action pending state court.  Ms. Bryant's action against Lehman Brothers Holding, Inc. is pending in Supreme Court, Queens County under the caption of <u>Anita Bryant v. Lehman Brothers Holdings, inc., Henegan Brothers Construction Co., Inc., 1301 Properties, LLC and Equity Office Properties Management Corp.</u>  The index number for that action is 25563/05.  Annexed hereto at Exhibit A is a printout from e-law giving the caption and status of the case.

4. Ms. Bryant was working as a union electrician for Unity Electric Company in April 2005 on a major renovation project at 1301 6th Avenue, New York, New York.  Upon information and belief, Lehman Brothers Holding was a tenant at the property and the renovation was for space that they would be using for one of their corporate headquarters.  Henegan Construction was the general contractor for the project.

5. As a result of construction accident, Ms. Bryant sustained serious permanent personal

injuries including, but not limited to, herniations to her neck and back, necessitating a laminectomy. (See Exhibit B for an Affidavit of Anita Bryant and for the relevant Verified Bills of Particulars in the state court action).

6. Ms. Bryant commenced an action to recover money damages under the New York Labor Law Section 240 and 241 and for common law negligence in Queens County (See Exhibit C for a copy of the Amended Summons and Complaint and Lehman Brother's Answer). As the Court can see from the annexed e-law printout, a Note of Issue has been filed and the case was scheduled for trial in October 2008 but was stayed because of the Lehman Bankruptcy filing.

7. It is undisputed that Lehman had insurance coverage afforded to it for this loss. Lehman, as well as all other defendants, were named as additional insureds under a policy of insurance issued to the general contractor for the project, Henegan Construction. (See Exhibit D for a copy of the policy of insurance.) By letter, Travelers Insurance Company has agreed to defend and indemnify Lehman Brothers for Ms. Bryant's loss. (See Exhibit E).

8. Lehman, as well as all defendants, are currently represented by the Law Offices of John P. Humphreys, House Counsel for Travelers Insurance Company. Under their Supplemental Insurance Disclosure, they have acknowledged that defendants are afforded coverage under a Travelers policy number DTNYKCO-828K9612 with limits of $1,000,000 per occurrence and a $ 2,000,000 aggregate. Travelers also affords excess coverage under policy number DTSM-CUP-828K9243 with limits of $ 5,000,000 per occurrence and a $ 5,000,000

per aggregate.  (See Exhibit F).

9.    Lehman, along with all other defendants, has named Unity Electric Co, Anita Bryant's employer, as a third party defendant in that action seeking contractual indemnification. Upon information and belief, Unity Electric is covered under a policy of insurance with Virginia Surety under policy number 2CG00000501.

10.  Ms. Bryant has filed a Proof of Claim with this Court (See Exhibit G).  She is seeking expedited relief in this matter because of her health.  Although she is a relatively young woman (39 years old), she has advanced breast cancer.  (See Exhibit H for an MRI report and office notes indicating that she has a 9 cm cancerous tumor in her breast).  Given the size of the tumor and her age, Ms. Bryant needs to have her day in court on an expedited basis.

11.  Our office has repeatedly contacted the Law Office of Weil Gotshal and Manges, attorneys for the debtor, seeking their consent to lift the automatic stay to the extent of the available policies of insurance.  Our office has not received any indication one way of the other on their position with respect to Ms. Bryant's request.  Certainly, they have nefariously ignored the severity of Ms. Bryant's health concerns and have unreasonably failed to agree to voluntarily lift the stay to the extent of the policy of insurance.  Our office has provided them with all necessary information to make their decision (See Exhibit I), but our requests have been essentially ignored.

### III.  RELIEF REQUESTED

12.    It is well settled that the automatic stay in a bankruptcy case should be lifted to

allow for the personal injury action to proceed in state court. In re Johns-Manville Corp. 45 B.R. 827 (Bkrtcy. S.D. N.Y. 1984)  She is also seeking to allow the case to be settled or to proceed to judgment to the extent that there is a policy of insurance covering her claim.

**IV.  BALANCING OF INTERESTS**

      The Second Circuit Court of Appeals has listed a number of factors in determining whether to lift the automatic say, including a balance of the harms.  In re Sonnax Industries, 907 F.2d 1286 (2nd Cir.1990).  Here will be absolutely no harm to the debtors estate if the automatic stay is lifted.  There is enough insurance coverage afforded by the Traveler's policies to insure Lehman for any judgment that Ms. Bryant may obtain in her personal injury action.  Moreover, Ms. Bryant has agreed to limit her recovery against Lehman to the amount of any applicable insurance policies.

      To not proceed expeditiously in the State Court action would irreparably harm Ms. Bryant.  Ms. Bryant has waited three years for her case finally to come to trial and she had a final trial date set in October 2008, just after the filing of Lehman's petition.  Ms. Bryant is suffering from advanced stage breast cancer and to delay her trial would effectively deny her a day in court.  Accordingly, the court should move expeditiously to allow this case to proceed to trial in state court.

**V.  NOTICE**

      Notice of Motion will be provided pursuant to the directives of this Court.  The Motion has been sent to counsel for the Debtors, the Office of the United States Trustee, counsel for the Official Committee of Unsecured Creditors, Counsel for the Post Petition Lenders, and Counsel for defendants and third party defendants in the State Court action.  In light of the nature of the

relief requested, Ms. Bryant submits that no other or further notice need be given and that the notice provided is sufficient.

No previous request for the relief sought herein has been made to this or any other Court.

## VI.  WAIVER OF MEMORANDUM OF LAW

This motion sets forth applicable authority upon which it relies and does not raise any novel issues of law.  Accordingly, Bryant respectfully requests that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted in support of this Motion.

## VII.  PRAYERS FOR RELIEF

For the foregoing reasons, Bryant respectfully requests that the Court enter an Order granting relief from the automatic stay to allow Bryant to pursue her claim for personal injuries in New York State Supreme Court, Queens County and for such further relief as the Court deems just and proper.

Dated: January 5, 2009                                  Respectfully submitted,

_____

Ellen Zweig (EZ9598)
Law Office of Neil Moldovan
One Old Country Road
Carle Place, New York 11514
516-294-3300
Fax 516-294-4019
ezweig@optonline.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re LEHMAN BROTHERS HOLDING, INC.        Chapter 11
                                           Case No.: 08-13555 (JMP)
                                           Jointly Administered

                        Debtors
-----------------------------------------------------------X

## ORDER GRANTING MOTION OF ANITA BRYANT FOR RELIEF FROM THE AUTOMATIC STAY

On January 28, 2009, the Court conducted a hearing on Anita Bryant's Motion for Relief from the Automatic Stay. After consideration of the Motion, any objections of responses to the Motion that were filed, the arguments and representations set forth by counsel at the hearing, and it appearing that this Court has jurisdiction over this matter, notice of the Motion is sufficient under the circumstances and no other or further notice need be provided and good and sufficient cause appearing, the Court is of the opinion that the relief requested in the motion should be granted

IT IS ORDERED THAT

1. The Motion is Granted.

2. The automatic stay is lifted to the extent of permitting Anita Bryant to pursue her personal injury action against the debtor in New York State Supreme Court, Queens County, including proceeding in court, arbitration, mediation or settlement.

3. Any judgment, recovery or settlement that Ms. Bryant can obtain against the debtor is limited to any policies of insurance afforded to the debtor by Travelers Insurance Company or through Virginia Surety Insurance Company.

Dated: New York, New York
       January   2009                    _____
                                         Honorable James M. Peck
                                         United States Bankruptcy Judge