# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------X
ANITA BRYANT,

Plaintiff,

-against-

LEHMAN BROTHERS HOLDINGS INC., HENEGAN
CONSTRUCTION CO., INC., 1301 PROPERTIES, L.L.C.,
and EQUITY OFFICE PROPERTIES MANAGEMENT
CORP.,

Defendants.
----------------------------------------------------------------X

INDEX # 25563/05
Plaintiff designates
QUEENS
County as Place of Trial

The basis of the venue is
Plaintiff's residence

**AMENDED SUMMONS**
Plaintiff's Address:
155-26 Jewel Avenue
Flushing, NY 11367

TO THE DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer or, if the complaint is not served with summons, to serve a notice of
appearance, on the Plaintiffs' Attorneys within 20 days after the service of this summons,
exclusive of the date of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: Carle Place, New York
December 27, 2005

Defendants' Addresses:

**1301 Properties, L.L.C.**
80 State Street
Albany, NY 12207

**Lehman Brothers Holdings Inc.**
745 7th Ave
New York, New York 10019

**Henegan Construction Co., Inc.**
250 West 30th Street
New York, New York 10001

LAW OFFICES OF NEIL MOLDOVAN, P.C.

BY:   NEIL MOLDOVAN, ESQ.
Attorneys for Plaintiff
One Old Country Road, Suite 270
Carle Place, New York 11514
(516) 294-3300

**Equity Office Properties Management Corp.**
2 N. Riverside Plaza, #1600
Chicago, Illinois 60606

RECEIVED
JAN 0 3 2006
COUNTY CLERK
QUEENS COUNTY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------------X

ANITA BRYANT,

Plaintiff,

**AMENDED VERIFIED**
**COMPLAINT**

.-against-                              **INDEX #** 25563/05

LEHMAN BROTHERS HOLDINGS INC., HENEGAN
CONSTRUCTION CO., INC., 1301 PROPERTIES, L.L.C.,
and EQUITY OFFICE PROPERTIES MANAGEMENT
CORP.,

Defendants.

-----------------------------------------------------------------------X

Plaintiff, by her attorneys, THE LAW OFFICES OF NEIL MOLDOVAN, P.C.

complaining of the Defendants above-named, upon information and belief, allege as follows:

1.      That at all times herein mentioned, the plaintiff, was and still is a resident of

the County of Queens, City and State of New York.

2.      That at all times herein mentioned, Defendant, LEHMAN BROTHERS

HOLDINGS INC. (hereinafter "LEHMAN") was and still is a foreign

Delaware for profit corporation duly organized and existing by virtue of the

laws of the State of Delaware and LEHMAN is authorized to do business in the

State of New York.

3.      LEHMAN is conducting business in the State of New York.

4.      That at all times herein mentioned, Defendant, HENEGAN CONSTRUCTION

CO., INC. (hereinafter "HENEGAN") was and still is a domestic for profit

corporation duly organized existing by virtue of the laws of the State of New

York and is authorized to do business in the State of New York.

5.    That at all times herein mentioned, Defendant, 1301 PROPERTIES, L.L.C.

(hereinafter "1301") was and still is a domestic Limited Liability Corporation

duly organized existing by virtue of the laws of the State of New York and is

authorized to do business in the State of New York.

6.    That at all times herein mentioned, Defendant, EQUITY OFFICE

PROPERTIES MANAGEMENT CORP., (hereinafter "EQUITY ") was and

still is a foreign Delaware for profit corporation duly organized and existing by

virtue of the laws of the State of Delaware and EQUITY is authorized to do

business in the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT, LEHMAN BROTHERS HOLDINGS INC., ON BEHALF OF PLAINTIFF ANITA BRYANT

7.    That at all times herein mentioned, on or about the 26th day of April, 2005,

Defendant, LEHMAN, owned the premises known as 1301 6th Avenue in the

County of New York, City and State of New York.

8.    That at all times herein mentioned, Defendant, LEHMAN, its agents, servants

and/or employees operated the aforesaid premises.

9.    That at all times herein mentioned, Defendant, LEHMAN, its agents, servants

and/or employees managed the aforesaid premises.

10.   That at all times herein mentioned, the Defendant, LEHMAN, its agents,

servants and/or employees controlled the aforesaid premises.

11.   That at all times herein mentioned, Defendant, LEHMAN, its agents, servants

and/or employees, maintained the aforesaid premises.

12.   That at all times herein mentioned Defendant, LEHMAN, its agents, servants

and/or employees repaired the aforesaid premises.

13.   That on or about the 26th day of April, 2005, Plaintiff, ANITA BRYANT was
      in the course of her employment with Unity Electric, Co., Inc. at the aforesaid
      premises.

14.   That at all times herein mentioned, Defendant, LEHMAN, engaged the services
      of Defendant, HENEGAN, to perform work at the premises, pursuant to a
      written/oral contract.

15.   That at all times herein mentioned, Defendant, LEHMAN, its agents, servants
      and/or employees, engaged the services of Unity Electric Co., Inc. to perform
      work at said premises pursuant to a written/oral contract..

16.   That on or about the 26th day of April, 2005, Plaintiff, ANITA BRYANT,
      while working in the employ of Unity Electric Co., Inc. at the aforementioned
      premises in a manner that a prudent person would, was caused to slip on debris
      and fall thereat sustaining severe personal injuries as a result of the negligence
      of Defendant.

17.   That Defendant violated Labor Law Sections 200, 240 and 241.

18.   That said occurrence was due to the negligence of the Defendant, its agents,
      servants and/or employees in the ownership, maintenance, control and repair of
      said area; in permitting and allowing said premises to become and remain in a
      loose, defective, condition; in failing to forward off the dangers then and there
      existing; in causing, permitting and allowing said area to become and remain
      and unsafe for use; in creating a nuisance and a trap, when Defendant knew or
      should have known that an incident such as the instant one would or could

occur.

19.     That by reason of the premises aforesaid, this Plaintiff was rendered sick, sore,

lame and disabled and her injuries upon information and belief are of a

permanent character. That by reason thereof, she has been prevented from

following her usual vocation and has been obliged to incur expense and

obligations for medicines, medical care and attention and treatment and she

verily believes that she will in the future be obliged to incur further expense

and obligations for medicines, medical care and attention and treatment and

continuous pain and suffering and be unable to follow her current vocation, all

to her damage in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

20.     That as a result of the foregoing, Plaintiff, ANITA BRYANT, has been

damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT, HENEGAN CONSTRUCTION CO., INC., ON BEHALF OF PLAINTIFF ANITA BRYANT

21.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs of the complaint designated "1" through "20", inclusive hereof,

with the same force and effect as though said paragraphs were more fully and

completely set forth herein.

22.     That at all times herein mentioned, Defendant, HENEGAN, its agents, servants

and/or employees managed the aforesaid premises.

23.     That at all times herein mentioned, the Defendant, HENEGAN, its agents,

servants and/or employees controlled the aforesaid premises.

