**EXHIBIT G**

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT  Southern District of New York | PROOF OF CLAIM |
|---|---|

Name of Debtor:
Lehman Brothers Holding

Case Number:
0813555

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Anita Bryant

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

Law Office of Neil Moldovan, One Old Country Road, Carle Place, New York 11514

Court Claim Number: _____
(*If known*)

Telephone number:
(516) 294-3300

Filed on: _____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:      $_____1,000,000.00_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim:  __Personal Injury Lawsuit__
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:

   Value of Property: $_____ Annual Interest Rate ___%

   Amount of arrearage and other charges as of time case filed included in secured claim.

   if any: $_____   Basis for perfection: _____

   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Date:

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (12/07) – Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules*

Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

1. **Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

2. **Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

3. **Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

3a. **Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

4. **Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

5. **Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

6. **Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

7. **Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5) A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

## _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

# EXHIBIT H

```
                MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES
                           DEPARTMENT OF RADIOLOGY
                                  MSK 53rd
                              160 E. 53rd Street
                              New York, NY 10022
                                (212) 639-2000
                              PRID #: R5802393


                         MAGNETIC RESONANCE IMAGING (MRI)
                              Report of Consultation
```

```
Name: ANITA BRYANT                        Order No:         4248567
MRN:     35173992                         Date of Service: 4/1/2008
DOB:     4/9/1969       Sex: F            Pt. Loc: DSC
Ordered by: LESLIE MONTGOMERY, M.D.       Date of Report:  4/2/2008
Procedure:  MR BREAST BILAT W/WO CON         R5802393
```

                               Verified


35173992

4/1/2008  BILATERAL BREAST MRI

Clinical statement:  38 year old female with biopsy-proven ductal
carcinoma in situ within the left breast status post excisional
biopsy of a mass in July 2007. Since that time the patient has been
taking herbal supplements for treatment. She is currently day 10 of
the menstrual cycle and there is a family history of breast cancer.

Technique: Bilateral simultaneous imaging of both breasts on a 1.5 T
magnet using a dedicated breast coil was performed. Sagittal
fat-suppressed T1-weighted images were obtained before and 3 times
following gadolinium injection in addition to sagittal fat-suppressed
T2-weighted imaging and non fat-suppressed T1-weighted imaging. Post
processing, subtraction and MIP imaging was performed of both
breasts.

No prior MRIs available for comparison. Correlation is made with the
mammogram dated 4/1/2008.

Findings:  The breasts are moderately dense with mild background
enhancement. Post surgical distortion is noted within the left breast
from prior excisional biopsy. In the lower inner left breast a
spiculated mass is noted measuring 0.9 x 0.7 cm (series 14 image
13-14). Extensive linear and ductal enhancement is noted throughout
the left breast which correlates with the mammographic extent of
pleomorphic microcalcifications. No suspicious adenopathy is
identified.

There is mild stippled and patchy enhancement throughout the right
breast. No suspicious enhancing lesions are identified.

IMPRESSION:  Extensive linear and ductal enhancement throughout the
left breast correlates with the mammographic extent of pleomorphic
microcalcifications. A spiculated mass within the lower inner left
breast may represent an invasive component. Targeted ultrasound and
biopsy could be performed if this were to change management.
                                                          Diag.
                                                          Rad.
            ** Continued on next page **

```
MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES
MAGNETIC RESONANCE IMAGING MRI         PRID #: R5802393
Patient: BRYANT, ANITA
MRN: 35173992                          Date of Procedure: 04/01/2008
Account: 9201805134
Physician: MONTGOMERY, LESLIE


---------------------------------- Page 2 of 2 ------
No suspicious findings in the right breast.

BI-RADS 6: KNOWN CARCINOMA LEFT BREAST. APPROPRIATE ACTION SHOULD BE
TAKEN.




Dictated By:    SANDRA BRENNAN, MD
Staff Radiologist: SANDRA BRENNAN, MD

I attest that the above IMPRESSION is based upon my personal examination of
the entire imaging study and that I have reviewed and approved this report.

Electronically Signed By:  SANDRA BRENNAN, MD    04/02/2008  14:56:48

RESULT ID: 3275968
ORDER NUMBER:
4248567
MEDICAL RECORD NUMBER:
35173992
```

Diag.
Rad.

