**Presentment Date and Time:** January 15, 2009 at 12:00 p.m. noon (Prevailing Eastern Time)
**Objection Deadline:** January 15, 2009 at 11:00 a.m. (Prevailing Eastern Time)
**Hearing Date and Time (Only if Objection Filed):** January 28, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                              :   **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,           :   **08-13555 (JMP)**
                                                       :
            Debtors.                                   :   **(Jointly Administered)**
                                                       :
                                                       :
------------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF AMENDED STIPULATION AND ORDER GRANTING ADEQUATE PROTECTION BETWEEN THE DEBTORS AND SUMITOMO MITSUI BANKING CORPORATION

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Amended Stipulation and Order Granting Adequate Protection (the "Amended Stipulated Order") between Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor in the above referenced chapter 11 cases, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors-in-possession (together, the "Debtors") and Sumitomo Mitsui Banking Corporation ("SMBC") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **January 15, 2009 at 12:00 noon (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **January 15, 2009 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Motion and the Order on **January 28, 2009 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

NY2:\1953098\03\15V0Q03!.DOC\58399.0003

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: January 5, 2009
       New York, New York

                                    /s/ Jacqueline Marcus
                                    Jacqueline Marcus

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Debtors
                                    and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
:
In re: : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.,* : Case No. 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------ x

# AMENDED STIPULATION AND ORDER
# GRANTING ADEQUATE PROTECTION

Lehman Brothers Holdings Inc. ("*LBHI*") and its affiliated debtor in the above referenced chapter 11 cases, Lehman Commercial Paper Inc. ("*LCPI*"), as debtors and debtors-in-possession (together, the "*Debtors*" and together with their debtor and non-debtor affiliates, "*Lehman*") and Sumitomo Mitsui Banking Corporation ("*SMBC*"), by and through their respective counsel hereby enter into this Amended Stipulation and Agreed Order (this "*Stipulation*") and

THE PARTIES HEREBY STIPULATE AND THE COURT HEREBY FINDS as follows:

A.  Commencing on September 15, 2008 (the "*LBHI Commencement Date*") LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"). On October 5, 2008 (the "*LCPI Commencement Date*") LCPI and certain other affiliates of LBHI commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

B.  Prior to the LBHI Commencement Date, LBHI and SMBC entered into a Loan and Security Agreement dated as of May 27, 2008 (the "*Loan Agreement*") pursuant to which

SMBC made loans and other financial accommodations to LBHI, the proceeds of which are stated in the Loan Agreement to be used to finance assets owned by LCPI.

C. Pursuant to the Loan Agreement, LBHI AND LCPI pledged to SMBC certain financial assets together with any and all replacements, substitutions, distributions on or proceeds thereof (the "*Collateral*") to secure LBHI's obligations to SMBC. The Collateral includes, without limitation, the corporate loans identified on Exhibit A hereto (the "*Pledged Assets*").

D. SMBC has valid, perfected, and unavoidable first priority liens upon and security interests in the Collateral.

E. As of the LBHI Commencement Date, the principal amount of $350,000,000, together with accrued and unpaid interest in an amount equal to $573,307.29, was outstanding under the Loan Agreement (the "*Obligations*").

F. LBHI hereby represents and warrants that it is the sole legal and beneficial owner of the loan identified as the Imperial Tobacco SFA 18 Jul 07 Term B Loan on Exhibit A (the "*Imperial Tobacco Loan*") and has good title to the Imperial Tobacco Loan, free and clear of any options, pledges, interests, mortgages, security interests, liens, claims, rights of first refusal, purchase or repurchase rights, or any other third party rights of any kind or nature, charges or other encumbrances or restrictions on or conditions to transfer or assignment of any kind, whether direct or indirect, absolute or contingent, matured or unmatured, liquidated or unliquidated, other than the claims and interests of SMBC under the Loan Agreement. Each of LBHI and LCPI hereby represents and warrants that as of the LCPI Commencement Date, it was not the owner or beneficiary of, and as of the date hereof, is not the owner or beneficiary of, credit insurance or credit default protection in respect of the Pledged Assets.

