WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Michael P. Kessler

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                           :
In re                                      :        **Chapter 11 Case No.**
                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :        **08-13555 (JMP)**
                                           :
                        **Debtors.**       :        **(Jointly Administered)**
                                           :
                                           :
------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF**
**STIPULATION, AGREEMENT AND ORDER RESOLVING**
**MOTION OF KAPALUA BAY, LLC TO (I) COMPEL IMMEDIATE ASSUMPTION OR**
**REJECTION OF CONSTRUCTION LOAN AGREEMENT; AND (II) UPON**
**REJECTION, TO GRANT RELIEF FROM THE AUTOMATIC STAY [DOCKET 1195]**
**AND**
**MOTION OF CENTRAL PACIFIC BANK, DEUTSCHE HYPOTHEKENBANK**
**(ACTIEN-GESELLSCHAFT), AND LANDESBANK BADEN-WÜRTTEMBERG**
**PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE FOR RELIEF FROM**
**THE AUTOMATIC STAY TO ENFORCE CONTRACTUAL RIGHTS TO REMOVE**
**LEHMAN BROTHERS HOLDINGS INC. AS AGENT UNDER LOAN FACILITY**
**[DOCKET 1692]**

PLEASE TAKE NOTICE that the undersigned will present the annexed proposed

Stipulation, Agreement and Order Resolving Motion To (I) Compel Immediate Assumption Or

Rejection Of Construction Loan Agreement; And (II) Upon Rejection, To Grant Relief From The

Automatic Stay [Docket 1195] and Motion of Central Pacific Bank, Deutsche Hypothekenbank

(Actien-Gesellschaft), and Landesbank Baden-Württemberg Pursuant to Section 362 of the

Bankruptcy Code for Relief from the Automatic Stay to Enforce Contractual Rights to Remove

Lehman Brothers Holdings Inc. as Agent under Loan Facility [Docket 1692] to the Honorable

James M. Peck, United States Bankruptcy Judge, for signature on **January 28, 2009 at 10:00**

**a.m**. (prevailing Eastern time).

PLEASE TAKE FURTHER NOTICE that responses or objections, if any, to the

Proposed Stipulation must be in writing, must conform to the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the

Southern District of New York, must set forth the name of the objecting party, the basis for the

objection and the specific grounds therefore, and must be filed with the Bankruptcy Court, **by**

**January 23, 2009, at 4:00 p.m. (prevailing Eastern Time)** electronically in accordance with

General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case

Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy

Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties

in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or

any other Windows-based word processing format (with a hard copy delivered directly to

Chambers), in accordance with General Order M-242, and any objection must further be served

upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New

York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York,

New York 10153, Attn:  Michael P. Kessler, Esq., attorneys for the Debtors; (iii) the Office of

the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33

Whitehall Street, 21st Floor, New York, New York 10004 Attn:  Andy Velez-Rivera, Esq., Paul

Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis; Esq.,

(iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York

10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys

for the official committee of unsecured creditors appointed in these cases; and (v) any person or

entity with a particularized interest in the Motion, so as to be received no later than **January 23, 2009, at 4:00 p.m. (prevailing Eastern Time)**.  A hearing will not be held, and the Proposed Stipulation may be signed, unless objections are timely received in accordance with this paragraph.

PLEASE TAKE FURTHER NOTICE that if a written objection is timely filed, a hearing will be held at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **January 28, 2009 at 10:00 a.m. (prevailing Eastern Time)**.  The moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: January 8, 2009
     New York, New York

/s/ *Michael P. Kessler*
Harvey R. Miller
Michael P. Kessler

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

- 3 -

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | 08-13555(JMP) |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,: | | (Jointly Administered) |
| **DEBTORS.** | : | Refers to Dkt. Nos. 1195 and 1692 |
| | : | |

