**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
In re                                                    :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
:
Debtors.                            :    **(Jointly Administered)**
:
:
----------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a), 363(b) and 365(a) OF THE
BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY
PROCEDURE 6004 AND 6006 AUTHORIZING LEHMAN BROTHERS
HOLDINGS INC. TO ASSUME, AS MODIFIED, CERTAIN LOAN
DOCUMENTS  ENTERED INTO WITH JUNG DEVELOPMENTS INC., ET. AL.
AND TO CONSUMMATE CERTAIN RELATED TRANSACTIONS**

Upon the motion, dated January 8, 2009 (the "Motion"), of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and,

together with their non-debtor affiliates, "Lehman"), for entry of an order, pursuant to

sections 105(a), 363(b) and 365(a) of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") authorizing LBHI to assume, as modified, certain loan documents

entered into with Jung Developments Inc., et. al., and to consummate certain related

transactions, as more fully described in the Motion, and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157

and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Motion and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

Motion having been provided in accordance with the procedures set forth in the order

entered September 22, 2008 governing case management and administrative procedures

[Docket No. 285] to (i) the United States Trustee for the Southern District of New York;

(ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities

and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States

Attorney for the Southern District of New York; and (vi) all parties who have requested

notice in these chapter 11 cases, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Motion

is in the best interests of the Debtors, their estates and creditors, and all parties in interest

and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefore,

it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, all objections, if any, to the Motion or the relief

requested therein, that have not been withdrawn, waived or settled, and all reservations of

rights included therein, are denied and overruled on the merits with prejudice; and it is

further

ORDERED that, the LBHI's assumption of the Loan Documents, as

amended and modified in accordance with the Term Sheet attached to the Motion as

Exhibit A, is hereby approved pursuant to section 365(a) of the Bankruptcy Code; and it

is further

ORDERED that any existing defaults under the Loan Documents are deemed cured by the Debtors pursuant to section 365(b) of the Bankruptcy Code; and it is further

ORDERED that the Term Sheet, the modification of the Loan Documents, and the consummation of all transactions contemplated therein are hereby approved without the necessity or requirement of further court proceedings or approval, and each of the Loan Documents, as modified consistent in all material respects with the terms set forth in the Term Sheet, is hereby approved, and the rights and remedies of each of the parties to each of the Loan Documents may be enforced against the Debtors and their estates, as applicable, in accordance with the terms of such Loan Documents without the need to seek relief from the automatic stay or further court proceedings or approval; and it is further

ORDERED that, without limiting the preceding paragraph, the Debtors and their applicable affiliates: (a) are duly authorized and empowered to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers (including, without limitation, the execution and delivery of one or more restated Loan Documents, agreements modifying one or more Loan Documents, successor agency agreements, collateral releases, security agreements, title policy amendments, pledge agreements, control agreements, mortgages, financing statements, and any other document in connection with modification of the Loan), that may be necessary or appropriate to consummate the transactions contemplated under the Term Sheet; (b) are duly authorized and empowered to take all other and further actions as may be necessary to implement the transactions contemplated by the Term Sheet; and (c) shall have the

right both in connection with and following consummation of the transactions

contemplated under the Term Sheet (i) to consent to any amendment, restatement,

waiver, supplement or other modification of any of the Loan Documents and (ii) to

otherwise make all determinations and take all other actions under each of the Loan

Documents, it being understood that any actions described in this paragraph taken by the

Debtors or their affiliates may be taken without the necessity (x) of further court

proceedings or approval or (y) of any consent of any third party, and shall be conclusive

and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that this Order shall be binding upon and shall govern the acts

of all entities, including without limitation all filing agents, filing officers, title agents,

title companies, recorders of mortgages, recorders of deeds, registrars of deeds,

administrative agencies, governmental units, secretaries of state, federal, state and local

officials, and all other persons and entities who may be required by operation of law,

contract, or the duties of their office to accept, acknowledge, assent or consent to, file,

register, record or release any documents or instruments with respect to any of the Loan

Documents and consummation of the transactions contemplated under the Term Sheet;

and it is further

ORDERED that this Order shall be effective and enforceable immediately

upon entry and its provisions shall be self-executing and shall not be stayed pursuant to

Bankruptcy Rules 6004 or 6006; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters

arising from or related to the implementation of this Order.

Dated: January __, 2009
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE