**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                        :
In re                                   :   Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :   08-13555 (JMP)
                                        :
                        Debtors.        :   (Jointly Administered)
                                        :
                                        :
-------------------------------------------------------------------x
```

## ORDER GRANTING THE DEBTORS' MOTION PURSUANT TO SECTIONS 105(a), 363(b) AND 365(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6004 AND 6006 FOR AUTHORIZATION TO (I) ASSUME, AS MODIFIED, CERTAIN LOAN AGREEMENTS, AND (II) CONSUMMATE RELATED LOANS TO BE MADE BY LEHMAN COMMERCIAL PAPER INC. AND OTHER LENDERS TO ARCHSTONE

Upon consideration of the Debtors' Motion Pursuant to Sections 105(a), 363(b) and 365(a) of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006 for Authorization to (i) Assume, as Modified, Certain Loan Agreements, and (ii) Consummate Related Loans to be Made by Lehman Commercial Paper Inc. and Other Lenders to Archstone, dated January 8, 2009 (the "Motion")[1] filed by Lehman Brothers Holdings Inc. and its affiliated debtors in possession, including Lehman Commercial Paper Inc. ("LCPI," and collectively, the "Debtors"), as more fully set forth in the Motion; and upon all the proceedings before the Court; and after due deliberation and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

---

[1]    Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to such terms in the Motion.

A.      The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.), and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these chapter 11 cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      As evidenced by the affidavits of service filed with the Court, (i) proper, timely and adequate notice of the Motion was provided in accordance with the procedures set forth in the Court's order, entered September 22, 2008, governing case management and administrative procedures [Docket No. 285]; (ii) such notice was good and sufficient and appropriate under the particular circumstances; and (iii) no other or further notice of the Motion or the hearing thereon (if any) is required.

C.      Prior to the Commencement Date, LCPI and/or certain of its non-debtor  affiliates entered into (i) that certain Amended and Restated Credit Agreement, dated as of November 27, 2007 (as amended, restated, modified or supplemented from time to time in accordance with its terms, the "ASOT Credit Agreement") among Archstone, a Maryland real estate investment trust (formerly known as Archstone-Smith Operating Trust) ("Archstone"), certain of its affiliates party thereto as guarantors, Bank of America, N.A. ("Bank of America"), Barclays Capital Real Estate Inc. ("Barclays Capital"), and LCPI, as lenders thereto together with the other lenders thereunder, LCPI, as administrative agent, Bank of America, as syndication agent, Lehman Brothers Inc. and Banc of America Securities LLC, as joint lead arrangers and joint bookrunners, and Barclays Capital, as documentation agent, (ii) that certain Credit Agreement

(Development Loan), dated as of October 5, 2007 (as amended, restated, modified or supplemented from time to time in accordance with its terms, the "Development Loan Credit Agreement"), among Tishman Speyer Archstone-Smith Multifamily Holdings I (Development Borrower), ("DL Borrower"), certain of its affiliates party thereto as guarantors, Bank of America, Barclays Capital and LCPI as lenders thereunder, LCPI as Administrative Agent, Bank of America, as syndication agent, Lehman Brothers Inc. and Banc of America Securities LLC, as joint lead arrangers and joint bookrunners, and Barclays Capital, as documentation agent, (iii) the Mortgage/Mezzanine Documents (as such term is defined in the ASOT Credit Agreement and used herein as therein defined), (iv) that certain Loan Agreement, dated as of October 5, 2007, among Tishman Speyer Archstone-Smith One Superior Place, L.L.C., Tishman Speyer Archstone-Smith Marina Terrace, L.L.C. and Tishman Speyer Archstone-Smith Fairfax, L.L.C., as borrower, Lehman Brothers Holdings Inc., Bank of America, N.A. and Barclays Capital Real Estate Inc., as lenders (the "Ground Lease Loan"), (v) any and all other documents relating to, evidencing, securing, or otherwise affecting (directly or indirectly) the loans, commitments and other rights, obligations and liabilities outstanding under the ASOT Credit Agreement, the Development Loan Credit Agreement, the Ground Lease Loan or any of the Mortgage/Mezzanine Documents (all such documents together with the ASOT Credit Agreement, the Development Loan Credit Agreement, and the Mortgage/Mezzanine Documents collectively, the "Loan Documents"), (vi) the limited partnership agreements of the Tishman Speyer Archstone-Smith Multifamily JV, L.P., Tishman Speyer Archstone-Smith Multifamily Parallel JV, L.P., Tishman Speyer Archstone-Smith Multifamily Parallel Fund I JV, L.P. and Tishman Speyer Archstone-

Smith Multifamily Parallel Fund II JV, L.P. (collectively, the "Funds"), Tishman Speyer

Real Estate Venture VII (Governance), L.P. and Tishman Speyer Real Estate Venture VII

Parallel (Governance), L.P., the declaration of trust of Archstone, any other applicable

operating agreements and partnership agreements of affiliates of the foregoing entities,

the Syndication and Modification Agreement dated as of October 5, 2007 by and among

Tishman Speyer Archstone-Smith Multifamily Parallel (GP), L.P., Tishman Speyer

Archstone-Smith Multifamily (GP), L.P., certain affiliates of Tishman Speyer U.S.

