Jonathan D. Schiller
Hamish P.M. Hume
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
(212) 446-2300

*Attorneys for Barclays Capital Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
In re                                                         :    Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC.,                                :    08-13555 (JMP)
*et al.*                                                      :
                        Debtors.                              :    (Jointly Administered)
                                                              :
------------------------------------------------------------- x

BARCLAYS OBJECTION TO PORTION OF
DISNEY MOTION FOR APPOINTMENT OF EXAMINER
PURSUANT TO SECTION 1104(c)(2) OF THE BANKRUPTCY CODE

# EXHIBIT E

# ***EXCERPTS***

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 08-13555

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


LEHMAN BROTHERS HOLDINGS, INC., et al.


       Debtors.


- - - - - - - - - - - - - - - - - - - -x


        United States Bankruptcy Court

        One Bowling Green

        New York, New York


        September 19, 2008

        4:36 PM


B E F O R E:

HON. JAMES M. PECK

U.S. BANKRUPTCY JUDGE

```
                                                              245
 1    approved and should be approved tonight.  And we should get the
 2    orders entered and get the transfers done before there's any
 3    other prejudice and harm.  Thank you, Your Honor.
 4            THE COURT:  Thank you, Mr. Miller.
 5            MS. GRANFIELD:  Really brief, Your Honor, because I
 6    won't tread over any ground that Mr. Miller just went over.
 7    The importance, if Your Honor is so disposed to approve the
 8    transaction of staying here, getting the order done and getting
 9    it entered tonight, my client wanted me to express to you the
10    importance is really not only in terms of the operations, the
11    moving of the money, the preserving of the value for this
12    estate, but the importance in terms of staying here and get it
13    done tonight is really with respect to the employees who we've
14    already heard many times have really had a horrible week.  They
15    have had a bit of hope in terms of being able to return to a
16    more business as usual.  And we're really concerned if they
17    don't wake up tomorrow and see that not only has it been
18    approved but the order's been entered and we're moving forward
19    towards closing.
20            Just generally, with respect to the objections,
21    Barclays Capital cannot pay out the sums that have been put on
22    the record tonight and subject itself to collateral attack.
23    It's not doing this transaction to paint a bullseye on its back
24    for every subsidiary creditor, landlord, fund that wants to
25    figure out who's a deep pocket, oh, Barclays is doing this deal
```

246

1  so it's one of the three or four deep pockets that could have
2  and so we're going to reward by mixing it in collateral
3  litigation. If there's really any chance of that, it won't
4  happen. And this will all be for naught. So we do have to
5  keep our eye on that ball.
6        And then finally, Your Honor, in the proffer of some
7  of the testimony tonight, and this had been said before, and it
8  may have been the belief of the parties who had said it, but
9  it's important with respect to Barclays and its relationship
10 with regulators in the U.K. that we wanted to make a pointed
11 statement that it has not only been the U.S. regulators that
12 have really gone above and beyond to try and facilitate this
13 transaction. But the regulators in the United Kingdom have
14 done so as well. And there was speculation, really, that maybe
15 the U.K. regulators had some to do with not having the prior
16 transaction that was worked on last week come to fruition. And
17 it turns out that's not the case. It really was not a
18 regulatory issue but just a question of the structure of the
19 transaction would have required Barclays to have a
20 shareholder's vote in order to do the transaction and that just
21 was not going to happen with the precipitous terrible things
22 that were happening at the time. And so, we just wanted to
23 correct the record with respect to that. And with that, I'll
24 turn it over to others.
25        MR. BIENENSTOCK: May I respond for a moment, Your

```
                                                          247
 1   Honor?
 2           THE COURT:  Yes, you may.
 3           MR. BIENENSTOCK:  I just want to point out that,
 4   number one, we all understand the importance of the
 5   transaction.  And it's very easy for a party sponsoring it to
 6   say, and I won't do it unless you give me something illegal, so
 7   give it to me, Judge.  I'd like to point Your Honor to some
 8   evidence Your Honor admitted, the contract.  Nowhere in that
 9   contract does it say they need an order that's free and clear
10   of successor liability from creditors of non-debtor
11   subsidiaries.  Nowhere.  This is just overreaching and gambling
12   that Your Honor feels this is so important that you'll do
13   something illegal so they'll close tonight.  Thanks.
14           THE COURT:  It's my job to do what the law permits in
15   the exercise of my discretion.  This week, more than any other
16   week since I was appointed to the bench, I have felt the
17   awesome power of this job.  And it's now Saturday morning.
18   I've given a lot of thought the objections.  I reviewed each
19   one that I could get.  They were flying in this afternoon one
20   after another.  And I categorized them in my mind and
21   considered carefully whether it was permissible for me as a
22   judge in this district to approve a transaction this momentous
23   on such an extraordinarily fast schedule.  And I gave
24   consideration to the due process considerations that have been
25   articulated in objections both orally and in writing.  And I
```