Hearing Date and Time: January 14, 2009 at 10:00 a.m. (Prevailing Eastern Time)

James B. Kobak, Jr.
David W. Wiltenburg
Sarah L. Cave
Christopher K. Kiplok
Jeffrey S. Margolin
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*<br><br>Debtor. | Chapter 11<br><br>No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**TRUSTEE'S OBJECTION TO MOTION OF THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A. AS INDENTURE TRUSTEE, FOR ORDER PURSUANT TO
BANKRUPTCY RULE 2004 DIRECTING EXAMINATION OF, AND PRODUCTION
OF, DOCUMENTS BY LEHMAN BROTHERS HOLDINGS INC., LEHMAN
BROTHERS INC., LEHMAN BROTHERS COMMODITY SERVICES INC. AND
<u>BARCLAYS CAPITAL INC.</u>**

James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of Lehman Brothers Inc. ("LBI"), by and through his undersigned counsel, respectfully submits this opposition to the Motion of Bank of New York Mellon Trust Company, N.A. as trustee for the holders of certain public municipal bonds (the "Bank of New York"), for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the service of subpoenas compelling the production of documents and the provision of deposition testimony by Lehman Brothers Holdings Inc. ("LBHI"), LBI, Lehman Brothers Commodity Services Inc. ("LBCS"), and Barclays Capital Inc. ("Barclays") (the "Motion"). The

60512025_1.DOC

Trustee opposes the Motion to the extent that the Bank of New York seeks leave to conduct Rule 2004 discovery of the Trustee, on grounds that such discovery would be premature, invasive and unduly burdensome, and further states as follows:

       1.       On September 19, 2008, the Honorable Gerard E. Lynch, Judge of the United States District Court for the Southern District of New York, entered the Order Commencing Liquidation (the "LBI Liquidation Order") pursuant to the provisions of the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq*. in the case captioned *Securities Investor Protection Corp. v. Lehman Brothers Inc.*, Case No. 08-CIV-8119 (GEL).

       2.       The LBI Liquidation Order, *inter alia*: (i) appointed James W. Giddens Trustee for the liquidation of the business of the Debtor pursuant to § 78eee(b)(3) of SIPA; (ii) appointed Hughes Hubbard & Reed LLP ("HHR") counsel to the Trustee pursuant to § 78eee(b)(3) of SIPA; and (iii) removed this case to this Court pursuant to § 78eee(b)(4) of SIPA (the "SIPA Proceeding").

       3.       The SIPA Proceeding is by far the largest securities broker-dealer liquidation ever attempted. Pursuant to the strong legal and public interest mandate to transfer customer accounts to the extent practicable, and working in cooperation with the Securities Investor Protection Corporation, former LBI personnel, the Securities and Exchange Commission, the Commodity Futures Trading Commission, the Federal Reserve Bank of New York, and the Depository Trust Clearing Corporation, the Trustee has effected the transfer of over 135,000 accounts. This transfer of accounts has taken place in a liquidation proceeding of unprecedented size and speed and is a testament to the hard work and dedication of the professionals and regulators involved.

60512025_1.DOC

4. Beyond customer matters, the Trustee, his staff and counsel must deal not only with all of the time-sensitive issues that might be anticipated in a multi-billion-dollar bankruptcy, but also with a dizzying array of fire drills and emergencies that present themselves on a daily basis. Any hour spent responding to coercive information requests from individual creditors of LBHI and its affiliates, in this case LBCS, via Rule 2004 subpoenas will not be available to carry out critical work at a crucial time in the SIPA Proceeding.

5. On November 26, 2008, the Bank of New York filed the Motion in this proceeding—but not in the SIPA Proceeding—seeking leave to serve subpoenas compelling document production and the provision of deposition testimony by LBHI, LBI, LBCS, and Barclays pursuant to Rule 2004 of the Bankruptcy Rules, regarding the human capital, client contacts, and other LBCS assets that Barclays may have acquired as part of the sale by LBHI and LBI of certain assets to Barclays, authorized and approved by this Court on September 20, 2008 (the "Sale"). (Motion at 2-3.)

6. Notwithstanding the Bank of New York's vague assertions in its Motion that, pursuant to the Sale, Barclays may have acquired LBCS's human capital and other unspecified assets, and its speculation that Barclays has access to LBCS clients and is using LBCS's proprietary risk management system, it should go without saying that Barclays and LBCS are in the best position to provide the information the Bank of New York seeks about what LBCS assets may have been conveyed to Barclays as part of the Sale. Moreover, the Bank of New York offers no reason to suppose that the Trustee has any information concerning the information that the Bank of New York seeks to discover, *i.e.*, "what assets of LBCS and the commodities business [of LBCS] were transferred to Barclays, and what legal rights might arise as a result." (Motion at 8-9.)

       7.      Rule 2004 it is not without limits. *In re Duratech Indus., Inc.*, 241 B.R. 291, 296 (Bankr. E.D.N.Y. 1999).  Most certainly, it does not allow a party to conduct far-ranging discovery without careful judicial oversight.  *See In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) (noting importance of exercise of judicial oversight to limit carefully scope of Rule 2004 discovery).

       8.      With respect to the Trustee in particular, to grant the Bank of New York's request would be unduly burdensome, as it would divert the limited resources of the Trustee and his professionals from their statutory duties to oversee and execute the orderly administration of the LBI estate, including the safe transfer of customer accounts and return of customer property. *See In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).  Thus, to impose on the Trustee the obligation to comply with the Bank of New York's document production and deposition testimony requests would harm not only the estate of LBI but also thousands of customers who are awaiting the orderly return of their property. *In re Express One Int'l, Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998) (noting that request for Rule 2004 examination should be denied "if the cost and disruption to the examinee . . . outweighs the benefits to the examiner").

4

WHEREFORE, the Trustee respectfully requests that this Court: (i) deny the Motion to the extent that the Motion seeks an Order permitting the Bank of New York to conduct Rule 2004 discovery of the Trustee; and (ii) grant such other and further relief as is just.

Dated:      New York, New York
            January 9, 2009

                    HUGHES HUBBARD & REED LLP

                    By: /s/ Sarah L. Cave
                        James B. Kobak, Jr.
                        David W. Wiltenburg
                        Sarah L. Cave
                        Christopher K. Kiplok
                        Jeffrey S. Margolin
                    One Battery Park Plaza
                    New York, New York 10004
                    Telephone: (212) 837-6000
                    Facsimile: (212) 422-4726
                    Email: kobak@hugheshubbard.com

                    Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.