**QUINN EMANUEL URQUHART OLIVER & HEDGES LLP**

51 Madison Avenue, 22nd Floor
New York, New York  10010
Susheel Kirpalani
James C. Tecce

*Special Counsel to the Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

------------------------------------------------------------ x

## LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., IN ITS CAPACITY AS INDENTURE TRUSTEE, FOR ORDER PURSUANT TO BANKRUPTCY RULE 2004 DIRECTING EXAMINATION OF, AND PRODUCTION OF, DOCUMENTS BY LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS INC., LEHMAN BROTHERS COMMODITY SERVICES INC. AND BARCLAYS CAPITAL, INC.

The Official Committee of Unsecured Creditors (the "Committee") of

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors-in-possession

(collectively, the "Debtors") hereby submits this limited objection (the "Limited

Objection") to the Motion of The Bank Of New York Mellon Trust Company, N.A. in its

capacity as Indenture Trustee (the "BONY Trustee"), for Order Pursuant to Bankruptcy

Rule 2004 Directing Examination of, and Production of, Documents by LBHI, Lehman

Brothers Inc. ("LBI"), Lehman Brothers Commodity Services Inc. ("LBCS") and

Barclays Capital, Inc. ("Barclays")  (the "BONY Motion"), and, in support thereof,

respectfully represents as follows:

## BACKGROUND

1.      On September 15, 2008 and periodically thereafter, the Debtors commenced the above-captioned chapter 11 cases.  On September 17, 2008, the United States Trustee for the Southern District of New York appointed the Committee.

2.      After an evidentiary hearing on September 19, 2008, the Court entered an order (Docket No. 258) approving the Asset Purchase Agreement (the "APA") (Docket No. 280) effectuating the sale to Barclays of certain assets used in LBHI's and LBI's U.S. and Canadian investment and capital markets businesses (hereinafter, the "Sale Transaction").

3.      On October 20, 2008, The Walt Disney Company filed a motion (the "Examiner Motion") requesting entry of an order appointing one or more examiners (the "Examiner") to investigate LBHI and Lehman Brothers Commercial Corp.

4.      On December 19, 2008, the Committee filed its Limited Objection To SIPA Trustee's Motion Under 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 9019(a) For Entry of an Order Approving Settlement Agreement (the "Committee's SIPA Settlement Objection") concerning a settlement reached among Barclays, JPMorgan Chase Bank, N.A. and the SIPA Trustee with respect to cash and securities Barclays allegedly did not receive at the Sale Transaction's closing.  The Committee argued, among other things, that the settlement's approval should be adjourned because it sought the Court's imprimatur of the settling parties' depiction of the facts and circumstances surrounding the Sale Transaction -- which the Committee still cannot verify because it does not have final reconciliations from the Sale Transaction's principal parties.  While the Court did not sustain the Committee's limited objection, it suggested the Committee should pursue the consensual production of that information.

5.      The BONY Trustee seeks to examine, through the production of documents and depositions of individuals of LBHI, LBI, LBCS, and Barclays, whether LBCS' assets were included in the assets transferred to Barclays in the Sale Transaction because Barclays represented, in a press release issued on or about October 7, 2008, that it acquired "Lehman Brothers" commodities assets.

6.      On January 9, 2009, the Debtors filed a response to the BONY Motion (the "<u>Debtors' BONY Motion Response</u>").  On the same date, the Committee filed a response to the Examiner Motion (the "<u>Committee's Examiner Motion Response</u>").

## **LIMITED OBJECTION**

7.      The relief requested in the BONY Motion should be denied and instead channeled through the Committee.  The matters as to which the BONY Trustee seeks Rule 2004 discovery -- all of which relate to the financial condition of the Debtors -- may warrant investigation.  That investigation, however, plainly falls within the scope of the Committee's statutory mandate under section 1103(b)(2) of the Bankruptcy Code, where Congress specifically authorized official creditors' committees to "investigate the acts, conduct, liabilities, and financial condition of debtor."

8.      Consistent with the primary investigative role the Bankruptcy Code provides for official committees, the Committee's efforts to investigate various aspects of the Sale Transaction already are well underway.  Since its appointment on September 17, 2008, the Committee and its professionals have worked with the Debtors and their financial advisor, Alvarez & Marsal LLC, to try and assess the nature and scope of the assets Barclays acquired under the APA.  As recounted in the Committee's Examiner Motion Response, the Committee has initiated investigations into, and is currently reviewing the Sale Transaction and its implementation.  That investigation was discussed briefly in the Committee's SIPA Settlement Objection and includes, among

other things, a thorough review of the Sale Transaction and all supporting documentation
(including reconciliation data for all transaction steps) to ensure the Sale Transaction was
consummated in the manner represented to the Court and the Committee when initially
approved.  Consistent with the Court's direction during the hearing on the Committee's
SIPA Settlement Objection, the Committee has initiated negotiations concerning the
consensual production of documents to aid that investigation.  The BONY Trustee's
duplicative discovery requests will only impede that effort.[1]

9.      The Committee's advisors also have discussed the account of the
sale of LBI's commodities assets provided in the Debtors' Response with the Debtors'
advisors and -- while having no current reason to doubt its veracity -- continues to
investigate all the relevant facts and circumstances.  As with all other matters within its
investigatory mandate, the Committee is committed to seeing its investigations through to
completion and will dedicate all its available resources to that end.  Because the
Committee is especially motivated to maximize value for all unsecured creditors, it
should be permitted to complete that effort before the estates are burdened with
duplicative and parochial discovery requests from individual creditors.

10.     Finally, contrary to the suggestion in the Debtors' BONY Motion
Response,[2] the Committee does not believe an examiner should investigate the matters
raised in the BONY Motion.  Such matters typically are left to estate fiduciaries like the
Committee to foster transparency for all creditors and parties in interest.  Since the

---

[1]     The BONY Trustee seeks the production of the same type of information.  See BONY
Mot. at p. 3 ("the Trustee moves for leave to conduct Rule 2004 discovery with respect to
the human capital, client contacts, and other LBCS assets Barclays acquired in the Sale").

[2]     See Debtors' BONY Mot. Resp. at p. 5 (¶ 12) ("In the event the Court determines it is
appropriate to appoint an examiner in connection with the examiner motions and the
Court determines that the instant examination request merits investigation, the Debtors
suggest that the Court direct such examiner to investigate the assertions in the Motion ….
[The examiner should investigate] whether any of the assets of LBHI's subsidiaries were
transferred to Barclays as part of the Sale and APA").

inception of these cases, the Committee has been performing that function capably.  No

reason exists now to complicate or duplicate its efforts through an examiner's

investigation.

WHEREFORE, the Committee respectfully requests that the Court

(i) sustain the Limited Objection to the BONY Motion; (ii) deny the relief requested in

the BONY Motion; and (iii) grant the Committee such other relief as it deems just.

Dated:  New York, New York
        January 10, 2009

                                    **QUINN EMANUEL URQUHART
                                    OLIVER & HEDGES, LLP**

                                    By:  /s/ James C. Tecce
                                         Susheel Kirpalani
                                         James C. Tecce

                                    51 Madison Avenue
                                    New York, New York 10010
                                    Telephone No.:  (212) 849-7000
                                    Facsimile No.:  (212) 849-7100

                                    *Special Counsel to Official Committee Of
                                    Unsecured Creditors Of Lehman Brothers
                                    Holdings Inc., et al.*