PRESENTMENT DATE AND TIME: January 20, 2009 at 10:00 a.m.
OBJECTION DEADLINE: January 16, 2009 at 4:00 p.m.

Lindsee P. Granfield
Lisa M. Schweitzer
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 310-3999

*Attorneys for Barclays Capital Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Lehman Brothers Holdings Inc., et al.<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
| In re:<br><br>Lehman Brothers Inc.,<br><br>Debtor. | Case No. 08-01420 (JMP)<br>SIPA |

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER
REGARDING CERTAIN CONTRACTS BETWEEN BARCLAYS CAPITAL
INC. AND PRICEWATERHOUSECOOPERS LLP**

PLEASE TAKE NOTICE that the *Stipulation and Order Regarding Certain Contracts Between Barclays Capital Inc. and PricewaterhouseCoopers LLP* annexed hereto (the "Stipulation") will be presented to the Honorable James M. Peck, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for approval and signature on **January 20, 2009 at 10:00 a.m. (ET).**

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested in the Stipulation must comply with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, must be set forth in a writing describing the basis thereof and must be filed with the Bankruptcy Court electronically in accordance with General Orders M-182 and M-193 by registered users of the Bankruptcy Court's electronic case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website of the Bankruptcy Court) and, by all other parties in interest, on a 3 and 1/2 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word-processing format (with a hard copy delivered directly to Chambers (as defined below)) and served in accordance with General Order M-182 or by first-class mail upon each of the following: (i) the chambers of the Honorable James M. Peck ("Chambers"), One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn: Richard P. Krasnow, Eq., Lori R. Fife, Esq., Shai Waisman, Esq. and Jacqueline Marcus, Esq.) attorneys for the debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riftkin and Tracy Hope Davis); (iv) Milbank, Tweed, Hadley & McCloy, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Fleck, Esq.), attorneys for the Official Committee of Unsecured Creditors; (v) Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006 (Attn: Lindsee P. Granfield, Esq. and Lisa Schweitzer, Esq.), attorneys for Barclays Capital Inc.; (vi) Hughes Hubbard and Reed LLP, One Battery Park Plaza, New York, NY 10004 (Attn: James B.

Kobak, Esq. and David Wiltenberg, Esq.); (vii) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn:. Richard Levin, Esq.), attorney for PricewaterhouseCoopers LLP; and (viii) Holland & Knight LLP, 195 Broadway, 24th Floor, New York, New York 10007 (Attn: Barbra Parlin, Esq.), attorney for PricewaterhouseCoopers LLP, so as to be received not later **than 4:00 p.m. (ET) on January 16, 2009.**

PLEASE TAKE FURTHER NOTICE that if no objections to the Stipulation are timely filed, served and received in accordance with this notice, the Court may enter an order approving the Stipulation without further notice or hearing.

PLEASE TAKE FURTHER NOTICE that if a written objection is timely filed and served, a hearing will be held to consider the Stipulation, along with any written objection timely received, on **January 28, 2009 at 10:00 (ET)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408, 6th Floor. The moving and objecting parties are required to attend the hearing and failure to attend in person or by counsel may result in relief being granted or denied upon default.

Dated: New York, New York
January 13, 2009

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By:   /s/ Lisa M. Schweitzer
Lindsee P. Granfield
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to Barclays Capital Inc.*

3

PRESENTMENT DATE AND TIME: January 20, 2009 at 10:00 a.m.
OBJECTION DEADLINE: January 16, 2009 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Lehman Brothers Holdings Inc., <u>et al</u>.<br><br>                Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
| In re:<br><br>Lehman Brothers Inc.,<br><br>                Debtor. | Case No. 08-01420 (JMP)<br>SIPA |

### STIPULATION AND ORDER REGARDING CERTAIN CONTRACTS BETWEEN BARCLAYS CAPITAL INC. AND PRICEWATERHOUSECOOPERS LLP

WHEREAS, commencing on September 15, 2008 and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (collectively, the "Debtors") commenced the above-referenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, on September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc ("LBI") and James W. Giddens was appointed as Trustee under the SIPA (the "SIPA Trustee") to administer LBI's estate (Case No. 08-1420, such proceeding, the "SIPA Proceeding", and together with the Chapter 11 Cases, the "Bankruptcy Proceedings");

WHEREAS, the SIPA Proceeding is pending in the Bankruptcy Court;

WHEREAS, on September 16, 2008, certain of the Debtors and LBI entered into an Asset Purchase Agreement (together with any amendments, clarifications, or modifications thereto, the "Purchase Agreement", including that certain Clarification Letter dated September 20, 2008 (the "Clarification Letter")) with Barclays Capital Inc. ("Barclays");

WHEREAS, Section 2.5 of the Purchase Agreement provides, *inter alia*, that for a period of sixty days (60) after September 22, 2008 (the "Closing Date"), Barclays may designate contracts related to the assets purchased for assignment to Barclays ("Related Contracts");

1

WHEREAS, Section 2.2 of the Purchase Agreement provides, *inter alia*, that the Debtors and LBI would retain all of their right, title and interest in the Excluded Assets (as defined in the Purchase Agreement), which includes without limitation the Excluded Real Estate Assets (as defined in the Purchase Agreement);

WHEREAS, the Purchase Agreement provides, *inter alia*, that a sublease to LBHI by PWC for the 7th floor at 1301 6th Avenue, New York, New York, 10019 (the "Sublease") is an Excluded Real Estate Asset;

WHEREAS, on September 18, 2008, the Debtors designated certain executory contracts and unexpired leases for assumption and assignment to Barclays as of the Closing Date[1] by listing those contracts in schedules (the "Schedules") posted on http://chapter11.epiqsystems.com/lehman;

WHEREAS, various agreements between the Debtors and LBI, on the one hand, and PricewaterhouseCoopers LLC ("PwC") on the other, were proposed for assumption and assignment to Barclays by their inclusion in the Schedules (the "PwC Closing Date Contracts");

WHEREAS, the PwC Closing Date Contracts inadvertently included the Sublease;

WHEREAS, on September 20, 2008, the Bankruptcy Court entered an order (the "Sale Order") approving the Purchase Agreement and the various transactions contemplated therein in the Chapter 11 Cases, including, pursuant to paragraph 12 of the Sale Order, the assumption and assignment of Closing Date Contracts, and the deadline to object to cure amounts associated with such assumptions and assignments;

WHEREAS, on September 20, 2008, the Bankruptcy Court also entered an order approving and incorporating by reference the Sale Order in the SIPA Proceeding;

WHEREAS, on October 16, 2008, the Tenth Omnibus Notice Of Assumption And Assignment Of Executory Contracts And Unexpired Leases was filed in the SIPA Proceeding [D.I. 135], and such notice included that certain "Terms and Conditions for Use of Lehman Brothers Subscription Service" dated as of September 24, 1997, between LBI and PwC (the "Subscription License", and together with the PwC Closing Date Contracts, the "PwC Contracts");

WHEREAS, PwC has informally raised certain objections with respect to assumption, assignment, and/or cure costs associated with certain of the PwC Contracts;

WHEREAS, PwC and Barclays have reached a consensual resolution of all outstanding issues with respect to the PwC Contracts and wish to stipulate to the terms of resolution thereof.

IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO, AND ORDERED BY THE BANKRUPTCY COURT, THAT:

---

[1] Capitalized terms not otherwise defined herein have the definitions provided for such terms in the Sale Order.

2

1. PwC does not object to the assumption and assignment of the Subscription License, and agrees (a) that all conditions to the assumption and assignment of the Subscription License have been satisfied, including the cure of all outstanding defaults under Subscription License in accordance with section 365(b) of the Bankruptcy Code, and (b) that PwC will have no further claims arising from the Subscription License against the Debtors, the SIPA Trustee, or their respective estates.

2. Within fifteen (15) business days after entry of this Stipulation and order on the docket in the Bankruptcy Proceedings, Barclays will pay to PwC cure costs in the amount of $75,000 with respect to the assumption and assignment of that certain Statement of Work for Platform Specific Standards Development, between LBI and PwC, dated as of July 23, 2008 (the "Platform Standards Agreement"). Upon such payment, PwC agrees (a) that all conditions to the assumption and assignment of the Platform Standards Agreement have been satisfied, including the cure of all outstanding defaults under Platform Standards Agreement in accordance with section 365(b) of the Bankruptcy Code, and (b) that PwC will have no further claims arising from the Platform Standards Agreement against the Debtors, the SIPA Trustee, or their respective estates.

3. Barclays and PwC hereby agree and understand that although the Platform Standards Agreement incorporates all provisions of that certain Master Professional Services Agreement between LBHI and PwC dated as of December 12, 2005 (the "Master Agreement"), the Master Agreement is not being assumed and assigned to Barclays.

4. The Sublease was not intended to be and has not been assumed and assigned to Barclays. The Sublease is an Excluded Real Estate Asset pursuant to Schedule 1 to the Purchase Agreement and Schedule 1(a) to the Clarification Letter.

5. Notwithstanding anything to the contrary on the Schedules, the Sale Order, or any prior notices given by Barclays, LBI and/or the Debtors in connection with the Bankruptcy Proceedings, the only executory contracts and/or unexpired leases to which PwC is a party that have been assumed and assigned to Barclays are the Subscription License and the Platform Standards Agreement. For the avoidance of doubt, no other agreements to which PwC is a party have been designated as Related Contracts or as Closing Date Contracts, including, without limitation, (a) the Master Agreement, (b) the Sublease Agreement, (c) the PwC Bond Administration License between Aurora Loan Services LLC and PwC, dated as of March 9, 2007, and/or (d) that certain Statement of Work between Lehman Brothers Holdings Inc. and PwC regarding Tax Provision System (Longview) Implementation and Configuration Schedule, dated as of August 15, 2008, none of which have been assumed and assigned to Barclays.

3

6. This Stipulation may be executed in counterparts, each of which, when so executed and delivered, shall be deemed to be an original and shall be binding on the party who, through its counsel, signed the counterpart, all of which together shall constitute a single agreement.

7. The person who executes this Stipulation by or on behalf of each respective party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each such party.

8. This Stipulation shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

[*The remainder of the blank has been intentionally left blank*]

Dated: New York, New York
January 12, 2009

CRAVATH, SWAINE & MOORE LLP

 /s/ Richard Levin
Richard Levin, Esq.
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for PricewaterhouseCoopers LLP*

HOLLAND & KNIGHT LLP

 /s/ Barbra Parlin
Barbra Parlin, Esq.
195 Broadway
24th Floor
New York, NY 10007
Telephone: (212) 513-3200

*Counsel for PricewaterhouseCoopers LLP*

CLEARY GOTTLIEB STEEN & HAMILTON LLP

 /s/ Lisa M. Schweitzer
Lindsee P. Granfield, Esq.
Lisa M. Schweitzer, Esq.
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000

*Counsel for Barclays Capital Inc.*

SO ORDERED
this ___ day of January, 2009

_____
United States Bankruptcy Judge