UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x
In re:                                                          :     Chapter 11
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*                         :     Case No. 08-13555 (JMP)
                                                                :
                                        Debtor.                 :     (Jointly Administered)
                                                                :
--------------------------------------------------------------- x

**[AMENDED PROPOSED] ORDER PURSUANT TO 11 U.S.C. § § 1104(c) AND 1106(b) DIRECTING APPOINTMENT OF LEHMAN BROTHERS HOLDINGS, INC. EXAMINER**

WHEREAS motions have been filed by The Walt Disney Company and the New York State Comptroller requesting the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) (the "Lehman Examiner") in the above-captioned cases, and movants and other parties in interest including the United States Trustee for the Southern District of New York (the "United States Trustee") having subsequently consulted regarding the appointment of an examiner with certain powers in the above-captioned Lehman Brothers Holdings Inc., *et al.* case, and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that an Examiner be appointed for Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated debtors in the above-referenced chapter 11 cases, "Lehman" or the "Debtors")); provided, however, that subject to the terms of this Order, the Lehman Examiner shall have the authority to investigate and report on transactions involving not only Lehman, but also any entity controlled by LBHI and any other debtor in these jointly administered cases; and it is further

ORDERED that pursuant to 11 U.S.C. § 1104(d), the United States Trustee shall appoint the Lehman Examiner, subject to approval of this Court; and it is further

ORDERED that the Lehman Examiner shall have the authority and power to investigate all allegations of pre- and post-petition fraud, dishonesty, incompetence, misconduct, irregularity, or gross mismanagement of the Debtors (as well as all entities as defined in the Bankruptcy Code and pre-petition professionals involved therein) by current and/or former management of the Debtors in the management of the Debtors' affairs, including risk management, liquidity, and hedging (and disclosures made pertaining thereto) in connection with, among other things, mortgage origination, mortgage-backed securities, credit default swaps, and structured finance securities during the time period from January 1, 2004 (or any earlier date that the Lehman Examiner may deem appropriate based upon his/her investigation) to the present; and it is further

ORDERED that, to the extent not encompassed in the above, the Lehman Examiner shall also investigate each of the areas of inquiry identified paragraph 31 of Debtors' Response in Opposition to the Motion of the New York State Comptroller for the Appointment of a Trustee or, In the Alternative, An Examiner with Expanded Powers, dated January 5, 2009 (Docket No. 2427); and its is further

ORDERED that all of the Debtors and their professionals (including the captioned Debtor's direct and indirect affiliates and subsidiaries), any official committee and its professionals, and James W. Giddens, in his capacity as trustee for the liquidation of Lehman Brothers Inc. ("LBI") pursuant to the Securities Investor Protection Act (the "SIPA Trustee"), and the Lehman Examiner shall mutually coordinate and cooperate, and the Debtors, all statutory committees and the SIPA Trustee shall provide the Lehman Examiner all documents and information, including any materials that they receive in response to discovery in these

cases, that the Lehman Examiner deems relevant to discharge duties under this Order or as such duties may be expanded or limited by this Court; and it is further

ORDERED nothing contained in this Order shall diminish the powers and authority of any official committee under the Bankruptcy Code; including the powers to investigate transactions and entities, commence contested matters and adversary proceedings, and object to claims; and it is further

ORDERED that the Lehman Examiner, to the extent practicable, shall avoid duplication of effort of Debtors, any official committee and the SIPA Trustee in connection with investigations to be pursued; and it is further

ORDERED that The Lehman Examiner shall cooperate fully with any governmental agencies (such cooperation shall not be deemed a public disclosure as referenced below) including, but not limited to, any Federal, state or local government agency that currently or in the future may be investigating the Debtors, their management or their financial condition, and the Lehman Examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with, or duplication of, any investigations conducted by such agencies.  The Lehman Examiner will follow a protocol to be established with the governmental agencies for the sharing of information to the extent that such sharing benefits the Debtors' estate, and such sharing of information shall be subject to appropriate conditions to protect the Debtors' estates; and it is further

ORDERED that nothing in this Order is intended to restrict this Court's ability to expand or limit the duties of the Lehman Examiner appointed herein *sua sponte*, or prejudice or limit the ability of any party in interest to move this Court to expand or limit the duties of the Lehman Examiner, upon motion and a hearing, or limit the investigation being undertaken by the

Lehman Examiner; and it is further

ORDERED that the Lehman Examiner shall have the power to waive, on an issue- by- issue basis, the attorney-client privilege of the Debtors' estates with respect to pre-petition communications relating to matters to be investigated by the Lehman Examiner hereunder. In making any such determination, the Lehman Examiner shall act in the best interests of the Debtors' estates after consultation with the Debtors and the Committee of Unsecured Creditors preserving the right in the Debtors and the Committee to make prompt objection to the Court on two business days' notice.  Such waiver shall be a limited and not a general waiver; and it is further

ORDERED that the Lehman Examiner shall not make any public disclosure concerning his/her deliberations, conclusions, recommendations or the nature and content of the report(s) he/she is preparing until such report(s) shall have been filed with the Court; provided, however, that the Lehman Examiner may communicate non-privileged information to government entities, including among others, the Securities Exchange Commission (the "SEC") and the United States Department of Justice ("DOJ"); and it is further

ORDERED that the Lehman Examiner, if appropriate, include in a report (taking into account the absolute priority rule, the financial condition of the Debtors' estates and the need not to waste value available to creditors) whether or not there is a legal mechanism for holders (except entities affiliated with Debtors) of any equity interest in the Debtors to share in the Debtors' estates; and it is further

ORDERED that the Lehman Examiner may retain counsel and other professionals pursuant to section 327 of the Bankruptcy Code, if he or she determines that such retention is necessary to discharge his or her duties; and it is further

4

ORDERED that the Lehman Examiner and any professionals retained by the Lehman Examiner pursuant to an Order of this Court shall be compensated from the Debtors' estates pursuant to section 330 of the Bankruptcy Code and further Orders of this Court; and it is further

ORDERED that the Lehman Examiner shall have the duties, powers and responsibilities of an examiner under section 1106(b) of the Bankruptcy Code <u>provided, however</u> that the scope of the Examiner's duties, unless expanded or limited by further Order of this Court, shall be limited to the investigations delineated herein and to the preparation of reports regarding such investigations as set forth in this Order; and it is further

ORDERED that the Lehman Examiner shall be a "party in interest" under section 1109 with respect to matters that are within the scope of the duties delineated in this Order or as such duties may be expanded or limited by this Court, and shall be entitled to appear at hearings held in these cases and to be heard, at such hearings, with respect to matters that are within the Lehman Examiner's duties; and it is further

ORDERED that the Lehman Examiner's initial report shall be filed with this Court within 150 days of the entry of the Order approving the appointment of the Lehman Examiner and shall file interim reports every 45 days thereafter or as otherwise ordered by the Court.

Dated: New York, New York
       January __, 2009

                                      HONORABLE JAMES M. PECK
                                      UNITED STATES BANKRUPTCY JUDGE