**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------x
                                              :
In re                                         :   Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :   08-13555 (JMP)
                                              :
                        Debtors.              :   (Jointly Administered)
                                              :
----------------------------------------------------------x
```

### SUPPLEMENTAL ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS

Upon the motion, dated November 13, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"),[1] pursuant to sections 105 and 365 of the Bankruptcy Code (the "Bankruptcy Code") and Rules 6006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order establishing procedures for the assumption and assignment (the "Assumption and Assignment Procedures") of derivative contracts (the "Derivative Contracts")[2] the Debtors entered into with various counterparties (the "Counterparties") and the settlement of claims arising from the termination of Derivative Contracts (the "Termination and Settlement Procedures" and together with the Assumption and Assignment Procedures, the "Procedures"), all as more fully described in the Motion; and

---

[1] The Debtors do not include Lehman Brothers Inc. ("LBI") or any affiliates of LBHI that are not chapter 11 debtors.

[2] For the avoidance of doubt, Derivative Contracts shall not include contracts or assets transferred to Barclays Capital Inc. or its affiliates pursuant to the terms of that certain Asset Purchase Agreement dated September 16, 2008 (as amended, supplemented, modified or clarified) among LBHI, LBI, LB 745 LLC, and Barclays Capital Inc.

consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (ii) the attorneys for the Official Creditors' Committee (the "Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all Counterparties (via mail, fax, or email) in the Debtors' records to the extent that the Counterparties' last known mail address, fax number, or email address is available to the Debtors; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "First Hearing") having been held on December 16, 2008 to consider the relief requested in the Motion; and an order having been entered on December 16, 2008 [Docket No. 2257] granting the relief requested in the Motion (the "Derivatives Procedures Order") except as to the Derivative Contracts in respect of which the Remaining Objectors (as defined in the Derivatives Procedures Order) filed an objection (the "Remaining Derivative Contracts"); and the hearing on the Motion as to the Remaining Derivative Contracts having been adjourned to January 14, 2009 at 10:00 (the "Second Hearing"); and the Second Hearing having been held to consider the relief requested in the Motion as to the Remaining Derivative Contracts; and all objections to the Motion filed by the Remaining Objectors, other than those filed by the January Remaining Objectors (as defined below) having been resolved, withdrawn or overruled at the Second Hearing; and the Court having previously found and determined at the First Hearing that the

2

relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the terms of the Derivatives Procedures Order shall be applicable to Derivative Contracts in respect of which any of the following Remaining Objectors filed an objection to the Motion: Calyon, Dexia Bank Internationale a Luxembourg SA, Dexia Credit Local, Dexia Kommunalbank Deutschland AG, Dexia Banque Belgique SA and Banif - Banco de Investimento, S.A.; and Georgetown University; and it is further

ORDERED that the terms of the Derivatives Procedures Order shall not be applicable to the Remaining Derivative Contracts in respect of which any of the following Remaining Objectors filed an objection to the Motion: The Toronto Dominion Bank; Metavante Corporation; Portfolio Green German; Lincore Limited, E-Capital Profits Limited, and Cheung Kong Bond Finance Limited; the City and County of Denver, Department of Revenue; First Choice Power, L.P.; Reliant Energy Power Supply, LLC; EnergyCo, LLC and EnergyCo Marketing and Trading; Wells Fargo, N.A., as trustee; JA Solar Holdings Co., Ltd.; West Corporation; Danske Bank A/S, London Branch; BRM Group, Ltd.; SunAmerica Life Insurance Company, AIG CDS, Inc., Lexington Insurance Company; Carlton Communications Limited; HarbourView CDO III; Norton Gold Fields Limited; Bank of America, National Association, Successor by Merger with LaSalle Bank National Association, in its capacity as Trustee under certain Trust Agreements; The Walt Disney Company; Deutsche Bank Trust 15 Company Americas and Deutsche Bank National Trust Company; Bank of America, National Association Successor by Merger with LaSalle Bank National Association, in its Capacity as Trustee under

that certain Indenture Dated as of August 16, 2007 among Ceago ABS CDO 2007-1, Ltd., as Issuer, Ceago ABS CDO 2007-1, LLC, as Co-Issuer and LaSalle Bank National Association, as Trustee; QVT Financial LP; Bank of America, National Association Successor by Merger with LaSalle Bank National Association, in its Capacity as Trustee under that Certain Indenture Dated as of November 29, 2005 among Verde CDO Ltd., as Issuer, Verde CDO, LLC, as Co-Issuer and LaSalle Bank National Association, as Trustee; Standard Chartered Bank; The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A. and BNY Corporate Trustee Services Limited; U.S. Bank National Association; Lahde Capital Management Inc.; Instituto de Credito Oficial; Northcrest, Inc.; Citigroup Inc. and all of its affiliates, including Citibank, N.A.; BRE Bank SA; Societe Generale, Canadian Imperial Bank Commerce; EPCO Holdings, Inc.; Bremer Financial Corporation; Occidental Energy Marketing Inc.; and FPL Energy Power Marketing, Inc. and Florida Power & Light Company (the "January Remaining Objectors"); and it is further

ORDERED that, notwithstanding anything to the contrary in the foregoing, the terms of the Derivatives Procedures Order shall be applicable to Remaining Derivative Contracts in respect of which the Tobacco Financing Settlement Corporation filed an objection only insofar as such terms relate to the Termination and Settlement Procedures; and it is further

ORDERED that the hearing on the Motion regarding the Remaining Derivative Contracts in respect of which the January Remaining Objectors filed an objection to the Motion is hereby adjourned to January 28, 2009 at 10:00 a.m. or such later date as may be either indicated in a notice filed by the Debtors with the Court or ordered by the Court; and it is further

ORDERED that all terms of the Derivatives Procedures Order shall continue to apply and remain in full force and effect without modification, except to the extent expressly modified by the terms of this Order; and it is further

ORDERED that entry of this Order is without prejudice to the rights of the Debtors, including, but not limited to, the right to seek further, other, or different relief regarding the Derivative Contracts pursuant to, among other things, section 365 of the Bankruptcy Code; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6006(a) and 9014 are satisfied.

Dated: January 15, 2009
      New York, New York

*/s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE