Hearing Date and Time: January 28, 2009 at 10:00 a.m (Prevailing Eastern Time)
Objection Date and Time: January 23, 2009 at 4:00 p.m (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :   08-13555 (JMP)
                                                            :
                    Debtors.                                :   (Jointly Administered)
                                                            :
                                                            :
------------------------------------------------------------x

# NOTICE OF DEBTORS' MOTION FOR AN ORDER
# APPROVING CONSENSUAL ASSUMPTION AND ASSIGNMENT
# OF PREPETITION DERIVATIVE CONTRACTS

PLEASE TAKE NOTICE that a hearing on the annexed motion of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") for an order approving the consensual assumption and assignment of prepetition derivative contracts (the "Motion"), all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **January 28, 2009 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

NY2:\1955049\07\15W$X07!.DOC\58399.0003

Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Lori R. Fife, Esq. and Robert J. Lemons, Esq., attorneys for the Debtors;  (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn:  Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be received no later than **January 23, 2009 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: January 16, 2009
     New York, New York

/s/ Robert J. Lemons
Lori R. Fife
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: January 28, 2009 at 10:00 a.m (Prevailing Eastern Time)
Objection Date and Time:  January 23, 2009 at 4:00 p.m (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
: 
In re                                                         :    Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                              :
            Debtors.                                    :    (Jointly Administered)
                                                              :
                                                              :
----------------------------------------------------------------x

**DEBTORS' MOTION FOR AN ORDER APPROVING
CONSENSUAL ASSUMPTION AND ASSIGNMENT
OF PREPETITION DERIVATIVE CONTRACTS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), respectfully represent as follows:

**Background**

1.  Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

### Jurisdiction

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Lehman's Business

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman was a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide. Its former headquarters in New York and regional headquarters in London and Tokyo were complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

6.     Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Prepetition Derivative Contracts

7.     As described in more detail in the Debtors' Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts, filed on November 13, 2008 (the "Derivatives Procedures Motion"), the Debtors are parties to more than 906,000 transactions under derivative contracts (the "Derivative Contracts") in which the contractual obligations and values are keyed to one or more underlying assets or indices of asset values and subject to movements in the financial markets.  Approximately 18,000 of such Derivative Contacts have not been terminated by the counterparties (the "Counterparties") to such contracts.[1]  On December 16, 2008, the Court entered an order that, among other things, established procedures that can be used by the Debtors to assume and assign Derivative Contracts in circumstances in which the Counterparties might not consent to such assumption and assignment under the terms of a Derivatives Contract (the "December Order").  In other circumstances, however, the Counterparty may consent to an assignment of the Derivative Contract or the Debtor may be

---

[1] The Debtors reserve all rights with respect to any alleged termination of any Derivative Contract, including the rights to assert that a Counterparty who did not terminate promptly after the commencement of these cases waived the right to terminate on account of the Debtors' bankruptcies or financial condition and/or certain alleged terminations were not effective because they were not exercised in accordance with the applicable contractual provisions.

contractually entitled under the terms of a Derivatives Contract to assign such contract if certain conditions are satisfied.

8.  To reduce the costs associated with such consensual assignments, and to maximize the Debtors' ability to market Derivative Contracts that may be consensually assigned, the Debtors seek prospective authorization to assume and assign such contracts upon compliance with a protocol (the "Committee Protocol") to be established between the Debtors and the Committee (or with the consent of the Committee prior to the establishment of such Committee Protocol).

9.  As discussed in the Derivatives Procedures Motion, the value that may be realized by the assumption and assignment of "in the money" Derivative Contracts is subject to movements in the financial markets. To effectively market many of these Derivative Contracts, the Debtors must be able to collect bids from potential assignees and consummate the sales promptly after selecting a bid because prices may quickly and materially shift. The market-sensitive nature of the Derivative Contracts necessitates that their assumption and assignment be expeditious to reduce the market and credit risks incurred by both the Debtors and their Counterparties from any delay between the time the parties reach an agreement and the time such agreement would be finally approved after notice and a hearing.

10. Additionally, considering the sheer number of Derivative Contracts that may be assigned, obtaining Court approval for each proposed assumption and assignment would result in burdensome administrative expenses for the estate, including the time and cost of drafting, serving, and filing pleadings, and the time incurred by attorneys in preparing for and appearing in numerous Court hearings. Therefore, the Debtors request that the Court enter an order approving the prospective assumption and assignment of Derivatives Contracts by the

Debtors, subject to the Committee Protocol (or with the prior consent of the Committee), where such assumption and assignment is either (a) in accordance with the terms of the Derivative Contracts or (b) with the consent of the Counterparty.

**Basis for Relief Requested**

11. Section 365(a) of the Bankruptcy Code empowers a debtor in possession, "subject to the court's approval, [to] assume or reject any executory contracts or unexpired leases of the debtor." 11 U.S.C. § 365(a). In determining whether to approve the assumption or rejection of executory contracts and leases of the debtor, courts apply the "business judgment" standard. *See Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993). "More exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985). A court should approve the assumption of an executory contract under section 365(a) of the Bankruptcy Code if it finds that a debtor has exercised its sound business judgment in determining that assumption of an agreement is in the best interests of its estate. *See, e.g., In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992).

12. The Court has the authority under section 105 of the Bankruptcy Code to establish and authorize the future assumption and assignment of Derivative Contracts. Pursuant to section 105, this Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of…title [11]." 11 U.S.C. § 105(a). The Second Circuit has acknowledged that section 105 confers broad powers on bankruptcy courts:

> 11 U.S.C. § 105 'is an omnibus provision phrased in such general terms as to be the basis for a broad exercise of powers in the administration of a bankuptcy case. The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid at the exercise of their jurisdiction….'

*Casse v. Key Nat'l Bank Ass'n (In re Casse)*, 198 F.3d 327, 336 (2d Cir. 1999) (citation omitted). Authorizing the assumption and assignment of marketable Derivative Contracts is an appropriate use of this Court's powers under section 105. Indeed, this and other courts in other chapter 11 cases have entered similar orders (such as the December Order) creating procedures for the assignment of derivative contracts. See also, *In re NRG Energy, Inc., et al.* (Case No. 03-13024) (Bankr. S.D.N.Y. 2003) [Doc. No. 414]; *In re Mirant Corporation, et al.* (Case No. 03-46590) (DML) (Bankr. N.D. Tex. 2003) [Doc. No. 3033]; *In re In re Enron Corp., et al.* (Case No. 01-16034) (AJG) (Bankr. S.D.N.Y. 2001) [Doc. No. 4129].

13.     Furthermore, a debtor in possession is obligated, as a fiduciary of the estate, "to maximize the value of the estate…and to protect and conserve the debtor's property." *In re Northwest Airlines Corp.*, 349 B.R. 338, 369 (S.D.N.Y. 2006). Property of the estate includes "[p]roceeds…or profits of or from property of the estate." 11 U.S.C. § 541(a)(6).

14.     The proposed order would allow the Debtors to realize in the most efficient manner the value embedded in certain of the Derivative Contracts. The Derivative Contracts comprise significant value that can best be realized by assuming and assigning them while they remain marketable. Having advance authorization from the Court will allow the Debtors to more quickly consummate assignments and reduce the likelihood that the Debtors may lose value due to the markets and credit risks. Such authorization will also conserve estate resources that would otherwise be expended seeking authorization of each assignment. Finally,

under the terms of the proposed order, the Committee, as a fiduciary of the Debtors' creditors, will also oversee the Debtors' business judgment.  The Debtors, as fiduciaries, urge the Court to approve the Debtors' assumption and assignment of the Derivative Contracts in the manner set forth herein as a proper exercise of the Debtors' business judgment to maximize the value of their assets.

15.     The Debtors, therefore, request that the Court enter the proposed order approving the assumption and assignment of the Debtors' Derivative Contracts in the manner set forth herein.

**Notice**

16.     No trustee or examiner has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all Counterparties (via mail, fax, or email) in the Debtors' records to the extent that the Counterparties' last known mail address, fax number, or email address is available to the Debtors; and (vii) all parties who have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

17.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: January 16, 2009
New York, New York

/s/ Robert J. Lemons
Lori R. Fife
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                         :

In re                                                                   :               **Chapter 11 Case No.**
                                           :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :               **08-13555 (JMP)**
                                           :

                        Debtors.                :               **(Jointly Administered)**
                                           :
                                           :
------------------------------------------------------------------x

**ORDER APPROVING  CONSENSUAL
ASSUMPTION AND ASSIGNMENT
OF PREPETITION DERIVATIVE CONTRACTS**

Upon the motion, dated January 16, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), for entry of an order approving the consensual assumption and assignment of Derivative Contracts (as defined in the Motion), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Creditors' Committee (the "Committee"); (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York (the "U.S. Trustee"); and (vi) all Counterparties (via mail, fax, or email) in the Debtors' records to the extent that the Counterparties' last known mail address, fax number, or email address is available to the Debtors; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors and the Committee shall engage in good faith negotiations to agree on protocols for the Committee's oversight of assumptions and assignments of Derivative Contracts under the terms of this Order (the "Protocols"). Upon agreement with the Committee on the Protocols, the Debtors shall seek entry of an order of the Court approving the Protocols. Such entry may be sought without a hearing if no parties file timely written objections. Prior to the entry of an order of this Court approving the Protocols, the Debtors shall provide the Committee with notice of the Debtors' intent to assume and assign any Derivative Contract under the terms of this Order, and such notice shall contain either the material terms of any such proposed assignment of the material terms of the parameters of the proposed bidding process and bid acceptance criteria. The Committee shall use commercially reasonable efforts to provide written notice to the Debtors (which may be provided by mail, electronic mail or facsimile) as soon as is practicable of the Committee's consent or objection to any proposed assumption and assignment. If the Debtors and the Committee have not agreed on the Protocols

within 30 days of entry of this Order, either the Debtors or the Committee may seek at any time after notice and a hearing (with as least 10 days' notice of such hearing) the Court's approval of revised terms regarding obtaining Committee consent to proposed assumptions and assignments hereunder; and it is further

ORDERED that the Debtors, subject to the terms of the Protocols or with the prior consent of the Committee, are hereby authorized to assume and assign (including by novation) Derivative Contracts either (a) in accordance with the terms of the Derivative Contracts or (b) with the consent of the applicable Counterparties; and it is further

ORDERED that the Debtors are hereby authorized to execute and deliver all instruments and documents, and take such other actions (including making payments, which may be to or for the benefit of assignees), as may be necessary or appropriate to implement and effectuate assumptions and assignments in the manner set forth herein; and it is further

ORDERED that nothing in this Order shall limit the ability of any Counterparty to dispute that the assignment of a Derivative Contract to which it is a party is in accordance with the terms of such Derivative Contract; and it is further

ORDERED that entry of this Order is without prejudice to the rights of the Debtors, including, but not limited to, the right to seek further, other, or different relief regarding the Derivative Contracts pursuant to, among other things, section 365 of the Bankruptcy Code; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6006(a) and 9014 are satisfied; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order and/or the terms of any assumption and assignment consummated in the manner set forth herein.

Dated: January ___, 2008
      New York, New York

                                                                   UNITED STATES BANKRUPTCY JUDGE