UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                               :

In re                            :    Chapter 11 Case No.
                                 :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                 :

                  Debtors.      :    (Jointly Administered)
                                 :
                                 :
------------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION OR REJECTION OF THE SECOND GROUP OF OPEN TRADE CONFIRMATIONS

Upon the motion, dated December 15, 2008 (the "Motion"), of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper

Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors"), pursuant to

section 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6006

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local

Rules") for entry of an order approving the Debtors' assumption of the Second Group of

Trades,[1] all as more fully described in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157

and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Motion and the relief requested therein

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

Motion having been provided in accordance with the procedures set forth in the order

entered September 22, 2008 governing case management and administrative procedures

[Docket No. 285] to (i) the United States Trustee for the Southern District of New York;

(ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities

and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States

Attorney for the Southern District of New York; (vi) all parties who have requested

notice in these chapter 11 cases; and (vii) all Counterparties; and it appearing that no

other or further notice need be provided; and objections (the "Objections") having been

filed by GE Corporate Financial Services, Inc., as Loan Servicer for Fusion Funding

Limited and Fusion Funding Luxembourg, S.A.R.L. [Docket No. 2383] and by Hartford

Investment Management Co. [Docket No. 2474] (each, an "Objecting Counterparty");

and the Court having been notified that the Debtors seek to adjourn the Motion as to the

Open Trade Confirmations that are the subject of the Objections; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that, except as provided below, the Motion is granted; and it is

further

ORDERED, pursuant to section 365(a) of the Bankruptcy Code, that the

Debtors' assumption of the Assumed Trades set forth on Exhibit A annexed hereto (the

"Specified Assumed Trades") is hereby approved; and it is further

ORDERED that the hearing with respect to the Motion is hereby

adjourned to January 28, 2009, at 10:00 a.m. with respect to the Objections, and

accordingly nothing herein affects the Open Trade Confirmations of any Objecting

Counterparty or any rights, claims or defenses of any Objecting Counterparty or any

Debtor with respect thereto; and it is further

ORDERED that the Debtors are not required to pay any cure costs to any

Counterparty to a Specified Assumed Trade; and it is further

ORDERED that the Debtors have demonstrated adequate assurance of

future performance of the Specified Assumed Trades; and it is further

ORDERED that no Counterparty shall be entitled to assert or take any

action to exercise a right to set off any prepetition claim that it might have against either

Debtor against any obligation payable to the applicable Debtor under any Specified

Assumed Trade; and it is further

ORDERED that settlement of all Specified Assumed Trades shall include

all appropriate, usual and customary settlement adjustments; and it is further

ORDERED that the Debtors are authorized to execute and deliver all

instruments and documents, and take such other actions as may be necessary or

appropriate to implement and effectuate the assumption of Open Trade Confirmations

with respect to any Specified Assumed Trades as provided in this Order; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed

good and sufficient notice of such Motion and that the requirements of Bankruptcy Rule

6006(a) and Local Rule 6006-1 are satisfied; and it is further

ORDERED that this Court retains jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.

Dated: January 16, 2009
     New York, New York

        */s/ James M. Peck*_____
        UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

**ASSUMED TRADES**

**LCPI**
**Assumed**

| Entity | Deal Name | Customer | B/S | TradeDate | CurrCode | Status |
|--------|-----------|----------|-----|-----------|----------|--------|
| LCPI | CAPMARK FINANCIAL (5-YEAR JAPANESE TERM) | KNIGHTHEAD MASTER FUND, LP | S | 9/3/2008 | USD | Assumed |
| LCPI | CAPMARK FINANCIAL (5-YEAR JAPANESE TERM) | KNIGHTHEAD MASTER FUND, LP | S | 9/10/2008 | USD | Assumed |
| LCPIUK | GIVAUDAN SA | DRESDNER BANK AG LONDON BRANCH | S | 9/4/2008 | USD | Assumed |