WEIL, GOTSHAL & MANGES LLP
Attorneys for Debtors
and Debtors in Possession
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Michael P. Kessler, Esq.

Counsel to Lehman Brothers Holdings, Inc., *et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
: 
In re: : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS, INC.,** *et al.,* : 08-13555 (JMP)
:
Debtor, : (Jointly Administered)
:
----------------------------------------------------------------x

**STIPULATION AND ORDER RESOLVING SUPERIOR PIPELINES'
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-captioned chapter 11 cases (collectively, with LBHI, the "Debtors") and Superior Pipelines, Inc. ("Superior"), by and through their undersigned counsel, hereby stipulate as follows:

**FACTUAL BACKGROUND**

A. Lehman Commercial Paper, Inc. ("LCPI") is the administrative agent and a participant lender with various other lenders under a first lien credit agreement between LBREP/L-SunCal Master I LLC ("SunCal"), as borrower (the "Credit Agreement") entered into on or about January 19, 2006.

B. SunCal's obligations under the Credit Agreement are guaranteed by LBREP/L-SunCal McAllister Ranch LLC, LBREP/L-SunCal McSweeny Farms LLC, and

LBREP/L-SunCal Summerwind Ranch LLC (collectively, the "Guarantors"), each of which is a wholly-owned subsidiary of SunCal.

C. To secure their obligations under the Credit Agreement, each of the Guarantors entered into, *inter alia*, a separate First Lien Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filings (collectively, the "Security Agreements") for the benefit of LCPI as administrative agent. LCPI alleges that the liens granted under the Security Agreements were properly perfected.

D. Superior alleges that, on or around December 2007, construction at McAllister Ranch was terminated by its owner. Superior, one of the contractors of a 2,070-acre master-planned community commonly known as McAllister Ranch (the "Property"), asserted mechanics' liens against the Property, and in April 2008 filed a complaint in the Superior Court of Kern County, located in Bakersfield, California against, among others, LCPI and SunCal for breach of its construction contract and damages of approximately $6,500,000 (the "Proceeding"). Thereafter, Superior sought a prejudgment writ of attachment and attached approximately $2,000,000 worth of property in which LCPI asserts a perfected security interest.

E. On September 10 and 11, 2008 (collectively, the "Involuntary Petition Dates"), the administrative agent under SunCal's second lien credit agreement, along with certain of SunCal's trade creditors, filed involuntary petitions against SunCal and each of the Guarantors in the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

F. On or about October 1, 2008, Superior removed the Proceeding to the United States Bankruptcy Court for the Eastern District of California.

G. On or about October 5, 2008, LCPI filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. LCPI's chapter 11 case is being jointly

administered with that of its debtor affiliates under the above-referenced case number.

H. On or about November 10, 2008, Superior filed the Motion pursuant to which it seeks relief from the automatic stay imposed in the Debtors' chapter 11 cases to allow it to file the First Amended Complaint (as defined below) and prosecute the causes of actions asserted therein.

NOW, THEREFORE, it is hereby stipulated and agreed by and among LCPI and Superior as follows:

1. Subject to the approval of the Court, the automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified solely to permit Superior to assert and prosecute its claims for relief against the Debtors to determine the nature, extent, validity, perfection, and priority of Superior's liens, if any, against the Property and personal property Superior asserts is subject to its attachment lien to the extent set forth in this Stipulation.

2. To the extent Superior seeks to pursue the claims against the Debtors specified in paragraph 1, above, Superior shall be permitted to (a) file the First Amended Complaint attached hereto as Exhibit "A" (as amended, the "First Amended Complaint"): (1) to assert and to prosecute against the Debtors only the claims set forth in the First Amended Complaint and (2) to seek to enjoin the Debtors and any third parties from using funds subject to Superior's asserted attachment lien and (b) prosecute the First Amended Complaint through to final judgment, including any appeals or writs associated therewith, without obtaining further relief from the automatic stay; provided, however, that, without further Order of the Court, Superior shall not be entitled to actually proceed to foreclosure of its asserted mechanic's lien or writ of attachment as against property against which Debtor's assert an interest. The relief provided for in this paragraph shall not be construed as precluding Superior from asserting and prosecuting any claims its deems appropriate against non-Debtor parties.

3. Except as set forth in paragraphs 1 and 2 above, and without broadening the scope of relief provided in those paragraphs, the stay relief agreed to herein does not extend to, and the Stipulation does not grant relief from the automatic stay with respect to, among other things, (i) any claims for equitable subordination (ii) claims seeking to invalidate (as opposed to determine the priority of) the Debtors' liens, or (iii) any additional claims for relief that may be asserted in the First Amended Complaint or any subsequently filed or amended complaint, including but not limited to, seeking money damages against any of the Debtors or the filing of a new complaint in the SunCal bankruptcy case, USBC Case Number 08-15588-ES (the "SunCal Bankruptcy Case") or in any other court, or the taking of any otherwise stayed action against LCPI outside the Proceeding, whether in the SunCal Bankruptcy Case or otherwise. Notwithstanding the immediately preceding sentence, Superior shall be entitled to seek transfer of the Proceeding to the SunCal Bankruptcy Case or the Debtors' above-captioned chapter 11 case if it so elects, and the Debtors shall be entitled to oppose such effort if they so elect.

4. Nothing in this Stipulation shall be construed as an admission of any of the Debtors with respect to the matters asserted in the First Amended Complaint as currently drafted or as subsequently revised, and the rights of Debtors with respect thereto are hereby expressly reserved. Additionally, it is acknowledged that Superior expressly reserves the right to seek further relief to assert additional claims against any Debtor, including but not limited to equitable subordination, invalidity of liens, and/or money damages, and the Debtors hereby reserve their rights to oppose such relief.

5. This Stipulation is subject to the approval of the Court and shall not become effective unless and until the Court enters an order approving this Stipulation.

6. The Court shall reserve all rights to interpret and enforce the terms of this Stipulation

| | |
|---|---|
| January \_\_\_\_, 2009 | January \_\_\_\_, 2009 |
| /s/_____ | /s/_____ |
| Michael P. Kessler, Esq. | T. Scott Belden, Esq. |
| WEIL, GOTSHAL & MANGES, LLP | Lisa Holder, Esq. |
| 767 Fifth Avenue | KLEIN, DENATALE, GOLDNER, COOPER, |
| New York, NY 10153-0019 | ROSENLIEB, & KIMBALL, LLP |
| Telephone: (212) 310-8000 | 4550 California Avenue, Second Floor |
| Facsimile: (212) 310-8007 | Bakersfield, CA 93309 |
| | Telephone: (661) 395-1000 |
| ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION | ATTORNEYS FOR SUPERIOR PIPELINES |

ORDER

The foregoing Stipulation is hereby APPROVED AND ALLOWED. PARAGRAPHS 1 THROUGH 6 OF THE STIPULATION are hereby incorporated in this Order as if set forth in full herein.

                                                     */s/ James M. Peck*_____
                                                   JAMES M. PECK
                                                   UNITED STATES BANKRUPTCY JUDGE

Dated: January 16, 2009
       New York, New York