UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
                Debtors.                  :    (Jointly Administered)
                                          :
---------------------------------------------------------------x
                                          :
                                          :
In re                                     :
                                          :
LEHMAN BROTHERS INC.,                     :    08-01420 (JMP) SIPA
                                          :
                Debtor.                   :
                                          :
---------------------------------------------------------------x
```

**STIPULATION AND AGREED ORDER
PROVIDING FOR LEHMAN BROTHERS INC.'S
ASSUMPTION AND ASSIGNMENT OF ADMINISTRATIVE
AGENCY AGREEMENTS TO LEHMAN COMMERCIAL PAPER INC.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Commercial Paper Inc. ("LCPI"), an indirect subsidiary of Lehman Brothers Holdings Inc. ("LBHI"), as debtor and debtor in possession, and Lehman Brothers Inc. ("LBI"), by and through James W. Giddens (the "SIPA Trustee"), as Trustee for the Securities Investor Protection Act ("SIPA") liquidation of the business of the LBI, hereby enter into this Stipulation and Agreed Order (this "Stipulation") and stipulate and agree, as follows:

**RECITALS**

A. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries, including LCPI, commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. LCPI is authorized to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. On September 19, 2008, a proceeding was commenced under SIPA with respect to LBI, and the SIPA Trustee was appointed under SIPA to administer LBI's estate Case No. 08-01420 (such proceeding, the "SIPA Proceeding").

C. LBI is party to that certain Administrative Agency Agreement, dated May 22, 2008 (the "SASCO 2008 Administrative Agency Agreement") between LBI, as Administrative Agent,[1] and SASCO 2008-C2, LLC ("SASCO 2008"). SASCO 2008 is a securitization issuer, and LCPI owns the preferred membership interests in SASCO 2008. LCPI also owns a beneficial interest in a portion of the notes issued by SASCO 2008. Pursuant to the Indenture, dated May 22, 2008, Wells Fargo Bank, National Association is the Trustee for SASCO 2008 (the "SASCO 2008 Trustee").

D. LBI is party to that certain Administrative Agency Agreement, dated July 25, 2008 (the "Verano CCS Administrative Agency Agreement") between LBI, as Administrative Agent, and Verano CCS, Ltd. ("Verano CCS"). Verano CCS is a securitization issuer, and LCPI owns a beneficial interest in the notes issued by Verano CCS. Pursuant to the Indenture, dated July 25, 2008, US Bank National Association ("US Bank") is the Trustee for Verano CCS (the "Verano CCS Trustee").

E. LBI is party to that certain Administrative Agency Agreement, dated May 28, 2008 (the "Pine CCS Administrative Agency Agreement") between LBI, as Administrative

---

[1] Capitalized terms used and not defined herein shall have the meaning ascribed to them in the Administrative Agency Agreement.

2

Agent, and Pine CCS, Ltd. ("Pine CCS").  Pine CCS is a securitization issuer, and LCPI owns a beneficial interest in a portion of the notes issued by Pine CCS.  Pursuant to the Indenture, dated May 28, 2008, US Bank is the Trustee for Pine CCS (the "Pine CCS Trustee").

        F.      LBI is party to that certain Administrative Agency Agreement, dated April 28, 2008 (the "Spruce CCS Administrative Agency Agreement," and, together with the SASCO 2008 Administrative Agency Agreement, the Verano CCS Administrative Agency Agreement, and the Pine CCS Administrative Agency Agreement, each an "Administrative Agency Agreement" and collectively the "Administrative Agency Agreements") between LBI, as Administrative Agent, and Spruce CCS, Ltd. ("Spruce CCS," and together with SASCO 2008, Verano CCS, and Pine CCS, the "Issuers").  Spruce CCS is is a securitization issuer, and LCPI owns a beneficial interest in the notes issued by Spruce CCS.  Pursuant to the Indenture, dated April 28, 2008, US Bank is the Trustee for Spruce CCS (the "Spruce CCS Trustee," and, collectively with the SASCO 2008 Trustee, the Verano CCS Trustee, and the Pine CCS Trustee, the "Trustees").

        G.      Consistent with the mandate of the SIPA Trustee to wind-down the affairs of LBI, the SIPA Trustee has determined to terminate its role as Administrative Agent under each Administrative Agency Agreement.  LCPI, however, would like to assume the role as Administrative Agent under the Administrative Agency Agreements, in order to maximize the value of LCPI's interest in the notes issued by the Issuers and its residual interest in SASCO 2008.  Consequently, rather than reject the Administrative Agency Agreements, LBI has agreed to assume each Administrative Agency Agreement and to assign all of its rights and delegate all of its obligations thereunder to LCPI.

H.  On October 29, 2008, LBI and LCPI (the "Parties") entered into an Assignment and Assumption Agreement with respect to the SASCO 2008 Administrative Agency Agreement, a copy of which is annexed hereto as Exhibit A, providing for LBI's assumption and assignment of the SASCO 2008 Administrative Agency Agreement to LCPI and setting forth the terms upon which the Parties have agreed to proceed.  The Parties entered into substantially similar Assignment and Assumption Agreements, copies of which are annexed hereto as Exhibit B, Exhibit C, and Exhibit D, with respect to the remaining Administrative Agency Agreements (collectively, the "Assignment and Assumption Agreements") on December 16, 2008.

I.  LBHI provided the Issuers and the Trustees with written notice of the proposed assumption and assignment, in a form substantially similar to that annexed hereto as Exhibit E.  Specifically, LBHI so notified SASCO 2008 and the SASCO 2008 Trustee on November 13, 2008, and the remaining Issuers and Trustees on December 16, 2008.

J.  LCPI and LBI have agreed as follows:

**AGREED ORDER**

IT IS HEREBY AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1.  LBI hereby assumes and assigns to LCPI, pursuant to section 365(a) of the Bankruptcy Code, all of LBI's rights under each Administrative Agency Agreement and transfers and delegates to LCPI all of LBI's obligations under each Administrative Agency Agreement.  LCPI hereby acquires all of LBI's rights and assumes all of LBIs obligations under each Administrative Agency Agreement existing from and prior to the effective date of the

4

applicable Assignment and Assumption Agreement (the "Effective Date"). Such assumptions and assignments shall take effect retroactively, *nunc pro tunc* to the applicable Effective Date.

2. LCPI shall pay any cure costs that may be approved by this Court in connection with the assumption of the Administrative Agency Agreements.

3. The SIPA Trustee and the LBI estate shall continue to be entitled to receive amounts, if any, that were due under the Administrative Agency Agreements prior to the applicable Effective Date of the Assignment and Assumption Agreements.

4. The SIPA Trustee and the LBI estate shall be relieved of any liability resulting from any breach of the Administrative Agency Agreements subsequent to the Effective Dates of the Assignment and Assumption Agreements.

5. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

6. Each person who executes this Stipulation on behalf of a party hereto represents that he is duly authorized to execute this Stipulation on behalf of such party.

7. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or mail, although it is the parties' intention to deliver original signatures after delivery of facsimile signatures.

8. If this Stipulation is not approved by the Bankruptcy Court, in both LCPI's chapter 11 case and LBI's SIPA Proceeding, this Stipulation shall be deemed null and void and shall not be referred to or used for any purpose by any of the parties hereto or any of the other parties in LCPI's chapter 11 case or in LBI's SIPA Proceeding. In addition, if this Stipulation is not approved by the Bankruptcy Court, in both LCPI's chapter 11 case and LBI's SIPA Proceeding, each Assignment and Assumption Agreement shall be deemed null and void.

Dated: December 23, 2008
New York, New York

**HUGHES HUBBARD & REED LLP**                **WEIL, GOTSHAL & MANGES LLP**


/s/ Daniel S. Lubell                         /s/ Jacqueline Marcus
James B. Kobak, Jr.                          Jacqueline Marcus
David W. Wiltenburg
Daniel S. Lubell                             767 Fifth Avenue
Christopher K. Kiplok                        New York, New York 10153
Jeffrey S. Margolin                          Telephone: (212) 310-8000
                                             Facsimile: (212) 310-8007
One Battery Park Plaza
New York, New York 10004                     Attorneys for Debtors
Telephone: (212) 837-6000                    and Debtors in Possession
Facsimile: (212) 4224726

Attorneys for James W. Giddens, Esq.,
as Trustee for the SIPA Liquidation of
the Business of Lehman Brothers Inc.


Dated: January 16, 2009
       New York, New York

                                             */s/ James M. Peck*
                                             UNITED STATES BANKRUPTCY JUDGE

6