# Exhibit A

**SASCO 2008-C2 LLC--Assignment and Assumption Agreement**

EXECUTION COPY

## ASSIGNMENT AND ASSUMPTION AGREEMENT
## WITH RESPECT TO ADMINISTRATIVE AGENCY AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Agreement") is made as of October 29, 2008 between Lehman Brothers Inc., a Delaware corporation ("Assignor"), and Lehman Commercial Paper Inc., a Delaware limited liability company ("Assignee"), and is related to the Administrative Agency Agreement (as defined below).

WHEREAS, Assignor entered into an Administrative Agency Agreement, dated May 22, 2008 (the "Administrative Agency Agreement"), between the Assignor, as Administrative Agent and SASCO 2008-C2, LLC ("SASCO");

WHEREAS, On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 with respect to Lehman Brothers, Inc. and James W. Giddens was appointed as Trustee for the liquidation of the business of Lehman Brothers Inc.;

WHEREAS, Assignor desires to assign all of its rights and delegate all of its obligations under the Administrative Agency Agreement to Assignee pursuant to Section 8 of the Administrative Agency Agreement;

WHEREAS, immediately prior to such assignment and assumption, the Administration Agent gave the Issuer and the Trustee the written notice thereof contemplated by the third paragraph of Section 8 of the Administrative Agency Agreement (a copy of such notice (along with evidence of delivery thereof) is attached hereto as Exhibit A); and

WHEREAS, for purposes of the Administrative Agency Agreement, the Assignee is an Affiliate of the Assignor which (a) is able to professionally and competently perform duties similar to those imposed upon the Administrative Agent under the Administrative Agency Agreement, (b) is legally qualified and has the capacity to act as Administrative Agent under the Administrative Agency Agreement; (c) employs principal personnel performing the duties required under the Administrative Agency Agreement who are among the same individuals who would have performed such duties had the assignment not occurred; and (d) intends to comply with the Administrative Agency Agreement.

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the parties hereby agree as follows:

1.  Definitions. All capitalized terms used herein and not defined shall have the respective meanings set forth in the Administrative Agency Agreement.

2. <u>Assignment and Assumption of Interest</u>. Pursuant to Section 8 of the Administrative Agency Agreement, Assignor hereby assigns, transfers and delivers to Assignee all of Assignor's rights and assigns, transfers and delegates to Assignee all of Assignor's obligations under the Administrative Agency Agreement, and Assignee hereby acquires all of Assignor's rights and assumes all of Assignor's obligations under the Administrative Agency Agreement existing from and prior to the date hereof.

3. <u>Representations</u>. The Assignee hereby represents and warrants to the Assignor and the Trustee, for the benefit of the Secured Parties, as of the date hereof that:

(a) it is a corporation duly organized under the laws of Delaware;

(b) it has full power, authority and legal right to execute, deliver and perform this Agreement and intends to comply with the terms of the Administrative Agency Agreement;

(c) it has duly authorized, executed and delivered this Agreement and this Agreement constitutes the legal, valid, binding agreement of Assignee, enforceable in accordance with its terms, except as such enforcement may be limited by bankruptcy, insolvency, reorganization, liquidation, receivership, moratorium and other law's relating to or affecting the enforcement of creditors' rights generally and by general principles of equity (regardless of whether such enforcement is considered in a proceeding in equity or at law);

(d) no consent of any other Person and no consent, license, approval, or authorization of, or exemption by, or registration or declaration or filing with, any governmental authority, bureau or agency is required in connection with the execution, delivery or performance by it of this Agreement or consummation by it of the transactions contemplated by this Agreement;

(e) it is able to professionally and competently perform duties similar to those imposed upon the Administrative Agent under the Administrative Agency Agreement;

(f) it legally qualified and has the capacity to act as Administrative Agent under the Administrative Agency Agreement; and

(g) it employs principal personnel performing the duties required under the Administrative Agency Agreement who are among the same individuals who would have performed such duties had the assignment not occurred.

In addition, the Assignee hereby remakes each of the representations and warranties of the Administrative Agent contained in Section 7 of the Administrative Agency Agreement; <u>provided</u> that the representation and warranty made in clause (vi) of

Section 7 is not remade with respect to clause (d) of Section 10 of the Administrative Agency Agreement.

4. <u>Effectiveness of this Agreement</u>. This Agreement will become effective immediately subsequent to the execution and delivery of this Agreement by the parties hereto.

5. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflict of laws.

6. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, each of which shall constitute an original and all of which, when taken together shall constitute, one and the same agreement.

7. <u>Modification</u>. This Agreement may not be modified, supplemented, altered or otherwise amended without the satisfaction of the Rating Agency Condition.

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as of the day and year first above written.

        LEHMAN BROTHERS INC.

By:    James W. Giddens, as trustee for the liquidation of the business of Lehman Brothers Inc.

By:    Hughes Hubbard & Reed LLP, his attorneys

By: _____
Name: *[signature]*
Title: *[signature]*

LEHMAN BROTHERS COMMERCIAL PAPER INC.

By:_____
Name:
Title:

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as of the day and year first above written.

LEHMAN BROTHERS INC.

By: James W. Giddens, as trustee for the liquidation of the business of Lehman Brothers Inc.

By: Hughes Hubbard & Reed LLP, his attorneys

By: _____
Name:
Title:

LEHMAN BROTHERS COMMERCIAL PAPER INC.

By: _____
Name: Jeff Fitt
Title: Duly Authorized Signatory

# EXHIBIT A

## FORM OF ASSIGNMENT NOTICE

October __, 2008

| Wells Fargo Bank, National Association<br>9062 Old Annapolis Road<br>Columbia, Maryland 21045<br>Attention: Corporate Trust Services | SASCO 2008-C2, LLC<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801 |
|---|---|
| | |

Re:  Administrative Agency Agreement, dated May 22, 2008 (the "Administrative Agency Agreement"), among SASCO 2008-C2, LLC (the "Issuer") and Lehman Brothers Inc. ("LBI")

Pursuant to Section 8 of the Administrative Agency Agreement, LBI, as administrative agent, hereby gives notice to the Wells Fargo Bank, National Association that it has assigned its rights thereunder to Lehman Commercial Paper Inc. ("LCPI") pursuant to the Assignment and Assumption Agreement, dated October 30, 2008 between LBI and LCPI.

NY2:\1930453\07\15DJP07!.DOC\58399.0003

                         LEHMAN BROTHERS INC.

By:    James W. Giddens, as trustee for the liquidation of the business of Lehman Brothers Inc.

By:    Hughes Hubbard & Reed LLP, his attorneys


By:_____
Name:
Title