Nehm & Collegen
Grafenberger Allee 277-287 · Eingang C · 40237 Düsseldorf · www.nehm-coll.de
Tel +49 211 626896 · Fax +49 211 622518 · info@nehm-coll.de
Hilmar Nehm · Fachanwalt für Steuerrecht · vereidigter Buchprüfer
Dr. jur. Thomas Knaak · Cónsul a.h.
Ignacio Ordejón Zuckermaier

**.nehm-coll.**

Rechtsanwälte
Nehm Knaak Ordejón

Clerk of the United States
Bankruptcy Court, S.D.N.Y.
One Bowling Green
New York, New York 10004
U.S.A.



07.01.2009
TK/00539/02/os

**Chapter 11 Case No. 08-13555 (JMP) Lehman Brothers Holdings Inc. et al.**

Dear Sirs:

We make reference to the notice of Chapter 11 Bankruptcy Case dated December 16, 2008.

Among the list of debtors we find the company Lehman Brothers Commercial Corporation without any further information. We send you a copy of the provisional liquidators appointed with regard to the bankruptcy proceedings filed with the High Court of Hong Kong, companies winding up proceedings no. 441/2008 regarding the company **Lehman Brothers Commercial Corporation Asia Ltd.** (Annex).

C:\Temp\MRG2A.DOC

- 2 -

We would be grateful, if you can confirm or not whether the notice of Chapter 11 Bankruptcy Case No. 08-13555 (JMP) includes any proceedings against the debtor Lehman Brothers Commercial Corporation Asia Ltd., which seems to be a legal entity other than the company Lehman Brothers Commercial Corporation.

In the event that you are not representing bankruptcy proceedings with regard to the company Lehman Brothers Commercial Corporation Asia Ltd., please be so kind as to confirm this also to us.

Best regards,

Dr. Knaak

Lawyer


Annex



HCCW 441/2008

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
COMPANIES (WINDING-UP) PROCEEDINGS NO 441 OF 2008



IN THE MATTER OF LEHMAN
BROTHERS COMMERCIAL
CORPORATION ASIA LIMITED

and

IN THE MATTER of the Companies
Ordinance (Cap 32)

1 9 SEP 2008

**BEFORE THE HONOURABLE MR JUSTICE BARMA IN CHAMBERS
(NOT OPEN TO PUBLIC)**

**ORDER**

UPON THE EX PARTE APPLICATION of CITIBANK, N.A. HONG KONG BRANCH (the "**Petitioner**"), whose registered office is situated at 8900 Paradise Road, Suite 127, Las Vegas, Nevada, NV89169, United States of America, on 19th September 2008

AND UPON HEARING Counsel for the Petitioner, Counsel for Lehman Brothers Commercial Corporation Asia Limited ("**Company**") and the Official Receiver

AND UPON READING the Petition of the Petitioner presented on 19th September 2008, the Affidavit of Simon Charles Copley dated 19th September 2008, the Affidavit John Alexander Cossart dated 19th September 2008 and the exhibits respectively referred to in such Affidavits filed by the Petitioner; and the Affirmation of Sarah Rose Bower dated 19th September 2008 and the exhibits referred to in such Affirmation filed by the Company

AND UPON READING the Affidavits of Fitness filed herein by the Company

AND UPON THE COMPANY by its solicitors undertaking:

(1)    To notify as soon as practicable the Registrar of Companies of the appointment of the Provisional Liquidators hereunder; and

(2) To serve as soon as practicable a copy of the Petition and this Order on the Official Receiver.

(3) To pay the Official Receiver forthwith the deposit under Rule 28(1A) of the Companies (Winding-Up) Rules (Cap 32H).

IT IS ORDERED THAT:

1. Pursuant to Section 193 of the Companies Ordinance (Cap 32) ("**Ordinance**"), Paul Jeremy Brough (HKID No. L000001(1)), Edward Simon Middleton (HKID NO. P191008(A)) and Patrick Cowley (HKID NO. P634076(1)), all of KPMG, Certified Practising Accountants of 8th Floor, Prince's Building, 10 Chater Road, Central, Hong Kong be appointed as joint and several provisional liquidators ("**Provisional Liquidators**") of the Company until further Order.

2. The Provisional Liquidators do as soon as practicable furnish to the satisfaction of the Official Receiver a bank or insurance company bond or guarantee.

3. The powers of the Provisional Liquidators be exercised jointly and severally and be limited and restricted to the following:

    (1) To enter upon or take possession of the property of the Company, without limitation, any premises of the Company, or any office where the Provisional Liquidators have reason to believe that there are assets, property or books and records of the Company, and if necessary by force, to change locks and open safes and other strongboxes.

    (2) To ascertain, take possession of, collect, give valid receipt for, and protect all books, documents, records, properties, things in action, securities and other assets of the Company, whether within or outside the jurisdiction of this Court (collectively "**Assets**"), including but without prejudice to the generality of the foregoing powers to demand and receive all debts due or which may fall due to the Company;

    (3) To preserve the Assets, and to carry on the business of the Company so far as may be necessary for the beneficial winding up of the Company until further order and for this purpose to pay or authorise payments of any moneys in the ordinary course of the business of the Company out of monies in the existing bank account or accounts of the Company or bank account or accounts opened or maintained by the Provisional Liquidators as hereinafter provided.

(4) Without prejudice to the generality of the foregoing and for the avoidance of doubt, to carry on the business of the Company shall include to engage in and carry on the business of brokers and dealers (whether as principal, agent or trustee) in all kinds of securities or commodities (including financial commodities and contracts (including all products on the financial commodities futures exchange) for future delivery thereof) in Hong Kong and elsewhere and, whether or not in connection therewith, to purchase, borrow, acquire, hold, exchange, otherwise dispose of, or import or export or turn to account in any manner and generally to deal in and enter into all kinds of transactions in all kinds of securities, commodities, products, merchandise, articles of commerce, materials and property and any interest therein, and hedging or derivative contracts in connection with, instruments evidencing rights to acquire such interest, to guarantee and to provide collateral for obligations relating to, transactions made on any board of trade, securities or commodities exchange or similar institution, and to do any and all things which may be useful in connection with or incidental to the conduct of such business;

(5) To terminate, complete or perfect any contracts or transactions relating to the business of the Company including, without prejudice to the generality of this power, to novate or assign any such contracts of transactions.

(6) To close or cease to operate all or any part of the Company's business operations as the Provisional Liquidators shall think fit, but so far only as may be necessary for the purpose of protecting the Assets, and managing the affairs of the Company;

(7) To bring or defend any action or other proceedings (whether court proceedings, arbitration or otherwise) or to take any steps in existing actions or proceedings, whether within or outside of the jurisdiction, in the name of and on behalf of the Company or to take such other action as may be considered by the Provisional Liquidators to be necessary for the protection of the Assets with the sanction of the Court, save where it is not practicable to obtain such sanction prior to the taking of such steps, the Provisional Liquidators shall be at liberty to take such steps on condition that they bring the matter before the Court and obtain the sanction of the Court as soon as reasonably practicable thereafter;

(8) To ascertain and conduct investigations of the affairs of the Company, including without prejudice to the generality of the foregoing, the power

to inspect, review, secure, take possession of and copy all books, records, and documents of the Company, located at the offices of the Company, its accountants, auditors or other advisors or agents, or any other person, whether in Hong Kong or overseas.

(9) To demand and receive all the debts due or which may fall due to the Company;

(10) To open, maintain or operate a bank account or accounts and to pay all monies received on behalf of the Company into such account or accounts and, in so far as the Provisional Liquidators may deem desirable or necessary, cause monies in the bank accounts of the Company to be paid into such account or accounts and to draw on such account or accounts for any of the purposes specified in this Order;

(11) To surrender any premises presently leased by the Company to the landlords and to enter into leases for premises for the purpose of storing any property, equipment and motor vehicles belonging to the Company on such terms as the Provisional Liquidators may see fit.

(12) To licence, transfer, assign or sell by public auction or tender or, whenever found necessary, by private treaty, and to deal with, distribute, sell, realize or otherwise handle or dispose of all or any of the Assets (excluding securities or cash held by the Company on trust for its clients) without responsibility or liability for any loss or damage occasioned thereby or arising therefrom for the purposes of carrying on the business of brokers and dealers (whether as principal, agent or trustee) of securities and commodities or otherwise with the leave of this Court;

(13) Notwithstanding the exclusion referred to in paragraph (12) above concerning securities or cash held by the Company on trust for its clients, in respect of warrants held by the Company on behalf of clients, to exercise, sell, realise, deal with, distribute or otherwise handle or dispose of the same as the Provisional Liquidators think fit, including entering into and concluding negotiations on such terms as the Provisional Liquidators see fit regarding the sale or disposition of these warrants, but subject to the following in respect of any exercise, sale or realisation of warrants, provided that the Provisional Liquidators shall, in advance of the exercise of any such power, obtain instructions of the clients in respect of the warrants and exercise their powers accordingly;

(14) To formulate and carry out a restructuring of the business of the Company, or its subsidiaries, associated companies or other entities in which the Company holds an interest and to enter into settlement, compromise or arrangement on the Company's behalf with the creditors of the Company (being any person with any claim, present or future, certain or contingent, ascertained or sounding only in damages against the Company), provided that any such settlement, compromise or arrangement shall not be binding on the Company's creditors unless and until approved by the Court;

(15) To, if necessary, repair, maintain and insure the Assets in such sum as the Provisional Liquidators may deem fit;

(16) To convene and hold meetings of the members or creditors of the Company, for such purposes as the Provisional Liquidators may think fit;

(17) To exercise the rights to which a registered holder of any shares or other securities registered in the name of the Company, or in the name of HKSCC Nominees Limited on behalf of the Company or to which an owner of any shares or securities held by or on behalf of the Company (whether as principal or as agent), is entitled including, but without prejudice to the generality of the foregoing power, the right to receive dividends and the benefits of other corporate actions in relation to such shares or other securities; the right to attend meetings and to exercise any voting power pertaining to such shares or other securities and to direct nominees of the Company in whose names shares or other securities beneficially owned by the Company are registered to exercise all or any such rights as the Provisional Liquidators shall direct;

(18) To take control of such of the subsidiaries of the Company, joint ventures, investment, associated companies, business or other entities in which the Company holds an interest (or such shares of such subsidiaries and/or associated companies as are owned (directly or indirectly) by the Company) as the Provisional Liquidators shall think fit and to call or cause to be called such meetings of such subsidiaries and/or associated companies (in accordance with the provisions of any relevant constitutional or related documentation of such companies) as the Provisional Liquidators shall consider necessary to appoint additional directors or terminate existing directors of the Boards of Directors of such subsidiaries and/or associated companies or to take such other action in relation to such subsidiaries or associated

companies as the Provisional Liquidators shall think fit for the purpose of protecting the Assets and managing the affairs of the Company.

(19) To change the situation of the Company's registered office as the Provisional Liquidators think fit.

(20) For any of the foregoing purposes:

    (a) To appoint and engage clerks, servants, employees, managers and agents including foreign agents upon such terms as to remuneration or otherwise and for such periods as the Provisional Liquidators may deem fit;

    (b) To incur and to defray out of the Assets such expenses, wages, salaries and fees as may be necessary therefor or incidental thereto;

    (c) To terminate the employment of any managers, clerks, servants, employees or agents of the Company and to close place or places of business as the Provisional Liquidators may deem fit.

    (d) To engage accountants, surveyors, attorneys, solicitors, barristers, financial advisers, stockbrokers and other agents as the Provisional Liquidators deem necessary whether in Hong Kong or elsewhere;

    (e) To form an informal committee of creditors of the Company to report and consult upon the progress of such a scheme at intervals to be agreed between the committee and the Provisional Liquidators, membership of that committee to include the Petitioner;

    (f) To draw, accept, make or endorse bills of exchange and other negotiable instruments in the name of and on behalf of the Company;

    (g) To do all things and enter into such commitments as the Provisional Liquidators consider may be necessary therefor or incidental thereto.

    (h) To do all acts and to execute, in the name and on behalf of the Company, all deeds, receipts and other documents and for such

        purposes, to use, when necessary, the seal of the Company or any subsidiaries.

4.    The Company and its directors do forthwith grant unrestricted access to the Provisional Liquidators to all the books, records and documents of the Company (whether in the form of hard copy or stored electronically) and caused to be delivered to the Provisional Liquidators as soon as practicable title deeds of all properties held by the Company and thereafter provide all assistance to the Provisional Liquidators and their staff as they may request from time to time.

5.    The directors of the Company to submit a statement of the Company's affairs to the Provisional Liquidators within 28 days from the date of this Order pursuant to Section 190 of the Ordinance.

6.    Subject to the approval of the Court, the remuneration of the Provisional Liquidators be charged on a time-costs basis and be paid out of the assets of the Company.

7.    The Provisional Liquidators, the Petitioner, Company, and the Official Receiver be at liberty to apply generally.

8.    The Company and any creditor of the Company be at liberty to apply for the discharge and/or variation of this Order on giving 3 days' prior written notice to the Provisional Liquidators and, in the case of an application by a creditor of the Company, 3 days' prior written notice also to the Company.

AND IT IS FURTHER ORDERED that the Petitioner do have its costs of this application to be taxed if not agreed and to be paid out of the assets of the Company.

The costs of the Official Receiver be assessed at HK$4,000 on a gross sum basis and be paid out of the assets of the Company.

Dated this 19th day of September 2008

                                                                   REGISTRAR

## NOTICE TO THE OFFICERS OF THE COMPANY

You are required to give the Provisional Liquidators all such documents and information concerning the Company and its promotion, formation, business, dealings, affairs or property as they may reasonably require and to attend on the Provisional Liquidators at such times as they may reasonably require.

HCCW 441/2008

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
COMPANIES (WINDING-UP) PROCEEDINGS NO 441 OF 2008

IN THE MATTER OF LEHMAN
BROTHERS COMMERCIAL
CORPORATION ASIA LIMITED

and

IN THE MATTER of the Companies
Ordinance (Cap 32)

---

**ORDER**

---

Filed on the 19th day of September 2008

**CLIFFORD CHANCE**
Solicitors for the Petitioner
28th Floor, Jardine House
One Connaught Place
Central
Hong Kong
Tel: 2825 8888
Fax: 2825 8800

Ref: SRB.NEW.DXW