UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : Jointly Administered
:
------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER (A) RESOLVING IN PART THE MOTION OF DNB NOR BANK ASA FOR ENTRY OF (I) AN ORDER PURSUANT TO 11 U.S.C. § 362(d) AND FED. R. BANKR. P. 4001 GRANTING RELIEF FROM THE AUTOMATIC STAY TO EFFECT SETOFF OR, IN THE ALTERNATIVE, (II) AN ORDER PURSUANT TO 11 U.S.C. §§ 361 AND 506(a) REQUIRING THE DEBTORS TO PROVIDE ADEQUATE PROTECTION AND (B) FIXING A SCHEDULE FOR SUPPLEMENTAL BRIEFING**

This stipulation and agreement (the "Stipulation and Agreement") is entered into by and between Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors and debtors in possession in the above-referenced chapter 11 cases (collectively, the "Debtors"), the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee"), and DnB NOR Bank ASA ("DnB NOR," and with the Debtors and the Committee, the "Parties").

RECITALS

**LBHI's Chapter 11 Case**

A. On September 15, 2008 (the "Commencement Date"), LBHI commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Periodically thereafter, certain of LBHI's subsidiaries also commenced voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter

11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 17, 2008, the United States Trustee for the Southern District of New York appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

**DnB NOR's Motion and the Debtors' Objections**

B.    On September 30, 2008, DnB NOR filed its Motion for Entry of (i) an Order Pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001 Granting Relief from the Automatic Stay to Effect Setoff or, in the Alternative, (ii) an Order Pursuant to 11 U.S.C. §§ 361 and 506(a) Requiring the Debtors to Provide Adequate Protection [Docket No. 465] (the "Motion").  By the Motion, DnB NOR sought an order lifting the automatic stay under section 362(a) of the Bankruptcy Code to permit DnB NOR to exercise its right of setoff against 106,178,587.92 Norwegian Kroner ("NOK") that was on deposit in the '268 Account (defined below) or, in the alternative, if the automatic stay is not lifted, requiring the Debtors to provide DnB NOR with adequate protection of its interest in the funds on deposit in the '268 Account.

C.    On November 3, 2008, the Debtors filed an objection to the Motion [Docket No. 1334 (as amended by Docket No. 1342)] (the "Initial Objection"), and the Committee filed a joinder to the Initial Objection [Docket No. 1336].  On December 2, 2008, the Debtors filed a supplemental objection to the Motion [Docket No. 1988] (the "Supplemental Objection").  By their Supplemental Objection, the Debtors requested, among

other things, that the Court grant the Motion in part to permit DnB NOR to setoff against 99,113,236.36 NOK (the "Undisputed Amount") and direct DnB NOR to transfer 7,065,351.56 NOK (the "Disputed Amount") and other funds remaining in the '268 Account upon the direction of LBHI.

   D. The Court held status conferences on the Motion on November 5, 2008 (the "November 5 Status Conference") and November 20, 2008 (the "November 20 Status Conference" and together with the November 5 Status Conference, the "Status Conferences").

**The December 3, 2008 Hearing**

   E. On December 3, 2008, the Court held a hearing on the Motion (the "Hearing").  DnB NOR, the Debtors, and the Committee appeared at the Hearing.

   F. At the Hearing, the Court instructed DnB, the Debtors, and the Committee to (i) memorialize the undisputed facts relating to the Motion, the Initial Objection, the Supplemental Objection, and the supplemental briefing, (ii) submit into evidence the various exhibits agreed to by DnB NOR, the Debtors, and the Committee in support of the Motion, the Initial Objection, Supplemental Objection, and the supplemental briefing, (iii) memorialize the agreement between DnB NOR and the Debtors providing for relief from the automatic stay to effect setoff against the Undisputed Amount in the '268 Account, and (iv) fix a schedule for the supplemental briefing to be filed with the Court regarding the disposition of the Disputed Amount.

   G. In light of the events described herein and to resolve DnB NOR's request in the Motion as it relates solely to the setoff of its claim under the Credit Agreement

against the Undisputed Amount, DnB NOR, the Debtors, and the Committee (collectively, the "Parties") agree to the terms of this Stipulation and Agreement.

## STIPULATION AND AGREEMENT

**NOW, THEREFORE**, **IT IS HEREBY STIPULATED AND AGREED** by and among DnB NOR, the Debtors, and the Committee, through their undersigned counsel, that:

**The Credit Facility and the '268 Account**

   1. Prior to the Commencement Date, on March 1, 2008, DnB NOR, as lender, and LBHI, as borrower, entered into a $25,000,000 Revolving Credit Facility, dated March 1, 2008 (the "Credit Facility"), a true and correct copy of which is attached hereto as Exhibit A. As of the Commencement Date, the amount of all obligations owed by LBHI under the Credit Facility was not less than the sum of the Undisputed Amount and the Disputed Amount, which in the aggregate is equal to 106,178,587.79 NOK.

   2. Prior to the Commencement Date, LBHI established and maintained the general deposit account number 7966.02.01268 at DnB NOR (the "'268 Account"). The '268 Account is in title of LBHI only. The '268 Account is denominated in NOK. A true and correct copy of the terms and conditions of the '268 Account is attached hereto as Exhibit B.

**The Transfer Instructions**

   3. Lehman Brothers Commercial Corporation ("LBCC") sent a transfer instruction (the "6.8M NOK Transfer Instruction") on September 12, 2008 at 5:03 p.m. (Greenwich Mean Time) ("GMT"), to debit LBCC's account at DnB NOR in the amount of 6,865,351.56 NOK and credit LHBI's '268 Account in the amount of 6,865,351.56 NOK on September 15, 2008. The 6.8M NOK Transfer Instruction is annexed hereto as Exhibit C.

4.     LBCC sent a transfer instruction (the "200,000 NOK Transfer Instruction" and together with the 6.8M NOK Transfer Instruction, the "Transfer Instructions") on September 12, 2008 at 5:06 p.m. GMT, to debit LBCC's account at DnB NOR in the amount of 200,000 NOK and credit LHBI's '268 Account in the amount of 200,000 NOK on September 15, 2008.  The 200,000 NOK Transfer Instruction is annexed hereto as Exhibit D.

**The Debits and Credits to the '268 Account**

5.     Attached hereto as Exhibit E is a transaction log (the "Transaction Log"), which sets forth the various withdrawals and deposits made to the '268 Account and the date and time such withdrawals and deposits were debited and credited to the '268 Account.  The row corresponding to the column marked Res. No. 060830 on the Transaction Log reflects that a transfer in the amount of 98,046,550 NOK was credited to the '268 Account on September 15, 2008 on or before 6:06 a.m. CEST, which equates to 12:06 a.m. Eastern Daylight Time ("EDT") on September 15, 2008 and was prior to the time LBHI commenced its chapter 11 case, at approximately 1:45 a.m. EDT.  The credit of 98,046,550 NOK to the '268 Account and the available balance of 1,221,285.28 NOK at the close of business in Norway on September 12, 2008 resulted in a total available balance in the '268 Account immediately prior to the commencement of LBHI's chapter 11 case of NOK 99,267,835.28.  The balance as of the close of business in Norway on September 12, 2008 is shown on the account statements, true and correct copies of which are annexed hereto as Exhibit F.

6.     The Transaction Log also reflects that five debits were made against the '268 Account.  The rows marked Res. No. 060832, Res. No. 535784, Res. No. 535850, Res.

No. 535890 and Res. No. 540311 on the Transaction Log correspond to transfers that reduced the available prepetition balance in the aggregate amount of 154,598.92 NOK. These debits reduced the prepetition balance available for setoff pursuant to section 553 of the Bankruptcy Code from 99,267,835.28 NOK to 99,113,236.36 NOK.

7.  The rows corresponding to the column marked Res. No. 541229 and Res No. 541340 of the Transaction Log reflect that the funds directed by the 6.8M NOK Transfer Instruction and the 200,000 NOK Transfer Instruction, respectively, in the aggregate amount of 7,065,351.56 NOK, i.e., the Disputed Amount, were credited to the '268 Account at 12:54 p.m. CEST, which equates to 6:54 a.m. EDT and was approximately five hours after the commencement of LBHI's chapter 11 case.

8.  The Transfer Instructions reflect that the account from which LBCC directed the transfer of the Disputed Amount was a separate account held in and credited to LBCC's name at DnB NOR (the "LBCC Account"), and after the transfer of the Disputed Amount, such funds were held in and credited to a separate account at DnB NOR, the '268 Account, which is in LBHI's name.

**The Evidentiary Record**

9.  For the sole purpose of the Court's determination whether (i) the Disputed Amount (7,065,351.56 NOK) is eligible for setoff pursuant to section 553 of the Bankruptcy Code and (ii) any subsequent claim asserted by DnB NOR in its Motion or any other pleading for adequate protection, DnB NOR, the Debtors, and the Committee agree that the facts set forth in paragraphs A through G and paragraphs 1 through 11 herein are not in dispute and may be used in support of the Motion, Objection, Supplemental Objection, the supplemental briefing to be filed with the Court with respect to the setoff against the

Disputed Amount, and any pleadings relating to DnB NOR's claim for adequate protection under the Motion or any other pleading (the "Undisputed Facts").

10. DnB NOR, the Debtors, and the Committee agree that the following exhibits:

- Exhibit A – Credit Facility
- Exhibit B - Terms and Conditions of the '268 Account
- Exhibit C - 6.8M NOK Transfer Instruction
- Exhibit D - 200,000 NOK Transfer Instruction
- Exhibit E - Transaction Log
- Exhibit F - Account Statement

are to be admitted into evidence and may be used in support of the Motion, the Initial Objection, Supplemental Objection, the supplemental briefing to the Court with respect to the setoff against the Disputed Amount, and any briefing to the Court relating to DnB NOR's claim for adequate protection in the Motion or any other pleading. Each of the foregoing exhibits are annexed hereto as Exhibits A – F (collectively, the "Exhibits").

11. DnB NOR, the Debtors, and the Committee agree that the Undisputed Facts, the Exhibits, and the transcripts from the Status Conferences and the Hearing (collectively, the "Record") constitute the entire factual record for the Motion, the Initial Objection, the Supplemental Objection, and the supplemental briefing relating to the setoff against the Disputed Amount and that such Record is closed.

**Limited Modification of the Automatic Stay**

12. Upon this Stipulation and Agreement being so ordered by the Court, pursuant to section 362(d) of the Bankruptcy Code, the automatic stay under section 362(a) of the Bankruptcy Code is modified for the limited purpose of permitting DnB NOR to setoff its claim under the Credit Agreement against the Undisputed Amount; *provided*, *however*, that the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date of LBHI's chapter 11 case from LBHI's estate and/or assets or property of LBHI (as defined in section 541 of the Bankruptcy Code) otherwise shall remain in full force and effect.

13. For the purposes of determining DnB NOR's deficiency claim, the Parties have agreed that the Undisputed Amount shall be converted at the rate of 6.7288 NOK per USD, which the Parties agree is the exchange rate as of November 5, 2008. The parties reserve any and all claims, counterclaims, rights, defenses, objections, and challenges with respect to such deficiency claim.

**Supplemental Briefing**

14. The Parties shall have until 4:00 p.m. EDT on the first business day that is no less than ten (10) days following the entry of this Stipulation and Agreement on the Court's docket (the "Briefing Deadline") to file with the Court and serve on one another any supplemental briefs concerning the disposition of the Disputed Amount (the "Supplemental Briefs").

15. Service of Supplemental Briefs shall be effective if and when transmitted by electronic mail prior to the Briefing Deadline to: (i) in the case of the Debtors, their counsel,

Weil, Gotshal & Manges LLP, to the attention of Richard P. Krasnow, Esq., richard.krasnow@weil.com, and John W. Lucas, Esq., john.lucas@weil.com; (ii) in the case of the Committee, its counsel, Milbank, Tweed, Hadley & McCloy LLP, to the attention of Dennis F. Dunne, Esq., ddunne@milbank.com, and Evan R. Fleck, Esq., efleck@milbank.com; and (iii) in the case of DnB NOR, its counsel, White & Case LLP, to the attention of J. Christopher Shore, Esq., cshore@whitecase.com, and Philip John Nichols, Esq., pnichols@whitecase.com.

**Miscellaneous Provisions**

16. This Stipulation and Agreement contains the entire agreement among the Parties relating to the subject matter hereof. Except as provided herein, this Stipulation and Agreement is without prejudice to (a) any assertion by DnB NOR that it is entitled to (i) set off additional amounts, including without limitation interest, fees, and charges, with respect to its claims, (ii) adequate protection in respect of the Undisputed Amount or the Disputed Amount, and (iii) any deficiency claim, and (b) any and all claims, counterclaims, rights, defenses, objections, and challenges that the Debtors and the Committee may have in respect of the foregoing.

17. This Stipulation and Agreement can only be amended or otherwise modified by a signed writing executed by the Parties.

18. The person who executes and delivers this Stipulation and Agreement by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation and Agreement on behalf of such Party.

19. This Stipulation and Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Agreement to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

20. This Stipulation and Agreement shall be governed by the laws of the State of New York, without regard to application of such State's conflict of law principles.

Dated: New York, New York
January 22, 2009

                      WEIL, GOTSHAL & MANGES LLP

                      By:  /s/ Richard P. Krasnow
                            Richard P. Krasnow
                            767 Fifth Avenue
                            New York, New York 10153
                            Telephone: (212) 310-8000
                            Facsimile: (212) 310-8007

                            Attorneys for the Debtors and
                            Debtors in Possession

Dated: New York, New York
January 22, 2009

                MILBANK, TWEED, HADLEY & McCLOY LLP

                By: /s/ Dennis F. Dunne
                     Dennis F. Dunne
                     Dennis C. O'Donnell
                     Evan R. Fleck
                     1 Chase Manhattan Plaza
                     New York, New York 10005
                     Telephone: (212) 530-5000
                     Facsimile: (212) 530-5219

                Attorneys for the Official Committee of
                Unsecured Creditors

Dated: New York, New York
January 22, 2009

                WHITE & CASE LLP

                By: /s/ Gerard Uzzi
                     Gerard Uzzi
                     J. Christopher Shore
                     1155 Avenue of the Americas
                     New York, New York 10036-2787
                     Telephone: (212) 819-8200
                     Facsimile: (212) 354-8113

                            - and -

                Wachovia Financial Center
                200 South Biscayne Blvd., Suite 4900
                Miami, Florida 33131
                Telephone: (305) 371-2700
                Facsimile: (305) 358-5744
                Thomas E Lauria (admitted pro hac vice)

                Attorneys for DnB NOR Bank ASA

SO ORDERED this 22nd day of January, 2009

*/s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE