WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

Jeff J. Friedman
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

-and-

John P. Sieger
Paige E. Barr
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
(312) 902-5200

Counsel for Corus Bank, N.A.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                                :
In re                                           :   Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :   08-13555 (JMP)
                                                :
                    Debtors.                    :   (Jointly Administered)
                                                :
                                                :
-------------------------------------------------------------------x
```

**STIPULATION AND AGREED ORDER RESOLVING MOTION OF CORUS BANK,
N.A. FOR (I) A DETERMINATION THAT THE AUTOMATIC STAY DOES NOT
<u>APPLY, OR ALTERNATIVELY, (II) RELIEF FROM THE AUTOMATIC STAY</u>**

Corus Bank, N.A. ("**Corus**") and Lehman Brothers Holdings Inc. ("**LBHI**"), by and

through their respective counsel, hereby enter into this Stipulation and Agreed Order to resolve the *Motion of Corus Bank, N.A. for (I) a Determination that the Automatic Stay does not Apply, or Alternatively, (II) Relief From the Automatic Stay* [Doc. No. 2342] ("**Motion**") and represent and agree as follows:

## RECITALS

A.  On September 15, 2008 and periodically thereafter (the "**Petition Date**"), LBHI and certain of its subsidiaries (collectively, the "**Debtors**") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code ("**Bankruptcy Code**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  Corus and Riverwalk Square Development, LLC ("**RSD**") are parties to that certain Construction Loan Agreement, dated January 3, 2006, and other loan documents (collectively, the "**Corus Loan Documents**"), pursuant to which Corus agreed to make a loan (the "**Corus Loan**") to RSD for the construction and development costs of RSD's "Safari Drive Condominiums" project (the "**Project**") on the terms and conditions set forth in the Corus Loan Documents. The Corus Loan is secured by, *inter alia*, a mortgage on the Real Property[1] owned by RSD.

C.  LBHI extended mezzanine financing on the Project (the "**LBHI Loan**"). The LBHI loan is secured by, *inter alia*, 100% of the direct and indirect membership interests in RSD of the Pledgors.

D.  Corus and LBHI are parties to a Subordination Agreement, dated January 3, 2006, pursuant to which all of LBHI's rights, title and interests in and to collateral under the LBHI

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Motion.

Loan are subordinate to all of Corus' rights, title and interest in and to collateral under the Corus Loan.

E. Corus asserts that subsequent to the Petition Date, RSD defaulted on the Corus Loan and, accordingly, Corus is entitled to and seeks to foreclose on its collateral.

F. Pursuant to the Subordination Agreement, Corus is required to provide LBHI copies of all notices of default under the Corus Loan and LBHI has the right (but no obligation) to cure any default by RSD.

G. On December 22, 2008, Corus filed the *Motion of Corus Bank, N.A. for (I) a Determination that the Automatic Stay does not Apply, or Alternatively, (II) Relief From the Automatic Stay.*

H. Although the Debtors' do not accept Corus' legal positions asserted in the Motion, in an effort to consensually resolve the Motion, the parties have agreed it is in their best interests to enter into this Stipulation and Agreed Order upon the terms and conditions herein.

I. Due and proper notice having been given of this Stipulation and Agreed Order to all parties in interest pursuant to Bankruptcy Rule 2002(a), and an opportunity to object having been provided to the same, and no such objections having been received:

**IT IS HEREBY STIPULATED, AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. The Motion is resolved as set forth herein.

2. The recitals set forth above are incorporated as though fully set forth herein.

3. This Stipulation and Agreed Order are hereby approved without necessity or requirement of further proceedings or Court approval.

4. LBHI, through its officer(s), is hereby authorized to make, execute, file and

deliver such statements, instruments, and other documents and to take all other and further actions that may be required or necessary for the performance by LBHI of the terms of this Stipulation and Agreed Order, and each of the parties are hereby authorized to file, register or otherwise record a copy of this Stipulation and Agreed Order.

5. The automatic stay extant pursuant to section 362(a) of the Bankruptcy Code (the "**Automatic Stay**") is hereby modified as follows:

(a) the Automatic Stay shall not be lifted or modified during the fourteen (14) day period commencing upon entry of this Order by the Court, and Corus agrees that during such time it will not foreclose any security instrument, take any action against any Guarantor, Equity Owner or Pledgor, or exercise any remedies that may adversely impact any collateral securing LBHI's Loan (the "**Forbearance Period**"); provided, however, that Corus may take such action as is reasonably required to protect the Project or Corus' lien during the Forbearance Period;

(b) upon the expiration of the Forbearance Period, the Automatic Stay is modified solely to the extent necessary to permit Corus to give all notices to the Debtors of the exercise by Corus of Corus' rights and Remedies against RSD, any Guarantor, Equity Owner or Pledgor under the Corus Loan Documents; provided, however, that upon the expiration of the Forbearance Period, Corus may exercise all of its rights under the Corus Loan Documents and applicable law, including foreclosure on the Real Property, as against third parties other than the Debtors, including RSD, any Guarantor, Equity Owner or Pledgor; provided, further, that upon the expiration of the Forbearance Period LBHI hereby waives its rights under the Subordination Agreement to notice and cure solely with respect to the Events of Default alleged to have occurred in Corus' Motion;

(c) other than as set forth in this paragraph, the Automatic Stay remains in full

force and effect including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Petition Date from the Debtors' estates and/or to exercise control over assets or property of the Debtors (as defined in section 541 of the Bankruptcy Code).

6.  This Stipulation and Agreed Order does not resolve whether the Automatic Stay is applicable to any of the actions or potential actions that may be taken by Corus as described in the Motion and both the Debtors' and Corus' rights with respect thereto are reserved.

7.  This Stipulation and Agreed Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, records of deeds, registrars of deeds, administrative agencies, governmental units, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, contract, or the duties of their officer to accept, acknowledge, assent or consent to, file, register, record or release any documents or instruments with respect to the Corus Collateral and the transactions effectuated in connection therewith under this Stipulation and Agreed Order.

8.  Except as expressly provided herein, nothing in this Stipulation and Agreed Order shall constitute or be construed as (a) an amendment to the Construction Loan Agreement or the Subordination Agreement or a waiver or forgiveness of the Events of Default or (b) an admission as to the validity of any claim of or against any party, or as a waiver of the rights of any party to dispute any claim.

9.  This Stipulation and Agreed Order is solely for the benefit of Corus and the Debtors and not for any other person or entity, including, but not limited to, RSD, any Equity Owner, Guarantor or Pledgor, and no such person or entity shall be entitled to the benefit of (or

be entitled to rely upon) this Stipulation and Agreed Order.

10. Each person who executes this Stipulation and Agreed Order on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation and Agreed Order on behalf of such party.

11. This Stipulation and Agreed Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

12. This Stipulation and Agreed Order can only be amended or otherwise modified by a signed writing executed by the parties hereto.

13. This Stipulation and Agreed Order shall be effective immediately upon its entry and the ten day stay of effectiveness of this Order under Fed. R. Bankr. P. 4001(a)(3) is waived.

14. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

Dated: January __, 2009
       New York, New York

| **KATTEN MUCHIN ROSENMAN LLP,** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| *Counsel for Corus Bank, N.A.* | *Attorneys for Debtors and Debtors-in-Possession* |
| /s/ Jeff J. Friedman | /s/ Harvey R. Miller |
| Jeff J. Friedman | Harvey R. Miller |
| 575 Madison Avenue | 767 Fifth Avenue |
| New York, New York 10022 | New York, New York 10153 |
| Telephone: (212) 940-8800 | Telephone: (212) 310-8000 |
| Facsimile: (212) 940-8776 | Facsimile: (212) 310-8007 |

-and-

John P. Sieger
Paige E. Barr
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
(312) 902-5200

SO ORDERED this 23rd day of January 2009 in New York, New York.

                                   */s/ James M. Peck*
                                   HONORABLE JAMES M. PECK
                                   UNITED STATES BANKRUPTCY JUDGE