Hearing Date: February 11, 2009, 10:00 a.m., prevailing Eastern Time
Objection Deadline: February 6, 2009, 4:00 p.m., prevailing Eastern Time

DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: 212.259.8000
Facsimile: 212.259.6333
Judy G.Z. Liu, Esq.
John F. Collins, Esq.
Leo V. Gagion, Esq.

Attorneys for 25 Broad, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x
                                                         :
**In re**                                                :   **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,**                       :   **08-13555 (JMP)**
*et al.*                                                 :
         **Debtors.**                                    :   **(Jointly Administered)**
                                                         :
-------------------------------------------------------- x

**NOTICE OF HEARING ON MOTION OF 25 BROAD, LLC FOR LEAVE TO CONDUCT
RULE 2004 DISCOVERY OF DEBTOR LEHMAN BROTHERS HOLDINGS INC.**

    **Please take notice** that a hearing is scheduled for February 11, 2009, at 10:00 a.m. (prevailing Eastern Time) before the Honorable James M. Peck, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 601 (or such other Courtroom as the Court may designate), 6th Floor, New York, New York, to consider the Motion of 25 Broad, LLC for Leave to Conduct Rule 2004 Discovery of Debtor Lehman Brothers Holdings Inc. (the "Motion").

    **Please take further notice** that objections, if any, to the Motion must be (i) filed electronically with the Court on the docket of *In re Lehman brothers Holdings Inc.*, Chapter 11 Case No. 08-13555 (JMP) in accordance with General Order M-242 (available at www.nysb.uscourts.gov/orders/orders2.html) by registered users of the Court's case filing system and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format, and (ii) be served upon (a) the

**Hearing Date: February 11, 2009, 10:00 a.m., prevailing Eastern Time**
**Objection Deadline: February 6, 2009, 4:00 p.m., prevailing Eastern Time**

chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (b) Dewey & LeBoeuf LLP, 1301 Avenue of the Americas, New York, New York 10019 (Attention: Judy G.Z. Liu, Esq., John F. Collins, Esq., Leo V. Gagion, Esq..), Attorneys for 25 Broad, LLC; (c) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attention: Harvey Miller, Esq., Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.), attorneys for the above-captioned debtors in possession; (d) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attention: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis); (e) Milbank, Tweed, Hadley, & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attention: Dennis F. Dunne, Esq., Luc Despins, Esq. and Dennis O'Donnell, Esq.), attorneys for the official committee of unsecured creditors appointed in these cases; (f) Cleary Gottlieb LLP, One Liberty Plaza, New York, New York 10006, (Attention: Lindsee P. Granfield, Esq. and Lisa Schweiger, Esq.) and Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004 (Attention: Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq.), attorneys for the Debtors' postpetition lenders, **so as to be received by February 6, 2009, by 4:00 p.m., prevailing Eastern Time**.

Dated: New York, NY
       January 23, 2009

DEWEY & LEBOEUF LLP

/s/ Judy G.Z. Liu, Esq.
Judy G.Z. Liu, Esq.
John F. Collins, Esq.
Leo V. Gagion, Esq.
1301 Avenue of the Americas
New York, New York 10019
Telephone: 212.259.8000
Facsimile: 212.259.6333

Attorneys for 25 Broad, LLC

2

Hearing Date: February 11, 2009, 10:00 a.m., prevailing Eastern Time
Objection Deadline: February 6, 2009, 4:00 p.m., prevailing Eastern Time

DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: 212.259.8000
Facsimile: 212.259.6333
Judy G. Z. Liu, Esq.
John F. Collins, Esq.
Leo V. Gagion, Esq.

Attorneys for 25 Broad, LLC

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
**In re**                                               :    **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,**                      :    **08-13555 (JMP)**
*et al.*,                                               :
        **Debtors.**                                    :    **(Jointly Administered)**
                                                        :
------------------------------------------------------- x

**MOTION OF 25 BROAD, LLC FOR LEAVE TO CONDUCT RULE 2004 DISCOVERY
OF DEBTOR LEHMAN BROTHERS HOLDINGS INC.**

25 Broad, LLC, by and through its undersigned counsel, hereby moves this Court pursuant to section 105(a) of chapter 11 of title 11, United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure, and respectfully represents:

**JURISDICTION AND VENUE**

1.    This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**PROCEDURAL BACKGROUND**

2.    On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. ("LBHI") commenced with this Court a voluntary case under chapter 11 of the Bankruptcy

08-13555-mg    Doc 2610    Filed 01/23/09    Entered 01/23/09 14:52:32    Main Document
Pg 4 of 12

Hearing Date: February 11, 2009, 10:00 a.m., prevailing Eastern Time
Objection Deadline: February 6, 2009, 4:00 p.m., prevailing Eastern Time

Code. Thereafter, several of its direct and indirect subsidiaries and affiliates also commenced cases under chapter 11. The Debtors continue to manage and operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

## FACTUAL BACKGROUND

3.    Movant 25 Broad, LLC is a limited liability real estate development company headquartered in New York, New York, and indirectly owned by Kent M. Swig.

4.    In 2005, 25 Broad, LLC acquired the property located at 25 Broad Street in New York, New York. The building located on that property (the "Exchange") was constructed in 1902. In 1997, the former owner performed extensive renovations, converting the Exchange to a residential building housing rental units.

5.    Since purchasing the building in 2005, 25 Broad, LLC and its agents have performed additional renovations (the "Project") aimed at converting the building's residential units into high-end condominium units. The Project entailed extensive renovations to the building requiring extensive approvals from government agencies. The Exchange is currently comprised of 306 such units as well as 30,000 square feet of prime office and retail space.

6.    In order to acquire the Exchange and facilitate the Project, 25 Broad, LLC sought and obtained financing in the form of a series of loans from LBHI in 2005. In September 2005, 25 Broad, LLC submitted to the New York State Department of Law (the "Attorney General's office") a condominium offering plan (the "Part 23 Plan") pursuant to Title 13, Part 23, of the New York Code of Rules and Regulations ("NYCRR"), which governs conversion of occupied residential property to condominium ownership. LBHI reviewed and consented to the Part 23 Plan.

2

08-13555-mg    Doc 2610    Filed 01/23/09    Entered 01/23/09 14:52:32    Main Document
Pg 5 of 12

**Hearing Date: February 11, 2009, 10:00 a.m., prevailing Eastern Time**
**Objection Deadline: February 6, 2009, 4:00 p.m., prevailing Eastern Time**

7. On August 25, 2006, the Part 23 Plan was accepted for filing by the Attorney General's office. This meant that 25 Broad, LLC could begin entering into purchase agreements with prospective purchasers.

8. In January 2007, 45 Broad, LLC, an affiliate of 25 Broad, LLC and also indirectly solely owned by Mr. Swig, purchased the property located at 45 Broad Street, which at its closest point is sixty feet away from the Exchange at 25 Broad Street. That purchase was also financed by LBHI.

9. Partly as a result of that acquisition, LBHI and 25 Broad, LLC entered into an Amended and Restated Loan Agreement ("Senior Loan") under which LBHI agreed to loan 25 Broad, LLC an aggregate principal amount of $231,677,693.00, a second Amended and Restated Loan Agreement ("Building Loan") under which LBHI agreed to loan 25 Broad, LLC an aggregate principal amount of $19,663,826.00 and a third Amended and Restated Loan Agreement ("Project Loan") under which LBHI agreed to loan 25 Broad, LLC an aggregate principal amount of $26,658,481.00. Additionally, four affiliates of 25 Broad LLC entered into four separate Mezzanine Loan Agreements of $25,000,000 each. These amended and restated loan agreements (together, "Amended Loan Agreements") were executed on March 9, 2007 and superseded and replaced the original loan agreements between the parties.

10. Contemporaneously with the execution of the Amended Loan Agreements, 25 Broad, LLC amended the Part 23 Plan to disclose potential future construction at 45 Broad Street.

11. Thereafter, in an effort to increase the value of 25 Broad Street and 45 Broad Street, Mr. Swig proposed that one section of the Exchange (the "South Wing") be demolished and its air rights transferred to the property at 45 Broad Street. This would increase the value of

3

the remaining 306 (out of 346) 25 Broad Street condominium units by providing them access to substantially more light and air (unblocked by the South Wing) while also enabling any building constructed at 45 Broad Street to rise substantially higher than it otherwise could have without the transferred air rights, greatly enhancing the value of that property and the Project.

12. LBHI originally conditioned its consent to the South Wing demolition on the procurement of approval for the demolition of the wing from the Landmarks Preservation Commission "LPC." 25 Broad, LLC obtained this approval in April 2007, but LBHI did not consent to the demolition.

13. During the spring and summer of 2007, 25 Broad, LLC continued selling units in the Exchange. By November 2007, 25 Broad, LLC had sold enough condominium units to submit an amendment to the Part 23 Plan declaring that plan effective (the "Part 23 Effectiveness Amendment"), a necessary step in forming a condominium. With LBHI's consent, 25 Broad, LLC submitted the Part 23 Effectiveness Amendment to the Attorney General.

14. Around this time, 25 Broad, LLC again sought LBHI's consent to demolish the South Wing. LBHI reiterated its refusal to consent to the South Wing demolition. Ultimately, to obtain LBHI's consent to the proposed demolition, the parties agreed that they would disclose the South Wing demolition as a supplement to the Part 23 Plan Effectiveness Amendment currently pending before the Attorney General.

15. The parties held extensive negotiations over the course of several months regarding the form and content of this disclosure. Eventually, the parties agreed to withdraw the Part 23 Plan entirely and substitute a new plan under Part 20 of Title 13 of the NYCRR (the "Part 20 Plan"), which governs newly constructed, vacant or non-residential condominiums. LBHI advised 25 Broad, LLC that it would consent to the South Wing demolition as long as it

4

08-13555-mg    Doc 2610    Filed 01/23/09    Entered 01/23/09 14:52:32    Main Document
Pg 7 of 12

**Hearing Date: February 11, 2009, 10:00 a.m., prevailing Eastern Time**
**Objection Deadline: February 6, 2009, 4:00 p.m., prevailing Eastern Time**

was disclosed in the new Part 20 Plan, which was submitted to the Attorney General in March 2008.

16. The Part 20 Plan was finally accepted by the Attorney General on June 10, 2008. Despite this acceptance, LBHI again refused to consent to the South Wing demolition project and raised a series of onerous and pretextual objections to the plan. In addition, LBHI continually set arbitrary and unrealistic deadlines and changed the structure and terms of the transaction. 25 Broad, LLC and its agents made good-faith efforts to address these purported concerns, but LBHI maintained its refusal to consent and continued offering additional objections even as 25 Broad, LLC was able to satisfy others.

17. At this time, LBHI also began insisting – for the first time – that 25 Broad, LLC enter into a "Loan Modification Agreement" materially altering – to 25 Broad, LLC's financial detriment – the terms of the Amended Loan Agreements. The Loan Modification Agreement also included a long list of conditions that could not realistically or reasonably be fulfilled by 25 Broad, LLC in the timetable LBHI demanded. Meanwhile, the South Wing demolition project remained stalled.

18. LBHI's purported rationale for proposing the Loan Modification Agreement was its assertion that 25 Broad, LLC was in technical default. Nevertheless, the terms LBHI insisted upon went far beyond the subject matter of that default and constituted a wholesale and material alteration of the parties' bargained-for agreements.

19. Negotiations over this Loan Modification Agreement dragged on through the summer of 2008 without result. From 25 Broad, LLC's perspective, LBHI had no good faith interest in a negotiated solution to the parties' disputes, and was unlikely to ever deliver its promised consent to the South Wing demolition.

5

08-13555-mg    Doc 2610    Filed 01/23/09    Entered 01/23/09 14:52:32    Main Document
Pg 8 of 12

**Hearing Date: February 11, 2009, 10:00 a.m., prevailing Eastern Time**
**Objection Deadline: February 6, 2009, 4:00 p.m., prevailing Eastern Time**

20. On September 13, 2008, LBHI sent 25 Broad, LLC a default letter; two days later, LBHI commenced its chapter 11 case. Negotiations over the Loan Modification Agreement ceased.

21. To date, Movant has suffered substantial harm as a result of the ongoing delays preventing completion of the Project. In particular, these delays have resulted in damages stemming from, among other things, purchasers' rescission of contracts, a decrease in the value of the Exchange, harm to Movant's reputation among the public and contractors and the filing of mechanics' liens against the property. These delays have also threatened the viability of the Project as a whole.

22. Since September 2008, the parties have communicated on several occasions in an effort to resolve the situation. As late as January 5, 2009, the parties held a meeting to discuss potential strategies for dealing with the Project. Then, on January 7th, counsel for LBHI sent to counsel for 25 Broad, LLC a series of letters reiterating the notice of default, acceleration and demand for payment. Further talks between the parties were inconclusive, and this Motion followed.

## RELIEF REQUESTED

23. Movant requests, pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 2004, an order authorizing and directing (i) LBHI to produce documents by LBHI relating to the 25 Broad Street and 45 Broad Street properties and their development by 25 Broad, LLC, Kent M. Swig and their affiliates, as further described in Exhibit A; and (ii) a Rule 30(b)(6) deposition of the LBHI representative most knowledgeable about the topics of examination contained in Exhibit B.

## ARGUMENT

24.     Bankruptcy Rule 2004(a) provides that "on motion of any party in interest, the court may order the examination of any person." Fed. R. Bankr. P. 2004(a). The scope of Rule 2004 is broad: examinations pursuant to the rule need only relate to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). The term "party in interest" is similarly broad, encompassing anyone with an interest in the administration of the estate. *See*, *e.g.*, *In re Johns-Manville Corp.*, 36 B.R. 743, 747-49 (Bankr. S.D.N.Y. 1984), *aff'd*, 52 B.R. 940 (S.D.N.Y. 1985) (holding that the term "party in interest" is to be construed liberally and includes potential future claimants); *see also 5 Collier on Bankruptcy*, ¶1109.02 at 1109-22-1109-23 (Lawrence P. King ed., 15th ed. 2000).

25.     Rule 2004 has been termed the "basic discovery device used [in] bankruptcy cases." *In re French*, 145 B.R. 991, 992 (Bankr. D. S.D. 1992). Discovery sought pursuant to Rule 2004 may consist of requests for the production of documents as well as deposition testimony. Fed. R. Bankr. P. 2004(c). The purpose of Rule 2004 is to allow parties in interest an opportunity to gather information regarding the conduct or actions of the debtor. Rule 2004 examinations are particularly valuable where there exists a suspicion of fraudulent conduct or other wrongdoing. *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); *see also In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708-09 (Bankr. S.D.N.Y. 1991).

26.     Discovery taken pursuant to Rule 2004 differs from discovery under the Federal Rules of Civil Procedure in two critical ways. First, Rule 2004 discovery is an investigatory tool undertaken pre-litigation. As such, it need not be tied to specific factual allegations at issue between parties to a dispute. *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997). In

7

08-13555-mg    Doc 2610    Filed 01/23/09    Entered 01/23/09 14:52:32    Main Document
Pg 10 of 12
**Hearing Date: February 11, 2009, 10:00 a.m., prevailing Eastern Time**
**Objection Deadline: February 6, 2009, 4:00 p.m., prevailing Eastern Time**

addition, Rule 2004 discovery is subject to fewer objections on relevance grounds than discovery issued under the Federal Rules.

27. Second, the scope of discovery under Rule 2004 is a good deal broader than discovery under the Federal Rules. *See*, *e.g.*, *In re Ecam Publications, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. at 711; *In re Corso*, 328 B.R. 375, 383 (Bankr. E.D.N.Y. 2005). One court has observed that Rule 2004 examinations may legitimately be termed "fishing expeditions." *See In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996).

28. Movant is entitled to a 2004 examination of LBHI regarding the 25 Broad Street and 45 Broad Street projects. Beginning in 2007, LBHI repeatedly refused to consent to undertakings – including the South Wing demolition – which were critical to the success of the Project. LBHI repeatedly cited seemingly pretextual concerns with the Project, and ignored 25 Broad, LLC's best efforts to address those concerns. Indeed, 25 Broad, LLC's final satisfaction of an endless stream of conditions precedent imposed by LBHI in exchange for its consent to the South Wing demolition was often met with the imposition of additional conditions LBHI required for consenting to various other aspects of the Project. LBHI's general non-responsiveness to inquiries and communications by 25 Broad, LLC and its affiliates also substantially delayed the Project's progress.

29. Even after 25 Broad, LLC substituted the Part 20 Plan (which disclosed in great detail the demolition of the South Wing) for the Part 23 Plan, LBHI single-handedly precluded any further development of the Project to proceed. Instead, LBHI insisted that 25 Broad, LLC

8

agree to a massive "Forbearance Agreement" which materially altered the terms of the deal between the parties in LBHI's favor.

30. Under Rule 2004, Movant is entitled to ascertain why LBHI has embarked on a deliberate course of conduct seemingly orchestrated to delay and obstruct completion of the Project as a prelude to LBHI's imminent threat of foreclosure. Discovery of the facts and circumstances surrounding LBHI's commercially unreasonable conduct may uncover claims for damages and injunctive relief. Movant is entitled to seek damages and injunctive relief under New York state common law. Movant's potential claims include, but are not limited to, fraud, breach of fiduciary duty, breach of the contractual duty of good faith and fair dealing, tortious interference with contract, and tortious interference with prospective economic advantage.

## WAIVER OF MEMORANDUM OF LAW

31. As there are no novel issues of law presented herein, 25 Broad, LLC respectfully requests that the Court waive the requirement that it file a memorandum of law in support of this Motion pursuant to Local Bankruptcy Rule 9013-1(b) and relies on the authority cited in the Motion.

## NO PRIOR REQUEST

32. No prior request for the relief sought herein has been made to this or any other court.

## CONCLUSION

For the reasons set forth above, Movant 25 Broad, LLC respectfully requests that

the Court grant this 2004 Motion in its entirety, as well as any further relief this Court deems fair and appropriate.

Dated:  January 23, 2009

Respectfully submitted,

By:     /s/ Judy G.Z. Liu, Esq.

Judy G.Z. Liu (JL 6449)
John F. Collins (JC 9324)
Leo V. Gagion (LG 3627)
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019-6092
Tel: 212-259-8000
Fax: 212-259-6333

Attorneys for 25 Broad, LLC