# **Exhibit A**

# REQUESTS FOR PRODCTION

## DEFINITIONS

1. As used herein, the terms "LBHI" or "you" shall refer to Lehman Brothers Holdings Inc. and its predecessors or successors in interest, direct or indirect subsidiaries, joint venture companies, divisions, directors, officers, employees, affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations, or any other person(s) acting on their behalf.

2. As used herein, the term "25 Broad LLC" shall refer to the limited liability company doing business as 25 Broad LLC and its predecessors or successors in interest, direct or indirect subsidiaries, joint venture companies, divisions, directors, officers, members, employees, affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations, or any other person(s) acting on their behalf.

3. As used herein, the term "45 Broad LLC" shall refer to the limited liability company doing business as 45 Broad LLC and its predecessors or successors in interest, direct or indirect subsidiaries, joint venture companies, divisions, directors, officers, members, employees, affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations, or any other person(s) acting on their behalf.

4. As used herein, the term "Movant" shall refer to 25 Broad LLC.

5. As used herein, "Swig Equities" shall refer to Swig Equities LLC, 25 Broad LLC, 25 Broad Mezz LLC, 25 Broad Mezz II LLC, 25 Broad Mezz III LLC, 25 Broad Mezz IV LLC, and their predecessors or successors in interest, direct or indirect

subsidiaries, joint venture companies, divisions, directors, officers, members, employees, affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations, or any other person(s) acting on their behalf.

6. As used herein, the term "25 Broad Street" shall refer to the property located at 25 Broad Street, New York, New York 10004, as well as any existing or proposed improvements to that property, including but not limited to any buildings, constructs, edifices or appurtenances located on that property.

7. As used herein, the term "45 Broad Street" shall refer to the property located at 45 Broad Street, New York, New York 10004, as well as any existing or proposed improvements to that property, including but not limited to any buildings, constructs, edifices or appurtenances located on that property.

8. As used herein, the term "Exchange" shall refer to the building currently located on the 25 Broad Street property.

9. As used herein, the term "Project" shall refer to the renovation of the Exchange into a residential condominium building, including but not limited to the conversion of former residential rental units into condo units as well as commercial and retail space.

10. As used herein, the term "South Wing demolition" shall refer to the planned demolition of a wing on the south side of the Exchange containing approximately 97,182.07 square feet of space in which there are thirty eight apartments.

11. As used herein, the term "Part 20 Plan" shall refer to the condominium offering plan for the Exchange at 25 Broad Street Condominium commencing June 10, 2008 and expiring on June 9, 2009, and any amendments thereto.

12. As used herein, the term "Part 23 Plan" shall refer to the condominium offering plan for the Exchange at 25 Broad Street Condominium commencing August 25, 2006 and withdrawn on **[date]**, and any amendments thereto.

13. As used herein, the term "Senior Loan" refers to the Amended and Restated Loan Agreement under which LBHI agreed to loan 25 Broad LLC an amount of $231,677,693.00.

14. As used herein, the term "Building Loan" refers to the second Amended and Restated Loan Agreement under which LBHI agreed to loan 25 Broad LLC an amount of $19,663,826.00.

15. As used herein, the term "Project Loan" refers to the third Amended and Restated Loan Agreement under which LBHI agreed to loan 25 Broad LLC an amount of $26,658,481.00.

16. As used herein, the term "Amended Loan Agreements" shall refer to the Amended and Restated Senior Loan Agreement, Project Loan Agreement and Building Loan Agreement executed on March 9, 2007, along with any and all supporting documents, including but not limited to any guaranties or indemnities.

17. As used herein, the term "Loan Modification Agreement" shall refer to the draft Loan Modification Agreement that was being negotiated between 25 Broad LLC and LBHI at the time of LBHI's bankruptcy filing.

18. As used herein, the term "document" is intended to have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure (made applicable in bankruptcy cases by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure) and includes, without limitation, any writings, drawings, graphs, charts,

photographs, phone records, electronic, recorded, digitally encoded, graphic, and/or other data compilations from which information can be obtained, translated if necessary, by the respondent through detection devices into reasonably usable form, or other information, including originals, translations and drafts thereof and all copies bearing notations and marks not found on the original. The term "document" includes, without limitation, affidavits, analyses, appointment books, appraisals, articles from publications, (whether in paper, database, electronic or other format(s)), calculations (whether in paper, database, electronic or other format(s)), books, books of account, statements, cables, calendars, charts, checks (cancelled or un-cancelled), check stubs, confirmations, contracts, correspondence, credit card receipts, desk calendars, desk pads, diaries, diskettes, drafts, estimates, evaluations, filings, financial statements, forms, invoices, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, partners' and employees' personnel files, partners' and employees' review check lists, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, copies of records and documents, and sheets or things similar to any of the foregoing however denominated. The term "document" further includes email and electronic communication whether stored on a personal computer, network computer system, backup computer tape and/or disk, or by some other storage mechanism. The term "document" further means any document now or at any time in the possession, custody, or control of the entity whom this document request is directed (together with any

predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof, including, but not limited to, work product contracted by you from professional firms.

19.     As used herein, the term "communication" refers to any transmission of information by one or more persons and/or between two or more persons by any means including, but not limited to, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, or facsimiles, electronic mail or other computer communications or linkups, written memoranda, and face-to-face conversations.

20.     As used herein, the term "person" refers to any natural person, firm, association, partnership, corporation, government agency or other organization or entity of any description. References to any person shall include the person and its predecessors or successors in interest, direct or indirect subsidiaries, divisions, joint venture companies, affiliates, officers, directors, employees, agents, attorneys or other representatives thereof.

21.     As used herein, the term "relating to" means having any relationship to, concerning, referring to, reflecting, describing, evidencing or constituting evidence of, in whole or in part.

22.     As used herein, the term "date" means the year, month, day and time, if known, or, if not, your best approximation thereof.

23. As used herein, the term "things" means any tangible object other than a document and includes objects of every kind and nature.

24. As used herein, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

A. The documents covered by this request include all documents in your possession, custody or control. Unless otherwise specified, each request herein seeks all documents generated by you during the period from January 1, 2007 through and including the date of production.

B. Each request for the production of documents shall be deemed to be continuing in nature. If at any time additional documents come into your possession, custody or control or are brought to your attention, prompt supplementation of your response to these requests is required.

C. You shall produce all documents in the manner in which they are maintained in the usual course of your business or you shall organize and label the documents to correspond with the categories in this request. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

D. If and to the extent documents are maintained in a database or other electronic format, you shall produce along with the document(s) software that will enable

access to the electronic document(s) or database as you would access such electronic document(s) or database in the ordinary course of your business.

E.  Documents shall be produced in such fashion as to identify the department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

F.  Any document withheld from production based on a claim of privilege or any similar claim shall be identified by (1) the type of document, (2) the general subject matter of the document, (3) the date of the document, and (4) such other information as is sufficient to identify the document including the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other. The nature of each claim of privilege shall be set forth.

G.  Documents attached to each other should not be separated.

H.  Documents not otherwise responsive to this request shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this discovery request.

I.  The fact that a document is produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

J.  In producing documents and other material, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants,

investigators, or by your attorneys or their agents, employees, representatives or investigators.

K. If you object to any part or any request, you shall state fully in writing the nature of the objection. Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the request to which you are not objecting.

L. Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation.

M. The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

N. The term "including" means "including without limitation."

# REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents and things relating to LBHI's decision to enter into the Amended Loan Agreements.

**REQUEST NO. 2:**

All documents and things relating to the proposed Loan Modification Agreement, including but not limited to documents regarding LBHI's decision to seek such an agreement and the negotiations over the potential terms of that agreement.

**REQUEST NO. 3:**

All documents and things relating to 25 Broad Street, including but not limited to documents and things relating to the Exchange, the Project and the South Wing demolition.

**REQUEST NO. 4:**

All documents and things relating to 45 Broad Street.

**REQUEST NO. 5:**

All communications relating to LBHI's strategy regarding 25 Broad Street and 45 Broad Street.

**REQUEST NO. 6:**

All documents and things relating to the withdrawal of the Part 23 Plan and subsequent substitution of the Part 20 Plan.