| | |
|---|---|
| Eduardo J. Glas, Esquire (# EG7027)<br>McCARTER & ENGLISH, LLP<br>245 Park Avenue<br>27th Floor<br>New York, New York  10167<br>(212) 609-6800 - Telephone<br>(212) 609-6921 - Facsimile<br>*Attorneys for Occidental Energy Marketing, Inc.*<br>*and Occidental Power Services, Inc.* | **Obj Date: January 23, 2009 at 4:00 pm**<br>**Hrg Date: January 28, 2009 at 10:00 am** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | : | |
|---|---|---|
| | : | Chapter 11 |
| In re: | : | |
| | : | Case Nos. 08-13555(JMP) |
| LEHMAN BROTHERS HOLDINGS INC., et. al., | : | (Jointly Administered) |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |

### OCCIDENTAL ENERGY MARKETING, INC. AND OCCIDENTAL POWER SERVICES, INC.'S JOINT OBJECTION TO DEBTORS' MOTION FOR AN ORDER APPROVING CONSENSUAL ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS [D.I. # 2561]

Occidental Energy Marketing, Inc. ("OEMI") and Occidental Power Services, Inc. ("OPSI" and jointly with OEMI, "Occidental"), by and through their undersigned counsel, hereby object to Debtors' Motion for an Order Approving Consensual Assumption and Assignment of Prepetition Derivative Contracts [D.I. # 2561] (the "Consensual Assignment Motion") and in support thereof states as follows:

### BACKGROUND

1.      OEMI and Lehman Brothers Commodity Services, Inc. ("LBCS") entered into a certain International Swap Dealers Association, Inc. ("ISDA") Master Agreement dated as of September 21, 2006.  Lehman Brothers Holdings Inc. was the Credit Support Provider for LBCS

1

under the OEMI Agreement. On October 10, 2008, OEMI cancelled and terminated all outstanding Transactions between OEMI and LBCS under the ISDA with an effective date of October 13, 2008. OEMI has been working informally with the Debtors to resolve any issues relating to the setoff of claims between the parties. To date, the parties have not resolved these issues.

2.    OPSI and LBCS also entered into a certain ISDA Master Agreement dated as of August 28, 2006. Lehman Brothers Holdings Inc. was the Credit Support Provider for LBCS under the OPSI Agreement. On September 17, 2008, OPSI cancelled and terminated all outstanding Transactions between OPSI and LBCS under the ISDA with an effective date of September 17, 2008. OPSI has been working informally with the Debtors to resolve any issues relating to the setoff of claims between the parties. To date, the parties have not resolved these issues.

3.    Debtors previously filed a Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts [D.I. # 1498] (the "Derivative Motion"). Occidental filed a Joinder to various Objections to the Derivative Motion, and that Joinder/Objection remains unresolved.

## THE CONSENSUAL ASSIGNMENT MOTION

4.    The Consensual Assignment Motion seeks advance permission for the Debtors to assume and assign derivative contracts without Court approval pursuant to a protocol (the "Committee Protocol") not yet in existence, so long as the assumption and assignment is either: "(a) in accordance with the terms of the Derivative Contracts or (b) with the consent of the Counterparty." Consensual Assignment Motion ¶ 10. Though the Consensual Assignment

2

Motion contemplates that such "consensual assignments" will be done pursuant to the Committee Protocol, the Debtors leave room for deviation from the Committee Protocol, seeking an "order approving the prospective assumption and assignment of Derivatives Contracts by the Debtors, subject to the Committee Protocol (*or with the prior consent of the Committee*)[.]" *Id*. (emphasis added). The Proposed Form of Order submitted by Debtors contains an analogous provision. Proposed Order, pg. 3 ("ORDERED that the Debtors, subject to the terms of the Protocols *or with the prior consent of the Committee*…") (emphasis added).

5. The Consensual Assignment Motion contains a troubling provision at footnote 1, in which the Debtors state:

> The Debtors reserve all rights with respect to any alleged termination of any Derivative Contract, including the rights to assert that a Counterparty who did not terminate promptly after the commencement of these cases waived the right to terminate on account of the Debtors' bankruptcies or financial condition and/or certain alleged terminations were not effective because they were not exercised in accordance with the applicable contractual provisions.

Consensual Assignment Motion, pg. 3 n. 1. A similar provision can be found in the Derivative Motion.

## OCCIDENTAL'S OBJECTION AND RESERVATION OF RIGHTS

6. Occidental Objects to the Consensual Assignment Motion on several bases set forth below.

7. Occidental validly terminated all Transactions with respect to the relationships between OEMI and OPSI and the Debtors pursuant to the terms of those Agreements. Debtors, however, have not confirmed the valid termination of the Occidental transactions and have vaguely reserved for themselves the right to challenge whether derivative contracts were validly terminated by counterparties generally.

3

8. The Debtors should not be permitted to seek prospective relief regarding derivative contracts when they will not put counterparties, such as Occidental, on notice of whether their Agreements are potentially affected, or whether the Debtors acknowledge the termination of all outstanding Transactions.

9. Accordingly, the Consensual Assignment Motion should be denied until such time as Debtors file a complete list of all prepetition derivative contracts and Transactions which are subject to potential assumption and assignment under the terms of the Motion. Counterparties need to know whether this Motion affects them, and are entitled to such advance notice in accordance with traditional notions of due process.

10. Additionally, the Consensual Assignment Motion contains terms which are wholly unfair to counterparties and cannot be justified.

11. For example, the Consensual Assignment Motion seeks prospective relief based on a Committee Protocol which has not yet been filed with the Court nor approved.. Debtors' Consensual Assignment Motion puts the "cart before the horse" -- the Debtors' Motion should be denied and revisited in conjunction with a motion to approve the Committee Protocol. This piecemeal approach is inefficient and does not fairly protect the interests of counterparties.

12. Moreover, the provision of the Consensual Assignment Motion and Proposed Order which permits Debtors to deviate from the Committee Protocol further highlights the need for the Committee Protocol to be submitted in conjunction with the Consensual Assignment Motion. The counterparties should at least have the opportunity to review the Committee Protocol in conjunction with the Consensual Assignment Motion to determine whether it is acceptable to permit the Debtors to deviate from the Committee Protocol, rather than having to make that determination blindly in advance.

ME1 8064515v.1

13. Finally, the Consensual Assignment Motion purports to permit the Debtors to do more than consensual assignment -- it permits Debtors to assign derivative contracts "in accordance with the terms of the Derivative Contracts," without the consent of the counterparty. Whether an assignment is in accordance with the terms of a derivative contract is a legal determination, and not one the Debtors can make unilaterally. Accordingly, this provision of the Consensual Assignment Motion should be struck, limiting the Debtors to truly consensual assignments. Section 365 of the Bankruptcy Code contemplates assumption and assignment under very particular circumstances, and the Debtor bears the burden of proof that these criteria are met. Unless an assumption and assignment is *truly* consensual, counterparties should retain their right to object to an assumption and assignment and seek judicial intervention. The Debtors' proposed motion attempts to circumvent the requirements of Section 365 of the Bankruptcy Code and to extinguish the counterparty's rights to object and be heard. In order to maintain and protect a counterparty's due process rights, it must be afforded an opportunity to object to the proposed assignment.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, Occidental respectfully requests the Court deny the Consensual Assignment Motion and request that the Court grant such other and further relief as deemed just and proper.

/s/ Eduardo J. Glas
Eduardo J. Glas, Esquire (# EG7027)
McCARTER & ENGLISH, LLP
245 Park Avenue
27th Floor
New York, New York  10167
(212) 609-6800 - Telephone
(212) 609-6921 - Facsimile
eglas@mccarter.com

and

Katharine L. Mayer, Esquire
McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19899
(302) 984-6300 - Telephone
(302) 984-6399 - Facsimile
kmayer@mccarter.com

*Attorneys for Occidental Energy Marketing, Inc.
and Occidental Power Supply, Inc.*

Dated: January 23, 2009

ME1 8064515v.1