**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq. (ME 0570)
S. Jason Teele, Esq. (ST 7390)
1251 Avenue of the Americas, 18th Floor
New York, New York 10022

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Counsel to First Choice Power, L.P., EnergyCo Marketing and Trading, and Reliant Energy Power Supply, LLC*

**IN THE UNITED STATES BANKRUPTCY**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al*., | Case No. 08-13555 (JMP) Jointly Administered |
| Debtors. | |

**JOINT OBJECTION OF FIRST CHOICE POWER, L.P., ENERGYCO MARKETING AND TRADING, AND RELIANT ENERGY POWER SUPPLY, LLC TO DEBTORS' MOTION FOR AN ORDER APPROVING THE CONSENSUAL ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS**

First Choice Power, L.P. ("FCP"), EnergyCo Marketing and Trading ("EnergyCo"), and Reliant Energy Power Supply, LLC ("Reliant"), by and through their undersigned counsel, submit this joint objection to the motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order approving the consensual assumption and assignment of prepetition derivatives contracts (Docket No. 2561) (the "Motion"). In support of this limited objection, FCP, EnergyCo and Reliant respectfully state:

**RELEVANT BACKGROUND**

**A.    Relevant Procedural Background.**

1.    On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings,

Inc. ("LBHI") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On and after the Petition Date, the other Debtors in these cases filed voluntary petitions for relief. The Debtors' chapter 11 cases are being jointly administered in this Court.

2.  The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to section 1107 and 1108(a) of the Bankruptcy Code.

3.  On September 17, 2008, the United States Trustee appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

**B.  FCP's Relationship With The Debtors.**

4.  FCP and Lehman Brothers Commodity Services Inc. ("LBCS") were parties to that certain International Swap Dealers Association, Inc. Master Agreement dated as of July 26, 2007 (the "FCP Master Agreement" and together with the attached Schedule (the "FCP Schedule") and Credit Support Annex (the "FCP Credit Support Annex") both dated as of July 26, 2007, collectively, the "FCP ISDA Agreement").

5.  By letter dated September 23, 2008, FCP, as the non-defaulting party under the FCP ISDA Agreement, informed LBCS that an Event of Default had occurred under the FCP ISDA Agreement and that as a result, FCP was designating September 24, 2008 as the Early Termination Date in respect of all outstanding Transactions (as defined in the FCP ISDA Agreement) under the FCP ISDA Agreement.

**C.  EnergyCo's Relationship With The Debtors.**

6.  EnergyCo and LBCS were parties to that certain International Swap Dealers Association, Inc. Master Agreement (the "EnergyCo Master Agreement") and Credit Support Annex (the "EnergyCo Credit Support Annex") both dated as of October 16, 2007, collectively the "EnergyCo ISDA Agreement").

7.  By letter dated September 25, 2008, EnergyCo, as the non-defaulting party under the EnergyCo ISDA Agreement, informed LBCS that an Event of Default had occurred

-2-

under the EnergyCo ISDA Agreement and that as a result, EnergyCo was designating September 25, 2008 as the Early Termination Date in respect of all outstanding Transactions (as defined in the EnergyCo ISDA Agreement) under the EnergyCo ISDA Agreement.

**D.    Reliant's Relationship With The Debtors.**

8.    Reliant and Eagle Energy Partners I, LLP ("Eagle") were parties to certain contracts (the "Reliant Derivative Contracts") which fall within the category of Derivative Contracts as defined in the Motion.

9.    By letter dated September 18, 2008, Reliant, as the non-defaulting party under the Reliant Derivative Contracts, informed LBCS and Eagle that an Event of Default had occurred under the Reliant Derivative Contracts and that as a result, Reliant was designating an Early Termination Date in respect of all outstanding Transactions under the Reliant Derivative Contracts.

**E.    The Motion.**

10.   Through the Motion, the Debtors seek an order granting them prospective authority to assume and assign Derivative Contracts without Court approval pursuant to a protocol (the "Protocol") that has not yet been created (or disclosed) as long as the assumption and assignment is either: "(a) in accordance with the terms of the Derivative Contracts or (b) with the consent of the Counterparty." *Motion* ¶ 10. In addition, the Motion provides that the Debtors may deviate from the Protocol if they have the consent of the creditors' committee to the assumption and assignment of any derivative contract. *Id*. Finally, in footnote 1 of the Motion the Debtors purport to reserve their rights with respect to any terminated derivative contract "including the rights to assert that a Counterparty who did not terminate promptly after the commencement of these cases waived the right to terminate on account of the Debtors' bankruptcies or financial condition and/or certain alleged terminations were not effective because they were not exercised in accordance with the applicable contractual provisions." Motion at footnote 1.

F.     **The Prior Derivatives Contract Motion.**

11.    On November 13, 2008, the Debtors filed a motion to establish procedures for the assumption and assignment of prepetition derivative contracts and the settlement of terminated derivative contracts as to which FCP, EnergyCo and/or Reliant is or may have been a counterparty. FCP, EnergyCo and Reliant each filed objections (collectively, the "Objections") to that motion. *See* Docket Nos. 1824 (FCP), 1826 (Reliant) and 1827 (EnergyCo). On December 16, 2008, the Court entered an order that, *inter alia*, established procedures that can be used by the Debtors to assume and assign derivatives contracts under certain circumstances. *See* Docket No. 2257. The Objections remain unresolved as to each of FCP, EnergyCo and Reliant who are Remaining Objectors (as defined in the December 16, 2008 Order), and that order (and the procedures approved therein) are inapplicable to FCP, EnergyCo and Reliant. A further hearing with respect to the Remaining Objectors is presently scheduled for March 25, 2009.

## **OBJECTION**

12.    FCP, EnergyCo and Reliant each validly terminated their Derivative Contracts with the Debtors pursuant to the terms of the FCP ISDA Agreement, EnergyCo ISDA Agreement and Reliant Derivative Contracts. FCP, EnergyCo and Reliant therefore object to the Motion inasmuch as the Debtors are seeking prospective relief regarding Derivative Contracts when they will not put counterparties, such as FCP, EnergyCo and Reliant, on notice of whether their agreements are potentially affected, or whether the Debtors acknowledge the termination of all outstanding transactions under those agreements. FCP, EnergyCo and Reliant need to know whether the Debtors are taking the position that the Motion is intended to or in fact does affect them, and they are entitled to such notice in accordance with traditional notions of due process.

13.    Accordingly, the Motion should be denied until the Debtors file a complete list of all prepetition Derivative Contracts and Transactions which are subject to potential assumption and assignment under the Motion.

14.    Finally, the Motion is unduly prejudicial to FCP, EnergyCo and Reliant because the Protocol has not been disclosed to them or, upon information and belief, the Court.

FCP, EnergyCo and Reliant should be afforded an opportunity to review and, to the extent necessary and appropriate, object to the Protocol before the Motion is approved.

**WHEREFORE**, FCP, EnergyCo and Reliant reserve all rights as set forth above and request that the Court deny the Motion and grant them such other and further relief as the Court deems just and proper.

Dated: January 23, 2009
      New York, New York

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

By: /s/ *Michael S. Etkin*
Michael S. Etkin, Esq. (ME 0570)
S. Jason Teele, Esq. (ST 7390)
1251 Avenue of the Americas, 18th Floor
New York, New York 10022

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Counsel to First Choice Power, L.P., EnergyCo Marketing and Trading, and Reliant Energy Power Supply, LLC*