Hearing Date: February 11, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: February 6, 2009 at 4:00 p.m. (Prevailing Eastern Time)

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

Proposed Attorneys for the Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                :
In re:                                          :    Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :    Case No. 08-13555 (JMP)
                                                :
             Debtors.                           :    (Jointly Administered)
------------------------------------------------------------------------x

**NOTICE OF HEARING ON APPLICATION OF THE EXAMINER FOR ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF JENNER & BLOCK LLP
AS HIS COUNSEL *NUNC PRO TUNC* AS OF JANUARY 19, 2009**

PLEASE TAKE NOTICE that a Hearing on the attached Application of the Examiner for

Order Authorizing the Retention and Employment of Jenner & Block LLP as His Counsel *Nunc*

*Pro Tunc* as of January 19, 2009 (the "Application"), all as more fully described in the

Application, will be held on **February 11, 2009 at 10:00 a.m. (Prevailing Eastern Time)**, or as

soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that the Hearing will be held before the Honorable

James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court,

Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck ("Chambers"), One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; (v) Cleary Gottlieb LLP, One Liberty Plaza, New York, NY 10006, Attn: Lindsee P. Granfield, Esq. and Lisa Schweiger, Esq., and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq., attorneys for the Debtors'

2

postpetition lenders; (vi) Jenner & Block LLP, 919 Third Avenue, 37th Floor, New York, New York 10022-3908 Attn: Patrick J. Trostle, proposed attorneys for the Examiner; and (vii) any person or entity with a particularized interest in the subject matter of the Application; so as to be received no later than **February 6, 2009, at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Application is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: January 23, 2009
New York, New York

                Respectfully submitted,

                By: */s/ Patrick J. Trostle*
                    Patrick J. Trostle

                JENNER & BLOCK LLP
                919 Third Avenue, 37th Floor
                New York, New York 10022-3908
                Telephone:  (212) 891-1600
                Facsimile:  (212) 891-1699

                330 North Wabash Avenue
                Chicago, Illinois 60611-7603
                Telephone:  (312) 222-9350
                Facsimile:  (312) 527-0484

                Proposed Attorneys for the Examiner

                **Hearing Date: February 11, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
                **Objection Deadline: February 6, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

ANTON R. VALUKAS
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484

919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | Case No. 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------------------------x

**APPLICATION OF THE EXAMINER FOR ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF JENNER & BLOCK LLP**
**AS HIS COUNSEL _NUNC PRO TUNC_ AS OF JANUARY 19, 2009**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

      Anton R. Valukas, the Examiner (the "Examiner") appointed for Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors (collectively, the "Debtors") in the above-

captioned bankruptcy cases (the "Chapter 11 Cases") by the United States Trustee for Region 2

(the "United States Trustee"), such appointment having been approved by the Court by Order

entered January 20, 2009, pursuant to the Court's Order Directing Appointment of an Examiner

Pursuant to Section 1104(c)(2) of the Bankruptcy Code, entered January 16, 2009 (the

"Examiner Order"), hereby applies to the Court (the "Application") for an order, substantially in

the form attached hereto as <u>Exhibit A</u>, pursuant to 11 U.S.C. §§ 105(a) and 327 and the authority of the Examiner Order, authorizing the retention and employment of Jenner & Block LLP ("<u>Jenner & Block</u>" or the "<u>Firm</u>"), *nunc pro tunc*, as of January 19, 2009, as his legal counsel in the Chapter 11 Cases.  In support of this Application, the Examiner relies upon the Declaration of Patrick J. Trostle (the "<u>Trostle Declaration</u>") attached hereto as <u>Exhibit B</u> and incorporated herein by reference, and respectfully represents as follows:

### Jurisdiction, Venue and Statutory Predicates

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested herein are sections 105(a) and 327 of Chapter 11, Title 11, United States Code, as amended (the "<u>Bankruptcy Code</u>") and the Examiner Order, which provides, in relevant part, that "[t]he Examiner may retain attorneys and any professional persons, if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under the standards equivalent to those set forth in 11 U.S.C. § 327."  Examiner Order at ¶ 6.  Accordingly, the relief requested herein is in accordance with the standards set forth in section 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "<u>Local Rules</u>").

### Background

2.  On September 15, 16, and 23, 2008, October 3 and 5, 2008, and January 7 and 9, 2009, one or more of the Debtors[1] filed voluntary petitions for reorganization under Chapter 11

---

[1] In addition to LBHI, the following entities are debtors in the Chapter 11 Cases:  LB 745 LLC; PAMI Statler Arms LLC; Lehman Brothers Commodity Services Inc.; Lehman Brothers Finance SA; Lehman

2

of the Bankruptcy Code.  The Debtors have continued to operate their businesses and manage their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. On January 16, 2009, the Court entered the Examiner Order directing the appointment of an Examiner pursuant to 11 U.S.C. §§ 1104(c)(1) and (c)(2) to investigate, *inter alia*, various transfers and transactions by the Debtors and their affiliates, claims that certain Debtors may have against LBHI, and the events that immediately preceded the commencement of the LBHI chapter 11 case (collectively, the "Investigation").  Examiner Order at ¶ 2.  The Examiner Order also directs the Examiner to "perform the duties specified in sections 1106(a)(3) and (4) of the Bankruptcy Code, except to the extent the Court orders otherwise."  Id. at ¶ 3.

4. On January 19, 2009, the United States Trustee appointed Anton R. Valukas as Examiner in the Chapter 11 Cases, subject to Court approval, and filed her Notice of such appointment.  [Docket # 2570].  On January 20, 2009, the United States Trustee filed her application for an Order of this Court approving the appointment of Anton R. Valukas as Examiner in the Chapter 11 Cases.  [Docket # 2571].  On January 20, 2009, this Court entered an order approving the appointment by the United States Trustee of Anton R. Valukas as Examiner in the Chapter 11 Cases.  [Docket # 2583].

**Relief Requested**

5. By this Application, the Examiner requests entry of an order, pursuant to sections 105(a) and 327 of the Bankruptcy Code and the Examiner Order, and in accordance Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1, authorizing and approving the retention and

---

Brothers Special Financing Inc.; Lehman Brothers OTC Derivatives Inc.; Lehman Brothers Derivative Products Inc.; Lehman Commercial Paper Inc.; Lehman Brothers Commercial Corporation; Lehman Brothers Financial Products Inc.; Fundo de Investimento Multimercado Credito Privado Navigator Investimento No Exterior; Lehman Scottish Finance L.P.; CES Aviation LLC; CES Aviation V LLC; CES Aviation IX LLC; East Dover Limited; Luxembourg Residential Properties Loan Finance S.a.r.l.; and BNC Mortgage LLC.

3

employment of Jenner & Block as the Examiner's attorneys, *nunc pro tunc*, as of January 19, 2009, to perform the legal services that are necessary for the Examiner to discharge his duties.[2] The Examiner requests that Jenner & Block be retained to perform the services described in this Application on the terms set forth herein.

### Retention of Jenner & Block

6. The Examiner seeks the appointment of Jenner & Block to represent him and perform services for him in connection with carrying out his fiduciary duties and responsibilities under the Bankruptcy Code, consistent with section 1106 of the Bankruptcy Code and other provisions of the Bankruptcy Code and in accordance with the terms and conditions set forth in the Examiner Order. The Examiner is a partner at Jenner & Block and has selected Jenner & Block to serve as his principal counsel in the Chapter 11 Cases because the Firm has extensive investigative and bankruptcy experience, expertise, and resources.

7. Jenner & Block has approximately 450 lawyers located in Chicago, New York, and Washington D.C. who can provide the resources required for the Examiner to conduct the investigation mandated by the Court. Jenner & Block's attorneys possess a broad range of experience in conducting corporate investigations of all manners and scopes. For example, the Firm's Internal Investigations and Civil Fraud Practice Group regularly conducts internal investigations, domestically and abroad, across a broad range of industries and in a wide variety of contexts, including accounting practices, financial reporting, securities law compliance, FCPA compliance, false claims, government contracts, and public corruption. The members of this group, which include 16 former federal prosecutors – two former United States Attorneys from

---

[2] The Examiner seeks to retain Jenner & Block, *nunc pro tunc*, as of January 19, 2009 because that is the date on which Jenner & Block began its representation of the Examiner following the Examiner's appointment by the United States Trustee.

4

the Northern District of Illinois, 14 former Assistant United States Attorneys, and six former SEC attorneys – have substantial experience conducting investigations. Moreover, among attorneys at Jenner & Block are the former chief Enron prosecutor, a former SEC Associate Director and Chief Litigation Counsel, and highly-qualified financial services and bankruptcy experts.

8. Jenner & Block also has sophisticated bankruptcy practitioners to assist the Examiner. The Firm's bankruptcy attorneys have been prominently involved in broker-dealer insolvencies, nearly every commodity broker bankruptcy case that has been filed, and numerous financial services company bankruptcy proceedings. Jenner & Block also routinely represents trustees in high-profile cases. Recent representations include the chapter 11 trustee in Sentinel Management Group Inc. and the chapter 7 trustee in Lancelot Investments. Jenner & Block's bankruptcy attorneys include four members of the American College of Bankruptcy and three former law clerks from the United States Bankruptcy Court for the Southern District of New York.

9. Through Jenner & Block, the Examiner will have the benefit of the knowledge and experience of these attorneys, as well as the ability to call upon attorneys within Jenner & Block with experience in other specialized areas of law as may be needed. Moreover, the Examiner believes that Jenner & Block is qualified to represent him in these cases in a cost-effective, efficient, and timely manner.

### Services to be Provided

10. The Examiner anticipates that in connection with these Chapter 11 Cases, Jenner & Block will provide the following services to the Examiner, among others:

    a. take all necessary actions to assist and advise the Examiner in the discharge of his duties and responsibilities under the Examiner Order and the Bankruptcy Code;

5

    b.    prepare on behalf of the Examiner motions, applications, notices, answers, orders and documents necessary in the discharge of the Examiner's duties;

    c.    represent the Examiner at all hearings and other proceedings before this Court, any appellate courts, and the United States Trustee; and, advocate and protect the interests of the Examiner before such courts;

    d.    analyze and advise the Examiner regarding any legal issues that arise in connection with the Investigation;

    e.    liaise with the United States Trustee, the United States Attorney for the Southern District of New York, counsel for the Debtors, the Official Committee of Unsecured Creditors, The Walt Disney Company, Barclays Capital Inc., Thomas P. DiNapoli, New York State Comptroller as Administrative Head of the New York State and Local Retirement Systems and Sole Trustee of the New York State Common Retirement Fund, Harbinger Capital Partners Special Situations Fund, LP, Harbinger Capital Partners Master Fund I, Ltd., f/k/a Harbert Distressed Investment Master Fund, Ltd., the Bank of America, NA, the lead plaintiffs in Class Action No. 08-05523 (LAK) pending in the United States District Court for the Southern District of New York, James W. Giddens, as SIPA Trustee for the liquidation of the business of Lehman Brothers Inc. (the "SIPA Trustee"), the Joint Administrators of the Lehman European Group Administration Companies (the "Joint Administrators"), witnesses regarding the Investigation, and other parties-in-interest regarding the Investigation;

    f.    assist the Examiner with cooperating fully with any governmental agencies including, but not limited to, any Federal, state or local government agency that currently or in the future may be investigating the Debtors (the "Government Agencies"), the Debtors' management, or the Debtors' financial conditions, including establishing a protocol with such agencies for the sharing of information to the extent that such sharing benefits the Debtors' estates, subject to appropriate conditions to protect the Debtors' estates;

    g.    assist with interviews and examinations in connection with the Investigation;

    h.    perform all other necessary legal services on behalf of the Examiner in connection with the Chapter 11 Cases; and

    i.    assist the Examiner in undertaking additional tasks that the Court may direct.

11.    Jenner & Block intends to work closely with the Debtors' representatives and professionals, any other professionals retained by the Examiner, the Official Committee of

Unsecured Creditors and its representatives and professionals, the SIPA Trustee and his representatives and professionals, the Joint Administrators and their representatives and professionals, and the United States Trustee to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates and to ensure a streamlined process in connection with the Investigation. Jenner & Block also intends to use its best efforts to coordinate with the Government Agencies in order to avoid unnecessary interference with, or duplication of, any investigations conducted by such agencies.

### Jenner & Block's Disinterestedness

12. In connection with this Application and in order to ascertain Jenner & Block's "connections," as that term is used in Bankruptcy Rule 2014, with the Debtors, the Debtors' creditors, and other parties-in-interest in the Chapter 11 Cases, Jenner & Block used a set of procedures developed by the Firm to ensure full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and any local rules of the Court regarding the retention of professionals under the Bankruptcy Code (the "Firm Disclosure Procedures").[3] Pursuant to the Firm Disclosure Procedures, Jenner & Block performed the following actions to identify the parties relevant to this Application and to ascertain Jenner & Block's connection to such parties:

    a.    Using various sources, including publicly available information and the listings of entities identified and described in materials filed in support of the applications of the Debtors and the Official Committee of Unsecured Creditors to retain counsel, Jenner & Block compiled a list of persons and entities relevant to this Application (the "Identified Parties").[4] The list of

---

[3] These procedures were the same procedures which were implemented and disclosed in the Declaration of Disinterestedness by Anton R. Valukas (the "Valukas Declaration") in connection with the proposed appointment of Mr. Valukas as Examiner in these Chapter 11 Cases. The results outlined below and in the Trostle Declaration are the same results that were disclosed in the Valukas Declaration.

[4] Jenner & Block has not obtained the consolidated list of creditors and equity security holders of the Debtors. Upon receipt of such list and as appropriate in connection with Jenner & Block's representation of the Examiner, Jenner & Block will conduct a further search to determine whether Jenner & Block and its partners, attorneys, or counsel have any additional connections with the persons and entities identified

7

Identified Parties is attached as <u>Exhibit 1</u> to the Trostle Declaration and includes:

i. the Debtors, their significant nondebtor affiliates, and former affiliates;

ii. the Debtors' and affiliates' current and former (up to three years) directors and officers;

iii. significant (i.e., greater than five percent) equity holders of the Debtors as of the commencement dates of the Chapter 11 Cases;

iv. the underwriters of the Debtors' securities for all securities issued or outstanding on the commencement dates of the Chapter 11 Cases or during the three years prior to the commencement dates;

v. accountants employed or retained by the Debtors during the two-year period prior to the commencement dates of the Chapter 11 Cases;

vi. professionals employed by the Debtors;

vii. Barclays Capital, Inc.;

viii. members of the Ad Hoc or Unofficial Creditors' Committees;

ix. current and former members of the Official Committee of Unsecured Creditors;

x. professionals retained by significant creditor groups;

xi. the Debtors' secured creditors;

xii. the Debtors' bank lenders;

xiii. the Debtors' 50 largest bond holders;

xiv. the Debtors' 100 largest unsecured creditors other than bondholders;

xv. the Debtors' 100 largest holders of trade debt;

xvi. significant lessors and lessees of the Debtors;

xvii. the Debtors' utilities;

---

thereon, and will, to the extent applicable, file and serve supplemental disclosures as to any such additional connections.

8

      xviii.   parties to litigation involving the Debtors;

      xix.   major competitors of the Debtors;

      xx.   the affiliations of the Debtors' outside directors;

      xxi.   certain government and state regulatory agencies; and

      xxii.   other potential parties-in-interest.[5]

b. Jenner & Block then entered the names of the Identified Parties into a computer database containing the names of all clients and conflict information concerning such clients of Jenner & Block. Through the information generated from this computer inquiry, and through follow-up inquiries with Jenner & Block attorneys, it was determined that Jenner & Block had represented no party adverse to the Debtors or the Debtors' estates with respect to matters for which Jenner & Block is to be retained, except as identified in Trostle Declaration. None of Jenner & Block's representations constitute a conflict with Jenner & Block's representation of the Examiner or will likely create a conflict in the future.

c. In addition, Jenner & Block sent a general inquiry by electronic mail to all attorneys to: (i) verify that such individuals were not representing and have not represented the Debtors; (ii) determine whether any such individuals hold any securities of or claims against the Debtors; and (iii) determine whether any such individuals are related to any Bankruptcy Judge for the Southern District of New York, the United States Trustee (Region 2), or any person employed by the United States Trustee (Region 2).

13. Based on the Trostle Declaration, and except as set forth therein, the Examiner respectfully submits that Jenner & Block, its partners, attorneys, or counsel do not have any connections with any of the Identified Parties, the United States Trustee (Region 2), or the United States Bankruptcy Judge assigned to these Chapter 11 Cases; and do not have any interest materially adverse to the interests of the estates of any of the Debtors, or of any class of creditors or equity security holders of any of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason. Accordingly, the

---

[5] The identification and classification herein of various entities or individuals as falling within certain categories (e.g., "secured creditors") is not intended and should not be deemed to be an admission of the legal rights or status of any particular individual or entity.

9

Examiner respectfully submits that Jenner & Block is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code.

14. As set forth in the Trostle Declaration, none of Jenner & Block, its partners, attorneys, or counsel:

   a. are creditors, equity security holders, or insiders of any of the Debtors, except that one partner owns a $25,000 Lehman Brothers bond and one attorney owns 160 shares of stock of LBHI;[6]

   b. are or were within two years before the date of the filing of the petitions of any of the Debtors, a director, officer, or employee of any of the Debtors;

   c. are or were within three years before the date of the filing of the petitions of any of the Debtors, an investment banker for any outstanding security of any of the Debtors;

   d. are or were within two years before the date of the filing of the petitions of any of the Debtors, an investment banker for a security of any of the Debtors, or an attorney for any such investment banker in connection with the offer, sale, or issuance of a security for any of the Debtors; and

   e. are connected with (i) any Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, (ii) the United States Trustee (Region 2), or (iii) any person employed by the United States Trustee (Region 2), other than through communications with the United States Trustee Program in connection with the prospective appointment of a trustee or an examiner in chapter 11 cases.

15. Jenner & Block will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Jenner & Block will supplement its disclosures to the Court.

---

[6] Jenner & Block maintains a strict policy prohibiting any person at the Firm from disclosing confidential information, using it for personal gain, or disclosing it to others for their personal gain. Moreover, the Firm's attorneys and non-legal employees are prohibited from buying, selling, or otherwise trading or recommending trading in stock or other securities of a client (or of a company involved in, or a potential party to, a transaction with a client) on the basis of material, inside (non-public) information.

**Professional Compensation**

16.     Jenner & Block intends to apply to the Court for allowances of compensation and reimbursement of expenses for professional services rendered in connection with the Chapter 11 Cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the "United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330" (the "United States Trustee Fee Guidelines"), and all orders of this Court governing professional services performed and expenses incurred.  To that end, Jenner & Block has agreed to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of this Court.  All of Jenner & Block's fees and expenses will be subject to Bankruptcy Court approval.

17.     Jenner & Block's standard hourly rates for work of this nature, which are based upon the professionals' level of experience, range from $535 to $925 for partners, $325 to $535 for associates, and $160 to $270 for paralegals and professional staff.[7]  However, because of the significant public interest associated with the services to be provided to the Examiner, Jenner & Block has agreed to reduce its standard hourly rates by 10% for the legal services to be provided to the Examiner in the Chapter 11 Cases.  The Examiner respectfully submits that Jenner & Block's rates are reasonable and comparable to the rates other firms charge for similar services. Moreover, Jenner & Block will use every effort to staff the engagement in a cost-effective manner and will maintain detailed, contemporaneous records of time and any actual and

---

[7] The standard hourly rates are subject to periodic adjustment to reflect economic and other conditions and are consistent with the rates charged elsewhere. Pursuant to its ordinary practices, Jenner & Block generally revises its rates on January 1 of each year. The rates listed in this Application are Jenner & Block's rates effective for 2009.

11

necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

18.     Jenner & Block will request, subject to the Court's approval, reimbursement for all actual out-of-pocket expenses incurred by Jenner & Block on the Examiner's behalf, such as photocopying services, printing, delivery charges, filing fees, postage, travel expenses, computer research time and other disbursements, as set forth in the Trostle Declaration. All requests for reimbursement of expenses will be consistent with the United States Trustee Fee Guidelines and the requirements established by this Court.

19.     As required by Section 504 of the Bankruptcy Code, Jenner & Block has not agreed, and will not agree, to share any compensation or reimbursement received in connection with these Chapter 11 Cases with another person except pursuant to the partnership agreement of Jenner & Block.

20.     Based upon the foregoing, the Examiner respectfully represents that the employment of Jenner & Block is necessary and in the best interests of the estates, enabling the Examiner to carry out his fiduciary duties under the Bankruptcy Code and the Examiner Order. Accordingly, the Examiner respectfully submits that the relief requested in this Application is appropriate and should be granted by this Court.

## Memorandum of Law

21.     Because there are no novel issues of law presented herein, the Examiner respectfully requests that the Court waive the requirement for a separate memorandum of law in support of this Application pursuant to Local Rule 9013-1, but the Examiner reserves the right to file a brief in reply to any objection to this Application.

**<u>Notice</u>**

22. No trustee has been appointed in these Chapter 11 Cases. The Examiner has served notice of this Application in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the Court; (ii) counsel for the Debtors; (iii) the U.S. Trustee; (iv) counsel for the Official Committee of Unsecured Creditors; (v) counsel for the Debtors' postpetition lenders; (vi) the Securities and Exchange Commission; (vii) the Internal Revenue Service; (viii) the United States Attorney for the Southern District of New York; and (ix) all parties who have requested notice in these Chapter 11 Cases. In light of the nature of the relief requested, the Examiner submits that no other or further notice need be provided.

23. No previous request for the relief sought herein has been made by the Examiner to this or any other court.

[Remainder of this page intentionally left blank]

WHEREFORE the Examiner respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: January 23, 2009
      Chicago, Illinois

Respectfully submitted,

By: */s/ Anton R. Valukas*

Anton R. Valukas
Examiner

JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699