**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
In re                                                            :    **Chapter 11 Case No.**
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
                                                                 :
                                           **Debtors.**          :    **(Jointly Administered)**
                                                                 :
                                                                 :
-------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER RESOLVING MOTION OF JARDEN
CORPORATION UNDER BANKRUPTCY CODE SECTION 365(d) TO COMPEL
(I) LEHMAN COMMERCIAL PAPER, INC. TO RESIGN AS ADMINISTRATIVE
AGENT AND SWING LINE LENDER UNDER CREDIT AGREEMENT AND (II)
IMMEDIATE ASSUMPTION OR REJECTION OF CREDIT AGREEMENT**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This stipulation, agreement and order ("Stipulation") is entered into by and

between Lehman Commercial Paper Inc., as debtor and debtor in possession ("LCPI"), Lehman

Brothers Special Financing Inc., as debtor and debtor in possession ("LBSF"), and Jarden

Corporation ("Jarden").

RECITALS:

A.      Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), Lehman Brothers Holdings, Inc. and certain of its

subsidiaries, including LCPI and LBSF, commenced with the United States Bankruptcy Court

for the Southern District of New York (the "Court") voluntary cases under chapter 11 of title 11

of the United States Code (the "Bankruptcy Code").  LCPI and LBSF are authorized to operate

their respective businesses and manage their respective properties as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.      LCPI and Jarden are parties to that certain $1,530,000,000 Credit

Agreement entered into between, among others, Jarden as borrower and LCPI as Administrative

Agent, dated January 24, 2005 (as subsequently amended, waived and modified by nine

subsequent amendments, the "Credit Agreement").  Pursuant to the Credit Agreement, LCPI

serves as the Administrative Agent, the Swing Line Lender, a Revolving Lender, and a Term

Lender.  As of the Commencement Date, LCPI had fully funded its commitment as a Term

Lender under the Credit Agreement.  As of the date hereof, LCPI is currently owed

$6,534,336.95 on account of its commitment as a Term Lender under the Credit Agreement (the

"Term Loan Claim").  The Term Loan Facility matures on January 24, 2012.

C.      As of the Commencement Date, LCPI had funded $2,666,666.67 (the

"Funded Revolver Amount") of its $20,000,000.00 commitment as Revolving Lender under the

Credit Agreement.  Since the Commencement Date, LCPI has not funded the remaining portion

of its commitment under the Revolving Credit Facility.  The Revolving Credit Facility matures

on January 24, 2010.  LCPI has sold a 100% participation in its position under the Revolving

Credit Facility, including without limitation its interest in the Funded Revolver Amount, to  Pine

CCS, Ltd, a securitization issuer.

D.      On December 10, 2008, Jarden filed a motion (the "Motion")[1] under

section 365(d) of the Bankruptcy Code seeking entry of an order compelling LCPI (i) to resign as

Administrative Agent and Swing Line Lender under the Credit Agreement, and (ii) to

immediately assume or reject the Credit Agreement.

E.      Prior to the Commencement Date, Jarden and LBSF entered into certain

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

foreign exchange forward and commodities hedging transactions (the "<u>Swap Arrangements</u>").

       F.     LCPI, LBSF and Jarden (collectively, the "<u>Parties</u>") have agreed that it is in their respective best interests to enter into this Stipulation, upon the terms and conditions herein.

       G.     Due and proper notice of the Motion having been given by Jarden and, therefore, due and proper notice of this Stipulation having been given to all parties in interest in accordance with the order entered by the Court on September 22, 2008 *Implementing Certain Notice and Case Management Procedures* [Docket 285], and an opportunity to object having been provided to same, and no such objections having been received:

<u>AGREED ORDER</u>:

      IT IS HEREBY AGREED AND STIPULATED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

       1.     The Recitals form an integral part of this Stipulation and are incorporated fully here.

       2.     The Motion is resolved on the terms set forth herein.

       3.     Subject to Court approval of this Stipulation as set forth in paragraph 9 below, upon the Closing (as defined below):

         a.     LCPI will resign as Administrative Agent, Swing Line Lender and Foreign Currency Fronting Lender under the Credit Agreement and transfer and assign its authority as Administrative Agent, Swing Line Lender and Foreign Currency Fronting Lender to a successor agent or lender, as applicable.

         b.     LCPI's commitment to fund the revolving loan facility under the Credit Agreement shall terminate and Jarden shall prepay to LCPI the Funded Revolver Amount

in accordance with the terms of a side letter agreement to be entered into between the Parties (the "Side Letter").[2]

c.    LCPI and LBSF, on the one hand, and Jarden, on the other hand, shall waive and mutually release each other from any and all claims arising out of the Credit Agreement and the other Loan Documents (as defined in the Credit Agreement) and all Swap Arrangements between Jarden and LBSF and their respective assignees, if any, or any other agreement or transaction contemplated thereby or any action taken in connection therewith, other than (i) the Term Loan Claim, which shall be paid in accordance with the terms of the Credit Agreement, (ii) a certain claim held by Sunbeam Americas Holdings Ltd. Master Pension Trust against Lehman Brothers, Inc. for approximately $26,000.00, (iii) claims arising from the obligations of Jarden and LCPI expressly set forth in the documents executed in connection with the Closing, (iv) claims arising under this Stipulation, or (v) claims arising from the implementation of transactions contemplated hereby.

4.    LCPI and LBSF are duly authorized and empowered to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and take all other and further actions that may be reasonably necessary or appropriate to implement the transactions contemplated by this Stipulation.

5.    The instruments, documents and papers to be agreed upon and executed in

---

[2] Due to the confidential nature of the terms of the prepayment and the fact that the Revolving Credit Facility has been participated to Pine CCS, Ltd (which will also be a party to the Side Letter), the Side Letter has not been annexed hereto.  The Side Letter has been provided to the professionals for the Official Committee of Unsecured Creditors, and will be provided to the Court upon request.

connection with the documentation and closing of the transactions contemplated by the

Stipulation (the "Closing"), as provided in paragraph 4 above, shall be reasonably acceptable to

both Parties. The Parties shall proceed in good faith in documenting and closing the transactions

contemplated by this Stipulation.

6.       Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay is

hereby modified for the limited purpose of allowing the parties to implement this Stipulation and

the transactions contemplated thereby.  The modification of the automatic stay granted by this

Stipulation shall take effect immediately upon entry of this Stipulation and shall not be stayed by

operation of Federal Rule of Bankruptcy Procedure 4001(a)(3).

7.       Each person who executes this Stipulation represents that he or she is duly

authorized to execute this Stipulation on behalf of the respective parties hereto and that each

such party has full knowledge and has consented to this Stipulation.

8.       This Stipulation may be executed in counterparts, each of which shall be

deemed an original but all of which together shall constitute one and the same instrument, and it

shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles

signed by the parties hereto.

9.       This Stipulation and the terms and conditions contained herein, are subject

to the approval of the Court and shall be of no force or effect unless and until approved by the

Court.

10.      The Closing is contingent upon, among other things, various third-party

approvals required by the Credit Agreement.  If the Closing does not occur by February 28,

2009, unless otherwise agreed by the Parties, this Stipulation shall be deemed null and void for

all purposes and shall not be referred to or used for any purpose by the Parties or any of the other

parties in these chapter 11 cases, and the Motion shall be promptly restored to the Court's

calendar, and the Debtors and all parties in interest shall have a reasonable period of time within

which to file a response to the Motion.

        11.    The Court retains jurisdiction as to the terms of and any disputes that may

arise under this Stipulation.

Dated:  New York, New York
          January 22, 2009


WEIL, GOTSHAL & MANGES LLP           KANE KESSLER, P.C.

/s/ Jacqueline Marcus                    /s/ Robert Kolodney
Jacqueline Marcus                      Robert Kolodney
767 Fifth Avenue                       1350 Avenue of the Americas
New York, New York 10153           New York, New York 10019
Telephone:  (212) 310-8000          Telephone:  (212) 541-6222
Facsimile:  (212) 310-8007           Facsimile:  (212) 245-3009

Attorneys for the Debtors and        Attorneys for Jarden Corporation
Debtors in Possession


SO ORDERED, this
___ day of _____, 2009


_____
HONORABLE JAMES PECK
UNITED STATES BANKRUPTCY JUDGE