Patrick J. Potter (*pro hac vice*)
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW
Washington, D.C.  20037
Tel:  202-663-8000
Fax: 202-663-8007

Gianni Dimos (GD-7496)
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY  10036
Tel:  (212) 858-1000
Fax:  (212) 858-1500

Attorneys for CPMG, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 |
| : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al*., : | |
| : | Case No. 08-13555 (JMP) |
| Debtors. : | |
| : | Jointly Administered |

---------------------------------------------------------------x

**LIMITED OBJECTION OF CPMG, INC. TO DEBTORS' MOTION FOR AN ORDER APPROVING CONSENSUAL ASSUMPTION AND ASSIGNMENT OF <u>PREPETITION DERIVATIVE CONTRACTS</u>**

CPMG, Inc. ("CPMG"), as Personal Investment Manager ("PIM"), by and through its undersigned attorneys, hereby files this Limited Objection ("Limited Objection"), on behalf of the George Kaiser Family Foundation ("Kaiser") and Cardinal Partners, L.P., Cardinal Partners 2000, L.P., CD Fund, L.P., Sandpiper Fund, LP, Yellow Warbler, LP, Mallard Fund, L.P., Aracos Fund, L.P. and Fintan Master Fund, Ltd. (the "<u>Funds</u>"), to the Debtors' Motion for an Order Approving Consensual Assumption and Assignment of Prepetition Derivative Contracts

401089984v1

(Docket No. 2561) (the "Motion"). In support of its Limited Objection, CPMG respectfully represents as follows:

## BACKGROUND

1.  The Funds previously entered into an ISDA Master Agreement, as amended and as further amended from time to time, with Lehman Brothers International (Europe) ("LBIE") dated as of June 26, 2007 (the "Funds Master Agreement")

2.  Kaiser previously entered into an ISDA Master Agreement, as amended and as further amended from time to time, with LBIE dated as of November 1, 2007 (the "Kaiser Master Agreement" and together with the Funds Master Agreement, the "Master Agreements").

3.  In connection with both the Funds Master Agreement and the Kaiser Master Agreement, Lehman Brothers Holdings, Inc. ("LBHI") agreed to guarantee the obligations of LBIE under the respective Master Agreements as Credit Support Provider.

4.  On September 15, 2008, LBHI filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court. The filing of LBHI of its Chapter 11 case on September 15, 2008 constituted an Event of Default (as such term is defined in the Master Agreements).

5.  On September 15, 2008, CPMG, as PIM to Funds and Kaiser, sent LBIE a notice of termination with respect to each Master Agreement (together, the "LBIE Termination Notices") designating September 16, 2008 as the Early Termination Date (as such term is defined in the Master Agreements).

6.  Paragraph 7 of the Motion states that approximately 18,000 derivative contracts with the Debtors have not been terminated by the counterparties to such contracts. By the Motion, the Debtors seek "prospective authorization to assume and assign such contracts upon

2

compliance with a protocol (the "Committee Protocol") to be established by the Debtors and the Committee." See Motion at ¶ 4.

7. CPMG is filing this Limited Objection to confirm that the Master Agreements were previously terminated as of September 16, 2008, and to clarify that given that the proposed Committee Protocol is directed only to those Derivative Contracts (as defined in the Motion) that have not been terminated, the proposed Committee Protocol does not apply to the Master Agreements because they were terminated effective as of September 16, 2008.

8. Furthermore, the Motion contains a troubling provision at footnote 1, in which the Debtors state:

> The Debtors reserve all rights with respect to any alleged termination of any Derivative Contract, including the rights to assert that a Counterparty who did not terminate promptly after the commencement of these cases waived the right to terminate on account of the Debtors' bankruptcies or financial condition and/or certain alleged termination were not effective because they were not exercised in accordance with the applicable contractual provisions.

See Motion, p. 3 n.1. CPMG is concerned that this may leave room for the Debtors to assert that the Master Agreements were not validly terminated.

9. CPMG is confident that the Master Agreements were validly terminated effective as of September 16, 2008 by the LBIE Termination Notices but files this Limited Objection in an abundance of caution.

WHEREFORE, CPMG respectfully requests that (i) any order granted by the Court with respect to the Motions expressly provide that the Master Agreements were terminated as of September 16, 2008 and (ii) the Court grant CPMG, on behalf of the Funds and Kaiser, such other and further relief as this Court deems just and proper.

Dated: January 23, 2009
New York, New York

By:   Respectfully submitted,
  /s/ Patrick Potter_____
Patrick Potter (*pro hac vice*)
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, N.W.
Washington, D.C.  20037
Tel: (202) 663-8000
Fax: (202) 663-8007
patrick.potter@pillsburylaw.com

and

Gianni Dimos (GD-7496)
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036
Tel:  (212) 858-1000
Fax:  (212) 858-1500

Attorneys for CPMG, Inc.

4