**Presentment Date and Time:  January 29, 2009, at 12:00 noon**
**Objection Deadline:  January 29, 2009, at 11:30 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
: 
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :    08-13555 (JMP)
                                                   :
                Debtors.                           :    (Jointly Administered)
                                                   :
----------------------------------------------------------------x

# NOTICE OF PRESENTMENT OF
# ORDER AND STIPULATION BETWEEN THE DEBTORS AND THE EXAMINER

PLEASE TAKE NOTICE that the undersigned will present the attached Order and Stipulation Between the Debtors and the Examiner to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on January 29, 2009, at 12:00 noon.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the proposed Order and Stipulation must be made in writing and received in the Bankruptcy Judge's chambers and by the undersigned not later than 11:30 a.m. on January 29, 2009.  Unless objections are received by that time, the Order may be signed.

Dated:  January 26, 2009
         New York, New York

                                                   /s/ Harvey R. Miller
                                                   Harvey R. Miller

                                                   WEIL, GOTSHAL & MANGES LLP
                                                   767 Fifth Avenue
                                                   New York, New York 10153
                                                   Telephone: (212) 310-8000
                                                   Facsimile: (212) 310-8007

                                                   Attorneys for Debtors
                                                   and Debtors in Possession

NY2:\1959352\04\15Z%G04!.DOC\58399.0003

Presentment Date and Time: January 29, 2009, at 12:00 noon

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
: 
In re                                                           :   Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :   08-13555 (JMP)
                                                                :
                        Debtors.                          :   (Jointly Administered)
                                                                :
----------------------------------------------------------------x

**ORDER AND STIPULATION BETWEEN THE DEBTORS AND THE EXAMINER**

This stipulation (the "Stipulation") is entered into between (i) Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors (together, the "Debtors"), on behalf of themselves and certain of their non-debtor affiliates (collectively with the Debtors, "Lehman"), and (ii) Anton R. Valukas, Esq., in his capacity as Examiner (as defined below) by and through their undersigned counsel.

**RECITALS**

A.  Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  On January 16, 2009, the Bankruptcy Court entered an Order Directing Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code (the "Examiner Order"). The Examiner Order, inter alia, ordered (i) the Unites States Trustee for the

Southern District of New York (the "U.S. Trustee") to appoint an examiner (the "Examiner") and (ii) the Examiner to conduct an investigation into certain specified matters and to perform the duties specified in sections 1106(a)(3) and (4) of the Bankruptcy Code (collectively, and as may be amended and/or supplemented by a Bankruptcy Court order, the "Examiner Investigation").

      C.      On January 19, 2009, pursuant to the Examiner Order, the U.S. Trustee appointed Anton R. Valukas as Examiner. The Bankruptcy Court approved the appointment by order, dated January 20, 2009.

      D.      The Debtors, on behalf of themselves and certain of their non-debtor affiliates, and the Examiner (collectively, the "Parties") wish to coordinate and cooperate with each other in an effort to assist with the Examiner Investigation and minimize the time and cost to the Debtors' estates. Therefore, the Parties have entered into this Stipulation and agree to be bound by its terms.

NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

      1.      Documents and/or information that the Examiner may request from Lehman may be subject to a privilege or other protection from discovery, including the attorney-client privilege, the work-product doctrine or any other privilege, right, or immunity Lehman may be entitled to claim or invoke (collectively, the "Shared Information"). This Stipulation does not create any obligation or duty on behalf of Lehman to provide any Shared Information to the Examiner and the provision of any Shared Information is voluntary. Except as expressly provided herein, the Examiner may use the Shared Information in connection with the Examiner Investigation.

      2.      By entering into this Stipulation or by any action or conduct pursuant to this

Stipulation, including, but not limited to, Lehman's provision of Shared Information to the Examiner, neither the Parties, nor their respective professionals, intend to, or shall, waive, in whole or part, the attorney-client privilege, the work-product doctrine or any other privilege, right, or immunity they may be entitled to claim or invoke with respect to any Shared Information or otherwise.

3. The Examiner shall hold all Shared Information in strict confidence. The Examiner agrees that he will not provide or discuss any Shared Information with any other person or entity (including governmental units) except as required by applicable law, regulation, or legal process, and only after compliance with the terms of this Stipulation, *provided*, *however*, that Shared Information may be provided to (a) accountants, attorneys, experts, consultants, staff, and agents of the Examiner (it being understood that such parties shall be required to treat Shared Information as provided in this Stipulation), and (b) any person or entity authorized by Lehman in writing to receive Shared Information. Nothing in this Stipulation shall prohibit the Examiner or his professionals from using or disclosing in any manner any non-privileged, non-documentary factual information contained within the Shared Information provided that is does not reflect legal analysis or attorney work product, and the Examiner and his professionals need not comply with the procedures in paragraphs 5 or 6 hereof concerning such non-privileged, non-documentary factual information.

4. Except as otherwise provided herein, in the event that the Examiner receives a request or is required (whether by law, oral questions, government action, interrogatories, requests for information or documents, subpoena, civil investigative demand or similar process) to provide or produce any Shared Information, the Examiner shall provide notice to counsel to Lehman within three (3) business days of receipt of any such request and Lehman shall, in turn,

indicate in writing to the Examiner whether they have an objection to such production or provision of any Shared Information within five (5) business days.  The Examiner shall not produce or provide any Shared Information until Lehman's objection to the production or provision of any Shared Information, if any, is finally resolved by the Bankruptcy Court pursuant to paragraph 5 of this Stipulation.  If no timely objection is asserted by Lehman, the Examiner may, in his sole discretion, produce or provide the Shared Information in accordance with the request.

        5.      If the Examiner desires to share Shared Information with any persons or entities (including governmental units) not authorized to receive Shared Information pursuant to this Stipulation (whether through any oral or written report by the Examiner, witness interview, deposition, or examination under Federal Rule of Bankruptcy Procedure 2004), the Examiner must either (i) obtain the advanced, written consent of Lehman or its counsel, or (ii) file an application with the Bankruptcy Court, <u>in camera</u>, to request authorization to produce, share or otherwise provide any of the Shared Information with a party not covered by this Stipulation.  Lehman shall have ten (10) business days to either consent to the disclosure of Shared Information or oppose the Examiner's application.

        6.      If the Examiner wishes to disclose Shared Information that he contends is available publicly, available through discovery (except for privileged information or Shared Information otherwise immune from discovery), including Federal Rule of Bankruptcy Procedure 2004, or that has been disclosed publicly, but not in violation of this Stipulation (collectively, "<u>Public Information</u>"), the Examiner will provide written notice to Lehman that (i) identifies the Shared Information the Examiner contends is Public Information, and (ii) describes how the Shared Information is Public Information.  If Lehman objects to the Examiner's

contention that such Shared Information is Public Information, Lehman shall have ten (10) business days to seek relief from the Bankruptcy Court. The Examiner shall not disclose the Shared Information that he contends is Public Information with any persons or entities (including governmental units) until the Bankruptcy Court resolves Lehman's objection.

7. The disclosure by the Examiner of any Shared Information, whether by consent of Lehman, by Bankruptcy Court order, or by the Examiner in violation of this Stipulation shall not affect the privileged protection of such disclosed Shared Information with respect to any person or entity and shall not affect the privileged protection of any other Shared Information.

8. Any violation of the terms of this Stipulation by the Examiner shall constitute sufficient cause for Lehman to immediately cease providing the Examiner any Shared Information and demand the return of all Shared Information within five (5) business days. Furthermore, any third-party who has received Shared Information from the Examiner other than in compliance with this Stipulation, whether inadvertent or not, shall, upon learning that any documents or materials are Shared Information, immediately return all Shared Information to Lehman no later than two (2) calendar days from receipt of a request for the return of the Shared Information by Lehman or the Examiner.

9. Nothing in this Stipulation is intended to expand or limit the rights, responsibilities, and powers of Lehman and/or the Examiner.

10. This Stipulation shall be binding on the Parties from the date of its execution.

11. The Parties represent and warrant to each other that the signatories to this Stipulation have full power and authority to enter into this Stipulation.

12. This Stipulation may not be changed, modified, or amended except in a

writing signed by the Parties and/or their counsel.

13. The Parties agree that any dispute regarding this Stipulation shall be subject to the exclusive jurisdiction and venue of the Bankruptcy Court.

14. This Stipulation shall be governed by the laws of New York without regards to conflicts of law principles.  If any provision of this Stipulation is determined by a court of competent jurisdiction to be invalid or enforceable, the remainder of this Stipulation shall nonetheless remain in full force and effect.

15. This Stipulation may be executed in any number of counterparts and shall constitute one agreement, binding upon the Parties hereto as if the Parties signed the same document; all facsimile signatures shall be treated as originals for all purposes.

Dated: January 26, 2009
      New York, New York

| | |
|---|---|
| By: /s/ Harvey R. Miller | By: /s/ Robert L. Byman |
|     Harvey R. Miller |     Robert L. Byman |
| WEIL, GOTSHAL & MANGES LLP | JENNER & BLOCK LLP |
| 767 Fifth Avenue | 330 N. Wabash Avenue |
| New York, New York 10153 | Chicago, IL 60611-7603 |
| Telephone: (212) 310-8000 | Telephone: (312) 923-2679 |
| Facsimile: (212) 310-8007 | Facsimile:  (312) 840-7679 |
| Attorneys for Debtors | Proposed Attorneys for the Examiner |

**SO ORDERED** this ___ day of _____ 2009

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE