NIXON PEABODY, LLP
Christopher M. Desiderio
437 Madison Avenue
New York, NY 10022
Telephone: (212) 940-3000
and
Amanda Darwin
Richard C. Pedone (admitted *pro hac vice*)
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000

*Counsel to Deutsche Bank Trust Company Americas*
*and Deutsche Bank National Trust Company,*
*each in their roles as Trustee, Indenture Trustee, Supplemental Interest Trust Trustee*
*and in other related fiduciary capacities*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., et al., ) | |
| ) | Case No. 08-13555 (JMP) |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

**LIMITED OBJECTION OF DEUTSCHE BANK TRUST COMPANY AMERICAS,
AND DEUTSCHE BANK NATIONAL TRUST COMPANY, EACH AS TRUSTEE AND
INDENTURE TRUSTEE, TO DEBTORS' MOTION FOR AN ORDER
APPROVING CONSENSUAL ASSUMPTION AND ASSIGNMENT
<u>OF PREPETITION DERIVATIVE CONTRACTS</u>**

Deutsche Bank Trust Company Americas and Deutsche Bank National Trust Company

(the "<u>Indenture Trustees</u>"), each as Trustee, Indenture Trustee, Supplemental Interest Trust

Trustee, and in their other related fiduciary capacities for various trusts and other transactions, by

and through their counsel, Nixon Peabody LLP, file their limited objection (the "<u>Limited

Objection</u>") to the above-captioned debtors' ("the "<u>Debtors</u>") *Motion for an Order Approving*

12362070.3

*Consensual Assumption and Assignment of Prepetition Derivative Contracts* (the "Motion"). In opposition to the Motion, the Indenture Trustees state as follows:[1]

## II.  LIMITED OBJECTION

1.  The Indenture Trustees act as trustee, indenture trustee, and supplemental interest trust trustee and in other fiduciary capacities for various trusts and other complex financial arrangements established for the purpose of issuing debt obligations secured by different types of assets including, but not limited to, residential and commercial mortgage loans, corporate bonds, student loans, residential mortgage-backed securities, commercial mortgage-backed securities, collateralized debt obligations, and other types of asset-backed securities (such debt obligations collectively referred to as the "Asset-Backed Securities").

2.  The issuers (the "Issuers"), or the Indenture Trustees on behalf of the Issuers, of the Asset-Backed Securities, contemporaneously with the issuance of the Asset-Backed Securities or subsequent to such issuances, often entered into Derivative Contracts, including agreements documented on or pursuant to standardized forms published by the International Swaps and Derivatives Association, Inc. (the "Swap Agreements"), with Lehman for the purpose of credit enhancement or for hedging interest-rate, cash-flow timing or other risks associated with the Asset-Backed Securities. In addition, the Issuers have also entered into other types of Derivative Contracts with Lehman, such as credit default swap transactions. The notional amounts under the Swap Agreements entered into by either the Issuers or the Indenture Trustees, as applicable, total billions of dollars.

3.  While the applicable Issuer is typically the Counterparty to the Derivative Contracts with Lehman, under the applicable indenture, trust agreement or pooling and servicing

---

[1]  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

- 2 -

12362070.3

agreement pursuant to which the Indenture Trustees were appointed, the noteholders or certificateholders (collectively, "Trust Investors") are the beneficiaries of any proceeds of the Derivative Contracts. The structuring of the Derivative Contracts and related agreements is extremely complex and often involves many different parties.

4. Previously, the Debtors filed their *Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code Establishing Procedures for the Settlement or Assumption and Assignment of Prepetition Derivatives Contracts* (the "Derivatives Procedures Motion"). In response to the objections filed in response to the Derivatives Procedures Motion and the proposed order attached thereto, the Debtors' proposed, and the Court entered, a revised *Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Contracts* dated December 16, 2008 (the "Procedures Order"). The Indenture Trustees were carved-out of the Procedures Order for the reasons identified in their objection to the Derivative Procedures Motion.

A. **All Parties-In-Interest Must Give Affirmative Consent to an Assignment**

5. By this Limited Objection, the Indenture Trustees seek to clarify that the consent of all parties required to give affirmative consent to the assignment of a Derivative Contract by its terms or the terms of any related agreements that the Debtors are obligated to comply with, will be obtained before a proposed "consensual" assignment can take place under the proposed order. Further, the Indenture Trustees seek to clarify that they, along with any applicable parties-in-interest, have reserved the right to object to any assignment, in addition to the Counterparty's right to do so.

**B.       A Five (5) Day Notice Period is Wholly Insufficient**

6.      The proposed order provides that upon the receipt of an Assignment Notice, a Counterparty shall have only five (5) business days to serve an objection to such consensual assignment.  For the reasons detailed below and in the Indenture Trustee's objection to the Derivative Procedure Motion, the five (5) business day notice period is insufficient.

7.      The Indenture Trustees are fiduciaries for Trust Investors of various Trusts.  As fiduciaries, the Indenture Trustees may not be in a position to unilaterally agree or object to a proposed assignment.  Often, the Indenture Trustees are required, consistent with their fiduciary duties, to notify various constituencies (including Trust Investors, collateral managers charged with managing collateral held by the Trusts, Issuers, rating agencies, depositors and servicers responsible for administering the Trusts) and consult these constituencies to determine whether a proposed assignment is acceptable.  A five (5) day period is wholly insufficient for the various constituencies to receive notice and for the Indenture Trustees to consult with them or obtain direction on how to proceed.  Without an adequate opportunity to notify and confer with Trust Investors, the rights and interests of Trust Investors may be in jeopardy.

8.      The Bankruptcy Rules provide that parties-in-interest to a contract to be assumed or assigned be given at least twenty (20) days notice of such proceeding. Fed. R. Bankr. P. 2002(a)(2). Any attempt by the Debtors to assume and assign a Derivative Contract - even if the Debtor claims that such assumption and assignment is "in accordance with" the terms of that contract - can only proceed as permitted by Fed. R. Bankr. P. 6006(a) or, in the case of any party that is subject to the Procedures Order, the Procedures Order.  Due to the Indenture Trustees' position as fiduciary to Trust Investors, and because of the nature and complexity of the Derivative Contracts, this period is both reasonable and necessary.  Further, the Indenture

- 4 -

12362070.3

Trustees submit that in situations where the parties-in-interest can reach agreement regarding the terms of the assignment before the expiration of the twenty (20) day period, the parties be authorized to consensually agree to waive the objection period without further Court intervention.

### III.    CONCLUSION

WHEREFORE, the Indenture Trustees request that any Order granting the relief sought in the Motion require the consent of all the parties required to give such affirmative consent for an assignment of a Derivative Contract; give parties-in-interest twenty (20) days to object to such assignment; or in the alternative, carve the Indenture Trustees out from any Order granting the relief sought in the Motion; and grant such other and further relief this Court deems necessary and appropriate.

Dated: New York, New York
       January 26, 2009

Respectfully Submitted,

By: */s/ Christopher M. Desiderio*
Christopher M. Desiderio
NIXON PEABODY LLP
437 Madison Avenue
New York, NY 10022
Telephone: (212) 940-3000
Facsimile: (212) 940-3111

and

Amanda D. Darwin
Richard C. Pedone (admitted *pro hac vice*)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
Telephone: (617) 345-1000

*Counsel to Deutsche Bank Trust Company America, and Deutsche Bank National Trust Company, each in their roles as Trustee, Indenture Trustee, Supplemental Interest Trust Trustee and in other related fiduciary roles*

- 5 -

12362070.3