Presentment Date and Time: January 30, 2009, at 12:00 noon
Objection Deadline: January 30, 2009, at 11:30 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
: 
In re  :  Chapter 11 Case No.
: 
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :  08-13555 (JMP)
: 
Debtors.  :  (Jointly Administered)
: 
----------------------------------------------------------------x

# NOTICE OF PRESENTMENT OF ORDER
# PURSUANT TO DISTRICT COURT ORDER

PLEASE TAKE NOTICE that, on January 5, 2009, the United States District Court for the Southern District of New York entered the attached order (the "Order") in the case captioned Pension Benefit Guaranty Corporation v. Employee Benefit Plans Committee of Lehman Brothers Holdings, Inc., as administrator of the Lehman Brothers Holdings, Inc. Retirement Plan, Civil Action No. 08 Civ. 10792 (HB).

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 7 of the Order, the undersigned will present the Order to the Honorable James M. Peck, United States Bankruptcy Judge, for endorsement on January 30, 2009, at 12:00 noon.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Order must be made in writing and received in the Bankruptcy Judge's chambers and by the undersigned not later than 11:30 a.m. on January 30, 2009. Unless objections are received by that time, the Order may be signed.

Dated: January 27, 2009
New York, New York

/s/ Lori R. Fife
Lori R. Fife

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

NY2:\1960628\02\160TW02!.DOC\58399.0003

SOUTHERN DISTRICT OF NEW YORK

IN RE:

LEHMAN BROTHERS HOLDINGS, INC.

RETIREMENT PLAN

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/5/09

Civil Action No. 08 CIV 10792 (HB)

PENSION BENEFIT GUARANTY

CORPORATION,

**ORDER**

Plaintiff,

v.

THE EMPLOYEE BENEFIT PLANS COMMITTEE
OF LEHMAN BROTHERS HOLDINGS, INC., as
administrator of the Lehman Brothers Holdings, Inc.
Retirement Plan

Defendant.

**Hon. Harold Baer, Jr., District Judge:**

WHEREAS, the Pension Benefit Guaranty Corporation ("PBGC") has determined that the Lehman Brothers Holdings, Inc. Retirement Plan (the "Plan") will be unable to pay benefits when due and the possible long run loss to the PBGC may reasonably be expected to increase unreasonably if the Plan is not terminated pursuant to 29 U.S.C. § 1342(a); and

WHEREAS, in accordance with the determinations of the PBGC, it has filed an action under 29 U.S.C. § 1342(c) seeking termination of the Plan and has sought expedited treatment on the basis that the assets of the Plan sponsor and members of its controlled group are being dissipated through the chapter 11 cases of Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors and debtors in possession under the Bankruptcy Code; and

WHEREAS, the Court entered a Show Cause Order (the "Show Cause Order") providing for a hearing on December 30, 2008, to show cause why the Plan should not be terminated; and

WHEREAS, the Employee Benefit Plans Committee of Lehman Brothers Holdings, Inc. (the "Benefits Committee") LBHI has requested an extension of the Show Cause Order to pursue alternatives to the termination of the Plan by the PBGC and the Court expects that such efforts

1

will proceed apace and indeed are likely to do so before the time as adjourned.

WHEREAS, (i) the Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc. and its affiliated debtors in possession (the "Creditors' Committee") joined in the Benefits Committee's opposition to the Show Cause Order; (ii) the PBGC filed a motion to strike the Committee's joinder (the "Motion to Strike"); and (iii) the Creditors Committee desires to file a motion to intervene in this action (the "Intervention Motion"); and

WHEREAS, PBGC, the Benefits Committee, LBHI and the Creditors' Committee are amenable to extend the date of the Show Cause Order and Motion to Strike hearing and set a hearing date for the Intervention Motion subject to the protections in favor of the PBGC set out below; **IT IS HEREBY ORDERED THAT:**

1. A hearing on the Order To Show Cause, the Motion to Strike, the Intervention Motion and any motion for summary judgment is hereby adjourned to January 27, 2009, at 2:00 p.m. ("Adjourned Hearing Date"). While it may be that no further reception of evidence is required and the Court may fail to grant PBGC's motion only if PBGC is found to have acted in an arbitrary and capricious manner, the underlying theme of the Federal Rules of Civil Procedure is to resolve matters on their merits and therefore I will entertain an hour of testimony, if the parties feel it necessary, from each side, all to be accomplished on the Adjourned Hearing Date.

2. LBHI shall cause each corporation, limited liability company or other entity which is a member of its controlled group (as determined pursuant to section 414(b) or (c) of the Internal Revenue Code of 1986, as amended ("IRC")) or would be a member of such controlled group but for the argument that it is not a "trade or business," as of December 12, 2008, other than Excluded Subsidiaries (as defined below) (including LBHI, the "Lehman Controlled Group"), not to consummate on or prior to February 3, 2009, which is the fifth business day after the Adjourned Hearing Date, or until further order of this Court, whichever is earlier ("Expiration Date"), the sale or other transfer of any equity interest in any member of the Lehman Controlled Group, including, but not limited to, each Acquired Subsidiary (as defined in the Unit Purchase Agreement dated December 1, 2008, between LBHI and NBSH Acquisition, LLC, a Delaware limited liability company ("Unit Purchase Agreement")) which would result in such member being excluded from LBHI's controlled group after such sale or transfer. For purposes of this paragraph, "Excluded Subsidiaries" means (i) any direct or indirect subsidiary of Lehman Brothers Inc., (ii) Banque Lehman Brothers S.A., Lehman Brothers Conseil SA,

2

receivership, administration or similar proceedings under non-United States laws and all subsidiaries thereof.

        3.      LBHI shall not merge or otherwise consolidate on or prior to the Expiration Date, any member of the Lehman Controlled Group with any other member of the Lehman Controlled Group or other person which would result after such merger or consolidation in a reduction in the number of the members of LBHI's controlled group.

        4.      LBHI shall clarify, to PBGC's satisfaction, in any bankruptcy court order with respect to resulting in the sale of LBHI's investment management business pursuant to the Unit Purchase Agreement (as the same may be amended) that such order is not intended to affect in any manner the application or operation of the controlled group rules under section 414(b) or (c) of the IRC to any Acquired Subsidiary (as defined in the Unit Purchase Agreement). LBHI and the PBGC hereby acknowledge that such bankruptcy court order has been clarified and entered into to the PBGC's satisfaction.

        5.      The Acquired Subsidiaries and General Partner Entities (as defined below) shall not, and LBHI shall not cause any of the Acquired Subsidiaries or General Partner Entities to, commence a proceeding under the U.S. Bankruptcy Code or similar laws of any state on or prior to the Expiration Date. For purposes of this paragraph, "General Partner Entities" means the following entities:

        Lehman Brothers Private Funds Investment Company GP, LLC
        Lehman Brothers Secondary Opportunities Associates LP
        Lehman Brothers Secondary Opportunities Associates II LP
        LB I Group Inc. (US)
        Lehman Brothers Loan Opportunity Associates L.P. (US)
        Lehman Brothers Co-Investment Associates Cayman LP (Cayman)
        Lehman Brothers Co-Investment Associates LP (US)
        Lehman Brothers Cayman GP, Ltd. (Cayman)
        Crossroads Series XVII Master Holding Fund 1GP, LLC
        Crossroads Series XVII Master Holding Fund 2GP, LLC
        Crossroads Series XVII Master Holding Fund 3GP, LLC
        Crossroads Series XVII Master Holding Fund #GP, LLC
        Lehman Crossroads Capital Partners II GP, L.P.
        Lehman Brothers Emerging Manager GP, L.P.
        Lehman Brothers Private Fund Management, LP

        6.      The assets of any member of the Lehman Controlled Group as of December 12, 2008 (other than any direct or indirect subsidiary of Lehman Brothers Inc. or any entity under insolvency, receivership, administration or similar proceedings under non-United

the date hereof and ending on the Expiration Date to another member of the Lehman Controlled Group that is a debtor in a proceeding under the Bankruptcy Code or any insolvency, receivership, administration or similar laws.

7. This Order shall also be noticed in the bankruptcy court having jurisdiction in LBHI's proceeding under the Bankruptcy Code with a motion to enter an order by the Bankruptcy Court approving the relief provided for in this Order. If this Order is not entered in that proceeding, PBGC shall have the right to request that the hearing on the Show Cause Order be rescheduled to the earliest date on which the Court can schedule such hearing and LBHI shall not oppose the scheduling of such hearing.

8. In terms of further briefing, (i) the Creditors' Committee shall serve and file the Intervention Motion and any response to the Motion to Strike on or before January 7, 2009; (ii) the Benefits Committee shall serve and file any surrreply to the PBGC's reply to the Show Cause Order on or before January 7, 2009; (iii) the PBGC shall serve and file any opposition to the Intervention Motion on or before January 15, 2009, at 11:00 a.m.; and (iv) the Creditors' Committee shall serve any reply with respect to the Intervention Motion on or before January 22, at 9:00 a.m. None of these papers shall be more than five (5) pages in length and may, if preferred, be in letter form.

9. In addition, the parties may submit motions for summary judgment no later than January 13, 2009, any papers in opposition may be submitted no later than January 20, 2009, and any reply papers no later than January 26, 2009. Defendant shall file an answer to the Complaint no later than January 12, 2009.

10. Should any portion of this Order not be carried out for any reason, this Court will enter upon PBGC's request a hearing date as soon as practicable with respect to the Order to Show Cause.

11. This Order is entered without prejudice to the claims or defenses of any party.

**SO ORDERED.**

January 5, 2008
New York, New York

_____
U.S.D.J.

SO ORDERED this ___ day of _____ 2009

_____ HONORABLE
JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

4