**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
                                                        :

In re                                                  :          Chapter 11 Case No.

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :          08-13555 (JMP)

                       Debtors.                   :          (Jointly Administered)

----------------------------------------------------------------------x

### ORDER APPROVING CONSENSUAL
### ASSUMPTION AND ASSIGNMENT
### OF PREPETITION DERIVATIVE CONTRACTS

Upon the motion, dated January 16, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"),[1] for entry of an order approving the consensual assumption and assignment of Derivative Contracts (as defined in the Motion),[2] as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein

---

[1] The Debtors do not include Lehman Brothers Inc. or any affiliates of LBHI that are not chapter 11 debtors.

[2] For the avoidance of doubt, Derivative Contracts shall not include contracts or assets transferred to Barclays Capital Inc. or its affiliates pursuant to the terms of that certain Asset Purchase Agreement dated September 16, 2008 (as amended, supplemented, modified or clarified) among LBHI, LBI, LB 745 LLC, and Barclays Capital Inc.

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Creditors' Committee (the "Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York (the "U.S. Trustee"); and (vi) all Counterparties (via mail, fax, or email) in the Debtors' records to the extent that the Counterparties' last known mail address, fax number, or email address is available to the Debtors; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and all objections to the Motion having been resolved, withdrawn, or overruled at the Hearing; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors and the Committee shall engage in good faith negotiations to agree on protocols for the Committee's oversight of assumptions and assignments of Derivative Contracts under the terms of this Order (the "Protocols"). Upon agreement with the Committee on the Protocols, the Debtors shall seek entry of an

order of the Court approving the Protocols. Such entry may be sought without a hearing if no parties file timely written objections. Prior to the entry of an order of this Court approving the Protocols, the Debtors shall provide the Committee with notice of the Debtors' intent to assume and assign any Derivative Contract under the terms of this Order, and such notice shall contain either the material terms of any such proposed assignment of the material terms of the parameters of the proposed bidding process and bid acceptance criteria. The Committee shall use commercially reasonable efforts to provide written notice to the Debtors (which may be provided by mail, electronic mail or facsimile) as soon as is practicable of the Committee's consent or objection to any proposed assumption and assignment. If the Debtors and the Committee have not agreed on the Protocols within 30 days of entry of this Order, either the Debtors or the Committee may seek at any time after notice and a hearing (with as least 10 days' notice of such hearing) the Court's approval of revised terms regarding obtaining Committee consent to proposed assumptions and assignments hereunder; and it is further

ORDERED that the Debtors, subject to the terms of the Protocols or with the prior consent of the Committee, are hereby authorized to assume and assign (including by novation) Derivative Contracts (that have not been terminated) with the express written consent of the applicable Counterparty (and any other consents required pursuant to the applicable Derivative Contract, related documents to which the applicable Debtor is a party, or terms of related documents with which the applicable Debtor has agreed to comply); provided, however, that if the Counterparty to the Derivative Contract is an entity whose business is limited to holding assets and issuing debt or other interests in connection with one or more securitizations or similar transactions (an "SPE"), then

the Debtors may use the procedures below to assume and assign any Derivative Contract with the SPE in accordance with the terms of the Derivative Contract (and nothing herein shall limit or otherwise modify, and with respect to any assignment pursuant to the procedures below, the Debtors shall comply with, any conditions to assignment pursuant to the Derivative Contract, related documents to which the applicable Debtor is a party, or terms of related documents to which the applicable Debtor has agreed to comply, including, without limitation, any requirements of the provision of notice to or obtaining consent from the Counterparty or other parties), but without the consent of the Counterparty; and it is further

ORDERED that nothing in this Order shall limit the ability of any SPE Party (as defined below) to object on any basis (including that the assignment will not be in accordance with the Derivative Contract, the terms of related documents to which the applicable Debtor is a party, or terms of related documents with which the applicable Debtor has agreed to comply) to the proposed assignment under the terms hereof of a Derivative Contract to which it is a party; and it is further

ORDERED that the Debtors may be authorized to assume and assign any Derivative Contract with an SPE in accordance with the terms of the Derivative Contract, but without the consent of the Counterparty, if, at least ten (10) business days (or in any case, such shorter period as may be agreed by all applicable SPE Parties) before such assumption and assignment, the Debtors deliver a notice (the "Assignment Notice") by overnight mail delivery service, fax, or email (where available) on (i) the Counterparty under the Derivative Contract, any other parties to whom notice is required to be provided under the Derivative Contract, any related indenture trustee, and any other

parties to whom the Debtors may agree to provide notice (and, in each case, their attorneys, if known; or if they have appeared in these cases) (collectively, the "SPE Parties"), at the last known mail address, fax number, or email address available to the Debtors, and, if different, any mail address, fax number, or email address required by the applicable Derivative Contract; and (ii) the attorneys for the Committee, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, (Attn: Wilbur Foster and Evan Fleck); and it is further

ORDERED that each Assignment Notice shall set forth the following information: (i) the name and address of the Counterparty, (ii) identification of the Derivative Contract, including a list of all transactions thereunder, (iii) the identity of as many as five (5) proposed assignees, together with any guarantor (provided that the Assignment Notice need not identify the assignee if it will be an affiliate of the guarantor) and information regarding each assignee's or guarantor's status as a permissible assignee under the terms of the Derivative Contract (and in accordance with the terms of related documents to which the applicable Debtor is a party or terms of related documents with which the applicable Debtor has agreed to comply), and (iv) any amounts proposed by the Debtors to be paid to cure any existing defaults by the Debtors and compensate for actual pecuniary losses resulting from such default as required under Bankruptcy Code section 365 ("Cure Amounts") (including, on a transaction by transaction basis, calculations and detail of specific charges and dates, and any other amounts receivable or payable supporting such Cure Amount). All Assignment Notices will be accompanied by a copy of this Order; and it is further

ORDERED that if any SPE Party who receives an Assignment Notice wishes to object to the assignment of the applicable Derivative Contract pursuant to the terms hereof then such SPE Party must deliver a written objection, so that such objection is <u>actually received</u> no later than ten (10) business days after the date of delivery of the Assignment Notice (the "<u>Objection Period</u>"), on (i) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153-0119 (Attn: Lori R. Fife and Robert J. Lemons) and Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178 (Attn: Steven J. Reisman and L. P. Harrison 3rd); and (ii) the attorneys for the Committee, Milbank, Tweed,Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, (Attn: Wilbur Foster and Evan Fleck). Any such objection must specify the grounds for such objection, including, without limitation, (i) stating the alleged Cure Amount (including, on a transaction by transaction basis, calculations and detail of specific charges and dates, and any other amounts receivable or payable supporting such alleged Cure Amount, and in any event containing no less detail than the calculation of the Cure Amount provided by the Debtors) if the SPE Party disagrees with the Debtors' proposed Cure Amount, (ii) any other defaults or termination events the SPE Party alleges must be cured to effect assignment of the Derivative Contract (including any the SPE Party alleges cannot be cured, other than any Default relating to the commencement of a case under the Bankruptcy Code by any of the Debtors, or the insolvency or financial condition of any of the Debtors), (iii) any allegedly valid termination of the applicable Derivative Contract that the SPE Party asserts to have occurred (including details and documentation in support of such allegedly valid termination), (iv) the identity of any assignee or, if

applicable, the guarantor to whom the SPE Party objects and the grounds for such objection, and/or (v) any basis for asserting that the proposed assignment is not permitted under the applicable Derivative Contract (or in accordance with the terms of related documents to which the applicable Debtor is a party or terms of related documents with which the applicable Debtor has agreed to comply); and it is further

ORDERED that if the Debtors are unable to consensually resolve any timely delivered objection, the Debtors may consummate the proposed assignment pursuant to the terms hereof only if (i) they seek and obtain authorization of the Court to consummate the proposed assignment or (ii) if the dispute relates solely to the amount of the Cure Amount, at the time of the assignment, the Debtors pay to the Counterparty any undisputed portion of the proposed Cure Amount and place any disputed portion into a segregated interest-bearing account such that, upon any resolution by the Court of the Cure Amount dispute, or agreement between the Debtors and the objecting SPE Party, the Counterparty will be entitled to payment from the segregated account of any disputed portion and interest earned thereon (at the rate provided in the applicable Derivative Contract) to which the Court finds, or the Debtors and the objecting SPE Party agree, it is entitled. Any effort by the Debtors to seek Court authorization shall be subject, with respect to procedural matters, to all applicable Federal Rules of Bankruptcy Procedure, Federal Rules of Evidence, and Local Bankruptcy Rules for the Southern District of New York; and it is further

ORDERED that, with respect to any Derivative Contract for which the Debtors deliver an Assignment Notice pursuant to the terms hereof, if (i) no objection is timely delivered by an SPE Party, or all objecting SPE Parties consent to the assignment

(including by resolving any objection), and the Debtors have complied with the terms of the Protocols or obtained the prior consent of the Committee (including through its advisors), (ii) the dispute relates solely to the amount of the Cure Amount, the Debtors have complied with the terms of clause (ii) of the eighth decretal paragraph of this Order, and the Debtors have complied with the terms of the Protocols or obtained the prior consent of the Committee (including through its advisors), or (iii) the Court authorizes the assignment, the Debtors shall be authorized, but not required, to assume and assign any Derivative Contract subject to the applicable Assignment Notice; provided, further, that if a Derivative Contract is not assumed and assigned within 60 days (or such longer period as may be ordered by the Court) following the Objection Period, the Debtors' authority pursuant to the terms hereof to assume and assign the applicable Derivative Contract shall expire, without prejudice to the Debtors' right to renew such authority by serving additional Assignment Notices for the same Derivative Contract(s) pursuant to the terms hereof; and it is further

ORDERED that (i) without limiting any requirements of the delivery of documents under the terms of the applicable Derivative Contract (or any other requirements of the applicable Derivative Contract), within five (5) business days after consummation of an assignment transaction pursuant to the terms hereof and in accordance with the terms of the Derivative Contract, but without the consent of the Counterparty, the Debtors will provide notice to the SPE Parties of the effective date of the assignment, any Cure Amount that has been paid, the identity and contact information of the assignee and its guarantor, if any, and evidence of compliance with any condition to assignment provided for in the Derivative Contract. Within ten (10) business days

after receipt of the notice of the assignment's consummation, an SPE Party may object by sending a written objection by the means and to the parties specified in the seventh decretal paragraph hereof, on the grounds that the Cure Amount that was paid was insufficient to cure any defaults that occurred and/or pay any amounts accruing between the date of delivery of the Assignment Notice and the assignment. No such objection will affect the validity or terms of the assignment, but the applicable Counterparty shall have a claim with administrative expense priority against the assigning Debtor for any additional Cure Amount that the Debtors agree is due or the Court determines is owed to the Counterparty, and the Debtors shall pay such additional amount within five (5) business days of the Debtors' agreement that the amount is due or entry of a final order by the Court determining that the amount is due; and it is further

ORDERED that the Debtors are hereby authorized to execute and deliver all instruments and documents, and take such other actions (including making payments, which may be to or for the benefit of the assignees), as may be necessary or appropriate to implement and effectuate assumptions and assignments authorized by this Order; and it is further

ORDERED that unless a Derivative Contract is being assigned with the express written consent of the applicable Counterparty (and any other consents required pursuant to the applicable Derivative Contract, related documents to which the applicable Debtor is a party, or terms of related documents with which the applicable Debtor has agreed to comply), in any instance where a Derivative Contract is memorialized pursuant to a master agreement, the Debtors may only assume and assign the master agreement

and all transactions entered into under the master agreement to a single assignee pursuant to these procedures; and it is further

ORDERED that nothing in this Order shall affect any right of any Counterparty to exercise any rights described in Sections 362, 555, 556, 559, 560, 561, or 562 of the Bankruptcy Code; and it is further

ORDERED that this Order shall not modify in any manner the Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts, entered by this Court on December 16, 2008, or any supplemental orders that may be entered by the Court from time to time in respect thereof (collectively, the "<u>December 2008 Order</u>"), or any objections filed in respect of the motion seeking entry of the December 2008 Order, and the delivery of an Assignment Notice pursuant to the terms of this Order with respect to a Derivative Contract is without prejudice to the rights of the Debtors to seek to assume and assign such Derivative Contract pursuant to the terms of the December 2008 Order; and it is further

ORDERED that entry of this Order is without prejudice to any other rights of the Debtors, including, but not limited to, the right to assert that any purportedly terminated contract was not validly terminated and to seek further, other, or different relief regarding the Derivative Contracts pursuant to, among other things, section 365 of the Bankruptcy Code; and it is further

ORDERED that this Order does not apply to, and shall not be effective with respect to, any Derivative Contract in which the Counterparty is Libra CDO Limited, Pyxis ABS CDO 2007-1 Ltd., or MKP Vela CBO, Ltd.; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6006(a) and 9014 are satisfied; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order and/or the terms of any assumption and assignment consummated in the manner set forth herein; provided, however, that this retention of jurisdiction shall not affect the right of any party to a jury trial or confer jurisdiction on this Court if it does not otherwise exist.

Dated: January 28, 2009
      New York, New York

*/s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE