**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
　　　　　　　　　　　　　　　　　　　　　　　:
In re　　　　　　　　　　　　　　　　　　　　:　Chapter 11 Case No.
　　　　　　　　　　　　　　　　　　　　　　　:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*　:　08-13555 (JMP)
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Debtors.　　　　　　　　:　(Jointly Administered)
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
-----------------------------------------------------------------------x

ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY
CODE, FEDERAL RULES OF BANKRUPTCY PROCEDURE
2002, 6004 AND 9014, AND RULES 6004-1, 9006-1 AND 9014-1
OF THE LOCAL BANKRUPTCY RULES FOR APPROVAL
OF THE SALE OF DEBTOR'S INTEREST IN A LOAN SECURED
BY PROPERTY LOCATED AT 816 CONGRESS AVENUE IN AUSTIN, TEXAS

　　　　　Upon the motion, dated January 6, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014, and Local Bankruptcy Rules 6004-1, 9006-1, and 9014-1 for approval of the sale (the "Proposed Sale") of the Debtors' interest in a loan secured by real property located at 816 Congress Avenue in Austin, Texas (the "Loan") pursuant to a Sale and Purchase Agreement dated as of December 16, 2008 (the "Sale Agreement") with Thompson National Properties (the "Purchaser"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10,

1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, proper, timely, adequate and sufficient notice of the Motion and Proposed Sale having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285]; and a reasonable opportunity to object or be heard regarding the Motion and Proposed Sale having been afforded to all such parties; and it appearing that no other or further notice need be provided; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

FURTHER FOUND AND DETERMINED THAT:

The Debtors have properly exercised their reasonable business judgment in executing the Sale Agreement. The Debtors have shown good and sufficient business justification under sections 105(a), 363(b) and (l) of the Bankruptcy Code for the sale of property outside a plan of reorganization.

The relief sought in the Motion is in the best interests of the Debtors, their estates, and creditors, and all parties in interest.

The ultimate consideration to be paid by the Purchaser (i) represents the best offer for the Loan and the Equity; (ii) is fair and reasonable; and (iii) provides for a greater recovery for the Debtors' creditors than would be provided by any other practical, available alternative.

The Purchaser is not an "insider" or "affiliate" of the Debtors (within the meaning of the Bankruptcy Code). The Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded thereby.

NOW, THEREFORE, IT IS HEREBY:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014, and Local Bankruptcy Rules 6004-1, 9006-1, and 9014-1, the Proposed Sale is approved and the Debtors are authorized, but not required, to consummate all of the transactions contemplated thereby, including, but not limited to, the Sale Agreement; and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, the Debtor's right, title, and interest in the Loan shall be sold to Purchaser free and clear of any and all liens, claims, and encumbrances; and it is further

ORDERED that nothing in this Order constitutes a determination, with respect to any asset not the subject of this Order, of any of the following: (i) whether LCPI has the right, under the Participation Agreement or otherwise, to sell or otherwise dispose of a Participated Asset without the consent of the Participant (as such terms are defined in the Participation Agreement); (ii) the rights and obligations of LCPI with respect to the proceeds of any such sale or disposition; (iii) whether LCPI may exercise any rights under Section 5.1(e) of the Participation Agreement; and (iv) whether it is necessary for the Participant to be separately represented in connection with the sale process for any Participated Assets in order to ensure that the marketing process and the

sale price are fair and reasonable with respect to the interests of the Participant; and it is further

ORDERED that nothing in this Order shall affect or restrict the rights and remedies of (a) U.S. Bank Trust National Association as Owner Trustee ("Owner Trustee"), with respect to any asset not the subject of this Order, under the relevant documents for the RESTRUCTURED ASSET SECURITIES WITH ENHANCED RETURNS, SERIES 2007-A TRUST and related transactions ("RACERS 2007"), and applicable law or (b) JPMorgan Chase Bank, N.A., as secured party, with respect to $5,000,000,000 in notes issued by RESTRUCTURED ASSET SECURITIES WITH ENHANCED RETURNS, SERIES 2007-7-MM TRUST and related transactions and applicable law, and (i) any sale proceeds from sale of assets of RACERS 2007 that are the subject of this order, shall be paid to the Owner Trustee, and (ii) the Participant's rights against the Debtors (but not the Purchasers) to pursue remedies, if any, in the event that the allocation of value between the Mezzanine Loan and the JV Entity (as defined in the Term Sheet) is not reasonable, are reserved; and it is further

ORDERED that the Purchaser is a good faith purchaser and is granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code and consummation of the Sale Agreement shall not be affected by reversal or modification on any appeal of this Order; and it is further

ORDERED that the Debtor is authorized to perform all obligations under the Sale Agreement and to execute such other documents and take such other actions as may be necessary or appropriate to effectuate the Sale Agreement and the provisions of this Order; and it is further

ORDERED that any stay imposed by Bankruptcy Rule 6004(h)[1] is hereby waived and this Order shall be immediately effective and enforceable; and it is further

ORDERED that nothing in this Order or in the Sale Agreement (i) releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order; or (ii) should be construed to give the Purchaser any more protection against any government unit than it is otherwise entitled to under 11 U.S.C. § 363(f)(1), (3), (4), or (5).  Nothing in this paragraph should be construed to create for any governmental unit any substantive right that does not already exist under law; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.

Dated:  January 28, 2009
        New York, New York

                                                    */s/ James M. Peck*_____
                                                    UNITED STATES BANKRUPTCY JUDGE

---

[1] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.