UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| In Re FIRST ALLIANCE MORTGAGE COMPANY, a California Corporation, et al.<br><br>Related Debtors. | Case No. SA CV 01-971 DOC<br><br>**NOTICE TO CLASS MEMBERS OF SETTLEMENT AND OF CLASS PLAINTIFFS' COUNSEL'S REQUEST FOR REIMBURSEMENT OF COSTS AND <u>EXPENSES</u>** |
| MICHAEL and BARBARA AUSTIN; WALTER and HARRIET BERRINGER; and GEORGE JEROLEMON, individually and on behalf of all others similarly situated,<br>               Plaintiffs,<br>vs.<br><br>BRIAN CHISICK; LEHMAN COMMERCIAL PAPER, INC., a New York Corporation; and LEHMAN BROTHERS, INC., a Delaware Corporation,<br>               Defendants. | |

TO:    ALL PERSONS WHO ACQUIRED HOME MORTGAGE LOANS FROM FIRST ALLIANCE MORTGAGE COMPANY ("FIRST ALLIANCE") FROM DECEMBER 30, 1998 THROUGH MARCH 23, 2000

**THIS NOTICE MAY AFFECT YOUR RIGHTS.  PLEASE READ IT CAREFULLY.**

This Notice is being sent to you, as ordered by the United States District Court for the Central District of California, to advise you of the preliminary approval of the settlement of *Austin, et al. v. Lehman Brothers, Inc., et al.*, Case No. SA CV 01-971 DOC (the "*Austin* Class Action").  The purpose of this Notice is to provide you with a summary of the proposed settlement and to advise you of your rights as a member of the Class with respect to the proposed settlement.

### IMPORTANT DEADLINES

- **To participate in the monetary relief provided by the settlement and receive any money to which you may be entitled, you must mail a Claim Form to the Claims Administrator postmarked no later than September 24, 2008.  A Claim Form and return envelope are included in this Notice packet.**

- **If you want to object to the settlement, or some part of the settlement, you must mail your written objection to the Claims Administrator, Class Counsel, and Defendants' counsel postmarked by August 30, 2008.**

**WHAT IS THIS CASE ABOUT?**

As previously disclosed in the Notice of Pendency dated December 16, 2002, mailed to Class Members (the "Notice of Pendency"), and in the Notice to Class Members of Judgment Following Trial in Class Action

1

and of Class Plaintiffs' Counsel's Request for Attorneys' Fees, dated June 30, 2004, the *Austin* Class Action is about whether Defendants Lehman Commercial Paper, Inc. and Lehman Brothers, Inc. (collectively "Lehman" or "Defendants") aided and abetted First Alliance's alleged fraudulent lending practices. In other words, this case is about whether First Alliance engaged in fraudulent lending practices in originating mortgage loans to Plaintiffs and the Class, and whether Defendants substantially assisted First Alliance and are liable to Plaintiffs and the Class. First Alliance, which is now bankrupt, was not a defendant in the *Austin* Class Action.

**WHAT HAS BEEN THE RESULT OF THE *AUSTIN* CLASS ACTION LITIGATION TO THIS POINT?**

The trial of the *Austin* Class Action started on February 13, 2003, in the United States District Court for the Central District of California. On June 16, 2003, the jury returned its verdict in favor of Plaintiffs and the Class.

Pursuant to the Judgment, among other things, the members of the Class who acquired mortgage loans from First Alliance from December 30, 1998 through March 23, 2000, would have recovered the sum of $5,091,392.80 from Defendants on the claim for aiding and abetting fraud. That judgment was to bear interest from the date it was entered until the date it was fully satisfied.

In a decision filed on December 8, 2006, however, the United States Court of Appeals for the Ninth Circuit reversed that verdict as to the amount of recovery. The Court of Appeals determined that the method that the jury had used in calculating damages was improperly advantageous to Plaintiffs and the Class. It ordered that the case be returned to the District Court for further proceedings and, likely, for a new trial.

**WHO IS IN THE CLASS?**

The Class defined in the Judgment consists of "all persons who acquired mortgage loans from First Alliance Mortgage Company from May 1, 1996 through March 31, 2000, which were used as collateral for First Alliance's warehouse credit line with Lehman Commercial Paper, Inc. or were securitized in transactions underwritten by Lehman Brothers, Inc., except for those persons who requested to be excluded from the Class." However, the Judgment provided that only members of the Class who acquired mortgage loans from First Alliance from December 30, 1998 through March 23, 2000, would recover on the Judgment.

The persons who excluded themselves from the Class in response to the prior Notice of Pendency were listed on an attachment to the Judgment.

**CAN I RECEIVE ANY MONEY FROM THE SETTLEMENT?**

Subject to final Court Approval of the settlement, if you acquired your mortgage loan from First Alliance from December 30, 1998 through March 23, 2000, and you did not exclude yourself from the Class, you are entitled to receive a share of the relief collected for the Class. According to the terms of the settlement, Defendants have agreed to provide relief in the amount of $2,000,000. Among those members of the Class who are entitled to recovery and who timely submit Claim Forms, the $2,000,000 settlement amount will be allocated in proportion to the amount of loan origination fees paid as to mortgage loans from First Alliance from December 30, 1998 through March 23, 2000. Five thousand dollars will, however, be set aside for each of the couples that served the Class by representing them as named Plaintiffs in this legal action.

Class Members are urged to report any change of their address to the following: Austin v. Lehman Bros. Litigation, CPT Group, Inc., 16630 Aston Street, Irvine, CA 92606.

**WHAT WILL PLAINTIFFS' COUNSEL BE PAID?**

Under the terms of the settlement, Plaintiffs' Counsel will not seek any attorneys' fees for this action. They may seek recovery of a portion of their unreimbursed costs and expenses up to a maximum of $1,500,000. Their actual costs and expenses already far exceed that amount and continue to grow. Any award of costs and expenses would be subject to Court approval and would not be deducted from the award to members of the Class.

**HOW DO I MAKE A CLAIM FOR MONEY?**

If you are a Class Member, then you may be eligible to receive money from this settlement. You will receive money only if you submit a written Claim Form to the Claims Administrator, signed under oath, and postmarked no later than September 24, 2008. If you do not submit a Claim Form postmarked by September 24, 2008, then you will not receive any money from the settlement. However, even if you do not submit a Claim Form, you will still be bound by the settlement and release if it receives final approval by the Court.

A Claim Form and return envelope are included in this Notice Packet. You should review the information on the Claim Form carefully, and correct any information that is incorrect. Make sure to provide all of the information requested on the Claim Form, sign and date the Claim Form, and return it in the return envelope postmarked no later than September 24, 2008.

Those Claim Forms that are submitted on time will be evaluated by a Claims Administrator, and payments will be made to Class Members on the basis of (1) whether you acquired a mortgage loan from December 30, 1998 through March 23, 2000, (2) whether you excluded yourself from the Class, and (3) the dollar amount of loan origination fees that you paid with respect to your mortgage loan.

**RELEASE OF CLAIMS**

If the Court grants final approval of the settlement, then all Class Members will release the Defendants for all claims certified by the Court in the legal action. When claims are "released," that means that a person covered by the release cannot sue the Defendants for any of the claims that are covered by the release.

The exact terms of the release are as follows:

4.1    <u>Releases</u>.  Upon the Effective Date, Plaintiffs and each and every Class Member for themselves, their attorneys, spouses, executors, representatives, heirs, successors, and assigns, in consideration of the relief set forth herein, the sufficiency of which consideration is expressly acknowledged, fully and finally release and forever discharge the Released Persons from all Released Claims, whether or not such Class Member executes and delivers any proof of claim or release or otherwise shares in the Settlement Funds.

4.2    <u>Release of Attorneys' Fees Claims</u>.  Plaintiffs and Plaintiffs' Counsel in this Action hereby release all claims for attorneys' fees against the Released Persons.

4.3    <u>Third Party Beneficiaries</u>.  No person or entity other than the Released Persons shall be entitled to the benefits of, or entitled to enforce, the releases provided for in this Agreement.

4.4    <u>Section 1542 Waiver</u>.  To the fullest extent permitted by law, Plaintiffs, on behalf of themselves and each and every Class Member, expressly waive the benefits of any statutory provision or common law rule that provides, in sum or substance, that a release does not extend to claims which the releasor does not know or suspect to exist in its favor at the time of executing the release, which if known by it, would have materially affected its settlement with the other party. In particular, but without limitation, Plaintiffs, on behalf of

themselves and each and every Class Member, understand the provisions of California Civil Code Section 1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs, on behalf of themselves and each and every Class Member, with the advice of counsel, hereby agree that (1) the provisions of California Civil Code Section 1542 are hereby knowingly and voluntarily waived and relinquished, and (ii) the provisions of all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction, to the extent that they are found to be applicable herein, also are hereby knowingly and voluntarily waived and relinquished. Notwithstanding the foregoing waiver of California Civil Code Section 1542, the Parties acknowledge that the releases set forth in this Agreement are specific to the matters set forth in the releases, although they include unknown claims, and are not intended to create general releases as to all claims, or potential claims, between the releasing and Released Persons.

4.5     Covenant Not to Sue.  Upon the Effective Date, each Class Member covenants and agrees to not seek to establish liability, or institute, maintain, collect, proceed, or otherwise assert any claims, demands, actions, or causes of action of any nature under federal or state law, on behalf of itself or any other person, entity or class, against any of the Released Persons, in whole or in part, for any of the Released Claims. The Parties agree that this covenant may be pled as a full and complete defense to any action, suit or other proceeding that may be instituted, prosecuted or attempted with respect to any of the Released Claims.

"Plaintiff" and/or "Plaintiffs" means Michael and Barbara Austin, Walter and Harriet Berringer, and George Jerolemon, individually and as representatives of the Class, and includes all Class Members.

"Effective Date" means the date this Settlement becomes effective as between Lehman and Plaintiffs in accordance with the provisions of Paragraph 3.7.

"Class" means and refers to all persons who acquired mortgage loans from First Alliance from December 30, 1998 through March 31, 2000, which were used as collateral for First Alliance's warehouse credit line with Lehman Commercial Paper, Inc. or were securitized in transactions underwritten by Lehman Brothers, Inc. Excluded from the Class are those persons who timely and properly opted out of the Certified Class.

"Class Member" means a Person who falls within the definition of the Class as set forth in Paragraph 1.2.

"Released Claims" means any and all claims, causes of action, demands, rights, actions, suits, liabilities, and requests for equitable, legal and administrative relief of any kind or nature whatsoever ("Claims") that have been or could have been asserted in any forum by any Plaintiff against any of the Released Persons, arising from or relating to: (i) any of the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, alleged or referred to in this Action or that could have been alleged based upon the facts alleged in this Action, including without limitation any and all Claims that were or could have been asserted against Lehman under federal, state, local, statutory or common law, including but not limited to, unfair competition statutes and common law principles, unjust enrichment principles, or any other common law, statutory or equitable theory; and (ii) the purchase or other acquisition of any FAMCO mortgage loan during the Class Period, and any other matters released by Plaintiffs and Plaintiffs' Lead Counsel as set forth in Paragraph 4 of this Agreement.

"Released Persons" means Lehman and any of their Related Persons.

4

"Settlement" means the settlement of this Action and related claims effectuated by this Agreement between the Parties.

"Settlement Funds" means the amounts to be paid by Lehman pursuant to Paragraph 2.1.

"Action" means the class action entitled <u>Michael and Barbara Austin, *et al.* v. Brian Chisick, *et al.*</u>, Case No. SA-CV-01-971 DOC, pending in the United States District Court for the Central District of California.

### THE SETTLEMENT PROCESS AND FINAL FAIRNESS HEARING

Every class action settlement must be approved by the court that presided over the class action. Thus far, the Court has decided only that the proposed settlement may be fair and so justifies the distribution of this Notice. In order to decide whether to give final approval to the proposed settlement, the Court will consider related papers and comments submitted by the parties or others and hold a hearing in open court. A Final Approval Hearing will be held on October 27, 2008, at 8:30 a.m., in the Courtroom of Judge David O. Carter, United States District Court, Central District of California, 411 W. Fourth Street, Santa Ana, California, Courtroom 9D. You may, but are not required, to attend this hearing. You may also enter an appearance in this case through your own attorney, at your own expense, if you so desire.

### OBJECTING TO THE SETTLEMENT

You may submit any objections to the proposed settlement in writing. For any such objections to be considered, they must be mailed to the Claims Administrator, Class Counsel (see p. 6 below), and Lehman's counsel (Fulbright & Jaworski LLP) by first class U.S. mail, postage prepaid, and postmarked by August 30, 2008. The Court has specified the following objection procedure:

Any Class Member may appear at the Final Approval Hearing and show cause why the Court should not approve this Settlement and dismiss the Action with prejudice as to Lehman, and may appear at the hearing to support or oppose Class Plaintiffs' Counsel's request for reimbursement of costs and expenses provided, however, that no Class Member shall be heard unless his, her or its objection or opposition is made in writing, signed by each individual member of the Class so objecting, and is filed, together with any papers or briefs in support of such objections, with the Court <u>on or before October 14, 2008</u>. All such written objections and papers shall be copied to Plaintiffs' Lead Counsel and counsel for Lehman, by first-class mail, postage prepaid, on or before October 14, 2008.

The objection shall include: (i) the complete name and residence or business address of the individual Class Member so objecting (giving the address of any lawyer who represents the Class Member is not sufficient); (ii) a statement, signed under penalty of perjury by the objecting Class Member, that the member obtained a FAMCO mortgage loan during the Class Period; and (iii) each ground for comment or objection and any supporting papers the Class Member desires the Court to consider.

### IF THE SETTLEMENT IS NOT APPROVED

If the settlement is not approved by the Court, it will be voided, no money will be paid, and the case will likely proceed to trial as directed by the Court of Appeals. If that happens, however, there is no assurance that the verdict at trial, if any, would be as favorable to the members of the Class as this settlement or that any such verdict would be upheld if any appeal were filed.

.    **CLASS COUNSEL**

The Court has approved and appointed a number of firms to represent all members of the Class. Class Counsel can be reached at the following telephone number: (800) 546-4021. Class Counsel are the Scruggs Law Firm (Lead Counsel); Lieff, Cabraser, Heimann & Bernstein, LLP; Milberg LLP (f/k/a Milberg Weiss Bershad Hynes & Lerach LLP); Carroll, Warren & Parker; the Law Offices of Sheila Canavan; the Law Offices of Ashley Hutchings Hendren, PLLC; Jenkins & Mulligan; the Law Office of David B. Zlotnik; and Berger & Montague, P.C.

.    **FURTHER INFORMATION ABOUT THE SETTLEMENT**

If you have any questions concerning this settlement or your options described in this Notice, you may contact free of charge the Claims Administrator by calling toll free (877) 846-9640, or by writing to Austin v. Lehman Bros. Litigation, CPT Group, Inc., 16630 Aston Street, Irvine, CA 92606.

You may also contact Plaintiffs' Counsel at the following address and telephone number:

Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
(888) 321-1510

PLEASE DO NOT CONTACT THE COURT EXCEPT AS SPECIFIED ABOVE.

This Notice provides only a summary of matters about this action. You may seek the advice and guidance of your own private attorney, at your own expense, if you wish.

DATED:    July 16, 2008    .

734336.8