UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
:
In re                                                           :     Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :     08-13555 (JMP)
                                                                :
             Debtors.                                       :     (Jointly Administered)
                                                                :
                                                                :
----------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF REILLY POZNER LLP AS SPECIAL COUNSEL TO DEBTORS, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon consideration of the application, dated January 14, 2009 (the "Application")[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to employ and retain Reilly Pozner LLP ("RP") as special counsel to the Debtors *nunc pro tunc* to the Commencement Date; and upon the Affidavit of Michael A. Rollin, a member of RP (the "Rollin Affidavit"), filed in support of the Application; and the Court being satisfied, based on the representations made in the Application and the Rollin Affidavit, that RP represents no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under section 327 of the Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

**ERROR! UNKNOWN DOCUMENT PROPERTY NAME.**

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing thereof, it is

ORDERED that the Application is approved; and it is further

ORDERED that pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain RP as special counsel to the Debtors on the terms set forth in the Application and this order, effective *nunc pro tunc* to the Commencement Date, for the matters identified in the Application and in accordance with RP's customary rates in effect from time to time and its disbursement policies; and it is further

ORDERED that RP shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, local rules and orders of the Court, guidelines established by the

U.S. Trustee, and such other procedures as may be fixed by order of this Court, including but not limited to the Court's Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals.

Dated: January 28, 2009
      New York, New York

                                   */s/ James M. Peck*_____
                                   UNITED STATES BANKRUPTCY JUDGE