Presentment ate and Time: January 29, 2009 at 12:00 noon
Objection Deadline: January 29, 2009 at 11:30 a.m.

**IN THE UNITED STATES BANKRUPTCY**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al*., | Case No. 08-13555 (JMP) Jointly Administered |
| Debtors. | |

**LEAD PLAINTIFF'S LIMITED OBJECTION TO ORDER AND STIPULATION**
**BETWEEN THE DEBTORS AND THE EXAMINER**

Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, Northern Ireland Local Government Officers' Superannuation Committee, City of Edinburgh Council as Administering Authority of the Lothian Pension Fund, and Operating Engineers Local 3 Trust Fund, the court-appointed lead plaintiffs (collectively, the "Lead Plaintiffs") in the consolidated securities class action pending in the United States District Court for the Southern District of New York captioned, *In re Lehman Brothers Equity/Debt Securities Litigation*, Case No. 08-05523 (LAK) (the "Securities Litigation"), by and through their undersigned counsel, submit this limited objection to the proposed order and stipulation (the "Stipulation") (Docket No. 2642) between the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Anton R. Valukas, Esq., in his capacity as the examiner (the "Examiner") in these cases. In support of this Limited Objection, Lead Plaintiffs respectfully state:

**RELEVANT BACKGROUND**

**A.    Relevant Procedural Background.**

1.    On September 15, 2008 (the "Petition Date"), LBHI filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On and after the Petition Date, the other Debtors in these cases filed voluntary petitions for relief. The Debtors' chapter 11 cases are being jointly administered in this Court.

2.    The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to section 1107 and 1108(a) of the Bankruptcy Code.

3. On September 17, 2008, the United States Trustee appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

**B.     The Securities Litigation.**

4. On April 29, 2008, a securities class action styled *Southeastern Pennsylvania Transportation Authority v. Lehman Brothers Holdings Inc., et al.*, No. 08-CV-2431, was filed in the Northern District of Illinois against LBHI and certain of its officers. On June 18, 2008, the Securities Litigation was commenced in the United States District Court for the Southern District of New York. Conforming to the lead plaintiff deadlines established by the Private Securities Litigation Reform Act of 1995 and repeated in the notices circulated in connection with the *Southeastern Pennsylvania Transportation Authority* action and the Securities Litigation, on June 30, 2008, Lead Plaintiffs moved for appointment as lead plaintiffs in the Securities Litigation. On July 31, 2008, Judge Lewis A. Kaplan entered an order appointing Lead Plaintiffs and approving Lead Plaintiffs' selection of counsel. On January 9, 2009, Judge Lewis A. Kaplan entered an order, *inter alia*, consolidating the various securities class actions and designating Lead Plaintiffs as the lead plaintiffs and approving Lead Plaintiff's selection of counsel in the now-consolidated class action.

5. Lead Plaintiffs are, and represent, persons and entities who purchased or acquired publicly-traded securities of LBHI between June 12, 2007 and September 15, 2008 inclusive (the "Class Period").

6. Defendants in the Securities Litigation are Richard S. Fuld, Jr., the Debtors' former president and chief executive officer; Christopher M. O'Meara, the Debtors' former chief financial officer, controller and executive vice president; Joseph M. Gregory, the Debtors' former chief operating officer; Erin Callan, the Debtors' former chief financial officer and executive vice president; Ian Lowitt, the Debtors' former chief financial officer; former directors of the Debtors Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, and

John D. Macomber; and underwriters of certain of the Debtors' securities.[1]

7.  In summary, the Securities Litigation arises from LBHI's undisclosed exposure to losses from distressed mortgage and asset-backed securities. Throughout the Class Period, LBHI, one of the largest financial institutions in the United States, purchased and packaged residential and commercial mortgages and other collateralized debt obligations into complex securities that were sold to investors or held for LBHI's own benefit.

## C. Appointment Of The Examiner And The Proposed Stipulation.

8.  On January 16, 2009, the Court entered an Order Directing Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code. This order directs the Examiner to conduct an investigation into certain matters and to perform the duties specified in sections 1106(a)(3) and (4) of the Bankruptcy Code.

9.  The Debtors are ostensibly seeking approval of the Stipulation to preserve any existing attorney-client privilege, work product doctrine protections and any other privileges or protections that the Debtors may have in connection with the Shared Information (as defined in the Stipulation) provided by the Debtors to the Examiner. However, as set forth below, certain aspects of the Stipulation are either unclear or may inappropriately impact the rights of parties in interest (such as the Lead Plaintiffs) who are not parties to the Stipulation.

## **LIMITED OBJECTION**

10.  Lead Plaintiffs do not oppose the Debtors' efforts to take reasonable precautions to safeguard the information they will provide to the Examiner. However, the Debtors' interests in protecting such information must be balanced with the rights of other parties in interest. In certain respects, the Stipulation prejudices the rights of parties in interest (such as the Lead Plaintiffs) and should be modified as set forth below to protect against what may be

---

[1]   By virtue of the chapter 11 filings, the Securities Litigation is stayed against the Debtors only pursuant to section 362(a) of the Bankruptcy Code; thus, the consolidated class action complaint, which was filed in the Securities Litigation after the Petition Date, does not assert claims against the Debtors.

unintended consequences.

11. In an effort to resolve Lead Plaintiffs' concerns, counsel for Lead Plaintiffs contacted Debtors' counsel in advance of the January 29, 2009 objection deadline and provided a draft of this Limited Objection to Debtors' counsel. In the discussions that have ensued, the Debtors, for themselves and not for the Examiner, have agreed (as indicated in paragraphs 12, 14, 16 and 18 below) to revise the Stipulation to address certain of Lead Plaintiffs' objections to the Stipulation. Nevertheless, other concerns with the Stipulation remain unresolved, and Lead Plaintiffs are constrained to file this Limited Objection.

12. First, the Stipulation and proposed order approving the Stipulation should not be deemed a determination as to the propriety and validity of the Debtors' asserted privileges and protections. Parties in interest, including Lead Plaintiffs, should retain the right to object to the assertion of such privileges and protections and should not be prohibited from access to the Shared Information at an appropriate time solely because of the Debtors' unilateral designation of Shared Information as privileged or otherwise not subject to disclosure in the context of the Stipulation. The Stipulation should provide that it shall not affect the rights of any third party to object, under any appropriate circumstances, to the Debtors' assertion that certain Shared Information may be subject to a privilege or otherwise protected from discovery. Counsel for the Debtors have indicated to counsel for Lead Plaintiffs that the Debtors are willing to revise the Stipulation to address this concern.

13. Paragraph 4 of the Stipulation should also be revised to include a requirement that, in the event of an objection by the Debtors to the Examiner's production of Shared Information, all parties in interest will receive notice and be given an opportunity to be heard. Such notice is appropriate under circumstances where the Court's determination may impact the rights of a third party to access documents in the future.

14. Second, the entry of any order approving the Stipulation should not impact the public availability of any report ultimately filed by the Examiner with respect to the Examiner's investigation. The issue of the public availability of the Examiner's report, if there is

such an issue, should be left for another day. Counsel for the Debtors have indicated to counsel for Lead Plaintiffs that the Debtors are willing to revise the Stipulation to address this concern.

15. Third, paragraph 5 of the Stipulation requires that if the Examiner seeks to share Shared Information (whether through any oral or written report of the Examiner, witness interview, deposition, or examination under Fed. R. Bankr. P. 2004) with any persons or entities without the Debtors' advanced, written consent, the Examiner must file an application *in camera*, for authority to share such Shared Information. Neither the Motion nor the Stipulation provides any basis for filing such an application *in camera*. Lead Plaintiffs understand that documents may need to be filed under seal, but that does not mean that the entire application should be withheld from public scrutiny where the Court's determination could impact the rights of third parties who would otherwise be unaware of the proceedings. An appropriate motion should be made pursuant to 11 U.S.C. § 107, and any such application should be filed on notice to parties in interest with an opportunity to be heard.[2]

16. Moreover, the provision in paragraph 5 of the Stipulation that prevents the Examiner from sharing Shared Information "whether through any oral or written report of the Examiner…," *see* Stipulation at ¶ 5, inappropriately presupposes that aspects of the Examiner's report will not be made available to the public. As previously discussed, the issue of the public availability of the Examiner's report should be considered at the appropriate time and not be impacted through this Stipulation (to which only the Debtors and Examiner are parties). The Stipulation should therefore include the following additional language: "This Stipulation shall not impact the public availability of any report filed by the Examiner with respect to the Examiner's Investigation." As set forth in paragraph 14 above, counsel for the Debtors have indicated to counsel for Lead Plaintiffs that the Debtors are willing to revise the Stipulation to address this concern.

---

[2] Similarly, paragraph 6 of the Stipulation provides that Lehman shall have ten (10) business days to seek relief from the Court preventing the Examiner from disclosing Shared Information that he contends is available publicly. Any such relief sought by Lehman should be on appropriate notice to parties in interest with an opportunity to be heard.

17. Paragraph 8 of the Stipulation creates an obligation on third-parties, who are not parties to the Stipulation, but who may receive Shared Information, inadvertently or not, to immediately return that Shared Information. This provision of the Stipulation is improper inasmuch as it binds parties who are not parties to the Stipulation. Accordingly, the second full sentence in paragraph 8[3] of the Stipulation must be removed. The Debtors can certainly reserve their rights against any third party who they believe inappropriately obtained Shared Information and take whatever action they deem appropriate.

18. Finally, paragraph 9 of the Stipulation provides that "[n]othing in this Stipulation is intended to expand or limit the rights, responsibilities, and powers of Lehman and/or the Examiner." This language should include all parties in interest, so that the Stipulation does not foreclose the rights of any party in interest to contest the Debtors' claims of privilege, to seek access to Shared Information, or to assert any other rights that they may have (which rights cannot be affected by the Stipulation because, *inter alia*, only the Debtors and the Examiner are parties to it). The language that counsel for the Debtors has indicated they are prepared to include in the Stipulation, as described in paragraph 12 above, resolves this concern.

## CONCLUSION

19. The Debtors have made it abundantly clear that transparency is a critical issue in this chapter 11 proceeding. Indeed, the issue of transparency is an overarching concern for all parties in interest, not just the Debtors. The remaining concerns raised by Lead Plaintiffs above are intended to ensure that the rights of all parties in interest to seek information from the Debtors and others are protected and not predetermined in a bilateral agreement between the Debtors and the Examiner, without jeopardizing the Debtors' rights to maintain any applicable privileges with respect to information that they provide to the Examiner in the course of his

---

[3] This sentence reads as follows: "Furthermore, any third-party who has received Shared Information from the Examiner other than in compliance with this Stipulation, whether inadvertent or not, shall, upon learning that any documents or materials are Shared Information, immediately return all Shared Information to Lehman no later than two (2) calendar days from receipt of a request for the return of the Shared Information by Lehman or the Examiner."

investigation.

        **WHEREFORE**, Lead Plaintiffs respectfully request that the Court deny approval of the Stipulation unless it is modified to address the issues raised herein that remain unresolved.

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

By: /s/ *Michael S. Etkin*
Michael S. Etkin, Esq. (ME 0570)
S. Jason Teele, Esq. (ST 7390)
1251 Avenue of the Americas, 18th Floor
New York, New York 10022

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)
*Bankruptcy Counsel to Lead Plaintiffs*

-- and --

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
John P. "Sean" Coffey, Esq.
1285 Avenue of the Americas
New York, New York 10019
212.554.1400 (Telephone)
212.554.1444 (Facsimile)

-- and --

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
David R. Stickney, Esq.
12481 High Bluff Drive
Suite 300
San Diego, CA 92130
858.793.0070 (Telephone)
858.793.0323 (Facsimile)

-- and --

-8-

                                        **BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**
John A. Kehoe, Esq.
Benjamin J. Hinerfeld, Esq.
280 King of Prussia Road
Radnor, PA 19087
610.667.7706 (Telephone)
610.667.7056 (Facsimile)

Dated: January 29, 2009
       New York, New York