**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                          :
In re                                                     :        **Chapter 11 Case No.**
                                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*              :        **08-13555 (JMP)**
                                                          :
                                   **Debtors.**           :        **(Jointly Administered)**
                                                          :
                                                          :
-------------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER BETWEEN THE DEBTORS AND ANITA BRYANT PROVIDING FOR RELIEF FROM THE AUTOMATIC STAY FOR THE LIMITED PURPOSE OF PERMITTING ANITA BRYANT TO CONTINUE THE ACTION AND LIMIT ANY RECOVERY TO THE INSURANCE PROCEEDS

RECITALS:

      A.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court (collectively, the "Debtors") voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

      B.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

C.      Anita Bryant ("Ms. Bryant") was allegedly employed as an electrician by Unity Electric ("Unity"), an electrical subcontractor that was providing services at an office renovation project for LBHI, located at 1301 6th Avenue, New York, New York (the "Project").

D.      On or about April 26, 2005, Ms. Bryant was allegedly injured as a result of a construction accident at the Project (the "Construction Accident").

E.      On or about December 27, 2005, Ms. Bryant commenced an action in the Supreme Court of New York, Queens County, styled as index number 25563/05 (the "Action"), against LBHI, Henegan Construction Company, Inc. ("Henegan"), the general contactor, 1301 Properties LLC, the building owner, and Equity Office Properties Management Corporation, the property management company (collectively, the "Defendants"), to recover money damages for personal injuries Ms. Bryant purportedly incurred as a result of the Construction Accident.

F.      Travelers Indemnity Company ("Travelers") issued a commercial general liability insurance policy to Henegan for the Project (the "Travelers Policy").  LBHI is an additional insured under the Travelers Policy.  After commencement of the Action, Travelers agreed to assume the defense and indemnification.

G.      Certain Defendants in the Action commenced a declaratory judgment action against Unity's insurer, Virginia Surety Company, Inc. ("Virginia Surety"), in the Supreme Court of New York, County of New York, styled as index number 111306/08 (the "Declaratory Judgment Action"), to enforce their contractual indemnification rights as additional insureds under Unity's policy for the Project provided by Virginia Surety (the "Virginia Surety Policy").

H.      As a result of the commencement of the Debtors' chapter 11 cases, the Action was stayed as against LBHI pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay").

I.      Ms. Bryant has requested relief from the Automatic Stay imposed in LBHI's chapter 11 case to continue the Action and limit her recovery, if any, to the extent of the insurance policy proceeds that may be payable to Ms. Bryant under the Travelers Policy, Virginia Surety Policy, or any other applicable policy that covers the claims asserted by Ms. Bryant in her Action (the "<u>Insurance Proceeds</u>").

J.      In light of the foregoing, the Debtors and Ms. Bryant (each a "<u>Party</u>" and together, the "<u>Parties</u>") have agreed, subject to approval of this Court, to modify the Automatic Stay for the limited purpose of permitting Ms. Bryant to continue the Action against the Defendants and/or settle the Action and limit her recovery to the Insurance Proceeds.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED by and between the Debtors and Ms. Bryant, through their undersigned counsel, that:

1.      The Automatic Stay in LBHI's chapter 11 case is hereby modified solely to the extent necessary to permit Ms. Bryant to continue the Action against the Defendants and/or settle the Action, *provided*, *however*, that the provisions of the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose before the commencement of LBHI's chapter 11 case from the Debtors' estates and/or assets or property of LBHI or the Debtors (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

2.      Notwithstanding LBHI's consent to the limited relief described herein, Ms. Bryant hereby forever waives and releases any and all Claims (as such term is defined in section 101(5) of the Bankruptcy Code), liabilities, causes of action, demands, and damages of whatever kind or nature and whether known or unknown  arising before or after the commencement of these chapter 11 cases from or in relation to the Action against LBHI or any other Debtor in the above-captioned chapter 11 cases except such Insurance Proceeds that might

become payable to Ms. Bryant under the Travelers Policy and/or under the Virginia Surety

Policy and hereby waives any and all rights to any recovery arising from or in relation to the

Action that exceeds the Insurance Proceeds available under the Travelers Policy and/or the

Virginia Surety Policy.

3.      The limited relief set forth herein shall not be construed as an admission of

liability by LBHI of any claim or cause of action arising from or in relation to the Action or any

counterclaim, cross-claim, or claim arising from or in connection to the Declaratory Judgment

Action.

4.      The Parties agree that this Court shall be the exclusive forum with respect

to any disputes or controversies relating to or arising under this Stipulation, Agreement, and

Order.

5.      This Stipulation, Agreement, and Order can only be amended or otherwise

modified by a signed writing executed by the Parties.

6.      The person who executes this Stipulation, Agreement, and Order by or on

behalf of each respective Party represents and warrants that he or she has been duly authorized

and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such

Party.

7.      This Stipulation, Agreement, and Order may be executed in counterparts,

each of which shall be deemed an original but all of which together shall constitute one and the

same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order

to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be

charged.

8.      This Stipulation, Agreement, and Order is subject to the approval of the

Court and upon such approval shall inure to the benefit of the parties hereto and their respective

successors and assigns.

9.      This Stipulation, Agreement, and Order shall be governed by the laws of

the State of New York, without regard to the application of New York's conflict of law

principles.

Dated: January 26, 2009
      New York, New York

                            /s/ Ellen Zweig
                            Neil Moldovan
                            Ellen Zweig

                            LAW OFFICES OF NEIL MOLDOVAN, P.C.
                            One Old Country Road, Suite 270
                            Carle Place, NY 11514
                            Telephone:  (516) 294-3300
                            Facsimile:  (516) 294-4019

                            Attorneys for Anita Bryant

Dated: January 26, 2009
      New York, New York

                            /s/ Shai Y. Waisman
                            Shai Y. Waisman

                            WEIL, GOTSHAL & MANGES LLP
                            767 Fifth Avenue
                            New York, New York 10153
                            Telephone: (212) 310-8000
                            Facsimile: (212) 310-8007

                            Attorneys for Debtors
                            and Debtors in Possession

SO ORDERED, this
28th day of January, 2009

/s/ James M. Peck
UNITED STATES BANKRUPTCY JUDGE