Proposed Hearing Date: February 11, 2009 at 10 a.m. (Prevailing Eastern Time)
Proposed Objection Deadline: February 6, 2009 at 4 p.m. (Prevailing Eastern Time)

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman  (Admitted *Pro Hac Vice*)

*Proposed Attorneys for Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

**NOTICE OF EXAMINER'S MOTION FOR AN ORDER DIRECTING THE
PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATIONS OF
THE DEBTORS' CURRENT AND FORMER OFFICERS, DIRECTORS AND
EMPLOYEES, AND OTHER PERSONS AND ENTITIES**

PLEASE TAKE NOTICE that a hearing on the attached Examiner's Motion for an Order Directing the Production of Documents and Authorizing the Examinations of the Debtors' Current and Former Officers, Directors and Employees, and Other Persons and Entities (the "Motion"), as more fully described in the Motion, will be held on **February 11, 2009 at 10 a.m. (Prevailing Eastern Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that the Hearing will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format (with two hard copies delivered directly to the Bankruptcy Court), and shall be served upon: (i) the Bankruptcy Court; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; (v) Cleary Gottlieb LLP, One Liberty Plaza, New York, NY 10006, Attn: Lindsee P. Granfield, Esq. and Lisa Schweitzer, Esq., and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Robinson B.

2

Lacy, Esq. and Hydee R. Feldstein, Esq., attorneys for the Debtors' postpetition lenders; (vi) Jenner & Block LLP, 919 Third Avenue, 37th Floor, New York, New York 10022-3908, Attn: Patrick J. Trostle, proposed attorneys for the Examiner; and (vii) any person or entity with a particularized interest in the subject matter of the Motion; so as to be received no later than **February 6, 2009, at 4 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: January 30, 2009
New York, New York

Respectfully submitted,

By: */s/ Robert L. Byman*
    Robert L. Byman
    (Admitted *Pro Hac Vice*)

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)

*Proposed Attorneys for the Examiner*

**Proposed Hearing Date: February 11, 2009 at 10 a.m. (Prevailing Eastern Time)**
**Proposed Objection Deadline : February 6, 2009 at 4 p.m. (Prevailing Eastern Time)**

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)

*Proposed Attorneys for Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------------x | : | |
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ------------------------------------------------------------------x | | |

**EXAMINER'S MOTION DIRECTING THE PRODUCTION OF DOCUMENTS AND
AUTHORIZING THE EXAMINATIONS OF THE DEBTORS' CURRENT AND
FORMER OFFICERS, DIRECTORS AND EMPLOYEES,
<u>AND OTHER PERSONS AND ENTITIES</u>**

Anton R. Valukas, Esq. ("<u>Mr. Valukas</u>"), the Examiner (the "<u>Examiner</u>") appointed for Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors (collectively, the "<u>Debtors</u>") in the above-captioned bankruptcy cases ("<u>Chapter 11 Cases</u>"), hereby moves (the "<u>Motion</u>") for an order, substantially in the form attached hereto as Exhibit A, pursuant to 11 U.S.C. §§ 105(a), 1106(a)(3)-(4) & (b), 1109(b), Fed. R. Bankr. P. 2004 ("<u>Rule 2004</u>") and ¶9 of the Order Directing

Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code [Docket # 2569] ("Examiner Order"), authorizing the examination of the current and former officers, directors, and employees of the Debtors, and other persons or entities with relevant information, including, without limitation, the Debtors' auditors, corporate counsel, lenders, investors, and other financial transaction counterparties to certain transactions with the Debtors (collectively, the "Witnesses"), in order to obtain all information in their possession, custody or control that is relevant to the issues the Court has directed the Examiner to investigate and in order for the Examiner to fully discharge his statutory duties imposed pursuant to section 1106 of the Bankruptcy Code and the Examiner Order.

In further support of this Motion, the Examiner states as follows:

**PRELIMINARY STATEMENT**

1. Authority to issue subpoenas under Rule 2004 is central to the Examiner's ability to fulfill his statutory and court-ordered mandates. By statute, the Examiner must, "as soon as practicable[,]" investigate the "acts, conduct, assets, liabilities . . . and any other matter relevant to the case . . . " and then file a report chronicling "any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of action available to the debtor . . . ." *See* 11 U.S.C. § 1106(a)(3)-(4). Under the Examiner Order, the Examiner must investigate specific topics related to the Chapter 11 Cases, including, *inter alia*, claims that certain Debtors may have against LBHI and the events immediately preceding the commencement of the LBHI chapter 11 case. *See* Examiner Order, ¶ 2 (the "Investigation").

2. Rule 2004 authority will best ensure that the Examiner gains immediate and complete access to information in three ways: *First*, it will help ensure voluntary cooperation with the

2

Investigation. *Second*, where such cooperation does not occur, the subpoena authority will provide the Examiner with an important tool to access relevant information. *Third,* particularly with certain corporations and governmental entities, it is common that the production of documents and/or providing testimony is conditioned upon the issuance of a subpoena to such entities. In such cases, ready subpoena authority will ensure expeditious access to relevant information.

3.  Most significantly, without the requested Rule 2004 authority, the Examiner's ability to complete the thorough investigation mandated by statute "as soon as practicable" could be compromised. The Examiner would be forced to file separate applications with the Court for each examination or document production where Witnesses failed to cooperate. This risks miring the Investigation in unnecessary litigation and delay.

4.  To further guarantee an orderly and efficient Investigation, the Examiner also seeks the implementation of standard procedures in connection with the Examiner's issuance of subpoenas, including, among other things, deadlines for Witnesses to produce documents, appear for examinations, file responses and/or objections to the subpoena and procedures for Witnesses' to assert claims of privilege.

5.  This Court recently granted similar relief to the Trustee ("SIPA Trustee") for the liquidation of the business of Lehman Brothers Inc. ("LBI"). This Court's January 15, 2009 Order is attached hereto as Exhibit B (granting the SIPA Trustee pre-approval to issue Rule 2004 subpoenas). Other courts have extended similar relief to examiners. *See SemCrude* (Case No. 08-11525) (Bankr. D. Del.) and *New Century TRS Holdings, Inc.* (Case No. 07-10416) (Bankr. D. Del.)) (both granting examiners pre-approval to issue Rule 2004 subpoenas). The *SemCrude* and *New Century* Orders are attached hereto as Exhibits C and D, respectively. The Examiner respectfully requests that the Court follow its prior order for the SIPA Trustee, *SemCrude* and *New*

3

*Century*. The same considerations for expedience, thoroughness and fulfillment of statutory mandates apply here.

## JURISDICTION & VENUE

6.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested in the Motion are, *inter alia*, 11 U.S.C. §§ 105, 1106 and 1109(b); Bankruptcy Rules 2004, 7030, 9014, and 9016; and Rules 30 and 45 of the Federal Rules of Civil Procedure.

## BACKGROUND

7.      On September 15, 16, and 23, 2008, October 3 and 5, 2008 and January 7 and 9, 2009, one or more of the Debtors'[1] filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.  The Debtors have continued to operate their businesses and manage their affairs as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

8.      On September 17, 2008, the U.S. Trustee for the Southern District of New York (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee").

9.      On January 16, 2009, the Bankruptcy Court entered the Examiner Order.  The Examiner Order ordered the U.S. Trustee to, *inter alia*, appoint the Examiner.

---

[1] In addition to LBHI, the following entities are debtors in the Chapter 11 Cases: LB 745 LLC; PAMI Statler Arms LLC; Lehman Brothers Commodity Services Inc.; Lehman Brothers Finance SA; Lehman Brothers Special Financing Inc.; Lehman Brothers OTC Derivatives Inc.; Lehman Brothers Derivative Products Inc.; Lehman Commercial Paper Inc.; Lehman Brothers Commercial Corporation; Lehman Brothers Financial Products Inc.; Fundo de Investimento Multimercado Credito Privado Navigator Investimento No Exterior; Lehman Scottish Finance L.P.; CES Aviation LLC; CES Aviation V LLC; CES Aviation IX LLC; East Dover Limited; Luxembourg Residential Properties Loan Financier S.a.r.l.; and BNC Mortgage LLC.

10. The Examiner Order mandated that the "Examiner shall perform the duties specified in sections 1106(a)(3) and (4) of the Bankruptcy Code [unless otherwise ordered.]"  Examiner Order ¶ 3.  Under 11 U.S.C. § 1106(a)(3), the Examiner must "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan[ unless ordered otherwise.]"  Under 11 U.S.C. § 1106(a)(4), the Examiner must, *inter alia*, "as soon as practicable . . . file a statement of any investigation conducted . . . including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of action available to the estate[.]"

11. The Examiner Order tailored the Examiner's duties to the investigation of particular matters in the Chapter 11 Cases.  Specifically, the Examiner Order directs the Examiner to investigate, *inter alia*, (i) the inter-company accounts and transfers among LBHI and its direct and indirect subsidiaries during the 30-day period preceding the LBHI chapter 11 case on September 15, 2008; (ii) whether any LBHI affiliate has a colorable claim against any entity for potentially voidable transfers or incurrences of debt; (iii) the transfer of the capital stock of certain LBI subsidiaries on or about September 19, 2008 to Lehman ALI, Inc.; and (iv) the events that occurred from September 4, 2008 through September 15, 2008 that may have resulted in commencement of LBHI's bankruptcy case.  Examiner Order at ¶ 2.

12. The Examiner Order expressly contemplates that the Examiner will move this Court for orders necessary to accomplish the Investigation: "This Order is without prejudice to the Examiner seeking other relief from the Court as the Examiner may deem appropriate in furtherance of the discharge of his or her duties and the investigation."  Examiner Order, ¶ 9.

5

13.     On January 19, 2009, the U.S. Trustee appointed Mr. Valukas as Examiner in the Chapter 11 Cases, subject to Court approval, and filed her Notice of such appointment. [Docket # 2570.] On January 20, 2009, the U.S. Trustee filed her application for an Order of this Court approving the appointment of Mr. Valukas as Examiner in the Chapter 11 Cases. [Docket # 2571.] On January 20, 2009, this Court entered an order approving the appointment by the U.S. Trustee of Mr. Valukas as Examiner in the Chapter 11 Cases. [Docket # 2583.]

14.     On January 23, 2009, the Examiner filed the Application of the Examiner for Order Authorizing the Retention and Employment of Jenner & Block LLP As His Counsel *Nunc Pro Tunc* as of January 19, 2009. [Docket # 2627.]

## RELIEF REQUESTED

15.     By this Motion, the Examiner respectfully requests entry of the proposed form of order attached as Exhibit A. The proposed order would authorize the Examiner, *inter alia*, to issue subpoenas directing the production of documents and the examination of Witnesses pursuant to Bankruptcy Rule 2004, without separate application to this Court for each subpoena or Witness, and in accordance with the procedures set forth in the proposed order. The Examiner respectfully believes that pre-approval to issue Rule 2004 subpoenas is critical to ensuring an efficient Investigation that will provide the Examiner with timely access to all relevant information necessary to complete a comprehensive report "as soon as practicable."

**BASIS FOR RELIEF**

    A.    <u>The Examiner Requires Subpoena Power to Fulfill His Statutory Duties.</u>

16.    Under Rule 2004(a), "the court may order the examination of any entity" based on the "motion of any party in interest." A court-appointed examiner is a "party in interest."[2] A Rule 2004 subpoena may compel production of documents or attendance of entities or persons for deposition or other testimony. *See* Fed. R. Bankr. P. 2004(c).

17.    The scope of a Rule 2004 subpoena has been described as "very broad[,]" Rule 2004 adv. comm. notes, and "unfettered[,]" *In re Bazemore*, 216 B.R. 1020, 1023 (Bankr. S.D. Ga. 1999) (citation omitted). Under Rule 2004(a), subpoenas may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . [or to] the operation of any business and the desirability of its continuance, the source of any money or property

---

[2] Courts routinely conclude that an examiner is a party-in-interest with standing to seek authorization for Rule 2004 investigation. For example, in *SemCrude*, the order appointing the examiner specified that the examiner was a "party-in-interest." Exhibit H ¶ 12. Even where courts have not expressly stated that an examiner is a party-in-interest, they necessarily reach this conclusion each time they grant examiners authority under Rule 2004 to issue subpoenas (such authority being exclusively available to "parties-in-interest"). *See, e.g., SemCrude, L.P., et al.*, (Case No. 08-11525) (Bankr. D. Del.); *In re New Century TRS Holdings, Inc.* (07-10416) (Bankr. D. Del.); *Fibermark, Inc.,* (Case No. 04-10463) (Bankr. D. Vt.); *In re Enron Corp., et al.,* (Case No. 01-16034 (AJG)) (Bankr. S.D.N.Y.) (all granting examiners Rule 2004 authority). The respective orders are attached as follows: Exhibit C (*SemCrude*); D (*New Century*); I (*Enron*); J (*Fibermark*).

Case law supports the conclusion that the Examiner is a party-in-interest here. In *In re Patton's Busy Bee Disposal Service, Inc.*, 182 B.R. 681, 686 (W.D.N.Y. 1995), the court stated that "where the examiner has assumed certain duties of a trustee, that examiner is a party in interest as to the obligations so assumed." The Examiner is a "party-in-interest" here because the Court ordered the Examiner to "perform the duties specified in sections 1106(a)(3) and (4)" - a section that expressly lists the duties of a "trustee." Thus, the Examiner in the Chapter 11 Cases has assumed the duties of a trustee and is a "party in interest" under 11 U.S.C. §1109(b).

7

acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan."

18.   The latitude ordinarily permitted to parties-in-interest under Rule 2004 is particularly expansive for examiners, given their significant statutory duties. *See In re Ionosphere Clubs, Inc*., 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) ("[t]he investigation of an examiner in bankruptcy, unlike civil discovery under Rule 26(c), is supposed to be a 'fishing expedition,' as exploratory and groping as appears proper to the Examiner[]") (citation omitted).  "Any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *Id.*

19.   Other courts have granted examiners pre-approval to issue Rule 2004 subpoenas. In *SemCrude* (08-11525) (Bankr. D. Del.) (Shannon, J.) and *New Century TRS Holdings, Inc.* (Case No. 07-10416) (D. Del.) (Carey, J.), the court-appointed examiners (respectively, Louis J. Freeh in *SemCrude* and Michael J. Missal in *New Century*) filed motions seeking pre-approval to issue Rule 2004 subpoenas. The *SemCrude* and *New Century* Motions are attached hereto as Exhibits E & F, respectively. Messrs. Freeh (*SemCrude*) and Missal (*New Century*) sought to examine various witnesses, including the debtors' former and current directors, officers and employees, third parties with information relevant to their respective investigations, and to issue subpoenas to compel attendance and production of relevant documents. *See* Exhibits E, at 1 (*SemCrude*) & F, at 1 (*New Century*).

20.   Both Judge Shannon (*SemCrude*) and Judge Carey (*New Century*) granted the examiners' motions using identical language:  "the Examiner is authorized to issue such subpoenas as may be necessary to compel the production of documents and the testimony of Witnesses in connection with his examination of the Witnesses." Exhibits C, at 2 (*SemCrude* Order) & D, at 2 (*New Century* Order).

8

21. Nearly identical relief was provided by this Court to the SIPA Trustee in *In re Lehman Brothers Inc.* (Case No. 08-01420 (JMP) SIPA) (Bankr. S.D.N.Y.). On December 11, 2008, the SIPA Trustee filed a motion seeking authorization from this Court to issue Rule 2004 subpoenas as necessary to satisfy his statutory responsibilities to investigate "the acts, conduct, property, liabilities, and financial condition of the debtor, the operation of the business, and any other matter, to the extent relevant to the liquidation proceeding." Exhibit G at 1 (the "SIPA Trustee's Motion") (citing 15 U.S.C. §78fff-1(d)(1)). The SIPA Trustee's Motion is attached hereto as Exhibit G. Relying on *SemCrude* and *New Century* precedent (at page 9 ¶ 19), the SIPA Trustee sought pre-approval to issue Rule 2004 subpoenas.

22. On January 15, 2009, this Court granted the SIPA Trustee's Motion. The Court's Order is attached hereto as Exhibit B. Consistent with the *SemCrude* and *New Century* orders, authorized the SIPA Trustee to issue such Rule 2004 Subpoenas as "may be necessary to compel the production of documents and the testimony of Witnesses in connection with his investigation of LBI . . . ." (Exhibit B, at 1.)

23. The relief provided in *SemCrude*, *New Century* and to the SIPA Trustee is warranted here. Like the SIPA Trustee, the Examiner's responsibilities are prescribed by statute. *See* 11 U.S.C. §1106(a)(3)-(4), (b) (setting out examiner's statutory duties). Rule 2004 authority would provide the Examiner the flexibility necessary to fulfill his statutory and court-ordered duties to investigate, and to efficiently and effectively complete that Investigation "as soon as practicable."

24. The Examiner would exercise Rule 2004 authority with deference to the Examiner Order's mandate to cooperate with other parties, including the Debtor, the Committee and the SIPA Trustee; the Examiner will take reasonable and appropriate steps to avoid "replication of efforts and duplication of services." *See* Examiner Order, ¶ 11. To these ends, the Examiner has met or

9

spoken with the Debtors and several parties-in-interest, as well as the SIPA Trustee and representatives from the various government agencies, including the Securities and Exchange Commission and the United States Attorneys in the Southern and Eastern Districts of New York and the District of New Jersey. Several parties-in-interest have indicated their future cooperation with the Examiner's Investigation. On January 26, 2009, the Debtors and Examiner filed a Stipulation setting out guidelines for the Debtors to provide Shared Information to the Examiner. [Docket # 2642.] Also, on January 28, 2009, the Examiner filed a Stipulation also setting out guidelines for the Committee to provide Shared Information to the Examiner. [Docket # 2679.] Going forward, the Examiner intends to seek voluntary interviews at mutually agreeable dates, times and places as much as possible, issuing subpoenas to compel a Witness's appearance for examination only when necessary.

25.     As the Examiner proceeds with his Investigation, including interviews and analyses of relevant documents, it will be evident that additional parties and documents need to be examined. Absent the issuance of a subpoena, the Examiner will be unable to compel Witnesses to produce documents and testify regarding the various matters included in the scope of the Investigation. If the Examiner is obligated to file a separate application with this Court to obtain discovery for each new lead or potential Witness who refuses to cooperate or unreasonably delays cooperation, it will unnecessarily impede and delay the Investigation at substantial cost and prejudice to the Debtors' estates. Thus, as in *SemCrude, New Century* and the SIPA Trustee's Motion, it is critical that the Examiner obtain the authority to issue subpoenas as necessary to discharge his duties and conduct an efficient and comprehensive Investigation.

B.     <u>A Streamlined Subpoena Process Is Necessary for an Efficient Investigation.</u>

26.     By this Motion, the Examiner also seeks to establish streamlined procedures governing subpoenas issued during the Investigation. These procedures are necessary for the Examiner to ensure

maximum coordination of effort and services among the parties, and to complete his Investigation "as soon as practicable."

27. Specifically, the proposed order for this Motion seeks to establish the following procedures in connection with the Examiner's issuance of subpoenas: (A) except as otherwise agreed by the Examiner, within ten (10) days of service of the Examiner's subpoena, Witnesses shall be directed to produce, on a rolling basis, all documents responsive to the Examiner's subpoena (except any documents withheld under a claim of privilege) or, within ten (10) days of service of the Examiner's subpoena, to file all objections and/or responses to the Examiner's subpoena with the Bankruptcy Court, with a hearing promptly scheduled; (B) if a Witness withholds any documents based upon a claim of privilege, the Witness must provide the Examiner with a privilege log containing the information required under Bankruptcy Rule 7026, within ten (10) days of the service of a subpoena upon such Witness (unless otherwise agreed by the Examiner); (C) the Witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Examiner, in no event more than fifteen (15) days from the service of a deposition subpoena upon a Witness; and (D) in accordance with Bankruptcy Rules 2004 and 9016, the Clerk of the Court shall issue subpoenas, signed but otherwise in blank, as requested by the Examiner.

28. Similar procedures were adopted by the courts in *SemCrude* and *New Century,* and by this Court in its order on the SIPA Trustee's Motion. *See* Exhibits B (SIPA Trustee Order), Exhibits C (*SemCrude*); and D (*New Century*). The Examiner respectfully suggests that those procedures should govern here.

29. Access to documents produced to the Examiner by any Witness will be limited to the Examiner and his professionals, with access provided to the SIPA Trustee as contemplated in the mutual protocol between the Examiner and the SIPA Trustee. Other parties may in the future have access when

11

and to the extent appropriate. Other cases, including *In re Enron Corp.* (Case No. 01-16034 (AJG)) (Bankr. S.D.N.Y.), have adopted analogous protections in connection with investigations undertaken by court-appointed examiners.

30. The Examiner respectfully submits that, based upon the circumstances of the Chapter 11 Cases, the proposed procedures are necessary and appropriate. The establishment of (and adherence to) deadlines for compliance with the subpoenas is crucial to the timely completion of the Investigation.

31. The proposed order, attached hereto as Exhibit A, does not limit the substantive rights of Witnesses or other parties under applicable law to object to or oppose any subpoena the Examiner may serve.

32. The Debtors have advised the Examiner that they support the relief sought in this Motion.

33. This Motion is without prejudice to the Examiner's right to file further motions, as warranted, seeking additional documents and testimony pursuant to Bankruptcy Rule 2004 or any other applicable law.

## NOTICE

34. Pursuant to the Order entered September 22, 2008 governing case management and administrative procedures [Docket # 285], the Examiner will provide notice of this Motion (i) to the Court; (ii) counsel for the Debtors; (iii) the U.S. Trustee; (iv) counsel for the Committee; (v) counsel for the Debtors' postpetition lenders; (vi) the Securities and Exchange Committee; (vii) the Internal Revenue Service; (viii) the United States Attorney for the Southern District of New York; (ix) any person with a particularized interest in the subject matter of the Motion; and (x) all parties who have requested notice in these Chapter 11 Cases.

## REQUESTED RELIEF

**WHEREFORE,** the Examiner respectfully requests that this Court enter an Order: (A) pursuant to Rule 2004, authorizing the Examiner to compel the production of documents and the testimony of Witnesses through the issuance of subpoenas when the Examiner's reasonable efforts to obtain voluntary compliance are unsuccessful; (B) authorizing the implementation of a streamlined procedure regarding the Examiner's issuance of subpoenas, including the establishment of deadlines for the Witness to produce responsive documents and appearance at an examination, deadlines for responses and objections to the Examiner's subpoenas, procedures for asserting privilege and procedures restricting access to documents produced to the Examiner and his counsel; and (C) granting the Examiner such other and further relief as is just and proper.

Dated: January 30, 2009
New York, New York

               Respectfully submitted,

               By: */s/ Robert L. Byman*
                 Robert L. Byman
                 (Admitted *Pro Hac Vice*)

               JENNER & BLOCK LLP
               919 Third Avenue, 37th Floor
               New York, New York 10022-3908
               Telephone:  (212) 891-1600
               Facsimile:  (212) 891-1699
               Patrick J. Trostle

               330 North Wabash Avenue
               Chicago, Illinois 60611-7603
               Telephone:  (312) 222-9350
               Facsimile:  (312) 527-0484
               Robert L. Byman (Admitted *Pro Hac Vice*)

               *Proposed Attorneys for the Examiner*