## Exhibit E

*SemCrude* **Motion**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
SEMCRUDE, L.P., et al.                                       :   Case No. 08 - 11525 (BLS)
                                                             :
            Debtors                                          :   Jointly Administered
                                                             :
                                                             :   Proposed Hearing Date: November 24, 2008 at
                                                             :   11:00 a.m.
                                                             :   Proposed Objection Deadline: November 24 2008
                                                             :   at 10:00 a.m.
                                                             :
------------------------------------------------------------ x

### EXAMINER'S MOTION FOR AN ORDER DIRECTING THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATION OF THE DEBTORS' CURRENT AND FORMER OFFICERS, DIRECTORS AND EMPLOYEES, AND OTHER PERSONS

Louis J. Freeh, Esq., the Examiner (the "Examiner") appointed in the above-captioned jointly administered chapter 11 cases, by and through his undersigned counsel, hereby moves (the "Motion"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Rules of this Court (the "Local Rules"), for an order authorizing the examination of the current and former officers, directors, and employees of SemCrude, L.P., its parent, SemGroup, L.P. ("SemGroup"), and certain direct or indirect subsidiaries of SemGroup, as debtors and debtors in possession in the above-referenced cases (collectively, the "Debtors"), and other persons or entities with relevant information including, without limitation, the Debtors' auditors, corporate counsel, lenders, investors, and other financial transaction counterparties to certain transactions with the Debtors (collectively, the "Witnesses"), in order to obtain all information in their possession, custody or control that is relevant to the issues the Court has directed the Examiner to investigate and in order for the Examiner to fully discharge his fiduciary and statutory duties imposed pursuant to section 1106 of the Bankruptcy Code. In support of the Motion, the Examiner respectfully represents as

follows:

## PRELIMINARY STATEMENT

1.  The investigation authorized by this Court is actively underway, and the Examiner and his professionals are working diligently to uncover all of the relevant facts and information relating to the various subject matters of investigation and to locate, and conduct interviews of, Witnesses with relevant information. However, in order for the Examiner to timely and efficiently complete a comprehensive investigation and fulfill his fiduciary and statutory duties, it is imperative that the Examiner gain immediate and complete access to information relating to, and persons and entities in possession of information regarding, the Debtors and the subject matters of the investigation. To date, the Debtors, the Official Committee of Unsecured Creditors (the "Committee") and Bank of America, N.A., the agent for the Debtors' prepetition and postpetition secured lenders ("BOA"), have cooperated with the Examiner and his professionals, and they have each pledged their future cooperation. Certain information and potential witnesses, however, are outside of the control of such parties. Moreover, as evidenced by the Debtors' motion for an order directing Thomas Kivisto, former President and Chief Executive Officer of SemGroup, and Brent C. Cooper, former Treasurer of SemGroup, to produce documents and appear for Bankruptcy Rule 2004 examinations based upon the Debtors' contention that they have not voluntarily agreed to meet with the Debtors and provide information regarding the Debtors' estate [*See* Docket no. 1892],[1] the Examiner anticipates that certain other Witnesses will refuse to voluntarily appear for an examination or produce

---

[1] Mr. Kivisto disputes this characterization and asserts that he has not refused a single request of the Debtors for return of any property or documents belonging to the Debtors. *See* Thomas L. Kivisto's Response and Objection to Debtors' Motion for an Order Pursuant to Rule 2004 of Federal Rules of Bankruptcy Procedure and Local Rule 2004-1 Directing the Production of Documents and Witnesses. [Docket No. 2307.]

2

documents responsive to the Examiner's document requests. In other instances, particularly with certain corporations and governmental entities, it is common that the production of documents and/or providing testimony is conditioned upon the issuance of a subpoena to such entities. Therefore, in order to avoid the significant expense, time and delay that would necessarily be incurred if the Examiner were forced to file separate applications for each examination or document production request he deems necessary, the Examiner seeks the implementation of a streamlined process whereby he can serve subpoenas, including document requests, on Witnesses that either refuse to voluntarily cooperate with the Examiner's request or condition their cooperation upon the issuance of a subpoena. Similar relief was sought and obtained by another examiner in the bankruptcy cases of *New Century TRS Holdings, Inc.* (Case Nos. 07-10416 (KJC). In *New Century*, Judge Carey granted Michael J. Missal, the court-appointed examiner ("Missal"), full authority to issue subpoenas requiring the production of documents and examination of witnesses upon persons and entities that Missal believed possessed information regarding his investigation. Here, the Examiner is entitled to the same subpoena powers to ensure an efficient and cost-effective investigation.

2.   By this Motion, in order to complete an independent investigation as expeditiously as possible, the Examiner also seeks the implementation of certain procedures in connection with the Examiner's issuance of subpoenas. The procedures are necessary to minimize the time and expense incurred in connection with scheduling and conducting the examinations, to maximize the information obtained from the Witnesses and to enable the Examiner to complete his investigation within the time set by this Court. Specifically, the Examiner seeks, subject to the Witnesses' rights available under applicable law, to establish certain time frames within which the proposed Witness is required to produce documents and

appear for an examination. In addition, access to documents produced by the Witnesses should be limited to the Examiner and his professionals, with access given to the Debtors provided that the Debtors execute a confidentiality agreement. Several other cases, including *Enron Corp.* (Case Nos. 01-16034 (AJG) (Bankr. S.D.N.Y.)), have employed similar procedures in connection with investigations undertaken by court-appointed examiners. *See Enron* orders annexed hereto as Exhibit A.

## JURISDICTION & VENUE

3.   This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in the Motion are sections 105 and 1106 of title the Bankruptcy Code; Bankruptcy Rules 2004, 7030, 9014, and 9016; Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure (the "Federal Rules"); and Local Rule 2004-1.

## BACKGROUND

4.   On July 22, 2008, and October 22, 2008, the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code in this Court (the "Chapter 11 Cases"). The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.   On August 1, 2008, the Office of the United States Trustee (the "UST") appointed the Committee.

6. Pursuant to the Order Directing United States Trustee to Appoint an Examiner (the "Examiner Order"), entered September 10, 2008, this Court granted the motion of the UST to appoint an examiner in the Debtors' bankruptcy cases. The Examiner Order, among other things, directed the UST to appoint an examiner in the Debtors' cases.

7. On October 14, 2008, the UST filed its Application for Order Approving the Appointment of Louis J. Freeh, Esq. as the Examiner in the Chapter 11 Cases (the "Freeh Examiner Application"). The Freeh Examiner Application was approved pursuant to the Order Approving the Appointment of Examiner entered on October 14, 2008, under which Louis J. Freeh, Esq. was appointed as the Examiner in the Debtors' cases.

8. The Examiner Order directed the Examiner to: (a) investigate the circumstances surrounding (i) the Debtors' Trading Strategy[2] and the transfer of their NYMEX account; (ii) the Insider Transactions and the formation of Energy Partners; and (iii) the potential improper use of borrowed funds and funds generated from the Debtors' operations and the liquidation of their assets to satisfy margin calls related to the Trading Strategy for the Debtors and certain entities owned or controlled by the Debtors' officers and directors; and (b) otherwise perform the duties of an examiner set forth in section 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code (collectively, the "Examiner Investigation"). *See* Examiner Order at ¶ 2.

9. The Examiner Order also directed the Examiner to report on whether: "(a) any directors, officers, or employees of the Debtors participated in fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtors and (b) the Debtors' estates have claims or causes of action against current or former officers,

---

[2] Capitalized terms in this paragraph not defined herein shall have the meanings ascribed to them in UST's Motion for an Order Directing the Appointment of an Examiner, dated August 12, 2008 (the "Examiner Motion"). [Docket no. 667.]

5

directors, or employees of the Debtors arising from any such participation." (collectively, the "Insider Investigation" and, together with the Examiner Investigation, the "Investigation"). *Id.* at ¶ 6.

10.   Pursuant to the terms of the Examiner Order, the Examiner is required to complete the Investigation within 120 days following the approval of the Examiner's work plan by the Bankruptcy Court (*i.e.*, on or about March 24, 2009), unless extended by the Bankruptcy Court on notice to parties who have filed notices of appearance in the Chapter 11 Cases. *Id.* at ¶ 8.

11.   To enable the Examiner to perform his investigation, the Examiner Order also conferred upon the Examiner the standing of a "party-in-interest" with respect to matters that are within the scope of his Investigation. *Id.* at ¶ 12.

## RELIEF REQUESTED

12.   By this Motion, the Examiner respectfully requests entry of the proposed form of order attached as Exhibit B, authorizing him to issue subpoenas directing the production of documents from Witnesses and the examination of Witnesses pursuant to Bankruptcy Rule 2004, without separate application to this Court for each Witness and in accordance with the procedures set forth in the proposed order. The Examiner believes that this authority is critical to the Investigation. The subpoena powers and procedures are vital to ensure that the Examiner has full access to all of the relevant information he needs to complete his Investigation in a timely manner.

## BASIS FOR RELIEF

A.   Subpoena Powers Are Critical to the Investigation

6

13. The relief sought in this Motion is neither novel nor unique. Bankruptcy Rule 2004(a) permits any party-in-interest to move for an order of the Court authorizing the examination of any entity. Fed. R. Bankr. P. 2004(a). Upon entry of an order authorizing a Bankruptcy Rule 2004 examination, the production of documents and the attendance of witnesses for examination may be compelled by subpoena as provided in Bankruptcy Rule 9016. Fed. R. Bankr. P. 2004(c). The scope of a Bankruptcy Rule 2004 examination is limited to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to discharge." Fed. R. Bankr. P. 2004(b). A party seeking authority to use Bankruptcy Rule 2004 must establish "good cause" for the relief requested. *See, e.g., Official Comm. of Unsecured Creditors v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994) (party seeking examination has burden of showing good cause for the examination it seeks).

14. Here, good cause also exists to conduct the proposed discovery pursuant to Bankruptcy Rule 2004. Under the terms of the Examiner Order, the Examiner has standing as a party in interest. The Examiner's request for documents from and proposed examinations of Witnesses also falls within the scope of Bankruptcy Rule 2004 because it relates to the Investigation which, in turn, directly involves issues affecting the properties and the liabilities of the Debtors.

15. Since his appointment, the Examiner and his professionals have met and conferred with the Debtors and their professionals and counsel for the Committee and BOA on several occasions. The Examiner has commenced preliminary interviews of Witnesses and has scheduled certain interviews of Witnesses who have voluntarily agreed to appear for interviews

7

to take place over the next few weeks. Despite his best efforts, however, the Examiner anticipates that he will be unable to secure voluntary interviews of all requested Witnesses within a reasonable timeframe, including certain members of Debtors' former senior management. In these instances, absent the issuance of a subpoena, the Examiner will be unable to compel Witnesses to produce documents and testify regarding the various matters included in the scope of the Investigation. Put simply, without the subpoena powers afforded under Bankruptcy Rule 2004, the Examiner will be unable to fulfill his obligations and fiduciary duties under the Examiner Order and section 1106 of the Bankruptcy Code.

16. Approval of similar subpoena powers was sought and obtained by the examiner appointed in the *New Century* cases. In *New Century*, Missal, the court-appointed examiner, filed a motion seeking the entry of an order authorizing him to examine various potential witnesses, including New Century's former and current directors, officers and employees and third parties with information relevant to his investigation and to issue subpoenas to compel their attendance and the production of relevant documents (the "New Century Motion"). A copy of the New Century Motion and the order granting the New Century Motion (the "New Century Order") is annexed hereto as Exhibit C.

17. Missal asserted that subpoena powers were necessary in order to facilitate his access to information relevant to the investigation. The New Century Motion did not identify the witnesses that Missal sought to examine or the documents he sought to have produced. Instead, Missal sought blanket authority in order to issue subpoenas to uncooperative witnesses without having to incur the expense and delay of filing a separate application for each person or entity. *See* New Century Motion at ¶ 10. Judge Carey granted the motion and entered the New Century Order, which authorized Missal "to issue such subpoenas as may be necessary to compel the

production of documents and the testimony of Witnesses [New Century's current and former officers, directors and employees, and other persons] in connection with his examination of the Witnesses." *See* New Century Order at page 2.

18. Similar relief is warranted here to give the Examiner the flexibility necessary in order to efficiently, effectively and timely complete the Investigation. As the Examiner proceeds with his interviews and analyzes the documents relevant to the Investigation, it will be evident that additional parties and documents need to be examined. If the Examiner is obligated to file a separate application with this Court to obtain discovery for each new lead or potential Witness who refuses to cooperate, it will unnecessarily impede and delay the Investigation at substantial cost and prejudice to the Debtors' estates. Thus, as was the case in *New Century*, it is critical that the Examiner be granted the authority to issue subpoenas in connection with the Investigation.

19. The Examiner has worked, and will continue to work, with counsel for the Debtors, the Committee, BOA and prospective Witnesses (or their known counsel) to schedule voluntary interviews at mutually agreeable dates, times and places before issuing subpoenas to compel a Witness's appearance for an examination. If, however, the Examiner is to complete his investigation promptly, he requires the ability to issue subpoenas to uncooperative Witnesses without having to incur the substantial expense and delay of making a separate application for every such person. Nothing in the Motion or the proposed order granting the Motion shall limit the rights of any Witness or any other party under applicable law to object to or oppose any subpoena the Examiner may serve upon such Witness.

B. <u>A Streamlined Subpoena Process Is Necessary for an Efficient Investigation</u>

9

20.   By this Motion, the Examiner also seeks to establish a streamlined process in connection with any subpoenas issued regarding the Investigation and to limit access to documents produced in response to subpoenas. A streamlined process is necessary in order for the Examiner to be in a position to complete his Investigation within the 120-day period prescribed in the Examiner Order.

21.   Specifically, the proposed order granting this Motion seeks to establish the following procedures in connection with the Examiner's issuance of subpoenas: A) Witnesses shall be directed to produce, on a rolling basis, all documents responsive to the Examiner's subpoena within ten (10) days of the service of the subpoena (unless otherwise agreed to by the Examiner), subject to any documents withheld under a claim of privilege; B) if a Witness withholds any documents based upon a claim of privilege, the Witness is obligated to provide counsel for the Examiner with a privilege log containing the information required under Bankruptcy Rule 7026(a)(5), within ten (10) days of the service of a subpoena upon such Witness (unless otherwise agreed to by the Examiner); and C) the Witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Examiner, in no event more than fifteen (15) days from the service of a deposition subpoena upon a Witness.

22.   The Examiner submits that, based upon the circumstances of the Chapter 11 Cases, the proposed procedures are necessary and appropriate. Many of the potential Witnesses were previously served with a Bankruptcy Rule 2004 motion filed by the Committee or the Debtors requesting information relevant to the Investigation.[3] The Examiner and his professionals have also spoken with numerous potential Witnesses about obtaining information

---

[3] The Examiner, the Committee, and the Debtors intend to coordinate their efforts with regard to these motions while reserving all rights.

10

and possible testimony from them regarding the Investigation. Accordingly, these parties are, and for some time have been, on notice that they may have relevant information regarding the Investigation. The establishment of (and adherence to) deadlines for compliance with the subpoenas is crucial to the timely completion of the Investigation.

## CONCLUSION

23. The Court should authorize the Examiner to examine the Witnesses pursuant to Bankruptcy Rule 2004, in order to facilitate the Examiner's access to relevant information regarding the subject matters of his Investigation, and to enable the Examiner to complete his investigation as quickly and efficiently as possible in order to fulfill his obligations and duties imposed under the terms of the Examiner Order and the Bankruptcy Code within the time period afforded in the Examiner Order.

## NOTICE

24. Notice of this Motion has been provided to the UST, counsel for the Debtors, counsel for the Committee, counsel for BOA, and Witnesses or their known counsel whom the Examiner has already sought unsuccessfully to interview or who have advised him that their cooperation is conditioned upon the issuance of a subpoena, and all parties requesting notice pursuant to Bankruptcy Rule 2002.

25. The Examiner is aware that Local Rule 2004-1(c) ordinarily requires service of a Bankruptcy Rule 2004 application on any proposed examinees or their known counsel. In this instance, however, literal compliance with Local Rule 2004-1(c) would be impossible, because it would require the Examiner to serve the Motion on prospective Witnesses whom the Examiner has not yet identified or located. Based upon the foregoing, the Examiner respectfully requests that this local rule be waived with respect to the Motion and that service be limited to the parties

listed above. A similar process and procedure was implemented in the *New Century* bankruptcy cases. *See* New Century Order annexed hereto as Exhibit C.

26. The Debtors have advised the Examiner that they support the relief sought in this Motion.

### REQUESTED RELIEF

**WHEREFORE**, the Examiner respectfully requests that this Court enter an Order: (i) authorizing the Examiner to compel the production of documents and the testimony of Witnesses through the issuance of subpoenas when the Examiner's reasonable efforts to obtain voluntary compliance are unsuccessful, pursuant to Bankruptcy Rule 2004; (ii) authorizing the implementation of a streamlined procedure regarding the Examiner's issuance of subpoenas including the establishment of deadlines for the Witness to produce responsive documents and appearance at an examination; and (iii) granting the Examiner such other and further relief as is just and proper.

Dated: Wilmington Delaware  
November 19, 2008

Respectfully submitted,

*/s/ Christopher A. Ward*
Christopher A. Ward (No. 3877)
POLSINELLI SHALTON FLANIGAN
SUELTHAUS PC
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921

-and-

Brett H. Miller, Esq.
Melissa A. Hager, Esq.
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Proposed Counsel for Louis J. Freeh, Esq.
Examiner*