## Exhibit G

**SIPA Trustee's Motion**

Hearing Date and Time: January 14, 2009 at 10:00 a.m.
Objection Deadline: January 9, 2009 at 4:00 p.m.

James B. Kobak, Jr.
David W. Wiltenburg
Christopher K. Kiplok
Jeffrey S. Margolin
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (JMP) SIPA |

### TRUSTEE'S MOTION FOR AN ORDER GRANTING AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND THE EXAMINATION OF THE DEBTOR'S CURRENT AND FORMER OFFICERS, DIRECTORS AND EMPLOYEES, AND OTHER PERSONS

James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of Lehman Brothers Inc. ("LBI"), by and through his undersigned counsel, respectfully makes this motion (the "Motion"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing the Trustee to issue subpoenas for the production of documents and the examination of the current and former officers, directors, employees, and affiliates of LBI, and other persons or entities with relevant information including, without limitation, LBI's lenders, investors, and other financial transaction counterparties to certain transactions with LBI (collectively, the "Witnesses"), in order to obtain all information in their possession, custody or control that is relevant to the issues the Trustee is empowered and obligated to investigate pursuant to section 78fff-1(d) of the Securities Investor

Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq*. In support of the Motion, the Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

1.  SIPA specifically provides that among the powers and duties vested in the Trustee is the requirement to "investigate the acts, conduct, property, liabilities, and financial condition of the debtor, the operation of its business, and any other matter, to the extent relevant to the liquidation proceeding." 15 U.S.C. § 78fff-1(d)(1). This provision requires the Trustee to examine, "by deposition or otherwise, the directors and officers of the debtor and any other witnesses concerning any matters" enumerated above. 15 U.S.C. § 78fff-1(d)(2). In conjunction with the mandated investigation, the Trustee must report its findings to the Court, including any facts the Trustee ascertains concerning "fraud, misconduct, mismanagement, and irregularities," as well as any possible causes of action to be pursued by the estate. 15 U.S.C. § 78fff-1(d)(1) and (3). Likewise, the Trustee must prepare and submit to SIPC and others designated by the Court a statement of the investigation. 15 U.S.C. § 78fff-1(d)(4). In anticipation of such an investigation and report, various enforcement and regulatory agencies, including the Securities and Exchange Commission and the Federal Reserve Bank of New York, have already expressed to the Trustee an interest in obtaining the Trustee's report at the conclusion of the Trustee's investigation.

2.  The Trustee's investigation into the events and circumstances that led to the commencement of the Liquidation of LBI under SIPA ("the LBI Liquidation Proceedings") is underway. The Trustee and his professionals are working diligently to uncover all of the relevant facts and information relating to the various subject matters of investigation (*see* ¶ 13, *infra*), to obtain documents and other data relevant to the Trustee's investigation, and to locate, and conduct interviews of, Witnesses with relevant information. In order for the Trustee to

timely and efficiently complete a comprehensive investigation and fulfill his fiduciary and statutory duties, however, it is imperative that the Trustee gain immediate and complete access to information relating to, and persons and entities in possession of information regarding, LBI and the subject matters of the investigation.

3. The Trustee intends and expects, in large part, to conduct his investigation with the voluntary cooperation of Witnesses and other entities. To date, the information the Trustee and his professionals have obtained has come as the result of the voluntary cooperation of Lehman Brothers Holdings Inc. ("LBHI"), Barclay's Capital Ltd. and others. Certain information and potential witnesses, however, are outside of the control of such parties, and those parties themselves may not be willing or feel themselves able to cooperate with all requests from the Trustee. Moreover, the Trustee anticipates that certain other Witnesses will refuse to voluntarily appear for an examination or produce documents responsive to the Trustee's document requests. In other instances, particularly with certain business and governmental entities, the Trustee anticipates that the production of documents and/or the provision of testimony will be conditioned upon the issuance of an appropriate subpoena. Therefore, in order to avoid the significant expense, time and delay that would necessarily be incurred if the Trustee were forced to file separate applications for each examination or document production request he deems necessary, the Trustee seeks the implementation of a streamlined process whereby he can serve subpoenas for documents and/or examinations on Witnesses that either refuse to voluntarily cooperate with the Trustee's request or condition their cooperation upon the issuance of a subpoena.

4. In light of SIPA's mandate that the Trustee conduct such an investigation, examine witnesses during the course of that investigation, and report to the Court and to SIPC

3

the results of the investigation, it is not surprising that bankruptcy courts have granted similar relief in other SIPA proceedings. *See, e.g., SIPC v. MJK Clearing, Inc.*, Adv. Proc. No. 01-4257 (RJK) (Bankr. D. Minn.); *In re New Times Securities Services, Inc.*, No. 800-8178 (SB) SIPA (Bankr. E.D.N.Y. June 30, 2000); *In re A.R. Baron & Co., Inc.*, No. 96-8831A (PBA) SIPA (Bankr. S.D.N.Y. March 3, 1997); *In re Weis Securities, Inc.*, 73 Civ. 2332 (S.D.N.Y.).[1] Here, the Trustee is entitled to the same subpoena powers to ensure an efficient and cost-effective investigation consistent with SIPA's statutory requirements.

5. By this Motion, in order to complete an independent investigation as expeditiously as possible, the Trustee also seeks the implementation of certain procedures in connection with the Trustee's issuance of subpoenas (the "Subpoena Procedures"). The Subpoena Procedures are necessary to minimize the time and expense incurred in connection with scheduling and conducting the examinations, to maximize the information obtained from the Witnesses and to enable the Trustee to complete his investigation as expeditiously as possible. Specifically, the Trustee seeks, subject to the Witnesses' rights available under applicable law, to establish certain time frames within which the proposed Witness is required to produce documents and appear for an examination. In addition, access to documents produced by the Witnesses and attendance at examinations would be limited to the Trustee and his professionals, who may authorize access to the Securities Investor Protection Corporation and

---

[1] In the Chapter 11 context, bankruptcy courts have recently provided similarly broad authority to examiners. *See, e.g., In re New Century TRS Holdings, Inc.*, No. 07-10416 (KJC) (Bankr. D. Del.), and *In re SemCrude, L.P.*, No. 08-11525 (BLS) (Bankr. D. Del.). In both *New Century* and *SemCrude*, the courts granted court-appointed examiners full authority to issue subpoenas requiring the production of documents and examination of witnesses upon persons and entities that the examiner believed possessed information regarding the investigations.

4

the Securities and Exchange Commission ("SEC") provided that those agencies execute a confidentiality agreement. Several other cases, including *In re Enron Corp.*, No. 01-16034 (AJG) (Bankr. S.D.N.Y.), have employed similar procedures in connection with investigations undertaken by court-appointed examiners.

## JURISDICTION & VENUE

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory predicates for the relief requested in the Motion are: section 105 of title 11 of the Bankruptcy Code; Bankruptcy Rules 2004, 7030, 9014, and 9016; and Federal Rules of Civil Procedure (the "Federal Rules") 30(b)(6) and 45.

## BACKGROUND

8. Commencing on September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries—other than LBI—commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

9. On September 19, 2008, the Honorable Gerard E. Lynch, United States District Court for the Southern District of New York, entered an Order Commencing Liquidation (the "LBI Liquidation Order") pursuant to the provisions of the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa et seq., in the case captioned *Securities Investor Protection Corp. v. Lehman Brothers Inc.*, Case No. 08-CIV-8119 (GEL).

10. The LBI Liquidation Order *inter alia*: (i) appointed James W. Giddens as Trustee for the liquidation of the business of LBI pursuant to § 78eee(b)(3) of SIPA; (ii) appointed Hughes Hubbard & Reed LLP ("HHR") counsel to the Trustee pursuant to §

78eee(b)(3) of SIPA; and (iii) removed the case to this Court pursuant to § 78eee(b)(4) of SIPA (the "SIPA Proceeding").

11. The SIPA Proceeding is "by far the largest and most complex" securities broker-dealer liquidation ever attempted. *In re Lehman Brothers Inc.*, No. 08-01420 (JMP) SIPA, slip op. at 4 (Bankr. S.D.N.Y. Nov. 26, 2008). Pursuant to the strong legal and public interest mandate to transfer customer accounts to the extent practicable, and working in cooperation with SIPC, the SEC, the Commodity Futures Trading Commission, the Federal Reserve Bank of New York, the Depository Trust Clearing Corporation ("DTCC"), and former LBI personnel, the Trustee has effected the transfer of over 135,000 customer accounts. This still-ongoing transfer of accounts is taking place in a liquidation proceeding of unprecedented size and complexity and is a testament to the hard work and dedication of the professionals and regulators involved.

12. Pursuant to section 78fff-1(d) of SIPA, the Trustee shall:

> (1) as soon as practicable, investigate the acts, conduct, property, liabilities, and financial condition of the debtor, the operation of its business, and any other matter, to the extent relevant to the liquidation proceeding, and report thereon to the court;
>
> (2) examine, by deposition or otherwise, the directors and officers of the debtor and any other witnesses concerning any of the matters referred to in paragraph (1);
>
> (3) report to the court any facts ascertained by the trustee with respect to fraud, misconduct, mismanagement, and irregularities, and to any cause of action available to the estate; and
>
> (4) as soon as practicable, prepare and submit, to SIPC and such other persons as the court designates and in such form and manner as the court directs, a statement of his investigation of matters referred to in paragraph (1).

15 U.S.C. § 78fff-1(d).

13. In furtherance of his investigatory and reporting obligations, the Trustee intends to investigate, *inter alia*: the cause of LBI's demise; potential claims of LBI against officers, directors and employees of LBI and others; the facts, circumstances and propriety of the transfer of LBI subsidiaries to LBHI, including the negotiations of the terms of the transfer agreement and note executed in connection with the transfer, the means for valuing the subsidiaries pursuant to the transfer, the selection of those performing the valuation, and the financial and operational impact from the transfers on the liquidation process; the financial and operational impact of LBI's relationships with its clearing banks, the DTCC, and its holders of collateral on the liquidation process; the facts, circumstances, and propriety of intercompany transfers of cash, securities, and liabilities between LBI and other Lehman entities both before and after the commencement of the Chapter 11 Cases; the financial and operational impact of LBI's prime brokerage relationships on the liquidation process; the operational hurdles and financial impact from the transfer of LBI's customer accounts to other entities; the effect of other financial transactions involving the transfer to or from LBI of assets and liabilities on the ability to liquidate the debtor and the transfer of customer accounts; and LBI's pre- and post-petition record-keeping practices.

14. To carry out the investigation of and reporting on these subjects, the Trustee has designated a team of professionals from HHR and Deloitte Financial Advisory Services LLP (and related Deloitte entities) who are familiar with the ongoing liquidation process and have experience conducting internal investigations into complex financial matters. This team will include partners in HHR's bankruptcy and white collar investigation practices, including attorneys who have conducted examinations of the debtor and prepared extensive Trustee's reports in SIPA liquidations (including A.R. Baron & Co. and Weis Securities, Inc.), as

well as a former Chief of the Major Crimes Unit at the United States Attorney's Office in the Southern District of New York. Staff from SIPC, including Kenneth J. Caputo, Esq., Senior Associate General Counsel, are also expected to participate actively in the investigation.

## RELIEF REQUESTED

15. By this Motion, the Trustee respectfully requests entry of the proposed form of order attached as Exhibit A, authorizing him to issue subpoenas directing the production of documents from Witnesses and entities and the examination of Witnesses pursuant to Bankruptcy Rule 2004, without separate application to this Court for each subpoena and in accordance with the Subpoena Procedures set forth in the proposed order. The Trustee believes that this authority is critical to the investigation. The subpoena powers and procedures are vital to ensure that the Trustee can promptly obtain full access to all of the relevant information he needs to complete his investigation in a timely manner.

## BASIS FOR RELIEF

### A. Subpoena Powers Are Critical to the Investigation

16. The relief sought in this Motion stems from SIPA's mandate that the Trustee undertake the intended investigation and has been granted in other SIPA proceedings. Bankruptcy Rule 2004(a) permits any party-in-interest to move for an order of the Court authorizing the examination of any entity. Fed. R. Bankr. P. 2004(a). Upon entry of an order authorizing a Bankruptcy Rule 2004 examination, the production of documents and the attendance of witnesses for examination may be compelled by subpoena as provided in Bankruptcy Rule 9016. Fed. R. Bankr. P. 2004(c). The scope of a Bankruptcy Rule 2004 examination encompasses "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's

estate, or to the debtor's right to discharge." Fed. R. Bankr. P. 2004(b). A party seeking authority to use Bankruptcy Rule 2004 must establish "good cause" for the relief requested. *See, e.g., Official Comm. of Unsecured Creditors v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994).

17. Under SIPA, good cause exists to conduct the proposed discovery both under Bankruptcy Rule 2004 and apart from that Rule because the Trustee is obligated by statute to investigate an even broader and more extensive array of matters than those set forth in Bankruptcy Rule 2004 – *e.g.*, the Trustee *must* investigate those transactions and financial conditions that are relevant to or otherwise impact the liquidation proceeding, and the Trustee must report its findings both to the Court and to SIPC.

18. The Trustee has commenced preliminary interviews of Witnesses and has undertaken an evaluation of LBI's assets. The Trustee intends and expects to continue conducting his investigation largely through the voluntary cooperation of Witnesses and entities. Despite his best efforts, however, the Trustee anticipates that, absent the ability to issue subpoenas, he will be unable to secure the voluntary production of documents from and interviews of Witnesses and entities within a reasonable timeframe. Without the subpoena powers afforded under Bankruptcy Rule 2004, the Trustee will be unable to fulfill his obligations and fiduciary duties under SIPA section 78fff-1(d) in a timely manner.

19. Approval of similar subpoena powers was sought and obtained by the trustees in other SIPA proceedings, including *MJK Clearing, Inc., New Times Securities Services, Inc., A.R. Baron & Co., Inc.*, and *In re Weis Securities, Inc.*, as well as by examiners appointed in the *SemCrude* and *New Century* cases.

9

20. Similar relief is warranted here to give the Trustee the flexibility necessary in order to efficiently, effectively and timely complete the investigation. As the Trustee proceeds with his interviews and analyzes the documents relevant to the investigation, the existence of additional parties and documents will undoubtedly come to light. In light of the size and scope of this proceeding, if the Trustee is obligated to file a separate application with this Court to obtain discovery for each new lead or potential Witness who refuses to cooperate, it will unnecessarily impede and delay the investigation at substantial cost and prejudice to LBI's estate, and will impose an enormous burden on the Court. Thus, it is critical that the Trustee be granted the authority to issue subpoenas in connection with the investigation.

21. The Trustee has worked, and will continue to work, with LBHI, LBI(E), Barclays and other entities and prospective Witnesses (or their known counsel) to obtain documents by agreement and schedule voluntary interviews at mutually agreeable dates, times and places before issuing subpoenas to compel a Witness's appearance for an examination. If, however, the Trustee is to conduct his investigation promptly and thoroughly, he requires the ability to issue subpoenas to all entities to the extent they cease to be cooperative and to uncooperative future Witnesses without having to incur the substantial expense and delay of making a separate application for every such person. Nothing in the Motion or the proposed order granting the Motion shall limit the rights of any Witness or any other party under applicable law to object to or oppose any subpoena the Trustee may serve upon such Witness.

22. The Trustee will continue to conduct the investigation with the participation of SIPC. Further, to the extent an examiner is appointed in the Chapter 11 Cases, the Trustee will coordinate with that examiner to avoid unnecessary duplication of efforts.

10

### B. A Streamlined Subpoena Process Is Necessary for an Efficient Investigation

23. By this Motion, the Trustee also seeks to establish a streamlined process in connection with any subpoenas issued regarding the investigation and to limit access to documents produced in response to and examinations taken pursuant to subpoenas. A streamlined process is necessary in order for the Trustee to be in a position to complete his investigation expeditiously.

24. Specifically, the proposed order seeks to establish the following Subpoena Procedures: a) Witnesses shall be directed to produce, on a rolling basis, all documents responsive to the Trustee's subpoena within ten (10) days of the service of the subpoena (unless otherwise agreed by the Trustee), subject to any documents withheld under a claim of privilege; b) if a Witness withholds any documents based upon a claim of privilege, the Witness is obligated to provide counsel for the Trustee with a privilege log containing the information required under Bankruptcy Rule 7026(a)(5), within ten (10) days of the service of a subpoena upon that Witness (unless otherwise agreed by the Trustee); and c) the Witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Trustee, in no event more than fifteen (15) days from the service of a deposition subpoena upon the Witness.

25. The Trustee submits that, based upon the circumstances of this case, the proposed Subpoena Procedures are necessary and appropriate. The establishment of (and adherence to) deadlines for compliance with the subpoenas is crucial to the timely completion of the investigation.

## CONCLUSION

26. The Court should authorize the Trustee to issue subpoenas for the production of documents and the examination of Witnesses pursuant to Bankruptcy Rule 2004, in order to facilitate the Trustee's access to relevant information regarding the subject matters of his investigation, and to enable the Trustee to complete his investigation as quickly and efficiently as possible in order to fulfill his obligations and duties under SIPA section 78fff-1(d).

## NOTICE

27. The Trustee has provided notice of the Motion pursuant to the Case Management Order entered in this proceeding (Docket No. 240.) The Trustee submits that no other or further notice need be given.

## NO PRIOR REQUEST

28. No previous request for the relief sought herein has been made to this Court or any other court.

## REQUESTED RELIEF

29. WHEREFORE, the Trustee respectfully requests that this Court enter an Order: (i) authorizing the Trustee to compel the production of documents and the testimony of Witnesses through the issuance of subpoenas pursuant to Bankruptcy Rule 2004; (ii) authorizing the implementation of a streamlined procedure regarding the Trustee's issuance of subpoenas including the establishment of deadlines for Witnesses to produce responsive documents and appear at an examination; and (iii) granting the Trustee such other and further relief as is just and proper.

Dated: New York, New York
December 11, 2008

HUGHES HUBBARD & REED LLP

By: /s/ *James B. Kobak*
James B. Kobak, Jr.
David W. Wiltenburg
Christopher K. Kiplok
Jeffrey S. Margolin
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: kobak@hugheshubbard.com

Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.