## Exhibit H

*SemCrude* **Examiner Order**

## Exhibit H

*SemCrude* **Examiner Order**

Bench Filed
9/10/08

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| SEMCRUDE, L.P., *et al.*, | : | Case Number 08-11525 (BLS) |
| Debtors. | : | (Jointly Administered) |
| | : | **Related Docket No. 667** |

**ORDER DIRECTING UNITED STATES TRUSTEE TO APPOINT AN EXAMINER**

This matter came before the Court for hearing on September 10, 2008, on the Motion of the United States Trustee for an Order Directing the Appointment of an Examiner dated August 12, 2008 (the "Motion"). Due and sufficient notice of the Motion was given to interested parties in accordance with the Bankruptcy Code and Rules. This Court, having considered the evidence in the record and arguments of counsel, concluded that the appointment of an examiner under 11 U.S.C. § 1104(c)(2) of the Bankruptcy Code to investigate the affairs of the Debtors[1] is mandatory as the Debtors' fixed, liquidated, unsecured debts, other than debts for goods and services or taxes, or owing to an insider, exceed $5 million. The Court further finds that grounds exist for the appointment of an examiner under 11 U.S.C. § 1104(c)(1) as the appointment of an examiner to investigate the affairs of the Debtors and the Debtors' affiliates and subsidiaries is in the best interests of creditors, any equity security holders, and other interests of the estate. Accordingly it is, hereby, ORDERED AND DECREED that:

1.  The United States Trustee is directed to appoint one examiner ("Examiner") pursuant to 11 U.S.C. § 1104(c); and

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

2. The Examiner is directed to: (a) investigate the circumstances surrounding (i) the Debtors' Trading Strategy and the transfer of their NYMEX account, (ii) the Insider Transactions and the formation of Energy Partners, and (iii) the potential improper use of borrowed funds and funds generated from the Debtors' operations and the liquidation of their assets to satisfy margin calls related to the Trading Strategy for the Debtors and certain entities owned or controlled by the Debtors' officers and directors; and (b) otherwise perform the duties of an examiner set forth in 11 U.S.C. § 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code (collectively, the "Investigation"); and

3. Within 10 business days after entry of the order approving the appointment of the Examiner is entered on the docket in these cases, the Examiner shall propose a work plan and shall provide his or her estimated costs for the Investigation, which shall be subject to the approval of the Court on 10 days notice to all parties that have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002; and

4. The Examiner, the Debtors, the Committee, the Pre-petition Secured Parties (as defined in the Interim DIP Financing Order) or the United States Trustee shall have the right to petition the Court to further expand the scope of the Investigation, if during such Investigation other relevant matters are revealed which the Examiner, the Debtors, the Committee or the United States Trustee believe should be brought to the attention of the Court; and

5. The Debtors, the Debtors' affiliates and subsidiaries, the Committee and the Pre-petition Secured Parties are directed to fully cooperate with the Examiner in conjunction with the performance of any of the Examiner's duties and the Investigation, and that the Debtors and the Committee shall use their respective best efforts to coordinate with the Examiner to avoid unnecessary interference with, or duplication of, the Investigation; and

6. In addition to reporting on the facts ascertained by the Investigation conducted pursuant to paragraph 2 hereof, the Examiner shall report on whether (a) any directors, officers, or employees of the Debtors participated in fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtors and (b) the Debtors' estates have claims or causes of action against current or former officers, directors, or employees of the Debtors arising from any such participation. Nothing herein shall preclude the Committee from conducting its own investigation into the affairs of third parties that are not current or former officers, directors, or employees of the Debtors to determine whether the estate has claims or causes of action against such or other third parties. To the extent that the Committee's investigation is duplicative of the foregoing scope, the Committee will refrain from seeking such discovery until the Examiner issues his or her report; and

7. Until the Examiner has filed his or her report, neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the performance of the Investigation or the Examiner's duties; and

8. The Examiner shall prepare and file a report, as is required by 11 U.S.C. § 1106(a)(4), within 120 days following the approval of the work plan by the Court, unless such time shall be extended by order of the Court on Notice to all parties that have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002; and

9. The Examiner may retain counsel and other professionals, if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327; and

10. The Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant to any

procedures for interim compensation and reimbursement of expenses of professionals that are established in these cases. Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330, and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330; and

11. The Examiner shall cooperate fully with any governmental agencies (such cooperation shall not be deemed a public disclosure as referenced in paragraph 7 above) including, but not limited to, any federal, state or local government agency that may be investigating the Debtors, its management or its financial condition, and the Examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with, or duplication of, any investigations conducted by such agencies; and

12. The Examiner shall have the standing of a "party-in-interest" with respect to the matters that are within the scope of the Investigation, and shall be entitled to appear and be heard at any and all hearings in these cases; and

13. Nothing in this Order shall impede the right of the United States Trustee or any other party to request any other lawful relief, including but not limited to the appointment of a trustee.

Dated: 9/10/08

The Honorable Brendan L. Shannon
United States Bankruptcy Judge