**Exhibit I**

*Enron* **Order**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ENRON CORP., et al.,<br><br>Debtors | Chapter 11<br><br>Case No. 01-16034 (AJG)<br><br>Jointly Administered |

### ORDER, UNDER 11 U.S.C. § 1103(c) AND FED. R. BANKR. P. 2004, GRANTING 2004 MOTIONS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND ENRON CORP. EXAMINER AND AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR RULE 2004 EXAMINATIONS AND THE PRODUCTION OF DOCUMENTS

Upon (a) the Motion of the Official Committee of Unsecured Creditors (the "Committee") of Enron Corp. and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, "Enron") for an Order under section 1103(c) of title 11 of the United States Code, 11 U.S.C. § 101-1330 (as amended, the "Bankruptcy Code") and Rule 2004 ("Rule 2004") of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing certain financial institutions identified therein (the "Financial Institutions"), to designate corporate representative(s) to submit to oral examinations and to produce documents (Doc. No. 5520) (the "Committee Motion") and (b) the Motion of Neal Batson, the Examiner appointed in these cases (the "Examiner"), pursuant to Rule 2004 for an examination of the parties listed on Exhibits A, C, E, G, and I thereto (Doc. No. 5522) (the "Examiner Motion") (collectively, the "2004 Motions"); and adequate and sufficient notice of the 2004 Motions having been provided to all parties in interest; and upon the objections and other responses filed by interested parties; and the Court having conducted a hearing on August 29, 2002 during which interested parties were given the opportunity to be heard with respect to their objections to or support of the 2004 Motions; and sufficient cause appearing therefore, it is hereby ORDERED, ADJUDGED and DECREED:

1.  The 2004 Motions are granted as provided herein.

2.  The ninth "ORDERED" paragraph of the April 8, 2002, Order Pursuant to 11 U.S.C. §§ 1104(c) and 1106(b) Directing Appointment of Enron Corp. Examiner does not prohibit the Examiner from sharing information with or providing information to the Committee and/or the Debtors. The Examiner may, in his discretion, share information with or provide information to the Committee and/or the Debtors insofar as the sharing or provision of such information is consistent with the integrity and independence of the Examiner's function. The Court shall resolve, on a case-by-case basis, any dispute concerning the decision of the Examiner not to share such information.

3.  The Committee, Examiner and Debtors are directed to cooperate, to the fullest extent practicable, in coordinating with respect to the discovery authorized herein.

4.  The Committee and Examiner are hereby authorized to collectively issue a single subpoena or other process to any person or entity identified in the Committee Motion or listed on Exhibit A to the Examiner Motion (collectively, the "Financial Institution Subpoena Parties") to compel such person or entity to produce and permit inspection and copying of documents (the "Financial Institution Document Request"). The subpoena will designate one location for production of documents and the primary contact person to coordinate the mechanics and timing of said production (the "Primary Contact Person"). The Primary Contact Person will also have the power, on behalf of the Examiner and Committee, to negotiate with each Financial Institution Subpoena Party with respect to all subpoena matters.

5.  The Examiner is hereby authorized to issue subpoenas or other process to any person or entity listed on Exhibits C, E, G, or I to the Examiner Motion (the "Non-Financial Institution Subpoena Parties") (the Financial Institution Subpoena Parties and Non-Financial Institution Subpoena Parties are collectively referred to herein as the "Subpoena Parties") to compel such person or entity to produce and permit inspection and copying of documents (the

2

"Non-Financial Institution Document Requests") (the Financial Institution Document Requests and the Non-Financial Institution Document Requests are collectively referred to herein as the "Document Requests").

6. The Committee and Examiner are hereby authorized to issue subpoenas or other process to compel the attendance of one or more corporate representatives of the Financial Institution Subpoena Parties at oral examinations; provided, however, that such examinations shall not, subject to further order of the Court, on notice to the plaintiffs in *The Bank of New York, as Indenture Trustee of and Attorney-in-Fact for Martin Water Trust, et al. v. Enron Corp., et al.*, Adversary Proceeding No. 02-02380 (the "Marlin Adversary Proceeding"), inquire into topics relating to the Marlin Subject Matter (as defined below).

7. The Committee, Examiner and Debtors shall coordinate, to the fullest extent practicable, the date and timing of the oral examinations authorized herein in order to avoid unnecessary duplication of oral examinations of a Subpoena Party. To the extent the Committee or Examiner seek to take multiple oral examinations of the same Subpoena Party, the Subpoena Party's right to object to additional depositions on any ground and the Committee's and Examiner's rights to oppose such objection shall be preserved in their entirety.

8. Subject to Paragraph 9, below, the Committee, Examiner and Debtors all shall be permitted to be present at each oral examination authorized herein and to interrogate each witness. The Committee, Examiner and Debtors shall confer to attempt to establish as to each oral examination authorized herein a lead interrogator.

9. If (a) the Committee, Examiner and Debtors are unable to agree upon a lead interrogator for any Rule 2004 oral examination or (b) the Examiner objects on the grounds of compromise of the Examiner's Independence (an "Independence Objection") to the presence of the Committee and/or the Debtors during any portion of an interrogation by the Examiner at any Rule 2004 oral examination, then the Committee, Examiner and Debtors shall confer to

3

attempt to resolve such Independence Objection. In the event that the Committee, Examiner and Debtors are unable to agree upon a lead interrogator or resolve an Independence Objection, the Court will resolve such dispute. If the Court decides that the Examiner should take a Rule 2004 oral examination without the Debtors and/or the Committee present, the Examiner will provide a transcript of the Rule 2004 oral examination to either or both unless otherwise ordered by the Court.

10. The Committee, Examiner and Debtors shall endeavor to agree on the terms of a uniform confidentiality stipulation applicable to all Subpoena Parties (the "Confidentiality Stipulation"). As soon as reasonably practicable, the Committee, Examiner and Debtors shall file with the Court a Notice of Presentment, to which the Confidentiality Stipulation shall be appended, seeking entry of an order authorizing and approving the Confidentiality Stipulation to which the Committee, Examiner, Debtors and all Subpoena Parties shall be bound. Subject to Paragraph 13, below, any Subpoena Party who fails to file with the Court and serve on the Committee, Examiner and Debtors a written objection to the entry of such order within ten (10) days of the filing of the Notice of Presentment, shall be bound to the Confidentiality Stipulation as presented. In the event that any Subpoena Party files and serves a timely objection, the Court shall schedule a hearing at the earliest possible date to resolve all such objections.

11. Except as expressly provided in Paragraphs 9 above and 12 below, all discovery material produced to the Debtors, Committee or the Examiner under Rule 2004, including without limitation documents, deposition transcripts, deposition exhibits and deposition videotapes ("Rule 2004 Material") shall be deemed to be produced to all of the Debtors, the Committee and the Examiner and shall be shared, in the form produced or in a manner otherwise agreed by the Debtors, Committee and the Examiner, between the Debtors, the Committee and the Examiner.

4

12. Pending further order of the Court, any Subpoena Party having Rule 2004 Material relating to the Marlin transactions, the Marlin Water Trust, the Bristol Water Trust or the Atlantic Water Trust (collectively, the "Marlin Subject Matter") shall produce such Rule 2004 Material to the Examiner who shall not, unless permitted by further order of the Court and notwithstanding the Order Regarding Access by Third Parties to Bankruptcy Rule 2004 Material Obtained by the Official Committee of Unsecured Creditors entered by the Court on March 15, 2002 (Doc. No. 2129, as amended), share such information with the Committee, the Debtors or any other entity. The Committee, Debtors and any other entity reserve the right to seek an order of the Court directing the Examiner to share such Rule 2004 Material with the Committee upon notice to counsel to the plaintiffs in the Marlin Adversary Proceeding and any producer of such Rule 2004 Material.

13. Objections available to Subpoena Parties following the issuance of subpoenas under Bankruptcy Rule 9016, other applicable Bankruptcy Rules, the Local Bankruptcy Rules or applicable non-bankruptcy law, including, without limitation, objections based on lack of jurisdiction of the issuing court and/or privilege (including any privilege cognizable in this Court that arises under the laws of a foreign nation) are expressly preserved. This paragraph shall apply to each provision of this Order.

14. Within 5 days of the entry of this Order, the Examiner shall review the Stipulation and Order Governing the Production and Use of Confidential Information between the Committee and the Surety Group (Doc. No. 6035) and use his good faith best efforts to determine whether the terms and conditions of that Stipulation, including, without limitation, the confidentiality provisions contained therein, as well as the scope of discovery to be produced thereunder, are acceptable to the Examiner and, to the extent that the Examiner has issues or problems with such terms and conditions, the Examiner will use his good faith best efforts to try and resolve those issues with the Sureties.

15. This Order shall be effective and enforceable immediately upon entry.

16. Subject to Paragraph 13, above, this Court retains jurisdiction, if any, to resolve any disputes arising under or related to this Order, including discovery disputes that may arise between or among the parties, and to interpret, implement, modify, amend, and/or enforce the provisions of this Order.

17. This Order is without prejudice to the rights (a) of the Committee or the Examiner to apply for further discovery of the Subpoena Parties, or of any other entity and (b) of any Subpoena Party or of any other entity to object to such further discovery.

18. With respect to those persons or entities that are parties in the consolidated civil action before Judge Harmon in the Southern District of Texas (as described more fully in the Initial Objections and Responses of Certain Bank Respondents (Doc. No. 6060)), the Committee, Examiner and Debtors are directed to coordinate, to the extent practicable, the discovery authorized herein with any discovery in the consolidated class action in the event the PSLRA stay is lifted.

Dated: September 12, 2002

                                            **s/Arthur J. Gonzalez**
                                            Honorable Arthur J. Gonzalez
                                            United States Bankruptcy Judge