**Exhibit J**

*Fibermark* **Order**

*Formatted for Electronic Distribution*                                    *Not for Publication*

Filed & Entered
On Docket
04/19/05

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

In re:
FIBERMARK, INC.,
FIBERMARK NORTH AMERICA, INC., and                    Chapter 11 Case
FIBERMARK INTERNATIONAL HOLDINGS, INC.,               # 04-10463
                                    Debtors.          Jointly Administered

# ORDER
### DIRECTING THE APPOINTMENT OF AN EXAMINER AND SPECIFYING EXAMINER'S DUTIES PURSUANT TO § 1104(c) and § 1106(b) OF THE BANKRUPTCY CODE

**UPON** the hearing scheduled by the Court's Order to Show Cause Why an Examiner Should not be Appointed dated March 30, 2005 and the Court's Case Management Order dated April 13, 2005 (doc. # 1402) and heard April 19, 2005, and further

**UPON** the appearances of Kevin Purcell, Esq. and Kim F. Lefebvre, Esq., for the United States Trustee, and all other appearances as stated on the record of the hearing held April 19, 2005, and further

**UPON** the Parties' consent, and further

**UPON** consideration of the entire record before the Court, and after oral argument, THE COURT FINDS that it is in the best interest of the estate for the Court to appoint an examiner.

The Court FURTHER FINDS that pursuant to 11 U.S.C. § 1106(a)(4), as incorporated by reference in 11 U.S.C. § 1106(b), is appropriate under 11 U.S.C. § 1104(c), and

**THEREFORE, IT IS HEREBY ORDERED**,

1. The United States Trustee's Office is directed to appoint an independent examiner to conduct an investigation into the following matters:

   a. the transfer of the Debtors' executives' claims, including but not limited to, the claims of Alex Kwader, and other persons who were employees of the Debtors at the time of the transfer of their claim(s), to Silver Point Capital, L.P. ("Silver Point"), the nature and extent of the disclosure of those transfers and whether breach(es) of fiduciary duties to the estate resulted;

   b. the transfer of the claim of former committee member Solutions Dispersions, Inc. to Silver Point;

   c. the quality of the "screening wall" Silver Point, and the other members of the Creditors' Committee, established in accordance with this Court's Order Approving Specified Information Blocking Procedures and Permitting Trading in Securities of the Debtors Upon Establishment of a Screening Wall (doc. # 684) (the "Trading Order"), whether it was breached, and whether the Trading Order was violated;

    d. the dispute among Committee members regarding corporate governance issues and whether any Committee member breached its fiduciary duty to act in the best interest of all creditors; and

    e. any other matter the Examiner deems necessary and relevant to the complete and full investigation of the four enumerated areas included herein.

2. In order to meet his or her responsibilities, the Examiner has the authority to retain counsel, to issue subpoenas, and to require document production and conduct examinations under FED. R. BANKR. P. 2004, provided the Examiner exercises this authority in a manner which is consistent with the Examiner's obligation to complete the investigation in a prompt and cost-effective fashion.

3. The Official Committee of Unsecured Creditors and its members, Alex Kwader and other individuals who were employed by the Debtors when his or her individual claims were transferred to Silver Point, representatives of Solutions Dispersions, Inc. and all other parties in interest who have information that the Examiner deems relevant to this investigation shall cooperate fully with the Examiner.

4. The Examiner shall commence his or her investigation immediately upon the Court's approval of the United States Trustee's appointment of the Examiner.

5. The Examiner shall be compensated at ordinary hourly rates, with compensation to be paid in accordance with 11 U.S.C. § 330(a)(1), the Federal Rules of Bankruptcy Procedure, the District of Vermont Local Rules and the United States Trustee Fee Guidelines.

6. The compensation of the Examiner, including the compensation of his or her professionals' and the expenses of both, are limited and shall not exceed $200,000. Application and allowance of said fees will be paid under 11 U.S.C. § 330 as set forth in ¶ 5, supra. This limitation may be modified upon motion of the Examiner and for good cause shown. No compensation shall be paid to the Examiner or the Examiner's professionals without prior approval of the Court.

7. In the event that the Examiner finds that a Committee member or any other party has violated the Trading Order, has breached fiduciary duties, or has acted to intentionally thwart the plan confirmation process in these cases, the Examiner shall include in the report recommendations regarding (a) how the culpable conduct should affect the allocation of the cost of the Examiner; (b) whether such conduct warrants the imposition of sanctions against any such party, including without limitation, the avoidance of claims transfers or subordination of claims; and (c) any such other recommendations the Examiner has based upon the totality of his or her findings.

8. As set forth in its Exclusivity Order of even date, no proposed plans or disclosure statements may be filed by any party during the Examiner's forty-five (45) day investigation period, except that the Debtors may file a consensual plan during this time (with consensual defined to include the unanimous consent of all members of the Official Committee of Unsecured Creditors).

9. The Examiner shall file his or her report with the Court by **4:00 P.M. on June 8, 2005.**

2

10. The Court will hold a § 105(d) status conference on the status of the case and the Examiner's report and recommendations on **June 15, 2005 at 11:00 a.m.** at the Federal Building, 11 Elmwood Avenue, Burlington, Vermont.

**SO ORDERED.**

April 19, 2005
Burlington, Vermont

Colleen A. Brown
United States Bankruptcy Judge