JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,                  :    Case No. 08-13555 (JMP)
                                                        :
                           Debtors.                     :    (Jointly Administered)
----------------------------------------------------------------------x

**DECLARATION OF PATRICK J. TROSTLE IN SUPPORT OF ORDER TO SHOW CAUSE SCHEDULING A HEARING TO CONSIDER EXAMINER'S MOTION DIRECTING THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATIONS OF THE DEBTORS' CURRENT AND FORMER OFFICERS, DIRECTORS AND EMPLOYEES, AND OTHER PERSONS AND ENTITIES**

I, Patrick J. Trostle, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am an attorney admitted to practice before this Court, and I am a partner of Jenner & Block LLP ("Jenner & Block" or the "Firm"), proposed counsel for Anton R. Valukas, the examiner (the "Examiner") appointed for Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors"). Jenner & Block is a law firm with offices in Chicago, Illinois; New York, New York; and Washington D.C. I am currently resident in the Firm's New York office.

2.      I submit this Declaration in support of the Order to Show Cause being contemporaneously submitted herewith to schedule a hearing on expedited notice with respect to the Examiner's motion, dated January 30, 2009 (the "Motion"), pursuant to 11 U.S.C. §§ 105(a), 1106(a)(3)-(4) & (b), 1109(b), Federal Rule of Bankruptcy Procedure 2004, and paragraph 9 of the Order Directing Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code [Docket #2569] (the "Examiner Order"), for authorization to examine the current and former officers, directors, and employees of Debtors, and other persons or entities with relevant information, including, without limitation, the Debtors' auditors, corporate counsel, lenders, investors, and other financial transaction counterparties to certain transactions with the Debtors (collectively, the "Witnesses"), in order to obtain all information in their possession, custody or control that is relevant to the issues the Court has directed the Examiner to investigate and in order for the Examiner to fully discharge his statutory duties imposed pursuant to section 1106 of the Bankruptcy Code and the Examiner Order.

3.      On September 22, 2008, the Court entered an order [Docket No. 285] (the "Case Management Order"), implementing certain notice and case management procedures in the Debtors' chapter 11 cases. Pursuant to the Case Management Order, pleadings shall not be considered by the Court unless filed and served in accordance with the procedures therein at least fourteen (14) calendar days or seventeen (17) calendar days (for U.S. mail service) before the applicable hearing date. The Examiner is requesting an order shortening the notice period ordinarily required for a hearing on the Motion under the Case Management Order. As required by the Case Management Order, Jenner & Block contacted the Debtors' attorneys telephonically to request that the Motion be considered on an expedited basis and they did not object.

2

4.     Local Bankruptcy Rule 9006-1(b) permits parties to serve motion papers "at least 10 days before the return date." In this case, the Examiner proposes to serve the Motion eleven (11) days before the return date; however, the Case Management Order, and the fourteen (14) day requirement, supersedes the Local Rules. The Examiner wishes to pursue his investigation of the Debtors in the most efficient and expeditious manner possible. Accordingly, the Examiner determined that he should seek the relief requested in the Motion.

5.     As set forth in the Motion, the authority to issue subpoenas under Rule 2004 is central to the Examiner's ability to fulfill his statutory and court-ordered mandates. By statute, the Examiner must, "as soon as practicable[,]" investigate the "acts, conduct, assets, liabilities . . . and any other matter relevant to the case . . . " and then file a report chronicling "any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of action available to the debtor . . . ." *See* 11 U.S.C. § 1106(a)(3)-(4). Under the Examiner Order, the Examiner must investigate certain specific topics related to the Chapter 11 Cases, including, *inter alia*, claims that certain Debtors may have against LBHI and the events immediately preceding the commencement of the LBHI chapter 11 case. *See* Examiner Order, ¶ 2 (the "Investigation").

6.     Rule 2004 authority will best ensure that the Examiner gains immediate and complete access to relevant information in three ways: *First*, it will help ensure voluntary cooperation with the Investigation. *Second*, where such cooperation does not occur, the subpoena authority will provide the Examiner with an important tool to access relevant information. *Third,* particularly with certain corporations and governmental entities, it is common that the production of documents and/or providing testimony is conditioned upon the issuance of a subpoena

3

to such entities. In such cases, ready subpoena authority will ensure expeditious access to relevant information.

7. Most significantly, without the requested Rule 2004 authority, the Examiner's ability to complete the investigation mandated by statute "as soon as practicable" could be compromised. The Examiner would be forced to file separate applications with the Court for each examination or document production where Witnesses failed to cooperate. This risks miring the Investigation in unnecessary litigation and delay.

8. To further guarantee an orderly and efficient Investigation, the Examiner also seeks the implementation of standard procedures in connection with the Examiner's issuance of subpoenas, including, among other things, deadlines for Witnesses to produce documents, appear for examinations, file responses and/or objections to the subpoena and procedures for Witnesses' to assert claims of privilege.

9. This Court recently granted similar relief to the Trustee ("SIPA Trustee") for the liquidation of the business of Lehman Brothers Inc. ("LBI"), and other courts have extended similar relief to examiners. *See SemCrude* (Case No. 08-11525) (Bankr. D. Del.) and *New Century TRS Holdings, Inc.* (Case No. 07-10416) (Bankr. D. Del.)) (both granting examiners blanket Rule 2004 authority).

10. If the relief requested in the Motion is not heard until the subsequent Omnibus hearing scheduled for February 25, 2009, then the Examiner's investigation may be delayed. Accordingly, the Examiner respectfully requests that the Court enter the Order to Show Cause and schedule (i) a hearing on the Motion so that it may be heard on February 11, 2009 at 10:00 a.m. (Prevailing Eastern Time) and (ii) responses, if any, to be filed in accordance with the Case Management Order on or before February 6, 2009 at 4:00 p.m. (Prevailing Eastern Time).

11. The Examiner has not requested the relief herein or in the Motion from this or any other court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of January, 2009, at New York, New York.

*/s/ Patrick J. Trostle*
Patrick J. Trostle
