**<u>Exhibit B</u>**
**(SemCrude Stipulation)**

Bench Filed
on 12/15/08

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------x
                                               :
In re                                          :        **Chapter 11**
                                               :
**SEMCRUDE, L.P., et al.,**                    :        **Case No. 08-11525 (BLS)**
                                               :
         **Debtors.**                          :        **Jointly Administered**
                                               :
                                               :        **Re: Docket No. 2185**
-----------------------------------------------------------------x

### ORDER (A) APPROVING STIPULATION BETWEEN THE DEBTORS AND THE EXAMINER, AND (B) PROVIDING THAT THE DEBTORS' PROVISION OF SHARED INFORMATION DOES NOT CONSTITUTE A WAIVER OF ATTORNEY-CLIENT PRIVILEGE, THE WORK PRODUCT DOCTRINE, OR ANY OTHER APPLICABLE PRIVILEGE OR PROTECTION

Upon the motion (the "Motion") of SemCrude, L.P., its parent, SemGroup, L.P.

("SemGroup"), and certain direct or indirect subsidiaries of SemGroup, as debtors and debtors in

possession (collectively, the "SemGroup Companies" or the "Debtors")[1], for an order, pursuant

to sections 105, 107, and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and

Rules 7026 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for an order, effective *nunc pro tunc* to the appointment of the Examiner, (a) approving the

Stipulation,[2] and (b) providing that the Debtors' provision of Shared Information does not

constitute a waiver of attorney-client privilege, the work product doctrine, or any other

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are:  SemCrude, L.P. (7524), Chemical Petroleum Exchange, Incorporated (8866), Eaglwing, L.P. (7243), Grayson Pipeline, L.L.C. (0013), Greyhawk Gas Storage Company, L.L.C. (4412), K.C. Asphalt L.L.C. (6235), SemCanada II, L.P. (3006), SemCanada L.P. (1091), SemCrude Pipeline, L.L.C. (9811), SemFuel Transport LLC (6777), SemFuel, L.P. (1015), SemGas Gathering LLC (4203), SemGas Storage, L.L.C. (0621), SemGas, L.P. (1095), SemGroup Asia, L.L.C. (5852), SemGroup Finance Corp. (3152), SemGroup, L.P. (2297), SemKan, L.L.C. (8083), SemManagement, L.L.C. (0772), SemMaterials Vietnam, L.L.C. (5931), SemMaterials, L.P. (5443), SemOperating G.P., L.L.C. (5442), SemStream, L.P. (0859), SemTrucking, L.P. (5355), Steuben Development Company, L.L.C. (9042), and SemCap, L.L.C. (5317).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion or the Stipulation.

applicable privilege; and upon the record of the hearing held on the Motion; and this Court

having determined that the relief requested in the Motion is in the best interests of the Debtors,

their estates, their creditors, and other parties-in-interest; and it appearing that proper and

adequate notice of the Motion has been given and that no other or further notice is necessary; and

after due deliberation thereon,

IT IS HEREBY FOUND AND DETERMINED THAT:

A.      The Debtors and the Examiner are separate fiduciaries of these estates

with distinct fiduciary duties that share a common interest with respect to the subject matter of

the Shared Information, as defined herein. In addition, the Court as well as the Debtors and the

Examiner have an interest in cooperating in the Examiner's Investigation to minimize the cost

and expenses associated therewith to the Debtors' estates. To carry out their respective fiduciary

duties efficiently and effectively, in general, the Debtors must be able to share with the Examiner

information within the subject matter of the Examiner Investigation free from the risk that the

Examiner would be required to divulge Shared Information to third parties later.

B.      The Debtors' administration of their cases should not be prejudiced by the

provision of the Shared Information to the Examiner. Any Shared Information provided by the

Debtors to the Examiner should be used only as provided in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED THAT:

1.      The Motion is GRANTED.

2.      The Court hereby approves the Stipulation, a copy of which is attached

hereto as Exhibit A, and which is incorporated fully herein, effective *nunc pro tunc* to October

14, 2008.

2

3.    By entering into the Stipulation, and taking any action or conduct contemplated by the Stipulation, including, but not limited to, the Debtors' provision of Shared Information to the Examiner, neither the Parties, nor their respective professionals, shall be deemed to have waived, in whole or part, the attorney-client privilege, the work-product doctrine or any other privilege, right, or immunity they may be entitled to claim or invoke with respect to any Shared Information.

4.    Nothing in this Order or the Stipulation shall affect the rights of any third-party to object to the Debtors' assertion that any Shared Information may be subject to a privilege or otherwise protected from discovery.

5.    Neither this Order nor the Stipulation shall impact the public availability of any report filed by the Examiner with respect to the Examiner's Investigation, provided, however, that the Debtors reserve their rights to object to, or otherwise prevent, the inclusion of any privileged, confidential or work product information that may be included, referred to or discussed in the report.

6.    The Court expressly retains exclusive jurisdiction to determine any dispute regarding the interpretation or enforcement of this Order and the Stipulation, any discovery disputes related to the production of any of the Shared Information, and any challenge or objection to the Debtors' assertion of the attorney/client privilege or work product doctrine. On request of a party in interest, the Court may issue any order necessary or appropriate to enforce or give effect to the provisions of this Order or the Stipulation, including, but not limited to, this retention of jurisdiction.

3

Dated: ___12_/_15___, 2008
     Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

4

# EXHIBIT A

[Stipulation]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                :

**In re**                              :         **Chapter 11**
                                  :

**SEMCRUDE, L.P., _et al.,_**         :         **Case No. 08-11525 (BLS)**
                                  :

           **Debtors.**                  :         **Jointly Administered**
                                  :

---------------------------------------------------------------x

## STIPULATION BETWEEN THE DEBTORS AND THE EXAMINER

This stipulation (the "Stipulation") is entered into between (i) SemGroup, L.P. ("SemGroup") and certain direct and indirect subsidiaries of SemGroup, as debtors and debtors in possession (collectively, the "Debtors"),[1] and (ii) Louis J. Freeh, Esq., in his capacity as examiner for the Debtors (the "Examiner"), by and through their undersigned counsel.

## RECITALS

A.      On July 22, 2008 and October 22, 2008, the Debtors each commenced cases under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: SemCrude, L.P. (7524), Chemical Petroleum Exchange, Incorporated (8866), Eaglwing, L.P. (7243), Grayson Pipeline, L.L.C. (0013), Greyhawk Gas Storage Company, L.L.C. (4412), K.C. Asphalt L.L.C. (6235), SemCanada II, L.P. (3006), SemCanada L.P. (1091), SemCap, L.L.C. (5317), SemCrude Pipeline, L.L.C. (9811), SemFuel Transport LLC (6777), SemFuel, L.P. (1015), SemGas Gathering LLC (4203), SemGas Storage, L.L.C. (0621), SemGas, L.P. (1095), SemGroup Asia, L.L.C. (5852), SemGroup Finance Corp. (3152), SemGroup, L.P. (2297), SemKan, L.L.C. (8083), SemManagement, L.L.C. (0772), SemMaterials Vietnam, L.L.C. (5931), SemMaterials, L.P. (5443), SemOperating G.P., L.L.C. (5442), SemStream, L.P. (0859), SemTrucking, L.P. (5355), and Steuben Development Company, L.L.C. (9042). As of the date of this Stipulation, SemGroup Holdings, L.P. (Case No. 08-12504) has not been consolidated with the Debtors' aforementioned chapter 11 cases for procedural purposes through joint administration.

B.    On September 10, 2008, the Bankruptcy Court entered an Order Directing the United States Trustee to Appoint an Examiner (the "Examiner Order"). The Examiner Order provides that an examiner is directed to investigate certain prepetition activities described therein (as may be amended and/or supplemented by a Bankruptcy Court order, the "Examiner Investigation").

C.    On October 14, 2008, pursuant to the Examiner Order, the United States Trustee for the District of Delaware appointed the Examiner, which appointment was approved by a Bankruptcy Court order on the same date.

D.    The Debtors and the Examiner (collectively, the "Parties") wish to coordinate and cooperate with each other in an effort to assist with the Examiner Investigation and minimize the time and cost to the Debtors' estates. Therefore, the Parties have entered into this Stipulation and agree to be bound by its terms.

**STIPULATION**

1.    Documents and/or information that the Examiner may request from the Debtors may be subject to a privilege or other protection from discovery, including the attorney-client privilege, the work-product doctrine or any other privilege, right, or immunity the Debtors may be entitled to claim or invoke (collectively, the "Shared Information"). This Stipulation does not create any obligation or duty on behalf of the Debtors to provide any Shared Information to the Examiner and the provision of any Shared Information is voluntary. Except as expressly provided herein, the Examiner may use the Shared Information in connection with the Examiner Investigation.

2

2.      By entering into this Stipulation or by any action or conduct contemplated by this Stipulation, including, but not limited to, the Debtors' provision of Shared Information to the Examiner, neither the Parties, nor their respective professionals, intend to waive, in whole or part, the attorney-client privilege, the work-product doctrine or any other privilege, right, or immunity they may be entitled to claim or invoke with respect to any Shared Information.

3.      The Examiner shall hold all Shared Information in strict confidence. The Examiner agrees that he will not provide or discuss any Shared Information with any other person or entity (including governmental units) except as required by applicable law, regulation, or legal process, and only after compliance with the terms of this Stipulation, provided, however, that Shared Information may be provided to (a) accountants, attorneys, experts, consultants, staff, and agents of the Examiner (it being understood that such parties shall be required to treat Shared Information as provided in this Stipulation), and (b) any person or entity authorized by the Debtors in writing to receive Shared Information. Nothing in this Stipulation shall prohibit the Examiner or his professionals from using or disclosing in any manner any non-privileged, non-documentary factual information contained within the Shared Information provided that is does not reflect legal analysis or attorney work product, and the Examiner and his professionals need not comply with the procedures in paragraphs 5 or 6 hereof concerning such non-privileged, non-documentary factual information.

4.      Except as otherwise provided herein, in the event that the Examiner receives a request or is required (whether by law, oral questions, government action, interrogatories, requests for information or documents, subpoena, civil investigative demand or similar process) to provide or produce any Shared Information (a "Request"), the Examiner

3

shall provide written notice to counsel to the Debtors within three (3) business days of receipt of any such Request. The Examiner shall provide the Debtors with a list identifying the documents that he intends to produce or provide in response to a Request (the "Proposed Production"). The Debtors shall file an objection with the Bankruptcy Court no later than five (5) business days from receipt of the list of Proposed Production seeking to prevent the production or provision of any Shared Information that the Debtors determine may be subject to a privilege or otherwise protected from discovery (the "Objection Deadline"). The Examiner shall not produce or provide any Shared Information until the Debtors' objection to the production or provision of any Shared Information, if any, is finally resolved by the Bankruptcy Court. Any hearing in connection with such objection shall be on notice to parties in interest with an opportunity to be heard. If the Debtors do not file an objection on or before the Objection Deadline, the Examiner may, in his sole discretion consistent with applicable law, produce or provide the Shared Information in accordance with the Request. This Stipulation shall not affect the rights of any third-party to object to the Debtors' assertion that any Shared Information may be subject to a privilege or otherwise protected from discovery. Nothing contained in this Stipulation shall modify the limitations on discovery contained in the applicable Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure or other applicable procedural rules, including, but not limited to, relevancy requirements.

5.    If the Examiner desires to share Shared Information with any persons or entities (including governmental units) not authorized to receive Shared Information pursuant to this Stipulation (whether through any oral or written report by the Examiner, witness interview, deposition, or examination under Federal Rule of Bankruptcy Procedure

4

2004), the Examiner must either (i) obtain the advanced, written consent of the Debtors or their counsel, or (ii) file an application with the Bankruptcy Court pursuant to section 107 of the Bankruptcy Code on notice to parties in interest with an opportunity to be heard to request authorization to produce, share or otherwise provide any of the Shared Information with a party not covered by this Stipulation. The Debtors shall have ten (10) business days to either consent to the disclosure of Shared Information or oppose the Examiner's application.

6.      If the Examiner wishes to disclose Shared Information that he contends is available publicly, available through discovery (except for privileged information or Shared Information otherwise immune from discovery), including Federal Rule of Bankruptcy Procedure 2004, or that has been disclosed publicly, but not in violation of this Stipulation (collectively, "Public Information"), the Examiner will provide written notice to the Debtors that (i) identifies the Shared Information the Examiner contends is Public Information, and (ii) describes how the Shared Information is Public Information. If the Debtors object to the Examiner's contention that such Shared Information is Public Information, the Debtors shall have ten (10) business days to seek relief from the Bankruptcy Court. The Examiner shall not disclose the Shared Information that he contends is Public Information with any persons or entities (including governmental units) until the Bankruptcy Court resolves the Debtors' objection.

7.      The disclosure by the Examiner of any Shared Information, whether by consent of the Debtors, by Bankruptcy Court order, or by the Examiner in violation of this Stipulation shall not affect the privileged protection, if any, of such disclosed Shared Information with respect to any person or entity and shall not affect the privileged protection, if any, of any other Shared Information.

8.    Any violation of the terms of this Stipulation by the Examiner shall constitute sufficient cause for the Debtors to immediately cease providing the Examiner any Shared Information and demand the return of all Shared Information within five (5) business days. The Debtors reserve their rights against any third-party who has received Shared Information from the Examiner other than in compliance with this Stipulation, whether inadvertent or not.

9.    This Stipulation shall not impact the public availability of any report filed by the Examiner with respect to the Examiner's Investigation, provided, however, that the Debtors reserve their rights to object to, or otherwise prevent, the inclusion of any privileged, confidential or work product information that may be included, referred to or discussed in the report.

10.    Following execution of this Stipulation, the Debtors shall file a motion with the Bankruptcy Court requesting the entry of an order: (i) approving this Stipulation, and (ii) providing that the Debtors' provision of Shared Information to the Examiner does not constitute a waiver of the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, each *nunc pro tunc* to October 14, 2008. Each of the Parties shall cooperate with and support the other Parties' efforts to obtain entry of such Bankruptcy Court order in a commercially reasonable manner.

11.    Nothing in this Stipulation is intended to expand or limit the rights, responsibilities, and powers of the Debtors and/or the Examiner.

12.    This Stipulation shall be binding on the Parties from the date of its execution.

6

13. The Parties represent and warrant to each other that the signatories to this Stipulation have full power and authority to enter into this Stipulation.

14. This Stipulation may not be changed, modified, or amended except in a writing signed by the Parties and/or their counsel.

15. The Parties agree that any dispute regarding this Stipulation shall be subject to the exclusive jurisdiction and venue of the Bankruptcy Court.

16. This Stipulation shall be governed by the laws of Delaware without regards to conflicts of law principles. If any provision of this Stipulation is determined by a court of competent jurisdiction to be invalid or enforceable, the remainder of this Stipulation shall nonetheless remain in full force and effect.

17. This Stipulation may be executed in any number of counterparts and shall constitute one agreement, binding upon the Parties hereto as if the Parties signed the same document; all facsimile signatures shall be treated as originals for all purposes.

Dated: December 15, 2008

By: _____
Brett H. Miller
Melissa A. Hager
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468- 7900
Email: BMiller@mofo.com
        MHager@mofo.com

*Proposed Counsel for the Examiner*

By: _____
Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
L. Katherine Good (No. 5101)
Maris J. Finnegan (*DE admission pending*)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
        knight@rlf.com
        good@rlf.com
        mfinnegan@rlf.com

-and-

7

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Michael P. Kessler

-and-

WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Martin A. Sosland
Sylvia A. Mayer

*Attorneys for the Debtors and
Debtors-in-Possession*

8