UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
:
------------------------------------------------------------------x

## STIPULATED PROTECTIVE ORDER

WHEREAS, Barclays Capital Inc. ("Barclays") and American Express Travel Related Services Company Inc. ("American Express") in connection with the evidentiary hearing currently scheduled for February 26, 2009, concerning Barclays' Motion for Relief Concerning American Express Contracts Erroneously Posted with the Closing Date Contracts (the "Motion") anticipate the mutual exchange and/or disclosure through discovery of documents, things and information in the possession, custody or control of the parties or non-parties that constitute or contain confidential and/or proprietary information and agree that the distribution of such information should be reasonably restricted and that good cause exists for the entry of this Protective Order.

NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED AND ORDERED that all undersigned parties, and their employees, agents, attorneys, and representatives shall comply with the terms and procedures set forth herein with respect to certain documents and other information produced and/or disclosed in connection with the Motion and all appeals or related proceedings taken or filed in connection with them (the "Proceedings"):

1. Definitions:

    (a) The term "Discovery Material" shall mean all documents, materials, or other information produced or disclosed by any entity, and the contents thereof, including documents, materials, or information produced or disclosed:

        (i) during discovery;

        (ii) in any pleading, document, affidavit, brief, motion, transcript, or other writing;

        (iii) in testimony given in deposition or hearing; or

        (iv) in any copies, notes, abstracts, or summaries of such information.

    (b) The term "Privileges" shall mean the attorney-client privilege, the attorney work product doctrine, or any other legally recognized privilege or doctrine that may apply to Discovery Material covered by this Protective Order or the information contained therein.

    (c) The term "Producing Entity" shall mean any party or non-party who produces Discovery Material to any party in connection with the Proceeding.

    (d) The term "Receiving Party" shall mean any party who receives Discovery Material in connection with the Proceeding.

    (e) The term "Confidential Information" shall mean any information labeled as "Confidential" pursuant to the terms of this Protective Order, any copies of that information, and any information or documents containing any portion, abstract, or summary of that information.

    (f) The term "Attorney-Restricted Confidential Information" shall mean any information labeled as "Attorney-Restricted Confidential" pursuant to the terms of this Protective Order, any copies of that information, and any information or documents containing any portion, abstract, or summary of that information.

(g)  The term "Confidentially Designated Information" shall mean Confidential Information or Attorney-Restricted Confidential Information.

(h)  The term "Designating Entity" shall mean any party or Producing Entity who designates Discovery Material as Confidentially Designated Information.

2.  <u>Labeling of Confidentially Designated Information</u>.

(a)  Any party or Producing Entity may designate as "Confidential" (by stamping the relevant page or, in the case of electronically stored information produced in native format, by stamping the TIFF placeholder image) any Discovery Material that that party or Producing Entity considers in good faith to contain information involving trade secrets, confidential, business or financial information, or personally sensitive information entitled to protection under the Federal Rules of Civil Procedure or other applicable law.

(b)  Any party or Producing Entity may designate as "Attorney-Restricted Confidential," (by stamping the relevant page or, in the case of electronically stored information produced in native format, by stamping the TIFF placeholder image) any Discovery Material that that party or Producing Entity in good faith believes constitutes, contains or reflects trade secrets, confidential, business or financial information, or personally sensitive information which that party or Producing Entity reasonably believes would not be adequately protected under the procedures set forth herein for Discovery Material designated as "Confidential."

(c)  In addition to designating as Confidentially Designated Information any Discovery Material it provides, a party may designate as Confidentially Designated Information any Discovery Material disclosed by a Producing Entity, if in the good faith opinion of that party, the Discovery Material contains information of that party that may be labeled such pursuant to paragraphs 2(a) and 2(b) of this Protective Order, by providing written notice of the relevant

document numbers or other identification within 30 days after receiving the Discovery Material. After any designation made according to the procedure set forth in this paragraph, the Discovery Material shall be treated according to the designation, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation. Any disclosure or use of the information by another party that was not at the time of the disclosure or use a violation of the terms of this Protective Order shall not be deemed a violation of this Protective Order.

      (d)     Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

    3.     <u>Inadvertent Production of Privileged Documents</u>. The inadvertent production of any document subject to any Privileges is not intended to be, and shall not operate as, a waiver of any such Privileges, in whole or in part by any Producing Entity. Nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of any right by a Producing Entity to object to any use of such document or of the information contained therein. It is the intent of the parties to this Protective Order that any inadvertently produced document shall be immediately returned to the Producing Entity. No use shall be made of any materials after written or oral notice is provided that such documents have been inadvertently produced. No use shall be made of any materials that a reasonable attorney would recognize as properly protected by any Privileges without an express, written waiver by the Producing Entity referring to the specific document by its unique production control number, and any such specific waiver shall not waive any Privileges that may exist as to any other document and will not be considered a general waiver of any Privileges.

4. <u>Curing a Failure To Designate</u>. The inadvertent or unintentional production of documents or other material without labeling such documents or other material as "Confidential" or "Attorney-Restricted Confidential" shall not be deemed a waiver in whole or in part of a Producing Entity's claim to designate and so label such information, provided that the Producing Entity gives prompt, written notice of the desired designation to all parties after discovery of any inadvertent disclosure or failure to designate. Information produced inadvertently without designation as "Confidential" or "Attorney-Restricted Confidential" may be designated retroactively, and shall be treated as so designated from the date written notice of the designation is provided to the other party. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation. Any disclosure or use of the information by another party that was not at the time of the disclosure or use a violation of the terms of this Protective Order shall not be deemed a violation of this Protective Order.

5. <u>Labeling of Deposition Transcripts</u>.

(a) Any party may designate all or part of a deposition transcript as either Confidential Information or Attorney-Restricted Confidential Information. Such designation may be made on the record during the deposition, or may be made by giving written notice to the court reporter and counsel for all parties within 30 days after receiving the transcript from the court reporter. All deposition transcripts will be considered Confidential Information for the first 30 days after receiving the transcript from the court reporter, unless designated otherwise by any of the parties. After any designation made according to the procedure set forth in this paragraph,

5

the designated documents or information shall be treated according to the designation, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation. Any disclosure or use of the information by another party that was not at the time of the disclosure or use a violation of the terms of this Protective Order shall not be deemed a violation of this Protective Order.

(b)     If, during a deposition, a question calls for an answer that any party desires to be governed by a confidentiality designation pursuant to this Protective Order, that party may request any person to leave the room for the period of such confidentially designated testimony where disclosure of that testimony to such person would not be permitted by this Protective Order.

6.     Labeling of Written Discovery. A party may designate information disclosed in response to written discovery as Confidentially Designated Information by so indicating in its responses. Additionally, a party may designate in writing, within 30 days after receipt of any responses, that specific responses be treated as Confidentially Designated Information. After any designation made according to the procedure set forth in this paragraph, the designated information shall be treated according to the designation, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation. Any disclosure or use of the information by another party that was not at the time of the disclosure or use a violation of the terms of this Protective Order shall not be deemed a violation of this Protective Order.

6

7.   Any notes or other documents containing or reflecting Confidentially Designated Information shall also be deemed to be Confidentially Designated Information covered by this Protective Order.

8.   <u>Challenging a Designation</u>.  If a party contends that any Confidentially Designated Information is not entitled to such treatment, that party may at any time give written notice to the Designating Entity stating with particularity the grounds for any objection. After the party gives notice of such challenge, the challenging party and the Designating Entity shall attempt to resolve the issue through discussions. If such discussions are unsuccessful, the challenging party may, after providing reasonable notice and an opportunity for the Designating Entity to be heard in response, file a motion with the Court.  The Designating Entity shall have the burden of showing by a preponderance of the evidence that there is good cause for the document or other material to have such protection.  Pending resolution of the confidentiality motion by the court, any Confidentially Designated Information shall continue to be treated in accordance with its original designation.

9.   Notwithstanding any challenge to the designation of material as Confidentially Designated Information, all Confidentially Designated Information shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    (a)   the Designating Entity withdraws its designation in writing;

    (b)   the parties agree to change the designation; or

    (c)   the Court rules the material is not Confidentially Designated Information.

10.  <u>Permissible Disclosures and Uses</u>.

    (a)   All information, whether designated confidential or not, that is produced or exchanged in the course of these Proceedings (other than information that is publicly available)

7

shall be used by the party or parties to whom the information is produced solely for purposes of the Proceeding.

   (b) Except with the prior written consent of the Designating Entity or upon prior order of the Court obtained on notice to opposing counsel and the Designating Entity, Confidential Information shall not be disclosed to any person other than:

   (i) the parties;

   (ii) the parties' in-house counsel and attorney(s) of record for the parties, and their paralegal, stenographic and clerical employees, clerical agents or clerical sub-contractors whose duties and responsibilities require access to such Confidentially Designated Information to assist in the Proceedings;

   (iii) any outside copying and document processing entity or person retained by any party to assist in connection with the Proceedings;

   (iv) any graphics person or entity retained by any party to assist in the production of demonstrative evidence or visual aids;

   (v) any outside consultant or expert witnesses and their employees retained to assist in the conduct of the Proceedings, whose duties and responsibilities require access to materials designated Confidential Information;

   (vi) third-party vendors, and employees thereof, retained by the Parties or counsel in this claim who are involved in one or more aspects of reorganizing, filing, coding, converting, storing, copying or retrieving electronic data;

   (vii) the Court and its personnel;

   (viii) Court reporters, stenographers, and persons preparing transcripts of testimony under the supervision of a court reporter or stenographer;

    (ix) any person who may be agreed to in writing by the Designating Entity or authorized by order of the Court; and

    (x) insurers and their representatives for the respective parties to this Proceeding.

  (c) Attorney-Restricted Confidential Information shall be subject to the usage, dissemination, and disclosure limitations applicable to Confidential Information, except no disclosure may be made to any party.  For purposes of this subsection, a party's in-house counsel and the paralegals, secretaries, stenographic and clerical employees working in support of such in-house counsel do not constitute a "party." Disclosure to in-house counsel shall be limited to providing legal advice in connection with the Proceedings, and may not be used for any business or other purpose.  All other directors, officers, partners, employees, clerical agents and clerical sub-contractors of a party are restricted from disclosure of this information.

  (d) Notwithstanding anything else in this Protective Order, (i) there shall be no prohibition of disclosure of Confidentially Designated Information to the Producing Entity or to any person identified in such document as its author or addressee; and (ii) if Confidentially Designated Information makes specific reference to words or conduct attributed to any person, any party may reveal such specific reference to the person to whom such words or conduct are attributed.

  (e) Confidentially Designated Information or information produced by another party or third party may be disclosed to any deponent in preparation for his/her deposition or during his/her deposition if such information is reasonably likely to be relevant to the deposition so long as the disclosing party (i) ensures that the deponent does not maintain in his/her possession copies of any Confidentially Designated Information; and (ii) ensures that the

9

deponent does not make any notes concerning the substance of any Confidentially Designated Information disclosed to them.

(f) There shall be no prohibition of disclosure of Confidentially Designated Information to any non-party witness during a deposition given by the witness, provided the examining attorney has a good faith basis for believing that the witness has knowledge regarding the Confidentially Designated Information. To the extent that any Confidentially Designated Information is disclosed to a non-party witness pursuant to this paragraph, the Party making such disclosure shall provide a copy of this Protective Order to that witness and the witness's attorney, and that witness and attorney shall be bound by the terms of this Protective Order. In such case, the examining attorney must ensure: (i) that the deponent does not maintain in his/her possession copies of any Confidentially Designated Information; and (ii) that the deponent does not make any notes concerning the substance of any Confidentially Designated Information disclosed to them.

(g) Notwithstanding anything else in this Protective Order, the usage, dissemination, and disclosure restrictions and obligations set forth herein shall not apply to any information that (i) was public knowledge when produced by the Producing Entity or has become public knowledge other than as a result of disclosure by a Receiving Party, its employees or agents in violation of this Protective Order; (ii) has come into a Receiving Party's legitimate possession independently of the Producing Entity and not as a result of a disclosure of Confidentially Designated Information by the Producing Entity in this or any other action or government investigation; or (iii) has been independently developed by or for the Receiving Party without use of, or reference to, the Producing Entity's Confidentially Designated Information.

11. No disclosure may be made to a person or entity identified in paragraph 10(b)(iii) – 10(b)(vi); (ix); (x) or 10(e) or (f) unless that person or entity has acknowledged that he, she or it has read this Protective Order and agrees to be bound by its terms.

12. Except for counsel of record and their employees, necessary Court personnel, qualified court reporters, and persons who are parties to these Proceedings (in the case of corporate parties, their officers, directors and employees will be considered "parties to these Proceedings" for purposes of this Protective Order), every person to whom counsel for a Receiving Party intends to disclose Confidentially Designated Information received from a Producing Entity shall execute a Certification of Agreement to Abide by Terms of Protective Order in the form attached to this Protective Order before receiving any Confidentially Designated Information. Counsel shall maintain the original of each Certification.

13. Nothing in this Protective Order shall preclude counsel from giving advice to his or her client in these Proceedings that includes a general evaluation of Attorney-Restricted Confidential Information; provided that counsel shall not disclose the specific contents of any Attorney-Restricted Confidential Information contrary to the terms of this Protective Order.

14. Any person receiving Confidentially Designated Information shall not reveal or discuss that information with any person who is not authorized by this Protective Order to receive that information.

15. <u>Unauthorized Disclosure</u>. In the event of disclosure of any Confidentially Designated Information to any person or entity not authorized for access to such material under the terms of this Protective Order, the party responsible for having made, and any party having knowledge of, such disclosure shall inform counsel for the Designating Entity, within a reasonable time not to exceed ten days, of all information concerning the nature and

circumstances of the disclosure. The responsible party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure of such information or materials is made by anyone, and each party will cooperate in good faith in that effort. Nothing provided in this paragraph shall limit any party's right to seek sanctions from the Court for violation of this Protective Order.

16. <u>Filing Papers with the Court</u>.

(a)     Confidentially Designated Information need not be filed with the clerk of the Court except when required in connection with motions or other matters pending before the Court. If filed, it shall be filed under seal and shall remain sealed while in the office of the clerk so long as it retains its status as Confidentially Designated Information.

(b)     For any Confidentially Designated Information filed under seal, all documents and copies containing Confidentially Designated Information shall not be filed electronically, but shall be filed in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the document shall be attached. If Confidentially Designated Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> This envelope is filed under seal pursuant to Protective Order
> entered [date of this order], contains Confidential Information and
> is not to be opened or the contents revealed except by Order of the
> Court or written agreement by the parties.

17.     <u>Confidentially Designated Information at Hearing</u>. Subject to the Federal Rules of Evidence, Confidentially Designated Information may be offered in evidence at any Court hearing, provided that the proponent of the evidence gives reasonable advance notice to the

Designating Entity. Any party may move the Court for an Order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine what protection the proffered evidence will be afforded at hearing or trial. In the event a party wishes to publish Confidentially Designated Information to the jury, the party wishing to use the Confidentially Designated Information shall promptly provide to the Designating Entity written notice of such intended publication so that the Designating Entity, if it chooses, can provide copies of the Confidentially Designated Information without any confidential designations.

18. <u>No Waiver</u>.

(a) Review of the Confidentially Designated Information by counsel, experts or consultants for the litigants in the lawsuit shall not waive the confidentiality of the Confidentially Designated Information or objections to production.

(b) The inadvertent, unintentional or in camera disclosure of Confidentially Designated Information shall not be deemed a waiver, in whole or in part, of any party's claim of confidentiality.

19. <u>Return, Destruction and Retention of Confidentially Designated Information</u>. Upon conclusion of these Proceedings, a party in the possession of Confidentially Designated Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall, no later than 60 days after the final disposition of these Proceedings as to all parties and claims, either (a) return the Confidentially Designated Information to counsel for the Producing Entity who provided the Confidentially Designated Information; or (b) with the consent of the Producing Entity that provided the Confidentially Designated Information, destroy the Confidentially Designated Information and certify in writing that the Confidentially

Designated Information has been destroyed. If the Producing Entity requests that its Confidentially Designated Information not be destroyed, each Receiving Party shall return such information to the Producing Entity. Notwithstanding anything else in this paragraph, a party shall not be required to deliver to another party or Producing Entity any documents containing attorney work product, but shall be permitted to destroy such documents; and each party's counsel of record shall be permitted to retain, for archival purposes, one copy of any document containing attorney work product that contains Confidentially Designated Information.

20. <u>Third Party Attempts to Compel Disclosures</u>. If any party receives a subpoena or other process from any person seeking production of Confidentially Designated Information, that party shall give notice as soon as possible to the Designating Entity, enclosing a copy of the subpoena or other process unless such disclosure is prohibited by law. No disclosure may be made pursuant to the subpoena or other process, except by court order, until the Designating Entity has been given such notice and has had a reasonable opportunity to seek to quash such subpoena or process. The Designating Entity must within 10 days of receiving notice notify the party that received the subpoena whether they intend to move to quash such subpoena or process, and then move promptly to quash such subpoena or process if they so advise.

21. Nothing in this Protective Order limits a Producing Entity's rights concerning Discovery Material it produced.

22. Nothing in this Protective Order shall prevent or prejudice a Producing Entity or Designating Entity from seeking additional protection with respect to the use or disclosure of Confidentially Designated Information in connection with any hearing or other proceeding in these Proceedings.

23. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged confidentiality, relevancy, admissibility or discoverability of the Confidentially Designated Information and information sought.

24. Headings contained herein are for convenience only and are not part of the text of the Protective Order.

25. The provisions of this Protective Order shall remain in full force and effect upon re-transfer of these Proceedings.

26. The provisions of this Protective Order restricting the communication or use of Confidentially Designated Information shall survive the conclusion of the Proceedings unless otherwise agreed in writing by the parties or ordered by the Court, and the Court will retain jurisdiction to enforce its terms.

27. Each person to whom Confidentially Designated Information is made available under the terms of this Protective Order consents to jurisdiction of the Court to enforce its terms, including being held in contempt of court for violating its terms, and consents to jurisdiction of any other court of competent jurisdiction to enforce its terms, including the entry of injunctive relief and/or damages for a violation of its teams.

28. This Protective Order shall be without prejudice to the right of any party to seek to modify it, and any party shall have the right to oppose production of any information for any reason other than confidentiality. Nothing in this Protective Order shall preclude the Court from modifying it or imposing different or other terms on any discovery or information produced or generated in this Proceeding.

29. This Protective Order shall become effective only upon its execution by Barclays and American Express. Barclays and American Express agree to abide by the terms of this Protective Order prior to and after the entry of this Protective Order by the Court.

SO STIPULATED AND AGREED:

| | |
|---|---|
| Dated January 26, 2009<br>ALLEN & OVERY LLP | Dated January 26, 2009<br>DEWEY & LEBOEUF LLP |
| By: /s/ Michael S. Feldberg<br>Michael S. Feldberg<br>Laura Martin | By: /s/ Donna L. Gordon<br>Martin J. Beinenstock<br>Donna L. Gordon<br>Irena M. Goldstein<br>Rebecca Reilly |
| 1221 Avenue of the Americas<br>New York, NY 10020 | 1301 Avenue of the Americas<br>New York, NY 10019 |
| *Attorneys for Barclays Capital Inc.* | *Attorneys for American Express Travel Related Services Company, Inc.* |

SO ORDERED:

Dated: February 3, 2009

*/s/ James M. Peck*
Honorable James M. Peck
UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
                                                               :
In re                                      :   Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :   08-13555 (JMP)
                                                               :
         Debtors.                           :   (Jointly Administered)
                                                               :
                                                               :
---------------------------------------------------------------x
```

CERTIFICATION OF AGREEMENT
TO ABIDE BY TERMS OF PROTECTIVE ORDER

  I, _____ [print name], whose address is _____ hereby certify that I have read the Stipulated Protective Order (the "Protective Order") entered in the above-captioned case on _____ 2009, I have had its terms explained to me and I understand those terms.

  I hereby agree that I am bound by the terms of the Protective Order and to comply with those terms. I further understand that I am subject to sanctions, including being held in contempt of court, as well as an action for damages and injunctive relief if I were to violate the terms of that Protective Order.

  I hereby consent to be subject to the personal jurisdiction of the United States Bankruptcy Court for the Southern District of New York or any other court that has jurisdiction over me or this Proceeding with respect to any proceedings to enforce the Protective Order, including any proceeding related to contempt of Court.

Dated: _____

                    _____
                          [signature]