Hearing Date and Time: February 25, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: February 20, 2009 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                        :
**In re**                                               :    **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,            :    **08-13555 (JMP)**
                                                        :
                                Debtors.                :    **(Jointly Administered)**
                                                        :
                                                        :
------------------------------------------------------------------x

### NOTICE OF MOTION BY THE DEBTORS SEEKING ENTRY OF AN ORDER PURSUANT TO SECTIONS 1112(b) OR 305 OF THE BANKRUPTCY CODE DISMISSING THE CHAPTER 11 CASE OF FUNDO DE INVESTIMENTO MULTIMERCADO CREDITO PRIVADO NAVIGATOR INVESTIMENTO NO EXTERIOR

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Fundo De Investimento Multimercado Credito Privado Navigator Investimento No Exterior ("Fundo") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") to consider Fundo's Motion Seeking Entry Of An Order Dismissing Its Chapter 11 Case, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **February 25, 2009 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., attorney for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **February 20, 2009 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: February 4, 2009
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | : | |
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |
------------------------------------------------------------------x

**DEBTORS' MOTION SEEKING ENTRY OF AN ORDER PURSUANT TO
SECTIONS 1112(b) OR 305 OF THE BANKRUPTCY CODE DISMISSING
THE CHAPTER 11 CASE OF FUNDO DE INVESTIMENTO MULTIMERCADO
CREDITO PRIVADO NAVIGATOR INVESTIMENTO NO EXTERIOR**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Fundo de Investimento Multimercado Credito Privado Navigator Investimento No Exterior ("Fundo") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this Motion and respectfully represent:

**Background**

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been

consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

4. On January 19, 2009, the U.S. Trustee appointed an Examiner pursuant to section 1104(c)(2) of the Bankruptcy Code (the "Examiner").

**Jurisdiction**

5. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Lehman's Business**

6. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

7. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Relief Requested**

8. The Debtors request entry of an order dismissing the chapter 11 case of Fundo under section 1112(b) or, alternatively, section 305 of the Bankruptcy Code.

**Circumstances Of Filing**

9. On October 5, 2008, Ten (10) of the Debtors, including Fundo, a wholly owned subsidiary of chapter 11 debtor Lehman Brothers Special Financing Inc. ("LBSF"), undertook an emergency filing of chapter 11 petitions with this Court. The filing was precipitated by the Debtors' belief that certain banks were, or might be, planning to seize assets of the Debtors. Fundo was listed on a schedule of Lehman entities holding bank accounts with substantial cash balances. The Debtors reviewed the information on Fundo in their database and, based on an inaccurate notation, concluded that Fundo was a U.S. entity incorporated in Delaware. As a result, Fundo was included in the group of entities for whom the Debtors filed chapter 11 petitions in an effort to protect assets, for the benefit of all stakeholders, from unilateral action by the banks.

10. Subsequent to the filing, the Debtors have become aware of several facts that inform their current decision to seek dismissal of Fundo's chapter 11 case, including the following:

- Fundo is an investment fund organized in Brazil, not a Delaware corporation. The Debtors have been advised that, under Brazilian law, Fundo does not have a separate legal personality, except that it can, through its manager (*administrado*r in Portuguese),

enter into contracts and engage in other actions as if it were a legal entity. The Debtors have been further advised that under Brazilian law, a fund is not eligible for bankruptcy.

- On March 17, 2008, Fundo de Investimento Multilercado Credito Privado Navigator changed its name to Fundo de Investimento Multilercado Credito Privado Navigator Investimento No Exterior.

- Fundo is managed by BNY Mellon Serviços Financeiros Distribuidora de Titulos e Valores Mobiliários S.A., an affiliate of The Bank of New York Mellon, as manager and administrator, but has no creditors or assets in the U.S. save for an LBHI guaranty of a claim that Fundo has against a non-U.S., non-debtor affiliate (the "<u>LBHI Guaranty</u>").

11. The pendancy of its chapter 11 case has, and is likely to continue to, impair Fundo's ability to fully implement its current objective, which is to wind-down its business in a manner that will maximize recovery for all of its stakeholders. For example, as part of its winding-down, Fundo has explored the market for certain of its assets in Brazil. Potential sale partners, however, are reluctant to enter into substantive negotiations because of the uncertainty surrounding the effect of the U.S. case on Fundo's assets in Brazil. In sum, the chapter 11 case has placed Fundo in a bind: it receives none of the protections of the Bankruptcy Code, since all of its creditors and assets, save for the LBHI Guaranty, are located abroad; under Brazilian law it may be ineligible for bankruptcy; and it is subject to many of the burdens of bankruptcy, such as cumbersome administration and the possible triggering of ipso facto provisions.

**Relief Pursuant to Section 1112(b)**

12. Section 1112(b) of the Bankruptcy Code provides that, upon request by a party in interest, a court may dismiss a case for "cause" after notice and a hearing. While it is

uncommon for a debtor to seek dismissal of its own case, section 1109(b) provides that a debtor is a party in interest and thus eligible to seek relief under section 1112(b). *In re The Adbrite Corp.*, 290 B.R. 209, 214 (Bankr. S.D.N.Y. 2003). Moreover, Fundo is joined in this request by the other Debtors, including its sole shareholder LBSF. The analysis under section 1112(b) generally involves a two-step process: first, the court must determine whether "cause" exists for conversion or dismissal and, if it does, the court must then decide, in its discretion, whether to dismiss the chapter 11 case. *Id.*

13. Section 1112(b)(4) contains a list of 16 examples of "cause." Case law, however, makes clear that "the list of grounds for converting or dismissing a Chapter 11 case under 1112(b) is illustrative, not exhaustive, the may court consider other grounds and use its equitable powers to reach an appropriate result." *Adbrite,* 290 B.R. at 217.

14. This court has stated that "cause" may be established by showing (i) a "continuing loss or diminution of the estate" and (ii) "the absence of a reasonable likelihood of rehabilitation." *Id*. at 215; *see also* 11 U.S.C. §1112(b)(4)(A). In order to satisfy the first prong of the test, "'[a]ll that need be found is that the estate is suffering some diminution in value.'" *In re CITI-Toledo Partners*, 170 B.R. 602, 606 (Bankr. N.D. Ohio 1994) (*quoting In re Kanterman*, 88 B.R. 26, 29 (S.D.N.Y. 1988).

15. As discussed above, Fundo's chapter 11 case may be inconsistent with Brazilian law. Since Brazilian law controls Fundo's operations, this inconsistency can create uncertainty for third parties having business with Fundo as to whether obligations incurred under agreements between Fundo and these third parties continue to be enforceable. The resolution of this uncertainty has the potential to produce a significant diminution in the value of Fundo's estate impeding Fundo's ability to maximize realization of value for its stakeholders.

16. Courts have stated that rehabilitation, in the context of the second prong of the section 1112(b) analysis, "means to put back in good condition and reestablish on a sound basis." *Adbrite*, 290 B.R. at 216. As discussed above, there are no rehabilitation or reestablishment plans for Fundo going forward. Instead, the Debtors' seek to wind-down its business in an orderly manner consistent with Brazilian law for the benefit of all of its stakeholders. Therefore, since Fundo's estate is suffering a diminution of value, and no likelihood of rehabilitation exists, "cause," as that term is defined in section 1112(b), can be established and the court, in its discretion, can dismiss Fundo's chapter 11 case.

17. Additionally, the court has authority under section 1112(b) to use its equitable powers to dismiss the case if the facts and circumstances of the case justify such dismissal. *Adbrite,* 290 B.R. at 217. As noted above, the chapter 11 filing (i) was made based on an incorrect notation in the Debtor's records that Fundo is a U.S. entity, (ii) is hindering Fundo's attempts to wind-down is business in an orderly fashion in Brazil, (iii) is resulting in a diminution in value of Fundo's estate, and (iv) may be inconsistent with Brazilian law. Further, none of Fundo's significant assets nor any of its creditors are located in the U.S. and thus no one stands to benefit from the continuation of the chapter 11 case. Instead, stakeholders in the Debtors' other chapter 11 cases will see their recoveries reduced by the expense of maintaining a proceeding of dubious utility. Therefore, based on the totality of the circumstances, the court should use its equitable powers to dismiss Fundo's chapter 11 case.

**Relief Pursuant to Section 305(a)**

18. Section 305(a) provides that:

(a) The court, after notice and a hearing, may dismiss a case under this title or may suspend all proceedings in a case under this title, at any time if –

    (1)  the interests of creditors and the debtor would be better served by such dismissal or suspension….

11 U.S.C. § 305(a).

  19. Dismissal pursuant to section 305(a) is only appropriate where such action is in the "best interest of both the creditors *and* the debtor." *In re Corino*, 191 B.R. 283, 287 (Bankr. N.D.N.Y. 1995)*; see also Hartigan v. Pine Lake Village Apartment Co. (In re Pine Lake Village Apartment Co.),* 16 B.R. 750, 753 (Bankr. S.D.N.Y. 1982) ("...§305 expressly requires a determination that not only will the interests of creditors be better served by dismissal or suspension, but also that "the interests of … the debtor would be better served by such dismissal or suspension.""). In determining whether dismissal is in the best interest of creditors and the debtor, courts look to "the facts of the individual case" while considering a number of other criteria." *Corino*, 191 B.R. at 287. This court has indicated that relief pursuant to section 305 may be appropriate where the "economy and efficiency of administration favors abstention or dismissal," *In re Compania de Alimentos Fargo, S.A.*, 376 B.R. 427, 434 (Bankr. S.D.N.Y. 2007), or where "creditors are not prejudiced by the arrangement." *Id*. n. 9.

  20. As discussed above, dismissal is in the best interests of Fundo and its creditors. Maintaining a chapter 11 case is an expensive endeavor. If Fundo's case continues, the Debtors' will be forced to expend time, money and effort to coordinate Fundo's chapter 11 case with the winding-down process in Brazil and to compile the information that must be filed in the various schedules called for by the Federal Rules of Bankruptcy Procedure. Prolonging Fundo's chapter 11 case will therefore deplete its estate and reduce the recovery of all of its stakeholders. In contrast, since Fundo has no creditors and no assets, other than the LBHI Guaranty, in the U.S., dismissing its chapter 11 case will not prejudice parties in interest and is

thus in the best interest all stakeholders. Accordingly, section 305 serves as an alternative basis to dismiss Fundo's chapter 11 case.

**<u>Notice</u>**

21.    No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

22.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just.

Dated:  February 4, 2009
      New York, New York

    /s/ Richard P. Krasnow
    Richard P. Krasnow

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Debtors
    and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
:
------------------------------------------------------------------x

### ORDER DISMISSING THE BANKRUPTCY CASE OF FUNDO DE INVESTIMENTO MULTIMERCADO CREDITO PRIVADO NAVIGATOR INVESTIMENTO NO EXTERIOR

Upon the motion, dated February 4, 2009 (the "Motion"), of Fundo De Investimento Multimercado Credito Privado Navigator Investimento No Exterior ("Fundo") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 1112(b) and 305(a) of title 11 of the United States Code (the "Bankruptcy Code") for dismissal of the bankruptcy case of Fundo, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No.

NY2:\1957035\03\15Y2303!.DOC\58399.0003

285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Motion is granted; and it is further

      ORDERED that the CHAPTER 11 case of Fundo De Investimento Multimercado Credito Privado Navigator Investimento No Exterior is dismissed, effective upon entry of this Order pursuant to sections 1112(b) and 305 of the Bankruptcy Code; and it is further

      ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: February __, 2009
      New York, New York

                                     _____
                                     UNITED STATES BANKRUPTCY JUDGE