**Hearing Date and Time:  February 25, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  February 20, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
                                          :
-------------------------------------------------------------------x
```

### NOTICE OF MOTION OF BNC MORTGAGE LLC, PURSUANT TO SECTIONS 363(b), 365(a), and 554(a) OF THE BANKRUPTCY CODE AND RULES 6004, 6006, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AUTHORIZING (I) THE REJECTION OF CERTAIN LEASES AND SUBLEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) THE SALE OR ABANDONMENT OF *DE MINIMIS* ASSETS

PLEASE TAKE NOTICE that a hearing on the annexed motion, dated February

4, 2009 (the "Motion"), of BNC Mortgage LLC ("BNC") for an Order Pursuant to sections

363(b), 365(a), and 554(a) of title 11 of the United States Code and Rules 6004, 6006 and 9014

of the Federal Rules of Bankruptcy Procedure for authorization to (i) reject certain leases and

subleases of nonresidential real property and (ii) sell or abandon certain *de minimis* assets

without further authorization of the Court, all as more fully described in the Motion, will be held

before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States

Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green,

New York, New York 10004 (the "Bankruptcy Court"), on **February 25, 2009 at 10:00 a.m.**

**(Prevailing Eastern Time)** (the "Hearing").

                    PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York,

shall set forth the name of the objecting party, the basis for the objection and the specific grounds

thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order

M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy

Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the

chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004,

Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York

10153, Attn:  Jacqueline Marcus and John W. Lucas, attorneys for BNC; (iii) the Office of the

United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall

Street, 21st Floor, New York, New York 10004 Attn:  Andy Velez-Rivera, Esq., Paul

Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.;

(iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York

10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys

for the Official Committee of Unsecured Creditors appointed in these cases; and (v) any person

or entity with a particularized interest in the Motion, so as to be so filed and received by no later

than **February 20, 2009 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in the relief being granted or denied upon the

objecting party's failure to appear at the hearing.

Dated: February 4, 2009
     New York, New York

                /s/ Jacqueline Marcus
                Jacqueline Marcus
                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007
                Attorneys for Debtors
                and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
                          Debtors.        :    (Jointly Administered)
                                          :
                                          :
------------------------------------------------------------------x
```

**MOTION OF BNC MORTGAGE LLC, PURSUANT TO
SECTIONS 363(b), 365(a), AND 554(a) OF THE BANKRUPTCY
CODE AND RULES 6004, 6006, AND 9014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE, AUTHORIZING (I) THE REJECTION
OF CERTAIN LEASES AND SUBLEASES OF NONRESIDENTIAL REAL
PROPERTY AND (II) THE SALE OR ABANDONMENT OF _DE MINIMIS_ ASSETS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

BNC Mortgage LLC ("BNC") as debtor and debtor in possession (together with

Lehman Brothers Holdings Inc. "LBHI", and BNC's affiliated debtors in the above-captioned

chapter 11 cases (collectively the "Debtors"), and its non-debtor affiliates, "Lehman"), files this

Motion and respectfully represents:

**Background**

1.      Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  On January 9, 2009, BNC Mortgage LLC ("BNC") commenced with this

Court a voluntary case under chapter 11 of the Bankruptcy Code (the "BNC Commencement

Date").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and

are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January

20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

**Jurisdiction**

5.      This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Lehman's Business

6.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

7.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Relief Requested

8.      Pursuant to sections 363(b), 365(a), and 554(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, BNC seeks authorization to reject the leases of nonresidential real property (the "Leases" or "Leased Properties") and reject the subleases (the "Subleases" or Subleased Properties) [1] set forth on Exhibit A and Exhibit B annexed hereto, respectively.  The rejection of the Leases is to be effective on the earlier of (i) the date BNC relinquishes possession the properties related to the Leases or (ii) entry of an order approving this Motion.  The rejection of the Subleases is to be effective as of the entry of an order granting the Motion.  BNC also seeks authorization to sell certain *de minimis* assets owned by BNC

---

[1] Copies of individual Leases and Subleases will be made available to any party in interest upon request to the Debtors' undersigned attorneys.  This Motion is without prejudice to the Debtors' right to claim that any one or all of the Leases and Subleases expired by their own terms or were terminated prior to the effective date of rejection, as the case may be.  Moreover, nothing herein shall be deemed an admission that the Leases and Subleases are enforceable obligations of BNC or that the lessor or sublessee thereunder identified on Exhibit A or Exhibit B has a valid claim against BNC as a result of the relief requested herein.

located at the Leased Properties and Subleased Properties without further order of the Court or,

in the alternative, to abandon any *de minimis* assets owned by BNC that it determines in its sole

discretion that it cannot sell on reasonable terms.

### BNC's Business And Its Leases And Subleases

9.       BNC was a wholesale mortgage originator of subprime mortgages with

branch offices located throughout the country.  Each branch office housed a small staff, the

primary responsibilities of which included processing mortgage applications submitted by third-

party brokers, contracting with local title insurance companies, and recording liens in local deed

registries.  BNC began winding-up its business in the fall of 2007 and currently has no

employees or active operations.

10.       Following the BNC Commencement Date, BNC undertook a

comprehensive review of its leases and subleases.  Based upon this review and in the view of the

cessation of its operations, BNC has concluded that continued compliance with the terms of the

Leases and the Subleases would be burdensome and provide no corresponding benefit to BNC's

estate.  Accordingly, BNC seeks to reject thirteen (13) Leases and six (6) Subleases.  All of the

Leased Properties either have been vacated by BNC or are ready to be vacated and currently

contain certain personal property of BNC, which is of inconsequential value.  Some of the

Leased Properties are occupied by sublessees under the Subleases.

### Rejection of the Leases Is Supported By the Debtors' Business Judgment and Should Be Approved By the Court

11.       Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a

debtor in possession "subject to the court's approval, may assume or reject any executory

contract or unexpired lease of the debtor."  11 U.S.C. § 365(a); *see also NLRB v. Bildisco &*

*Bildisco*, 465 U.S. 513, 521 (1984); *In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997).  "[T]he

purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993).

12.     Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco & Bildisco*, 465 U.S. at 523 (recognizing the "business judgment" standard used to approve rejection of executory contracts and unexpired leases); *Nostas Assocs. v. Costich (In re Klein Sleep Products, Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *In re Minges*, 602 F.2d 38, 42-43 (2d Cir. 1979) (holding that the "business judgment" test is appropriate for determining when an executory contract can be rejected); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994) (approving rejection of license by debtor because such rejection satisfied the "business judgment" test); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under section 365(a) in the exercise of its "business judgment").

13.     BNC has reviewed the Leases and determined that the Leases no longer have value or utility.  BNC no longer conducts business and as such the Leases are a cash drain on BNC's estate and provide no corresponding benefit.  Given the short term remaining on the majority of the Leases and the current market conditions, BNC is unlikely to be able to assume and assign the Leases to generate proceeds for BNC's estate.

14.     BNC also seeks to reject six (6) of the Subleases of nonresidential real

property, to the extent the rejection of the Leases does not terminate BNC's obligation under the

Subleases.[2]  BNC has reviewed and analyzed the Subleases to determine their respective

economic values in the context of its chapter 11 case.  In the case of each Sublease, BNC's rental

obligations under the applicable Lease exceed the rental payments it receives under the

applicable Sublease.  If BNC were to maintain the *status quo*, the difference in the rental

payments would result in the accumulation of several hundred thousand dollars in administrative

expenses over the course of 2009 alone.  Based on this review, BNC has determined that it is in

the best interest of its estate to reject the Subleases.

15.     In accordance with section 365(a) of the Bankruptcy Code, BNC seeks to

reject the Leases, effective as of the later of (i) the date BNC relinquishes possession of the

Leased Properties, or (ii) the entry of an order granting this Motion.  As to the Subleases, BNC

seeks rejection effective as of the entry of an order granting the Motion.  While section 365 of

the Bankruptcy Code does not specifically address whether the Court may order rejection to be

effective retroactively, many courts, including those in this district, have held that bankruptcy

courts may, in their discretion, authorize rejection retroactive to a date prior to entry of the order

authorizing such rejection.  *See, e.g., In re Acterna Corp., et al.*, Case No. 03-12837 (BRL)

[Docket No. 97] (Bankr. S.D.N.Y. 2003) (approving a similar process for determining the

effective date for the rejection of leases); *In re Stone Barn Manhattan LLC, et al.*, Case No. 08-

---

[2] BNC's obligations under the Subleases may be terminated as a result of its rejection of the Leases.  *See
Chatlos Systems, Inc. v. Kaplan*, 147 B.R. 96, 100 (D. Del. 1992) (holding that (i) debtor's rejection of
prime lease also causes the rejection of any sublease since the sublessee's rights are tied to and
extinguished along with the sublessor's and (ii) upon rejection of prime lease, the debtor sublessor is
without any statutory, contractual, or possessory rights to evict or remove the sublessee).  However, BNC
seeks to reject the Subleases out of an abundance of caution to ensure that its estate is not incurring
further liabilities thereunder.

12579 (ALG) [Docket No. 887] (Bankr. S.D.N.Y. 2008) (same); *see also In re At Home Corp.,* 392 F.3d 1064, 1071 (9th Cir. 2004) (holding that there is no requirement that the debtor tender possession of the leased premises to the landlord prior to the motion filing date for the court to grant retroactive relief *nunc pro tunc* to the motion filing date); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, *3 (S.D.N.Y. Nov. 15, 2002) (finding that retroactive rejection is valid when the balance of equities favor such treatment); *In re Jamesway Corp.*, 179 B.R. 33, 36 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions on the manner in which the court can approve rejection"); *In re Thinking Mach. Corp. v. Mellon Fin. Servs.*, 67 F.3d 1021, 1028 (1st Cir. 1995) (approving retroactive orders of rejection where the balance of equities favors such relief); *In re Mid Region Petroleum, Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (debtor may reject executory contract by clearly communicating intention to reject).

16.      The landlords under the Leases are not prejudiced by the effective date of the rejection because (i) BNC is prepared to immediately turnover possession of the Leased Properties to the extent such properties have not been turned over previously, (ii) the Landlords will receive notice of the relief requested herein and will have ample opportunity to object, and (iii) as to those Leased Properties which are also Subleased Properties, the applicable landlords have attornment agreements with the sublessee which permit the landlord to (a) terminate the sublessee's interest in the Sublease or (b) at the option of such landlord, compel the sublessee to attorn to and recognize the landlord as sublessor under the Sublease.

17.      BNC requests that the Court direct that any claim for damages arising as a result of the rejection of the Leases or Subleases be filed in accordance with the date established by order of the Court fixing the bar date to file proofs of claims in BNC's chapter 11 case.

18.      In light of the foregoing, the BNC respectfully requests that the Court approve rejection of the Leases and Subleases under section 365(a) of the Bankruptcy Code in the manner requested herein as a sound exercise of its business judgment.

### Authorization To Sell *De Minimis* Assets

19.      During the ordinary course of its operations, BNC accumulated certain miscellaneous assets at the Leased Properties and Subleased Properties, including fixtures, furniture, and other office equipment ("FF&E"), which has little more than salvage value.  BNC estimates that the liquidation value of the FF&E located at each Leased Property is approximately $6,000 or less.  The FF&E is no longer used in, or necessary for the completion of the wind down of, BNC's business.

20.      To avoid the unnecessary costs and delays associated with obtaining Court authorization for each proposed sale of the FF&E, BNC requests authority, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to sell the FF&E free and clear of liens, claims, and encumbrances without the need to obtain further Court approval.

21.      Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  The proposed use, sale or lease of property of the estate may be approved under section 363(b) of the Bankruptcy Code if it is supported by sound business judgment.  *See In re Chateaugay Corp.*, 973 F.2d 141 (2d Cir. 1992) (approval of section 363(b) sale is appropriate if good business reasons exist for such

sale); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071

(2d Cir. 1983) (same); *Stephens Indus. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986) (holding

that "bankruptcy court can authorize a sale of all of a chapter 11 debtor's assets under

§ 363(b)(1) when a sound business purpose dictates such action"); *In re Phoenix Steel Corp.*, 82

B.R. 334, 335-36 (Bankr. D. Del. 1987) (stating that judicial approval of a section 363 sale

requires a showing that the proposed sale is fair and equitable, a good business reason exists for

completing the sale and that the transaction is in good faith).

22.     Thus, other courts in this jurisdiction, and elsewhere, have authorized *de

minimis* asset sales similar to that requested herein.  *See Saint Vincents Catholic Medical Centers

of New York, et al.*, Case No. 05-14945 (ASH) (Bankr. S.D.N.Y. Mar. 14, 2006); *In re

Bethlehem Steel Corp.*, Case Nos. 01-15288 (BRL) through 01-15302 (BRL), 01-15308 (BRL)

through 01-15315 (BRL) (Bankr. S.D.N.Y. Dec. 19, 2001); *see also In re Pac-West Telecomm,

Inc., et al.*, Case No. 07-10562 (BLS) (Bankr. D. Del. June 29, 2007); *In re Velocita Corp., et al.*,

Case Nos. 02-35894 (DHS) through 02-35905 (DHS) (Bankr. D.N.J. July 31, 2002).

23.     Because the value of the FF&E is *de minimis*, it is not cost-efficient for

BNC to file separate motions to approve each and every sale.  The sale of the FF&E, however,

relieves the Debtors of the administrative burden of storing and maintaining these assets and may

yield a modest benefit to the estate.  Moreover, if the Debtors were required to obtain court

approval for the sale of the FF&E, the result would be increased administrative expenses for

drafting, serving, and filing necessary pleadings, as well as court appearances.

24.     In order to ensure immediate sales of the FF&E, the Debtors also seek a

waiver of the stay of the order authorizing the use, sale, or lease of property under Bankruptcy

Rule 6004(h).  In sum, the requested relief will minimize administrative costs in this case, by

9

accelerating the liquidation of miscellaneous FF&E that provides little or no value to BNC's

estate.

### Authorization to Abandon FF&E That Is Not Sold

25.    BNC's requests authority to abandon the FF&E that is not sold.  Section

554(a) provides that a debtor in possession may abandon, subject to court approval, "property of

the estate that . . . is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).

Before authorizing abandonment of property, a bankruptcy court must find either: (i) the

property is burdensome to the estate or (ii) the property is both of inconsequential value and

inconsequential benefit to the estate.  *See, e.g., Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*,

474 U.S. 494, 497 (1986), *reh'g denied*, 475 U.S. 1091 (1986); *In re Texaco, Inc.*, 90 B.R. 38, 44

(S.D.N.Y. 1988); *In re Crowthers McCall Pattern, Inc.*, 114 B.R. 877, 882 n.7 (Bankr. S.D.N.Y.

1990).

26.    BNC submits that the standard set forth in section 554(a) of the

Bankruptcy Code is satisfied.  In the event that BNC's attempt to sell the FF&E is not successful

or proves to be too costly, BNC requests authorization to abandon such assets.  If BNC is

required to remove and store the FF&E it is unable to sell from the Leased Properties and

Subleased Properties, it would incur a cost that would be greater than the value of such assets.

Therefore, BNC has determined that it is in its best interests of its estate and its creditors to

abandon the FF&E that it is unable to sell.

### Notice

27.    No trustee has been appointed in these chapter 11 cases.  BNC has served

notice of this Motion in accordance with the procedures set forth in the order entered on

September 22, 2008 governing case management and administrative procedures for these cases

[Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the

Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States

Attorney for the Southern District of New York; (vi) the landlords and sublessees listed in

Exhibit A and Exhibit B; and (vii) all parties who have requested notice in these chapter 11

cases.  BNC submits that no other or further notice need be provided.

28.    No previous request for the relief sought herein has been made by BNC to

this or any other court.

WHEREFORE BNC respectfully requests that the Court enter an order granting

the relief requested herein and such other and further relief as is just.

Dated: February 4, 2009
       New York, New York

                                    /s/ Jacqueline Marcus
                                    Jacqueline Marcus
                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone:  (212) 310-8000
                                    Facsimile:  (212) 310-8007
                                    Attorneys for Debtors
                                    and Debtors in Possession

11

## Exhibit A – Schedule of Leases to be Rejected

| Leased Property | Landlord | Notice Address for Landlord | Date of Execution of Lease |
|---|---|---|---|
| 1475 South Bascom Avenue Campbell, CA (Suite 101) | Creekside Business Mall LLC | Creekside Business Mall, LLC P.O. Box 4060 Menlo Park, CA 94026 | 7/14/03 |
| 22632 Golden Springs Drive Diamond Bar, CA (Suite 200/210) | Rosemead Properties, Inc. | Rosemead Properties c/o PacificWest Asset Management Co. P.O. Box 19068 Irvine, CA 92623 | 4/4/03 |
| 2655 Warrenville Road Downers Grove, IL (5th Floor of Corridors II Building) | Corridors I & II/Loudoun II SPE Feeco, L.L.C. | Corridors I & II/Loudoun II SPE Feeco, L.L.C., c/o The Alter Group Ltd. Attn: Mr. Ronald Siegel 5500 W. Howard Street Skokie, IL 60077 Lawrence M. Freedman, Ash, Anos, Freedman & Logan, L.L.C. 77 West Washington Street, Suite 1211 Chicago, IL 60602 Alter Asset Management, L.L.C. Attn: Samuel F. Gould 1980 Springer Drive Lombard, IL 60148 Lehman Brothers Bank FSB Attn: John Herman 399 Park Avenue, 8th Floor NY, NY 10022 Stroock & Stroock & Lavan LLP Attn: William Campbell, Esq. 180 Maiden Lane NY, NY 10038 | 5/13/03 |
| 500 North Central Avenue Glendale, CA (Suite 300) | GRE Glendale LLC | GRE Glendale LLC 500 N. Central-Property Manager 500 North Central Ave., Suite 225 Glendale, CA 91203 | 11/30/2003 |
| 5450 West Sahara Avenue Las Vegas, NV (Suite 200) | 5450 West Sahara LLC | 5450 West Sahara LLC Management Office, 5450 West Sahara Avenue Las Vegas, NV 89146 5450 West Sahara LLC, c/o SCI Property Management, Inc. Attn: Suzann Brent 11620 Wilshire Boulevard, Suite 300 LA, CA 90025 | 8/12/05 |

| Leased Property | Landlord | Notice Address for Landlord | Date of Execution of Lease |
|---|---|---|---|
| 1501 W. Fountainhead Pkwy Tempe, AZ (Suite 130) | Amberjack, LTD | AmberJack, Ltd., c/o Birtcher Arizona, LLC 2400 S. 55th Street Tempe, AZ 85282 | 8/15/03 |
| 16400 Southcenter Parkway Tukwila, WA (Suites 405 and 408) | Sunray Investments LLP | Sunray Investments Partnership, c/o FANA Group of Companies 16400 Southcenter Parkway, #204 Tukwila, WA 98188 | 6/26/02 |
| 300 Galleria Officentre Southfield, MI (Suites 400 and 406) | Galleria Properties, LLC | Galleria Properties LLC 26877 Northwestern Highway Southfield, MI 48033 | 10/1/04 |
| 6300 S. Syracuse Way Centennial, CO (Suite 110) | Legacy III Centennial, LLC | Legacy III Centennial, LLC c/o Legacy Partners Commercial, Inc. Attn: Asset Manager 4000 East Third Avenue, Suite 600 Foster City, CA 94404

Legacy Partners Commercial, Inc. Attn: Property Manager 6300 S. Syracuse Way, Suite 580 Centennial, CO 80111 | 2/9/04 |
| 4100 Midway Road Carrollton, TX (Suite 1110) | CB Office 10, Ltd. | CB Office 10, Ltd. Attn: Mack Dennis 4100 International Parkway, Suite 1100 Carrollton, TX 75007 | 3/11/05 |
| 4100 E. Mississippi Ave. Suite 1000 Glendale, CO | Mountain Towers Properties, LLC | Mountain Towers Properties LLC, c/o CB Richard Ellis Real Estate Services, Inc., Asset Services Attn: Property Manager 4100 East Mississippi Ave. Suite 100 Glendale, CO 80246

Mountain Towers Properties, LLC Attn: Kevin Fay 1000 Potomac Street Northwest, Suite 150 Washington, D.C. 20007 | 11/19/02 |
| 1225 East Fort Union Blvd. Midvale, UT (Suite 100) | Northwest, LLC (Union Park Office Building Salt Lake City L.P.) | Northwest, LLC Thomas M. Lloyd 6925 Union Park Center, Suite 500 Midvale, UT 84047 | 7/10/02 |
| 1051 Perimeter Drive Schaumburg, IL (Suite 650) | Beneficiaries of North Star Trust Company Title Holding Land Trust | Beneficiaries of North Star Trust Company Title Holding Land Trust, c/o Marc Realty LLC 55 East Jackson Boulevard, Suite 500 Chicago, IL 60604 | 9/5/03 |

**Exhibit B – Schedule of Subleases to be Rejected**

| Leased Property | Subtenant | Notice Address for Subtenant | Date of Execution of Sublease |
|---|---|---|---|
| 6300 S Syracuse Way, Centennial, CO (Suite 110) | Redd Shell Corporation (Subtenant)<br><br>Trustwave Holdings, Inc. (Subsublessee) | Redd Shell Corporation<br>Attn: James Paul<br>6300 South Syracuse Way<br>Suite 110<br>Centenial, CO 80111<br><br>Beth Newcomb LLC<br>Attn: Beth Newcomb<br>726 S. Gaylord Street, Denver, CO 80209<br><br>Trustwave Holdings, Inc.<br>70 W. Madison Street, Suite 1050<br>Chicago, IL 60602 | 5/24/06 |
| 4100 Midway Road Carrollton, TX (4,915 s.f) | Aimbridge Hospitality, LP | Aimbridge Hospitality, LP<br>Attn: Leslie V. Bentley<br>4100 Midway Road, Suite 2115<br>Carrollton, TX 75007<br><br>Carla S. Moreland, Esq.<br>5112 Briargrove Lane<br>Dallas, TX 75287 | 2/08 |
| 4100 Midway Road Carrollton, TX (5,488 s.f.) | Wingspan Portfolio Advisors, LLC | Wingspan Portfolio Advisors, LLC<br>Attn: Mr. Steve Horne<br>8124 Weiss Avenue<br>Plano, TX 75025<br><br>Andrews Kurth, LLP<br>Attn: Bill Rivers<br>1717 Main Street<br>Dallas, TX 75201 | 8/14/08 |
| 4100 East Mississippi Avenue Glendale, CO (Suite 1000) | Lehman Brothers Bank, FSB | Lehman Brothers Bank, FSB<br>Attn: Chief Operating Officer<br>10350 Park Meadows Drive<br>Littleton, CO 80124<br><br>Lehman Brothers Bank<br>Attn: General Counsel<br>1000 West Street<br>Wilmington, DE 19801<br><br>Aurora Loan Services<br>Attn: Legal Department<br>10350 Park Meadows Drive<br>Littleton, CO 80124 | 5/24/07 |

3

| Leased Property | Subtenant | Notice Address for Subtenant | Date of Execution of Sublease |
|---|---|---|---|
| 1225 East Fort Union Boulevard Midvale, UT 84047 (Suite 100) | The Training Authorities, LLC | The Training Authorities, LLC Attn: Jim Kelly 3529 Gabel Road Billings, Montana 59102<br><br>Herndon & Sweeney, P.C. Kevin C. Sweeney, Esq. P.O. Box 80050 Billings, Montana 59102 | 3/28/08 |
| 1051 Perimeter Drive Schaumberg, IL (Suite 650) | HTC America, Inc. | HTC America, Inc. Attn: Waiman Lam 13920 Southeast Eastgate Way, Suite 400 Bellevue, WA 98005<br><br>Perkins Coie, LLP Attn: Jerry Lutz The PSE Building, 10885 N.E. Fourth Street, Suite 700 Bellevue, WA 98004 | 11/10/06 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                    :

In re                                :       Chapter 11 Case No.
                                      :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :       **08-13555 (JMP)**
                                      :

Debtors.                    :      **(Jointly Administered)**
                                      :
                                      :

-------------------------------------------------------------------x

### ORDER APPROVING MOTION OF BNC MORTGAGE LLC, PURSUANT TO SECTIONS 363(b), 365(a), and 554(a) OF THE BANKRUPTCY CODE AND RULES 6004, 6006, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AUTHORIZING (I) THE REJECTION OF CERTAIN LEASES AND SUBLEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) THE SALE OR ABANDONMENT OF *DE MINIMIS* ASSETS

Upon the motion, dated February 4, 2009 (the "Motion"), of BNC Mortgage LLC ("BNC"), as debtor and debtor-in-possession, pursuant to sections 363(b), 365(a), 554(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to (i) reject the leases set forth on Exhibit A annexed hereto (the "Leases " or "Leased Properties") and the subleases set forth on Exhibit B annexed hereto (the "Subleases" or "Subleased Properties") and (ii) sell or abandon certain miscellaneous assets, including fixtures, furniture, and other office equipment ("FF&E") without further authorization of the Court, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the

order entered September 22, 2008 governing case management and administrative procedures

[Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the

attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) the landlords ands sublessees set forth in <u>Exhibit A</u> and <u>Exhibit B</u> to

the Motion; and (vii) all parties who have requested notice in these chapter 11 cases, and it

appearing that no other or further notice need be provided; and a hearing (the "<u>Hearing</u>") having

been held to consider the relief requested in the Motion; and the Court having found and

determined that the relief sought in the Motion is in the best interests of BNC, its estates and

creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the Motion is hereby granted; and it is further

ORDERED that pursuant to section 365(a) of the Bankruptcy Code and

Bankruptcy Rules 6006 and 9014, the rejection of the Leases, is hereby approved effective as the

earlier of (i) the date BNC relinquishes possession of the Leased Properties or (ii) the date of this

Order; and it is further

ORDERED that pursuant to section 365(a) of the Bankruptcy Code and

Bankruptcy Rules 6006 and 9014, the rejection of the Subleases is hereby approved effective as

the date of this Order; and it is further

ORDERED that all time periods set forth in this Order shall be calculated in

accordance with Bankruptcy Rule 9006(a); and it is further

ORDERED that any rejection damage claim asserted by the counterparties to the Leases and Subleases shall be filed (subject to all of the BNC's rights, claims and defenses, including rights of setoff with respect to any such claims) on or before the final date for filing proofs of claim in BNC's chapter 11 case to be established by order of this Court, which proofs of claim shall be filed in accordance with the procedures set forth in such order; and it is further

ORDERED that the Debtors are authorized to sell the FF&E owned by BNC located at the Leased Properties and Subleased Properties without further authorization of the Court; and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, the sale of the FF&E shall be free and clear of all liens, claims and encumbrances, and any liens, claims and encumbrances thereon shall attach to the net proceeds of the sale of such FF&E with the same force and effect and asserted priority as such liens, claims and encumbrances had against the FF&E, subject to the rights, claims, defenses and objections, if any, of the BNC and all interested parties with respect thereto; and it is further

ORDERED that purchasers of the FF&E sold by BNC pursuant to this Order shall be entitled to the protections afforded by section 363(m) of the Bankruptcy Code in the event of a reversal or modification on appeal of this Order; and it is further

ORDERED that BNC is authorized to take all actions and execute all documents necessary or appropriate to effectuate the sale of any of the FF&E; and it is further

ORDERED that BNC is authorized, pursuant to section 554(a) of the Bankruptcy Code, in its sole discretion to abandon the FF&E; and it further

3

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation and/or enforcement of this

Order.

Dated: February __, 2009
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A – Schedule of Leases to be Rejected

| Leased Property | Landlord | Notice Address for Landlord | Date of Execution of Lease |
|---|---|---|---|
| 1475 South Bascom Avenue Campbell, CA (Suite 101) | Creekside Business Mall LLC | Creekside Business Mall, LLC P.O. Box 4060 Menlo Park, CA 94026 | 7/14/03 |
| 22632 Golden Springs Drive Diamond Bar, CA (Suite 200/210) | Rosemead Properties, Inc. | Rosemead Properties c/o PacificWest Asset Management Co. P.O. Box 19068 Irvine, CA 92623 | 4/4/03 |
| 2655 Warrenville Road Downers Grove, IL (5th Floor of Corridors II Building) | Corridors I & II/Loudoun II SPE Feeco, L.L.C. | Corridors I & II/Loudoun II SPE Feeco, L.L.C., c/o The Alter Group Ltd. Attn: Mr. Ronald Siegel 5500 W. Howard Street Skokie, IL 60077 <br><br> Lawrence M. Freedman, Ash, Anos, Freedman & Logan, L.L.C. 77 West Washington Street, Suite 1211 Chicago, IL 60602 <br><br> Alter Asset Management, L.L.C. Attn: Samuel F. Gould 1980 Springer Drive Lombard, IL 60148 <br><br> Lehman Brothers Bank FSB Attn: John Herman 399 Park Avenue, 8th Floor NY, NY 10022 <br><br> Stroock & Stroock & Lavan LLP Attn: William Campbell, Esq. 180 Maiden Lane NY, NY 10038 | 5/13/03 |
| 500 North Central Avenue Glendale, CA (Suite 300) | GRE Glendale LLC | GRE Glendale LLC 500 N. Central-Property Manager 500 North Central Ave., Suite 225 Glendale, CA 91203 | 11/30/2003 |
| 5450 West Sahara Avenue Las Vegas, NV (Suite 200) | 5450 West Sahara LLC | 5450 West Sahara LLC Management Office, 5450 West Sahara Avenue Las Vegas, NV 89146 <br><br> 5450 West Sahara LLC, c/o SCI Property Management, Inc. Attn: Suzann Brent 11620 Wilshire Boulevard, Suite 300 LA, CA 90025 | 8/12/05 |

| Leased Property | Landlord | Notice Address for Landlord | Date of Execution of Lease |
|---|---|---|---|
| 1501 W. Fountainhead Pkwy Tempe, AZ (Suite 130) | Amberjack, LTD | AmberJack, Ltd., c/o Birtcher Arizona, LLC 2400 S. 55th Street Tempe, AZ 85282 | 8/15/03 |
| 16400 Southcenter Parkway Tukwila, WA (Suites 405 and 408) | Sunray Investments LLP | Sunray Investments Partnership, c/o FANA Group of Companies 16400 Southcenter Parkway, #204 Tukwila, WA 98188 | 6/26/02 |
| 300 Galleria Officentre Southfield, MI (Suites 400 and 406) | Galleria Properties, LLC | Galleria Properties LLC 26877 Northwestern Highway Southfield, MI 48033 | 10/1/04 |
| 6300 S. Syracuse Way Centennial, CO (Suite 110) | Legacy III Centennial, LLC | Legacy III Centennial, LLC c/o Legacy Partners Commercial, Inc. Attn: Asset Manager 4000 East Third Avenue, Suite 600 Foster City, CA 94404

Legacy Partners Commercial, Inc. Attn: Property Manager 6300 S. Syracuse Way, Suite 580 Centennial, CO 80111 | 2/9/04 |
| 4100 Midway Road Carrollton, TX (Suite 1110) | CB Office 10, Ltd. | CB Office 10, Ltd. Attn: Mack Dennis 4100 International Parkway, Suite 1100 Carrollton, TX 75007 | 3/11/05 |
| 4100 E. Mississippi Ave. Suite 1000 Glendale, CO | Mountain Towers Properties, LLC | Mountain Towers Properties LLC, c/o CB Richard Ellis Real Estate Services, Inc., Asset Services Attn: Property Manager 4100 East Mississippi Ave. Suite 100 Glendale, CO 80246

Mountain Towers Properties, LLC Attn: Kevin Fay 1000 Potomac Street Northwest, Suite 150 Washington, D.C. 20007 | 11/19/02 |
| 1225 East Fort Union Blvd. Midvale, UT (Suite 100) | Northwest, LLC (Union Park Office Building Salt Lake City L.P.) | Northwest, LLC Thomas M. Lloyd 6925 Union Park Center, Suite 500 Midvale, UT 84047 | 7/10/02 |

| Leased Property | Landlord | Notice Address for Landlord | Date of Execution of Lease |
|---|---|---|---|
| 1051 Perimeter Drive Schaumburg, IL (Suite 650) | Beneficiaries of North Star Trust Company Title Holding Land Trust | Beneficiaries of North Star Trust Company Title Holding Land Trust, c/o Marc Realty LLC 55 East Jackson Boulevard, Suite 500 Chicago, IL 60604 | 9/5/03 |

**Exhibit B – Schedule of Subleases to be Rejected**

| Leased Property | Subtenant | Notice Address for Subtenant | Date of Execution of Sublease |
|---|---|---|---|
| 6300 S Syracuse Way, Centennial, CO (Suite 110) | Redd Shell Corporation (Subtenant)<br><br>Trustwave Holdings, Inc. (Subsublessee) | Redd Shell Corporation<br>Attn: James Paul<br>6300 South Syracuse Way<br>Suite 110<br>Centenial, CO 80111<br><br>Beth Newcomb LLC<br>Attn: Beth Newcomb<br>726 S. Gaylord Street, Denver, CO 80209<br><br>Trustwave Holdings, Inc.<br>70 W. Madison Street, Suite 1050<br>Chicago, IL 60602 | 5/24/06 |
| 4100 Midway Road Carrollton, TX (4,915 s.f.) | Aimbridge Hospitality, LP | Aimbridge Hospitality, LP<br>Attn: Leslie V. Bentley<br>4100 Midway Road, Suite 2115<br>Carrollton, TX 75007<br><br>Carla S. Moreland, Esq.<br>5112 Briargrove Lane<br>Dallas, TX 75287 | 2/08 |
| 4100 Midway Road Carrollton, TX (5,488 s.f.) | Wingspan Portfolio Advisors, LLC | Wingspan Portfolio Advisors, LLC<br>Attn: Mr. Steve Horne<br>8124 Weiss Avenue<br>Plano, TX 75025<br><br>Andrews Kurth, LLP<br>Attn: Bill Rivers<br>1717 Main Street<br>Dallas, TX 75201 | 8/14/08 |
| 4100 East Mississippi Avenue Glendale, CO (Suite 1000) | Lehman Brothers Bank, FSB | Lehman Brothers Bank, FSB<br>Attn: Chief Operating Officer<br>10350 Park Meadows Drive<br>Littleton, CO 80124<br><br>Lehman Brothers Bank<br>Attn: General Counsel<br>1000 West Street<br>Wilmington, DE 19801<br><br>Aurora Loan Services<br>Attn: Legal Department<br>10350 Park Meadows Drive<br>Littleton, CO 80124 | 5/24/07 |

| Leased Property | Subtenant | Notice Address for Subtenant | Date of Execution of Sublease |
|---|---|---|---|
| 1225 East Fort Union Boulevard Midvale, UT 84047 (Suite 100) | The Training Authorities, LLC | The Training Authorities, LLC Attn: Jim Kelly 3529 Gabel Road Billings, Montana 59102<br><br>Herndon & Sweeney, P.C. Kevin C. Sweeney, Esq. P.O. Box 80050 Billings, Montana 59102 | 3/28/08 |
| 1051 Perimeter Drive Schaumberg, IL (Suite 650) | HTC America, Inc. | HTC America, Inc. Attn: Waiman Lam 13920 Southeast Eastgate Way, Suite 400 Bellevue, WA 98005<br><br>Perkins Coie, LLP Attn: Jerry Lutz The PSE Building, 10885 N.E. Fourth Street, Suite 700 Bellevue, WA 98004 | 11/10/06 |