WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Alfredo R. Perez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                      :

**In re**                              :        **Chapter 11 Case No.**
                                        :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :        **08-13555 (JMP)**
                                        :

                         **Debtors.**       :        **(Jointly Administered)**
                                        :
                                        :
-------------------------------------------------------------------x

**DECLARATION OF ALFREDO R. PEREZ IN SUPPORT**
**OF ORDER TO SHOW CAUSE SCHEDULING A HEARING TO**
**CONSIDER LBHI'S MOTION, PURSUANT TO SECTIONS 105(a) AND**
**363 OF THE BANKRUPTCY CODE, FOR AUTHORIZATION TO FUND**
**A CAPITAL CONTRIBUTION TO WOODLANDS COMMERCIAL BANK**

         ALFREDO R. PEREZ, being duly sworn, hereby declares pursuant to

section 1746 of title 28 of the United States Code:

         1.      I am an attorney admitted to practice before this Court and a

member of Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc.

("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors

and debtors in possession (together, the "Debtors" and, collectively with their non-Debtor

affiliates, "Lehman").

2.      I am submitting this declaration in support of the Order to Show

Cause being contemporaneously submitted to schedule an expedited hearing (the

"Hearing") on shortened notice with respect to the LBHI's motion (the "Motion"),

pursuant to sections 105(a) and 363 of title 11 of the United States Code (the

"Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), for authorization to fund capital contributions to Woodlands

Commercial Bank (the "Bank") of up to $272 million in exchange for the purchase of a

first right of recovery on the Bank's claim against LBI and/or others related to certain

municipal securities (the "Capital Contribution"), all as more fully described in the

Motion.

3.      The Debtors respectfully submit that expedited consideration of the

Motion is warranted for the following reasons:

     i.  As explained in greater detail in the Motion, the Bank is
an indirect wholly owned non-debtor subsidiary of LBHI.
As a Utah chartered industrial bank, the Bank is subject
to the regulatory authority of the FDIC[1] and Department
of  Financial Institutions of the State of Utah
(collectively, the "Regulators").  Pursuant to governing
state and federal regulations, the Bank is required
maintain adequate levels of capital.  The Regulators
monitor the Bank's capital through financial reports (the
"Call Reports") filed with the FDIC on a quarterly basis.

    ii.  LBHI believes that the Bank is an extremely valuable
asset of its estate.  As reported on the Bank's September
30, 2008 Call Report, the value of LBHI's equity interest
in the Bank was reported at $1 billion and the Bank was
within compliance of its minimum capital requirements.
Due primarily to certain acts of Lehman Brothers Inc.
with respect to the purchase of certain municipal

---

[1] Capitalized terms that used but not defined here have the meanings ascribed to them in the
Motion.

securities by the Bank and the effect of fair value accounting methodology, however, the Bank's December 31, 2008 Call Report reflects a material decrease in the Bank's capital level to the point that the Bank's regulators now contend the Bank is insufficiently capitalized as calculated under applicable banking regulations.  Given the Bank's regulatory position, the Bank found it necessary to enter into a cease and desist order on February 4, 2009 (the "C&D Order") that requires, among other things, the Bank to raise its capital to an adequate level by no later than February 20, 2009.

iii.    Unless the Bank complies with the C&D Order, the Bank faces an imminent risk of the most serious of regulatory actions – the appointment of a receiver.  If a receiver is appointed, the Bank's assets likely will be seized and subjected to a fire sale liquidation, and any opportunity to realize the value that could be derived for the benefit of LBHI and its creditors will be permanently lost.  To avoid that result and preserve the opportunity to realize the Bank's fair value, LBHI has filed the Motion to make a Capital Contribution to sufficiently capitalize the Bank in connection with a capital plan for the Bank's ongoing affairs.

iv.    Under Bankruptcy Rule 2002(a), motions to use property of the estate outside the ordinary course require twenty-days' notice.  The Debtors request that the Motion be heard before February 20, 2009, which is the deadline by which the Bank must comply with the C&D Order.  Unless LBHI is authorized to fund the Capital Contribution before the February 20, 2009 deadline, any relief that the Court could grant to LBHI will be mooted.  Because the only available omnibus hearing before February 20, 2009 is February 11, 2009, LBHI requests that the Court schedule the hearing for that date, which will give all parties in interest five days' notice of the Motion.

4.    Accordingly, LBHI requests that the Court enter the Order to Show Cause and schedule the Hearing to consider the Motion on February 11, 2009, at 10:00 a.m. (New York Time).  For these same reasons, the Debtors also request, pursuant to Local Bankruptcy Rule 9014-2, that the Court order that the Hearing may be an

4

evidentiary hearing.  The Debtors propose that the Court set an objection deadline for

February 10, 2009 at 12:00 noon.

Dated:    February 6, 2009
          New York, New York


                                              /s/ Alfredo R. Pérez
                                              Alfredo R. Pérez