Hearing Date: February 11, 2009
Time: 10:00 a.m.

ALLEN & OVERY LLP
Ken Coleman
Lisa Kraidin
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

*Counsel for Bank of China*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF BANK OF CHINA TO DEBTORS' MOTION
PURSUANT TO SECTIONS 105 AND 364 OF THE BANKRUPTCY CODE
AUTHORIZING THE DEBTORS TO GRANT FIRST PRIORITY LIENS
IN CONNECTION WITH HEDGING TRANSACTIONS THROUGH
FUTURES AND PRIME BROKERAGE ACCOUNTS**

Bank of China ("**BOC**"), by and through its undersigned counsel, hereby submits its limited objection to the Debtors' Motion Pursuant to Sections 105 and 364 of the Bankruptcy Code Authorizing the Debtors to Grant First Priority Liens in Cash Collateral Posted in Connection with the Hedging Transactions the Debtors Enter Into Through Certain Futures and Prime Brokerage Accounts (the "**Motion**"). In support thereof, BOC respectfully states as follows:

**BACKGROUND**

1. BOC is a party to an ISDA Master Agreement (Multicurrency-Cross Border), dated as of September 13, 2002, with Lehman Brothers Special Financing Inc. ("**LBSF**", and

together with its affiliated debtors in the above referenced chapter 11 cases, the "**Debtors**"), as amended (the "**Master Agreement**"), and the related 1994 ISDA Credit Support Annexes (Bilateral form) ( the "**CSA**", and, together with the Master Agreement, the "**Agreement**").

2.  Notice designating an Early Termination Date, dated October 7, 2008, was sent by BOC to LBSF (the "**Notice**"), demanding the immediate return of any Posted Collateral[1] posted with LBSF under the Agreement and any Interest Amount with respect thereto. The Posted Collateral is a FNMA bond, CUSIP number 31359MWF6, with a face value of $30 million and a maturity date of September 22, 2009, or the proceeds from its redemption, which was posted by BOC to LBSF on December 13, 2007 (the "**Bond**"). The account information set forth on the Agreement is JPMChase/LBRDC, ABA #021-000-021, Attn: Derivatives Margin. LBSF has not responded to BOC's demand for the return of its Bond beyond indicating that proceeds of the Bond redemption were paid into an account of Lehman Brothers Inc. ("**LBI**") and that BOC would need to resolve the matter with the trustee administering LBI's proceeding under the Securities Investor Protection Act ("**SIPA**").

3.  Upon information and belief, LBI's books and records are marked to reflect that the Bond is BOC's property held as collateral for LBSF pursuant to the Agreement. BOC has no obligation to LBSF under the Agreement or otherwise.

4.  In their Motion, the Debtors' make a blanket statement that they would be required to post cash, securities or other collateral (the "**Hedging Collateral**") in connection with any hedging transactions entered into with broker-dealers (the "**Hedging Transactions**"), and that the Debtors will grant a first priority lien in the Hedging Collateral pursuant to sections 364(c) and 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") to secure the Debtors' obligations under the Hedging Transactions. (Motion ¶¶ 12-13). The

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Agreement.

2

Debtors do not specify in their Motion whether the cash and securities they are purporting to pledge is collateral provided to the Debtors under pre-petition derivative contracts, such as BOC's Bond. Accordingly, BOC files this limited objection to the Motion to ensure that the Bond, which constitute BOC's property, is not made available for use by the Debtors as Hedging Collateral.

## **OBJECTION**

5.  Pursuant to section 6(c) of the CSA, LBSF had the right to pledge, rehypothecate, and otherwise use the Bond while LBSF was not a defaulting party under the Agreement, and provide that no early termination date had occurred. LBSF's chapter 11 filing constituted an event of default under the Agreement, which terminated as of the Early Termination Date, October 7, 2008. That terminated LBSF's rights with respect to the Bond, and it has no right to pledge the Bond as Hedging Collateral in connection with the proposed Hedging Transactions. As the Bond is property of BOC and does not constitute property of the Debtors' estate, the Debtors' Motion should be denied to the extent it seeks any relief with respect to the Bond.[2] BOC requests that any order entered by the Court should explicitly provide that Hedging Collateral does not include BOC's Bond.

---

[2] While BOC does not concede that LBSF has any interest in the Bond, any such interest would constitute cash collateral under section 363(a) of the Bankruptcy Code. The Debtors have not sought permission pursuant to section 363(c)(2) of the Bankruptcy Code to use BOC's Bond, and BOC does not consent to the use of the Bond by the Debtors for any purpose. BOC is also entitled to adequate protection of its interests in the Bond pursuant to sections 361 and 363(e) of the Bankruptcy Code.

3

**CONCLUSION**

WHEREFORE, BOC requests that the Court deny the Motion to the extent that it seeks relief with respect to the Bond and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 6, 2009

                        ALLEN & OVERY LLP

                        By: /s/ Ken Coleman
                        Ken Coleman
                        Lisa Kraidin
                        1221 Avenue of the Americas
                        New York, NY 10020
                        Telephone: (212) 610-6300
                        Facsimile: (212) 610-6399
                        Ken.Coleman@allenovery.com
                        Lisa.Kraidin@allenovery.com

                        *Counsel for Bank of China*