WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
:
Debtors. : **(Jointly Administered)**
:
:
------------------------------------------------------------------x

### DEBTORS' OBJECTION TO
### MOTION OF 25 BROAD, LLC FOR LEAVE TO CONDUCT RULE 2004
### DISCOVERY OF DEBTOR LEHMAN BROTHERS HOLDINGS INC.

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (together, the

"Debtors" and, collectively with their non-debtor affiliates, "Lehman"), respectfully

submit this response in opposition to the Motion of 25 Broad, LLC ("25 Broad" or the

"Movant") For Leave to Conduct Rule 2004 Discovery of Debtor Lehman Brothers

Holdings Inc., dated January 23, 2009 (the "2004 Motion"):

**Preliminary Statement**

1. On January 22, 2009, LBHI commenced two actions in the Supreme Court of the State of New York to foreclose certain mortgages encumbering properties owned by 25 Broad and one of its affiliates. After LBHI commenced its foreclosure actions in state court, 25 Broad filed its 2004 Motion in this Court, impermissibly seeking to use the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to circumvent the discovery rules applicable to the foreclosure action. The law is clear that a party is not entitled to discovery under Bankruptcy Rule 2004 once an adversarial proceeding has commenced. 25 Broad's request for leave to conduct discovery under Bankruptcy Rule 2004 should be denied.

**Background**

2. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of

unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

**LBHI Loans Approximately $327,000,000 to 25 Broad and 45 Broad**

5. On or about March 9, 2007, LBHI, 25 Broad, and Kent M. Swig ("Swig") entered into three commercial loan transactions wherein 25 Broad borrowed $278,000,000 from LBHI (the "25 Broad Loans"). Swig guaranteed repayment of the 25 Broad Loans. The 25 Broad Loans are secured by mortgage liens (the "25 Broad Mortgages") encumbering 25 Broad's fee ownership of the land, buildings, structures, other improvements, and certain property located at 25 Broad Street, New York, New York ("25 Broad Street"). On or about June 12, 2006, LBHI, 45 Broad, LLC ("45 Broad"), and Swig entered into two commercial loan transactions wherein 45 Broad borrowed $49,172,993.51 from LBHI (the "45 Broad Loans"). Swig guaranteed repayment of the 45 Broad Loans. The 45 Broad Loans are secured by mortgage liens (the "45 Broad Mortgages" and with the 25 Broad Mortgages, the "Mortgages") encumbering 45 Broad's fee ownership of the land, buildings, structures, other

improvements, and certain property located at 45 Broad Street, New York, New York ("45 Broad Street" and together with 25 Broad Street, the "Properties").

6. On January 22, 2009, LBHI filed in the Supreme Court of the State of New York in the County of New York a verified complaint in an action for the foreclosure of the 25 Broad Mortgages and for related relief regarding the 25 Broad Loans (the "25 Broad Complaint," attached hereto as Exhibit A) and a verified complaint in an action for the foreclosure of the 45 Broad Mortgages and for related relief regarding the 45 Broad Loans (the "45 Broad Complaint," attached hereto as Exhibit B, and, together with the 25 Broad Complaint, the "Complaints").

**2004 Discovery is Impermissible Where an Adversarial Proceeding is Pending**

7. Under certain circumstances, Bankruptcy Rule 2004 allows the Court to order the examination of an entity related to "the acts, conduct, or property or to the liabilities and financial condition of the debtor." Fed. R. Bankr. P. 2004. Nonetheless, the scope of Rule 2004 discovery is far from unlimited. The courts "are in agreement that once an adversary proceeding is in progress a creditor/party does not have a right to a 2004 examination." In re Drexel Burnham Lambert Group, Inc. 123 B.R. 702, 711 -712 (Bankr. S.D.N.Y. 1991); see also In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y 2002). "[I]n the proper context the Court may authorize the examination of third parties that possess knowledge of the debtor's acts, conduct, liabilities or financial condition which relate to the administration of the bankruptcy estate." In re Enron Corp., 281 B.R. at 840 (citing In re Bennett Funding Group, Inc., 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996)). However, a Rule 2004 examination only is "properly used as a pre-litigation device to determine whether there are grounds to bring an action to determine a

debtor's right to discharge or the dischargeability of a particular debt." In re Bennett Funding Group, Inc., 203 B.R. at 28 (emphasis added) (internal citations omitted); see also In re Ecam Publications, Inc., 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991) ("once an adversary proceeding or another contested matter has been initiated, parties must proceed with discovery for that litigation pursuant to the Federal Rules of Civil Procedure.") (internal citations omitted).

8.  In In re Bennett Funding Group, Inc., the court rejected a motion to conduct a Rule 2004 examination, determining that it would be difficult, if not impossible, to differentiate whether and to what extent information obtained from the Rule 2004 examination would not be related to the parties and subject matter of the adversary proceeding. 203 B.R. at 29-30. The court reasoned that even the most finely crafted Rule 2004 examination could not avoid delving into issues that would be raised in the adversary proceeding and therefore the trustee could not comply with recognized exceptions to the use of Rule 2004. Id.

9.  Courts have expressed the same concerns and reached the same rulings when confronted with the propriety of Rule 2004 examinations where the party requesting the Rule 2004 examination was party to pending non-bankruptcy litigation. See In re Enron Corp., 281 B.R. at 840 (Rule 2004 discovery could not be used to circumvent discovery limitations in pending securities fraud action); In re Duratech Indus., Inc., 241 B.R. 291 (Bankr. E.D.N.Y. 1999) (defendant engaged in pending litigation in district court with debtor could not use Rule 2004 discovery); see also In re Recoton Corp., 307 B.R. 751 (Bankr. S.D.N.Y. 2004) (permitting 2004 discovery by

creditors' committee to determine whether estate might have potential claims against former officers and directors, but only where committee expressly agreed, <u>inter</u> <u>alia</u>, that such discovery would be subject to a protective order prohibiting its use except in direct connection with bankruptcy case to ensure no overlap with pending class action law suit). In fact, courts hold that a party's use of Rule 2004 to "further its case in state court constitutes an abuse of Rule 2004." <u>Snyder v. Soc'y Bank</u>, 181 B.R. 40, 42 (S.D. Tex. 1994) (denying Rule 2004 motion on grounds that, "[s]ince Appellee has filed this cause of action against Appellant in state court, he can use the discovery rules available under [state] law") <u>aff'd</u> 52 F.3d 1067 (5th Cir. 1995) ("use of Rule 2004 discovery to circumvent discovery limitations in state court proceedings is an abuse of Rule 2004") (internal citations omitted).

    10. Moreover, the Southern District of New York also has held that a defendant in adversary proceedings may not use Rule 2004. In <u>In re Towers Financial Corp.</u>, the district court upheld the bankruptcy court of the Southern District of New York's ruling that a defendant in adversary proceedings brought by the trustee must pursue discovery under civil procedure rules rather than under Rule 2004. 164 BR 719, 721 (Bankr. S.D.N.Y. 1994). Because the party moving for 2004 discovery was a defendant in adversary proceedings brought by the trustee, the bankruptcy court could not "conceive of any legitimate purpose that [the defendant] would have to depose the trustee other than an attempt to in some way defend himself against the allegations that have been made against him." <u>Id</u>. The court further reasoned that the defendants could only "pursue discovery that pertained only to the debtor's bankruptcy and was unrelated to adversary proceedings involving [the defendants]." <u>Id</u>.

11.     LBHI commenced foreclosure proceedings with respect to the Properties, and the Movant is the defendant in those state court proceedings.  The Movant now seeks 2004 discovery on the exact issues that were joined in the preexisting state court litigation.  The only purpose for which the Movant could have to conduct discovery is to defend itself against the foreclosure action.  Indeed, in its 2004 Motion, the Movant admits that it seeks to investigate LBHI's conduct related to its "imminent threat of foreclosure."  <u>2004 Motion</u> at 9.  While the Movant asserts, without basis, that Rule 2004 discovery may uncover claims for damages and injunctive relief, even the most narrowly tailored Rule 2004 examination would touch upon the same issues that will be raised in the foreclosure proceedings.  Rule 2004 is properly used by a debtor before litigation has commenced to determine whether there are grounds to bring an action related to property of the estate, not to provide a creditor that is a defendant in a state court proceeding initiated by the debtor impunity to conduct broad and unfettered fishing expeditions involving the subject of the pending state court proceeding and end run state law discovery rules.  Because the Movant is party to a pending action in state court, it can use the discovery rules available under state law and should not be allowed to exploit Bankruptcy Rule 2004 and circumvent the restrictions otherwise placed on discovery by state rules of civil procedure.

## **<u>Notice</u>**

12.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this response in opposition to the 2004 Motion in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No.

285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditor's Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to the Movant; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

13. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: February 6, 2009
    New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

NY2:\1960217\06\160$H06!.DOC\58399.0003        8