# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

——————————————————————— x

LEHMAN BROTHERS HOLDINGS INC.,

      Plaintiff,

          vs.

Index No. *100886/09*

(Justice _____ )

25 BROAD, LLC, KENT M. SWIG, MARJAM
SUPPLY CO., INC., STERLING GROUP, ALPHA
INTERIORS INC., HOFFMAN ARCHITECTS, INC.,
PINNACLE CONTRACTORS OF NY, INC.,
SHEHADI COMMERCIAL CARPET & FLOORING,
PROFILE BUILDERS INC., EUROPEAN
CONTRACTING GROUP LLC, SEASONS
INDUSTRIAL CONTRACTING CORP., SCOUT
MECHANICAL, LLC, L & E TILE INC., OLYMPIA
PLUMBING & HEATING CORP., SITE SAFETY
LLC, ENVIRONMENTAL CONSULTING &
MANAGEMENT SERVICES, INC., AMENDOLA
MARBLE & STONE CENTER, INC., P.C. RICHARD
& SON LONG ISLAND CORP., JD SCAFFOLD
INC., COMMERCIAL FLOORING SPECIALIST,
LTD. A/K/A COMMERCIAL FLOORING
SPECIALISTS, LTD., ALMAR SHEETMETAL INC.,
INFINITY PAINTING CO. INC., SILK AIR
CORPORATION, TRADESOURCE INC., MELE
CONTRACTING MANAGEMENT INC., FINE
CONSTRUCTION SPECIALTIES LLC, NOVA
DEVELOPMENT GROUP, INC,
ENVIRONMENTAL CONTROL BOARD OF THE
CITY OF NEW YORK, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,
"JOHN DOE 1-50," "MARY ROE 1-50", "XYZ
CORP. 1-50" and "ABC, LLC 1-50"

**NOTICE OF PENDENCY**

The names of the "John Doe 1-50" "Mary Roe 1-50"
"XYZ Corp. 1-50" and "ABC, LLC 1-50" Defendants
being fictitious and unknown to the Plaintiff, the
persons and the entities being parties having an interest
in or lien against the premises sought to be foreclosed
herein, as owner, tenant, licensee, occupant or
otherwise.

      Defendants.

——————————————————————— x

FILED
COUNTY CLERK
N.Y. COUNTY
2009 JAN 22  PH 4: 39

{40271352:1}

**NOTICE IS HEREBY GIVEN** that an action has been commenced and is pending in this Court upon the complaint of the above-named Plaintiff, Lehman Brothers Holdings Inc. ("Lender"), against the above-named defendants, for the foreclosure of (i) that certain Amended and Restated Mortgage, Assignment of Leases and Rents and Security Agreement (Senior Loan) dated as of March 9, 2007 executed by defendant 25 Broad, LLC, in the original principal amount of Two Hundred Thirty One Million Six Hundred Seventy Seven Thousand Six Hundred Ninety Three ($231,677,693.00) Dollars and duly recorded on March 20, 2007 in the Office of the City Register of the City of New York in New York County as Instrument No. (CRFN) 2007000147274, (ii) that certain Amended and Restated Mortgage, Assignment of Leases and Rents and Security Agreement (Building Loan) dated as of March 9, 2007 executed by defendant 25 Broad, LLC, in the original principal amount of Nineteen Million Six Hundred Sixty Three Thousand Eight Hundred Twenty Six ($19,663,826.00) Dollars and duly recorded on March 20, 2007 in the Office of the City Register of the City of New York in New York County as Instrument No. (CRFN) 2007000147275, and (iii) that certain Amended and Restated Mortgage, Assignment of Leases and Rents and Security Agreement (Project Loan) dated as of March 9, 2007 executed by defendant 25 Broad, LLC, in the original principal amount of Twenty Six Million Six Hundred Fifty Eight Thousand Four Hundred Eighty One ($26,658,481.00) Dollars and duly recorded on March 20, 2007 in the Office of the City Register of the City of New York in New York County as Instrument No. (CRFN) 2007000147276, each being a lien against real property described herein owned by defendant 25 Broad, LLC located in New York County.

AND NOTICE IS FURTHER GIVEN, that the mortgaged premises affected by the said foreclosure action were, at the time of the commencement of said action, and at the time of the filing of this notice situate in Block 25, Lot 19 on the land and tax map of the County of New York in the State of New York, and is described in the said mortgages as follows, to wit:

See Schedule A "Legal Description" annexed hereto and made a part hereof.

Said premises being commonly known as and by street number 25 Broad Street, New York, New York.

TOGETHER with all right, title and interest of the defendants in and to the land lying in the streets and roads in front of and adjoining said premises.

The Clerk of the County of New York is directed to immediately index this Notice of Pendency to the names of all the defendants listed on the following page and as against the real property situate in Block 25, Lot 19 on the land and tax map of the County of New York, State of New York.

Dated: New York, New York
         January 20, 2009

WINDELS MARX LANE & MITTENDORF, LLP

By: _____
       Mark A. Slama
       A Member of the Firm

156 West 56th Street
New York, New York 10019
(212) 237-1000
*Attorneys for Plaintiff*
*Lehman Brothers Holdings Inc.*

{40271352:1}

To:

25 Broad, LLC
c/o Swig Equities, LLC
770 Lexington Avenue
New York, New York 10021
Attn: Kent M. Swig

Kent M. Swig
c/o Swig Equities, LLC
770 Lexington Avenue
New York, New York 10021

Marjam Supply Co., Inc.
885 Conklin Street
Farmingdale, New York 11735

Sterling Group
1932 McDonald Avenue
Brooklyn, New York 11223

Alpha Interiors Inc.
513 C Acorn Street
Deer Park, New York 11729

Hoffman Architects, Inc.
2321 Whitney Avenue
Hamden, Connecticut 06518

Pinnacle Contractors of NY
54 West 39th Street, 13th Floor
New York, New York 10018

Shehadi Commercial Carpet & Flooring
23 Just Road
Fairfield, New Jersey 07004

Profile Builders Inc.
224 West 35th Street, Suite 604
New York, New York 10001

European Contracting Group LLC
339 Saw Mill River Road
Yonkers, New York 10701

Seasons Industrial Contracting Corp.
266 Green Valley Road
Staten Island, New York 10312

Scout Mechanical, LLC
71-19 80th Street, Suite 8314
Glendale, New York 11385

L & E Tile Inc.
243-15 Alameda Avenue
Douglaston, New York 11362

Olympia Plumbing & Heating Corp.
3624 12th Avenue
Brooklyn, New York 11218

Site Safety LLC
286 Madison Avenue, 3rd Floor
New York, New York 10017

Environmental Consulting & Management
  Services, Inc.
10 Filmont Drive
New City, New York 10956

Amendola Marble & Stone Center, Inc.
560 Tarrytown Road
White Plains, New York 10607

P.C. Richard & Son Long Island Corp.
150 Price Parkway
Farmingdale, New York 11735

JD Scaffold Inc.
68 S. Service Road #100
Melville, New York 11747

Commercial Flooring Specialist, Ltd.
a/k/a Commercial Flooring Specialists, Ltd.
23-75 Bedford Avenue
Bellmore, New York 11710

Almar Sheetmetal Inc.
72 Delavan Street
Brooklyn, New York 11231

Infinity Painting Co. Inc.
212 Highlawn Avenue
Brooklyn, New York 11223

Silk Air Corporation
4005 Avenue K
Brooklyn, New York 11210

Tradesource
205 Hallene Road
Warwick, Rhode Island 02866

Mele Contracting Management Inc.
156 Burns Street
Forest Hills, New York 11375

Fine Construction Specialties LLC
1160 Route 22 West
Mountainside, New Jersey 07092

Nova Development Group, Inc.
189 Townsend Street
New Brunswick, New Jersey 08901

Environmental Control Board of
The City of New York
66 John Street, 10th Flr.
New York, New York 10038-

New York State Dept. of Taxation &
Finance
Building 9
W.A. Harriman Campus
Albany, New York  12227-0125

## SCHEDULE A

### (Legal Description of Property)

### (25 BROAD STREET, NEW YORK, NEW YORK, BLOCK: 25, LOT: 19)

ALL that certain plot, piece or parcel of land situate lying and being in the Borough of New York, County of New York, City and State of New York, bounded and described as follows:

BEGINNING at a corner formed by the intersection of the southerly side of Exchange Place with the easterly side of Broad Street;

THENCE easterly and along the southerly side of Exchange Place, 236 feet 3 inches;

THENCE southerly and along the line making an angle of 90 degrees 3 minutes 30 seconds with the southerly side of Exchange Place, said angle being turned from the west toward the south, 102 feet 4 inches;

THENCE westerly parallel with Exchange Place, 73 feet 6 inches;

THENCE southerly and along a line making an angle of 54 degrees 7 minutes 30 seconds with the last mentioned course, said angle being turned from the east toward the south, 115 feet 4-5/8 inches;

THENCE westerly and along a line making an angle of 88 degrees 29 minutes with the last mentioned course, said angle being turned from the north toward the west, 48 feet 2-1/2 inches;

THENCE northerly and along a line making an angle of 89 degrees 38 minutes 45 seconds with the last mentioned course, said angle being turned from the east toward the north, 108 feet 3-3/4 inches;

THENCE northerly and along a line making an angle of 169 degrees 41 minutes 45 seconds with the last mentioned course, said angle being turned from the south toward the east, 30 feet 3-3/4 inches;

THENCE westerly and along a line making an angle of 90 degrees 10 minutes 30 seconds with the last mentioned course, said angle being turned from the south toward the west, 6 feet 7-1/2 inches;

THENCE northerly and along a line making an angle of 75 degrees 12 minutes with the last mentioned course, said angle being turned from the east toward the north, 29 feet 6-1/4 inches;

THENCE westerly and along a line making an angle of 83 degrees 16 minutes 30 seconds with the last mentioned course, said angle being turned from south toward the west, 102 feet 9-1/2 inches to the easterly side of Broad Street;

THENCE northerly along said easterly side of Broad Street, 106 feet 8 inches to the point or place of BEGINNING.

{40271352:1}

Together with an easement in perpetuity, appurtenant to said premises in and through the alleyway, 10 feet wide and 10 feet high, leading from Beaver Street through the adjacent premises No. 51 Beaver Street, and in and through the open space in the rear thereof, as a means of ingress and egress to and from the building on the premises hereinabove described, said alleyway to be forever left open to the height of 10 feet, each easement being for the benefit of the entire premises above described and the building and improvements thereon erected, and any building which may hereafter be erected thereon, as such easement is set forth and described in an Easement Agreement by and between The Board Exchange Company and The *Prudential* Insurance Company of America, dated August 15, 1940, and recorded in the New York County Register's Office on August 15, 1940, in Liber 4072 of Conveyances at Page 411, together with the benefits of all other covenants and agreements mentioned and provided in the said agreements and subject to the limitations contained therein.

**For information only**: Said premises are known as 25-33 Broad Street a/k/a 44-60 Exchange Place, New York, New York, and designated as Section 1 Block 25 Lot 19 as shown on the Tax Map of the City of New York, County of New York.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

LEHMAN BROTHERS HOLDINGS INC.,
     Plaintiff,

     vs.

25 BROAD, LLC, KENT M. SWIG, MARJAM SUPPLY CO., INC., STERLING GROUP, ALPHA INTERIORS INC., HOFFMAN ARCHITECTS, INC., PINNACLE CONTRACTORS OF NY, INC., SHEHADI COMMERCIAL CARPET & FLOORING, PROFILE BUILDERS INC., EUROPEAN CONTRACTING GROUP LLC, SEASONS INDUSTRIAL CONTRACTING CORP., SCOUT MECHANICAL, LLC, L & E TILE INC., OLYMPIA PLUMBING & HEATING CORP., SITE SAFETY LLC, ENVIRONMENTAL CONSULTING & MANAGEMENT SERVICES, INC., AMENDOLA MARBLE & STONE CENTER, INC., P.C. RICHARD & SON LONG ISLAND CORP., JD SCAFFOLD INC., COMMERCIAL FLOORING SPECIALIST, LTD. A/K/A COMMERCIAL FLOORING SPECIALISTS, LTD., ALMAR SHEETMETAL INC., INFINITY PAINTING CO. INC., SILK AIR CORPORATION, TRADESOURCE INC., MELE CONTRACTING MANAGEMENT INC., FINE CONSTRUCTION SPECIALTIES LLC, NOVA DEVELOPMENT GROUP, INC, ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, "JOHN DOE 1-50," "MARY ROE 1-50", "XYZ CORP. 1-50" and "ABC, LLC 1-50"
The names of the "John Doe 1-50" "Mary Roe 1-50" "XYZ Corp. 1-50" and "ABC, LLC 1-50" Defendants being fictitious and unknown to the Plaintiff, the persons and the entities being parties having an interest in or lien against the premises sought to be foreclosed herein, as owner, tenant, licensee, occupant or otherwise.
     Defendants.

---

## NOTICE OF PENDENCY

---

### WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for*

**156 WEST 56TH STREET
NEW YORK, NEW YORK 10019
212.237.1000**

---

TO:                     Signature (Rule 130-1.1-a)

                              Printed name beneath
                              **Mark A. Slama**

Attorney(s) for

Service of a copy of the within                             is hereby admitted.

Dated,

                                   Attorney(s) for

---

Please take notice
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within court on
☐ NOTICE OF SETTLEMENT
that an order                          of which the within is a true copy will be presented for
settlement to the HON.                                 one of the judges
of the within court, at
on                          at               M

Dated,                                       Yours, etc.

                            **WINDELS MARX LANE & MITTENDORF, LLP**
                            *Attorneys for*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------- x

LEHMAN BROTHERS HOLDINGS INC.,

     Plaintiff,

        vs.

25 BROAD, LLC, KENT M. SWIG, MARJAM
SUPPLY CO., INC., STERLING GROUP, ALPHA
INTERIORS INC., HOFFMAN ARCHITECTS, INC.,
PINNACLE CONTRACTORS OF NY, INC.,
SHEHADI COMMERCIAL CARPET & FLOORING,
PROFILE BUILDERS INC., EUROPEAN
CONTRACTING GROUP LLC, SEASONS
INDUSTRIAL CONTRACTING CORP., SCOUT
MECHANICAL, LLC, L & E TILE INC., OLYMPIA
PLUMBING & HEATING CORP., SITE SAFETY
LLC, ENVIRONMENTAL CONSULTING &
MANAGEMENT SERVICES, INC., AMENDOLA
MARBLE & STONE CENTER, INC., P.C. RICHARD
& SON LONG ISLAND CORP., JD SCAFFOLD
INC., COMMERCIAL FLOORING SPECIALIST,
LTD. A/K/A COMMERCIAL FLOORING
SPECIALISTS, LTD., ALMAR SHEETMETAL INC.,
INFINITY PAINTING CO. INC., SILK AIR
CORPORATION, TRADESOURCE INC., MELE
CONTRACTING MANAGEMENT INC., FINE
CONSTRUCTION SPECIALTIES LLC, NOVA
DEVELOPMENT GROUP, INC,
ENVIRONMENTAL CONTROL BOARD OF THE
CITY OF NEW YORK, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,
"JOHN DOE 1-50," "MARY ROE 1-50", "XYZ
CORP. 1-50" and "ABC, LLC 1-50"

The names of the "John Doe 1-50" "Mary Roe 1-50"
"XYZ Corp. 1-50" and "ABC, LLC 1-50" Defendants
being fictitious and unknown to the Plaintiff, the
persons and the entities being parties having an interest
in or lien against the premises sought to be foreclosed
herein, as owner, tenant, licensee, occupant or
otherwise.

     Defendants.

------------------------------------------------- x

Index No. ___100886/09___

(Justice _____)

Filed 1/22/09
New York County Clerk's Office

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANTS:**

You are hereby summoned and required to serve upon Plaintiffs' attorney an Answer to the Verified Complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Pursuant to CPLR §507, the venue designated is based on the location where the real property is situated which is the subject matter of the Foreclosure Complaint as alleged in the Verified Complaint.

Dated: New York, New York
      January 20, 2009

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP

By: _____
    MARK A. SLAMA

156 West 56th Street
New York, New York 10019
(212) 237-1000
*Attorneys for Plaintiff*
*LEHMAN BROTHERS HOLDINGS INC.*

**To:**

25 Broad, LLC
c/o Swig Equities, LLC
770 Lexington Avenue
New York, New York 10021
Attn: Kent M. Swig

Kent M. Swig
c/o Swig Equities, LLC
770 Lexington Avenue
New York, New York 10021

Marjam Supply Co., Inc.
885 Conklin Street
Farmingdale, New York 11735

Sterling Group
1932 McDonald Avenue
Brooklyn, New York 11223

Alpha Interiors Inc.
513 C Acorn Street
Deer Park, New York 11729

Hoffman Architects, Inc.
2321 Whitney Avenue
Hamden, Connecticut 06518

Pinnacle Contractors of NY
54 West 39th Street, 13th Floor
New York, New York 10018

Shehadi Commercial Carpet & Flooring
23 Just Road
Fairfield, New Jersey 07004

Profile Builders Inc.
224 West 35th Street, Suite 604
New York, New York 10001

European Contracting Group LLC
339 Saw Mill River Road
Yonkers, New York 10701

Seasons Industrial Contracting Corp.
266 Green Valley Road
Staten Island, New York 10312

Scout Mechanical, LLC
71-19 80th Street, Suite 8314
Glendale, New York 11385

L & E Tile Inc.
243-15 Alameda Avenue
Douglaston, New York 11362

Olympia Plumbing & Heating Corp.
3624 12th Avenue
Brooklyn, New York 11218

Site Safety LLC
286 Madison Avenue, 3rd Floor
New York, New York 10017

Environmental Consulting & Management
   Services, Inc.
10 Filmont Drive
New City, New York 10956

Amendola Marble & Stone Center, Inc.
560 Tarrytown Road
White Plains, New York 10607

P.C. Richard & Son Long Island Corp.
150 Price Parkway
Farmingdale, New York 11735

JD Scaffold Inc.
68 S. Service Road #100
Melville, New York 11747

Commercial Flooring Specialist, Ltd.
a/k/a Commercial Flooring Specialists, Ltd.
23-75 Bedford Avenue
Bellmore, New York 11710

Almar Sheetmetal Inc.
72 Delavan Street
Brooklyn, New York 11231

Silk Air Corporation
4005 Avenue K
Brooklyn, New York 11210

Mele Contracting Management Inc.
156 Burns Street
Forest Hills, New York 11375

Nova Development Group, Inc.
189 Townsend Street
New Brunswick, New Jersey 08901

Infinity Painting Co. Inc.
212 Highlawn Avenue
Brooklyn, New York 11223

Tradesource
205 Hallene Road
Warwick, Rhode Island 02866

Fine Construction Specialties LLC
1160 Route 22 West
Mountainside, New Jersey 07092

Environmental Control Board of
The City of New York
66 John Street, 10th Flr.
New York, New York 10038-

New York State Dept. of Taxation &
Finance
Building 9
W.A. Harriman Campus
Albany, New York  12227-0125

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

———————————————————————— x

LEHMAN BROTHERS HOLDINGS INC.,

      Plaintiff,

         vs.

25 BROAD, LLC, KENT M. SWIG, MARJAM
SUPPLY CO., INC., STERLING GROUP, ALPHA
INTERIORS INC., HOFFMAN ARCHITECTS, INC.,
PINNACLE CONTRACTORS OF NY, INC.,
SHEHADI COMMERCIAL CARPET & FLOORING,
PROFILE BUILDERS INC., EUROPEAN
CONTRACTING GROUP LLC, SEASONS
INDUSTRIAL CONTRACTING CORP., SCOUT
MECHANICAL, LLC, L & E TILE INC., OLYMPIA
PLUMBING & HEATING CORP., SITE SAFETY
LLC, ENVIRONMENTAL CONSULTING &
MANAGEMENT SERVICES, INC., AMENDOLA
MARBLE & STONE CENTER, INC., P.C. RICHARD
& SON LONG ISLAND CORP., JD SCAFFOLD
INC., COMMERCIAL FLOORING SPECIALIST,
LTD. A/K/A COMMERCIAL FLOORING
SPECIALISTS, LTD., ALMAR SHEETMETAL INC.,
INFINITY PAINTING CO. INC., SILK AIR
CORPORATION, TRADESOURCE INC., MELE
CONTRACTING MANAGEMENT INC., FINE
CONSTRUCTION SPECIALTIES LLC, NOVA
DEVELOPMENT GROUP, INC,
ENVIRONMENTAL CONTROL BOARD OF THE
CITY OF NEW YORK, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,
"JOHN DOE 1-50," "MARY ROE 1-50", "XYZ
CORP. 1-50" and "ABC, LLC 1-50"

The names of the "John Doe 1-50" "Mary Roe 1-50"
"XYZ Corp. 1-50" and "ABC, LLC 1-50" Defendants
being fictitious and unknown to the Plaintiff, the
persons and the entities being parties having an interest
in or lien against the premises sought to be foreclosed
herein, as owner, tenant, licensee, occupant or
otherwise.

      Defendants.

———————————————————————— x

Index No. ___100886/09___

(Justice _____)

**VERIFIED COMPLAINT**

Filed 1/22/09
New York County Clerk's Office

Plaintiff, Lehman Brothers Holdings Inc. (referred to herein as "**Plaintiff**" or "**Lender**"), by its attorneys, Windels Marx Lane & Mittendorf, LLP, complaining of Defendants, respectfully alleges as follows:

## NATURE OF ACTION

1.      This is an action for the foreclosure of three commercial mortgages and for related relief regarding three commercial loans secured by liens on real property located in New York County commonly known as 25 Broad Street, New York, New York as more particularly described in **Schedule A** (the "**Real Property**"). The parties joined below have an interest in the Mortgaged Premises (as defined below) that is subordinate to the mortgage liens or are otherwise liable to Plaintiff.

### *The Parties*

2.      Lender is a Delaware corporation with a business address at 1271 Avenue of the Americas, New York, New York 10020 and is authorized to transact business in the State of New York.

3.      Lender is the holder and owner in and to that certain "Senior Note," "Building Note," "Project Note," "Senior Mortgage," "Building Mortgage," "Project Mortgage," and other "Loan Documents" (each defined below) executed and delivered to the Lender by defendants 25 Broad, LLC ("**25 Broad**") and Kent M. Swig ("**Swig**").

4.      Upon information and belief, defendant 25 Broad is a Delaware limited liability company and maintains a business address at c/o Swig Equities, LLC, 770 Lexington Avenue, New York, New York 10021. 25 Broad is joined herein as mortgagor, owner of the fee title to the Mortgaged Premises and because it executed and delivered the various Loan Documents to the Lender upon which 25 Broad has defaulted. Any and all right, title or interest 25 Broad may

have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

5.    Upon information and belief, defendant Swig is a resident of the State of New York, having an address at c/o Swig Equities, LLC, 770 Lexington Avenue, New York, New York 10021.  Swig is joined herein due to his execution and delivery of the various Loan Documents to the Lender, including specifically the Recourse Guaranty (defined herein) and Completion Guaranty (defined herein) upon which Swig has defaulted.  Any and all right, title or interest Swig may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

6.    Upon information and belief, defendant Marjam Supply Co., Inc. ("**Marjam**") is a New York corporation and/or a corporation transacting business in the State of New York and maintains a place of business at 885 Conklin Street, Farmingdale, New York 11735.  Marjam is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County.  Any and all right, title or interest Marjam may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

7.    Upon information and belief, defendant Sterling Group ("**Sterling**") is a New York corporation and/or a business entity authorized to do business in the State of New York and maintains a place of business at 1932 McDonald Avenue, Brooklyn, New York 11223.  Sterling is joined herein due to its claimed interest in the Mortgaged Premises by virtue of mechanic's liens it filed in the land records of New York County.  Any and all right, title or interest Sterling may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

8.      Upon information and belief, defendant Alpha Interiors Inc. ("**Alpha**") is a New York corporation and maintains a place of business at 513 C Acorn Street, Deer Park, New York 11729. Alpha is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County. Any and all right, title or interest Alpha may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

9.      Upon information and belief, defendant Hoffman Architects, Inc. ("**Hoffman**") is a Connecticut corporation transacting business in the State of New York and maintains a place of business at 2321 Whitney Avenue, Hamden, Connecticut 06518. Hoffman is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County. Any and all right, title or interest Hoffman may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

10.     Upon information and belief, defendant Pinnacle Contractors of NY, Inc. ("**Pinnacle**") is a New York corporation and/or a corporation transacting business in the State of New York and maintains a place of business at 54 West 39th Street, 13th Floor, New York, New York 10018. Pinnacle is joined herein due to its claimed interest in the Mortgaged Premises by virtue of mechanic's liens it filed in the land records of New York County. Any and all right, title or interest Pinnacle may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

11.     Upon information and belief, defendant Shehadi Commercial Carpet & Flooring ("**Shehadi**") is a corporation or other business entity transacting business in the State of New York and maintains a place of business at 23 Just Road, Fairfield, New Jersey 07004. Shehadi is

joined herein due to its claimed interest in the Mortgaged Premises by virtue of mechanic's liens it filed in the land records of New York County. Any and all right, title or interest Shehadi may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

12.     Upon information and belief, defendant Profile Builders Inc. ("**Profile**") is a New York corporation and maintains a place of business at 224 West 35th Street, Suite 604, New York, New York 10001. Profile is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County. Any and all right, title or interest Profile may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

13.     Upon information and belief, defendant European Contracting Group LLC ("**European**") is a New York limited liability company and/or a limited liability company transacting business in the State of New York and maintains a place of business at 339 Saw Mill River Road, Yonkers, New York 10701. European is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County. Any and all right, title or interest European may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

14.     Upon information and belief, defendant Seasons Industrial Contracting Corp. ("**Seasons**") is a New York corporation and/or a corporation transacting business in the State of New York and maintains a place of business at 266 Green Valley Road, Staten Island, New York 10312. Seasons is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County. Any and all right, title or

interest Seasons may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

15. Upon information and belief, defendant Scout Mechanical, LLC ("**Scout**") is a New York limited liability company and/or a limited liability company transacting business in the State of New York and maintains a place of business at 71-19 80th Street, Suite 8314, Glendale, New York 11385. Scout is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County. Any and all right, title or interest Scout may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

16. Upon information and belief, defendant L & E Tile Inc. ("**L&E**") is a New York corporation and maintains a place of business at 243-15 Alameda Avenue, Douglaston, New York 11362. L&E is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County. Any and all right, title or interest L&E may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

17. Upon information and belief, defendant Olympia Plumbing & Heating Corp. ("**Olympia**") is a New York corporation and maintains a place of business at 3624 12th Avenue, Brooklyn, New York 11218. Olympia is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County. Any and all right, title or interest Olympia may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

18.    Upon information and belief, defendant Site Safety LLC ("**Site**") is a New York limited liability company and maintains a place of business at 286 Madison Avenue, 3rd Floor, New York, New York 10017.  Site is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County.  Any and all right, title or interest Site may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

19.    Upon information and belief, defendant Environmental Consulting & Management Services, Inc. ("**Environmental**") is a New York corporation and/or a corporation transacting business in the State of New York and maintains a place of business at 10 Filmont Drive, New City, New York 10956.  Environmental is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County.  Any and all right, title or interest Environmental may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

20.    Upon information and belief, defendant Amendola Marble & Stone Center, Inc. ("**Amendola**") is a New York corporation and/or a corporation transacting business in the State of New York and maintains a place of business at 560 Tarrytown Road, White Plains, New York 10607.  Amendola is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County.  Any and all right, title or interest Amendola may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

21.    Upon information and belief, defendant P.C. Richard & Son Long Island Corp. ("**P.C. Richard**") is a New York corporation and/or a corporation authorized to do business in

the State of New York and maintains a place of business at 150 Price Parkway, Farmingdale, New York 11735.  P.C. Richard is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County.  Any and all right, title or interest P.C. Richard may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

22.     Upon information and belief, defendant JD Scaffold Inc. ("**JD**") is a New York corporation and maintains a place of business at 68 S. Service Road #100, Melville, New York 11747.  JD is joined herein due to its claimed interest in the Mortgaged Premises by virtue of mechanic's liens it filed in the land records of New York County.  Any and all right, title or interest JD may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

23.     Upon information and belief, defendant Commercial Flooring Specialist, Ltd. a/k/a Commercial Flooring Specialists, Ltd. ("**Commercial**") is a New York corporation and/or a corporation or other entity transacting business in the State of New York and maintains a place of business at 23-75 Bedford Avenue, Bellmore, New York 11710.  Commercial is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County.  Any and all right, title or interest Commercial may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

24.     Upon information and belief, defendant Almar Sheetmetal Inc. ("**Almar**") is a New York corporation and maintains a place of business at 72 Delavan Street, Brooklyn, New York 11231.  Almar is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County.  Any and all right,

title or interest Almar may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

25.      Upon information and belief, defendant Infinity Painting Co. Inc. ("**Infinity**") is a New York corporation and maintains a place of business at 212 Highlawn Avenue, Brooklyn, New York 11223.  Infinity is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County.  Any and all right, title or interest Infinity may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

26.      Upon information and belief, defendant Silk Air Corporation ("**Silk**") is a New York corporation authorized to do business in the State of New York and maintains a place of business at 4005 Avenue K, Brooklyn, New York 11210.  Silk is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County.  Any and all right, title or interest Silk may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

27.      Upon information and belief, defendant Tradesource Inc. ("**Tradesource**") is a Delaware corporation transacting business in the State of New York and maintains a place of business at 205 Hallene Road, Warwick, Rhode Island 02886.  Tradesource is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County.  Any and all right, title or interest Tradesource may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

28.     Upon information and belief, defendant Mele Contracting Management Inc. (" **Mele**") is a New York corporation and maintains a place of business at 156 Burns Street, Forest Hills, New York 11375.   Mele is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County.  Any and all right, title or interest Mele may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

29.     Upon information and belief, defendant Fine Construction Specialties LLC (" **Fine**") is a New Jersey limited liability company transacting business in the State of New York and maintains a place of business at 1160 Route 22 West, Mountainside, New Jersey 07092. Fine is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County.  Any and all right, title or interest Fine may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

30.     Upon information and belief, defendant Nova Development Group, Inc. (" **Nova**") is a New Jersey corporation and/or a corporation transacting business in the State of New York and maintains a place of business at 189 Townsend Street, New Brunswick, New Jersey 08901. Nova is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien and Notice of Pendency it filed in the land records of New York County.  Any and all right, title or interest Nova may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.  Upon information and belief, the Notice of Pendency filed by Nova was improperly filed as a matter of law.

31.     Upon information and belief, defendant Environmental Control Board of The City of New York ("**ECB**") is an agency of the City of New York and maintains a place of business at 66 John Street, 10th Floor, New York, New York 10038.   ECB is joined herein due to any claimed lien or interest it may have in and to the Mortgaged Premises or some part thereof as a result of an ECB judgment, and any such lien or interest.   Any and all right, title or interest ECB may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

32.     Upon information and belief, defendant New York State Department of Taxation & Finance ("**New York State**") is a governmental entity of the State of New York, which has designated its address as Building 9, W.A. Harriman Campus, Albany, New York 12227-0125.   New York State is joined herein due to any claimed lien it may have in and to the Mortgaged Premises or some part thereof as a result of past or future non payment of franchise taxes.   Any and all right, title or interest New York State may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

33.     Upon information and belief, the "John Doe 1-50", "Mary Roe 1-50", "XYZ Corp. 1-50" and "ABC, LLC 1-50" defendants are fictitious parties who represent additional parties who may claim to have an interest in or to the Mortgaged Premises or whose true names are unknown to Lender, and are tenants, occupants, or other persons and entities who may be in possession of, or may have interests in or liens upon the Mortgaged Premises or a lien upon an interest therein.   Said defendants are named as party defendants herein for foreclosing and terminating their interests in and against the Mortgaged Premises.   Any and all right, title or interest these fictitious parties may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

34.    In summary, the following parties are joined as defendants in this action in the capacities therein alleged and for the following reasons:

| | | |
|---|---|---|
| (a) | 25 Broad, LLC: | Fee Owner |
| (b) | Kent M. Swig: | Guarantor |
| (c) | Marjam Supply Co., Inc. | Mechanic's Lienor |
| (d) | Sterling Group | Mechanic's Lienor |
| (e) | Alpha Interiors Inc. | Mechanic's Lienor |
| (f) | Hoffman Architects, Inc. | Mechanic's Lienor |
| (g) | Pinnacle Contractors of NY, Inc. | Mechanic's Lienor |
| (h) | Shehadi Commercial Carpet & Flooring | Mechanic's Lienor |
| (i) | Profile Builders Inc. | Mechanic's Lienor |
| (j) | European Contracting Group LLC | Mechanic's Lienor |
| (k) | Seasons Industrial Contracting Corp. | Mechanic's Lienor |
| (l) | Scout Mechanical, LLC | Mechanic's Lienor |
| (m) | L & E Tile Inc. | Mechanic's Lienor |
| (n) | Olympia Plumbing & Heating Corp. | Mechanic's Lienor |
| (o) | Site Safety LLC | Mechanic's Lienor |
| (p) | Environmental Consulting & Management Services, Inc. | Mechanic's Lienor |
| (q) | Amendola Marble & Stone Center, Inc. | Mechanic's Lienor |
| (r) | P.C. Richard & Son Long Island Corp. | Mechanic's Lienor |
| (s) | JD Scaffold Inc. | Mechanic's Lienor |
| (t) | Commercial Flooring Specialist, Ltd. a/k/a Commercial Flooring Specialists, Ltd. | Mechanic's Lienor |

| (u)  Almar Sheetmetal Inc. | Mechanic's Lienor |
| (v)  Infinity Painting Co. Inc. | Mechanic's Lienor |
| (w)  Silk Air Corporation | Mechanic's Lienor |
| (x)  Tradesource Inc. | Mechanic's Lienor |
| (y)  Mele Contracting Management Inc. | Mechanic's Lienor |
| (z)  Fine Construction Specialties LLC | Mechanic's Lienor |
| (aa)  Nova Development Group, Inc. | Mechanic's Lienor and Filer of Notice of Pendency |
| (bb)  Environmental Control Board of the City of New York: | Holder of an Environmental Control Board Judgment |
| (cc)  New York State Department of Taxation & Finance: | Holder of a Franchise Tax Lien |
| (dd)  John Does 1-50; Mary Roes 1-50; XYZ Corp. 1-50; ABC, LLC 1-50: | Tenants, occupants, contract parties, lienholders or other persons who may claim an interest in or to the Mortgaged Premises |

35.    At all times relevant to this action, defendant 25 Broad is and has been the owner in fee simple absolute of the land, buildings, structures, other improvements, and certain property subject to the New York State Lien Law and the Uniform Commercial Code located at the Real Property (collectively, the "**Mortgaged Premises**").

36.    A summary of the subordinate mechanic's liens filed by Defendants Marjam, Sterling, Alpha, Hoffman, Pinnacle, Shehadi, Profile, European, Seasons, Scout, L&E, Olympia, Site, Environmental, Amendola, P.C. Richard, JD, Commercial, Almar, Infinity, Silk, Tradesource, Mele, Fine, and Nova (collectively, the "**Contractors**") as of December 19, 2008 is attached hereto as **Schedule B**.

### *The $231,677,693.00 Senior Mortgage Loan Transaction*

37.     On or about March 9, 2007, Lender, 25 Broad and Swig entered into a commercial senior loan transaction wherein 25 Broad borrowed and agreed to repay the principal sum of Two Hundred Thirty One Million Six Hundred Seventy Seven Thousand Six Hundred Ninety Three ($231,677,693.00) Dollars plus interest thereon (the "**Senior Loan**").

38.     In connection with the Senior Loan, 25 Broad and Swig entered into a Amended and Restated Loan Agreement (Senior Loan) (the "**Senior Loan Agreement**") that set forth the terms and conditions of the Senior Loan. A true copy of the Senior Loan Agreement is attached hereto as **Exhibit A** and the terms and conditions of the Senior Loan Agreement are incorporated into this Complaint as if fully set forth herein at length.

39.     Simultaneous with the execution and delivery of the Senior Loan Agreement, 25 Broad executed, acknowledged, and delivered to the Lender, a Consolidated, Amended and Restated Promissory Note (Senior Loan) (the "**Senior Note**"), evidencing an indebtedness to Lender and by which 25 Broad borrowed and agreed to repay the principal sum of Two Hundred Thirty One Million Six Hundred Seventy Seven Thousand Six Hundred Ninety Three ($231,677,693.00) Dollars plus interest thereon.  A true copy of the Senior Note is annexed hereto as **Exhibit B** and the terms and conditions of the Senior Note are incorporated into this Complaint as if fully set forth herein at length.

40.     The Senior Note inter alia consolidates, amends and restates all of the promissory notes secured by the mortgages identified on **Schedule 1** annexed hereto, as the same may have been amended, consolidated, split, replaced or otherwise modified from time to time by the parties thereto.

41.    The proceeds of the Senior Loan were to be used solely to fund the refinance the existing financing encumbering the Mortgaged Premises and for no other purpose.  See Exhibit A at ¶2.1.4.

42.    Simultaneous with the execution and delivery of the Senior Loan Agreement and the Senior Note and for the purpose of securing payment of said Senior Loan indebtedness and performance of the Senior Note, 25 Broad, as mortgagor, duly executed, acknowledged, and delivered to the Lender a certain Amended and Restated Mortgage, Assignment of Leases and Rents and Security Agreement (Senior Loan) (the "**Senior Mortgage**") dated as of March 9, 2007, in the original principal amount of Two Hundred Thirty One Million Six Hundred Seventy Seven Thousand Six Hundred Ninety Three ($231,677,693.00) Dollars.  A true copy of the Senior Mortgage is annexed hereto as **Exhibit C** and the terms and conditions of the Senior Mortgage are incorporated into this Complaint as if fully set forth herein at length.

43.    The Senior Mortgage consolidates, amends and restates the mortgages identified on **Schedule 1** annexed hereto.

44.    The Senior Mortgage constitutes a first priority lien encumbering 25 Broad's fee ownership in the Mortgaged Premises and evidencing the indebtedness due under the Senior Loan.

45.    The Senior Mortgage was duly recorded on March 20, 2007 in the Office of the City Register of the City of New York in New York County as Instrument No. (CRFN) 2007000147274.

46.    All applicable recording taxes and fees were duly paid at the time of recording the Senior Mortgage.

47.     Simultaneous with the execution and delivery of the Senior Loan Agreement, the Senior Note and the Senior Mortgage and for the purpose of further securing payment of said indebtedness and performance of the Senior Note, 25 Broad, as Assignor, executed and delivered to the Plaintiff an Assignment of Leases and Rents (Senior Loan) ("**Senior ALR**") wherein 25 Broad absolutely conveyed to the Lender all the rents interest and profits arising from the Mortgaged Premises.  A true copy of the Senior ALR is annexed hereto as **Exhibit D** and the terms and conditions of the Senior ALR are incorporated into this Complaint as if fully set forth herein at length.

48.     The Senior ALR was duly recorded on March 20, 2007 in the Office of the City Register of the City of New York in New York County as Instrument No. (CRFN) 2007000147277.

49.     Upon information and belief, all applicable recording taxes and fees were duly paid at the time of recording the Senior ALR.

50.     Lender is the owner and holder of the Senior Mortgage, Senior Note, Senior Loan Agreement, Senior ALR, and all other instruments and documents evidencing or relating to the Senior Loan (collectively referred to herein as the "**Senior Loan Documents**"), the terms of which are hereby incorporated into this Complaint as if fully set forth herein.

### *The $19,663,826.00 Building Mortgage Loan Transaction*

51.     On or about March 9, 2007, Lender, 25 Broad and Swig entered into a commercial building loan transaction wherein 25 Broad borrowed and agreed to repay the principal sum of Nineteen Million Six Hundred Sixty Three Thousand Eight Hundred Twenty Six ($19,663,826.00) Dollars plus interest thereon (the "**Building Loan**").

52.    In connection with the Building Loan, 25 Broad and Swig entered into a Amended and Restated Loan Agreement (Building Loan) (the "**Building Loan Agreement**") that set forth the terms and conditions of the Building Loan.  A true copy of the Building Loan Agreement is attached hereto as **Exhibit E** and the terms and conditions of the Building Loan Agreement are incorporated into this Complaint as if fully set forth herein at length.

53.    Upon information and belief, the Building Loan Agreement was duly filed on March 22, 2007 with the New York County Clerk Records Office where the Mortgaged Premises was then and is now situated.

54.    Upon information and belief, all applicable filing fees were duly paid at the time of filing the Building Loan Agreement.

55.    Simultaneous with the execution and delivery of the Building Loan Agreement, 25 Broad executed, acknowledged, and delivered to the Lender, a Consolidated, Amended and Restated Promissory Note (Building Loan) (the "**Building Note**"), evidencing an indebtedness to Lender and by which 25 Broad borrowed and agreed to repay the principal sum of Nineteen Million Six Hundred Sixty Three Thousand Eight Hundred Twenty Six ($19,663,826.00) Dollars plus interest thereon.  A true copy of the Building Note is annexed hereto as **Exhibit F** and the terms and conditions of the Building Note are incorporated into this Complaint as if fully set forth herein at length.

56.    The Building Note consolidates, amends and restates in its entirety that certain Promissory Note (Building Loan) made by 25 Broad to Lender dated as of August 23, 2005 in the original principal amount of $19,663,826.00 secured by that certain Mortgage, Assignment of Leases and Rents and Security Agreement (Building Loan) in the original principal amount of $19,663,826.00 made by 25 Broad to Lender dated August 23, 2005 and recorded on September

30, 2005 in the Office of the City Register of the City of New York in New York County as

Instrument No. (CRFN) 2005000549569.

     57.    The proceeds of the Building Loan were to be used solely for labor, materials,

equipment fixtures and in connection with the construction of improvements at the Mortgaged

Premises as contemplated by the Building Loan Agreement (the "**Construction Project**"). <u>See</u>

Exhibit E at ¶2.1.4.

     58.    Simultaneous with the execution and delivery of the Building Loan Agreement

and the Building Note and for the purpose of securing payment of said Building Loan

indebtedness and performance of the Building Note, 25 Broad, as mortgagor, duly executed,

acknowledged, and delivered to the Lender a certain Amended and Restated Mortgage,

Assignment of Leases and Rents and Security Agreement (Building Loan) (the "**Building**

**Mortgage**") dated as of March 9, 2007, in the original maximum principal amount of Nineteen

Million Six Hundred Sixty Three Thousand Eight Hundred Twenty Six ($19,663,826.00)

Dollars. A true copy of the Building Mortgage is annexed hereto as **Exhibit G** and the terms and

conditions of the Building Mortgage are incorporated into this Complaint as if fully set forth

herein at length.

     59.    The Building Mortgage consolidates, amends and restates in its entirety that

certain Mortgage, Assignment of Leases and Rents and Security Agreement (Building Loan) in

the original principal amount of $19,663,826.00 made by 25 Broad to Lender dated as of August

23, 2005 and recorded on September 30, 2005 in the Office of the City Register of the City of

New York in New York County as Instrument No. (CRFN) 2005000549569.

60.    The Building Mortgage constitutes a second priority lien encumbering 25 Broad's fee ownership in the Mortgaged Premises and evidencing the indebtedness due under the Building Loan.

61.    The Building Mortgage was duly recorded on March 20, 2007 in the Office of the City Register of the City of New York in New York County as Instrument No. (CRFN) 2007000147275.

62.    All applicable recording taxes and fees were duly paid at the time of recording the Building Mortgage.

63.    Simultaneous with the execution and delivery of the Building Loan Agreement, the Building Note and the Building Mortgage and for the purpose of further securing payment of said indebtedness and performance of the Building Note, 25 Broad, as Assignor, executed and delivered to the Plaintiff an Assignment of Leases and Rents (Building Loan) ("**Building ALR**") wherein 25 Broad absolutely conveyed to the Lender all the rents interest and profits arising from the Mortgaged Premises.  A true copy of the Building ALR is annexed hereto as **Exhibit H** and the terms and conditions of the Building ALR are incorporated into this Complaint as if fully set forth herein at length.

64.    The Building ALR was duly recorded on March 20, 2007 in the Office of the City Register of the City of New York in New York County as Instrument No. (CRFN) 2007000147278.

65.    All applicable recording taxes and fees were duly paid at the time of recording the Building ALR.

66.    On or about March 9, 2007, Plaintiff executed a Notice of Lending (Building Loan) ("**Notice of Lending**") wherein Plaintiff put the world on notice of the $19,663,826.00

Building Loan and identified that $8,991,379.60 of the Building Loan had been advanced prior to March 9, 2007.  A true copy of the Notice of Lending is annexed hereto as **Exhibit I** and the terms and conditions of the Notice of Lending are incorporated into this Complaint as if fully set forth herein at length.

67.     The Notice of Lending was duly filed on March 13, 2007 with the New York County Clerk Records Office where the Mortgaged Premises was then and is now situated.

68.     Upon information and belief, all applicable filing fees were duly paid at the time of filing the Notice of Lending.

69.     Lender is the owner and holder of the Building Mortgage, Building Note, Building Loan Agreement, Building ALR, and all other instruments and documents evidencing or relating to the Building Loan (collectively referred to herein as the "**Building Loan Documents**"), the terms of which are hereby incorporated into this complaint as if fully set forth herein.

### *The $26,658,481.00 Project Mortgage Loan Transaction*

70.     On or about March 9, 2007, Lender, 25 Broad and Swig entered into a commercial project loan transaction wherein 25 Broad borrowed and agreed to repay the principal sum of Twenty Six Million Six Hundred Fifty Eight Thousand Four Hundred Eighty One ($26,658,481.00) Dollars plus interest thereon (the "**Project Loan**").

71.     In connection with the Project Loan, 25 Broad and Swig entered into a Amended and Restated Loan Agreement (Project Loan) (the "**Project Loan Agreement**") that set forth the terms and conditions of the Project Loan. A true copy of the Project Loan Agreement is attached hereto as **Exhibit J** and the terms and conditions of the Project Loan Agreement are incorporated into this Complaint as if fully set forth herein at length.

72.    Simultaneous with the execution and delivery of the Project Loan Agreement, 25

Broad executed, acknowledged, and delivered to the Lender, a Consolidated, Amended and

Restated Promissory Note (Project Loan) (the "**Project Note**"), evidencing an indebtedness to

Lender and by which 25 Broad borrowed and agreed to repay the principal sum of Twenty Six

Million Six Hundred Fifty Eight Thousand Four Hundred Eighty One ($26,658,481.00) Dollars

plus interest thereon.  A true copy of the Project Note is annexed hereto as **Exhibit K** and the

terms and conditions of the Project Note are incorporated into this Complaint as if fully set forth

herein at length.

73.    The Project Note consolidates, amends and restates in its entirety that certain

Promissory Note (Project Loan) made by 25 Broad to Lender dated August 23, 2005 in the

original principal amount of $26,658,481.00 secured by that certain Mortgage, Assignment of

Leases and Rents and Security Agreement (Project Loan) in the original principal amount of

$26,658,481.00 made by 25 Broad to Lender dated August 23, 2005 and recorded on September

30, 2005 in the Office of the City Register of the City of New York in New York County as

Instrument No. (CRFN) 2005000549572.

74.    The proceeds of the Project Loan were to be used solely for direct and indirect

costs and expenses of acquiring the Mortgaged Premises, converting the Mortgaged Premises to

a Condominium form of ownership, renovation work at the Mortgaged Premises contemplated

by the Project Loan Agreement and operating costs for the Mortgaged Premises and for no other

purpose.  See Exhibit J at ¶2.1.4.

75.    Simultaneous with the execution and delivery of the Project Loan Agreement and

the Project Note and for the purpose of securing payment of said Project Loan indebtedness and

performance of the Project Note, 25 Broad, as mortgagor, duly executed, acknowledged, and

delivered to the Lender a certain Amended and Restated Mortgage, Assignment of Leases and Rents and Security Agreement (Project Loan) (the "**Project Mortgage**") dated as of March 9, 2007, in the original maximum principal amount of Twenty Six Million Six Hundred Fifty Eight Thousand Four Hundred Eighty One ($26,658,481.00) Dollars.   A true copy of the Project Mortgage is annexed hereto as **Exhibit L** and the terms and conditions of the Project Mortgage are incorporated into this Complaint as if fully set forth herein at length.

76.    The Project Mortgage consolidates, amends and restates in its entirety that certain Mortgage, Assignment of Leases and Rents and Security Agreement (Project Loan) in the original principal amount of $26,658,481.00 made by 25 Broad to Lender dated August 23, 2005 and recorded on September 30, 2005 in the Office of the City Register of the City of New York in New York County as Instrument No. (CRFN)  2005000549572.

77.    The Project Mortgage constitutes a third priority lien encumbering 25 Broad's fee ownership in the Mortgaged Premises and evidencing the indebtedness due under the Project Loan.

78.    The Project Mortgage was duly recorded on March 20, 2007 in the Office of the City Register of the City of New York in New York County as Instrument No. (CRFN) 2007000147276.

79.    All applicable recording taxes and fees were duly paid at the time of recording the Project Mortgage.

80.    Simultaneous with the execution and delivery of the Project Loan Agreement, the Project Note and the Project Mortgage and for the purpose of further securing payment of said indebtedness and performance of the Project Note, 25 Broad, as Assignor, executed and delivered to the Plaintiff an Assignment of Leases and Rents (Project Loan) ("**Project ALR**")