# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------ x

LEHMAN BROTHERS HOLDINGS INC.,

      Plaintiff,

      vs.

45 BROAD, LLC, KENT M. SWIG, GILSANZ MURRAY STEFICEK LLP, NEW YORK CITY DEPARTMENT OF TRANSPORTATION, NEW YORK CITY BUREAU OF HIGHWAY OPERATIONS, ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE , "JOHN DOE 1-50," "MARY ROE 1-50", "XYZ CORP. 1-50" and "ABC, LLC 1-50"

The names of the "John Doe 1-50" "Mary Roe" "XYZ Corp. 1-50" and "ABC, LLC 1-50" Defendants being fictitious and unknown to the Plaintiff, the persons and the entities being parties having an interest in or lien against the premises sought to be foreclosed herein, as owner, tenant, licensee, occupant or otherwise.

      Defendants.

------------------------------------------------------------------ x

Index No. 100887/09

(Justice _____)

**NOTICE OF PENDENCY**

FILED 2009 JAN 22 PM 4:37 COUNTY CLERK N.Y. COUNTY

**NOTICE IS HEREBY GIVEN** that an action has been commenced and is pending in this Court upon the complaint of the above-named Plaintiff, Lehman Brothers Holdings Inc. ("Lender"), against the above-named defendants, for the foreclosure of (i) that certain Mortgage, Assignment of Leases and Rents and Security Agreement and Fixture Filing dated as of June 12, 2006 executed by defendant 45 Broad, LLC, in the original principal amount of Thirty Seven Million Seven Hundred Five Thousand Seven

{40271342;1}

Hundred Ten ($37,705,710.00) Dollars and duly recorded on July 1, 2006 in the Office of the City Register of the City of New York in New York County as Instrument No. (CRFN) 2006000363874, as modified and spread by that certain Mortgage Spreader Agreement dated as of February 26, 2007 executed by defendant 45 Broad, LLC, and duly recorded on March 6, 2007 in the Office of the City Register of the City of New York in New York County as Instrument No. (CRFN) 2007000122090 and (ii) that certain Mortgage, Assignment of Leases and Rents and Security Agreement dated as of February 26, 2007, executed by defendant 45 Broad, LLC, in the original principal amount of Eleven Million Four Hundred Sixty Seven Thousand Two Hundred Eighty Three ($11,467,283.00) Dollars and duly recorded on March 6, 2007 in the Office of the City Register of the City of New York in New York County as Instrument No. (CRFN) 2007000122091, each being a lien against real property described herein owned by defendant 45 Broad, LLC located in New York County.

AND NOTICE IS FURTHER GIVEN, that the mortgaged premises affected by the said foreclosure action were, at the time of the commencement of said action, and at the time of the filing of this notice situate in Block 25, Lot 7 (and an easement interest in Block 25, Lot 10) on the land and tax map of the County of New York in the State of New York, and is described in the said mortgages as follows, to wit:

See <u>Schedule A</u> "Legal Description" annexed hereto and made a part hereof.

Said premises being commonly known as and by street number 45 Broad Street, New York, New York.

TOGETHER with all right, title and interest of the defendants in and to the land lying in the streets and roads in front of and adjoining said premises.

{40271342;1}

The Clerk of the County of New York is directed to immediately index this Notice of Pendency to the names of all the defendants listed on the following page and as against the real property situate in Block 25, Lot 7 (and an easement interest in Block 25, Lot 10) on the land and tax map of the County of New York, State of New York.

Dated: New York, New York
       January 20, 2009

                            WINDELS MARX LANE & MITTENDORF, LLP

                            By: _____
                                Mark A. Slama
                                A Member of the Firm

                            156 West 56th Street
                            New York, New York 10019
                            (212) 237-1000
                            *Attorneys for Plaintiff*
                            *Lehman Brothers Holdings Inc.*

{40271342:1}

To:

| | |
|---|---|
| 45 Broad, LLC<br>c/o Swig Equities, LLC<br>770 Lexington Avenue<br>New York, New York 10021<br>Attn: Kent M. Swig | Kent M. Swig<br>c/o Swig Equities, LLC<br>770 Lexington Avenue<br>New York, New York 10021 |
| Gilsanz Murray Steficek LLP<br>129 West 27th Street<br>New York, New York 10001 | New York State Dept. of<br>Taxation & Finance<br>Building 9<br>W.A. Harriman Campus<br>Albany, New York 12227-0125 |
| Environmental Control Board of<br>The City of New York<br>66 John Street, 10th Flr.<br>New York, New York 10038 | New York City Department of<br>Transportation and New York City Bureau<br>of Highway Operations<br>40 Worth Street<br>New York, New York 10013. |

{40271342:1}

## SCHEDULE A

### (Legal Description of Property)

### (45 BROAD STREET, NEW YORK, NEW YORK, BLOCK: 25, LOT: 7)

ALL that certain plot, piece or parcel of land situate lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of Broad Street distant 130 feet 9 ¾ inches northerly from the corner formed by the intersection of the said easterly side of Broad Street with the northerly side of Beaver Street;

RUNNING THENCE Easterly along a line which forms an angle on its northerly side with said easterly side of Broad Street of 82 degrees 30 minutes 10 seconds and along the northerly face of northerly walls of buildings adjoining on the south and along southerly face of the southerly wall of the brick building on the premises hereby described, 146 feet and 2 ¼ inches to the westerly face of the westerly wall of the building on the premises adjoining on the east;

THENCE northerly along said westerly face of said westerly wall, 60 fee 3 ¾ inches to the southerly face of the southerly wall of the one-story brick building on the rear of the premises adjoining on the north;

THENCE westerly along a line which forms an angle on its southerly side with the easterly side of Broad Street of 96 degrees 2 minutes 20 second, 128 feet 1 ½ inches to said easterly side of Broad Street;

THENCE southerly along said easterly side of Broad Street, 63 feet 5 ¼ inches to the point or place of BEGINNING.

BEING KNOWN as 43-47 Broad Street, New York, New York and designated as Block 25, Lot 7 on the Tax Map of the City of New York, County of New York.

Together with the benefits of a covenant not to build upon and an easement for light and air and unobstructed view over premises (except for the air space occupied by the Owner Building) herein described below and as described in Zoning Lot and Development Agreement between Walwilhal Associates and 45 Broad, LLC dated February 26, 2007 recorded in the New York County Register's Office.

BEGINNING at a point on the easterly side of Broad Street, distant 106 feet 8 inches southerly from the southeasterly corner of Broad Street and Exchange Place, which point is opposite the northerly face of the northerly wall of the northerly building on the premises herein described;

THENCE southerly along the easterly side of Broad Street, 46 feet 1-1/2 inches to an angle in the easterly side of Broad Street;

THENCE southerly still along the easterly side of Broad Street, 60 feet 7 inches to a point on the easterly side of Broad Street, distant 194 feet 3 inches northerly from the corner formed by the intersection of the easterly side of Broad Street and the northerly side of Beaver Street, which point is opposite the southerly face of the southerly wall of

{40271342:1}

the southerly building on the premises herein described.

THENCE easterly along the said southerly face of said wall, 128 feet 1-1/2 inches to the westerly face of the westerly wall of the building adjoining on the east;

THENCE northerly along said westerly face of said last mentioned wall and on a line which makes an interior angle with the last mentioned course of 79 degrees 28 minutes 0 seconds, 31 feet 2 inches to the northerly face of the northerly wall of the southerly building on the premises herein described;

THENCE northerly on a line which makes an interior angle with the last mentioned course of 190 degrees 7 minutes 50 seconds, 16 feet 11-1/4 inches;

THENCE northerly along a line which makes an interior angle with the last mentioned course of 178 degrees 39 minutes, 13 feet 4-1/2 inches to the northerly face of the independent wall of the rear building on premises known as 39 Broad Street;

THENCE westerly along the same and on a line which makes an interior angle with the last mentioned course, 91 degrees 42 minutes 0 seconds, 6 feet 2-1/2 inches to the easterly face of the easterly wall of the rear building on the premises known as 35 Broad Street;

THENCE northerly along the same and on a line which makes an exterior angle with the last mentioned course of 75 degrees 12 minutes 0 seconds, 29 feet 6-1/4 inches to the northerly side of the northerly wall of the said building;

THENCE westerly along the same and along the northerly face of the northerly wall of the front building on the premises known as 35 Broad Street and on a line which makes an interior angle with the last mentioned course of 83 degrees 16 minutes 30 seconds, 102 feet 9-1/2 inches to the point or place of BEGINNING.

**For information only**: Said premises are known as 35-41 Broad Street, New York, NY, and designated as Block 25 Lot 10 as shown on the Tax Map of the City of New York, County of New York.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

LEHMAN BROTHERS HOLDINGS INC.,
    Plaintiff,

vs.

45 BROAD, LLC, KENT M. SWIG, GILSANZ MURRAY STEFICEK LLP, NEW YORK CITY DEPARTMENT OF TRANSPORTATION, NEW YORK CITY BUREAU OF HIGHWAY OPERATIONS, ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, "JOHN DOE 1-50," "MARY ROE 1-50", "XYZ CORP. 1-50" and "ABC, LLC 1-50"
The names of the "John Doe 1-50" "Mary Roe" "XYZ Corp. 1-50" and "ABC, LLC 1-50" Defendants being fictitious and unknown to the Plaintiff, the persons and the entities being parties having an interest in or lien against the premises sought to be foreclosed herein, as owner, tenant, licensee, occupant or otherwise.
    Defendants.

---

## NOTICE OF PENDENCY

---

**WINDELS MARX LANE & MITTENDORF, LLP**
*Attorneys for* Plaintiff

156 WEST 56TH STREET
NEW YORK, NEW YORK 10019
212.237.1000

| | |
|---|---|
| To: | Signature (Rule 130-1.1-a) |
| | Printed name beneath |
| | **Mark A. Slama** |
| Attorney(s) for | |
| Service of a copy of the within | is hereby admitted. |

Dated,

Attorney(s) for

---

Please take notice
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within court on
☐ NOTICE OF SETTLEMENT
that an order                      of which the within is a true copy will be presented for
settlement to the HON.                                        one of the judges
of the within court, at
on                                at                  M

Dated,                                                                       Yours, etc.

**WINDELS MARX LANE & MITTENDORF, LLP**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------- x

LEHMAN BROTHERS HOLDINGS INC.,

    Plaintiff,

    vs.

45 BROAD, LLC, KENT M. SWIG, GILSANZ MURRAY STEFICEK LLP, NEW YORK CITY DEPARTMENT OF TRANSPORTATION, NEW YORK CITY BUREAU OF HIGHWAY OPERATIONS, ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, "JOHN DOE 1-50," "MARY ROE 1-50", "XYZ CORP. 1-50" and "ABC, LLC 1-50"

The names of the "John Doe 1-50" "Mary Roe" "XYZ Corp. 1-50" and "ABC, LLC 1-50" Defendants being fictitious and unknown to the Plaintiff, the persons and the entities being parties having an interest in or lien against the premises sought to be foreclosed herein, as owner, tenant, licensee, occupant or otherwise.

    Defendants.

---------------------------------------------------------- x

Index No. 100887/09

(Justice _____)

Filed 1/22/09
New York County Clerk

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANTS:

    You are hereby summoned and required to serve upon Plaintiffs' attorney an Answer to the Verified Complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

    Pursuant to CPLR §507, the venue designated is based on the location where the real property is situated which is the subject matter of the Foreclosure Complaint as alleged in the Verified Complaint.

{40273542:1}

Dated: New York, New York
      January 20, 2009

                    Respectfully submitted,

                    WINDELS MARX LANE & MITTENDORF, LLP

                    By: _____
                         Mark A. Slama
                         A Member of the Firm

                    156 West 56th Street
                    New York, New York 10019
                    (212) 237-1000
                    *Attorneys for Plaintiff*
                    *Lehman Brothers Holdings Inc.*

To:

| | |
|---|---|
| 45 Broad, LLC<br>c/o Swig Equities, LLC<br>770 Lexington Avenue<br>New York, New York 10021<br>Attn: Kent M. Swig | Kent M. Swig<br>c/o Swig Equities, LLC<br>770 Lexington Avenue<br>New York, New York 10021 |
| Gilsanz Murray Steficek LLP<br>129 West 27th Street<br>New York, New York 10001 | New York State Dept. of<br>Taxation & Finance<br>Building 9<br>W.A. Harriman Campus<br>Albany, New York 12227-0125 |
| Environmental Control Board of<br>The City of New York<br>66 John Street, 10th Flr.<br>New York, New York 10038 | New York City Department of<br>Transportation and New York City Bureau<br>of Highway Operations<br>40 Worth Street<br>New York, New York 10013. |

{40273542:1}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------ x

LEHMAN BROTHERS HOLDINGS INC.,

    Plaintiff,

    vs.

45 BROAD, LLC, KENT M. SWIG, GILSANZ MURRAY STEFICEK LLP, NEW YORK CITY DEPARTMENT OF TRANSPORTATION, NEW YORK CITY BUREAU OF HIGHWAY OPERATIONS, ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, "JOHN DOE 1-50," "MARY ROE 1-50", "XYZ CORP. 1-50" and "ABC, LLC 1-50"

The names of the "John Doe 1-50" "Mary Roe" "XYZ Corp. 1-50" and "ABC, LLC 1-50" Defendants being fictitious and unknown to the Plaintiff, the persons and the entities being parties having an interest in or lien against the premises sought to be foreclosed herein, as owner, tenant, licensee, occupant or otherwise.

    Defendants.

Index No. 100887/09

(Justice _____)

Filed 1/22/09
New York County Clerk

**VERIFIED COMPLAINT**

------------------------------------------------------------ x

    Plaintiff, Lehman Brothers Holdings Inc. (referred to herein as "**Plaintiff**" or "**Lender**"), by its attorneys, Windels Marx Lane & Mittendorf, LLP, complaining of Defendants, respectfully alleges as follows:

### NATURE OF ACTION

    1.    This is an action for the foreclosure of two commercial mortgages and for related relief regarding two commercial loans secured by liens on real property located in New York County commonly known as 45 Broad Street, New York, New York as more particularly

{40272116:1}

described in **Schedule A** (the "**Real Property**" or "**Mortgaged Premises**"). The parties joined below have an interest in the Mortgaged Premises (as defined below) that is subordinate to the mortgage liens or are otherwise liable to Plaintiff.

*The Parties*

2.   Lender is a Delaware corporation with a business address at 1271 Avenue of the Americas, New York, New York 10020 and is authorized to transact business in the State of New York.

3.   Lender is the holder and owner in and to that certain "First Note," "Second Note," "First Mortgage," "Second Mortgage," and other "Loan Documents" (each defined below) executed and delivered to the Lender by defendants 45 Broad, LLC ("**45 Broad**") and Kent M. Swig ("**Swig**").

4.   Upon information and belief, defendant 45 Broad is a Delaware limited liability company and maintains a business address at c/o Swig Equities, LLC, 770 Lexington Avenue, New York, New York 10021. 45 Broad is joined herein as mortgagor, owner of the fee title to the Mortgaged Premises and because it executed and delivered the various Loan Documents to the Lender upon which 45 Broad has defaulted. Any and all right, title or interest 45 Broad may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

5.   Upon information and belief, defendant Swig is a resident of the State of New York, having an address at c/o Swig Equities, LLC, 770 Lexington Avenue, New York, New York 10021. Swig is joined herein due to his execution and delivery of the various Loan Documents to the Lender, including specifically the Guaranty and Additional Guaranty (defined herein) upon which Swig has defaulted. Any and all right, title or interest Swig may have in and

2

to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

6. Upon information and belief, defendant Gilsanz Murray Steficek LLP ("**Gilsanz**") is a New York limited liability partnership and/or a limited liability partnership authorized to do business in the State of New York and maintains a place of business at 129 West 27th Street, New York, New York 10001. Gilsanz is joined herein due to its claimed interest in the Mortgaged Premises by virtue of a mechanic's lien it filed in the land records of New York County. Any and all right, title or interest Gilsanz may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein

7. Upon information and belief, defendant Environmental Control Board of The City of New York ("**ECB**") is an agency of the City of New York and maintains a place of business at 66 John Street, 10th Floor, New York, New York 10038. ECB is joined herein due to any claimed lien or interest it may have in and to the Mortgaged Premises or some part thereof as a result of an ECB judgment, and any such lien or interest. Any and all right, title or interest ECB may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein

8. Upon information and belief, defendant New York State Department of Taxation & Finance ("**New York State**") is a governmental entity of the State of New York, which has designated its address as Building 9, W.A. Harriman Campus, Albany, New York 12227-0125. New York State is joined herein due to any claimed lien it may have in and to the Mortgaged Premises or some part thereof as a result of past or future non payment of franchise taxes. Any and all right, title or interest New York State may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

{40272116:2}

9. Upon information and belief, defendants New York City Department of Transportation and New York City Bureau of Highway Operations are a governmental entity of the City of New York and designate their address as 40 Worth Street, New York, New York 10013. The New York City Department of Transportation and New York City Bureau of Highway Operations are joined herein due to any claimed lien they may have in and to the Mortgaged Premises or some part thereof as a result of a Sidewalk Lien Indexed under #81258 on June 23, 2008. Any and all right, title or interest the New York City of Department of Transportation or New York City Bureau of Highway Operations may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

10. Upon information and belief, the "John Doe 1-50", "Mary Roe 1-50", "XYZ Corp. 1-50" and "ABC, LLC 1-50" defendants are fictitious parties who represent additional parties who may claim to have an interest in or to the Mortgaged Premises or whose true names are unknown to Lender, and are tenants, occupants, or other persons and entities who may be in possession of, or may have interests in or liens upon the Mortgaged Premises or a lien upon an interest therein. Said defendants are named as party defendants herein for foreclosing and terminating their interests in and against the Mortgaged Premises. Any and all right, title or interest these fictitious parties may have in and to the Mortgaged Premises is in all respects subordinate, junior and subject to the Lender's mortgage liens as set forth herein.

11. In summary, the following parties are joined as defendants in this action in the capacities therein alleged and for the following reasons:

(a) 45 Broad, LLC:                  Fee Owner

(b) Kent M. Swig:                   Guarantor

4

{40272116:2}

| | |
|---|---|
| (c) Gilsanz Murray Steficek LLP | Mechanic's Lienor |
| (d) New York City Department of Transportation and New York City of Bureau of Highway Operations | Holder of a Sidewalk Lien |
| (e) Environmental Control Board of the City of New York: | Holder of an Environmental Control Board Judgment |
| (f) New York State Department of Taxation & Finance: | Holder of a Franchise Tax Lien |
| (g) John Does 1-50; Mary Roes 1-50; XYZ Corp. 1-50; ABC, LLC 1-50: | Tenants, occupants, contract parties, lienholders or other persons who may claim an interest in or to the Mortgaged Premises |

12. At all times relevant to this action, defendant 45 Broad is and has been the owner in fee simple absolute of the land, buildings, structures, other improvements, and certain property subject to the New York State Lien Law and the Uniform Commercial Code located at the Real Property.

### *The $37,705,710.51 Mortgage Loan Transaction*

13. On or about June 12, 2006, Lender, 45 Broad and Swig entered into an commercial loan transaction wherein 45 Broad borrowed and agreed to repay the principal sum of Thirty Seven Million Seven Hundred Five Thousand Seven Hundred Ten ($37,705,710.51) Dollars and 51/100 Cents plus interest thereon (the "**First Loan**").

14. In connection with the First Loan, Lender, 45 Broad and Swig entered into a Loan Agreement (the "**Initial Loan Agreement**") that set forth the terms and conditions of the First Loan. A true copy of the Initial Loan Agreement is attached hereto as **Exhibit A** and the terms and conditions of the Initial Loan Agreement are incorporated into this Complaint as if fully set forth herein at length.

15. Simultaneous with the execution and delivery of the Initial Loan Agreement, 45 Broad executed, acknowledged, and delivered to the Lender, a Promissory Note (the "**First**

5

{40272116:2}

<u>Note</u>"), evidencing an indebtedness to Lender and by which 45 Broad borrowed and agreed to repay the principal sum of Thirty Seven Million Seven Hundred Five Thousand Seven Hundred Ten ($37,705,710.51) Dollars and 51/100 Cents plus interest thereon (the "**First Loan**"). A true copy of the First Note is annexed hereto as **Exhibit B** and the terms and conditions of the First Note are incorporated into this Complaint as if fully set forth herein at length.

16. The proceeds of the First Loan were to be used solely to acquire the Mortgaged Premises, pay related closing costs, fund working capital requirements of the Mortgaged Premises and make distributions of the balance, if any, after payments were made to benefit the Mortgaged Premises to equity owners of 45 Broad. See Exhibit A at ¶2.2.3.

17. Simultaneous with the execution and delivery of the Initial Loan Agreement and First Note and for the purpose of securing payment of said First Loan indebtedness and performance of the First Note, 45 Broad, as mortgagor, duly executed, acknowledged, and delivered to the Lender a certain Mortgage, Assignment of Leases and Rents and Security Agreement (the "**First Mortgage**") in the original principal amount of Thirty Seven Million Seven Hundred Five Thousand Seven Hundred Ten ($37,705,710.51) Dollars and 51/100 Cents. A true copy of the First Mortgage is annexed hereto as **Exhibit C** and the terms and conditions of the First Mortgage are incorporated into this Complaint as if fully set forth herein at length.

18. The First Mortgage constitutes a first priority lien encumbering 45 Broad's fee ownership in the Mortgaged Premises and evidencing the indebtedness.

19. The First Mortgage was duly recorded on July 1, 2006 in the Office of the City Register of the City of New York in New York County as Instrument No. (CRFN) 2006000363874.

{40272116:2}

20. All applicable recording taxes and fees were duly paid at the time of recording the First Mortgage.

21. Simultaneous with the execution and delivery of the Initial Loan Agreement First Note and First Mortgage, Swig executed and delivered to the Lender a Guaranty (the "**Guaranty**" and referred to together with the Initial Loan Agreement, First Note, First Mortgage and all other instruments and documents evidencing or relating to the First Loan as the "**First Loan Documents**"), wherein Swig unconditionally, absolutely and irrevocably guaranteed 45 Broad's full payment of the total debt under the First Loan Documents and timely performance of 45 Broad's obligations thereunder. A true copy of the Guaranty is annexed hereto as **Exhibit D** and the terms and conditions of the Guaranty are incorporated into this Complaint as if fully set forth herein at length.

22. Lender is the owner and holder of the First Loan Documents.

23. In or about February 2007, 45 Broad acquired additional real property rights in the form of a covenant not to build upon and an easement for light and air and unobstructed view over certain real property commonly known as 35-41 Broad Street and designated as Block 25, Lot 10 as shown on the Tax Map of the City of New York, that 45 Broad agreed to further pledge to Lender to secure 45 Broad's repayment and performance of its obligations under the First Loan Documents.

24. To memorialize 45 Broad's pledge of its additional real property rights under the First Loan, 45 Broad executed and delivered to Lender a Mortgage Spreader Agreement (the "**Mortgage Spreader**") dated as of February 26, 2007 spreading the Lender's first mortgage lien over both the Mortgaged Premises and the additional real property acquired by 45 Broad. A true

7

{40272116;2}

copy of the Mortgage Spreader is annexed hereto as **Exhibit E** and the terms and conditions of the First Mortgage are incorporated into this Complaint as if fully set forth herein at length

25. The Mortgage Spreader constitutes a first priority lien encumbering 45 Broad's fee ownership in both the Mortgaged Premises as well as the additional real property it acquired (collectively referred to herein as the "**Mortgaged Premises**").

26. The Mortgage Spreader was duly recorded on March 6, 2007 in the Office of the City Register of the City of New York in New York County as Instrument No. (CRFN) 2007000122090.

27. All applicable recording taxes and fees were duly paid at the time of recording the Mortgage Spreader.

### *The $11,467,283.00 Loan Transaction*

28. On or about February 26, 2007, the Lender, 45 Broad and Swig entered into a second commercial loan transaction whereby the Lender advanced an additional Eleven Million Four Hundred Sixty Seven Thousand Two Hundred Eighty Three ($11,467,283.00) Dollars to be used by 45 Broad for the same purposes on the First Loan.

29. In connection with this second loan, the Lender, 45 Broad and Swig entered into a certain First Amendment to Loan Agreement (the "**Amended Loan Agreement**") that modified the terms of the First Loan as set forth therein. A true copy of the Amended Loan Agreement is annexed hereto as **Exhibit F** and the terms and conditions of the Amended Loan Agreement are incorporated into this Complaint as if fully set forth herein at length.

30. Simultaneous with the execution and delivery of the Amended Loan Agreement, 45 Broad executed, acknowledged, and delivered to the Lender, a Promissory Note (the "**Second Note**" and referred together with the First Note as the "Notes"), evidencing the additional

indebtedness of Eleven Million Four Hundred Sixty Seven Thousand Two Hundred Eighty Three ($11,467,283.00) Dollars (the "**Second Loan**" and collectively with the First Loan as the "**Loans**"). A true copy of the Second Note is annexed hereto as **Exhibit G** and the terms and conditions of the Second Note are incorporated into this Complaint as if fully set forth herein at length.

31.  Simultaneous with the execution and delivery of the Amended Loan Agreement and Second Note and for the purpose of securing payment of said Second Loan indebtedness and performance of the First Note, 45 Broad, as mortgagor, duly executed, acknowledged, and delivered to the Lender a certain Mortgage, Assignment of Leases and Rents and Security Agreement (the "**Second Mortgage**") in the original principal amount of Eleven Million Four Hundred Sixty Seven Thousand Two Hundred Eighty Three ($11,467,283.00) Dollars plus interest. A true copy of the Second Mortgage is annexed hereto as **Exhibit H** and the terms and conditions of the Second Mortgage are incorporated into this Complaint as if fully set forth herein at length.

32.  The Second Mortgage constitutes a second priority lien encumbering 45 Broad's fee ownership in the Mortgaged Premises and evidencing the indebtedness due under the Second Loan.

33.  The Second Mortgage was duly recorded on March 6, 2007 in the Office of the City Register of the City of New York in New York County as Instrument No. (CRFN) 2007000122091. All applicable recording taxes and fees were duly paid at the time of recording the Second Mortgage.

34.  Simultaneous with the execution and delivery of the Amended Loan Agreement Second Note and Second Mortgage, Swig executed and delivered to the Lender a First

Amendment to Guaranty (the "**Additional Guaranty**") wherein Swig unconditionally, absolutely and irrevocably guaranteed 45 Broad's full payment of the total debt and its full and complete performance of 45 Broad's obligations under both Loans. A true copy of the Additional Guaranty is attached hereto as **Exhibit I** and the terms and conditions of the Additional Guaranty are incorporated into this Complaint as if fully set forth herein at length.

35.    As additional and further security for 45 Broad's and Swig's agreement to perform all terms and conditions under the Second Loan, including the full repayment thereof, on or about February 26, 2007 Swig executed and delivered to Lender a Negative Pledge Agreement (the "**Negative Pledge**" and hereinafter referred to collectively with the Amended Loan Agreement, Second Note, Second Mortgage, Additional Guaranty and all other instruments and documents evidencing or relating to the Second Loan as the "**Second Loan Documents**"), wherein Swig agreed, among other things, not to grant or permit any additional security interest or encumbrances upon any of the Interests (as defined in the Loan Agreement) and not to transfer, assign, sell, exchange or convey any of the Interests (as defined in the Loan Agreement) without the Lender's prior written consent. A true copy of the Negative Pledge is attached hereto as **Exhibit J** and the terms and conditions of the Negative Pledge are incorporated into this Complaint as if fully set forth herein at length.

36.    Lender is the owner and holder of the Second Loan Documents.

37.    On or about December 10, 2007, 45 Broad executed and delivered to the Lender a certain Second Amendment to Loan Agreement (the "**Second Amended Loan Agreement**" and collectively referred to herein with the Initial Loan Agreement and the Amended Loan Agreement as the "**Loan Agreement**") that further modified the terms of the First Loan and Second Loan. A true copy of the Second Amendment is annexed hereto as **Exhibit K** and the

10

{40272116:2}