Edward S. Weisfelner, Esq. (EW 5581)
David J. Molton, Esq. (DM 1106)
Andrew S. Dash, Esq. (AD 7913)
**BROWN RUDNICK LLP**
Seven Times Square
New York, NY 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801

*Counsel to Newport Global Opportunities Fund LP,*
*Newport Global Credit Fund (Master) L.P.,*
*PEP Credit Investor L.P. and*
*Providence TMT Special Situations Fund L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    Case No. 08-13555 (JMP)
                                                               :
                                    Debtors.                   :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

**LIMITED OBJECTION OF PROVIDENCE EQUITY PARTNERS AND NEWPORT GLOBAL ADVISORS LLP TO DEBTORS' MOTION PURSUANT TO SECTIONS 105 AND 364 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO GRANT FIRST PRIORITY LIENS IN CONNECTION WITH HEDGING TRANSACTIONS THROUGH FUTURES AND PRIME BROKERAGE ACCOUNTS**

Newport Global Opportunities Fund LP, Newport Global Credit Fund (Master) L.P., PEP Credit Investor L.P. and Providence TMT Special Situations Fund L.P. (collectively, the "Funds"), by and through their undersigned counsel, Brown Rudnick LLP, hereby submit their limited objection to the Debtors' Motion Pursuant to Sections 105 and 364 of the Bankruptcy Code Authorizing the Debtors to Grant First Priority Liens in Cash Collateral Posted in Connection with the Hedging Transactions the Debtors Enter Into Through Certain Futures and Prime Brokerage Accounts (the "Motion").

In support of this limited objection, the Funds state as follows:

## FACTUAL BACKGROUND

1. The Funds and Lehman Brothers Inc. ("LBI") entered into certain Customer Account Agreements – Prime Brokerage Agreements (the "Agreements") pursuant to which LBI provided prime brokerage services to the Funds. The Agreements provided that the counterparties to the Agreements were "Lehman Brothers Inc., Lehman Brothers International (Europe), Lehman Brothers Finance S.A., Lehman Brothers Special Financing Inc., Lehman Brothers Holdings Inc. ("LBHI") and any of their subsidiaries." The services to be provided included, among other things, trading and brokering equity and fixed income instruments and financial derivatives. The Funds deposited and entrusted into their prime brokerage accounts securities of material value for the purpose of and in connection with the services identified above. Debtors have previously been provided with the identity of the Funds' securities

2. Since the commencement of the LBHI chapter 11 case and LBI's Securities Investor Protection Act ("SIPA") proceeding, the Funds have been attempting to locate and ascertain the status of their securities. Indeed, the Funds' Rule 2004 motion for discovery concerning these issues remains pending in the SIPA proceeding and has been adjourned to allow for informal information sharing between the parties. Although almost five months have passed since LBHI's filing and the commencement of the LBI SIPA proceeding, the Funds have still not been able ascertain the location and status of all their securities. The Funds have recently made timely customer claims in connection with their securities to the Trustee in the SIPA proceeding.

## OBJECTION

3. In their Motion, Debtors' seek authority to post cash, securities and other collateral in connection with any hedging transactions entered into with broker-dealers, and to

grant a first priority lien in the hedging collateral pursuant to sections 364(c) and 105(a) of the Bankruptcy Code to secure the Debtors' obligations in the hedging transactions. To the extent Debtors do not specify what securities may be pledged as collateral, and do not expressly provide that the Funds' securities will not be included therein, the Funds respectfully file this limited objection seeking clarification and assurance that their assets are to be excluded and not included in the collateral that will be offered and provided if Debtors' motion is granted.

4. Therefore, the Funds respectfully request that the Motion be denied to the extent Debtors intend to utilize any of the Funds' securities as collateral in the proposed hedging agreements. In the alternative, the Funds respectfully request express clarification that its securities are not intended to be part of those to be used as collateral.

## CONCLUSION

WHEREFORE, the Funds respectfully request that this Court deny the Motion to the extent it seeks relief with respect to any of the Funds' securities, and granting the Funds such other and further relief as this Court may deem just and proper.

Dated: New York, New York
February 6, 2009

**BROWN RUDNICK LLP**

By: /s/ Edward S. Weisfelner
Edward S. Weisfelner, Esq.
David J. Molton, Esq.
Andrew S. Dash, Esq.
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

*Counsel to Newport Global Opportunities Fund LP,
Newport Global Credit Fund (Master) L.P.,
PEP Credit Investor L.P. and
Providence TMT Special Situations Fund L.P.*

- 3 -