**CLIFFORD CHANCE US LLP**
31 West 52nd Street
New York, N.Y. 10019-6131
(212) 878-8000
Jennifer C. DeMarco (JD-9284)
David A. Sullivan (DS-8967)
Steven F. Gatti

Attorneys for SEB Enskilda, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| LEHMAN BROTHERS INC., | Case No. 08-01420 (JMP) SIPA |
| Debtor. | |
| SEB ENSKILDA, INC., | |
| Plaintiff, | Adv. Pro. No. 09-_____ |
| v. | |
| JAMES W. GIDDENS, Trustee for the SIPA liquidation of Lehman Brothers Inc., | |
| Defendant. | |

## COMPLAINT

Plaintiff SEB Enskilda, Inc. ("SEB"), by its undersigned attorneys Clifford Chance US LLP ("Clifford Chance"), for its complaint against Defendant James W. Giddens, Trustee for the SIPA liquidation of Lehman Brothers Inc. ("Trustee"), states as follows:

WA418870.4

## NATURE OF THE ACTION

1. By this action, SEB asks this court to correct what was a simple mistake, but one which has had considerable financial repercussions for SEB. Subsequent to the commencement by the Securities Investor Protection Corporation ("SIPC") of a liquidation proceeding against Lehman Brothers Inc. ("LBI") on September 19, 2008 (the "SIPA Proceeding"), a total of $5,433,059.30 of funds belonging to an SEB customer (the "Payment Amount") was inadvertently wired to LBI due to a simple clerical mistake. LBI was never the intended recipient of the Payment Amount that was mistakenly transferred to it and never had any interest in the contract between SEB and its customer. The Payment Amount never constituted property of the estate. Despite numerous requests and the submission of a formal Customer Claim Form as part of the SIPA Proceeding claims process to have the Payment Amount returned to SEB, it has yet to be returned. Separately, SEB has paid the Payment Amount to the party, its customer, to whom the Payment Amount should have been directed. The Trustee should promptly direct the return of the Payment Amount and conclude this matter.

## THE PARTIES

2. Plaintiff SEB Enskilda, Inc., is a Delaware corporation, with its principal place of business at 245 Park Avenue, 42nd Floor, New York, N.Y. 10167-0002. SEB is a broker-dealer registered with the Securities and Exchange Commission ("SEC"), and a member of the Financial Industry Regulatory Authority ("FINRA").

3. On information and belief, pursuant to an Order Commencing Liquidation entered in the United States District Court for the Southern District of New York, the Defendant was appointed Trustee of LBI in the SIPA Proceeding. The Trustee has a business address of Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, N.Y. 10004-1482.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and §1334.

5.   This is a core proceeding under 28 U.S.C. § 157(b)(2)

6.   Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

7.   This Complaint has been brought in accordance with Rule 65 of the Federal Rules of Civil Procedure and Rule 7001 of the Federal Rules of Bankruptcy Procedure made applicable pursuant to 15 U.S.C. §78fff(b).

## FACTS

8.   On September 22, 2008, Neuberger Berman ("NB"), SEB's customer, notified SEB that it had changed its custodian from LBI to Ridge Clearing & Outsourcing Services ("Ridge"). Both LBI and Ridge clear cash payments through JP Morgan Chase Bank N.V. ("JPM").

9.   SEB did not update its system immediately to reflect this change in instructions, resulting in JPM making a total of sixteen (16) separate payments that should have been directed to NB's account at Ridge instead of to NB's former account at LBI:

| Internal Ref. | Trade Date | Pay Date | Side | Quantity | Net Amt. USD | Security | Short Code |
|---|---|---|---|---|---|---|---|
| T09328001A | 9/30/2008 | 10/7/2008 | B | 3,000 | 60,173.57 | SEADRILL Ltd | NEUBEROTC |
| T09328002A | 9/30/2008 | 10/7/2008 | B | 95,600 | 1,870,542.96 | SEADRILL Ltd | NEUBEROTC |
| T09328003A | 9/30/2008 | 10/7/2008 | B | 12,700 | 246,555.36 | SEADRILL Ltd | NEUBEROTC |
| T09425424A | 10/2/2008 | 10/7/2008 | B | 3,200 | 56,890.68 | SEADRILL Ltd | NEUBEROTC |
| T09425425A | 10/2/2008 | 10/7/2008 | B | 10,000 | 190,427.22 | SEADRILL Ltd | NEUBEROTC |
| T09545205A | 10/6/2008 | 10/14/2008 | B | 34,650 | 471,165.71 | SEADRILL Ltd | NEUBEROTC |
| T09545210A | 10/6/2008 | 10/14/2008 | B | 13,000 | 198,845.70 | SEADRILL Ltd | NEUBEROTC |
| T09600042A | 10/7/2008 | 10/10/2008 | B | 600 | 8,557.62 | SEADRILL Ltd | NEUBEROTC |
| T09600268A | 10/7/2008 | 10/14/2008 | B | 25,500 | 363,698.93 | SEADRILL Ltd | NEUBEROTC |
| T09690080A | 10/8/2008 | 10/14/2008 | B | 10,200 | 130,190.40 | SEADRILL Ltd | NEUBEROTC |
| T09690089A | 10/8/2008 | 10/14/2008 | B | 5,000 | 60,430.33 | SEADRILL Ltd | NEUBEROTC |
| T09690090A | 10/8/2008 | 10/14/2008 | B | 8,500 | 101,146.13 | SEADRILL Ltd | NEUBEROTC |
| T09690091A | 10/8/2008 | 10/14/2008 | B | 7,400 | 88,053.67 | SEADRILL Ltd | NEUBEROTC |
| T09749153A | 10/9/2008 | 10/14/2008 | B | 14,000 | 187,977.34 | SEADRILL Ltd | NEUBEROTC |
| T09749166A | 10/9/2008 | 10/14/2008 | B | 3,950 | 53,036.50 | SEADRILL Ltd | NEUBEROTC |
| T09821602A | 10/10/2008 | 10/14/2008 | B | 114,000 | 1,345,367.18 | TUI AG | NEUBEROTC |

10. The value of the payments mistakenly transferred to NB's former account at LBI, which should have been sent to NB's account at Ridge, totaled $5,433,059.30. The Payment Amount was wired to and upon information and belief is located in the following account at LBI:

> JPMORGAN CHASE BANK, N.A. - CHASUS33
> ABA 021000021
> A/C: 8900379677
> Beneficiary Institution -
> LEHMAN BROTHERS, SLHIUS3X
> FFC: INTL SETTLEMENTS
> A/C: 011-00043-14
> FFC NEUBERGER

11. On its own initiative, and for the benefit of its customer, on October 31, 2008, SEB separately wired $5,433,059.30, representing the amount mistakenly sent to LBI, to NB's account at Ridge, thereby shifting the impact and the risk of non-payment of funds from its customer, NB, to itself.

12. On November 10, 2008, August Carfano, SEB's Chief Compliance Officer, communicated with counsel to the SIPC Trustee, Hughes Hubbard Reed LLP ("Trustee Counsel"), regarding SEB's request for the return of the Payment Amount mistakenly sent to LBI. A copy of such correspondence is attached hereto as Exhibit A. The e-mail included supporting detail regarding the sixteen (16) misdirected fund transfers, and documentation of NB's change of custodian from LBI to Ridge, related SWIFT wires, and an e-mail to NB regarding the misdirected funds.

13. On November 14, 2008, Mr. Carfano forwarded additional documents (copies of which are attached hereto collectively as Exhibit B) to Trustee's Counsel supporting SEB's request to have the Payment Amount returned.

14. By letter to Trustee's Counsel dated December 18, 2008, SEB's counsel, Clifford Chance, detailed the facts that supported SEB's claim and demanded the immediate return of the

Payment Amount. Clifford Chance also relayed that it understood that former LBI clients with similar claims to misdirected funds had succeeded in having funds returned. A copy of the Clifford Chance December 18, 2008 letter is attached hereto as Exhibit C.

15. On January 27, 2008, SEB submitted its Customer Claim Form in connection with the SIPA Proceeding. In that Customer Claim Form, SEB again described the misdirected Payment Amount, provided supporting documentation and requested the immediate return of the Payment Amount being held in error by LBI. A copy of the Customer Claim Form that was submitted, together with all attachments thereto, are attached hereto as Exhibit D.

16. In addition to the written correspondence detailed above, SEB and Clifford Chance have had numerous conversations with Trustee's Counsel and SIPC representatives, all in an effort to cure this straight forward mistake.

17. Despite SEB's best efforts, as of the date of this complaint, the Trustee has refused to direct a return of the Payment Amount, and has not provided a specific basis for such refusal.

18. SEB is aware of no contractual or other relationship with LBI that could give rise to a debt in any amount owing from SEB to LBI, or that would provide a basis for LBI claiming rightful ownership of the Payment Amount.

## COUNT I
## UNJUST ENRICHMENT

19. SEB repeats and realleges the allegations in paragraphs 1 through 18 above as if fully set forth herein.

20. LBI had and has no legal or equitable right, title or interest in the Payment Amount that it received by way of the incorrect transfers.

21. LBI received the Payment Amount via the incorrect transfers which were the result of an inadvertent administrative mistake that was easily corrected.

22. LBI has not relied to its detriment on the Payment Amount.

23. In equity and good conscience, the Trustee should direct the return of the Payment Amount to SEB, plus applicable interest and costs.

## COUNT II
## MONEY HAD AND RECEIVED

24. SEB repeats and realleges the allegations in paragraphs 1 through 18 above as if fully set forth herein.

25. LBI had and has no legal or equitable right, title or interest in the Payment Amount that it received by way of the incorrect transfers.

26. LBI received the Payment Amount via the incorrect transfers which were the result of an inadvertent administrative mistake that was easily corrected.

27. LBI has not relied to its detriment on the incorrect transfer.

28. In equity and good conscience, the Trustee should direct the return of the Payment Amount to SEB, plus applicable interest and costs.

## COUNT III
## CONSTRUCTIVE TRUST (IN THE ALTERNATIVE)

29. SEB repeats and realleges the allegations in paragraphs 1 through 18 above as if fully set forth herein.

30. LBI does not own the Payment Amount, or any related proceeds currently in the possession of, or at any time in the future in the possession of the Trustee, and instead holds such in trust for SEB.

31. The Trustee has violated his fiduciary duties to SEB by refusing to comply with SEB's repeated demands to direct the return of the Payment Amount, and any related proceeds

currently in the possession of, or at any time in the future in the possession of the Trustee, to SEB and by improperly retaining the Payment Amount and any related proceeds currently in the possession of, or at any time in the future in the possession of the Trustee.

32. As a consequence of the Trustee's actions, the Court should impose a constructive trust in favor of SEB on the Payment Amount, and any related proceeds currently in the possession of, or at any time in the future in the possession of the Trustee.

WHEREFORE, SEB respectfully requests that this Court enter judgment against the Trustee as follows:

(1) On the First Cause of Action, directing the Trustee to promptly return to SEB the Payment Amount received by LBI via the incorrect transfer, plus interest and costs to the full extent allowable by law.

(2) On the Second Cause of Action, directing the Trustee to promptly return to SEB the Payment Amount received by LBI via the incorrect transfer, plus interest and costs to the full extent allowable by law.

(3) On the Third Cause of Action, directing the Court to impose a constructive trust on the Payment Amount for the benefit of SEB.

(4) Granting SEB such other further relief as my be just and proper.

WA418870.4

Dated: New York, NY
February 9, 2009

**CLIFFORD CHANCE US LLP**

By: /s/   David A. Sullivan

Jennifer C. DeMarco, Esq. (JD-9284)
Jennifer.DeMarco@cliffordchance.com
David A. Sullivan, Esq. (DS-8967)
David.Sullivan@cliffordchance.com
31 W. 52nd Street
New York, N.Y. 10019-6131
Tel.: (212) 878-8000
Fax: (202) 878-8375

Steven F. Gatti, Esq.
Steven.Gatti@cliffordchance.com
2001 K Street NW
Washington, D.C. 20006
Tel.: (202) 912-5000
Fax: (202) 912-6000

Attorneys for SEB Enskilda, Inc.