WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

POLSINELLI SHALTON FLANIGAN SUELTHAUS PC
7 Penn Plaza, Suite 600
New York, New York 10001
(212) 684-0199
Fax: (212) 684-0197
Daniel J. Flanigan
David D. Ferguson

PENN PROEFRIEDT SCHWARZFELD & SCHWARTZ
114 West 47th Street - 19th Floor
New York, New York 10036
Tel: (212) 354-7700
Fax: (212) 997-5070
Neal Schwarzfeld

Attorneys for Abraham Kamber & Company LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.:**
: 
**LEHMAN BROTHERS HOLDINGS, INC.,** *et al.*, : **08-13555 (JMP)**
: 
Debtors. : **(Jointly Administered)**
: 
: 
------------------------------------------------------------------------x

**STIPULATION AND ORDER GRANTING**
**ABRAHAM KAMBER & COMPANY LLC RELIEF FROM THE AUTOMATIC STAY**

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), and Abraham Kamber & Company LLC ("Kamber") stipulate as follows:

NY2:\1930194\13\15DC$13!.DOC\58399.0003

RECITALS:

A.  Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  In 2006, Gettinger Associates, LP ("Gettinger") commenced an action (the "Lawsuit") against Kamber before the Supreme Court of the State of New York, New York County (the "Court"), challenging certain notices of default ("Default Notices") issued by Kamber in connection with Gettinger's tenancy of a 45-story office building located at 1407 Broadway in New York under a sub-lease between Gettinger and Kamber (the "Sub-Lease"). The term "Court" shall include the Supreme Court of the State of New York, New York County or such other state or federal court as may from time to time have jurisdiction over the Lawsuit. The Lawsuit is captioned *1407 Broadway Real Estate LLC and Gettinger Associates, LP v. Abraham Kamber & Company, LLC* (Index No. 111166/2006). Kamber has asserted counterclaims in the Lawsuit.

C.  In 2007, Gettinger assigned its interest in the Sub-Lease to 1407 Broadway Real Estate, LLC ("1407 LLC"). LBHI financed 1407 LLC's acquisition pursuant to a series of agreements with LBHI, dated January 4, 2007, including: (a) a Loan Agreement, (b) a

Promissory Note, (c) a Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Financing Statement, and (d) a Net Profits Agreement, pursuant to which LBHI acquired, among other things, a security interest in the Sub-Lease and a right to share in the profits, if any, that 1407 LLC may receive from the sale or refinancing of its interest in the Sub-Lease.

D.  After Gettinger assigned its interest in the Sub-Lease to 1407 LLC, Kamber served additional Default Notices on Gettinger and 1407 LLC, and 1407 LLC was joined as a plaintiff in the Lawsuit. LBHI is not a party to the Lawsuit. The Lawsuit also now includes certain contract and tort claims that were asserted by 1407 LLC against Kamber in a separate lawsuit (also in which LBHI was not a party) that has been consolidated with the Lawsuit. Kamber also asserted counterclaims in the separate action, which are also now consolidated in the Lawsuit.

E.  On November 5, 2008, Kamber filed a motion in these chapter 11 cases requesting an order from the Bankruptcy Court declaring that the automatic stay imposed by section 362 of the Bankruptcy Code (the "<u>Automatic Stay</u>") does not apply to the Lawsuit, or in the alternative, to the extent that the Automatic Stay does apply, requesting relief from the Automatic Stay to continue the Lawsuit.

F.  On November 12, 2008, the Court issued an oral ruling that (i) the Court had concurrent jurisdiction with the Bankruptcy Court to determine the applicability of the Automatic Stay to the Lawsuit and (ii) the Automatic Stay did not apply to enjoin continued prosecution of the Lawsuit. Subsequently, the Court entered the order annexed hereto as **<u>Exhibit A</u>**.

G.  While Kamber does not admit, and continues to deny, that the Automatic Stay applies to any of the actions described in this Stipulation and Order, the Debtors and Kamber have agreed that the Automatic Stay should be lifted as provided herein:

NOW, THEREFORE, it is hereby stipulated, agreed, and ordered that:

1.  The Recitals form an integral part of this Stipulation and Order and are incorporated fully here.

2.  To the extent that the Automatic Stay applies at all to any of the actions listed below, upon entry of this Stipulation and Order by the Court, the Automatic Stay is lifted with respect to the following actions:

    a.  Pursuit of all rights and remedies of Kamber and 1407 LLC in the Lawsuit including, without limitation, litigation of all claims and defenses asserted in the Lawsuit and the conduct of discovery relating to the Lawsuit.

    b.  Entry of judgments and orders by the Court determining the rights of the parties to the Lawsuit including, without limitation, entry of a judgment or order providing for any or all of the following: (i) a declaration that the Sub-Lease is in default and a determination that Kamber is allowed to cancel or terminate the Sub-Lease, (ii) a determination that the Sub-Lease was assigned by Gettinger in violation of the terms of the Sub-Lease, (iii) a determination that the assignment by Gettinger was invalid and void, and (iv) a determination that 1407 LLC does not hold any interest in the Sub-Lease.

    c.  Enforcement by Kamber of any judgment or order issued by the Court in the Lawsuit including, without limitation, cancellation or termination of the Sub-Lease.

        d.        Actions by Kamber to enforce its rights under the Sub-Lease against any person or entity, other than the Debtors, except as provided for herein, including, without limitation, the issuance of additional notices relating to the Sub-Lease and the termination of subtenant's rights under the Sub-Lease.

        3.        The agreement by the Debtors to lift the Automatic Stay as set forth herein shall not be deemed an agreement by the Debtors to provide assistance to, or to cooperate with, the parties to the Lawsuit in any way in any effort to prosecute the Lawsuit.

        4.        This Stipulation and Order can only be amended or otherwise modified by a signed writing executed by the parties hereto.

        5.        This Stipulation and Order does not resolve whether the Automatic Stay is applicable to any of the actions described in paragraph 2. Kamber's right to assert that the Automatic Stay is inapplicable to such actions is reserved, and this Stipulation and Order shall be without prejudice to Kamber's right to assert that the Automatic Stay is inapplicable to such actions.

        6.        Each person who executes this Stipulation and Order represents that he or she is duly authorized to execute this Stipulation and Order on behalf of the respective parties hereto and that each such party has full knowledge and has consented to this Stipulation and Order.

        7.        This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copy, copies or facsimiles signed by the parties hereto to be charged.

8. This Stipulation and Order and the terms and conditions contained herein, are subject to the approval of the Bankruptcy Court and shall be of no force or effect unless and until approved by the Bankruptcy Court.

9. The relief from the Automatic Stay granted by this Order shall take effect immediately upon entry of this Order and shall not be stayed by operation of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

Dated: January 14, 2009
      New York, New York

| WEIL, GOTSHAL & MANGES LLP | POLSINELLI SHALTON FLANIGAN SUELTHAUS PC |
|---|---|
| /s/ Shai Y. Waisman | /s/ David D. Ferguson |
| Shai Y. Waisman | Daniel J. Flanigan |
| 767 Fifth Avenue | David D. Ferguson |
| New York, New York 10153 | 7 Penn Plaza, Suite 600 |
| Telephone: (212) 310-8000 | New York, NY 10001 |
| Facsimile: (212) 310-8007 | Telephone: (212) 684-0199 |
|  | Facsimile: (212) 684-0197 |
| Attorneys for the Debtors and Debtors in Possession | Attorneys for Abraham Kamber & Company LLC |

SO ORDERED, this
10th day of February, 2009

/s/ James M. Peck
HONORABLE JAMES PECK
UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

NY2:\1930194\13\15DC$13!.DOC\58399.0003

**Exhibit A**