WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Alfredo R. Perez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                  :

| | | |
|---|---|---|
| **In re** | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

------------------------------------------------------------------x

**DECLARATION OF ALFREDO R. PEREZ IN SUPPORT OF ORDER
TO SHOW CAUSE SCHEDULING A HEARING TO CONSIDER LBHI'S
MOTION, PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULES 9019 AND 6004, FOR AUTHORIZATION
TO INCREASE THE CAPITAL LEVEL OF LEHMAN BROTHERS BANK, FSB
THROUGH (I) THE SETTLEMENT OF PENDING DISPUTES AND (II) A
<u>DIRECT CAPITAL CONTRIBUTION OF UP TO $15 MILLION</u>**

        ALFREDO R. PEREZ, being duly sworn, hereby declares pursuant to section 1746 of title 28 of the United States Code:

        1.        I am an attorney admitted to practice before this Court and a member of Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "<u>Debtors</u>" and, collectively with their non-Debtor affiliates, "<u>Lehman</u>").

2.  I am submitting this declaration in support of the Order to Show Cause being contemporaneously submitted to schedule an expedited hearing (the "Hearing") on shortened notice with respect to LBHI's motion (the "Motion"), pursuant to sections 105(a) and 363 of title 11 of the United States Code and Rules 9019 and 6004 of the Federal Rules of Bankruptcy Procedure, for authorization to increase the capital level of Lehman Brothers Bank, FSB ("FSB" or the "Bank") through (i) entry into a settlement agreement (the "Settlement Agreement") with the Bank and the Bank's wholly owned subsidiary, Aurora Loan Services, LLC ("Aurora"), pursuant to which LBHI will convey to and confirm Aurora's ownership of certain rights and funds, and (ii) a cash capital contribution to the Bank of up to $15 million (the "Cash Contribution," and, together with the Settlement Agreement, the "Capital Contribution"), all as more fully described in the Motion.

3.  The Debtors respectfully submit that expedited consideration of the Motion is warranted for the following reasons:

   i. As explained in greater detail in the Motion, the Bank is an indirect wholly owned non-debtor subsidiary of LBHI. The Bank is subject to the regulatory authority of the OTS and FDIC[1] (collectively, the "Regulators"). Pursuant to governing regulations, the Bank is required to maintain adequate levels of capital. The Regulators monitor the Bank's capital through Thrift Financial Reports (the "TFRs") filed with the OTS on a quarterly basis.

   ii. LBHI believes that the Bank is a valuable asset of its estate. As reported on the Bank's September 30, 2008 TFR, the value of LBHI's equity interest in the Bank was $1 billion and the Bank was within compliance of its

---

[1] Capitalized terms that used but not defined here have the meanings ascribed to them in the Motion.

    minimum capital requirements. Due primarily to the effect of fair value accounting methodology on the reported value of the Bank's loan portfolio, however, the Bank's December 31, 2008 TFR reflects a material decrease in the Bank's capital level. As a result, on February 4, 2009, the OTS issued a Prompt Corrective Action directive (the "PCA") requiring the Bank to submit a capital restoration plan demonstrating how the Bank will achieve adequate capital levels required under the applicable regulations by February 28, 2009 and thereafter maintain those levels.

 iii. Unless the Bank complies with the PCA, the Bank faces an imminent risk of the most serious of regulatory actions – the appointment of a receiver. If a receiver is appointed, the Bank's assets likely will be seized and subjected to a fire sale liquidation, and any opportunity to realize the value that could be derived for the benefit of LBHI and its creditors will be permanently lost. In addition, there is a risk that Woodlands Commercial Bank could also be seized pursuant to a statutory cross-liability provision.[2] Specifically, pursuant to 12 U.S.C. § 1815(e)(1)(A), if FSB is seized and liquidated, the FDIC may seek to recover the deficiencies that it covers on behalf of FSB from Woodlands. As a result, Woodlands' capital level would in all likelihood be rendered inadequate under the applicable regulations, thereby causing it to face the risk of an immediate receivership. Thus, to preserve the opportunity to realize the fair value of both FSB and Woodlands, LBHI has filed the Motion to make the Capital Contribution to enable FSB to comply with the PCA.

 iv. Under Bankruptcy Rule 2002(a), motions to use property of the estate outside the ordinary course require twenty-days' notice. Due to the risks associated with the cross-liability statute, the Debtors request that the Motion be heard on February 17, 2009 contemporaneously with the Woodlands Motion. LBHI cannot make a capital

---

[2] Woodlands Commercial Bank ("Woodlands") is an affiliate of FSB, both of which are wholly owned by Lehman Brothers Bancorp Inc., which is a wholly owned subsidiary of LBHI. On February 6, 2009, LBHI filed its Motion to Fund a Capital Contribution to Woodlands Commercial Bank (the "Woodlands Motion"). The hearing on the Woodlands Motion been set for February 17, 2009 at 10:00 a.m.

contribution to Woodlands unless LBHI can be certain that it will not have to bear the risk that FSB could be subsequently seized and liquidated and any deficiencies that are covered by the Regulators with respect to FSB may be imposed on Woodlands. In that circumstance, not only would there be a risk of losing the value of Woodlands, but LBHI would also risk losing any capital contribution that it may make to Woodlands. Thus, LBHI must have authority to be able to globally resolve the current circumstances of both FSB and Woodlands prior to February 20, 2009, the deadline by which Woodlands must increase its capital level to comply with the FDIC's Cease and Desist Order.

4.   Accordingly, LBHI requests that the Court enter the Order to Show Cause and schedule the Hearing to consider the Motion on February 17, 2009 at 10:00 a.m. (Prevailing Eastern Time). For these same reasons, the Debtors also request, pursuant to Local Bankruptcy Rule 9014-2, that the Court order that the Hearing may be an evidentiary hearing. The Debtors propose that the Court set an objection deadline for February 13, 2009 at 5:00 p.m. (Prevailing Eastern Time).

Dated:   February 11, 2009
         New York, New York

                                                          /s/ Alfredo R. Pérez
                                                          Alfredo R. Pérez