UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re                                                           :    Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                :
                    Debtors.                            :    (Jointly Administered)
                                                                :
                                                                :
------------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER
### RESOLVING MOTION OF GREEN TREE SERVICING LLC

This stipulation, agreement, and order ("Stipulation, Agreement and Order") is entered into by and between Green Tree Servicing LLC ("Green Tree") and Lehman Brothers Holdings Inc. ("LBHI" and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors").

### RECITALS

A.      On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with the United States Bankruptcy Court for the Southern District of New York (the "Court") voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.      On October 24, 2008, Green Tree filed a motion (the "Motion") requesting an order directing LBHI to assume a certain Flow Subservicing Agreement entered into between

Green Tree and LBHI (collectively, the "Parties") on October 19, 2007 (as amended, the "Agreement"), and granting Green Tree adequate protection in connection with its continued postpetition performance under the Agreement in the interim.

        C.      Pursuant to the Agreement, Green Tree services a portfolio of mortgage loans (the "Loans") owned by LBHI. Green Tree creates and maintains a custodial account to hold and remit to LBHI funds collected pursuant to the Loans, including principal and interest payments from the underlying mortgagors associated with each Loan, cash received in connection with the liquidation of a defaulted Loan, proceeds from insurance policies insuring the Loans or the related mortgaged property, and awards or settlements in respect of a mortgaged property (to the extent not required to be released to a mortgagor in accordance with the terms of the related Loan documents).

        D.      Pursuant to a Stipulation, Agreement and Order entered on November 19, 2008 [Docket 1668], the Parties agreed to adjourn the hearing to consider the Motion in an effort to consensually resolve the matters raised by the Motion.

        E.      The Parties agree it is in their best interests to enter into this Stipulation, Agreement, and Order upon the terms and conditions herein.

**NOW, THEREFORE**, **IT IS HEREBY STIPULATED AND AGREED** by and between the Parties, through their respective undersigned counsel, and subject to Court approval that:

        1.      This Stipulation, Agreement and Order shall not become effective unless and until it is entered by the Court (the "Effective Date").

        2.      Upon the Effective Date, the Motion shall be deemed resolved as set forth herein.

3.   In full and final satisfaction of all amounts necessary to cure any and all defaults under the Agreement required to be satisfied pursuant to section 365(b) of the Bankruptcy Code, LBHI shall pay Green Tree $56,575.70 (the "Cure Amount") within five (5) business days of the Effective Date.

4.   Upon payment of the Cure Amount, the Agreement shall be deemed assumed by LBHI as of the Effective Date pursuant to section 365(a) of the Bankruptcy Code.

5.   This Stipulation, Agreement and Order contains the entire agreement between the Parties and supersedes all prior agreements and undertakings between the Parties relating to the subject matter hereof.

6.   This Stipulation, Agreement and Order can be altered, amended or otherwise modified only by a signed writing executed by the Parties.

7.   Each person who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she is duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

8.   This Stipulation, Agreement and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, or facsimiles signed by the Parties here to be charged.

9.   If this Stipulation, Agreement and Order is not approved by the Court in LBHI's chapter 11 case, it shall be deemed null and void and shall not be referred to or used for any purpose by either of the Parties or any other party in LBHI's chapter 11 case.  In that event,

the Motion shall be reinstated and scheduled for a hearing on the next available hearing date which is not less than ten (10) days from the date of the Court's denial of this Stipulation, Agreement and Order, with any opposition to the Motion to be filed and served not less than five (5) days prior to the hearing.

10. This Stipulation, Agreement and Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed pursuant to Bankruptcy Rule 6006.

11. The Court shall retain jurisdiction (and the Parties consent to such retention of jurisdiction) to resolve any disputes or controversies arising from or related to this Stipulation, Agreement and Order.

Dated: February 5, 2009
      New York, New York

| WEIL, GOTSHAL & MANGES LLP | WILKIE FARR & GALLAGHER LLP |
|---|---|
| /s/ Shai Y. Waisman | /s/ Terence K. McLaughlin |
| Shai Y. Waisman | Marc R. Abrams |
| | Terence K. McLaughlin |
| 767 Fifth Avenue | |
| New York, New York 10153 | 787 Seventh Avenue |
| Telephone: (212) 310-8000 | New York, New York 10019 |
| Facsimile: (212) 310-8007 | Telephone: (212) 728-8000 |
| | Facsimile: (212) 728-8111 |
| Attorneys for the Debtors and | |
| Debtors in Possession | Attorneys for Green Tree Servicing LLC |

**SO ORDERED** this 11th day of February, 2009

/s/ James M. Peck

HONORABLE JAMES PECK
UNITED STATES BANKRUPTCY JUDGE