**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                          :
**In re**                                                 :        **Chapter 11 Case No.**
                                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*              :        **08-13555 (JMP)**
                                                          :
                         **Debtors.**                     :        **(Jointly Administered)**
                                                          :
                                                          :
-------------------------------------------------------------------x

### STIPULATION AND ORDER BETWEEN THE EXAMINER AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS RELATING TO CHAPTER 11 CASES AND PROCEEDINGS

This Stipulation (the "Stipulation"), effective as of January 28, 2009 (the "Effective Date"), is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients (the "Parties"):  (a) Anton R. Valukas, Esq., in his capacity as Examiner (as defined below) appointed in the Chapter 11 Cases (as defined below) of Lehman Brothers Holdings Inc. and its affiliates that are debtors and debtors-in-possession (the "Debtors") in the Chapter 11 Cases, and (b) the Official Committee of Unsecured Creditors of the Debtors appointed in the Chapter 11 Cases (the "Committee").

WHEREAS, commencing on September 15, 2008, and periodically thereafter ("Commencement Date"), the Debtors commenced voluntary cases ("Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").  The Debtors' are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on January 16, 2009, the Bankruptcy Court entered an Order Directing the Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code (the

"Examiner Order").  The Examiner Order, inter alia, ordered (i) the United States Trustee for the Southern District of New York (the "U.S. Trustee") to appoint an examiner (the "Examiner") and (ii) the Examiner to conduct an investigation into certain specified matters and to perform the duties set forth in sections 1106(a)(3) and (4) of the Bankruptcy Code (collectively, and as may be amended and/or supplemented by a Bankruptcy Court order, the "Examiner Investigation");

WHEREAS, on January 19, 2009, pursuant to the Examiner Order, the U.S. Trustee appointed Anton R. Valukas as Examiner.  The Bankruptcy Court approved the appointment by Order, dated January 20, 2009; and

WHEREAS, the Parties wish to cooperate and coordinate with each other in an effort to (i) assist with the Examiner Investigation, and (ii) minimize the time and cost to the Debtors' estates.  Therefore, the Parties have entered into this Stipulation and agree to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1.    Documents and/or information that the Examiner may request from the Committee may be subject to a privilege or other protection from discovery, including the attorney-client privilege, the work-product doctrine or any other privilege, right or immunity that the Committee may be entitled to claim or invoke (collectively, the "Shared Information").  This Stipulation does not create any obligation or duty on behalf of the Committee to provide any Shared Information and the provision of such Shared Information is voluntary.  Except as expressly provided herein, the Examiner may use the Shared Information in connection with the Examiner Investigation.

2.    By entering into this Stipulation or by any action or conduct pursuant to this Stipulation, including, but not limited to, the Committee's provision of Shared Information to the

Examiner, neither the Parties, nor their respective professionals, intend to, or shall, waive, in whole or part, the attorney-client privilege, the work-product doctrine or any other privilege, right or immunity it may be entitled to claim or invoke with respect to any Shared Information or otherwise.

3.      The Examiner shall hold all Shared Information in strict confidence.  The Examiner agrees that he will not provide or discuss any Shared Information with any other person or entity (including governmental units) except as required by applicable law, regulation, or legal process, and only after compliance with the terms of this Stipulation, provided, however, that Shared Information may be provided to (a) accountants, attorneys, experts, consultants, staff, and agents of the Examiner (it being understood that such parties shall be required to treat Shared Information as provided in this Stipulation), and (b) any person or entity authorized by the Committee in writing to receive Shared Information.  Nothing in this Stipulation shall prohibit the Examiner or his professionals from using or disclosing in any manner any non-privileged, non-documentary factual information contained within the Shared Information provided that it does not reflect legal analysis or attorney work product, and the Examiner and his professionals need not comply with the procedures in paragraphs 5 or 6 hereof concerning such non-privileged, non-documentary factual information.

4.      Except as otherwise provided herein, in the event that the Examiner receives a request or is required (whether by law, oral questions, government action, interrogatories, requests for information or documents, subpoena, civil investigative demand or similar process) to provide or produce any Shared Information, the Examiner shall provide notice to counsel to the Committee within three (3) business days of receipt of any such request and the Committee shall, in turn, indicate in writing to the Examiner whether they have an objection to such production or provision of any Shared Information within five (5) business days.  The Examiner shall not produce or

provide any Shared Information until the Committee's objection to the production or provision of any Shared Information, if any, is finally resolved by the Bankruptcy Court pursuant to paragraph 5 of this Stipulation.  If no timely objection is asserted by the Committee, the Examiner may, in his sole discretion, produce or provide the Shared Information in accordance with the request.  This Stipulation shall not affect the rights of any third party to object, on grounds unrelated to dissemination of such information from or to the Examiner, to the Committee's or Examiner's assertion that any Shared Information may be subject to a privilege or otherwise protected from discovery.  No determination made by the Court pursuant to this Stipulation that any Shared Information is subject to a privilege or otherwise protected from discovery shall be binding on any third party unless such party had an opportunity to be heard in connection with such determination. Nothing contained in this Stipulation shall modify the limitations on discovery contained in the applicable Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure or other applicable procedural rules, including, but not limited to, relevancy requirements.

5.    If the Examiner desires to share Shared Information with any persons or entities (including governmental units) not authorized to receive Shared Information pursuant to this Stipulation (whether through any oral or written report by the Examiner, witness interview, deposition, or examination under Federal Rule of Bankruptcy Procedure 2004), the Examiner must either (i) obtain the advanced, written consent of the Committee or its counsel, or (ii) file an application with the Bankruptcy Court, in camera, to request authorization to produce, share or otherwise provide any of the Shared Information with a party not covered by this Stipulation.  The Committee shall have ten (10) business days to either consent to the disclosure of Shared Information or oppose the Examiner's application.

6.      If the Examiner wishes to disclose Shared Information that he contends is available publicly, available through discovery (except for privileged information or Shared Information otherwise immune from discovery), including Federal Rule of Bankruptcy Procedure 2004, or that has been disclosed publicly, but not in violation of this Stipulation (collectively, "Public Information"), the Examiner will provide written notice to the Committee that (i) identifies the Shared Information the Examiner contends is Public Information, and (ii) describes how the Shared Information is Public Information.  If the Committee objects to the Examiner's contention that such Shared Information is Public Information, the Committee shall have ten (10) business days to seek relief from the Bankruptcy Court.  The Examiner shall not disclose the Shared Information that he contends is Public Information with any persons or entities (including governmental units) until the Bankruptcy Court resolves the Committee's objection.

7.      The disclosure by the Examiner of any Shared Information, whether by consent of the Committee, by Bankruptcy Court order, or by the Examiner in violation of this Stipulation shall not affect the privileged protection of such disclosed Shared Information with respect to any person or entity and shall not affect the privileged protection of any other Shared Information.

8.      Any violation of the terms of this Stipulation by the Examiner shall constitute sufficient cause for the Committee to immediately cease providing the Examiner any Shared Information and demand the return of all Shared Information within five (5) business days. Furthermore, any third-party who has received Shared Information from the Examiner other than in compliance with this Stipulation, whether inadvertent or not, shall, upon learning that any documents or materials are Shared Information, immediately return all Shared Information to the

Committee no later than two (2) calendar days from receipt of a request for the return of the Shared Information by the Committee or the Examiner.

9.      To the extent that the Examiner, in his discretion, chooses to share information with the Committee that may be subject to a privilege or other protection from discovery, including the attorney-client privilege, the work-product doctrine or any other privilege, right or immunity that the Examiner may be entitled to claim or invoke (collectively, the "Examiner Shared Information"), such disclosure shall not result in a waiver of any privilege, right or immunity that may otherwise apply to such Examiner Shared Information in the absence of such disclosure to the same extent as Shared Information remains protected pursuant to the terms hereof. This Stipulation does not create any obligation or duty on behalf of the Examiner to provide any Examiner Shared Information and the provision of such Examiner Shared Information is voluntary. The Committee agrees to abide by the same non-disclosure and confidentiality obligations agreed to by the Examiner with respect to any Examiner Shared Information.

10.      This Stipulation shall not impact the public availability of any report filed by the Examiner with respect to the Examiner Investigation; provided, however, that the Committee reserves its rights to object to, or otherwise seek to prevent, the inclusion of any privileged, confidential or work product information that may be included, referred to or discussed in the report.

11.      Nothing in this Stipulation is intended to expand or limit the rights, responsibilities, and powers of the Committee and/or the Examiner.

12.      This Stipulation constitutes the entire agreement and understanding among the Parties hereto with respect to the subject matter hereof and memorializes any prior oral understanding among the Parties or their counsel regarding the Shared Information and applies to

all communications and other exchanges of information (whether written or oral) among the Parties or their counsel related to the Shared Information prior to the execution of this Stipulation.

13.    This Stipulation shall be effective and binding on the Parties and their successors and assigns as of the Effective Date.

14.    The Parties represent and warrant to each other that the signatories to this Stipulation have full power and authority to enter into this Stipulation.

15.    This Stipulation may not be changed, modified, or amended except in a writing signed by the Parties and/or their counsel.

16.    The parties agree that any dispute regarding this Stipulation shall be subject to the exclusive jurisdiction and venue of the Bankruptcy Court.  The Parties expressly acknowledge and agree that no adequate remedy is available at law for breach of this Stipulation and that, in addition to any other remedies available, performance of this Stipulation may be specifically ordered or a breach hereof may be enjoined, or both.

17.    Each Party to this Stipulation acknowledges that this Stipulation was drafted jointly by the Parties hereto, that each Party has consulted with such Party's own attorneys and fully understands the terms hereof, and that each Party has received legal advice from such Party's own attorneys regarding the advisability of entering into this Stipulation and is voluntarily executing the Stipulation.  This Stipulation is not intended to, and shall not, create rights in any person or entity not a Party hereto.  Other Parties may be added to this Stipulation only with the prior unanimous written consent of all Parties hereto.

18.    This Stipulation shall be governed by the laws of New York without regards to conflicts of law principles.  If any provision of this Stipulation is determined by a court of

competent jurisdiction to be invalid or enforceable, the remainder of this Stipulation shall nonetheless remain in full force and effect.

19.    Any notice required or contemplated by this Stipulation shall be in writing and shall be deemed delivered if sent by hand, overnight delivery service, facsimile or electronic transmission to the addresses set forth on the signature page below.  Each Party may change the address for notice by providing notice to the other Party as set forth above.

20.    This Stipulation may be executed in any number of counterparts and shall constitute one agreement, binding upon the Parties hereto as if the Parties signed the same document; all facsimile signatures shall be treated as originals for all purposes.

**[Signature Page Follows]**

**IN WITNESS WHEREOF,** the Parties have each caused this Stipulation to be executed and delivered effective as of the first date written above.

**ANTON R. VALUKAS, AS EXAMINER**


**BY:**   /s/ Patrick J. Trostle
      Patrick J. Trostle

**JENNER & BLOCK LLP**
919 Third Avenue
37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

Proposed Attorneys for the Examiner

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE DEBTORS**


**BY:**   /s/ James C. Tecce           **BY:**   /s/ Thomas Arena
      Susheel Kirpalani                Thomas Arena
      James C. Teece

**QUINN EMANUEL URQUHART**      **MILBANK TWEED HADLEY MCCLOY LLP**
**OLIVER & HEDGES, LLP**           One Chase Manhattan Plaza
51 Madison Avenue                New York, New York   10005-1413
22nd Floor                      Telephone: (212) 530-5000
New York, New York 10010         Facsimile: (212) 530-5219
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Attorneys for the Committee        Attorneys for the Committee


**SO ORDERED** this 11th day of February 2009**:**


*/s/ James M. Peck*
HONORABLE JAMES M. PECK
United States Bankruptcy Judge