**Hearing Date and Time:  February 17, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  February 13, 2009 at 5:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Alfredo R. Perez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :        08-13555 (JMP)
                                          :
                        Debtors.          :        (Jointly Administered)
                                          :
                                          :
-------------------------------------------------------------------x
```

**NOTICE OF <u>SUPPLEMENT</u> TO LBHI'S MOTION, PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE, FOR AUTHORIZATION TO FUND A CAPITAL CONTRIBUTION TO WOODLANDS COMMERCIAL BANK**

PLEASE TAKE NOTICE that, on February 6, 2009, Lehman Brothers

Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11

cases (together, the "<u>Debtors</u>") filed a Motion, Pursuant to Sections 105(a) and 363 of the

Bankruptcy Code for Authorization to Fund a Capital Contribution to Woodlands

Commercial Bank (the "<u>Motion</u>").

PLEASE TAKE FURTHER NOTICE that, on February 12, 2009, the

Debtors filed the annexed supplement (the "<u>Supplement</u>") to the Motion requesting

certain additional authority on behalf of Lehman Commercial Paper Inc., all as more fully

described in the Supplement.

NY2:\1966644\07\165H007!.DOC\58399.0003

PLEASE TAKE FURTHER NOTICE that the hearing on the Motion (as supplemented) will be held on **February 17, 2009 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing") before the Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, Room 601, New York, New York 10004, and such Hearing may be further adjourned from time to time without further notice other than an announcement at the Hearing.

PLEASE TAKE FURTHER NOTICE that objections and responses, if any, to the Motion (as supplemented) must be in writing, shall conform to the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format, and shall be served in accordance with General Order M-242, upon (i) the Chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Harvey R. Miller, Esq., Alfredo R. Perez, Esq., Lori R. Fife, Esq., and Shai Y. Waisman, Esq.), attorneys for the Debtors; (iii) the U.S. Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin Esq., and Tracy Hope Davis, Esq.); (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, (Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan

Fleck, Esq.), attorneys for the Creditors' Committee; and (v) any person or entity entitled to

receive notice of the Motion in these cases, so as to be so filed and received no later than

**February 13, 2009 at 5:00 p.m. (Prevailing Eastern Time).**

Dated: February 12, 2009
       New York, New York

                                        /s/ Alfredo R. Perez
                                        Alfredo R. Perez

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

Hearing Date and Time:  February 17, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  February 13, 2009 at 5:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Alfredo R. Perez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                          :
**In re**                                 :        **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :     **08-13555 (JMP)**
                                          :
                  **Debtors.**            :        **(Jointly Administered)**
                                          :
                                          :
-------------------------------------------------------------------x

### SUPPLEMENT TO LBHI'S MOTION, PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE, FOR AUTHORIZATION TO FUND A CAPITAL CONTRIBUTION TO WOODLANDS COMMERCIAL BANK

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (together, the

"Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this

Supplement and respectfully represent:

### Background

1.      On February 6, 2009, LBHI filed its *Motion, Pursuant to Sections*

*105(a) and 363 of the Bankruptcy Code, to Fund a Capital Contribution to Woodlands*

*Commercial Bank* (the "Motion").[1]  As explained in greater detail in the Motion, the

Bank's capital level is currently inadequate to continue normal operations under the

applicable regulations.  As a result, on February 4, 2009, the Bank consented to the

issuance of a Cease and Desist Order by the FDIC.  The Cease and Desist Order requires

(i) that the Bank obtain and maintain sufficient capital to become "adequately

capitalized" under applicable regulations, (ii) that the Bank submit a capital plan to the

Regulators by no later than February 19, 2009 demonstrating how the Bank will maintain

compliance with regulations and (iii) that LBHI provide assurances acceptable to the

FDIC of the Bank's performance of such plan.

2.        Unless the Bank complies with the Cease and Desist Order, the

Bank's management and LBHI believe the Regulators will take enforcement action

against the Bank, which action will likely result in the appointment of a receiver to

conduct a prompt liquidation of the Bank's assets.  In the current marketplace, the

resulting "fire sale" of the Bank's assets will yield little, if any, of the value of such assets

that LBHI believes could otherwise be recovered.  Thus, by funding the Capital

Contribution, LBHI seeks to avoid the appointment of a receiver to preserve the

opportunity to realize the value of the Bank's assets for the benefit of its creditors.

### Supplemental Relief Requested

3.        As explained in the Motion, in addition to the Capital Contribution,

LBHI contemplated that the Bank would improve its capital level through the mutual

termination of existing participations in unfunded loan commitments between the Bank

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

and other subsidiaries of LBHI, including participation agreements with Lehman

Commercial Paper Inc. ("LCPI"), a chapter 11 debtor.[2]  *See* Motion ¶¶ 23, 29.

Subsequent to the filing of the Motion, LCPI and the Bank agreed in principle upon a

protocol pursuant to which LCPI, as "lender of record," would agree to the Bank's

termination of certain participation agreements involving unfunded or partially unfunded

revolving loan and other loan commitments (the "Unfunded Participations") in exchange

for payment by the Bank of a termination fee to LCPI equal to 1% of the notional amount

of each terminated Unfunded Participation.  The termination of the Unfunded

Participations remains subject to negotiations of definitive documentation and the

approval of the transaction by the Regulators.[3]

4.    By this supplement, LCPI seeks authorization, but not direction,

pursuant to section 363(b)(1) of the Bankruptcy Code, to terminate, in its sole discretion

and substantially on the terms described above, the Bank's commitments under the

Unfunded Participations.  LCPI's decision to terminate the Bank's participation in the

Unfunded Participations represents a sound exercise of LCPI's business judgment and

should be approved.  By agreeing to termination of the Unfunded Participations in

exchange for the termination fees, LCPI obtains a sure benefit in the form of the

termination fees.  As the "lender of record" for  the loans to which the Unfunded

Participations relate, LCPI bears responsibility to the borrowers.  Normally, under its

---

[2] Currently, LCPI has 20 fully unfunded loan commitments in which the Bank is a participant aggregating approximately $586,200,000 in notional amount.  In addition, the Bank is a participant on 36 partially funded loans by LCPI with a total unfunded notional amount of $442,000,000.

[3] The Bank expects to submit promptly an application for the necessary approvals and anticipates expeditious consideration of the application.

participation agreements with the Bank, LCPI would be entitled to benefit from having

the Bank fund a portion of the loans that LCPI would otherwise be required to make.

However, currently, LCPI may not be in a position to fund a loan when called upon by a

borrower to do so and, consequently, LCPI may not be entitled to require the Bank to

fund its portion of the loan.  In addition, apart from this consideration, because of the

risks surrounding inadequacy of the Bank's capital level, LCPI is at risk that the Bank

would not fund pursuant to the Unfunded Participations.  Indeed, if a receiver for the

Bank were appointed, LCPI would likely recover nothing from the Bank under the

Unfunded Participations.  Accordingly, continuing the participations is of substantially

uncertain benefit to LCPI.  Thus, the proposed action would be of definite benefit to

LCPI increasing its total pool of assets in the amount of the termination fees, which may

increase recoveries to LCPI's creditors.

     5.     Attached hereto as Exhibit A is a revised proposed order and

granting the relief requested in the Motion as supplemented herein and a blackline

reflecting the changes from the order submitted with the Motion.

### Notice

     6.     The Debtors have served notice of this Supplement in accordance

with the procedures set forth in the order entered on September 22, 2008 governing case

management and administrative procedures for these cases [Docket No. 285] on (i) the

U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and

Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney

for the Southern District of New York; and (vi) all parties who have requested notice in

these chapter 11 cases.  LBHI submits that no other or further notice need be provided.

7.      No previous request for the relief sought herein has been made by

LBHI to this or any other court.

WHEREFORE the Debtors respectfully request that the Court

grant the relief requested herein and such other and further relief as it deems just and

proper.

Dated:  February 12, 2009
        New York, New York

                                            /s/ Alfredo R. Perez
                                            Alfredo R. Perez

                                            WEIL, GOTSHAL & MANGES LLP
                                            767 Fifth Avenue
                                            New York, New York 10153
                                            Telephone: (212) 310-8000
                                            Facsimile: (212) 310-8007

                                            Attorneys for Debtors
                                            and Debtors in Possession

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                  :
In re                                             :        **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :        **08-13555 (JMP)**
                                                  :
                               Debtors.           :        **(Jointly Administered)**
                                                  :
                                                  :
-------------------------------------------------------------------x

**ORDER GRANTING LBHI'S MOTION, AS SUPPLEMENTED,
PURSUANT TO SECTIONS 105(a) AND 363 OF THE
BANKRUPTCY CODE, FOR AUTHORIZATION TO FUND A
CAPITAL CONTRIBUTION TO WOODLANDS COMMERCIAL BANK**

Upon the motion, dated February 6, 2009, of Lehman Brothers Holdings

Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors-in-possession (collectively, the "Debtors" and, together with their

non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 363 of title 11 of the

United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to fund capital

contributions to Woodlands Commercial Bank (the "Bank") of up to $272 million in

exchange for the purchase of a first right of recovery on the Bank's claim against Lehman

Brothers Inc. or other parties related to certain municipal securities (the "Capital

Contribution"); and upon the supplement, dated February 12, 2009, for authorization of

Lehman Commercial Paper Inc. ("LCPI") to terminate, in its sole discretion, certain

unfunded loan participation agreements (the "Unfunded Participations") of the Bank (said

supplement and motion, collectively, the "Motion"), all as more fully described in the

NY2:\1966644\07\165H007!.DOC\58399.0003

Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration

of the Motion and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided in accordance

with the procedures set forth in the order entered September 22, 2008 governing case

management and administrative procedures [Docket No. 285] to (i) the United States

Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv)

the Internal Revenue Service; (v) the United States Attorney for the Southern District of

New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it

appearing that no other or further notice need be provided; and a hearing having been

held to consider the relief requested in the Motion; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their

estates and creditors, and all parties in interest, and that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the

Bankruptcy Code, LBHI is authorized, but not required, to fund the Capital Contribution;

and it is further

ORDERED that LCPI is authorized, but not required, to terminate the

Unfunded Participations on the terms proposed in the Motion; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(g) are waived

and this Order shall be effective immediately upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed

good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to the implementation and/or interpretation of this

Order.

Dated:  February __, 2009
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
                                     :

In re                            :          Chapter 11 Case No.
                                       :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :          08-13555 (JMP)
                                     :

                 Debtors.       :          (Jointly Administered)
                                       :
                                       :

---------------------------------------------------------------------x

### ORDER GRANTING LBHI'S MOTION, AS SUPPLEMENTED, PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE, FOR AUTHORIZATION TO FUND A CAPITAL CONTRIBUTION TO WOODLANDS COMMERCIAL BANK

Upon the motion, dated February ―, 2009 (the "Motion"), 6, 2009, of

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the

"Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections

105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule

6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for

authorization to fund capital contributions to Woodlands Commercial Bank (the "Bank")

of up to $272 million in exchange for the purchase of a first right of recovery on the

Bank's claim against Lehman Brothers Inc. or other parties related to certain municipal

securities (the "Capital Contribution"); and upon the supplement, dated February 12,

2009, for authorization of Lehman Commercial Paper Inc. ("LCPI") to terminate, in its

sole discretion, certain unfunded loan participation agreements (the "Unfunded

Participations") of the Bank (said supplement and motion, collectively, the "Motion"), all

as more fully described in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334

and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of

New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting

C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

been provided in accordance with the procedures set forth in the order entered September

22, 2008 governing case management and administrative procedures [Docket No. 285] to

(i) the United States Trustee for the Southern District of New York; (ii) the attorneys for

the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the

Southern District of New York; and (vi) all parties who have requested notice in these

chapter 11 cases, and it appearing that no other or further notice need be provided; and a

hearing having been held to consider the relief requested in the Motion; and the Court

having found and determined that the relief sought in the Motion is in the best interests of

~~LBHI, its estate~~the Debtors, their estates and creditors, and all parties in interest, and that

the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the

Bankruptcy Code, LBHI is authorized, but not required, to fund the Capital Contribution;

and it is further

ORDERED that LCPI is authorized, but not required, to terminate the

Unfunded Participations on the terms proposed in the Motion; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(g) are waived

and this Order shall be effective immediately upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed

good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to the implementation and/or interpretation of this

Order.

Dated:  February __, 2009
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE