**Proposed Hearing Date: February 25, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Proposed Objection Deadline: February 20, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

*Attorneys for the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x
                                                                        :
In re                                                                   :        Chapter 11
                                                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,                                  :        Case No. 08-13555 (JMP)
                                                                        :
                        Debtors.                                        :        (Jointly Administered)
-----------------------------------------------------------------------x

**NOTICE OF HEARING ON APPLICATION OF THE EXAMINER FOR ORDER**
**AUTHORIZING THE RETENTION AND EMPLOYMENT OF DUFF & PHELPS, LLC**
**AS HIS FINANCIAL ADVISORS *NUNC PRO TUNC* AS OF FEBRUARY 6, 2009**

        PLEASE TAKE NOTICE that a Hearing on the attached Application of the Examiner for

Order Authorizing the Retention and Employment of Duff & Phelps, LLC as His Financial

Advisors *Nunc Pro Tunc* as of February 6, 2009 (the "Application"), all as more fully described

in the Application, will be held on **February 25, 2009 at 10:00 a.m. (Prevailing Eastern**

**Time)**, or as soon thereafter as counsel may be heard.

        PLEASE TAKE FURTHER NOTICE that the Hearing will be held before the Honorable

James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court,

Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New

York 10004 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Application shall be

in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set

forth the name of the objecting party, the basis for the objection and the specific grounds thereof,

shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242

(which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's

case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), Microsoft Word, or any other Windows-based word processing format

(with two hard copies delivered directly to Chambers), and shall be served upon: (i) the

chambers of the Honorable James M. Peck ("Chambers"), One Bowling Green, New York, New

York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York,

New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq.,

and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New

York 10004, Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and

Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New

York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck,

Esq., attorneys for the official committee of unsecured creditors appointed in these cases;

(v) Cleary Gottlieb LLP, One Liberty Plaza, New York, NY 10006, Attn: Lindsee P. Granfield,

Esq. and Lisa Schweiger, Esq., and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY

10004, Attn: Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq., attorneys for the Debtors'

postpetition lenders; (vi) Jenner & Block LLP, 919 Third Avenue, 37th Floor, New York, New

York 10022-3908, Attn:  Patrick J. Trostle, proposed attorneys for the Examiner; and (vii) any

person or entity with a particularized interest in the subject matter of the Application; so as to be

received no later than **February 20, 2009, at 4:00 p.m. (Prevailing Eastern Time)** (the

"Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Application is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the

Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: February 13, 2009
New York, New York

Respectfully submitted,


By: */s/ Patrick J. Trostle*
    Patrick J. Trostle

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

*Attorneys for the Examiner*

**Proposed Hearing Date: February 25, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Proposed Objection Deadline: February 20, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

*Attorneys for the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                              :
In re                                                         :          Chapter 11
                                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,                        :          Case No. 08-13555 (JMP)
                                                              :
                              Debtors.                        :          (Jointly Administered)
------------------------------------------------------------------------x

**APPLICATION OF THE EXAMINER FOR ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF DUFF & PHELPS, LLC**
**AS HIS FINANCIAL ADVISORS *NUNC PRO TUNC* AS OF FEBRUARY 6, 2009**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Anton R. Valukas, the Examiner (the "Examiner") appointed for Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors (together with LBHI, collectively, the

"Debtors") in the above-captioned bankruptcy cases (the "Chapter 11 Cases") by the United

States Trustee for Region 2 (the "United States Trustee"), such appointment having been

approved by the Court by Order entered January 20, 2009, pursuant to the Court's Order

Directing Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code, entered January 16, 2009 (the "Examiner Order"), hereby applies to the Court (the "Application") for an order, substantially in the form attached hereto as Exhibit A, pursuant to 11 U.S.C. §§ 105(a) and 327 and the authority of the Examiner Order, authorizing the retention and employment of Duff & Phelps, LLC ("D&P"), *nunc pro tunc*, as of February 6, 2009, as his financial advisors in the Chapter 11 Cases.  In support of this Application, the Examiner relies upon the Declaration of Allen M. Pfeiffer (the "Pfeiffer Declaration") attached hereto as Exhibit B and incorporated herein by reference, and respectfully represents as follows:

### Jurisdiction, Venue and Statutory Predicates

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory and other predicates for the relief requested herein are sections 105(a) and 327 of Chapter 11, Title 11, United States Code, as amended (the "Bankruptcy Code") and the Examiner Order, which provides, in relevant part, that "[t]he Examiner may retain attorneys and any professional persons, if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under the standards equivalent to those set forth in 11 U.S.C. § 327."  Examiner Order at ¶ 6.  Accordingly, the relief requested herein is in accordance with the standards set forth in section 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

## **Background**

2.      On September 15, 16, and 23, 2008, October 3 and 5, 2008, and January 7 and 9,

2009, one or more of the Debtors[1] filed voluntary petitions for reorganization under Chapter 11

of the Bankruptcy Code.  The Debtors have continued to operate their businesses and manage

their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.      On January 16, 2009, the Court entered the Examiner Order directing the

appointment of an Examiner pursuant to 11 U.S.C. §§ 1104(c)(1) and (c)(2) to investigate, *inter*

*alia*, various transfers and transactions by the Debtors and their affiliates, claims that certain

Debtors may have against LBHI, and the events that immediately preceded the commencement

of the LBHI chapter 11 case (collectively, the "Investigation").  Examiner Order at ¶ 2.  The

Examiner Order also directs the Examiner to "perform the duties specified in sections 1106(a)(3)

and (4) of the Bankruptcy Code, except to the extent the Court orders otherwise."  Id. at ¶ 3.

4.      On January 19, 2009, the United States Trustee appointed Anton R. Valukas as

Examiner in the Chapter 11 Cases, subject to Court approval, and filed her Notice of such

appointment.  [Docket # 2570].  On January 20, 2009, the United States Trustee filed her

application for an Order of this Court approving the appointment of Anton R. Valukas as

Examiner in the Chapter 11 Cases.  [Docket # 2571].  On January 20, 2009, this Court entered an

order approving the appointment by the United States Trustee of Anton R. Valukas as Examiner

---

[1] In addition to LBHI, the following entities are debtors in the Chapter 11 Cases:  LB 745 LLC; PAMI
Statler Arms LLC; Lehman Brothers Commodity Services Inc.; Lehman Brothers Finance SA; Lehman
Brothers Special Financing Inc.; Lehman Brothers OTC Derivatives Inc.; Lehman Brothers Derivative
Products Inc.; Lehman Commercial Paper Inc.; Lehman Brothers Commercial Corporation; Lehman
Brothers Financial Products Inc.; Fundo de Investimento Multimercado Credito Privado Navigator
Investimento No Exterior; Lehman Scottish Finance L.P.; CES Aviation LLC; CES Aviation V LLC;
CES Aviation IX LLC; East Dover Limited; Luxembourg Residential Properties Loan Finance S.a.r.l.;
and BNC Mortgage LLC.

in the Chapter 11 Cases [Docket # 2583], and on February 11, 2009, this Court entered an order

approving the Examiner's retention of Jenner & Block as his counsel. [Docket # 2803].

**Relief Requested**

5.       By this Application, the Examiner requests entry of an order, pursuant to sections

105(a) and 327 of the Bankruptcy Code and the Examiner Order, and in accordance with

Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1, authorizing and approving the

retention and employment of D&P as the Examiner's financial advisors, *nunc pro tunc*, as of

February 6, 2009,[2] to perform financial advisory services that are necessary for the Examiner to

discharge his duties. The Examiner requests that D&P be retained to perform the services

described in this Application on the terms set forth herein and in the Engagement Letter, a copy

of which is attached hereto as Exhibit C and which is incorporated herein by reference.

**Retention of Duff & Phelps**

6.       The Examiner seeks the appointment of D&P to provide financial advisory

services for him in connection with carrying out his duties and responsibilities under the

Bankruptcy Code, consistent with section 1106 of the Bankruptcy Code and other provisions of

the Bankruptcy Code and in accordance with the terms and conditions set forth in the Examiner

Order.   The Examiner has selected D&P to serve as his financial advisors in the Chapter 11

Cases because D&P has professionals worldwide with extensive experience and expertise in

complex accounting and bankruptcy investigations that will be required for the Examiner to

conduct a thorough, yet expedient and efficient, investigation.  Moreover, D&P has committed to

---

[2] The Examiner seeks to retain D&P, *nunc pro tunc*, as of February 6, 2009, because that is the date of the engagement letter (the "Engagement Letter") between the Examiner and D&P wherein the Examiner agreed to retain D&P as his financial advisors, subject to Court approval.  That date is also the date on which the Examiner submitted to the Court and parties in interest a proposed preliminary work plan in which the Examiner disclosed that he had decided upon the retention of D&P as his independent financial advisor.

avoid duplication of the efforts of other financial advisors retained in the Chapter 11 Cases and

to leverage, where appropriate, any of their existing work.

7.    D&P is a leading provider of independent financial advisory, forensic accounting,

and investment banking services, assisting clients principally in the areas of complex financial

restructurings, valuation, transactions, disputes, accounting, and electronic discovery.  More

specifically, D&P is one of the leading independent providers of valuation services for financial

reporting, tax compliance, and transaction opinions and has dedicated professionals with relevant

industry (e.g., financial services and financial engineering) and functional (e.g., retrospective

solvency, forensic accounting, due diligence, and restructuring) expertise.  In addition, D&P

acquired Chanin Capital Partners ("Chanin") in 2006, a distinguished leader in advising

companies, creditors, and stakeholders in financially distressed situations.  Chanin has served as

a financial advisor for clients in some of the largest chapter 11 cases ever filed, including

Adelphia, Calpine, Comdisco, Delphi, Dura, Global Crossing, NII Holdings, Owens Corning,

and PG&E.

8.    D&P has been involved in many of the most complex accounting and bankruptcy

investigations and disputes conducted within recent years and, leveraging off D&P's separate

and distinct areas of expertise, can provide deep and insightful analysis of the broad scope of

issues required by the Investigation.  The professionals at D&P who will lead the services

provided to the Examiner have decades of experience in conducting the analyses required for the

Examiner to fulfill his duties set forth in the Examiner Order.  More specifically, the

professionals at D&P who will lead the services provided to the Examiner include:  D&P's

Global Leader of the Financial Services Industry, who has worked with and supported many

global entities in designing, structuring, valuing and accounting for almost all aspects of a

8

financial services business; D&P's Global Leader of Dispute Consulting - Complex Valuation

and Bankruptcy Litigation, who has consulted on many retrospective solvency analyses related

to billions of dollars of alleged fraudulent transfers and preferences; a leader of D&P's financial

engineering practice who is responsible for the firm's service capabilities regarding structured

credit and has substantial experience in helping ABS, CDO, MBS, CMS and proprietary traders

in their trading, structuring, hedging, and risk management activities; a Managing Director who

was the Chief Risk Officer at large financial institutions; a Managing Director who has been

appointed the forensic accountant for various bankruptcy litigations and has been named one of

the "Top 100 Most Influential People in the Accounting Profession" by Accounting Today; and

the Co-Chair of D&P's Global Electronic Discovery & Investigations practice group, who is a

nationally recognized expert in conducting investigations.  D&P's proposed team of financial

advisors will also include Chanin professionals with experience from the aforementioned cases,

as well as other cases.

9.      In addition, within the firm's 25 offices around the world, D&P has more than

1,200 employees with financial and technical expertise that the Examiner can call upon as

needed.

10.     Accordingly, the Examiner believes that D&P is well-qualified to serve as his

financial advisor in these cases in a cost-effective, efficient, and timely manner.

### Services to be Provided

11.     The Examiner anticipates that in connection with these Chapter 11 Cases and in

support of the Investigation, D&P will provide the following services to the Examiner, among

others:

a.      investigate, collect, and analyze documents, data, and information,
        including but not limited to accounting records and other financial

9

information, related to the scope of the Investigation set forth in the
Examiner Order;

b.      perform any financial and accounting analyses as needed and directed by
the Examiner;

c.      take all necessary actions to assist and advise the Examiner in the
discharge of his duties and responsibilities under the Examiner Order and
the Bankruptcy Code; and

d.      assist in preparing the Examiner's report.

12.      D&P intends to work closely with the other professionals retained by the

Examiner, the Debtors' representatives and professionals, the Official Committee of Unsecured

Creditors (the "Creditors' Committee") and its representatives and professionals, the SIPA

Trustee and his representatives and professionals, the Joint Administrators and their

representatives and professionals, and the United States Trustee to ensure that there is no

unnecessary duplication of services performed or charged to the Debtors' estates and to ensure a

streamlined process in connection with the Investigation.

### Duff & Phelps's Disinterestedness

13.      In connection with this Application and in order to ascertain D&P's

"connections," as that term is used in Bankruptcy Rule 2014, with the Debtors, the Debtors'

creditors, and other parties-in-interest in the Chapter 11 Cases, D&P used a set of procedures

developed by D&P to ensure full compliance with the requirements of the Bankruptcy Code, the

Bankruptcy Rules, and any Local Rules of the Court regarding the retention of professionals

under the Bankruptcy Code (the "Disclosure Procedures").  Pursuant to the Disclosure

Procedures, D&P performed the following actions to identify the parties relevant to this

Application and to ascertain D&P's connection to such parties:

a.      Using various sources, including publicly available information and the
listings of entities identified and described in materials filed in support of
the applications of the Debtors and the Creditors' Committee to retain

10

counsel, D&P compiled a list of persons and entities relevant to this Application (the "Identified Parties").[3]  The list of Identified Parties is attached as Exhibit 1 to the Pfeiffer Declaration and includes:

i.      the Debtors, their significant nondebtor affiliates, and former affiliates;

ii.     the Debtors' and affiliates' current and former (up to three years) directors and officers;

iii.    significant (i.e., greater than five percent) equity holders of the Debtors as of the commencement dates of the Chapter 11 Cases;

iv.     the underwriters of the Debtors' securities for all securities issued or outstanding on the commencement dates of the Chapter 11 Cases or during the three years prior to the commencement dates;

v.      accountants employed or retained by the Debtors during the two-year period prior to the commencement dates of the Chapter 11 Cases;

vi.     professionals employed by the Debtors;

vii.    Barclays Capital, Inc.;

viii.   members of the Ad Hoc or Unofficial Creditors' Committees;

ix.     current and former members of the Creditors' Committee;

x.      professionals retained by significant creditor groups;

xi.     the Debtors' secured creditors;

xii.    the Debtors' bank lenders;

xiii.   the Debtors' 50 largest bond holders;

xiv.    the Debtors' 100 largest unsecured creditors other than bondholders;

xv.     the Debtors' 100 largest holders of trade debt;

---

[3] D&P has not obtained the consolidated list of creditors and equity security holders of the Debtors.  Upon receipt of such list and as appropriate in connection with D&P's representation of the Examiner, D&P will conduct a further search to determine whether D&P has any additional connections with the persons and entities identified thereon, and will, to the extent applicable, file and serve supplemental disclosures as to any such additional connections.

xvi.     significant lessors and lessees of the Debtors;

xvii.    the Debtors' utilities;

xviii.   parties to litigation involving the Debtors;

xix.     major competitors of the Debtors;

xx.      the affiliations of the Debtors' outside directors;

xxi.     certain government and state regulatory agencies; and

xxii.    other potential parties-in-interest.[4]

b.    D&P then entered the names of the Identified Parties into a computer database containing the names of all clients and conflict information concerning such clients of D&P.  Through the information generated from this computer inquiry, and through follow-up inquiries with D&P professionals, it was determined that D&P had not performed services for any party adverse to the Debtors or the Debtors' estates with respect to matters for which D&P is to be retained, except as identified in Pfeiffer Declaration.

c.    In addition, D&P sent a general inquiry by electronic mail to all its professionals to: (i) verify that such individuals were not performing services and have not performed services for the Debtors; (ii) determine whether any such individuals hold any securities of or claims against the Debtors; (iii) determine whether any such individuals had any other relationships with any of the Debtors since September 2006; and (iv) determine whether any such individuals are related to any Bankruptcy Judge for the Southern District of New York, the United States Trustee (Region 2), or any person employed by the United States Trustee (Region 2).

14.    Based on the Pfeiffer Declaration, and except as set forth therein, the Examiner

respectfully submits that D&P and its professionals do not have any connections with any of the

Identified Parties, the United States Trustee (Region 2), or the United States Bankruptcy Judge

assigned to these Chapter 11 Cases; and, do not have any interest materially adverse to the

interests of the estates of any of the Debtors, or of any class of creditors or equity security

---

[4] The identification and classification herein of various entities or individuals as falling within certain categories (e.g., "secured creditors") is not intended and should not be deemed to be an admission of the legal rights or status of any particular individual or entity.

holders of any of the Debtors, by reason of any direct or indirect relationship to, connection with,
or interest in, any of the Debtors, or for any other reason.  Accordingly, the Examiner
respectfully submits that D&P is a "disinterested person," as that term is defined in section
101(14) of the Bankruptcy Code.

15.    D&P will conduct an ongoing review of its files to ensure that no disqualifying
circumstances arise, and if any new relevant facts or relationships are discovered, D&P will
supplement its disclosures to the Court.

### Professional Compensation

16.    D&P intends to apply to the Court for allowances of compensation and
reimbursement of expenses for professional services rendered in connection with the Chapter 11
Cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy
Rules, the Local Rules, the "United States Trustee Guidelines for Reviewing Applications for
Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330" (the "United States
Trustee Fee Guidelines"), and all orders of this Court governing professional services performed
and expenses incurred.  To that end, D&P has agreed to submit applications for interim and/or
final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and
the rules and orders of this Court.  All of D&P's fees and expenses will be subject to Bankruptcy
Court approval.

17.    D&P proposes to charge the Examiner for its financial advisory services on an
hourly basis.  D&P's standard hourly rates for work of this nature, which are based upon the
professionals' level of experience, range from $805 to $920 for Managing Directors, $720 to
$865 for Directors, $580 to $695 for Vice Presidents, $435 to $525 for Senior Associates, $305

to $365 for Analysts, $195 for Research Analysts, and $120 for Administrative Personnel.[5]
However, because of the significant public interest associated with the services to be provided to
the Examiner, D&P has agreed to reduce its standard hourly rates by 10% for the services to be
provided to the Examiner in the Chapter 11 Cases.   If additional D&P professionals outside the
United States are required for D&P to perform its services, the hourly rates for such non-U.S.
D&P professionals will be the standard hourly rates in effect for such non-U.S. D&P
professionals, less a 10% discount.  The Examiner respectfully submits that D&P's rates are
reasonable and comparable to the rates other firms charge for similar services.  Moreover, D&P
will use every effort to staff the engagement in a cost-effective manner and will maintain
detailed, contemporaneous records of time and any actual and necessary expenses incurred in
connection with the rendering of the services described above by category and nature of the
services rendered.

18.    D&P will request, subject to the Court's approval, reimbursement for necessary
and reasonable actual out-of-pocket expenses incurred by D&P on the Examiner's behalf, such
as photocopying services, printing, delivery charges, filing fees, postage, travel expenses, and
other disbursements, as set forth in the Pfeiffer Declaration and the Engagement Letter.  All
requests for reimbursement of expenses will be consistent with the United States Trustee Fee
Guidelines and the requirements established by this Court.

19.    D&P also requests, subject to the Court's approval, indemnification, which is set
forth in the Engagement Letter between D&P and the Examiner as follows:  D&P and its

---

[5] The standard hourly rates are subject to periodic adjustment to reflect economic and other conditions
and are consistent with the rates charged elsewhere.  Pursuant to its ordinary practices, D&P generally
revises its rates on March 1 of each year.  With respect to any increase in its rates effective March 1,
2009, D&P represents that its increases will not exceed six percent (6%) over the current effective
standard rates.

14

affiliates, and their respective past, present and future directors, officers, shareholders, employees, agents and controlling persons, shall be indemnified and held harmless by the Debtors to the fullest extent of the law, from and against any and all losses, claims, damages or liabilities (or actions in respect thereof), joint or several, arising out of or related to D&P's engagement, any actions taken or omitted to be taken by an indemnified party in connection with D&P's provision of services to the Examiner, or any transaction or proposed transaction contemplated thereby.  In addition, indemnified parties shall be reimbursed for any legal or other expenses reasonably incurred by them in respect thereof at the time such expenses are incurred; provided, however, the Debtors shall have no liability under the foregoing indemnity and reimbursement agreement for any loss, claim, damage or liability which is finally judicially determined to have resulted primarily from the willful misconduct, gross negligence, bad faith or self-dealing of any indemnified party.  The Examiner respectfully submits that the aforementioned indemnity is consistent with indemnities permitted for other financial advisors in these Chapter 11 Cases.

20.    Based upon the foregoing, the Examiner respectfully represents that the employment of D&P is necessary and in the best interests of the estates, enabling the Examiner to carry out his fiduciary duties under the Bankruptcy Code and the Examiner Order. Accordingly, the Examiner respectfully submits that the relief requested in this Application is appropriate and should be granted by this Court.

### Memorandum of Law

21.    Because there are no novel issues of law presented herein, the Examiner respectfully requests that the Court waive the requirement for a separate memorandum of law in support of this Application pursuant to Local Rule 9013-1, but the Examiner reserves the right to file a brief in reply to any objection to this Application.

15

**<u>Notice</u>**

22.     No trustee has been appointed in these Chapter 11 Cases.  The Examiner has

served notice of this Application in accordance with the procedures set forth in the order entered

on September 22, 2008 governing case management and administrative procedures for these

cases [Docket No. 285] on (i) the Court; (ii) counsel for the Debtors; (iii) the U.S. Trustee;

(iv) counsel for the Creditors' Committee; (v) counsel for the Debtors' postpetition lenders;

(vi) the Securities and Exchange Commission; (vii) the Internal Revenue Service; (viii) the

United States Attorney for the Southern District of New York; and (ix) all parties who have

requested notice in these Chapter 11 Cases.  In light of the nature of the relief requested, the

Examiner submits that no other or further notice need be provided.

23.     No previous request for the relief sought herein has been made by the Examiner to

this or any other court.

[Remainder of this page intentionally left blank]

WHEREFORE the Examiner respectfully requests that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated: February 13, 2009
      New York, New York

                                Respectfully submitted,


                                By: */s/ Patrick J. Trostle*
                                    Patrick J. Trostle

                                JENNER & BLOCK LLP
                                919 Third Avenue, 37th Floor
                                New York, New York 10022-3908
                                Telephone:  (212) 891-1600
                                Facsimile:  (212) 891-1699
                                Patrick J. Trostle

                                330 North Wabash Avenue
                                Chicago, Illinois 60611-7603
                                Telephone:  (312) 222-9350
                                Facsimile:  (312) 527-0484
                                Robert L. Byman (Admitted *Pro Hac Vice*)
                                Daniel R. Murray (Admitted *Pro Hac Vice*)

                                *Attorneys for the Examiner*