IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------- *
                                                   *
IN RE:                                             *    CASE NO. 08-13555
LEHMAN BROTHERS HOLDINGS INC.,                     *    CHAPTER 11
        Debtor.                                    *    JUDGE JAMES M. PECK
-------------------------------------------------- *
```

## CLEVELAND BARRETT'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND DISCHARGE INJUNCTION

COMES NOW Cleveland Barrett (hereinafter referred to as "Mr. Barrett"), by and through undersigned counsel, and hereby moves this Honorable Court for relief from the automatic stay provision found in 11 U.S.C. Sec. 362(a) and from the discharge injunction found in 11 U.S.C. Sec. 524 of the U. S. Bankruptcy Code. In support of this motion, Mr. Barrett shows the following:

1    Mr. Barrett has personal injury claims against Lehman Brothers Holdings, Inc. ("Debtor") as a result of an incident that occurred on or about August 11, 2007 in DeKalb County, Georgia.

2    On or about September 15, 2008, Debtor invoked the automatic stay by filing this bankruptcy action in this Court.

3    Debtor maintained liability insurance with one or more insurers, including but not limited to American International Group, Inc. ("AIG"), and said insurance covers Mr. Barrett's personal injury claims which arose from the incident that occurred on or about August 11, 2007.

4    Section 524(e) of the U. S. Bankrutpcy Code permits a creditor to seek recovery from "any other entity" which may be liable on behalf of the debtor. Therefore, a creditor may still pursue nondebtors, guarantors, sureties, and insurance companies post-bankruptcy to the

extent that these entities are liable for pre-petition claims against a debtor. See <u>Owaski v. Jet Florida Systems, Inc. (In re Jet Florida Systems, Inc.)</u>, 883 F.2d 970 (11th Cir. 1989) (per curiam) (holding that a discharge injunction does not affect the liability of third-party insurers, nor does it prevent a claimant from establishing an insurer's liability on behalf of a discharged debtor).

5     The automatic stay and discharge injunction do not bar suit or continuation of a suit by a tort claimant against a debtor for the sole purpose of recovering insurance proceeds. See <u>Green v. Welsh</u>, 956 S.E.2d 30, 33 (2nd Cir. 1992); <u>Houston v. Edgeworth (In re Edgeworth)</u>, 993 F.2d 51, 54 (5th Cir. 1993); <u>Hawxshurst v. Pettibone Corporation</u>, 40 F.3d 175 (7th Cir. 1994).

6     Mr. Barrett seeks relief from the automatic stay contained in 11 U.S.C. Sec. 362(a) and the discharge injunction contained in 11 U.S.C. Sec. 524 for the following purposes:

    (a)    to initiate and pursue civil litigation for the purpose of liquidating tort damages,

    (b)    to collect against any third party insurers to the extent that insurance exists to satisfy part or all of Mr. Barrett's damages,

    (c)    to proceed and collect against any additional defendants, other than the debtor.

WHEREFORE, Mr. Barrett prays that this Honorable Court GRANT this motion and ORDER that the stay be lifted to permit Mr. Barrett to (a) initiate and pursue civil litigation for the purpose of liquidating tort damages, (b) collect against any third party insurers to the extent that insurance exists to satisfy part or all of Mr. Barrett's damages, and (c) proceed and collect

against any additional defendants, other than the debtor.

Respectfully submitted, this the _13_ day of February, 2009.

_____
S. Judson Waites, II, Esq.
Attorney for Cleveland Barrett
Georgia Bar No. 730406

Law Office of S. Judson Waites, II, P.C.
145 Church Street, Suite 110
Marietta, GA 30060
Ph. (770) 420-6566
Fax (770) 424-1408

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: | CASE NO. 08-13555 |
| LEHMAN BROTHERS HOLDINGS INC., | CHAPTER 11 |
| Debtor. | JUDGE JAMES M. PECK |

## ORDER ON CLEVELAND BARRETT'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND DISCHARGE INJUNCTION

This matter is now before this Court on the motion of Cleveland Barrett (hereinafter referred to as "Mr. Barrett") for relief from the automatic stay provision found in 11 U.S.C. Sec. 362(a) and from the discharge injunction found in 11 U.S.C. Sec. 524 of the U. S. Bankruptcy Code.

It appears that Mr. Barrett has personal injury claims against Lehman Brothers Holdings, Inc. ("Debtor") as a result of an incident that occurred on or about August 11, 2007 in DeKalb County, Georgia. It further appears that the Debtor maintained liability insurance with one or more insurers, including but not limited to American International Group, Inc. ("AIG"), and said insurance covers Mr. Barrett's personal injury claims which arose from the incident that occurred on or about August 11, 2007.

Section 524(e) of the U. S. Bankrutpcy Code permits a creditor to seek recovery from "any other entity" which may be liable on behalf of the debtor. 11 U.S.C. Sec. 524(e).

After careful consideration, it is hereby ORDERED that this motion be GRANTED, that Mr. Barrett be relieved and released in this case from the automatic stay contained in 11 U.S.C. Sec. 362(a) and the discharge injunction contained in 11 U.S.C. Sec. 524, and that the stay be lifted to permit Mr. Barrett to (a) initiate and pursue civil litigation for the purpose of liquidating

tort damages, (b) collect against any third party insurers to the extent that insurance exists to satisfy part or all of Mr. Barrett's damages, and (c) proceed and collect against any additional defendants, other than the debtor.

SO ORDERED, this the ____ day of _____, 2009.

_____
The Honorable James M. Peck
Judge, U. S. Bankruptcy Court, S.D.N.Y.