**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                                          :     Chapter 11 Case No.
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                   :     08-13555 (JMP)
                                                               :
        Debtors.                                       :     (Jointly Administered)
                                                               :
                                                               :
---------------------------------------------------------------x

**AMENDED ORDER PURSUANT TO SECTION 105(a) OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULES 1015(c) AND 9007**
**IMPLEMENTING CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES**

Upon the proposed amended order, dated February 10, 2009 (the "Amended Order")[1], of Lehman Brothers Holdings Inc., as debtor and debtor in possession (the "Debtor" and, together with its current and any future jointly-administered debtor affiliates, the "Debtors"), pursuant to sections 105(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1015(c) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval of certain amended notice, case management, and administrative procedures (the "Amended Procedures"), all as more fully described in the Amended Order and as set forth herein; and the Court having jurisdiction to consider the Amended Order and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Amended Order and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

---

[1] Terms not defined herein shall have the meaning used in the motion, dated September 16, 2008 [Docket No. 46] (the "Motion"), for approval of certain notice, case management, and administrative procedures.

§§ 1408 and 1409; and due and proper notice of the Amended Order having been provided to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having entered the Order Implementing Certain Notice and Case Management Procedures, dated September 22, 2008 [Docket No. 285] (the "Original Case Management Order"); the Court having concluded that there is cause to make certain amendments to the Original Case Management Order; and the Court having found and determined that the relief sought in the Amended Order is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion and Amended Order establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Original Case Management Order is superseded in its entirety by this Order; and it is further

ORDERED that the Debtors shall serve a printed copy of this Order upon all parties on the Master Service List (defined herein) on the date this Order is entered, or as soon thereafter as is practicable, which Order will be posted on the website to be designed by the Notice and Claims Agent in connection with these chapter 11 cases; and it is further

ORDERED that the Amended Procedures set forth herein are approved and shall govern all aspects of these chapter 11 cases, except as otherwise set forth herein or ordered by the Court; and it is further

ORDERED that, to the extent the Amended Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Amended Procedures shall supersede such laws and shall apply to these chapter 11 cases; and it is further

ORDERED that all documents filed in these cases, including but not limited to all notices, motions, applications, other requests for relief, and documents filed in support thereof (collectively, the "Pleadings"), objections or responses to pleadings ("Objections"), and replies to Objections (the "Replies," and together with the Pleadings and the Objections, the "Documents") shall be filed electronically with the Court on the docket of *In re Lehman Brothers Holdings Inc.*, Chapter 11 Case No. 08-13555 (JMP) in accordance with General Order M-242 (available at www.nysb.uscourts.gov/orders/orders2.html) by registered users of the Court's case filing system and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format; and it is further

ORDERED that all Documents shall be served, in the manner described herein, on (i) the chambers of the Honorable James M. Peck ("Chambers"), One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn:  Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.), attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn:  Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis); (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, (Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the official committee of

unsecured creditors appointed in these cases (the "Committee"); (v) the attorneys for any other official committee(s) appointed in these chapter cases; and (vii) any person or entity with a particularized interest in the subject matter of a certain Document (collectively, the "Standard Parties"); and it is further

ORDERED that in addition to the Standard Parties, Pleadings, but no other Document, must be served on all persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 and the Original Case Management Order or the Amended Procedures (the "Rule 2002 List"); and it is further

ORDERED that Documents filed in adversary proceedings do not need to be served on the Rule 2002 List; and it is further

ORDERED that any creditor, equity interest holder, or party in interest that wishes to receive notice in these cases and is not otherwise entitled to notice pursuant to these Amended Procedures shall file a notice of appearance (a "Notice of Appearance") and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b); and it is further

ORDERED that a Notice of Appearance shall include the following information: (i) the party's name and address; (ii) the name of the client, if applicable; (iii) an e-mail address at which the requesting party may be served; (iv) an address by which the requesting party may be served by U.S. mail, hand delivery and overnight delivery; and (v) a facsimile number for the requesting party.  Notwithstanding Bankruptcy Rules 2002 and 9019(b), no request for service filed in these cases shall have any effect unless the foregoing requirements are satisfied; and it is further

ORDERED that any individual or entity filing a Notice of Appearance who does not maintain and cannot practicably obtain an e-mail address must include in its notice of

appearance a certification stating the same. Notice will be provided to these individuals or entities by U.S. mail, overnight delivery, or facsimile, in the Debtors', the Committee's, or Anton R. Valukas', the examiner appointed in the above-captioned chapter 11 cases by order, dated January 20, 2009 [Docket No. 2583] (the "Examiner"), sole discretion; and it is further

ORDERED that the Debtors shall maintain a master service list which shall include the Standard Parties and the Rule 2002 List (the "Master Service List"); and it is further

ORDERED that the Master Service List shall contain addresses and facsimile numbers, and may include e-mail addresses; and it is further

ORDERED that the Debtors shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days; and it is further

ORDERED that the Master Service List and any updates thereto shall be filed electronically on the Court's website (https://ecf.nysb.uscourts.gov/) commencing as of the date that is ten (10) days from the date hereof; and it is further

ORDERED that the Debtors, the Committee, and Examiner, shall serve the Standard Parties by U.S. mail, overnight delivery, hand delivery, or, with the exception of the chambers of the Judge assigned to preside over these cases, facsimile (the choice of the foregoing being in the Debtors' sole discretion); and it is further

ORDERED that the Debtors, the Committee, and the Examiner shall be authorized to serve all Documents to the Rule 2002 List by e-mail; and it is further

ORDERED that any of the Standard Parties may request service by e-mail, and if such request is made, such party shall thereby be served in accordance with the Amended Procedures; and it is further

ORDERED that, pursuant to Local Rule 9070-1, a hard copy of all papers filed with the Court, including those filed electronically, other than proofs of claim, shall be submitted to the U.S. Trustee; and it is further

ORDERED that all Documents served by the Debtors, the Committee, and the Examiner by e-mail shall include access to an attached file containing the entire Document, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, in ".pdf" format, readable by Adobe Acrobat or an equivalent program. Notwithstanding the foregoing, if a Document cannot be annexed to an e-mail (because of its size, technical difficulties, or otherwise), the Debtors, the Committee, and the Examiner may, in their sole discretion (i) serve the entire Document by U.S. Mail or overnight delivery, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials or (ii) e-mail the party being served and include a notation that the Document cannot be annexed and will be (a) mailed if requested or (b) posted on any website maintained in connection with these chapter 11 cases; and it is further

ORDERED that service by e-mail shall be effective as of the date the Document is sent to the e-mail address provided by a party; and it is further

ORDERED that, if service is done by e-mail, the Debtors, the Committee, and the Examiner shall not be required to serve a paper copy of Documents on interested parties by any other method and e-mail service shall satisfy the Court's rules for service; and it is further

ORDERED that if a party entitled to notice of a Pleading does not have an e-mail address or an e-mail address is not available to the Debtors, the Committee, or the Examiner, the party shall be served by U.S. mail, overnight delivery, facsimile, or hand delivery, the choice of

the foregoing being in the Debtors', the Committee's, or the Examiner's sole discretion; and it is further

ORDERED that parties other than the Debtors, the Committee, and the Examiner shall serve the Documents to each of the parties on the Master Service List in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are not authorized to serve Documents to parties on the Master Service List by e-mail; and it is further

ORDERED that nothing in these Amended Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in these cases; and it is further

ORDERED that, upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within three (3) business days either an affidavit of service or a certification of service attaching the list of parties that received notice; and it is further

ORDERED that the proceedings with respect to which notice is limited to the Master Service List include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (i) notice of (a) the first meeting of creditors pursuant to section 341 of the Bankruptcy Code, (b) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and (c) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and confirmation of a plan of reorganization; and (ii) notice and transmittal of ballots for accepting or rejecting a plan of reorganization. Notice of the foregoing matters shall be given to all parties in interest in accordance with Bankruptcy

Rule 2002, unless the Court orders, or the Bankruptcy Code prescribes, otherwise; and it is further

ORDERED that the Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("Omnibus Hearings") at which Pleadings shall be heard; and it is further

ORDERED that hearings in connection with claims objections, pre-trial conferences and trials related to adversary proceedings, approval of a disclosure statement, confirmation, and any other Pleading filed by the Debtors, may be scheduled for dates other than the Omnibus Hearing dates; provided, however, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on the next available Omnibus Hearing date that is at least forty-five (45) days after the filing of the complaint; provided, further, that hearings on all other Pleadings filed by a non-Debtor must be scheduled for an Omnibus Hearing except for as permitted under the Expedited Relief Procedures (as defined below); and it is further

ORDERED that if a Document is filed by a non-Debtor party and purports to set a hearing date inconsistent with the Amended Procedures (a "Non-Compliant Pleading"), the hearing shall be scheduled, without the necessity of court order, for the first Omnibus Hearing date after the applicable notice period has expired; and it is further

ORDERED that if a movant or applicant other than the Debtors, Committee, or the Examiner determines that a motion or application requires emergency or expedited relief, the movant or applicant shall telephonically contact the Debtors' attorneys requesting that the motion or application be considered on an expedited basis (the "Expedited Relief Procedures"). If the Debtors disagree with the movant or applicant's determination regarding the emergency or

expedited nature of the relief requested, the movant or applicant shall (i) inform the Court of the disagreement by telephone and thereafter (ii) arrange for a chambers conference, telephonic or in-person, to be held among the Court, the Debtors' attorneys, and the movant or applicant to discuss the disagreement.  If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant, may, by order to show cause, request an expedited hearing; and it is further

ORDERED that if a Pleading requests relief pursuant to Bankruptcy Rules 2002(a)-(b), the relevant hearing shall be set after the passage of the time period set forth in such rule; provided however, that pursuant to Bankruptcy Rule 9006(f), if service is by overnight delivery or U.S. mail, one (1) or three (3) calendar days, respectively, shall be added to the time period set forth in Bankruptcy Rule 2002(a) or (b); and it is further

ORDERED that, except as provided with respect to Pleadings requesting relief pursuant to Bankruptcy Rules 2002(a)-(b) or the Presentment Procedures (as defined below), Pleadings shall not be considered unless filed, noticed, and served in accordance with the Amended Procedures at least fourteen (14) calendar days before the applicable hearing date; provided, however, that if the parties served with the Pleading include parties being served (i) by U.S. mail, the Pleading must be filed and served at least seventeen (17) calendar days before the next applicable hearing, or (ii) by overnight delivery, the Pleadings must be served at least fifteen (15) calendar days before the next applicable hearing; provided, further, that subject to the Expedited Relief Procedures, nothing in the Amended Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and 9006(c); and it is further

ORDERED that notwithstanding the immediately preceding decretal paragraph, a party may settle or present a proposed order for approval by the Court as provided by Local Rule 9074-1; provided, however, the presentment of a proposed order pursuant to Local Rule 9074-1(c), or any other similar administrative or standard order, must be filed and served at least seven (7) calendar days before the presentment date and Objections thereto must be filed and served at least one (1) calendar day before presentment date (the "Presentment Procedures").

ORDERED that service by facsimile shall not be effective except as otherwise provided herein for the Debtors, the Committee, and the Examiner; and it is further

ORDERED that if a party desires to participate in a hearing by telephone, such party must request permission from Chambers and notify attorneys for the Debtors at least forty-eight (48) hours prior to the scheduled hearing. If Chambers permits telephonic participation, the party participating telephonically must arrange such telephonic participation with Court Call, adhering to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York, as well as those required by the Judge assigned to these chapter 11 cases and supply the dial-in details to the Debtors' attorneys; and it is further

ORDERED that a Pleading may be granted without a hearing provided that, after the passage of the Objection Deadline (as defined below), the attorney for the entity who has filed the Pleading (i) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Amended Procedures; (ii) serves the declaration via facsimile upon the attorneys for the Debtors and the Committee one (1) business day prior to submission thereof to the Court; and (iii) delivers by U.S. mail, overnight delivery, or hand, a package to the Court including (a) the declaration described in subsection (i) above,

(b) a disk containing an order granting the relief requested in the applicable Pleading, and (c) a printed copy of the order (collectively, the "No Objection Package"). Upon receipt of the No Objection Package, the Court may grant the relief requested in the Pleading without further submission, hearing, or request. If the Court does not grant the relief, the Pleading will be heard at the Omnibus Hearing that is at least six (6) calendar days after the date the No Objection Package is received by the Court; provided, however, that if the Court does not grant the relief requested in a Pleading without a hearing, such action shall not constitute an extension of the objection deadline related thereto, unless otherwise agreed between the Debtors and the party seeking relief; and it is further

ORDERED that a "Notice of Hearing" shall be affixed to all Pleadings and shall include the following: (i) the title of the Pleading; (ii) the parties upon whom any Objection to the Pleading is required to be served; (iii) the date and time of the applicable Objection Deadline (as defined below); (iv) the date of the Omnibus Hearing at which the Pleading shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with these Amended Procedures; and it is further

ORDERED that the applicable Objection Deadline (as defined below) and hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing and on the upper right corner of the first page of each Pleading and each Objection thereto; and it is further

ORDERED that, except as provided for below with respect to Stay Relief Motions (defined below), the deadline to file an Objection (the "Objection Deadline") to any Pleading shall be (i) at least three (3) business days before the applicable hearing date and at

least nine (9) days after the Pleading is served in accordance with these Amended Procedures, or (ii) any date otherwise ordered by the Court. The Objection Deadline may be extended with the consent of the movant or applicant. The Objection will not be considered timely unless filed with the Court and received by the Standard Parties on or before the applicable Objection Deadline. All parties filing an Objection shall include their telephone and facsimile numbers in the signature block on the last page of the Objection; and it is further

ORDERED that unless otherwise ordered by the Court, a Reply shall be filed with the Court and served in accordance with these Amended Procedures on or before 12:00 p.m. prevailing Eastern Time on the day that is at least one (1) business day prior to the date of the applicable hearing; and it is further

ORDERED that by approximately 4:00 p.m. prevailing Eastern Time on the day before a scheduled hearing, the Debtors shall file with the Court a letter (the "Agenda Letter") setting forth each matter to be heard at the hearing (the letter may be updated after the initial submission if necessary) and shall serve the letter(s), by e-mail or facsimile on: (i) the Court; (ii) the U.S. Trustee; (iii) the attorneys for the official committee of unsecured creditors appointed in these cases; and (iv) any parties filing Documents to be heard at the hearing; provided, however, that an Agenda Letter shall not be required where the Debtors have less than forty-eight (48) hours notice of a hearing; and it is further

ORDERED that the matters listed on the Agenda Letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service; and it is further

ORDERED that in the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may

announce the settlement at the scheduled hearing. In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Amended Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court; and it is further

ORDERED that notwithstanding anything contained herein, motions for relief from the automatic stay ("Stay Relief Motions") in accordance with section 362 of the Bankruptcy Code shall be noticed for consideration on the Omnibus Hearing Date that is at least twenty (20) days after the motion is filed and notice thereof is served upon the Debtors. Unless otherwise ordered by the Court, the objection deadline with respect thereto shall be the later to occur of (i) fifteen days (15) after the date of filing and service of the motion and (ii) three (3) days prior to the hearing scheduled with respect thereto; and it is further

ORDERED that notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled, in accordance with this Order, for, or adjourned to, a hearing date that falls on or after the thirtieth day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order; and it is further

ORDERED that the Debtors may amend the Amended Procedures from time to time throughout these chapter 11 cases and shall present such amendments to the Court by motion in accordance with this Order; and it is further

ORDERED that notice of the Amended Order as provided in the notice of presentment shall be deemed good and sufficient notice of the changes in the Amended Order.

Dated: February 13, 2009
      New York, New York

                */s/ James M. Peck*_____
                UNITED STATES BANKRUPTCY JUDGE