**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
:
In re                                                    :   Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :   08-13555 (JMP)
:
       Debtors.                                     :   (Jointly Administered)
:
:
-----------------------------------------------------------------------x

### ORDER GRANTING LBHI'S MOTION, AS SUPPLEMENTED, PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE, FOR AUTHORIZATION TO FUND A CAPITAL CONTRIBUTION TO WOODLANDS COMMERCIAL BANK

Upon the motion, dated February 6, 2009, of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to fund capital contributions to Woodlands Commercial Bank (the "Bank") of up to $272 million in exchange for the purchase of a first right of recovery on the Bank's claim against Lehman Brothers Inc. or other parties related to certain municipal securities (the "Capital Contribution"); and upon the supplement, dated February 12, 2009, for authorization of Lehman Commercial Paper Inc. ("LCPI") to terminate, in its sole discretion, certain unfunded loan participation agreements (the "Unfunded Participations") of the Bank (said supplement and motion, collectively, the "Motion"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBHI is authorized, but not required, to fund the Capital Contribution; and it is further

ORDERED that LCPI is authorized, but not required, to terminate the Unfunded Participations on the terms proposed in the Motion; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(g) are waived and this Order shall be effective immediately upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: February 17, 2009
      New York, New York

                                      */s/ James M. Peck*_____
                                      UNITED STATES BANKRUPTCY JUDGE