WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Diane Harvey
Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11 Case<br><br>No. 08-13555 (JMP)<br><br>(Jointly Administered) |

## STIPULATION AND ORDER REGARDING DISCOVERY

WHEREAS, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated

debtor, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession

(together, the "Debtors" and, collectively with their debtor and non-debtor affiliates,

"Lehman") respectfully requested, pursuant to section 365(a) of the Bankruptcy Code,

Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the

"Local Rules"), an order approving the assumption of three trades relating to General

Motors Corporation loans that it allegedly had entered into, but had not yet consummated

and settled (the "Open Trade Confirmations") with Blue Mountain Capital.

WHEREAS, as set forth in its verified objection to the motion (Docket No. 1849), BlueMountain Credit Alternatives Master Fund L.P. ("BMCA") objected to the motion on the grounds that the three GM-related trades Lehman sought to assume did not exist.  BMCA further objected to the motion to the extent Lehman actually meant to seek to assume one trade dated June 19, 2008 and one trade dated June 26, 2008 (the "June Trades"), pursuant to which LBHI was to deliver to BMCA participations in a certain General Motors Corporation Amended and Restated Credit Agreement dated as of July 20, 2006.  As grounds for its objection, BMCA asserted that the June Trades effectively had been terminated pre-petition following LBHI's material breaches, which included (i) LBHI's admissions on July 31, 2008 that it would not be able to deliver participations in the loans, (ii) LBHI's failure to propose or attempt to work out a mutually agreeable alternative structure for settlement as contemplated by the trade confirmations, and (iii) LBHI's failure at any time to negotiate, prepare and/or deliver the trade documentation which was an express condition precedent to the consummation of the trades.  BMCA asserts that because the June Trades were terminated prepetition they are therefore not assumable by the Debtors.  BMCA further objected on the grounds that the June Trades could not be assumed without (i) compensation for LBHI's material breaches, and (ii) set-off of any amounts owed to BMCA by Debtors.

WHEREAS, Lehman contends that these trades were not terminated prepetition by Lehman and therefore can be assumed;

IT IS HEREBY STIPULATED AND AGREED, by and between Lehman and BMCA (collectively, the "Parties," and each a "Party"), through their undersigned counsel and regarding the above-captioned action, as follows:

1.      The Parties shall serve their first requests for the production of documents on February 13, 2009.

2.      The Parties shall serve their first set of interrogatories and objection to the first requests for the production of documents on February 18, 2009.

3.      The Parties shall begin producing documents on March 6, 2009 on a rolling basis and shall complete production on or before March 27, 2009.

4.      The Parties shall serve their responses to the first set of interrogatories on or before March 18, 2009.

5.      The depositions of fact and 30(b)(6) witnesses shall be completed on or before April 24, 2009.

6.      Any motion for summary judgment shall be filed on May 15, 2009; any opposition to any motion for summary judgment shall be filed on May 29, 2009; any reply in further support of any motion for summary judgment shall be filed on June 5, 2009.

7.      The hearing on any motion for summary judgment and/or any evidentiary hearing shall occur on a subsequent date as specified by the Court.

8.      The post-trial briefing scheduled will be negotiated, if required by the Court.


Dated: New York, New York              Dated: New York, New York
        February 12, 2009                        February 12, 2009

LOWENSTEIN SANDLER PC                  WEIL, GOTSHAL & MANGES LLP

/s/ Sheila A. Sadighi                  /s/ Diane Harvey
*Admitted pro hac vice*

Sheila A. Sadighi                      Diane Harvey
Lowenstein Sandler PC                  Weil, Gotshal & Manges LLP
65 Livingston Avenue                   767 Fifth Avenue
Roseland, New Jersey 07068             New York, New York 10153
Telephone: (973) 597-6218             Telephone: (212) 310-8000

*Attorneys for BlueMountain*          *Attorneys for Debtors*
*Credit Alternatives Master Fund L.P.*  *and Debtors in Possession*


**SO ORDERED** this 20th day of February, 2009

/s/ James M. Peck
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE