| | |
|---|---|
| DEWEY & LeBOEUF LLP | FLASTER/GREENBERG PC |
| 1301 Avenue of the Americas | 1628 John F. Kennedy Blvd. |
| New York, NY 10019 | Philadelphia, PA 19103 |
| Telephone: (212) 259-8000 | Telephone: (215) 279-9393 |
| Facsimile: (212) 259-6333 | Facsimile: (215) 279-9394 |
| Martin J. Bienenstock, Esq. | Eugene J. Chikowski, Esq. |
| Irena M. Goldstein, Esq. | Greg T. Kupniewski, Esq. |
| Donna L. Gordon, Esq. | |

Co-Attorneys for American Express Travel Related Services Company, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.,** : **08-13555 (JMP)**
*et al.* : 
    **Debtors.** : **(Jointly Administered)**
: 
------------------------------------------------------------- x
**BARCLAYS CAPITAL INC.,** : 
: 
    **Movant for Rule 60(b) Relief,** : 
        v. : 
: 
**AMERICAN EXPRESS TRAVEL** : 
**RELATED** : 
**SERVICES COMPANY,** : 
: 
    **Respondent.** : 
: 
------------------------------------------------------------- x
**AMERICAN EXPRESS TRAVEL** : 
**RELATED** : 
**SERVICES COMPANY,** : 
: 
    **Movant for Rule 37 Relief,** : 
        v. : 
: 
**BARCLAYS CAPITAL INC.,** : 
: 
    **Respondent.** : 
: 
------------------------------------------------------------- x

### AMEX'S MOTION TO FILE UNDER SEAL

NY3 3022059.1

1.      Pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018, and § 16(a) of the Stipulated Protective Order, dated January 26, 2009, Respondent American Express Travel Related Services Company ("AmEx") hereby moves this Court for permission to file under seal an unredacted version of its Motion to Compel Disclosure of Allegedly Privileged Communications and Documents, and Exhibits B, D, E and H to the Affidavit of Roy Taub in Support of AmEx's Motion to Compel Disclosure of Allegedly Privileged Communications. The good cause for this Motion is set forth below. AmEx submits that this Motion is narrowly tailored to respect the parties' confidentiality designations under the Stipulated Protective Order in this matter.

2.      Exhibits B and E to the Affidavit of Roy Taub in Support of AmEx's Motion to Compel Disclosure of Allegedly Privileged Communications are deposition transcripts presumed to be treated as confidential under the terms of the Stipulated Protective Order. Under § 5(a) of the Stipulated Protective Order, all deposition transcripts are presumed to be confidential for thirty days after receipt from the court reporter unless designated otherwise by any party. Barclays has not designated Exhibits B and E as non-confidential.

3.      Exhibit D to the Affidavit of Roy Taub in Support of AmEx's Motion to Compel Disclosure of Allegedly Privileged Communications is a letter to the Court, from Michael S. Feldberg, counsel for Barclays, and contains discussions of confidential information, namely excerpts from the deposition of Jason White.

4.      Exhibit H to the Affidavit of Roy Taub in Support of AmEx's Motion to Compel Disclosure of Allegedly Privileged Communications is a document produced by Barclays bearing bates number Barclays-AmEx 004897 and Barclays-AmEx 004901-902 that Barclays has designated "Confidential."

NY3 3022059.1

5. Section 16 of the Stipulated Protective Order provides that all documents designated and presumed confidential are to be filed under seal. Accordingly, AmEx is obligated under the Stipulated Protective Order to file these documents under seal.

6. Therefore, AmEx moves that it be granted permission to file under seal an unredacted version of its Motion to Compel Disclosure of Allegedly Privileged Communications and Documents, and Exhibits B, D, E and H to the Affidavit of Roy Taub in Support of AmEx's Motion to Compel Disclosure of Allegedly Privileged Communications and Documents.

Dated: February 20, 2009
New York, New York

**DEWEY & LEBOEUF LLP**

By:/s/ Irena M. Goldstein
Martin J. Bienenstock
Irena M. Goldstein
Donna L. Gordon

1301 Avenue of the Americas
New York, New York 10019
Tel. 212-259-8000
Fax 212-259-6333

**FLASTER/GREENBERG P.C.**
Eugene J. Chikowski, Esquire
Greg T. Kupniewski, Esquire

1628 John F. Kennedy Blvd.
Philadelphia, Pennsylvania 19103
Tel. 215-279-9393
Fax 215-279-9394

*Co-Attorneys for American Express Travel Related Services Company*

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
: 
In re : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** : 08-13555 (JMP)
*et al.* :
       Debtors. : (Jointly Administered)
:
---------------------------------------------------------------- x
**BARCLAYS CAPITAL INC.,** :
:
       Movant for Rule 60(b) Relief, :
                v. :
:
**AMERICAN EXPRESS TRAVEL** :
**RELATED** :
**SERVICES COMPANY,** :
:
       Respondent. :
:
---------------------------------------------------------------- x
**AMERICAN EXPRESS TRAVEL** :
**RELATED** :
**SERVICES COMPANY,** :
:
       Movant for Rule 37 Relief, :
                v. :
:
**BARCLAYS CAPITAL INC.,** :
:
       Respondent. :
:
---------------------------------------------------------------- x

**ORDER AUTHORIZING AMEX TO FILE UNDER SEAL AN**
**UNREDACTED VERSION OF ITS MOTION TO COMPEL DISCLOSURE**
**OF ALLEGEDLY PRIVILEGED COMMUNICATIONS AND DOCUMENTS AND EXHIBITS B,**
**D, E AND H TO THE AFFIDAVIT OF ROY TAUB**

       Upon the motion, dated February 20, 2009 (the "Motion"), of American Express Travel Related Services Company ("AmEx") for entry of an order, pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing AmEx to file under seal an unredacted version of their Motion to Compel Disclosure of Allegedly Privileged

NY3 3022065.1

Communications and Documents, and Exhibits B, D, E and H to the Affidavit of Roy Taub in Support of AmEx's Motion to Compel Disclosure of Allegedly Privileged Communications and Documents; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to all necessary parties, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Movants, the Debtors, the Debtors' estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

1.   **ORDERED** that, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Motion is granted; and it is further

2.   **ORDERED** that, pursuant to section 107(b) of the Bankruptcy Code, the Clerk of the Court is directed to file an unredacted version of AmEx's Motion to Compel Disclosure of Allegedly Privileged Communications and Documents, and Exhibits B, D, E and H to the Affidavit of Roy Taub in Support of AmEx's Motion to Compel Disclosure of Allegedly Privileged Communications and Documents, under seal in an envelope, clearly indicating that the Motion has been filed under seal by order of the United States Bankruptcy Court for the

Southern District of New York and may not be unsealed until and unless permitted by further order of the Court; and it is further

3. **ORDERED** that AmEx is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

4. **ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

5. **ORDERED** that the Court retains jurisdiction to enforce this Order and the confidentiality of the Schedules and the sensitive information contained therein, including the authority to impose sanctions on any person or entity that violates this Order.

Dated: New York, New York  
       February ___, 2009

_____  
HON. JAMES M. PECK  
UNITED STATES BANKRUPTCY JUDGE