WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Wasiman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                           :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | |

----------------------------------------------------------------x

**OMNIBUS CERTIFICATE OF NO OBJECTION UNDER**
**28 U.S.C. § 1746 REGARDING DEBTORS' MOTIONS SCHEDULED**
**FOR HEARING ON FEBRUARY 25, 2009**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [Docket No. 2837] (the "Amended Case Management Order"),

the undersigned hereby certifies as follows:

        1.      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in

the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), filed the following motions (collectively the "Motions") with this Court:

- Motion Authorizing (i) the Settlement of Certain Rights Under Loan Agreements, and (ii) the Sale of Certain Rights Under Loan Agreements, dated January 27, 2009 **[Docket No. 2662]**

- Motion Authorizing (i) Rejection of Certain Leases and Subleases of Nonresidential Real Property and (ii) Sale or Abandonment of De Minimis Assets, dated February 4, 2009 **[Docket No. 2730]**

- Motion for an Order Pursuant to Rule 9019 Authorizing and Approving a Stipulation of Settlement between PAMI Statler Arms and First Midwest Properties, dated February 4, 2009 **[Docket No. 2731]**

2. In accordance with the Amended Case Management Order, February 20, 2009 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a response to the Motions (the "Objection Deadline"). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the objection deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motions has been filed with the Court on the dockets of the above-referenced cases in accordance with the procedures set forth in Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motions been served on Debtors' counsel.

4. Accordingly, for the reasons set forth in the Motions, the Debtors respectfully request that the proposed Orders annexed hereto as Exhibit A, Exhibit B, and

Exhibit C, and unmodified since the filing of the Motions, be entered in accordance with the

procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated:  February 21, 2009
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**(Proposed Order – Docket No. 2730)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                               :

In re                               :        **Chapter 11 Case No.**
                                               :

**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :        **08-13555 (JMP)**
                                             :

                       **Debtors.**        :        **(Jointly Administered)**
                                             :

                                             :
----------------------------------------------------------------x

**ORDER APPROVING MOTION OF BNC MORTGAGE LLC,**
**PURSUANT TO SECTIONS 363(b), 365(a), and 554(a) OF THE BANKRUPTCY**
**CODE AND RULES 6004, 6006, AND 9014 OF THE FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE, AUTHORIZING (I) THE REJECTION OF**
**CERTAIN LEASES AND SUBLEASES OF NONRESIDENTIAL REAL**
**PROPERTY AND (II) THE SALE OR ABANDONMENT OF *DE MINIMIS* ASSETS**

        Upon the motion, dated February 4, 2009 (the "Motion"),  of BNC Mortgage LLC

("BNC"), as debtor and debtor-in-possession, pursuant to sections 363(b), 365(a), 554(a) of title

11 of the United States Code (the "Bankruptcy Code") and Rules 6004, 6006, and 9014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to (i) reject

the leases set forth on Exhibit A annexed hereto (the "Leases " or "Leased Properties") and the

subleases set forth on Exhibit B annexed hereto (the "Subleases" or "Subleased Properties") and

(ii) sell or abandon certain miscellaneous assets, including fixtures, furniture, and other office

equipment ("FF&E") without further authorization of the Court, all as more fully described in

the Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper

notice of the Motion having been provided in accordance with the procedures set forth in the

order entered September 22, 2008 governing case management and administrative procedures

[Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the

attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) the landlords ands sublessees set forth in Exhibit A and Exhibit B to

the Motion; and (vii) all parties who have requested notice in these chapter 11 cases, and it

appearing that no other or further notice need be provided; and a hearing (the "Hearing") having

been held to consider the relief requested in the Motion; and the Court having found and

determined that the relief sought in the Motion is in the best interests of BNC, its estates and

creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the Motion is hereby granted; and it is further

ORDERED that pursuant to section 365(a) of the Bankruptcy Code and

Bankruptcy Rules 6006 and 9014, the rejection of the Leases, is hereby approved effective as the

earlier of (i) the date BNC relinquishes possession of the Leased Properties or (ii) the date of this

Order; and it is further

ORDERED that pursuant to section 365(a) of the Bankruptcy Code and

Bankruptcy Rules 6006 and 9014, the rejection of the Subleases is hereby approved effective as

the date of this Order; and it is further

ORDERED that all time periods set forth in this Order shall be calculated in

accordance with Bankruptcy Rule 9006(a); and it is further

ORDERED that any rejection damage claim asserted by the counterparties to the Leases and Subleases shall be filed (subject to all of the BNC's rights, claims and defenses, including rights of setoff with respect to any such claims) on or before the final date for filing proofs of claim in BNC's chapter 11 case to be established by order of this Court, which proofs of claim shall be filed in accordance with the procedures set forth in such order; and it is further

ORDERED that the Debtors are authorized to sell the FF&E owned by BNC located at the Leased Properties and Subleased Properties without further authorization of the Court; and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, the sale of the FF&E shall be free and clear of all liens, claims and encumbrances, and any liens, claims and encumbrances thereon shall attach to the net proceeds of the sale of such FF&E with the same force and effect and asserted priority as such liens, claims and encumbrances had against the FF&E, subject to the rights, claims, defenses and objections, if any, of the BNC and all interested parties with respect thereto; and it is further

ORDERED that purchasers of the FF&E sold by BNC pursuant to this Order shall be entitled to the protections afforded by section 363(m) of the Bankruptcy Code in the event of a reversal or modification on appeal of this Order; and it is further

ORDERED that BNC is authorized to take all actions and execute all documents necessary or appropriate to effectuate the sale of any of the FF&E; and it is further

ORDERED that BNC is authorized, pursuant to section 554(a) of the Bankruptcy Code, in its sole discretion to abandon the FF&E; and it further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation and/or enforcement of this

Order.

Dated: February __, 2009
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A – Schedule of Leases to be Rejected**

| Leased Property | Landlord | Notice Address for Landlord | Date of Execution of Lease |
|---|---|---|---|
| 1475 South Bascom Avenue Campbell, CA (Suite 101) | Creekside Business Mall LLC | Creekside Business Mall, LLC P.O. Box 4060 Menlo Park, CA 94026 | 7/14/03 |
| 22632 Golden Springs Drive Diamond Bar, CA (Suite 200/210) | Rosemead Properties, Inc. | Rosemead Properties c/o PacificWest Asset Management Co. P.O. Box 19068 Irvine, CA 92623 | 4/4/03 |
| 2655 Warrenville Road Downers Grove, IL (5th Floor of Corridors II Building) | Corridors I & II/Loudoun II SPE Feeco, L.L.C. | Corridors I & II/Loudoun II SPE Feeco, L.L.C., c/o The Alter Group Ltd. Attn: Mr. Ronald Siegel 5500 W. Howard Street Skokie, IL 60077<br><br>Lawrence M. Freedman, Ash, Anos, Freedman & Logan, L.L.C. 77 West Washington Street, Suite 1211 Chicago, IL 60602<br><br>Alter Asset Management, L.L.C. Attn: Samuel F. Gould 1980 Springer Drive Lombard, IL 60148<br><br>Lehman Brothers Bank FSB Attn: John Herman 399 Park Avenue, 8th Floor NY, NY 10022<br><br>Stroock & Stroock & Lavan LLP Attn: William Campbell, Esq. 180 Maiden Lane NY, NY 10038 | 5/13/03 |
| 500 North Central Avenue Glendale, CA (Suite 300) | GRE Glendale LLC | GRE Glendale LLC 500 N. Central-Property Manager 500 North Central Ave., Suite 225 Glendale, CA 91203 | 11/30/2003 |
| 5450 West Sahara Avenue Las Vegas, NV (Suite 200) | 5450 West Sahara LLC | 5450 West Sahara LLC Management Office, 5450 West Sahara Avenue Las Vegas, NV 89146<br><br>5450 West Sahara LLC, c/o SCI Property Management, Inc. Attn: Suzann Brent 11620 Wilshire Boulevard, Suite 300 LA, CA 90025 | 8/12/05 |

| Leased Property | Landlord | Notice Address for Landlord | Date of Execution of Lease |
|---|---|---|---|
| 1501 W. Fountainhead Pkwy Tempe, AZ (Suite 130) | Amberjack, LTD | AmberJack, Ltd., c/o Birtcher Arizona, LLC 2400 S. 55th Street Tempe, AZ 85282 | 8/15/03 |
| 16400 Southcenter Parkway Tukwila, WA (Suites 405 and 408) | Sunray Investments LLP | Sunray Investments Partnership, c/o FANA Group of Companies 16400 Southcenter Parkway, #204 Tukwila, WA 98188 | 6/26/02 |
| 300 Galleria Officentre Southfield, MI (Suites 400 and 406) | Galleria Properties, LLC | Galleria Properties LLC 26877 Northwestern Highway Southfield, MI 48033 | 10/1/04 |
| 6300 S. Syracuse Way Centennial, CO (Suite 110) | Legacy III Centennial, LLC | Legacy III Centennial, LLC c/o Legacy Partners Commercial, Inc. Attn: Asset Manager 4000 East Third Avenue, Suite 600 Foster City, CA 94404 Legacy Partners Commercial, Inc. Attn: Property Manager 6300 S. Syracuse Way, Suite 580 Centennial, CO 80111 | 2/9/04 |
| 4100 Midway Road Carrollton, TX (Suite 1110) | CB Office 10, Ltd. | CB Office 10, Ltd. Attn: Mack Dennis 4100 International Parkway, Suite 1100 Carrollton, TX 75007 | 3/11/05 |
| 4100 E. Mississippi Ave. Suite 1000 Glendale, CO | Mountain Towers Properties, LLC | Mountain Towers Properties LLC, c/o CB Richard Ellis Real Estate Services, Inc., Asset Services Attn: Property Manager 4100 East Mississippi Ave. Suite 100 Glendale, CO 80246 Mountain Towers Properties, LLC Attn: Kevin Fay 1000 Potomac Street Northwest, Suite 150 Washington, D.C. 20007 | 11/19/02 |
| 1225 East Fort Union Blvd. Midvale, UT (Suite 100) | Northwest, LLC (Union Park Office Building Salt Lake City L.P.) | Northwest, LLC Thomas M. Lloyd 6925 Union Park Center, Suite 500 Midvale, UT 84047 | 7/10/02 |

| Leased Property | Landlord | Notice Address for Landlord | Date of Execution of Lease |
|---|---|---|---|
| 1051 Perimeter Drive Schaumburg, IL (Suite 650) | Beneficiaries of North Star Trust Company Title Holding Land Trust | Beneficiaries of North Star Trust Company Title Holding Land Trust, c/o Marc Realty LLC 55 East Jackson Boulevard, Suite 500 Chicago, IL 60604 | 9/5/03 |

**Exhibit B – Schedule of Subleases to be Rejected**

| Leased Property | Subtenant | Notice Address for Subtenant | Date of Execution of Sublease |
|---|---|---|---|
| 6300 S Syracuse Way, Centennial, CO (Suite 110) | Redd Shell Corporation (Subtenant)<br><br>Trustwave Holdings, Inc. (Subsublessee) | Redd Shell Corporation<br>Attn: James Paul<br>6300 South Syracuse Way<br>Suite 110<br>Centenial, CO 80111<br><br>Beth Newcomb LLC<br>Attn: Beth Newcomb<br>726 S. Gaylord Street, Denver, CO 80209<br><br>Trustwave Holdings, Inc.<br>70 W. Madison Street, Suite 1050<br>Chicago, IL 60602 | 5/24/06 |
| 4100 Midway Road Carrollton, TX (4,915 s.f.) | Aimbridge Hospitality, LP | Aimbridge Hospitality, LP<br>Attn: Leslie V. Bentley<br>4100 Midway Road, Suite 2115<br>Carrollton, TX 75007<br><br>Carla S. Moreland, Esq.<br>5112 Briargrove Lane<br>Dallas, TX 75287 | 2/08 |
| 4100 Midway Road Carrollton, TX (5,488 s.f.) | Wingspan Portfolio Advisors, LLC | Wingspan Portfolio Advisors, LLC<br>Attn: Mr. Steve Horne<br>8124 Weiss Avenue<br>Plano, TX 75025<br><br>Andrews Kurth, LLP<br>Attn: Bill Rivers<br>1717 Main Street<br>Dallas, TX 75201 | 8/14/08 |
| 4100 East Mississippi Avenue Glendale, CO (Suite 1000) | Lehman Brothers Bank, FSB | Lehman Brothers Bank, FSB<br>Attn:  Chief Operating Officer<br>10350 Park Meadows Drive<br>Littleton, CO 80124<br><br>Lehman Brothers Bank<br>Attn: General Counsel<br>1000 West Street<br>Wilmington, DE 19801<br><br>Aurora Loan Services<br>Attn: Legal Department<br>10350 Park Meadows Drive<br>Littleton, CO  80124 | 5/24/07 |

| Leased Property | Subtenant | Notice Address for Subtenant | Date of Execution of Sublease |
|---|---|---|---|
| 1225 East Fort Union Boulevard Midvale, UT 84047 (Suite 100) | The Training Authorities, LLC | The Training Authorities, LLC Attn: Jim Kelly 3529 Gabel Road Billings, Montana 59102<br><br>Herndon & Sweeney, P.C. Kevin C. Sweeney, Esq. P.O. Box 80050 Billings, Montana 59102 | 3/28/08 |
| 1051 Perimeter Drive Schaumberg, IL (Suite 650) | HTC America, Inc. | HTC America, Inc. Attn: Waiman Lam 13920 Southeast Eastgate Way, Suite 400 Bellevue, WA 98005<br><br>Perkins Coie, LLP Attn: Jerry Lutz The PSE Building, 10885 N.E. Fourth Street, Suite 700 Bellevue, WA 98004 | 11/10/06 |

# **EXHIBIT B**

## **(Proposed Order – Docket No. 2731)**

NY2:\1969587\02\167QR02!.DOC\58399.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                         :
In re                                                    :    **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*             :    **08-13555 (JMP)**
                                                         :
                         **Debtors.**                    :    **(Jointly Administered)**
                                                         :
                                                         :
-------------------------------------------------------------------x

**ORDER PURSUANT TO RULE 9019 OF**
**THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**AUTHORIZING AND APPROVING A STIPULATION OF SETTLEMENT**
**BETWEEN PAMI STATLER ARMS LLC AND FIRST MIDWEST**
**PROPERTIES, LLC**

Upon the motion, dated February 4, 2009 (the "Motion"), of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and,

together with their non-debtor affiliates, "Lehman"), for an order, pursuant to Rule 9019

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and

approving a stipulation of settlement (the "Agreement"), which is annexed hereto as

Exhibit A, between PAMI Statler Arms LLC ("PAMI Statler") and First Midwest

Properties, LLC ("First Midwest"), all as more fully set forth in the Motion; and the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant

to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy

Court Judges of the District Court for the Southern District of New York, dated July 19,

1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided, and it appearing that no other or further notice need be

provided; and the Court having reviewed the Motion; and approval of the Agreement

being within the sound discretion of the Court; and the relief requested in the Motion and

the Agreement being fair and equitable, in the best interests of the PAMI Statler's estate,

and above the lowest point in the range of reasonableness; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Agreement is

approved; and it is further

ORDERED that PAMI Statler is authorized to execute, deliver, implement

and fully perform any and all obligations, instruments, documents and papers and to take

any and all actions reasonably necessary or appropriate to consummate the Agreement

and perform any and all obligations contemplated therein.

Dated: February __, 2009
       New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT C

**(Proposed Order – Docket No. 2662)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                        :
                    Debtors.            :    (Jointly Administered)
                                        :
----------------------------------------------------------------x

## ORDER AUTHORIZING (I) THE SETTLEMENT OF CERTAIN RIGHTS UNDER LOAN AGREEMENTS, (II) THE SALE OF CERTAIN RIGHTS UNDER LOAN AGREEMENTS, AND (III) RELATED RELIEF

Upon the motion, dated January 27, 2009 (the "<u>Motion</u>")[1], of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors in possession (together the "<u>Debtors</u>" and with their non-debtor subsidiaries "<u>Lehman</u>"),

for entry of an order, pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy

Rules 2002, 6004, and 9019, authorizing (i) the settlement between Lehman Commercial Paper

Inc. ("<u>LCPI</u>") and Lehman Brothers Bankhaus AG ("<u>Bankhaus</u>"), as memorialized in the Deed,

and (ii) the assignment and sale of the Receivables by LCPI to Vector Holdings S.a.r.l.

("<u>Vector</u>") free and clear of any liens, claims, encumbrances, and other interests, pursuant to the

Assignment Agreement, all as more fully described in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward,

Acting C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

---

[1] Capitalized terms used but not defined in this Order have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285]; and the Court having found and determined that the relief sought in the Motion is in the best interests of the LCPI, the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

FURTHER FOUND AND DETERMINED that:

A.    **Business Justification**.  LCPI has properly exercised its reasonable business judgment in its assignment and sale of the Receivables, pursuant to the terms, and subject to the conditions, of the Assignment Agreement.  LCPI has shown good and sufficient business justification under sections 363(b) and (l) of the Bankruptcy Code for the relief requested in the Motion and the approval of the transactions contemplated thereby.

B.    **Best Interests**.  The relief sought in the Motion is in the best interests of LCPI, its estate and creditors, and all parties in interest in that, without exclusion:  (i) the Assignment Agreement and the Deed were proposed, negotiated and entered into in good faith, from arm's-length bargaining positions among LCPI, Bankhaus, and Vector, and without collusion, and Vector is not an "insider" of the Debtors, as that term in defined in section 101(31) of the Bankruptcy Code, and is not a continuation of the Debtors' corporation; (ii) LCPI was free to deal with any other party interested in acquiring the rights to be assigned and sold to Vector pursuant to the Assignment Agreement; and (iii) LCPI has proposed for adequate notice and a reasonable opportunity to be heard in connection with the proposed assignment and sale of the Receivables.

C.    **Consideration**.  The consideration to be paid by Vector pursuant to the terms, and subject to the conditions, of the Assignment Agreement: (i) represents the highest and best offer for the Receivables; (ii) is fair and reasonable; (iii) will provide for a greater recovery for LCPI's creditors than would be provided by any other practical, available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

D.    **Fair and Reasonable**.  The Deed is an integral aspect of the Assignment Agreement and the LBT Stock Sale and in light of the recovery afforded to LCPI's estate by the Assignment Agreement and because the Deed will not have a detrimental impact on LCPI's estate, the compromise of claims pursuant to the Deed rises well above the lowest range of reasonableness.

E.    **Good Faith**.  Vector is a good faith purchaser of the Receivables within the meaning of section 363(m) of the Bankruptcy Code and is, therefore, entitled to all of the protections afforded thereby.  None of LCPI, Vector, or Bankhaus has engaged in conduct that would prevent the application of section 363(m) of the Bankruptcy Code or permit the Assignment Agreement or the Deed to be avoided under section 363(n) of the Bankruptcy Code. Vector has proceeded in good faith in all respects in connection with this proceeding and will be acting in good faith in closing the transactions contemplated by the Assignment Agreement.

F.    **Free and Clear Transfer**.  Upon the fulfillment of the Conditions (as defined in the Assignment Agreement) and payment of the LCPI Payment Amount (as defined in the Sale and Purchase Agreement), the sale, assignment, conveyance, and transfer to Vector of the Receivables shall be legal, valid, and binding and an effective transfer of property and shall

vest in Vector all right, title, and interest in and to same free and clear of all liens, claims (as defined in section 101(5) of the Bankruptcy Code), encumbrances and other interests.

G.   **Retention of Rights By the Government**.  Nothing in this Order or in the Assignment Agreement or Deed (i) releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order; or (ii) should be construed to give Vector any more protection against any governmental unit than it is otherwise entitled to under 11 U.S.C. § 363(f)(1), (3), (4), or (5).  Nothing in this paragraph should be construed to create for any governmental unit any substantive right that does not already exist under law.

H.   **Satisfaction of 363(f) Standards**.  LCPI may sell the Receivables free and clear of any and all liens, claims, encumbrances and other interests because one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code have been satisfied, including, without limitation, section 363(f)(5) thereof.

I.   **Private Sale**.  LCPI and its advisors have already undertaken a substantial marketing process.  The time and effort associated with marketing the Receivables for sale at a public auction would needlessly duplicate these previous endeavors. Furthermore, the exigent circumstances surrounding these chapter 11 cases support LCPI's decision to pursue a private sale.  The unwarranted delay, risk, and expense associated with a public auction would far exceed any benefit to LCPI, its estate or its creditors.

J.   **Prompt Consummation**.  The prompt consummation of the assumption, assignment, and sale of the Receivables is in the best interests of LCPI, its estate, and its creditors.

K.    **Conclusions of Law and Fact**.    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate.

NOW, THEREFORE, IT IS ORDERED THAT:

1.    The Motion is GRANTED.

2.    Pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rules 6004, and 9019, the Assignment Agreement and the Deed are approved, and LCPI is authorized to perform all obligations under the Assignment Agreement and the Deed and to execute such other documents and take such other actions as may be necessary or appropriate to effectuate the Assignment Agreement and the Deed and the provisions of this Order, and to consummate all the transactions contemplated by the Assignment Agreement and the Deed.

3.    Subject to the terms and conditions of the Assignment Agreement, Vector shall acquire all of LCPI's rights under the Loan Agreements.

4.    Subject to the terms and conditions of the Assignment Agreement, LCPI shall sell, assign, transfer, and convey absolutely and unconditionally the Receivables to Vector, and Vector shall acquire all of LCPI's right, title and interest in and to the Receivables.

5.    Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

6.    Pursuant to section 363(f) of the Bankruptcy Code, LCPI's right, title and interest in and to the Receivables shall be sold to Vector free and clear of any and all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and other

interests (if any) to attach to the proceeds of the sale of the Receivables with the same force,

effect, and priority as such liens, claims, encumbrances and other interests have on the

Receivables as appropriate, subject to the rights and defenses of LCPI and any party in interest

with respect thereto.

7.     The sale of the Receivables to Vector pursuant to the Assignment

Agreement and this Order vests Vector with all right, title and interest in and to the Receivables

free and clear of all liens, claims, encumbrances and other interests of any kind whatsoever.

8.     The Assignment Agreement was negotiated at arm's-length and entered

into in good faith by the respective parties thereto, and Vector is entitled to all the benefits and

protections of section 363(m) of the Bankruptcy Code, and consummation of the sale and

assignment of the Receivables pursuant to the Assignment Agreement shall not be affected by

reversal or modification on appeal of this Order, in that: (i) Vector has not violated section

363(n) of the Bankruptcy Code by any action or inaction; (ii) no common identity or directors or

controlling stockholders exists between Vector and LCPI; and (iii) the negotiation and execution

of the Assignment Agreement and any other agreements or instruments related thereto was

without collusion, at arm's-length and in good faith.

9.     This Order shall be effective and enforceable immediately upon entry and

its provisions shall be self-executing and any stay imposed by Bankruptcy Rule 6004(g) are

hereby waived.

10.     The jurisdictional provisions of the Assignment Agreement shall be

binding on the parties thereto.  This Court shall retain jurisdiction to interpret and enforce this

Order.

Dated:  February ___, 2009
         New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE