DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel.: 212-335-4500
Fax: 212-335-4501
Joshua S. Sohn
Rachel A. Gupta

Attorneys for Plaintiff Hank's Living Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
In re:                                                           :   Chapter 11
                                                                 :
                                                                 :   Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS, INC.,                                  :
                                                                 :   Jointly Administered
                  Debtors.                                       :
                                                                 :
---------------------------------------------------------------- X
                                                                 :
HANK'S LIVING TRUST,                                             :
                                                                 :   Adversary Proceeding No. ____
                  Plaintiff,                                     :
                                                                 :
v.                                                               :
                                                                 :   **COMPLAINT**
LEHMAN BROTHERS OTC DERIVATIVES,                                 :
INC. and LEHMAN BROTHERS HOLDINGS                                :
INC.,                                                            :
                                                                 :
                  Defendants.                                    :
                                                                 :
---------------------------------------------------------------- X

Plaintiff Hank's Living Trust ("Plaintiff") for its complaint against defendants Lehman

Brothers OTC Derivatives, Inc. ("Lehman OTC") and Lehman Brothers Holdings Inc. ("LBHI")

(collectively, "Debtor Defendants") alleges through its undersigned counsel, DLA Piper LLP

(US), as follows:

      1.      Plaintiff brings this action to recover 75,000 shares of Google, Inc. common stock

(the "Google Stock") that were posted as collateral for a collar transaction entered into between Plaintiff and Defendant Lehman OTC on or about March 20, 2006.

2. The collar transaction expired unexercised on December 19, 2008, which triggered Lehman OTC's obligation to immediately return the Google Stock to Plaintiff.

3. To date—despite demands by Plaintiff—Lehman OTC has refused to return the Google Stock.

**PARTIES**

4. Plaintiff Hank's Living Trust is a trust created under the laws of the state of California, with its principal place of business located at 3130 Alpine Road #288-708, Portola Valley, CA 94028. Harry Cheung, an individual residing in the state of California is its trustee.

5. Upon information and belief, Defendant Lehman OTC is a corporation organized and incorporated under the laws of the state of Delaware with its principal place of business located at 745 Seventh Avenue, New York, New York 10019.

6. Upon information and belief, Defendant LBHI is a corporation organized and incorporated under the laws of the state of Delaware with its principal place of business located at 745 Seventh Avenue, New York, New York 10019.

7. On September 15, 2008, LBHI filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The LBHI chapter 11 case has been assigned case number 08-13555 (JMP).

8. On October 3, 2008, Lehman OTC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court and was assigned case number 08-13893 (JMP). The LBHI and Lehman OTC chapter 11 cases are being jointly administered

pursuant to an order of the Bankruptcy Court entered on September 17, 2008.

## JURISDICTION AND VENUE

9.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(a), (b) and (o) and 1334(b) and the Standing Order of Referral of Cases to Bankruptcy Judges, dated July 10, 1984 (Ward, Acting C.J.).

10. This is an adversary proceeding brought pursuant to Bankruptcy Rule 7001.

11. Venue of this adversary proceeding is proper in this District under 28 U.S.C. 1408.

## FACTUAL BACKGROUND

12. On or about March 20, 2006, Plaintiff entered into a European collar transaction with Lehman OTC (the "Transaction").

13. In a collar transaction, the investor holding shares of an underlying stock purchases a protective put and sells a call option on that stock. The expiration date of both the put and the call are the same, the strike price on the call is above the strike price for the put, and the number of contracts for the put and call is the same. A collar is intended to protect the profits accrued from the underlying shares of the stock rather than increasing the returns.

14. The terms of the Transaction are set forth in a trade confirmation dated March 20, 2006 ("Trade Confirmation") and ISDA Master Agreement ("Master Agreement") dated as of April 20, 2005.

15. Lehman OTC acted as principal in the Transaction.

16. LBHI acted as guarantor under the Transaction guaranteeing the "punctual payment of all amounts payable" by Lehman OTC to Plaintiff.

17. Pursuant to the terms of the Transaction, Plaintiff initially posted 100,000 shares

of the common stock Google, Inc. as collateral for its performance obligations.

18.     Lehman OTC returned 25,000 shares of the common stock of Google Inc. pursuant to a Partial Termination Agreement, dated July 25, 2006.

19.     Under the terms of the Transaction, it expired unexercised on December 19, 2008. Upon the expiration of the Transaction, Lehman OTC had an absolute and unconditional obligation to return the Google Shares the Plaintiff.

20.     Plaintiff fulfilled all of its performance obligations required under the terms of the Transaction.

21.     Accordingly, Plaintiff is entitled to the return of the 75,000 Google Shares that it previously posted as collateral.

22.     In addition, Plaintiff is entitled to all dividends and interest due under the Transaction.

23.     On January 13, 2009, Plaintiff through its attorney sent a letter to Lehman OTC seeking the return of the 75,000 Google Shares along with any unpaid dividends and interest by January 19, 2009 or a date certain by which the Google Shares would be returned.

24.     On February 12, 2009, Plaintiff through its attorney sent a second letter to Lehman OTC seeking the return of the 75,000 Google Shares along with any unpaid dividends and interest within five (5) business days of receipt of the letter.

25.     As of the filing of this Complaint, Lehman OTC has not responded or returned the 75,000 Google Shares to Plaintiff.

**CLAIMS FOR RELIEF**

**COUNT 1 (BREACH OF CONTRACT)**

26.     Plaintiff repeats and incorporates by reference each and every allegation

contained in each and every preceding Paragraph with full force and effect as though fully set forth herein.

27. Pursuant to the terms of the Transaction, Debtor Defendants have a contractual obligation to return the Google Shares posted as collateral for the Plaintiff's performance obligations.

28. Debtor Defendants' refusal to return the Google Shares is a breach of the Transaction's contractual terms.

29. Accordingly, Plaintiff is entitled to the prompt return of the Google Shares as well as all dividends and interest.

## COUNT II (REPLEVIN)

30. Plaintiff repeats and incorporates by reference each and every allegation contained in each and every preceding Paragraph with full force and effect as though fully set forth herein.

31. Plaintiff is the owner of and is entitled to, the immediate possession of the Google Shares.

32. At the time this Complaint was filed, the Google Shares were worth $25,983,750.00.

33. Upon information and belief, Defendants are in possession of, and continue to wrongfully detain the Google Shares from Plaintiff.

34. Before the commencement of this action, Plaintiff, through its counsel, sent two demand letters to Defendants seeking the Google Shares, but Defendants has not returned the Google Shares.

WHEREFORE, Plaintiff Hank's Living Trust requests the Court adjudge that:

08-13555-mg    Doc 2894    Filed 02/23/09    Entered 02/23/09 15:07:54    Main Document
                                    Pg 6 of 6

(1)   Judgment against the Debtor Defendants be entered in favor of Hank's Trust for breach of contract;

(2)   Alternatively, judgment against the Debtor Defendants be entered in favor of Hank's Trust for replevin;

(3)   Plaintiff be awarded recovery of the 75,000 Google Shares plus dividends and interest; and

(4)   The Court grant such other, further and different relief as may be just and proper.

Dated:  New York, New York

February 23, 2009

DLA PIPER LLP (US)

By:   /s/Joshua S. Sohn
      Joshua S. Sohn
      Rachel A. Gupta
      1251 Avenue Of The Americas
      New York, New York 10020
      Tel:  (212) 335-4500
      Fax:  (212) 335.4501
      joshua.sohn@dlapiper.com
      rachel.gupta@dlapiper.com