**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | |
|---|---|
| In re | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------ x

BARCLAYS CAPITAL INC.,

      Movant for Rule 60(b) Relief,

          v.

AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY,

      Respondent.

------------------------------------------------------------ x

AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY,

      Movant for Rule 37 Relief,

          v.

BARCLAYS CAPITAL INC.,

      Respondent.

------------------------------------------------------------ x

**ORDER AUTHORIZING AMEX TO FILE UNDER SEAL AN**
**UNREDACTED VERSION OF ITS RESPONSE TO BARCLAYS CAPITAL INC'S**
**MEMORANDUM OF LAW IN OPPOSITION TO AMERICAN EXPRESS TRAVEL RELATED**
**SERVICES COMPANY INC.'S APPLICATION TO COMPEL DISCLOSURE OF A**
**PRIVILEGED COMMUNICATION BETWEEN BARCLAYS' OUTSIDE AND IN-HOUSE**
**COUNSEL AND EXHIBITS C, D, E, G, J, AND K TO THE DECLARATION OF ROY TAUB**

Upon the motion, dated February 24, 2009 (the "Motion"), of American Express Travel Related Services Company ("AmEx") for entry of an order, pursuant to section 107(b) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing AmEx to file under seal an

NYC 687230.2

unredacted version of its Response to Barclays Capital Inc's Memorandum of Law in Opposition to American Express Travel Related Services Company Inc.'s Application to Compel Disclosure of a Privileged Communication Between Barclays' Outside and In-house Counsel ("Response"), and Exhibits C, D, E, G, J, and K to the Declaration of Roy Taub in Further Support of AmEx's Motion to Compel Disclosure of Allegedly Privileged Communications and Documents; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to all necessary parties, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Movants, the Debtors, the Debtors' estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

      1.    **ORDERED** that, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Motion is granted; and it is further

      2.    **ORDERED** that, pursuant to section 107(b) of the Bankruptcy Code, the Clerk of the Court is directed to file an unredacted version of AmEx's Response, and Exhibits C, D, E, G, J and K to the Declaration of Roy Taub in Further Support of AmEx's Motion to Compel Disclosure of Allegedly Privileged Communications and Documents, under seal in an envelope, clearly indicating that the Response has been filed under seal by order of the United

States Bankruptcy Court for the Southern District of New York and may not be unsealed until and unless permitted by further order of the Court; and it is further

3.  **ORDERED** that AmEx is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

4.  **ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

5.  **ORDERED** that the Court retains jurisdiction to enforce this Order and the confidentiality of the Schedules and the sensitive information contained therein, including the authority to impose sanctions on any person or entity that violates this Order.

Dated: New York, New York  
      February ___, 2009  

_____  
HON. JAMES M. PECK  
UNITED STATES BANKRUPTCY JUDGE