**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
:
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------------x

**ORDER AUTHORIZING (I) THE SETTLEMENT OF
CERTAIN RIGHTS UNDER LOAN AGREEMENTS, (II) THE SALE OF
CERTAIN RIGHTS UNDER LOAN AGREEMENTS, AND (III) RELATED
RELIEF**

Upon the motion, dated January 27, 2009 (the "Motion")[1], of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together the "Debtors" and with their non-debtor subsidiaries "Lehman"), for entry of an order, pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9019, authorizing (i) the settlement between Lehman Commercial Paper Inc. ("LCPI") and Lehman Brothers Bankhaus AG ("Bankhaus"), as memorialized in the Deed, and (ii) the assignment and sale of the Receivables by LCPI to Vector Holdings S.a.r.l. ("Vector") free and clear of any liens, claims, encumbrances, and other interests, pursuant to the Assignment Agreement, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10,

---

[1] Capitalized terms used but not defined in this Order have the meanings ascribed to them in the Motion.

1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285]; and in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; and the Court having found and determined that the relief sought in the Motion is in the best interests of the LCPI, the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

FURTHER FOUND AND DETERMINED that:

A.    **Business Justification**.  LCPI has properly exercised its reasonable business judgment in its assignment and sale of the Receivables, pursuant to the terms, and subject to the conditions, of the Assignment Agreement.  LCPI has shown good and sufficient business justification under sections 363(b) and (l) of the Bankruptcy Code for the relief requested in the Motion and the approval of the transactions contemplated thereby.

B.    **Best Interests**.  The relief sought in the Motion is in the best interests of LCPI, its estate and creditors, and all parties in interest in that, without exclusion:  (i) the Assignment Agreement and the Deed were proposed, negotiated and entered into in good faith, from arm's-length bargaining positions among LCPI, Bankhaus, and Vector, and without collusion, and Vector is not an "insider" of the

Debtors, as that term in defined in section 101(31) of the Bankruptcy Code, and is not a continuation of the Debtors' corporation; (ii) LCPI was free to deal with any other party interested in acquiring the rights to be assigned and sold to Vector pursuant to the Assignment Agreement; and (iii) LCPI has proposed for adequate notice and a reasonable opportunity to be heard in connection with the proposed assignment and sale of the Receivables.

        C.    **<u>Consideration</u>**. The consideration to be paid by Vector pursuant to the terms, and subject to the conditions, of the Assignment Agreement: (i) represents the highest and best offer for the Receivables; (ii) is fair and reasonable; (iii) will provide for a greater recovery for LCPI's creditors than would be provided by any other practical, available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

        D.    **<u>Fair and Reasonable</u>**. The Deed is an integral aspect of the Assignment Agreement and the LBT Stock Sale and in light of the recovery afforded to LCPI's estate by the Assignment Agreement and because the Deed will not have a detrimental impact on LCPI's estate, the compromise of claims pursuant to the Deed rises well above the lowest range of reasonableness.

        E.    **<u>Good Faith</u>**. Vector is a good faith purchaser of the Receivables within the meaning of section 363(m) of the Bankruptcy Code and is, therefore, entitled to all of the protections afforded thereby. None of LCPI, Vector, or Bankhaus has engaged in conduct that would prevent the application of section 363(m) of the Bankruptcy Code or permit the Assignment Agreement or the Deed to be avoided under

section 363(n) of the Bankruptcy Code. Vector has proceeded in good faith in all respects in connection with this proceeding and will be acting in good faith in closing the transactions contemplated by the Assignment Agreement.

F. **Free and Clear Transfer**. Upon the fulfillment of the Conditions (as defined in the Assignment Agreement) and payment of the LCPI Payment Amount (as defined in the Sale and Purchase Agreement), the sale, assignment, conveyance, and transfer to Vector of the Receivables shall be legal, valid, and binding and an effective transfer of property and shall vest in Vector all right, title, and interest in and to same free and clear of all liens, claims (as defined in section 101(5) of the Bankruptcy Code), encumbrances and other interests.

G. **Retention of Rights By the Government**. Nothing in this Order or in the Assignment Agreement or Deed (i) releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order; or (ii) should be construed to give Vector any more protection against any governmental unit than it is otherwise entitled to under 11 U.S.C. § 363(f)(1), (3), (4), or (5). Nothing in this paragraph should be construed to create for any governmental unit any substantive right that does not already exist under law.

H. **Satisfaction of 363(f) Standards**. LCPI may sell the Receivables free and clear of any and all liens, claims, encumbrances and other interests because one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code have been satisfied, including, without limitation, section 363(f)(5) thereof.

4

I.      **Private Sale**.  LCPI and its advisors have already undertaken a substantial marketing process.  The time and effort associated with marketing the Receivables for sale at a public auction would needlessly duplicate these previous endeavors. Furthermore, the exigent circumstances surrounding these chapter 11 cases support LCPI's decision to pursue a private sale.  The unwarranted delay, risk, and expense associated with a public auction would far exceed any benefit to LCPI, its estate or its creditors.

J.      **Prompt Consummation**.  The prompt consummation of the assumption, assignment, and sale of the Receivables is in the best interests of LCPI, its estate, and its creditors.

K.      **Conclusions of Law and Fact**.   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate.

NOW, THEREFORE, IT IS ORDERED THAT:

1.      The Motion is GRANTED.

2.      Pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rules 6004, and 9019, the Assignment Agreement and the Deed are approved, and LCPI is authorized to perform all obligations under the Assignment Agreement and the Deed and to execute such other documents and take such other actions as may be necessary or appropriate to effectuate the Assignment Agreement and the Deed and the provisions of this Order, and to consummate all the transactions contemplated by the Assignment Agreement and the Deed.

3. Subject to the terms and conditions of the Assignment Agreement, Vector shall acquire all of LCPI's rights under the Loan Agreements.

4. Subject to the terms and conditions of the Assignment Agreement, LCPI shall sell, assign, transfer, and convey absolutely and unconditionally the Receivables to Vector, and Vector shall acquire all of LCPI's right, title and interest in and to the Receivables.

5. Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

6. Pursuant to section 363(f) of the Bankruptcy Code, LCPI's right, title and interest in and to the Receivables shall be sold to Vector free and clear of any and all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and other interests (if any) to attach to the proceeds of the sale of the Receivables with the same force, effect, and priority as such liens, claims, encumbrances and other interests have on the Receivables as appropriate, subject to the rights and defenses of LCPI and any party in interest with respect thereto.

7. The sale of the Receivables to Vector pursuant to the Assignment Agreement and this Order vests Vector with all right, title and interest in and to the Receivables free and clear of all liens, claims, encumbrances and other interests of any kind whatsoever.

8. The Assignment Agreement was negotiated at arm's-length and entered into in good faith by the respective parties thereto, and Vector is entitled to all the

benefits and protections of section 363(m) of the Bankruptcy Code, and consummation of the sale and assignment of the Receivables pursuant to the Assignment Agreement shall not be affected by reversal or modification on appeal of this Order, in that: (i) Vector has not violated section 363(n) of the Bankruptcy Code by any action or inaction; (ii) no common identity or directors or controlling stockholders exists between Vector and LCPI; and (iii) the negotiation and execution of the Assignment Agreement and any other agreements or instruments related thereto was without collusion, at arm's-length and in good faith.

        9.     This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and any stay imposed by Bankruptcy Rule 6004(g) are hereby waived.

        10.     The jurisdictional provisions of the Assignment Agreement shall be binding on the parties thereto.  This Court shall retain jurisdiction to interpret and enforce this Order.

Dated: February 24, 2009
      New York, New York

                                      */s/ James M. Peck*_____
                                      HONORABLE JAMES M. PECK
                                      UNITED STATES BANKRUPTCY JUDGE