UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                               :

In re                                       :          Chapter 11

LEHMAN BROTHERS HOLDINGS INC., et al.,    :          Case No. 08-13555 (JMP)

                        Debtors.            :          (Jointly Administered)
---------------------------------------------------------------x

**ORDER AUTHORIZING THE EXAMINER
TO RETAIN AND EMPLOY DUFF & PHELPS LLC
AS HIS FINANCIAL ADVISORS *NUNC PRO TUNC* AS OF FEBRUARY 6, 2009**

      Upon the Application of the Examiner for Order Authorizing the Retention and Employment of Duff & Phelps, LLC ("D&P") as His Financial Advisors *Nunc Pro Tunc* as of February 6, 2009 (the "Application") filed by Anton R. Valukas, the examiner (the "Examiner") appointed in the above-captioned bankruptcy cases, and the Court having reviewed the Application, the Declaration of Allen M. Pfeiffer in Support of Examiner's Application to Retain Duff & Phelps (the "Pfeiffer Declaration"), and the exhibits thereto submitted in support thereof; and the Court being satisfied that (a) except as otherwise set forth in the Pfeiffer Declaration, Duff & Phelps does not represent any interests adverse to the Debtors or their estates with respect to which Duff & Phelps is to be engaged; (b) D&P is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code; (c) the employment of D&P is necessary and in the best interest of the Examiner, the Debtors and their estates; (d) adequate notice of the Application has been provided in accordance with the procedures set forth in the order entered September 22, 2008, governing case management and administrative procedures [Docket # 285] to (i) the Court; (ii) counsel for the Debtors; (iii) the United States Trustee for Region 2; (iv) counsel for the Official Committee of Unsecured Creditors; (v) counsel for the Debtors' postpetition lenders; (vi) the Securities and Exchange Commission; (vii) the Internal

Revenue Service; (viii) the United States Attorney for the Southern District of New York; and (ix) all parties who have requested notice in these Chapter 11 Cases; and (e) it appearing that no other or further notice of the Application need be provided; and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED

1. The Application is granted to the extent provided herein.

2. The Examiner is authorized to retain D&P as his financial advisors, *nunc pro tunc*, as of February 6, 2009, upon the terms and conditions set forth in the Application, the Engagement Letter, and the Pfeiffer Declaration, except as modified herein.

3. D&P shall be compensated for its services and reimbursed for any related expenses, which are to be determined pursuant to standards equivalent to those set forth in 11 U.S.C. §§ 330 and 331, upon the filing of the appropriate applications for allowance of interim or final compensation in accordance with the procedures established in these cases including the Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses other Professionals [Docket No. 1604].

4. All requests of D&P for payment of indemnity pursuant to the engagement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the engagement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, <u>provided</u>, <u>however</u>, that in no event shall D&P be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

5. In no event shall D&P be indemnified if the Debtor or a representative of the estate, asserts a claim for, and a court determines by final order that such claim arose out of, D&P's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

6. This Court shall have exclusive jurisdiction with respect to any claim or controversy arising from or related to the implementation of this Order.

Dated: February 25, 2009
      New York, New York

                                        */s/ James M. Peck*
                                        UNITED STATES BANKRUPTCY JUDGE