JENNER & BLOCK, LLP
Patrick J. Trostle
919 Third Avenue
37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

Jerome L. Epstein (admitted *pro hac vice*)
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Attorneys for Anton R. Valukas, Esq., Examiner

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**LEHMAN BROTHERS HOLDINGS, INC.,** *et al.*,<br><br>Debtors. | **Chapter 11 Case No.**<br><br>**08-13555 (JMP)**<br><br>**(Jointly Administered)** |

**EXAMINER'S RESPONSE TO DEBTORS' LIMITED
OBJECTION TO PROPOSED ORDER AND STIPULATION
BETWEEN THE EXAMINER AND JPMORGAN CHASE BANK, N.A.**

Anton R. Valukas, Esq., in his capacity as Examiner appointed in the Chapter 11 cases of

Lehman Brothers Holdings, Inc. and its affiliated debtors and debtors-in-possession (the

"Debtors"), responds as follows to the Debtors' Limited Objection To Proposed Order And

Stipulation Between The Examiner And JPMorgan Chase Bank, N.A. (the "Limited Objection"):

1.     The Examiner has requested that JPMorgan Chase Bank, N.A. ("JPMorgan")

produce certain documents and provide information relevant to the Examiner's investigation. In

response to the Examiner's requests, JPMorgan asserted that some of the requested materials were particularly sensitive and could cause substantial harm if disclosed. JPMorgan asserted, for example, that disclosure of documents containing valuations of securities still in JPMorgan's possession, or JPMorgan's plans with respect to such securities, could impair the value of such securities in the market. Accordingly, the Examiner and JPMorgan negotiated a proposed protective order governing the confidentiality and treatment of documents to be produced by JPMorgan to the Examiner.

2.  After carefully considering the Debtors' objections, the Examiner has determined that the proposed order appropriately balances the Examiner's need to carry out his responsibilities and JPMorgan's need for confidentiality for narrow categories of documents. Based on the Debtors' concerns, however, the Examiner has agreed to remove – and has obtained a concession from JPMorgan to remove – a provision in the proposed order that would have required the Examiner to return or destroy the JPMorgan documents at the conclusion of the investigation.

3.  The proposed order allows the Examiner to conduct his investigation without unreasonable restrictions. Among other provisions, the proposed order narrowly defines which materials can be deemed "Highly Confidential" by JPMorgan, provides a mechanism for the Examiner to challenge JPMorgan's confidentiality designations if they are not justified, and provides a mechanism for gaining permission to use even "Highly Confidential" documents for witnesses not otherwise entitled to see such documents, and for seeking relief from this Court if additional access cannot be resolved consensually.

4.  The Debtors object to the "Highly Confidential" provisions in the proposed order on the ground that those provisions will be "detrimental and highly prejudicial to the Debtors."

(Limited Objection, ¶ 1.) Any such concerns are belied by the Debtors' recognition that the Debtors *are not even bound by the confidentiality restrictions between the Examiner and JPMorgan*. The proposed protective order between the Examiner and JPMorgan does not limit the Debtors from pursuing any type of discovery against JPMorgan, or prevent the Debtors from negotiating or litigating any disputes over their access to JPMorgan documents.

5.  JPMorgan instead seems to be concerned that its access to *the Examiner's files* is being limited. But that issue has already been resolved by this Court. During the hearing on February 11, 2009 in connection with the Examiner's work plan, the Debtors sought relief from this Court to allow them to attend interviews and otherwise participate in discovery conducted by the Examiner. Following oral argument by both the Examiner and Debtors' counsel, the Court rejected the request. On February 17, 2009, the Court entered an order approving the Examiner's work plan (the "February 17th Order"). The February 17th Order provides in relevant part that "the Court [is] satisfied . . . that . . . (ii) the Examiner will exercise appropriate discretion regarding what information may be shared with interested parties *but that the Examiner is not required to share information with parties who are the subject of the investigation*[.]" (February 17th Order, p. 1 (emphasis added).)

6.  Accordingly, the Examiner is of the view that the concerns expressed in the Limited Objection have been considered and rejected by the Court. Whether or not the Debtors may participate in the Examiner's discovery should not be relitigated in the context of a protective order governing JPMorgan's production of documents to the Examiner. Nothing in the proposed order in any way restricts the Debtors' ability to obtain information directly from JPMorgan. As noted above, however, the Examiner has agreed to remove, and obtained JPMorgan's consent to remove, a provision in the proposed order that would have required the

return or destruction of documents obtained from JPMorgan at the conclusion of the examination. All other terms should remain intact in order to allow the Examiner to fulfill his duties while at the same time protecting confidentiality concerns raised by JPMorgan. A revised proposed order is submitted herewith as Exhibit A.

Dated: February 26, 2009
New York, New York

                          By:  */s/ Patrick J. Trostle*
                                Patrick J. Trostle
                                Jerome L. Epstein

                          JENNER & BLOCK, LLP
                          Patrick J. Trostle
                          919 Third Avenue
                          37th Floor
                          New York, New York 10022-3908
                          Telephone:  (212) 891-1600
                          Facsimile:  (212) 891-1699

                          Jerome L. Epstein *(admitted pro hac vice)*
                          1099 New York Avenue, NW
                          Suite 900
                          Washington, DC  20001-4412
                          Telephone:  (202) 639-6000
                          Facsimile:  (202) 639-6066

                          Attorneys for Anton R. Valukas, Esq., Examiner