**CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP**
101 Park Avenue
New York, New York  10178-0061
Telephone:  212) 696-6000
Facsimile  (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
Turner P. Smith

*Conflicts Counsel for the Debtors
 and Debtors In Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
|  |  |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. |  |

------------------------------------------------------------------------x

|  |  |
|---|---|
| LEHMAN COMMERCIAL PAPER INC., |  |
| Plaintiff, |  |
| vs. | Adversary Proceeding No.: 09-_____(JMP) |
| iSTAR FINANCIAL INC., |  |
| Defendant. |  |

------------------------------------------------------------------------x

### *EX PARTE* MOTION FOR ENTRY OF AN ORDER AUTHORIZING LCPI TO FILE THE CONFIDENTIAL iSTAR DOCUMENTS UNDER SEAL

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

5637747

Lehman Commercial Paper, Inc. ("LCPI"),[1] a debtor in debtor in possession in the above-captioned jointly administered case of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), hereby move (this "Motion") for entry of an order authorizing LCPI to file under seal a copy of the *Debtors' Application for an Order to Enjoin iStar Financial Inc. From Amending and Restructuring its Unsecured Credit Facilities and Creating a New Senior Secured Credit Facility Pursuant to 11 U.S.C. §§ 362, 541 and 549, and Rule 65 of the Federal Rules of Civil Procedure, as Made Applicable Hereto Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure and Rule 9006 of the Federal Rules of Bankruptcy Procedure* (the "Application for an Injunction"), the exhibits to the Application for an Injunction (the "Exhibits") and the *Complaint for Declaratory and Injunctive Relief* (the "Adversary Complaint" and collectively with the Application for an Injunction and the Exhibits, the "Confidential iStar Documents"). In support of this Motion, the Debtors respectfully represent and state as follows:

**Background**

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries, including LCPI, commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Application for an Injunction (as defined below).

2

5637747

operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

## Jurisdiction

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Lehman's Business

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman was a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide. Its former headquarters in New York and regional headquarters in London and Tokyo were complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

6. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District

3

of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Relief Requested**

7.  LCPI is one of a syndicate of lenders to iStar Financial, Inc. ("iStar") under two revolving credit facilities.  LCPI is commencing an adversary proceeding against iStar in which LCPI seeks a declaration that a proposed amendment and restructuring of iStar's credit facilities, the creation of a new senior secured credit facility and possible bond and/or note exchanges constitute a violation of the automatic stay provisions under Section 362(a) of the Bankruptcy Code, as well as an unauthorized post-petition transfer in violation of Section 549 of the Bankruptcy Code.

8.  By this Motion, LCPI respectfully requests that the Court enter an order authorizing LCPI to file a copy of the Confidential iStar Documents under seal in accordance with Section 107(b) of the Bankruptcy Code and directing that the Confidential iStar Documents shall remain under seal and confidential and not be made available to anyone without the consent of the Debtors and iStar.

**Basis for Relief Requested**

9.  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  This Section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1)   protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

4

  (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

  10. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under Section 107(b) of the Bankruptcy Code, and provides that

> "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information [or] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . ."

Fed. R. Bankr. P. 9018.

  11. To qualify for protection under Section 107(b) of the Bankruptcy Code, an interested party only needs to show that the information it seeks to file under seal is "confidential" and "commercial" in nature. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). The Second Circuit has defined "commercial information" as information that would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Id.* (quoting *Ad Hoc Protective Comm. for 10 ½% Debenture Holders v. Itel Corp. (In re Itel Corp.),* 17 B.R. 942, 944 (9th Cir. B.A.P. 1982)).

  12. Once a court determines that a party in interest is requesting protection of information that fits within one of the enumerated categories "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.; see also In re Farmland Industries, Inc.,* 290 B.R. 364, 368 (Bankr. W.D. Mo. 2003).

  13. The Debtors submit that good cause exists for the Court to grant the relief requested herein. The Confidential iStar Documents contain highly sensitive information that

5

5637747

iStar may deem proprietary and confidential, including material non-public information given that the Application for an Injunction and the Adversary Complaint contain information that has been designated "Strictly Private and Confidential." It is respectfully submitted that the public disclosure of the information contained within those documents may prospectively harm iStar by providing public access to this highly confidential and proprietary information. Disclosure of the facts underlying the Confidential iStar Documents may expose iStar to a substantial commercial and/or competitive disadvantage in the future when conducting business or negotiating and entering into similar agreements with other parties.

### Reason for Proceeding on an *Ex Parte* Basis

14. The Debtors are proceeding on an *ex parte* basis, as opposed to notice and hearing, because the Debtors have an immediate need to file the Application for an Injunction and the Adversary Complaint because the closing of the transactions discussed in the Application for an Injunction and the Adversary Complaint may close as early as March 4, 2009. As the Confidential iStar Documents contain "Strictly Private and Confidential" information, the Debtors request that the Confidential iStar Documents be filed under seal.

### Memorandum of Law

15. This Motion includes citations to the applicable authorities and a discussion of their application to this Motion. Accordingly, the Debtors respectfully submit that such citations and discussion satisfy the requirement that the Debtors submit a separate memorandum of law in support of this Motion pursuant to Rule 9013-1 of the Local Rules.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

6

5637747

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: February 26, 2009
      New York, New York

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By: /s/ L. P. Harrison 3rd
    Steven J. Reisman
    L. P. Harrison 3rd
    Turner P. Smith
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

*Conflicts Counsel for the Debtors
and Debtors In Possession*

7

5637747

## **EXHIBIT A**

**(Proposed Order)**

5637747

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                             :    Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*     :    08-13555 (JMP)
:
Debtors.                          :    (Jointly Administered)
:
:
------------------------------------------------------------------x

### *EX PARTE* ORDER AUTHORIZING LCPI TO FILE THE CONFIDENTIAL iSTAR DOCUMENTS UNDER SEAL

Upon the motion (the "Motion")[1] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order authorizing LCPI to file under seal a copy of the *Debtors' Application for an Order to Enjoin iStar Financial Inc. From Amending and Restructuring its Unsecured Credit Facilities and Creating a New Senior Secured Credit Facility Pursuant to 11 U.S.C. §§ 362, 541 and 549, and Rule 65 of the Federal Rules of Civil Procedure, as Made Applicable Hereto Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, Rule 9006 of the Federal Rules of Bankruptcy Procedure* (the "Application for an Injunction"), the exhibits to the Application for an Injunction (the "Exhibits") and the *Complaint for Declaratory and Injunctive Relief* (the "Adversary Complaint" and collectively with the Application for an Injunction and the Exhibits, the "Confidential iStar Documents") and limiting the parties who have access to the Confidential iStar Documents and the Affidavit of Turner P. Smith in support of the Motion; it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this

---

[1] All capitalized terms not defined herein shall have the same meanings ascribed to them in the Motion.

5637747

proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted.

2. The Debtors are authorized to file a copy of the Confidential iStar Documents under seal by delivering such documents to Chambers and to the Clerk of the Court's attention with a letter referencing this Order. The Confidential iStar Documents shall remain under seal and confidential and shall not be made available to anyone without the consent of the Debtors and iStar Financial, Inc. or further order of this Court.

3. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. All time periods in this Order shall be calculated in accordance with Bankruptcy Rule 9006(d).

6. The requirement set forth in Local Rule 9013-1(b) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or is otherwise waived.

7. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

5637747

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: February __, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

5637747