WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone (212) 403-1000
Facsimile (212) 403-2000
Harold S. Novikoff (HN 3898)
Amy R. Wolf (AW 6646)

Attorneys for JPMorgan Chase Bank, N.A.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS, INC.**, *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**JOINDER OF JPMORGAN CHASE BANK, N.A. IN EXAMINER'S
RESPONSE TO DEBTORS' LIMITED OBJECTION TO PROPOSED
ORDER AND STIPULATION BETWEEN THE EXAMINER
AND JPMORGAN CHASE BANK, N.A.**

JPMorgan Chase Bank, N.A. ("JPMorgan"), by and through its undersigned attorneys, hereby makes the following statement in support of the "Examiner's Response to Debtors' Limited Objection to Proposed Order and Stipulation between the Examiner and JPMorgan Chase Bank, N.A. ("Response"):

1.  JPMorgan fully endorses the views expressed by the Examiner in his Response,[1] and requests that the proposed order be approved.

---

[1] The Response does contain one error, no doubt typographical. At the beginning of paragraph 5, it refers to JPMorgan, when it appears it should have referred to the Debtors.

2. The proposed order was the product of a lengthy, arms' length negotiation between JPMorgan and the Examiner, in which the parties sought to balance the needs of JPMorgan to protect the confidentiality of its information with the Examiner's need to be able to conduct his investigation and examine witnesses other than JPMorgan with respect to materials from JPMorgan's files. The only materials that JPMorgan is permitted to designate Highly Confidential are documents which identify specific securities, the disclosure of which could impair the value of collateral obtained from the Debtors, to the detriment of both JPMorgan and the estates, information about other customers of JPMorgan, and other information which JPMorgan is precluded by law from disclosing. These categories of documents were carefully designed to protect only those materials for which JPMorgan has a compelling need to avoid public disclosure.

3. The Debtors express concern that JPMorgan's ability to designate certain documents as Highly Confidential will preclude the Debtors from obtaining access to information the Debtors require. But nothing in JPMorgan's agreement with the Examiner impairs the Debtors' ability to seek information from JPMorgan, or even to seek disclosure of information provided by JPMorgan to the Examiner. Indeed, there is already in place a confidentiality agreement between JPMorgan and the Debtors containing protections to preserve the confidentiality of information provided by JPMorgan of the kind referred to as Highly Confidential in the Stipulation.

4. The only aspect of the proposed order that conceivably impacted on the ability of any party to seek access to information provided to the Examiner was the standard provision requiring return or destruction of documents at the end of the Investigation. After

reviewing the Debtors' Objection, the Examiner asked JPMorgan to consent to the deletion of that provision, and JPMorgan has consented.  That should be the end of the matter.

5.     JPMorgan has been making, and intends to continue to make, every effort to cooperate with the Examiner.  The Examiner's willingness to protect JPMorgan's need for confidentiality as to certain documents was crucial to JPMorgan's ability to provide the sort of open cooperation that will expedite the Investigation, and make it less, rather than more, costly.  The Debtors' Objection should be overruled.

Dated:   New York, New York
         February 27, 2009

WACHTELL, LIPTON, ROSEN & KATZ

By:    /s/ Amy R. Wolf
       Harold S. Novikoff  (HN 3898)
       Amy R. Wolf  (AW 6646)

51 West 52nd Street
New York, New York  10019
(212) 403-1000

Attorneys for JPMorgan Chase Bank, N.A.

-3-