**Hearing Date and Time: March 25, 2009 at 10:00 a.m (Prevailing Eastern Time)**
**Objection Date and Time:  March 16, 2009 at 4:00 p.m (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :    08-13555 (JMP)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
                                              :
----------------------------------------------------------------x
```

### NOTICE OF DEBTORS' MOTION FOR AN ORDER
### PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY
### PROCEDURE AUTHORIZING AND APPROVING SETTLEMENT
### BETWEEN LEHMAN COMMERCIAL PAPER INC. AND PYRRHULOXIA LP

PLEASE TAKE NOTICE that a hearing on the annexed motion of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc.

("LCPI," and together with LBHI, the "Debtors") for entry of an order authorizing and approving

the terms of a settlement between LCPI and Pyrrhuloxia LP (the "Motion"), all as more fully

described in the Motion, will be held before the Honorable James M. Peck, United States

Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House,

Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on

**March 25, 2009 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York,

shall set forth the name of the objecting party, the basis for the objection and the specific grounds

thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order

M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy

Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the

chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004,

Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York

10153, Attn:  Jacqueline Marcus and John W. Lucas., attorneys for the Debtors; (iii) the Office

of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33

Whitehall Street, 21st Floor, New York, New York 10004 Attn:  Andy Velez-Rivera, Paul

Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed,

Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis

F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official

committee of unsecured creditors appointed in these cases; (v) Pillsbury Winthrop Shaw Pittman

LLP, 2300 N Street, NW, Washington, D.C. 20037, Attn: Patrick J. Potter, Esq. and 1540

Broadway, New York, NY, 10036, Attn: Gianni Dimos, Esq., attorneys for Pyrrhuloxia LP; and

(vi) any person or entity with a particularized interest in the Motion, so as to be received no later

than **March 16, 2009 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: March 5, 2009
      New York, New York

                    /s/ Jacqueline Marcus
                    Jacqueline Marcus

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Debtors
                    and Debtors in Possession

**Hearing Date and Time: March 25, 2009 at 10:00 a.m (Prevailing Eastern Time)**
**Objection Date and Time:  March 16, 2009 at 4:00 p.m (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                    :        **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
:
Debtors.                      :        **(Jointly Administered)**
:
:
------------------------------------------------------------------x

**DEBTORS' MOTION FOR AN ORDER PURSUANT**
**TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE AUTHORIZING AND APPROVING SETTLEMENT**
**BETWEEN LEHMAN COMMERCIAL PAPER INC. AND PYRRHULOXIA LP**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

              Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman

Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors"),

respectfully represent:

<u>**Background**</u>

              1.              Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

2.    On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.    On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January

20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

## Jurisdiction

5.    This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Lehman's Business

6.    Prior to the events leading up to these chapter 11 cases, Lehman was the

fourth largest investment bank in the United States.  For more than 150 years, Lehman had been

a leader in the global financial markets by serving the financial needs of corporations,

governmental units, institutional clients and individuals worldwide.

7.    Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications,

filed on September 15, 2008 [Docket No. 2].

### Relief Requested

8.      By this Motion, the Debtors seek entry of an order pursuant to Bankruptcy

Rule 9019 authorizing LCPI to compromise and settle a dispute with Pyrrhuloxia LP

("Pyrrhuloxia").  The terms of the settlement agreement are reflected in that certain letter

agreement dated March 3, 2009 between LCPI and Pyrrhuloxia (the "Parties"), a redacted copy

of which is attached hereto as Exhibit 1 (the "Settlement Agreement").[1]

### LCPI's Relationship To Pyrrhuloxia

9.      On November 14, 2008, the Debtors filed with the Bankruptcy Court the

Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption

or Rejection of Open Trade Confirmations [Docket No. 1541] (the "Motion").  The Motion

sought, *inter alia*, an order approving the assumption of fifteen Open Trade Confirmations[2]

pursuant to which LCPI agreed to sell, and Pyrrhuloxia agreed to purchase, the debt of Hawaiian

Telcom Communications, Inc. (the "Trades").

10.     The Debtors attached to the Motion a notice (the "Notice of Hearing"),

which set forth that objections to the Motion were to be filed with the Bankruptcy Court and

served so as to be received no later than November 28, 2008 at 4:00 p.m. ("Objection Deadline")

and that the hearing to consider the Motion would be held on December 3, 2008.  Lehman served

---

[1] At Pyrrhuloxia's request, certain confidential information about the Trades has been redacted. An unredacted copy of the Settlement Agreement has been provided to counsel for the Creditors' Committee and will be provided to the Court upon request.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

the Motion and Notice of Hearing on all Counterparties, including Pyrrhuloxia, on November 14,

2008. Pyrrhuloxia's counsel has admitted that Pyrrhuloxia "did receive the [M]otion in a timely

fashion." *See* Transcript to December 16, 2008 Hearing, at 123 (the "December 16 Transcript").

11.     Twenty-six objections to the Motion were timely filed, including

objections filed by USAA High-Yield Opportunities Fund ("USAA"), THL Credit Partners, L.P.

("THL"), and Citigroup Inc. on behalf of itself and its affiliates ("Citibank"). Because of the

number of objections and the Debtors' belief that many of these objections could be resolved, the

Debtors adjourned the hearing to consider the Motion to December 16, 2008 and filed a Notice

of Adjournment on December 1, 2008 [Docket No. 1938].

12.     On December 10, 2008, Pyrrhuloxia filed a limited joinder to the

objections that had been filed by USAA, THL, and Citibank (the "Limited Joinder") [Docket No.

2149].

13.     On December 15, 2008, the Debtors filed an omnibus reply to the

objections to the Motion (the "Reply") [Docket No. 2208]. The Reply requested that the

Bankruptcy Court overrule Pyrrhoxlia's Limited Joinder, noting that, had the hearing to consider

the Motion been held on December 3, 2008 as originally scheduled, Pyrrhuloxia would have

missed the opportunity to object.

14.     At the hearing held on December 16, 2008, the Bankruptcy Court

overruled Pyrrhuloxia's Limited Joinder on the grounds that it was untimely. December 16

Transcript at 125. At the conclusion of the hearing, the Bankruptcy Court entered the Order

Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 2258] (the

"December 16 Order") in which the Bankruptcy Court approved the assumption by LCPI of the

Trades.

15.     On December 23, 2008, Pyrrhuloxia filed the Notice of Appeal [Docket No. 2361] of the December 16 Order (the "Appeal"), appealing to the United States District Court of the Southern District of New York (the "District Court").  The Appeal is currently pending in the District Court before the Honorable Judge Denny Chin, and is styled *Pyrrhuloxia, LP v. Lehman Holdings Corporation Inc., et al.*, Case No. 09-cv-00510.

### The Settlement Agreement

16.     Despite the pendency of the Appeal, the Parties continued to try to resolve their dispute.  As a result of arms' length negotiations, the Parties were able to resolve the disputes with regard to the Motion, the Limited Joinder and the Appeal.  The salient terms of the Settlement Agreement are summarized below.

- LCPI will assume the Trades at the prices set forth in the Settlement Agreement, which represent a modest reduction in the sale price set forth in the Open Trade Confirmations.  For its part, Pyrrhuloxia has agreed to settle the Trades promptly and to forego any further objection with respect to the Trades.

- The Parties have agreed to waive any and all claims against each other relating to the Trades.

- The Settlement Agreement shall be of no force or effect, and the parties shall have no obligations thereunder, unless and until the terms thereof are approved by this Court (the "Approval Order").

- Within five (5) days of the date that the Approval Order becomes a final order, Pyrrhuloxia shall file with the District Court a Stipulation of Dismissal with Prejudice that provides for the voluntary dismissal of the Appeal in accordance with Bankruptcy Rule 8001(c) (the "Stipulation of Dismissal").

- LCPI and Pyrrhuloxia have agreed to use commercially reasonable efforts to settle all of the Trades by the date that is fourteen (14) days after approval by the District Court of the Stipulation of Dismissal.

## The Controlling Legal Standard

17.     Bankruptcy Rule 9019(a) provides that, "[o]n motion by the [debtor in

possession] and after notice and a hearing, the court may approve a compromise or settlement."

FED. R. BANKR. P. 9019(a).  In granting a motion pursuant to Rule 9019(a), a court must find that

the proposed settlement is fair and equitable and is in the best interests of the estate.  *Protective

Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424

(1968); *Fisher v. Pereira* (*In re 47-49 Charles St., Inc.*), 209 B.R. 618, 620 (S.D.N.Y. 1997); *In

re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

18.     The decision to approve a particular settlement lies within the sound

discretion of the bankruptcy court.  *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994).  It is

the responsibility of a court to examine a settlement and determine whether it "falls below the

lowest point in the range of reasonableness."  *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d

599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).

Additionally, a court may exercise its discretion "in light of the general public policy favoring

settlements."  *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

19.     While a court must "evaluate … all … factors relevant to a fair and full

assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424-25, a court

need not conduct a "mini-trial" of the merits of the claims being settled, *W.T. Grant Co.*, 699

F.2d at 608, or conduct a full independent investigation.  *In re Drexel Burnham Lambert Group,

Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991).  "[T]he bankruptcy judge does not have to

decide the numerous questions of law and fact….  The court need only canvass the settlement to

determine whether it is within the accepted range of reasonableness."  *Nellis*, 165 B.R. at 123

(internal citations omitted).

20.     The court may give weight to the informed judgment of the debtor that a compromise is fair and equitable.  *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness…. If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other.").

**The Settlement Agreement Should Be Approved Because**
**It is Fair and Equitable and Falls Well Within the Range of Reasonableness**

21.     Although the Debtors believe that they would ultimately prevail in the Appeal, they believe that the terms of the settlement are fair for the following reasons:

- Resolution of the Appeal might take several months, if not longer. Moreover, in the unlikely event that the District Court were to reverse the December 16 Order, Pyrrhuloxia would then have the opportunity to pursue its Limited Joinder, resulting in further delay.

- Under the Settlement Agreement, Pyrrhuloxia will pay LCPI tens of millions of dollars in connection with closing the Trades.  As part of the Settlement Agreement, Pyrrhuloxia has agreed to use commercially reasonable efforts to promptly settle the Trades which will enable LCPI to collect the sale proceeds within a short period of time.

- Settlement of the Trades in accordance with the Settlement Agreement allows LCPI to avoid any further market risk that it might suffer if the December 16 Order were reversed as to the Trades.

- Even if LCPI prevails in the Appeal, it would have to collect payment from Pyrrhuloxia at some point in the future. In today's precarious financial markets, the benefits of a prompt closing outweigh the modest price reduction provided in the Settlement Agreement.

- LCPI would have to incur legal fees in connection with prosecution of the Appeal; inasmuch as LCPI would have to commence preparing its appellate brief shortly, this is a propitious time to settle the Appeal because doing so will minimize the incurrence of further legal fees associated with the Appeal.

22.    Accordingly, the terms of the Settlement Agreement fall well above the lowest point in the range of reasonableness, and approval of the Settlement Agreement is in the best interests of the Debtors' estates.

### Notice

23.    No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion in accordance with the procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditor's Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for Pyrrhuloxia; and (vii) all parties who have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

24.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated:  March 5, 2009
        New York, New York


                                    /s/ Jacqueline Marcus
                                    Jacqueline Marcus

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Debtors
                                    and Debtors in Possession

## EXHIBIT A

**(Redacted Settlement Agreement)**

Lehman Commercial Paper Inc.
1271 Avenue of the Americas
New York, New York 10020

March 3, 2009

Pyrrhuloxia, LP
2100 McKinney, Suite 1770
Dallas, Texas 75201

> **Re:    Lehman Brothers Holdings Inc. –Motion of the
> Debtors for an Order Pursuant to Section 365 of
> the Bankruptcy Code Approving the Assumption
> or Rejection of Open Trade Confirmations
> [Docket 1541]  (the "Motion")**

Ladies and Gentlemen:

Reference is made to the above-referenced Motion.  In the Motion, Lehman Commercial
Paper Inc. ("LCPI") proposed to assume fifteen open trade confirmations (the "Trades")
with Pyrrhuloxia, LP ("Pyrrhuloxia").

In a Limited Joinder, dated December 10, 2008, Pyrrhuloxia objected to LCPI's
proposed treatment of the Trades (the "Objection").  By order dated December 16, 2008
the "December 16 Order"), the United States Bankruptcy Court for the Southern District
of New York (the "Bankruptcy Court") overruled the Objection.  By notice of appeal,
dated December 23, 2008, Pyrrhuloxia appealed the December 16 Order (the "Appeal")
to the United States District Court for the Southern District of New York (the "District
Court").

In order to resolve the Objection and the Appeal, LCPI and Pyrrhuloxia have agreed, as
follows:

Pyrrhuloxia LP
March 3, 2009
Page 2

1.  LCPI will assume the following sales of Hawaiian Telcom
    Communications, Inc. Senior Secured Term Loan and Revolver
    ("Hawaiian Telcom Debt") to Pyrrhuloxia, at the reduced prices set forth
    with respect to each Trade set forth below:

    o  Trade dated [REDACTED] at [REDACTED]
    o  Trade dated [REDACTED] at [REDACTED]
    o  Trade dated [REDACTED] at [REDACTED]
    o  Trade dated [REDACTED] at [REDACTED]
    o  Trade dated [REDACTED] at [REDACTED]
    o  Trade dated [REDACTED] at [REDACTED]
    o  Trade dated [REDACTED] at [REDACTED]
    o  Trade dated [REDACTED] at [REDACTED]
    o  Trade dated [REDACTED] at [REDACTED]
    o  Trade dated [REDACTED] at [REDACTED]
    o  Trade dated [REDACTED] at [REDACTED]
    o  Trade dated [REDACTED] at [REDACTED]
    o  Trade dated [REDACTED] at [REDACTED]
    o  Trade dated [REDACTED] at [REDACTED]
    o  Trade dated [REDACTED] at [REDACTED]

    Based upon the reduced prices set forth above, Pyrrhuloxia agrees to settle
    the Trades and to forego any further objection with respect to the Trades.

2.  Pyrrhuloxia will waive any and all claims against LCPI relating to the
    Trades, and will forego any other setoff, recoupment, or counterclaims
    relating to the Trades, with the exception of claims that may arise
    hereunder or under the documents executed in connection with closing of
    the Trades.  LCPI will waive any and all claims against Pyrrhuloxia
    relating to the Trades, and will forego any other setoff, recoupment, or
    counterclaims relating to the Trades, with the exception of claims that may
    arise hereunder or under the documents executed in connection with
    closing of the Trades.

3.  LCPI and Pyrrhuloxia agree that, except for the reduction in purchase
    price set forth in paragraph 1, the Trades will settle in accordance with the
    LSTA Standard Terms and Conditions for Distressed Confirmations,
    including adjustments to pricing set forth therein.

Pyrrhuloxia LP
March 3, 2009
Page 3

4.  Within five (5) days of execution of this letter agreement by LCPI and Pyrrhuloxia, LCPI shall file with the Bankruptcy Court a motion under Bankruptcy Rule 9019 (the "Rule 9019 Motion"), in form and substance reasonably satisfactory to Pyrrhuloxia, for authorization to compromise and settle the Objection and the Appeal on the terms provided herein.

5.  This letter agreement shall be of no force or effect, and the parties shall have no obligations hereunder, other than the obligation to file the Rule 9019 Motion, unless and until the terms hereof are approved by the Bankruptcy Court (the "Approval Order").

6.  Pending entry of the Approval Order, or denial of the Rule 9019 Motion, LCPI stipulates to a further extension of time for Pyrrhuloxia to file its appellate brief with the District Court.  In the event that the Rule 9019 Motion is denied, LCPI stipulates that Pyrrhuloxia shall have ten (10) days from the date of entry of an order denying the Rule 9019 Motion to file its appellate brief with the District Court, and Pyrrhuloxia stipulates that LCPI shall have five (5) weeks from the date of the filing of Pyrrhuloxia's brief to file LCPI's appellate brief with the District Court.

7.  Within five (5) days of the date that the Approval Order becomes a final order, Pyrrhuloxia shall file with the District Court a Stipulation of Dismissal with Prejudice that provides for the voluntary dismissal of the Appeal in accordance with Bankruptcy Rule 8001(c) (the "Stipulation of Dismissal"), which shall be in form and substance reasonably acceptable to LCPI and which shall provide for the payment of any court costs associated with the Appeal by Pyrrhuloxia (though not any costs or expenses of any party to the Appeal).

8.  LCPI and Pyrrhuloxia shall use commercially reasonable efforts to settle all of the Trades by the date that is fourteen (14) days after approval by the District Court of the Stipulation of Dismissal.

9.  The Bankruptcy Court shall retain jurisdiction to determine any dispute between the parties with respect to the assumption of the Trades and the terms hereof.

10. The undersigned signatory on behalf of Pyrrhuloxia confirms that he or she is authorized to enter into this letter agreement on behalf of

Pyrrhuloxia LP
March 3, 2009
Page 4

Pyrrhuloxia.  The undersigned signatory on behalf of LCPI confirms that, subject to the entry of the Approval Order, she is authorized to enter into this letter agreement on behalf of LCPI.

11. The terms of this letter agreement may not be disclosed by LCPI or Pyrrhuloxia to anyone other than (i) the professionals retained by the Creditors' Committee in LCPI's chapter 11 case, (ii) the professionals, employees and agents retained or employed by LCPI and Pyrrhuloxia, or (iv) such persons as may be agreed by the parties hereto.  LCPI and Pyrrhuloxia agree that, notwithstanding the foregoing, a redacted copy of this letter agreement may be filed with the Bankruptcy Court in connection with the Rule 9019 Motion.

Pyrrhuloxia LP
March 3, 2009
Page 5

Please confirm your agreement to the foregoing terms in the space provided below.

Sincerely,

LEHMAN COMMERCIAL PAPER INC.

By:
Title:

SALLY M. NANCOZ
AUTHORIZED SIGNATORY

ACCEPTED AND AGREED TO:

PYRRHULOXIA, LP

By:
Title: Chief Operating Officer
of CPMG, Inc., its general partner

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                    :
In re                                               :        Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :        08-13555 (JMP)
                                                    :
                        Debtors.                    :        (Jointly Administered)
                                                    :
                                                    :
------------------------------------------------------------------x

## ORDER PURSUANT TO RULE 9019 OF
## THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
## AUTHORIZING AND APPROVING A SETTLEMENT BETWEEN
## LEHMAN COMMERCIAL PAPER INC. AND PYRRHULOXIA LP

Upon the motion, dated March 5, 2009 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc. ("LCPI"), as

debtors and debtors-in-possession (together, the "Debtors"), for an order, pursuant to Rule 9019

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and

approving a compromise and settlement on the terms set forth in a letter agreement dated March

3, 2009 between LCPI and Pyrrhuloxia LP ("Pyrrhuloxia") (the "Settlement Agreement"), a copy

of which is annexed hereto as Exhibit A, all as more fully set forth in the Motion; and the Court

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.

§§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the

District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided, and it appearing that

no other or further notice need be provided; and the Court having reviewed the Motion; and

approval of the Settlement Agreement being within the sound discretion of the Court; and the

relief requested in the Motion and the Settlement Agreement being fair and equitable, in the best

interests of the Debtors' estates, and above the lowest point in the range of reasonableness; and

after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement Agreement is

approved; and it is further

ORDERED that the Debtors are authorized to execute, deliver, implement and

fully perform any and all obligations, instruments, documents and papers and to take any and all

actions reasonably necessary or appropriate to consummate the Settlement Agreement and

perform any and all obligations contemplated therein; and it is further

ORDERED that the Bankruptcy Court retains jurisdiction to enforce the

Settlement Agreement and any disputes arising thereunder.

Dated:  March __, 2009
        New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

**(Redacted Settlement Agreement)**

Lehman Commercial Paper Inc.
1271 Avenue of the Americas
New York, New York 10020

March 3, 2009

Pyrrhuloxia, LP
2100 McKinney, Suite 1770
Dallas, Texas 75201

Re:    **Lehman Brothers Holdings Inc. –Motion of the
Debtors for an Order Pursuant to Section 365 of
the Bankruptcy Code Approving the Assumption
or Rejection of Open Trade Confirmations
[Docket 1541]  (the "Motion")**

Ladies and Gentlemen:

Reference is made to the above-referenced Motion.  In the Motion, Lehman Commercial
Paper Inc. ("LCPI") proposed to assume fifteen open trade confirmations (the "Trades")
with Pyrrhuloxia, LP ("Pyrrhuloxia").

In a Limited Joinder, dated December 10, 2008, Pyrrhuloxia objected to LCPI's
proposed treatment of the Trades (the "Objection").  By order dated December 16, 2008
the "December 16 Order"), the United States Bankruptcy Court for the Southern District
of New York (the "Bankruptcy Court") overruled the Objection.  By notice of appeal,
dated December 23, 2008, Pyrrhuloxia appealed the December 16 Order (the "Appeal")
to the United States District Court for the Southern District of New York (the "District
Court").

In order to resolve the Objection and the Appeal, LCPI and Pyrrhuloxia have agreed, as
follows:

Pyrrhuloxia LP
March 3, 2009
Page 2

1. LCPI will assume the following sales of Hawaiian Telcom
   Communications, Inc. Senior Secured Term Loan and Revolver
   ("Hawaiian Telcom Debt") to Pyrrhuloxia, at the reduced prices set forth
   with respect to each Trade set forth below:

   o Trade dated [REDACTED] at [REDACTED]
   o Trade dated [REDACTED] at [REDACTED]
   o Trade dated [REDACTED] at [REDACTED]
   o Trade dated [REDACTED] at [REDACTED]
   o Trade dated [REDACTED] at [REDACTED]
   o Trade dated [REDACTED] at [REDACTED]
   o Trade dated [REDACTED] at [REDACTED]
   o Trade dated [REDACTED] at [REDACTED]
   o Trade dated [REDACTED] at [REDACTED]
   o Trade dated [REDACTED] at [REDACTED]
   o Trade dated [REDACTED] at [REDACTED]
   o Trade dated [REDACTED] at [REDACTED]
   o Trade dated [REDACTED] at [REDACTED]
   o Trade dated [REDACTED] at [REDACTED]
   o Trade dated [REDACTED] at [REDACTED]

   Based upon the reduced prices set forth above, Pyrrhuloxia agrees to settle
   the Trades and to forego any further objection with respect to the Trades.

2. Pyrrhuloxia will waive any and all claims against LCPI relating to the
   Trades, and will forego any other setoff, recoupment, or counterclaims
   relating to the Trades, with the exception of claims that may arise
   hereunder or under the documents executed in connection with closing of
   the Trades.  LCPI will waive any and all claims against Pyrrhuloxia
   relating to the Trades, and will forego any other setoff, recoupment, or
   counterclaims relating to the Trades, with the exception of claims that may
   arise hereunder or under the documents executed in connection with
   closing of the Trades.

3. LCPI and Pyrrhuloxia agree that, except for the reduction in purchase
   price set forth in paragraph 1, the Trades will settle in accordance with the
   LSTA Standard Terms and Conditions for Distressed Confirmations,
   including adjustments to pricing set forth therein.

Pyrrhuloxia LP
March 3, 2009
Page 3

4.  Within five (5) days of execution of this letter agreement by LCPI and
    Pyrrhuloxia, LCPI shall file with the Bankruptcy Court a motion under
    Bankruptcy Rule 9019 (the "Rule 9019 Motion"), in form and substance
    reasonably satisfactory to Pyrrhuloxia, for authorization to compromise
    and settle the Objection and the Appeal on the terms provided herein.

5.  This letter agreement shall be of no force or effect, and the parties shall
    have no obligations hereunder, other than the obligation to file the Rule
    9019 Motion, unless and until the terms hereof are approved by the
    Bankruptcy Court (the "Approval Order").

6.  Pending entry of the Approval Order, or denial of the Rule 9019 Motion,
    LCPI stipulates to a further extension of time for Pyrrhuloxia to file its
    appellate brief with the District Court.  In the event that the Rule 9019
    Motion is denied, LCPI stipulates that Pyrrhuloxia shall have ten (10) days
    from the date of entry of an order denying the Rule 9019 Motion to file its
    appellate brief with the District Court, and Pyrrhuloxia stipulates that
    LCPI shall have five (5) weeks from the date of the filing of Pyrrhuloxia's
    brief to file LCPI's appellate brief with the District Court.

7.  Within five (5) days of the date that the Approval Order becomes a final
    order, Pyrrhuloxia shall file with the District Court a Stipulation of
    Dismissal with Prejudice that provides for the voluntary dismissal of the
    Appeal in accordance with Bankruptcy Rule 8001(c) (the "Stipulation of
    Dismissal"), which shall be in form and substance reasonably acceptable
    to LCPI and which shall provide for the payment of any court costs
    associated with the Appeal by Pyrrhuloxia (though not any costs or
    expenses of any party to the Appeal).

8.  LCPI and Pyrrhuloxia shall use commercially reasonable efforts to settle
    all of the Trades by the date that is fourteen (14) days after approval by the
    District Court of the Stipulation of Dismissal.

9.  The Bankruptcy Court shall retain jurisdiction to determine any dispute
    between the parties with respect to the assumption of the Trades and the
    terms hereof.

10. The undersigned signatory on behalf of Pyrrhuloxia confirms that he or
    she is authorized to enter into this letter agreement on behalf of

Pyrrhuloxia LP
March 3, 2009
Page 4

Pyrrhuloxia.  The undersigned signatory on behalf of LCPI confirms that, subject to the entry of the Approval Order, she is authorized to enter into this letter agreement on behalf of LCPI.

11.  The terms of this letter agreement may not be disclosed by LCPI or Pyrrhuloxia to anyone other than (i) the professionals retained by the Creditors' Committee in LCPI's chapter 11 case, (ii) the professionals, employees and agents retained or employed by LCPI and Pyrrhuloxia, or (iv) such persons as may be agreed by the parties hereto.  LCPI and Pyrrhuloxia agree that, notwithstanding the foregoing, a redacted copy of this letter agreement may be filed with the Bankruptcy Court in connection with the Rule 9019 Motion.

Pyrrhuloxia LP
March 3, 2009
Page 5

Please confirm your agreement to the foregoing terms in the space provided below.

Sincerely,

LEHMAN COMMERCIAL PAPER INC.

By:
Title:

SALLY M. NANCOZ
AUTHORIZED SIGNATORY

ACCEPTED AND AGREED TO:

PYRRHULOXIA, LP

By:
Title: Chief Operating Officer
of CPMG, Inc., its general partner