Hearing Date: March 25, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: March 16, 2009 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                                :
In re                                                           :   Chapter 11 Case No.
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                    :   08-13555 (JMP)
                                                                :
                    Debtors.                                    :   (Jointly Administered)
                                                                :
                                                                :
----------------------------------------------------------------x

### NOTICE OF DEBTORS' MOTION FOR ENFORCEMENT OF THE DECEMBER 23, 2008 ORDER APPROVING THE ASSUMPTION OF OPEN TRADE CONFIRMATIONS PURSUANT TO SETTLEMENT AGREEMENT

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (collectively, "LCPI" or the "Debtors" and, collectively with other debtor and non-debtor affiliates, "Lehman"), for entry of an order enforcing the December 23, 2008 order approving the assumption of open trade confirmations pursuant to settlement agreement, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **March 25, 2009 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

NY1:\1604009\08\YDNT08!.DOC\58399.0003

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be received no later than **March 16, 2009 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: March 5, 2009
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date: March 25, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: March 16, 2009 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                               :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :    **08-13555 (JMP)**
:
                         Debtors.                   :    **(Jointly Administered)**
:
:
------------------------------------------------------------x

**DEBTORS' MOTION FOR ENFORCEMENT OF THE DECEMBER 23, 2008
ORDER APPROVING THE ASSUMPTION OF OPEN TRADE
CONFIRMATIONS PURSUANT TO SETTLEMENT AGREEMENT**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (collectively, "LCPI" or the "Debtors" and, collectively with other debtors and non-debtor affiliates, "Lehman"), submit this motion, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), for an order enforcing this Court's Order Pursuant To Section 365 Of The Bankruptcy Code Approving The Assumption Or Rejection Of Open Trade Confirmations And Correcting Prior Order, dated December 23, 2008 (the "December 23 Order"), a copy of which is annexed hereto as Exhibit ("Ex.") A.

## BACKGROUND

1. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries, including LCPI, commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

4. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

## JURISDICTION AND VENUE

5. The December 23 Order expressly provides that "this Court retain[s] jurisdiction to hear and determine all matters arising from or related to the

implementation and/or interpretation of this Order." Ex. A at L0007.[1] The December 23 Order approved a letter agreement, dated December 18, 2008 (the "Settlement") which further provides that this Court retains jurisdiction to determine any dispute arising with respect to the Settlement. *See* Settlement Agreement at ¶ 8, a copy of which has been filed separately under seal as Ex. B. This dispute arises out of the Settlement.

6. In addition, this Court has jurisdiction to consider this motion and the relief requested herein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.).

7. Venue is proper in this forum pursuant to 28 U.S.C. §§ 1408 and 1409.

**LEHMAN'S BUSINESS**

8. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

9. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

---

[1] Exhibits to this Motion have been Bates stamped for the convenience of the Court.

**PRELIMINARY STATEMENT**

10. On August 26, 2008, DK Acquisition Partners, L.P. ("DK") placed a trade order (the "Trade") with LCPI to purchase an interest in a revolving credit agreement of Tronox Worldwide, LLC (the "Borrower"). The Trade is memorialized in an August 26, 2008 LSTA Par/Near Par Trade Confirmation (the "Trade Confirmation"), a copy of which has been filed separately under seal as Ex. C. As of October 5, 2006, when LCPI commenced its chapter 11 case, the Trade had not closed. Thus, as part of its global motion to assume or reject open trade confirmations, dated November 14, 2008, LCPI moved to compel the assumption of the Trade Confirmation. Before the motion was decided, the parties resolved their dispute by entering into the Settlement which provided, inter alia, that LCPI would assume the Trade Confirmation. The Settlement expressly provides that upon its approval by this Court, DK's objection to the assumption of the Trade Confirmation "will be deemed withdrawn, with prejudice." Ex. B at ¶ 6. The Settlement further provides that the parties "will settle the Trade Confirmation in accordance with the LSTA Standard Terms and Conditions for Par/Near Par Confirmations…." *Id.* at ¶ 10. The Settlement was approved by this Court on December 23, 2008. The December 23 Order approving the Settlement provides that it "is binding on each of the parties thereto." Ex. A at L0003.

11. Despite repeated requests and numerous accommodations by LCPI, DK refuses to comply with the December 23 Order and the Settlement. Instead, it is seeking to evade its obligation to close the Trade by raising excuses, one after the other, principally having to do with imagined defenses that the Borrower might assert

against it because LCPI did not timely fund a draw request under the credit agreement with the Borrower.

## STATEMENT OF FACTS

### A. The August 26 Trade Confirmation

12.  On August 26, 2008, LCPI and DK entered into the Trade Confirmation pursuant to which LCPI agreed to sell to DK, and DK agreed to purchase from LCPI, an interest in a revolving credit commitment. The Trade Confirmation was subject to the standard terms and conditions for par/near par trade confirmations as published by the Loan Syndications and Trading Association as of December 1, 2006.

13.  On November 14, 2008, LCPI moved for entry of an order approving its assumption of hundreds of open trade confirmations, including the Trade Confirmation at issue here (the "Open Trades Motion"). On November 26, 2008, DK filed an objection to the Open Trades Motion. The parties resolved the Open Trades Motion and DK's objection thereto in the Settlement. As part of the Settlement, it was agreed that the Trade would be assumed and closed at the same purchase price set forth in the Trade Confirmation. It was further agreed that, with respect to two trades not at issue here, DK was permitted to reject one and the purchase price of the other was reduced from its original price.

### B. The December 23 Order

14.  This Court's December 23 Order, directed that: (1) the terms of the Settlement Agreement [are] approved and binding on the parties (Ex. A at L0003); (2) the Debtors' assumption of assumed trades set forth on Exhibit A thereto, including specifically, the Trade [is] approved (*id.*); (3) "the Debtors [are] authorized to execute

and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the assumptions … of Open Trade Confirmations" (*id.* at 5); and (4) "this Court retain[s] jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of th[e Open Trades] Order…" (*id.* at 7).

### C. LCPI's Efforts to Enforce the Settlement and the December 23 Order

15. Upon entry of the December 23 Order, LCPI requested that DK close the Trade. *See* Dec. 23, 2008 Email from Markowitz (LCPI) to Falcon (DK); Ex. D at L0032 annexed hereto. DK indicated that it would be able to close, but wished to do so the next business day, Friday, December 26, 2008. *See* Dec. 23, 2008 Email from Falcon (DK) to Markowitz (LCPI); Ex. D at L0031. Unable to close the day after Christmas, LCPI requested that the closing take place on Monday, December 29, 2008. *See* December 23, 2008 Email from Markowitz (LCPI) to Falcon and Donovan (DK); Ex. D at L0030-1. DK responded: "Monday should be fine." *See* Dec. 23, 2008 Email from Falcon (DK) to Markowitz (LCPI); Ex. D at L0030.

### D. The Release

16. On January 9, 2008, the Borrower, LCPI and Credit Suisse entered into a successor agent agreement, which provided for the replacement of LCPI by Credit Suisse as the administrative agent under the credit agreement (the "<u>Successor Agent Agreement</u>"). Under the Successor Agent Agreement, DK was protected from future lawsuits by way of a release which specifically provided that the Borrower would release DK from future claims (the "<u>Release</u>"). *See* Successor Agent Agreement, annexed hereto as Ex. E, at ¶ 7.

**E.     DK's Excuses**

17.     **Excuse No. 1: The Indemnity.**  The closing of the Open Trade was scheduled for January 6, 2009.  *See* Dec. 30, 2008 Email from Manet (DK) to Donovan (DK), Markowitz (LCPI), and Falcon (DK); Ex. D at L0029.  However, instead of closing on January 6, 2009 as scheduled, DK requested that LCPI indemnify DK.  *See* Jan. 6, 2009 Email from Donovan (DK) to Markowitz (LCPI); Ex. D at L0028; Jan. 9, 2009 Email from Donovan (DK) to Markowitz (LCPI); Ex. D at L0028.  LCPI responded that an indemnity was unnecessary and pointed out to DK that the Borrower had already provided a Release in its Successor Agent Agreement.  *See* Jan. 9, 2009 Email from Markowitz (LCPI) to Donovan (DK); Ex. D at L0030; *see also* Ex. E.  The transaction did not close on January 6, 2009.

18.     The transaction was next scheduled to close on January 15, 2009, but on the date of closing, DK once again claimed that it needed an indemnity as a condition to closing.  *See* Jan. 15, 2009 Email of Falcon (DK) to Markowitz (LCPI); Ex. F at L0051-2 annexed hereto.  Neither the Settlement nor the December 23 Order provide that DK may condition the closing on an indemnity and/or a release.  LCPI initially responded that it would not sign an indemnity agreement because the Trade Confirmation did not expose DK to any litigation risks and, even if it did, the Release was sufficient to protect DK.  *See,* e.g., Jan 15, 2009 Email from Markowitz (LCPI) to Falcon (DK); Ex. F at L0051.  Although an indemnity was not a condition to closing under the Settlement, LCPI agreed to sign one after DK insisted on it.  *See* Feb. 4, 2009 Email from Thomas (Richards Kibbe & Orbe) to McLoughlin (LCPI); Ex. G at L0053.  LCPI returned the signed indemnity on the same day it was sent by DK and requested that DK countersign it

and that the closing take place the next day. *See* Feb. 4, 2009 Email from Markowitz (LCPI) to Falcon (DK); Ex. H at L0055 annexed hereto; *see also* Indemnity Agreement; Ex. I annexed hereto.

19. On February 5, 2009, instead of countersigning the indemnity and closing, DK told LCPI to "disregard" the form of indemnity. *See* Feb. 5, 2009 Email from Friedman (Richards Kibbe & Orbe) to Marcus (Weil, Gotshal) and McLoughlin (LCPI); Ex. J at L0063 annexed hereto.

20. **Excuse No. 2: New Debt.** DK then concocted another excuse for not closing, this time claiming: "in light of the risks in acquiring loans with a defaulting lender in the chain of title, DK will close only if the assigned loan does not have any defaulting lender or other defects in the chain of title." *See id.* DK essentially demanded that LCPI go out into the market and purchase still more debt of the Borrower, even though it already owned such debt and was holding it for settlement with DK. According to DK, if LCPI purchased new debt, then DK would not be subject to any defense to payment based on LCPI's alleged prior default. DK's purported concern about the Borrower's defenses to payment are baseless because the Release the Borrower delivered to LCPI waives the precise claim that DK belatedly concocted. *See* Ex. E at ¶ 7. It appears that the real reason DK does not want to close the Trade is that the Borrower's debt is trading at a substantial discount to what DK agreed to pay for it in August 2008.

21. LCPI has repeatedly demanded that DK close the Trade Confirmation and has advised DK that its failure to do so violates the December 23 Order and the Settlement. Despite LCPI's repeated requests, DK refuses to comply with the December 23 Order and Settlement.

**ARGUMENT**

I.  **THE COURT SHOULD ENFORCE THE DECEMBER 23 ORDER AND DIRECT DK TO CLOSE THE TRADE WITHIN 24 HOURS**

22.  This Court has inherent power to enforce and compel compliance with its orders. *See United States Lines, Inc. v. GAC Marine Fuels Ltd. (In re McLean Indus., Inc.)*, 68 B.R. 690, 695 (Bankr. S.D.N.Y. 1986) ("The duty of any court to hear and resolve legal disputes carries with it the power to enforce the order"). In fact, "[i]t would be incongruous if [a bankruptcy court] would have to look to the district court to enforce its many orders issued in performing its duty." *Id*. Indeed, under § 105 of the Bankruptcy Code, this Court has the inherent power to enforce compliance with its orders by issuance of a contempt citation if need be. *See id.*

23.  The December 23 Order directed that the Trade be assumed and that the Debtors "execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the assumption … of Open Trade Confirmations as provided in this Order." Ex. A at L0005.

24.  DK's objections to assumption of the Trade and the Trade Confirmation were expressly waived in the Settlement. *See* Ex. B at ¶ 7. Having agreed to the Settlement, DK must perform in accordance with its terms. *See Mattel, Inc. v. Wolfgang Wild*, 2008 WL 5025016, *1 (S.D.N.Y Dec. 8, 2008) (ordering the enforcement of a settlement agreement); s*ee also, Midinol LTD. v. Guidant Corp*., 500 F. Supp. 2d 345, 353 (S.D.N.Y. 2007) (a "court's inherent power to enforce summarily a settlement agreement where the terms were clear and unambiguous is especially clear where the settlement is reported to the court during … the courtroom proceedings").

25. Since the December 23 Order approved a settlement which DK had already agreed to, DK would be hard pressed to challenge the December 23 Order. At any rate, it did not, and the time for doing so has long expired. Unless the December 23 Order is vacated or reversed it must be obeyed and it should be enforced. *E.g., Bucurescu v. 190A Realty Corp. (In re Bucurescu)*, 282 B.R. 124, 131 n.29 (S.D.N.Y. 2002) ("An order issued by a court must be obeyed, even if it is later shown to be erroneous. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply with the order pending appeal.") (quoting *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988)); *Accord In re Criminal Contempt Proceedings Against Crawford*, 329 F.3d 131, 138-39 (2d Cir. 2003) ("[I]t is well settled that 'persons subject to an injunctive order . . . are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order.'"); *United States v. Terry*, 802 F. Supp. 1094, 1101 (S.D.N.Y. 1992) ("It is well-established that, 'a party subject to a court order must abide by its terms or face criminal contempt. Even if the order is later declared improper or unconstitutional, it must be followed until vacated or modified.'") (quoting *In re Providence Journal Co.*, 820 F.2d 1342, 1346 (1st Cir. 1986), *modified on reh'g en banc*, 820 F.2d 1354 (1st Cir. 1987)).

26. Therefore, the December 23 Order should be enforced and DK should be ordered to close the Trade within 24 hours of entry of an order so directing.

## NOTICE

27.    No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, entered on February 13, 2009 [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditor's Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for DK; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

## CONCLUSION

28.    For the foregoing reasons, LCPI requests that this Court enforce its December 23 Order and the Settlement by directing DK to close the Trade Confirmation within 24 hours of entry of an order so directing.

Dated: March 5, 2009
       New York, New York

WEIL, GOTSHAL & MANGES LLP

By: /s/ Jacqueline Marcus
    Jacqueline Marcus
    767 Fifth Avenue
    New York, New York 10153-0119
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Debtors and
    Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
In re                                                         :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :    **08-13555 (JMP)**
:
Debtors.                                               :    **(Jointly Administered)**
:
:
----------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE**
**ENFORCING THE DECEMBER 23, 2008 ORDER**

Upon the motion, dated March 5, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (collectively, the "LCPI" or the "Debtors"), pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York for entry of an order enforcing the December 23, 2008 order approving the assumption of open trade confirmations as to DK Acquisition Partners, L.P. ("DK")[1] pursuant to a settlement agreement; and the Court having jurisdiction to

---
[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

NY1:\1604009\08\YDNT08!.DOC\58399.0003

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.) and having retained jurisdiction to enforce the December 23, 2008 Order; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for DK; and (vii) all parties who have requested notice in these chapter 11 cases; and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

      ORDERED that the Motion is granted; and it is further

      ORDERED, pursuant to section 365(a) of the Bankruptcy Code, that DK be directed to close the Trade Confirmation within 24 hours of entry of this Order; and it

is further

ORDERED that the Debtors are authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the Trade Confirmation as provided in this Order; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and that the requirements of Bankruptcy Rule 6006(a) and Local Rule 6006-1 are satisfied; and it is further

ORDERED that this Order shall be effective immediately upon its entry; and it is further

ORDERED that this Court retains jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: March    , 2009
      New York, New York

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE