# Exhibit A

08-13555 [Dkt. No. 2364]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                              :       Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :       08-13555 (JMP)
                                                   :
                        Debtors.                   :       (Jointly Administered)
                                                   :
                                                   :
-----------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION OR REJECTION OF OPEN TRADE CONFIRMATIONS AND CORRECTING PRIOR ORDER

Upon the motion, dated November 14, 2008 (the "Motion"), of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper

Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors"), pursuant to

section 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6006

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local

Rules") for entry of an order approving the Debtors' assumption of the Assumed Trades,[1]

rejection of the Rejected Trades, and modification and assumption of the Amended

Trades, all as more fully described in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157

and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

NY2:\1948622\09\15RK#09!.DOC\58399.0003

(Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; and (vii) all Counterparties; and it appearing that no other or further notice need be provided; and an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations having been entered by the Court on December 16, 2008 (the "Prior Open Trades Order") granting the relief requested therein as to certain Counterparties and adjourning the hearing with respect to certain objecting Counterparties; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion with respect to certain Counterparties; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that subject to the terms set forth in those certain letter agreements between the LCPI and/or LBHI and each of the Settling Counterparties (as

defined hereinafter) and herein, the Motion is granted with respect to the following

Counterparties, all of which have agreed to settle their objections with the Debtors:

> BlackRock Financial Management, Inc.
> USAA High-Yield Opportunities Fund
> Royal Bank of Scotland
> GIL Holdings
> Argentum, LLC
> The Bank of Nova Scotia
> BDF Limited
> Banc of America Securities Limited
> DK Acquisition Partners, L.P.
> Longacre Master Fund, Ltd.
> Longacre Capital Partners (QP), L.P
> Millennium Partners, LP
> Morgan Stanley Senior Funding, Inc.

(collectively, the Settling Counterparties"); and it is further

ORDERED that the terms of each of the letter agreements between LCPI

and/or LBHI and each of the Settling Counterparties relating to the Open Trade

Confirmations are hereby approved and binding on each of the parties thereto; and it is

further

ORDERED that the Motion is granted with respect to Morgan Stanley

Investment Mezzano B.V. and Zodiac Fund, which have not objected to the relief

requested in the Motion; and it is further

ORDERED, pursuant to section 365(a) of the Bankruptcy Code, that the

Debtors' assumption of the Assumed Trades set forth on Exhibit A annexed hereto is

hereby approved; and it is further

ORDERED, pursuant to section 365(a) of the Bankruptcy Code, that the

Debtors' rejection of the Rejected Trades set forth on Exhibit B annexed hereto is hereby

approved, with such rejection effective as of the date hereof; and it is further

ORDERED, pursuant to section 365(a) of the Bankruptcy Code, that the

Debtors are authorized to enter into agreements to modify the Amended Trades set forth

on Exhibit C annexed hereto and that assumption of the Amended Trades as modified is

hereby approved; and it is further

ORDERED that the Open Trade Confirmation set forth on Exhibit D

annexed hereto (the "Terminated Trades") are terminated and the Debtors and the

applicable Counterparties waive and release any and all claims relating to the Terminated

Trades; and it is further

ORDERED that the hearing with respect to the Motion is hereby

adjourned to January 14, 2009, at 10:00 a.m. with respect to the objections filed by

Deutsche Bank, AIB International Finance, Putnam Investments, P. Schoenfeld Asset

Management, Bank of America, N.A., Field Point IV S.a.r.l., Morgan Stanley Bank

International Limited, Tennenbaum Opportunities Partners V, L.P., Special Value

Expansion Fund, LLC, and Special Value Opportunities Fund, LLC; and it is further

ORDERED that the Debtors are not required to pay any cure costs to any

Counterparty to an Assumed Trade or an Amended Trade; and it is further

ORDERED that the Debtors have demonstrated adequate assurance of

future performance of the Assumed Trades and the Amended Trades; and it is further

ORDERED that no Counterparty shall be entitled to assert or take any

action to exercise a right to set off any prepetition claim that it might have against either

Debtor, including, without limitation, claims for damages arising from the rejection of a

Rejected Trade, against any obligation payable to the applicable Debtor under any

Assumed Trade or Amended Trade; and it is further

L0004

ORDERED that settlement of all Assumed Trades or Amended Trades shall include all appropriate, usual and customary settlement adjustments; and it is further

ORDERED that the Debtors are authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the assumption, rejection or modification of Open Trade Confirmations as provided in this Order; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and that the requirements of Bankruptcy Rule 6006(a) and Local Rule 6006-1 are satisfied; and it is further

ORDERED that the Prior Open Trades Order is revised and/or clarified, as follows:

(a)  The trades with Hartford Floating Rate Fund, Hartford High Yield Fund and Hartford High Yield HLS Fund (collectively, "Hartford") set forth on Exhibit E hereto shall be deleted from Exhibit A to the Prior Open Trades Order, and shall be treated as if they had been included instead on Exhibit A to the Debtors' Second Motion For An Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption of Open Trade Confirmations, dated December 15, 2008 (the "Second Trades Motion") and, in connection therewith, Hartford shall have until January 9, 2009 at 4:00 p.m. to file and serve any objection to the relief sought therein;

(b)  The trades with Avenue Investments, L.P. ("Avenue") set forth on Exhibit F shall be deleted from Exhibit A to the Prior Open Trades Order and shall be treated as if Avenue were a party that timely objected to the relief sought in the Motion; Avenue shall file its objection to the proposed treatment of its Open Trade Confirmations

L0005

on or before January 2, 2009, and the objection shall be heard at the January 14, 2009 hearing; and

      (c)  The Prior Open Trades Order shall be deemed amended to reflect, as reflected in the record of the hearing held on December 16, 2008, that the hearing with respect to the objection filed by R3 Capital Management LLC ("R3") has been adjourned to January 14, 2009 at 10:00 a.m.

      (d) R3 reserves its rights to contend that it has standing to contest the assumption of the trade set forth on Exhibit A to the Prior Open Trades Order as a trade with BLT 39 LLC (the "USI Trade") and the Debtors reserve their right to contest R3's position; *provided, however*, that the Debtors agree that the failure of R3 to object to the entry of the Prior Open Trades Order with respect to the USI Trade shall not be a basis upon which to contest R3's position. The Debtors shall not close the USI Trade until they settle R3's objection or obtain further relief from the Court.

      (e)  P. Schoenfeld Asset Management ("PSAM") reserves its rights to contend that it is the proper party in interest with respect to the Alltel trade, which is listed on Exhibit A to the Prior Open Trades Order as a trade with BLT 37 LLC (the "Alltel Trade"), and the Debtors reserve their right to contest PSAM's position; *provided, however*, that the Debtors agree that the failure of PSAM to object to the entry of the Prior Open Trades Order shall not be a basis upon which to contest PSAM's position.  To that end, the Debtors shall not close the Alltel Trade until they settle PSAM's objection or obtain further relief from the Court.

ORDERED that this Court retains jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order and the Prior Open Trades Order.

Dated: December 23, 2008
      New York, New York

                                      */s/ James M. Peck*
                                    UNITED STATES BANKRUPTCY JUDGE

L0007

# EXHIBIT A

## ASSUMED TRADES

L0008

**LCPI & LCPI UK**
**Assumed**

| Entity | Deal Name | Customer | Tranche | B/S | TradeDate | CurrCode | Status |
|---|---|---|---|---|---|---|---|
| LCPI | PQ CORPORATION 1ST LIEN A&R (7/2/08) | BLACKROCK FIXED INCOME PORTABLE ALPHA FUND | | S | 7/30/2008 | USD | Assumed |
| LCPI | PQ CORPORATION 1ST LIEN A&R (7/2/08) | BLACKROCK GLOBAL FLOATING RATE INCOME TRUST | | | 7/30/2008 | USD | Assumed |
| LCPI | THERMO FLUIDS | BLACKROCK GLOBAL FLOATING RATE INCOME TRUST | | B | 7/14/2008 | USD | Assumed |
| LCPI | THERMO FLUIDS | BLACKROCK LIMITED DURATION INCOME TRUST | | B | 7/14/2008 | USD | Assumed |
| LCPI | THERMO FLUIDS | BLACKROCK SENIOR INCOME SERIES III PLC | | B | 7/14/2008 | USD | Assumed |
| LCPI | TRONOX WORLDWIDE LLC (11/05) (revolver) | DK ACQUISITION PARTNERS LP | | S | 8/26/2008 | USD | Assumed |
| LCPI | TRONOX WORLDWIDE LLC (11/05) (tranche A term loan) | DK ACQUISITION PARTNERS LP | | S | 8/22/2008 | USD | Assumed |
| LCPI | TRONOX WORLDWIDE LLC (11/05) (tranche A term loan) | DK ACQUISITION PARTNERS LP | | B | 8/28/2008 | USD | Assumed |
| LCPI | SWIFT TRANSPORTATION (5/10/07) | LONGACRE CAPITAL PARTNERS (QP), LP | | S | 5/20/2008 | USD | Assumed |
| LCPI | SWIFT TRANSPORTATION (5/10/07) | LONGACRE CAPITAL PARTNERS (QP), LP | | S | 5/27/2008 | USD | Assumed |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| LCPI | WIMAR LANDCO, LLC [01/03/2007] | LONGACRE CAPITAL PARTNERS (QP), LP | | S | 4/25/2008 | USD | Assumed |
| LCPI | WIMAR LANDCO, LLC [01/03/2007] | LONGACRE CAPITAL PARTNERS (QP), LP | | B | 4/18/2008 | USD | Assumed |
| LCPI | SWIFT TRANSPORTATION (5/10/07) | LONGACRE MASTER FUND LTD | | S | 5/20/2008 | USD | Assumed |
| LCPI | SWIFT TRANSPORTATION (5/10/07) | LONGACRE MASTER FUND LTD | | | 5/27/2008 | USD | Assumed |
| LCPI | WIMAR LANDCO, LLC [01/03/2007] | LONGACRE MASTER FUND LTD | | S | 4/25/2008 | USD | Assumed |
| LCPI | WIMAR LANDCO, LLC [01/03/2007] | LONGACRE MASTER FUND LTD | | B | 4/18/2008 | USD | Assumed |
| LCPI | HAWAIIAN TELCOM COMMUNICATIONS (5/07) | MORGAN STANLEY SENIOR FUNDING, INC. | C | S | 8/19/2008 | USD | Assumed |
| LCPI | QUEBECOR WORLD INC. | MORGAN STANLEY SENIOR FUNDING, INC. | | S | 6/19/2008 | USD | Assumed |
| LCPI | SWIFT TRANSPORTATION (5/10/07) | MORGAN STANLEY SENIOR FUNDING, INC. | | S | 7/24/2008 | USD | Assumed |
| LCPI | SWIFT TRANSPORTATION (5/10/07) | MORGAN STANLEY SENIOR FUNDING, INC. | | S | 7/21/2008 | USD | Assumed |
| LCPIUK | LIBERATOR SENIOR FACILITIES DTD 10/06(A) | MORGAN STANLEY INVESTMENT MGMT MEZZANO B.V. | B1 | S | 6/9/2008 | EUR | Assumed |
| LCPIUK | LIBERATOR SENIOR FACILITIES DTD 10/06(A) | MORGAN STANLEY INVESTMENT MGMT MEZZANO B.V. | C1 | S | 6/9/2008 | EUR | Assumed |

10

| LCPIUK | ALPHA III (NOV06) | ZODIAC FUND - MORGAN STANLEY | D | S | 6/10/2008 | USD | Assumed |
|---|---|---|---|---|---|---|---|

11

**EXHIBIT B**

**REJECTED TRADES**

**LCPI & LCPI UK**
Rejected

| Entity | Deal Name | Customer Name | Tranche | B/S | TradeDate | CurrCode | Status |
|--------|-----------|---------------|---------|-----|-----------|----------|--------|
| LCPI | MIRANT NORTH AMERICA (1/3/06) | ARGENTUM LLC | | B | 8/11/2008 | USD | Rejected |
| LCPIUK | BCM IRELAND HOLDINGS LIMITED | BANC OF AMERICA SECURITIES LIMITED | D | B | 9/5/2008 | EUR | Rejected |
| LCPIUK | BCM IRELAND HOLDINGS LIMITED | BANC OF AMERICA SECURITIES LIMITED | D | B | 9/4/2008 | EUR | Rejected |
| LCPIUK | NTL CABLE PLC | BANC OF AMERICA SECURITIES LIMITED | A | S | 9/2/2008 | GBP | Rejected |
| LCPIUK | YELL GROUP PLC | BANC OF AMERICA SECURITIES LIMITED | B2 | S | 2/7/08 | EUR | Rejected |
| LCPIUK | YELL GROUP PLC | BANC OF AMERICA SECURITIES LIMITED | B2 | S | 7/23/08 | EUR | Rejected |
| LCPIUK | LAVENA SENIOR (2MAR07) PROSIEBENHOLDCO | BANC OF AMERICA SECURITIES LIMITED | B1 | B | 9/2/08 | EUR | Rejected |
| LCPIUK | LAVENA SENIOR (2MAR07) PROSIEBENHOLDCO | BANC OF AMERICA SECURITIES LIMITED | C1 | B | 9/2/08 | EUR | Rejected |
| LCPIUK | LAVENA SENIOR (2MAR07) PROSIEBENHOLDCO | BANC OF AMERICA SECURITIES LIMITED | B1 | B | 8/11/08 | EUR | Rejected |
| LCPIUK | LAVENA SENIOR (2MAR07) PROSIEBENHOLDCO | BANC OF AMERICA SECURITIES LIMITED | C1 | B | 8/11/08 | EUR | Rejected |
| LCPIUK | PERTUS SECHZEHNTE GMBH (MAUSER) | BDF LIMITED | B1 | S | 7/31/2008 | EUR | Rejected |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| LCPIUK | PERTUS SECHZEHNTE GMBH (MAUSER) | BDF LIMITED | B2 | S | 7/31/2008 | USD | Rejected |
| LCPIUK | PERTUS SECHZEHNTE GMBH (MAUSER) | BDF LIMITED | B2 | S | 7/11/2008 | USD | Rejected |
| LCPIUK | PERTUS SECHZEHNTE GMBH (MAUSER) | BDF LIMITED | C1 | S | 7/31/2008 | EUR | Rejected |
| LCPIUK | PERTUS SECHZEHNTE GMBH (MAUSER) | BDF LIMITED | C2 | S | 7/31/2008 | USD | Rejected |
| LCPIUK | PERTUS SECHZEHNTE GMBH (MAUSER) | BDF LIMITED | C2 | S | 7/11/2008 | USD | Rejected |
| LCPI | CONSOLIDATED CONTAINER CO 2ND LIEN | BLACKROCK FLOATING RATE INCOME STRATEGIES FUND, INC | | B | 9/4/2008 | USD | Rejected |
| LCPI | CONSOLIDATED CONTAINER CO 2ND LIEN | BLACKROCK FLOATING RATE INCOME STRATEGIES FUND, INC | | B | 9/8/2008 | USD | Rejected |
| LCPI | CONSOLIDATED CONTAINER CO 2ND LIEN | BLACKROCK DEBT STRATEGIES FUND, INC | | B | 9/8/2008 | USD | Rejected |
| LCPI | CONSOLIDATED CONTAINER CO 2ND LIEN | BLACKROCK SENIOR FLOATING RATE PORTFOLIO | | B | 9/4/2008 | USD | Rejected |
| LCPI | CONSOLIDATED CONTAINER CO 2ND LIEN | BLACKROCK SENIOR FLOATING RATE PORTFOLIO | | B | 9/8/2008 | USD | Rejected |
| LCPI | CONSOLIDATED CONTAINER CO 2ND LIEN | BLACKROCK SENIOR INCOME SERIES III PLC | | B | 9/4/2008 | USD | Rejected |
| LCPI | CONSOLIDATED CONTAINER CO 2ND LIEN | BLACKROCK SENIOR INCOME SERIES III PLC | | B | 9/8/2008 | USD | Rejected |
| LCPI | US AIRWAYS GROUP 03-07 | BLACKROCK SENIOR INCOME SERIES V LIMITED | | B | 8/4/2008 | USD | Rejected |

14

L0014

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| LCPI | UNITED AIR LINES, INC. A/R 2-02-07 | DK ACQUISITION PARTNERS LP | | B | 9/8/2008 | USD | Rejected |
| LCPI | WOLF HOLLOW I LP 1ST LIEN | GIL HOLDINGS LLC | | B | 5/9/2008 | USD | Rejected |
| LCPI | CONSOLIDATED CONTAINER CO 2ND LIEN | MASTER SENIOR FLOATING RATE TRUST (BLACKROCK) | | B | 9/8/2008 | USD | Rejected |
| LCPI | WIMAR OPCO (TROPICANA ENTERTAINMENT) | MILLENNIUM FIXED INCOME, LP | | S | 7/10/2008 | USD | Rejected |
| LCPI | WIMAR OPCO (TROPICANA ENTERTAINMENT) | MILLENNIUM FIXED INCOME, LP | | S | 7/10/2008 | USD | Rejected |
| LCPI | SWIFT TRANSPORTATION (5/10/07) | MILLENNIUM PARTNERS, L.P. | | B | 6/4/2008 | USD | Rejected |
| LCPI | SWIFT TRANSPORTATION (5/10/07) | MILLENNIUM PARTNERS, L.P. | | B | 6/5/2008 | USD | Rejected |
| LCPIUK | KABEL DEUTSCHLAND HOLDING GMBH PIK | ROYAL BANK OF SCOTLAND | PIK | B | 9/3/2008 | EUR | Rejected |
| LCPIUK | KABEL DEUTSCHLAND HOLDING GMBH PIK | ROYAL BANK OF SCOTLAND | PIK | B | 9/1/2008 | EUR | Rejected |
| LCPI | LAS VEGAS SANDS, LLC (5/23/07) | ROYAL BANK OF SCOTLAND | | B | 6/24/2008 | USD | Rejected |
| LCPI | LAS VEGAS SANDS, LLC (5/23/07) | ROYAL BANK OF SCOTLAND | | S | 9/12/2008 | USD | Rejected |
| LCPIUK | MEP II S.A.R.L. & CORTEFIEL, S.A. (03/07) | ROYAL BANK OF SCOTLAND | B1 | B | 8/29/2008 | EUR | Rejected |
| LCPIUK | MEP II S.A.R.L. & CORTEFIEL, S.A. (03/07) | ROYAL BANK OF SCOTLAND | B2 | B | 8/29/2008 | EUR | Rejected |
| LCPIUK | MEP II S.A.R.L. & CORTEFIEL, S.A. (03/07) | ROYAL BANK OF SCOTLAND | B3 | B | 8/29/2008 | EUR | Rejected |

15

L0015

| LCPIUK | NYCOMED HOLDING A/S | ROYAL BANK OF SCOTLAND | B1 | | B | 4/2/2008 | EUR | Rejected |
| LCPIUK | NYCOMED HOLDING A/S | ROYAL BANK OF SCOTLAND | C1 | | B | 4/2/2008 | EUR | Rejected |
| LCPI | SEMCRUDE | ROYAL BANK OF SCOTLAND | | | B | 8/6/2008 | USD | Rejected |

16

NY2:\1948(22\09\15RK#09!.DOC\58399.0003

**EXHIBIT C**

**AMENDED TRADES**

L0017

**LCPI & LCPI UK**
**Assumed with Modification**

| Entity | Deal Name | Customer Name | Tranche | B/S | TradeDate | CurrCode | Status |
|---|---|---|---|---|---|---|---|
| LBHI | QUEBECOR WORLD INC. | BANK OF NOVA SCOTIA | | B | 4/30/2008 | USD | Assumed with Modification |
| LBHI | QUEBECOR WORLD INC. | BANK OF NOVA SCOTIA | | B | 5/6/2008 | USD | Assumed with Modification |
| LCPI | CONSOLIDATED CONTAINER HLDGS 2ND LIEN | BLACKROCK DEBT STRATEGIES FUND, INC | | B | 9/8/2008 | USD | Assumed with Modification |
| LCPI | CONSOLIDATED CONTAINER HLDGS 2ND LIEN | BLACKROCK FLOATING RATE INCOME STRATEGIES FUND, INC. | | B | 9/8/2008 | USD | Assumed with Modification |
| LCPI | CONSOLIDATED CONTAINER HLDGS 2ND LIEN | BLACKROCK GLOBAL FLOATING RATE INCOME TRUST | | B | 9/4/2008 | USD | Assumed with Modification |
| LCPI | CONSOLIDATED CONTAINER HLDGS 2ND LIEN | BLACKROCK GLOBAL FLOATING RATE INCOME TRUST | | B | 9/8/2008 | USD | Assumed with Modification |
| LCPI | CONSOLIDATED CONTAINER HLDGS 2ND LIEN | BLACKROCK LIMITED DURATION INCOME TRUST | | B | 9/8/2008 | USD | Assumed with Modification |
| LCPI | CONSOLIDATED CONTAINER HLDGS 2ND LIEN | BLACKROCK SENIOR FLOATING RATE PORTFOLIO | | B | 9/8/2008 | USD | Assumed with Modification |
| LCPI | CONSOLIDATED CONTAINER HLDGS 2ND LIEN | BLACKROCK SENIOR INCOME SERIES III PLC | | B | 9/8/2008 | USD | Assumed with Modification |
| LCPIUK | AVIO SENIOR (14DEC06) | BLACKROCK LIMITED DURATION INCOME TRUST | B2 | S | 4/18/08 | USD | Assumed with Modification |
| LCPIUK | AVIO SENIOR (14 DEC06) | BLACKROCK LIMITED DURATION INCOME TRUST | C2 | S | 4/18/08 | USD | Assumed with Modification |

| | | | | | | |
|---|---|---|---|---|---|---|
| LCPI | TRONOX WORLDWIDE LLC (11/05) (tranche A term loan) | DK ACQUISITION PARTNERS LP | S | 8/21/2008 | USD | Assumed with Modification |
| LCPI | SWIFT TRANSPORTATION (5/10/07) | LONGACRE MASTER FUND LTD | S | 5/19/2008 | USD | Assumed with Modification |
| LCPI | SWIFT TRANSPORTATION (5/10/07) | LONGACRE CAPITAL PARTNERS (QP), LP | S | 5/19/2008 | USD | Assumed with Modification |
| LCPI | CONSOLIDATED CONTAINER HLDGS 2ND LIEN | MASTER SENIOR FLOATING RATE TRUST (BLACKROCK) | B | 9/8/2008 | USD | Assumed with Modification |
| LCPIUK | NYCOMED HOLDING A/S | MORGAN STANLEY SENIOR FUNDING, INC. | B | 6/4/2008 | USD | Assumed with Modification |
| LCPI | HAWAIIAN. TELCOM COMMUNICATIONS (5/07) (Tranche C) | USAA HIGH YIELD OPPORTUNITIES | S | 9/4/2008 | USD | Assumed with Modification |

19

L0019

**EXHIBIT D**

**TERMINATED TRADES**

L0020

**LCPI & LCPI UK**
Terminated

| Entity | Deal Name | Customer Name | Tranche | B/S | TradeDate | CurrCode | Status |
|--------|-----------|---------------|---------|-----|-----------|----------|--------|
| LBHI | QUEBECOR WORLD INC. | BANK OF NOVA SCOTIA | | B | 4/17/2008 | USD | Terminated |
| LBHI | QUEBECOR WORLD INC. | BANK OF NOVA SCOTIA | | B | 5/1/2008 | USD | Terminated |

**EXHIBIT E**

**HARTFORD TRADES**

L0022

LCPI & LCPI UK
Hartford Trades

| Entity | Deal Name | Customer Name | Tranche | B/S | TradeDate | CurrCode | Status |
|--------|-----------|---------------|---------|-----|-----------|----------|--------|
| LCPI | LYONDELLBASELL INDUSTRIES, CITI-12/20/07 | HARTFORD FLOATING RATE FUND | | S | 8/26/2008 | USD | Assumed |
| LCPI | LYONDELLBASELL INDUSTRIES, CITI-12/20/07 | HARTFORD HIGH YIELD FUND | | S | 8/26/2008 | USD | Assumed |
| LCPI | LYONDELLBASELL INDUSTRIES, CITI-12/20/07 | HARTFORD HIGH YIELD HLS FUND | | S | 8/26/2008 | USD | Assumed |

**EXHIBIT F**

**AVENUE TRADES**

L0024

**LCPI & LCPI UK**
**Avenue Trades**

| Entity | Deal Name | Customer Name | Tranche | B/S | TradeDate | CurrCode | Status |
|--------|-----------|---------------|---------|-----|-----------|----------|--------|
| LCPI | QUEBECOR WORLD INC. | AVENUE INVESTMENTS, L.P. | | S | 4/22/2008 | USD | Assumed |

L0025

# Exhibit B

INTENTIONALLY LEFT BLANK

# Exhibit C

INTENTIONALLY LEFT BLANK

# Exhibit D

**From:** Markowitz, Jessica A
**Sent:** Wednesday, January 14, 2009 2:30 PM
**To:** McLoughlin, William
**Subject:** FW: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)

Bill,

Where are we with this? Will we be able to get this to them shortly?  They won't close without and Sally needs this closed today.


Jessica Markowitz
**Lehman Brothers**
1271 6th Avenue
New York, NY 10020
Ph:  (646) 333-9935
Email: jessica.markowitz@lehman.com



**From:** Jennifer Donovan [mailto:jdonovan@dkpartners.com]

L0026

**Sent:** Wednesday, January 14, 2009 2:17 PM
**To:** Markowitz, Jessica A
**Cc:** McLoughlin, William
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)

We need the release ASAP.

**From:** Markowitz, Jessica A [mailto:jessica.markowitz@lehman.com]
**Sent:** Tuesday, January 13, 2009 10:43 AM
**To:** Jennifer Donovan
**Cc:** McLoughlin, William
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)

I am waiting for my counsel to send it over.  I will send it as soon as I get it.

Jessica Markowitz
**Lehman Brothers**
1271 6th Avenue
New York, NY 10020
Ph:  (646) 333-9935
Email: jessica.markowitz@lehman.com

**From:** Jennifer Donovan [mailto:jdonovan@dkpartners.com]
**Sent:** Tuesday, January 13, 2009 10:42 AM
**To:** Markowitz, Jessica A
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)
Hi Jessica, can you please send me a copy of the release as soon as possible so I can verify?  Thanks.

**From:** Markowitz, Jessica A [mailto:jessica.markowitz@lehman.com]
**Sent:** Friday, January 09, 2009 1:46 PM
**To:** Jennifer Donovan
**Cc:** Vanessa Falcon; Matthew Kurteson; Lorraine Conti
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)

I just spoke with our internal counsel and we do not believe that this side letter is necessary as we have a
release with Tronox.  Please contact Bill McLoughlin, our internal counsel, at 646-333-9808 with any
questions in regards to this issue.  Thanks.

Jessica Markowitz
**Lehman Brothers**
1271 6th Avenue

New York, NY 10020
Ph: (646) 333-9935
Email: jessica.markowitz@lehman.com

**From:** Jennifer Donovan [mailto:jdonovan@dkpartners.com]
**Sent:** Friday, January 09, 2009 11:16 AM
**To:** Markowitz, Jessica A
**Cc:** Vanessa Falcon; Matthew Kurteson; Lorraine Conti; Jennifer Donovan
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)
Hi Jessica,

Please see attached.  We will require your signature before we can proceed to closing.

Thanks,
Jennifer

Jennifer Elise Donovan
Davidson Kempner Capital Management LLC
65 East 55th Street | New York, New York 10022
212.446.4018 | jdonovan@dkpartners.com

**From:** Jennifer Donovan
**Sent:** Tuesday, January 06, 2009 10:48 AM
**To:** 'Markowitz, Jessica A'
**Cc:** Vanessa Falcon; Matthew Kurteson; Lorraine Conti; Jennifer Donovan
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)

Hi Jessica,

We're going to need Lehman to indemnify us for stepping into your shoes as a defaulting lender.  I will
send you a draft document once completed for your signature.

Thanks,
Jennifer

Jennifer Elise Donovan
Davidson Kempner Capital Management LLC
65 East 55th Street | New York, New York 10022
212.446.4018 | jdonovan@dkpartners.com

**From:** Markowitz, Jessica A [mailto:jessica.markowitz@lehman.com]
**Sent:** Monday, January 05, 2009 10:02 AM
**To:** Vanessa Falcon
**Cc:** Matthew Kurteson; Jennifer Donovan
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)

Attached is updated pricing.  If you agree, please have it attached to CP and replaced as the only FM.
Thanks.

Jessica Markowitz
**Lehman Brothers**
1271 6th Avenue
New York, NY 10020
Ph: (646) 333-9935
Email: jessica.markowitz@lehman.com

**From:** Vanessa Falcon [mailto:vfalcon@dkpartners.com]
**Sent:** Monday, January 05, 2009 9:21 AM
**To:** Markowitz, Jessica A
**Cc:** Matthew Kurteson; Jennifer Donovan; Vanessa Falcon
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)
Good Morning Jessica,

Happy New Year! Just a friendly reminder to please send us updated pricing today by noon in preparation for closing tomorrow. Thank you!

Best,
Vanessa

**From:** Lourdes Manent
**Sent:** Tuesday, December 30, 2008 1:50 PM
**To:** Jennifer Donovan; 'Markowitz, Jessica A'; Vanessa Falcon
**Cc:** 'Genevieve.Murray@fnis.com'; Matthew Kurteson
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)

Jessica will be out of the office on Friday. She'll provide a closing effective 1/6/08.

**Lourdes Manent**
**Davidson Kempner Capital Management LLC**
65 East 55th Street, Suite 1900
New York, NY 10022
Email: lmanent@dkpartners.com
Tel. 212-446-4017
Fax 212-446-4033

**From:** Jennifer Donovan
**Sent:** Tuesday, December 30, 2008 1:46 PM
**To:** 'Markowitz, Jessica A'; Vanessa Falcon
**Cc:** Genevieve.Murray@fnis.com; Matthew Kurteson; Lourdes Manent
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)

Matt, please let us know. Thanks.

**From:** Markowitz, Jessica A [mailto:jessica.markowitz@lehman.com]

L0029

**Sent:** Tuesday, December 30, 2008 1:14 PM
**To:** Vanessa Falcon; Jennifer Donovan
**Cc:** Genevieve.Murray@fnis.com; Matthew Kurteson; Lourdes Manent
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)

Are we ok to settle the Tronox revolver on Monday 1/5/08?

Jessica Markowitz
**Lehman Brothers**
1271 6th Avenue
New York, NY 10020
Ph: (646) 333-9935
Email: jessica.markowitz@lehman.com

**From:** Markowitz, Jessica A
**Sent:** Tuesday, December 23, 2008 3:53 PM
**To:** 'Vanessa Falcon'; Jennifer Donovan
**Cc:** Genevieve.Murray@fnis.com; Matthew Kurteson; Lourdes Manent
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)
Attached is updated pricing for Monday's closing. The two numbers highlighted in yellow are going to
have to be updated on the morning of the 29th, but it should only change the numbers slightly. Please
confirm that you agree and then we should be all set for closing the revolver on Monday. Thanks.

Jessica Markowitz
**Lehman Brothers**
1271 6th Avenue
New York, NY 10020
Ph: (646) 333-9935
Email: jessica.markowitz@lehman.com

**From:** Vanessa Falcon [mailto:vfalcon@dkpartners.com]
**Sent:** Tuesday, December 23, 2008 3:14 PM
**To:** Markowitz, Jessica A; Jennifer Donovan
**Cc:** Genevieve.Murray@fnis.com; Vanessa Falcon; Matthew Kurteson; Lourdes Manent
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)
Monday should be fine. If you could send us over revised pricing by noon tomorrow. Thanks!

**From:** Markowitz, Jessica A [mailto:jessica.markowitz@lehman.com]
**Sent:** Tuesday, December 23, 2008 3:11 PM
**To:** Vanessa Falcon; Jennifer Donovan
**Cc:** Genevieve.Murray@fnis.com
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)

I am not going to be in Friday, can we do Monday?

Jessica Markowitz
**Lehman Brothers**
1271 6th Avenue
New York, NY 10020
Ph: (646) 333-9935
Email: jessica.markowitz@lehman.com

**From:** Vanessa Falcon [mailto:vfalcon@dkpartners.com]
**Sent:** Tuesday, December 23, 2008 3:07 PM
**To:** Markowitz, Jessica A; Jennifer Donovan
**Cc:** Genevieve.Murray@fnis.com; Vanessa Falcon
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)
Hi Jessica,

Is it possible to settle the RC on Friday? We have a rather booked closing schedule for tomorrow. If so, if you would please send us updated pricing.

Thanks!

Best,
Vanessa

**From:** Markowitz, Jessica A [mailto:jessica.markowitz@lehman.com]
**Sent:** Tuesday, December 23, 2008 2:41 PM
**To:** Jennifer Donovan; Vanessa Falcon
**Cc:** Genevieve.Murray@fnis.com
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)

Attached is pricing for the revolver. If you agree, Genevieve can you please add $64,438.32 in delayed comp to ticket 571992? Thanks.

Jessica Markowitz
**Lehman Brothers**
1271 6th Avenue
New York, NY 10020
Ph: (646) 333-9935
Email: jessica.markowitz@lehman.com

**From:** Jennifer Donovan [mailto:jdonovan@dkpartners.com]
**Sent:** Tuesday, December 23, 2008 12:27 PM
**To:** Markowitz, Jessica A; Vanessa Falcon

**Cc:** Genevieve.Murray@fnis.com
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)
I think so.  If we get pricing ASAP.  Are you guys still the Agent?


**From:** Markowitz, Jessica A [mailto:jessica.markowitz@lehman.com]
**Sent:** Tuesday, December 23, 2008 12:24 PM
**To:** Vanessa Falcon
**Cc:** Jennifer Donovan; Genevieve.Murray@fnis.com
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)

Now that there has been an agreement to DK Acquisition's objection, can we settle these open tronox
trades tomorrow?


Jessica Markowitz
**Lehman Brothers**
1271 6th Avenue
New York, NY 10020
Ph:  (646) 333-9935
Email: jessica.markowitz@lehman.com


**From:** Markowitz, Jessica A
**Sent:** Monday, December 15, 2008 10:38 AM
**To:** 'Vanessa Falcon'
**Cc:** Jennifer Donovan; Genevieve.Murray@fnis.com
**Subject:** RE: Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)
Can you please send a copy of the executed waiver so we can attach it to the ticket?  Thanks.


Jessica Markowitz
**Lehman Brothers**
1271 6th Avenue
New York, NY 10019
Ph:  (646) 333-9935
Email: jessica.markowitz@lehman.com


**From:** Vanessa Falcon [mailto:vfalcon@dkpartners.com]
**Sent:** Monday, December 15, 2008 10:25 AM
**To:** Markowitz, Jessica A
**Cc:** Jennifer Donovan; Vanessa Falcon; Genevieve.Murray@fnis.com
**Subject:** Tronox TL with Lehman, TD 8-21, 8-22 & 8-28-08 (Clearpar 571224, 571223 & 572333)
**Importance:** High
Hi Jessica,

I understand that we have come into an agreement with Lehman to adjust the purchase price for our 8/21 trade (571224) to 90.5%. Can we please have the ticket updated to reflect this? Once completed, we are ready to settle the above three trades this week.

Thanks!

Best,
Vanessa

**Vanessa Y. Falcon**
Davidson Kempner Capital Management LLC
65 East 55th Street, New York, NY 10022
Tel: 646.282.5932
vfalcon@dkpartners.com

NOTICE

This message contains confidential information and is intended only for the named individual(s) above. If you are not a named individual, you are prohibited from copying, disclosing, distributing, or using this information. The sender does not waive any of its rights, privileges or other protections with respect to this information. Please notify the sender immediately if you received this message in error, delete the e-mail as well as any attachments, and destroy all hard copies.

Information contained in this message should not be construed as a recommendation, offer or solicitation to buy or sell any security or related financial product. This message is for informational purposes only and is not an official confirmation of any transaction. Nothing in this e-mail constitutes investment advice.

All e-mail to and from Davidson Kempner Capital Management LLC is subject to review by supervisory personnel. Such communications are retained and may be produced to regulatory authorities or others with legal rights to the information.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - This message is intended only for the personal and confidential use of the designated recipient(s) named above. If you are not the intended recipient of this message you are hereby notified that any review, dissemination, distribution or copying of this message is strictly prohibited. This communication is for information purposes only and should not be regarded as an offer to sell or as a solicitation of an offer to buy any financial product, an official confirmation of any transaction, or as an official statement of Lehman Brothers. Email transmission cannot be guaranteed to be secure or error-free. Therefore, we do not represent that this information is complete or accurate and it should not be relied upon as such. All information is subject to change without notice. -------- IRS Circular 230 Disclosure: Please be advised that any discussion of U.S. tax matters contained within this communication (including any attachments) is not intended or written to be used and cannot be used for the purpose of (i) avoiding U.S. tax related penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# Exhibit E

### SUCCESSOR AGENT AGREEMENT

This SUCCESSOR AGENT AGREEMENT (this "Agreement") is dated as of January 9, 2009 by and among TRONOX WORLDWIDE LLC (the "Borrower"), LEHMAN COMMERCIAL PAPER INC. ("LCPI"), in its capacity as Administrative Agent (as defined in the Credit Agreement described below) (the "Existing Administrative Agent"), and CREDIT SUISSE ("Credit Suisse"), as successor Administrative Agent (the "Successor Administrative Agent").

WHEREAS, Tronox Incorporated ("Holdings"), the Borrower, the lenders party thereto, the Existing Administrative Agent and the other agents party thereto have entered into that certain Credit Agreement dated as of November 28, 2005 (as amended, supplemented or otherwise modified from time to time, the "Credit Agreement"); capitalized terms used herein without definition shall have the meanings ascribed to such terms in the Credit Agreement;

WHEREAS, this Agreement is being entered into in order to effect the resignation and replacement of the Existing Administrative Agent as Administrative Agent in accordance with Section 9.9 of the Credit Agreement; and

WHEREAS, pursuant to that certain Waiver and Amendment dated as of October 29, 2008 (the "Waiver") among Holdings, the Borrower and the lenders party thereto, the Required Lenders have appointed Credit Suisse to act as the successor Administrative Agent under the Credit Agreement and the other Loan Documents to which the Administrative Agent is a party (effective upon the resignation of the Existing Administrative Agent and acceptance by Credit Suisse) and the Borrower desires to approve such appointment;

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by each of the parties hereto, the parties hereto, intending to be legally bound, hereby agree as follows:

1.    Resignation of Existing Administrative Agent and Appointment of Successor Administrative Agent. Pursuant to Section 9.9 of the Credit Agreement, the Existing Administrative Agent hereby resigns as the Administrative Agent under the Loan Documents. Credit Suisse hereby accepts, and the Borrower hereby approves, the appointment of Credit Suisse as successor Administrative Agent under the Loan Documents. As of the Effective Date, the Existing Administrative Agent relinquishes its rights as Administrative Agents (other than those rights relating to events or circumstances occurring prior to the Effective Date and those rights set forth in Section 3(c) hereof) and is released from its obligations as Administrative Agent under the Loan Documents.

2.    Conditions to Effectiveness. The Existing Administrative Agent's resignation and Credit Suisse's appointment as successor Administrative Agent and the obligations of the parties hereto set forth herein shall be effective on and as of the date (the "Effective Date") on which each of the following conditions shall first have been satisfied:

{[3105722]}

(a)    Each of the parties hereto shall have executed and delivered this Agreement;

(b)    The Existing Administrative Agent shall have received from the Borrower payment in immediately available funds of all costs, expenses, accrued and unpaid fees and other amounts payable to it as the Existing Administrative Agent and as a Lender pursuant to the Loan Documents (including fees and expenses of counsel), set forth on Schedule 1 hereto, in each case to the account specified on Schedule 1 hereto;

(c)    The Existing Administrative Agent shall have delivered to the Successor Administrative Agent, and the Successor Administrative Agent shall have confirmed in writing to the Existing Administrative Agent that it has received, the items set forth on Schedule 2 hereto (or that the Existing Administrative Agent continues to hold such items as sub-collateral agent, as described below); and

(d)    The Existing Administrative Agent shall have completed, and the Successor Administrative Agent shall have confirmed in writing that the Existing Administrative Agent has completed, each of the tasks listed on Schedule 4 hereto.

Notwithstanding anything to the contrary contained in this Agreement, on and as of the Effective Date and until such time as all Collateral held by the Existing Administrative Agent has been assigned or otherwise transferred to the Successor Administrative Agent, the Existing Administrative Agent shall continue to hold such Collateral as a sub-collateral agent for the Successor Administrative Agent in accordance with the terms of the Loan Documents. The Successor Administrative Agent hereby appoints the Existing Administrative Agent to act as a sub-collateral agent with respect to any such Collateral until such Collateral has been assigned or otherwise transferred to the Successor Administrative Agent.

3.    Rights, Duties and Obligations. (a) Effective on the Effective Date, the Existing Administrative Agent hereby assigns to the Successor Administrative Agent, and the Successor Administrative Agent is hereby vested with, all the rights, powers, discretion and privileges of the Existing Administrative Agent as Administrative Agent as described in the Credit Agreement and the other Loan Documents and the Successor Administrative Agent hereby assumes the obligations, responsibilities and duties of the Existing Administrative Agent in its capacity as Administrative Agent in accordance with the terms of the Credit Agreement; provided, however, that, following the Effective Date, the Existing Administrative Agent agrees to cooperate reasonably with the Successor Administrative Agent in the transition of such duties and obligations.

(b)    The Existing Administrative Agent hereby assigns to the Successor Administrative Agent each of the Liens and security interests assigned to the Existing Administrative Agent under the Loan Documents and the Successor Administrative Agent hereby assumes all such Liens, for its benefit and for the benefit of the Secured Parties.

2

[[3105722]]

(c)     Nothing in this Agreement shall be deemed to affect the application of or rights under Section 9.3 of the Credit Agreement or to be a termination of any rights of the Existing Administrative Agent under any of the Loan Documents that are expressly stated in any of the Loan Documents to survive the resignation of the Existing Administrative Agent, including, without limitation Section 10.5 under the Credit Agreement.

4.     <u>Representations and Warranties of Existing Administrative Agent</u>.  The Existing Administrative Agent hereby represents and warrants to Credit Suisse that the Existing Administrative Agent has the requisite power and authority and the legal right to execute, deliver and perform its obligations under this Agreement and has taken all necessary corporate or other action to authorize the execution, delivery and performance of this Agreement.

5.     <u>Representations and Warranties of the Borrower</u>.  The Borrower hereby represents and warrants that:

(a)     it has the requisite power and authority and the legal right to execute and deliver and perform its obligations under this Agreement and has taken all necessary corporate or other action to authorize the execution, delivery and performance of this Agreement;

(b)     each of the Loan Parties is in compliance with the terms and provisions of the Guarantee and Collateral Agreement;

(c)     Schedule 2 sets forth a true and complete list of all possessory Collateral and security filings relating to the Collateral delivered to the Existing Administrative Agent and the actions described on Schedule 3 hereto have been performed prior to the date hereof; and

(d)     There have been no amendments, supplements, waivers or consents to the Loan Documents except as set forth on Schedule 4 hereto.

6.     <u>Further Assurances</u>.  (a)Each of the Borrower and the Existing Administrative Agent agrees that, following the Effective Date, it shall furnish, at the Borrower's expense, additional releases, amendments or termination statements and such other documents, instruments and agreements as are customary and may be reasonably requested by the Successor Administrative Agent in order to effect and evidence more fully the matters covered hereby, including without limitation, all notices delivered to, or received by, the Existing Administrative Agent, all collateral documents and filings, and all insurance documents.  In addition, each of the Borrower and the Existing Administrative Agent agrees that, following the Effective Date, it shall, at the Borrower's expense, promptly take all actions reasonably requested by the Successor Administrative Agent to effectuate the transactions contemplated by this Agreement.

3

[[3105722]]

L0036

(b)    The Borrower shall reimburse the Existing Administrative Agent for all reasonable out-of-pocket costs and expenses incurred by the Existing Administrative Agent in connection with any actions taken pursuant to this Agreement.

(c)    The Borrower hereby consents to all actions taken by the Existing Administrative Agent and the Successor Administrative Agent pursuant to this Section 6.

7.    <u>Release and Waiver</u>. Except as separately agreed, on the Effective Date, the Borrower, on behalf of itself and each of the other Loan Parties, hereby unconditionally and irrevocably waives, releases and discharges all claims, demands, suits, rights and causes of action of every kind and character now existing or hereafter arising (each, a "<u>Claim</u>"), that it or any of its Affiliates may have against LCPI in its capacity as an Agent, Lender, Qualified Counterparty or otherwise, each of its Affiliates and each of their respective directors, officers, employees, agents, attorneys, advisors or other representatives (collectively, the "<u>Released Parties</u>") to the extent such Claim arises under, pursuant to or in connection with the Credit Agreement; and each such party agrees to forever refrain from commencing, instituting or prosecuting any lawsuit, action or other proceeding against any Released Party with respect to any and all of the foregoing described waived, released, acquitted and discharged Claims and that it will not assert against any Released Party any right of recoupment or setoff that it may have under a master netting agreement or otherwise with respect to obligations owed under the Loan Documents, in each case in connection with any Claim.

8.    <u>Loan Documents</u>.  (a) The parties hereto hereby further agree and acknowledge that, from and after the Effective Date, the Successor Administrative Agent shall be, and shall be deemed to be, the Administrative Agent under the Credit Agreement and the other Loan Documents and that all references to the Administrative Agent in the Credit Agreement and the other Loan Documents shall be deemed, where appropriate, to be references to the Successor Administrative Agent.

(b)    The parties acknowledge and agree that the address for notices, requests and demands to the Successor Administrative Agent pursuant to Section 10.2 of the Credit Agreement shall be as follows:

Credit Suisse, Agency Manager
One Madison Avenue
New York, NY 10010
Fax No. 212-322-2291
Email:  agency.loanops@credit-suisse.com

9.    <u>Successor Administrative Agent's Fees and Expenses</u>.  Commencing on the date hereof, the Borrower shall pay Credit Suisse the agency fees as separately agreed between Credit Suisse and the Borrower; provided that the Existing Administrative Agent shall remain entitled to receive any unpaid administrative or other fees, if any, owed to it pursuant to any Loan Document. All other provisions of the Credit Agreement providing for the payment of other fees and expenses of, and providing indemnities for the benefit

4

[[3105722]]

of, the Administrative Agent shall remain in full force and effect for the benefit of the Existing Administrative Agent and the Successor Administrative Agent.

      10.    Notice of Resignation. The Borrower hereby waives prior notice of the resignation of the Existing Administrative Agent as Administrative Agent pursuant to Section 9.9 of the Credit Agreement.

      11.    Entire Agreement. This Agreement states the entire agreement and supersedes all prior agreements, written or verbal, between the parties hereto with respect to the subject matter hereof and may not be amended except in writing signed by a duly authorized representative of each of the respective parties hereto.

      12.    **WAIVER OF JURY TRIAL. THE PARTIES HERETO HERBY IRREVOCABLY AND UNCONDITIONALLY WAIVE TRIAL BY JURY IN ANY LEGAL ACTION OR PROCEEDING RELATING TO THIS AGREEMENT.**

      13.    **GOVERNING LAW. THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH, AND GOVERNED IN ALL RESPECTS BY, THE LAWS OF THE STATE OF NEW YORK.**

      14.    Severability. In the event that any provision of this Agreement, or the application of such provision to any person or set of circumstances, shall be determined to be invalid, unlawful, void or unenforceable to any extent, the remainder of this Agreement, and the application of such provision to persons or circumstances other than those as to which it is determined to be invalid, unlawful, void or unenforceable, shall not be affected and shall continue to be valid and enforceable to the fullest extent permitted by law.

      15.    Counterparts and Facsimile. This Agreement may be signed in counterparts, all of which together shall constitute one and the same instrument. The parties hereto may provide signatures to this Agreement by facsimile or portable document file (".pdf") and such facsimile or portable document file signatures shall be deemed to be the same as original signatures.

      16.    Loan Document. This Agreement shall constitute a Loan Document.

[Signature Pages Follow]

5

[[3105722]]

L0038

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be
duly executed and delivered by their proper and duly authorized officers as of the day and
year first written above.

LEHMAN COMMERCIAL PAPER INC.,
as Existing Administrative Agent,

By: _____

Name: Randall Braunfeld
Title:  Authorized Signatory

[SIGNATURE PAGE TO TRONOX SUCCESSOR AGENT AGREEMENT]

FROM :                          FAX NO. :                    Nov. 20 2005 08:50AM  P2

CREDIT SUISSE, CAYMAN ISLANDS
BRANCH
as Successor Administrative Agent

By: _____
Name: **Bryan J. Matthews**
Title:      **Director**

By: _____
Name: *DIDIER STEFEN*
Title: *MANAGING DIRECTOR*

[SIGNATURE PAGE TO TRONOX SUCCESSOR AGENT AGREEMENT]

L0040

TRONOX WORLDWIDE LLC,

By: _____

Name:  Mary Mikkelson
Title:   Senior Vice President and
          Chief Financial Officer

**Schedules to Successor Agent Agreement**
**Intentionally Omitted**
(Bates Nos. L0042-50)

# Exhibit F

**From:** Markowitz, Jessica A
**Sent:** Thursday, January 15, 2009 12:04 PM
**To:** 'Vanessa Falcon'
**Cc:** Jennifer Donovan; Thomas, Courtney; PHaskel@rkollp.com; McLoughlin, William
**Subject:** RE: Comments Added to Timeline, Trade 571992, Tronox Worldwide LLC (11/05) (Lehman Commercia to DK Acquisition P) 8/26/2008 (CP Message: 18)

Lehman will not be signing the indemnity.


Jessica Markowitz
**Lehman Brothers**
1271 6th Avenue
New York, NY 10020
Ph:  (646) 333-9935
Email: jessica.markowitz@lehman.com



**From:** Vanessa Falcon [mailto:vfalcon@dkpartners.com]
**Sent:** Thursday, January 15, 2009 12:03 PM

**To:** Markowitz, Jessica A
**Cc:** Jennifer Donovan; Vanessa Falcon; Thomas, Courtney; PHaskel@rkollp.com
**Subject:** RE: Comments Added to Timeline, Trade 571992, Tronox Worldwide LLC (11/05) (Lehman
Commercia to DK Acquisition P) 8/26/2008 (CP Message: 18)
**Importance:** High

Jessica,

Our counsel has discussed the release and do not think this is sufficient, we do require the indemnity
letter. Please confirm whether Lehman will be signing the indemnity.

Best,
Vanessa

**From:** Markowitz, Jessica A [mailto:jessica.markowitz@lehman.com]
**Sent:** Thursday, January 15, 2009 11:55 AM
**To:** Murray, Genevieve; Vanessa Falcon
**Subject:** RE: Comments Added to Timeline, Trade 571992, Tronox Worldwide LLC (11/05) (Lehman
Commercia to DK Acquisition P) 8/26/2008 (CP Message: 18)

Yes. Attached is the updated FM.


Jessica Markowitz
**Lehman Brothers**
1271 6th Avenue
New York, NY 10020
Ph: (646) 333-9935
Email: jessica.markowitz@lehman.com


**From:** Murray, Genevieve [mailto:Genevieve.Murray@fnis.com]
**Sent:** Thursday, January 15, 2009 11:54 AM
**To:** vfalcon@dkpartners.com; Markowitz, Jessica A
**Subject:** Comments Added to Timeline, Trade 571992, Tronox Worldwide LLC (11/05) (Lehman
Commercia to DK Acquisition P) 8/26/2008 (CP Message: 18)

Trade : 571992
Credit : Tronox Worldwide LLC (11/05)
Buyer : DK Acquisition Partners, L.P.
Seller : Lehman Commercial Paper Inc.- Prin
Trade Date: 08/26/2008
Proposed Close Date : 01/15/2009

Timeline comment by gmurray:
This has been added to the proposed closing report for today. DK, please check off if you're ready.
Jessica, do you have updated numbers for the FM? Thanks

# Exhibit G

**From:** Thomas, Courtney [mailto:cthomas@rkollp.com]
**Sent:** Wednesday, February 04, 2009 6:11 PM
**To:** McLoughlin, William
**Cc:** jdonovan@dkpartners.com; Vanessa Falcon; Haskel, Paul
**Subject:** Indemnity Letter

Bill,

Attached please find an execution version of the Indemnity Letter. Please arrange for the attached to be executed at your earliest convenience.

regards,
Courtney B. Thomas

RK&O
**RICHARDS KIBBE & ORBE LLP**
ONE WORLD FINANCIAL CENTER
NEW YORK, NEW YORK 10281-1003

DIRECT: (212) 530-1908
FAX: (917) 344-8908
cthomas@rkollp.com

---

Any advice concerning United States Federal tax issues provided in this electronic message is not intended or written to be used, and cannot be used by any taxpayer for the purpose of (i) avoiding penalties that may be imposed on the taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The information (including any attachments) contained in this electronic message is confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 212-530-1800 or by e-mail at info@rkollp.com. The information contained in this electronic mail message is privileged and confidential and is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges,

L0053

trade secret protections, and/or other applicable protections from disclosure. The sender of this electronic mail message intends to preserve the confidentiality of the enclosed information and does not waive any applicable privilege or protection from disclosure.

For more information about Richards Kibbe & Orbe LLP, please visit us at http://www.rkollp.com.

# Exhibit H

----- Message from "Markowitz, Jessica A" <jessica.markowitz@lehman.com> on Thu, 5 Feb 2009 12:57:06 -0500 -----

**To:** "Jennifer Donovan" <jdonovan@dkpartners.com>, "Vanessa Falcon" <vfalcon@dkpartners.com>

**Subject:** RE: Comments Added to Timeline, Trade 571992, Tronox Worldwide LLC (11/05) (Lehman Commercia to DK Acquisition P) 8/26/2008 (CP Message: 18)

Please advise on a closing date as soon as possible.  Thanks.

```
Jessica Markowitz
Lehman Brothers
1271 6th Avenue
New York, NY 10020
Ph:  (646) 333-9935
Email: jessica.markowitz@lehman.com
```

---------

```
From: Markowitz, Jessica A
Sent: Wednesday, February 04, 2009 6:28 PM
To: 'Vanessa Falcon'
Subject: RE: Comments Added to Timeline, Trade 571992, Tronox Worldwide
LLC (11/05) (Lehman Commercia to DK Acquisition P) 8/26/2008 (CP
Message: 18)
```

Attached is Lehman's signature to the indemnity letter.  Please countersign and return.  Can we close this trade tomorrow?

```
Jessica Markowitz
Lehman Brothers
1271 6th Avenue
New York, NY 10020
Ph:  (646) 333-9935
Email: jessica.markowitz@lehman.com
```

---------

```
From: Vanessa Falcon [mailto:vfalcon@dkpartners.com]
Sent: Thursday, January 15, 2009 12:04 PM
To: Markowitz, Jessica A; Murray, Genevieve
Subject: FW: Comments Added to Timeline, Trade 571992, Tronox Worldwide
LLC (11/05) (Lehman Commercia to DK Acquisition P) 8/26/2008 (CP
Message: 18)
```

DK is not ready to close at this point.

————

From: Markowitz, Jessica A [mailto:jessica.markowitz@lehman.com]
Sent: Thursday, January 15, 2009 11:55 AM
To: Murray, Genevieve; Vanessa Falcon
Subject: RE: Comments Added to Timeline, Trade 571992, Tronox Worldwide
LLC (11/05) (Lehman Commercia to DK Acquisition P) 8/26/2008 (CP
Message: 18)

Yes.  Attached is the updated FM.

Jessica Markowitz
Lehman Brothers
1271 6th Avenue
New York, NY 10020
Ph:  (646) 333-9935
Email: jessica.markowitz@lehman.com

————

From: Murray, Genevieve [mailto:Genevieve.Murray@fnis.com]
Sent: Thursday, January 15, 2009 11:54 AM
To: vfalcon@dkpartners.com; Markowitz, Jessica A
Subject: Comments Added to Timeline, Trade 571992, Tronox Worldwide LLC
(11/05) (Lehman Commercia to DK Acquisition P) 8/26/2008 (CP Message:
18)

Trade : 571992
Credit : Tronox Worldwide LLC (11/05)
Buyer : DK Acquisition Partners, L.P.
Seller : Lehman Commercial Paper Inc.- Prin
Trade Date: 08/26/2008
Proposed Close Date : 01/15/2009

Timeline comment by gmurray:
This has been added to the proposed closing report for today. DK, please
check off if you're ready. Jessica, do you have updated numbers for the
FM? Thanks

————

The information contained in this message is proprietary and/or
confidential. If you are not the
intended recipient, please: (i) delete the message and all copies; (ii)
do not disclose,
distribute or use the message in any manner; and (iii) notify the sender
immediately. In addition,

please be aware that any message addressed to our domain is subject to
archiving and review by
persons other than the intended recipient. Thank you.

-----

- - - - - - - - - This message is intended only for the personal and
confidential use of the designated recipient(s) named above. If you are
not the intended recipient of this message you are hereby notified that
any review, dissemination, distribution or copying of this message is
strictly prohibited. This communication is for information purposes only
and should not be regarded as an offer to sell or as a solicitation of
an offer to buy any financial product, an official confirmation of any
transaction, or as an official statement of Lehman Brothers. Email
transmission cannot be guaranteed to be secure or error-free. Therefore,
we do not represent that this information is complete or accurate and it
should not be relied upon as such. All information is subject to change
without notice. -------- IRS Circular 230 Disclosure: Please be advised
that any discussion of U.S. tax matters contained within this
communication (including any attachments) is not intended or written to
be used and cannot be used for the purpose of (i) avoiding U.S. tax
related penalties or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.
NOTICE

This message contains confidential information and is intended only for
the named individual(s) above. If you are not a named individual, you
are prohibited from copying, disclosing, distributing, or using this
information. The sender does not waive any of its rights, privileges or
other protections with respect to this information. Please notify the
sender immediately if you received this message in error, delete the
e-mail as well as any attachments, and destroy all hard copies.

Information contained in this message should not be construed as a
recommendation, offer or solicitation to buy or sell any security or
related financial product. This message is for informational purposes
only and is not an official confirmation of any transaction. Nothing in
this e-mail constitutes investment advice.

All e-mail to and from Davidson Kempner Capital Management LLC is
subject to review by supervisory personnel. Such communications are
retained and may be produced to regulatory authorities or others with
legal rights to the information.

----- Message from "Markowitz, Jessica A" <jessica.markowitz@lehman.com> on Thu, 5 Feb 2009
18:18:54 -0500 -----

**To:** <genevieve.murray@fnis.com>, <vfalcon@dkpartners.com>

**cc:** "Jennifer Donovan" <jdonovan@dkpartners.com>, "Matthew Kurteson"
<mkurteson@dkpartners.com>

**Subject:** Comments Added to Timeline, Trade 571992, Tronox Worldwide LLC (11/05) (Lehman
Commercia to DK Acquisition P) 8/26/2008 (CP Message: 18)

Trade : 571992
Credit : Tronox Worldwide LLC (11/05)
Buyer : DK Acquisition Partners, L.P.
Seller : Lehman Commercial Paper Inc.- Prin
Trade Date: 08/26/2008
Proposed Close Date : 02/12/2009

Timeline comment by jmarkowitz:
Can we please close this trade tomorrow?

# Exhibit I

**DK Acquisition Partners, L.P.**
**65 East 55th Street – 19th Floor**
**New York, NY 10022**

February __, 2009

Lehman Commercial Paper Inc.
1271 Avenue of the Americas
New York, NY 10020

Ladies and Gentlemen:

Reference is made to (i) that certain Order Pursuant to Section 365 of the Bankruptcy Code Approving Assumption or Rejection of Open Trade Confirmations, dated as of December 23, 2008 (the "Order") re: Lehman Brothers Holdings Inc. and its affiliated debtor Lehman Commercial Paper Inc. ("LCPI") and (ii) that certain settlement agreement entered into between LCPI and DK Acquisition Partners, L.P. ("DK" and, along with LCPI is collectively referred to herein as the "Parties"), dated as of December 18, 2008 (the "Settlement Agreement").

Further reference is made to that certain LSTA Par/Near Par Trade Confirmation (the "Confirmation"), with a trade date of August 26, 2008, between LCPI, as seller and DK, as buyer, pursuant to which LCPI agreed to sell to DK, and DK agreed to purchase from LCPI, $6,898,809.50 principal amount of revolving credit commitment (the "Debt") extended under that certain Tronox Credit Agreement, dated as of November 28, 2005 (and as amended or modified to date, the "Credit Agreement"), at the purchase rate described in the Confirmation.

In consideration of the mutual covenants and agreements contained herein and in the Settlement Agreement, LCPI and DK further agree as follows:

LCPI shall indemnify, defend and hold DK and its officers, directors, agents, partners, members, controlling Entities and employees (collectively, the "DK Indemnitees") harmless from and against (i) any liability, claim, cost, loss, judgment, damage or expense (including reasonable attorneys' fees and expenses) that the DK Indemnitees incur or suffer as a result of, or (ii) DK receiving in respect of the Debt less in payments, fees or distributions under, or less favorable treatment (including the timing of payments or distributions) with respect to the Debt, in each case, arising out of, LCPI's status as a Defaulting Lender under the Credit Agreement.

Each Party represents and warrants to the other Party that: (i) it has full power and authority to enter into this letter agreement and the transactions contemplated hereby; and (ii) this letter agreement and the transactions contemplated hereby have been duly authorized, are valid and enforceable against it, are not in contravention of any law, order or agreement by which it is bound and do not require any consent, notice or filing of any kind other than any such consents, notices or filings as are required by the Credit Agreement, any documents executed in connection therewith. LCPI further represents and warrants to DK that this letter agreement and that the transactions contemplated hereby are being made pursuant to and are consistent with the terms and provisions of the Order.

Each Party agrees that it shall not disclose the contents of this letter agreement unless required by applicable law, regulation or legal process without the prior written consent of the other Party hereto; provided, however, that each Party may disclose the contents of this letter agreement to (a) any professionals employed or engaged by such Party, (b) any Affiliate (as defined by the LSTA) of Buyer, (c) any governmental authority or self-regulatory entity having or asserting jurisdiction over it or (d) enforce its rights and remedies hereunder or thereunder. Each of the persons and entities to which disclosure may be made pursuant to subclauses (a) or (b) shall agree to keep such disclosed information confidential on the same terms as provided in this Agreement.

NY483027.2/9999-00999

All payments to be made hereunder shall be made by wire transfer of immediately available funds pursuant to the wire instructions for the applicable recipient set forth on Schedule I hereto, free and clear of any set-off, deduction or withholding of any kind. This letter agreement, which may be executed by telecopy, facsimile or other form of electronic transmission in multiple counterparts, represents the complete understanding of the Parties with respect to the subject matter hereof, may be amended or modified only in writing and shall be governed by, and construed in accordance with, the internal laws of the State of New York (without regard to any conflicts of law provision that would require the application of the laws of any other jurisdiction). Each Party to this Letter agreement hereby irrevocably consents to the jurisdiction of the United States District Court for the Southern District of New York located in the Borough of Manhattan and the courts of the State of New York located in the County of New York in any action to enforce, interpret or construe any provision of this Letter agreement.

*(signatures on following page)*

NY483027.2/9999-00999

L0060

Please acknowledge your agreement with the foregoing by signing in the space provided below.

Sincerely,

**DK ACQUISITION PARTNERS, L.P.**
**By: M.H. Davidson & Co., its General Partner**

By: _____
    Name:
    Title:

Accepted and Agreed as of the Date Above:

**LEHMAN COMMERCIAL PAPER INC.**

By: _____
    Name:
    Title: SALLY M. NANCOZ
    AUTHORIZED SIGNATORY

3

L0061

**<u>SCHEDULE I</u>**

**Wire Instructions**

<u>DK's Wire Instructions:</u>
JPMorgan Chase Bank
ABA 021 000 021
A/C Goldman Sachs & Co.
A/C # 930 1011 483
F/C DK Acquisition Partners, L.P.
A/C # 002 34310
Reference: Tronox/Lehman

4

L0062

# Exhibit J



"Friedman, Michael"
<MFriedman@rkollp.com>

02/05/2009 06:52 PM

To  jacqueline.marcus@weil.com,
william.mcloughlin@lehman.com
cc  "Binder, Neil" <Nbinder@rkollp.com>, "Haskel, Paul"
<PHaskel@rkollp.com>
Subject  Re: Tronox: DK from Lehman

Please disregard the proposed Indemnity Letter sent to you by Courtney Thomas
yesterday.  DK is prepared to close the trade, but in light of the risks in
acquiring loans with a defaulting lender in the chain of title, DK will close
only if the assigned loan does not have any defaulting lender or other defects
in the chain of title.  Please let DK know when Lehman anticipates having a
loan free of any defaulting lender or other defect in the chain of title so
that we can move forward.


Michael Friedman

RK&O
RICHARDS KIBBE & ORBE LLP
ONE WORLD FINANCIAL CENTER
NEW YORK, NEW YORK 10281-1003

DIRECT: (212) 530-1846
FAX: (917) 344-8846
MFRIEDMAN@RKOLLP.COM


----- Original Message -----
From: jacqueline.marcus@weil.com <jacqueline.marcus@weil.com>
To: Haskel, Paul; william.mcloughlin@lehman.com
<william.mcloughlin@lehman.com>
Cc: Friedman, Michael
Sent: Wed Feb 04 10:53:34 2009
Subject: Re: Tronox: DK from Lehman

We would like to have a call this afternoon to try to resolve the issues relating to the trade with DK Acquisition relating to Tronox.  Michael Friedman and I are both available at 5:00 p.m.  Please let me know if you are available.

We can use the following dial-in number: (800)782-1473; passcode 4787921.


Jacqueline Marcus
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York  10153
(212)310-8130 (telephone)
(212)310-8007 (fax)



"Friedman, Michael" <MFriedman@rkollp.com>

02/03/2009 09:40 AM

To
            jacqueline.marcus@weil.com

cc
            "Haskel, Paul" <PHaskel@rkollp.com>

Subject
            Tronex: DK from Lehman




I spoke with my partner Paul Haskel about the Tronex trade.  The issue is that, under the confirmation and standard LSTA (or LMA, not sure which one here) terms, conditions and practice, DK is entitled to receive a loan that would be treated the same as any other loan held by a party other than Lehman.  The problem, as I understand it is that Lehman failed to fund a loan and there is a possibility that either the Borrower or the other lenders can ask that the loan held by Lehman be treated differently from other loans held by other parties.  Although there was a release, we don't believe that such a release completely solves the problem.  DK very much wants to close on this loan but feels that they are entitled to receive a loan that would be treated no differently than a loan held a party other than Lehman.  My understanding is that DK has discussed an indemnity with Lehman but that has been rejected.

Not sure what I can do but I am happy to try to schedule a call with the two of us, Paul Haskel and Bill McLaughlin if you think it would help.

Thanks.

Michael Friedman
RK&O
Richards Kibbe & Orbe LLP
One World Financial Center
New York, New York 10281-1003
Direct: (212) 530-1846
mobile:  (917) 783-9141
Fax: (917) 344-8846
mfriedman@rkollp.com