Presentment Date and Time: March 13, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: March 12, 2009 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                           :    Chapter 11 Case No.
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :    08-13555 (JMP)
                                                    :
                        Debtors.                    :    (Jointly Administered)
                                                    :
                                                    :
------------------------------------------------------------------x

**MOTION FOR AN ORDER, PURSUANT TO
BANKRUPTCY RULE 9018 AND SECTION 107(b) OF THE BANKRUPTCY
CODE, AUTHORIZING THE DEBTORS TO FILE SETTLEMENT
AGREEMENT AND TRADE CONFIRMATION UNDER SEAL**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor,

Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession

(collectively, "LCPI" or the "Debtors" and, collectively with other debtors and non-

debtor affiliates, "Lehman"), file this Motion and respectfully represent:

**Background**

1.     Commencing on September 15, 2008 and periodically thereafter,

LBHI and certain of its subsidiaries, including LCPI, commenced with this Court

voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

4. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

**Jurisdiction**

5. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Lehman's Business**

6. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years,

Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

7.     Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Preliminary Statement**

8.     Contemporaneously herewith, Debtors have filed *Debtors' Motion for Enforcement of the December 23, 2008 Order Approving the Assumption of Open Trade Confirmations Pursuant to Settlement Agreement* (the "Enforcement Motion"). The Enforcement Motion seeks an Order requiring DK Acquisition Partners, L.P. ("DK") to close a trade placed with LCPI (the "Trade") to purchase an interest in a revolving credit agreement of Tronox Worldwide, LLC. The Trade is memorialized in an LSTA Par/Near Par Trade Confirmation, dated August 26, 2008 (the "Trade Confirmation"). As of October 5, 2006, when LCPI commenced its chapter 11 case, the Trade had not closed. Thus, as part of its global motion to assume or reject open trade confirmations, dated November 14, 2008, LCPI moved to compel the assumption of the Trade Confirmation. Before the motion was decided, the parties resolved their dispute by entering into a letter agreement, dated December 18, 2008 (the "Settlement Agreement"), which provided, inter alia, that LCPI would assume the Trade Confirmation. The Settlement Agreement was approved by this Court on December 23, 2008.

9.　　Because DK refuses to comply with the terms of the Settlement, which require it to close the Trade, LCPI has moved to enforce the Court's December 23, 2008 Order approving the Settlement Agreement.

**Relief Requested**

10.　　Contemporaneously herewith, Debtors have filed the Enforcement Motion with accompanying exhibits. Two of the exhibits to the Enforcement Motion, the Settlement Agreement and the Trade Confirmation, are confidential and cannot be disclosed. The Settlement Agreement is subject to a confidentiality provision that prohibits its disclosure "to anyone other than the professionals retained by the Official Committee of Unsecured Creditors in LCPI's chapter 11 case, the professionals retained by DK, or as may be agreed by the parties." From the Debtor's point of view, maintaining the confidentiality of the terms of the Settlement Agreement and the commercial information contained in the Trade Confirmation is critical in order to enable the Debtors to resolve the remaining disputes with counterparties to the remaining open trades and to cover positions with respect to outstanding open trades. Accordingly, by this Motion, the Debtors request entry of an order authorizing them to file under seal, for review *in camera* by this Court, the Settlement Agreement (Exhibit B to the Enforcement Motion) and the Trade Confirmation (Exhibit C to the Enforcement Motion).

11.　　If the Court denies the filing of the Settlement Agreement and Trade Confirmation under seal, the Debtors request that the Court approve the filing of redacted copies thereof.

**Cause Exists to File the Settlement Agreement and Trade Confirmation Under Seal**

12. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

13. Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under section 107(b):

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

14. Based upon these provisions, courts have entered orders limiting access to filed documents where parties have demonstrated good cause. *See, e.g.*, *In re Epic Assoc. V.*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985); *In re Nunn*, 49 B.R. 963, 964-65 (Bankr. E.D. Va. 1985). If the information in question fall within the parameters of section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991) (noting that the scope of the term "commercial information" is broad). Commercial information need not rise to the level

of confidentiality of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See In re Orion Pictures, Corp.*, 21 F.3d at 28. Indeed, the Court has previously granted the Debtors authorization to file certain documents under seal pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules. *See* Order Authorizing the Debtors and Barclays Capital Inc. to File Under Seal Certain Schedules to the Purchase Agreement, dated December 17, 2008 [Docket No. 2290].

15. The Debtors required that the Settlement Agreement and Trade Confirmation be treated as confidential because both contain commercial information. Additionally, DK agreed that the Settlement Agreement would "not be disclosed by LCPI or DK, to anyone other than the professionals retained by the Official Committee of Unsecured Creditors in LCPI's chapter 11 case, the professionals retained by DK, or as may be agreed by the parties." Because Lehman is seeking to enforce the Settlement Agreement, which settled the treatment of the Trade Confirmation, and the order approving it, the Settlement Agreement and the Trade Confirmation are integral to the Enforcement Motion.

16. Pursuant to General Order # M-242 (Revised Electronic Filing Procedures) of the United States Bankruptcy Court for the Southern District of New York, dated January 19, 2001, the Debtors have not filed the Settlement Agreement or Trade Confirmation with this Motion. Courtesy copies have been provided to the Court for *in camera* review.

17. Upon the Court's approval of the relief requested herein, copies of the Settlement Agreement (Exhibit B to the Enforcement Motion) and Trade

Confirmation (Exhibit C to the Enforcement Motion) will be filed under seal with the Court.

18. If the Court denies the Debtors' request to file the Settlement Agreement and Trade Confirmation under seal but approves the filing of redacted versions thereof, redacted copies of the Settlement Agreement and Trade Confirmation will be filed with the Court.

## Notice

19. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, entered on February 13, 2009 [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditor's Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for DK; and (vii) all parties who have requested notice in these chapter 11 cases (the "Notice Parties"). The Debtors submit that no other or further notice need be provided.

20. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 5, 2009
       New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

## **EXHIBIT A**

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                   :
In re                                                              :    Chapter 11 Case No.
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                       :    08-13555 (JMP)
                                                                   :
                    Debtors.                                       :    (Jointly Administered)
                                                                   :
                                                                   :
-------------------------------------------------------------------x

### ORDER GRANTING MOTION FOR AN ORDER, PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018, AUTHORIZING DEBTORS TO FILE SETTLEMENT AGREEMENT AND TRADE CONFIRMATION UNDER SEAL

Upon the motion, dated March 5, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (collectively, "LCPI" or the "Debtors" and, collectively with other debtors and non-debtor affiliates, "Lehman"), pursuant to section 107(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requesting permission to file under seal a letter agreement, dated December 18, 2008 (the "Settlement Agreement"), and a LSTA Par/Near Par Trade Confirmation, dated August 26, 2008 (the "Trade Confirmation"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the Amended Order

Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures entered on February 13, 2009 [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for DK; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

       ORDERED that the Motion is granted; and it is further

       ORDERED that, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, LBHI is to file the Settlement Agreement (Exhibit B to the Enforcement Motion), and Trade Confirmation (Exhibit C to the Enforcement Motion), shall be filed under seal; and it is further

       ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: March   , 2009
       New York, New York

                                         _____
                                         UNITED STATES BANKRUPTCY JUDGE