Hearing Date and Time: March 25, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: March 24, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :    08-13555 (JMP)
                                                   :
                    Debtors.                       :    (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF DEBTOR'S MOTION
PURSUANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE, FEDERAL RULES OF BANKRUPTCY
PROCEDURE 2002, 6004 AND 9014, AND RULES 6004-1, 9006-1
AND 9014-1 OF THE LOCAL BANKRUPTCY RULES FOR APPROVAL
OF THE SALE OF DEBTOR'S AIRCRAFT PURSUANT TO AN AIRCRAFT
SALE AND PURCHASE AGREEMENT AND PAYMENT OF RELATED FEES**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of CES Aviation V, LLC (the "Debtor"), as debtor and debtor in possession (together with Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), pursuant to sections 105 and 363 of title 11 of the United States Code, Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1, 9006-1, and 9014-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), for (i) approval of the sale of the Debtor's Aircraft (as defined below) pursuant to (a) an Aircraft Sale and Purchase Agreement (the "Sale Agreement") with a party who submits an offer for the Aircraft that is accepted by the Debtor and approved by the Court (the "Purchaser") or (b) a substantially similar sale and purchase agreement with a party who submits a higher offer (as defined below), and (ii) approval of the Debtor's payment of certain outstanding invoices reflecting expenses incurred in the ordinary course of operating the Aircraft, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **March 25, 2009 at 10:00 a.m. (Prevailing Eastern Time)** (the "Sale Hearing").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Sale Agreement, the Debtor will sell, and a Purchaser will purchase (the "Proposed Sale"), the Debtor's aircraft, a Sikorsky S-76C+ helicopter, bearing manufacturer's serial number 760486 and U.S. registration mark N151LB, together with two Turbomeca model Arriel 2s1 engines, bearing manufacturer's serial numbers 20057 and 20065, all appurtenances, appliances, parts, avionics, instruments, components, accessions, furnishings, items of equipment and accessories installed thereon, and loose equipment specifically identified in the Sale Agreement (collectively, the "Aircraft").

PLEASE TAKE FURTHER NOTICE that the Debtor shall give notice of a Proposed Sale (the "Notice") no later than ten (10) days prior to any Sale Hearing (i) to any party that has expressed interest in any of Lehman's aviation assets within the past year, and certain other logical or likely bidders, and (ii) in accordance with the procedures set forth in the order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837]. The Notice shall, among other things, identify the Purchaser, set forth the Purchase Price and the amount of the Deposit (as defined in the Sale Agreement).

**PLEASE TAKE FURTHER NOTICE that the Proposed Sale is subject to higher or better offers (a "Higher Offer"). Any party interested in submitting a Higher Offer for the Aircraft must submit (i) an offer in the form of the Sale Agreement, changed only to modify, where appropriate, the name of the purchaser, an increased Purchase Price, and an increased Deposit to reflect an amount equal to five percent of the total Purchase Price (as modified) and (ii) the Deposit. All Higher Offers (including Deposits) must be submitted to and received by CES Aviation V, LLC, c/o Lehman Brothers, 745 Seventh Avenue, 30th Floor, New York, New York, 10019, Attn: Francine Kittredge, with a copy to Weil Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors, by no later than seventy-two (72) hours prior to the Sale Hearing.**

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **March 24, 2009, at 10:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Sale Hearing, and failure to appear may result in relief being granted or denied upon default.

PLEASE TAKE FURTHER NOTICE that the Debtor reserves the right, in its sole discretion, to adjourn or not proceed with any Proposed Sale. Should the Debtor determine to adjourn or not proceed with any Proposed Sale, the Debtor will file a notice of such decision prior to the Sale Hearing.

Dated: March 5, 2009
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Hearing Date and Time:  March 25, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  March 24, 2009 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re                                       : | Chapter 11 Case No. |
|                                             : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  : | 08-13555 (JMP) |
|                                             : | |
| Debtors.                                    : | (Jointly Administered) |

**DEBTOR'S MOTION PURSUANT TO SECTIONS 105
AND 363 OF THE BANKRUPTCY CODE, FEDERAL RULES OF
BANKRUPTCY PROCEDURE 2002, 6004 AND 9014, AND RULES 6004-1,
9006-1 AND 9014-1 OF THE LOCAL BANKRUPTCY RULES FOR APPROVAL
OF THE SALE OF DEBTOR'S AIRCRAFT PURSUANT TO AN AIRCRAFT
SALE AND PURCHASE AGREEMENT AND PAYMENT OF RELATED FEES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

CES Aviation V, LLC (the "Debtor"), as debtor and debtor in possession (together with Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), files this Motion and respectfully represents:

**Background**

1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the U.S. Trustee appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

4. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner"). By order dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

**Jurisdiction**

5. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Lehman's Business**

6. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

7. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Preliminary Statement**

8. The Debtor is a direct, wholly-owned subsidiary of LBHI that filed for protection under chapter 11 on October 5, 2008. The Debtor hereby seeks authority to sell its Sikorsky S-76C+ helicopter. The aircraft was used to facilitate business transportation for Lehman employees prior to the commencement of these chapter 11 cases. As the market for pre-owned aircraft continues to decline, it is imperative that the Debtor have the ability to consummate the sale of its Sikorsky S-76C+ helicopter as quickly as possible.

9. As has been widely reported, the market for pre-owned aircraft has declined precipitously in the past year and is expected to remain depressed for some time. As with other aviation assets, the market for Sikorsky S-76 helicopters is highly saturated. According to a market summary report provided by JETNET, an independent aircraft market database source to which the Debtor's Broker subscribes, the asking price for a Sikorsky S-76 series helicopter has decreased by nearly $4,000,000 in the four month period between September 2008 and January 2009 alone – from a high of $8,600,000 to a low of $4,750,000, and that three Sikorsky S-76 series helicopters have entered the market since January 1, 2009.

10. The Debtor is in active discussions with parties interested in purchasing the Sikorsky S-76C+ and believes it shortly may be in a position to execute a sale and purchase agreement. Given the current market conditions, the Debtor believes it prudent to file this motion now, so it can quickly engage a party and consummate a sale, rather than run the risk of further market declines. As this Court is aware, prior delays between the filing of the motion to

sell an aircraft and entry of an order have threatened the viability of such transactions.[1] Based upon the foregoing, the Debtor submits good cause exists to authorize the sale of its Sikorsky S-76C+ helicopter as outlined below, so that the Debtor may promptly consummate this transaction and avoid potential decline in the value of its aircraft, thereby maximizing the value of its estate.

**The Aircraft Marketing Process**

The Aircraft

11. The aircraft is a Sikorsky S-76C+ helicopter, bearing manufacturer's serial number 760486 and U.S. registration mark N151LB, and is being sold with two Turbomeca model Arriel 2s1 engines, bearing manufacturer's serial numbers 20057 and 20065, all appurtenances, appliances, parts, avionics, instruments, components, accessions, furnishings, items of equipment and accessories installed thereon, and loose equipment and documents to be specifically identified in the sale and purchase agreement (collectively, for the purposes of this Motion, the "Aircraft").[2]

The Marketing Process

12. In June 2008, the Debtor initiated discussions with six aircraft brokers. The brokers were compared based on a market-knowledge survey, their aviation-industry sales experience, references, and proposed commission fees. The proposed commission fees among the brokers varied by more than $100,000. The Debtor ultimately selected Bloomer deVere

---

[1] *See* Debtors' Motion to Amend (i) Order Authorizing Sale of G-IVSP Aircraft and (ii) Order Authorizing Sale of Falcon 50 Aircraft [Docket No. 2318]; Amended Order Pursuant to Sections 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 6004 Authorizing Lehman Brothers Holdings Inc. to Enter into an Amended Sale and Purchase Agreement [Docket No. 2359]; Amended Order Pursuant to Sections 105 and 363 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 2002, 6004 and 9014, and Rules 6004-1, 9006-1 and 9014-1 of the Local Bankruptcy Rules Approving the Sale of Debtors Aircraft Pursuant to an Aircraft Sale and Purchase Agreement [Docket No. 2362].

[2] The "Aircraft" will be defined in the sale and purchase agreement. Insofar as there are any inconsistencies between this summary description and the sale and purchase agreement, the terms of the sale and purchase agreement shall control.

Group Avia, Inc. (the "Broker") as its broker.[3] The Debtor felt the Broker best-satisfied all of the foregoing criteria. The Broker also submitted a bid with the lowest commission fees. During final contract negotiations, the Debtor and the Broker agreed upon a sliding scale commission rate, which provided further incentive for the Broker to seek the highest bid possible for the Aircraft.

13. In early August 2008, the Debtor focused on a competitive bidding process to sell the Aircraft. The Broker marketed the Aircraft in various types of business and aviation magazines, web and broadcast advertisements, and through aviation listing services. As with the general aviation market, the current market for pre-owned aircraft is saturated with Sikorsky S-76 series helicopters and demand for pre-owned Sikorsky S-76 series helicopters continues to decrease into the new year. As of the date hereof, the Debtor is aware of at least 15 helicopters similar to the Sikorsky S-76C+ being actively marketed. It is likely that additional helicopters are being more quietly marketed.

### The Proposed Sale Procedures

14. The Debtor intends to push forward with its marketing campaign and negotiate with interested parties in the hopes of consummating a sale in short order. Should the Debtor's current efforts and negotiations proceed to the point where the Debtor and a potential purchaser agree as to price, the Debtor work with such purchaser (the "Purchaser") to negotiate and execute an Aircraft Sale and Purchase Agreement (the "Sale Agreement"). Pursuant to the Sale Agreement, the Debtor will transfer, and the Purchaser will purchase, the Aircraft in exchange for a purchase price (the "Purchase Price"), on and subject to the terms and conditions

---

[3] On December 23, 2008 this Court entered an order authorizing the Broker's retention and employment as the Debtors' broker in connection with the sales of the Debtors' aviation assets [Docket No. 2358], and pursuant to which the Broker shall receive compensation for the sale of the Aircraft without further order of the Court.

set forth in the Sale Agreement (the "Proposed Sale"). The Proposed Sale will remain subject to higher or better offers (a "Higher Offer") and will proceed in accordance with the following procedures (the "Sale Procedures"):

a) Upon the filing of this Motion, Lehman shall provide notice of this Motion to any party that has expressed interest in any of Lehman's aviation assets within the past year, and certain other logical or likely bidders (the "Likely Bidders"). Lehman shall cause the notice of the Motion and the Motion to be published on the Debtors' court-approved claims and noticing agent's website: www.lehman-docket.com (the "Debtors' Website").

b) The Debtor will proceed to negotiate with any interested party. Should the Debtor locate and successfully negotiate with a Purchaser, the Debtor shall give notice of the Proposed Sale (the "Notice") no later than ten (10) days prior to the March 25, 2009 hearing to consider the sale of the Aircraft (the March 25, 2009 hearing or any subsequent hearing to consider such sale, the "Sale Hearing") (i) to the Likely Bidders and (ii) in accordance with the procedures set forth in the order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] (together with the Likely Bidders, the "Notice Parties"). Lehman shall also cause the Notice to be published on the Debtors' Website.

c) The Notice shall (i) identify the Purchaser, the Purchase Price, and the Deposit (as defined in the Sale Agreement); (ii) identify the salient provisions of the Sale Agreement; (iii) separately disclose any provision as may be required by the Guidelines for the Conduct of Asset Sales, adopted by this Court's General Order M-331; and (iv) set forth any other relevant terms of the Proposed Sale.

d) Any party interested in submitting a Higher Offer for the Aircraft must contact the Debtor (CES Aviation V, LLC, c/o Lehman Brothers, 745 Seventh Avenue, 30th Floor, New York, New York, 10019, Attn: Francine Kittredge) for a copy of the Sale Agreement and submit (i) an offer in the form of the Sale Agreement, changed only to modify, where appropriate, the name of the purchaser, an increased Purchase Price, and an increased Deposit to reflect an amount equal to five percent of the modified Purchase Price and (ii) a Deposit in the amount included in the offer. A Higher Offer must be submitted to and received by CES Aviation V, LLC, c/o Lehman Brothers, 745 Seventh Avenue, 30th Floor, New York, New York, 10019, Attn: Francine Kittredge, with a copy to Weil Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors, no later than seventy-two (72) hours prior to any Sale Hearing (the "Bid Deadline"). The Debtor retains the right to determine, in its sole discretion, the highest or other best bid, and to reject any bid.

  e) A party interested in the Aircraft may contact the Broker at any time prior to the Bid Deadline.

15.  The Debtor reserves the right, in its sole discretion, to adjourn or simply not proceed with any Proposed Sale. Should the Debtor adjourn or determine not to proceed with a Proposed Sale, the Debtor will file a notice of such decision prior to the Sale Hearing. Following a decision not to proceed with the Proposed Sale, should the Debtor thereafter engage a purchaser and enter into a sale and purchase agreement, the Debtor shall provide a Notice to the Notice Parties no later than ten (10) days prior to any subsequent Sale Hearing, and the Sale Procedures set forth in this Motion shall apply.

16.  Any sale and purchase agreement for the sale of the Aircraft will require the Debtor to pay all outstanding prepetition invoices and unpaid maintenance contracts. As of the date hereof, the Debtor is responsible for paying certain outstanding invoices totaling $6,854.38. These invoices reflect flight support activity expenses incurred in the ordinary course of business of operating the Aircraft, the nonpayment of which could result in a lien (or liens) on the Aircraft.

**Relief Requested**

17.  Pursuant to sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014, and Rules 6004-1, 9006-1, and 9014-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York, it is requested that the Court (i) approve the sale of the Aircraft pursuant to (a) a Sale Agreement with a Purchaser or (b) a substantially similar sale and purchase agreement with a party who submits a Higher Offer, and authorize the Debtor to consummate the transactions contemplated therein, and (ii) approve

the Debtor's payment of certain outstanding invoices representing expenses incurred in the ordinary course of operating the Aircraft.

### The Relief Requested is Warranted and in the Best Interests of the Debtor and its Estate

18. Ample authority exists for approval of the Proposed Sale. Section 363 of the Bankruptcy Code provides, in relevant part, "that a debtor, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Although section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, courts in the Second Circuit and others, in applying this section, have required that it be based upon the sound business judgment of the debtor. *See In re Chateaugay Corp.*, 973 F.2d 141 (2d Cir. 1992) (holding that a judge reviewing a section 363(b) application must find from the evidence presented a good business reason to grant such application); *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (same). Once a court is satisfied that there is a sound business justification for the proposed sale, the court must then determine whether (i) the debtor has provided the interested parties with adequate and reasonable notice, (ii) the sale price is fair and reasonable, and (iii) the purchaser is proceeding in good faith. *In re Betty Owens Sch.*, 1997 U.S. Dist. Lexis 5877 (S.D.N.Y. 1997); *accord In re Delaware and Hudson Ry. Co.*, 124 B.R. at 166; *In re Decora Indus., Inc.*, Case No. 00-4459, 2002 WL 32332749 at *3 (Bankr. D. Del. May 20, 2002).

19. The Debtor's decision to sell the Aircraft and to enter into the Sale Agreement, or a substantially similar sale and purchase agreement with a party who submits a Higher Offer, is an exercise of its sound business judgment. The Aircraft is no longer required to facilitate Lehman's business transportation during the Debtor's chapter 11 case. Additionally,

should the Proposed Sale not be consummated, the Debtor will continue to incur costs for the Aircraft of approximately $30,000 per month, which is comprised of: (i) hangar fees; (ii) management fees (iii) insurance fees; and (iv) maintenance fees. The Debtor believes a sale of the Aircraft in accordance with the Sale Procedures to be meritorious based on an extensive marketing and bidding process and in light of what is an increasingly saturated market.

20. As noted above, both the Debtor and the Broker had an incentive to seek the highest possible bid for the Aircraft, and they conducted an extensive bidding process. The Debtor will continue to accept and entertain Higher Offers for the Aircraft until the Objection Deadline. All potential bidders will have had an opportunity to bid on the Aircraft prior to the Sale Hearing. The consideration to be paid by the Purchaser or by a party who submits a Higher Offer that is ultimately accepted by Debtor will (i) represent the best offer for the Aircraft; (ii) be fair and reasonable; (iii) provide for a greater recovery for the Debtor's creditors than would be provided by any other practical, available alternative; and (iv) constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and non-bankruptcy law.

21. Moreover, the expedited sale procedures for the Aircraft will permit the Debtor to be responsive to the needs of interested purchasers. An expedited sale procedure will also protect the Debtor's estate by guarding against a potential decline in the Aircraft's value during the delay imposed by otherwise twenty-day notice requirement for asset sale motions under section 363 of the Bankruptcy Code, while still providing for adequate review and notice, under the circumstances, of a proposed sale of the Aircraft to the Notice Parties.

22. The Debtor has provided adequate notice and a reasonable opportunity to be heard in connection with the Proposed Sale and continues to afford parties interested in purchasing the Aircraft with the opportunity to submit a Higher Offer. The Debtor has properly

exercised its reasonable business judgment and has shown good and sufficient business justification under sections 105(a), 363(b) and 363(l) of the Bankruptcy Code for the Proposed Sale, outside a plan of reorganization. The Proposed Sale, therefore, should be approved.

### Sale Free and Clear of Liens, Claims, Encumbrances, and Interests

23.  The Aircraft will be sold free and clear of any interest of an entity other than the Debtor's estate. Pursuant to section 363(f) of the Bankruptcy Code, a debtor in possession may sell property of the estate "free and clear of any interest in such property of an entity other than the estate" if applicable nonbankruptcy law permits the sale of such property free and clear of such interest, if such entity consents, if such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, if such interest is in bona fide dispute, or if such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f)(1) – (5). Although the Debtor is unaware of any such interest in the Aircraft, with respect to any party asserting a lien, claim, encumbrance or other interest against the assets, the Debtor anticipates that it will be able to satisfy one or more of the conditions set forth in section 363(f).

### The Sale Agreement Is the Product of Good Faith and Contains Fair Consideration

24.  Section 363(m) of the Bankruptcy Code protects a good-faith purchaser's interest in property purchased from the debtor notwithstanding that the sale conducted under section 363(b) is later reversed or modified on appeal. Specifically, section 363(m) states that:

> The reversal or modification on appeal of an authorization under [section 363(b)] … does not affect the validity of a sale … to an entity that purchased … such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale … were stayed pending appeal.

11 U.S.C. § 363(m). Section 363(m) "fosters the 'policy of not only affording finality to the judgment of the bankruptcy court, but particularly to give finality to those orders and judgments

upon which third parties rely.'" *In re Chateaugay Corp.*, 1993 U.S. Dist. Lexis 6130, *9 (S.D.N.Y. 1993) (quoting *In re Abbotts Dairies of Penn., Inc.*, 788 F.2d 143 at 147). *See also Allstate Ins. Co. v. Hughes*, 174 B.R. 884, 888 (S.D.N.Y. 1994) ("Section 363(m) . . . provides that good faith transfers of property will not be affected by the reversal or modification on appeal of an unstayed order, whether or not the transferee knew of the pendency of the appeal"); *In re Stein & Day, Inc.*, 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990) ("pursuant to 11 U.S.C. § 363(m), good faith purchasers are protected from the reversal of a sale on appeal unless there is a stay pending appeal").

25. The sale of the Aircraft will be the product of arm's-length, good-faith negotiations in a competitive bidding process. Based upon the record to be made at the Sale Hearing, the Debtor intends to request a finding that the Purchaser or a party who submits a Higher Offer that is ultimately accepted by the Debtor is a good-faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code.

### Relief Under Bankruptcy Rule 6004(h)

26. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale or lease of property . . . is stayed until expiration of 10 days after entry of the order, unless the Court orders otherwise." Fed. R. Bank. P. 6004(h). Due to the declining market conditions, the Debtor believes that the order approving the sale of the Aircraft should be effective immediately upon entry of such order. Therefore, waiver of the ten-day stay is requested.

### Notice

27. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditor's Committee; (iii)

the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases. The Debtors have also served notice of this Motion on the Likely Bidders. The Debtors submit that no other or further notice need be provided.

28.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:  March 5, 2009
          New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE, FEDERAL RULES OF BANKRUPTCY
PROCEDURE 2002, 6004 AND 9014, AND RULES 6004-1, 9006-1
AND 9014-1 OF THE LOCAL BANKRUPTCY RULES APPROVING
THE SALE OF DEBTOR'S AIRCRAFT PURSUANT TO AN AIRCRAFT
SALE AND PURCHASE AGREEMENT AND PAYMENT OF RELATED FEES**

Upon the motion, dated March 5, 2009 (the "Motion"),[1] of CES Aviation V, LLC (the "Debtor"), as debtor in possession (collectively with Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014, and Local Bankruptcy Rules 6004-1, 9006-1, and 9014-1, for (i) approval of the sale of the Debtor's aircraft, a Sikorsky S-76C+ helicopter, bearing manufacturer's serial number 760486 and U.S. registration mark N151LB (the "Aircraft", as more fully defined in the Motion), pursuant to (a) an Aircraft Sale and Purchase Agreement (the "Sale Agreement") with a party who submits an offer for the Aircraft that the Debtor accepted (the "Purchaser") or (b) a substantially similar sale an purchase agreement with a party who submits a Higher Offer, whereby the Debtor will sell, and the Purchaser will purchase, the Aircraft (the "Proposed Sale"), and (ii) approve the Debtor's payment of certain outstanding invoices representing expenses incurred in the ordinary course of operating the Aircraft, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; and a reasonable opportunity to object or be heard regarding the Motion and Proposed Sale having been afforded to all such parties; and it appearing that no other or further notice need be provided; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

FURTHER FOUND AND DETERMINED THAT:

1. The Debtor has properly exercised its reasonable business judgment in executing the Sale Agreement. The Debtor has shown good and sufficient business justification under sections 105(a), 363(b) and (l) of the Bankruptcy Code for the Proposed Sale, outside a plan of reorganization.

2. The relief sought in the Motion is in the best interests of the Debtor, its estate, and creditors, and all parties in interest.

3. The ultimate consideration to be paid by the Purchaser (i) represents the best offer for the Aircraft; (ii) is fair and reasonable; (iii) provides for a greater recovery for the Debtor's creditors than would be provided by any other practical, available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and non-bankruptcy law.

4. The Purchaser is not an "insider" or "affiliate" of the Debtor (within the meaning of the Bankruptcy Code). Neither the Debtor nor the Purchaser have engaged in conduct that would prevent the application of section 363(m) of the Bankruptcy Code or permit the Sale Agreement to be avoided under section 363(n) of the Bankruptcy Code. Consequently, the Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded thereby.

NOW, THEREFORE, IT IS HEREBY:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014, and Local Bankruptcy Rules 6004-1, 9006-1, and 9014-1, the Proposed Sale is approved and the Debtor is authorized to consummate all of the transactions contemplated thereby, including, but not limited to, the Sale Agreement; and it is further

ORDERED that the Debtor is authorized to pay certain outstanding invoices relating to flight support activities, as more fully described in the Motion, in the amount of $6,854.38; and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, the Debtor's right, title, and interest in and to the Aircraft shall be sold to Purchaser free and clear of any and all liens, claims, and encumbrances; and it is further

ORDERED that the Purchaser is a good faith purchaser and is granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code and consummation of the Sale Agreement shall not be affected by reversal or modification on any appeal of this Order; and it is further

ORDERED that the Debtor is authorized to perform all obligations under the Sale Agreement and to execute such other documents and take such other actions as may be necessary or appropriate to effectuate the Sale Agreement and the provisions of this Order; and it is further

ORDERED that nothing in this Order or in the Sale Agreement (i) releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statues or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order, or (ii) should be construed to give the Purchaser any more protection against any government unit than it is otherwise entitled to under 11 U.S.C. § 363(f)(1), (3), (4), or (5).  Nothing in this paragraph should be construed to create for any governmental unit any substantive right that does not already exist under law; and it is further

ORDERED that each and every federal, state, and local government agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order; and it is further

ORDERED that any stay imposed by Bankruptcy Rule 6004(h) is hereby waived and this Order shall be immediately effective and enforceable; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.

Dated: March __, 2009
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

NY2:\1972150\06\169PY06!.DOC\58399.0003    4