WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                                      :
**In re**                                             :     **Chapter 11 Case No.**
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,          :     **08-13555 (JMP)**
                                                      :
                                 **Debtors.**         :     **(Jointly Administered)**
                                                      :
                                                      :
---------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746**
**REGARDING DEBTORS' APPLICATION, PURSUANT TO SECTIONS**
**327(a) AND 328(a) OF THE BANKRUPTCY CODE FOR**
**AUTHORIZATION TO EMPLOY AND RETAIN HURON CONSULTING**
**GROUP AS TAX SERVICES PROVIDERS *NUNC PRO TUNC* TO JANUARY 23, 2009**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [Docket No. 2837] (the "Amended Case Management Order"),

the undersigned hereby certifies as follows:

        1.      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in

the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), filed an Application with this Court, Pursuant to Sections 327(a) and 328(a) of the

Bankruptcy Code for Authorization to Employ and Retain Huron Consulting Group as Tax

Service Providers to the Debtors, Nunc Pro Tunc to January 23, 2009 **[Docket No. 2905]** (the

Application").

        2.     In accordance with the Amended Case Management Order, March 6,

2009 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to

object or file a response to the Application (the "Objection Deadline").  The Amended Case

Management Order provides that pleadings may be granted without a hearing, provided that

no objections have been filed prior to the objection deadline and the attorney for the entity

who filed the pleading complies with the relevant procedural and notice requirements.

        3.     The Objection Deadline has now passed and, to the best of my

knowledge, no objection or other responsive pleading to the Application have been filed with

the Court on the dockets of the above-referenced cases in accordance with the procedures set

forth in the Amended Case Management Order, nor has any objection or other responsive

pleading with respect to the Application been served on Debtors' counsel.

4.    Accordingly, for the reasons set forth in the Application, the Debtors

respectfully request that the proposed Order annexed hereto as Exhibit A, and unmodified

since the filing of the Supplement, be entered in accordance with the procedures described in

the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated:  March 9, 2009
        New York, New York

                                      /s/ Richard P. Krasnow
                                      Richard P. Krasnow

                                      WEIL, GOTSHAL & MANGES LLP
                                      767 Fifth Avenue
                                      New York, New York 10153
                                      Telephone: (212) 310-8000
                                      Facsimile: (212) 310-8007

                                      Attorneys for Debtors
                                      and Debtors in Possession

**<u>EXHIBIT A</u>**

**(Proposed Order – Docket No. 2905)**

NY2:\1974713\01\16BP501!.DOC\58399.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                                    :
**In re**                                           :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*        :        **08-13555 (JMP)**
                                                    :
               **Debtors.**                         :        **(Jointly Administered)**
                                                    :
                                                    :
---------------------------------------------------------------------x

**ORDER GRANTING THE DEBTORS' APPLICATION PURSUANT**
**TO SECTIONS 327(a) and 328(a) OF THE BANKRUPTCY CODE**
**TO RETAIN AND EMPLOY HURON CONSULTING GROUP AS TAX**
**SERVICES PROVIDERS *NUNC PRO TUNC* TO JANUARY 23, 2009**

Upon the Application, dated February 23, 2009 (the "Application"),[1] of

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the

"Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections

327(a) and 328(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code"), for authority to retain and employ Huron Consulting Group ("Huron") as tax

services providers, *nunc pro tunc* to January 23, 2009, as more fully set forth in the

Application; and upon consideration of the Declaration of Robert J. Pawlak, a managing

director of Huron, sworn to February 23, 2009, filed in support of the Application, a copy

of which is attached to the Application as Exhibit A; and the Court being satisfied, based

on the representations made in the Application and the Pawlak Declaration, that Huron

represents or holds no interest adverse to the Debtors or their estates and is disinterested

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to
them in the Application.

under section 101(14) of the Bankruptcy Code; and the Court having jurisdiction to

consider the Application and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

Southern District of New York Any and All Proceedings Under Title 11, dated July 10,

1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Application having been provided in accordance with the procedures set forth in the

order entered September 22, 2008 governing case management and administrative

procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of

New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the

Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; and (vi) all parties who have

requested notice in these chapter 11 cases, and it appearing that no other or further notice

need be provided; and the Court having found and determined that the relief sought in the

Application is in the best interests of the Debtors, their estates and creditors, and all

parties in interest and that the legal and factual bases set forth in the Application establish

just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the Application is approved; and it is further

ORDERED that, pursuant to sections 327(a) and 328(a) of the Bankruptcy

Code, the Debtors are authorized to retain and employ Huron as their tax services

providers, *nunc pro tunc* to January 23, 2009, on the terms and conditions generally

described and set forth in the Engagement Letter, subject to the following modifications

set forth in Paragraph 21 of the Pawlak Declaration:

a.      The provision in the Engagement Agreement's General Business Terms
relating to arbitration in the event a dispute arises between the Debtors and
Huron is hereby revised to provide that the arbitration provision shall
apply only to the extent that the United States Bankruptcy Court, or the
United States District Court if the reference is withdrawn, does not retain
jurisdiction over a controversy or claim.

b.      All requests of Huron for payment of indemnity pursuant to the
Engagement Agreement shall be made by means of an application (interim
or final as the case may be) and shall be subject to review by the Court to
ensure that payment of such indemnity conforms to the terms of the
Engagement Agreement and is reasonable based upon the circumstances
of the litigation or settlement in respect of which indemnity is sought;
provided, however, that in no event shall Huron be indemnified in the case
of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross
negligence or willful misconduct.

c.      In no event shall Huron be indemnified if the Debtors or a representative
of the estates asserts a claim for, and a court determines by final order that
such claim arose out of, Huron's own bad faith, self-dealing, breach of
fiduciary duty (if any), gross negligence, or willful misconduct.

d.      In the event that Huron seeks reimbursement for attorneys' fees from the
Debtors pursuant to the Engagement Agreement, the invoices and
supporting time records from such attorneys shall be included in Huron's
own monthly fee statement and shall be subject to the same payment
procedures applicable to professionals in these cases.

e.      The Engagement Agreement's General Business Terms shall apply solely
to claims of Huron and the Debtors against each other, and shall not apply
if the Debtors or a representative of the estates asserts a claim for, and a
court determines by final order that such claim arose out of, Huron's own
bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence,
or willful misconduct.  Additionally, the phrase "for the portion of the
engagement giving rise to liability" is deleted from this paragraph.

f.      To the extent this Order is inconsistent with the Engagement Agreement,
this Order shall govern.

; and it is further:

NY2:\1974713\01\16BP501!.DOC\58399.0003                    7

ORDERED that Huron shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, local rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures as may be fixed by order of this Court, including but not limited to the Court's Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals except that Huron is permitted to maintain its detailed time records to the nearest quarter hour; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  March __, 2009
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE