WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                             :

| | | |
|---|---|---|
| **In re** | : | **Chapter 15 Case No.** |
| | : | |
| **LEHMAN BROTHERS FINANCE AG, IN** | : | **09-10583 (JMP)** |
| **LIQUIDATION, a/k/a/ LEHMAN BROTHERS** | : | |
| **FINANCE SA, IN LIQUIDATION,** | : | |
| | : | |
| **Debtor in a Foreign Proceeding.** | : | |
| | : | |

-------------------------------------------------------------------x
                                             :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | |

-------------------------------------------------------------------x

**DEBTORS' RESPONSE TO CHAPTER 15 PETITION**
**AND MOTION BY DEBTOR IN A FOREIGN PROCEEDING**
**FOR AN ORDER DISMISSING CHAPTER 11 CASE UPON RECOGNITION**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

             Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), respectively submit this response to the

verified petition (the "Verified Petition") [Docket No. 2] of PricewaterhouseCoopers AG, Zurich

("PwC"), in its capacity as the duly authorized Bankruptcy Liquidator of Lehman Brothers

Finance AG, in Liquidation, also known as Lehman Brothers Finance SA, in Liquidation

("LBF"), seeking recognition and related relief under chapter 15, and the concurrently filed

Motion for an order dismissing LBF's chapter 11 case upon recognition (the "Motion") [Docket

No. 2789]:

## Preliminary Statement

1.      Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

2.      On September 29, 2008, LBHI as the sole shareholder of LBF directed

that Bryan Marsal be appointed Chief Restructuring Officer of LBF.  On October 3, 2008, in

order to preserve certain assets of LBF in the United States which LBHI had reason to believe

needed immediate protection, LBHI as the sole shareholder of LBF directed that a voluntary case

be commenced for LBF under chapter 11 of the Bankruptcy Code.  Subsequently, and following

the appointment of PwC as examiners on September 30, 2008 by the Swiss Federal Banking

Commission ("SFBC"), the SFBC issued a decision on October 29, 2008 that LBF should be

placed into liquidation and appointed PwC as liquidator.  On December 19, 2008, at PwC's

request, this liquidation proceeding was converted to a bank/security dealer bankruptcy

proceeding (the "<u>Swiss Bankruptcy</u>") under the supervision of the newly formed Swiss Financial

Market Supervisory Authority ("<u>FINMA</u>").[1]

3.        By the Verified Petition and Motion, PwC is seeking recognition of the

ongoing Swiss Bankruptcy as a foreign main proceeding under sections 1502(4), 1504, 1515, and

1517 of the Bankruptcy Code, with PwC as the foreign representative of LBF.  Along with

recognition, PwC requests that this Court grant it certain discretionary relief available under

1521(a)(4), 1521(a)(5), and 1521(b), including the right to seek discovery of LBF's assets in the

United States.  PwC also requests that one of the adversary proceedings filed in the Debtors'

chapter 11 cases, Kelly v. Lehman Brothers OTC Derivatives, Inc., *et al.*, Adversary Proceeding

No. 08-01621 (JMP) (the "<u>Kelly Adversary</u>"), be transferred to LBF's chapter 15 case upon

dismissal of LBF's chapter 11 case.  Concurrently with the relief sought by the Verified Petition,

PwC seeks the dismissal of LBF's chapter 11 case pursuant to section 305 of the Bankruptcy

Code.

4.        The Debtors do not oppose the relief sought by PwC.  On the contrary, the

Debtors support the commencement of this chapter 15 case and the recognition of the Swiss

Bankruptcy as a foreign main proceeding under FINMA's supervision, with PwC as the duly

appointed Bankruptcy Liquidator of LBF.  The Debtors submit that the relief requested by PwC

is consistent with the mandates of chapter 15 that courts and trustees communicate and

coordinate to the maximum extent possible with foreign courts and foreign representatives.

---

[1] After a consolidation and merger with certain other regulatory bodies, the SFBC changed its name on January 1, 2009 to the Swiss Financial Market Supervisory Authority.

**Dismissal of LBF's Chapter 11 Case
And Recognition of the Swiss Bankruptcy
As a Foreign Main Proceeding are Appropriate**

5.         While certain circumstances surrounding the filing of LBF's chapter 11

petition may have been inaccurately described by PwC, (e.g., it was LBHI as LBF's shareholder,

*not* Bryan Marsal, who directed the chapter 11 filing),[2] the Debtors and PwC nevertheless appear

to agree that (i) the filing of a chapter 11 petition was necessary to protect LBF's assets in the

United States (Motion ¶ 1); and (ii) under the totality of the circumstances, including the

pendency of the Swiss Bankruptcy, it would be more appropriate that the chapter 11 case of LBF

be dismissed and supplanted by a chapter 15 case, in which the Swiss Bankruptcy is duly

recognized as a foreign main proceeding.

6.         Thus, as stated above, the Debtors do not oppose the concurrent dismissal

of LBF's chapter 11 case and recognition of the Swiss Bankruptcy as a foreign main proceeding.

The Debtors recognize that FINMA qualifies under section 1502(3) as a "foreign court," since it

is the administrative agency with regulatory authority over LBF (Verified Petition ¶ 42),[3] and

that FINMA has appointed PwC to be the Bankruptcy Liquidators of LBF.  The Debtors also

agree that PwC is the appropriate party to be recognized as LBF's foreign representative in this

chapter 15 case.

---

[2] The Debtors recognize that LBHI may not have been in strict compliance with Swiss law and the preexisting September 30 Order (as defined in the Verified Petition) when, as the sole shareholder of LBF, it directed the filing of LBF's chapter 11 petition.

[3] Section 1502(3) of the Bankruptcy Court provides:

For the purposes of this chapter, the term—
(3) "foreign court" means a judicial or other authority competent to control or supervise a foreign proceeding[.]

11 U.S.C. § 1502(3).

7.    For informational purposes only, the Debtors wish to note that FINMA's role exists in this case, as PwC notes, "separate and apart from the role of the Swiss courts in the Swiss Bankruptcy." (Verified Petition ¶ 42).  Accordingly, any claims litigation will have to be filed with the ordinary civil law courts in Switzerland and not with FINMA.  Since FINMA is not a court of law, its role is not precisely analogous to that of this Court.  Although FINMA may act as a referee in the Swiss Bankruptcy, its members exercise considerable executive control over the administration of the Swiss Bankruptcy: they have decision power in all matters and may overrule decisions and actions of PwC.  Accordingly, while the Debtors have been communicating with PwC since they first learned of their appointment by FINMA, they have also met with and commenced discussions directly with FINMA in an effort to identify solutions to common problems in the coordination of their cases.

8.    The Debtors expect to continue the productive discussions that they have had with both PwC and FINMA, and are hopeful that these discussions may lead to the implementation of a cross-border protocol among their cases.  As this Court is aware, the Debtors have drafted and presented to this Court in a status conference on February 11, 2009 a Proposed Cross-Border Insolvency Protocol for the Lehman Brothers Group of Companies.  The Debtors have submitted this draft to both FINMA and PwC for discussion and negotiation, and have commenced productive discussions towards execution of a protocol.  Notably, however, and to further illustrate the unique role that FINMA is to play in this case, FINMA has indicated that it should be the party to any cross-border protocol executed among Lehman's global affiliates.

**Chapter 15 is the Proper Forum
to Facilitate Communication and Coordination
among the Swiss Bankruptcy and the Debtors' Cases**

9.      Chapter 15 provides for the recognition of a single business entity's

foreign main proceeding.  With respect to LBF as a single business entity, therefore, the Debtors

submit that the Swiss Bankruptcy should be recognized as a main proceeding.  LBF's cases,

however, do not stand alone.  Along with the Debtors' chapter 11 cases, the Swiss Proceeding

and LBF's chapter 15 case are a few among many closely related and interdependent

proceedings currently pending in both civil and common law jurisdictions around the world (the

"Proceedings").  Moreover, these Proceedings are pending as to multiple debtors, multiple

business entities, all of whom once formed a fully integrated group companies.  LBF and the

Debtors, while administered individually, are no less dependent on each other today from an

information and system perspective than they were prior to the commencement of their

respective cases.

10.     Coordination among the Proceedings is essential to their success.

Coordination would not only allow for procedural convenience and cost efficiency:  coordination

would allow for the sort of comprehensive information sharing on business operations that

existed prior September 15, 2008.  Coordination would allow LBF and the Debtors to identify

their separate and mutual assets, legal interests, and liabilities; would avoid the duplication of

administrative efforts; and would allow for a seamless exit from these chapter 11 and chapter 15

cases.

11.     There is little in chapter 15 that provides for such coordination.  While the

need for more legislative guidance in the administration of a corporate group insolvency has

been recognized by UNCITRAL,[4] only sections 1525 and 1526 appear to mandate such

cooperation.  Section 1527, however, allows courts to fashion appropriate modes of

communication and cooperation in cases where a corporate group has affiliated cases pending in

multiple common and civil law jurisdictions.  The Legislative History to § 1527 indicates that the

purpose of this section is to provide courts with the statutory authority to approve the types of

cross-border protocols that have already become commonplace in cross-border cases.  See H.R.

Rep. No. 109-31, at 117 (2005); see also In re Maxwell Commc'n Corp., 93 F.3d 1036 (2d Cir.

1996).  Thus, recognition of the Swiss Bankruptcy in a chapter 15 proceeding may facilitate the

implementation of a cross-border protocol among the Debtors and LBF.

        12.     To this end, the Debtors fully support the relief sought by PwC.  As stated

above, the Debtors have begun the process of negotiating a multi-lateral protocol with their

debtor affiliates worldwide.  Pending the implementation of such a protocol, the Debtors have

requested, and PwC has agreed, that PwC will provide periodic quarterly reports to the Court

regarding the status of the Swiss Bankruptcy.  While the Debtors respect the fact that PwC may

have statutory limitations on its ability to disclose certain information, PwC has agreed to

provide this Court with reports that are consistent with what has been provided in other chapter

15 cases in this jurisdiction, and will keep this Court generally apprised of the what is happening

in Switzerland.

        13.     The Debtors have raised with PwC two issues regarding the relief it has

sought with respect to discovery and the Kelly Adversary.  As to the former, the Debtors have

requested that any broad discovery authority that the Court may grant be subject to PwC filing a

separate motion pursuant to Bankruptcy Rule 2004 should it seek documents or information as to

---

[4] See, e.g., A/CN.9/WG.V/WP.82/Add.1 – Treatment of enterprise groups in insolvency, ¶ 3 (available at:
http://www.uncitral.org/uncitral/en/commission/working_groups/5Insolvency.html).

specific parties.  As to the Kelly Adversary, the Debtors have suggested that transfer of that proceeding to the chapter 15 would be inappropriate given that certain Debtors in addition to LBF are named defendants.  PwC has advised the Debtors that they will be submitting a revised proposed order to the Court that will accommodate the Debtors' concerns.

14.     For all of the foregoing reasons, the Debtors submit that the Verified Petition and Motion should be granted.

WHEREFORE the Debtors respectfully request that the Motion and concurrent Verified Petition for recognition of a foreign main proceeding of PwC be granted, along with the related relief sought thereby, subject to the modification described above, and that the Court grant such other and further relief as may be just.

Dated:  March 9, 2009
         New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession