GIBSON, DUNN & CRUTCHER LLP
Michael A. Rosenthal (admitted *pro hac vice*)
Rachel F. Castelino (RC-8356)
200 Park Avenue
New York, NY 10166
Tel (212) 351-4000
Fax (212) 351-4035

*Attorneys for PricewaterhouseCoopers AG, Zurich,
as Bankruptcy Liquidator of
Lehman Brothers Finance AG, in Liquidation,
a/k/a Lehman Brothers Finance SA, in Liquidation*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| LEHMAN BROTHERS FINANCE AG, IN LIQUIDATION, a/k/a LEHMAN BROTHERS FINANCE SA, IN LIQUIDATION, | Case No. 09-10583 (JMP) |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**PRICEWATERHOUSECOOPERS AG, ZURICH'S (A) REPLY TO
MILLENNIUM INTERNATIONAL, LTD.'S (1) OBJECTION TO CHAPTER
15 PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING
AND REQUESTED RELIEF; AND (2) OBJECTION TO MOTION TO
DISMISS CHAPTER 11 CASE UPON RECOGNITION OF FOREIGN MAIN
PROCEEDING; AND (B) ALTERNATIVE REQUEST FOR PROVISIONAL
<u>RELIEF UNDER 11 U.S.C. §§ 1517(a)(1), 1519(a) AND 1521</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

PricewaterhouseCoopers AG, Zurich ("PwC"), in its capacity as duly authorized Bankruptcy Liquidator and putative foreign representative of Lehman Brothers Finance AG, in Liquidation, also known as Lehman Brothers Finance SA, in Liquidation, a Swiss corporation ("LBF"), by and through its United States counsel, Gibson, Dunn & Crutcher LLP, hereby files this (A) reply to Millennium International Ltd.'s (1) Objection to Chapter 15 Petition for Recognition of Foreign Main Proceeding and Requested Relief [LBF Docket No. 13] (the "Chapter 15 Opposition"); and (2) Objection to Motion to Dismiss Chapter 11 Case Upon Recognition of Foreign Main Proceeding [LBHI Docket No. 3009 and LBF Docket No. 14] (the "MTD Opposition"); and (B) request for alternative provisional relief under sections 1517(a)(1), 1519(a) and 1521 of the Bankruptcy Code. In support hereof, PwC respectfully submits as follows:

## PRELIMINARY STATEMENT

1.     Millennium International, Ltd. ("Millennium"), a non-U.S. entity, is the only party that has objected to PwC's Chapter 15 Petition or Motion to Dismiss the chapter 11 case. In fact, even the Debtors in Case 08-13555 (JMP) support the relief that PwC has requested from this Court. Despite Millennium's objection, Millennium has not even attempted to present any declaration or affidavit evidence rebutting the presumption that Switzerland is LBF's center of main interest. Thus, the Court may rely on the chapter 15 presumptions to immediately enter an order granting the Chapter 15 Petition and recognizing LBF's Swiss bankruptcy proceeding as the foreign main proceeding. Millennium suffers no prejudice by such an order because the Court can modify it under section 1517(d) of the Bankruptcy Code if Millennium subsequently develops any actual evidence with respect to its presently unfounded assertions concerning LBF's center of main interest. Alternatively, if the Court is not inclined to grant an immediate order

2

recognizing the Swiss foreign proceeding as the main foreign proceeding without giving Millennium an opportunity to examine witnesses, PwC requests the Court to enter a provisional order under sections 1517(a)(1), 1519(a) and 1521 of the Bankruptcy Code, recognizing that the Swiss bankruptcy is a foreign proceeding that is at least either a main or nonmain proceeding (but deferring the final determination as to which until the Court can conduct an evidentiary hearing) and grant related provisional relief under section 1519 (which is available before recognition) and 1521 (which is available even in foreign nonmain proceedings).

2. Lastly, the Court should immediately dismiss LBF's chapter 11 case. The Debtors themselves "recognize that [Lehman Brothers Holdings Inc.] may not have been in strict compliance with Swiss law and the preexisting September 30 Order (as defined in the Verified Petition) when, as the sole shareholder of LBF, it directed the filing of LBF's chapter 11 petition." Thus, the LBF chapter 11 petition was not legally authorized and it should be dismissed. *See* Debtor's Supporting Response, p. 4 n.2

## PROCEDURAL BACKGROUND

3. On February 10, 2009, PwC filed in this Court its Verified Petition Under Chapter 15 of the Bankruptcy Code For Recognition of Foreign Representative and Foreign Main Proceeding and for Relief Under Section 1521 of the Bankruptcy Code [LBF Docket No. 1 and 2] (the "Chapter 15 Petition"). PwC attached to the Chapter 15 Petition a Confirmation of Authority (the "Certificate") affirming the existence of a Swiss bankruptcy proceeding (the "Swiss Bankruptcy"), currently pending before the Swiss Financial Market Supervisory Authority ("FINMA"), with respect to LBF and the appointment of PwC as LBF's bankruptcy liquidator.

3

4. On the same day, PwC filed in this Court, in Case No. 08-13555 (JMP), its Motion Pursuant to Section 305 of the Bankruptcy Code for an Order Dismissing Chapter 11 Case Upon Recognition of Foreign Main Proceeding Under Chapter 15 [LBHI Docket No. 2789] (the "Motion to Dismiss").

5. On March 9, 2009, Lehman Brothers Holdings Inc. and its affiliated debtors in Case No. 08-13555 (collectively, the "Debtors") filed the Debtors' Response to Chapter 15 Petition and Motion By Debtor in a Foreign Proceeding for an Order Dismissing Chapter 11 Case Upon Recognition [LBHI Docket No. 3020 and LBF Docket No. 20] (the "Debtors' Supporting Response"). Therein, the Debtors stated their agreement that "it would be more appropriate that the chapter 11 case of LBF be dismissed and supplanted by a chapter 15 case, in which the Swiss Bankruptcy is duly recognized as a foreign main proceeding." Debtors' Supporting Response, ¶ 5. As stated in the Debtor's Supporting Response, the Debtors are engaged in active and productive discussions with both PwC and FINMA, which are intended to lead to the implementation of a multi-lateral cross-border protocol among their cases. Pending the implementation of such a protocol, the Debtors have requested, and PwC has agreed, that PwC will provide periodic quarterly reports to the Court regarding the status of the Swiss Bankruptcy and will keep this Court generally apprised of what is happening in the Swiss Bankruptcy.

6. The *only* party that has objected to the Chapter 15 Petition and the Motion to Dismiss is Millennium, an investment fund that is a *non-U.S. entity, domiciled in the Cayman Islands, with a claim related to a transaction involving LBF that specifically required all of the counterparties thereto to be non-U.S. entities*. *See* Chapter 15 Opposition, ¶ 6. Specifically, Millennium filed its Chapter 15 Opposition and its MTD Opposition on March 6, 2009. In its

4

Chapter 15 Opposition, Millennium disputes that Switzerland is LBF's center of main interests; however, Millennium does not and cannot dispute that LBF's Swiss Bankruptcy is a foreign proceeding or that PwC is the foreign representative. Further, instead of filing any affidavit or declaration in support of its assertions concerning LBF's center of main interests, Millennium makes numerous statements based on mere "information and belief."

## ARGUMENT

7. Due to Millennium's Chapter 15 Opposition and MTD Opposition, these are contested matters. PwC recognizes that the hearing in this Court on March 11, 2009, as the first scheduled hearing, "will not be an evidentiary hearing at which witnesses may testify[.]" *See* Local Bankruptcy Rule 9014-2. Nonetheless, that should not prevent this Court from immediately granting the relief PwC has requested in its Chapter 15 Petition and Motion to Dismiss.

**A.    The Court Should Immediately Grant the Chapter 15 Petition**

8. Section 1517 of the Bankruptcy Code states that "[a] petition for recognition of a foreign proceeding shall be decided upon at the earliest possible time." In light of this Congressional mandate, the Debtors' Supporting Response and the fact that only one foreign creditor has filed an objection (without any supporting affidavit or declaration), PwC submits that the Court may immediately enter an order (the "Recognition Order"), in the form annexed hereto as Exhibit A, granting recognition of the Swiss Bankruptcy as a foreign main proceeding and granting the other relief requested in the Chapter 15 Petition.[1]

---

[1] The Recognition Order and a blackline marked to show the clarifying changes made at the request of the Debtors from the version filed with the Chapter 15 Petition are attached as Exhibit A.

5

9. The Court may enter an immediate Recognition Order based on the presumptions contained in section 1516 of the Bankruptcy Code. Based on the Certificate that PwC attached to the Chapter 15 Petition, under section 1516(a) of the Bankruptcy Code, this Court "is entitled to presume" that LBF's Swiss Bankruptcy Proceeding is a "foreign proceeding" and that PwC is the foreign representative. Nobody (including Millennium) disputes that. Further, under section 1516(b), "in the absence of evidence to the contrary" the debtor's registered office "is presumed to be the center of the debtor's main interests." Indeed, Millennium expressly acknowledges that "the location of LBF's registered office in Switzerland gives rise to the presumption in Bankruptcy Code section 1516(c)." Chapter 15 Opposition, ¶ 31. As PwC stated in its Chapter 15 Petition, LBF maintains its registered office in Zurich, Switzerland. LBF's books and records are maintained at its headquarters, which are located at Talstrasse 82, 8001 Zurich, Switzerland (the "Headquarters"). Prior to the appointment of PwC, LBF managed its affairs from its Headquarters, where its primary assets were booked and operations were undertaken. Likewise, LBF's derivatives contracts were reviewed and approved from the Headquarters. LBF has no offices or employees in the United States. Chapter 15 Petition, ¶ 6. In the face of the presumption, despite having an opportunity to do so, Millennium has not even attempted to present any declaration or affidavit evidence to the contrary; instead, it has offered only unsupported conjecture. Thus, the Court may properly rely on the presumptions at this time.

10. Millennium will not be prejudiced by the immediate entry of the requested Recognition Order. Section 1517(d) expressly allows for the future modification or termination of such a Recognition Order if circumstances warrant:

> (d) The provisions of this subchapter do not prevent the modification or termination of recognition if it is shown that the grounds for granting it were fully or partially lacking or have ceased to exist, but in considering such action the

6

>     court shall give due weight to possible prejudice to parties that have relied upon
>     the order granting recognition.

Thus, if Millennium subsequently develops any actual evidence to support its assertions that Switzerland is not LFB's center of main interests, it may at that time move the Court to modify or terminate the Recognition Order.

11.     Millennium, a sophisticated investment fund, through its highly respected Swiss counsel, Lenz & Staehelin, has already filed a claim (in English, as permitted by the Swiss procedures) in the Swiss Bankruptcy and, therefore, it clearly is capable of protecting its interests in the Swiss Bankruptcy. Thus, it will be no worse off if the Court later determines that the Swiss Bankruptcy is not a foreign main proceeding.

**B.     Request for Alternative Provisional Relief Under Sections 1519(a) and 1521**

12.     If the Court is not inclined to enter the requested Recognition Order without providing Millennium with an opportunity to conduct discovery and examine witnesses, PwC requests, in the alternative, that the Court enter a provisional order, in the form annexed hereto as Exhibit B, under sections 1517(a)(1), 1519(a) and 1521 of the Bankruptcy Code, recognizing that the Swiss Bankruptcy is a foreign proceeding that is at least either a main or nonmain proceeding (but deferring the final determination until the Court can conduct an evidentiary hearing) and granting related provisional relief under section 1519 (which is available before recognition) and 1521 (which is available even in foreign nonmain proceedings). This Court made a similar finding in *In re Sphinx, Ltd.*, 351 B.R. 103, 106 (Bankr. S.D.N.Y. 2006) (noting that court held that foreign proceeding should be recognized, but deferred ruling on whether it should be recognized as foreign main or nonmain proceeding), *aff'd*, 371 B.R. 10 (S.D.N.Y. 2007). Specifically, pending a final determination on the issue of whether this is a foreign main or foreign nonmain proceeding, PwC requests the Court to enter a provisional order:

7

- recognizing that PwC is the duly appointed foreign representative of LBF and recognizing the Swiss Bankruptcy as a foreign proceeding that is at least either a foreign main proceeding or a foreign nonmain proceeding pursuant to section 1517(a);

- imposing the automatic stay on all U.S. creditors on a preliminary basis pursuant to section 1519(a); *see In re Pro-Fit Int'l Ltd.*, 391 B.R. 850, 866 (Bankr. C.D. Cal. 2008) ("[T]he court holds that the provisional application of §§ 362 and 361—by way of § 1519—may be ordered on a provisional basis pending the hearing on recognition.");

- authorizing PwC to seek discovery in connection with LBF's assets located within the territorial jurisdiction of the United States, pursuant to section 11 U.S.C. § 1521(a)(4);

- entrusting PwC with the administration, realization and distribution of all of LBF's assets located within the territorial jurisdiction of the United States, along with LBF's other worldwide assets, pursuant to section § 1521(a)(5) and 1521(b); and

- setting a schedule for the conduct of discovery and a trial in connection with making the final determination concerning whether the Swiss Bankruptcy is a foreign main or nonmain proceeding.

**C.     The Court Should Immediately Grant the Motion to Dismiss**

13. The Court should also immediately enter an order dismissing the LBF chapter 11 case.[2] The Debtors themselves have agreed that "it would be more appropriate that the chapter 11 case of LBF be dismissed and supplanted by a chapter 15 case." Moreover, under Swiss laws applicable to a regulated entity, only FINMA or its delegate can initiate a bankruptcy case. In the September 30 Order, FINMA found that LBF was a regulated entity. Indeed, as PwC has stated in its Motion to Dismiss, FINMA's September 30 Order, "prohibited LBF's board of directors and officers from causing LBF to take any legal actions without PwC's approval, and tasked PwC to protect LBF's creditors and marshal its assets." *See* Motion to Dismiss, ¶ 11. Therefore only FINMA or its delegate, PwC, could authorize a bankruptcy filing. Neither FINMA nor PwC authorized the chapter 11 filing.[3] In fact, LBF's board did not even authorize the filing. The Debtors themselves "recognize that [Lehman Brothers Holdings Inc.] may not have been in strict compliance with Swiss law and the preexisting September 30 Order (as defined in the Verified Petition) when, as *the sole shareholder of LBF*, it directed the filing of LBF's chapter 11 petition." Debtor's Supporting Response, p. 4 n.2 (emphasis added). Thus, the LBF chapter 11 petition was not legally authorized and it should be dismissed. *See, e.g., Price v. Gurney*, 324 U.S. 100, 105-06 (1945) (noting that if court "finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition" and therefore affirming lower court decision to dismiss bankruptcy petition that had been filed by shareholders but that had not been

---

[2] As noted above, because PwC is plainly a "foreign representative" that should be recognized, whether or not this is a foreign main as opposed to a foreign nonmain proceeding is immaterial to PwC's standing to make such a request.

[3] FINMA instructed PwC to file the Chapter 15 Petition.

9

authorized by debtor's board of directors); *Matter of Giggles Restaurant, Inc.,* 103 B.R. 549, 556 (Bankr. N.J. 1989) (dismissing bankruptcy case where corporate resolution authorizing it was invalid).

## CONCLUSION

WHEREFORE, PwC respectfully requests that this Court, (i)(a) immediately grant the relief requested in the Chapter 15 Petition, subject to termination or modification under section 1517(d) by entering an order in the form annexed hereto as Exhibit A; or (b) in the alternative, enter a provisional order under sections 1517(a)(1), 1519(a) and 1521 in the form annexed hereto as Exhibit B; (ii) immediately grant the relief requested in the Motion to Dismiss; and (iii) grant such other and further relief as may be just and proper.

Dated: New York, New York  
       March 10, 2009

GIBSON, DUNN & CRUTCHER LLP

/s/ Michael A. Rosenthal  
Michael A. Rosenthal  
(admitted *pro hac vice*)  
Rachel F. Castelino (RC-8356)  
200 Park Avenue  
New York, NY  10166  
Tel (212) 351-4000  
Fax (212) 351-4035

*Attorneys for PricewaterhouseCoopers AG, Zurich, as Bankruptcy Liquidator of Lehman Brothers Finance AG, in Liquidation a/k/a Lehman Brothers Finance SA, in Liquidation*

100617080_3.DOC