**Hearing Date and Time: March 25, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  March 20, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus


Attorneys for Debtors
and Debtors in Possession


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
                   Debtors.               :    (Jointly Administered)
                                          :
                                          :
-------------------------------------------------------------------x
```

### DEBTORS' MOTION PURSUANT TO SECTIONS 105(a), 363(b), AND 541(d) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 FOR AUTHORITY TO TRANSFER AGENTS' FUNDS IN CONNECTION WITH RESIGNATIONS FROM AGENCY POSITIONS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman

Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors"

and, collectively with their debtor and non-debtor affiliates, "Lehman"), file this Motion and

respectfully represent:

#### Background

1.       Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January

20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

### Jurisdiction

5.      This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Lehman's Business

6.      Prior to the events leading up to these chapter 11 cases, Lehman was the

fourth largest investment bank in the United States.  For more than 150 years, Lehman has been

a leader in the global financial markets by serving the financial needs of corporations,

governmental units, institutional clients and individuals worldwide.

7.      Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications,

filed on September 15, 2008 [Docket No. 2].

### Preliminary Statement

8.      In the ordinary course of business prior to the Commencement Date, LCPI

engaged, *inter alia*, in administering and syndicating commercial loans.  In the primary loan

market, LCPI often acted as lender, syndication agent, collateral agent and/or administrative

agent on such loans.

9.      On October 5, 2008, LCPI filed the Motion Pursuant to Sections 105(a),

363(b), 363(c) and 541(d) of the Bankruptcy Code and Bankruptcy Rule 6004 for Authority to

(A) Continue to Utilize its Agency Bank Account, (B) Terminate Agency Relationships, and (C)

Elevate Loan Participations [Docket No. 3 in Case No. 08-13900] (the "October Motion"),

seeking this Court's authorization to transfer or resign, as expeditiously as possible, from

positions it held as administrative agent (collectively, the "Administrative Agent Positions") and

to continue to utilize and transfer funds from the bank account that LCPI used to facilitate its

administrative agent business (as such term is defined in the October Motion, the "Agency

Account").

10.      LCPI argued in the October Motion that the funds in the Agency Account

were not property of LCPI's estate, but rather were payments by borrowers held by LCPI as

agent on behalf of syndicated lenders or funds advanced by syndicate members to LCPI to be

advanced to borrowers.  LCPI additionally argued that the funds in the Agency Account may

represent "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest" as contemplated by section 541(d) of the Bankruptcy Code. As such, LCPI argued, the Agency Account would be property of LCPI's estate only to the extent of LCPI's legal title to the account, and that the equitable interest in the Agency Account belonged to third party borrowers and lenders.

11.    The Court granted the October Motion and entered the Order Pursuant to Sections 105(a), 363(b), and 541(d) of the Bankruptcy Code and Bankruptcy Rule 6004 Authorizing Debtor to (A) Continue to Utilize its Agency Bank Account, (B) Terminate Agency Relationships, and (C) Elevate Loan Participations [Docket No. 11 in Case No. 08-13900] on October 6, 2008 (the "October Order").  The October Order provides that, "pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor is authorized and empowered, but not directed, to transfer, assign or resign from any and all Administrative Agent Positions as it determines in accordance with its business judgment subject to and in accordance with the provisions of the applicable credit agreements."  In connection with the Agency Account, the Court found that, in general, the funds in the Agency Account were "not property of the Debtor's estate."

12.    Since the entry of the October Order, LCPI has continued its efforts to terminate agency positions.  It has come to LCPI's attention, however, that there are one or more additional accounts into which LCPI has deposited funds which it holds merely as agent and which it may need to transfer in connection with agency resignations.

**Relief Requested**

13.    Pursuant to sections 105(a), 363(b) and 541(d) of the Bankruptcy Code and Bankruptcy Rule 6004, the Debtors request entry of an order supplementing the October

Order to enable the Debtors to (i) transfer the Synthetic Revolving Deposit Account (as defined

hereinafter) to Barclays Bank PLC ("Barclays Bank"), (ii) change the title of the Synthetic

Revolving Deposit Account to "Revolving Loan Lenders Credit-Linked Deposit Account," and

(iii) transfer or assign any additional bank accounts or funds which the Debtors hold merely as

agent (the "Additional Agency Accounts") as may be necessary or appropriate from time to time

in connection with terminating or transferring Administrative Agent Positions.

### The Entegra Synthetic Revolving Deposit Account

14.    LCPI and Entegra TC LLC ("Entegra") are parties to that certain credit

agreement entered into between, among others, Entegra as borrower and LCPI as Administrative

Agent, dated April 19, 2007 (as subsequently amended, waived and modified from time to time,

the "Credit Agreement").[1]    Pursuant to the Credit Agreement, LCPI serves as the Administrative

Agent, Synthetic LC Issuer, Term Loan Lender and Revolving Loan Lender.

15.    Pursuant to the terms of the Credit Agreement, certain Lenders (the

"Revolving Loan Lenders") agreed to provide Entegra with access to a $30,000,000 revolving

letter of credit facility.  The letter of credit facility was pre-funded with cash proceeds provided

by the Revolving Loan Lenders on the closing date of the Credit Agreement, which were to be

held in a separate deposit account.  Such funds were wired into a separate segregated account

held at JPMorgan Chase Bank, NA in account number 831-03703-1-0-527 (the "Synthetic

Revolving Deposit Account").

16.    The Credit Agreement provided that the Synthetic Revolving Deposit

Account was to be given the title "Revolving Loan Lenders Credit-Linked Deposit Account."

However, the Synthetic Revolving Deposit Account was established in the name of "Lehman

---

[1] Capitalized terms used but not defined herein shall have the same meaning ascribed to them in
the Credit Agreement.

Commercial Paper Inc." as Administrative Agent by Lehman Private Investment Management

Division ("LPIMD"). LPIMD served as custodian for the Synthetic Revolving Deposit Account.

17.     Pursuant to Section 2.1.2 of the Credit Agreement, the Synthetic

Revolving Deposit Account (and the funds on deposit therein) is not property of LCPI, but

instead "represents the interest of a Revolving Loan Lender in the Synthetic Revolving Deposit

Account and is not an actual deposit account maintained at the Administrative Agent in the name

of such Revolving Loan Lender."   Accordingly, the funds on deposit in the Synthetic Revolving

Deposit Account belong to each of the Revolving Loan Lenders and were at no time assets or

property of LCPI.

18.     In September of 2008, LPIMD was acquired by Barclays Capital, Inc.

("Barclays Capital").  On or around September 19, 2008, Barclays Capital replaced LPIMD as

custodian for the Synthetic Revolving Deposit Account and the proceeds of the Synthetic

Revolving Deposit Account were transferred to a separate segregated account at The Bank of

New York Mellon, though the account remained in the name of "Lehman Commercial Paper

Inc." and the account number did not change.

19.     LCPI, Barclays Bank and Entegra are entering into an agreement (the

"Resignation Agreement") for the resignation of LCPI as Administrative Agent under the Credit

Agreement and the transfer of such agency role to Barclays Bank, as authorized by the October

Order.  Because it is a necessary component of the transfer of LCPI's agency role to Barclays

Bank that Barclays Bank become the custodian of the Synthetic Revolving Deposit Account, the

entry of an order authorizing the transfer of such custodianship is a condition precedent to the

effectiveness of the Resignation Agreement.  While the Debtors believe that the transfer of

custodianship of the Synthetic Revolving Deposit Account is in the ordinary course of business

and is within the spirit of the October Order, the literal terms of the October Order do not

encompass the proposed transfer.  In addition, although the Debtors are not currently aware of

other Additional Agency Accounts, they believe that this situation may repeat itself at some

point in the future.  Consequently, the Debtors seek an order expanding the terms of the October

Order to clarify that the Debtors' transfer of Additional Agency Accounts, including the

Synthetic Revolving Deposit Account, is authorized.

**Transfer of Additional Agency Accounts Is In the**
**Estates' Best Interests and Should Be Approved**

20.    Section 105(a) of the Bankruptcy Code provides that "the court may issue

any order, process, or judgment that is necessary or appropriate to approve the transfer and carry

out the provisions of this title."  11 U.S.C. § 105(a).  Given that the Synthetic Revolving Deposit

Account is not at this time, nor has it ever been, property of the Debtors, it is both necessary and

appropriate to approve the transfer and permit the change of the name of the Synthetic Revolving

Deposit Account to allow the other parties to the Credit Agreement (the Borrower and the

Lenders) to continue the commercial relationship established in the Credit Agreement.

21.    To fully transition out of its role as Synthetic LC Issuer, LCPI must

transfer its custodianship over the Synthetic Revolving Deposit Account to Barclays Bank and

change the name on the account to "Revolving Loan Lenders Credit-Linked Deposit Account" to

further evidence this transfer.  The Credit Agreement required title to the funds on deposit in the

account to remain with the Revolving Loan Lenders and for the Synthetic Revolving Deposit

Account to be titled the "Revolving Loan Lenders Credit-Linked Deposit Account."  In addition,

although LCPI served as a nominal custodian over the Synthetic Revolving Deposit Account, it

at no time had ownership of the funds on deposit therein.  Accordingly, the relief requested in

this Motion is merely ancillary to the transfer of LCPI's roles as Administrative Agent and Synthetic LC Issuer under the Entegra Credit Agreement to Barclays Bank.

22.      As the Court found when it entered the October Order, transfer of and/or resignation from the Administrative Agency Positions is in the best interests of LCPI's estate. The transfer of the Synthetic Revolving Deposit Account from LCPI to Barclays Bank and the proposed change in the name of such account is a necessary component of LCPI's resignation from its role as Administrative Agent and Synthetic LC Issuer under the Enterga Credit Agreement and the effectiveness of the Resignation Agreement.  Accordingly, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates and all parties in interest.

23.      The Debtors submit that transfer or assignment of other Additional Agency Acounts as may be necessary or appropriate from time to time is similarly in the best interests of their estates as it is likely that such transfers or assignments may be required for future resignations from Administrative Agency Positions.

24.      With respect to any future transfers, the Debtors propose to provide 5 business days' prior written notice to the attorneys for the Creditors' Committee and the Office of the United States Trustee (the "Agency Account Transfer Notice Parties").  If no written objection is received by the Debtors at the conclusion of such notice period, then the Debtors shall be authorized to transfer any Additional Agency Accounts included within the notice.  In the event that either of the Agency Account Transfer Notice Parties objects to the transfer of any Additional Agency Account, the Debtors shall not be authorized to effect such transfer absent further order of this Court.

**Relief Under Bankruptcy Rule 6004(h)**

25.    Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale or lease of property . . . is stayed until expiration of 10 days after entry of the order, unless the Court orders otherwise." Fed. R. Bank. P. 6004(h). The Debtors submit that neither the Synthetic Revolving Deposit Account, nor any Additional Agency Accounts, nor any funds therein, are property of their estates. Out of an abundance of caution, however, waiver of the ten-day stay is requested.

**Notice**

26.    No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures entered on February 13, 2009 [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for Barclays Capital and Barclays Bank; (vii) the attorneys for Entegra; and (viii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

27.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated:  March 11, 2009
        New York, New York


 /s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                        :
**In re**                                               :        **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*            :        **08-13555 (JMP)**
                                                        :
                          **Debtors.**                  :        **(Jointly Administered)**
                                                        :
                                                        :
----------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a), 363(b), AND 541(d) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 FOR AUTHORITY TO TRANSFER AGENTS' FUNDS IN CONNECTION WITH RESIGNATIONS FROM AGENCY POSITIONS

Upon the motion, dated March 11, 2009 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc. ("LCPI"), as

debtors and debtors in possession (together, the "Debtors"), pursuant to sections 105(a), 363(b),

and 541(d) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule

6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an

order authorizing the Debtors to transfer agents' funds in connection with resignation from

Administrative Agent Positions[1]; and the Court having jurisdiction to consider the Motion and

the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing

Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

---

[1] Capitalized terms not defined herein shall have the same meaning as that ascribed to them in
the Motion.

proper notice of the Motion having been provided in accordance with the procedures set forth in

Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules

1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No.

2837] entered February 13, 2009 to (i) the United States Trustee for the Southern District of New

York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities

and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for

the Southern District of New York; (vi) the attorneys for Barclays Capital and Barclays Bank;

(vii) the attorneys for Entegra TC LLC; and (viii) all parties who have requested notice in these

chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing

having been held to consider the relief requested in the Motion (the "Hearing"); and the Court

having found and determined that the relief sought in the Motion is in the best interests of the

Debtors, their estates and their creditors, and all parties in interest and that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a) and 541(d) of the Bankruptcy Code,

the transfer of the Synthetic Revolving Deposit Account from LCPI to Barclays Bank PLC

("Barclays Bank"), including any actions previously taken in connection therewith, is hereby

approved; and it is further

ORDERED that the Debtors are authorized to change the title of the Synthetic

Revolving Deposit Account to "Revolving Loan Lenders Credit-Linked Deposit Account"; and it

is further

ORDERED that the Debtors are authorized to transfer any additional bank

accounts or funds which the Debtors hold merely as agent (the "Additional Agency Accounts")

as may be necessary or appropriate from time to time upon 5 business days' prior written notice

(the "Notice Period") to the attorneys for the Creditors' Committee and the Office of the U.S.

Trustee (the "Agency Account Transfer Notice Parties"); and it is further

ORDERED that if no written objection is received by the Debtors at the

conclusion of the Notice Period, then the Debtors shall be authorized to transfer any Additional

Agency Accounts that were the subject of such notice; and it is further

ORDERED that in the event that either of the Agency Account Transfer Notice

Parties objects to the transfer of any Additional Agency Account, the Debtors shall not be

authorized to effect such transfer absent further order of this Court; and it is further

ORDERED that the Debtors are authorized to execute and deliver all instruments

and documents and take other actions as may be necessary or appropriate to facilitate the transfer

of the Synthetic Revolving Deposit Account and any other Additional Agency Accounts; and it

is further

ORDERED that notwithstanding any applicability of Bankruptcy Rules 6004(h)

or 7062, the terms and conditions of this Order shall be immediately effective and enforceable

upon its entry; and it is further

ORDERED that nothing contained in this Order shall be deemed an assumption or

rejection of any executory contract; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Dated: March    , 2009
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE