**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
:
In re                                                  :    Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,               :    08-13555 (JMP)
                                                       :
                    Debtors.                           :    (Jointly Administered)
                                                       :
                                                       :
---------------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER BETWEEN THE DEBTORS AND ACCREDITED HOME LENDERS, INC. PROVIDING FOR RELIEF FROM THE AUTOMATIC STAY

WHEREAS, on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS on January 15, 2009, Accredited Home Lenders, Inc. ("Accredited") filed a Motion For Relief From Automatic Stay Under Section 362 Of The Bankruptcy Code With Respect To Real Property Located At 52 Ridge Road, Lyman, South Carolina, 29365 [Docket No. 2558] (the "Motion"); and

WHEREAS the Motion asserted that Accredited was the holder of a promissory note, dated as of October 29, 2004 (the "Note"), in the amount of $270,000.00, and a mortgage, dated as of October 29, 2004 (the "Mortgage") on property located at 52 Ridge Road, Lyman, South Carolina (the "Property"); and

WHEREAS the Motion further asserted that a title search of the public records housed in the Register of Deeds and the Clerk of the County Office, Spartanburg,

South Carolina, indicated that "Lehman Brothers" is the holder of record of a lien (the "Junior Lien") on the Property in the amount of $67,500.00; and

WHEREAS the Motion sought entry of an order terminating the automatic stay extant in the Debtors' chapter 11 cases pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") and allowing Accredited to exercise its non-bankruptcy rights and remedies as to the Property, including but not limited to foreclosure of the Mortgage; and

WHEREAS LBHI has determined that it does not hold an interest in the Note or the Mortgage; and

WHEREAS LBHI has further determined that it transferred and sold its interest in the Junior Lien to Structured Asset Securities Corporation ("SASCO"), a debtor in the above referenced chapter 11 cases, on April 1, 2005, and SASCO, in turn, conveyed its interest in the Junior Lien to a non-debtor trust, SASCO 2005-S2, on April 29, 2005; and

WHEREAS LBHI will provide the trustee, U.S. Bank National Association, and the master servicer, Aurora Loan Services, LLC, of SASCO 2005-S2 with a copy of Accredited's motion and this Stipulation, Agreement, and Order; and

WHEREAS in light of the foregoing, and to ensure that Accredited is not prohibited from exercising its rights with respect to the Property, the Debtors and Accredited (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to the terms set forth below to resolve the Motion:

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED,**

**AND ORDERED** by and between the Debtors and Accredited, through their undersigned attorneys, that:

1. This Stipulation, Agreement, and Order shall not become effective unless and until it is entered by the Bankruptcy Court (the "Effective Date").

2. Upon the Effective Date, to the extent that the Automatic Stay is applicable, it shall be modified with respect to Accredited's interest in the Property, and Accredited shall be permitted to exercise its rights under applicable non-bankruptcy law against the Property.

3. The provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date of LBHI's chapter 11 case from LBHI's estate and/or assets or property of LBHI (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect, except as provided in paragraph 2.

4. The Motion shall be deemed resolved.

5. This Stipulation, Agreement, and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

6. The person who executes this Stipulation, Agreement, and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

7. This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

Dated: March 10, 2009
      New York, New York

/s/ William M. Roth
William M. Roth Esq

Cohen & Roth
100 E. Old Country Road,
Mineola, New York, 11501
Telephone: (516) 747-3030

Attorneys for Accredited Home Lenders Inc.

Dated: March 10, 2009
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

SO ORDERED, this
11th day of March, 2009

/s/ James M. Peck
UNITED STATES BANKRUPTCY JUDGE