UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                              : Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           : 08-13555 (JMP)
                                                   :
                    Debtors.                       : (Jointly Administered)
------------------------------------------------------------------x

**ORDER, PURSUANT TO SECTION 345(b) OF THE BANKRUPTCY CODE, AUTHORIZING DEBTORS TO (I) MAINTAIN, CLOSE, AND OPEN NEW BANK ACCOUNTS LOCATED AT UNAUTHORIZED DEPOSITORIES AND ACCOUNTS LOCATED AT UNITED STATES TRUSTEE AUTHORIZED DEPOSITORIES, (II) IMPLEMENT INVESTMENT GUIDELINES, AND (III) TO THE EXTENT NECESSARY A WAIVER OF SECTION 345(b) OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion"), dated February 25, 2009, by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to section 345 of title 11 of the United States Code (the "Bankruptcy Code"), seeking authority to (i) maintain, close, and open new bank accounts located at the unauthorized depositories (the "Unauthorized Depository Accounts") and set forth on Exhibit A annexed hereto and the accounts located at the United States Trustee authorized depositories (the "Authorized Depository Accounts") set forth on Exhibit B annexed, (ii) implement investment guidelines (the "Investment Guidelines") annexed hereto as Exhibit C, and (iii) to the extent necessary, a waiver of section 345(b) of the Bankruptcy Code, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the U.S. Trustee having consented to entry of an order authorizing the Debtors to maintain, open, and close the Unauthorized Depository Accounts and Authorized Depository Accounts and implement the Investment Guidelines; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as modified herein; and it is further

ORDERED that the Debtors are authorized to maintain, close, and open new Unauthorized Depository Accounts as the Debtors determine is necessary in their sole discretion; and it is further

ORDERED that the Debtors are authorized to maintain, close, and open new Authorized Depository Accounts as the Debtors determine in their sole discretion; and it is further

ORDERED that nothing in this Order shall be deemed to affect any entity's (and for the avoidance of doubt, including the representatives of other related insolvent estates) otherwise valid rights or claims under applicable agreements or applicable law, including, *inter alia*, (i) valid setoff or recoupment rights under applicable law, (ii) valid netting rights under applicable law, (iii) valid right under applicable law to impose an administrative freeze on any Bank Account, (iv) valid argument that it is entitled to a constructive trust, (v) valid property or ownership rights (legal or equitable), or (vi) valid legal or beneficial interests in cash or other property, and nothing herein shall affect (x) any entity's (and for the avoidance of doubt, including the representatives of other related insolvent estates) actions to exercise such valid rights or assert such claims or (y) the right of the Debtors, the Creditors' Committee, or any entity with appropriate standing to controvert and/or defend against any entity's (and for the avoidance of doubt, including the representatives of other related insolvent estates) asserted rights or claims, including to assert that any exercise of a purported right is improper or any element of any claim (including constructive trust) has not been satisfied or proven; and it is further

ORDERED that the Debtors are authorized to implement the Investment Guidelines and investments permitted by section 345 of the Bankruptcy Code with respect to cash and cash equivalents otherwise not utilized in these chapter 11 cases or in the operation of the Debtors' businesses; and it is further

ORDERED that nothing in this Order shall restrict the Debtors' from implementing advances, loans, or investments between Debtors and non-Debtor affiliates pursuant to the order, dated November 6, 2008 [Docket No. 1416], (A) Authorizing the Debtors to (i) Continue Using Existing Centralized Cash Management System, as Modified, (ii) Honor

Certain Prepetition Obligations Related to the Use of the Cash Management System, and (iii) Maintain Existing Bank Accounts and Business Forms; and (B) Extending the Debtors Time to Comply with Section 345(b) of the Bankruptcy Code; and it is further

ORDERED that the Investment Guidelines may be amended from time to time upon motion by the Debtors; and it is further

ORDERED that the Debtors shall consult with the advisors of the Creditors' Committee regarding the Debtors' implementation of the Investment Guidelines; and it is further

ORDERED that the Debtors' Unauthorized Depository Accounts, Authorized Depository Accounts, and Investment Guidelines shall be deemed to be in compliance with section 345 of the Bankruptcy Code, and the Debtors are relieved from the obligations under section 345(b) to obtain a bond from any entity with which money is deposited or invested in accordance with the Investment Guidelines; and it is further

ORDERED that upon the commencement of a chapter 11 case of an affiliate of the Debtors, the Debtors shall, as soon as practicable, supplement the bank accounts set forth on schedules annexed hereto as Exhibit A and Exhibit B.

Dated: March 11, 2009
      New York, New York

                                    */s/ James M. Peck*
                                    UNITED STATES BANKRUPTCY JUDGE