**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                        :
In re                                                   :    Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                :    08-13555 (JMP)
                                                        :
                    Debtors.                            :    (Jointly Administered)
                                                        :
                                                        :
-------------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER BETWEEN
THE DEBTORS AND CLEVELAND BARRETT PROVIDING FOR
RELIEF FROM THE AUTOMATIC STAY FOR THE LIMITED
PURPOSE OF PERMITTING CLEVELAND BARRETT TO COMMENCE
AN ACTION AND LIMITING ANY RECOVERY TO INSURANCE PROCEEDS**

RECITALS:

        A.    Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

  B. Cleveland Barrett ("Mr. Barrett") alleges that on August 11, 2007, he visited the Liberty Landing Apartments, located at 600 Hambrick Road,[1] Building 520, Stone Mountain, Georgia (the "Liberty Landing Apartments") as an invitee of one of the buildings' residents. Mr. Barrett further alleges that he was injured when a railing gave way while he was using it (the "Incident").

  C. LBHI is the owner of the Liberty Landing Apartments.

  D. LBHI is the holder of a commercial general liability policy[2] (the "Policy") issued by American Home Assurance Company (the "Insurer"), which covers, among other things, liability LBHI is legally obligated to pay as damages due for bodily injury or property damage arising out of an occurrence. Under the terms of the Policy, the Insurer provides "first-dollar coverage" and is thus obligated to maintain the defense against Mr. Barrett's claim and, to the extent that it receives an unfavorable verdict, pay Mr. Barrett's damages, subject to certain terms and conditions, up to the limits of the Policy.[3]

  E. As a result of the commencement of the Debtors' chapter 11 cases, an automatic stay extant under section 362 of the Bankruptcy Code (the "Automatic Stay") has prevented Mr. Barrett from bringing an action against LBHI on account of his alleged injuries.

---

[1] The property address has also been listed in some county records as 500 Hambrick Rd. Building 520, Stone Mountain, Georgia.

[2] Policy number 457-16-45, effective 8/1/07 – 8/1/08.

[3] The Policy limit is $1,000,000.00 per occurrence.

2

F.  Mr. Barrett has requested relief from the Automatic Stay to commence an action and limit his recovery, if any, to the extent of the insurance policy proceeds that may be payable directly to Mr. Barrett under the Policy (the "<u>Insurance Proceeds</u>").

G.  In light of the foregoing, the Debtors and Mr. Barrett (each a "<u>Party</u>" and together, the "<u>Parties</u>") have agreed, subject to approval of this Court, to modify the Automatic Stay for the limited purpose of permitting Mr. Barrett to commence an action against the Debtors and/or settle said action and limit his recovery to the Insurance Proceeds.

**AGREEMENT AND ORDER**

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED by and between the Debtors and Mr. Barrett, through their undersigned counsel, that:

1.  The Automatic Stay in LBHI's chapter 11 case is hereby modified solely to the extent necessary to permit Mr. Barrett to commence an action against LBHI and/or any applicable insurer and/or settle said action with any applicable insurer, and recover from the Policy *provided*, *however*, that the provisions of the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose before the commencement of LBHI's chapter 11 case from the Debtors' estates and/or assets or property of LBHI or the Debtors (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

2.  Notwithstanding LBHI's consent to the limited relief described herein, Mr. Barrett hereby forever waives and releases any and all Claims (as such term is

3

defined in section 101(5) of the Bankruptcy Code), liabilities, causes of action, demands, and damages of whatever kind or nature and whether known or unknown arising before or after the commencement of these chapter 11 cases from or in relation to the Incident against LBHI or any other Debtor in the above-captioned chapter 11 cases or their affiliates, except to the extent such Insurance Proceeds might be payable directly to Mr. Barrett under the Policy and hereby waives any and all rights to any recovery arising from or in relation to the Incident that exceeds the Insurance Proceeds available under the Policy.  For the avoidance of doubt, Mr. Barrett's waiver herein shall not act as a waiver of claims that Mr. Barrett might have against any parties that are not Debtors or non-Debtor affiliates.

       3.       The limited relief set forth herein shall not be construed as an admission of liability by LBHI of any claim or cause of action arising from or in relation to the Incident.

       4.       The Parties agree that this Court shall be the exclusive forum with respect to any disputes or controversies relating to or arising under this Stipulation, Agreement, and Order.

       5.       This Stipulation, Agreement, and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

       6.       The person who executes this Stipulation, Agreement, and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

7. This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

8. This Stipulation, Agreement, and Order is subject to the approval of the Court and upon such approval shall inure to the benefit of the parties hereto and their respective successors and assigns.

**(Remainder of this page intentionally left blank)**

9.   This Stipulation, Agreement, and Order shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

Dated: March 11, 2009
         New York, New York

/s/ S. Judson Waites
S. Judson Waites, II. Esq.

LAW OFFICES OF S. Judson Waites, II, P.C.
145 Church St.
Marietta, GA 30060
Telephone:  (770) 420-6566
Facsimile:  (770) 424-1408

Attorney for Cleveland Barrett

Dated: March 11, 2009
         New York, New York

/s/ Jacqueline Marcus
Shai Y. Waisman
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

SO ORDERED, this
12th day of March, 2009

*/s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE