**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
: 
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                   :
Debtors.                                                   :    (Jointly Administered)
                                                                   :
                                                                   :
------------------------------------------------------------------x

**ORDER GRANTING THE DEBTORS' APPLICATION PURSUANT
TO SECTIONS 327(a) and 328(a) OF THE BANKRUPTCY CODE
TO RETAIN AND EMPLOY HURON CONSULTING GROUP AS TAX
SERVICES PROVIDERS *NUNC PRO TUNC* TO JANUARY 23, 2009**

Upon the Application, dated February 23, 2009 (the "Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 327(a) and 328(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), for authority to retain and employ Huron Consulting Group ("Huron") as tax services providers, *nunc pro tunc* to January 23, 2009, as more fully set forth in the Application; and upon consideration of the Declaration of Robert J. Pawlak, a managing director of Huron, sworn to February 23, 2009, filed in support of the Application, a copy of which is attached to the Application as Exhibit A; and the Court being satisfied, based on the representations made in the Application and the Pawlak Declaration, that Huron represents or holds no interest adverse to the Debtors or their estates and is disinterested under section 101(14) of the Bankruptcy Code; and the Court having jurisdiction to

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved; and it is further

ORDERED that, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ Huron as their tax services providers, *nunc pro tunc* to January 23, 2009, on the terms and conditions generally

described and set forth in the Engagement Letter, subject to the following modifications set forth in Paragraph 21 of the Pawlak Declaration:

    a. The provision in the Engagement Agreement's General Business Terms relating to arbitration in the event a dispute arises between the Debtors and Huron is hereby revised to provide that the arbitration provision shall apply only to the extent that the United States Bankruptcy Court, or the United States District Court if the reference is withdrawn, does not retain jurisdiction over a controversy or claim.

    b. All requests of Huron for payment of indemnity pursuant to the Engagement Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided*, *however*, that in no event shall Huron be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

    c. In no event shall Huron be indemnified if the Debtors or a representative of the estates asserts a claim for, and a court determines by final order that such claim arose out of, Huron's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

    d. In the event that Huron seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Agreement, the invoices and supporting time records from such attorneys shall be included in Huron's own monthly fee statement and shall be subject to the same payment procedures applicable to professionals in these cases.

    e. The Engagement Agreement's General Business Terms shall apply solely to claims of Huron and the Debtors against each other, and shall not apply if the Debtors or a representative of the estates asserts a claim for, and a court determines by final order that such claim arose out of, Huron's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct. Additionally, the phrase "for the portion of the engagement giving rise to liability" is deleted from this paragraph.

    f. To the extent this Order is inconsistent with the Engagement Agreement, this Order shall govern.

; and it is further:

ORDERED that Huron shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, local rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures as may be fixed by order of this Court, including but not limited to the Court's Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals except that Huron is permitted to maintain its detailed time records to the nearest quarter hour; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 12, 2009
New York, New York

                                                        _/s/ James M. Peck_____
                                                       UNITED STATES BANKRUPTCY JUDGE