WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Alfredo R. Perez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
In re                                                             :   Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                      :   08-13555 (JMP)
                                                                  :
                            Debtors.                              :   (Jointly Administered)
                                                                  :
                                                                  :
------------------------------------------------------------------x

**DECLARATION OF ALFREDO R. PEREZ IN SUPPORT OF ORDER TO
SHOW CAUSE SCHEDULING A HEARING TO CONSIDER LBHI'S MOTION,
PURSUANT TO SECTIONS 105(A) AND 363 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 6004, FOR AUTHORIZATION TO ENTER INTO
MASTER REPURCHASE AGREEMENT WITH LEHMAN BROTHERS BANK**

ALFREDO R. PEREZ, being duly sworn, hereby declares pursuant to section 1746 of title 28 of the United States Code:

1. I am an attorney admitted to practice before this Court and a member of Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-Debtor affiliates, "Lehman").

2. I am submitting this declaration in support of the Order to Show Cause being contemporaneously submitted to schedule an expedited hearing (the "Hearing") on shortened notice with respect to LBHI's motion (the "Motion"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to enter into a master repurchase agreement (the "Repurchase Agreement") with its indirect wholly owned non-debtor subsidiary, Lehman Brothers Bank, FSB ("LBB" or the "Bank"), for the purchase of a portfolio of the Bank's mortgage loans up to an aggregate amount of $325 million in exchange for the Bank's agreement to repurchase those loans on a date certain and for the purchase price paid by LBHI plus an applicable spread.[1]

3. The Debtors respectfully submit that expedited consideration of the Motion is warranted for the following reasons:

    i. As explained in greater detail in the Motion, the Bank is subject to the regulatory authority of the OTS and FDIC[2] (collectively, the "Regulators"). The Regulators routinely monitor the Bank's capital and business operations. If the Regulators perceive a threat to the Bank's operations, the Regulators may significantly restrict the Bank's activities, which could jeopardize the

---

[1] The Motion incorporates by reference *LBHI's Motion, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 9019 and 6004, for Authorization to Increase the Capital Level of Lehman Brothers Bank, FSB Through (I) the Settlement of Pending Disputes and (II) a Direct Capital Contribution of up to $15 Million* [Docket No. 2800] (the "Capital Restoration Motion"), which was approved by this Court on February 17, 2009, as well as the record of the hearing on such motion, including the testimony and presentation made by LBHI's Chief Restructuring Officer, Mr. Bryan Marsal. The Capital Restoration Motion and the record of the February 17, 2009 hearing are also incorporated herein.

[2] Capitalized terms that used but not defined here have the meanings ascribed to them in the Motion.

    value of LBHI's equity interest in the Bank – last reported at $467 million.

ii. The Bank derives much of its value from its loan servicing business, which is conducted through the Bank's wholly owned subsidiary, Aurora Loan Services, LLC ("<u>Aurora</u>").  Aurora is a party to certain mortgage servicing agreements, pursuant to which Aurora has agreed under certain conditions to make advances on monthly payments of principal and interest due on residential mortgages that Aurora services for the benefit of the mortgagees.  Those advance obligations begin to peak starting on March 16, 2009 and are expected to be, and generally are, recovered on or about the end of each month.  Due to the collapse of the financial markets, LBB lacks the ability to access funding sources it would normally rely upon to finance Aurora.  As a result, Aurora will be at risk of failing to satisfy its advance obligations, which are onerous.  If Aurora defaults, Aurora's Counterparties may take precipitous actions that could threaten LBB's enterprise value and could also cause the Regulators to take action that may jeopardize the value of LBHI's equity interest in the Bank.

iii. To avoid these consequences, LBHI has entered into the Repurchase Agreement with LBB.  The funds advanced to the Bank under the Repurchase Agreement would be used to satisfy Aurora's advance obligations and provide Aurora the short term cash that it needs to continue its normal operations.  Not only will the Repurchase Agreement preserve LBHI's opportunity to realize the value of its equity interest in the Bank, but it is also a reasonable investment of LBHI's cash on market terms.  The Debtors believe that the terms of the Repurchase Agreement are consistent with the requirements of the existing cash management order.

iv. Under Bankruptcy Rule 2002(a), motions to use property of the estate outside the ordinary course require twenty-days' notice.  Due to the risks associated with Aurora's potential default on its advancement obligations, which could materialize as early as March 16, 2009, LBHI must have authorization to enter into the Repurchase Agreement by March 13, 2009 to provide sufficient time for LBHI to consummate and begin performing under the Repurchase Agreement.  Although LBHI believes that the

        existing cash management order already authorizes LBHI's entry into the Repurchase Agreement without further Court approval, it has brought this Motion out of an abundance of caution.[3] The Creditors' Committee supports expedited treatment of the Motion.

4. Accordingly, LBHI requests that the Court enter the Order to Show Cause and schedule the Hearing to consider the Motion on March 13, 2009 at 2:00 p.m. (Prevailing Eastern Time). For these same reasons, the Debtors also request, pursuant to Local Bankruptcy Rule 9014-2, that the Court order that the Hearing may be an evidentiary hearing. The Debtors propose that the Court set an objection deadline for March 13, 2009 at 12:00 noon (Prevailing Eastern Time).

Dated:   March 12, 2009
        New York, New York

                                        /s/ Alfredo R. Pérez
                                        Alfredo R. Pérez

---

[3] *See In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Nov. 6, 2008) [Docket No. 1416] (Cash Management Order).