WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,       :    08-13555 (JMP)
                                                   :
                             Debtors.              :    (Jointly Administered)
------------------------------------------------------------------x

### NOTICE OF EXECUTED SALE AND
### PURCHASE AGREEMENT FOR SIKORSKY S-76C+ HELICOPTER

PLEASE TAKE NOTICE that on March 5, 2009, CES Aviation V, LLC (the "Debtor"),[1] as debtor and debtor in possession (together with Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), filed a motion (the "Motion"), pursuant to sections 105 and 363 of title 11 of the United States Code, Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1, 9006-1, and 9014-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York, for (i) approval of the sale of the Debtor's Aircraft (as defined below) pursuant to (a) an Aircraft Sale and Purchase Agreement with a party who submits an offer for the Aircraft that is accepted by the Debtor and approved by the Bankruptcy Court or (b) a substantially similar sale and purchase agreement with a party who submits a Higher Offer (as defined below), and (ii) approval of the Debtor's payment of certain outstanding invoices reflecting expenses incurred in the ordinary course of operating the Aircraft, all as more fully described in the Motion.

PLEASE TAKE FURTHER NOTICE that the Debtor has agreed to a transaction with MAC Aircraft Sales, LLC (the "Purchaser"), and the parties have executed an Aircraft Sale and Purchase Agreement (the "Sale Agreement"). Thereafter, the Purchaser wire transferred $500,000 (the "Deposit") in immediately available funds to an escrow agent.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Sale Agreement, the Debtor will sell, and the Purchaser will purchase (the "Proposed Sale"), the Debtor's aircraft, a Sikorsky S-76C+ helicopter, bearing manufacturer's serial number 760486 and U.S. registration

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

mark N151LB (the "Aircraft"), in exchange for an aggregate purchase price of $2,795,000 (the "Purchase Price"), subject to the terms and conditions set forth in the Sale Agreement.

PLEASE TAKE FURTHER NOTICE that the Sale Agreement includes the following salient provisions:[2]

- Aircraft Condition and Inspection. It is a condition to the Purchaser's obligation to consummate the Proposed Sale that the Aircraft shall be in Delivery Condition on the Closing Date.

    - The Aircraft shall be subjected to an Inspection by the Inspection Facility in order to verify that the Aircraft is in Delivery Condition.

    - The Inspection shall be undertaken at the Purchaser's sole cost and expense unless the Debtor defaults, in which case the Debtor must reimburse the Purchaser.

    - The Deposit is non-refundable in the event the Purchaser accepts the Aircraft unless (i) the Bankruptcy Court does not authorize the sale of the Aircraft, (ii) the Aircraft is materially damaged or destroyed due to Force Majeure, or (iii) the Debtor is in default under the terms and conditions of the Sale Agreement. In the event the Purchaser rejects the Aircraft, the Sale Agreement will terminate and the Deposit will be immediately refunded to the Purchaser.

- Delivery of Aircraft. Prior to the Closing, the Debtor shall position the Aircraft at the Delivery Location and the Purchaser shall reimburse the Debtor the Movement Costs with respect to such flight.

- Conditions Precedent. The Debtor's obligation to sell and deliver the Aircraft and the Purchaser's obligation to purchase and accept delivery on the Closing Date shall be subject to several conditions precedent set forth in sections 4.2 and 4.3 of the Sale Agreement, such as the Purchaser's obligation to transfer the balance of the purchase price in the amount of $2,295,000 to the Escrow Agent and Debtor's obligation to pay all applicable maintenance contracts up to Closing.

- Limitation of Liability. Except as otherwise noted in the Sale Agreement, the Aircraft is being sold and delivered in "as is, where is, with all faults" condition, and all delivery conditions specified in the Sale Agreement shall expire and be of no further force or effect as of the Closing.

- Taxes. The Purchaser shall pay any sales, use, excise and other similar taxes as a result of the sale, delivery or transfer of the Aircraft to the Purchaser, or the ownership, possession, use or storage of the Aircraft by the Purchaser.

---

[2] To the extent there are any inconsistencies between the summary description of the Sale Agreement contained herein and the terms and conditions of the Sale Agreement, the terms of the Sale Agreement control.

- <u>Third-Party Warranties and Maintenance Program/Service Plans Contracts</u>.  All effective rights under warranties from manufacturers and service providers or suppliers with respect to the Aircraft are assigned and transferred to the Purchaser as of Closing.

- <u>Transaction Costs and Expenses</u>.  Except as otherwise set forth in the Sale Agreement, the Debtor and the Purchaser shall bear their own transaction costs and expenses, including, without limitation, any brokers' commission and/or attorneys' fees.  The Debtor shall be solely responsible for the fees of the Broker, which fees the Debtor may direct the Escrow Agent to pay to the Broker at Closing out of the Purchase Price proceeds.  The Purchaser and the Debtor shall each pay one-half (½) of the Escrow and Title Search Fee relating to the transactions contemplated hereby.

PLEASE TAKE FURTHER NOTICE that the Sale Agreement contains the following provisions, which the Guidelines for the Conduct of Asset Sales, adopted by this Court's General Order M-331, requires be separately disclosed:

- <u>Free and Clear</u>.  As described in the Motion, the sale of the Aircraft will be free and clear of all liens, claims, encumbrances, and other interests.

- <u>Private Sale</u>.  The Sale Agreement does not contemplate additional competitive bidding for the Aircraft.  However, as described below, the Proposed Sale remains subject to higher or better offers.

- <u>Deadlines</u>.  As noted above, the Sale Agreement may be terminated at anytime prior to Closing if, *inter alia*, the Bankruptcy Court has not entered an order approving the Sale Agreement on or before May 4, 2009, and the Purchaser terminates the Sale Agreement upon written notice within five calendar days.  In the event Purchaser has not provided the foregoing notice of termination and the Bankruptcy Court has not entered an order approving the Proposed Sale on or before May 19, 2009, either party may terminate the Sale Agreement upon written notice to the other party.

- <u>Relief from Bankruptcy Rule 6004(h)</u>.  As described in the Motion, the Debtor seeks relief from any stay imposed by Bankruptcy Rule 6004(h).

**PLEASE TAKE FURTHER NOTICE that the Proposed Sale is subject to higher or better offers (a "<u>Higher Offer</u>").  Any party interested in submitting a Higher Offer for the Aircraft must contact the Debtor's Broker (Mark Bloomer, Bloomer deVere Group Avia, Inc., 855 Aviation Drive, Suite 205, Camarillo, CA 93010, t: 805-484-6605, f: 805-484-6656, e: mbloomer@bloomerdevere.com) for a copy of the Sale Agreement and submit (i) an offer in the form of the Sale Agreement, changed only to modify, where appropriate, the name of the purchaser, an increased Purchase Price, and an increased Deposit to reflect an amount equal to five percent of the modified Purchase Price and (ii) a Deposit in the amount included in the offer.  A Higher Offer must be submitted to and received by Bloomer deVere Group Avia, Inc., 855 Aviation Drive, Suite 205, Camarillo, CA 93010, Attn: Mark Bloomer, t: 805-484-6605, f: 805-484-6656, e: mbloomer@bloomerdevere.com, with a copy to Weil Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors, no later than seventy-two (72) hours prior to any hearing**

**considering the sale of the Aircraft.  The Debtor retains the right to determine, in its sole discretion, the highest or other best bid, and to reject any bid.**

    PLEASE TAKE FURTHER NOTICE that the Debtor reserves the right, in its sole discretion, to adjourn or not proceed with any Proposed Sale.  Should the Debtor determine to adjourn or not proceed with any Proposed Sale, the Debtor will file a notice of such decision prior to the Sale Hearing.

Dated: March 13, 2009
   New York, New York

             /s/ Shai Y. Waisman
             Shai Y. Waisman

             WEIL, GOTSHAL & MANGES LLP
             767 Fifth Avenue
             New York, New York 10153
             Telephone:  (212) 310-8000
             Facsimile:  (212) 310-8007

             Attorneys for Debtors
             and Debtors in Possession