**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : **08-13555 (JMP)** |
| | : |
| Debtors. | : **(Jointly Administered)** |

----------------------------------------------------------------------x

## GLOBAL NOTES PERTAINING TO DEBTORS' SCHEDULES AND STATEMENTS

On September 15, 2008 (the "Petition Date"), and on the dates listed below, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors listed below (collectively, the "Debtors," and together with their non-Debtor affiliates, "Lehman") commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

| Debtor | Case Number | Date Filed |
|---|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 (JMP) | 9/15/08 |
| BNC Mortgage LLC | 09-10137 (JMP) | 1/9/09 |
| CES Aviation IX LLC | 08-13907 (JMP) | 10/5/08 |
| CES Aviation LLC | 08-13905 (JMP) | 10/5/08 |
| CES Aviation V LLC | 08-13906 (JMP) | 10/5/08 |
| East Dover Limited | 08-13908 (JMP) | 10/5/08 |
| Fundo de Investimento Multimercado Credito Privado Navigator Investimento No Exterior | 08-13903 (JMP) | 10/5/08[1] |
| LB 745 LLC | 08-13600 (JMP) | 9/16/08 |
| LB Rose Ranch LLC | 09-10560 (JMP) | 2/9/09 |
| Lehman Brothers Commercial Corporation | 08-13901 (JMP) | 10/5/08 |
| Lehman Brothers Commodity Services Inc. | 08-13885 (JMP) | 10/3/08 |
| Lehman Brothers Derivative Products Inc. | 08-13899 (JMP) | 10/5/08 |
| Lehman Brothers Finance SA | 08-13887 (JMP) | 10/3/08[2] |
| Lehman Brothers Financial Products Inc. | 08-13902 (JMP) | 10/5/08 |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) | 10/3/08 |
| Lehman Brothers Special Financing Inc. | 08-13888 (JMP) | 10/3/08 |
| Lehman Commercial Paper Inc. | 08-13900 (JMP) | 10/5/08 |
| Lehman Scottish Finance L.P. | 08-13904 (JMP) | 10/5/08 |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 (JMP) | 1/7/09 |
| PAMI Statler Arms LLC | 08-13664 (JMP) | 9/23/08 |
| Structured Asset Securities Corporation | 09-10558 (JMP) | 2/9/09 |

---

[1]      Dismissed on 2/24/09.

[2]      A chapter 15 petition for recognition of a foreign main proceeding and a concurrent motion to dismiss the chapter 11 case of Lehman Brothers Finance SA are currently pending in the Bankruptcy Court.

The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only in the above-captioned cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

The Debtors' respective Schedules of Assets and Liabilities, Schedules of Current Income and Expenditure, and Schedules of Executory Contracts and Unexpired Leases (the "Schedules") and Statements of Financial Affairs (the "Statements" and together with the Schedules, the "Schedules and Statements") have been prepared by the Debtors' management, with the assistance of their advisors, in accordance with section 521 of the Bankruptcy Code and Bankruptcy Rule 1007.[3]

These Global Notes Pertaining to the Debtors' Schedules and Statements (collectively, the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, each of the Schedules and Statements. **These Global Notes should be referred to, and reviewed in connection with, any review of the Schedules and Statements. These Global Notes are in addition to any specific notes contained in each Debtor's Schedules or Statements.** Disclosure of information in one Schedule, Statement, exhibit or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit or continuation sheet.

**The Schedules and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events or performance of any of the Debtors.**

1. **Reservation of Rights.** **The Debtors' chapter 11 cases are the largest in history. The sheer volume of information to disclose is formidable. The circumstances surrounding the commencement of the Debtors' cases were extraordinary and have materially impacted the Debtors' ability to access and marshal information about their businesses. The Debtors' precipitous filing caused an immediate shutdown of Lehman's formerly integrated information and globally interdependent financial reporting systems. Although prepetition information has gradually become more available, it remains difficult to access. The process of gathering and consolidating the Debtors' information will continue after the filing of these Schedules and Statements, which should therefore be regarded as a work in progress, to be followed by supplements and amendments as necessary.**

   **The Schedules and Statements are unaudited and subject to further review and potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. In order to close the books and records of the Debtors as of the Petition Date and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions of all information contained in the Schedules and Statements. The Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information; however, subsequent information or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions or inaccuracies may exist. The Debtors reserve all rights to amend or supplement their Schedules and Statements.**

   **Nothing contained in the Schedules and Statements or these Global Notes shall constitute an admission or a waiver of any of the Debtors' rights to assert claims or defenses. For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E as "priority," on Schedule F as "unsecured priority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract. Failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated."**

---

[3]    Schedules and Statements of the Debtors may be filed on various dates within the time permitted by the Bankruptcy Code, Bankruptcy Rules, and/or orders of the Bankruptcy Court. No Schedules and Statements will be filed for Fundo de Investimento Multimercado Credito Privado Navigator Investimento No Exterior because, as noted above, its chapter 11 case was dismissed by order of the Bankruptcy Court, dated February 24, 2009.

2. **"As of" Information Date**.  Unless otherwise indicated, all amounts listed in the Schedules and Statements are as of the close of business on September 14, 2008.

   Pursuant to certain orders of the Bankruptcy Court (collectively, the "Court Orders"), the Debtors were authorized to, and did, conduct sales of certain of their assets, assume and/or assign certain of their unexpired executory contracts or leases, and pay certain outstanding prepetition claims from and following the Petition Date.  In addition, pursuant to certain Court Orders, certain outstanding prepetition claims against the Debtors may have been paid by non-Debtor third parties following the Petition Date.  Nonetheless, the Schedules and Statements reflect the Debtors' assets and liabilities as they existed on the eve of the Petition Date.  Claims for general trade payables listed on Schedule F, however, may be net of payments made through February 12, 2009. Certain of the Court Orders preserve the rights of parties in interest to dispute any amounts required to be paid to satisfy prepetition claims.  Nothing herein shall be deemed to alter the rights of any party in interest to contest a payment made pursuant to a Court Order that preserves such right to contest.

3. **SIPA and Other Insolvency Proceedings.**  On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.  LBI's SIPA case is being administered in the Bankruptcy Court under docket number 08-01420 (JMP).  In addition, as of the date of the filing of the Schedules and Statements, various insolvency proceedings have been commenced by or against certain of LBHI's foreign affiliates.

4. **Basis of Presentation.**  For purposes of filing reports with the Securities and Exchange Commission, LBHI has historically prepared consolidated financial statements, which include each of the Debtors and certain additional non-Debtor affiliates.  Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each Debtor on a non-consolidated basis.  Accordingly, the totals listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for public reporting purposes or otherwise.

   Although the Schedules and Statements may, at times, incorporate information prepared in accordance with generally accepted accounting principles ("GAAP"), the Schedules and Statements neither purport to represent nor reconcile financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP or otherwise.  Reflection in Schedules and Statements of assets greater than liabilities is not an admission that a Debtor was solvent at the Petition Date or at any time prior to the Petition Date.  Likewise, reflection in Schedules and Statements of liabilities greater than assets is not an admission that the Debtors were insolvent at their respective petition dates or any time prior to the Petition Date.

5. **Current Market Value — Net Book Value**.  In many instances, current market valuations are neither maintained by nor readily available to the Debtors.  It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests that are not maintained or readily available.  However, the Debtors' inventory positions are accounted for with mark-to-market accounting incorporating valuations as of the Petition Date, while the remaining assets, unless otherwise indicated, reflect the net book values of the Debtors' assets, as recorded in the Debtors' books and records, as of the Petition Date and may not reflect the net realizable value of the assets.  Amounts ultimately realized will vary, at some times materially, from net book value.

6. **Excluded Accruals/GAAP entries.**  The Schedules and Statements do not include certain deferred charges, deferred liabilities, or general reserves, or assets with a net realizable value of zero.  Such amounts may, however, be reflected in the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities, including accrued taxes and accrued wage and/or employee benefit related obligations, which do not represent specific claims as of the Petition Date, and assets relating to, among other things, goodwill, customer relationship intangibles and loan commitment fees.

7. **Foreign Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

8.  **Confidentiality.**  Addresses of current and former employees of the Debtors are generally not included in the Schedules and Statements.  Notwithstanding, the Debtors will mail any required notice or other documents to the address in their books and records for such individuals.

9.  **Consolidated Entity Accounts Payable and Disbursement Systems.**  An individual Debtor's Schedules and Statements may include payments made by the Debtor for another Debtor or non-Debtor affiliate.  Payments made by another Debtor or non-Debtor affiliate on behalf of the filing Debtor, however, are not necessarily included on the filing Debtor's Schedules and Statements.  A description of the Debtors' prepetition centralized cash management system is set forth in the Debtors' motion for authorization to, among other things, continue using its cash management system, as modified, dated October 3, 2008 [Docket No. 669], and the supplement thereto, dated October 10, 2008 [Docket No. 826].

10. **Derivatives and other contractual agreements**.  The Debtors have attempted to list on Schedule G all of the derivative contracts that they were party to as of the Petition Date.  A large number of the contracts listed on Schedule G, however, may have been terminated prior or subsequent to the Petition Date.  Assets and liabilities that may result, or may have resulted, from the termination of derivatives contracts are not included on the Debtors' Schedules B, D, or F, as may be applicable.  Potential additional assets and/or liabilities associated with the Debtors' derivative contracts will not be disclosed until the Debtors have completed their analysis of their books and records and the numerous derivative transactions..

11. **Intercompany Claims.**  Claims among the Debtors and their non-Debtor affiliates, as reflected in the balance sheet accounts of the applicable Debtors (each an "Intercompany Receivable" or "Intercompany Payable" and, collectively, the "Intercompany Claims"), are reported on Schedules B and F, as applicable.  The Intercompany Claims are comprised primarily of the following components: trading activity with affiliates (buying and selling securities, derivatives, commodities among affiliates), allocation of operating expenses including interest charges and financings (notes payable/receivable, repos/reverse repos, stock or bond borrows/loans) and the transfer of cash balances, generally to LBHI and receipt of funds, generally from LBHI, to cover cash shortfalls, as a result of  Lehman's cash management practices.

12. **Insiders.**  Lehman employed hundreds of individuals with the title of Managing Director and Senior Vice President and thousands of individuals with the title of Vice President and Assistant Vice President.  However, for its response to Statement questions 3c and 21, (i) LBHI has listed members of its Board of Directors and all employees that are, or were, Executive Officers (Chairman and Chief Executive Officer, Chief Financial Officer, Chief Administrative Officers, President and Chief Operating Officer, and Chief Legal Officer) and Global Heads and (ii) the remaining Debtors have listed Presidents, and certain Directors, Managing Directors, Senior Vice Presidents, and Vice Presents, as appropriate for their particular personnel structure.  Persons have been included in the Schedules and Statements for informational purposes only and such individuals should not, simply by virtue of being listed herein, all be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, or with respect to any theories of liability or for any other purpose.  In the ordinary course of Lehman's businesses, directors and officers of one Debtor may have been employed and paid by another Debtor or a non-Debtor affiliate.

Information about payments and prior relationships with Alvarez & Marsal North America, LLC is disclosed in the affidavits and supplements thereto that accompany the Debtors' Application to Retain Alvarez & Marsal North America, LLC to Provide the Debtors a Chief Restructuring Officer and Additional Personnel, and (B) to Appoint the Chief Restructuring Officer Nunc Pro Tunc to the Commencement Date [Docket Nos. 760, 1366, and 1559].

13. **Setoffs.**  Prior to the Petition Date, and in the ordinary course of their businesses, the Debtors incurred a large number of setoffs in connection with, among other things, intercompany, derivative and customer/supplier transactions.  Unless otherwise stated, setoffs are not listed in the Schedules and Statements and the Debtors have not intentionally offset amounts listed on Schedules B, D or F.  Nonetheless, some amounts listed may have been affected by setoffs taken of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights which may be asserted.

Notwithstanding foregoing, the Debtors have disclosed certain setoffs taken by financial institutions that are known to the Debtors and that the Debtors reserve the right to challenge as being outside the ordinary course of business.

14. **Mechanics' Liens.**   The inventories, property and equipment listed in these Schedules and Statements and Schedules are presented without consideration of any mechanics' liens.

15. **Undetermined Amounts.** The description of an amount as "unknown," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.

16. **Pledged Assets.**   A significant amount of the assets listed on the Debtors' Schedule B have been pledged as collateral by the Debtors and are outside of the Debtors' control.   These assets include, among other things, cash, securities, real estate loans and corporate loans and other inventory.

17. **Guarantees.**   Contractual guarantees issued by a Debtor have been listed on that Debtor's Schedule G.   Claims of contract counterparties arising under these guarantees have been listed on the Debtor's Schedule F as contingent liabilities.   In addition, LBHI guaranteed the payment of all liabilities, obligations and commitments of certain of its subsidiaries.   LBHI has listed each of the guaranteed subsidiaries, but not the creditors of those guaranteed subsidiaries, as a contingent, unliquidated and disputed creditor on LBHI's Schedule F.   LBHI frequently served as credit support provider to its affiliates in connection with their derivative contracts.   As noted in Global Note 10 about contingent liabilities associated with the derivative contracts, these contingent liabilities will not be disclosed until the Debtors have completed their analysis of the numerous derivative transactions.   The Debtors may identify additional guarantees as they continue their review of their books and records, executory contracts, unexpired leases, secured financing, debt instruments and other such agreements, and will amend their Schedules accordingly.

18. **Schedules.**

    a.   **Schedule A**.   Real property is listed on Schedule A at net book value.   Certain interests of the Debtors in real property, including mortgages and real property held for sale, are not listed on Schedule A, but have been listed as inventory in response to Schedule B.   Leases of real property have not been listed on Schedule A, but have been listed on Schedule G.

    b.   **Schedule B9.**   Certain Debtors who do not list any interest in insurance policies in response to Schedule B9 may hold an interest in policies of an affiliate.

    c.   **Schedule B21.**   Amounts listed in response to Schedule B21 exclude claims that have been or, at a later date may be, asserted by the Debtors against their various liability policies.   Additionally, the Debtors have asserted and will continue to assert various claims against affiliates involved in foreign insolvency proceedings.   Said claims are subject to amendment and further reconciliation and may not be reflective of the amounts listed on the Debtors' books and records as of September 14, 2008.   To the extent such claims include undetermined or unliquidated amounts, such amounts have not been included in the Debtors' Schedules.

    d.   **Schedule B23.**   Licenses to conduct business are not included in Schedule B.

    e.   **Schedule D — Creditors Holding Secured Claims.**   The Debtors have not undertaken a valuation of their assets in which creditors may have a secured interest.   The Debtors reserve all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.   The descriptions provided in Schedule D are intended only to be a summary.   Reference to the applicable loan agreements and related documents and a determination of the creditors' compliance with applicable law is necessary for a complete description of the collateral and the nature, extent and priority of any liens.   Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or related documents.

5 of 8

Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D. The Debtors have not included on Schedule D parties whose claims may be secured through rights of setoff, deposits posted by, or on behalf of, the Debtors, or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in a secured facility, only the collateral agent has been listed for purposes of Schedule D.

**f.**     **Schedule E — Creditors Holding Unsecured Priority Claims.** Schedule E does not include obligations for employee-related medical, dental, prescription drug, death and other benefits under group benefit plans that have been, or may be, satisfied by a voluntary employee beneficiary association ("VEBA") established on September 12, 2008 under section 501(c)(9) of the Internal Revenue Code of 1986. Schedule E does not include certain other employee obligations, which may be owed, or may have been satisfied, by LBI. Schedules E and F do not include obligations related to restricted stock units.

**g.**     **Schedule F — Creditors Holding Unsecured Nonpriority Claims.** Certain creditors owe amounts to the Debtors and, as such, may have valid setoff and recoupment rights with respect to the balances listed on Schedule F.

The Debtors' responses to Statement question 4 disclose pending litigation involving the Debtors. Claims related to pending litigations are listed on Schedule F as contingent, unliquidated and disputed liabilities. In certain litigations, however, plaintiffs have not clearly identified which Lehman entity or entities are the intended defendants (naming "Lehman" or "Lehman Brothers"). In such cases, the litigation is disclosed by LBHI's in response to Statement question 4 and claims are listed on LBHI's Schedule F as a contingent, unliquidated and disputed liabilities.

**h.**     **Schedule G — Executory Contracts and Unexpired Leases.** Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease, and inclusion of a contract, lease or other agreement on Schedule G does not constitute an admission that such contract, lease or other agreement is an executory contract, was in effect on the Petition Date, or is valid or enforceable. The contracts, leases and other agreements listed on Schedule G may have been modified, amended, supplemented or superseded from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed on Schedule G.

In the ordinary course of business, the Debtors may lease certain fixtures and equipment from certain third party lessors for use in the daily operation of their business. The Debtors' obligations pursuant to capital leases appear on Schedule D and their obligations pursuant to operating leases have been listed on Schedule F. The underlying lease agreements are listed on Schedule G. Nothing in the Schedules and Statements is or shall be construed to be an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to such issues.

Certain of the Agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors, or a Debtor and a non-Debtor affiliate or third party. Certain of the Agreements may not have been memorialized and may be subject to dispute. Agreements that are oral in nature have also been included in Schedule G. Agreements, including certain license agreements that are not valued by the Debtors for balance sheet purposes appear on Schedule G but do not appear on Schedule B.

**i.**     **Schedule H — Co-Debtors**. Investigation into possible co-obligor relationships between the Debtors and/or non-debtor entities is ongoing. There may be instances where litigation is brought against multiple legal entities. Such litigation is listed on Schedule F of the appropriate Debtor

and Schedule H.  The Debtors are in the process of reviewing their leases and contracts, which agreements may contain provisions leading to a co-debtor relationship.

19. **Statements.**

    a.    **Statement question 1 – Income.**   The amounts reported in response to Statement question 1 reflect the Debtors' fiscal year of 12/1 to 11/30 and reflect amounts taken from the Debtors' internal consolidated balance sheet worksheets.  Amounts reported for the current period represent gross revenue for the period 12/1/2007 through and including 8/31/2008.

    b.    **Statement question 2 – Other Income.**  From time to time, the Debtors may have de minimis income from sources other than the operation of business that will not appear in response to Statement question 2.

    c.    **Statement question 3 – Payments to Creditors.**  Amounts still owing to any creditor listed on Statement 3b or 3c are reflected in Schedule E and F, as applicable.

        i.    **Statement Question 3b**.  The payments listed reflect payments made by the applicable Debtor entity and those payments made by LBI on the Debtors' behalf.  Payments made by LBI are indicated with an asterisk on Schedule 3b.

        ii.    **Statement Question 3c**.  The payments listed on the Debtors' response to Statement question 3c reflect payments made by the applicable Debtor entity and those payments made by LBI on the Debtors' behalf.  Payments made by LBI are indicated with an asterisk on Schedule 3c.  Amounts listed include payroll payments, W-2 income events, checks and wires.  For explanation of the treatment of payments that may have been made by an affiliate on behalf of another affiliate, please refer to Global Note 6.

    d.    **Statement question 4b – Property attached, garnished or seized.**  The Debtors have listed amounts held by certain financial institutions pending the legal and/or equitable resolution of various asserted claims.  The Debtors contest and dispute these parties' right to hold, attach garnish or seize such funds.

    e.    **Statement question 7 – Gifts.**  See Global Note 9 above regarding the Debtors' consolidated entity accounts payable and disbursement systems.

    f.    **Statement question 8 – Losses.**  The Debtors' responses to Statement question 8 do not include financial losses or defense costs paid pursuant to the director and officer liability policies.

    g.    **Statement question 10 – Other Transfers.**  In response to Statement question 10, the Debtors list certain transfers of collateral that were made prior to and remained outstanding as of the petition date of the respective Debtor.  The Debtors reserve the right to argue that such transfers were outside the ordinary course of business and reserve all rights with respect to a final determination as to the nature of the transfers, notwithstanding their inclusion in this Statement question 10. Investigation continues with respect to such transfers.

    h.    **Statement question 12 – Safe Deposit Boxes.**  The Debtors have listed certain physical vaults in response to the applicable Debtor's response to statement question 12.  Investigation and inquiry continues in efforts to ascertain information about and/or obtain control over assets of the Debtors that may be in vaults of non-debtor affiliates and third parties, including financial institutions, holding such assets at the direction of such non-debtor affiliates or third parties.

    i.    **Statement question 18 – Nature, location and name of business.** The Debtors' responses to Statement question 18 includes only ownership interests in businesses that are either (i) direct subsidiaries of the applicable Debtor or (ii) entities that file reports with the Securities and Exchange Commission (an "SEC-filer").

**j.**        **Statement question 19 – Books, Records and Financial Statements.**  The firms and individuals listed in response to Statement questions 19(a)-(c) are not intended to be an exhaustive list of all parties but rather represent a listing of those firms and/or individuals that supervised or were primarily responsible for the respective tasks.

**k.**        **Statement question 20 – Inventory.**  The Debtors maintain physical inventory at the vaults listed in response to Statement question 12 and in the vaults of certain non-debtor affiliates and third parties and maintain their non-physical inventory in accounts at certain non-Debtor affiliates including LBI (the "Non-physical Accounts").  An electronic inventory calculation with respect to the Non-physical Accounts was prepared periodically by LBI and/or Lehman Brothers International (Europe) and provided to the Debtors at regular intervals prior to the Petition Date.

**l.**        **Statement questions 21 and 22.**  The Debtors' response reflects information as of each respective Debtor's petition date.

B7 (Official Form 7) (12/07)

# UNITED STATES BANKRUPTCY COURT

Southern _____    **DISTRICT OF**  New York _____

In re:  Structured Asset Securities Corporation ____ ,        Case No.  09-10558 (JMP) _____
                       Debtor                                                  (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

**1.    Income from employment or operation of business**

None
☐
    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

2

In re:   Structured Asset Securities Corporation                    Case No.     09-10558 (JMP)

| AMOUNT | SOURCE |
|---|---|
| Net income - Fiscal YTD - August 2008    $521,390.06 | |
| Net income - Fiscal 2007                          $188,801.69 | |
| Net income - Fiscal 2006                          -$212,092.92 | |

**2.    Income other than from employment or operation of business**

None
☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|

**3.    Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
☐

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Not Applicable | | | |

None
☒

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

3

In re:    Structured Asset Securities Corporation                    Case No.    09-10558 (JMP)

---

None    c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or
☐        for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must
         include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated
         and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

See attached rider

---

**4.    Suits and administrative proceedings, executions, garnishments and attachments**

None    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately
☐        preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include
         information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated
         and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

See attached rider

---

None    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one
☒        year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13
         must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
         the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5.    Repossessions, foreclosures and returns**

None    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
☒        of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.
         (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
         spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6.    Assignments and receiverships**

4

In re:   Structured Asset Securities Corporation                    Case No.    09-10558 (JMP)

---

None

☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

_____

None

☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

_____

**7.    Gifts**

None

☒

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

_____

**8.    Losses**

None

☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|



_____

5

In re:   Structured Asset Securities Corporation          Case No.     09-10558 (JMP)

---

### 9.   Payments related to debt counseling or bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

See response to question 9 of the Statement of Financial Affairs for Lehman Brothers Holdings Inc., Case No. 08-13555 for more information.

---

### 10.   Other transfers

None ☒

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

---

None ☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

### 11.   Closed financial accounts

None ☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

6

In re:   Structured Asset Securities Corporation                    Case No.      09-10558 (JMP)

_____

#### 12.   Safe deposit boxes

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

_____

#### 13.   Setoffs

None
☐

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

Please refer to the Global Notes Pertaining to Debtors' Schedules and Statements attached hereto.
_____

#### 14.   Property held for another person

None
☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

_____

#### 15.   Prior address of debtor

None
☒

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

_____

7

In re:   Structured Asset Securities Corporation                 Case No.     09-10558 (JMP)

---

**16.  Spouses and Former Spouses**

None ☐

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

Not Applicable

_____

**17.  Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

_____

None ☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

_____

None ☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

_____

None ☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

8

In re:    Structured Asset Securities Corporation                    Case No.      09-10558 (JMP)

---

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18.    Nature, location and name of business**

None


a. *If the debtor is an individual,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

---

None


b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

9

In re:   Structured Asset Securities Corporation                    Case No.     09-10558 (JMP)

---

**19.  Books, records and financial statements**

None
☐
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Christopher O'Meara, Former Chief Financial Officer<br>1271 Avenue of the Americas, 45th Floor<br>New York, NY 10020 | 9/15/2006 - 12/1/2007 |
| Erin Callan, Former Chief Financial Officer<br>1271 Avenue of the Americas, 45th Floor<br>New York, NY 10020 | 12/1/2007 - 6/12/2008 |
| Edward Grieb, Former Financial Controller<br>1271 Avenue of the Americas, 45th Floor<br>New York, NY 10020 | 9/15/2006 - 12/1/2007 |
| Martin Kelly, Financial Contoller<br>1271 Avenue of the Americas, 45th Floor<br>New York, NY 10020 | 12/1/2007 - 9/15/2008 |
| Ian Lowitt, Chief Financial Officer<br>1271 Avenue of the Americas, 45th Floor<br>New York, NY 10020 | 6/12/2008 - 9/15/2008 |

---

None
☐
b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| Ernst & Young LLP | 5 Times Square<br>New York, NY  10036-6530 | 9/15/2006 - 9/15/2008 |

---

None
☐
c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| Martin Kelly, Financial Contoller | 1271 Avenue of the Americas, 45 Floor<br>New York, NY 10020 |
| Ian Lowitt, Chief Financial Officer | 1271 Avenue of the Americas, 45 Floor<br>New York, NY 10020 |

In re:   Structured Asset Securities Corporation                      Case No.     09-10558 (JMP)

_____

None  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
☐      financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                              DATE ISSUED

The Debtor's parent company, Lehman Brothers Holdings Inc., is a publicly traded company that was
required to register with the SEC and file Form 10Ks and Form 10-Qs.  As such, in the ordinary course
and prior to filing for Chapter 11 bankruptcy protection, the Debtor may have provided financial
information to banks, bond holders, customers, suppliers, rating agencies and various other interested
parties.

**20.  Inventories**

None  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking
☒      of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY               INVENTORY SUPERVISOR          DOLLAR AMOUNT
                                                             OF INVENTORY
                                                             (Specify cost, market or other basis)

None  b. List the name and address of the person having possession of the records of each of the inventories reported in a.,
☒      above.

                                                             NAME AND ADDRESSES
                                                             OF CUSTODIAN
DATE OF INVENTORY                                            OF INVENTORY RECORDS

**21.  Current Partners, Officers, Directors and Shareholders**

None  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
☐      partnership.

NAME AND ADDRESS               NATURE OF INTEREST            PERCENTAGE OF INTEREST

Not Applicable

None  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or
☐      indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

In re:   Structured Asset Securities Corporation          Case No.     09-10558 (JMP)

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

See attached rider

_____

**22.   Former partners, officers, directors and shareholders**

None ☐   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

Not Applicable

_____

None ☐   b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

See attached rider

_____

**23.   Withdrawals from a partnership or distributions by a corporation**

None ☐   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

See answer for question 3c

_____

**24.   Tax Consolidation Group.**

None ☐   If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|
| Lehman Brothers Holdings Inc. | 13-3216325 |

12

In re:  Structured Asset Securities Corporation            Case No.     09-10558 (JMP)

---

**25.  Pension Funds.**

None

☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                    TAXPAYER-IDENTIFICATION NUMBER (EIN)

---

\* \* \* \* \* \*

11

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____

Signature
of Debtor _____

Date _____

Signature of
Joint Debtor
(if any) _____

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date   03/16/2009 _____

Signature _____

Print Name and
Title

William Fox, Chief Financial Officer,
Controller and Vice President

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____    _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer    Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____    _____
Signature of Bankruptcy Petition Preparer    Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

**S05A-028**
**PAYMENTS TO INSIDERS MADE WITHIN ONE YEAR PRIOR TO FILING**
**STRUCTURED ASSET SECURITIES CORPORATION, CASE NO. 09-10558 (JMP)**

| Name | Title | Payment Type | Payment Date | Amount |
|---|---|---|---|---|
| Franks Harber, Lana | Director | Restricted Equity Award | 12/7/2007 | TBD |
| Franks Harber, Lana | Director | Restricted Equity Award | 12/7/2007 | TBD |
| Franks Harber, Lana | Director | Restricted Equity Award | 7/1/2008 | TBD |
| Franks Harber, Lana | Director | *Regular Salary | 9/21/2007 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 10/5/2007 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 10/19/2007 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 11/2/2007 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 11/16/2007 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 11/30/2007 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 12/14/2007 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 12/28/2007 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 1/11/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 1/25/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Bonus 2007 | 1/31/2008 | $1,045,000.00 |
| Franks Harber, Lana | Director | *Regular Salary | 2/8/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 2/22/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Bonus Special 2008 | 2/22/2008 | $1,000,000.00 |
| Franks Harber, Lana | Director | *Regular Salary | 3/7/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 3/20/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 4/4/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 4/18/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 5/2/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 5/16/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 5/30/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 6/13/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 6/27/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 7/11/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 7/25/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 8/8/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 8/22/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 9/5/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 9/19/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *Regular Salary | 10/3/2008 | $7,692.31 |
| Franks Harber, Lana | Director | *A/P Check | 10/15/2007 | $182.69 |
| Franks Harber, Lana | Director | *A/P Check | 12/10/2007 | $30.00 |
| Franks Harber, Lana | Director | *A/P Check | 12/27/2007 | $30.00 |
| **Franks Harber, Lana** | | | **Subtotal** | **$2,260,627.37** |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 9/21/2007 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 10/5/2007 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 10/19/2007 | $7,692.31 |

SASCO SOFA 22

**PAYMENTS TO INSIDERS MADE WITHIN ONE YEAR PRIOR TO FILING**
**STRUCTURED ASSET SECURITIES CORPORATION, CASE NO. 09-10558 (JMP)**

| Name | Title | Payment Type | Payment Date | Amount |
|------|-------|--------------|--------------|--------|
| Kravetz, Larry J. | Managing Director | *Client Finders Fees | 10/19/2007 | $38,640.00 |
| Kravetz, Larry J. | Managing Director | *Client Finders Fees | 10/30/2007 | $11,990.00 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 11/2/2007 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 11/16/2007 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 11/30/2007 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 12/14/2007 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 12/28/2007 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 1/11/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 1/25/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Bonus 2007 | 1/31/2008 | $795,999.96 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 2/8/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 2/22/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Client Finders Fees | 2/28/2008 | $17,894.00 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 3/7/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 3/20/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 4/4/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 4/18/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 5/2/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 5/16/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 5/30/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 6/13/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 6/27/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 7/11/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 7/25/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 8/8/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 8/22/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 9/5/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 9/19/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | *Regular Salary | 10/3/2008 | $7,692.31 |
| Kravetz, Larry J. | Managing Director | Restricted Equity Award | 12/07/2007 | TBD |
| Kravetz, Larry J. | Managing Director | Restricted Equity Award | 12/07/2007 | TBD |
| Kravetz, Larry J. | Managing Director | Restricted Equity Award | 07/01/2008 | TBD |
| Kravetz, Larry J. | Managing Director | *A/P Check | 12/5/2007 | $711.35 |
| Kravetz, Larry J. | Managing Director | *A/P Check | 2/8/2008 | $478.37 |
| Kravetz, Larry J. | Managing Director | *A/P Check | 3/6/2008 | $66.30 |
| Kravetz, Larry J. | Managing Director | *A/P Check | 3/28/2008 | $40.00 |
| Kravetz, Larry J. | Managing Director | *A/P Check | 5/16/2008 | $488.10 |
| Kravetz, Larry J. | Managing Director | *A/P Check | 7/1/2008 | $213.00 |
| Kravetz, Larry J. | Managing Director | *A/P Check | 7/10/2008 | $15.00 |
| Kravetz, Larry J. | Managing Director | *A/P Check | 7/16/2008 | $70.00 |
| Kravetz, Larry J. | Managing Director | *A/P Check | 8/15/2008 | $149.45 |

SASCO SOFA 23

**PAYMENTS TO INSIDERS MADE WITHIN ONE YEAR PRIOR TO FILING**
**STRUCTURED ASSET SECURITIES CORPORATION, CASE NO. 09-10558 (JMP)**

| Name | Title | Payment Type | Payment Date | Amount |
|------|-------|--------------|--------------|-------:|
| **Kravetz, Larry J.** | | | **Subtotal** | **$1,082,140.21** |
| Smith, Kristine | Director | Restricted Equity Award | 12/7/2007 | TBD |
| Smith, Kristine | Director | Restricted Equity Award | 12/7/2007 | TBD |
| Smith, Kristine | Director | Restricted Equity Award | 7/1/2008 | TBD |
| Smith, Kristine | Director | *Regular Salary | 9/21/2007 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 10/5/2007 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 10/19/2007 | $7,692.31 |
| Smith, Kristine | Director | Ptnership '00~P/O | 10/26/2007 | $14,615.44 |
| Smith, Kristine | Director | *Regular Salary | 11/2/2007 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 11/16/2007 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 11/30/2007 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 12/14/2007 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 12/28/2007 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 1/11/2008 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 1/25/2008 | $7,692.31 |
| Smith, Kristine | Director | *Bonus 2007 | 1/31/2008 | $382,124.99 |
| Smith, Kristine | Director | *Regular Salary | 2/8/2008 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 2/22/2008 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 3/7/2008 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 3/20/2008 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 4/4/2008 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 4/18/2008 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 5/2/2008 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 5/16/2008 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 5/30/2008 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 6/13/2008 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 6/27/2008 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 7/11/2008 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 7/25/2008 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 8/8/2008 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 8/22/2008 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 9/5/2008 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 9/19/2008 | $7,692.31 |
| Smith, Kristine | Director | *Regular Salary | 10/3/2008 | $7,692.31 |
| **Smith, Kristine** | Director | | **Subtotal** | **$612,125.11** |
| Sullivan, James | Director | | | TBD |
| Cohen, Kenneth C. | Director | | | TBD |
| Hughson, Paul A | Director | | | TBD |
| McKinney, Richard | Director | | | TBD |

SASCO SOFA 24

**SOFA 3c**
**PAYMENTS TO INSIDERS MADE WITHIN ONE YEAR PRIOR TO FILING**
**STRUCTURED ASSET SECURITIES CORPORATION, CASE NO. 09-10558 (JMP)**

| Name | Title | Payment Type | Payment Date | Amount |
|------|-------|--------------|--------------|--------|
| | | | **GRAND TOTAL** | **$3,954,892.69** |

See Debtor's response to Statement questions 21 and 22 for a listing of the Debtors' Officers and Directors and the Debtor's response to Statement question 3c for Lehman Brothers Holdings Inc.  for a listing of payments to Edward S. Grieb.

See Debtor's response to Statement questions 21 and 22 for a listing of the Debtors' Officers and Directors and the Debtor's response to Statement question 3c for Lehman Brothers Holdings Inc.  for a listing of payments to Ian T. Lowitt.

See Debtor's response to Statement questions 21 and 22 for a listing of the Debtors' Officers and Directors and the Debtor's response to Statement question 3c for Lehman Brothers Holdings Inc.  for a listing of payments to Christopher M. O'Meara.

"Bonus 2007" generally relates to performance incentive payments for 2007 results.  "AP Check" typically represents expense reimbursements.


The Debtors are conducting further inquiry and research to identify any other transfers that may have been made to Insiders during the one-year period prior to the Commencement Date and will further amend and/or supplement their Schedules & Statements with any such additional information.


Notwithstanding the listing of certain individuals on this Statement question 3c response, compensation and distributions to such individual may be on account of services rendered as an employee of one or more or the other Debtors (including LBHI) or non-Debtor affiliates.

SASCO SOFA 25

**SOFA 4a**
**Suits and Administrative Proceedings**

| Caption of Suit and Case Number | Nature of Proceeding | Court Agency and Location | Status or Disposition |
|---|---|---|---|
| In re: Lehman Brothers ERISA and Securities Litigation; In re Lehman Brothers Mortgage Backed Securities Litigation 08-Civ-6762 | Securities Litigation | United States District Court for the Southern District of New York | Pending |

**Structured Asset Securities Corporation**                                    **Case No. 09-10558 (JMP)**

**SOFA 21b**
**Current Partners, Officers, Directors and Shareholders**

| Name and Address | Title | Nature and Percentage of Stock Ownership |
|---|---|---|
| David Coles | Director | N/A |
| James Fogarty | Director | N/A |
| Bryan Marsal | Director | N/A |
| Bryan Marsal | Chief Executive Officer | N/A |
| James Fogarty | President and Chief Operating Officer | N/A |
| William Fox | Chief Financial Officer, Controller and Vice President | N/A |
| Steve Cohn | Co-Treasurer | N/A |
| Peter Cheston | Co-Treasurer | N/A |
| Jeffrey Fitts | Vice President | N/A |
| Gerald Pietroforte | Vice President | N/A |
| Daniel Ehrmann | Vice President | N/A |
| Jack McCarthy | Vice President | N/A |
| John Suckow | Vice President | N/A |
| Martin Winter | Vice President | N/A |
| Doug Lambert | Vice President | N/A |
| Jeffrey A. Welikson | Secretary | N/A |
| Jeffrey J. Ciongoli | Vice President and Assistant Treasurer | N/A |
| Linda Klang | Vice President and Assistant Treasurer | N/A |
| Darryl Steinberg | Vice President and Assistant Treasurer | N/A |
| Salvatore Barbuzza | Vice President and Assistant Treasurer | N/A |
| Charles Masseli | Vice President and Assistant Treasurer | N/A |

**Structured Asset Securities Corporation**                                    **Case No. 09-10558 (JMP)**

**SOFA 22b**
**Former Partners, Officers, Directors, Shareholders**

| Name and Address | Title |
|---|---|
| Kristine Smith | Director |
| James Sullivan | Director |
| Lana Franks Harber | Director |
| Edward S. Grieb | Director |
| Richard McKinney | Director |
| Mary P. Archer | Managing Director |
| Yon K. Cho | Managing Director |
| Kenneth C. Cohen | Managing Director |
| Paul A. Hughson | Managing Director |
| Larry J. Kravetz | Managing Director |
| Daniel L. Wallace | Managing Director |
| Tracy S. Dembicer | Senior Vice President |
| Joseph J. Kelly | Senior Vice President |
| Ellen Kiernan | Senior Vice President |
| Michael K. McCully | Senior Vice President |
| Barrett DiPaolo | Vice President |
| Michael Hitzman | Vice President |
| David Nass | Vice President |
| Barry J. O'Brien | Vice President |
| Mary C. Stone | Vice President |
| Anthony J. Taranto | Vice President |
| Ian T. Lowitt | Treasurer |
| Christopher M. O'Meara | Controller |