IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: | CASE NO. 08-13555 |
| LEHMAN BROTHERS HOLDINGS INC., | CHAPTER 11 |
| Debtor. | JUDGE JAMES M. PECK |

## CHARISE CARROLL'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND DISCHARGE INJUNCTION

COMES NOW Charise Carroll (hereinafter referred to as "Ms. Carroll"), by and through undersigned counsel (who has previously been admitted pro hac vice by this Honorable Court in this case), and hereby moves this Honorable Court for relief from the automatic stay provision found in 11 U.S.C. Sec. 362(a) and from the discharge injunction found in 11 U.S.C. Sec. 524 of the U. S. Bankruptcy Code. In support of this motion, Ms. Carroll shows the following:

1   Ms. Carroll is the natural mother of Cleveland Barrett ("Mr. Barrett").

2   Mr. Barrett suffered injuries and damages as a result of his fall that occurred on or about August 11, 2007 in DeKalb County, Georgia.

3   Mr. Barrett's fall was proximately caused, in whole or in part, by the negligence, actions and omissions of Lehman Brothers Holdings, Inc. and certain of its subsidiaries ("Debtors"), who are Debtors in this bankruptcy case. (On March 12, 2009, this Honorable Court has entered a "Stipulation, Agreement and Order" in this case, granting Mr. Barrett relief from the automatic stay in this case so that Mr. Barrett can pursue his personal injury claims against Debtors in an amount up to but not exceeding Debtors' insurance coverage for said claims.)

4   Mr. Barrett was a minor at the time of his fall.

5    Ms. Carroll has claims against Lehman Brothers Holdings, Inc. ("Debtor") for the medical expenses that Ms. Carroll incurred for the treatment of her minor son Mr. Barrett's injuries sustained in the fall.

6    On or about September 15, 2008, Debtors invoked the automatic stay by filing this bankruptcy action in this Court.

7    Debtors maintained liability insurance with one or more insurers, including but not limited to American International Group, Inc. ("AIG"), and said insurance covers Ms. Carroll's claims which arose from the incident that occurred on or about August 11, 2007.

8    Section 524(e) of the U. S. Bankruptcy Code permits a creditor to seek recovery from "any other entity" which may be liable on behalf of the debtor. Therefore, a creditor may still pursue nondebtors, guarantors, sureties, and insurance companies post-bankruptcy to the extent that these entities are liable for pre-petition claims against a debtor. See Owaski v. Jet Florida Systems, Inc. (In re Jet Florida Systems, Inc.), 883 F.2d 970 (11th Cir. 1989) (per curiam) (holding that a discharge injunction does not affect the liability of third-party insurers, nor does it prevent a claimant from establishing an insurer's liability on behalf of a discharged debtor).

9    The automatic stay and discharge injunction do not bar suit or continuation of a suit by a tort claimant against a debtor for the sole purpose of recovering insurance proceeds. See Green v. Welsh, 956 S.E.2d 30, 33 (2nd Cir. 1992); Houston v. Edgeworth (In re Edgeworth), 993 F.2d 51, 54 (5th Cir. 1993); Hawxshurst v. Pettibone Corporation, 40 F.3d 175 (7th Cir. 1994).

10    Ms. Carroll seeks relief from the automatic stay contained in 11 U.S.C. Sec. 362(a) and the discharge injunction contained in 11 U.S.C. Sec. 524 for the following purposes:

(a) to initiate and pursue civil litigation for the purpose of liquidating tort damages,

(b) to collect against any third party insurers to the extent that insurance exists to satisfy part or all of Ms. Carroll's damages,

(c) to proceed and collect against any additional defendants, other than the debtors.

WHEREFORE, Ms. Carroll prays that this Honorable Court GRANT this motion and ORDER that the stay be lifted to permit Ms. Carroll to (a) initiate and pursue civil litigation for the purpose of liquidating tort damages, (b) collect against any third party insurers to the extent that insurance exists to satisfy part or all of Ms. Carroll's damages, and (c) proceed and collect against any additional defendants, other than the debtors.

Respectfully submitted, this the 18 day of March, 2009.

_____
S. Judson Waites, II, Esq.
Attorney for Charise Carroll
Georgia Bar No. 730406

Law Office of S. Judson Waites, II, P.C.
145 Church Street, Suite 110
Marietta, GA 30060
Ph. (770) 420-6566
Fax (770) 424-1408