UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | : | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

-----------------------------------------------------------------x

## SUPPLEMENTAL AFFIDAVIT AND DISCLOSURE STATEMENT OF

## Rob Charles

## ON BEHALF OF Lewis and Roca LLP

STATE OF ARIZONA    )
                    ) ss:
COUNTY OF Pima      )

Rob Charles, being duly sworn, upon his oath, deposes and says:

1.  I am a partner of Lewis and Roca LLP, located at One South Church Ave., Suite 700, Tucson, Arizona 85701-1611 (the "Firm").

2.  On November 12, 2008, I executed an Affidavit and Disclosure Statement (the "Affidavit") in support of Debtors' retention of Lewis and Roca LLP as ordinary course professionals and submitted that Affidavit and a completed Retention Questionnaire (the "Questionnaire") to Debtors' bankruptcy counsel, to be filed with the Court in accordance with the procedures set forth in the order entered November 5, 2008 authorizing Debtors to employ professionals utilized in the ordinary course of business [Docket No. 1394]. Debtors filed the Affidavit and Questionnaire with the Court on November 13, 2008 [Docket No. 1508].

NY2:\1956954\01\15XZ%01!.DOC\58399.0003

250227.1

3. This Affidavit (the "Supplemental Affidavit") supplements the previous Affidavit as follows:

4. Debtors have requested that the Firm assist Debtors' counsel McKenna Long (Charles Weiss) in providing advice under New Mexico and Nevada law relating to the take back at either a dirt or equity level of two partially sold retail and office condominium projects (one in each state) and one additional Nevada project that was slated for the same use but remains raw land. The initial advice relates to transfer tax and condominium law compliance issues in the context of either a dirt or equity level take back. Debtors (directly and/or through subsidiaries) have a first mortgage loan and a preferred equity position in each project.

5. Lehman Brothers Holdings, Inc. ("LBHI") through Michael A. Rollin of Reilly Pozner LLP, has recently requested that the Firm expand its role to take on two contract actions that may be filed in Las Vegas, Nevada, and one that may be filed in Phoenix, Arizona, by LBHI as plaintiff, and the Firm has agreed to do so. The firm has examined its conflicts database concerning the potential defendants and identified no conflicts.

6. The Firm has requested and the Debtors have agreed that the Firm may provide: (i) transaction advice to Investors Management Trust Real Estate Group, Inc., dba IMT Residential and IMT Capital Partners, LLC and their respective affiliates ("IMT"), on the implications of the Lehman bankruptcy filing upon Debtors non-debtor affiliates with which IMT has engaged in business transactions. Debtors have agreed that we may answer our clients' general questions about the impact of the Lehman bankruptcy cases; (ii) IMT with transaction advice concerning a property management agreement with respect to the Lincoln Pointe Apartments in Miami, Dade County, Florida. Debtors hold a loan encumbered by the project or has foreclosed its lien. The borrower is unrelated to IMT Residential. IMT has managed other foreclosed properties for Debtors in the past. Further, a fund related to IMT Residential called

IMT Capital intends to negotiate with Debtors after the foreclosure to acquire the project. IMT has acquired other projects it managed for Debtors in the past.

5. The Firm requested and was granted an advance waiver from Debtors with respect to assistance requested by the Firm's clients in filing proofs of claim in Debtors' bankruptcy cases. Fort Dearborn Life Insurance Company ("Fort Dearborn") has requested the Firm's assistance in filing a proof of claim. The Firm will not take any other action on behalf of Fort Dearborn with respect to the proof of claim without further consultation and a waiver by Debtors.

6. Neither I, nor any partner of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors of their estates with respect to the matters for which the Firm has been engaged.

Dated: March 2, 2009.

**LEWIS AND ROCA LLP**

By: _____
Rob Charles
One S. Church Avenue, Suite 700
Tucson, AZ 85701-1611
Tel: 520-629-4427  Fax: 520-879-4705
Email: RCharles@LRlaw.com

Subscribed and sworn to by Rob Charles of Lewis and Roca LLP on March 2, 2009.

_____
Notary Public

My commission expires:

12-14-2010

OFFICIAL SEAL
BARBARA PISCITELL
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Dec. 14, 2010