**Hearing Date: March 25, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Objection Deadline: March 20, 2009 at 4:00 p.m. (prevailing Eastern time)**

**IN THE UNITED STATES BANKRUPTCY**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al*., | Case No. 08-13555 (JMP)<br>Jointly Administered |
| Debtors. | |

**LEAD PLAINTIFFS' LIMITED OBJECTION TO DEBTORS' MOTION, PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE, FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW ADVANCEMENT UNDER DIRECTORS AND OFFICERS AND FIDUCIARY LIABILITY INSURANCE POLICIES**

Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, Northern Ireland Local Government Officers' Superannuation Committee, City of Edinburgh Council as Administering Authority of the Lothian Pension Fund, and Operating Engineers Local 3 Trust Fund, the court-appointed lead plaintiffs (collectively, the "Lead Plaintiffs") in the consolidated securities class action pending in the United States District Court for the Southern District of New York captioned, *In re Lehman Brothers Equity/Debt Securities Litigation*, Case No. 08-05523 (LAK) (the "Securities Litigation"), by and through their undersigned counsel, submit this limited objection (the "Limited Objection") to the motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order, pursuant to 11 U.S.C. § 362, modifying the automatic stay to allow advancement under directors and officers and fiduciary liability insurance policies (the "Motion").  In support of this Limited Objection, Lead Plaintiffs respectfully state:

**RELEVANT BACKGROUND**

**A.    Relevant Procedural Background.**

1.    On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. ("LBHI") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  On and after the Petition Date, the other Debtors in these cases filed voluntary petitions for relief.  The Debtors' chapter 11 cases are being jointly administered in this Court.

2.       The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to section 1107 and 1108(a) of the Bankruptcy Code.

**B.       The Securities Litigation.**

3.       On April 29, 2008, a securities class action styled *Southeastern Pennsylvania Transportation Authority v. Lehman Brothers Holdings Inc., et al.*, No. 08-CV-2431, was filed in the Northern District of Illinois against LBHI and certain of its officers.  On June 18, 2008, the Securities Litigation was commenced in the United States District Court for the Southern District of New York.  Conforming to the lead plaintiff deadlines established by the Private Securities Litigation Reform Act of 1995 and repeated in the notices circulated in connection with the *Southeastern Pennsylvania Transportation Authority* action and the Securities Litigation, on June 30, 2008, Lead Plaintiffs moved for appointment as lead plaintiffs in the Securities Litigation.  On July 31, 2008, Judge Lewis A. Kaplan entered an order appointing Lead Plaintiffs and approving Lead Plaintiffs' selection of counsel.  On January 9, 2009, Judge Lewis A. Kaplan entered an order, *inter alia*, consolidating the various securities class actions and designating Lead Plaintiffs as the lead plaintiffs and approving Lead Plaintiffs' selection of counsel in the now-consolidated class action.

4.       Lead Plaintiffs are, and represent, persons and entities who purchased or acquired publicly-traded securities of LBHI between June 12, 2007 and September 15, 2008 inclusive (the "Class Period").

5.       Defendants in the Securities Litigation are Richard S. Fuld, Jr., the Debtors' former president and chief executive officer; Christopher M. O'Meara, the Debtors' former chief financial officer, controller and executive vice president; Joseph M. Gregory, the Debtors' former chief operating officer; Erin Callan, the Debtors' former chief financial officer and executive vice president; Ian Lowitt, the Debtors' former chief financial officer; former directors of the Debtors Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, and John D. Macomber; and underwriters of certain of the Debtors' securities (collectively, the

"Defendants").

6.      In summary, the Securities Litigation arises from LBHI's undisclosed exposure to losses from distressed mortgage and asset-backed securities.  Throughout the Class Period, LBHI, one of the largest financial institutions in the United States, purchased and packaged residential and commercial mortgages and other collateralized debt obligations into complex securities that were sold to investors or held for LBHI's own benefit.

**C.    The Motion.**

7.      Through the Motion, the Debtors seek relief from the automatic stay of section 362 of the Bankruptcy Code, to the extent necessary, to permit payments and/or advancements by "various primary insurers" of defense costs that are or will become due to certain former and current directors, officers and employees of the Debtors, as well as certain fiduciaries and administrators of the Debtors' sponsored ERISA employee benefit plans.  *See* Motion at ¶ 10.  These individuals include the Defendants in the Securities Litigation, as well as the separate ERISA class action pending in the United States District Court for the Southern District of New York.  *Id*. at ¶¶ 11-14.

8.      Prior to the Petition Date, the Debtors purchased various liability insurance policies (collectively, the "Policies") to provide coverage for the Defendants and others.  *See* Motion at ¶¶ 16-22.  Among the Policies is a primary directors and officers liability insurance policy purchased from XL Specialty Insurance Company (the "Primary 2007-2008 D&O Policy").  *See* Motion at ¶¶ 16-17.  The Primary 2007-2008 D&O Policy allegedly provides coverage for claims made during the period from May 16, 2007 to May 16, 2008.  *Id*. at ¶ 17.  The Primary 2007-2008 D&O Policy period coincides with a substantial portion of the Class Period and, therefore, provides coverage to the Defendants in the Securities Litigation.  In addition, certain other of the Policies, including but not limited to excess policies, copies of which are not attached to the Motion, may provide coverage for the claims asserted in the Securities Litigation.   Lead Plaintiffs submit that any such additional Policies should be disclosed in connection with the Motion.

9.      The Debtors assert that the proceeds of the Policies are not property of their estates, and seek relief from the automatic stay only to the extent necessary. *Id*. at ¶¶ 23-26.

## LIMITED OBJECTION

10.      The claims asserted by the Lead Plaintiffs in the Securities Litigation are or may be covered by the Policies. Accordingly, the Lead Plaintiffs and the class they represent have an interest in the proceeds of the Policies. Lead Plaintiffs do not object to advances being made under the Policies. However, Lead Plaintiffs submit that any order entered with respect to the Motion include the language suggested in paragraph 12, *infra*, to clarify that the order does not constitute a determination that the proceeds of the Policies are or are not property of the Debtors' estates.

11.      The Debtors assert that the proceeds of the Policies are not property of their estates. Lead Plaintiffs agree. However, the proposed order submitted with the Motion is silent on this issue. The nature of the relief sought by the Motion may, at the very least, imply or infer that stay relief is necessary and therefore that the proceeds of the Policies are property of the Debtors' estates. Moreover, the entry of an order that is silent on this issue may be interpreted as a determination that the proceeds of the Policies are property of the Debtors' estates.

12.      Lead Plaintiffs join in the arguments asserted by the Debtors in paragraphs 23 to 26 of the Motion that the proceeds of the Policies are not property of the Debtors' estates. *See, also, e.g.*, *In re Spaulding Composites Co., Inc.*, 207 B.R. 899, 906 (9th Cir. BAP 1997); *In re Louisiana World Exposition, Inc.*, 832 F.2d 1391 (5th Cir. 1989); *In re World Health Alternatives, Inc.*, 369 B.R. 805, 809 (Bankr. D. Del. 2007). However, Lead Plaintiffs submit that the proposed order should be revised to provide that it does not constitute a determination that the proceeds of the Policies are property of the Debtors' estates and the rights of all parties in interest are reserved, by including the following language:

> Nothing in this Order shall constitute a determination that the proceeds of the Policies are property of the Debtors' estates and

-4-

the rights of all parties in interest to assert that the proceeds of the Policies are, or are not, property of the Debtors' estates are reserved.

## **CONCLUSION**

13.    Based upon the foregoing, Lead Plaintiffs respectfully request that any order entered granting the Motion contain the proposed modifications set forth herein;  that given the relief requested, copies of any other Policies, including excess policies, should be disclosed; and  granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

By: /s/ *Michael S. Etkin*
Michael S. Etkin, Esq. (ME 0570)
S. Jason Teele, Esq. (ST 7390)
1251 Avenue of the Americas, 18th Floor
New York, New York 10022

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)
*Bankruptcy Counsel to Lead Plaintiffs*

-- and --

**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
John P. "Sean" Coffey, Esq.
1285 Avenue of the Americas
New York, New York 10019
212.554.1400 (Telephone)
212.554.1444 (Facsimile)

-- and --

**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
David R. Stickney, Esq.

12481 High Bluff Drive
Suite 300
San Diego, CA 92130
858.793.0070 (Telephone)
858.793.0323 (Facsimile)

-- and --

**BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**
John A. Kehoe, Esq.
Benjamin J. Hinerfeld, Esq.
280 King of Prussia Road
Radnor, PA 19087
610.667.7706 (Telephone)
610.667.7056 (Facsimile)

Dated: March 20, 2009
        New York, New York