Hearing Date and Time: March 25, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
**In re**                                                      :  **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                   :  **08-13555 (JMP)**
                                                               :
                              **Debtors.**                     :  **(Jointly Administered)**
                                                               :
                                                               :
---------------------------------------------------------------x

**SUPPLEMENT TO DEBTORS' MOTION PURSUANT
TO SECTIONS 105(a), 363(b), AND 541(d) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 6004 FOR AUTHORITY TO TRANSFER AGENTS'
FUNDS IN CONNECTION WITH RESIGNATIONS FROM AGENCY POSITIONS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

On March 11, 2009, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors" and, collectively with their debtor and non-debtor affiliates, "Lehman"), filed the Motion Pursuant to Sections 105(a), 363(b), and 541(d) of the Bankruptcy Code and Bankruptcy Rule 6004 for Authority to Transfer Agents' Funds in Connection with Resignations from Agency Positions [Docket No. 3044] (the "Motion").[1]

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

NY2:\1978190\05\16#DQ05!.DOC\58399.0003

Subsequent to filing the Motion, the Debtors determined that certain facts stated in the Motion require clarification. Accordingly, the Debtors file this Supplement to the Motion to clarify the following matters:

1. Although LCPI was a Revolving Loan Lender under the Credit Agreement at the closing of the Credit Agreement, it sold its position as a Revolving Loan Lender shortly thereafter. Consequently, LCPI currently is not a Revolving Loan Lender under the Credit Agreement.

2. LCPI has no beneficial interest in the Synthetic Revolving Deposit Account. However, during the time and to the extent that it was a Revolving Loan Lender, LCPI may have had an interest in the Synthetic Revolving Deposit Account. Such interest terminated well in advance of the Commencement Date when LCPI ceased to be a Revolving Loan Lender.

3. On or about September 26, 2008, Barclays Capital replaced LPIMD as custodian for the Synthetic Revolving Deposit Account. The Motion, therefore, does not seek approval of the transfer of the custodianship of the account from LCPI to Barclays Bank. Rather, the Motion seeks approval of the transfer of any interest LCPI might have in the Synthetic Revolving Deposit Account to Barclays Bank in connection with the transfer of LCPI's agency role.

4. The Debtors intend the term "Administrative Agent Positions" to include all agency capacities in which the Debtors may serve, including, without limitation, as administrative agent, collateral agent, swing line lender, letter of credit issuer and any other similar capacities in which an agent is customarily appointed to act under the applicable loan documents.

As a result of comments and concerns raised by various parties in interest, the Debtors have revised the Proposed Order. Attached hereto as Exhibit A is a revised proposed order (the "Revised Proposed Order"), together with a blacklined copy that reflects changes made from the proposed order that was filed with the Motion.

WHEREFORE the Debtors respectfully request that the Court enter the Revised Proposed Order and grant the Debtors such other and further relief as the Court deems just and proper.

Dated: March 20, 2009
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**REVISED PROPOSED ORDER**

NY2:\1978190\05\16#DQ05!.DOC\58399.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

-----------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a), 363(b), AND 541(d) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 FOR AUTHORITY TO TRANSFER AGENTS' FUNDS IN CONNECTION WITH RESIGNATIONS FROM AGENCY POSITIONS

Upon the motion, dated March 11, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors"), pursuant to sections 105(a), 363(b), and 541(d) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the Debtors to transfer funds held by them as agent in connection with resignation from Administrative Agent Positions[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] Capitalized terms not defined herein shall have the same meaning as that ascribed to them in the Motion.

1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 2837] entered February 13, 2009 to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for Barclays Capital Inc. and Barclays Bank PLC ("Barclays Bank"); (vii) the attorneys for Entegra TC LLC; and (viii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Motion is granted; and it is further

      ORDERED that, pursuant to sections 105(a) and 541(d) of the Bankruptcy Code, the transfer of any interest that LCPI may have in the Synthetic Revolving Deposit Account from LCPI to Barclays Bank, including any actions previously taken in connection therewith, is hereby approved; and it is further

      ORDERED that upon the transfer of LCPI's interest, if any, in the Synthetic Revolving Deposit Account to Barclays Bank, neither LCPI nor its estate shall have any interest

in such account, including without limitation, any interest pursuant to section 541 of the Bankruptcy Code or as Administrative Agent pursuant to the Credit Agreement; and it is further

ORDERED that the Debtors are authorized to change the title of the Synthetic Revolving Deposit Account to "Revolving Loan Lenders Credit-Linked Deposit Account"; and it is further

ORDERED that the Debtors are authorized to transfer any additional bank accounts or funds which the Debtors hold merely as agent, whether as administrative agent, collateral agent, swing line lender, letter of credit issuer, or otherwise (the "Additional Agency Accounts"), as may be necessary or appropriate from time to time upon 5 business days' prior written notice (the "Notice Period") to the attorneys for the Creditors' Committee and the Office of the U.S. Trustee (the "Agency Account Transfer Notice Parties"); and it is further

ORDERED that if no written objection is received by the Debtors at the conclusion of the Notice Period, then the Debtors shall be authorized to transfer any Additional Agency Accounts that were the subject of such notice; and it is further

ORDERED that in the event that either of the Agency Account Transfer Notice Parties objects to the transfer of any Additional Agency Account within the Notice Period, the Debtors shall not be authorized to effect such transfer absent further order of this Court; and it is further

ORDERED that the Debtors are authorized to execute and deliver all instruments and documents and take other actions as may be necessary or appropriate to facilitate the transfer of the Synthetic Revolving Deposit Account and any other Additional Agency Accounts and the change of the title of the Synthetic Revolving Deposit Account; and it is further

ORDERED that the Debtors shall maintain accurate records of all transfers of the Synthetic Revolving Deposit Account and the Additional Agency Accounts so that all such transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors prior to the Commencement Date; and it is further

ORDERED that this Order is intended to supplement, rather than supersede, the Order Pursuant to Sections 105(a), 363(b), 363(c), and 541(d) of the Bankruptcy Code and Bankruptcy Rule 6004 Authorizing the Debtor to (A) Continue to Utilize its Agency Bank Account, (B) Terminate Agency Relationships, and (C) Elevate Loan Participations [Docket No. 11 in Case No. 08-13900] (the "October Order"), and that the provisions of the October Order shall be applicable with respect to all transfers of accounts and/or funds authorized by this Order; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rules 6004(h) or 7062, this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that nothing contained in this Order shall be deemed an assumption or rejection of any executory contract; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March    , 2009
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                                        :   Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                     :   08-13555 (JMP)
                                                             :
                    Debtors.                                 :   (Jointly Administered)
                                                             :
                                                             :
------------------------------------------------------------x

ORDER PURSUANT TO SECTIONS 105(a),
363(b), AND 541(d) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 6004 FOR AUTHORITY
TO TRANSFER AGENTS' FUNDS IN CONNECTION
WITH RESIGNATIONS FROM AGENCY POSITIONS

Upon the motion, dated March 11, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors"), pursuant to sections 105(a), 363(b), and 541(d) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the Debtors to transfer ~~agents'~~ funds held by them as agent in connection with resignation from Administrative Agent Positions[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] Capitalized terms not defined herein shall have the same meaning as that ascribed to them in the Motion.

1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 2837] entered February 13, 2009 to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for Barclays Capital <u>Inc.</u> and Barclays Bank <u>PLC ("Barclays Bank")</u>; (vii) the attorneys for Entegra TC LLC; and (viii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "<u>Hearing</u>"); and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a) and 541(d) of the Bankruptcy Code, the transfer of <u>any interest that LCPI may have in</u> the Synthetic Revolving Deposit Account from LCPI to Barclays Bank ~~PLC ("Barclays Bank")~~, including any actions previously taken in connection therewith, is hereby approved; and it is further

<u>ORDERED that upon the transfer of LCPI's interest, if any, in the Synthetic Revolving Deposit Account to Barclays Bank, neither LCPI nor its estate shall have any interest</u>

~~2~~

in such account, including without limitation, any interest pursuant to section 541 of the Bankruptcy Code or as Administrative Agent pursuant to the Credit Agreement; and it is further

ORDERED that the Debtors are authorized to change the title of the Synthetic Revolving Deposit Account to "Revolving Loan Lenders Credit-Linked Deposit Account"; and it is further

ORDERED that the Debtors are authorized to transfer any additional bank accounts or funds which the Debtors hold merely as agent, whether as administrative agent, collateral agent, swing line lender, letter of credit issuer, or otherwise (the "Additional Agency Accounts"), as may be necessary or appropriate from time to time upon 5 business days' prior written notice (the "Notice Period") to the attorneys for the Creditors' Committee and the Office of the U.S. Trustee (the "Agency Account Transfer Notice Parties"); and it is further

ORDERED that if no written objection is received by the Debtors at the conclusion of the Notice Period, then the Debtors shall be authorized to transfer any Additional Agency Accounts that were the subject of such notice; and it is further

ORDERED that in the event that either of the Agency Account Transfer Notice Parties objects to the transfer of any Additional Agency Account within the Notice Period, the Debtors shall not be authorized to effect such transfer absent further order of this Court; and it is further

ORDERED that the Debtors are authorized to execute and deliver all instruments and documents and take other actions as may be necessary or appropriate to facilitate the transfer of the Synthetic Revolving Deposit Account and any other Additional Agency Accounts; and the change of the title of the Synthetic Revolving Deposit Account; and it is further

3

<u>ORDERED that the Debtors shall maintain accurate records of all transfers of the Synthetic Revolving Deposit Account and the Additional Agency Accounts so that all such transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors prior to the Commencement Date; and it is further</u>

<u>ORDERED that this Order is intended to supplement, rather than supersede, the Order Pursuant to Sections 105(a), 363(b), 363(c), and 541(d) of the Bankruptcy Code and Bankruptcy Rule 6004 Authorizing the Debtor to (A) Continue to Utilize its Agency Bank Account, (B) Terminate Agency Relationships, and (C) Elevate Loan Participations [Docket No. 11 in Case No. 08-13900] (the "October Order"), and that the provisions of the October Order shall be applicable with respect to all transfers of accounts and/or funds authorized by this Order; and it is further</u>

ORDERED that notwithstanding any applicability of Bankruptcy Rules 6004(h) or 7062, ~~the terms and conditions of~~ this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that nothing contained in this Order shall be deemed an assumption or rejection of any executory contract; and it is further

4

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March    , 2009
    New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

5

Document comparison done by DeltaView on Friday, March 20, 2009 3:10:00 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://ny2/1978205/1 |
| Document 2 | pcdocs://ny2/1978204/3 |
| Rendering set | Standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |

| Inserted cell | |
|---|---|
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 13 |
| Deletions | 9 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 22 |