WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Alfredo R. Perez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                        :
**In re**                                               :    **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,            :    **08-13555 (JMP)**
                                                        :
                                Debtors.                :    (Jointly Administered)
                                                        :
                                                        :
-------------------------------------------------------------------x

**DECLARATION OF ALFREDO R. PEREZ IN SUPPORT
OF ORDER TO SHOW CAUSE SCHEDULING A HEARING TO
CONSIDER DEBTORS' MOTION, PURSUANT TO SECTIONS 105(a)
AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULES 9019 AND 6004, FOR AUTHORIZATION TO INVEST
CAPITAL AND TO PERFORM CERTAIN RELATED ACTIONS TO
SUPPORT THE CAPITAL LEVEL OF LEHMAN BROTHERS BANK**

ALFREDO R. PEREZ, being duly sworn, hereby declares pursuant to section 1746 of title 28 of the United States Code:

1. I am an attorney admitted to practice before this Court and a member of Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc. ("LBHI"), Lehman Commercial Paper Inc. ("LCPI") and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-Debtor affiliates, "Lehman").

2. I am submitting this declaration in support of the Order to Show Cause being contemporaneously submitted to schedule an expedited hearing (the "Hearing") on shortened notice with respect to the Debtors' motion (the "Motion"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 9019 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to invest capital and to perform certain related actions to support the capital level of Lehman Brothers Bank, FSB ("LBB" or the "Bank"), as more fully described in the Motion.[1]

3. The Debtors respectfully submit that expedited consideration of the Motion is warranted for the following reasons:

    i. As explained in greater detail in the Motion, the Bank is a valuable asset of LBHI's estate. The Bank is subject to the regulatory authority of the OTS and FDIC.[2] In response to the diminished capital position reported in the Bank's December 31, 2008 Thrift Financial Report, on February 4, 2009, the OTS issued a Prompt Corrective Action directive (the "PCA") requiring the Bank to achieve adequate levels of capital. The PCA also requires the Bank to submit a plan to the OTS demonstrating how the Bank will maintain capital adequacy (the "Capital Restoration Plan"). To be acceptable to the OTS, LBHI, as the ultimate holding company of LBB, is required to commit to make contributions to LBB's capital as needed to maintain

---

[1] The Motion incorporates by reference *LBHI's Motion, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 9019 and 6004, for Authorization to Increase the Capital Level of Lehman Brothers Bank, FSB Through (I) the Settlement of Pending Disputes and (II) a Direct Capital Contribution of up to $15 Million* [Docket No. 2800] (the "Capital Restoration Motion"), which was approved by this Court on February 17, 2009, as well as the record of the hearing on such motion, including the testimony and presentation made by LBHI's Chief Restructuring Officer, Mr. Bryan Marsal. The Capital Restoration Motion and the record of the February 17, 2009 hearing are also incorporated herein.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

      LBB's capital adequacy under the applicable regulations for four consecutive quarters after December 31, 2008 up to a total of approximately $127 million.

ii. As part of its next quarterly financial report, LBB must report its capital level as of March 31, 2009 to the Regulators. It is expected that LBB's capital on such date will be below the 8% level that is considered to be adequate under the applicable regulations and required by the PCA. If the Bank is not in compliance with the PCA, the Bank's Regulators may take actions to restrict or control the Bank's activities that could jeopardize the value of LBHI's equity interest. To preserve the value of LBHI's equity interest and to avoid the risks associated with a failure of the Bank, including the potential exposure of LBHI's equity interest in Woodlands, the Debtors have determined to take certain actions intended to support the Bank's capital level on March 31, 2009 and to thereafter maintain the Bank's capital at the adequacy level in connection with a long term business strategy for the Bank (the ¨<u>Capital Maintenance Actions</u>"). The Capital Maintenance Actions are primarily non-cash capital contributions.

iii. Ensuring that the Bank's capital is adequate on March 31, 2009 avoids the risk of regulatory action that could jeopardize the value of LBHI's equity interest. Also, by making the investment prior to the quarter ending on March 31, 2009, LBHI will obtain the added benefit of satisfying, starting with the quarter ended March 31, 2009, a portion of the commitment obligation required of it under the PCA to ensure that the Bank maintains adequate levels of capital for a period of four consecutive quarters.

iv. Under Bankruptcy Rule 2002(a), motions to use property of the estate outside the ordinary course require twenty-days' notice. Due to the risks associated with an inadequate capital level for the Bank on March 31, 2009 and the benefits to the Debtors of the Bank attaining an adequate capital level on such date, the Debtors require authorization to take the Capital Maintenance Actions prior to March 31, 2009.

4. Accordingly, the Debtors request that the Court enter the Order to Show Cause and schedule the Hearing to consider the Motion on March 31, 2009 at 10:00 a.m. (Prevailing Eastern Time).  For these same reasons, the Debtors also request, pursuant to Local Bankruptcy Rule 9014-2, that the Court order that the Hearing may be an evidentiary hearing.  The Debtors propose that the Court set an objection deadline for March 30, 2009 at 12:00 noon (Prevailing Eastern Time).

Dated:   March 23, 2009
         New York, New York

                                                                    /s/ Alfredo R. Perez
                                                                    Alfredo R. Pérez