Hearing Date and Time:  March 25, 2009 at 10:00 a.m.
Objection Date and Time:  March 24, 2009 at 10:00 a.m.

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
Telephone:  (312) 845-3000
Facsimile:  (312) 701-2361
James Heiser (JH-3660)

Attorneys for General Helicopters International, LLC


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE | Chapter 11 Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS INC., *et al*., | |
| Debtors. | (Jointly Administered) |

**OBJECTION TO DEBTOR'S MOTION PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE, FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004 AND 9014, AND RULES 6004-1, 9006-1 AND 9014-1 OF THE LOCAL BANKRUPTCY RULES FOR APPROVAL OF THE SALE OF DEBTOR'S AIRCRAFT PURSUANT TO AN AIRCRAFT SALE AND PURCHASE AGREEMENT AND PAYMENT OF RELATED FEES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES General Helicopters International, LLC ("*GHI*"), by and through its

counsel, Chapman and Cutler LLP, to object to the Debtor's Motion Pursuant to Sections 105

and 363 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 2002, 6004 and 9014,

and Rules 6004-1, 9006-1 and 9014-1 of the Local Bankruptcy Rules for Approval of the Sale of

2596211.01.03.doc

Debtor's Aircraft Pursuant to an Aircraft Sale and Purchase Agreement and Payment of Related Fees (the "*Motion*" and GHI's objection thereto, the "*Objection*").  In support of its Objection, GHI states as follows:

1.      On March 5, 2009, the Debtor filed the Motion, which sought to approve the sale of a certain Sikorsky S-76C+ helicopter bearing U.S. Registration Mark N151LB and Manufacturer's Serial Number 760486 (as further defined in the Motion, the "*Aircraft*"), which is owned by debtor CES Aviation V, LLC.

2.      In the Motion, the Debtor seeks to: (1) approve certain sale procedures for the Aircraft (the "*Proposed Sale Procedures*") and (2) approve a purchase agreement which was to be executed in the future.  *Motion* at 7.  The Proposed Sale Procedures require, *inter alia*, that:

> (d) Any party interested in submitting a Higher Offer for the Aircraft must contact the Debtor…for a copy of the Sale Agreement and submit (i) an offer in the form of the Sale Agreement, changed only to modify, where appropriate, the name of the purchaser, an increased Purchase Price, and an increased Deposit to reflect an amount equal to five percent of the modified Purchase Price and (ii) a Deposit in the amount included in the offer.  A Higher Offer must be submitted to and received by CES Aviation V, LLC…no later than seventy-two (72) hours prior to any Sale Hearing (the "Bid Deadline").  The Debtor retains the right to determine, in its sole discretion, the highest or other best bid, and to reject any bid.

*Motion* at 6.

3.      On March 13, 2009, the Debtor filed a Notice of Executed Sale and Purchase Agreement for Sikorsky S-76C+ Helicopter (the "*MAC Sale Notice*") giving notice that the Debtor had agreed to a transaction with MAC Aircraft Sales, LLC ("*MAC*").  The MAC Sale Notice provided that the MAC sale was expressly subject to higher or better offers.

4.      Subsequently, GHI wished to make a higher offer, and on March 20, 2009 GHI and CES Aviation V, LLC entered into that certain Aircraft Sale and Purchase Agreement (the "*GHI Purchase Agreement*") in compliance with the Proposed Sale Procedures. The GHI

Purchase Agreement raised the purchase price by approximately $200,000 over the MAC offer,
to $3 million. A copy of the GHI Purchase Agreement is attached hereto as Exhibit "A".

5.      Without ever contacting GHI to inquire as to whether they would like to increase
their bid, the Debtor apparently accepted a revised bid of $3.1 million from MAC sometime
during the day on Sunday, March 22, 2009. Late in the evening on March 23, 2009, the Debtor
filed a second notice revealing that MAC had increased their offering price, but no other terms of
the proposed amendment have been revealed.

6.      Importantly, subpart "D" of the Proposed Sale Procedures requires that any
purchaser making a Higher Offer make "an increased Deposit to reflect an amount equal to five
percent of the *modified* Purchase Price." *Motion* at 6 (emphasis added). The terms of the
amended MAC purchase agreement (other than the new price) have yet to be revealed or
presented to the Court. However, the Debtor's apparent decision to accept a modified bid from
MAC on Sunday, March 22, 2009 does not comply with the Proposed Sale Procedures because
the Debtor did not receive the required deposit at least 72 hours prior to the Sale Hearing. The
Debtor had previously set hearing in this matter for March 25, 2009 at 10:00 a.m. Therefore, any
higher bids, *including the required increase in the Deposit*, were required to be both "submitted
to *and received*" by the Debtor by March 22, 2009 at 10:00 a.m. Given that the schedule set by
the Debtor required both the deposit and the bid to be both submitted and received on a Sunday
(*i.e.*, after the close of business for the week on Friday), GHI concluded that it had made the
highest bid when the Debtor sent its executed signature page at 6:58 p.m. on Friday, March 20,
2009, and as a result, did not further increase its bid.

7.      It is unclear how the Debtor could have received the increased Deposit from
MAC as required by the Proposed Sale Procedures while the banks were closed on Sunday, but

GHI is informed and believes that MAC did not make the increased deposit until Monday, March 23, 2009 in violation of the requirements of the Proposed Sale Procedures.[1]

8.      Therefore, because the Debtors have failed to comply with the terms of the Proposed Sale Procedures by accepting a nonconforming bid from MAC, the Motion should be denied.  In the alternative, the matter should be continued so that GHI can be provided an opportunity to increase its bid for the Aircraft, or some other appropriate resolution can be reached among the parties.  No party will suffer prejudice by continuing the Motion for a brief period.  As noted in the MAC Sale Notice, this Court has until at least May 4, 2009 to enter an order approving the MAC Sale Agreement.

Respectfully submitted,

GENERAL HELICOPTERS INTERNATIONAL, LLC

By:_____/s/ James Heiser_____
One of Its Attorneys

James Heiser, Esq. (JH-3660)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, IL 60603
Telephone: (312) 845-3000

---

[1]      However, even if MAC did somehow increase its deposit in compliance with the Proposed Sale Procedures, it is unclear how it would be within the Debtor's business judgment to accept the offer without giving notice to *anyone*, or giving GHI the opportunity to raise its bid.  GHI's offer represented a significant premium to the Debtor's estate over the original MAC offer.  It should have been afforded notice and an opportunity to increase its bid prior to the acceptance of the apparent second offer by MAC.