Hearing Date and Time: **March 25, 2009 at 10:00 a.m.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | : 08-13555 (JMP) |
| | : |
| **Debtors.** | : (Jointly Administered) |

------------------------------------------------------------------x

**DEBTOR'S REPLY TO OBJECTION OF GENERAL**
**HELICOPTERS INTERNATIONAL, LCC TO DEBTOR'S**
**MOTION FOR APPROVAL OF THE SALE OF DEBTOR'S AIRCRAFT**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    CES Aviation V, LLC (the "Debtor"),[1] as debtor and debtor in possession, as

and for its reply to the objection (the "Objection") of the General Helicopters International,

LLC ("GHI") to Debtor's motion (the "Motion") for approval of the sale of the Debtor's

aircraft, respectfully represents:

**Preliminary Statement**

    1.  Consistent with the Debtor's duty to maximize the value of its assets

for the benefit of its estate and all stakeholders, the Debtor filed the Motion for approval of

the sale of a Sikorsky S-76C+ helicopter (the "Aircraft") and solicited bids from prospective

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

NY2:\1980154\03\16FW@03!.DOC\58399.0003

purchasers. Since filing the Motion, the Debtor entered into a sale and purchase agreement with MAC Aircraft Sales, LLC ("MAC"), received a higher offer from each of GHI and MAC, and, in accordance with the bidding procedures, entered into an amended sale and purchase agreement with MAC resulting in an over ten percent increase to the purchase price.

2. GHI, who is simply an aggrieved bidder, objects that the highest and best offer from MAC was not in compliance with the bidding procedures set forth the Motion. In fact, MAC's higher and better offer was in full compliance with the bidding procedures. The Debtor had a duty to solicit for higher and better offers until seventy-two hours prior to the hearing on the Motion. Prior to this time, the Debtor received a higher and better offer from MAC. The Debtor informed GHI of the higher and better and offer. Tellingly, instead of submitting another offer, GHI spent over a day preparing and filing an objection seeking to compel the Debtor to accept a price that is neither higher or better. GHI's sole complaint is that MAC could not have increased its deposit on a Sunday when it submitted its bid. In fact, MAC's original deposit was sufficient to cover its original bid and its higher bid. In the end, GHI is an aggrieved bidder that lacks standing under applicable precedent to contest this sale. For the reasons set forth in the Motion and discussed herein, GHI's Objection should be denied and the Motion should be approved.

**Reply in Support of the Motion**

3. On March 5, 2009, the Debtor filed the Motion for (i) approval of the sale of the Aircraft pursuant to (a) a sale and purchase agreement with a party who submits an offer for the Aircraft that is accepted by the Debtor and approved by the Bankruptcy Court or (b) a substantially similar sale and purchase agreement with a party who submits a higher or better offer (a "Higher Offer") that is approved by the Bankruptcy Court, and (ii) approval of

the Debtor's payment of certain outstanding invoices reflecting expenses incurred in the ordinary course of operating the Aircraft, all as more fully described in the Motion.

4. The Debtor and MAC executed a sale and purchase agreement (the "Sale Agreement"), subject to Court approval, for the sale of the Aircraft. On March 13, 2009, the Debtor filed a Notice of Executed Sale and Purchase Agreement for Sikorsky S-76C+ Helicopter (the "Notice") [Docket No. 3103]. The Notice, among other things, identified the purchase price (the "Purchase Price") for the Aircraft to be the aggregate amount of $2,795,000 and the deposit (the "Deposit") to be the amount of $500,000.[2] MAC wire transferred the Deposit in immediately available funds to an escrow agent upon executing the Sale Agreement.

5. After filing the Notice, in accordance with the Sale Procedures, the Debtor continued to entertain Higher Offers from interested parties, including GHI. GHI and the Debtor negotiated a potential transaction and thereafter entered into a sale and purchase agreement dated as of March 20, 2009 (the "GHI Sale Agreement").[3] Under the GHI Sale Agreement, GHI agreed to purchase the Aircraft for $3,000,000 (the "GHI Purchase Price") and delivered a deposit in the amount of $600,000 to an escrow agent on March 20, 2009 (the "GHI Deposit").

6. In accordance with the Sale Procedures, the Debtor continued to accept Higher Offers until seventy-two hours prior to the hearing—i.e. this past Sunday morning.

---

[2] The sale procedures set forth in the Motion (the "Sale Procedures") only required a deposit of 5 percent of the Purchase Price or $139,750. Nevertheless, MAC deposited $500,000 with an escrow agent.

[3] GHI asserts in the Objection that GHI delivered its executed signature page to the GHI Sale Agreement at 6:58 p.m. (EDT) on Friday, March 20, 2009. The Debtor's records reflect that EFI delivered the executed signature page in escrow at 7:45 p.m. (EDT) and that it was not released until 8:11 p.m. (EDT).

7. On the morning of Sunday, March 22, 2009, MAC submitted a bid that exceeded the GHI Purchase Price and executed an amendment to the Sale Agreement that increased the "Purchase Price" to $3,100,000 (the "Modified Purchase Price"). The Debtor filed a Notice of Higher Offer for Debtor's Sikorsky S-76C+ Helicopter on Monday, March 24, 2009 (the "Notice of Higher Offer") [Docket No. 3200].

8. As GHI sets forth in the Objection, the Sale Procedures require the party submitting a Higher Offer to have delivered a deposit in an amount equal to five percent of the modified Purchase Price. Five percent of $3,100,000 is $155,000. Upon execution of the Sale Agreement, MAC had already submitted a deposit of $500,000, which represents approximately 16 percent of the Modified Purchase Price. Thus, at the time the MAC submitted the Higher Offer, the Deposit already was greater than the deposit required by the Sale Procedures.[4]

9. Upon information and belief, on the morning of March 24, 2009, MAC wired the entire balance of the Purchase Price to an escrow agent. Accordingly, MAC is ready, able, and waiting to close immediately upon Court approval.

10. The Debtor informed GHI of the Modified Purchase Price prior to filing the Notice of Higher Offer. Rather than continue to negotiate with the Debtor and submit a competing offer for the Aircraft, GHI filed the Objection. As of the time of filing this reply to the Objection, GHI, nor any other interested party, has submitted a Higher Offer for the Aircraft.

---

[4] Nevertheless, the Debtor and MAC executed Amendment No. 2 to Aircraft Sale and Purchase Agreement dated as of March 23, 2009, pursuant to which "Deposit" was amended to mean, upon the receipt of an additional deposit of $105,000, an aggregate total in the amount of $605,000.

## **Conclusion**

11.      For the reasons set forth herein, the Debtors respectfully request that the Objection be overruled, to the extent not otherwise withdrawn, entry of the Order granting the Motion, and such other or further relief as is just.

Dated: March 24, 2009
       New York, New York

                                        /s/ Shai Y. Waisman
                                        Shai Y. Waisman

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession