**Presentment Date and Time:  April 8, 2009 at 12:00 noon (Prevailing Eastern Time)**
**Objection Date and Time:  April 7, 2009 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection is Filed):  April 22, 2009 at 10:00 a.m. (Prevailing Eastern Time)**

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | HUGHES HUBBARD & REED LLP |
| 767 Fifth Avenue | One Battery Park Plaza |
| New York, New York 10153 | New York, New York 10004 |
| Telephone: (212) 310-8000 | Telephone: (212) 837-6000 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 422-4726 |
| Shai Y. Waisman | James B. Kobak, Jr. |
| | Daniel S. Lubell |
| Attorneys for Debtors | Jeffrey S. Margolin |
| and Debtors in Possession | |
| | Attorneys for James W. Giddens, Esq., |
| - and - | as Trustee for the SIPA Liquidation of |
| | the Business of Lehman Brothers Inc. |
| CURTIS, MALLET-PREVOST, | |
| COLT & MOSLE LLP | |
| 101 Park Avenue | |
| New York, New York 10178-0061 | |
| Telephone: (212) 696-6000 | |
| Facsimile:(212) 697-1559 | |
| Daniel R. Lenihan | |
| Lynn P. Harrison III | |
| | |
| Attorneys for Debtors | |
| and Debtors in Possession | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :    08-13555 (JMP)
                                              :
                       Debtors.               :    (Jointly Administered)
                                              :
------------------------------------------------------------x
                                              :
In re                                         :
                                              :
LEHMAN BROTHERS INC.                          :    08-01420 (JMP) SIPA
                                              :
                       Debtor.                :
                                              :
------------------------------------------------------------x
```

**DUAL NOTICE OF PRESENTMENT OF STIPULATION AND
AGREED ORDER PROVIDING FOR LEHMAN BROTHERS
INC.'S ASSUMPTION AND ASSIGNMENT OF CERTAIN MARKET
<u>AGENT AGREEMENTS TO LEHMAN COMMERCIAL PAPER INC.</u>**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed stipulation and agreed order (the "<u>Stipulation and Agreed Order</u>") to the Honorable James M. Peck, United States Bankruptcy Judge, for approval and signature on **April 8, 2009 at 12:00 noon (Prevailing Eastern Time)**.  The Stipulation and Agreed Order provides for Lehman Brothers Inc.'s assumption and assignment of certain market agent agreements to Lehman Commercial Paper Inc.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Stipulation and Agreed Order, **<u>including any alleged claims for cure pursuant to 11 U.S.C. section 365(b)</u>**, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck ("<u>Chambers</u>"), One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004, Attn: James B. Kobak, Jr., Esq., Daniel S.

Lubell, Esq., and Jeffrey S. Margolin, Esq., attorneys for James W. Giddens, Esq., as Trustee for the SIPA Liquidation of the Business of Lehman Brothers Inc.; (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (v) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; (vi) Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178-0061, Attn: Daniel R. Lenihan, Esq., Lynn P. Harrison III, Esq., attorneys for the Debtors; and (vii) any person or entity with a particularized interest in the Stipulation and Agreed Order, so as to be filed and received no later than **April 7, 2009 at 11:00 a.m. (Prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Stipulation and Agreed Order is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed prior to the Objection Deadline, a hearing (the "Hearing") will be held to consider the Stipulation and Agreed Order on **April 22, 2009 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: March 24, 2008
      New York, New York

| | |
|---|---|
| /s/ Shai Y. Waisman<br>Shai Y. Waisman<br><br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>Attorneys for Debtors<br>and Debtors in Possession<br><br>   - and -<br><br>/s/ Daniel R. Lenihan<br>Daniel R. Lenihan<br>Lynn P. Harrison III<br><br>CURTIS, MALLET-PREVOST,<br>COLT & MOSLE LLP<br>101 Park Avenue<br>New York, New York 10178-0061<br>Telephone: (212) 696-6000<br>Facsimile:(212) 697-1559<br><br>Attorneys for Debtors<br>and Debtors in Possession | /s/ Daniel S. Lubell<br>James B. Kobak, Jr.<br>David W. Wiltenburg<br>Daniel S. Lubell<br>Jeffrey S. Margolin<br><br>HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br>Facsimile: (212) 422-4726<br><br>Attorneys for James W. Giddens, Esq.,<br>as Trustee for the SIPA Liquidation of<br>the Business of Lehman Brothers Inc. |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :    08-13555 (JMP)
                                            :
            Debtors.                        :    (Jointly Administered)
                                            :
---------------------------------------------------------------x
                                            :
In re                                       :
                                            :
LEHMAN BROTHERS INC.,                       :    08-01420 (JMP) SIPA
                                            :
            Debtor.                         :
                                            :
---------------------------------------------------------------x
```

### STIPULATION AND AGREED ORDER PROVIDING FOR LEHMAN BROTHERS INC.'S ASSUMPTION AND ASSIGNMENT OF CERTAIN MARKET AGENT AGREEMENTS TO LEHMAN COMMERCIAL PAPER INC.

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Commercial Paper Inc. ("LCPI"), an indirect subsidiary of Lehman Brothers Holdings Inc. ("LBHI"), as debtor and debtor in possession, and Lehman Brothers Inc. ("LBI"), by and through James W. Giddens (the "SIPA Trustee"), as Trustee for the Securities Investor Protection Act ("SIPA") liquidation of the business of LBI, hereby enter into this Stipulation and Agreed Order (the "Stipulation and Agreed Order") and stipulate and agree, as follows:

**RECITALS**

A. On October 5, 2008 (the "Commencement Date"), LCPI commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). LCPI is authorized to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. On September 19, 2008, a proceeding was commenced under SIPA with respect to LBI, Case No. 08-01420 (such proceeding, the "SIPA Proceeding"). The SIPA Trustee was appointed under SIPA to wind down LBI's estate (the "LBI Estate").

C. Prior to the Commencement Date, LCPI was in the business of originating, administering and trading both unsecured loans and loans secured by mortgages and other assets (the "Loans"). From time to time, LCPI sold its interest in the Loans to special purpose entities (the "Transactions"). As partial consideration for the purchase of LCPI's interest in the Loans, the special purpose entities (the "Issuers") issued notes (the "Notes") back to LCPI secured by, among other things, the transferred Loans and certain collateral accounts held by the Issuers (the "Collateral"). Each of the Notes is governed by a separate series indenture agreement and standard terms (the "Series Indenture") between the applicable Issuer and an indenture trustee (the "Indenture Trustee").[1]

D. The task of valuing and monitoring LCPI's Collateral, including calculating the Accrued Interest Amount, Loan-to-Value Ratio and Underlying Asset Value (as each term is defined in each Series Indenture), as well as performing certain functions with respect to the cash margin mechanisms (where applicable), was to be performed by a market agent (the "Market Agent") designated by the parties. For each Transaction, the applicable Issuer and LBI executed a Market Agent Agreement (the "Market Agent Agreements") pursuant to which LBI was appointed as Market Agent to perform the Market Agent role for such

---

[1] This description of the Transactions is offered only as general background. There are certain nuances to each of the Transactions that need not be described in detail for purposes of this Stipulation and Agreed Order.

Transaction.  The Market Agent's role and duties are primarily identified in the Series Indentures and the Market Agent Agreements, but may also have been set forth in other agreements related to the Transactions, including, but not limited to, note purchase agreements (collectively, all such related agreements, the Series Indenture, and the Market Agent Agreement, the "Transaction Documents").

E.    Each of the Transactions, the related Issuers, Indenture Trustees, and Market Agent Agreements, as well as cure amounts required to be paid by LBI to assume the Market Agent Agreements pursuant to section 365 of the Bankruptcy Code (the "Cure Costs") are identified on Exhibit "A" attached hereto.

F.    Since the commencement of the SIPA Proceeding, LBI has been unable to perform its role as Market Agent as set forth in the Transaction Documents.  Section 7 of each of the Market Agent Agreements provides that LBI "shall have the right to transfer and assign all of its rights, duties, obligations, and liabilities under this Agreement to an affiliate of the Market Agent; provided, however, that such transfer and assignment shall be upon the condition that the due and punctual performance and observance of all the terms and conditions of this Agreement to be performed or observed by the Market Agent shall, by agreement supplemental hereto, be assumed by such affiliate just as fully and effectually as if such affiliate had been the original party of the first part to this Agreement."  See Market Agent Agreements ¶ 7.

G.    LCPI would like to assume the role as Market Agent under the Market Agent Agreements (and as such role is set forth throughout the Transactions Documents) in order to maximize the value of LCPI's interest in the Notes issued by the Issuers.  LBI has agreed to assume each Market Agent Agreement and to assign all of its rights and delegate all of its obligations as Market Agent to LCPI.

H. LCPI warrants and represents that it has (i) full power, authority, and legal right to execute, deliver and perform the Market Agent functions and intends to comply with the Market Agent Agreements, and (ii) it is fully capable of professionally and competently performing the duties imposed upon the Market Agent under the Transaction Documents.

I. Due and proper notice of this Stipulation and Agreed Order providing for the assumption and assignment of the Market Agent Agreements pursuant to section 365 of the Bankruptcy Code has been provided to each of the Issuers and the Indenture Trustees.

**AGREED ORDER**

IT IS HEREBY AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1. LBI assumes and assigns to LCPI, pursuant to section 365 of the Bankruptcy Code and section 7 of each of the Market Agent Agreements, all of LBI's rights, title and interest as Market Agent under and to each Market Agent Agreement (as such Market Agent role is set forth throughout the Transaction Documents) and transfers and delegates to LCPI all of LBI's obligations as Market Agent under each Market Agent Agreement (as such Market Agent role is set forth throughout the Transaction Documents). LCPI hereby acquires all of LBI's rights, title and interest and assumes all of LBI's obligations as Market Agent under and to each Market Agent Agreement (as such Market Agent role is set forth throughout the Transaction Documents) existing from and prior to the date this Stipulation and Agreed Order is entered by the Court (the "Effective Date").

2. LCPI shall pay LBI's Cure Costs, if any, in connection with the assumption and assignment of the Market Agent Agreements. As reflected on Exhibit "A", LCPI believes that no cure costs are due. Objections to the proposed Cure Costs must be filed by

the April 6, 2009 at 11:00 a.m. (Prevailing Eastern Time) Objection Deadline. If no objections are received, the Cure Cost will be set at $0.

3. On the Effective Date, the SIPA Trustee and the LBI Estate shall be relieved of any liability resulting from any subsequent breach of the Market Agent Agreements pursuant to section 365(k) of the Bankruptcy Code.

4. The SIPA Trustee and the LBI Estate shall continue to be entitled to receive amounts, if any, that were due to LBI as Market Agent under the Market Agent Agreements (and as set forth throughout the Transaction Documents) prior to the Effective Date.

5. For the avoidance of doubt, other than the Market Agent Agreements, nothing contained herein shall be construed as an assumption and assignment of any other Transaction Documents. Additionally, other than the assumption and assignment of the Market Agent Agreements appointing LBI to the role of Market Agent (as set forth throughout the Transaction Documents), nothing herein shall be construed to release or prejudice the rights, if any, of the SIPA Trustee or the LBI Estate (i) accruing under the Market Agent Agreements prior to the Effective Date or (ii) accruing in any capacity other than as Market Agent under the other Transaction Documents prior or subsequent to the Effective Date.

6. Each person who executes this Stipulation and Agreed Order on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation and Agreed Order on behalf of such party.

7. This Stipulation and Agreed Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. This Stipulation and Agreed Order may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an

original signature whether or not confirmed by delivering the original signatures in person, by courier or mail, although it is the parties' intention to deliver original signatures after delivery of facsimile signatures.

8.  If this Stipulation and Agreed Order is not approved by the Bankruptcy Court in both LCPI's chapter 11 case and LBI's SIPA Proceeding this Stipulation and Agreed Order shall be deemed null and void and shall not be referred to or used for any purpose by any of the parties hereto or any of the other parties in LCPI's chapter 11 case or in LBI's SIPA Proceeding.

9.  The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

SO ORDERED this ___ day of April 2009 in New York, New York.

_____
UNITED STATES BANKRUPTCY JUDGE

**AGREED TO AND ACCEPTED BY:**

Dated: March 24, 2009
       New York, New York

| | |
|---|---|
| /s/ Shai Y Waisman | /s/ Daniel S. Lubell |
| Shai Y. Waisman | James B. Kobak, Jr. |
| | Daniel S. Lubell |
| WEIL, GOTSHAL & MANGES LLP | Jeffrey S. Margolin |
| 767 Fifth Avenue | |
| New York, New York 10153 | HUGHES HUBBARD & REED LLP |
| Telephone: (212) 310-8000 | One Battery Park Plaza |
| Facsimile: (212) 310-8007 | New York, New York 10004 |
| | Telephone: (212) 837-6000 |
| Attorneys for Debtors | Facsimile: (212) 422-4726 |
| and Debtors in Possession | |
| | Attorneys for James W. Giddens, Esq., |
|     - and - | as Trustee for the SIPA Liquidation of |
| | the Business of Lehman Brothers Inc. |
| /s/ Daniel R. Lenihan | |
| Daniel R. Lenihan | |
| Lynn P. Harrison III | |
| | |
| CURTIS, MALLET-PREVOST, | |
| COLT & MOSLE LLP | |
| 101 Park Avenue | |
| New York, New York 10178-0061 | |
| Telephone: (212) 696-6000 | |
| Facsimile:(212) 697-1559 | |
| | |
| Attorneys for Debtors | |
| and Debtors in Possession | |

**<u>Exhibit A</u>**
**(Schedule of Market Agent Agreements)**

|    | Document | Issuer | Indenture Trustee | Proposed Cure |
|----|----------|--------|-------------------|---------------|
| 1  | Market Agent Agreement, dated as of June 25, 2008, by and between LBI and Apollo I Trust | Apollo I Trust | U.S. Bank National Association | $0 |
| 2  | Market Agent Agreement, dated as of July 3, 2008, by and between LBI and Apollo FD 2008-1, L.P. | Apollo FD 2008-1, L.P. | U.S. Bank National Association | $0 |
| 3  | Market Agent Agreement, dated as of June 19, 2008, by and between LBI and A-PQ Cayman Partners, L.P. | A-PQ Cayman Partners, L.P. | U.S. Bank National Association | $0 |
| 4  | Market Agent Agreement, dated as of June 27, 2008, by and between LBI and H 2008-3 Cayman Partners, L.P. | H 2008-3 Cayman Partners, L.P. | U.S. Bank National Association | $0 |
| 5  | Market Agent Agreement, dated as of June 27, 2008, by and between LBI and PQ/HDS Cayman Partners-A, L.P. | PQ/HDS Cayman Partners – A, L.P. | U.S. Bank National Association | $0 |
| 6  | Market Agent Agreement, dated as of July 21, 2008, by and between LBI and CCP HD HF I L.P. | CCP HD HF I, L.P. | U.S. Bank National Association | $0 |
| 7  | Market Agent Agreement, dated as of July 21, 2008, by and between LBI and CCP HD HF II L.P. | CCP HD HF II, L.P. | U.S. Bank National Association | $0 |
| 8  | Market Agent Agreement, dated as of July 21, 2008, by and between LBI and CCP HD PE L.P. | CCP HD PE, L.P. | U.S. Bank National Association | $0 |
| 9  | Market Agent Agreement, dated as of February 29, 2008, by and between LBI and Pontus II Trust | Pontus II Trust | Wells Fargo Bank, N.A. | $0 |
| 10 | Market Agent Agreement, dated as of February 29, 2008, by and between LBI and SL Cloud I Trust | SL Cloud I Trust | U.S. Bank National Association | $0 |
| 11 | Market Agent Agreement, dated as of April 30, 2009, by and between LBI and Riopelle Broadway LP | Riopelle Broadway LP | U.S. Bank National Association | $0 |
| 12 | Market Agent Agreement, dated as of July 3, 2008, by and between LBI and Apollo FD 2008-2 | Apollo FD 2008-2, L.P. | U.S. Bank National Association | $0 |