**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

---------------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE, FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004 AND 9014, AND RULES 6004-1, 9006-1 AND 9014-1 OF THE LOCAL BANKRUPTCY RULES APPROVING THE SALE OF DEBTOR'S AIRCRAFT PURSUANT TO AN AIRCRAFT SALE AND PURCHASE AGREEMENT AND PAYMENT OF RELATED FEES

Upon the motion, dated March 5, 2009 (the "Motion"),[1] of CES Aviation V, LLC

(the "Debtor"), as debtor in possession (collectively with Lehman Brothers Holdings Inc. and its

affiliated debtors in the above-referenced chapter 11 cases, the "Debtors" and, together with their

non-debtor affiliates, "Lehman"), pursuant to sections 105 and 363 of the Bankruptcy Code,

Bankruptcy Rules 2002, 6004 and 9014, and Local Bankruptcy Rules 6004-1, 9006-1, and 9014-1,

for (i) approval of the sale of the Debtor's aircraft, a Sikorsky S-76C+ helicopter, bearing

manufacturer's serial number 760486 and U.S. registration mark N151LB (the "Aircraft", as more

fully defined in the Motion), pursuant to (a) an Aircraft Sale and Purchase Agreement with a party

who submits an offer for the Aircraft that the Debtor accepted or (b) a substantially similar sale an

purchase agreement with a party who submits a Higher Offer, whereby the Debtor will sell, and the

Purchaser will purchase, the Aircraft (the "Proposed Sale"), and (ii) approve the Debtor's payment

of certain outstanding invoices representing expenses incurred in the ordinary course of operating

the Aircraft, all as more fully described in the Motion; and the Court having jurisdiction to consider

the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837];  and a reasonable opportunity to object or be heard regarding the Motion and Proposed Sale having been afforded to all such parties; and it appearing that no other or further notice need be provided; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record of the Hearing on the Motion held before the Court on March 25, 2009 (the "Hearing"); after due deliberation and sufficient cause appearing therefor, it is hereby:

FURTHER FOUND AND DETERMINED THAT:

1.      The Debtor has properly exercised its reasonable business judgment in proposing the Proposed Sale and executing the Sale Agreement (as defined below).  The Debtor has shown good and sufficient business justification under sections 105(a), 363(b) and (l) of the Bankruptcy Code for the Proposed Sale outside a plan of reorganization.

2.      The relief sought in the Motion is in the best interests of the Debtor, its estate, and creditors, and all parties in interest.

3.      General Helicopters International, LLC (the "Purchaser") has submitted the highest and best offer for the Aircraft, as evidenced by that certain Aircraft Sale and Purchase Agreement (as amended, including on the record of the Hearing, the "Sale Agreement"), and has agreed to pay the Debtor the net purchase price of $3,426,000 (the "Purchase Price") for the Aircraft.

2

4.      The Purchase Price to be paid by the Purchaser (i) represents the best offer for the Aircraft; (ii) is fair and reasonable; (iii) provides for a greater recovery for the Debtor's creditors than would be provided by any other practical, available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and non-bankruptcy law.

5.      The Purchaser is not an "insider" or "affiliate" of the Debtor (within the meaning of the Bankruptcy Code). Neither the Debtor nor the Purchaser have engaged in conduct that would prevent the application of section 363(m) of the Bankruptcy Code or permit the Sale Agreement to be avoided under section 363(n) of the Bankruptcy Code. Consequently, the Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded thereby.

NOW, THEREFORE, IT IS HEREBY:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014, and Local Bankruptcy Rules 6004-1, 9006-1, and 9014-1, the sale to Purchaser is approved and the Debtor is authorized to consummate all of the transactions contemplated thereby, including, but not limited to, the Sale Agreement; and it is further

ORDERED that the Purchaser shall deposit the Purchase Price by wire transfer to be received by the Debtor's escrow agent no later than 6:00 p.m. (EDT) on March 25, 2009; and it is further

ORDERED that, having voluntarily participated in the auction for the Aircraft, the Purchaser and MAC Aircraft Sales, LLC waive any and all claims (as such term is defined in section 101(5) of the Bankruptcy Code) including any claims of an administrative nature against the

Debtors as a result of the procedures or transactions contemplated by the Motion or this Order; and it is further

ORDERED that the Debtor is authorized to pay certain outstanding invoices relating to flight support activities, as more fully described in the Motion, in the amount of $6,854.38; and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, the Debtor's right, title, and interest in and to the Aircraft shall be sold to Purchaser free and clear of any and all liens, claims, and encumbrances; and it is further

ORDERED that the Purchaser is a good faith purchaser and is granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code and consummation of the Sale Agreement shall not be affected by reversal or modification on any appeal of this Order; and it is further

ORDERED that the Debtor is authorized to perform all obligations under the Sale Agreement and to execute such other documents and take such other actions as may be necessary or appropriate to effectuate the Sale Agreement and the provisions of this Order; and it is further

ORDERED that nothing in this Order or in the Sale Agreement (i) releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statues or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order, or (ii) should be construed to give the Purchaser any more protection against any government unit than it is otherwise entitled to under 11 U.S.C. § 363(f)(1), (3), (4), or (5).  Nothing in this paragraph should be construed to create for any governmental unit any substantive right that does not already exist under law; and it is further

ORDERED that each and every federal, state, and local government agency or

department is directed to accept any and all documents and instruments necessary and appropriate

to consummate the transactions contemplated by this Order; and it is further

ORDERED that any stay imposed by Bankruptcy Rule 6004(h) is hereby waived and

this Order shall be immediately effective and enforceable; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this

Order.


Dated:  New York, New York
        March 25, 2009

            _s/ James M. Peck_____
            UNITED STATES BANKRUPTCY JUDGE