**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                  :
**In re**                                         :   Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :   08-13555 (JMP)
                                                                  :
                              Debtors.            :   (Jointly Administered)
                                                                  :
-----------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER APPROVING
AGREEMENT BETWEEN BNC MORTGAGE LLC
AND TEMPE FOUNTAINHEAD CORPORATE, LLC
<u>REGARDING TRANSFER OF PERSONAL PROPERTY</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

BNC Mortgage LLC ("<u>BNC</u>"), an indirect subsidiary of Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), as debtor and debtor in possession, and Tempe Fountainhead Corporate, LLC[1] (the "<u>Lessor</u>"), hereby enter into this stipulation and agreed order (the "<u>Stipulation, Agreement and Order</u>") and agree, as follows:

**RECITALS**

A.   Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "<u>Debtors</u>") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). On January 9, 2009, BNC commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

---

[1]   Tempe Fountainhead Corporate, LLC is a successor to Amberjack Ltd., the original lessor.

The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

  B. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

  C. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

  D. BNC leased certain nonresidential real property, located at 1501 W. Fountainhead Pkwy in Tempe, Arizona (the "Fountainhead Property"), from Lessor pursuant to a lease dated September 15, 2003 (the "Lease"). Under the terms of the Lease, BNC agreed to pay $19,201 per month, through August 7, 2011, to Lessor in exchange for the use of the Fountainhead Property. BNC furnished the Fountainhead Property with certain fixtures, furniture, and other office equipment (the "FF&E"). BNC estimates that the FF&E is currently worth approximately $6,000.

  E. On February 4, 2009, BNC filed a motion (the "Motion") [Docket No. 2730], pursuant to sections 363(b), 365(a), and 554(a) of the Bankruptcy Code and Rules 6004, 6006, and 9014 of the Bankruptcy Rules, for authorization to (i) reject certain leases and subleases of nonresidential real property and (ii) sell or abandon certain *de minimis* assets.

  F. The Court granted the Motion by order dated February 24, 2009 (the "Rejection Order") [Docket No. 2914]. The Rejection Order authorized BNC's

rejection of the Lease and the sale or abandonment of the FF&E located at the Fountainhead Property without further authorization of the Court.

G. The Rejection Order provides that the Lease is deemed rejected on the earlier of (i) the date BNC relinquished possession of the Fountainhead Property or (ii) February, 24, 2009, the date the Court entered the Rejection Order.

H. BNC has not paid any rent since the commencement of its chapter 11 case. BNC estimates that the post-petition rent payable to the Lessor is approximately $21,000. BNC relinquished possession of the Fountainhead Property to the Lessor by letter dated February 11, 2009, but did not remove the FF&E from the premises.

I. BNC and the Lessor have agreed, subject to approval of this Court, that the Lessor will waive any and all post-petition claims arising under the Lease from the commencement of BNC's chapter 11 case on January 9, 2009 through the date of rejection of the Lease on February 11, 2009, in exchange for the FF&E located at the Fountainhead Property.

**Agreement and Order**

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED by and between the Debtors and the Lessor, through their undersigned counsel, that:

1. The Lessor agrees to waive any and all post-petition administrative claims against BNC arising under the Lease in exchange for the FF&E located at the Fountainhead Property.

2. The limited relief set forth herein shall not be construed as an admission of liability by LBHI of any pre- or post-petition claim or cause of action arising from or in relation to the Lease.

3. Upon entry of this Stipulation, Agreement and Order, Lessor hereby forever waives and releases any and all post-petition administrative claims, liabilities, causes of action, demands, and damages of whatever kind or nature and whether known or unknown against BNC arising after the commencement of BNC's chapter 11 case from or in relation to the Lease.

4. BNC and the Lessor agree that this Court shall be the exclusive forum with respect to any disputes or controversies relating to or arising under this Stipulation, Agreement and Order.

5. If this Stipulation, Agreement and Order is not approved by the Bankruptcy Court, it shall be deemed null and void and shall not be referred to or used for any purpose by any of the parties hereto or any of the other parties in BNC's chapter 11 case.

6. This Stipulation, Agreement and Order can only be amended or otherwise modified by a signed writing executed by the parties.

7. The person who executes this Stipulation, Agreement and Order by or on behalf of each respective party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such party.

8. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall

constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the parties here to be charged.

9. This Stipulation, Agreement and Order shall inure to the benefit of the parties hereto and their respective successors and assigns.

10. This Stipulation, Agreement and Order shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

Dated: March 6, 2009
New York, New York

| WEIL GOTSHAL & MANGES, LLP | FENNEMORE CRAIG, P.C. |
|---|---|
| /s/ Jacqueline Marcus | /s/Nicholas B. Hoskins |
| Jacqueline Marcus | Nicholas B. Hoskins |
| 767 Fifth Avenue | 3003 North Central Avenue |
| New York, New York 10153 | Suite 2600 |
| Telephone: (212) 310-8000 | Phoenix, AZ 85012-2913 |
| Facsimile: (212) 310-8007 | Telephone: (602) 916-5419 |
|  | Facsimile: (602) 916-5619 |
| Attorneys for Debtors and Debtors in Possession | Attorneys for Tempe Fountainhead Corporate, LLC |

**SO ORDERED:**

Dated: New York, New York
       March 26, 2009

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE

5