UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In Re                                            08-13555(JMP)
Lehman Brothers Holdings, Inc.

        Debtor
----------------------------------------------------------X

In Re                                            08-13555(JMP)
BNC Mortgage LLC

        Debtor
----------------------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO LIFT AUTOMATIC STAY OF A PENDING ACTION IN THE SUPREME COURT OF THE STATE OF NEW YORK, KINGS COUNTY**


FURMAN KORNFELD & BRENNAN LLP
Attorneys for Defendant
DANIEL CHAN
545 Fifth Avenue, 4th Floor
New York, New York 10017
Telephone No.: (212) 867-4100
Facsimile No.: (212) 867-4118
FKB File No.: 302.011


Of Counsel:

    Andrew S. Kowlowitz, Esq.
    A. Michael Furman, Esq.

## PRELIMINARY STATEMENT

Daniel Chan, Esq. ("Attorney Chan") is one of the multiple named defendants in an action currently pending in Kings County Supreme Court bearing index number 41418/07, under caption "Howard W. Tomlinson v. Cherry Ann Degannes, David Dodson, Encore Capital Services, Inc., Jeffery Lacy, Avenue Mortgages, Inc., BNC Mortgage, Inc. and Daniel Chan, Esq." ("State Court Action.") This opposition is submitted in response to Howard W. Tomlinson's ("Tomlinson") motion seeking an Order lifting the automatic stay on the State Court action by virtue of Section 362(a) of the Bankruptcy Code due to the filing of a voluntary petition seeking bankruptcy protection under Chapter 11 of the Bankruptcy Code by BNC Mortgage, LLC, a subsidiary of Lehman Brothers.

## STATEMENT OF FACTS

According to Tomlinson's Second Amended Verified Complaint dated October 1, 2008 ("Plaintiff's Complaint") prior to November 7, 2006, Tomlinson was the sole owner of a two family house located at 694 Crown Street, Brooklyn, New York 11213 ("the Premises"). See Plaintiff's Complaint Annexed as Exhibit A to Affirmation of Andrew S. Kowlowitz, Esq., dated March 13, 2009 ("Kowlowitz Aff.,") ¶9. Sometime in October 2006, he met with David Dodson ("Dodson") of Encore Capital Services, Inc., ("Encore") seeking to refinance his then-existing mortgage. See Exh. A at Kowlowitz Aff., ¶11.

According to Tomlinson's Complaint, Dodson apparently held himself out as a *bona fide* New York mortgage broker. See Exh. A at Kowlowitz Aff., ¶¶ 12-14. Dodson allegedly told Tomlinson that he was unable to refinance his home due to his "poor" credit rating and referred him to Jeffery Lacy ("Lacy") of Avenue Mortgage Inc. ("Avenue Mortgage"). See Exh. A at Kowlowitz Aff., ¶17. Lacy allegedly advised Tomlinson that his credit rating was "poor" and that Avenue Mortgage could not assist with refinancing, but recommended that he sell the

2

property to a "straw-man" buyer (Defendant Cherry Ann Degannes) who could obtain a new mortgage and enter into a one-year lease and buy-back agreement with Tomlinson. See Exh. A at Kowlowitz Aff., ¶¶19-21.

The Closing at issue in this matter was held on November 7, 2006. Attorney Chan appeared at the closing as the counsel for BNC Mortgage, Inc. (now known as "BNC Mortgage, LLC" and referred to hereinafter as "BNC") and followed BNC's closing instructions. Both Tomlinson, the seller, and Cherry-Ann Degannes ("Degannes"), the purchaser of the premises, attended the closing without counsel, and both executed an Acknowledgment which stated "We have been advised that Daniel Chan, Esq., is acting as the attorney for the Lender in connection with this transaction and does not represent either the Seller or the Purchaser." See Exh. B at Kowlowitz Aff. [emphasis added]

According to the Plaintiff's Complaint, during the closing, plaintiff executed a lease with purchase option. See Exh. A at Kowlowitz Aff., ¶¶28-29. On or about October 2, 2007 "A Notice of Default and a Right to Cure" was allegedly served on Degannes due to her alleged failure to make her mortgage loan payments on the premises. See Exh. A at Kowlowitz Aff., ¶30.

On November 8, 2007, Tomlinson commenced the State Court action, but did not name Attorney Chan as a party. See Exh. C at Kowlowitz Aff. After the Court denied its motion to dismiss, BNC interposed an Answer and a Third-Party Complaint naming Attorney Chan as the third-party defendant. See Exh. D at Kowlowitz Aff. Attorney Chan appeared and interposed an Answer. See Exh. E at Kowlowitz Aff. Thereafter, Tomlinson served a Second Amended Complaint naming Attorney Chan (with whom he has no attorney-client relationship) as a co-defendant. See Exh. F at Kowlowitz Aff.

Pursuant to a Preliminary Conference Order, the deposition of Tomlinson was held on December 22, 2008. Shortly following Tomlinson's deposition and several days before BNC's scheduled deposition BNC filed the instant bankruptcy petition.

## ARGUMENT

## TOMLINSON'S MOTION TO LIFT AUTOMATIC STAY MUST BE DENIED IN ITS ENTIRETY

Section 362 of the Bankruptcy Code provides that a bankruptcy petition "operates as a stay, applicable to all entities," of the commencement or continuation of judicial proceedings against the debtor. See 11 U.S.C. § 362(a)(1). Through the "automatic stay" found in section 362(a) of the Bankruptcy Code, Congress has provided essential protections to debtors and creditors by centralizing all disputes. Shugrue v. Air Line Pilots Ass'n Int. (In re Ionosphere Clubs, Inc.) 922 F.2d 984, 989 (2d Cir.1990); In re WorldCom, Inc. 325 B.R. 511, 44 Bankr.Ct.Dec. 214 (S.D.N.Y. 2005.) Subsection (d) of section 362, provides as follows, however:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section...
>
> (3) with respect to a stay of an act against single asset real estate under subsection (a)....

4

Because the instant application by Tomlinson concerns a stay of a judicial proceeding, only Section 362(d)(1) is applicable.

The burden of proof on a motion to lift or modify the automatic stay is a shifting one and requires an initial showing of cause by the movant. In re Sonnax Industries, Inc., 907 F.2d 1280, 23 Collier Bankr.Cas.2d 132. If the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection. *Id.*

The Bankruptcy Courts have recognized twelve factors to consider in determining whether the automatic stay should be lifted to permit litigation to continue to completion in another tribunal. These are: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms. In re Curtis, 40 B.R. 795 (Bankrt. D. Utah 1984). Although these factors provide guidance, as one might anticipate from the unstructured nature of the issue, existing case law indicates that the "decision of whether to lift the stay [is committed] to the discretion of the bankruptcy judge." Hotlkamp

5

v. Littlefield (In re Holtkamp), 669 F.2d 505, 507 (7th Cir.1982). In the matter at hand, Tomlinson has not established cause and is not entitled to a lift of the stay.

Although the movant does not have to establish that every one of the above referenced factors liens in his favor, the movant does have to establish cause, which the movant has not done in the instant matter.

In the case at hand, if the stay is lifted and matter proceeds to a final resolution in the Supreme Court matter, only partial relief would be afforded to the parties therein. Attorney Chan served as the bank attorney on behalf of BNC and followed BNC's closing instructions in settling the underlying transaction. In the event liability is assessed against the defendants, Attorney Chan may be entitled to indemnification against BNC. The instant proceeding will affect Chan's ability to assert any potential claim for indemnification against BNC and will affect BNC's ability to satisfy any potential judgment. As such, the mandatory abstention pursuant to 28 U.S.C. §1334(c)(2) does not apply because the Supreme Court lawsuit and the claims and potential cross-claims in this matter are directly related to the bankruptcy matter. Moreover, in the interest of judicial economy, the stay on the State Court action should not be lifted as the relief provided in that action will only allow for partial relief.

Contrary to Tomlinson's assertion that the State Court action is well progressed, Tomlinson has served his Second Verified Complaint less than six (6) months ago, and discovery in this action has barely progressed. See Exh. D at Kowlowitz Aff. To date Tomlinson is the only party to be deposed in this matter. As such, the parties are nowhere near to being "trial ready" in the State Court action, and the parties will not be harmed by a stay in the State Court action. As such, temporary staying this matter would not result in prejudice to Tomlinson or any of the defendants in the State Court action.

## CONCLUSION

For the reasons states above Attorney Chan respectfully requests this Court deny Tomlinson's motion to lift the stay in the Supreme Court matter, and grant Attorney Chan such other and further relief as this Court deems just and proper.

Dated: New York, New York
March 13, 2009

Yours, etc.,

FURMAN KORNFELD & BRENNAN LLP

_____
Andrew S. Kowlowitz, Esq.
A. Michael Furman, Esq.
Attorneys for Defendant
DANIEL CHAN
545 Fifth Avenue, 4th Floor
New York, New York 10017
Telephone No.: (212) 867-4100
FKB File No.: 302.011

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing: **MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO LIFT AUTOMATIC STAY OF A PENDING ACTION IN THE SUPREME COURT OF THE STATE OF NEW YORK, KINGS COUNTY, AND AFFIRMATION IN OPPOSITION TO MOTION TO LIFT STAY** was served via regular mail on the 20th day of March, 2009 upon:

Hofheimer, Gartlir & Gross
Attorney for BNC Mortgage, Inc.,
530 Fifth Avenue
New York, New York 10036

Anthony T. Ballato, Esq.
Attorney for Defendant
Cherry Ann Degannes
5476 Merrick Road
Massapequa, New York 11758

Sills, Cummis & Gross
Attorney for BNC Mortgage, Inc.,
One Rockefeller Plaza
New York, New York 10112

Weil, Gotshal & Manges
Attorney for BNC Mortgage, Inc.,
767 Fifth Avenue
New York, New York 10153

Milbank, Tweed, Hadley & McCloy
Appointed Agent for Committee of Unsecured Creditors
1 Chase Manhattan Plaza
New York, New York 10005

Cone & Kilbourn
Attorneys for Plaintiff
83 South Bedford Road
Mount Kisco, New York 10549

_____
ANDREW S. KOWLOWITZ

{00004990;1 }