**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                        :

In re                                  :        **Chapter 11 Case No.**
                                          :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :        **08-13555 (JMP)**
                                          :

                    **Debtors.**        :        **(Jointly Administered)**
                                          :
                                          :
-------------------------------------------------------------------x

**ORDER PURSUANT TO RULE 9019 OF**
**THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**AUTHORIZING AND APPROVING A SETTLEMENT BETWEEN**
**LEHMAN COMMERCIAL PAPER INC. AND PYRRHULOXIA LP**

Upon the motion, dated March 5, 2009 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc. ("LCPI"), as

debtors and debtors-in-possession (together, the "Debtors"), for an order, pursuant to Rule 9019

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and

approving a compromise and settlement on the terms set forth in a letter agreement dated March

3, 2009 between LCPI and Pyrrhuloxia LP ("Pyrrhuloxia") (the "Settlement Agreement"), a copy

of which is annexed hereto as Exhibit A, all as more fully set forth in the Motion; and the Court

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.

§§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the

District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided, and it appearing that

no other or further notice need be provided; and the Court having reviewed the Motion; and

approval of the Settlement Agreement being within the sound discretion of the Court; and the

relief requested in the Motion and the Settlement Agreement being fair and equitable, in the best

interests of the Debtors' estates, and above the lowest point in the range of reasonableness; and

after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement Agreement is

approved; and it is further

ORDERED that the Debtors are authorized to execute, deliver, implement and

fully perform any and all obligations, instruments, documents and papers and to take any and all

actions reasonably necessary or appropriate to consummate the Settlement Agreement and

perform any and all obligations contemplated therein; and it is further

ORDERED that the Bankruptcy Court retains jurisdiction to enforce the

Settlement Agreement and any disputes arising thereunder.


Dated:  New York, New York
        March 31, 2009


                    _s/ James M. Peck_____
                    UNITED STATES BANKRUPTCY JUDE

# **EXHIBIT A**

## **(Redacted Settlement Agreement)**

CONFIDENTIAL SUBJECT TO FRE 408

Lehman Commercial Paper Inc.
1271 Avenue of the Americas
New York, New York 10020

March 3, 2009

Pyrrhuloxia, LP
2100 McKinney, Suite 1770
Dallas, Texas 75201

> **Re:** **Lehman Brothers Holdings Inc. –Motion of the**
> **Debtors for an Order Pursuant to Section 365 of**
> **the Bankruptcy Code Approving the Assumption**
> **or Rejection of Open Trade Confirmations**
> **[Docket 1541]  (the "Motion")**

Ladies and Gentlemen:

Reference is made to the above-referenced Motion.  In the Motion, Lehman Commercial Paper Inc. ("LCPI") proposed to assume fifteen open trade confirmations (the "Trades") with Pyrrhuloxia, LP ("Pyrrhuloxia").

In a Limited Joinder, dated December 10, 2008, Pyrrhuloxia objected to LCPI's proposed treatment of the Trades (the "Objection").  By order dated December 16, 2008 the "December 16 Order"), the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") overruled the Objection.  By notice of appeal, dated December 23, 2008, Pyrrhuloxia appealed the December 16 Order (the "Appeal") to the United States District Court for the Southern District of New York (the "District Court").

In order to resolve the Objection and the Appeal, LCPI and Pyrrhuloxia have agreed, as follows:

Pyrrhuloxia LP
March 3, 2009
Page 2

1.  LCPI will assume the following sales of Hawaiian Telcom
    Communications, Inc. Senior Secured Term Loan and Revolver
    ("Hawaiian Telcom Debt") to Pyrrhuloxia, at the reduced prices set forth
    with respect to each Trade set forth below:

    o   Trade dated [REDACTED] at [REDACTED]
    o   Trade dated [REDACTED] at [REDACTED]
    o   Trade dated [REDACTED] at [REDACTED]
    o   Trade dated [REDACTED] at [REDACTED]
    o   Trade dated [REDACTED] at [REDACTED]
    o   Trade dated [REDACTED] at [REDACTED]
    o   Trade dated [REDACTED] at [REDACTED]
    o   Trade dated [REDACTED] at [REDACTED]
    o   Trade dated [REDACTED] at [REDACTED]
    o   Trade dated [REDACTED] at [REDACTED]
    o   Trade dated [REDACTED] at [REDACTED]
    o   Trade dated [REDACTED] at [REDACTED]
    o   Trade dated [REDACTED] at [REDACTED]
    o   Trade dated [REDACTED] at [REDACTED]
    o   Trade dated [REDACTED] at [REDACTED]

    Based upon the reduced prices set forth above, Pyrrhuloxia agrees to settle
    the Trades and to forego any further objection with respect to the Trades.

2.  Pyrrhuloxia will waive any and all claims against LCPI relating to the
    Trades, and will forego any other setoff, recoupment, or counterclaims
    relating to the Trades, with the exception of claims that may arise
    hereunder or under the documents executed in connection with closing of
    the Trades.  LCPI will waive any and all claims against Pyrrhuloxia
    relating to the Trades, and will forego any other setoff, recoupment, or
    counterclaims relating to the Trades, with the exception of claims that may
    arise hereunder or under the documents executed in connection with
    closing of the Trades.

3.  LCPI and Pyrrhuloxia agree that, except for the reduction in purchase
    price set forth in paragraph 1, the Trades will settle in accordance with the
    LSTA Standard Terms and Conditions for Distressed Confirmations,
    including adjustments to pricing set forth therein.

Pyrrhuloxia LP
March 3, 2009
Page 3

4.  Within five (5) days of execution of this letter agreement by LCPI and
    Pyrrhuloxia, LCPI shall file with the Bankruptcy Court a motion under
    Bankruptcy Rule 9019 (the "Rule 9019 Motion"), in form and substance
    reasonably satisfactory to Pyrrhuloxia, for authorization to compromise
    and settle the Objection and the Appeal on the terms provided herein.

5.  This letter agreement shall be of no force or effect, and the parties shall
    have no obligations hereunder, other than the obligation to file the Rule
    9019 Motion, unless and until the terms hereof are approved by the
    Bankruptcy Court (the "Approval Order").

6.  Pending entry of the Approval Order, or denial of the Rule 9019 Motion,
    LCPI stipulates to a further extension of time for Pyrrhuloxia to file its
    appellate brief with the District Court.  In the event that the Rule 9019
    Motion is denied, LCPI stipulates that Pyrrhuloxia shall have ten (10) days
    from the date of entry of an order denying the Rule 9019 Motion to file its
    appellate brief with the District Court, and Pyrrhuloxia stipulates that
    LCPI shall have five (5) weeks from the date of the filing of Pyrrhuloxia's
    brief to file LCPI's appellate brief with the District Court.

7.  Within five (5) days of the date that the Approval Order becomes a final
    order, Pyrrhuloxia shall file with the District Court a Stipulation of
    Dismissal with Prejudice that provides for the voluntary dismissal of the
    Appeal in accordance with Bankruptcy Rule 8001(c) (the "Stipulation of
    Dismissal"), which shall be in form and substance reasonably acceptable
    to LCPI and which shall provide for the payment of any court costs
    associated with the Appeal by Pyrrhuloxia (though not any costs or
    expenses of any party to the Appeal).

8.  LCPI and Pyrrhuloxia shall use commercially reasonable efforts to settle
    all of the Trades by the date that is fourteen (14) days after approval by the
    District Court of the Stipulation of Dismissal.

9.  The Bankruptcy Court shall retain jurisdiction to determine any dispute
    between the parties with respect to the assumption of the Trades and the
    terms hereof.

10. The undersigned signatory on behalf of Pyrrhuloxia confirms that he or
    she is authorized to enter into this letter agreement on behalf of

Pyrrhuloxia LP
March 3, 2009
Page 4

Pyrrhuloxia.  The undersigned signatory on behalf of LCPI confirms that, subject to the entry of the Approval Order, she is authorized to enter into this letter agreement on behalf of LCPI.

11. The terms of this letter agreement may not be disclosed by LCPI or Pyrrhuloxia to anyone other than (i) the professionals retained by the Creditors' Committee in LCPI's chapter 11 case, (ii) the professionals, employees and agents retained or employed by LCPI and Pyrrhuloxia, or (iv) such persons as may be agreed by the parties hereto.  LCPI and Pyrrhuloxia agree that, notwithstanding the foregoing, a redacted copy of this letter agreement may be filed with the Bankruptcy Court in connection with the Rule 9019 Motion.

Pyrrhuloxia LP
March 3, 2009
Page 5

Please confirm your agreement to the foregoing terms in the space provided below.

Sincerely,

LEHMAN COMMERCIAL PAPER INC.

By:
Title:

SALLY M. NANGOZ
AUTHORIZED SIGNATORY

ACCEPTED AND AGREED TO:

PYRRHULOXIA, LP

By:
Title: Chief Operating Officer
of CPMG, Inc., its general partner

NY2:\1970240\05\1688W05!.DOC\58399.0003