**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                              :

In re                                   :       **Chapter 11 Case No.**

                                             :

**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :       **08-13555 (JMP)**

                                             :

                         **Debtors.**       :       **(Jointly Administered)**

                                             :

                                             :
------------------------------------------------------------------x

**ORDER PURSUANT TO RULE 9019 OF**
**THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**AUTHORIZING AND APPROVING A SETTLEMENT AMONG**
**LEHMAN COMMERCIAL PAPER INC. AND SIXTH GEAR, ET AL.**

Upon the motion, dated March 10, 2009 (the "Motion"), of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper

Inc. ("LCPI"), as debtors and debtors-in-possession (together, the "Debtors"), for an

order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), authorizing and approving a compromise and settlement on the

terms set forth in a Settlement Agreement, dated March 6, 2009 among LCPI, LB I

Group, Inc., Sixth Gear Funding Trust, Sixth Gear Solutions Corp., Sixth Gear Inc. and

Warburg Pincus Private Equity IX, L.P. (the "Settlement Agreement"), a copy of which

is annexed hereto as Exhibit A, all as more fully set forth in the Motion; and the Court

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court

Judges of the District Court for the Southern District of New York, dated July 19, 1984

(Ward, Acting C.J.); and consideration of the Motion and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

Motion having been provided, and it appearing that no other or further notice need be

provided; and the Court having reviewed the Motion; and approval of the Settlement

Agreement being within the sound discretion of the Court; and the relief requested in the

Motion and the Settlement Agreement being fair and equitable, in the best interests of the

Debtors' estates, and above the lowest point in the range of reasonableness; and after due

deliberation and sufficient cause appearing therefor, it is

       ORDERED that the Motion is granted; and it is further

       ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement

Agreement is approved; and it is further

       ORDERED that the Debtors are authorized to execute, deliver, implement

and fully perform any and all obligations, instruments, documents and papers and to take

any and all actions reasonably necessary or appropriate to consummate the Settlement

Agreement and perform any and all obligations contemplated therein; and it is further

       ORDERED that the Bankruptcy Court retains jurisdiction to enforce the

Settlement Agreement and any disputes arising thereunder.


Dated:  New York, New York
       March 31, 2009

              *s/ James M. Peck*
              UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

**Settlement Agreement**

**EXECUTION COPY**

## SETTLEMENT AGREEMENT

This settlement agreement ("Agreement") is entered into on this 6th day of March, 2009,

among Lehman Commercial Paper, Inc. ("LCPI") as debtor and debtor in possession (the

"Debtor"), LB I Group Inc. ("LB I"), Sixth Gear Funding Trust, Sixth Gear Solutions

Corp. and Sixth Gear Inc. (together, "Sixth Gear") and Warburg Pincus Private Equity

IX, L.P. ("Warburg Pincus").

## RECITALS

A.      On October 5, 2008, LCPI commenced a voluntary case under chapter 11

of title 11 of the United States Code (the "Bankruptcy Code") in the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

B.      LCPI, Sixth Gear Funding Trust, and Sixth Gear Solutions Corp. are

parties to that Amended and Restated Master Repurchase Agreement dated as of May 9,

2008 (the "MRPA"), pursuant to which LCPI, as Administrative Agent and Committed

Purchaser, committed to purchase, upon the satisfaction of certain conditions precedent

and on other terms as set forth in the MRPA, receivables of up to $750,000,000.  Fiserv

Automotive Solutions Inc. ("Fiserv") is Custodian of the receivables attributable to the

auto finance loans made possible by the MRPA (the "Receivables").  Capitalized terms

not otherwise defined herein have the meanings assigned to them in the MRPA.

C.      LB I, Warburg Pincus, and Sixth Gear Inc. (among others) are parties to:

(a) that Subscription Agreement dated as of April 2, 2007 (the "Subscription

Agreement"); (b) that Stockholders Agreement dated as of April 12, 2007 (the

"Stockholders Agreement") and (c) that Registration Rights Agreement, dated as of April 12, 2007 (the "Registration Rights Agreement").

D.       Non-debtor LB I holds a 29.347% preferred equity interest in Sixth Gear Inc., Warburg Pincus holds a 68.476% preferred equity interest in Sixth Gear Inc., Norman Buchan holds a 1.173% preferred equity interest in Sixth Gear Inc., and Michael Barrington holds a 1.005% preferred equity interest in Sixth Gear Inc.

E.       Pursuant to the MRPA, LCPI advanced an aggregate of $26,286,974.11 to Sixth Gear in exchange for a pledge of Receivables bearing a face amount, as of March 2, 2009, of $24,850,024.05.  In addition, Sixth Gear funded Receivables through contributions of equity from its shareholders in the amount of $3,555,572.55  as of March 2, 2009.  The Receivables outstanding as of the date hereof, whether funded through LCPI or equity contributions, are referred to herein as the "Outstanding Receivables".

F.       Sixth Gear has alleged that, beginning on September 15, 2008 and on three occasions thereafter, LCPI failed to make funds available to Sixth Gear to purchase additional Receivables under the MRPA, equaling $3,572,258.06 in the aggregate.

G.       Following LCPI's failure to fund, but prior to LCPI's filing of its petition for relief under the Bankruptcy Code, Sixth Gear caused the Receivables that had been pledged to LCPI to be re-designated as owned by Sixth Gear and caused the cash representing collected funds that had been deposited into the MRPA's designated collection account to be moved into an account(s) under Sixth Gear's control; Sixth Gear continues to hold in separate accounts (the "Separate Accounts") all collected funds (the "Collections") (after allowing for Custodial and Servicing Fees and certain other excess income) in respect of the Outstanding Receivables.

- 2 -

H.      On October 27, 2008, Sixth Gear filed a Motion to Set Prompt Date for Assumption or Rejection of the Debtor's Amended and Restated Master Repurchase Agreement with Sixth Gear (the "Motion," Docket No. 1221), in which Sixth Gear contended, *inter alia*, that as a result of LCPI's failure to purchase the requested amount of Receivables, Sixth Gear suffered considerable damages necessitating the wind down of Sixth Gear.

I.      On November 17, 2008, LCPI responded to the Motion by announcing its intention to reject the MRPA and contending, *inter alia*, that Sixth Gear's actions with respect to the Collections violated the MRPA and violated the automatic stay provided for under Section 362 of the Bankruptcy Code.

J.      On November 21, 2008, the Bankruptcy Court entered an order confirming LCPI's rejection of the MRPA, permitting Sixth Gear to file a proof of claim against LCPI, and reserving the parties' rights, defenses, and obligations under the MRPA.

K.      In an effort to consensually resolve the claims of Sixth Gear and LCPI, and of LB I and Warburg Pincus as shareholders of Sixth Gear Inc., and to avoid protracted and uncertain litigation, the parties have agreed it is in their best interests to enter into this Agreement upon the terms and conditions herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY AGREED, BY AND BETWEEN LCPI AND LB I, ON THE ONE HAND, AND SIXTH GEAR AND WARBURG PINCUS, ON THE OTHER HAND:**

- 3 -

1.        WIND DOWN OF SIXTH GEAR. Warburg Pincus and LB I, as majority preferred shareholders of Sixth Gear Inc., agree it is necessary to wind down Sixth Gear Inc. and its subsidiaries as promptly as possible, and agree to take all reasonable and necessary steps to permit Sixth Gear Inc. and its subsidiaries to wind down as promptly as possible.  LB I agrees that, to the extent its consent shall be required in the future in connection with the wind down of Sixth Gear Inc. and its subsidiaries, it shall provide such consent, and execute such further documentation as is reasonably required, in its capacity as a preferred shareholder of Sixth Gear Inc., to effectuate and consummate such wind down.  For the avoidance of doubt, and without waiver by any party of any argument whether such approval is required or has previously been provided by LB I, the agreement reflected in this paragraph 1 is intended to memorialize the approval, effective as of November 3, 2008, by LB I, in its capacity as a preferred shareholder of Sixth Gear Inc., of the winding down of Sixth Gear Inc. and its subsidiaries, assuming such approval is required by section 2(e)(ii) of the Stockholders Agreement.

2.        DISTRIBUTION OF CASH ON HAND.  All cash and other assets of Sixth Gear exclusive of the Outstanding Receivables and all the Collections on the Outstanding Receivables received after the date hereof which are to be distributed in accordance with paragraph 4 below (as so excluded, the "Cash on Hand"), shall be first utilized to pay the obligations of Sixth Gear related to tax, administrative or such other liabilities as determined by Sixth Gear Inc.'s Board of Directors with the consent of LB I, not to be unreasonably withheld (as so determined, the "Obligations"); provided, however, that the foregoing consent of LB I shall only be required for the payment of any single Obligation in excess of $25,000 or of any one or more Obligation(s) to any single

- 4 -

person or entity (or affiliated entities) which, when aggregated with all other payments (whether made since the date hereof or reasonably expected to occur) to such person or entity, would exceed $25,000.  Any excess Cash on Hand after reserve or payment of the Obligations shall be apportioned as according to the preferred equity ownership in Sixth Gear Inc. (*i.e.*, as described in Recital D, above) and shall be distributed to such preferred holders to such accounts as may be designated by such preferred shareholders from time to time.  For the avoidance of doubt, such Cash on Hand available for distribution to Sixth Gear Inc.'s shareholders after payment of the Obligations shall include all cash or other assets on Sixth Gear Inc.'s balance sheet (excluding the Outstanding Receivables and the Collections on the Outstanding Receivables received after the date hereof, as discussed in paragraph 4 below), all cash in the Separate Accounts (including all Collections on the Outstanding Receivables through the date hereof) and any cash being held in escrow or separate accounts.  Nothing in this paragraph 2 is intended to or shall prohibit Sixth Gear, in its sole discretion, from making interim distributions to Sixth Gear's shareholders prior to the resolution of all of the Obligations.

3.      TERMINATION OF MRPA.  By order of the Bankruptcy Court entered on November 21, 2008, the MRPA has been rejected.  LCPI shall have no obligation to make any further advances pursuant to the MRPA and Sixth Gear shall have no liability or obligation to repay any amounts attributable to the MRPA.  Sixth Gear hereby waives any damages claim arising from rejection of the MRPA.

4.      DISTRIBUTION OF COLLECTIONS.  In settlement of any disputes under the MRPA, Sixth Gear and LCPI agree that Collections received after the date hereof (after payment of Custodial Fees, Servicing Fees, and other expenses for which

- 5 -

the Custodian or any other servicer are to be reimbursed pursuant to the Custodial

Agreement and the applicable servicing agreement, respectively, unless otherwise

determined by LCPI with the consent of Sixth Gear Inc.) on the Outstanding Receivables

shall be divided 50% to LCPI (the "LCPI Share") and 50% to Sixth Gear (the "Sixth Gear

Share"), provided, however, that LB I hereby irrevocably waives any interest as a

preferred shareholder in the Sixth Gear Share, which shall be reallocated pro-rata among

Sixth Gear Inc.'s remaining preferred shareholders (according to their preferred share

holdings in Sixth Gear Inc., calculated without inclusion of LB I's preferred shares);

provided, further, that each of Sixth Gear Inc. and Warburg Pincus hereby irrevocably

waive any interest which any of them may have in the LCPI Share, including any portion

of the Outstanding Receivables which have been funded through equity contributions and

agrees that no portion of the LCPI Share shall be subject to any re-assessment or claw-

back for any reason unless expressly provided for under the MRPA.  Amounts collected

in respect of the Outstanding Receivables after the date hereof shall be collected pursuant

to paragraph 6 hereof and thereafter shall be divided in accordance with this paragraph 4.

The LCPI Share and the Sixth Gear Share shall be distributed monthly, in accordance

with the times set forth in the MRPA, to such accounts as LCPI and Sixth Gear Inc. may

designate from time to time.

     5.     BOARD REPRESENTATION.  LB I hereby confirms that its

representatives on Sixth Gear Inc.'s Board of Directors resigned in September 2008 and

acknowledges that it has at no time since those resignations sought representation on

Sixth Gear Inc.'s Board of Directors nor participated in any board action. Each party

hereto hereby agrees that LB I shall remain entitled to representation on Sixth Gear Inc.'s

- 6 -

Board of Directors as provided in the Subscription Agreement and the Stockholders

Agreement.

6.      SERVICING OF RECEIVABLES.  Upon entry of the Final Order (as

defined in paragraph 16 hereof), Sixth Gear shall ensure the direction of the Collections

into the controlled accounts designated under the MRPA and shall no longer permit the

Collections to be deposited in the Separate Accounts.  If LCPI shall request, Sixth Gear

shall open new collection and lockbox accounts as determined by LCPI, on terms

(including control agreements) and with such financial institutions as are satisfactory to

LCPI.  Fiserv shall remain as sub-servicer of the Outstanding Receivables at least until

June 30, 2009, with Michael Boyle employed in the oversight of such servicing during

such time.  Any reasonable and documented expenses and servicing fees due to Fiserv

and Michael Boyle (or their respective replacements) shall be paid pursuant to the terms

of the MRPA unless otherwise determined by LCPI with the consent of Sixth Gear Inc.

(not to be unreasonably withheld).  Prior to June 30, 2009, Sixth Gear Inc. shall secure a

continuing servicing process reasonably satisfactory to LCPI for the Outstanding

Receivables, which may include continuing the outstanding servicing relationship with

Fiserv and Mr. Boyle, transferring the servicing rights to Aurora Loan Servicing, or

transferring the servicing rights and/or the Outstanding Receivables to another third

party, at the discretion of LCPI, with the consent of Sixth Gear Inc. (not to be

unreasonably withheld).  From and after the date hereof, LCPI shall manage all aspects

relating to the servicing of the Outstanding Receivables with (unless otherwise specified

herein) the consent of Sixth Gear Inc., which consent shall not be unreasonably withheld.

For the avoidance of doubt, any direction from LCPI relating to the disbursement of

- 7 -

funds in accordance with this Agreement shall not be deemed to relate to the servicing of

Outstanding Receivables and thus will not require the consent of Sixth Gear.  Control

agreements, servicing agreements and the like in furtherance of this paragraph 6 may be

entered into with respect to the Outstanding Receivables as reasonably determined by

LCPI.

       7.    RELEASE AND WAIVER IN FAVOR OF LEHMAN.  Except as to the

performance of the obligations set forth in this Agreement, each of Sixth Gear Inc., Sixth

Gear Funding Trust, Sixth Gear Solutions Corp., Warburg Pincus, for itself, and its

successors and assigns (collectively, the "Sixth Gear Releasing Parties"), hereby

expressly waive and release, unconditionally and irrevocably, any claims, counterclaims,

defenses, rights of setoff, debt, liens, losses, demands, damages, costs and causes of

action of whatever nature, whether asserted or unasserted, known or unknown,

unsecured, secured, priority, administrative or otherwise, that the Sixth Gear Releasing

Parties have (to and including the date of this Agreement) against LCPI and LB I and/or

any of their respective present and former directors, officers, employees, members,

partners, agents, representatives, affiliates, parents, subsidiaries, shareholders,

predecessors and successors in their respective capacity as such (the "Lehman Released

Parties"), arising from or relating to the MRPA or any swap agreements relating to Sixth

Gear with any Lehman Released Party or otherwise in any way connected to the creation,

operations, wind down or liquidation of Sixth Gear, including, without limitation, any

alleged failure to fund any amounts under the MRPA and any claims for rejection

damages with respect to the rejection of the MRPA; provided, however, that the

foregoing release shall not waive, diminish or in any way prejudice any rights of Sixth

- 8 -

Gear with respect to any customer claims under the Securities Investor Protection Act filed by Sixth Gear against Lehman Brothers Inc. (the "Permitted Claims").  Solely to the extent of the release set forth in this Section 7, each of the Lehman Released Parties shall be a third party beneficiary of this Agreement.  Each party hereto agrees that neither LCPI nor LB I shall have any further obligation to fund any amounts to Sixth Gear, whether in connection with this Agreement, the wind down of Sixth Gear or otherwise.

8.      RELEASE AND WAIVER BY LEHMAN.  Except as to the performance of the obligations set forth in this Agreement, each of LCPI and LB I, for itself, its affiliated debtors and debtors in possession, and its successors and assigns (collectively, the "Lehman Releasing Parties"), hereby expressly waive and release, unconditionally and irrevocably, any claims, counterclaims, defenses, rights of setoff, debts, liens, losses, demands, damages, costs and causes of action of whatever nature, whether asserted or unasserted, known or unknown, unsecured, secured, priority, administrative or otherwise, that the Lehman Releasing Parties have (to and including the date of this Agreement) against Sixth Gear Inc., Sixth Gear Funding Trust, Sixth Gear Solutions Corp. and Warburg Pincus and/or any of their respective present and former directors, officers, employees, members, partners, agents, representatives, affiliates, parents, subsidiaries, shareholders, predecessors and successors in their respective capacity as such (the "Sixth Gear Released Parties"), arising from or relating to the MRPA or otherwise in any way connected to the creation, operations, wind down or liquidation of Sixth Gear; it being understood that neither LCPI nor LB I will object to any Permitted Claims.  Solely to the extent of the release set forth in this Section 8, each of the Sixth Gear Released Parties shall be a third party beneficiary of this Agreement.

- 9 -

9.      COSTS AND EXPENSES.  Sixth Gear agrees to pay all reasonable fees, costs and expenses (including costs of counsel) of LCPI and LB I, whether in connection with this Agreement, the termination of the MRPA, the wind down of Sixth Gear, any disputes or claims arising from any transactions with Sixth Gear or otherwise; provided, however, that Sixth Gear shall not be required to pay such fees, costs and expenses in excess of $75,000 on behalf of LCPI and LB I in connection with (i) the documentation, negotiation and efforts to procure approval from the Bankruptcy Court of this Agreement or (ii) the termination of the MRPA.

10.      INDEMNITIES.  Sixth Gear agrees to indemnify and hold harmless LB I and each of the directors, officers, employees, agents, trustees, representatives, attorneys, consultants and advisors of or to LB I (each such person being an "Indemnitee") from and against any and all claims, damages, liabilities, obligations, losses, penalties, actions, judgments, suits, costs, disbursements and expenses, joint or several, of any kind or nature that may be imposed on, incurred by or asserted against any such Indemnitee in connection with or arising out of any investigation, litigation or proceeding (each, a "Proceeding"), whether or not such Proceeding is brought by any such Indemnitee or any of its directors, security holders or creditors or any such Indemnitee, director, security holder or creditor is a party thereto, whether direct, indirect, or consequential and whether based on any federal, state or local law or other statutory regulation, securities or commercial law or regulation, or under common law or in equity, or on contract, tort or otherwise, in any manner relating to or arising out of this Agreement, the Stockholders Agreement, the Subscription Agreement, the Registration Rights Agreement or any other related document, or any act, event or transaction related or attendant to any thereof;

- 10 -

provided, however, that (i) Sixth Gear shall not be liable for the payment of any portion of such claims, damages, liabilities, obligations, losses, penalties, actions, judgments, suits, costs, disbursements and expenses that are found by a final and nonappealable decision of a court of competent jurisdiction to have resulted from any Indemnitee's gross negligence or willful misconduct and (ii) Sixth Gear shall not indemnify the fees, costs and expenses otherwise covered by the proviso of paragraph 9 hereof.  Promptly after receipt by an Indemnitee of notice of the commencement of any Proceeding as to which the Indemnitee may be entitled to indemnification pursuant to this paragraph 10, such Indemnitee shall, if a claim for indemnification is to be made hereunder, notify Sixth Gear in writing of the commencement of the Proceeding; provided, however, that the failure of any Indemnitee to so notify will not relieve Sixth Gear of any obligation or liability that it may have to any Indemnitee hereunder or otherwise, except to the extent it has been materially prejudiced by such failure.  Each Indemnitee shall keep Sixth Gear reasonably informed of the progress of any Proceeding as to which such Indemnitee intends to seek indemnification pursuant to this paragraph 10 and shall defend any such Proceeding in good faith. Sixth Gear shall not be liable for any settlement by an Indemnitee of any Proceeding effected without Sixth Gear's consent (which consent shall not be unreasonably withheld).

11.    OWNERSHIP OF THE LOANS.  The parties hereto acknowledge that Sixth Gear Solutions Corp. is the legal owner of the auto finance loans underlying the Receivables, subject to the terms of this Agreement and that all Collections (whether by payment, repossession or otherwise) received on account of such loans, or through the enforcement thereof, shall be distributed as provided herein.  Notwithstanding such legal

- 11 -

ownership of the loans, LCPI shall remain entitled to all such reports, transaction

statements and access to information with respect to the loans as provided under the

MRPA, the Custodial Agreement and any applicable servicing agreement and shall be

entitled to administer the Receivables as further set forth in paragraph 6.

MISCELLANEOUS.

12.    Nothing contained herein is intended or should be construed as an

admission as to the validity of any claim of or against any party, or as a waiver of the

rights of any party to dispute any claim except as expressly waived herein.

13.    Each party hereto represents that it is duly authorized to execute this

Agreement.

14.    Each party hereto agrees to take all actions, provide all consents, and

execute all documents as are reasonably necessary to effectuate this Agreement and/or

the wind down of Sixth Gear.  For the avoidance of doubt. by executing this agreement,

Warburg Pincus and LB I, in their capacities as shareholders of Sixth Gear Inc., consent

to Sixth Gear Inc.'s entry into the Settlement Agreement and to the actions taken in

furtherance of the Settlement Agreement, including without limitation for purposes of

Delaware General Corporation Law Section 271, to the extent applicable.

15.    This Agreement may be executed in multiple counterparts, each of which

shall be deemed an original but all of which together shall constitute one and the same

instrument.

16.    This Agreement shall become effective only upon entry of a final order,

no longer subject to any appeal, of the Bankruptcy Court approving the Agreement (a

"Final Order").  LCPI covenants that it will seek in good faith to promptly procure the

Final Order.  LCPI and Sixth Gear acknowledge their common interest in procuring the

Final Order and, subject to and consistent with that common interest, LCPI agrees to

provide Sixth Gear with an advance copy of any motion seeking approval of this

Agreement prior to its submission to the Bankruptcy Court and further agrees not to file

any such motion unless its contents shall be reasonably satisfactory to Sixth Gear.  LCPI

further covenants that it will oppose in good faith, any objection made to any motion

seeking approval of this Agreement and that it will provide notice to the other parties

hereto of any such objection sufficiently in advance of the response deadline to permit the

other parties hereto to seek to be heard by the Bankruptcy Court in connection with such

objection.

17.    Except to the extent otherwise set forth in paragraphs 7 and 8, nothing

expressed or referred to in this Agreement is intended to or shall be construed to give any

person or entity other than the signatories hereto any legal or equitable right or claim

under or with respect to this Agreement or any provision of this Agreement.

18.    Any consent requested from any party pursuant to this Agreement shall be

deemed given by such party if such party does not object to such action within ten

business days following receipt of notice of such request, delivered in accordance with

paragraph 22 hereof.  Upon the liquidation or dissolution of Sixth Gear, Sixth Gear may

assign its consent rights under this Agreement to a successor, or if not so assigned, no

further consent of Sixth Gear shall be required under the terms of this Agreement.

19.    In the event of any dispute between the parties as to their respective rights

and obligations under the terms of this Agreement, the parties agree to negotiate in good

faith in an effort to resolve such dispute.  If the parties are unable in good faith to resolve

- 13 -

any such dispute, the parties agree to submit the dispute to arbitration in New York, New

York, such arbitration to be administered by the American Arbitration Association

("AAA") under its commercial arbitration rules.  The arbitration shall be arbitrated by a

single arbitrator, mutually selected by the parties, with the AAA to appoint the arbitrator

in the event that the parties are unable to agree on the selection within thirty (30) days

following the initiation of the arbitration.  Judgment on any award rendered by the

arbitrator may be entered in any court having jurisdiction thereof.

20.    This Agreement shall be governed by and construed in accordance with

the laws of the State of New York applicable to contracts made and to be performed

entirely within such State.

21.    Any waiver, alteration, amendment or modification of this Agreement

shall be valid only if made in writing and signed by the parties to this Agreement that are

affected by such waiver, alteration, amendment or modification.

22.    All communications under this Agreement shall be in writing and shall be

delivered by hand or facsimile or mailed by overnight courier or by registered or certified

mail, postage prepaid, to the appropriate party at the address or facsimile number listed

below (or at such other address or facsimile number as party may have been furnished to

the other parties in writing).  Any notice so addressed shall be deemed to be given: if

delivered by hand or facsimile, on the date of such delivery, if a business day and

delivered during regular business hours, otherwise the first business day thereafter; if

mailed by courier, on the first business day following the date of such mailing; and if

mailed by registered or certified mail, on the third business day after the date of such

mailing:

- 14 -

**If to LCPI or LB I**:

    c/o Lehman Brothers Holdings Inc.
    1271 Avenue of the Americas
    New York, New York 10020
    Fax: 646 758 3071
    Attn: Eric Salzman

    with a copy to (which shall not constitute notice):

        Weil, Gotshal & Manges LLP
        767 Fifth Avenue
        New York, N.Y. 10153
        Fax:  212-310-8007
        Attn:  Jacqueline Marcus

**If to Sixth Gear or to Warburg Pincus**:

    c/o Warburg Pincus Private Equity IX, L.P.
    466 Lexington Avenue
    New York, New York 10017
    Fax: 212 716-5199
    Attn: Dan Zilberman

    with a copy to (which shall not constitute notice):

        Willkie Farr & Gallagher LLP
        787 Seventh Avenue
        New York, N.Y. 10019-6099
        Fax:  212-728-9592
        Attn:  Jeffrey S. Hochman
            Terence McLaughlin

IN WITNESS WHEREOF, this Settlement Agreement has been executed by the parties thereto as of the date first written above.

**LEHMAN COMMERCIAL PAPER, INC.**

By: _____

Name: ~~Jack~~ D. McCarthy

Title: Senior Vice President

**LB I GROUP INC.**

By: _____

Name: Jack D. McCarthy

Title: Senior Vice President

**SIXTH GEAR FUNDING TRUST**

By: _____

Name:

Title:

**SIXTH GEAR SOLUTIONS CORP.**

By: _____

Name:

Title:

**SIXTH GEAR INC.**

By: _____

Name:

Title:

- 16 -

IN WITNESS WHEREOF, this Settlement Agreement has been executed by the parties thereto as of the date first written above.

LEHMAN COMMERCIAL PAPER, INC.

By: _____
Name:
Title:

LB I GROUP INC.

By: _____
Name:
Title:

SIXTH GEAR FUNDING TRUST

By: _____
Name: Christopher J Kearns
Title: CRO

SIXTH GEAR SOLUTIONS CORP.

By: _____
Name: Christopher J Kearns
Title: CRO

SIXTH GEAR INC.

By: _____
Name: Christopher J. Kearns
Title: CRO

- 16 -

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

WARBURG PINCUS PRIVATE EQUITY IX,
L.P.

By: Warburg, Pincus IX LLC, its General
Partner

    By: Warburg, Pincus Partners LLC, its
       Managing Member

        By: Warburg, Pincus & Co., its
           Managing Member

By: _____
    Name: Dan Zilberman
    Title: Principal

- 17 -

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.