**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                        :
In re                                                                   :    Chapter 11 Case No.
                                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                        :
                    Debtors.                                    :    (Jointly Administered)
                                                                        :
                                                                        :
-------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION, PURSUANT TO**
**SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND**
**BANKRUPTCY RULES 9019 AND 6004, FOR AUTHORIZATION TO**
**INVEST CAPITAL AND TO PERFORM CERTAIN RELATED ACTIONS**
**TO SUPPORT THE CAPITAL LEVEL OF LEHMAN BROTHERS BANK**

Upon the motion, dated March 23, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI") and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 9019 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to maintain the capital level of LBHI's indirect wholly owned non-debtor subsidiary, Lehman Brothers Bank, FSB (the "Bank" or "LBB"), through (i) LBHI's entry into an assignment agreement (the "Assignment Agreement") with the Bank's wholly owned subsidiary, Aurora Loan Services, LLC ("Aurora") to transfer certain of LBHI's unencumbered master servicing rights to Aurora, (ii) LBHI's entry into a settlement agreement (the "Settlement Agreement") with the Bank and Aurora, pursuant to which LBHI will convey to and confirm Aurora's ownership of certain funds; (iii) a cash contribution of up

to $15 million (the "Cash Contribution," and together with the Assignment Agreement and the Settlement Agree, the "Capital Contribution"); and (iv) LCPI's termination of certain unfunded loan commitments with General Electric Corporation, among others (the "Loan Commitment Termination"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement Agreement is approved; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBHI is authorized, but not required, (i) to make all or part of the Capital Contribution on or before March 31, 2009 to the extent needed in order for the Bank to meet capital adequacy requirements; (ii) to the extent not made by such date, subsequently to commit to contribute, or to contribute, all or part of the balance of the Capital Contribution to the extent needed in order for the Bank to meet capital adequacy requirements and (iii) even if not needed for such purpose, with the consent of the Creditors' Committee, to contribute or commit to contribute all or part of the balance of the Capital Contribution to support implementation of the Bank's business strategy; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1), LCPI is authorized, but not directed, to execute the Loan Commitment Termination under the terms and conditions set forth in the Motion and to take all other and further actions that may be required or necessary for the performance by LCPI of the Loan Commitment Termination; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and this Order shall be effective immediately upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
March 31, 2009

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE