**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
James J. Thomas (jthomas@windelsmarx.com)
Robert A. Rossi (rrossi@windelsmarx.com)

Ordinary Course Professionals for
Lehman Brothers Holdings, Inc., *et al.*,
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
|  | : | 08-13555 (JMP) |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC., et al, | : | JOINTLY ADMINISTERED |
|  | : |  |
|  | : |  |
| Debtors. | : |  |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## APPLICATION OF
## WINDELS MARX LANE & MITTENDORF, LLP,
## FOR AN AWARD OF COMPENSATION AND
## REIMBURSEMENT OF EXPENSES FOR THE PERIOD
## FEBRUARY 1, 2009 THROUGH FEBRUARY 28, 2009

Monthly Fees Sought for Payment:            $220,181.00
Monthly Expenses Sought for Payment:    $    3,810.11

Total Amount Sought for Payment:         $223,991.11

| Name of Professional | Year Admitted | Hours Engaged During Period | Rate(s) | Total | Fees Charged for Similar Work in Bankruptcy Matter and Percentage Received | | Time Records Submitted |
|---|---|---|---|---|---|---|---|
| **Partner** |  |  |  |  |  |  |  |
| David L. Glanz | 1980 | 27.30 | $495 | $13,513.50 | Same | 100% | Yes |
| Alan Landzberg | 1979 | 0.50 | $490 | $245.00 | Same | 100% | Yes |
| Robert A. Rossi | 1989 | 75.40 | $525 | $39,585.00 | Same | 100% | Yes |
| Edward E. Shea | 1961 | 4.00 | $525 | $2,100.00 | Same | 100% | Yes |

{10499048:1}

| Name of Professional | Year Admitted | Hours Engaged During Period | Rate(s) | Total | Fees Charged for Similar Work in Bankruptcy Matter and Percentage Received | | Time Records Submitted |
|---|---|---|---|---|---|---|---|
| Mark A. Slama | 1987 | 32.10 | $440 | $14,124.00 | Same | 100% | Yes |
| James J. Thomas | 1986 | 7.20 | $700 | $5040.00 | Same | 100% | Yes |
| **Special Counsel** | | | | | | | |
| Thomas A. Banahan | 1980 | 69.50 | $495 | $34,402.50 | Same | 100% | Yes |
| Deborah H. Bindler | 1981 | 2.80 | $425 | $1,190.00 | Same | 100% | Yes |
| John Holden | 1997 | 4.80 | $365 | $1,752.00 | Same | 100% | Yes |
| Clifford H. Stein | 1981 | 5.70 | $450 | $2,565.00 | Same | 100% | Yes |
| **Associate** | | | | | | | |
| Donna F. Alkin | 1994 | 6.80 | $320 | $2,176.00 | Same | 100% | Yes |
| Wayne S. Cook, Jr. | 1999 | 129.50 | $410 | $53,095.00 | Same | 100% | Yes |
| Christopher E. Dean | 2000 | 0.60 | $360 | $216.00 | Same | 100% | Yes |
| Derek Etheridge | 2004 | 15.70 | $315 | $4,945.50 | Same | 100% | Yes |
| Carrie E. Foote | 2002 | 17.00 | $350 | $5,950.00 | Same | 100% | Yes |
| Kim M. Longo | 2002 | 24.00 | $350 | $8,400.00 | Same | 100% | Yes |
| Samuel Mizrahi | 1993 | 18.20 | $365 | $6,643.00 | Same | 100% | Yes |
| Douglas A. Stevinson | 1999 | 0.40 | $340 | $136.00 | Same | 100% | Yes |
| Richard Zoffinger | 2001 | 43.00 | $350 | $15,050.00 | Same | 100% | Yes |
| **Legal Assistants/Law Clerks** | | | | | Same | 100% | Yes |
| Anna Cote | | 2.20 | $235 | $517.00 | Same | 100% | Yes |
| Lana Dubiago | | 4.90 | $170 | $833.00 | Same | 100% | Yes |
| Paul Goldsmith | | 30.50 | $195 | $5,947.50 | Same | 100% | Yes |
| Michael Hudson | | 9.00 | $175 | $1,575.00 | Same | 100% | Yes |
| Joel L. Solomon | | 0.8 | $225 | $180.00 | Same | 100% | Yes |
| Total | | 531.90 | | $220,181.00 | | | |
| Blended hourly rate: | | | $377.92 | | | | |

Time Spent in preparing Fee Application: 25.70 Hours, including review of Fee Application filed in this case for the period January 1, 2009 through January 31, 2009 (the "Previous Period").

Is the time spent in preparing Fee Application included in the total hours described in the Application?  X Yes  __ No

Dollar value of time spent in preparing Fee Application if compensation therefore sought is $9,515.50.

This amount includes fees incurred in connection with preparation of application of Windels Marx Lane & Mittendorf, LLP for the Previous Period.

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
James J. Thomas (jthomas@windelsmarx.com)
Robert A. Rossi (rrossi@windelsmarx.com)

Ordinary Course Professionals for
Lehman Brothers Holdings, Inc., *et al.*,
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                           :
In re:                                                     :        Chapter 11 Case No.
                                                           :        08-13555 (JMP)
                                                           :
LEHMAN BROTHERS HOLDINGS INC., et al,    :        <u>JOINTLY ADMINISTERED</u>
                                                           :
                                                           :
                              Debtors.                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**APPLICATION OF
WINDELS MARX LANE & MITTENDORF, LLP,
FOR AN AWARD OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
<u>FEBRUARY 1, 2009 THROUGH FEBRUARY 28, 2009</u>**

**TO:  HONORABLE JAMES M. PECK,
       UNITED STATES BANKRUPTCY JUDGE**

Windels Marx Lane & Mittendorf, LLP, ("Windels Marx" or "Applicant"), attorneys

authorized to provide legal services as Ordinary Course Professionals to Lehman Brothers

Holdings, Inc., ("LBHI") and its affiliated debtors in the above referenced chapter 11 cases,

(collectively referred to as "Lehman" or the "Debtors"), makes this Application pursuant to

sections 330 and 331 of chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq.

(the "Bankruptcy Code"), and the *Order Pursuant to Sections 105(a), 327, 328, and 330 of the*

*Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business*, dated November 5, 2008 (the "Ordinary Course Professional Order"), for an Award of compensation for professional services rendered to the Debtors (the "Application") in the amount of $220,181.00, incurred during the period February 1, 2009 through February 28, 2009 (the "Period"), and reimbursement of disbursements incurred during the Period in the amount of $3,810.11, for a total award of compensation and reimbursement of disbursements of $223,991.11.

## I.    **INTRODUCTION**

1.    On September 15, 2008 and periodically thereafter (the "Commencement Date"), LBHI and certain of its subsidiaries filed voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    Due to the scope of the Debtors' business, on October 13, 2008, the Debtors' filed a motion (the "Ordinary Course Professional Motion") seeking authorization pursuant to sections 105(a), 327, 328 and 330 of the Bankruptcy Code, to retain, *nunc pro tunc* to the Commencement Date, professionals utilized in the ordinary course of business (the "Ordinary Course Professionals") without the submission of separate retention applications and the issuance of separate retention orders for each individual professional. Windels Marx was designated as an Ordinary Course Professional in "Exhibit C" to the Ordinary Course Professional Motion and Order.

3.    The Ordinary Course Professional Motion was granted by Order dated November

5, 2008 (the "Ordinary Course Professional Order"). The Ordinary Course Professional Order

outlines the procedures that all Ordinary Course Professionals must follow in order to receive

compensation and reimbursement of expenses for services provided to the Debtors. With respect

to any Ordinary Course Professional seeking compensation in excess of $150,000 in any given

month, the Ordinary Course Professional Order provides, in pertinent part,

> "that in the event that an Ordinary Course Professional seeks more
> than $150,000 per month, that professional will be required to file
> a fee application for the full amount of its fees and expenses for
> that month in accordance with sections 330 and 331 of the
> Bankruptcy Code, the [Bankruptcy Rules], the Local Bankruptcy
> Rules for the Southern District of New York, the Fee Guidelines
> promulgated by the US Trustee, and any and all orders of the
> Court..."

A copy of the Ordinary Course Professional Order, with exhibits, is annexed hereto as Exhibit

"A".

4.    This Application is made by Windels Marx for an allowance of fair and

reasonable compensation for professional services rendered by it on behalf of the Debtors during

the Period, consistent with the results achieved, the time, labor and expertise brought to bear on

the problems presented and other related factors and for reimbursement of actual and necessary

out-of-pocket expenses incurred in the rendition of such professional services during the Period.

The amounts sought for compensation for professional services are at the hourly rates

customarily charged by Windels Marx for legal services rendered by the respective professional

or paraprofessional and are reasonable and customary for firms of Windels Marx's size and

expertise in the New York City and Metropolitan areas.

5.    For the convenience of this Court, and in accordance with the Fee Guidelines

adopted by the Office of the United States Trustee, a summary of the total hours worked during

the Period by each professional and paraprofessional for whose services compensation is being

sought, together with a recitation of the hourly billing rate for each person and the total

compensation sought for each person's services in each individual matter, is annexed hereto as

Exhibit "B".

6.    The professional services for which compensation is sought were rendered in the

Ordinary Course of the Debtors business and solely on behalf of the LBHI and its debtor

affiliates.

7.    Windels Marx regularly maintains records of time expended in the rendition of all

professional services and records of costs and expenses incurred on behalf of the Debtors.  These

records were made substantially concurrent with the rendition of the professional services.  All

such records are available for inspection.  (A copy of the time records, in chronological order and

segregated by individual matter, relating to Windels Marx's representation of the Debtors during

the Period, is annexed hereto as Exhibits "C").

## II.    **BACKGROUND**

**A.    The Debtors**

8.    Prior to the events leading up to these chapter 11 cases, Lehman was the fourth

largest investment bank in the United States. For more than 150 years, Lehman has been a leader

in the global financial markets, serving the financial needs of corporations, governmental units,

institutional clients and individuals worldwide.  Its headquarters in New York and regional

headquarters in London and Tokyo are complemented by a network of offices in North America,

Europe, the Middle East, Latin America and the Asia Pacific region.

9.    Additional information regarding the Debtors' businesses, capital structures, and

the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T.

Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**B.**    **Windels Marx**

10.    Windels Marx is a full service law firm with a broad-based general legal practice centering on corporate, banking, litigation, real estate and other major business practice areas.

11.    The Debtors originally retained Windels Marx in 1993 to provide ongoing advice to the company in connection with various real estate transactions. Windels Marx has continued to provide these services to the Debtors up to and through the Commencement Date.

## SERVICES RENDERED BY WINDELS MARX, DURING THE INTERIM PERIOD

12.    Windels Marx has opened a file bearing a separate client number for the Debtors. The Debtors' client number is 303694. All time and disbursements are billed to independent matters within the general client number. The following is a summary description of the services rendered by Windels Marx in each of the following matters on behalf of the Debtors during the Period:

**T-Rex Manassas JV – 935**

13.    Applicant represented LBHI in connection with supplication of original joint venture documents to the asset manager.

**WSG Development/Las Vegas – 965**

14.    Applicant represented LBHI in connection with an outstanding mortgage loan on a development in Las Vegas and the analysis of the environmental conditions on the property and the impact of those conditions on the disposition of the property. Applicant prepared memorandum for LBHI and asset manager on the environmental remediation of the property.

**IBM Building – 1170**

15.    Applicant collected and delivered recorded loan documents and prepared compact disk with all relevant closing documents in connection with several LBHI loan facilities on a property located in Westchester, New York.

**WSG Hollywood – 2016**

16.    Applicant represented LBHI in connection with a first mortgage on a property in Hollywood Florida. Applicant examined the status of the asset and reviewed possible courses of action related to the defaulted mortgage.

**Carillon Modification - 2044**

17.    Applicant advised LBHI regarding LBHI's consent rights and ability to allow the sale of condominium units for an amount less than the minimum release price. Applicant reviewed existing mortgage loan and mezzanine loan documentation and prepared a memorandum regarding release prices.

**Amendment to Midtown Memphis Loan Agreement - 2073**

18.    Applicant represented LBHI in connection with the modification of an existing mortgage loan on a property located in Memphis, Tennessee. Applicant reviewed the underlying loan documentation and prepared a letter agreement regarding LBHI's proposed modification.

**350 West Broadway Construction Loan - 2088**

19.    Applicant advised LBHI regarding the possible foreclosure of an existing mortgage loan and the drafting of a pre-negotiation agreement and protective advance correspondence.   In addition, Applicant prepared final closing CD for mortgage loan.

### RFR Riande Hotel Mezzanine Loans – 2099

20.     Applicant examined issues surrounding defaults under an existing mezzanine loan and the borrower's obligations to pay an additional fee under the Note.  Applicant reviewing existing loan documentation in connection therewith.

### Kojaian Transaction (PAMI)
### Kojaian Transaction (Lehman) - 2139

21.     This matter involves the workout of 26 different assets located in the State of Michigan, in which Lehman holds either equity or debt interests (or both) in improved and unimproved properties owned by separate joint venture interests between Lehman affiliates and a Michigan developer, C. Michael Kojaian.  Lehman holds 17 loans with current outstanding principal balances in excess of $270 million (with Lehman affiliates owning equity interests in 16 of the joint ventures).  Lehman affiliates also own equity interests in an additional nine (9) joint venture entities, which have received loans from third-party lenders having an aggregate outstanding principal balance in excess of $233 million.

### LCOR Analysis - 2141

22.     Applicant represented LBHI and a direct subsidiary in analyzing the joint venture relationship between LBHI and LCOR and the status of more than a half dozen projects.  Applicant participated in meetings with client and with LCOR.  Applicant prepared memos and emails summarizing issues.

### 816 Congress – Partial Sale of Equity – 2167

23.     Applicant advised LBHI regarding the potential restructuring and/or sale of an existing joint venture agreement between LBHI and its equity partners and the analysis of existing capital calls under the joint venture agreement.

### The Mark Redemption - 2172

24.    Applicant represented LBHI in connection with the possible transfer of existing membership interests from LBHI's joint venture partner on a condominium project located in San Diego, CA and ancillary matters related thereto.  Applicant prepared and negotiated assignments, consents and other documents relating to the proposed transfer.  Applicant also reviewed and helped negotiate a term sheet with Corus Bank relating to the modification of the senior loan.

### New Dawn Land Loan Workout- 2174

25.    Applicant represented Debtors in the possible workout and forbearance of an existing mortgage loan and the drafting of a forbearance term sheet.  Applicant advised LBHI in connection with capital call under joint venture agreement.

### Bankruptcy – 2179

26.    Applicant uses this matter number to record time charges incurred in connection with the preparation of Windels Marx's fee applications, reviewing documents filed in LBHI's chapter 11 case that are relevant to Windels Marx's representation of the Debtor and conferring with Debtor's counsel regarding issues connected to the bankruptcy case.

### Monument Issues - 2181

27.    This matter involves the potential workout of nearly twenty (20) different projects in which LBHI holds either equity or debt in various projects in the Washington, DC/Virginia region.  Representation involves an omnibus term sheet and a pre-negotiation agreement and other ancillary matters related thereto.

### Moonlight Basin Enforcement - 2184

28.    Applicant represented LBHI in the negotiation of a forbearance agreement for an existing mortgage on developed real property located in Montana and a related mezzanine facility and ancillary matters related thereto.

### Hudson Yards - 2185

29.    Applicant represented LBHI in possible foreclosure of existing mortgage loan and drafting of pre-negotiation agreement and protective advance correspondence. Applicant participated in conferences with LBHI in connection with finalization of pre-negotiation agreement.

### West Side Studio Restructure - 2189

30.    This matter involves the potential restructuring of an existing joint venture agreement between LBHI and its equity partners. Applicant reviewed joint venture agreement and participated in conference with LBHI and its equity partner.

### Storage Deluxe – 2190

31.    Applicant represented LBHI in a possible foreclosure of existing loan, the drafting of an acceleration letter and analysis of existing loan documents. Applicant reviewed existing loan documentation prior appraisal in connection with preparation of acceleration letter.

### 25/45 Broad Street - 2192

32.    Applicant represented Lehman in enforcement action to recover Lehman's loans at (A) 25 Broad Street, New York, New York, consisting of (i) $100 million in mezzanine loans, and (ii) $278 million in mortgage loans apportioned among a senior acquisition mortgage loan, a building loan and a project loan, and (B) at 45 Broad Street, New York, New York, consisting of (i) a $37,705,711 first mortgage loan, and (ii) $11,467,283 second mortgage loan. Two separate foreclosure actions were commenced in New York State Supreme Court in February 2009, to foreclose on the mortgages encumbering both properties.

### RFR-Continental Bayside Hotel - 2193

33.    Applicant represented LBHI in the drafting and negotiation of a pre-negotiation agreement on an existing mortgage loan in Florida. Applicant also researched issues related to a

foreclosure proceeding.  Applicant reviewed property management agreement in connection with potential termination of property manager.

### Paradise Hotel - 2194

34.    This matter involves the preparation for a foreclosure proceeding on real property located in Las Vegas, Nevada and other ancillary matters related thereto, including attention towards a possible loan modification.  Applicant reviewed property reports, participated in conferences with LBHI and prepared an acceleration letter.

### 215 Brazilian Avenue Enforcement - 2196

35.    Applicant finalized pre-negotiation agreement between LBHI and Borrower and ancillary matters related thereto.  Applicant also participated in conferences with LBHI in connection with the pre-negotiation agreement.

### King Kalakaua Agreement – 2198

36.    Applicant represented LBHI in connection with the negotiation of an exclusive brokerage agreement for the sale of an asset in Hawaii.

### Emerald Dunes Workout – 2199

37.    This matter involves the preparation for a UCC foreclosure proceeding on real property located in Florida and other ancillary matters related thereto and attention towards a possible loan modification and preparation of a term sheet.   Applicant reviewed underlying documents and participated in conferences with LBHI and asset manager.

### Culver City – 2199

38.    Applicant represented LBHI in connection with its rights under a Letter Agreement and the possible return of LBHI's deposit money.

### III.  SERVICES

39.    Professional services rendered by Windels Marx have necessarily been time consuming.  However, all of the services for which compensation has been requested were rendered in connection with the performance by Windels Marx of the duties prescribed for it under the Ordinary Course Professional Order and as real estate counsel for the Debtors.

40.    Windels Marx believes that the award of compensation requested in the within Application is fair and reasonable.  Windels Marx requests that this Court award all fees sought in the within Application at Windels Marx's normal hourly rates, the total value of which is $220,181.00.

### IV.  DISBURSEMENTS

41.    Windels Marx is also requesting reimbursement of actual and necessary expenses incurred on behalf of the Debtors during the Period in the amount of $3,810.11.  The total amount of compensation for legal services rendered and reimbursement of disbursements totals $223,991.11.

### V.  STANDARDS FOR ALLOWANCE OF COMPENSATION

42.    Windels Marx submits that for the reasons set forth in detail above, the professional services rendered by Windels Marx on behalf of the Debtors during the Period were necessary and reasonable.

43.    Section 330 of the Bankruptcy Code authorizes compensation for reimbursement of expenses of professionals in cases arising under the Bankruptcy Code and provides, in pertinent part, as follows:

(a)(1) After notice to the parties in interest and  the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to… a professional person employed under section 327 or 1103 –

(A)    reasonable compensation for actual, necessary services rendered by…professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)    reimbursement for actual, necessary expenses.

(2)  The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3)  In determining the amount of reasonable compensation to be awarded to…professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A)  the time spent on such services;

(B)  the rates charged for such services;

(C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A)  Except as provided in subparagraph (B), the court shall not allow compensation for --
(i) unnecessary duplication of services; or

(ii) services that were not --

(I) reasonably likely to benefit the Debtors' estate;

or

(II) necessary to the administration of the case.

11 U.S.C. §330(a).

44.    In considering an application for compensation made by a professional, the initial

inquiry is whether the services for which compensation are sought were necessary.  See, e.g., *In

re Keene Corp.*, 205 B.R. 690, 696 (S.D.N.Y. 1997); *In re Harshbarger*, 205 B.R. 109 (S.D.

Ohio 1996); *In re Lederman Enterprises, Inc.*, 997 F.2d 1321 (10th Cir. 1993); *In re

International Coins & Currency, Inc.*, 22 B.R. 127 (D. Vt. 1982).  The term "necessary services"

has been interpreted by the majority of courts, including this Court, to signify services that

resulted in a benefit to the estate.  *In re Lederman Enterprises, Inc.*, 997 F.2d 1321, 1323 (10th

Cir. 1993); *In re Keene Corp.*, 205 B.R. at 696; *In re Engel*, 190 B.R. 206, 209 (Bankr. D.N.Y.

1995).  Services "reasonably likely to benefit the Debtors' estate, are compensable."  Section

330(a)(4)(A); *In re JLM, Inc.*, 210 B.R. 19 (BAP 2d Cir. 1997); see also *In re Keene Corp.*, 205

B.R. at 696, quoting *3 Collier on Bankruptcy*, ¶330.03[3], at 330-26 (the services at issue must at

least provide the estate with "an opportunity commensurate with cost" to be compensable).

45.    In calculating whether the fees sought are reasonable, Courts determine the

lodestar amount.  *See, Pennsylvania v. Delaware Valley Citizen's Council For Clean Air*, 483

U.S. 711, at 725-26 (1987); *In re United States Football League v. National Football League*,

887 F. 2d 408, 413 (2d Cir. 1989), cert. denied 493 U.S. 1071 (1990); *In re Drexel Burnham

Lambert Group, Inc.*, 133 B.R. 13, 22 (Bankr. S.D.N.Y. 1991) ("It is now well settled that the

'lodestar' method of fee calculation . . . is the method to be used to determine a 'reasonable'

attorney fee in all the federal courts, including the bankruptcy courts."); *In the Matter of Cena's

*Fine Furniture, Inc.*, 109 B.R. 575, 581 (E.D.N.Y. 1990). The lodestar amount represents "the number of hours reasonably worked on a case multiplied by a reasonable hourly rate." *Wells v. Bowen*, 855 F.2d 37, 43 (2d Cir. 1988).

46. In determining the proper allowance of compensation for professionals, a court generally looks to the (a) time and labor required, (b) novelty and difficulty of questions involved, (c) requisite skills, (d) customary fee, (e) whether fee is fixed or contingent, (f) results obtained, (g) nature and length of professional relationship, (h) awards in similar cases, and (i) professional standing, ability and expertise of the law firm. See, e.g., *In the Matter of Cena's Fine Furniture, Inc.*, 109 B.R. 575, 580-581 (E.D.N.Y. 1990); *In re Wonder Corp. of America*, 82 B.R. 186, 191 (D. Conn. 1988).

(a)    Time and Labor Required.

The time and labor required to represent the Debtors during the Period has been significant. The matters handled by Windels Marx and the efforts undertaken by Windels Marx in the representation of the Debtors are fully set forth above and in the time entries annexed hereto.

(b)    Skills Requisite to Perform Legal Services,
        Experience, Reputation and Ability of Windels Marx.

Windels Marx believes that its expertise in the areas of real estate and transactional analysis has substantially contributed to results achieved.

(c)    The Customary Fee.

Windels Marx submits that the fee it seeks is not unusual given the size and complexity of Debtors' business, the benefits conferred on the Debtors' estates, the time expended and is commensurate with what other attorneys of comparable experience and expertise charge on a regular basis.

(d)    Whether Fee is Fixed or Contingent.

Pursuant to sections 330 and 331 of the Bankruptcy Code, all fees sought by

professionals employed under section 327 of the Code are contingent upon approval by the

Court.

(e)    Results Obtained.

Windels Marx consistently achieves results that the Debtors find favorable and

continue to work toward that end.

(f)    Nature and Length of Professional Relationship.

Windels Marx has counseled, advised and represented the Debtors from their

retention in 1993 through the current date.

(g)    Awards in Similar Cases.

Comparable firms have been awarded fees in numerous chapter 11 cases under

the Bankruptcy Code by this and other bankruptcy courts predicated upon the same criteria and

resulting in awards comparable to that now requested.

(h)    Professional Standing, Ability and Expertise of
Windels Marx Attorneys.

A)    James J. Thomas - James J. Thomas is a Partner at Windels Marx and is a

member of the Firm's Real Estate Practice Group. Mr. Thomas' practice focuses on capital

markets financing and equity investments.

B)    Robert A. Rossi - Robert A. Rossi is a Partner at Windels Marx and is a

member of several Practice Groups, including Real Estate; Corporate & Securities; Financial

Transactions; International; and Technology, Intellectual Property & E-Commerce. Mr. Rossi

focuses on joint ventures, mergers and acquisitions, start-ups, and financial services, including

securities and commodities.  Mr. Rossi regularly represents both institutional clients and closely

held entities in real estate, corporate and securities transactions. He has also represented

commodity trading advisers and commodity pool operators, as well as a number of e-commerce ventures.

47.    As Windels Marx's time records reflect, where practicable, associate attorneys were used in the representation of the Debtors. Those associate attorneys had varying levels of experience and were assigned to handle specific tasks on the basis of that experience.

## VI.    CONCLUSION

**WHEREFORE**, Windels Marx Lane & Mittendorf, LLP requests that an order be entered providing for an award of (i) compensation for professional services rendered by Windels Marx as attorneys for the Debtor, in the amount of $220,181.00, plus reimbursement of actual and necessary disbursements in the amount of $3,810.11 for a total of $223,991.11 and (ii) such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        March 31, 2009

                    Respectfully submitted,

                    **WINDELS MARX LANE & MITTENDORF, LLP**

                    By:

                    James J. Thomas
                    Robert A. Rossi

                        156 West 56th Street
                        New York, New York 10019
                        (212) 237-1000

                        Attorneys for Lehman Brothers Holdings, Inc., *et al.*,
                        Debtors-in-Possession

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
James J. Thomas (jthomas@windelsmarx.com)
Robert A. Rossi (rrossi@windelsmarx.com)

Ordinary Course Professionals for
Lehman Brothers Holdings, Inc., *et al.*,
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
                                     :
In re:                               :          Chapter 11 Case No.
                                     :          08-13555 (JMP)
                                     :
LEHMAN BROTHERS HOLDINGS INC., et al, :          <u>JOINTLY ADMINISTERED</u>
                                     :
                                     :
              Debtors.               :
                                     :
------------------------------------ x

## STATEMENT PURSUANT TO FEDERAL RULE
## OF BANKRUPTCY PROCEDURE 2016(b)

     1.  I am a member of Windels Marx Lane & Mittendorf, LLP ("Windels

Marx"), Ordinary Course Professionals for Lehman Brothers Holdings, Inc., ("LBHI")

and its affiliated Debtors in the above referenced chapter 11 cases (collectively referred

to as "Lehman" or the "Debtors"), and the partner in charge of the matter.

     2.  Windels Marx submits that all of the professional services for which the

annexed Application is made have been rendered solely for benefit of the Debtors' estate

and its creditors.

     3.  No agreement exists between Windels Marx and any other person, firm or

entity concerning the compensation or reimbursement received as a result of this case.

{10499340:1}

4.  Windels Marx has received no retainer in the cases and has made no

agreements with the Debtors for compensation or reimbursement.

5.  Windels Marx has received no transfer, assignment or pledge of property

of the Debtors' estate except pursuant to an Order of the Court for compensation.


Dated: New York, New York                    Respectfully submitted,
       March 31, 2009

                                             WINDELS MARX LANE & MITTENDORF, LLP
                                             *Ordinary Course Professionals for Lehman Brothers
                                             Holdings, Inc., et al.*

                                             Robert A. Rossi
                                             A Member of the Firm
                                             156 West 56th Street
                                             New York, New York 10019
                                             (212) 237-1000

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
James J. Thomas (jthomas@windelsmarx.com)
Robert A. Rossi (rrossi@windelsmarx.com)

Ordinary Course Professionals for
Lehman Brothers Holdings, Inc., *et al.*,
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x
                                  :

In re:                              :       Chapter 11 Case No.
                              :       08-13555 (JMP)
                              :

LEHMAN BROTHERS HOLDINGS INC., et al,   :       <u>JOINTLY ADMINISTERED</u>
                              :

                 Debtors.       :

------------------------------------------- x

## CERTIFICATION OF PROFESSIONAL

     Robert A. Rossi, a member of the firm of Windels Marx Lane & Mittendorf, LLP,

("Applicant"), attorneys authorized to provide legal services as Ordinary Course Professionals to

Lehman Brothers Holdings, Inc. ("LBHI"), and its affiliated debtors in the above referenced

chapter 11 cases and partner in charge of this matter, hereby certifies as follows:

I have read the foregoing application (the "Application");

To the best of my knowledge, information and belief, formed after reasonable inquiry, the

Application substantially complies with the mandatory guidelines of this Court for fees and

disbursements for professionals (the "Guidelines");

To the best of my knowledge, information and belief, formed after reasonable inquiry, the fees

{10499343;1}

and disbursements sought in the Application fall within the Guidelines, except as specifically noted in this Certification and Application;

Except to the extent prohibited by the Guidelines, the fees and disbursements sought in the Application are billed at rates and in accordance with practices customarily employed by Applicant and generally accepted by Applicant's clients;

LBHI has been provided with a copy of the Application at least 10 days before the date set by the Court or any applicable rules for filing fee applications, has reviewed the Application and has approved it.

The Trustee has been provided no later than 20 days after the end of each month with a statement of fees and disbursements accrued during such month; and

The Disbursements requested to be reimbursed in the Application;

      a.  do not include any amount of profit for Applicant;

      b.  do not include the amortization of the cost of any investment, equipment or capital out lay; and

      c.  to the extent provided by a third party vendor only include the amount billed to Applicant by the third-party vendor and paid by the Applicant to such vendor.

Dated: New York, New York
      March 31, 2009

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Ordinary Course Professionals for Lehman Brothers Holdings, Inc., et al.*

Robert A. Rossi
A Member of the Firm
156 West 56th Street
New York, New York 10019
(212) 237-1000