UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
: 
In re : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : Case No. 08-13555 (JMP)
:
          Debtors. : (Jointly Administered)
:
-----------------------------------------------------------------x

## STIPULATION AND ORDER WITH RESPECT TO
## ERRONEOUS POST-PETITION WIRE TRANSFER BY BARCLAYS BANK PLC

Lehman Brothers Holding, Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI," together with LBHI, the "Debtors"), on the one hand, and Barclays Bank PLC ("Barclays," and together with the Debtors, the "Parties" and each a "Party"), on the other hand, by and through their respective counsel, hereby enter into this Stipulation and Order and represent and agree as follows:

### RECITALS

A.    On September 15, 2008 and October 5, 2008 (as applicable, the "Commencement Date"), LBHI and LCPI, respectively, commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.    Prior to the Commencement Date, LCPI was a participating lender on various syndicated loans (the "Loans") originated by Barclays and for which Barclays acted as the facility agent. As the facility agent, Barclays collects payments from borrowers under the Loans and distributes such payments to participating lenders in an amount equal to the participating lender's proportional funded share of the Loans.

C.      Subsequent to the Commencement Date, on October 31, 2008, Barclays transferred EUR 759,993.64 (the "Transferred Funds") to JP Morgan account #6111600729 at LBHI (UK) for the benefit of LCPI (the "Transfer") as a participating lender on a revolving credit facility having Endemol Finance BV as borrower and for which Barclays was the facility agent (the "Endemol Facility").

D.      Subsequent to the Transfer, the Debtors were informed by Barclays that the Transfer was sent in error and that, pursuant to the terms of the Endemol Facility, unless the Transferred Funds were returned, Barclays would withhold or deduct from an interest payment due to LCPI on November 28, 2008 as a participating lender on the Senior Facilities Agreement, dated July 3, 2007, between, among others, Edam Acquisition Holding IV B.V., Barclays Capital and Barclays Bank PLC as amended and restated on September 27, 2007, December 27, 2007 and May 14, 2008 (the "Senior Facilities Agreement"). The November 28, 2008 payment due to LCPI under the Senior Facilities Agreement is EUR 836,884.72 (the "Withheld Interest Payment").

E.      Following receipt from Barclays of information concerning the Transfer and the Withheld Interest Payment, and having conducted their own internal review and investigation, the Debtors have determined that the Transfer should be returned because LCPI never funded its portion of the Endemol Facility and, therefore, was not entitled to receive any part of the Transferred Funds.

**IT IS HEREBY STIPULATED, AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      In consideration for the release in paragraph 2 below, within seven (7) days of the approval of this Stipulation and Order by the Court, LBHI shall return the Transferred Funds by wire transfer to Barclays in accordance with wire instructions to be provided to LBHI by

Barclays.

2. In consideration for the return of the Transferred Funds to Barclays, upon Barclays' receipt of the Transferred Funds, which shall be acknowledged by written communication to the Debtors, Barclays, together with its agents, employees, principals, professionals, successors and assigns, shall be deemed to have waived, released and discharged any and all claims it may have against the Debtors, their estates, and successors and assigns solely with respect to the Transfer, including, without limitation, any claim for interest, costs or expenses related to the Transfer.

3. Upon receipt of the Transferred Funds, Barclays shall within seven (7) days remit the Withheld Interest Payment to LCPI in accordance with wire instructions to be provided to Barclays by LCPI. Upon LCPI's receipt of the Withheld Interest Payment, which shall be acknowledged by written communication to Barclays, the Debtors, together with their agents, employees, principals, professionals, successors and assigns, shall be deemed to have waived, released and discharged any and all claims they may have against Barclays and its successors and assigns solely with respect to the Withheld Interest Payment, including, without limitation, any claim for interest, costs or expenses related to the Withheld Interest Payment.

4. For the avoidance of doubt, except for those claims expressly released in Paragraphs 2 and 3 above (such released claims, the "Released Claims"), the Debtors and Barclays expressly reserve all of their respective rights and defenses with respect to any claims that the Debtors, on the one hand, and Barclays, on the other hand, may have against the other, and nothing in this Stipulation shall impair or otherwise affect any claims other than the Released Claims.

5. Each Party agrees to pay its own costs and expenses (including legal fees)

incurred in connection with the Transfer and the Withheld Interest Payment and the negotiation, execution and delivery of this Stipulation and Order and the consummation of the transactions contemplated hereby.

6. This Stipulation and Order is solely for the benefit of the Parties and not for any other person or entity and no such person or entity shall be entitled to the benefit of (or be entitled to rely upon) this Stipulation and Order.

7. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

8. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. The Parties agree that this Stipulation and Order may be executed via facsimile and that this Stipulation and Order executed in such manner shall have full legal force.

9. This Stipulation and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

10. This Stipulation and Order shall be interpreted, construed and enforced exclusively in accordance with the laws of the State of New York.

11. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Order.

**AGREED TO:**

Dated: March 19, 2009
         New York, New York

| | |
|---|---|
| /s/ Alfredo R. Perez | /s/ Lindsee. P. Granfield |
| Alfredo R. Perez | Lindsee. P. Granfield |
| | Lisa M. Schweitzer |
| | |
| WEIL, GOTSHAL & MANGES LLP | CLEARY GOTTLIEB STEEN & |
| 767 Fifth Avenue | HAMILTON LLP |
| New York, New York 10153 | One Liberty Plaza |
| Telephone: (212) 310-8000 | New York, NY 10006 |
| Facsimile: (212) 310-8007 | Telephone: (212) 225-2000 |
| | Facsimile: (212) 225-3999 |
| | |
| Attorneys for the Debtors and Debtors in Possession | Attorneys for Barclays Bank PLC |

**SO ORDERED:**

Dated: New York, New York
         April 1, 2009

                                        *s/ James M. Peck*
                          UNITED STATES BANKRUPTCY JUDGE