# Exhibit "C"



| GRANTED WITH AMENDMENTS | The moving party is hereby ORDERED to provide a copy of this Order to any pro se parties who have entered an appearance in this action within 10 days from the date of this order. | *Paul C. King* <br> **Paul A. King** <br> **District Court Judge** <br> DATE OF ORDER INDICATED ON ATTACHMENT |
|---|---|---|

EFILED Document
CO Douglas County District Court 18th JD
Filing Date: Mar 11 2009 4:58PM MDT
Filing ID: 24173776
Review Clerk: N/A

| **DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO** <br> 4000 Justice Way, Suite 2009 <br> Castle Rock, Colorado 80109 <br> (303)663-7200 | |
|---|---|
| **Plaintiff:**  MIDCOUNTRY BANK, <br><br> v. <br><br> **Defendant:** AURORA LOAN SERVICES LLC, a Colorado limited liability company. | ◻ COURT USE ONLY ◻ |
| | Case No. <br><br><br> Division: |

## TEMPORARY RESTRAINING ORDER

THIS MATTER comes before the Court on Plaintiff MidCountry Bank's Motion for Temporary Restraining Order and Preliminary/Permanent Injunction ("Motion"). Based upon the Motion, supporting affidavits and the First Amended Verified Complaint for Replevin and Other Relief, and any and all submissions by Aurora Loan Service LLC, and, being sufficiently advised in the premises, the Court hereby makes the following findings of fact and conclusions of law:

1.    Plaintiff MidCountry Bank ("MidCountry") has established that Defendant Aurora Loan Services LLC ("Aurora") has breached a valid contract between the parties, by, *inter alia*, failing to provide notice of proposed short sales, failing to properly administer loans covered by mortgage insurance, and by refusing to transfer escrow accounts and loan documents held in trust for MidCountry to a successor servicer upon Aurora's termination and demand. MidCountry has additionally presented evidence that it has performed under the contract, and that damages were causes by Aurora's breaches of the contract. Therefore, it appears there is a reasonable probability of MidCountry's success on the merits of its breach of contract claim.

Further, due to the degree of trust, authority and discretion vested in Aurora under the parties' contract, a fiduciary relationship existed between the parties. The breaches of contract discussed above also represent a breach of fiduciary duty, resulting in damages, and, therefore, there is a reasonable probability that MidCountry will succeed on the merits of its breach of fiduciary duty claim.

Under the contract, Aurora is required to provide MidCounty with an accounting of the loans upon its termination, and, therefore, there is a reasonable probability that MidCountry will succeed on the merits of its accounting claim.

As owner of the accounts, loans and related documents, including mortgage documents and servicing files, and, having terminated Aurora as servicer, MidCountry is entitled to possession of such accounts and documents. MidCountry has made demand for such accounts and documents, and, it appearing that the accounts and documents were not seized for tax purposes, Aurora's continued retention of the loan documents and accounts is wrongful. Therefore, there is a reasonable probability of success on the replevin claim as well.

2. Based upon Aurora's financial condition, its refusal to recognize its termination and refusal to transfer accounts and loan documents to MidCountry's designee, as well as its previous failures to provide notice of short sales and failure to appeal insurance denials, there exists a danger of real, immediate and irreparable injury to MidCountry in the form of its ongoing inability to service its Loans on a day-to-day basis, as well as to its borrowers, through the non-remittance of required insurance and tax payments, which injury may be prevented by injunctive relief.

3. There is no plain, speedy, and adequate remedy at law for the above-referenced injuries.

4. The granting of a Temporary Restraining Order will not disserve the public interest.

5. The balance of the equities favors the injunction because the potential harm to Aurora in granting the order is outweighed by the potential harm to MidCountry if the order is denied.

6. The injunction will preserve the *status quo* pending a trial on the merits.

Therefore, based upon the foregoing, the Court hereby ORDERS as follows:

A. Aurora Loan Services LLC, its officers, agents, servants, employees, attorneys, subcontractors, successors and assigns, and all others, without limitation, acting in concert with, or for, or on behalf of, Aurora Loan Services LLC (collectively "Aurora"), shall immediately cease and desist from taking any further action on the 53 loans owned by MidCountry Bank (the "Loans"), including all actions or inaction on behalf of MidCountry Bank;

B. Aurora shall immediately transfer to Dovenmuehle Mortgage Inc. all accounts, loan documents and servicing files, as well as all payments received from borrowers, prior to and following the entry of this Order, less only those servicing fees earned prior to February 6, 2009;

2

   C. Aurora shall refrain from destroying mortgage documents or servicing files;

   D. Aurora shall provide MidCountry with a detailed accounting for each of the Loans within five calendar days of the entry of this Order;

   E. MidCountry is required to submit to the Clerk of Court security in the form of cash or bond in the amount of $_____, at which time the Order will have effect; and

   F. This Order shall remain in effect until _____ \_\_\_, 2009.

A hearing on the issuance of a preliminary injunction is scheduled for _____ \_\_\_, 2009, at _____, \_\_.m.

DONE THIS \_\_\_ day of _____, 2009, at _____, \_\_.m.

            BY THE COURT

            _____
            District Judge

3

| This document constitutes a ruling of the court and should be treated as such. |
|---|
| **Court:** CO Douglas County District Court 18th JD |
| **Judge:** Paul A King |
| **File & Serve Transaction ID:** 24166833 |
| **Current Date:** Mar 11, 2009 |
| **Case Number:** 2009CV369 |
| **Case Name:** MidCountry Bank vs. Aurora Loan Services, LLC, A Colorado Limited Liability Company |

**Court Authorizer Comments:**

With respect to paragraph 6 of the proposed Order the Court makes the following modifications.

Paragraph 6A – The Defendant is ORDERED to comply with paragraph 6A

Paragraph 6B – This paragraph is STRICKEN. The Court shall address the Plaintiff's request to transfer all accounts, loan documents, servicing files, payments received, mortgage documents and other related paperwork at the conclusion of the preliminary injunction.

Paragraph 6C – The Defendant is ORDERED to preserve and not destroy all account information, loan documents, servicing files, payments received, mortgage documents and all other related paperwork pending further order of this Court.

Paragraph 6D – This paragraph is STRICKEN. The Court shall address the Plaintiff's request for an accounting at the conclusion of the preliminary injunction.

Paragraph 6E – Pursuant to C.R.C.P. 65(c) the Court is required to fix an amount of security to be provided by the Plaintiff. The Plaintiff did not address the amount of security in its Motion for Temporary Restraining Order. The Court notes that paragraph one of the Motion places a value of $16,000,000 on the loans serviced by the Defendant. The Plaintiff also refers to various amounts it alleges it lost as the result of short sales. The Plaintiff is ORDERED to submit to the Clerk of the Court security in the form of cash or bond in the amount of $100,000. This Order will take effect upon receipt by the Clerk of that security.

This temporary restraining order shall remain in effect until the court has ruled on the Plaintiff's request for a preliminary injunction. Counsel for the Plaintiff is DIRECTED to contact the division clerk to set a hearing on the request for injunctive relief within the time required under C.R.C.P. 65.

This Order is done this 11th day of March, 2009 at 4:55 pm.

/s/ **Judge Paul A King**