DAY PITNEY LLP
(MAIL TO) P.O. BOX 1945, MORRISTOWN, NJ 07962-1945
(DELIVER TO) 200 CAMPUS DRIVE, FLORHAM PARK, NJ  07932-0950
(973) 966-6300
RICHARD M. METH, ESQ. (RM7791)
HERBERT K. RYDER, ESQ. (HK5137)
- AND -
7 Times Square
New York, NY 10036-7311
(212) 297-5800


- AND -

FAIRFIELD AND WOODS, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO  80203
(303) 830-2400
SCOTT T. RODGERS, ESQ. (19943)

ATTORNEYS FOR MIDCOUNTRY BANK

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.,* | Case No. 08-13555 (JMP) |
| | (jointly administered) |
| Debtors. | |

**ORDER (i) GRANTING MIDCOUNTRY BANK RELIEF FROM THE AUTOMATIC STAY, (ii) WAIVING THE 10-DAY STAY UNDER FED. R. BANKR. P. 4001(a)(3), (iii) ALLOWING THE TERMINATION OF A CONTRACT WITH AURORA LOAN SERVICES, LLC AND RELATED AGREEMENTS WITH DEBTOR, (iv) DETERMINING THAT DEBTOR IS DEEMED TO HAVE GIVEN ITS CONSENT TO MIDCOUNTRY'S PREFERRED SUCCESSOR SERVICER, (v) DETERMINING THAT BANKRUPTCY CODE SECTION 362 DOES NOT PREVENT THE RECOVERY BY MIDCOUNTRY OF ITS LOAN FILES FROM AURORA, AND (vi) ALLOWING DEBTOR TO BE NAMED AS A PARTY IN INTEREST IN THE COLORADO ACTION**

THIS MATTER having been opened to the Court upon the motion of MidCountry Bank

for the entry of an Order: (i) granting relief from the automatic stay, (ii) waiving the 10-day stay

83156618A02040209

under Fed. R. Bankr. P. 4001(a)(3), (iii) allowing the termination of a certain contract with Aurora Loan Services, LLC ("Aurora") and any related agreements as same may apply to or impact Lehman Capital and/or Lehman Brothers Holdings, Inc. (collectively, "LBHI" or the "Debtor"), (iv) determining that the Debtor is deemed to have given its consent to MidCountry's preferred successor servicer, (v) determining that Section 362 of Title 11 of the United States Code (the "Bankruptcy Code") does not prevent the recovery by MidCountry of its loan files from Aurora, and (vi) allowing LBHI to be named as a party in interest in the Colorado Action (the "Motion");[1] and adequate notice of the Motion having been provided; and the Court having considered the papers filed in support of the Motion and in opposition, if any; and for good cause shown; it is hereby

DETERMINED that LBHI is deemed to have given its consent to MidCountry's preferred successor servicer; and it is

FURTHER DETERMINED that Section 362 of the Bankruptcy Code does not prevent the recovery by MidCountry of its loan files from Aurora; and it is

ORDERED that MidCountry be, and it hereby is, granted relief from the automatic stay imposed by Section 362(a) of the Bankruptcy Code to permit termination of MidCountry's contract with Aurora and any related agreements as same may apply to or impact the Debtor, *nunc pro tunc* to the date that MidCountry first issued a notice of termination; and it is

FURTHER ORDERED that MidCountry be, and it hereby is, granted relief from the automatic stay imposed by Section 362(a) of the Bankruptcy Code, to continue the Colorado Action against Aurora; and it is

FURTHER ORDERED that MidCountry, to the extent necessary, shall be entitled to include LBHI as a party in interest in the Colorado Action; and it is

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

-3-

FURTHER ORDERED that the 10-day stay under Fed. R. Bankr. P. 4001(a)(3) be, and it

hereby is, waived.


Dated: New York, New York
　　　　_____, 2009


　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　HONORABLE JAMES M. PECK
　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE