Presentment Date and Time: April 15, 2009 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: April 14, 2009 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): April 22, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                           :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :    **08-13555 (JMP)**
:
Debtors.                                            :    **(Jointly Administered)**
:
:
------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER
AUTHORIZING (1) TRANSFER OF CERTAIN PREPETITION
DEPOSITS, AND (2) PRESERVATION OF CITIBANK'S SETOFF
RIGHTS, IF ANY, IN RESPECT OF AMOUNTS TRANSFERRED**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation and Order (the "Stipulation and Order") between Lehman Brothers Holdings Inc. and its affiliated debtors and debtors-in-possession, on the one hand, and Citigroup, Inc. and its respective affiliates and subsidiaries, including, without limitation, Citibank, N.A., on the other, to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **April 15, 2009 at 12:00 noon (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **April 14, 2009 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation and Order on **April 22, 2009 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

NY2:\1983980\01\16$%K01!.DOC\58399.0003

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: April 6, 2009
      New York, New York

    /s/ Lori R. Fife
    Lori R. Fife

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Debtors
    and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
:
In re:                                             :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS, INC., et al.             :    08-13555 (JMP)
                                Debtors.           :
                                                   :    (Jointly Administered)
---------------------------------------------------------------- x

**STIPULATION AND ORDER AUTHORIZING (1) TRANSFER OF CERTAIN PREPETITION DEPOSITS, AND (2) PRESERVATION OF CITIBANK'S SETOFF RIGHTS, IF ANY, IN RESPECT OF AMOUNTS TRANSFERRED**

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors as debtors and debtors-in-possession (together with LBHI, the "Debtors,"), and Citigroup, Inc. and its respective affiliates and subsidiaries, including, without limitation, Citibank, N.A. (collectively, "Citibank"),[*] by and through their respective attorneys, hereby stipulate as follows:

RECITALS

A.    On September 15, 2008, LBHI, and periodically thereafter, certain of its subsidiaries, filed with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This Court has consolidated those cases for procedural purposes only, and is jointly administering them pursuant to Fed. R. Bankr. P. 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[*]    For convenience, and as the context may require, Citibank and each of the Debtors shall each be referred to individually as a "Party" and collectively as the "Parties."

B.  LBHI currently maintains a USD $2,000,000,000 deposit with Citibank (the "Deposit") in account no. 3077-8171 (the "Original Account"), against which Deposit Citibank asserts rights of netting, offset, recoupment, or other claims of right in respect of claims held by Citibank and arising before and after the commencement of these cases (collectively, "Setoff Rights").

C.  The Original Account is a direct deposit account, which bears no interest and does not earn income with respect to the balance therein.

D.  The Debtors have requested that Citibank transfer the Deposit to an account at Citibank that will earn interest or income.

## AGREEMENT

NOW THEREFORE, the Parties hereto, by and through their respective attorneys, hereby agree as follows:

1.  The Parties incorporate the Recitals herein as part of their agreement.

2.  Citibank will transfer the Deposit from the Original Account to a custody account, Citibank, N.A. account no. _____ (the "Transfer Account"), in which income is paid with respect to the balance therein, and which is insured by the FDIC in connection with the Temporary Liquidity Guaranty Program. All income earned on the Transfer Account shall constitute property of LBHI's estate.

3.  Citibank shall have no greater or lesser Setoff Rights (and the Debtors shall have no greater or lesser rights to dispute and object to the Setoff Rights) against the Deposit, and any income or interest earned thereon, after the transfer of the Deposit to the Transfer Account than Citibank possessed against the Deposit, and would have possessed against interest or income earned thereon, when held in the Original Account.

4.  Nothing contained herein shall constitute an admission by the Debtors of the existence of any Setoff Rights in favor of Citibank of any kind whatsoever, or constitute a finding by the Court of the existence of any such Setoff Rights.

5.  The terms and conditions of this Stipulation, and the Parties' respective obligations hereunder, shall become effective only upon entry of this Order, and this Order becoming a final order, not subject to appeal, rehearing, or other consideration.

6.  This Stipulation and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and permitted assigns, including any subsequent trustee elected or appointed for the Debtors. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation.

7.  Citibank consents to this Court's jurisdiction solely for the purpose of the enforcement of this Stipulation and Order.

8.  No amendment, waiver, or modification of any provision of this Stipulation and Order shall be effective unless the same shall be in writing and signed by Citibank and the Debtors.

9.  This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier, or by mail.

10. This Stipulation shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code applies,

without regard to principles of conflicts of laws that would require the application of laws of another jurisdiction.

Dated: New York, New York
April 3, 2009

By: /s/ Stephen J. Shimshak
Stephen J. Shimshak
(sshimshak@paulweiss.com)
Douglas R. Davis
(ddavis@paulweiss.com)
Claudia L. Hammerman
(chammerman@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Citigroup, Inc. and its Respective Affiliates and Subsidiaries, including, without limitation, Citibank, N.A.*

By: /s/ Lori R. Fife
Lori R. Fife
(lori.fife@weil.com)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings, Inc. and its Affiliated Debtors and Debtors-in-Possession*

SO ORDERED this___day of April, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

NY2:\1983395\03\16$#B03!.DOC\58399.0003    4