WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                  :     **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,           :     **08-13555 (JMP)**
                                                       :
                        Debtors.                       :     **(Jointly Administered)**
------------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO SECTION 365
OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO
(I) ASSUME UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY
AND (II) ASSUME AND ASSIGN UNEXPIRED LEASES OF REAL PROPERTY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), respectfully represent:

**Background**

    1.  Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the U.S. Trustee appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

4. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner"). By order dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

**Jurisdiction**

5. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Lehman's Business**

6. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

7. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### The 85 Tenth Lease

8.  Pursuant to that certain Agreement of Sublease dated as of November 30, 2001 (as amended by (i) First Amendment of Sublease, dated as of May 8, 2002 and (ii) Second Amendment of Sublease, dated as of August 12, 2005, the "85 Tenth Lease"), by and between LBHI and 85 Tenth Avenue Associates, LLC (as successor-in-interest to Level 3 Communications, LLC) ("85 Tenth"), 85 Tenth leases to LBHI the entire 7th floor, a portion of the ground floor and a portion of the basement level in a building located at 85 Tenth Avenue, New York, New York ("85 Tenth Avenue"), as more particularly described in the 85 Tenth Lease.

9.  The Debtors shortly will be entering into a Third Amendment of Lease (the "Amendment" and, together with the 85 Tenth Lease, the "Amended 85 Tenth Lease"). Pursuant to the Amendment, the term of the 85 Tenth Lease will be reduced from February 28, 2017 to December 31, 2013.

### The 600 Madison Leases

10. LBHI is the successor-in-interest to that certain Agreement of Lease, dated July 7, 2003, by and between 600 Partners Co., L.P. ("600 Partners") and Neuberger Berman Inc. (as amended and/ or supplemented, the "600 Madison Lease"). Pursuant to the 600 Madison Lease, 600 Partners leases to LBHI the entire 25th floor (the "600 Madison Premises") of the building located at 600 Madison Avenue, New York, New York, as more particularly described in the 600 Madison Lease. The 600 Madison Lease is currently set to expire on October 31, 2013.

11. Pursuant to that certain Sublease, dated as of June 24, 2005, by and between Financial Solutions Partners, LLC (the "Subtenant") and LBHI (as amended and/or supplemented, the "Sublease" and, together with the 600 Madison Lease, the "600 Madison Leases"), LBHI subleases the 600 Madison Premises to the Subtenant, as more particularly described in the Sublease. 600 Partners consented to LBHI and the Subtenant's entry into the Sublease in that certain letter agreement by and among LBHI, 600 Partners and the Subtenant, dated June 28, 2005. The Sublease is set to expire October 30, 2013.

**Relief Requested**

12. Pursuant to section 365 of the Bankruptcy Code, the Debtors request (i) authorization to assume the Amended 85 Tenth Lease and (ii) authorization to assume and assign the 600 Madison Leases to Neuberger Berman Holdings LLC ("Neuberger"), a non-debtor subsidiary of LBHI.

**Cause Exists to Approve Assumption of the Amended 85 Tenth Lease
And Assumption and Assignment of the 600 Madison Leases**

A. Governing Legal Standard.

13. Section 365 of the Bankruptcy Code allows the debtor in possession to "maximize the value of the debtor's estate" by assuming executory contracts or unexpired leases that "benefit the estate" and rejecting those that do not. *Cinicola v. Scharffenberger*, 248 F.3d 110, 119 (3d Cir. 2001) (quotations omitted). Section 365 of the Bankruptcy Code provides, in pertinent part, as follows:

> (a) Except as provided in . . . subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.
> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

>> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default …
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> (C) provides adequate assurance of future performance under such contract or lease….
>
> \* \* \* \* \*
>
> (f)(2) The trustee may assign an executory contract or unexpired lease of the debtor only if—
>> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
>> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. §§ 365(a), (b)(1), (f)(2).

14. Courts apply the "business judgment" standard in determining whether an executory contract or unexpired lease should be assumed. *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures)*, 4 F.3d 1095, 1099 (2d Cir. 1993); *In re Armstrong World Indus., Inc.*, 348 B.R. 136, 162 (D. Del. 2006) ("Under section 365 of the Bankruptcy Code, a debtor may assume an executory contract or unexpired lease if (i) outstanding defaults under the contract or lease have been cured under section 365(b)(1) of the Bankruptcy Code, and (ii) the debtor's decision to assume such executory contract or unexpired lease is supported by valid business justifications."); *In re Nickels Midway Pier, LLC*, 341 B.R. 486, 493 (D.N.J. 2006) ("Although the Bankruptcy Code does not specify the standard to be applied in assessing the decision of a trustee or debtor in possession to assume or reject [] a contract, the Third Circuit has adopted the business judgment standard."); *In re Network Access Solutions, Corp.*, 330 B.R. 67, 75 (Bankr. D. Del. 2005) (stating that "[t]he standard for approving the assumption of an executory contract is the business judgment rule" and noting that the bankruptcy court had to

find that the debtor was acting on an informed basis, in good faith, and with the honest belief that assumption was in the best interests of the debtor and its estate in order to approve a motion to assume prepetition agreements); *In re Pinnacle Brands, Inc.*, 259 B.R. 46, 53-54 (Bankr. D. Del. 2001) ("The Debtor's decision to assume or reject an executory contract is based upon its business judgment.") (citation omitted).

15. Upon finding that a debtor has exercised its sound business judgment in determining that assumption of an agreement is in the best interests of its estate, the Court should approve the assumption of a contract under section 365(a) of the Bankruptcy Code. *See, e.g., Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39-40 (3d Cir. 1989); *see also In re Exide Techs.*, 340 B.R. 222, 240 (Bankr. D. Del. 2006) (stating that, under the business judgment standard, a court may not substitute its own judgment for that of the debtor).

B. Cause Exists to Approve Assumption of the Amended 85 Tenth Lease.

16. Assumption of the Amended 85 Tenth Lease is an exercise of the Debtors' sound business judgment. The Debtors are in the process of winding-down their businesses and operations. While doing so, it is essential that the Debtors retain their data center operations at 85 Tenth Avenue. The Debtors' assumption of the Amended 85 Tenth Lease will permit the Debtors to maintain their data center operations at their current location, while reducing their obligations with respect to the 85 Tenth Lease going forward. As noted above, the Amended 85 Tenth Lease will have a significantly reduced lease term. Consequently, the Debtors believe that assuming the Amended 85 Tenth Lease will provide significant benefit to the Debtors' estates and is, therefore, a valid exercise of the Debtors' business judgment.

17.     Upon Court approval, any "cure" required pursuant to section 365(d)(1) of the Bankruptcy Code in respect of the Amended 85 Tenth Lease constitutes an administrative expenses of the Debtors' estates and shall be entitled to priority pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code.  LBHI will cure any outstanding prepetition amounts required to be paid pursuant to section 365(b)(1) of the Bankruptcy Code concurrently with the assumption of the Amended 85 Tenth Lease.

18.     In light of the foregoing, the Debtors respectfully request that, pursuant to section 365(a) of the Bankruptcy Code, the Court authorize the Debtors to assume the Amended 85 Tenth Lease in an exercise of the Debtors' business judgment.

C.  Cause Exists to Approve Assumption and Assignment of the 600 Madison Leases.

19.     Assumption and assignment to Neuberger of the 600 Madison Leases is an exercise of the Debtors' sound business judgment.  The Debtors have reviewed the 600 Madison Leases and determined that the 600 Madison Leases have no value or utility to the Debtors.  The Debtors have discontinued operations at the 600 Madison Premises, and as such, the Debtors allocate valuable time and resources to processing their obligations under the 600 Madison Leases – and ensuring that no liabilities arise thereunder – with no corresponding benefit. Additionally, Neuberger is contingently liable to 600 Partners under the Sublease. Consequently, the rejection of the 600 Madison Leases may cause Neuberger, a non-debtor subsidiary of LBHI, to lose the benefit of the income stream generated by the Sublease as well as incur liabilities that would ultimately reduce the value of the Debtors' estates.  The assumption of the 600 Madison Leases and assignment thereof to Neuberger, however, will eliminate most of the Debtors' direct liabilities associated with the 600 Madison Leases, while facilitating a seamless continuation of the Subtenant's occupancy.  Consequently, the Debtors believe that

assuming and assigning the 600 Madison Leases to Neuberger will benefit the Debtors' estates and is, therefore, a valid exercise of the Debtors' business judgment.

20. Upon Court approval, any "cure" required pursuant to section 365(b)(1) of the Bankruptcy Code in respect of the 600 Madison Leases constitutes administrative expenses of the Debtors' estates and shall be entitled to priority in the Debtors' chapter 11 cases pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code. Upon information and belief, certain outstanding prepetition rent and related obligations are outstanding in respect of the 600 Madison Lease. LBHI will cure the outstanding prepetition payments pursuant to section 365(b)(1) of the Bankruptcy Code concurrently with the assumption and assignment of the 600 Madison Lease.

21. Section 365(f) of the Bankruptcy Code requires that, prior to the assignment of an executory contract or unexpired lease, "adequate assurance of future performance" must be provided. *See* 11 U.S.C. § 365(f)(2). The words "adequate assurance of future performance" must be given a "practical, pragmatic construction" in light of the proposed assumption. *In re Fleming Cos.*, 499 F.3d 300 (3rd Cir. 2007) (quoting *Cinicola*, 248 F.3d at 120 n. 10); *see also In re Natco Indus., Inc.*, 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (adequate assurance of future performance does not mean absolute assurance that debtor will thrive and pay rent). Among other things, adequate assurance may be given by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. *See In re Bygaph, Inc.*, 56 B.R. 596, 605–06 (Bankr. S.D.N.Y. 1986) (adequate assurance of future performance is present when prospective assignee of a lease from debtor has financial resources and has expressed a willingness to devote sufficient funding to business in order to give it strong likelihood of succeeding).

22. 600 Partners holds and will continue to hold post-assignment the security that is on deposit under the 600 Madison Lease. Neuberger is a non-debtor and currently is conducting operations as a going concern. Given Neuberger's financial health as compared to that of LBHI, the Debtors submit that 600 Partners and the Subtenant, to the extent required, have received "adequate assurance of future performance" within the meaning of section 365(f) of the Bankruptcy Code.

23. In light of the foregoing, the Debtors respectfully request that, pursuant to section 365(a) of the Bankruptcy Code, the Court authorize the Debtors to assume and assign the 600 Madison Leases to Neuberger as a sound exercise of the Debtors' business judgment.

## Notice

24. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditor's Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) 85 Tenth; (vii) 600 Partners; (viii) the Subtenant; and (ix) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

25. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

   WHEREFORE the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: April 6, 2009
   New York, New York

               /s/ Shai Y. Waisman
               Shai Y. Waisman

               WEIL, GOTSHAL & MANGES LLP
               767 Fifth Avenue
               New York, New York 10153
               Telephone: (212) 310-8000
               Facsimile: (212) 310-8007

               Attorneys for Debtors
               and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                  :
        Debtors.                                          :    (Jointly Administered)
------------------------------------------------------------------x

ORDER PURSUANT TO SECTION 365
OF THE BANKRUPTCY CODE AUTHORIZING DEBTORS TO
(I) ASSUME UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY
AND (II) ASSUME AND ASSIGN UNEXPIRED LEASES OF REAL PROPERTY

Upon the motion, dated April 6, 2009 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), for authorization (i) to assume that certain Agreement of Sublease dated as of November 30, 2001 (as amended by (a) First Amendment of Sublease, dated as of May 8, 2002 and (b) Second Amendment of Sublease, dated as of August 12, 2005, and (c) Third Amendment of Lease (the "Amendment"),  the "85 Tenth Lease"), by and between LBHI and 85 Tenth Avenue Associates, LLC  (as successor-in-interest to Level 3 Communications, LLC), and (ii) to assume and assign to Neuberger Berman Holdings LLC ("Neuberger") (y) that certain Agreement of Lease, dated July 7, 2003, by and between 600 Partners Co., LP and LBHI (as successor-in-interest of Neuberger Berman Inc.) (as amended and/ or supplemented, the "600 Madison Lease") and (z) that certain Sublease, dated as of June 24, 2005, by and between Financial Solutions Partners, LLC and LBHI (as amended and/or supplemented, the "Sublease" and, together with the 600 Madison Lease, the "600 Madison Leases"), all as more fully described in the Motion; and the Court having jurisdiction

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 365(a) of the Bankruptcy Code, the Debtors' assumption of the 85 Tenth Lease is hereby approved, and, for the reasons set forth in the Motion, the requirements of sections 365(b)(1) of the Bankruptcy Code with respect to the 85 Tenth Lease are deemed satisfied; and it is further

ORDERED that, pursuant to section 365(a) of the Bankruptcy Code, the Debtors' assumption and assignment to Neuberger of the 600 Madison Leases is hereby approved, and, for the reasons set forth in the Motion, the requirements of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code with respect to the 600 Madison Leases are deemed satisfied; and it is further

ORDERED that the Debtors are authorized to execute such documents or other instruments as may be necessary to assume the Amended 85 Tenth Lease and to assume and assign to Neuberger the 600 Madison Leases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: April __, 2009
      New York, New York

                                                                           UNITED STATES BANKRUPTCY JUDGE