Presentment Date and Time: April 8, 2009 at 12 noon
Objection Date and Time: April 7, 2009 at 11:00 a.m.
Hearing Date and Time (Only if Objection is Filed): April 22, 2009 at 10:00 a.m.

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
Telephone: (312) 845-3000
Facsimile: (312) 701-2361
James E. Spiotto (admitted pro hac vice)
Ann E. Acker (admitted pro hac vice)
Franklin H. Top, III (admitted pro hac vice)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE<br><br>LEHMAN BROTHERS HOLDINGS INC., ET AL.,<br><br>Debtors. | CHAPTER 11 CASE NO. 08-13555 (JMP)<br><br><br><br>(Jointly Administered) |
| IN RE<br><br>LEHMAN BROTHERS, INC.<br><br>Debtor. | 08-01420 (JMP) SIPA |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE TO THE DUAL NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER PROVIDING FOR LEHMAN BROTHERS INC.'S ASSUMPTION AND ASSIGNMENT OF CERTAIN MARKET AGENT AGREEMENTS TO LEHMAN COMMERCIAL PAPER INC.**

2601667.01.04.doc

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    NOW COMES U.S. Bank National Association, not individually but as Trustee for certain trusts listed on the attached Schedule A files this Limited Objection and Reservation of Rights with respect to the Dual Notice of Presentment of Stipulation and Agreed Order Providing For Lehman Brothers Inc.'s Assumption and Assignment of Certain Market Agent Agreements to Lehman Commercial Paper Inc. (the "*Notice*," and U.S. Bank's limited objection thereto, the "*Limited Objection*").  In support of its Limited Objection, U.S. Bank states as follows:

**OBJECTIONS**

    1. U.S. Bank has no objection to the Notice to the extent it seeks to transfer all of the rights and responsibilities of the Market Agent on the date of presentment under the terms of the Market Agent Agreements listed on Schedule A to the Notice (and listed on *Exhibit A* hereto), but reserves its rights to the Notice on the following grounds: (1) all of the rights and responsibilities of the Market Agent under the terms of the Market Agent Agreements are assumed by LBI and assigned to LCPI, and (2) U.S. Bank is able to assert any claims that may have accrued as a result of the failure of LBI to perform as Market Agent under the terms of the relevant Market Agent Agreements and requests that its rights to do so are expressly reserved under the Stipulation and Order.

    2. U.S. Bank serves as Trustee under the terms of a Series Indentures or Series Trust Agreement and a Standard Terms for Trust Agreements in certain transactions in which Lehman Brothers, Inc. serves as Market Agent.  As noted in the Notice, special purpose entities were established to purchase certain loans originated or purchased by Lehman Brothers Commercial Paper, Inc.  The purchase of the loans by the special purpose entities was financed through the issuance of Notes that were issued under the terms of one of the Indentures listed on the attached *Exhibit B*.  Each of the trusts established under the terms of Indentures or Trust Agreements

listed on *Exhibit B* shall be referred to herein as the "Trusts," and holders of notes issued under the Indentures shall be referred to as the "Noteholders."

3. A Market Agent was appointed in each of the transactions to provide a variety of services to enable the transaction to be administered smoothly and without interruption. These tasks include calculating the Accrued Interest Amount, Loan to Value Ratio, and Underlying Asset Value. Each of these calculations has ramifications to the respective rights of the Noteholders under the terms of the Indentures. For example, certain distributions are dependent upon the calculation by the Market Agent of the Accrued Interest Amount - without a calculation it is impossible to accurately make distributions to Noteholders. *Series Indenture dated as of April 30, 2008 by and between Riopelle Broadway LP and U.S. Bank National Association, Section 5(h)(ii).* The failure of LBI to perform its duties since the pendency of its SIPA proceeding and the resulting lack of information on which to base distributions, may have damaged certain Noteholders to the extent that distributions were improper, deficient and/or non-existent.

4. The Market Agent is also required to calculate the Loan to Value ratio of the portfolio of loans in the trust. If the Loan to Value Ratio, as calculated by the Market Agent, is less than a Minimum Loan to Value Ratio, certain Noteholders are entitled to withdraw funds from a Cash Margin Account; alternatively if it is above a Maximum Loan to Value Ratio certain Noteholders are required to deposit funds into a Cash Margin Account. *Series Indenture dated as of April 30, 2008 by and between Riopelle Broadway LP and U.S. Bank National Association, Section 5(b) and 5(c).*

5. In addition the Market Agent has some administrative obligations under the terms of the relevant Indentures, including providing the Trustee with certain directions under certain

circumstances set forth in the Indenture. The failure to provide such direction, where appropriate, may cause damage to the Trust and the Noteholders.

6. Because of the nature of these duties (and the duties set forth above are not intended to be exhaustive), it is difficult to immediately identify, determine and quantify the damage that may have been caused to any Trust and the Noteholders as a result of the failure of the Market Agent to perform its duties. As a result, the Trustee believes it is inappropriate at this time to ascribe a Cure Amount of "$0" and believes it should be given sufficient time and opportunity to investigate, review and assert appropriate claims.

7. U.S. Bank as Trustee does not object to the immediate assignment of the Market Agent Agreement from LBI to LCPI as it believes having a functioning Market Agent is important for these transactions to function properly. The Trustee, however, should not be stripped of its right to assert appropriate claims for LBI's failures or breaches of the Market Agent Agreement as they are determined and quantified.

8. U.S. Bank believes the Stipulation, therefore, should be amended to include the following statements (which statements are consistent with those read into the record with respect to the transfer of the Market Agent Agreements for Verano CCS, Pine CCS and Spruce CCS):

> The Stipulation is solely intended to assign the rights and obligations of LBI to LCPI under the Market Agency Agreement. Nothing in the Stipulation shall affect or act as a waiver or forbearance of the obligations of the parties, including without limitation LBI, LCPI or other Lehman affiliates, under any transaction documents relating to CDO transactions and nothing in the Stipulation shall affect or act as a waiver or forbearance of the rights of any holder of interests in the CDO transactions. The rights of U.S. Bank to assert claims with respect to any post-petition breaches of the Market Agent Agreement by LBI is expressly preserved.

WHEREFORE U.S. Bank National Association, as Trustee respectfully requests that this Court condition the relief sought by reserving the rights of the Trustee to asset any claims with respect to any damages caused by breaches of LBI under the terms of the Market Agent Agreements and the related Indentures.

Respectfully submitted,

U.S. Bank National Association, not individually but as Trustee

By: /s/ Ann Acker
_____
One of Its Attorneys

James E. Spiotto
Ann Acker
Franklin H. Top, III
Chapman and Cutler LLP
111 West Monroe Street
Chicago, Illinois  60603
(312) 845-3000