**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re                                           :   Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,         :   08-13555 (JMP)
                                                :
            Debtors.                             :   (Jointly Administered)
                                                :
                                                :
---------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER BETWEEN THE DEBTORS AND CHARISE CARROLL PROVIDING FOR RELIEF FROM THE AUTOMATIC STAY FOR THE LIMITED PURPOSE OF PERMITTING CHARISE CARROLL TO COMMENCE AN ACTION AND LIMITING ANY RECOVERY TO INSURANCE PROCEEDS

A.   Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.   On March 12, 2009, the Debtors and Cleveland Barrett ("Mr. Barrett") entered into a Stipulation, Agreement, and Order [Docket No. 3064] providing for relief from section 362 of the Bankruptcy Code (the "Automatic Stay") for the limited purpose of allowing Mr. Barrett to commence an action on account of certain alleged injuries (the "Alleged Injuries") and limiting his recovery, if any, to the extent of the

insurance policy proceeds (the "Insurance Proceeds") that may be payable directly to Mr. Barrett under a commercial general liability policy[1] (the "Policy") issued by American Home Assurance Company.

   C. Charise Carroll ("Ms. Carroll"), mother of Mr. Barrett, alleges she incurred certain medical expenses as the parent of then-minor Mr. Barrett in relation to the Alleged Injuries.

   D. Ms. Carroll alleges that she may seek recovery for such medical expenses pursuant to state law.

   E. In light of the foregoing, the Debtors and Ms. Carroll (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to modify the Automatic Stay for the limited purpose of permitting Ms. Carroll to commence an action against the Debtors and/or settle said action and limit her recovery to the Insurance Proceeds such that the combined recoveries of Mr. Barrett and Ms. Carroll, if any, do not exceed the single occurrence limits of the Policy.

   NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED by and between the Debtors and Ms. Carroll, through their undersigned counsel, that:

   1. The Automatic Stay in LBHI's chapter 11 case is hereby modified solely to the extent necessary to permit Ms. Carroll to commence an action against LBHI and/or any applicable insurer and/or settle said action with any applicable insurer, and recover from the Policy; *provided*, *however*, that (i) the combined recovery of Ms. Carroll

---

[1] Policy number 457-16-45, effective 8/1/07 – 8/1/08. The Policy limit is $1,000,000.00 per occurrence.

and Mr. Barrett, if any, shall under no circumstances exceed the single occurrence limits of the Policy; and (ii) the provisions of the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose before the commencement of LBHI's chapter 11 case from the Debtors' estates and/or assets or property of LBHI or the Debtors (as defined in section 541 of the Bankruptcy Code) shall otherwise remain in full force and effect.

2. Notwithstanding LBHI's consent to the limited relief described herein, Ms. Carroll (i) hereby forever waives and releases any and all Claims (as such term is defined in section 101(5) of the Bankruptcy Code), liabilities, causes of action, demands, and damages of whatever kind or nature and whether known or unknown arising before or after the commencement of these chapter 11 cases from or in relation to the Alleged Injuries against LBHI, any other Debtor in the above-captioned chapter 11 cases, and their affiliates, except to the extent such Insurance Proceeds might be payable directly to Ms. Carroll under the Policy, and (ii) hereby waives any and all rights to any recovery arising from or in relation to the Alleged Injuries that, in combination with any recovery realized by Mr. Barrett, exceeds the Insurance Proceeds available for a single occurrence under the Policy. For the avoidance of doubt, Ms. Carroll's waiver herein shall not act as a waiver of claims that Ms. Carroll might have against any parties that are not Debtors or non-Debtor affiliates of LBHI.

3. The limited relief set forth herein shall not be construed as an admission of liability by LBHI of any claim or cause of action arising from or in relation to the Alleged Injuries and all of LBHI's rights, claims, and defenses are expressly preserved.

3

4. The Parties agree that this Court shall be the exclusive forum with respect to any disputes or controversies relating to or arising under this Stipulation, Agreement, and Order.

5. This Stipulation, Agreement, and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

6. The person who executes this Stipulation, Agreement, and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

7. This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

8. This Stipulation, Agreement, and Order is subject to the approval of the Court and upon such approval shall inure to the benefit of the parties hereto and their respective successors and assigns.

**(Remainder of this page intentionally left blank)**

9. This Stipulation, Agreement, and Order shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

Dated: April 3, 2009
New York, New York

/s/ S. Judson Waites, II.
S. Judson Waites, II. Esq.

LAW OFFICES OF S. Judson Waites, II, P.C.
145 Church St.
Marietta, GA 30060
Telephone: (770) 420-6566
Facsimile: (770) 424-1408

Attorney for Cleveland Barrett

Dated: April 3, 2009
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

SO ORDERED, this 8th day of April, 2009

s/ James M. Peck
UNITED STATES BANKRUPTCY JUDGE