**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                                :
In re                                                           :    Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                :
              Debtors.                                   :    (Jointly Administered)
                                                                :
                                                                :
----------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER BETWEEN
BNC MORTGAGE LLC AND U.S. BANK, NATIONAL ASSOCIATION,
AS TRUSTEE, PROVIDING FOR RELIEF FROM THE AUTOMATIC STAY**

WHEREAS, on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, on January 9, 2009 BNC Mortgage LLC ("BNC") commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code; and

WHEREAS, on March 2, 2009, U.S. Bank National Association, as Trustee ("U.S. Bank"), filed a Motion For Relief From the Automatic Stay Pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 11 U.S.C. § 362(d) [Docket No. 2961] (the "Motion"); and

WHEREAS the Motion asserts that U.S. Bank, as Trustee, is a secured creditor of BNC by virtue of a mortgage executed by Christopher Henry in favor of BNC

Mortgage, Inc.[1] on October 25, 2005 (the "First Mortgage"), and given to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for BNC Mortgage Inc., securing the repayment of the principal sum of $360,000.00 due under a bond or note. The First Mortgage granted MERS, as nominee for BNC Mortgage, Inc., a security interest in the property commonly know as 586 Hendrix Street, Brooklyn, NY 11207 (the "Property"); and

WHEREAS the First Mortgage was assigned to U.S. Bank, as Trustee, by an instrument, dated April 15, 2008, and recorded on April 15, 2008 and further assigned to U.S. Bank, as Trustee, by an instrument, dated August 13, 2008, and recorded on August 28, 2008; and

WHEREAS there is a subordinate mortgage on the Property (the "Second Mortgage") held by MERS, as nominee for BNC Mortgage, Inc., in the amount of $90,000.00; and

WHEREAS BNC has further determined that it transferred its interest in both the First Mortgage and the Second Mortgage to Lehman Brothers Bank, FSB in or about November or December of 2005, and, that the First Mortgage and Second Mortgage were further transferred to LBHI, then to Structured Asset Securities Corporation, a debtor in the above referenced chapter 11 cases, and finally to SAIL 2005-11, a non-debtor trust, which is not affiliated with the Debtors; and

---

[1] BNC Mortgage, Inc. and BNC Mortgage LLC are the same entity. BNC was originally organized under the laws of Delaware as a corporation under the name "BNC Mortgage, Inc." On or about January 13, 1998, BNC changed its corporate form from a corporation to a limited liability company under the name "BNC Mortgage LLC." BNC is still referred to as "BNC Mortgage Inc." in those states in which it is registered to conduct business under its former name.

2

WHEREAS the Motion sought entry of an order terminating the automatic stay extant in the Debtors' chapter 11 cases pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") and allowing U.S. Bank to exercise its non-bankruptcy rights and remedies as to the Property, including but not limited to foreclosure of the First Mortgage and Second Mortgage; and

WHEREAS as a result of the above-referenced transfers, BNC does not hold an interest in the First Mortgage or the Second Mortgage; and

WHEREAS in light of the foregoing, and to ensure that U.S. Bank is not prohibited from exercising its rights with respect to the Property, BNC and U.S. Bank (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to the terms set forth below to resolve the Motion:

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED** by and between BNC and U.S. Bank, through their undersigned attorneys, that:

1. This Stipulation, Agreement, and Order shall have no force or effect against BNC unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date, to the extent that the Automatic Stay is applicable, it shall be modified with respect to U.S. Bank's interest in the Property, and U.S. Bank shall be permitted to exercise its rights under applicable non-bankruptcy law against the Property.

3. Except as provided in paragraph 2, the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from

3

BNC's estate and/or assets or property of BNC (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4. The Motion shall be deemed resolved.

5. This Stipulation, Agreement, and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

6. Each person who executes this Stipulation, Agreement, and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

7. This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

Dated: April 2, 2009
      New York, New York

/s/ Anne E. Miller-Hulbert
Anne E. Miller-Hulbert

Shapiro & Dicaro, LLP
250 Mile Crossing Boulevard, Suite One
Rochester, NY 14624
Telephone: (585) 247-9000

Attorneys for U.S. Bank, National
Association, as Trustee

Dated: April 2, 2009
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

SO ORDERED, this 8th day of April, 2009

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE