**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
| | |
|---|---|
| In re                                                                    : | Chapter 11 Case No. |
|                                                                              : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    : | 08-13555 (JMP) |
|                                                                              : | |
| Debtors.                                              : | (Jointly Administered) |

------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 365
### OF THE BANKRUPTCY CODE AUTHORIZING DEBTORS TO
### (I) ASSUME UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY
### AND (II) ASSUME AND ASSIGN UNEXPIRED LEASE OF REAL PROPERTY

Upon the motion, dated April 6, 2009 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), for authorization (i) to assume that certain Agreement of Sublease dated as of November 30, 2001 (as amended by (a) First Amendment of Sublease, dated as of May 8, 2002, (b) Second Amendment of Sublease, dated as of August 12, 2005, and (c) Third Amendment of Lease (the "85 Tenth Lease"), by and between LBHI and 85 Tenth Avenue Associates, LLC (as successor-in-interest to Level 3 Communications, LLC), and (ii) to assume and assign to Neuberger Berman Holdings LLC ("Neuberger") (y) that certain Agreement of Lease, dated July 7, 2003, by and between 600 Partners Co., LP and LBHI (as successor-in-interest of Neuberger Berman Inc.) (as amended and/or supplemented, the "600 Madison Lease") and (z) that certain Sublease, dated as of June 24, 2005, by and between Financial Solutions Partners, LLC and LBHI (as amended and/or supplemented, the "Sublease"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

§§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 365(a) of the Bankruptcy Code, LBHI's assumption of the 85 Tenth Lease is hereby approved, and, for the reasons set forth in the Motion, the requirements of sections 365(b)(1) of the Bankruptcy Code with respect to the 85 Tenth Lease are deemed satisfied; and it is further

ORDERED that, pursuant to section 365(a) of the Bankruptcy Code, LBHI's assumption and assignment to Neuberger of the Sublease is hereby approved, effective upon the assumption and assignment to Neuberger of the 600 Madison Lease, and, for the reasons set forth in the Motion, the requirements of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code with respect to the Sublease are deemed satisfied; and it is further

ORDERED that the Debtors are authorized to execute such documents or other instruments as may be necessary to assume the 85 Tenth Lease and to assume and assign to Neuberger the Sublease; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation and/or enforcement of this Order.


Dated: New York, New York
April 9, 2009

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE