UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                :

In re                            :          Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.* :          08-13555 (JMP)

              Debtors.           :          (Jointly Administered)

                                  :
---------------------------------------------------------------X

SUMMARY STATEMENT FOR FIRST INTERIM FEE APPLICATION OF
McKEE NELSON LLP AS SPECIAL COUNSEL FOR THE DEBTORS
FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
FROM SEPTEMBER 15, 2008 THROUGH JANUARY 31, 2009

| | |
|---|---|
| **Name of Applicant:** | McKee Nelson LLP |
| **Time Period:** | September 15, 2008 through January 31, 2009 |
| **Role in the Case:** | Special Counsel to the Debtors |
| **Current Application:** | Total Fees Requested: $2,727,562.00<br>Total Expenses Requested: $105,916.85 |
| **Fees and Expenses Previously Requested:** | Total Fees Previously Requested: N/A<br>Total Expenses Previously Requested: N/A |
| **Fees and Expenses Previously Requested and Paid:** | Total Fees Previously Paid: N/A<br>Total Expenses Previously Paid: N/A |
| **This Application is:** | __X__ Interim      _____ Final |

## Professional Hours Billed During Interim Fee Period

| Professional (Partner) | Admission Date | Hours Billed | Total Compensation |
|---|---|---|---|
| Bowers, Christopher P. | 1999 | 315.3 | $262,083.50 |
| Brockway, David H. | 1972 | 3.0 | $2,969.00 |
| Buch, Ronald L. | 1993 | 3.3 | $2,452.50 |
| Cejudo, William P. | 1989 | 0.4 | $306.00 |
| Desmond, Michael | 1994 | 137.8 | $124,057.00 |
| Dillon, Sheri A. | 1999 | 322.4 | $249,846.00 |
| Eckas, Scott E. | 1990 | 0.2 | $149.00 |
| Gouwar, James A. | 1988 | 0.2 | $183.00 |
| Howard, Jasper A. | 1989 | 4.2 | $3,942.00 |
| Katcher, Robert A. | 1978 | 3.0 | $2,745.00 |
| Levy, Michael N. | 1991 | 4.8 | $3,816.00 |
| Leyva, Natan J. | 2000 | 116.7 | $85,569.00 |
| Madan, Rajiv | 1993 | 594.7 | $491,480.50 |
| Magee, John B. | 1972 | 2.0 | $1,950.00 |
| Nelson, William F. | 1972 | 1.3 | $1,293.50 |
| **Total:** | | **1509.3** | **$1,232,842.00** |

| Professional (Of Counsel) | Admission Date | Hours Billed | Total Compensation |
|---|---|---|---|
| Goldman, Gerald | 1968 | 4.2 | $4,066.50 |
| **Total:** | | **4.2** | **$4,066.50** |

| Professional (Associate and Staff Attorney) | Admission Date | Hours Billed | Total Compensation |
|---|---|---|---|
| Abroms, Michelle A. | 2005 | 1.0 | $480.00 |
| Bahar, Ardrelle | 2001 | 123.3 | $43,771.50 |
| Hintmann, Brooke E. | 2002 | 233.5 | $143,381.50 |
| Kim, Minsoon Sharon | 2003 | 2.5 | $1,387.50 |
| King, Micah | 2005 | 252.0 | $127,264.00 |
| Krause, Arielle S. | 2007 | 27.2 | $10,744.00 |
| Laughlin, Anne M. | 2008 | 270.3 | $113,109.00 |
| Leonard, Bob | 2007 | 118.5 | $47,838.00 |
| Margulies, Oren P. | 2006 | 70.4 | $32,731.00 |

| Professional (Associate and Staff Attorney) | Admission Date | Hours Billed | Total Compensation |
|---|---|---|---|
| Martin, Elizabeth L. | 2004 | 6.9 | $3,881.50 |
| Mears, Veronica | 2008 | 58.2 | $23,920.50 |
| Murphy, Christopher | 2007 | 42.7 | $18,300.00 |
| Otero, Kevin | 2005 | 131.8 | $67,545.00 |
| Pai, Sarah | 2007 | 87.3 | $34,483.50 |
| Peppelman, David J. | 2008 | 13.1 | $5,174.50 |
| Rankin, Kiara L. | 2007 | 66.1 | $29,084.00 |
| Stults, Kevin R. | 2005 | 673.2 | $336,456.00 |
| Tidwell, Royce | 2007 | 9.4 | $3,713.00 |
| Walsh, Suzanne M. | 2005 | 6.5 | $3,835.00 |
| Wilson, Justin T. | 2007 | 288.7 | $121,092.50 |
| **Total:** | | **2482.6** | **$1,168,192.00** |

| Professional (Law Clerk) | Admission Date | Hours Billed | Total Compensation |
|---|---|---|---|
| Banvard, Honor | 2008 | 65.9 | $26,638.50 |
| Glass, Jason E. | Bar admission pending | 36.3 | $13,612.50 |
| Jaramillo, Victor | Bar admission pending | 83.6 | $33,154.50 |
| Kitchin, Miles | Bar admission pending | 102.4 | $39,879.00 |
| **Total:** | | **288.2** | **$113,284.50** |

| Paraprofessional (Paralegal) | Admission Date | Hours Billed | Total Compensation |
|---|---|---|---|
| Abdel-Nour, Francesca | N/A | 63.4 | $13,791.50 |
| Harris, Susan | N/A | 17.5 | $2,625.00 |
| Hensel, Jeannie H. | N/A | 60.2 | $18,955.00 |
| Nieves, Roberto | N/A | 8.5 | $1,872.50 |
| Owens, Angela M. | N/A | 306.2 | $74,698.50 |
| Plegge, Lisa Doussard | N/A | 2.5 | $762.50 |
| Sakason, Alexandra B. | N/A | 71.2 | $15,987.50 |
| Trevicano, Luisa | N/A | 9.1 | $2,259.00 |
| von Klemperer, Michael J. | N/A | 0.7 | $161.00 |
| **Total:** | | **539.3** | **$131,112.50** |

| Paraprofessional (Litigation Support) | Admission Date | Hours Billed | Total Compensation |
|---|---|---|---|
| Campbell, Chad W. | N/A | 84.2 | $22,740.00 |
| Currin, Alan | N/A | 177.7 | $55,324.50 |
| **Total:** | | **261.9** | **$78,064.50** |

| Professional Title | Blended Rate | Hours Billed | Total Compensation |
|---|---|---|---|
| Partner | $816.83 | 1509.3 | $1,232,842.00 |
| Of Counsel | $968.21 | 4.2 | $4,066.50 |
| Associate/Staff Attorney | $452.92 | 2482.6 | $1,124,420.50 |
| Law Clerk | $393.08 | 288.2 | $113,284.50 |
| Paraprofessional - Paralegal | $243.12 | 539.3 | $131,112.5 |
| Paraprofessional - Litigation Support | $298.07 | 261.9 | $78,064.50 |

### Professional Services Rendered by Category During Interim Fee Period

| Matter Number | Description | Hours Billed | Amount |
|---|---|---|---|
| 11014-00001 | Matter 001 | 156.9 | $85,844.50 |
| 11014-00382 | Matter 382 | 251.1 | $141,219.00 |
| 11014-00395 | Matter 395 | 28.4 | $17,133.00 |
| 11014-00397 | Matter 397 | 53.7 | $24,791.00 |
| 11014-00402 | Matter 402 | 441.5 | $282,439.00 |
| 11014-00474 | Matter 474 | 591.6 | $296,379.00 |
| 11014-00485 | Matter 485 | 5.5 | $1,680.00 |
| 11014-00489 | Matter 489 | 279.1 | $150,896.00 |
| 11014-00502 | Matter 502 | 18.6 | $6,751.00 |
| 11014-00561 | Matter 561 | 532.6 | $259,923.50 |
| 11014-00617 | Matter 617 | 42.4 | $19,211.00 |
| 11014-00664 | Matter 664 | 6.2 | $2,401.00 |
| 11014-00665 | Matter 665 | 67.4 | $31,617.50 |
| 11014-00667 | Matter 667 | 23.4 | $9,676.50 |
| 11014-00701 | Matter 701 | 192.6 | $109,502.00 |
| 11014-00750 | Matter 750 | 138.0 | $82,189.00 |
| 11014-00798 | Matter 798 | 253.5 | $156,481.00 |
| 11014-00799 | Matter 799 | 26.2 | $10,794.50 |
| 11014-00800 | Matter 800 | 106.5 | $46,761.00 |
| 11014-00801 | Matter 801 | 19.7 | $7,934.00 |
| 11014-00810 | Matter 810 | 18.5 | $7,032.00 |
| 11014-00811 | Matter 811 | 47.3 | $17,378.00 |
| 11014-00849 | Matter 849 | 47.0 | $26,369.00 |
| 11014-00900 | Matter 900 | 492.8 | $338,859.00 |
| 11014-00902 | Fee Application Preparation | 128.2 | $60,747.50 |
| 11014-00903 | Retention Application | 70.9 | $43,862.50 |
| 11014-00904 | Matter 904 | 58.4 | $33,435.50 |
| 11014-00905 | Matter 905 | 87.8 | $35,274.00 |
| 11014-00906 | Matter 906 | 448.3 | $191,310.00 |
| 11014-00907 | Matter 907 | 161.4 | $62,149.00 |
| 11014-00908 | Matter 908 | 22.2 | $8,002.00 |
| 11014-00909 | Matter 909 | 97.7 | $62,193.00 |
| 11014-00910 | Matter 910 | 39.3 | $21,703.50 |
| 11014-00911 | Matter 911 | 130.8 | $75,623.50 |
| **Total:** | | **5085.5** | **$2,727,562.00** |

## Expenses Incurred During Interim Fee Period

| Expense Category | Amount |
|---|---:|
| Air Transportation | $10,976.80 |
| Consulting | $46,171.39 |
| Ground Transportation | $4,617.57 |
| Lodging | $5,691.19 |
| Meals | $140.64 |
| Messenger/Courier | $1,157.07 |
| Online Legal Research | $25,046.73 |
| Other Legal Research | $79.90 |
| Overtime Meals | $124.52 |
| Overtime Transportation | $34.16 |
| Parking | $90.00 |
| Photocopies | $7,669.02 |
| Rail Transportation | $3,392.00 |
| Travel Meals | $725.86 |
| **Total:** | **$105,916.85** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                        :
In re                                   :          Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.* : 08-13555 (JMP)
                                        :
        Debtors.                        :          (Jointly Administered)
                                        :
--------------------------------------------------------------------X

## FIRST INTERIM FEE APPLICATION OF McKEE NELSON LLP AS SPECIAL COUNSEL FOR THE DEBTORS FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM SEPTEMBER 15, 2008 THROUGH JANUARY 31, 2009

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        McKee Nelson LLP ("McKee" or the "Firm"), as special counsel for Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11

cases (collectively, the "Debtors"), in support of its first interim fee application for compensation

for professional services rendered and reimbursement of actual and necessary expenses incurred

from September 15, 2008 through January 31, 2009 (the "Interim Fee Period"), pursuant to

sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule

2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (the

"Application"), respectfully represents:

### Background

        1.        Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11

cases have been consolidated for procedural purposes only and are being jointly administered

pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

4. To date, no disclosure statement or chapter 11 plan of reorganization has been filed in these chapter 11 cases. On January 15, 2009, the Court extended under section 1121(d) of the Bankruptcy Code the exclusive period during which the Debtors may file a chapter 11 plan to July 13, 2009 and the period during which the Debtors may solicit acceptances thereof to September 16, 2009.

### Jurisdiction

5. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

6. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"). By this Application, McKee respectfully seeks Court approval and allowance for compensation for professional services rendered to the Debtors during the Interim Fee Period

2

in the aggregate of $2,727,562.00 and for reimbursement of actual and necessary expenses incurred in connection with the rendition of such services in the aggregate of $105,916.85.

### Basis for Relief

7.      By application dated October 14, 2008, the Debtors sought entry of an order authorizing the retention of McKee as special tax counsel to the Debtors *nunc pro tunc* to the Commencement Date (the "Original Retention Application") [Docket No. 916]. By order dated November 5, 2008, this Court approved the retention of McKee as special tax counsel for the Debtors, effective *nunc pro tunc* to the Commencement Date (the "Original Retention Order") [Docket No. 1387].

8.      By application dated March 10, 2009, the Debtors sought entry of an order authorizing the Debtors to expand McKee's retention to include certain limited non-tax matters (the "Supplemental Matters"), in addition to the tax matters (the "Tax Matters"), *nunc pro tunc* to the Commencement Date (the "Amended Retention Application" and together with the Original Retention Application, the "Retention Application") [Docket No. 3040]. By order dated March 24, 2009, this Court approved the retention of McKee for the Supplemental Matters (the "Amended Retention Order" and together with the Original Retention Order, the "Retention Order") [Docket No. 3206].[1] Copies of the Original Retention Order and the Amended Retention Order are attached hereto as Exhibits A and A1, respectively.

9.      This Application has been prepared in accordance with: (a) the Administrative Order Re: Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, approved by the Board of Judges on April 19,

---

[1] Given that McKee's retention for the Supplemental Matters was only recently approved, McKee is still in the process of completing fee statements for such matters covering the Interim Fee Period. Thus, McKee intends to include the fees and expenses incurred during the Interim Fee Period for the Supplemental Matters in McKee's second interim fee application. Accordingly, this Application includes only the fees and expenses incurred during the Interim Fee Period for the Tax Matters.

1995 (the "Local Guidelines"); (b) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 (the "UST Guidelines"); and (c) the Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated March 13, 2009 [Docket No. 3102] (the "Interim Fee Order," and collectively with the Local Guidelines and the UST Guidelines, the "Guidelines"). Pursuant to the Guidelines, a certification regarding compliance with the same is attached hereto as Exhibit B.

### McKee's Fees and Expenses

10.    During the Interim Fee Period, McKee provided professional services in the aggregate of $2,727,562.00 and incurred expenses in the aggregate of $105,916.85. McKee professionals expended a total of 5,085.5 hours for which compensation is requested. McKee's request for compensation is broken down as follows:

| Period Covered | Hours | Requested | | Received | | Outstanding | |
|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| 09/15/2008 to 10/31/2008 | 1,211.1 | $737,266.00 | $31,897.22 | $589,812.80 | $31,897.22 | $147,453.20 | $0 |
| 11/01/2008 to 11/30/2008 | 1,278.8 | $656,749.50 | $19,209.10 | $525,399.60 | $19,209.10 | $131,349.90 | $0 |
| 12/01/2008 to 12/31/2008 | 968.2 | $485,476.00 | $23,231.20 | $388,380.80 | $23,231.20 | $97,095.20 | $0 |
| 01/01/2009 to 01/31/2009 | 1,627.4 | $848,070.50 | $31,579.33 | $678,456.40 | $31,579.33 | $169,614.10 | $0 |
| Totals: | 5085.5 | $2,727,562.00 | $105,916.85 | $2,182,049.60 | $105,916.85 | $545,512.40 | $0 |

4

11.    During the Interim Fee Period, other than pursuant to the Interim Fee Order, McKee has received no payment and no promises of payment from any source for services rendered or to be rendered in these chapter 11 cases. There is no agreement or understanding between McKee and any other person, other than members of the Firm, for the sharing of compensation to be received for services rendered in these chapter 11 cases. McKee did not receive a security retainer or advance payment for fees and expenses incurred in these chapter 11 cases.

12.    McKee charges its fees in these chapter 11 cases in accordance with billing rates and procedures in effect during the Interim Fee Period and as set forth in the Retention Application. The rates McKee charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are similar to the rates McKee charges for professional services rendered in comparable non-bankruptcy related matters.

13.    Pursuant to the Guidelines, attached hereto as Exhibit C is a schedule setting forth all McKee professionals and paraprofessionals who performed services during the Interim Fee Period, the position of each professional in the Firm, the date of bar admission for each professional, the hours worked by each professional and paraprofessional, and the hourly rate of each professional and paraprofessional. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases. As of January 1, 2009, the billing rates of certain McKee professionals and paraprofessionals increased in the normal course of the Firm's business due to the increased experience of those professionals and paraprofessionals. Given that the Interim Fee Period includes January 2009, current hourly rates for certain McKee professionals and paraprofessionals differ from their 2008 rates.

14.    Pursuant to the Guidelines, attached hereto as Exhibit D is a summary of McKee's time records billed during the Interim Fee Period, utilizing the project categories as described below.  Detailed records of the hours expended and associated fees by professionals and paraprofessionals during the Interim Fee Period are attached hereto as Exhibits D1-D4.  To protect confidentiality and maintain attorney-client privilege and work product protection over the advice McKee has provided to the Debtors, McKee has redacted its time entry and expense descriptions.  Similarly, McKee has used matter numbers in lieu of substantive matter names and replaced references to underlying substantive issues with these matter numbers in its time entry descriptions.

15.    Pursuant to the Guidelines, attached hereto as Exhibit E is a categorical summary of the expenses for which McKee is seeking reimbursement.  Detailed records of the expenses for which McKee is seeking reimbursement are attached hereto as Exhibit E1.

16.    To the extent that time or expense charges for services rendered or expenses incurred relate to the Interim Fee Period, but were not processed prior to the preparation of the Application, McKee reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## Summary of Services

17.    In accordance with the Retention Order, McKee has provided such services as were necessary and appropriate in order to advise the Debtors regarding the matters identified in the Retention Application in the course of the these chapter 11 cases. The full scope and breadth of the services rendered is reflected in the monthly statements, which have been provided to the Notice Parties (as defined in the Interim Fee Order) and incorporated herein as Exhibits D1-D4.

6

18.    Set forth below is a summary of the services McKee rendered to the Debtors during the Interim Fee Period.    During the Interim Fee Period, McKee rendered a substantial amount of professional services in the Debtors' tax controversy matters.    The following is a summary by category of the significant professional services rendered by McKee during the Interim Fee Period:

a.    <u>1997-2000 Refund Claims</u>

McKee professionals and paraprofessionals rendered services in connection with the Debtors' claims for refund from the Internal Revenue Service (the "<u>IRS</u>") of taxes, penalties, and interest paid for the 1997-2000 tax years (the "<u>1997-2000 Refund Claims</u>").    These services are noted in Exhibits D1-D4 under Matter Codes 382, 395, 474, 489, 701, 909, and 910. Specifically, McKee professionals reviewed all unresolved issues from the 1997-2000 tax years, further developed the facts relating to each issue, researched the administrative claims for refund process in light of the bankruptcy laws, worked with the Debtors to calculate the amount of requested refunds of tax, interest, and penalties for each tax year, and prepared the administrative claims for refund for each tax year.    In total, eight different issues denied by the Examination Division of the IRS were included in the administrative claims for one or more of the 1997-2000 years.    Each administrative claim for refund details, by issue, the procedural background of the issue, a statement of facts, and the Debtors' legal grounds for recovery.    This process entailed coordination with the Creditors' Committee and the SIPC Trustee administering LBI's estate.    In addition, McKee professionals conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information.

b.    <u>2001-2005 Audit</u>

McKee professionals and paraprofessionals managed the IRS audit of Debtors'

2001-2005 tax years (the "2001-2005 Audit"), which implicates at least 23 transactions, some of
which are carryover transactions from those included in the 1997-2000 Refund Claims. These
services are noted in Exhibits D1-D4 under Matter Codes 382, 395, 397, 402, 474, 485, 489, 502,
617, 664, 665, 667, 798, 799, 800, 801, 810, 811, 909, and 910. Specifically, McKee
professionals coordinated with the IRS, produced documents in response to IRS Information
Document Requests ("IDRs") and IRS summonses, drafted narrative answers to interrogatory
questions, conducted legal and factual research and analysis with respect to various transactions,
defended depositions, and assessed and asserted privilege claims on behalf of the Debtors
(collectively, "Audit Management"). McKee professionals also conducted other tasks and
projects not specifically enumerated in order to preserve confidentiality and protect privileged
information.

        c.     Transaction Audits

McKee professionals and paraprofessionals advised on and managed two other of
Debtors' ongoing IRS audits, which are in the final stages of discovery, involving specific
aspects of Debtors' business activities (the "Transaction Audits"). These services are noted in
Exhibits D1-D4 under Matter Codes 561 and 750. In addition to Audit Management, McKee
professionals researched and analyzed transaction data, participated in numerous teleconferences
and conferences with the IRS regarding the Transaction Audits, drafted legal memoranda with
respect to the issues raised, and prepared and made presentations to the IRS. McKee
professionals also conducted other tasks and projects not specifically enumerated in order to
preserve confidentiality and protect privileged information.

        d.     2006-2007 Audit

McKee professionals and paraprofessionals managed the postpetition IRS audit of

Debtors' 2006-2007 tax years (the "2006-2007 Audit"), which implicates several transactions and issues, some of which carryover from those included in the 1997-2000 Refund Claims and the 2001-2005 Audit. These services are noted in Exhibits D1-D4 under Matter Codes 382, 402, 489, 502, 617, 665, 667, 799, 800, 801, 810, 811, 905, 906, 907, and 908. In addition to Audit Management, McKee professionals analyzed the law and facts associated with the new transactions at issue, prepared voluntary disclosures, identified and gathered all potentially relevant documents, and began assessment and defense of the tax positions taken.    McKee professionals also conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information.

e.    Advice on Tax Issues Specific to Bankruptcy

McKee professionals and paraprofessionals advised Debtors on a variety of tax issues specific to bankruptcy. These services are noted in Exhibits D1-D4 under Matter Codes 001, 900, 904, and 911. Specifically, McKee professionals analyzed and prepared various tax calculations, participated in numerous teleconferences and conferences regarding tax liability issues, prepared for and made presentations to senior level officials at the IRS, drafted legal memoranda regarding specific tax liability issues, responded to inquiries from the Debtors' tax department, the Creditors' Committee, the SIPC Trustee, and the IRS, and negotiated specific issues raised by proposed or completed transactions. Many of the services related to these issues could only be handled by senior partners and required extensive consultation with the Debtors. McKee professionals also conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information.

9

f.    Case Administration

This category pertains to coordination activities among McKee professionals and paraprofessionals rendering services in these proceedings. These services are noted in Exhibits D1-D4 under Matter Codes 402, 701, and 849. McKee professionals positioned the various matters for litigation or resolution in appeals, discussed strategy with the Debtors' tax department, performed ongoing management of the issues related to the audits, including coordination with the Debtors, McKee staffing teams, and the IRS, assisted Debtors' with and reviewed non-transaction specific responses to IDRs, and developed and analyzed the strategy for the global issues of the various transactions subject to the audits. McKee professionals also conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information.

g.    Retention Application Preparation

Certain McKee professionals drafted and revised McKee's retention application and reviewed and ensured compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Interim Fee Order. McKee professionals and paraprofessionals also followed McKee's comprehensive conflicts check protocol to comply with applicable bankruptcy law. Additionally, certain McKee professionals and paraprofessionals prepared for and attended the retention application hearing on November 5, 2008.

h.    Fee Application Preparation

The billing procedures required by the Guidelines differ from McKee's normal billing procedures, and have required significant effort on the part of certain McKee professionals and paraprofessionals to ensure compliance with the same. Specifically, McKee professionals and paraprofessionals have researched the Guidelines and informed the

10

timekeepers of their responsibilities, compiled and reviewed the detailed time entries for privilege and confidentiality, prepared detailed and summary schedules of fees and expenses incurred, and drafted the narratives and schedules included in this Application.

19.    The foregoing professional services performed by McKee were necessary and appropriate to the administration of the Debtors' chapter 11 cases. The professional services performed by McKee were in the best interest of the Debtors, their estates, and other parties in interest.    Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved.  The professional services were performed expediently and in an efficient manner.

20.    The professional services performed by McKee on behalf of the Debtors during the Interim Fee Period required an aggregate expenditure of 5,085.5 recorded hours by McKee professionals.  Of the aggregate time expended, 1,513.5 recorded hours were expended by partners and of counsel, 2,770.8 recorded hours were expended by associates and staff attorneys, and 801.2 recorded hours were expended by paraprofessionals and litigation technology support analysts of McKee.   During the Interim Fee Period, McKee billed the Debtors for time expended by professionals and paraprofessionals based on the Firm's regular hourly rates.

### Actual and Necessary Expenses of McKee

21.    As set forth in Exhibit E, McKee has incurred $105,916.85 in expenses in providing professional services during the Interim Fee Period.  The actual expenses incurred in providing professional services were necessary, reasonable and justified to serve the needs of the Debtors, their estates, and creditors, and McKee has made every effort to minimize its expenses in these cases.   As more fully described in Exhibit E1, McKee seeks reimbursement for the

11

following categories of expenses:    (a) Air Transportation, (b) Consulting, (c) Ground Transportation, (d) Lodging, (e) Messenger/Courier, (f) Online Legal Research, (g) Other Legal Research, (h) Overtime Meals, (i) Overtime Transportation, (j) Parking, (k) Photocopies, (l) Rail Transportation, and (m) Travel Meals.    All entries in Exhibit E1 are in accordance with the Guidelines.

22.    McKee's disbursement policies pass through all out of pocket expenses (the "Out-of-Pocket Expenses"), such as travel expenses and consulting fees, at actual cost.

23.    For all other expenses, McKee typically charges clients an amount equal to two percent of the firm's fees (the "Percentage Charge").  In these chapter 11 cases, however, McKee tracks, to the extent possible, the expenses that would typically be included in the Percentage Charge (the "Tracked Expenses").  Where McKee is unable to determine the actual cost of Tracked Expenses, it charges an estimated cost.  For example, with respect to photocopy charges, McKee charges $0.20 per page pursuant to the Local Guidelines.  Given that, for the Interim Fee Period, the amount of the Tracked Expenses is less than the Percentage Charge, McKee is requesting payment only for the amount of the Tracked Expenses.  Both the Out-of-Pocket Expenses and the Tracked Expenses are included in Exhibit E1.

### The Requested Compensation Should Be Allowed

24.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  11 U.S.C. § 331.  Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> > (A)    the time spent on such services;
> >
> > (B)    the rates charged for such services;
> >
> > (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> >
> > (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> >
> > (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> >
> > (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

25.    The services for which McKee seeks compensation and the expenditures for which McKee seeks reimbursement in this Application were necessary for and beneficial to the orderly administration of the Debtors' estates and their rehabilitation and reorganization effort.    The Debtors retained McKee as special counsel to provide them with a variety of necessary services during the course of their complex tax controversy matters and certain limited non-tax matters.

26.    All of McKee's professionals who rendered services in these proceedings made a deliberate effort to avoid unnecessary duplication of work and time expended.    In certain

13

instances, however, conferences and/or collaboration were necessary among McKee's professionals.

27.    Whenever possible, McKee has sought to minimize the costs of its services to the Debtors by utilizing talented junior professionals, without sacrifice to the quality of the services rendered.

28.    Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

29.    In sum, the services rendered by McKee were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved, and approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

### Notice

30.    Notice of this Application has been served in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases. Notice has also been given to each of the retained professionals in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

14

## Conclusion

WHEREFORE McKee respectfully requests that the Court enter an order (i) awarding McKee interim compensation from the Debtors for actual and necessary professional services rendered during the Interim Fee Period in the aggregate amount of $2,727,562.00, (ii) allowing McKee interim reimbursement for actual and necessary expenses incurred during the Interim Fee Period in the aggregate amount of $105,916.85, (iii) holding that the allowance of such interim compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to McKee's right to seek additional compensation for services performed and expenses incurred during the Interim Fee Period which were not processed at the time of this Application; and (iv) granting McKee such other and further relief as it deems just and proper.

Dated: April 9, 2009
      Washington, D.C.

Rajiv Madan, Esq.
McKEE NELSON LLP
1919 M Street, N.W.
Suite 200
Washington, D.C. 20036
Telephone: (202) 775-8681
Facsimile: (202) 775-8586

Special Counsel for the Debtors
and Debtors in Possession

15