**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Lehman Brothers Holdings Inc., <u>et al</u>. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND ORDER BETWEEN THE DEBTORS AND BARCLAYS**
**CAPITAL INC. CONCERNING CERTAIN GIFT MERCHANDISE**

  WHEREAS, commencing on September 15, 2008 (the "<u>Petition Date</u>") and periodically thereafter, Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and LB 745 LLC (collectively, the "<u>Debtors</u>") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>");

  WHEREAS, on September 16, 2008, the Debtors and Lehman Brothers Inc. entered into an Asset Purchase Agreement (together with the clarifications and amendments thereto, the "<u>Purchase Agreement</u>") with Barclays Capital Inc. ("<u>Barclays</u>");

  WHEREAS, on September 20, 2008, the Court entered an order (the "<u>Sale Order</u>") approving the Purchase Agreement and the various transactions contemplated therein in the Chapter 11 Cases, including, the transfer of title to the Purchased Assets[1] to Barclays;

  WHEREAS, prior to the Petition Date, the Debtors purchased and maintained certain corporate gift merchandise, much of which was branded with Debtors' trademarks that were acquired by Barclays under the Purchase Agreement, and which was stored (i) in a warehouse located at 409 Joyce Kilmer Avenue, New Brunswick, NJ 08901 (the "<u>Warehouse</u>"), (ii) in a gift closet located on the 40th Floor at 1271 6th Avenue (the "<u>Closet</u>"), (iii) with Scarborough & Tweed, 40 Clinton Street, Pleasantville, NY 10570 ("<u>Pleasantville</u>"), (iv) with American Quality Embroidery, 5 John Walsh Blvd., Peekskill, NY 10566 ("<u>Peekskill</u>") and (v) in office locations in Boston, San Francisco and Chicago (collectively, the "<u>Other Offices</u>") (collectively, and as more fully described in Exhibit A, the "<u>Gift Merchandise</u>");

  WHEREAS, following the Closing Date, Barclays has borne certain of the costs of storage of the Gift Merchandise;

---

[1] Capitalized terms not otherwise defined herein have the definitions provided for such terms in the Sale Order.

WHEREAS, the Gift Merchandise located in Pleasantville has since been returned to the Closet;

WHEREAS, the Debtors have asserted that the Gift Merchandise constitutes property of their estates, and Barclays has maintained that the Gift Merchandise was a Purchased Asset; and

WHEREAS, the Debtors and Barclays wish to resolve any dispute concerning ownership of the Gift Merchandise as set forth herein;

IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO, AND ORDERED BY THE BANKRUPTCY COURT, THAT:

1. Upon entry of this stipulation and order by the Bankruptcy Court, and in exchange for the obligations of the Debtors set forth herein, Barclays will release and relinquish to the Debtors any right, title or interest it may have in the Gift Merchandise, including without limitation any claim that the Gift Merchandise represents Purchased Assets. Subject to paragraphs three, four and five below, Barclays hereby consents to the Debtors' use, distribution, or sale of the Gift Merchandise. For the avoidance of doubt, the Gift Merchandise is limited to the specific items in inventory as set forth on Exhibit A and does not extend to any items produced or acquired after the Petition Date.

2. Within five (5) business days of the entry of this stipulation and order by the Bankruptcy Court, Barclays will make available to the Debtors the Gift Merchandise at its current locations in the Closet, the Warehouse, Peekskill and the Other Offices (as applicable). For forty-five (45) days from the entry of this stipulation and order by the Bankruptcy Court, the Debtors may continue to utilize the Closet for storage of the Gift Merchandise, subject to compliance with paragraphs three and four herein. The Debtors shall remove the Gift Merchandise from Peekskill and the Other Offices within thirty (30) business days of the entry of this stipulation and order by the Bankruptcy Court. The Debtors may continue to utilize the Warehouse for storage of the Gift Merchandise, subject to compliance with paragraphs three and four herein.

3. Within five (5) business days of the entry of this stipulation and order by the Bankruptcy Court, the Debtors, pursuant to 11 U.S.C. § 363, will reimburse Barclays for the $33,880 in costs associated with storage of the Gift Merchandise at the Warehouse, which amount is comprised of (a) $26,880 in storage arrears, and (b) $3,500 in storage costs for each of the months of September and October 2008. Any additional costs that may arise associated with storage or disposition of the Gift Merchandise (including, without limitation, transportation of the Gift Merchandise from its current location(s)) shall be the sole responsibility of the Debtors.

4. Notwithstanding anything to the contrary, the Debtors shall not (nor enter into an arrangement that would permit a third party to) directly market to or target current

        Barclays employees (including without limitation via direct mail, e-mail, or telephone call), nor any office locations at which current Barclays employees are located in their efforts to market, sell or otherwise dispose of the Gift Merchandise. For an avoidance of doubt, the Debtors may sell the Gift Merchandise from office floors at 1271 6th Avenue, New York, New York at which no current Barclays employees are located (but may not use common areas at 1271 6th Avenue (including without limitation lobbies or reception areas) for sales or marketing) and the Debtors may respond to and sell as a result of unsolicited inquires by any person or party.

5. For the avoidance of doubt, Barclays is not relinquishing any trademark rights, and its consent hereunder shall not affect Barclays' ownership or rights to the trademarks used on the Gift Merchandise, nor shall it have any bearing on the scope or interpretation of Section 8.9 of the Purchase Agreement with respect to other activities.

6. This stipulation and order may be signed in counterparts which, when taken as a whole, shall constitute one and the same document. Facsimile signatures shall be deemed originals herein.

Dated: New York, New York
       March 18, 2009

| CLEARY GOTTLIEB STEEN & HAMILTON LLP | WEIL, GOTSHAL & MANGES LLP |
|---|---|
| /s/ Lisa M. Schweitzer | /s/ Shai Y. Waisman |
| Lindsee P. Granfield | Shai Y. Waisman |
| Lisa M. Schweitzer | 767 Fifth Avenue |
| One Liberty Plaza | New York, NY 10153 |
| New York, NY 10006 | (212) 310-8000 |
| (212) 225-2000 | |
| *Attorneys for Barclays Capital Inc.* | *Attorneys for LBHI and its affiliated debtors* |

SO ORDERED
this 10th day of April, 2009

/s/James M. Peck
United States Bankruptcy Judge

3