# EXHIBIT B

# Retention Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————————x
                                                                        :
In re                                                                   :   Chapter 11 Case No.
                                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*                                 :   08-13555 (JMP)
                                                                        :
           Debtors.                                                     :   (Jointly Administered)
                                                                        :
———————————————————————————x

## ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103, FED. R. BANKR. P. 2014, AND S.D.N.Y. LBR 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF LAZARD FRERES & CO. LLC AS INVESTMENT BANKER TO LEHMAN BROTHERS HOLDINGS INC., ET AL., EFFECTIVE AS OF SEPTEMBER 15, 2008

Upon the Application, dated November 13, 2008 (the "Application")[1] of Lehman Brothers Holdings Inc. and its affiliated debtors (collectively, the "Debtors") for an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), and rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing the Debtors to retain and employ Lazard Frères & Co. LLC ("Lazard") as investment banker for the Debtors, effective as of September 15, 2008 (the "Effective Date"), pursuant to the terms of the engagement letter between the Debtors and Lazard, dated October 20, 2008 (the "Engagement Letter"), and the related indemnification agreement between the Debtors and Lazard, dated as of September 12, 2008 (the "Indemnification Letter" and, together with the Engagement Letter, the "Engagement Agreement"); and

---

[1] Capitalized terms that are used but not defined in this order have the meaning ascribed to them in the Application.

the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C § 157(b); and venue being proper before this Court pursuant to 28 U.S.C § 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application and determined that the employment of Lazard by the Debtors is necessary and in the best interest of the Debtors' estate, creditors, and other parties in interest and that the terms of compensation being sought by the Application as set forth in the Engagement Agreement are reasonable; and the Court having considered the Affidavit of Barry W. Riddings, Managing Director and Vice Chairman of Lazard, sworn to on November 13, 2008 (the "Ridings Affidavit") filed in support of the Application; and the Court being satisfied based on the representations in the Application and the Ridings Affidavit that Lazard does not represent any other entity having an adverse interest in connection with the case; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and the Office of the United States Trustee for Region 2 (the "United States Trustee") having no objection to certain modifications of the terms and conditions of retention set forth in the Final Order Pursuant to 11 U.S.C. §327(a) and 328(a) Authorizing the Employment and Retention of the Blackstone Group L.P. as

Financial Advisor for the Debtors and Debtors-In-Possession, entered in *In re Global Crossing, Ltd.*, Case No 02-40187 (REG), because of the exceptional circumstances caused by the scope and magnitude of these chapter 11 cases; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that in accordance with sections 328(a) and 1103 of the Bankruptcy Code, the Debtors are authorized to employ and retain Lazard as of September 15, 2008 as its investment banker in the chapter 11 cases on the terms set forth in the Application and the Engagement Letter, as modified hereby; and it is further

ORDERED that all compensation and reimbursement of expenses to be paid to Lazard shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code, and not subject to any other standard of review, including under section 330 of the Bankruptcy Code; and it is further

ORDERED that, notwithstanding the proceeding paragraph, all monthly fees and all fees payable in connection with any Sale Transaction, any Financing, or any Restructuring (collectively, the "Deferred Fees") and reimbursement of expenses to be paid to Lazard shall be subject to prior approval of this Court pursuant to the standard of review described above, and the United States Trustee shall retain the right to object to the monthly fees and Deferred Fees payable pursuant to the Engagement Letter based on the reasonableness standard provided for in section 330 of the Bankruptcy Code and the Court shall consider any such objection by the United States Trustee under section 330 of the Bankruptcy Code; and it is further

ORDERED that all Lazard financial restructuring personnel employed in domestic U.S. offices of Lazard who provide services to or on behalf of the Debtors as authorized hereby shall keep contemporaneous records of the work performed by them in hourly increments; and it is further

ORDERED that all other personnel of Lazard or its affiliates who provide services to or on behalf of the Debtors as authorized hereby shall keep detailed descriptions of the work performed by them and Lazard shall prepare a weekly summary of such detailed descriptions and provide same to the United States Trustee; and it is further

ORDERED that to the extent the United States Trustee has any objection to the scope, completeness or adequacy of the time records or summaries thereof described in the preceeding paragraph the United States Trustee shall notify Lazard with thirty (30) days of receipt thereof or the United States Trustee shall be deemed to have waived any such objection; and it is further

ORDERED that upon submission of the foregoing time records to the United States Trustee, Lazard shall also provide the United States Trustee with schedules of the Lazard personnel who provided services to or on behalf of the Debtors identifying (i) which individuals are financial restructuring personnel employed in domestic U.S. offices of Lazard and (ii) which are not; provided, however, that Lazard shall not be required to maintain neither time records nor summaries of work performed by Lazard personnel for services rendered to or on behalf of the Debtors through and including the date on which this Order is entered; and it is further

4

ORDERED that in the event Lazard seeks reimbursement for attorneys' fees pursuant to the terms of the Engagement Agreement, the invoices and supporting time records from such attorneys shall be included in Lazard's own application and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code; and it is further

ORDERED that none of the fees hereunder, including the Deferred Fees, shall constitute a "bonus" or "fee enhancement" under applicable law; and it is further

ORDERED that the Debtors will be bound by the indemnification, contribution, reimbursement and exculpation provisions of the Engagement Agreement and will indemnify and hold harmless Lazard and its affiliates, and its and their respective directors, officers, members, agents, employees and controlling persons, and each of their respective successors and assigns (collectively, the "Indemnified Persons"), pursuant to the Engagement Agreement and, during the pendency of these chapter 11 cases, subject to the following conditions:

    (i)    all requests of Indemnified Persons for payment of indemnity, contribution or otherwise pursuant to the indemnification provisions of the Engagement Agreement shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Engagement Agreement, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the orders of this Court and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; <u>provided, however,</u> that in no event shall an Indemnified Person be indemnified or receive contribution to the extent that any claim or expense has resulted in the bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence or

        willful misconduct on the party of that or any other Indemnified Person;

(ii)    in no event shall an Indemnified Person be indemnified or receive contribution or other payment under the indemnification provisions of the Engagement Agreement if the Debtors, their estates or the Committee assert a claim, to the extent that the Court determines by final order that such claim resulted from the bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person; and

(iii)    in the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Agreement, the invoices and supporting time records from such attorneys shall be annexed to Lazard's own interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorney has been retained under section 1103 of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent with the Engagement Agreement or the Application, this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: New York, New York
       December 17, 2008

                                        *s/ James M. Peck*
                                        UNITED STATES BANKRUPTCY JUDGE