UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : 08-13555 (JMP) |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------x

**FIRST INTERIM APPLICATION OF REILLY POZNER LLP FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | Reilly Pozner LLP |
| Authorized to Provide Professional Services to: | Lehman Brothers Holdings Inc. |
| Date of Retention: | August 2006 |
| Period for which compensation and reimbursement are sought: | September 15, 2008 through and including January 31, 2009 |
| Amount of compensation sought as Actual, reasonable and necessary: | $464,631.00 |
| Amount of expenses sought as Actual, reasonable and necessary: | $33,888.11 |
| This is a(n): | ___ Monthly  _X_ Interim  ____ Final Application |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
In re                                                                            :   Chapter 11 Case No.
                                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :   08-13555 (JMP)
                                                                                 :
                                              Debtors.                 :   (Jointly Administered)
                                                                                 :
                                                                                 :
------------------------------------------------------------x

## FIRST INTERIM APPLICATION OF REILLY POZNER LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Reilly Pozner LLP ("RP"), special counsel for Lehman Brothers Holdings Inc. ("LBHI") and certain of its direct and indirect subsidiaries, as debtors and debtors in possession here (collectively, the "Debtors"), submits this first interim application for compensation and reimbursement of expenses (the "Application") seeking the entry of an Order pursuant to 11 U.S.C. §330 AND 331 awarding interim compensation to RP for the period of September 15, 2008 through and including January 31, 2009 (the "First Application Period") of $464,631.00 for fees incurred by the Debtor for services totaling 2,071.50 hours (resulting in a blended hourly rate of $224.30) and $33,888.11 for expenses, in accordance with the Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals dated March 13, 2009 (Docket No. 3102) (the "Monthly Compensation Order"), and granting related relief, and respectfully sets forth and represents as follows:

1.    This Application is made in accordance with the Monthly Compensation Order, a true and correct copy of the Monthly Compensation Order is attached hereto as **Exhibit A**. By this Application RP seeks interim approval and allowance of its compensation for legal services

315470

and reimbursement of expenses incurred during the Application Period, including authorization for the Debtors to pay the 20% holdback of fees as provided under Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Expense Reimbursement of Professionals and Committee Members (the "Administrative Order").

2.     RP has filed and served the monthly fee statement for the period covering September 15, 2008 through and including January 31, 2009.

3.     RP seeks interim allowance of fees in the amount of $371,704.80 for legal services rendered and reimbursement of expenses in the amount of $33,888.11 which were incurred during the Application Period (collectively, the "Requested Amount"). In addition RP requests that the Debtors be authorized to pay the $92,926.20 in fees representing the twenty percent (20%) "holdback" of fees (the "First Interim Holdback).

## Background

4.     Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors Committee").

6. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

7. By order dated January 28, 2009 (Docket No. 2680), RP was retained by the Debtors as special counsel, effective *nunc pro tunc*, effective as of the Commencement Date, to (i) prosecute loss recovery litigation and/or pre-filing settlement negotiations against sellers of mortgage loans on the secondary market and ancillary matters arising in such lawsuits; (ii) act as national coordinating counsel in nationwide loss recovery litigation; and (iii) representing the Debtors in connection with proofs of claims relating to the purchase, sale, or other transfer of mortgage loans. A copy of the Order Authorizing Employment and Retention of RP as Special Counsel is annexed hereto as **Exhibit B**.

8. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334, and the Order of Reference of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). This Court is the proper venue for this proceeding in accordance with 28 U.S.C. § 1409.

## The Application

9. This Application is made pursuant to 11 U.S.C. §105, 330 and 331 and the Monthly Compensation Order.

10. RP is a litigation firm of 21 attorneys, that, in this matter:

(i) prosecutes loss recovery litigation and/or pre-filing settlement negotiations against sellers of mortgage loans on the secondary market and ancillary matters arising in such lawsuits; (ii) acts as national coordinating counsel in nationwide loss recovery litigation; and (iii) represents Debtors in connection with proofs of claims relating to the purchase, sale, or other

4

315470

transfer of mortgage loans. As described in the Application Authorizing Employment and Retention of RP as Special Counsel, RP has extensive knowledge and experience with these kinds of matters. RP is a leading trial firm which has represented Debtors and their affiliates in these types of matters. The firm has significant experience in the coordination and prosecution of national litigation strategies, including for Debtors and their affiliates. In addition, RP's litigation professionals frequently represent individuals and business entities in a wide range of litigation matters, including government investigations and proceedings.

11. RP has represented LBHI, directly or through its subsidiary Aurora Loan Services, LLC, since 2006 in loss recovery litigation. During that time, RP has represented LBHI and its affiliates in state and federal court litigation in several states and has overseen and coordinated the efforts of local and regional counsel. Over the course of its representation of the Debtors and their affiliates, RP has become familiar with the relevant business personnel and operations, as well as the legal matters described in this Application.

12. For the convenience of this Court, and in accordance with the Fee Guidelines adopted by the Office of the United States Trustee, a summary of the total hours worked during the Application Period by each professional and paraprofessional for whose services compensation is being sought, together with a recitation of the hourly billing rate for each person and the total compensation sought for each person's services is attached hereto as **Exhibit C**. RP believes that these rates constitute market rates and are equal to or less than the rates charged by professionals with similar experience. RP has also annexed to this Application, as incorporated in **Exhibit C**, a print-out of the total disbursements Applicant has necessarily incurred on behalf of the Debtors during the Second Monthly Application Period.

315470

13. RP has opened a file bearing a separate client number for the Debtors. The Debtors' client number is 7331. All time and disbursements are billed to independent matters within the general client number. Attached as **Exhibit D** is a summary of the services rendered by RP in each of the matters on behalf of the Debtors during the Application Period. Exhibit D reflects the actual expense and time recorded, the services rendered, the date the services were rendered and the names of the individuals performing the services by RP during the First Interim Application Period on behalf of Debtors. The rate for each of the individuals referred to above is equal to the billing rate for such individual's time for similar services rendered to clients in connection with bankruptcy and non-bankruptcy matters. RP believes that these rates constitute market rates and are equal to or less than the rates charged by professionals with similar experience.

### Professional Services Rendered

14.     To date in this case, RP has been asked to assist the Debtors in mortgage loan-related litigation. Specifically, RP has researched, prepared, filed, litigated, and/or settled cases on behalf of Debtors against counterparties to sales of mortgage loans on the secondary mortgage market; coordinated and supervised such litigation prosecuted by local and regional counsel; and administered the overall litigation effort.

15.     In addition to the services rendered above, RP also prepared monthly fee statements, and kept itself apprised of general issues in the case through review of the case docket and pleadings filed, and communications with Weil Gotshal & Manges LLP ("WGM"), as needed for the effective and administration of the secondary market litigation.

16.     The foregoing services performed by RP were necessary and appropriate to the effective and efficient administration of the secondary market litigation. The professional

services performed by RP were in the best interests of Debtors, their creditors, and other parties in interest and were provided without unnecessary duplication of effort or expense. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner.

17. The professional services performed by RP on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 2,071.50 recorded hours by RP's partners, associates, and paraprofessionals. Of the aggregate time expended, 213.10 recorded hours were expended by partners, 1,370.90 recorded hours were expended by associates and contract attorneys, and 488.10 recorded hours were expended by paraprofessionals.

18. During the Compensation Period, RP's hourly billing rates for attorneys ranged from $175 to $500 per hour. Allowance of compensation in the amount requested would result in a blended hourly rate for attorneys of approximately $224.30 based on recorded hours at RP's regular billing rates in effect at the time of the performance of services. As noted, annexed hereto as "Exhibit C" is a schedule listing each RP professional and paraprofessional who performed services in these cases during the billing period, the hourly rate charged by RP for services performed by each individual, and the aggregate number of hours and charges by each such individual.

### Actual and Necessary Disbursements of RP

19. As stated, annexed hereto as "Exhibit C" is a schedule of the actual and necessary expenses incurred by RP in connection with its representation of the Debtors. As set forth in Exhibit C, RP requests allowance of actual and necessary expenses incurred by RP during the Compensation Period in the aggregate amount of $33,888.11.

## The Requested Compensation Should Be Allowed

20. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including ---
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

21. In the instant cases, RP respectfully submits that the professional services and the expenditures for which it seeks reimbursement in this Application were, at the time rendered, believed to be necessary for and beneficial to the Debtors and their chapter 11 estates. Accordingly,

RP further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

### Notice

22. Pursuant to the Compensation & Reimbursement Order, notice of this Application will be served upon (i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, 45th Floor, New York, New York 10020 (Attn: John Suckow and David Coles) (ii) Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Y Waisman, Esq.); (iii) Milbank, Tweed, Hadley & McCoy LLP 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Fleck, Esq.) attorneys for the Creditors' Committee; (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq. and Tracy Hope Davis, Esq.

23. All services for which compensation and reimbursement of expenses are requested by RP were performed for and on behalf of the Debtors. No agreement or understanding exists between RP and any other person for the sharing of compensation to be received for the services rendered in connection with RP's representation of the Debtors, and no action prohibited by §504 of the Bankruptcy Code has been, or will be, made by RP.

24. No previous application or motion for the relief requested herein has been made to this or any other Court.

### Conclusion

25. Based on the foregoing, RP respectfully submits that the services rendered in the instant case during the First Interim Application Period have been efficient and effective. RP will continue to (i) represent the Debtors in prosecuting loss recovery litigation and/or pre-filing

settlement negotiations against sellers of mortgage loans on the secondary market and ancillary matters arising in such lawsuits; (ii) act as national coordinating counsel in nationwide loss recovery litigation; and (iii) represent the Debtors in connection with proofs of claims relating to the purchase, sale, or other transfer of mortgage loans. As previously stated, RP seeks (i) compensation in the amount of $464,631.00 and expenses of $33,888.11, all incurred between September 15, 2008 and January 31, 2009; (ii) authorization for the Debtors to pay those amounts.

WHEREFORE, RP respectfully requests that this Court enter an Order consistent with the relief requested herein for such other and further relief as the Court deems just and proper.

DATED: April 3, 2009

Respectfully submitted,

/s/ Michael A. Rollin
Michael A. Rollin
REILLY POZNER LLP
511 Sixteenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
mrollin@rplaw.com

315470

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                              :
In re                                                         :    Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                      :    08-13555 (JMP)
                                                              :
                    Debtors.                                  :    (Jointly Administered)
                                                              :
                                                              :
-----------------------------------------------------------------x

## CERTIFICATION OF MICHAEL A. ROLLIN

Michael A. Rollin, a member of the firm of Reilly Pozner LLP, ("Applicant"), attorneys authorized to provide legal services as Special Counsel to Lehman Brothers Holdings, Inc. ("LBHI"), and its affiliated debtors in the above referenced chapter 11 cases pursuant to an order of this Court. This certification is made in support of the First Interim Application of Reilly Pozner LLP (the "Application") and in compliance with Rule 2016(a) and with the United States Trustee's Guidelines for Review Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330.

I have read the Application and I certify that the Application substantially complies with the Rule and the Guidelines.

DATED: April 3, 2009

                                              /s/ Michael A. Rollin
                                              Michael A. Rollin
                                              REILLY POZNER LLP
                                              511 Sixteenth Street, Suite 700
                                              Denver, Colorado 80202
                                              Telephone: (303) 893-6100
                                              Facsimile: (303) 893-6110
                                              mrollin@rplaw.com

315470