UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
In re                                            :    Chapter 11 Case No.
                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,         :    08-13555 (JMP)
                                                 :
                    Debtors.                     :    (Jointly Administered)
                                                 :
                                                 :
------------------------------------------------------------x

### SECOND AMENDED ORDER PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016(a) ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the proposed amended order filed March 9, 2009 (the "Second Amended Order"), of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 331 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to establish procedures for interim monthly compensation and reimbursement of expenses of professionals (the "Professionals"), all as more fully described in the Motion and the Second Amended Order; and the Court having jurisdiction to consider the Second Amended Order and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the Second Amended Order and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Second Amended Order having been provided in accordance with

NY2:\1975263\02\16C4F02!.DOC\58399.0003

**EXHIBIT A**

the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having entered an amended order, dated November 5, 2008 (the "Amended Order") [Docket No. 1388], governing the procedures for interim monthly compensation and reimbursement of expenses of professionals; and the Court concluded that there is cause to make certain amendments to the Amended Order; and the Court having found and determined that the relief sought in the Second Amended Order is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion and the Second Amended Order establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that Amended Order is superseded in its entirety by this Second Amended Order; and it is further

ORDERED that except as may otherwise be provided in orders of the Court authorizing the retention of specific Professionals, all Professionals in these cases may seek monthly compensation in accordance with the following procedures (the "Interim Compensation Procedures"):

(a)  On or before the **thirtieth (30th)** day of each month following the month for which compensation is sought, each professional seeking compensation, other than a professional retained as an ordinary course professional, will serve a monthly statement (the "Monthly Statement"), by hand or overnight delivery on (i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, 45th Floor, New York, New York, 10020 (Attn: John Suckow and David Coles); (ii) Weil,

    Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Y. Waisman, Esq.); (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the Creditors' Committee; (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq. and Tracy Hope Davis, Esq.) (the "Notice Parties").

(b)  The Monthly Statement need not be filed with the Court and a courtesy copy need not be delivered to chambers since this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and since professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

(c)  Each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney, paralegal, etc.) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the fees and expenses incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable.

(d)  Each Notice Party shall have at least **fifteen (15)** days after receiving the Monthly Statement to review the statement and, if the Notice Party objects to the compensation or reimbursement sought in a particular statement, such Notice Party shall, no later than **the forty-fifth (45th)** day following the month for which compensation is sought, serve upon the professional to whose Monthly Statement the Notice Party objects and the other Notice Parties a written "Notice of Objection to Fee Statement," setting forth the nature of the Notice Party's objection and the amount of fees or expenses at issue.

(e)  At the expiration of the **forty-five (45)** day period, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (d) above.

(f)  If the Debtors object or receive an objection to a particular Monthly Statement, the Debtors shall withhold payment of that portion of the Monthly Statement to

(g)     which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

(g)     If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Statement was objected to serves on all Notice Parties a statement indicating that the objection is withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Statement that is no longer subject to an objection.

(h)     All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

(i)     The service of an objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground regardless of whether the objecting party raised the ground in the objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(j)     Commencing with the period ending January 31, 2009, and at four-month intervals thereafter, each of the professionals shall file with the Court, in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov), an application (an "Interim Fee Application") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the fee statements served during such period (the "Interim Fee Period"). Each professional shall file its Interim Fee Application within 45 days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each professional shall file its first Interim Fee Application on or before April 10, 2009 and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date through and including January 31, 2009. All professionals not retained as of the Commencement Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention, and otherwise in accordance with the procedures set forth in this Motion.

(k)     The Debtors' attorneys shall obtain a date from the Court for the hearing of fee applications for all retained professionals. At least 30 days prior to such hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all retained professionals, setting forth the time, date and location of the fee hearing, the Interim Fee Period applications cover and the objection deadline. Any retained professional unable to file its own fee application with the Court shall deliver to the Debtors' attorneys a fully executed

copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such application.

(l) The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

(n) Counsel for the Creditors' Committee may, in accordance with the Interim Compensation Procedures collect and submit statements of expenses (excluding third-party counsel expenses of individual committee members), with supporting vouchers, from members of the Creditors' Committee; *provided, however*, that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

; and it is further

ORDERED that the Debtors shall include all payments to Professionals on their monthly operating reports, detailed by line item so as to state the amount paid to each of the Professionals, and detailed so as to state the amount paid to ordinary course professionals (which may be aggregated into one line item); and it is further

ORDERED that any party may object to requests for payments made pursuant to this Second Amended Order, or move to modify or vacate all or certain provisions of this Second Amended Order, on the grounds that (a) the Debtors have not timely filed monthly operating reports, (b) the Debtors have not remained current with their administrative expenses or fees due under 28 U.S.C. § 1930(a)(6), (c) the Debtors are administratively insolvent or approaching insolvency, and (d) cause otherwise exists; *provided, however*, that the inclusion in this Second Amended Order of the foregoing bases shall not be determinative of the validity of any such bases and all parties' rights are expressly reserved; and it is further

ORDERED that all time periods set forth in this Second Amended Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that sending notice of the hearing to consider Interim Fee Applications to the Standard Parties entitled to notice pursuant to the Court's amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] shall be good and sufficient notice; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.

Dated: March 13, 2009
      New York, New York

                                                              */s/ James M. Peck*
                                                             UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
In re                                                       :    Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :    08-13555 (JMP)
                                                            :
                    Debtors.                                :    (Jointly Administered)
                                                            :
                                                            :
------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF REILLY POZNER LLP AS SPECIAL COUNSEL TO DEBTORS, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon consideration of the application, dated January 14, 2009 (the "Application")[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to employ and retain Reilly Pozner LLP ("RP") as special counsel to the Debtors *nunc pro tunc* to the Commencement Date; and upon the Affidavit of Michael A. Rollin, a member of RP (the "Rollin Affidavit"), filed in support of the Application; and the Court being satisfied, based on the representations made in the Application and the Rollin Affidavit, that RP represents no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under section 327 of the Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

EXHIBIT B

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing thereof, it is

ORDERED that the Application is approved; and it is further

ORDERED that pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain RP as special counsel to the Debtors on the terms set forth in the Application and this order, effective *nunc pro tunc* to the Commencement Date, for the matters identified in the Application and in accordance with RP's customary rates in effect from time to time and its disbursement policies; and it is further

ORDERED that RP shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, local rules and orders of the Court, guidelines established by the

U.S. Trustee, and such other procedures as may be fixed by order of this Court, including but not limited to the Court's Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals.

Dated: January 28, 2009
    New York, New York

                                             /s/ *James M. Peck*
                                             UNITED STATES BANKRUPTCY JUDGE