**Hearing Date: May 13, 2009**
**Objection Deadline: TBD**

SIMPSON THACHER & BARTLETT LLP
Special Counsel to the Debtors
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
In re                                                        :          **Chapter 11**
                                                             :          **Case No. 08-13555**
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, :                         **(Jointly Administered)**
                                                             :
**Debtors.**                                                 :
                                                             :
-------------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES**
**FOR REVIEWING APPLICATIONS FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. §§ 330 AND 331**

### FIRST INTERIM APPLICATION

| | |
|---|---|
| **NAME OF APPLICANT:** | Simpson Thacher & Bartlett LLP |
| **TIME PERIOD:** | September 15, 2008 through and including January 31, 2009 |
| **ROLE IN THE CASE:** | Special Counsel to the Debtors |
| **CURRENT APPLICATION:** | Total Fees Requested: $1,383,114.40 |
| | Total Expenses Requested: $28,601.43 |
| **PRIOR APPLICATIONS:** | None |

**I. Partners**

| Name of Professional | Law School Graduation | Partner Year | Hours | Hourly Rate | Total Fees[1] |
|---|---|---|---|---|---|
| Alvin Brown | 1974 | 1989 | 46.80 | 980 | $45,864.00 |
| Michael Chepiga | 1979 | 1986 | 114.60 | 1,000 | $114,600.00 |
| John Creed | 1985 | 1996 | .80 | 980 | $784.00 |
| John Ericson | 1999 | 2007 | 63.40 | 865 | $54,841.00 |
| John Finley | 1981 | 1989 | 81.80 | 980 | $80,164.00 |
| Marcy Geller | 1997 | 2005 | 1.00 | 915 | $915.00 |
| Andy Keller | 1983 | 1994 | 108.30 | 980 | $106,134.00 |
| Gary Mandel | 1996 | 2003 | .50 | 950 | $475.00 |
| Mary Elizabeth McGarry | 1982 | 1990 | 20.90 | 980 | $20,482.00 |
| Lee Meyerson | 1981 | 1989 | 1.00 | 980 | $980.00 |
| Peter Pantaleo | 1982 | 1991 | 12.20 | 980 | $11,956.00 |
| Brian Robbins | 1988 | 1998 | .30 | 960 | $288.00 |
| John Tehan | 1973 | 1982 | 1.00 | 980 | $980.00 |
| Peter Thomas | 1984 | 1992 | 52.10 | 980 | $51,058.00 |
| John Walker | 1977 | 1984 | 6.10 | 960 | $5,856.00 |
| **Total Partner:** | | | **510.80** | | **$495,377.00** |

**II. Counsel**

| Name of Professional | Law School Graduation | Hours | Hourly Rate | Total Fees[2] |
|---|---|---|---|---|
| Brian Chisling (Senior Counsel) | 1994 | 2.80 | 765 | $2,142.00 |
| Jamin Koslowe (Counsel) | 2002 | 30.60 | 740 | $22,644.00 |
| Frank Marinelli (Counsel) | 1987 | 4.30 | 740 | $3,182.00 |
| Kathrine McLendon (Senior Counsel) | 1980 | 30.00 | 765 | $22,950.00 |
| Michael Naughton (Senior Counsel) | 1994 | 18.00 | 765 | $13,770 |
| David Wohl (Senior Counsel) | 1995 | .50 | 765 | $382.50 |
| **Total Counsel And Senior Counsel:** | | **86.20** | | **$65,070.50** |

---

[1]    In accordance with Simpson Thacher's pre-Commencement Date practice with the Debtors, overall monthly fees for the General Corporate and Securities Matters (defined below) and the Marubeni Matter (defined below) are subject to a 30% discount. This discount is not reflected in the "Total Fee" amounts listed on this summary, but was applied to the overall monthly fee amounts for the General Corporate and Securities Matters and the Marubeni Matter set forth in each monthly fee statement and is also reflected in the Compensation Period totals for those matters set forth on Exhibit C to the Application.

[2]    See footnote 1.

### III. Associates

| Name of Professional | Law School Graduation | Hours | Hourly Rate | Total Fees[3] |
|---|---|---|---|---|
| Eric Albert | 1998 | 136.10 | 690 | $93,909.00 |
| Jill Allegretti | 2000 | 1.50 | 690 | $1,035.00 |
| R. Justin Benford | 2007 | 4.30 | 455 | $1,956.50 |
| Jordan Bleicher | 2007 | 22.50 | 455 | $10,237.50 |
| Simone Bono | 2001 | 32.90 | 690 | $22,701.00 |
| Victor Chai | 2005 | 91.20 | 530 | $48,336.00 |
| Elizabeth Cooper | 2001 | 41.30 | 690 | $28,497.00 |
| Brijesh Dave | 2001 | 69.00 | 690 | $47,610.00 |
| Patrick Dowd | 2006 | 27.40 | 530 | $14,522.00 |
| S.J. Gagliardi | 2007 | 10.00 | 455 | $4,550.00 |
| Mark Hennes | 2007 | 12.30 | 485 | $5,965.50 |
| William Kearney | 1996 | 8.00 | 410 | $3,280.00 |
| Anne Knight | 2005 | 81.65 | 590 | $48,173.50 |
| Edgar Lewandowski | 2003 | 91.60 | 650 | $59,540.00 |
| Steven Liang | 2006 | 21.00 | 530 | $11,130.00 |
| Christopher Lucht | 2002 | 71.20 | 675 | $48,060.00 |
| Justin Lungstrum | 1995 | 6.50 | 690 | $4,485.00 |
| Peter Martelli | 2000 | 73.80 | 690 | $50,922.00 |
| Courage Otaigbe | 2007 | 3.80 | 455 | $1,729.00 |
| Bryce Pashler | 2004 | 170.50 | 625 | $106,562.50 |
| Meryl Rosen | 2006 | .50 | 530 | $265.00 |
| Gabriel Rottman | 2007 | 162.20 | 455 | $73,801.00 |
| Reynelle Staley | 2003 | 157.10 | 650 | $102,115.00 |
| Rhett Van Syoc | 2005 | 2.80 | 590 | $1,652.00 |
| Beth Understahl | 2006 | 8.00 | 530 | $4,240.00 |
| Howie Wachtel | 2006 | 50.10 | 530 | $26,553.00 |
| **Total Associate:** | | **1,357.25** | | **$821,827.50** |

### IV. Law Clerks (Awaiting Admission)

| Name of Professional | Law School Graduation | Hours | Hourly Rate | Total Fees[4] |
|---|---|---|---|---|
| Genevieve Dorment | 2008 | 34.90 | 385 | $13,436.50 |
| Caleb Edwards | 2008 | 68.70 | 385 | $26,449.50 |
| Hiral Mehta | 2008 | 42.20 | 385 | $16,247.00 |
| Conor Reidy | 2008 | 62.20 | 385 | $23,947.00 |
| Katherine Sholly | 2008 | 93.90 | 385 | $36,151.50 |
| **Total Law Clerk:** | | **301.90** | | **$116,231.50** |

---

[3]       See footnote 1.

[4]       See footnote 1.

## V. Paraprofessionals

| Name of Professional | Hours | Hourly Rate | Total Fees[5] |
|---|---|---|---|
| Anne Alfano | 5.50 | 200 | $1,100 |
| Mollie Braverman | 3.00 | 175 | $525.00 |
| Amy Craiger | .80 | 200 | $160.00 |
| Pat Davis | .30 | 225 | $67.50 |
| Anitha Gandhi | 1.00 | 200 | $200.00 |
| Brian Gartner | 9.30 | 175 | $1,627.50 |
| Maria Gonzalez | 53.50 | 235 | $12,572.50 |
| Elise Greven | 1.00 | 225 | $225.00 |
| Lars Hanson | .50 | 225 | $112.50 |
| Gwen Johnson | 4.50 | 130 | $585.00 |
| Elisabeth Juterbock | .90 | 200 | $180.00 |
| Simon Kliegman | 1.50 | 175 | $262.50 |
| Magallie Kortright | 3.50 | 235 | $822.50 |
| Andrew Laird | .50 | 175 | $87.50 |
| Timothy Lobdell | 52.90 | 235 | $12,431.50 |
| Christine Lopez | 45.00 | 175 | $7,875.00 |
| Gregory Lynch | .50 | 225 | $112.50 |
| Elizabeth Martinez | 1.50 | 175 | $262.50 |
| John Oberbeck | 22.80 | 235 | $5,358.00 |
| Michael Riordan | 8.80 | 175 | $1,540.00 |
| Andy Shahinllari | 2.00 | 225 | $450.00 |
| **Total Paraprofessional:** | **219.30** | | **$46,557** |

## VI. Other Non-Attorney Timekeepers

| Name of Professional | Hours | Hourly Rate | Total Fees[6] |
|---|---|---|---|
| Moshe Azoulai (Litigation Support Manager) | 2.90 | 290 | $841.00 |
| Michael Bronson (Librarian) | .30 | 210 | $63.00 |
| Alex Fan (Litigation Support Analyst) | .30 | 235 | $70.50 |
| Penny Frank (Library Reference Manager) | 3.50 | 210 | $735.00 |
| Eleanor Fronda (Librarian) | 2.30 | 210 | $483.00 |
| Pamela Paccione (Librarian) | .20 | 210 | $42.00 |
| Ann Samuels (Litigation Support Analyst) | 14.00 | 235 | $3,290.00 |

---

[5]      See footnote 1.

[6]      See footnote 1.

| | | | |
|---|---|---|---|
| Nancy Thiessen<br>(Litigation Support Analyst) | .50 | 235 | $117.50 |
| Lou Tripodi<br>(Librarian) | 1.50 | 210 | $315.00 |
| **Total Non-Attorney Timekeepers:** | **25.50** | | **$5,957.00** |

Hearing Date: May 13, 2009
Objection Deadline: TBD

SIMPSON THACHER & BARTLETT LLP
Special Counsel to the Debtors
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
:
In re                                         :                **Chapter 11**
:                **Case No. 08-13555**
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, :                **(Jointly Administered)**
:
**Debtors.**                                   :
:
-------------------------------------------------------------x

# FIRST INTERIM APPLICATION OF SIMPSON THACHER & BARTLETT LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Simpson Thacher & Bartlett LLP ("Simpson Thacher" or the "Firm"), special counsel to Lehman Brothers Holdings Inc. ("LBHI") and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "Debtors"), for its first interim application (the "Application"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for allowance of compensation for professional services performed by Simpson Thacher during the period commencing September 15, 2008, through and including January 31, 2009 (the "Compensation Period"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, respectfully represents:

## Background

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

## Jurisdiction

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Lehman's Business

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

6.    Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Retention of Simpson Thacher

1.    By an order dated November 21, 2008 [Docket No. 1658] (the "Retention Order"), the Court approved the application dated November 3, 2008 filed by the Debtors seeking authorization pursuant to section 327(e) of the Bankruptcy Code *nunc pro tunc* to the Commencement Date to employ Simpson Thacher as special counsel to the Debtors for certain non-bankruptcy related postpetition corporate and litigation matters (the "Retention Application") [Docket No. 1352].  These matters are more fully described in the Affidavit of Mary Elizabeth McGarry dated October 31, 2008 (the "Retention Affidavit"), submitted as Exhibit A to the Retention Application, and the Affidavit of Mary Elizabeth McGarry dated November 18, 2008 (the "Supplemental Retention Affidavit"), submitted to the Court on November 18, 2008 in connection with the Retention Application [Docket No. 1588].[1]

## Summary of Requested Professional Compensation
## And Reimbursement of Expenses

---

[1]    On April 9, 2009 the Court approved the expansion of Simpson Thacher's retention to include, *nunc pro tunc* to December 18, 2008, the representation of one or more of the Debtors in connection with insurance regulatory advice with respect to insurance company counterparties to derivatives contracts in circumstances where Weil, Gotshal & Manges LLP is unable to provide such advice due to conflicts (the "Insurance Matter").  Because Simpson Thacher's retention for the Insurance Matter was approved after the Compensation Period, fees and expenses incurred during the Compensation Period with respect to the Insurance Matter have not been included in either Simpson Thacher's monthly fee statements or this Application.  Such fees and expenses, as well as fees and expenses incurred in connection with the Insurance Matter in February, March and April 2009 shall be included in Simpson Thacher's April 2009 monthly fee statement and in future fee applications.

2.      This Application has been prepared in accordance with (a) the Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines" ), (b) the

United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the

"UST Guidelines"), and (c) the Second Amended Order Pursuant to Sections 105(a) and 331 of

the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals entered by the Court on March

13, 2009 (the "Interim Compensation Order" and, collectively with the Local Guidelines and the

UST Guidelines, the "Guidelines").

3.      Simpson Thacher has not requested previously any compensation from the

Court for professional services or reimbursement of expenses.

4.      By this Application, Simpson Thacher seeks allowance in full of interim

compensation for professional services rendered to the Debtors during the Compensation Period,

in the aggregate amount of $1,383,114.40, and for reimbursement of actual, necessary expenses

incurred in connection with such services in the aggregate amount of $28,601.43.  During the

Compensation Period, Simpson Thacher attorneys and paraprofessionals/other non-attorney

timekeepers expended a total of 2,501.65 hours for which compensation is sought.

5.      In accordance with the Interim Compensation Order, Simpson Thacher has

received payments to date totaling $1,135,092.95 ($1,106,491.52 of which is for services

rendered and $28,601.43 of which is for reimbursement of expenses) for the Compensation

Period.  By this Application, Simpson Thacher seeks payment of the remaining $248,021.45,

which amount represents the Court-ordered 20% holdback of Simpson Thacher requested fees during the Compensation Period.

6.     During the Compensation Period, other than pursuant to the Interim Compensation Order, Simpson Thacher has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Simpson Thacher and any other person, other than partners of the Firm, for the sharing of compensation to be received for services rendered in these cases.

7.     The fees charged by Simpson Thacher in these cases are billed in accordance with its agreed-upon billing rates and procedures in effect during the Compensation Period.  The rates charged by Simpson Thacher for the services rendered in these chapter 11 cases do not (and will not) exceed the rates Simpson Thacher customarily charges for services rendered in comparable matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable assignments in a competitive national legal market.

8.     Prior to the filing of this Application, Simpson Thacher sent the Debtors, Weil, Gotshal & Manges LLP, the U.S. Trustee and counsel to the Creditors' Committee monthly fee statements setting forth Simpson Thacher's fees for professional services rendered and expenses incurred beginning on the Commencement Date through January 31, 2009.  In connection with preparing each of the four monthly statements, Simpson Thacher, based on its pre-Commencement Date practice with the Debtors with respect to certain categories of matters and expenses, and based on its understanding of expenses permitted under the UST Guidelines, voluntarily adjusted its fees and expenses in favor of the estates.  Specifically, Simpson Thacher,

since the Commencement Date, has voluntarily reduced its fees and expenses by approximately

$291,856.00[2]  No party objected to any element of any of Simpson Thacher's monthly

statements.

9.    Pursuant to the UST Guidelines, annexed to the U.S. Trustee summary

section preceding this Application is a schedule setting forth all Simpson Thacher professionals

and paraprofessionals/other non-attorney timekeepers who have performed services in these

chapter 11 cases during the Compensation Period, the capacities in which each such individual is

employed by Simpson Thacher, the hourly billing rate charged by Simpson Thacher for services

performed by such individual, the year in which each professional graduated from law school,

the year each partner became a member of the Firm and the aggregate number of hours expended

in this matter and fees billed therefor.

10.    Pursuant to the Local Guidelines, a certification regarding compliance

with the same is annexed hereto as Exhibit A.

11.    Annexed hereto as Exhibit B is a schedule specifying the categories of

actual, necessary expenses for which Simpson Thacher is seeking reimbursement and the total

amount for each such expense category.

12.    Pursuant to the UST Guidelines, annexed hereto as Exhibit C is a

summary of the number of hours and amounts billed by Simpson Thacher during the

Compensation Period, organized by matter.

---

[2]    These reduced fees and expenses consist of a 30% discount on overall monthly fees for the General
Corporate and Securities Matters (defined below) in accordance with Simpson Thacher's pre-
Commencement Date practice with the Debtors, a 30% discount on overall monthly fees for the Marubeni
Matter (defined below) in accordance with Simpson Thacher's pre-Commencement Date practice with the
Debtors, reductions and write offs of certain expenses in accordance with Simpson Thacher's pre-
Commencement practice with the Debtors, reduction of amounts billed for photocopying in accordance
with the UST Guidelines, write offs of amounts billed for word processing and proofreading in accordance
with the UST Guidelines and other voluntary reductions of fees and expenses.

13.     Simpson Thacher maintains computerized records of the time spent by all Simpson Thacher attorneys and paraprofessionals/non-attorney timekeepers in connection with the Debtors' chapter 11 cases.[3]

14.     To the extent that time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, Simpson Thacher reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

### Summary of Services

15.     The Debtors sought and received the Court's approval to retain Simpson Thacher *nunc pro tunc* to the Commencement Date because of Simpson Thacher's extensive knowledge and experience in representing the Debtors and other LBHI affiliates in various corporate and litigation matters prior to the Commencement Date.  Simpson Thacher is a leading global law firm with more than 800 lawyers.  The Firm provides coordinated legal advice on the largest and most complex corporate transactions and litigation matters in a variety of industries, including financial services.  Simpson Thacher regularly advises clients regarding ongoing disclosure and compliance matters under the U.S. securities laws, and regularly advised the Debtors and their affiliates on these matters for many years.  Simpson Thacher is one of the world's preeminent law firms in the mergers and acquisitions field, and is experienced in such transactions within the financial services industry.  In addition, Simpson Thacher's litigation

---

[3]     Detailed time and expense records are not being publicly filed but are being provided to the Debtors, Weil, Gotshal & Manges LLP, the Court, the U.S. Trustee and counsel to the Creditors' Committee.  Parties in interest required to be served with monthly fee statements pursuant to the Interim Compensation Order have previously received such records.  Copies of these records will be made available to other parties in interest upon reasonable request.

professionals frequently represent individuals and business entities in a wide range of litigation matters, including government investigations and proceedings.

16.     Simpson Thacher has represented LBHI since its 1994 spin-off from American Express and represented LBHI's predecessors for several decades before 1994. During that time, the Firm has represented LBHI and its affiliates in numerous litigations and corporate transactions and in connection with general corporate and regulatory matters.  Over the course of such representation, Simpson Thacher has become uniquely familiar with the business and affairs of these entities.

17.     By the Retention Order, the Debtors received the Court's approval to retain Simpson Thacher as special counsel to LBHI pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to the Commencement Date, to perform legal services in connection with the following matters: (i) assisting LBHI with ongoing reporting obligations under the Securities and Exchange Act of 1934 (the "Corporate and Securities Matters"), (ii) assisting LBHI with respect to negotiations related to, and the closing of the sale of, the North American investment banking and capital markets businesses of Lehman Brothers Inc. ("LBI") to Barclays Capital, Inc., (iii) assisting LBHI with respect to the sale of the investment management division of LBI to Bain Capital, LLC and Hellman & Friedman LLC, and (iv) representing LBHI in connection with the testimony of Richard S. Fuld, Jr., Chairman of the Board and Chief Executive Officer of LBHI, before Congress, including production of LBHI documents to Congress.  Other than with respect to follow-up requests in connection with these prior matters, Simpson Thacher's representation of LBHI in connection with these matters substantially concluded as of October 22, 2008.

18.     In addition, by the Retention Order, the Debtors received the Court's approval to pay Simpson Thacher's fees and expenses *nunc pro tunc* to the Commencement Date for Simpson Thacher's representation of LBA Y.K, a non-debtor indirect subsidiary of LBHI, in a litigation matter in federal district court captioned *LBA Y.K. vs. Marubeni America Corp.*, No. 08-3282 (S.D.N.Y.), and the appeal therefrom by Marubeni America Corporation to the United States Court of Appeals for the Second Circuit (the "U.S. LBA Action") (a proceeding under 28 U.S.C. § 1782 seeking U.S. discovery in aid of LBA Y.K.'s pending action against Marubeni Corporation in the Tokyo, Japan Civil Court) (the "Japan LBA Action" and together with the U.S. LBA Action, the "Marubeni Matter"). In connection with the Marubeni Matter, Simpson Thacher has also assisted in gathering and providing to insurance bond underwriters information concerning this litigation specified under a bond policy issued to LBHI, pursuant to which LBA Y.K. is an insured. According to LBHI, any recovery LBA Y.K. receives in the Japan LBA Action, and any proceeds received under the bond policy, will be paid to the Debtors. Thus, the Debtors' estates have a common interest with LBA Y.K. in the prosecution of its claims against Marubeni Corporation, and in recovery under the bond policy, as well as a strong interest in ensuring maximum recovery from Marubeni Corporation in the Japan LBA Action and under the bond policy. Prior to the Commencement Date, LBHI paid Simpson Thacher's fees and expenses in connection with these matters.

19.     Recitation of each and every item of professional services performed by Simpson Thacher during the Compensation Period would be extremely burdensome. Hence, the following summary highlights the major areas to which Simpson Thacher devoted time and attention during the Compensation Period. This summary is organized in accordance with the individual matters for which Simpson Thacher was retained as special counsel by the Retention

Order. Exhibit C provides a detailed breakdown of the time devoted and fees allocable to each

matter.

### (i) General Corporate and Securities Matters

Simpson Thacher's work with respect to the General Corporate and Securities Matters for the Compensation Period includes:

- Preparing and reviewing various Form 8-K and Form 12b-25 filings by LBHI and certain of its finance subsidiaries with the Securities and Exchange Commission under the Securities and Exchange Act of 1934, and discussing the same with the Debtors and Weil, Gotshal & Manges LLP.

- Providing advice to the Debtors regarding the effect of the bankruptcy filing on certain finance subsidiaries of LBHI and on LBHI's reporting obligations under the Securities and Exchange Act of 1934.

- Preparing and reviewing documents and coordinating with various parties in connection with the dissolution of certain finance subsidiaries of LBHI.

- Providing advice and assisting with various securities law, employee benefits and tax questions for LBHI.

### (ii) Asset Sales

Simpson Thacher's work with respect to asset sale matters for the Compensation Period includes:

- Jointly with Weil, Gotshal & Manges LLP, negotiating the Asset Purchase Agreement, the clarification letter and various ancillary documents related to the sale to Barclays Capital of the North American investment banking and fixed income and equities sale, trading and research operations of Lehman Brothers Inc., and the private investment management business of Lehman Brothers Inc., and assisting with the closing thereof.

- Providing advice and reviewing documents related to the proposed sale of the investment management division of Lehman Brothers Inc. to Bain Capital and Hellman & Friedman.

### (iii) Richard S. Fuld, Jr. Congressional Testimony and LBHI Document Production to Congress

Simpson Thacher's work with respect to Richard S. Fuld, Jr.'s Congressional testimony and LBHI's document production to Congress for the Compensation Period includes:

- Coordinated with Chairman Henry A. Waxman's Staff regarding the House Committee on Oversight and Government Reform's (the "House Committee") request for the

Debtors' then-CEO Richard Fuld to testify before the House Committee concerning the Debtors' bankruptcy.

- Reviewed the Debtors' files for documents responsive to the House Committee's request, and conducted a privilege review of and produced responsive documents to the House Committee.

- Conducted interviews with several senior officers of the Debtors, including Mr. Fuld, concerning the Debtors' bankruptcy filing.

- Assisted in the preparation of Mr. Fuld for his written and oral testimony before the House Committee, and attended his testimony on October 6, 2008.

### (iv) Marubeni Matter

Simpson Thacher's work with respect to the Marubeni Matter for the Compensation Period includes:

- Preparing a brief in opposition to the appeal of Marubeni America ("MAC") to the U.S. Court of Appeals for the Second Circuit of an order granting discovery of MAC pursuant to 28 U.S.C. § 1782 in aid of the Japan Civil Action.

- Providing assistance to Thomas Hommel, in-house counsel to the Debtor, and LBA Y.K.'s Japanese counsel (Oh-Ebashi and Morrison & Foerster) in developing litigation strategy in the pending civil action against Marubeni Corporation in the Tokyo, Japan Civil Court, including review and comment on draft briefs and meetings in Tokyo to review strategy and documents.

- Monitoring related criminal, bankruptcy and other legal proceedings currently pending in Japan.

- Gathering and providing information to insurance bond underwriters concerning the foregoing proceedings under a bond policy issued to LBHI, pursuant to which LBA Y.K. is an insured.

### (v) Retention / Fee Issues

Simpson Thacher's work with respect to retention and fee matters for the Compensation Period includes:

- Preparing the Retention Affidavit and the Supplemental Retention Affidavit, reviewing Simpson Thacher's client records database in connection with the disclosures contained therein and coordinating Simpson Thacher's retention with the Debtors and Weil, Gotshal & Manges LLP.

- Reviewing time entries and disbursement/expense reports and conforming the same to applicable guidelines and rules in preparation for the four monthly bills submitted to date in these cases.

- Compiling and serving monthly fee statements on all appropriate parties, pursuant to the terms of the Interim Compensation Order.

- Reviewing Simpson Thacher's client records database in order to ascertain whether conflicts of interest have arisen since the Debtors retained Simpson Thacher in accordance with the order authorizing Simpson Thacher's retention.

20.     The foregoing professional services performed by Simpson Thacher were necessary and appropriate to the administration of the Debtors' chapter 11 cases. These services were in the best interests of the Debtors and other parties in interest.  Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues and tasks involved.  The services were performed in an efficient manner.

21.     The professional services performed by Simpson Thacher on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 2,501.65 recorded hours by Simpson Thacher's partners, counsel, associates and paraprofessionals/other non-attorney timekeepers.  During the Compensation Period, Simpson Thacher billed the Debtors for time expended by attorneys based on hourly rates ranging from $410 to $1,000 per hour.[4]

22.     As set forth in Exhibit B hereto, Simpson Thacher has incurred or disbursed $28,601.43 in expenses[5] in providing professional services to the Debtors during the Compensation Period.  These expense amounts are intended to cover direct operating costs, which costs are not incorporated into the Simpson Thacher hourly billing rates.  Only clients who actually use services of the types set forth in Exhibit B are separately charged for such services.

---

[4]     These hourly rates do not reflect those fee amounts that Simpson Thacher voluntarily wrote off during the Compensation Period.

[5]     This amount does not include certain additional amounts that Simpson Thacher voluntarily wrote off during the Compensation Period.

The effect of including such expenses as part of the hourly billing rates would unfairly impose additional costs upon clients who do not require extensive photocopying, delivery and other services.

23.    With respect to standard photocopying expenses, Simpson Thacher has charged the Debtors $.10 per page, in accordance with U.S. Trustee policy and the UST Guidelines.

## The Requested Compensation and Expense Reimbursement Should be Allowed

24.    Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code reasonable compensation for "actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

25.    In awarding compensation pursuant to section 330 of the Bankruptcy Code to professional persons employed under section 327, the Court must take into account, among other factors, the cost of comparable non-bankruptcy services.  As the court in *In re Drexel Burnham Lambert Group Inc.* stated:

> With due recognition of the historical position of Bankruptcy Courts in compensation matters, we recognize that creditors have agreed to pay rates for retained counsel of their choice because of the needs of the particular case. One could posit other situations or cases where a presumption of prior informed judgment might not be as strong. Here, however, we have a multi-debtor, multi-committee case involving sophisticated creditors who have determined that the rates charged and tasks undertaken by attorneys are appropriate.  We should not, and will not, second guess the determination of those parties, who are directed by Congress, under the Bankruptcy Code, to shape and resolve the case, and who are in fact bearing the cost. To do so, of course, would be to continue what Congress specifically intended to stop in 1978: Courts, instead of markets, setting rates, with the inevitable consequence that all the legal specialists required by the debtor or official committees would demur to participate.

133 B.R. 13, 20-21 (Bankr. S.D.N.Y. 1991).

26.    In the instant case, Simpson Thacher respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the orderly administration of the Debtors' estates.  Such services and expenditures were necessary to and in the best interests of the Debtors' estates and creditors.  Simpson Thacher further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates and all parties in interest.

27.      In sum, approval of the compensation for professional services and

reimbursement of expenses sought herein is warranted.

## Conclusion

WHEREFORE Simpson Thacher respectfully requests (i) an allowance of compensation for professional services rendered during the Compensation Period in the amount of $1,383,114.40 and reimbursement of actual and necessary expenses Simpson Thacher incurred during the Compensation Period in the amount of $28,601.43; (ii) authorization for the Debtors to pay to Simpson Thacher that portion of the compensation amount not yet paid; (iii) that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Simpson Thacher's right to seek additional compensation for services performed and expenses incurred during the Compensation Period that were not processed at the time of this Application; and (iv) such other and further relief as is just.

Dated: April 10, 2009
    New York, New York

s/____ Mary Elizabeth McGarry
Mary Elizabeth McGarry
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502

*Special Counsel to the Debtors*

# INDEX OF EXHIBITS

Exhibit A                                      Certification of Mary Elizabeth McGarry
Exhibit B                                      Schedule of Expenses
Exhibit C                                      Summary of Hours and Amounts Billed by
                                               Matter

<u>**EXHIBIT A**</u>

SIMPSON THACHER & BARTLETT LLP
Special Counsel to the Debtors
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                              :
**In re**                                                     :        **Chapter 11**
                                                              :        **Case No. 08-13555**
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, :        **(Jointly Administered)**
                                                              :
**Debtors.**                                                  :
                                                              :
-----------------------------------------------------------------x

**CERTIFICATION UNDER UNITED STATES TRUSTEE GUIDELINES IN**
**RESPECT OF FIRST INTERIM APPLICATION OF SIMPSON THACHER &**
**BARTLETT LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

        I, Mary Elizabeth McGarry, hereby certify that:

        I.        I am a partner with the applicant firm, Simpson Thacher & Bartlett LLP

("<u>Simpson Thacher</u>"), and am the professional designated by Simpson Thacher with

responsibility for compliance with the Amended Guidelines for Fees and Disbursements for

Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April

19, 1995 (the "<u>Local Guidelines</u>"), the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330,

adopted on January 30, 1996 (the "<u>UST Guidelines</u>") and the Second Amended Order Pursuant

to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing

Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals

entered by the Court on March 13, 2009 (the "<u>Interim Compensation Order</u>", and collectively

with the Local Guidelines and UST Guidelines, the "Guidelines") in the chapter 11 cases of

Lehman Brothers Holdings Inc. and its subsidiaries that are debtors and debtors in possession in

these proceedings (collectively, the "Debtors").

II.        This certification is made in respect of Simpson Thacher's application, dated,

April 10, 2009 (the "Application"), for compensation and reimbursement of expenses for the

period commencing September 15, 2008 through and including January 31, 2009 (the

"Compensation Period") in accordance with the Local Guidelines.

III.        In respect of section B.1 of the Local Guidelines, I certify that:

        a.        I have read the Application;

        b.        to the best of my knowledge, information and belief formed after

reasonable inquiry, the fees and expense reimbursements sought fall within the

Guidelines;

        c.        the fees and expense reimbursements sought are billed at rates not

exceeding those customarily charged by Simpson Thacher and generally accepted by

Simpson Thacher's clients; and

        d.        in providing a reimbursable service, Simpson Thacher does not make a

profit on that service, whether the service is performed by Simpson Thacher in-house or

through a third party.

IV.        In respect of section B.2 of the Local Guidelines and as required by the Interim

Compensation Order, I certify that Simpson Thacher has complied with those provisions

requiring it to provide Weil, Gotshal & Manges LLP, the Debtors, counsel for the statutory

committee of unsecured creditors appointed in these cases and the United States Trustee for the

Southern District of New York, on a monthly basis, a statement of Simpson Thacher's fees and expenses accrued during the previous month.

V.　　　　Although the Debtors have not reviewed this Application, they have reviewed Simpson Thacher's monthly statements of fees and expenses, to which there have been no objections, and approved the amounts requested.

VI.　　　　In respect of section B.3 of the Local Guidelines, I certify that Weil, Gotshal & Manges LLP, the Debtors, counsel for the statutory committee of unsecured creditors and the United States Trustee for the Southern District of New York are each being provided with a copy of the Application.

New York, New York
Dated: April 10, 2009

s/　　　Mary Elizabeth McGarry
Mary Elizabeth McGarry
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502

*Special Counsel to the Debtors*

## <u>EXHIBIT B</u>

**ACTUAL AND NECESSARY EXPENSES
INCURRED BY SIMPSON THACHER & BARTLETT LLP ON
BEHALF OF THE DEBTORS DURING THE COMPENSATION PERIOD**

| CATEGORY OF EXPENSES | TOTAL AMOUNT |
|---|---|
| Office and Administration | $495.00 |
| Computer research | $4,802.15 |
| Duplication | $4,823.80 |
| Fax | $194.72 |
| Postage, courier & freight | $1,927.57 |
| Miscellaneous disbursements | $610.33 |
| Office charges | $225 |
| Meals | $3,354.17 |
| Local Travel | $4,617.4 |
| Out of Town Travel | $7,517.07 |
| Telephone | $34.22 |
| **Total:** | **$28,601.43** |

053105-0737-11658-Active.11566423.3

**EXHIBIT C**

**SUMMARY OF HOURS AND AMOUNTS BILLED DURING
THE COMPENSATION PERIOD BY SIMPSON THACHER & BARTLETT LLP,
ORGANIZED BY MATTER**

| Matter | Hours | Amount |
|---|---|---|
| General Corporate and Securities Matters | 362.30 | $161,634.55[1] |
| Asset Sales | 504.10 | $385,876.00 |
| Richard S. Fuld, Jr. Congressional Testimony and LBHI Document Production to Congress | 889.30 | $491,197.00 |
| Marubeni Litigation | 582.70 | $229,645.85[2] |
| Retention and Fee Matters | 163.25 | $114,761.00 |
| **Total Hours and Fees Requested:** | **2,501.65** | **$1,383,114.40** |

---

[1]     Total Compensation Period fee amounts for the General Corporate and Securities Matters after 30% discount.

[2]     Total Compensation Period fee amounts for the Marubeni Matter after 30% discount.