UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

------------------------------------------------------------x

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Case No. 08-01420 (JMP) SIPA |
| v. | |
| LEHMAN BROTHERS, INC. | SIPA Liquidation Proceeding |
| Defendant. | |

------------------------------------------------------------x

### ORDER GRANTING MOTION (A) COMPELLING PAYMENT OF UNCLAIMED FUNDS BY THE NEW YORK STATE COMPTROLLER, (B) LIFTING THE AUTOMATIC STAY, OR ALTERNATIVELY, PROVIDING RELIEF FROM THE AUTOMATIC STAY, (C) ALLOWING PAYMENT FOR SERVICES PROVIDED POST-PETITION, AND (D) OTHER RELATED RELIEF

This matter coming before the Court upon the Motion of Unclaimed Property Recovery Service, Inc. ("USPS") for a determination that the automatic stay does not apply, or, alternatively, for relief from the automatic stay (the "Motion"); the Court finding that proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and that upon the record herein after due deliberation, good and sufficient cause exists for the granting of the relief requested in the Motion as set forth herein, it is hereby:

**ORDERED** that the Motion is granted.

**ORDERED** that the automatic stay does not apply to UPRS's exercise of its actions as set forth in the Motion, including, without limitation, modifying the automatic stay in effect in LHBI's

1

bankruptcy case and LBI's proceeding under SIPA pursuant to Bankruptcy Code Section 362(d), to permit UPRS to recover from the NYS Comptroller NYS OUF, approximately $5 million unclaimed funds due LBI.

**ORDERED** that the NYS Comptroller NYS OUF shall pay to UPRS all unclaimed funds outstanding in the name of LBI, its predecessors and its subsidiaries held by the NYS OUF in the amount of approximately $5 million.

**ORDERED** that UPRS is granted an administrative expense claim pursuant to 11 U.S.C. § 503(b) for the amount of its 10% fee, approximately $500,000. The claim shall be paid by LBI within 7 days of the recovery of the unclaimed funds outstanding in the name of LBI, held by the NYS OUF.

**ORDERED** that UPRS is granted recoupment of $500,000 outstanding balance due from the unclaimed funds recovered.. The claim shall be paid by LBI within 7 days of the recovery of the unclaimed funds outstanding in the name of LBI, held by the NYS OUF.

**ORDERED** that LBHI, LBI and UPRS are authorized to take all necessary steps to implement the terms of this Order.

**ORDERED** that this order shall be effective immediately upon its entry. The ten day stay of effectiveness of this Order under Fed. R. Bank. P. 4001(a)(3) is waived.

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: May ____, 2009
       New York, New York

                                        _____
                                        HONORABLE JAMES M. PECK,
                                        UNITED STATES BANKRUPTCY JUDGE

2