**Hearing Date and Time: May 13, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: May 8, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                              :
In re                                         :   Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :   08-13555 (JMP)
                                              :
                Debtors.                      :   (Jointly Administered)
                                              :
                                              :
------------------------------------------------------------x
```

**NOTICE OF MOTION OF BNC MORTGAGE LLC,**
**PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY**
**CODE, FOR AN EXTENSION OF TIME TO ASSUME OR REJECT**
**AN UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY**

PLEASE TAKE NOTICE that a hearing on the annexed Motion of BNC Mortgage LLC ("BNC") for an extension of time to assume or reject an unexpired lease of nonresidential real property, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **May 13, 2008 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York,

shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, Courtroom 601, One Bowling Green, New York, New York 10004; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis; Esq., (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; (vi) all parties who have requested notice in these chapter 11 cases; and (vi)(a) San Diego-Frazee, LLC, c/o INVESCO Real Estate, 500 Three Galleria Tower, 13155 Noel Road, Dallas, TX 75240, (Attn:  Asset Management), (b) Management Office, 1450 Frazee Road, Suite 211, San Diego, CA 92108, (Attn:  Building Manager), and (c) Luce, Forward, Hamilton & Scripps LLP, 600 West Broadway, Suite 2600, San Diego, CA 92101-3392 (Attn:  Charles L. Hellerich), so as to be so filed and received by no later than **May 8, 2008 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: April 13, 2009
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                   :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |
| | : | |

------------------------------------------------------------------x

**MOTION OF BNC MORTGAGE LLC, PURSUANT TO SECTION 365(d)(4)**
**OF THE BANKRUPTCY CODE, FOR AN EXTENSION OF TIME TO ASSUME**
**OR REJECT AN UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        BNC Mortgage LLC ("BNC"), as debtor and debtor in possession, respectfully represents:

**Background**

        1.    Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. and certain of its subsidiaries (together with BNC the "Debtors" and collectively with their non-debtor affiliates "Lehman") commenced with this Court voluntary cases under the Bankruptcy Code. BNC commenced its chapter 11 case on January 9, 2009 (the "BNC Commencement Date"). The

Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"), a wholly owned subsidiary of LBHI and a registered broker dealer. James W. Giddens, Esq. is the trustee appointed under SIPA and is administering LBI's estate.

4. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

### Lehman's Business

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

6. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### Jurisdiction

7.  This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Relief Requested

8.  BNC hereby requests, pursuant to section 365(d)(4) of the Bankruptcy Code, an extension of the period in which it may assume or reject its one unresolved lease of nonresidential real property located at 1450 Frazee Road, San Diego, California (the "Frazee Road Lease") through and including August 7, 2009. As the primary purpose for the extension is to allow the Debtors to fulfill their obligations under the Barclays' Sale Order (as defined below), such extension is appropriate and in the best interests of the Debtors, their creditors, and all parties in interest.

### The Debtors' Period to Assume or Rejected Unexpired Nonresidential Leases

9.  Prior to the BNC Commencement Date, the Debtors filed a motion, pursuant to Section 365(d)(4) of the Bankruptcy Code, for an extension of the time to assume or reject unexpired leases of nonresidential real property (the "LBHI Motion to Extend") [Docket No. 2406]. On December 31, 2008, the Court entered a bridge order extending the Debtors' time to assume or reject unexpired leases of nonresidential real property through the time the Court entered an order regarding the LBHI Motion to Extend (the "Bridge Order") [Docket No. 2417]. On January 9, 2009, BNC and the Debtors filed a motion (the "All Orders Motion") [Case No. 09-10137 Docket No. 4] for an order applying the relief granted in certain orders to BNC's chapter 11 case, which included the Bridge Order.

10. The LBHI Motion to Extend was subsequently granted on January 15, 2009 and extended the Debtors' time to assume or reject through and including April 13, 2009 (the "LBHI Extension Order") [Docket No. 2548]. The All Orders Motion was granted on January 14, 2009 and incorporated the Bridge Order but did not incorporate the LBHI Extension Order because the BNC Commencement Date occurred in the interval between the filing of the LBHI Motion to Extend and the entry of the LBHI Extension Order.

11. If the Frazee Road Lease was not subject to the LHBI Extension Order, BNC would have 120 days within which to assume or reject such lease. The expiration of that 120 day period falls on May 9, 2009. BNC, however, files this motion out of an abundance of caution to account for the possibility that BNC's time to assume or reject has been shortened by application of the Bridge Order and the LBHI Extension Order. As discussed in greater detail below, BNC seeks this extension of its time through August 7, 2009 to assume or reject the Frazee Road Lease in order to, among other things, allow the Debtors to comply with their obligations under the Barclays' Sale Order. By this Motion, BNC seeks to extend the time within which is may assume or reject the Frazee Road Lease.

### BNC's Business And The Lease

12. BNC was a mortgage originator with branch offices located throughout the country. Each branch office housed a small staff of employees whose primary responsibilities included processing mortgage applications submitted by third-party brokers, contracting with local title insurance companies, and recording liens in local deed registries. BNC began winding-up its business in the fall of 2007 and currently has no employees or active operations.

13. Pursuant to the Frazee Road Lease, BNC occupied certain nonresidential real property located at 1450 Frazee Road in San Diego, California (the "Leased Premises"). On

February 17, 2006, BNC entered into a sublease (the "Sublease") with LBHI under which LBHI subleased a portion of the Leased Premises (the "Subleased Premises") from BNC. Following the Commencement Date, and pursuant to this Court's Order, dated September 20, 2008 (the "Barclays' Sale Order") [Docket No. 258], LBHI assigned the Sublease to Barclays Capital Inc. ("Barclays"), and, as will be discussed in greater detail below, granted Barclays the right to designate the Sublease for assumption and assignment.

14.     BNC has previously undertaken a comprehensive review of its leases and subleases. Based upon this review, and in view of the cessation of its operations, BNC concluded that continued compliance with the terms of most of its unexpired nonresidential leases and subleases would be burdensome and provide no corresponding benefit to its estate. Accordingly, BNC filed a motion, dated February 4, 2009 [Docket No. 2730] ("Motion to Reject"), for authorization to (i) reject unexpired leases and subleases of nonresidential real property and (ii) sell or abandon *de minimis* assets without further authorization of the Court. By order dated February 24, 2009 [Docket No. 2914], the Court approved the Motion to Reject.

15.     BNC's Motion to Reject did not include the Frazee Road Lease because such rejection would have been inconsistent with the right granted to Barclays, pursuant to the Barclays' Sale Order, to designate the sublease thereunder. Since the entry of the Barclays' Sale Order and the assignment of the sublease to Barclays, Barclays and the landlord (the "Landlord") to the Frazee Road Lease have been negotiating a new lease for the Subleased Premises. The Debtors have been informed that the negotiations are ongoing and are therefore seeking an extension of time within which they can assume or reject the Frazee Road Lease in order to allow Barclays and the Landlord time to finalize the new lease.

**Cause Exists to Grant the Requested Extension**

16. Section 365(d)(4) of the Bankruptcy Code provides, in pertinent part:

(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender the nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of (i) the date that is 120 days after the order for relief; or (ii) the date of the entry of an order confirming a plan.

(B) The Court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

11 U.S.C. § 365(d)(4). Thus, if a debtor's unexpired leases of nonresidential real property are not assumed within the initial 120 days of filing its chapter 11 case, they are deemed rejected.

17. Pursuant to section 365(d)(4) of the Bankruptcy Code and assuming that the LBHI Extension Order is applicable, the Frazee Road Lease will be deemed rejected unless (i) the Frazee Road Lease is assumed on or prior to April 13, 2009, (ii) the Frazee Road Lease is rejected on or prior to April 13, 2009, or (iii) the time within which the Debtors may decide to assume or reject the Frazee Road Lease is extended for cause pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code.

18. In determining whether cause exists to extend the initial 120-day period under section 365(d)(4), one of the factors courts have considered is whether continued occupation by a debtor could damage the lessor beyond the compensation provided for by the Bankruptcy Code. *See, e.g., In re Burger Boys, Inc.,* 94 F.3d 755, 761-62 (2d. Cir. 1996); *In re Wedtech Corp.*, 72 B.R. 464, 471-73 (Bankr. S.D.N.Y. 1987); *Legacy, Ltd. v. Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir.), *cert denied*, 510 U.S. 865 (1993).

19. Applying this factor to BNC's case demonstrates that cause exists to extend the deadline contained in section 365(d)(4) of the Bankruptcy Code for BNC. As

discussed above, BNC is seeking the extension to comply with the Barclays' Sale Order and facilitate the consummation of a new lease between Barclays and the Landlord. Failure to extend the period may give rise to a claim for damages by Barclays to the detriment of the Debtors' estates, creditors and all other interested parties. Moreover, the proposed extension will not hinder the Landlord's efforts to locate a replacement tenant. On the contrary, the extension is intended to facilitate that process. Indeed, the proposed extension has no effect on the Landlord's right, if any, to pre or postpetition damages. Moreover, the proposed extension is without prejudice to the Landlord's right, upon a showing of cause, to request that the Court fix an earlier deadline by which BNC must assume or reject the Frazee Road Lease.

20. In sum, the proposed extension of the deadline pursuant to section 365(d)(4) of the Bankruptcy Code deadline through and including August 9, 2009 is necessary, appropriate and in the best interests of BNC, its stakeholders, and all other parties in interest and should be granted.

**Notice**

21. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; and (vi)(a) San Diego-Frazee, LLC, c/o INVESCO Real Estate, 500 Three Galleria Tower, 13155 Noel Road, Dallas, TX 75240, (Attn: Asset Management), (b) Management Office, 1450 Frazee Road, Suite 211, San Diego, CA 92108, (Attn: Building Manager), and (c) Luce, Forward, Hamilton & Scripps LLP, 600 West

Broadway, Suite 2600, San Diego, CA 92101-3392 (Attn: Charles L. Hellerich). No other or further notice need be provided.

22. Other than as granted in the LBHI Extension Order, no previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: April 13, 2009
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                                   :
In re                                                                          :    Chapter 11 Case No.
                                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :    08-13555 (JMP)
                                                                                   :
                    Debtors.                                         :    (Jointly Administered)
                                                                                   :
                                                                                   :
-----------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING THE TIME TO ASSUME OR REJECT AN UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY

Upon the motion, dated April 13, 2009 (the "Motion"), BNC Mortgage LLC ("BNC"), as debtor and debtor in possession, pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code") for an extension of the time to assume or reject an unexpired lease of nonresidential real property, namely the lease by and between BNC and San Diego-Frazee, LLC related to property located at 1450 Frazee Rd., San Diego, California (the "Frazee Road Lease"), all as more fully described in the Motion; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases, and (vii)(a) San Diego-Frazee, LLC, c/o INVESCO Real Estate, 500 Three Galleria Tower,

13155 Noel Road, Dallas, TX 75240, (Attn: Asset Management), (b) Management Office, 1450 Frazee Road, Suite 211, San Diego, CA 92108, (Attn: Building Manager), and (c) Luce, Forward, Hamilton & Scripps LLP, 600 West Broadway, Suite 2600, San Diego, CA 92101-3392 (Attn: Charles L. Hellerich); and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the BNC, its estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the time within which BNC may assume or reject the Frazee Road Lease pursuant to section 365(d)(4) of the Bankruptcy Code is extended to and including August 7, 2009; and it is further

ORDERED that the relief requested herein is without prejudice to the right of the lessor (the "Lessor") under the Frazee Road Lease to move the Court to fix an earlier date by which BNC must assume or reject the Frazee Road Lease in accordance with section 365(d)(4) of the Bankruptcy Code; and it is further

ORDERED that if the Lessor requests the relief described in the preceding decretal paragraph, the Debtors shall maintain the burden of persuasion as to why the time within which the Debtors may assume or reject Frazee Road Lease pursuant to section 365(d)(4) of the Bankruptcy Code shall continue through August 7, 2009; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: May __, 2009
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE