UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
                                                             :   Chapter 11 Case No.
In re                                                        :
                                                             :   08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., et al.                        :
                                                             :   (Jointly Administered)
                            Debtors.                         :
                                                             :
------------------------------------------------------------ x
```

## SUPPLEMENTAL AFFIDAVIT AND DISCLOSURE STATEMENT OF

## KATHERINE A. BURROUGHS, ON BEHALF OF DECHERT LLP

```
STATE OF CONNECTICUT        )
                            ) ss:
COUNTY OF HARTFORD          )
```

Katherine A. Burroughs, being duly sworn, upon her oath, deposes and says:

1. I am a partner in the law firm of Dechert LLP (the "Firm"), with offices in several locations, including an office located at 1095 Avenue of the Americas, 28th Floor, New York, New York 10022.

2. I submit this affidavit to supplement the affidavit and disclosure statement filed on January 22, 2009 pursuant to the Order Authorizing the Debtors to Employ Professionals in the Ordinary Course of Business ("Initial OCP Papers").

3. The Firm received from the counsel for the above captioned chapter 11 debtors (the "Debtors") a list (the "Master List") of potential parties-in-interest (collectively, the "Interested Parties"). The Firm conducted a review of its conflicts databases to ascertain any "connections" with the Debtors, their creditors, or any other Interested Parties, their respective attorneys and accountants, the U.S. trustee, or any person employed in the office of the U.S.

13406863.4.LITIGATION 4/10/2009 9:36 AM

Trustee. After completing its conflicts review, the Firm determined that it could ethically represent the Debtors so long as certain ethical screens were established and certain conflict waivers were obtained. The Firm has established the ethical screens and obtained the conflict waivers it believes are reasonably necessary to represent ethically the Debtors.

4. The Firm has conducted ongoing review of potential conflicts. Upon receiving an updated Master List from the Debtors' counsel, the Firm reviewed its databases for potential connections to entities added to the Master List (collectively, the "Recently Added Interested Parties") since I caused the Initial OCP Papers to be filed. The Firm does not represent, and has not represented, any of the Recently Added Interested Parties in any matters that come within the scope of the Firm's representation of the Debtors.

5. Exhibit "1" to this affidavit lists the Firm's connections to the Recently Added Interested Parties. Neither the term "connection," as used in Fed. R. Bankr. P. 2014, nor the proper scope of a professional's search for a "connection" has been defined, and I am therefore uncertain what this Court may consider a "connection" requiring disclosure. Out of an abundance of caution, I have disclosed many representations, which are not, to my understanding, disqualifying or problematic under either Section 327(e) of the Bankruptcy Code or applicable standards or professional ethics.

6. The Firm formerly represented BNC Corp, an affiliate of BNC Mortgage, LLC with respect to the organization of a collective investment fund. The Firm last entered time with respect to this representation in April 2003. The matter was closed in April 2007. The Firm's former representation of BNC Corp. is unrelated to the Firm's representation of the Debtors as an ordinary course professional.

By: *[signature]*

Subscribed and sworn to before me
this 10th day of April, 2009

*[signature]*
Notary Public

**CATHERINE J. JENSSEN**
*NOTARY PUBLIC*
STATE OF CONNECTICUT
MY COMMISSION EXPIRES: 8/31/09

3