UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------- x
                                                                    :
In re:                                                              :   Chapter 11 Case No.
                                                                    :
LEHMAN BROTHERS HOLDINGS, INC., et al.                              :   08-13555 (JMP)
                                             Debtors.               :
                                                                    :   (Jointly Administered)
------------------------------------------------------------------- x
```

**STIPULATION AND ORDER AUTHORIZING (1) TURNOVER OF
POSTPETITION DEPOSITS WITH CITIBANK, AND (2) INDEMNIFICATION
OF CITIBANK IN RESPECT OF ANY THIRD PARTY CLAIMS
ARISING FROM THE TURNOVER OF POSTPETITION DEPOSITS**

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors as debtors and debtors-in-possession (together with LBHI, the "Debtors"), and Citigroup, Inc. and its respective affiliates and subsidiaries, including, without limitation, Citibank, N.A. (collectively, "Citibank"),[*] by and through their respective attorneys, hereby stipulate as follows:

RECITALS

A.      On September 15, 2008, LBHI, and periodically thereafter, certain of its subsidiaries, filed with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This Court has consolidated the Debtors' cases for procedural purposes only, and is jointly administering them pursuant to Fed. R. Bankr. P. 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[*] For convenience, and as the context may require, Citibank and each of the Debtors shall each be referred to individually as a "Party" and collectively as the "Parties."

B.	The Debtors currently maintain various deposit accounts (the "Accounts") at Citibank against which Citibank asserts rights of netting, offset, recoupment, or other claims of right in respect of claims held by Citibank and arising (i) before the commencement of these cases, as to any prepetition deposits, and (ii) thereafter, as to any postpetition deposits (as to any postpetition deposits, the "Postpetition Deposits; as to any postpetition claims of right, the "Postpetition Setoff Rights").

C.	The Debtors have requested that Citibank turn over Postpetition Deposits held in accounts in the United States as of March 12, 2009 (as specified on the Schedule entitled "Lehman Brothers Holdings Inc. and Subsidiaries Postpetition Cash Receipts at Citibank Accounts," dated March 23, 2009) and, from time to time after the date of this Stipulation, the Debtors may request that Citibank turn over additional Postpetition Deposits as and when requested by the Debtors.

D.	Third parties may assert claims against Citibank relating to any turnover by Citibank of Postpetition Deposits to the Debtors.

E.	Citibank and the Debtors have agreed to Citibank's turnover of Postpetition Deposits to the Debtors on the terms and conditions set forth herein.

## AGREEMENT

NOW THEREFORE, the Parties hereto, by and through their respective attorneys, hereby agree as follows:

1.	The Parties incorporate the Recitals herein as part of their agreement.

2.	The Parties shall cooperate with each other (including, without limitation, seeking to obtain all necessary regulatory and governmental approvals and consents, domestic or foreign) to turn over to the Debtors the Postpetition Deposits that the Debtors may request, to the extent practicable, within (a) as to accounts located in the United States,

2

three (3) business days of such request, or (b) as to accounts located in foreign jurisdictions, fourteen (14) business days of such request (the date of each separate turnover, a "Transfer Date"). On each Transfer Date, Citibank shall wire the funds to be released (the "Released Funds") to the Debtors in accordance with the wire instructions provided by the Debtors.

*Reservation of Rights*

3.      Nothing contained herein shall constitute an agreement by Citibank and any Debtor as to the existence of any prepetition setoff or similar right or any Postpetition Setoff Right in favor of Citibank of any kind whatsoever, or constitute a finding by this Court of the existence of any such setoff or similar right. Neither the delivery of the Released Funds by Citibank to the Debtors nor the passage of time shall result in a waiver of, or release of any claim by Citibank for adequate protection of the Postpetition Setoff Rights, if any, in respect of such Released Funds or the right to seek an administrative expense claim in respect of such Postpetition Setoff Rights, if any, including, without limitation, under sections 507(b), 507(a)(2), or 503(b) of the Bankruptcy Code. The Debtors shall retain all rights to dispute or object to any claim asserted by Citibank for adequate protection or administrative priority with respect to the Postpetition Setoff Rights, if any.

*Indemnification*

4.      From and after the first Transfer Date, each of the Debtors hereby agrees to and shall indemnify, defend, and hold harmless Citibank from and against any and all claims asserted by any third party (each a "Third Party Claim"), to the extent that any such claim arises, in whole or in part, from Citibank's turnover of Postpetition Deposits to the Debtors or, at the Debtors' direction, to a third party. Upon Citibank's receipt of a Third Party Claim, Citibank shall promptly, after obtaining knowledge of such Third Party

3

Claim, notify the Debtors in writing (including by e-mail transmission to the undersigned attorneys for the Debtors) of such Third Party Claim in reasonable detail; *provided, however*, that no delay on the part of Citibank in providing such notice shall relieve any Debtor of its obligation hereunder unless (and then only to the extent) that such Debtor is thereby damaged. The Debtors shall have the right, at their election, to take over the defense or settlement of any such Third Party Claim, at their own expense, by giving Citibank written notice thereof (including by e-mail transmission to the undersigned attorneys for Citibank) not later than fourteen (14) days after the Debtors' receipt of such notice or at any time thereafter upon the reimbursement by the Debtors of any and all expenses incurred by Citibank in respect of such defense prior to the Debtors taking over such defense.

5.     Any Debtor that assumes the defense of any Third Party Claim may retain competent attorneys of its choosing to defend such claim and Citibank authorizes any such Debtor to consent to a settlement or entry of judgment in connection with such Third Party Claim without Citibank's prior consent, *provided, however*, that a condition to any such settlement shall be a complete release of Citibank with respect to such Third Party Claim. If any Debtor assumes the defense of any Third Party Claim, Citibank shall have the right, at Citibank's expense and without any right of indemnification hereunder, to participate in but not control any such defense, including the retention of attorneys of Citibank's choosing. Notwithstanding a Debtor's assumption of the defense of any Third Party Claim, Citibank may (a) with written consent of such Debtor, pay or settle such Third Party Claim, without waiving its right to indemnification hereunder; and (b) without written consent of such Debtor and without any right to indemnification hereunder, pay or settle such Third Party Claim.

4

6.  If a Debtor does not assume the defense of any Third Party Claim, then Citibank may defend against, or enter into any settlement or entry of judgment in connection with such Third Party Claim in any matter that Citibank deems reasonably appropriate, without waiving any right to indemnification hereunder.  In the circumstance of the Debtor's election not to assume the defense of any Third Party Claim, the Debtor may, at its option and expense, participate in, but not control, such defense.  The Parties shall cooperate in defending any Third Party Claim and the Party conducting such defense shall have reasonable access to the books, records and personnel in the possession and control of the other Party.

### *Miscellaneous*

7.  The terms and conditions of this Stipulation, and the Parties' respective obligations hereunder, shall become effective only upon entry of this Order, and this Order becoming a final order, not subject to appeal, rehearing, or other consideration.

8.  This Stipulation and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and permitted assigns, including any subsequent trustee elected or appointed for the Debtors.  Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation.

9.  Citibank consents to the Bankruptcy Court's jurisdiction solely for the purpose of the enforcement of this Stipulation and Order.

10. No amendment, waiver, or modification of any provision of this Stipulation and Order shall be effective unless the same shall be in writing and signed by Citibank and the Debtors.

5

11. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier, or by mail.

12. This Stipulation shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of laws that would require the application of laws of another jurisdiction.

Dated: New York, New York
April 3, 2009

By: /s/ Stephen J. Shimshak
Stephen J. Shimshak
(sshimshak@paulweiss.com)
Douglas R. Davis
(ddavis@paulweiss.com)
Claudia L. Hammerman
(chammerman@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Citigroup, Inc. and its Respective Affiliates and Subsidiaries, including, without limitation, Citibank, N.A.*

By: /s/ Lori R. Fife
Lori R. Fife
(lori.fife@weil.com)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings, Inc. and its Affiliated Debtors and Debtors-in-Possession*

SO ORDERED this 15th day of April, 2009

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE

6