**FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP**
One New York Plaza
New York, NY 10004
212-859-8000
Stephanie Goldstein, Esq.
Brian Pfeiffer, Esq.
*Counsel for HWA 555 Owners, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (JMP)<br>SIPA |
| HWA 555 OWNERS, LLC,<br><br>Plaintiff,<br><br>- against -<br><br>LEHMAN BROTHERS INC.,<br><br>Defendant. | Adv. Proc. No. 09-_____ |

**ADVERSARY COMPLAINT**

Plaintiff HWA 555 Owners, LLC ("HWA"), by its undersigned attorneys Fried, Frank, Harris, Shriver & Jacobson LLP, as and for its complaint against Lehman Brothers Inc. ("LBI") alleges, upon knowledge as to itself and its own actions and upon information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. HWA initiates this adversary proceeding to obtain a declaration that the Trustee for the SIPA Liquidation of LBI (the "Trustee") assumed a certain lease agreement (the "Lease") by and between HWA, as successor-in-interest to 555 California Street LLC (f/k/a 555 California Street Partners), and LBI, as tenant, covering certain commercial office space located at 555 California Street, San Francisco, California (the "Premises").[1]

2. At the very outset of LBI's bankruptcy (and that of its parent, Lehman Brothers Holdings Inc. ("LBHI")), LBHI and LBI sought this Court's approval of a transaction (the "Purchase Transaction") pursuant to which substantially all of LBI's assets were sold to Barclays Capital Inc. ("Barclays"). In connection with the Purchase Transaction, and as documented in the definitive documentation that was approved by this Court upon motion of LBI and LBHI, LBI also expressly assumed (and in some instances assigned) certain executory contracts and leases. The Lease, as LBI clearly stated in that documentation, was one of the leases assumed by LBI, although it was not assigned to Barclays. Remarkably, and as detailed further herein, after this Court granted approval of that request, the Trustee advised HWA that, notwithstanding its prior unequivocal statements, it never assumed the Lease and would seek to reject it.

3. LBI should not be permitted to unilaterally abrogate its prior assumption of the Lease. No principle of law or equity countenances any such effort.

---

[1] HWA specifically reserves and all rights and remedies that it may have in connection with the Lease against Lehman Brothers Holdings Inc., Barclays Capital Inc., Neuberger Berman, LLC, or any of their respective affiliates.

## PARTIES

4.  Plaintiff HWA is a limited liability company organized under the laws of the state of Delaware with its principal place of business at c/o Vornado Realty Trust, 888 Seventh Avenue, New York, New York 10019.

5.  Upon information and belief, Defendant LBI is a corporation organized under the laws of the state of Delaware with its last known principal place of business at 745 Seventh Avenue, New York, New York 10019.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 15 U.S.C. §§ 78eee(b)(2) and (b)(4). This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Pursuant to paragraph 20 of the Sale and Assumption Order (as defined below), this Court also expressly retained jurisdiction to interpret, implement, and enforce the provisions of the Sale and Assumption Order, the central issue in this adversary proceeding. This adversary proceeding relates to In re Lehman Brothers Inc., Case No. 08-01420 (JMP) SIPA, pursuant to the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78aaa *et seq.*, pending in the United States Bankruptcy Court for the Southern District of New York.

7.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1409 and 15 U.S.C. §§ 78eee(b)(2) and (b)(4). This adversary proceeding is properly brought under Federal Rule of Bankruptcy Procedure 7001.

## FACTUAL BACKGROUND

**A.    The Lease**

8.  On or about April 19, 1994, LBI and 555 California Street Partners

3

entered into the Lease. HWA is the successor-in-interest to 555 California Street Partners.

9. Pursuant to the Lease, LBI rented 60,766 square feet of commercial office space at a building located at 555 California Street, San Francisco, California. The Lease expires on September 30, 2011. A redacted copy of the Lease is attached hereto as **Exhibit A**.

### B. The Bankruptcy and SIPA Proceedings

10. On September 15, 2008 and periodically thereafter, LBHI and certain subsidiaries filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "LBHI Chapter 11 Cases").

11. On September 19, 2008, the Securities Investor Protection Corporation filed a proceeding against LBI (the "SIPA Proceeding") pursuant to the Securities Investor Protection Act of 1970. On that same day, the United States District Court for the Southern District of New York entered an Order Commencing Liquidation and transferred the SIPA Proceeding to this Court.

### C. The Sale and Assumption Agreement

12. On September 16, 2008, the day after LBHI commenced Chapter 11 proceedings, LBHI, LB 745 LLC ("LB 745") and LBI (collectively, the "Sellers") entered into an Asset Purchase Agreement (the "Sale and Assumption Agreement") with Barclays pursuant to which Barclays, among other things, would acquire substantially all of LBI's assets. The Sale and Assumption Agreement was amended on September 19, 2008 (the "First Amendment") and again on September 20, 2008 (the "Clarification Letter"). The Sale and Assumption Agreement, the First Amendment and the Clarification Letter are referred to collectively herein as the "Purchase Agreement," and true and correct copies are attached hereto as **Exhibits B, C, and D**, respectively.

13. The Purchase Agreement also dealt with the assumption and/or assignment of certain executory contracts and leases of LBI and LBHI. Initially, and as reflected

on a schedule filed by the Sellers on September 19, 2009, LBI announced its plan to assume the Lease and to subsequently assign it to Barclays. The final documentation, however, reflected a slight variant—LBI would assume the Lease, but, instead of assigning the Lease to Barclays, Barclays and LBI would enter into a sublease. Specifically, as the Clarification Letter states in clear and unequivocal terms:

> "[n]otwithstanding anything to the contrary [in the Sale and Assumption Agreement] . . . *on the Closing Date* . . . (ii) the underlying lease affecting the [Premises] *shall be assumed* by Seller in connection with the bankruptcy proceedings."

Clarification Letter at ¶ 16 (emphasis added).

14. After the closing, Barclays and LBI were supposed to negotiate in good faith a sublease arrangement with respect to a portion of the Premises. Clarification Letter at ¶ 16. Upon information and belief, no good-faith negotiation of a sublease has transpired.

### D. The Trustee's Motion Seeking Authorization to Consummate the Sale and Assumption Transaction

15. Each of the Sellers filed a motion seeking approval of the Purchase Transaction.

16. Specifically, on September 17, 2008, LBHI and LB 745 filed a motion in the LBHI Chapter 11 Cases seeking authorization to consummate the Purchase Transaction (the "Sale and Assumption Motion"). On the same day, the Trustee filed an "Application for Entry of an Order Approving, and Incorporating by Reference, for the Purposes of [the SIPA] Proceeding, an Order Authorizing the Sale of Purchased Assets and Other Relief in the Lehman Brothers Holdings, Inc. Chapter 11 Proceeding."

### E. The Court Approved the Purchase Transaction

17. Upon information and belief, the Sellers and Barclays submitted to the Court a proposed form of order approving the Purchase Transaction. On September 20, 2008, this Court entered an Order (the "LBHI Order") in the LBHI Chapter 11 Cases approving the Purchase Transaction as contemplated by the Sale and Assumption Agreement as amended by the First Amendment and the Clarification Letter. A true and correct copy of the LBHI Order is attached hereto as **Exhibit E**.

18. On the same day, this Court entered a concurrent order in the SIPA Proceeding approving and incorporating by reference the LBHI Order (the "LBI Order" and, together with the LBHI Order, the "Orders"). A true and correct copy of the LBI Order is attached hereto as **Exhibit F**.

19. Pursuant to Paragraph 3 of the Orders "[t]he Purchase Agreement and all of the terms and conditions thereto are hereby approved." Accordingly, Paragraph 3 goes on to provide that:

> The Debtors are hereby *authorized and directed to* (1) execute the Purchase Agreement, along with any additional instruments or documents that may be reasonably necessary or appropriate to implement the Purchase Agreement . . .(2) *consummate the Sale[2] in accordance with the terms and conditions of the Purchase Agreement and the other agreements contemplated thereby;*

---

[2] "Sale" is defined in the Orders as "the transactions set forth in the Purchase Agreement." Sale and Assumption Order at p.2.

6

> and (3) take all other and further actions as may be reasonably necessary to implement the transactions contemplated by the Purchase Agreement.

Order at ¶ 3 (emphasis added).  "Purchase Agreement" is explicitly defined in the opening paragraph of the Orders to include the Sale and Assumption Agreement, the First Amendment and the Clarification Letter.  Orders at p.1.

20. The Orders, therefore, explicitly direct LBI to consummate the Purchase Agreement in accordance with their terms.

21. Paragraph 5(b) of the Orders further provides that:

> As of the Closing Date. . . (b) the Purchase Agreement and the transactions and instruments contemplated hereby shall be specifically performable and enforceable against and binding upon, and not subject to rejection or avoidance by, the Debtors or any successor chapter 11 or chapter 7 trustee appointed with respect thereto.

Orders at ¶ 5(b).  Thus, LBI's assumption of the Lease, triggered under the Purchase Agreement upon closing of the Purchase Transaction and authorized and directed by this Court's Orders, is enforceable and binding and not subject to avoidance by the Trustee.[3]

---

[3] Paragraph 27 of the Orders further provides:

> The failure specifically to include any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety; provided, however, that this Order shall govern if there is any inconsistency between the Purchase Agreement (including all ancillary documents executed in connection therewith) and this Order.

### F. LBI Assumed the Lease in the Purchase Transaction

22. The Sale and Assumption Motion, together with the Purchase Agreement, provided notice of the Trustee's assumption of the Lease and an opportunity to be heard to all of the Debtors' constituents and other parties in interest, including HWA. Indeed, the Sale and Assumption Motion, along with the Purchase Agreement, was deemed by the Court to have provided "good, sufficient, and appropriate notice" in accordance with the Bankruptcy Code. Sale and Assumption Order at ¶ C.

23. As disclosed by LBHI in a Form 8-K dated September 26, 2008, the Purchase Transaction closed on September 22, 2008 (the "Closing Date"). A true and correct copy of the Form 8-K dated September 26, 2008 is attached hereto as **Exhibit G**.

24. In sum, LBI's specific and unequivocal statements of intent to assume the Lease – along with the approvals it sought therefor through the Sale and Assumption Motion – demonstrate clearly that LBI assumed the Lease on the Closing Date.

25. Upon information and belief, for the last seven months, the Trustee has allowed Barclays to occupy a portion of the Premises without entering into a sublease (as required by both the Purchase Agreement and section 13(e) of the Lease). LBI has no legitimate excuse for its failure to comply with both the Purchase Agreement and the Lease.

### G. The Trustee's Request for an Extension of Time to Assume or Reject the Lease

26. Notwithstanding its prior representations and motion to the Court, and despite having permitted Barclays and others to use part of the Premises, on December 26, 2008, the Trustee moved for an order, pursuant to section 365(d)(4) of the Bankruptcy Code, extending LBI's time to assume or reject unexpired leases of nonresidential real property (the "Extension Motion").

27. Although HWA initially thought the Trustee had mistakenly included the

8

Lease in the Extension Motion, as it turned out, the Trustee took the position that he had never assumed the Lease. HWA's efforts to resolve this issue out of court have been unavailing.

28. Following a hearing on the Extension Motion held on February 11, 2009, this Court entered an order on February 13, 2009 (the "Extension Order") providing that the Trustee had until April 17, 2009 to assume or reject the Lease.

29. The Extension Order specifically states that the order is "without prejudice to any and all rights and remedies of [HWA] to seek a determination that the Lease was already assumed and any and all such rights are specifically reserved." Extension Order at 3.[4]

30. Because LBI assumed the Lease, any rejection of the Lease by LBI would require a motion by LBI and be subject to court approval under section 365(a) of the Bankruptcy Code. Further, any such rejection would constitute a post-assumption rejection of the Lease under section 365(g)(2) and would give rise to an administrative expense claim under section 503(b)(7) of the Bankruptcy Code.

31. Unless and until the Lease is rejected by LBI and such rejection is approved by this Court, LBI is obligated to pay rent and otherwise perform according to the terms of the Lease.

## COUNT I

### *(Declaratory Judgment – Assumption of the Lease)*

32. HWA repeats and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

---

[4] At the hearing on the Extension Motion, this Court suggested that one of the procedural means to determine whether the Lease has been assumed would be a declaratory judgment adversary proceeding. Tr. 71:21-23 (Feb. 11, 2009).

9

33. An actual, ripe, justiciable controversy has arisen and now exists between the parties as to whether LBI assumed the Lease in connection with the Purchase Agreement.

34. A judicial declaration is required as to whether LBI assumed the Lease in connection with the Purchase Agreement.

35. Accordingly, HWA is entitled to a declaratory judgment that:

(a) LBI assumed the Lease in connection with the Purchase Agreement.

(b) By reason of its assumption of the Lease, LBI is required to pay rent and otherwise perform according to the terms of the Lease, unless and until it is rejected with Court approval.

(c) Because LBI already assumed the Lease, if the Lease is rejected (a) such rejection shall be a post-assumption rejection under section 365(g)(2) of the Bankruptcy Code, and (b) HWA shall be entitled to an allowed administrative expense claim and all other rights as provided in section 503(b)(7) of the Bankruptcy Code.

## COUNT II

### *(Relief from Stay)*

36. HWA repeats and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

37. Because the dispute between the parties arose post-petition, the relief sought herein is not subject to the automatic stay as provided in section 362(a) of the Bankruptcy Code.

38. Nonetheless, in an abundance of caution, HWA seeks relief from any applicable stay to the extent necessary to pursue the relief requested herein.

WHEREFORE, HWA respectfully requests that the Court grant the following relief:

(a) Enter judgment for HWA on all counts of this Complaint;

(b) Enter a judgment declaring that LBI has assumed the Lease in connection with the Purchase Agreement;

(c) Enter a judgment declaring that, by reason of the assumption of the Lease, LBI is obligated to pay rent and otherwise perform according to the terms of the Lease, unless and until it is rejected with Court approval;

(d) Enter a judgment declaring that, if the Lease is rejected (a) such rejection shall be a post-assumption rejection under section 365(g)(2) of the Bankruptcy Code, and (b) HWA shall be entitled to an allowed administrative expense claim and all other rights as provided in section 503(b)(7) of the Bankruptcy Code;

(e) Award HWA its costs, expenses and attorneys' fees; and

(f) Enter such further and additional relief as the Court deems to be appropriate.

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP

  /s/ Stephanie Goldstein
Stephanie Goldstein, Esq.
Brian Pfeiffer, Esq.
One New York Plaza
New York, New York 10004-1980
(212) 859-8000

Counsel for HWA 555 Owners, LLC

Dated:   New York, New York
         April 17, 2009