Hearing Date:  April 22, 2009 at 10:00 a.m.

Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
:
In re:                                                              :    Chapter 11 Case No.
                                                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.,                              :    08-13555 (JMP)
                                                                    :
                    Debtors.                                        :    (Jointly Administered)
                                                                    :
------------------------------------------------------------------- x

**JOINDER OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO
DEBTORS' OBJECTION TO MOTION OF WWK HAWAII-WAIKAPUNA, LLC, WWK
HAWAII-MOAULA, LLC, WWK HAWAII-HONU'APO, LLC, WWK HAWAII-LITTLE
HONU'APO, LLC, WWK HAWAII-HOUSE PARCEL, LLC, WWK HAWAII-HOUSE
PARCEL 2, LLC, AND WWK HAWAII-NAALEHU PARCEL 1, LLC FOR ORDER (I)
SETTING PROMPT DATE FOR ASSUMPTION OR REJECTION OF PROJECT
LOAN; (II) UPON REJECTION, GRANTING RELIEF FROM THE AUTOMATIC
STAY; AND (III) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in possession (collectively, the

"Debtors"), hereby joins (the "Joinder") in the Debtors' Objection [Docket No. 3387] (the

"Objection") to the Motion of WWK Hawaii-Waikapuna, LLC, WWK Hawaii-Moaula, LLC,

WWK Hawaii-Honu'apo, LLC, WWK Hawaii-Little Honu'apo, LLC, WWK Hawaii-House

Parcel, LLC, WWK Hawaii-House Parcel 2, LLC, and WWK Hawaii-Naalehu Parcel 1, LLC

(collectively, the "Hawaii Borrowers") for Order (I) Setting Prompt Date for Assumption or

Rejection of Project Loan; (II) Upon Rejection, Granting Relief From the Automatic Stay; and

(III) Granting Related Relief, dated March 20, 2009 [Docket No. 3182] (the "Motion"). In support of its Joinder, the Committee respectfully states as follows:

## BACKGROUND

1. By the Motion, the Hawaii Borrowers seek to (i) compel LBHI to assume or reject a prepetition loan agreement (the "Loan Agreement") within fifteen (15) days of entry of the order approving the Motion; and (ii) have the automatic stay lifted to allow them, upon the anticipated rejection of the Loan Agreement, to pursue their claims in state court.

2. The Debtors filed the Objection on April 17, 2009, arguing that (i) the Hawaii Borrowers fail to offer a compelling argument for forcing the Debtors to make a premature decision to assume or reject the Loan Agreement; and (ii) the Hawaii Borrowers lack any legal basis for either proposing to litigate their claims in state court or for the non-consensual subordination of LBHI's security interests under the Loan Agreement.

## THE COMMITTEE'S JOINDER

3. The Committee concurs with the arguments set forth in the Objection and joins in the Debtors' request to deny the relief requested in the Motion. The Hawaii Borrowers offer nothing other than unsubstantiated speculation that does not provide a basis to compel the Debtors to prematurely assume or reject the Loan Agreement. The Debtors should be accorded sufficient time to make this decision, as Congress intended, in a reasoned, well thought-out fashion, based on the overall business strategies to be pursued in these largest chapter 11 cases in the United States history.

4. Section 365(d)(2) of the Bankruptcy Code expressly provides the Debtors an opportunity to review its executory contracts until confirmation of a plan. Second Circuit precedent, as the Debtors correctly point, reaffirms the necessity of a debtor to being afforded a

2

reasonable amount of time to evaluate its executory contracts. (Objection ¶ 12.) The Hawaii Borrowers fail to offer any reason why their Loan Agreement should be treated differently from the thousands of other executory agreements the Debtors are in the process of evaluating.

5. While the Hawaii Borrowers merely speculate as to the harms that may befall them if they do not receive immediate relief, the potential harm to the Debtors is obvious – since the Loan Agreement cannot be meaningfully distinguished from hundreds of other executory contracts, if the Motion is granted, numerous other motions to compel are bound to follow, overwhelming the Debtors' effort for an orderly review and decision-making process.

6. In addition, the Hawaii Borrowers seek truly extraordinary relief when they ask the Court to allow them to seek equitable relief in state court, the ultimate result of which is supposed to be non-consensual reformation of the Loan Agreement, with the concomitant subordination of liens in favor of LBHI securing the Hawaii Borrowers' obligations under the Loan Agreement. (Motion ¶ 32.) As the Debtors correctly point out, there is simply no legal support for the course of action proposed by the Hawaii Borrowers. (Objection ¶ 35.)

7. The automatic stay provides essential protections from any actions that may impact property of the estate. See H.R. Rep. No. 95-595, at 340 (1977) reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97; see also Eastern Refractories Co. v. Forty Eight Insulations, Inc., 157 F.3d 169, 172 (2d Cir. 1998) (finding that the automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws"). For that reason, "[t]he scope of the automatic stay is broad." In re Enron, 306 B.R. 465, 475 (Bankr. S.D.N.Y. 2004). Accord AP Indus. Inc. v. SN Phelps & Co. (In re AP Indus., Inc.), 117 B.R. 789, 798 (Bankr. S.D.N.Y 1990) ("Congress intended that the scope of the automatic stay be broad in order to effectuate its protective purposes on behalf of both debtors and creditors. . . ."); Constitution Bank v. Tubbs,

68 F.3d 685, 691 (3d Cir. 1995) ("The automatic stay is of broad scope."); Oligbo v. Louis (In re Oligbo), 328 B.R. 619, 650 (Bankr. E.D.N.Y. 2005) (noting that the automatic stay is a "fundamental debtor protection designed to promote equal treatment among creditors and to provide the debtor with a breathing spell from the financial pressures which drove him or her into bankruptcy.").

8. Any party seeking relief from the automatic stay carries the initial burden of showing that it is entitled to relief. See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1285 (2d Cir. 1990); In re Eatman, 182 B.R. 386, 390 (Bankr. S.D.N.Y. 1995) ("While section 362(g) allocates the burden of ultimate persuasion . . . , the movant must still make a *prima facie* showing that it is entitled to the relief that it seeks."). The Hawaii Borrowers have made no such showing. Instead, the Hawaii Borrowers merely cite certain Sonnax factors that apply to their claims in a manner virtually indistinguishable from most or all claims against the estate.

9. The Hawaii Borrowers propose, upon the anticipated rejection of the Loan Agreement, to have a Hawaiian state court, in effect, determine their rejection damages, alleging that it is better-positioned to apply Hawaiian law to their claims. However, this ignores the fact that all claims against the estate are based on state law, and that determining damages from a debtor's rejection of executory contracts and unexpired leases is the "bread and butter" of a bankruptcy court. Allowing the Hawaii Borrowers to have their routine rejection damage claims adjudicated outside of the bankruptcy process would clearly undermine the core objectives of the automatic stay to "protect[] the assets of the estate[] and allow[] the bankruptcy court to centralize disputes concerning the estate." MBNA America Bank, N.A. v. Hill, 436 F.3d 104, 109 (2d Cir. 2006).

4

10. The cases cited by the Hawaii Borrowers in support of the relief they are seeking are completely inapposite. In those cases, the federal courts did not defer to their state counterparts due to the mere presence of state law issues. See Corcoran v. Ardra Insurance Co., Ltd., 657 F. Supp. 1223, 1235 (S.D.N.Y. 1987) (remanding to the state court where federal act affirmatively delegated regulation to the states); Allied Mechanical and Plumbing Corp. v. Dynamic Hostels Housing Development Fund, Co., 62 873, 878 (Bankr. S.D.N.Y. 1986) (acting under the mandatory abstention direction of 28 U.S.C. § 1334(c)(2)); In re OptInRealBig.com, LLC, 345 B.R. 277, 287 (noting the court would likely abstain from determining unsettled state law issues).

11. The Hawaii Borrowers' acknowledged goal of having the Debtors' secured interests in the Hawaii Borrowers' property modified and subordinated simply has no legal leg to stand on, nor do the Hawaiian Borrowers even attempt to offer any basis for such an extraordinary request. As the Debtors correctly point out, only debtors in possession, operating under the protection of federal bankruptcy laws, and upon a very specific evidentiary showing, may be granted such relief. The Hawaii Borrowers apparently wish to benefit from the extraordinary protection that the Bankruptcy Code offers to debtors in possession without the concomitant submission to burdens such protection entails. The Court cannot countenance such a result.

WHEREFORE, for all of the foregoing reasons, the Committee respectfully requests that the Court deny the relief requested in the Motion.

Dated:   New York, New York
April 17, 2009

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
 Dennis F. Dunne
 Dennis C. O'Donnell
 Evan R. Fleck
 1 Chase Manhattan Plaza
 New York, New York 10005
 Telephone: (212) 530-5000

 Counsel for Official Committee of Unsecured
 Creditors of Lehman Brothers Holdings Inc., et al.