| | |
|---|---|
| District Court, Douglas County, State of Colorado<br>Address:    4000 Justice Way, Suite 2009<br>               Castle Rock, Colorado  80109<br>Telephone:  303-663-7200 | |
| **Plaintiff:**   MIDCOUNTRY BANK<br><br>v.<br><br>**Defendant:**  AURORA LOAN SERVICES LLC, a<br>               Colorado limited liability company | **COURT USE ONLY** |
| Attorneys         Jamie G. Siler, Esq.<br>for Defendant:   Daniel R. Delaney, Esq.<br>                 Bloom Murr & Accomazzo, P.C.<br>Address:         410 17th Street, Suite 2400<br>                 Denver, Colorado 80202<br>Phone Number:    (303) 534-2277<br>FAX Number:      (303) 534-1313<br>E-mail:          jsiler@bmalaw.com;  ddelaney@bmalaw.com<br>Atty. Reg. #s:   31284; 35958 | Case Number:  2009cv369<br><br>Div/Ctrm:   1 |
| **MOTION TO DISMISS** ||

Defendant, Aurora Loan Services LLC ("Aurora") through its attorneys, Bloom Murr & Accomazzo, P.C., submits its motion to dismiss the amended complaint of MidCountry Bank under Rule 12(b)(6), C.R.C.P., as follows:

C.R.C.P. 121 § 1-15(8) Certification:  Undersigned counsel for Aurora has not conferred with counsel for MidCountry because of the nature of the relief sought. *See* Committee Comment to C.R.C.P. 121 § 1-15.

## INTRODUCTION

This action involves the interpretation of a three-party contract. The relevant contract is a mortgage loan servicing agreement (the "Servicing Agreement") that outlines certain rights and obligations of three parties, relative to the ownership and servicing of approximately 53 mortgage loans. Plaintiff MidCountry Bank ("MidCountry") owns the loans in question. Aurora is the present servicer of the loans, and performs specified loan servicing functions. But the mortgage servicing rights, *i.e.*, the right to service the loans and collect a monthly fee therefor, is owned by another party – Lehman Brothers Holdings Inc. ("LBHI"). LBHI has not been named in this action.

The Servicing Agreement vests servicing-ownership rights in LBHI that may be extinguished and/or altered by the relief requested by MidCountry. Because Colorado law is clear with respect to parties that must be joined in order to properly adjudicate the action, and because LBHI has not been joined and is not susceptible to joinder, this action must be dismissed as a consequence of LBHI's absence.

# ARGUMENT

### A.  Standard of Review for Dismissal Under Rule 12:

Pursuant to C.R.C.P. 12(b)(6), a motion to dismiss may be granted for failure to join a party under C.RC.P. 19. Motions to dismiss are generally disfavored and not granted unless it appears that the plaintiff can prove no set of facts that would entitle him or her to relief. *See* Sweeney v. United Artists Theater Circuit, Inc., 119 P.3d 538, 539 (Colo. Ct. App. 2005). When ruling on a motion to dismiss, the trial court must accept all averments of material fact as true, and all the allegations in the complaint must be viewed in the light most favorable to the plaintiff. Id.

The Servicing Agreement that governs the parties' rights in this matter was attached to MidCountry's complaint. The Court may therefore, without converting this motion to one for summary judgment, consider the terms of the Servicing Agreement. *See* Stauffer v. Stegemann, 165 P.3d 713, 716 (Colo. Ct. App. 2006).

### B.  Standard for Indispensible Parties Under Rule 19:

C.R.C.P. 19 requires joinder of certain parties in an action to ensure that the Court can adjudicate the action justly. In order to make the determination of who must be joined, and whether an action may proceed in the absence of a necessary party, the Rule invites the Court to engage a three part test: first, whether a party is a necessary party; second, whether that necessary party could be joined; and third, if the necessary party cannot be joined, whether the action can proceed in the absence of that party. Parties so situated as to prevent an action from continuing in their absence are called "indispensible parties." Woodco v. Lindahl, 152 Colo. 49, 54-55 (Colo. 1963) (The test for determining whether a party is indispensable is whether the absent party's interest in the subject matter of the litigation is such that "no decree can be entered in the case which will do justice between the parties actually before the court without injuriously affecting the right of such absent person.").

The Colorado Supreme Court described the various classes of parties outlined in C.R.C.P. 19 as follows:

> Persons having an interest in the subject matter of litigation which may conveniently be settled therein, are 'proper parties', those whose presence is essential to determination of entire controversy are 'necessary parties', but, if interests of parties before the court may be finally adjudicated without affecting interests of absent parties, presence of 'proper parties' is not indispensable, whereas 'indispensable parties' are those having such an interest in subject-matter or controversy that a final decree between parties before the court cannot be made without affecting their interests or leaving controversy in such situation that its final determination may be inequitable.

Woodco, 152 Colo. at 55.

In determining whether a party is "necessary," there are two paths the Court may take. First the court is asked to determine whether "complete relief" may be achieved as to the existing parties in the absence of the third party. C.R.C.P. 19(a). Alternatively, in the absence of a finding concerning "complete relief," the Court should determine that a party is necessary if the absent party claims an interest in the subject of the action, and is so situated that disposition of the action without the absent party will (a) impede the absent party's ability to protect its interest or (b) may leave the named parties at substantial risk of incurring double, multiple or inconsistent obligations. Id. If the Court determines that complete relief cannot be achieved, or that the third party's absence will

2

prejudice its interests or subject the existing parties to other suits or inconsistent obligations, the Court is directed to require that the absent party be joined. Id.

The above analysis is used to determine whether a party is "necessary." But additional analysis is required to determine whether it is "feasible" to join an otherwise necessary party. If the absent party is not subject to service of process, if his joinder will deprive the court of jurisdiction, or if he has a valid objection to venue, then lastly, the Court is required to determine whether the matter may nevertheless proceed in his absence. *See* Potts v. Gordon, 34 Colo. App. 128, 134 (Colo. Ct. App. 1974).

Upon determining that a party is necessary, but that joinder is not feasible, Rule 19 also provides the test for determining whether the action may still proceed. C.R.C.P. 19(b) requires the Court to ask: (1) the extent to which a judgment rendered in the person's absence may be prejudicial either to the absent entities or to those already parties; (2) the extent to which the judgment can be shaped to reduce or avoid any prejudice resulting from nonjoinder; (3) whether a judgment without the absent party would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action is dismissed. *See* C.R.C.P. 19(b). Indispensible parties are necessary parties who cannot be joined and whose absence precludes further action. *See* Woodco 152 Colo. at 55.

In short, C.R.C.P. 19 outlines who must be joined, if feasible, and if not feasible, under what circumstances the action may nevertheless proceed. As detailed below, LBHI is a necessary party, whose joinder is not feasible, and whose absence requires dismissal of the action.

**C.    LBHI is an Indispensible Party, Absent Which This Action Must Be Dismissed.**

1. LBHI's Role in the Servicing Agreement:

The Servicing Agreement specifies that LBHI is the owner of the servicing rights. *See* Servicing Agreement, Art. I, p. 8. As owner of the servicing rights, LBHI enjoys certain rights and benefits under the Servicing Agreement. For example, LBHI was expressly granted the right to consent, or reasonably withhold consent, to the appointment of any successor servicer. *See* Servicing Agreement, Art. X, § 10.01. Additionally, LBHI enjoys a right to the payments received by Aurora for servicing the mortgage loans and the right to collect late fees and penalties charged to the borrowers. *See* Servicing Agreement, Art. I, p. 8. Further, the documents and things held by Aurora relative to its servicing functions are held in trust – not only for MidCountry, but also for LBHI. *See* Servicing Agreement, Art. II, § 2.01, p. 9. In short, LBHI has successor-servicer consent rights, monetary interests, and an ownership interest relative to the loan documents, all of which are at the core of the relief sought by MidCountry.

2. MidCountry Seeks Divestiture of the Servicing Rights:

MidCountry's pleadings make clear that what is at stake in this action is the divestiture of servicing functions and rights from Aurora and LBHI, respectively. MidCountry's amended complaint and other court filings seek "termination" of Aurora and divestiture of the loan servicing rights, by asserting that Aurora has breached the Servicing Agreement. MidCountry claims that it has already "terminated" Aurora as the servicer, and alleges that Aurora "failed to prepare, execute and deliver to the successor entity designated by MidCountry the appropriate documents and instruments to effectuate the termination." Amended Comp. at ¶ 19. MidCountry also seeks injunctive relief terminating Aurora's servicing functions, and transferring those servicing functions to a third party of MidCountry's choosing. Such relief, if granted, would not only deprive LBHI of its approval rights under the Servicing Agreement, but would also deprive LBHI of its monetary interests in those servicing rights. In short, MidCountry seeks to rewrite the Servicing Agreement in a manner that smoothes its road towards elimination of Aurora as the servicer, without obtaining the requisite approval from LBHI, without providing the requisite monetary arrangements between

3

LBHI and the proposed successor servicer, and without paying the fee to LBHI that is provided in the Servicing Agreement in the event of a unilateral termination.

    3. <u>LBHI is a Necessary Party:</u>

The threshold question is whether LBHI is a "necessary" party. C.R.C.P. 19 provides that the following parties "shall" be joined in the action if subject to service of process:

> . . . [I]f: (1) In his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may: (A) As a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

*See* C.R.C.P. 19(a). The test has multiple parts: Can complete relief be afforded in the absence of LBHI? Is LBHI's interest such that any disposition in this action will either impair LBHI's interest or impede its ability to later protect its interests? Or is LBHI's interest such that either Aurora or MidCountry may be subject to multiple or inconsistent obligations? Here, each of these questions is answered in the affirmative.

First, MidCountry cannot achieve a complete resolution of its desired termination of Aurora as the servicer, nor avoidance of the unilateral termination fee, nor transfer of the servicing functions, fee-income and/or servicing documents to a new servicer, in the absence of LBHI who owns such rights. It is clear in the Servicing Agreement that LBHI owns the servicing rights, is entitled to fee income from such rights, has an interest in the documents in order to protect such rights, has express consent/rejection rights relating to the appointment of any new servicer, and has a monetary interest in determining whether MidCountry has terminated unilaterally (which requires payment of a fee), or for cause (which may not require a termination fee). No judgment affecting any of these rights may be entered without necessarily affecting LBHI who owns such rights.

Second, Aurora will be subject to inconsistent obligations if the relief requested is granted. At present, Aurora is obligated to tender funds to LBHI generated from the servicing of the loans. If it no longer services those loans, there will be no servicing fees to tender. Further, the Servicing Agreement specifically provides that Aurora holds the documents in trust, not only for MidCountry, but also for LBHI. *See* Servicing Agreement, Art. II, § 2.01, p. 9. To the extent that Aurora is directed to transfer the servicing documents in a manner inconsistent with either MidCountry or LBHI's wishes, it may have breached its obligations to the other party. This inconsistency is precisely the sort of inconsistency that renders LBHI a necessary party.

    4. <u>Joinder of LBHI Is Not Feasible:</u>

"Joinder is deemed 'feasible' under this rule as long as the absentee is subject to service of process; his joinder will not deprive the court of jurisdiction; and he has no valid objection to venue of the court." *See* <u>Potts v. Gordon</u>, 525 P.2d 500, 503-504 (Colo. Ct. App. 1974).

Here, joinder of LBHI as a party is not feasible because LBHI is in bankruptcy and despite knowing of its bankruptcy, plaintiff has not taken any steps to obtain relief from the automatic stay that would provide this court with jurisdiction over LBHI or permit its joinder as a party.[1]

---

[1] Facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment. *See* <u>Grynberg v. Koch Gateway Pipeline Co.</u>, 390 F.3d 1276 (10th Cir. 2004) (citing 27A Fed.Proc., L.Ed. §62:520 (2003)). Further, the Court may take judicial notice of its own files and records, as well as other facts that are a matter of public record. <u>Id.</u> (citing <u>Van Woudenberg v. Gibson</u>, 211 F.3d 560, 568 (10th Cir. 2000)).

      LBHI filed for protection under Chapter 11 of the United States Bankruptcy Code on September 15, 2008 in the U.S. Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP). LBHI is therefore not subject to service of process in this action, absent relief from the automatic stay imposed by Section 362 the Bankruptcy Code. *See, e.g.,* 11 U.S.C. §§ 362(a)(1) (providing a stay against commencement or continuation of any judicial action against the debtor) and 362(a)(3) (providing a stay against "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate").

      5. <u>This Action Cannot Proceed Without LBHI, and Should Therefore be Dismissed:</u>

      It is well established that a party to a contract that is the subject of the litigation is considered an indispensable party. *See, e.g.,* <u>Travelers Indem. Co. v. Household Intern., Inc.</u>, 775 F.Supp. 518, 527 (D.Conn. 1991) ("[P]recedent supports the proposition that a contracting party is the paradigm of an indispensable party."). Moreover, if a contracting party's rights might be impaired as a result of an adverse judgment against a different contracting party, the former is indispensable and must be joined in the case. *See* <u>Acton Co., Inc. v. Bachman Foods, Inc.</u>, 668 F.2d 76 (1st Cir. 1982). In <u>Acton</u>, for example, there were three parties to a purchase agreement—the plaintiff, the plaintiff's parent company, and the defendant. All three executed the purchase agreement, but only the plaintiff (not its parent company) sued for breach of contract. The court granted the defendant's motion to dismiss for failure to join the plaintiff's parent company, because it had rights under the purchase agreement that the plaintiff-subsidiary did not. <u>Id.</u> Here, similarly, LBHI has rights that its indirect subsidiary, Aurora, does not.

      In Colorado, the test for the indispensability is whether the absent party's interest in the subject matter of the litigation is such that no decree can be entered in the case that will do justice between the parties before the court without injuriously affecting the right of such absent person. *See* <u>Erickson v. Oberlohr</u>, 749 P.2d 996, 1000 (Colo. Ct. App. 1987). Although injury to the absent party is the most important factor in determining indispensability, other factors are recognized, such as the danger of inconsistent decisions, avoidance of multiplicity of suits, and the reluctance of a court to render a decision that will not finally settle the controversy before it. *See* <u>Good v. Bear Canyon Ranch Ass'n</u>, 160 P.3d 251, 256 (Colo. Ct. App. 2007).

      Here, there is a significant danger of inconsistent decisions and multiple lawsuits under these circumstances because if MidCountry persists in this course, LBHI will have no choice but to act to protect its rights. If this Court does not require a full adjudication of all of the contracting parties' rights, MidCountry, Aurora and LBHI may likely find themselves in some other action determining the same issues. To the extent that this Court rules without LBHI, there is a clear risk that the subsequent decision will be inconsistent.

      More importantly, none of the relief requested by MidCountry relative to the servicing of the loans could be granted without prejudicing LBHI. As mentioned above, LBHI holds a wide variety of rights relative to the loan servicing, including the selection of subsequent servicers, monies generated from the servicing, documents related to servicing, and fees for unilaterally terminating the servicing. If MidCountry prevails, in any regard, relative to the servicing rights, LBHI may suffer injury. Because this injury is the paramount concern in determining indispensability, the Court must conclude that LBHI is an indispensible party.

## CONCLUSION

      LBHI is precisely the sort of necessary party that C.R.C.P. 19 requires in order to allow an action to proceed. It is a necessary party, and MidCountry has not taken steps to make its joinder feasible. Further, the nature of LBHI's rights in the Servicing Agreement and the impact of any decision by this Court require LBHI's presence in order to allow further action. This action should

therefore be dismissed until such time as MidCountry determines where, whether, and how to add LBHI.

DATED this 27th day of March, 2009.

BLOOM MURR & ACCOMAZZO, P.C.

*/s/Jamie G. Siler*
Jamie G. Siler, Reg. No. 31284
Daniel R. Delaney, Reg. No. 35958

*Attorneys for Defendant Aurora Loan Services LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of March, 2009, a true and correct copy of the foregoing **Motion to Dismiss** was served via LexisNexis File & Serve upon the following:

Scott T. Rodgers, Esq.
Tamara A. Hoffbuhr, Esq.
Kieran A. Lasater, Esq.
Fairfield & Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO  80203

*Attorneys for Plaintiff*

*/s/ Marsha L. Aragon*
Marsha L. Aragon, legal assistant