# GENOVESE JOBLOVE & BATTISTA
## P.A.
*Attorneys at Law*

Robert F. Elgidely
Telephone: 305.349.2300
Email: relgidely@gjb-law.com

April 20, 2009

The Honorable James M. Peck
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 601
New York, New York 10004-1408

      Re:    In re Lehman Brothers Holdings Inc., et al.
               Bankruptcy Case No. 08-13555-JMP

Dear Judge Peck:

      We, the undersigned, represent the class action plaintiffs in the action styled *Wong, et al. v. HSBC USA, Inc.*, et al., Adversary Proceeding No. 09-01120-jmp, filed on March 12, 2009 (the "Adversary Proceeding"). The Adversary Proceeding was filed on behalf of a class of approximately 33,000 persons who acquired Minibond series notes in Hong Kong which were marketed and sold by non-debtor entities during the period June 16, 2003 to September 15, 2008 (the "Minibond Holders"). Certain derivative contracts appear to have been incorporated into the Minibonds deal structure (the "Derivative Contracts"). The Minibond Holders seek, *inter alia*, the return of certain collateral underlying the Minibonds (the "Collateral").

      We recently became aware that the Court entered two orders granting the Debtors' Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts (the "Motion") on December 16, 2008 and on January 15, 2009 (the "Proceedings") (Court Paper Nos. 1498, 2257 and 2557). Significantly, the Motion was not served on the Minibond Holders and they therefore did not have notice of the Proceedings or any opportunity to be heard at the hearings held in connection therewith (as similarly articulated in the Limited Objection by The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., and BNY Corporate Trustee Services Limited to the Debtors' Motion (Court Paper No. 1892) (the "BNY Objection"). These Proceedings *predated* the filing of the Complaint in *Wong*.

---

Bank of America Tower • 100 Southeast Second Street, 44th Floor • Miami, Florida 33131 • Telephone: 305.349.2300 • Facsimile 305.349.2310

The Courts have generally recognized that the term "party in interest" entitled to notice should be construed broadly to allow all persons affected by a Chapter 11 proceeding to be heard. *In re Johns Manville Corp.*, 36 B.R. 743, 754 (Bankr. S.D.N.Y. 1994) and *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985). Bankruptcy courts are required on a "case by case" basis to determine whether the prospective party in interest has a sufficient "stake" requiring the opportunity to be heard. *In re Alpex Computer Corp.*, 715 F.3d 353, 357 (10th Cir. 1995), *quoting Amatex at 1042. In re Boomgarden,* 780 F.2d 657, 660-661 (7th Cir. 1985) (right to notice turns on particular facts of a given case and due process requires that consideration of those facts must be afforded before denial of a property right). At bottom the inquiry is whether a party has "a pecuniary interest, practical stake or legally protected interest" that could be affected by the bankruptcy proceeding. *In re Wells*, 227 B.R. 553, 559 (Bankr. M.D. Fla. 1998). As indicated by their Complaint in the Adversary Proceeding, the Minibond Holders have such a stake and interest.

This lack of notice to the Minibond Holders raises serious Due Process (and other) concerns, as pursuant to the Proceedings, the Debtor may attempt to assign or otherwise take unilateral action with respect to Derivative Contracts within the Minibonds deal structure. Any such action may violate the Debtor's contractual duties, the Minibond Holders' contractual rights and may result in the Debtor improperly taking possession of all or part of the Collateral, in violation of the Minibond Holders' property rights. As indicated, issues concerning the ownership of the Collateral, and thus the resolution of claims concerning the Derivative Contracts, are properly the subject of the *Wong* suit. As such, any action by the Debtor with respect to the Derivatives Contracts threatens not only to violate the rights of the Minibond Holders, but may also result in the inappropriate final adjudication of issues as "core" issues which are in fact jurisdictionally "non-core" or "related" matters.

By this letter, we wish to inform the Court that we object to the Motion. We are in the process of drafting a formal objection to be filed shortly, which will contain a full explication of the bases for our objection. We also intend to file a motion for limited reconsideration of any Order to the extent it may affect the Minibond Holders' rights. We intend to join in most or all of the BNY Objection, and raise many if not all of the grounds it raises in our forthcoming formal objection. We intend also to appear at the hearing on one of the Orders scheduled for June 3, 2009, to request to be heard. Before the Court hears and resolves our formal objection and motion, we respectfully request this Court to amend or modify any of the Orders granting the Motion and stay them to the extent they authorized the Debtor to take action respecting the Derivative Contracts that would impact the Collateral. We believe such action is required in order to avoid undue prejudice and irreparable harm to the Minibond Holders.

Respectfully,

Robert F. Elgidely

cc:  Patrick W. Daniels, Esq. and Ray A. Mandlekar, Esq.