Hearing Date: **April 22, 2009 at 10:00 a.m.**

Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
:
In re:                                              :    Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.,              :    08-13555 (JMP)
                                                    :
                         Debtors.                   :    (Jointly Administered)
                                                    :
------------------------------------------------------------------- x

**JOINDER OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO DEBTORS' OBJECTION TO MIDCOUNTRY BANK'S MOTION
FOR ENTRY OF AN ORDER (i) GRANTING RELIEF FROM AUTOMATIC STAY, (ii)
WAIVING THE 10-DAY STAY UNDER FED. R. BANKR. P. 4000(a)(3), AND (iii)
<u>GRANTING RELATED RELIEF, WITH INCORPORATED MEMORANDUM OF LAW</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated chapter 11 debtors in possession (collectively, the "<u>Debtors</u>") hereby joins (the "<u>Joinder</u>") in the Debtors' Objection [Docket No. 3394] (the "<u>Objection</u>") to MidCountry Bank's ("<u>MidCountry</u>") motion for entry of an order (i) granting relief from automatic stay, (ii) waiving the 10-day stay under Fed. R. Bankr. P. 4000(a)(3), and (iii) granting related relief, with incorporated memorandum of law, dated April 1, 2009 [Docket No. 3257] (the "<u>Motion</u>"). In support of its Joinder, the Committee respectfully states as follows:

**BACKGROUND**

1. Prior to the filing of the Debtors' chapter 11 cases, LBHI sold certain mortgage loans to MidCountry, while retaining the ownership of the servicing rights with respect to such mortgage loans. In a separate loan servicing agreement (the "Agreement"), LBHI, MidCountry, and Aurora Loan Services, LLC ("Aurora") agreed to continue the loan servicing arrangements previously established between LBHI and Aurora. Under the Agreement, LBHI retained certain rights as the "Servicing Rights Owner," including the right to consent to the identity of a successor loan servicer and to receive a fee upon MidCountry's termination of Aurora without cause.

2. By the Motion, MidCountry seeks an order (i) granting it relief from the automatic stay, if applicable, to proceed with its state court action (the "Action") against Aurora, or, in the alternative, determining that the automatic stay does not apply to the Action; (ii) allowing termination of the Agreement as to LBHI *nunc pro tunc* to the date of notice of such termination; (iii) deeming LBHI to have consented to replacement of Aurora with a successor servicer; (iv) authorizing MidCountry to "include" LBHI in the Action, to the extent necessary; and (v) seeking certain related relief.

3. On April 20, 2009, the Debtors filed the Objection, arguing that MidCountry has no right to the relief it is seeking because it (i) improperly attempts to terminate the Agreement, where the sole relief available to it with respect to an executory contract subject to Section 365 of the Bankruptcy Code is a motion to compel assumption or rejection; (ii) improperly attempts to terminate the Debtors' property interests that are protected by the automatic stay; and (iii) utterly fails to show that cause exists to justify relief from the automatic stay.

## THE COMMITTEE'S JOINDER

4. The Committee concurs with the arguments set forth in the Objection and, accordingly, files this Joinder in support thereof.

5. As an initial matter, and as correctly pointed out by the Debtors, the relief requested by MidCountry is procedurally improper. In a chapter 11 proceeding, section 365(a) expressly provides that a debtor in possession need not decide whether to assume or reject any executory contract until the confirmation of its plan of reorganization. 11 U.S.C. § 365(d)(2). Accordingly, to the extent MidCountry is unsatisfied with LBHI's performance under the Agreement, its sole remedy is to seek to compel LBHI to assume or reject it; not to essentially effect rejection through a motion to lift the automatic stay.

6. MidCountry repeatedly asserts that the automatic stay does not even apply to the primary relief it is seeking because no property interest of LBHI is allegedly involved in the Action. Yet, MidCountry obviously is attempting to terminate whatever interests LBHI may have under the Agreement. Moreover, MidCountry does not deny that LBHI bargained for the right to consent to the successor loan servicer under the Agreement. Such right constitutes property of LBHI's bankruptcy estate. See, e.g., Chartschlaa v. Nationwide Mutual Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008) ("Contractual rights clearly fall within the reach of [section 541(a)(1)]"). Just as clearly, MidCountry seeks to nullify such right without any justification as to why it may be entitled to such relief.

7. Furthermore, by focusing almost exclusively on its (erroneous) protestations that it does not seek to affect any property of the estate, MidCountry entirely neglects its burden to show the requisite "cause" for the lifting of the automatic stay.

8. Any party seeking relief from the automatic stay carries the burden of showing that it is entitled to relief. See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1285 (2d Cir. 1990); In re Eatman, 182 B.R. 386, 390 (Bankr. S.D.N.Y. 1995) ("While section 362(g) allocates the burden of ultimate persuasion . . . , the movant must still make a *prima facie* showing that it is entitled to the relief that it seeks."). Absent such a showing, the requested relief must be denied. Sonnax, 907 F.2d at 1285. MidCountry has failed to demonstrate that cause exists for the Court to lift the automatic stay to allow it to proceed with its proposed course of action.

WHEREFORE, for the foregoing reasons, the Committee respectfully requests that the Court deny the relief requested in the Motion.

Dated:   New York, New York
         April 20, 2009

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
    Dennis F. Dunne
    Dennis C. O'Donnell
    Evan R. Fleck
    1 Chase Manhattan Plaza
    New York, New York 10005
    Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.