**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.,* | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------------x

**FIFTH SUPPLEMENTAL DECLARATION OF P. ERIC SIEGERT IN SUPPORT OF APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER, UNDER 11 U.S.C. §§ 328(a) AND 1103, FED. R. BANKR. P. 2014 AND 5002, AND S.D.N.Y. LBR 2014-1, AUTHORIZING RETENTION AND EMPLOYMENT OF HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC.**

STATE OF NEW YORK        )
                                            : ss.:
COUNTY OF NEW YORK    )

P. ERIC SIEGERT, being duly sworn, says:

1. I am a Senior Managing Director of the firm of Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan"). I am duly authorized to make this fifth supplemental declaration (the "Fifth Supplemental Declaration") on behalf of Houlihan.

2. I submit this Fifth Supplemental Declaration to the original declaration (the "Declaration") that I submitted in support of the Application of the Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors," and together with their non-debtor affiliates, "Lehman"), for an order (the "Retention Order"), under 11 U.S.C. §§ 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 2014 and 5002, and Local Bankruptcy Rule 2014-1, authorizing the employment and retention of Houlihan as investment bankers to the Committee (the "Application"). The Retention Order was entered on December 17, 2008.

3.     Unless otherwise stated in this Fifth Supplemental Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.[1]

### Houlihan's Connections with Parties in Interest

4.     In the Declaration, I stated that Houlihan searched all current engagements for known relationships or interests with the Debtors and non-Debtor affiliates. A full list of identified ongoing Houlihan advisory engagements with some level of known involvement by the Debtors and/or affiliates of the Debtors was detailed on Exhibit C attached to the Declaration. On December 10, 2008, December 23, 2008, February 27, 2009, and March 31, 2009, I submitted supplemental declarations (the "First Supplemental Declaration," "Second Supplemental Declaration," "Third Supplemental Declaration," and "Fourth Supplemental Declaration," respectively, collectively the "Supplemental Declarations"), identifying on Exhibits C1, C2, C3, and C4, respectively, attached thereto additional engagements with some level of involvement by the Debtors and/or their affiliates. Since the submission of the Supplemental Declarations, I have become aware that the scope of Houlihan's engagement to provide services unrelated to the Debtors' Chapter 11 Cases for an entity with some level of known involvement with the Debtors and/or their affiliates, which was previously disclosed in the Third Supplemental Declaration, has changed. Exhibit "C5" attached hereto details the change to such engagement.

5.     Houlihan does not believe that the change to the matter listed on Exhibit C5 creates any material conflict with Houlihan's role as advisor to the

---

[1]     Certain of the disclosures set forth herein relate to matters within the knowledge of other employees at Houlihan and are based on information provided by them.

2

Committee. Moreover, in accordance with the engagement letter between the Committee and Houlihan dated September 17, 2008 (attached to the Application as Exhibit B), this matter has been disclosed to the Committee and the Committee has no objection to Houlihan continuing to work on this matter. From time to time, and to the extent appropriate, Houlihan will "wall off" employees working on engagements with a Lehman-related relationship from either any information relating to the relevant engagement/Lehman interest received in the course of our representing the Committee or from activities undertaken and information received by Houlihan in the Debtors' Chapter 11 Cases.

6. Houlihan is carrying on further inquiries of its professionals with respect to the matters contained herein. From time to time, Houlihan will undertake supplemental conflicts checks and file supplemental affidavits regarding its retention if any additional relevant information comes to its attention.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 21, 2009

_____
P. Eric Siegert

3

**Exhibit C5**                                                                  **Page 1**

**Lehman Brothers Holdings Inc.**
**Current Houlihan Advisory Engagement with Lehman Involvement**

| Client | Houlihan Role | Current Lehman Role [2] |
|---|---|---|
| 1. Project Mountain | Company Advisor (Strategic alternatives with a restructuring component – prior disclosure in the Third Supplemental Affidavit was for a non-restructuring corporate finance project) | Lehman currently holds nearly $[redacted][3] million of the approximate $[redacted] billion tranche A 1st lien loan through LCPI, of which approximately [redacted]% is in leveraged SPVs, leaving roughly $[redacted] million of Lehman's debt unencumbered. Lehman has stepped down as administrator of the bank debt and moved into a passive role in the bank group, and JP Morgan has taken the lead of the bank group. |

---

[2] Some of these Lehman positions may now, or in the future, be subject to sale or other commitments.

[3] The affidavit has been reviewed and approved by the Committee and the US Trustee on an un-redacted basis.