**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
In re                                                            :    Chapter 11 Case No.
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :    **08-13555 (JMP)**
                                                                 :
          Debtors.                                        :    (Jointly Administered)
                                                                 :
----------------------------------------------------------------x
                                                                 :
In re                                                            :
                                                                 :
**LEHMAN BROTHERS INC.**,                              :    **08-01420 (JMP) SIPA**
                                                                 :
          Debtor.                                         :
                                                                 :
----------------------------------------------------------------x

**STIPULATION AND AGREED ORDER PROVIDING FOR LEHMAN
BROTHERS INC.'S ASSUMPTION AND ASSIGNMENT OF CERTAIN
MARKET AGENT AGREEMENTS TO LEHMAN COMMERCIAL PAPER INC.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Commercial Paper Inc. ("LCPI"), an indirect subsidiary of Lehman Brothers Holdings Inc. ("LBHI"), as debtor and debtor in possession, and Lehman Brothers Inc. ("LBI"), by and through James W. Giddens (the "SIPA Trustee"), as Trustee for the Securities Investor Protection Act ("SIPA") liquidation of the business of LBI, hereby enter into this Stipulation and Agreed Order (the "Stipulation and Agreed Order") and stipulate and agree, as follows:

**RECITALS**

        A.    On October 5, 2008 (the "Commencement Date"), LCPI commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). LCPI is authorized to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  On September 19, 2008, a proceeding was commenced under SIPA with respect to LBI, Case No. 08-01420 (such proceeding, the "SIPA Proceeding"). The SIPA Trustee was appointed under SIPA to wind down LBI's estate (the "LBI Estate").

C.  Prior to the Commencement Date, LCPI was in the business of originating, administering and trading both unsecured loans and loans secured by mortgages and other assets (the "Loans"). From time to time, LCPI sold its interest in the Loans to special purpose entities (the "Transactions"). As partial consideration for the purchase of LCPI's interest in the Loans, the special purpose entities (the "Issuers") issued notes (the "Notes") back to LCPI secured by, among other things, the transferred Loans and certain collateral accounts held by the Issuers (the "Collateral"). Each of the Notes is governed by a separate series indenture agreement and standard terms (the "Series Indenture") between the applicable Issuer and an indenture trustee (the "Indenture Trustee").[1]

D.  The task of valuing and monitoring LCPI's Collateral, including calculating the Accrued Interest Amount, Loan-to-Value Ratio and Underlying Asset Value (as each term is defined in each Series Indenture), as well as performing certain functions with respect to the cash margin mechanisms (where applicable), was to be performed by a market agent (the "Market Agent") designated by the parties. For each Transaction, the applicable Issuer and LBI executed a Market Agent Agreement (the "Market Agent Agreements") pursuant to which LBI was appointed as Market Agent to perform the Market Agent role for such

---

[1] This description of the Transactions is offered only as general background. There are certain nuances to each of the Transactions that need not be described in detail for purposes of this Stipulation and Agreed Order.

Transaction. The Market Agent's role and duties are primarily identified in the Series Indentures and the Market Agent Agreements, but may also have been set forth in other agreements related to the Transactions, including, but not limited to, note purchase agreements (collectively, all such related agreements, the Series Indenture, and the Market Agent Agreement, the "Transaction Documents").

E. Each of the Transactions, the related Issuers, Indenture Trustees, and Market Agent Agreements, as well as cure amounts required to be paid by LBI to assume the Market Agent Agreements pursuant to section 365 of the Bankruptcy Code (the "Cure Costs") are identified on Exhibit "A" attached hereto.

F. Since the commencement of the SIPA Proceeding, LBI has been unable to perform its role as Market Agent as set forth in the Transaction Documents. Section 7 of each of the Market Agent Agreements provides that LBI "shall have the right to transfer and assign all of its rights, duties, obligations, and liabilities under this Agreement to an affiliate of the Market Agent; provided, however, that such transfer and assignment shall be upon the condition that the due and punctual performance and observance of all the terms and conditions of this Agreement to be performed or observed by the Market Agent shall, by agreement supplemental hereto, be assumed by such affiliate just as fully and effectually as if such affiliate had been the original party of the first part to this Agreement." *See* Market Agent Agreements ¶ 7.

G. LCPI would like to assume the role as Market Agent under the Market Agent Agreements (and as such role is set forth throughout the Transactions Documents) in order to maximize the value of LCPI's interest in the Notes issued by the Issuers. LBI has agreed to assume each Market Agent Agreement and to assign all of its rights and delegate all of its obligations as Market Agent to LCPI.

H. LCPI warrants and represents that it has (i) full power, authority, and legal right to execute, deliver and perform the Market Agent functions and intends to comply with the Market Agent Agreements, and (ii) it is fully capable of professionally and competently performing the duties imposed upon the Market Agent under the Transaction Documents.

I. Due and proper notice of this Stipulation and Agreed Order providing for the assumption and assignment of the Market Agent Agreements pursuant to section 365 of the Bankruptcy Code has been provided to each of the Issuers and the Indenture Trustees.

**AGREED ORDER**

IT IS HEREBY AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1. LBI assumes and assigns to LCPI, pursuant to section 365 of the Bankruptcy Code and section 7 of each of the Market Agent Agreements, all of LBI's rights, title and interest as Market Agent under and to each Market Agent Agreement (as such Market Agent role is set forth throughout the Transaction Documents) and transfers and delegates to LCPI all of LBI's obligations as Market Agent under each Market Agent Agreement (as such Market Agent role is set forth throughout the Transaction Documents). LCPI hereby acquires all of LBI's rights, title and interest and assumes all of LBI's obligations as Market Agent under and to each Market Agent Agreement (as such Market Agent role is set forth throughout the Transaction Documents) existing from and prior to the date this Stipulation and Agreed Order is entered by the Court (the "Effective Date").

2. LCPI shall pay LBI's Cure Costs, if any, in connection with the assumption and assignment of the Market Agent Agreements. As reflected on Exhibit "A", LCPI believes that no cure costs are due. Objections to the proposed Cure Costs must be filed by

April 6, 2009 at 11:00 a.m. (Prevailing Eastern Time) Objection Deadline.  If no objections are received, the Cure Cost will be set at $0.

3. On the Effective Date, the SIPA Trustee and the LBI Estate shall be relieved of any liability resulting from any subsequent breach of the Market Agent Agreements pursuant to section 365(k) of the Bankruptcy Code.

4. The SIPA Trustee and the LBI Estate shall continue to be entitled to receive amounts, if any, that were due to LBI as Market Agent under the Market Agent Agreements (and as set forth throughout the Transaction Documents) prior to the Effective Date.

5. For the avoidance of doubt, other than the Market Agent Agreements, nothing contained herein shall be construed as an assumption and assignment of any other Transaction Documents.  Additionally, other than the assumption and assignment of the Market Agent Agreements appointing LBI to the role of Market Agent (as set forth throughout the Transaction Documents), nothing herein shall be construed to release or prejudice the rights, if any, of the SIPA Trustee or the LBI Estate (i) accruing under the Market Agent Agreements prior to the Effective Date or (ii) accruing in any capacity other than as Market Agent under the other Transaction Documents prior or subsequent to the Effective Date.

6. Each person who executes this Stipulation and Agreed Order on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation and Agreed Order on behalf of such party.

7. This Stipulation and Agreed Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  This Stipulation and Agreed Order may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an

original signature whether or not confirmed by delivering the original signatures in person, by courier or mail, although it is the parties' intention to deliver original signatures after delivery of facsimile signatures.

8.   If this Stipulation and Agreed Order is not approved by the Bankruptcy Court in both LCPI's chapter 11 case and LBI's SIPA Proceeding this Stipulation and Agreed Order shall be deemed null and void and shall not be referred to or used for any purpose by any of the parties hereto or any of the other parties in LCPI's chapter 11 case or in LBI's SIPA Proceeding.

9.   The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

SO ORDERED this 22nd day of April 2009 in New York, New York.

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE

**AGREED TO AND ACCEPTED BY:**

Dated: March 24, 2009
       New York, New York

/s/ Shai Y Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

    - and -

/s/ Daniel R. Lenihan
Daniel R. Lenihan
Lynn P. Harrison III

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:(212) 697-1559

Attorneys for Debtors
and Debtors in Possession

/s/ Daniel S. Lubell
James B. Kobak, Jr.
Daniel S. Lubell
Jeffrey S. Margolin

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens, Esq.,
as Trustee for the SIPA Liquidation of
the Business of Lehman Brothers Inc.

**Exhibit A**
**(Schedule of Market Agent Agreements)**

|    | Document | Issuer | Indenture Trustee | Proposed Cure |
|----|----------|--------|-------------------|---------------|
| 1  | Market Agent Agreement, dated as of June 25, 2008, by and between LBI and Apollo I Trust | Apollo I Trust | U.S. Bank National Association | $0 |
| 2  | Market Agent Agreement, dated as of July 3, 2008, by and between LBI and Apollo FD 2008-1, L.P. | Apollo FD 2008-1, L.P. | U.S. Bank National Association | $0 |
| 3  | Market Agent Agreement, dated as of June 19, 2008, by and between LBI and A-PQ Cayman Partners, L.P. | A-PQ Cayman Partners, L.P. | U.S. Bank National Association | $0 |
| 4  | Market Agent Agreement, dated as of June 27, 2008, by and between LBI and H 2008-3 Cayman Partners, L.P. | H 2008-3 Cayman Partners, L.P. | U.S. Bank National Association | $0 |
| 5  | Market Agent Agreement, dated as of June 27, 2008, by and between LBI and PQ/HDS Cayman Partners-A, L.P. | PQ/HDS Cayman Partners – A, L.P. | U.S. Bank National Association | $0 |
| 6  | Market Agent Agreement, dated as of July 21, 2008, by and between LBI and CCP HD HF I L.P. | CCP HD HF I, L.P. | U.S. Bank National Association | $0 |
| 7  | Market Agent Agreement, dated as of July 21, 2008, by and between LBI and CCP HD HF II L.P. | CCP HD HF II, L.P. | U.S. Bank National Association | $0 |
| 8  | Market Agent Agreement, dated as of July 21, 2008, by and between LBI and CCP HD PE L.P. | CCP HD PE, L.P. | U.S. Bank National Association | $0 |
| 9  | Market Agent Agreement, dated as of February 29, 2008, by and between LBI and Pontus II Trust | Pontus II Trust | Wells Fargo Bank, N.A. | $0 |
| 10 | Market Agent Agreement, dated as of February 29, 2008, by and between LBI and SL Cloud I Trust | SL Cloud I Trust | U.S. Bank National Association | $0 |
| 11 | Market Agent Agreement, dated as of April 30, 2009, by and between LBI and Riopelle Broadway LP | Riopelle Broadway LP | U.S. Bank National Association | $0 |
| 12 | Market Agent Agreement, dated as of July 3, 2008, by and between LBI and Apollo FD 2008-2 | Apollo FD 2008-2, L.P. | U.S. Bank National Association | $0 |