**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                 :
In re                                                            : Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                         : 08-13555 (JMP)
                                                                 :
                                       Debtors.                  : (Jointly Administered)
                                                                 :
                                                                 :
-----------------------------------------------------------------x

## AFFIDAVIT AND DISCLOSURE STATEMENT OF BRADLEY D. WINE, ON BEHALF OF DICKSTEIN SHAPIRO LLP

CITY OF WASHINGTON         )
                           ) ss:
DISTRICT OF COLUMBIA       )

Bradley D. Wine, being duly sworn, upon his oath, deposes and says:

1. I am a partner of Dickstein Shapiro LLP, located at 1825 Eye Street, NW, Washington, DC 20006-5403 (the "Firm").

2. Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), and LBHI has requested that the Firm provide government contracting-related legal services to it, and the Firm has consented to provide such services in a manner consistent with the terms provided in the attached Exhibit A which have been agreed to by LBHI.

3. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom

may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. Except as disclosed herein below, the Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates in connection with the government contracting-related services for which the Firm is being retained.

    a.    The Firm represents SkyPower Corp. in two (2) specific matters. LBHI is the indirect owner of approximately 80% of SkyPower Corp. First, the Firm represents SkyPower Corp. in connection with a matter completely unrelated to these chapter 11 cases involving SkyPower Corp.'s dispute concerning a turbine supply contract with General Electric Company and General Electric Canada. Second, the Firm represents SkyPower Corp. in connection with its claims against Debtor Lehman Brothers Special Financing, Inc. arising from a series of approximately forty-five (45) ISDA form currency swap agreements in the face amount of approximately $161.5 million.

    b.    The Firm also [represents SkyP]ower under a credit facility originate[d...] [t]he Firm has

[Handwritten annotation: "This seems problematic"]

    4.    Neither I, nor a[...] [t]he Debtors agreed to share or will share any por[tion...] with any other person other than the [...]

    5.    Except as discl[osed...] [p]rofessional employed by the Firm, insofar as I ha[ve...] [a]ny interest adverse to the Debtors or their estate[s...]

    a.    One Firm partner holds a $5,000 face value LBHI bond (currently valued at approximately $600 - $700) in his profit sharing account.

    b.    Another Firm partner holds a $35,000 face value LBHI bond (currently valued at approximately $5,000) in his profit sharing account.

    c.    One Firm associate owns 100 shares of common stock in LBHI.

6. The Debtors owe nothing to the Firm for prepetition services.

7. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

By: _____
Bradley D. Wine

Subscribed and sworn to before me
this 22nd day of April, 2009

_____
Notary Public

**Lisa Thompson**
**Notary Public District of Columbia**
**My Commission Expires 10-14-10**

**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

April 21, 2009

Martha Solinger, Esq.
General Counsel
Lehman Brothers Holdings Inc.
1271 Sixth Avenue
38th Floor
New York, New York 10020

Dear Ms. Solinger,

       We are pleased that Lehman Brothers Holdings Inc. (LBHI) asked Dickstein Shapiro LLP to provide it with the legal services described below. Pursuant to the District of Columbia Rules of Professional Conduct, this letter sets forth our agreement as to the scope and nature of the legal services to be provided and the basis on which our Firm's fees and related expenses will be paid.

<u>Scope and Nature of Representation.</u>

       The Firm's client in this engagement will be LBHI. Except as may otherwise be provided herein, the Firm has not been retained as counsel for any parent, subsidiary or affiliate of LBHI, or for any individual (including any officer, director, employee or shareholder), and no such relationship is created by this engagement.

       Under this new engagement, the Firm will serve as LBHI's counsel in connection with LBHI's potential participation in various U.S. Treasury Department Financial Stability Plan (FSP) programs, including but not limited to, the Public Private Investment Program and the Term-Asset Backed Securities Loan Facility. At this time LBHI has retained the Firm only to handle the matter just described, and any future expansion of the engagement beyond that matter will be specified in writing. Our work and responsibilities will be limited to the specific matters for which the Firm has been retained.

       As you know, in addition to the FSP-related counseling services that the Firm agrees to provide to LBHI under this agreement, the Firm provides legal services in many other areas and often in matters that involve multiple parties, such as bankruptcy, corporate and financial, intellectual property, and complex antitrust litigation. LBHI acknowledges that the Firm will remain free to represent existing or new clients in other matters where their position is not adverse to LBHI, and also in other matters where their position may be adverse to LBHI, either directly (as in a negotiation or litigation) or indirectly, but which are not substantially related to the FSP representation specified in this letter.

**DICKSTEIN**SHAPIRO LLP

Martha Solinger, Esq.
April 21, 2009
Page 2

LBHI also acknowledges that the Firm has advised LBHI that the Firm is providing advice and representation to other clients whose interests are either potentially and/or actually adverse to LBHI in unrelated matters. In particular, the Firm represents SkyPower Corp. as a debtor of LBHI in the bankruptcy proceedings currently pending before the United States Bankruptcy Court for the Southern District of New York and Sangertown Square L.L.C. as a borrower under a credit facility originated by an affiliate of LBHI. LBHI hereby expressly acknowledges and agrees that it is providing a voluntary waiver of this and any other current or future unrelated conflicts, provided that they are not substantially related to the FSP-related matters that are the subject of this engagement letter.

Unless extended as provided above (or unless earlier terminated as provided below), this engagement will terminate at the end of the matter described in this letter. In any event, unless we agree otherwise in writing this engagement will be deemed terminated if the matter has been inactive and the Firm has had no occasion to perform any legal services in connection with it for a period of one year. You will have the right to terminate this engagement at any time and for any reason. The Firm also reserves the right to do so if our statements are not timely paid, or for any other reason required or permitted by the applicable rules of professional conduct.

Fees.

Fees for the Firm's professional services in this matter will be based upon the regularly established hourly rates for the attorneys, legal assistants and, where appropriate, other staff performing this work. These rates are subject to periodic adjustments. We anticipate that Jennifer Eck and Bradley Wine will be the attorneys principally involved in the representation. Their current hourly rates are, respectively, $525 and $510. If you so request, we will give you advance notice of any changes in these rates, and will provide hourly rates for other Firm personnel who may be involved in this matter. Pursuant to the November 5, 2008 Order of the United States Bankruptcy Court for the Southern District of New York, fees for this engagement shall not exceed $150,000 per month.

Reimbursement for Disbursements and Other Costs.

In accordance with the Firm's usual practice, disbursements to third parties for local transportation and travel, transcripts, postage, messengers, court reporters, filing and other fees, service of process, commercial printing and any miscellaneous items will be billed to LBHI at actual cost. In the case of third-party bills for expenses in excess of $2,500, we usually will ask LBHI to pay the vendor directly.

Internal support services are charged either on a direct-cost basis (including an allocation of overhead directly associated with the provision of the service) or in accordance with the Firm's standard rates. Delivery services are charged at or below the direct or allocated cost of the particular services. Imaging and scanning will be charged at or below the prevailing

DSMDB-2599472v02

**DICKSTEIN**SHAPIRO LLP

Martha Solinger, Esq.
April 21, 2009
Page 3

commercial prices. Printing and photocopying are charged at 18 cents per page and computerized legal research is charged at a 40% discount from the computer companies' standard commercial rate schedules.

   A retainer fee of $10,000 is to be paid with your execution of this letter. This retainer will be applied against our final billing but in any event will constitute a minimum fee for this engagement.

   The Firm will send you monthly statements covering charges for the prior month, and will expect each statement to be paid within 30 days. If you have questions about any statement, please raise them with me promptly. In the event any bills remain outstanding for more than 60 days, the Firm reserves the right to charge interest at the rate of 1% a month from the date when they were rendered.

   LBHI will indicate the agreement and understanding between us by causing this letter to be filed as an exhibit to the Firm's Ordinary Course Professional Affidavit with United States Bankruptcy Court for the Southern District of New York. We look forward to working with you.

Dickstein Shapiro LLP

By _____
  Bradley D. Wine

DSMDB-2599472v02

*DRAFT/WORK PRODUCT*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                                       :   Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :   08-13555 (JMP)
:
Debtors.                              :   (Jointly Administered)
:
:
------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEHMAN BROTHERS HOLDINGS INC. OR ANY OF ITS DEBTOR AFFILIATES (collectively, the "Debtors")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT. RETURN IT FOR FILING BY THE DEBTORS, TO:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn:   Jennifer Sapp
        Christopher Stauble

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

   Dickstein Shapiro LLP

   1825 Eye Street, NW

   Washington, DC  20006-5403

2. Date of retention:   April 14, 2009

3. Type of services provided (accounting, legal, etc.):

   Legal

4. Brief description of services to be provided:

   <u>Dickstein Shapiro will serve as Lehman Brothers Holdings Inc.'s ordinary course counsel in connection with various government contracting-related legal services.</u>

5. Arrangements for compensation (hourly, contingent, etc.)

   <u>Hourly</u>

   (a) Average hourly rate (if applicable):

   <u>$500 - $600/hour</u>

   (b) Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

   <u>Unknown</u>

6. Prepetition claims against the Debtors held by the firm:

   Amount of claim: <u>$n/a</u>

   Date claim arose: <u>n/a</u>

   Source of Claim: <u>n/a</u>

7. Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

   Name: <u>A partner of the Firm holds a Lehman Brothers Holdings bond with a face value of $5,000 (current value approximately $600-700) in his profit sharing account. Another partner of the Firm holds a $35,000 face value LBHI bond (currently valued at approximately $5,000) in his profit sharing account.</u>

   Status: _____

   Amount of Claim: $_____

   Date claim arose: _____

*DRAFT/WORK PRODUCT*

Source of claim: _____

8. Stock of the Debtors currently held by the firm:

    Kind of shares: n/a_____

    No. of shares: n/a_____

9. Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

    Name: <u>An associate of the Firm owns 100 shares of common stock in</u>

    <u>Lehman Brothers Holdings Inc.</u>

    Status: _____

    _____

    Kind of shares: _____

    No. of shares: _____

10. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

    n/a_____

11. Name of individual completing this form:

    <u>Bradley D. Wine</u>