**Hearing Date: May 13, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: May 8, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Attorneys for the Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------x
                                                        :
In re                                                   :          Chapter 11
                                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,                  :          Case No. 08-13555 (JMP)
                                                        :
                        Debtors.                        :          (Jointly Administered)
---------------------------------------------------------------------------x

**NOTICE OF HEARING ON APPLICATION OF THE EXAMINER**
**FOR ORDER AUTHORIZING THE RETENTION OF CERTAIN**
**CONTRACT ATTORNEYS TO PERFORM SPECIFIC DOCUMENT**
**REVIEW TASKS *NUNC PRO TUNC* AS OF APRIL 15, 2009**

PLEASE TAKE NOTICE that a Hearing on the attached Application of the Examiner for

Order Authorizing the Retention of Certain Contract Attorneys to Perform Specific Document

Review Tasks *Nunc Pro Tunc* as of April 15, 2009 (the "Application"), all as more fully

described in the Application, will be held on **May 13, 2009 at 10:00 a.m. (Prevailing Eastern**

**Time)**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that the Hearing will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck ("Chambers"), One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; (v) Jenner & Block LLP, 919 Third Avenue, 37th Floor, New York, New York 10022-3908,

ii

Attn:  Patrick J. Trostle, attorneys for the Examiner; and (vi) any person or entity with a

particularized interest in the subject matter of the Application; so as to be received no later than

**May 8, 2009, at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Application is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the

Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: April 29, 2009
New York, New York

Respectfully submitted,


By: */s/ Patrick J. Trostle*
      Patrick J. Trostle

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted Pro Hac Vice)

Attorneys for the Examiner

Hearing Date: May 13, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: May 8, 2009 at 4:00 p.m. (Prevailing Eastern Time)

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Attorneys for the Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------x
                                                             :
In re                                                        :          Chapter 11
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :          Case No. 08-13555 (JMP)
                                                             :
                              Debtors.                       :          (Jointly Administered)
-------------------------------------------------------------------------x

**APPLICATION OF THE EXAMINER FOR ORDER AUTHORIZING THE**
**RETENTION OF CERTAIN CONTRACT ATTORNEYS TO PERFORM SPECIFIC**
**DOCUMENT REVIEW TASKS *NUNC PRO TUNC* AS OF APRIL 15, 2009**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Anton R. Valukas, the Examiner (the "Examiner") appointed for Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors (together with LBHI, collectively, the

"Debtors") in the above-captioned bankruptcy cases by the United States Trustee for Region 2,

such appointment having been approved by the Court by Order entered January 20, 2009,

pursuant to the Court's Order Directing Appointment of an Examiner Pursuant to Section

1104(c)(2) of the Bankruptcy Code, entered January 16, 2009 (the "Examiner Order"), hereby

applies to the Court (the "Application") for an order, substantially in the form attached hereto as

Exhibit A, authorizing the retention of certain contract attorneys (the "Attorneys") to perform

specific document review tasks *nunc pro tunc* as of April 15, 2009.  In support of this

Application, the Examiner respectfully states as follows:

## Jurisdiction, Venue and Statutory Predicates

1.        This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory and other predicates for the relief

requested herein are sections 105(a), 327, and 1106(b) of Chapter 11, Title 11, United States

Code, as amended (the "Bankruptcy Code") and the Examiner Order, which provides, in relevant

part, that "[t]he Examiner may retain attorneys and any professional persons, if he or she

determines that such retention is necessary to discharge his or her duties, with such retention to

be subject to Court approval under the standards equivalent to those set forth in 11 U.S.C.

§ 327."  Examiner Order at ¶ 6.  Accordingly, the relief requested herein is in accordance with

the standards set forth in section 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the

United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

## Background

1.        Commencing on September 15, 2008, and periodically thereafter (as applicable,

the "Commencement Date"), LBHI and certain of its direct and indirect subsidiaries

commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The

Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being

jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.  The Debtors are

authorized to operate their businesses and manage their properties as debtors in possession

pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of

New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors

pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").  On September

19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970

("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA (the

"SIPA Trustee") is administering LBI's estate.

3.      On January 16, 2009, the Court entered the Examiner Order, directing the

appointment of an examiner, pursuant to 11 U.S.C. § 1104(c)(2), to investigate, *inter alia*,

various transfers and transactions by the Debtors and their affiliates, claims that certain

Debtors may have against LBHI, and the events that immediately preceded the commencement

of the LBHI chapter 11 case (collectively, the "Investigation").  Examiner Order at ¶ 2 [Docket

No. 2569].  The Examiner Order also directs the examiner to "perform the duties specified in

sections 1106(a)(3) and (4) of the Bankruptcy Code, except to the extent the Court orders

otherwise."  Id. at ¶ 3.

2.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner

in the chapter 11 cases, subject to Court approval, and filed her notice of such appointment.

[Docket No. 2570].  On January 20, 2009, the U.S. Trustee filed her application for an Order of

this Court approving the appointment of Anton R. Valukas as examiner in the chapter 11 cases.

[Docket No. 2571].  On January 20, 2009, this Court entered an order approving the appointment

by the U.S. Trustee of Anton R. Valukas as examiner in the chapter 11 cases.  [Docket No.

2583].  On January 23, 2009, the Examiner filed his Application to Employ Jenner & Block LLP

as Counsel to the Examiner.  [Docket No. 2627].  On February 11, 2009, this Court entered the

Order Authorizing the Examiner to Retain and Employ Jenner & Block LLP as his Counsel *nunc*

*pro tunc* as of January 19, 2009.  [Docket No. 2803].  On February 25, 2009, this Court entered

an order approving the Examiner's retention of Duff & Phelps as his financial advisors, *nunc pro*

*tunc* as of February 6, 2009.  [Docket  No. 2924].

### Relief Requested

3.       The Examiner has determined that the addition of certain contract attorneys to

perform specific document review tasks is necessary in order to proceed with the Investigation as

expeditiously as possible.  Through the auspices of Strategic Legal Solutions, a placement

agency, the Examiner seeks to retain the Attorneys as specialists in the area of document review

and analysis.  In particular, the Examiner desires to use the Attorneys to process hundreds of

thousands of pages of documents produced by various parties in response to document requests

transmitted by the Examiner.

### Retention of Contract Attorneys

4.       The Examiner and his counsel have entered into an agreement with Strategic

Legal Solutions, a copy of which is attached hereto as Exhibit B, to provide the Examiner with

attorneys on a temporary basis.  The Examiner and his counsel have reviewed the resumes of a

number of contract attorneys and have selected twenty Attorneys.  The Examiner believes that

the selected Attorneys are well qualified to undertake the document review tasks.  Moreover, the

Examiner respectfully requests the ability to add, upon notice to the Debtors, the Creditors'

Committee, and the U.S. Trustee, additional contract attorneys to the extent necessary as the

document management and collection process continues to unfold.  The Examiner proposes to

file a notice with the Court attaching an affidavit of disinterestedness of each additional

designated contract attorney and such retention would be approved, as of the date of the filing of

4

the notice, absent any objection filed by any party in interest within ten days of the filing of the

notice.  The Examiner has discussed this methodology with the Office of the U. S. Trustee, and

the U.S. Trustee does not object to this approach.

5.    Pursuant to the agreement with Strategic Legal Solutions, the estate will be

charged a rate of $43.50 an hour for the Attorneys, which is the actual cost without any mark-up.

This amount is the current market rate for contract attorneys and is subject to adjustment by

Strategic Legal Solutions from time to time based upon changes in market rates for contract

attorneys.  Therefore, during the course of the retention, there may be an increase in the rate,

which would be passed to the estate at cost.  The Examiner believes this amount is

commensurate with the skill, experience and scope of the duties of the Attorneys.  The Examiner

will reflect the charges incurred with respect to the Attorneys on the Jenner & Block fee

statements and fee applications that are filed in these cases.

6.    To the best of the Examiner's knowledge, information and belief, the Attorneys do

not hold any disqualifying interest adverse to the Debtors' estates in matters upon which they are

to be engaged by the Examiner.  Attached hereto as Exhibits C-1 through C-20 are affidavits of

disinterestedness executed by each of the Attorneys describing and disclosing any connection

with persons and entities relevant to this Application (the "Identified Parties").  The Examiner

does not believe that any of the connections are disqualifying.  The list of Identified Parties,

attached hereto as Exhibit D, was prepared using various sources, including publicly available

information and the listings of entities identified and described in materials filed by the Debtors

and the Creditors' Committee, and includes:

1.    the Debtors, their significant nondebtor affiliates, and former
affiliates;

2.    the Debtors' and affiliates' current and former (up to three years)
directors and officers;

5

3.    significant (i.e., greater than five percent) equity holders of the Debtors as of the commencement dates of the chapter 11 cases;

4.    the underwriters of the Debtors' securities for all securities issued or outstanding on the commencement dates of the chapter 11 cases or during the three years prior to the commencement dates;

5.    accountants employed or retained by the Debtors during the two-year period prior to the commencement dates of the chapter 11 cases;

6.    professionals employed by the Debtors;

7.    Barclays Capital, Inc.;

8.    members of the Ad Hoc or Unofficial Creditors' Committees;

9.    current and former members of the Creditors' Committee;

10.    professionals retained by significant creditor groups;

11.    the Debtors' secured creditors;

12.    the Debtors' bank lenders;

13.    the Debtors' 50 largest bond holders;

14.    the Debtors' 100 largest unsecured creditors other than bondholders;

15.    the Debtors' 100 largest holders of trade debt;

16.    significant lessors and lessees of the Debtors;

17.    the Debtors' utilities;

18.    parties to litigation involving the Debtors;

19.    major competitors of the Debtors;

20.    the affiliations of the Debtors' outside directors;

21.    certain government and state regulatory agencies; and

22.    other potential parties-in-interest.[1]

7.    This Application includes citations to the applicable authorities and does not raise

any novel issues of law.  The Examiner reserves the right to file a brief in reply to any objection

to this Application.

**Notice**

8.    No trustee has been appointed in these chapter 11 cases.  The Examiner has

served notice of this Application in accordance with the procedures set forth in the amended

order entered on February 13, 2009, governing case management and administrative procedures

for these cases [Docket No. 2837] on (i) the Court; (ii) counsel for the Debtors; (iii) the U.S.

Trustee; (iv) counsel for the Creditors' Committee; (v) the Securities and Exchange Commission;

(vi) the Internal Revenue Service; (vii) the United States Attorney for the Southern District of

New York; and (viii) all parties who have requested notice in these chapter 11 cases.  In light of

the nature of the relief requested, the Examiner submits that no other or further notice need be

provided.

_____

[1] The identification and classification herein of various entities or individuals as falling within certain
categories (e.g., "secured creditors") is not intended and should not be deemed to be an admission of the
legal rights or status of any particular individual or entity.

WHEREFORE the Examiner respectfully requests that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated: April 29, 2009
New York, New York

Respectfully submitted,


By: */s/ Patrick J. Trostle*
    Patrick J. Trostle

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Attorneys for the Examiner