**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                               :

In re                                                           :          Chapter 11
                                                             :

LEHMAN BROTHERS HOLDINGS INC., <u>et al.</u>,      :          Case No. 08-13555 (JMP)
                                                             :

                          Debtors.                    :          (Jointly Administered)
------------------------------------------------------------------------x

**ORDER AUTHORIZING THE EXAMINER TO RETAIN**
**CERTAIN CONTRACT ATTORNEYS TO PERFORM SPECIFIC**
**DOCUMENT REVIEW TASKS <u>*NUNC PRO TUNC* AS OF APRIL 15, 2009</u>**

Upon the Application of the Examiner for Order Authorizing the Retention of Certain Contract Attorneys to Perform Specific Document Review Tasks *Nunc Pro Tunc* as of April 15, 2009 (the "<u>Application</u>") filed by Anton R. Valukas, the examiner (the "<u>Examiner</u>") appointed in the above-captioned bankruptcy cases, and the Court having reviewed the Application and the Affidavits of Disinterestedness (the "<u>Affidavits</u>") of the proposed contract attorneys (the "<u>Attorneys</u>") in support thereof; and the Court being satisfied that (a) except as otherwise set forth in the Affidavits, each Attorney does not represent any interests adverse to the Debtors or their estates with respect to which they are to be engaged; (b) each Attorney is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code; (c) the employment of the Attorneys is necessary and in the best interest of the Examiner, the Debtors and their estates; (d) adequate notice of the Application has been provided in accordance with the procedures set forth in the amended order entered February 13, 2009, governing case management and administrative procedures [Docket No. 2837] to (i) the Court; (ii) counsel for the Debtors; (iii) the United States Trustee for Region 2; (iv) counsel for the Official Committee of Unsecured Creditors; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the United States Attorney for the Southern District of New York; and (viii) all

parties who have requested notice in these chapter 11 cases; and (e) it appearing that no other or further notice of the Application need be provided; and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED

1. The Application is granted to the extent provided herein.

2. The Examiner is authorized to retain the Attorneys, *nunc pro tunc*, as of April 15, 2009, to perform specific document review tasks.

3. The Examiner and Jenner & Block shall be reimbursed for the expenses related to the retention of the Attorneys, which are to be determined pursuant to standards equivalent to those set forth in 11 U.S.C. §§ 330 and 331, upon the filing of the appropriate applications for allowance of interim or final compensation in accordance with the procedures established in these cases including the Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses other Professionals [Docket No. 3102].

4. To the extent the Examiner decides to retain additional contract attorneys, the Examiner is hereby authorized to file notices of such retention, along with the requisite affidavits of disinterestedness, and such retention shall be approved effective as of the date of the filing of such notice absent any objection by any party in interest which shall be filed within ten days of the filing of the notice.

5. This Court shall have exclusive jurisdiction with respect to any claim or controversy arising from or related to the implementation of this Order.

Dated: May __, 2009
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE