**Hearing Date: May 13, 2009 at 10:00 a.m.**
        **Objection Deadline: April 30, 2009 at 11:00 a.m.**

**SEWARD & KISSEL LLP**
John R. Ashmead (JA 4756)
Justin L. Shearer (JS 1823)
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

Attorneys for Brigade Capital Management, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., <u>et al.</u>, | Case No. 08-13555 (JMP) |
| | **(Jointly Administered)** |
| Debtors. | |
| IN RE: | |
| LEHMAN BROTHERS INC., | Case No. 08-01420 (JMP) SIPA |
| Debtor. | |

**OBJECTION OF BRIGADE CAPITAL MANAGEMENT, LLC TO STIPULATION AND AGREED ORDER BETWEEN LEHMAN BROTHERS HOLDINGS, INC., JAMES W. GIDDENS AS TRUSTEE FOR LEHMAN BROTHERS INC., BARCLAYS CAPITAL INC., AND BP 399 PARK AVENUE LLC WITH RESPECT TO LEASED PREMISES AT 399 PARK AVENUE, NEW YORK, NEW YORK AND THE TRANSFER OF FURNITURE, FIXTURES AND <u>EQUIPMENT THEREIN AND RELATED MATTERS</u>**

Brigade Capital Management, LLC ("Brigade"), by its undersigned counsel, hereby

objects (the "Objection") to the Stipulation and Agreed Order Between Lehman Brothers

Holdings, Inc., James W. Giddens as Trustee for Lehman Brothers Inc., Barclays Capital Inc., and BP 399 Park Avenue LLC With Respect to Leased Premises at 399 Park Avenue, New York, New York and the Transfer of Furniture, Fixtures and Equipment Therein and related Matters (the "Stipulation"), and respectfully represents as follows:[1]

  1. Lehman Brothers Inc. ("LBI") leased certain floors (including the 16th floor) in the building located at 399 Park Avenue, New York, New York (the "Premises") from BP 399 Park Avenue LLC ("Landlord"), pursuant to a lease dated October 1, 2001 (the "Lease") between Landlord and LBI.  Pursuant to the Stipulation, LBI seeks to reject the Lease as of April 30, 2009.  Brigade is a party to a sublease dated July 11, 2008 with LBI (the "Sublease"), pursuant to which Brigade agreed to sublease from LBI the 16th floor in said building (the "Sublease Premises").

  2. The Stipulation is a complex multi-party transaction that appears to seek to remedy an issue between the Sellers' obligations to Barclays under the Purchase Agreement and LBI's rights under section 365 of the Bankruptcy Code.  More specifically, the Purchase Agreement obligates the Sellers to permit Barclays to occupy the Premises through June 2009, yet under section 365 of the Bankruptcy Code, in the absence of the Landlord's consent, LBI could only extend its time to assume or reject the Lease to mid-April 2009.

  3. But for this issue, LBI presumably would have already rejected the Lease.  Instead, it has entered into the complex transaction represented by the Stipulation, which, among other things, (a) purports to reject the Lease, (b) yet grants to Barclays permission to continue to occupy a portion of the Premises under the terms of the Lease (save as amended by the Stipulation), and (c) provides for payments, insurance coverage, and claim parameters.

---

[1]  Capitalized terms not defined herein are as defined in the Stipulation.

4. Brigade objects to the Stipulation on several grounds.  <u>First</u>, while a purported lease rejection lies at the center of the Stipulation, the Stipulation is more properly characterized as a settlement and modification of the Lease.  Rejection of a lease under section 365 requires no agreement – just a motion and an order – and section 365 spells out the parties' rights.  If the Stipulation only affected the parties thereto, this distinction might be meaningless; however, it may affect third parties, such as Brigade.  The Stipulation, however, goes even beyond characterizing one of its central elements as a "rejection" to seek to have that "rejection" then characterized by the Court as a "termination or surrender" of the Lease, potentially triggering certain rights vis-à-vis Brigade.  To wit, the Stipulation states that "[t]he rejection of the 399 Lease shall be deemed to be a termination or surrender of the 399 Lease by reason of a default by LBI for the purposes of the Landlord Consent and Brigade Sublease."  Stipulation, ¶8.

5. Without question, the rights and obligations of Brigade with respect to the Landlord are not before the Court.  Brigade is not a party to the Stipulation.  The relationship between Brigade and the Landlord, including any impact upon that relationship that might effected by a simple rejection of the Lease, is independent of, and irrelevant to, LBI's right to reject the Lease.  In other words, whatever effect the Stipulation has upon the rights or obligations among two non-debtor parties (Landlord and Brigade) should not be characterized or determined by the Stipulation.  The language of the Stipulation should be modified so as not to include rulings or findings regarding this relationship between Landlord and Brigade.

6. <u>Second</u>, the Stipulation provides for the rejection of the Lease on April 30, 2009, but further provides both that (i) "Landlord shall be entitled to payment and performance of all obligations of Brigade under the Brigade Sublease and Landlord consent after April 30, 2009", and that (ii) the SIPA Trustee "shall not exercise his right to terminate the Brigade Sublease or

reject the Brigade Sublease under section 365 of the Bankruptcy Code prior to his rejection of the 399 Lease." Stipulation, ¶8. The Stipulation should instead provide for the rejection of the Sublease contemporaneously with the rejection of the Lease or at least clarify that Brigade has no obligations to LBI from and after April 30, 2009 in order to avoid any misleading and unintended inference that Brigade has any duplicative liability to both LBI and Landlord for the obligations described in the Sublease.

   7. <u>Third</u>, with respect to a letter of credit provided by Brigade to LBI as security for its obligations under the Sublease, the Stipulation provides that "if so requested by Landlord prior to a transfer of the letter of credit, LBI will draw down the letter of credit as permitted by and in accordance with the Brigade Sublease and immediately transfer all of the proceeds to Landlord . . .." Stipulation, ¶8. Brigade requests that the above language be clarified to state that such draw shall only be "to the extent, if any, permitted by and in accordance with the Brigade Sublease . . ." in order to avoid any misleading and unintended inference that the Stipulation is permitting any drawdown on the letter of credit that would not otherwise be permitted.

   8. <u>Fourth</u>, pursuant to certain "build-out" terms in the Sublease, Brigade is entitled to a build-out allowance of $242,030 from the sublandlord (LBI) once it performs certain renovations on the Sublease Premises (the "Build-Out Allowance"). At the time of the commencement of the LBI SIPA proceeding, Brigade had not yet moved into the Sublease Premises nor started the renovations necessary to its occupancy.[2] The commencement of LBI's SIPA proceeding complicated Brigade's space plans and it was not at all clear what action LBI would take with respect to the Lease and the Sublease. The Stipulation seeks to affect the Sublease yet does not assume or reject the Sublease, leaving unaddressed the treatment of the Build-Out

---

[2]  The parties had contemplated that Brigade would begin renovations in October or later in 2008 and move into the Sublease Premises thereafter – most likely, in early 2009.

Allowance.[3] In connection with Brigade's right to the Build-Out Allowance, the Stipulation should be modified to ensure that LBI's obligation in respect of the Build-Out Allowance and related credits will be honored in full.

9. Fifth, the Stipulation should make clear that it does not effect any release or waiver by Brigade of any claims Brigade may hold as against LBI or the SIPA Trustee or any other party in order to avoid any misleading and unintended inference to the contrary.

WHEREFORE, for the reasons stated above, the Court should (i) deny approval of the Stipulation unless and until the Stipulation is modified to address the concerns raised by Brigade herein, and (ii) grant to Brigade such other relief as is just.

Dated: New York, New York
April 30, 2009

        SEWARD & KISSEL LLP

        By: /s/ John R. Ashmead
        John R. Ashmead (JA 4756)
        Justin L. Shearer (JS 1823)
        One Battery Park Plaza
        New York, New York 10004
        Telephone: (212) 574-1200
        Facsimile: (212) 480-8421
        Email: ashmead@sewkis.com
             shearer@sewkis.com

        Attorneys for Brigade Capital Management, LLC

SK 25586 0003 991089

---

[3] As mentioned in paragraph 4 above, arguably, despite the Stipulation's purported rejection of the Lease, this is not in substance a rejection, but rather a settlement and modification of the Lease. If this characterization is being effected to evade Brigade's rights to the Build-Out Allowance, the characterization should be rejected.