WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | **08-13555 (JMP)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |

-----------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER BETWEEN**
**NEW YORK INDEPENDENT SYSTEM OPERATOR, INC.**
**AND LEHMAN BROTHERS COMMODITY SERVICES, INC.**

This stipulation, agreement, and order ("Stipulation") is entered into by and between the New York Independent System Operator, Inc. (the "NYISO") and Lehman Brothers Commodity Services, Inc. ("LBCS") and its affiliated debtors in the above referenced chapter 11 cases as debtors and debtors in possession (together, the "Debtors").

RECITALS

A.      On September 15, 2008 (the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced voluntary cases under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

B.      On October 3, 2008, LBCS commenced a voluntary case under chapter 11 of the Bankruptcy Code.

C. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 17, 2008 the United State trustee for the Southern District of New York appointed a statutory committee of unsecured creditors (the "Statutory Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.

D. The NYISO operates New York's bulk electricity grid, administers the state's wholesale electricity markets, and provides comprehensive reliability planning for the state's bulk electricity system. A not-for-profit corporation, the NYISO began operating in 1999.

E. The NYISO Market Administration and Control Area Services Tariff (the "Tariff") sets forth the provisions applicable to the services provided by the NYISO related to its administration of competitive markets for the sale and purchase of energy and capacity and for the payments to suppliers who provide ancillary services to the NYISO, including services related to ensuring the reliable operation of the New York state power system.

F. The NYISO administers a market for electricity in the state of New York. It facilitates the purchase and sale of electricity among participants in the market and manages the real-time market for electricity as well as the settlement of forward contracts by which participants deal in future electricity needs. At the end of each month, the NYISO determines whether each participant's account should be credited or debited based upon its net gains and losses attributable to trading activity and service charges. As a market clearinghouse, the NYISO operates on a revenue-neutral basis. To protect other market participants, each market participant is required by the Tariff to meet certain credit requirements, which may include the requirement to post collateral, to secure against the possibility of non-payment.

2

  G. LBCS was a market participant before the Commencement Date, and the NYISO is holding $10,032,062.00 posted by LBCS as collateral (the "<u>Collateral</u>") to secure its obligations under the Tariff.  After netting all debits and credits over the last six months, NYISO alleges that LBCS presently owes the NYISO $3,836,042.47 arising from trading losses and service charges (the "<u>LBCS Liabilities</u>").  As trading contracts continue to settle, the NYISO expects LBCS will owe additional amounts that are not likely to exceed $100,000.00 in the aggregate.

  H. The parties hereto have agreed to the terms set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THEIR RESPECTIVE UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT**:

  1. This Stipulation shall become immediately effective upon entry by the Court.

  2. The automatic stay pursuant to section 362 of the Bankruptcy Code is modified solely to the extent necessary to permit the NYISO to immediately exercise its rights of setoff and recoupment under the Tariff.

  3. The NYISO is hereby authorized to apply the Collateral against the LBCS Liabilities in the amount of $3,836,042.47 and is directed to promptly return to LBCS all Collateral not so applied, *provided* that the NYISO is authorized to retain $100,000 of Collateral to apply against any future liabilities of LBCS arising under the Tariff, with any amount not so applied to be returned to LBCS after all reconciliations of trading contracts governed by the Tariff are complete.

  4. Each of LBCS and the NYISO reserves all of its rights, claims, and defenses, including, but not limited to, (a) those pursuant to section 506(c) of the Bankruptcy Code and (b)

3

the right to challenge any liabilities of LBCS in respect of the Tariff, including the amount of the LBCS Liabilities, and to obtain the return of the Collateral to the extent that any such challenge to the LBCS Liabilities is successful, provided that nothing herein shall limit the applicability of Article VII of the Tariff with respect to the matters described therein.

5. In the event that the Court does not approve this Stipulation, it shall be null and void and of no force and effect.

6. This Stipulation can only be amended or otherwise modified by a signed writing executed by the parties.

7. The person who executed the Stipulation by or on behalf of each respective party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such party.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the parties here to be charged.

9. Simultaneously with the submission of this Stipulation to the Court, the Debtors shall provide a copy of this Stipulation: (i) by mail or electronic mail to counsel to the Statutory Creditors' Committee; (ii) by mail, hand delivery, facsimile or electronic mail to the Office of the United States trustee; and (iii) by electronic means through the ECF notification system upon those parties requesting notice pursuant to Bankruptcy Rule 2002 and the ECF notification system. Such notice is good and sufficient and no further notice is required.

| | |
|---|---|
| Dated: April 15, 2009<br>Seattle, Washington | Dated: April 15, 2009<br>New York, New York |
| DAVIS WRIGHT TREMAINE LLP | WEIL, GOTSHAL & MANGES LLP |
| By: /s/ Hugh R. McCullough | By: /s/ Robert J. Lemons |
| Bradley R. Duncan<br>Hugh R. McCullough<br>1201 Third Avenue, Suite 2200<br>Seattle, WA  98101-3045<br>206-757-8033 (telephone)<br>206-757-7033 (facsimile) | Robert J. Lemons, Esq.<br>767 Fifth Avenue<br>New York, New York 10153<br>Tel: 212-310-8000<br>Fax: 212-310-8007 |
| *Attorneys for the New York Independent System Operator, Inc.* | *Attorneys for the Debtors and Debtors in Possession* |

SO ORDERED this 30th day of April, 2009

 /s/ James M. Peck
THE HONORABLE JAMES PECK
UNITED STATES BANKRUPTCY JUDGE