WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                       :

**In re**                                  :      **Chapter 11 Case No.**
                                         :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :      **08-13555 (JMP)**
                                         :

                   **Debtors.**      :      **(Jointly Administered)**
                                         :
                                         :
-----------------------------------------------------------x

### NOTICE OF AMENDED AFFIDAVIT
### AND DISCLOSURE STATEMENT OF ANDREW GOLDMAN ON
### BEHALF OF WILMER CUTLER PICKERING HALE AND DORR LLP

      **PLEASE TAKE NOTICE** that on April 24, 2009, and in accordance

with the Order Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code

Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of

Business, entered on November 5, 2008 (the "Order") [Docket. No. 1394], Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), filed the

ordinary course professional affidavit and retention questionnaire (together the "Affidavit

and Questionnaire") of Yoon-Young Lee on behalf of Wilmer Cutler Pickering Hale and

Dorr LLP ("Wilmer") [Docket No. 3437].

**PLEASE TAKE FURTHER NOTICE** that Wilmer hereby supplements its Affidavit and Questionnaire to include the following additional services: successor counsel to Lehman Brothers Commercial Paper Inc. in its capacity as administrative agent and collateral agent under a certain Lien Credit Agreement (the "Amended Wilmer Affidavit"). A copy of the Amended Wilmer Affidavit is attached hereto as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, the Debtors will serve this Notice, together with the Amended Wilmer Affidavit, on (i) the Office of the United States Trustee, and (ii) the attorneys for the Official Committee of Unsecured Creditors appointed in these chapter 11 cases.

[THIS SPACE INTENTIONALLY LEFT BLANK]

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, objections, if any, to the retention of Wilmer must be filed with the Court and served upon the undersigned attorney for the Debtors within 10 days of the date of service of this Notice. Unless timely objections are received, Wilmer shall be deemed approved by the Court and deemed to be ordinary course professionals within the purview of the Order, without the necessity of a hearing.

Dated: May 5, 2009
      New York, New York

Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re                                        :        Chapter 11 Case No.
                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :        08-13555 (JMP)
                                             :
                        Debtors.             :        (Jointly Administered)
                                             :
                                             :
----------------------------------------------------------------x

## AFFIDAVIT AND DISCLOSURE STATEMENT OF ANDREW GOLDMAN AND AMENDMENT TO THE AFFIDAVIT AND DISCLOSURE STATEMENT OF YOON-YOUNG LEE ON BEHALF OF WILMER CUTLER PICKERING HALE AND DORR LLP, FILED ON APRIL 24, 2009 (DOCKET NO. 3437)

CITY OF NEW YORK          )
                          ) ss:
COUNTY OF NEW YORK        )

        ANDREW GOLDMAN, being duly sworn, upon his oath, deposes and

says:

        1.      This affidavit and disclosure statement (the "Affidavit") together

with the Affidavit and Disclosure Statement of Yoon-Young Lee on Behalf of Wilmer

Cutler Pickering Hale and Dorr LLP, dated April 17, 2009, and filed on the docket of the

above-captioned case on April 24, 2009 (Docket No. 3437), constitute the Affidavit and

Disclosure Statement of Yoon-Young Lee on Behalf of Wilmer Cutler Pickering Hale

and Dorr LLP in its entirety.

        2.      I am a Partner of Wilmer Cutler Pickering Hale and Dorr LLP,

located at 399 Park Avenue, New York, New York, 10022 (the "Firm").

        3.      Lehman Commercial Paper Inc. ("Lehman") and its affiliated

debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession

(together, the "Debtors"), have requested that the Firm represent it as successor counsel in Lehman's capacity as administrative agent and collateral agent under that certain First Lien Credit Agreement (the "Credit Agreement") dated as of July 12, 2007 by and among RJO Investor Corp., RJO Holdings Corp., the several lenders from time to time party thereto, and Lehman as administrative agent and collateral agent and the other parties thereto.  The scope of the representation would be to represent Lehman, as administrative agent and collateral agent under the Credit Agreement, in connection with certain matters relating to a possible restructuring,  amendment, workout, and/or related matters with respect to the Credit Agreement, and also in connection with a proposed retirement of Lehman as administrative agent and collateral agent and the appointment of a successor agent (the "Services"), and the Firm has consented to provide such Services.  Under the Credit Agreement, the Borrower is obligated to reimburse Lehman, in its capacity as administrative agent and collateral agent, for its costs and expenses, including legal fees and expenses.

    4.    The Firm may have performed services in the past and may perform services in the future, in matters unrelated to the Services the Debtors have asked the Firm to provide in connection with these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases.  The Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the

2

Debtors or their estates that relate to the Services the Debtors have asked the Firm to provide.

5.      Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

6.      Except to the extent that the Firm holds a general unsecured claim for services provided prior to the bankruptcy (as described in paragraph 7), neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates that relates to the Services the Debtors have asked the Firm to provide.

7.      The Debtors owe the Firm $338,460.47 for prepetition services.

8.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.[1]

By: _____
        ANDREW GOLDMAN

Subscribed and sworn to before me
this 4th day of May , 2009

_____
            Notary Public

**JUSTIN R. ALBERTO**
**Attorney at Law - State of Delaware**
**Notarial Officer Pursuant to**
**29 Del.C. § 4323(a)(3)**
**My Commission Has No Expiration**

_____

[1] If necessary.

3