**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS, INC.**, *et al.*, | : | |
| | : | **Case No. 08-13555 (JMP)** |
| Debtors. | : | |
| | : | **(Jointly Administered)** |
| | : | |
| | : | |

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**
**BETWEEN THE EXAMINER AND BARCLAYS CAPITAL INC.**

This Stipulation (the "Stipulation" or "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Anton R. Valukas, Esq., in his capacity as Examiner (as defined below) appointed in the Chapter 11 Cases (as defined below) of Lehman Brothers Holdings, Inc. and its affiliated debtors and debtors-in-possession (the "Debtors") in the Chapter 11 Cases, and (b) Barclays Capital Inc. and its affiliates ("Barclays").

WHEREAS, commencing on September 15, 2008 ("Commencement Date"), the Debtors commenced voluntary cases ("Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on January 16, 2009, the Bankruptcy Court entered an Order Directing the Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code (the "Examiner Order"), and the Examiner Order, inter alia, ordered (i) the United States Trustee for the Southern District of New York (the "U.S. Trustee") to appoint an examiner (the

"Examiner"), and (ii) the Examiner to conduct an investigation into certain specified matters and to perform the duties set forth in sections 1106(a)(3) and (4) of the Bankruptcy Code (collectively, and as may be amended and/or supplemented by a Bankruptcy Court order, the "Examiner Investigation");

WHEREAS, on January 19, 2009, pursuant to the Examiner Order, the U.S. Trustee appointed Anton R. Valukas as Examiner and the Bankruptcy Court approved the appointment by Order dated January 20, 2009;

WHEREAS, the Examiner has requested that Barclays produce certain documents and provide information relevant to the Examiner Investigation (all documents and information provided by Barclays to the Examiner, the "Discovery Materials");

WHEREAS, Barclays has requested, and the Examiner has agreed, that certain Discovery Materials be subject to a protective order, pursuant to Fed. R. Bankr. P. 7026, to protect the confidentiality of sensitive information; and

WHEREAS, the Examiner and Barclays have entered into this Stipulation and agreed to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1.    Barclays may designate as "Highly Confidential" that portion of any Discovery Materials that Barclays in good faith believes meets any of the following criteria in subparagraphs (a) - (h) below, provided that "Highly Confidential" information shall not include: information that is at any time independently developed by the Examiner without use of or reliance upon any of Barclays' Discovery Materials; information rightfully acquired by the Examiner from an independent source without restrictions as to use; information that was, prior

to disclosure, rightfully in the possession or knowledge of the Examiner; information that is publicly available in substantially the same form in which it was provided by Barclays; information that is required by law to be made available to third parties; information that was, is or becomes public knowledge, not in violation of this Protective Order, or information that is voluntarily de-designated by Barclays. Subject to these conditions and limitations, Barclays may designate the following as "Highly Confidential":

        (a)    information that identifies specific securities, loans, instruments or other property now or previously held, maintained or possessed by Barclays or any of its customers and which is not related to the Debtors;

        (b)    information that identifies specific securities, loans, instruments or other property of or formerly of the Debtors that is currently held, maintained or possessed by Barclays or that are listed in schedules of assets that Barclays considered acquiring or acquired (including, without limitation, Schedules A and B to the September 20, 2008 Clarification Letter between Barclays, Lehman Brothers Holdings Inc., Lehman Brothers Inc. and LB 745 LLC, Annex A to the December 5, 2008 Settlement Agreement among JPMorgan Chase, N.A., Barclays, and the SIPA Trustee, and Exhibit C to the February 11, 2009 Settlement Agreement among Barclays, SIPA Trustee, the Depository Trust & Clearing Corporation (on behalf of itself and certain subsidiaries));

        (c)    information concerning Financial Services Agreements designated as Purchased Contracts (each as defined in the Court's October 3, 2008 Order Granting Debtors' Motion Pursuant to Sections 105, 365, and 554(a) of the Bankruptcy Code to Establish Procedures for the Assumption and Assignment or Rejection of Executory Contracts and

Unexpired Leases of Non-Residential Real Property and Abandonment of Related Personal Property);

    (d)  information concerning employee and executive compensation;

    (e)  information that Barclays is required by law or regulation to protect from disclosure;

    (f)  information that reveals Barclays' methodology in regard to risk-rating, valuation or other forms of financial or credit analysis or that is otherwise of a proprietary and competitively-sensitive nature;

    (g)  information that is of a personal or intimate nature regarding any individual that will cause undue harm to the reputation of or embarrassment to the individual; and

    (h)  any other category of information hereinafter given "Highly Confidential" status by agreement of the Examiner or further Order of the Court.

  2.  Barclays may designate as "Confidential" that portion of any Discovery Materials that Barclays in good faith believes meets any of the following criteria in subparagraphs (a) - (c) below, provided that "Confidential" information shall not include: information that is at any time independently developed by the Examiner without use of or reliance upon any of Barclays' Discovery Materials; information rightfully acquired by the Examiner from an independent source without restrictions as to use; information that was, prior to disclosure, rightfully in the possession or knowledge of the Examiner; information that is publicly available in substantially the same form in which it was provided by Barclays; information that is required by law to be made available to third parties; information that was, is or becomes public knowledge, not in violation of this Protective Order, or information that is voluntarily de-designated by Barclays.

-4-

Subject to these conditions and limitations, Barclays may designate the following as "Confidential":

 (a) non-public information concerning the negotiation and documentation of any sale of all or a portion of Debtors' businesses or assets to Barclays (except for material designated as Highly Confidential under paragraph 1(b));

 (b) non-public information concerning the Replacement Transaction, as that term is defined in the December 5, 2008 Settlement Agreement among JPMorgan Chase, N.A., Barclays, and the SIPA Trustee (except for material designated as Highly Confidential under paragraph 1(b)); and

 (c) any other category of information hereinafter given "Confidential" status by agreement of the Examiner or further Order of the Court.

 3. Barclays may designate Discovery Materials as Confidential or Highly Confidential by applying the applicable legend to the Discovery Materials. In the case of data stored in electronic form, the applicable legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored.

 4. Discovery Materials that have been designated Highly Confidential shall be maintained in confidence and shall not be shared by the Examiner with any person other than: (i) persons who have lawfully already seen or received the document at issue; (ii) Jenner & Block, in its capacity as counsel to the Examiner, including Jenner & Block attorneys, legal assistants, paralegals, secretarial, and other staff; (iii) professional firms or persons as are retained by the Examiner to provide specialized advice in connection with the Examiner Investigation, including their staff, and including Duff & Phelps; (iv) outside vendors such as copy services or document management vendors used by the Examiner; (v) the Bankruptcy

Court (in accordance with paragraph 8); and (vi) other persons upon further order of the Court or consent of Barclays. In the event the Examiner in good faith believes that providing Highly Confidential materials to a witness or other person providing information to the Examiner would assist the Examiner in carrying out his duties, the Examiner shall provide notice to Barclays of the materials he seeks to use (except with respect to interviews of persons who have lawfully already seen or received the document at issue, provided that no other parties are present at the interview), and the parties shall use their best efforts within five business days to allow the use of such material while protecting Barclays' need for confidentiality, including, but not limited to, considering whether portions of such material can be redacted, re-evaluating whether such material must be protected as "Highly Confidential," or considering other provisions to allow the Examiner to carry out his duties while protecting the confidentiality of Barclays information. In addition, the Examiner has advised Barclays that he believes that it would assist the Examiner in carrying out his duties to share certain Highly Confidential materials with the financial advisors to the Debtors, the SIPA Trustee, and/or the Creditor's Committee. The Examiner shall provide notice to Barclays of the specific materials he seeks to share, and the specific individuals who will be provided those materials, and the parties shall use their best efforts within five business days to allow the sharing of such materials, while protecting Barclays' need for confidentiality, including as described in the foregoing sentence. In the event the Examiner and Barclays cannot resolve an issue concerning the use or sharing of "Highly Confidential" information, the matter may be presented to the Bankruptcy Court for resolution on an expedited basis.

5. Discovery Materials that have been designated Confidential (but not Highly Confidential) may be shown to any of the individuals or entities identified in paragraph 4, as well as to witnesses or other persons who are providing information to the Examiner in connection

with the Examiner Investigation (without providing notice to Barclays) provided that counsel for the Examiner has provided such person with a copy of this Protective Order and such person has executed a Non-Disclosure Declaration in the form annexed as an Exhibit hereto. If Confidential or Highly Confidential materials are utilized in a deposition or other recorded interview, then it shall be indicated on the record by counsel for the Examiner (or, if counsel for Barclays is present, by counsel for Barclays) that a question, or a line of questioning concerning a particular subject matter, calls for Confidential or Highly Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

6. Counsel for the Examiner shall provide a copy of this Protective Order to a representative of any professional firm or individual other than Jenner & Block who is retained by the Examiner (including all entities and individuals identified in paragraph 4 (i)(iii)(iv) and (vi)), and the firm representative or individual, as the case may be, must execute a Non-Disclosure Declaration in the form annexed as an Exhibit hereto prior to the firm or individual receiving any Highly Confidential or Confidential information.

7. If at any time Barclays determines or realizes that certain testimony or some portion(s) of Discovery Material that it previously produced should be designated as Confidential or Highly Confidential, Barclays may apprise the Examiner in writing, and such designated testimony or portion(s) of Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Agreement, provided, however, that Barclays shall, at its cost, provide the Examiner with substitute copies, bearing the appropriate legend, of any such Discovery Material.

8. All Confidential and Highly Confidential information filed with the Bankruptcy Court, and all portions of pleadings, motions or other papers filed with the Bankruptcy Court that disclose such Confidential or Highly Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Bankruptcy Court.

9. In the event the Examiner objects to any designation of testimony or Discovery Materials as Confidential or Highly Confidential, the Examiner shall so inform Barclays, stating the grounds of the objection, and the parties shall have seven business days to attempt to resolve the Examiner's objection, at the end of which the Examiner may seek a ruling from the Bankruptcy Court that such information should not be treated as Confidential or Highly Confidential, provided that no Confidential or Highly Confidential information shall be filed in the public record prior to such a determination by the Court, and provided further that the burden shall be on Barclays to justify the claim that disputed material has been properly designated.

10. In the event the Examiner is required by law to provide Confidential or Highly Confidential material to any third party, the Examiner shall first provide prompt prior written notice to counsel for Barclays and Barclays shall be given a reasonable opportunity to seek protection from a court.

11. Notwithstanding Barclays' designation of Information as Confidential or Highly Confidential, nothing in this Protective Order shall limit any third party's right to challenge such designation in the Bankruptcy Court or any other court of competent jurisdiction.

12. This Protective Order shall survive the termination of the Examiner Investigation.

Dated: May 6, 2009
New York, New York

| | |
|---|---|
| By: */s/ Jack G. Stern*<br>    Jonathan D. Schiller<br>    Jack G. Stern<br><br>BOIES, SCHILLER & FLEXNER LLP<br>575 Lexington Avenue<br>New York, NY 10022<br>(212) 446-2300<br><br>By: */s/ Lindsee P. Granfield*<br>    Lindsee P. Granfield<br><br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, NY 10006<br>(212) 225-2000<br><br>Attorneys for Barclays Capital Inc. | By: */s/ Robert L. Byman*<br>    Robert L. Byman<br>    Patrick J. Trostle<br><br>JENNER & BLOCK LLP<br>330 North Wabash Avenue<br>Suite 4000<br>Chicago, IL 60611<br>(312) 923-2679<br><br>919 Third Avenue<br>37th Floor<br>New York, New York 10022<br>(212) 891-1600<br><br>Attorneys for Anton R. Valukas, Esq., Examiner |

**SO ORDERED**: this ___ day of _____ 2009

---
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

EXHIBIT

NON-DISCLOSURE DECLARATION

I, _____, declare under penalty of perjury, the following:

I reside at _____ in the City/ County of _____ and State of _____;

I have read the annexed Confidentiality Stipulation and Protective Order between the Examiner and Barclays Capital Inc., dated _____, 2009, in the matter entitled *In re Lehman Brothers Holdings, Inc., et al.*, Case No. 08-13555 (JMP), which is pending in the United States Bankruptcy Court for the Southern District of New York;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York; and

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this litigation, any information designated as Confidential or Highly Confidential.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____

_____