UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) ) ) | |
| Lehman Brothers Inc., | ) ) | Case No. 08-01420 (JMP) SIPA |
| Debtor. | ) ) ) | |
| | ) ) | |
| In re: | ) ) | Chapter 11 |
| Lehman Brothers Holdings Inc., et al. | ) ) ) | Case No. 08-13555 (JMP) (Jointly Administered) |
| Debtors. | ) ) | |

# STIPULATION AND AGREED ORDER RESOLVING OBJECTION TO ASSUMPTION AND ASSIGNMENT OF AGREEMENTS WITH ORACLE

WHEREAS, commencing on September 15, 2008 and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("745") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (Case Nos. 08-13555 and 08-13600, such cases, the "Chapter 11 Cases");

WHEREAS, on or about September 19, 2008 (the "Petition Date"), a proceeding was commenced under the Securities Investor Protection Act of 1970, as amended ("SIPA"), 15 U.S.C. §§ 78aaa et seq., with respect to Lehman Brothers Inc. ("LBI", together with LBHI, 745 and the other affiliated debtors and debtors in possession, the "Debtors") and James W. Giddens (the "Trustee") was appointed as Trustee under the SIPA to administer LBI's estate (Case No. 08-01420, such proceeding, the "SIPA Proceeding");

WHEREAS, the SIPA Proceeding is pending in the Bankruptcy Court;

WHEREAS, on September 16, 2008, LBHI, LBI and 745 entered into an Asset Purchase Agreement (and any amendments, clarifications, or modifications thereto, including that certain Clarification Letter dated September 20, 2008, the "Purchase Agreement") with Barclays Capital Inc. ("Purchaser");

WHEREAS, Section 2.5 of the Purchase Agreement provides, *inter alia*, that for a period of sixty days (60) after September 22, 2008 (the "Closing Date"), the Purchaser may designate contracts related to the assets purchased for assignment to the Purchaser;

WHEREAS, on or about September 17, 2008, the Debtors filed the Debtors' Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets (the "Sale Motion");

WHEREAS, on September 18, 2008, the Debtors identified certain executory contract counterparties, executory contracts, and/or unexpired leases for assumption and assignment to the Purchaser as of the Closing Date by listing those counterparties and/or contracts in schedules (the "Schedules") posted on http://chapter11.epiqsystems.com/lehman (the "Website");

WHEREAS, on September 20, 2008, the Court granted Debtors' Sale Motion and entered an order (the "Sale Order") approving the Purchase Agreement and the various transactions contemplated therein in the Chapter 11 Cases, including, pursuant to paragraph 12 of the Sale Order, the assumption and assignment of Closing Date Contracts[1], and the deadline to object to cure amounts associated with such assumptions and assignments;

WHEREAS, on September 20, 2008, the Bankruptcy Court also entered an order approving and incorporating by reference the Sale Order in the SIPA Proceeding;

WHEREAS, prior to the Petition Date, the Debtors had entered into certain agreements with Oracle USA, Inc. and certain of its predecessors-in-interest[2] (collectively, the "Oracle Agreements");

WHERAS, Oracle was included among the counterparties on the Schedules of Closing Date Contracts posted on the Website;

WHEREAS, on October 3, 2008, Oracle filed an Objection to the assumption and assignment of the Oracle Agreements [Case No. 08-13555; Docket No. 590] (the "Objection") asserting that under 11 U.S.C. § 365(c)(1) the Oracle Agreements are not assignable without Oracle's consent and that Oracle did not consent to such assignment; and

WHEREAS, Oracle and the Purchaser have reached a consensual resolution of the Objection and wish to stipulate to the terms of resolution thereof;

IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO, AND ORDERED BY THE BANKRUPTCY COURT, THAT:

1. The Oracle Agreements have not been, and shall not be, assumed and assigned to the Purchaser as Closing Date Contracts or otherwise;

---

[1] Capitalized terms not otherwise defined herein have the definitions provided for such terms in the Sale Order.

[2] Oracle USA, Inc. is the successor-in-interest to Oracle Corporation, BEA Systems, Inc., PeopleSoft USA, Inc., Thor Technologies, Inc., TimesTen Performance Software and Siebel Systems, Inc. (collectively, "Oracle").

2

2. Despite the inclusion of the Oracle Agreements on the Schedules of Closing Date Contracts, the Debtors', the Trustee's and Oracle's respective rights as to the Oracle Agreements, including, but not limited to, those under sections 362 and 365 of the Bankruptcy Code, are preserved;

3. Oracle's rights to assert an administrative expense claim under 11 U.S.C. § 503(b) or otherwise, and the Debtors' or Trustee's rights to object to such claim, if any, shall not be affected by this Stipulation; *provided, however*, that the inclusion of the Oracle Agreements on the Schedules of Closing Date Contracts shall not in and of itself give rise to any administrative expense claim or damage claim against any of the Debtors or their estates, whether under 11 U.S.C. § 503(b) or otherwise;

4. Nothing in this Stipulation shall bind, be collateral estoppel or otherwise prejudice any party in interest's rights or position with regard to the applicability of or requirements under 11 U.S.C. § 365(c)(1) as to any Closing Date Contracts or Designated Contracts, other than the Oracle Agreements;

5. This Stipulation may be executed in counterparts, each of which, when so executed and delivered, shall be deemed to be an original and shall be binding on the party who, through its counsel, signed the counterpart, all of which together shall constitute a single agreement;

6. The person who executes this Stipulation by or on behalf of each respective party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each such party; and

7. This Stipulation shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

Dated: New York, New York
April 22, 2009

| BUCHALTER NEMER, PC | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
|---|---|
| /s/ Shawn M. Christianson | /s/ Lindsee P. Granfield |
| Shawn M. Christianson, Esq.<br>333 Market Street, 25th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 227-0900 | Lindsee P. Granfield, Esq.<br>Lisa M. Schweitzer, Esq.<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000 |
| *Counsel for Oracle USA, Inc.* | *Counsel for Barclays Capital Inc.* |

| HUGHES HUBBARD & REED LLP | WEIL, GOTSHAL & MANGES LLP |
|---|---|
| /s/ Jeffrey S. Margolin | /s/ Lori R. Fife |
| James B. Kobak, Jr., Esq. | Lori R. Fife, Esq. |
| Jeffrey S. Margolin, Esq. | 767 Fifth Avenue |
| One Battery Park Plaza | New York, New York 10153 |
| New York, New York 10004 | Telephone: (212) 310-8000 |
| Telephone: (212) 837-6000 | Facsimile: (212) 310-8007 |
| Facsimile: (212) 422-4726 | |
| *Attorneys for James W. Giddens, Trustee for SIPA Liquidation of Lehman Brothers Inc.* | *Attorneys for Lehman Brothers Holdings, Inc. and its Affiliated Debtors and Debtors-in-Possession* |

SO ORDERED this 7th day of May, 2009

   *s/ James M. Peck*
United States Bankruptcy Judge