UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | : |
|  | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | : |
|  | : Case No. 08-13555 (JMP) |
| Debtors. | : |
|  | : (Jointly Administered) |
|  | : |

**STIPULATION AND ORDER BETWEEN THE EXAMINER
AND THE FEDERAL RESERVE BANK OF NEW YORK**

This Stipulation (the "Stipulation" or "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Anton R. Valukas, Esq., in his capacity as Examiner (as defined below) appointed in the Chapter 11 Cases (as defined below) of Lehman Brothers Holdings, Inc. and its affiliated debtors and debtors-in-possession (the "Debtors") in the Chapter 11 Cases, and (b) the Federal Reserve Bank of New York (the "New York Fed").

WHEREAS, commencing on September 15, 2008 ("Commencement Date"), the Debtors commenced voluntary cases ("Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on January 16, 2009, the Bankruptcy Court entered an Order Directing the Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code (the "Examiner Order"), and the Examiner Order, *inter alia*, ordered: (a) the United States Trustee for

the Southern District of New York (the "U.S. Trustee") to appoint an examiner (the "Examiner"), and (b) the Examiner to conduct an investigation into certain specified matters and to perform the duties set forth in sections 1106(a)(3) and (4) of the Bankruptcy Code (collectively, and as may be amended and/or supplemented by a Bankruptcy Court order, the "Examiner Investigation");

WHEREAS, on January 19, 2009, pursuant to the Examiner Order, the U.S. Trustee appointed Anton R. Valukas as Examiner and the Bankruptcy Court approved the appointment by Order dated January 20, 2009;

WHEREAS, the Examiner has requested that the New York Fed produce certain documents and provide information relevant to the Examiner Investigation (all documents and information provided by the New York Fed to the Examiner, the "Discovery Materials");

WHEREAS, the New York Fed has requested, and the Examiner has agreed, that certain Discovery Materials be subject to a protective order, pursuant to Fed. R. Bankr. P. 7026, to protect the confidentiality of sensitive information; and

WHEREAS, the Examiner and the New York Fed have entered into this Stipulation and agreed to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1. "Confidential New York Fed Information" shall mean and refer to all documents and information provided or otherwise made available by the New York Fed to the Examiner for purposes of the Examiner Investigation, which the New York Fed, in its discretion, designates as such, because such information: (a) relates to the confidential business practices, plans, strategies, or projections of the New York Fed or any customer or affiliate of the New York Fed;

(b) relates to confidential financial information of the New York Fed or any customer or affiliate of the New York Fed; (c) is reasonably likely to cause undue harm to the reputation of, or embarrassment to, any individual; and/or (d) is kept confidential by the New York Fed pursuant to law or regulation, provided that "Confidential New York Fed Information" shall not include: information that is at any time independently developed by the Examiner without use of or reliance upon any of the New York Fed's Discovery Material; information rightfully acquired by the Examiner from an independent source without restrictions as to use; information that was, prior to disclosure, rightfully in the possession or knowledge of the Examiner; information that is publicly available in substantially the same form in which it was provided by the New York Fed; information that is required by law to be made available to third parties; or information that was, is, or becomes public knowledge, not in violation of this Protective Order.

    2.    Confidential New York Fed Information shall be maintained in confidence and shall not be shared by the Examiner with any person other than: (a) persons who have already seen or received the document at issue; (b) Jenner & Block, in its capacity as counsel to the Examiner, including Jenner & Block attorneys, legal assistants, paralegals, secretarial, and other staff; (c) professional firms or persons that are retained by the Examiner to provide specialized advice in connection with the Examiner Investigation, including their staff, and including Duff & Phelps; (d) copy services or document management vendors used by the Examiner in connection with the Examiner Investigation; (e) the Bankruptcy Court; and (f) other persons upon further order of the Court or consent of the New York Fed.

    3.    In the event the Examiner in good faith believes that, in order to effectively carry out his duties pursuant to the Examiner Investigation, it is necessary to provide Confidential New York Fed Information to a witness or any individual or entity other than those identified in

paragraph 2 above, the Examiner shall, prior to such disclosure, provide such individual or entity with a copy of this Protective Order, and such individual, or in the case of a corporate entity, such entity's qualified representative, shall execute a Non-Disclosure Declaration in the form annexed as an Exhibit hereto. If Confidential New York Fed Information is utilized in a deposition or other recorded interview, then it shall be indicated on the record by counsel for the Examiner (or, if counsel for the New York Fed is present, by counsel for the New York Fed) that a question, or a line of questioning concerning a particular subject matter, calls for Confidential New York Fed Information, and a transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. The New York Fed reserves the right to designate certain information that it deems of the most sensitive nature "Highly Confidential New York Fed Information." "Highly Confidential New York Fed Information" shall be defined and treated in the same manner as Confidential New York Fed Information, however, in the event the Examiner deems it necessary to disclose Highly Confidential New York Fed Information to any individual or entity not identified in paragraph 2 above, the Examiner shall provide reasonable notice to the New York Fed. The New York Fed and the Examiner shall use their best efforts within five business days to allow the use of such material, while protecting the New York Fed's need for confidentiality, including, but not limited to, considering whether portions of such material can be redacted, re-evaluating whether such material should be designated Highly Confidential New York Fed Information, or considering other provisions to allow the Examiner to carry out his duties while protecting the confidentiality of such information. In the event the Examiner and the New York Fed cannot resolve an issue concerning the use of Highly Confidential New York Fed

Information, the matter may be presented to the Bankruptcy Court for resolution on an expedited basis.

5. If at any time the New York Fed determines or realizes that certain testimony or some portion(s) of Discovery Materials that it previously produced should be designated as Confidential New York Fed Information or Highly Confidential New York Fed Information, the New York Fed may apprise the Examiner in writing, and such designated testimony or portion(s) of Discovery Materials will thereafter be treated as Confidential New York Fed Information or Highly Confidential New York Fed Information under the terms of this Agreement, provided, however, that the New York Fed shall, at its cost, provide the Examiner with substitute copies, bearing the appropriate designation, of any such Discovery Materials.

6. All Confidential New York Fed Information or Highly Confidential New York Fed Information filed with the Bankruptcy Court, and all portions of pleadings, motions or other papers filed with the Bankruptcy Court that disclose such Confidential New York Fed Information or Highly Confidential New York Fed Information, or the contents thereof, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Bankruptcy Court.

7. In the event the Examiner objects to any designation of testimony or Discovery Materials as Confidential New York Fed Information or Highly Confidential New York Fed Information, the Examiner shall so inform the New York Fed, stating the grounds of the objection, and the parties shall have seven business days to attempt to resolve the Examiner's objection, at the end of which the Examiner may seek a ruling from the Bankruptcy Court that such information should not be treated as Confidential New York Fed Information or Highly Confidential New York Fed Information, provided that no Confidential New York Fed

Information or Highly Confidential New York Fed Information shall be filed in the public record prior to such a determination by the Court.

8. In the event the Examiner is required by law to provide Confidential New York Fed Information or Highly Confidential New York Fed Information to any third party, the Examiner shall first provide prompt prior written notice to counsel for the New York Fed and the New York Fed shall be given a reasonable opportunity to seek protection from a court.

9. This Protective Order shall survive the termination of the Examiner Investigation.

Dated: April 27, 2009

                THE FEDERAL RESERVE BANK OF
                NEW YORK

                By: */s/ David I. Gross*
                      David I. Gross

                Counsel and Vice President
                The Federal Reserve Bank of New York
                33 Liberty Street
                New York, New York 10045
                (212) 720-5000

                Attorney for the Federal Reserve Bank of New York

                JENNER & BLOCK LLP

                By: */s/ Patrick J. Trostle*
                      Patrick J. Trostle

                919 Third Avenue
                37th Floor
                New York, New York 10022
                (212) 891-1600

                Attorneys for Anton R. Valukas, Esq., Examiner

**SO ORDERED:**

  *s/ James M. Peck*        *5/7/2009*
UNITED STATES BANKRUPTCY JUDGE

<u>EXHIBIT</u>

NON-DISCLOSURE DECLARATION

I, _____, declare under penalty of perjury, the following:

I reside at _____ in the City/ County of _____ and State of _____;

I have read the annexed Protective Order, dated _____, 2009, in the matter entitled *In re Lehman Brothers Holdings, Inc., et al.*, Case No. 08-13555 (JMP), which is pending in the United States Bankruptcy Court for the Southern District of New York;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York; and

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this litigation, any information designated as Confidential New York Fed Information or Highly Confidential New York Fed Information.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____

_____