Hearing Date and Time: June 3, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  May 29, 2009 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
In re                                                             :   Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          :   08-13555 (JMP)
                                                                  :
          Debtors.                                                :   (Jointly Administered)
                                                                  :
                                                                  :
------------------------------------------------------------------x

**NOTICE OF MOTION OF DEBTORS, PURSUANT TO**
**SECTIONS 105(A) AND 363(B) OF THE BANKRUPTCY CODE,**
**FOR AUTHORIZATION TO PAY CERTAIN PREPETITION FRANCHISE TAXES**

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code, for authorization to pay, in their sole discretion, certain franchise taxes and annual report fees, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York, 10004 (the "Bankruptcy Court"), on **June 3, 2009 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

NY2:\1974857\12\16BT512!.DOC\58399.0003

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **May 29, 2009 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 8, 2009
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: June 3, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  May 29, 2009 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
**In re**                                                   :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
:
Debtors.                       :    **(Jointly Administered)**
:
:
-------------------------------------------------------------------x

**MOTION OF DEBTORS, PURSUANT TO SECTIONS
105(A) AND 363(B) OF THE BANKRUPTCY CODE, FOR
AUTHORIZATION TO PAY CERTAIN PREPETITION FRANCHISE TAXES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), respectfully represent:

**Background**

1. Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural

NY2:\1974857\12\16BT512!.DOC\58399.0003

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

4. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner"), and by order dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

**Lehman's Business**

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

6. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Jurisdiction**

7. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Relief Requested**

8. The Debtors request authorization, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to pay certain franchise taxes, capital taxes, limited liability company taxes, annual report and entity report fees that arose prior to and that have or will become due and payable after the Commencement Date, including all amounts subsequently determined upon audit, or otherwise, to be owed for periods before the Commencement Date, and including any penalties and interest thereon (collectively, the "Franchise Taxes"). A schedule setting forth the applicable Debtors and the amount of Franchise Taxes the Debtors currently believe to be owing is annexed hereto as Exhibit A.

**The Debtors' Prepetition Taxes and Fees**

9. In connection with the normal operation of their businesses, the Debtors are required to pay Franchise Taxes, which generally are taxes assessed by state and local taxing authorities (the "Taxing Authorities") for the privilege of (i) being organized as a corporation or limited liability company under the laws of the applicable state; and/or (ii) doing business within such jurisdiction.

10. Franchise Taxes typically are based upon a company's net worth or the number of authorized shares of capital stock. Such taxes are generally assessed on a quarterly or annual basis, and are either paid in a single payment, installments, or estimated quarterly payments. With respect to the jurisdictions that require estimated payments, the applicable

Taxing Authority subsequently reconciles payments to determine any payment deficiency or surplus for the period and the applicable refund or payment is then made.

11. Companies generally pay their franchise taxes as they come due and if they are not timely paid the company is no longer in good standing. If these taxes remain unpaid for as long as a year, then in certain jurisdictions, such as Delaware, the company's charter is revoked, its existence as a corporation ceases, it is divested of all corporate power to transact business, and it loses the right to enforce judgments in certain jurisdictions.

12. As of the Commencement Date, the Debtors estimate that the aggregate approximate amount of outstanding prepetition Franchise Taxes that are due or will become due is approximately $70,000.

**Cause Exists to Authorize the
Debtors' Payment of Prepetition Taxes and Fees**

13. Cause exists to authorize the Debtors' payment of prepetition Franchise Taxes. First, the payment of prepetition Franchise Taxes is critical to the Debtors' continued existence as business entities and power to transact business on an uninterrupted basis. Second, the maintenance of the Debtors' corporate existence benefits all economic stakeholders in these cases and provides the business justification necessary for relief under sections 363(b) and 105(a) of the Bankruptcy Code. Third, the aggregate cost to pay the Franchise Taxes is *de minimis* relative to the benefits the Debtors and their creditors receive in exchange.

A. Payment of Franchise Taxes is Critical to the Debtors' Continued
   Existence and Power to Transact Business on an Uninterrupted Basis

14. The Debtors believe that the failure to pay their Franchise Taxes could trigger a material adverse impact on their ability to exist as corporations or limited liability companies in the jurisdictions in which they operate. For example, the Delaware Code provides,

in relevant part, that any corporation that "neglects or refuses for 1 year to pay the State any franchise tax or taxes, which has or have been, or shall be assessed against it, or which it is required to pay under this chapter, or shall neglect or refuse to file a complete annual franchise tax report, **the charter of the corporation shall be void, and all powers conferred by law upon the corporation are declared inoperative** . . . ." DEL. CODE ANN. tit. 8, § 510 (West 2009) (emphasis supplied); *see Krapf & Son, Inc. v. Gorson*, 243 A.2d 713, 714-15 (Del. 1968) (holding that corporation's failure to pay its franchise taxes rendered its charter void and all corporate powers inoperative subject to reinstatement upon payment).  Similarly, the certificate of formation of a limited liability company "**shall be canceled if the domestic limited liability company shall fail to pay the annual tax due under § 18-1107 of this title for a period of 3 years from the date it is due** . . . ." DEL. CODE ANN. tit. 6, § 18-1108 (West 2009) (emphasis supplied).

15.    LBHI, Lehman Brothers Special Finance Inc. ("LBSF"), and Lehman Brothers Commercial Corporation ("LBCC") are organized under the laws of Delaware and some of their Franchise Taxes are seven months overdue.  As a result, they are no longer in good standing and cannot represent that they are in good standing to their potential contract counterparties as is generally required under the ordinary course transactions they enter into on a regular basis. [1]

---

[1] Similarly, (i) LBHI's certificate of authority will be subject to termination and prevent LBHI from conducting business in the state of Vermont as a foreign corporation unless it pays franchise taxes and other fees.  VT. STAT. ANN. tit. 11A § 15.30 (West 2009); (ii) LBHI's ability to conduct business as a foreign corporation in Connecticut is subject to termination.  CONN. GEN. STAT. § 33-935; (iii) LBCC's ability to conduct business as a foreign corporation in Indiana is subject to termination.  IND. CODE § 23-1-51-1 (West 2009) (same); (iv) LBHI's ability to conduct business as a foreign corporation in Connecticut is subject to termination; and (v) LBHI's ability to conduct business as a foreign corporation in South Dakota is subject to termination.  S.D. CODIFIED LAWS § 47-1A-1530 (West 2009).

16. In Illinois, LBCC is required to file an annual report and pay a corresponding fee that sets forth, among other things, the name and address of the corporation, the names of the directors and officers, and the number of shares, and such information is used to determine the proper amount of fees and franchise taxes. 805 ILL. COMP. STAT. 5/1405. The failure to pay the fees arising from the annual report results in a lien against the estate and accrue interests until paid. 805 ILL. COMP. STAT. 5/1580(d). Because such claim is secured and accrue interest until paid, it benefits LBCC's estate and its creditors to minimize the amount of the claim and pay it before it unnecessarily increases.

17. The Debtors, their estates, and creditors are subject to harm if they do not regain their good standing status. For instance, since the Commencement Date, the Debtors have entered into agreements for the sale of the North American capital markets and investment banking businesses, the investment management division, their interests in Eagle Energy Partners I L.P. and R3 Capital Management, LLC, and others involving non-Debtor entities, such as sales related to Lehman's private equity, venture capital, merchant banking and real estate funds. In each of these transactions the Debtors were required to make representations that they are in good standing or produce certificates of good standing. Such representations are integral to any agreement because they demonstrate to the counterparty that the transaction cannot be challenged on account of the corporation's inability to exercise its corporate authority.

18. Recently, a LBHI transaction required it to produce a certificate of good standing. LBHI was not able to obtain the certificate of good standing because it had not paid its Franchise Taxes. *See* Exhibit A. Without restoring their good standing, the Debtors will not be able to represent they are in good standing and risk that the counterparty will not close the transaction.

19. While their corporate status might not affect their ability to consummate transactions that are subject to this Court's approval, LBHI, LBSF, and LBCC, for example, regularly engage in transactions that are ordinary course of business and not subject to the Court's approval. Certain Debtors, in the ordinary course of their business enter into loans, leases, or provide advances to borrowers for the purpose of protecting the Debtors' assets and the value of their estates. In the Derivative context, certain Debtors in the ordinary course of their business enter into hedging transactions to reduce the risk that movements in the financial markets have against the value of derivative contracts that favor the Debtors.

20. In many of these transactions, the Debtors enter into agreements that require them to produce good standing certificates or represent they are in good standing. If the Debtors are unable to satisfy these conditions, the counterparty might question whether the Debtors have the requisite corporate authority to transact business and might require the Debtors to obtain the Court's approve before it is willing to consummate the transaction. If the Debtors are forced to seek the Court's authorization each and every time this occurs, the cost associated with preparing and prosecuting such motions will exceed the *de minimis* amount of the Franchise Taxes. Thus, it is critical for the Debtors to regain their good standing so there is no question they have the requisite corporate power to transact business and do not have to incur the unnecessary expense of seeking the Court's authorization for such transactions.

21. The Debtors must also preserve their ability to protect their rights by commencing judicial actions and enforcing judgments. Prior to the Commencement Date, the Debtors acted as lenders to various third parties and hold claims for the amounts owing. In certain instances, the Debtors must preserve their claims against these parties by filing proofs of claim in the borrowers' chapter 11 cases or enforce their rights under the applicable lending

agreements and lawsuits, including commencing adversary proceedings and foreclosure actions. In certain jurisdictions, courts will not enforce a judgment in favor of the corporation that is delinquent in paying its franchise taxes unless an until it satisfies the tax claim. *Henderson-Smith & Assocs., Inc. v. Nahamani Family Servs. Ctr., Inc.*, 752 N.E.2d 33, 41 (Ill. App. Ct. 2001). The Debtors' ability to enforce judgments and maximize the value of their estates is contingent upon their payment of the Franchise Taxes.

  B. The Court Has Authority to Grant the
    Requested Relief under Sections 363(b) and 105(a) of the Bankruptcy Code

  22. The Court may grant the relief requested herein pursuant to section 363(b) of the Bankruptcy Code. Specifically, section 363(b) provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under this section, a court may authorize a debtor to pay certain prepetition claims. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). To do so, "the debtor must articulate some business justification, other than mere appeasement of major creditors," *id.*, and show that there is a "prospect of benefit to the other creditors." *In re Kmart Corporation*, 359 F.3d 866, 874 (7th Cir. 2004). The relief requested by the Debtors satisfies this standard because the Debtors' ability to transact business and sell assets are the primary means of maximizing value for the benefit of all economic stakeholders in these cases. As discussed above, without the payment of prepetition Franchise Taxes, the Debtors' ability to transact ordinary course business could be brought to a dead stop by their lack of good standing.

  23. The Court may also grant the requested relief pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the

Bankruptcy Code]." *See* 11 U.S.C. § 105(a). For the reasons discussed above, the Debtors submit that the proposed relief is necessary and appropriate in these chapter 11 cases to carry out the provisions of the Bankruptcy Code.

24. Indeed, courts in this District often have exercised their equitable powers under section 105(a) of the Bankruptcy Code to authorize debtors to pay prepetition franchise taxes and other similar tax obligations for the same reasons discussed herein. *See, e.g.*, *Charters Communications, Inc.*, No. 09-09-11435 (JMP) (Bankr. S.D.N.Y. Apr. 15, 2009) [Docket No. 192]; *In re Lyondell Chemical Co.*, No. 09-10023 (REG) (Bankr. S.D.N.Y. Jan. 23, 2009) [Docket No. 361]; *In re Lenox Sales, Inc.*, No. 08-14679 (ALG) (Bankr. S.D.N.Y. Dec. 16, 2008) [Docket No. 120]; *In re Steve & Barry's Manhattan LLC*, No. 08-12579 (ALG) (Bankr. S.D.N.Y. July 29, 2008) [Docket No. 286]; *In re WorldCom, Inc.*, No. 02-13533 (AJG) (Bankr. S.D.N.Y. Aug. 19, 2002) [Docket No. 690]. Similar relief is warranted in these chapter 11 cases, and therefore, the Court should authorize the Debtors to pay prepetition Franchise Taxes in their discretion.

C.      The Franchise Taxes Are *De Minimis*

25. The total aggregate amount of Franchise Taxes due is *de minimis*. Consequently, the benefits of preserving the Debtors' existences as business entities and power to transact business and maintaining their good standing outweighs the cost associated with paying the Franchise Taxes. Payment of the Franchise Taxes will inure to the benefit of all economic stakeholders in these cases by the Debtors' ability to continue to transact business and maximize the value of their estates. For the reasons discussed herein, the Debtors request the authority to pay such Franchise Taxes in their discretion.

26. Nothing in this Motion should be construed as impairing the Debtors' right to contest the amount of any Franchise Taxes that may be owed to any Taxing Authority, and the Debtors expressly reserve all of their rights with respect thereto.

## Notice

27. No trustee has been appointed in these chapter 11 cases. The Debtors, in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837], have served notice of this Motion on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

28. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: May 8, 2009
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**EXHIBIT A**

| DEBTOR NAME | STATE | TAX OR FEE | TAX OR FEE PERIOD | DUE DATE | AMOUNT DUE |
|---|---|---|---|---|---|
| Lehman Brothers Commercial Corporation | Illinois | Annual Report Fee | 2008 | 10/1/2008 | $100.00 |
| Lehman Brothers Holdings Inc. | Connecticut | Tax on Capital | 2007 | 10/1/2008 | $15,994.00 |
| Lehman Brothers Commercial Corporation | Indiana | Entity Report Fee | 2008 | 10/31/2008 | $9.00 |
| Lehman Brothers Holdings Inc. | South Dakota | Annual Report Fee | 2008 | 10/31/2008 | $30.00 |
| Lehman Brothers Holdings Inc. | Delaware | Third Quarter Estimated Tax | 2008 | 12/1/2008 | $34,510.00 |
| Lehman Brothers Holdings Inc. | Vermont | Annual Report Fee | 2008 | 2/15/2009 | $150.00 |
| Lehman Brothers Commercial Corporation | Delaware | Annual Franchise Tax | 2008 | 3/1/2009 | $100.00 |
| Lehman Brothers Commodity Services Inc. | Delaware | Annual Franchise Tax | 2008 | 3/1/2009 | $100.00 |
| Lehman Brothers Derivative Products Inc. | Delaware | Annual Franchise Tax | 2008 | 3/1/2009 | $100.00 |
| Lehman Brothers Financial Products Inc. | Delaware | Annual Franchise Tax | 2008 | 3/1/2009 | $100.00 |
| Lehman Brothers OTC Derivatives Inc. | Delaware | Annual Franchise Tax | 2008 | 3/1/2009 | $100.00 |
| Lehman Brothers Special Financing Inc. | Delaware | Annual Franchise Tax | 2008 | 3/1/2009 | $100.00 |
| Structured Asset Securities Corp. | Delaware | Annual Franchise Tax | 2008 | 3/1/2009 | $100.00 |
| Lehman Brothers Holdings Inc. | Connecticut | Tax on Capital | 2008 | 4/1/2009 | $16,000.00 |
| BNC Mortgage LLC | Delaware | Annual LLC/LP Tax | 2008 | 6/1/2009 | $250.00 |
| CES Aviation IX LLC | Delaware | Annual LLC/LP Tax | 2008 | 6/1/2009 | $250.00 |
| CES Aviation LLC | Delaware | Annual LLC/LP Tax | 2008 | 6/1/2009 | $250.00 |
| CES Aviation V LLC | Delaware | Annual LLC/LP Tax | 2008 | 6/1/2009 | $250.00 |
| LB 745 LLC | Delaware | Annual LLC/LP Tax | 2008 | 6/1/2009 | $250.00 |
| LB Rose Ranch LLC | Delaware | Annual LLC/LP Tax | 2008 | 6/1/2009 | $250.00 |
| PAMI Statler Arms LLC | Delaware | Annual LLC/LP Tax | 2008 | 6/1/2009 | $250.00 |
| TOTAL: | | | | | **$69,243** |

NY2:\1974857\12\16BT512!.DOC\58399.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                    :
In re                                               :   Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :   08-13555 (JMP)
                                                    :
                    Debtors.                        :   (Jointly Administered)
                                                    :
                                                    :
-------------------------------------------------------------------x

### ORDER, PURSUANT TO SECTIONS 105(A) AND 363(B) OF THE BANKRUPTCY CODE AUTHORIZING PAYMENT OF PREPETITION FRANCHISE TAXES

Upon the motion dated May 8, 2009 (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced Chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 363(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to pay all prepetition franchise taxes and annual report fees (collectively, the "Franchise Taxes") including the various state and local authorities (the "Taxing Authorities") set forth on Exhibit A annexed hereto, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative

procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

    ORDERED that the Motion is granted; and it is further

    ORDERED that the Debtors are authorized to pay all prepetition Franchise Taxes, including any penalties and interest thereon, and all Franchise Taxes subsequently determined upon audit to be owed for periods prior to the Commencement Date, to the applicable Taxing Authorities, including any Franchise Taxes not set forth on Exhibit A that the Debtors determine are valid, due, and payable; and it is further

    ORDERED that nothing in this Order or the Motion waives or releases the Debtors' right to contest the amount of or basis for any Franchise Taxes allegedly due to any Taxing Authority; and it is further

    ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: June __, 2009
      New York, New York

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

| DEBTOR NAME | STATE | TAX OR FEE | TAX OR FEE PERIOD | DUE DATE | AMOUNT DUE |
|---|---|---|---|---|---|
| Lehman Brothers Commercial Corporation | Illinois | Annual Report Fee | 2008 | 10/1/2008 | $100.00 |
| Lehman Brothers Holdings Inc. | Connecticut | Tax on Capital | 2007 | 10/1/2008 | $15,994.00 |
| Lehman Brothers Commercial Corporation | Indiana | Entity Report Fee | 2008 | 10/31/2008 | $9.00 |
| Lehman Brothers Holdings Inc. | South Dakota | Annual Report Fee | 2008 | 10/31/2008 | $30.00 |
| Lehman Brothers Holdings Inc. | Delaware | Third Quarter Estimated Tax | 2008 | 12/1/2008 | $34,510.00 |
| Lehman Brothers Holdings Inc. | Vermont | Annual Report Fee | 2008 | 2/15/2009 | $150.00 |
| Lehman Brothers Commercial Corporation | Delaware | Annual Franchise Tax | 2008 | 3/1/2009 | $100.00 |
| Lehman Brothers Commodity Services Inc. | Delaware | Annual Franchise Tax | 2008 | 3/1/2009 | $100.00 |
| Lehman Brothers Derivative Products Inc. | Delaware | Annual Franchise Tax | 2008 | 3/1/2009 | $100.00 |
| Lehman Brothers Financial Products Inc. | Delaware | Annual Franchise Tax | 2008 | 3/1/2009 | $100.00 |
| Lehman Brothers OTC Derivatives Inc. | Delaware | Annual Franchise Tax | 2008 | 3/1/2009 | $100.00 |
| Lehman Brothers Special Financing Inc. | Delaware | Annual Franchise Tax | 2008 | 3/1/2009 | $100.00 |
| Structured Asset Securities Corp. | Delaware | Annual Franchise Tax | 2008 | 3/1/2009 | $100.00 |
| Lehman Brothers Holdings Inc. | Connecticut | Tax on Capital | 2008 | 4/1/2009 | $16,000.00 |
| BNC Mortgage LLC | Delaware | Annual LLC/LP Tax | 2008 | 6/1/2009 | $250.00 |
| CES Aviation IX LLC | Delaware | Annual LLC/LP Tax | 2008 | 6/1/2009 | $250.00 |
| CES Aviation LLC | Delaware | Annual LLC/LP Tax | 2008 | 6/1/2009 | $250.00 |
| CES Aviation V LLC | Delaware | Annual LLC/LP Tax | 2008 | 6/1/2009 | $250.00 |
| LB 745 LLC | Delaware | Annual LLC/LP Tax | 2008 | 6/1/2009 | $250.00 |
| LB Rose Ranch LLC | Delaware | Annual LLC/LP Tax | 2008 | 6/1/2009 | $250.00 |
| PAMI Statler Arms LLC | Delaware | Annual LLC/LP Tax | 2008 | 6/1/2009 | $250.00 |
| **TOTAL:** | | | | | **$69,2430** |

NY2:\1974857\12\16BT512!.DOC\58399.0003