Presentment Date and Time: May 19, 2009 at 12:00 p.m (Prevailing Eastern Time)
Objection Deadline:  May 18, 2009 at 12:00 p.m (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): June 3, 2008 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                 :
**In re**                                                         :    **Chapter 11 Case No.**
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                      :    **08-13555 (JMP)**
                                                                 :
     Debtors.                                                    :    **(Jointly Administered)**
                                                                 :
                                                                 :
------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF SUPPLEMENT TO THE
APPLICATION OF THE DEBTORS, PURSUANT TO SECTIONS
327(e) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, FOR
AUTHORIZATION TO EXPAND THE SCOPE OF JONES DAY'S RETENTION
AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO THE ENGAGEMENT DATES**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Application (the "Application") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") pursuant to sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, for authorization to employ and retain Jones Day as Special Counsel, *nunc pro tunc* to The Engagement Dates, all as more fully described in the Motion, to the Honorable James M. Peck, United States Bankruptcy Judge, for approval and signature on **May 19, 2009 at 12:00 p.m. noon (Prevailing Eastern Time)**.

NY2:\1994317\01\16QTP01!.DOC\58399.0003

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **May 18, 2009 at 12:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, a hearing (the "Hearing") will be held to consider the Application and the Order on **June 3, 2009 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 8, 2009
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                    :

In re                                                :    Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)

Debtors.                              :    (Jointly Administered)

---------------------------------------------------------------x

**SUPPLEMENT TO THE APPLICATION OF THE DEBTORS PURSUANT
TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AND RULE
2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR
AUTHORIZATION TO EXPAND THE SCOPE OF JONES DAY'S RETENTION
AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO THE ENGAGEMENT DATES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this supplement to the application of the Debtors pursuant to sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for authorization to expand the scope of Jones Day's retention as special counsel, *nunc pro tunc* to The Engagement Dates as set forth herein, and respectfully represent:

**Background**

        1.     Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

NY2:\1994317\01\16QTP01!.DOC\58399.0003

"Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

3. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

### Jurisdiction

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Lehman's Business

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

6. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### Retention of Jones Day

7.      On February 4, 2009, the Debtors submitted the Application to Employ Jones Day as Special Counsel to the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014 [Docket No. 2725] (the "Application").

8.      On February 25, 2009, the United States Bankruptcy Court for the Southern District of New York entered an order [Docket No. 2925] (the "Jones Day Retention Order") approving the Application and authorizing the Debtors to employ and retain Jones Day as special counsel to the Debtors with respect to certain matters described in the Application generally relating to (a) assisting LBHI in relation to any issues arising in the Asia Pacific region; (b) assisting and advising LBHI with respect to the insolvency proceedings of Lehman Brothers Australia Holdings Pty Limited; (c) assisting LBHI and other United States-based Lehman entities in Japan in asserting claims in certain Japanese Civil Rehabilitation proceedings; (d) advising LBHI in connection with claims which may be asserted against it relating to Lehman Brothers Japan Holdings KK; (e) advising Lehman with respect to distressed debt transactions in Taiwan, China, the Philippines and Thailand, and its acquisition and financing of real estate assets in Taiwan; (f) representing certain Lehman entities through various third parties in the sale of their Sunrise Project and the changes to their corporate registrations required by the departure of the members of the Boards of their operating companies to Nomura; (g) continuing the representation of LBHI in litigation pending in the United States Bankruptcy Court of the Northern District of California, entitled Aron Oliner and Lehman Brothers Holdings Inc. v. John Kontrabecki, and related bankruptcy cases; and (h) advising the Debtors in connection with their

businesses and operations in India (collectively, as described more fully in the Application, as supplemented on February 20, 2009, the "Representative Matters").

9. Most recently, and subsequent to the entry of the Jones Day Retention Order, the Debtors requested that Jones Day expand the scope of the Representative Matters to include representation of the Debtors in connection with (a) the examination of the negotiation and conclusion of that certain Asset Purchase Agreement dated September 16, 2008, and certain related or potentially related transactions and events involving the Debtors and Barclays Capital Inc. that occurred in and after September of 2008, and (b) the examination of issues relating to derivatives trades between Debtor Lehman Brothers Special Financing Inc. and certain of the other Debtors, on the one hand, and the counterparty to such trades, AIG CDS, Inc. and/or its affiliates, on the other (collectively, the "Additional Matters").

10. By this Supplement, the Debtors seek to modify the scope of Jones Day's retention as special counsel, previously approved by the Jones Day Retention Order, to include the Additional Matters *nunc pro tunc* to the respective dates of engagement of Jones Day by the Debtors (collectively, the "Engagement Dates").

11. The Debtors' knowledge, information and belief regarding the matters set forth in this Supplement are based on, and made in reliance upon, the Declaration of David L. Carden in Support of the Supplement to the Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to the Debtors, *nunc pro tunc* to The Engagement Dates (the "Declaration"), a copy of which is attached hereto as Exhibit 1.

12. Because the Debtors now seek to engage Jones Day with respect to

the Additional Matters, the Debtors request entry of an order, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York, expanding the scope of the employment of Jones Day as special counsel for the Debtors, effective as of the respective Engagement Dates, with respect to the Additional Matters.

13. The Debtors have been informed that Jones Day has not at this time undertaken to repeat its previous conflict check and clearance process with respect to all Interested Parties (as defined in the Declaration) in these cases, but that Jones Day has repeated its previous conflict check and clearance process with respect to the Additional Matters. The Debtors have also been informed that Jones Day will continue to update its conflicts disclosures contained in the Initial Declaration in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules, any orders of this Court, and Jones Day's past practices and established conflicts procedures relating to chapter 11 proceedings.

14. To the best of my knowledge, Jones Day does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the Additional Matters. *See In re AroChem*, 176 F. 3d 610, 622 (2d. Cir. 1999) (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention).

## Notice

15. The Debtors have served notice of this Motion in accordance with the procedures set forth in the amended order entered on March 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: May 8, 2009
New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

## **EXHIBIT 1**

NY2:\1994317\01\16QTP01!.DOC\58399.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
:
------------------------------------------------------------x

### DECLARATION OF DAVID L. CARDEN IN SUPPORT OF THE SUPPLEMENT TO THE APPLICATION OF THE DEBTORS PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN JONES DAY AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE ENGAGEMENT DATES

Pursuant to sections 327, 328 and 329 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and 28 U.S.C. § 1746, David L. Carden declares:

1. I am a partner of the firm of Jones Day, 222 East 41st Street, New York, New York 10017-6702, and am admitted to practice law in New York.

2. I submit this Declaration in support of the supplement to the Application (the "Supplement")[1] filed by Lehman Brothers Holdings Inc. ("LBHI") seeking to modify the scope of Jones Day's retention as special counsel to LBHI with respect to the Representative Matters, *nunc pro tunc* to the Engagement Dates, as described in greater detail below and in the Supplement. All facts set forth below in this Declaration are based upon information from, and discussions I or other Jones Day personnel reporting to me have had with, certain of my colleagues. Based on the foregoing, if I were called upon to testify, I could and would testify

---

[1] Any capitalized term not defined herein shall have the meaning given to it in the Supplement.

NYI-4180098v3

competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of Jones Day.

3. On February 4, 2009, my partner, Simon Powell, submitted a declaration (the "Initial Declaration") in support of the Application to Employ Jones Day as Special Counsel to the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Application").

4. On February 25, 2009, the United States Bankruptcy Court for the Southern District of New York entered an order (the "Jones Day Retention Order") approving the Application and authorizing LBHI and its affiliated debtors and debtors in possession in the above-referenced chapter 11 cases (together, the "Debtors") to employ and retain Jones Day as special counsel to the Debtors with respect to the Representative Matters.

5. Most recently, and subsequent to the entry of the Jones Day Retention Order, the Debtors requested that Jones Day expand the scope of the Representative Matters to include representation of the Debtors in connection with (a) the examination of certain transactions and events involving the Debtors and Barclays Capital Inc. in September of 2008, and (b) the examination of issues relating to derivatives trades between Debtor Lehman Brothers Special Financing Inc. and certain of the other Debtors, on the one hand, and the counterparty to such trades, AIG CDS, Inc. and/or its affiliates, on the other (collectively, the "Additional Matters").

6. As set forth in the Initial Declaration, to check and clear potential conflicts of interest in these cases, as well as to determine all "connections" to the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the U.S. Trustee or any person employed by the U.S. Trustee, Jones Day conducted an investigation to determine

whether it has had any relationships at any time during the past two years with entities contained on the list provided to Jones Day by Weil, Gotshal & Manges LLP, the Debtors' general bankruptcy counsel, on December 4, 2008 (as updated by Weil, Gotshal & Manges LLP on January 2, 2009, the "Conflicts Checklist"), a copy of which was attached as Schedule 1 to the Initial Declaration, setting forth certain of the creditors and other parties in interest (collectively, the "Interested Parties") of the Debtors. To the extent that Jones Day's investigation of its relationships (if any) with the Interested Parties indicated that Jones Day had represented in the past two years, or at that time currently represented, any of those Interested Parties or their affiliates or represented parties that had relationships with those Interested Parties or their affiliates, the identities of such Interested Parties and affiliates and their relationship to Jones Day were set forth in Schedule 2 to the Initial Declaration.

      7.  Jones Day has identified a list of parties directly involved with the Additional Matters (the "Additional Matters Parties"), a copy of which is attached as Exhibit A hereto. To the extent that Jones Day's investigation of its relationships (if any) with the Additional Matters Parties indicated that Jones Day had represented in the past two years, or at that time currently represented, any of those Additional Matters Parties or their affiliates or represented parties that had relationships with those Additional Matters Parties or their affiliates, the identities of such Additional Matters Parties and affiliates and their relationship to Jones Day are set forth in Exhibit B hereto. That exhibit also clarifies certain disclosures made with respect to the Additional Matters Parties listed on Schedule 2 to the Initial Declaration. To be clear, as footnote 1 to Schedule 2 explains, that schedule identifies affiliates of present or former clients even if those affiliates themselves have never been clients.

8.  Schedule 2 to the Initial Declaration contained a reference that indicated "Barclays Bank Plc" and "Barclays Capital, Inc." were current clients of Jones Day.  That declaration incorrectly reported "Barclays Capital, Inc." as a client and did not reflect that the work for Barclays Bank Plc had ended prior to the date of the signing of the Initial Declaration.  <u>Exhibit B</u> hereto supplements and corrects Schedule 2 to the Initial Declaration accordingly.

9.  <u>Exhibit B</u> hereto also corrects a typographical error relating to the reference to "Barclays Bank, S.A."  Jones Day does not represent, and to the best of my knowledge never has represented, any entity named Barclays Bank, S.A.  Rather, Schedule 2 to the Initial Declaration should have stated that Jones Day represented Barclays Bank S.A.E., an entity organized under the laws of Spain, on two financings.  Those representations have nothing to do with the subject of the Additional Matters.  One of those financings has concluded and the other one has not proceeded since July 2008.

10. Jones Day has not at this time undertaken to repeat its previous conflict check and clearance process with respect to all Interested Parties in these cases.  However, Jones Day will continue to update its conflicts disclosures contained in the Initial Declaration in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules, any orders of this Court, and Jones Day's past practices and established conflicts procedures relating to chapter 11 proceedings.

11.     To the best of my knowledge, Jones Day does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the Additional Matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 4, 2009

  /s/ David L. Carden  
David L. Carden  
Jones Day  
222 East 41st Street, New York,  
New York  10017-6702

NYI-4180098v3                                5

## **EXHIBIT A**

NYI-4180098v3

## Exhibit A

**ADDITIONAL MATTERS PARTIES**

AIG CDS, Inc.
American International Group, Inc.
Barclays Capital Inc.

# EXHIBIT B

NYI-4180098v3

**EXHIBIT B**

**SUPPLEMENT TO SCHEDULE 2 FOR
SUPPLEMENTAL DISCLOSURE REGARDING
ADDITIONAL MATTERS AS OF APRIL 13, 2009**

**LEHMAN BROTHERS HOLDINGS, INC., *ET AL*.**

**SCHEDULE OF ADDITIONAL MATTERS PARTIES THAT CURRENTLY
EMPLOY OR HAVE FORMERLY EMPLOYED JONES DAY IN MATTERS
UNRELATED TO THE DEBTORS OR THEIR CHAPTER 11 CASES**

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| **ADDITIONAL MATTERS PARTIES (OR AFFILIATED ENTITIES) WHO ARE CURRENT CLIENTS OR WERE CLIENTS WITHIN THE LAST TWO YEARS[1]** |||
| AIG CDS, Inc.; and<br><br>American International Group, Inc. | Additional Matter Parties | • Affiliate companies *A.I. Credit Consumer Discount Company* and *AIG Consumer Finance Group* are current clients;<br><br>• Affiliate company AIG Global Real Estate Investment Corporation is an affiliated entity of current client *Agimarques Troyes S.A.R.L.*;<br><br>• Affiliate company SunAmerica is the employer of an individual who is a current Jones Day client;<br><br>• Affiliate company AIG Life Insurance Company is a joint venture participant with former client Carter & Associates LLC (closed 2008);<br><br>• Affiliate companies Variable Annuity Life Insurance Company (VALIC) and AIG Annuity Insurance Company are members of former client Ad Hoc Committee of Thomson S.A. Noteholders (closed 2009); and<br><br>• Affiliate companies AIG Global Investment Group and AIG Private Bank Ltd. are former clients (both closed 2007). |

---

[1] The names of current clients of Jones Day appear in bold and italics. The disclosure of stockholder interests or other affiliate relationships among potentially related entities reflects only information known to Jones Day through its conflict reporting system. The disclosure of such interests or relationships does not imply client relationships. Jones Day has not performed independent research to identify all stockholder interests or other affiliate relationships with respect to interested parties. Moreover, Jones Day has not disclosed representations of trade associations and similar industry or special interest organizations in which interested parties are members.

NYI-4180102v1

-2-

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Barclays Capital Inc. | Additional Matters Party | • Affiliate company Barclays Bank Plc is a former client;<br><br>• Affiliate company **Barclays Bank, S.A.E.** has been represented in two matters, one of which has closed and one of which has not proceeded since July 2008;<br><br>• Affiliate company Barclays Private Equity France SA is the parent of current client **Compagnie de Fives-Lille**;<br><br>• Affiliate company Barclays Unquoted Investments is a stockholder of current client **Enigma Holidays Limited**;<br><br>• Affiliate company Barclays Capital Real Estate is a joint venture participant with current client **Westbrook Real Estate Fund VI**;<br><br>• Affiliate company Barclays Global Investors UK Holdings Limited is a major equity stockholder of current client **Borders Group, Inc.**;<br><br>• Affiliate company Barclays Global Investors, N.A. (California) has a major equity interest in current client **Georgia Gulf Corporation**; and<br><br>• Affiliate company Barclays Global Investors, N.A. is a stockholder of current client **FLYi, Inc.**. |

NYI-4180102v1