WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
            Debtors.                      :    (Jointly Administered)
-------------------------------------------------------------------x
```

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING AND APPROVING (I) A SETTLEMENT AMONG LEHMAN BROTHERS HOLDINGS INC., GTH LLC, AND GT INVESTMENT COMPANY I, LLC AND (II) RELATED RELIEF**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 2837], dated, February 13, 2009 (the "Amended Case Management Order"), the undersigned hereby certifies as follows:

1. On March 9, 2009, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed a Motion for an Order Pursuant to Section 105(a) of the

Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure Authorizing and Approving (i) a Settlement Among Lehman Brothers Holdings Inc., GTH LLC, and GT Investment Company I, LLC and (ii) Related Relief **[Docket No. 3422]** (the "Motion"). Notice of the Motion was served, in accordance with the procedures set forth in the Amended Case Management Order, on (i) the U.S. Trustee; (ii) the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Willkie Farr & Gallagher LLP, attorneys for GTH LLC; and (vii) all parties who have requested notice in these chapter 11 cases.

2. In accordance with the Amended Case Management Order, May 8, 2009 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a response to the Motion (the "Objection Deadline"). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Objection Deadline has now passed and, to the best of my knowledge, no objections or other responsive pleadings to the Motion have been filed with the Court on the dockets of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on Debtors' counsel.

4. Accordingly, for the reasons set forth in the Motion, the Debtors respectfully request that the proposed Order, annexed hereto as Exhibit A, and unmodified since

2

its filing, be entered in accordance with the procedures described in the Amended Case

Management Order.

    I declare that the foregoing is true and correct.

Dated: May 11, 2009
      New York, New York

          /s/ Lori R. Fife
          Lori R. Fife

          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Attorneys for Debtors
          and Debtors in Possession

# EXHIBIT A

**(Proposed Order – Docket No. 3422)**

NY2:\1994921\01\16R@H01!.DOC\58399.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                               :
             Debtors.                                   :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO
SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 9019 (I) AUTHORIZING AND APPROVING A SETTLEMENT
AMONG LEHMAN BROTHERS HOLDINGS INC., GTH LLC, AND
GT INVESTMENT COMPANY I, LLC, AND (II) RELATED RELIEF**

Upon the motion, dated April 22, 2009 (the "Motion")[1], of Lehman Brothers Holdings Inc., as debtor in possession ("LBHI", and together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing LBHI to (i) enter into the Release; and (ii) take all corporate actions necessary to comply with its obligations under the Purchase Agreement; all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

       ORDERED that the Motion is granted; and it is further

       ORDERED that, pursuant to Bankruptcy Rule 9019, LBHI's entry into the Release is approved; and it is further

       ORDERED that, pursuant to section 105(a) of the Bankruptcy Code, LBHI is (a) authorized, but not directed, to enter into the Release and the Non-Interference Provision, and (b) authorized and empowered to take all corporate action required by the Purchase Agreement; and it is further

       ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: May ___, 2009
       New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE