Paul Batista, Esq.
PAUL BATISTA, P.C.
26 Broadway – Suite 1900
New York, New York 10004
Telephone: (212) 980-0070
Facsimile: (212) 344-7677
E-mail: Batista007@aol.com

*Attorneys for Unclaimed Property Recovery Service, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOURTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

| | |
|---|---|
| **In re** | **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS, INC.,** *et al.*, | **Case No. 08-13555 (JMP)** |
| **Debtors.** | **Jointly Administered** |

------------------------------------------------------------x

| | |
|---|---|
| **SECURITIES INVESTOR PROTECTION CORPORATION,** | |
| **Plaintiff-Applicant,** | **Case No. 08-01420 (JMP) SIPA** |
| v. | **SIPA Liquidation Proceeding** |
| **LEHMAN BROTHERS, INC.** | |
| **Defendant.** | |

------------------------------------------------------------x

**DECLARATION OF BERNARD GELB IN SUPPORT OF**
**OBJECTION OF UNCLAIMED PROPERTY RECOVERY SERVICE, INC.**
**TO THE SIPC TRUSTEE'S**
**PROPOSED REJECTION OF LBI–UPRS CONTRACTS**

I, Bernard Gelb, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct to the best of my knowledge:

I am the Vice President and the Manager of Unclaimed Property Recovery Service, Inc. ("UPRS"). I submit this declaration in support of the objection of UPRS to the SIPC Trustee's Proposed Rejection of the contracts between Lehman Brothers, Inc. ("LBI") and UPRS. (All documents referenced are exhibits attached to the Declaration of Bernard Gelb in Support of

UPRS's motion (Docket No. 3345) dated March 18, 2009.)  Except as otherwise specifically indicated, I have personal knowledge of the facts set forth in this declaration.

1. UPRS is a New York corporation in the business of finding unclaimed funds and notifying owners of the funds.  After the owner is located, a written agreement is entered into between UPRS and the owner.  UPRS prepares claim documents that help facilitate the collection and payment of the unclaimed funds.

2. UPRS has longstanding and ongoing agreements with LBI to identify and recover unclaimed funds belonging to LBI.  During the past thirteen years, UPRS has recovered millions of dollars in unclaimed funds for LBI. UPRS has spent many years and thousands of dollars to develop proprietary software, databases and research to identify and recover unclaimed funds that are outstanding for LBI.

3. Pursuant to four LBI Agreements ("Agreements") and Authorizations ("Authorizations"), UPRS has identified and claimed approximately $5 million in unclaimed funds now held by the New York State Office of Unclaimed Funds ("NYS OUF") on behalf of LBI.

4. The New York State Comptroller is the State's custodian of unclaimed funds and oversees the effort to return this property to owners.  The NYC OUF recognizes UPRS as LBI's authorized representative.

5. The approximately $5 million in unclaimed funds outstanding that UPRS has claimed are due LBI, not Lehman Brothers Holdings Inc. ("LBHI").  The four Agreements and Authorizations are between LBI and UPRS.  LBHI is not a party to the four Agreements and Authorizations.

6. On June 30, 1998, LBI sent a notarized authorization statement to NYS OUF that read in part:

> This letter is to confirm that Bernard Gelb and Unclaimed Property Recovery Service, Inc. have been authorized to complete the recovery of all the outstanding claims due Lehman Brothers and its predecessor firms.

7. On April 16, 2007, LBI sent a confirmation of UPRS's authorization to the NYS OUF by e-mail that read:

> By way of introduction I am Bill Wallace (VP) at Lehman Brothers [Inc.] and responsible for Unclaimed Property for the firm. To my knowledge UPR[S] (Bernie Gelb) is authorized to claim aged items for this firm. [T]his authorization still stands.

8. On June 7, 2007, July 2, 2007 and August 1, 2007, UPRS sent Bill Wallace, LBI Vice President, a billing statement for $500,000, for services as of June 7, 2007 relating to funds previously collected by UPRS for LBI under the Agreements.

9. On or about September 16, 2008, NYS OUF sent UPRS two letters concerning applications for second issuance checks in the amounts of $92,771.21 and $49,452.00.

10. On or about September 22, 2008, Steven Dardanello, Assistant Vice President of LBI, completed the two applications for second issuance checks for $92,771.21 and $49,452.00 and returned them to UPRS.

11. On or about September 25, 2008, Steven Dardanello telephoned UPRS and said that he had completed the two applications for second issuance checks and returned them to UPRS. Mr. Dardanello also confirmed that "LBI will honor all Agreements with UPRS and UPRS will be paid its fee for all unclaimed funds claimed for LBI."

12. UPRS submitted the two completed applications for second issuance checks to the NYSOUF for processing and payment.

13. UPRS fully performed in good faith all of its obligations under the terms of the Agreements. After the LBHI Petition Date, both LBI and UPRS have substantially performed according to the Agreements and Authorizations.

14. The Director of the NYS OUF has agreed to pay $5 million in unclaimed funds due LBI. The value of services actually rendered by UPRS during the post-petition period is $500,000.

15. UPRS performed its services in reliance upon the executed Agreements and Authorizations that LBI would compensate UPRS in the amount of 10% of the recovered unclaimed funds. In performing all of its obligations, UPRS expected to be compensated for its services.

16. I understand that on May 4, 2009, LBHI's representatives informed UPRS that LBI would not perform under the four contracts and would not pay UPRS its fee for claiming $5 million in unclaimed funds held by the NYS OUF on behalf of LBI. I also understand that LBHI and the SIPC Trustee want the NYS OUF to pay the $5 million outstanding due LBI to another firm and the other firm will collect the $500,000 fee due UPRS.

17. UPRS identified and filed the $5 million claim with the NYS OUF. The NYS OUF recognizes UPRS as LBI's authorized representative. Once a claim has been filed, it is NYS OUF policy not to accept a new claim from another firm.

18. I also understand that, until UPRS filed the Motion on April 13, 2009, LBHI and the SPIC Trustee had no specific knowledge that the $5 million unclaimed funds were outstanding and were claimed by UPRS for LBI.

19. As of September 15, 2008, the date of the commencement of the LBHI proceeding, LBI was indebted to UPRS in the amount of at least $1 million on account and

unpaid fees. Likewise, as of September 19, 2008, the date of the commencement of the SIPC Trustee proceeding, LBI was indebted to UPRS in the amount of at least $1 million on account and unpaid fees. After UPRS is paid its fees, LBI will recover $4 million.

20. Now that UPRS has helped LBI to recover $5 million in unclaimed funds, LBHI and the SIPC Trustee do not want to pay UPRS its earned fee of 10%. Indeed, it appears likely that LBHI and the SIPC Trustee want another firm to collect the fees due UPRS.

21. For the foregoing reasons, as well as for the reasons set forth in the Objections, the notice of proposed rejection should be ordered withdrawn.

Dated: New York, New York
       May 8, 2009

                                                               /s/ Bernard Gelb
                                                               Bernard Gelb