WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :    08-13555 (JMP)
                                        :
                      Debtors.          :    (Jointly Administered)
                                        :
                                        :
-----------------------------------------------------------------x
```

**STIPULATION AND AGREED ORDER RESOLVING MOTION FOR ENFORCEMENT**
**OF DECEMBER 23, 2008 ORDER APPROVING THE ASSUMPTION OF OPEN**
**TRADE CONFIRMATIONS PURSUANT TO SETTLEMENT AGREEMENT**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This stipulation and agreed order (the "Stipulation and Agreed Order") is entered

into between Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor in the above-

referenced chapter 11 cases, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in

possession (together, the "Debtors"), and DK Acquisition Partners, L.P. ("DK").

**RECITALS**

A.      Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries, including LCPI,

commenced with this Court voluntary cases under chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code").

B.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C.      On December 18, 2008, LCPI and DK (the "Parties") entered into a letter agreement resolving DK's objection to a motion filed by the Debtors seeking to assume three prepetition trade confirmations between the Parties, and to reject a fourth trade confirmation (the "Settlement Agreement").[1]  The Settlement Agreement provided, inter alia, that LCPI would assume a trade confirmation (the "Trade Confirmation") memorializing an August 26, 2008 sale of certain revolving loans made to Tronox Worldwide, LLC (the "Trade").

D.      On December 23, 2008, the Court entered an order approving, inter alia, the Settlement Agreement [Docket No. 2364] (the "December 23 Order").

E.      Following entry of the December 23 Order, DK learned that LCPI was a defaulting lender under the credit agreement with Tronox Worldwide, LLC  and, specifically, that the loan subject to the Trade was held by LCPI when it became a defaulting lender.  DK asserted that it was not required to settle the Trade on terms inconsistent with LSTA Standard Terms and Conditions for Par/Near par Trade Confirmations ("LSTA Standard Terms") and, therefore, refused to settle the Trade.

F.      On March 5, 2008, the Debtors filed the Motion for Enforcement of the December 23, 2008 Order Approving the Assumption of Open Trade Confirmations Pursuant to Settlement Agreement [Docket No. 3000] (the "Enforcement Motion").  In the Enforcement

---

[1] Interested parties may refer to the Enforcement Motion (as defined below) for additional background information concerning the transaction at issue here and the various pleadings related thereto.

Motion, the Debtors sought to enforce the December 23 Order and the Settlement Agreement and requested that the Court direct DK to close the Trade.

        G.      On March 20, 2009, DK filed an objection to the Enforcement Motion [Docket No. 3174] (the "Objection").  The Debtors filed a reply to the Objection on April 15, 2009 [Docket No. 3371].

        H.      On April 22, 2009, the Court held a hearing on the Enforcement Motion (the "Hearing").  At the Hearing, the Court took the matter under advisement, but "with the strong suggestion that the parties involved continue to discuss a commercial solution."  *See* Transcript Regarding Hearing Held on April 22, 2009 [Not Yet Docketed] at 70–71.  The Court stated that it would provide a decision at the May 13, 2009 omnibus hearing.  *Id.*

        I.      Subsequent to the Hearing, the parties engaged in further discussions.  The Parties have agreed to resolve the Enforcement Motion and the Objection as follows:

**AGREED ORDER**

        IT IS HEREBY AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

        1.      The Parties agree that the net purchase price payable to LCPI upon settlement of the Trade shall be equal to (i) the net purchase price that would otherwise have been payable to LCPI in accordance with LSTA Standard Terms (after taking into account all applicable adjustments to pricing set forth therein including without limitation all credits due DK for delayed settlement compensation, unfunded commitment, and the economic benefit related to reductions in the outstanding commitment) less (ii) ten percent (10%) of such adjusted amount.

2.      DK agrees to settle the Trade within 24 hours of the entry of this Stipulation and Agreed Order, in accordance with the terms of the side letter between LCPI and DK, dated as of May 12, 2009, and to forego any further objection with respect to the Trade.

3.      The Parties agree that, except for the reduction in purchase price set forth in paragraph 1, and the time restraint set forth in paragraph 2, the Trade shall settle in accordance with the LSTA Standard Terms and Conditions, including adjustments to pricing set forth therein.

4.      Except to the extent set forth herein, the Parties hereby reaffirm the terms of the Settlement Agreement.

5.      DK waives any and all claims against LCPI relating to the Trade Confirmation, including, without limitation, any claim related to LCPI's failure to fully fund all of the borrower's draw requests in connection with the debt that is the subject of the Trade.

6.      The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

7.      Each person who executes this Stipulation and Agreed Order on behalf of a party hereto represents that he is duly authorized to execute this Stipulation and Agreed Order on behalf of such party.

8.      This Stipulation and Agreed Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

9.      If this Stipulation and Agreed Order is not approved by the Bankruptcy Court, it shall be deemed null and void and shall not be referred to or used for any purpose by any of the parties hereto or any of the other parties in the Debtors' chapter 11 cases.

10.    Due and proper notice of the Enforcement Motion was given by the

Debtors and, therefore, due and proper notice of this Stipulation was given to all parties in

interest in accordance with the Amended Order Pursuant to Section 105(a) of the Bankruptcy

Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case

Management Procedures, entered on February 13, 2009 [Docket No. 2837].


Dated:  May 12, 2009


**RICHARDS KIBBE & ORBE LLP**              **WEIL, GOTSHAL & MANGES LLP**

/s/ Michael Friedman                                    /s/ Jacqueline Marcus
Michael Friedman                                         Jacqueline Marcus

One World Financial Center                          767 Fifth Avenue
New York, New York 10281                         New York, New York 10153
Telephone: (212) 530-1800                           Telephone: (212) 310-8000
Facsimile: (212) 530-1801                             Facsimile: (212) 310-8007

Attorneys for Movants                                   Attorneys for Debtors
                                                                     And Debtors in Possession


Dated: New York, New York
          May 13, 2009


     _s/ James M. Peck_
     UNITED STATES BANKRUPTCY JUDGE