WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Anthony J. Albanese

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| Debtors. | : | **(Jointly Administered)** |

-----------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION PURSUANT TO SECTIONS 105,
363 AND 554(a) OF THE BANKRUPTCY CODE FOR AUTHORIZATION
TO ESTABLISH PROCEDURES TO SELL OR ABANDON *DE MINIMIS* ASSETS**

PLEASE TAKE NOTICE that a hearing on the annexed motion, dated as of May 14, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors"), pursuant to sections 105, 363 and 554(a) of title 11 of the United States Code, for authorization to establish procedures to sell or abandon *de minimis* assets, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York, 10004 (the "Bankruptcy Court"), on **June 3, 2009 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242[1] by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling

---

[1] This document can be found at www.nysb.uscourts.gov.

Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767
Fifth Avenue, New York, New York, 10153, Attn: Shai Y. Waisman, Esq. and Anthony J.
Albanese, Esq., attorneys for the Debtors and Debtors in Possession; (iii) the Office of the United
States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York,
New York, 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto,
Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy
LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq.,
Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of
Unsecured Creditors appointed in these cases; and (v) any person or entity with a particularized
interest in the Motion, so as to be so filed and received no later than **May 29, 2009 at 4:00 p.m.
(Prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not
received by the Objection Deadline, the relief requested shall be deemed unopposed, and the
Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend
the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 14, 2009
        New York, New York

/s/ Anthony J. Albanese
Shai Y. Waisman
Anthony J. Albanese
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Anthony J. Albanese

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

------------------------------------------------------------------x

### DEBTORS' MOTION PURSUANT TO SECTIONS 105, 363 AND 554(a) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO ESTABLISH PROCEDURES TO SELL OR ABANDON *DE MINIMIS* ASSETS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), file this Motion and respectfully

represent:

### Background

1.       Commencing on September 15, 2008, and periodically thereafter (as

applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain

of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been

consolidated for procedural purposes only and are being jointly administered pursuant to Rule

1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors

are authorized to operate their businesses and manage their properties as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.        On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.

3.        On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI"). A trustee appointed under SIPA is administering LBI's estate.

4.        On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner"), and by order, dated January

20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the

Examiner.

### Jurisdiction

5.        This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Lehman's Business

6.        Prior to the events leading up to these chapter 11 cases, Lehman was the

fourth largest investment bank in the United States. For more than 150 years, Lehman had been

a leader in the global financial markets by serving the financial needs of corporations,

governmental units, institutional clients and individuals worldwide.

7.        Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications,

filed on September 15, 2008 [Docket No. 2].

### Preliminary Statement

8.     The Debtors maintain various assets, which are currently, or in the

foreseeable future may become, unnecessary for the efficient winding down of their businesses.

As a result, the Debtors anticipate that during the pendency of these cases, they will attempt to

sell or abandon a number of these assets that are unproductive, nonessential, or burdensome.

These sales or abandonments will involve assets that, in some cases, are of relatively *de minimis*

value as compared to the Debtors' total asset base.

9.     The Debtors anticipate that certain of the contemplated *de minimis* asset

sales may constitute transactions outside of the ordinary course of the Debtors' businesses,

thereby requiring this Court's approval pursuant to section 363(b)(1) of the Bankruptcy Code.

Obtaining court approval with respect to each *de minimis* asset sale, however, would be

administratively burdensome to this Court and costly for the Debtors' estates.  Further, in certain

instances, the inability to move quickly to consummate an asset sale may hinder or eliminate the

Debtors' ability to pursue an advantageous opportunity.  In situations where the Debtors are

contemplating smaller asset sales, the cost of pursuing court approval on a sale-by-sale basis

could be cost-prohibitive and, in certain cases, the cost and delay associated with seeking

individual court approval of a sale could eliminate, or substantially undermine, the economic

benefits of the transaction to the estates.  The Debtors are mindful of their duties to maximize the

value of the estates and are working to obtain the highest consideration for all of their assets, but

are concerned that unnecessary delay in testing the results of their efforts would, in fact, decrease the net income to the estate.

10.     To alleviate the burden and cost of having to file a separate motion with respect to each proposed sale, which could potentially jeopardize the consummation of time sensitive deals, the Debtors hereby seek approval of the procedures described herein (the "*De Minimis* Sale Procedures").  These *De Minimis* Sale Procedures are intended to minimize and, in some instances, eliminate the process for obtaining court approval with respect to the sale of particular assets falling within certain specified economic parameters.  The Debtors propose to utilize the *De Minimis* Sale Procedures to obtain more expeditious and cost-effective review by interested parties of certain sales involving smaller, less-valuable, non-core assets.

11.     Similarly, the Debtors hereby seek approval of the abandonment procedures described herein (the "*De Minimis* Abandonment Procedures"), which are intended to minimize the process for obtaining Court approval with respect to the abandonment of particular assets where their continued maintenance is burdensome or where their sale would otherwise be inefficient or impossible.

## **Relief Requested**

12.     By this Motion, the Debtors seek authority, pursuant to sections 105, 363 and 554(a) of the Bankruptcy Code, to sell or abandon certain assets with relatively *de minimis* value pursuant to the *De Minimis* Sale Procedures or the *De Minimis* Abandonment Procedures.

## **The Proposed *De Minimis* Sale Procedures**

13.     The proposed *De Minimis* Sale Procedures will apply only to the sale of assets involving, in each case, the transfer of $2,000,000.00 or less in total consideration, as measured by the amount of cash and other consideration being received by the Debtors on

account of the assets being sold.  Pursuant to the *De Minimis* Sale Procedures, the Debtors will

be permitted to sell assets that are encumbered by liens or encumbrances only if those liens or

encumbrances are capable of monetary satisfaction, or the holders of those liens or

encumbrances consent to the sale.  Further, the Debtors will be permitted to sell assets co-owned

by a Debtor and a third party pursuant to the *De Minimis* Sale Procedures only to the extent that

the sale does not violate section 363(h) of the Bankruptcy Code.

        A.     <u>Sale Price Less than or Equal to $500,000.00</u>

        14.     The Debtors hereby seek approval to sell any asset for an amount that is

less than or equal to $500,000.00 (a "<u>Non-Noticed *De Minimis* Sale</u>") without further Court

approval, and without providing notice of the Non-Noticed *De Minimis* Sale to any party.  The

Debtors also request authority to take any actions that are reasonable and necessary to close the

Non-Noticed *De Minimis* Sale and obtain the sale proceeds, including paying reasonable fees to

third-party sale agents in connection with the Non-Noticed *De Minimis* Sale.

        B.     <u>Sale Price Greater than $500,000.00 but Less than or Equal to
$2,000,000.00</u>

        15.     The Debtors hereby seek approval to sell any asset for an amount that is

greater than $500,000.00 but less than or equal to $2,000,000.00 (a "<u>Noticed *De Minimis* Sale</u>")

without further Court approval, after providing notice of the Noticed *De Minimis* Sale to certain

parties in accordance with the following procedures.  If the Debtors propose a Noticed *De

Minimis* Sale, the Debtors will file a notice of such proposed sale (a "<u>Sale Notice</u>") with the

court, in the form attached hereto as <u>Exhibit A</u>, and serve the Sale Notice by facsimile, overnight

delivery or hand delivery on the following parties:  (a) the U.S. Trustee; (b) the Creditors'

Committee; and (c) all known parties holding or asserting liens or encumbrances on the assets

that are the subject of the proposed Noticed *De Minimis* Sale and their respective counsel, if

known (collectively, the "Interested Parties"). Interested Parties shall have ten (10) calendar days from service of the Sale Notice to file and serve any objections to a Noticed *De Minimis* Sale (the "Notice Period").

16.    The Debtors propose that objections to a Noticed *De Minimis* Sale ("Objections") be in writing, filed with the Court and served on the Interested Parties and counsel to the Debtors in accordance with the procedures set forth in the amended order entered on February 13, 2009, governing case management and administrative procedures for these cases (the "Amended Case Management Order") [Docket No. 2837], so as to be received by all such parties prior to expiration of the Notice Period. Further, the Debtors propose that each Objection state with specificity the grounds for the Objection. If an Objection to a Noticed *De Minimis* Sale is properly filed and served by an Interested Party: (a) the Objection will be deemed a request for a hearing on the Noticed *De Minimis* Sale and the Objection will be heard at the next scheduled omnibus hearing in these chapter 11 cases that is at least ten (10) calendar days after service of the Objection (provided that the Debtors reserve the right to seek a hearing on the Noticed *De Minimis* Sale and Objection prior to such time); and (b) the Noticed *De Minimis* Sale may not proceed absent (i) withdrawal of the Objection; or (ii) entry of an order by the Court specifically approving the Noticed *De Minimis* Sale.

17.    If no Objection to a Noticed *De Minimis* Sale is filed and served by an Interested Party consistent with the Noticed *De Minimis* Sale Procedures, such Noticed *De Minimis* Sale will be deemed final and fully authorized by the Court under the terms of the Order approving this Motion, and no further notice or Court approval to consummate the Noticed *De Minimis* Sale will be required or necessary.

18.    The Sale Notice will include the following information with respect to the

proposed Noticed *De Minimis* Sale:

- A description of the asset proposed to be sold and its location;

- The identity of the purchaser under the Noticed *De Minimis* Sale and any relationship such party has with the Debtors;

- The identities of any parties known to the Debtors as holding liens or encumbrances on the asset subject to the Noticed *De Minimis* Sale and a statement indicating whether all such liens or encumbrances are capable of monetary satisfaction;

- The major economic terms and conditions of the Noticed *De Minimis* Sale;[1] and

- Instructions regarding the procedures to assert objections to the Noticed *De Minimis* Sale.

19.    The Debtors may consummate a Noticed *De Minimis* Sale prior to

expiration of the applicable Notice Period if they obtain each Interested Party's written consent

to such Noticed *De Minimis* Sale.

20.    If any significant economic terms of a Noticed *De Minimis* Sale are

amended after transmittal of the Sale Notice, but prior to the expiration of the Notice Period, the

Debtors would serve a revised Sale Notice to all Interested Parties describing the proposed

Noticed *De Minimis* Sale, as amended.  If a revised Sale Notice is required, the Notice Period

will be extended for an additional five (5) calendar days.

C.    Effects of Sale

21.    All buyers will take assets sold by the Debtors pursuant to the *De Minimis*

Sale Procedures "as is" and "where is," without any representations or warranties from the

Debtors as to the quality or fitness of such assets for either their intended purpose or any

---

[1]    This information may be provided by attaching the applicable contract or contracts to the Sale Notice.

7

particular purpose.  Buyers will, however, take title to the assets free and clear of liens, claims, encumbrances and other interests, pursuant to section 363(f) of the Bankruptcy Code.  All such liens, claims, encumbrances and other interests will attach to the proceeds of the sale.

            D.       <u>The Monthly Report</u>

22.      On or before the 15th day of every calendar month, the Debtors will file with the Court, and serve, in accordance with the Case Management Order, a report summarizing any Noticed *De Minimis* Sales that were consummated pursuant to the *De Minimis* Sale Procedures during the immediately preceding calendar month (a "<u>Monthly Report</u>").  With respect to each applicable sale, each Monthly Report shall include:

- A description of the asset that was the subject of the Noticed *De Minimis* Sale and its location;

- The identity of the purchaser under the Noticed *De Minimis* Sale and any relationship such party has with the Debtors;

- The identities of any parties known to the Debtors as holding liens or encumbrances on the asset subject to the Noticed *De Minimis* Sale; and

- The major economic terms and conditions of the Noticed *De Minimis* Sale.

23.      Non-Noticed Sales, sales consummated in the ordinary course of the Debtors' businesses, or sales consummated pursuant to an order of this Court will not be included in the Monthly Reports.

24.      The Debtors respectfully submit that the Proposed *De Minimis* Sale Procedures represent the exercise of sound business judgment, are fair and appropriate, and balance the need for an expeditious reduction of burdensome costs to the Debtors' estates with the provision of advance notice of proposed asset dispositions.

## The Proposed *De Minimis* Abandonment Procedures

25.    The Debtors expect to take all reasonable steps to sell assets that are not

needed in their wind-down efforts.  Certain assets, however, may be of inconsequential value to

the estates (i.e., worn office furniture and appliances) and the costs associated with the sale of

such assets may exceed the proceeds that would be generated from such sales.  In other

instances, the Debtors may be unable to locate buyers for assets that are damaged or that are on

premises that the Debtors are vacating or no longer use.  The costs associated with the

maintenance and storage of these illiquid assets would be burdensome to the Debtors' estates.

Thus, the Debtors request authority to abandon assets that are burdensome or that cannot be sold

profitably pursuant to the *De Minimis* Sale Procedures.

26.    Prior to abandoning any asset, the Debtors propose to give notice of each

proposed abandonment (an "Abandonment Notice"), in the form attached hereto as Exhibit B,

via facsimile, hand delivery, or overnight delivery service to the Creditors' Committee and the

U.S. Trustee and to any party known to the Debtors as having an interest in the asset to be

abandoned (collectively, the "Abandonment Notice Parties").

27.    The Debtors propose to adopt the following as *De Minimis* Abandonment

Procedures:

- The Abandonment Notice Parties will have five (5) business days from the date on which the Abandonment Notice is sent to object to the proposed abandonment.  Any such objection must be in writing and delivered to the attorneys for the Debtors prior to the expiration of such period.  If no written objection is received by Debtors' counsel prior to the expiration of such five-day period, the Debtors will be authorized to abandon the asset.  The Debtors may, at any time, obtain approval to abandon an asset from the Abandonment Notice Parties.  If no written objection is received by Debtors' counsel in accordance with the procedures herein, or if the Debtors obtain approval from the Abandonment Notice Parties, the Debtors may abandon an asset promptly.

- If any Abandonment Notice Party delivers an objection to the proposed abandonment so that it is received by Debtors' counsel on or before the fifth business day after the Abandonment Notice is sent, the Debtors and the objecting Abandonment Notice Party will use good faith efforts to resolve the objection. If the Debtors and the objecting Abandonment Notice Party are unable to achieve a consensual resolution, the Debtors will not proceed with the proposed abandonment pursuant to these procedures, but may seek Court approval of the proposed abandonment upon an expedited notice and a hearing, subject to the Court's availability.

- Nothing in the foregoing procedures will prevent the Debtors, in their sole discretion, from seeking, upon notice and a hearing, the Court's approval of any proposed abandonment.

- On or before the 15th day of every calendar month, the Debtors will file with the Court an addendum to the Monthly Report summarizing all abandonments by the Debtors during such month pursuant to the De Minimis Abandonment Procedures. The reports, as described in greater detail below, will set forth a description of the asset, the reason for the abandonment, and the party to which the asset(s) was abandoned, if any.

28.     The Debtors respectfully submit that the proposed *De Minimis* Abandonment Procedures represent the exercise of sound business judgment, are fair and appropriate, and balance the need for an expeditious reduction of burdensome costs to the Debtors' estates with the provision of advance notice of proposed asset dispositions.

A.     The Addendum

29.     On or before the 15th day of each calendar month, the Debtors will file with the Court, and serve, in conjunction with the Monthly Report, an addendum to the Monthly Report summarizing any *De Minimis* Abandonments that were completed pursuant to the *De Minimis* Abandonment Procedures during the immediately preceding calendar month (the "Addendum"). With respect to each applicable abandonment, and in compliance with Rule 6007-1 of the Local Bankruptcy Rules for the Southern District of New York, each Addendum shall include:

- A description of the asset(s) to be abandoned;

- The reason for the abandonment;

- The parties known to the Debtors as having an interest in the asset(s) to be abandoned; and

- The entity to which the asset(s) is / are to be abandoned, if any.

Assets that are abandoned in the ordinary course of the Debtors' businesses or pursuant to an order of this Court will not be included in the Addendum.

### Basis For Relief Requested

30.     For the reasons discussed herein, this Court should grant the relief requested and approve both the proposed *De Minimis* Sale Procedures and *De Minimis* Abandonment Procedures.  The proposed *De Minimis* Sale Procedures should be approved because they: (1) constitute an exercise of the Debtors' sound business judgment; (2) satisfy the notice and hearing requirements of section 363(b)(1); and (3) satisfy the requirements of section 363(f) allowing the Debtors to sell property free and clear.  Further, the proposed *De Minimis* Abandonment Procedures should be approved because they are necessary to the efficient administration of the Debtors' estates.  Indeed, as discussed below in greater detail, similar procedures to both the proposed *De Minimis* Sale Procedures and *De Minimis* Abandonment Procedures are frequently approved in large or complex cases such as this one.

**I.    This Court Should Approve the Proposed *De Minimis* Sale Procedures**

A.    The Proposed *De Minimis* Sale Procedures Are an Exercise of the Debtors' Sound Business Judgment

31.     Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  In order to approve the sale of property outside the ordinary course of business, a bankruptcy judge must "find from the

evidence presented before him at the hearing a good business reason to grant such an application." *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *see also In re Chateaugay Corp.*, 973 F.2d 141 (2d Cir. 1992); *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993), quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985) ("[T]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'") (applying the business judgment rule to the debtor's motion to enter into a sale contract)).

32.     Section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

33.     The Debtors submit that the sale of property upon the terms set forth herein is both an exercise of sound business judgment and in the best interests of the estates and their creditors. Disposing of these *de minimis* assets in the manner proposed herein is the most efficient and cost-effective means of maximizing the value to be realized. Obtaining Court approval for each such sale transaction would result in unnecessary administrative costs attendant to drafting, serving, and filing pleadings, as well as time incurred by attorneys for Court appearances, which could drastically reduce the ultimate net value of these assets. The proceeds generated by many of the aforementioned sales transactions do not warrant the incurrence of such expenses. The Debtors and their advisors have significant experience with these types of sales and, as a result, are very well versed in obtaining the best sale price possible.

34.    Moreover, the Debtors often face stringent time constraints in meeting the closing deadlines established by interested purchasers, as well as in selling assets before they significantly decline in value.  The expedited procedures set forth herein will permit the Debtors to be responsive to the needs of interested purchasers (and thereby guard against lost sales due to delay), while still providing the Interested Parties with the ability to review significant transactions.

35.    Notably, while the Debtors request authorization to sell assets for a purchase price of up to $2,000,000.00, the Debtors believe that many individual transactions will, in fact, be for substantially less.  Further, in light of the immense size of the Debtors' estates, the proposed sale price limitations are relatively modest and appropriate.  The estates are further protected by the opportunity for the Creditors' Committee and the U.S. Trustee to review and object to any Noticed *De Minimis* Sale.

B.    The Proposed *De Minimis* Sale Procedures Satisfy Notice and Hearing Requirements under Section 363(b)(1)

36.    The notice and hearing requirements contained in section 363(b)(1) are satisfied if appropriate notice and an opportunity for a hearing are given in light of the particular circumstances of the proposed sale.[2]  Generally, Bankruptcy Rules 2002(a)(2) and 2002(i) require that a minimum of twenty (20) days' notice of proposed sales of property outside the ordinary course of business be provided by mail to "the debtor, the trustee, all creditors and indenture trustees" and any committee appointed under section 1102 of the Bankruptcy Code, unless a debtor shows "cause."  Moreover, courts are authorized to limit notice of asset sales outside of the ordinary course of a debtor's business, even without a prior showing of cause, to

---

[2]    *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" to mean such notice and opportunity for a hearing "as [are] appropriate in the particular circumstances").

any official committee appointed under section 1102 of the Bankruptcy Code and any creditor or equity holder requesting notice.  *See* Bankruptcy Rule 2002(i).

37.     The Debtors submit that sufficient cause exists to implement the modified notice provisions proposed herein because these modified notice procedures will improve the efficiency of the sale process for *de minimis* assets and maximize the value of the assets to the Debtors' estates.

38.     Furthermore, as stated above, the sale of property outside of the ordinary course of business may occur only "after notice and a hearing."  11 U.S.C. § 363(b)(1).  Such sales are authorized without an actual hearing, however, if no party in interest timely requests such a hearing.  *See* 11 U.S.C. § 102(1)(B)(i) (notwithstanding the statutory requirement for "notice and a hearing," the Bankruptcy Code "authorizes an act without an actual hearing if such notice is given properly and if such a hearing is not requested timely by a party in interest").

39.     The proposed *De Minimis* Sale Procedures comport with the hearing requirements of the Bankruptcy Code, as well as due process, by providing Interested Parties with an opportunity to present Objections on each proposed Noticed *De Minimis* Sale and then have a hearing with respect to the proposed Noticed *De Minimis* Sale and Objection.  Under these circumstances, a Noticed *De Minimis* Sale may be approved without a hearing if no Interested Party has filed an Objection with respect thereto.  Furthermore, under the proposed *De Minimis* Sale Procedures, any known holder of a lien on any Non-Noticed *De Minimis* Sale will receive adequate notice of this Motion, and an opportunity to object.

C.     The Proposed *De Minimis* Sale Procedures Satisfy the Requirements of Section 363(f) and Allow the Debtors to Sell Property Free and Clear

40.     Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if: (a) applicable nonbankruptcy law

permits such a free and clear sale; (b) the holder of the interest consents; (c) the interest is a lien

and the sales price of the property exceeds the value of all liens on the property; (d) the interest is

in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable

proceeding to accept a monetary satisfaction of its interest. *See Citicorp Homeowners Servs. v.*

*Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988) (finding that court may approve sale "free

and clear" provided at least one of the subsections above is met); *In re Healthco Int'l, Inc.*, 174

B.R. 174, 176 (Bankr. D. Mass. 1994) (interpreting section 363(f)(5) to mean "a payment

constituting less than full payment of the underlying debt"); *see also Cheslock Bakker & Assocs.,*

*Inc. v. Kremer (In re Downtown Athletic Club)*, No. M-47 (JSM), 2000 WL 744126, at *3

(Bankr. S.D.N.Y. June 9, 2000) (holding free and clear sale under the debtor's plan of

reorganization was binding on the debtor's creditors who received notice of the confirmation

hearings).

        41.     Assets encumbered by interests held by other parties may be sold pursuant

to the *De Minimis* Sale Procedures only if those interests are capable of monetary satisfaction or

the holders of these interests consent to the proposed Non-Noticed or Noticed *De Minimis* Sale.

As such, the requirements of section 363(f) of the Bankruptcy Code would be satisfied for any

proposed Non-Noticed or Noticed *De Minimis* Sale free and clear of liens, claims or

encumbrances.  Moreover, as noted above, the Debtors propose that such interests attach to the

proceeds of the sales.

    **II.**      **The Proposed *De Minimis* Abandoment Procedures Should be Approved**
             **Because They Are Necessary to the Efficient Administration of the Debtors'**
             **Estates**

        42.     Section 554(a) of the Bankruptcy Code provides that a debtor in

possession "after a notice and hearing . . . may abandon any property of the estate that . . . is of

inconsequential value and benefit to the estate." The right to abandon property is, except for certain exceptions inapplicable in the present case, unfettered. *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 506–07 (1986) (noting one such exception and holding that section 554(a) does not preempt state laws aimed at protecting the public's health and safety).

43.     In addition, section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out judgment that is necessary or appropriate to carry out the provisions of this title."

44.     The Debtors submit that implementation of the proposed procedures is appropriate in these chapter 11 cases and well within the Court's equitable powers under section 105 of the Bankruptcy Code. The proposed *De Minimis* Abandonment Procedures are necessary to the efficient administration of the Debtors' estates because they provide the Debtors with a mechanism by which they can: (1) stop the accrual of various burdensome expenses associated with retaining certain illiquid assets; (2) avoid the oftentimes difficult process of locating buyers for assets that are damaged or on premises that the Debtors no longer use, as well as the fees associated with locating such buyers; and (3) minimize any distraction that may result from the challenges involved in attempting to sell illiquid assets that are of inconsequential value to the Debtors' estates.

### III.     Procedures Similar to the Proposed *De Minimis* Sale Procedures and *De Minimis* Abandonment Procedures Have Been Approved in Other Cases

45.     In light of the demonstrable benefits of streamlined procedures to sell or abandon relatively small assets and the legal justifications described above, procedures similar to the *De Minimis* Sale Procedures and *De Minimis* Abandonment Procedures have been approved by courts in this and other districts. *See, e.g., In re Charter Communications, Inc., et al.,* Case No. 09-11435 (JMP) (Bankr. S.D.N.Y. Apr. 15, 2009) (approving similar procedures for the sale

of assets up to $15,000,000.00, including notice procedures with a 5 day notice period); *In re Delphi Corp., et al.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 27, 2005) (approving similar procedures for the sale of assets up to $10,000,000.00, including similar notice procedures); *In re Worldcom, Inc., et al.*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. Oct. 22, 2002) (approving (i) similar procedures for the sale of assets up to $10,000,000, including similar notice procedures; and (ii) abandonment procedures similar to those described herein, including substantially similar notice procedures); *In re Westpoint Stevens Inc., et al.*, Case No. 03-13532 (RDD) (Bankr. S.D.N.Y. Aug. 14, 2003) (approving abandonment procedures similar to those described herein); *see also In re Semcrude, L.P., et al.*, Case No. 08-11525 (BLS) (Bankr. D. Del. Dec. 8, 2008) (approving similar procedures for the sale of assets up to $100,000.00, including similar notice procedures).

## Notice

46.    No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion in accordance with the procedures set forth in the Amended Case Management Order on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases.  No other or further notice need be provided.

47.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: May 14, 2009
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Anthony J. Albanese
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## **Exhibit A**

**(Proposed Sale Notice)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
                                                    :
In re                                               :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**    :        **08-13555 (JMP)**
                                                    :
                              **Debtors.**          :        **(Jointly Administered)**
                                                    :
----------------------------------------------------------------------x

## NOTICE OF PROPOSED SALE OF *DE MINIMIS* ASSETS PURSUANT TO *DE MINIMIS* ASSET SALE PROCEDURES

PLEASE TAKE NOTICE that the above-captioned debtors and debtors in

possession (collectively, the "Debtors"), pursuant to the Order Pursuant to Sections 105, 363,

and 554(a) of the Bankruptcy Code Establishing Procedures for *De Minimis* Asset Sales and

Abandonments entered by the United States Bankruptcy Court for the Southern District of

New York (the "Bankruptcy Court") on _____, _____ [Docket No. _____]

(the "Sale Order"), propose to sell certain assets (the "Assets") to _____

(the "Purchaser") pursuant to an agreement dated _____, _____ (the

"Purchase Agreement").  This Notice is being provided in accordance with and sets forth the

information required under the Sale Order.

Description of the Assets.  The Assets consist of _____

and are located at_____.

Relationship of Purchaser to the Debtors.  The Purchaser's relationship, if any,

with the Debtors is as follows:_____.

Liens and Encumbrances on the Assets.  The Debtors are aware of the

following liens and / or encumbrances on the Assets: _____.  To the extent that any

party has liens or encumbrances on the Assets, the Debtors believe that any such lien or

encumbrance would be subject to monetary satisfaction in accordance with section 363(f)(5) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

Economic Terms and Conditions of the Proposed *De Minimis* Sale.  The Debtors propose to sell the Assets to Purchaser on an "as is" basis, free and clear of all liens, claims or encumbrances therein, pursuant to section 363(f) of the Bankruptcy Code (the "*De Minimis* Sale").  The Purchaser has agreed to pay a purchase price of $_____ for the Assets.

Procedures to Object to the Proposed *De Minimis* Sale.  Any objection to the proposed *De Minimis* Sale (an "Objection") must:  (i) be in writing; (ii) state with specificity the nature of the objection; and (iii) be filed with the Bankruptcy Court and served on the parties identified on the exhibit attached hereto (the "Interested Parties") on or before _____, _____ (the "Objection Deadline").  If no Objections are filed with the Bankruptcy Court and served on the Interested Parties by the Objection Deadline in accordance with the terms of the Sale Order described above, then the Debtors may proceed with the *De Minimis* Sale in accordance with the terms of the Sale Order.  The Debtors may consummate a *De Minimis* Sale prior to expiration of the applicable Objection Deadline if the

Debtors obtain each Interested Party's written consent to the *De Minimis* Sale.


Dated: June ___, 2009
      New York, New York

 

_____

Shai Y. Waisman
Anthony J. Albanese
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit B**
**(Proposed Abandonment Notice)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                             :

In re                          :      **Chapter 11 Case No.**
                             :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :      **08-13555 (JMP)**
                             :

                  **Debtors.**      :      **(Jointly Administered)**
                             :
-------------------------------------------------------------------x

**NOTICE OF PROPOSED ABANDONMENT OF *DE MINIMIS* ASSETS**
**PURSUANT TO *DE MINIMIS* ASSET ABANDONMENT PROCEDURES**

PLEASE TAKE NOTICE that the above-captioned debtors and debtors in

possession (collectively, the "Debtors"), pursuant to the Order Pursuant to Sections 105, 363,

and 554(a) of the Bankruptcy Code Establishing Procedures for *De Minimis* Asset Sales and

Abandonments entered by the United States Bankruptcy Court for the Southern District of

New York on _____, _____ [Docket No. _____] (the "Sale and Abandonment

Order"), propose to abandon certain assets (the "Assets") to _____ (the

"Recipient").

This Notice is being provided in accordance with and sets forth the information

required under the Sale and Abandonment Order.

Description of the Assets.  The Assets consist of _____.

Reason for Abandonment.  The Debtors propose to abandon the Assets for the

following reasons: _____.

Relationship of Recipient to the Debtors.  The Recipient's relationship, if any,

with the Debtors is as follows:_____.

Interested Parties.  To the best of the Debtors' knowledge, the following parties

have an interest in the Assets: _____.

Procedures to Object to the Proposed Abandonment.  Any objection to the proposed abandonment (an "Objection") must:  (i) be in writing; (ii) state with specificity the nature of the objection; and (iii) be delivered to the attorneys for the Debtors' on or before _____, _____ (the "Objection Deadline").  If no Objections are delivered to the attorneys for the Debtors by the Objection Deadline in accordance with the terms of the Sale and Abandonment Order described above, then the Debtors may proceed with the abandonment in accordance with the terms of the Sale and Abandonment Order.

Dated: June ___, 2009
     New York, New York

_____
Shai Y. Waisman
Anthony J. Albanese
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    08-13555 (JMP)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
-------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTIONS 105, 363, AND 554(a) OF THE BANKRUPTCY CODE FOR AUTHORITY TO ESTABLISH PROCEDURES TO SELL OR ABANDON *DE MINIMIS* ASSETS

Upon the motion, dated May 14, 2009 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors in possession (collectively, the "Debtors" and together with their non-debtor

affiliates, "Lehman"), pursuant to sections 105, 363, and 554(a) of chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code"), for authorization to establish procedures to sell or

abandon *de minimis* assets; all as more fully described in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward,

Acting C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in

accordance with the procedures set forth in the amended order entered February 13, 2009

governing case management and administrative procedures [Docket No. 2837]; and the Court

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

having found and determined that the relief sought in the Motion is in the best interests of the

Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases

set forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED THAT:

1.      The relief requested in the Motion is GRANTED.

2.      The *De Minimis* Sale Procedures are approved as follows:

      i.      The *De Minimis* Sale Procedures shall apply only to the sale of assets involving, in each case, the transfer of $2,000,000.00 or less in total consideration, as measured by the amount of cash and other consideration to be received by the Debtors on account of the assets to be sold.  The Debtors shall be permitted to sell assets that are encumbered by liens and / or encumbrances only if those liens and / or encumbrances are capable of monetary satisfaction or the holders of those liens and / or encumbrances consent to the sale.  Further, the Debtors shall be permitted to sell assets co-owned by a Debtor and a third-party pursuant to the *De Minimis* Sale Procedures only to the extent that the sale does not violate section 363(h) of the Bankruptcy Code.

      ii.     If the Debtors propose to sell an asset for an amount that is less than or equal to $500,000.00, the Debtors may consummate such a Non-Noticed *De Minimis* Sale without further Court approval, and without providing notice of the Non-Noticed *De Minimis* Sale to any party.  The Debtors may take any actions that are reasonable and necessary to close a sale and obtain the sale proceeds, including paying reasonable fees to third-party sale agents in connection with the Non-Noticed *De Minimis* Sale.

      iii.    If the Debtors propose to sell an asset for an amount that is greater than $500,000.00 but less than or equal to $2,000,000.00, the Debtors shall file a Sale Notice and serve a copy of such Sale Notice by facsimile, overnight delivery or hand delivery on the following parties:  (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the Official Committee of Unsecured Creditors; and (c) all known parties holding or asserting liens or encumbrances on the assets that are the subject of the Noticed

*De Minimis* Sale and their respective counsel, if known (collectively, the "Interested Parties").

iv.    The Sale Notice shall include the following information with respect to the Noticed *De Minimis* Sale:

- A description of the asset that is the subject of the Noticed *De Minimis* Sale and its location;

- The identity of the purchaser under the Noticed *De Minimis* Sale and any relationship such party has with the Debtors;

- The identities of any parties known to the Debtors as holding liens or encumbrances on the asset subject to the Noticed *De Minimis* Sale and a statement indicating whether all such liens or encumbrances are capable of monetary satisfaction;

- The major economic terms and conditions of the Noticed *De Minimis* Sale;[2] and

- Instructions consistent with the terms described below regarding the procedures to assert objections to the Noticed *De Minimis* Sale ("Objections").

v.    Interested Parties will have ten (10) calendar days (the "Notice Period") to object to a Noticed *De Minimis* Sale. Any Objections to a Noticed *De Minimis* Sale shall be in writing, filed with this Court, and served on the Interested Parties and counsel to the Debtors so as to be received by all parties prior to expiration of the Notice Period. Each Objection shall state with specificity the grounds for the Objection. If an Objection to a Noticed *De Minimis* Sale is properly filed and served: (a) the Objection will be deemed a request for a hearing on the Objection and Noticed *De Minimis* Sale at the next scheduled hearing that is at least ten (10) calendar days after service of the Objection; and (b) the Noticed *De Minimis* Sale may not proceed absent (i) written withdrawal of the Objection; or (ii) entry of an order by the Court specifically approving the Noticed *De Minimis* Sale. If no Objections are filed and served in accordance with the Noticed *De Minimis* Sale Procedures prior to expiration of the Notice Period, the Noticed *De*

---

[2]    This information may be provided by attaching the applicable contract or contracts to the Sale Notice.

*Minimis* Sale will be deemed final and fully authorized, without any further or final approval from this Court.

vi.    The Debtors may consummate a Noticed *De Minimis* Sale prior to expiration of the applicable Notice Period if the Debtors obtain each Interested Party's written consent to the Noticed *De Minimis* Sale.

vii.    If any significant economic terms of a Noticed *De Minimis* Sale are amended after transmittal of the Sale Notice, but prior to the expiration of the Notice Period, the Debtors shall send a revised Sale Notice to all Interested Parties describing the Noticed *De Minimis* Sale, as amended.  If a revised Sale Notice is required, the Notice Period shall be extended for five (5) additional days.

viii.    On or before the 15th day of every calendar month, the Debtors shall file with the Court, and serve on all parties entitled to notice in these cases, a report (a "<u>Monthly Report</u>") summarizing any Noticed *De Minimis* Sales that were consummated pursuant to the *De Minimis* Sale Procedures during the immediately preceding calendar month.  With respect to each applicable sale, each Monthly Report will include:

- A description of the asset that was the subject of the Noticed De Minimis Sale and its location;

- The identity of the purchaser under the Noticed *De Minimis* Sale and any relationship such party has with the Debtors;

- The identities of any parties known to the Debtors as holding liens or encumbrances on the asset subject to the Noticed *De Minimis* Sale; and

- The major economic terms and conditions of the Noticed De Minimis Sale.

3.    The Sale Notice, in substantially the form annexed to the Motion as

<u>Exhibit A</u>, is approved.

4.    All buyers shall take assets sold by the Debtors pursuant to the *De*

*Minimis* Sale Procedures "as is" and "where is," without any representations or warranties from

the Debtors as to quality or fitness of such assets for either their intended or any particular purpose.

5.      All buyers shall take assets sold by the Debtors pursuant to the procedures approved by this Order free and clear of liens, claims and encumbrances, pursuant to section 363(f) of the Bankruptcy Code.  All such liens, claims and encumbrances shall attach to the proceeds of the sale.

6.      To the extent applicable, the ten-day stay of Federal Rule of Bankruptcy Procedure 6004(g) is hereby waived, and this Order shall be effective immediately. Furthermore, Non-Noticed and Noticed *De Minimis* Sales shall be deemed authorized pursuant to the terms of this Order and no further or additional waivers of the ten-day stay of Federal Rule of Bankruptcy Procedure 6004(g) shall be required for the Debtors to consummate a Non-Noticed and / or Noticed *De Minimis* Sale, subject to compliance with the notice and other procedures set forth in the *De Minimis* Sale Procedures.

7.      With respect to all Noticed or Non-Noticed *De Minimis* Asset Sales consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular purchaser, and a Noticed or Non-Noticed *De Minimis* Asset Sale consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of

such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of
such transfer of title and shall rely upon this Order in consummating the transactions
contemplated hereby.

8.      The Debtors are also authorized to abandon assets that, in their business
judgment, are not necessary to their winding down, are of inconsequential value to their estates,
or for which the costs associated with a sale exceed the proceeds that would be generated from
such sale.

9.      The following procedures for the abandonment of assets by the Debtors
are hereby authorized and established in these chapter 11 cases:

> i.    The Debtors shall give notice via facsimile, hand delivery, or
> overnight delivery service of each proposed abandonment to
> the Creditors' Committee, the U.S. Trustee and to any party
> known to the Debtors as having an interest in the asset to be
> abandoned (collectively, the "Abandonment Notice Parties").
> Such notice shall describe the asset to be abandoned, the reason
> for the abandonment, the parties known to the Debtors as
> having an interest in the asset proposed to be abandoned, and
> the entity to which the asset is to be abandoned, if any (the
> "Abandonment Notice").

> ii.   The Abandonment Notice Parties shall have five (5) business
> days from the date on which the Abandonment Notice is sent to
> object to the proposed abandonment.  Any such objection shall
> be in writing and delivered to the Debtors' attorneys prior to
> the expiration of such period.  If no written objection is
> received by Debtors' attorneys prior to the expiration of such
> five-day period, the Debtors are authorized to abandon the
> asset.  The Debtors may, at any time, obtain approval to
> abandon an asset from the Abandonment Notice Parties.  If no
> written objection is received by Debtors' counsel in accordance
> with the procedures herein, or if the Debtors obtain such
> approval from the Abandonment Notice Parties, the Debtors
> may abandon an asset promptly.

> iii.  If any Abandonment Notice Party delivers an objection to the
> proposed abandonment so that it is received by Debtors'
> counsel on or before the fifth business day after the
> Abandonment Notice is sent, the Debtors and the objecting
> Abandonment Notice Party shall use good faith efforts to

resolve the objection.  If the Debtors and the objecting Abandonment Notice Party are unable to achieve a consensual resolution, the Debtors shall not proceed with the proposed abandonment pursuant to these procedures, but may seek Court approval of the proposed abandonment upon expedited notice and an opportunity for a hearing, subject to the Court's availability.

iv.    On or before the 15th day of every calendar month, the Debtors shall file with the Court an addendum to the Monthly Report setting forth all abandonments by the Debtors during such month pursuant to the authority granted hereby.  The reports shall set forth a description of the asset, the reason for the abandonment, and the party to which the property was abandoned, if any.

10.    The Abandonment Notice, in substantially the form annexed to the Motion as Exhibit B, is approved.

11.    Nothing in this Order shall be construed to prevent the Debtors, in their sole discretion, from seeking this Court's approval at any time of any proposed sale or abandonment after notice and an opportunity for a hearing.

12.    The Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

13.    This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: June ___, 2009
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE