**Studio Giuridico Economico (SGE)**

Via Anfiteatro Laterizio, 290

80035 Nola (Naples), Italy

Telephone: +39 081 5125540

Facsimile:  +39 081 5129143

e-mail: r.romano62@tiscali.it

Avv. Angelo D'Alessandro

Dott. Raffaele Romano


Attorneys for Valelli Corrado and Maschio Carmela, Valelli Osvaldo, Stefano Poli, Martino Paola, De Risi Maurizio, Chiappetta Nicola, Chiappetta Giuseppe and Manna Loredana, Chiappetta Enrico, Pauciulo Giuseppe, Belvedere Raffaele, Del Tufo Gianpiero, Calcagno Edoardo, Stefanelli Paola, Cincotti Dario, Nuzzi Padovana, Frosi Donata and Cammarata Carlo.


**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**


-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al.,: | | Case No. 08-13555 (JPM) |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------x


**<u>OBJECTION TO CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER</u>**

**<u>BETWEEN THE EXAMINER AND BARCLAYS CAPITAL INC.</u>**


TO THE HONORABLE JAMES M. PECK

UNITED STATES BANKRUPTCY JUDGE:


Valelli Corrado and Maschio Carmela, Valelli Osvaldo, Stefano Poli, Martino Paola, De Risi Maurizio, Chiappetta Nicola, Chiappetta Giuseppe and Manna Loredana, Chiappetta Enrico, Pauciulo Giuseppe,

Belvedere Raffaele, Del Tufo Gianpiero, Calcagno Edoardo, Stefanelli Paola, Cincotti Dario, Nuzzi Padovana, Frosi Donata and Cammarata Carlo (hereinafter collectively referred to as the "Creditors") - claiming credits under bonds issued or guaranteed by the Debtors, as per the registered relevant proofs of claim - by and through their undersigned attorneys, hereby submit this objection the ("Objection") to the Confidentiality Stipulation and Protective Order (the "Stipulation") [Docket No. 3464] between Anton R. Valukas, Esq., in his capacity as the examiner in these cases (the "Examiner"), and Barclays Capital Inc. ("BarCap"), and respectfully state as follows:

1. The effect of the terms of the Stipulation will be detrimental and prejudicial to the Creditors. Specifically, it is problematic the BarCap's ability to designate - *inter alia* - as "Highly Confidential" the following information: i) "information that identifies specific securities, loans, instruments or other property of or formerly of the Debtors that is currently held, maintained or possessed by Barclays or that are listed in schedules of assets that Barclays considered acquiring or acquired (including, without limitation, Schedules A and B to the September 20, 2008 Clarification Letter between Barclays, Lehman Brothers Holdings Inc., Lehman Brothers Inc. and LB 745 LLC, Annex A to the December 5, 2008 Settlement Agreement among JPMorgan Chase, N.A., Barclays, and the SIPA Trustee, and Exhibit C to the February 11, 2009 Settlement Agreement among Barclays, SIPA Trustee, the Depository Trust & Clearing Corporation (on behalf of itself and certain subsidiaries)); and ii) "information concerning employee and executive compensation".

   Furthermore, it is problematic the BarCap's ability to designate – *inter alia* - as "Confidential" the following information: i) "non-public information concerning the negotiation and documentation of any sale of all or a portion of Debtors' businesses or assets to Barclays"; and ii) "non-public information concerning the Replacement Transaction, as that term is defined in the December 5, 2008 Settlement Agreement among JPMorgan Chase, N.A., Barclays, and the SIPA Trustee".

   BarCap's designation of this information as "Highly Confidential" and "Confidential" has the effect of (i) preventing the Examiner from possibly sharing such information with the Creditors; (ii) precluding the Creditors from reviewing the results of any examination or investigation the Examiner may conduct where such information may be used; (iii) prohibiting the Examiner from filing such information or documents containing such information with the Bankruptcy Court, except under seal; iv) violating the Creditors' elementary rights to defense; v) violating the transparency as well as the good and sound progress of the proceeding in place; and vi) violating the *par conditio creditorum*.

2. Since BarCap is a private entity, the Stipulation is not justified and it is not clear what is the superior public interest such Stipulation intends to pursue.

3. Because the information in question goes to the heart of many of the potential issues relating to the relationship between the Debtors and BarCap, the Creditors' inability to access this information will be prejudicial to the Creditors right to the proper information and defense.

WHEREFORE, the Creditors respectfully request:

a) That the Court deny approval of the Stipulation.

b) Since the Creditors are supposed to attend the meeting of creditors on July 8, 2009, they also request the postponement of the objections hearing date (May 13, 2009) – that is relevant to the Stipulation - to the already scheduled hearing date of July 15, 2009.

Dated: May 5, 2009

Rome, Italy

**Studio Giuridico Economico (SGE)**

By:/s/ *Angelo D'Alessandro*

*Raffaele Romano*

_____

Via Anfiteatro Laterizio, 290

80035 Nola (Naples), Italy

Telephone: +39 081 5125540

Facsimile: +39 081 5129143

e-mail: r.romano62@tiscali.it