WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Edward Soto
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>     Debtor. | Chapter 11 Case No.<br>08-13555 (JMP)<br>(Jointly Administered) |
| In re<br><br>LEHMAN COMMERCIAL PAPER INC.,<br><br>     Debtor. | Chapter 11 Case No.<br>08-13900 (JMP) |
| STATE STREET BANK AND TRUST COMPANY,<br><br>     Plaintiff,<br><br>     v.<br><br>LEHMAN COMMERCIAL PAPER INC.,<br><br>     Defendant. | Adv. Proc. No. 08-01743 |

## DECLARATION OF SHAI Y. WAISMAN IN SUPPORT OF
## ORDER TO SHOW CAUSE TO SHORTEN NOTICE PERIOD FOR
## DEBTORS' MOTION PURSUANT TO RULE 9019 OF THE FEDERAL
## RULES OF BANKRUPTCY PROCEDURE FOR APPROVAL OF EXCHANGE
## AGREEMENT WITH STATE STREET BANK AND TRUST COMPANY

      SHAI Y. WAISMAN, being duly sworn, hereby declares pursuant to

section 1746 of title 28 of the United States Code:

1.      I am an attorney admitted to practice before this Court and a partner of Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-Debtor affiliates, "Lehman"). Unless otherwise indicated, I have knowledge of the facts set forth herein from various employees of the Debtors and from the Debtors' professionals.

2.      I am submitting this declaration in support of the Order to Show Cause being contemporaneously submitted to proceed on expedited notice schedule with respect to the Debtors' motion, dated May 15, 2009 (the "Motion"), for approval of an exchange agreement with State Street Bank and Trust Company, pursuant to which LBHI and its affiliated debtors in the above-referenced chapter 11 cases, including LCPI, seek approval to enter into an exchange agreement (the "Exchange Agreement") with State Street Bank and Trust Company ("State Street"), all as more fully described in the Motion.

3.      Pursuant to the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837], the Motion requires at least twenty days' notice. The Debtors are requesting an order to shorten the notice period ordinarily required and setting the date of June 3, 2009 for the hearing on the Motion.

**The Need for Shortened Notice with Respect to the Motion**

4.      Ample cause exists to shorten the notice period ordinarily required for the Motion. As described more fully in the Motion, the Debtors and State Street have

been engaging and are continuing to engage in good faith negotiations to resolve certain

disputes arising from a May 1, 2007 Master Repurchase Agreement (the "Repurchase

Agreement") between LCPI and State Street through the Exchange Agreement.  On

November 19, 2008, State Street initiated an adversary proceeding (the "Adversary

Proceeding") seeking, among other things, a declaratory judgment regarding the

ownership of certain assets governed by the Repurchase Agreement and the income

generated from those assets.  To resolve certain of the disputes raised in the Adversary

Proceeding relating to the Repurchase Agreement, the Debtors and State Street will

exchange certain assets pursuant to the Exchange Agreement.

     5.     The Debtors' believe that the Exchange Agreement will allow the

their estates to immediately realize economic value.  The Exchange Agreement enables

the Debtors will receive interests in four loans that the Debtors have determined provide

economic value to the Debtors' estates and enable the Debtors to protect a more senior

capital position with respect to the property related to each loan by consolidating

ownership of various pieces of the capitalization affecting such property.

     6.     Pursuant to the Exchange Agreement, the Debtors will receive and

State Street will relinquish interests in a $104,742,224 mezzanine loan (the "Carillon

Loan") relating to a residential condominium project commonly known as Canyon Ranch

Living Miami Beach Condominiums, located in Miami Beach, Florida ("Canyon Ranch

Miami Beach"), among other loans.   The Debtors already own a $139 million mortgage

note ahead of the Carillon Loan.  The Debtors plan to restructure the loans relating to the

Canyon Ranch Miami Beach but cannot complete such restructuring until they receive

the Carillon Loan.

7.      In addition, the Debtors will transfer interests in three additional loans to State Street (collectively, the "Transferred Loans") pursuant to the terms of the Exchange Agreement.  The Relinquished Loans have near term funding requirements that that would require the Debtors to expend significant resources of their Estates absent completion of the transfer of such loans and their underlying obligations to State Street. If the Exchange Agreement is not approved by June 3, 2009, the Debtors may be required to expend the limited and valuable resources of their estates to fund the Transferred Loans, only to subsequently relinquish their interests in these loans to State Street.

8.      Moreover, although the Debtors believe LCPI has defenses in the Adversary Proceeding, the results of litigation are far from certain, and such litigation will require the Debtors to expend significant time and resources.   Entry into the Exchange Agreement will allow the Debtors to reduce costs related to the Adversary Proceeding, thereby protecting the valuable resources of the Debtors' estates.

9.      If the Motion is not heard on June 3, 2009, the ability of the Debtors and their estates to realize the full economic benefits of the Exchange Agreement may be jeopardized and, at minimum, unduly delayed.

10.      Accordingly, the Debtors request that the Court enter the Order to Show Cause to proceed to shorten the notice period for the motion by one day, so the motion can be considered on Motion on June 3, 2009 at 10:00 a.m. (Prevailing Eastern Time), with objections and responses if any, to be received by May 28, 2009 at 4:00 p.m. (Prevailing Eastern Time).

Dated:    May 15, 2009
          New York, New York

                                        /s/ Shai Y. Waisman
                                        Shai Y. Waisman

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession