**Hearing Date: June 3, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: May 29, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Attorneys for the Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                                        :
In re                                                                   :    Chapter 11
                                                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,                                  :    Case No. 08-13555 (JMP)
                                                                        :
                                Debtors.                                :    (Jointly Administered)
------------------------------------------------------------------------x

**NOTICE OF HEARING ON SECOND APPLICATION OF THE EXAMINER**
**FOR ORDER AUTHORIZING THE RETENTION OF CERTAIN**
**CONTRACT ATTORNEYS TO PERFORM SPECIFIC DOCUMENT**
**REVIEW TASKS *NUNC PRO TUNC* AS OF MAY 11, 2009**

PLEASE TAKE NOTICE that a Hearing on the attached Second Application of the Examiner for Order Authorizing the Retention of Certain Contract Attorneys to Perform Specific Document Review Tasks *Nunc Pro Tunc* as of May 11, 2009 (the "Application"), all as more fully described in the Application, will be held on **June 3, 2009 at 10:00 a.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that the Hearing will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck ("Chambers"), One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; (v) Jenner & Block LLP, 919 Third Avenue, 37th Floor, New York, New York 10022-3908,

ii

Attn: Patrick J. Trostle, attorneys for the Examiner; and (vi) any person or entity with a particularized interest in the subject matter of the Application; so as to be received no later than **May 29, 2009, at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Application is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 15, 2009
New York, New York

Respectfully submitted,

By: */s/ Patrick J. Trostle*
    Patrick J. Trostle

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Attorneys for the Examiner

**Hearing Date: June 3, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: May 29, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Attorneys for the Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :   Chapter 11
                                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,                         :   Case No. 08-13555 (JMP)
                                                               :
                         Debtors.                              :   (Jointly Administered)
---------------------------------------------------------------x

**SECOND APPLICATION OF THE EXAMINER FOR ORDER AUTHORIZING THE RETENTION OF CERTAIN CONTRACT ATTORNEYS TO PERFORM SPECIFIC DOCUMENT REVIEW TASKS *NUNC PRO TUNC* AS OF MAY 11, 2009**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Anton R. Valukas, the Examiner (the "Examiner") appointed for Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (together with LBHI, collectively, the "Debtors") in the above-captioned bankruptcy cases by the United States Trustee for Region 2, such appointment having been approved by the Court by Order entered January 20, 2009, pursuant to the Court's Order Directing Appointment of an Examiner Pursuant to Section

1104(c)(2) of the Bankruptcy Code, entered January 16, 2009 (the "Examiner Order"), hereby applies to the Court (the "Application") for an order, substantially in the form attached hereto as Exhibit A, authorizing the retention of certain additional contract attorneys to perform specific document review tasks *nunc pro tunc* as of May 11, 2009. In support of this Application, the Examiner respectfully states as follows:

### Jurisdiction, Venue and Statutory Predicates

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory and other predicates for the relief requested herein are sections 105(a), 327, and 1106(b) of Chapter 11, Title 11, United States Code, as amended (the "Bankruptcy Code") and the Examiner Order, which provides, in relevant part, that "[t]he Examiner may retain attorneys and any professional persons, if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under the standards equivalent to those set forth in 11 U.S.C. § 327." Examiner Order at ¶ 6. Accordingly, the relief requested herein is in accordance with the standards set forth in section 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

### Background

1. Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its direct and indirect subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors are

2

authorized to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2.     On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").  On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA (the "SIPA Trustee") is administering LBI's estate.

3.     On January 16, 2009, the Court entered the Examiner Order, directing the appointment of an examiner, pursuant to 11 U.S.C. § 1104(c)(2), to investigate, *inter alia*, various transfers and transactions by the Debtors and their affiliates, claims that certain Debtors may have against LBHI, and the events that immediately preceded the commencement of the LBHI chapter 11 case (collectively, the "Investigation").  Examiner Order at ¶ 2 [Docket No. 2569].  The Examiner Order also directs the examiner to "perform the duties specified in sections 1106(a)(3) and (4) of the Bankruptcy Code, except to the extent the Court orders otherwise."  Id. at ¶ 3.

2.     On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the chapter 11 cases, subject to Court approval, and filed her notice of such appointment. [Docket No. 2570].  On January 20, 2009, the U.S. Trustee filed her application for an Order of this Court approving the appointment of Anton R. Valukas as examiner in the chapter 11 cases. [Docket No. 2571].  On January 20, 2009, this Court entered an order approving the appointment by the U.S. Trustee of Anton R. Valukas as examiner in the chapter 11 cases.  [Docket No. 2583].  On January 23, 2009, the Examiner filed his Application to Employ Jenner & Block LLP

3

as Counsel to the Examiner. [Docket No. 2627]. On February 11, 2009, this Court entered the Order Authorizing the Examiner to Retain and Employ Jenner & Block LLP as his Counsel *nunc pro tunc* as of January 19, 2009. [Docket No. 2803]. On February 25, 2009, this Court entered an order approving the Examiner's retention of Duff & Phelps as his financial advisors, *nunc pro tunc* as of February 6, 2009. [Docket No. 2924].

   3. On April 29, 2009, the Examiner filed his first application to retain certain contract attorneys to perform specific document review tasks *nunc pro tunc* as of April 15, 2009 (the "First Application"). [Docket No. 3457]. No objections to the First Application were filed, and, at a hearing on May 13, 2009, the Court approved the First Application. An order approving the First Application has not yet been entered.

## Relief Requested

   4. The Examiner has determined that he requires additional contract attorneys to perform specific document review tasks in order to proceed with the Investigation as expeditiously as possible. As was the case with respect to the attorneys retained pursuant to the First Application, through the auspices of Strategic Legal Solutions, a placement agency, the Examiner seeks to retain additional contract attorneys as specialists in the area of document review and analysis. In particular, the Examiner desires to use additional contract attorneys to process hundreds of thousands of pages of documents produced by various parties in response to document requests transmitted by the Examiner.

## Retention of Contract Attorneys

   5. As noted in the First Application, the Examiner and his counsel have entered into an agreement with Strategic Legal Solutions, a copy of which is attached hereto as Exhibit B, to provide the Examiner with attorneys on a temporary basis. Pursuant to this agreement, the Examiner and his counsel have reviewed the resumes of a number of additional contract

4

attorneys and have selected seventeen more attorneys (the "Additional Attorneys"). The Examiner believes that the selected Additional Attorneys are well qualified to undertake the document review tasks.

6.  Pursuant to the agreement with Strategic Legal Solutions, the estate will be charged a rate of $43.50 an hour for the Additional Attorneys, which is the actual cost without any mark-up. This amount is the current market rate for contract attorneys and is subject to adjustment by Strategic Legal Solutions from time to time based upon changes in market rates for contract attorneys. Therefore, during the course of the retention, there may be an increase in the rate, which would be passed to the estate at cost.[1] The Examiner believes this amount is commensurate with the skill, experience and scope of the duties of the Additional Attorneys. The Examiner will reflect the charges incurred with respect to the Additional Attorneys on the Jenner & Block fee statements and fee applications that are filed in these cases.

7.  To the best of the Examiner's knowledge, information and belief, the Additional Attorneys do not hold any disqualifying interest adverse to the Debtors' estates in matters upon which they are to be engaged by the Examiner. Attached hereto as Exhibits C-21 through C-37 are affidavits of disinterestedness executed by each of the Additional Attorneys describing and disclosing any connection with persons and entities relevant to this Application (the "Identified Parties").[2] The Examiner does not believe that any of the connections are disqualifying. The list of Identified Parties, attached hereto as Exhibit D, was prepared using various sources, including

---

[1] As of the date of this application, there has been no adjustment to the original contract rate. However, Strategic Legal Solutions has recently advised the Examiner's counsel that the market rate for contract attorneys has recently increased slightly. If there is any increase in the rate for the Additional Attorneys before the hearing on this application, the Examiner's counsel will so advise the Court at the hearing.
[2] Exhibit numbers C-1 through C-20 were used in the Initial Application for the originally retained contract attorneys.

5

publicly available information and the listings of entities identified and described in materials filed by the Debtors and the Creditors' Committee, and includes:

1. the Debtors, their significant nondebtor affiliates, and former affiliates;

2. the Debtors' and affiliates' current and former (up to three years) directors and officers;

3. significant (i.e., greater than five percent) equity holders of the Debtors as of the commencement dates of the chapter 11 cases;

4. the underwriters of the Debtors' securities for all securities issued or outstanding on the commencement dates of the chapter 11 cases or during the three years prior to the commencement dates;

5. accountants employed or retained by the Debtors during the two-year period prior to the commencement dates of the chapter 11 cases;

6. professionals employed by the Debtors;

7. Barclays Capital, Inc.;

8. members of the Ad Hoc or Unofficial Creditors' Committees;

9. current and former members of the Creditors' Committee;

10. professionals retained by significant creditor groups;

11. the Debtors' secured creditors;

12. the Debtors' bank lenders;

13. the Debtors' 50 largest bond holders;

14. the Debtors' 100 largest unsecured creditors other than bondholders;

15. the Debtors' 100 largest holders of trade debt;

16. significant lessors and lessees of the Debtors;

17. the Debtors' utilities;

18. parties to litigation involving the Debtors;

19. major competitors of the Debtors;

6

20. the affiliations of the Debtors' outside directors;

21. certain government and state regulatory agencies; and

22. other potential parties-in-interest.[3]

8. This Application includes citations to the applicable authorities and does not raise any novel issues of law. The Examiner reserves the right to file a brief in reply to any objection to this Application.

### Notice

9. No trustee has been appointed in these chapter 11 cases. The Examiner has served notice of this Application in accordance with the procedures set forth in the amended order entered on February 13, 2009, governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the Court; (ii) counsel for the Debtors; (iii) the U.S. Trustee; (iv) counsel for the Creditors' Committee; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the United States Attorney for the Southern District of New York; and (viii) all parties who have requested notice in these chapter 11 cases. In light of the nature of the relief requested, the Examiner submits that no other or further notice need be provided.

---

[3] The identification and classification herein of various entities or individuals as falling within certain categories (e.g., "secured creditors") is not intended and should not be deemed to be an admission of the legal rights or status of any particular individual or entity.

7

WHEREFORE the Examiner respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: May 15, 2009
New York, New York

Respectfully submitted,

By: */s/ Patrick J. Trostle*
    Patrick J. Trostle

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Attorneys for the Examiner