UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER BETWEEN**
**THE EXAMINER AND BARCLAYS CAPITAL INC. CONCERNING DATA ACCESS**

This Stipulation and Agreed Order is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Anton R. Valukas, Esq., in his capacity as Examiner appointed in the Chapter 11 Cases of Lehman Brothers Holdings, Inc. and its affiliated debtors and debtors-in-possession (the "Debtors") in the Chapter 11 Cases, and (b) Barclays Capital Inc. ("BarCap").

WHEREAS, commencing on September 15, 2008, the Debtors commenced voluntary cases under Chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on January 16, 2009, the Bankruptcy Court entered an Order Directing the Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code (the "Examiner Order"), and the Examiner Order, inter alia, ordered (i) the United States Trustee for the Southern District of New York (the "U.S. Trustee") to appoint an examiner (the "Examiner"), and (ii) the Examiner to conduct an investigation into certain specified matters and

to perform the duties set forth in sections 1106(a)(3) and (4) of the Bankruptcy Code (collectively, and as may be amended and/or supplemented by a Bankruptcy Court order, the "Examiner Investigation");

WHEREAS, on January 19, 2009, pursuant to the Examiner Order, the U.S. Trustee appointed Anton R. Valukas as Examiner and the Bankruptcy Court approved the appointment by Order dated January 20, 2009;

WHEREAS, the Examiner requires access to certain systems (the "Systems") and information in the possession of BarCap in order to undertake the Examiner's investigation;

WHEREAS, some of the Systems may include data that does not relate to the Debtors ("Possible Non-Debtors Data");

WHEREAS, given the limitations of the design and architecture of the Systems, the time constraints on the Examiner's investigation and recognizing that it may be impracticable to implement technological limitations preventing the Examiner from having access to Possible Non-Debtors Data, the parties are entering into this Stipulation and Agreed Order in order to facilitate timely and effective access to the Systems required by the Examiner, to accommodate BarCap's legal, regulatory, operational and technical concerns regarding potential access by the Examiner to Possible Non-Debtors Data, and to mitigate against any legal, regulatory or operational risk in providing such access; and

WHEREAS, the Examiner is acting as an officer of the Court pursuant to an Order of the Court solely to effect the instructions contained in that Order and does not represent or act on behalf of any party in interest;

IT IS AGREED:

2

1. The term "Examiner" includes any consultant, agent, advisor or other representative of the Examiner and the Examiner shall be responsible for their compliance with the terms of this Stipulation and Agreed Order.

2. Any System that contains both data relating to Debtors and Possible Non-Debtors Data is referred to below as a "Mixed System."

3. The parties agree that promptly following execution of this Stipulation and Agreed Order, the Examiner will, upon notice to all interested parties (including parties whose data may be contained in or on the Mixed Systems), seek entry by the Bankruptcy Court of this Stipulation and Agreed Order, approving the obligations contemplated herein.

4. Promptly after the execution and Bankruptcy Court approval of this Stipulation and Agreed Order, BarCap shall use diligent efforts to grant the Examiner access to the Systems listed on a letter agreement between the Examiner and BarCap (taking into account, among other things, the needs of all the users of the Systems), upon the terms set forth herein. If, notwithstanding such efforts, there is a delay in granting the Examiner access to any of the Systems listed on the letter agreement, then, pending such access if requested by the Examiner, the parties will co-operate in good faith to attempt to promptly find and implement an alternative solution mutually acceptable to both parties. To the extent that BarCap provides the Examiner with access to any Mixed System, such access is provided for the sole purpose of enabling the Examiner to access and use data that the Examiner must review in order to fulfill his duties. Additional Systems may be added to the letter agreement from time to time upon the mutual agreement of BarCap and the Examiner, and access to them shall be provided promptly thereafter, upon the terms set forth herein.

5. BarCap recognizes that the Examiner needs access to certain data and the Examiner recognizes that, in certain instances, BarCap has regulatory, legal, operational or technical concerns regarding potential access by the Examiner to certain Systems, in light of the capabilities of such Systems and Possible Non-Debtors Data in or on the Mixed Systems. Accordingly, the Examiner's access to certain Systems pursuant to this Stipulation and Agreed Order may need to be restricted in some way such as by limitation to users with certain skills, segregating the System by entity or providing access in read only form. The letter agreement sets forth, for each System listed thereon, the currently applicable restriction(s) on access for such System, if any. With respect to any Systems added to the letter agreement after the date of such letter agreement, or if further restrictions need to be put in place for a System that is part of the letter agreement in order to address any regulatory, legal, operational or technical concerns, BarCap will use commercially reasonable efforts to provide the Examiner with access to such Systems (subject, in the case of Systems added to the letter agreement, to reasonably comparable, limited restrictions), provided that (i) when and if requested by either party, the parties will discuss such restrictions and co-operate in good faith to promptly find and implement alternative solutions mutually acceptable to both parties and (ii) before implementing any further restrictions for a System on the letter agreement, BarCap will give reasonable advance notice to, and consult with, the Examiner (to the extent not prohibited by applicable law). With respect to any restrictions now or hereafter set forth regarding the Systems listed on the letter agreement, when and if requested by the Examiner, the parties will also discuss in good faith whether such restrictions could be modified or eliminated. However, nothing in this paragraph shall limit the Examiner's rights or any defenses or objections that BarCap may have the right to assert, in either party's case, outside the scope of this Stipulation and Agreed Order.

6. The Examiner shall use any Systems data solely as necessary in order to fulfill his duties and shall not disclose any Possible Non-Debtors Data except as authorized by a further Bankruptcy Court Order. Subject to the foregoing sentence, information provided to the Examiner pursuant to this Stipulation and Agreed Order shall be governed by the Confidentiality Stipulation and Protective Order Between the Examiner and BarCap, dated April 29, 2009, including, without limitation, information that constitutes "Highly Confidential" or "Confidential" information, without any further designation by BarCap.

7. To the extent that implementation of this Stipulation and Agreed Order imposes on BarCap incremental costs that BarCap reasonably believes should be reimbursed, BarCap reserves the right to seek reimbursement and the Examiner reserves the right to reject any such request. The parties reserve the right to seek relief from the Bankruptcy Court if they cannot resolve any dispute that may arise concerning reasonable cost reimbursement.

8. This Stipulation and Agreed Order shall in all respects be governed by, and construed in accordance with, the laws of the State of New York, without reference to any conflict of law principles that would require the application of the law or another jurisdiction, except to the extent that the laws of the State of New York are superseded by the U.S. Bankruptcy Code.

9. The parties hereto acknowledge, and this Stipulation and Agreed Order confirms, that the Examiner is acting pursuant to a Court Order and that the terms of this Stipulation and Agreed Order are not relevant to any party that has sought or may in the future seek access to the Systems data referenced in this Stipulation and Agreed Order.

Dated: April 30, 2009
       New York, New York

By: */s/ Jack G. Stern*
   Jonathan D. Schiller
   Jack G. Stern

   BOIES, SCHILLER & FLEXNER LLP
   575 Lexington Avenue
   New York, NY 10022
   (212) 446-2300

By: */s/ Lindsee P. Granfield*
   Lindsee P. Granfield

   CLEARY GOTTLIEB STEEN
     & HAMILTON LLP
   One Liberty Plaza
   New York, NY 10006
   (212) 225-2000

   Attorneys for Barclays Capital, Inc.

By: */s/ Robert L. Byman*
   Robert L. Byman
   Patrick J. Trostle

   JENNER & BLOCK LLP
   330 North Wabash Avenue
   Suite 4000
   Chicago, IL 60611
   (312) 923-2679

   919 Third Avenue
   37th Floor
   New York, New York 10022
   (212) 891-1600

   Attorneys for Anton R. Valukas, Esq.,
   Examiner

**SO ORDERED**: this 19th day of May 2009

  *s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE