David M. Grimes, Esq.
John L. Scott, Esq.
Rizwan A. Qureshi, Esq.
**REED SMITH LLP**
599 Lexington Avenue
New York, NY 10022
Tel: 212-521-5400
Fax: 212-521-5450

*Counsel to Yarpa Investmenti S.G.R. S.p.A. – RP3 Fund*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    Case No. 08-13555 (JMP)
                                                               :    (Jointly Administered)
                                            Debtors.           :
                                                               :    Refers to Dkt. Nos. 1541
---------------------------------------------------------------x

### AFFIDAVIT OF FILIPPO NISHINO IN SUPPORT OF OBJECTION OF YARPA INVESTMENTI S.G.R. S.p.A. – RP3 TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE APPROVING THE ASSUMPTION OR REJECTION OF OPEN TRADE CONFIRMATIONS

FILIPPO NISHINO being duly sworn, deposes and says:

1. I am an employee of RP3 Prosperity S.p.A., advisor of Yarpa Investmenti S.G.R. S.p.A. – RP3 Fund ("Yarpa") and submit this Affidavit in Support of Yarpa's Objection to Debtors' Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations (the "Objection").

2. My daily responsibilities at RP3 Prosperity S.p.A. include the collection of documents required to settle RP3 Fund's trades in support of Yarpa.

3. On or about March 4, 2008, Yarpa, as buyer, and Lehman Commercial Paper Inc. ("LCPI" or "Debtor"), as seller, entered into a purported trade (the "Yarpa Trade"). The Yarpa

Trade was confirmed by a Loan Market Association ("LMA") Trade Confirmation, dated March 12, 2008 (the "Confirmation," a copy of which is annexed hereto as Exhibit "A").

4.  I was the person principally responsible for communicating with LCPI and the Agent[1] on Yarpa's behalf regarding the Yarpa Trade.

5.  On April 8, 2008, approximately one month after the trade date, I received an email from the Agent indicating that the Agent required certain Know Your Customer ("KYC") documentation from Yarpa before it could consent to, and establish a Settlement Date for, the Yarpa Trade.

6.  Upon receiving the April 8th email, I collected all of the relevant KYC documentation and sent it to the Agent on April 11, 2008. I subsequently sent the KYC documentation to the Agent again on April 16, 2008 and on April 24, 2008.

7.  On May 19, 2008, after the Agent stated that it had not yet received the documents, I again sent the relevant KYC documentation.

8.  On or about June 11, 2008, the Agent informed me and LCPI that, although I had sent the KYC documentation on four previous occasions, it still had not yet received the documents. In response, I sent the Agent an email after two business days in which I identified for the Agent the dates on which I had emailed the KYC documentation and asked the Agent to check his email system for the required information.

9.  LCPI also separately forwarded the same KYC documents to the Agent on May 16 and on May 20, 2008.

10. LCPI, and specifically Emeka Ilomechina, who was copied on all correspondence with the Agent, was aware that I sent the relevant KYC documentation to the Agent and had

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

even informed the Agent as such. In addition, Mr. Ilomechina stated in response to my June 16th email that he "also forwarded" the KYC documents provided by Yarpa to the Agent.

11. I did not receive any email communication from the Agent following my email on June 16th identifying the days on which I sent the relevant KYC documentation.

12. On the same day Yarpa and LCPI entered into the Yarpa Trade, Yarpa, as buyer, and LCPI, as seller, also entered into a separate trade which was confirmed by the Avio Mezzanine Trade Confirmation (the "Yarpa Avio Trade").

13. The Yarpa Avio Trade similarly required that Yarpa provide KYC documentation to a facility agent in order to settle the trade.

14. Similar to the Agent in the Yarpa Trade, LCPI was the facility agent in the Yarpa Avio Trade, and in that capacity was in possession of the relevant KYC documents that were necessary to execute the Yarpa Trade.

15. On or about June 25, 2008, Yarpa notified LCPI that unless a Transfer Certificate was delivered to Yarpa, and the Yarpa Trade settled, by no later than seven (7) Business Days after June 25, 2008, the Yarpa Trade would be terminated (the "Demand Letter," a copy of which is attached hereto as Exhibit "B").

16. On July 21, 2008, long after seven Business Days had passed, Yarpa notified LCPI that because Yarpa had not received a Transfer Certificate and the Yarpa Trade had not settled within the required timeframe, the Yarpa Trade had terminated (the "Termination Letter," a copy which is attached hereto as Exhibit "C").

17. Accordingly, by the time the Debtor filed for bankruptcy in September 2008, the Yarpa Trade had been terminated for nearly two months.

*Filippo Nishino* (signature)

Filippo Nishino

| | |
|---|---|
| I, the undersigned Paola Casali, Notary public in Milan, enrolled with the *Collegio Notarile* of Milan, | Io sottoscritta Dott.ssa Paola Casali, Notaio in Milano, iscritta presso il Collegio Notarile di Milano, |
| hereby certify | attesto |
| that the declaring Mr: | che il dichiarante Signor: |
| - FILIPPO NISHINO, born in Campinas (Brasil) on 28th february 1980, residing in Garbagnate Milanese (Milano - Italy), Via Pietro Gobetti, 43/4, Whose personal identity I, the Notary, am certain, being aware of the criminal responsibility in which she may incur in the event of false declarations, rendered and executed before me the above mentioned declaration drafted in English, language that I understand. | - FILIPPO NISHINO', nato a Campinas (Brasile) il 28 febbraio 1980, residente in Garbagnate Milanese (Milano - Italia), Via Pietro Gobetti, 43/4, della cui identità personale io Notaio sono certo, consapevole della responsabilità penale cui può andare incontro in caso di dichiarazioni mendaci, ha reso e sottoscritto in mia presenza la suestesa dichiarazione redatta in lingua inglese, lingua a me nota. |
| This deed has been drafted in two languages, Italian and English, and both texts conform to one other. | Il presente atto è steso in duplice lingua, italiana e inglese, e i due testi sono tra loro conformi. |



| Milan, 22nd May 2009 (two thousand and nine). | Milano, 22 maggio 2009 (duemilanove). |

*[signature]*
Notary Public

**DOTT. PAOLA CASALI**
NOTAIO
Corso Italia, 8 - 20122 MILANO
Tel. 02.888.365.1 - Fax 02.7200.2438