Hearing Date and Time: June 24, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: June 19, 2009 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
: 
**Debtors.** : **(Jointly Administered)**
: 
: 
---------------------------------------------------------------x

**NOTICE OF MOTION OF DEBTORS SEEKING ENTRY OF
AN ORDER PURSUANT TO SECTION 1112(b) OF THE BANKRUPTCY
CODE DISMISSING CHAPTER 11 CASE OF PAMI STATLER ARMS LLC**

PLEASE TAKE NOTICE that a hearing on the annexed Motion of PAMI Statler Arms LLC ("PAMI Statler"), pursuant to section 1112(b) of title 11 of the United States Code, seeking entry of an order dismissing its chapter 11 case, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **June 24, 2009 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York,

NY2:\1965190\07\164CM07!.DOC\58399.0003

shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Jacqueline Marcus, Esq. and John W. Lucas, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York,  33 Whitehall Street, 21st Floor, New York, New York 10004 Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **June 19, 2009 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 26, 2009
     New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: June 24, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: June 19, 2009 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorney for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                :
In re                                           :   Chapter 11 Case No.
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :   08-13555 (JMP)
                                                :
                Debtors.                        :   (Jointly Administered)
                                                :
                                                :
------------------------------------------------------------------x

### MOTION OF DEBTORS SEEKING ENTRY OF AN ORDER PURSUANT TO SECTION 1112(b) OF THE BANKRUPTCY CODE DISMISSING CHAPTER 11 CASE OF PAMI STATLER ARMS LLC

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

PAMI Statler Arms LLC ("PAMI Statler") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this Motion and respectfully represent:

### Background

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code").  On September 23, 2008, PAMI Statler commenced its chapter 11 case.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

### Lehman's Business

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

6. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### Jurisdiction

7.  This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Relief Requested

8.  Pursuant to section 1112(b) of the Bankruptcy Code, PAMI Statler requests entry of an order dismissing its chapter 11 case, Case No. 08-13664, because dismissal is in the best interests of PAMI Statler and its creditors as well as the other Debtors.

### PAMI Statler's Business and the
### Events Leading to the Commencement of its Case

9.  PAMI Statler is a fourth tier, indirect subsidiary of LBHI that owns and operates an apartment building located at 1127 Euclid Avenue, Cleveland, Ohio (the "Apartment Building"). Prior to PAMI Statler's acquisition of the Apartment Building, the former owner, Statler Arms, Inc., financed the purchase of the Apartment Building with a loan (the "Loan") and secured its repayment obligations by an open-end mortgage (the "Mortgage") in favor of Great Lakes Financial Group, Limited Partnership ("Great Lakes"). In May of 2005, Great Lakes assigned its interest in the Loan and Mortgage to the Secretary of Housing and Urban Development ("SHUD"). PAMI Midatlantic LLC ("PAMI Midatlantic")[1] purchased the Loan and Mortgage from SHUD in December of 2005. Subsequently, Statler Arms, Inc. defaulted under the Loan and in April of 2006 agreed to transfer all of its rights, title, and interest in the

---

[1] PAMI Midatlantic is a non-Debtor affiliate of PAMI Statler and an indirect subsidiary of LBHI.

Apartment Building to PAMI Statler by warranty deed in lieu of foreclosure. PAMI Statler was formed by Lehman for the specific purpose of acquiring the Apartment Building.

10. PAMI Statler's decision to file a chapter 11 petition was premised, in part, on preventing the termination of a valuable license agreement (the "License Agreement") that entitled PAMI Statler's tenants to park their vehicles in an adjacent parking garage in exchange for a monthly fee. Prior to the Commencement Date, PAMI Statler commenced an action in Ohio state court entitled *PAMI Statler Arms LLC v. Statler Arms Garage, LLC*, Case NO. CV 06 598610 (the "State Court Action") to enforce the terms of the License Agreement. The State Court Action was stayed as result of PAMI Statler's chapter 11 case and was subsequently removed to the United States District Court for the Northern District of Ohio (the "District Court"). Due in large measure to the commencement of PAMI Statler's chapter 11 case, the State Court Action was settled within days of the Commencement Date. During the following months, the parties memorialized their settlement, which was approved by this Court by Order dated December 18, 2008 [Docket No. 2307].

11. Prior to the commencement of its chapter 11 case, PAMI Statler was also involved in a dispute with First Midwest Properties, LLC ("First Midwest") relating to the proposed transaction for the sale of the Apartment Building. When the sale did not close, First Midwest disputed PAMI Statler's right to retain the deposit as liquidated damages. Subsequent to the Commencement Date, PAMI Statler and First Midwest resolved this dispute by stipulation, which the Court approved on February 24, 2009 [Docket No. 2916].

12. As a result of the settlement of these disputes, PAMI Statler believes there is little, if any, benefit to be derived by remaining in chapter 11. Because the State Court Action was resolved, PAMI Statler's operation of the Apartment Building is no longer at risk and its

resources will be better served by maintaining the Apartment Building and exploring options to improve or sell the property, without the administrative costs attendant to the bankruptcy process. For the reasons discussed herein, PAMI Statler seeks an order dismissing its chapter 11 case.

**Relief Pursuant to Section 1112(b)**

13. Section 1112(b)(1) of the Bankruptcy Code provides, in relevant part, as follows:

> [O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1). Section 1112(b)(4) of the Bankruptcy Code sets forth a list of sixteen (16) non-exclusive factors that may constitute cause to dismiss a chapter 11 case. *C-TC 9th Avenue P'ship v. Norton Co.* (*In re C-TC 9th Avenue P'ship*), 113 F.3d 1304, 1311 (2d Cir. 1997).

14. Courts may use their equitable powers to consider each individual case, and courts consider the totality of the circumstances. *See*, e.g., *In re Yukos Oil Co.*, 321 B.R. 396, 400 (Bankr. S.D. Tex. 2005) (dismissing case for cause, "using a 'totality of circumstances' approach, which applies to all Chapter 11 cases"); *In re Fraternal Composite Servs., Inc.*, 315 B.R. 247, 249 (Bankr. N.D.N.Y. 2003) (bankruptcy court may dismiss a case "for cause" under a totality of the circumstances standard); *In re Syndicom Corp.*, 268 B.R. 26, 31 (Bankr. S.D.N.Y. 2001) (decisions regarding whether cause exists for dismissal are evaluated under a totality of the

circumstances). Thus, a court may consider other factors as they arise and use its discretion to dismiss the case if the facts and circumstances of the case justify such relief.

15. The totality of circumstances relating to the chapter 11 case of PAMI Statler support dismissal. As discussed above, the primary purpose of PAMI Statler's chapter 11 case was to stay litigation which, if unsuccessful, would have resulted in the loss of the License Agreement and a corresponding diminution in the value of PAMI Statler's primary asset, the Apartment Building. The loss of the License Agreement would have hindered PAMI Statler's ability to retain current tenants and attract new tenants. Rather than take that risk, PAMI Statler determined that a chapter 11 filing, and the resultant protection provided by the automatic stay, were necessary in order to facilitate resolution of the State Court Action and the dispute with First Midwest.

16. Due in large part to the breathing room provided by the automatic stay and the intervention of District Court, PAMI Statler was able to achieve a quick and favorable settlement regarding the License Agreement, thereby removing the primary obstacle that threatened the operation of its business. The settlement with First Midwest also modestly improved PAMI Statler's financial condition and helped to provide a more stable future by resolving the remaining prepetition dispute.

17. Since the Commencement Date, PAMI Statler has been satisfying all of its expenses in the ordinary course of business. In May of 2006, PAMI Statler and PAMI Midatlantic entered into a forbearance agreement (the "Forbearance Agreement") under which PAMI Midatlantic agreed to forbear from exercising its rights under the Loan and Mortgage provided that PAMI Statler paid PAMI Midatlantic all net income generated by the operation of the Apartment Building. The Forbearance Agreement expired by its terms on October 1, 2008.

Since that time, PAMI Statler and PAMI Midatlantic have continued to perform in accordance with the terms of the Forbearance Agreement and since the commencement of its chapter 11 case, PAMI Statler has paid approximately $375,000 to PAMI Midatlantic on account of the Loan.[2]

19. PAMI Midatlantic has agreed to continue this arrangement by entering into a new forbearance agreement on terms substantially similar to those under the Forbearance Agreement if the Court determines that dismissal is warranted. With PAMI Midatlantic's continued support, PAMI Statler will continue to have the ability to satisfy its obligations as they come due.

19. Other than the obligations under the Loan, PAMI Statler generally paid its expenses on a monthly basis. As of the Commencement Date, the prepetition trade claims against PAMI Statler were approximately $244,000 and the prepetition claims relating to legal fees and expenses of PAMI Statler's local counsel were approximately $442,000. After the commencement of its case, PAMI Statler's property manager mistakenly paid these amounts based on the expectation that the chapter 11 case would be dismissed given the immediate settlement of the State Court Action. A list setting forth the prepetition trade claims that were paid is annexed hereto as <u>Exhibit A</u>. Most of such payments set forth on <u>Exhibit A</u> were made to trade vendors and the vast majority of them were in the $500 to $1,500 range. A list setting forth the prepetition legal fee claims that were paid is annexed hereto as <u>Exhibit B</u>.

20. As the Supreme Court recognized in *Bank of America Nat'l Trust & Sav. Ass'n v. 203 North LaSallle Street P'ship*, 526 U.S. 434 453 (1999), chapter 11 is built around

---

[2] Although, this is a prepetition obligation, PAMI Statler mistakenly made the payments to PAMI Midatlantic because it believed that the chapter 11 case would be dismissed.

the "two recognized policies [of] preserving going concerns and maximizing property available to satisfy creditors." If these policies have been fulfilled and there is no other purpose to continue the chapter 11 case, then dismissal is warranted. *In re Gonic Realty Trust*, 909 F.2d 624, 627 (1st Cir. 1990) (dismissing a case after all creditors had been paid pursuant to a plan and the only unresolved issue was being litigated in separate state court action).

21. Similar to *Gonic Realty*, PAMI Statler has no claims to reorganize or any unresolved disputed, contingent claims. In this context, dismissal does not prejudice creditors because there are no unpaid claims and PAMI Statler has the wherewithal to pay its obligations as they come due. In addition, maintaining a chapter 11 case is an expensive endeavor. If PAMI Statler's case continues, PAMI Statler will be forced to expend time and money to administer its chapter 11 case in accordance with the requirements of the Bankruptcy Code and coordinate these efforts with the Debtors' more complex cases. Those resources would be better served operating the Apartment Building, ensuring that PAMI Statler's current tenants remain satisfied with premises, and exploring options to either improve or sell the Apartment Building. In addition, PAMI Statler's chapter 11 case is not intertwined with or necessary for the administration of the Debtors' other chapter 11 cases. As a result, prolonging PAMI Statler's chapter 11 case does not benefit the Debtors and may deplete PAMI Statler's estate to the detriment of its estate and its creditors and, ultimately, to the detriment of LBHI.

22. Therefore, based on the totality of the circumstances and the reasons discussed herein, PAMI Statler requests that the Court use its equitable powers to dismiss PAMI Statler's chapter 11 case.

23. No previous request for the relief sought herein has been made by PAMI Statler or the Debtors to this or any other court.

**Notice**

24.    No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all creditors of PAMI Statler; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  May 26, 2009
        New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**(Prepetition Trade Claims)**

**EXHIBIT A**
**(Trade Claims)**

| Vendor Name | Invoice Date | Claims Paid |
|---|---|---|
| Account Temps | 09/09/08 | $1,087.48 |
| American Hotel | 08/26/08 | $1,585.39 |
| Amsan | 09/04/08 | $1,156.65 |
| Amsan | 09/12/08 | $43.77 |
| Apartments.com | 08/31/08 | $359.00 |
| Arrow Uniform | 07/21/08 | $53.90 |
| Arrow Uniform | 08/18/08 | $71.59 |
| Arrow Uniform | 08/25/08 | $71.59 |
| Arrow Uniform | 09/15/08 | $91.09 |
| AT&T | 08/07/07 | $635.52 |
| AT&T | 08/08/08 | $64.92 |
| AT&T | 08/13/08 | $142.02 |
| AT&T | 08/13/08 | $89.03 |
| AT&T | 08/16/08 | $22.43 |
| AT&T | 09/01/08 | $28.78 |
| AT&T | 09/01/08 | $59.56 |
| AT&T | 09/17/08 | $1,189.96 |
| Best Karpet | 01/09/00 | $371.74 |
| Best Karpet | 08/08/08 | $580.00 |
| Best Karpet | 08/12/08 | $200.00 |
| Best Karpet | 08/13/08 | $721.76 |
| Best Karpet | 08/19/08 | $392.13 |
| Best Karpet | 08/26/08 | $124.51 |
| Best Karpet | 09/10/08 | $105.60 |
| Best Karpet | 09/10/08 | $54.00 |
| Best Karpet | 09/11/08 | $140.08 |
| Blue Technolgies | 09/08/08 | $50.16 |
| Cleveland Key | 09/02/08 | $155.70 |
| CORT | 08/15/08 | $124.38 |
| CORT | 08/15/08 | $53.88 |
| CORT | 08/21/08 | $53.88 |
| CORT | 09/04/08 | $544.09 |
| CORT | 09/04/08 | $568.93 |
| CORT | 09/04/08 | $7,201.88 |
| CPP | 08/31/08 | $64.64 |
| DEMANN | 09/10/08 | $5,850.00 |
| DEMANN | 09/10/08 | $2,250.00 |
| DEMANN | 09/10/08 | $1,250.00 |
| Division of water | 09/02/08 | $152.12 |
| Division of water | 09/22/08 | $2,972.53 |
| Dominion | 09/18/08 | $5,335.65 |
| Fast Signs | 07/16/08 | $496.65 |
| Fast Signs | 09/15/08 | $237.38 |
| For Rent | 08/18/08 | $630.00 |
| For Rent | 09/01/08 | $630.00 |
| HD Supply | 04/20/07 | $2.00 |
| HD Supply | 06/01/07 | $2.00 |
| HD Supply | 07/13/07 | $2.57 |
| HD Supply | 08/09/07 | $21.43 |
| HD Supply | 08/09/07 | $49.93 |
| HD Supply | 08/24/07 | $17.42 |

**EXHIBIT A**
**(Trade Claims)**

| Vendor Name | Invoice Date | Claims Paid |
|---|---|---|
| HD Supply | 10/12/07 | $2.00 |
| HD Supply | 11/23/07 | $2.00 |
| HD Supply | 01/04/08 | $2.00 |
| HD Supply | 02/15/08 | $2.00 |
| HD Supply | 03/28/08 | $2.00 |
| HD Supply | 06/06/08 | $2.00 |
| HD Supply | 07/18/08 | $2.00 |
| HD Supply | 08/11/08 | $17.22 |
| HD Supply | 08/12/08 | $67.24 |
| HD Supply | 08/12/08 | $192.85 |
| HD Supply | 08/21/08 | $49.55 |
| HD Supply | 09/02/08 | $199.63 |
| HD Supply | 09/05/08 | $354.50 |
| HD Supply | 09/05/08 | $65.11 |
| HD Supply | 09/05/08 | $13.81 |
| IGS | 08/19/08 | $13,901.45 |
| Illuminating | 08/19/08 | $40,120.65 |
| Illuminating | 08/21/08 | $61.51 |
| Illustrus | 07/31/08 | $218.16 |
| Illustrus | 08/26/08 | $109.08 |
| Kimco | 08/08/08 | $117.79 |
| Kimco | 08/20/08 | $488.26 |
| Kimco | 08/28/08 | $172.27 |
| Kimco | 09/05/08 | $200.11 |
| Leff | 07/31/08 | $46.63 |
| Leff | 08/07/08 | $126.20 |
| Leff | 08/12/08 | $79.02 |
| Leff | 08/15/08 | $382.52 |
| Leff | 08/28/08 | $330.35 |
| LS Concrete | 08/18/08 | $300.00 |
| Marble Care | 08/18/08 | $12,150.00 |
| Marble Care | 08/18/08 | $3,600.00 |
| Marble Care | 09/10/08 | $520.00 |
| MOVE.Com | 08/05/08 | $124.50 |
| MOVE.Com | 09/04/08 | $122.25 |
| NEORSD | 09/03/08 | $644.40 |
| NorthEast | 07/31/08 | $1,544.25 |
| NorthEast | 09/15/08 | $1,544.25 |
| OTIS | 07/23/08 | $236.13 |
| OTIS | 08/20/08 | $699.90 |
| Plain Dealer | 07/13/08 | $779.00 |
| Plain Dealer | 07/31/08 | $779.00 |
| Plant Masters | 08/01/08 | $256.45 |
| Plant Masters | 08/12/08 | $161.63 |
| Plant Masters | 09/01/08 | $418.07 |
| Powers friedman | 07/31/08 | $332.00 |
| Powers friedman | 08/31/08 | $15.00 |
| Precision Compact | 08/20/08 | $1,179.86 |
| Reddy Equipment | 08/25/08 | $159.75 |
| Rentokil | 08/22/08 | $79.72 |
| Rentokil | 08/22/08 | $942.82 |

**EXHIBIT A**
**(Trade Claims)**

| Vendor Name | Invoice Date | Claims Paid |
|---|---|---|
| Rentokil | 08/25/08 | $640.04 |
| Rentokil | 09/01/08 | $79.72 |
| Republic | 07/22/08 | $947.86 |
| Republic | 07/22/08 | $272.70 |
| Republic Waste | 08/15/08 | $631.90 |
| Republic Waste | 08/15/08 | $308.58 |
| Republic Waste | 09/15/08 | $814.99 |
| Republic Waste | 09/15/08 | $362.53 |
| Resident data | 07/31/08 | $500.00 |
| Resident data | 08/31/08 | $510.00 |
| RMC | 08/12/08 | $1,254.46 |
| RMC | 09/11/08 | $2,086.51 |
| Sherwin Williams | 09/04/08 | $176.98 |
| Sherwin Williams | 09/08/08 | $107.47 |
| Steingass | 08/01/32 | $919.50 |
| Steingass | 07/22/08 | $194.30 |
| Steingass | 07/31/08 | $185.00 |
| Steingass | 07/31/08 | $214.20 |
| Steingass | 07/31/08 | $334.83 |
| Steingass | 07/31/08 | $615.90 |
| Steingass | 08/14/08 | $370.30 |
| Steingass | 08/14/08 | $849.50 |
| Steingass | 08/22/08 | $1,076.50 |
| Steingass | 08/25/08 | $118.50 |
| Steingass | 08/30/08 | $168.00 |
| Steingass | 09/02/08 | $202.50 |
| Steingass | 09/02/08 | $310.50 |
| Steingass | 09/03/08 | $189.30 |
| Steingass | 09/05/08 | $166.50 |
| Steingass | 09/11/08 | $2,122.22 |
| Steingass | 09/19/08 | $68,127.00 |
| Steingass | 09/17/08 | $207.50 |
| Sutton | 05/29/08 | $26.49 |
| Sutton | 07/31/08 | $10.30 |
| Sutton | 08/14/08 | $26.86 |
| Sutton | 08/22/08 | $34.25 |
| TD Security | 08/08/08 | $4,499.64 |
| TD Security | 08/25/08 | $4,674.20 |
| TD Security | 09/01/08 | $5,243.12 |
| TD Security | 09/11/08 | $5,378.88 |
| TimeWarner | 08/01/08 | $6.00 |
| TimeWarner | 08/01/08 | $6.00 |
| TimeWarner | 08/01/08 | $8.06 |
| TimeWarner | 08/01/08 | $11.55 |
| TimeWarner | 08/01/08 | $21.92 |
| TimeWarner | 08/01/08 | $29.95 |
| TimeWarner | 08/01/08 | $47.31 |
| TimeWarner | 08/01/08 | $68.25 |
| TimeWarner | 08/01/08 | $120.33 |
| TimeWarner | 08/08/08 | $15.92 |
| TimeWarner | 08/16/08 | $528.50 |

**EXHIBIT A**
**(Trade Claims)**

| Vendor Name | Invoice Date | Claims Paid |
|---|---|---|
| TimeWarner | 08/19/08 | $75.37 |
| TimeWarner | 09/01/08 | $62.99 |
| TimeWarner | 09/01/08 | $23.10 |
| TimeWarner | 09/01/08 | $31.84 |
| TimeWarner | 09/01/08 | $85.86 |
| TimeWarner | 09/01/08 | $62.90 |
| TimeWarner | 09/01/08 | $59.90 |
| TimeWarner | 09/01/08 | $225.98 |
| TimeWarner | 09/01/08 | $40.61 |
| TimeWarner | 09/01/08 | $136.50 |
| TimeWarner | 09/01/08 | $65.34 |
| TimeWarner | 09/01/08 | $1,022.22 |
| TimeWarner | 09/01/08 | $75.37 |
| Wagner Sign | 08/05/08 | $372.03 |
| Wagner Sign | 08/11/08 | $340.36 |
| WCCV | 08/18/08 | $1,263.91 |
| WCCV | 09/01/08 | $8,996.47 |
| WCCV | 09/01/08 | $1,744.74 |
| WCCV | 09/01/08 | $1,593.62 |
| **Total:** | | **$244,179.04** |

# **EXHIBIT B**

**(Prepetition Legal Fee Claims)**

## **EXHIBIT B**

| Party | Amount of Claim | Invoice Date |
|---|---|---|
| Benesch, Friedlander, Coplan & Aronoff LLP | $149,847.23 | 10/10/08 (paid 11/26/08 by Midland Loan Services, Inc., ck. # 18570) |
| Benesch, Friedlander, Coplan & Aronoff LLP | $39,373.34 | 9/12/08 (paid 11/14/08 by Midland Loan Services, Inc., ck. # 17647) |
| Benesch, Friedlander, Coplan & Aronoff LLP | $21,932.06 | (paid 1/15/09 by Midland Loan Services, Inc., ck # 22161) |
| **Total: $203,443.88** | | |
| Miller, Canfield, Paddock And Stone, P.L.C. | $323.45 | 10/8/08 (paid 11/14/08 by Midland Loan Services, Inc., ck. # 17701 - $567.61) |
| Miller, Canfield, Paddock And Stone, P.L.C. | $244.16 | 9/17/09 (paid 9/26/08 by Midland Loan Services, Inc., ck. # 13918 - $3,075.96) |
| Miller, Canfield, Paddock And Stone, P.L.C. | $ 1,767.00 | 8/27/09 (paid 9/26/08 by Midland Loan Services, Inc., ck. # 13918 - $3,075.96) |
| **Total: $2,272.61** | | |
| Herrick, Feinstein LLP | $2,101.14 | 7/24/08 (paid 9/29/08 by Midland Loan Services, Inc., ck. # 13941) |
| Herrick, Feinstein LLP | $50,716.00 | 8/15/08 (paid 9/29/08 by Midland Loan Services, Inc., ck. # 13941) |
| Herrick, Feinstein LLP | $71,891.30 | 9/15/08 (paid 9/29/08 by Midland Loan Services, Inc., ck. # 13941) |
| Herrick, Feinstein LLP | $66,010.14 | 10/8/08 (paid 3/27/09 by Property Asset Management Inc., wire transfer) |
| Herrick, Feinstein LLP | $315.00 | 10/8/08 (paid 11/18/08 by Midland Loan Services, Inc., ck. # 17716) |
| Herrick, Feinstein LLP | $59,280.38 | 11/8/08 (paid 3/27/09 by Property Asset Management Inc., wire transfer) |
| **Total: $237,053.96** | | |
| **Grand Total : $442,770.45** | | |