UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
In re                                                          : Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC, et al                            : 08-13555 (JMP)
                                                               :
                    Debtors.                                   : (Jointly Administered)
-------------------------------------------------------------- x

## ORDER APPOINTING FEE COMMITTEE AND APPROVING FEE PROTOCOL

Upon the joint oral motion of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned cases (the "Chapter 11 Cases"), debtors and debtors-in-possession (collectively and together with LBHI, the "Debtors"), and the Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 Cases, as set forth on the record of the hearing before the Court on May 13, 2009 (the "Hearing"), for entry of an order under ll U.S.C. § 331 appointing a fee committee and approving a proposed fee protocol (the "Motion"); and the Court having jurisdiction to consider said Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting CJ); and after consideration of said Motion; and it appearing that good and sufficient cause appears and that it is in the best interests of case administration, it is hereby ORDERED AND ADJUDGED THAT:

1. The Motion is GRANTED for the reasons stated by the Court in its bench ruling during Hearing.

2. A fee committee (the "Fee Committee") is hereby appointed.

3. The fee protocol annexed hereto as Exhibit A (the "Fee Protocol") is approved. The Fee Protocol shall govern the (a) the composition of the Fee Committee; (b)

compensation of certain members of the Fee Committee; (c) purpose of the Fee Committee; and (d) exculpation and indemnification provisions for the members of the Fee Committee in connection with their performance of duties on behalf of the Fee Committee. The Fee Committee is authorized to perform the duties described in the Fee Protocol.

4. The procedures set forth in this Order and the Fee Protocol are supplementary to the procedures and requirements established in this Court's Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures For Interim Monthly Compensation And Reimbursement Of Expenses Of Professionals (Docket No. 3102) (the "Interim Compensation Order"). If a conflict arises between the provisions of the procedures and requirements set forth in this Order or the Fee Protocol and those in the Interim Compensation Order, this Order shall control.

5. The Fee Committee or any member thereof may, upon notice and application, seek modifications to the Fee Protocol and the Interim Compensation Order to assist the Fee Committee in discharging its duties.

6. The provisions of this Order and the Fee Protocol shall apply to professionals retained pursuant to this Court's Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business (Docket No. 1394) (the "OCP Order") to the extent such professional becomes and is subject to the Interim Compensation Order.

7. The Interim Compensation Order is hereby amended to add the Fee Committee as a "Notice Party," as such term is defined in the Interim Compensation Order. All "Monthly Statements," as such term is defined in the Interim Compensation Order, and fee applications shall be served on the Fee Committee through its Chairperson or designee.

8. The Court shall retain jurisdiction to implement and enforce the provisions of this Order.

Dated: New York, New York
May 26, 2009

      *s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

**Fee Protocol**

**Fee Committee**

By order, dated May __, 2009 (the "Fee Committee Order"), the United States Bankruptcy Court for the Southern District of New York (the "Court") appointed a fee committee (the "Fee Committee") and approved this protocol (the "Fee Protocol") in the chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. and its affiliated debtors in possession (the "Debtors"). The Fee Committee is authorized to perform the duties described in this Fee Protocol.

All capitalized terms not defined herein shall have the meanings ascribed to them in the Court's Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures For Interim Monthly Compensation And Reimbursement Of Expenses Of Professionals (Docket No. 3012) (the "Interim Compensation Order").

**Purposes**

The Fee Committee shall have the following purposes:

1. Implementing procedures to effectively monitor the fees of professionals approved (whether pursuant to sections 105, 327, or 363 of the Bankruptcy Code) by the Court in the Chapter 11 Cases (the "Retained Professionals").

2. Reduce inefficiency by establishing measures to avoid duplication of effort, overstaffing, the rendering of unnecessary services, and the incurrence of excessive or inappropriate expenses by Retained Professionals.

3. Review all fee statements and interim and final fee applications submitted by Retained Professionals, since the inception of the Chapter 11 Cases and until otherwise ordered by the Court, for conformity with (i) 11 U.S.C. §§ 328 and 330, as applicable (the "Code"); (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Rules"); and (iii) the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 and the Interim Compensation Order (the "Guidelines").

4. Question discrepancies from the Code, Rules and Guidelines and, where appropriate, consensually resolve such discrepancies.

5. Present reports to the Court with respect to the Fee Committee's review of interim and final fee applications.

6.     Other than as specified in the Fee Dispute section of this Fee Protocol, the Fee Committee shall <u>not</u> have the purpose or authorization to (i) formally object to any fees or expenses; (ii) appear in Court with respect to fee applications, or (iii) direct the activities of any Retained Professional (other than directing the Debtors' attorneys to disseminate materials as specified herein), which shall remain the prerogative of the Retained Professionals' clients.

**<u>Composition of the Fee Committee</u>**

The Fee Committee will consist of four members (the "<u>Fee Committee Members</u>"): (i) one member appointed by and representative of the Debtors; (ii) one member appointed by and representative of the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases (the "<u>Committee</u>"); (iii) one member appointed by and representative of the Office of the United States Trustee for the Southern District of New York (the "<u>United States Trustee</u>"); and (iv) one member that is an independent party, acceptable to the Debtors, the Committee, the United States Trustee and the examiner appointed in the Chapter 11 Cases, otherwise unaffiliated with the parties to the Chapter 11 Cases, and appointed by the Court (the "<u>Independent Member</u>"). Each Fee Committee Member will have one vote on all Fee Committee matters. No Retained Professional, other than any employee of Alvarez & Marsal North America, LLC serving as the Fee Committee Member appointed by and representative of the Debtors, shall serve on or advise the Fee Committee in any capacity; <u>provided</u>, <u>however</u>, that any Fee Committee Member shall be free to consult, in connection with his or her service on the Fee Committee, with either attorneys to the constituent group that he or she represents or his or her own attorneys; <u>provided</u> <u>further</u>, <u>however</u>, that the Debtors and their estates may reimburse a Fee Committee Member for expenses incurred as a result of consultation with his or her own (as opposed to his or her own constituent group's) attorneys, for good cause shown.

Fee Committee Members will make every effort, absent extraordinary circumstances, to attend meetings in person. In the event a Member cannot attend a meeting (in person or by teleconference), he or she may designate another person, other than an attorney from or for his or her entity or constituency, to represent that constituency. A quorum of three (3) Fee Committee Members (present either in-person or by teleconference) is necessary to conduct a meeting of the Fee Committee.

Within seven (7) calendar days of entry of the Fee Committee Order, each constituent group identified above shall advise the Debtors' attorneys, Weil Gotshal & Manges LLP ("<u>WGM</u>"), of the identity of and contact information for its appointee to the Fee Committee and the designated contact person for each of such constituent group's Retained Professionals. Not later than fourteen (14) calendar days after entry of the Fee Committee Order, the Debtors' attorneys will provide each Fee Committee Member with: (i) a list of all appointees to the Fee Committee, including their contact information; (ii) a list of all designated contact persons for each of the Retained Professionals, including their contact information, (iii) a copy of each Retained Professional's retention application and Court order approving same; and (iv) fee statements and interim fee applications filed by each Retained Professional, as applicable.

The Independent Member shall serve as chairperson of the Fee Committee (the "<u>Chairperson</u>") and shall be responsible for, among other things, scheduling meetings, and

overseeing collection and distribution of fee statements, applications and other information needed by the Fee Committee. The Chairperson may, with the Fee Committee's consent and Court approval, retain additional professionals to assist the Fee Committee Members in the fulfillment of their duties hereunder.

In the event that a Fee Committee Member resigns, (i) the constituent group represented by that resigning Member may designate a successor Member, or (ii) in the case of the Independent Member, the remaining Fee Committee Members may, by majority vote, recommend the Court appoint a designated successor member. Each constituent group may at any time name an individual other than its initial appointee as its designee to the Fee Committee and/or rotate the individuals that serve in this role on a periodic basis. The Chairperson will be responsible for distributing contact information for the successor member.

**Compensation of Fee Committee Members**

The Fee Committee Member appointed by the United States Trustee will receive no compensation for its service on the Fee Committee or time expended on Fee Committee matters. All other Fee Committee Members shall receive such reasonable hourly or other form of compensation for their services as shall be mutually agreed upon by the Fee Committee Members or, if there is no such agreement, as determined by the Court. All Fee Committee Members (other than the Fee Committee Member appointed by the United States Trustee) shall be entitled to reimbursement from the Debtors' estates for their reasonable, documented out-of-pocket costs and expenses in connection with the Fee Committee, which may include travel and lodging expenses for attendance at Fee Committee meetings. Service on the Fee Committee will not entitle any member thereof to compensation under section 503(b) of the Bankruptcy Code, and any right to such claim is expressly waived. Work performed by Retained Professionals to assist the Fee Committee in the performance of its duties, such as assembling information provided by Retained Professionals and preparing it for review, shall be compensable. All Fee Committee Members shall submit detailed fee statements and requests for reimbursement of expenses, which shall be reviewed by the other Fee Committee Members; provided, however, that each Fee Committee Member shall recuse himself or herself from review of his or her own fee statements and requests for reimbursement.

**Budgets**

The Fee Protocol may be amended at the discretion of the Fee Committee to establish appropriate guidelines and requirements for the preparation and submission to the Fee Committee of budgets for Retained Professionals.

**Fee Disputes**

If the Fee Committee has any concerns (as determined by a majority vote of the Fee Committee Members) with respect to any interim or final fee application of a Retained Professional, it shall, prior to the applicable objection deadlines for interim and final fee applications pursuant to the Interim Compensation Order, distribute a confidential written report ("Fee Committee Report") to that Retained Professional, with a copy to the Debtors, the Committee, and the United States Trustee, describing such concerns. If the Fee Committee

Report is not unanimously approved by the Fee Committee, any Fee Committee Member who wishes to do so may prepare a written dissent which shall be transmitted along with the Fee Committee Report. The Fee Committee and the Retained Professional served with such Fee Committee Report shall thereafter endeavor to reach a mutually acceptable resolution of the issues raised by the Fee Committee Report. In the event that the Fee Committee and the Retained Professional cannot reach a resolution with respect to any issue(s) raised by the Fee Committee Report (a "<u>Fee Dispute</u>") prior to the hearing on the relevant fee application, (i) the Fee Committee may file with the Court and serve (through the claims agent appointed in the Chapter 11 Cases) on the relevant Retained Professional and those parties on a shortened service list approved by the Court for this purpose the Fee Committee Report (and any dissent thereto), as modified to reflect any discussions with the Retained Professional and to redact any references to previously identified privileged, confidential, or sensitive materials; and (ii) the Retained Professional may file a response to the Fee Committee Report and request that the Court resolve the Fee Dispute at such hearing; <u>provided</u>, <u>however</u>, that, to the extent that the Fee Committee and a relevant Retained Professional desire to continue to seek a mutually acceptable resolution of a Fee Dispute, they may do so for a period of up to 120 days, but, to the extent that such Fee Dispute remains unresolved at the end of the next succeeding Interim Fee Period, it shall be submitted to the Court for resolution. Pending resolution of any Fee Dispute, the Debtors shall compensate such Retained Professional for any amount otherwise due and payable under the Interim Compensation Order that is not the subject of the Fee Committee Report.

Upon request of the Court, the Fee Committee or a designated Fee Committee Member shall appear in Court and be heard with respect to (i) any Fee Committee Report issued in relation to the Fee Dispute; (ii) any objection to such Fee Committee Report; (iii) the fee applications or statements implicated thereby; and (iv) any questions propounded by the Court and parties in interest. If there is no Fee Dispute, the Chairperson, on behalf of the Fee Committee, shall authorize the Retained Professional to so state in its Fee Application.

Nothing contained herein shall affect the right of any party in interest, including Members of the Fee Committee, to object or otherwise respond to any monthly statement or interim or final fee application.

**Subsequent Retentions**

Any professional retained by order of the Court in these Chapter 11 cases subsequent to the date of the Fee Committee Order shall be bound by the Fee Committee Order and shall immediately contact the Fee Committee to establish the procedures for submission of fee statements or fee applications.

**Committee Exculpation And Indemnification**

The Fee Committee and each Fee Committee Member are hereby appointed officers of the Court with respect to the performance of their duties on the Fee Committee and provided the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of their duties and powers on the Fee Committee. No person or entity shall commence an action against the Fee Committee or any member thereof in connection with Fee Committee matters except in this Court.

    The Fee Committee and each member thereof are hereby indemnified by the Debtors' estates for losses or costs of defense incurred as a result of acts taken or omitted, in each case in good faith, in the performance of their duties as a member of the Fee Committee. Nothing herein shall be deemed to limit the application of any immunities to which any party are entitled to under statute or other law, including but not limited to any sovereign immunity and quasi-judicial immunity such parties may have.

    Any and all claims or causes of action not instituted against the Fee Committee or any Fee Committee Member thereof (solely in its capacity as a member of the Fee Committee) prior to the tenth calendar day after entry of an order determining the fee application as to which such claims or causes of action relate shall be barred forever and discharged and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter.

    Each Retained Professional may seek an Order on appropriate notice seeking relief from any of the provisions of the Fee Committee Order.