JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Attorneys for the Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                  :
In re                                             :    Chapter 11
                                                  :
LEHMAN BROTHERS HOLDINGS INC., et al.,            :    Case No. 08-13555 (JMP)
                                                  :
                Debtors.                          :    (Jointly Administered)
------------------------------------------------------------------------x

**SUPPLEMENTAL DECLARATION OF PATRICK J. TROSTLE IN CONNECTION WITH EXAMINER'S APPLICATION TO RETAIN JENNER & BLOCK LLP**

I, Patrick J. Trostle, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am a partner of Jenner & Block LLP ("Jenner & Block" or the "Firm"), a law firm with offices in Chicago, Illinois; New York, New York; Washington, D.C.; and Los Angeles, California. I am currently resident in the Firm's New York office. I am duly authorized to make this Declaration (the "Supplemental Declaration") on behalf of Jenner & Block. Except as otherwise indicated, the facts set forth in this Supplemental Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

1

2.  I submit this Supplemental Declaration in connection with the Application of the Examiner for Order Authorizing the Retention and Employment of Jenner & Block as His Counsel *Nunc Pro Tunc* as of January 19, 2009 (the "Application"), which was filed on January 23, 2009 [Docket No. 2627] in the above-captioned Chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings, Inc. and its affiliated debtors (collectively, the "Debtors")[1] and made pursuant to 11 U.S.C. §§ 105(a) and 327 and the Court's Order Directing Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code, entered January 16, 2009 (the "Examiner Order").  In support of the Application, I filed an initial declaration (the "Initial Declaration"), dated January 23, 2009, disclosing connections with certain identified persons and entities (the "Identified Parties").  On February 11, 2009, the Court entered an order granting the Application [Docket No. 2803].

3.  Subsequent to the filing of the Application and Initial Declaration, Jenner & Block continued to monitor new client matters at the firm and whether such new matters had any connections with any of the Identified Parties.  Jenner & Block also conducted searches to determine whether Jenner & Block and its partners, attorneys, or counsel have any connections with persons and entities that subsequently have been identified as potential parties in interest in the chapter 11 Cases (the "Supplemental Identified Parties").  The list of Supplemental Identified Parties is attached hereto as Exhibit 1.

---

[1] In addition to LBHI, the following entities are debtors in the Chapter 11 Cases:  LB 745 LLC; PAMI Statler Arms LLC; Lehman Brothers Commodity Services Inc.; Lehman Brothers Special Financing Inc.; Lehman Brothers OTC Derivatives Inc.; Lehman Brothers Derivative Products Inc.; Lehman Commercial Paper Inc.; Lehman Brothers Commercial Corporation; Lehman Brothers Financial Products Inc.;  Lehman Scottish Finance L.P.; CES Aviation LLC; CES Aviation V LLC; CES Aviation IX LLC; East Dover Limited; Luxembourg Residential Properties Loan Finance S.a.r.l.; BNC Mortgage LLC; Structured Asset Securities Corporation; LB Rose Ranch LLC; and LB 2080 Kalakaua Owners LLC.

2

**Jenner & Block's Disinterestedness and Supplemental Disclosure of Connections**

4. In preparing this Supplemental Declaration, and in order to ascertain Jenner & Block's "connections," as that term is used in Bankruptcy Rule 2014 with the Debtors, the Debtors' creditors, and other parties in interest in the chapter 11 case, I caused a set of procedures developed by Jenner & Block to be used to ensure full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and any local rules of the Court regarding the retention of professionals under the Bankruptcy Code (the "Firm Disclosure Procedures").[2] Pursuant to the Firm Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Supplemental Declaration and to ascertain Jenner & Block's connection to such parties:

   a. Using various sources, including publicly available information and the listings of entities identified and described in materials filed by the Debtors and the Official Committee of Unsecured Creditors, I compiled the list of Supplemental Identified Parties.

   b. Jenner & Block then entered the names of the Supplemental Identified Parties into a computer database containing the names of all clients and conflict information concerning such clients of Jenner & Block. Through the information generated from this computer inquiry, and through follow-up inquiries with Jenner & Block attorneys, it was determined that Jenner & Block had represented no party adverse to the Debtors or the Debtors' estates with respect to matters for which Jenner & Block has been retained, except as identified in the Initial Declaration or below. None of Jenner & Block's representations constitute a conflict with Jenner & Block's representation of the Examiner or will likely create a conflict in the future.

   c. In addition, Jenner & Block sent a general inquiry by electronic mail to all attorneys to: (i) verify that such individuals were not representing and have not represented the Debtors; (ii) determine whether any such individuals hold any securities of or claims against the Debtors; and (iii) determine whether any such individuals are related to any Bankruptcy Judge for the Southern District of New York, the United

---

[2] These procedures were the same procedures which were implemented and disclosed in the Declaration of Disinterestedness by Anton R. Valukas (the "Valukas Declaration") and the Initial Declaration in connection with the proposed appointment of Mr. Valukas as Examiner in these Chapter 11 Cases and the retention of Jenner & Block, respectively.

3

States Trustee (Region 2), or any person employed by the United States Trustee (Region 2).

5.  Based on the Firm Disclosure Procedures identified above, Jenner & Block makes the following supplemental disclosure regarding a matter in which Jenner & Block, its partners, attorneys, and counsel represent a party who is adverse to the Debtors or their affiliates but which is unrelated to anything fairly contemplated to be within the subject matter and scope of the Examiner's investigation.  Pursuant to the United States Trustee panel program, a partner at Jenner & Block has been appointed and is serving as the chapter 7 trustee for the bankruptcy estate of Allen W. Knasel and Laurie Peard Knasel.  One of the creditors of the estate is Aurora Loan Services LLC, which is a non-debtor subsidiary of Lehman Brothers Holdings, Inc..  The chapter 7 trustee does not anticipate challenging the validity or enforceability of the mortgage held by Aurora Loan Services and does not foresee pursuing lender liability claims against Aurora Loan Services.  The subject matter of the estate administration is unrelated to anything fairly contemplated to be within the subject matter and scope of the Examiner's investigation.

6.  As previously disclosed in the Initial Declaration, Jenner & Block, its partners, attorneys, and counsel have represented in the past, may currently represent, and/or may in the future represent, creditors of the Debtors and various other parties-in-interest in these chapter 11 cases with respect to matters which are completely unrelated to the Debtors and their affiliates.  Jenner & Block's, its partners', attorneys', and counsels' supplemental disclosure of connections with these creditors and other parties-in-interest are described below:

4

| **Party in Interest** | **Relationship with Jenner[3]** | **Relationship with Debtors** |
|---|---|---|
| Chicago Board of Options Exchange | Current client on unrelated matters | Potential party in interest |
| Deere & Co. | An employee is a current client on unrelated matter; affiliate of current client on unrelated matter. | Potential party in interest |
| Duff & Phelps | Former client on unrelated matter | Serves as Jenner & Block's financial advisor in the LBHI Examiner matter |
| Factiva, Inc. | Affiliate of current client on unrelated matters | Potential party in interest |
| Herbert Smith LLP | Current client on unrelated matters | Professionals Employed by LBHI |
| Infospace, Inc. | Former client on unrelated matter | Potential party in interest |
| Interactive Data Corp. | Affiliate of current client on unrelated matters | Potential party in interest |
| Locke Lord Bissell & Liddell, LLP | Former client on unrelated matters | Professionals Employed by LBHI |
| Malaysian Airline System | Current client on unrelated matter | Potential party in interest |
| Pentwater Capital Management, LP | Current client on unrelated matters | Potential party in interest |
| PriceWaterhouseCoopers | Current client on unrelated matter | LBIE Liquidators |
| Time Warner | Affiliate of current client on unrelated matter | Utility |
| WestLB AG, New York Branch | Former client on unrelated matter | Potential party in interest |

---

[3] A "current client" is an entity for which there are active matters on which Jenner & Block is engaged, and a "former client" is an entity for which there were no active matters as of the date of this Supplemental Declaration, but there may in the future be active matters.

7. None of the matters upon which any of the above-mentioned parties were or are represented was or is in connection with the Debtors' chapter 11 bankruptcy. Jenner & Block will not undertake the representation of any of these parties or other parties in interest or their affiliates in any transaction in connection with the Debtors' chapter 11 bankruptcy.

8. Pursuant to Bankruptcy Rule 2014, Jenner & Block will provide the Court with any supplemental information regarding Jenner & Block's connections with the Debtors or other parties-in-interest as any such information becomes available.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of May, 2009, at New York, New York.

*/s/ Patrick J. Trostle*
Patrick J. Trostle