Hearing Date: June 3, 2009 at 10:00 a.m.

Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
MILBANK, TWEED, HADLEY & M$^c$CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
:
In re:                                              :    Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.,              :    08-13555 (JMP)
                                                    :
            Debtors.                                :    (Jointly Administered)
                                                    :
------------------------------------------------------------------ x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN SUPPORT OF LBHI'S MOTION, PURSUANT TO RULE 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE, FOR AUTHORIZATION
AND APPROVAL OF SETTLEMENT AGREEMENT WITH THE PENSION
BENEFIT GUARANTY CORPORATION THAT PROVIDES FOR,
*INTER ALIA,* PAYMENT OF $127,600,000 IN RESPECT OF PENSION
BENEFITS FOR PLAN PARTICIPANTS AND THEIR BENEFICIARIES**

The Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated chapter 11 debtors in possession (collectively, the "Debtors"), hereby files this statement in support of LBHI's Motion, Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, for Authorization and Approval of Settlement Agreement with the Pension Benefit Guaranty Corporation that Provides for, *Inter Alia*, Payment of $127,600,000 in respect of Pension Benefits for Plan Participants and their Beneficiaries [Docket No. 3515] (the "Motion"). In support of the Motion, the Committee respectfully states as follows:

## BACKGROUND

1. The Lehman Brothers Holdings Inc. Retirement Plan (the "Plan") is a defined benefit pension plan covered by Title IV of the Employee Retirement Income Security Act of 1974. The Plan provides pension benefits to eligible present and former employees of Debtors and certain of their affiliates. The Plan is sponsored by LBHI and administered by Employee Benefit Plans Committee of LBHI (the "Benefits Committee").

2. On December 12, 2008, pursuant to its authority under 29 U.S.C. § 1342(c), the Pension Benefit Guaranty Corporation (the "PBGC") filed a complaint against the Benefits Committee to terminate the Plan in the United States District Court for the Southern District of New York, Civ. No. 08 CIV 10792 (HB) (the "District Court Action"), seeking, *inter alia,* that the Plan be involuntarily terminated as of December 12, 2008, and that the PBGC be appointed as statutory trustee of the Plan.

3. If the PBGC were successful in the District Court Action, all members of the LBHI "controlled group" would be jointly and severally liable to the PBGC, as statutory trustee of the Plan, for the amount of unfunded benefit liabilities pursuant to 29 U.S.C. §§ 1362(a) and (b), which the PBGC currently estimates to be $115,200,000, and an additional premium pursuant to 29 U.S.C. § 1306(a)(7), estimated to be approximately $81.5 million.

4. On May 4, 2009, LBHI, the Benefits Committee, Neuberger Berman Holdings LLC ("NBH") and the PBGC entered into a settlement agreement (the "Settlement Agreement"), providing for the termination of the Plan as of December 12, 2008, and a total payment to the PBGC in the amount of $127,600,000, plus interest, in respect of the Plan's unfunded benefit liabilities and the additional premium. The Settlement Agreement further provides that the PBGC will withdraw all filed claims in the chapter 11 cases with respect to the

Plan and that the PBGC agrees not to file any claims in any of the chapter 11 cases or in a case that may be commenced in the future under the Bankruptcy Code or other similar proceeding by or against any member of the LBHI "controlled group" (other than claims for breach of fiduciary duty). The PBGC also agrees, subject to certain conditions, not to file any liens on the assets of the LBHI Controlled Group and to cause any previously filed liens to be released.

5. LBHI seeks this Court's approval of the Settlement Agreement, stating that the Settlement Agreement is reasonable and in the best interests of the Debtors, their estates and creditors. LBHI further states that the Settlement Agreement will allow the Debtors to move forward unimpeded in the administration of their chapter 11 cases, including their ability to dispose of "controlled group" assets to maximize value for their stakeholders. Additionally, LBHI states that the Settlement Agreement will relieve the Debtors from the distractions posed by the complex and time-consuming District Court Action and will enable the Debtors to reduce the cost of administration of their estates.

## STATEMENT

6. The Committee concurs in LBHI's view that the relief requested in the Motion is in the best interests of the Debtors' estates and creditors and should be granted. Since December 2008, the Committee and its advisors have been involved in the process that led to the filing of the Motion. During this six-month period, the Committee's advisors have conferred with the Plan's actuaries and have worked closely with LBHI's representatives to evaluate all available options. These advisors have also participated in the District Court Action, been involved in the negotiations with the PBGC, and worked together with all parties in interest to achieve consensus on the final terms of the Settlement Agreement.

7. If the Court does not approve the Settlement Agreement and a settlement is not otherwise reached, it is possible that the PBGC could prevail in the District Court Action,

3

and obtain recovery, including from non-debtor LBHI "controlled group" members, of the full amount of the unfunded benefit liabilities, plus the full, unreduced amount of additional premiums.  Such an outcome could result in an additional (direct or indirect) cost to the Debtors' estates of at least $69 million, as compared to the amount payable to the PBGC under the Settlement Agreement.  The PBGC could also impose statutory liens on non-Debtor assets, making such assets less marketable.

8. Even if the PBGC did not prevail in the District Court Action, failure to obtain approval of the Settlement Agreement could impose costs on the Debtors, their estates and creditors that were far greater than any contemplated by the Settlement Agreement, given the need of LBHI to continue to fund the Plan and presumably terminate it at a later date.  Due in part to the favorable discount rate for valuing pension plan liabilities applicable as of December 12, 2008 – the date the PBGC chose to terminate the Plan – the cost of terminating the Plan as of a later date could be even greater than if the PBGC were to prevail in the District Court Action.

9. Based upon the foregoing considerations, among others, the Committee has come to believe that the Settlement Agreement is in the best interests of the Debtors, their estates and creditors, and that the relief requested in the Motion should consequently be granted.

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, the Committee respectfully requests that the Court grant (i) the relief requested in the Motion and (iii) such other relief as is just and proper.

Dated: New York, New York
        May 28, 2009

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
    Dennis F. Dunne
    Dennis C. O'Donnell
    Evan R. Fleck

    1 Chase Manhattan Plaza
    New York, New York 10005
    Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.