Eric E. Johnson (CO #19364)  　　　　　　　　　　　　　Hearing Date June 3, 2009, 10:00 **a.m.**
(*Pro Hac Vice*)
HOLME ROBERTS & OWEN LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Tel.: (303) 861-7000
Fax: (303) 866-0200
E-Mail: eric.johnson@hro.com
Attorneys for National CineMedia, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
In re                                              :          Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al*  :          08-13555 (JMP)
                                                   :
                                                   :          (Jointly Administered)
                              Debtors.             :
-------------------------------------------------------------x

**REQUEST FOR CLARIFICATION AND LIMITED OBJECTION BY NATIONAL CINEMEDIA, LLC WITH RESPECT TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b) AUTHORIZING THE ESTABLISHMENT OF PROCEDURES TO TERMINATE UNFUNDED COMMITMENTS AND RESTRUCTURE CORPORATE LOAN AGREEMENTS**

National CineMedia, LLC ("**NCM**"), by and through its counsel, hereby submits this request for clarification and limited objection (the "**Response**") with respect to the Debtors' Motion for an Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b) Authorizing the Establishment of Procedures to Terminate Unfunded Commitments and Restructure Corporate Loan Agreements (the "**Motion**").

**BACKGROUND**

1.　　Commencing on September 15, 2008 and periodically thereafter (as applicable), the "**Commencement Date**"), Lehman Brothers Holdings Inc. ("**LBHI**") and its affiliated

#1409414 v1 den

debtors in the above-captioned chapter 11 cases (together, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors' cases are being jointly administered under Case No. 08-13555 (JMP).  The Debtors are continuing to operate their businesses and manage their properties as debtors in possession.

2. On or about February 13, 2007, NCM, as borrower, entered into (i) that certain Credit Agreement with Lehman Brothers Inc. and J.P. Morgan Securities, Inc., as Arrangers, Credit Suisse (USA) LLC and Morgan Stanley Senior Funding, Inc. as Co-Documentation Agents, Lehman Commercial Paper Inc. ("**LCPI**") , as Administrative Agent, and the other lenders (including LCPI) party thereto (as amended from time to time thereafter, the "**Credit Agreement**") and (ii) certain other Loan Documents (as defined in the Credit Agreement).

3. The Credit Agreement provides that, among other things, lenders under the Credit Agreement are only permitted to assign their rights and obligations under the Credit Agreement with the consent of NCM, subject to certain exceptions.  In addition, the Credit Agreement provides for certain restrictions on assignments of, and sales of participations in, any such lender's rights and obligations under the Credit Agreement to certain competitors of NCM and certain of its affiliates.

4. Following its bankruptcy filing, LCPI failed to fund a portion of its undrawn revolving loan commitment to NCM under the Credit Agreement.  As a result, NCM has publicly disclosed that, until the LCPI issues are resolved, NCM is not anticipating repaying any of its revolver borrowings as that would effectively result in a permanent reduction of its revolving credit facility, to the extent of LCPI's funding commitments under the Credit Agreement.

2

## **THE MOTION AND NCM'S REQUEST FOR CLARIFICATION**

5. On page 6 of the Motion, under the heading of "Relief Requested," the Debtors seek authority under Bankruptcy Code §§ 105(a) and 363(b) and Bankruptcy Rule 9019 to establish procedures by which they may (i) enter into agreements with borrowers to terminate certain unfunded loan commitments with borrowers or assign such unfunded commitments to third parties, and (ii) restructure the terms of certain corporate loans with borrowers, in each case pursuant to procedures set forth in the Motion. NCM's Response addresses only element (i), above -- namely, the portion of the Motion dealing with the Debtors' termination and assignment of Unfunded Commitments under certain Corporate Loans (as both terms are defined in the Motion). As stated in the Motion, it is unclear whether the phrase "enter into agreements with borrowers" is intended to modify both "to terminate Unfunded Commitments" and "assign such Unfunded Commitments to third parties."

6. Additionally, in their proposed Order, page 2, paragraph (a), the Debtors request that the Court provide them with the following authorization:

> a. The Debtors may (i) enter into termination agreements with borrowers of Corporate Loans to terminate Unfunded Commitments and (ii) assign Corporate Loans with Unfunded Commitments to a third party who assumes the Unfunded Commitment.

Thus, in their proposed Order, the phrase "enter into termination agreements with borrowers" modifies only "terminate Unfunded Commitments." This language could be construed to allow the Debtors to unilaterally assign their Corporate Loans with Unfunded Commitments to third parties without the consent of borrowers. As stated above, NCM's consent to such an assignment is required under the Credit Agreement in certain circumstances.

3

7. If the seemingly divergent language in the Debtors' Motion and proposed Order is merely an unintended matter of semantics, NCM's concerns could be resolved by simply clarifying the language of paragraph (a) on page 2 of the proposed Order to read as follows:

> a. The Debtors may (i) enter into agreements with borrowers of Corporate Loans to terminate Unfunded Commitments and (ii) assign Corporate Loans with Unfunded Commitments to a third party who assumes the Unfunded Commitment; provided that any such assignment must be in compliance with the terms of the applicable Corporate Loan.

## NCM'S LIMITED CONDITIONAL OBJECTION

8. If the Debtors seek unilaterally to terminate Unfunded Commitments under their loan agreements and assign such Unfunded Commitments to third parties without the agreement of borrowers such as NCM, then NCM must object because such unilateral action could breach the terms of the Credit Agreement, described above, and violate the requirements for the assumption and assignment of executory contracts in § 365(f) of the Bankruptcy Code.

9. Any unilateral assignment by the Debtors of their Unfunded Commitments under the Corporate Loans could contravene the requirements of § 365(f)(2) of the Bankruptcy Code, which requires as a condition of assigning an executory contract that a debtor, first, "assumes such contract or lease in accordance with the provisions of [§ 365(b) of the Bankruptcy Code]" and, second, that a debtor provides "adequate assurance of future performance" of the contract to be assigned. In any assignment, the burden is on the Debtor to satisfy the adequate assurance requirement. *In re M. Fine Lumber Co.*, 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008).

10. There is no indication in the Motion that an assumption and assignment of the Corporate Loans by the debtors would include a cure of all prior defaults as a prerequisite to

4

assumption, under § 365(b)(1)(A) of the Bankruptcy Code. Neither does the Motion indicate that the Debtors would provide "adequate assurance of future performance by the assignee of such contract …" as required under § 365(f)(2)(B) of the Bankruptcy Code. It is not reasonable to force borrowers to accept the creditworthiness of a purported assignee of the Debtors, or to preclude borrowers from exercising their own independent business judgment as to the qualifications of a proposed assignee under the Corporate Loans. These are precisely the circumstances under which § 365(f)(2)(B) of the Bankruptcy Code protects borrowers like NCM, and the Motion and proposed Order could be interpreted as denying borrowers that protection.

11. NCM respectfully reserves all rights provided to it under the Bankruptcy Code and the Credit Agreement, and nothing contained in this Response should be construed as an admission or a waiver of rights, claims or defenses that NCM may be entitled to assert in connection with any proposed assumption and assignment of the Credit Agreement, or otherwise.

12. NCM hereby joins with any other objections to the Motion filed in this matter to the extent not inconsistent with this Response.

**WHEREFORE**, National CineMedia, LLC respectfully requests that the Court deny the relief requested in the Motion or grant the relief only on terms consistent with this Response, and provide such other and further relief as may be just and proper under the circumstances.

#1409414 v1 den

Dated this 28th day of May, 2009.

        Respectfully submitted,

        HOLME ROBERTS & OWEN LLP

By: */s/ Eric E. Johnson*
       Eric E. Johnson, (CO #19364)
       1700 Lincoln Street, Suite 4100
       Denver, Colorado  80203-4541
       Telephone:     (303) 861-7000
       Facsimile:      (303) 866-0200
       E-Mail: eric.johnson@hro.com

       Attorneys for National CineMedia, LLC

#1409414 v1 den