GARFIELD COUNTY ATTORNEY
108 8th Street, Suite 219
Glenwood Springs, CO  81601
Telephone:  (970) 945-9150
Facsimile:  (970) 384-5005
Deborah Quinn, #7685

Attorneys for Objectors
Garfield County Treasurer and
Board of County Commissioners of
Garfield County, Colorado

**IN THE UNITED STATES BANRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF GARFIELD COUNTY TREASURER
AND BOARD OF COUNTY COMMISSERS OF GARFIELD
COUNTY, COLORADO, TO DEBTORS' MOTION TO ESTABLISH
PROCEDURES TO SELL OR ABANDON *DE MINIMIS* ASSETS**

TO:    The Honorable James M. Peck, United States Bankruptcy Judge:

Georgia Chamberlain, the Garfield County, Colorado Treasurer, and the Board of County Commissioners of Garfield County, Colorado (collectively "Garfield County"), by and through their undersigned counsel, hereby file this Objection to the Motion of Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated Debtors, in particular Debtor LB Rose Ranch, LLC ("LB Rose") in the above-referenced Chapter 11 cases for an order authorizing procedures to sell or abandon *de minimis* assets (Docket Number 3752) (Motion).

The basis for this objection is three-fold.  First, the relief requested is premature in that there is not yet a deadline for filing Proofs of Claim, nor any approval of the form and manner of notice for Proofs of Claim.  Thus, secured creditors or other lienholders in any property that may be sold pursuant to the relief requested in the Motion have not yet been formally notified nor

been given the opportunity to establish their position as secured creditors or beneficiaries of encumbrances on property that might be sold, Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of a Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (Docket Number 3654). Second, with respect to the assets of LB Rose in particular, the Garfield County Treasurer has a prepetition statutorily-secured and perfected claim for 2008 *ad valorem* property taxes for all real and personal property of Debtor LB Rose located in Garfield County, Colorado, which taxes are ordinarily paid from the proceeds of any sale. Third, the Board of County Commissioners of Garfield County, Colorado, object to the extent that authorized sales could result in the sale, free and clear of liens and encumbrances, of twenty (20) deed-restricted properties owned by LB Rose, such restrictions having been established pursuant to land use entitlements obtained by LB Rose in connection with its real estate development in Garfield County, Colorado. As more fully stated below, these are compelling reasons why the Motion with respect to property of Debtor LB Rose should not be granted at this time or, in the alternative, the order should include specific provisions related to payment of *ad valorem* property taxes from the proceeds from any such sale and prohibiting the sale of the deed-restricted units except in accordance with the deed restrictions.

## Factual Background

I.   Objections to the Motion.

This objection relates specifically to the "Non-Noticed *De Minimis* Sale" provisions set forth in paragraph 14 of the Motion, requesting approval to sell assets in amounts less than or equal to $500,000 without further Court approval and without notice to any party; the "Noticed

*In re: Lehman Brothers Holdings, Inc., et al.*
Case No. 08-13555 (JMP)
OBJECTION OF GARFIELD COUNTY TREASURER AND
BOARD OF COUNTY COMMISSIONERS OF GARFIELD
COUNTY, COLORADO, TO DEBTOR'S' MOTION TO
ESTABLISH PROCEDURES TO SELL OR ABANDON
*DE MINIMIS* ASSETS
T:\MyFiles\LITI\LB Rose\Pleadings - ours\Objection to Debtor's Mtn.docx

2

*De Minimis* Sale" in paragraph 15 of the Motion; and the Effects of Sale, allowing purchasers to take title free and clear of liens, claims, encumbrances and other interests, paragraph 21 of the Motion. These objectors are aware that these Chapter 11 cases are among the largest in history and that many of the assets of the various debtors are of relatively *de minimis* value compared to the Debtors' total asset base. Almost all of the listed assets of LB Rose.

II.     Relationship between Debtor LB Rose, the LB Rose Assets, and Garfield County.

LB Rose states in the petition that its business is "Real Estate" without further explanation as to the nature of its real estate business. Its presence in Garfield County goes back to the initial planned unit development approval for Rose Ranch PUD (now "Ironbridge PUD") in July of 1998 pursuant to Garfield County Board of County Commissioners Resolution 98-80, recorded at Reception Number 531935 of the real estate records of Garfield County, Colorado, certified copy attached hereto as Exhibit A. While there have been amendments to this PUD approval since then, the development remains essentially as approved at that time, a total of 533.5 acres to be developed into a golf course subdivision with an eighteen-hole golf course, numerous residential lots for sale, and a requirement to construct ten percent (10%) of the total number of lots with housing units to be attainable for purchase by those earning within eighty percent (80%) of the median income in the area. The total number of dwelling units to be developed on the property was 322, of which thirty (30) were required to be deed-restricted, affordable housing units. LB Rose obtained an assignment of the subdivision rights and approvals in connection with its acquisition of the property in 2000, by virtue of the assignment recorded at Reception Number 573466 of the real estate records of Garfield County, Colorado, a certified copy of which is attached as Exhibit B.

*In re: Lehman Brothers Holdings, Inc., et al.*
Case No. 08-13555 (JMP)
OBJECTION OF GARFIELD COUNTY TREASURER AND
BOARD OF COUNTY COMMISSIONERS OF GARFIELD
COUNTY, COLORADO, TO DEBTOR'S' MOTION TO
ESTABLISH PROCEDURES TO SELL OR ABANDON
*DE MINIMIS* ASSETS
T:\MyFiles\LITI\LB Rose\Pleadings - ours\Objection to Debtor's Mtn.docx

3

Garfield County is a rural county in western Colorado, the government of which is funded in part by *ad valorem* property taxes on real property and personal property located within the county. In looking at the Schedule of Assets and Liabilities (Docket Number 3131) of Debtor LB Rose ("LB Rose Schedule"), the approximately $50,000,000 of assets listed are primarily individual lots for sale, together with the golf course property, all part of the Ironbridge PUD. Each of the individual lots for sale would have a value of less than $500,000. Twenty (20) of the lots listed on Schedule A, Lots 297-316, are deed-restricted homes required as part of the Ironbridge PUD approvals. The deed restriction itself is included on LB Rose Schedule G as an executory contract. A copy of the recorded Deed Restriction and Agreement is attached hereto as Exhibit C and incorporated by this reference. Also included as executory contracts in LB Rose's Schedule G are eight (8) deed-restricted contracts with potential purchasers of the deed-restricted lots. Finally, included in LB Rose's Schedule F, Creditors Holding Unsecured Non-Priority Claims, the Garfield County Treasurer is listed as a creditor with a general trade payable in the amount of $6,419.44.

Contrary to what is reflected in the LB Rose Schedule, the Garfield County Treasurer has a lien on all real and personal property for 2008 *ad valorem* taxes, with priority over all other liens. A summary of the taxes on and values of the LB Rose property subject to the lien is attached as Exhibit D, which will be more fully set out once Garfield County files its Proof of Claim. The current amount due, including interest, is $295,398.86, reflecting 2008 taxes. A comparable amount for 2009 taxes will be payable in 2010, but the lien will relate back to January 1, 2009.

*In re: Lehman Brothers Holdings, Inc., et al.*
Case No. 08-13555 (JMP)
OBJECTION OF GARFIELD COUNTY TREASURER AND
BOARD OF COUNTY COMMISSIONERS OF GARFIELD
COUNTY, COLORADO, TO DEBTOR'S' MOTION TO
ESTABLISH PROCEDURES TO SELL OR ABANDON
*DE MINIMIS* ASSETS
T:\MyFiles\LITI\LB Rose\Pleadings - ours\Objection to Debtor's Mtn.docx

4

Once the procedures for filing Proofs of Claim are established, the Treasurer will be submitting a Proof of Claim, which details its first lien position for *ad valorem* taxes for tax year 2008, on each of the real and personal property assets of LB Rose located in Garfield County, Colorado. Examples of the claims that will be submitted are attached hereto as Exhibit E and incorporated by this reference, being two Certificates of Taxes Due, one for Ironbridge PUD Phase II, Lot 255, and the other for Ironbridge PUD Phase II, Lot 300. As seen in these Certificates, the taxes collected by Garfield County benefit a number of taxing agencies. Also attached as Exhibit F is the Certificate of Taxes Due on the personal property included in the LB Rose Schedule B and listed on Schedule F incorrectly as a non-priority unsecured claim.

**Argument**

I.   With Respect to Debtor LB Rose, the Relief Requested is Premature.

As indicated above, these Chapter 11 Debtors have not yet provided notice to Creditors regarding submission of Proofs of Claim. As is apparent from the LB Rose Schedule, the enormity of this consolidated case is such that even the Debtor has not been able to accurately list or categorize its claims. Therefore, to the extent that the Debtor is requesting the ability to do a relatively quick *de minimis* sale, with notice only to Interested Parties as defined in paragraph 15 of its Motion, Interested Parties such as the Garfield County Treasurer could be left without notice simply because these taxes were overlooked in the preparation of the Schedule.

Similarly, the Debtors have just recently filed their first omnibus motion to reject executory contracts, which motion does not include any of the executory contracts listed on the LB Rose Schedule. LB Rose may try to sell the deed-restricted units free and clear of the

*In re: Lehman Brothers Holdings, Inc., et al.*
Case No. 08-13555 (JMP)
OBJECTION OF GARFIELD COUNTY TREASURER AND
BOARD OF COUNTY COMMISSIONERS OF GARFIELD
COUNTY, COLORADO, TO DEBTOR'S' MOTION TO
ESTABLISH PROCEDURES TO SELL OR ABANDON
*DE MINIMIS* ASSETS
T:\MyFiles\LIT1\LB Rose\Pleadings - ours\Objection to Debtor's Mtn.docx

5

-
-

encumbrance of the deed restriction, thus nullifying the requirements of the Ironbridge PUD approvals and thereby rejecting the deed restriction agreement listed as an executory contract.

In addition, the Debtors provided no indication as to which of its assets it considered unproductive, nonessential or burdensome. Virtually all of the LB Rose assets could fall within that category, and the proposed order tendered by Debtors with its Motion does not distinguish between sales in the ordinary course of business or outside the ordinary course of business. Thus, the procedure being requested by the Debtors will put Garfield County in the position of having its secured tax lien on real property, ordinarily paid in full at the time of any sale of such real property, or otherwise paid through sale of the tax lien, extinguished, thus putting Garfield County in the position of having a lien on cash proceeds of such sales. This would be an undue burden both on the Debtors, to separately account for the tax lien proceeds of any such sale, and on Garfield County, to have to monitor the Debtors' use of proceeds throughout this complex bankruptcy litigation.

In addition, because Garfield County's tax liens accrue interest at the rate of one percent (1%) per month, it is not in the best interest of the estate to continue that lien on proceeds after sale, rather than simply paying off the taxes due as each sale occurs.

Pursuant to the provisions of 11 U.S.C. § 363(e), Garfield County requests that, with respect to the LB Rose assets, a condition of any sale of any of the LB Rose assets be that the taxes due and payable to Garfield County be paid from the proceeds of the sale, thus extinguishing this first priority lien, rather than requiring both the Debtor and Garfield County to have to monitor proceeds to assure that Garfield County's first lien position remains adequately protected.

*In re: Lehman Brothers Holdings, Inc., et al.*
Case No. 08-13555 (JMP)
OBJECTION OF GARFIELD COUNTY TREASURER AND
BOARD OF COUNTY COMMISSIONERS OF GARFIELD
COUNTY, COLORADO, TO DEBTOR'S' MOTION TO
ESTABLISH PROCEDURES TO SELL OR ABANDON
*DE MINIMIS* ASSETS
T:\MyFiles\LITI\LB Rose\Pleadings - ours\Objection to Debtor's Mtn.docx

6

II.  <u>Garfield County's Tax Lien Has Priority Over All Other Liens and Should Be Paid from Proceeds of Any Sale.</u>

By statute, Garfield County's claim for 2008 real and personal property taxes is a secured claim with a lien priority date of January 1, 2008. "Taxable property" is defined as "all property, real and personal, not expressly exempted from taxation by law." C.R.S. § 39-1-102(11). "Taxes levied on real and personal property . . . shall be a perpetual lien thereon, and such lien shall have priority over all other liens until such taxes . . . shall have been paid in full." C.R.S. § 39-1-106(2).

Thus, under Colorado law, taxes on real and personal property create a first and perpetual lien. This lien attaches to the property as of noon on January 1 of the tax year, *In re W. Pac. Airlines, Inc.*, 273 F.3d 1288, 1291 (10th Cir. 2001). <u>See also</u> *Moorehead v. John Deere Indus. Equip. Co.*, 572 P.2d 1207, 1208-10 (Colo. 1978); *Wolf v. Antonoff*, 423 P.2d 840, 842 (Colo. 1967); *City and County of Denver v. Tax Research Bureau*, 71 P.2d 809, 812 (Colo. 1937).

Garfield County's computation of the debtor's property tax liability for 2008 taxes renders choate Garfield County's property tax lien for 2008 taxes; 11 U.S.C. §§ 362(b)(3) and 546(b) allow Garfield County to make these computations postpetition. The resulting property tax lien for 2008 property taxes relates back to the January 1, 2008 assessment date. Colorado case law holds that, "such lien does not become effective nor is its value known until the property is assessed and the taxes levied, at which time the theretofore inchoate lien relates back and attaches as of the date authorized for assessment," *In re W. States Distrib., Inc.* 179 B.R. 666, 668 (Bankr.D.Colo. 1995) (citations omitted). <u>See also</u> *In re Thurman*, 163 B.R. 95, 98 (Bankr.W.D.Tex. 1994); *In re Summit Ventures, Inc.*, 135 B.R. 483, 492 (Bankr.D.Vt. 1991).

*In re: Lehman Brothers Holdings, Inc., et al.*
Case No. 08-13555 (JMP)
OBJECTION OF GARFIELD COUNTY TREASURER AND
BOARD OF COUNTY COMMISSIONERS OF GARFIELD
COUNTY, COLORADO, TO DEBTOR'S' MOTION TO
ESTABLISH PROCEDURES TO SELL OR ABANDON
*DE MINIMIS* ASSETS
T:\MyFiles\LITI\LB Rose\Pleadings - ours\Objection to Debtor's Mtn.docx

7

In addition, Garfield County's statutory lien for real property has priority over all other liens on the property per C.R.S. § 39-1-107(2), which provides as follows:

> Taxes levied on real and personal property, together with any delinquent interest, advertising costs, and fees prescribed by law with respect to any such taxes as may have become delinquent, shall be a perpetual lien thereon, and such lien shall have priority over all other liens until such taxes, delinquent interest, advertising costs, and fees shall have been paid in full.

See *In re W. Pac. Airlines, Inc.*, 273 F.3d 1291; *United States v. Elliott*, 209 F.Supp. 374, 375 (D.Colo. 1972). The statutory lien securing Garfield County's claim has priority over all other liens.

Because Garfield County is probably over-secured (see Exhibit D), it will be entitled to postpetition interest under 11 U.S.C. § 506(b) on its secured claim, see *In re Summit Ventures, Inc.*, 135 B.R. 483, 492 (Bankr.D.Vt. 1991). The 12% per year, accruing at 1% per month, is also provided by statute, C.R.S. § 39-10-104.5. This is the appropriate rate of interest to apply per 11 U.S.C. §§ 511(a) and 506(b).

III. <u>The Order To Be Issued on the Motion Should Include a Specific Provision Allowing the Consummation of the Deed-Restricted Contracts and the Sale, with the Deed Restriction in Place, of All Affordable Housing Units.</u>

The last, but not least, concern of Garfield County is that the Debtors' Motion, as it affects the LB Rose assets, could result in the sale of the twenty (20) identified deed-restricted units, free and clear of the deed restriction. Should that occur, it could operate as a rejection of not only the deed restriction, but also the executory contracts that exist for the sale of eight (8) of these units. This might jeopardize the remaining LB Rose assets, since LB Rose might then be in violation of the PUD approvals and the other remaining executory contracts it has with Garfield County (Garfield County would seek relief from the automatic stay before taking any

*In re: Lehman Brothers Holdings, Inc., et al.*
Case No. 08-13555 (JMP)
OBJECTION OF GARFIELD COUNTY TREASURER AND
BOARD OF COUNTY COMMISSIONERS OF GARFIELD
COUNTY, COLORADO, TO DEBTOR'S' MOTION TO
ESTABLISH PROCEDURES TO SELL OR ABANDON
*DE MINIMIS* ASSETS
T:\MyFiles\LITI\LB Rose\Pleadings - ours\Objection to Debtor's Mtn.docx

8

action with respect to remaining LB Rose assets). In any event, this could be an unintended consequence of the relief requested by the Debtors, and can be easily resolved by including a provision in the order that LB Rose assets on LB Rose Schedule A, Lots 297-316, may be sold in connection with the non-noticed *de minimis* sale provisions, but only in accordance with and subject to the deed restriction, and provided the real estate taxes due are paid from the proceeds of the sale, thus extinguishing the tax lien.

## Conclusion

Being a party to one of the largest bankruptcies in history is not a pleasant undertaking for Garfield County. Its interest in the bankrupt estate is miniscule in the grand scheme of this bankruptcy, but in terms of the potential purchasers of deed-restricted units and in terms of protection for the payment of *ad valorem* real estate taxes, this bankruptcy has a major impact in Garfield County. Allowing the simple changes to the order requested by the Debtors would be a benefit to this Court, to the bankrupt estate, and to Garfield County.

Respectfully submitted this 28st day of May, 2009.

OFFICE OF THE COUNTY ATTORNEY
OF GARFIELD COUNTY, COLORADO

*/s/ Deborah Quinn, original signature on file*
Deborah Quinn
Assistant Garfield County Attorney
108 8th Street, Suite 219
Glenwood Springs, CO 81601
(970) 945-9150
E-mail: dquinn@garfield-county.com
ATTORNEY FOR GARFIELD COUNTY
TREASURER AND BOARD OF COUNTY
COMMISSIONERS OF GARFIELD COUNTY,
COLORADO

*In re: Lehman Brothers Holdings, Inc., et al.*
Case No. 08-13555 (JMP)
OBJECTION OF GARFIELD COUNTY TREASURER AND
BOARD OF COUNTY COMMISSIONERS OF GARFIELD
COUNTY, COLORADO, TO DEBTOR'S' MOTION TO
ESTABLISH PROCEDURES TO SELL OR ABANDON
*DE MINIMIS* ASSETS
T:\MyFiles\LITI\LB Rose\Pleadings - ours\Objection to Debtor's Mtn.docx