Objection Date and Time: May 29, 2009 at 4:00 p.m.
Hearing Date and Time: June 3, 2009 at 10:00 a.m.

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
Telephone: (312) 845-3000
Facsimile: (312) 701-2361
James E. Spiotto (admitted pro hac vice)
Ann E. Acker (admitted pro hac vice)
Franklin H. Top, III (admitted pro hac vice)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>LEHMAN BROTHERS HOLDINGS INC., ET AL.,<br><br>Debtors. | CHAPTER 11 CASE NO. 08-13555 (JMP)<br><br>(Jointly Administered) |
| IN RE<br><br>LEHMAN BROTHERS, INC.<br><br>Debtor. | 08-01420 (JMP) SIPA |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE TO THE MOTION OF THE DEBTORS PURSUANT TO SECTIONS 105(A) AND 363(B) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(B) AUTHORIZING THE ESTABLISHMENT OF PROCEDURES TO TERMINATE UNFUNDED COMMITMENTS AND RESTRUCTURE CORPORATE LOAN AGREEMENTS**

2630326.01.01.doc

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES U.S. Bank National Association, not individually but as Trustee for certain trusts, including but not limited to those listed on the attached Schedule A, files this Limited Objection and Reservation of Rights with respect to the Motion of the Debtors Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b) authorizing the Establishment of Procedures to Terminate Unfunded Commitments and Restructure Corporate Loan Agreements (the "*Motion*", and U.S. Bank's limited objection thereto, the "*Limited Objection*").  In support of its Limited Objection, U.S. Bank states as follows:

## OBJECTIONS

1.    U.S. Bank objects to the Motion to the extent that the Motion: (1) alters any of the rights of U.S. Bank as Trustee or the holders of Notes in a trust in and to any loans directly owned by a trust or in which a Trust has an interest through a participation, (2) seeks to restructure a loan in which a trust has a direct legal or participation interest without providing notice to the relevant Trustee of the terms and conditions of any restructuring with a sufficient amount of time to provide a meaningful objection, and (3) seeks to terminate unfunded commitments (a) which causes damage to a trust or (b) without returning or distributing to the trust funds held by LCPI, to make advances to borrowers or for other purposes, which are the rightful proceeds of loans directly owned by the trust or in which the trust has a participation interest.

2.    U.S. Bank serves as Trustee under the terms of (a) an Indenture or a Series Indenture as supplemented by a Standard Terms for Indenture for Notes or (b) a Series Trust Agreement and a Standard Terms for Trust Agreements.  These special purpose entities or trusts were established to purchase outright or a participation interest in certain loans ("Trust Held Loans") originated or purchased by Lehman Brothers Commercial Paper, Inc. ("*LCPI*").    The

purchase of the Trust Held Loans by the special purpose entities or trusts was financed through the issuance of Notes that were issued under the terms of Indentures, including but not limited to those listed for the transctions listed on *Schedule A*. Each of the special purpose entities or trusts established under the terms of Indentures or Trust Agreements shall be referred to herein as the "*Trusts*", and holders of notes issued under the Indentures shall be referred to as the "*Noteholders*".

3. In some cases LCPI serves as Administrative Agent with respect to the Trust Held Loans under the terms of a Participation Agreement (or similar agreement), (a) interacting with the borrowers under those loans to collect any payments made thereon, and (b) making any advances in accordance with the terms of the relevant loan agreement with the borrower and consistent with the terms of the Participation Agreement and/or Indenture. The Participation Agreement and Indenture provide certain limits on the actions of LCPI with respect to Trust Held Loans. In order to make advances to borrowers of Trust Held Loans, LCPI would typically deliver a draw request to the Trustee who would provide the funds to LCPI to make the advance. In the event of an Event of Default under the terms of an Indenture, however, the ability of LCPI to use funds in a trust to make these advances may change. Events of default exist under the terms of some of these Indentures. Since the filing of the Petition, LCPI has continued to collect payments (some or all of which rightfully belong to a trust) and may have made advances to borrowers. U.S. Bank believes that LCPI continues to hold funds of trusts to enable LCPI to make advances.

4. Under the terms of the Motion LCPI seeks the ability to (a) negotiate with borrowers to terminate unfunded commitments and (b) negotiate settlements of certain loans within certain parameters described in the Motion (the "*Proposed Actions*"). What is not clear in the Motion is whether or not the Proposed Actions relate in any way to Trust Held Loans.

5.      To the extent that the Motion in fact seeks authority to take Proposed Actions with respect to Trust Held Loans, any actions taken either must be in strict accordance with the terms of the Indenture and Participation Agreement.  In the event the Proposed Action is not strictly in accordance with the terms of the relevant agreements, the consent of certain Noteholders may be required.

6.      U.S. Bank objects to any proposed action that 1) alters any of the rights of U.S. Bank as Trustee or the Noteholders in a trust in and to any Trust Held Loans, (2) seeks to restructure any Trust Held Loan without providing notice to the relevant Trustee of the terms and conditions of any restructuring with a sufficient amount of time to provide a meaningful objection to the Proposed Action, and (3) seeks to terminate unfunded commitments (a) which causes damage to a trust or (b) without returning or distributing to the trust funds held by LCPI which are the rightful proceeds of Trust Held Loans.

7.      U.S. Bank believes it should be provided with at least fifteen business days advance written notice of any Proposed Action relating to Trust Held Loans so that it may determine whether the Proposed Action is in fact in compliance with the terms of the relevant agreements.  In those instances where the Proposed Action is not in compliance with the terms of the agreements U.S. Bank is willing to consider (and pass on to the relevant Noteholders for their consideration) any Proposed Action relating to a Trust Held Loan, but it needs sufficient notice, at least fifteen business days, of any proposed action to adequately notify the beneficiaries of the Trust and consider the Proposed Action.  Further, any funds held by LCPI to make advances to borrowers whose commitments are being terminated should be immediately transmitted to the Trust.

8.      U.S. Bank believes any Order entered should condition the authority granted with respect to Proposed Actions relating to Trust Held Loans to require (a) at least fifteen business

days notice to the Trustee of the Proposed Action, (b) that the Proposed Action be in strict accordance with the terms of the relevant agreements or with the consent of the Trustee and any required holders, and (c) that funds held by LCPI to make advances under commitments that are being terminated be immediately returned to the Trust upon consummation of the Proposed Action.

      WHEREFORE U.S. Bank National Association, as Trustee respectfully requests that this Court condition the relief sought by (a) requiring at least fifteen business days written notice to the Trustee of any Proposed Action relating to Trust Held Loans, (b) requiring that the Proposed Action be either in accordance with the terms of the relevant agreements or with the consent of the requisite holders of notes or interests in the trusts and the Trustee, and (c) upon consummation of the termination of any unfunded commitment, immediately return any funds held to make advances with respect to such commitment.

      Respectfully submitted,

      U.S. Bank National Association, not individually but as Trustee

      By:    /s/Ann Acker_____
           One of Its Attorneys

James E. Spiotto
Ann Acker
Franklin H. Top, III
Chapman and Cutler LLP
111 West Monroe Street
Chicago, Illinois 60603
(312) 845-3000

## SCHEDULE A

|    | **Issuer** | **Trustee** |
|----|------------|-------------|
| 1  | Apollo I Trust | U.S. Bank, N.A. |
| 2  | Apollo FD 2008-1, L.P. | U.S. Bank, N.A. |
| 3  | A-PQ Cayman Partners, L.P. | U.S. Bank, N.A. |
| 4  | H 2008-3 Cayman Partners, L.P. | U.S. Bank, N.A. |
| 5  | PQ/HDS Cayman Partners - A, L.P. | U.S. Bank, N.A. |
| 6  | CCP HD HF I, LP | U.S. Bank, N.A. |
| 7  | CCP HD HF II, LP | U.S. Bank, N.A. |
| 8  | CCP HD PE, LP | U.S. Bank, N.A. |
| 9  | SL Cloud I Trust | U.S. Bank, N.A. |
| 10 | Riopelle Broadway LP | U.S. Bank, N.A. |
| 11 | Apollo FD 2008-2 | U.S. Bank, N.A. |
| 12 | Pine CCS | U.S. Bank, N.A. |
| 13 | Verano CCS | U.S. Bank N.A. |
| 14 | Spruce CCS | U.S. Bank N.A. |
| 15 | Madison Avenue | U.S. Bank N.A. |