Hearing Date and Time: June 3, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :    08-13555 (JMP)
                                               :
                    Debtors.                   :    (Jointly Administered)
------------------------------------------------------------------x

**DEBTORS' OBJECTION TO UNCLAIMED PROPERTY RECOVERY
SERVICE INC.'S MOTION TO COMPEL AND RELATED RELIEF**

       Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), joins in the objection of James W. Giddens (the "Trustee"), as Trustee for the Securities Investor Protection Act of 1970 ("SIPA") liquidation of Lehman Brothers Inc. ("LBI"), and objects to the motion dated April 13, 2009 filed by Unclaimed Property Recovery Service, Inc. ("UPRS") [LBHI Docket Nos. 3345, 3346] (the "Motion") and respectfully represents:

**Background**

       1.     On September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are

NY2:\1993383\04\16Q3R04!.DOC\58399.0003

being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 19, 2008, a proceeding was commenced under SIPA with respect to LBI.  The Trustee is administering LBI's estate.

3. Prior to the Commencement Date and the commencement of LBI's SIPA proceeding, LBI and UPRS entered into four contracts (the "Contracts") dated May 28, 1996, September 18, 1997, March 23, 1998 and January 14, 1999, respectively, under which UPRS could recover, and earn a contingency fee for the collection of, unclaimed property held by third parties and payable to LBI.

4. On April 13, 2009, UPRS filed the Motion in LBHI's docket for an order (i) compelling payment of certain unclaimed funds held by the New York State Comptroller Office of Unclaimed Funds (the "Comptroller"); (ii) declaring that the automatic stay extant pursuant to section 362 of the Bankruptcy Code does not apply to UPRS' request, or, alternatively, granting relief from the automatic stay; and (iii) directing payment of $500,000 as compensation for a purported administrative expense claim.

5. By order dated October 6, 2008 the Court granted the Trustee authority to reject certain executory contracts upon notice to parties in interest.  On May 1, 2009, the Trustee filed a notice rejecting the Contracts as of May 1, 2009 [LBI Docket No. 1050].  On May 11, 2009, UPRS filed an objection to the Trustee's notice of rejection [LBI Docket No. 1092 and LBHI Docket No. 3546].

**Debtors' Objection**

6. On May 29, 2009, the Trustee filed its objection to the Motion and reply in further support of the Trustee's rejection of the Contracts [LBHI Docket No. 3699] (the "Objection"). The Debtors join the Trustee's Objection and object to the Motion for the reasons set forth herein.

7. First, the attorneys for LBHI and LBI were contacted by the Comptroller and its attorneys from the New York State Office of the Attorney General. Upon information and belief, certain of the funds held by the Comptroller, which includes property that UPRS seeks to recover, are not LBI's property and may belong to the Debtors and their non-debtor affiliates and subsidiaries. The Comptroller, LBI, and LBHI are currently working to facilitate an expeditious return of more than $6,000,000 of unclaimed funds in the Comptroller's possession to LBI and other Lehman entities.

8. In light of the fact that UPRS seeks to recover property of the Debtors' estates, the automatic stay extant pursuant to section 362 of the Bankruptcy Code clearly applies and UPRS has not demonstrated cause to lift the automatic stay in LBHI's case.

9. Second, in light of the Comptroller's voluntary cooperation in returning funds to LBI and Lehman, LBI exercised sound business judgment in rejecting the Contracts. Upon rejection, any claim UPRS may assert against LBI arising from and relating to LBI's rejection of the Contracts will be general unsecured claim against LBI. UPRS' request for payment of such general unsecured claim is inappropriate and must be denied. Additionally, LBI's ability to recover previously unclaimed property without assistance from outside parties, including UPRS, demonstrates that any actions undertaken by UPRS were neither actual nor necessary to the preservation of LBI's estate.

**Conclusion**

WHEREFORE, for the reasons set forth in the Objection and herein, the Debtors respectfully request that the Court deny the Motion and grant LBI and the Debtors such other relief as is just and proper.

Dated: May 29, 2009
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession