UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
                                                :
In re:                                          :
                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :    Case No. 08-013555 (JMP)
                                                :
                         Debtor.                :
                                                :
------------------------------------------------x

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER BETWEEN THE EXAMINER AND CITIGROUP, INC.

This Stipulation (the "Stipulation" or "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Anton R. Valukas, Esq., in his capacity as Examiner (as defined below) appointed in the Chapter 11 Cases (as defined below) of Lehman Brothers Holdings, Inc. and its affiliated debtors and debtors in possession (the "Debtors") in the Chapter 11 Cases, and (b) Citigroup, Inc. and its affiliates ("Citigroup").

WHEREAS, commencing on September 15, 2008 ("Commencement Date"), the Debtors commenced voluntary cases ("Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on January 16, 2009, the Bankruptcy Court entered an Order Directing the Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code (the "Examiner Order"), and the Examiner Order, inter alia, ordered (i)

25947.3 25947.4

the United States Trustee for the Southern District of New York (the "U.S. Trustee") to appoint an examiner (the "Examiner"), and (ii) the Examiner to conduct an investigation into certain specified matters and to perform the duties set forth in sections 1106(a)(3) and (4) of the Bankruptcy Code (collectively, and as may be amended and/or supplemented by a Bankruptcy Court order, the "Examiner Investigation");

WHEREAS, on January 19, 2009, pursuant to the Examiner Order, the U.S. Trustee appointed Anton R. Valukas as Examiner and the Bankruptcy Court approved the appointment by Order dated January 20, 2009;

WHEREAS, the Examiner has requested that Citigroup produce certain documents and provide information relevant to the Examiner Investigation (all documents and information provided by Citigroup to the Examiner, the "Discovery Materials");

WHEREAS, Citigroup has requested, and the Examiner has agreed, that certain Discovery Materials be subject to a protective order, pursuant to Fed. R. Bankr. P. 7026, to protect the confidentiality of sensitive information; and

WHEREAS, the Examiner and Citigroup have entered into this Stipulation and agreed to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1. Citigroup may designate as "Highly Confidential" that portion of any Discovery Materials that Citigroup in good faith believes meets any of the following criteria in subparagraphs (a) - (i) below, provided that "Highly Confidential" information shall not include: information that is at any time independently developed by the

Examiner without use of or reliance upon any of Citigroup's Discovery Materials; information rightfully acquired by the Examiner from an independent source without restrictions as to use; information that was, prior to disclosure, rightfully in the possession or knowledge of the Examiner; information that is publicly available in substantially the same form in which it was provided by Citigroup; information that is required by law to be made available to third parties; information that was, is or becomes public knowledge, not in violation of this Protective Order; or information that is voluntarily de-designated by Citigroup. Subject to these conditions and limitations, Citigroup may designate the following as "Highly Confidential":

(a) information that identifies specific securities, loans, instruments or other property now or previously held, maintained or possessed by Citigroup or any of its customers and which is not related to the Debtors, except that Citigroup may designate as "Highly Confidential" information that identifies specific securities, loans, instruments or other property of or formerly of the Debtors that is currently held, maintained or possessed by Citigroup;

(b) information that identifies and specifically relates to current or former customers of Citigroup other than the Debtors, including, without limitation, matters pertaining to such customers' accounts, credit exposure, appraisals, financial condition or valuations;

(c) information concerning Citigroup's employee and executive compensation;

(d) information that is proprietary and competitively sensitive and/or that reveals Citigroup's methodology in regard to risk-rating, valuation or other forms of financial or credit analysis;

(e) information that reveals personal financial or other personal data of a personal or intimate nature regarding any prior or current Citigroup employee that will cause undue harm to the reputation of or ~~embarassment~~embarrassment to such employee;

(f) information that Citigroup is required by law or regulation to protect from disclosure; or

(g) any other category of information hereinafter given "Highly Confidential" status by agreement between the Examiner and Citigroup.

2. Citigroup may designate as "Confidential" that portion of any Discovery Material that Citigroup in good faith believes meets any of the following criteria in subparagraph (a) below, provided that "Confidential" information shall not include: information that is at any time independently developed by the Examiner without use of or reliance upon any of Citigroup's Discovery Material; information rightfully acquired by the Examiner from an independent source without restrictions as to use; information that was, prior to disclosure, rightfully in the possession or knowledge of the Examiner; information that is publicly available in substantially the same form in which it was provided by Citigroup; information that is required by law to be made available to third parties; information that was, is or becomes public knowledge, not in violation of this Protective Order; or information that is voluntarily de-designated by Citigroup. Subject to these conditions and limitations, Citigroup may designate the following as "Confidential":

~~25947.3~~
25947.4

(a) any category of information hereinafter given "Confidential" status by agreement between the Examiner and Citigroup.

3. Citigroup may designate Discovery Materials as Confidential or Highly Confidential by applying the applicable legend to the Discovery Materials. In the case of data stored in electronic form, the applicable legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored.

4. Discovery Materials that have been designated Highly Confidential shall be maintained in confidence and shall not be shared by the Examiner with any person other than: (i) persons who authored or who were the original recipients of the document at issue; (ii) Jenner & Block, in its capacity as counsel to the Examiner, including Jenner & Block attorneys, legal assistants, paralegals, secretarial, and other staff; (iii) professional firms or persons as are retained by the Examiner to provide specialized advice in connection with the Examiner Investigation, including their staff, and including Duff & Phelps; (iv) outside vendors such as copy services or document management vendors used by the Examiner; (v) the Bankruptcy Court (in accordance with Paragraph 8); and (vi) other persons upon further order of the Court or consent of Citigroup. In the event the Examiner in good faith believes that providing Highly Confidential materials to a witness or other person providing information to the Examiner would assist the Examiner in carrying out his duties, the Examiner shall provide notice to Citigroup of the materials he seeks to use (except with respect to interviews of persons who authored or who were the original recipients of the document at issue, provided that no other parties are present at the interview), and the parties shall use their best efforts within five business days to allow the use of such material while protecting Citigroup's

- 5 -

need for confidentiality, including, but not limited to, considering whether portions of such material can be redacted, re-evaluating whether such material must be protected as "Highly Confidential," or considering other provisions to allow the Examiner to carry out his duties while protecting the confidentiality of Citigroup information. In the event the Examiner and Citigroup cannot resolve an issue concerning the use of "Highly Confidential" information, the matter may be presented to the Bankruptcy Court for resolution on an expedited basis.

5. Discovery Materials that have been designated Confidential (but not Highly Confidential) may be shown to any of the individuals or entities identified in Paragraph 4, as well as to witnesses or other persons who are providing information to the Examiner in connection with the Examiner Investigation (without providing notice to Citigroup) provided that counsel for the Examiner has provided such person with a copy of this Protective Order and such person has executed a Non-Disclosure Declaration in the form annexed as an Exhibit hereto. If Confidential or Highly Confidential information is the subject of testimony during a deposition or other recorded interview, then it shall be indicated on the record by counsel for the Examiner (or, if counsel for Citigroup is present, by counsel for Citigroup) that a question, or a line of questioning concerning a particular subject matter, calls for Confidential or Highly Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

6. Counsel for the Examiner shall provide a copy of this Protective Order to a representative of any professional firm, vendors or individual other than Jenner & Block who is retained by the Examiner, and the firm or vendor representative or

individual, as the case may be, must execute a Non-Disclosure Declaration in the form annexed as an Exhibit hereto prior to the firm or individual receiving any Highly Confidential or Confidential information.

7. If at any time Citigroup determines or realizes that certain testimony or some portion(s) of Discovery Materials that it previously produced should be designated as Confidential or Highly Confidential, Citigroup may apprise the Examiner in writing, and such designated testimony or portion(s) of Discovery Materials will thereafter be treated as Confidential or Highly Confidential under the terms of this Agreement, provided, however, that Citigroup shall, at its cost, provide the Examiner with substitute copies, bearing the appropriate legend, of any such Discovery Materials.

8. All Confidential and Highly Confidential information filed with the Bankruptcy Court, and all portions of pleadings, motions or other papers filed with the Bankruptcy Court that disclose such Confidential or Highly Confidential Discovery Materials, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Bankruptcy Court.

9. In the event the Examiner objects to any designation of testimony or Discovery Materials as Confidential or Highly Confidential, the Examiner shall so inform Citigroup, stating the grounds of the objection, and the parties shall have seven business days to attempt to resolve the Examiner's objection, at the end of which the Examiner may seek a ruling from the Bankruptcy Court that such information should not be treated as Confidential or Highly Confidential, provided that no Confidential or Highly Confidential information shall be filed in the public record prior to such a determination

25947.3
25947.4

by the Court, and provided further that the burden shall be on Citigroup to justify the claim that disputed material has been properly designated.

10. In the event the Examiner is required by law to provide Confidential or Highly Confidential material to any third party, the Examiner shall first provide prompt prior written notice to counsel for Citigroup and Citigroup shall be given a reasonable opportunity to seek protection from a court.

[THIS SPACE INTENTIONALLY LEFT BLANK]

11. To the extent that documents produced pursuant to this Protective Order are later produced to a third party in response to lawful process, Citigroup's designation of documents as "Confidential" or "Highly Confidential" under this Protective Order shall not be binding on such third party.

12. This Protective Order shall survive the termination of the Examiner Investigation.

Dated: New York, New York
       May 26, 2009

CITIGROUP, INC.

By: /s/ Claudia Hammerman
Stephen J. Shimshak
(sshimshak@paulweiss.com)
Douglas R. Davis
(ddavis@paulweiss.com)
Claudia L. Hammerman
(chammerman@paulweiss.com)

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Citigroup, Inc. (including, without limitation, Citibank, N.A.)*

ANTON R. VALUKAS, ESQ., EXAMINER

By: /s/ Patrick Trostle

Jerome L. Epstein
(jepstein@jenner.com)
Patrick J. Trostle
(ptrostle@jenner.com)

JENNER & BLOCK LLP
Jerome L. Epstein
1099 New York Avenue NW
Suite 900
Washington, D.C. 20001
Telephone:  (202) 639-6000

Patrick J. Trostle
919 Third Avenue
37th Floor
New York, New York 10022
Telephone:  (212) 891-1600

*Attorneys for Anton R. Valukas, Esq., Examiner*

SO ORDERED this___day of May, 2009:

_____
UNITED STATES BANKRUPTCY JUDGE

- 9 -

25947.4

<u>EXHIBIT</u>

NON-DISCLOSURE DECLARATION

I, _____, declare under penalty of perjury, the following:

I reside at _____ in the City/ County of _____ and State of _____;

I have read the annexed Confidentiality Stipulation and Protective Order between the Examiner and Citigroup, Inc., dated _____, 2009, in the matter entitled *In re Lehman Brothers Holdings, Inc., et al.*, Case No. 08-13555 (JMP), which is pending in the United States Bankruptcy Court for the Southern District of New York;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York; and

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this litigation, any information designated as Confidential or Highly Confidential.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____

_____