UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                    :

In re                                                :       Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :       08-13555 (JMP)

                      Debtors.          :       (Jointly Administered)

-------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE APPROVING THE LETTER AGREEMENT, INCLUDING THE PAYMENT OF THE BREAK-UP FEE, AMONG DEUTSCHE BANK AG, LONDON BRANCH AND CERTAIN DEBTORS**

Upon the motion, dated May 5, 2009 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF"), and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), for, among other things, entry of an order approving the Letter Agreement between Deutsche Bank AG, London Branch and Certain Debtors related to the Libra Credit Default Swap Agreement, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed, heard, and made determinations pursuant to the Motion; and the Letter Agreement having been amended pursuant to representation of counsel at a hearing held before

---

[1]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

the Court on May 28, 2009; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

  A. Sufficient notice of the Motion was given to the parties to the Credit Default Swap Agreement and the Indenture and to any other persons entitled to such notice in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Procedure for the Southern District of New York, and this Court's Order dated September 22, 2008 governing case management and administrative procedures for these chapter 11 cases (Docket No. 285) (collectively, the "Notice Parties"). The Court finds that no other or further notice of the Motion is or shall be required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

  B. The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

  C. The Debtors' entry into the Letter Agreement, as amended, including the Break-Up Fee, is (i) a decision within the Debtors' business judgment; (ii) in the best interests of the Debtors' estates; and (iii) reasonable and appropriate under the circumstances.

  D. The Letter Agreement was proposed and entered into by the Debtors and the Assignee without collusion, in good faith, and from arm's-length bargaining positions.

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

  1. The Letter Agreement, as amended, is approved.

2. All objections to the Motion or the relief requested therein relating to the approval of the Letter Agreement, as amended, including the Break-Up Fee, that have not been withdrawn and all reservations of rights included therein are hereby overruled on the merits.

3. LBHI and LBSF are approved and authorized to enter into the Letter Agreement, as amended, in accordance with section 363 of the Bankruptcy Code.

4. Upon entry of an order by this Court granting the declaratory relief alleged in the Complaint, LBSF and LBHI shall send notice of a hearing on the Motion as it relates to the Assignment of the Libra Credit Default Swap Agreement to the Notice Parties (the "Assignment Hearing").

5. LBSF and LBHI shall entertain any bids received five or more days prior to the Assignment Hearing and, in their sole discretion, determine whether any such bids are (i) legitimate offers which can be consummated, and (ii) higher and better offers than the Assignment.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
       June 1, 2009

       *s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE