STROOCK & STROOCK & LAVAN LLP
Melvin A. Brosterman
Quinlan D. Murphy
180 Maiden Lane
New York, New York 10038
(212) 806-5400

*Attorneys for Plaintiff Neuberger Berman, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------ x

| | | |
|---|---|---|
| NEUBERGER BERMAN, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Adversary Proceeding No. _____ |
| PNC BANK, National Association, | : | |
| LEHMAN BROTHERS INC., and | : | |
| LEHMAN BROTHERS COMMERCIAL CORP., | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------ x

## **COMPLAINT FOR INTERPLEADER**

The plaintiff, Neuberger Berman, LLC ("Neuberger Berman"), by and through its

attorneys, Stroock & Stroock & Lavan LLP, for its Complaint against the defendants, alleges as

follows:

## NATURE OF THE ACTION

1. Neuberger Berman seeks interpleader of the defendants so that this Court may determine among them their respective rights to funds Neuberger Berman is obligated to pay pursuant to a certain agreements concerning the exchange of currency (the "Currency Claim"). Neuberger Berman has no interest in, or claim to, such funds, but has an interest in the expeditious and efficient resolution of potential conflicting ownership claims to the funds that may lead to inconsistent determinations of liability, i.e., double liability, and additional litigation if the claims are not resolved.

## PARTIES

2. Neuberger Berman is a Delaware limited liability company.

3. Upon information and belief, defendant PNC Bank, National Association ("PNC") is a national banking association with a main office address of 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222.

4. Upon information and belief, defendant Lehman Brothers Commercial Corporation ("LBCC") is a Delaware Corporation with its principal place of business in New York, New York.

5. Upon information and belief, defendant Lehman Brothers Inc. ("LBI") (together with LBCC, "Lehman") is a Delaware Corporation with its principal place of business in New York, New York.

6. On or about October 5, 2008, LBCC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7. On our about September 19, 2008, a proceeding was commenced against LBI under the Securities Investor Protection Act.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C., §§ 157 and 1334, because the claim set forth herein arises under the Bankruptcy Code, or arises in or is related to the voluntary petition for relief under chapter 11 of the Bankruptcy Code filed by Lehman Brothers Holdings Inc., *et al.* This is a core proceeding pursuant to 28 U.S.C., §§ 157(b)(1) and (b)(2)(A).

9. This Court also has jurisdiction for purposes of this interpleader action pursuant to 28 USC § 1335. Neuberger Berman has in its custody or control funds representing the Currency Claim, the value of which exceeds $500. At least two entities of diverse citizenship may claim that they are entitled to the Currency Claim.

10. Concurrently with the filing of this Complaint, Neuberger Berman filed a motion with the Court seeking authorization to pay the proceeds of the Currency Claim to the Clerk of the Court for deposit into the Court Registry Investment System, in compliance with 28 U.S.C. § 1335(a)(1), pending judgment of the Court as to how the proceeds of the Currency Claim should be distributed between the defendants.

11. Venue is proper in this Court pursuant to 28 U.S.C., § 1409(a) because this adversary proceeding arises in or is related to the above-captioned chapter 11 case.

## FACTS

12. On or about August 6, 2008, PNC and Neuberger Berman agreed to an exchange of currency, by which PNC would deliver EUR 26,400,000.00 and Neuberger Berman would deliver USD 40,273,200.00 (the "Currency Exchange") on February 11, 2009.

13. To effectuate the Currency Exchange, Neuberger Berman agreed to deliver the USD 40,273,200.00 to Lehman in return for EUR 26,400,000.00, and PNC agreed to deliver the

EUR 26,400,000.00 to Lehman in return for USD 40,273,200.00. Lehman, in turn, was to debit and credit, respectively, the appropriate account or accounts of Neuberger Berman or its customers.

14. On or about February 25, 2009, PNC filed a complaint against Neuberger Berman in the United States District Court for the Western District of Pennsylvania, Case Number 09-245, seeking the delivery of USD 40,273,200.00 (the "PNC Action").

15. Based on EUR and USD exchange rates on the date for delivery of currency, USD 40,273,200 was worth more than EUR 26,400,000.00, meaning Neuberger Berman had a loss on the Currency Exchange and PNC had a gain.

16. Despite repeated requests by Neuberger Berman to Lehman seeking Lehman's consent to Neuberger Berman delivering the difference in value of USD 40,273,200.00 and EUR 26,400,000.00 directly to PNC, LBI has not provided its consent.

17. On or about April 3, 2009, Neuberger Berman and PNC entered into a stipulation agreeing that, to account for PNC's gain on the Currency Exchange, if Neuberger Berman is found to be liable to PNC for having breached the contract alleged in the PNC Action, then, "in lieu of specific performance, PNC shall be awarded as damages, the principal sum of $6,037,680.00 . . . plus accrued interest from March 16, 2009" at an agreed upon rate (the "Currency Claim Proceeds"). (Annexed hereto as Exhibit A is a true and correct copy of the stipulation.)

## COUNT I

### INTERPLEADER

18. The plaintiff, Neuberger Berman, repeats and realleges the allegations contained in Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. The defendants may have competing claims to the Currency Claim, and the plaintiff may potentially be exposed to double liability on account thereof.

**WHEREFORE**, Neuberger Berman respectfully requests judgment as follows:

(a) requiring the defendants to interplead concerning their respective claims to the Currency Claim;

(b) restraining and enjoining the defendants from commencing or prosecuting any action seeking amounts from Neuberger Berman due under the Currency Claim, including the PNC Action;

(c) discharging and releasing Neuberger Berman from any and all liability to the defendants arising out of the Currency Claim upon deposit with the Court of the Currency Claim Proceeds or otherwise delivering the Currency Claim Proceeds in accordance with the judgment of the Court in this case;

(d) awarding Neuberger Berman its attorney fees, costs, disbursements, and expenses incurred in this action; and

(e) awarding such other and further relief as the Court deems just, proper, and equitable.

Dated: New York, New York
      June 1, 2009                  STROOCK & STROOCK & LAVAN LLP

                                   By:   /s/ Melvin A. Brosterman
                                          Melvin A. Brosterman
                                          Quinlan D. Murphy
                                          180 Maiden Lane
                                          New York, NY 10038-4982
                                          212-806-5400

                                Attorneys for Plaintiff Neuberger Berman, LLC