UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE:

LEHMAN BROTHERS, INC.,

                       Debtor
------------------------------------------------------------X

**MOTION TO MODIFY**
**AUTOMATIC STAY**

Chapter 7
Case No.: 08-13555

S I R S:

       PLEASE TAKE NOTICE that MATTHEW HUDSON, by his attorneys, DerGarabedian, Dillon, Grizopoulos & Nathan, P.C., will move the United States Bankruptcy Court located at 1 Bowling Green, New York, New York 10004 before the Honorable James M. Peck on the 24th day of June, 2009 at 10:00 a.m. in the forenoon of that date or as soon thereafter as counsel can be heard, for an Order pursuant to 11 U.S.C. Section 362(d), to Modify the Automatic Stay in the within matter as to permit a certain personal injury matter to proceed as further set forth in the within Affirmation annexed hereto and for such other, further and different relief as this Court may seem just and proper.

Dated: Rockville Centre, New York
        May 22, 2009

                                        Yours, etc.,

                                        Charles F. Brennan, Esq.
                                        DerGarabedian, Dillon,
                                        Grizopoulos & Nathan, P.C.
                                        Attorneys for Plaintiff
                                        MATTHEW HUDSON
                                        11 Clinton Avenue
                                        Rockville Centre, New York 11570
                                        516-766-1619

TO: Debtor
Lehman Brothers, Inc.
399 Park Avenue
New York, New York 10022

Law Office of Edward Garfinkel
Attorney for Lehman Brothers
12 Metro Tech Center
Brooklyn, New York 11201

Weil, Gotshal & Manges LLP
Attorney for Debtor
767 Fifth Avenue
New York, New York 10153

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE:                                                     **ATTORNEY'S**
                                                           **AFFIRMATION**
LEHMAN BROTHERS, INC.,
                                                           Chapter 7
        Debtor                         Case No.: 08-13555

------------------------------------------------------------X

    CHARLES F. BRENNAN, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York, and before the United States District Court for the Southern District of New York, hereby affirms the following under penalties of perjury:

    1.    I am an attorney associated with the firm of DerGarabedian, Dillon, Grizopoulos & Nathan, P.C. I make this Affirmation in support of the within application for an Order Modifying the Automatic Stay provision of 11 U.S.C. Section 362 and base this request on information and belief upon a thorough review of the file maintained in this office.

    2.    The purpose of this application is to request that the Court grant an Order in the form annexed hereto modifying the stay provision of 11 U.S.C. Section 362 pursuant to Subdivision D thereof as to permit this office to proceed with a personal injury action on behalf of MATTHEW HUDSON enabling claim to be liquidated and/or settled for the purpose of recovering the aforesaid claim from any and all co-defendants and/or existing insurance policies providing coverage therefore.

    3.    MATTHEW HUDSON was injured when he was struck by a cinder block which fell from above at the premises located at 399 Park Avenue, New York, New York.

    4.    As a result of this accident, an action was commenced in the Supreme Court of the State of New York, County of New York by the purchase of Index No.

603417/06 on September 28, 2006, titled MATTHEW HUDSON, Plaintiff, against HENEGAN CONSTRUCTION CO., INC., CITIGROUP, INC., LEHMAN BROTHERS, INC. and LIBERTY CONTRACTING & HOME IMPROVEMENT, INC. A copy of the Summons and Complaint is annexed as **Exhibit "A"**. Shortly thereafter, the plaintiff served a Supplemental Summons and Complaint amending the action to include BOSTON PROPERTIES as a named defendant. A copy of the Supplemental Summons and Complaint is annexed as **Exhibit "B"**. Thereafter, HENEGAN CONSTRUCTION CO., INC., brought a third party action against CAMPBELL & DAWES, LTD. A copy of the third party Summons and Complaint is annexed as **Exhibit "C"**. LEHMAN BROTHERS, INC. then brought a second third party action against PEI SYSTEMS, INC. A copy of the Summons and Complaints are annexed as **Exhibit "D"**.

5. Debtor, LEHMAN BROTHERS, INC., appeared by their attorneys, the Law Offices of Edward Garfinkel. Upon information and belief, defendant was insured through AIG Insurance Company under a policy bearing Claim Number 683-104123. A copy of the Answer on behalf of defendant, Lehman Brothers, Inc., is annexed as **Exhibit "E"**.

6. It is respectfully submitted to the Court that the debtor in this matter will not encounter any prejudice by the granting of the within relief as claimant seeks at the present time only to continue with the action for the purpose of collecting against any and all insurance proceeds which may be available on behalf of debtor. Immediately prior to Lehman Brothers, Inc. filing for bankruptcy it was agreed between the parties that Lehman Brothers, Inc. would contribute $7,500.00 towards a total settlement of $42,500.00.

In the alternative, claimant will be unduly prejudiced by the failure to modify the automatic stay in that he will be unable to proceed with this personal injury action with regard to the insurance coverage.

8. It is further submitted that pursuant to the Insurance Law of the State of New York, Section 3420 provides that any insurance policy issued must provide that the insolvency or bankruptcy of the insured shall not release the insurance company from payment for damages for an injury sustained during the life of the policy.

9. A debtor's estate is comprised of "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. Section 541(a)(1). The bankruptcy estate also includes "(p)roceeds…of or from property of the estate," 11 U.S.C. Section 541(a)(6) and "(a)ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. Section 541(a)(7).

10. Accordingly, it is respectfully requested that the within motion be granted and that the proposed Order be entered in the form annexed as **Exhibit "F"**.

WHEREFORE, it is respectfully requested that the Court grant the within application to modify the automatic stay provision of 11 U.S.C. Section 362 permitting a personal injury action entitled MATTHEW HUDSON, Plaintiff, against HENEGAN CONSTRUCTION CO., INC., CITIGROUP, INC., LEHMAN BROTHERS, INC., LIBERTY CONTRACTING & HOME IMPROVEMENT, INC. and BOSTON PROPERTIES Defendants; HENEGAN CONSTRUCTION CO., INC., Third-Party Plaintiff, against CAMPBELL & DAWES, LTD., Third-Party Defendant; LEHMAN BROTHERS, INC., Second Third-Party Plaintiff, against PEI SYSTEMS, INC., Second Third-Party Defendant, to proceed permitting any and all claims against LEHMAN

BROTHERS, INC. to be liquidated by settlement or otherwise and further permitting the aforesaid sums to be collected against any and all insurance proceeds and for such other, further or different Orders as may become necessary.

Dated: Rockville Centre, New York
May 22, 2009

*[signature]*

CHARLES F. BRENNAN, ESQ.

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No: 06/663417
Date Purchased: 9/29/06

------------------------------------------------------------x

MATTHEW HUDSON,

                              Plaintiff,

      -against-

HENEGAN CONSTRUCTION CO., INC., CITIGROUP
INC., LEHMAN BROTHERS, INC. and LIBERTY
CONTRACTING & HOME IMPROVEMENT, INC.,

                              Defendants.

------------------------------------------------------------x

**SUMMONS**
Plaintiff designates
New York County
as the place of trial

The basis of venue is:
Place of Accident
Plaintiff resides at
232 East Hudson Street
Long Beach, New York

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Rockville Centre, New York
       August 3, 2006

                             **DERGARABEDIAN & ASSOCIATES**
                             Attorneys for Plaintiff
                             11 Clinton Avenue
                             Rockville Centre, New York 11570
                             516-766-1619

Defendant's Residence:
HENEGAN-250 West 30th Street
New York, New York
CITIGROUP-111 Eighth Avenue
New York, New York
LEHMAN-399 Park Avenue
New York, New York
LIBERTY-25-31 94th Street
N. Bergen, New Jersey

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------x
MATTHEW HUDSON,

                                         Plaintiff,            **VERIFIED COMPLAINT**

                - against -                                Index No:

HENEGAN CONSTRUCTION CO., INC., CITIGROUP
INC., LEHMAN BROTHERS INC. and LIBERTY
CONTRACTING & HOME IMPROVEMENT, INC.,

                                         Defendants.
----------------------------------------------------------------x

        Plaintiff, MATTHEW HUDSON, by his attorneys, DERGARABEDIAN & ASSOCIATES, P.C., complaining of the defendants herein, respectfully alleges as follows:

1.        At all times mentioned herein, plaintiff, MATTHEW HUDSON, was and still is a resident of the County of Nassau, State of New York.

2.        At all times mentioned herein, defendant, HENEGAN CONSTRUCTION CO. INC., is a domestic corporation organized and existing under and by virtue of the laws of the State of New York and maintains an office for the transaction of business located at 250 West 30th Street, New York, New York.

3.        At all times mentioned herein, defendant, CITIGROUP, INC., is a domestic corporation organized and existing under and by virtue of the laws of the State of New York, and maintains an office for the transaction of business located at 111 Eighth Avenue, New York, New York.

4.        At all times mentioned herein, defendant, LEHMAN BROTHERS INC., is a

foreign corporation authorized to do business in the State of New York and maintains an office for the transaction of business located at 399 Park Avenue, New York, New York.

5. At all times hereinafter mentioned, defendant, LIBERTY CONTRACTING & HOME IMPROVEMENT, INC., was a domestic corporation organized and existing under and by virtue of the laws of the State of New Jersey and maintains an office for the transaction of business located at 25-31 94th Street, North Bergen, New Jersey.

6. At all times mentioned herein, defendant, CITIGROUP, INC., was the owner of premises located at 399 Park Avenue, New York, New York.

7. At all times hereinafter mentioned, defendant, LEHMAN BROTHERS, INC., was and still is the lessee of premises located at 399 Park Avenue, New York, New York.

8. At all times hereinafter mentioned, defendant, HENEGAN CONSTRUCTION CO., INC., entered into an agreement with defendants, LEHMAN BROTHERS INC. and/or CITIGROUP, INC., to perform certain construction work at the aforesaid premises located at 399 Park Avenue, New York, New York, and more specifically on the fifth floor of said premises.

9. Upon information and belief, at all times hereinafter mentioned, the defendant, HENEGAN CONSTRUCTION CO., INC., hired defendant, LIBERTY CONTRACTING & HOME IMPROVEMENT, INC., as a sub-contractor herein to perform certain construction/renovation work at the aforesaid premises located at 399 Park Avenue, New York, New York, and more specifically on the fifth floor of said premises.

defendant, LIBERTY CONTRACTING & HOME IMPROVEMENT, INC., entered into an agreement with defendant, HENEGAN CONSTRUCTION CO., INC., to perform said construction and renovation work at the aforesaid premises located at 399 Park Avenue, New York, New York, and more specifically on the fifth floor of said premises

11. At all times hereinafter mentioned, defendants, HENEGAN CONSTRUCTION CO., INC. and LIBERTY CONTRACTING & HOME IMPROVEMENT, INC., were in the process of performing construction and/or renovation work at the premises located at 399 Park Avenue, New York, New York and more specifically on the fifth floor of said premises.

12. That on or about March 27, 2006 at approximately 3:05 p.m.., while plaintiff, MATTHEW HUDSON, was lawfully traversing through the main doors on the fifth floor of premises located at 399 Park Avenue, New York, New York, he was struck on the head by a cinder block which fell from the ceiling of said premises causing him to sustain serious and severe personal injuries herein.

13. The aforesaid accident occurred as a result of the negligent and careless ownership, operation, management, maintenance and control of the subject premises by the defendants, their agents, assigns and employees, specifically, allowing and permitting the fifth floor of said premises upon which plaintiff was lawfully traversing to exist in an unsafe, dangerous, improper and defective condition.

14. The aforesaid occurrence and the injuries and damages sustained by the plaintiff were caused solely and wholly by the negligence of the defendants without any negligence on the part of the plaintiff in any way contributing thereto.

15. The defendants, their agents, servants and/or employees were reckless, careless and negligent in the management, operation, maintenance and control of their premises; in failing to provide the plaintiff with a safe place to traverse thereupon; in failing to take any reasonable precautions to protect those persons lawfully upon said premises from the known dangers then and there existing, specifically the plaintiff herein; in failing to take any precautions so as to avoid the happening of this accident; in failing to exercise reasonable care to prevent injury to the plaintiff; in causing and permitting the premises to become and remain in a state of disrepair and create a dangerous condition thereat; in failing to keep the premises in good, safe and adequate repair and/or properly repaired; in creating and maintaining a nuisance upon the premises; in failing to keep and maintain its premises in a safe and suitable condition; in failing to keep and maintain its premises in a safe and suitable condition for patrons of said premises to traverse upon; in failing to properly train, instruct and supervise its agents, servants, assigns and/or employees with respect to the safe maintenance of said premises; in hiring persons who were not trained, equipped and/or unskilled in the proper maintenance and repair of said premises; in failing to remedy a dangerous, defective and hazardous condition at said premises and in otherwise being negligent in the premises.

16. The defendants, their agents, servants, assigns and/or employees knew or should have known the dangerous condition existed for a long and unreasonable period of time and should have remedied same in a timely manner.

17. As a result of the aforesaid accident, the plaintiff was caused to sustain serious personal injuries to and about his body and to his nerves and nervous system causing him great pain and discomfort and incapacitating him from attending to his usual

and normal activities and duties and necessitating medical care and treatment with consequential medical expenses and some of the injuries so sustained will be of a long lasting and permanent nature all to his damage in an amount which exceeds the jurisdictional limits of this Court.

**WHEREFORE**, the plaintiff demands judgment against the defendants in an amount which exceeds the jurisdictional limits of this Court, together with interest, punitive damages and the costs and disbursements of this action.



**DERGARABEDIAN & ASSOCIATES, P.C.**
Attorney for Plaintiff
11 Clinton Avenue
Rockville Centre, New York 11570
516-766-1619

# VERIFICATION

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NASSAU    )

MATTHEW HUDSON, being duly sworn deposes and says:

I am the plaintiff in the within action herein; I have read the annexed VERIFIED COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
MATTHEW HUDSON

Sworn to before me the
31st day of August, 2006

_____
Notary Public

JEAN ZEIGLER
Notary Public, State of New York
No. 30-4392890
Qualified in Nassau County
Commission Expires 1/31/2010