# EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK    Index No: 603417/06
COUNTY OF NEW YORK    Date Purchased: 9/28/06
-----------------------------------------------------------------X

MATTHEW HUDSON,

**SUPPLEMENTAL
SUMMONS**

Plaintiff,

Plaintiff designates
New York County
as the place of trial

-against-

The basis of venue is:
Place of Accident
Plaintiff resides at
232 East Hudson Street
Long Beach, New York

HENEGAN CONSTRUCTION CO., INC.,
LEHMAN BROTHERS, INC. and LIBERTY
CONTRACTING & HOME IMPROVEMENT, INC.
and BOSTON PROPERTIES,

Defendants.

-----------------------------------------------------------------x

## To the above named Defendants:

**You are hereby summoned** to answer the complaint in this action, and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a
notice of appearance on the Plaintiff's attorneys within twenty (20) days after the service
of this summons, exclusive of the day of service, where service is made by delivery upon
you personally within the state, or, within thirty (30) days after completion of service
where service is made in any other manner. In case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Rockville Centre, New York
October 19, 2007

**DERGARABEDIAN & DILLON**
Attorneys for Plaintiff
11 Clinton Avenue
Rockville Centre, New York 11570
516-766-1619

Defendant's Residence:

BOSTON PROPERTIES
399 Park Avenue
New York, New York

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------X

MATTHEW HUDSON,                                        Index No: 603417/06

                                Plaintiff,

                                              **AMENDED
VERIFIED
COMPLAINT**

                    - against -

HENEGAN CONSTRUCTION CO., INC.,
LEHMAN BROTHERS INC., LIBERTY
CONTRACTING & HOME IMPROVEMENT, INC. and
BOSTON PROPERTIES,

                                Defendants.

-----------------------------------------------------------------x

        Plaintiff, MATTHEW HUDSON, by his attorneys, DERGARABEDIAN
& ASSOCIATES, P.C., complaining of the defendants herein, respectfully alleges as
follows:

        1.     At all times mentioned herein, plaintiff, MATTHEW HUDSON, was and
still is a resident of the County of Nassau, State of New York.

        2.     At all times mentioned herein, defendant, HENEGAN CONSTRUCTION
CO. INC., is a domestic corporation organized and existing under and by virtue of the
laws of the State of New York and maintains an office for the transaction of business
located at 250 West 30th Street, New York, New York.

        3.     At all times mentioned herein, defendant, LEHMAN BROTHERS INC., is
a foreign corporation authorized to do business in the State of New York and maintains
an office for the transaction of business located at 399 Park Avenue, New York, New
York.

        4.     At all times hereinafter mentioned, defendant, LIBERTY
CONTRACTING & HOME IMPROVEMENT, INC., was a domestic corporation

organized and existing under and by virtue of the laws of the State of New Jersey, and maintains an office for the transaction of business located at 25-31 94th Street, North Bergen, New Jersey.

5.    At all times hereinafter mentioned, defendant, BOSTON PROPERTIES, was a domestic corporation organized and existing under and by virtue of the laws of the State of New York and maintains an office for the transaction of business located at 399 Park Avenue, New York, New York.

6.    At all times hereinafter mentioned, defendant, BOSTON PROPERTIES, was the owner of premises located at 399 Park Avenue, New York, New York.

7.    At all times hereinafter mentioned, defendant, LEHMAN BROTHERS, INC., was and still is the lessee of premises located at 399 Park Avenue, New York, New York.

8.    At all times hereinafter mentioned, defendant, HENEGAN CONSTRUCTION CO., INC., entered into an agreement with defendants, LEHMAN BROTHERS INC. and/or BOSTON PROPERTIES, to perform certain construction work at the aforesaid premises located at 399 Park Avenue, New York, New York, and more specifically on the fifth floor of said premises.

9.    Upon information and belief, at all times hereinafter mentioned, the defendant, HENEGAN CONSTRUCTION CO., INC., hired defendant, LIBERTY CONTRACTING & HOME IMPROVEMENT, INC., as a sub-contractor herein to perform certain construction/renovation work at the aforesaid premises located at 399 Park Avenue, New York, New York, and more specifically on the fifth floor of said premises.

defendant, LIBERTY CONTRACTING & HOME IMPROVEMENT, INC., entered into an agreement with defendant, HENEGAN CONSTRUCTION CO., INC., to perform said construction and renovation work at the aforesaid premises located at 399 Park Avenue, New York, New York, and more specifically on the fifth floor of said premises

11. At all times hereinafter mentioned, defendants, HENEGAN CONSTRUCTION CO., INC. and LIBERTY CONTRACTING & HOME IMPROVEMENT, INC., were in the process of performing construction and/or renovation work at the premises located at 399 Park Avenue, New York, New York and more specifically on the fifth floor of said premises.

12. That on or about March 27, 2006 at approximately 3:05 p.m.., while plaintiff, MATTHEW HUDSON, was lawfully traversing through the main doors on the fifth floor of premises located at 399 Park Avenue, New York, New York, he was struck on the head by a cinder block which fell from the ceiling of said premises causing him to sustain serious and severe personal injuries herein.

13. The aforesaid accident occurred as a result of the negligent and careless ownership, operation, management, maintenance and control of the subject premises by the defendants, their agents, assigns and employees, specifically, allowing and permitting the fifth floor of said premises upon which plaintiff was lawfully traversing to exist in an unsafe, dangerous, improper and defective condition.

14. The aforesaid occurrence and the injuries and damages sustained by the plaintiff were caused solely and wholly by the negligence of the defendants without any negligence on the part of the plaintiff in any way contributing thereto.

15.   The defendants, their agents, servants and/or employees were reckless, careless and negligent in the management, operation, maintenance and control of their premises; in failing to provide the plaintiff with a safe place to traverse thereupon; in failing to take any reasonable precautions to protect those persons lawfully upon said premises from the known dangers then and there existing, specifically the plaintiff herein; in failing to take any precautions so as to avoid the happening of this accident; in failing to exercise reasonable care to prevent injury to the plaintiff; in causing and permitting the premises to become and remain in a state of disrepair and create a dangerous condition thereat; in failing to keep the premises in good, safe and adequate repair and/or properly repaired; in creating and maintaining a nuisance upon the premises; in failing to keep and maintain its premises in a safe and suitable condition; in failing to keep and maintain its premises in a safe and suitable condition for patrons of said premises to traverse upon; in failing to properly train, instruct and supervise its agents, servants, assigns and/or employees with respect to the safe maintenance of said premises; in hiring persons who were not trained, equipped and/or unskilled in the proper maintenance and repair of said premises; in failing to remedy a dangerous, defective and hazardous condition at said premises and in otherwise being negligent in the premises.

16.   The defendants, their agents, servants, assigns and/or employees knew or should have known the dangerous condition existed for a long and unreasonable period of time and should have remedied same in a timely manner.

17.   As a result of the aforesaid accident, the plaintiff was caused to sustain serious personal injuries to and about his body and to his nerves and nervous system causing him great pain and discomfort and incapacitating him from attending to his usual

and normal activities and duties and necessitating medical care and treatment

consequential medical expenses and some of the injuries so sustained will be of a long

lasting and permanent nature all to his damage in an amount which exceeds the

jurisdictional limits of this Court.

**WHEREFORE**, the plaintiff demands judgment against the defendants in an

amount which exceeds the jurisdictional limits of this Court, together with interest,

punitive damages and the costs and disbursements of this action.

**DERGARABEDIAN & DILLON, P.C.**
Attorney for Plaintiff
11 Clinton Avenue
Rockville Centre, New York 11570
516-766-1619

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NASSAU     )

MATTHEW HUDSON, being duly sworn deposes and says:

I am the plaintiff in the within action herein; I have read the annexed AMENDED

VERIFIED COMPLAINT and know the contents thereof and the same are true to my

knowledge, except those matters therein which are stated to be alleged on information

and belief, and as to those matters I believe them to be true.

_Matthew Hudson_
MATTHEW HUDSON

Sworn to before me the
17th day of October, 2007

Notary Public

HEATHER NATHAN
Notary Public, State of New York
No. 02NA6101575
Qualified in Nassau County
Commission Expires November 17, 20 11

# EXHIBIT "C"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
MATTHEW HUDSON,

                           Plaintiff,                        **THIRD PARTY SUMMONS**

      -against-                                **Index No.: 603417/06**

HENEGAN CONSTRUCTION CO., INC., CITIGROUP,
INC., LEHMAN BROTHERS, INC. and LIBERTY
CONTRACTING & HOME IMPROVEMENT, INC.,

                          Defendants,
-------------------------------------------------------------------x

HENEGAN CONSTRUCTION CO., INC.,

                        Third-Party Plaintiff,

      -against-                             Index #:
                                                Date Filed
CAMPBELL & DAWES, LTD.,

                        Third-Party Defendant,
-------------------------------------------------------------------x

TO THE ABOVE NAMED THIRD-PARTY DEFENDANTS:

      YOU ARE HEREBY SUMMONED to answer the complaints of the third-party plaintiff and the plaintiff, copies of which are hereby served upon you, and to serve copies of your answer upon the undersigned attorneys for the third-party plaintiff and plaintiff within twenty (20) days after the service of this summons and third-party complaint, exclusive of the day of service or within thirty (30) days after completion of service where service is made in any manner other than personal delivery within the State.

      In case of your failure to answer the complaint of the third-party plaintiffs, judgment will be taken against you by default for the relief demanded in the third-party complaint.

Dated: New York, New York
      August 9, 2007

           BY: JOHN C. SPATARO, ESQ.
LAW OFFICE OF JOHN P. HUMPHREYS
Attorneys for Defendant/Third-Party Plaintiff
HENEGAN CONSTRUCTION CO., INC.
485 Lexington Avenue, 7th floor
New York, New York 10017
(917) 778-6600

TO:

CAMPBELL & DAWES, LTD.
84-48 124th St.
Kew Gardens, N.Y. 11415
Serviced Personally & via Secretary of State

DERGARABEDIAN & ASSOCIATES
Attorneys for Plaintiff
11 Clinton Avenue
Rockville Centre, N.Y. 11570
(516) 766-1619

WHITE & MCSPEDON, PC
Attorneys for Defendant
CITIGROUP INC.
875 Avenue of the Americas – Suite 800
New York, N.Y. 10001
(212) 564-6633

THE LAW OFFICE OF EDWARD GARFINKEL
Attorneys for Defendant
LEHMAN BROTHERS, INC.
110 William St.
New York, N.Y. 10038

TRAUB, ENGLIN, LIEBERMAN & STRAUSS
Attorneys for Defendant
LIBERTY CONTRACTING & HOME IMPROVEMENT, INC.
Mid Westchester Executive Park
7 Skyline Drive
Hawthorne, N.Y. 10532

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

MATTHEW HUDSON,                                     **THIRD PARTY**
                                                    **COMPLAINT**
                          Plaintiff,

         -    against -

HENEGAN CONSTRUCTION CO., INC., CITIGROUP           **Index No.:**
INC., LEHMAN BROTHERS, INC. and
LIBERTCONTRACTING & HOME IMPROVEMENT, INC.,

                          Defendants,
------------------------------------------------------------------------x

HENEGAN CONSTRUCTION CO., INC.,

                          Third-Party Plaintiff,

                  -against-

CAMPBELL & DAWES, LTD.,

                          Third-Party Defendant,
------------------------------------------------------------------------x

The defendant/third-party plaintiff HENEGAN CONSTRUCTION CO., INC., by its
attorneys, the LAW OFFICE OF JOHN P. HUMPHREYS, as and for a third-party complaint
against the above named third-party defendant, CAMPBELL & DAWES, LTD. alleges upon
information and belief that:

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST
### THIRD-PARTY DEFENDANT, CAMPBELL & DAWES, LTD.

1.    At all times herein after mentioned, defendant/third-party plaintiff, HENEGAN
CONSTRUCTION CO., INC. was and still is a domestic corporation.

2.    At all times hereinafter mentioned, the third-party defendant, CAMPBELL & DAWES, LTD. was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3.    At all times hereinafter mentioned, the third-party defendant, CAMPBELL & DAWES, LTD. was and still is a foreign corporation duly authorized to transact business within the State of New York.

4.    At all times hereinafter mentioned, the third-party defendant, CAMPBELL & DAWES, LTD. was and still is a partnership authorized and existing under the State of New York.

5.    That the third-party defendant, CAMPBELL & DAWES, was and still is a partnership authorized and existing under the laws of the State of New York.

6.    That the third-party defendant, CAMPBELL & DAWES, LTD. was and still is a sole proprietorship.

7.    That the third-party defendant, CAMPBELL & DAWES, LTD. was and is transacting business in the State of New York.

8.    Prior to this third-party action, the plaintiff commenced an action against the defendant/third-party plaintiff to recover damages caused by alleged negligence.   A copy of the complaint is annexed hereto as **Exhibit "A".** This defendant/third-party plaintiff refers thereto as if the same were fully set forth at length herein, without admitting to allegations therein.

9.    Copies of the defendants' answers to the complaint are annexed hereto as **Exhibit "B".**

10.    The plaintiff, by and for his complaint herein, alleges that he was working at 399 Park Avenue, 5th Floor, New York in the State of New York.

11.    The plaintiff, by and for his complaint herein, alleges that on or about March 27, 2006 he was seriously injured due to the negligence of the defendants.

12.    Third-Party Defendant was present through its agents, servants and/or employees on the date and at the place of the occurrence alleged in plaintiff's complaint.

13.    Upon information and belief, third-party defendant maintained and controlled the area where plaintiff was allegedly injured and the conditions upon which the plaintiff complains were created by third-party defendant, its agents, servants and/or employees.

14.    If the plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's complaint through any carelessness, recklessness, or negligence other than the plaintiff's own carelessness, recklessness or negligence, then said damages were sustained by reason of the carelessness, recklessness or negligence and/or acts of omission or commission of the third-party defendant, **CAMPBELL & DAWES, LTD.**

15.    By reason of the foregoing, the third-party defendant, CAMPBELL & DAWES, LTD. will be liable to the third-party plaintiff **HENEGAN CONSTRUCTION CO., INC.** in the event and in the full amount of a recovery herein by the plaintiff, or for that proportion thereof caused by the relative responsibility of the third-party defendant, **CAMPBELL & DAWES, LTD.** and the third-party defendant, **CAMPBELL & DAWES,** are bound to pay any and all attorneys' fees, costs of investigations and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT, CAMPBELL & DAWES, LTD.

16.    The defendant/third-party plaintiff repeats and reiterates each and every allegation designated **"1"** through **"15"** herein with the same force and effect as though the same were herein fully set forth at length.

17.    If the plaintiff herein recovers a judgment against the third-party defendant/third-party plaintiff for the alleged injuries and damages the plaintiff alleges to have suffered at the time and place mentioned in the complaint, such damages and liability imposed on the defendant/third-party plaintiff will have been caused and brought about by reason of the primary and active negligence of the third-party defendant, **CAMPBELL & DAWES, LTD.** its agents, servants and/or employees, in permitting, causing and creating the alleged conditions set forth in the plaintiff's complaint and by the third-party defendant, **CAMPBELL & DAWES, LTD.** in failing generally to exercise care and diligence, all without any active or primary negligence on the part of the defendants/third-party plaintiffs contributing thereto.

18.    If defendants/third-party plaintiff, **HENEGAN CONSTRUCTION**, is held liable to the plaintiff in any respect, such liability will be due solely to the active or primary negligence of the third-party defendant, **CAMPBELL & DAWES, LTD.** and its agents, servants and/or employees.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST
### THIRD-PARTY DEFENDANT, CAMPBELL & DAWES, LTD.

19.    The defendant/third-party plaintiff repeats and reiterates each and every allegation designated "1" through "18" herein with the same force and effect as though the same were herein fully set forth at length.

20.    The plaintiff in his complaint alleges that the defendant/third-party plaintiff **HENEGAN CONSTRUCTION CO., INC.** violated certain applicable rules, statutes and ordinances.

21.    If any rules, statutes or ordinances were violated, any of which are specifically denied, then such violation was due to the acts of the third-party defendant, CAMPBELL & DAWES, LTD.

22.    If the plaintiff shall recover any sum in the actions for the injuries allegedly sustained against the defendant/third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.** by reason of the violation of any rule, statute or ordinance, then the third-party defendants

shall be liable to the defendant/third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.** for all of said sum or such portion thereof as the Court may determine to be the proportionate shares of liability as among the defendant/third-party plaintiff and the third-party defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT, CAMPBELL & DAWES, LTD.

23.    The defendant/third-party plaintiff repeats and reiterates each and every allegation designated "1" through "22" herein with the same force and effect as though the same were herein fully set forth at length.

24.    Prior to March 27, 2006, the third-party defendant, **CAMPBELL & DAWES, LTD.** entered into an agreement with defendant/third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.**

25.    On March 27, 2006, said agreements were in full force and effect.

26.    On March 27, 2006, and prior thereto, the defendant/third third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.** had fulfilled all of its requirements pursuant to said agreement.

27.    Pursuant to the said agreement, the third-party defendant, **CAMPBELL & DAWES, LTD.** entered into a contract with a hold harmless agreement to the defendant/third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.**

28.    Pursuant to the said agreement the third-party defendant, **CAMPBELL & DAWES, LTD.** entered into contract with an indemnification agreement to the defendant/third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.**

29.    Pursuant to the said agreement the third-party defendant, **CAMPBELL & DAWES, LTD.** entered into contracts with defendant/third-party plaintiff **HENEGAN CONSTRUCTION CO., INC.** for the purpose of contractual indemnification so that any

negligence on the part of any subcontractors of **CAMPBELL & DAWES, LTD.** shall be deemed the negligence of **CAMPBELL & DAWES, LTD.,** for purposes of indemnity.


30.    The defendant/third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.** have performed any and all duties and obligations undertaken by it pursuant to the aforesaid agreement, and the defendant/third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.** are hereby entitled to all the representations, warranties, covenants and clauses accruing to its benefit by virtue of the aforesaid hold harmless, indemnification and subcontractor provisions of the aforesaid agreement.


31.    If the plaintiff was caused to sustain said alleged injuries and damages at the time and place mentioned in the complaint due to any carelessness and/or negligence, other than the plaintiff's own carelessness and/or negligence, and in the event any judgment is recovered herein by the plaintiff against the defendant/third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.,** the defendant/third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.** will be damaged thereby and the third-party defendant, **CAMPBELL & DAWES, LTD.** is or will be responsible therefore by virtue of the terms, covenants, warranties and clauses contained in the aforesaid agreement.


32.    By reason of the foregoing, the third-party defendant, **CAMPBELL & DAWES, LTD.** will be liable to the defendant/third third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.** and bound to indemnify the defendant/third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.** in the event of a recovery herein by the plaintiff against the defendant/third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.** in the amount of any such recovery as well as any and all attorneys' fees, costs of investigation and disbursements.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT, CAMPBELL & DAWES, LTD.

33.    The defendant/third-party plaintiff repeat and reiterate each and every allegation designated "1" through "32" herein with the same force and effect as though the same were herein fully set forth at length.

34.    Prior to March 27, 2006, the third-party defendant, **CAMPBELL & DAWES, LTD.** entered into an agreement with defendant/third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.**

35.    On March 27, 2006, said agreement was in full force and effect.

36.    On March 27, 206, and prior thereto, the defendant/third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.** had fulfilled all its requirements pursuant to said agreement.

37.    That pursuant to said agreement, **CAMPBELL & DAWES**, was to, prior to the commencement of any work under the contract, at its own expense, maintain insurance on its own behalf and name **HENEGAN CONSTRUCTION CO., INC.,** as additional named insureds pursuant to the terms of said contract with said insurance policy providing for Workers' Compensation insurance and comprehensive general liability insurance.

38.    Upon information and belief the third-party defendant, **CAMPBELL & DAWES, LTD.** , failed and neglected to obtain such insurance thereby breaching the contract between the defendant/third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.** and the third-party defendant, **CAMPBELL & DAWES, LTD.**

39. As a result of third-party defendant's breach of the aforementioned contract the defendant/third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.** will be damaged by reason of said breach for the full amount of any recovery by the plaintiff herein.

40.   The third-party defendant, **CAMPBELL & DAWES, LTD.,** shall be liable to the defendant/third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.** for all said sum as a result of the third-party defendant's breach of contract and the terms thereof.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST THIRD PARTY DEFENDANT, CAMPBELL & DAWES, LTD.

41.   Defendant,/third-party plaintiff repeats, reiterates and realleges each and every allegation heretofore alleged herein as if the same were set forth at length herein.

42.   If plaintiff sustained any of the alleged damages other than through the negligence of plaintiff, and if defendant/third-party plaintiff is held liable for any portion of those damages, which it denies, those damages were caused in whole or in part by the negligent acts and/or omissions of third-party defendant and not by any negligence on the part of the defendant/third-party plaintiff.

43.   In the event plaintiff should recover against defendant/third-party plaintiff for any of the damages alleged in the Complaint, third-party defendant shall be liable to indemnify defendant/third-party plaintiff on the basis of apportionment of responsibility under the Rule of <u>Dole v. Dow</u> (30 NY 2d 143) for all or part of any judgment in such proportion as the Court or Jury may direct.

**WHEREFORE,** the defendant/third-party plaintiff, **HENEGAN CONSTRUCTION CO., INC.** demands judgment against the third-party defendants based on <u>Dole v. Dow</u> contribution, contractual indemnification and/or common law indemnification, <u>Kinney v. Lisk Co.</u> breach of contract, and for any and all damages recovered herein against **HENEGAN CONSTRUCTION CO., INC.,** together with all costs, disbursements and attorneys fees in connection with this action.

Dated:    New York, New York
          August 9, 2007

BY: JOHN C. SPATARO, ESQ.
LAW OFFICE OF JOHN P. HUMPHREYS

Attorneys for Defendant/Third-Party Plaintiff
HENEGAN CONSTRUCTION CO., INC.
485 Lexington Avenue, 7th Floor
New York, New York 10017
(917) 778-6600

TO:

CAMPBELL & DAWES, LTD.
84-48 124th St.
Kew Gardens, N.Y. 11415
Serviced Personally & via Secretary of State

DERGARABEDIAN & ASSOCIATES
Attorneys for Plaintiff
11 Clinton Avenue
Rockville Centre, N.Y. 11570
(516) 766-1619

WHITE & MCSPEDON, PC
Attorneys for Defendant
CITIGROUP INC.
875 Avenue of the Americas – Suite 800
New York, N.Y. 1000
(212) 564-6633

THE LAW OFFICE OF EDWARD GARFINKEL
Attorneys for Defendant
LEHMAN BROTHERS, INC
110 William St.
New York, N.Y. 10038

TRAUB, ENGLIN, LIEBERMAN & STRAUS
Attorneys for Defendant
LIBERTY CONTRACTING & HOME IMPROVEMENT, INC
Mid Westchester Executive Park
7 Skyline Drive
Hawthorne, N.Y. 10532