# EXHIBIT "D"

----------------------------------------------------------------X

MATTHEW HUDSON,

                    Plaintiff,                              **SECOND THIRD PARTY
                                                           SUMMONS**

          -against-
                                                           Index No. 603417/06

HENEGAN CONSTRUCTION CO., INC., LEHMAN
BROTHERS, INC. and LIBERTY CONTRACTING &
HOME IMPROVEMENT, INC. and BOSTON
PROPERTIES,

                    Defendants.
----------------------------------------------------------------X

HENEGAN CONSTRUCTION CO., INC.,                            Third-Party Index No.:
                                                           590726/07
                    Third-Party Plaintiff,
                                                           THIS SECOND
                                                           THIRD-PARTY
                                                           SUMMONS AND
          -against-                                        COMPLAINT WAS FILED
                                                           WITH THE CLERK OF
CAMPBELL & DAWES, LTD.                                     THE COURT ON:_____

----------------------------------------------------------------X

LEHMAN BROTHERS, INC.,

                    Second Third-Party Plaintiff,          Second Third-Party Index No.:

          -against-

PEI SYSTEMS INC.,

                    Second Third-Party Defendant.
----------------------------------------------------------------X

   TO THE ABOVE NAMED THIRD-PARTY DEFENDANT:

          YOU ARE HEREBY SUMMONED to answer the complaint of the Second Third-party

plaintiff, Third-party plaintiff, and of the plaintiff, copies of which are herewith served upon you

together with all prior pleadings and to serve copies of your answer on the undersigned attorney

for the second third party plaintiff, third party plaintiff, and upon the attorney for plaintiff, within

twenty (20) days after service of the above, exclusive of the date of service or within thirty (30)

days after service is complete if service is made by any method other than personal delivery to

you within the State of New York.

In the case of your failure to answer the complaint of the second third party plaintiff,

judgment will be taken against you on default for the relief sought in the second third party

plaintiff's complaint.

Dated:  New York, New York
December 3, 2007

Yours etc.,

THE LAW OFFICES OF EDWARD GARFINKEL
Attorneys for Defendant/ Second Third-Party
Plaintiff
LEHMAN BROTHERS, INC.

By: _____
Christopher Kolb
110 William Street
New York, New York 10038-3901
(212) 809-8000
Our File # NYNY-26222

TO:

**VIA DEPARTMENT OF STATE**
PEI SYSTEMS INC.
10-09 49th Avenue
Long Island City, NY 11101

DERGARABEDIAN & ASSOCIATES, P.C.
Attorneys for Plaintiff
11 Clinton Avenue
Rockville Centre, NY 11570
(516) 766-1619

LAW OFFICE OF JOHN P. HUMPHREYS
Attorneys for Defendant
HENEGAN CONSTRUCTION
485 Lexington Avenue, 7th Floor
New York, NY 10017

TRAUB, EGLIN, LIEBERMAN, STRAUS LLP
Attorneys for Defendant
LIBERTY CONTRACTING CORP.
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, NY 10532
(914) 347-2600

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
Attorneys for Third-Party Defendant, Campbell & Dawes, Ltd.
150 East 42nd Street
New York, NY 10017
(212) 420-3000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------X

MATTHEW HUDSON,

                  Plaintiff,

-against-

HENEGAN CONSTRUCTION CO., INC., LEHMAN
BROTHERS, INC. and LIBERTY CONTRACTING &
HOME IMPROVEMENT, INC. and BOSTON
PROPERTIES,

                  Defendants.

------------------------------------------------------------------X

HENEGAN CONSTRUCTION CO., INC.,

                  Third-Party Plaintiff,

-against-

CAMPBELL & DAWES, LTD.,

                  Third-Party Defendant.

------------------------------------------------------------------X

LEHMAN BROTHERS, INC.,

                  Second Third-Party Plaintiff,

-against-

PEI SYSTEMS INC.,

                  Second Third-Party Defendant.

------------------------------------------------------------------X

**SECOND THIRD PARTY
COMPLAINT**

Index No. 603417/06

Third-Party Index No.:
590726/07

Second Third-Party Index No.:

Defendant/ second third party plaintiff LEHMAN BROTHERS, INC. (hereinafter

referred to as "LEHMAN"), by its attorneys, THE LAW OFFICES OF EDWARD

GARFINKEL, as and for a third party complaint against second third party defendant PEI

SYSTEMS INC. (hereinafter referred to as "PEI") respectfully alleges upon information and belief:

**FIRST:**      Second third-party plaintiff LEHMAN is a foreign business corporation doing business in the State of New York.

**SECOND:**      Second third-party defendant PEI is a domestic corporation doing business in the State of New York.

**THIRD:**      Second third-party defendant PEI is a foreign corporation doing business in the state of New York.

**FOURTH:**      Second third-party defendant PEI is a foreign corporation transacting business in the State of New York, or is otherwise subject to the jurisdiction of the courts of the state of New York pursuant to CPLR 301, 302 and case law.

**FIFTH:**      The plaintiffs commenced an action against second third-party plaintiff by the filing of a summons and complaint on or about the date of August 3, 2006; a copy of said complaint is attached hereto as Exhibit "A" and is incorporated herein by reference.

**SIXTH:**      The principal action arises out of an alleged incident, described more fully in the complaint, in which plaintiff MATTHEW HUDSON allegedly was caused to sustain injuries on or about the date of March 27, 2006 on the fifth floor of the Lehman Brothers Building, located at 399 Park Avenue, New York, New York.

**SEVENTH:**    The principal action seeks money damages for personal injuries as set forth more particularly in the plaintiffs' complaint.

AS AND FOR A FIRST CAUSE OF ACTION

**EIGHTH:**    The defendant/second third-party plaintiff repeats and reiterates each and every allegation contained in paragraphs "FIRST" through "SEVENTH" as if more set forth at length herein.

**NINTH:**    If the plaintiff was caused to sustain damages in the manner and at the time and place as set forth in the plaintiff's complaint through any carelessness, recklessness or negligence, other than the plaintiffs' own carelessness, recklessness or negligence, then that was caused solely by reason of the carelessness, recklessness and negligence and/or acts or omissions or commissions of second third-party defendant and/or its agents, servants and/or employees; and if any judgment is recovered by the plaintiffs against second third-party plaintiff, then second third-party plaintiff will be damaged thereby, and second third-party defendant PEI will be liable to second third-party plaintiff for the full extent of any recovery by the plaintiffs against second third-party plaintiff, or alternatively for a portion thereof, and for attorney fees, costs, disbursements, and other damages.

**TENTH:**    That by reason of the foregoing, the second third-party defendant will be liable to the defendants/second third-party plaintiffs in the event and in the full amount of a recovery herein by the plaintiff or for that portion thereof caused by the relative responsibility of the second third-party defendant and the second third-party defendant is bound to pay any and all attorneys' fees dn costs of investigation and disbursement.

**ELEVENTH**: second third-party plaintiff repeats and reiterates each and every allegation set forth above, as if more fully set forth at length herein.

**TWELFTH**: By reason of the foregoing, second third-party defendant PEI is obligated to indemnify second third-party plaintiff under common law principles, in the event of and in the full amount of any recovery by the plaintiffs against second third-party plaintiff, and to pay second third-party plaintiff's attorney fees, costs and disbursements.

## SECOND CAUSE OF ACTION
## FOR CONTRACTUAL INDEMNIFICATION AND OTHER RELIEF

**THIRTEENTH**: second third-party plaintiff repeats and reiterates each and every allegation set forth above, as if more fully set forth as length herein.

**FOURTEENTH**: Prior to the alleged accident described in the complaint, second third-party defendant PEI executed a contractual agreement, by virtue of which second third-party defendant PEI agreed and became obliged to defend second third-party plaintiff, indemnify it and/or hold it harmless with respect to, among other things, claims such as those asserted by the plaintiffs herein, including claims arising from work for which second third-party defendant PEI had responsibility under the agreement, and/or work actually performed by second third-party defendant PEI and/or its agents, servants and/or employees.

**FIFTEENTH**: This agreement and/or obligation was in effect on the date of the alleged accident described in the complaint, and/or applies to the claims that the plaintiffs have asserted herein.

**SIXTEENTH**: If the plaintiffs were injured for the reasons alleged in the complaint, then second Third-party defendant PEI is obligated under the terms of the aforesaid agreement to

plaintiffs' alleged claims and damages.

**SEVENTEENTH:** To date, second third-party defendant PEI has not fulfilled this

obligation, causing continuing harm and expense to second third-party plaintiff.

**EIGHTEENTH:** By reason of the foregoing, second third-party defendant PEI is

obligated to defend second third-party plaintiff and hold it harmless as described above, and to

indemnify it in the event of and in the full amount of any recovery by the plaintiffs against

second third-party plaintiff, and to pay second third-party plaintiff's attorney fees, costs and

disbursements.

**THIRD CAUSE OF ACTION**
**FOR BREACH OF CONTRACT TO PROCURE INSURANCE COVERAGE**

**NINTEENTH:** SECOND THIRD-PARTY PLAINTIFF repeats and reiterates each and

every allegation set forth above, as if more fully set forth at length herein.

**TWENTIETH:** Prior to the alleged accident described in the complaint, SECOND

THIRD-PARTY DEFENDANT executed a contractual agreement by virtue of which SECOND

THIRD-PARTY DEFENDANT agreed to procure and maintain insurance coverage, whereby

SECOND THIRD-PARTY PLAINTIFF would be named as an insured and have and receive

coverage with respect to, among other things, claims such as those asserted by the plaintiffs

herein, including claims arising from work for which SECOND THIRD-PARTY DEFENDANT

had responsibility under the agreement, and/or work actually performed by SECOND THIRD-

PARTY DEFENDANT and/or its agents, servants and/or employees.

**TWENTY-FIRST:** This agreement and/or obligation was in effect on the date of the

alleged accident described in the complaint, and/or applies to the claims that the plaintiffs have

asserted herein.

that SECOND THIRD-PARTY PLAINTIFF has and receives the aforementioned coverage,

and/or to defend SECOND THIRD-PARTY PLAINTIFF and hold it harmless as described

above, and/or to compensate SECOND THIRD-PARTY PLAINTIFF with respect to any

damages that SECOND THIRD-PARTY PLAINTIFF has incurred and/or will incur, to the

extent SECOND THIRD-PARTY DEFENDANT has failed to procure and/or maintain the

aforementioned coverage and caused SECOND THIRD-PARTY PLAINTIFF harm thereby.

**TWENTY-THIRD:**  To date, SECOND THIRD-PARTY DEFENDANT has not

fulfilled this obligation, causing continuing harm and expense to SECOND THIRD-PARTY

PLAINTIFF.

**TWENTY-FOURTH:**  By reason of the foregoing, second third-party defendant

is obliged to provide redress including relief as demanded above, and/or to pay such other

damages as the law allows.


**WHEREFORE**, the defendants/third-party plaintiffs demand judgment on the complaint

herein as to the answering third-party defendant with costs and disbursements; and further

demands that the ultimate rights of the defendants/third-party plaintiffs and third-party defendant

as between themselves be determined in this action and that the defendants/third-party plaintiffs

have judgment over and against the third party defendants for all or that portion of any verdict or

judgment which may be obtained herein by the plaintiff against the defendants/third-party

plaintiffs to the extent that the responsibility of the third-party defendant contributed thereto

together with the costs and disbursement of this action plus all attorneys' fees and all other costs

herein.

**PLEASE TAKE NOTICE** that pursuant to CPLR 3402(b), the title of this action has been changed, from the title of the plaintiffs' complaint to the title of the third party summons and third party complaint herein.

Dated:  New York, New York
        December 3, 2007

Yours etc.,
THE LAW OFFICES OF EDWARD GARFINKEL
Attorneys for Defendant/ Second Third-Party
Plaintiff
LEHMAN BROTHERS, INC.

By: _____
       Christopher Kolb
110 William Street
New York, New York 10038-3901
(212) 809-8000
Our File # NYNY-26222

TO:

**VIA DEPARTMENT OF STATE**
PEI SYSTEMS INC.
10-09 49th Avenue
Long Island City, NY 11101

DERGARABEDIAN & ASSOCIATES, P.C.
Attorneys for Plaintiff
11 Clinton Avenue
Rockville Centre, NY 11570
(516) 766-1619

LAW OFFICE OF JOHN P. HUMPHREYS
Attorneys for Defendant
HENEGAN CONSTRUCTION
485 Lexington Avenue, 7th Floor
New York, NY 10017

TRAUB, EGLIN, LIEBERMAN, STRAUS LLP
Attorneys for Defendant
LIBERTY CONTRACTING CORP.
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, NY 10532
(914) 347-2600

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
Attorneys for Third-Party Defendant, Campbell & Dawes, Ltd.
150 East 42nd Street
New York, NY 10017
(212) 420-3000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

MATTHEW HUDSON,

                            Plaintiff(s),                    **VERIFIED ANSWER
                                                             AND DEMANDS**

            -against-
                                                             Index No. 603417/06

HENEGAN CONSTRUCTION CO., INC.,
CITIGROUP INC., LEHMAN BROTHERS, INC. and
LIBERTY CONTRACTING & HOME
IMPROVEMENT, INC.,

                            Defendant(s).
-------------------------------------------------------------------X

The defendant(s), **LEHMAN BROTHERS, INC.**, by its attorneys, The Law Offices of

Edward Garfinkel, as and for an answer to the complaint of the plaintiff(s) herein, respectfully

alleges upon information and belief:

FIRST:        Admits paragraph **"4"**, of the complaint.

SECOND:       Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraphs **"1"**, **"2"**, **"3"**, **"5"**, **"6"**, **"9"**, **"10"**, and **"11"**, of the complaint.

THIRD:        Denies paragraphs **"12"**, **"13"**, **"14"**, **"15"**, **"16"**, and **"17"** of the complaint.

FOURTH:       Denies paragraph **"8"**, of the complaint and respectfully refers all questions of

law to the court.

FIFTH:        Denies each and every allegation set forth in paragraph **"7"**, of the complaint

except admits defendant LEHMAN BROTHERS, INC. was and still is the lessee of a portion of

the premises including the 5th Floor located at 399 Park Avenue, New York, NY.

That the injuries and damages to the plaintiff(s) were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff(s) and any such alleged damages should be fully or partially diminished by said culpable conduct and want of care pursuant to CPLR Article 14-A.

<h3 align="center">AS AND FOR A SECOND AFFIRMATIVE DEFENSE</h3>

That the plaintiff(s) received remuneration and/or compensation for some or all of his claimed economic loss and that the defendant is entitled to have plaintiff's award, if any, reduced by the amount of that remuneration and/or compensation, pursuant to Section 4545(c) of the Civil Practice Law and Rules.

<h3 align="center">AS AND FOR A THIRD AFFIRMATIVE DEFENSE</h3>

That the liability of the defendant, LEHMAN BROTHERS, INC., if any, does not exceed fifty percent (50%) of the liability assigned to all persons and that the liability of the defendant, LEHMAN BROTHERS, INC., if any, for non-economic loss is limited pursuant to Article 16 of the CPLR.

<h3 align="center">AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</h3>

That the plaintiff(s) failed to mitigate plaintiff's damages.

<h3 align="center">AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST THE CO-DEFENDANT(S), HENEGAN CONSTRUCTION CO., INC., CITITGROUP INC., and LIBERTY CONTRACTING & HOME IMPROVEMENT, INC., , THE DEFENDANT(S), LEHMAN BROTHERS, INC., ALLEGES:</h3>

That any injuries and damages sustained by the plaintiff(s) herein as a result of the alleged incident described in the plaintiff's Complaint were sustained in whole or in part by reason of the negligence or other breach of duty on the part of the co-defendants, **HENEGAN**

CONSTRUCTION CO., INC., CITITGROUP INC., and LIBERTY CONTRACTING &
HOME IMPROVEMENT, INC., .

That if it is determined that the defendant, **LEHMAN BROTHERS, INC.,** is liable in any degree to the plaintiff(s), whether because of negligence, by operation of law or any other reason, the defendant, **LEHMAN BROTHERS, INC.,** is entitled to have the liability apportioned among and between the defendants by way of contribution and/or is entitled to be indemnified by one or more of said co-defendants.

WHEREFORE, the defendant, **LEHMAN BROTHERS, INC.,** demands judgment dismissing the Complaint of the plaintiff(s) herein with costs and further demands judgment pursuant to Section 3019b and Article 14 of the CPLR, that the ultimate rights of the defendant(s), **LEHMAN BROTHERS, INC.,** and the co-defendants, **HENEGAN CONSTRUCTION CO., INC., CITITGROUP INC., and LIBERTY CONTRACTING & HOME IMPROVEMENT, INC., ,** be determined as between themselves in that the defendant(s), **LEHMAN BROTHERS, INC.,** have judgment over and against the co-defendants, **HENEGAN CONSTRUCTION CO., INC., CITITGROUP INC., and LIBERTY CONTRACTING & HOME IMPROVEMENT, INC.,** for indemnification and/or contribution in whole or in part, for the amount of any sum which may be recovered herein against the defendant(s), **LEHMAN BROTHERS, INC.,** together with attorneys' fees and the costs and disbursements of this action.

Dated: New York, New York
      February 8, 2007

The Law Offices of Edward Garfinkel
Attorneys for Defendant,
LEHMAN BROTHERS, INC.
By:    Christopher Kolb
110 William Street
New York, New York 10038-3901
(212) 809-8000
Our File # NYNY 26222

TO:
Dergarabedian & Associates, P.C.
Attorneys for Plaintiff
11 Clinton Avenue
Rockville Centre, NY 11570
Phone: (516) 766-1619

Henegan Brothers Co. Inc.
250 West 30th Street
New York, NY

Citigroup Inc.
111 Eight Avenue
New York, NY

Liberty Contracting and Home Improvement, Inc.
25-31 94th Street
N. Bergen, NJ

COUNTY OF NEW YORK

----------------------------------------------------------------X

MATTHEW HUDSON,

                          Plaintiff,                  **ANSWER TO AMENDED**
**VERIFIED COMPLAINT**

                -against-                       **AND DEMANDS**

HENEGAN CONSTRUCTION CO., INC., LEHMAN      Index No. 603417/06
BROTHERS, INC. and LIBERTY CONTRACTING &
HOME IMPROVEMENT, INC. and BOSTON
PROPERTIES,

                       Defendants.

----------------------------------------------------------------X

       The defendant, **LEHMAN BROTHERS, INC.**, by its attorneys, The Law Offices of

Edward Garfinkel, as and for an answer to the complaint of the plaintiff herein, respectfully

alleges upon information and belief:

          1.      Admits paragraph **"3"**, of the complaint.

          2.      Denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraphs **"1"**, **"2"**, **"4"**, **"5"**, **"6"**, **"9"**, **"10"**, and **"11"**, of the

complaint.

          3.      Denies paragraphs **"12"**, **"13"**, **"14"**, **"15"**, **"16"**, and **"17"** of the

complaint.

          4.      Denies paragraph **"8"**, of the complaint and respectfully refers all

questions of law to the court.

          5.      Denies each and every allegation set forth in paragraph **"7"**, of the

complaint except admits defendant LEHMAN BROTHERS, INC. was and still is the lessee of a

portion of the premises including the Fifth Floor located at 399 Park Avenue, New York, NY.

That the injuries and damages to the plaintiff were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff and any such alleged damages should be fully or partially diminished by said culpable conduct and want of care pursuant to CPLR Article 14-A.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That the plaintiff received remuneration and/or compensation for some or all of his claimed economic loss and that the defendant is entitled to have plaintiff's award, if any, reduced by the amount of that remuneration and/or compensation, pursuant to Section 4545(c) of the Civil Practice Law and Rules.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That the liability of the defendant, LEHMAN BROTHERS, INC., if any, does not exceed fifty percent (50%) of the liability assigned to all persons and that the liability of the defendant, LEHMAN BROTHERS, INC., if any, for non-economic loss is limited pursuant to Article 16 of the CPLR.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That the plaintiff failed to mitigate plaintiff's damages.

### AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST THE CO-DEFENDANTS, HENEGAN CONSTRUCTION CO., INC., LIBERTY CONTRACTING & HOME IMPROVEMENT, INC. AND BOSTON PROPERTIES, THE DEFENDANT, LEHMAN BROTHERS, INC., ALLEGES:

That any injuries and damages sustained by the plaintiff herein as a result of the alleged incident described in the plaintiff's Complaint were sustained in whole or in part by reason of the negligence or other breach of duty on the part of the co-defendants, **HENEGAN**

CONSTRUCTION CO., INC., LIBERTY CONTRACTING & HOME IMPROVEMENT, INC. and BOSTON PROPERTIES.

That if it is determined that the defendant, **LEHMAN BROTHERS, INC.**, is liable in any degree to the plaintiff, whether because of negligence, by operation of law or any other reason, the defendant, **LEHMAN BROTHERS, INC.**, is entitled to have the liability apportioned among and between the defendants by way of contribution and/or is entitled to be indemnified by one or more of said co-defendants.

### AS AND FOR A CROSS-CLAIM FOR INDEMNIFICATION AGAINST THE CO-DEFENDANTS, HENEGAN CONSTRUCTION CO., INC., LIBERTY CONTRACTING & HOME IMPROVEMENT, INC. AND BOSTON PROPERTIES, THE DEFENDANT, LEHMAN BROTHERS, INC., ALLEGES:

That on or before March 27, 2006, the defendant, **LEHMAN BROTHERS, INC.**, entered into an agreement with co-defendants, **HENEGAN CONSTRUCTION CO., INC., LIBERTY CONTRACTING & HOME IMPROVEMENT, INC. and BOSTON PROPERTIES**, whereby said co-defendants agreed to indemnify and hold defendant harmless in the event any suit or claim for personal injuries, property damage and/or wrongful death was made as a result of the work being done pursuant to said agreement.

That said agreement was in full force and effect on March 27, 2006.

That the claims being made by the plaintiff herein, if true, will entitle the defendant, **LEHMAN BROTHERS, INC.**, to be indemnified and held harmless as aforesaid.

## AS AND FOR A CROSS-CLAIM FOR INDEMNIFICATION AGAINST THE CO-DEFENDANTS, HENEGAN CONSTRUCTION CO., INC., LIBERTY CONTRACTING & HOME IMPROVEMENT, INC. AND BOSTON PROPERTIES,, THE DEFENDANT, LEHMAN BROTHERS, INC., ALLEGES:

That on or before March 27, 2006, the defendant, **LEHMAN BROTHERS, INC.**, entered into an agreement with the co-defendants, **HENEGAN CONSTRUCTION CO., INC., LIBERTY CONTRACTING & HOME IMPROVEMENT, INC. and BOSTON PROPERTIES**, whereby said co-defendants agreed to purchase insurance providing coverage for the defendant, **LEHMAN BROTHERS, INC.**, for part or all of the loss or injury claimed by the plaintiff herein.

That said agreement was in full force and effect on March 27, 2006.

That the co-defendants failed to provide such insurance as required by the said agreement.

That, therefore, the co-defendants is liable to the defendant, **LEHMAN BROTHERS, INC.**, to the extent of any such insurance coverage which should have been purchased to protect the defendant, **LEHMAN BROTHERS, INC.**, in the event that any recovery is had against the answering defendant.

WHEREFORE, the defendant, **LEHMAN BROTHERS, INC.**, demands judgment dismissing the Complaint of the plaintiff herein with costs and further demands judgment pursuant to Section 3019b and Article 14 of the CPLR, that the ultimate rights of the defendant, **LEHMAN BROTHERS, INC.**, and the co-defendants, **HENEGAN CONSTRUCTION CO., INC., LIBERTY CONTRACTING & HOME IMPROVEMENT, INC. and BOSTON PROPERTIES**, be determined as between themselves in that the defendant, **LEHMAN BROTHERS, INC.**, have judgment over and against the co-defendants, **HENEGAN**

**INC. and BOSTON PROPERTIES,** for indemnification and/or contribution in whole or in

part, for the amount of any sum which may be recovered herein against the defendant(s),

**LEHMAN BROTHERS, INC.,** together with attorneys' fees and the costs and disbursements of

this action.

Dated: New York, New York
   December 14, 2007

        Yours etc.,
        The Law Offices of Edward Garfinkel
        Attorneys for Defendant,
        LEHMAN BROTHERS, INC.
        By:  Christopher Kolb
        110 William Street
        New York, New York 10038-3901
        (212) 809-8000
        Our File # NYNY 26222

TO:

Dergarabedian & Associates, P.C.
Attorneys for Plaintiff
11 Clinton Avenue
Rockville Centre, NY 11570
Phone: (516) 766-1619

LAW OFFICE OF JOHN P. HUMPHREYS
Attorneys for Defendant
*HENEGAN CONSTRUCTION*
485 Lexington Avenue, 7th Floor
New York, NY 10017

TRAUB, EGLIN, LIEBERMAN, STRAUS LLP
Attorneys for Defendant
*LIBERTY CONTRACTING CORP.*
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, NY 10532
(914) 347-2600

HOEY KING TOKER & EPSTEIN
Attorneys for Defendant
BOSTON PROPERTIES
55 Water Street, 29th Floor
New York, New York 10041
212.612.4200



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK    Pg 25 of 28

-----------------------------------------------------------X

IN RE:

LEHMAN BROTHERS, INC.,

                          Debtor

-----------------------------------------------------------X

**ORDER MODIFYING STAY**

Chapter 7
Case No.: 08-13555

S I R S:

WHEREAS, claimant MATTHEW HUDSON, by his attorneys, DerGarabedian, Dillon, Grizopoulos & Nathan, P.C., having moved this Court for an Order authorizing modification of the Automatic Stay under Sec. 362 of the Bankruptcy code, authorizing claimant and her attorneys to proceed with a personal injury action against Debtor, Lehman Brothers, Inc., based upon the existence of insurance coverage and a Notice of proposed Order having been duly served and the matter having been presented to this Court on June 24, 2009 and this Court having received no objection to the relief requested and having due deliberation, it is,

ORDERED, that in accordance with 11 U.S.C., Section 362(d), the Automatic Stay in this matter is modified, authorizing Creditor and his attorneys to proceed with a personal injury action against Debtor entitled MATTHEW HUDSON, Plaintiff, against HENEGAN CONSTRUCTION CO., INC., CITIGROUP, INC., LEHMAN BROTHERS, INC. and LIBERTY CONTRACTING & HOME IMPROVEMENT, INC., under Index No. 603417/06, based upon the existence of insurance coverage on the date of loss, on behalf of claimant, MATTHEW HUDSON against debtor LEHMAN BROTHERS, INC., for the purpose of liquidating and/or otherwise settling this matter, and further collecting

coverage therefore.

Dated: New York, New York

_____
**HONORABLE JAMES M. PECK**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

IN RE:                                           **AFFIDAVIT OF**
                                                 **SERVICE**

LEHMAN BROTHERS, INC.,
                                                 Chapter 7
                                                 Case No.: 08-13555
                              Debtor

-----------------------------------------------------------------X

STATE OF NEW YORK          )
COUNTY OF NASSAU           )   S.S.:

    I, LORI GERNHARDT, being sworn says:

    I am not a party to this action, am over the age of 18 years and work in Rockville Centre, New York.

    That on May 26, 2009, I served the within MOTION TO MODIFY AUTOMATIC STAY AND ATTORNEY'S AFFIRMATION by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name.

    Lehman Brothers, Inc.
    399 Park Avenue
    New York, New York 10022

    Law Office of Edward Garfinkel
    Attorney for Lehman Brothers
    12 Metro Tech Center
    Brooklyn, New York 11201

    Weil, Gotshal & Manges LLP
    Attorney for Debtor
    767 Fifth Avenue
    New York, New York 10153

LORI GERNHARDT

Sworn to before me this
26th day of May, 2009

Notary Public

SANDY RODRIQUEZ
Notary Public, State of New York
No. 01RO5080121
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires ...

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

☐ that the within is a (certified) true copy of a
_____ entered in the office of
the clerk of the within named Court on

IN RE:

LEHMAN BROTHERS, INC.,

Debtor

☐ that an Order of which the within is a true copy
will be presented for settlement to the
Honorable                              one of
the judges of the within named Court, at
                                            on
                                      , at

Dated: _____

DerGarabedian, Dillon,
Grizopoulos & Nathan

Attorneys for
11 CLINTON AVENUE
ROCKVILLE CENTRE, NEW YORK 11570
(516) 766-1619

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney
admitted to practice in the courts of New York State, certifies that,
upon information and belief and reasonable inquiry, (1) the
contentions contained in the annexed document are not frivolous
and that (2) if the annexed document is an initiating pleading, (i)
the matter was not obtained through illegal conduct, or that if it
was, the attorney or other persons responsible for the illegal
conduct are not participating in the matter or sharing in any fee
earned therefrom and that (ii) if the matter involves potential
claims for personal injury or wrongful death, the matter was not
obtained in violation of 22 NYCRR 1200.41-a.

Dated: ————————    _____
                      *Print signer's name*

MOTION TO MODIFY AUTOMATIC STAY
AND ATTORNEY'S AFFIRMATION

DerGarabedian, Dillon,
Grizopoulos & Nathan

Attorneys for
11 CLINTON AVENUE
ROCKVILLE CENTRE, NEW YORK 11570
(516) 766-1619

DerGarabedian, Dillon,
Grizopoulos & Nathan

Attorneys for
11 CLINTON AVENUE
ROCKVILLE CENTRE, NEW YORK 11570
(516) 766-1619

To

Attorney(s)  for

To

Attorney(s)  for

Service of a copy of the within
                          is hereby admitted.

Dated,

Attorney(s)  for

ALL-STATE INTERNATIONAL INC.
87107-BF • 87108-BL • 87108-GY • 87110-WH