Paul Batista, Esq.
PAUL BATISTA, P.C.
26 Broadway – Suite 1900
New York, New York 10004
Telephone: (212) 980-0070
Facsimile: (212) 344-7677
E-mail: Batista007@aol.com

*Attorney for Unclaimed Property Recovery Service, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---x

**In re**

**LEHMAN BROTHERS HOLDINGS, INC., *et al.,***

**Debtors.**

**Chapter 11**

**Case No. 08-13555 (JMP)**

**Jointly Administered**

---x

**SECURITIES INVESTOR PROTECTION CORPORATION,**

**Plaintiff-Appellant,**

**v.**

**LEHMAN BROTHERS, INC.,**

**Defendant.**

**Case No. 08-01420 (JMP) SIPA**

**SIPA Liquidation Proceeding.**

---x

**REPLY DECLARATION OF BERNARD GELB IN FURTHER SUPPORT OF THE MOTION OF UNCLAIMED PROPERTY RECOVERY SERVICE, INC. FOR ORDERS (A) COMPELLING PAYMENT OF UNCLAIMED FUNDS BY THE NEW YORK STATE COMPTROLLER, (B) LIFTING THE AUTOMATIC STAY OR, ALTERNATIVELY, RELIEF FROM THE AUTOMATIC STAY, (C) ALLOWING PAYMENT FOR SERVICES PROVIDED POST-PETITION AND (D) OTHER RELATED RELIEF**

I, Bernard Gelb, declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the following statements are true and correct to the best of my knowledge:

1. I am the Vice President and the Manager of Unclaimed Property Recovery Service, Inc. ("UPRS"). I submit this reply declaration in further support of

$500,000. *Id.* LBI neither paid the second billing statement nor objected to the amount or validity of the second billing statement. In addition, on August 1, 2007, UPRS sent LBI a third billing statement for $500,000. *Id.* Once again, LBI neither paid the third billing statement nor objected to the amount or validity of the third billing statement.

6. On or about September 25, 2008, Steven Dardanello, Assistant Vice President of LBI, telephoned UPRS and confirmed that "LBI will honor all Agreements with UPRS and UPRS will be paid its fee for all unclaimed funds claimed for LBI." *See* Gelb Dec. at ¶13.

7. On or about February 24, 2009, Lawrence Schantz, Director of the NYS OUF, requested an order from the Bankruptcy Court to pay LBI the approximately $5 million in unclaimed funds outstanding. *See* Gelb Dec. at ¶18 and Exhibit K.

8. The NYS OUF sent UPRS a letter dated April 17, 2009 concerning the claim that UPRS had filed for LBI. The letter states, "We are pleased to advise you that this office has approved your claim relative to the above captioned matter." It is evident from this letter that the NYS OUF has recognized, and continues to recognize, UPRS as LBI's authorized representative. A copy of the NYS OUF letter dated April 17, 2009 is attached as Exhibit 1.

9. UPRS fully performed in good faith all of its obligations under the terms of the Agreements and the related authorizations. UPRS has no unperformed obligation remaining. After the LBHI petition date, both LBI and UPRS substantially performed according to the Agreements and Authorizations.

10. Since the Director of the NYS OUF has agreed to pay $5 to $6 million in unclaimed funds as the result of UPRS's efforts, the value of services actually rendered by UPRS during the post-petition period is $500,000 to $600,000.

11. UPRS performed its services in reliance upon the executed Agreements and Authorizations that LBI would compensate UPRS in the amount of 10% of the recovered unclaimed funds.

12. I understand that on May 4, 2009, LBHI's representatives informed UPRS that LBI would not perform under the four contracts and would not pay UPRS its fee for identifying and claiming the funds held by the NYS OUF on behalf of LBI. I also understand that LBHI and the SIPA Trustee want another firm to collect the fee to which UPRS is entitled. LBHI and the Trustee admit that they intend to bypass UPRS and recover the unclaimed funds on their own.

13. On October 27, 2008, NYS OUF sent a letter to UPRS, with a copy to the Trustee. On February 24, 2009, NYS OUF sent another letter to UPRS, again copying the Trustee. The SIPA Trustee was made aware that UPRS was the authorized representative to claim unclaimed funds for LBI. On May 1, 2009, the Trustee filed the Proposed Rejection of LBI-UPRS Contracts, fully six (6) months after the October 2008 letter was sent to the Trustee.

14. I have reviewed the objections filed by LBHI and SIPA Trustee. *First*, the Trustee misinterprets UPRS's statement that the UPRS-LBI Agreements are "ongoing" to mean that UPRS has continuing performance obligations. The usage of "ongoing" in UPRS's statement was to indicate that the Agreements are still in effect, not

the continuing performance of the Agreements. *Second,* the Trustee misinterprets UPRS's 1996 Agreement, alleging that it ended in 1997. However, the 1996 Agreement states that "[t]his Agreement will remain in effect from the date of this Agreement until the date of recovery," and in 2008, NYS OUF paid items claimed by UPRS under the 1996 Agreement. *Third*, LBHI argues incorrectly that NYS OUF is voluntarily cooperating with LBI and LBHI with respect to the return of more than $6,000,000 in unclaimed funds. Under the Agreements and authorizations, UPRS identified and claimed funds. NYS OUF is "cooperating," *i.e.*, providing the unclaimed funds to LBI and LBHI, because of UPRS's efforts. *Fourth*, LBHI argues that payment to UPRS is not required because LBI has the ability to recover unclaimed funds on its own, without the assistance from UPRS. UPRS has been recovering unclaimed funds on behalf of LBI since 1996.

15. I also understand that LBHI and the Trustee contacted the NYS OUF regarding their intent to recover the unclaimed funds on their own. However, once a claim has been filed, it is NYS OUF policy not to accept a new claim from another firm. The NYS OUF recognizes UPRS as LBI's authorized representative. Consequently, when NYS OUF pays the LBI unclaimed funds outstanding, NYS OUF will be paying the claim that UPRS filed with the NYS OUF.

16. I also understand that, until UPRS filed its motion on April 13, 2009, LBHI and the SPIC Trustee had no specific knowledge that $5 to $6 million unclaimed funds were outstanding and were claimed by UPRS for LBI.

17. As of September 15, 2008, the date of the commencement of the LBHI proceeding, LBI was indebted to UPRS in the amount of at least $1 million on

account and unpaid fees. Likewise, as of September 19, 2008, the date of the commencement of the SIPA Trustee proceeding, LBI was indebted to UPRS in the amount of at least $1 million on account and unpaid fees.

18. Now that UPRS has helped LBI to recover $5 to $6 million in unclaimed funds, LBHI and the Trustee do not want to pay UPRS its earned fee. Indeed, it appears likely that LBHI and the Trustee want another firm to collect the fees due UPRS.

19. The value of services actually rendered by UPRS during the post-petition period is in the range of $500,000 to $600,000. Under the LBI-UPRS Agreements, LBHI and the Trustee have an obligation to inform UPRS when they receive the unclaimed funds in order that UPRS can claim and be paid its 10% fee. Moreover, the LBI-UPRS Agreements are binding on LBI heirs, successors and assigns.

20. After UPRS is paid the 10% fee of approximately $500,000 to $600,000, as well as the $500,000 outstanding balance due UPRS, LBI will recover approximately $4 to $5 million.

Dated: New York, New York
June 1, 2009

/s/ Bernard Gelb
Bernard Gelb

# EXHIBIT 1




THOMAS P. DINAPOLI
STATE COMPTROLLER

110 STATE STREET
ALBANY, NEW YORK 12236

STATE OF NEW YORK
OFFICE OF THE STATE COMPTROLLER

April 17, 2009

Reference #10184738

Unclaimed Property Recovery
Attn: Bernard Gelb
65 48 Alderton Street
Rego Park, NY 11374-5043

Dear Mr. Gelb:

We are pleased to advise you that this office has approved your claim relative to the above captioned matter. We enclose the following:

| NAME OF CORPORATION | CERT. NUMBER | DENOMINATION |
|---|---|---|
| SHAWANO DEVELOPMENT CORP | J24735 | 100 SHARES |
| SHAWANO DEVELOPMENT CORP | J64541 | 100 SHARES |
| SHAWANO DEVELOPMENT CORP | J64542 | 100 SHARES |
| SHAWANO DEVELOPMENT CORP | J64543 | 100 SHARES |
| SHAWANO DEVELOPMENT CORP | J64544 | 100 SHARES |
| SHAWANO DEVELOPMENT CORP | J64545 | 100 SHARES |
| SHAWANO DEVELOPMENT CORP | J64546 | 100 SHARES |
| SHAWANO DEVELOPMENT CORP | J64547 | 100 SHARES |
| SHAWANO DEVELOPMENT CORP | J64548 | 100 SHARES |

The enclosed stock powers will allow you to re-register the certificates assuming the company is still viable. We recommend that the certificates be re-registered as soon as possible. We are pleased to have been of service to you. Any inquiry pertaining to this matter should be addressed to the Claimant Services Unit at 1-800-221-9311.

Sincerely,

Tony Rano

Tony Rano
Supervisor, Securities Management
Office of Unclaimed Funds



NUMBER

SHARES 100

# SHAWANO DEVELOPMENT CORPORATION

INCORPORATED UNDER THE LAWS OF THE STATE OF FLORIDA

THIS CERTIFIES that E. F. HUTTON & CO. is the owner of

ONE HUNDRED

Fully paid and Non-Assessable Shares of the CAPITAL Stock of the par value of 25¢ each of

SHAWANO DEVELOPMENT CORPORATION

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate and the shares represented thereby are issued and shall be held subject to all of the provisions of the Certificate of Incorporation, as amended.

This Certificate is not valid unless countersigned by the Transfer Agent.

IN WITNESS WHEREOF the Corporation has caused this Certificate to be signed by the facsimiles of the signatures of its duly authorized officers and its corporate seal (or a facsimile thereof) to be hereunto affixed.

Dated: SEP 5 1956

Secretary

President

COUNTERSIGNED:
REGISTRAR AND TRANSFER COMPANY
(JERSEY CITY, N. J.)
TRANSFER AGENT

BY

AUTHORIZED OFFICER



NUMBER

SHARES 100

# SHAWANO DEVELOPMENT CORPORATION

INCORPORATED UNDER THE LAWS OF THE STATE OF FLORIDA

THIS CERTIFIES that E. F. HUTTON & CO. is the owner of

—ONE HUNDRED—

Fully paid and Non-Assessable Shares of the CAPITAL Stock of the par value of 25¢ each of

SHAWANO DEVELOPMENT CORPORATION

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate and the shares represented thereby are issued and shall be held subject to all of the provisions of the Certificate of Incorporation, as amended.

This Certificate is not valid unless countersigned by the Transfer Agent.

IN WITNESS WHEREOF the Corporation has caused this Certificate to be signed by the facsimiles of the signatures of its duly authorized officers and its corporate seal (or a facsimile thereof) to be hereunto affixed.

Dated: SEP 5 1956

Secretary

President

COUNTERSIGNED:
REGISTRAR AND TRANSFER COMPANY
(JERSEY CITY, N. J.)
TRANSFER AGENT

BY
AUTHORIZED OFFICER

AC 2357 (REV10/94)

STATE OF NEW YORK
OFFICE OF THE STATE COMPTROLLER
OFFICE OF UNCLAIMED FUNDS
110 STATE STREET
ALBANY, NEW YORK 12236

**STOCK POWER**

I hereby sell, assign and transfer unto LEHMAN BROTHERS INC

100 share(s) of SHAWANO DEVELOPMENT CORPORATION

represented within account/certificate number J64541

COMPTROLLER OF THE STATE OF NEW YORK




Lawrence M. Schantz
Director, Office of Unclaimed Funds

Pursuant to the Executive Law of the State of New York, §40(3)* and §41(1)**

April 10, 2009
date

*Executive Law, §40(3)

"3. The functions of the comptroller . . . shall be exercised . . . by the comptroller . . . and officers in the department as he may designate."

**Executive Law, §41(1)

"1. The comptroller may also appoint such other officer . . . as he may deem necessary for the exercise and performance of his powers and duties . . . ,"



Paul Batista, Esq.
PAUL BATISTA, P.C.
26 Broadway – Suite 1900
New York, New York 10004
Telephone: (212) 980-0070
Facsimile: (212) 344-7677
E-mail: Batista007@aol.com

*Attorney for Unclaimed Property Recovery Service, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

**In re**

**LEHMAN BROTHERS HOLDINGS, INC., *et al.*,**

**Debtors.**

**Chapter 11**

**Case No. 08-13555 (JMP)**

**Jointly Administered**

---------------------------------------------------------x

**SECURITIES INVESTOR PROTECTION CORPORATION,**

**Plaintiff-Appellant,**

**v.**

**LEHMAN BROTHERS, INC.,**

**Defendant.**

**Case No. 08-01420 (JMP) SIPA**

**SIPA Liquidation Proceeding.**

---------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I caused a true and correct copy of the Objection, the Reply Declaration and the Reply of Unclaimed Property Recovery Service, Inc. to be served by email and/or by first class Mail, postage prepaid, as follows:

See Attached Service List

Dated: New York, New York
June 1, 2009

**PAUL BATISTA, P.C.**
*Attorney for Unclaimed Property Recovery Service, Inc.*

/s/ Paul Batista
Paul A. Batista (PB 8717)
26 Broadway – Suite 1900
New York, New York 10004
Telephone: (212) 980-0070
Facsimile: (212) 344-7677
E-mail: Batista007@aol.com

**PARTIES SERVICE LIST – First Class Mail**

| | |
|---|---|
| Attorneys for Debtors<br>Weil Gotshal & Manges LLP<br>Harvey R. Miller<br>Jacqueline Marcus<br>Shai Waisman<br>Richard Krasnow<br>767 Fifth Ave.<br>New York, NY 10153<br>Email: harvey.miller@weil.com<br>Email: jacqueline.marcus@weil.com<br>Email: shai.waisman@weil.com | Honorable James M. Peck ("Chambers")<br>Courtroom 601<br>One Bowling Green<br>New York, New York 10004 |
| U.S. Trustee<br>U.S. Trustee<br>Andy Velez-Rivera<br>Paul Schwartzberg,<br>Brian Masumoto<br>Linda Riffkin<br>Tracy Hope Davis<br>33 Whitehall Street, 21st Floor<br>New York, NY 10004 | Milbank, Tweed, Hadley &<br>McCloy LLP,<br>Dennis F. Dunne<br>Dennis O'Donnell<br>Evan Fleck<br>1 Chase Manhattan Plaza<br>New York, New York 10005 |
| Attorneys for Unsecured Creditors Committee<br>Quinn Emanuel Urquhart Oliver & Hedges<br>James Tecce<br>Susheel Kirpalani<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>212-849-7000<br>Fax : 212 849-7100<br>Email: jamestecce@quinnemanuel.com<br>Email: susheelkirpalani@quinnemanuel.com | Attorneys for DIP Lenders<br>Cleary Gotliebb LLP<br>Lindsee P. Granfield<br>**Lisa M. Schweitzer**<br>One Liberty Plaza<br>New York, NY 10006<br>(212) 225-2000<br>(212) 225-3999 (fax)<br>lschweitzer@cgsh.com<br>maofiling@cgsh.com |
| Attorneys for the SIPC Trustee<br>Hughes Hubbard & Reed LLP<br>Jeffrey S. Margolin<br>One Battery Park Plaza<br>New York, NY 10004<br>(212) 837-6375<br>Fax : (212) 422-4726<br>Email: margolin@hugheshubbard.com | |