UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
                                               :

In re                                              :         Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :         08-13555 (JMP)

                    Debtors.                          :         (Jointly Administered)

---------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a) AND 363(b)
OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 9019(b) AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO TERMINATE UNFUNDED COMMITMENTS
AND RESTRUCTURE CORPORATE LOAN AGREEMENTS**

Upon the motion, dated May 14, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI") and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105 and 363(b) of the Bankruptcy Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order establishing procedures authorizing the Debtors to (i) terminate or assign their Unfunded Commitments[1] with respect to Corporate Loans and (ii) restructure the terms of Corporate Loans, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

>ORDERED that the Motion is granted; and it is further

>ORDERED that Debtors shall be, and they hereby are, authorized to terminate or assign Unfunded Commitments in accordance with the following procedures:

>>a. The Debtors may (i) enter into termination agreements with borrowers under Corporate Loans to terminate Unfunded Commitments and (ii) assign Corporate Loans with Unfunded Commitments to third parties who assume the Unfunded Commitments;

>>b. In the each case, the Debtors will either (i) provide notice of such transaction to the Creditors' Committee in accordance with the approval process previously followed by the Debtors and the financial advisors to the Creditors' Committee (the "Committee Approval Process") or (ii) file a motion with the Court requesting approval of the terms of the transaction under Bankruptcy Rule 9019 and/or, if appropriate, section 363(b) of the Bankruptcy Code;

and it is further

2

ORDERED that, as part of the procedures set forth herein, the Debtors will file with the Court, on a monthly basis beginning not later than 45 calendar days after entry of this Order, reports of all agreements to terminate Unfunded Commitments, and of all agreements to assign Corporate Loans with Unfunded Commitments that the Debtors have entered into during such month pursuant to the authority granted in this Order. Such reports[2] will set forth (x) the aggregate number of Corporate Loans that had Unfunded Commitments terminated, or that were assigned, pursuant to such agreements, (y) the aggregate outstanding principal balance of such Corporate Loans, and (z) to the extent the Debtors paid more than $1 million, in the aggregate, during such month in connection with all transactions relating to Unfunded Commitments, the total amount paid by each Debtor; and it is further

ORDERED that, in addition to Ordinary Course Actions (as defined in the Motion), the Debtors are authorized to enter into agreements pursuant to which the Debtors would receive an equity interest in the borrower (or its affiliates), or other interest or consideration, in exchange for the forgiveness of certain indebtedness and release of such borrower of certain obligations with respect thereto, subject to the following terms and conditions:

    a.    Without further order of the Court, but with prior notice to the Creditors' Committee, the Debtors may enter into restructuring transactions with respect to Corporate Loans in which the Debtors have a beneficial interest (i.e., the Debtors are the lender of record and have not sold a participation interest to one or more third parties representing 100% of the Debtors' interest in the Corporate Loan) and for which (i) the Debtors have a beneficial interest in at least 25% of the outstanding principal amount of the portion of such Corporate Loans affected by such restructuring transactions or (ii) the outstanding principal amount due to the Debtors in respect of their beneficial interest in such Corporate Loans is greater than $100 million; provided that with respect to Corporate Loans for which (x) the Debtors have a beneficial interest in at least 25% of the outstanding principal amount of the portion of such Corporate Loans affected by such restructuring transaction and (y) the outstanding principal amount due to the Debtors in

---

[2] The Debtors shall not be obligated to include any information in these reports that would cause the Debtors to violate any of the confidentiality provisions included in the loan agreements, credit agreements, or similar documents pertaining to the Corporate Loans.

3

respect of their beneficial interest in such Corporate Loans is greater than $25 million, the below clause (b) shall apply.

b.   Either (i) as approved in accordance with the Committee Approval Process, or (ii) with approval from the Court, the Debtors may enter into restructuring transactions with respect to Corporate Loans for which (x) the Debtors have a beneficial interest in at least 25% of the outstanding principal amount of the portion of Corporate Loans affected by such restructuring transactions and (y) the outstanding principal amount due to the Debtors in respect of their beneficial interest in such Corporate Loans is at least $25 million.

c.   For the avoidance of doubt, neither the approval of the Creditors' Committee nor an order of the Court will be required in order for the Debtors to enter into restructuring transactions with respect to Corporate Loans in which (i) the Debtors do not have a beneficial interest or (ii) (x) the Debtors have a beneficial interest in less than 25% of the outstanding principal amount of the portion of such Corporate Loans affected by such restructuring transaction and (y) the outstanding principal amount due to the Debtors in respect of their beneficial interest in such Corporate Loans is less than $100 million;

and it is further

ORDERED that as part of the procedures set forth herein, the Debtors will file with the Court, on a monthly basis beginning not later than 45 calendar days after entry of this Order, reports of all agreements to enter into restructuring transactions that the Debtors have entered into during such month pursuant to the authority granted in this Order, relating to Corporate Loans in which (x) the Debtors have a beneficial interest in at least 10% of the outstanding principal amount of the portion of such Corporate Loans affected by such restructuring transactions or (y) the outstanding principal amount due to the Debtors in respect of their beneficial interest in such Corporate Loans is greater than $50 million. Such reports[3] will include the following information with respect to any Corporate Loan in which the Debtors have a beneficial interest: (i) the outstanding principal balance of such loan, both before and after the restructuring transaction and any discount applied to the outstanding principal

---

[3] The Debtors shall not be obligated to include any information in these reports that would cause the Debtors to violate any of the confidentiality provisions included in the loan agreements, credit agreements or similar documents pertaining to the Corporate Loans.

4

balance as part of the restructuring, (ii) the Debtor that is the lender of record, participant or beneficial owner (as applicable), (iii) a statement describing whether such loan is pledged to another party or held by an off-balance sheet vehicle (and, if a loan is pledged or held by an off-balance sheet vehicle, a description of such vehicle and the Debtors' interest in such loan), (iv) a description of the type of restructuring transaction that has occurred, (v) a description of the types of securities received in the restructuring transaction, and (vi) a statement about whether the restructuring transaction occurred in connection with a foreclosure proceeding; and it is further

ORDERED that, subject to the requirements of this Order, the Debtors are authorized to take any Ordinary Course Actions with respect to Corporate Loans and to enter into agreements or take any other actions in connection therewith; *provided* that nothing in this Order shall prejudice the right of any party in interest to assert that any Ordinary Course Action taken by the Debtors is not a transaction of the kind described in the section 363(c)(1) of the Bankruptcy Code; and it is further

ORDERED that this Order shall not obligate or require the Debtors to terminate or assign any Unfunded Commitment, or restructure or amend any loan agreement, nor shall this Order preclude the Debtors from settling or compromising any claim upon further application to the Court; and it is further

ORDERED that nothing in this Order shall be construed to authorize or empower the Debtors to (a) assign Corporate Loans with Unfunded Commitments or (b) terminate Unfunded Commitments or other obligations under credit, loan, security, participation or similar agreements (including, without limitation, obligations with respect to letters of credit), in each case, in violation of the provisions of the applicable agreements, without in any such case obtaining further court authorization on notice to the other parties to such agreements; and it is further

5

ORDERED that nothing in this Order shall be construed to limit or otherwise affect the Debtors' ability to assume or reject any credit, loan, security, participation or similar agreement in accordance with the provisions of the Bankruptcy Code; and it is further

ORDERED that, for the avoidance of doubt, nothing in this Order addresses or affects the rights of the Debtors to buy, or to make advances with respect to, any loans; and it is further

ORDERED that, the Debtors are authorized to execute such documents or other instruments as may be necessary to effectuate any of the transactions contemplated hereby; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
       June 3, 2009

                                        *s/ James M. Peck*
                                     UNITED STATES BANKRUPTCY JUDGE