**HEARING DATE: June 24, 2009 at 10:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE: June 21, 2009 at 4:00 p.m. (Eastern Time)**

DECHERT LLP
Katherine A. Burroughs
90 State House Square
Hartford, Connecticut 06103
Telephone: (860) 524-3999
Fax: (860) 524-3930
Email: katherine.burroughs@dechert.com

- and -

Brian E. Greer
1095 Avenue of the Americas
New York, New York  10036
Telephone: (212) 698-3500
Fax: (212) 698-3599
Email: brian.greer@dechert.com

Ordinary Course Professionals for
Lehman Brothers Holdings, Inc., *et al.*
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| LEHMAN BROTHERS HOLDINGS, INC., et al., ) | Bankr. Case No. 08 - 13555 (JMP) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**SUMMARY OF APPLICATION OF DECHERT LLP**
**FOR AN AWARD OF COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES FOR THE PERIOD APRIL 1, 2009 THROUGH APRIL 30, 2009**

| | |
|---|---|
| Name of applicant: | Dechert LLP |
| Authorized to provide professional services to: | The estates of Lehman Brothers Holdings, Inc., et al., as ordinary course professionals |
| Date of retention: | January 22, 2009 |

15094279

Period for which compensation
and reimbursement is sought:        April 1, 2009, through and including
April 30, 2009

Amount of compensation sought for fees:    $224,824.90

Amount of compensation sought for expenses:    $708.65

No prior applications.

| Name of Timerecorder | Position | Year of Law School Graduation | Hourly Billing Rate[*] ($) | Total Hours Billed | Total Compensation ($) |
|---|---|---|---|---|---|
| Hirschfeld, Michael | Partner | 1975 | 965.00 | 20.40 | 19,686.00 |
| Forti, David W. | Partner | 1995 | 935.00 | 68.20 | 63,767.00 |
| Stafford, Timothy A. | Partner | 1983 | 875.00 | 16.40 | 14,350.00 |
| Cohen, Abbi L. | Partner | 1983 | 825.00 | 4.60 | 3,795.00 |
| Burroughs, Katherine A. | Partner | 1988 | 825.00 | 17.20 | 6270.00 |
| Pittman, Edward L. | Counsel | 1984 | 750.00 | 1.25 | 937.50 |
| Rozes, Jason S. | Partner | 1998 | 690.00 | 35.40 | 24,426.00 |
| Greer, Brian E. | Counsel | 1998 | 660.00 | 0.50 | 330.00 |
| Champagne, Derrick E | Associate | 2002 | 560.00 | 68.40 | 38,304.00 |
| Rini, Jonathan A. | Associate | 2003 | 525.00 | 0.50 | 262.50 |
| Mylod, Kathleen M. | Associate | 2004 | 490.00 | 55.90 | 9016.00 |
| Gdula, Justin J. | Associate | 2006 | 425.00 | 3.50 | 1,487.50 |
| Yang, Audrey | Associate | 2008 | 355.00 | 1.08 | 383.40 |
| Wainright, Kristin | Associate | 2008 | 355.00 | 19.40 | 1,171.50 |
| Harper, Bret M. | Law Clerk | 2008 | 340.00 | 12.70 | 4,318.00 |
| Sitzman, Neil | Legal Assistant | N/A | 285.00 | 0.20 | 57.00 |
| Cotharin, Ann Marie | Legal Assistant | N/A | 235.00 | 8.50 | 1,997.50 |

[*] The stated applicable hourly rates are in accordance with Dechert LLP's ordinary and customary rates in similar matters for similar clients in effect on the dates services were rendered. The hourly rates charged by Dechert LLP generally do not include the expenses of travel, telephone (although most calls are not charged to clients), facsimile service, extraordinary postage, Lexis and Westlaw legal research, duplicating, court fees, or copying of court documents at the Clerk's Office.

3

| Name of Timerecorder | Position | Year of Law School Graduation | Hourly Billing Rate[*] ($) | Total Hours Billed | Total Compensation ($) |
|---|---|---|---|---|---|
| Lau, Barbara | Legal Assistant | N/A | 235.00 | 6.05 | 1,363.00 |
| Jenssen, Catherine J. | Legal Assistant | N/A | 210.00 | 4.00 | 210.00 |
| | | | | | |
| **TOTAL** | | | *(Blended Rate) - 653.22* | **344.18** | **224,824.90** |

Time spent in preparing Fee Applications: 13.20 Hours.  This time includes fees incurred in connection with preparation of previous fee applications of Dechert LLP.

Is the time spent in preparing Fee Application included in the total hours described in the Application:  _X_ Yes ___ No

4

DECHERT LLP
Katherine A. Burroughs
90 State House Square
Hartford, Connecticut 06103
Telephone: (860) 524-3999
Fax: (860) 524-3930
Email: katherine.burroughs@dechert.com

- and -

Brian E. Greer
1095 Avenue of the Americas
New York, New York  10036
Telephone: (212) 698-3500
Fax: (212) 698-3599
Email: brian.greer@dechert.com

Ordinary Course Professionals for
Lehman Brothers Holdings, Inc., *et al.*
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | ) | Bankr. Case No. 08 - 13555 (JMP) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**APPLICATION OF DECHERT LLP**
**FOR AN AWARD OF COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES FOR THE PERIOD APRIL 1, 2009 THROUGH APRIL 30, 2009**

The law firm of Dechert LLP ("Dechert"), attorneys authorized to provide legal

services as Ordinary Course Professionals to Lehman Brothers Holdings, Inc. ("LBHI") and its

affiliated debtors in the above captioned chapter 11 cases, hereby files this application

("Application") pursuant to sections 330 and 331 of chapter 11 of title 11 of the United States

Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), and the Order Pursuant to Sections

105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ

15094279

Professionals Utilized in the Ordinary Course of Business, dated November 5, 2008 (the

"Ordinary Course Professional Order"), for an award of compensation for professional services

rendered to the Debtors in the amount of $224,824.90, incurred during the period from April 1,

2009 through April 30, 2009 (the "Application Period"), and reimbursement of disbursements

incurred during that same period in the amount of $708.65.

### <u>INTRODUCTION</u>

1.    On September 15, 2008 and periodically thereafter (the "Commencement

Date"), LBHI and certain of its subsidiaries filed voluntary cases under chapter 11 of the

Bankruptcy Code.   The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules").   The Debtors are authorized to operate their

businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

2.    Due to the scope of the Debtors' business, on October 13, 2008, the

Debtors' filed a motion (the "Ordinary Course Professional Motion") seeking authorization

pursuant to sections 105(a), 327, 328 and 330 of the Bankruptcy Code, to retain, *nunc pro tunc* to

the Commencement Date, professionals utilized in the ordinary course of business (the

"Ordinary Course Professionals") without the submission of separate retention applications and

the issuance of separate retention orders for each individual professional.   Dechert LLP was

designated as an Ordinary Course Professional on January 22, 2009 via the Debtors' Notice of

Ninth Supplemental List of Ordinary Course Professionals [Docket No. 2598].

3.    The Ordinary Course Professional Motion, entered by the Court on

November 5, 2008, outlines the procedures that all Ordinary Course Professionals must follow in

order to receive compensation and reimbursement of expenses for services provided to the

2

Debtors.  With respect to any Ordinary Course Professional seeking compensation in excess of $150,000 in any given month, the Ordinary Course Professional Order provides, in pertinent part,

> "that in the event that an Ordinary Course Professional seeks more than $150,000 per month, that professional will be required to file a fee application for the full amount of its fees and expenses for that month in accordance with sections 330 and 331 of the Bankruptcy Code, the [Bankruptcy Rules], the Local Bankruptcy Rules for the Southern District of New York, the Fee Guidelines promulgated by the US Trustee, and any and all orders of the Court. . ."

A copy of the Ordinary Course Professional Order, with exhibits, is annexed hereto as Exhibit "A."

4.      This Application seeks payment to Dechert for the fair and reasonable fees and expenses incident to the professional services rendered by Dechert to the estates of the Debtors.  The payment requested herein is consistent with the fees customarily charged by Dechert for similar services, reflects the time, labor, and expertise brought to bear on the problems presented, and is in line with the rates charged by similar firms operating in a competitive market for legal services.

5.      This Application does not detail every correspondence, drafting session, meeting, discussion, or conference held, all research conducted, or each of the numerous tasks performed by Dechert.  Those matters are set forth in detail in the contemporaneous time records attached hereto as Exhibit "B," which indicate the date services were performed, the name of the professional or paraprofessional who rendered the services, a description of the services provided, the amount of time expended, and the cost of such services.  In addition, attached hereto as Exhibit "C," and incorporated herein by reference is detail for expenses that were incurred by Dechert during the Application Period.  All such expenses are reflected in the books

3

and records of Dechert, which are contemporaneously maintained in the ordinary course of its business.

6.    The professional services for which compensation is sought were rendered in the ordinary course of the Debtors' business and solely on behalf of the Debtors.

## **BACKGROUND**

A. The Debtors

7.    Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets, serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.  Its headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America, and the Asia Pacific region.

8.    Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

B. Dechert

9.    Dechert is a full service law firm with well-developed practices in the areas of corporate and securities, complex litigation, finance and real estate and financial services.

## SUMMARY OF SERVICES
## <u>RENDERED DURING THE APPLICATION PERIOD</u>

10.     The Debtors have asked that Dechert represent the Debtors in real estate matters including loan modifications, loan and asset sales, asset management issues, and workouts and foreclosure of defaulted loans and related matters involving distressed assets.

11.     The following is a summary description of the matters for which Dechert provided legal services to the Debtors during the Application Period:

<u>BIII Workout</u>

12.     Dechert provided advice with respect to a complicated potential restructuring of two mezzanine loans indirectly secured by ten office buildings.

<u>325 West Broadway (Tootsie Roll Building)</u>

13.     Dechert assisted with mortgage and mezzanine loan workouts related to property located in New York, New York, including contemplated mortgage and mezzanine loan foreclosures.

<u>T-Rex, St. John</u>

14.     Dechert assisted with a loan workout related to a joint venture that leases real property located in St. John, U.S. Virgin Islands.

<u>La Posada</u>

15.     Dechert assisted mezzanine loan workout related to property located in New Mexico.

<u>1107 Broadway – Toy Building</u>

16.     Dechert assisted with mortgage and mezzanine loan workouts related to property located in New York, New York, including contemplated mortgage and mezzanine loan foreclosures.

S-J Management LLC

      17.    Dechert assisted with mezzanine loan workouts and possible mezzanine loan foreclosures related to three properties located in Arizona.

Fee Arrangement

      18.    Dechert uses this matter number to record time charges incurred in connection with the preparation of Dechert's fee applications.

      19.    Dechert submits that for the reasons set forth above, the professional services rendered by Dechert on behalf of the Debtors during the Application Period were necessary and reasonable.

**AUTHORITY FOR**
**ALLOWANCE OF COMPENSATION**

      20.    Bankruptcy Code section 330 provides for the payment of compensation to professionals providing services in cases arising under the Bankruptcy Code. In determining the definition of "reasonable compensation," courts look to the factors set forth in Bankruptcy Code section 330, which provides that:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to . . . a professional person employed under section 327 or 1103 –
>
> (A) reasonable compensation for actual, necessary services rendered by . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual necessary expenses. . . .
>
> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--
>
> A.    the time spent on such services;
>
> B.    the rates charged for such services;

C.      whether the services were necessary to the administration of, or beneficial at the time at which the services were rendered toward the completion of, a case under this title;

D.      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

E.      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in case other than cases under this title.

21.    As noted in In re Guyana Dev. Corp., 201 B.R. 462 (Bankr. S.D. Tex. 1996), Bankruptcy Code section 330(a)(3) is a codification of the factors set forth in Johnson v. Georgia Highway Express, Inc., which provided guidelines for evaluating fee applications. See Johnson, 448 F.2d 714 (5th Cir. 1974) (evaluating fee applications based on (1) time and labor required; (2) novelty and difficulty of questions presented; (3) skill required to perform legal services properly; (4) preclusion of other employment due to acceptance of case; and (5) the customary fee paid for such services in the same legal market).

22.    As set forth below, under the standards set forth in Bankruptcy Code section 330(a) and related case law, Dechert's representation of the Debtors warrants payment of its fees and reimbursement of its expenses.

a.      Time and labor required:  As stated above, Dechert has expended 344.18 hours in its representation of the Debtors during the Application Period, with a blended average billable rate of $653.22 per hour.  All of the time spent by Dechert in these cases was necessary and appropriate and benefited the Debtors, their estates, their creditors, and other parties-in-interest.  Dechert submits that it has represented the Debtors in an efficient, timely, and cost-effective manner.

b.      Novelty and difficulty of questions presented:  The issues presented in these cases were novel, complex, and difficult, requiring thorough attention and substantial firm resources.

c.      Skill required to perform legal services properly:  The experience, knowledge, and expertise of the various Dechert professionals and paraprofessionals representing the Debtors in these cases have

7

facilitated and expedited the results achieved. Providing real estate transaction advice to large debtors is a specialized practice that requires attorneys, such as the Dechert attorneys involved in this matter, with substantial expertise in various areas of the law.

d.    Preclusion of other employment:  Dechert's representation of the Debtors in these cases took time and effort that was not therefore available to provide comparable services to other current or potential clients.

e.    Customary fee paid for such legal services:  The hourly rates charged by Dechert for the services performed in these cases are the hourly rates regularly charged by Dechert in other similar matters and representations, and Dechert submits that they are comparable to the customary charges of other professionals and paraprofessionals with similar degrees of skill and expertise.

f.    Experience, reputation, and ability of attorney:  Dechert believes that its professionals who performed services for the Debtors have an excellent reputation for their skill, quality, integrity, and ability in bankruptcy and other matters.  Dechert's professionals have significant experience in matters of this nature and regularly represent companies similar to the Debtors in various matters in and out of bankruptcy.

g.    Allowance in similar cases:  Dechert asserts that the fees and expenses for which it seeks compensation and reimbursement are not excessive and are commensurate with the compensation sought and allowed in similar cases for similar services rendered and results obtained by Dechert and by its peer law firms.

## DETERMINATION OF
## DECHERT'S REQUESTED FEES AND EXPENSES

23.    Dechert has utilized its existing hourly rate structure and has calculated its request for compensation by multiplying the hours of time spent on services rendered on behalf of the Debtors by the hourly rate assigned to each attorney or paraprofessional rendering such services.  Dechert respectfully submits that the fees sought herein are customary and based on its normal criteria in matters of this type and are commensurate with the fees that Dechert has been allowed in other chapter 11 cases, including in this District.

24.    Dechert believes that the fair and reasonable value of its professional services rendered during the Application Period is $224,824.90.  Based upon the total attorneys' and paraprofessionals' time expended, and a resulting blended hourly rate of $653.22 for professionals, Dechert believes the compensation requested herein to be reasonable and appropriate.

25.    Dechert also seeks reimbursement of its actual, reasonable, and necessary out-of-pocket expenses in the aggregate amount of $708.65.  These expenses were incurred during the course of rendering professional services on behalf of the Debtors during the Application Period.

## CONCLUSION

WHEREFORE, Dechert respectfully requests that this Court enter an order substantially in the form attached as Exhibit "D" (i) approving $224,824.90 as the fair and reasonable value of its actual and necessary professional services rendered by Dechert to the Debtors during the Application Period, and (ii) approving $708.65 as reimbursement for Dechert's actual and necessary expenses incurred during the Application Period.

Dated: June 3 2009
      New York, New York

DECHERT LLP

/s/ Katherine A. Burroughs
Katherine A. Burroughs
Brian E. Greer
DECHERT LLP
1095 Avenue of the Americas
New York, New York  10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
katherine.burroughs@dechert.com
brian.greer@dechert.com
Ordinary Course Professionals for Lehman
Brothers Holdings, Inc., *et al.*
Debtors in Possession

DECHERT LLP
Katherine A. Burroughs
90 State House Square
Hartford, Connecticut 06103
Telephone: (860) 524-3999
Fax: (860) 524-3930
Email: katherine.burroughs@dechert.com

- and -

Brian E. Greer
1095 Avenue of the Americas
New York, New York  10036
Telephone: (212) 698-3500
Fax: (212) 698-3599
Email: brian.greer@dechert.com

Ordinary Course Professionals for
Lehman Brothers Holdings, Inc., *et al.*
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS, INC., <u>et al.</u>, | ) | Bankr. Case No. 08 - 13555 (JMP) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STATEMENT PURSUANT TO**
**<u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016(b)</u>**

1.      I am a partner of Dechert LLP ("Dechert"), Ordinary Course Professionals

for Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-captioned

cases (collectively, "Lehman" or in the alternative, the "Debtors"), and the partner in charge of

the matter.

15094279

2.      Dechert submits that all of the professional services for which the above application is made have been rendered solely for the benefit of the Debtors' estates and creditors thereof.

3.      No agreement exists between Dechert and any other person, firm or entity concerning the compensation or reimbursement received as a result of these cases.

4.      Dechert has received no retainer in these cases and has made no agreements with the Debtors for compensation or reimbursement.

5.      Dechert has received no transfer, assignment or pledge of property of the Debtors' estates except pursuant to an Order of the Court for compensation.

Dated: June 3 2009
        New York, New York

DECHERT LLP

/s/ Katherine A. Burroughs
Katherine A. Burroughs
Brian E. Greer
DECHERT LLP
1095 Avenue of the Americas
New York, New York  10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
katherine.burroughs@dechert.com
brian.greer@dechert.com

Ordinary Course Professionals for Lehman
Brothers Holdings, Inc., *et al.*
Debtors in Possession

2

DECHERT LLP
Katherine A. Burroughs
90 State House Square
Hartford, Connecticut 06103
Telephone: (860) 524-3999
Fax: (860) 524-3930
Email: katherine.burroughs@dechert.com

- and -

Brian E. Greer
1095 Avenue of the Americas
New York, New York  10036
Telephone: (212) 698-3500
Fax: (212) 698-3599
Email: brian.greer@dechert.com

Ordinary Course Professionals for
Lehman Brothers Holdings, Inc., *et al.*
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., <u>et al.</u>, | Bankr. Case No. 08 - 13555 (JMP) |
| Debtors. | Jointly Administered |

<u>**CERTIFICATION OF PROFESSIONAL**</u>

      Katherine A. Burroughs, a partner of the firm of Dechert LLP ("Applicant"),

attorneys authorized to provide legal services as Ordinary Course Professionals to Lehman

Brothers Holdings, Inc. ("LBHI"), and its affiliated debtors in the above-captioned cases and

partner in charge of this matter, hereby certifies as follows:

      I have read the foregoing application (the "Application");

15094279

To the best of my knowledge, information and belief, formed after reasonable inquiry, the Application substantially complies with the mandatory guidelines of this Court for fees and disbursements for professionals (the "Guidelines");

To the best of my knowledge, information and belief, formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Guidelines;

The fees and disbursements sought in the Application are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients;

LBHI has been provided with a copy of the Application prior to the date set by the Court or any applicable rules for filing fee applications, has reviewed the Application and has approved it.

The disbursements requested to be reimbursed in the Application:

a.      do not include any amount of profit for the Applicant;

b.      do not include the amortization of the cost of any investment, equipment or capital outlay; and

c.      to the extent provided by a third party vendor only include the amount billed to the Applicant to such vendor.

2

Dated: June 3 2009
     New York, New York

DECHERT LLP

/s/  Katherine A. Burroughs
Katherine A. Burroughs
Brian E. Greer
DECHERT LLP
1095 Avenue of the Americas
New York, New York  10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
katherine.burroughs@dechert.com
brian.greer@dechert.com

Ordinary Course Professionals for Lehman
Brothers Holdings, Inc., *et al.*
Debtors in Possession

3

**<u>EXHIBIT A</u>**

**Ordinary Course Professionals Order**

15094279

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    08-13555 (JMP)
                                              :
                        Debtors.              :    (Jointly Administered)
                                              :
                                              :
------------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 105(a), 327, 328, AND 330
## OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO
## EMPLOY PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion, dated October 13, 2008 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-

debtor affiliates, "Lehman"), pursuant to sections 105(a), 327, 328 and 330 of chapter 11 of the

title 11 of the United States Code (the "Bankruptcy Code") for authorization to employ

professionals utilized in the ordinary course of business (the "Ordinary Course Professionals"),

all as more fully described in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the order entered September 22, 2008 governing case management and

administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern

District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii)

the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; and (vi) all parties who have requested

notice in these chapter 11 cases, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Motion is in the best

interests of the Debtors, their estates and creditors, and all parties in interest and that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is

       ORDERED that the Motion is granted; and it is further

       ORDERED that, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy

Code, to the extent deemed necessary by the Debtors, the Debtors are authorized to employ, *nunc*

*pro tunc* to September 15, 2008, the Ordinary Course Professionals listed on Exhibit C hereto in

the ordinary course of their businesses in accordance with the procedures set forth herein,

effective as of the date of commencement of the Debtors' chapter 11 cases; and it is further

       ORDERED that each Ordinary Course Professional shall provide the Debtors'

attorneys as promptly as possible following (i) the entry of an order granting this Motion, or (ii)

the date on which the Ordinary Course Professional commences services for the Debtors: (a) an

affidavit (the "Ordinary Course Professional Affidavit"), substantially in the form annexed

hereto as Exhibit A, certifying that such Ordinary Course Professional does not represent or hold

any interest adverse to the Debtors or their estates with respect to the matter on which the

professional is to be employed; and (b) a completed retention questionnaire (the "Retention

Questionnaire"), substantially in the form annexed hereto as Exhibit B; and it is further

       ORDERED that the Debtors' attorneys shall file the Ordinary Course Professional

2

Affidavits and Retention Questionnaires with the Court and serve a copy thereof upon the Reviewing Parties (as defined below); and it is further

ORDERED that the Debtors are authorized to supplement the list of Ordinary Course Professionals from time to time during these chapter 11 cases, as the need arises, and file a notice with the Court listing such additional Ordinary Course Professionals and attach thereto the relevant Ordinary Course Professional Affidavits and Retention Questionnaires (collectively, the "Supplemental Notice of Ordinary Course Professionals"), and serve the Supplemental Notice of Ordinary Course Professionals on the (i) U.S. Trustee, and (ii) attorneys for the official committee of unsecured creditors appointed in these chapter 11 cases (together with the Debtors, the "Reviewing Parties"); and it is further

ORDERED that the Reviewing Parties shall have 10 days after receipt of either the Ordinary Course Professional Affidavit and the Retention Questionnaire, in the case of Ordinary Course Professionals listed on Exhibit C, or the Supplemental Notice of Ordinary Course Professionals, in the case of any additional Ordinary Course Professionals, to object to the retention, employment or compensation of the Ordinary Course Professional stemming from the contents of the Ordinary Course Professional Affidavit or the Retention Questionnaire (the "Objection Deadline"); and it is further

ORDERED that if no objections are filed by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional shall be deemed approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a hearing and without further order from the Court; *provided, however,* that if an objection is filed and any such objection cannot be resolved within 20 days, the matter shall be set for a hearing before the Court; and it is further

3

ORDERED that the Debtors are authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the customary manner in the full amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices); *provided, however*, that the payments do not exceed $150,000 per month per Ordinary Course Professional; and it is further

ORDERED that payment to any one Ordinary Course Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or entry of a confirmation order in these chapter 11 cases (the "Chapter 11 Period"); and it is further

ORDERED that in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code; and it is further

ORDERED that in the event that an Ordinary Course Professional seeks more than $150,000 per month, that professional will be required to file a fee application for the full amount of its fees and expenses for that month in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Fee Guidelines promulgated by the U.S. Trustee, and any and all orders of the Court; and it is further

ORDERED that the Debtors reserve the right to amend the monthly compensation limitations set forth in this order upon notice and hearing; and it is further

4

ORDERED that this Order shall not apply to any professional retained by the

Debtors pursuant to a separate order of the Court.

Dated:  New York, New York
        November 5, 2008

                              _s/ James M. Peck_____ _____
                              UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

**(Ordinary Course Professional Affidavit)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
                                           :
In re                                      :    **Chapter 11 Case No.**
                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :    **08-13555 (JMP)**
                                           :
                    Debtors.               :    **(Jointly Administered)**
                                           :
                                           :
------------------------------------------------------x

    **AFFIDAVIT AND DISCLOSURE STATEMENT OF** _____,

    **ON BEHALF OF** _____

STATE OF _____    )
                        ) ss:
COUNTY OF _____    )

      _____, being duly sworn, upon his oath, deposes and says:

    1.    I am a [INSERT TITLE] of _____, located at

_____ (the "Firm").

    2.    Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"

and, collectively with their non-debtor affiliates, "Lehman"), have requested that the Firm

provide _____ services to the Debtors, and the Firm has consented to provide such services.

    3.    The Firm may have performed services in the past and may perform

services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties

in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is

retained in cases, proceedings, and transactions involving many different parties, some of whom

may represent or be claimants or employees of the Debtors, or other parties in interest in these

chapter 11 cases.  The Firm does not perform services for any such person in connection with

these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.    Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5.    Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

6.    The Debtors owe the Firm $_____ for prepetition services.

7.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.[1]

By: _____

Subscribed and sworn to before me
this ____ day of _____, 2008

_____
      Notary Public

---

[1] If necessary.

**EXHIBIT B**

**(Retention Questionnaire)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                             :
In re                                        :    Chapter 11 Case No.
                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :    **08-13555 (JMP)**
                                             :
                    Debtors.                 :    (Jointly Administered)
                                             :
                                             :
------------------------------------------------------------x

<u>**RETENTION QUESTIONNAIRE**</u>

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEHMAN BROTHERS
HOLDINGS INC. OR ANY OF ITS DEBTOR AFFILIATES (collectively, the "<u>Debtors</u>")
<u>DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.</u>
<u>RETURN IT FOR FILING BY THE DEBTORS, TO:</u>

> Weil, Gotshal & Manges LLP
> 767 Fifth Avenue
> New York, New York 10153
> Attn:    Jennifer Sapp
>          Christopher Stauble

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate.
If more space is needed, please complete on a separate page and attach.

  1.    Name and address of firm:

        _____

        _____

        _____

        _____

  2.    Date of retention:    _____

  3.    Type of services provided (accounting, legal, etc.):

        _____

        _____

        _____

4.      Brief description of services to be provided:

        _____

        _____

        _____

5.      Arrangements for compensation (hourly, contingent, etc.)

        _____

        (a)     Average hourly rate (if applicable):

                _____

        (b)     Estimated average monthly compensation based on prepetition
                retention (if firm was employed prepetition):

                _____

6.      Prepetition claims against the Debtors held by the firm:

        Amount of claim:        $_____

        Date claim arose:       _____

        Source of Claim:        _____

7.      Prepetition claims against the Debtors held individually by any member,
        associate, or professional employee of the firm:

        Name:   _____

        Status: _____

        Amount of Claim:    $_____

        Date claim arose:   _____

        Source of claim:    _____

        _____

        _____

        _____

8.    Stock of the Debtors currently held by the firm:

      Kind of shares: _____

      No. of shares: _____

9.    Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

      Name: _____

      Status: _____

      _____

      Kind of shares: _____

      No. of shares: _____

10.    Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

      _____

      _____

      _____

      _____

11.    Name of individual completing this form:

      _____

**EXHIBIT C**

**(Ordinary Course Professionals)**

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Kramer Levin Naftalis & Frankel LLP | 1177 Avenue of the Americas New York, NY 10036 | Employment Counsel |
| Thacher Proffitt & Wood LLP | Two World Financial Center New York, NY 10281 | Corporate and Real Estate Counsel |
| Ballard Spahr Andres & Ingersoll, LLP | Plaza 1000-Suite 500 Main Street Voorhees, NJ 08043 | Corporate and Real Estate Counsel |
| Andrews & Kurth LLP | 450 Lexington Ave. New York, NY 10017 | Corporate Counsel |
| Herrick & Feinstein LLP | One Gateway Center Newark, NJ 07102 | Corporate and Real Estate Counsel |
| Benesch, Fiedlander, Coplan & Arnoff LLP | 200 Public Square, #2300 Cleveland, OH 44114 | Corporate and Real Estate Counsel |
| Latham & Watkins, LLP | 885 Third Avenue New York, NY 10022-4834 | Corporate Counsel |
| Schulte, Roth & Zabel LLP | 919 Third Avenue New York, NY 10022 | Corporate Counsel |
| Heller Ehrman LLP[1] Peter J. Benvenutti | 333 Bush Street San Francisco, CA 94104 | Litigation Counsel[2] |
| White & Case LLP | ul. Marszalkowska 142 00-061 Warszawa Poland | Litigation Counsel in Warsaw |
| Freshfields Bruckhaus Deringer | Seilergrasse 16 1010 Vienna Austria | Litigation Counsel in Austria |
| Dorsey & Whitney LLP | 136 South Main Street Suite 1000 Salt Lake City, UT 84101 | Litigation Counsel |

---

[1] The firm of Heller Ehrman LLP is currently in dissolution. Peter J. Benvenutti, the primary attorney working on Lehman matters at Heller Ehrman, will be moving to a new firm in the future. When that determination occurs, the Debtors will supplement the list of ordinary course professionals to include his new firm.

[2] Litigation Counsel is defined throughout the list of ordinary course professionals as counsel who represent Lehman Brothers Holdings Inc. or one of its affiliates in a Plaintiff capacity.

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Snell & Wilmer LLP | One Arizona Center<br>Phoenix, AZ 85004 | Litigation Counsel in Arizona |
| Squire, Sanders & Dempsey L.L.P. | Two Renaissance Square<br>40 North Central Avenue<br>Suite 2700<br>Phoenix, AZ 85004 | Litigation Counsel in Arizona |
| Lewis and Roca LLP | One South Church Ave.<br>Suite 700<br>Tucson, Arizona 85701 | Litigation Counsel in Arizona |
| Hahn Loeser & Parks LLP | 200 Public Square<br>Suite 2800<br>Cleveland, OH 44114 | Litigation Counsel in Ohio |
| Windels Marx Lane & Mittendorf, LLP | 156 West 56th Street,<br>New York, NY 10019 | Real Estate Counsel |
| Woodbury & Santiago, P.A. | Two Datran Center - Ph 1A<br>9130 South Dadeland Blvd.<br>Miami, Florida 33156 | Real Estate Counsel in Florida |
| Blake Cassels & Graydon LLP | 199 Bay Street<br>Suite 2800<br>Commerce Court West<br>Toronto, ON M5L, 1A9<br>Canada | Corporate Counsel in Toronto and Vancouver |
| Willkie Farr & Gallagher LLP | 787 Seventh Avenue<br>New York, NY 10019 | Real Estate Counsel |
| Menter, Rudin & Trivelpiece, P.C. | 308 Maltbie Street, Suite 200<br>Syracuse, NY 13204-1498 | Litigation Counsel |
| Jeffer, Mangels, Butler & Marmaro | 1900 Avenue of the Stars<br>7th Floor<br>Los Angeles, CA 90067 | Litigation and Real Estate Counsel in California |
| Click & Null, P.C. | 3475 Piedmont Road, #1910<br>Atlanta, GA 30305 | Corporate and Real Estate Counsel |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | 1285 Avenue of the Americas<br>New York, NY 10019-6064 | Litigation Counsel |
| Foster, Graham, Milstein & Calisher, LLP | 621 Seventeenth Street,<br>19th Floor<br>Denver, CO 80293 | Litigation and Real Estate Counsel |
| Reilly Pozner & Connelly LLP | 511 16th Street<br>Suite 700<br>Denver, CO 80202 | Litigation and Real Estate Counsel |
| Akerman Senterfitt | Attorneys at Law<br>350 East Las Olas Blvd.<br>Suite 1600<br>Ft. Lauderdale, FL 33301 | Litigation and Real Estate Counsel |

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Baker & McKenzie LLP | 111 Brickell Avenue Suite 1700 Miami, FL 33131 | Litigation and Real Estate Counsel |
| Gianni, Origoni Grippo & Partners | 20, Via delle Quattro Fontane 00184 Rome, Italy | Italian Counsel |
| Kleyr Grasso Associes | Avocats À La Cour 122, Rue A. Fischer B.P. 559 L-2015 Luxembourg | Luxembourg Counsel |
| Cederquist | Advokatfirman Cederquist KB Hovslagargatan 3 P.O. Box 1670 111 96 Stockholm Sweden | Swedish Counsel |
| Mitsui Company | Akasaka 2.14 Plaza Bldg. 14-32, Akasaka 2-chome Minato-ku, Tokyo 107-0052 Japan | Japanese Counsel |
| Oh-Ebashi LPC & Partners | 2F Kishimoto Building 2-1 Marunouchi 2-chome Chiyoda-ku, Tokyo 100-0005 Japan | Japanese Counsel |
| Morrison & Foerster LLP | Shin-Marunouchi Building, 29th Floor 5-1, Marunouchi 1-chome Chiyodaku, Tokyo 100-6529 Japan | Japanese Counsel |
| LS Horizon Ltd. | 14th Floor Diethelm Tower A 93/1 Wireless Road Lumpini, Pathumwan, 2 Bangkok 10330 Thailand | Thai Counsel |
| Herbert Smith Ltd. | 1403 Abdulrahim Place 990 Rama IV Road Bangkok 10500 Thailand | Thai Counsel |
| NBP Clems | Rúa Colón 33-35, 4° A-B 36.201 Vigo (Pontevedra) Spain | Spanish Counsel |
| HBN Law | L.B. Smithplein 3 Curaçao, Netherlands Antilles | Netherlands Antilles Counsel |
| DLA Piper | 500 Eight Street, N.W. Washington, D.C. 20004 | Governmental Affairs |

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Brand Law Group, PC | 923 15th Street, N.W. Washington, D.C. 20005 | Governmental Affairs |
| Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis | 101 East Kennedy Boulevard Suite 2700 Tampa, FL 33602 | Litigation and Real Estate Counsel |
| Norton Rose LLP | 3 More London Riverside London  SE1 2AQ United Kingdom | Regulatory Advisors under English Law |
| Pekin & Pekin | Lamartine Caddesi 10 Taksim 34437 Istanbul Turkey | Turkish Counsel |
| Herbert Smith CIS LLP | 10 Ulitsa Nikolskaya Moscow 109012 Russia | Russian Counsel |
| Bär & Karrer AG | Brandschenkestrasse 90 CH-8027 Zurich Switzerland | Swiss Counsel |
| Cains | 15-19 Athol Street Douglas Isle of Man IM1 7JN | Isle of Man Counsel |
| Cassels Brock & Blackwell LLP | 2100 Scotia Plaza 40 King Street West Toronto Canada M5H 3C2 | Corporate Counsel in Toronto |
| Clifford Chance LLP | 31 West 52nd Street New York, NY 10019 | Corporate Counsel |
| Fried Frank | 1001 Pennsylvania Avenue, NW Washington, DC 20004 | Litigation and Real Estate Counsel |
| Brownstein Hyatt Farber Schreck, LLP | 410 Seventeenth Street Suite 2200 Denver, CO 80202 | Litigation and Real Estate Counsel |
| Paul, Hastings, Janofsky & Walker LLP | Park Avenue Tower 75 E. 55th Street First Floor New York, NY 10022 | Litigation and Real Estate Counsel |
| Cadwalader, Wickersham & Taft LLP | One World Financial Center New York, New York 10281 | Litigation and Real Estate Counsel |
| Gibson, Dunn & Crutcher LLP | 2029 Century Park East Los Angeles, CA 90067 | Litigation and Real Estate Counsel |
| Sidley Austin LLP | 787 Seventh Avenue New York, NY 10019 | Corporate and Real Estate Counsel |
| Luboja & Thau, LLP | 10 East 40th Street, 30th Floor New York, NY  10016 | Litigation and Employment Counsel |

## EXHIBIT B

### Time Detail

**BIII Workout**

| DATE | ATTY | HOURS | DESCRIPTION | VALUE ($) |
|------|------|-------|-------------|-----------|
| 04/03/09 | DWF | 6.00 | Calls with Lehman; begin working on modification of term sheet. | 5,160.00 |
| 04/03/09 | JSR | 0.50 | Meeting with Forti regarding status. | 340.00 |
| 04/03/09 | JJG | 3.20 | Draft Commitment Agreement regarding term sheet modifying the loan | 1,360.00 |
| 04/05/09 | DWF | 5.00 | Conference call regarding term sheet; revise and redistribute term sheet. | 4,675.00 |
| 04/05/09 | JSR | 3.00 | Review summary and related documents; attend conference call with client and other counsel; emails with D Forti. | 2,070.00 |
| 04/06/09 | TAS | 1.00 | Review term sheet and debt structure | 875.00 |
| 04/06/09 | JSR | 2.50 | Review term sheet and supporting documents; attention to checklist; meeting with D Forti. | 1,725.00 |
| 04/07/09 | TAS | 0.50 | Work on strict foreclosure agreement. | 437.50 |
| 04/07/09 | DWF | 3.50 | Multiple calls and issue related to BIII restructure | 3,272.50 |
| 04/07/09 | MH | 2.50 | Discussion with D. Forti regarding Weil follow-up call and new deal structure; review papers including March 2009 changes. | 2,412.50 |

| | | | | |
|---|---|---|---|---|
| 04/07/09 | JSR | 1.50 | Call with bankruptcy counsel; call and meetings D Forti and M Hirschfeld; review documents. | 103.50 |
| 04/08/09 | TAS | 2.75 | Review and discuss intercreditor agreements and impact of structuring realization of collateral; discuss term sheet issues; work on assignment-in-lieu agreement. | 2506.25 |
| 04/08/09 | DWF | 4.00 | Review Weil's comments to term sheet; attention to foreclosure structure; multiple calls; review intercreditor. | 3,740.00 |
| 04/08/09 | MH | 0.50 | Review revised papers for deal structure and memo to D. Forti. | 482.50 |
| 04/08/09 | JSR | 1.00 | Review term sheet comments; review intercreditor; emails. | 690.00 |
| 04/08/09 | DEC | 6.30 | Conferred with T.Stafford (.5 hours); Reviewed term sheet, loan structure and mezzanine foreclosure information (5.8 hours). | 3,528.00 |
| 04/09/09 | TAS | 1.50 | Calls; discuss structuring; work on restructuring agreement | 1,312.50 |
| 04/09/09 | DWF | 6.00 | Review and comment on PRU's proposed pre-negotiation agreement; all hands call regarding term sheet; revise term sheet. | 5,610.00 |
| 04/09/09 | JSR | 4.00 | Review comments; attend all-hands drafting call; revise term sheet; emails; meeting with D Forti. | 2,760.00 |
| 04/09/09 | BL | 0.80 | Pulled out all the Intercreditors Agreements and sent to supervising partner. | 188.00 |

| Date | Initials | Hours | Description | Amount |
|---|---|---|---|---|
| 04/09/09 | DEC | 7.90 | Conferred with T Stafford (.3 hours); reviewed and commented on term sheet (1.2 hours); reviewed organizational documents and intercreditor agreements (3.2 hours); drafted restructuring agreement (3.2 hours). | 4,424.00 |
| 04/10/09 | TAS | 0.60 | Review revised term sheet; review intercreditor issues | 525.00 |
| 04/10/09 | DWF | 7.20 | Multiple calls with Lehman & Weil; multiple forms of term sheet; attention to PRU pre-negotiation agreement. | 6,732.00 |
| 04/10/09 | JSR | 6.00 | Calls with client and co-counsel; meetings with D Forti; review comments to term sheet; revise term sheet; emails. | 4,140.00 |
| 04/10/09 | JJG | 0.30 | Revise Term Sheet | 127.50 |
| 04/13/09 | TAS | 1.20 | Discuss issues with Mr. Champagne; work on deed-in-lieu agreement | 1,050.00 |
| 04/13/09 | DWF | 2.50 | Call with C. Manna; issues regarding PRU PNA; e-mails with Weil; calls with T Stafford regarding structure. | 2,337.50 |
| 04/13/09 | JSR | 0.30 | Review emails regarding status. | 207.00 |
| 04/13/09 | DEC | 5.50 | Conferred with T.Stafford and D.Forti (.2 hours); Drafted restructuring agreement (5.3 hours). | 3,080.00 |
| 04/14/09 | TAS | 1.25 | Conference call regarding restructuring terms and documentation; continue work on deed-in-lieu agreement. | 1,093.75 |

| 04/14/09 | DWF | 1.50 | Call to discuss legal structure of various documents; attention to intercreditor issues. | 1,402.50 |
| 04/14/09 | JSR | 2.50 | Call regarding structure and status; prepare checklist; emails. | 1,725.00 |
| 04/14/09 | DEC | 3.80 | Conferred with T.Stafford, D.Forti and J.Rozes(.9 hours); Drafted restructuring agreement (2.9 hours). | 2,128.00 |
| 04/15/09 | TAS | 0.40 | Work on closing checklist | 350.00 |
| 04/15/09 | DWF | 1.50 | Attention to revised Pru PNA; work on restructuring docs. | 1,402.50 |
| 04/15/09 | MH | 0.80 | E-memo to D. Forti regarding transfer tax question; discussion with Yang regarding Calif impact. | 772.00 |
| 04/15/09 | JSR | 1.50 | Prepare closing checklist; review loan documents; emails. | 1,035.00 |
| 04/15/09 | GNS | 0.20 | Work with A. Yang concerning percent of ownership issue. | 57.00 |
| 04/15/09 | BL | 0.50 | Pulled out the closing documents for 116 Huntington and sent out the Ground Lease and Ground Lessor Estoppel to associate to review. | 117.50 |
| 04/15/09 | AMY | 1.08 | Research CA requirements for a 20% transfer of ownership interests. | 383.40 |
| 04/15/09 | DEC | 6.50 | Drafted restructuring agreement (5.6 hours); Reviewed revised term sheet (0.4 hours); Reviewed and revised restructuring and foreclosure checklist (0.5 hours). | 3,640.00 |
| 04/16/09 | JSR | 0.50 | Edit closing checklist. | 345.00 |

| 04/16/09 | DEC | 4.40 | Drafted notice of strict foreclosure (4.4 hours). | 2,464.00 |
| 04/17/09 | TAS | 0.30 | Discuss strict foreclosure notice requirements with D Champagne | 262.50 |
| 04/17/09 | DWF | 2.50 | Call with D. Zackowitz; revise term sheet; various e-mails with Weil. | 2,337.50 |
| 04/17/09 | JSR | 0.50 | Review ground lease materials. | 345.00 |
| 04/17/09 | DEC | 0.70 | Conferred with T.Stafford (0.2 hours); Reviewed Delaware statutes regarding strict foreclosure (0.5 hours). | 392.00 |
| 04/18/09 | DWF | 1.00 | Multiple calls and e-mails regarding revised term sheet. | 935.00 |
| 04/18/09 | JSR | 4.00 | Review comments to term sheet; call Bond regarding same; revise term sheet; various emails. | 2,760.00 |
| 04/19/09 | DWF | 1.00 | Multiple calls and e-mails regarding revised term sheet; turn multiple versions of term sheet. | 935.00 |
| 04/20/09 | TAS | 3.25 | Confer with D Forti; work on assignment agreement and closing checklist | 2,843.75 |
| 04/20/09 | DWF | 0.20 | Call with C. Manna. | 187.00 |
| 04/20/09 | JSR | 1.50 | Review draft term sheet; review existing intercreditor agreements; edit draft checklist; emails. | 1,402.50 |
| 04/20/09 | BL | 0.50 | Distributed the Intercreditor and Supplemental Intercreditor Agreements in relation to the five floating rate loans to supervising attorney. | 117.50 |

| 04/20/09 | DEC | 6.20 | Conferred with T.Stafford (1.6 hours); reviewed and revised closing checklist (0.6 hours); reviewed revised term sheet (0.4 hours); drafted assignment and assumption agreement (3.6 hours). | 3,472.00 |
| 04/21/09 | TAS | 0.50 | Review UCC strict foreclosure procedures | 437.50 |
| 04/21/09 | DWF | 1.00 | Call with Lehman; attention to Pru Conti. | 935.00 |
| 04/21/09 | JSR | 1.00 | Call Champagne; prepare closing checklist; emails. | 690.00 |
| 04/21/09 | BL | 2.50 | Edited and processed the Notice Information for each of the Lender for attorney's reference. | 587.50 |
| 04/21/09 | DEC | 7.30 | Conferred with J.Rozes (0.3 hours); Reviewed revised closing checklist (0.1 hours); Drafted assignment and assumption agreement (5.8 hours); Drafted notice of strict foreclosure (1.1 hours). | 4,088.00 |
| 04/22/09 | TAS | 0.75 | Research strict foreclosure issues; work on assignment agreement; discuss transfer issues | 656.25 |
| 04/22/09 | DWF | 3.00 | Rewrite term sheet; calls. | 2,805.00 |
| 04/22/09 | JSR | 1.00 | Review term sheet and underlying transaction documents; attention to checklist. | 690.00 |
| 04/22/09 | BL | 0.50 | Forwarded the final mortgage loan agreement for each of the 11 asset loan to supervising attorney. | 117.50 |

| | | | | |
|---|---|---|---|---|
| 04/22/09 | DEC | 7.90 | Conferred with T.Stafford (0.5 hours); researched UCC strict foreclosure provisions (3.5 hours); reviewed mortgage loan maturity dates and extension options (1.1 hours); drafted assignment and assumption agreement (1.9 hours); drafted notice of strict foreclosure (0.9 hours). | 4,424.00 |
| 04/23/09 | TAS | 0.40 | Discuss structure and strict foreclosure issues with D Champagne | 350.00 |
| 04/23/09 | DWF | 4.50 | Revise term sheet; multiple calls with Lehman; attention to Eastern Pre-negotiation Agreement; | 4,207.50 |
| 04/23/09 | JSR | 1.00 | Review documents; edit checklist. | 690.00 |
| 04/23/09 | BL | 1.00 | Located the related closing index and closing checklist for the Bridge Mezz A loan for attorney to prepare the checklist for the restructuring loan. | 235.00 |
| 04/23/09 | DEC | 2.40 | Conferred with T.Stafford (0.2 hours); researched UCC strict foreclosure provisions (1.1 hours); performed general due diligence on loan documents (0.6 hours); drafted assignment and assumption agreement (0.1 hours); drafted notice of strict foreclosure (0.4 hours). | 1,344.00 |
| 04/24/09 | DWF | 5.00 | Multiple calls with Lehman; calls with Weil; multiple revisions of term sheet; check underlying documents. | 4,675.00 |

| 04/24/09 | DEC | 3.20 | Reviewed and revised Eastern pre-negotiation letter (1.7 hours); reviewed term sheet comments (0.8 hours); conference call with client and Weil regarding the term sheet (0.7 hours). | 1,792.00 |
| 04/25/09 | DWF | 1.00 | Revise term sheet; multiple calls and e-mails. | 935.00 |
| 04/27/09 | DWF | 1.50 | Various calls and e-mails. | 1,402.50 |
| 04/27/09 | MH | 1.80 | Review most recent term sheet; e-memo to S. Sontag; discussion with D. Forti; discussion with S. Sontag. | 1,737.00 |
| 04/27/09 | DEC | 1.80 | Drafted assignment and assumption agreement and notice of strict foreclosure (1.4 hours); Reviewed revised term sheet (0.4 hours). | 1,008.00 |
| 04/28/09 | TAS | 1.50 | Review revised term sheet; conference call to discuss proposed new structure | 1,312.50 |
| 04/28/09 | DWF | 5.50 | Multiple calls including all hands call with Borrower's counsel; multiple calls regarding Borrower's tax concerns. | 5,142.50 |

| 04/28/09 | MH | 7.80 | Review revised term sheet; discussion with D. Forti; telephone conference with S. Sontag at Weil; conference call with Sontag and Herman at Weil; conference call with D. Forti and Sontag and Dave Herman; telephone conference with J. Scharfstein; conference call with Sontag and Scharfstein; conference call with all parties - Scott Sontag, Dave Herman, Mike and Scott, Dave Forti, Harvey at Schoenbaum, Joel Scharfstein, Lee, Avi and Andrew at Fried Frank and others; review Fried Frank tax concerns with structure (taxable income recognition and possible OID treatment of Tranche A) and review of possible tax issues if those changes are made. | 7,527.00 |
| 04/28/09 | JSR | 2.60 | Review revised term sheet; attend all-hands structuring calls; meeting Forti; review intercreditor agreements. | 1,794.00 |
| 04/28/09 | DEC | 0.90 | Conferred with D.Forti, T.Stafford and J.Rozes (0.9 hours). | 504.00 |
| 04/29/09 | DWF | 0.80 | Calls with Lehman; e-mails with Weil; review new structure. | 748.00 |
| 04/29/09 | MH | 3.00 | Review Weil suggested steps; review e-mails from S. Sontag and D. Herman; reply e-mails to D. Forti; telephone conference with S. Sontag. | 2,895.00 |
| 04/29/09 | DEC | 3.60 | Reviewed and revised pre-negotiation letters (3.3 hours); Reviewed Weil's restructuring procedure steps (0.3 hours). | 2,016.00 |
| 04/30/09 | TAS | 0.50 | Review revised deal structure | 427.50 |

| 04/30/09 | DWF | 4.00 | Calls with Weil; calls with Lehman; revise and circulate term sheet. | 3,740.00 |
| 04/30/09 | MH | 4.00 | Telephone conference with S. Sontag - multiple calls; conference call with all parties regarding structural revisions to deal with Fried Frank Broadway tax concerns; later conference call with all parties; review structure paper from Weil and revised paper; multiple e-mails to D. Forti, discussion with D. Forti. | 3,860.00 |
| 04/30/09 | JSR | 0.50 | Attend structuring call. | 345.00 |

**TOTAL HOURS:**        **219.38**        **AMOUNT:**        **$163,823.90**

### 325 West Broadway (Tootsie Roll Building)

| **DATE** | **ATTY** | **HOURS** | **DESCRIPTION** | **VALUE ($)** |
|---|---|---|---|---|
| 04/01/09 | KAB | 0.90 | Follow up regarding foreclosure strategy and review of documents (.4); strategy call with client (.5). | 742.50 |
| 04/01/09 | JAR | 0.50 | Call with Lehman and Trimont regarding foreclosure process. | 262.50 |
| 04/01/09 | KMM | 1.40 | Telephone conference with client and servicer regarding strategy (0.4); draft strict foreclosure notice (0.7); review loan documents relevant to same (0.3). | 686.00 |
| 04/01/09 | KW | 0.50 | Researched transferability of share certificates (0.5) | 177.50 |
| 04/02/09 | KMM | 0.40 | Revise and revert strict foreclosure notice draft to client; respond to various email regarding same. (0.4) | 196.00 |

| DATE | ATTY | HOURS | DESCRIPTION | VALUE ($) |
|------|------|-------|-------------|-----------|
| 04/03/09 | ALC | 0.40 | Exchange emails regarding call; review environmental consultant conclusion | 330.00 |
| 04/04/09 | KAB | 0.20 | Follow up regarding UCC v. Real property foreclosure (.2). | 165.00 |
| 04/06/09 | ALC | 0.80 | Preparation for and participation in client call regarding environmental follow-up. | 660.00 |
| 04/06/09 | KAB | 0.40 | Attention to environmental liability memo. | 330.00 |
| 04/06/09 | KW | 0.70 | Conference call with client and A. Cohen on environmental contamination issues on the property. | 248.50 |
| 04/07/09 | KW | 0.60 | Corresponded with Trimont regarding outstanding documents. | 213.00 |
| 04/08/09 | KW | 0.50 | Reviewed additional documents posted by Trimont. | 177.50 |
| 04/09/09 | KW | 0.60 | Reviewed additional documents posted online- mezzanine borrower's certifications, development agreement, mezzanine level guarantors' certifications (0.6). | 213.00 |
| 04/13/09 | KAB | 0.40 | E-mails with client regarding budget (.2); follow up regarding outstanding environmental issues. | 330.00 |
| 04/13/09 | KW | 0.40 | Reviewed development agreement with an eye to subordination language (0.2); reviewed escrow instructions to determine if there are outstanding documents (0.2). | 142.00 |

| **DATE** | **ATTY** | **HOURS** | **DESCRIPTION** | **VALUE ($)** |
|---|---|---|---|---|
| 04/21/09 | ALC | 0.70 | Review revised environmental report. | 577.50 |
| 04/23/09 | ALC | 0.20 | Comment on Phase I report in client email. | 165.00 |
| 04/28/09 | ALC | 0.10 | Review and respond to email about environmental memo. | 82.50 |
| 04/29/09 | ALC | 2.00 | Draft memo summarizing environmental risks. | 1,650.00 |
| 04/30/09 | ALC | 0.40 | Finalize client memo. | 330.00 |
| 04/30/09 | KAB | 0.20 | E-mail from client regarding strategy question. | 165.00 |
| 04/30/09 | CJJ | 1.00 | Research pending litigation against borrower. | 210.00 |

**TOTAL HOURS:**          **13.30**          **AMOUNT:**          **$8,053.50**

**T-Rex, St. John**

| **DATE** | **ATTY** | **HOURS** | **DESCRIPTION** | **VALUE ($)** |
|---|---|---|---|---|
| 04/01/09 | KAB | 1.00 | Attention to letter agreement with borrower (1.0). | 825.00 |

| DATE | ATTY | HOURS | DESCRIPTION | VALUE ($) |
|------|------|-------|-------------|-----------|
| 04/01/09 | KMM | 1.60 | Attend to new letter agreement with borrower: revise and revert to client, respond to client questions regarding same, further revise and revert to client (1.6). | 784.00 |
| 04/02/09 | KMM | 0.30 | Follow up regarding execution of borrower side letter with client (0.1); compile executed versions of pre-negotiation agreement and borrower side letter and revert to client (0.2). | 147.00 |

**TOTAL HOURS:**              **2.90**              **AMOUNT:**              **$1,756.00**

**La Posada**

| DATE | ATTY | HOURS | DESCRIPTION | VALUE ($) |
|------|------|-------|-------------|-----------|
| 04/08/09 | CJJ | 0.25 | Process lien search invoices. | 52.50 |
| 04/16/09 | KAB | 1.00 | Emails with client regarding questions regarding document interpretation and follow up regarding same. | 825.00 |
| 04/16/09 | KMM | 1.20 | Attention to client question regarding consent to certain property renovations (0.5); attention to client question regarding payment of fees to property manager (0.5); telephone conference with K. Burroughs regarding same (0.2). | 588.00 |

| **DATE** | **ATTY** | **HOURS** | **DESCRIPTION** | **VALUE ($)** |
|---|---|---|---|---|
| 04/16/09 | KW | 1.50 | Reviewed mezzanine loan agreement for lender consent rights over capital expenses (0.5); Reviewed mortgage loan agreement for lender consent rights (0.3); discussed with K. Mylod (0.4); called client to obtain mortgage (0.2); reviewed mortgage for cash management provisions (0.1). | 532.50 |
| 04/17/09 | KMM | 1.40 | Attend to client questions regarding payment of fees to GenCom and capital expenditures (1.0); telephone conference with client regarding same (0.4). | 686.00 |
| 04/20/09 | KW | 0.10 | Discussed Management Agreement review with K. Mylod (0.1). | 3.55 |
| 04/21/09 | KW | 0.40 | Reviewed Asset Management Agreement and operating agreement of JV to determine if payment of manager's fees is subordinate to the loan (0.4). | 142.00 |
| 04/29/09 | KAB | 0.30 | Attention to issues regarding asset management agreement. | 247.50 |

| **TOTAL HOURS:** | | **6.15** | **AMOUNT:** | **$3,109.00** |
|---|---|---|---|---|

**1107 Broadway - Toy Building**

| **DATE** | **ATTY** | **HOURS** | **DESCRIPTION** | **VALUE ($)** |
|---|---|---|---|---|
| 04/01/09 | KAB | 0.50 | Attention to strict foreclosure notice (.5). | 412.50 |

| **DATE** | **ATTY** | **HOURS** | **DESCRIPTION** | **VALUE ($)** |
|---|---|---|---|---|
| 04/01/09 | KMM | 3.50 | Draft notice of strict foreclosure and further revise same (1.5); prepare summary for client regarding mezzanine foreclosure risk assessment and explanation of mechanics (1.0); oversee and further revise and revert to client supplemental default notices to borrowers and guarantor regarding mechanic's lien (1.0). | 1,715.00 |
| 04/01/09 | KW | 1.70 | Researched transferability of interest certificates (0.5); Revised and updated supplemental default notices (1.2). | 603.50 |
| 04/02/09 | CJJ | 2.00 | Review title exception documents. | 420.00 |
| 04/02/09 | KMM | 3.20 | Various telephone conferences with servicer regarding servicing file, deposit account issue and general deal updates (0.5); office conference with C. Jenssen regarding title issues (0.2); telephone conference with client regarding 240 Park release of funds letter (0.2); revise same and revert to client (0.5); review and revise mortgage foreclosure complaint (1.8). | 1,568.00 |
| 04/02/09 | KW | 0.50 | Called the real estate division of the Attorney General's office to confirm whether a condominium offering plan was filed on the property (0.5). | 177.50 |
| 04/03/09 | KAB | 0.20 | Attention to foreclosure complaint questions. | 165.00 |

| **DATE** | **ATTY** | **HOURS** | **DESCRIPTION** | **VALUE ($)** |
|---|---|---|---|---|
| 04/03/09 | KMM | 4.50 | Review mortgage foreclosure complaint with L. Ceriello (1.5); draft release for Tessler in relation to 240 Park distribution (0.7): strategize same with R. Grady (0.2); further revise releases for 240 Park distributees (0.6); review cash management provisions of mortgage loan, deposit account control agreement and lockbox agreement to understand cash flow in relation to unsigned deposit account control agreement issue (1.0); review DTZ Rockwood marketing proposal and compare the same to precedent (0.5). | 2,205.00 |
| 04/04/09 | KAB | 0.30 | Follow up regarding 240 Park disbursement (.1); follow up regarding mezz foreclosure marketing proposal (.2). | 247.50 |
| 04/05/09 | KAB | 0.40 | Review and comment on proposed broker agreement for mezz loan foreclosure (.4). | 330.00 |
| 04/06/09 | KAB | 1.30 | Attention to foreclosure complaint (.5); attention to brokerage agreement (.5); attention to issue regarding 240 Park release of funds (.3). | 1,072.50 |
| 04/06/09 | KAB | 0.40 | Attention to issues raised by deposit agreement. | 330.00 |
| 04/06/09 | CJJ | 1.00 | Review environmental reports. | 210.00 |

| DATE | ATTY | HOURS | DESCRIPTION | VALUE ($) |
|---|---|---|---|---|
| 04/06/09 | KMM | 2.70 | Review comments to Rockwood proposal (0.2); update K. Burroughs regarding various deal issues (status of original documents and retrieval of same from custodian; deposit account control agreement; mortgage foreclosure complaint; environmental issue at property) (0.5); telephone conference with TriMont regarding deal status (0.4); draft summary for client of deal status and related issues (0.8): review mortgage foreclosure complaint (0.8). | 1,323.00 |
| 04/07/09 | KAB | 0.50 | Attention to Rockwood proposal regarding marketing of collateral (.5). | 412.50 |
| 04/07/09 | KMM | 0.50 | Prepare for and attend conference call with client and Rockwood regarding retention of Rockwood to market the collateral for mezzanine loans. | 245.00 |
| 04/08/09 | KAB | 0.30 | Attention to revisions to Mezzanine broker agreement (.3). | 247.50 |
| 04/08/09 | KMM | 1.50 | Revise and revert Rockwood memorandum regarding brokerage services for sale of mezzanine loan collateral (1.5). | 735.00 |
| 04/09/09 | KAB | 0.20 | Attention to revisions to Mezz broker agreement (.2). | 165.00 |
| 04/10/09 | KMM | 2.90 | Draft mortgage foreclosure complaint. | 1,421.00 |
| 04/13/09 | KMM | 3.00 | Continue mortgage loan foreclosure complaint revisions. | 1,470.00 |

| **DATE** | **ATTY** | **HOURS** | **DESCRIPTION** | **VALUE ($)** |
|---|---|---|---|---|
| 04/14/09 | KMM | 2.80 | Further revise mortgage foreclosure complaint (2.0); review NY state mortgage loan foreclosure research regarding specific client issues related to having three mortgages and the guaranties (0.8). | 1,372.00 |
| 04/15/09 | KAB | 0.40 | Attention to strategy on mezzanine loan foreclosure and Lender agreement (.4). | 330.00 |
| 04/15/09 | KMM | 0.50 | Proof mortgage foreclosure complaint. | 245.00 |
| 04/16/09 | KAB | 1.20 | Attention to revised agreement with mezzanine broker (.2); strategy call with client (.8); attention to lender letter (.2). | 990.00 |
| 04/16/09 | KMM | 2.40 | Review revised Rockwood contract (0.5); telephone conference with securities counsel regarding same (0.2); review and revise lender group letter (0.5); prepare for group status call (0.4); attend group status call (0.8). | 1,176.00 |
| 04/17/09 | KMM | 1.20 | Attend to lender group letter revisions and revert same to client (0.8); attend to Rockwood mark up and comments from securities counsel (0.4). | 588.00 |
| 04/17/09 | ELP | 1.25 | Review contract; add language relevant to broker-dealers. | 937.50 |
| 04/20/09 | KMM | 1.30 | Telephone conference with client regarding lender group letter and Rockwood agreement (0.5); telephone conference with TriMont regarding Rockwood agreement and status (0.8). | 637.00 |

| **DATE** | **ATTY** | **HOURS** | **DESCRIPTION** | **VALUE ($)** |
|---|---|---|---|---|
| 04/20/09 | KW | 0.10 | Discussed lease review project with K. Mylod (0.1). | 35.50 |
| 04/20/09 | KW | 0.80 | Began supplementing existing default notices with the Con Ed default (0.8). | 284.00 |
| 04/21/09 | KMM | 0.30 | Review revised default notices. | 147.00 |
| 04/21/09 | KW | 3.00 | Drafted and finalized updated default notices (1.4); Reviewed leases to identify attornment language and determine whether leases were still in effect (1.6). | 1,065.00 |
| 04/22/09 | KMM | 0.70 | Review executed 240 Park release letter and releases from distributees (0.4); revise release from two distributees (0.3). | 343.00 |
| 04/23/09 | KMM | 0.30 | Coordinate 240 Park distribution and confirm revised release letters related to same. | 147.00 |
| 04/26/09 | KAB | 0.40 | Attention to distributions on 240 Park (.2); follow up regarding revised default notices (.2). | 330.00 |
| 04/27/09 | KMM | 0.30 | Revise and revert lender group letter to client (0.2); review executed default notices (0.1). | 147.00 |
| 04/27/09 | KW | 0.30 | Coordinated distribution of supplemental default letters to Borrower's counsel (0.3). | 1,065.00 |

| **DATE** | **ATTY** | **HOURS** | **DESCRIPTION** | **VALUE ($)** |
|---|---|---|---|---|
| 04/30/09 | KAB | 1.20 | Call with client in preparation for call with unsecured creditors committee (.3); long strategy call with unsecured creditors committee and debtor in possession counsel (.9). | 990.00 |
| 04/30/09 | KMM | 1.40 | Pre-call with client before lender group call (0.3); attend lender group call regarding foreclosure strategy (0.6); address follow up considerations to foreclosure strategy with client (advances, Citibank leases, double transfer tax issues) (0.3); revise lender group letter (0.2). | 686.00 |

| | | | | |
|---|---|---|---|---|
| **TOTAL HOURS:** | | **50.95** | **AMOUNT:** | **$26,032.00** |

**S-J Management LLC**

| **DATE** | **ATTY** | **HOURS** | **DESCRIPTION** | **VALUE ($)** |
|---|---|---|---|---|
| 04/01/09 | KAB | 0.30 | Call from client group regarding new mezz foreclosure secured by the collateral property in Phoenix Arizona. | 247.50 |
| 04/03/09 | KAB | 0.20 | Attention to new Lehman mezz loan foreclosure on properties in Arizona. | 165.00 |
| 04/04/09 | KAB | 0.40 | E-mails with client regarding receiver question (.2); follow up regarding documents (.2). | 330.00 |
| 04/06/09 | KAB | 1.70 | Call with clients regarding strategy on distressed mezzanine loans in Arizona (1.0); call with Arizona local counsel regarding receiver and foreclosure process (.7). | 1,402.50 |

| DATE | ATTY | HOURS | DESCRIPTION | VALUE ($) |
|---|---|---|---|---|
| 04/06/09 | KMM | 2.70 | Introductory call with client, TriMont and counsel regarding deal background and status (0.8); access and review documents available in repository and coordinate with TriMont regarding same (1.3); follow up call with client, TriMont, counsel and AZ counsel regarding foreclosure process and local law issues (0.6). | 1,323.00 |
| 04/07/09 | KAB | 0.50 | Follow up regarding receiver question (.2); follow up on due diligence issues (.3). | 412.50 |
| 04/07/09 | KMM | 3.10 | Review loan documents and pledge agreement (La Reserve) (0.9); review loan documents and pledge agreement (Sienna) (0.5); supervise review of pledged operating agreements and bylaws (0.3); review UCC search results (0.2); review guaranties on all three mezzanine loans (1.2). | 1,519.00 |
| 04/07/09 | KW | 2.00 | Reviewed operating agreements for pledged entities on Sienna and Retreat (1.2); summarized findings to supplement email to client on mechanics of mezzanine foreclosure (0.6); Searched for operating agreements for pledged entities on Retreat (0.2). | 710.00 |
| 04/08/09 | AMC | 1.80 | Meet with K. Mylod to discuss new matter (.2); search Trimont repository for title and UCC-related documents, and print same (1.6). | 423.00 |

| **DATE** | **ATTY** | **HOURS** | **DESCRIPTION** | **VALUE ($)** |
|---|---|---|---|---|
| 04/08/09 | KMM | 1.30 | Summarize findings of review of mezzanine foreclosure mechanics and guaranties (1.1); review pledged entity operating agreements with K. Wainright (0.2). | 637.00 |
| 04/08/09 | KW | 0.60 | Discussed mechanics for admission of new member with K. Mylod; reviewed available documents. | 213.00 |
| 04/09/09 | KAB | 0.70 | Attention to analysis of documents and potential exercise of remedies. | 577.50 |
| 04/09/09 | KW | 0.40 | Reviewed guaranties to determine guarantor liability. | 142.00 |
| 04/10/09 | KMM | 2.20 | Review loan agreement (1.3) and intercreditor agreement (0.9). | 1,078.00 |
| 04/10/09 | KW | 1.10 | Reviewed mezzanine loan documents to determine differences between the three loans (0.8); summarized differences (0.3). | 390.50 |
| 04/15/09 | KAB | 0.20 | Email from client regarding next steps and respond to same. | 165.00 |
| 04/15/09 | AMC | 0.70 | (0.5 hrs.) - Search Trimont repository to attempt to locate newly-posted UCC Policies of Title Insurance for LaReserve and Sienna loans; call to K. Olson at Trimont to discuss missing copies of same (0.2 hrs.). | 164.50 |
| 04/15/09 | KW | 0.40 | Reviewed additional organizational documents on Retreat to understand mechanics of new member admission. | 142.00 |
| 04/16/09 | KAB | 0.60 | Long call with client regarding strategy. | 495.00 |

| DATE | ATTY | HOURS | DESCRIPTION | VALUE ($) |
|---|---|---|---|---|
| 04/16/09 | KMM | 0.80 | Review various correspondence related to title on the three properties and coordinate review with A. Cotharin (0.3); prepare for an attend all hands status conference regarding next steps (0.5). | 392.00 |
| 04/16/09 | KW | 0.20 | Summarized findings on additional organizational documents in email to K. Mylod (0.2). | 71.00 |
| 04/20/09 | AMC | 1.20 | Review three title updates provided (1.2). | 588.00 |
| 04/20/09 | KMM | 2.40 | Draft strict foreclosure notices and revise same (2.0); review and respond to various correspondence from client and other counsel regarding transfer taxes, payment advances and foreclosure strategy (0.4). | 1,176.00 |
| 04/21/09 | AMC | 3.70 | Begin review of various of the mezzanine loan documents and Mezzanine Financing Endorsements, for title and UCC purposes (1.2); work on memo to K. Mylod detailing findings of review (2.5). | 869.50 |
| 04/21/09 | KMM | 0.30 | Further revise and revert strict foreclosure notices for Sienna and La Reserve. | 147.00 |
| 04/22/09 | AMC | 0.60 | Finalize due diligence memo and forward same to K. Burroughs and K. Mylod. | 141.00 |
| 04/23/09 | KMM | 0.20 | Review title memorandum. | 98.00 |
| 04/24/09 | KMM | 0.40 | Review title memo (0.2); review CDO buy back provisions (0.2). | 196.00 |

| **DATE** | **ATTY** | **HOURS** | **DESCRIPTION** | **VALUE ($)** |
|---|---|---|---|---|
| 04/26/09 | KAB | 0.30 | Follow up regarding strict foreclosure. | 247.50 |
| 04/28/09 | AMC | 0.50 | Review additional materials provided by title company as to questions on LaReserve title. | 117.50 |
| 04/28/09 | KMM | 0.70 | Complete review of title memorandum (0.2); review correspondence related to buy back from CDO and purchase of mortgage loan (0.5). | 343.00 |
| 04/29/09 | KAB | 0.40 | Attention to CDO offering documents. | 330.00 |
| 04/29/09 | KMM | 1.40 | Prepare for and attend call with client and C. Click regarding Sienna loan and possible buy back from the CDO trust (0.8); review of CDO documents for various authorizations regarding buy back of Sienna loan or purchase of related mortgage loan (0.6). | 686.00 |
| 04/29/09 | KW | 1.30 | Reviewed Offering Memo to determine who has right to sell collateral under CDO documents (1.0); pulled documents for review (0.3). | 461.50 |
| 04/30/09 | KAB | 0.20 | Attention to CDO documents. | 165.00 |

| DATE | ATTY | HOURS | DESCRIPTION | VALUE ($) |
|------|------|-------|-------------|-----------|
| 04/30/09 | KMM | 1.10 | Coordinate compilation of CDO documents (0.3); review to confirm which entity has the ability to proceed with an enforcement action for a defaulted asset (0.8). | 539.00 |
| 04/30/09 | KW | 1.70 | Reviewed Indenture and Participation Agreement to determine mechanics of selling an asset from the CDO (0.7); discussed with K. Mylod (0.7); summarized findings (0.3). | 603.50 |

| **TOTAL HOURS:** | | **38.30** | **AMOUNT:** | **$17,402.50** |
|------------------|--|-----------|--------------|----------------|

**Fee Arrangement**

| DATE | ATTY | HOURS | DESCRIPTION | VALUE ($) |
|------|------|-------|-------------|-----------|
| 04/15/09 | BH | 0.80 | Located, summarized previous fee applications in Lehman case (.8). | 272.00 |
| 04/23/09 | BH | 6.60 | Compiled summary chart for compensation by timekeeper (1.7); drafted fee application, summary of fee application, certification, and statement (4.9). | 2,244.00 |
| 04/24/09 | BH | 3.80 | Drafted fee application, summary of fee application, certification, and statement (4.9). | 1,292.00 |
| 04/27/09 | BH | 0.60 | Drafted fee application. | 204.00 |

| **DATE** | **ATTY** | **HOURS** | **DESCRIPTION** | **VALUE ($)** |
|---|---|---|---|---|
| 04/28/09 | BH | 0.90 | Requested/input information for matter descriptions (.4); conferenced with accounting regarding billing discrepancies (.5). | 306.00 |
| 04/28/09 | BEG | 0.50 | Emails regarding fee applications; meet with B. Harper regarding same. | 330.00 |

**TOTAL HOURS:**          **13.20**          **AMOUNT:**          **$4,648.00**

<u>**EXHIBIT C**</u>

**Expense Detail**

<u>**BIII Workout**</u>

| Date | Name | Amount | Description |
|------|------|--------|-------------|
| 4/2/09 | David Forti | 121.50 | Half train fare to meeting in NYC on 3/30/09 |
| 4/2/09 | David Forti | 37.00 | Personal meals on 3/30/09 |
| 4/2/09 | David Forti | 18.00 | Taxi fare on 3/30/09 |
| 4/3/09 | Justin J. Gdula | 9.07 | Overtime Dinner Expense |
| 4/6/09 | Karen A. Smart | 0.60 | Duplication Charges |
| 4/9/09 | David W. Forti | 8.80 | Federal Express Charges |
| 4/22/09 | Derrick E. Champagne | 467.83 | Lexis/Legal Research |
| 4/24/09 | Karen A. Smart | 0.30 | Duplication Charges |
| 4/27/09 | Jason S. Rozes | 25.00 | Local Parking Charges |

**TOTAL DISBURSEMENTS:**          <u>**$688.10**</u>

<u>**1107 Broadway – Toy Building**</u>

| Date | Name | Amount | Description |
|------|------|--------|-------------|
| 3/27/09 | Abbi L. Cohen | 20.15 | Federal Express Charges |
| 4/30/09 | Cynthia A. Goldman | 0.40 | PACER Fees |

**TOTAL DISBURSEMENTS:**          <u>**$20.55**</u>

## EXHIBIT D

### Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | ) | Bankr. Case No. 08 - 13555 (JMP) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### ORDER AWARDING COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DECHERT LLP

Upon consideration of the Application of Dechert LLP ("Dechert") for an Award of Compensation and Reimbursement of Expenses for the Period April 1, 2009 through April 30, 2009 (the "Application"), dated May 8, 2009, relating to the above-referenced bankruptcy case for an award of compensation for professional services performed and reimbursement of expenses incurred for the period of April 1, 2009 through April 30, 2009, and after notice and hearing thereon, and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is hereby granted; and it is further

ORDERED that the Debtors pay to Dechert an award of compensation in the amount of $224,824.90 for professional services rendered to the Debtors during the period of April 1, 2009 through April 30, 2009; and it is further

ORDERED that the Debtors pay to Dechert $708.65 as reimbursement of

disbursement incurred during the period of April 1, 2009 through April 30, 2009.

This _____ day of _____, 2009.


_____
James M. Peck
United States Bankruptcy Judge

Prepared and presented by:

DECHERT LLP

/s/ Katherine A. Burroughs_____
Katherine A. Burroughs
90 State House Square
Hartford, Connecticut 06103
Telephone: (860) 524-3999
Fax: (860) 524-3930
Email: katherine.burroughs@dechert.com

– and –

/s/ Brian E. Greer_____
Brian E. Greer
1095 Avenue of the Americas
New York, New York  10036
Telephone: (212) 698-3500
Fax: (212) 698-3599
Email: brian.greer@dechert.com

Ordinary Course Professionals for
Lehman Brothers Holdings, Inc., *et al.*
Debtors in Possession