UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                               :
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al*   :    08-13555 (JMP)
                                               :
                        Debtors.               :    (Jointly Administered)
                                               :
                                               :
-----------------------------------------------------------------x

### ORDER GRANTING MOTION OF KALAIMOKU-KUHIO DEVELOPMENT CORP. (A) COMPELLINGPAYMENT OF POST-PETITION RENT AND CHARGES; (B) GRANTING RELIEF FROM THE AUTOMATIC STAY; AND (C) COMPELLING ASSUMPTION OR REJECTION OF LEASES

Upon the Motion[1] of Kalaimoku-Kuhio Development Corp. (the "Landlord") for entry of an order (1) compelling payment of post-petition rent and charges immediately upon the entry of an order granting this Motion, (2) prospectively vacating the automatic stay, effective on the 3rd business days following default under the Leases (as defined herein), to exercise all of its rights and remedies under: (a) the "Amended and Restated Ground Lease" (the "Ground Lease"), pursuant to which LB 2080 Kalakaua Owners LLC, a debtor and debtor in possession in the above-captioned, jointly-administrated bankruptcy cases (the "Debtor") is the lessee, and (b) the "Amended and Restated Sublease" (the "Ground Sublease," and with the Ground Lease, collectively referred to herein as the "Leases") pursuant to which the Debtor is the sublessee, and under all applicable laws, in the event Debtor does not timely perform its post-petition obligations under the Leases, and (3) compelling assumption or rejection of the Leases, the Court finds that, (i) the Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii)

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Motion.

the relief requested in the Motion is proper and should be granted; (iv) proper and adequate notice of the Motion and the hearing thereon has been given under the circumstances and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of relief as set forth herein,

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is granted.

2.  The Debtor is hereby ordered to pay to Landlord, within one (1) business day of the entry of this Order, the Post-Petition Rent in the sum of $_____, and to timely perform all other and future post-petition obligations under the Leases.

3.  Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay in effect in the Debtors' bankruptcy cases is hereby prospectively vacated, effective on the 3rd business day following default under the Leases, to allow Landlord to exercise all of its rights and remedies under the Leases and all applicable laws, in the event Debtor does not timely perform its post-petition obligations under the Leases as required by this Order and provisions of section 365(d)(3) of the Bankruptcy Code.

4.  The Debtor is directed to file a motion to assume or reject the Leases by not later than June 30, 2009.

5.  The modification of the automatic stay granted by this Order shall take effect immediately upon entry of this Order and shall not be stayed by operation of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedures.

6.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: June \_\_\_, 2009          _____
New York, New York            UNITED STATES BANKRUPTCY JUDGE