**Hearing Date and Time: June 24, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: June 19, 2009 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                          :
In re                                     :          **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :          **08-13555 (JMP)**
                                          :
                         **Debtors.**     :          **(Jointly Administered)**
                                          :
                                          :
------------------------------------------------------------------x

**NOTICE OF MOTION OF LEHMAN BROTHERS HOLDINGS**
**INC. PURSUANT TO SECTIONS 105(a) AND 363 OF THE**
**BANKRUPTCY CODE FOR AUTHORIZATION TO PURCHASE CERTAIN**
**FURNITURE, FIXTURES AND EQUIPMENT FROM BARCLAYS CAPITAL INC.**

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman

Brothers Holdings Inc. ("LBHI"), pursuant to sections 105(a) and 363 of title 11 of the United

States Code, for authorization to purchase certain furniture, fixtures and equipment from

Barclays Capital Inc., all as more fully described in the Motion, will be held before the

Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy

Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York,

New York 10004 (the "Bankruptcy Court"), on **June 24, 2009 at 10:00 a.m. (Prevailing**

**Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York,

shall set forth the name of the objecting party, the basis for the objection and the specific grounds

thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order

M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy

Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the

chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004,

Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York

10153, Attn:  Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United

States Trustee for the Southern District of New York,  33 Whitehall Street, 21st Floor, New

York, New York 10004 Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian

Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley

& McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F.

Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official

Committee of Unsecured Creditors appointed in these cases; and (v) Cleary Gottlieb Steen &

Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Lindsee P. Granfield,

Esq., and Lisa M. Schweitzer, Esq., so as to be so filed and received by no later than **June 19,**

**2009 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

       PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: June 4, 2009
        New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                    :
In re                               :        Chapter 11 Case No.
                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :    08-13555 (JMP)
                                    :
                    Debtors.        :        (Jointly Administered)
                                    :
                                    :
-----------------------------------------------------------------x
```

**MOTION OF LEHMAN BROTHERS HOLDINGS**
**INC. PURSUANT TO SECTIONS 105(a) AND 363 OF THE**
**BANKRUPTCY CODE FOR AUTHORIZATION TO PURCHASE CERTAIN**
**FURNITURE, FIXTURES AND EQUIPMENT FROM BARCLAYS CAPITAL INC.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and together with its affiliated debtors in

the above-captioned chapter 11 cases, as debtors and debtors in possession, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), files this Motion and respectfully

represents:

**Background**

1.      Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.        On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.        On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.        On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009, the Court approved the U.S. Trustee's appointment of the Examiner.

### Jurisdiction

5.        This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Lehman's Business

6.        Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.  Its headquarters in New

York and regional headquarters in London and Tokyo are complemented by a network of offices

in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

       7.      Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit

of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District

of New York in Support of First-Day Motions and Applications, filed on September 15, 2008

[Docket No. 2].

### Preliminary Statement

       8.      Following the Commencement Date, the Debtors have endeavored to

reduce overhead expenses by concentrating their operations in a reduced number of locations.

To facilitate this process, the Debtors have already assigned, rejected or re-negotiated the leases

for a number of commercial properties that previously housed portions of their operations.  As a

result of such restructuring, a large portion of the Debtors' business operations and employees

are located in the building known as 1271 Avenue of the Americas, located at 111 West 50th

Street, New York, New York (the "Building").  The Building currently provides an essential

platform for the operation of the Debtors' businesses.

       9.      LBHI is currently negotiating with its landlords at the Building to further

reduce its expenses.  Barclays Capital Inc. ("Barclays") has asserted that certain of the office

furniture, fixtures and equipment that is located in the Building and used by the Debtors was

previously sold to Barclays.  LBHI now seeks to repurchase such office furniture, fixtures and

equipment from Barclays, so that LBHI will have the ability to abandon such office furniture, fixtures and

equipment to its landlord as part of a larger transaction that will allow LBHI to continue to use a

significant portion of such office furniture, fixtures and equipment in connection with LBHI's ongoing

business and reduce LBHI's rent-related obligations by over $300 million.

**The Barclays' Sale**

10.    By order dated September 20, 2008, this Court authorized and approved the sale of certain of the Debtors' assets to Barclays, pursuant to that certain Asset Purchase Agreement, dated September 16, 2008, that certain first amendment clarifying asset purchase agreement dated September 19, 2008, and the letter agreement clarifying and supplementing the asset purchase agreement dated as of September 20, 2008 (collectively the "APA") among LBHI, LB 745 LLC, LBI and Barclays (the "Barclays Sale").

**LBHI's Leases**

11.    LBHI and Rockefeller Center North, Inc. ("Rockefeller") are party to that certain lease, dated as of April 5, 2007 (as supplemented, the "Lease"), for certain portions of the 46th floor in the Building.  The Lease expires on December 31, 2022.

12.    Pursuant to that certain sublease, dated as of April 5, 2007, by and between Historic TW Inc. ("Time") and LBHI (as amended and supplemented, the "Sublease"), Time subleases to LBHI certain below-grade space, the 3rd floor, the 35th floor, the 37th through 45th floors and a portion of the 46th floor of the Building (the "Sublet Space").

13.    The Debtors have determined that the Sublease provides them with surplus space and a longer term than they require to efficiently operate their businesses.  These excesses constitute a drain on the Debtors' resources.  As such, the Debtors are in the process of negotiating a new sublease with Time (the "New Sublease") that will provide for less space, a shorter term, and a reduction in total rent over the term of the Sublease from approximately $326 million to approximately $21 million.[1]  As a condition to entering into the New Sublease,

---

[1] In connection with this negotiation, LBHI intends to file with the Court, in the near term, a stipulation among LBHI, Time, and Rockefeller rejecting the Sublease effective upon the effective date of the New Sublease and, on such date, abandoning the Transferred FF&E to Time.

however, Time has demanded that the Debtors abandon to Time certain furniture and/or
equipment that is located in the Sublet Space but that may have been sold to Barclays in the
Barclays Sale.  The New Sublease will provide that Time will allow LBHI to continue to use the
office furniture, fixtures and equipment located in that portion of the Building that is covered by
the New Sublease.

### The Letter Agreement

14.    Accordingly, on June 4, 2009, LBHI and Barclays entered into that certain
letter agreement (the "Letter Agreement"), a copy of which is attached hereto as Exhibit A,
whereby Barclays agreed to sell, transfer, convey and assign to LBHI all of its right, title and
interest in and to certain (i) office furniture (the "Office Furniture"), (ii) hardware, network,
voice, telecommunications and personal computing equipment (the "IT Equipment"), and (iii)
fixtures and leasehold improvements (the "Improvements" and collectively with the Office
Furniture and the IT Equipment the "Transferred FF&E"), each as identified on Schedule A to
the Letter Agreement and to the extent that each constituted Furniture and Equipment as these
terms are defined in the APA.[2]  LBHI has agreed to purchase the Transferred FF&E from
Barclays for $5,900,001.00, comprised of: $2,900,000.00 for that portion of the Office Furniture
that is located in the Building; $3,000,000.00 for the IT Equipment; and $1.00 for the remaining
Transferred FF&E, which includes the Improvements.

---

[2] Any summary description of the New Sublease, Letter Agreement, or APA herein is provided
for convenience purposes only.  In the event of any conflict, the actual terms of such agreements
control.

## Relief Requested

15.     In order to facilitate the reduction of its ongoing administrative expenses by more than $300 million, LBHI requests authorization to purchase the Transferred FF&E from Barclays for $5,900,001.00 pursuant to sections 105(a) and 363 of the Bankruptcy Code.

## The Court Should Approve the Purchase

16.     LBHI seeks authorization to purchase the Transferred FF&E pursuant to sections 105(a) and 363 of the Bankruptcy Code.  Section 363(b)(1) provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use … other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Further, pursuant to section 105(a), the "court may issue any order, process, or judgment that is necessary to carry out the provisions of this title."  11 U.S.C. § 105(a).

17.     Under applicable case law in this and other circuits, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on the part of the debtor, such use should be approved.  *See Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) (requiring an "articulated business justification"); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (noting that under normal circumstances, the court defers to the trustee's judgment so long as there is a "legitimate business justification"); *In re Delaware & Hudson R.R. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)).

18.     The transaction described in the Letter Agreement constitutes a reasonable exercise of LBHI's business judgment.  Purchasing the Transferred FF&E from Barclays

benefits the Debtors and their estates in two ways. First, certain of the Transferred FF&E remains essential to the operation of the Debtors' businesses. Should Barclays attempt to enforce its claims against the Debtors with regard to the ownership of the Transferred FF&E, the Debtors ability to continue to operate their business without interruption could be in jeopardy. Second, the cost to repurchase the Transferred FF&E is dwarfed by the benefits that will accrue to the Debtors and their estates by entry into the New Sublease. By spending $5,900,001.00 on the Transferred FF&E, the Debtors will be able to relieve their estates from approximately $305,000,000.00 in future rent obligations to Time. Entry into the Letter Agreement, therefore, is a reasonable exercise of LBHI's business judgment and should be approved.

### Relief Under Bankruptcy Rule 6004(h)

19.    In order to avoid additional administrative expenses, LBHI intends to enter into the New Sublease on or before June 30, 2009, the date by which LBHI must currently assume or reject the Lease and Sublease. Because June 30, 2009 will be less than 10 days after the Motion is scheduled to be heard by this Court, LBHI hereby requests relief from Bankruptcy Rule 6004(h), which provides that an "order authorizing the use . . . of property . . . is stayed until expiration of 10 days after entry of the order, unless the Court orders otherwise." Fed. R. Bank. P. 6004(h).

### Notice

20.    No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service;

(v) the United States Attorney for the Southern District of New York; (vi) Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Lindsee P. Granfield, Esq., and Lisa M. Schweitzer, Esq.; and (vii) all parties who have requested notice in these chapter 11 cases.  No other or further notice need be provided.

21.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  June 4, 2009
        New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit A**

**(The Letter Agreement)**

June 4, 2009


<u>VIA HAND DELIVERY</u>

Lehman Brothers Holdings Inc.
1271 Sixth Avenue, 35th Floor
NY, NY 10020



Ladies and Gentlemen:

      Reference is made to (i) that certain Asset Purchase Agreement dated as of September 16, 2008 (as amended, supplemented, clarified and otherwise modified, including by that certain letter agreement dated as of September 20, 2008 among Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), Lehman Brothers Inc. ("<u>LBI</u>") and LB 745 LLC (collectively, "<u>Seller</u>") and Barclays Capital Inc. ("<u>Barclays</u>") (the "<u>Clarification Letter</u>"), collectively, the "<u>APA</u>") among Seller, and Barclays . Capitalized terms used herein but not otherwise defined shall have the meanings specified therefor in the APA.

      Pursuant to the APA, Sellers sold to Barclays all of their right, title and interest in and to the Purchased Assets, including Furniture and Equipment to the extent not Excluded Assets thereunder.

      LBHI has informed Barclays that it is currently negotiating certain lease-related matters with the landlord (the "<u>1271 Landlord</u>") for its leased premises (the "<u>1271 Premises</u>") located at 1271 Avenue of the Americas, New York, New York.  The lease relating to the 1271 Premises (the "<u>1271 Lease</u>") is an Excluded Asset under the APA.  Barclays further understands that, as part of such negotiations, LBHI wishes to convey (the "<u>Proposed Transfer</u>") to the 1271 Landlord or its assignee certain of the Furniture and Equipment purchased by Barclays pursuant to the APA.

      To facilitate the Proposed Transfer and to resolve other issues relating to the Furniture and Equipment, Barclays is willing to reconvey to LBHI specified Furniture and Equipment located at the 1271 Premises, 85 Tenth Avenue, New York, NY, 101 Hudson St., Jersey City, NJ and other facilities retained by LBHI under the APA, in each case subject to entry of the Approval Order (as defined below) and the other terms and conditions set forth herein.

      If these terms and conditions are acceptable please sign and return a copy of this letter to us at the address set forth above to indicate your agreement, whereupon the terms set forth below shall be immediately effective without further action by either party.

1.  Upon receipt of the Consideration (defined below), Barclays shall sell, transfer, convey, and assign to LBHI all of its right, title and interest in and to (a) the office furniture

identified in Schedule A hereto to the extent such furniture constituted Furniture and Equipment (the "Office Furniture"), (b) the Hardware, network, voice, telecommunications and personal computing equipment identified on Schedule A hereto to the extent such Hardware, network, voice, telecommunications and personal computing equipment constituted Furniture and Equipment (the "IT Equipment"), and (c) the fixtures and leasehold improvements identified in Schedule A hereto to the extent they constituted Furniture and Equipment (the "Improvements"; together with the Office Furniture and the IT Equipment, the "Transferred FF&E"), and LBHI shall purchase, assume and accept from Barclays the Transferred FF&E.

2. For certain Hardware, network, voice, telecommunications and personal computing equipment that are not Transferred FF&E and that are used by LBHI Entities under the TSA (the "1271 Network Equipment"), Barclays agrees that LBHI shall have the right to use such 1271 Network Equipment in accordance with the applicable terms of the TSA, and, within a reasonable time after the earlier of the expiration of the TSA and LBHI's notice to Barclays that it is no longer using the 1271 Network Equipment, Barclays shall remove same in accordance with the applicable provisions of the APA and the TSA.

3. Barclays warrants that the execution and delivery of this letter has been duly authorized by all requisite corporate action on the part of Barclays, and that Barclays has not previously conveyed or encumbered the Transferred FF&E. Other than the foregoing warranties, Barclays makes no representations or warranties whatsoever, express or implied, with respect to the Transferred FF&E or its physical condition, and the parties agree that the Transferred FF&E is being transferred on a "where is" and, as to condition, "as is" basis.

4. The parties acknowledge and agree that any Furniture and Equipment purchased under the APA not included in the Transferred FF&E (including, without limitation, the Furniture and Equipment listed on Schedule B hereto) (collectively, the "Retained FF&E") shall remain the property of Barclays and Barclays shall be responsible for removing the Retained FF&E on a schedule to be mutually agreed by the parties.

5. Promptly following execution hereof, LBHI shall file with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") a motion (the "Motion") seeking entry of an order approving LBHI's entry into and performance under this letter agreement pursuant to, inter alia, 11 U.S.C. 363(b) (the "Approval Order"), which order shall be in form and substance reasonably acceptable to Barclays including, inter alia, a waiver of the ten-day stay set forth in Bankruptcy Rule 6004(b) as requested in the Motion. In addition, the parties agree that unless and until the Bankruptcy Court approves and enters the Approval Order they shall have no obligations hereunder except for LBHI's obligation to file the Motion. However, once the Bankruptcy Court approves and enters the Approval Order the remainder of this letter agreement shall become effective as written.

6. The cash consideration for the Transferred FF&E shall be an amount equal to $5,900,001 (the "Consideration") (consisting of $2,900,000 for the Office Furniture located in the 1271 Premises (the "1271 Furniture"), $3,000,000 for the IT Equipment, and $1 for the

2

remaining Transferred FF&E), which shall be paid by LBHI within three (3) business days of the  Approval Order by wire transfer of immediately available funds into an account designated by Barclays.

7.  Should LBHI and the 1271 Landlord fail to execute a new sublease for the 1271 Premises by June 15, 2009, LBHI shall have the right to terminate this letter agreement upon written notice to Barclays <u>as to the 1271 Furniture only</u>.  LBHI agrees that if LBHI terminates this letter agreement with respect to the 1271 Furniture in accordance with this Paragraph 7, then Barclays shall have a reasonable period of time in which to remove the 1271 Furniture from the 1271 Premises, and LBHI shall use commercially reasonable efforts to secure such additional time from the 1271 Landlord for such removal. Notwithstanding anything to the contrary contained in the APA or the TSA, Barclays shall not incur any cost or liability relating to the presence of such 1271 Furniture in the 1271 Premises after June 22, 2009.

8.  For the avoidance of doubt, the parties reconfirm their understanding and agreement that Barclays shall have no obligation to repair or restore any of the premises in which the Transferred FF&E is located or to remove, repair or restore any Transferred FF&E located in such premises, and LBHI shall be solely responsible for removing, repairing or restoring (as applicable) the premises in which the Transferred FF&E is located or any Transferred FF&E located therein.

Except as expressly set forth herein, all provisions of the APA shall remain in full force and effect and the parties hereby agree that entering into this agreement in no way waives any rights, remedies, or defenses either party may otherwise have (to the extent not inconsistent with the terms of this agreement) and this agreement is without prejudice to any such rights, remedies or defenses either party may have at law or in equity (to the extent not inconsistent with the terms of this agreement), although neither party is acknowledging any obligations to the other except as expressly set forth herein.

Each party covenants and agrees to take any and all such further actions and to execute, acknowledge and deliver such further instruments, documents and agreements as the other party may reasonably request to effect, consummate or confirm the transactions contemplated by this agreement.  This agreement may be executed in multiple counterparts, each of which shall be an original but all of which together shall constitute but one and the same agreement.  This agreement may be delivered manually, by facsimile transmission or by email transmission.  This agreement shall be binding upon the parties hereto and their respective executors, administrators, legal representatives, heirs, successors and assigns, and shall inure solely to the benefit of the parties hereto and their respective executors, administrators, legal representatives, heirs, successors and permitted assigns.   This agreement will be governed by, and construed in accordance with, the laws of the State of New York, without reference to any conflict of law principles that would require the application of the law of another jurisdiction. The parties agree and consent to exclusive jurisdiction of the Bankruptcy Court for the purposes of any action, suit or proceeding arising out of or related to this agreement. To the extent the Bankruptcy Court abstains from or rules that it lacks jurisdiction to determine any such action, suit, or proceeding, the parties agree and consent to personal jurisdiction and venue in any state

3

or federal court within the Borough of Manhattan, in the City of New York, having subject matter jurisdiction.

[End of Page – Signature Page Follows]

4

Very truly yours,

**BARCLAYS CAPITAL INC.**

By: _____

Name:

Title:

ACKNOWLEDGED AND AGREED TO:

**LEHMAN BROTHERS HOLDINGS INC.**

By: _____

Name:

Title:

cc (via facsimile):      Thomas Roberts and Michael Lubowitz, Weil Gotshal & Manges LLP
                         John Finley and Andrew Keller, Simpson Thatcher & Bartlett LLP

Very truly yours,

**BARCLAYS CAPITAL INC.**

By: _____
Name:
Title:


ACKNOWLEDGED AND AGREED TO:

**LEHMAN BROTHERS HOLDINGS INC.**

By: _____
Name:   William B. Gordon
Title:   SVP


cc (via facsimile):    Thomas Roberts and Michael Lubowitz, Weil Gotshal & Manges LLP
John Finley and Andrew Keller, Simpson Thatcher & Bartlett LLP

Schedule A
Transferred FF&E

| |
|---|
| <u>Office Furniture</u>: All furniture and furnishings , including all desks, chairs, tables, cubicles, audio-video equipment, security equipment and miscellaneous office furnishings and supplies (collectively, "<u>Office Furniture</u>") constituting Furniture and Equipment purchased under the APA  but not located on or at a real property asset listed on Schedule A-1 (the "Barclays Properties"). |
| <u>IT Equipment</u>:  The Hardware, network, voice, telecommunications and personal computing equipment as set forth with particularity on Schedule A-2. |
| <u>Improvements</u>: All fixtures and leasehold improvements (including any cables and wires) constituting Furniture and Equipment purchased under the APA  but not located on or at a real property asset listed on A-1. |

<u>But, in each case expressly excluding the Retained FF&E.</u>

Schedule A-1
Barclays Properties

The Barclays Properties include (i) all real estate assets listed in Schedule 1(b) to the Clarification Letter, excluding such properties in Houston, TX and Sao Paolo, Brazil, and (ii) the following additional properties:

| # | City | St | Address | RSF |
|---|------|-----|---------|-----|
| 1 | Atlanta | GA | 3414 Peachtree Road | 14,475 |
| 2 | Buenos Aires | ARG | Av. Leandro N. Alem 855 - Torre Alem Plaza | 12,900 |
| 3 | Chicago | IL | 141 West Jackson Blvd (Cabinet) | 352 |
| 4 | Dallas | TX | 200 Crescent Court | 15,754 |
| 5 | Greenwich | CT | 8 Sound Shore Drive | 3,121 |
| 6 | Miami | FL | 1111 Brickell Avenue - Barclay's Financial Center | 24,153 |
| 7 | Montevideo | URU | Ricon 477 | 1,775 |
| 8 | Palm Beach | FL | 450 Royal Palm Way (License agreement for 1,704 on 6th floor) | 14,243 |
| 9 | Philadelphia | PA | 1735 Market Street - Mellon Bank Center | 13,708 |

<u>Schedule A-2</u>
IT Equipment


[See Attached]

8

[New York #2042098 v4]
NY1:\1619802\02\YP%$02!.DOC\58399.0003

8

Schedule A-2

| LBHI 1271 & 101H | | | | |
|---|---|---|---|---|
| IT Assets | 1271 | 101H | Total Qty | Agreed Sale Cost |
| **Network Equipment** | | | | |
| Cisco 6509 - Access | 14 | 6 | 20 | |
| Cisco 6509 - Distribution | 2 | 2 | 4 | |
| Cisco VG248 | 2 | | 2 | |
| Terminal Server Switches - 2811 | 3 | 1 | 4 | |
| Management Switches - 2960 | 3 | 1 | 4 | |
| **Sub-total** | | | | $        2,150,000 |
| **Voice Equipment** | | | | |
| Telephone - VoIP Conference Phone | 15 | 5 | 20 | |
| Telephone - VoIP Phone 7xxx | 600 | 200 | 800 | |
| **Sub-total** | | | | $         200,000 |
| **Personal Computing Equipment** | | | | |
| HW-Monitor-Medium-Non Trade Floor | 946 | 274 | 1220 | |
| Desktop-Standard | 354 | 129 | 483 | |
| Desktop-Mid Range | 283 | 48 | 331 | |
| Printer-Network (black and white) | 48 | 3 | 51 | |
| **Sub-total** | | | | $         650,000 |
| | | | | |
| **Total Cost** | | | | $        3,000,000 |

<u>Schedule B</u>
<u>Retained FF&E</u>

1.      4 AV Editing Suites, located on the 40th Floor of 1271 Avenue of the Americas, New York, New York

2.      One-hundred fifty (150) chairs at 399 Park Avenue, New York, New York

3.      All chairs on Level 30 at 555 California Street, San Francisco, California

For the avoidance of doubt, any Furniture and Equipment previously sold to Robert Chambers are neither Transferred FF&E nor Retained FF&E.

9

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
                                              :
In re                                         :      Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :      08-13555 (JMP)
                                              :
                       Debtors.               :      (Jointly Administered)
                                              :
--------------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AUTHORIZING LEHMAN BROTHERS HOLDINGS INC. TO PURCHASE CERTAIN FURNITURE, FIXTURES AND EQUIPMENT FROM BARCLAYS CAPITAL INC.

Upon the motion, dated June 4, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to purchase certain furniture, fixtures and equipment from Barclays Capital Inc. ("Barclays"), pursuant to that certain letter agreement, dated as of June 4, 2009, between LBHI and Barclays (the "Letter Agreement") all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures

[Docket No. 2837] to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the Official Committee of Unsecured Creditors, (iii) the Securities and Exchange Commission, (iv) the Internal Revenue Service, (v) the United States Attorney for the Southern District of New York, (vi) Barclays; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and it appearing that the Letter Agreement has been negotiated and entered into in good faith and at arms' length; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, in accordance with section 105(a) and 363 of the Bankruptcy Code, LBHI is authorized to enter into the Letter Agreement and to perform the obligations thereunder including, but not limited to, the payment of the consideration described in the Letter Agreement and the purchase of the Transferred FF&E on the terms described therein; and it is further

ORDERED that any stay imposed by Bankruptcy Rule 6004(h) is hereby waived and this Order shall be immediately effective and enforceable; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.

Dated: June __, 2009
New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE