# EXHIBIT A

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case Nos. 08-13555 (JMP)

        08-01420 (JMP)(SIPA)

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:

LEHMAN BROTHERS HOLDINGS, INC., et al.

        Debtors.

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:

LEHMAN BROTHERS INC.,

        Debtor.

- - - - - - - - - - - - - - - - - - - -x

            United States Bankruptcy Court

            One Bowling Green

            New York, New York


            December 22, 2008

            10:14 AM


B E F O R E:

HON. JAMES M. PECK

U.S. BANKRUPTCY JUDGE

1   together and we can talk about it sometime in mid-January. You
2   know, I guess, that's where we are. They said they don't think
3   it's appropriate for the Court to have to order them to comply
4   and I said you're just causing us to file a motion to do that.
5   It's hard to argue that the information shouldn't be made
6   available. But, I guess, that's probably where we are. We'd
7   have to file something if they don't give us the information.
8           THE COURT: All right. I'll just make the general
9   comment. It's not a ruling and I'm not ordering anybody to do
10  anything because there's nothing before me that leads to the
11  entry of an order at least at this point other than an order
12  with respect to the settlement agreement itself.
13          It's obviously in the best interest of orderly case
14  administration that information be shared as promptly as it can
15  be consistent with the other conflicting obligations that the
16  financial advisors and lawyers have in this massive case with
17  enormously complicated issues.
18          Nonetheless, I consider it to be important for us to
19  get to what I'll call closure with respect to the basics of the
20  transaction that was approved by order entered September 20th.
21  And this motion with respect to the settlement agreement is a
22  reasonable platform on which to address some of these issues
23  because while this is not fairly to be characterized as a
24  cleanup item, it's a very significant matter. It does draw all
25  of our attention back to what happened in September. And I

1  think it important that there be reasonably prompt resolution

2  of outstanding questions that the committee may have on the

3  subject.  I would hope that it's not necessary for the

4  committee to have to file 2004 requests in order to get the

5  information that it seeks which seems to be reasonable and

6  consistent with its mandate.

7  As it relates to the issue of standing that has been

8  alluded to during the course of this hearing and in your own

9  remarks at the outset, by making this comment, I am not making

10  any judgment as to the standing of the creditors' committee

11  appointed in the LBHI case to participate actively and directly

12  in the LBI case.  But it is apparent to me that the transaction

13  that was approved on September 20th was approved by means of

14  two orders, one entered in the LBHI case and one entered in the

15  LBI case.  It is reasonable for the creditors' committee which

16  represents substantial creditor interest in LBHI to have access

17  to information so that it can fulfill its functions in the LBHI

18  case.

19  Additionally, it appears to me reasonable for the

20  LBHI committee not just in the context of what's before me now

21  but in other settings to be a party in interest for purposes of

22  major transactions affecting the LBI case.

23  This does not constitute a ruling with respect to

24  standing.  I do, however, note that these cases operate off the

25  same agenda, very frequently have overlapping agenda items and

1   regardless of their actual procedural status as stand alone

2   cases are in many material respects linked.

3         To the extent that there is a reasonable standing

4   objection made at some point in the future by the LBI trustee,

5   I'm prepared to consider it on its merits.  But to the extent

6   that the parties can work cooperatively, I consider that to be

7   desirable and something to be pursued in good faith.

8         MR. KIRPALANI:  Thank you, Your Honor.  I appreciate

9   your remark.

10        THE COURT:  Whatever happened with Royal Bank?  Mr.

11  Ostrow, do you wish to make your way to the front of the room?

12        MR. OSTROW:  Thank you, Your Honor.  Good morning,

13  Your Honor.  Alec Ostrow from Stevens & Lee on behalf of Royal

14  Bank America.

15        THE COURT:  Good morning.

16        MR. OSTROW:  Your Honor, Royal Bank America objected

17  to this settlement on four grounds.  One is that it didn't want

18  to be bound and, in particular, drew attention to particular

19  language in the order that said anyone who objects is deemed to

20  consent.  We objected to that.

21        We were also concerned that our particular property,

22  collateral that was posted with Lehman Brothers Special

23  Financing somehow made its way to Lehman Brothers Inc. and

24  somehow made its way to Barclays might be affected in this

25  particular transaction.  And we didn't know whether it was or

152

1

2                       C E R T I F I C A T I O N

3

4    I, Lisa Bar-Leib, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6    **Lisa Bar-Leib**
     Digitally signed by Lisa Bar-Leib
     DN: cn=Lisa Bar-Leib, c=US
     Reason: I am the author of this document
     Date: 2008.12.24 14:15:45 -05'00'

7    _____

8    LISA BAR-LEIB

9

10   Veritext LLC

11   200 Old Country Road

12   Suite 580

13   Mineola, NY 11501

14

15   Date:    December 24, 2008

16

17

18

19

20

21

22

23

24

25