Presentment Date and Time: June 18, 2009 at 12:00 p.m (Prevailing Eastern Time)
Objection Deadline: June 17, 2009 at 11:30 a.m (Prevailing Eastern Time)
Hearing Date and Time (If Objection Filed): June 24, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                          :
In re                                     :   Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :   08-13555 (JMP)
                                          :
                 Debtors.                 :   (Jointly Administered)
                                          :
                                          :
------------------------------------------------------------------x
```

**NOTICE OF PRESENTMENT OF STIPULATION
AND ORDER RESTRICTING USE OF ALLEGED CASH
COLLATERAL PURSUANT TO 11 U.S.C. §363(c)(2) AND (4)
AND BANKRUPTCY RULE 4001(d) BETWEEN LEHMAN
BROTHERS SPECIAL FINANCING INC. AND COMMERZBANK AG**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed

Stipulation and Order Restricting Use Of Alleged Cash Collateral Pursuant to 11 U.S.C.

§363(c)(2) and (4) and Bankruptcy Rule 4001(d) Between Lehman Brothers Special

Financing Inc. and Commerzbank AG (the "Stipulation and Order") to the Honorable

James M. Peck, United States Bankruptcy Judge, for signature on **June 18, 2009 at 12:00**

**noon (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that objections to the Stipulation

and Order, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the

Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq.; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) White & Case LLP, 1155 Avenue of the Americas, New York, New York, 10036-2787, Attn: Abraham L. Zylberberg, Esq., attorneys for Commerzbank AG, **so as to be so filed and received by no later than June 17, 2009 at 11:30 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served, a hearing will be held to consider the Stipulation and Order on

**June 24, 2009, at 10:00 a.m. (Prevailing Eastern Time)** in front of the Honorable James M. Peck, United States Bankruptcy Judge at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York.  If such objection is filed, the moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  June 9, 2009
       New York, New York

                        /s/ Richard P. Krasnow
                        Richard P. Krasnow

                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone: (212) 310-8000
                        Facsimile: (212) 310-8007

                        Attorneys for Debtors
                        and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | 08-13555(JMP) |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | (Jointly Administered) |
| **DEBTORS.** | : | |
| | : | |

----------------------------------------------------------------x

**STIPULATION AND ORDER RESTRICTING USE OF ALLEGED CASH COLLATERAL PURSUANT TO 11 U.S.C §363(c)(2) AND (4) AND BANKRUPTCY RULE 4001(d) BETWEEN LEHMAN BROTHERS SPECIAL FINANCING INC. AND COMMERZBANK AG**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This stipulation and order ("Stipulation") is entered into by and between Commerzbank AG, New York and Grand Cayman Branches ("Commerzbank"), and Lehman Brothers Special Financing Inc. ("LBSF"), as debtor and debtor in possession (together with Commerzbank, the "Parties").

## RECITALS

A.   On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (collectively, the "Debtors") commenced voluntary cases under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

NEWYORK 7136810 V5 (2K)

B.    On October 3, 2008 (the "Commencement Date"), LBSF, an affiliate of LBHI, commenced a voluntary case under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in the Court.

C.    The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 17, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to 1102 of the Bankruptcy Code.

D.    Commerzbank represents that it is the sole holder, through Clearstream Banking, Société Anonyme, of the $200,000,000 original face value of Series 2 USD200,000,000 Floating Rate Secured Notes due 2008 (ISIN: XS0206017286; Common Code: 0306011728) (the "Notes")[1] issued by 7th Avenue Inc., a Cayman Island company (the "Issuer"). Commerzbank contends that the Notes were constituted as of December 8, 2004, and are governed and secured by a Master Trust Deed, dated as of September 12, 2002, a Supplemental Trust Deed, dated as of December 8, 2004, and a First Supplemental Trust Deed, dated as of December 23, 2004 (together, the "Trust Deed"), each between the Issuer and HSBC Trustee (C.I.) Limited, as trustee (in such capacity, the "Deed Trustee").

E.    Commerzbank asserts that the primary security available under the Trust Deed (the "Trust Deed Collateral") is the Issuer's rights and interests in a Term Loan Agreement, dated as of December 8, 2004 (the "Loan Agreement"), among the Issuer, as lender, LBSF, as

---

[1] The Notes are held in an account of Commerzbank at Clearstream and are registered in Clearstream's or its nominee's name.

borrower, and the Deed Trustee as trustee, and a related Security Agreement, dated December 8, 2004 (the "Security Agreement"), among the Issuer, as secured party, LBSF, as debtor, and the Deed Trustee, as trustee.

F. Commerzbank asserts that (i) pursuant to the Security Agreement, LBSF's obligations under the Loan Agreement are secured by, among other things, a security interest (the "Alleged Security Interests") in LBSF's rights, title and interest in, to and under certain ISDA Master Agreements (each a "Contract" and collectively the "Contracts"), the transactions thereunder and the proceeds thereof (collectively, the "Alleged Collateral"), (ii) the Alleged Security Interests have been properly perfected, and (iii) all cash and cash equivalent proceeds of the Collateral, including payments under the Contracts (the "Alleged Cash Collateral"), constitute its "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code.

G. Commerzbank asserts that pursuant to the Trust Deed, the Issuer's rights, title and interest in the Alleged Collateral are pledged to, and exercisable by, the Deed Trustee for the benefit of Commerzbank as the sole beneficial owner of the Notes.

H. Commerzbank further asserts that pursuant to Deed of Assignment dated as of February 13, 2009 among the Issuer, the Deed Trustee and Commerzbank (the "Deed of Assignment"), all rights, title and interest of the Issuer and the Deed Trustee in and to the Alleged Collateral, including the Alleged Cash Collateral, have been assigned to Commerzbank.

I. LBSF does not concede the validity or enforceability of the Alleged Security Interests in the Alleged Collateral or that any existing or future proceeds thereof constitute "cash collateral" within the meaning of section 363 of the Bankruptcy Code.

J. LBSF asserts that prior to the Commencement Date, JPMorgan Chase Bank N.A. exercised an asserted lien and right of setoff against all cash that was deposited in its

accounts and that, accordingly, as of the Commencement Date, there were no monies in its accounts that could be claimed by Commerzbank as Alleged Cash Collateral.

K. LBSF has advised Commerzbank that LBSF has undertaken a good faith review of its records to identify the Contracts and to determine whether or not any payments thereunder or in respect thereof (collectively, "Counterparty Payments") have been received by it since the Commencement Date. As a result of such review, LBSF (i) has identified what it believes to be the Contracts, the Transactions (as defined in the Contracts) thereunder, each counterparty thereto and each credit support provider, if any, for such counterparty in respect of such Contract (each such counterparty and credit support provider, a "Counterparty" and collectively, the "Counterparties"), and (ii) has determined that during the period from the Commencement Date until May 12, 2009 (the "Initial Period"), no Counterparty Payments have been received by LBSF in respect of any Alleged Collateral, except as set forth in the Contracts Schedule referred to below. Concurrently herewith, LBSF is delivering a schedule (the "Contracts Schedule") to Commerzbank setting forth to LBSF's best knowledge (i) each Contract, each Transaction thereunder, each Counterparty (and credit support provider, if any) thereto, (ii) the status of such contract, (i.e., whether or not a notice of an "Early Termination Date" has been delivered thereunder or such Contract or the Transactions thereunder have otherwise been terminated), and (iii) all payments, if any, made to LBSF under such Contract during the Initial Period.

L. Commerzbank is unwilling at this time to consent to LBSF's use of the Alleged Cash Collateral.

M. LBSF, while not conceding that Commerzbank has any rights in the Alleged Collateral or any Alleged Cash Collateral, is willing to restrict its use of payments received by it

under the Contracts as provided in this Stipulation until the Parties either reach agreement as to the existence and enforceability of such rights or those issues are resolved by a binding and final order of the Court.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AND ORDERED** by and between the Parties, through their respective undersigned counsel, that:

1. This Stipulation shall supersede all other prior agreements of the parties hereto with respect to the Alleged Cash Collateral and contains the entire agreement between the Parties relating to the subject matter thereof.

2. As promptly as possible after the Court has approved this fully executed Stipulation (the "Effective Date"), LBSF shall (i) identify to Commerzbank those Contracts as to which LBSF has received or delivered a notice of the occurrence of an Early Termination Date (as defined in the relevant Contract), (ii) specify to Commerzbank the amount stated by any Counterparty to a Contract or by LBSF, as the case may be, to be owing by such Counterparty to LBSF under such Contract, and (iii) specify to Commerzbank all payments, if any, that LBSF has been able to determine were received by LBSF in respect of each Contract on or after September 15, 2008, listing separately payments received in respect of each Contract (x) on or after September 15, 2008 and on or before the Commencement Date and (y) subsequent to the Commencement Date through a date that is seven (7) business days prior to the Effective Date. From time to time after the Effective Date, upon the reasonable request of Commerzbank, LBSF shall notify Commerzbank in writing of any payments that it has been able to determine were received by LBSF in respect of each Contract during each period for which no prior report has been furnished to Commerzbank by LBSF.

3. LBSF shall, as promptly as is reasonably possible, deliver to Commerzbank copies of (i) each notice received by LBSF from, or delivered by LBSF to, any Counterparty designating an "Early Termination Date" under any Contract, (ii) each notice received by LBSF from, or delivered by LBSF to, any Counterparty setting forth the payments, if any, required to be made by LBSF or the Counterparty under a Contract (a "Payment Notice") and (iii) all other correspondence or notices received by LBSF from or delivered by LBSF to a Counterparty after the delivery by the Counterparty to LBSF, or by LBSF to a Counterparty, of a notice designating an "Early Termination Date" under the Contract applicable to such Counterparty but only to the extent that such correspondence or notice relate to (x) said "Early Termination Date" notice and represent valuation notices or settlement proposals or (y) a Payment Notice.

4. Nothing in this Stipulation and Order shall be construed as or deemed to constitute the consent by Commerzbank to the use, sale, lease or other disposition by LBSF of the Alleged Collateral, including, without limitation, the Alleged Cash Collateral, or an authorization by the Court of any use, sale, lease or disposition of the Alleged Cash Collateral.

5. As promptly as possible after LBSF determines any amount that it receives or has received constitutes a payment or recovery in respect of a Contract or is otherwise traceable to a Contract, LBSF will segregate such amount and deposit it into an account with a bank (a "Segregated Account") containing only payments made under or traceable to the Contracts, and shall not commingle such amount with any other funds. LBSF shall promptly identify the Segregated Account (by name and location of the depository bank and by account number) to Commerzbank. LBSF shall not disburse or use such funds or any

amounts in the Segregated Account for any purpose without the consent Commerzbank or the prior approval of the Court upon due notice to Commerzbank.

6. LBSF shall not modify or amend the terms of the Contracts, settle any Counterparty's obligation under a Contract or release any Counterparty from any of its obligations under a Contract unless either (a) Commerzbank shall consent thereto in writing (such consent not to be unreasonably withheld) or (b) the Court approves the terms of such modification, amendment, settlement or release by a final non-appealable order; provided, however, that Commerzbank shall be deemed to have consented to such modification, amendment, settlement or release if it fails to object to the same by facsimile, email or hand delivered notice, no later than seven (7) business days from the effective date of its receipt of notification by facsimile or email from LBSF advising Commerzbank of the terms and conditions of such modification, amendment, settlement or release.

7. Commerzbank represents and warrants that, pursuant to the Deed of Assignment, all rights, title and interest of the Issuer and the Deed Trustee in and to the Alleged Collateral, including the Alleged Cash Collateral, have been assigned to Commerzbank. Commerzbank further acknowledges that LBSF is entitled to rely on such representations and warranties and agrees to indemnify LBSF and hold it harmless from any and all losses, damages, costs or other expenses that it may suffer or incur as a result of any inaccuracy or breach of such representation and warranty.

8. LBSF shall maintain sole legal and beneficial ownership of the Alleged Collateral, subject to the asserted security interest of Commerzbank, the Issuer and the Deed Trustee (the "Alleged Secured Parties") therein.

9. LBSF shall not permit any Alleged Collateral to be subject to any lien (as defined by the Bankruptcy Code) arising or created after the Commencement Date which is senior to, or on a parity with, the Alleged Security Interests of the Alleged Secured Parties in the Alleged Collateral.

10. Nothing in this Stipulation shall prohibit LBSF from using cash that it determines in good faith, using its reasonable best efforts, is not proceeds of the Contracts; provided, however, that if LBSF disburses or otherwise uses a sum of cash or cash equivalent that is later determined to have been the Alleged Secured Parties' "cash collateral" within the meaning of section 363 of the Bankruptcy Code, Commerzbank shall have a claim in respect of such sum allowed under section 503(b)(1) of the Bankruptcy Code as an administrative expense. The foregoing provision shall not constitute an authorization for LBSF to use any sum recovered by it that it knows or reasonably should know to be proceeds of the Contracts.

11. Nothing contained in this Stipulation may be deemed or construed as (i) an admission or concession by LBSF or any of its affiliates regarding the validity or enforceability of the Alleged Security Interests of an Alleged Secured Party, including any claim that any monies that were, are, or might be held by LBSF constituted, constitute or would constitute "cash collateral" (as that term is defined in section 363(a) of Bankruptcy Code) of such Alleged Secured Party or (ii) any waiver by Commerzbank of (x) any rights or remedies it, the Issuer or the Deed Trustee may have in respect of any cash collateral of theirs held or received by LBSF or (y) LBSF's obligations in respect of any such cash collateral under the Bankruptcy Code, the Loan Agreement or the Security Agreement, except that so long as LBSF is complying with all of its obligations under this Stipulation, Commerzbank waives its right to seek adequate protection with respect to its Alleged Cash Collateral.

12. Nothing contained in this Stipulation and Order shall alter, amend, modify, waive or release, except as expressly set fourth herein, the rights of any party hereto as against any other party to this Stipulation or against any other person or entity, or any assets of any such other party, person or entity or otherwise, except that so long as LBSF is complying with all of its obligations under this Stipulation, Commerzbank waives its right to seek adequate protection with respect to its Alleged Cash Collateral.

13. The provisions of this Stipulation and any actions taken pursuant hereto shall survive entry of and shall not be modified by, any order converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

14. Except as otherwise provided in paragraphs 11 and 12 above, entry of this Stipulation shall be without prejudice to (a) any and all rights, remedies, claims and causes of action which Commerzbank may have against LBSF or any third parties or in the Chapter 11 case or with respect to the Alleged Collateral (including without limitation the Alleged Cash Collateral), (b) the rights of Commerzbank to seek relief from the automatic stay pursuant to section 362 of the Bankruptcy Code, or any other relief under the Bankruptcy Code or applicable non-bankruptcy law, and (c) the right, if any, of LBSF, under sections 506(c) or otherwise to recover from Commerzbank, in whatever capacity including as assignee of the Deed Trustee and the Issuer, all reasonable costs and expenses of preserving, collecting and disposing of the Alleged Collateral, inclusive of the Alleged Cash Collateral. Furthermore, nothing contained herein shall be construed as altering or affecting the rights and obligations of Commerzbank, the Deed Trustee and the Issuer inter se.

15. LBSF shall have no obligations to Commerzbank under this Stipulation or otherwise with respect to that portion of the Alleged Collateral or the Alleged Cash Collateral, if

any, that is determined by an order of the Court not to be subject to Commerzbank's asserted liens and security interests or the liens and security interests of the Deed Trustee or the Issuer.

16. Upon approval of this fully executed Stipulation by the Court, the provisions hereof shall be immediately binding upon and inure to the benefit of Commerzbank and LBSF and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in the Chapter 11 Case or in any superseding chapter 7 case as a legal representative of LBSF or LBSF's estate.

17. No rights are intended to be created hereunder for the benefit of any third party or creditor or any direct or indirect incidental beneficiary except as specifically provided herein.

18. No waiver, modification, or amendment of any of the provisions hereof shall be effective unless it is set forth in writing, signed by the parties hereto.

19. The person who executed the Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

20. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties here to be charged.  This Stipulation and the terms and conditions contained herein are subject to the approval of the Court and shall be of no force and effect unless and until approved by the Court.

21. This Stipulation shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

22. The Parties hereby agree that any dispute or controversy arising under or relating to this Stipulation shall be subject to the exclusive jurisdiction and venue of (a) the Court or (b) if the Court does not have or abstains from exercising jurisdiction, the United States District Court for the Southern District of New York or the Supreme Court of the State of New York, in each case sitting in New York County, and each party hereby waives any and all objections to the assertion of such jurisdiction as provided hereunder and any right to a trial or a hearing by jury.

23. Notice hereunder to any Party shall be delivered to such Party at the address specified for it on Exhibit A hereto or to such other address as such Party shall specify by a prior notice in writing to the other Party. Notice shall be effective (a) upon successful facsimile transmission received during business hours or on business day in the place of receipt (otherwise on the next succeeding business day in the place of receipt), (b) upon receipt, if delivered by hand or courier, (c) upon acknowledgement of receipt by the recipient, if delivered by email and (d) three business days after being deposited in the mail, postage prepaid, return receipt requested.

Dated: June 9, 2009

| | |
|---|---|
| WEIL, GOTSHAL & MANGES, LLP | WHITE & CASE LLP |
| By: /s/ Richard P. Krasnow<br>    Richard P. Krasnow | By: /s/ Abraham L. Zylberberg<br>    Abraham L. Zylberberg |
| 767 Fifth Avenue, Room 2745<br>New York, New York  10153<br>Phone: 212-310-8493 | 1155 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 819-8500 |
| ATTORNEYS FOR LEHMAN BROTHERS SPECIAL FINANCING INC. | ATTORNEYS FOR COMMERZBANK AG, New York and Grand Cayman Branches |

-12-

SO ORDERED this ___
day of June, 2009

_____
HONORABLE JAMES PECK
UNITED STATES BANKRUPTCY JUDGE

EXHIBIT A

Addresses for Notice

<u>LBSF</u>:

Lehman Brothers Special Financing Inc.
1271 Avenue of the Americas
40th Floor
New York, New York  10020
Attention:  Michael Ferraro
Tel. No.:    646-333-9936
Fax No.:    646-758-4768
E-mail:      Michael.ferraro@Lehman.com

and

Locke R. McMurray
Tel. No.:  212-526-7186
Fax No.:  212-526-7672

with a copy to:

Weil, Gotshal & Manges, LLP
767 Fifth Avenue, Room 2745
New York, New York  10153
Attention:  Richard Krasnow, Esq.
Tel. No.:    212-310-8493
Fax No.:    212-310-8934
E-mail:       Richard.krasnow@weil.com

<u>Commerzbank</u>:

Commerzbank AG
New York Branch
2 World Financial Center, 3rd Floor
New York, New York  10281
Attention:  Mr. Michael McCarthy
Tel. No.:    212-266-7326
Fax No.:    212-266-7638
E-mail:      mmcarthy@cbkna.com

with a copy to:

Commerzbank AG
New York Branch
2 World Financial Center, 33rd Floor
New York, New York  10281
Attention:  Ms. Mary Harold
Tel. No.:   212-266-7509
Fax No.:   212-266-7595
E-mail:    mharold@cbkna.com


and:

Commerzbank AG
New York Branch
2 World Financial Center, 33rd Floor
New York, New York  10281
Attention:  Steven Troyer, Esq.
Tel. No.:   212-266-7409
Fax No.:   212-266-7734
E-mail:    stroyer@cbkna.com