# EXHIBIT C


Confidentiality
Stip.doc


Exhibit A to
Confidentiality Stip.d(

**From:** JAMIE.WINE@lw.com [mailto:JAMIE.WINE@lw.com]
**Sent:** Thursday, May 28, 2009 10:12 PM
**To:** Byman, Robert L
**Cc:** MILES.RUTHBERG@lw.com
**Subject:** RE: Lehman Examiner; Ernst & Young

Bob,

We appreciated the opportunity to meet with you on May 12th to discuss the Examiner's request
for certain Ernst & Young LLP ("EY") documents. As you know, we were surprised to learn in
that meeting that the SEC had provided to you documents marked "FOIA Confidential
Treatment Requested" that EY produced to the SEC pursuant to a subpoena. We have looked
into the issue and do not believe the SEC was authorized to provide those documents to you,
without EY's consent. We thus have notified the Staff of our objection and requested that they
refrain from providing any additional EY documents to you. We ask that you make any future
requests for EY documents to us directly.

In addition, we request that you confirm which EY documents you have received from the SEC.
We further request that the Examiner and EY enter into a confidentiality agreement regarding the
EY documents you have received from the SEC (or any other source) as well as any additional
documents that EY may produce directly to you in the future. Attached is a proposed draft
confidentiality agreement for your review. Please let us know if you have any questions or
comments regarding this agreement.

With respect to your request for EY's workpapers supporting its audit of the year-end 2007
financial statements of Lehman Brothers Holdings Inc., we respectfully continue to believe that a
request for production of *all* of EY's 2007 working papers imposes an immense cost on EY
without any showing that those documents are relevant to the Examiner's investigation. We are
prepared to continue to discuss that issue, but believe that it is the Examiner's burden to
demonstrate reasonably that these documents bear directly on the issues that the Examiner is
charged with investigating under the Bankruptcy Court's order.

We look forward to an opportunity to continue to discuss these matters and appreciate your
ongoing courtesies.

Jamie

-----Original Message-----
From: Byman, Robert L [mailto:RByman@jenner.com]
Sent: Wednesday, May 27, 2009 8:44 AM
To: Ruthberg, Miles (LA/NY); Wine, Jamie (NY)
Subject: Lehman Examiner; Ernst & Young

Miles, Jamie --

It has been two weeks since we met.  Please understand that we have no desire to litigate with
E&Y, but absent some affirmative word from you that E&Y will voluntarily provide the work
papers Duff & Phelps needs to do its work for us, we see no choice but to continue the discussion
in the context of a subpoena, which we intend to issue by the end of the week if we have not
heard from you.

Bob

_____

Robert L. Byman
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel (312) 923-2679
Fax (312) 840-7679
RByman@jenner.com
http://www.jenner.com/

CONFIDENTIALITY WARNING: This email may contain privileged or confidential
information and is for the sole use of the intended recipient(s). Any unauthorized use or
disclosure of this communication is prohibited. If you believe that you have received this email
in error, please notify the sender immediately and delete it from your system.

_____

*************************************************************************
**
To comply with IRS regulations, we advise you that any discussion of Federal
tax issues in this
e-mail was not intended or written to be used, and cannot be used by you, (i)
to avoid any penalties
imposed under the Internal Revenue Code or (ii) to promote, market or
recommend to another party any
transaction or matter addressed herein.

For more information please go to  http://www.lw.com/docs/irs.pdf
*************************************************************************
**

This email may contain material that is confidential, privileged and/or
attorney work product for
the sole use of the intended recipient.  Any review, reliance or distribution
by others or forwarding
without express permission is strictly prohibited.  If you are not the
intended recipient, please

2

contact the sender and delete all copies.

Latham & Watkins LLP

**DRAFT**
**ATTORNEY WORK PRODUCT**

## STIPULATION REGARDING CONFIDENTIALITY

Ernst & Young LLP ("EY") and Anton R. Valukas, as the court-appointed

Examiner ("Examiner") in *In re Lehman Brothers Holdings, Inc.*, 08-13555 (JMP) (Bank.

S.D.N.Y.) ("Action"), enter into this Stipulation regarding Confidentiality ("Stipulation").

## RECITALS

WHEREAS, the Examiner, in the course of his investigation regarding Lehman

Brothers Holdings Inc., obtained from the Securities and Exchange Commission ("SEC") certain

documents marked "FOIA CONFIDENTIAL TREATMENT REQUESTED" that EY produced

to the SEC pursuant to a subpoena (the "SEC Materials");

WHEREAS, the Examiner seeks to obtain additional documents from EY in the

course of his investigation through discovery;

WHEREAS, the Examiner and EY believe that the SEC Materials and certain of

the additional documents and information that may be obtained through discovery may constitute

or reflect trade secrets and/or other non-public, business, financial, commercial, proprietary,

personal and/or other sensitive information within the meaning of Federal Rule of Civil

Procedure 45(c)(3)(B)(i), Federal Rule of Bankruptcy Procedure 9016, or other provisions of

applicable federal and state law, which, if not kept confidential, could be injurious to the interests

of the parties;

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Examiner and

EY, by and through their respective counsel of record, hereby stipulate and agree to be bound by

the following terms of this Stipulation.

**DRAFT**
**ATTORNEY WORK PRODUCT**

**STIPULATION**

This Stipulation establishes a procedure governing the disclosure of confidential information by EY, imposes obligations on persons receiving confidential information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

Subject to the protections of Rule 26(c) of the Federal Rules of Civil Procedure, this Stipulation covers the SEC Materials and all private, confidential and proprietary information designated as "CONFIDENTIAL" following entry of this Stipulation.  Accordingly, it is agreed that the following procedures shall be adopted for the protection of such information:

1.      "Confidential Information" means information that EY reasonably believes to constitute, reflect or disclose trade secrets, proprietary data, commercial information, and/or confidential information protected by constitutional or other rights of privacy.  Such information includes but is not limited to (1) the SEC Materials; and (2) the subject matter of other documents that may be produced during discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, hearing and trial transcripts, and other tangible things that are designated "CONFIDENTIAL" at the time specified in this Stipulation, including all information contained therein, and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect or disclose such information.

2.      EY hereby designates all documents included in the SEC Materials "CONFIDENTIAL" and the Examiner agrees not to object to such designation.  The Examiner further agrees that within 10 days of executing this Stipulation, he will mark and notify EY that he has marked all documents included in the SEC Materials with the word "CONFIDENTIAL."

2

3.      EY may designate as "Confidential" any document (and copies thereof) or other material produced, furnished, authored, generated or originated by EY, or testimony related thereto, which it contends is confidential, by marking such documents, material or testimony with the word "CONFIDENTIAL." Deposition testimony may be designated CONFIDENTIAL by oral statement by EY at the deposition or in writing thereafter, in the manner described below. If portions of deposition testimony are designated CONFIDENTIAL during the deposition, the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL." EY may designate portions of deposition transcripts as CONFIDENTIAL after the deposition by written notice to the reporter and to all counsel of record, given within ten (10) days after a deposition transcript is received by EY's counsel, in which case all counsel receiving the transcript shall be responsible for marking copies of the designated transcript in their possession or under their control. During this ten (10) day designation period, all parties shall treat the deposition transcript as if it had been designated CONFIDENTIAL.

4.      The SEC Materials and any other documents and information designated "CONFIDENTIAL" (together "Confidential Information") shall not be disclosed to anyone except as provided in this Stipulation.

5.      Except as hereinafter provided, Confidential Information shall be used only in the above-captioned action for purposes necessary to the prosecution or defense of the claims at issue therein. Confidential Information shall not be used for any other purpose, including but not limited to commercial, business, competitive or other purposes, for any reason whatsoever, or in or for any other judicial or administrative proceedings, disputes, or cases without consent of the designating party.

6.     If the Examiner objects to the designation of any material as

CONFIDENTIAL, the Examiner will meet and confer with EY in an effort to resolve the

dispute.  If the meet and confer process does not resolve the dispute, the Examiner may apply to

the Court for an order removing the CONFIDENTIAL designation.  The contested information

shall retain its confidential status pending resolution of the dispute.

7.     Before any Confidential Information is filed with the Court, the Examiner

will submit this Stipulation and a Proposed Order, asking the Court to adopt the terms of this

Stipulation.  Thereafter, all Confidential Information that is filed with the Court shall be filed in

sealed envelopes bearing the caption of this Action, a brief description of the nature of the

contents of the sealed envelope, the word "CONFIDENTIAL" and a statement in substantially

the following form:

> "THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF
> THE COURT AND CONTAINS CONFIDENTIAL
> INFORMATION, AND IS NOT TO BE OPENED OR THE
> CONTENTS THEREOF TO BE DISPLAYED OR REVEALED
> BY ANYONE EXCEPT UPON ORDER OF THE COURT."

8.     Confidential Information may be disclosed only to the Court; court

personnel; court reporters and video personnel recording depositions where Confidential

Information is disclosed; counsel for EY and the Examiner; support staff of the parties and their

counsel (e.g., paralegals, secretaries, law clerks, internal or external copying services); and to

"Qualified Persons," defined as follows:

(a)     Individuals at EY and the Examiner with direct responsibility for

overseeing the Action.

(b)     Expert witnesses or consultants retained by EY or the Examiner or

by their respective counsel.

**DRAFT**
**ATTORNEY WORK PRODUCT**

(c)      Witnesses during depositions that are designated

CONFIDENTIAL as provided in paragraph 2 above.

9.      Before counsel may disclose Confidential Information to a Qualified

Person, the disclosing counsel shall obtain from the Qualified Person who is going to receive

such Confidential Information an executed copy of the Non-Disclosure Certificate attached

hereto as Exhibit A.  Counsel who discloses Confidential Information to a Qualified Person shall

provide each such Qualified Person with a copy of this Stipulation and shall retain the Qualified

Person's original executed Non-Disclosure Certificate pending further order of the Court or for a

one-year period following the termination of the Examiner's investigation.

10.      In the event the Examiner or a Qualified Person subject to this Stipulation

(a) is subpoenaed in another action, (b) is served with a demand in another action to which the

Examiner or a Qualified Person is a party, or (c) is served with any other legal process that seeks

Confidential Information that was produced by EY, the recipient of such subpoena, demand or

other legal process shall give prompt written notice of the receipt of such subpoena, demand or

other legal process to EY.  Nothing herein shall be construed as requiring the person or party

from whom the Confidential Information is being sought, or anyone else subject to this

Stipulation, to challenge or appeal any order requiring production of the Confidential

Information protected by this Stipulation, or to subject itself to any penalties for noncompliance

with any legal process or order, or to seek any relief from this Court.

11.      In the event that EY elects to produce documents for inspection by the

Examiner who will designate them for copying, EY need not mark the documents in advance of

any such inspection.  For purposes of the inspection, and any subsequent inspection of the

original documents, all documents produced for inspection shall be treated as if they were

5

**DRAFT**
**ATTORNEY WORK PRODUCT**

marked "CONFIDENTIAL."  Thereafter, upon selection of specified documents for copying by

the Examiner, EY may mark copies of such documents with the appropriate confidentiality

designation at the time the copies are produced to the Examiner.

12.    If a document, other material or testimony which EY intends to designate

as CONFIDENTIAL is inadvertently disclosed without being marked as CONFIDENTIAL in

accordance with paragraphs 1 through 3 of this Stipulation, the failure to so mark the document,

other material or testimony shall not be deemed a waiver of its confidentiality.  If it is understood

by the Examiner that confidential treatment was intended, the document, other material or

testimony should be treated as Confidential.  When any such document, material or testimony is

designated as CONFIDENTIAL, the Examiner shall take prompt steps to assure that it is marked

as CONFIDENTIAL, or returned to EY for confidential designation pursuant to paragraphs 1

through 3 of this Stipulation.

13.    If any document or other material subject to any privilege or legal

prohibition against disclosure is disclosed, the fact of the disclosure shall not constitute a waiver

of the applicable privilege or legal prohibition against disclosure.  The Examiner agrees to notify

EY if it intends to introduce into evidence any document, during trial or pretrial procedures

(including but not limited to evidentiary filings and depositions), that the Examiner knows or

reasonably should know could represent a privileged communication or document.  Such notice

must be provided within a sufficient period of time to allow EY a reasonable opportunity to

evaluate and protect any privileges that may apply to such documents.  Upon written notification

by EY, the Examiner shall either (a) immediately destroy or return it, including any copies

thereof, to EY, and shall destroy any notes or work product concerning the material; or (b) if the

Examiner disagrees with EY's claim of privilege or legal prohibition against disclosure, not use

6

**DRAFT**
**ATTORNEY WORK PRODUCT**

such document or material until allowed to do so by Court order.  In any such dispute, EY shall

have the burden of making the motion to establish the privileged or protected nature of the

inadvertently disclosed information.  During any such dispute, any party is authorized to provide

the Court with a copy of the document subject to dispute for purposes of a court determination as

to whether or not the claimed privilege applies to the document, as long as such document is

provided under seal.  Unless otherwise agreed, the motion shall be made within ten (10) calendar

days of the time EY first gives notice of the inadvertent production to the Examiner.

14.     This Stipulation is entered without prejudice to the right of EY to use any

Confidential Information designated by it in any manner EY deems appropriate.

15.     Prior to the disclosure at any hearing of any Confidential Information, the

Examiner's counsel shall take reasonable steps to afford EY's counsel the opportunity to object

to disclosure of Confidential Information in open court.

16.     This Stipulation shall survive the final conclusion of the Examiner's

investigation and shall continue in full force and effect.  Within 30 days of the termination of the

Examiner's investigation, the Examiner shall return any Confidential Information to counsel for

EY or shall destroy it.  Written confirmation of such return or destruction shall be forwarded to

counsel for EY.  Notwithstanding this provision, however, Confidential Information that (1) has

been filed in pleading files maintained by counsel, or (2) is mentioned in notes, memoranda or

other writings prepared by counsel and covered by the work product doctrine, need not be

returned or destroyed.  Confidential Information contained in counsels' pleadings files or work

product shall not thereafter be disclosed to any person or used for any purpose.

**<u>DRAFT</u>**
**<u>ATTORNEY WORK PRODUCT</u>**

Dated:

| Latham & Watkins LLP | Jenner & Block LLP |
|---|---|
| By:_____ | By:_____ |
| Jamie L. Wine | Robert L. Byman |
| 885 Third Avenue | 330 N. Wabash Avenue |
| New York, New York  10022 | Chicago, Illinois  60611-7603 |
| Telephone:  (212) 906-1200 | Telephone:  (312) 222-9350 |
| Facsimile:  (212) 751-4864 | Facsimile:  (312) 527-0484 |
| Attorneys for Ernst & Young LLP | Attorneys for Anton R. Valukas, Chapter 11 Examiner |

8

**DRAFT**
**ATTORNEY WORK PRODUCT**

**EXHIBIT A**

**NON-DISCLOSURE CERTIFICATE**

I certify my understanding that access to materials designated as "CONFIDENTIAL" is provided to me pursuant to the terms and restriction of a Stipulation regarding Confidentiality entered in *In re Lehman Brothers Holdings Inc.*, 08-13555 (JMP) (Bankr. S.D.N.Y.) on [DATE] (the "Stipulation").  I certify that I have been given a copy of, and have read, the Stipulation and agree to comply with its terms.  I understand that the contents of any material designated "CONFIDENTIAL" and any notes or other memoranda or any other forms of information which copy or disclose material designated "CONFIDENTIAL" shall not be disclosed to anyone other than in accordance with the Stipulation and shall be used only for the purposes set forth therein.

I agree to be subject to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York for purposes of enforcement of this Non-Disclosure Certificate and the Stipulation.

By: _____

Title: _____

Representing: _____

Date: _____