# EXHIBIT D

JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)

919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

Attorneys for the Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                      :
In re:                                :        Chapter 11
                                      :
LEHMAN BROTHERS HOLDINGS INC., et al.,:        Case No. 08-13555 (JMP)
                                      :
                    Debtors.          :        (Jointly Administered)
-------------------------------------------------------------------x
```

**DECLARATION OF ROBERT L. BYMAN**

I, Robert L. Byman, pursuant to 28 U.S.C. § 1746, hereby declare that the

following is true to the best of my knowledge, information, and belief:

1.     This Declaration is submitted in support of the Examiner's Opposition to

Ernst & Young's Responses and Objections to the Examiner's Subpoena for Rule 2004

Examination.

2.      Anton R. Valukas was appointed Examiner ("Examiner") in the above-captioned matter on or about January 19, 2009.  Since then, the Examiner has conducted more than 50 interviews and has collected nearly a million potentially relevant documents from multiple parties in interest, all by voluntary cooperation.

3.      On March 23, 2009, the Examiner's counsel contacted Ernst & Young's ("E&Y") counsel to request production of E&Y's FY07 and FY08 audit work papers for Lehman Brothers Holding, Inc. ("LBHI").

4.      E&Y resisted compliance, stating, among other things, that materials related to LBHI's FY07 year-end audit were outside the scope of the Examiner's subpoena authority.  On May 12, 2009, Karen Balmer (from Duff & Phelps) and I met with E&Y's counsel to attempt to explain why the 2007 and 2008 work papers are critical to understanding the facts about the valuations of LBHI's assets and solvency. E&Y's counsel responded that they would consult with their client.

5.      Two weeks passed without any word from E&Y's counsel.

6.      On May 27, 2009, I sent an e-mail (attached as Exhibit 1) to E&Y counsel, Jamie Wine, stating: "It has been two weeks since we met.  Please understand that we have no desire to litigate with E&Y, but absent some affirmative word from you that E&Y will voluntarily produce the work papers Duff & Phelps needs to do its work for us, we see no choice but to continue the discussion in the context of a subpoena, which we intend to issue by the end of the week if we have not heard from you."

2

7.    Ms. Wine responded on May 28, 2009 (e-mail attached as Exhibit 2),

reiterating E&Y's position that the 2007 work papers were irrelevant:

> With respect to your request for EY's workpapers supporting its audit of
> the year-end 2007 financial statements of Lehman Brothers Holdings Inc.,
> we respectfully continue to believe that a request for production of *all* of
> EY's 2007 working papers imposes an immense cost on EY without any
> showing that those documents are relevant to the Examiner's
> investigation. We are prepared to continue to discuss that issue, but
> believe that it is the Examiner's burden to demonstrate reasonably that
> these documents bear directly on the issues that the Examiner is charged
> with investigating under the Bankruptcy Court's order.

8.    Because E&Y had failed to comply with the request for production after

more than two months, the Examiner had no choice but to advise E&Y (May 29, 2009

email attached as Exhibit 3) and issue a subpoena (Exhibit 4).   This was the first and so

far only subpoena issued by the Examiner in his investigation.

9.    This is also the first and so far only instance in which the Examiner has

been unable to reach agreement on the form of a proposed protective order to govern

document production.  So far, the Examiner has protective orders in place with the

Debtor (entered January 9, 2009); the Official Committee of Unsecured Creditors

(entered on February 11, 2009); JP Morgan Chase (entered March 18, 2009); Federal

Reserve Bank of New York (entered May 7, 2009); Barclays (orders entered May 18 & 19,

2009) and Citigroup (order entered on June 4, 2009).

10.    E&Y proposed a draft protective order on May 28 to govern whatever

E&Y might produce.  That draft (attached as Exhibit 5) would have had the Examiner

agree that E&Y could wholesale designate materials already in the Examiner's possession as Confidential and "the Examiner agrees not to object to such designation." After I pointed out that and other objectionable features, E&Y proposed a second draft, this one better but still overreaching and unacceptable; for example, the second draft was based upon the JP Morgan Chase Order, which has a two-tiered classification system to cover existing securities positions. No such justification occurs for E&Y to add the cumber of a two-tiered system.

11.    During the week of June 5, 2009, I conferred again with E&Y's counsel, and assured her that the Examiner does not seek, at least for now, anything other than the work papers (and valuation materials to the extent that the valuation materials were not part of the work papers). I specifically advised Ms. Wine that the Examiner does not seek, at least for now, any e-mail custodial files or other materials.

12.    In its Objections to the subpoena, E&Y claims that the Examiner failed to disclose to E&Y what E&Y documents have been produced to the Examiner by the SEC, seemingly implying that the Examiner is being less than forthcoming. I was surprised to see that comment, given that I had specifically advised Ms. Wine that we declined to identify what the SEC has produced to us for the simple reason that the SEC asked us not to do so, and asked instead that E&Y deal directly with the SEC on that subject.

13.    Until E&Y filed its Objections to the Subpoena, it had never quantified the burden it claims would result from the subpoena.

4

14.     To date, E&Y has not directly produced any documents to the Examiner.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of June, 2009, at New York, New York.

Robert L. Byman

Sworn to and subscribed before me
this *10TH* day of June 2009.

NOTARY PUBLIC

My Commission Expires:

MARK R. SCHOLL
NOTARY PUBLIC, State of New York
No. 01SC6063204
Qualified in New York County
Commission Expires August 27, 2009

# EXHIBIT 1

From: Byman, Robert L [mailto:RByman@jenner.com]
Sent: Wednesday, May 27, 2009 8:44 AM
To: Ruthberg, Miles (LA/NY); Wine, Jamie (NY)
Subject: Lehman Examiner; Ernst & Young

Miles, Jamie --

It has been two weeks since we met.  Please understand that we have no desire to litigate with
E&Y, but absent some affirmative word from you that E&Y will voluntarily provide the work
papers Duff & Phelps needs to do its work for us, we see no choice but to continue the discussion
in the context of a subpoena, which we intend to issue by the end of the week if we have not
heard from you.

Bob

_____

Robert L. Byman
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel (312) 923-2679
Fax (312) 840-7679
RByman@jenner.com
http://www.jenner.com/

CONFIDENTIALITY WARNING: This email may contain privileged or confidential
information and is for the sole use of the intended recipient(s). Any unauthorized use or
disclosure of this communication is prohibited. If you believe that you have received this email
in error, please notify the sender immediately and delete it from your system.

_____

# EXHIBIT 2


Confidentiality
Stip.doc


Exhibit A to
Confidentiality Stip.d

**From:** JAMIE.WINE@lw.com [mailto:JAMIE.WINE@lw.com]
**Sent:** Thursday, May 28, 2009 10:12 PM
**To:** Byman, Robert L
**Cc:** MILES.RUTHBERG@lw.com
**Subject:** RE: Lehman Examiner; Ernst & Young

Bob,

We appreciated the opportunity to meet with you on May 12th to discuss the Examiner's request for certain Ernst & Young LLP ("EY") documents. As you know, we were surprised to learn in that meeting that the SEC had provided to you documents marked "FOIA Confidential Treatment Requested" that EY produced to the SEC pursuant to a subpoena. We have looked into the issue and do not believe the SEC was authorized to provide those documents to you, without EY's consent. We thus have notified the Staff of our objection and requested that they refrain from providing any additional EY documents to you. We ask that you make any future requests for EY documents to us directly.

In addition, we request that you confirm which EY documents you have received from the SEC. We further request that the Examiner and EY enter into a confidentiality agreement regarding the EY documents you have received from the SEC (or any other source) as well as any additional documents that EY may produce directly to you in the future. Attached is a proposed draft confidentiality agreement for your review. Please let us know if you have any questions or comments regarding this agreement.

With respect to your request for EY's workpapers supporting its audit of the year-end 2007 financial statements of Lehman Brothers Holdings Inc., we respectfully continue to believe that a request for production of *all* of EY's 2007 working papers imposes an immense cost on EY without any showing that those documents are relevant to the Examiner's investigation. We are prepared to continue to discuss that issue, but believe that it is the Examiner's burden to demonstrate reasonably that these documents bear directly on the issues that the Examiner is charged with investigating under the Bankruptcy Court's order.

We look forward to an opportunity to continue to discuss these matters and appreciate your ongoing courtesies.

Jamie

-----Original Message-----
From: Byman, Robert L [mailto:RByman@jenner.com]
Sent: Wednesday, May 27, 2009 8:44 AM
To: Ruthberg, Miles (LA/NY); Wine, Jamie (NY)
Subject: Lehman Examiner; Ernst & Young

Miles, Jamie --

It has been two weeks since we met.  Please understand that we have no desire to litigate with E&Y, but absent some affirmative word from you that E&Y will voluntarily provide the work papers Duff & Phelps needs to do its work for us, we see no choice but to continue the discussion in the context of a subpoena, which we intend to issue by the end of the week if we have not heard from you.

Bob

---

Robert L. Byman
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel (312) 923-2679
Fax (312) 840-7679
RByman@jenner.com
http://www.jenner.com/

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**************************************************************************
**
To comply with IRS regulations, we advise you that any discussion of Federal tax issues in this
e-mail was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties
imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any
transaction or matter addressed herein.

For more information please go to  http://www.lw.com/docs/irs.pdf
**************************************************************************
**

This email may contain material that is confidential, privileged and/or attorney work product for
the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding
without express permission is strictly prohibited.  If you are not the intended recipient, please

2

contact the sender and delete all copies.

Latham & Watkins LLP

# EXHIBIT 3

**From:** Byman, Robert L
**Sent:** Friday, May 29, 2009 7:10 AM
**To:** 'JAMIE.WINE@lw.com'
**Cc:** MILES.RUTHBERG@lw.com
**Subject:** RE: Lehman Examiner; Ernst & Young

Jamie --

I regret that we have to take this course, but we will serve our subpoena later today; we can continue the dialogue in the context of your attempt to seek a protective order.  Will you accept service of the subpoena or should we serve it directly upon E&Y?

Bob

---

**From:** JAMIE.WINE@lw.com [mailto:JAMIE.WINE@lw.com]
**Sent:** Thursday, May 28, 2009 10:12 PM
**To:** Byman, Robert L
**Cc:** MILES.RUTHBERG@lw.com
**Subject:** RE: Lehman Examiner; Ernst & Young

Bob,

We appreciated the opportunity to meet with you on May 12th to discuss the Examiner's request for certain Ernst & Young LLP ("EY") documents.  As you know, we were surprised to learn in that meeting that the SEC had provided to you documents marked "FOIA Confidential Treatment Requested" that EY produced to the SEC pursuant to a subpoena.  We have looked into the issue and do not believe the SEC was authorized to provide those documents to you, without EY's consent.  We thus have notified the Staff of our objection and requested that they refrain from providing any additional EY documents to you.  We ask that you make any future requests for EY documents to us directly.

In addition, we request that you confirm which EY documents you have received from the SEC. We further request that the Examiner and EY enter into a confidentiality agreement regarding the EY documents you have received from the SEC (or any other source) as well as any additional documents that EY may produce directly to you in the future.  Attached is a proposed draft confidentiality agreement for your review.  Please let us know if you have any questions or comments regarding this agreement.

With respect to your request for EY's workpapers supporting its audit of the year-end 2007 financial statements of Lehman Brothers Holdings Inc., we respectfully continue to believe that a request for production of *all* of EY's 2007 working papers imposes an immense cost on EY without any showing that those documents are relevant to the Examiner's investigation.  We are prepared to continue to discuss that issue, but believe that it is the Examiner's burden to demonstrate reasonably that these documents bear directly on the issues that the Examiner is charged with investigating under the Bankruptcy Court's order.

We look forward to an opportunity to continue to discuss these matters and appreciate your ongoing courtesies.

Jamie

-----Original Message-----
From: Byman, Robert L [mailto:RByman@jenner.com]
Sent: Wednesday, May 27, 2009 8:44 AM
To: Ruthberg, Miles (LA/NY); Wine, Jamie (NY)
Subject: Lehman Examiner; Ernst & Young


Miles, Jamie --

It has been two weeks since we met.  Please understand that we have no desire to litigate with E&Y, but absent some affirmative word from you that E&Y will voluntarily provide the work papers Duff & Phelps needs to do its work for us, we see no choice but to continue the discussion in the context of a subpoena, which we intend to issue by the end of the week if we have not heard from you.


Bob


_____

Robert L. Byman
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel (312) 923-2679
Fax (312) 840-7679
RByman@jenner.com
http://www.jenner.com/

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

_____

# EXHIBIT 4

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/07)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of _____ New York

In re  Lehman Brothers Holdings, Inc., et al.
                    Debtor

**SUBPOENA FOR RULE 2004 EXAMINATION**

Case No.*  08-13555  (JMP)

Chapter  11 (Jointly Administered)

To:  Ernst & Young
     c/o Michael Solender
     General Counsel
     5 Times Square
     New York, NY  10036-6530

     cc: Miles Ruthberg
         Latham & Watkins
         885 Third Avenue
         New York, NY 10022-4834

☐ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See attached rider.

| PLACE | DATE AND TIME |
|---|---|
| Jenner & Block LLP<br>919 Third Avenue  37th Floor<br>New York, NY 10022-3908 | June 8, 2009, 10:30 a.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | May 29, 2009 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER    Robert L. Byman
                                                     Jenner & Block LLP
                                                     919 Third Avenue  37th Floor   312-923-2679
                                                     New York, NY  10022-3908

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## DOCUMENT RIDER

Pursuant to Fed. R. Civ. P. 45, Fed. R. Bankr. P. 2004 and the Court's February 11, 2009 Order ("Order," attached hereto as Exhibit A), Anton R. Valukas, Esq., the appointed Examiner for Lehman Brothers Holdings, Inc. and its affiliated debtors ("Debtors"), through counsel, hereby requests that you produce the documents described below for inspection and copying at the offices of Jenner & Block LLP, 919 Third Avenue, New York, NY 10022-3908 on June 8, 2009 at 10:30 a.m.

## INSTRUCTIONS

1.     "Document" should be interpreted as broadly as permitted by the Federal Rules of Civil Procedure and includes all tangible things and electronically stored information.  Any terms in these requests should likewise be interpreted as broadly as pooosible.  References to entities should be interpreted broadly to include the named entity and its affiliates, parents, subsidiaries, officers, directors, employees and agents.

2.     As directed by the Order, if you withhold any documents from the production based upon a claim of privilege, provide Examiner's counsel with a privilege log containing the information required under Fed. R. Bankr. P. 7026 within ten (10) days of service of the foregoing subpoena.

## REQUESTS

1.     All documents comprising Ernst & Young's fiscal year-end 2007 audit of Lehman Brothers Holdings, Inc. and any of its affiliates or subsidiaries ("LBHI").

2.     All documents comprising Ernst & Young's quarterly or interim work for the fiscal year-end 2008 audit of LBHI.

3.     All documents related to or comprising the methodology employed by Ernst & Young to mark to market, value or verify marks or valuations for LBHI assets during 2007 and 2008.

4.     All documents related to or comprising the marks to market, value or verification of marks or valuations for LBHI assets during 2007 and 2008.

By: /s/ *Robert L. Byman*
     Robert L. Byman

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484

*Attorneys for the Examiner*

1766014.1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

In re                                                    Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 08-13555 (JMP)

                     Debtors.                 (Jointly Administered)

------------------------------------------------------------------x

### ORDER GRANTING EXAMINER'S MOTION DIRECTING THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATIONS OF THE DEBTORS' CURRENT AND FORMER OFFICERS, DIRECTORS AND EMPLOYEES, AND OTHER PERSONS AND ENTITIES

     Upon the Motion of Anton R. Valukas (the "Examiner")[1] for an Order Directing the

Production of Documents and Authorizing the Examination of the Debtors' Current and Former

Officers, Directors and Employees, and Other Persons and Entities (the "Motion"); and the Court

having reviewed the Motion and the exhibits submitted in support; and the Court being satisfied

that adequate notice of the Motion has been provided in accordance with the procedures set forth in

the order entered September 22, 2008 governing case management and administrative procedures

[Docket # 285] (i) to the Court; (ii) counsel for the Debtors; (iii) the U.S. Trustee; (iv) counsel for

the Official Committee of Unsecured Creditors; (v) counsel for the Debtors' postpetition lenders;

(vi) the Securities and Exchange Committee; (vii) the Internal Revenue Service; (viii) the United

States Attorney for the Southern District of New York; (ix) any person with a particularized

interest in the subject matter of the Motion; and (x) all parties who have requested notice in these

Chapter 11 Cases; and (xi) it appearing that no other or further notice of the Motion need be

provided; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED

---

[1] Capitalized terms not otherwise defined shall have the meaning ascribed to them in the Motion.

1.      The Motion is granted.

2.      The Examiner is authorized, pursuant to Bankruptcy Rule 2004, to issue such subpoenas as may be necessary to compel the production of documents and the testimony of Witnesses in connection with the Examiner's Investigation.

3.      The Examiner shall serve each subpoena and a copy of this Order on the target of the subpoena, with copy to (i) the Debtor; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iii) the SIPA Trustee; and (iv) the United States Attorney for the Southern District of New York.

4.      As directed in ¶ 8 of the Examiner Order, the Examiner shall cooperate fully with any government agencies including, but not limited to, any Federal, state or local government agency that currently or in the future may be investigating the Debtors, their management or their financial condition, and the Examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with, or duplication of, any investigations conducted by such agencies. The Examiner will follow a protocol to be established with the governmental agencies for the sharing of information to the extent that such sharing benefits the Debtors' estates, and such sharing of information shall be subject to appropriate conditions to protect the Debtors' estates.

5.      The Examiner shall file with the Court an affidavit or declaration of service for each subpoena he serves.

6.      Unless otherwise agreed to by the Examiner, Witnesses shall have ten (10) days from the service of a subpoena to either (1) produce to the Examiner all responsive documents requested in the Examiner's subpoena, except as provided in ¶ 7 *infra;* or (2) file with the Bankruptcy Court an objection or response to the subpoena, with a hearing promptly scheduled.

2

7.      Unless otherwise agreed by the Examiner, if a Witness withholds any documents from the production based upon a claim of privilege, such Witness is directed to provide counsel for the Examiner with a privilege log, containing the information required under Bankruptcy Rule 7026, within ten (10) days of the service of a subpoena upon the Witnesses.

8.      The Witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Examiner, in no event more than fifteen (15) days from the date of service of a deposition subpoena upon such Witness

9.      Nothing herein limits the substantive rights of Witnesses or other parties under applicable law to object to or oppose any subpoena the Examiner may serve.

10.     This Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.

11.     In accordance with Bankruptcy Rules 2004 and 9016, the Clerk of this Court shall issue subpoenas, signed but otherwise in blank, as requested by the Examiner.

12.     This Order is without prejudice to the Trustee's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law.

Dated: February 11, 2009
New York, New York

                                        /s/ James M. Peck
                                        UNITED STATES BANKRUPTCY JUDGE

### Your Order Status Is Shown Below

| Control Number: 01934962 | Order Status: Delivered |
|---|---|
| Date: May 29 2009 | Time: 12:01 |
| Signature: M HARVARD | Order Entered: May 29 2009 |

*The actual weight and dimensions of the shipment may result in a charge that is different from the one shown.*

| PICKUP INFORMATION | | DELIVERY INFORMATION | |
|---|---|---|---|
| Name | JENNER & BLOCK | Name | ERNST & YOUNG |
| Address | 919 3RD AVE | Address | 5 TIMES SQUARE PLZ |
| Suite/Floor/Dept. | 37 | Suite/Floor/Dept. | |
| Attn: | | Attn: | L.AZIZE |
| City/State/Zip | NEW YORK , NY 10022 | City/State/Zip | NEW YORK , NY |
| Pickup Instructions | PLEASE BE ON TIME | Delivery Instructions | |

### SERVICE INFORMATION

| Pickup Ready at | May 29 2009 - 11:00 | Return Service | |
|---|---|---|---|
| Weight | 0 | Pieces | 0 |
| Service Type | Not Available | Requested By | VAN |
| CLIENT MATTER# | 49011.10012 | | |

[ Print Page ]

## Your Order Status Is Shown Below

| | |
|---|---|
| **Control Number: 01934960** | **Order Status: Delivered** |
| **Date: May 29 2009** | **Time: 11:28** |
| **Signature: MIRNA RUPERTO** | **Order Entered: May 29 2009** |

*The actual weight and dimensions of the shipment may result in a charge that is different from the one shown.*

| PICKUP INFORMATION | | DELIVERY INFORMATION | |
|---|---|---|---|
| Name | JENNER & BLOCK | Name | LATHAM & WATKINS |
| Address | 919 3RD AVE | Address | 885 3RD AVE |
| Suite/Floor/Dept. | 37 | Suite/Floor/Dept. | |
| Attn: | | Attn: | |
| City/State/Zip | NEW YORK , NY 10022 | City/State/Zip | NEW YORK , NY |
| Pickup Instructions | PLEASE BE ON TIME | Delivery Instructions | |

## SERVICE INFORMATION

| | | | |
|---|---|---|---|
| Pickup Ready at | May 29 2009 - 11:00 | Return Service | |
| Weight | 0 | Pieces | 0 |
| Service Type | Not Available | Requested By | VAN |
| CLIENT MATTER# | 49011.10012 | | |

Print Page

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/07)

## PROOF OF SERVICE

| SERVED | DATE 5/29/09 | PLACE EXR. YOUNG 5 TimesSQ |
|---|---|---|
| SERVED ON (PRINT NAME) M. HARVARD | | MANNER OF SERVICE HAND DELIVERY |
| SERVED BY (PRINT NAME) DAOUDA TALL | | TITLE MESSENGER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  6/01/09
DATE

SIGNATURE OF SERVER

221 W 37 – NY
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/07)

## PROOF OF SERVICE

| SERVED | DATE 5/29/09 | PLACE Latham & Watkins 885-3rd |
|---|---|---|
| SERVED ON (PRINT NAME) *MIRNA RUPERTO* | | MANNER OF SERVICE *HAND DELIVERY* |
| SERVED BY (PRINT NAME) *DAOUDA TALL* | | TITLE *MESSENGER* |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  6/01/09
DATE

SIGNATURE OF SERVER

221 W 37 NY NY
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT 5

**DRAFT**
**ATTORNEY WORK PRODUCT**

## STIPULATION REGARDING CONFIDENTIALITY

Ernst & Young LLP ("EY") and Anton R. Valukas, as the court-appointed

Examiner ("Examiner") in *In re Lehman Brothers Holdings, Inc.*, 08-13555 (JMP) (Bank.

S.D.N.Y.) ("Action"), enter into this Stipulation regarding Confidentiality ("Stipulation").

## RECITALS

WHEREAS, the Examiner, in the course of his investigation regarding Lehman

Brothers Holdings Inc., obtained from the Securities and Exchange Commission ("SEC") certain

documents marked "FOIA CONFIDENTIAL TREATMENT REQUESTED" that EY produced

to the SEC pursuant to a subpoena (the "SEC Materials");

WHEREAS, the Examiner seeks to obtain additional documents from EY in the

course of his investigation through discovery;

WHEREAS, the Examiner and EY believe that the SEC Materials and certain of

the additional documents and information that may be obtained through discovery may constitute

or reflect trade secrets and/or other non-public, business, financial, commercial, proprietary,

personal and/or other sensitive information within the meaning of Federal Rule of Civil

Procedure 45(c)(3)(B)(i), Federal Rule of Bankruptcy Procedure 9016, or other provisions of

applicable federal and state law, which, if not kept confidential, could be injurious to the interests

of the parties;

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Examiner and

EY, by and through their respective counsel of record, hereby stipulate and agree to be bound by

the following terms of this Stipulation.

DRAFT
ATTORNEY WORK PRODUCT

## STIPULATION

This Stipulation establishes a procedure governing the disclosure of confidential information by EY, imposes obligations on persons receiving confidential information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

Subject to the protections of Rule 26(c) of the Federal Rules of Civil Procedure, this Stipulation covers the SEC Materials and all private, confidential and proprietary information designated as "CONFIDENTIAL" following entry of this Stipulation.  Accordingly, it is agreed that the following procedures shall be adopted for the protection of such information:

1.      "Confidential Information" means information that EY reasonably believes to constitute, reflect or disclose trade secrets, proprietary data, commercial information, and/or confidential information protected by constitutional or other rights of privacy.  Such information includes but is not limited to (1) the SEC Materials; and (2) the subject matter of other documents that may be produced during discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, hearing and trial transcripts, and other tangible things that are designated "CONFIDENTIAL" at the time specified in this Stipulation, including all information contained therein, and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect or disclose such information.

2.      EY hereby designates all documents included in the SEC Materials "CONFIDENTIAL" and the Examiner agrees not to object to such designation.  The Examiner further agrees that within 10 days of executing this Stipulation, he will mark and notify EY that he has marked all documents included in the SEC Materials with the word "CONFIDENTIAL."

2

DRAFT
ATTORNEY WORK PRODUCT

3.      EY may designate as "Confidential" any document (and copies thereof) or other material produced, furnished, authored, generated or originated by EY, or testimony related thereto, which it contends is confidential, by marking such documents, material or testimony with the word "CONFIDENTIAL."  Deposition testimony may be designated CONFIDENTIAL by oral statement by EY at the deposition or in writing thereafter, in the manner described below. If portions of deposition testimony are designated CONFIDENTIAL during the deposition, the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL."  EY may designate portions of deposition transcripts as CONFIDENTIAL after the deposition by written notice to the reporter and to all counsel of record, given within ten (10) days after a deposition transcript is received by EY's counsel, in which case all counsel receiving the transcript shall be responsible for marking copies of the designated transcript in their possession or under their control.  During this ten (10) day designation period, all parties shall treat the deposition transcript as if it had been designated CONFIDENTIAL.

4.       The SEC Materials and any other documents and information designated "CONFIDENTIAL" (together "Confidential Information") shall not be disclosed to anyone except as provided in this Stipulation.

5.      Except as hereinafter provided, Confidential Information shall be used only in the above-captioned action for purposes necessary to the prosecution or defense of the claims at issue therein.  Confidential Information shall not be used for any other purpose, including but not limited to commercial, business, competitive or other purposes, for any reason whatsoever, or in or for any other judicial or administrative proceedings, disputes, or cases without consent of the designating party.

**DRAFT**
**ATTORNEY WORK PRODUCT**

6.      If the Examiner objects to the designation of any material as CONFIDENTIAL, the Examiner will meet and confer with EY in an effort to resolve the dispute.  If the meet and confer process does not resolve the dispute, the Examiner may apply to the Court for an order removing the CONFIDENTIAL designation.  The contested information shall retain its confidential status pending resolution of the dispute.

7.      Before any Confidential Information is filed with the Court, the Examiner will submit this Stipulation and a Proposed Order, asking the Court to adopt the terms of this Stipulation.  Thereafter, all Confidential Information that is filed with the Court shall be filed in sealed envelopes bearing the caption of this Action, a brief description of the nature of the contents of the sealed envelope, the word "CONFIDENTIAL" and a statement in substantially the following form:

> "THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT AND CONTAINS CONFIDENTIAL INFORMATION, AND IS NOT TO BE OPENED OR THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED BY ANYONE EXCEPT UPON ORDER OF THE COURT."

8.      Confidential Information may be disclosed only to the Court; court personnel; court reporters and video personnel recording depositions where Confidential Information is disclosed; counsel for EY and the Examiner; support staff of the parties and their counsel (e.g., paralegals, secretaries, law clerks, internal or external copying services); and to "Qualified Persons," defined as follows:

(a)      Individuals at EY and the Examiner with direct responsibility for overseeing the Action.

(b)      Expert witnesses or consultants retained by EY or the Examiner or by their respective counsel.

4

**DRAFT**
**ATTORNEY WORK PRODUCT**

(c)      Witnesses during depositions that are designated

CONFIDENTIAL as provided in paragraph 2 above.

9.      Before counsel may disclose Confidential Information to a Qualified

Person, the disclosing counsel shall obtain from the Qualified Person who is going to receive

such Confidential Information an executed copy of the Non-Disclosure Certificate attached

hereto as Exhibit A.  Counsel who discloses Confidential Information to a Qualified Person shall

provide each such Qualified Person with a copy of this Stipulation and shall retain the Qualified

Person's original executed Non-Disclosure Certificate pending further order of the Court or for a

one-year period following the termination of the Examiner's investigation.

10.      In the event the Examiner or a Qualified Person subject to this Stipulation

(a) is subpoenaed in another action, (b) is served with a demand in another action to which the

Examiner or a Qualified Person is a party, or (c) is served with any other legal process that seeks

Confidential Information that was produced by EY, the recipient of such subpoena, demand or

other legal process shall give prompt written notice of the receipt of such subpoena, demand or

other legal process to EY.  Nothing herein shall be construed as requiring the person or party

from whom the Confidential Information is being sought, or anyone else subject to this

Stipulation, to challenge or appeal any order requiring production of the Confidential

Information protected by this Stipulation, or to subject itself to any penalties for noncompliance

with any legal process or order, or to seek any relief from this Court.

11.      In the event that EY elects to produce documents for inspection by the

Examiner who will designate them for copying, EY need not mark the documents in advance of

any such inspection.  For purposes of the inspection, and any subsequent inspection of the

original documents, all documents produced for inspection shall be treated as if they were

**DRAFT**
**ATTORNEY WORK PRODUCT**

marked "CONFIDENTIAL."  Thereafter, upon selection of specified documents for copying by

the Examiner, EY may mark copies of such documents with the appropriate confidentiality

designation at the time the copies are produced to the Examiner.

12.    If a document, other material or testimony which EY intends to designate

as CONFIDENTIAL is inadvertently disclosed without being marked as CONFIDENTIAL in

accordance with paragraphs 1 through 3 of this Stipulation, the failure to so mark the document,

other material or testimony shall not be deemed a waiver of its confidentiality.  If it is understood

by the Examiner that confidential treatment was intended, the document, other material or

testimony should be treated as Confidential.  When any such document, material or testimony is

designated as CONFIDENTIAL, the Examiner shall take prompt steps to assure that it is marked

as CONFIDENTIAL, or returned to EY for confidential designation pursuant to paragraphs 1

through 3 of this Stipulation.

13.    If any document or other material subject to any privilege or legal

prohibition against disclosure is disclosed, the fact of the disclosure shall not constitute a waiver

of the applicable privilege or legal prohibition against disclosure.  The Examiner agrees to notify

EY if it intends to introduce into evidence any document, during trial or pretrial procedures

(including but not limited to evidentiary filings and depositions), that the Examiner knows or

reasonably should know could represent a privileged communication or document.  Such notice

must be provided within a sufficient period of time to allow EY a reasonable opportunity to

evaluate and protect any privileges that may apply to such documents.  Upon written notification

by EY, the Examiner shall either (a) immediately destroy or return it, including any copies

thereof, to EY, and shall destroy any notes or work product concerning the material; or (b) if the

Examiner disagrees with EY's claim of privilege or legal prohibition against disclosure, not use

**DRAFT**
**ATTORNEY WORK PRODUCT**

such document or material until allowed to do so by Court order.  In any such dispute, EY shall have the burden of making the motion to establish the privileged or protected nature of the inadvertently disclosed information.  During any such dispute, any party is authorized to provide the Court with a copy of the document subject to dispute for purposes of a court determination as to whether or not the claimed privilege applies to the document, as long as such document is provided under seal.  Unless otherwise agreed, the motion shall be made within ten (10) calendar days of the time EY first gives notice of the inadvertent production to the Examiner.

14.    This Stipulation is entered without prejudice to the right of EY to use any Confidential Information designated by it in any manner EY deems appropriate.

15.    Prior to the disclosure at any hearing of any Confidential Information, the Examiner's counsel shall take reasonable steps to afford EY's counsel the opportunity to object to disclosure of Confidential Information in open court.

16.    This Stipulation shall survive the final conclusion of the Examiner's investigation and shall continue in full force and effect.  Within 30 days of the termination of the Examiner's investigation, the Examiner shall return any Confidential Information to counsel for EY or shall destroy it.  Written confirmation of such return or destruction shall be forwarded to counsel for EY.  Notwithstanding this provision, however, Confidential Information that (1) has been filed in pleading files maintained by counsel, or (2) is mentioned in notes, memoranda or other writings prepared by counsel and covered by the work product doctrine, need not be returned or destroyed.  Confidential Information contained in counsels' pleadings files or work product shall not thereafter be disclosed to any person or used for any purpose.

**DRAFT**
**ATTORNEY WORK PRODUCT**

Dated:

| | |
|---|---|
| Latham & Watkins LLP<br><br>By:_____<br>Jamie L. Wine<br>885 Third Avenue<br>New York, New York  10022<br>Telephone:  (212) 906-1200<br>Facsimile:  (212) 751-4864<br><br>Attorneys for Ernst & Young LLP | Jenner & Block LLP<br><br>By:_____<br>Robert L. Byman<br>330 N. Wabash Avenue<br>Chicago, Illinois  60611-7603<br>Telephone:  (312) 222-9350<br>Facsimile:  (312) 527-0484<br><br>Attorneys for Anton R. Valukas,<br>Chapter 11 Examiner |

**<u>DRAFT</u>**
**<u>ATTORNEY WORK PRODUCT</u>**

## <u>EXHIBIT A</u>

## <u>NON-DISCLOSURE CERTIFICATE</u>

I certify my understanding that access to materials designated as "CONFIDENTIAL" is provided to me pursuant to the terms and restriction of a Stipulation regarding Confidentiality entered in *In re Lehman Brothers Holdings Inc.*, 08-13555 (JMP) (Bankr. S.D.N.Y.) on [DATE] (the "Stipulation").  I certify that I have been given a copy of, and have read, the Stipulation and agree to comply with its terms.  I understand that the contents of any material designated "CONFIDENTIAL" and any notes or other memoranda or any other forms of information which copy or disclose material designated "CONFIDENTIAL" shall not be disclosed to anyone other than in accordance with the Stipulation and shall be used only for the purposes set forth therein.

I agree to be subject to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York for purposes of enforcement of this Non-Disclosure Certificate and the Stipulation.

By: _____

Title: _____

Representing: _____

Date: _____