# EXHIBIT G

JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)

919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

Attorneys for the Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re:                                                      :   Chapter 11
                                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,                      :   Case No. 08-13555 (JMP)
                                                            :
         Debtors.                                           :   (Jointly Administered)
------------------------------------------------------------x

## DECLARATION OF KAREN BALMER

I, Karen Balmer, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. This Declaration is submitted in support of the Examiner's Opposition to Ernst & Young's Responses and Objections to the Examiner's Subpoena for Rule 2004 Examination.

2. Duff & Phelps LLC ("Duff & Phelps") is financial advisor to Anton R. Valukas, the Court-appointed Examiner ("Examiner") in the above-captioned matter.

3. I am a senior advisor at Duff & Phelps. I am providing financial advice to the Examiner regarding E&Y's audits of LBHI.

4. I am licensed as a certified public accountant in the State of New York. My license is active and I am in good standing.

5. I received a Bachelors Degree in Business Administration in Accounting from West Virginia University. I also hold the Certified in Financial Forensics accreditation from the American Institute of Certified Public Accountants, the Certified Fraud Examiner accreditation from the Association of Fraud Examiners, and the Certified Forensic Accountant accreditation from the College of Forensic Examiners.

6. In addition to working with Duff & Phelps, I have had my own firm for 16 years, specializing in, among other things, forensic accounting. Prior to that time I held various positions including Senior Manager at Union Carbide Corporation in their international audit department and much earlier as an auditor with Ernst & Ernst. I have worked on at least twelve audits and litigation or investigations for companies with assets greater than $5 billion, including companies with assets greater than $200 billion.

7. As a senior advisor to Duff & Phelps, I have worked closely with Jenner & Block LLP, counsel to the Examiner. Through this work, I have become familiar with

Lehman Brothers Holdings, Inc. ("LBHI"), the manner in which LBHI was organized and operated and the manner in which LBHI prepared its financial statements.

8. As a result of this experience, and documents I have reviewed as part of my engagement on the Examination, I know that Ernst & Young was LBHI's auditor in 2007 and 2008.

9. E&Y performed year-end audits of LBHI as of November 30th each year. The final year-end audit of LBHI by E&Y prior to LBHI's September 15, 2008 bankruptcy was for the Fiscal Year Ended November 30, 2007 ("FY07").

10. Based on my knowledge, skill and experience, training and education, and documents I have reviewed as part of my engagement on the Examination, it is my opinion that the FY07 year-end audit provides the main benchmark for the Examiner's analysis of any subsequent work performed by E&Y in 2008, and that the FY07 year-end audit is critical for the Examiner's investigation. For example, through analysis of the FY07 year-end audit, the Examiner can determine whether LBHI fully disclosed material facts related to its financial statements to E&Y and the public, including valuations, risk appetite, internal controls, and solvency, among other things; and the Examiner can also determine what information LBHI provided to E&Y in support of LBHI's asset valuations, e.g., mortgage-backed and auction-rate securities, including LBHI's valuation methodology, models and marks. The Examiner can also determine what testing, if any, E&Y did to verify or refute LBHI's valuations.

11. Most of the information contained in the FY07 year-end audit is not available in quarterly or interim work papers for 2008. The risk analysis and valuation testing performed for the fiscal year-end audit is far more substantive and detailed than that performed at any other time. Typically, auditors perform little work on inventory marks in their quarterly work papers, and conduct significantly more rigorous evaluations of the methodologies behind the marks during the year-end audit. Also, auditors provide an opinion on the reasonableness of the financial statements as a whole (balance sheet, notes, representations, etc.) only at year-end.

12. I cannot fully and properly advise the Examiner about the financial condition of LBHI in the weeks and months preceding LBHI's bankruptcy without carefully reviewing the FY07 year-end audit, and the quarterly or interim work papers for the fiscal year-end 2008 audit of LBHI.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of June, 2009, at New York, New York.

_____
Karen Balmer

Sworn to and subscribed before me
this 10th day of June 2009.

_____
NOTARY PUBLIC

My Commission Expires: 5/13/2010

NORMA H. GOWEN
Notary Public, State of New York
Qualified in New York County
No. 01GO5060171
My Commission Expires 05-13-2010

4