Objection Deadline: June 12, 2009 at 12:00 p.m. (Eastern)<br>
Hearing Date and Time: June 17, 2009 at 2:00 p.m. (Eastern)

SUTHERLAND ASBILL & BRENNAN LLP
Mark D. Sherrill (*pro hac vice* pending)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 383-0100

*Counsel for Aviva Italia Holding S.p.A., Aviva S.p.A.,
Aviva Vita S.p.A., Aviva Life S.p.A., Aviva Italia S.p.A.,
Aviva Assicurazioni S.p.A. and Aviva Previdenza S.p.A.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | § § § § | Case No. 08-13555 (JMP) |
| Debtors. | § | |

**OBJECTION OF AVIVA S.p.A., AVIVA ITALIA HOLDING S.p.A., AVIVA VITA S.p.A., AVIVA LIFE S.p.A., AVIVA ITALIA S.p.A., AVIVA ASSICURAZIONI S.p.A. AND AVIVA PREVIDENZA S.p.A. TO MOTION, PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3), FOR ESTABLISHMENT OF THE DEADLINE FOR FILING PROOFS OF CLAIM, APPROVAL OF THE FORM AND MANNER OF NOTICE THEREOF AND <u>APPROVAL OF THE PROOF OF CLAIM FORM</u>**

Aviva S.p.A., Aviva Italia Holding S.p.A., Aviva Vita S.p.A., Aviva Life S.p.A., Aviva Italia S.p.A., Aviva Assicurazioni S.p.A. and Aviva Previdenza S.p.A. (collectively, "Aviva") file this Objection (the "Objection") to the Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (the "Motion"), and states as follows:

<u>**Preliminary Statement**</u>

1.  Upon the filing of a proof of claim, a debtor generally has two options. It may object to the claim, in which case the burden of proof shifts to the debtor to overcome the

8409035.2

presumed validity of the claim's validity and amount. Alternatively, the debtor may choose not to object to the claim, in which case the claim will be deemed allowed under section 502(a).

2.  The Motion seeks to alter radically the scheme contemplated above. Instead of bearing the burden of producing substantial evidence to rebut the prima facie evidence of the validity and amount claimed, the Debtors request that the Court order claimants to retain the burdens of proof and production after filing their proofs of claim. The Court should deny that request for two reasons:

> (a)   it violates the procedural requirements contemplated in the Bankruptcy Rules and related case law, and
>
> (b)   it would impose an undue hardship on claimants, while conferring a significant strategic advantage upon the Debtors in any ensuing litigation.

**Factual Background**

3.  On May 8, 2009, Aviva Life S.p.A. filed proof of claim number 4200 ("Claim 4200"). Claim 4200 asserts a general unsecured claim against Lehman Brothers Holdings Inc. ("LBHI" and collectively with its debtor-affiliates, the "Debtors") in the amount of $3,258,607.70.

4.  On May 8, 2009, Aviva S.p.A. filed proof of claim number 4201 ("Claim 4201" and collectively with Claim 4200, the "Aviva Claims"). Claim 4201 asserts a general unsecured claim against LBHI in the amount of $57,420.40. Other than Aviva S.p.A. and Aviva Life S.p.A. (the "Aviva Claimants"), the undersigned Aviva parties are in the process of evaluating the claims they may have against the Debtors.

5.  The Aviva Claims are predicated, at least in part, on derivatives contracts and/or guarantees.

6. The Motion requests that the Court order all creditors to file a proof of claim that conforms substantially with the "Proof of Claim Form" that is included with the Motion. Among the unique aspects of the Proof of Claim Form are checkboxes (the "Checkboxes") to reflect whether a given claim is related to a "Derivative Contract" or a "Guarantee."

7. The Aviva Claimants asserted the Aviva Claims on the Official Form B-10 (the "Official Form"), as promulgated by the Administrative Office of the United States Courts. The Official Form does not contains the Checkboxes or any similar notation.

8. If a claimant checks the box for either "Derivative Contract" or "Guarantee" on the Proof of Claim Form, then the Motion seeks to impose additional requirements on the claimant, mandating the completion of a "Derivative Questionnaire" or a "Guarantee Questionnaire" (collectively, the "Questionnaires"). Although their name implies only questions, the Questionnaires demand submission of significant volumes of documentary evidence.

## Objection and Bases Therefor

9. Aviva objects to the Motion for two reasons. First, with regard to claims based on derivatives or guarantees, the Motion seeks to shift the burden of proof and the burden of production in a manner that is impermissible under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and related case law. Second, the Motion imposes an undue hardship on creditors that have already filed proofs of claim, by requiring such creditors to expend additional resources to file amended claims and meet additional procedural requirements – all to the significant advantage of the Debtors, if they were to subsequently object to such claims.

### A.     The Motion Impermissibly Seeks to Shift the Burdens of Proof and Production

10.     Bankruptcy Rule 3001(f) states: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

11.     "The Bankruptcy Code establishes a burden-shifting framework for proving the amount and validity of a claim. The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. The burden then shifts to the debtor to object to the claim. The debtor must introduce evidence to rebut the claim's presumptive validity." *Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004). *See also RW Squared Med. Group v. HWY Squared, Inc. (In re HWY Squared, Inc.)*, 208 Fed. Appx. 581, 582-83 (9th Cir. 2006) (stating "[t]he objector must produce sufficient evidence tending to defeat the claim by probative force equal to that of the allegations in the proofs of claim themselves"); *McGee v. O'Connor (In re O'Connor)*, 153 F.3d 258, 260 (5th Cir. 1998); *Gill v. Indian Wells Estates, Inc. (In re Indian Wells Estates, Inc.)*, 96 F.3d 1451, 1996 WL 506484, *4 (9th Cir. Sept. 3, 1996) ("[t]he evidentiary burden of Bankruptcy Rule 3001(f) requires the objector to come forward with evidence contradicting the validity or amount of the claim"); *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 646 (2d Cir. 1988); *Reilly v. Novak*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) ("To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim"); *Carey v. Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005).

12.     Here, no party has objected to the Aviva Claims. Even if the Debtors had filed an objection to the Aviva Claims, the Bankruptcy Rules provide that the Aviva Claims constitute

prima facie evidence as to their validity and the amount claimed. If such an objection existed, the burdens of proof and production would have now shifted to the Debtors to refute the presumptively valid Aviva Claims with "substantial evidence." *See Juniper Dev. Group v. Kahn (In re Hemingway Transp., Inc.)*, 993 F.2d 915, 925 (1st Cir. 1993) (stating "[t]he interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence*") (emphasis in original).

13. Despite the statutorily presumed validity of the Aviva Claims and the jurisprudence requiring the Debtors to advance substantial evidence to refute that presumption, the Motion seeks to impose significant additional evidentiary burdens on the Aviva Claimants and other derivatives- or guarantee-based claimants. The evidentiary burden to be shouldered by claimants is far greater than that under the Bankruptcy Rules, which require only a copy of a writing on which a claim is based and proof of the perfection of any relevant security interest. Fed. R. Bankr. P. 3001(c), (d).

14. In the Motion, the Debtors ask the Court to impose onerous additional requirements with respect to claims based on derivatives or guarantees. For example, the Derivatives Questionnaire requires such information as (a) copies of termination notices, including evidence supporting the delivery date, (b) valuation statements, including evidence supporting the delivery date of same, (c) details with respect to each trade supporting the valuation ("including trade id, electronic trade reference id, trade type, product, trade date, reference obligation or reference entity, credit events, factored and original contract notional amount, quantity/unit of measure, currency, price or strike price, buy/sell, call or put, cap or floor, location, effective date, maturity date, termination date, and value"), (d) trade valuation

8409035.2                                        5

and quotations, (e) unpaid amounts and interest accrued thereon, with supporting documentation, and (f) CUSIP/ISIN for collateral, valuation of collateral and support for those valuations.

15. The information required under the Questionnaires far exceeds the information that a counterparty under a terminated ISDA Master Agreement must furnish outside of bankruptcy. For example, nothing in an ISDA Master Agreement requires the exchange of the quotations relied upon in termination calculations, nor of the proof of delivery of termination notices or valuations.

16. For counterparties to derivatives contracts that are part of complex structured finance arrangements, many of the details required in the Questionnaires may be unknown or unavailable because they reside with a third party fiduciary.

17. The information required in the Questionnaires would give the Debtors a considerable advantage in any ensuing litigation with claimants, because it will give the Debtors an immediate idea of the strengths and weaknesses of the claimants' claims, defenses and evidence.

18. Despite the fact that established bankruptcy law places the evidentiary burden squarely on the Debtors, no mechanism exists (nor is likely to exist) under which the Debtors would reciprocate in sharing their data and documents.[1] The Questionnaires provide a unilateral information sharing mechanism that inures solely to the benefit of the Debtors, creating a strategic disadvantage for any claimants that subsequently become involved in litigation.

---

[1] On information and belief, the Debtors have refused to share such data in the course of their negotiations with derivatives counterparties because they contend that the data are proprietary.

8409035.2                                          6

### B. Requiring Additional Measures from Creditors that Have Previously Asserted Valid Proofs of Claim Violates Fundamental Notions of Fairness

19.     The filing of a proof of claim on the Official Form is a sufficient manner for the assertion of a claim. *See generally* 11 U.S.C. §§ 501, 502; Fed. R. Bankr. P. 3001(a). The Motion, however, seeks to impose requirements that would dictate otherwise. Under the proposed order included with the Motion, a claim in connection with either a derivatives contract or a guarantee that has been filed on the Official Form is nonetheless insufficient and must be amended because of the absence of the Checkboxes.

20.     Such a process contravenes the structure created by the Bankruptcy Code and the Bankruptcy Rules. Section 502(a) of the Bankruptcy Code provides: "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). Accordingly, the claims already filed in these cases are deemed allowed until the Debtors or some other party objects to them. *See Johns-Manville*, 843 F.2d at 646 (stating "[c]laims are 'allowed' in the amount filed unless they are objected to by a party in interest").

21.     To date, no party has objected to the Aviva Claims. Pursuant to section 502(a), the Aviva Claims are deemed allowed until such an objection is filed. The Motion's attempt to impose additional requirements on claims that are deemed allowed under section 502(a) violates not only the Bankruptcy Code, but also fundamental notions of justice and fairness.

22.     Aviva urges the Court to deny the Motion, at least with regard to its attempts to require (a) completion of the Questionnaires, which place significant and impermissible burdens (both evidentiary and otherwise) upon the relevant claimants, and (b) the amendment of claims

related to derivatives or guarantees by creditors that have already filed proofs of claim on other forms.

23.     The Aviva Claimants have properly filed their claims. The Debtors should either object to the Aviva Claims and produce substantial evidence in support of their objection, or they should accept that the Aviva Claims will be deemed allowed. They should not be permitted to circumvent the statutory mechanism by shifting the burdens of proof and production back to the claimants.

24.     Because of the relative brevity of the analysis required by the issues presented herein, Aviva requests that the Court waive the requirement, pursuant to Rule 9013-1(b) of the Local Rules of Bankruptcy Procedure, that an objecting party file a Memorandum of Law in support of its objection.

WHEREFORE, Aviva respectfully requests that the Court (a) deny the Motion, and (b) grant the Aviva Claimants such further relief as the Court deems just.

Dated:  June 11, 2009
        Washington, DC

                                SUTHERLAND ASBILL & BRENNAN LLP

                                By:     /s/ Mark D. Sherrill

                                Mark D. Sherrill (*pro hac vice* pending)
                                1275 Pennsylvania Avenue, NW
                                Washington, DC  20004
                                Tel:  (202) 383-0100
                                Fax:  (202) 637-3593

                                COUNSEL FOR AVIVA ITALIA HOLDING, S.P.A., AVIVA S.P.A.,
                                AVIVA VITA S.P.A., AVIVA LIFE S.P.A., AVIVA ITALIA S.P.A.,
                                AVIVA ASSICURAZIONI S.P.A. AND AVIVA PREVIDENZA S.P.A.