**Hearing Date: June 24, 2009 at 10:00 a.m.**

David Dunn
Katie M. Lachter
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

    and

Stuart G. Stein
Craig H. Ulman
Khang V. Tran
HOGAN & HARTSON L.L.P.
Columbia Square
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Westernbank Puerto Rico*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- x
In re:                                                            :
                                                                  : Chapter 11
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          :
                                                                  : Case No. 08-13555 (JMP)
Debtors.                                                          :
                                                                  : (Jointly Administered)
                                                                  :
----------------------------------------------------------------- x

**JOINDER OF WESTERNBANK PUERTO RICO TO THE MOTION OF
DEBTOR AND DEBTOR IN POSSESSION FOR AN ORDER, PURSUANT TO FED. R.
BANKR. P. 2004, AUTHORIZING DISCOVERY FROM BARCLAY'S CAPITAL, INC.**

    Westernbank Puerto Rico ("Westernbank") submits this joinder to the Motion (the "Rule

2004 Motion")(Docket No. 3596) of Lehman Brothers Holdings Inc. ("LBHI") for an Order

Pursuant to Fed. R. Bankr. P. 2004 Authorizing Discovery from Barclay's Capital, Inc.

("Barclay's"). In support thereof, Westernbank respectfully represents as follows:

1

\\\NY - 059648/000001 - 1147485 v3

1. As of September 19, 2008, the date of commencement of the liquidation of Lehman Brothers Inc. ("LBI"), Westernbank (including its International Division) was party to repurchase agreements with LBI under which Westernbank had the right to purchase, and LBI was obligated to sell, specified securities whose aggregate market value (as of September 19) exceeded the contractual repurchase price by approximately $140 million. Westernbank has filed customer claims totaling approximately $140 million against LBI based on these repurchase transactions. Depending on the outcome of pending inquiries concerning the Lehman/Barclays transactions described below, Westernbank may submit claims against LBHI and/or one or more of the affiliated debtors and debtors-in-possession (collectively, the "Chapter 11 Debtors"). (Westernbank also has claims against LBHI and Lehman Brothers Special Financing Inc. arising from swap transactions.)

2. LBHI's proposed Rule 2004 examination of Barclays would address (among other matters):

> [I]ssues arising from certain repurchase agreements entered into between LBI and Barclays and related matters. The debtor [LBHI] is now conducting a preliminary review of the assets and liabilities transferred to Barclays under these agreements or related arrangements, including (i) billions of dollars worth of collateral transferred pursuant to a certain repurchase transaction between Barclays and LBI on September 18, 2008, (ii) assets transferred upon the closing of the Purchase Agreement [i.e., the Asset Purchase Agreement dated as of September 16, 2008 among LBHI, LBI and Barclays (among other parties)], and (iii) assets transferred pursuant to the December 5, 2008 Settlement Agreement between JPMorgan Chase Bank N.A., Barclays, and LBI's Trustee in the SIPA liquidation. This review seeks to determine what assets were transferred, whether the debtor received fair consideration for the assets, and whether the assets transferred in connection with the repurchase agreements were, in fact, improperly transferred to offset the liabilities Barclays assumed as part of the consideration it gave in the Sale Transaction. Reconciling potential discrepancies related to these transfers is important to the Debtor and its stakeholders, and the requested discovery is needed to allow for complete review of these complex transactions. [Rule 2004 Motion ¶ 18.]

2

3. Upon information and belief, all or most of the securities that Westernbank had the right to purchase from LBI under their repurchase agreements were among the "billions of dollars worth of collateral" transferred by LBI to Barclays under their September 18, 2008 repurchase transaction and later left in Barclays' hands following the closing under the Asset Purchase Agreement. It is not clear, however, how the proceeds of the LBI/Barclays repurchase transaction were applied or how the consideration provided by Barclays under the Asset Purchase Agreement was allocated among LBI, LBHI and other parties. (Under ¶ 12.3 of the Asset Purchase Agreement the purchase price was to be allocated among the purchased assets "as specified in Schedule 12.3," but Schedule 12.3 has not been made public.)

4. Thus, Westernbank's claims against LBI and its potential claims against LBHI or other Chapter 11 Debtors are closely linked to the events surrounding the Lehman/Barclays transactions that LBHI proposes to investigate. Westernbank intends to pursue information from other sources as well, 1/ but efficiency dictates that Westernbank be permitted to join LBHI's examination of Barclays, rather than undertake a separate examination of Barclays, retreading ground that LBHI already proposes to cover pursuant to the Rule 2004 Motion.

5. Without prejudice to its right to seek additional relief pursuant to Fed. R. Bankr. P. 2004, Westernbank therefore joins in the Rule 2004 Motion. More particularly, Westernbank seeks (i) the right to participate in depositions noticed pursuant to the Rule 2004 Motion and (ii) production of any and all documents produced by Barclays to LBHI or any other person, party or entity relating to or concerning the aforementioned issues.

---

1/    Having attempted without success to obtain information from the LBI Trustee, Westernbank expects in the near future to move for a Rule 2004 examination of the LBI Trustee and/or LBI; but because the Lehman/Barclays transactions began prior to the commencement of the LBI liquidation, the LBI Trustee cannot be expected to have all of the information germane to Westernbank's claims.

3

6. "On motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Westernbank, a creditor in these Chapter 11 cases, is an interested party entitled to invoke Rule 2004. The reach of Rule 2004 extends to third parties who have a relationship to or business dealings with the debtor, such as Barclays. See, e.g., In re Ionosphere Clubs, Inc., 156 B.R. 414, 432 (S.D.N.Y. 1993); In re Johns-Manville Corp. (Keene Corp. v. Johns-Manville Corp.), 42 B.R. 362, 364 (S.D.N.Y. 1984). A Rule 2004 examination encompasses "a wide-ranging examination with respect to a debtor's financial affairs," In re Texaco, Inc., 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987), including the "property or . . . the liabilities and financial condition of the debtor, or . . . any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b). The Lehman/Barclays transactions fall squarely within the scope of investigation allowed under Rule 2004, and Westernbank respectfully submits it is entitled to examine Barclays with respect to the Lehman/Barclays transactions and to join the Rule 2004 Motion.

7. Westernbank further respectfully submits that the implementation of a coordinated discovery mechanism in these cases, which permits creditors and other parties in interest to obtain information relating to the issues described above, will benefit all parties, because it will facilitate the development and dissemination of information necessary and useful to the administration of these cases, and the claims of creditors such as Westernbank in an efficient, cost-effective and orderly manner.

WHEREFORE, for the reasons set forth above and in the Rule 2004 Motion,

4

Westernbank respectfully requests that this Court enter an order granting the Rule 2004 Motion and recognizing Westernbank's right to participate in discovery pursuant thereto.

New York, New York
June 11, 2009

**HOGAN & HARTSON L.L.P.**

By: /s/ David Dunn
    David Dunn
    Katie M. Lachter
    875 Third Avenue
    New York, NY 10022
    Telephone: (212) 918-3000
    Facsimile: (212) 918-3100

    and

    Stuart G. Stein
    Craig H. Ulman
    Khang V. Tran
    HOGAN & HARTSON L.L.P.
    Columbia Square
    555 Thirteenth Street, N.W.
    Washington, D.C. 20004-1109
    Telephone: (202) 637-5600
    Facsimile: (202) 637-5910

    *Attorneys for Westernbank Puerto Rico*

\\\NY - 059648/000001 - 1147485 v3