**Exhibit B** **(blackline)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                                       :
:     Chapter 11 Case No.
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :
:     08-13555 (JMP)
:
Debtors.                         :     (Jointly Administered)
:
:
------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3) ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM, APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND APPROVING THE PROOF OF CLAIM FORM

Upon the motion, dated May 26, 2009 (the "Motion"),[1]

of Lehman Brothers Holdings Inc. and its affiliates, as debtors and debtors in

possession in the above referenced chapter 11 cases (collectively, the "Debtors"),[2]

pursuant to sections 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) seeking

an order (i) establishing the deadline for filing proofs of claim, (ii) approving the form and

manner of notice thereof and (iii) approving the proof of claim form, all as more fully set forth in

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion.

[2] Lehman Brothers Holdings Inc. (08-13555); LB 745 LLC (08-13600); PAMI Statler Arms LLC (08-13664); Lehman Brothers Commodity Services Inc. (08-13885); Lehman Brothers Special Financing Inc. (08-13888); Lehman Brothers OTC Derivatives Inc, (08-13893); Lehman Brothers Derivatives Products Inc. (08-13899); Lehman Commercial Paper Inc. (08-13900); Lehman Brothers Commercial Corporation (08-13901); Lehman Brothers Financial Products Inc. (08-13902); Lehman Scottish Finance L.P. (08-13904); CES Aviation LLC (08- 13905); CES Aviation V LLC (08-13906); CES Aviation IX LLC (08-13907); East Dover Limited (08-13908); Luxembourg Residential Properties Loan Finance S.a.r.l. (09-10108); BNC Mortgage LLC (09-10137); Structured Asset Securities Corporation (09-10558); LB Rose Ranch LLC (09-10560); and LB Kalakaua Owners LLC (09- 12516).

[New York #2064281 v1]

the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and it appearing that no other or further notice need be provided; and the Court having determined that **some but not all of** the relief sought in the Motion is in the best interests of the Debtors, its creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause ~~for~~**to the extent of** the relief granted herein**; and the Court having considered the objections made to the Motion**; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted **to the extent provided herein**; and it is further

ORDERED that, pursuant to Rule 3003(c)(3) of the Bankruptcy Rules, and except as otherwise provided herein, ~~August 24,~~**_____, 2009, at 5:00 p.m. (prevailing Eastern Time) [date to be filled in by the Court]** is established as the deadline (the "Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) to file proofs of claim (each a "Proof of Claim") based on prepetition claims (as defined in section 101(5) of the Bankruptcy Code) against the Debtors; and it is further

~~[New York #2064281 v1]~~   ~~2~~

**2**

ORDERED that all Proofs of Claim filed against the Debtors must substantially conform to the ~~form~~**Official Form 10** attached **hereto** as Exhibit ~~B hereto~~**2** ("Proof of Claim Form") and must be received on or before the Bar Date by the official noticing and claims agent in the Debtors' chapter 11 cases, Epiq Bankruptcy Solutions, LLC ("Epiq") or the Court. The original Proof of Claim Form should be sent to the following address:

| If by overnight mail, to:<br><br>Epiq Bankruptcy Solutions, LLC<br>Attn: Lehman Brothers Holdings Claims Processing<br>757 Third Avenue, 3rd Floor<br>New York, New York  10017 | If by first-class mail to:<br><br>Lehman Brothers Holdings Claims Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5286<br>New York, New York  10150-5076 |
|---|---|
| If by hand delivery, to:<br><br>Epiq Bankruptcy Solutions, LLC<br>Attn: Lehman Brothers Holdings Claims Processing<br>757 Third Avenue, 3rd Floor<br>New York, New York  10017<br><br>                or<br><br>Clerk of the United States Bankruptcy Court<br>Attn: Lehman Brothers Holdings Claims Processing<br>One Bowling Green<br>New York, New York  10004 |  |

; and it is further

ORDERED that Proofs of Claim will be deemed timely filed only if **actually** received by Epiq or the Court on or before the Bar Date; and it is further

ORDERED that neither the Court nor Epiq shall be required to accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission; and it is further

~~3~~
~~[New York #2064281 v1]~~

**3**

ORDERED that the following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date:

(a) any person or entity whose claim is listed on the Schedules and (i) whose claim is **not** described as "disputed," "contingent," or "unliquidated," and (ii) who does not dispute the amount, priority or nature of the claim set forth in the Schedules;

(b) any person or entity whose claim has been paid in full by the Debtors;

(c) any person or entity that holds an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(d) any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date;

(e) any holder of a claim for which a separate deadline is fixed by this Court;

(f) any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form; ~~**provided**, **however**, any holder that has filed a Proof of Claim based on a Derivative Contract or a Guarantee on or prior to the date of the Bar Date Order, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion for the filing of Proofs of Claims based on Derivative Contracts and Guarantees;~~

(j) any holder of any claim against Lehman Brothers Inc. or any other entity affiliated with the Debtors that is involved in a bankruptcy or insolvency proceeding or similar proceeding in foreign jurisdiction; **provided**, **however**, if such claim is based on an obligation guaranteed by a Debtor, the holder of such claim must file a Proof of Claim on or before the Bar Date;

(k) any holder of a security listed on the Master List of Securities available on the Debtors' website http://www.lehman.docket.com (the "Master List of

>>Securities"); **provided**, **however**, that security holders who wish to assert claims against the Debtors arising out of or relating to the sale, issuance, or distribution of a security, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies; and

>(l) any entity included on the Exempt Entities List available on the Debtors' website http://www.lehman-docket.com (the "Exempt Entities List");

and it is further

>ORDERED that, if any holder of a security that is not listed on the Master List of Securities completes the form entitled "Inquiry Regarding Security Not on Master List of Securities" available on the Debtors' website http://www.lehman.docket.com and submits it to the Debtors as directed on such form, the Debtors shall investigate the inquiry and either (x) add the security to the Master List of Securities (if appropriate) or (y) provide an explanation why the security will not be added to the Master List of Securities; and it is further

>ORDERED that any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date and (ii) the date which is forty-five (45) days following the effective date of such rejection or be forever barred from doing so; and it is further

>ORDERED that each Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the applicable Commencement Date (or otherwise as provided under Section 562 of the Bankruptcy Code ~~in relation to Derivative Contracts~~); (iii) conform substantially with the Proof of Claim Form; (iv) state the name and case number of the specific Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed

by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant~~;~~

~~and it is further~~

~~ORDERED that each holder of a claim against a Debtor based on amounts owed pursuant to any contract in which the contractual obligations and values are keyed to one or more underlying assets or indices of asset values and subject to movements in the financial markets ("Derivative Contracts"), on or before the Bar Date, must:~~

~~(a)   fill out and return a Proof of Claim in the same manner as all other claimants;~~

~~(b)   check the appropriate box on the Proof of Claim;~~

~~(c)   log on to http://www.lehman-claims.com, enter the unique identification number included on the Proof of Claim mailed to such holder by the Debtors and complete the electronic Derivative Questionnaire, substantially in the form attached as Exhibit C hereto (the "Derivative Questionnaire"); and~~

~~(d)   electronically upload supporting documentation on the website (as required thereon), rather than attaching such documents to the Proof of Claim;~~

~~and it is further~~

~~ORDERED that each holder of a claim against a Debtor based on amounts owed pursuant to a promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance (a "Guarantee"), on or before the Bar Date, must:~~

~~(e)   fill out and return a Proof of Claim in the same manner as all other claimants;~~

~~(f)   check the appropriate box on the Proof of Claim;~~

~~(g)   log on to http://www.lehman-claims.com, enter the unique identification number included on the Proof of Claim mailed to such holder by the Debtors and complete the electronic Guarantee Questionnaire,~~

~~substantially in the form attached as Exhibit D hereto (the "Guarantee Questionnaire"); and~~

(h)  ~~electronically upload supporting documentation and evidence of the underlying claim amount on the website (as required thereon), rather than attaching such documents to the Proof of Claim;~~

~~and it is further~~

~~ORDERED that, each holder of a claim against a Debtor based on a Guarantee of the obligations of another entity under a Derivative Contract, be required, on or prior to the Bar Date, must:~~

(i) ~~fill out and return a Proof of Claim in the same manner as all other claimants;~~

(j) ~~check both boxes on the Proof of Claim that such claim is based on a Derivative Contract and based on a Guarantee;~~

(k) ~~log on to http://www.lehman-claims.com, enter the Unique ID Number of the Proof of Claim and complete both the electronic Derivative Questionnaire and Guarantee Questionnaire; and~~

(l) ~~electronically upload supporting documentation on the website (as required thereon), rather than attaching such documents to the Proof of Claim.~~

~~and its is further~~ORDERED that ~~if a holder files a Proof of Claims based on a Derivative Contract or a Guarantee that does not have a Unique ID Number, such holder shall comply with the procedures set forth in the prior three paragraphs, except that instead of entering a Unique ID Number on the website, such holder shall instead indicate on the website that they filed a Proof of Claim that did not have a Unique ID Number~~; and it is further

ORDERED that if a holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim must be filed with respect to each Debtor; and it is further

~~7~~

~~[New York #2064281 v1]~~

7

ORDERED that pursuant to Bankruptcy Rule ~~2003~~**3003**(c)(2), any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date~~, specifically, including, filling out the Derivative Questionnaire or the Guarantee Questionnaire and uploading required information to the website http://www.lehman-claims.com,~~ specifying the applicable Debtor and other requirements set forth herein, shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim; and it is further

ORDERED that notice of the entry of this Bar Date Order and of the Bar Date in substantially the form attached as Exhibit ~~A~~**1** hereto (the "Bar Date Notice"), which Bar Date Notice are approved in all respects, shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, on or before June 24, 2009 upon:

    (a)    the U.S. Trustee;

    (b)    attorneys for the Creditors' Committee;

    (c)    all known holders of claims listed on the Schedules at the addresses stated therein;

    (d)    all (i) current employees of the Debtors, (ii) all former employees of the Debtors terminated after September 1, 2006 and (iii) all of the Debtors' retirees;

    (e)    all parties known to the Debtors as having potential claims against the Debtors' estates;

      (f)      all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

      (g)      all parties to litigation with the Debtors (as of the date of the entry of the Bar Date Order);

      (h)      the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

      (i)      all parties who have requested notice pursuant to Bankruptcy Rule 2002;

and it is further

ORDERED that the Debtors shall mail one or more Proof of Claim Forms (as appropriate) to all parties listed in the preceding paragraph, each with a unique identification number printed on the form, together with instructions for filing a Proof of Claim, except that the Proof of Claim Form shall be omitted from any mailing to a security holder; and it is further

ORDERED that, pursuant to Bankruptcy Rules 2002(f) and (l), the Debtors shall publish a notice substantially in the form of the Bar Date Notice once in The New York Times (International Edition), The Wall Street Journal (International Edition) and The Financial Times, each at least forty-five (45) days prior to the Bar Date, which publication is hereby approved in all respects and shall be deemed good, adequate, and sufficient publication notice of the Bar Date and the procedures for filing Proofs of Claim in these cases; and it is further

ORDERED that, if the Debtors amend or supplement their Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date on which such notice is given to file Proofs of Claim in respect of their claims or be forever barred from doing so; and it is further

ORDERED that any claims asserted, other than claims asserted by parties that are legally entitled and authorized to assert such claim, shall be disallowed;

ORDERED that any current or former affiliate of the Debtors, other than affiliates listed on the Exempt Entities List, that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors that arose prior to the applicable Commencement Date must file a Proof of Claim in accordance with this Order; and it is further

ORDERED that, in the event this Court enters an order dismissing the Chapter 11 Case of PAMI Statler Arms LLC prior to the Bar Date, this Order shall not set a deadline for the filing of claims against PAMI Statler Arms LLC; and it is further

ORDERED that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

ORDERED that the Debtors and Epiq are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Date established herein must file such claims against the Debtors or be forever barred from voting upon any chapter 11 plan of the Debtors, from receiving any payment or distribution of property from the Debtors, Debtors' estates, or their successors or assigns with respect to such claims, and from asserting such claims against the Debtors.

Dated:   June ___, 2009
         New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
In re                                           :
:                    Chapter 11 Case No.
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :
:                    08-13555 (JMP)
:
Debtors.                                        :    (Jointly Administered)
:
:
------------------------------------------------x

### NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH
CLAIMS AGAINST THE DEBTOR LISTED BELOW:

  PLEASE TAKE NOTICE THAT, on June 17, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Court"), having jurisdiction over the chapter 11 cases of Lehman Brothers Holdings Inc. and certain of its affiliates, as debtors and debtors in possession in the above referenced chapter 11 cases (collectively, the "Debtors"), entered an order (the "Bar Date Order") establishing **August 24,**_____, 2009, at **5:00 p.m.** (**prevailing Eastern Time**) as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("Proof of Claim") based on prepetition claims against the Debtors (the "Bar Date"). The Bar Date Order, the Bar Date and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to the applicable Commencement Date (the "Commencement Date"), the date on which the Debtors commenced their case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), as set forth in Schedule A hereto.

  If you have any questions with respect to this Notice, please feel free to contact the Debtors' court-approved claims agent Epiq Bankruptcy Solutions, LLC ("Epiq") at (866)-879-0688.

  A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM. PLEASE NOTE THAT EPIQ IS NOT PERMITTED TO GIVE LEGAL ADVICE.

  Some parties are required to file a Proof of Claim in order to preserve their claim against the Debtors. Other parties are not required to Proof of Claim in order to preserve their claim against the Debtors. The following is a summary explanation of each.

1.  WHO MUST FILE A PROOF OF CLAIM

  You **MUST** file a **Proof of Claim** to share in the Debtors' estates if you have a claim that arose prior to the applicable Commencement Date, and it is not one of the other types of claims described in Section 2 below. Acts or omissions of the Debtors that arose before the applicable Commencement Date, may give rise to claims against the Debtors that must be filed by the Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to the applicable Commencement Date. Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to

1

payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2.    WHO NEED NOT FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

(1)    Your claim is listed on the Schedules and (i) is **not** described as "disputed," "contingent," or "unliquidated," and (ii) you do **not** dispute the amount, priority or nature of the claim set forth in the Schedules;

(2)    Your claim has been paid in full by the Debtors;

(3)    You hold an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided, however**, that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(4)    You hold a claim that has been allowed by an order of this Court entered on or before the Bar Date;

(5)    You hold a claim for which a separate deadline is fixed by this Court;

(6)    You hold a claim for which you have already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form; **provided, however**, any holder that has filed a Proof of Claim based on a Derivative Contract (as defined below) or a Guarantee (as defined below) on or prior to the date of the Bar Date Order, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion for the filing of Proofs of Claims based on Derivative Contracts and Guarantee;

(7)    You hold a claim against Lehman Brothers Inc. or any other entity affiliated with the Debtors that is involved in a bankruptcy or insolvency proceeding or similar proceeding in foreign jurisdiction; **provided, however**, if such claim is based on an obligation guaranteed by a Debtor, the holder of such claim must file a Proof of Claim on or before the Bar Date;

(8)    You hold a security listed on the Master List of Securities available on the Debtors' website http://www.lehman.docket.com (the "Master List of Securities"); **provided, however**, that security holders who wish to assert claims against the Debtors arising out of or relating to the sale, issuance, or distribution of a security, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies; and

(9)    You are an entity included on the Exempt Entities List available on the Debtors' website http://www.lehman-docket.com (the "Exempt Entities List").

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing of a Proof of Claim. Any other person or entity (including, without limitation, each

2

[New York #2064422 v12]

individual, partnership, joint venture, corporation, estate, trust or governmental entity) that has a claim against a Debtor must file a Proof of Claim, as described herein, before the Bar Date.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.  MANY PARTIES ARE REQUIRED TO BE SERVED WITH THIS NOTICE, AND IT IS REQUIRED TO REACH A BROAD AUDIENCE OF POTENTIAL CLAIMANTS.**

> **SPECIAL NOTE TO HOLDERS OF LEHMAN SECURITIES**
> Holders of securities are **NOT** required to file a proof of claim on account of their ownership of any security listed on the Debtors' Master List of Securities.  The Master List of Securities is available for review at http://www.lehman.docket.com.  The list is fully searchable by code (CUSIP or ISIN) or by security description.
>
> If you do not see your security listed on the Master List of Securities, please download the form entitled "Inquiry Regarding Security Not on Master List of Securities," and complete and return it as directed on the form.
>
> Inquiries will be investigated, and either the security will be added to the Master List of Securities (if appropriate), or, if you have provided contact information, you will be notified that the security is not being added to the Master List of Securities and given further information.
>
> A Proof of Claim form is not being included with the Bar Date Notices being served on holders of securities.  If you believe you have a claim against LBHI other than on account of your Lehman securities ownership, you must file a Proof of Claim form, as directed in this Bar Date Notice.  A copy of the Proof of Claim form is available at http://www.lehman.docket.com.

3. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date, and (ii) the date which is forty-five (45) days following the effective date of such rejection or be forever barred from doing so.

4. **WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the Bar Date at the following address:

| If by overnight mail, to: | If by first-class mail, to: |
|---|---|
| Epiq Bankruptcy Solutions, LLC<br>Attn: Lehman Brothers Holdings Claims Processing<br>757 Third Avenue, 3rd Floor<br>New York, New York 10017 | Lehman Brothers Holdings Claims Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5286<br>New York, New York 10150-5076 |

3

| | |
|---|---|
| If by hand delivery, to:<br><br>Epiq Bankruptcy Solutions, LLC<br>Attn: Lehman Brothers Holdings Claims Processing<br>757 Third Avenue, 3rd Floor<br>New York, New York 10017<br><br>or<br><br>Clerk of the United States Bankruptcy Court<br>Attn: Lehman Brothers Holdings Claims Processing<br>One Bowling Green<br>New York, New York 10004 | |

Proofs of Claim will be deemed timely filed only if **actually received** by Epiq or the Court on or before the Bar Date.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

In the event the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated or undetermined, (b) change the amount of a claim reflected therein, or (c) add a claim that was not listed on the Schedules or remove a claim that was listed on the Schedules, then, and in such event, the Debtors propose that the affected claimant be notified of such amendment and be granted thirty (30) days from the date of such notification within which to file a claim or be forever barred from doing so.

**5.    WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written the English language; (ii) be denominated in the lawful currency of the United States as of the applicable Commencement Date (or otherwise as provided under Section 562 of the Bankruptcy Code ~~in relation to Derivative Contracts~~); (iii) conform substantially with the form attached to this notice (the "Proof of Claim Form"); (iv) state the name and case number of the specific Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

If you are asserting a claim against more than one Debtor or have claims against different Debtors, a separate Proof of Claim must be filed with respect to each such Debtor.

**~~EXCEPT AS SET FORTH IN THE FOLLOWING THREE PARAGRAPHS,~~ YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.  IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ~~ALSO~~ ATTACH A SUMMARY~~.~~**

4

[New York #2064422 v~~1~~2]

~~**CLAIMS BASED ON DERIVATIVE CONTRACTS**~~

~~**IF YOU FILE A PROOF OF CLAIM BASED ON AMOUNTS OWED PURSUANT TO A DERIVATIVE CONTRACT, YOU MUST: (A) FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS; (B) CHECK THE APPROPRIATE BOX ON THE PROOF OF CLAIM; (C) LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC DERIVATIVE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS EXHIBIT C TO THE BAR DATE ORDER (THE "DERIVATIVE QUESTIONNAIRE"); AND (D) ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED THEREON), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.**~~

~~**A "DERIVATIVE CONTACT" IS A CONTRACT, IN WHICH THE CONTRACTUAL OBLIGATIONS AND VALUES ARE KEYED TO ONE OR MORE UNDERLYING ASSETS OR INDICES OF ASSET VALUES AND SUBJECT TO MOVEMENTS IN THE FINANCIAL MARKETS. DERIVATIVE CONTRACTS INCLUDE, BUT ARE NOT LIMITED TO, CREDIT DEFAULT SWAPS, INTEREST RATE SWAPS, TOTAL RETURN SWAPS, CURRENCY SWAPS, FORWARD CONTRACTS, FUTURE CONTRACTS AND COMMODITY CONTRACTS.**~~

~~**CLAIMS BASED ON A DEBTORS' GUARANTEE**~~

~~**IF YOU FILE A PROOF OF CLAIM BASED ON A GUARANTEE, YOU MUST: (A) FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS; (B) CHECK THE APPROPRIATE BOX ON THE PROOF OF CLAIM; (C) LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC GUARANTEE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS EXHIBIT D TO THE BAR DATE ORDER (THE "GUARANTEE QUESTIONNAIRE"); AND (D) ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION AND EVIDENCE OF THE UNDERLYING CLAIM AMOUNT ON THE WEBSITE (AS REQUIRED THEREON), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.**~~

~~**A "GUARANTEE" IS A PROMISE, REPRESENTATION OR AGREEMENT TO ANSWER FOR THE PAYMENT OF SOME DEBT OR THE PERFORMANCE OF SOME DUTY IN CASE OF THE FAILURE OF ANOTHER PERSON OR ENTITY WHO IS LIABLE IN THE FIRST INSTANCE.**~~

~~**CLAIMS BASED ON A DEBTORS' GUARANTEE OF A DERIVATIVE CONTRACT**~~

~~**IF YOU FILE A PROOF OF CLAIM BASED ON A GUARANTEE OF A DERIVATIVE CONTRACT, YOU MUST: (A) FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS; (B) CHECK BOTH BOXES ON THE PROOF OF CLAIM THAT SUCH CLAIM IS BASED ON BOTH A DERIVATIVE CONTRACT AND BASED ON A GUARANTEE; (C) LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE BOTH THE ELECTRONIC DERIVATIVE QUESTIONNAIRE AND GUARANTEE QUESTIONNAIRE; AND (D) ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED THEREON), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.**~~ ~~If any holder files a Proof of Claim based on a Derivative Contract or a Guarantee which for any reason does not have a Unique ID Number, such holder shall still be required to comply with the procedures set forth in the prior two paragraphs, except that instead of entering a Unique ID Number on the website, such holder shall instead indicate on the website that they filed a Proof of Claim that did not have a Unique ID Number~~.

5

**6.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

**Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date, ~~specifically, including, filling out the Derivative Questionnaire (if applicable) or the Guarantee Questionnaire (if applicable) and uploading required information to the website http://www.lehman-claims.com,~~ specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim) against the Debtors and their estates, and their property will be forever discharged from any and all indebtedness or liability with respect to such claim, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim or with respect to the Debtors' chapter 11 cases.**

**7.      THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Schedules.  Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at http://www.lehman.docket.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.).  Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

DATED:    June __, 2009                                             BY ORDER OF THE COURT
          New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Lori R. Fife
Shai Y. Waisman

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

6

[New York #2064422 v~~1~~2]