Hearing Date and Time:  June 17, 2009 at 2:00 p.m. (Prevailing Eastern Time)
Objection Date and Time:  June 12, 2009 at 12:00 p.m. (Prevailing Eastern Time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
J. Gregory Milmoe
Andrew M. Thau

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC. | : | Case No. 08-13555 (JMP) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

-------------------------------------------------------- x

**RESERVATION OF RIGHTS OF SILVER POINT CAPITAL FUND, L.P.
AND SILVER POINT CAPITAL OFFSHORE FUND, LTD. REGARDING THE
MOTION OF THE DEBTORS, PURSUANT TO SECTION 502(b)(9) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3), FOR
ESTABLISHMENT OF THE DEADLINE FOR FILING PROOFS OF CLAIM,
APPROVAL OF THE FORM AND MANNER OF NOTICE THEREOF AND
<u>APPROVAL OF THE PROOF OF CLAIM FORM</u>**

Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. (collectively with certain of their affiliates, "<u>Silver Point</u>") respectfully submit this reservation of rights (the "<u>Reservation of Rights</u>") regarding the motion to establish a deadline for filing proofs of claim and certain related relief filed by the debtors and debtors-in-possession in the above-captioned bankruptcy cases (collectively, the "<u>Debtors</u>") under chapter 11 of title 11 of the United States Code, as amended (the "<u>Bankruptcy Code</u>"), and in support thereof respectfully represent as follows:

1.      Silver Point is a creditor of one or more of the Debtors.  Among other things, Silver Point is a beneficial owner of certain structured notes (the "<u>Notes</u>") issued by Lehman

Brothers Treasury Co. B.V. ("LBT").[1] Lehman Brothers Holdings Inc. has unconditionally guaranteed the payment of principal, interest and other sums payable by LBT under the Notes.

2.      On May 26, 2009, the Debtors filed the *Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form* (the "Motion") [Dkt. No. 3654]. The Motion seeks entry of an order granting the requested relief and in substantially the form annexed to the Motion as Exhibit 1 (the "Proposed Order").

3.      The Proposed Order provides that "any claims asserted, other than claims asserted by parties that are legally entitled and authorized to assert such claim, shall be disallowed" (the "Authorization Limitation"). (*See* Proposed Order at 9.)

4.      The Authorization Limitation suggests that the Debtors seek to apply an ambiguous and, presumably, more restrictive standard for eligibility to file proofs of claim than is set forth in the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). *See, e.g.*, 11 U.S.C. § 501(a); Fed. R. Bankr. P. 3001-3003. The application of the Authorization Limitation is unclear with respect to certain securities issued by the Debtors' foreign affiliates, such as the Notes.

5.      The Debtors' desire to reduce the filing of duplicate proofs of claims is understandable. However, the Authorization Limitation may *increase* the number of duplicative proofs of claim filed against the Debtors. The Authorization Limitation will cause the filing of duplicative proofs of claim (*e.g.*, by fiscal agents, record holders and/or beneficial holders of the

---

[1]  LBT was declared bankrupt (*in staat van faillissement*) by the Amsterdam District Court on October 8, 2008..

Notes) to ensure that a proof of claim was filed by the party "legally entitled and authorized" to do so.  Based on the Authorization Limitation, such duplication would be necessary and prudent to avoid disallowance pursuant to the Authorization Limitation.

6.      Silver Point has contacted the Debtors with these concerns.  The Debtors represented that (a) the Authorization Limitation is not intended to limit the ability of Silver Point, or an agent acting on its behalf, to file proofs of claim in respect of the Notes in accordance with the Bankruptcy Code and Bankruptcy Rules and (b) they will revise the Authorization Limitation to be similar to Bankruptcy Rule 3001.  This revision may address Silver Point's concerns.  However, the Debtors indicated that a revised Proposed Order will likely not be filed until after the Motion's objection deadline.  Silver Point seeks the opportunity to review and assess the revised Authorization Language and other revisions to the Proposed Order.

*[Remainder of Page Intentionally Blank]*

7. Therefore, Silver Point hereby reserves all its rights and remedies, including, without limitation, to object to (a) the amended Authorization Language and/or (b) any other changes made by the Debtors in the Proposed Order prior to, or at, the hearing on the Motion.

Dated: New York, New York
June 11, 2009

                                            Skadden, Arps, Slate, Meagher & Flom LLP

                                            By:    */s/ J. Gregory Milmoe*
                                                   J. Gregory Milmoe
                                          Andrew M. Thau
                                          Four Times Square
                                          New York, New York 10036
                                          Telephone: 212-735-3000
                                          Facsimile: 212-735-2000

4