Hearing Date and Time: June 24, 2009 at 10:00 a.m.

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
Gregory A. Horowitz
Amy Caton

Attorneys for Bank of New York Mellon Trust
Company, N.A. as Indenture Trustee

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| LEHMAN BROTHERS HOLDINGS INC., et al. | ) Chapter 11 |
| | ) |
| | ) Case No. 08-13555 |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**JOINDER OF THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS
INDENTURE TRUSTEE, TO THE MOTION OF LEHMAN BROTHERS HOLDINGS
INC. FOR AN ORDER, PURSUANT TO FED. R. BANKR. P. 2004,
<u>AUTHORIZING DISCOVERY FROM BARCLAYS CAPITAL, INC.</u>**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

The Bank of New York Mellon Trust Company, N.A. (formerly known as The Bank of New York Trust Company, N.A.) as indenture trustee (the "<u>Trustee</u>") for the holders of the Main Street Bonds (as defined below), by and through its undersigned counsel, hereby submits this joinder (the "<u>Joinder</u>") to the Lehman Brothers Holdings Inc.'s Motion for an Order Pursuant to Fed. R. Bankr. P. 2004 Authorizing Discovery from Barclays Capital, Inc.

[Docket No. 3596] (the "LBHI Motion") filed with this Court on May 18, 2009.[1] In support of the Joinder, the Trustee respectfully states as follows:

## RELEVANT BACKGROUND

*Trustee's Previous Rule 2004 Motion*

1. The Trustee indirectly holds over $700 million in claims against Lehman Brothers Commodity Services ("LBCS"), Lehman's former operating commodities trading subsidiary, as well as a guarantee claim against Lehman Brothers Holdings, Inc. ("LBHI"). As described in the Trustee's limited objection to the sale of Eagle Energy Partners I L.P. [Docket No. 914], the Trustee's claims against LBCS are based on municipal revenue bonds (the "Main Street Bonds") issued to monetize LBCS's long term contracts for the supply of natural gas to certain municipalities.

2. On November 26, 2008, the Trustee filed a motion (the "Trustee's Rule 2004 Motion") [Docket No. 1766] under Fed. R. Bankr. P. 2004. The Trustee's Rule 2004 Motion sought information primarily concerning whether Barclays Capital, Inc. ("Barclays") received any assets belonging to LBCS as part of the Barclays sale, despite the specific language in the purchase agreement that excluded all LBCS assets. See Trustee's Rule 2004 Motion ¶¶4-10, 12-18. A copy of the information requests from the Trustee's Rule 2004 Motion is attached hereto as Exhibit A.

3. Upon information and belief, the Trustee understands that most, if not all, of the information it seeks regarding the transfer of LBCS assets to Barclays is in Barclays' hands.

4. On January 14, 2009, this Court heard argument on the Trustee's Rule 2004 Motion following the Court's granting of the Walt Disney Company's motion for the

---

[1]  Capitalized terms used but not defined herein shall take the meaning ascribed thereto in the LBHI Motion.

2

appointment of an examiner. The Court deemed the Trustee's motion to be a "close question in [its] view", but denied the Trustee's Rule 2004 request due to the fact that the examiner and the creditors' committee were expected to commence their own discovery and obtain information from Barclays. (Jan. 14, 2009 Hearing Tr. II at 88:18-89:25, a copy of the excerpted transcript is attached hereto as Exhibit B). The Court held that the Trustee's motion was denied "without prejudice to its being reasserted in the future in the event that the information sought is not otherwise forthcoming by virtue of the work of the creditors' committee or the work of the examiner." (Jan. 14, 2009 Hearing Tr. II at 89:25-90:4.) The Court provided further clarification, indicating:

> [b]ut that does not mean that the indenture trustee is not entitled to have questions answered in due course. And I expect that those questions will be answered at some point over the next several months. In the event that those questions remain outstanding, counsel for the indenture trustee should feel completely free in reasserting its 2004 request and nothing that I've said here is intended to deprive the indenture trustee of the ability to later attempt to assert that the circumstances, in fact, are exceptional. And that such particularized discovery is, as a result, appropriate.

(Jan. 14, 2009 Hearing Tr. II at 91:5-91:15.) To date, over six months after seeking Rule 2004 discovery, the Trustee has received no information from Barclays, the above-captioned debtors (the "Debtors") or the Examiner as to whether any LBCS assets were transferred to Barclays.

*LBHI's Rule 2004 Motion*

5. On May 18, 2009, LBHI filed its own Rule 2004 motion. It appears from the LBHI Motion, joined by the creditors' committee, that Barclays has been uncooperative with the Debtors and the creditors' committee in responding to information requests, using the existence of the Examiner's investigation to hinder any such requests. (LBHI Motion at ¶26.)

6. LBHI seeks discovery from Barclays on many of the same issues that the Trustee had requested from Barclays in its Rule 2004 Motion, including whether "excess assets may have been given to Barclays." (LBHI Motion at ¶19.)

**ARGUMENT**

7. Several months have passed since the Court denied the Trustee's Motion without the dissemination of any information to the Trustee (on an informal or interim basis) concerning the Sale Transaction. As in January, the Trustee has little information regarding whether any assets of LBCS were transferred to Barclays in the Sale Transaction. The LBHI Motion suggests that the Trustee's concerns regarding the LBCS assets are quite valid, as LBHI believes that Barclays likely received assets beyond the scope of the purchase agreement and for which it did not properly compensate the estates.

8. The LBHI Motion and joinder by the creditors' committee indicate that Barclays is using the Examiner's investigation to deflect information requests from even the Debtors and the creditors' committee. The courtesy that the Court granted to Barclays in January (when the Trustee made its Rule 2004 motion) – by ordering that information requests to Barclays be streamlined – is now clearly being abused.

9. At this time, the Trustee sees little reason why the Court should protect Barclays from Rule 2004 requests like the Trustee's. It has been over six months since the Trustee first sought information from Barclays without any success. Unlike LBHI and the Lehman debtors, Barclays appears to be a thriving business with employees and counsel that should be made available to answer information requests arising from a chaotic purchase of the Lehman assets that appears to have been quite profitable for Barclays. Furthermore, Barclays was unable to show that the Trustee's information requests were in any way overly broad or burdensome to

4

Barclays.  (Jan. 14, 2009 Hearing Tr. I at 143:6-144:8, a copy of this excerpted transcript is attached hereto as <u>Exhibit C</u>) (disagreeing with Barclays concerning its objection on scope grounds to Walt Disney Company's examiner motion and the Trustee's 2004 Motion).; <u>see</u> <u>also</u> (Jan. 14, 2009 Hearing Tr. II at 70:18-19).  Finally, the interest in efficiency that the Court originally sought to promote in denying the Trustee's 2004 Motion is now outweighed by the misuse of the examination process by Barclays in its continued attempts to avoid providing parties in interest with discovery, while the information requested grows more stale with each passing day.

10. In sum, the Trustee agrees with the arguments set forth in the LBHI Motion and creditors' committee's joinder and, accordingly, files this Joinder in support of the Motion.  The Trustee respectfully requests that any Order of the Court granting the Motion also provide that the Trustee receive copies of all documents relevant to LBCS that are produced to LBHI, and that representatives of the Trustee be entitled to appear at any deposition noticed in accordance with such Order.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## **Conclusion**

For the reasons set forth herein, the Trustee respectfully requests that the Court enter an order: (i) granting the Motion; (ii) permitting the Trustee to take participate in any discovery that is obtained pursuant to the Order that relates to LBCS and Lehman's commodities trading business; and (iii) granting such other relief as the Court deems just, equitable and proper.

Dated: New York, New York
       June 11, 2009

                                    KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                    _____/s/ Amy Caton_____
                                    Gregory A. Horowitz
                                    Amy Caton
                                    1177 Avenue of the Americas
                                    New York, NY 10036
                                    (212) 715-9100

                                    Attorneys for Bank of New York Mellon Trust
                                    Company, N.A. as Indenture Trustee