Presentment Date and Time: June 12, 2009 at 4:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: June 12, 2009 at 12:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time: June 17, 2009 at 2:00 p.m. (Prevailing Eastern Time)

KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Telephone:  (212) 836-8000
Facsimile:  (212) 836-6525
Madlyn Gleich Primoff
Lauren Attard

Attorneys for Wells Fargo & Company and
Wells Fargo Bank, National Association

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Lehman Brothers Holdings Inc., <u>et al</u>. | ) | Case No. 08-13555 (JMP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**OBJECTION TO MOTION OF THE DEBTORS, PURSUANT TO**
**SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY**
**RULE 3003(c)(3), FOR ESTABLISHMENT OF THE DEADLINE FOR FILING**
**PROOFS OF CLAIM, APPROVAL OF THE FORM AND MANNER OF**
**NOTICE THEREOF AND APPROVAL OF THE PROOF OF CLAIM FORM**

Wells Fargo & Company and Wells Fargo Bank, National Association (together,

"Wells Fargo"), by and through their undersigned counsel, for their objection (the "Objection")

to the motion (the "Bar Date Motion") [D.I. 3654] of the above-captioned debtors and debtors in

possession (the "Debtors") pursuant to section 502(b)(9) of the Bankruptcy Code and

Bankruptcy Rule 3003(c)(3), for establishment of the deadline for filing proofs of claim,

approval of the form and manner of notice thereof and approval of the proof of claim form,

respectfully state as follows:

## PRELIMINARY STATEMENT

1.      Wells Fargo has no objection to the establishment of a bar date for the filing of claims in these chapter 11 cases.  However, the enormity of the requirements that the Debtors seek to impose on holders ("Derivatives Claimants") of claims based on derivative contracts ("Derivatives Contracts") or guarantees of Derivative Contracts ("Guarantees") threatens to undermine the filing of legitimate claims by Derivatives Claimants such as Wells Fargo.  While the information the Debtors are seeking from the Derivatives Claimants might form part of the claim reconciliation process, such information plainly goes far beyond what is appropriate at the proof of claim phase.  The Debtors' Bar Date Motion runs roughshod over the proof of claim process as a *notice process* and also is contrary to the Bankruptcy Code, the Bankruptcy Rules and Official Form No. 10 (the official proof of claim form).

2.      The mass of information that the Debtors seek at this proof of claim stage is contrary to Bankruptcy Rule 3001(a), which requires merely that the proof of claim conform to Official Form No. 10, and also far exceeds the information required to be provided under the underlying ISDA master agreements.  As opposed to the burdensome process the Debtors have devised and seek to inflict on Derivatives Claimants such as Wells Fargo, the proof of claim requirement is intended to perform a notice function; indeed, the purpose of a proof of claim is to provide a debtor with basic information regarding the nature and amount of the creditor's claim. Bankruptcy Rule 3001(f) expressly provides that a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim.  After a proof of claim is filed, a debtor is entitled to begin the claims reconciliation process; it may informally request additional information and/or file an objection to the claim.

3.      Through their Bar Date Motion, the Debtors are attempting to cast aside the typical, well-established claims reconciliation process routinely employed in chapter 11 cases in favor of a process that is quite obviously designed to give the Debtors a material, one-sided advantage over the Derivatives Claimants.  The Debtors are plainly trying to disallow otherwise valid claims on technical grounds, such as the failure to produce the massive amount of information and documentation required in the proposed Derivative Questionnaire and Guarantee Questionnaire (the "Questionnaires") annexed hereto as composite Exhibit A.

4.      The massive amount of information and documentation sought by the Debtors in their Questionnaires is tantamount to a discovery request that violates both the letter and spirit of the Bankruptcy Code and the Bankruptcy Rules.  A debtor is entitled to discovery with respect to a proof of claim, if at all, only after it has (a) exercised its duty to review the claim and (b) filed an objection to the claim, thereby initiating a contested matter under Bankruptcy Rule 9014 (or otherwise sought discovery of the claimant in connection with an adversary proceeding).  Such discovery would be conducted pursuant to the protections of the Bankruptcy Rules and would be reciprocal -- e.g., the claimant would likewise be entitled to discovery from the debtor.

5.      It would be extremely burdensome for Wells Fargo -- which was party to more than 570 trades with the Debtors -- to comply with the proposed Questionnaires as part of the proof of claim process.  The required information would include, *inter alia*, granular information regarding Wells Fargo's valuation analysis and methodology as well as narrations with respect to same.

6.      The Debtors have not articulated any legitimate basis as to why they need this level of detail at the proof of claim stage when they are, naturally, free to request it in

connection with the claim reconciliation process. Derivatives Claimants, such as Wells Fargo, can only presume that the Debtors are attempting to gain an improper, tactical advantage by imposing such extreme requirements on the Derivatives Claimants at the proof of claim stage. This Court should not countenance such gamesmanship and instead should approve a bar date order that is consistent with bar date orders entered in other large chapter 11 cases.

7.      Finally, Wells Fargo respectfully submits that the bar date in these cases should not be set for August 24, 2009, but rather should be set for a date on or after October 31, 2009. Wells Fargo was not only party to a vast number of trades with the Debtors, but there were many different types of trades -- and, hence, many different trading desks involved. Given the substantial number of Wells Fargo personnel that will be involved in the proof of claim process, Wells Fargo respectfully submits that proposed bar date is neither fair nor appropriate and the bar date should be set for a date to occur on or after October 31, 2009.

## BACKGROUND

8.      The Bar Date Motion seeks approval of certain specialized procedures for claims based on Derivative Contracts or Guarantees of Derivatives Contracts, which procedures would impose on each Derivatives Claimant the additional burden of (i) completing electronically detailed Questionnaires concerning the evidentiary bases for the asserted claims and (ii) uploading additional supporting documentation and evidentiary support. Pursuant to the Questionnaires, Derivatives Claimants would be required to provide, among other things, highly detailed trade level information, specific information about the trade valuation methodology and quotations, and narrative descriptions of the valuation methodology and analysis. The Bar Date

Motion and the proposed Proof of Claim Form[1] state that failure to complete the Questionnaires

and upload all supporting documentation will result in disallowance of the claim.

## ARGUMENT

**I.     The Proposed Proof of Claim Form and the Questionnaires Improperly and Materially Exceed the Volume and Scope of Information Contemplated at the Proof of Claim Phase, Which is Intended to Provide a Debtor With Notice of Claims Asserted**

9.      The Debtors' Bar Date Motion contravenes the proof of claim process

prescribed in Bankruptcy Rules 3001 through 3008.  Under the Bankruptcy Rules, as described

more fully below, the Derivatives Claimant has the initial burden of filing a proof of claim; the

Debtors have the burden of rebutting the proof of claim; and, if the Debtors satisfy such burden,

only then does the burden shift back to the Derivatives Claimant (but only if the Derivatives

Claimant would have the burden under applicable non-bankruptcy law).  At the proof of claim

stage, pursuant to Bankruptcy Rule 3001, a Derivatives Claimant is required to file a proof of

claim that (i) is a written statement setting forth its claim, (ii) conforms substantially to Official

Form 10, (iii) is executed by the creditor or its authorized agent, and (iv) attaches writings on

which the claim is based.  See Bankruptcy Rule 3001(a) - (c).  A proof of claim that satisfies

these minimal requirements is *prima facie* evidence of the validity and amount of a claim.  See

Bankruptcy Rule 3001(f).  The purpose of a proof of claim at the outset is merely to "enable the

parties to a bankruptcy case to identify with reasonable promptness the identity of those making

claims against the bankruptcy estate and the general amount of the claims."  See, e.g., In re

Hooker Invs., 937 F.2d 833, 840 (2d Cir. 1991).

10.      Consistent with these minimal evidentiary requirements, Official Form

No. 10 provides that where the supporting documentation is voluminous, a summary thereof

---

[1]  Any capitalized term used herein but not defined herein shall have the meaning ascribed to such term in the Bar Date Motion.

suffices.  See Official Form No. 10.  Moreover, Bankruptcy Rule 9009 and the accompanying

Advisory Committee Note state that the use of the Official Forms, which are prescribed by the

Judicial Conference of the United States, is obligatory.

        11.    If no objection to a proof of claim is filed, such claim is deemed allowed.

See 11 U.S.C. § 502(a).  But, a party seeking to object to a claim has the burden under Rule

3007(a) of producing "evidence equal in force to the prima facie case . . . which, if believed,

would refute at least one of the allegations that is essential to the claim's legal sufficiency

evidence sufficient to rebut this presumption."  In re Oneida, Ltd., 400 B.R. 384, 389 (Bankr.

S.D.N.Y. 2009) (quoting In re Allegheny Intern., Inc., 954 F.2d 167, 173-174 (3d Cir.1992)).

        12.    If and only if the objecting party successfully rebuts the validity of a proof

of claim does the burden of proof shifts back to the claimant (assuming that the claimant would

bear the ultimate burden under applicable non-bankruptcy law).  See, e.g., In re Oneida, Ltd.,

400 B.R. 384 (Bankr. S.D.N.Y. 2009).

        13.    Here, a requirement that proofs of claim based on Derivative Contracts or

Guarantees of Derivatives Contract must be supported by the mountain of information and

documentation sought by the Debtors would undermine the carefully wrought claims

reconciliation process incorporated in the Bankruptcy Rules and routinely employed in chapter

11 cases both large and small.  The information sought also goes well beyond the level of detail

contemplated by the ISDA master agreements.  The Debtors' insidious process not only disposes

of the notice function of the proof of claim, but also dispenses with the Debtors' obligations to

review claims, object to claims as appropriate and come forward with information to rebut the

validity of a Derivative Claimants' claims.  Instead, the burdens would fall solely on the

Derivatives Claimants, which would be required to prove up fully the validity and amount of

their claims at the outset.  Bankruptcy courts have rejected similar efforts to impose onerous

evidentiary burdens on claimants as part of the proof of claim process.  See In re Congoleum,

2008 WL 314699, at *3 (Bankr. D.N.J.  Feb. 4, 2008) (rejecting bondholders' proposed

"specialized" proof of claim because it demanded "production of an overwhelming amount of

information" which "would be inequitable to the claimants to the extent not counterbalanced by

the desire to streamline claims.").

14.    In view of the vast amount of information sought from Derivatives

Claimants at the proof of claim stage, there is an inordinate amount of risk that claims of

Derivatives Claimants will unfairly and improperly be rejected on mere technical grounds.

Neither the Bankruptcy Code nor any of the Bankruptcy Rules, including most significantly

Bankruptcy Rule 3001, contemplates such an unjust result.

## II.    The Proposed Proof of Claim Form and the Questionnaires Are Tantamount to a Discovery Request, Even Though No Contested Matter Has Been Initiated

15.    The proposed Proof of Claim Form and the Questionnaires constitute an

improper attempt to obtain one-sided discovery from the Derivatives Claimants in direct

contravention of the Bankruptcy Rules.  In order to obtain discovery from the Derivatives

Claimants, the Debtors must review and object to a claim, thereby initiating a contested matter

pursuant to Bankruptcy Rule 9014 (or object to the claim as part of an adversary proceeding).

See, e.g., In re Metiom, Inc., 301 B.R. 634, 639 (Bankr. S.D.N.Y. 2003); In re Caldor, Inc. - NY,

217 B.R. 121, 128 (Bankr. S.D.N.Y. 1998).  See Bankruptcy Rules 7026-7037 and 9014.

Contrary to the letter and spirit of Bankruptcy Rules 7026 through 7037 and 9014, the Debtors

seek to convert a routine bar date order into an authorization to conduct sweeping discovery with

respect to the claims of the Derivatives Claimants.  It is evident from even a cursory review of

the Questionnaires that they constitute enormously burdensome document requests and

interrogatories.  See Exhibit A.  Among the myriad of information sought, for example, is extensive narrations regarding Close-Out Amount Methodology, delivery of all other "inputs, assumptions, values and applicable parameters," and burdensome documentation (including but not limited to "any" communications) regarding replacement transactions, collateral and other matters.  Such discovery requests violate the provisions of Local Bankruptcy Rule 7033-1, which restricts interrogatories at the commencement of discovery to certain limited areas such as the names of witnesses, computation of damages and existence of documents.

16.     In response to the Debtors' informal requests, Wells Fargo has already provided to the Debtors all data required for trade reconciliation and the Debtors have confirmed that the trade reconciliation process with Wells Fargo is virtually finished.  Accordingly, having already furnished trade confirmations and other substantial trade reconciliation data to the Debtors, Wells Fargo should not be required to do it again.

17.     The Debtors' Questionnaires also exceed by a substantial margin the level of information required under Section 6(d) of the ISDA master agreements.  For example, question 4(e) of the Derivative Questionnaire requires narratives describing the valuation calculations, which goes beyond the requirement in Section 6(d) to provide "reasonable detail" of the calculations.  Likewise, question 4(g) of the Derivative Questionnaire requires Fed Reference numbers for all collateral posted, even though this information may be irrelevant to the establishment of a claim against the Debtors.  Thus, the Debtors improperly attempt to use the proof of claim process to impose greater burdens on Derivatives Claimants than would otherwise apply under applicable non-bankruptcy law.

### III.    The Proposed Proof of Claim Form and Proposed Filing Procedures Are Patently Unreasonable and Unduly Burdensome

18.    The proposed Proof of Claim Form and the Questionnaires have obviously been engineered to disallow claims of Derivatives Claimants based on mere technicalities.  In addition, the proposed Proof of Claim Form and Questionnaires are also unfair and unduly burdensome because they purport to required Derivatives Claimants to produce information and supporting documentation that the Derivatives Claimants may not have or be reasonably able to obtain, assemble or process.

### IV.    The Proposed Bar Date is Too Early

19.    The proposed bar date of August 24, 2009 does not afford Derivatives Claimants sufficient time to file even streamlined proofs of claim.  The preparation and filing of proofs of claim in these cases will require Derivatives Claimants such as Wells Fargo to gather substantial and detailed information on more than 570 trades from many personnel spread across multiple trading desks. Accordingly, Wells Fargo respectfully requests that the Court set a date no earlier than October 31, 2009 as the bar date.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, Wells Fargo respectfully requests that

this Court (i) deny the Bar Date Motion, (ii) establish a bar date to occur on or following October

31, 2009, (iii) provide that the submission of Official Form No. 10 shall be sufficient for

purposes of satisfying the proof of claim requirement, and (iv) grant such other and further relief

as this Court may deem just or proper.

Dated: New York, New York
June 11, 2009

           /s/ Lauren Attard
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Telephone:  (212) 836-8000
Facsimile:  (212) 836-6157
Madlyn Gleich Primoff
Lauren Attard

Attorneys for Wells Fargo & Company and
Wells Fargo Bank, National Association