Hearing Date: June 17, 2009 at 2:00 p.m. (e.s.t.)
Objection Date: June 12, 2009 at 12:00 noon (e.s.t.)

ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Daniel J. Guyder
John W. Kibler

Attorneys for Banca Akros S.p.A., Mediolanum Vita S.p.A.,
Banca Monte dei Paschi di Siena S.p.A.,
Banca Popolare di Milano Società Cooperativa a r.l. and
Banco Popolare Società Cooperativa

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
:
In re                                                  :    Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*           :    08-13555 (JMP)
:
Debtors.                          :    (Jointly Administered)
:
:
------------------------------------------------------------------------x

**OBJECTION OF BANCA AKROS, MEDIOLANUM VITA, BANCA MONTE
DEI PASCHI DI SIENA, BANCA POPOLARE DI MILANO AND BANCO POPOLARE
TO DEBTORS' MOTION FOR ESTABLISHMENT OF THE DEADLINE FOR
FILING PROOFS OF CLAIM, APPROVAL OF THE FORM AND MANNER OF
<u>NOTICE THEREOF AND APPROVAL OF THE FORM OF CLAIM FORM</u>**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

   Banca Akros S.p.A., Mediolanum Vita S.p.A., Banca Monte dei Paschi di Siena

S.p.A., Banca Popolare di Milano Società Cooperativa a r.l. and Banco Popolare Società

Cooperativa (collectively, the "<u>Banks</u>"), by and through their undersigned counsel, hereby file

this objection (the "<u>Objection</u>") to the Motion of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and

its affiliated debtors in the above-referenced chapter 11 cases (together with LBHI, the

"Debtors"), Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form, dated May 26, 2009 (Docket No. 3654) (the "Motion").

The Banks are all creditors of one or more of the Debtors. The Banks are also among the largest banks in Italy, and each is a member of the Associazione Bancaria Italiana, or the Association of Italian Banks (the "ABI"). The ABI's members include substantially all of Italy's banking institutions, and its mandate is to represent, protect and promote the interests of the Italian banking and financial system. The ABI has authorized the Banks to represent to the court that the ABI, on behalf of the Italian banks, has reviewed this Objection, and that the ABI for itself and its member banks fully support this Objection.

## PRELIMINARY STATEMENT

1.  The Banks object to the relief sought in the Motion to the extent that it seeks to treat the holders of securities that were issued by non-Debtors, but guaranteed by one or more of the Debtors, differently than the holders of securities issued by the Debtors. Specifically, the proposed procedures provide that holders of securities issues by the Debtors are not required to file proofs of claim if such holders' securities are listed on a "Master List of Securities" prepared by the Debtors. However, holders of securities issued by non-Debtor Lehman entities, but guaranteed by one or more of the Debtors (the "Guaranteed Securities"), are not only required to file proofs of claim, but are required to comply with additional requirements not authorized under the Bankruptcy Code or Bankruptcy Rules. It would not only be unfair to impose these additional requirements on such holders, but more importantly, would be extremely wasteful to the Debtors' estates and detrimental to the interests of their creditors to require

hundreds of thousands of individual investors, many of whom are located outside the United States, to submit proofs of claim and overcome additional hurdles when a more streamlined process is available (and indeed is being proposed for the benefit of the Debtors' security holders). Thus, the same streamlined process should be extended to the holders of securities guaranteed by the Debtors, or alternatively, at the very least the additional burdens sought to be imposed on such holders of Guaranteed Securities should be removed.

2.    The Banks also seek clarification that nothing in the proposed order (the "<u>Proposed Order</u>") modifies or affects the Banks' ability under Bankruptcy Rule 3001(b) to file proofs of claim on behalf of beneficial owners, if authorized to do so under applicable provisions of Italian law or through specific agreement with such beneficial owners. More particularly, especially given the number of holders affected, the Banks seek authorization to file a single claim in relation to the Guaranteed Securities which are deposited with the Banks, or alternatively, claims on behalf of holders of Guaranteed Securities through custodial documentation or written proxy agreements. The Proposed Order should be revised to so provide.

**OBJECTION**

**I.    Holders of Securities Guaranteed by the Debtors Should
Be Treated the Same as Securities Issued by the Debtors**

3.    The Banks, as well as many other Italian banks, have sold various Lehman-related securities to their customers, including the Guaranteed Securities. Many of the Guaranteed Securities have been purchased on the secondary market, often for small amounts, by Italian retail investors, who relied on the good standing and rating of the Debtors in making their investment. These investors will find themselves in the difficult situation of filing proofs of claim and complying with the additional requirements sought to be imposed by the Debtors (and

3

likely needing to hire legal advisors), if the Debtors' motion is granted. The Banks believe that they alone have sold securities to thousands of retail investors. Indeed, the ABI estimates that between 30,000 and 50,000 individual investors – in Italy alone – may hold Guaranteed Securities.

    4.  Pursuant to the Motion, the Debtors seek an order establishing a bar date, as well as procedures for the filing of proofs of claim. Because of the sheer size of the Debtors' cases, and the number of creditors who are expected to file claims, the Debtors seek to exclude certain creditors from the requirement to file proofs of claim, while imposing additional requirements upon other creditors beyond those authorized under the Bankruptcy Code or Bankruptcy Rules. Holders of the Debtors' securities will not be required to file a proof of claim if their securities are listed on a "Master List of Securities" that will be available on the Debtors' website. See Motion at ¶ 14(h). This is sensible, as it would be unduly burdensome for the Debtors to require each of the hundreds of thousands of individual security holders to file proofs of claim, and for the Debtors to examine each of those proofs of claim, when a much more streamlined process is readily available.

    5.  However, there is no similar exception for the holders of Guaranteed Securities. Indeed, the Motion specifically seeks to require such holders not only to file proofs of claim, but to go through additional hurdles which include completing a questionnaire and uploading documentation and evidence of the underlying claim amount to the Debtors' website. Id. at ¶¶ 14(g), 23.[1] The Debtors' purported rationale for this requirement is that "receiving information and documentation about claims based on Guarantees in an organized and detailed

---

[1]   The consequences of failing to follow these procedures is the disallowance of such holders' claims. See Proposed Order at 7-8. This is in direct contravention of section 502 of the Bankruptcy Code, which provides that a proof of claim filed in accordance with section 501 is deemed allowed unless contested.

4

format will greatly decrease the time spent reconciling claims filed against multiple Debtors based on one Debtor's guarantee of an obligation of another, as well as decrease the likelihood of a creditor receiving more than the full amount of their claim." Id. at 23. However, there can be no basis for asserting that requiring hundreds of thousands of individual security holders to file proofs of claim, and requiring the Debtors to examine each of these claims individually, will be beneficial to the Debtors' estates. Rather, the same procedures adopted for the holders of the Debtors' securities should be applied to the holders of those securities that were guaranteed by the Debtors, *i.e.* the Guaranteed Securities. Certainly, the Debtors can readily identify the securities issuances that were guaranteed by the Debtors and create a "Master List" of such securities.[2]

      6.    Failure to adopt such a streamlined procedure will necessarily entail additional expenditure of resources by the Debtors, which will harm all creditors of these estates. Moreover, given the sheer number of individual investors, the failure to adopt such a procedure will almost certainly guarantee that legitimate creditors of the estates will be excluded from a distribution due to lack of notice or other procedural defect. The clear legislative purpose in enacting section 501 is to create a streamlined procedure to ensure that all proper claims are dealt with in the Debtors' bankruptcy cases. It is not meant to serve as a tool to winnow out otherwise deserving creditors.

      7.    Finally, if this court were to determine that such a procedure should not be adopted, then at the very least, the procedures requiring claimants to fill out a questionnaire and to upload information to the Debtor's website should be removed. The Bankruptcy Code is clear that the filing of a proof of claim is *prima facie* evidence of the validity of such claim. It is

---

[2] Any securities issuance by a non-US Lehman entity that was guaranteed by one or more of the Debtors would clearly indicate that in its prospectus or offering materials, and it is inconceivable that the Debtors would not be able to readily ascertain which securities issuances were guaranteed by the Debtors.

5

improper for the Debtors to attempt to use the proof of claim process as a discovery mechanism, or to impose additional burdens not authorized by the Bankruptcy Code as a threshold test for barring legitimate claims. In addition, most of the information relating to Guaranteed Securities should already be available to the Debtors, as most of the contractual documentation is publicly available.

## II. The Proposed Order Should Be Modified to Comply with Bankruptcy Rule 3001(b)

8. Bankruptcy Rule 3001(b) provides that a proof of claim shall be executed by a creditor or a creditor's authorized agent. Under applicable provisions of Italian law, or through written proxy agreements, the Banks may be authorized to file claims on behalf of holders of the Guaranteed Securities. It is unclear whether the Proposed Order seeks to modify this right, and thus, the Proposed Order should be clarified to specifically provide that it not affect the rights of any party to file a proof of claim under Bankruptcy Rule 3001(b). Moreover, given the sheer number of potential holders affected, the Banks should be authorized to file (i) a single claim in relation to the Guaranteed Securities which are deposited with the Banks or, alternatively, (ii) claims on behalf of holders of the Guaranteed Securities through (a) custodial documentation or, alternatively, (b) written proxy agreements. In any event, the Proposed Order should be clarified to specifically provide the requirements to enable the Banks to file claims on behalf of holders of the Guaranteed Securities.

## **CONCLUSION**

For all of the foregoing reasons, the Banks respectfully object to the relief sought in the Motion.

Dated:  New York, New York
       June 12, 2009

                ALLEN & OVERY LLP

                By:    /s   John Kibler
                Daniel J. Guyder
                John W. Kibler
                1221 Avenue of the Americas
                New York, New York 10020

                Attorneys for Banca Akros S.p.A.,
                Mediolanum Vita S.p.A.,
                Banca Monte dei Paschi di Siena S.p.A.,
                Banca Popolare di Milano Società Cooperativa a r.l.
                and Banco Popolare Società Cooperativa