REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
Eric A. Schaffer (ES-6415)
Michael J. Venditto (MV-6715)

*Counsel to The Bank of New York Mellon,
The Bank of New York Mellon Trust
Company, N.A., and BNY Corporate Trustee
Services Limited, in their representative
capacities*

**Objections Due: June 12, 2009 at 12:00 p.m. (Eastern)**
**Hearing: June 17, 2009 at 2:00 p.m. (Eastern)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | : | **Chapter 11** |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | **Case No. 08-13555 (JMP)** |
|  | : | **(Jointly Administered)** |
| Debtors. | : |  |
|  | : | Refers to Dkt. No. 3654 |

**LIMITED OBJECTION OF THE BANK OF NEW YORK MELLON,
THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AND BNY
CORPORATE TRUSTEE SERVICES LIMITED TO DEBTORS' MOTION PURSUANT
TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE
3003(c)(3) FOR ESTABLISHMENT OF THE DEADLINE FOR FILING PROOFS OF
CLAIM, APPROVAL OF THE FORM AND MANNER OF NOTICE
THEREOF AND APPROVAL OF THE PROOF OF CLAIM FORM**

The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A.,

and any affiliate thereof, through its Corporate Trust Department, and BNY Corporate Trustee

Services Limited, each as trustee, indenture trustee, agent, or in its other representative capacity

(collectively, the "Trustee") for the holders (the "Holders") of certain notes, certificates, bonds,

or other interests (collectively, the "Notes") issued by certain issuers pursuant to structures created by the Debtors or their affiliates that have entered into derivative contracts with one or more Debtors, asserts this Limited Objection to the Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof Of Claim Form (the "Motion;" D.I. 3654).

## I. SUMMARY OF OBJECTION

1. The Trustee objects to the entry of an order approving the Motion to the extent that the proposed bar date of August 24, 2009 (the "Bar Date") and related claim filing procedures described in the Motion (the "Procedures") apply to claims of the Trustee and the Holders.[1] Specifically, the Trustee objects to the Motion on the grounds that:

- the Bar Date and Procedures deprive beneficial Holders of their fundamental rights to due process, as Holders would not receive sufficient advance notice of the Bar Date to allow them to file claims in compliance with the Procedures and/or collectively instruct the Trustee with regard to the filing claims on their behalf; and

- the Procedures are inconsistent with the proof of claim filing requirements set forth in the Federal Rules of Bankruptcy Procedure and improperly impose premature discovery obligations upon the Holders as a condition to filing a proof of claim.

For the foregoing reasons, the Trustee objects to the Bar Date and Procedures to the extent that they apply to the Holders and/or Trustee.

## II. FACTUAL BACKGROUND

### A. The Trustee Transactions

2. The Trustee acts in a representative capacity for Holders and other parties in

---

[1] Pursuant to the Motion, the Proposed Bar Date does not apply to parties listed on the Master List of Securities or Exempt Entities List (as those terms are defined in the Motion).

- 2 -

interest in hundreds of transactions that were, in many cases, structured by the Debtors and their European subsidiaries (collectively, the "Trustee Transactions").[2] The Holders who would be affected by the Procedures are scattered around the world, with many of them located in Europe, Asia, and Australia. Often, the Trustee Transactions include a trust deed or an indenture and a swap or other agreement pursuant to which a trust, special purpose vehicle, or other issuer (an "Issuer") is the counterparty to a derivative contract with a Debtor. Because the obligations of the Issuer generally are limited to the trust assets, the beneficial parties in interest to these derivative transactions are the Holders.

3. In most cases, the Trustee is required by the transaction documents to serve upon Holders relevant notices, including notices of bar dates for filing claims, and to solicit direction from such Holders in connection with the exercise of their rights. In nearly all instances, however, neither the Debtors nor the Trustee regularly maintain a register identifying the beneficial Holders because the Notes are traded in the financial markets and the Holders typically hold through "street names." The Trustee typically communicates with the Holders through clearing systems in the United States and Europe including the Depository Trust Clearing Corporation, Euroclear System, and Clearstream Banking S.A. (collectively, the "Clearing Systems"), which Clearing Systems are the registered owners of the Notes and are responsible for holding, clearing, and settling transactions.

4. The notice periods and required forms of notice vary among Trustee Transactions. In certain cases a Holders' meeting must be called within a certain timeframe before a proposed action may be voted upon, and then an additional notice and solicitation must occur. The

---

[2] A detailed description of the hundreds of Trustee Transactions at issue is much too voluminous for this Objection; therefore, the Trustee provides a general description of the Trustee Transactions.

percentage of Holders required to direct the Trustee's actions, as well as the relative sophistication of Holders, varies among transactions.

### B.     The Bar Date and Procedures Motion

5.     The Motion proposes that the Court establish a Bar Date of August 24, 2009, approximately 60 days after the Debtors propose to mail notice of the Bar Date to, among other enumerated parties, all known creditors and potential creditors. The proposed Bar Date Order does not specifically require the Debtors to serve the Holders with notice of the Bar Date. The Motion proposes that notice by publication be made at least 45 days prior to the Bar Date.

6.     The Motion also seeks to establish the Procedures, which would impose additional filing requirements for creditors asserting claims against a Debtor based on amounts owed pursuant to any (i) Derivative Contract (as defined in the Motion), (ii) Guarantee (as defined in the Motion), and/or (iii) Guarantee of obligations of another entity under a Derivative Contract. Specifically, a claimant subject to the Procedures would be required, in addition to filing a proof of claim, to log on to the Debtors' claims website, complete an online questionnaire (a "Questionnaire"), and electronically upload supporting documents.

7.     The proposed Questionnaire requires extensive information including, *inter alia*, the following:

      (a)    whether a termination agreement has been entered into with the Debtor (and requiring an uploaded electronic copy);

      (b)    whether the derivatives are matured or were terminated;

      (c)    the derivative claim amount and a line item breakdown (uploaded into the Debtors' form chart) of each item comprising the claim;

      (d)    uploaded electronic copies of all related agreements, termination notices, and "other documents related to the transactions;"

(e)     uploaded electronic copy of valuation statements, including "any collateral that has been posted in connection with the transaction and any claims of set-off against other transactions;"

(f)     details with respect to *each trade* supporting a valuation, uploaded in excel spreadsheet format (details include trade ID, electronic trade reference ID, trade type, product, trade date, reference obligation or entity, credit events, factored and original contract notional amount, quantity/unit of measure, currency, price or strike price, buy/sell, call or put, cap or floor, location, effective date, maturity date, termination date, and value);

(g)     a narrative description of the trade valuation methodologies, including how quotations were utilized and all other inputs, assumptions, values, and applicable parameters;

(h)     uploaded electronic copies of all documentation from market-makers or other persons concerning the transactions in support of valuation methodology;

(i)     uploaded electronic copies of all documentation evidencing any replacement transactions, "including all transaction confirmations, other documents, e-mails, or any other writings or information;"

(j)     a breakdown of unpaid amounts and interest accrued thereon and uploaded electronic documentation of unpaid amounts and interest charges (in excel format);

(k)     CUSIP/ISIN for all collateral listed, the valuation of the collateral, and uploaded electronic documentation supporting such valuation;

(l)     a summary of all bank wire advices, Fed Reference numbers, and any "other statement" supporting the original posting of cash collateral and any cash disbursements on the securities, uploaded in Excel spreadsheet format; and

(m)     a detailed description of all "other costs" included in the claim, including the nature of the costs, basis for including them, valuation support, and invoice copies.

8.     Additionally, the proposed Guarantee Questionnaire requires, *inter alia*, the following information:

(a)     the identity of the obligor Debtor and an uploaded electronic copy of the proof of claim of claim and all attachments filed against the obligor Debtor;

US_ACTIVE-101756694.5-600318-60036

      (b)    uploaded electronic copies of all agreements under which the claim arises and all other documentation "evidencing [the] claim and supporting the calculation of the claim amount;"

      (c)    the identify of the guarantor Debtor, the basis for the guaranty and uploaded electronic copies of all guaranty agreements; and

      (d)    the claim amounts asserted against the obligor Debtor and guarantor Debtor.

9.    The proposed Procedures require that claimants provide all of the additional information set forth on the applicable Questionnaires and that all required documents and spreadsheets be uploaded electronically to the Debtors' claim website *prior to the Bar Date*. To the extent that any information required by the Questionnaire is not provided by the Bar Date, the claim "shall be forever barred, estopped and enjoined" and "the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim."

## III.    LIMITED OBJECTION

### A.    The Proposed Notice of the Bar Date and Procedures Violates Holders' Rights to Due Process

10.    To the extent that the proposed Bar Date is applicable to the Trustee and the Holders, the Trustee objects to the Motion on due process grounds. Due to the complex nature of the Trustee Transactions and the myriad of Holders scattered over four (or more) continents, it would be impossible for the Debtors or any other party acting on their behalf to notify the Holders of the proposed Bar Date sufficiently in advance to permit all of the Holders to exercise their contractual rights to determine whether to file claims individually or instruct the Trustee to file (or not file) claims, gather the voluminous documents and information required by the

Procedures, and timely file their claims.[3]

11.     Due process requires notice that is "reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response." In re Aboody, 223 B.R. 36, 40 (1st Cir. B.A.P. 1998); see also Jones v. Flowers, 547 U.S. 220, 226 (2006); In re Robintech, Inc., 863 F.2d 393, 396 (5th Cir.), cert. denied, 493 U.S. 811 (1989) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

12.     In the context of a bar date notice, "[w]hether notice is reasonable or adequate depends on whether a creditor is known or unknown to the debtor." In re Enron Corp., 2006 WL 898031 at *4 (Bankr. S.D.N.Y. 2006) (citing In re XO Communications, Inc., 301 B.R. 782, 792 (Bankr. S.D.N.Y. 2003)). "A debtor must send actual notice of the bar date to any known creditor, while constructive notice is generally sufficient with an unknown creditor." Id. (citing Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995)).

13.     "A 'known' creditor is one whose identity is either known or 'reasonably ascertainable by the debtor.'" Chemetron, 72 F.3d at 346 (quoting Tulsa Professional Collection Serv., Inc. v. Pope, 485 U.S. 478, 490 (1988)). "An 'unknown' creditor is one whose 'interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor].'" Id. (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317 (1950)).

---

[3]     The Bar Date Order may not deprive Holders of their legal right to file their own claims if they so choose. Cf. Motion at ¶ 19. The Questionnaire, itself confirming the complicated nature of the Trustee Transactions and the "complex process" of calculating claims, demonstrates the need to provide notice to the Holders – whether they seek to file their own claims or direct the Trustee – as they may have information required in order to determine the amounts of claims. Additionally, in some instances the filing of claims may require coordination with Issuers, collateral managers, or others.

14.     The Holders constitute "known" creditors entitled to actual notice of the Bar Date that comports with the minimal constitutional due process requirements. While the Debtors (or the Trustee) do not regularly maintain a register of the specific identities of the beneficial Holders of the Notes, their identities are "reasonably ascertainable" through the Clearing Systems. Furthermore, the Holders' claims are not "conjectural" and the transactions that give rise to such claims are well known to the Debtors in the due course of their business.

15.     Due to the complex nature of the financial structure of the Trustee Transactions, the timeframe for notice contemplated by the Motion is not "reasonably calculated" to effectuate meaningful notice to beneficial Holders. In order to provide constitutionally-sufficient notice, the Debtors have to provide enough advance notice to registered Holders and the Clearing Systems for them in turn to send the notices to the appropriate first-tier participants, which then would have to forward the notices to their customers – the beneficial Holders of the Notes. The Holders interested in responding then would need sufficient time to prepare and deliver to the Trustee direction, in accordance with the governing documents, to file or not file a proof of claim.

16.     Even if the registered Holders and Clearing Systems are able to facilitate delivery of notices to beneficial Holders in advance of the Bar Date, the proposed notice period would not allow the claimants a reasonable time to direct the Trustee to file (or refrain from filing) a claim on each Holder's behalf (which in some instances require notice and a meeting of Holders under the relevant documents), gather all information and documents, and prepare and submit all information in electronic format in order to comply with the Procedures and Questionnaire requirements. Therefore, with respect to the claims of Holders under the Trustee Transactions, the proposed Bar Date and Procedures do not "permit a reasonable time for response" in

US_ACTIVE-101756694.5-600318-60036

accordance with the minimum constitutional due process requirements.

17.     "Whether a creditor received adequate notice of a claims bar date in a Chapter 11 case depends upon the facts and circumstances of a given case." In re Twins, Inc., 295 B.R. 568, 571 (Bankr. D.S.C. 2003) (citing In re The Grand Union Co., 204 B.R. 864, 871 (Bankr. D.Del. 1997)).  Under the particular facts and circumstances applicable to the claims of the Holders, the proposed Bar Date and Procedures set forth in the Debtors' Motion are not "reasonably calculated" to provide the Holders with sufficient notice of the Bar Date and do not "permit a reasonable amount of time for response."

18.     Accordingly, the Motion should be denied to the extent that it seeks to impose on the Holders a Bar Date of August 24, 2009 (or any other unreasonable bar date) as the deadline for filing claims.  Instead, the Trustee submits that the Holders should receive no less than 120 days advance notice of the Bar Date.

**B.     The Proposed Procedures are Inconsistent with the Requirements of the Federal Rules of Bankruptcy Procedure and Improperly Impose Premature Discovery Obligations Upon the Holders**

19.     The Procedures and Questionnaire requirements proposed by the Motion are contrary to the express requirements of the Federal Rules of Bankruptcy Procedure.  Federal Rule of Bankruptcy Procedure 3001(a) provides that "[a] proof of claim is a written statement setting forth a creditor's claim" which "shall conform substantially to the appropriate Official Form."  Fed.R.Bankr.P. 3001(a).  In addition, Federal Rule of Bankruptcy Procedure 3001(c) provides that when a claim "is based on a writing, the original or a duplicate shall be filed with the proof of claim."  Fed.R.Bankr.P. 3001(c).

20.     A proof of claim that has been executed and filed "*in accordance with these rules shall constitute prima facie evidence* of the validity and amount of the claim." Fed.R.Bankr.P. 3001(f) (emphasis added); see also In re Lamica Corp., 65 B.R. 849, 854 (Bankr. S.D.N.Y.

- 9 -

1986). Once a claimant has filed a proof of claim in compliance with the applicable rules, the burden shifts to the debtor to "go forward and produce sufficient evidence to rebut the claimant's *prima facie* case." Id.; see also 11 U.S.C. § 502(a) ("a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a part-in-interest . . . objects.").

21.     Nothing in the Bankruptcy Rules requires a creditor to satisfy the proposed Procedures in order to file a valid proof of claim entitled to *prima facie* validity. Accordingly, this Court should not permit the Debtors to impose on creditors the burdensome Procedures, which by design or effect will impair creditors' ability to file legitimate claims and may deter them from doing so.

22.     The Procedures proposed by the Debtors improperly purport to invalidate any claims that, although filed in accordance with the applicable Federal Rules of Bankruptcy Procedure, do not comply with the additional electronic Questionnaire requirements set forth in the Motion. Specifically, the proposed order accompanying the Motion provides that the claim of any holder that fails to file a claim *and* fill out the proposed Questionnaire and upload the required information electronically to the Debtor's claim website prior to the Bar Date "shall be forever barred, estopped and enjoined from asserting such claim against the Debtors." See Proposed Order, p. 8.[4]

23.     Approval of the proposed Procedures would undo the Bankruptcy Rules' well-established scheme whereby a properly filed claim is considered *prima facie* valid until the debtor rebuts the presumptive validity of the claim by filing an objection supported by evidence

---

[4]     The concept of automatically rejecting a claim filed in good faith based on a claimant's failure to satisfy one of the many requirement set forth in the Questionnaire offends due process. Under any circumstances, claimants must receive notice and an opportunity to correct any alleged deficiency.

that calls the validity of the claim into question.

24. At a minimum, the Questionnaire is an improper attempt to impose premature discovery obligations on Holders in derogation of the Bankruptcy Rules, which establish the procedures for filing a proof of claim and the procedures for serving discovery. <u>See</u> Fed.R.Bankr.P. 3001-02, 9014, and 7026-35. No provision of the Bankruptcy Code authorizes the Debtors (or the Court) to rewrite those procedures. <u>See</u>, <u>e.g.</u>, <u>In re Scrivener</u>, 535 F.3d 1258, 1265 (10th Cir. 2008) ("Section 105(a) does not empower courts to create remedies and rights in derogation of the Bankruptcy Code and Rules.").

25. Indeed, the Questionnaire anticipates objections that may not exist. There is no basis to impose substantial burdens on claimants unless and until there is a reason to believe a claim may be objectionable. And there is no basis for the Court to impose obligations in contravention of applicable provisions of the Bankruptcy Rules and the Bankruptcy Code or to shift the burden of proof established therein.[5]

26. Whatever discovery actually may be required should take place in the context of claim objection litigation. There is simply no basis to require a claimant to answer discovery requests as a condition to filing timely its proof of claim.

27. The Debtors' attempts to impose the burdensome Questionnaire requirements are especially troubling in light of the short period for noticing the Bar Date. As set forth above, the Holders will not receive sufficient notice of the Bar Date in order to enable them to exercise their rights to instruct the Trustee to file or refrain from filing proofs of claim on their behalf, let alone

---

[5] Even where an objection may be filed, there is no reason to require claimants to deliver documents or other information that the Debtors already have. No obligations should be imposed on claimants unless and until the Debtors show that they do not have such information as may be relevant. Similarly, there is no need to require claimants to provide the same information twice in connection with Trustee Transactions where one Debtor has guaranteed obligations of another.

sufficient time to gather and prepare the substantial information and documents to comply with the numerous proposed Questionnaire requirements.

28. Even assuming creditors receive adequate notice of the Bar Date, the burdensome Procedures will impair creditors' ability to file legitimate claims and may deter them from doing so.

29. For the foregoing reasons, this Court should deny the Motion because the Debtors propose Procedures that re-write or replace the actual well-established procedures governing the submission of proof of claims.

## Reservation of Rights of Holders of Notes and Issuers

30. It appears that the Debtors have not taken any steps to serve the Motion on the Holders. Accordingly, it would be inappropriate for the Court or the Debtors to assume that the lack of any objection from the Holders constitutes acquiescence to the relief requested by the Debtors.

31. The Trustee reserves any and all objections, rights, claims, and defenses of the Holders to the proposed waivers and consents embedded in the Procedures, under the Bankruptcy Code, or applicable non-bankruptcy law, including any objection to jurisdiction over the Holders and the Issuers. Further, the Trustee reserves the rights of the Holders and the Issuers to object to or challenge any action taken by the Debtors in reliance upon the Procedures.

US_ACTIVE-101756694.5-600318-60036

WHEREFORE, the Trustee objects to the Motion and respectfully requests that this Court (i) deny the Motion with respect to claims related to the Notes or the Trustee Transactions and (ii) grant such further relief to the Trustee as is appropriate.

Dated: June 12, 2009
New York, New York

Respectfully Submitted,

By: */s/ Eric A. Schaffer*
Eric A. Schaffer (ES-6415)
Michael J. Venditto (MV-6715)
599 Lexington Avenue
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450

Counsel to The Bank of New York Mellon,
The Bank of New York Mellon Trust Company, N.A.
and BNY Corporate Trustee Services Limited,
in their representative capacities

TO:

Chambers of Honorable James J. Peck
One Bowling Green, Courtroom 601
New York, New York 10004

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attention:   Lori R. Fife
             Robert J. Lemons
             Richard P. Krasnow
             Shai Y. Waisman
             Jacqueline Marcus

Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178
Attention:   Steven J. Reisman
             L. P. Harrison 3rd

Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004
Attention:   Andy Velez-Rivera
             Paul Schwartzberg
             Brian Masumoto
             Linda Riffkin
             Tracy Hope Davis

Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, New York 10005
Attention:   Dennis F. Dunne
             Dennis O'Donnell
             Evan Fleck, Esq.

Cleary Gotliebb LLP
One Liberty Plaza
New York, New York 10006
Attention:   Lindsee P. Granfield
             Lisa Schweiger

Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
Attention:    Robinson B. Lacy
              Hydee R. Feldstein

US_ACTIVE-101756694.5-600318-60036