SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Fredric Sosnick
William J.F. Roll III

Attorneys for Bank of America, N.A.,
Merrill Lynch & Co., Inc. and Their
Respective Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
: 
In re: : Chapter 11
: 
**LEHMAN BROTHERS HOLDINGS INC., et al.,** : Case No. 08 – 13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
: 
------------------------------------------------------------x

**LIMITED OBJECTION OF BANK OF AMERICA, N.A., MERRILL
LYNCH & CO., INC. AND THEIR RESPECTIVE AFFILIATES TO THE
DEBTORS' MOTION PURSUANT TO SECTION 502(b)(9) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3) FOR
ESTABLISHMENT OF THE DEADLINE FOR FILING PROOFS OF
CLAIM, APPROVAL OF THE FORM AND MANNER OF NOTICE
THEREOF AND APPROVAL OF THE PROOF OF CLAIM FORM**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Bank of America, N.A., and Merrill Lynch & Co., Inc. and their respective affiliates

(collectively, "Bank of America") hereby submit this limited objection (this "Limited

Objection") to the Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and

Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim,

Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form

NYDOCS03/887268.10

(Docket No. 3654) (the "Bar Date Motion").[1]

**Preliminary Statement**

1.  In the Bar Date Motion, Lehman Brothers Holding, Inc. ("LBHI") and its affiliated debtors in the above captioned cases (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), seek, among other things, authority to establish August 24, 2009, at 5:00 p.m. (prevailing Eastern Time) as the last date and time for each person or entity to file a proof of claims against the Debtors and approve certain procedures related to the filing of proofs of claim.

2.  Bank of America does not object to establishing August 24, 2009 as the bar date in these cases. Rather, as is set forth in greater detail herein, Bank of America requests that the proposed form of order granting the Bar Date Motion clarify that (i) the claims filing procedures do not modify who may properly file claims under title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and applicable law, including but not limited to Bankruptcy Rules 3001(b) and 3003(c) and (ii) any online submissions required by the claims filing procedures are subject to the rules and protections ordinarily afforded to filed proofs of claim.

**Background**

3.  Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with the Court voluntary cases under the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors

---

[1] Capitalized terms used but not otherwise defined herein have the meanings assigned to such terms in the Motion.

- 2 -

NYDOCS03/887268.10

are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 with respect to Lehman Brothers Inc. A trustee appointed under SIPA is administering LBI's estate.

5.  On May 26, 2009, the Debtors filed the Bar Date Motion, seeking to establish August 24, 2009 as the bar date in these cases. Bank of America is a creditor of the Debtors and, among other things, has claims against the Debtors arising out of numerous derivative contracts.

## Argument

### I.   Authorized Third Party Claims Should Clearly Be Allowed

6.  In paragraph 19 of the Bar Date Motion, the Debtors request that the Court limit the filing of claims by third parties. Paragraph 19 of the Bar Date Order reads in full as follows:

> Given the volume of claims expected and the overlapping nature of such claims, the Bar Date Order will explicitly provide that third parties are not permitted to assert claims on behalf of another party, *and* that claims asserted by persons other than those are legally entitled and authorized to assert such claim shall be disallowed.

Bar Date Motion ¶ 19 (emphasis added).

7.  It is unclear to Bank of America precisely what the Debtors intend to accomplish through this language. To the extent the Debtors seek to limit the scope of entities who may properly file claims under the Bankruptcy Code, Bankruptcy Rules, and applicable case law, including but not limited to Bankruptcy Rules 3001(b) and 3003(c), Bank of America objects. The anticipated volume and complexity of claims do not justify modifying clear rules and related precedent regarding who may properly file claims. Any order granting the Bar Date Motion should clarify that the claims filing procedures do not modify who may properly file claims

- 3 -

under the Bankruptcy Code, Bankruptcy Rules and applicable law, including but not limited to Bankruptcy Rules 3001(b) and 3003(c).

## II.     Requirements Placed on Creditors with Claims Based on Derivatives Contracts

8.     The Bar Date Motion seeks to require creditors with claims based on Derivatives Contracts to provide information through an online website, in addition to filing a Proof of Claim and, to adopt a similar procedure for claims based upon Guarantees of Derivatives Contracts. Bank of America does not object to this method of data collection; however, the Bar Date Motion is unclear in that online website submissions are not included within the definition of "Proof of Claim" in the Bar Date Motion, and, therefore, could be construed to fall outside of the legal requirements related to the filing of proofs of claim.  Any order granting the Bar Date Motion should be clear that information to be provided online will be subject to the rules and protections ordinarily afforded to filed proofs of claim.

9.     For instance, there is a substantial body of law related to a creditor's right to amend a filed proof of claim. *See, e.g.,* 4 COLLIER'S ON BANKRUPTCY ¶ 502.03[10][d] (15th rev. ed.); *In re G.L. Miller & Co.,* 45 F.2d 115 (2d Cir. 1930) (amendments to proofs of claims should be allowed where the amendment is to cure a defect in the claim as originally filed, describe the original claim in greater detail or plead a new theory of recovery on the same facts set forth in the original proof of claim); *In re Enron Corp.*, 328 B.R. 75 (Bankr. S.D.N.Y. 2005) (stating the same three instances for permitting post-bar date amendments to proofs of claims). Among other things, creditors should be provided, if necessary, with this opportunity to amend or supplement their online filings.  Similarly, a proof of claim need only "substantially comply" with the official form and there is a substantial body of case law developed around whether a claim should be allowed if the creditor has provided the debtor adequate information regarding

the basis for its claim. *See, e.g., Charter Co. v. Dioxin Claimants (In re Charter Co.),* 876 F.2d 861, 863 (11th Cir. 1989); *see also Anderson-Walker,* 798 F.2d 1285, 1288 (9th Cir. 1986).[2] The information the Debtors propose to request in the online filings, while appropriate, is subject to a level of judgment that should be subject to, among rights associated with a proof of claim, a later right of amendment or supplementation, as appropriate.

---

[2] By way of example, the online submissions required under the proposed Derivatives Contract and Guarantee questionnaires require that the creditor upload all trade confirmations. Bank of America has tens of thousands of confirmations related to its Derivative Contracts claims and it is consequently not feasible and would be unduly burdensome for it to upload each of them onto a website once, let alone twice with respect to confirmations for Derivative Contracts that are also Guaranteed.

NYDOCS03/887268.10

WHEREFORE, Bank of America respectfully requests that the order granting the Bar Date Motion clarify that (i) the claims filing procedures do not modify who may properly file claim under the Bankruptcy Code, the Bankruptcy Rules and applicable law, including but not limited to Bankruptcy Rules 3001(b) and 3003(c) and (ii) any online submissions required by the claims filing procedures are subject to the rules and protections ordinarily afforded to filed proofs of claim.

Dated:  New York, New York
       June 12, 2009

                            SHEARMAN & STERLING LLP

By:   */s/ Fredric Sosnick*
      Fredric Sosnick
      William J.F. Roll III
      599 Lexington Avenue
      New York, New York 10022
      Telephone:  (212) 848-4000
      Facsimile:  (212) 848-7179

      Attorneys for Bank of America, N.A., Merrill Lynch & Co., Inc. and their respective Affiliates