Andrea J. Pincus, Esq.
John L. Scott, Esq.
Rizwan A. Qureshi, Esq.
**REED SMITH LLP**
599 Lexington Avenue
New York, NY 10022
Tel: 212-521-5400
Fax: 212-521-5450

*Counsel to Intesa Sanpaolo S.p.A*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :   Chapter 11
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al*.,                       :   Case No. 08-13555 (JMP)
                                                               :   (Jointly Administered)
                                              Debtors.         :
                                                               :   Refers to Dkt. No. 3654
---------------------------------------------------------------x

**OBJECTION BY INTESA SANPAOLO S.p.A
TO DEBTORS' MOTION PURSUANT TO SECTION 502(b)(9)
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3) FOR
ESTABLISHMENT OF THE DEADLINE FOR FILING PROOFS OF CLAIM,
APPROVAL OF THE FORM AND MANNER OF NOTICE THEREOF
AND APPROVAL OF THE PROOF OF CLAIM FORM**

Intesa Sanpaolo S.p.A. ("Intesa"), through the undersigned counsel, hereby objects to the

Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule

3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form

and Manner of Notice Thereof and Approval of the Proof of Claim Form, dated May 26, 2009

(the "Motion") (D.I. 3654), and respectfully states as follows:

**PRELIMINARY STATEMENT**

Pursuant to the Motion, the Debtors attempt, among other things, to create certain novel

procedures for filing proofs of claim arising from highly-complex investment products, and seek

the authority to impose such procedures on creditors. The Motion (together with the accompanying proposed Bar Date Order and other exhibits), however, lacks the requisite clarity and detail necessary for claims holders to (a) identify the range of applicable claims filing procedures for respective types of claims and creditors, and (b) adequately protect and pursue their claims. Through the instant Objection (the "Objection"), Intesa requests that the Court direct Debtors to clarify and/or modify the proposed procedures and to the extent that Debtors fail to do so, Intesa objects to the Motion and respectfully requests that the Court deny the relief sought therein.

## BACKGROUND

I. The Debtors' Bankruptcy Cases

1. Commencing on September 15, 2008, and periodically thereafter (collectively, the "Petition Date"), Lehman Brothers Holding Inc. and certain of its subsidiaries (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. On or about May 26, 2009, the Debtors filed the Motion requesting an order, pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure seeking to: (i) establish August 24, 2009, at 5:00 p.m. (prevailing Eastern Time) as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim based on prepetition claims (each a "Proof of Claim") against the Debtors (the "Bar Date"); (ii) approve the Proof of Claim Form; (iii) approve the proposed Bar Date Notice (as defined in the Motion); and (iv) approve the proposed notice procedures.

3. Pursuant to the proposed Bar Date Order, attached as Exhibit 1 to the Motion, any person or entity that holds a security listed on the Master List of Securities available on the Debtors' website http://www.lehman-docket.com (the "Master List of Securities") is not required

to file a Proof of Claim on or before the Bar Date. Provided, however, that security holders who wish to assert claims against the Debtors arising out of or relating to the sale, issuance, or distribution of a security, must file Proof of Claims on or before the Bar Date, unless another exception applies. See Motion ¶ 14(h).

4. In the Motion, the Debtors propose that any holder of a security that is not listed on the Master List of Securities complete the form entitled "Inquiry Regarding Security Not on Master List of Securities" available on the Debtors' website and submit it to the Debtors as directed on such form. See Motion ¶ 15.

5. Also under the Bar Date Order, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust or governmental unit) that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors that arose prior to the applicable Petition Date must file an original, written proof of such claim that substantially conforms to the form attached as Exhibit B to the proposed Bar Date Order (the "Proof of Claim Form"), so as to be received on or before the Bar Date by the Debtors' court-approved claims agent or the Court. See Motion ¶ 13.

6. For claims based on derivative contracts, the Debtors request that the holder of such claim be required, on or prior to the Bar Date, to (i) submit a Proof of Claim in the manner set forth in the Proof of Claim Form and (ii) complete a questionnaire on an online database established by the Debtors. The online database will require that each holder of such claim be required to provide, via electronic upload, detailed supporting documentation of each such claim, rather than submitting such information in paper format. See Motion ¶ 21.

7. Since LBHI and other Debtors issued various forms of guarantees relating to contracts and financing transactions, derivative contracts and other payment and performance

guarantees, the Motion sets forth filing requirements for persons or entities that hold such claims. The Debtors request that each holder of a claim against a Debtor based on amounts owed by such Debtor pursuant to a promise, representation or agreement to answer for the payment of some debt be required, on or before the Bar Date, to file a claim in the same manner as holders of claims based on derivative contracts.  See Motion ¶ 24.

II.     Intesa

8.      Intesa Sanpaolo S.p.A. is a premier Italian banking group created through the merger of two leading Italian banking groups, Banca Intesa and Sanpaolo IMI.  Intesa is a leader in the Italian market and a strong international presence focused in Central-Europe and the Mediterranean basin.  Intesa has a network of over 1,900 branches and 8.5 million customers of subsidiaries operating in retail and commercial banking in 13 countries.  Moreover, the international network specialized in supporting corporate customers is present in 34 countries, in particular the Mediterranean area and those areas where Italian companies are most active, such as the United States, Russia, China and India. Intesa is a member of the Associazione Bancaria Italiana, or the Association of Italian Banks ("ABI"), which includes substantially all of the Italy's banking institutions, and its mandate is to represent, protect and promote the interests of the Italian banking and financial system[1].

9.      Intesa has entered into International Swap Dealers Association ("ISDA") Master Agreements, inter alia, both with Lehman Brothers Special Financing, Inc. and Lehman Brothers Commercial Corporation (the "Intesa Derivative Contracts").  Moreover, a number of Intesa's clients have invested in several series of bonds directly issued by LBHI or issued by subsidiaries of LBHI (e.g., Lehman Brothers Treasury Co. B.V.), but directly and fully guaranteed by LBHI

---

[1] Intesa is aware that other Italian banks have presented an objection to the Motion and support them.

- 4 -

(the "Intesa Bond Contracts," both the Intesa Derivative Contracts and Intesa Bond Contracts are collectively referred to as the "Intesa Transactions"). Indeed, ABI estimates that between 30,000 and 50,000 individual investors – in Italy alone – may own Intesa Bond Contracts.

10. Intesa intends on filing Proofs of Claim on behalf of itself, its clients and certain subsidiaries based on the Intesa Transactions. However, the Motion fails to provide sufficient detail and clarity with respect to the procedures applicable to such claims as Intesa may file.

## **OBJECTION**

11. Debtors' Motion sets forth certain procedures to file claims for highly specialized investment products, yet lacks clarity, sufficient detail and information, and is cumbersome. Unless and until Debtors clarify and further modify their proposed procedures, the Motion should be denied both with respect to the proposed claims procedures and the August 24, 2009 proposed Bar Date.

12. First, the Motion is unclear as to the claims filing procedures for filing of proofs of claim on behalf of bondholders. Intesa seeks Debtors' confirmation that filing of a proof of claim on behalf of bondholders will be necessary only in connection with the securities <u>not included</u> in the Master List of Securities. The Motion suggests that all claims of bondholders included in the Master List of Securities will be <u>automatically recognized</u> by the Bankruptcy Court; to the extent that such claims by bondholders will not be automatically recognized in full, Intesa objects to the Motion.

13. Second, the Motion is unclear with respect to the procedures for claims based on guarantees. Specifically, it is unclear if the Master List of Securities will also include securities guaranteed by LBHI, not only securities directly issued by LBHI. To the extent that the Master List of Securities fails to include securities guaranteed by the Debtors, the Motion fails to

- 5 -

provide adequately and clearly for the procedure for filing such guaranty claims and should be denied.

14.     Third, also in regards to claims based on guarantees, the Motion fails to clarify whether the special procedure for filing claims arising from guarantees will apply to a guarantee provided by LBHI in connection with securities included in the Master List of Securities, or is only reserved for guarantees of obligations under derivatives contracts and other financial contracts.

15.     Fourth, the Motion fails to address a procedure for the filing of claims based on bonds (or the guaranty of such bonds) which may not have been issued pursuant to an indenture or may have been issued without a designated indenture trustee through which bondholder claims would otherwise be filed.  Intesa objects to the Motion for the lack of information and procedure with respect to such claims.

16.     Fifth, the Motion fails to state whether banks or other entities that hold securities (other than the securities included in the Master List of Securities) (the "Excluded Securities") for their clients are expressly permitted (A) to file a single proof of claim in relation to all the Excluded Securities deposited with the banks/entities or, alternatively, (B) to file proof of claims on behalf of such clients such that the filed claims will be recognized as timely and proper without requesting any special power of attorney or other authority for this purpose, but (i) simply on the basis of a statement from the banks/entities confirming the securities held on behalf of the clients or, alternatively, (ii) on the basis of (a) custodial documentation or, alternatively (b) written proxy agreements.  To the extent that Debtors require Intesa and other third party banks to obtain a special power of attorney to file claims on behalf of their clients, Intesa objects to Debtors' Motion on this ground as well.

17. Further, Intesa objects to the lack of confidentiality provisions to protect the confidential nature of information which may be required to support a claim. Official Form B-10, the official form proof of claim, itself permits redaction of supporting documentation. The Motion, however, proposes numerous procedures which modify the standard claims filing documentation and procedures, and is entirely silent as to the issues of confidentiality and redaction while requiring substantial and detailed information be uploaded into an electronic (and easily communicable) format. For example, the Motion fails to clarify whether the uploading of documents to the Debtors' website in support of a Proof of Claim may be redacted to protect confidential and proprietary transaction information and /or otherwise may be designated as confidential and non-public. The Motion further fails to address whether such confidential information once uploaded will be published on the public record of this case or through the Epiq website or otherwise made publicly available, or whether all such information will be maintained in a confidential manner solely for the review by Debtors and their professionals in connection with the claims adjudication process. In the event it is the Debtors' intent to safeguard the confidential nature of such information, the Motion fails to provide for a mechanism to do so. Intesa thus objects to the Motion since its procedures as drafted appear to require disclosure of specific, negotiated, proprietary information in a highly competitive marketplace and are in conflict with the right to redact as set forth on the official proof of claim form.

18. Finally, to the extent that Debtors (i) late amend, supplement or modify the Motion and proposed Bar Date Order and underlying procedures, (ii) delay publication of amended schedules; or (iii) delay publication of the Master Securities List, Intesa objects to the date of August 24, 2009 as the claims Bar Date for these jointly administered cases and

respectfully requests that such date be fixed at a later date in order to provide adequate time for creditors to review the Debtors' filings to prepare and file their respective claims.

## REQUEST FOR RELIEF

WHEREFORE, for the reasons set forth herein, Intesa respectfully requests that this Court (i) deny the relief requested in Debtors' Motion (ii) direct Debtors to modify proposed claims filing procedures expressly to address the issues raised herein; (iii) extend the proposed Bar Date as may be applicable, and (iv) grant such other and further relief as this Court deems just and proper.

Dated: New York, New York

      June 12, 2009

                      Respectfully submitted,

                      **REED SMITH LLP**

                  By: /s/ Andrea J. Pincus_____
                      Andrea J. Pincus
                      John L. Scott
                      Rizwan A. Qureshi
                      599 Lexington Avenue
                      New York, New York 10022
                      Tel:  212-521-5400
                      Fax:  212-521-5450

                  *Counsel to Intesa Sanpaolo S.p.A*