**Presentment Date and Time: June 12, 2009 at 4:00 p.m. (Prevailing Eastern Time)**
          **Objection Date and Time: June 12, 2009 at 12:00 p.m. (Prevailing Eastern Time)**
           **Hearing Date and Time: June 17, 2009 at 2:00 p.m. (Prevailing Eastern Time)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal

*Attorneys for Banco Bilbao Vizcaya Argentaria, S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                        :

**In re**                              :         **Chapter 11 Case No.**
                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :        **08-13555 (JMP)**
                                        :
        **Debtors.**                    :         **(Jointly Administered)**
                                        :
                                        :
------------------------------------------------------------------x

**JOINDER OF BANCO BILBAO VIZCAYA ARGENTARIA, S.A. TO THE OBJECTION
OF BARCLAYS CAPITAL INC. TO THE MOTION OF THE DEBTORS, PURSUANT
TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE
3003(c)(3), FOR ESTABLISHMENT OF THE DEADLINE FOR FILING PROOFS OF
CLAIM, APPROVAL OF THE FORM AND MANNER OF
<u>NOTICE THEREOF AND APPROVAL OF THE PROOF OF CLAIM FORM</u>**

        Banco Bilbao Vizcaya Argentaria, S.A. ("<u>BBVA</u>"), by and through their

undersigned counsel, hereby join in the Objection Of Barclays Capital Inc. To The Motion Of

The Debtors, Pursuant To Section 502(B)(9) Of The Bankruptcy Code And Bankruptcy Rule

3003(C)(3), For Establishment Of The Deadline For Filing Proofs Of Claim, Approval Of The

Form And Manner Of Notice Thereof And Approval Of The Proof Of Claim Form (the

"<u>Objection</u>"), dated June 11, 2009 [D.I. 3820], filed on behalf of Barclay's Capital Inc.,

Barclay's Bank PLC, and their affiliates (the "Claimants") and incorporates the objections raised therein by reference as if set forth fully herein, and respectfully represent as follows:

1. Like the Claimants to the pending Objection, BBVA is a creditor of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned cases. BBVA has claims against LBHI arising from, inter alia, bonds, derivative contracts and guarantees.

2. BBVA reserves all rights and nothing herein shall be construed as an admission or waiver of any rights or claims that BBVA may be entitled to assert.

3. BBVA hereby joins with, and incorporates by reference herein, all arguments and assertions the Objection made with respect to the Claimants. BBVA reserves all rights to be heard before the Court with regard to the issues raised in the Objection. In addition, BBVA and its affiliates anticipate that they may file claims as agent on behalf of various funds or wealth management customers for which they act as investment manager under various investment management agreements. In Paragraph 19 of the Bar Date Motion, the Debtors say "the Bar Date Order will explicitly provide that third parties are not permitted to assert claims on behalf of another party, and that claims asserted by persons other than those are [sic] legally entitled and authorized to assert such claim [sic] shall be disallowed;" which raises some question about the ability of third parties, including investment managers like BBVA and its affiliates, to file claims. The language of the Debtors' proposed Bar Date Order, which provides in the last full paragraph of page 9 that "any claims asserted, other than claims asserted by parties that are legally entitled and authorized to assert such claim, shall be disallowed," does not appear to contain the absolute bar to claims filing by third parties that the Debtors' described (although the meaning of the term "entitled" in this context is unclear). BBVA believes that the last full

2

paragraph of page 9 is unnecessary to the extent it simply repeats the requirements of Bankruptcy Rule 3001(b) ("[a] proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005") and inappropriate to the extent it attempts to place restrictions of an uncertain scope on who may file a claim beyond those in the Bankruptcy Rules.  Accordingly, BBVA respectfully requests that the Court omit the last full paragraph of page 9 of the Debtors' proposed bar date order from the Bar Date Order issued by the Court.  In the alternative, to the extent that the Court believes it appropriate to remind creditors of the requirements of Bankruptcy Rule 3001(b), BBVA requests the Court to replace that paragraph with the following:

> ORDERED that, as provided in Bankruptcy Rule 3001(b), each proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 ("Filing of Claims by Debtor or Trustee") and 3005 ("Filing of Claim ... by Guarantor, Surety, Indorser, or Other Codebtor").

WHEREFORE, for the reasons set forth herein, BBVA respectfully joins in the Objection and requests that the relief sought therein be made fully applicable to BBVA; and that this Court grant such other and further relief as this Court may deem just or proper.

Dated: New York, New York
June 12, 2009

        Respectfully submitted,

        CLEARY GOTTLIEB STEEN & HAMILTON LLP

  By:  /s/ Sean A. O'Neal
        Sean A. O'Neal
        One Liberty Plaza
        New York, New York 10006
        Telephone: (212) 225-2000
        Facsimile: (212) 225-3999

        *Attorneys for Banco Bilbao Vizcaya Argentaria, S.A.*