**Presentment Date and Time: June 12, 2009 at 4:00 p.m. (Prevailing Eastern Time)**
**Objection Date and Time: June 12, 2009 at 12:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time: June 17, 2009 at 2:00 p.m. (Prevailing Eastern Time)**

Carmine D. Boccuzzi Jr.
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Goldman, Sachs & Co., for itself and on behalf of certain funds and accounts for which it acts as investment manager, Goldman Sachs (Asia) Finance, Goldman Sachs Bank USA, Goldman Sachs Credit Partners L.P., Goldman Sachs International, Goldman Sachs International Bank, Seoul Branch, Goldman Sachs Japan Co. Ltd., Goldman Sachs (Japan) Ltd., GS European Performance Fund Limited, GSW Grundbesitz GmbH & Co. KG, Harpen Immobilien GmbH & Co. KG, J. Aron & Company, WH 2005 / NIAM III East Holding OY, Zwinger Opco 6 BV, Goldman Sachs Asset Management, L.P., on behalf of certain funds and accounts for which it acts as investment manager, Goldman Sachs Asset Management International, on behalf of certain funds and accounts for which it acts as investment manager, and GS Investment Strategies, LLC on behalf of certain funds and accounts for which it acts as investment manager*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                                          :    Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
:
Debtors.                                     :     **(Jointly Administered)**
:
:
------------------------------------------------------------------x

**JOINDER OF GOLDMAN TO THE OBJECTION OF BARCLAYS CAPITAL INC. TO
THE MOTION OF THE DEBTORS, PURSUANT TO SECTION 502(b)(9)
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3),
FOR ESTABLISHMENT OF THE DEADLINE FOR FILING
PROOFS OF CLAIM, APPROVAL OF THE FORM AND MANNER OF
NOTICE THEREOF AND APPROVAL OF THE PROOF OF CLAIM FORM**

Goldman, Sachs & Co., for itself and on behalf of certain funds and accounts for which it acts as investment manager, Goldman Sachs (Asia) Finance, Goldman Sachs Bank USA, Goldman Sachs Credit Partners L.P., Goldman Sachs International, Goldman Sachs International Bank, Seoul Branch, Goldman Sachs Japan Co. Ltd., Goldman Sachs (Japan) Ltd., GS European Performance Fund Limited, GSW Grundbesitz GmbH & Co. KG, Harpen Immobilien GmbH & Co. KG, J. Aron & Company, WH 2005 / NIAM III East Holding OY, Zwinger Opco 6 BV, Goldman Sachs Asset Management, L.P., on behalf of certain funds and accounts for which it acts as investment manager, Goldman Sachs Asset Management International, on behalf of certain funds and accounts for which it acts as investment manager, and GS Investment Strategies, LLC, on behalf of certain funds and accounts for which it acts as investment manager (together, "Goldman"), by and through their undersigned counsel, hereby join in the Objection To The Motion Of The Debtors, Pursuant To Section 502(B)(9) Of The Bankruptcy Code And Bankruptcy Rule 3003(C)(3), For Establishment Of The Deadline For Filing Proofs Of Claim, Approval Of The Form And Manner Of Notice Thereof And Approval Of The Proof Of Claim Form (the "Objection"), dated June 11, 2009 [D.I. 3820], filed on behalf of Barclay's Capital Inc., Barclay's Bank PLC and their affiliates (the "Claimants") and incorporate the objections raised therein by reference as if set forth fully herein, and respectfully represent as follows:[1]

1. Like the Claimants to the pending Objection, Goldman is a creditor of Lehman Brothers Holdings Inc. and its affiliated debtors (the "Debtors") in the above-captioned cases. Goldman has claims against the Debtors arising from, inter alia, derivative contracts and guarantees. The trades underlying these claims number in the thousands.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

2

2. Goldman hereby joins with, and incorporates by reference herein, all arguments and assertions the Objection made with respect to the Claimants. Goldman reserves all rights to be heard before the Court with regard to the issues raised in the Objection and this Joinder.

3. In addition, Goldman anticipates that it may file claims as agent on behalf of various funds for which it acts as investment manager under various investment management agreements. In Paragraph 19 of the Bar Date Motion, the Debtors say "the Bar Date Order will explicitly provide that third parties are not permitted to assert claims on behalf of another party, and that claims asserted by persons other than those are [sic] legally entitled and authorized to assert such claim [sic] shall be disallowed," which raises some question about the ability of third parties, including investment managers like Goldman, to file claims. The language of the Debtors' proposed Bar Date Order, which provides in the last full paragraph of page 9 that "any claims asserted, other than claims asserted by parties that are legally entitled and authorized to assert such claim, shall be disallowed;" does not appear to contain the absolute bar to claims filing by third parties that the Debtors' described (although the meaning of the term "entitled" in this context is unclear). Goldman believes that the last full paragraph of page 9 is unnecessary to the extent it simply repeats the requirements of Bankruptcy Rule 3001(b) ("[a] proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005") and inappropriate to the extent it attempts to place restrictions of an uncertain scope, beyond those in the Bankruptcy Rules, on who may file a claim. Accordingly, Goldman respectfully requests that the Court omit the last full paragraph of page 9 of the Debtors' proposed Bar Date Order from the bar date order issued by the Court. In the alternative, to the extent that the Court believes it appropriate to remind creditors of the requirements of

Bankruptcy Rule 3001(b), Goldman requests the Court to replace that paragraph with the following:

> ORDERED that, as provided in Bankruptcy Rule 3001(b), each proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 ("Filing of Claims by Debtor or Trustee") and 3005 ("Filing of Claim ... by Guarantor, Surety, Indorser, or Other Codebtor").

4.  Goldman reserves all rights and nothing herein shall be construed as an admission or waiver of any rights or claims that Goldman may be entitled to assert.

WHEREFORE, for the reasons set forth herein, Goldman respectfully joins in the Objection and requests that: (i) the relief sought therein be made fully applicable to Goldman; and (ii) the Debtors' motion be denied to the extent set forth in the Objection as amended by this Joinder; (iii) this Court enter a bar date order substantially in the form attached to the Objection, as amended to strike or replace the paragraph discussed in enumerated point 3 of this Joinder; and (iv) this Court grant such other and further relief as this Court may deem just or proper.

Dated: New York, New York
June 12, 2009

>Respectfully submitted,
>
>CLEARY GOTTLIEB STEEN & HAMILTON LLP
>
>By:  /s/ Carmine D. Boccuzzi Jr.
>Carmine D. Boccuzzi Jr.
>One Liberty Plaza
>New York, New York 10006
>(212) 225-2000
>
>*Attorneys for Goldman, Sachs & Co., for itself and on behalf of certain funds and accounts for which it acts as investment manager, Goldman Sachs (Asia) Finance, Goldman Sachs Bank USA, Goldman Sachs Credit Partners L.P., Goldman Sachs International, Goldman Sachs International Bank, Seoul Branch, Goldman Sachs Japan Co. Ltd., Goldman Sachs (Japan) Ltd., GS European Performance Fund Limited, GSW Grundbesitz GmbH & Co. KG, Harpen Immobilien GmbH & Co. KG, J. Aron & Company, WH 2005 / NIAM III East Holding OY, Zwinger Opco 6 BV, Goldman Sachs Asset Management, L.P., on behalf of certain funds and accounts for which it acts as investment manager, Goldman Sachs Asset Management International, on behalf of certain funds and accounts for which it acts as investment manager, and GS Investment Strategies, LLC on behalf of certain funds and accounts for which it acts as investment manager*

5