STROOCK & STROOCK & LAVAN LLP
Lawrence M. Handelsman
Irina Gomelskaya
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------------ x

**OBJECTION OF MIZUHO INVESTORS SECURITIES CO., LTD. TO MOTION OF
THE DEBTORS, PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 3003(c)(3), FOR ESTABLISHMENT OF THE DEADLINE
FOR FILING PROOFS OF CLAIM, APPROVAL OF THE FORM AND MANNER OF
<u>NOTICE THEREOF AND APPROVAL OF THE PROOF OF CLAIM FORM</u>**

Mizuho Investors Securities Co., Ltd. (the "Claimant"), by its undersigned attorneys, hereby files this objection (the "Objection") to the motion of Lehman Brothers Holdings, Inc. ("LBHI") and its affiliates as debtors and debtors-in-possession (the "Debtors") seeking entry of an order (i) establishing a bar date by which proofs of claim based on pre-petition claims must be filed against the Debtors, (ii) approving the proof of claim form and (iii) approving the proposed bar date notice and related notice procedures (the "Motion"). In support of this Objection, the Claimant respectfully states as follows:

<u>Summary</u>

1.     Mizuho Investors Securities Co., Ltd. is a holder of certain medium term notes, including those issued under the $100,000,000,000 Euro Medium-Term Note Program and

$45,000,000,000 Euro Medium-Term Note Retail Program (the "Notes") by Lehman Brothers Treasury Co., B.V., an affiliate of the Debtors, which is currently in its own insolvency proceedings in the Netherlands. The obligations under the Notes were guaranteed by LBHI, which gives rise to guarantee claims against LBHI in these proceedings (the "Guarantee Claims"). The Claimant is one of the holders of record of the Notes in the clearing system and the beneficial ownership in the Notes is held by a great number of third parties.

2.      There is ambiguity in the note program documents as to who is the appropriate party to assert claims arising under the Notes, including the Guarantee Claims, in the bankruptcy forum, whether it be the depository for the clearing houses which physically holds the Notes, the securities companies, such as the Claimant who is the holder of record in the clearing system, or the beneficial owners of the Notes. Notwithstanding this ambiguity, the proposed bar order establishing a claims bar date submitted by the Debtors with their Motion (the "Proposed Bar Order") provides that any claims asserted by the parties that are not "legally entitled" to assert the claim shall be disallowed, thereby threatening to eradicate legitimate Guarantee Claims if it is later determined that, for example, the depository, rather than the holders of record of the Notes in the clearing system (the "Record Holders") is technically the claimholder.

3.      Thus, the Claimant seeks (i) language in the Proposed Bar Order that the Record Holders are expressly, but not exclusively, authorized to file the Guarantee Claims, pursuant to Rule 3001(b) of the Federal Rules of Bankruptcy Procedure and (ii) the elimination of the gratuitous but potentially deleterious "legally entitled" language in the Proposed Bar Order.

**Argument**

4. The Proposed Bar Order provides that "any claims asserted other than claims asserted by parties that are **legally entitled** and authorized to assert such claim, shall be disallowed." (emphases added). As explained in the Motion, the Debtors' intent is to prevent third parties from asserting claims on behalf of another party. See Motion at ¶ 19. However, the term "legally entitled" is inherently ambiguous and subject to potential dispute and litigation. Since it is impossible to conclude with certainty from the face of the documents governing the issuance of the Notes and the guarantees in connection with the Notes who is "legally entitled" to file proofs of claims, each of the depository, the Record Holders and the beneficial holders may feel compelled to file individual proofs of claim out of an abundance of caution to ensure that their rights are protected should the Debtors or another party in interest assert that the filing party is not "legally entitled" to file the Guarantee Claims for whatever reason.

5. The phrase "legally entitled" is not a term of art or a requirement that appears in either Rule 3001 of the Federal Bankruptcy Rules, which governs the filing of a claim, or in Official Form 10, and therefore, the Proposed Bar Order should be modified to remove this language. It is well-known that the requisites for a proof of claim in a bankruptcy case are set forth in Bankruptcy Rule 3001, which provides that "[a] proof of claim is a written statement setting forth a creditor's claim." Fed. R. Bankr. Pro. 3001(a). Bankruptcy Rule 3001(a) further provides that "[a] proof of claim shall conform substantially to the appropriate Official Form," which is Official Form 10. "'The purpose of the proof of claim is to alert the court, trustee, and other creditors, as well as the debtor, to claims against the estate.'" In re Fernstrom Storage and Van Co., 938 F.2d 731, 734 (7th Cir. 1991) (citing In re Daystar of Cal., 122 B.R. 406, 408

3

(Bankr. C.D. Cal. 1990); In re Stern, 70 B.R. 472, 476 (Bankr. E.D. Pa. 1987)); see In re Hanlin Group, Inc., 185 B.R. 703, 707 (D. N.J. 1995).

6. Bankruptcy Rule 3001(b), which governs who may execute a proof of claim states that "[a] proof of claim shall be executed by the creditor or the creditor's authorized agent, except as provided in Rules 3004 and 3005. The signature block in Official Form 10 refers only to execution by "the creditor or other person authorized to file this claim." Therefore, the Proposed Bar Order should be revised to be consistent with the Bankruptcy Rules and the phrase "legally entitled" should be deleted from any order approving a bar date for the Debtors and from any other bar date related materials[1].

7. In addition, as set forth above, the Proposed Bar Order should clearly state that the Record Holders shall be considered authorized parties to file proofs of claim with respect to the Guarantee Claims. Absent such language, the claims register will undoubtedly be flooded with claims by the beneficial holders. This simple modification to the Proposed Bar Order is beneficial not only to the Claimant and the beneficial holders but also to the Debtors and their estates, as it will avoid needless litigation and administrative burdens on the Debtors, the Debtors' claims agent and this Court associated with processing and resolving disputes arising from a great multitude of claims that will otherwise be filed by each of the Record Holders and the beneficial holders of the Notes. To ensure the most efficient and cost-effective administration of the claims process in these Chapter 11 Cases, it is imperative that this Court

---

[1] We understand from Debtors' counsel that the Debtors have agreed to delete the "legally entitled" language from the Proposed Bar Order since filing the Motion. To the extent the Debtors revise the Proposed Bar Order consistent with this change prior to or at the hearing on the Motion and the revised language in the Proposed Bar Order is otherwise satisfactory to the Claimant, then this point of the Objection will be moot.

direct the Debtors to provide in the Proposed Bar Order that the Record Holders are authorized to file the Guarantee Claims.

8.  If the relief requested herein is not granted, the Claimant intends to commence a declaratory judgment proceeding before this Court as soon as practicable, but no later than thirty (30) days after this Court enters an order on the Motion, in order to determine with certainty the appropriate party under the documents governing the Notes that is legally authorized to file proofs of claim.  Therefore, in the event this Court denies the Claimant's request to direct the Debtors to revise the Proposed Bar Order reflecting the changes discussed herein, the Claimant respectfully requests that the Court extend the pre-petition bar date that otherwise would be applicable to the Claimant for a date not earlier than sixty (60) days from the date this Court enters an order making a determination as to who can file the Guarantee Claims.

9.  Alternatively, the Claimant submits that the Debtors should treat the holders of the Guarantee Claims in the same manner as the holders of securities issued by LBHI, who are not required to file proofs of claim under the Proposed Bar Order because the Debtors' obligations to such security holders is a matter of Debtors' records, as such securities will be listed on the Master List of Securities available on the Debtors' website.  See Motion at ¶ 14. The Notes and the guarantees issued by LBHI in connection therewith are a matter of public and Debtor record as well.  Thus, it is both pointless for the LBHI estate to be inundated with proofs of claim relating to Guarantee Claims, which are already in the Debtors' data base, and unfair to impose this burdensome process on the holders of the Guarantee Claims, many of whom are foreign creditors.  Indeed, in the questionnaire required to be prepared by the holders of the Guarantee Claims as proposed in the Motion, the Debtors would require the claimants to submit all documentation relating to the underlying obligation and to the guarantee, which would mean

5

the submission of copies of the base prospectuses, terms and conditions and all other voluminous documentation associated with both the Notes and the Guarantee Claims. Generally, all of such documentation (except for the pricing supplement or final terms (or the like) providing for specific terms, such as the issue date and interest) should be identical as far as the relevant Notes were issued under the same note program. It is incomprehensible why the Debtors would want to overload the court system and the estate's professionals in reviewing not only the proofs of claim but these uniform documents, which will be duplicated as to each Guarantee Claim, unless the goal is to disallow legitimate claims that are found to have some technical defect under the provisions of the Proposed Bar Order. Rather, the Debtors' Master List should include the Guarantee Claims and the holders of such claims should be given the administrative convenience of not having to file proofs of claim.

10.    Notice of this Objection has been provided in accordance with Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 and on those notice parties fully described in the Original Case Management Order dated September 22, 2008 and the Amended Procedures dated February 13, 2009, issued in these Chapter 11 cases by the Court.

11. For all the reasons set forth above, Claimant respectfully requests that this Court enter an order (i) directing the Debtors to modify the Proposed Bar Order and related bar date materials to address the concerns raised herein, and (ii) granting such other and further relief as may be just and proper.

Dated: New York, New York
June 12, 2009

STROOCK & STROOCK & LAVAN LLP

/s/ Lawrence M. Handelsman
Lawrence M. Handelsman
Irina Gomelskaya
180 Maiden Lane
New York, New York 10038
Tel: (212) 806-5400
Fax: (212) 806-6006

*Attorneys for Mizuho Investors Securities Co., Ltd.*