**Objection Deadline: June 12, 2009 at 4:00 p.m. (prevailing Eastern Time)**
**Hearing Date and Time: June 17, 2009 at 2:00 p.m. (prevailing Eastern Time)**

DEWEY & LEBOEUF LLP
1301 Avenue of the Americas,
New York, New York 10019
Telephone: 212-259-8000
Facsimile: 212-259-6333
Martin J. Bienenstock, Esq.
Irena Goldstein, Esq.

Attorneys for The Royal Bank of Scotland plc
and Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
                                                              :
**In re**                                                     :   **Chapter 11**
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                  :   Case No. 08-13555 (JMP)
                                                              :
                        Debtors.                              :   (Jointly Administered)
                                                              :
------------------------------------------------------------- x

**OBJECTION OF ROYAL BANK OF SCOTLAND PLC AND AFFILIATES TO
DEBTORS' MOTION FOR ESTABLISHMENT OF DEADLINE FOR FILING PROOFS
OF CLAIM, APPROVAL OF FORM AND MANNER OF NOTICE THEREOF, AND
<u>APPROVAL OF PROOF OF CLAIM FORM</u>**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

      The Royal Bank of Scotland plc, on behalf of itself and affiliates, including ABN Amro Bank N.V., ABN Amro Incorporated, Sempra Energy Trading LLC, Sempra Energy Solutions LLC and Sempra Oil Trading Sarl (together, "<u>RBS</u>"), hereby objects to the Motion (the "<u>Motion</u>") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11 cases (together, the "<u>Debtors</u>") for the establishment of the deadline for filing proofs of claim, approval of the form and manner of notice thereof, and approval of the proof of claim form, and respectfully represents as follows:

NYA 602224.3

**Preliminary Statement**

1.      The Debtors' proposed bar date procedures ("Proposed Procedures") impose unreasonable burdens upon the Debtors' creditors, particularly those creditors asserting claims based on derivative contracts or guarantees.  If the Debtors' Motion is granted, creditors who fail or are unable to comply with the Proposed Procedures (which bear no resemblance to the claims process outlined in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Official Form 10), will suffer forfeiture of their claims, largely for not attaching thousands of documents the Debtors already have.  While Bankruptcy Rule 9009 "allows alterations to the official forms that does not give parties a free pass to make whatever changes they want whenever they want." *In re Orrison*, 343 B.R. 906, 909 (Bankr. N.D. Ind. 2006).  The Debtors efforts to essentially re-write the Bankruptcy Rules and the official forms should not be allowed. Accordingly, the Debtors' Motion should be denied.

**Objection**

2.      The Bankruptcy Code's claims process is meant to be simple and streamlined. *See*, *e.g.*, *In re Kirkland*, 379 B.R. 341, 352 (10th Cir. BAP 2007) (stating that Congress intended to provide creditors with "a streamlined process for 'proving' their claims").  Essentially, Official Form 10 and the Bankruptcy Rules require a creditor to state the nature and priority of its claim (which in most circumstances can be done by simply checking boxes), and attach supporting documentation or a summary of such documentation.  The claim must be signed and filed.  That is all that is required.

3.      Bankruptcy Rule 9009 provides that "[t]he Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate."  The instructions accompanying the Official Forms note that "alteration will be

appropriate in only rare circumstances." Introduction and General Instructions to Official and Procedural Bankruptcy Forms.

4. "Alterations that 'confuse and confound a streamlined administrative process' . . . or which frustrate 'a quick and easy comprehension of the information presented' . . . are not appropriate." *Orrison*, 343 B.R. at 909 (internal citations omitted). *See also In re Rambo Imaging, L.L.P.*, Case No. 07-11190, 2007 WL 3376163, at *10 (Bankr. W.D. Tex. 2007) ("Courts that have addressed practitioners' changes to the Official Forms do not encourage that practice, emphasizing the need for uniformity and noting the many constituencies involved in reviewing and extracting information from the Forms").

5. For a holder of a derivative or guarantee claim against the Debtors, the Proposed Procedures are the exact opposite of a "streamlined administrative process." They are burdensome, impossible to comply with, and create Kafkaesque problems if violated. A holder of a claim based upon a derivatives contract, must file a proof of claim, fill out the questionnaire attached as Exhibit C to the proposed order granting the Motion and upload onto a website all documents relating to the claim including: "all master agreements, schedules, netting arrangements, confirmations, credit support documentation, guarantees *and other documents related to the transaction,*" — all documents in the Debtors' possession. In addition, creditors would be required to provide extensive detail with respect to trade valuation in excel format, whether or not it already exists in such format. In connection with replacement transactions, the Debtors seek, not simply transaction documents but also, "external communications (including transaction confirmations, other documents, e-mails, or any other writings or information) evidencing or concerning the replacement transactions."

3

6. The proposed order granting the Debtors' Motion provides that any creditor who does not file a proof of claim on or before the bar date "<u>specifically</u>, including filling out the Derivative Questionnaire or the Guarantee Questionnaire and uploading required information. . . shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim." Proposed Order, pp. 7-8.

7. The disallowance of a claim because <u>all</u> supporting documentation is not attached to the claim is not only draconian, but materially conflicts with Official Form 10, Bankruptcy Rules 3001(f) and 3003 (c)(2). Official Form 10 permits creditors to attach a summary of the documentation supporting their claims. As the Court is well aware, creditors routinely provide a detailed summary in lieu of documentation, particularly when such documentation is voluminous and is already in the debtor's possession. *See*, *e.g.*, *In re Herron*, 381 B.R. 184, 189 (Bankr. E.D. Pa. 2008) ("Since the 'writing' that underlies [the debt] can often be voluminous, creditors can comply with Rule 3001 by attaching an account summary to the proof of claim"); *In re Armstrong*, 320 B.R. 97, 105 (Bankr. N.D. Tex. 2005) (holding that "because of the voluminous nature of the supporting documentation involved with . . . the individual transaction records evidencing the debt, Official Form 10 allows for a summary to be attached to the claim"); *In re Relford*, 323 B.R. 669, 674 (Bankr. S.D. Ind. 2004) ("Official Form 10 . . . allows for attachment of a summary of the claim, which falls in line with Federal Rule of Evidence 1006, allowing voluminous documentation to be 'presented' in the form of a chart, summary, or calculation").

4

Notably, the Debtors have not proposed that if they object to a claim, they should be required to provide all documents they may rely on with their objection and that their objection should be overruled if they omit a document. The patent one-sidedness of the Debtors' proposal, by itself, exposes its unfairness and its unworthiness of court approval.

8. Under Bankruptcy Rule 3001(f), "a proof of claim executed . . . in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Because a claim is deemed allowed until objected to (including when supporting documents are not attached, but merely summarized), permitting the Debtors to disallow claims for failing to provide all supporting documents conflicts with Bankruptcy Rule 3001(f). Moreover, Bankruptcy Rule 3003(c)(2), which the Debtors cite in the proposed order,[1] does not provide for the disallowance of a claim because of a lack of supporting documentation, but only for failure to file a proof of claim in a timely manner.

9. This is not a problem in the abstract for RBS. It is real. RBS is party to numerous derivative contracts with the Debtors under which the parties executed tens of thousands of trade confirmations. A literal reading of the Proposed Procedures, would require RBS to attach all documents relating to the trade confirmations, including email correspondence, and create excel spread sheets to avoid forfeiture of its claims. RBS has significant concerns that it will be unable to collect, review, and scan the required documentation by August 24, 2009 – the proposed bar date. RBS objects to the Proposed Procedures and requests that creditors be authorized to comply with Official Form 10 and the Bankruptcy Code and Rules. If the Debtors object to its claims, RBS will provide all information required under applicable discovery rules.

10. If the Court is inclined, however, to require a creditor to submit volumes of documentation in support of its claim, at a minimum, the bar date should be no earlier than

---

[1] The proposed order references Bankruptcy Rule 2003(c)(2), which is presumably a typographical error.

September 24, 2009 and the Proposed Procedures should be modified to provide that a creditor who attempts to comply in good faith with the Procedures will not be barred from making a claim or supplementing a filed claim because the Debtors' requirements were not strictly complied with.

11.  Finally, because the procedures described in the Bar Date Order effectively amount to pre-litigation discovery of every document that a creditor could conceivably rely upon if its claim were disputed by the Debtors, the Debtors should be required to furnish all documents they possess relating to the claim and the underlying derivative contracts or guarantees in connection with any objection they file to such claims. There should be an even playing field, not a procedure under which creditors forfeit claims for not filing documents the Debtors already have, while the Debtors are allowed to play cat and mouse with whatever documents they will rely on to defend against a claim.

WHEREFORE RBS requests that this Court deny the Motion and grant RBS such other and further relief as is just and proper.

| | |
|---|---|
| Dated: New York, New York<br>June 12, 2009 | DEWEY & LEBOEUF LLP<br><br>/s/Martin J. Bienenstock<br>Martin J. Bienenstock, Esq.<br>Irena Goldstein, Esq.<br>1301 Avenue of the Americas<br>New York, New York 10019<br>Telephone: 212-259-8000<br>Facsimile: 212-259-6333<br><br>Attorneys for The Royal Bank of Scotland plc and its Affiliates |

6

NYA 602224.3