**Objection Deadline:  June 12, 2009 at 12:00 p.m. (Eastern)**
                                **Hearing Date and Time:  June 17, 2009 at 2:00 p.m. (Eastern)**

WHITE & CASE LLP
Abraham L. Zylberberg, Esq.
1155 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113

Counsel for Korea Development Bank


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | 08-13555(JMP) |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | (Jointly Administered) |
| **DEBTORS.** | : | |
| | : | |

---------------------------------------------------------------x


**OBJECTION OF KOREA DEVELOPMENT BANK TO MOTION, PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3), FOR ESTABLISHMENT OF THE DEADLINE FOR FILING PROOFS OF CLAIM, APPROVAL OF THE FORM AND MANNER OF NOTICE THEREOF AND <u>APPROVAL OF THE PROOF OF CLAIM FORM</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Korea Development Bank ("<u>KDB</u>"), through its undersigned counsel, objects to the Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof Of Claim Form (the "<u>Motion</u>"), and state as follows:

**Background**

1.      KDB, through various of its branches and offices (Korean Development Bank Seoul, Korean Development Bank London, and Korean Development Bank, New York Branch), is a holder of certain debt securities issued by Lehman Brothers Holdings Inc. ("LBHI") (the "Debt Securities").

2.      While each of the Debt Securities are ultimately held of record by and are registered in the name of a central securities depository or its nominee, and there may be other intermediary holders, KDB ultimately holds the beneficial and economic interests therein.

**Objection**

3.      KDB objects to unclear language set forth in the Motion and proposed order that may have the effect of creating uncertainty as to who is the proper person to file a proof of claim (thereby creating a trap for the unwary) and of preventing holders of beneficial interests of the Debt Securities from protecting such interests where the record holders of such interests do not file a proof of claim or file inadequate proofs of claims.

4.      The Motion requests that the Court order that "any claims asserted, other than claims asserted by parties that are legally entitled and authorized to assert such a claim, shall be disallowed."  It is unclear which proofs of claim, that would apparently otherwise be properly filed, this language is meant to cause to be disallowed or by what authority such blanket, non-discriminating disallowance is sought.  The Motion states that it is necessary due to the volume and potentially overlapping nature of claims and is targeted at "third parties," Motion ¶ 19, but the size and complexity of these chapter 11 cases call for *more* rather than less care in resolving claims, and the law already provides an opportunity to object to duplicate proofs of claim.  The Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and applicable case law make

clear who may file a proof of claim, and the Debtors cite no authority that would allow the Court to change the otherwise applicable rules.

5. KDB therefore objects to any deviation from otherwise applicable rules as to who may file a proof of claim (and as to whether it may be disallowed on the basis of who filed it) to the extent such change would cause any proofs of claim that KDB (or its agent) filed respecting its interest in the Debt Securities to be disallowed. No proof of claim filed by the record or beneficial holder of the Debt Securities should be disallowed on the basis of who filed it.

6. KDB seeks an opportunity to review and be heard on any revised order before it is entered.

WHEREFORE, for the foregoing reasons, KDB requests that the Court deny the Motion to the extent that it would authorize a proof of claim to be disallowed on the basis that it was filed by any holder of record of or by the holder of a beneficial interest in Debt Securities issued the Debtors.

Dated: June 12, 2009
      New York, New York

Respectfully submitted,

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Abraham L. Zylberberg

By: _____
    Abraham L. Zylberberg

ATTORNEYS FOR KOREA
DEVELOPMENT BANK