CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Richard Levin (RL-1651)

Attorneys for Credit Suisse and certain subsidiaries

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11 Case<br><br>No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF CREDIT SUISSE AND CERTAIN SUBSIDIARIES TO MOTION OF THE DEBTORS FOR ESTABLISHMENT OF DEADLINE FOR FILING PROOFS OF CLAIM AND FOR RELATED RELIEF**

Credit Suisse, on behalf of itself and certain of its subsidiaries (collectively, "Credit Suisse") by and through its undersigned counsel, files this limited objection to the Debtors' Motion [Docket No. 3654] (the "Motion") only with respect to certain aspects of the procedures surrounding the proposed Master List of Securities. Credit Suisse notes that objections have been filed by other parties in interest, particularly with respect to the proposed Derivatives Questionnaire. Credit Suisse is in general agreement with those other objections, but in the interest of brevity, focuses here only on the issues related to the proposed Master List of Securities, particularly with respect to guaranteed securities as set forth below.

The Motion seeks to reduce the burden placed on creditors asserting claims based on certain securities and at the same time reduce the number of unnecessary proofs of claim that

the Debtors and its advisors will be required to process. The Debtors' attempt to achieve these two goals is laudable. However, the Debtors fall short, creating additional and unnecessary burdens on security holders and on the Debtors and their advisors, in a manner that is consistent with neither common sense nor the Bankruptcy Code. Two simple and limited changes in the proposed procedures could provide substantial benefits.

Section 521(a)(1)(B)(i) of the Bankruptcy Code and Rule 1007(b) of the Fed. R. Bankr. Proc. require a debtor to file a schedule of liabilities. The Official Form requires that the Schedule of Liabilities state whether a liability is disputed, unliquidated or contingent and requires that the Debtor verify the Schedule. Section 1111(a) effectively excuses a creditor whose claim is scheduled as undisputed, fixed and liquidated from filing a proof of claim by providing that a proof of such a claim is deemed filed. The result is reduced burdens on creditors and reduced paperwork for the debtor in possession and its advisors.

Although it does not expressly say so, the Motion apparently attempts to comply with these salutary provisions at least in part through a proposed Master List of Securities, which would list certain securities for which holders would not need to file a proof of claim. (Motion, ¶14(h).) Credit Suisse believes that the proposed Master List is a useful and constructive approach to dealing with the extraordinary number of securities that these Debtors issued and with the likely extraordinary number of holders of such securities who would otherwise be required to file proofs of claim. However, the Motion omits two features that would enhance the effectiveness of the Master List and that may be effectively required by sections 521(a)(1)(B)(i) and Rule 1007(b).

First, Credit Suisse's own investigations suggest that the Debtors issued numerous securities that were guaranteed by Lehman Brothers Holdings, Inc. or other Lehman Debtors.

2

The requirements of section 521(a)(1(B)(i) and Rule 1007(b) should apply equally to the claims under a guarantee of a security listed on the Master List of Securities, so as to obtain the benefits of section 1111(a) for the guarantee claims. The Debtors will be required, under the procedures they have proposed, to determine whether a security should be included on the Master List of Securities, presumably based on a review of the documents under which the security was issued to determine that it is an undisputed obligation of the issuing Debtor. That review should make it equally clear to the Debtors whether another Debtor guaranteed the security, and that information should be as easily included in the Master List as the information about the guaranteed security itself.

Including the information would be consistent with the scheduling and claims filing procedures of the Bankruptcy Code and Rules. Including the information would also reduce the proof of claims paperwork that would threaten to overwhelm any claims management agent, even without the additional guarantee claims. Finally, including the information would eliminate a trap for unwary securities holders. Holders of guaranteed securities may well be lulled into a false sense of security that the listing on the Master List of Securities absolves them of any need to file a proof of claim, when in fact, under the Debtors' proposed procedures, they would still be required to file on the guarantee. Other noteholders, who are unlikely to know whether a fiscal agent or indenture trustee for a guaranteed security will file a guarantee claim, may file duplicate individual guarantee claims. Therefore, Credit Suisse proposes that the bar date procedures be modified to require that the Debtor include on the Master List of Securities an indication of whether a listed security has been guaranteed by a Debtor and that creditors not be required to file a claim under any such guarantee.

Second, the proposed bar date procedures would permit any holder of a security that is not listed on the Master List of Securities to complete and submit to the Debtors an "Inquiry Regarding Security Not on Master List of Securities" form.  (Motion, ¶15.) The Debtors would then investigate the inquiry and either add the security to the Master List of Securities or provide an explanation as to why the security will not be added.  Though generally a helpful process, the proposed procedures provide no deadline for the Debtors to investigate or respond, providing creditors with little value regarding the inquiry process.  The absence of a deadline substantially undercuts the usefulness of the proposed inquiry procedure.  Creditors who do not know when they may receive a response must protect themselves by filing a proof of claim, thereby defeating to some degree the purpose of the proposed Master List of Securities.  Credit Suisse proposes that the bar date procedures require the Debtors to respond to any such inquiry within seven calendar days after receipt of the inquiry, either adding the security or advising that it will not be added.  This would allow a creditor to raise an inquiry and receive a response in a timely manner, thereby allowing it the necessary time to file a claim if needed.

WHEREFORE, Credit Suisse respectfully requests that the Court sustain this limited objection and approve the Motion only with the modifications proposed in this objection.

Dated: June 12, 2009

Respectfully submitted,

**CRAVATH, SWAINE & MOORE LLP**

By:      s/ Richard Levin
    Richard Levin
    CRAVATH, SWAINE & MOORE LLP
    825 Eighth Avenue
    New York, NY 10019
    Telephone:  (212) 474-1000
    Facsimile:  (212) 474-3700

    Attorneys for Credit Suisse and certain
    subsidiaries