NIXON PEABODY LLP
Joseph M. Gitto
437 Madison Avenue
New York, NY 10022
Telephone: (212) 940-3000
and
Amanda D. Darwin
Richard C. Pedone (admitted *pro hac vice*)
100 Summer Street
Boston, MA  02110
Telephone: (617) 345-1000

*Counsel to Deutsche Bank Trust Company Americas*
*and Deutsche Bank National Trust Company,*
*each in their roles as Trustee, Indenture Trustee, Supplemental Interest Trust Trustee*
*and in other related fiduciary capacities*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| LEHMAN BROTHERS HOLDINGS, INC., et al., ) | |
| ) | Case No. 08-13555 (JMP) |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

**LIMITED OBJECTION OF DEUTSCHE BANK TRUST COMPANY AMERICAS,
AND DEUTSCHE BANK NATIONAL TRUST COMPANY, EACH AS TRUSTEE AND
INDENTURE TRUSTEE, TO DEBTORS' MOTION, PURSUANT TO SECTION
502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3) FOR
ESTABLISHMENT OF THE DEADLINE FOR FILING PROOFS OF
CLAIM, APPROVAL OF THE FORM AND MANNER OF
<u>NOTICE THEREOF AND APPROVAL OF THE PROOF OF CLAIM FORM</u>**

Deutsche Bank Trust Company Americas and Deutsche Bank National Trust Company

(the "<u>Indenture Trustees</u>"), each as Trustee, Indenture Trustee, Supplemental Interest Trust

Trustee, and in their other related fiduciary capacities for various trusts and other transactions,

file this limited objection to the Debtors' Motion, Pursuant to Section 502(b)(9) of the

Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing

Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof

12590630.4

of Claim Form (the "Motion").[1] Most of the concerns raised in this limited objection have been discussed with the Debtors' counsel and the Indenture Trustees hope that the issues can be resolved prior to the hearing on the Motion. In further support of this limited objection, the Indenture Trustees state as follows:

**BACKGROUND**

1.   The Indenture Trustees act as trustee, indenture trustee, and supplemental interest trust trustee for complex financial arrangements established for the purpose of issuing debt obligations secured by different types of assets including, but not limited to, residential and commercial mortgage loans, corporate bonds, student loans, residential mortgage-backed securities, commercial mortgage-backed securities, collateralized debt obligations, and other types of asset-backed securities (such debt obligations collectively referred to as the "Asset-Backed Securities").

2.   The issuers (the "Issuers"), or the Indenture Trustees on behalf of the Issuers, of the Asset-Backed Securities, contemporaneously with the issuance of the Asset-Backed Securities or subsequent to such issuances, often entered into derivative contracts, including agreements documented on or pursuant to standardized forms published by the International Swaps and Derivatives Association, Inc. (the "Swap Agreements"), with one or more of the Debtors for the purpose of credit enhancement or for hedging interest-rate, cash-flow timing or other risks associated with the Asset-Backed Securities. In addition, Issuers have also entered into other types of derivative contracts with one or more of the Debtors, such as credit default swap transactions.

---

[1] Capitalized terms used but not defined herein shall have the meanings given to such terms in the Motion.

- 2 -

12590630.4

3.  The Issuers typically pledged to the Indenture Trustee rights under derivatives contracts as security for the obligations of the Issuers under the Asset-Backed Securities. Accordingly, in those circumstances, the Indenture Trustees have a security interest or other interest or entitlement in respect of the Swap Agreements and other derivative contracts.

4.  Many of the Swap Agreements were entered into by the Issuers with Lehman Brothers Special Financing Inc. ("LBSF") or Lehman Brothers Derivative Products, Inc. ("LBDP") and, in turn, Lehman Brothers Holdings Inc. ("LBHI") guaranteed LBSF's or LBDP's obligations as a credit support provider under such Swap Agreements. Under the standard terms of a Swap Agreement, a voluntary bankruptcy filing by a counterparty (or its credit support provider) is an event of default giving the non-defaulting counterparty the right, but not the obligation, to terminate all outstanding derivative transactions under the Swap Agreement.

5.  In furtherance of their duties, the Indenture Trustees may file Proofs of Claim based on Swap Agreements and other derivative contracts.

**OBJECTION**

6.  The Indenture Trustees object to the Motion and seek clarification in any order allowing the Motion for two primary[2] reasons. First, the Motion proposes that the Court enter an order that may interfere with the rights of the Indenture Trustees to file Proofs of Claim relating to derivative contracts. Second, the Motion is vague with respect to a key issue: what constitutes a "Derivative Contract"?

7.  The Motion provides that:

---

[2] The Indenture Trustees join the objection of Wells Fargo & Company and Wells Fargo Bank, National Association [Docket No. 3830] to the extent that such objection asserts that the proposed procedures are onerous and the deadlines are too short. With their proposed procedures, the Debtors seek to shift burdens and impose discovery requirements on claimants against whom the Debtors have not even raised an objection.

- 3 -

12590630.4

>…the **Bar Date Order will explicitly provide that third parties are not permitted to assert claims on behalf of another party**, and that claims asserted by persons other than those [sic] are legally entitled and authorized to assert such claim shall be disallowed.

Motion, ¶ 19 (emphasis added). Because there are instances where the Indenture Trustees may determine it is advisable and appropriate to file Proofs of Claim in connection with a Swap Agreement to which it is not a counterparty, the relief sought in the Motion is overbroad. The Bar Date Order should not restrict the rights of the Indenture Trustees to file Proofs of Claim in instances where they may have an interest in a particular Derivative Contract, whether as a secured party or otherwise, but may not be a counterparty to that Derivative Contract.

8.     Moreover, the Motion is unclear as to what constitutes a "Derivative Contract." For example, many Derivative Contracts are documented pursuant to ISDA Master Agreements with corresponding confirmations that set forth the details of particular swap transactions entered into by the counterparties thereto. The Motion does not explain the circumstances under which (if any) multiple Proofs of Claim are required to be filed with respect to Derivative Contracts documented under the same ISDA Master Agreement with a counterparty. Clarifying the intended scope of "Derivative Contract" for purposes of the Motion is essential for counterparties to protect their rights and adequately preserve claims against the Debtors under a Derivative Contract.

## CONCLUSION

WHEREFORE, the Indenture Trustees request that any Order granting the relief sought in the Motion not alter any rights of the Indenture Trustees under the Bankruptcy Code and that any Bar Date Order: (a) not disallow claims based on Derivative Contracts for the sole reason that they are asserted by trustees who may not be a party to the Derivative Contract at issue; (b) clarify the meaning of the term "Derivative Contract" as used in the Motion; and (c) grant such other and further relief as this Court deems necessary and appropriate, including, without limitation, providing clarity with regard to the rights and obligations of the Indenture Trustees in connection with the filing of Proofs of Claim.

Dated: New York, New York
       June 12, 2009

Respectfully Submitted,

By: */s/ Joseph M. Gitto*
Joseph M. Gitto
NIXON PEABODY LLP
437 Madison Avenue
New York, NY 10022
Telephone: (212) 940-3000
Facsimile: (212) 940-3111

and

Amanda D. Darwin
Richard C. Pedone (admitted *pro hac vice*)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000

*Counsel to Deutsche Bank Trust Company America, and Deutsche Bank National Trust Company, each in their roles as Trustee, Indenture Trustee, Supplemental Interest Trust Trustee and in other related fiduciary roles*

12590630.4