WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re**                                            :   **Chapter 11 Case No.**
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,         :   **08-13555 (JMP)**
                                                     :
                     Debtors.                        :   **(Jointly Administered)**
                                                     :
------------------------------------------------------------------x

**MOTION PURSUANT TO SECTIONS**
**105(a) AND 363 OF THE BANKRUPTCY CODE SEEKING**
**AUTHORIZATION OF INTERCOMPANY FUNDING OF**
**ARS HOLDINGS II LLC BY LEHMAN BROTHERS HOLDINGS INC.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI", together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), files this motion and respectfully represents:

**Background**

1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

## Jurisdiction

3. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Lehman's Business

4. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

5. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Preliminary Statement**[1]

6.  In order to preserve one of Lehman's valuable assets, a twenty percent interest in D.E. Shaw, ARS Holdings II LLC, a non-debtor, wholly-owned, direct subsidiary of LBHI ("ARS Holdings"), is required to fund an earn-out payment to D.E. Shaw. To satisfy its obligation, ARS Holdings requires intercompany funding from LBHI. LBHI has been advised that the Creditors' Committee approves of LBHI's reasonable exercise of its business judgment to fund ARS Holdings in exchange for a note. As explained more fully below, LBHI seeks Court approval to provide the Intercompany Funding.

**Lehman's Interest in D.E. Shaw**

7.  In March 2007, Lehman acquired a twenty percent stake in each of D.E. Shaw & Co., L.P. and D.E. Shaw & Co., L.L.C. (together, "D.E. Shaw") (such twenty percent stake, the "D.E. Shaw Interest"). The D.E. Shaw Interest was acquired and held by ARS Holdings. As consideration for the D.E. Shaw Interest, ARS Holdings made a significant upfront cash payment and became contractually obligated to make two back-end payments – one in 2009 and one in 2012. The 2009 payment totals approximately $134,330,000 and is due by June 16, 2009 (the "2009 Earn-Out Payment"). In connection with the transaction, LBHI guaranteed ARS Holdings' obligation to D.E. Shaw.

8.  The D.E. Shaw group is a global investment firm based in New York. With approximately $29 billion in investment and committed capital as of April 1, 2009, the firm is one of the largest hedge fund managers in the world. The firm was founded in 1988 by Dr. David E. Shaw and currently employs over 1,600 employees in offices throughout Europe, Asia, and North America. D.E. Shaw's performance has been strong, outperforming the broader

---

[1] Capital terms used but not defined shall have the meaning ascribed to them below.

market in most years since 2001, including in 2008.  As such, the D.E. Shaw Interest is an extremely valuable asset of ARS Holdings and the equity of ARS Holdings is, in turn, an extremely valuable asset of LBHI's estate.  The D.E. Shaw Interest is structured as a passive, minority investment, with no management or board representation, but ARS Holdings is entitled to 20 percent of D.E. Shaw's distributed net income.  Through 2008, ARS Holdings has already received significant distributions.

9. Because ARS Holdings currently does not have sufficient cash to make the 2009 Earn-Out Payment, LBHI has agreed to provide sufficient intercompany funding to ARS Holdings to enable it to satisfy such obligation (the "Intercompany Funding").  LBHI believes that payment of the 2009 Earn-Out Payment is ordinary course and does not require Court approval, particularly given that the Creditors' Committee has advised that it has no objection and consents to the funding.  However, consistent with its rights under the Cash Management Order, the Creditors' Committee has made the consent contingent upon LBHI seeking Court approval.[2]  Accordingly, so as not to jeopardize the D.E. Shaw Interest, LBHI is forced to filed this motion on shortened notice so that Court approval may be obtained as soon as possible to satisfy the 2009 Earn-Out Payment in a timely manner.

**Relief Requested**

10. To prevent a loss of all or a substantial portion of the D.E. Shaw Interest, preserve the opportunity to realize the fair value of the D.E. Shaw Interest, and thereby maximize recoveries to LBHI's creditors, LBHI seeks authorization to provide the Intercompany Funding

---

[2] On November 6, 2008, the Court authorized the Debtors to continue to use Lehman's existing cash management system (the "Cash Management Order") [Docket No. 1416].  The Cash Management Order allows the Debtors to transfer cash to non-Debtor subsidiaries provided that the Debtors exercise commercially reasonable efforts to obtain a note accruing at a market rate of interest and a valid perfected lien in exchange for the transfer of cash.  In addition, the Debtors are required to seek the approval of the Creditors' Committee prior to making a transfer in excess of $25 million for a single transaction.

to ARS Holdings. In accordance with the Cash Management Order, ARS Holdings will provide LBHI with a note. Given the exigency of the circumstances and to avoid irreparable harm, LBHI requests that the Court waive the requirements of Bankruptcy Rule 6004(h)[3] and direct that the order granting the relief requested herein be effective immediately. As set forth more fully below, LBHI's decision to make the Intercompany Funding represents a reasonable exercise of its business judgment and is of substantial benefit to its estate and creditors. Accordingly, the Intercompany Funding should be approved.

### Sound Business Reasons Support
### LBHI's Decision to Provide the Intercompany Funding

11. As described above, ARS Holdings is contractually obligated to make the 2009 Earn-Out Payment by June 16, 2009. However, ARS Holdings has insufficient funds to make such payment. Prior to the Commencement Date, intercompany cash transfers for similar obligations were made from LBHI to its various subsidiaries. LBHI seeks authorization to provide the Intercompany Funding to ARS Holdings to satisfy the 2009 Earn-Out Payment, which will preserve the value of the D.E. Shaw Interest and, thus, the equity of ARS Holdings for the benefit of LBHI's creditors. The Debtors believe that the Intercompany Funding is an ordinary course transaction, which, absent the Cash Management Order, could be accomplished, pursuant to section 363(c)(1), without notice or a hearing. Nevertheless, at the request of the Creditors' Committee, and, to the extent necessary, the Debtors request approval of the Intercompany Funding pursuant to 363(b)(1).

12. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of

---

[3] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.

business, property of the estate." 11 U.S.C. § 363(b)(1). When considering a transaction outside the ordinary course of business, courts in the Second Circuit, and others, require that such transaction be based upon the sound business judgment of the debtor. *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1070 (2d Cir. 1983); *accord In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992); *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper* (*In re Schipper*), 933 F.2d 513, 515 (7th Cir. 1991)); *Institutional Creditors of Cont'l Airlines, Inc. v. Cont'l Airlines, Inc.* (*In re Cont'l Airlines, Inc.*), 780 F.2d 1223, 1226 (5th Cir. 1986).

13. It is generally understood that "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). If a valid business justification exists, there is a strong presumption that "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom,* 488 A.2d 858, 872 (Del. 1985)), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993). The burden of rebutting this presumption falls to parties opposing the proposed exercise of a debtor's business judgment. *Id.* (citing *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984)).

14. In other large chapter 11 cases, this Court has authorized debtors to fund capital contributions to their subsidiaries/affiliates under similar circumstances.[4] Further, in

---

[4] *See In re Calpine Corp.*, Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. 2005) [Docket No. 2661] (approving $45 million capital contribution), [Docket No. 3070] (approving $35 million capital contribution), [Docket No. 3796] (approving $23 million capital contribution), [Docket No. 4313] (approving an aggregate $60 million capital contribution), [Docket No. 4314] (approving $30 million capital contribution); *In re Loral Space & Communications Ltd.*, Case No. 03-41710 (RDD) (Bankr. S.D.N.Y. 2003) [Docket No. 1051] (approving aggregate $5 million capital contribution), *In re Magellan*

these chapter 11 cases, this Court has approved intercompany funding between LBHI and certain of its non-debtor affiliates.[5] Indeed, such funding clearly is contemplated by the Cash Management Order approved by this Court on November 6, 2008.[6]

15. Ample business justifications support the relief requested in this Motion. Unless sufficient cash is immediately made available to ARS Holdings to enable it to satisfy the 2009 Earn-Out Payment, ARS Holdings will be in breach of the agreements governing the D.E. Shaw Interest. Such breach could result in the loss of all or a substantial portion of the D.E. Shaw Interest and would create an adversarial relationship with D.E. Shaw that could trigger, among other things, withholding of distributions, and difficulty in monetizing the asset, which requires D.E. Shaw's cooperation and consent.

16. LBHI undertook an extensive analysis to determine whether providing the Intercompany Funding would be in the best interests of its estate. LBHI and ARS Holdings considered other alternatives to making the 2009 Earn-Out Payment, such as selling its interest in D.E. Shaw. By making the 2009 Earn-Out Payment, not only will the current value of the D.E. Shaw Interest be preserved, but ARS Holdings will be able to realize a greater return from a future sale of the D.E. Shaw Interest. Due to the existing market environment, the pool of potential buyers currently in a position to acquire this investment is extremely limited, and a

---

*Health Services, Inc.*, (Case No. 03-40515) (PCB) (Bankr. S.D.N.Y. 2003) [Docket No. 1196] (approving $5.5 million capital contribution).

[5] *See* order granting *LBHI's Motion, As Supplemented, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code, For Authorization To Fund A Capital Contribution To Woodlands Commercial Bank*, dated February 17, 2009 [Docket No. 2846]; order granting *LBHI's Motion, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 9019 and 6004, for Authorization to Increase the Capital Level of Lehman Brothers Bank, FSB through (i) the Settlement of Pending Disputes and (ii) a Direct Capital Contribution of up to $15 Million*, dated February 17, 2009 [Docket No. 2847]; and order granting *the Debtors Motion for Authorization to Invest Capital and to Perform Certain Related Actions to Support the Capital Level of Lehman Brothers Bank*, dated March 31, 2009 [Docket No. 3243].

[6] *See supra* note 2.

potential buyer's perception of the current valuation of the D.E. Shaw Interest would likely be depressed. By holding the D.E. Shaw Interest and seeking to monetize it at a future date when the market environment will have improved, ARS Holdings and LBHI will have the ability to capture significantly more value for the D.E. Shaw Interest. In the interim, ARS Holdings will continue to receive cash distributions from D.E. Shaw on account of the D.E. Shaw Interest.

### **Waiver of Rule 6004(h)**

17. For these reasons, the Intercompany Funding to ARS Holdings is in the best interests of LBHI's estate and creditors and represents a reasonable exercise of its business judgment. Because the 2009 Earn-Out Payment will be past due at the time of the hearing to consider this Motion, LBHI requests that the Court waive the requirements of Bankruptcy Rule 6004(h) and direct that the order granting the relief requested herein be effective immediately. As such, the relief requested in this Motion should be granted.

### **Notice**

18. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) D.E. Shaw; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

19. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: June 12, 2009
      New York, New York

                    /s/ Shai Y. Waisman
                    Shai Y. Waisman

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Debtors
                    and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :   08-13555 (JMP)
                                                            :
                    Debtors.                                :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

ORDER PURSUANT TO SECTIONS
105(a) AND 363 OF THE BANKRUPTCY CODE
AUTHORIZING INTERCOMPANY FUNDING BY
LEHMAN BROTHERS HOLDINGS INC. TO ARS HOLDINGS II LLC

Upon the motion, dated June 12, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI" together with its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors-in-possession the "Debtors"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to provide intercompany funding to ARS Holdings II LLC ("ARS Holdings"), its non-debtor, wholly-owned, direct subsidiary (the "Intercompany Funding"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures

US_ACTIVE:\43061413\07\43061413_7.DOC\58399.0003

[Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) D.E. Shaw; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a) and 363 of the Bankruptcy Code, LBHI is authorized, but not required, to provide the Intercompany Funding to ARS Holdings; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(g) are waived and this Order is effective immediately upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: June __, 2009
 New York, New York

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE