WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re**  :  **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :  **08-13555 (JMP)**
: 
Debtors.  :  (Jointly Administered)
: 
------------------------------------------------------------------x

# DECLARATION OF SHAI Y. WAISMAN IN SUPPORT OF ORDER TO SHOW CAUSE SCHEDULING A HEARING TO CONSIDER DEBTOR'S MOTION PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE SEEKING AUTHORIZATION OF INTERCOMPANY FUNDING OF ARS HOLDINGS II LLC BY LEHMAN BROTHERS HOLDINGS INC.

SHAI Y. WAISMAN, being duly sworn, hereby declares pursuant to section 1746 of title 28 of the United States Code:

1. I am an attorney admitted to practice before this Court and a partner of Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors-in-possession (collectively and together with LBHI, the "Debtors"). Unless otherwise indicated, I have knowledge of the facts set forth herein from various employees of the Debtors and from the Debtors' professionals.

2. I am submitting this declaration in support of the Order to Show Cause being contemporaneously submitted to schedule a hearing on expedited notice with respect to

LBHI's motion, dated June 12, 2009 (the "Motion"), pursuant to sections 105(a) and 363(b) of the title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking authorization to provide intercompany funding to ARS Holdings II LLC ("ARS Holdings"), a non-debtor, wholly-owned, direct subsidiary of LBHI, all as more fully described below and in the Motion.

3. Pursuant to the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for the Debtors' cases [Docket No. 2837], the Motion requires at least twenty days' notice prior to a hearing. LBHI is requesting an order shortening the notice period ordinarily required and setting June 17, 2009, as the date for the hearing to consider the Motion.

**The Need for Shortened Notice with Respect to the Motion**

4. Ample cause exists to shorten the notice period ordinarily required for the Motion. In March 2007, Lehman acquired a twenty percent stake in each of D.E. Shaw & Co., L.P. and D.E. Shaw & Co., L.L.C. (together, "D.E. Shaw") (such twenty percent stake, the "D.E. Shaw Interest"). The D.E. Shaw Interest was acquired through and held by ARS Holdings. LBHI believes that the D.E. Shaw Interest is an extremely valuable asset of ARS Holdings and, in turn, the equity of ARS Holdings is an extremely valuable asset of LBHI's estate.

5. As consideration for the D.E. Shaw Interest, ARS Holdings made a significant up-front cash payment and became contractually obligated to make two back-end payments – one in 2009 and one in 2012. The 2009 payment totals approximately $134,330,000 and is due by June 16, 2009 (the "2009 Earn-Out Payment").

6. Because ARS Holdings currently does not have sufficient cash to make the 2009 Earn-Out Payment, LBHI has agreed to provide sufficient intercompany funding to

ARS Holdings to enable it to satisfy such obligation in exchange for a note secured by a portion of the D.E. Shaw Interest (the "Intercompany Funding").

7. LBHI believes that the Intercompany Funding will preserve the value of the D.E. Shaw Interest, and, thus, the equity of ARS Holdings for the benefit of LBHI's creditors. If sufficient cash is not immediately made available to ARS Holdings to enable it to satisfy the 2009 Earn-Out Payment, ARS Holdings will be in breach of the agreements governing the D.E. Shaw Interest. Such breach could result in the loss of all or a substantial portion of the D.E. Shaw Interest and would create an adversarial relationship with D.E. Shaw that could trigger, among other things, withholding of distributions, and difficulty in monetizing the asset, which requires D.E. Shaw's cooperation and consent.

8. LBHI believes that payment of the 2009 Earn-Out Payment is ordinary course and does not require Court approval, particularly given that the committee of unsecured creditors appointed in these chapter 11 cases (the "Creditors' Committee") has advised that it has no objection and consents to the funding. However, the Creditors' Committee has made the consent contingent upon LBHI seeking Court approval.[1] Accordingly, so as not to jeopardize the D.E. Shaw Interest, LBHI is forced to file this motion on shortened notice so that Court approval may be obtained as soon as possible to satisfy the 2009 Earn-Out Payment in a timely manner.

9. If the Motion is not considered on June 17, 2009, the ability of LBHI and its estate to realize the full economic benefits of the D.E. Shaw Interest may be jeapordized. Accordingly, LBHI respectfully requests that the Court enter the Order to Show Cause and schedule a hearing on the Motion so that it may be heard on June 17, 2009, at 2:00 p.m.

---

[1] On November 6, 2008, the Court authorized the Debtors to continue to use Lehman's existing cash management system (the "Cash Management Order") [Docket No. 1416]. Pursuant to the Cash Management Order, the Debtors are required to seek the approval of the Creditors' Committee prior to making a transfer in excess of $25 million for a single transaction.

(Prevailing Eastern Time), with objections and responses if any, to be received by June 17, 2009, at 2:00 p.m. (Prevailing Eastern Time).

Dated: June 12, 2009
       New York, New York

          /s/ Shai Y. Waisman
          Shai Y. Waisman

          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Attorneys for Debtors
          and Debtors in Possession