HAYNES AND BOONE, LLP
Jason A. Nagi (JN 6891)
1221 Avenue of the Americas
26th Floor
New York, NY 10020
Telephone: (212) 659-7300
Facsimile: (212) 918-8989

Hearing Date and Time: June 17, 2009, at 2:00 p.m. ET
Objection Deadline: June 12, 2009, at 12:00 p.m. ET

*Counsel for Steven G. Holder Living Trust
and other Clients listed on Schedule I*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
In re                                                                 :
                                                                           :    Chapter 11
                                                                           :
Lehman Brothers Holdings Inc., *et al*.           :    Case No. 08-13555 (JMP)
                                                                           :
                                                                           :    (Jointly Administered)
                                              Debtors           :
-------------------------------------------------------X

**LIMITED OBJECTION TO MOTION OF THE DEBTORS, PURSUANT TO
SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 3003(c)(3), FOR ESTABLISHMENT OF THE DEADLINE FOR FILING
PROOFS OF CLAIM, APPROVAL OF THE FORM AND MANNER OF
NOTICE THEREOF AND APPROVAL OF THE
<u>PROOF OF CLAIM FORM [Docket No. 3654]</u>**

The Steven G. Holder Living Trust and other Clients listed on Schedule I (the "Derivative Creditors"), by their counsel, Haynes and Boone, LLP ("Haynes and Boone"), hereby submit this limited objection (the "Limited Objection") to the Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for the Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (the "Bar Date Motion") and respectfully state as follows:

**BACKGROUND**

1.    On September 15, 2008, and on various dates thereafter, Lehman Brothers Holdings Inc. and its affiliated debtors (the "Debtors") commenced voluntary cases under

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

2. On May 26, 2009, the Debtors filed the Bar Date Motion seeking entry of an order (i) establishing August 24, 2009 (the "Bar Date") as the deadline for filing Proofs of Claim, (ii) approving the form and manner of notice of the Bar Date and (iii) approving a specialized proof of claim form (the "Proof of Claim Form").

3. Additionally, the Bar Date Motion seeks approval of certain specialized procedures with respect to claims based on Derivative Contracts or Guarantees with the Debtors, which impose on each such claimant the burden of (i) completing electronic questionnaires concerning the evidentiary bases for its claims and (ii) uploading additional supporting documentation and support. These burdens are imposed only on claims based on Derivative Contracts and Guarantees.

4. Further, the Bar Date Motion, as well as the proposed Proof of Claim Form, state that failure to complete the applicable questionnaire and upload all supporting documentation will result in disallowance of the claim.

## LIMITED OBJECTION

5. The Derivative Creditors object to the Bar Date Motion to the extent that it requires creditors that have already filed proofs of claim to expend additional resources to file amended claims to meet additional procedural requirements.

6. These creditors have already expended resources to meet the requirements of the Federal Rules of Bankruptcy Procedure by filing a written statement setting forth the creditor's claim, that (i) conforms substantially to Official Form 10, (ii) is executed by the creditor or its authorized agent, and (iii) attaches writings on which the claim is based. *See* Bankruptcy Rule

3001(a), (c). A proof of claim that satisfies these minimal requirements is *prima facie* evidence of the validity and amount of the claim. *See* Bankruptcy Rule 3001(f).

7. The relief requested by the Debtors appears to require that a claim filed in connection with either a derivatives contract or a guarantee that has been filed on the Official Form is nonetheless insufficient and must be amended because of the absence of the Checkboxes and required questionnaires and the failure to electronically upload supporting documentation.

8. Such relief is inconsistent with the process set forth in § 502(a) of the Bankruptcy Code, which provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Under § 502(a), validly filed proofs of claim are deemed allowed until the Debtors or another party-in-interest objects.

FOR ALL THE ABOVE STATED REASONS, Haynes and Boone respectfully requests that the Court (a) deny the relief requested in the Bar Date Motion, and (b) grant such further relief as the Court deems just.

Dated: June 12, 2009
      New York, New York

                                             HAYNES AND BOONE, LLP
                                             *Counsel for Steven G. Holder Living Trust*
                                             *and other Clients listed on Schedule I*

                                               */s/ Jason A. Nagi*
                                             Jason A. Nagi (JN 6891)
                                             1221 Avenue of the Americas
                                             26th Floor
                                             New York, NY 10020
                                             Telephone: (212) 659-7300
                                             Facsimile:  (212) 918-8989

## Schedule I

Steve G. Holder
EXCO Operating Company, LP
Hayman Capital Master Fund, LP
Alan and Lauren Semple
T. Boone Pickens
BP Capital Energy Equity Fund Master II, LP
BP Capital Energy Equity Fund, LP
BP Capital Energy Equity International Holdings I, LP
BP Capital Energy Fund LP
CPMG, Inc. on behalf of various funds
Florida State Board of Administration
Parkcentral Global HUB Limited
AMR Corporation
American Airlines
Highland Capital Management, L.P. on behalf of various funds

*Other firm clients may have also filed proofs of claim.  Haynes and Boone reserves the right to assert such relief on behalf of potential unnamed clients.*

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true copy of the foregoing *Limited Objection to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [DOC. 3654]* was served via hand delivery, on June 12, 2009, upon the parties listed below with a courtesy copy to the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601.

                                        */s/ Jason A. Nagi*

**Attorneys for the Debtors**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Lori R. Fife, Esq.,
Shai Y. Waisman, Esq., and
Jacqueline Marcus, Esq.,

**Office of the United States Trustee**
**for the Southern District of NY**
33 Whitehall Street, 21st Floor
New York, New York, 10004
Attn: Andy Velez-Rivera, Esq.,
Paul Schwartzberg, Esq.,
Brian Masumoto, Esq.,
Linda Riffkin, Esq., and
Tracy Hope Davis, Esq.

**Attorneys for the Official Committee**
**of Unsecured Creditors**
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York, 10005
Attn: Dennis F. Dunne, Esq.,
Dennis O'Donnell, Esq., and
Evan Fleck, Esq.