Objection Deadline:  June 12, 2009 at 12:00 p.m. (Eastern)
Hearing Date and Time:  June 17, 2009 at 2:00 p.m. (Eastern)

WHITE & CASE LLP
Abraham L. Zylberberg, Esq.
1155 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113

Counsel for Certain Members and Customers of the Members of the Deutscher Sparkassen und Giroverband

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | 08-13555(JMP) |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,: | | (Jointly Administered) |
| **DEBTORS.** | : | |
| | : | |

---------------------------------------------------------------x

**OBJECTION OF CERTAIN MEMBERS AND CUSTOMERS OF THE MEMBERS OF THE DEUTSCHER SPARKASSEN UND GIROVERBAND TO MOTION, PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3), FOR ESTABLISHMENT OF THE DEADLINE FOR FILING PROOFS OF CLAIM, APPROVAL OF THE FORM AND MANNER OF NOTICE THEREOF AND <u>APPROVAL OF THE PROOF OF CLAIM FORM</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Certain members and customers of the members of the Deutscher Sparkassen und Giroverband, through their undersigned counsel, White & Case LLP ("<u>White & Case</u>"), object to the Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form

and Manner of Notice Thereof and Approval of the Proof Of Claim Form (the "<u>Motion</u>"), and state as follows:

## Background

1. The Deutscher Sparkassen- und Giroverband ("<u>DSGV</u>") is the umbrella organization of the Sparkassen-Finanzgruppe and its 477 savings banks, 11 *Landesbanken*, 11 *Landesbausparkassen*, 13 public insurance companies and many other financial service providers (collectively, the "<u>DSGV Members</u>").  Through DSGV's organizational efforts, about 45 DSGV Members and 10,000 of the retail customers of DSGV Members (each a "<u>DSGV Objector</u>," and collectively, the "<u>DSGV Objectors</u>") that hold debt securities and other debt instruments issued by the Debtors and their affiliates (the "<u>Debt Instruments</u>") and, in some cases, guaranteed by Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), have joined together to efficiently protect their rights and assert their claims.  A list of the DSGV Objectors will be made available to the Debtors upon request.

2. The vast majority of the DSGV Objectors' claims are based on various guarantees issued by LBHI for payments to be made by its Dutch subsidiary, Lehman Brothers Treasury Co. B.V. ("<u>LBT</u>").  LBT was the issuer of various types of bonds which were sold to the DSGV Objectors under, *inter alia*, the USD 4,000,000,000 German Note Issuance Program and the USD 100,000,000,000 Euro Medium Term Note Program.  The respective guarantees were either incorporated or referred to in the relevant base prospectuses on the basis of which Debt Instruments were issued.  The Debt Instruments issued by LBT can mainly be classified in four different types:  (i) interest-linked instruments, (ii) redemption-linked instruments, (iii) interest and redemption linked instruments and (iv) fixed or floating rate notes.  Moreover, some of the DSGV Objectors hold claims based on Debt Instruments issued by LBHI.  The Debt Instruments

are generally governed by German law and do not provide for indenture trustees or similar agents that can act on behalf of holders.

3. While each of the above-described Debt Instruments are ultimately held of record by and are registered in the name of a central securities depository (such as Euroclear) or its nominee, the DSGV Objectors, through DSGV Members and possibly other intermediaries, ultimately hold the beneficial and economic interests therein.

4. Each DSGV Objector has retained White & Case, through its Frankfurt office, and given it a power of attorney to act in respect of such DSGV Objector's claims against LBHI and its affiliates. It is anticipated that other customers of DSGV Members may join the DSGV Objectors.

5. The Debtors' Motion is unusual. Though the caption indicates that it is concerned only with a claims filing deadline, notice thereof and approval of a customized proof of claim form, the Motion proposes burdensome evidentiary requirements for some claims that exceed what the law requires and which, if not met before the claims filing deadline, expose otherwise validly filed and meritorious claims to disallowance on hyper-technical grounds.

6. While the DSGV Objectors raise certain objections to the Motion described in detail below, they appreciate the Debtors' stated goal of increasing the efficiency of the claims resolution process, a goal they share with the Debtors. In furtherance of that aim, and given the large numbers of similar claims among the DSGV Objectors, White & Case approached the Debtors' counsel seeking to cooperatively design an alternative (or alternatives) to the procedures set forth in the Motion that would both satisfy applicable legal sufficiency requirements for proof of claim filings and provide for efficient organization and delivery of the required information while minimizing harm to the DSGV Objectors' privacy. The Debtors have

thus far been unwilling to discuss any alternative to their burdensome and privacy-damaging proposed procedures.

**Objections**

7.      The DSGV Objectors raise three objections to the proposed procedures.  First, they object to unclear language set forth in the Motion and proposed order that may have the effect of creating uncertainty as to who is the proper person to file a proof of claim (thereby creating a trap for the unwary) and of preventing holders of beneficial interests in the Debt Instruments from protecting such interests where the record holders of such interests do not file a proof of claim or file an inadequate proof of claim.  Second, they object to the proposed procedures that would require burdensome additional steps that go beyond a creditor's duty to file a proof of claim that substantially conforms to the form, content and evidentiary requirements set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and applicable case law.  Third, they object to entry of an order that would limit any right of a group of similarly situated claimholders from filing adapted forms of proofs of claim that substantially conform to the Official Form (as defined below) and that meet all other requirements respecting proof of claim filing sufficiency under applicable law, or to seek an order from the Court respecting the adequacy of such a form of proof of claim filing.

      **A.**     **There is no authority to disallow a claim that would otherwise be allowed on the basis that an otherwise appropriate filer is not "legally entitled" to assert the claim.**

8.      The Motion requests that the Court order that "any claims asserted, other than claims asserted by parties that are legally entitled and authorized to assert such a claim, shall be disallowed."  It is unclear which proofs of claim, that would apparently otherwise be properly filed, this language is meant to cause to be disallowed or by what authority such blanket

disallowance is sought. The Motion states that it is necessary due to the volume and potentially overlapping nature of claims and is targeted at "third parties," (Motion, paragraph 19) but the size and complexity of these chapter 11 cases call for *more* rather than less care in resolving claims, and the law already provides an opportunity to object to duplicate proofs of claim. The Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and applicable case law make clear who may file a proof of claim, and the Debtors cite no authority that would allow the Court to change the otherwise applicable rules.

8.      The DSGV Objectors therefore object to any deviation from such otherwise applicable rules as to who may file a proof of claim (and as to whether it may be disallowed on the basis of who filed it) to the extent such change would cause any proof of claim that a DSGV Objector (or its agent) filed respecting its interest in Debt Instruments or any guarantee thereof to be disallowed. No proof of claim filed by the record or beneficial holder of a Debt Instrument in respect of such Debt Instrument or any guarantee thereof should be disallowed on the basis of who filed it.

      B.    **The Motion, if granted, would inappropriately alter the law regulating the sufficiency of proof of claim filings and should therefore be denied.**

9.      The Motion proposes to add to what is legally required to be filed in order to obtain allowance of an otherwise allowable claim. Section 501 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 3001-3005, Official Bankruptcy Form B-10 (the "Official Form") and well-established case law set forth with relative clarity what must be filed prior to the claims filing deadline in order that a proof of claim be deemed timely filed: an executed statement describing the claim that conforms substantially to the Official Form and, if the claim is based on a writing, the writing or a copy or summary thereof, or an explanation of the absence thereof. *See* Fed. R. Bankr. P. 3001, Official Form. Courts have recognized "informal" proofs of claim

that have established the minimum requirements of what is necessary before the claims deadline, *viz,* an written demand showing the nature and amount of the claim and "evidence of an intent to hold the debtor liable." *See In re Drexel Burnham Lambert Group, Inc.*, 129 B.R. 22, 26 (Bankr. S.D.N.Y. 1991).

10.     The Debtors propose procedures that would add to the above requirements by obliging claimants whose claims arise from "derivative contracts" (a term which is not clearly defined and may include linked notes held by the DSGV Objectors or guarantees on derivative contracts to submit completed questionnaires (a misleading term for a document that is more akin to a discovery request) in addition to the Official Form (as adapted by the Debtors) and to electronically upload a substantial volume of additional detailed documentation. Failure to meet these requirements before the proposed claims filing deadline would expose the claim to disallowance, regardless of the merit of such claim, any controversy (or lack thereof) respecting it, or the delivery of evidence supporting the claim in accordance with applicable law. The Debtors cite no authority that would allow a court to order a change in what must be filed prior to the claims filing deadline.

11.     The DSGV Objectors point out that the additional requirements are a particularly heavy burden to non-U.S. individual holders of small, retail claims, who may have difficulty comprehending English or lack access to the World Wide Web or expertise in electronic data transmission. They also fear that the additional information the Debtors would require to be filed or uploaded would be easily accessible to the public, which unnecessarily threatens the privacy of DSGV Objectors and others who wish to participate in these cases. It should also be noted that in many cases the information called-for in the so-called questionnaire may not be available to the DSGV Objectors. The required calculations respecting linked notes may have been

performed by a calculation agent who has not shared and may be unwilling to share such information with the DSGV Objectors.

12. The DSGV Objectors therefore object to entry of any order that would disallow a claim for failure to file or submit (electronically or otherwise) anything more than what the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and applicable case law would require to be filed or submitted.

### D. The Court should not foreclose any right of claimholders to file proofs of claim in non-standard formats that meet proof of claim adequacy requirements.

13. As noted above, the DSGV Objectors seek to file their proofs of claim in the most efficient manner that is reasonable and meets all legal requirements, but which also takes into account the special circumstances faced by small, retail investors located outside the United States. They are willing to cooperate with the Debtors and their claims agent to quickly supply information material to their claims in a helpful format, even where doing so would exceed the minimum requirements for a proof of claim filing, both as part of the initial filing and afterward, so long as such efforts are geared toward reducing the expense and increasing the speed of both filing and processing the proofs of claims, as well as toward protecting the DSGV Objectors' private information. Therefore, the DSGV Objectors object to imposition of procedures that would limit their ability to reasonably adapt their proof of claim filing toward meeting these goals or to seek advance approval from the Court of such an adapted form of filing.

14. The DSGV Objectors also request, particularly if the Court intends to grant the Motion, that the claims filing date be set no earlier than October 31, 2009. As noted above, the DSGV Objectors are mostly German retail holders of Debt Instruments. Coordinating the filing of proofs of claims, especially given the additional requirements the Debtors request, as well as the

barriers of language and culture faced by small creditors outside the United States, make August 24, 2009 too ambitious a date, at least with respect to non-U.S. debtors.  *See* 11 U.S.C. § 1514(d) (allowing a court to fix a later deadline for foreign creditors to file claims in appropriate circumstances).  It should be noted that many Europeans are on vacation during August, and thus many DSGV Objectors may be unavailable to assist in the preparation and delivery of the required documents.

15.     To the extent not inconsistent herewith, the DSGV Objectors join in the objections filed by (i) US AgBank FCB, (ii) Federal Home Loan Bank of New York, *et al.*, and (iii) Wells Fargo & Company and Wells Fargo Bank, National Association.

16.     The DSGV Objectors seek an opportunity to review and be heard on any revised order before it is entered.

WHEREFORE, for the foregoing reasons, the DSGV Objectors request that the Court deny the Motion to the extent that it would (i) authorize a proof of claim to be disallowed on the basis (a) that it was filed by any holder of record of or the holder of a beneficial interest in a Debt Instrument issued or guaranteed by any of the Debtors, (b) of any failure to file, submit or upload anything beyond what the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (including the Official Form) or other applicable law requires, or (ii) prevent the DSGV Objectors from adapting the form of their proof of claim filings, so long as such filings otherwise comply with applicable law, or prevent them from seeking advance Court approval of any such adaptations, and DSGV Objectors further request that the Court set the claims filing deadline on October 31, 2009, and that any other appropriate relief be granted the DSGV Objectors.

Dated: June 12, 2009
     New York, New York

Respectfully submitted,

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Abraham L. Zylberberg

By: _____
    Abraham L. Zylberberg

ATTORNEYS FOR CERTAIN MEMBERS
AND CUSTOMERS OF THE MEMBERS OF
THE DEUTSCHER SPARKASSEN UND
GIROVERBAND