Hearing Date and Time: June 17, 2009 at 2:00 p.m.

EMMET, MARVIN & MARTIN. LLP
Edward P. Zujkowski (EZ-3095)
120 Broadway
New York, New York 10271
Telephone: 212-238-3021
Facsimile: 212-238-3100

Attorneys for Australia and New Zealand Banking Group Limited

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **LEHMAN BROTHERS HOLDING INC., et al. :** | | **Case No. 08-13555 (JMP)** |
| **Debtors.** | **:** | **(Jointly Administered)** |

-----------------------------------------------------------x

**OBJECTION OF AUSTRALIA AND NEW ZEALAND BANKING GROUP
LIMITED  TO DEBTOR'S MOTION PURSUANT TO SECTION 502(b)(9)
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3)
FOR ESTABLISHMENT OF THE DEADLINE FOR FILING PROOFS OF
CLAIM, APPROVAL OF THE FORM AND MANNER OF NOTICE
THEREOF AND APPROVAL OF THE PROOF OF CLAIM FORM**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Australia and New Zealand Banking Group Limited ("ANZ"), by its attorneys Emmet,

Marvin & Martin, LLP submits this objection to the motion filed by Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced Chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors") for an Order pursuant to Section 502(b)(9) of the

Bankruptcy Code and Bankruptcy Rule 3003(c)(3) establishing the deadline for filing proofs of

claim, approving the form and manner of notice thereof and approving the proof of claim form

(the "Motion"), and respectfully states as follows:

## BACKGROUND

1.      On September 15, 2008, the Debtors commenced voluntary cases under chapter

11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy

Court for the Southern District of New York (the "Bankruptcy Court").

2.      On May 26, 2009, the Debtors filed the Motion seeking entry of an order (i)

establishing August 24, 2009 (the "Bar Date") as the deadline for filing proofs of claim, (ii)

approving the form and manner of notice of the Bar Date and (iii) approving a specialized proof

of claim form substantially in the form attached to the Motion as Exhibits B, C, and D (such

proof of claim form and related questionnaires, the "Proof of Claim Form").

3.      Notably, the Motion seeks approval of certain specialized procedures with respect

to claims based on Derivative Contracts or Guarantees with the Debtors, which procedures

would impose on each such claimant the additional burden of (i) completing electronically

detailed questionnaires concerning the evidentiary bases for the asserted claims and (ii)

uploading additional supporting documentation and evidentiary support. Specifically, among the

many items a claimant must provide pursuant to the Derivative Questionnaire are copies of all

trade confirmations, evidence supporting delivery of the termination notice, evidence of any

consent or other condition required to be satisfied in order to effect termination of the derivative

contract, highly detailed trade level information, and specific information about the trade

valuation methodology and quotations, and, depending on the methodology used, additional

documentation, narrative descriptions of the methodology and/or external communications, as

the case may be. Moreover, claimants that assert a claim based on both a Derivative Contract

and a Guarantee thereof are required to submit both the Derivative Questionnaire and the Guarantee Questionnaire. None of these burdens are imposed on any claims other than those based on Derivative Contracts and Guarantees.

4.    Further, the Motion, as well as the proposed Proof of Claim Form state that failure to complete the applicable questionnaire and upload all supporting documentation will result in disallowance of the claim.

## THE OBJECTION

5.    ANZ objects to that portion of the Motion which requires ANZ, and other creditors with claims based on Derivatives Contacts and Guarantees, to complete an on-line form and electronically upload supporting documentation on a website in addition to filing a proof of claim in the same manner as all other claimants.

a.    <u>The Motion Attempts to Reverse the Burdon of Proof for Establishing a Claim.</u>

6.    As the Motion concedes, the calculation of claims amounts with respect to Derivative Contracts is a complex process described in the ISDA Master Agreements related to the particular Derivative Contract.

7.    Under the Bankruptcy Rules, the evidentiary burdens are divided into three distinct stages. First, a claimant files a proof of claim that (i) is a written statement setting forth the creditor's claim, (ii) conforms substantially to Official Form 10, (iii) is executed by the creditor or its authorized agent, and (iv) attaches writings on which the claim is based. See Bankruptcy Rule 3001(a), (c). A proof of claim that satisfies these minimal requirements is *prima facia* evidence of the validity and amount of a claim. See Bankruptcy Rule 3001(f).

3

Consistent with these minimal evidentiary requirements, Official Form 10 provides that where the supporting documentation is voluminous, a summary thereof suffices. See Official Bankruptcy Form B 10. Moreover, if no objection to a proof of claim is filed, such claim is deemed allowed. See 11 U.S.C. § 502(a).

8.     Second, a party seeking to object to a claim has the burden under Rule 3007(a) of producing "'evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.'" In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (quoting In re Allegheny Intl, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)); see also In re Cluff, 313 B.R. 323, 337 (Bankr. D. Utah 2004) (requiring that objecting party "come forward with some legal reason or some factual evidence to defeat the claim"). Only if such evidence is introduced is the presumptive validity of a properly filed proof of claim rebutted. A mere formal objection is not sufficient to defeat a proof of claim. See, e.g., Lundell v. Anchor Constr. Specialists, Inc., 223 F.3d 1035, 1040-41 (9th Cir. 2000).

9.     Finally, only if the objecting party successfully rebuts the validity of a proof of claim, the burden of proof shifts back onto the party would bear the ultimate burden under applicable nonbankruptcy law. See, e.g., In re Oneida, 400 B.R. at 389; see also Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000).

10.     The Motion requires the holders of claims based on derivatives, and guarantees based on derivatives, to provide evidence as to the validity and amount of the claim, without the Debtors providing evidence to refute the prima facie validity and amount of such claim. This is contrary to jurisprudence on this topic, which provides that the party objecting to a properly filed proof of claim has the burden of introducing evidence sufficient to rebut the presumption of

validity. <u>In re Hemingway Transp., Inc.</u>, 993 F.2d 915, 925 (1st Cir. 1993) ("The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence*.") (emphasis in original). While the items required by the Website may be eventually required to prove the validity of the claim if the Debtors object and show evidence that the claim is incorrect, requiring ANZ to provide such information at the outset imposes a significant burden on ANZ. Only if ANZ's claim is refuted by substantial evidence should ANZ be required to provide detailed information to prove the validity of its claim.

11.    The derivative questionnaire requires information in excess of that required by the Bankruptcy Code and the Bankruptcy Rules. Section 502(a) of the Bankruptcy Code provides that "a claim, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest…objects." 11 U.S.C. § 501. Rule 3001 of the Bankruptcy Rules provides that "a proof of claim shall conform substantially to the appropriate Official Form." <u>Fed. R. Bankr. P.</u> 3001(a). Virtually none of the information that must be attached to the Website is required by Form 10.

12.    Rule 3001 further provides that when a claim is based on a writing, the original or a duplicate shall be filed with the proof of claim. <u>Fed. R. Bankr. P.</u> 3001(c). The only documentation necessary with respect to the ANZ Claim (as defined below) to conform to Rule 3001 is the ISDA Agreement and its amendments and attachments, and the Guaranty of the Guarantor. The remainder is gratuitous and there is no law or rule that entitles the Debtor's to this information at this stage.

b.   The Motion Requires ANZ to Prove its Claim in a More Exhaustive Manner than
Required by ANZ's Agreement with the Debtors.

13.    ANZ is a party to many ISDA Master Agreements with various affiliates of Lehman Brothers Holding Inc.  While ANZ is still completing their review of these agreements to determine which would constitute the basis for claims against the Debtors, ANZ has determined that at least one such agreement will serve as the basis for a claim, an analysis of one particular claim illustrates the problems with the procedures set forth in the Motion.

14.    This claim (the "ANZ Claim") is against Lehman Brothers Special Financing Inc. ("LBSFI") and Lehman Brothers Holdings Inc. (the "Guarantor") pursuant to an ISDA Master Agreement (as amended, the "ISDA Agreement") between ANZ and LBSFI, dated as of September 19, 1993, as amended by Amendment Agreement, dated March 22, 2005,  which is guaranteed by the Guarantor.  ANZ and LBSFI entered into a Credit Support Annex under the ISDA Agreement, dated March 30, 2005 (the "Confirmation"). Pursuant to the ISDA Agreement, the filing of the Chapter 11 cases by the Debtors constituted an Event of Default under the ISDA Agreement, which triggered early payment provisions of the ISDA Agreement (an "Early Termination Date").

15.    The ISDA Agreement provides that on an Early Termination Date, each party will make calculations required by the ISDA Agreement on its part and will provide to the other party (a) a statement showing, in reasonable detail, such calculations including all relevant quotations and specifying any amount payable as a result of the early termination, and (b) giving details of the relevant account to which any amount payable to it is to be paid.

16.    While the ISDA Agreement requires that a statement showing the calculations supporting a claim amount based on early termination to be set forth "in reasonable detail," the Derivatives Questionnaire requires information such as the contact information for each market maker contacted, the form of request to each market maker, significant trade level detail, provided in Excel format, and all applicable inputs, assumptions, values and applicable parameters.    This exceeds, by a large margin, what is typically considered reasonable with respect to claims such as the ANZ Claim.    Furthermore, Section 6(d)(ii) of the ISDA Agreement specifically provides that "in the absence of written confirmation from the source of a quotation obtained in determining a Market Quotation, the records of the party obtaining such quotation will be conclusive evidence of the existence and accuracy of such quotation."    The Debtors request that the failure to adequately complete the forms on the Website, together with all attachments, is grounds for forever barring estopping, and enjoining the holder of a claim against the Debtors from asserting a claim.    This is contrary to the ISDA Agreement, which provides that in the absence of evidence to the contrary, ANZ's calculations would be deemed accurate.    It should be noted that the information required by the ISDA Agreement, while still in excess of that required by the Bankruptcy Code and Bankruptcy Rules for proof of claim, is vastly more similar to the Bankruptcy Code and Bankruptcy Rules than the documentation that the Motion would require.

     c.    <u>The Motion Imposes an Onerous Penalty For Failure to Complete the Derivative Questionnaire.</u>

17.    The Motion would impose a penalty for an incorrect filing that is inconsistent with the Bankruptcy Code and Bankruptcy Rules. Even assuming that the documents required to be attached to the Website are analogous to those required by Rule 3001, numerous courts have held that the failure to attach the documents required by Rule 3001 is not a basis for the disallowance of the claim, but merely affects the prima facie validity of the claim if the claim is objected to by the Debtors. <u>See</u> <u>In re Stecker</u>. 5F.3d 1022, 1028 (7th Cir. 1993). ("The filing of a proof of claim with the required documentation is prima facie evidence that the claim is valid. If the documentation is missing, the creditor cannot rest on the proof of claim. It does not follow that he is forever barred from establishing the claim. Nothing in the principles or practicalities of bankruptcy or in the language of any rule or statute justifies so disproportionate a sanction for a harmless error. Forfeitures of valuable claims, and other heavy sanctions, should be reserved for consequential or easily concealed wrongs.") The Debtors request that the failure to adequately complete the forms on the Website, <u>together with all attachments</u>, is grounds for forever barring estopping, and enjoining the holder of a claim against the Debtors from asserting a claim. This penalty is far in excess of that permitted by law.

     d.    <u>The Motion is Vague as to the Consequences of Failing to use the Unique ID Number.</u>

18.    The Motion requires each claimant to use a particular identification number (a "Unique ID Number") when filing its claim. However, the Motion does not clearly establish what consequence would follow if a creditor files a proof of claim without a unique ID number

or with an incorrect unique ID number.   Since the unique ID number is a record-keeping consideration, and in no way reflects the validity of the any claim, ANZ respectfully requests that the Court rule that the failure to adhere to the Debtor's requirements as to unique ID numbers would have no consequence on the underlying claim.

## CONCLUSION

19.    ANZ also respectfully requests that the Court deny the Debtor's requests set forth in the Motion to the extent that the Motion would require holders of claims based on derivatives to file with the proof of claim, or load onto any website, any information not required by Form 10.

20.    ANZ also hereby joins with any other objections to the Motion filed in this matter to the extent not inconsistent with this Objection.

WHEREFORE, it is respectfully requested that this Court grant ANZ the relief requested in the Objection, together with such other and further relief which this Court deems just and proper.

Dated: New York, New York
       June 12, 2009

                              Respectfully submitted,

                              Emmet, Marvin & Martin, LLP

                              By: /s/Edward P. Zujkowski
                                  Edward P. Zujkowski (EZ-3095)
                                  Attorneys for Australia and New Zealand
                                  Banking Group Limited
                                  120 Broadway
                                  New York, New York  10271
                                  Tel.: (212) 238-3000
                                  Fax: (212) 238-3100