SALANS LLP
  Claude D. Montgomery
  Lee P. Whidden
  Michael Kauffman
Rockefeller Center
620 Fifth Avenue
New York, NY 10020-2457
Tel: (212) 632-5500
Fax: (212) 632-5555

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re  :
:
: **Chapter 11 Case No.**
**LEHMAN BROTHERS HOLDINGS INC.**, *et al*. :
: **08-13555 (JMP)**
                     **Debtors.** :
: **(Jointly Administered)**
:
---------------------------------------------------------------x

### LIMITED OBJECTION OF SWEDBANK TO MOTION OF THE DEBTORS, PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3), FOR ESTABLISHMENT OF THE DEADLINE FOR FILING PROOFS OF CLAIM, APPROVAL OF THE FORM AND MANNER OF NOTICE THEREOF AND APPROVAL OF THE PROOF OF CLAIM FORM

      Swedbank AB (publ.) ("Swedbank") by and through its undersigned counsel, files this objection (the "Objection") to Motion of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors") Pursuant to Section 502(B)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(C)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form ("Motion") and, in support hereof, respectfully states as follow:

NewYork 1273080.2

**Preliminary Statement**

Although the Debtors style the Motion as relating only to Proofs of Claim, the Motion attempts to override the protections of the Bankruptcy Code's Safe Harbor[1] provisions by discharging that portion of a claim against which a creditor effects a setoff under the Safe Harbor provisions. Swedbank files this limited objection to the Motion to force the Debtors to clarify that nothing in the Motion discharges liability on any claim governed by the Bankruptcy Code's Safe Harbor provisions.

**Background**

Swedbank is the counterparty to several International Swaps and Derivatives Association, Inc. Master Agreements with various Debtor entities. Each ISDA Master Agreement is guaranteed by LBHI.

On May 26, 2009, Debtors filed the Motion, which contains in the proposed order, in relevant part, the following language:

> any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with … [all the] … requirements set forth [in this order], shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their property *shall be forever discharged from any and all indebtedness or liability with respect to such claim*;

Proposed Order, pp7-8, corresponding paragraph in Motion, ¶ 26.

**Objection**

Swedbank objects to the discharge of any amounts used in effecting a setoff or other creditor right under the Safe Harbor provisions on the grounds that (i) the Debtor lacks any authority to seek such relief, and (ii) the relief sought is against the Safe Harbor provisions' clear language.

---

[1] The Bankruptcy Codes Safe Harbor provisions are subsections (6), (7), (17) and (27) of section 362(b), and sections 555, 556, 559, 560 and 561 of Title 11 of the United States Code.

2

NewYork 1273080.2

Glaringly absent from the Motion is *any* reference to the Bankruptcy Code, Bankruptcy Rules or Bankruptcy Court decision granting to the Debtors any right to request any relief beyond the fixing of the deadline for the filing of Proofs of Claim. The Debtors' request to substantially alter the default manner in which Proofs of Claim must be filed, and is simply plucked wholly out of thin air based solely on what is convenient for the Debtors.

Worse, the Motion uses broad language that, by its own terms, denies the right to setoff specifically allowed under the Bankruptcy Code's Safe Harbor provisions.

The Safe Harbor provisions provide, in relevant part, that "[t]he exercise of any contractual right of any [derivative creditor] to cause the liquidation, termination, or acceleration of one or more [derivative agreements] because of a condition of the kind specified in section 365 (e)(1) of this title or to offset or net out any termination values or payment amounts arising under or in connection with the termination, liquidation, or acceleration of one or more swap agreements **shall not be stayed, avoided, or otherwise limited by operation of any provision of this title or by order of a court or administrative agency in any proceeding under this title.**" 11 U.S.C. 560 (section 560 is representative of all Safe Harbor provisions). The language of Section 560 and the similar language found in the related Safe Harbor provisions is intentionally expansive. Edward R. Morrison & Joerg Riegel, *Financial Contracts and the New Bankruptcy Code: Insulating Markets from Bankrupt Debtors and Bankruptcy Judges*, 13 AM. BANKR. INST. L. REV. 641, 643 (2005).

Despite this clear language, the Debtors insist on asserting that a creditor that "fails" to follow *all* the requirements the Motion shall not only lose the right to assert that claim against the estate, but loses the right to use that claim as a setoff against amounts the creditor owes the Debtors. That is, a failure to file a Proof of Claim in accordance with the precise and

3

exacting manner required shall cause the Debtors to be "discharged [of] *any and all indebtedness or liability* with respect to such claim." This language has the potential to affect rights established under master netting agreements and related credit support agreements, which Congress expressly did not intend. The debtors did not cite any authority to support this broad request and the Objector was not able to locate any.

In sum, because such discharge language is (i) without support in the Bankruptcy Code, Bankruptcy Rules or Bankruptcy Court decisions and (ii) is contrary to the plain language of the Safe Harbor provisions, the Motion must be denied.

Swedbank has proposed that the Debtors amend the Motion by adding the following language, but the Debtors have unjustifiably refused to accept any amendments to the Motion or Proposed Order:

> ORDERED that nothing in this Order shall reduce, restrict or otherwise adversely impact in any way, any indebtedness or liability reasonably claimed or asserted by a creditor to be within the Bankruptcy Code's Safe Harbor provisions.

## **Conclusion**

For the foregoing reasons, Swedbank respectively requests that (i) the Motion be denied, or, in the alternative (ii) be modified as provided for above.

WHEREFORE, Swedbank respectfully requests that the Court deny or amend the Motion, and grant Swedbank such other and further relief as is just.

Dated: New York, New York
June 12, 2009

SALANS LLP

By: /s/ Claude D. Montgomery
    Claude D. Montgomery, Esq.
    Lee P. Whidden, Esq.
    Michael Kauffman, Esq.
620 Fifth Avenue
New York, New York 10020
(212) 632-5500