**Exhibit B** (blackline)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
                                                                 :
In re                                                            :   Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,                           :   08-13555 (JMP)
                                                                 :
                            Debtors.                             :   (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x
```

### ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTIONS 105, 363, AND 554(a) OF THE BANKRUPTCY CODE FOR AUTHORITY TO ESTABLISH PROCEDURES TO SELL OR ABANDON *DE MINIMIS* ASSETS

Upon the motion, dated May 14, 2009 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors" and together with their non-debtor affiliates, "Lehman"), pursuant to sections 105, 363, and 554(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to establish procedures to sell or abandon *de minimis* assets; all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; and the Court

[New York #2055342 v1]

having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED THAT:

1. The relief requested in the Motion is GRANTED **to the extent set forth herein**.

2. The *De Minimis* Sale Procedures are approved as follows:

   i. The *De Minimis* Sale Procedures shall apply only to the sale of assets involving, in each case, the transfer of $2,000,000.00 or less in total consideration, as measured by the amount of cash and other consideration to be received by the Debtors on account of the assets to be sold. The Debtors shall be permitted to sell assets that are encumbered by liens and / or encumbrances only if those liens and / or encumbrances are capable of monetary satisfaction or the holders of those liens and / or encumbrances consent to the sale. Further, the Debtors shall be permitted to sell assets co-owned by a Debtor and a third-party pursuant to the *De Minimis* Sale Procedures only to the extent that the sale does not violate section 363(h) of the Bankruptcy Code.

   ii. If the Debtors propose to sell an asset for an amount that is less than or equal to $500,000.00, the Debtors may consummate such a Non-Noticed *De Minimis* Sale without further Court approval, ~~and without providing notice of the~~ **provided that the Debtors have previously served a Sale Notice by facsimile, overnight delivery or hand delivery on counsel for Barclays Capital Inc. ("Barclays") on at least five (5) business days notice without receiving any objection in response. Any objection to a Sale Notice for a** Non-Noticed *De Minimis* Sale ~~to any party~~ **shall be in writing and delivered to the Debtors' attorneys within five (5) business days of the date on which the Sale Notice was sent. The Debtors may consummate a Non-Noticed *De Minimis* Sale prior to expiration of the applicable Sale Notice Period if the Debtors obtain Barclays' written consent to the Non-Noticed**

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

~~2~~

~~[New York #2055342 v1]~~

**2**

***De Minimis* Sale. If Barclays delivers an objection to a Non-Noticed *De Minimis* Sale so that it is received by Debtors on or before the fifth business day after the Sale Notice is sent, the Debtors and Barclays will use good faith efforts to resolve the objection. If the Debtors and Barclays are unable to achieve a consensual resolution, the Debtors shall not proceed with the proposed Non-Noticed *De Minimis* Sale, but may seek Court approval of such sale upon expedited notice and an opportunity for a hearing, subject to the Court's availability**. The Debtors may take any actions that are reasonable and necessary to close a sale and obtain the sale proceeds, including paying reasonable fees to third-party sale agents in connection with the Non-Noticed *De Minimis* Sale.

iii. If the Debtors propose to sell an asset for an amount that is greater than $500,000.00 but less than or equal to $2,000,000.00, the Debtors shall file a Sale Notice and serve a copy of such Sale Notice by facsimile, overnight delivery or hand delivery on the following parties: (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the Official Committee of Unsecured Creditors; **(c) counsel to Barclays** and (c**d**) all known parties holding or asserting liens or encumbrances on the assets that are the subject of the Noticed *De Minimis* Sale and their respective counsel, if known (collectively, the "Interested Parties").

iv. ~~The~~ Sale ~~Notice~~**Notices** shall include the following information with respect to the **Non-**Noticed *De Minimis* Sale **or Noticed *De Minimis* Sale (together, "Sales"), as applicable**:

- A description of the asset that is the subject of the ~~Noticed *De Minimis*~~ Sale and its location;

- The identity of the purchaser under the ~~Noticed *De Minimis*~~ Sale and any relationship such party has with the Debtors;

- The identities of any parties known to the Debtors as holding liens or encumbrances on the asset subject to the ~~Noticed *De Minimis*~~ Sale and a statement indicating whether all such liens or encumbrances are capable of monetary satisfaction;

~~3~~

- The major economic terms and conditions of the ~~Noticed De Minimis~~ Sale;[2] and

- Instructions consistent with the terms described below regarding the procedures to assert objections to the ~~Noticed De Minimis~~ Sale ("Objections").

v. Interested Parties will have ten (10) calendar days ~~(the "Notice Period")~~ to object to a Noticed *De Minimis* Sale. Any Objections to a Noticed *De Minimis* Sale shall be in writing, filed with this Court, and served on the Interested Parties and counsel to the Debtors so as to be received by all parties prior to expiration of the Notice Period. Each Objection shall state with specificity the grounds for the Objection. If an Objection to a Noticed *De Minimis* Sale is properly filed and served: (a) the Objection will be deemed a request for a hearing on the Objection and Noticed *De Minimis* Sale at the next scheduled hearing that is at least ten (10) calendar days after service of the Objection; and (b) the Noticed *De Minimis* Sale may not proceed absent (i) written withdrawal of the Objection; or (ii) entry of an order by the Court specifically approving the Noticed *De Minimis* Sale. If no Objections are filed and served in accordance with the Noticed *De Minimis* Sale Procedures prior to expiration of the Notice Period, the Noticed *De Minimis* Sale will be deemed final and fully authorized, without any further or final approval from this Court.

vi. The Debtors may consummate a Noticed *De Minimis* Sale prior to expiration of the applicable Notice Period if the Debtors obtain each Interested Party's written consent to the Noticed *De Minimis* Sale.

vii. If any significant economic terms of a ~~Noticed De Minimis~~ Sale are amended after transmittal of the Sale Notice, but prior to the expiration of the **applicable Sale** Notice Period, the Debtors shall send a revised Sale Notice to all **applicable** Interested Parties describing the ~~Noticed De Minimis~~ Sale, as amended. If a revised Sale Notice is required, the Notice Period shall be extended for five (5) additional **business** days.

viii. On or before the 15th day of every calendar month, the Debtors shall file with the Court, and serve on all parties entitled to notice in these cases, a report (a "Monthly Report") summarizing any Noticed *De Minimis* Sales that were consummated pursuant to the

---

[2] This information may be provided by attaching the applicable contract or contracts to the Sale Notice.

~~4~~

~~[New York #2055342 v1]~~

**4**

*De Minimis* Sale Procedures during the immediately preceding calendar month.  With respect to each applicable sale, each Monthly Report will include:

- A description of the asset that was the subject of the Noticed *De Minimis* Sale and its location;

- The identity of the purchaser under the Noticed *De Minimis* Sale and any relationship such party has with the Debtors;

- The identities of any parties known to the Debtors as holding liens or encumbrances on the asset subject to the Noticed *De Minimis* Sale; and

- The major economic terms and conditions of the Noticed *De Minimis* Sale.

3. The Sale Notice, in substantially the form annexed to the Motion as Exhibit A, is approved.

4. All buyers shall take assets sold by the Debtors pursuant to the *De Minimis* Sale Procedures "as is" and "where is," without any representations or warranties from the Debtors as to quality or fitness of such assets for either their intended or any particular purpose.

5. All buyers shall take assets sold by the Debtors pursuant to the procedures approved by this Order free and clear of liens, claims and encumbrances, pursuant to section 363(f) of the Bankruptcy Code.  All such liens, claims and encumbrances shall attach to the proceeds of the sale.

6. To the extent applicable, the ten-day stay of Federal Rule of Bankruptcy Procedure 6004(g) is hereby waived, and this Order shall be effective immediately.  Furthermore, ~~Non-Noticed and Noticed *De Minimis*~~ Sales shall be deemed authorized pursuant to the terms of this Order and no further or additional waivers of the ten-day stay of Federal Rule

~~5~~

~~[New York #2055342 v1]~~

**5**

of Bankruptcy Procedure 6004(g) shall be required for the Debtors to consummate a Non-Noticed and/or Noticed *De Minimis* Sale, subject to compliance with the notice and other procedures set forth in the *De Minimis Sale* Procedures.

7.  With respect to all Noticed or Non-Noticed *De Minimis* Asset Sales consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular purchaser, and a Noticed or Non-Noticed *De Minimis* Asset Sale consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

8.  The Debtors are also authorized to abandon assets that, in their business judgment, are not necessary to their winding down, are of inconsequential value to their estates, or for which the costs associated with a sale exceed the proceeds that would be generated from such sale.

9.  The following procedures for the abandonment of assets by the Debtors are hereby authorized and established in these chapter 11 cases:

  i. The Debtors shall give notice via facsimile, hand delivery, or overnight delivery service of each proposed abandonment to the Creditors' Committee, the U.S. Trustee**, counsel for Barclays,** and to any party known to the Debtors as having an interest in the asset to be abandoned (collectively, the "Abandonment Notice Parties"). Such notice shall describe the asset to be abandoned, the reason for the abandonment, the parties known to the Debtors as having an interest in the asset proposed to be abandoned, and the entity to which the asset is to be abandoned, if any (the "Abandonment Notice").

  ii. The Abandonment Notice Parties shall have five (5) business days from the date on which the Abandonment Notice is sent to object to the proposed abandonment. Any such objection shall be in writing and delivered to the Debtors' attorneys prior to the expiration of such period. If no written objection is received by Debtors' attorneys prior to the expiration of such five-day period, the Debtors are authorized to abandon the asset. The Debtors may, at any time, obtain approval to abandon an asset from the Abandonment Notice Parties. If no written objection is received by Debtors' counsel in accordance with the procedures herein, or if the Debtors obtain such approval from the Abandonment Notice Parties, the Debtors may abandon an asset promptly.

  iii. If any Abandonment Notice Party delivers an objection to the proposed abandonment so that it is received by Debtors' counsel on or before the fifth business day after the Abandonment Notice is sent, the Debtors and the objecting Abandonment Notice Party shall use good faith efforts to resolve the objection. If the Debtors and the objecting Abandonment Notice Party are unable to achieve a consensual resolution, the Debtors shall not proceed with the proposed abandonment pursuant to these procedures, but may seek Court approval of the proposed abandonment upon expedited notice and an opportunity for a hearing, subject to the Court's availability.

  iv. On or before the 15th day of every calendar month, the Debtors shall file with the Court an addendum to the Monthly Report setting forth all abandonments by the Debtors during such month pursuant to the authority granted hereby. The reports shall set forth a description of the asset, the reason for the abandonment, and the party to which the property was abandoned, if any.

10. The Abandonment Notice, in substantially the form annexed to the Motion as <u>Exhibit B</u>, is approved.

11. Nothing in this Order shall be construed to prevent the Debtors, in their sole discretion, from seeking this Court's approval at any time of any proposed sale or abandonment after notice and an opportunity for a hearing.

12. The Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

13. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: June ___, 2009
      New York, New York

                                                                              
UNITED STATES BANKRUPTCY JUDGE