**Presentment Date and Time: June 12, 2009 at 4:00 p.m. (Prevailing Eastern Time)**
**Objection Date and Time: June 12, 2009 at 12:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time: June 17, 2009 at 2:00 p.m. (Prevailing Eastern Time)**

Jeffrey A. Rosenthal
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Wachovia Bank, National Association and its affiliates and Evergreen Investment Management Company, LLC, acting as agent for various funds.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                                         :  Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :  08-13555 (JMP)
                                                              :
         Debtors.                                        :  (Jointly Administered)
                                                              :
                                                              :
---------------------------------------------------------------x

**CORRECTED JOINDER OF WACHOVIA TO THE OBJECTION OF BARCLAYS CAPITAL INC. TO THE MOTION OF THE DEBTORS, PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3), FOR ESTABLISHMENT OF THE DEADLINE FOR FILING PROOFS OF CLAIM, APPROVAL OF THE FORM AND MANNER OF <u>NOTICE THEREOF AND APPROVAL OF THE PROOF OF CLAIM FORM</u>**

Wachovia Bank, National Association and its affiliates and Evergreen Investment Management Company, LLC, acting as agent for various funds (together "Wachovia"), by and through their undersigned counsel, hereby join in the Objection To the Motion Of The Debtors, Pursuant To Section 502(b)(9) Of The Bankruptcy Code And Bankruptcy Rule 3003(c)(3), For Establishment Of The Deadline For Filing Proofs Of Claim, Approval Of The Form And Manner Of Notice Thereof And Approval Of The Proof Of Claim Form (the "<u>Objection</u>"), dated June 11, 2009, filed on behalf of Barclays Capital Inc., Barclays Bank PLC and their affiliates and

incorporate the objections raised therein by reference as if set forth fully herein, and respectfully represent as follows:[1]

1. Wachovia is a creditor of Lehman Brothers Holdings Inc. and its affiliated debtors ("Debtors") in the above-captioned cases. Wachovia has claims against Debtors arising from, inter alia, derivative contracts and guarantees. These claims number in the thousands.

2. Wachovia hereby joins with, and incorporates by reference herein, all arguments and assertions made in the Objection. Wachovia reserves all rights to be heard before the Court with regard to the issues raised in the Objection and this Joinder;

3. Additionally, Wachovia anticipates that it may file claims as agent on behalf of various funds for which it acts as investment manager under various investment management agreements. In Paragraph 19 of the Bar Date Motion, the Debtors say "the Bar Date Order will explicitly provide that third parties are not permitted to assert claims on behalf of another party, and that claims asserted by persons other than those are [sic] legally entitled and authorized to assert such claim [sic] shall be disallowed," which raises some question about the ability of third parties, including investment managers like Wachovia, to file claims. The language of the Debtors' proposed Bar Date Order, which provides in the last full paragraph of page 9 that "any claims asserted, other than claims asserted by parties that are legally entitled and authorized to assert such claim, shall be disallowed;" does not appear to contain the absolute bar to the filing of claims by third parties as the Debtors described in the Bar Date Motion (although the meaning of the term "entitled" in this context is unclear).

4. Wachovia objects to the last full paragraph of page 9 of the Debtors' proposed Bar Date Order. Wachovia believes that this paragraph is unnecessary to the extent it simply repeats the requirements of Bankruptcy Rule 3001(b) ("[a] proof of claim shall be

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005") and inappropriate to the extent it seeks to place restrictions of an uncertain scope, beyond those in the Bankruptcy Rules, on who may file a claim.  Accordingly, Wachovia respectfully requests that the Court omit the last full paragraph of page 9 of the Debtors' proposed Bar Date Order from any bar date order issued by the Court.  In the alternative, to the extent that the Court believes it appropriate to remind creditors of the requirements of Bankruptcy Rule 3001(b) in the bar date order, Wachovia requests the Court to replace that paragraph with the following:

> "ORDERED that, as provided in Bankruptcy Rule 3001(b), each proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 ("Filing of Claims by Debtor or Trustee") and 3005 ("Filing of Claim ... by Guarantor, Surety, Indorser, or Other Codebtor")."

5.  Wachovia reserves all rights and nothing herein shall be construed as an admission or waiver of any rights or claims that Wachovia may be entitled to assert.

WHEREFORE, for the reasons set forth herein, Wachovia respectfully joins in the Objection and requests that: (i) the relief sought therein be made fully applicable to Wachovia; (ii) the Debtors' motion be denied to the extent set forth in the Objection as supplemented by this Joinder; (iii) this Court enter a bar date order substantially in the form attached to the Objection, amended so as to strike or replace the paragraph discussed in paragraph 4 of this Joinder; and (iv) this Court grant such other and further relief as this Court may deem just or proper.

Dated: New York, New York
June 12, 2009

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:  /s/ Jeffrey A. Rosenthal
    Jeffrey A. Rosenthal
    A Member of the Firm

One Liberty Plaza
New York, New York 10006
(212) 225-2000
jrosenthal@cgsh.com

*Attorneys for Wachovia Bank, National Association and its affiliates and Evergreen Investment Management Company, LLC, acting as agent for various funds.*

Pg 6 of 9

Presentment Date and Time: June 12, 2009 at 4:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: June 12, 2009 at 12:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time: June 17, 2009 at 2:00 p.m. (Prevailing Eastern Time)

<u>**BLACKLINE**</u>

Jeffrey A. Rosenthal
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Wachovia Bank, ~~N.A.~~ **National Association** and its affiliates and Evergreen Investment Management Company, LLC, acting as agent for various funds.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :   Chapter 11 Case No.
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                :   08-13555 (JMP)
                                                            :
     **Debtors.**                                           :   (Jointly Administered)
                                                            :
                                                            :
------------------------------------------------------------x

**CORRECTED JOINDER OF WACHOVIA TO THE OBJECTION OF BARCLAYS CAPITAL INC. TO THE MOTION OF THE DEBTORS, PURSUANT TO SECTION 502(b)(9) ¶OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3), FOR ESTABLISHMENT OF THE DEADLINE FOR FILING PROOFS OF CLAIM, APPROVAL OF THE FORM AND MANNER OF NOTICE THEREOF AND APPROVAL OF THE PROOF OF CLAIM FORM**

Wachovia Bank, ~~N.A.~~ **National Association** and its affiliates and Evergreen Investment Management Company, LLC, acting as agent for various funds (together "Wachovia"), by and through their undersigned counsel, hereby join in the Objection **To the Motion** Of The Debtors, Pursuant To Section 502(b)(9) Of The Bankruptcy Code And Bankruptcy Rule 3003(c)(3), For Establishment Of The Deadline For Filing Proofs Of Claim, Approval Of The Form And Manner Of Notice Thereof And Approval Of The Proof Of Claim Form (the "Objection"), dated June 11, 2009, ~~and incorporates~~**filed on behalf of Barclays**

**Capital Inc., Barclays Bank PLC and their affiliates and incorporate** the objections raised therein by reference as if set forth fully herein, and respectfully represent as follows:[1]

1. Wachovia is a creditor of Lehman Brothers Holdings Inc. and its affiliated debtors ("Debtors") in the above-captioned cases. Wachovia has claims against Debtors arising from, inter alia, derivative contracts and guarantees. These claims number in the thousands.

2. Wachovia hereby joins with, and incorporates by reference herein, all arguments and assertions made in the Objection. Wachovia reserves all rights to be heard before the Court with regard to the issues raised in the Objection and this Joinder;

3. Additionally, Wachovia anticipates that it may file claims as agent on behalf of various funds for which it acts as investment manager under various investment management agreements. In Paragraph 19 of the Bar Date Motion, the Debtors say "the Bar Date Order will explicitly provide that third parties are not permitted to assert claims on behalf of another party, and that claims asserted by persons other than those are [sic] legally entitled and authorized to assert such claim [sic] shall be disallowed," which raises some question about the ability of third parties, including investment managers like Wachovia, to file claims. The language of the Debtors' proposed Bar Date Order, which provides in the last full paragraph of page 9 that "any claims asserted, other than claims asserted by parties that are legally entitled and authorized to assert such claim, shall be disallowed;" does not appear to contain the absolute bar to the filing of claims by third parties as the Debtors described in the Bar Date Motion (although the meaning of the term "entitled" in this context is unclear).

4. Wachovia objects to the last full paragraph of page 9 of the Debtors' proposed Bar Date Order. Wachovia believes that this paragraph is unnecessary to the extent it

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

simply repeats the requirements of Bankruptcy Rule 3001(b) ("[a] proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005") and inappropriate to the extent it seeks to place restrictions of an uncertain scope, beyond those in the Bankruptcy Rules, on who may file a claim.  Accordingly, Wachovia respectfully requests that the Court omit the last full paragraph of page 9 of the Debtors' proposed Bar Date Order from any bar date order issued by the Court.  In the alternative, to the extent that the Court believes it appropriate to remind creditors of the requirements of Bankruptcy Rule 3001(b) in the bar date order, Wachovia requests the Court to replace that paragraph with the following:

> "ORDERED that, as provided in Bankruptcy Rule 3001(b), each proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 ("Filing of Claims by Debtor or Trustee") and 3005 ("Filing of Claim ... by Guarantor, Surety, Indorser, or Other Codebtor")."

5.      Wachovia reserves all rights and nothing herein shall be construed as an admission or waiver of any rights or claims that Wachovia may be entitled to assert.

WHEREFORE, for the reasons set forth herein, Wachovia respectfully joins in the Objection and requests that: (i) the relief sought therein be made fully applicable to Wachovia; (ii) the Debtors' motion be denied to the extent set forth in the Objection as supplemented by this Joinder; (iii) this Court enter a bar date order substantially in the form attached to the Objection, amended so as to strike or replace the paragraph discussed in paragraph 4 of this Joinder; and (iv) this Court grant such other and further relief as this Court may deem just or proper.

Dated: New York, New York
June 12, 2009

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:  /s/ Jeffrey A. Rosenthal
    Jeffrey A. Rosenthal
    A Member of the Firm

One Liberty Plaza
New York, New York 10006
(212) 225-2000
jrosenthal@cgsh.com

*Attorneys for Wachovia Bank, ~~N.A.~~National Association and its affiliates and Evergreen Investment Management Company, LLC, acting as agent for various funds.*