**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

------------------------------------------------------------------x

**AMENDED SCHEDULES OF ASSETS AND LIABILITIES FOR**

**CES AVIATION IX LLC**

**CASE NO. 08-13907 (JMP)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                      :        Chapter 11 Case No.
                                                           :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)
                                                           :
                        Debtors.                           :        (Jointly Administered)
------------------------------------------------------------------x

## GLOBAL NOTES PERTAINING TO DEBTORS' FIRST AMENDED SCHEDULES AND STATEMENTS

On the dates listed below (each a "Petition Date" and collectively the "Petition Dates"), Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors listed below (collectively, the "Debtors," and together with their non-Debtor affiliates, "Lehman") commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

| Debtor | Case Number | Petition Date |
|---|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 (JMP) | 9/15/08 |
| BNC Mortgage LLC | 09-10137 (JMP) | 1/9/09 |
| CES Aviation IX LLC | 08-13907 (JMP) | 10/5/08 |
| CES Aviation LLC | 08-13905 (JMP) | 10/5/08 |
| CES Aviation V LLC | 08-13906 (JMP) | 10/5/08 |
| East Dover Limited | 08-13908 (JMP) | 10/5/08 |
| Fundo de Investimento Multimercado Credito Privado Navigator Investimento No Exterior | 08-13903 (JMP) | 10/5/08[1] |
| LB 2080 Kalakaua Owners LLC | 09-12516 (JMP) | 4/23/09 |
| LB 745 LLC | 08-13600 (JMP) | 9/16/08 |
| LB Rose Ranch LLC | 09-10560 (JMP) | 2/9/09 |
| Lehman Brothers Commercial Corporation | 08-13901 (JMP) | 10/5/08 |
| Lehman Brothers Commodity Services Inc. | 08-13885 (JMP) | 10/3/08 |
| Lehman Brothers Derivative Products Inc. | 08-13899 (JMP) | 10/5/08 |
| Lehman Brothers Finance SA | 08-13887 (JMP) | 10/3/08[2] |
| Lehman Brothers Financial Products Inc. | 08-13902 (JMP) | 10/5/08 |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) | 10/3/08 |
| Lehman Brothers Special Financing Inc. | 08-13888 (JMP) | 10/3/08 |
| Lehman Commercial Paper Inc. | 08-13900 (JMP) | 10/5/08 |

---

[1]     Voluntarily dismissed on February 24, 2009.

[2]     On March 11, 2009, the Bankruptcy Court entered an order dismissing the chapter 11 case In re *Lehman Brothers Finance SA*, and granting recognition of the foreign main proceeding and of PwC-CH as LBF's duly authorized foreign representative under chapter 15 of the Bankruptcy Code, *See In re Lehman Brothers Finance AG, in Liquidation*, Case No. 09-10583 (Bankr. S.D.N.Y. 2009) (JMP) [Docket Nos. 24, 25].

| | | |
|---|---|---|
| Lehman Scottish Finance L.P. | 08-13904 (JMP) | 10/5/08 |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 (JMP) | 1/7/09 |
| PAMI Statler Arms LLC | 08-13664 (JMP) | 9/23/08[3] |
| Structured Asset Securities Corporation | 09-10558 (JMP) | 2/9/09 |

The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only in the above-captioned cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

The Debtors' respective Schedules of Assets and Liabilities, Schedules of Current Income and Expenditure, and Schedules of Executory Contracts and Unexpired Leases (the "Schedules") and Statements of Financial Affairs (the "Statements" and together with the Schedules, the "Schedules and Statements") have been prepared by the Debtors' management, with the assistance of their advisors, in accordance with section 521 of the Bankruptcy Code and Bankruptcy Rule 1007.[4]

These Global Notes Pertaining to the Debtors' Schedules and Statements (collectively, the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, each of the Schedules and Statements. **These Global Notes should be referred to, and reviewed in connection with, any review of the Schedules and Statements. These Global Notes are in addition to any specific notes contained in each Debtor's Schedules or Statements.** Disclosure of information in one Schedule, Statement, exhibit or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit or continuation sheet.

**The Schedules and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events or performance of any of the Debtors.**

1. **Reservation of Rights. The Debtors' chapter 11 cases are the largest in history. The sheer volume of information to disclose is formidable. The circumstances surrounding the commencement of the Debtors' cases were extraordinary and have materially impacted the Debtors' ability to access and marshal information about their businesses. The Debtors' precipitous filing caused an immediate shutdown of Lehman's formerly integrated information and globally interdependent financial reporting systems. Although prepetition information has gradually become more available, it remains difficult to access. The process of gathering and consolidating the Debtors' information will continue after the filing of these Schedules and Statements, which should therefore be regarded as a work in progress, to be followed by supplements and amendments as necessary.**

    **The Schedules and Statements are unaudited and subject to further review and potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. In order to close the books and records of the Debtors as of the Petition Date and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions and as such, these estimates and assumptions are reflected in the Schedules and Statements. The Debtors have made reasonable efforts to ensure the**

---

[3] On May 26, 2009, the Debtors filed a Motion Seeking Entry of an Order Pursuant to Section 1112(b) of the Bankruptcy Code Dismissing Chapter 11 Case of PAMI Statler Arms LLC which is currently set for hearing on June 24, 2009.

[4] Schedules and Statements of the Debtors may be filed on various dates within the time permitted by the Bankruptcy Code, Bankruptcy Rules, and/or orders of the Bankruptcy Court. No Schedules and Statements will be filed for either Fundo de Investimento Multimercado Credito Privado Navigator Investimento No Exterior or Lehman Brothers Finance SA because, as noted above, their chapter 11 case were dismissed by orders of the Bankruptcy Court, dated February 24, 2009 and March 11, 2009, respectively.

accuracy and completeness of such financial information; however, subsequent information or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions or inaccuracies may exist. **The Debtors reserve all rights to amend or supplement their Schedules and Statements.**

**Nothing contained in the Schedules and Statements or these Global Notes shall constitute an admission or a waiver of any of the Debtors' rights to assert claims or defenses. For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E as "priority," on Schedule F as "unsecured priority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract. Failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated."**

2. **"As of" Information Date.** Unless otherwise indicated, all amounts listed in the Schedules and Statements are as of the close of business on the date prior to the Petition Date of the applicable Debtor. Notwithstanding, (i) the amounts reported on Schedules A and B for the following entities : Lehman Brothers Commercial Corporation, Lehman Brothers Commodity Services, Inc., Lehman Brothers OTC Derivatives Inc, Lehman Brothers Special Financing Inc., Lehman Commercial Paper Inc. and Luxembourg Residential Properties Loan Finance S.a.r.l. are as of the close of business on September 14, 2008 and (ii) the intercompany balances for all Debtors with respect to derivative-based transactions are also as of September 14, 2008.

   Pursuant to certain orders of the Bankruptcy Court (collectively, the "Court Orders"), the Debtors were authorized to, and did, conduct sales of certain of their assets, assume and/or assign certain of their unexpired executory contracts or leases, and pay certain outstanding prepetition claims from and following the applicable Petition Dates. In addition, pursuant to certain Court Orders, certain outstanding prepetition claims against the Debtors may have been paid by non-Debtor third parties following the applicable Petition Date. Therefore claims for general trade payables listed on Schedule F may be net of payments made through February 12, 2009. Certain of the Court Orders preserve the rights of parties in interest to dispute any amounts required to be paid to satisfy prepetition claims. Nothing herein shall be deemed to alter the rights of any party in interest to contest a payment made pursuant to a Court Order that preserves such right to contest.

3. **SIPA and Other Insolvency Proceedings.** On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate. LBI's SIPA case is being administered in the Bankruptcy Court under docket number 08-01420 (JMP). In addition, as of the date of the filing of the Schedules and Statements, various insolvency proceedings have been commenced by or against certain of LBHI's foreign affiliates in their respective jurisdictions.

4. **Basis of Presentation.** For purposes of filing reports with the Securities and Exchange Commission, LBHI has historically prepared consolidated financial statements, which include each of the Debtors and certain additional non-Debtor affiliates. Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each Debtor on a non-consolidated basis. Accordingly, the totals listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for public reporting purposes or otherwise. The Debtors' Monthly Operating Reports contain additional detail regarding the preparation and maintenance of the Debtors' books and records.

   Although the Schedules and Statements may, at times, incorporate information prepared in accordance with generally accepted accounting principles ("GAAP"), the Schedules and Statements neither purport to represent nor reconcile financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP or otherwise. Reflection in Schedules and Statements of assets greater than liabilities is not an admission that a Debtor was solvent on its Petition Date or at any time prior to its Petition Date. Likewise, reflection in Schedules and Statements of liabilities greater than assets is not an admission that the Debtors were insolvent at their respective Petition Dates or any time prior to their respective Petition Dates.

5. **Current Market Value — Net Book Value.**  In certain instances, current market valuations are neither maintained by nor readily available to the Debtors.  It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests that are not maintained or readily available.  However, the Debtors' inventory positions are accounted for with mark-to-market accounting incorporating valuations as reflected in the applicable Debtor's books and records as of the Petition Dates, or, for certain categories of derivative transactions, as of September 14, 2008.[5]  The remaining assets, unless otherwise indicated, reflect the net book values of the Debtors' assets, as recorded in the Debtors' books and records, as of the Petition Dates Amounts ultimately realized will vary, at some times materially, from the amounts reflected in the applicable Debtor's books and records.

6. **Excluded Accruals/GAAP entries.**  The Schedules and Statements do not include certain deferred charges, deferred liabilities, or general reserves, or assets with a net realizable value of zero.  Such amounts may, however, be reflected in the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities, including accrued taxes and accrued wage and/or employee benefit related obligations, which do not represent specific claims as of the Petition Dates, and assets relating to, among other things, goodwill, customer relationship intangibles and loan commitment fees.

7. **Foreign Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

8. **Confidentiality.**  Addresses of current and former employees of the Debtors are generally not included in the Schedules and Statements.  Notwithstanding, the Debtors will mail any required notice or other documents to the address in their books and records for such individuals.

9. **Consolidated Entity Accounts Payable and Disbursement Systems.**  An individual Debtor's Schedules and Statements may include payments made by the Debtor for another Debtor or non-Debtor affiliate.  Payments made by another Debtor or non-Debtor affiliate on behalf of the filing Debtor, however, are not necessarily included on the filing Debtor's Schedules and Statements.  A description of the Debtors' prepetition centralized cash management system is set forth in the Debtors' motion for authorization to, among other things, continue using its cash management system, as modified, dated October 3, 2008 [Docket No. 669], and the supplement thereto, dated October 10, 2008 [Docket No. 826].

10. **Derivatives and other contractual agreements**.  The Debtors have attempted to list on Schedule G all of the derivative contracts that they were party to as of their respective Petition Date.  A large number of the contracts listed on Schedule G, however, may have been terminated prior or subsequent to the applicable Petition Date.  Liabilities and certain assets related to derivatives contracts are not included on the Debtors' Schedules.  In certain instances the Debtors have netted cash and securities collateral against the receivables due from counterparties.  Upon the Debtors completing their analysis of their books and records of the numerous derivative transactions potential additional assets and/or liabilities associated with the Debtors' derivative contracts may be recorded and disclosed.

11. **Intercompany Claims.**  Claims among the Debtors and their non-Debtor affiliates, as reflected in the balance sheet accounts of the applicable Debtors (each an "Intercompany Receivable" or "Intercompany Payable" and, collectively, the "Intercompany Claims"), are reported on Schedules B and F, as applicable.  The Intercompany

---

[5]  Derivative-related assets and derivative-related liabilities represent amounts due from or to counterparties related to matured, terminated and open trades and are recorded at fair value net of cash and securities collateral received and net of valuation reserves as recorded in the books as of September 14, 2008.  Lehman Brothers Special Financing, Inc. determined the fair value of the derivative-related assets listed on Schedule B as follows: (1) utilized the fair values as of September 30, 2008 for trades open as of September 30, 2008, (2) utilized the fair values at the date of maturity or termination where the counterparty notified the Company prior to September 30, 2008, or (3) utilized the last valuation recorded by the Company prior to the LBHI bankruptcy filing where a fair value was unable to be determined or for counterparties with more than 1,000 trades outstanding as of September 14, 2008.  Derivative-related assets do not reflect value impairment that may result from final resolution with certain Special Purpose Vehicles.

Claims are comprised primarily of the following components: trading activity with affiliates (buying and selling securities, derivatives, commodities among affiliates), allocation of operating expenses including interest charges and financings (notes payable/receivable, repos/reverse repos, stock or bond borrows/loans) and the transfer of cash balances, generally to LBHI and receipt of funds, generally from LBHI, to cover cash shortfalls, as a result of Lehman's cash management practices. The intercompany balances reflect the amounts shown on the Debtors' respective balance sheets as of the close of business on September 14, 2008 except that certain collateral has been netted against financing and derivative balances.

12. **Insiders.** Lehman employed hundreds of individuals with the title of Managing Director and Senior Vice President and thousands of individuals with the title of Vice President and Assistant Vice President. However, for its response to Statement questions 3c and 21, (i) LBHI has listed members of its Board of Directors and all employees that are, or were, Executive Officers (Chairman and Chief Executive Officer, Chief Financial Officer, Chief Administrative Officers, President and Chief Operating Officer, and Chief Legal Officer) and Global Heads and (ii) the remaining Debtors have listed Presidents, and certain Directors, Managing Directors, Senior Vice Presidents, and Vice Presents, as appropriate for their particular personnel structure. Persons have been included in the Schedules and Statements for informational purposes only and such individuals should not, simply by virtue of being listed herein, all be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, or with respect to any theories of liability or for any other purpose. In the ordinary course of Lehman's businesses, directors and officers of one Debtor may have been employed and paid by another Debtor or a non-Debtor affiliate.

Information about payments and prior relationships with Alvarez & Marsal North America, LLC is disclosed in the affidavits and supplements thereto that accompany the Debtors' Application to Retain Alvarez & Marsal North America, LLC to Provide the Debtors a Chief Restructuring Officer and Additional Personnel, and (B) to Appoint the Chief Restructuring Officer Nunc Pro Tunc to the Commencement Date [Docket Nos. 760, 1366, and 1559].

13. **Setoffs.** Prior to the applicable Petition Date, and in the ordinary course of their businesses, the Debtors incurred a large number of setoffs in connection with, among other things, intercompany, derivative and customer/supplier transactions. Unless otherwise stated, setoffs are not listed in the Schedules and Statements and the Debtors have not intentionally offset amounts listed on Schedules B, D or F. Nonetheless, some amounts listed may have been affected by setoffs taken of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights which may be asserted.

Notwithstanding foregoing, the Debtors have disclosed certain setoffs taken by financial institutions that are known to the Debtors and that the Debtors reserve the right to challenge as being outside the ordinary course of business.

14. **Mechanics' Liens.** The inventories, property and equipment listed in these Schedules and Statements and Schedules are presented without consideration of any mechanics' liens.

15. **Undetermined Amounts.** The description of an amount as "unknown," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.

16. **Pledged Assets and Assets Held by Other Parties.** A significant amount of the assets listed on the Debtors' Schedule B have been pledged as collateral by the Debtors and are outside of the Debtors' control. These assets include, among other things, cash, securities, real estate loans and corporate loans and other inventory. In addition, prior to the applicable Petition Date, certain third parties posted cash and securities with the Debtors as collateral (the "Third Party Collateral"). In many instances other non-Debtor third-party entities have either seized, asserted control over or a claim a right to such Third Party Collateral. The Debtors are exploring their rights, options and obligations in such instances. Notwithstanding, Schedule B reflects receivables net of Third Party Collateral and, to the extent that Third Party Collateral posted by a particular creditor resulted in a net payable, such payable is listed on Schedule F.

17. **Guarantees.** Contractual guarantees issued by a Debtor have been listed on that Debtor's Schedule G. Claims of contract counterparties arising under these guarantees have been listed on the Debtor's Schedule F as contingent and unliquidated liabilities. In addition, LBHI guaranteed the payment of all liabilities, obligations and commitments of certain of its subsidiaries. LBHI has listed each of the guaranteed subsidiaries, but not the creditors of those guaranteed subsidiaries, as a contingent, unliquidated and disputed creditor on LBHI's Schedule F. LBHI frequently served as credit support provider to its affiliates in connection with their derivative contracts. As noted in Global Note 10 about contingent liabilities associated with the derivative contracts, these contingent liabilities will not be disclosed until the Debtors have completed their analysis of the numerous derivative transactions. The Debtors may identify additional guarantees as they continue their review of their books and records, executory contracts, unexpired leases, secured financing, debt instruments and other such agreements, and will amend their Schedules accordingly.

18. **Schedules.**

    a.    **Schedule A**. Real property is listed on Schedule A at net book value. Certain interests of the Debtors in real property, including mortgages and real property held for sale, are not listed on Schedule A, but have been listed as inventory in response to Schedule B. Leases of real property have not been listed on Schedule A, but have been listed on Schedule G.

    b.    **Schedule B1.** Cash and restricted cash for certain Debtors may include amounts related to pledged assets that may not belong to the Debtor. Such amounts associated with pledged assets are not determinable at this time.

    c.    **Schedule B9.** Certain Debtors who do not list any interest in insurance policies in response to Schedule B9 may hold an interest in policies of an affiliate.

    d.    **Schedule B21.** Amounts listed in response to Schedule B21 exclude claims that have been or, at a later date may be, asserted by the Debtors against their various liability policies. Additionally, the Debtors have asserted and will continue to assert various claims against affiliates involved in foreign insolvency proceedings. Said claims are subject to amendment and further reconciliation and may not be reflective of the amounts listed on the Debtors' books and records as of the Petition Dates. To the extent such claims include undetermined or unliquidated amounts, such amounts have not been included in the Debtors' Schedules.

    e.    **Schedule B23.** Licenses to conduct business are not included in Schedule B.

    f.    **Schedule D — Creditors Holding Secured Claims.** The Debtors have not undertaken a valuation of their assets in which creditors may have a secured interest. The Debtors reserve all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents and a determination of the creditors' compliance with applicable law is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or related documents.

        Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D. The Debtors have not included on Schedule D parties whose claims may be secured through rights of setoff, deposits posted by, or on behalf of, the Debtors, or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in a secured facility, only the collateral agent has been listed for purposes of Schedule D.

    g.    **Schedule E — Creditors Holding Unsecured Priority Claims.** Schedule E does not include obligations for employee-related medical, dental, prescription drug, death and other benefits under

group benefit plans that have been, or may be, satisfied by a voluntary employee beneficiary association ("VEBA") established on September 12, 2008 under section 501(c)(9) of the Internal Revenue Code of 1986. Schedule E does not include certain other employee obligations, which may be owed, or may have been satisfied, by LBI. Schedules E and F do not include obligations related to restricted stock units.

**h.**    **Schedule F — Creditors Holding Unsecured Nonpriority Claims.**   Certain creditors owe amounts to the Debtors and, as such, may have valid setoff and recoupment rights with respect to the balances listed on Schedule F.

The Debtors' responses to Statement question 4 disclose pending litigation involving the Debtors. Claims related to pending litigations are listed on Schedule F as contingent, unliquidated and disputed liabilities. In certain litigations, however, plaintiffs have not clearly identified which Lehman entity or entities are the intended defendants (naming "Lehman" or "Lehman Brothers"). In such cases, out of an abundance of caution the litigation is disclosed by LBHI's in response to Statement question 4 and claims are listed on LBHI's Schedule F as a contingent, unliquidated and disputed liabilities. Inclusion in LBHI's Schedules and SOFAs shall not be deemed an admission of any liability for a litigation that is disclosed.

**i.**    **Schedule G — Executory Contracts and Unexpired Leases.**   Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease, and inclusion of a contract, lease or other agreement on Schedule G does not constitute an admission that such contract, lease or other agreement is an executory contract, was in effect on the applicable Petition Date, or is valid or enforceable. The contracts, leases and other agreements listed on Schedule G may have been modified, amended, supplemented or superseded from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed on Schedule G.

In the ordinary course of business, the Debtors may lease certain fixtures and equipment from certain third party lessors for use in the daily operation of their business. The Debtors' obligations pursuant to capital leases appear on Schedule D and their obligations pursuant to operating leases have been listed on Schedule F. The underlying lease agreements are listed on Schedule G. Nothing in the Schedules and Statements is or shall be construed to be an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to such issues.

Certain of the Agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors, or a Debtor and a non-Debtor affiliate or third party. Certain of the Agreements may not have been memorialized and may be subject to dispute. Agreements that are oral in nature have also been included in Schedule G. Agreements, including certain license agreements that are not valued by the Debtors for balance sheet purposes appear on Schedule G but do not appear on Schedule B.

**j.**    **Schedule H — Co-Debtors.**   Investigation into possible co-obligor relationships between the Debtors and/or non-debtor entities is ongoing. There may be instances where litigation is brought against multiple legal entities. Such litigation is listed on Schedule F of the appropriate Debtor and Schedule H. The Debtors are in the process of reviewing their leases and contracts, which agreements may contain provisions leading to a co-debtor relationship.

# 19. Statements.

**k.**    **Statement question 1 – Income.**   The amounts reported in response to Statement question 1 reflect the Debtors' fiscal year of 12/1 to 11/30 and reflect amounts taken from the Debtors' internal consolidated balance sheet worksheets. Amounts reported for the current period represent gross revenue for the period 12/1/2007 through and including 8/31/2008.

l.      **Statement question 2 – Other Income.**  From time to time, the Debtors may have de minimis income from sources other than the operation of business that will not appear in response to Statement question 2.

m.      **Statement question 3 – Payments to Creditors.**  Amounts still owing to any creditor listed on Statement 3b or 3c are reflected in Schedule E and F, as applicable.

      i.    **Statement Question 3b.**  The payments listed reflect payments made by the applicable Debtor entity and those payments made by LBI on the Debtors' behalf.  Payments made by LBI are indicated with an asterisk on Schedule 3b.

      ii.   **Statement Question 3c.**  The payments listed on the Debtors' response to Statement question 3c reflect payments made by the applicable Debtor entity and those payments made by LBI on the Debtors' behalf.  Payments made by LBI are indicated with an asterisk on Schedule 3c.  Amounts listed include payroll payments, W-2 income events, checks and wires.  For explanation of the treatment of payments that may have been made by an affiliate on behalf of another affiliate, please refer to Global Note 6.

n.      **Statement question 4b – Property attached, garnished or seized.**  The Debtors have listed amounts held by certain financial institutions pending the legal and/or equitable resolution of various asserted claims.  The Debtors contest and dispute these parties' right to hold, attach garnish or seize such funds.

o.      **Statement question 7 – Gifts.**  See Global Note 9 above regarding the Debtors' consolidated entity accounts payable and disbursement systems.

p.      **Statement question 8 – Losses.**  The Debtors' responses to Statement question 8 do not include financial losses or defense costs paid pursuant to the director and officer liability policies.

q.      **Statement question 10 – Other Transfers.**  In response to Statement question 10, the Debtors list certain transfers of collateral that were made prior to and remained outstanding as of the Petition Date of the respective Debtor.  The Debtors reserve the right to argue that such transfers were outside the ordinary course of business and reserve all rights with respect to a final determination as to the nature of the transfers, notwithstanding their inclusion in this Statement question 10.  Investigation continues with respect to such transfers.

r.      **Statement question 12 – Safe Deposit Boxes.**  The Debtors have listed certain physical vaults in response to the applicable Debtor's response to statement question 12.  Investigation and inquiry continues in efforts to ascertain information about and/or obtain control over assets of the Debtors that may be in vaults of non-debtor affiliates and third parties, including financial institutions, holding such assets at the direction of such non-debtor affiliates or third parties.

s.      **Statement question 18 – Nature, location and name of business.**  The Debtors' responses to Statement question 18 includes only ownership interests in businesses that are either (i) direct subsidiaries of the applicable Debtor or (ii) entities that file reports with the Securities and Exchange Commission (an "SEC-filer").

t.      **Statement question 19 – Books, Records and Financial Statements.**  The firms and individuals listed in response to Statement questions 19(a)-(c) are not intended to be an exhaustive list of all parties but rather represent a listing of those firms and/or individuals that supervised or were primarily responsible for the respective tasks.

**Statement question 20 – Inventory.**  The Debtors maintain physical inventory at the vaults listed in response to Statement question 12 and in the vaults of certain non-debtor affiliates and third parties and maintain their non-physical inventory in accounts at certain non-Debtor affiliates including LBI (the "Non-

physical Accounts").  An electronic inventory calculation with respect to the Non-physical Accounts was prepared periodically by LBI and/or Lehman Brothers International (Europe) and provided to the Debtors at regular intervals prior to [September 14, 2008].

u.      **Statement questions 21 and 22**.  The Debtors' response reflects information as of each respective Debtor's Petition Date.

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

Southern **District Of** New York

In re   CES Aviation IX LLC                    ,                    Case No. 08-13907 (JMP)
                    Debtor

                    Chapter 11

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | 1 | $            0.00 | | |
| B - Personal Property | | 8 | $      6,030,465.66 | | |
| C - Property Claimed as Exempt | | 1 | | | |
| D - Creditors Holding Secured Claims | | 1 | | $        Undetermined | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | 2 | | $        Undetermined | |
| F - Creditors Holding Unsecured Nonpriority Claims | | 2 | | $        Undetermined | |
| G - Executory Contracts and Unexpired Leases | | 1 | | | |
| H - Codebtors | | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $        N/A |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $        N/A |
| **TOTAL** | | 17 | $      6,030,465.66 | $        Undetermined | |

B6A (Official Form 6A) (12/07)

In re   **CES Aviation IX LLC**                                    ,                    Case No.   **08-13907 (JMP)**
                          **Debtor**                                                                                     **(If known)**

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | Total ▶ | $ 0.00 | |

(Report also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

In re  CES Aviation IX LLC                                    ,                    Case No.  08-13907 (JMP)
                        **Debtor**                                                                              **(If known)**

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian," Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or coopratives. | | See attached rider | | $247,443.86 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | Executive Fliteways (EFI) - Aviation Management Company | | $100,000.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Although no specific insurance policy is in place for this Company, the Company is a beneficiary on the policies of Lehman Brothers Holdings Inc. ("LBHI").  These policies are listed on rider B9 of the LBHI Schedule B. | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

CES IX Schedules 13

B6B (Official Form 6B) (12/07) – Cont.

In re  CES Aviation IX LLC                              ,                    Case No. 08-13907 (JMP)
                    **Debtor**                                                                  **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | See attached rider | | $7,934.11 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

**B6B (Official Form 6B) (12/07) – Cont.**

In re _CES Aviation IX LLC_____,                    Case No._08-13907 (JMP)_____
　　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | | See attached rider | | $5,659,730.00 |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re  CES Aviation IX LLC                                ,                    Case No. 08-13907 (JMP)
                    **Debtor**                                                              **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | | See attached rider | | $15,357.69 |
| | | _____3_____ continuation sheets attached    Total ▶ | | $ 6,030,465.66 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

**In re: CES Aviation IX, LLC**                                              **Case No. 08-13907 (JMP)**

### SCHEDULE B -PERSONAL PROPERTY
#### Rider B.2 - Bank Accounts

| BANK | ADDRESS | ACCOUNT NUMBER |
|------|---------|----------------|
| Citibank, N.A. | 388 Greenwich St., 22nd Floor, New York, NY 10013 | 30664297 |

**Note:  Sum total of bank balances per the general ledger is $247,443.86 and is subject to book-bank reconciliation differences**

**In re: CES Aviation IX, LLC**                                                                 **Case No. 08-13907 (JMP)**

### SCHEDULE B -PERSONAL PROPERTY
### Rider B.16 - Accounts Receivable

| DESCRIPTION | VALUE |
|---|---|
| Inter Company Receivable - CES Aviation LLC | $7,934.11 |
| **Total** | **$7,934.11** |

**In re: CES Aviation IX, LLC**                                    **Case No. 08-13907 (JMP)**

## SCHEDULE B -PERSONAL PROPERTY
### Rider B.27 - Aircraft and Accessories

| DESCRIPTION | Net Book Value |
|---|---|
| 1987 Falcon 50, Tail Number N2 | $  5,659,730.00 |
| **Total** | **$  5,659,730.00** |

**In re: CES Aviation IX, LLC**                                    **Case No. 08-13907 (JMP)**

### SCHEDULE B -PERSONAL PROPERTY
#### Rider B.35 - Other personal property of any kind

| DESCRIPTION | NET BOOK VALUE |
|---|---|
| PREPAIDS INSURANCE | $6,734.39 |
| PREPD REPAIRS & MAINT EXP | $8,623.30 |
| **Total** | $15,357.69 |

**B6C (Official Form 6C) (12/07)**

In re  CES Aviation IX LLC                        ,          Case No.  08-13907 (JMP)
             **Debtor**                                                                    **(If known)**

# SCHEDULE C – PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. § 522(b)(2)

☐ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $136,875.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Not Applicable | | | |

B6D (Official Form 6D) (12/07)

In re  CES Aviation IX LLC_____,                    Case No. 08-13907 (JMP)_____
              **Debtor**                                                              **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

      State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

      List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

      If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

      If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

      Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. EXECUTIVE FLITEWAYS INC ONE CLARK DRIVE RONKONKOMA, NY 11779-7312 | | | Operating Deposit<br><br>VALUE $ $100,000.00 | X | X | | Undetermined | Undetermined |
| ACCOUNT NO. | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br>VALUE $ | | | | | |

  _0_ continuation sheets attached

| | | |
|---|---|---|
| Subtotal ▶ (Total of this page) | $ 0.00 | $0.00 |
| Total ▶ (Use only on last page) | $ Undetermined | $Undetermined |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B6E (Official Form 6E) (12/07)

In re  **CES Aviation IX LLC**                                    ,          Case No. **08-13907 (JMP)**
                  **Debtor**                                                                     **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[x]   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ]   **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ]   **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[ ]   **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]   **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**B6E (Official Form 6E) (12/07) – Cont.**

In re  **CES Aviation IX LLC**                                    ,                    Case No. **08-13907 (JMP)**
                    **Debtor**                                                                                      **(if known)**

☐    **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐    **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐    **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐    **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐    **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment**.**

_0_  **continuation sheets attached**

B6F (Official Form 6F) (12/07)

In re  CES Aviation IX LLC                                    ,                    Case No. 08-13907 (JMP)
_____                                    _____
                    Debtor                                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>See attached rider: Schedule F Payables | | | | | | | Undetermined |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

| | | |
|---|---|---|
| | Subtotal ▶ | $ 0.00 |
| _0_ continuation sheets attached | Total ▶ | $ Undetermined |
| | (Use only on last page of the completed Schedule F.) | |
| | (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | |

CES Aviation IX LLC

Schedule F
Creditors Holding Unsecured Nonpriority Claims
Payables

08-13907 (JMP)

| Creditor name | Address 1 | Address 2 | City | State | Zip | Country | Date claim was incurred and consideration for claim | Contingent | Unliquidated | Disputed | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CES Aviation III LLC | 1271 Avenue of the Americas | 35th Floor | New York | NY | 10020 | UNITED STATES | I/C Payable | | X | | $420.00 |
| GALLAND KHARASCH GREENBERG FELLMAN & | 1054 31ST STREET N.W. | | WASHINGTON | DC | 20007-4492 | UNITED STATES | General Trade Payable | | | | $315.00 |
| Lehman Brothers Holdings Inc. | 1271 Avenue of the Americas | 35th Floor | New York | NY | 10020 | UNITED STATES | I/C Payable | | X | | $8,989,280.38 |
| Lehman Brothers Inc. | c/o HUGHES HUBBARD & REED LLP; ATTN: JAMES W. GIDDENS, JAMES B. KOBAK, JR., CHRISTOPHER K. KIPLOK | ONE BATTERY PARK PLAZA | New York | NY | 10004-1482 | UNITED STATES | I/C Payable | | X | | $286,821.37 |

Page 1 of 1

CES IX Schedules 26

B6G (Official Form 6G) (12/07)

In re   **CES Aviation IX LLC**                                          ,                    Case No.   **08-13907 (JMP)**
_____**Debtor**_____                                                                                    **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Executive Fliteways, Inc.<br>One Clark Drive<br>Attn: John W. Grillo<br>Ronkonkoma, NY 11779 | Lease Agreement<br>Non-Exclusive Aircraft Lease Agreement dated September 1, 2007 with CES Aviation IX LLC, as Lessor, and Executive Fliteways, Inc. as Lessee. |
| | |
| | |
| | |
| | |
| | |

**B6H (Official Form 6H) (12/07)**

In re   CES Aviation IX LLC                                ,                      Case No.   08-13907 (JMP)
                    **Debtor**                                                                      **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Please refer to the Debtors' Global Notes and Statement of Limitations, Methods and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs attached hereto. | |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re   CES Aviation IX LLC                          ,

Case No.   08-13907 (JMP)

Debtor

(if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____                Signature: _____

Debtor

Date _____                Signature: _____

(Joint Debtor, if any)

[If joint case, both spouses must sign.]

-------------------------------------------------------------------------------------
### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____              _____
Printed or Typed Name and Title, if any,        Social Security No.
of Bankruptcy Petition Preparer                 (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____

_____
Address

X _____              _____
Signature of Bankruptcy Petition Preparer                          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*
-------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the   Chief Financial Officer                [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the   corporation                [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date   6/14/2009

Signature: _____

William Fox, Chief Financial Officer
[Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*
-------------------------------------------------------------------------------------

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.