**Hearing Date and Time: June 17, 2009 at 2:00 p.m. (Prevailing Eastern Time)**

Stephen J. Shimshak
Douglas R. Davis
Claudia L. Hammerman
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000

*Counsel for Citigroup, Inc.
and its respective affiliates and subsidiaries
(including, without limitation, Citibank, N.A.)*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**CITIBANK'S JOINDER IN BARCLAYS'S OBJECTION TO THE
DEBTORS' MOTION TO ESTABLISH THE DEADLINE
FOR FILING PROOFS OF CLAIM AND RELATED RELIEF**

Citigroup, Inc. and its respective affiliates and subsidiaries, including Citibank, N.A. (jointly hereinafter "Citibank"), by and through their undersigned counsel, hereby join in the objection of Barclays Capital Inc. and its affiliates (jointly hereinafter "Barclays") [D.I. 3820], to the Debtors' motion made pursuant to section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) to establish the deadline for filing proofs of claim, approving the form and manner of notice thereof and approving the proof of claim form by reference dated June 11, 2009 [D.I. 3654] (the "Motion"). By this

objection, Citibank incorporates and preserves as its own the substance of Barclays's objection as if set forth fully herein, and respectfully represents as follows:[1]

### Background

1.  Like Barclays, Citibank is a creditor of Lehman Brothers Holdings Inc. ("LBHI") and several of its affiliated debtors (together with LBHI, the "Debtors") in these and other cases around the world. Citibank's claims against the Debtors include claims arising from tens of thousands of Derivative Contracts (as defined in the Motion) supported by LBHI guarantees.

2.  For Citibank to comply with the Derivatives Questionnaire attached as Exhibit C to the Motion would impose an enormous burden on Citibank, given the volume of transactions, the global nature of Citibank's businesses, and the costly and time-consuming effort that compliance would entail.

### Objections

3.  As noted in Barclays's objection, the Motion (and particularly the Derivative and Guarantee Questionnaire) seeks improperly to shift the evidentiary burden of the claims process, to impose one-sided discovery in the form of interrogatories and document requests in violation of the Bankruptcy Rules, and to obtain an unreasonably detailed and unduly burdensome amount of information that vastly exceeds the obligations imposed on a terminating counterparty under the standard ISDA Master Agreement -- thereby upsetting settled market expectations regarding the transaction costs of seeking redress for defaulted debts under derivative contracts.

---

[1] Citibank files this objection on June 15, 2009; the Debtors have granted Citibank an extension to that date to object to the relief requested in the Motion.

2

4.  These requirements are also wasteful. The Debtors can readily identify and reconcile the Debtors' derivative positions through their own records or third party resources, such as the DTCC. The Motion thus reduces to an attempt by the Debtors to disallow otherwise valid proofs of claim due to technicalities, minor irregularities, or the lack of supporting documentation of a particular sort. Under the circumstances -- and in light of the burdens that the Debtors seek to impose -- an August 24, 2009 Bar Date is unworkable; a much later date is required.

5.  In addition to those objections and arguments, Citibank objects to the Debtors' proposed order (the "Proposed Order") because it creates uncertainty as to which entity may file a proof of claim. The Proposed Order provides that "any claims asserted, other than claims asserted by parties that are *legally entitled* and authorized to assert such claim, shall be disallowed." (Proposed Order at 9 (emphasis supplied).) In the Motion, the Debtors recite that claims asserted by third parties will not be allowed. (Motion at ¶19.) In respect to securities issued or guaranteed by certain of the Debtors, including LBHI, the Debtors appear by such language to prohibit a record holder, beneficial holder, or a nominee from filing a proof of claim. In any case, such limitations on the ability of a party to file a proof of claim have no justification.

6.  Bankruptcy Rule 3001(b), which governs which party may execute a proof of claim, states that "[a] proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005." Moreover, Official Form 10 -- which the Debtors themselves attach as Exhibit B to the Motion and intend to have all creditors submit -- provides in the signature block that "the creditor or other person authorized to file this claim" may sign a proof of claim. Accordingly, this Court should direct the removal of the ambiguous phrase "legally entitled" from any

3

order approving a claims bar date for the Debtors; the Proposed Order should make clear that any person or entity authorized under the Bankruptcy Code, Bankruptcy Rules and applicable law, including with respect to Bankruptcy Rule 3001(b) and Official Form 10, may file a proof of claim.

7.  Citibank further objects to the Debtors' exclusion of securities issued by non-Debtor affiliates but guaranteed by the Debtors, principally LBHI (the "Guaranteed Securities") from the Master List of Securities. The Debtors propose to make available a Master List of Securities on their website, and the holders of securities listed on the Master List of Securities need not file a proof of claim. (Motion at ¶14(h).) As of the date hereof, the Debtors have not made the Master List of Securities available, and upon information and belief, Citibank understands that the Debtors either do not intend to schedule the Guaranteed Securities on the Master List of Securities or intend to schedule the Guaranteed Securities as "contingent, disputed, or unliquidated," thereby imposing an obligation on any holder of Guaranteed Securities to file a proof of claim.

8.  Upon information and belief, many holders of the Guaranteed Securities consist of retail customers, ordinary people, located around the world -- people unfamiliar with the proof of claim process, and in many instances, lacking the capability to file proofs of claim in the United States. The Debtors would impose the hardship on thousands of note holders worldwide of filing individual proofs of claim to evidence obligations of which the Debtors remain fully aware. That exercise will require note holders to complete the Guarantee Questionnaire, which among other things, will require each claimant to upload the same documentation as thousands of other claimants. If, by some miracle, all of these creditors file proofs of claim, they will inundate the Debtors with literally thousands of identical claims and thousands of identical documents; more

4

likely, many creditors will fail to file proofs of claim at all due to the confusion and the complexities of the skewed process that the Debtors seek to impose. As a result, the Debtors' approach to the Master list of Securities will effectively disenfranchise thousands of creditors and bar them from distributions in these cases.

9. Under these extraordinary circumstances (a direct consequence of how the Debtors chose to conduct their business and how they chose to raise money), this Court should require the Debtors to schedule the Guaranteed Securities on the Master List of Securities to avoid these unfair and unseemly results. The Debtors could lessen the burden on their estates and on thousands of claimants by the simple expedient of including the Guaranteed Securities on the Master List of Securities, unaccompanied by any characterization other than a full reservation of all of the Debtors' rights to object to such claims.

10. The Motion also outlines procedures that would permit any holder of a security not listed on the Master List of Securities to complete and submit to the Debtors an "Inquiry Regarding Security Not on Master List of Securities" form (the "Inquiry"). (Motion at ¶15.) Upon receipt of the Inquiry, the Debtors will either add the security to the Master List of Securities or provide an explanation as to why they will not add the security. Citibank asserts that in addition to the other modifications that it proposes, these procedures, if maintained, should include a deadline by which the Debtors must respond to the Inquiry. In the absence of an assurance of a timely response to Inquiries, creditors again will have no choice but to file a proof of claim, thereby defeating the very purpose of the Inquiry. Citibank proposes that the Debtors answer any Inquiry within seven (7) days of its receipt.

11. Citibank reserves all of its rights and remedies, and nothing contained in this objection shall constitute an admission by Citibank for any other purpose or a waiver of any rights or remedies available to Citibank.

WHEREFORE, for the reasons set forth herein, Citibank respectfully joins in, and adopts the substance of Barclays's objection as its own; Citibank requests that this Court enter an Order, (i) granting as to Citibank relief comparable to that sought in Barclays's objection; (ii) amending and clarifying the Proposed Order to provide that any person authorized under Bankruptcy Rule 3001 may file a proof of claim; (iii) including the Guaranteed Securities on the Master List of Securities, with a full reservation of rights by the Debtors; (iv) requiring Debtors to respond to any Inquiry within seven (7) days of its receipt; and (v) granting Citibank such other and further relief as this Court deems just or proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: New York, New York
June 15, 2009

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

/s/ Stephen J. Shimshak

Stephen J. Shimshak
(sshimshak@paulweiss.com)

Douglas R. Davis
(ddavis@paulweiss.com)
Claudia L. Hammerman
(chammerman@paulweiss.com)
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Citigroup, Inc.
and its respective affiliates and subsidiaries
(including, without limitation, Citibank, N.A.)*