Presentment Date and Time: June 23, 2009 at 1:00 p.m. (Prevailing Eastern Time)
Objection Deadline: June 23, 2009 at 12:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): June 24, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF**
**STIPULATION, AGREEMENT AND ORDER BETWEEN**
**THE DEBTORS AND 101 HUDSON LEASING ASSOCIATES**
**AUTHORIZING THE REJECTION OF LEASE OF NONRESIDENTIAL**
**REAL PROPERTY AT 101 HUDSON STREET AND ABANDONMENT**
**AND TRANSFER OF PERSONAL PROPERTY REMAINING AT THE PREMISES**

   **PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") between Lehman Brothers Holdings Inc. and its affiliated debtors and debtors in possession and 101 Hudson Leasing Associates to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **June 23, 2009 at 1:00 p.m. (Prevailing Eastern Time).**

   **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation, Agreement and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by no later than **June 23, 2009 at 12:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Order may be signed.

   **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed as set forth above, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order on **June 24, 2009 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: June 15, 2009
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re                                                          :    **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
                                                               :
                           Debtors.                            :    **(Jointly Administered)**
-----------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**AUTHORIZING THE REJECTION OF LEASE OF NONRESIDENTIAL**
**REAL PROPERTY AT 101 HUDSON STREET AND ABANDONMENT**
**AND TRANSFER OF PERSONAL PROPERTY REMAINING AT THE PREMISES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This stipulation, agreement and order ("Stipulation, Agreement and Order") is entered into by and among Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors") and 101 Hudson Leasing Associates ("Hudson Leasing").

**RECITALS**

A. On September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors

are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

      B.      Hudson Leasing and LBHI are parties to that certain lease, dated as of October 13, 1993 (as amended by (i) that certain First Amendment to Lease, dated as of August 30, 1994, (ii) that certain Second Amendment to Lease, dated as of June 30, 1995, (iii) that certain Third Amendment to Lease, dated as of April, 1996, (iv) that certain Fourth Amendment to Lease, dated as of July 15, 1998, (v) that certain Fifth Amendment to Lease, dated as of March, 2000, (vi) that certain Agreement to Partially Surrender Space and Sixth Amendment of Lease, dated June 1, 2004, (vii) that certain Agreement to Partially Surrender Space and Seventh Amendment of Lease, dated as of November 17, 2004, and (viii) that certain Eighth Amendment to Lease, dated July 17, 2007, the "Lease"). Pursuant to the Lease, Hudson Leasing leases to LBHI certain premises in the building located at 101 Hudson Street, Jersey City, New Jersey, including the entire 11th, 25th, 26th, 27th, 32nd, 38th, 39th, and 40th floors, a portion of the roof located on the 42nd floor, a portion of the 2nd, 3rd, and 15th floors, and a portion of the lobby level of the building (the "Premises").

      C.      The Debtors have carefully evaluated the benefits and burdens of the Lease and, upon a due and proper exercise of their business judgment, the Debtors have determined that the Lease provides for more space and a longer term than is necessary for the Debtors' business purposes and, consequently, are no longer of utility and represent a drain on the Debtors' estates and resources. Accordingly, LBHI desires to reject the Lease pursuant to section 365(a) of the Bankruptcy Code.

      D.      In order to satisfy LBHI's current needs, LBHI and Hudson Leasing are negotiating a new lease under which Hudson Leasing would lease to LBHI certain portions of the Premises (the "New Lease"). Debtors represent that entry into the New Lease is in the ordinary course of their business and does not require court authorization.

E.  The Debtors have determined that certain personal property located at the Premises ("Personal Property") is burdensome and of little utility to the Debtors' estates. Accordingly, upon LBHI's rejection of the Lease and surrender and vacation of certain portions of the Premises, LBHI will abandon and/or transfer all Personal Property remaining in such portions of the Premises to Hudson Leasing.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG LBHI AND HUDSON LEASING, THROUGH THEIR RESPECTIVE UNDERSIGNED COUNSEL AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.  Effective upon the effective date of the New Lease (the "Effective Date"), the Lease is, pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, rejected and deemed terminated.

2.  Pursuant to sections 363 and 554 of the Bankruptcy Code, effective upon LBHI's (i) rejection of the Lease and (ii) surrender and vacation of certain portions of the Premises, LBHI shall be deemed to have abandoned and transferred, as applicable, the Personal Property remaining in such portions of the Premises to Hudson Leasing, and all of LBHI's right, title and interest in and to such Personal Property (free of all liens and claims) will vest to Hudson Leasing.

3.  Hudson Leasing, for itself, its affiliates, successors and assigns, hereby expressly waives and releases, effective upon the Effective Date, any and all claims of whatever nature that it may have against the Debtors relating to the rejection of the Lease.

4.  Nothing contained herein is intended or should be construed as an admission as to the validity of any claim of or against any party, or as a waiver of the rights of any party to dispute any claim except as expressly waived herein.

5. The transfer of Personal Property authorized by this Stipulation, Agreement and Order shall take effect immediately upon entry of this Stipulation, Agreement and Order and shall not be stayed by operation of Bankruptcy Rule 6004.

6. Each person who executes this Stipulation, Agreement and Order on behalf of a party or parties hereto represents that he is duly authorized to execute this Stipulation, Agreement and Order on behalf of such party or parties.

7. This Stipulation, Agreement and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

8. This Stipulation, Agreement and Order is subject to approval of the Court and shall be of no force and effect unless and until it is approved.

9. This Stipulation, Agreement and Order may not be amended or modified except as agreed by the parties hereto and approved by further order of the Court.

10. Each of the parties hereto irrevocably consents to the jurisdiction of the Court with respect to any action to interpret or enforce the terms and provisions of this Stipulation, Agreement and Order and expressly waives any right to commence any such action in another forum; provided, however, that any actions relating to the New Lease shall be subject to jurisdiction as set forth therein.

[*The remainder of this page is intentionally blank.*]

Dated: June 8, 2009

| **WEIL, GOTSHAL & MANGES LLP** | **101 HUDSON LEASING ASSOCIATES**<br>**By: MC Hudson Holding L.L.C., general partner**<br>**By: Mack-Cali Realty, L.P., sole member**<br>**By: Mack-Cali Realty Corporation, general partner** |
|---|---|
| /s/ Shai Y. Waisman<br>Shai Y. Waisman<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>Attorneys for Debtors<br>and Debtors in Possession | /s/ Roger W. Thomas<br>Roger W. Thomas, Executive Vice President and General Counsel<br>Mack-Cali Realty Corporation<br>343 Thornall Street<br>Edison, New Jersey 08837<br>Telephone: (732) 590-1010<br>Facsimile: (732) 205-9015 |

SO ORDERED this _____ day of June __, 2009

_____
HONORABLE JAMES PECK
UNITED STATES BANKRUPTCY JUDGE