WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Alfredo R. Perez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :   **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                :   **08-13555 (JMP)**
                                                            :
                    Debtors.                                :   **(Jointly Administered)**
                                                            :
                                                            :
------------------------------------------------------------x

**DECLARATION OF ALFREDO R. PEREZ IN SUPPORT**
**OF ORDER TO SHOW CAUSE SCHEDULING A HEARING**
**TO CONSIDER LBHI'S MOTION, PURSUANT TO SECTIONS**
**105(a) AND 363 OF THE BANKRUPTCY CODE AND RULE**
**6004(h) OF THE BANKRUPTCY RULES, FOR AUTHORIZATION**
**TO MAKE A CAPITAL CONTRIBUTION TO AURORA BANK FSB**

ALFREDO R. PEREZ, being duly sworn, hereby declares pursuant to section 1746 of title 28 of the United States Code:

1.  I am an attorney admitted to practice before this Court and a member of Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-Debtor affiliates, "Lehman").

2.  I am submitting this declaration in support of the Order to Show Cause being contemporaneously submitted to schedule an expedited hearing (the "Hearing") on shortened notice with respect to LBHI's motion (the "Motion"), pursuant to sections 105(a) and

363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to invest up to $25 million in cash into Aurora Bank FSB (the "Bank") to the extent such investment is determined by LBHI to be necessary to assure that the Bank's total risk-based capital ratio satisfies the 10% "well-capitalized" mark as of June 30, 2009 and to subsequently maintain such capital level (the "Capital Contribution").

3. The Debtors respectfully submit that expedited consideration of the Motion is warranted for the following reasons:

   i. As the Court is aware, since approximately October 2008, LBHI has taken a series of actions to preserve the opportunity to realize the value of its equity interest in the Bank and Woodlands. To best achieve this goal, LBHI has always contemplated that the Bank would develop and implement a strategic business plan under which it would resume normal business operations. As explained in greater detail in the Motion, the Bank's operations have been significantly restricted by its primary regulator, the OTS,[1] as a consequence of the decline in the Bank's capital levels. Most seriously, the Bank is prohibited from raising funds through issuing brokered certificates of deposit, which has been the primary means by which the Bank historically funded its operations.

   ii. The Bank, with LBHI's support after review with the Creditors' Committee, has submitted a three-year business plan for approval by the OTS. The Business Plan is premised on the Bank maintaining a "well-capitalized" status and, based on such status, pursuing a strategy under which, among other things, the Bank recommences certain lending operations and funding its business through certificate of deposit issuances upon obtaining the necessary regulatory approvals. A continuing "well-capitalized" status is a minimum requirement under the business plan in support of the OTS approving the business plan and abolishing the current restrictions imposed on the Bank's operations.

---

[1] Capitalized terms that used but not defined here have the meanings ascribed to them in the Motion.

    iii.  The Bank is next required to report its capital level as of June 30, 2009. Although the condition of the Bank has improved, there is a possibility that, due to the effect of "fair value" accounting, which LBHI and the Bank have always believed, and continue to believe, portrays a distortedly negative portrayal of the Bank's financial position, the Bank could fall somewhat below the "well-capitalized" mark on such date. If the Bank is not "well-capitalized" on June 30, 2009, LBHI and the Bank believe that there could be a materially adverse impact on approval of the Business Plan by the OTS as well as on the Bank obtaining authorization from the OTS and FDIC to access funds from the brokered certificate of deposit market. To avoid any potential adverse consequences from a dip in the Banks' capital level, LBHI seeks authorization to invest up to $25 million, to the extent necessary, into the Bank to assure that the Bank's total risk-based capital ratio as of June 30, 2009 satisfies the "well-capitalized" level and thereafter maintains that level.

    iv.  Under Bankruptcy Rule 2002(a), motions to use property of the estate outside the ordinary course require twenty-days' notice. Due to the risks associated with the Bank's possible failure to maintain a "well-capitalized" status on June 30, 2009, LBHI must have authorization to fund the Capital Contribution prior to such date. Unless the relief requested by the Motion is granted prior to June 30, 2009, the purpose of making the Capital Contribution, in particular, to ensure that the Bank maintains a "well-capitalized" status on June 30, 2009 to avoid any adverse consequences to its business strategy, will have been mooted. Therefore, expedited treatment of LBHI's Motion is warranted. The Creditors' Committee supports expedited treatment of the Motion.

4.    Accordingly, LBHI requests that the Court enter the Order to Show Cause and schedule the Hearing to consider the Motion on June 24, 2009 at 10:00 a.m. (Prevailing Eastern Time), the next available omnibus hearing date prior to June 30, 2009. For these same reasons, the Debtors also request, pursuant to Local Bankruptcy Rule 9014-2, that the Court order that the Hearing may be an evidentiary hearing. The Debtors propose that the Court set an objection deadline for June 23, 2009 at 4:00 p.m. (Prevailing Eastern Time).

Dated: June 16, 2009
       New York, New York

                              /s/ Alfredo R. Pérez
                              Alfredo R. Pérez