# EXHIBIT 1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case Nos. 08-13555, 08-01420

5  - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7  LEHMAN BROTHERS HOLDINGS INC., ET AL.,

8            Debtors.

9  - - - - - - - - - - - - - - - - - - - -x

10 In the Matter of:

11 LEHMAN BROTHERS INC.,

12           Debtor.

13 - - - - - - - - - - - - - - - - - - - -x

14

15          U.S. Bankruptcy Court

16          One Bowling Green

17          New York, New York

18

19          June 3, 2009

20          10:04 a.m.

21

22  B E F O R E:

23  HON. JAMES M. PECK

24  U.S. BANKRUPTCY JUDGE

25

135

1           As to the dispute that exists as between UPRS and the
2  trustee of LBI's estate, I'm concerned that I do not have
3  sufficient detail in the record to confirm that we are dealing
4  with an executory contract. It certainly appears to be an
5  executory contract based upon what I have been told. And the
6  assertion by counsel for the claimant as to an entitlement
7  potentially to a post-petition administrative claim suggests
8  that there has been ongoing activity post-petition.
9           Nonetheless, there are papers that have been filed
10 and sworn to by Mr. Gelb as a principal of UPRS that at least
11 suggest that there may be a disputed issue of fact as to
12 performance. To the extent there is such a disputed issue of
13 fact as to whether or not the contract in question is
14 executory, I'm going to hold this over to the next omnibus
15 hearing date for purposes of conducting what I hope will be an
16 extremely abbreviated evidentiary hearing limited to the
17 question of whether or not the question is executory. Assuming
18 that I find that the contract is executory, it will be deemed
19 rejected. To the extent that it's not, the parties will be
20 stuck with that determination, unless some other Court says I'm
21 wrong. That hearing will take place on the next omnibus
22 hearing date.
23          My strong suggestion, however, to the parties is that
24 this is a fairly simple question to determine and that the
25 parties might spend their time productively conferring on basic

136

1   facts. Mr. Batista, if he recognizes that he has a loser, may
2   determine that it's not worth pressing the point. If he
3   believes he has a winner, I assume I'll see him again. But to
4   the extent that I determine that this is an executory contract
5   which is properly rejected on notice of the trustee, that does
6   not deprive Mr. Batista's client of an ability to participate
7   in the claims process by arguing whatever UPRS can properly
8   argue in terms of entitlement by reason of such rejection or by
9   reason of such post-petition performance if it can be
10  demonstrated.
11          In a sense, Mr. Batista's client sits neatly on the
12  horns of a dilemma. To the extent that there is post-petition
13  performance, it's pretty clear this is an executory contract,
14  but there also may be some claim to be asserted, whether or not
15  it's a good claim remains to be seen, as to possible
16  administrative treatment. To the extent that all performance
17  occurred pre-petition and there's really no post-petition
18  performance to be performed, we can have a hearing to determine
19  the proper characterization of the contract.
20          I would note, however, in passing, for whatever it may
21  be worth, that it is the unusual contract as to which there is
22  no performance of any sort due. And based upon the colloquy
23  that took place with counsel for UPRS, it seems to me that,
24  while it's unsworn colloquy, that there really does appear to
25  be some performance which ordinarily would be due in processing

137

1  these claims against the New York State Comptroller's Office.
2         With that I leave it to the parties to meet and
3  confer, and we'll have a further hearing only if necessary.
4         MR. KRASNOW: Your Honor, may we submit an order that
5  denies the motion as it relates to LBHI --
6         THE COURT: Yes.
7         MR. KRASNOW: -- without prejudice to them?
8         THE COURT: Absolutely.
9         MR. KRASNOW: Thank you, Your Honor.
10        UNIDENTIFIED SPEAKER: Thank you.
11        THE COURT: Thank you.
12        MR. KOBAK: Good afternoon, Your Honor. James Kobak,
13 Hughes Hubbard, for the SIPA trustee. If Your Honor pleases,
14 as you know, we filed a fairly extensive interim report on June
15 1st. I don't really propose to make any presentation about
16 that report. We like to think that it speaks for itself. I do
17 have a couple of numbers that I can update because our bar date
18 for filing claims expired as of 12 o'clock Pacific Time, I
19 believe, on June 1st. And I'm happy to entertain any questions
20 that Your Honor may have.
21        THE COURT: I'll listen to your update.
22        MR. KOBAK: Okay. We actually received a number of
23 customer claims that surprised us at the last minute, so we
24 received about between 700 and 750, I believe, in the last two
25 days, or up to June 1st, which brings the total up to 11,911