Paul Batista, Esq.
PAUL BATISTA, P.C.
26 Broadway – Suite 1900
New York, New York 10004
Telephone: (212) 980-0070
Facsimile: (212) 344-7677
E-mail: Batista007@aol.com

*Attorney for Unclaimed Property Recovery Service, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | |
|---|---|
| In re<br><br>**LEHMAN BROTHERS HOLDINGS, INC.,** *et al.,*<br><br>Debtors. | **Chapter 11**<br><br>**Case No. 08-13555 (JMP)**<br><br>**Jointly Administered** |

------------------------------------------------------------x

| | |
|---|---|
| **SECURITIES INVESTOR PROTECTION CORPORATION,**<br><br>Plaintiff-Appellant,<br><br>v.<br><br>**LEHMAN BROTHERS, INC.,**<br><br>Defendant. | **Case No. 08-01420 (JMP) SIPA**<br><br>**SIPA Liquidation Proceeding.** |

------------------------------------------------------------x

**DECLARATION OF BERNARD GELB IN SUPPORT OF**
**OBJECTION OF UNCLAIMED PROPERTY RECOVERY SERVICE, INC.**
**TO NOTICE OF SETTLEMENT OF PROPOSED ORDER DENYING MOTION OF**
**UNCLAIMED PROPERTY RECOVERY SERVICE, INC. WITH RESPECT TO**
**LEHMAN BROTHERS HOLDINGS INC., ITS AFFILIATED DEBTORS,**
**AND NON-DEBTOR AFFILIATES**

I, Bernard Gelb, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct to the best of my knowledge:

I am the Vice President and the Manager of Unclaimed Property Recovery Service, Inc. ("UPRS"). I submit this declaration in support of the Objection of UPRS to

the proposed order (the "Proposed Order") served on June 8, 2009 by counsel to Lehman Brothers Holdings Inc. ("LBHI") with respect to the motion of Unclaimed Property Recovery Service, Inc. filed on April 13, 2009 (the "UPRS Motion") [Docket 3345].

1.  The UPRS Motion sought orders (i) compelling payment of unclaimed funds by the New York State Comptroller, (ii) lifting the automatic stay, or alternatively, providing relief from the automatic stay, (iii) allowing payment for services provided by UPRS during the post-petition period, and (iv) granting other related relief, including allowance and payment of the $500,000 outstanding balance due UPRS.

2.  Until the UPRS Motion was filed on April 13, 2009, LBHI and the SIPA Trustee had no specific knowledge that $5 to $6 million in unclaimed funds were outstanding and were claimed by UPRS for LBI. This fact is confirmed by the SIPA Trustee: "Since the filing of the [UPRS] Motion, the Trustee's professionals have been in discussions with officials from the Comptroller's office to ascertain the extent of unclaimed funds held by the Comptroller on behalf of LBI." *See* Trustee Obj. at ¶4, fn. 1.

3.  On May 1, 2009, the SIPA Trustee filed a proposed rejection of the contracts between LBI and UPRS. On May 11, 2009, UPRS filed an objection to the Trustee's proposed rejection of the contracts between LBI and UPRS. In its objection, UPRS stated that (i) UPRS fully performed in good faith all of its obligations under the terms of the contracts, (ii) the relevant agreements are not executory contracts since contracts substantially performed are not executory contracts under § 365 of the Bankruptcy Code, and (iii) post-petition payment obligations are not executory contracts under § 365.

2

4. On May 4, 2009 – several weeks after the UPRS Motion was served – LBHI's representatives informed UPRS that LBI would not perform under the four contracts and would not pay UPRS its fee for identifying and claiming the funds.

5. On June 3, 2009, this Court conducted a hearing that included UPRS's objection to the Trustee's proposed rejection of the contracts between LBI and UPRS.

6. I was in Court on June 3, 2009. I heard the Court's comments and I have read the transcript.

7. In refusing to reject the UPRS Agreements, the Court stated:

> As to the dispute that exists as between UPRS and the trustee of LBI's estate, I'm concerned that I do not have sufficient detail in the record to confirm that we are dealing with an executory contract. ... [T]here are papers that have been filed and sworn to by Mr. Gelb as a principal of UPRS that at least suggest that there may be a disputed issue of fact as to performance. To the extent there is such a disputed issue of fact as to whether or not the contract in question is executory, I'm going to hold this over to the next omnibus hearing date for purposes of conducting...an...evidentiary hearing limited to the question of whether or not the question is executory.
>
> \* \* \*
>
> With that I leave it to the parties to meet and confer, and we'll have a further hearing only if necessary. [*See* Exhibit 1, Transcript dated 6/3/09 at 135, 137.]

8. Approximiately seven to ten items in unclaimed funds are outstanding in the name of LBHI and LBHI's affiliated companies, totaling approximately $40,000. These items are as follows:

3

| Lehman Brothers Holdings, Inc. | | | |
|---|---|---|---|
| Name | NYS OUF Account | Reported By | Property |
| Lehman Brothers Holdings | 035785643/029471606 | Mortgage Guaranty Ins | Refunds/Other Amts Due Under Policy Term |
| Lehman Brothers Holdings | 022397014/016734359 | Bank Of New York | Cash Dividends |
| Lehman Brothers Comm | 031097906/025242093 | Lehman Brothers Inc | Cred Bal W/Trusts,Brokers,Invst Firms |
| Lehman Brothers Comm | 031097920/025242107 | Lehman Brothers Inc | Cred Bal W/Trusts,Brokers,Invst Firms |
| Lehman Brothers Comm | 031097907/025242094 | Lehman Brothers Inc | Cred Bal W/Trusts,Brokers,Invst Firms |
| LB 745 Lease Co LLC | 032789701/026866047 | NYS State Comptroller | NYS Uncashed Checks |
| Lehman Brothers Special Fin | 022709249/016964365 | Wells Fargo Bank N A | Cashier, Teller Checks |

9. LBHI has a right to claim these items. The balance of the over $6 million in unclaimed funds outstanding that UPRS has claimed is due LBI and is not an asset or property of LBHI.

10. In the context of the massive LBHI bankruptcy proceedings, it appears that LBHI's attorneys are spending large sums of the estate's funds in order to claim approximately $40,000 in unclaimed funds while refusing to pay a $4,000 fee to UPRS. Accordingly, UPRS will waive any claim to a fee regarding the seven-to-ten items in unclaimed funds that are outstanding in the name of LBHI and the debtors' affiliated companies. However, LBHI should not be allowed to claim funds due LBI in an effort to deny UPRS its fee.

11. The NYS OUF has agreed to "the expeditious return of more than $6,000,000 of unclaimed funds…to LBI and other Lehman entities." Having accepted UPRS performance and used the information provided by UPRS in the UPRS Motion dated April 13, 2009 [Docket 3345], LBHI and LBI cannot now disavow the obligation to pay UPRS.

12. UPRS performed its services in reliance upon the executed Agreements and Authorizations that LBI would compensate UPRS in the amount of 10% of the recovered

4

unclaimed funds. In performing all of its obligations, UPRS expected to be compensated for its services.

13. Santo Trombetta, Vice President of LBI, was the authorized agent for LBI to recover unclaimed funds. Mr. Trombetta signed the four Agreements on behalf of LBI. Mr. Trombetta told UPRS that Lehman wanted to recover every dollar outstanding in unclaimed funds held by NYS OUF in the name of Lehman and its predecessor, successor, affiliated and subsidiary companies. Mr. Trombetta said that there were no restrictions as to the unclaimed funds that could be recovered, and that UPRS would be paid for all unclaimed funds recovered for Lehman.

14. UPRS performed for 13 years in accordance with the instructions of Mr. Trombetta and relied upon his representations. It has always been the intent of UPRS and LBI that UPRS would recover every dollar outstanding in unclaimed funds held by NYS OUF in the name of "Lehman" and its predecessor, successor, affiliated and subsidiary companies. I understand that an oral modification can be enforced when it has in fact been acted upon to completion or when there is partial performance of the oral modification sought to be enforced.

15. On June 7, 2007, UPRS sent Bill Wallace, LBI Vice President, a billing statement for $500,000 for services billed as of June 7, 2007 pursuant to the Agreement. LBI neither paid the billing statement nor objected to the amount or validity of the billing statement. Thereafter, on July 2, 2007, UPRS sent LBI a second billing statement for $500,000. LBI neither paid the second billing statement nor objected to the amount or validity of the second billing statement. Thereafter, on August 1, 2007, UPRS sent LBI a

third billing statement for $500,000. Once again, LBI neither paid the third billing statement nor objected to the amount or validity of the third billing statement. I understand that UPRS has a valid account stated claim against LBI.

16. Equally significant, LBI intended to pay UPRS the $500,000 outstanding balance due from the $5 million in unclaimed funds that is held by the NYS OUF.

17. Apparently, the representatives of LBHI and LBI believe that the Court's findings during the hearing on June 3, 2009 were incorrect, so the representatives of LBHI and LBI want to change the outcome of the hearing by filing the Proposed Order.

18. UPRS urges the Court to determine that the Proposed Order is in violation of the Court's instructions and order during the hearing on June 3, 2009, as the Court did not authorize LBHI to file a proposed order that (i) terminates UPRS's agreements without a factual hearing, (ii) terminates UPRS's right to recover its 10% fee, (iii) includes representation of the non-debtor affiliates in the SIPA Liquidation of LBI, and (iv) includes representation of James W. Giddens, SIPA Trustee.

Dated:   New York, New York
         June 16, 2009

                                                    /s/ Bernard Gelb
                                                    Bernard Gelb