Presentment Date and Time: June 24, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: June 23, 2009 at 12:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): June 24, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
In re                                                         :   Chapter 11 Case No.
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :   08-13555 (JMP)
                                                              :
                    Debtors.                         :   (Jointly Administered)
---------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION,
AGREEMENT AND ORDER BETWEEN THE DEBTORS AND
HISTORIC TW INC. AUTHORIZING THE REJECTION OF LEASE
AT 1271 AVENUE OF THE AMERICAS AND ABANDONMENT AND
TRANSFER OF PERSONAL PROPERTY REMAINING AT THE PREMISES**

   **PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") between Lehman Brothers Holdings Inc. and its affiliated debtors and debtors-in-possession and Historic TW Inc. to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **June 24, 2009 at 10:00 a.m. (Prevailing Eastern Time).**

   **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation, Agreement and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by no later than **June 23, 2009 at 12:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be entered by the Court.

   **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed as set forth above, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order on **June 24, 2009 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

   **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: June 16, 2009
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                  :

In re                                         :                 Chapter 11 Case No.
                                                  :

**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :                 08-13555 (JMP)
                                                  :

               Debtors.                        :                 (Jointly Administered)
                                                  :
                                                  :
------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**AUTHORIZING THE REJECTION OF LEASE AT**
**1271 AVENUE OF THE AMERICAS AND ABANDONMENT**
**AND TRANSFER OF PERSONAL PROPERTY REMAINING AT THE PREMISES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

       This stipulation, agreement and order ("Stipulation, Agreement and Order") is entered into by and among Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors") and Historic TW Inc. ("Time").

**RECITALS**

       A.     On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are

being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. Pursuant to that certain Lease, dated as of December 1, 1977, by and between the predecessor-in-interest of Rockefeller Center North, Inc. ("Rockefeller") and Time's predecessor-in-interest, as amended and supplemented, Rockefeller leases to Time certain premises in the building known as 1271 Avenue of the Americas and located at 111 West 50th Street, New York, New York (the "Building").

C. Pursuant to that certain Sublease, dated as of April 5, 2007, by and between Time and LBHI (as amended and supplemented, the "Sublease"), Time subleases to LBHI certain below-grade space, the 3rd floor, the 35th floor, the 37th through 45th floors and a portion of the 46th floor of the Building (the "Sublet Space"). Rockefeller, LBHI, and Time have executed a consent to the Sublease and each modification thereof.

D. The Debtors have carefully evaluated the benefits and burdens of the Sublease and, upon a due and proper exercise of their business judgment, the Debtors have determined that the Sublease provides for more space and a longer term than are necessary for the Debtors' business purposes and, consequently, the Sublease is no longer of utility and represents a drain on the Debtors' estates and resources. Accordingly, LBHI desires to reject the Sublease pursuant to section 365(a) of the Bankruptcy Code.

E. In order to satisfy LBHI's current needs, LBHI and Time are negotiating a new sublease (the "New Sublease") under which Time would sublease to LBHI certain portions of the Sublet Space and license to LBHI certain other portions of the Sublet Space for periods shorter than under the Sublease. The New Sublease is subject to finalization by Time and LBHI (each in its sole discretion), the consent of Rockefeller and certain other conditions to be set forth therein.

F. As further described in that certain letter agreement between Barclays Capital Inc. and LBHI, dated June 4, 2009, and in the Motion of LBHI, Pursuant to Sections 105(a) and 363

2

of the Bankruptcy Code for Authorization to Purchase Certain Furniture, Fixtures and Equipment from Barclays Capital Inc. [Docket No. 3774], as a condition to entering into the New Sublease, Time has required that the Debtors abandon to Time certain furniture and/or equipment that is located in the Sublet Space (the "Abandoned Property").  Accordingly, upon the later of LBHI's rejection of the Sublease and LBHI's surrender and vacation of respective portions of the Sublet Space, LBHI will abandon and/or transfer all of the Abandoned Property remaining in such respective portions of the Sublet Space to Time.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG THE DEBTORS AND TIME, THROUGH THEIR RESPECTIVE UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. Effective upon the fulfillment of all conditions (other than the effectiveness of the rejection and termination of the Sublease) to the commencement date of the New Sublease as shall be further described therein (the "Commencement Date"), LBHI rejects and terminates the Sublease pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006 and, on the Commencement Date, LBHI will vacate and surrender the Sublet Space (except to the extent otherwise expressly permitted under the New Sublease).  In the event the Commencement Date shall not occur on or before July 31, 2009, this Stipulation, Agreement and Order shall be void and of no force and effect.

2. Pursuant to sections 363 and 554 of the Bankruptcy Code, effective upon the later of LBHI's (i) rejection of the Sublease under this Stipulation, Agreement and Order and (ii) surrender and vacation of those portions of the Sublet Space not covered by the New Sublease (or, to the extent covered by the New Sublease, surrender and vacation of the respective portions of such Sublet Space), the Debtors hereby abandon and transfer to Time the Abandoned Property in the respective vacated portions of the Sublet Space and all of the Debtors' right, title and

3

interest in and to such Abandoned Property (free and clear of all liens, claims and interests) will then vest in Time.

3. Notwithstanding the consensual rejection of the Sublease, the execution and delivery of the New Sublease or anything contained in this Stipulation, Agreement and Order, each of the parties hereto hereby reserves all of its respective defenses, rights of set-off, claims or counterclaims of whatever nature (under the Bankruptcy Code or state law, or otherwise), arising from or relating to the Sublease or the rejection thereof by LBHI.

4. Any claims for damages relating to the rejection of the Sublease shall be filed with the Debtors' claims agent by the general bar date that will be established by this Court for the filing of prepetition general unsecured claims.

5. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim of or against any party, or as a waiver of the rights of any party to dispute any claim except as expressly waived herein.

6. The abandonment and transfer of the Abandoned Property authorized by this Stipulation, Agreement and Order shall take effect on the respective dates referenced in Paragraph 2 above and shall not be stayed by operation of Bankruptcy Rule 6004.

7. Each person who executes this Stipulation, Agreement and Order on behalf of a party or parties hereto represents that he is duly authorized to execute this Stipulation, Agreement and Order on behalf of such party or parties.

8. This Stipulation, Agreement and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

9. This Stipulation, Agreement and Order is subject to approval of the Court and shall be of no force and effect unless and until it is approved.

10. This Stipulation, Agreement and Order may not be amended or modified except as agreed by the parties hereto and approved by further order of the Court.

11. Each of the parties hereto irrevocably consents to the jurisdiction of the Court with respect to any action to interpret or enforce the terms and provisions of this Stipulation, Agreement and Order and expressly waives any right to commence any such action in another forum; provided, however, that any actions relating to the New Sublease shall be subject to jurisdiction as set forth therein.

Dated: June 16, 2009

**WEIL, GOTSHAL & MANGES LLP**

 /s/ Shai Y. Waisman
Shai Y. Waisman
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

 /s/ Barry Langman
Barry Langman
Brian S. Hermann
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Attorneys for Historic TW Inc.

SO ORDERED this _____ day of June __, 2009

_____
HONORABLE JAMES PECK
UNITED STATES BANKRUPTCY JUDGE