Presentment Date and Time:  June 24, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline:  June 23, 2009 at 12:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed):  June 24, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
In re                                                      :     **Chapter 11 Case No.**
                                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :     **08-13555 (JMP)**
                                                           :
                        Debtors.                           :     **(Jointly Administered)**
---------------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF DEBTORS' MOTION PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO ASSUME UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY

   **PLEASE TAKE NOTICE** that the undersigned will present the annexed motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to section 365 of the chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") for authorization to assume an unexpired lease of nonresidential real property to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **June 24, 2009 at 10:00 a.m. (Prevailing Eastern Time).**

   **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Motion, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by no later than **June 23, 2009 at 12:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the order granting the Motion may be signed.

   **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed as set forth above, a hearing (the "Hearing") will be held to consider the Motion on **June 24, 2009 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

   **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: June 16, 2009
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

2

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
: 
**Debtors.** : **(Jointly Administered)**
: 
: 
------------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO SECTION 365
OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO
ASSUME UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), respectfully represent:

**Background**

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the U.S. Trustee appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

4. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner"). By order dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

**Jurisdiction**

5. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Lehman's Business**

6. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

7. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### The Lease[1]

8.  LBHI and Rockefeller Center North, Inc. ("Rockefeller") are party to that certain Lease, dated as of April 5, 2007 (as supplemented, the "Lease"), for space in the building known as 1271 Avenue of the Americas and located at 111 West 50th Street, New York, New York (the "Building"). The Lease expires on December 31, 2022. Pursuant to the Lease, Rockefeller currently leases to LBHI certain portions of the 46th floor of the Building.

9.  Commencing January 25, 2012 or as otherwise specified in the Lease, Rockefeller will also lease to LBHI certain additional portions of the 46th floor and the entire 47th and 48th floors of the Building (the "Glick Space"). Historic TW Inc. ("Time") also subleases to LBHI certain space in the Building pursuant to that certain Sublease, dated as of April 5, 2007 (the "Sublease"). Upon the expiration or earlier termination of the Sublease or that certain lease, dated as of December 1, 1977, by and between the predecessor-in-interest of Rockefeller and the predecessor-in-interest of Time, Rockefeller will also lease to LBHI the 35th floor, the 37th through 45th floors and an additional portion of the 46th floor of the Building (together with the Glick Space, the "Future Space").

10. As soon as practicable after the entry of an order approving this Motion, LBHI and Rockefeller will amend and restate the Lease (the "Amendment"). In order to meet the Debtors' needs and pursuant to the Amendment, Rockefeller has agreed to eliminate the Debtors' obligation to rent the Future Space, which comprises approximately 449,722 square feet

---

[1] The descriptions of the terms of the Lease, the Sublease and the Amendment are intended as summaries only and shall not be binding upon any party to the Lease, the Sublease, or the Amendment.

of space; to reduce the term of the Lease from an expiration date of December 31, 2022 to December 31, 2010; and to reduce the Debtors' current fixed annual rent under the Lease from $1,524,050 to $986,150. Pursuant to the Lease, LBHI is required to pay a license fee of no greater than $365,605.23 per annum in connection with its use of the Building's conduit and riser space. Under the Amendment, such license fee shall also be no greater than $365,605.23 per annum. Additionally, LBHI shall pay Rockefeller $363,011.61, which sum is payable in lieu of the identical sum currently due by LBHI to Rockefeller for supplemental services provided by Rockefeller in connection with space in the Building subleased by LBHI from Time. Other than the foregoing payment, LBHI has agreed to pay any amounts due or that may come due under the terms of the Lease, as modified by the Amendment, that accrued prior to the date of the Amendment, including, without limitation, any amounts due or that may come due to (i) contractors and subcontractors hired by Rockefeller as agent for LBHI for services performed on or before the date of the Amendment and (ii) Rockefeller under any indemnification provision thereof.

## Relief Requested

11. Pursuant to section 365 of the Bankruptcy Code, the Debtors request authorization to assume the Lease, effective upon the effective date of and as modified by the Amendment.

## Cause Exists to Approve Assumption of the Lease

A. Governing Legal Standard.

12. Section 365 of the Bankruptcy Code allows the debtor in possession to "maximize the value of the debtor's estate" by assuming executory contracts or unexpired leases that "benefit the estate" and rejecting those that do not. *Cinicola v. Scharffenberger*, 248 F.3d

4

110, 119 (3d Cir. 2001) (quotations omitted).  Section 365 of the Bankruptcy Code provides, in pertinent part, as follows:

> (a) Except as provided in . . . subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.
> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
>> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default …
>> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>> (C) provides adequate assurance of future performance under such contract or lease….
>
> \* \* \* \* \*
>
> (f)(2) The trustee may assign an executory contract or unexpired lease of the debtor only if—
>
>> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
>> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. §§ 365(a), (b)(1), (f)(2).

       13.    Courts apply the "business judgment" standard in determining whether an executory contract or unexpired lease should be assumed.  *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures)*, 4 F.3d 1095, 1099 (2d Cir. 1993); *In re Armstrong World Indus., Inc.*, 348 B.R. 136, 162 (D. Del. 2006) ("Under section 365 of the Bankruptcy Code, a debtor may assume an executory contract or unexpired lease if (i) outstanding defaults under the contract or lease have been cured under section 365(b)(1) of the Bankruptcy Code, and (ii) the

5

debtor's decision to assume such executory contract or unexpired lease is supported by valid business justifications."); *In re Nickels Midway Pier, LLC*, 341 B.R. 486, 493 (D.N.J. 2006) ("Although the Bankruptcy Code does not specify the standard to be applied in assessing the decision of a trustee or debtor in possession to assume or reject [] a contract, the Third Circuit has adopted the business judgment standard."); *In re Network Access Solutions, Corp.*, 330 B.R. 67, 75 (Bankr. D. Del. 2005) (stating that "[t]he standard for approving the assumption of an executory contract is the business judgment rule" and noting that the bankruptcy court had to find that the debtor was acting on an informed basis, in good faith, and with the honest belief that assumption was in the best interests of the debtor and its estate in order to approve a motion to assume prepetition agreements); *In re Pinnacle Brands, Inc.*, 259 B.R. 46, 53-54 (Bankr. D. Del. 2001) ("The Debtor's decision to assume or reject an executory contract is based upon its business judgment.") (citation omitted).

14. Upon finding that a debtor has exercised its sound business judgment in determining that assumption of an agreement is in the best interests of its estate, the Court should approve the assumption of a contract under section 365(a) of the Bankruptcy Code. *See, e.g.*, *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39-40 (3d Cir. 1989); *see also In re Exide Techs.*, 340 B.R. 222, 240 (Bankr. D. Del. 2006) (stating that, under the business judgment standard, a court may not substitute its own judgment for that of the debtor).

15. Assumption of the Lease, effective upon the effective date of and as modified by the Amendment, is an exercise of the Debtors' sound business judgment. The Debtors are in the process of winding-down their businesses and operations. While doing so, it is essential that the Debtors have adequate office space. The Debtors' assumption of the Lease,

effective upon the effective date of and as modified by the Amendment, will permit the Debtors to maintain their operations at their current location, while reducing their obligations with respect to the Lease.  Pursuant to the Amendment, Rockefeller has agreed to reduce the term of the Lease from an expiration date of December 31, 2022 to December 31, 2010 and to reduce the Debtors' current annual rent from $1,524,050 to $986,150.  The Amendment further eliminates the Debtors' obligation to rent the Future Space, which comprises approximately 449,722 square feet of space.  Pursuant to the Lease, LBHI is required to pay a license fee of no greater than $365,605.23 per annum in connection with its use of the Building's conduit and riser space.  Under the Amendment, such license fee shall also be no greater than $365,605.23 per annum.  Additionally, LBHI shall pay Rockefeller $363,011.61, which sum is payable in lieu of the identical sum currently due by LBHI to Rockefeller for supplemental services provided by Rockefeller in connection with space in the Building subleased by LBHI from Time.  Other than the foregoing payment, LBHI has agreed to pay any amounts due or that may come due under the terms of the Amendment that accrued prior to the date of the Amendment, including, without limitation, any amounts due or that may come due to (i) contractors and subcontractors hired by Rockefeller as agent for LBHI for services performed on or before the date of the Amendment and (ii) Rockefeller under any indemnification provision thereof.  The Debtors believe that such payments are fair and reasonable in light of the monthly rent reduction of $537,900 provided for under the Amendment.  Consequently, the Debtors believe that the assumption of the Lease, effective upon the effective date of and as modified by the Amendment, will provide significant benefit to the Debtors' estates and is, therefore, a valid exercise of the Debtors' business judgment.

7

16. Pursuant to the Stipulation, Agreement and Order Between the Debtors and Rockefeller Extending the Time to Assume or Reject Lease of Nonresidential Real Property at 1271 Avenue of the Americas [Docket No. 3324], LBHI paid to Rockefeller all postpetition amounts outstanding under the Lease as of April 7, 2009.[2] Pursuant to the requirements of section 365(b)(1) of the Bankruptcy Code and as set forth in the Amended Lease, LBHI has agreed to cure any defaults arising under the Lease. To the knowledge of Rockefeller and the Debtors, as of the date hereof, no payment is required by LBHI in order to cure any defaults arising under the Lease. Accordingly, the Debtors have satisfied the requirements of section 365(b)(1) of the Bankruptcy Code.

17. In light of the foregoing, the Debtors respectfully request that, pursuant to section 365(a) of the Bankruptcy Code, the Court authorize the Debtors to assume the Lease, effective upon the effective date of and as modified by the Amendment, in an exercise of the Debtors' business judgment.

**Notice**

18. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditor's Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

---

[2] The Debtors and Rockefeller subsequently entered into a Second Stipulation, Agreement and Order Between the Debtors and Rockefeller Extending the Time to Assume or Reject Lease of Nonresidential Real Property at 1271 Avenue of the Americas [Docket No. 3959] (the "Second Stipulation"), which is currently pending approval from the Court. Pursuant to the Second Stipulation, the Debtors and Rockefeller agreed to extend LBHI's time to assume or reject the Lease pursuant to section 365(d)(4) of the Bankruptcy Code through and including July 31, 2009, pending finalization and execution of the Amendment.

8

States Attorney for the Southern District of New York; (vi) Rockefeller and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

19. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: June 16, 2009
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
**In re** : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
:
**Debtors.** : **(Jointly Administered)**
:
:
-------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 365**
**OF THE BANKRUPTCY CODE AUTHORIZING DEBTORS TO**
**ASSUME UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY**

Upon the motion, dated June 16, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to assume that certain Lease, dated as of April 5, 2007, by and between Rockefeller Center North, Inc. ("Rockefeller") and LBHI (the "Lease"), effective upon the effective date of and as modified by that certain amendment to the Lease by and between LBHI and Rockefeller (the "Amendment"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 365(a) of the Bankruptcy Code, the Debtors' assumption of the Lease, effective upon the effective date of and as modified by the Amendment, hereby is approved; and it is further

ORDERED that, pursuant to section 365(b)(1) of the Bankruptcy Code, in connection with LBHI's assumption of the Lease, effective upon the effective date of and as modified by the Amendment , LBHI is authorized to pay Rockefeller any and all cure amounts owed to Rockefeller under the Lease, and, for the reasons set forth in the Motion, the requirements of section 365(b)(1) of the Bankruptcy Code are deemed satisfied; and it is further

ORDERED that the Debtors are authorized to execute such documents or other instruments as may be necessary to assume the Lease, effective upon the effective date of and as modified by the Amendment, and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: June __, 2009
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2