WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard L. Levine
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : **08-13555 (JMP)**
: 
Debtors. : **(Jointly Administered)**
: 
: 
------------------------------------------------------------------x

**STIPULATION AND AGREED ORDER**
**TERMINATING OPEN TRADE CONFIRMATIONS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation and Agreed Order (this "Stipulation") is entered into by and between Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors"), and Blue Mountain Credit Alternatives Master Fund L.P ("BMCA").

**RECITALS**

A. On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to

operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

   B. Prior to the Commencement Date, the Debtors were active in the secondary loan market. In this capacity, the Debtors purchased and sold both par and distressed commercial loans.

   C. The Debtors' prepetition trades were reflected in various oral and written confirmations (the "<u>Trade Confirmations</u>"). Generally, each Trade Confirmation represented a binding agreement to purchase or sell a position in par or distressed loans at an agreed price. However, the ensuing transaction was not consummated and settled until both counterparties executed formal transfer documentation and the purchaser tendered payment.

   D. As of the Commencement Date, the Debtors had entered into, but had not yet consummated and settled, hundreds of Trade Confirmations (the "<u>Open Trade Confirmations</u>"). The Debtors contend that these Open Trade Confirmations are executory contracts subject to assumption or rejection under section 365 of the Bankruptcy Code.

   E. On November 14, 2008, the Debtors filed a Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 1541] (the "<u>Open Trades Motion</u>"), in which the Debtors designated most Open Trade Confirmations for assumption, rejection or modification.

   F. In the Open Trades Motion, the Debtors designated for assumption two Open Trade Confirmations, dated June 19, 2008 and June 26, 2008, between LBHI and BMCA for the sale of debt of General Motors Corporation (collectively, the "<u>BMCA Trades</u>"). *See* Exhibit A to the Open Trades Motion, page 2.

G. By objection, dated November 28, 2008 (the "BMCA Objection"), BMCA objected to LBHI's assumption of the BMCA Trades based upon its contention that the trades had been terminated pre-petition. Since that time, BMCA and LBHI have been participating in discovery relating to the BMCA Trades and the BMCA Objection.

H. The Debtors and BMCA (the "Parties") have agreed to resolve the BMCA Objection as follows:

**AGREED ORDER**

IT IS HEREBY AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1. The BMCA Trades are hereby terminated and the rights and obligations of the Parties thereunder are hereby finally and fully extinguished, notwithstanding any provision in any agreement related to the BMCA Trades that provides for any term or condition to survive the termination or cancellation thereof. The Parties agree that this Stipulation shall constitute or waive any termination notice or provision under any agreement related to the BMCA Trades.

2. For the avoidance of doubt, this Stipulation is not a rejection of the BMCA Trades and BMCA shall not be entitled to file any claim against the Debtors relating to breach or rejection of the BMCA Trades.

3. Upon court approval hereof, the BMCA Objection shall be deemed withdrawn, with prejudice.

4. Each Party generally releases and discharges each other Party from all causes of action, judgments, damages, costs, expenses, and claims of every kind, nature, and character arising under or related to the BMCA Trades, their negotiation, execution, performance, any breaches thereof, or their termination.

5. Each person who executes this Stipulation on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such party.

6. This Stipulation constitutes the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

8. This Stipulation shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

9. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

10. If this Stipulation is not approved by the Court, it shall be deemed null and void and shall not be referred to or used for any purpose by any of the Parties hereto or any of the other parties in the Debtors' chapter 11 cases. In such event, the Parties shall retain their respective rights regarding the BMCA Trades. For the avoidance of doubt, this Stipulation is not, and shall not be argued to be, an admission by BMCA that the BMCA Trades were not terminated pre-petition.

Dated: June 1, 2009

| **LOWENSTEIN SANDLER PC** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| /s/ Sheila Sadighi | /s/ Jacqueline Marcus |
| Sheila Sadighi | Richard L. Levine |
|  | Jacqueline Marcus |
| 1211 Avenue of the Americas |  |
| New York, New York 10036 | 767 Fifth Avenue |
| Telephone (212)596-9000 | New York, New York 10153 |
| Facsimile: (212)596-9090 | Telephone: (212) 310-8000 |
|  | Facsimile: (212) 310-8007 |
| Attorneys for BlueMountain Credit |  |
| Alternatives Master Fund, L.P. | Attorneys for Debtors |
|  | and Debtors in Possession |

Dated: New York, New York
   June 17, 2009

           *s/ James M. Peck*
          UNITED STATES BANKRUPTCY JUDGE