CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
Telephone:  (312) 845-3000
James E. Spiotto (admitted pro hac vice)
Ann E. Acker (admitted pro hac vice)
Franklin H. Top, III (admitted pro hac vice)
Attorneys for U.S. Bank National Association

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>LEHMAN BROTHERS HOLDINGS INC., ET AL.,<br><br>                             Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br><br><br>   (Jointly Administered) |

**JOINDER OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE TO**
**OBJECTIONS TO MOTION OF THE DEBTORS, PURSUANT TO SECTION 502(B)(9)**
**FOR ESTABLISHMENT OF THE DEADLINE FOR FILING PROOFS OF CLAIM,**
**APPROVAL OF THE FORM AND MANNER OF NOTICE THEREOF AND APPROVAL**
**OF THE PROOF OF CLAIM FORM (RELATES TO DOCKET NO. 3654)**

U.S. Bank National Association, not individually but as Owner Trustee, Indenture

Trustee or Administrator (*"U.S. Bank as Trustee"*), by and through its undersigned counsel,

hereby joins in the objections filed to the Motion of the Debtors, Pursuant to Section 502(b)(9) of

the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for

Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of

the Proof of Claim Form (the *"Bar Date Motion"*), and in particular the objection by Barclays

Capital, Inc. and the Brief and Memorandum of Law filed by the International Swaps and

Derivatives Association, Inc.

2639715.01.05.B.doc
1697028

U. S. Bank as Trustee is involved with hundreds of transactions with the Debtors many of which involve swaps on which one of the Debtors is a counterparty.

The Bar Date Motion, as noted by the myriad of objections, goes above and beyond the standard motion to establish a Bar Date to include procedures which are burdensome, particularly with respect to claims relating to derivative contracts. Of particular concern is the monumental amount of additional information required with respect to derivative contracts which constitutes premature one-sided discovery with respect to such claims with unduly onerous consequences for the failure to provide such information. This is particularly burdensome for a Trustee who in most, if not all, cases is not the Calculation Agent with respect to the contract (in some instances the calculation agent is a Debtor) and must often coordinate with a third party to obtain information responsive to the Questionnaire.

Further, the requirement to provide all of the requested information with respect to each derivative contract is wasteful. The Debtors may have no objection to amounts asserted with respect to many of the filed claims thereby imposing an unnecessary burden on the claimant in providing the information, and an unnecessary expense of estate administration in reviewing excessive materials.

The Debtors should take the initial step for establishing a bar date and thereafter develop appropriate procedures to resolve any objections or to liquidate any unliquidated claims. Further, any bar date that is established should be set far enough in advance to enable creditors to file meaningful claims.

- 3 -

        For all of the foregoing reasons and the other reasons set forth in the myriad of

objections, U.S. Bank as Trustee requests that the Court deny the Bar Date Motion to the extent

that it does anything more than establish when claims must be filed.


                                        Respectfully submitted,

                                        CHAPMAN AND CUTLER LLP


                                        _____/s/ Ann Acker_____


Dated: June 17, 2009