UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                              :         Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :         08-13555 (JMP)
                                                   :
                    Debtors.                       :         (Jointly Administered)
------------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a) AND 365 OF THE BANKRUPTCY CODE AUTHORIZING ASSUMPTION OF CERTAIN SWAP AGREEMENTS AND SUBSEQUENT ASSIGNMENT PURSUANT TO DERIVATIVE PROCEDURES ORDERS

Upon the motion, dated June 2, 2009 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 365 of title 11 of the United States Code, as amended (the "Bankruptcy Code"), and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to (i) assume certain credit default swap agreements (the "Remaining Agreements") by and between Lehman Brothers Special Financing Inc. ("LBSF") and CDS Trusts and (ii) subsequently assign at a later date the Remaining Agreements and related swap agreements and insurance policies to third parties pursuant to the terms of this Court's Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts, dated December 16, 2008 [Docket No 2257], this Court's Order Approving Consensual Assumption and Assignment of Prepetition Derivative Contracts, dated January 28, 2009 [Docket No. 2667], or such other order of this Court which may be applicable (the "Derivatives Procedures Orders"), all as more fully described in the Motion; and the Court

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; and a reasonable opportunity to object or be heard regarding the Motion having been afforded to all such parties; and it appearing that no other or further notice need be provided; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that LBSF is authorized, but not directed, pursuant to section 365(a) of the Bankruptcy Code, to assume the Remaining Agreements, subject only to closing of the 2009 MTA, and thereafter to continue to perform under and comply with the terms of the Remaining Agreements; and it is further

ORDERED that LBSF is authorized, but not directed, upon closing of the 2009 MTA and assumption of the Remaining Agreements, to pay to Syncora Guarantee the amount of any unpaid premiums under the Remaining Agreements (expected to be approximately $2.44 million if the closing occurs on or about June 15, 2009), which payment shall be deemed to satisfy any obligations to cure existing defaults under the Remaining Agreements in accordance with section 365(b) of the Bankruptcy Code; and it is further

ORDERED that as of the date the Remaining Agreements are assumed and the payment in the foregoing paragraph is made, any other existing defaults under any of the Remaining Agreements, any guarantee of any of the Remaining Agreements or under any of the FG Policies, including, without limitation, as a result of the commencement and/or continuation of the Debtors' bankruptcy cases or the insolvency or financial condition of LBSF or any of the other Debtors, shall be deemed waived by Syncora Guarantee and its affiliates for all purposes, including, without limitation, for purposes of assumption and/or assignment of the Remaining Agreements, the FG Policies, the Back-Up CDS and the Back-Up FG Policies; and it is further

ORDERED that the rejection, if any, pursuant to section 365(a) of the Bankruptcy Code of any guarantee of any of the Remaining Agreements, the unenforceability of such guarantee obligations against the Debtors, or the failure of LBHI to enter into a guarantee of any of the Back-Up CDS, shall not be deemed a default under the Remaining Agreements or the Back-Up CDS; and it is further

ORDERED that any subsequent assignment of the Remaining Agreements, the FG Policies, the Back-Up CDS and the Back-Up FG Policies shall be made in accordance with the Derivatives Procedures Orders; and it is further

ORDERED that except as specified in the Third, Fourth and Fifth Ordered paragraphs above, all parties reserve the right to object to assignment of the Remaining Agreements, the FG Policies, the Back-Up CDS and the Back-Up FG Policies on any basis permitted under the Derivatives Procedures Orders, including subsequent defaults (other than defaults related to commencement and/or continuation of the Debtors' bankruptcy cases or the insolvency or financial condition of LBSF or any of the other Debtors or rejection or unenforceability of guarantee obligations as described above), and any failure to provide

adequate assurance of future performance, which objections shall be resolved pursuant to the Derivatives Procedures Orders; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
June 18, 2009

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE