<u>Presentment Date and Time</u>: June 30, 2009 at 1:00 p.m.<br>
<u>Objection Deadline</u>: June 29, 2009 at 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: Chapter 11
In re: :
: Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., et al., :
: Jointly Administered
Debtors. :
------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF SUPPLEMENTAL APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER UNDER 11 U.S.C §§ 328(a) AND 1103, FED. R. BANKR. P. 2014, AND S.D.N.Y. LBR 2014-1, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CLARIFY THE DEFINITION OF "UNSECURED RECOVERIES" IN ITS EMPLOYMENT AND RETENTION AGREEMENT WITH HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC. AS INVESTMENT BANKER EFFECTIVE AS OF SEPTEMBER 17, 2008**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Order Under 11 U.S.C §§ 328(a) And 1103, Fed. R. Bankr. P. 2014, And S.D.N.Y. LBR 2014-1, Authorizing The Official Committee Of Unsecured Creditors To Clarify The Definition Of "Unsecured Recoveries" In Its Employment And Retention Agreement With Houlihan Lokey Howard & Zukin Capital, Inc. As Investment Banker Effective As Of September 17, 2008 (the "<u>Proposed Order</u>") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **June 30, 2009 at 1:00 p.m. (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Proposed Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by no later than **June 29, 2009 at 10:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Proposed Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed as set forth above, a hearing (the "<u>Hearing</u>") will be held to consider the

Proposed Order on **July 15, 2009 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:    New York, New York
        June 18, 2009

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis C. O'Donnell
Dennis F. Dunne
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel to the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc.

2

<u>Presentment Date and Time</u>: June 30, 2009 at 1:00 p.m.<br>
<u>Objection Deadline</u>: June 29, 2009 at 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS INC., <u>et al.</u>, | : | |
| | : | Jointly Administered |
| Debtors. | : | |

------------------------------------------------------------x

**SUPPLEMENTAL APPLICATION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR AN ORDER UNDER 11 U.S.C §§ 328(a)
AND 1103, FED. R. BANKR. P. 2014, AND S.D.N.Y. LBR 2014-1, AUTHORIZING
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CLARIFY THE
DEFINITION OF "UNSECURED RECOVERIES" IN ITS EMPLOYMENT
AND RETENTION AGREEMENT WITH HOULIHAN LOKEY
HOWARD & ZUKIN CAPITAL, INC. AS INVESTMENT
<u>BANKER EFFECTIVE AS OF SEPTEMBER 17, 2008</u>**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "<u>Committee</u>"), appointed in the above-captioned chapter 11 cases of Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") hereby applies (the "<u>Supplemental Application</u>") for an order, under sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §101 *et seq.* (as amended, the "<u>Bankruptcy Code</u>"), rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>"), authorizing the Committee to clarify by the amendment attached hereto as <u>Exhibit A</u> (the "<u>Clarifying Amendment</u>"), the definition of "Unsecured Recoveries" in its employment and retention agreement (the "<u>Engagement Letter</u>") with Houlihan Lokey Howard & Zukin Capital, Inc. ("<u>Houlihan</u>") as its investment banker, effective as of September 17, 2008 (the "<u>Retention Date</u>"), to reflect the mutual understanding of the parties that such definition includes recoveries by counterparties to derivative transactions, open loan trades, and other transactions

with the Debtors. In support of this Supplemental Application, the Committee respectfully represent as follows:

## BACKGROUND

1.  Commencing on September 15, 2008, and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI") and certain of its affiliates and subsidiaries filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. LBHI's chapter 11 cases are being jointly administered under Chapter 11 Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. 2008).

2.  On September 17, 2008, the United States Trustee appointed the Committee. No other official committees have been appointed or designated in these cases.

3.  On October 21, 2008, the Committee filed an Application for Order under sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the employment and retention of Houlihan as its investment banker as of September 17, 2008 (the "Application") [Docket No. 1168].

4.  On December 17, 2008, this Court entered a final order approving the Application [Docket No. 2279].

## JURISDICTION

5.  This Court has jurisdiction over this Supplemental Application under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

6.  By this Supplemental Application, the Committee respectfully requests that the Court enter on order authorizing and approving the clarification of certain terms of the Engagement Letter as provided in the Clarifying Amendment.

2

7. The Committee selected Houlihan to act as its investment banker in these cases because of Houlihan's extensive experience and expertise in corporate restructuring, its knowledge of the capital markets and its merger and acquisition capabilities. Since the Retention Date, Houlihan has been rendering a broad range of professional services to the Committee in various areas, addressing critical issues faced by the Committee during these chapter 11 cases. Those services have included significant involvement in assisting the Debtors with resolving derivative transactions, open loan trades and other transactions the Debtors have with numerous counterparties. Additionally, Houlihan's services have included, without limitation, significant business due diligence and analysis of key financial matters related to the Lehman Brothers banks, owned real estate, loan book, private equity investments, foreign subsidiaries, sale of the Lehman Brothers asset management division, the LBI sale to Barclays, litigation-related matters, and numerous other miscellaneous assets; the drafting of numerous presentations and analyses for the Committee and its sub-committees; and working closely with the Committee's other advisors on formulating a preliminary list of issues to be addressed in the Debtors' plan of reorganization. The services that Houlihan has been rendering to the Committee have been both very substantial and necessary.

8. By this Supplemental Application, the Committee seeks to clarify the definition of "Unsecured Recoveries" in the Engagement Letter to ensure that Houlihan is entitled to "Deferred Fees" (as defined in the Engagement Letter) with respect to distributions made to counterparties to various derivative transactions, open loan trades and other transactions with the Debtors.

9. Pursuant to the Engagement Letter, Houlihan's Deferred Fees are calculated based on "Unsecured Recoveries." "Unsecured Recoveries" are defined in the Engagement Letter as:

3

> . . . any consideration or distribution of any kind or in any form whatsoever paid to, or received or retained by, any unsecured creditor of any Debtor, or to any reserve or escrow for the benefit of any allowed, disputed or contingent unsecured claim against any Debtor, whether distributed pursuant to any plan of reorganization, plan of liquidation, as an interim or other distribution during these Cases or otherwise following the termination or conversion of all or any of these Cases to one or more cases under Chapter 7 of the Bankruptcy Code or otherwise.

10. The Clarifying Amendment clarifies that "Unsecured Recoveries" include recoveries by any counterparty to a derivative transaction, open loan trade or other transaction with any Debtor, other than consideration or distribution related to the return of excess collateral posted by a counterparty or the permissible setting off of claims (the "Counterparty Distributions"). Counterparty Distributions are no different than distributions to other unsecured creditors, which are covered under the existing definition of "Unsecured Recoveries." Indeed, both the Committee and Houlihan have always intended for Houlihan's Deferred Fees to include Counterparty Distributions. By this Supplemental Application, the Committee only seeks to clarify the definition of "Unsecured Recoveries" and give Houlihan what it is already entitled for -- consideration for Houlihan's performance of services, pursuant to the Engagement Letter, which benefit all unsecured creditors holding claims against these estates.

11. The Clarifying Amendment also seeks to clarify that the Unsecured Recoveries at issue are those of the unsecured creditors of all the Debtors, including but not limited to, Lehman Brothers Special Financing Inc., Lehman Brothers Commodity Services Inc. and Lehman Brothers OTC Derivatives Inc., each of which filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on September 15, 2008 and periodically thereafter. This clarification is necessitated by the fact that the Engagement Letter was

effective as of September 17, 2009, at which time the only debtors were LBHI and LB 745 LLC.

## NOTICE

12.    No trustee or examiner has been appointed in these cases. Notice of this Supplemental Application has been given to (i) the United States Trustee; (ii) counsel for the Debtors; and (iii) those entities that have requested receipt of notice in these cases. In light of the relief requested herein, the Committee submits that no other or further notice is required.

## NO PRIOR REQUESTS

13.    No previous application for the relief requested herein has been made to this or any other court.

## MEMORANDUM OF LAW

14.    Because the legal authorities upon which this Supplemental Application relies were specified in the Application, the Committee respectfully requests that the Court waive the requirement pursuant to Local Rule 9013-1(a) to specify the legal authorities that support the relief requested herein.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit B, (i) authorizing the Committee to clarify the terms of the employment and retention of Houlihan as investment banker effective as of September 17, 2008, and (ii) granting the Committee such other and further relief as this Court may deem just and proper.

DATED: New York, New York
June 18, 2009

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., et al.**

Wilmington Trust Company, as Indenture Trustee Designated Signatory for Official Committee of Unsecured Creditors

By:  /s/ Julie Becker
Name: Julie Becker
Title:   Vice President

# Exhibit A



# HOULIHAN LOKEY

*<u>Confidential</u>*

June 5, 2009

The Official Committee (the "Committee") of Unsecured Creditors
of Lehman Brothers Holdings Inc.
and its affiliated debtors and debtors-in-possession
(the "Debtors") in care of the Chair of the Committee

To The Official Committee of Unsecured Creditors:

We appreciate the opportunity to continue to provide investment banking services to the Committee in connection with the Debtors' chapter 11 cases, which are pending in the United States Bankruptcy Court for the Southern District of New York (the "Chapter 11 Cases").[1] This supplemental letter agreement (the "Clarifying Amendment") clarifies and updates our Agreement, dated and effective as of September 17, 2008 (the "Agreement"), under which the Committee engaged Houlihan Lokey Howard & Zukin Capital, Inc. to be its investment banker in these Chapter 11 Cases. By this Clarifying Amendment, the parties clarify the definition of "Unsecured Recoveries" to reflect their mutual understanding that "Unsecured Recoveries" include recoveries by counterparties to derivative transactions, open loan trades and other transactions with the Debtors.

This Clarifying Amendment is effective as of September 17, 2008. All other information as set forth in our Agreement remains current unless indicated otherwise in this letter.

**<u>Definition of "Unsecured Recoveries."</u>**

The third paragraph of section 3 of the Agreement, starting with the words "For purposes hereof," is restated in its entirety as follows:

---

[1] For the avoidance of doubt, the Debtors in these Chapter 11 Cases are Lehman Brothers Holdings Inc. and certain of its affiliates and subsidiaries, including but not limited to Lehman Brothers Special Financing Inc., Lehman Brothers Commodity Services Inc. and Lehman Brothers OTC Derivatives Inc., who filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* on September 15, 2008 and periodically thereafter. The Debtors' Chapter 11 Cases are being jointly administered under Chapter 11 Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. 2008).

The Official Committee of Unsecured
Creditors of **Lehman Brothers Holdings Inc.**
Page 2

For purposes hereof, "Unsecured Recoveries" shall mean any consideration or distribution of any kind or in any form whatsoever paid to, or received or retained by, (i) any unsecured creditor of any Debtor, (ii) any counterparty to a derivative transaction, open loan trade or other transaction with any Debtor, other than consideration or distributions related to the return of excess collateral posted by a counterparty or the permissible setting off of claims, or (iii) any reserve or escrow for the benefit of any allowed, disputed or contingent unsecured claim against any Debtor, whether distributed pursuant to any plan of reorganization, plan of liquidation, as an interim or other distribution during these Cases or otherwise following the termination or conversion of all or any of these Cases to one or more cases under Chapter 7 of the Bankruptcy Code or otherwise.

Please confirm that the foregoing is in accordance with your understanding of the terms of our engagement, as clarified and modified herein, by signing and returning to us the enclosed duplicate of this letter.

Very truly yours,

**HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC.**

By: _____
   **P. Eric Siegert**
   **Senior Managing Director**

Accepted and agreed to as of the Effective Date:

**OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF LEHMAN BROTHERS HOLDINGS INC.**

By: **Committee Member**

By: _____

# Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: Chapter 11
In re: :
: Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., et al., :
: Jointly Administered
Debtors. :
---------------------------------------------------------------x

**ORDER UNDER 11 U.S.C §§ 328(a)
AND 1103, FED. R. BANKR. P. 2014, AND S.D.N.Y. LBR 2014-1, AUTHORIZING
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CLARIFY THE
DEFINITION OF "UNSECURED RECOVERIES" IN ITS EMPLOYMENT
AND RETENTION AGREEMENT WITH HOULIHAN LOKEY
HOWARD & ZUKIN CAPITAL, INC. AS INVESTMENT
BANKER EFFECTIVE AS OF SEPTEMBER 17, 2008**

Upon the Supplemental Application, dated June 18, 2009 (the "Supplemental Application"), of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. and its affiliated debtors (other than Lehman Brothers Inc.) (collectively, the "Debtors") for an order, pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 2014-1 of the Local Bankruptcy Rules for the District of New York (the "Local Rules"), authorizing the Committee to clarify the definition of "Unsecured Recoveries" in its employment and retention agreement with Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan") as investment banker for the Committee, effective as of September 17, 2008 (the "Effective Date"); and the Court having jurisdiction to consider the Supplemental Application and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984; and consideration of the Supplemental Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the time for objections to the Supplemental Application having expired on June 29, 2009 with no objections having been timely filed; and due and proper notice of the Supplemental Application having been provided as provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Supplemental Application and determined that the clarification of the definition of "Unsecured Recoveries" in Houlihan's employment and retention agreement is necessary and in the best interest of the Debtors' estates, creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Supplemental Application is granted as provided herein; and it is further

ORDERED that the terms of the employment and retention of Houlihan as investment banker effective as of September 17, 2008 are clarified as described in the Clarifying Amendment; and it is further

ORDERED that to the extent this Order is inconsistent with the Engagement Letter or the Supplemental Application, this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: New York, New York
       June __, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

2