**Presentment Date and Time: June 29, 2009 at 12:00 p.m (Prevailing Eastern Time)**
**Objection Deadline: June 29, 2009 at 11:30 a.m (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed): July 15, 2009 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                                                  :
In re                                             :        **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,      :        **08-13555 (JMP)**
                                                  :
                        **Debtors.**              :        **(Jointly Administered)**
                                                  :
                                                  :
--------------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF MOTION TO EXPAND THE SCOPE OF RETENTION OF SIMPSON THACHER & BARTLETT LLP, *NUNC PRO TUNC* TO THE ENGAGEMENT DATE, AS SPECIAL COUNSEL PURSUANT TO SECTIONS 327(E) AND 328(A) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Motion

(the "Motion") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases (together, the "Debtors") pursuant to sections 327(e) and

328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, for

authorization to Expand the Scope of Retention of Simpson Thacher & Bartlett LLP ("Simpson

Thacher") as Special Counsel, *nunc pro tunc* to the Engagement Date, all as more fully described

in the Motion, to the Honorable James M. Peck, United States Bankruptcy Judge, for approval

and signature on **June 29, 2009 at 12:00 p.m. noon (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq.,; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017-3954, Attn: Mary Elizabeth McGarry, Esq., **so as to be so filed and received by no later than June 29, 2009 at 11:30 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **July 15, 2009, at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M.

Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408.  If

an objection is filed the moving and objecting parties are required to attend the hearing, and failure

to appear may result in relief being granted or denied upon default.


Dated:  June 19, 2009
      New York, New York

                    /s/ Richard P. Krasnow
                    Richard P. Krasnow

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Debtors
                    and Debtors in Possession

**Presentment Date and Time:  June 29, 2009 at 12:00 p.m (Prevailing Eastern Time)**
**Objection Deadline:  June 29, 2009 at 11:30 a.m (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed): July 15, 2009 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                :
In re                                           :      **Chapter 11 Case No.**
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :      **08-13555 (JMP)**
                                                :
                          **Debtors.**          :      **(Jointly Administered)**
                                                :
                                                :
---------------------------------------------------------------x

**MOTION TO EXPAND THE SCOPE OF RETENTION OF SIMPSON THACHER &
BARTLETT LLP, *NUNC PRO TUNC* TO THE ENGAGEMENT DATE, AS SPECIAL
COUNSEL PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY
CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), file this Motion to Expand the Scope of

Retention of Simpson Thacher & Bartlett LLP ("Simpson Thacher") as Special Counsel, and

respectfully represent:

## Background

1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

3.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

## Jurisdiction

4.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Lehman's Business

5.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

6.    Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Retention of Simpson Thacher**

7.    By an order dated November 21, 2008 (the "Retention Order") [Docket No. 1658], the Court approved the application dated November 3, 2008 filed by the Debtors seeking authorization *nunc pro tunc* to the Commencement Date to employ Simpson Thacher as special counsel to the Debtors for certain non-bankruptcy related postpetition matters that are now concluded, and authorization *nunc pro tunc* to the Commencement Date to continue to pay the fees and expenses of Simpson Thacher in connection with a litigation and related insurance claim (the "Application") [Docket No. 1352].  These matters are more fully described in the Affidavit of Mary Elizabeth McGarry dated October 31, 2008 (the "October 31, 2008 McGarry Affidavit"), submitted as Exhibit A to the Application, and the Affidavit of Mary Elizabeth McGarry dated November 18, 2008 (the "November 18, 2008 Supplemental McGarry Affidavit"), submitted to the Court on November 18, 2008 in connection with the Application [Docket No. 1588].

8.    By an order dated April 9, 2009 (the "Expansion Order") [Docket No. 3315], the Court approved the motion dated March 24, 2009 filed by the Debtors seeking authorization *nunc pro tunc* to December 18, 2009 to employ Simpson Thacher as special counsel to the Debtors in connection with insurance regulatory advice with respect to insurance company counterparties to derivatives contracts in circumstances where Weil, Gotshal & Manges

LLP ("WGM"), attorneys to the Debtors, is unable to provide such advice due to conflicts (the "Expansion Motion") [Docket No. 3216]. These matters (the "Insurance Matters") are more fully described in the Affidavit of Mary Elizabeth McGarry dated March 24, 2009 (the "March 24, 2009 Supplemental McGarry Affidavit"), submitted as Exhibit A to the Expansion Motion.

**Motion to Expand**

9.     By this Motion, the Debtors seek to further modify the scope of Simpson Thacher's retention as special counsel, previously approved by the Retention Order and the Expansion Order, to assist LBHI, in coordination with WGM, with matters related to the formation and operation of a potential asset management/servicing business, including drafting and negotiating contracts and organizational documents, analyzing regulatory and other legal issues and performing any other general corporate work needed in connection with the formation and operation of that business (collectively, the "Additional Corporate Matters"), *nunc pro tunc* to May 19, 2009 (the "Engagement Date"). Simpson Thacher will coordinate these Additional Corporate Matters with WGM to ensure that its services are complementary and not duplicative of WGM's work with respect to the Debtors.

10.    Additionally, Simpson Thacher's work on the Insurance Matters commenced on December 16, 2008—not on December 18, 2008 as the Expansion Motion, Expansion Order and March 24, 2009 Supplemental McGarry Affidavit provided. Therefore, the Debtors also request that the Expansion Order be amended, in the proposed order annexed hereto, to provide for Simpson Thacher's retention with respect to the Insurance Matters *nunc pro tunc* to December 16, 2008.

11.    The Debtors' knowledge, information and belief regarding the matters set forth in this Motion are based on and made in reliance upon the Affidavit of Mary Elizabeth

McGarry (the "Affidavit") sworn to on June 18, 2009, a copy of which is attached hereto as
Exhibit A.

12.     Because the Debtors now seek to engage Simpson Thacher with respect to
the Additional Corporate Matters, the Debtors request entry of an order, pursuant to sections
327(e) and 328(a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule
2014-1 of the Local Bankruptcy Rules for the Southern District of New York, expanding the
scope of the employment of Simpson Thacher as special counsel for the Debtors, effective as of
the Engagement Date, with respect to the Additional Corporate Matters.

13.     Simpson Thacher is a leading global law firm with more than 800 lawyers,
and has represented LBHI since its 1994 spin-off from American Express and represented
LBHI's predecessors for several decades before 1994.  During that time, the Firm has
represented LBHI and its affiliates in numerous corporate transactions and in connection with
general corporate and regulatory matters.  Over the course of such representation, Simpson
Thacher has become uniquely familiar with the business and affairs of these entities.  The Firm
provides coordinated legal advice on the largest and most complex corporate transactions in a
variety of industries, including financial services and real estate matters.  Simpson Thacher is
one of the world's preeminent law firms in the mergers and acquisitions field, and has substantial
experience with carve-outs and spin-offs such as that contemplated by the Additional Corporate
Matters.  In addition, the Firm also has a leading investment management practice representing
clients that provide asset and portfolio management services across many asset classes.
Accordingly, the Debtors believe that Simpson Thacher is both well qualified and uniquely able
to provide the services described above and that its retention with respect to the Additional

Corporate Matters would be in the best interest of the estates, the Debtors' creditors and other parties in interest.

14.    To the best of the Debtors' knowledge, Simpson Thacher does not represent or hold any interest adverse to the Debtors, their creditors, any other parties in interest herein, or their respective attorneys or accountants, or the U.S. Trustee, with respect to the matters as to which Simpson Thacher is to be employed, except as may be set forth in the October 31, 2008 McGarry Affidavit, the November 18, 2008 Supplemental McGarry Affidavit, the March 24, 2009 Supplemental McGarry Affidavit or the Affidavit. *See In re AroChem*, 176 F. 3d 610, 622 (2d Cir. 1999) (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention). The Debtors have been informed that Simpson Thacher will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, Simpson Thacher will supplement its disclosure to the Court.

### Notice

15.    The Debtors have served notice of this Motion in accordance with the procedures set forth in the amended order entered on March 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

16.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  June 19, 2009
        New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A TO THE MOTION

Affidavit of Mary Elizabeth McGarry

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
                                        :
**In re**                               :       **Chapter 11 Case No.**
                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :   **08-13555 (JMP)**
                                        :
                            **Debtors.**   :       **(Jointly Administered)**
                                        :
                                        :
--------------------------------------------------------------x

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )

**AFFIDAVIT OF MARY ELIZABETH McGARRY FILED ON BEHALF OF SIMPSON**
**THACHER & BARTLETT LLP IN SUPPORT OF THE MOTION TO EXPAND**
**THE SCOPE OF RETENTION OF SIMPSON THACHER & BARTLETT LLP,**
***NUNC PRO TUNC* TO THE ENGAGEMENT DATE, AS SPECIAL COUNSEL**
**PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE**
**AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Mary Elizabeth McGarry, being duly sworn, states the following based upon personal

knowledge and review of relevant documents:

1.       I am a member of the firm of Simpson Thacher & Bartlett LLP ("Simpson

Thacher" or the "Firm"), 425 Lexington Avenue, New York, New York 10017, and am admitted

to practice law in the State of New York, the United States District Courts for the Southern and

Eastern Districts of New York, the District of Colorado and the Eastern District of Wisconsin,

9

the United States Courts of Appeals for the Second, Sixth and Tenth Circuits, and the United

States Supreme Court.

     2.  On November 21, 2008, the Court approved the application dated November

3, 2008 (the "Application") [Docket No. 1352] filed by the Debtors seeking authorization *nunc*

*pro tunc* to the Commencement Date to employ Simpson Thacher as special counsel to Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors in possession (collectively, the "Debtors") for certain non-

bankruptcy related postpetition matters that are now concluded, and authorization *nunc pro tunc*

to the Commencement Date to continue to pay the fees and expenses of Simpson Thacher in

connection with a litigation and related insurance claim, as further described in my Affidavit

dated October 31, 2008 (the "October 31, 2008 McGarry Affidavit") submitted as Exhibit A to

the Application, and my Affidavit dated November 18, 2008 (the "November 18, 2008

Supplemental McGarry Affidavit"), submitted to the Court on November 18, 2008 in connection

with the Application [Docket No. 1588].

     3.  By an order dated April 9, 2009 (the "Expansion Order") [Docket No. 3315],

the Court approved the motion (the "Expansion Motion") dated March 24, 2009 filed by the

Debtors seeking authorization *nunc pro tunc* to December 18, 2009 to employ Simpson Thacher

as special counsel to the Debtors in connection with insurance regulatory advice with respect to

insurance company counterparties to derivatives contracts in circumstances where Weil, Gotshal

& Manges LLP ("WGM"), attorneys to the Debtors, is unable to provide such advice due to

conflicts (the "Insurance Matters") [Docket No. 3216].  These matters are more fully described

in my Affidavit dated March 24, 2009 (the "March 24, 2009 Supplemental McGarry Affidavit"),

submitted as Exhibit A to the Expansion Motion.

053105-0737-11658-Active.11638273.3

4.    I now submit this affidavit (the "Affidavit") in support of the Debtors' Motion to Expand the Scope of Retention of Simpson Thacher as Special Counsel Pursuant to Sections 327(e) and 328(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Motion") to include additional matters described below, *nunc pro tunc* to May 19, 2009, and to provide additional disclosures as required under Bankruptcy Rules 2014(a) and 2016(b).  Any capitalized term not expressly defined herein shall have the meaning ascribed to it in the Application, the October 31, 2008 McGarry Affidavit, the November 18, 2008 Supplemental McGarry Affidavit, the Expansion Motion, the March 24, 2009 Supplemental McGarry Affidavit or the Motion.

5.    All facts set forth in this Affidavit are based upon information from, and discussions I or other Simpson Thacher personnel reporting to me have had with, certain of my colleagues and the attorney at Simpson Thacher responsible for conflicts matters.  The facts below and set forth on Exhibit A hereto are also based on a review of the Conflicts Checklist provided by WGM to Simpson Thacher on May 20, 2009 (the "May 20, 2009 Conflicts Checklist"), setting forth additional creditors and other parties in interest of the Debtors, performed by the persons within Simpson Thacher responsible for maintaining records of our representations, with the assistance of an attorney at Simpson Thacher.[1]  Based on the foregoing, if I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Affidavit on behalf of Simpson Thacher.

---

[1]    The May 20, 2009 Conflicts Checklist sets forth additional creditors and other parties in interest of the Debtors not previously included in the Conflicts Checklists provided to Simpson Thacher by WGM on October 21, 2008 and February 20, 2009.

4

**Services Performed by Simpson Thacher to Date**

      6.     By the Application, LBHI sought to retain Simpson Thacher as special counsel to the Debtors pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to the Commencement Date, to perform legal services in connection with the following matters: (i) assisting LBHI with ongoing reporting obligations under the Securities and Exchange Act of 1934, (ii) assisting LBHI with respect to negotiations related to, and the closing of the sale of, the investment banking and capital markets businesses of Lehman Brothers Inc. ("LBI") to Barclays Capital, Inc., (iii) assisting LBHI with respect to the sale of the investment management division of LBI to Bain Capital, LLC and Hellman & Friedman LLC, and (iv) representing LBHI in connection with the testimony of Richard S. Fuld, Jr., Chairman of the Board and Chief Executive Officer of LBHI, before Congress, including production of LBHI documents to Congress.  Other than with respect to follow-up requests in connection with these prior matters, Simpson Thacher's representation of the Debtors in connection with these matters substantially concluded as of October 22, 2008.  Simpson Thacher requested and received *nunc pro tunc* approval of the Application for these matters.

      7.     In addition, by the Application, the Debtors sought and received the Court's approval to pay Simpson Thacher's fees and expenses for its representation of LBA Y.K, a non-debtor indirect subsidiary of LBHI, in a litigation matter in federal district court captioned *LBA Y.K. vs. Marubeni America Corp.*, No. 08-3282 (S.D.N.Y.), and the appeal therefrom by Marubeni America Corporation to the United States Court of Appeals for the Second Circuit (the "U.S. LBA Action"), a proceeding under 28 U.S.C. § 1782 seeking U.S. discovery in aid of LBA Y.K.'s pending action against Marubeni Corporation in the Tokyo, Japan Civil Court (the "Japan LBA Action").  Additional information regarding Simpson Thacher's representation of LBA

Y.K. and LBHI in connection with the U.S. LBA Action and the Japan LBA Action is set forth

in the Application and the October 31, 2008 McGarry Affidavit.

8.    By the Expansion Order, the Court approved the Debtors' Motion to

expand the scope of Simpson Thacher's retention as special counsel, *nunc pro tunc* to December

18, 2009 with respect to the Insurance Matters.  However, Simpson Thacher's work on the

Insurance Matters commenced on December 16, 2008—not on December 18, 2008 as the

Expansion Motion, Expansion Order and March 24, 2009 Supplemental McGarry Affidavit

provided.  Therefore, the Debtors also request that the Expansion Order be amended, in the

proposed order annexed to the Motion, to provide for Simpson Thacher's retention with respect

to the Insurance Matters *nunc pro tunc* to December 16, 2008.

**Proposed Additional Services**

9.    The Debtors now seek to further expand the scope of Simpson Thacher's

retention as special counsel to assist LBHI, in coordination with WGM, with matters related to

the formation and operation of a potential asset management/servicing business, including

drafting and negotiating contracts and organizational documents, analyzing regulatory and other

legal issues and performing any other general corporate work needed in connection with the

formation and operation of that business (collectively, the "Additional Corporate Matters"), *nunc*

*pro tunc* to May 19, 2009 (the "Engagement Date").  Simpson Thacher will coordinate these

Additional Corporate Matters with WGM to ensure that its services are complementary and not

duplicative of WGM's work with respect to the Debtors.

10.    Simpson Thacher is a leading global law firm with more than 800 lawyers,

and has represented LBHI since its 1994 spin-off from American Express and represented

LBHI's predecessors for several decades before 1994.  During that time, the Firm has

represented LBHI and its affiliates in numerous corporate transactions and in connection with

general corporate and regulatory matters.  Over the course of such representation, Simpson

Thacher has become uniquely familiar with the business and affairs of these entities.  The Firm

provides coordinated legal advice on the largest and most complex corporate transactions in a

variety of industries, including financial services and real estate matters.  Simpson Thacher is

one of the world's preeminent law firms in the mergers and acquisitions field, and has substantial

experience with carve-outs and spin-offs such as that contemplated by the Additional Corporate

Matters.  In addition, the Firm also has a leading investment management practice representing

clients that provide asset and portfolio management services across many asset classes.

Accordingly, I believe that Simpson Thacher is both well qualified and uniquely able to provide

the services described above and that its retention with respect to the Additional Corporate

Matters would be in the best interest of the estates, the Debtors' creditors and other parties in

interest.

**<u>Additional Disclosures</u>**

       11.    As set forth in the October 31, 2008 McGarry Affidavit, the Debtors are a

large global enterprise with thousands of parties in interest.  Simpson Thacher is one of the

largest law firms in the United States and (a) may from time to time have represented, (b) may

currently represent, and (c) may in the future represent many entities that are parties in interest

these cases in matters unrelated to the Debtors.  Persons within Simpson Thacher who handle

conflicts checks have reviewed our databases of matters for which the firm has been engaged for

"connections" to any of the persons or entities identified in the May 20, 2009 Conflicts

Checklist.  Our search results indicate that Simpson Thacher currently represents (or in some

cases formerly represented)[2] certain of the persons or entities identified in the May 20, 2009

Conflicts Checklist (or one or more affiliates of such persons or entities) in unrelated matters, as

described in Exhibit A hereto.  The disclosures set forth in Exhibit A hereto supplement and

update the disclosures set forth in the October 31, 2008 McGarry Affidavit, the November 18,

2008 Supplemental McGarry Affidavit and the March 24, 2009 Supplemental McGarry

Affidavit.

12.    As described in further detail in the October 31, 2008 McGarry Affidavit,

Simpson Thacher represents certain current and former officers, directors and employees in

connection with investigations arising out of the business of LBHI and its affiliates and in civil

litigation matters (the "Individuals").  Set forth in Exhibit B hereto is a list of civil actions in

which the Individuals had not been served or that had not been commenced when the March 24,

2009 Supplemental McGarry Affidavit was executed.

13.    In addition, Simpson Thacher will conduct an ongoing review of its files

to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships

are discovered, Simpson Thacher will supplement its disclosure to the Court.

### Professional Services Compensation

14.    Simpson Thacher intends to apply to the Court for allowances of

compensation and reimbursement of expenses in accordance with the applicable provisions of

the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and orders of this Court for all

services performed and expenses incurred after the Commencement Date in connection with the

Additional Corporate Matters.

---

[2]    As set forth in the October 31, 2008 McGarry Affidavit, Simpson Thacher's conflicts
database maintains records of current and former clients from 1991 to the present.

15.    On April 10, 2009, Simpson Thacher filed its First Application for Interim Professional Compensation for the period of September 15, 2008 through January 31, 2009 [Docket No. 3341]. Simpson Thacher requested $1,383,114.40 in fees and $28,601.43 in expenses.

16.    The foregoing constitutes the statement of Simpson Thacher pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

Dated: New York, New York
       June 18, 2009

Mary Elizabeth McGarry

ANDREW LAIRD
Notary Public, State of New York
No. 01LA6195177
Qualified in New York County
Commission Expires October 20, 2012

Sworn before me this 18th day of June 2009.

9

## EXHIBIT A TO THE AFFIDAVIT

**SUPPLEMENTAL DISCLOSURE REGARDING MATTERS SET FORTH IN EXHIBIT A TO THE OCTOBER 31, 2008 McGARRY AFFIDAVIT, ANNEX I (PART I) TO THE NOVEMBER 18, 2008 SUPPLEMENTAL McGARRY AFFIDAVIT AND EXHIBIT A TO THE MARCH 24, 2009 SUPPLEMENTAL MCGARRY AFFIDAVIT**

Except where specifically noted in the "Description" column of this Exhibit, Simpson Thacher does not represent any client listed herein in connection with the Debtors or the Debtors' chapter 11 cases.

### 50 Largest Bondholders

| Category | Individual/ Entity | Description |
|---|---|---|
| 50 Largest Bondholders | RiverSource Life Insurance Company | On May 19, 2009 Simpson Thacher opened a matter to represent Ameriprise in a M&A transaction. The proposed retainer agreement that Simpson Thacher received from Amerprise Financial creates a client relationship with Ameriprise Financial, Inc. as well as its "major active subsidiaries and affiliates," including RiverSource Life Insurance Company. |

### Potential Parties in Interest

| Category | Individual/ Entity | Description |
|---|---|---|
| Potential Parties in Interest | Danske Bank A/S | Danske Bank A/S is a Simpson Thacher client in one matter in which the Firm represents it as a member of a lender group. |
| Potential Parties in Interest | Litton Loan Servicing, L.P. | Litton Loan Servicing, LP is not a Simpson Thacher client, but is an affiliate of Goldman Sachs, which is a client. |
| Potential Parties in Interest | Silver Point Capital, LP | Silver Point Capital, LP is a former Simpson Thacher client for which all matters were closed in 2005. |

### Professionals Retained by the Company

| Category | Individual/ Entity | Description |
|---|---|---|
| Professionals Retained by the Company | Alvarez & Marsal North America LLC | On April 27, 2009, Simpson Thacher took on an engagement to represent Alvarez & Marsal with respect to the formation of two large private equity funds. |

1

## Utilities

| Category | Individual/ Entity | Description |
|----------|--------------------|-------------|
| Utilities | Con Edison | On March 11, 2009, Simpson Thacher opened a matter for a partner at the Firm to provide testimony on behalf of Con Edison in a litigation matter. |

## Selected Derivative Counterparties

| Category | Individual/ Entity | Description |
|----------|--------------------|-------------|
| Selected Derivative Counterparties | Allison Transmission | Alliance Transmission is not a Simpson Thacher client, but is partly owned by the Carlyle Group, which is a Simpson Thacher client. |
| Selected Derivative Counterparties | Consolidated Container Company LLC | Consolidated Container Company is a Vestar portfolio company. Vestar is a Simpson Thacher client. Simpson Thacher has done some work for Consolidated Container under the client number for Vestar, but does not have any active matters. Lexington Private Investment Fund may have an investment in Consolidated Container Company. Lexington Private Investment Fund is a collective investment vehicle in which certain Simpson Thacher partners invest, and to the extent such vehicle invests in Consolidated Container Company, such vehicle holds less than 1% of the outstanding securities of Consolidated Container Company. |
| Selected Derivative Counterparties | Government of Singapore Investment Corp. | Simpson Thacher has represented certain affiliates of the Government of Singapore including Temasek Capital (Private) Limited and GIC Special Investments Pte. |
| Selected Derivative Counterparties | Houghton Mifflin Harcourt Publishing Company | Houghton Mifflin Harcourt Publishing Company is not a Simpson Thacher client. However, education Media & Publishing Group Limited ("EMPG"), the parent of Houghton Mifflin Harcourt Publishing is a former Simpson Thacher client for which the Firm last did work in 2008. Simpson Thacher has the following history with the company: EMPG (then named Houghton Mifflin Riverdeep Group, plc) acquired Houghton Mifflin from an investor group consisting of Thomas H. Lee, Bain Capital, and The Blackstone Group (the "Consortium"). Simpson Thacher represented the Consortium when it purchased Houghton Mifflin from Vivendi Universal in 2002 and when it was |

2

| | | owned by the Consortium, Simpson Thacher represented Houghton Mifflin in its debt offerings and financings. Simpson Thacher did not represent Houghton Mifflin in connection with its sale to Houghton Mifflin Riverdeep Group. |
|---|---|---|
| Selected Derivative Counterparties | ING Life Insurance & Annuity Company | ING Life Insurance & Annuity Company is not a Simpson Thacher client; however, the Firm represents certain ING affiliates. |
| Selected Derivative Counterparties | ING USA Annuity & Life Insurance Company | ING USA Annuity & Life Insurance Company is not a Simpson Thacher client; however, the Firm represents certain ING affiliates. |
| Selected Derivative Counterparties | New York Life & Annuity Insurance Corporation | New York Life & Annuity Insurance Corporation is not a Simpson Thacher client, but is an affiliate of New York Life Insurance Company. New York Life Insurance Company is a former Simpson Thacher client, but Simpson Thacher currently represents certain affiliates of New York Life Capital Partners (New York Life Capital Partners IV, L.P., New York Life Capital Partners IV-A, L.P. and NYLCAP Manager LLC). New York Life Capital Partners is a subsidiary of New York Life Investment Management LLC, which is an indirect, wholly-owned subsidiary of New York Life Insurance Company. Conrad Harper (a retired Simpson Thacher partner) is currently a director of New York Life Insurance Company. Mr. Harper chairs the Board's Governance Committee and is a member of the Investment Committee. |
| Selected Derivative Counterparties | New York Life INS & Annuity Corp Private Placi | New York Life INS & Annuity Corp Private Placi is not a client, but is an affiliate of New York Life Insurance Company. New York Life Insurance Company is a former Simpson Thacher client, but Simpson Thacher currently represents certain affiliates of New York Life Capital Partners (New York Life Capital Partners IV, L.P., New York Life Capital Partners IV-A, L.P. and NYLCAP Manager LLC). New York Life Capital Partners is a subsidiary of New York Life Investment Management LLC, which is an indirect, wholly-owned subsidiary of New York Life Insurance Company. Conrad Harper (a retired Simpson Thacher partner) is currently a director of New York Life Insurance Company. Mr. Harper chairs the Board's Governance Committee and is a member of the Investment Committee. |
| Selected | New York Life | New York Life Insurance Company is a former |

3

| | | |
|---|---|---|
| Derivative Counterparties | Insurance Company Inc. | Simpson Thacher client, but Simpson Thacher currently represents certain affiliates of New York Life Capital Partners (New York Life Capital Partners IV, L.P., New York Life Capital Partners IV-A, L.P. and NYLCAP Manager LLC). New York Life Capital Partners is a subsidiary of New York Life Investment Management LLC, which is an indirect, wholly-owned subsidiary of New York Life Insurance Company. Conrad Harper (a retired Simpson Thacher partner) is currently a director of New York Life Insurance Company. Mr. Harper chairs the Board's Governance Committee and is a member of the Investment Committee. |
| Selected Derivative Counterparties | Pacific Life & Annuity Co. | Pacific Life & Annuity Co. is not a Simpson Thacher client. "Pacific Life" is the name that refers to Pacific Life Insurance Company and its affiliates, including Pacific Life & Annuity Company. Pacific Mutual Holding Company (Pacific Mutual) is the parent company of Pacific LifeCorp, which is the parent company of Pacific Life Insurance Company. None of these entities is a client. However, based on the Firm's research in conducting this conflicts check, Pacific Life may continue to own a minority stake in Pacific Investment Management Company (PIMCO). PIMCO, which is now controlled by Allianz, started as a subsidiary of Pacific Life Insurance Company. Simpson Thacher represents the independent directors of certain PIMCO funds. |
| Selected Derivative Counterparties | Pacific LifeCorp | Pacific LifeCorp is not a Simpson Thacher client. "Pacific Life" is the name that refers to Pacific Life Insurance Company and its affiliates, including Pacific Life & Annuity Company. Pacific Mutual Holding Company (Pacific Mutual) is the parent company of Pacific LifeCorp, which is the parent company of Pacific Life Insurance Company. None of these entities is a client. However, based on the Firm's research in conducting this conflicts check, Pacific Life may continue to own a minority stake in Pacific Investment Management Company (PIMCO). PIMCO, which is now controlled by Allianz, started as a subsidiary of Pacific Life Insurance Company. Simpson Thacher represents the independent directors of certain PIMCO funds. |
| Selected Derivative | Reliastar Life Insurance Company | ReliaStar Life Insurance Company is not a Simpson Thacher client, but is owned by ING Groep. |

4

| Counterparties | | Simpson Thacher represents certain ING Groep affiliates including ING Bank, ING Capital and ING REI Clarion. |
|---|---|---|
| Selected Derivative Counterparties | Reliastar Life Insurance Company of New York | ReliaStar Life Insurance Company of New York is not a Simpson Thacher client, but is owned by ING Groep.  Simpson Thacher represents certain ING Groep affiliates including ING Bank, ING Capital and ING REI Clarion. |
| Selected Derivative Counterparties | Riversource Life Insurance Company of New York | Riversource Life Insurance Company of New York is not a Simpson Thacher client, but RiverSource Life Insurance Company of New York is an affiliate of Ameriprise Financial, Inc.  Ameriprise Financial is a Simpson Thacher client and the proposed retainer agreement states that Simpson Thacher's work for Ameriprise Financial creates a relationship with Ameriprise Financial as well as its "major active subsidiaries and affiliates", one of which is RiverSource Life Insurance Company of New York. |
| Selected Derivative Counterparties | Russell Investment Group | Russell Investment Group is not a Simpson Thacher client.  It is a subsidiary of Northwestern Mutual, which is also not a Simpson Thacher client.  However, Simpson Thacher represents Pantheon Ventures, which is part of Russell Investments. |
| Selected Derivative Counterparties | Sunamerica Life Insurance Company | Based on the Firm's research in conducting this conflicts check, Sunamerica Life Insurance Company appears to be part of the AIG Group.  Simpson Thacher represents various AIG affiliates and has done work for AIG SunAmerica. |

## Principal Investments

| Category | Individual/ Entity | Description |
|---|---|---|
| Principal Investments | Jazz Pharmaceuticals, Inc. | Jazz Pharmaceuticals, Inc. is a client.  Jazz Pharmaceuticals is a KKR portfolio company.  KKR is also a Simpson Thacher client. Lexington Private Investment Fund may have an investment in Jazz Pharmaceuticals.  Lexington Private Investment Fund is a collective investment vehicle in which certain Simpson Thacher partners invest, and to the extent such vehicle invests in Jazz Pharmaceuticals, such vehicle holds less than 1% of the outstanding securities of Jazz Pharmaceuticals. |
| Principal Investments | RJO Holdings Corp. | RJO Holdings Corp. is not a client.  However, it may be affiliated with RJ O'Brien which is a portfolio company of Simpson Thacher's client, |

5

| | | Technology Crossover Ventures. |
|---|---|---|
| Principal Investments | RJO Investor Corp. | RJO Investor Corp. is not a client. However, it may be affiliated with RJ O'Brien which is a portfolio company of Simpson Thacher's client, Technology Crossover Ventures. |

053105-0737-11658-Active.11638273.3

## EXHIBIT B TO THE AFFIDAVIT

**SUPPLEMENTAL DISCLOSURE REGARDING MATTERS SET FORTH IN EXHIBIT
C TO THE OCTOBER 31, 2008 McGARRY AFFIDAVIT, ANNEX I (PART II) TO THE
NOVEMBER 18, 2008 SUPPLEMENTAL McGARRY AFFIDAVIT AND EXHIBIT B TO
THE MARCH 24, 2009 SUPPLEMENTAL McGARRY AFFIDAVIT**

### Additional Civil Litigation Matters

#### *Vallejo Sanitation and Flood Control District v. Fuld, et al.:*

       The complaint in this action, filed on May 15, 2009 in California state court and
subsequently removed to federal court, names as defendants Richard S. Fuld, Jr., Christopher
O'Meara, Joseph M. Gregory, Erin Callan, Ian Lowitt, David Goldfarb, John F. Akers, Roger S.
Berlind, Marsha Johnson Evans, Roland A. Hernandez, and Henry Kaufman, in addition to Ernst
& Young LLP and "Does 1 through 20." Simpson Thacher represents the individual named
defendants, with the exception of Erin Callan, who has retained Proskauer Rose LLP. Simpson
Thacher is acting as local counsel for Richard S. Fuld, Jr. in California and Allen & Overy LLP
has been retained as Mr. Fuld's counsel. Ernst & Young is being represented by Latham &
Watkins LLP.

#### *Washington State Investment Board v. Fuld, et al.:*

       The complaint in this action, filed on May 20, 2009 in Washington state court and
subsequently removed to federal court, names as defendants Richard S. Fuld, Jr., Christopher
O'Meara, Erin Callan, Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H.
Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry
Kaufman, and John D. Macomber, in addition to 16 underwriters, Ernst & Young LLP and
"Does 1 through 100." Simpson Thacher represents the individual named defendants, with the
exception of Erin Callan. Todd & Wakefield is acting as local counsel in Washington for the
individual defendants other than Erin Callan. Allen & Overy LLP has been retained as Richard
Fuld's counsel. The underwriters are being represented by Cleary Gottlieb Steen & Hamilton
LLP, while Hillis Clark Martin & Peterson, P.S. has been retained as the underwriters' local
counsel in Washington. Ernst & Young is being represented by Latham & Watkins LLP.

053105-0737-11658-Active.11638273.3

# **Exhibit B to Motion**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                              :
In re                                                         :        **Chapter 11 Case No.**
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*                  :        **08-13555 (JMP)**
                                                              :
                              **Debtors.**                    :        **(Jointly Administered)**
                                                              :
                                                              :
----------------------------------------------------------------x

### ORDER GRANTING MOTION TO EXPAND THE SCOPE OF RETENTION OF SIMPSON THACHER & BARTLETT LLP AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO THE ENGAGEMENT DATE, PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Upon consideration of the Motion, dated June 19, 2009 (the "Motion")[1] of

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to

sections 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to expand

the scope of retention of Simpson Thacher & Bartlett LLP ("Simpson Thacher") as special

counsel to the Debtors, *nunc pro tunc* to May 19, 2009 (the "Engagement Date"); and upon the

Affidavit of Mary Elizabeth McGarry, a partner of Simpson Thacher (the "Affidavit"), filed in

support of the Motion; and the Court having previously approved the retention and employment

of Simpson Thacher as special counsel to the Debtors by order dated November 21, 2008

[Docket No. 1658] and the expansion of the scope of Simpson Thacher's retention by order dated

April 9, 2009 [Docket No. 3315] (the "Expansion Order"); and the Court having jurisdiction to

---

[1]     Capitalized terms that are used but not defined in this order have the meanings
        ascribed to them in the Motion.

consider the Motion, and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of

New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the amended order entered on March 13, 2009 governing case

management and administrative procedures for these cases [Docket No. 2837] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the

relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and

all parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Motion is approved; and it is further

ORDERED that pursuant to sections 327(e) and 328(a) of the Bankruptcy Code,

the Debtors are hereby authorized to expand the scope of the employment and retention of

Simpson Thacher as special counsel to the Debtors on the terms set forth in the Motion and this

order, effective *nunc pro tunc* to the Engagement Date for the Additional Corporate Matters

identified in the Motion; and it is further

ORDERED that the Expansion Order is modified to authorize the retention of Simpson Thacher as special counsel to the Debtors with respect to the Insurance Matters *nunc pro tunc* to December 16, 2008; and it is further

ORDERED that Simpson Thacher shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 3102] and the Court's Order Appointing a Fee Committee and Approving a Fee Protocol [Docket No. 3651].

Dated: June __, 2009
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE