Martin Flics (#MF 9718)
Mary K. Warren (#MW 5215)
LINKLATERS LLP
1345 Avenue of the Americas
New York, NY 10105
(+1) 212 903 9000 (Tel)
(+1) 212 903 9100 (Fax)

Attorneys for the Joint Administrators of the
Lehman European Group Administration Companies

Hearing Date: June 24, 2009 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re

LEHMAN BROTHERS HOLDINGS INC., et al.,

               Debtors.

------------------------------------------------------------x

Chapter 11

08-13555 (JMP)

(Jointly Administered)

### RESPONSE OF THE JOINT ADMINISTRATORS OF THE LEHMAN EUROPEAN GROUP ADMINISTRATION COMPANIES TO MOTION OF THE DEBTORS, PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3), FOR ESTABLISHMENT OF THE DEADLINE FOR FILING PROOFS OF CLAIM, APPROVAL OF THE FORM AND MANNER OF NOTICE THEREOF AND APPROVAL OF THE PROOF OF CLAIM FORM

The Joint Administrators of the Lehman European Group Administration

Companies[1] (the "Administration Companies") hereby respond to the Motion of the Debtors,

Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for

---

[1]    The Lehman European Group Administration Companies include Lehman Brothers International (Europe), Lehman Brothers Holdings PLC, Lehman Brothers Limited, LB UK Re Holdings Limited, Storm Funding Limited, Mable Commercial Funding Limited, Lehman Brothers Europe Limited and the other Lehman group companies in insolvency processes in the UK over which partners in PricewaterhouseCoopers LLP are appointed.

Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (Docket No. 3654) (the "Bar Date Motion"), and in support thereof state as follows:[2]

### RESPONSE

1. The Joint Administrators do not object to the establishment of a bar date for the submission of claims in these chapter 11 cases. Indeed, the Joint Administrators recognize the desire of the Debtors to establish procedures to allow them to deal efficiently with the massive number of claims in these complex proceedings. The Joint Administrators face similar challenges in the proceedings of the Administration Companies. For example, Lehman Brothers International (Europe) ("LBIE"), which was the Lehman Group's largest broker/dealer and center of business outside the United States, estimates approximately 839,000 pending and failed trades, approximately 130,000 over-the counter derivative contracts, approximately 22,000 current and historic counterparties, and client and intercompany claims both numbering in the billions of dollars. See generally Lehman Brothers International (Europe) – Joint Administrators' progress report for the period 15 September 2008 to 14 March 2009 (April 14, 2009) available at http://www.pwc.co.uk/pdf/LBIE_progress_report_140409.pdf.

2. Because of the size and complexity of LBIE's pre-insolvency business and its pre-insolvency dealings with LBHI, the claims process in the Debtors' chapter 11 cases will be an enormous undertaking for LBIE (as well as for the other Administration Companies that also have claims against the US Debtors). Addressing the Administration Companies' claims in a way that benefits both the Administration Companies and the Debtors will require frequent communication with the Debtors to address many issues of first impression, and will likely result

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Bar Date Motion.

2

in the need for bilateral agreements recognizing the unique intercompany issues involved. In fact, the Joint Administrators have already begun this process with LBHI (and certain other Lehman affiliates) by proposing a Memorandum of Understanding ("MoU") that would establish a series of guiding principles and an approach to facilitate the determination of intercompany claims.[3] In addition, the Joint Administrators have invited LBHI and the administrators for certain other Lehman affiliates to participate in a meeting on July 16, 2009 to discuss, among other things, the MoU. The Joint Administrators have undertaken similar negotiations previously in these cases. For example, the Joint Administrators have successfully reached an understanding with the SIPC Trustee in the Securities Investor Protection Act proceeding of Lehman Brothers Inc. As a result of those negotiations, the evaluation and reconciliation of LBIE's customer claims are now moving ahead smoothly without any need for intervention to date from this Court. Moreover, those negotiations have resulted in the Joint Administrators and the SIPC Trustee agreeing to negotiate additional bilateral solutions as issues arise, and both parties contemplate that further tailored agreements will be reached to facilitate the claims process.

3. In addition, LBIE and LBHI, along with certain of their affiliates, have information sharing and other obligations to each other under the Transition Services Agreement approved by the Court on November 21, 2008. These obligations will be helpful factors in the submission of claims in both the English and U.S. insolvency proceedings.

---

[3] Counsel for the Debtors has expressed optimism with respect to the proposal made by the Joint Administrators. See Transcript of Omnibus Hearing, In re Lehman Brothers Holdings Inc. et al., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. June 17, 2009) at 18 ("Having said that, Your Honor, included in the materials that were sent to the Court was a proposed [M]emorandum of [U]nderstanding which went precisely to the proposed methodology treatment, at least in terms of calculating amounts of intercompany claims.... And while we have some questions about some of their suggestions and perhaps some disagreements in that regard, we thought that it was a very good talking piece.").

4. For those reasons, together with the general rights concerning filing, amending, and supplementing claims afforded by the Bankruptcy Code and Bankruptcy Rules, the Joint Administrators did not file a formal objection to the novel procedures proposed in the Bar Date Order.

5. Nonetheless, having reviewed the objections to the Bar Date Motion, the Joint Administrators believe they raise fair concerns of general applicability. To the extent that changes to the Bar Date Order are made, such changes should benefit all creditors of a specified type (such as derivative or guarantee claimants) rather than individual objectors. To the extent that a formal objection would be required to receive the benefit of any changes, the Joint Administrators respectfully request that this Response be treated as an objection on the bases generally discussed in the objections already filed to the Bar Date Motion by, among others, Barclays Capital Inc., Barclays Bank PLC and Affiliates (Docket No. 3820), Royal Bank of Scotland Plc and Affiliates (Docket No. 3851), Morgan Stanley & Co. Incorporated and Certain of its Affiliates (Docket No. 3875), as well as the Omnibus Objection of Derivative Claimants (Docket No. 3842) and the Brief and Memorandum of Law of Amicus Curiae in Support of Various Derivative Counterparties' Objections filed by the International Swaps and Derivatives Association, Inc. (Docket No. 3874). The Joint Administrators share similar concerns to those voiced in the objections to the Bar Date Motion, including that the additional filing requirements proposed by LBHI are neither practical nor fair. For example, as to the Derivative Questionnaire, among other issues:

- It requires that trade confirmations be provided but, as LBHI is aware, any and all intercompany trades between the Administration Companies and LBHI were recorded by book entries as opposed to trade confirmations.

4

- It requires voluminous information with respect to each derivative trade, which is onerous to collate when the size of the trade population as between the Administration Companies and LBHI is considered.

- It requires the provision of transfer details, which given the established business practice between the Lehman entities would be near impossible to provide.

It cannot (and certainly should not) be the case that these accepted practices and the sheer number of trades between certain of the Administration Companies and LBHI would provide the Debtors with a basis to challenge the Administration Companies' respective claims. While the Joint Administrators expect that these and other complex matters regarding the intercompany claims can be addressed in bilateral discussions, the inclusion of such requirements in the Bar Date Order nevertheless is inappropriate.

6. The Joint Administrators also note that it was not until after the objection deadline to the Bar Date Motion that the Debtors filed their Amended Schedules of Assets and Liabilities (the "Amended Schedules") with this Court,[4] which explicitly supersede the information provided to creditors in the schedules previously filed. From their preliminary review of the Amended Schedules for LBHI, it is clear to the Joint Administrators that material changes were made from the most recent schedules that LBHI filed with this Court on March 12, 2009 (Docket No. 3078). While it is understandable both that the Debtors needed substantial time to update the Schedules and that changes were made, it was premature to set an objection

---

[4] On June 15, 2009, days after the June 12 objection deadline to the Bar Date Motion, the following Debtors filed Amended Schedules of Assets and Liabilities: Lehman Brothers Holdings Inc. (Docket No. 3918); BNC Mortgage LLC (Docket No. 3920); CES Aviation LLC (Docket No. 3930); CES Aviation IX LLC (Docket No. 3932); CES Aviation V LLC (Docket No. 3933); East Dover Limited (Docket No. 3934); LB 745 LLC (Docket No. 3936); Lehman Brothers OTC Derivatives Inc. (Docket No. 3926); Lehman Brothers Commercial Corporation (Docket No. 3938); Lehman Brothers Commodity Services Inc. (Docket No. 3939); Lehman Brothers Derivative Products Inc. (Docket No. 3924); Lehman Brothers Financial Products Inc. (Docket No. 3925); LB Rose Ranch LLC (Docket No. 3937); Lehman Brothers Special Financing Inc. (Docket No. 3921); Lehman Commercial Paper Inc. (Docket No. 3927); Luxembourg Residential Properties Loan Finance S.a.r.l. (Docket No. 3943); Lehman Scottish Finance L.P. (Docket No. 3941); and Structured Asset Securities Corporation (Docket No. 3946). Debtor LB 2080 Kalakaua Owners LLC filed a schedule on the same date, though it was not amended (Docket No. 3704).

5

deadline to the Bar Date Motion that fell before creditors could review and digest the new material in the Amended Schedules.

7.  Finally, the Joint Administrators respectfully request that any order granting the Bar Date Motion confirm that nothing in the order modifies, or shall be interpreted to modify, the long-standing legal principles governing the rights to file, amend, and supplement claims under the Bankruptcy Code, Bankruptcy Rules and applicable law. See also Limited Objection of Bank of America, N.A., Merrill Lynch & Co., Inc. and their respective affiliates to the Bar Date Motion (Docket No. 3836) at ¶ 6-7 (objecting to the extent the Debtors seek to limit the scope of entities who may properly file claims under the Bankruptcy Code, Bankruptcy Rules, and applicable case law, and requesting that any order granting the Bar Date Motion clarifies that the claims filing procedures do not modify who may properly file claims); Omnibus Objection of Derivative Claimants to the Bar Date Motion (Docket No. 3842) at ¶¶ 20-30 (objecting to the Bar Date Order on the ground that, among other things, it must be deleted or modified so as to expressly preserve the right of claimholders who have acted in good faith to supplement or amend their proofs of claim in the future); Objection of Federal Home Loan Bank of New York, Institutional Benchmarks Series (Master Feeder) Limited acting solely with respect to the Centaur, Taks and Augustus Global Rates Series, CASAM ADI CD Arbitrage Fund Limited, Royal Bank of Canada and Caja de Castilla laMancha Vida Y Pensiones S.A. de Seguros Y Reaseguros to the Bar Date Motion (Docket No. 3828) at ¶ 3 (requesting that the Bar Date Order be limited to what is required to satisfy the traditional standards of a proof of claim, including the right to supplement and amend the proof claim in accordance with established precedents).

8.  The Joint Administrators hereby reserve their rights regarding the filing, amending, and supplementing of proofs of claim in these chapter 11 cases.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Joint Administrators respectfully request that the rights of the Administration Companies as claimants be safeguarded in the manner set forth herein and grant such other or further relief as is just and proper.

Dated: June 19, 2009
New York, New York

/s/ Martin Flics
Martin Flics, Esquire (# MF 9718)
LINKLATERS LLP
1345 Avenue of the Americas
New York, New York 10105
(212) 903-9000 – Telephone
(212) 903-9100 – Fascimile
Martin.Flics@linklaters.com

Attorneys for the Joint Administrators of the Lehman European Group Administration Companies