Hearing Date and Time: June 24, 2009 at 10:00 a.m. (Prevailing Eastern Time)

Lindsee P. Granfield
Lisa M. Schweitzer
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Barclays Capital Inc., Barclays Bank PLC
and their affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Lehman Brothers Holdings Inc., <u>et al</u>. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**OBJECTION TO DEBTORS' NOTICE OF EVIDENTIARY HEARING IN
CONNECTION WITH MOTION OF THE DEBTORS, PURSUANT TO
SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 3003(c)(3), FOR ESTABLISHMENT OF THE DEADLINE FOR FILING
PROOFS OF CLAIM, APPROVAL OF THE FORM AND MANNER OF
NOTICE THEREOF AND APPROVAL OF THE PROOF OF CLAIM FORM**

Barclays Capital Inc., Barclays Bank PLC and their affiliates (collectively, "<u>Barclays</u>"), by and through their undersigned counsel, hereby submit this objection (the "<u>Objection</u>") to the Notice of Evidentiary Hearing (the "<u>Notice</u>") [D.I. 4063] of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") in connection with the Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (the "<u>Motion</u>") [D.I. 3654].  In support of its Objection, Barclays respectfully states as follows:

## **OBJECTION**

1.	The Debtors' Notice does not comply with Local Bankruptcy Rule 9014-2, which specifically provides that, with certain enumerated exceptions, "[t]he first scheduled hearing in a contested matter *will not* be an evidentiary hearing at which witnesses may testify." Local Bankruptcy Rule 9014-2 (emphasis added).[1] Pursuant to subsection (a), the Court may permit the presentation of evidence at the first scheduled hearing in a contested matter. It is not for the Debtors to unilaterally decide whether an evidentiary hearing would be appropriate less than 48 hours before the scheduled hearing. The Debtors' Notice does not indicate that the Court has granted permission to make the first hearing on the Motion an evidentiary hearing. Nor do any of the other exceptions identified in subsections (b) through (f) of Local Rule 9014-2 apply.

2.	Barclays further submits that it would be manifestly unfair to allow the Debtors to present evidence, whether in the form of witness testimony or otherwise, on less than 48 hours notice. The Debtors' Motion was originally filed on May 26, 2009 on notice of presentment with an objection deadline of June 12, 2009. After more than 75 objections and

---

[1]	Local Bankruptcy Rule 9014-2 provides in its entirety:

> The first scheduled hearing in a contested matter will not be an evidentiary hearing at which witnesses may testify, unless:
> (a) the Court gives prior notice to the parties that such hearing will be an evidentiary hearing;
> (b) the motion requests emergency relief and is made at the commencement of the case;
> (c) the motion requests interim or final relief under § 363(c)(2)(B) or § 364 of the Bankruptcy Code;
> (d) the motion requests the Court's approval of rejection of an unexpired lease of real property under § 365(a) of the Bankruptcy Code, and a timely objection thereto is filed;
> (e) the hearing is on confirmation of a plan in a case under chapter 9, chapter 11, chapter 12, or chapter 13 of the Bankruptcy Code; or
> (f) the Court, by general order, has directed that the first scheduled hearing with respect to the type of relief requested in the motion shall be an evidentiary hearing at which witnesses may testify.

Local Bankruptcy Rule 9014-2.

joinders were filed in opposition to the Motion, the Debtors unilaterally adjourned [D.I. 3948] the hearing on the Motion from June 17, 2009 to the June 24, 2009 omnibus hearing.  Despite having had plenty of opportunity prior to today, the Debtors did not indicate that they intended to present evidence at the first hearing on the Motion (nor apparently sought permission to do so).  To permit the Debtors to do so now, on less than 48 hours notice to all interested parties, would be manifestly unfair.  Less than 48 hours notice, on a matter that is not an emergency, would not permit pre-trial discovery of the Debtors, nor permit the objectors, who are scattered all over the world, to have witnesses to present at the hearing for their affirmative case.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, Barclays respectfully requests that this Court (i) hold that the Notice was filed in violation of Local Bankruptcy Rule 9014-2, (ii) direct that the first hearing on the Motion to be held on June 24, 2009 shall not be an evidentiary hearing, and (iii) and grant such other and further relief as this Court may deem just or proper.

Dated: New York, New York
       June 22, 2009

        Respectfully submitted,

         /s Lindsee P. Granfield
        Lindsee P. Granfield
        Lisa M. Schweitzer
        CLEARY GOTTLIEB STEEN & HAMILTON LLP
        One Liberty Plaza
        New York, New York 10006
        Telephone: (212) 225-2000
        Facsimile: (212) 225-3999

        *Attorneys for Barclays Capital Inc., Barclays Bank PLC and their affiliates*