Hearing Date and Time: June 24, 2009 at 10:00 a.m. (Prevailing Eastern Time)

James B. Kobak, Jr.
Sarah L. Cave
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Case No. 08-13555 (JMP)<br>(Jointly Administered) |

**TRUSTEE'S STATEMENT REGARDING MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 2004 <u>AUTHORIZING DISCOVERY FROM BARCLAYS CAPITAL INC.</u>**

James W. Giddens, as Trustee for the liquidation of Lehman Brothers Inc. ("LBI") under the Securities Investor Protection Act of 1970 (the "Trustee"), by and through his undersigned counsel, respectfully submits this statement regarding the motion of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors") for an order pursuant to Fed. R. Bankr. P. 2004, authorizing discovery from Barclays Capital Inc. ("Barclays") (the "Motion," Docket No. 3596). This limited statement seeks to secure the Trustee's ability to obtain a copy of any documentary discovery produced by Barclays and participate as appropriate in any depositions of Barclays' personnel in the event that the Motion is granted.

BACKGROUND

1. On September 16, 2008, certain of the Debtors, LBI, and Barclays entered into an Asset Purchase Agreement (as amended and clarified from time to time, the "Purchase Agreement").

2. On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch, Judge of the United States District Court for the Southern District of New York, entered the Order Commencing Liquidation (the "LBI Liquidation Order") pursuant to the provisions of the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.* in the case captioned *Securities Investor Protection Corp. v. Lehman Brothers Inc.*, Case No. 08-CIV-8119 (GEL) (the "SIPA Proceeding"). The LBI Liquidation Order, *inter alia*: (i) appointed James W. Giddens Trustee for the liquidation of the business of the Debtor pursuant to SIPA § 78eee(b)(3); and (ii) removed the SIPA Proceeding to this Court pursuant to SIPA § 78eee(b)(4).

3. On September 20, 2008, the Court entered an order approving the Purchase Agreement and the various transactions contemplated therein, including the sale to Barclays of certain LBI assets (the "Barclays Sale," LBHI Docket No. 258). On September 20, 2008, the Court entered a concurrent Order Approving, and Incorporating by Reference for the Purposes of this Proceeding, an Order Authorizing the Sale of Purchase Assets and other Relief in the Lehman Brothers Holdings Inc. Chapter 11 Proceedings (LBI Docket No. 3) thereby authorizing the Trustee to consummate the Barclays Sale on behalf of LBI pursuant to the Purchase Agreement.

4. Pursuant to the strong legal and public interest mandate to transfer customer accounts to the extent practicable, and working in cooperation with the Securities Investor Protection Corporation, former LBI personnel, the Securities and Exchange Commission, the Commodity Futures Trading Commission, the Federal Reserve Bank of New

York, and the Depository Trust Clearing Corporation, the Trustee has effected the transfer of over 110,000 LBI customer securities accounts to Barclays and other financial institutions. In addition, the Trustee mailed over 900,000 claim forms to potential customer and creditor claimants. The filing deadline for all customers wishing to receive the full protection available under SIPA expired on January 30, 2009, and the final bar date for filing all claims, both potential customer claims as well as general creditor claims, expired on June 1, 2009. The Trustee received claims on behalf of over 93,000 potential claimants by the June 1st deadline.

5. In addition, the Trustee has the specific and important duty to conduct an investigation concerning "the acts, conduct, property, liabilities, and financial condition of [LBI], the operation of its business, and any other matter, to the extent relevant to the liquidation proceeding." 15 U.S.C. §78fff-1(d). To that end, the Trustee obtained permission of the Court by Order dated January 15, 2009 to issue subpoenas in furtherance of this duty (*see* LBI Docket No. 561), and since then has been actively engaged in pursuing numerous avenues of investigation. The Trustee has sought, as practicable and appropriate, to coordinate his investigative efforts with, among others, the Examiner appointed in the LBHI case and wherever possible has sought third parties' voluntary cooperation with his requests for documentary and deposition discovery.

STATEMENT

6. Among the parties from whom the Trustee has sought voluntary cooperation with his discovery requests is Barclays, particularly with respect to information related to the Purchase Agreement. Although the Trustee's and Barclays' counsel have exchanged a series of written communications and engaged in discussions, both in person and by telephone, the information that Barclays has actually provided to date in response to the Trustee's requests has been limited. The discussions have focused in part on Barclays' various

3

demands for property based on its interpretation of the Purchase Agreement and the Clarification Letter dated as of September 20, 2008. Barclays' demands include claims to items in LBI's former 15c3-3 account and clearing funds and other deposits at exchanges or clearing agencies that will be needed to satisfy claims of LBI customers. (*See* Trustee's First Interim Report for the Period September 19, 2008 Through May 29, 2009, ¶ 81; LBI Docket 1151 (the "Trustee's First Interim Report").)

7.  In addition to efforts to solicit voluntary cooperation from Barclays, in the course of the Trustee's ongoing efforts to effect the liquidation of LBI, administer the LBI Estate, and otherwise perform his obligations under SIPA, the Trustee has entered into a data access agreement with Barclays to facilitate access to data that belongs (or previously belonged) to LBI and, following the closing of the Barclays Sale, is now maintained in Barclays' data systems. In large part, the Trustee must rely on (and pay) Barclays for basic information and access to LBI's own books and records, without which he could not conduct the claims process and administer the LBI Estate. He has avoided extensive document requests of Barclays until such time as the parties have resolved (or determined that they cannot resolve) their pending disputes and completed transfers of customer property and other necessary transitional steps, at which time the Trustee will presumably be less dependent on cooperation by Barclays in the performance of his duties.

8.  The information sought in the Motion is of interest to matters the Trustee is investigating, including those involving Barclays but also including matters relating to other parties or matters that will be the subject of the Trustee's reporting. Whether or not any of the conduct or events that the Motion seeks to investigate is actionable, information related to the parties' expectations and information at the time of the Purchase Agreement, the actual

4

implementation of that agreement and its effects on LBI's customers and others are unquestionably appropriate matters for the Trustee's investigation. The Trustee explicitly reserved his rights to investigate such matters when agreeing with Barclays to a settlement in December 2008 to correct the transfer of property in the unwinding of the repurchase agreement with the Federal Reserve Bank of New York. (Trustee's Motion Under 11 U.S.C. §§ 105 And 363 And Fed. R. Bankr. P. 9019(a) For Entry Of An Order Approving Settlement Agreement; LBI Docket 387; *see* Trustee's First Interim Report ¶ 76 & n.7.)

9.  The Court has noted that examining whether mistakes may have been made in implementing some features of the Barclays Sale in the extraordinary circumstances that surrounded it is an appropriate subject for investigation so long as unnecessary duplication is avoided.[1] Accordingly, in furtherance of the Trustee's efforts to obtain information on that subject, the Trustee respectfully requests that any order approving the Motion provide that the Trustee has the right to (1) obtain copies of and/or access to any document production made by Barclays, and (2) participate as appropriate in any interviews or depositions of Barclays personnel. This access will advance the Trustee's execution of his investigatory and reporting responsibilities in a manner that most efficiently deploys the Trustee's resources and minimizes any burden or duplication that Barclays may claim from compliance with this Court's orders and the Trustee's requests. Access would be premised on the Trustee's agreement not to serve Barclays with duplicative requests but without prejudice to the Trustee's right to seek other, non-duplicative information from Barclays when appropriate.

---

1.  For example, this Court "adopt[ed]" the term "sunshine" in reference to the advantages of a review of the "massive" Barclays Sale and noted that, "'transparency' … represents perhaps the most singularly important feature of ongoing case stability which is confidence and trust that the information that we all assume to be true in fact is true." (Transcript of January 14, 2009, at 146-47.)

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that, to the extent that the Motion is granted, the Court order that the Trustee shall be entitled to (1) receive and/or have access to all documentary discovery produced by Barclays; and (2) participate in any interview or deposition of Barclays personnel as appropriate.

Dated:  New York, New York
        June 22, 2009

    HUGHES HUBBARD & REED LLP

    By:  /s/ James B. Kobak, Jr.
        James B. Kobak, Jr.
        Sarah L. Cave
        One Battery Park Plaza
        New York, New York 10004
        Telephone:  (212) 837-6000
        Facsimile:  (212) 422-4726
        Email:  kobak@hugheshubbard.com

        Attorneys for James W. Giddens,
        Trustee for the SIPA Liquidation of
        Lehman Brothers Inc.