**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re: : Chapter 11
: 
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : Case No. 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------x

## SUPPLEMENTAL DECLARATION OF ROBERT W. GAFFEY IN SUPPORT OF DEBTOR'S MOTION FOR AN ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING DISCOVERY FROM BARCLAYS CAPITAL, INC.

I, ROBERT W. GAFFEY, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a partner in the law firm of Jones Day, Special Counsel to movant Lehman Brothers Holdings, Inc. ("LBHI") in the above-captioned proceeding. On June 22, 2008, I submitted a declaration as Exhibit 16 to the Debtor's Reply In Further Support Of Its Motion For An Order, Pursuant To Federal Bankruptcy Procedure 2004, Authorizing Discovery From Barclays Capital, Inc.

2. In my declaration, I stated that I had written to Barclays' counsel on June 16, 2009, but that I had not received a response. (Gaffey Decl. at ¶ 11)

3. While the Debtor's reply papers were in the process of being electronically filed, I read a response from Barclays' counsel that I received on June 22, 2009, attached as Exhibit A.

2
Dated: June 2̶2̶, 2009
New York, New York

_____
ROBERT W. GAFFEY

NYI-4194860v1

# EXHIBIT A

**BOIES,   SCHILLER   &   FLEXNER   LLP**

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

June 22, 2009

BY E-MAIL

Robert W. Gaffey
Jones Day
222 East 41st Street
New York, NY 10017-6702

       *In re Lehman Brothers Holdings Inc., et al., Case No. 08-13555 (JMP)*

Dear Bob:

    I am writing in response to your June 16, 2009 letter.

    First, before any document production can commence, we obviously need to resolve the issue of an appropriate confidentiality stipulation. As I told you in mid-May, when we last spoke, I was at the time in the process of drafting and reviewing with our client a proposed confidentiality stipulation to cover any documents we would provide to you. That was before you terminated our discussions by filing the pending motion. The draft we were preparing was patterned on the stipulation entered into between Barclays and the Examiner, because we contemplated the possibility of producing to LBHI material that Barclays produced to the Examiner (subject to the Examiner's consent). The draft you sent appears to be materially different from the stipulation entered into between Barclays and the Examiner. Enclosed is a draft that we consider more appropriate.

    Assuming we can agree upon a confidentiality stipulation, Barclays is willing to agree upon an appropriate production in accordance with the representations set forth in our objection to LBHI's Rule 2004 motion. However, it should be made very clear that, as set forth in our objection, Barclays believes there is no basis for any of your requested discovery. Barclays nonetheless offered to produce certain categories of information. We consider that to be more than reasonable given the meritless nature of the claims you purport to be investigating. Barclays made that offer as a part of its request that the Court resolve the LBHI motion in its entirety, by denying the motion. Barclays did not intend to make a limited voluntary production and then face all your remaining demands. That bears emphasis because we do not see anything in your letter that suggests any genuine proposal to "narrow the issues" to be presented to Judge Peck on June 24.

BOIES, SCHILLER & FLEXNER LLP

Robert W. Gaffey
June 22, 2009
Page 2 of 2

      Finally, when we met on May 8, 2009, I asked whether LBHI would produce to Barclays the information it had collected concerning the matters covered by your document demands. You indicated that you would not make such a reciprocal production because you considered that collection to be "work product." Please let me know before the June 24 hearing whether LBHI is willing to reconsider its refusal to make a reciprocal production.

                                        Very truly yours,

                                        Jack G. Stern

JGS:ck