**EXHIBIT D**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                        :
IN RE: EPHEDRA PRODUCTS LIABILITY LITIGATION   :   04 M.D. 1598 (JSR)
                                                        :
                                                        :
--------------------------------------------------------------------X
PERTAINS TO ALL CASES

### CASE MANAGEMENT ORDER NO. 1

JED S. RAKOFF, U.S.D.J.

I.     **INTRODUCTION**

Prior the creation of the above-captioned multi-district proceeding, there had
already been transferred to this Court, pursuant to 28 U.S.C. § 157(b)(5), approximately
65 civil actions making ephedra-related personal injury and wrongful death claims
against bankruptcy debtors TL Administration Corp. (f/k/a Twinlab Corporation) and TL
Administration Inc. (f/k/a Twin Laboratories Inc.) (collectively, "TL"). These cases,
which are before the Court for all purposes, including trial, are hereinafter referred to as
the "Twinlabs cases." At an initial case management conference in these cases held on
March 1, 2004, the Court directed the parties to submit an agreed upon Case Management
Order that would have these cases trial-ready by April, 2005. Thereafter, on April 13,
2004, the Judicial Panel on Multidistrict Litigation transferred 14 ephedra products
liability cases (the "MDL cases") to this Court, noting that some 200 more ephedra cases
were likely to be transferred here under 28 U.S.C. § 1407 (the "Tag-along cases"). By
Order dated April 19, 2004, the Court consolidated the Twinlabs and MDL cases for all
pre-trial purposes under the above caption.

On April 21, 2004, the parties to the Twinlabs cases submitted a 31-page draft
Case Management Order No.1, which reflected their agreement on most points and
disagreements chiefly about pretrial procedure for experts and for claiming privileges.
The draft also sought to take account of the MDL transfer and consolidation, subject,
however, to modification after counsel in the MDL cases are heard from in a conference
now scheduled for May 13, 2004. After review and consideration of the parties' draft, the
Court hereby substantially (although not entirely) adopts the points agreed to by the
parties, resolves the disagreements among them, and hereby propounds the following
case management order:

## II.    GENERAL PROVISIONS

### A.  Scope

This Order applies to all pretrial proceedings in the Twinlabs cases (including any
future cases against TL transferred pursuant to 28 U.S.C. § 157(b)(5), hereinafter the
"Subsequent Cases")), the MDL cases, and the Tag-along cases.

### B.  Special Master

By Order dated March 4, 2004, the Court appointed James Niss, Esq., as Special
Master to help coordinate and oversee pretrial proceedings in the Twinlabs Cases
(including any Subsequent Cases). In this capacity, Mr. Niss functions in effect as an
arm of the Court, and accordingly the Court will engage in such ex parte conversations
with the Special Master as the Court finds useful.  See transcript, 3/1/04 (all parties
consenting to this procedure). By Order dated April 19, 2004, the Court extended the
Special Master's duties to the MDL Cases (including any Tag-along Cases). While all his
fees prior to that date will be paid, at least initially, as an administrative expense of the

2

TL bankruptcy, the Court expects to allocate a portion of his fees subsequent to that date to the parties in the MDL cases, such reallocation to be resolved at the hearing on May 13, 2004.

The Court hereby refers all applications relating to discovery or extensions of time to the Special Master for initial rulings thereon. Such applications shall be submitted by e-mail to the Special Master with copies to all interested parties. Any affected party may ask the Court to review any such ruling of the Special Master by arranging a conference call with the Court and all interested parties as provided in Judge Rakoff's Individual Practices, provided that such conference call is initiated (or attempted to be initiated, see Judge Rakoff's Individual Practices, Rule 2) within two business days following the date of the Special Master's email ruling from which review is sought. Failure to convene (or attempt to convene) such a conference within said period of two business days constitutes a waiver of any and all objections to the applicable ruling of the Special Master. The Court's review of the Special Master's rulings will be de novo, but the Court expects that counsel will exercise professional restraint in deciding whether or not to seek review of the Special Master's rulings.

For non-substantive administrative matters, a party may contact the Special Master by e-mail without copying other parties. If the Special Master believes other parties to be interested in the communication, he shall send the parties potentially interested a copy of his answer together with a copy of the original communication.

3

## C. Plaintiffs' Coordinating Counsel

By Order dated March 4, 2004, the Court directed counsel for any plaintiff objecting to the designation of certain attorneys as coordinating counsel for plaintiffs, or seeking to be included in such group, to submit written position papers to the Court by no later than March 8, 2004. Having considered the written submissions (including an ex-parte submission made, with the permission of the Court, in which a prior objection to the designation of these attorneys was withdrawn), the Court designates the following counsel as Plaintiffs' Coordinating Counsel:

Anne Andrews, Esq.
Andrews & Thornton
820 N. Parton Street, Second Floor
Santa Ana, CA 92701
714-565-7555
aa@andrewsthornton.com

Edward F. Blizzard, Esq.
Blizzard, McCarthy & Nabers LLP
440 Louisiana Street, Suite 1710
Houston, TX 77002
713-844-3750
eblizzard@blizzardlaw.com

Paul Rheingold, Esq.
Rheingold, Valet, Rheingold
Shkolnik McCartney LLP
113 East 37th Street
New York, New York 10016
212-684-1880
prheingold@rheingoldlaw.com

Christopher A. Seeger, Esq.
Seeger Weiss LLP
One William Street
New York, New York 10004
212-584-0700
cseeger@seegerweiss.com

4

Upon suggestion of the Plaintiffs' Coordinating Counsel, the Court designates Mr. Seeger

as Plaintiffs' Liaison Counsel. Among the duties of the Plaintiffs' Liaison Counsel and

the Defendants' Liaison counsel (see infra) will be to make themselves available for any

telephone conferences convened by the Court and to communicate the substance of any

such telephone conference to all other affected counsel on their respective sides of the

case.

Any plaintiffs' counsel in the MDL cases desiring to become part of the group

serving as Plaintiffs' Coordinating Counsel shall submit to the Court and serve upon all

parties a written application for his/her appointment within seven days after entry of this

Order or, for plaintiffs' counsel in any Tag-along cases, within seven days after receiving

notice of the order of transfer of the Tag-along action to this Court. Any objections to the

application shall be filed and served upon all parties within four days after service of the

application.

Plaintiffs' Coordinating Counsel shall be generally responsible for coordinating

the activities of plaintiffs during pretrial proceedings and shall

(1)     Determine (after consultation with other co-counsel as may be
        appropriate) and present (in briefs, oral argument, or such other fashion as
        may be appropriate, personally or by a designee) to the Court and
        opposing parties the position of the plaintiffs on all matters arising during
        pretrial proceedings;

(2)     Coordinate the initiation and conduct of discovery on behalf of plaintiffs
        consistent with the requirements of Fed. R. Civ. P. 26(b)(1) and (2), and
        (g), including the preparation of joint interrogatories and requests for
        production of documents and the examination of witnesses in depositions;

(3)     Conduct settlement negotiations on behalf of plaintiffs without entering
        binding agreements except to the extent expressly authorized, provided
        that nothing in this Order shall prohibit individual counsel from

5

conducting separate settlement negotiations for those cases in which such counsel represents a particular plaintiff;

(4)   Delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

(5)   Enter into stipulations with opposing counsel necessary for the conduct of the litigation, except that any stipulation regarding an individual action must be agreed to by the plaintiff's counsel in that action;

(6)   Perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the Court;

(7)   Keep the Clerk's office informed by e-mail of any change in the name or address (including e-mail address) of the counsel of record for any plaintiff, and inform new plaintiffs' attorneys of their obligation to register for ECF as provided in ¶ 3 of the 4/19/04 Order;

(8)   Receive and, as appropriate, distribute to co-counsel communications from the Court or Special Master and documents from opposing and other counsel that are not filed or to be filed with the Court; and

(9)   Maintain and make available to co-counsel at reasonable hours a complete file of all documents served or produced by, upon or to each party except those documents that are available to all parties in the Court docket.

Counsel for plaintiffs who disagree with a position taken by Plaintiffs' Coordinating Counsel (or by those acting on behalf of Plaintiffs' Coordinating Counsel), or who have individual or divergent positions, may present written or oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their client(s) as appropriate, provided that in doing so their actions comport with the Federal Rules of Civil Procedure and orders of this Court, and that they do not repeat arguments, questions, or actions of Plaintiffs' Coordinating Counsel.

**D.    Defendants' Coordinating Counsel**

The Court designates the following counsel as Defendants' Coordinating Counsel:

6

Robert M. Hirsh, Esq.
Duane Morris, LLP
380 Lexington Avenue
New York, New York 10168
PH:    (212) 692-1035
FAX:  (212) 692-1020

Rex A. Littrell, Esq.
Ulmer & Berne LLP
88 East Broad Street, Suite 1600
Columbus, Ohio 43215
PH:    (614) 229-0012
FAX:  (614) 229-0013

Peter C. Neger, Esq.
Bingham McCutchen
399 Park Avenue
New York, New York 10022-4689
212-705-7226
peter.neger@bingham.com

Joseph P. Thomas, Esq.
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
PH:    (513) 698-5000
FAX:  (513) 698-5001

The Court also designates Mr. Littrell as Defendants' Liaison Counsel, with the same duties as Plaintiffs' Liaison Counsel (see supra).

Any defendants' counsel in the MDL cases desiring to act as Defendants' Coordinating Counsel shall submit to the Court and serve upon all parties a written application for his/her appointment within seven days after entry of this Order or, for counsel in any Tag-along cases, within seven days after receiving notice of the order of transfer of the Tag-along action to this Court. Any objections to the application shall be filed and served upon all parties within four days after service of the application.

7

Defendants' Coordinating Counsel shall be generally responsible for coordinating

the activities of the Defendants during pretrial proceedings and shall:

(1)     Determine (after consultation with other co-counsel as may be
        appropriate) and present (in briefs, oral argument, or such other fashion as
        may be appropriate, personally or by a designee) to the Court and
        opposing parties the position of the defendants on all matters arising
        during pretrial proceedings;

(2)     Coordinate the initiation and conduct of discovery on behalf of the
        defendants consistent with the requirements of Fed. R. Civ. P. 26(b)(1)
        and (2), and (g), including the preparation of joint interrogatories and
        requests for production of documents and the examination of witnesses in
        depositions;

(3)     Conduct settlement negotiations on behalf of the defendants, without
        entering binding agreements except to the extent expressly authorized,
        provided that nothing in this Order shall prohibit individual counsel from
        conducting separate settlement negotiations for any case in which such
        counsel represents a particular defendant;

(4)     Delegate specific tasks to other counsel in a manner to ensure that pretrial
        preparation for the defendants is conducted effectively, efficiently, and
        economically;

(5)     Enter into stipulations with opposing counsel necessary for the conduct of
        the litigation, except that any stipulation regarding an individual action
        must be agreed to by each defendant's counsel in that action;

(6)     Perform such other duties as may be incidental to proper coordination of
        the defendants' pretrial activities or authorized by further order of the
        Court;

(7)     Keep the Clerk's office informed by e-mail of any change in the name or
        address (including e-mail address) of the counsel of record for any
        defendant, and inform new defendants' attorneys of their obligation to
        register for ECF as provided in ¶ 3 of the 4/19/04 Order;

(8)     Receive and, as appropriate, distribute to co-counsel communications from
        the Court or Special Master and documents from opposing and other
        counsel that are not to be filed with the Court; and

(9)     Maintain and make available to co-counsel at reasonable hours a complete
        file of all documents served or produced by, upon or to each party except
        those documents that are available to all parties in the Court docket.

8

Counsel for defendants who disagree with a position taken by Defendants'
Coordinating Counsel (or those acting on behalf of Defendants' Coordinating Counsel),
or who have individual or divergent positions, may present written or oral arguments,
conduct examinations of deponents, and otherwise act separately on behalf of their
client(s) as appropriate, provided that in doing so their actions comport with the Federal
Rules of Civil Procedure and orders of this Court, and that they do not repeat arguments,
questions, or actions of Defendants' Coordinating Counsel.

### E.    Privileges Preserved

No communication made solely among plaintiffs' counsel or made solely among
defendants' counsel shall be taken as a waiver of any privilege or protection to which a
given plaintiff or a given defendant would otherwise be entitled.

## III.   STATUS CONFERENCES, ECF, COURT NOTICES

### A.    Status Conferences

The next status conference shall be held on May 13, 2004, at 3 p.m. in Courtroom
14-B, 500 Pearl Street, New York, NY. Thereafter, status conferences shall be held in
the same courtroom at 4:30 p.m. on the first Thursday of every month except August. If
any counsel of record does not attend the status conference, the Court will assume that
attending counsel of the applicable Coordinating Committee is authorized to speak on
such non-attending counsel's behalf for all purposes.

### B.    Electronic Case Filing (ECF)

As provided in the Order of April 19, 2004, all motions and other papers required
to be filed with the Court shall be filed electronically on the Court's ECF system, and all
counsel of record must register for ECF by following the instructions at

9

http://www.nysd.uscourts.gov/cmecf/cmecfattyreg.htm. Counsel in Tag-along cases are directed to register immediately upon notice of the transfer.

All papers filed shall be filed under both the master docket number 04 M.D. 1598 and the docket number for each individual case to which they pertain.

### C.    Notice to Parties by the Court

Notice by the Court to Plaintiffs' Coordinating Counsel and Defendants' Coordinating Counsel of any matter, ruling, order, schedule, or court hearing relating to all actions shall operate as notice to all parties in these coordinated proceedings.

## IV.    MOTIONS, CASE CAPTIONS, SERVICE, COMMUNICATIONS WITH COURT

### A.    Motions

Notwithstanding the notice-of-motion procedure set forth in Rule 2(d) of Judge Rakoff's Individual Practices (which otherwise govern), motions -- other than any motion pursuant to Fed. R. Civ. P. 26-37. and any request for extension of time, both of which are governed by the Special Master provisions supra -- may be filed on the ECF system without seeking prior permission. Counsel shall arrange among themselves to deliver to the Court a complete set of courtesy copies on the day when the last paper is filed. Except as otherwise provided infra for "Daubert" and summary judgment motions, the motion briefing schedule set forth in Local Civil Rule 6.1(b) shall apply and oral argument on any motion shall be heard at the next monthly status conference that occurs at least seven days following the completion of briefing.

### B.    Case Captions

All papers filed with the Court shall have the following caption:

UNITED STATES DISTRICT COURT

10

SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X
                                                        :
IN RE: EPHEDRA PRODUCTS LIABILITY LITIGATION  :    04 M.D. 1598 (JSR)
                                                        :
                                                        :
--------------------------------------------------------------------X

If the papers pertain to the cases generally, the papers shall bear the notation

"PERTAINS TO ALL CASES" directly below the caption box. If the papers pertain to

some but not all of the cases, or have special applicability to particular cases, all papers

must be filed electronically under both 04 M.D. 1598 (JSR) and the individual case

number(s) to which they specially pertain. In such a case, in place of or in addition to the

words "PERTAINS TO ALL CASES," the caption shall read: "[ALSO] PERTAINS TO

_____ Civ. _____," giving the docket numbers of the individual case(s).

## VI.    PARTIAL WITHDRAWAL OF THE REFERENCE OF EPHEDRA PERSONAL INJURY CLAIMS IN THE BANKRUPTCY AND THE FILING OF NEW LAWSUITS AGAINST TWINLABS

A.    The "TL Non-Plaintiff Claims" refers to ephedra-related personal-injury

and wrongful-death claims timely filed in the Chapter 11 cases entitled *In re TL

Administration Corporation, et al. (f/k/a Twinlab Corporation, et al.)*, Case No. 03-15564

(Bankr. S.D.N.Y.) (CB) (Jointly Administered) for which the claimant is not presently a

plaintiff before this Court. The Court has previously withdrawn the underlying reference

of the Chapter 11 proceedings to the extent necessary to avoid interference with the

expeditious conduct and trial of the TL consolidated cases presently before this Court

(the "TL Plaintiff Claims"). See Order, 3/4/04. Additionally, the Court now withdraws

the underlying reference of the Chapter 11 proceedings with respect to the TL Non-

Plaintiff Claims to the extent necessary to avoid any interference with the implementation

11

of this Case Management Order or any proceedings arising therefrom. To this end, the Court hereby orders the transfer of the TL Non-Plaintiff Claims to this Court for the limited purpose of implementing the claim-determination procedures set forth infra.

     B.    Debtors' counsel shall serve, by first class mail, upon each TL Non-Plaintiff Claimant a written notice of said claimant's obligations and time deadlines thereunder (as described infra) within 7 days after approval by the Court of the Fact Sheet described in ¶ IX.A. below. The service of such notice shall be without prejudice to the rights of Debtors to object to any claim for any reason, including, without limitation, the untimely filing of a claim.

     C.    Any TL Non-Plaintiff Claimant intending to prosecute a transferred claim shall convert it into a civil action by filing a complaint to which is appended a verified Fact Sheet (as provided in Section IX infra) within 60 days from the mailing of the notice provided in ¶ B supra. Any TL Non-Plaintiff Claim which is not so converted within the prescribed or extended time shall be deemed waived and treated as expunged, invalid and/or disallowed. Claimants filing a complaint shall pay the filing fee for commencing a civil action. TL and the defendants bound by actions of the Defendants' Coordinating Counsel, by having joined in the request for mandatory conversion as provided in this paragraph, are deemed to have waived service of the summons that would otherwise be required by Rule 4 Fed. R. Civ. P.

     D.    Until otherwise directed by this Court, TL and other Defendants shall take no action to respond to a complaint for a converted case or otherwise defend the action, except as necessary to review the information provided to provide insurance carriers notice of and information regarding the action. A plaintiff in a converted case may ask

12

the Special Master to classify it as a "pre-2002 case." Such application must be made by

e-mail, with supporting attachments, sent on or before the date for filing the complaint.

Upon such classification by the Special Master, the first sentence of this paragraph shall

not apply to that case, and ¶ VII.B. below shall apply.

     E.    Plaintiffs' Coordinating Counsel shall present a tally and qualitative

summary of the converted cases at the status conference to be held in July, 2004.

## VII.  TEMPORARY STAY OF CERTAIN PENDING ACTIONS

### A.  2002-2004 Cases

A list of the Twinlabs cases which raise claims made in the TL insurance policy

years 2002, 2003, and 2004 for occurrences in 2001, 2002, 2003, and 2004 and claims for

which coverage has been denied (the "2002-2004 Cases") is attached hereto as Exhibit A.

In accordance with the parties' request, the Court hereby temporarily stays discovery

with respect to, and the obligation of TL and any co-defendants to defend, the 2002-2004

cases. Instead, they shall proceed as follows:

    (1)    Each plaintiff in the 2002-2004 Cases shall serve a Fact Sheet in

accordance with Section IX of this Order within 45 days from the date on which the Fact

Sheet Form is approved by the Court. However, this subparagraph does not apply to the

converted cases described in Section VI, supra (the "Converted Cases"), wherein Fact

Sheets must be served with the complaint pursuant to paragraph VI.C. supra.)

    (2)    TL and all other relevant defendants shall take no further action to

defend the 2002-2004 Cases until after the July 2004 status conference, at which the

parties shall advise the Court of the status of the 2002-2004 Cases and the parties'

respective positions regarding a possible extension of this stay of defense.

(3)     All relevant parties, including the Official Committee of Ephedra

Claimants and the General Creditors' Committee in the Chapter 11 proceedings, shall

confer and negotiate in good faith, with the assistance of the Honorable Cornelius

Blackshear, United States Bankruptcy Judge, Southern District of New York, to devise

alternative claims disposition procedures for (i) the 2002-2004 Cases and (ii) such

Converted Cases as the parties reasonably believe should be included in the 2002-2004

Cases. The parties shall report to Judge Blackshear regarding their efforts by no later

than ten days after entry of this Order.

**B.     Pre-2002 Cases**

All Pre-2002 Cases shall conduct discovery and other pretrial proceedings on the

schedule set forth in this Case Management Order No. 1 and subsequent orders of the

Court.

**C.     Subsequent Cases**

Within 14 days of the filing date in this Court (the "Filing Date") of any

Subsequent Case (as defined supra), transferred after entry of this Order, Plaintiffs'

Coordinating Counsel and Defendants' Coordinating Counsel shall advise the Special

Master by e-mail whether such action shall be included in the 2002-2004 Cases or the

Pre-2002 Cases. If the Special Master determines that the transferred action should be

included in the 2002-2004 Cases, the action shall be handled in accordance with

Paragraph VII.A.

**VIII.  JOINDER OF PARTIES, AMENDMENT OF PLEADINGS, RULE 12
MOTIONS, ANSWERS, PENDING MOTIONS, AND MOTIONS REGARDING
GENERAL EVIDENTIARY ISSUES**

**A.     Joinder of Parties**

14

Joinder of parties in all actions must be accomplished within 30 days after the date of this Order (for pending cases), or after the Filing Date (for Subsequent Cases), or after notice of transfer (for Tag-along cases).

B.    **Amendment of Pleadings**

Amended pleadings may be filed without leave of Court within 30 days after (1) the date of this Order (for pending cases), (2) the Filing Date (for Subsequent Cases), or (3) notice of transfer (for Tag-along cases). If the pleading adds or removes any party, there shall be appended thereto a list of the parties added and removed for each action affected. If the pleading adds a party that is not named in any of the consolidated cases, there shall be appended to the pleading a separate list of such newly named parties.

C.    **Rule 12 Motions**

Motions under Fed. R. Civ. P. 12 may be filed within 30 days after (1) the date of this Order (for pending cases), (2) the Filing Date (for Subsequent Cases), or (3) notice of transfer (for Tag-along cases).

D.    **Answers**

Each defendant who has been served a complaint but has not yet answered shall answer or move under Rule 12 within 30 days after (1) the date of this Order (for pending cases), (2) the Filing Date (for Subsequent Cases), or (3) notice of transfer (for Tag-along cases).

### E.  Pending Motions

No later than May 13, 2004, i.e., the date of the next status conference, the parties

in each individual case must advise the Court in writing of any pending motions filed in

the transferor court that require decision by this Court. In the written submission, the

parties must advise the Court if the pending motions require revised briefing under the

Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable

federal law.

### IX.  NON-EXPERT DISCOVERY PROVIDED BY PLAINTIFFS

A.     On or before April 30, 2004, Plaintiffs' Coordinating Counsel and

Defendants Coordinating Counsel shall present to the Court for approval a form Fact

Sheet and Authorization for Release of Medical Records ("Fact Sheet") suitable for use

in all ephedra cases. The Fact Sheet shall include a form medical authorization in

compliance with the Health Insurance Portability and Accountability Act. The final form

of the Fact Sheet shall be determined by the Court.

B.     Except as set forth in subsection (4) below, each plaintiff shall provide

verified answers to the Fact Sheet and an executed medical authorization within 45 days

after approval of the Fact Sheet (for pending cases), or after the Filing Date (for

Subsequent Cases), or after notice of transfer (for Tag-along cases).

C.     Except as provided in Section VI for the Converted Cases and Section VII

for the 2002-2004 Cases, each plaintiff shall produce the documents requested by the

Fact Sheet within 60 days after approval of the Fact Sheet (for pending cases), or 30 days

after the Filing Date (for Subsequent Cases), or 30 days after notice of transfer (for Tag-

along cases).

16

D.    If a plaintiff has provided sworn answers to prior interrogatories responding to all information requested in the Fact Sheet, that plaintiff shall not be required to provide answers to the Fact Sheet. If a plaintiff has provided sworn responses to prior interrogatories responding to some, but not all information requested in the Fact Sheet, that plaintiff shall answer those portions of the Fact Sheet for which no prior interrogatory response has been provided.

E.    A plaintiff's responses to the Fact Sheet shall conform to the standards applicable to interrogatory answers under Fed. R. Civ. P. 33 and production of documents responses under Fed. R. Civ. P. 34. Each plaintiff shall remain bound by the supplementation duties imposed by Fed.R.Civ.P. 26(e). The questions contained in the Fact Sheet shall not be limited by the restrictions of S.D.N.Y. Local Civil Rule 33.3(a).

## X.    NON-EXPERT DISCOVERY PROVIDED BY DEFENDANTS

A.    On or before May 20, 2004, Plaintiffs' Coordinating Counsel and Defendants' Coordinating Counsel shall serve and file a proposed Master Set of Requests for Production of Documents and Interrogatories (the "Master Discovery") in a form suitable for all ephedra cases. (The limitations imposed by the S.D.N.Y. Local Rule 33.3(a) on the scope of initial interrogatories shall not here apply.) Plaintiffs' Coordinating Counsel and Defendants' Coordinating Counsel shall meet and confer regarding (a) the possibility of utilizing prior document production requests from the transferred actions to serve in whole or in part as document production requests in the Master Discovery, and (b) the possibility of utilizing prior document productions from the transferred actions to serve as responses to the document production requests in the Master Discovery. Parties to whom the proposed Master Discovery is propounded may

17

serve and file objections within five business days after service of the proposed requests.
After reviewing the proposal and any objections thereto, the Court shall order the final
form of Master Discovery.

B.    Defendants in the cases now before this Court shall produce documents
responsive to the Master Discovery within 60 days after entry of the order approving the
Master Discovery; defendants in Subsequent and Tag-along cases shall produce
documents within 90 days after entry unless they apply for an extension of time to the
Special Master within 30 days after the Filing Date or notice of transfer and such
extension is granted for good cause shown.   On the date for producing documents, the
producing parties shall provide the information specified in Local Civil Rule 26.2 (the
"privilege log") for each document withheld because of a claim of privilege. Objections
to privileges are waived unless the objecting party requests a ruling by the Special Master
within ten days after the information specified in Local Civil Rule 26.2 is provided in
writing by the party claiming the privilege.

## XI.    THIRD-PARTY DOCUMENT DISCOVERY

### A.    Plaintiffs' Medical Records

Prior to using any medical authorization furnished by a plaintiff as part of that
plaintiff's Fact Sheet submission in order to obtain medical records or other documents
with respect to a plaintiff, the person using such authorization shall provide to the
plaintiff's counsel, or to the plaintiff if unrepresented, the names and addresses of the
persons to whom the authorizations will be addressed. A plaintiff shall have 15 days to
object to the use of such authorization. If such an objection is made, the authorization
shall not be used to request medical records from such medical provider or third person

18

until the objection is resolved by consent or ruling of the Special Master. Upon request
of a plaintiff's counsel and/or a co-defendant's counsel, defendants' counsel shall provide
copies of the records requested to plaintiff's counsel and/or co-defendant's counsel at a
reasonable cost.

**B.    Third Party Document Production Requests**

Subject to the limitations contained in the prior paragraph, any party may request
production of documents by a third party through a subpoena duces tecum. The party
initiating such discovery shall provide, at a reasonable cost, copies of all documents
obtained to any counsel in that action who requests copies of the documents. No such
subpoena may be served fewer than 60 days before the Fact Discovery Completion Date
as provided below.

## XII.    NON-EXPERT DEPOSITIONS, REQUESTS TO ADMIT, EXPEDITED DISCOVERY, DISCOVERY COMPLETION DATE

**A.    Non-Expert Depositions**

(1)    All non-expert depositions must be completed by January 21,
2005, unless, in the case of Subsequent and Tag-along cases, the parties apply for an
extension of time to the Special Master within 30 days after the Filing Date or notice of
transfer and such extension is granted.

(2)    No witness shall be deposed on the same subject more than once.
If a party seeks to take a second deposition of a witness, it shall provide the opposing
party its basis for an exception to the rule along with a list of the subject matters as to
which interrogation is sought.

19

**B.**   **Present and Former Employees of Defendants**

(1)   The defendants shall make available any of their present employees requested by plaintiffs for deposition, subject to the defendants' rights to object to the taking of any particular employee's deposition for good cause shown.

(2)   Plaintiffs shall in good faith take only those depositions of defendants' present and former employees deemed reasonably necessary under the circumstances. Plaintiffs shall coordinate with each other to schedule only one deposition of the same present or former employee of a defendant.

(3)   Defendants shall take reasonable steps to make available requested former employees, to the extent possible. If a defendant is unable, despite its best efforts, to produce a former employee, then the defendant shall provide upon request the former employee's last known address and shall cooperate in any effort to obtain this Court's or another court's assistance to compel the former employee's attendance at deposition. Plaintiffs shall not contact former employees of a defendant without permission of the defendant who employed the former employee.

(4)   Absent consent of the parties or order of this Court, all depositions of former employees of TL shall be conducted in (a) New York City, (b) Long Island, New York, (c) Utah, or (d) the employee's state of residence, to be determined by the preference of the former employee. Absent consent of the parties or ruling by the Special Master, all depositions of former employees of other defendants shall be conducted in the state or country of the given defendant's principal place of business or the former employee's state of residence, to be determined by the preference of the former employee.

20

C.    **Requests for Admission**

Requests for Admission, if any, must be served no later than 30 days before the Fact Discovery Completion Date as provided below.

D.    **Expedited Discovery**

Expedited discovery of a plaintiff and of the plaintiff's health care provider(s), including depositions of the same, may be granted, at the option of the Special Master, where all of the following conditions exist: (a) the plaintiff or a member of the plaintiff's family is terminally ill; (b) there is an urgent need to record and preserve the testimony because of the gravity of the illness; (c) the plaintiff has fully completed and served a Fact Sheet and provided and fully complied with the execution of medical authorizations as required by the Fact Sheet; and (d) defendants have had an opportunity to conduct reasonable informal discovery prior to the taking of the deposition. If necessary, the defendants in an action may conduct expedited discovery of a plaintiff, including the deposition of the plaintiff, before the plaintiff has completed and served a Fact Sheet if the other conditions set forth above are satisfied.

E.    **Fact Discovery Completion Date**

All fact discovery is to be completed within 9 months from the date of this Order (the "Fact Discovery Completion Date") unless, in the case of Subsequent and Tag-along cases, the parties apply for an extension of time to the Special Master within 30 days after filing or notice of transfer, and such extension is granted. Interim deadlines for other items set forth in this Order may be extended by the parties in an individual action on consent, provided the parties are certain they can still meet the discovery completion date set forth in this paragraph, which shall not be extended except upon a showing of

21

extraordinary circumstances. Expert discovery shall take place pursuant to the schedule
set forth in Section XIV below.

## XIII. CONFIDENTIALITY

The Court will enter a confidentiality order based on its standard Protective Order
to protect confidential and competitively sensitive information. By e-mail application to
the Special Master on or before April 30, 2004, the parties may request modifications in
the Court's standard protective order, a copy of which will made available to counsel by
the Special Master.

## XIV. EXPERT DISCOVERY AND "DAUBERT" PROCEEDINGS

### A.    In General

Every party-proponent of a claim (including any counterclaim, cross-claim, or
third-party claim) that intends to offer expert testimony in support of such claim and
every party-opponent that intends to offer expert testimony in opposition to such claim
must make the disclosures required by Fed. R. Civ. P. 26(a)(2) in accordance with the
requirements of this provision. No expert testimony (whether designated as "rebuttal" or
otherwise) will be permitted by other experts or beyond the scope of the opinions covered
by the aforesaid disclosures except upon prior express permission of the Court,
application for which must be made no later than 10 days after the date for disclosure of
expert witnesses by party-opponents as set forth infra. All experts may be deposed, but
such depositions must occur within the time limit for depositions set forth infra.

### B.    Generic Expert Witnesses

(1)    On or before June 18, 2004, Plaintiffs' Coordinating Counsel shall
identify, in a document served on all parties, generic expert witnesses who are reasonably

expected to testify for the plaintiffs on issues of general or widespread applicability ("Generic Experts"), including, but not limited to, experts who will testify on general causation. The plaintiffs may identify up to three Generic Experts with respect to each of the following categories of injuries: (a) ischemic stroke, (b) hemorrhagic stroke, (c) seizures, (d) cardiac injury, (e) psychotic injury, and (f) primary pulmonary hypertension. For each Generic Expert so identified, Plaintiffs' Coordinating Counsel, on behalf of all plaintiffs, shall serve upon all parties the disclosures required by Fed. R. Civ. P. 26(a)(2), except that such disclosures need not include such testimony, if any, that such Generic Expert is expected to offer relating only to liability or damages as to a particular plaintiff.

(2)     Each plaintiff in a Subsequent or Tag-along case shall identify Generic Experts and provide all disclosures required by Fed. R. Civ. P. 26(a)(2) (with the exceptions contained in the preceding paragraph), on or before July 16, 2004, unless such plaintiff applies for an extension of time to the Special Master within 30 days after the Filing Date or notice of transfer and such extension is granted.

(3)     Discovery depositions of all Generic Experts identified pursuant to paragraph (1) above shall be completed no later than September 10, 2004. Discovery depositions of all Generic Experts identified pursuant to paragraph (2) shall be completed no later than two months following the date for the designation of such experts.

(4)     On or before August 18, 2004, Defendants' Coordinating Counsel shall identify, in a document served on all parties, Generic Experts who are reasonably expected to testify in response to the Generic Experts disclosed by the plaintiffs pursuant to paragraph (1) above. The defendants may identify up to three Generic Experts with respect to each of the categories of injuries set forth in paragraph (1) above. For each

23

Generic Expert so identified, Defendants' Coordinating Counsel, on behalf of all defendants, shall serve upon all parties the disclosures required by Fed. R. Civ. P. 26(a)(2), except that such disclosures need not include such testimony, if any, that such Generic Expert is expected to offer relating only to liability or damages as to a particular plaintiff.

(5)     Each defendant in a Subsequent or Tag-along case shall identify Generic Experts and provide all disclosures required by Federal Rule of Civil Procedure 26(a)(2) (with the exceptions contained in the preceding paragraph), on or before September 15, 2004, unless such defendant applies for an extension of time to the Special Master within 30 days after filing or notice of transfer and such extension is granted.

(6)     Discovery depositions of all Generic Experts identified pursuant to paragraph (4) above shall be completed no later than November 5, 2004. Discovery depositions of all Generic Experts identified pursuant to paragraph (5) above shall be completed no later than two months following the designation of such experts.

(7)     On or before December 10, 2004, every party wishing to challenge the admissibility of an identified Generic Expert's opinion in any case other than a Subsequent or Tag-along Case shall serve and file a motion to exclude such testimony (a "*Daubert* motion"). For Subsequent or Tag-along cases, every party wishing to challenge the admissibility of such Expert's opinion shall serve and file a *Daubert* motion no later than three months following the date for designation of such Expert. Answering papers shall be served within 14 days after service of the motion papers, and reply papers within 7 days after service of the answering papers.

24

(8)    The parties are instructed to avoid duplicative arguments in

*Daubert* motions by coordinating arguments with Plaintiffs' Coordinating Counsel,

Defendants' Coordinating Counsel, and each other.

(9)    Oral argument on the motions to exclude Generic Expert testimony

in any but Subsequent or Tag-along Cases shall be held at 9 a.m. on January 6, 2005. If

an evidentiary hearing is required, the Court will so notify counsel that time and set a

date for such hearing.

## C.    Case Specific Expert Witnesses

(1)    On or before October 15, 2004, each plaintiff shall identify, in a

document served on all parties, each Case Specific Expert witness who is expected to

testify for that plaintiff and, except to the extent that such disclosures already have been

made, shall make all expert disclosures required by Fed. R. Civ. P. 26(a)(2).

(2)    On or before December 10, 2004, each defendant shall identify, in

a document served on all parties, each Case Specific Expert who is expected to testify for

that defendant and, except to the extent that such disclosures already have been made,

shall make all expert disclosures required by Fed. R. Civ. P. 26(a)(2).

(3)    Discovery depositions of plaintiffs' Case Specific Experts shall be

completed by December 10, 2004. Discovery depositions of defendants' Case Specific

Experts shall be completed by January 14, 2005.

(4)    On or before January 28, 2005, every party wishing to challenge

the admissibility of a Case Specific Expert's opinion shall serve and file a *Daubert*

motion. Answering papers shall be served within 14 days after service of the motion

papers, and reply papers within 14 days after service of the answering papers. Oral

argument shall be held at 9 a.m. on March 3, 2005. If an evidentiary hearing is required, the Court will so notify counsel at that time and set a date for such hearing. The parties are instructed to avoid duplicative arguments in *Daubert* motions by coordinating arguments with Plaintiffs' Coordinating Counsel, Defendants' Coordinating Counsel, and each other.

## XV.    SUMMARY JUDGMENT MOTIONS

A.    Motions for summary judgment may be filed no later than 14 days after the Court decides any relevant *Daubert* motions that were filed as provided above. Answering papers shall be served within 14 days after service of the motion papers, and reply papers within 7 days after service of the answering papers. Oral argument will be heard at the next status conference occurring at least ten business days after the last paper is due.

## XVI.   FINAL PRE-TRIAL CONFERENCE; REMAND; TRIAL

### A.    Pretrial Order; Final Pre-Trial Conferences

Counsel in the Twinlabs cases shall submit a joint pretrial consent order (in the form prescribed by Rule 4 of Judge Rakoff's Individual Rules) by May 2, 2005. The final pretrial conference will be held on May 5, 2005. Except where extensions of time have been granted as set forth above, the MDL and Tag-along cases will be remanded to their district of origin for trial.

### B.    Trial

Trial of the Twinlabs cases will commence on May 9, 2005, with a consolidated trial of all common issues.

### C.    Demand for Jury Trial

Where any complaint in a Twinlabs case transferred to this Court does not contain a demand for jury trial, the plaintiff may serve and file a jury demand within 30 days after entry of this order or, for Subsequent Cases, after the Filing Date.

## XVII. EFFECT ON BANKRUPTCY PROCEEDINGS

Nothing contained herein shall prohibit, hinder, impair or in any way affect the rights of TL, the Official Committee of Unsecured Creditors, and the Official Committee of Ephedra Claimants appointed in the Chapter 11 cases of TL, *In re TL Administration Corporation, et al. (f/k/a Twinlab Corporation, et al.*), Case No. 03-15564 (Bankr. S.D.N.Y.) (CB) (Jointly Administered) (the "Chapter 11 Cases"), filed in the United States Bankruptcy Court for the Southern District of New York, to, *inter alia*, participate in or propose a plan of liquidation or reorganization in the Chapter 11 Cases and/or any pending actions in the Court relating to and encompassed by *In re: Twinlabs Personal Injury Cases*, 21 M.C. 99 (S.D.N.Y.) (JSR) (the "District Court Actions"), and/or which allocates, assigns, marshals, or otherwise treats any insurance coverages which may be applicable to any such claims in the Chapter 11 Cases or causes of action in the District Court Actions.

SO ORDERED.

JED S. RAKOFF
U.S.D.J.

Dated: New York, N.Y.
    April 26, 2004

## EXHIBIT A

1. *Alcantar v. Twin Laboratories Inc., et al.*, Case No. 03CV09169

2. *Alexander v. Twin Laboratories Inc., et al.*, Case No. 04CV00095

3. *Ashment v. Twinlab Corp., et al.*, Case No. 04CV00538

4. *Baines v. Twin Laboratories Inc., et al.*, Case No. 04CV00094

5. *Bonner, et al. v. O'Leary Health Food Distributor Co., Inc., et al.*, Case No. 03CV09275

6. *Carrero, et al. v. Twin Laboratories Inc., et al.*, Case No. 04CV01276

7. *Filardi, et al. v. Twin Laboratories Inc., et al.*, Case No. 04CV00093

8. *Forbes, et al. v. Twin Laboratories Inc., et al.*, Case No. 03CV09272

9. *Fulton v. Twin Laboratories Inc., et al.*, Case No. 03CV09271

10. *Ganir v. FM, Inc., et al.*, Case No. 04CV01961

11. *Garvin v. Twin Laboratories Inc., et al.*, Case No. 04CV02379

12. *Garza v. Twin Laboratories Inc., et al.*, Case No. N/A

13. *Greve, et al. v. Twin Laboratories Inc., et al.*, Case No. 03CV9278

14. *Hawkinson v. Twin Laboratories Inc., et al.*, Case No. 04CV00539

15. *Houghton, et al. v. Twin Laboratories Inc., et al.*, Case No. 03CV09290

16. *Joyner-Wiggins v. Twin Laboratories Inc, et al.*, Case No. 03CV09285

17. *Korizis, et al. v. Twin Laboratories Inc., et al.*, Case No. 03CV09284

18. *McMillan, et al. v. Twin Laboratories Inc., et al.*, Case No. 03CV09267

19. *Millan v. Twin Laboratories Inc., et al.*, Case No. 04CV01988

20. *Parks v. Twin Laboratories Inc., et al.*, Case No. 04CV01037

21. *Parsley, et al. v. Metabolife International, Inc., et al.*, Case No. 03CV09266

22. *Petrovich, et al. v. Twin Laboratories Inc., et al.*, Case No. 04CV02498

23. *Rawert, et al. v. Twin Laboratories Inc., et al.*, Case No. 03CV09265

24. *Rodriguez, Ronnie v. Twin Laboratories Inc., et al.*, Case No. 03CV09283

25. *Smith, Jahn v. Twin Laboratories Inc., et al.*, Case No. 04CV01039

26. *Welch, et al. v. Twin Laboratories Inc., et al.*, Case No. 04CV00091

27. *White, et al. v. Rexall Sundown, Inc., et al.*, Case No. 03CV09281

29