Objection Deadline: **June 23, 2009 at 5:00 p.m. (Eastern time)***
Hearing Date and Time: **June 24, 2009 at 10:00 a.m. (Eastern time)**

CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375
Jennifer C. DeMarco
Sarah N. Campbell
Jennifer B. Premisler

Attorneys for Pacific Investment Management Company LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                             :
                                                                  :    Chapter 11
LEHMAN BROTHERS HOLDINGS, INC., *et al*.,                         :
                                                                  :    Case No. 08-13555 (JMP)
Debtors.                                                          :
                                                                  :    (Jointly Administered)
-----------------------------------------------------------------x

**OBJECTION TO DEBTORS' MOTION PURSUANT TO**
**SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE**
**3003(c)(3) FOR ESTABLISHMENT OF THE DEADLINE FOR FILING PROOFS**
**OF CLAIM, APPROVAL OF THE FORM AND MANNER OF NOTICE**
**THEREOF AND APPROVAL OF THE PROOF OF CLAIM FORM**

Pacific Investment Management Company LLC ("PIMCO"), by and through its undersigned counsel, respectfully submits this objection to the Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form, dated May 26, 2009 (the "Bar Date Motion") and states as follows:

1.   PIMCO is an asset manager representing hundreds of clients (collectively, the "PIMCO Parties") that had trading relationships with the above captioned debtors (the "Debtors") and their affiliates. The PIMCO Parties were party to thousands of derivative

* Objection deadline extended by agreement of the Debtors.

transactions under various Derivative Contracts[1] and Guarantees (the "PIMCO Agreements") with the Debtors and non-debtor affiliates including Lehman Brothers International (Europe) ("LBIE").[2]

2. PIMCO makes this objection with respect to the proposed procedures set forth by the Debtors for proofs of claim for Lehman Brothers Holding Inc. ("LBHI") Guarantees of Derivative Contracts with non-debtor entities, specifically LBIE. While PIMCO believes this objection to be applicable to the procedures for all proofs of claim for Derivative Contracts and Guarantees of Derivative Contracts, PIMCO and the Debtors have entered into a stipulation resolving PIMCO's objections with respect to the procedures to be followed and the information required with respect to the PIMCO Parties' claims in respect of Derivatives Contracts with LBSF and the Guarantees of such claims.

3. Specifically, PIMCO has provided the Debtors with substantial information and documentation and has worked with the Debtors in connection with the reconciliation and valuation of the PIMCO Parties' Derivative Contracts with the Debtors. As of the date hereof, the Debtors have reconciled the entirety of the PIMCO Parties' trade population with Lehman Brothers Special Financing, Inc. ("LBSF") and we believe the Debtors have nearly completed their valuations of such trades (subject of course to reconciliation of those valuations). As such, the Debtors agreed that the PIMCO Parties would not be required to supply the level of detailed

---

[1] Capitalized terms used but not defined shall have the meaning set forth in the Bar Date Motion.
[2] Many of the derivatives transactions executed by PIMCO on behalf of its clients were executed as "block trades" where PIMCO and the Lehman counterparty agreed the terms of a large transaction which was then allocated, on a principal-to-principal basis, among various PIMCO clients that had been pre-approved by the Lehman counterparty.

information required by the proposed Bar Date Order in connection with the filing of claims by the PIMCO Parties against the Debtors with respect to Derivatives Contracts with LBSF.[3]

4.     Notwithstanding the agreement with respect to Derivatives Contracts with LBSF and the consensual exchange of information to date, the Debtors are not willing at this time to deviate from the proposed procedures with respect to LBHI Guarantees of Derivative Contracts with non-U.S. Lehman entities (the "Foreign Derivative Contracts").

5.     Accordingly, PIMCO is compelled to file this objection with respect to the procedures sought in the Bar Date Motion for proofs of claim for Guarantees of Derivatives Contracts as those procedures require the submission of information which is unduly burdensome, voluminous and redundant.  PIMCO joins in Calyon's Objection to Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form and the Declaration of Andrew Brozman in Support of Calyon's Objection to the Debtors' Motion for Establishment of the Deadline for Filing Proofs of Claim [Dkt Nos. 3885 and 3888, respectively] and Barclays Capital Inc., Barclays Bank PLC and their affiliates' Objection to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [Dkt No. 3820]  and incorporates the arguments set forth in such objections as if fully set forth herein.

---

[3]     The terms of the settlement are set forth in a stipulation between the Debtors and PIMCO for which court approval will be sought (the "Stipulation").

6.	In addition to the arguments articulated by the objections referenced above, PIMCO objects on the basis that the proposed procedures are particularly burdensome in the case of the PIMCO Parties as they would require each client separately to file the same materials in respect of block trades executed on the clients' behalf.  Many of the Foreign Derivative Contracts were entered into as block trades by PIMCO on behalf of, and for the benefit of, its clients.  A block trade can be allocated and correspond to the claims of multiple PIMCO clients (a single block trade may correspond to dozens of PIMCO clients' claims).  To require the PIMCO Parties each to submit duplicative information with respect to the same block trade is redundant and burdensome.

WHEREFORE, PIMCO respectfully requests that this Court deny the Bar Date Motion and grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
       June 23, 2009

CLIFFORD CHANCE US LLP


By: */s/ Jennifer C. DeMarco*
Jennifer C. DeMarco
Sarah N. Campbell
Jennifer B. Premisler

31 West 52nd Street
New York, NY 10019
Tel:  (212) 878-8000
Fax:  (212) 878-8375

Attorneys for Pacific Investment
Management Company LLC
