Hearing Date and Time:  June 29, 2009 at 2:00 p.m. (Prevailing Eastern Time)
Objection Date and Time:  June 26, 2009 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Alfredo R. Perez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
**In re**                                              :   **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,           :   **08-13555 (JMP)**
:
Debtors.                               :   **(Jointly Administered)**
:
:
-------------------------------------------------------------------x

### NOTICE OF <u>SUPPLEMENT</u> TO LBHI'S MOTION, PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND RULE 6004(h) OF THE BANKRUPTCY RULES, FOR AUTHORIZATION <u>TO MAKE A CAPITAL CONTRIBUTION TO AURORA BANK FSB</u>

PLEASE TAKE NOTICE that, on June 16, 2009, Lehman Brothers Holdings Inc. ("<u>LBHI</u>") filed a Motion, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Rule 6004(h) of the Bankruptcy Rules, for Authorization to Make a Capital Contribution to Aurora Bank FSB (the "<u>Motion</u>").

PLEASE TAKE FURTHER NOTICE that, on June 23, 2009, the Debtors filed the annexed supplement (the "<u>Supplement</u>") to the Motion requesting certain additional authority, all as more fully described in the Supplement.

PLEASE TAKE FURTHER NOTICE that a hearing (the "<u>Hearing</u>") to consider the Motion (as supplemented) shall be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601, United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004 on **June 29, 2009 at 2:00 p.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that objections and responses, if any, to the Motion (as supplemented) must be in writing, shall conform to the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format, and shall be served in accordance with General Order M-242, upon (i) the Chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Alfredo R. Perez, Esq., Richard P. Krasnow, Esq., and Robert L. Messineo, Esq.), attorneys for the Debtors; (iii) the U.S. Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin Esq., and Tracy Hope Davis, Esq.); (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, (Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the Creditors' Committee; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received no later than **June 26, 2009 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline")**.**

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 9014-2(a), the Hearing may be an evidentiary hearing.

Dated: June 23, 2009
      New York, New York

/s/ Alfredo R. Perez
Alfredo R. Perez

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: June 29, 2009 at 2:00 p.m. (Prevailing Eastern Time)
Objection Date and Time:  June 26, 2009 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Alfredo R. Perez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :    08-13555 (JMP)
                                              :
              Debtors.                        :    (Jointly Administered)
                                              :
                                              :
------------------------------------------------------------------x
```

**SUPPLEMENT TO LBHI'S MOTION, PURSUANT TO
SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND
RULE 6004(h) OF THE BANKRUPTCY RULES, FOR AUTHORIZATION
TO MAKE A CAPITAL CONTRIBUTION TO AURORA BANK FSB**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this Motion and respectfully represent:

**Background**

1. On June 16, 2009, LBHI filed *LBHI's Motion, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Rule 6004(h) of the Bankruptcy Rules, For Authorization to*

*Make a Capital Contribution to Aurora Bank FSB* (the "<u>Motion</u>").[1] As explained in greater detail in the Motion, the Bank is required to report to the OTS its capital levels as of June 30, 2009 on its next quarterly thrift financial report. There is a possibility that, due to the effect of fair value accounting, which subjects the Bank's capital level to the volatility of the marketplace, the Bank could fall somewhat below the "well-capitalized" mark that is contemplated in the Business Plan that has been submitted to the OTS for approval. To avoid any adverse impact on approval of the Business Plan by the OTS or regaining authority to allow the Bank to issue brokered certificates of deposit from the OTS or FDIC, LBHI sought authority to contribute up to $25 million in cash to the Bank to the extent such investment is determined by LBHI to be necessary to assure that the Bank's total risk-based capital ratio satisfies the 10% "well-capitalized" mark as of June 30, 2009 and to subsequently maintain such capital level.

### Supplemental Relief Requested

2.  Subsequent to the filing of the Motion, LBHI has learned that a $25 million contribution may be insufficient to ensure that the Bank is capitalized at a "well-capitalized" mark on June 30, 2009. Accordingly, LBHI seeks authority, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code and Bankruptcy Rule 6004(h), to supplement the relief requested in the Motion and requests that the Court authorize, but not direct, LBHI to invest up to $50 million in cash into the Bank to the extent such investment is determined by LBHI to be necessary to assure that the Bank's total risk-based capital ratio satisfies the 10% "well-capitalized" mark as of June 30, 2009 and to subsequently maintain such capital level (the "<u>Capital Contribution</u>").

---

[1] The Motion is incorporated by reference herein. Capitalized terms not defined herein shall have the meanings ascribed to the them in the Motion.

3. Unfortunately, the effects of "fair value" accounting are difficult to predict. Notwithstanding its reasonable best estimates of the value that might have been applied to the Bank's assets on June 30, 2009, LBHI now believes that a $25 million contribution may be insufficient to ensure that the Bank maintains a "well-capitalized" level consistent with its Business Plan. As the Bank continues to prepare its June 30, 2009 TFR and LBHI reviews updated information regarding the value that will likely be accorded to the Bank's assets, LBHI believes that it is prudent to supplement the authority sought by the Motion to contribute up to $50 million to ensure that the contribution made to the Bank will be sufficient to fulfill the underlying purpose of the Motion to maintain a "well-capitalized" status. LBHI believes that, based upon current estimates, an investment of up to $50 million should provide a sufficient cushion to hedge against the risk that the Bank's capital level could fall below the 10% risk-based capital ratio on June 30, 2009.

4. Notwithstanding the additional funds that may need to be contributed to the Bank, the Capital Contribution (as supplemented) continues to represent a sound exercise of LBHI's business judgment. As explained in the Motion, achieving and maintaining a "well-capitalized" status is a minimum requirement under the Business Plan in support of the OTS approving the Business Plan and abolishing the current restrictions imposed on the Bank's operations. If the Bank does not maintain a 10% risk-based capital ratio on its June 30, 2009 TFR, there is a material risk that the Bank may not be authorized to issue brokered certificates of deposit and obtain approval of the Business Plan. Such a result could jeopardize or delay LBHI's recovery of its prior investments, aggregating over $220 million in value, and equity interest, which was recently valued at approximately $687 million, in the Bank. When compared to the combined value of LBHI's equity interest and prior investments, $50 million is a relatively

minor investment to continue to preserve the opportunity to recover the value of the Bank. Accordingly, the Motion should be granted as supplemented herein.

5. Attached hereto as <u>Exhibit "A"</u> is a revised proposed order granting the relief requested in the Motion as supplemented herein and a blackline reflecting the changes from the order submitted with the Motion.

## **Notice**

6. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

7. Except for as set forth above, no previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:  June 23, 2009
      New York, New York

                          /s/ Alfredo R. Perez
                          Alfredo R. Perez

                          WEIL, GOTSHAL & MANGES LLP
                          767 Fifth Avenue
                          New York, New York 10153
                          Telephone: (212) 310-8000
                          Facsimile: (212) 310-8007

                          Attorneys for Debtors
                          and Debtors in Possession

**Exhibit "A"**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
:
In re                                                           :    Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                :
            Debtors.                                        :    (Jointly Administered)
                                                                :
                                                                :
-------------------------------------------------------------------x

**ORDER GRANTING LBHI'S MOTION, AS SUPPLEMENTED,
PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE
AND RULE 6004(h) OF THE BANKRUPTCY RULES, FOR AUTHORIZATION
TO MAKE A CAPITAL CONTRIBUTION TO AURORA BANK FSB**

Upon the motion dated June 16, 2009 as supplemented on June 23, 2009 (collectively, the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to invest up to $50 million in cash into Aurora Bank FSB (the "Bank") to the extent such investment is determined by LBHI to be necessary to assure that the Bank's total risk-based capital ratio satisfies the 10% "well-capitalized" mark as of June 30, 2009 and to subsequently maintain such capital level (the "Capital Contribution"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBHI is authorized, but not required, to fund the Capital Contribution; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and this Order shall be effective immediately upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

    ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: June __, 2009
   New York, New York

               _____
               UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
:
In re                                                                              :    Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
:
    Debtors.                                      :    (Jointly Administered)
:
:
-----------------------------------------------------------------x

### ORDER GRANTING LBHI'S MOTION, AS SUPPLEMENTED, PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND RULE 6004(h) OF THE BANKRUPTCY RULES, FOR AUTHORIZATION TO MAKE A CAPITAL CONTRIBUTION TO AURORA BANK FSB

Upon the motion, dated June 16, 2009 as supplemented on June 23, 2009 (collectively, the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to invest up to $2550 million in cash into Aurora Bank FSB (the "Bank") to the extent such investment is determined by LBHI to be necessary to assure that the Bank's total risk-based capital ratio satisfies the 10% "well-capitalized" mark as of June 30, 2009 and to subsequently maintain such capital level (the "Capital Contribution"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

>ORDERED that the Motion is granted; and it is further

>ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBHI is authorized, but not required, to fund the Capital Contribution; and it is further

>ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and this Order shall be effective immediately upon its entry; and it is further

>ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: June __, 2009
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE