Hearing Date and Time: **July 15, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
Objection Date and Time: **July 8, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

**NOTICE OF HEARING REGARDING DEBTORS' APPLICATION**
**PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY**
**CODE FOR AN ORDER AUTHORIZING THE RETENTION AND**
**EMPLOYMENT OF PRICEWATERHOUSECOOPERS LLP AS TAX ADVISORS**

PLEASE TAKE NOTICE that a hearing on the annexed application (the "Application") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, approving the retention and employment of PricewaterhouseCoopers LLP ("PwC US") as Debtors' tax advisor in connection with these chapter 11 cases, all as more fully described in the Application, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") on **July 15, 2009 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to the chambers of the Honorable James M. Peck), and shall be served upon:  (i) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Richard P. Krasnow, Esq, attorneys for the Debtors; (ii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (iv) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eigth Avenue, New York, New York, 10019-7475, Attn: Richard Levin, Esq.; attorneys for PwC US; so as to be filed and received by no later than **July 8, 2009 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Application is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: June 23, 2009
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Debtor
And Debtor in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                                :
In re                                           :   Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :   08-13555 (JMP)
                                                :
                        Debtors.                :   (Jointly Administered)
                                                :
-------------------------------------------------------------------x
```

**DEBTORS' APPLICATION PURSUANT TO
SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY
CODE FOR AN ORDER AUTHORIZING THE RETENTION AND
<u>EMPLOYMENT OF PRICEWATERHOUSECOOPERS LLP AS TAX ADVISORS</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "<u>Debtors</u>" and, collectively with their non-debtor affiliates, "<u>Lehman</u>"), file this Application and respectfully represent:

**BACKGROUND**

    Commencing on September 15, 2008, and periodically thereafter (as applicable, the "<u>Commencement Date</u>"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

## JURISDICTION

This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## LEHMAN'S BUSINESS

Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the

2

Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### RELIEF REQUESTED

1.  By this Application, the Debtors seek entry of an order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, approving the retention and employment of PricewaterhouseCoopers LLP ("PwC US") as tax advisors. The Debtors propose to retain PwC US to perform certain services (collectively, the "Services"), all as more fully described in the Affidavit of Joseph Foy, a partner of PwC US, sworn to May 12, 2009, and annexed hereto as Exhibit 1 (the "Foy Affidavit "). The Services shall be performed in accordance with the terms and conditions set forth in certain agreements between the Debtors and PwC US (the "Engagement Letters"), which are attached to the Foy Affidavit as Exhibits A through E.

2.  The Services described in the Engagement Letters include, but are not limited, to the following:[1]

> Assisting the Debtors with the federal, state, and international tax issues that arise in relation to the disposition of the Debtors' remaining assets (as more fully set forth in the Engagement Letter attached to the Foy Affidavit as Exhibit A).

> Certain PwC US employees have specialized and historic knowledge of the Debtors, which will allow them to: (i) assist the Debtors' special tax counsel, McKee Nelson, LLP, with regard to certain federal tax controversies, (ii) assist the Debtors with accounting for income taxes paid in prior years; and (iii) prepare 2008 federal, state, local and international income tax returns (as more fully set forth in the Engagement Letter attached to the Foy Affidavit as Exhibit B).

---

[1] This description is only intended to be a summary of the services set forth in the Engagement Letters and should not be construed to modify or amend such letters. The actual terms of the Engagement Letters govern the scope of services to be provided to the Debtors by PwC US.

3

>   Assisting the Debtors with transfer pricing-related tax issues including (i) the reconciliation of global allocation of trading profits or losses for formerly-related international affiliates; (ii) preparation of transfer pricing documentation for fiscal year 2008; (iii) assistance with certain federal and state income tax audits; and (iv) assistance with negotiations between the Debtors and affiliates now under the control of trustees, administrators or other representatives relating to the allocation of profits / losses from global trading operations (as more fully set forth in the Engagement Letter attached to the Foy Affidavit as <u>Exhibit C</u>).
>
>   Assisting the Debtors with various issues related to income / franchise taxes, sales / use taxes, excise taxes, abandoned and unclaimed property credits and incentives, and employment taxes (as more fully set forth in the Engagement Letter attached to the Foy Affidavit as <u>Exhibit D</u>).
>
>   Assisting the Debtors with U.S. and Foreign income tax preparation, related tax compliance services and tax consulting services (as more fully set forth in the Engagement Letter attached to the Foy Affidavit as <u>Exhibit E</u>).

3.  In addition, as set forth in the Foy Affidavit, PwC US may subcontract a limited portion of its responsibilities under the Engagement Letters to certain of its affiliate firms (collectively, the "<u>PwC Entities</u>" and singularly a "<u>PwC Entity</u>").

4.  The Debtors and PwC US have been careful to ensure that the Services do not overlap with services provided by the Debtors' other tax professionals such as Mckee Nelson, LLP or Ernst & Young LLP (the "<u>Other Tax Professionals</u>"). In some cases, the Debtors anticipate that PwC US will assist the Other Tax Professionals in order to enhance or expedite the provision of certain services. In other situations, PwC US will provide services that the Other Tax Professionals are unable to provide, either because of a lack relevant experience or capacity, or because the Other Tax Professionals are ethically or legally prevented from performing such services.

## BASIS FOR RELIEF

5.  The Debtors seek approval to retain PwC US pursuant to section 327(a) of the Bankruptcy Code. Section 327(a) provides, in relevant part, that the Debtors "with the

4

court's approval, may employ. . . professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist" the Debtors in fulfilling their duties under the Bankruptcy Code.

## THE RETENTION OF PwC US

PwC US is a highly respected and experienced professional services firm, well recognized in the fields of tax and bankruptcy, and is frequently engaged by companies that have chapter 11 cases pending in United States bankruptcy courts. The Debtors believe that PwC US possesses extensive tax expertise useful in these cases, and that PwC US is well-qualified to advise the Debtors. Furthermore, the Debtors selected PwC US because of their long experience in providing tax services to debtors and creditors in chapter 11 and other distressed situations. *See e.g.*, *In re American Home Mortgage, Inc. et al.*, Case No. 07-11047 (CSS) (Bankr. D. Del.. Mar. 27, 2008) [Doc. No. 3432]; *In re Buffets Holdings, Inc., et al.*, Case No. 08-10141 (MFW) (Bankr. D. Del. Aug. 13, 2008) [Doc. No. 1297].

6. Furthermore, PwC US has indicated a desire and willingness to act in these chapter 11 cases and render the necessary professional services to the Debtors, on the terms set forth in the Engagement Letters and described herein, and to subject itself to the jurisdiction of the Court.

Therefore, the Debtors submit that the retention of PwC US, on the terms and conditions described herein, is necessary, appropriate and in the best interests of the Debtors' estates, creditors, and all other parties in interest, and should be granted in all respects.

## PwC US'S DISINTERESTEDNESS

7. Based upon the Foy Affidavit, and to the best of the Debtors' knowledge, information and belief, neither PwC US nor any professional employee of PwC US has any

5

connection with, or any interest adverse to, the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Foy Affidavit.

8.  PwC US has informed the Debtors that PwC US was owed $3,795,639.00 by the Debtors in respect of services provided by PwC US prior to the Commencement Date. Upon approval of this Application, PwC US has agreed to waive its right to receive any fees incurred on the Debtors' behalf prior to the Commencement Date.

9.  Based upon the Foy Affidavit, the Debtors submit that PwC US is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. The Debtors have been informed that PwC US will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, PwC US will supplement its disclosure to the Court.

## PROFESSIONAL COMPENSATION

10. Pursuant to section 328(a) of the Bankruptcy Code, the Debtors may retain PwC US on reasonable terms and conditions of employment. In particular, that section provides that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327. . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

11. As recognized by numerous courts, Congress' intent in enacting section 328(a) was to enable debtors to retain professionals pursuant to specific fee arrangements to be determined at the time of the court's approval of the retention, subject to reversal only if the

terms are found to be improvident in light of "developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a); *see also Donaldson, Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862-3 (5th Cir. 1997) ("If the most competent professionals are to be available for complicated capital restructuring and the development of successful corporate reorganization, they must know what they will receive for their expertise and commitment.").

12. Accordingly, section 328 of the Bankruptcy Code permits the compensation of professionals, including tax advisors, on terms that reflect the nature of their services and market conditions. The Debtors and PwC US engaged in arms length negotiations over the terms of the Engagement Letters, which reflect commercially reasonable compensation and employment arrangements. Thus, the Debtors request approval of the Engagement Letters, including the fee structure and expense reimbursement provisions contained in each Engagement Letter (the "Fee Structures"), pursuant to section 328(a) of the Bankruptcy Code.

13. Pursuant to the terms and conditions of the Engagement Letters, PwC US intends to charge the Debtors based on the following schedules of fees and expenses.

14. With regard to services relating to (i) tax issues related to the future dispositions of the Debtors' assets (Exhibit A); (ii) federal tax controversies, income tax accounting and the preparation of tax return filings (Exhibit B); and (iii) issues related to income, franchise, sales, use, excise or employment taxes, and abandoned and unclaimed property credits and incentives (Exhibit D); PwC US will invoice the debtors according to the following hourly rates:

7

| Professional Staff Class | General Tax Consulting Rate | National Office / Other |
|---|---|---|
| Partner | $ 704 | $ 560 - $890 |
| Managing Director | $ 583 | $ 450 – 700 |
| Director | $ 501 | $ 330 - 600 |
| Manager | $ 402 | |
| Senior Associate | $ 319 | |
| Associate | $ 231 | |
| Administrative / Other | $ 143 | |

15. With regard to services relating to transfer pricing-related tax issues (Exhibit C), PwC US will invoice the debtors according to the following hourly rates:

| Position | Rate |
|---|---|
| Partner | $ 704 |
| Director | $ 501 |
| Manager | $ 402 |
| Senior Associate | $ 319 |
| Associate | $ 231 |

16. With regard to services relating to U.S. and foreign income tax preparation, related tax compliance services and tax consulting services (Exhibit E), PwC US will invoice the debtors according to the following hourly rates:[2]

---

[2] The Debtors have been informed that the project-based fee schedule described in this engagement letter is not applicable to services that PwC will be providing to them.

8

| Position | Rate |
|---|---|
| Partner | $ 733 |
| Director | $ 650 |
| Manager | $ 579 |
| Senior Associate | $ 361 |
| Associate | $ 228 |
| CSA | $ 175 |

17. With regard to services relating to assistance with (i) bankruptcy retention documents, (ii) required disinterestedness disclosures, (iii) completion of fee applications, and (iv) compliance with other applicable Bankruptcy Rules, Local Rules, order of this Court, and guidelines established by the U.S. Trustee, PwC US will invoice the debtors according to the following hourly rates:

| Position | Rate |
|---|---|
| Partner | $ 780 |
| Managing Director | $ 650 |
| Director / Senior Manager | $ 550 |
| Manager | $ 400 |
| Senior Associate | $ 290 |
| Associate | $ 225 |
| Paraprofessional | $ 150 |

18. The Debtors have been advised that PwC US's hourly rates are revised periodically in the ordinary course of its business. The Debtors understand that PwC US will

9

advise the Debtors of their new rates once they are established if a rate change is effective during the course of PwC US' engagement with the Debtors.

19. In addition to the hourly rates set forth above, the Debtors shall reimburse PwC US for any direct expenses incurred in connection with PwC US's retention in these chapter 11 cases and the performance of the Services set forth in the Engagement Letters. PwC US's direct expenses shall include, but not be limited to, reasonable and customary out-of-pocket expenses for items such as travel, meals, accommodations and other expenses specifically related to this engagement.

20. The compensation arragements provided for in the Engagement Letters are consistent with, and typical of, arrangements entered into by PwC US and other tax advisory firms with respect to rendering comparable services for clients similar to the Debtors, both in and outside of bankruptcy.

21. Considering the Services that PwC US will provide and the market prices for PwC US's services, the Debtors submit that the Fee Structures (including reasonable reimbursements) are reasonable under the standards set forth in section 328(a) of the Bankruptcy Code and fulfill the requirements of Local Rule 2014-1.

22. Except as set forth in the Foy Affidavit, PWC US has not shared or agreed to share any of its compensation in connection with this matter with any other person, as permitted by section 504 of the Bankruptcy Code.

**FEE APPLICATIONS**

23. The Debtors understand that PwC US intends to apply separately to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all orders of this Court governing professional services performed and expenses incurred after the

Commencement Date. To that end, PwC US has agreed to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of this Court.

## OTHER TERMS OF THE ENGAGEMENT LETTERS

24. Pursuant to the Engagement Letters, the Debtors agree that PwC US may subcontract a portion of its responsibilities. However, PwC US shall be, and shall remain, fully and solely responsible for all of its liabilities and obligations under the Engagement Letters, whether or not performed, in whole or part, by PwC US, any other PwC Entity or any subcontractor or personnel of any PwC Entity. Further, the Debtors agree that they shall have no recourse, and shall bring no claim, against any PwC Entity other than PwC US, with respect to the Services or otherwise under that Engagement Letters.

25. With respect to controversies or claims arising out of, or in any way related to, the Services or Engagement Letters, as is reflected in the Foy Affidavit, PwC US has agreed that, notwithstanding any arbitration provisions contained in the Engagement Letters, that any disputes arising under the Engagement Letters shall be heard in this Court and the arbitration provisions contained in the Engagement Letters will apply if and only if this Court does not have jurisdiction over the dispute or determines not to hear and determine the dispute. *See* ¶ 13 of the Foy Affidavit.

26. In addition, as stated in the Engagement Letters, the Debtors have agreed to the following liability and indemnity provisions:

> Except to the extent finally determined to have resulted from PwC US's gross negligence or intentional misconduct, PwC US's liability to pay damages for any losses incurred by the Debtors as a result of breach of contract, negligence or other tort committed by PwC US, regardless of the theory of liability asserted, is limited to no more than the total amount of annual fees paid to PwC for the particular service provided under the relevant engagement letter. In addition, PwC

US will not be liable in any event for lost profits or any consequential, indirect, punitive, exemplary or special damages. Also, PwC US shall have no liability to the Debtors arising from or relating to any third party hardware, software, information or materials selected or supplied by the Debtors.

The Debtors agree to indemnify and hold PwC US and other PwC Entities engaged as subcontractors pursuant to the Engagement Letters, and their respective partners, principals and employees harmless from and against any and all third party claims resulting from any of the Services provided pursuant to the Engagement Letters, except to the extent such claims are determined to have resulted from PwC US's gross negligence or other intentional misconduct relating to such Services.

## **NOTICE**

No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Application in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: June 23, 2009
      New York, New York

                                       /s/ Richard P. Krasnow
                                       Richard P. Krasnow

                                       WEIL, GOTSHAL & MANGES LLP
                                       767 Fifth Avenue
                                       New York, New York 10153
                                       Telephone: (212) 310-8000
                                       Facsimile: (212) 310-8007

                                       Attorneys for Debtors
                                       and Debtors in Possession