**QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**
Susheel Kirpalani (SK 8926)
51 Madison Avenue, 22nd Floor
New York, New York  10010
Telephone:  (212) 849-7000
Telecopier: (212) 849-7100

*Special Counsel For The Official Committee*
*Of Unsecured Creditors Of*
*Lehman Brothers Holdings Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., ET AL., | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| Debtors. | |

-----------------------------------------------------------------x

**FOURTH SUPPLEMENTAL DECLARATION OF SUSHEEL KIRPALANI**
**IN CONNECTION WITH EMPLOYMENT OF QUINN EMANUEL URQUHART**
**OLIVER & HEDGES, LLP AS SPECIAL COUNSEL TO OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., ET AL.**

Susheel Kirpalani hereby declares, under penalty of perjury:

1. I am a member of Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel"), a law firm with offices at 51 Madison Avenue, New York, New York 10010, and in Los Angeles, San Francisco, Silicon Valley, California, London, England, and Tokyo, Japan.

2. I submit this declaration (the "Fourth Supplemental Declaration") in connection with Quinn Emanuel's representation of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Lehman Brothers Holdings Inc. ("LBHI") and its

affiliated debtors in possession (collectively, the "Lehman Debtors"), as special counsel, *nunc pro tunc* effective as of September 17, 2008, in the above-captioned cases (collectively, the "Chapter 11 Cases"). Quinn Emanuel was retained upon application, dated October 21, 2008 (the "Application"), by the Creditors' Committee, pursuant to sections 328 and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.  Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein. I will supplement the disclosures made in the Initial Declaration, the First Supplemental Declaration, the Second Supplemental Declaration, the Third Supplemental Declaration (each as defined below) and this declaration if additional relevant information becomes available during the pendency of the Chapter 11 Cases.

4.  I initially filed a declaration (the "Initial Declaration"), dated October 21, 2008, contemporaneously with the Application. On November 10, 2008, I filed a supplemental declaration in further support of the Application (the "First Supplemental Declaration"). On December 8, 2008, I filed a second supplemental declaration in support of the Application (the "Second Supplemental Declaration"). On March 4, 2009, I filed a third supplemental declaration in support of the Application (the "Third Supplemental Declaration", and together with the Initial Declaration, First Supplemental Declaration, Second Supplemental Declaration and Fourth Supplemental Declaration, the "Declarations").

5.  On November 21, 2008, the Bankruptcy Court entered the Final Order Under 11 U.S.C. §1103(a) And Fed. R. Bankr. P. 2014 and 5002, Authorizing Retention And Employment Of Quinn Emanuel Urquhart Oliver & Hedges, LLP As Special Counsel To The Official Committee Of Unsecured Creditors Of Lehman Brothers Holdings Inc. Et Al., Nunc Pro

2

Tunc To September 17, 2008 (the "Final Order").  Among other things, the Final Order granted the Application and approved Quinn Emanuel's retention as special counsel to the Creditors' Committee.

6.  On May 18, 2009, Eric D. Winston formerly of Stutman, Treister & Glatt ("Stutman"), joined Quinn Emanuel as a partner.  While at Stutman, Mr. Winston represented The Baupost Group, L.L.C. ( the "Former Client"), in connection with the Chapter 11 Cases.  The Former Client holds claims against LBHI and various of its affiliates.

7.  Mr. Winston's representation of the Former Client ceased upon joining Quinn Emanuel. Pursuant to section 1103(b), the representation of a creditor of a chapter 11 debtor does not disqualify a firm from representing a statutory creditor's committee, and therefore Mr. Winston's prior representation of the Former Client is not adverse to Quinn Emanuel's representation of the Creditors' Committee.  Out of an abundance of caution, Quinn Emanuel has instructed Mr. Winston not to bring his files relating to the Former Client to Quinn Emanuel.  Mr. Winston will not disclose confidential information about the Former Client to any attorney representing the Creditors' Committee.

8.  Quinn Emanuel attorneys have been asked to represent Syncora Guarantee Inc. ("Syncora") in connection with potential civil disputes arising out of Syncora's compliance with an order directing Syncora to suspend claims payments.  This representation does not relate to the Debtors or their estates and Quinn Emanuel will not represent Syncora in connection with these Chapter 11 Cases.  Quinn Emanuel cannot be adverse to Syncora absent a waiver. Milbank, Tweed, Hadley & McCloy LLP ("Milbank"), lead counsel to the Creditors' Committee, may be adverse to Syncora.

3

9. Quinn Emanuel attorneys have been asked to represent Intesa Sanpaolo S.p.A. or its affiliates ("Intesa") in connection with potential claims Intesa may assert against third parties that are not affiliated with Lehman or its non-debtor affiliates, but that relate to investments in CDOs and other structured products. This representation does not relate to the Debtors or their estates and Quinn Emanuel will not represent Intesa in connection with these Chapter 11 Cases. Milbank may be adverse to Intesa.

10. Furthermore, Quinn Emanuel represents or may represent entities in matters unrelated to these Chapter 11 Cases that assert claims against third parties, the outcome of which may impact notes or other similar instruments that are held by LBHI, or another debtor entity. In addition, Quinn Emanuel may represent entities engaged in transactions involving LBHI or its affiliates that are unrelated to these Chapter 11 Cases. Quinn Emanuel does not, and will not, represent any such entities in respect of these Chapter 11 Cases.

11. As stated in the Initial Declaration, Quinn Emanuel conducted a series of searches in its conflicts database to identify its connections with the Debtors, creditors and other parties in interest and developed a list of potentially material adverse parties in interest in these Chapter 11 Cases (the "Potential Party List"). The Potential Party List has been supplemented as set forth in the Declarations. As set forth therein, and except to the extent provided in the Declarations, Quinn Emanuel may be adverse in all respect to all of the entities on the Potential Party List. The ability to be adverse includes, for the avoidance of doubt, the ability to commence litigation against, and defend against litigation initiated by such entities.

5

12. The foregoing statements are true and correct to the best of my knowledge, information and belief.

June 26, 2008

/s/ Susheel Kirpalani
Susheel Kirpalani
A Member of the Firm