**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
                    Debtors.              :    (Jointly Administered)
                                          :
-------------------------------------------------------------------x
```

ORDER PURSUANT TO BANKRUPTCY CODE
SECTIONS 363 AND 365 AND BANKRUPTCY RULES 6004 AND
6006 APPROVING (i) THE SALE OF CERTAIN REAL AND PERSONAL
PROPERTY LOCATED IN HONOLULU, HAWAII, (ii) THE REJECTION OR
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES IN CONNECTION THEREWITH, AND (iii) RELATED RELIEF

Upon the motion, dated June 29, 2009 (the "Motion"),[5] of LB 2080 Kalakaua Owners LLC ("LB 2080" and together with its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession, the "Debtors"), pursuant to sections 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval (i) to sell certain real property and related assets located in Honolulu, Hawaii, (ii) to reject or assume and assign executory contracts and unexpired leases in connection therewith, and (iii) related relief, all pursuant to that certain Sales Contract, dated as June 25, 2009, by and between LB 2080 and BW VCM Kalakaua, LLC (the "Purchaser"), attached to the Motion as Exhibit A (the "Sales Contract"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to

---

[5] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of LB 2080 and its estate and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and in the record of the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that LB 2080 is authorized, pursuant to sections 363(b) and 365 of the Bankruptcy Code to enter into the Sales Contract and consummate the transactions contemplated therein and perform all obligations thereunder and to execute such other documents and take such other actions as may be necessary or appropriate to effectuate the Sales Contract, and the Property (as such term is defined in the Sales Contract) is hereby sold, transferred and assigned by LB 2080 to the Purchaser and purchased, acquired and assumed from LB 2080 by the Purchaser, effective upon the Closing of the Sales Contract (as such term is defined in the Sales Contract); and it is further

ORDERED that, pursuant to section 365(a) of the Bankruptcy Code, the executory contracts listed on Exhibit B to the Motion (the "Contracts") are hereby deemed rejected, effective upon the Closing of the Sales Contract; and it is further

ORDERED that, pursuant to section 365(a) of the Bankruptcy Code, (i) that certain Amended and Restated Ground Lease dated as of July 1, 2003 by and between Kalaimoku-Kuhio Development Corp. ("Kalaimoku"), and the predecessor-in-interest of LB 2080, (ii) that certain Amended and Restated Sublease dated as of July 1, 2003, by and between Kalaimoku and the predecessor-in-interest of LB 2080, (iii) that certain Supplemental Payment Agreement, dated as of July 1, 2003, by and between Oceanfront Hawaii Inc. and the predecessor-in-interest of LB 2080, (iv) that certain Lease dated as of June 18, 1997, by and between Nike Retail Services, Inc. and the predecessor-in-interest of LB 2080 (as supplemented and/or amended), and (v) that certain Declaration of Covenants, dated November 30, 2004 and recorded in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Land Court Document No. 3213811, noted on Transfer Certificate of Title Nos. 509,502, 492,843, and 726,302 (collectively, the "Assigned Agreements"), are herby assumed by LB 2080 and assigned to the Purchaser, effective upon the Closing of the Sales Contract, and LB 2080 is authorized to execute such documents or other instruments as may be necessary to assume and assign the Assigned Agreements to the Purchaser, and, for the reasons set forth in the Motion and on the record at the Hearing; and it is further

ORDERED that, pursuant to section 365(b)(1) of the Bankruptcy Code, the cure amount for each of the Assigned Agreements is fixed at the amount set forth on Exhibit C to the Motion, and the requirements of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code are deemed satisfied with respect to each of the Assigned Agreements; and it is further

ORDERED that, pursuant to section 365(f) of the Bankruptcy Code, LB 2080's right, title, and interest in and to the Property shall be sold to the Purchaser free and clear of any and all liens, claims, and encumbrances; and it is further

ORDERED that the assumption, assignment and sale of the Property to the Purchaser in accordance with the Sales Contract is a good faith transaction and the Purchaser is entitled to the protections afforded under section 363(m) of the Bankruptcy Code; and it is further

ORDERED that any rejection damage claim asserted by the counterparties to the Contracts shall be filed (subject to all of the LB 2080's rights, claims and defenses, including rights of setoff with respect to any such claims) on or before the final date for filing proofs of claim in LB 2080's chapter 11 case to be established by order of this Court, which proofs of claim shall be filed in accordance with the procedures set forth in such order; and it is further

ORDERED that the terms and provisions of the Sales Contract and this order shall be binding in all respects upon, and shall survive and shall inure to the benefit of the LB 2080, its estate, any trustee under any chapter of the bankruptcy code, the Purchaser and its affiliates, successors and permitted assigns, and any affected third parties, notwithstanding any subsequent dismissal or conversion of this case or the appointment of a trustee under any chapter of the bankruptcy code, and it is further

ORDERED that any omission of any particular provision of the Sales Contract from this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sales Contract be authorized and approved in its entirety, and it is further

ORDERED that LB 2080 is authorized, but not directed, to pay the fees of the Broker upon this Court's approval of the Debtors' retention of CBRE; and it is further

ORDERED that this Court retains exclusive jurisdiction over any and all disputes arising under or otherwise relating to the construction, performance, and enforcement of the terms and provisions of the Sales Contract and this Order; and it is further

ORDERED that the stays pursuant to Bankruptcy Rules 6004(h) and 6006(d) are hereby waived and this Order shall be effective immediately upon its entry.

Dated:  New York, New York
        June ___, 2009

_____
UNITED STATES BANKRUPTCY JUDGE