WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                                :
In re                                           :   Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :   08-13555 (JMP)
                                                :
                    Debtors.                    :   (Jointly Administered)
                                                :
                                                :
-------------------------------------------------------------------x
```

**DECLARATION OF SHAI Y. WAISMAN
IN SUPPORT OF ORDER TO SHOW CAUSE TO SHORTEN NOTICE
PERIOD FOR MOTION OF LB 2080 KALAKAUA OWNERS LLC
PURSUANT TO BANKRUPTCY CODE SECTIONS 363 AND 365 AND
BANKRUPTCY RULES 6004 AND 6006 FOR APPROVAL (i) TO SELL CERTAIN
REAL AND PERSONAL PROPERTY LOCATED IN HONOLULU, HAWAII,
(ii) TO REJECT OR ASSUME AND ASSIGN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES IN CONNECTION THEREWITH, AND (iii) RELATED RELIEF**

SHAI Y. WAISMAN, being duly sworn, hereby declares pursuant to section 1746

of title 28 of the United States Code:

1. I am an attorney admitted to practice before this Court and a partner of

Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc. ("LBHI") and its

affiliated debtors in the above-referenced chapter 11 cases, including LB 2080 Kalakaua Owners

LLC ("LB 2080"), as debtors and debtors in possession (together, the "Debtors" and, collectively

with their non-Debtor affiliates, "Lehman"). Unless otherwise indicated, I have knowledge of

the facts set forth herein from various employees of the Debtors and from the Debtors' professionals.

2.  I am submitting this declaration in support of the Order to Show Cause being contemporaneously submitted to proceed on an expedited notice schedule with respect to the motion, dated June 29, 2009 (the "Motion"), of LB 2080 Kalakaua Owners LLC ("LB 2080" and together with its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession, the "Debtors"), pursuant to sections 363 and 1146 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval (i) to sell certain real and personal property located in Honolulu, Hawaii (as more particularly described in the Motion, the "Property"), (ii) to reject or assume and assign executory contracts and unexpired leases in connection therewith, and (iii) related relief, all as more fully described in the Motion.

3.  Pursuant to the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837], the Motion requires at least twenty days' notice, plus an additional one days' notice for service by overnight delivery.  The Debtors are requesting an order to shorten the notice period ordinarily required and setting the date of July 13, 2009 for the hearing on the Motion.

**The Need for Shortened Notice with Respect to the Motion**

4.  Ample cause exists to shorten the notice period ordinarily required for the Motion. As more particularly described in the Motion, on June 25, 2009, LB 2080 entered into an agreement (the "Sales Contract") pursuant to which LB 2080 will assume, assign and sell LB 2080's interest in the Property to BW VCM Kalakaua, LLC (the "Purchaser"), an unaffiliated,

third-party purchaser (the "Proposed Sale").  The Proposed Sale will allow LB 2080 and its estate to immediately realize economic value through the proceeds generated by the Proposed Sale and the elimination of significant monthly losses incurred with respect to the Property.

5.  Under the terms of the Sales Contract, if the Court does not enter an order approving the Proposed Sale by July 13, 2009 at 5:00 p.m. (prevailing Eastern Time), the Purchaser shall have the right to unilaterally terminate the Sale Contract.  Even if the Purchaser does not exercise this termination right, the Sales Contract provides that in the event the court approves the Proposed Sale, the closing will take place not less than six business days after the entry of the order approving the Proposed Sale.  On the other hand, if the Court enters an order approving the Proposed Sale by July 13, 2009 at 5:00 p.m. (prevailing Eastern Time), the Sale Contract provides that closing must occur by July 14, 2009.  This will allow LB 2080 and its estate to avoid significant losses with respect to the Property.

6.  The Property is LB 2080's only significant asset.  The Property consists of a retail building situated upon a ground lease and ground sublease (the "Ground Leases"). The rental income currently generated by the Property is far from sufficient to cover the Property's current monthly operating costs.  As a result, LB 2080 has incurred and continues to incur significant monthly losses with respect to the Property.  If the Motion is not heard on July 13, 2009, LB 2080 and its estate will face further monthly losses with respect to the Property. Additionally, pursuant to section 365(d)(3) of the Bankruptcy Code, LB 2080 must timely perform all of its obligations under the Ground Leases, including the payment of the monthly rent as due and owing.  LB 2080 estimates that there may be outstanding rent and related obligations of up to approximately $1,154,187.15 as of July 14, 2009.  For each day after July 14, 2009, this amount may increase by up to $17,398.36.  Consequently, absent a prompt sale of

the Property, the ability of LB 2080 and its estate to realize the full economic benefits of the Sales Contract and satisfy its mounting expenses will be severely jeopardized, and LB 2080 and its estate will be unduly burdened by further monthly losses with respect to Property.

7. Instead, if the Motion is heard on July 13, 2009, LB 2080 and the Purchaser will be able to quickly consummate the Proposed Sale, stem the monthly losses arising from the Property, provide for the assignment of LB 2080's obligations under, among other things, the Ground Leases, and provide LB 2080 with proceeds of $3 million from the Proposed Sale, amounts which LB 2080 may be able to use to satisfy administrative expenses and, to the extent applicable, LB 2080's prepetition creditors.

8. Accordingly, LB 2080 requests that the Court enter the Order to Show Cause to proceed to shorten the notice period for the motion by one day, so the motion can be considered on Motion on July 13, 2009 at 10:00 a.m. (Prevailing Eastern Time), with objections and responses, if any, to be received by July 8, 2009 at 4:00 p.m. (Prevailing Eastern Time).

Dated: June 29, 2009
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession