**Hearing Date and Time:  June 29, 2009 at 2:00 p.m. (Eastern)**

WHITE & CASE LLP
Abraham L. Zylberberg, Esq.
1155 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113

Counsel for Certain Members and Customers of the Members of the Deutscher Sparkassen und Giroverband


**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | 08-13555 (JMP) |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | (Jointly Administered) |
| **DEBTORS.** | : | |
| | : | |

----------------------------------------------------------------x


**SUR-REPLY OF CERTAIN MEMBERS AND CUSTOMERS OF THE MEMBERS OF THE DEUTSCHER SPARKASSEN UND GIROVERBAND TO DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO MOTION OF THE DEBTORS, PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3), FOR ESTABLISHMENT OF THE DEADLINE FOR FILING PROOFS OF CLAIM, APPROVAL OF THE FORM AND MANNER OF NOTICE THEREOF AND <u>APPROVAL OF THE PROOF OF CLAIM FORM</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Certain members and customers of the members of the Deutscher Sparkassen und

Giroverband, through their undersigned counsel, White & Case LLP ("<u>White & Case</u>"), respond

to the Debtors' Omnibus Reply (the "<u>Debtors' Reply</u>") to Objections to Motion of the Debtors,

Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for

Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof Of Claim Form (the "<u>Motion</u>"), and state as follows:

**Background**

1. The Deutscher Sparkassen- und Giroverband ("<u>DSGV</u>") is the umbrella organization of the Sparkassen-Finanzgruppe and its 477 savings banks, 11 *Landesbanken*, 11 *Landesbausparkassen*, 13 public insurance companies and many other financial service providers (collectively, the "<u>DSGV Members</u>").  Through DSGV's organizational efforts, about 45 DSGV Members and 10,000 of the retail customers of DSGV Members (each a "<u>DSGV Objector</u>," and collectively, the "<u>DSGV Objectors</u>") that hold debt securities and other debt instruments issued by the Debtors and their affiliates (the "<u>Debt Instruments</u>") and, in most cases, guaranteed by Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), have joined together to efficiently protect their rights and assert their claims.  A list of the DSGV Objectors will be made available to the Debtors upon request.

2. As set forth in the DSGV Objectors' objection, dated June 12, 2009 (the "<u>Objection</u>"), the vast majority of the DSGV Objectors' claims are based on various guarantees issued by LBHI for payments to be made by its Dutch subsidiary, Lehman Brothers Treasury Co. B.V. ("<u>LBT</u>").  LBT was the issuer of various types of bonds which were sold to the DSGV Objectors under, *inter alia*, the USD 4,000,000,000 German Note Issuance Program and the USD 100,000,000,000 Euro Medium Term Note Program.  The respective guarantees were either incorporated or referred to in the relevant base prospectuses on the basis of which Debt Instruments were issued.  The Debt Instruments issued by LBT can mainly be classified in four different types:  (i) interest-linked instruments, (ii) redemption-linked instruments, (iii) interest and redemption linked instruments and (iv) fixed or floating rate notes.  Moreover, some of the

DSGV Objectors hold claims based on Debt Instruments issued by LBHI. The Debt Instruments are generally governed by German law and do not provide for indenture trustees or similar agents that can act on behalf of holders.

3. While each of the above-described Debt Instruments is ultimately held of record by and is registered in the name of a central securities depository (such as Euroclear) or its nominee, the DSGV Objectors, through DSGV Members and possibly other intermediaries, ultimately hold the beneficial and economic interests therein. Moreover, under German law each such DSGV Objector holding such Debt Instrument (the terms and conditions of which are governed by German law) holds (partial) legal title to such Debt Instrument.

4. Each DSGV Objector has retained White & Case, through its Frankfurt office, and given it a power of attorney-in-fact to act in respect of such DSGV Objector's claims against LBHI and its affiliates. It is anticipated that other customers of DSGV Members may join the DSGV Objectors.

**Response to the Debtors' Reply**

5. In their reply and the revised proposed order filed today, the Debtors addressed some of the DSGV Objectors' objections and concerns. They did not, however, resolve the core issue of the Objection: the undue burden that the Debtors seek to impose on holders of debt securities guaranteed by LBHI through additional filing requirements, which threaten to keep tens of thousands of such holders, mostly outside the United States, from participating in the Debtors' chapter 11 cases.

6. Instead of addressing such issue, in their reply, the Debtors focused on their asserted need for additional documentation for claims arising from "Derivative Contracts." They set forth no basis for requiring additional documentation for "Guarantees."

7.      The Debtors' proposed filing requirements, as set forth in their revised proposed order, take no account of the fact that the vast majority of the holders of claims arising from Guarantees are, unlike holders of claims arising from Derivative Contracts, non-U.S. individual holders of LBHI-guaranteed notes issued by LBHI affiliates.  Such individuals may be elderly and have little or no command of the English language, much less the legal and technical sophistication required to comply with all the additional burdens the Debtors would impose.  Indeed, many such holders may not be in possession of the information required of them (such as the amounts of their claims as of the Petition Date, in the case of holders of LBHI-guaranteed linked-notes), and may not have access to it.  Even if they could reasonably overcome all these hurdles, the short time before the proposed claims bar date together with the multiplicity of parties through which notice of the claims procedures and bar date must pass before such claim holders will receive word of what they must do casts doubt on whether many will have sufficient time to act, particularly in these summer months, when many European institutions slow down and become less responsive.

8.      Following the Court's suggestion at the hearing held on June 24, 2009 that objectors to the Motion seek to work with the Debtors to find a workable solution, the DSGV Objectors joined an ad hoc group of creditors who are attempting to find a way to customize the claims resolution process with respect to claims arising from Guarantees based on debt securities in a manner that will address the concerns of all interested parties.  A representative of the group approached the Debtors' counsel and proposed a framework in which (i) notes issued by Dutch/German entities would be scheduled so that individual noteholders would not have to file claims, but Lehman would reserve its rights to contest its Guarantee liability, if any, at a later point; (ii) notices, objections, and distributions could be made through the same mechanisms that

existed before Lehman's bankruptcy - through Euroclear and other clearinghouses; (iii) more effective publication notice would be implemented, including expanded publication in the foreign language press; and (iv) any noteholder, nominee, or agent that wanted to file a proof of claim and fill out the Questionnaire could do so.

9. White & Case was informed that the Debtors rejected the proposal out of hand.

10. The revised proposed order filed today does not incorporate the framework described above.

11. As a result, the DSGV Objectors' concerns regarding undue burden remain unresolved.

12. The DSGV Objectors submit that the proposed framework described above strikes the proper balance between the interests of the Debtors and those of the ad hoc group. The DSGV Objectors are, of course, willing to investigate other reasonable alternatives, but wish to draw the Court's attention to a few sections of the Debtors' revised proposed order that remain particularly problematic:

13. <u>First</u>, the revised proposed order contains the following language: "ORDERED that each Proof of Claim must . . . be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant . . . " (Revised Proposed Order at 6.) Such language would prohibit authorized agents from filing proofs of claim on behalf of individual claimants. The DSGV Objectors submit that there is no rational reason for distinguishing between individuals and other persons with respect to the ability to authorize agents to file proofs of claim. The Federal Rules of Bankruptcy Procedure make no such distinction. Fed. R. Bankr. P. 3001(b) ("A proof of claim shall be executed by the creditor <u>or the creditor's authorized agent</u> except as provided in Rules 3004 [Filing of Claims by Debtor or Trustee] and 3005 [Filing of

Claim, Acceptance, or Rejection by Guarantor, Surety, Indorser, or Other Codebtor].") (emphasis added). The Debtors' proposed restriction is unduly burdensome, particularly for individual claimants located abroad. The vast majority of the DSGV Objectors fall into such category and have granted powers of attorney to White & Case. The Debtors have set forth no reason why White & Case should not be permitted to file proofs of claim on these Objectors' behalf. The DSGV Objectors submit that the language between the commas should be stricken from the above-quoted section of the order.

14.    Second, the revised proposed order contains the following language: "ORDERED that Proofs of Claims may only be filed by parties that are authorized to file such claims in accordance with Bankruptcy Code and the Bankruptcy Rules . . . " (Revised Proposed Order at 12.) The Debtors stated in their Reply that they "do not intend to modify the Bankruptcy Code or the Bankruptcy Rules with respect to the authority of parties to file claims." (Reply Ex. A at 1.) The DSGV Objectors submit that the order should expressly provide that both record holders and beneficial holders of notes subject to Guarantees are authorized to file proofs of claim. The proof of claim process should be straightforward and equitable and noteholders should not be prejudiced because of ambiguity in the note documentation as to the identity of the party authorized to file a claim. Moreover, in the event a party purportedly authorized to file a Guarantee claim fails to do so, the beneficial holders should have recourse to file a claim on their own behalf.

15.    Third, the DSGV Objectors submit that the order should expressly permit authorized agents to file consolidated proofs of claim, as has been permitted in other cases. See, e.g., In re Enron Corp., No. 01-16034 (Bankr. S.D.N.Y.) (Stipulation and Order Authorizing JPMorgan Chase Bank, as Administrative Agent, to File Various Consolidated Proofs of Claim

on Behalf of Certain Prepetition Lender Groups, dated October 9, 2002).  There should be no legal or practical obstacle to having a commonly authorized agent of numerous holders execute and file a single document listing all the holders of a particular note issue that are customers of a particular bank, together with the information required from each holder from the proof of claim form and questionnaire in a spreadsheet format, with a certificate from the bank that such holders are true holders and a copy of the relevant guarantee.  There is no reason why the commonly authorized agent should have to sign individual forms or individually upload the same data many hundreds or thousands of times.

WHEREFORE, for the foregoing reasons and the reasons set forth in the Objection, the DSGV Objectors request that the Court deny the Motion to the extent that it would (i) authorize a proof of claim to be disallowed on the basis (a) that it was filed by any holder of record of or holder of a beneficial interest in a Debt Instrument issued or guaranteed by any of the Debtors, (b) of any failure to file, submit or upload anything beyond what the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (including the Official Form) or other applicable law requires; or (ii) prevent the DSGV Objectors from adapting the form of their proof of claim filings, so long as such filings otherwise comply with applicable law, or prevent them from seeking advance Court approval of any such adaptations; and the DSGV Objectors further request that the Court set the claims filing deadline on October 31, 2009 and that any other appropriate relief be granted the DSGV Objectors, including the revisions to the proposed order set forth above.

Dated: June 29, 2009
      New York, New York

Respectfully submitted,

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Abraham L. Zylberberg

By:     /s/ Abraham L. Zylberberg
    Abraham L. Zylberberg

ATTORNEYS FOR CERTAIN MEMBERS
AND CUSTOMERS OF THE MEMBERS OF
THE DEUTSCHER SPARKASSEN UND
GIROVERBAND