UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
                                                                             :

In re                                         :          Chapter 11 Case No.
                                         :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :          08-13555 (JMP)
                                         :

                         Debtors.        :          (Jointly Administered)
                                         :

                                         :

---------------------------------------------------------------------x

**ORDER GRANTING IN PART AND DENYING IN PART THE
MOTION OF BASSO CAPITAL MANAGEMENT, L.P. FOR
RELIEF CONCERNING CERTAIN CONTRACTS THAT DEBTOR
MOVED TO REJECT, THEN SOUGHT TO ASSUME WITHOUT
PROVIDING SUFFICIENT NOTICE AND AN OPPORTUNITY TO OBJECT**

Upon the motion, dated May 7, 2009 (the "Motion"), of Basso Capital

Management, L.P., investment manager for Basso Credit Opportunities Holding Fund

Ltd., Basso Fund Ltd., and Basso Multi-Strategy Holding Fund Ltd. (collectively,

"Basso") pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, made applicable

hereto by Rule 9024 of the Federal Rules of Bankruptcy Procedure, and Section 105(a) of

the Bankruptcy Code for entry of an order amending or modifying the December 16,

2008, Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption

or Rejection of Open Trade Confirmations [Docket No. 2258] (the "December 16

Order") on the limited issue of whether Lehman Commercial Paper Inc. ("LCPI"), a

debtor in the above-referenced bankruptcy cases, as debtor and debtor in possession,

should be permitted to assume three open trade confirmations with Basso, key details of

which are set forth on Exhibit A annexed hereto (the "Basso Trades"), all as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing

Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any

and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided

in accordance with the procedures set forth in the Amended Order Pursuant to Section

105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing

Certain Notice and Case Management Procedures [Docket No. 2837] (the "Amended

Case Management Order"); and it appearing that no other or further notice need be

provided; and the Debtors having filed an objection to the Motion, dated May 28, 2009

[Docket No. 3683 ]; and Basso having filed a Reply Memorandum in further support of

its Motion, dated June 2, 2009 [Docket No. 3731];  and a hearing having been held on

June 3, 2009 (the "Hearing") to consider the relief requested in the Motion; and the Court

having ruled on the Motion at the Hearing, it is

ORDERED that the Motion is granted in part and denied in part, as set

forth herein; and it is further

ORDERED that the December 16 Order is hereby vacated only to the

extent that it approved LCPI's assumption of the Basso Trades; and it is further

ORDERED that the Motion is expressly denied to the extent it sought an

order approving LCPI's  rejection of  the Basso Trades; and it is further

2

ORDERED that notwithstanding anything to the contrary, to the extend applicable, in the Stipulation and Agreed Order Resolving Motion to Compel [docket no. 1400], LCPI is granted leave to file a new motion seeking to assume or reject the Basso Trades (the "Basso Assumption/Rejection Motion"), and Basso shall be afforded the period of time to object to the Basso Assumption/Rejection Motion that is set forth in the Amended Case Management Order; and it is further

ORDERED that nothing contained herein is intended or should be construed as a ruling as to the validity of the Basso Trades or whether they should be assumed or rejected; and it is further

ORDERED that this Court retains jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.


Dated: New York, New York
       June 29, 2009


                                    _s/ James M. Peck_____
                                    UNITED STATES BANKRUPTCY JUDGE

EXHIBIT A


(The Basso Trades)

| Trade Counterparty | Borrower | Tranche | B/S | Trade Date |
|---|---|---|---|---|
| Basso Credit Opportunities Holding Fund Ltd. | GREEKTOWN HOLDINGS, L.L.C. | Term B Loan | Sale | 6/3/2008 |
| Basso Fund Ltd | GREEKTOWN HOLDINGS, L.L.C. | Term B Loan | Sale | 6/3/2008 |
| Basso Multi-Strategy Holding Fund Ltd | GREEKTOWN HOLDINGS, L.L.C. | Term B Loan | Sale | 6/3/2008 |