**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
                                                                          :
In re                                                                     :    Chapter 11 Case No.
                                                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                          :
                            Debtors.                              :    (Jointly Administered)
                                                                          :
                                                                          :
-----------------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AUTHORIZING LEHMAN BROTHERS HOLDINGS INC. TO RESTRUCTURE CERTAIN LOANS WITH BROADWAY PARTNERS FUND MANAGER, LLC, ET. AL.

Upon the motion, dated June 4, 2009 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization and approval of LBHI's restructuring of certain loans with Broadway Partners Fund Manager, LLC (the "Settlement") substantially consistent with the agreement and term sheet (together, the "Term Sheet") annexed hereto as Exhibit A; and upon the Declaration of Shai Y. Waisman, dated June 26, 2009 (the "Declaration"), attesting to the necessity for a waiver of the ten-day stay pursuant to Bankruptcy Rule 6004(h); and the Court having jurisdiction to consider the Motion and the relief requested

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to Broadway Partners; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion and the Declaration is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion and the Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it hereby is:

ORDERED that the relief requested in the Motion is granted; and it is further

ORDERED that, pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, the Term Sheet and the Settlement are hereby approved, in all respects; and it is further

ORDERED that LBHI is hereby authorized to enter into the transactions contemplated by and in substantial accordance with the Term Sheet and Settlement and to consummate all of the transactions contemplated thereby; and it is further

ORDERED that LBHI is hereby authorized to perform each and every term of the Settlement in accordance with its terms and this Order; and it is further

ORDERED that the obligations of LBHI under the Term Sheet and Settlement, including without limitation, all related transaction documents, shall, to the extent not otherwise provided for in the Term Sheet and related transaction documents, survive confirmation of any plan in the LBHI bankruptcy case and shall not be discharged under section 1141 of the Bankruptcy Code and no plan shall be confirmed in the LBHI bankruptcy case that is inconsistent with this order; and it is further

ORDERED that LBHI is authorized to execute and deliver such assignments, conveyances, and other documents, and instruments of transfer and to take such other actions as may be reasonably necessary to accomplish the foregoing; and it is further

ORDERED that notwithstanding anything to the contrary in the Term Sheet, the Settlement or related transaction documents, nothing in any of the foregoing or this Order shall prejudice, affect or be deemed a waiver of the rights or benefits of any mortgage or mezzanine lender senior to Lehman in respect of the BIII Portfolio Properties under any mortgage or mezzanine loan documents and applicable intercreditor agreements, including without limitation, any and all consent rights with respect to these transactions and such mortgage or mezzanine loan documents and applicable intercreditor

agreements shall not be modified or amended in any way by the terms of this Order, the Term Sheet or the Settlement; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order and any disputes that may arise in the future with respect to the Settlement and the Term Sheet; and it is further

ORDERED that the stay imposed pursuant to Bankruptcy Rule 6004(h) hereby is waived and this Order shall be effective immediately upon its entry.

Dated: New York, New York
       June 29, 2009

                                    *s/ James M. Peck*
                                    UNITED STATES BANKRUPTCY JUDGE