Hearing Date and Time: July 15, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: July 10, 2009 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                              :    Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
:
Debtors.                         :    (Jointly Administered)
:
:
------------------------------------------------------------------x

**NOTICE OF MOTION PURSUANT TO**
**SECTIONS 365(A) AND 562(A) OF THE BANKRUPTCY CODE FOR**
**AUTHORIZATION TO REJECT EXECUTORY CONTRACT BETWEEN**
**LEHMAN BROTHERS SPECIAL FINANCING INC. AND JANA MASTER FUND, LTD.**

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Special Financing Inc. ("LBSF") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors"), pursuant to sections 365(a) and 562(a) of title 11 of the United States Code and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure, for authorization to reject an executory contract between LBSF and Jana Master Fund, Ltd., all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York, 10004 (the "Bankruptcy Court"), on **July 15, 2009 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Lori R. Fife, Esq. and Robert J. Lemons, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) JANA Master Fund, Ltd., c/o JANA Partners LLC, 200 Park Avenue, Suite 3300, New York, New York, 10166 (Attn: Charles Penner), so as to be so filed and received by no later than **July 10, 2009 at 4:00 p.m. (prevailing Eastern Time)** (the "<u>Objection Deadline</u>").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: June 30, 2009
      New York, New York

/s/ Robert J. Lemons
Lori R. Fife
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time:  July 15, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  July 10, 2009 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                                  :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :    **08-13555 (JMP)**
:
  **Debtors.**                          :    **(Jointly Administered)**
:
:
------------------------------------------------------------------x

**MOTION PURSUANT TO SECTIONS 365(A) AND 562(A) OF THE BANKRUPTCY
CODE FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT BETWEEN
<u>LEHMAN BROTHERS SPECIAL FINANCING INC. AND JANA MASTER FUND, LTD.</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Special Financing Inc. ("<u>LBSF</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (together, the "<u>Debtors</u>" and, collectively with their non-debtor affiliates, "<u>Lehman</u>"), respectfully represent:

**Background**

1.  Commencing on September 15, 2008, and periodically thereafter (as applicable, the "<u>Commencement Date</u>"), Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  The Debtors' chapter 11 cases have been

consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner"), and by order dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

## Jurisdiction

4.  This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relief Requested

5.  LBSF requests authorization, pursuant to sections 365(a) and 562(a) of the Bankruptcy Code, to reject the Agreement (as defined below) between LBSF and JANA Master Fund, Ltd. ("JANA"). A copy of the Agreement is annexed hereto as Exhibit A.

## The Agreement

6.  LSBF and JANA entered into a standard 1992 ISDA Master Agreement dated as of March 14, 2007 (the 1992 ISDA Master Agreement and schedule thereto, including the related credit support annex, as amended by the First Amendment Agreement dated as of August 1, 2007 between LBSF and JANA, collectively referred to as, the "Master Agreement"). The Master Agreement provides the basic terms of the parties' contractual relationship and

contemplates being supplemented by trade confirmations that provide the economic terms of the specific transactions agreed to by the parties.

7.   Prior to the Commencement Date, LBSF and JANA had entered into five credit default swap transactions that remain open under the Master Agreement (each, a "Transaction" and collectively, the "Transactions"), the terms of each of which were documented pursuant to a separate trade confirmation (each, a "Confirmation" and collectively, the "Confirmations" and together with the Master Agreement, the "Agreement").  LBHI acts as a credit support provider for the payment obligations of LBSF under the Agreement.  *See* Exhibit A of the schedule to the Master Agreement.

8.   Under the Transactions, LSBF sold credit protection to JANA that would require LBSF to pay JANA if any of the following companies – Gannett Co., Inc. (in the case of two Transactions), Valero Energy Corporation (in the case of two Transactions), and Tesoro Corporation (each referred to in the Confirmations as the "underlying" and herein collectively as, the "Reference Entities") – were at any time during the approximately five year period ending March 2013 (in the case of two Transactions) or September 2013 (in the case of three Transactions) to experience certain "credit events."  These credit events include any of the Reference Entities becoming insolvent, subject to the appointment of an administrator, conservator, or receiver, or failing to pay certain of their obligations.  In exchange for this credit protection, JANA is required to make quarterly, fixed rate payments to LBSF on the notional amount for each Transaction.  These payments are similar to an insurance premium.  JANA, however, has not made any of its required payments since the Commencement Date (the "Unpaid Amounts").

9. Based upon LBSF's calculations, the Agreement is significantly out-of-the-money to LBSF on a mark-to-market value basis. Because of the deterioration and volatility of the credit markets and the increased credit risk of the Reference Entities as a whole since the Transactions were entered into, LBSF has determined that it would be beneficial to fix its liability under the Agreement as of the rejection date and thereby prevent any potential increase in such liability that may occur between the date hereof and the scheduled termination dates of the Transactions in 2013.

### Rejection of the Agreement Is Supported
### By LBSF's Business Judgment and Should Be Approved

10. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993).

11. Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve such rejection under section 365(a) of the Bankruptcy Code. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard used to authorize rejection of executory contracts); *Nostas Assocs. v. Costich* (*In re Klein Sleep Products, Inc.*), 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to authorize rejection of executory contracts); *In re Minges*, 602 F.2d 38, 42-43 (2d Cir.

1979) (holding that the "business judgment" test is appropriate for determining when an executory contract can be rejected).

12. Proper business reasons for rejecting a contract include that it would be financially burdensome or not economically beneficial to the estate if the debtor was required to perform its obligations through expiration of the contract. *Minges*, 602 F.2d at 42; *In re RLR Celestial Homes, Inc.*, 108 B.R. 36, 43 (Bankr. S.D.N.Y. 1989).

13. LBSF reviewed the Agreement to determine whether the assumption or rejection of the Agreement would be beneficial to its estate. As part of that review, LBSF determined that the Agreement is significantly out-of-the-money to LBSF on a mark-to-market value basis. Because the Transactions do not mature until March 20, 2013 or September 20, 2013, LBSF has determined to fix any damages arising under the Agreement as of the rejection date rather than assuming the Agreement or letting the Agreement remain open and take the risk that a credit event could occur – given the uncertainty regarding the conditions of the credit markets generally and the credit risk of the Reference Entities in particular – which would increase JANA's claims against LBSF and LBHI. In addition, if the credit risk of the Reference Entities were to continue to increase, then LBSF would be subject to greater damages claims if it later rejected the Agreement. Accordingly, LBSF has determined that rejection of the Agreement is the best means to minimize JANA's claims against the estates.

14. In light of these factors and in furtherance of its duties to preserve and maximize value of its estate, rejection of the Agreement now is an exercise of sound business judgment and should be approved.

**Claims Relating to Rejection of the Agreement**

15. Section 562(a) of the Bankruptcy Code provides that damages arising upon the rejection of contracts such as the Agreement are measured as of the earlier of the rejection date or termination date.  11 U.S.C. § 562(a).

16. Consistent with section 562(a) of the Bankruptcy Code, LBSF will have the option to calculate the damages arising under the Agreement as of the rejection date and deliver a statement (the "Damages Calculation") to JANA describing such calculations in reasonable detail within ten (10) business days from the entry of an order approving this Motion. Consistent with the terms of the Agreement, the total claim under the Damages Calculation will also take into account the Unpaid Amounts.

17. If LBSF does not deliver a Damages Calculation or JANA disputes the amount of damages set forth in the Damages Calculation, LBSF requests that JANA be required to file a proof of claim, in compliance with the terms established by any order of this Court establishing a deadline for filing proofs of prepetition claims in LBSF's chapter 11 case (a "Bar Date Order"), for the damages arising under the Agreement by the later of (i) the date established by a Bar Date Order or (ii) thirty (30) days from the date of entry of an order granting the relief requested herein.

18. If JANA timely files a proof of claim in compliance with the terms established by a Bar Date Order, then (i) JANA, LBSF, and LBHI will each have the ability to assert all rights in respect of claims arising under the Agreement and (ii) any party in interest will have the right to object to such proofs of claim arising under the Agreement. If LBSF timely delivers a Damages Calculation and JANA does not timely file a proof of claim in compliance with the terms established by a Bar Date Order, then JANA will be deemed to have an allowed general unsecured claim against each of LBSF and LBHI (although JANA will not be entitled to

distributions in excess of the amount of such claim) in the amount set forth in the Damages Calculation delivered to JANA by LBSF, and JANA will have no right to assert any other claims or claim amounts under the Agreement.

19. If LBSF does not timely deliver a Damages Calculation and JANA does not timely file a proof of claim in compliance with the Bar Date Order, then JANA will not be allowed any claim against LBSF or LBHI in respect of the Agreement.

### Notice

20. No trustee has been appointed in these chapter 11 cases. The Debtors, in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837], have served notice of this Motion on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) JANA Master Fund, Ltd.; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

21. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: June 30, 2009
      New York, New York

/s/ Robert J. Lemons
Lori R. Fife
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
: 
In re                                               :    Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :    08-13555 (JMP)
                                                    :
    Debtors.                                        :    (Jointly Administered)
                                                    :
                                                    :
----------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 365(A) AND 562(A) OF THE BANKRUPTCY CODE AUTHORIZING REJECTION OF EXECUTORY CONTRACT BETWEEN LEHMAN BROTHERS SPECIAL FINANCING INC. AND JANA MASTER FUND, LTD.**

Upon the motion dated June 30, 2009 (the "Motion") of Lehman Brother Special Financing Inc. ("LBSF") and its affiliated debtors in the above-referenced Chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 365(a) and 562(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to reject the executory contract, dated March 14, 2007 (the "Master Agreement") and all confirmations thereunder (together with the Master Agreement, the "Agreement") governed by such Master Agreement, between LBSF and JANA Master Fund, Ltd. ("JANA"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee

for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) JANA Master Fund, Ltd.; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, rejection of the Agreement is approved; and it is further

ORDERED that, pursuant to section 562(a) of the Bankruptcy Code, any claim for damages arising as a result of LBSF's rejection of the Agreement shall be determined as of the date of this Order; and it is further

ORDERED that, pursuant to section 562(a) of the Bankruptcy Code, LBSF shall have the option to deliver to JANA within ten (10) business days of the date hereof a statement that describes in reasonable detail the calculations used to determine the damages arising under the Agreement as a result of the LBSF's rejection (the "Damages Calculation"); and it is further

ORDERED that if LBSF does not deliver a Damages Calculation within ten (10) days of the date hereof or JANA disputes the amount of damages set forth in LBSF's Damages Calculation, JANA shall file a proof of claim, in compliance with the terms established by any order of this Court establishing a deadline for filing proofs of prepetition claims in LBSF's

chapter 11 case (a "Bar Date Order"), for the damages arising under the Agreement by the later of (i) the date established by a Bar Date Order or (ii) thirty (30) days from the date of entry of an order granting the relief requested herein; and it is further

ORDERED that if LBSF timely delivers a Damages Calculation and JANA does not timely file a proof of claim in compliance with the terms established by a Bar Date Order, JANA shall be deemed to have an allowed general unsecured claim against each of LBSF and LBHI (although JANA will not be entitled to distributions in excess of the amount of such claim) in the amount set forth in the Damages Calculation delivered to JANA by LBSF, and JANA will have no right to assert any other claims or claim amounts under the Agreement; and it is further

ORDERED that if LBSF does not timely deliver a Damages Calculation and JANA does not timely fie a proof of claim in compliance with the Bar Date Order, then JANA will not be allowed any claim against LBSF or LBHI in respect of the Agreement; and it if further

ORDERED that if JANA timely files a proof of claim in compliance with the terms established by a Bar Date Order, then (i) JANA, LBSF, and LBHI shall each have the ability to assert all rights in respect of claims arising under the Agreement and (ii) any party in interest shall have the right to object to such proofs of claim arising under the Agreement; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July __, 2009
    New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE