UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

------------------------------------------------------------x

## AFFIDAVIT AND DISCLOSURE STATEMENT OF DANIEL MCNULTY, ON BEHALF OF DTZ ROCKWOOD LLC

| | |
|---|---|
| STATE OF New York | ) |
| | ) ss: |
| COUNTY OF New York | ) |

Daniel McNulty, being duly sworn, upon his oath, deposes and says:

1. I am Co-Chairman and Co-Chief Executive Officer of DTZ Rockwood LLC, located at 555 Fifth Avenue, New York, NY 10017 (the "Firm").

2. Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), have requested that the Firm provide brokerage services to the Debtors, and the Firm has consented to provide such services. As a matter of disclosure, the Firm will also be providing real estate advisory services, such as advising Lehman with respect to certain mezzanine loans held by Lehman relating to real estate properties, (the "Advisory Services") to the Debtors. The Firm has been advising the Debtors with respect to the Advisory Services since 2000. Further, it is the Firm's understanding that prior to the commencement of the Debtors chapter 11 cases, Lehman typically utilized the

NY2:\1989839\01\16NDB01!.DOC\58399.0003

services of other real estate advisory firms in the ordinary course of business. Accordingly, it is our belief that the Advisory Services to be provided by the Firm do not require Court approval.

3. I submit this Affidavit in accordance with the procedures set forth in the order entered November 5, 2008 authorizing the Debtors to employ professionals utilized in the ordinary course of business [Docket No. 1394] in connection with the Firm's engagement with the Debtors, pursuant to sections 105(a), 327(a), 328, 330 and 504 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

4. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

5. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

6. Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

7. The Debtors owe the Firm $308,042.71 for prepetition services. If approved to provide services to the Debtor, the Firm will waive this claim.

8.       The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.[1]

By: _____
Daniel McNulty

Subscribed and sworn to before me
this 29 day of June, 2009

_____
Notary Public

ELLEN BURKE
Notary Public, State of New York
No. 01BU4801589
Qualified in Westchester County
Commission Expires November 30, 2029

---

[1] If necessary.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    08-13555 (JMP)
                                                               :
                            Debtors.                           :    (Jointly Administered)
                                                               :
                                                               :
---------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEHMAN BROTHERS HOLDINGS INC. OR ANY OF ITS DEBTOR AFFILIATES (collectively, the "Debtors")


DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:

    Weil, Gotshal & Manges LLP
    767 Fifth Avenue
    New York, New York 10153
    Attn:  Jennifer Sapp
            Christopher Stauble

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

    DTZ Rockwood LLC

    555 Fifth Avenue

    New York, NY 10017


2. Date of retention:    June, 2009

3. Type of services provided (accounting, legal, etc.):

   Brokerage services

4. Brief description of services to be provided:

   Serve as advisor, structuring agent and information agent with respect to the marketing and sale of collateral consisting of equity interests in entities that directly or indirectly own real property.

5. Arrangements for compensation (hourly, contingent, etc.)

   Advisory fee plus success fees

   (a) Average hourly rate (if applicable):

   (b) Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

6. Prepetition claims against the Debtors held by the firm:

   Amount of claim:   $380,042.71, which will be waived entirely if the firm is approved.

   Date claim arose:  September, 2008

   Source of Claim:   Advisory services

7. Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

   Name: None

08-13555-mg    Doc 4257    Filed 07/01/09    Entered 07/01/09 17:02:30    Main Document
Pg 6 of 6

Status: _____

Amount of Claim:  $_____

Date claim arose: _____

Source of claim: _____

_____

_____

_____

8. Stock of the Debtors currently held by the firm:

   Kind of shares:  None_____

   No. of shares:  _____

9. Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

   Name:  None_____

   Status: _____

   _____

   Kind of shares: _____

   No. of shares: _____

10. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

    <u>None</u>_____

    _____

11. Name of individual completing this form:

    Daniel McNulty