**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
James J. Thomas (jthomas@windelsmarx.com)
Robert A. Rossi (rrossi@windelsmarx.com)

Ordinary Course Professionals for
Lehman Brothers Holdings, Inc., *et al.*,
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
In re:                                      :       Chapter 11 Case
                                            :       No. 08-13555 (JMP)
                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :       <u>JOINTLY ADMINISTERED</u>
                                            :
             Debtors.                       :
                                            :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## APPLICATION OF
## WINDELS MARX LANE & MITTENDORF, LLP,
## FOR AN AWARD OF COMPENSATION AND
## REIMBURSEMENT OF EXPENSES FOR THE PERIOD
## <u>MAY 1, 2009 THROUGH MAY 31, 2009</u>

Monthly Fees Sought for Payment:        $168,594.50
Monthly Expenses Sought for Payment:    $2,258.60

Total Amount Sought for Payment:        $170,853.10

| Name of Professional | Year Admitted | Hours Engaged During Period | Rate(s) | Total | Fees Charged for Similar Work in Bankruptcy Matter and Percentage | | Time Records Submitted |
|---|---|---|---|---|---|---|---|
| **Partner** | | | | | | | |
| David L. Glanz | 1980 | 15.00 | $495 | $7,425.00 | Same | 100% | Yes |
| Alan Landzberg | 1979 | 2.20 | $495 | $1,078.00 | Same | 100% | Yes |
| Edward E. Shea | 1961 | 0.70 | $525 | $367.50 | Same | 100% | Yes |

{10515667:1}

| Name of Professional | Year Admitted | Hours Engaged During Period | Rate(s) | Total | Fees Charged for Similar Work in Bankruptcy Matter and Percentage | | Time Records Submitted |
|---|---|---|---|---|---|---|---|
| Robert A. Rossi | 1989 | 49.9 | $525 | $23,947.50 | Same | 100% | Yes |
| Mark A. Slama | 1987 | 29.70 | $440 | $13,068.00 | Same | 100% | Yes |
| Charles E. Simpson | 1978 | 3.3 | $790 | $2,607.00 | Same | 100% | Yes |
| James J. Thomas | 1986 | 10.60 | $700 | $7,420.00 | Same | 100% | Yes |
| **Special Counsel** | | | | | | | |
| Thomas A. Banahan | 1980 | 30.80 | $495 | $15,246.00 | Same | 100% | Yes |
| Deborah H. Bindler | 1981 | 0.40 | $425 | $170.00 | Same | 100% | Yes |
| Clifford H. Stein | 1981 | 16.00 | $450 | $9,450.00 | Same | 100% | Yes |
| **Associate** | | | | | | | |
| Wayne S. Cook, Jr. | 1999 | 54.00 | $410 | $22,140.00 | Same | 100% | Yes |
| Derek Etheridge | 2004 | 17.40 | $315 | $5,481.00 | Same | 100% | Yes |
| Carrie E. Foote | 2002 | 42.80 | $350 | $14,980.00 | Same | 100% | Yes |
| Kim M. Longo | 2002 | 18.80 | $350 | $6,580.00 | Same | 100% | Yes |
| Samuel Mizrahi | 1993 | 73.10 | $365 | $26,681.50 | Same | 100% | Yes |
| Douglas A. Stevinson | 1999 | 0.20 | $340 | $68.00 | Same | 100% | Yes |
| Richard Zoffinger | 2001 | 18.10 | $350 | $6,335.00 | Same | 100% | Yes |
| **Legal Assistants/Law Clerks** | | | | | Same | 100% | Yes |
| Michele Agnello | | 3.90 | $185 | $721.50 | Same | 100% | Yes |
| Anna Cote | | 3.10 | $235 | $728.50 | Same | 100% | Yes |
| Lana Dubiago | | 8.20 | $170 | $1,394.00 | Same | 100% | Yes |
| Paul Goldsmith | | 6.80 | $195 | $1,326.00 | Same | 100% | Yes |
| Michael Hudson | | 7.50 | $175 | $1,312.50 | Same | 100% | Yes |
| Joel L. Solomon | | 0.30 | $225 | $67.50 | Same | 100% | Yes |
| Total | | 412.80 | | $168,594.50 | | | |
| Blended hourly rate: | | | $408.00 | | | | |

Time Spent in preparing Fee Applications: <u>28.2</u> hours.  This time includes fees incurred in connection with preparation of previous fee applications of Windels Marx Lane & Mittendorf, LLP.

Is the time spent in preparing Fee Application included in the total hours described in the Application?  <u>X</u> Yes ___ No

Dollar value of time spent in preparing Fee Application if compensation therefore sought is $ <u>12,550.50</u>.

This amount includes fees incurred in connection with preparation of applications of Windels Marx Lane & Mittendorf, LLP for previous periods.

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
James J. Thomas (jthomas@windelsmarx.com)
Robert A. Rossi (rrossi@windelsmarx.com)

Ordinary Course Professionals for
Lehman Brothers Holdings, Inc., *et al.*,
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                :

In re:                           :         Chapter 11 Case
                                 :         No. 08-13555 (JMP)

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :        <u>JOINTLY ADMINISTERED</u>

               Debtors.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**APPLICATION OF
WINDELS MARX LANE & MITTENDORF, LLP,
FOR AN AWARD OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
<u>MAY 1, 2009 THROUGH MAY 31, 2009</u>**

**TO:  HONORABLE JAMES M. PECK,
      UNITED STATES BANKRUPTCY JUDGE**

       Windels Marx Lane & Mittendorf, LLP, ("Windels Marx" or "Applicant"), attorneys

authorized to provide legal services as Ordinary Course Professionals to Lehman Brothers

Holdings, Inc., ("LBHI") and its affiliated debtors in the above referenced chapter 11 cases,

(collectively referred to as "Lehman" or the "Debtors"), makes this Application pursuant to

sections 330 and 331 of chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq.

(the "Bankruptcy Code"), and the *Order Pursuant to Sections 105(a), 327, 328, and 330 of the*

*Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary*

*Course of Business*, dated November 5, 2008 (the "Ordinary Course Professional Order"), for an

Award of compensation for professional services rendered to the Debtors (the "Application") in

the amount of $168,594.50, incurred during the period May 1, 2009 through May 31, 2009 (the

"Period"), and reimbursement of disbursements incurred during the Period in the amount of

$2,258.60, for a total award of compensation and reimbursement of disbursements of

$170,853.10.

## I.    INTRODUCTION

1.    On September 15, 2008 and periodically thereafter (the "Commencement Date"),

LBHI and certain of its subsidiaries filed voluntary cases under chapter 11 of the Bankruptcy

Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and

are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and

manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

2.    Due to the scope of the Debtors' business, on October 13, 2008, the Debtors' filed

a motion (the "Ordinary Course Professional Motion") seeking authorization pursuant to sections

105(a), 327, 328 and 330 of the Bankruptcy Code, to retain, *nunc pro tunc* to the

Commencement Date, professionals utilized in the ordinary course of business (the "Ordinary

Course Professionals") without the submission of separate retention applications and the

issuance of separate retention orders for each individual professional. Windels Marx was

designated as an Ordinary Course Professional in "Exhibit C" to the Ordinary Course

Professional Motion and Order.

3.      The Ordinary Course Professional Motion was granted by Order dated November

5, 2008 (the "Ordinary Course Professional Order").  The Ordinary Course Professional Order

outlines the procedures that all Ordinary Course Professionals must follow in order to receive

compensation and reimbursement of expenses for services provided to the Debtors.  With respect

to any Ordinary Course Professional seeking compensation in excess of $150,000 in any given

month, the Ordinary Course Professional Order provides, in pertinent part,

> "that in the event that an Ordinary Course Professional seeks more
> than $150,000 per month, that professional will be required to file
> a fee application for the full amount of its fees and expenses for
> that month in accordance with sections 330 and 331 of the
> Bankruptcy Code, the [Bankruptcy Rules], the Local Bankruptcy
> Rules for the Southern District of New York, the Fee Guidelines
> promulgated by the US Trustee, and any and all orders of the
> Court..."

A copy of the Ordinary Course Professional Order, with exhibits, is annexed hereto as Exhibit

"A".

4.      This Application is made by Windels Marx for an allowance of fair and

reasonable compensation for professional services rendered by it on behalf of the Debtors during

the Period, consistent with the results achieved, the time, labor and expertise brought to bear on

the problems presented and other related factors and for reimbursement of actual and necessary

out-of-pocket expenses incurred in the rendition of such professional services during the Period.

The amounts sought for compensation for professional services are at the hourly rates

customarily charged by Windels Marx for legal services rendered by the respective professional

or paraprofessional and are reasonable and customary for firms of Windels Marx's size and

expertise in the New York City and Metropolitan areas.

5.      For the convenience of this Court, and in accordance with the Fee Guidelines

adopted by the Office of the United States Trustee, a summary of the total hours worked during

the Period by each professional and paraprofessional for whose services compensation is being

sought, together with a recitation of the hourly billing rate for each person and the total

compensation sought for each person's services in each individual matter, is annexed hereto as

Exhibit "B".

6.    The professional services for which compensation is sought were rendered in the

Ordinary Course of the Debtors business and solely on behalf of the LBHI and its debtor

affiliates.

7.    Windels Marx regularly maintains records of time expended in the rendition of all

professional services and records of costs and expenses incurred on behalf of the Debtors.  These

records were made substantially concurrent with the rendition of the professional services.  All

such records are available for inspection.  (A copy of the time records, in chronological order and

segregated by individual matter, relating to Windels Marx's representation of the Debtors during

the Period, is annexed hereto as Exhibits "C").


## II.    BACKGROUND

### A.    The Debtors

8.    Prior to the events leading up to these chapter 11 cases, Lehman was the fourth

largest investment bank in the United States. For more than 150 years, Lehman has been a leader

in the global financial markets, serving the financial needs of corporations, governmental units,

institutional clients and individuals worldwide.  Its headquarters in New York and regional

headquarters in London and Tokyo are complemented by a network of offices in North America,

Europe, the Middle East, Latin America and the Asia Pacific region.

9.    Additional information regarding the Debtors' businesses, capital structures, and

the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T.

Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**B.    Windels Marx**

10.    Windels Marx is a full service law firm with a broad-based general legal practice centering on corporate, banking, litigation, real estate and other major business practice areas.

11.    The Debtors originally retained Windels Marx in 1993 to provide ongoing advice to the company in connection with various real estate transactions.  Windels Marx has continued to provide these services to the Debtors up to and through the Commencement Date.

**SERVICES RENDERED BY WINDELS MARX,
DURING THE INTERIM PERIOD**

12.    Windels Marx has opened a file bearing a separate client number for the Debtors. The Debtors' client number is 303694.  All time and disbursements are billed to independent matters within the general client number.  The following is a summary description of the services rendered by Windels Marx in each of the following matters on behalf of the Debtors during the Period:

**WSG Development/Las Vegas - 965**

13.    Applicant represented LBHI in connection with a potential deed in lieu transaction, including negotiations with the State Environmental Department and the drafting of loan extension documents.

**IBM Building – 1170**

14.    Applicant collected and delivered recorded loan documents and prepared compact disk with all relevant closing documents in connection with several LBHI loan facilities on a property located in Westchester, New York.

## Carillon Modification - 2044

15.    Applicant advised LBHI regarding LBHI's consent rights and ability to allow the sale of condominium units for an amount less than the minimum release price.  Applicant reviewed existing mortgage loan and mezzanine loan documentation and prepared a memorandum regarding release prices.

## Amendment to Midtown Memphis Loan Agreement – 2073

16.    Applicant represented LBHI in connection with the modification of an existing mortgage loan on a property located in Memphis, Tennessee.  Applicant reviewed the underlying loan documentation and prepared a letter agreement regarding LBHI's proposed modification.

## RFR Riande Hotel– 2077

17.    Applicant worked on finalizing and execution of pre-negotiation letter agreement. Applicant reviewed property management agreement in connection with rights to replace property manager.  Applicant reviewed loan documents to prepare for meeting with borrower representatives to discuss possible workout of loan.

## 350 West Broadway Construction Loan - 2088

18.    Applicant advised LBHI regarding the possible foreclosure of an existing mortgage loan and the drafting of a pre-negotiation agreement and protective advance correspondence.   In addition, Applicant prepared final closing CD for mortgage loan.

## Bankruptcy – 2179

19.    Applicant uses this matter number to record time charges incurred in connection with the preparation of Windels Marx's fee applications, reviewing documents filed in LBHI's chapter 11 case that are relevant to Windels Marx's representation of the Debtor and conferring with Debtor's counsel regarding issues connected to the bankruptcy case.

## Monument Issues - 2181

20.    This matter involves the potential workout of nearly twenty (20) different projects in which LBHI holds either equity or debt in various projects in the Washington, DC/Virginia region.  Representation involves an omnibus term sheet and a pre-negotiation agreement and other ancillary matters related thereto.

## Moonlight Basin Enforcement - 2184

21.    Applicant represented LBHI in the negotiation of a forbearance agreement for an existing mortgage on developed real property located in Montana and a related mezzanine facility and ancillary matters related thereto.

## Hudson Yards - 2185

22.    Applicant represented LBHI in possible foreclosure of existing mortgage loan and drafting of pre-negotiation agreement and protective advance correspondence.  Applicant participated in conferences with LBHI in connection with finalization of pre-negotiation agreement.

## Island Global - 2186

23.    Applicant represented LBHI in analysis of LBHI's rights and obligations as a partner in a real estate fund.

## Scout Issues - 2187

24.    Applicant examined certain loan and joint venture agreements with Scout Real Estate Capital LLC in which LBHI has a respective debt and equity investment, to determine various rights and obligations of the parties thereto.  Applicant also finalized Pre-Negotiation Agreement with respect to multiple joint ventures, mortgage loans, and a line of credit, and attended to ancillary matters related thereto.

## Storage Deluxe – 2190

25.    Applicant represented LBHI in a possible foreclosure of existing loan, the drafting

of an acceleration letter and analysis of existing loan documents.  Applicant reviewed existing

loan documentation prior appraisal in connection with preparation of acceleration letter.

## 25/45 Broad Street - 2192

26.    Applicant represented Lehman in enforcement action to recover Lehman's loans

at (A) 25 Broad Street, New York, New York, consisting of (i) $100 million in mezzanine loans,

and (ii) $278 million in mortgage loans apportioned among a senior acquisition mortgage loan, a

building loan and a project loan, and (B) at 45 Broad Street, New York, New York, consisting of

(i) a $37,705,711 first mortgage loan, and (ii) $11,467,283 second mortgage loan.  Two separate

foreclosure actions were commenced in New York State Supreme Court in February 2009, to

foreclose on the mortgages encumbering both properties.

## RFR-Continental Bayside Hotel - 2193

27.    Applicant represented LBHI in the drafting and negotiation of a pre-negotiation

agreement on an existing mortgage loan in Florida.  Applicant also researched issues related to a

foreclosure proceeding.  Applicant reviewed property management agreement in connection with

potential termination of property manager.

## Paradise Hotel - 2194

28.    This matter involves the preparation for a foreclosure proceeding on real property

located in Las Vegas, Nevada and other ancillary matters related thereto, including attention

towards a possible loan modification.  Applicant reviewed property reports, participated in

conferences with LBHI and prepared an acceleration letter.

## 215 Brazilian Avenue Enforcement - 2196

29.    Applicant finalized pre-negotiation agreement between LBHI and Borrower and ancillary matters related thereto.  Applicant also participated in conferences with LBHI in connection with the pre-negotiation agreement.

## Preston Partners - 2197

30.    Applicant represented LBHI in review of certain issues involving transfer violations under an existing joint venture agreement between LBHI and its equity partners. Applicant prepared a letter in response to alleged transfer violations by LBHI.

## Emerald Dunes Workout – 2199

31.    This matter involves the preparation for a UCC foreclosure proceeding on real property located in Florida and other ancillary matters related thereto and attention towards a possible loan modification and preparation of a term sheet.   Applicant reviewed underlying documents and participated in conferences with LBHI and asset manager.

## Northgate Foreclosure – 2203

32.    Applicant  represented LBHI in a foreclosure action on real property situated in Prince George County, Maryland.

## Lyon Issues - 2205

33.    Applicant reviewed certain loan documents between Debtor and Lyon in connection with possible cross defaults thereunder.  Applicant also prepared extension of the terms of loan on the LaCraw transaction.

## On the Avenue - 2207

34.    Applicant represented LBHI in connection with the exercise by LBHI of its remedies as lender

### III.    SERVICES

35.    Professional services rendered by Windels Marx have necessarily been time consuming.  However, all of the services for which compensation has been requested were rendered in connection with the performance by Windels Marx of the duties prescribed for it under the Ordinary Course Professional Order and as real estate counsel for the Debtors.

36.    Windels Marx believes that the award of compensation requested in the within Application is fair and reasonable.  Windels Marx requests that this Court award all fees sought in the within Application at Windels Marx's normal hourly rates, the total value of which is $168,594.50.

### IV.    DISBURSEMENTS

37.    Windels Marx is also requesting reimbursement of actual and necessary expenses incurred on behalf of the Debtors during the Period in the amount of $2,258.60.  The total amount of compensation for legal services rendered and reimbursement of disbursements totals $170,853.10.

### V.    STANDARDS FOR ALLOWANCE OF COMPENSATION

38.    Windels Marx submits that for the reasons set forth in detail above, the professional services rendered by Windels Marx on behalf of the Debtors during the Period were necessary and reasonable.

39.    Section 330 of the Bankruptcy Code authorizes compensation for reimbursement of expenses of professionals in cases arising under the Bankruptcy Code and provides, in pertinent part, as follows:

> (a)(1) After notice to the parties in interest and  the United States Trustee and a hearing, and subject to sections 326, 328 and 329,

the court may award to… a professional person employed under section 327 or 1103 –

    (A)    reasonable compensation for actual, necessary services rendered by…professional person, or attorney and by any paraprofessional person employed by any such person; and

    (B)    reimbursement for actual, necessary expenses.

    (2)  The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

    (3)  In determining the amount of reasonable compensation to be awarded to…professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

    (A)  the time spent on such services;

    (B)  the rates charged for such services;

    (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

    (4)(A)  Except as provided in subparagraph (B), the court shall not allow compensation for --
        (i) unnecessary duplication of services; or

        (ii) services that were not --

(I) reasonably likely to benefit the Debtors' estate;

or

(II) necessary to the administration of the case.

11 U.S.C. §330(a).

40.    In considering an application for compensation made by a professional, the initial inquiry is whether the services for which compensation are sought were necessary.  See, e.g., *In re Keene Corp.*, 205 B.R. 690, 696 (S.D.N.Y. 1997); *In re Harshbarger*, 205 B.R. 109 (S.D. Ohio 1996); *In re Lederman Enterprises, Inc.*, 997 F.2d 1321 (10th Cir. 1993); *In re International Coins & Currency, Inc.*, 22 B.R. 127 (D. Vt. 1982).  The term "necessary services" has been interpreted by the majority of courts, including this Court, to signify services that resulted in a benefit to the estate.  *In re Lederman Enterprises, Inc.*, 997 F.2d 1321, 1323 (10th Cir. 1993); *In re Keene Corp.*, 205 B.R. at 696; *In re Engel*, 190 B.R. 206, 209 (Bankr. D.N.Y. 1995).  Services "reasonably likely to benefit the Debtors' estate, are compensable."  Section 330(a)(4)(A); *In re JLM, Inc.*, 210 B.R. 19 (BAP 2d Cir. 1997); see also *In re Keene Corp.*, 205 B.R. at 696, quoting *3 Collier on Bankruptcy*, ¶330.03[3], at 330-26 (the services at issue must at least provide the estate with "an opportunity commensurate with cost" to be compensable).

41.    In calculating whether the fees sought are reasonable, Courts determine the lodestar amount.  *See, Pennsylvania v. Delaware Valley Citizen's Council For Clean Air*, 483 U.S. 711, at 725-26 (1987); *In re United States Football League v. National Football League*, 887 F. 2d 408, 413 (2d Cir. 1989), cert. denied 493 U.S. 1071 (1990); *In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. 13, 22 (Bankr. S.D.N.Y. 1991) ("It is now well settled that the 'lodestar' method of fee calculation . . . is the method to be used to determine a 'reasonable' attorney fee in all the federal courts, including the bankruptcy courts."); *In the Matter of Cena's Fine Furniture, Inc.*, 109 B.R. 575, 581 (E.D.N.Y. 1990).  The lodestar amount represents "the

number of hours reasonably worked on a case multiplied by a reasonable hourly rate." *Wells v. Bowen*, 855 F.2d 37, 43 (2d Cir. 1988).

42.     In determining the proper allowance of compensation for professionals, a court generally looks to the (a) time and labor required, (b) novelty and difficulty of questions involved, (c) requisite skills, (d) customary fee, (e) whether fee is fixed or contingent, (f) results obtained, (g) nature and length of professional relationship, (h) awards in similar cases, and (i) professional standing, ability and expertise of the law firm. See, e.g., *In the Matter of Cena's Fine Furniture, Inc.*, 109 B.R. 575, 580-581 (E.D.N.Y. 1990); *In re Wonder Corp. of America*, 82 B.R. 186, 191 (D. Conn. 1988).

(a)     Time and Labor Required.

The time and labor required to represent the Debtors during the Period has been significant. The matters handled by Windels Marx and the efforts undertaken by Windels Marx in the representation of the Debtors are fully set forth above and in the time entries annexed hereto.

(b)     Skills Requisite to Perform Legal Services,
         Experience, Reputation and Ability of Windels Marx.

Windels Marx believes that its expertise in the areas of real estate and transactional analysis has substantially contributed to results achieved.

(c)     The Customary Fee.

Windels Marx submits that the fee it seeks is not unusual given the size and complexity of Debtors' business, the benefits conferred on the Debtors' estates, the time expended and is commensurate with what other attorneys of comparable experience and expertise charge on a regular basis.

(d)     Whether Fee is Fixed or Contingent.

Pursuant to sections 330 and 331 of the Bankruptcy Code, all fees sought by professionals employed under section 327 of the Code are contingent upon approval by the Court.

(e)     Results Obtained.

Windels Marx consistently achieves results that the Debtors find favorable and continue to work toward that end.

(f)     Nature and Length of Professional Relationship.

Windels Marx has counseled, advised and represented the Debtors from their retention in 1993 through the current date.

(g)     Awards in Similar Cases.

Comparable firms have been awarded fees in numerous chapter 11 cases under the Bankruptcy Code by this and other bankruptcy courts predicated upon the same criteria and resulting in awards comparable to that now requested.

(h)     Professional Standing, Ability and Expertise of
        Windels Marx Attorneys.

A)     James J. Thomas - James J. Thomas is a Partner at Windels Marx and is a member of the Firm's Real Estate Practice Group. Mr. Thomas' practice focuses on capital markets financing and equity investments.

B)     Robert A. Rossi - Robert A. Rossi is a Partner at Windels Marx and is a member of several Practice Groups, including Real Estate; Corporate & Securities; Financial Transactions; International; and Technology, Intellectual Property & E-Commerce. Mr. Rossi focuses on joint ventures, mergers and acquisitions, start-ups, and financial services, including securities and commodities. Mr. Rossi regularly represents both institutional clients and closely held entities in real estate, corporate and securities transactions. He has also represented

commodity trading advisers and commodity pool operators, as well as a number of e-commerce ventures.

43.     As Windels Marx's time records reflect, where practicable, associate attorneys were used in the representation of the Debtors.  Those associate attorneys had varying levels of experience and were assigned to handle specific tasks on the basis of that experience.

## VI.     CONCLUSION

**WHEREFORE**, Windels Marx Lane & Mittendorf, LLP requests that an order be entered providing for an award of (i) compensation for professional services rendered by Windels Marx as attorneys for the Debtor, in the amount of $168,594.50, plus reimbursement of actual and necessary disbursements in the amount of $2,258.60 for a total of $170,853.10 and (ii) such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        July 2, 2009

                    Respectfully submitted,

                    **WINDELS MARX LANE & MITTENDORF, LLP**

                    By: _____
                        **James J. Thomas**
                        **Robert A. Rossi**

                        156 West 56th Street
                        New York, New York 10019
                        (212) 237-1000

                        Attorneys for Lehman Brothers Holdings, Inc., *et al.*, Debtors-in-Possession

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
James J. Thomas (jthomas@windelsmarx.com)
Robert A. Rossi (rrossi@windelsmarx.com)

Ordinary Course Professionals for
Lehman Brothers Holdings, Inc., *et al.*,
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :

In re:                             :      Chapter 11 Case No.
                                     :      08-13555 (JMP)

LEHMAN BROTHERS HOLDINGS INC., et al,     :     <u>JOINTLY ADMINISTERED</u>
                                     :

                   Debtors.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>CERTIFICATION OF PROFESSIONAL</u>

     Robert A. Rossi, a member of the firm of Windels Marx Lane & Mittendorf, LLP,

("Applicant"), attorneys authorized to provide legal services as Ordinary Course Professionals to

Lehman Brothers Holdings, Inc. ("LBHI"), and its affiliated debtors in the above referenced

chapter 11 cases and partner in charge of this matter, hereby certifies as follows:

I have read the foregoing application (the "Application");

To the best of my knowledge, information and belief, formed after reasonable inquiry, the

Application substantially complies with the mandatory guidelines of this Court for fees and

disbursements for professionals (the "Guidelines");

To the best of my knowledge, information and belief, formed after reasonable inquiry, the fees

{10512181;1}

and disbursements sought in the Application fall within the Guidelines, except as specifically noted in this Certification and Application;

Except to the extent prohibited by the Guidelines, the fees and disbursements sought in the Application are billed at rates and in accordance with practices customarily employed by Applicant and generally accepted by Applicant's clients;

LBHI has been provided with a copy of the Application prior to the date set by the Court or any applicable rules for filing fee applications, has reviewed the Application and has approved it. The Disbursements requested to be reimbursed in the Application;

    a. do not include any amount of profit for Applicant;

    b. do not include the amortization of the cost of any investment, equipment or capital out lay; and

    c. to the extent provided by a third party vendor only include the amount billed to Applicant by the third-party vendor and paid by the Applicant to such vendor.

Dated: New York, New York
    July 2 , 2009

            Respectfully submitted,

            WINDELS MARX LANE & MITTENDORF, LLP
            *Ordinary Course Professionals for Lehman Brothers Holdings, Inc., et al.*

            Robert A. Rossi
            A Member of the Firm
            156 West 56th Street
            New York, New York 10019
            (212) 237-1000

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
James J. Thomas (jthomas@windelsmarx.com)
Robert A. Rossi (rrossi@windelsmarx.com)

Ordinary Course Professionals for
Lehman Brothers Holdings, Inc., *et al.*,
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
In re:                                                :        Chapter 11 Case No.
                                                      :        08-13555 (JMP)
                                                      :
LEHMAN BROTHERS HOLDINGS INC., et al,                 :        JOINTLY ADMINISTERED
                                                      :
                                                      :
                        Debtors.                      :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STATEMENT PURSUANT TO FEDERAL RULE
## OF BANKRUPTCY PROCEDURE 2016(b)

    1.  I am a member of Windels Marx Lane & Mittendorf, LLP ("Windels

Marx"), Ordinary Course Professionals for Lehman Brothers Holdings, Inc., ("LBHI")

and its affiliated Debtors in the above referenced chapter 11 cases (collectively referred

to as "Lehman" or the "Debtors"), and the partner in charge of the matter.

    2.  Windels Marx submits that all of the professional services for which the

annexed Application is made have been rendered solely for benefit of the Debtors' estate

and its creditors.

    3.  No agreement exists between Windels Marx and any other person, firm or

entity concerning the compensation or reimbursement received as a result of this case.

{10512180:1}

4.   Windels Marx has received no retainer in the cases and has made no agreements with the Debtors for compensation or reimbursement.

5.   Windels Marx has received no transfer, assignment or pledge of property of the Debtors' estate except pursuant to an Order of the Court for compensation.

Dated: New York, New York
      July 2 , 2009

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Ordinary Course Professionals for Lehman Brothers Holdings, Inc. et al.*

Robert A. Rossi
A Member of the Firm
156 West 56th Street
New York, New York 10019
(212) 237-1000

{10512180:1}