UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
          :
In re     :    Chapter 11 Case No.
          :
LEHMAN BROTHERS HOLDINGS INC., et al.,     :    08-13555 (JMP)
          :
          Debtors.    :    (Jointly Administered)
          :
          :
------------------------------------------------------------x

ORDER PURSUANT TO SECTIONS 105(a), 327, 328, AND 330
OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO
EMPLOY PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion, dated October 13, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a), 327, 328 and 330 of chapter 11 of the title 11 of the United States Code (the "Bankruptcy Code") for authorization to employ professionals utilized in the ordinary course of business (the "Ordinary Course Professionals"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern

District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to the extent deemed necessary by the Debtors, the Debtors are authorized to employ, *nunc pro tunc* to September 15, 2008, the Ordinary Course Professionals listed on Exhibit C hereto in the ordinary course of their businesses in accordance with the procedures set forth herein, effective as of the date of commencement of the Debtors' chapter 11 cases; and it is further

ORDERED that each Ordinary Course Professional shall provide the Debtors' attorneys as promptly as possible following (i) the entry of an order granting this Motion, or (ii) the date on which the Ordinary Course Professional commences services for the Debtors: (a) an affidavit (the "Ordinary Course Professional Affidavit"), substantially in the form annexed hereto as Exhibit A, certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed; and (b) a completed retention questionnaire (the "Retention Questionnaire"), substantially in the form annexed hereto as Exhibit B; and it is further

ORDERED that the Debtors' attorneys shall file the Ordinary Course Professional

Affidavits and Retention Questionnaires with the Court and serve a copy thereof upon the Reviewing Parties (as defined below); and it is further

ORDERED that the Debtors are authorized to supplement the list of Ordinary Course Professionals from time to time during these chapter 11 cases, as the need arises, and file a notice with the Court listing such additional Ordinary Course Professionals and attach thereto the relevant Ordinary Course Professional Affidavits and Retention Questionnaires (collectively, the "Supplemental Notice of Ordinary Course Professionals"), and serve the Supplemental Notice of Ordinary Course Professionals on the (i) U.S. Trustee, and (ii) attorneys for the official committee of unsecured creditors appointed in these chapter 11 cases (together with the Debtors, the "Reviewing Parties"); and it is further

ORDERED that the Reviewing Parties shall have 10 days after receipt of either the Ordinary Course Professional Affidavit and the Retention Questionnaire, in the case of Ordinary Course Professionals listed on Exhibit C, or the Supplemental Notice of Ordinary Course Professionals, in the case of any additional Ordinary Course Professionals, to object to the retention, employment or compensation of the Ordinary Course Professional stemming from the contents of the Ordinary Course Professional Affidavit or the Retention Questionnaire (the "Objection Deadline"); and it is further

ORDERED that if no objections are filed by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional shall be deemed approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a hearing and without further order from the Court; *provided, however*, that if an objection is filed and any such objection cannot be resolved within 20 days, the matter shall be set for a hearing before the Court; and it is further

3

ORDERED that the Debtors are authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the customary manner in the full amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices); *provided, however*, that the payments do not exceed $150,000 per month per Ordinary Course Professional; and it is further

ORDERED that payment to any one Ordinary Course Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or entry of a confirmation order in these chapter 11 cases (the "Chapter 11 Period"); and it is further

ORDERED that in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code; and it is further

ORDERED that in the event that an Ordinary Course Professional seeks more than $150,000 per month, that professional will be required to file a fee application for the full amount of its fees and expenses for that month in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Fee Guidelines promulgated by the U.S. Trustee, and any and all orders of the Court; and it is further

ORDERED that the Debtors reserve the right to amend the monthly compensation limitations set forth in this order upon notice and hearing; and it is further

ORDERED that this Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

Dated:  New York, New York
        November 5, 2008

                                      _s/ James M. Peck_
                                  UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

**(Ordinary Course Professional Affidavit)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x

| | : | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

———————————————————————x

AFFIDAVIT AND DISCLOSURE STATEMENT OF _____,

ON BEHALF OF _____

STATE OF _____     )
                           ) ss:
COUNTY OF _____    )

_____, being duly sworn, upon his oath, deposes and says:

1. I am a [INSERT TITLE] of _____, located at _____ (the "Firm").

2. Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), have requested that the Firm provide _____ services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with

these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.  Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5.  Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

6.  The Debtors owe the Firm $_____ for prepetition services.

7.  The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.[1]

By: _____

Subscribed and sworn to before me
this ___ day of _____, 2008

_____
Notary Public

---

[1] If necessary.

# EXHIBIT B

**(Retention Questionnaire)**

NY2:\1932726\04\15F@%04!.DOC\58399.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    08-13555 (JMP)
                                              :
              Debtors.                        :    (Jointly Administered)
                                              :
                                              :
--------------------------------------------------------x

### RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEHMAN BROTHERS HOLDINGS INC. OR ANY OF ITS DEBTOR AFFILIATES (collectively, the "Debtors")
DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:
    Weil, Gotshal & Manges LLP
    767 Fifth Avenue
    New York, New York 10153
    Attn:  Jennifer Sapp
            Christopher Stauble

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.    Name and address of firm:

    _____

    _____

    _____

    _____

2.    Date of retention:  _____

3.    Type of services provided (accounting, legal, etc.):

    _____

    _____

    _____

4.  Brief description of services to be provided:

    _____

    _____

    _____

5.  Arrangements for compensation (hourly, contingent, etc.)

    _____

    (a)  Average hourly rate (if applicable):

         _____

    (b)  Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

         _____

6.  Prepetition claims against the Debtors held by the firm:

    Amount of claim:      $_____

    Date claim arose:     _____

    Source of Claim:      _____

7.  Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

    Name: _____

    Status: _____

    Amount of Claim: $_____

    Date claim arose: _____

    Source of claim: _____

    _____

    _____

    _____

8. Stock of the Debtors currently held by the firm:

   Kind of shares: _____

   No. of shares: _____

9. Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

   Name: _____

   Status: _____

   _____

   Kind of shares: _____

   No. of shares: _____

10. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

    _____

    _____

    _____

    _____

11. Name of individual completing this form:

    _____

## **EXHIBIT C**

### (Ordinary Course Professionals)

| *Professional* | *Address* | *Service Performed by Professional* |
|---|---|---|
| Kramer Levin Naftalis & Frankel LLP | 1177 Avenue of the Americas<br>New York, NY 10036 | Employment Counsel |
| Thacher Proffitt & Wood LLP | Two World Financial Center<br>New York, NY 10281 | Corporate and Real Estate Counsel |
| Ballard Spahr Andres & Ingersoll, LLP | Plaza 1000-Suite 500<br>Main Street<br>Voorhees, NJ 08043 | Corporate and Real Estate Counsel |
| Andrews & Kurth LLP | 450 Lexington Ave.<br>New York, NY 10017 | Corporate Counsel |
| Herrick & Feinstein LLP | One Gateway Center<br>Newark, NJ 07102 | Corporate and Real Estate Counsel |
| Benesch, Fiedlander, Coplan & Arnoff LLP | 200 Public Square, #2300<br>Cleveland, OH 44114 | Corporate and Real Estate Counsel |
| Latham & Watkins, LLP | 885 Third Avenue<br>New York, NY 10022-4834 | Corporate Counsel |
| Schulte, Roth & Zabel LLP | 919 Third Avenue<br>New York, NY 10022 | Corporate Counsel |
| Heller Ehrman LLP[1]<br>Peter J. Benvenutti | 333 Bush Street<br>San Francisco, CA 94104 | Litigation Counsel[2] |
| White & Case LLP | ul. Marszalkowska 142<br>00-061 Warszawa<br>Poland | Litigation Counsel in Warsaw |
| Freshfields Bruckhaus Deringer | Seilergrasse 16<br>1010 Vienna<br>Austria | Litigation Counsel in Austria |
| Dorsey & Whitney LLP | 136 South Main Street<br>Suite 1000<br>Salt Lake City, UT 84101 | Litigation Counsel |

---

[1] The firm of Heller Ehrman LLP is currently in dissolution. Peter J. Benvenutti, the primary attorney working on Lehman matters at Heller Ehrman, will be moving to a new firm in the future. When that determination occurs, the Debtors will supplement the list of ordinary course professionals to include his new firm.

[2] Litigation Counsel is defined throughout the list of ordinary course professionals as counsel who represent Lehman Brothers Holdings Inc. or one of its affiliates in a Plaintiff capacity.

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Snell & Wilmer LLP | One Arizona Center<br>Phoenix, AZ 85004 | Litigation Counsel in Arizona |
| Squire, Sanders & Dempsey L.L.P. | Two Renaissance Square<br>40 North Central Avenue<br>Suite 2700<br>Phoenix, AZ 85004 | Litigation Counsel in Arizona |
| Lewis and Roca LLP | One South Church Ave.<br>Suite 700<br>Tucson, Arizona 85701 | Litigation Counsel in Arizona |
| Hahn Loeser & Parks LLP | 200 Public Square<br>Suite 2800<br>Cleveland, OH 44114 | Litigation Counsel in Ohio |
| Windels Marx Lane & Mittendorf, LLP | 156 West 56th Street,<br>New York, NY 10019 | Real Estate Counsel |
| Woodbury & Santiago, P.A. | Two Datran Center - Ph 1A<br>9130 South Dadeland Blvd.<br>Miami, Florida 33156 | Real Estate Counsel in Florida |
| Blake Cassels & Graydon LLP | 199 Bay Street<br>Suite 2800<br>Commerce Court West<br>Toronto, ON M5L, 1A9<br>Canada | Corporate Counsel in Toronto and Vancouver |
| Willkie Farr & Gallagher LLP | 787 Seventh Avenue<br>New York, NY 10019 | Real Estate Counsel |
| Menter, Rudin & Trivelpiece, P.C. | 308 Maltbie Street, Suite 200<br>Syracuse, NY 13204-1498 | Litigation Counsel |
| Jeffer, Mangels, Butler & Marmaro | 1900 Avenue of the Stars<br>7th Floor<br>Los Angeles, CA 90067 | Litigation and Real Estate Counsel in California |
| Click & Null, P.C. | 3475 Piedmont Road, #1910<br>Atlanta, GA 30305 | Corporate and Real Estate Counsel |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | 1285 Avenue of the Americas<br>New York, NY 10019-6064 | Litigation Counsel |
| Foster, Graham, Milstein & Calisher, LLP | 621 Seventeenth Street,<br>19th Floor<br>Denver, CO 80293 | Litigation and Real Estate Counsel |
| Reilly Pozner & Connelly LLP | 511 16th Street<br>Suite 700<br>Denver, CO 80202 | Litigation and Real Estate Counsel |
| Akerman Senterfitt | Attorneys at Law<br>350 East Las Olas Blvd.<br>Suite 1600<br>Ft. Lauderdale, FL 33301 | Litigation and Real Estate Counsel |

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Baker & McKenzie LLP | 111 Brickell Avenue Suite 1700 Miami, FL 33131 | Litigation and Real Estate Counsel |
| Gianni, Origoni Grippo & Partners | 20, Via delle Quattro Fontane 00184 Rome, Italy | Italian Counsel |
| Kleyr Grasso Associes | Avocats À La Cour 122, Rue A. Fischer B.P. 559 L-2015 Luxembourg | Luxembourg Counsel |
| Cederquist | Advokatfirman Cederquist KB Hovslagargatan 3 P.O. Box 1670 111 96 Stockholm Sweden | Swedish Counsel |
| Mitsui Company | Akasaka 2.14 Plaza Bldg. 14-32, Akasaka 2-chome Minato-ku, Tokyo 107-0052 Japan | Japanese Counsel |
| Oh-Ebashi LPC & Partners | 2F Kishimoto Building 2-1 Marunouchi 2-chome Chiyoda-ku, Tokyo 100-0005 Japan | Japanese Counsel |
| Morrison & Foerster LLP | Shin-Marunouchi Building, 29th Floor 5-1, Marunouchi 1-chome Chiyodaku, Tokyo 100-6529 Japan | Japanese Counsel |
| LS Horizon Ltd. | 14th Floor Diethelm Tower A 93/1 Wireless Road Lumpini, Pathumwan, 2 Bangkok 10330 Thailand | Thai Counsel |
| Herbert Smith Ltd. | 1403 Abdulrahim Place 990 Rama IV Road Bangkok 10500 Thailand | Thai Counsel |
| NBP Clems | Rúa Colón 33-35, 4° A-B 36.201 Vigo (Pontevedra) Spain | Spanish Counsel |
| HBN Law | L.B. Smithplein 3 Curaçao, Netherlands Antilles | Netherlands Antilles Counsel |
| DLA Piper | 500 Eight Street, N.W. Washington, D.C. 20004 | Governmental Affairs |

| Professional | Address | Service Performed by Professional |
|---|---|---|
| Brand Law Group, PC | 923 15th Street, N.W. Washington, D.C. 20005 | Governmental Affairs |
| Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis | 101 East Kennedy Boulevard Suite 2700 Tampa, FL 33602 | Litigation and Real Estate Counsel |
| Norton Rose LLP | 3 More London Riverside London SE1 2AQ United Kingdom | Regulatory Advisors under English Law |
| Pekin & Pekin | Lamartine Caddesi 10 Taksim 34437 Istanbul Turkey | Turkish Counsel |
| Herbert Smith CIS LLP | 10 Ulitsa Nikolskaya Moscow 109012 Russia | Russian Counsel |
| Bär & Karrer AG | Brandschenkestrasse 90 CH-8027 Zurich Switzerland | Swiss Counsel |
| Cains | 15-19 Athol Street Douglas Isle of Man IM1 7JN | Isle of Man Counsel |
| Cassels Brock & Blackwell LLP | 2100 Scotia Plaza 40 King Street West Toronto Canada M5H 3C2 | Corporate Counsel in Toronto |
| Clifford Chance LLP | 31 West 52nd Street New York, NY 10019 | Corporate Counsel |
| Fried Frank | 1001 Pennsylvania Avenue, NW Washington, DC 20004 | Litigation and Real Estate Counsel |
| Brownstein Hyatt Farber Schreck, LLP | 410 Seventeenth Street Suite 2200 Denver, CO 80202 | Litigation and Real Estate Counsel |
| Paul, Hastings, Janofsky & Walker LLP | Park Avenue Tower 75 E. 55th Street First Floor New York, NY 10022 | Litigation and Real Estate Counsel |
| Cadwalader, Wickersham & Taft LLP | One World Financial Center New York, New York 10281 | Litigation and Real Estate Counsel |
| Gibson, Dunn & Crutcher LLP | 2029 Century Park East Los Angeles, CA 90067 | Litigation and Real Estate Counsel |
| Sidley Austin LLP | 787 Seventh Avenue New York, NY 10019 | Corporate and Real Estate Counsel |
| Luboja & Thau, LLP | 10 East 40th Street, 30th Floor New York, NY 10016 | Litigation and Employment Counsel |