WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | **08-13555 (JMP)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,: | | **(Jointly Administered)** |
| **Debtors.** | : | |

----------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER EXEMPTING JPMORGAN FROM THE OBLIGATION TO COMPLY WITH CERTAIN REQUIREMENTS OF THE BAR DATE ORDER RELATED TO DERIVATIVE CONTRACTS**

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors as debtors and debtors in possession (together with LBHI, the "Debtors,"), and JPMorgan Chase Bank, N.A., and its respective affiliates and subsidiaries (collectively, "JPM" and together with the Debtors, the "Parties"), by and through their respective attorneys, hereby stipulate as follows:

RECITALS

A.  On September 15, 2008 (the "Commencement Date"), LBHI, and periodically thereafter, certain of its subsidiaries, filed with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This Court has consolidated those cases for procedural purposes only, and is jointly administering them pursuant to Fed. R. Bankr. P. 1015(b). The Debtors continue to

operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  Pursuant to the Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form, filed with this court on May 26, 2009 [Docket No. 3654] (the "Bar Date Motion"), the Debtors are seeking an order (in such form as may be entered by this Court and become final, the "Bar Date Order") establishing August 24, 2009 as the deadline for the filing of proofs of claim by all creditors against the Debtors, pursuant to section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) (such deadline as is established under the Bar Date Order, the "Bar Date").

C.  The proposed form of Bar Date Order provides that holders of claims against the Debtors based on contracts, in which the contractual obligations and values are keyed to one or more underlying assets or indices of asset values and subject to movements in the financial markets ("Derivative Contracts"), are required to (i) fill-out and return a paper copy of Proof of Claim form, (ii) check the appropriate box on the proof of claim form indicating that such claim is based on a Derivative Contract, (iii) log onto http://www.lehman-claims.com, enter a unique identification number and complete the electronic questionnaire (the "Derivatives Questionnaire") and (iv) upload supporting documentation to http://www.lehman-claims.com.  In addition, such proposed form of Bar Date Order contains similar provisions for furnishing information about claims based on Guarantees (as such term is defined in the Bar Date Motion) of Derivatives Contracts, including the use of an electronic questionnaire (the "Guarantee Questionnaire").

2

D. The Debtors are party to and/or have entered into Guarantees of approximately 75,000 Derivative Contracts with JPM (the "JPM Derivative Contracts").

E. JPM has expended significant resources with the Debtors with respect to the JPM Derivative Contracts and has (i) cooperated and assisted the Debtors with the reconciliation, calculation and valuation of the JPM Derivative Contracts between the Debtors and JPM and (ii) has provided the Debtors with a substantial amount of documentation and information related to such JPM Derivative Contracts requested by the Debtors.

F. As a result of JPM's cooperation with the Debtors, with respect to the JPM Derivative Contracts and related Guarantees, JPM has already provided to the Debtors much (if not all) of the information that they would be required to provide pursuant to the Derivatives Questionnaire and the Guarantee Questionnaire. As a result, the Parties have agreed that, as it relates to the JPM Derivative Contracts, JPM is exempt from any requirement to provide information and documentation pursuant to the Derivative Questionnaire to the extent that such information and documentation has already been provided to the Debtors, and that JPM be permitted to continue to provide documents and information to the Debtors in the same manner and medium as they have been providing it instead of being required to upload information to the website http://www/lehman-claims.com.

G. In consideration of the foregoing, and in anticipation of continued good faith efforts by the Parties to resolve and reconcile the claims arising from the JPM Derivatives Contracts, the Parties have agreed that, as it relates to the JPM Derivative Contracts, (i) JPM is exempt from the requirement to provide information and documentation with respect to the JPM Derivative Contracts and related Guarantees only

3

as and to the extent set forth in this Stipulation, Agreement and Order, and (ii) JPM's compliance with this Stipulation, Agreement and Order shall be deemed compliance with the requirements of the Bar Date Order relating to JPM Derivative Contracts and Guarantees

H. JPM has advised the Debtors that, absent the agreements set forth in this Stipulation, Agreement and Order, it would have objected to the Bar Date Motion.

AGREEMENT

NOW THEREFORE, the Parties hereto, by and through their respective attorneys, hereby agree as follows:

1. The Parties incorporate the Recitals herein as part of their agreement.

2. Notwithstanding anything in the Bar Date Order, with respect to the JPM Derivative Contracts and any Guarantees of JPM Derivative Contracts, JPM shall not be required to provide to the Debtors (x) any information or document that JPM has provided to the Debtors subsequent to the Commencement Date in connection with the reconciliation, calculation and valuation of the JPM Derivative Contracts, (y) any information that the Parties agree in writing is unavailable, inapplicable or immaterial (or, if the Parties disagree, any such information as may be determined by the Court to be unavailable, inapplicable or immaterial); <u>provided</u> that, under no circumstances may JPM assert that information sufficient to describe in reasonable detail the methodology, including the relevant calculations, inputs, assumptions, parameters, quotations and/or transactions, used in valuing the JPM Derivative Contracts for purposes of determining the amount of JPM's claims based on the JPM Derivative Contracts is unavailable, inapplicable or immaterial or that the documentation from reference market-makers

4

evidencing such quotations is inapplicable or immaterial or (z) any information or documents which the Debtors inform JPM in writing after the Commencement Date are not required to be provided to the Debtors.  No claim arising from a JPM Derivative Contract or related Guarantee shall be disallowed on the basis that JPM failed to provide information required by the Bar Date Order or this Stipulation unless (i) the Debtors specifically identify such information as not having been already provided by JPM and request in writing that JPM provide such information and (ii) JPM shall have failed to provide such information by the later of the Bar Date (or such later deadline established by the Bar Date Order for the completion and submission of the Derivative Questionnaire) or 30 days after JPM's receipt of such request.

       3.      With respect to information and documents that JPM is required to provide to the Debtors pursuant to the terms of the Bar Date Order and this Stipulation, Agreement and Order, JPM shall have the option of providing such information and documents either (x) in the same manner and medium as JPM has previously provided such information  (or such other manner and medium as may be acceptable to the Debtors) or (y) uploading such information to the website http://www/lehman-claims.com.

       4.      This Stipulation, Agreement and Order shall not modify the effect of the Bar Date Order with respect to any claims of JPM other than those based on Derivative Contracts and Guarantees.

       5.      The terms and conditions of this Stipulation, Agreement and Order, and the Parties' respective obligations hereunder, shall become effective only upon entry of this Order, and this Order becoming a final order, not subject to appeal, rehearing, or other consideration.

5

6. This Stipulation, Agreement and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and permitted assigns, including any subsequent trustee elected or appointed for the Debtors. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation, Agreement and Order.

7. JPM consents to this Court's jurisdiction solely for the purpose of the enforcement of this Stipulation, Agreement and Order.

8. No amendment, waiver, or modification of any provision of this Stipulation, Agreement and Order shall be effective unless the same shall be in writing and signed by JPM and the Debtors.

9. This Stipulation, Agreement and Order may be executed in two or more counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.  This Stipulation, Agreement and Order may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier, or by mail.

10. This Stipulation, Agreement and Order shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of laws that would require the application of laws of another jurisdiction.

Dated: June 23, 2009
      New York, New York

| | |
|---|---|
| By: /s/ Harold S. Novikoff | By: /s/ Shai Y. Waisman |
| Harold S. Novikoff | Shai Y. Waisman |
| (hsnovikoff@wlrk.com) | (shai.waisman@weil.com) |
| WACHTELL, LIPTON, ROSEN & KATZ | WEIL, GOTSHAL & MANGES LLP |
| 51 West 52nd Street | 767 Fifth Avenue |
| New York, New York 10019 | New York, New York 10153 |
| Telephone: (212) 403-1000 | Telephone: (212) 310-8000 |
| Facsimile: (212) 403-2000 | Facsimile: (212) 310-8007 |
| *Attorneys for JPMorgan Chase Bank, N.A. and its Respective Affiliates and Subsidiaries* | *Attorneys for Lehman Brothers Holdings, Inc. and its Affiliated Debtors and Debtors-in-Possession* |

SO ORDERED this 2nd day of July, 2009

    *s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE