**Presentment Date and Time: July 23, 2009 at 1:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: July 22, 2009 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed): August 5, 2009 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
**In re** : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
:
Debtors. : **(Jointly Administered)**
:
:
-----------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF STIPULATION AND
### AGREED ORDER TERMINATING OPEN TRADE CONFIRMATIONS

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation and Agreed Order (the "Stipulation") among Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above referenced Chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors-in-possession (together, the "Debtors"), R3 Capital Management, LLC for itself and on behalf of its affiliate, RRR Loan Funding Trust, and BLT 39 LLC to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **July 23, 2009 at 1:00 p.m. (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **July 22, 2009 at 4:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation on **August 5, 2009 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: July 7, 2009
      New York, New York

    /s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re**                                                         :   **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                      :   **08-13555 (JMP)**
                                                                  :
                    Debtors.                                      :   **(Jointly Administered)**
                                                                  :
                                                                  :
------------------------------------------------------------------x

## STIPULATION AND AGREED ORDER
## TERMINATING OPEN TRADE CONFIRMATIONS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

       This Stipulation and Agreed Order (this "Stipulation") is entered into by and among Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor in the above-referenced chapter 11 cases, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors"), R3 Capital Management, LLC ("R3 Capital") for itself and on behalf of its affiliate, RRR Loan Funding Trust ("RRR," and, collectively with R3 Capital, "R3"), and BLT-39 LLC ("BLT"). Each of the Debtors, R3 and BLT shall sometimes be referred to herein as a "Party" and collectively as the "Parties."

**RECITALS**

A. On September 15, 2008 and October 5, 2008, respectively (as applicable, the "Commencement Date"), LBHI and LCPI each commenced in this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. Prior to the Commencement Date, the Debtors were active in the secondary loan market. In this capacity, the Debtors purchased and sold both par and distressed commercial loans. The Debtors' prepetition trades were reflected in various trade confirmations (the "Trade Confirmations").

C. As of the Commencement Date, the Debtors had entered into, but had not yet consummated and settled, numerous Trade Confirmations (each an "Open Trade Confirmation" and collectively, the "Open Trade Confirmations"), including, as described more fully below, seven trades with R3 and one trade with BLT.

D. By Order dated October 16, 2008 (the "R3 Sale Order") [Docket No. 1086], the Court approved certain post-petition agreements among R3, the Debtors and certain of their respective affiliates, including, without limitation, that certain Purchase Agreement, dated as of October 8, 2008, by and among R3 Capital Management, LLC, R3 Capital GenPar MGP, Ltd., R3 Capital SLP MGP Ltd., and R3 Capital Partners (B), L.P., as Buyers, LB R3 Holdings, L.P., as Investor, LB R3 Holdings GP L.L.C., as Investor GP, and LBHI as Seller (the "Purchase Agreement").

E.  Pursuant to the Purchase Agreement and the R3 Sale Order, upon the Closing[1] of the Sale, (i) the Debtors and certain other LB Parties released and irrevocably discharged R3 and certain other R3 Parties from and against all LB Released Claims and (ii) R3 and certain other R3 Parties released and irrevocably discharged the Debtors and certain other LB Parties from and against all R3 Released Claims.

F.  On November 14, 2008, the Debtors filed a Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 1541] (the "Open Trades Motion"), in which the Debtors designated certain Open Trade Confirmations for assumption, rejection, or assumption with modification.

G.  In the Open Trades Motion, the Debtors designated one Open Trade Confirmation entered into between LCPI and BLT for assumption (the "USI Trade"). The details of the USI Trade are set forth on the schedule annexed hereto as Exhibit A. The Debtors designated one Open Trade Confirmation entered into between LCPI and R3 for assumption and four others for rejection (collectively, the "Open R3 Trades"). The details of the Open R3 Trades are set forth on the schedule annexed hereto as Exhibit B.[2]

H.  On November 28, 2008, R3 filed the Objection of R3 Capital Management, LLC to Debtors' Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 1909] (the "R3 Objection").

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Purchase Agreement.

[2] By the Open Trades Motion, the Debtors additionally sought to assume two trades between LCPI and R3 with regard to which the Debtors and R3 were able to negotiate consensual modifications (the "Amended R3 Trades"). Pursuant to the December 16 Order (as defined below), the Court approved the assumption of the Amended R3 Trades and the Amended R3 Trades have closed.

I. The Court entered orders on December 16, 2008 [Docket No. 2258] (the "December 16 Order") and December 23, 2008 [Docket No. 2364] (the "December 23 Order"), each, *inter alia*, granting the relief requested therein with respect to certain Open Trade Confirmations and adjourning the hearing with respect to, *inter alia*, the Open R3 Trades.

J. The Court approved the assumption of the USI Trade pursuant to the December 16 Order. On December 26, 2008, BLT filed the Motion for Partial Reconsideration of Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 2396] (the "BLT Motion for Reconsideration").

K. In furtherance of the terms and conditions of the Purchase Agreement, the Debtors and certain of their affiliates entered into a letter agreement with certain affiliates of R3, dated May 27, 2009 (the "Letter Agreement"). Among other things, the Letter Agreement has resolved all disputes relating to the Open R3 Trades and the USI Trade (collectively, the "Terminated Trades"), and, therefore, the R3 Objection and the BLT Motion for Reconsideration. Specifically, the Debtors and R3 agreed, *inter alia*, to treat all claims relating to the Terminated Trades as either R3 Released Claims or LB Released Claims, as applicable, and have agreed as follows:

**AGREED ORDER**

IT IS HEREBY AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1. All claims of every kind, nature and character with respect to the Terminated Trades, other than claims by or against BLT, are either LB Released Claims or R3 Released Claims, as applicable, which the Debtors and R3 released and irrevocably discharged

pursuant to the Purchase Agreement and the R3 Sale Order effective as of the Closing of the Sale.

2. The Terminated Trades are hereby terminated and all claims, rights and obligations of each Party thereunder are hereby finally and fully extinguished without liability to any other Party, notwithstanding any provision in any agreement related to the Terminated Trades that provides for survival upon the termination or cancellation thereof.  The Parties agree that this Stipulation shall constitute a waiver of any termination notice or provision under any agreement related to the Terminated Trades.

3. For the avoidance of doubt, the termination of the Terminated Trades hereunder is not a rejection pursuant to section 365 of the Bankruptcy Code, and neither R3 nor BLT shall be entitled to file any claim against the Debtors relating to breach or rejection of the Terminated Trades.

4. Upon the order approving this Stipulation becoming final and nonappealable, the R3 Objection and the BLT Motion for Reconsideration shall be deemed withdrawn, with prejudice.

5. The Debtors acknowledge that there are no other Open Trade Confirmations with R3 or with BLT.

6. Each person who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

7. This Stipulation constitutes the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof; provided, however, that nothing herein shall

be deemed or construed to modify, alter or amend the Purchase Agreement, the R3 Sale Order or the Letter Agreement.

8. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

9. This Stipulation shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

10. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Evidence of execution of this Agreement may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of an originally signed document, each of which shall be as fully binding on the Party as a signed original. .

[*Remainder of page left blank intentionally*]

11. If this Stipulation is not approved by the Court, it shall be deemed null and void and shall not be referred to or used for any purpose by any of the Parties hereto or any of the other parties in the Debtors' chapter 11 cases. In such event, the Parties shall retain their respective rights regarding the Terminated Trades.

Dated: July 7, 2009

| **ROPES & GRAY LLP** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| /s/ Keith H. Wofford | /s/ Jacqueline Marcus |
| Keith H. Wofford | Jacqueline Marcus |
| | |
| 1211 Avenue of the Americas | 767 Fifth Avenue |
| New York, New York 10036 | New York, New York 10153 |
| Telephone (212)596-9000 | Telephone: (212) 310-8000 |
| Facsimile: (212)596-9090 | Facsimile: (212) 310-8007 |
| | |
| Attorneys for R3 Capital Management, LLC | Attorneys for Debtors and Debtors in Possession |

**CRAVATH, SWAINE & MOORE LLP**

/s/ Richard Levin
Richard Levin
Robert H. Trust

Worldwide Plaza
825 Eighth Avenue

New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

Attorneys for BLT-39 LLC


Dated: _____, 2009
       New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

# USI Trade

US_ACTIVE:\21003701\12\21003701_12.DOC\.

**USI TRADE**

| Debtor | Counterparty | Deal Name | Trade Date | B/S |
|---|---|---|---|---|
| LCPI | BLT 39 LLC | USI Holdings Corp. (5/4/07) | 9/10/2008 | S |

# EXHIBIT B

## Open R3 Trades

## OPEN R3 TRADES

### Proposed Assumed R3 Trades

| Debtor | Counterparty | Deal Name | Trade Date | B/S |
|---|---|---|---|---|
| LCPI | RRR Loan Funding Trust | Wimar Opco (Tropicana Entertainment) | 8/8/2008 | S |

### Proposed Rejected R3 Trades

| Debtor | | Deal Name | Trade Date | B/S |
|---|---|---|---|---|
| LCPI | RRR Loan Funding Trust | Quebecor World | 5/28/2008 | S |
| LCPI | RRR Loan Funding Trust | Wimar Opco (Tropicana Entertainment) | 7/22/2008 | B |
| LCPI | RRR Loan Funding Trust | Wimar Opco (Tropicana Entertainment) | 8/22/2008 | B |
| LCPIUK | R3 Capital Management, LLC | ProSieben (26Jun07) Opco | 9/4/2008 | B |