**Presentment Date and Time: July 20, 2009 at 12:00 p.m (Prevailing Eastern Time)**
**Objection Deadline: July 20, 2009 at 11:30 a.m (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed): August 5, 2009 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                                  :
In re                                                             :        **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
                                                                  :
                              Debtors.                            :        **(Jointly Administered)**
                                                                  :
------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF SECOND**
**SUPPLEMENTAL APPLICATION OF THE DEBTORS PURSUANT**
**TO SECTIONS 327(E) AND 328(A) OF THE BANKRUPTCY CODE**
**AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**FOR AUTHORIZATION TO EMPLOY AND RETAIN JONES DAY AS SPECIAL**
**COUNSEL TO THE DEBTORS,** *NUNC PRO TUNC* **TO THE ENGAGEMENT DATES**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed second

supplemental application of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors

in the above-referenced chapter 11 cases (together, the "Debtors") pursuant to sections 327(e)

and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy

Procedure, for authorization to expand the scope of Jones Day's retention as special counsel to

the Debtors, *nunc pro tunc* to the Engagement Dates (the "Second Supplemental Application"),

all as more fully described in the Second Supplemental Application, to the Honorable James M.

Peck, United States Bankruptcy Judge, for approval and signature on **July 20, 2009 at 12:00**

**p.m. noon (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections to the Second Supplemental Application, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq.,; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Jones Day, 222 East 41st Street, New York, NY 10017-6702, Attn: Jayant W. Tambe, **so as to be so filed and received by no later than June 20, 2009 at 11:30 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **August 5, 2009, at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable

James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York

10004-1408.  If an objection is filed the moving and objecting parties are required to attend the

hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  July 9, 2009
        New York, New York

                              /s/ Richard P. Krasnow
                              Richard P. Krasnow

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Debtors
                              and Debtors in Possession

**Presentment Date and Time: July 20, 2009 at 12:00 p.m (Prevailing Eastern Time)**
**Objection Deadline: July 20, 2009 at 11:30 a.m (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed): August 5, 2009 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
: 
In re                           :       **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :       **08-13555 (JMP)**
: 
                **Debtors.**       :       **(Jointly Administered)**
: 
---------------------------------------------------------------------x

**SECOND SUPPLEMENTAL APPLICATION OF THE DEBTORS
PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE
AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
FOR AUTHORIZATION TO EMPLOY AND RETAIN JONES DAY AS SPECIAL
COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE ENGAGEMENT DATES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

          Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), file this second supplement to the

application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and

Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for

authorization to expand the scope of Jones Day's retention as special counsel to the Debtors,

*nunc pro tunc* to the Engagement Dates (as defined below) as set forth herein (the "Second

Supplemental Application"), and respectfully represent:

## Background

1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

## Jurisdiction

5.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Lehman's Business

6.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman had been

a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

7.     Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## **Retention of Jones Day**

8.     On February 4, 2009, the Debtors submitted the Application to Employ Jones Day as Special Counsel to the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure [Docket No. 2725] (the "Application"), and on February 25, 2009, the Court entered an Order [Docket No. 2925] (the "Jones Day Retention Order") approving the Application and authorizing the Debtors to employ and retain Jones Day as special counsel to the Debtors with respect to certain matters described in the Application generally relating to (a) assisting LBHI in relation to any issues arising in the Asia Pacific region; (b) assisting and advising LBHI with respect to the insolvency proceedings of Lehman Brothers Australia Holdings Pty Limited; (c) assisting LBHI and other United States-based Lehman entities in Japan in asserting claims in certain Japanese Civil Rehabilitation proceedings; (d) advising LBHI in connection with claims which may be asserted against it relating to Lehman Brothers Japan Holdings KK; (e) advising Lehman with respect to distressed debt transactions in Taiwan, China, the Philippines and Thailand, and its acquisition and financing of real estate assets in Taiwan; (f) representing certain Lehman entities through various third parties in the sale of their Sunrise Project and the changes to their corporate registrations required by the departure of the members of the Boards of their operating

companies to Nomura; (g) continuing the representation of LBHI in litigation pending in the United States Bankruptcy Court of the Northern District of California, entitled Aron Oliner and Lehman Brothers Holdings Inc. v. John Kontrabecki, and related bankruptcy cases; and (h) advising the Debtors in connection with their businesses and operations in India (the "Initial Representative Matters").

9.      On May 8, 2009, the Debtors submitted a Supplement to the Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to The Debtors, *Nunc Pro Tunc* To The Engagement Dates [Docket No. 3525] (the "First Supplemental Application"), and on May 21, 2009, the Court entered an order [Docket No. 3630] (the "First Supplemental Retention Order") authorizing and approving the expansion of Jones Day's retention as special counsel with respect to certain matters described in the First Supplemental Application generally relating to (a) the examination of the negotiation and conclusion of the Asset Purchase Agreement dated September 16, 2008 and certain related or potentially related transactions and events involving the Debtors and Barclays Capital Inc. in and after September of 2008, and (b) the examination of issues relating to derivatives trades between Debtor Lehman Brothers Special Financing Inc. and certain of the other Debtors, on the one hand, and the counterparty to such trades, AIG CDS, Inc. and/or its affiliates.

10.      Subsequent to the entry of the Jones Day Retention Order, the Debtors requested that Jones Day expand the scope of the Representative Matters to include representation of the Debtors in connection with various derivatives trades between the Debtors and other entities, which the Debtors' primary restructuring counsel is unable to assist with due to conflict or other reasons (collectively, the "Additional Matters").

11.     By this Second Supplemental Application, the Debtors seek to modify the scope of Jones Day's retention as special counsel, previously approved by the Jones Day Retention Order, to include legal services with respect to the Additional Matters, *nunc pro tunc* to May 4, 2009 for the "Prudential" and "Putnam" matters, May 27, 2009 for the "Houghton" matter, June 18, 2009 for the "U.S. Shipping" matter, June 23, 2009 for the "Norton Goldfields" matter, and June 25, 2009  for the "Rosslyn" and "Relationship Funding" matters (collectively, the "Engagement Dates").

12.     Jones Day has represented various Lehman entities in the United States, the Asia Pacific Rim and Australia with respect to various litigation, securities, insolvency, commercial, real estate other matters, including certain of the Representative Matters, for several years.  Over the course of its representation of the Debtors, Jones Day has become familiar with the Debtors' business operations.   Further, Jones Day has already been retained to provide advice to the Debtors with respect to derivatives trades relating to AIG CDS, Inc.  Accordingly, the Debtors believe that Jones Day is both well qualified and uniquely able to provide services relating to the Additional Matters, and that its retention would be in the best interest of the Debtors' estates, their creditors and other parties in interest.

13.     The Debtors' knowledge, information and belief regarding the matters set forth in this Second Supplemental Application are based on and made in reliance upon the Declaration of Jayant W. Tambe in Support of the Second Supplemental Application (the "Declaration"), a copy of which is attached hereto as Exhibit 1.

14.     Because the Debtors now seek to engage Jones Day with respect to the Additional Matters, the Debtors request entry of an order, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local

Bankruptcy Rules for the Southern District of New York, expanding the scope of the

employment of Jones Day as special counsel for the Debtors, effective as of the respective

Engagement Dates, with respect to the Additional Matters.

15.    The Debtors have been informed that Jones Day has not at this time

undertaken to repeat its previous conflict check and clearance process with respect to all

Interested Parties (as defined in the Declaration) in these cases, but that Jones Day has repeated

its previous conflict check and clearance process with respect to the Additional Matters.  The

Debtors have also been informed that Jones Day will continue to update its conflicts disclosures

contained in the Initial Declaration in accordance with the Bankruptcy Rules, the Local

Bankruptcy Rules, any orders of this Court, and Jones Day's past practices and established

conflicts procedures relating to chapter 11 proceedings.

16.    Jones Day has informed the Debtors that it does not represent or hold any

interest adverse to the Debtors or the Debtors' estates with respect to the Additional Matters.  *See*

*In re AroChem*, 176 F. 3d 610, 622 (2d. Cir. 1999) (emphasizing that, under section 327(e) of the

Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the

proposed retention).

## Notice

17.    No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this Second Supplemental Application in accordance with the procedures

set forth in the amended order entered on February 13, 2009 governing case management and

administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the

attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

and (vi) all parties who have requested notice in these chapter 11 cases.  The Debtors submit that

no other or further notice need be provided.

18.    No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated:    New York, New York
          July 9, 2009

                                                    /s/ Richard P. Krasnow
                                                    Richard P. Krasnow
                                                    WEIL, GOTSHAL & MANGES LLP
                                                    767 Fifth Avenue
                                                    New York, New York 10153
                                                    Telephone: (212) 310-8000
                                                    Facsimile: (212) 310-8007
                                                    Attorneys for Debtors
                                                    and Debtors in Possession

**<u>EXHIBIT 1</u>**
**(The Declaration)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                  :

In re                             :        Chapter 11 Case No.
                                    :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :        08-13555 (JMP)
                                    :

                  Debtors.     :        (Jointly Administered)
                                    :

                                    :
------------------------------------------------------------------x

## DECLARATION OF JAYANT W. TAMBE IN SUPPORT OF THE SECOND SUPPLEMENTAL APPLICATION OF THE DEBTORS PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN JONES DAY AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE ENGAGEMENT DATES

Pursuant to sections 327, 328 and 329 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and 28 U.S.C. § 1746, Jayant W. Tambe declares:

      1.      I am a member of the firm of Jones Day, 222 East 41st Street, New York, New York  10017-6702, and am admitted to practice law in Illinois and New York.

      2.      I submit this Declaration in support of the Second Supplemental Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Engagement Dates in order to expand the scope of Jones Day's retention as special counsel, as set forth herein (the "Second Supplement")[1] filed by Lehman Brothers Holdings Inc. ("LBHI"), and its affiliates, to modify the scope of Jones Day's retention as special counsel to LBHI with respect to the Representative

---

[1]      Capitalized terms not defined herein shall have the meaning ascribed to them in the Second Supplement.

Matters, *nunc pro tunc* to the Engagement Dates,[2] as described in greater detail below and in the

Second Supplement.  All facts set forth below in this Declaration are based upon information

from, and discussions I or other Jones Day personnel reporting to me have had with, certain of

my colleagues.  Based on the foregoing, if I were called upon to testify, I could and would testify

competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of

Jones Day.

3.        On February 4, 2009, Simon Powell, a member of Jones Day, submitted a

declaration (the "Initial Declaration") in support of the Application to Employ Jones Day as

Special Counsel to the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code

and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Application").

4.        On February 25, 2009, the United States Bankruptcy Court for the

Southern District of New York entered an order (the "Jones Day Retention Order") approving

the Application and authorizing LBHI and its affiliated debtors and debtors in possession in the

above-referenced chapter 11 cases (together, the "Debtors") to employ and retain Jones Day as

special counsel to the Debtors with respect to the Representative Matters.

5.        In addition, Jones Day represents certain former employees of the Debtors

and/or affiliate Lehman Brothers Inc. in connection with investigations, arbitrations and/or other

proceedings relating to auction rate securities allegedly sold by, maintained in an account by, or

in some other way connected to one or more Lehman entities.  Pursuant to that certain Order

Granting Debtors' Motion, Pursuant to Sections 105(a) and 363(b)(1) of the Bankruptcy Code

and Bankruptcy Rule 6004 for Authorization to Advance Certain Legal Costs to Former

---

[2]        The engagement dates for the Additional Matters (defined below) are as follows:  May 4, 2009 for the "Prudential" and "Putnam" matters, May 27, 2009 for the "Houghton" matter, June 18, 2009 for the "U.S. Shipping" matter, June 23, 2009 for the "Norton Goldfields" matter, and June 25, 2009  for the "Rosslyn" and "Relationship Funding" matters.

Employees, dated December 3, 2008 [Docket No. 2052], and subject to the conditions set forth

therein, Jones Day has sought payment from the Debtors, and has tendered claims for

reimbursement and/or payment from their insurance providers to the extent coverage exists and

any deductible and/or self insured retention has been satisfied, for legal fees and expenses

incurred in connection with the representations of such former employees.

6.      On April 9, 2009, Jones Day submitted its First Interim Application of

Jones Day, Special Counsel to the Debtors and Debtors In Possession, Seeking Allowance and

Payment of Interim Compensation and Reimbursement of Expenses Under 11 U.S.C. Sections

330 and 331 [Docket No. 3313] seeking actual, reasonable, and necessary (i) professional fees in

the amount of $1,258,056.00 and (ii) expense reimbursement in the amount of $10,425.76 for

services performed and expenses incurred from the Engagement Dates to January 31, 2009.

7.      On May 8, 2009, the Debtors submitted a Supplement to the Application

of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of

the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as

Special Counsel to The Debtors, *Nunc Pro Tunc* To The Engagement Dates [Docket No. 3525]

(the "First Supplemental Application").

8.      On May 21, 2009, the Court entered an order [Docket No. 3630]

authorizing and approving the expansion of Jones Day's retention as special counsel with respect

to certain matters described in the First Supplemental Application generally relating to (a) the

examination of the negotiation and conclusion of the Asset Purchase Agreement dated

September 16, 2008 and certain related or potentially related transactions and events involving

the Debtors and Barclays Capital Inc. in and after September of 2008, and (b) the examination of

issues relating to derivatives trades between Debtor Lehman Brothers Special Financing Inc. and

certain of the other Debtors, on the one hand, and the counterparty to such trades, AIG CDS, Inc.
and/or its affiliates, on the other.

9.     Jones Day has extensive knowledge and experience in representing the
Debtors and other Lehman non-debtor affiliates in various matters.  With more than 2,400
lawyers in 31 offices around the world, Jones Day is one of the largest law firms in the world.
Jones Day has substantial experience in virtually all aspects of the law that may arise in its
representation of the Debtors in these chapter 11 cases, including, among others, insolvency,
corporate, finance, litigation, real estate and securities issues. Using that experience, Jones Day
acts as principal outside counsel to, or provides significant legal representation for, more than
half of the Fortune 500 companies.

10.     Jones Day has represented various Lehman entities in the United States,
the Asia Pacific Rim and Australia with respect to various litigation, securities, insolvency,
commercial, real estate other matters, including certain of the Representative Matters, for several
years.  Over the course of its representation of the Debtors, Jones Day has become familiar with
the Debtors' business operations.   Further, Jones Day has already been retained to provide
advice to the Debtors with respect derivatives trades relating to AIG CDS, Inc.  Accordingly, I
believe that Jones Day is both well qualified and uniquely able to provide services relating to
derivatives trades relating to other counterparties, and that its retention would be in the best
interest of the Debtors' estates, its creditors and other parties in interest.

11.     Subsequent to the entry of the Jones Day Retention Order, the Debtors
requested that Jones Day expand the scope of the Representative Matters to include
representation of the Debtors in connection with other structured products and derivatives trades
between the Debtors and other entities, which the Debtors' primary restructuring counsel is

unable to assist them with due to conflict or other reasons (collectively, the "Additional

Matters").

12. As set forth in the Initial Declaration and the First Supplemental

Application and supporting documentation filed in connection with that Application, to check

and clear potential conflicts of interest in these cases, as well as to determine all "connections" to

the Debtors, their creditors, other parties in interest, their respective attorneys and accountants,

the U.S. Trustee or any person employed by the U.S. Trustee, Jones Day conducted an

investigation to determine whether it has had any relationships at any time during the past two

years with entities contained on the list provided to Jones Day by Weil, Gotshal & Manges LLP,

the Debtors' general bankruptcy counsel, on December 4, 2008 (as updated by Weil, Gotshal &

Manges LLP on January 2, 2009, the "Conflicts Checklist"), a copy of which was attached as

Schedule 1 to the Initial Declaration, setting forth certain of the creditors and other parties in

interest (collectively, the "Interested Parties") of the Debtors.  To the extent that Jones Day's

investigation of its relationships (if any) with the Interested Parties indicated that Jones Day had

represented in the past two years, or at that time currently represented, any of those Interested

Parties or their affiliates or represented parties that had relationships with those Interested Parties

or their affiliates, the identities of such Interested Parties and affiliates and their relationship to

Jones Day were set forth in Schedule 2 to the Initial Declaration.

13. Jones Day has identified a list of parties directly involved with the

Additional Matters (the "Additional Matters Parties"), a copy of which is attached as Exhibit A

hereto.  To the extent that Jones Day's investigation of its relationships (if any) with the

Additional Matters Parties indicated that Jones Day had represented in the past two years, or at

that time currently represented, any of those Additional Matters Parties or their affiliates or

represented parties that had relationships with those Additional Matters Parties or their affiliates, the identities of such Additional Matters Parties and affiliates and their relationship to Jones Day are set forth in Exhibit B hereto.  To be clear, as footnote 1 to Exhibit B explains, that schedule identifies affiliates of present or former clients even if those affiliates themselves have never been clients.

14.	Notwithstanding the foregoing, Jones Day has not at this time undertaken to repeat its previous conflict check and clearance process with respect to all Interested Parties in these cases.  However, Jones Day will continue to update its conflicts disclosures contained in the Initial Declaration in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules, any orders of this Court, and Jones Day's past practices and established conflicts procedures relating to chapter 11 proceedings.

15.	Jones Day recognizes that it will be required to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of this Court. Jones Day has reviewed the fee application guidelines promulgated by the U.S. Trustee and will comply with them.

16.     To the best of my knowledge, Jones Day does not represent or hold any

interest adverse to the Debtors or the Debtors' estates with respect to the Additional Matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated: July 9, 2009

Jayant W. Tambe
Jones Day
222 East 41st Street
New York, NY 10017-6702

## EXHIBIT A

## EXHIBIT A

**LEHMAN BROTHERS HOLDINGS, INC., *ET AL.***

## ADDITIONAL MATTERS PARTIES

Guggenheim Partners, LLC
Houghton Mifflin Harcourt Publishers, Inc.
Norton Gold Fields Limited
Prudential Funding, LLC
Prudential Global Funding, LLC (f/k/a/ Prudential Global Funding, Inc.)
The Putnam Advisory Company, Inc.
The Putnam Advisory Company, LLC
Putnam Fiduciary Trust Company
Putnam Fiduciary Trust Company, LLC
Putnam Investment Management, Inc.
Putnam Investment Management, LLC
Putnam Investments Limited
Relationship Funding Company, LLC
Relationship Funding Corporation
Rosslyn Investors I, LLC
The Liberty Hampshire Company, LLC
U.S. Shipping Partners, L.P.

**<u>EXHIBIT B</u>**

**EXHIBIT B**

**SUPPLEMENT TO SCHEDULE 2 FOR
SECOND SUPPLEMENTAL DISCLOSURE REGARDING
ADDITIONAL MATTERS AS OF JULY 2, 2009**

**LEHMAN BROTHERS HOLDINGS, INC.,** *ET AL.*

**SCHEDULE OF ADDITIONAL MATTERS PARTIES THAT CURRENTLY
EMPLOY OR HAVE FORMERLY EMPLOYED JONES DAY IN MATTERS
UNRELATED TO THE DEBTORS OR THEIR CHAPTER 11 CASES**

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| **ADDITIONAL MATTERS PARTIES (OR AFFILIATED ENTITIES) WHO ARE CURRENT CLIENTS OR WERE CLIENTS WITHIN THE LAST TWO YEARS[1]** | | |
| Prudential Funding, LLC; and Prudential Global Funding, LLC (f/k/a Prudential Global Funding, Inc.)[2] | Additional Matters Parties | • Affiliate company Prudential Insurance Company of America (closed 2007) is a former client. |
| Putnam Fiduciary Trust Company; Putnam Fiduciary Trust Company, LLC; Putnam Investment Management, Inc.; Putnam Investment Management, LLC; Putnam Investments Limited; The Putnam Advisory Company, Inc.; and The Putnam Advisory Company, LLC | Additional Matters Parties | • ***Power Corporation of Canada***, the parent company of Putnam Fiduciary Trust Company, Putnam Investment Management, Inc. and Putnam Investment Management, LLC, is: (a) a current client; (b) the parent of Mackenzie Financial Corporation, a stockholder of current client ***Tiomin Resources, Inc.***; (c) the parent of Canada Life Assurance Company, a co-client in a current matter with client ***Allied Irish Bank Plc***; and (d) the parent of former client Power Pacific Corporation Limited (closed 2009). |

---

[1]    The names of current clients of Jones Day appear in bold and italics.  The disclosure of stockholder interests or other affiliate relationships among potentially related entities reflects only information known to Jones Day through its conflict reporting system.  Jones Day has not performed independent research to identify all stockholder interests or other affiliate relationships with respect to interested parties.  Moreover, Jones Day has not disclosed representations of trade associations and similar industry or special interest organizations in which interested parties are members.

[2]    Prior disclosures suggested that affiliates of Prudential Financial, Inc. were affiliated with Prudential plc or its affiliates.  To be clear, though affiliates of Prudential plc's are also interested parties in these bankruptcy proceedings, they do not appear to be affiliated in any way with Prudential Funding, LLC, Prudential Global Funding, LLC, or the other companies in the Prudential Financial, Inc. group.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                                                  :
In re                                             :      Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :      08-13555 (JMP)
                                                  :
                            Debtors.              :      **(Jointly Administered)**
                                                  :
--------------------------------------------------------------------x

### ORDER GRANTING SECOND SUPPLEMENTAL APPLICATION OF THE DEBTORS, PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, TO EXPAND THE SCOPE OF JONES DAY'S RETENTION AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO THE ENGAGEMENT DATES

Upon the second supplemental application, dated July 9, 2009 (the "Second Supplemental Application"), of Lehman Brothers Holdings Inc., as debtor in possession ("LBHI", and together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing and approving the expansion of Jones Day's retention as special counsel, *nunc pro tunc* to the Engagement Dates with respect to the Additional Matters,[1] all as more fully described in the Second Supplemental Application; and the Court having jurisdiction to consider the Second Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Second

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Application.

Supplemental Application and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Second Supplemental Application having been provided

in accordance with the procedures set forth in the amended order entered February 13, 2009

governing case management and administrative procedures [Docket No. 2837] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the

relief sought in the Second Supplemental Application is in the best interests of the Debtors, their

estates and creditors, and all parties in interest and that the legal and factual bases set forth in the

Second Supplemental Application establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the Second Supplemental Application is approved; and it is

further

ORDERED that pursuant to sections 327(e) and 328(a) of the Bankruptcy Code,

the Debtors are hereby authorized to expand the scope of the employment and retention of Jones

Day as special counsel to the Debtors on the terms set forth in the Second Supplemental

Application and this order, effective *nunc pro tunc* to the respective Engagement Dates with

respect to the Additional Matters identified in the Second Supplemental Application; and it is

further

ORDERED that Jones Day shall apply for compensation and reimbursement of

expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy

Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines

established by the U.S. Trustee, and such other procedures that have been or may be fixed by

order of this Court, including but not limited to the Court's Third Amended Order Pursuant to

Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing

Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals

[Docket No. 4165] and the Court's Order Appointing a Fee Committee and Approving a Fee

Protocol [Docket No. 3651].

Dated: July ___, 2009
      New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE