UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | : |
| | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | : |
| Debtors | : Case No. 08-13555 (JMP) |
| | : (Jointly Administered) |

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FED. R. BANKR. P. 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Federal Rule of Bankruptcy Procedure 3001(e)(2) of the transfer, other than for security, of the claim referenced in this notice ("the Claim").

An evidence of Transfer of Claim is attached hereto as Exhibit A. The Proof of Claim filed with this Court is attached hereto as Exhibit B.

**Name of Transferor**

ALLIANCE LAUNDRY EQUIPMENT
RECEIVABLES 2005 LLC
Court Claim Number: 1299
Amount of Claim: See Attached (Unliquidated)
Date Claim Filed: 12/12/2008

**Address of Transferor**
Alliance Laundry Equipment Receivables Trust
2005-A
Alliance Laundry Systems LLC,
Shepard Street
P.O. Box 990
Ripon, WI 54971-0990
Tel:    (920) 748-1634
Attn:   Bruce P. Rounds

**Name of Transferee**

ALLIANCE LAUNDRY SYSTEMS LLC

**Address of Transferee**
Alliance Laundry Systems LLC
Shepard Street
P.O. Box 990
Ripon, WI 54971-0990
Tel:    (920) 748-1634
Attn:   Bruce P. Rounds

The Transferor has waived its right, pursuant to Rule 3001(e)(2) of the Bankruptcy Rules, to receive from the Clerk of the Court notice of filing of the evidence of transfer of the Proof of Claim and its right to object to such transfer within the twenty (20) day period set forth therein. The Transferor stipulates that an order may be entered recognizing the transfer of the Claim as an unconditional transfer and the Transferee as the valid owner of the Claim.

3949379_2.DOC

Dated:  New York, New York
        July 9, 2009

By: /s/ Dana L. Myers

Dana L. Myers DM-0218
Ropes & Gray LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

Counsel to Alliance Laundry Equipment
Receivables 2005 LLC

3949379_2.DOC

EVIDENCE OF TRANSFER OF CLAIM

TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **ALLIANCE LAUNDRY EQUIPMENT RECEIVABLES 2005 LLC** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to **ALLIANCE LAUNDRY SYSTEMS LLC** ("Assignee"), all of Assignor's right, title, interest, claims and causes of action in and to, or arising under or in connection with the claims set forth in **Proof of Claim Number 1299** (the "Assigned Claim"), against Lehman Brothers Holdings Inc. (the "Debtor"), the debtor-in-possession in Case No. 08-13888 (jointly administered under Case No. 08-13555) (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all other proofs of claim filed by Assignor with the Bankruptcy Court in respect of the Assigned Claim.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Assigned Claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim for all purposes, including, without limitation, voting and distribution purposes. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of the Assigned Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on July 8, 2009.

ALLIANCE LAUNDRY EQUIPMENT
RECEIVABLES 2005 LLC

By: _____
Name: Bruce P. Rounds
Title: Vice President Chief Financial Officer

[Evidence of Transfer of Claim]

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT     Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Lehman Brothers Holdings Inc. | Case Number:<br>08-13555 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Alliance Laundry Equipment Receivables Trust 2005-A | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br><br>Alliance Laundry Systems LLC, Shepard Street, P.O. Box 990, Ripon, WI 54971-0990, Attention: Bruce P. Rounds, Vice President/Chief Financial Officer     Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036-8704, Attention: Marc Hirschfield, Esq.<br><br>Telephone number:<br>(920) 748-1634 | Court Claim Number: _____<br>*(If known)*<br><br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br>c/o Alliance Laundry Systems LLC, Shepard Street, P.O. Box 990, Ripon, WI 54971-0990, Attention: Bruce P. Rounds, Vice President/Chief Financial Officer<br><br>Telephone number:<br>(920) 748-1634 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:**     $_____ Unliquidated (see attached)

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _See attached addendum_
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

Value of Property: $_____   Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000001299

| Date:<br>12/10/2008 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Bruce P. Rounds, Vice President/Chief Financial Officer, Alliance Laundry Systems LLC, on behalf of Alliance Laundry Equipment Receivables Trust 2005-A          x /s/ Bruce P. Rounds |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FILED / RECEIVED

DEC 12 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

DEC 12 2008

EPIQ BANKRUPTCY SOLUTIONS, LLC

In re Lehman Brothers Holdings Inc., Case No. 08-13555
In re Lehman Brothers Special Financing Inc., Case No. 08-13888

## ADDENDUM TO PROOF OF CLAIM
## FILED BY ALLIANCE LAUNDRY EQUIPMENT
## RECEIVABLES TRUST 2005-A

Alliance Laundry Equipment Receivables Trust 2005-A ("Claimant") submits an unsecured pre-petition claim in the amount of not less than $1,046,015.30 (the "Claim") against Lehman Brothers Special Financing Inc. ("LBSF") and Lehman Brothers Holdings Inc. ("LBH" and together with LBSF, collectively, the "Debtors"). Claimant also submits an unliquidated claim for other amounts due under the Agreements (as defined below).

During the pre-petition period, on June 27, 2005, Claimant entered into an ISDA Master Agreement, Schedule to the Master Agreement, and Confirmation with LBSF and a Guarantee with LBH (collectively, the "Agreements"), in connection with an interest rate cap to be provided by the Debtors. Claimant asserts its unsecured pre-petition claim based on the inability of the Debtors to perform its obligations under the Agreements. The invoices evidencing this claim are voluminous and not annexed hereto. They are available on request, however.

Without limiting the foregoing, Claimant reserves the right to amend and/or supplement the Claim, including, without limitation, to amend the amount of the Claim, the classification of the Claim, and/or to file additional claims that may be based on the same or additional documents.

To the best of Claimant's knowledge, information and belief, the Claim is not subject to any setoff and/or counterclaim.

The filing of this proof of claim is not (a) a waiver, release or modification of Claimant's rights against any person, entity or property, (b) an election of remedy, (c) a waiver of any past, present or future defaults or events of default, or (d) a consent by Claimant to the jurisdiction of this Court with respect to any other matter or proceeding commenced in these cases or otherwise involving Claimant.

All notices regarding the Claim should be sent to the following addresses:

c/o Alliance Laundry Systems LLC
Shepard Street
P.O. Box 990
Ripon, WI 54971-0990
Attention: Bruce Rounds, Vice President
and Chief Financial Officer
Telecopy: 920-748-1629
Confirmation: 920-748-1634

Ropes & Gray LLP
1211 Ave of the Americas
New York, NY 10036-8704
Attn: Marc Hirschfield, Esq.
Tel: 212-596-9000
Fax: 212-596-9090
Email: Marc.Hirschfield@ropesgray.com

7351502_2.DOC