**Hearing Date:  July 13, 2009 at 10:00 a.m. (Prevailing Eastern Time)**

LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
David L. Neale (DN 1948)

Attorneys for Lessor and Sublessor,
Kalaimoku-Kuhio Development Corp.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                                :
In re                                                           :    **Chapter 11 Case No.**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al*                      :    **08-13555 (JMP)**
                                                                :
                        Debtors.                                :    **(Jointly Administered)**
                                                                :
                                                                :
----------------------------------------------------------------x

**STATEMENT OF KALAIMOKU-KUHIO DEVELOPMENT CORP. TO AMENDED MOTION OF LB 2080 KALAKAUA OWNERS LLC PURSUANT TO BANKRUPTCY CODE SECTIONS 363 AND 365 AND BANKRUPTCY RULES 6004 AND 6006 FOR APPROVAL (i) TO SELL CERTAIN REAL AND PERSONAL PROPERTY LOCATED IN HONOLULU, HAWAII, (ii) TO REJECT OR ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION THEREWITH, AND (iii) RELATED RELIEF**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Kalaimoku-Kuhio Development Corp. (the "Landlord") hereby submits its Statement of Position ("Statement") to the amended motion (the "Motion") dated June 29, 2009 [Docket No. 4230] filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, including LB 2080 Kalakaua Owners LLC ("LB 2080"), as debtors and debtors in possession (together, the "Lehman Debtors") brought pursuant to

Bankruptcy Code Sections 363 and 365 and Bankruptcy Rules 6004 and 6006 for Approval (i) to Sell Certain Real and Personal Property Located in Honolulu, Hawaii, (ii) to Reject or Assume and Assign Executory Contracts and Unexpired Leases in Connection Therewith, and (iii) Related Relief.

All capitalized terms used herein shall have the meanings given in the Motion unless otherwise stated. In support of its Statement, the Landlord respectfully represents as follows.

## STATEMENT OF POSITION

1. LB 2080 and the Landlord are parties to the "Amended and Restated Ground Lease" (the "Ground Lease") and the "Amended and Restated Sublease" (the "Ground Sublease," and with the Ground Lease, collectively referred to herein as the "Leases"). By the Motion, LB 2080 seeks Court approval to sell the Property to the Purchaser, and, in connection therewith, to assume and assign the Leases to the Purchaser. The proposed sale to the Purchaser is subject to higher and better offers, and the Motion had originally provided for any party interested in submitting a higher or better offer for the Property to submit an offer that conforms with the requirements set forth in the Motion by no later July 8, 2009 at 4:00 p.m. (EST) (the "Overbid Submission Deadline"). Just a few hours before this deadline, LB 2080 filed its "*Notice of Extension of Deadline to Submit a Higher Officer for the Proposed Sale of LB 2080 Kalakaua Owners LLC's Interest in Certain Real and Personal Property Located in Honolulu, Hawaii*" [Docket No. 4290] by which LB 2080 extended the Overbid Submission Deadline to July 10, 2009 at 3:00 p.m. (EST).

2. Adequate Assurance. In the event the Purchaser is deemed to be the winning and successful bidder for the Property, the Landlord does not object to the Motion on adequate assurance grounds. In the event Purchaser is not the winning and successful bidder for the

2

Property, and LB 2080 moves to sell the Property to a different purchaser, the Landlord reserves all of its rights to object to the sale of the Property and the proposed assumption and assignment of the Leases, including, without limitation, on adequate assurance grounds.

3.  <u>Cure</u>.  On July 7, 2009, LB 2080 notified the Landlord that the estimated cure amounts stated in the Motion for the Landlord's Leases were inaccurate.[1]  However, the Landlord and LB 2080 have reached an agreement on the correct cure amounts due under the Leases as of the proposed closing date (<u>i.e.</u>, July 14, 2009) as reflected in the Landlord's analyses attached as Exhibit "A" (consisting of all rent, interest, and other charges due under the Leases but exclusive of attorneys' fees and costs which are addressed below).  As set forth therein, the cure amounts due under the Leases are at least $1,139,940.51 as of July 14, 2009, and increase at a per diem rate of $222.55 through July 31, 2009.[2]

4.  In addition, LB 2080 has agreed that the Landlord is entitled to receive, as a cure payment pursuant to Section 365(b)(1) of the Bankruptcy Code and concurrently with the closing of the sale and assumption and assignment of the Leases, all reasonable attorneys' fees and costs incurred by the Landlord in seeking to collect delinquent rents and other charges payable under the Leases.  In particular, Section 5.21 of the Ground Lease provides:

---

[1] LB 2080 has agreed to extend the deadline for Landlord to object to the Motion on cure grounds from July 8, 2009 to July 10, 2009, Noon (Prevailing Eastern Time).  All rights of the Landlord to object to the Motion in the event of an overbid are also preserved.

[2] Landlord and LB 2080 have agreed that the cure payment will include all of the basic rent due under the Leases for July 2009, with LB 2080 and the Purchaser to handle any pre-closing and post-closing pro-ration issues through escrow.  The per diem amount of $222.55 does <u>not</u> include basic rent and other charges that comes due and owing under the Leases on August 1, 2009.  Therefore, in the event closing does not occur in July 2009, the cure amount will increase by a higher per diem rate, and the Landlord reserves all of its rights to assert a higher cure amount.

5.21    <u>Interest for Late Payments; Landlord's Cost; and Attorneys' Fees</u>. Tenant shall pay to Landlord interest at the Lease Rate for any delinquent rent, taxes or other charges payable to Landlord hereunder from the date such amounts are due to the date such amounts are paid to Landlord.  Landlord's receipt of interest on such delinquent amounts shall not be deemed to be a waiver of Landlord's default remedies under this lease.  **Tenant will pay to Landlord, on demand, all costs and expense, including reasonable attorneys' fees, incurred by Landlord in enforcing any of the Tenant's covenants herein contained, in remedying any breach by Tenant of its covenants, in recovering possession of the demised premises, <u>in collecting any delinquent rent, taxes or other charges payable by Tenant hereunder</u>, or in connection with any litigation commenced by or against Tenant (other than condemnation proceedings) to which Landlord, without any fault on its part, shall be made a party….**

Section 5.21 of the Ground Sublease also provides:

5.21    <u>Interest for Late Payments; Landlord's Cost; and Attorneys' Fees</u>. Subtenant shall pay to Sublessor interest at the Sublease Rate for any delinquent rent, taxes or other charges payable to Sublessor hereunder from the date such amounts are due to the date such amounts are paid to Sublessor.  Sublessor's receipt of interest on such delinquent amounts shall not be deemed to be a waiver of Sublessor's default remedies under this sublease.  **Subtenant will pay to Sublessor, on demand, all costs and expense, including reasonable attorneys' fees, incurred by Sublessor in enforcing any of the Subtenant's**

4

**covenants herein contained, in remedying any breach by Subtenant of its covenants, in recovering possession of the Demised Land, <u>in collecting any delinquent rent, taxes or other charges payable by Subtenant hereunder</u>, or in connection with any litigation commenced by or against Subtenant (other than condemnation proceedings) to which Sublessor, without any fault on its part, shall be made a party….**

5.      Following LB 2080's Chapter 11 case, and as of the date of this Statement, the Landlord has incurred reasonable attorneys' fees and costs of approximately $60,000 in connection with its efforts to collect delinquent post-petition rents and other charges due under the Leases, which are required to be timely paid pursuant to Section 365(d)(4) of the Bankruptcy Code. These efforts have included, without limitation, the preparation and prosecution of a motion to compel payment of post-petition rents and for prospective relief from stay.[3] The Landlord's counsel has delivered to LB 2080 and its counsel its billing statements. Based thereon, LB 2080 has agreed to pay (and the Landlord has agreed to accept but only in the event the Purchaser is the winning and successful bidder), as part of the cure payment at closing, all actual attorneys' fees and costs incurred by the Landlord, but in an amount not to exceed $65,000. Therefore, if the cure payment is made on July 14, 2009 and assuming maximum attorneys' fees and costs of $65,000, the total cure amount due would be $1,204,940.51.

6.      In the event the Purchaser is not the winning and successful bidder, the Landlord is likely to incur higher attorneys' fees and costs. The Motion states that, in the event of any

---

[3] The hearing on the Landlord's motion to compel payment of post-petition rents continues to be scheduled for July 15, 2009 at 10:00 a.m. (EST). If closing does not occur as anticipated on July 14, 2009, Landlord will continue to seek the relief as stated in its motion.

5

dispute relating to any cure amount, LB 2080 shall escrow such funds in a manner approved by the Court for payment pending resolution of such dispute. Therefore, in the event the Purchaser is not the winning and successful bidder for the Property, and the Court approves a sale of the Property to a different purchaser (despite possible objections by the Landlord, all of which are preserved), the Landlord requests that the Court direct LB 2080 to escrow such funds as estimated by the Landlord to cover the increased attorneys' fees and costs if they are disputed by LB 2080.

DATED: July 9, 2009

LEVENE, NEALE, BENDER, RANKIN
& BRILL L.L.P.

By:  */s/ David L. Neale*
DAVID L. NEALE
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244

Attorneys for Lessor and Sublessor,
Kalaimoku-Kuhio Development Corp.