**Hearing Date and Time: July 15, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: July 10, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Attorneys for the Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :    Case No. 08-13555 (JMP)
                                            :
                    Debtors.                :    (Jointly Administered)
---------------------------------------------------------------------x

### EXAMINER'S RESPONSE TO THE MOTION OF THE
### OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO
### DIRECT THE EXAMINER TO COMPLY WITH THE COURT'S ORDER

Anton R. Valukas (the "Examiner") respectfully submits this response to the Motion of the Official Committee of Unsecured Creditors (the "Committee") to Direct the Examiner to Comply With Court's Order Directing Appointment of Examiner (the "Motion").

**Introduction**

The Committee erroneously asserts that the Examiner proposes to exceed his mandate by investigating "all aspects" of the sale of assets to Barclays Capital, Inc. ("Barclays") approved by this Court on September 19, 2008 (the "Sale Transaction"), including possible claims that LBHI and LBI might have.  But the Examiner proposes to do no such thing.  The Order entered by this Court on January 16, 2009 (the "Examiner Order") directs the Examiner to investigate, *inter alia*:

- Whether assets of any LBHI Affiliates (other than Lehman Brothers, Inc.) were transferred to Barclays Capital Inc. as a result of the sale to Barclays Capital Inc. that was approved by order of the Bankruptcy Court entered September 20, 2008, and whether consequences to any LBHI Affiliate as a result of the consummation of the transaction created colorable causes of action that inure to the benefit of the creditors of such LBHI subsidiary or affiliate.

The Examiner has been tasked to investigate whether any LBHI Affiliate (other than LBI) has a colorable claim arising out of the Sale Transaction – and that is precisely what the Examiner is in the process of doing.

To clear up the Committee's misunderstanding, the Examiner reached out to the Committee before filing this Response; we explained that we are not investigating and have no intention of opining upon possible claims of LBHI or LBI arising out of the Sale Transaction.  The Committee acknowledged that it had incorrectly presumed that the Examiner was investigating possible LBHI or LBI claims.  But correct or not, the

Committee asked the Examiner to agree that he would not investigate or comment upon the facts underlying the Sale Transaction.

This, of course, the Examiner cannot do. Without the factual predicate, the Examiner cannot complete the task this Court has assigned; without a thorough review and understanding of the transaction, the Examiner cannot address whether LBHI Affiliates have colorable claims as a result of that transaction.[1]

This Motion, then, is not about the Examiner exceeding his mandate; rather it is about the Committee's attempt to curtail the Examiner's investigation. Unless the Court decides, as it of course may do, to modify the Examiner Order and withdraw this

---

[1] The Committee's position that the Examiner should not review the underlying facts of the sale Transaction is unreasonable given the clear nexus of those facts to the specific tasks assigned by the Court. But even if that nexus were not apparent, the Examiner cannot limit himself as the Committee desires because he must perform the duties specified in §1106(a) of the Bankruptcy Code (Examiner Order ¶ 3). Under §1106(a)(4), the Examiner must report on "any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor" and facts related to "a cause of action available to the estate" *independent* of any express mandate the court assigns to the Examiner:

> The examiner's duty to report on fraud and similar conduct is independent of any limitations that the court places on the scope of the examiner's investigation under § 1106(a)(3). If an examiner uncovers wrongdoing by a debtor's management while conducting an investigation, that wrongdoing must be disclosed in the examiner's report. If the wrongdoing is by current management, the report could serve as the basis for a motion seeking the appointment of a chapter 11 trustee under § 1104(a)(1). An examiner's report must also disclose facts related to "a cause of action available to the estate...." Again, this obligation is independent of the scope of the examiner's investigation. If an examiner's report discloses a cause of action that is not being pursued by the debtor in possession, the creditors' committee or some other entity may seek permission to pursue that action on behalf of the estate.

White & Theus, "Chapter 11 Trustees and Examiners After BAPCP," *American Bankruptcy Law Journal*, pp. 309-10 (Summer 2006).

3

task entirely from the Examiner – so that the facts will be developed in an adversary crucible rather than by neutrality – the Examiner respectfully submits that this Motion should be, must be denied.

## Argument

The Examiner has been ordered to and is investigating whether any LBHI Affiliates (other than LBI) have colorable causes of action arising out of the consequences to those LBHI Affiliates as a result of the consummation of the Sale Transaction. The Examiner is *not,* as the Committee's Motion erroneously claims, investigating whether either LBHI or LBI have claims.

During the June 24, 2009 hearing on the Debtors' 2004 Motion, counsel for the Examiner advised the Court that:

> [We] want to make sure that the Court is aware, as I'm sure you had anticipated, that each of the areas that had been discussed that people want to take discovery on are things we are looking into. We are looking into every one of those factual issues, whether or not we report on them is something I'm not in a position to say yet because we are still agnostics – we are still the perfect jury that hasn't tried to form a conclusion.

(*See* Transcript of 6/24/09 Hearing at 61:1-61:8; relevant excerpts are attached as Exhibit A.)

The Committee's Motion asserts that counsel's statements "indicate[] that [the Examiner] is engaged in a comprehensive investigation with respect to all aspects of the Sale Transaction, without regard to whether such aspects were expressly excluded from

4

his mandate." (Motion at ¶ 2.) But counsel did not say "we are looking into whether LBHI and LBI have claims"; all he said was that "we are looking into every one of those *factual* issues" – a statement both true and self-evident.

In order to address whether LBHI Affiliates (other than LBI) have colorable claims, it is necessary to investigate not only the adverse consequences, if any, to the LBHI Affiliates as a result of the Sale, but also the positive benefits, if any, to LBHI or LBI. LBHI or LBI might have received value, some portion of which should have been allocated to one or more Affiliates. And even if an Affiliate had no direct right to a portion of the benefits to LBHI or LBI, the potential indirect benefit must be considered. To assess whether the officers and directors of an Affiliate discharged their possible duties with respect to the Sale Transaction, the Examiner must weigh the potential harm to the Affiliate of the Sale Transaction against the potential benefit which would have resulted from the increased ability LBHI or LBI would have to satisfy inter-company obligations to the Affiliate out of the Sale proceeds. Thus the Examiner must, among other things, examine the value received by LBHI and LBI in connection with the Sale Transaction. The specific relief requested by the Committee in its Motion — which would prohibit the Examiner from investigating the value received by LBHI and LBI – would materially impair the Examiner's ability to address the issues identified in the Examiner Order.

Contrary to the Committee's assertion (Motion at ¶ 10), the Examiner's investigation of the facts and events relating to the Sale Transaction is not in a "nascent stage." To date, the Examiner has interviewed 27 witnesses germane to the Sale Transaction and has assembled and reviewed more than 450,000 pages of documents relating to the Sale Transaction.

Although citing its concern over duplication, the Committee's unspoken agenda is that it prefers to be free to advocate its read of the facts without the possible inconvenience of a conflicting view from the Examiner. It is certainly true that the Examiner's investigation of the facts of the Sale Transaction may overlap with the investigations being undertaken by other parties. But the Examiner has worked with, and will continue to work with those parties to avoid duplication and waste. The Examiner and his professionals have communicated regularly with the professionals for the Debtors, the Committee and the SIPA Trustee, and have sought ways to avoid duplication and waste in the conduct of the respective investigations, including by taking advantage, where appropriate, of documents and information gathered by those professionals.

**Conclusion**

The Examiner Order was entered by this Court at least in part so that all parties could benefit from neutral fact finding. Nothing in the Committee's Motion justifies a

retreat from objectivity to advocacy. The Examiner respectfully requests that the Motion be denied.

Dated: July 10, 2009
New York, New York

                    Respectfully submitted,

                    By: /s/ *Patrick J. Trostle*
                        Patrick J. Trostle

                    JENNER & BLOCK LLP
                    919 Third Avenue, 37th Floor
                    New York, New York 10022-3908
                    Telephone: (212) 891-1600
                    Facsimile: (212) 891-1699
                    Patrick J. Trostle

                    330 North Wabash Avenue
                    Chicago, Illinois 60611-7603
                    Telephone: (312) 222-9350
                    Facsimile: (312) 527-0484
                    Robert L. Byman (Admitted *Pro Hac Vice*)
                    Daniel R. Murray (Admitted *Pro Hac Vice*)

                    Attorneys for the Examiner