**Hearing Date: July 15, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: July 10, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

STROOCK & STROOCK & LAVAN LLP
Melvin A. Brosterman
Harold A. Olsen
Dina Kolker
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for Basso Capital Management, L.P.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
*In re*                                                :    Chapter 11
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,           :    Case No. 08-13555 (JMP)
                                                       :
                                                       :    (Jointly Administered)
                                      Debtors.         :
---------------------------------------------------------------------- x

**OBJECTION OF BASSO CAPITAL MANAGEMENT, L.P. TO DEBTORS'
NOTICE OF MOTION FOR AN ORDER PURSUANT TO SECTION 365 OF THE
BANKRUPTCY CODE APPROVING THE ASSUMPTION OF OPEN TRADE
CONFIRMATIONS WITH THREE BASSO FUNDS**

1.      Basso Capital Management, L.P., investment manager for Basso Credit Opportunities Holding Fund Ltd., Basso Fund Ltd., and Basso Multi-Strategy Holding Fund Ltd. (together, "Basso"), by and through its counsel Stroock & Stroock & Lavan LLP, respectfully submits this objection to the motion of the above-captioned debtors and debtors-in-possession (the "Debtors) for an order pursuant to section 365 of the bankruptcy code approving the assumption of open trade confirmations with the three Basso funds (the "Motion").

2.      Debtors' motion seeks to assume three trade confirmations between Lehman Commercial Paper Inc. ("LCPI") and Basso (the "Basso Trades"). The Court should deny the Motion because LCPI is in default under the contracts it seeks to assume, but has failed to demonstrate its ability to meet the requirements of Section 365(b)(1), including providing

08-13555-mg    Doc 4322    Filed 07/10/09    Entered 07/10/09 15:44:56    Main Document
                                        Pg 2 of 5

adequate assurances of future performance. At minimum, LCPI should be required to escrow funds or provide credit support for its ongoing indemnity obligations, customarily part of the transfer documents used in LSTA distressed loan sales.

        3.     LCPI is in default under the Basso Trades. Debtors' flat assertion in their Motion that LCPI made "reasonable efforts" to provide transfer documents is not only unsupported, but Debtors only selectively quote the pertinent contractual provisions. Debtors correctly note that each of the Basso Trades incorporates the Standard Terms and Conditions for Distressed Trade Confirmations published by the Loan Syndications and Trading Association, Inc., published as of December 1, 2006 (the "LSTA Standard Terms"), a copy of which is annexed to the Motion as Exhibit C. However, Debtors only provide a convenient snippet of the requirements found in ¶10 of such document when they argue that LCPI made "reasonable efforts" leading up to its filing for Bankruptcy protection. Paragraph 10 required LCPI to make "reasonable efforts to furnish [Basso] drafts of the applicable Transfer Documentation, together with any related Predecessor Transfer Documentation…**within six (6) Business Days after the Trade Date**." (Emphasis added). Debtors have not, nor can they, allege that LCPI satisfied this contractual requirement and have therefore defaulted in their obligations.[1]

        4.     Section 365(b)(1) of the Bankruptcy Code is clear that Debtors can only assume a defaulted executory contract if they (i) either cure the default or provide adequate assurance that they will; (ii) compensate for any actual pecuniary loss; **and** (iii) provide adequate assurance of future performance under the contract. 11 U.S.C. §§365(b)(1) (2008); Aetna Cas.

---

[1] A "default" under Section 365(b)(1) is "the failure to perform or fulfill some obligation imposed by law or contract." In re Metromedia Fiber Network, Inc., 335 B.R. 41, 49 (Bankr. S.D.N.Y. 2005). Additionally, despite Basso's efforts to settle the Trades between June 2008 and LCPI's Bankruptcy filing, LCPI failed to provide adequate settlement documents and failed to settle the Trades within 20 business days of the Trade Date (i.e., by July 1, 2008), pursuant to the LSTA Standard Terms.

& Sur. Co. v. Gamel, 45 B.R. 345, 348 (N.D.N.Y. 1984) (citing H.R. Rep. No. 595, 95th Cong. 1st Sess. 348 (1977); S. Rep. No. 989, 95th Cong. 2d Sess. 59 (1978)). These requirements are meant to ensure that a counterparty to an assumed contract is put back in the same position that it would otherwise have been in, were it not for the bankruptcy and the defaults of the Debtors. See id.

        5.      As a result of LCPI's defaults and unreasonable delay in closing the Basso Trades, which were compounded by their improper, misleading multiple conflicting notices of rejection and then assumption (the subject of Basso's earlier motion for relief), Basso has suffered harm due to the fluctuations of the market and inability to mitigate its loses for an extended period of time. The Debtors propose to assume the Basso Trades without compensating Basso for the consequences of the Debtors' unreasonable delay.

        6.      In addition, Debtors' Motion fails to demonstrate adequate assurance of future performance. Although the Bankruptcy Code does not expand upon what constitutes "adequate assurance," Bankruptcy Courts in this District have given the phrase a "pragmatic" and factually intensive construction. In re Martin Paint Stores, 199 B.R. 258, 263 (Bankr. S.D.N.Y. 1996) (citing, e.g., In re Fifth Ave. Originals, 32 B.R. 648, 652 (Bankr. S.D.N.Y. 1983)). The burden of substantiating the assertion of adequate assurance falls on the party seeking to assume the contract, here LCPI. In re Greektown Holdings, LLC, 2009 WL 1653461, *2 (Bankr. E.D. Mich. 2009) (holding that a debtor seeking to assume an executory contract has burden of showing requirements for assumption have been met and, if the counterparty shows a default in the contract, also has the burden to provide proof that default has been cured and there is adequate assurance of future performance); In re Grant, 201 B.R. 216, 220 (Bankr. N.D. Ill. 1996) (holding that it is the Debtors' burden to show adequate assurance of future performance)

3

(overturned on other grounds).  Debtors fail to meet that burden.

7. LCPI's future obligations include entering into and performing under the ultimate Transfer Documents to be executed by Basso and LCPI.[2]  These obligations are not merely limited, as Debtors have represented in their Motion, to the delivery of the Transfer Certificate for the Greektown debt.  Rather, as is customary and accepted in trading distressed debt, the final Transfer Documentation will include numerous representations and warranties from the seller, here LCPI, and significant indemnity and other obligations.  Given Debtors' current circumstances, most importantly that Debtor LCPI is generally understood to be in the process of being liquidated, LCPI's ability to perform on theses obligations in the future is highly suspect.  Customary Transfer Documents would require LCPI to make various representations and warranties with respect to the Trades and to provide indemnities that may be triggered at some unknown future date.  Under the circumstances, it is unclear if LCPI will even exist to answer for those indemnities when they arise.

8. Bankruptcy courts have held that a liquidating or defunct entity, such as LCPI, cannot provide adequate assurance that it will meet ongoing obligations under 365(b), let alone obligations as substantial as the ones that would be required if the Basso Trades are settled in the customary fashion. See, e.g., In re Southwest Florida Heart Group, P.A., 342 B.R. 639, 643 (Bankr. M.D. Fla. 2006) (even though debtor has sufficient amount of cash to cure defaults, the fact that "Debtor is economically defunct . . . and does not intend to operate in the future and will not generate the income necessary to perform . . .." render the lease at issue unassumable); In re M. Fine Lumber Co., Inc., 383 B.R. 565 (Bankr. E.D.N.Y. 2008)(guarantee of lease obligations by party that has not demonstrated ability to perform insufficient).

---

[2] Basso reserves all of its rights with respect to the negotiation and documentation of the final Transfer Documentation.

4

9. Therefore, not only have Debtors not demonstrated the necessary assurance of ability to perform all their future obligations associated with the Basso Trades, but it is highly questionable if LCPI could make such assurances in light of its impending liquidation. In light of this uncertainty, it is reasonable for Basso to require that any final Transfer Documentation provide, *inter alia*, for a reserve or other credit support as a means for providing adequate assurance of future performance of such representations, warranties and indemnities.

WHEREFORE, Basso respectfully requests that this Court enter an order denying Debtors' Motion. Alternatively, the Motion should be denied unless and until LCPI establishes adequate assurance of future performance as described herein.

Dated: July 10, 2009
      New York, New York

STROOCK & STROOCK & LAVAN, LLP

/s/ Melvin A. Brosterman
Melvin A. Brosterman
Harold A. Olsen
Dina Kolker
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for Basso Capital Management, L.P.*