Hearing Date: July 15, 2009 at 10:00 a.m (E.T.)

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
Gregory A. Horowitz
Amy Caton

Attorneys for The Bank of New York Mellon Trust
Company, N.A., as Indenture Trustee

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

———————————————————————
In re:                                              )
                                                    )
LEHMAN BROTHERS HOLDINGS INC., et al.               )   Chapter 11
                                                    )
                                                    )   Case No. 08-13555
                        Debtors.                    )
                                                    )   (Jointly Administered)
                                                    )
———————————————————————

**LIMITED OBJECTION OF THE BANK OF NEW YORK MELLON TRUST
COMPANY, N.A., AS INDENTURE TRUSTEE, TO DEBTORS' MOTION PURSUANT
TO SECTION 1121(d) OF THE BANKRUPTCY CODE REQUESTING SECOND
EXTENSION OF EXCLUSIVE PERIODS FOR THE FILING OF AND SOLICITATION
<u>OF ACCEPTANCES FOR CHAPTER 11 PLANS</u>**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

    The Bank of New York Mellon Trust Company, N.A. (formerly known as The Bank of New York Trust Company, N.A.), as indenture trustee for the holders of the Main Street Bonds (as defined below) (the "<u>Trustee</u>"), by and through its undersigned counsel, hereby files this limited objection (the "<u>Limited Objection</u>") to the Debtors'[1] Motion Pursuant to Section 1121(d) of the Bankruptcy Code, Requesting Second Extension of Exclusive Periods for the

---

[1] The Debtors are Lehman Brothers Holdings, Inc. and its affiliated debtors and debtors in possession in the above referenced chapter 11 cases, as defined in the Motion.

Filing of and Solicitation of Acceptances for Chapter 11 Plans [Docket No. 4253] (the "Second Motion to Extend" or "Motion" and Exhibit 1 to the Motion the "Proposed Order" or "Order"). In support of this Limited Objection, the Trustee respectfully states as follows:

**Relevant Background**

1.  The Trustee indirectly holds claims of over $700 million against Lehman Brothers Commodity Services ("LBCS") and Lehman Brothers Holdings, Inc. ("LBHI") to repay public municipal revenue bonds (the "Main Street Bonds") that are now in default.[2]

2.  On December 29, 2008 the Debtors filed their first Motion Pursuant to Section 1121(d) of the Bankruptcy Code Requesting Extension of Exclusive Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptances Thereof (the "First Motion to Extend") [Docket No. 2408]. The exclusive period to file a plan was originally set to expire under the statutory 120-day period on or around January 13, 2009. On January 15, 2009 this Court granted the Debtors' First Motion to Extend the exclusive periods by six months, to July 13, 2009 and September 16, 2009, respectively. [Docket No. 2549]. On July 1, 2009, the Debtors filed the Second Motion to Extend.

3.  The Trustee generally supports the Debtors' efforts to set feasible and reasonable dates for the Exclusive Periods.[3] However, the Trustee believes that the exclusivity extensions sought by the Debtors are extraordinarily long, given the nature of these cases. Among other reasons, the Motion explains that

> [b]efore confirmable chapter 11 plans can be proposed, the Debtors must intimately understand the scope and scale of the claims against their estates to

---

[2] The Main Street Bonds are more fully defined in the Trustee's Limited Objection to the Debtors Motion for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form. [Docket No. 3865]

[3] Where not defined, capitalized terms have the same meanings as defined in the Debtors' Second Motion to Extend.

-2-

> negotiate practical and fair resolutions with their creditors, which cannot reasonably be expected to be completed prior to the passage of the Bar Date and the receipt of information pursuant to the derivative questionnaire.

(Motion at ¶ 33.) However, well before the first extended deadline of July 13, 2009, the Debtors filed their Bar Date Motion [Docket No. 3654] which initially set the proposed Bar Date at August 24, 2009. Ultimately, the Claims Bar Date has been set for September 22, 2009 with an additional month to complete the Derivatives Questionnaire for most creditors.

4. While the Trustee agrees that the Debtors should have ample time to review these claims to better inform any chapter 11 plan they may propose, the Debtors do not need to know every single claim that may be filed against them in order to begin to draft a comprehensive plan. The Debtors' own Motion to Extend reveals that the Debtors are already well aware of the many types of claims that may be filed, the issues that may need to be resolved, and the major constituencies who will ultimately be voting on any proposed plans. (*See generally* Second Motion to Extend (outlining various asset sales and development, adversary proceedings, and foreign proceedings among other progress described).)

5. Further, the Debtors' various Schedules of Assets and Liabilities and Statements of Financial Affairs ("SOFAs") filed with this court reveal that the Debtors have a much clearer picture of their financial situation and the potential structure for a plan than they did when they filed their First Motion to Extend, which at the time cited to the "perpetual crisis" of the events surrounding their filing for chapter 11 protection as a basis for the extension. (Debtors First Motion to Extend at ¶ 7.) *See e.g.* Amended Schedules of Assets and Liabilities [Docket Nos. 3918-3946]. Recent reports by Alvarez & Marsal, the Debtors' financial services advisors, reveal that a more complete financial report for each debtor-entity will be released in mid-August

2009.  Alvarez & Marsal, report from Lehman Brothers Holdings Inc. § 341 Meeting (July 8, 2009) at 2, 19 (attached as Ex. A).

6. The Debtors also state that they must wait for the filing of the Examiner's Report in order to propose a chapter 11 plan.  (Second Motion to Extend at ¶ 27.)  The Trustee concedes that the Examiner's findings may have great bearing on better understanding the events leading up to the Debtors' bankruptcy, and the consequences of the sale to Barclays Capital, among other events.  However, the Debtors do not explain why they will then need four additional months to digest any new information revealed in the Examiner's report and integrate it into a proposed chapter 11 plan.  Additionally, given the results of last week's hearing, the Debtors should have some knowledge about the findings and information that will be contained in the Examiner's report prior to the report being filed.

7. The Trustee requests that the Proposed Order be amended to shorten the Exclusive Period for filing a Plan of Reorganization to December 15, 2010 and the Exclusive Period for Soliciting Acceptances of the Plan to February 15, 2010.  It would appear that this time should be sufficient to allow the Debtors to review potential claims and draft a chapter 11 plan.

8. Finally, this is not a case where the Debtors are seeking an extension of exclusivity for business purposes (i.e., to await the outcome of a particular sales period or a turnaround in their businesses).  This is a liquidation.  While the Trustee expects that the Debtors certainly have work to do to analyze the claim and asset pool of their different businesses and subsidiaries, the one true task that the Debtors have in these cases is to develop a chapter 11 plan, and distribute their remaining assets.  The Trustee is concerned that the lengthy extension the Debtors seek allows them to spend tens of millions of dollars in professional fees with little or no

accountability to the Court and the parties for the next several months. At a minimum, the Debtors should be required to come back to the Court before year-end (after 15 months into these cases) to report on their progress in analyzing the claims and assets of the various debtor entities, and what additional steps are necessary to formulate a chapter 11 plan.

WHEREFORE, the Trustee respectfully requests that the Court: (a) approve the Motion with the Trustee's proposed modifications and (b) grant such other or further relief as is just and proper.

Dated: July 10, 2009

    KRAMER LEVIN NAFTALIS & FRANKEL LLP

    By:   /s/ Amy Caton
        Amy Caton
        Gregory A. Horowitz
        1177 Avenue of the Americas
        New York, New York 10036
        (212) 715-9100

    Attorneys for The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee