WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                    :
In re                                               :    Chapter 11 Case No.
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :    08-13555 (JMP)
                                                    :
                    Debtors.                        :    (Jointly Administered)
-------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING
DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE
BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF PRICEWATERHOUSECOOPERS LLP AS TAX ADVISORS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 2837], dated, February 13, 2009 (the "Amended Case Management Order"), the undersigned hereby certifies as follows:

        1.     On June 23, 2009, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed an Application Pursuant to Sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") for Authorization to Retain and Employ PricewaterhouseCoopers LLP ("PwC US") as Tax Advisors (the "Application"). **[Docket No.**

**4152**]  Notice of the Application was served, in accordance with the procedures set forth in the Amended Case Management Order, on (i) the U.S. Trustee; (ii) the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eigth Avenue, New York, New York, 10019-7475, Attn: Richard Levin, Esq.; attorneys for PwC US; and (vii) all parties who have requested notice in these chapter 11 cases.

    2.    In accordance with the Amended Case Management Order, July 8, 2009 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a response to the Application (the "Objection Deadline").  The Debtors later extended the Objection Deadline for the Creditors' Committee until June 13, 2009 at 2:00 p.m. (Prevailing Eastern Time).  The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

    3.    The Objection Deadline has now passed and, to the best of my knowledge, no objections or other responsive pleadings to the Application have been filed with the Court on the dockets of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Application been served on Debtors' counsel.  In addition, the Creditor' Committee has informed the Debtors that they do not intend to file an objection.

    4.    Accordingly, for the reasons set forth in the Motion, the Debtors respectfully request that the proposed Order, annexed hereto as Exhibit A, and unmodified since

its filing, be entered in accordance with the procedures described in the Amended Case

Management Order.

      I declare that the foregoing is true and correct.

Dated: July 13, 2009
      New York, New York

                                            /s/ Richard P. Krasnow
                                            Richard P. Krasnow
                                            WEIL, GOTSHAL & MANGES LLP
                                            767 Fifth Avenue
                                            New York, New York 10153
                                            Telephone: (212) 310-8000
                                            Facsimile: (212) 310-8007

                                            Attorneys for Debtors
                                            and Debtors in Possession

# EXHIBIT A

**(Proposed Order – Docket No. 4152)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                                  :
In re                                                             :   Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          :   08-13555 (JMP)
                                                                  :
                              Debtors.                            :   (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

### ORDER GRANTING THE DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(a) and 328(a) OF THE BANKRUPTCY CODE TO RETAIN AND EMPLOY PRICEWATERHOUSECOOPERS LLP AS TAX ADVISORS

Upon consideration of the Application, dated June 23, 2009 (the "Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 327(a) and 328(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), for authority to retain and employ PricewaterhouseCoopers LLP ("PwC US") as tax advisors, as more fully set forth in the Application; and upon consideration of the Affidavit of Joseph Foy, a partner of PwC US, sworn to June 19, 2009 (the "Foy Affidavit"), filed in support of the Application, a copy of which is attached to the Application as Exhibit 1; and the Court being satisfied, based on the representations made in the Application and the Foy Affidavit, that PwC US represents or holds no interest adverse to the Debtors or their estates and is disinterested under section 101(14) of the Bankruptcy Code; and the Court having jurisdiction to consider the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

    ORDERED that the Application is approved; and it is further

    ORDERED that, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ PwC US as their tax advisors, on the terms and conditions generally described and set forth in the Engagement Letters subject to the following modification set forth in Paragraph 13 of the Foy Affidavit:

> With respect to controversies or claims arising out of or in any way related to the Services or Engagement Letters, PwC US agrees, notwithstanding any arbitration provisions contained in the Engagement Letters, that any disputes arising under the Engagement Letters shall be heard in this Court and the arbitration provisions contained in the Engagement Letters will apply if and only if this Court does not have jurisdiction over the dispute or determines not to hear and determine the dispute.

; and it is further

ORDERED that, to the extent this Order is inconsistent with the Engagement Agreements, this Order shall govern; and it is further

ORDERED that PwC US shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 3102] and the Court's Order Appointing a Fee Committee and Approving a Fee Protocol [Docket No. 3651].

Dated: July ____, 2009
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE