WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Alfredo R. Perez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                                    :
In re                                               :   Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :   08-13555 (JMP)
                                                    :
                    Debtors.                        :   (Jointly Administered)
---------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746
REGARDING DEBTORS' MOTION PURSUANT TO SECTIONS
105(a) AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE
6004 FOR AUTHORIZATION TO ENTER INTO A CONFIRMATION LETTER
WITH HSH NORDBANK AG, NEW YORK BRANCH, AS COLLATERAL AGENT**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 2837], dated, February 13, 2009 (the "Amended Case Management Order"), the undersigned hereby certifies as follows:

1.      On June 24, 2009, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed a Motion Pursuant to Sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy

Procedure for Authorization to Enter into a Confirmation Letter with HSH Nordbank AG, New York Branch ("HSHN"), as Collateral Agent (the "Motion").  **[Docket No. 4161]**  Notice of the Motion was served, in accordance with the procedures set forth in the Amended Case Management Order, on (i) the U.S. Trustee; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Mayer Brown LLP, 700 Louisiana Street, Suite 3400, Houston, TX 77002-2730, Attn:  Robert S. Goldberg, Esq., attorneys for HSHN and (vii) all parties who have requested notice in these chapter 11 cases.

2. In accordance with the Amended Case Management Order, July 10, 2009 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a response to the Motion (the "Objection Deadline").  The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Objection Deadline has now passed and, to the best of my knowledge, no objections or other responsive pleadings to the Motion have been filed with the Court on the dockets of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on Debtors' counsel.

    4.    Accordingly, for the reasons set forth in the Motion, the Debtors respectfully request that the proposed Order, annexed hereto as Exhibit A, and unmodified since its filing, be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: July 13, 2009
       New York, New York

/s/ Alfredo R. Perez
Alfredo R. Perez

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**(Proposed Order – Docket No. 4161)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                   :
Debtors.                                              :    (Jointly Administered)
                                                                   :
---------------------------------------------------------------x

### ORDER PURSUANT TO
### SECTIONS 105(a) AND 363 OF THE BANKRUPTCY
### CODE AND BANKRUPTCY RULE 6004 AUTHORIZING
### DEBTORS TO ENTER INTO A CONFIRMATION LETTER WITH
### HSH NORDBANK AG, NEW YORK BRANCH, AS COLLATERAL AGENT

Upon the motion, dated June 24, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI," together with its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors-in-possession the "Debtors"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization, but not direction, to enter into a confirmation letter (the "Confirmation Letter") with HSH Nordbank AG, New York Branch, as administrative agent and collateral agent ("HSHN"), and consummate the LBHI-SkyPower Transaction,[1] all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

---

[1] Capital terms used but not defined shall have the meaning ascribed to them in the Motion.

consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Mayer Brown LLP, 700 Louisiana Street, Suite 3400, Houston, TX 77002-2730, Attn: Robert S. Goldberg, Esq., attorneys for HSHN; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

       ORDERED that the Motion is granted; and it is further

       ORDERED that, pursuant to sections 105(a) and 363 of the Bankruptcy Code, LBHI is authorized, but not directed, to enter into the Confirmation Letter and consummate the LBHI-SkyPower Transaction on the terms contemplated therein; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and this Order is effective immediately upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: July __, 2009
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE