WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                             :

In re                                       :      Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :      08-13555 (JMP)

                 Debtors.           :      (Jointly Administered)

------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746
REGARDING DEBTORS' MOTION PURSUANT TO SECTIONS
105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULES 2002, 6004 AND 9014 FOR APPROVAL OF THE SALE OF ORDINARY
SHARES AND NOTES ISSUED BY DELTA TOPCO LIMITED AND ORDINARY
SHARES ISSUED BY DELTA PREFCO LIMITED AND RELATED RELIEF**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 2837], dated, February 13, 2009 (the "Amended Case Management Order"), the undersigned hereby certifies as follows:

        1.      On June 24, 2009, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed a Motion Pursuant to Sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, and 9014 of the Federal

Rules of Bankruptcy Procedure for Approval of the Sale of Ordinary Shares and Notes Issued by Delta Topco Limited and Ordinary Shares Issued by Delta Prefco Limited and Related Relief (the "Motion").  **[Docket No. 4162]**  Notice of the Motion was served, in accordance with the procedures set forth in the Amended Case Management Order, on (i) the U.S. Trustee; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases.

2. In accordance with the Amended Case Management Order, July 10, 2009 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a response to the Motion (the "Objection Deadline").  The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Objection Deadline has now passed and, to the best of my knowledge, no objections or other responsive pleadings to the Motion have been filed with the Court on the dockets of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on Debtors' counsel.

4.     Accordingly, for the reasons set forth in the Motion, the Debtors respectfully request that the proposed Order, annexed hereto as Exhibit A, and unmodified since its filing, be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated:  July 13, 2009
         New York, New York

/s/ Lori R. Fife
Lori R. Fife

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# **EXHIBIT A**

**(Proposed Order – Docket No. 4162)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
In re                                                                   :    **Chapter 11 Case No.**
                                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
                                                                        :
                          Debtors.                               :    **(Jointly Administered)**
----------------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004 AND 9014 APPROVING THE SALE OF ORDINARY SHARES AND NOTES ISSUED BY DELTA TOPCO LIMITED AND ORDINARY SHARES ISSUED BY DELTA PREFCO LIMITED AND RELATED RELIEF

Upon the motion, dated June 23, 2009 (the "Motion"),[1] of Lehman Commercial Paper Inc. ("LCPI"), as debtor in possession (collectively with Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), pursuant to sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014 for entry of an order approving the sale (the "Proposed Sale") of ordinary shares and notes issued by Delta Topco Limited and ordinary shares issued by Delta Prefco Limited pursuant to the Purchase Agreement with LB I Group Inc. (the "Purchaser") and related relief, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; and a reasonable opportunity to object or be heard regarding the Motion and Proposed Sale having been afforded to all such parties; and it appearing that no other or further notice need be provided; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

FURTHER FOUND AND DETERMINED THAT:

1. The entry into the Letter Agreement, the Sale Agreement and the Consulting Agreement would be an exercise of LCPI's reasonable business judgment. LCPI has shown good and sufficient business justification under sections 105(a), 363(b) and (l) of the Bankruptcy Code for the Proposed Sale outside a plan of reorganization.

2. The relief sought in the Motion is in the best interests of LCPI, its estate and creditors, and all parties in interest.

3. The ultimate consideration to be paid by the Purchaser (i) is fair and reasonable; (ii) provides for a recovery for the LCPI's creditors equal to or greater than would be provided by the available alternative; and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and non-bankruptcy law.

4. Neither LCPI nor the Purchaser have engaged in conduct that would prevent the application of section 363(m) of the Bankruptcy Code or permit the Sale Agreement to be avoided under section 363(n) of the Bankruptcy Code.

Consequently, the Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded thereby.

NOW, THEREFORE, IT IS HEREBY:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014, the Proposed Sale is approved and LCPI is authorized to consummate all of the transactions contemplated thereby, including, but not limited to, entering into a Letter Agreement, substantially in the form attached to the Motion as Exhibit C, and a Sale Agreement substantially in the form attached to the Motion as Exhibit A; and it is further

ORDERED that LCPI is authorized to enter into a Consulting Agreement substantially in the form attached to the Motion as Exhibit B and pay the fees and provide the indemnity, in each case as set forth in the Consulting Agreement, in exchange for services performed thereunder, and such fees and indemnification obligations shall be entitled to administrative priority in LCPI's chapter 11 case; and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, LCPI's right, title, and interest in and to the Formula One Investment shall be sold to Purchaser free and clear of any and all liens, claims, and encumbrances; _provided_, _however_, that the foregoing shall not apply to any security interest provided to LCPI in connection with the consideration for the Proposed Sale; and it is further

ORDERED that the Purchaser is a good faith purchaser and is granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy

Code and consummation of the Sale Agreement shall not be affected by reversal or modification on any appeal of this Order; and it is further

ORDERED that LCPI is authorized to perform all obligations under the Letter Agreement, the Sale Agreement and the Consulting Agreement and to execute such other documents and take such other actions as may be necessary or appropriate to effectuate the Letter Agreement, the Sale Agreement and the Consulting Agreement and the provisions of this Order; and it is further

ORDERED that nothing in this Order or in the Sale Agreement (i) releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statues or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order, or (ii) should be construed to give the Purchaser any more protection against any government unit than it is otherwise entitled to under 11 U.S.C. § 363(f)(1), (3), (4), or (5).  Nothing in this paragraph should be construed to create for any governmental unit any substantive right that does not already exist under law; and it is further

ORDERED that each and every federal, state, and local government agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order; and it is further

ORDERED that any stay imposed by Bankruptcy Rule 6004(h) is hereby waived and this Order shall be immediately effective and enforceable; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.

Dated: July __, 2009
      New York, New York

                                                                                                           _____
                                                                                                          UNITED STATES BANKRUPTCY JUDGE