**Hearing Date:  July 15, 2009 at 10:00 a.m. (Prevailing Eastern Time)**

LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
David L. Neale (DN 1948)

Attorneys for Lessor and Sublessor,
Kalaimoku-Kuhio Development Corp.


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                          :
**In re**                                 :        **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC., *et al*** :   **08-13555 (JMP)**
                                          :
             **Debtors.**                 :        **(Jointly Administered)**
                                          :
                                          :
------------------------------------------------------------x


**SUPPLEMENT TO MOTION FOR AN ORDER (A) COMPELLING**
**PAYMENT OF POST-PETITION RENT AND CHARGES;**
**(B) GRANTING RELIEF FROM THE AUTOMATIC STAY; AND**
**(C) COMPELLING ASSUMPTION OR REJECTION OF LEASES**

Kalaimoku-Kuhio Development Corp. (the "Landlord") hereby submits its supplement

to its motion (the "Motion"), brought pursuant to sections 362(d), 363(e), 365(d)(2) and

365(d)(3) of Title 11 of United States Code (the "Bankruptcy Code") and Rules 4001(a) and

6006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of

an order:  (1) compelling payment of post-petition rent and charges immediately upon the entry

of an order granting this Motion, (2) prospectively vacating the automatic stay, effective on the

3rd business day following default under the Leases (as defined herein), to exercise all of its

rights and remedies under:  (a) the "Amended and Restated Ground Lease" (the "Ground

Lease"), pursuant to which LB 2080 Kalakaua Owners LLC, a debtor and debtor in possession in the above-captioned, jointly-administrated bankruptcy cases (the "Debtor") is the lessee, and (b) the "Amended and Restated Sublease" (the "Ground Sublease," and with the Ground Lease, collectively referred to herein as the "Leases") pursuant to which the Debtor is the sublessee, and under all applicable laws, in the event the Debtor does not timely perform its post-petition obligations under the Leases, and (3) compelling assumption or rejection of the Leases.

## **SUPPLEMENTAL INFORMATION IN SUPPORT OF THE MOTION**

1.    Attached to the Motion as **Exhibit "C"** was the Landlord's analyses and calculation of the rents and other charges due under the Leases for the post-petition period of April 2009, May 2009 and June 2009. As **Exhibit "C"** reflects, for these periods only, the sum of at least $612,108.19 was due and owing. However, since the original hearing on the Motion held on June 24, 2009, additional post-petition rents and other charges have come due and owing under the Leases.

2.    In particular, for the month of July 2009, the additional sum of $218,407.12 has come due and owing as follows:

| | |
|---|---|
| July 09 Rent Kalaimoku /Kuhio Dev. Corp. | $170,000 |
| July 09 Late Fee (P+3.5%) Kalaimoku /Kuhio Dev. Corp. | $11,475 |
| July 09 GET Kalaimoku /Kuhio Dev. Corp. | $8,551 |
| | |
| July 09 Oceanfront Parcel | $25,752 |
| July 09 Late Fee (P+2%) Oceanfront Parcel | $1,351.98 |
| July 09 GET Oceanfront Parcel | $1,277.14 |
| TOTAL FOR JULY 2009 | $218,407.12 |

3.      Based on the foregoing, and exclusive of attorneys' fees and charges, post-petition rents and other charges due under the Leases total <u>$830,515.31</u>.

4.      In addition, the Landlord is entitled to receive and recover from the estates all reasonable attorneys' fees and costs incurred by the Landlord in seeking to collect delinquent rents and other charges payable under the Leases.  In particular, Section 5.21 of the Ground Lease provides:

5.21    <u>Interest for Late Payments; Landlord's Cost; and Attorneys' Fees</u>. Tenant shall pay to Landlord interest at the Lease Rate for any delinquent rent, taxes or other charges payable to Landlord hereunder from the date such amounts are due to the date such amounts are paid to Landlord.  Landlord's receipt of interest on such delinquent amounts shall not be deemed to be a waiver of Landlord's default remedies under this lease.  **Tenant will pay to Landlord, on demand, all costs and expense, including reasonable attorneys' fees, incurred by Landlord in enforcing any of the Tenant's covenants herein contained, in remedying any breach by Tenant of its covenants, in recovering possession of the demised premises, <u>in collecting any delinquent rent, taxes or other charges payable by Tenant hereunder</u>, or in connection with any litigation commenced by or against Tenant (other than condemnation proceedings) to which Landlord, without any fault on its part, shall be made a party….**

Section 5.21 of the Ground Sublease also provides:

5.21    <u>Interest for Late Payments; Landlord's Cost; and Attorneys' Fees</u>. Subtenant shall pay to Sublessor interest at the Sublease Rate for any delinquent

rent, taxes or other charges payable to Sublessor hereunder from the date such amounts are due to the date such amounts are paid to Sublessor.  Sublessor's receipt of interest on such delinquent amounts shall not be deemed to be a waiver of Sublessor's default remedies under this sublease.  **Subtenant will pay to Sublessor, on demand, all costs and expense, including reasonable attorneys' fees, incurred by Sublessor in enforcing any of the Subtenant's covenants herein contained, in remedying any breach by Subtenant of its covenants, in recovering possession of the Demised Land, <u>in collecting any delinquent rent, taxes or other charges payable by Subtenant hereunder</u>, or in connection with any litigation commenced by or against Subtenant (other than condemnation proceedings) to which Sublessor, without any fault on its part, shall be made a party….**

5.     Following the Debtor's Chapter 11 case, and as of the date of this Supplement, the Landlord has incurred reasonable attorneys' fees and costs of approximately $65,000 in connection with its efforts to collect delinquent post-petition rents and other charges due under the Leases, which are required to be paid under the Leases.  These efforts have included, without limitation, the preparation and prosecution of a motion to compel payment of post-petition rents and for prospective relief from stay, and efforts to reconcile the cure amount and analyze adequate assurance matters in connection with the Debtor's motion to sell the property. The Landlord's counsel delivered to the Debtor's counsel preliminary billing statements during the first week of July 2009 and will provide updated billing statements.  The Landlord will also incur additional fees attending the continued hearing on the Motion, and, as a result, anticipates that its reasonable attorneys' fees and costs will total no less than $70,000 by July 15, 2009.

6.       Based on the Motion and all papers filed in support of the Motion including this Supplement, and without waiving its rights to later amend its post-petition claims (all of which are preserved), Landlord requests that the Court grant the Motion in its entirety, and order the Debtor to immediately pay to the Landlord the sum of **$900,515.31** as required by section 365(d)(3) of the Bankruptcy Code.

## SUPPLEMENTAL INFORMATION REGARDING THE PROPOSED SALE

7.       On June 29, 2009, the Debtor filed its motion (the "<u>Sale Motion</u>") pursuant to Bankruptcy Code Sections 363 and 365 and Bankruptcy Rules 6004 and 6006 for Approval (i) to Sell Certain Real and Personal Property Located in Honolulu, Hawaii, (ii) to Reject or Assume and Assign Executory Contracts and Unexpired Leases in Connection Therewith, and (iii) Related Relief [Docket No. 4230].  By the Sale Motion, the Debtor sought Court approval to sell the property to BW VCM Kalakaua, LLC (the "<u>Purchaser</u>") pursuant to the terms of the parties Sale Contract which provided for, among other things, the assumption and assignment of the Leases to the Purchaser.  The proposed sale to the Purchaser was subject to higher and better offers, and the Sale Motion had originally provided for any party interested in submitting a higher or better offer for the property to submit an offer that conforms with the requirements set forth in the Sale Motion by no later July 8, 2009 at 4:00 p.m. (EST) (the "<u>Overbid Submission Deadline</u>").  Just a few hours before this deadline, the Debtor filed its "*Notice of Extension of Deadline to Submit a Higher Officer for the Proposed Sale of LB 2080 Kalakaua Owners LLC's Interest in Certain Real and Personal Property Located in Honolulu, Hawaii*" [Docket No. 4290] by which the Debtor extended the Overbid Submission Deadline to July 10, 2009 at 3:00 p.m. (EST).

8.      Despite repeated requests and inquiries, the Debtor has not notified the Landlord as to whether any higher offers were received by the Overbid Submission Deadline.

9.      Remarkably, on July 10, 2009, the Landlord learned for the first time that the Purchaser had defaulted under the Sales Contract by failing to pay the Earnest Money Deposit of $450,000 which was required to be paid on or before June 29, 2009, 2:00 p.m. (Phoenix time).  In addition, under the Sales Contract, the Purchaser's acquisition of financing is **<u>not</u>** a condition to the Purchaser's obligation to close the transaction.  Even though financing is not a condition to close, the Landlord was advised after July 10, 2009 that the Purchaser needed financing and/or joint venture partner to close, that the Purchaser did not currently have the necessary financing/joint venture partner in place to close, that the Purchaser was unsure whether it could obtain financing/joint venture partner to close, and that the Purchaser would need a significant extension of time to pursue such financing/joint venture partner (which could involve extended due diligence efforts by more than one source) and determine whether financing/joint venture could be achieved.

10.     The Sales Contract provides for the Sale Motion to be approved on July 13, 2009 and closing to occur by July 14, 2009.  Presumably the Debtor negotiated this timeline with the Purchaser because the Court had adjourned the hearing on the Landlord's Motion to July 15, 2009.  Accordingly, the Debtor moved on an expedited basis to have the Sale Motion approved on July 13, 2009, and, in order to accommodate the expedited sale process, the Landlord expended great efforts to work through adequate assurance and cure issues with both the Purchaser and the Debtor quickly.  However, on July 12, 2009 (less than 24 hours before the July 13 hearing), the Landlord was notified that the Debtor would adjourn the hearing on the Sale Motion to July 15, 2009 notwithstanding every contemplation in the Sales Contract

that a closing would occur by July 14, 2009 and without any explanation as to how the defaults by, and situation with, the Purchaser would be changed in two days.

11.     The Debtor filed this case on April 23, 2009; therefore, by July 15, 2009, the Landlord will have gone approximately 90 days without having received a penny of post-petition rents and other charges due under the Leases despite the mandatory and absolute requirements of section 365(d)(3) of the Bankruptcy Code.  As aforementioned, by July 15, 2009, the post-petition rents and other charges due under the Leases will total in excess of $900,000.

12.     The Purchaser does not even have $450,000 to fund the Earnest Money Deposit, and, as a result, is already in default of the Sales Contract.  There is absolutely no certainty or assurance that the Purchaser can obtain financing and close, and the pursuit of financing and joint venture partners, together with related due diligence, could take a large number of months and are entirely speculative and uncertain.  Moreover, giving the parties more time for the Purchaser to obtain financing effectively results in a modification of the Sales Contract to provide for a financing contingency, which was never the agreement of the parties presented to the Court or to the Landlord.  In the meantime, the Landlord continues to be unfairly and unreasonably subjected to substantial delay in the receipt of post-petition rents and other charges due under the Lease, and forced to finance the continuation of this case which is the job of the Debtor.

13.     As the Sale Motion indicates, the Debtor has been looking to sell the property since November 2008 and signed a listing agreement with CB Richard Ellis in February 2009. Since then, the Debtor admits that it has been "actively marketing" the property.  Given the time that has already elapsed, if the Debtor wishes to take any further risk with this Purchaser

by providing the Purchaser with additional time, or simply have more time to find an alternative buyer, then it should only be allowed to do so by immediately performing its post-petition obligations under the Leases, which is what the law requires.  The Landlord has already been exposed to significant risk and liability that it will never be paid, and any further risk should not and cannot rest solely on the Landlord's back.

14.    Based on the foregoing, the Landlord requests that the Motion be granted compelling the Debtor to immediately pay (by July 16, 2009) the sum of $900,515.31, and all subsequent obligations under the Leases by not later than the third business day following the due date, and, in the event the foregoing is not met, then the automatic stay shall be deemed terminated, and the Leases shall be deemed rejected, effective the first business day following default.

DATED: July 13, 2009                      LEVENE, NEALE, BENDER, RANKIN
                                          & BRILL L.L.P.

                           By:    */s/ David L. Neale*
                                  DAVID L. NEALE
                                  10250 Constellation Blvd., Suite 1700
                                  Los Angeles, CA 90067
                                  Telephone: (310) 229-1234
                                  Facsimile:  (310) 229-1244

                                  Attorneys for Lessor and Sublessor,
                                  Kalaimoku-Kuhio Development Corp.