Hearing Date: July 15, 2009 at 10:00 a.m. (prevailing Eastern time)

Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
In re:                                                            :   Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., et al.,                            :   08-13555 (JMP)
                                                                  :
                    Debtors.                                      :   (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN RESPONSE TO DEBTORS' MOTION REQUESTING
SECOND EXTENSION OF EXCLUSIVE PERIODS FOR THE FILING OF
AND SOLICITATION OF ACCEPTANCES FOR CHAPTER 11 PLANS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. and its affiliated debtors in possession (collectively, the "Debtors"), in response to the Debtors' Motion, Pursuant to Section 1121(d) of the Bankruptcy Code, Requesting Second Extension of Exclusive Periods for the Filing of and Solicitation of Acceptances for Chapter 11 Plans (Docket No. 4253, the "Second Exclusivity Motion"), respectfully states (the "Statement") as follows:

**BACKGROUND**

1.  On September 15, 2008, and periodically thereafter, the Debtors commenced the Chapter 11 Cases. On September 17, 2008, the United States Trustee for the Southern District of New York appointed the Committee.

2.  Pursuant to section 1121 of the Bankruptcy Code, the Debtors' exclusive right to file a plan of reorganization (the "Plan Period") and to solicit acceptances of such plan (the "Solicitation Period" and together with the Plan Period, the "Exclusivity Periods"), were originally set to expire on January 13, 2009, and March 16, 2009, respectively. Upon the Debtors' request, on January 15, 2009, this Court entered an order extending the Plan Period through July 13, 2009, and the Solicitation Period through September 16, 2009.

3.  On July 1, 2009, the Debtors filed the Second Exclusivity Motion, pursuant to which they sought a second, eight-month extension of the Plan Period and the Solicitation Period through and including March 15, 2010 and May 17, 2010, respectively. The extension requested by the Debtors, when combined with the initial Exclusivity Periods and the extension granted by the Court in January, would run through the end of the maximum 18-month exclusivity period authorized by the Bankruptcy Code. See 11 U.S.C. § 1121(2)(A) (stating that the Exclusivity Periods cannot be extended beyond 18 months).

4.  By order dated July 2, 2009 [Docket No. 4271], the Court, inter alia, established: (i) September 22, 2009 at 5:00 p.m. as the Bar Date; (ii) October 22, 2009 at 5:00 p.m. as the Questionnaire Deadline; and (iii) November 2, 2009 as the Securities Programs Bar Date (collectively, the "Bar Dates").

**STATEMENT**

5.   The Second Exclusivity Motion, as filed, raised significant issues for the Committee. While the Committee appreciated the reasons that the Debtors were seeking an extension of the Exclusivity Periods, it was concerned about the length and the *carte blanche* nature of the requested extension. The Committee recognized the significant progress made to date in these Chapter 11 Cases, was aware of the magnitude of the issues facing the Debtors, and has, in fact, been working closely with the Debtors to address these issues. Nevertheless, the Committee was of the view that a nearer-term checkpoint was warranted to ensure that the chapter 11 process continued to move forward expeditiously and inclusively.

6.   The Committee believed that, as a threshold matter, stakeholders in a chapter 11 case could reasonably expect that extensions of exclusivity would be accompanied by milestones and checkpoints that the debtor must achieve to justify a further extension of exclusivity. The Committee also believed, like the Ad Hoc Group of Lehman Brothers Creditors,[1] that, in managed liquidations like these Chapter 11 Cases, many of the reasons proffered by the Debtors for extending their exclusivity periods simply did not apply. In such context, the unsecured creditors, acting through the Committee, should play a critical, decision-making role during the pendency of the cases, as well as in the formulation of a plan (or plans) of liquidation, and their assumption of this role should not be delayed by unwarranted extensions of the exclusivity periods.

7.   However, having taken into account the circumstances of these Chapter 11 Cases, including the interests of all unsecured creditors, the Committee determined that, with the

---

[1] See Objection of Ad Hoc Group of Lehman Brothers Creditors to Debtors' Motion Pursuant to Section 1121(d) of the Bankruptcy Code Requesting Second Extension of Exclusive Periods for the Filing and Solicitation of Acceptances for Chapter 11 Plans [Docket No. 4318].

3

Bar Dates still months away, and with no party reasonably in a position to file a plan at this time, the best course of action was to consent to the extension the Exclusivity Periods on terms and conditions that would place the unsecured creditors, through the Committee, in the forefront of the plan formulation process.

8. To that end, the Committee engaged in a dialogue with the Debtors with the goal of agreeing upon a more purposeful extension of the Exclusivity Periods – one that would better serve the interests of the Debtors' estates by helping to ensure that, among other things, (i) the groundwork was properly laid for a plan formulation discussion among the Debtors and all relevant constituencies; (ii) the Debtors' creditor constituencies would continue to play a leading role in the plan formulation and claims reconciliation processes; and (iii) the Debtors, with the assistance and support of the Committee, would continue to work toward improved public disclosure.

9. As a result of this dialogue, the Committee and the Debtors have reached a compromise that should ensure attainment of the shared objectives of efficient administration of these Chapter 11 Cases and ensuring that the unsecured creditors (i) are provided adequate information to assess the Debtors' progress on the emergence plan(s); (ii) are granted a meaningful role in the plan formulation process; and (iii) have an opportunity to contribute to identifying alternative exit options.

10. In light of this compromise, the Committee does not object to the eight-month extension of the Exclusivity Periods, but it is doing so on the express understanding that Bryan Marsal, LBHI's Chief Executive Officer, will, on a date that is approximately four (4) months after entry of the order granting the Second Exclusivity Motion, present a fully updated,

comprehensive oral and written "State of the Estates" report to the Court.[2] The Debtors have agreed that this report, like those made by Mr. Marsal to the Court in February 2009 and at the Debtors' initial and continued section 341 meetings, will provide, a current discussion of recent and cumulative developments in the Chapter 11 Cases. In addition, the report will contain, at a minimum:

- Updated information regarding each asset class, including updated valuations of each asset class as of a date no earlier than December 31, 2008.[3]

- Disclosure of operating sources and uses of cash by Debtor.

- An initial report with respect to claims filed against the estates (given that Mr. Marsal's report will be given on or about November 15, 2009, which is after the occurrence of the Bar Dates).

In addition, the Debtors have agreed to continue to work in good faith with the Committee during the coming four months to enhance the content and frequency of public disclosures in these cases.

        11.    The Committee believes that the approach it has adopted is preferable to requiring Debtors' counsel to return to the Court at a date between now and March 2010 to seek a further extension of the Exclusivity Periods. Most significantly, the compromise addresses the requests made, including by certain members of the Ad Hoc Group of Lehman Brothers Creditors, for greater transparency and corporate accountability. An oral and written presentation by Mr. Marsal, LBHI's Chief Executive Officer, will, at a minimum, provide (i) Mr. Marsal with the opportunity to present publicly his own account of achievements to date and the path forward; and (ii) the Court with an opportunity to question Mr. Marsal on any

---

[2] The Debtors have agreed to work in good faith with the Committee in advance of Mr. Marsal's presentation to the Court to ensure that the content of the presentation is consistent with the parties' understanding.

[3] To the extent available, the report will include valuations as of March 31, 2009.

5

matters of concern.  It is a forum and method that have served well the interests of creditor involvement and transparency in the past; it should prove equally beneficial in this context.

**WHEREFORE**, the Committee respectfully requests that the Court (i) grant the Second Exclusivity Motion on the terms, and subject to the conditions, set forth in this Statement; (ii) expressly preserve the Committee's right to seek to terminate exclusivity; and (iii) grant the Committee such other relief as is just.

Dated**:**   New York, New York
           July 14, 2009

                **MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

                By:  /s/ Dennis F. Dunne
                Dennis F. Dunne
                Dennis C. O'Donnell
                Evan R. Fleck
                1 Chase Manhattan Plaza
                New York, New York 10005
                Telephone:  (212) 530-5000

                Counsel for Official Committee of Unsecured
                Creditors of Lehman Brothers Holdings Inc., et al.