Hearing Date: July 15, 2009 at 10:00 a.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Brett H. Miller
Todd M. Goren

*Attorneys for Levine Leichtman Capital Partners Deep Value Fund, L.P.*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re:                                                            :
:           Chapter 11
:
LEHMAN BROTHERS HOLDINGS, INC., *et al.*,                         :
:           Case No. 08-13555 (JMP)
:
:           Jointly Administered
:
:
                                              Debtors.            :
:
------------------------------------------------------------------x

# REPLY TO DEBTORS' OBJECTION TO MOTION OF LEVINE LEICHTMAN CAPITAL PARTNERS DEEP VALUE FUND, L.P. FOR AN ORDER COMPELLING DEBTORS' PERFORMANCE UNDER OPEN TRADES ORDER, OR IN THE ALTERNATIVE COMPELLING PAYMENT OF AN ADMINISTRATIVE EXPENSE

Levine Leichtman Capital Partners Deep Value Fund, L.P., and certain of its affiliates (collectively, "LLCP") hereby files its reply (the "Reply") to the Debtors' Objection to (the "Objection") motion for an order compelling Debtors' performance under the Open Trades Order, or in the alternative compelling payment of an administrative expense (the "Motion"), and in support thereof states as follows:[1]

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to the in the Motion.

ny-880696

1.      In the Objection, the Debtors do not dispute that they are in breach of the P&S Agreement.  The Debtors' sole defense to the Motion seems to be that they have encountered an "unexpected" delay in obtaining the units from LBI, and that they should therefore be given an apparently indefinite period of time to perform under the P&S Agreement.  See Objection at ¶ 23.  However, no delay (unexpected or otherwise), can excuse Lehman CP's failure to perform under the agreement or should defeat the Motion.

2.      As set forth in the Motion and the Objection, Lehman CP had an obligation under the P&S Agreement to "use all reasonable commercial efforts" to deliver the Units "as soon as practicable and in any event **on or before June 15, 2009**."  See P&S Agreement § 3.3 (emphasis added).  This term was specifically negotiated by the parties to ensure a date certain by which the trade would be closed and was especially prudent given the inordinate amount of delay that had accompanied the trade up until that point.  According to the Objection, the "reasonable commercial efforts" undertaken by the Debtors are that they have "spent many hours corresponding with the SIPC Trustee" and have "requested that the SIPC Trustee transfer the [Units] to LCPI's name, for ultimate delivery to [LLCP]."  It does not appear that the Debtors have ever made a made a formal demand upon the SIPC Trustee for the Units, or have threatened to commence an appropriate action if the Units are not delivered by a date certain, and certainly have not commenced any such action – which it should have done after apparently being ignored for so many months by the SIPC Trustee.  As a result, the Debtors have never been able to provide any certainty as to when they will be able to deliver the Units.

3.      The Debtors assert that this Court is a court of equity with power to fashion an appropriate remedy with respect to the Motion.  See Objection at ¶ 24.  The Debtors argue that the remedy should be to provide the Debtors with more (and an apparently indefinite period of)

2

time to deliver the Units. LLCP, however, submits that the equities strongly favor requiring the Debtors to deliver the Units within 30 days as requested by the Motion, or otherwise granting LLCP an administrative claim for its cost to source the Units on the open market. As set forth above, it appears that the Debtors have done little in the now five months since the P&S Agreement has been executed (and 7 months since the entry of the Assumption Order) to obtain delivery of the Units - other than asking the SIPC Trustee for the Units and apparently being rebuffed. It has now been over a year since LLCP and Lehman CP made a binding agreement for the trade. Under these circumstances, LLCP submits that the equitable solution would be to require Lehman CP to deliver the Units within 30 days (or approximately 2 months after the deadline set forth in the P&S Agreement), as requested in the Motion.

4.  If Lehman CP is unable to deliver the Units in the requested time period, LLCP is entitled to an administrative expense claim under the clear terms of the P&S Agreement and applicable law in an amount equal to what it costs LLCP to source the Units on the open market. Specifically, as noted in the Objection, Section 6.1(a) of the P&S Agreement requires Lehman CP to indemnify and hold LLCP harmless for, among other things, any damages LLCP suffers as a result of "a breach of any of Seller's representations, warranties, covenants or agreements in this Agreement." P&S Agreement § 6.1(a).

5.  The fact that the Units are thinly traded and LLCP may be required to pay "an artificially high price" for such Units if Lehman CP is unable to deliver them is irrelevant (leaving aside for now whether a market transaction negotiated at arm's length could lead to an "artificially high price").[2] See Objection at ¶ 22. If Lehman CP is incapable of delivering the

---

[2] In addition, if Lehman CP is concerned about this fact, as suggested in the Motion, in order to control the cost paid for the Units, Lehman CP can simply purchase the Units on the open market itself and deliver such Units to LLCP.

3

ny-880696

Units now held by the SIPC Trustee, then they are in breach of the P&S Agreement and LLCP is entitled to damages for its replacement cost under the indemnification provision set forth above, and under applicable law.  See also Motion at ¶ 17.  If Lehman CP wanted to avoid such administrative claim exposure, then it should have months ago filed an appropriate proceeding against the SIPC Trustee before this Court to determine ownership of the Units, so that the Units could be delivered to LLCP by the negotiated deadline.  Clearly, the "many hours corresponding with the SIPC Trustee" spent by the Debtors have not caused the SIPC Trustee to deliver the Units in a timely manner (or even provide the Debtors with a definitive date by which the Trustee will make a determination as to whether to deliver the Units).  It can only be presumed that Lehman CP consciously decided to not pursue such a remedy or determination in the hope that they would obtain from this Court what they were unable to obtain by negotiation – a further extension of time to perform under the P&S Agreement.

6. Finally, in opposing LLCP's request for the costs associated with bringing the instant Motion, the Debtors point the Court to the LSTA Standard Terms ¶ 9, which requires that "each of the Buyer and Seller shall bear its respective costs and expenses in connection with the Transaction."  See Objection at ¶ 26.  The Debtors, however, ignore the indemnification provisions of Section 6.1(a) of the P&S Agreement (quoted above), which requires Lehman CP to indemnify and hold harmless LLCP for any breach of the agreement by Lehman CP.  As set forth above, Lehman CP's failure to deliver the Units by June 15, 2009 constituted a breach of the P&S Agreement, and LLCP is entitled to payment from Lehman CP of all of its costs and expenses associated with such breach (including the costs associated with bringing the instant Motion).

7.     While the Debtors assert that they "may eventually be able to settle the Trade by delivering to [LLCP] the JCIM Securities held in LBI's name", Motion at ¶ 25, it is wholly inequitable to require LLCP to wait indefinitely while the Debtors continue their passive efforts with the SIPC Trustee, who apparently has made his refusal to concede quite clear to Lehman CP.  Accordingly, as requested in the Motion, LLCP hereby requests entry of Order (i) requiring Lehman CP to deliver the Units (whether by obtaining them from LBI or by sourcing them from a third-party) within 30 days from entry of the Order granting the Motion, together with an amount sufficient to cover LLCP's legal fees, costs and expenses incurred in connection with the Motion, (ii) in the event Lehman CP is unable to deliver the Units by such date, granting LLCP an administrative expense claim against Lehman CP in an amount equal to what LLCP is required to spend on the open market to source the Units from a non-affiliated third-party in an arm's length transaction; (iii) granting LLCP an administrative expense for the additional costs and expenses it incurred in attempting to close the LLCP Trade Confirmation (including the filing and prosecution of this Motion) and obtain delivery of the Units; and (iv) requiring Lehman CP to pay such claims within ten (10) business days of LLCP providing evidence to Lehman CP of same.   Given the Debtors' lack of performance, to the extent the Court concludes to provide Lehman CP with more than 30 additional days to deliver the Units, as requested in the Motion, LLCP should also receive a reasonable rate of interest as compensation for Lehman's CP's delay in delivering the Units.

ny-880696

WHEREFORE, for the reasons set forth herein and in the Motion, LLCP requests that the Court grant the relief requested in the Motion and grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 14, 2009

                        MORRISON & FOERSTER LLP

By: /s/ Brett H. Miller
    BRETT H. MILLER
    TODD M. GOREN
    MORRISON & FOERSTER LLP
    1290 Avenue of the Americas
    New York, New York 10104
    Telephone: (212) 468-8000
    Facsimile: (212) 468-7900

*Attorneys for Levine Leichtman Capital Partners Deep Value Fund, L.P.*