Presentment Date and Time: July 24, 2009 at 2:00 p.m. (Prevailing Eastern Time)
Objection Deadline: July 24, 2009 at 12:00 noon (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): August 5, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Jacqueline Marcus
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                                   :
**In re**                                                          :   **Chapter 11 Case No.**
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                       :   **08-13555 (JMP)**
                                                                   :
                                Debtors.                           :   **(Jointly Administered)**
                                                                   :
                                                                   :
-------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION AND
AGREED ORDER PURSUANT TO RULE 9019 OF THE BANKRUPTCY
RULES RESOLVING DISPUTE REGARDING OPEN TRADE CONFIRMATION**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation and Agreed Order (the "Stipulation") among Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above referenced Chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors") and Halbis Distressed Opportunities Master Fund Ltd., for signature on **July 24, 2009 at 2:00 p.m. (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **July 24, 2009 at 12:00 noon (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation on **August 5, 2009 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: July 15, 2009
New York, New York

     /s/ Robert J. Lemons
Lori R. Fife
Jacqueline Marcus
Robert J. Lemons
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Jacqueline Marcus
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
: 
Debtors. : **(Jointly Administered)**
:
:
------------------------------------------------------------------x

**STIPULATION AND AGREED ORDER**
**PURSUANT TO RULE 9019 OF THE BANKRUPTCY RULES**
**RESOLVING DISPUTE REGARDING OPEN TRADE CONFIRMATION**

This Stipulation and Agreed Order (this "Stipulation") is entered into between

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), and Halbis

Distressed Opportunities Master Fund Ltd. ("Halbis").

**RECITALS**

A. On September 15, 2008 and periodically thereafter (as applicable, the

"Commencement Date"), LBHI and certain of its affiliates each commenced in this Court

voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

        B.      Prior to the Commencement Date, LBHI was active in the secondary loan market. In this capacity, LBHI purchased and sold both par and distressed commercial loans. LBHI's prepetition trades were reflected in various trade confirmations (each a "Trade Confirmation" and collectively, the "Trade Confirmations"). Numerous Trade Confirmations remained pending as of the Commencement Date, including a Trade Confirmation with Halbis dated May 15, 2008, pursuant to which LBHI agreed to sell to Halbis an interest in certain specified amounts of a revolving credit facility of Quebecor World Inc. (the "Quebecor Trade").

        C.      On November 14, 2008, LBHI filed the Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 1541] (the "Motion") seeking, *inter alia*, to assume the Quebecor Trade.

        D.      On December 12, 2008, Halbis objected to the Debtors' proposed assumption of the Quebecor Trade (the "Objection"). At the hearing on the Motion, the Bankruptcy Court overruled the Objection as untimely, and, by order dated December 16, 2008, the Court granted the Motion as to the Quebecor Trade (the "December 16 Order"). However, the Court stated that its ruling was "not on the merits" and thus did not prejudice Halbis's right to raise the issue of the "suitability" of the Quebecor Trade to assumption by LBHI at some future date. *See* Transcript to December 16, 2008 Hearing, at 132–33.

        E.      Since entry of the December 16 Order, Halbis has taken issue with LBHI's ability to perform its obligations under the Quebecor Trade and has indicated that it would seek relief from the Court with respect to the Quebecor Trade. LBHI has taken the position that it is

capable of fully performing under the Quebecor Trade and believes that Halbis is required to settle the Quebecor Trade. Nevertheless, to avoid protracted litigation over this dispute, Halbis and LBHI (together, the "Parties") agreed to settle the Quebecor Trade at a slightly reduced price, and the statutory committee of unsecured creditors appointed in the Debtors' chapter 11 cases has consented to settlement at such price. Specifically, the Parties have agreed as follows:

**AGREED ORDER**

IT IS HEREBY AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1. The Parties have settled the Quebecor Trade at a slightly reduced purchase price (the "Settlement Price").

2. The Parties agree that this Stipulation, and the Settlement Price, is subject to approval of the Bankruptcy Court. If this Stipulation is not approved by the Bankruptcy Court, LBHI reserves the right to argue that the purchase rate set forth in the Trade Confirmation is enforceable, and Halbis reserves the right to argue that a different purchase rate applies to the Quebecor Trade.

3. Subject to Court approval hereof, Halbis waives any and all claims against LBHI relating to the Quebecor Trade, and hereby releases any other setoff, recoupment, or counterclaims relating to the Quebecor Trade, with the exception of claims that may arise hereunder or under the documents executed in connection with the closing of the Quebecor Trade. Subject to Court approval hereof, LBHI waives any and all claims against Halbis relating to the Quebecor Trade, and hereby releases any other setoff, recoupment, or counterclaims relating to the Quebecor Trade, with the exception of claims that may arise hereunder or under the documents executed in connection with the closing of the Quebecor Trade.

4.  Each person who executes this Stipulation on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such party.

5.  Subject to Court approval hereof, this Stipulation constitutes the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

6.  The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation or the assumption of the Quebecor Trade.

7.  This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Evidence of execution of this Agreement may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of an originally signed document, each of which shall be as fully binding on the party as a signed original.

8. If this Stipulation is not approved by the Court, it shall be deemed null and void and shall not be referred to or used for any purpose by any of the Parties hereto or any of the other parties in the Debtors' chapter 11 cases. In such event, the Parties shall retain their respective rights regarding the Quebecor Trade.

Dated: July 15, 2009

| **BINGHAM MCCUTCHEN LLP** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| /s/ Carol A. Weiner | /s/ Robert J. Lemons |
| Carol A. Weiner | Lori R. Fife |
|  | Jacqueline Marcus |
| 399 Park Avenue | Robert J. Lemons |
| New York, New York 10022 |  |
| Telephone: (212) 705-7000 | 767 Fifth Avenue |
| Facsimile: (212) 752-5378 | New York, New York 10153 |
|  | Telephone: (212) 310-8000 |
| Attorneys for Halbis Distressed | Facsimile:  (212) 310-8007 |
| Opportunities Master Fund Ltd. |  |
|  | Attorneys for Debtors |
|  | and Debtors in Possession |

Dated: _____, 2009
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE