UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                          :
In re                                                     :    Chapter 11 Case No.
                                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                  :    08-13555 (JMP)
                                                          :
                    Debtors.                              :    (Jointly Administered)
                                                          :
                                                          :
-----------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 6004 AND 9019 FOR AUTHORIZATION AND APPROVAL OF SETTLEMENT AGREEMENT WITH KOJAIAN AFFILIATES

Upon the motion, dated June 24, 2009 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for approval of the Settlement Agreement, dated June 18, 2009 (the "Settlement Agreement") between LBHI and certain entities owned or controlled, directly or indirectly, by Mike Kojaian and/or C. Michael Kojaian (the "Kojaian Affiliates") pursuant to an agreement substantially consistent with the proposed Settlement Agreement annexed to the Motion as Exhibit A, as more particularly described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to the Kojaian Affiliates; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Agreement is hereby approved and the Debtors are duly authorized to (i) consummate all of the transactions contemplated thereby, (ii) execute and deliver such assignments, conveyances, and other documents, and instruments of transfer and to take such other actions as may be reasonably necessary to consummate the settlement agreement, and (iii) consent to any amendment, restatement, waiver, supplement or other modification of any of the documents contemplated under the settlement agreement, it being understood that any

actions described in this paragraph taken by the Debtors or their affiliates may be taken without the necessity of (x) any further court proceedings or approval or (y) any consent of any third party, and shall be conclusive and binding in all respects on all parties in interest in these cases; provided, however, and for the avoidance of doubt, nothing herein shall cause the release of the PAMI Guaranties (as defined in the Motion), which can only be effectuated in accordance with their terms or as otherwise agreed to by the beneficiary or beneficiaries of the PAMI Guaranties; and it is further

ORDERED, FOUND AND DETERMINED that the Debtors are receiving fair consideration and reasonably equivalent value in exchange for the transfers made by them under the Settlement Agreement; and it is further

ORDERED that this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed pursuant to Bankruptcy Rule 6004; and it is further

ORDERED that the stay pursuant to Bankruptcy Rules 6004(h) is hereby waived and this Order shall be effective immediately upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
       July 15, 2009

                                        *s/ James M. Peck*
                                        UNITED STATES BANKRUPTCY JUDGE