**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x

| | | |
|---|---|---|
| | : | |
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

--------------------------------------------------------------------x

### ORDER PURSUANT TO
### SECTIONS 105(a) AND 363 OF THE BANKRUPTCY
### CODE AND BANKRUPTCY RULE 6004 AUTHORIZING
### DEBTORS TO ENTER INTO A CONFIRMATION LETTER WITH
### HSH NORDBANK AG, NEW YORK BRANCH, AS COLLATERAL AGENT

Upon the motion, dated June 24, 2009 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI," together with its affiliated debtors in the above-captioned chapter

11 cases, as debtors and debtors-in-possession the "Debtors"), pursuant to sections 105(a)

and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization,

but not direction, to enter into a confirmation letter (the "Confirmation Letter") with HSH

Nordbank AG, New York Branch, as administrative agent and collateral agent

("HSHN"), and consummate the LBHI-SkyPower Transaction,[1] all as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing

Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any

and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

---

[1] Capital terms used but not defined shall have the meaning ascribed to them in the Motion.

consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided

in accordance with the procedures set forth in the amended order entered February 13,

2009 governing case management and administrative procedures [Docket No. 2837] to (i)

the United States Trustee for the Southern District of New York; (ii) the attorneys for the

Official Committee of Unsecured Creditors; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the

Southern District of New York; (vi) Mayer Brown LLP, 700 Louisiana Street, Suite

3400, Houston, TX 77002-2730, Attn:  Robert S. Goldberg, Esq., attorneys for HSHN;

and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing

that no other or further notice need be provided; and a hearing having been held to

consider the relief requested in the Motion; and the Court having found and determined

that the relief sought in the Motion is in the best interests of LBHI, its estate and

creditors, and all parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a) and 363 of the Bankruptcy

Code, LBHI is authorized, but not directed, to enter into the Confirmation Letter and

consummate the LBHI-SkyPower Transaction on the terms contemplated therein; and it

is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived

and this Order is effective immediately upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed

good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to the implementation and/or interpretation of this

Order.

Dated: New York, New York
      July 16, 2009

                _*s/ James M. Peck*_____

                UNITED STATES BANKRUPTCY JUDGE