24.     That at all times herein mentioned, Defendant, HENEGAN, its agents, servants

and/or employees repaired the aforesaid premises.

25.    That at all times herein mentioned, Defendant, HENEGAN, was the general

        contractor for the subject work.

26.    That at all times herein mentioned, Defendant, HENEGAN, its agents, servants

        and/or employees, engaged the services of Unity Electric Co., Inc. to perform

        work at said premises.

27.    That on or about the 26th day of April, 2005, Plaintiff, ANITA BRYANT, was

        in the course of her employment with Unity Electric Co., Inc. at the aforesaid

        premises.

28.    That on or about the 26th day of April, 2005, Plaintiff, ANITA BRYANT,

        while working at the aforementioned premises in a manner that a prudent

        person would, was caused to slip on debris and fall thereat sustaining severe

        personal injuries as a result of the negligence of Defendant.

29.    That Defendant violated Labor Law Sections 240 and 241.

30.    That said occurrence was due to the negligence of the Defendant, its agents,

        servants and/or employees in the management, maintenance, control and repair

        of said area; in permitting and allowing said premises to become and remain in

        a loose, defective, condition; in failing to forewarn of the dangers then and

        there existing; in causing, permitting and allowing said area to become and

        remain and unsafe for use; in creating a nuisance and a trap, when Defendant

        knew or should have known that an incident such as the instant one would or

        could occur.

31.    That by reason of the premises aforesaid, this Plaintiff was rendered sick, sore,

lame and disabled and her injuries upon information and belief are of a

permanent character. That by reason thereof, she has been prevented from

following his usual vocation and has been obliged to incur expense and

obligations for medicines, medical care and attention and treatment and she

verily believes that she will in the future be obliged to incur further expense

and obligations for medicines, medical care and attention and treatment and

continuous pain and suffering and be unable to follow her current vocation, all

to her damage in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

32.     That as a result of the foregoing, Plaintiff, ANITA BRYANT, has been

damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT, 1301 PROPERTIES, L.L.C. ON BEHALF OF PLAINTIFF ANITA BRYANT

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs of the complaint designated "1" through "32", inclusive hereof,

with the same force and effect as though said paragraphs were more fully and

completely set forth herein.

34.     That at all times herein mentioned, on or about the 26th day of April, 2005,

Defendant, 1301, owned the premises known as 1301 6th Avenue in the County

of New York, City and State of New York.

35.     That at all times herein mentioned, Defendant, 1301, its agents, servants and/or

employees operated the aforesaid premises.

36.     That at all times herein mentioned, Defendant, 1301, its agents, servants and/or

employees managed the aforesaid premises.

37.    That at all times herein mentioned, the Defendant, 1301, its agents, servants
and/or employees controlled the aforesaid premises.

38.    That at all times herein mentioned, Defendant, 1301, its agents, servants and/or
employees, maintained the aforesaid premises.

39.    That at all times herein mentioned Defendant, 1301, its agents, servants and/or
employees repaired the aforesaid premises.

40.    That on or about the 26th day of April, 2005, Plaintiff, ANITA BRYANT was
in the course of her employment with Unity Electric, Co., Inc. at the aforesaid
premises.

41.    That at all times herein mentioned, Defendant, 1301, engaged the services of
Defendant, HENEGAN, to perform work at the premises, pursuant to a
written/oral contract.

42.    That at all times herein mentioned, Defendant, 1301, its agents, servants and/or
employees, engaged the services of Unity Electric Co., Inc. to perform work at
said premises.

43.    That at all times herein mentioned, Defendant HENEGAN, engaged the
services of Defendant, 1031, it agents, servants and/or employees to perform
work at said premises.

44.    That on or about the 26th day of April, 2005, Plaintiff, ANITA BRYANT,
while working in the employ of Unity Electric Co., Inc. at the aforementioned
premises in a manner that a prudent person would, was caused to slip on debris
and fall thereat sustaining severe personal injuries as a result of the negligence
of Defendant.

45.    That Defendant violated Labor Law Sections 200, 240 and 241.

46.    That said occurrence was due to the negligence of the Defendant, its agents,

servants and/or employees in the ownership, maintenance, control and repair of

said area; in permitting and allowing said premises to become and remain in a

loose, defective, condition; in failing to forward off the dangers then and there

existing; in causing, permitting and allowing said area to become and remain

and unsafe for use; in creating a nuisance and a trap, when Defendant knew or

should have known that an incident such as the instant one would or could

occur.

47.    That by reason of the premises aforesaid, this Plaintiff was rendered sick, sore,

lame and disabled and her injuries upon information and belief are of a

permanent character. That by reason thereof, she has been prevented from

following her usual vocation and has been obliged to incur expense and

obligations for medicines, medical care and attention and treatment and she

verily believes that she will in the future be obliged to incur further expense

and obligations for medicines, medical care and attention and treatment and

continuous pain and suffering and be unable to follow her current vocation, all

to her damage in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

48.    That as a result of the foregoing, Plaintiff, ANITA BRYANT, has been

damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT, EQUITY OFFICE PROPERTIES MANAGEMENT CORP., ON BEHALF OF PLAINTIFF ANITA BRYANT

49.    Plaintiff repeats, reiterates and realleges each and every allegation contained in
       paragraphs of the complaint designated "1" through "48", inclusive hereof,
       with the same force and effect as though said paragraphs were more fully and
       completely set forth herein.

50.    That at all times herein mentioned, on or about the 26th day of April, 2005,
       Defendant, EQUITY, owned the premises known as 1301 6th Avenue in the
       County of New York, City and State of New York.

51.    That at all times herein mentioned, Defendant, EQUITY, its agents, servants
       and/or employees operated the aforesaid premises.

52.    That at all times herein mentioned, Defendant, EQUITY, its agents, servants
       and/or employees managed the aforesaid premises.

53.    That at all times herein mentioned, the Defendant, EQUITY, its agents,
       servants and/or employees controlled the aforesaid premises.

54.    That at all times herein mentioned, Defendant, EQUITY, its agents, servants
       and/or employees, maintained the aforesaid premises.

55.    That at all times herein mentioned Defendant, EQUITY, its agents, servants
       and/or employees repaired the aforesaid premises.

56.    That on or about the 26th day of April, 2005, Plaintiff, ANITA BRYANT was
       in the course of her employment with Unity Electric, Co., Inc. at the aforesaid
       premises.

57.     That at all times herein mentioned, Defendant, EQUITY, engaged the services

        of Defendant, HENEGAN, to perform work at the premises, pursuant to a

        written/oral contract.

58.     That Defendant, EQUITY, engaged the services of Defendant, 1301, to

        perform work at the premises pursuant to a written/oral contract.

59.     That at all times herein mentioned, Defendant, EQUITY, its agents, servants

        and/or employees, engaged the services of Unity Electric Co., Inc. to perform

        work at said premises.

60.     That on or about the 26th day of April, 2005, Plaintiff, ANITA BRYANT,

        while working in the employ of Unity Electric Co., Inc. at the aforementioned

        premises in a manner that a prudent person would, was caused to slip on debris

        and fall thereat sustaining severe personal injuries as a result of the negligence

        of Defendant.

61.     That Defendant violated Labor Law Sections 200, 240 and 241.

62.     That said occurrence was due to the negligence of the Defendant, its agents,

        servants and/or employees in the ownership, maintenance, control and repair of

        said area; in permitting and allowing said premises to become and remain in a

        loose, defective, condition; in failing to forward off the dangers then and there

        existing; in causing, permitting and allowing said area to become and remain

        and unsafe for use; in creating a nuisance and a trap, when Defendant knew or

        should have known that an incident such as the instant one would or could

        occur.

63.     That by reason of the premises aforesaid, this Plaintiff was rendered sick, sore,

lame and disabled and her injuries upon information and belief are of a

permanent character. That by reason thereof, she has been prevented from

following her usual vocation and has been obliged to incur expense and

obligations for medicines, medical care and attention and treatment and she

verily believes that she will in the future be obliged to incur further expense

and obligations for medicines, medical care and attention and treatment and

continuous pain and suffering and be unable to follow her current vocation, has

been damaged in a sum of money that exceed the monetary jurisdiction of all

lower Courts.

64.     That as a result of the foregoing, Plaintiff, ANITA BRYANT, has been

damaged in a sum of money that exceed the monetary jurisdiction of all lower

Courts.

**WHEREFORE,** Plaintiff, ANITA BRYANT demands judgment against the

Defendant, LEHMAN BROTHERS HOLDINGS INC., in the first cause of action in the sum of

money that exceed the monetary jurisdiction of all lower Courts against the Defendant,

HENEGAN CONSTRUCTION CO., INC., in the second cause of action in the sum of money

that exceed the monetary jurisdiction of all lower Courts against the Defendant, 1301

PROPERTIES, L.L.C., in the third cause of action in the sum of money that exceed the monetary

jurisdiction all lower Courts and against the Defendant, EQUITY OFFICE PROPERTIES

MANAGEMENT CORP., in the fourth cause of action in the sum of money that exceed the

monetary jurisdiction of all lower Courts, together with the costs and disbursements of this

action.

Dated: Carle Place, New York
December 27, 2005

Yours, etc.
LAW OFFICES OF NEIL MOLDOVAN, P.C.

By: Neil Moldovan, Esq.
Attorneys for Plaintiff
One Old Country Road
Suite 270
Carle Place, NY 11514

STATE OF NEW YORK )
                  : SS.:
COUNTY OF NASSAU )

I, the undersigned, an attorney duly admitted to practice law in the State of New York, under penalties of perjury, does affirm:

That I am the principle of The Law Offices of Neil Moldovan, P.C., attorneys of record, for plaintiff, ANITA BRYANT in the within matter, and make this affirmation in accordance with CPLR 3020. I have read the within Amended Summons and Amended Verified Complaint and know the content thereof to be true to your affirmant's own knowledge, with the exception of those matter herein stated to be alleged upon information and belief, and as to those matters your affirmant believe them to be true. The grounds upon which your affirmant bases his belief regarding those matters not stated upon your affirmant's knowledge are : Review of file and conversations with plaintiff.

This verification is made by your affirmant and not by plaintiff for the following reason: Plaintiff resides outside the county where deponent maintains his office.

Dated: Carle Place, New York
       December 27, 2005

NEIL MOLDOVAN, ESQ.

STATE OF NEW YORK)
                                  : ss
COUNTY OF NASSAU )

Jeremy Glicksman, being duly sworn, states as follows:
I am over 18 years of age, not a party to the within action, and reside in Nassau, New York.

On December 27, 2005, I served the annexed **AMENDED SUMMONS AND AMENDED VERIFIED COMPLAINT** upon the parties listed below by mailing a true and complete copy of same in a postage pre-paid envelope, and depositing same in a post office or official depository of the United States Postal Service within New York State, at the last known address of the addressee (s) as set forth herein.

TO:   AHMUTY, DEMERS & McMANUS, ESQS.
        Attorneys for Defendants
        1301 PROPERTIES L.L.C. and EQUITY OFFICE
        PROPERTIES MANAGEMENT CORP.
        200 I.U. Willets Road
        Albertson, NY 11507

JEREMY GLICKSMAN

Sworn to before me this
27th day of December, 2005.

NOTARY PUBLIC

AMELIA LIPSEY
Notary Public, State of New York
No. 01LI6040254
Qualified in Nassau County
Commission Expires April 17, 20

COUNTY OF QUEENS

ANITA BRYANT,

                    Plaintiff,

        -against-

                                                JAN 0 4 2006

LEHMAN BROTHERS HOLDINGS INC., HENEGAN
CONSTRUCTION CO., INC., 1301 PROPERTIES, L.L.C.,
and EQUITY OFFICE PROPERTIES MANAGEMENT CORP.

                    Defendants.

## AMENDED SUMMONS AND AMENDED VERIFIED COMPLAINT

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

                    *Law Offices of*
                Neil Moldovan, P.C.
        *Attorney(s) for* Plaintiff
        *By:* _____
                        Neil Moldovan
        *Print Signer's Name:* _____
            *Office and Post Office Address, Telephone*
            ONE OLD COUNTRY ROAD, SUITE 270
            CARLE PLACE, NEW YORK 11514
Dated:        , 200    Tel. 516-294-3308 • Fax 516-294-4019

---

To                                    Service of a copy of the within
                                      is hereby admitted.

                                      Dated: .......................... 20.........


Attorney(s) for                       ...................................................

---

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on                20

☐ NOTICE OF SETTLEMENT

that an order                                  of which the within is a true copy
will be presented for settlement to the HON.              one of the judges of the
within named Court, at
on                20    at            M.

Dated,

                    Yours, etc.

                    *Law Offices of*
                    Neil Moldovan, P.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
ANITA BRYANT,                                          *Index No. 25563/05*

                        Plaintiff(s),

                                                      *ANSWER TO
                                                      AMENDED VERIFIED
                                                      COMPLAINT*

        - against -

LEHMAN BROTHERS HOLDINGS INC., HENEGAN
CONSTRUCTION CO., INC., 1301 PROPERTIES,
L.L.C., and EQUITY OFFICE PROPERTIES
MANAGEMENT CORP.,
                        Defendant(s).
-------------------------------------------------------------------X

*COUNSELLORS:*

        The Law Office of MICHAEL F.X. MANNING, as attorney and on behalf

of defendant **LEHMAN BROTHERS HOLDINGS INC.**, answering the Verified

Complaint of plaintiff herein, upon information and belief, respectfully alleges:

        **FIRST:**        Denies any sufficient knowledge or information to form a belief as

to the truth or falsity of the allegations contained in paragraphs of the Complaint

designated **"1", "3", "5" and "6"** and refers all questions of law to the Court.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION AGAINST DEFENDANT, LEHMAN BROTHERS HOLDINGS INC., ON BEHALF OF PLAINTIFF ANITA BRYANT

        **SECOND:**      Denies any sufficient knowledge or information to form a belief as

to the truth or falsity of the allegations contained in paragraphs of the Complaint

designated **"7", "8", "9", "10", "11", "12" and "13"**and refers all questions of law to

the Court.

        **THIRD:**       Denies each and every allegation contained in paragraphs of the

Complaint designated **"14"**, except admits that an agreement between Lehman and

Henegan existed on April 26, 2005 for certain work and/or services.

**FOURTH:**   Denies each and every allegation contained in the paragraph of the

Complaint designated **"15" and "20"**.

**FIFTH:**   Denies each and every allegation contained in the paragraph of the

Complaint designated **"16", "17" and "18"** otherwise denies any sufficient knowledge or

information to form a belief as to the truth or falsity of the allegations and refers all

questions of law to the Court.

**SIXTH:**   Denies each and every allegation contained in the paragraph of the

Complaint designated **"19"**, and respectfully refers all questions of law to this Honorable

Court.

## *AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION AGAINST DEFENDANT, HENEGAN CONSTRUCTION CO., INC., ON BEHALF OF PLAINTIFF BRYANT*

**SEVENTH:**   Responding to the paragraph of the Complaint designated **"21"**,

repeats and reiterates each and every admission, denial and other response heretofore

made to the preceding paragraphs with the same force and effect as if set forth at length

herein.

**EIGHTH:**   Upon information and belief denies each and every allegation

contained in the paragraph of the Complaint designated **"22", "23" and"24"** and

respectfully refers all questions of law to this Honorable Court.

**NINTH:**    Denies any sufficient knowledge or information to form a belief as

to the truth or falsity of the allegations contained in paragraphs of the Complaint

designated **"25", "26" and "27",** and refers all questions of law to the Court.

**TENTH:**    Denies each and every allegation contained in the paragraph of the

Complaint designated **"28", "29", "30" and "31",** otherwise denies any sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations and

refers all questions of law to the Court.

**ELEVENTH:**    Denies each and every allegation contained in the paragraph of the

Complaint designated **"32".**

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION AGAINST DEFENDANT, 1301 PROPERTIES, L.L.C. ON BEHALF OF PLAINTIFF ANITA BRYANT

**TWELFTH:**  Responding to the paragraph of the Complaint designated **"33",**

repeats and reiterates each and every admission, denial and other response heretofore

made to the preceding paragraphs with the same force and effect as if set forth at length

herein.

**THIRTHTEENTH:**  Denies any sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint

designated **"34", "35", "36", "37", "38", "39", "40", "42" and "43"**and refers all

questions of law to the Court.

**FOURTEENTH:**    Upon information and belief denies each and every

allegation contained in the paragraph of the Complaint designated **"41"** and refers all

questions of law to the Court.

**FIFTEENTH:**    Denies each and every allegation contained in the paragraphs of the Complaint designated **"44", "45" and "46"** as to this answering defendant otherwise denies any sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in said paragraphs of the Complaint and refers all questions of law to the Court.

**SIXTEENTH:**    Denies each and every allegation contained in the paragraph of the Complaint designated **"47"**, and respectfully refers all questions of law to this Honorable Court.

**SEVENTEENTH:**    Denies each and every allegation contained in the paragraph of the Complaint designated **"48"**.

### AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION AGAINST DEFENDANT, EQUITY OFFICE PROPERTIES MANAGEMENT CORP., ON BEHALF OF PLAINTIFF ANITA BRYANT

**EIGHTEENTH:**    Responding to the paragraph of the Complaint designated **"49"**, repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

**NINETEENTH:**    Denies any sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated **"50", "51", "52", "53", "54", "55", "56", "58" and "59"**and refers all questions of law to the Court.

**TWENTIETH:**    Upon information and belief denies each and every allegation contained in the paragraph of the Complaint designated **"57",** and refers all questions of law to the Court.

**TWENTY-FIRST:**    Denies each and every allegation contained in the

paragraph of the Complaint designated **"60", "61" and "62"** as to this answering

defendant; otherwise denies any sufficient knowledge or information to form a belief as

to the truth or falsity of the allegations contained in said paragraphs of the Complaint and

refers all questions of law to the Court.

**TWENTY-SECOND:** Denies each and every allegation contained in the

paragraph of the Complaint designated **"63"**, and respectfully refers all questions of law

to this Honorable Court.

**TWENTY-THIRD:** Denies each and every allegation contained in the

paragraph of the Complaint designated **"64".**

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The injuries and damages allegedly sustained by plaintiff were caused in whole or

in part by the culpable conduct of plaintiff, including negligence and assumption of risk,

as a result of which the claim of plaintiff is therefore barred or diminished in the

proportion that such culpable conduct of plaintiff bears to the total culpable conduct

causing the alleged injuries and damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That all the dangers and risks incident to the situation mentioned in the Complaint

were open, obvious and apparent, and were known and assumed by plaintiff.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

This party's responsibility, if any and which is expressly denied herein, is less

than 50% of any responsibility attributed to any tortfeasor, whether or not a party hereto,

who is or may be responsible for the happening of plaintiff's alleged accident and thus,

this party is entitled to a limitation of damages as set forth in CPLR Article 16.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That the plaintiff's alleged damages representing the cost of medical care, dental

care, custodial care or rehabilitation services, loss of earnings or other economic loss

were or will, with reasonable certainty, be replaced or indemnified, in whole or in part

from a collateral source and the Court shall, pursuant to CPLR Section 4545(c), reduce

the amount of any finding with respect to such alleged damages by the amount such

damages were or will be replaced or indemnified by such collateral source.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's own actions were the sole proximate cause of any claimed injuries

sustained by plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

That if plaintiff failed to use safety devices available to plaintiff at the time of the

events alleged in the Complaint, then this party will prove, pursuant to law and Spier v.

Barker, 35 N.Y.2d 444, that the failure of plaintiff to use such devices was negligence

and was a reason and cause in whole or in part of the injuries allegedly sustained by

plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused by parties other than the answering

defendant.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages and the total damages recoverable are to

be reduced in proportion to those damages which plaintiff has failed to mitigate.

Dated: February 10, 2006
Melville, New York

Yours, etc.,

**ANNA-LISA BONVENTRE**
The Law Office of
MICHAEL F.X. MANNING
Attorneys for Defendants
**LEHMAN BROTHERS
HOLDINGS INC.**
100 Baylis Road, Suite 300
P.O. Box 9093
Melville, New York 11747
(631) 577-7200

TO:

LAW OFFICES OF NEIL MOLDOVAN, P.C.
Attorneys for Plaintiff
One Old Country Road, Suite 270
Carle Place, New York 11514
(516) 294-3300

LEHMAN BROTHERS HOLDINGS INC.
745 7th Avenue
New York, New York 10019

EQUITY OFFICE PROPERTIES MANAGEMENT
CORP.
2 N. Riverside Plaza, #1600
Chicago, Illinois 60606

3101 PROPERTIES, L.L.C.
80 State Street
Albany, New York 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------X

ANITA BRYANT,                                   *Index No. 25563/05*

Plaintiff(s),

**DEMAND FOR
BILL OF
PARTICULARS**

- against -

LEHMAN BROTHERS HOLDINGS INC., HENEGAN
CONSTRUCTION CO., INC., 1301 PROPERTIES,
L.L.C., and EQUITY OFFICE PROPERTIES
MANAGEMENT CORP.,

Defendant(s).
----------------------------------------------------------------X

*COUNSELLORS:*

*PLEASE TAKE NOTICE* that this answering party, represented by The Law

Office of MICHAEL F.X. MANNING, the undersigned attorneys, requires that you serve

upon said attorneys within thirty (30) days after service upon you of a copy of this

demand, a Verified Bill of Particulars, setting forth the following:

1.    State with respect to each plaintiff:

    (a)    Plaintiff's place and date of birth, all other names by which each
plaintiff has ever been known, and social security number. If

    plaintiff is a married woman, state maiden name.

2.    Give the day, date and exact time of the occurrence alleged in the
Complaint.

3.    With respect to the location where it is alleged the occurrence took place,
state:

    (a)    the address of the premises in, at or near where the occurrence took
place;

    (b)    the location where the occurrence took place as nearly as may be
stated so as to permit ready identification and location;

    (c)    with regard to any stairway involved, specify the location of the
stairway and of the step from which plaintiff claims to have fallen
(street or ground floor to be counted as the first floor);

      (d)    with regard to any sidewalk involved, the location of the condition of the sidewalk, setting forth the distance from the nearest curb or intersecting street or from the building line or from another described fixed object;

      (e)    with regard to any other floor or other surface, the location thereof in sufficient detail to permit ready identification and location and by distance from at least three described fixed objects;

      (f)    the location within the premises of any involved equipment, party or appurtenance (describe in adequate detail to permit ready identification and location);

      (g)    with regard to any elevator involved the specific elevator involved (if there were more than one) and on what floor (or between what floors) was the elevator at the time of the occurrence.

    4.    Statement of the acts or omissions constituting the negligence claimed, if any, of the answering defendant.

    5.    If any dangerous or defective condition is alleged:

      (a)    State the nature of the alleged dangerous or defective condition;

      (b)    set forth the exact location of the defect;

      (c)    state whether it will be claimed that the answering defendant had actual or constructive notice of the said condition;

    6.    If actual notice is claimed, a statement of when and to whom same was given, stating the names and dates;

      (a)    if it is alleged that the answering defendant or the agent, servant, and/or employee of the answering defendant caused of created the condition, state the name of the person who caused or created the condition and the date when said condition was caused or created;

    7.    If constructive notice is claimed, state:

          (i)    nature of condition;

          (ii)    location of condition;

          (iii)    duration of condition with date of inception to date constructive notice will be claimed to be given the answering defendant.

8.    If it is claimed that the answering defendant breached any agreement, bailment, contract, lease, permit or warranty, or is liable pursuant to the terms of any agreement, bailment, contract, lease permit or warranty:

    (a)    state whether such agreement, bailment, contract, lease, permit or warranty was oral or in writing;

    (b)    If oral:

        (i)    On what date was said agreement, bailment, contract, lease, permit or warranty entered into?

        (ii)    Who acted on behalf of each party to it?

        (iii)    Set forth all of the terms and conditions of the agreement, bailment, contract, lease permit or warranty.

    (c)    If in writing, set forth a full, true and complete copy of the agreement, bailment, contract, lease, permit or warranty.

9.    State the manner in which it will be claimed that the answering defendant breached its agreement, bailment, contract, lease, permit or warranty.

10.    If strict liability is claimed against the answering defendant, state:

    (a)    the nature and basis of same; and

    (b)    the manner in which the answering defendant is strictly liable;

11.    If a nuisance and/or trespass is claimed,

    (a)    conditions allegedly constituting same;

    (b)    nature of said condition; and

    (c)    length of time it was in existence prior to the date of the occurrence.

12.    If res ipsa loquitor is claimed against the answering defendant, state the nature and basis of same.

13.    If it is claimed that the answering defendant violated any law, ordinance, regulation, rule or statute, specify the title, chapter and section of the law, ordinance, regulation, rule or statute which it is alleged that the answering defendant violated.

14.    State with respect to each plaintiff:

    (a)    Plaintiff's occupation at the time of the occurrence, with a

description of plaintiff's duties;

    (b)    The name and address of plaintiff's employer at the time of the alleged occurrence.

    (c)    The daily or weekly earnings (gross and net) at the time of the occurrence.

    (d)    If plaintiff was self-employed, set forth the business name and address of plaintiff and the annual income (gross and net) of plaintiff from said business.

    (e)    Whether plaintiff was incapacitated from said employment; if so, the length of time including the specific dates that plaintiff was allegedly incapacitated from attending to said employment.

    (f)    If plaintiff was a student, the name and address of the school attended and the dates, if any when plaintiff was absent from school.

    15.    Set forth the total amounts claimed to have been spent or incurred by or on behalf of each plaintiff (setting forth the name of each provider of services along with the amount of the bill and dates of treatment or consultation) for:

    (a)    hospital, clinic or other medical institutions expenses;

    (b)    x-rays;

    (c)    physician and other health provider services;

    (d)    nurses' services;

    (e)    medical supplies;

    (f)    loss of earnings and the basis of computation thereof; and

    (g)    amount and nature (describing in detail of any other special damages claimed).

    16.    Set forth each and every injury and/or condition allegedly sustained by each plaintiff as a result of the said occurrence indicating:

    (a)    its nature, extent, location and duration;

    (b)    a complete description of any injury and/or condition claimed to be residual or permanent; and

    (c)    the name and address of each physician or other medical practitioner treating or examining plaintiff; the date of each visit;

and whether treatment has ceased or is continuing.

17.    Give the length of time and specific dates it is claimed that each plaintiff
was confined, by reason of the alleged injuries:

        (a)    to bed;

        (b)    to house; and

        (c)    if treated at or confined to a hospital or other medical facility, state
            the name and address thereof, and the dates of admission and
            discharge.

18.    Pursuant to CPLR 3118 demand is hereby made that you furnish the
undersigned with a verified statement setting forth the office address and residence of
each plaintiff indicating the street and number, City and State.

19.    If Labor Law violations are claimed, state:

        (a)    section or regulation by number alleged to have been violated by
            the answering defendant;

        (b)    nature and basis of same;

        (c)    the manner in which the answering defendant is alleged to have
            violated same.

20.    If it is claimed that Section 200 of the Labor Law was violated:

        (a)    the connection if any, of the party represented by the undersigned
            to the methods and details of the work being performed;

        (b)    set forth the basis and particulars of any claim that the plaintiff was
            not provided with reasonably safe place to work.

21.    If it is claimed that Section 240(1) of the Labor Law was violated set
forth:

        (a)    how the plaintiff was not provided with proper protection;

        (b)    state whether or not the plaintiff alleges he/she was not provided
            with any safety devices and if not, set forth the device or devices it
            will be alleged the plaintiff should have been provided with;

        (c)    identify with particularity the nature of the hazard it will be alleged
            that from which the plaintiff was not given proper protection.

22.    If it is alleged that the defendant violated Section 241(6) of the Labor
Law, set forth:

        (a)    the basis for the claim that the plaintiff was not provided with a

reasonably safe place to work;

    (b)    set forth how the subject construction site was not so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide a reasonable and adequate protection and safety;

    (c)    set forth the title, part, section and subsection of the industrial code regulations that will be allegedly violated by the defendant;

    (d)    state whether or not it will be claimed that thee is any basis for attaching liability against the defendant represented by the undersigned other than by virtue of an alleged breach of the nondelegable duties imposed by the Labor Law and if so;

        (i)    set forth whether it is alleged that the defendant represented by the undersigned was actively and/or primarily negligent; and if so;'

        (ii)    set forth the basis and nature of such active and/or primary negligence.

23.    State whether or not it claimed that the defendant represented by the undersigned violated Section 241-a and if so:

    (a)    state whether the plaintiff was working in or at an elevator shaftway, hatchway or stairwell;

    (b)    set forth the dimensions of the elevator shaftway, hatchway and/or stairwell;

    (c)    set forth the floor level of the building at which the plaintiff was working as well as the number of stories of said building above the level at which the plaintiff was working and the number of stories below;

    (d)    set forth the basis of any allegation hereunder that the plaintiff was not given proper protection pursuant to such statute.

*PLEASE TAKE FURTHER NOTICE* that in the event you have no knowledge

of any or all of the above, same shall be so stated.

*PLEASE TAKE FURTHER NOTICE*, that these are continuing demands and

supplemental responses up to the time the case is placed on the trial calendar are required.

*PLEASE TAKE FURTHER NOTICE*, that in the event of your failure to furnish

such a Bill of Particulars within the said period of thirty (30) days, a motion will be made

for an order precluding you from giving any evidence at the trial of the above items for

which particulars have not been delivered in accordance with said demand.

Dated: February 10, 2006
Melville, New York

Yours, etc.,

*ANNA-LISA BONVENTRE*
The Law Office of
MICHAEL F.X. MANNING
Attorneys for Defendants
**LEHMAN BROTHERS HOLDINGS
INC.**
100 Baylis Road, Suite 300
P.O. Box 9093
Melville, New York 11747
(631) 577-7200

TO:

LAW OFFICES OF NEIL MOLDOVAN, P.C.
Attorneys for Plaintiff
One Old Country Road, Suite 270
Carle Place, New York 11514
(516) 294-3300

LEHMAN BROTHERS HOLDINGS INC.
745 7th Avenue
New York, New York 10019

EQUITY OFFICE PROPERTIES MANAGEMENT
CORP.
2 N. Riverside Plaza, #1600
Chicago, Illinois 60606

3101 PROPERTIES, L.L.C.
80 State Street
Albany, New York 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
ANITA BRYANT,                                                    *Index No. 25563/05*

Plaintiff(s),

**COMBINED
DEMANDS**

- against -

LEHMAN BROTHERS HOLDINGS INC., HENEGAN
CONSTRUCTION CO., INC., 1301 PROPERTIES,
L.L.C., and EQUITY OFFICE PROPERTIES
MANAGEMENT CORP.,

Defendant(s).
-----------------------------------------------------------------------X

**COUNSELLORS:**

*PLEASE TAKE NOTICE,* that the undersigned hereby makes the following

demands upon you, returnable at the office of the undersigned on the 13th day of

February, 2006.

1.    Demand for the Names and Addresses of all Witnesses;

2.    Demand for Expert Information;

3.    Demand for the Discovery and Inspection of any Statement by or on
behalf of a Party Represented by the Undersigned;

4.    Notice of Discovery and Inspection for Medical Information and
Authorizations;

5.    Notice of Discovery and Inspection of Photographs;

6.    Notices of any liens and listings of all bills for medical providers
submitted to Medicare/Medicaid; and

7.    Demand for Income Tax Returns.

8.    Demand for Collateral Source.

That, in lieu of the foregoing, you may submit readable photocopies of the
aforesaid documents by mailing them to the Law Office of MICHAEL F.X. MANNING,

100 Baylis Road, Suite 300, P.O. Box 9093, Melville, New York 11747, on or before the
date the documents are to be produced.

## DEMAND FOR THE NAMES AND ADDRESS OF WITNESSES

*PLEASE TAKE FURTHER NOTICE,* that the undersigned hereby demands,
pursuant to CPLR 3101(a), that you set forth in writing and under oath, the name and
address of each person claimed by any party you represent, to be a witness to any of the
following;

    (a)    The occurrence alleged in the Complaint; or

    (b)    Any acts, omissions or conditions which allegedly caused the occurrence
           alleged in the Complaint; or

    (c)    Any actual notice allegedly given to defendant or
           any servant, agent or employee of defendant of any
           condition which allegedly caused the occurrence
           alleged in the Complaint; or

    (d)    The nature and duration of any alleged condition which allegedly caused
           the occurrence alleged in the Complaint.

If no such witnesses are known to you, so state in the sworn reply to this Demand.
The undersigned will object upon trial to the testimony of any witnesses not so identified.

## DEMAND FOR EXPERT INFORMATION

*PLEASE TAKE FURTHER NOTICE,* that the undersigned hereby demands,
pursuant to CPLR Section 3101(d), that you set forth, in writing and under oath, the
following information for each party you represent, after each expert is retained and prior
to filing a Note of Issue:

    (a)    The name and business affiliation of each expert witness each party will
           call to testify at trial or whose opinion will be relied upon by any witness
           testifying at trial and the qualifications of each such expert in the field in
           which he will be offered to testify.

    (b)    The substance of the facts and opinions on which each expert is expected
           to testify.

    (c)    Each factual basis for said expert's opinion.

    (d)    The dates of all oral and written reports provided by each expert.

If no such witnesses are known to you, so state in the sworn reply to this Demand. The
undersigned will object upon trial to the testimony of any witness not so identified.

### DEMAND FOR THE DISCOVERY AND INSPECTION
### OF ANY STATEMENT BY OR ON BEHALF OF A
### PARTY REPRESENTED BY THE UNDERSIGNED

*PLEASE TAKE FURTHER NOTICE,* that the undersigned demands, on behalf of the party it represents in this action, that pursuant to CPLR 3101(e) and 3120, you produce at the time and place herein specified, and permit the undersigned to discover, inspect and copy each and every statement made by or taken from such party and its agents, servants or employees now in your possession, custody or control or in the possession, custody or control of any party you represent in this action, if such statement in any manner bears on the issues in this action.

### NOTICE FOR DISCOVERY AND INSPECTION
### FOR MEDICAL INFORMATION, ETC.

*PLEASE TAKE FURTHER NOTICE,* that pursuant Section 164.508 of the Federally mandated Health Insurance Portability and Accountability Act of 1996, (HIPAA), which became effective on April 14, 2003, all authorizations must be HIPAA compliant.

We hereby demand that you produce any and all HIPAA compliant authorizations (**form provided**) in addition to the authorizations demanded below.

*PLEASE TAKE FURTHER NOTICE,* that pursuant to Section 3101, et seq. (including Rule 3120) of the Civil Practice Law and Rules, you are required to produce and allow discovery to be made by this answering party of the following:

(a)   Copies of the medical reports of those physicians or other health providers who have previously treated, consulted or examined the party seeking recovery and who will testify in its behalf for any condition caused by or exacerbated by the occurrence alleged in the complaint. These shall include but not be limited to a detailed recital of the injuries and conditions as to which testimony will be offered at the trial of this action referring to and identifying those x-ray and technicians' reports which shall be offered at the trial of this action and the date of each such treatment, consultation and examination.

(b)   Duly executed and acknowledged written authorizations permitting this party to obtain and make copies of all hospital or other health care facility records including x-rays and technicians' reports as may be referred to and identified in the reports of that party's physicians and other health care providers.

(c)   Any and all other medical data (including CAT scans, MRI's, EEG's, EKG's, and other diagnostic tests) not hereinabove specifically referred to upon which you will rely upon or offer for consideration in the proceeding.

(d)   Any and all bills, invoices or receipts for treatment, medicines or appliances given for injuries or other physical conditions resulting from

the occurrence referred to in the Complaint.

(e)     Fully executed and acknowledged written authorizations to obtain and
        copy No-Fault medical and wage records of each plaintiff from the date of
        the occurrence alleged in the Complaint to present setting forth the name,
        address, claim number and policy number for each company to which
        a claim has been made.

(f)     Fully executed and acknowledged written authorizations to obtain and
        copy Worker's Compensation records of each plaintiff from the date of the
        occurrence alleged in the complaint to present setting forth the name,
        address, claim number and policy number for each company to which
        a claim has been made.

(g)     Fully executed and acknowledged written authorizations to obtain records
        of disability benefits pursuant to Social Security Laws of each plaintiff
        from the date of the occurrence alleged in the Complaint to present setting
        forth the name, address, claim number and policy number for each
        company to which a claim has been made.

## *DEMAND FOR DISCOVERY AND INSPECTION OF PHOTOGRAPHS*

*PLEASE TAKE FURTHER NOTICE,* that the undersigned demands on behalf
of the party it represents in this action, that pursuant to Section 3101 et seq., you produce
at the time and place herein specified and permit the undersigned to discover, inspect and
copy any and all photographs taken of the alleged scene or place of the occurrence and/or
vehicles involved and complained of which are now in your possession, custody and
control, or in the possession, custody and control of any party you represent in this action,
if such photograph in any manner bears upon the issues in this action.

## *DEMAND FOR NOTICES OF ANY LIENS AND LISTINGS OF ALL*
## *BILLS FOR MEDICAL PROVIDERS SUBMITTED TO MEDICARE/MEDICAID*

*PLEASE TAKE FURTHER NOTICE,* that the undersigned hereby demands,
pursuant to CPLR Section 3101(a), that you set forth in writing and under oath, the
following information for each party you represent, and prior to filing a Note of Issue, the
following collateral source providers/potential lien holders:

(a)     Medicare/Medicaid;

(b)     Workers Compensation;

(c)     Health Insurance;

(d)     Disability; and

(e)     Health Care Provider.

### *DEMAND FOR INCOME TAX RETURNS*

    *PLEASE TAKE FURTHER NOTICE,* that the undersigned demands on behalf of the party it represents in this action that you produce at the time and place herein specified and permit the undersigned to discover, inspect and copy the complete Income Tax returns for each party who is claiming or has claimed reimbursement for lost income due to the occurrence alleged in the Complaint for a three (3) year period preceding the date of the occurrence as alleged in the complaint. If said complete returns are not available, the undersigned is to be furnished with full and complete authorizations to obtain same in a form accepted by the United States Department of Internal Revenue.

    *PLEASE TAKE FURTHER NOTICE,* that all of the foregoing are continuing demands and that if any of the above items are obtained after the date of this Demand, they are to be furnished to the attorney for this party, pursuant to these demands.

### *DEMAND FOR COLLATERAL SOURCE*

    *PLEASE TAKE NOTICE,* that defendant requires that plaintiff produce for discovery, inspection and copying to undersigned counsel the following:

    (a)    Any and all books, records, bills, insurance applications, insurance receipts, cancelled checks, copies of checks and any and all other records pertaining to collateral source reimbursement received by plaintiff or on behalf of plaintiff for the special damages alleged in the instant claim including, but not limited to, records of any person, institution, facility or government agency which has provided or will provide any reimbursement.

    *PLEASE TAKE FURTHER NOTICE*, that in the event any of the requested

documents and/or items do not exist, a verified statement to that effect is to be served on

the undersigned on or before the aforesaid return date.

    *PLEASE TAKE FURTHER NOTICE*, that this is a continuing demand notice

and in the event any of the requested documents and/or items are obtained after the

aforesaid return date, same are to be furnished to the undersigned within thirty (30) days

after receipt.

*PLEASE TAKE FURTHER NOTICE*, that upon the failure to produce the

requested documents and/or items on the date and at the time and place demanded, a

Motion will be made for the appropriate relief.

Dated: February 10, 2006
      Melville, New York

                                  Yours, etc.,

                                  *ANNA-LISA BONVENTRE*
                                  The Law Office of
                                  MICHAEL F.X. MANNING
                                  Attorneys for Defendants
                                  **LEHMAN BROTHERS HOLDINGS
                                  INC.**
                                  100 Baylis Road, Suite 300
                                  P.O. Box 9093
                                  Melville, New York 11747
                                  (631) 577-7200

TO:

      LAW OFFICES OF NEIL MOLDOVAN, P.C.
      Attorneys for Plaintiff
      One Old Country Road, Suite 270
      Carle Place, New York 11514
      (516) 294-3300

      LEHMAN BROTHERS HOLDINGS INC.
      745 7th Avenue
      New York, New York 10019

      EQUITY OFFICE PROPERTIES MANAGEMENT
      CORP.
      2 N. Riverside Plaza, #1600
      Chicago, Illinois 60606

      3101 PROPERTIES, L.L.C.
      80 State Street
      Albany, New York 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X

ANITA BRYANT,                                          *Index No. 25563/05*

                    Plaintiff(s),

      - against -                                    *REQUEST FOR*
                                               *SUPPLEMENTAL*
                                               *DEMAND*

LEHMAN BROTHERS HOLDINGS INC., HENEGAN
CONSTRUCTION CO., INC., 1301 PROPERTIES,
L.L.C., and EQUITY OFFICE PROPERTIES
MANAGEMENT CORP.,

                    Defendant(s).
-------------------------------------------------------------------X

*COUNSELLORS:*

      Pursuant to CPLR §3017(c) within fifteen (15) days from the date of service of

this request, you are hereby required to set forth the total damages to which plaintiff(s)

deems himself/herself entitled and list same separately for each cause of action

Dated: February 10, 2006
       Melville, New York

                              Yours, etc.,

                              *ANNA-LISA BONVENTRE*
                              The Law Office of
                              MICHAEL F.X. MANNING
                              Attorneys for Defendants
                              **LEHMAN BROTHERS HOLDINGS
                              INC.**
                              100 Baylis Road, Suite 300
                              P.O. Box 9093
                              Melville, New York 11747
                              (631) 577-7200

TO:

    LAW OFFICES OF NEIL MOLDOVAN, P.C.
    Attorneys for Plaintiff
    One Old Country Road, Suite 270
    Carle Place, New York 11514
    (516) 294-3300

    LEHMAN BROTHERS HOLDINGS INC.
    745 7th Avenue
    New York, New York 10019

    EQUITY OFFICE PROPERTIES MANAGEMENT
    CORP.
    2 N. Riverside Plaza, #1600
    Chicago, Illinois 60606

    3101 PROPERTIES, L.L.C.
    80 State Street
    Albany, New York 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------------X

ANITA BRYANT,                                                          *Index No. 25563/05*

                       Plaintiff(s),

                                                                          *NOTICE OF*
*EXAMINATION*
*BEFORE TRIAL*

     - against -

LEHMAN BROTHERS HOLDINGS INC., HENEGAN
CONSTRUCTION CO., INC., 1301 PROPERTIES,
L.L.C., and EQUITY OFFICE PROPERTIES
MANAGEMENT CORP.,

                             Defendant(s).
---------------------------------------------------------------------X

*COUNSELLORS:*

     *PLEASE TAKE NOTICE,* that pursuant to Article 31 of the Civil Practice Law
and Rules, the testimony upon oral examination of all adverse parties will be taken before
a Notary Public who is not an attorney, or employee of an attorney, for any party or
prospective party herein and is not a person who would be disqualified to act as a juror
because of interest or because of consanguinity or affinity to any party herein at time and
place stated below:

                       BARRISTER REPORTING
                       88-36 Sutphin Blvd.
                     Jamaica, New York 11435

on the 22nd day of May, 2006, at 10:00 o'clock in the forenoon of that day with respect to
evidence material and necessary in the defense of this action.

     That the said person to be examined is required to produce at such examination all
papers, records and other data pertaining to this matter.

Dated: February 10, 2006
      Melville, New York

Yours, etc.,

*ANNA-LISA BONVENTRE*
The Law Office of
MICHAEL F.X. MANNING
Attorneys for Defendants
**LEHMAN BROTHERS HOLDINGS
INC.**
100 Baylis Road, Suite 300
P.O. Box 9093
Melville, New York 11747
(631) 577-7200

TO:

LAW OFFICES OF NEIL MOLDOVAN, P.C.
Attorneys for Plaintiff
One Old Country Road, Suite 270
Carle Place, New York 11514
(516) 294-3300

LEHMAN BROTHERS HOLDINGS INC.
745 7th Avenue
New York, New York 10019

EQUITY OFFICE PROPERTIES MANAGEMENT
CORP.
2 N. Riverside Plaza, #1600
Chicago, Illinois 60606

3101 PROPERTIES, L.L.C.
80 State Street
Albany, New York 12207

*ANNA-LISA BONVENTRE*, affirms as follows:

I am an attorney-at-law admitted to practice in the Courts of the State of New

York, and I am the attorney representing defendant **LEHMAN BROTHERS**

**HOLDINGS INC.,** in the within action, and as such, I am fully familiar with all the facts

and circumstances therein.

That the foregoing Verified Answer is true to the knowledge of affirmant, except

as to those matters therein stated to be alleged upon information and belief, and that as to

those matters he believes it to be true.

Affirmant further states that the sources of his knowledge and information are

reports of investigations, conversations, writings, memoranda and other data concerning

the subject matter of the litigation.

The undersigned attorney affirms that the foregoing statements are true, under the

penalties of perjury and pursuant to Rule 2106 of the C.P.L.R.

Dated: February 10, 2006
Melville, New York

*ANNA-LISA BONVENTRE*

## *Certification*

I hereby certify that, to the best of my knowledge, information and belief, the

presentation of *VERIFIED ANSWER TO VERIFIED COMPLAINT, REQUEST FOR*

*SUPPLEMENTAL DEMAND, DEMAND FOR BILL OF PARTICULARS,*

*COMBINED DEMANDS, NOTICE OF EXAMINATION BEFORE TRIAL* and the

contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of

the Rules of the Chief Administrator (22NYCRR).

Dated: February 10, 2006
Melville, New York

*ANNA-LISA BONVENTRE*

SUPREME COURT STATE OF NEW YORK
COUNTY OF QUEENS                          Index No. : 25563/05

ANITA BRYANT,

                                         Plaintiff(s),

-against-

LEHMAN BROTHERS HOLDINGS INC., HENEGAN
CONSTRUCTION CO., INC., 1301 PROPERTIES, L.L.C.,
AND EQUITY OFFICE PROPERTIES MANAGEMENT CORP.,

                                         Defendant(s).

... and third-party action

ANSWER TO AMENDED VERIFIED COMPLAINT AND VARIOUS DISCOVERY DEMANDS

*The Law Offices of*
*MICHAEL F.X. MANNING*
Attorneys for Defendants
LEHMAN BROTHERS HOLDINGS INC.

Office & P.O. Address
**100 Baylis Road, Suite 300**
**P.O. Box 9093**
**Melville, New York 11747-9093**
Tel. No.: (631) 577-7200
Fax No.: (631) 577-7155

TO:

FEB 13 2006

Service of a copy of the within                                      is hereby admitted.
Dated:
                                         Attorney(s) for

**NOTICE OF ENTRY:**

PLEASE TAKE NOTICE that the within is a true copy of an order entered in office of the Clerk of the above Court on the _____ day of _____ 200____

**NOTICE OF SETTLEMENT:**

PLEASE TAKE NOTICE that the within proposed order will be presented for settlement and entry at the Courthouse on the _____ day of _____ 200____ , at 10:00 a.m., at the office of the Clerk of the Part of this Court where the within described motion was heard.

Dated:                                   Melville, New York

**Law Offices**
**MICHAEL F.X. MANNING**
Attorneys for Defendant(s)
As Designated Above