** End of Report **

CONTAINS PROTECTED HEALTH INFORMATION - HANDLE ACCORDING TO MSKCC POLICY

MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES
OUTPATIENT PROGRESS RECORD

NAME:      BRYANT ,ANITA          MRN:      35173992
DATE:      04/03/2008             SERVICE:  BR64
ATTENDING: LESLIE L MONTGOMERY,MD ATT MD NO: 008219

TELEPHONE CONVERSATION
718-877-6963
4PM

MRI and mammogram results conveyed to Ms. Bryant. The presence of a 9mm mass raises concern of invasive carcinoma. Given the extent of enhancement and malignant calcifications (9cm), Ms. Bryant is not a breast conservation candidate and I have recommended a total mastectomy and sentinel lymph node mapping and biopsy with immediate reconstruction.
Ms. Bryant is very upset by the recommendation and she asked "If I decided to not do anything, how long do I have to live?". I told her that I didn't have the answer to that question and that her breast is not worth a death from breast cancer.
I have asked her to RTC next week 4/8 at 10AM to discuss further. In addition, I have conveyed to her that she will also see a Plastic surgeon on that day as well as Pre-admission testing.


Report Electronically Signed Out by
LESLIE L MONTGOMERY, MD on 04/04/2008 01:26 PM

B/02.060.73

Printed from Optical

# EXHIBIT I

Law Offices of
# Neil Moldovan, P.C.

**REPLY TO:**
One Old Country Rd., Suite 270
Carle Place, New York 11514

Tel  516-294-3300
Fax  516-294-4019

*Service by fax not accepted*

**NEIL MOLDOVAN**

**ELLEN ZWEIG**

December 12, 2008

Weil Gotshal
767 Fifth Avenue
New York, NY 10153
Attn: John Lucase, Esq.
john.lucas@weil.com

Re: Bryant v.s. Lehman Brothers Holding, Inc. Henegan
Construction Co., Inc., 1301 Properties, LLC and Equity
Office Properties Management Corp, Unity Electric Co., Inc.

Dear John:

As you are aware, I am an attorney in the Law Office of Neil Moldovan, attorney for plaintiff Anita Bryant  Ms. Bryant commenced an action in Supreme Court, Queens County, under index no. 25563/05 against Lehman Brothers Holding Inc., Henegan Construction Co., Inc. (the general contractor), 1301 Properties LLC (the building owner) and Equity Office Properties Management Corp. (the property management company).  This is an action to recover money damages for serious permanent personal injuries including but not limited to a herniated disc resulting in a laminectomy as a result of a construction accident in April 2005.  Ms. Bryant was working as a union electrician for Unity Electric (third party defendant) when she was hurt at a major renovation project at 1301 6th Avenue in Manhattan at an office renovated by Lehman Brothers.  Ms. Bryant brought her action, *inter alia*, under New York Labor Law Section 240 and 241.  The defendants in that action commenced a third party action against Ms. Bryant's employer for contractual indemnification.

The case is on the trial calendar (a Note of Issue was filed in August 2007) and had a firm trial date.  However, the matter was stayed because of the Lehman bankruptcy filing.  Our office is seeking to lift the automatic stay to the extent that any judgment or settlement is covered by a policy of insurance.

Based on the discovery obtained in this case, it is our understanding that Travelers Indemnity Company issued a commercial general liability policy of insurance to Henegan Construction Co. for the project with a per occurrence imit of one million dollars and two million in the aggregate under policy number DTNY-CO-828K9612-IND-04.  By letter dated January 31, 2006, Travelers agreed to assume the defense and indemnification for Lehman Brothers Holding up to its policy limits.

In the third party action, all of the above named defendants are seeking indemnification from plaintiff's employer, third party defendant, Unity Electric.  Upon information and belief, Unity Electric has a policy of insurance with Virginia Surety under policy no. 2CG0000050178900.

Plaintiff, Anita Bryant, is gravely ill with advanced stage breast cancer. It is therefore imperative that the automatic stay be lifted as soon as possible to permit plaintiff to have her day in court. We are requesting on her behalf, that the automatic stay be lifted to the extent of any applicable policy of insurance, including the Travelers policy outlined above, or in the event that the third party plaintiffs are successful in their claim against Unity Elecric, to the extent of the Unity Electric policy of insurance.

As you are aware, David Holland is the in house counsel for Travelers who is intimately familiar with this file. Mr. Holland can be reached at John P. Humphrey's office 631-501-3108.

I believe that the above should satisfy the requests for information that you made to me by phone. Please let me know whether you will be willing to sign a stipulation to lift the automatic stay to the extent of the policies of insurance as soon as possible to avoid the unnecessary expenditure of time and money to go to court and bring an Order to Show Cause to resolve this relatively straightforward matter.

If I can be of any further assistance, please feel free to call.

          Very Truly Yours,
          LAW OFFICES OF NEIL MOLDAN, P.C.

EZ/al           By: Ellen Zweig

cc: DHOLLAND@travelers.com
    Westermann Hamilton Sheehy, et al- via/Fax
    Attn: Fabiana Talarico, Esq. (516) 794-1277