G. On October 15, 2008, SMBC filed a Motion for an Entry of an Order Pursuant to 11 U.S.C. §362(d) and Fed. R. Bankr. P. 4001 Granting Relief from the Automatic Stay to Foreclose on its Collateral (the "*Motion*") [LCPI Doc. No. 17]. On October 31, 2008, objections to the Motion were filed by (i) LCPI [LBHI Doc. No. 1312], (ii) the Official Committee of Unsecured Creditors [LBHI Doc. No. 1317] and (iii) an informal group of noteholders [LBHI Doc. No. 1304] (the "*Objections*"). On November 4, 2008, SMBC filed a reply to the Objections [LBHI Doc. No. 1356]. On November 5, 2008, this Court held a preliminary hearing on the Motion. On November 20, 2008, this Court held a status conference with respect to the Motion. On December 17, 2008, the original stipulation providing for the grant of adequate protection to SMBC (the "*Original Stipulation*") was entered by this Court [LBHI Doc. No. 2286]. Shortly thereafter, the parties determined that an amendment of the Original Stipulation was necessary to facilitate the transfer of the Imperial Loan as contemplated by the parties.

H. The Debtors and SMBC have consented, subject to approval of this Court, to resolve the Motion and the Objections, on the terms set forth below.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1. To adequately protect SMBC for any diminution in the value of the Collateral from and after the LCPI Commencement Date resulting from the stay imposed under Section 362 of the Bankruptcy Code, and to enable the Debtors to reduce interest accrual, LCPI and/or LBHI has made pursuant to the Original Stipulation, and shall make the following payments to SMBC: (a) within five (5) business days of the entry of the Original Stipulation, an amount equal to $3,720,208.34 (accrued and unpaid interest from August 29, 2008 through December 1, 2008 at non-default rate), the receipt of which SMBC hereby acknowledges, (b) on the last business day

of each month, an amount equal to accrued and unpaid interest on the unpaid principal amount of the Obligations outstanding under the Loan Agreement at the non-default rate of interest set forth therein, and (c) within five (5) business days following the later of (i) the entry of this Stipulation and (ii) the date of receipt by LCPI thereof, an amount equal to any permanent principal payments made to LCPI in respect of the Pledged Assets, including, without limitation, any voluntary or mandatory prepayments received in connection with any refinancing (which principal payments shall be applied to reduce the amount of the Obligations). All such payments shall be made in immediately available funds by wire transfer to an account identified by SMBC.

2.    As further adequate protection, (a) the Debtors shall irrevocably sell, transfer, assign, grant and convey the Imperial Tobacco Loan and the related transferred rights to SMBC with effect on and after date the agent makes the transfer effective (the "*Effective Date*"); and (b) SMBC shall irrevocably acquire the Imperial Tobacco Loan, and assume and agree to perform and comply with all obligations and liabilities of LBHI with respect to, or in connection with, the Imperial Tobacco Loan resulting from facts, events or circumstances arising or occurring on or after the Effective Date (the "*Assumed Obligations*"). To accomplish the assignment of the Imperial Tobacco Loan, the Debtors shall, within five (5) business days of the entry of this Stipulation, execute and deliver an LMA Transfer Agreement, substantially in the form attached hereto as <u>Exhibit B</u> (the "*Transfer Agreement*"). Subject to any payments made in respect of the Imperial Tobacco Loan pursuant paragraph 1(c), immediately upon the Effective Date, the amount of the outstanding Obligations shall be reduced by an amount equal to the product of (i) the U.S. dollar equivalent of the principal amount outstanding on the Imperial Tobacco Loan on the date that the Transfer Agreement is effective (exchange rate determined by reference to Bloomberg Benchmark Currency Rates), *multiplied* by (ii) .97. Any transfer fee associated with

the Transfer Agreement shall be split between LCPI and SMBC and paid by SMBC to the agent on or before the Effective Date.

3. The Debtors are authorized and directed, without further Order of this Court, to execute and deliver, and empowered and directed to perform under, consummate and implement, the terms of this Stipulation and the Transfer Agreement, together with all additional documents that may be reasonably necessary or desirable to consummate the transfer of the Imperial Tobacco Loan to SMBC and to take all further actions as may be reasonably requested by SMBC for the purpose of performing its obligations under this Stipulation, including, without limitation, the assignment and transfer of the Imperial Tobacco Loan to SMBC.

4. LCPI shall at all times hold the Collateral, other than cash, separate and identifiable from any other property of LCPI and shall mark its books and records to record SMBC's interests therein.

5. LCPI shall promptly provide to SMBC copies of all loan documentation at any time in its possession relating to the Pledged Assets, including, without limitation, any promissory notes held in respect thereof. LCPI shall promptly forward to SMBC copies of all information and materials received by LCPI in respect of the Pledged Assets, including, without limitation, all correspondence, financial statements, compliance certificates or other reporting, whether received from the underlying borrowers, agents or otherwise.

6. LCPI shall provide to SMBC a schedule identifying any fixed payment dates for principal, interest and/or fees for each of the Pledged Assets. On or before the last business day of each month, LCPI shall provide to SMBC a rolling schedule identifying for each of the Pledged Assets all amounts received by LCPI from and after the LCPI Commencement Date.

7. LCPI shall at all times monitor and administer the Pledged Assets in a commercially reasonable manner. On an ongoing basis, LCPI shall advise SMBC of the identity of the person or persons charged with such monitoring and administration and shall provide SMBC reasonable access to such person or persons. LCPI shall consult reasonably and in good faith with SMBC concerning the management of the Pledged Assets. LCPI shall not execute any amendments, waivers or other loan documents in respect of the Pledged Assets without first obtaining the consent of SMBC.

8. Upon entry of this Stipulation, SMBC shall withdraw the Motion; provided, however, that SMBC reserves the right to seek additional adequate protection or relief from the stay after March 15, 2009.

9. To the extent permitted under applicable law, the terms and provisions of this Stipulation shall be binding upon the Debtors and their successors and assigns, including, but not limited to, any trustee appointed in these cases, in any superseding case or in any case related hereto, and shall survive for the benefit of SMBC and the Debtors.

10. The automatic stay imposed by Section 362 of the Bankruptcy Code shall be, and hereby is, lifted and vacated to the extent necessary, if any, to authorize the payments hereunder and to implement and effectuate the terms and conditions of this Stipulation.

11. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

12. This Stipulation can only be amended or otherwise modified by a signed writing executed by the parties hereto.

13. Each person who executes this Stipulation on behalf of a party hereto represents that he is duly authorized to execute this Stipulation on behalf of such party.

14. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

15. If this Stipulation is not approved by the Bankruptcy Court, it shall be deemed null and void and shall not be referred to or used for any purpose by any of the parties hereto or any of the other parties in the Debtors' chapter 11 cases.

New York, New York
Dated: January 5, 2009

**WEIL, GOTSHAL & MANGES LLP**

By: /s/ Jacqueline Marcus

767 Fifth Avenue
New York, New York 10153
Telephone: 212.310.8000
Facsimile: 212.310.8007

*Attorneys for Debtors and Debtors in Possession*

**MAYER BROWN LLP**

By: /s/ Frederick D. Hyman

1675 Broadway
New York, New York 10019
Telephone: 212.506.2500
Facsimile: 212.262.1910

*Attorneys for Sumitomo Mitsui Banking Corporation*

**SO ORDERED** this ____ day of January 2009

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT A**

| CREDIT FACILITY | FACILITY | CURRENCY | COMMITMENT | OUTSTANDING |
|---|---|---|---|---|
| FORD MOTOR COMPANY (12/15/06) | 7-yr term | USD | 45,129,596.33 | 45,129,596.33 |
| TXU ENERGY (10/10/07) CITI | Term Loan E-2 | USD | 24,999,999.63 | 24,999,999.63 |
| TXU ENERGY (10/10/07) CITI | Term Loan E-3 | USD | 46,946,169.67 | 46,946,169.67 |
| US INVESTIGATION SERVICES 08/21/07 | Term Loan | USD | 79,373,496.68 | 79,373,496.68 |
| IMPERIAL TOBACCO SFA 18JUL07 | Term Loan B | EUR | 78,340,663.60 | 78,340,663.60 |
| CARLSBERG (27OCT07) | Term Loan A | GBP | 12,805,358.57 | 12,805,358.57 |
| CARLSBERG REFI (12OCT05) | Multi-Currency Revolver | EUR | 64,473,684.21 | 42,231,449.47 |
| WEST CORPORATION | Term Loan B-2 | USD | 19,142,811.76 | 19,142,811.76 |