---------------------------------------------------------------x

## STIPULATION, AGREEMENT AND ORDER RESOLVING MOTION OF KAPALUA BAY, LLC TO (I) COMPEL IMMEDIATE ASSUMPTION OR REJECTION OF CONSTRUCTION LOAN AGREEMENT; AND (II) UPON REJECTION, TO GRANT RELIEF FROM THE AUTOMATIC STAY [DOCKET 1195] AND MOTION OF CENTRAL PACIFIC BANK, DEUTSCHE HYPOTHEKENBANK (ACTIEN-GESELLSCHAFT), AND LANDESBANK BADEN-WÜRTTEMBERG PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE FOR RELIEF FROM THE AUTOMATIC STAY TO ENFORCE CONTRACTUAL RIGHTS TO REMOVE LEHMAN BROTHERS HOLDINGS INC. AS AGENT UNDER LOAN FACILITY [DOCKET 1692]

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

     This stipulation, agreement, and order ("Stipulation") is entered into by and between Lehman Brothers Holdings Inc. ("LBHI"), as debtor and debtor in possession (the "Debtor"), Kapalua Bay, LLC ("Kapalua"), Central Pacific Bank, Deutsche Hypothekenbank (Actien-Gesellschaft) ("Deutsche Hypo"), Landesbank Baden-Württemberg ("LBBW" and together with Central Pacific Bank and Deutsche Hypo, collectively, the "Non-LBHI Lenders"), and Swedbank AB (publ), New York Branch ("Swedbank").

## RECITALS

     A.    On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 17, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

B.    LBHI, as Lender, and Kapalua, as Borrower, are parties to that *Construction Loan Agreement made by and between Kapalua Bay, LLC and Lehman Brothers Holdings, Inc. Dated as of July 14, 2006*, as amended from time to time (the "Construction Loan Agreement"), for a loan in the aggregate amount of up to $370,000,000 (the "Loan").

C.    LBHI and Kapalua are parties to a Note Splitter and Reaffirmation Agreement dated as of January 26, 2007, pursuant to which the original note delivered by Kapalua pursuant to the Construction Loan Agreement was split, divided and apportioned into six separate promissory notes delivered by Kapalua to LBHI: (i) the Amended, Severed and Restated Promissory Note (Note A-1) in the principal amount of $30 million ("Note A-1"), (ii) the Amended, Severed and Restated Promissory Note (Note A-2) in the principal amount of $25 million ("Note A-2"); (iii) the Amended, Severed and Restated Promissory Note (Note A-3) in the principal amount of $25 million ("Note A-3"); (iv) the Amended, Severed and Restated Promissory Note (Note A-4) in the principal amount of $15 million ("Note A-4"); (v) Amended, Severed and Restated Promissory Note (Note A-5) in the principal amount of $255 million ("Note A-5" and together with Note A-1, Note A-2, Note A-3 and Note A-4, collectively, the "A Notes"); and (vi) the Amended, Severed and Restated Promissory Note (Note B) in the principal amount of $20,000,000 ("Note B").

D.    LBHI subsequently assigned Note A-1 to Central Pacific Bank, Note A-2 to LBBW, and Note A-3 to Deutsche Hypo.  LBHI retained Note A-4 and Note A-5.  Swedbank is

the assignee and successor-in-interest to Note B.  LBHI represents and warrants that other than the portions of the Loan assigned to the Non-LBHI Lenders and Swedbank, LBHI owns and controls the Loan and, subject to Bankruptcy Court approval, has the authority to make and enter into this Stipulation.

E.      As of the Commencement Date, $202.4 million of the Loan had been funded. Since the Commencement Date, LBHI has not funded its obligations under the Loan other than capitalized interest to itself in the amount of $1.8 million.  Since the Commencement Date, the Non-LBHI Lenders have funded their post-petition portions of the Loan in the amount of $19.0 million, and Swedbank has funded its post-petition portion of the Loan in the amount of $4.8 million.  After taking into account loans made to Kapalua by certain of the joint venture partners of Kapalua since the Commencement Date, there is still a need for $120.1 million of additional funding under the Loan to complete the Project, excluding $3.5 million of funds advanced by the Non-LBHI Lenders and Swedbank during December 2008.

F.      On October 23, 2008, Kapalua filed its *Motion To (I) Compel Immediate Assumption Or Rejection Of Construction Loan Agreement; And (II) Upon Rejection, To Grant Relief From The Automatic Stay* (Docket No. 1195 in Case No 08-13555) ("Kapalua's Motion") seeking an order compelling LBHI to assume or reject the Construction Loan Agreement and other related relief.[1]

G.      On November 24, 2008, the Non-LBHI Lenders filed the *Motion of Central Pacific Bank, Deutsche Hypothekenbank (Actien-Gesellschaft), and Landesbank Baden-Württemberg Pursuant to Section 362 of the Bankruptcy Code for Relief from the Automatic Stay to Enforce Contractual Rights to Remove Lehman Brothers Holdings Inc. as Agent under the Loan Facility* (Docket No. 1692 in Case No 08-13555) (the "Non-LBHI Lenders' Motion") seeking to remove LBHI as agent under the Construction Loan Agreement.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Construction Loan Agreement and related Loan Documents as applicable or in the Term Sheet attached hereto.

H.    In an effort to consensually resolve Kapalua's Motion and the Non-LBHI Lenders' Motion, the Debtor, Kapalua, the Non-LBHI Lenders, and Swedbank have agreed it is in their best interests to enter into this Stipulation upon the terms and conditions herein.

I.    Due and proper notice having been given of this Stipulation and Term Sheet to all parties in interest pursuant to Bankruptcy Rule 2002(a), and an opportunity to object having been provided to the same, and no such objections having been received:

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY AGREED, BY AND BETWEEN LBHI, SWEDBANK, KAPALUA, AND THE NON-LBHI LENDERS, THROUGH THEIR RESPECTIVE UNDERSIGNED COUNSEL, SUBJECT TO OBTAINING CONSENT FROM THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS APPOINTED IN THESE CASES (THE "COMMITTEE"), AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.    Kapalua's Motion and the Non-LBHI Lenders' Motion are resolved as set forth herein.

2.    The Construction Loan Agreement, as modified by the term sheet attached as Exhibit A hereto (the "Term Sheet"), which is incorporated as though fully set forth herein, and as modified pursuant to further documentation to be agreed upon by the parties pursuant to the Term Sheet, is assumed by LBHI pursuant to Bankruptcy Code section 365(a).

3.    This Stipulation and the Term Sheet and consummation of all transactions contemplated therein are hereby approved without necessity or requirement of further court proceedings or approval.  Under the terms set forth in the Term Sheet, the parties contemplate modifiying the existing Loan into multiple tranches (the "Facilities") in the following amounts: (i) a new Facility A to be documented in the amount of $120.1 million and consisting of $35.0 million to be funded by LBHI, $20.1 million to be funded by the Non-LBHI Lenders pursuant to their existing commitment, $55.0 million of new commitments to be funded by the Non-LBHI

Lenders, and $10.0 million to be funded by Kapalua's joint venture partners; (ii) Facility B-1 in the amount of $28.0 million and consisting of $16.2 million of post-Commencement Date advances funded by the Non-LBHI Lenders, $10.0 million representing a portion of the post-Commencement Date loans previously advanced by Kapalua's joint venture partners, and $1.8 million of post-Commencement interest advances by LBHI; (iii) Facility B-2 in the amount of $4.1 million consisting of the Note B post-Commencement Date advances by Swedbank; (iv) Facility C-1 in the amount of $191.4 million consisting of the pre-Commencement Date amounts outstanding under the A Notes; and (v) Facility C-2 in the amount of $10.9 million consisting of the pre-Commencement Date Note B loan balance.  In addition, $5.0 million of the Note B commitments, as they existed immediately prior to December 24, 2008, will be funded as equity by Kapalua's joint venture partners.  The Facilities shall have the following ranking for payment, lien priority, and collateral:  (i) Facility A shall have first priority; (ii) Facility B-1 shall have second priority; (iii) Facility B-2 shall have third priority; (iv) Facility C-1 shall have fourth priority, and (v) Facility C-2 shall have fifth priority.

4.      Under the Construction Loan Agreement, as modified, Central Pacific Bank will replace LBHI as administrative agent for all purposes under the Construction Loan Agreement.

5.      The additional terms of the Construction Loan Agreement, as modified, are as set forth more specifically in the Term Sheet.

6.      LBHI's defaults under the Construction Loan Agreement shall be deemed cured for purposes of Bankruptcy Code section 365(b) upon (i) the entry by the parties into a modified Construction Loan Agreement as contemplated by this Stipulation and Term Sheet, (ii) the funding by LBHI of $35 million pursuant to Facility A; and (iii) entry into any additional related documents necessary to effect the Term Sheet including, but not limited to, an intercreditor agreement satisfactory to all parties under which the respective Facilities A, B-1, B-2, C-1, and C-2 shall have the relative payment, lien, and collateral priorities as set forth in paragraph 3 above and the Term Sheet.

7.      Without limitation of the foregoing, upon closing of the transactions contemplated by this Stipulation and the Term Sheet (the "Closing"), including the funding by LBHI under Facility A, Kapalua, Swedbank and the Non-LBHI Lenders, for themselves, their affiliates, successors and assigns, hereby expressly waive and release any defenses, rights of set-off, claims or counterclaims of whatever nature, whether unsecured, secured, priority, administrative, or otherwise, they may have against the Debtors, or any of them, arising from or relating to the Construction Loan Agreement and related Loan Documents prior to the date of the Closing. Upon the Closing, LBHI, for itself, its affiliates, successors and assigns, hereby expressly waives and releases any defenses, rights of set-off, claims or counterclaims of whatever nature, whether unsecured, secured, priority, administrative, or otherwise, that it may have against the Non-LBHI Lenders, Swedbank or Kapalua, under the Construction Loan Agreement or Co-Lending Agreement arising from or relating to the Construction Loan Agreement and related Loan Documents prior to the date of the Closing. If the closing of the transactions contemplated by this Stipulation and the Term Sheet do not occur on or prior to February 16, 2009 (unless extended by agreement of all parties and the Committee), this paragraph shall be null and void and of no further force and effect.

8.      LBHI, through its officer(s), is hereby authorized and directed to do and perform all acts and are hereby authorized to make, execute, file, and deliver such statements, instruments, and other documents that may be required or necessary for the performance by LBHI under the Term Sheet, including, without limitation, funding its commitment under Facility A in an amount of $35 million, and each of the parties are hereby authorized to file, register, or otherwise record a copy of this Stipulation.

9.      Without limiting the preceding paragraph, the Debtors and their applicable affiliates: (a) are duly authorized and empowered to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers (including, without limitation, the execution of security agreements, pledge agreements, control agreements,

mortgages, and financing statements), that may be reasonably necessary or appropriate under the this Stipulation, the Term Sheet and the other agreements or transactions contemplated thereby and (b) are duly authorized and empowered to take all other and further actions as may be necessary to implement the transactions contemplated by this Stipulation and the Term Sheet.

10.    Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay in effect in LBHI's bankruptcy case is hereby modified for the limited purpose of allowing the parties to implement this Stipulation, including without limitation, allowing the parties to enter into Facility A, make necessary modifications to the Construction Loan Agreement, remove LBHI as agent under the Construction Loan Agreement and appoint Central Pacific Bank as agent thereunder, allow Kapalua to grant the mortgage security liens, interests and pledges of Collateral pursuant to the Term Sheet, and allow the parties to negotiate, document, execute and file such statements, instruments, and other documents in furtherance of the Term Sheet.   The transactions undertaken by Kapalua in agreeing to and consummation of this Stipulation and the Term Sheet shall not be deemed a default by Kapalua under any provision of the Loan Documents.

11.    This Stipulation shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental units, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, contract, or the duties of their office to accept, acknowledge, assent or consent to, file, register, record or release any documents or instruments with respect to the Construction Loan Agreement and the transactions effectuated in connection therewith under this Stipulation and the Term Sheet.

12.    The modification of the automatic stay granted by this Stipulation shall take effect immediately upon entry of this Stipulation and shall not be stayed by operation of Federal Rule of Bankruptcy Procedure 4001(a)(3).

13.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim of or against any party, or as a waiver of the rights of any party to dispute any claim except as expressly waived herein.

14.    Each person who executes this Stipulation on behalf of a party hereto represents that he is duly authorized to execute this Stipulation on behalf of such party(ies).

15.    This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

16.    If this Stipulation is not approved by the Bankruptcy Court by February 16, 2009 (unless extended by agreement of all parties), it shall be deemed null and void for all purposes and shall not be referred to or used for any purpose by any of the parties hereto or any of the other parties in the Debtors' chapter 11 cases.

17.    The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

Dated: January__, 2009

**KIRKLAND & ELLIS LLP**

*/s/ Richard L. Wynne*
Richard L. Wynne
Shirley S. Cho

777 South Figueroa Street, 37th Floor
Los Angeles, CA  90017
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500

Counsel for Kapalua Bay, LLC

**CHADBOURNE & PARKE LLP**

*/s/ Andrew Coronios*
Andrew Coronios
N. Theodore Zink, Jr.
Andrew Rosenblatt

**WEIL, GOTSHAL & MANGES LLP**

*/s/ Michael P. Kessler*
Harvey R. Miller
Michael P. Kessler
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**SALANS LLP**

*/s/ Claude D. Montgomery*
Claude D. Montgomery
Robert F. Ebin
620 Fifth Avenue

30 Rockefeller Plaza
New York, New York, 10112
Telephone:     (212) 408-5100
Facsimile:  (212) 408-5369

New York, NY  10020
Telephone: (212) 632-5500
Facsimile: (212) 632-5500

Attorneys for Central Pacific Bank, Deutsche
Hypothekenbank (Actien-Gesellschaft), and
Landesbank Baden-Württemberg

Attorneys for  Swedbank AB (publ), New York
Branch

SO ORDERED this _____ day of January __, 2009

_____

HONORABLE JAMES PECK
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit A</u>**

**Term Sheet**

**Summary of Terms and Conditions**
**The Ritz-Carlton Club and Condominiums at Kapalua Bay**

*This Summary of Terms and Conditions summarizes the principal terms of the proposed financing for the Project (defined below). This Summary of Terms and Conditions is for discussion purposes only and is subject to definitive documents to be agreed upon and executed by all parties hereto with the consent of all existing Guarantors. Any commitment to lend is subject to formal credit committee approval to the extent necessary.*

| | |
|---|---|
| Borrower: | Kapalua Bay, LLC |
| Parties: | Borrower, Co-lenders, Swedbank, LBHI |
| Purpose: | To finance the remaining construction of the 146 unit condominium project in Maui, Hawaii (the Project). |
| Facility A: | $120.1M consisting of $55.0M of new funds from Central Pacific Bank, Deutsche Hypothekenbank and Landesbank Baden-Württemberg (the "Co-lenders" ), $35.0M from Lehman Brothers Holdings Inc. ("LBHI"), $10M from Kapalua's joint venture partners and $20.1M of the existing commitments from the Co-lenders. |
| Facility B-1: | $28.0M consisting of $16.2M representing the three Co-lender advances post-bankruptcy through December 2008, $10M representing a portion of the loans advanced post bankruptcy by Kapalua's joint venture partners, and $1.8M of post-bankruptcy "A-Note" advances by LBHI. |
| Facility B-2: | $4.1M of Swedbank "B-Note" post-bankruptcy advances. |
| Facility C-1: | $191.4M of the pre bankruptcy "A-Notes" loan balance. Remaining funding commitments of "A-Notes" to be terminated. Priority of "A-Notes" and "B-Note" to remain unchanged. |
| Facility C-2: | $10.9M of the pre-bankruptcy "B-Note" loan balance. Remaining funding commitment of B-Note to be terminated. |
| Additional Equity: | $5.0M of the existing "B-Note" commitments will be assumed and funded as equity by Kapalua's joint venture partners. Swedbank to be repaid December 2008 Advance ($700,000) from Additional Equity |
| Total Loan: | $354.5M |

| | |
|---|---|
| Facility Type: | Non-revolving construction loan |

| | |
|---|---|
| Maturity Date: | Facility A - 12 months from closing<br>Facility B - August 1, 2011<br>Facility C - August 1, 2011 |

| | |
|---|---|
| Interest Rate: | Facility A – L + 500 bps<br>Facility B – The existing A Note rates for the Co-lenders, the Kapalua joint venture partner lenders, and Swedbank<br>Facility C – The existing rates for all lenders |

| | |
|---|---|
| Fees: | No new fees |

| | |
|---|---|
| Ranking: | The A Facility shall be the senior facility. Facility B-2 shall be subordinated to Facility B-1 (Facility B-1 and Facility B-2 shall be referred to collectively as the "B Facilities").  Facility C-2 shall be subordinated to Facility C-1 (Facility C-1 and Facility C-2 shall be referred to collectives as the "C Facilities").  The B Facilities  and the C Facilities will be subordinated to the A Facility as to payment, lien priority and bankruptcy.  The C Facilities  will be subordinated to the B Facilities as to payment, lien priority and bankruptcy. |

| | |
|---|---|
| Collateral: | Collateral for  A, B, & C Facilities shall include, with LBHI bankruptcy court approval, a mortgage on Borrower's interest in the Project, including land and all improvements, and other collateral currently securing the C Facilities, plus any additional collateral granted by the Borrower pursuant to definitive documentation., |

| | |
|---|---|
| Administrative Agent: | Central Pacific Bank will be the administrative agent for the A, B, and C Facilities with TriMont to remain as Servicer on terms substantially the same as currently under C Facilities. |

| | |
|---|---|
| Advances: | Upon closing of  the A Facility sufficient funds shall be advanced to fully repay the balance owed under the deferred obligation (approximately $14 million) to the general contractor (PCL), and accrued differential interest owed to the Co-lenders and accrued differential interest owed to the "B-Note" holder.  The late December construction and interest draws under the existing Construction Loan Agreement will be treated at closing as if A, B and C Facilities were in effect at the time of such draws (i.e., amounts funded by the Co-lenders and Kapalua's joint venture partners as part of the construction draw and amounts funded by |

the Co-lenders and LBHI as holders of the "A-Notes" for their own accrued interest will be repaid from the A Facility advance upon closing). There shall not be any change in the manner of funding late December B Note interest, Thereafter advances shall be made monthly for costs invoiced and interest due.

Repayment
Waterfall:              100% of net sale proceeds sales shall be first used to fully repay the A Facility and thereafter, so long as any commitments remain in effect under the A Facility, to fund advances that would otherwise be funded under the A Facility (reducing the remaining commitments under the A Facility by an equal amount).  Payments on the A Facility shall be made on a pari passu basis including interest thereon.

Upon repayment in full of the A Facility and termination of all commitments under the A Facility, 100% of net sale proceeds shall be used first to fully repay Facility B-1 and then to pay Facility B-2.  Payments on the B-1 Facility shall be made on a pari passu basis including interest thereon.

Upon repayment in full of B Facilities, 100% of net sale proceeds shall be used first to pay Facility C-1 and then to repay the C Facility C-2. Payments on the C-1 Facility shall be made on a pari passu basis including interest thereon.

Loan Agreement
Modifications:          The following modifications are required under Facilities:

Substantial completion of the Project by December 31, 2009.

Reps, warranties, covenants and conditions which are affected by LBHI's failure to fund will be modified.

The Borrower shall be allowed to lease units subject to a standard to be reasonably agreed among the Borrower and the lenders.  Unit lease payments (net of operating expenses) to be considered net sales proceeds for purpose of the payment waterfall. Condominium management agreement and unit leases to be assigned to all lenders under A, B and C Facilities as collateral by Borrower.

Closing Conditions:     Final order of the LBHI bankruptcy court in form and substance acceptable to each of the parties.

Negotiation, execution and delivery by each party of definitive agreements containing terms and conditions satisfactory to the parties.

Borrower to waive and release existing lender defaults.

Consent by all guarantors ( Completion and Recourse).

Consent of A Note holders who are not parties, if any.

Updated budget through the projected life of A, B and C Facilities, in form and substance acceptable to each of the parties.

Necessary internal approvals by each lender including Kapalua's joint venture partners (e.g., credit committee, supervisory board or similar).