Value-Added Associates VII, L.L.C., REPE Archstone GP Holdings LLC, REPE

Archstone LP Holdings LLC, Banc of America Strategic Ventures, Inc., Archstone LB

Syndication Partner LLC, BIH ASN LLC and the Funds, and the Bridge Equity Providers

Agreement dated October 5, 2007, among Archstone LB Syndication Partner LLC, Banc

of America Strategic Ventures, Inc. and BIH ASN LLC (collectively, the "Basic Equity

Documents") and (vii) any and all other documents relating to, evidencing, securing, or

otherwise affecting (directly or indirectly) the rights, obligations and liabilities of the

parties to and under the Basic Equity Documents (all such documents together with the

Basic Equity Documents, collectively, the "Equity Documents;" the Loan Documents and

the Equity Documents referred to herein collectively as the "Documents").

D.    In the Motion, the Debtors moved this Court for the entry of an

order, pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, and Bankruptcy

Rules 6004 and 6006, for an order authorizing LCPI to (1) assume, as modified, the

rights, obligations and liabilities outstanding under the Loan Documents, and (2)

consummate related transactions, consistent in all material respects with the terms set

forth in a term sheet attached as an exhibit to the Motion (the "Term Sheet").

E.    The legal and factual bases set forth in the Motion establish just cause for the relief requested.  The transactions described in the Term Sheet are fair and reasonable under the circumstances and in no way unjustly enrich any of the parties thereto.  In addition, such transactions are in the best interest of the Debtors, their estates and creditors.

F.    The Term Sheet was negotiated, and entered into by LCPI, Barclays Capital, Bank of America, Tishman Speyer U.S. Value-Added Associates VII, L.L.C. and Archstone (collectively, the "Parties") without collusion, in good faith and from arm's-length bargaining positions.  The Parties to the Term Sheet have proceeded in good faith in all respects in connection with this proceeding and will be acting in good faith in documenting and closing the transactions contemplated by the Term Sheet. None of Tishman Speyer U.S. Value-Added Associates VII, L.L.C., Archstone, the DL Borrower, any Mortgage/Mezzanine Borrower or any obligor under any of the Loan Documents is an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.

G.    The Debtors have demonstrated good, sufficient, and sound business purposes and justifications and compelling circumstances for the relief requested in the Motion and the approval of the transactions contemplated thereby.

H.    Prompt consummation of the transactions described in the Term Sheet is in the best interests of the Debtors, their estates, and their creditors.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.      All objections, if any, to the Motion or the relief requested therein, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are denied and overruled on the merits with prejudice.

3.      The Debtors' assumption of the Loan Documents, as amended and modified in all material respects consistent with the terms of the Term Sheet, is hereby approved pursuant to section 365(a) of the Bankruptcy Code.

4.      Subject to the Closing (as defined in the Term Sheet), there are no existing defaults under the Loan Documents that the Debtors must cure pursuant to section 365(b) of the Bankruptcy Code.

5.      The Term Sheet and the Debtors' documentation and consummation of all transactions contemplated therein are hereby approved (including any and all provisions concerning existing tag-along rights and rights of first offer applicable to debt or equity of Archstone, the DL Borrower, any Mortgage/Mezzanine Borrower or any of their respective affiliates) without the necessity or requirement of further court proceedings or approval.  Each Document, as modified consistent in all material respects with the terms set forth in the Term Sheet, is hereby approved, and the rights and remedies of each of the parties to each Document may be enforced against the Debtors and their estates, as applicable, in accordance with the terms of such Document without the need to seek relief from the automatic stay or further court proceedings or approval.  Upon assumption of the Loan Documents, as modified in accordance with the Term Sheet, claims arising thereunder against LCPI, if any, shall be entitled to administrative expense priority under section 503(b) of the Bankruptcy Code.

6.        Without limiting the preceding paragraph, the Debtors and their applicable affiliates: (a) are duly authorized and empowered to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers (including, without limitation, the execution and delivery of one or more restated Documents, agreements modifying one or more Documents, successor agency agreements, collateral releases, security agreements, pledge agreements, control agreements, mortgages, and financing statements), that may be necessary or appropriate to consummate the transactions contemplated under the Term Sheet; (b) are duly authorized and empowered to take all other and further actions as may be necessary to implement the transactions contemplated by the Term Sheet; and (c) shall have the right both in connection with and following consummation of the transactions contemplated under the Term Sheet (i) to consent to any amendment, restatement, waiver, supplement or other modification of any of the Documents and (ii) to otherwise vote and make all determinations and take all other actions under each Document; it being understood that nothing in this Order shall prejudice the right of LCPI to assign, in accordance with the terms of the Documents as modified consistent in all material respects with the terms set forth in the Term Sheet, any portion of its loans and commitments to, or equity interests in, Archstone, the DL Borrower, any Mortgage/Mezannie Borrower or any of their respective affiliates.    Any actions described in clauses (a), (b) and (c) taken by the Debtors or their affiliates may be taken without the necessity (x) of further court proceedings or approval or (y) of any consent of any party other than the Debtors, the Lenders, Archstone, and their respective affiliates, as applicable, and shall be conclusive and binding in all respects on all parties in interest in these cases.

7.       This Order shall be binding upon and shall govern the acts of all

entities, including without limitation all filing agents, filing officers, title agents, title

companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative

agencies, governmental units, secretaries of state, federal, state and local officials, and all

other persons and entities who may be required by operation of law, contract, or the

duties of their office to accept, acknowledge, assent or consent to, file, register, record or

release any documents or instruments with respect to any Document and consummation

of the transactions contemplated under the Term Sheet.

8.       This Order shall be effective and enforceable immediately upon

entry and its provisions shall be self-executing and shall not be stayed pursuant to

Bankruptcy Rules 6004 or 6006.

9.       This Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2009
      New York, New York


                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE