PRESENTMENT DATE AND TIME: Thursday, July 23, 2009 at 12:00 p.m.
OBJECTION DEADLINE:  Wednesday, July 22, 2009 at 4:00 p.m.

Lindsee P. Granfield
Lisa M. Schweitzer
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 310-3999

Jonathan D. Schiller
Hamish P.M. Hume
Jack G. Stern
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Barclays Capital Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ————————————————————— ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| Lehman Brothers Holdings Inc., et al. ) | Case No. 08-13555 (JMP) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ————————————————————— ) | |
| ) | |
| Securities Investor Protection Corporation, ) | |
| ) | Adversary Proceeding No. |
| Plaintiff ) | |
| v. ) | |
| ) | 08-01420 (JMP) |
| Lehman Brothers Inc., ) | |
| ) | |
| Debtor. ) | |
| ————————————————————— ) | |

**NOTICE OF PRESENTMENT OF CONFIDENTIALITY STIPULATION AND**
**PROTECTIVE ORDER BETWEEN THE EXAMINER, DEBTORS,**
**TRUSTEE, CREDITORS' COMMITTEE AND BARCLAYS CAPITAL**
**INC.**

PLEASE TAKE NOTICE that the undersigned will present the attached Stipulation and

Protective Order between the Examiner, Debtors, Trustee, Creditors' Committee and Barclays

Capital Inc. (the "Stipulated Order") to the Honorable James M. Peck, United States Bankruptcy

Judge, for signature on **Thursday, July 23, 2009 at 12:00 p.m. (ET).**

PLEASE TAKE FURTHER NOTICE that, objections, if any, to the relief requested in

the Stipulated Order must comply with the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and the Local Rules of the United States Bankruptcy Court for the

Southern District of New York, must be set forth in a writing describing the basis therefor and

must be filed with the Court electronically in accordance with General Orders M-182 and M-193

by registered users of the Court's electronic case filing system (the User's Manual for the

Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website

of the Bankruptcy Court) and, by all other parties in interest, on a 3½ inch disk, preferably in

Portable Document Format (PDF), WordPerfect or any other Windows-based word processing

format (with a hard copy delivered directly to Chambers (as defined below)) and served in

accordance with General Orders M-182 or by first-class mail upon each of the following: (i) the

chambers of the Honorable James M. Peck ("Chambers"), One Bowling Green, New York, New

York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York,

New York 10153, (Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq.,

and Jacqueline Marcus, Esq.) and Jones Day, 222 East 41st Street, New York, New York 10017

(Attn: Robert W. Gaffey, Esq., William J. Hine, Esq., Jayant W. Tambe, Esq., and Benjamin

Rosenblum, Esq.), attorneys for the Debtors; (iii) the Office of the United States Trustee for the

Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004

(Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin,

Esq. and Tracy Hope Davis, Esq.); (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase

Manhattan Plaza, New York, New York 10005, (Attn: Dennis F. Dunne, Esq., Dennis

O'Donnell, Esq., and Evan Fleck, Esq.) and Quinn Emanuel Urquhart Oliver & Hedges, LLP

(Attn: James Tecce, Esq., Susheel Kirpalani, Esq. and Eric Kay, Esq.), attorneys for the Official

Committee of Unsecured Creditors; (v) Boies, Schiller & Flexner LLP (Attn: Jonathan D.

Schiller, Esq., Hamish P.M. Hume, Esq., and Jack G. Stern, Esq.) and Cleary Gottlieb Steen &

Hamilton LLP, One Liberty Plaza, New York, NY 10006 (Attn: Lindsee P. Granfield, Esq. and

Lisa Schweitzer, Esq.), attorneys for Barclays Capital Inc.; (vi) Hughes Hubbard & Reed LLP,

One Battery Park Plaza, New York, NY 10004 (Attn: James B. Kobak, Esq. and David

Wiltenberg, Esq.), attorneys for the SIPA Trustee; and (vii) Jenner & Block LLP, 330 North

Wabash Avenue, Suite 4000, Chicago, IL 60611 (Attn: Robert L. Byman, Esq. and Patrick J.

Trostle, Esq.), 919 Third Avenue, 37th Floor, New York, NY 10022, attorneys for Anton R.

Valukas, Esq., Examiner, so as to be received no later than **4:00 p.m. (ET) on Wednesday, July
22, 2009.**  If no objections are filed and served by that time, the Court may sign the Stipulated

Order without a hearing and without any further notice.

PLEASE TAKE FURTHER NOTICE that if a written objection is timely filed and

served, a hearing will be held on **Wednesday, August 5, 2009, at 10 a.m. (ET)** at the United

States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck,

United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408, 6th

Floor.  The moving and objecting parties are required to attend the hearing, and failure to appear

may result in relief being granted or denied upon default.

Dated:  New York, New York
           July 16, 2009

CLEARY GOTTLIEB STEEN &
HAMILTON LLP

By:   /s/ Lindsee P. Granfield
     Lindsee P. Granfield
     Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

-and-

BOIES, SCHILLER & FLEXNER LLP

     Jonathan D. Schiller
     Hamish P.M. Hume
     Jack G. Stern
575 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Counsel to Barclays Capital Inc.*

Exhibit A

**Stipulated Order**

PRESENTMENT DATE AND TIME: Thursday, July 23, 2009 at 12:00 p.m.
OBJECTION DEADLINE:  Wednesday, July 22, 2009 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 08-01420 (JMP) |
| Lehman Brothers Inc., | ) | SIPA |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Lehman Brothers Holdings Inc., <u>et al</u>. | ) | Case No. 08-13555 (JMP) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

### CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER BETWEEN THE EXAMINER, DEBTORS, TRUSTEE, COMMITTEE AND BARCLAYS CAPITAL INC.

This Stipulation (the "<u>Stipulation</u>" or "<u>Protective Order</u>") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients:  (a) Anton R. Valukas, Esq., in his capacity as Examiner (as defined below) appointed in the Chapter 11 Cases (as defined below) of Lehman Brothers Holdings, Inc. and its affiliated debtors and debtors-in-possession in the Chapter 11 Cases; (b) Lehman Brothers Holdings, Inc. ("<u>LBHI</u>") and its affiliated debtors and debtors-in-possession in the Chapter 11 Cases (collectively, the "<u>Debtors</u>"); (c) James W. Giddens, as Trustee in the Securities Investor Protection Act Liquidation of Lehman Brothers Inc. (the "<u>Trustee</u>"); (d) the Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc. and its affiliated debtors and debtors in possession (the "<u>Committee</u>") (Debtors, Trustee and Committee, the "<u>Discovery Parties</u>", and each a "<u>Discovery Party</u>"); and (e) Barclays Capital Inc. and its affiliates ("<u>Barclays</u>").

1

WHEREAS, commencing on September 15, 2008 ("Commencement Date"), the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" or "Court") (Case Nos. 08-13555 and 08-13600, such cases, the "Chapter 11 Cases"), and the Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on September 16, 2008, LBHI, Lehman Brothers Inc. ("LBI"), and LB 745 LLC ("745") entered into an Asset Purchase Agreement (and any amendments, clarifications, or modifications thereto, including that certain Clarification Letter dated September 20, 2008, the "Purchase Agreement") with Barclays;

WHEREAS, on or about September 17, 2008, the Debtors filed the Debtors' Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets (the "Sale Motion");

WHEREAS, on September 17, 2008, pursuant to Section 1102 of the Bankruptcy Code, the U.S. Trustee appointed the Committee;

WHEREAS, on or about September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970, as amended ("SIPA"), 15 U.S.C. §§ 78aaa et seq., with respect to LBI, and James W. Giddens was appointed as Trustee under SIPA to administer LBI's estate (Case No. 08-01420, such proceeding, the "SIPA Proceeding");

WHEREAS, on September 20, 2008, the Bankruptcy Court granted Debtors' Sale Motion and entered an order (the "Sale Order") approving the Purchase Agreement and the various transactions contemplated therein in the Chapter 11 Cases;

WHEREAS, on September 20, 2008, the Bankruptcy Court also entered an order approving and incorporating by reference the Sale Order in the SIPA Proceeding (the "SIPA Sale Order"), thereby authorizing the Trustee to consummate the sale transaction on behalf of LBI pursuant to the Purchase Agreement;

WHEREAS, on December 11, 2008, the Trustee moved for entry of an order pursuant to Federal Rule of Bankruptcy Procedure 2004 authorizing him to issue certain subpoenas for the production of documents and the examination of witnesses in order to obtain information relevant to the issues the Trustee is empowered and obligated to investigate pursuant to section 78fff-1(d) of SIPA (the "Trustee's Rule 2004 Motion");

WHEREAS, on January 15, 2009, the Bankruptcy Court entered an Order granting the Trustee's Rule 2004 Motion;

WHEREAS, on January 16, 2009, the Bankruptcy Court entered an Order Directing the Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code (the "Examiner Order"), and the Examiner Order, inter alia, ordered (i) the United States Trustee for the Southern District of New York (the "U.S. Trustee") to appoint an examiner (the "Examiner"), and (ii) the Examiner to conduct an investigation into certain specified matters and to perform the duties set forth in sections 1106(a)(3) and (4) of the Bankruptcy Code (collectively, and as may be amended and/or supplemented by a Bankruptcy Court order, the "Examiner Investigation");

3

WHEREAS, on January 19, 2009, pursuant to the Examiner Order, the U.S. Trustee

appointed Anton R. Valukas as Examiner and the Bankruptcy Court approved the appointment

by Order dated January 20, 2009;

WHEREAS, on May 18, 2009, the Debtors moved for entry of an order pursuant to

Federal Rule of Bankruptcy Procedure 2004 authorizing discovery concerning transactions

related to the Purchase Agreement approved in the Sale Order and the SIPA Sale Order (the

"Debtors' Rule 2004 Motion");

WHEREAS, on June 5, 2009, the Committee joined in the Debtors' Rule 2004 Motion;

WHEREAS, on June 22, 2009, the Trustee filed a statement regarding the Debtors' Rule

2004 Motion in which he requested that, to the extent that the Bankruptcy Court granted the

Debtors' Rule 2004, the Bankruptcy Court also order that the Trustee shall be entitled to (i)

receive and/or have access to all documentary discovery produced by Barclays; and (ii)

participate in any interview or deposition of Barclays personnel as appropriate;

WHEREAS, on June 25, 2009, the Bankruptcy Court entered an Order granting the

Debtors' Rule 2004 Motion, authorizing the Discovery Parties to take certain discovery from

Barclays (the "Court-Ordered Discovery"), and requiring that "any confidentiality agreement

between the Debtor[s] and Barclays shall, allow for the coordinated discovery noted above,

including a provision that will allow for the sharing between Debtor[s], the Examiner, the

Committee and the SIPA Trustee of information received from Barclays";

WHEREAS, the Examiner has requested that Barclays produce certain documents and

provide information relevant to the Examiner Investigation and the Discovery Parties have

requested that Barclays produce certain documents and provide information in connection with

4

the Court-Ordered Discovery (all documents and information provided henceforward by

Barclays to the Examiner and the Discovery Parties in connection with the Examiner

Investigation and the Court-Ordered Discovery, the "Discovery Materials");

WHEREAS, Barclays has requested, and the Examiner and Discovery Parties have

agreed, that certain Discovery Materials be subject to a protective order, pursuant to Fed. R.

Bankr. P. 7026, to protect the confidentiality of sensitive information; and

WHEREAS, the Examiner, Discovery Parties and Barclays have entered into this

Stipulation and agreed to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT

APPROVAL HEREOF, IT IS ORDERED THAT:

1.      This Stipulation governs the production and/or provision of Discovery Materials

as that term is defined herein, and does not affect, amend or modify any existing confidentiality

agreements among, or protective orders applicable to, Barclays, the Examiner, or any Discovery

Party, including but not limited to (a) the Confidentiality Stipulation and Protective Order

between the Examiner and Barclays Capital Inc., dated May 6, 2009, and "so ordered" by the

Court on May 18, 2009; (b) the Stipulation and Agreed Order between the Examiner and

Barclays Capital Inc. concerning Data Access, dated April 30, 2009, and "so ordered" by the

Court on May 19, 2009; (c) the Confidentiality Stipulation and Protective Order between the

Trustee, Barclays and others in the interpleader action filed by the Options Clearing Corporation

(Adv. Proc. No. 08-01759 (JMP)); (d) the Letter re "Confidentiality Agreement" from Barclays

to Quinn Emanuel Urquhart Oliver & Hedges LLP and Houlihan Lokey Howard & Zukin

Capital, Inc., dated January 29, 2009; and (e) the Letter re "Confidentiality Agreement" from

Barclays to Quinn Emanuel Urquhart Oliver & Hedges LLP and Houlihan Lokey Howard & Zukin Capital, Inc., dated March 19, 2009 (the letters described in subparagraphs (d) and (e) are together defined herein as the "Committee Confidentiality Agreements").  Any documents or information provided by Barclays pursuant to the foregoing confidentiality agreements among, or protective orders applicable to, Barclays, the Examiner, or any Discovery Party may, if appropriate, be provided or produced as Discovery Material pursuant to this Stipulation.  Notwithstanding anything herein to the contrary, in the event of any inconsistency between this Stipulation and the Committee Confidentiality Agreements with respect to Discovery Materials produced pursuant to this Stipulation, the terms of this Stipulation shall govern.

2.      Barclays may designate as "Highly Confidential" that portion of any Discovery Materials that Barclays in good faith believes meets any of the following criteria in subparagraphs (a) - (h) below, provided that "Highly Confidential" information shall not include: information that is at any time independently developed by the Examiner or a Discovery Party without use of or reliance upon any of Barclays' Discovery Materials; information rightfully acquired by the Examiner or a Discovery Party from an independent source without restrictions as to use; information that was, prior to disclosure, rightfully in the possession or knowledge of the Examiner or a Discovery Party; information that is publicly available in substantially the same form in which it was provided by Barclays; information that is required by law to be made available to third parties; information that was, is or becomes public knowledge, not in violation of this Protective Order, or information that is voluntarily de-designated by Barclays.  Subject to these conditions and limitations, Barclays may designate the following as "Highly Confidential":

(a)      information that identifies specific securities, loans, instruments or other property now or previously held, maintained or possessed by Barclays or any of its customers and which is not related to the Debtors;

(b)      information that identifies specific securities, loans, instruments or other property of or formerly of the Debtors or LBI that are currently or were held, maintained or possessed by Barclays or that are listed in schedules of assets that Barclays considered acquiring or acquired (including, without limitation, Schedules A and B to the September 20, 2008 Clarification Letter between Barclays, Lehman Brothers Holdings Inc., Lehman Brothers Inc. and LB 745 LLC, Annex A to the December 5, 2008 Settlement Agreement among JPMorgan Chase, N.A., Barclays, and the SIPA Trustee, and Exhibit C to the February 11, 2009 Settlement Agreement among Barclays, SIPA Trustee, the Depository Trust & Clearing Corporation (on behalf of itself and certain subsidiaries));

(c)      information concerning Financial Services Agreements designated as Purchased Contracts (each as defined in the Court's October 3, 2008 Order Granting Debtors' Motion Pursuant to Sections 105, 365, and 554(a) of the Bankruptcy Code to Establish Procedures for the Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases of Non-Residential Real Property and Abandonment of Related Personal Property);

(d)      information concerning employee and executive compensation;

(e)      information that Barclays is required by law or regulation to protect from disclosure;

7

(f)        information that reveals Barclays' methodology in regard to risk-rating, valuation or other forms of financial or credit analysis or that is otherwise of a proprietary and competitively-sensitive nature;

(g)        information that is of a personal or intimate nature regarding any individual that will cause undue harm to the reputation of or embarrassment to the individual; and

(h)        any other category of information hereinafter given "Highly Confidential" status by agreement of the Examiner and Discovery Parties or further Order of the Court.

3.        Barclays may designate as "Confidential" that portion of any Discovery Materials that Barclays in good faith believes meets any of the following criteria in subparagraphs (a) - (c) below, provided that "Confidential" information shall not include:  information that is at any time independently developed by the Examiner or a Discovery Party without use of or reliance upon any of Barclays' Discovery Materials; information rightfully acquired by the Examiner or a Discovery Party from an independent source without restrictions as to use; information that was, prior to disclosure, rightfully in the possession or knowledge of the Examiner or a Discovery Party; information that is publicly available in substantially the same form in which it was provided by Barclays; information that is required by law to be made available to third parties; information that was, is or becomes public knowledge, not in violation of this Protective Order, or information that is voluntarily de-designated by Barclays.  Subject to these conditions and limitations, Barclays may designate the following as "Confidential":

(a)      non-public information concerning the negotiation and documentation of any sale of all or a portion of Debtors' or LBI's businesses or assets to Barclays (except for material designated as Highly Confidential under paragraph 2(b));

(b)      non-public information concerning the Replacement Transaction, as that term is defined in the December 5, 2008 Settlement Agreement among JPMorgan Chase, N.A., Barclays, and the SIPA Trustee (except for material designated as Highly Confidential under paragraph 2(b)); and

(c)      any other category of information hereinafter given "Confidential" status by agreement of the Examiner and Discovery Parties or further Order of the Court.

4.      Barclays may designate Discovery Materials as Confidential or Highly Confidential by applying the applicable legend to the Discovery Materials.  In the case of data stored in electronic form, the applicable legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored.

5.      Discovery Materials that have been designated Highly Confidential shall be maintained in confidence and, although such Discovery Materials may be shared between and among the Examiner and counsel for the Discovery Parties without notification to Barclays, they shall not be shared by the Examiner or counsel for a Discovery Party with any person other than: (i) Barclays' employees at their depositions or interviews (provided that no other parties are present at the interview or deposition who are not entitled to see Highly Confidential information); (ii) persons who have lawfully already seen or received the document at issue (provided that no other parties are present at the interview or deposition who are not entitled to see Highly Confidential information); (iii) Jenner & Block, in its capacity as counsel to the

Examiner, including Jenner & Block attorneys, legal assistants, paralegals, secretarial, and other staff; (iv) Jones Day, in its capacity as counsel to the Debtors, including Jones Day attorneys, legal assistants, paralegals, secretarial, and other staff; (v) attorneys and staff employed by the Debtors as in house counsel and reporting directly to the Debtors' General Counsels ("In House Counsel"), including In House Counsel attorneys, legal assistants, paralegals, secretarial, and other staff; (vi) Hughes Hubbard & Reed, in its capacity as counsel to the Trustee, including Hughes Hubbard & Reed attorneys, legal assistants, paralegals, secretarial, and other staff; (vii) James W. Giddens, in his capacity as SIPA Trustee for LBI; (viii) Quinn Emanuel, in its capacity as counsel to the Committee, including Quinn Emanuel attorneys, legal assistants, paralegals, secretarial, and other staff; (ix) the Board of Directors, Officers and employees of the Securities Investor Protection Corporation ("SIPC"), but not member firms of SIPC, subject to the provisions of paragraph 9; (x) professional firms or persons as are retained by the Examiner or any of the Discovery Parties to provide specialized advice in connection with the Examiner Investigation and the Court-Ordered Discovery, including their staff, and including Duff & Phelps, Alvarez & Marsal, Deloitte & Touche, Houlihan Lokey and FTI Consulting; (xi) outside vendors such as copy services or document management vendors used by the Examiner or any of the Discovery Parties; (xii) the Bankruptcy Court (in accordance with paragraph 15); (xiii) a witness or other person providing information to the Examiner or the relevant Discovery Party, but only in accordance with paragraphs 6, 7, 8 and 9 (provided that no other parties are present at the interview or deposition who are not entitled to see Highly Confidential information); and (xiv) other persons upon further order of the Court or consent of Barclays, subject to the

provisions of paragraph 9 (provided that no other parties are present at the interview or deposition who are not entitled to see Highly Confidential information).

6.      In the event that Counsel for a Discovery Party believes that providing Highly Confidential materials to a representative, member, employee or former employee of that Discovery Party would assist the Discovery Party in connection with the Court-Ordered Discovery, and that individual is not included within any of the categories set forth in paragraph 5 except the category defined in sub-paragraph 5(xiii) (i.e., "a witness or other person providing information to the Examiner or the relevant Discovery Party"), counsel for the relevant Discovery Party shall provide ten business days notice to Barclays of the identity of the person in question, identifying any bank or financial services firm with which that person is affiliated, and identifying the materials he seeks to provide to that person.  Notwithstanding anything to the contrary herein, Quinn Emanuel may provide members of the Committee ("Committee Members") a summary of its analysis of the Highly Confidential materials, provided that any such summary does not disclose any lists or schedules of individual securities, CUSIP numbers or amounts included in the Highly Confidential materials summarized, and that Quinn Emanuel informs Committee Members that their use of any such summary is governed by the limitations on disclosure of confidential information imposed by Part VIII of the Committee by-laws (i.e., "Confidentiality of Information"), excepting that Committee Members may not (i) treat any such summary as "information from or about the Debtors obtained in the course of any litigation, arbitration or court proceeding" pursuant to sub-paragraph VIII.B.(iv) of the Committee by-laws, or (ii) share any such summary with any "constituent unsecured creditors" pursuant to sub-paragraph VIII.D(iii) of the Committee by-laws.

7.    In the event the Examiner or counsel for a Discovery Party in good faith believes that providing Highly Confidential materials to a witness or other person providing information to the Examiner or the relevant Discovery Party would assist the Examiner in carrying out his duties or would assist the Discovery Party in connection with the Court-Ordered Discovery, and that individual is not included in any of the categories set forth in paragraph 5 except the category defined in sub-paragraph 5(xiii) (i.e., "a witness or other person providing information to the Examiner or the relevant Discovery Party"), the Examiner or counsel for the relevant Discovery Party shall provide ten business days notice to Barclays of the identity of the witness or other person in question, identifying any bank or financial services firm with which that person is affiliated, and identifying the materials he seeks to provide to that witness or other person.

8.    If, within three days of the receipt of notice given pursuant to paragraphs 6 or 7, Barclays objects to the provision of Highly Confidential materials to the witness or person so identified, the parties shall use their best efforts within five business days to allow the use of such material while protecting Barclays' need for confidentiality, including, but not limited to, considering whether portions of such material can be redacted, re-evaluating whether such material must be protected as "Highly Confidential," or considering other provisions to allow the Examiner or counsel for the Discovery Parties to provide the material to the witness or other person while protecting the confidentiality of Barclays information.  In the event the Examiner or the relevant Discovery Party and Barclays cannot resolve an issue concerning the use or sharing of "Highly Confidential" materials, the matter may be presented to the Bankruptcy Court for resolution on an expedited basis.  In this regard, to the extent the disagreement presented to the

Court involves whether Highly Confidential materials can be provided to a witness or other person who is affiliated with a bank or financial services firm that is a direct competitor of Barclays, the relevant Discovery Party shall have the burden of showing good cause to justify the requested disclosure.  To the extent the disagreement presented to the Court involves whether Highly Confidential materials identified in paragraph 2(d) can be provided to a witness or other person other than (i) the individual to whose compensation those materials pertain, or (ii) an individual whom the Examiner or the relevant Discovery Party in good faith believes was directly involved in the negotiation or determination of the employee and executive compensation referenced in those materials, the relevant Discovery Party shall have the burden of showing good cause to justify the requested disclosure.  To the extent the disagreement presented to the Court involves whether Highly Confidential materials identified in paragraph 2(g) can be provided to to a witness or other person other than the individual to whom they pertain, the relevant Discovery Party shall have the burden of showing good cause to justify the requested disclosure.

9.     Discovery Materials that have been designated Highly Confidential may only be provided to an individual who is not included within any of the categories set forth in paragraph 5 except the category defined in sub-paragraph 5(xiii) (i.e., "a witness or other person providing information to the Examiner or the relevant Discovery Party") pursuant to the provisions of paragraphs 6, 7 and 8, and then only after counsel for the Examiner or the relevant Discovery Party has provided such person with a copy of this Protective Order and such person has executed a Non-Disclosure Declaration in the form annexed as an Exhibit hereto.  Discovery Materials that have been designated Highly Confidential may only be provided to an individual

included in the categories defined in sub-paragraphs 5(ix) and 5(xiv) after counsel for the

Examiner or the relevant Discovery Party has provided such person with a copy of this

Protective Order and such person has executed a Non-Disclosure Declaration in the form

annexed as an Exhibit hereto.

10.     Discovery Materials that have been designated Confidential (but not Highly

Confidential) shall be maintained in confidence and, although such Discovery Materials may be

shared between and among the Examiner and counsel for the Discovery Parties without

providing notice to Barclays, they shall not be shared by the Examiner or counsel for a

Discovery Party with any person other than the individuals or entities identified in paragraph 5.

Discovery Materials that have been designated as Confidential may be shared with any person or

entity identified in paragraph 5, including individuals who are not included within any of the

categories set forth in paragraph 5 except the category defined in sub-paragraph 5(xiii) (i.e., "a

witness or other person providing information to the Examiner or the relevant Discovery Party"),

without providing notice to Barclays, provided that counsel for the Examiner or the relevant

Discovery Party has provided any person or entity with whom or which it shares Discovery

Materials that have been designated Confidential a copy of this Protective Order and such person

has executed a Non-Disclosure Declaration in the form annexed as an Exhibit hereto, and

provided that no other parties are present at the disclosure of Confidential information who are

not entitled to see Confidential information.  Notwithstanding the foregoing, Quinn Emanuel

may provide Committee Members Discovery Materials that have been designated as

Confidential, provided that Quinn Emanuel informs Committee Members that their use of any

such Discovery Materials is governed by the limitations on disclosure of confidential information

14

imposed by Part VIII of the Committee by-laws (i.e., "Confidentiality of Information"),

excepting that Committee Members may not treat any such summary as "information from or

about the Debtors obtained in the course of any litigation, arbitration or court proceeding"

pursuant to sub-paragraph VIII.B.(iv) of the Committee by-laws.

11.     If Confidential or Highly Confidential materials are utilized in a deposition or

other recorded interview, then it shall be indicated on the record by counsel for the Examiner or

the relevant Discovery Party (or, if counsel for Barclays is present, by counsel for Barclays) that

a question, or a line of questioning concerning a particular subject matter, calls for Confidential

or Highly Confidential information, in which case the transcript of the designated testimony shall

be bound in a separate volume and marked "Confidential Information Governed by Protective

Order" by the reporter.

12.     Counsel for the Examiner or the relevant Discovery Party shall provide a copy of

this Protective Order to a representative of any professional firm or individual other than Jenner

& Block, Jones Day, Hughes Hubbard & Reed and Quinn Emanuel who is retained by the

Examiner or that Discovery Party (including all such entities and individuals identified in sub-

paragraphs 5(ii), 5(x), 5(xi), 5(xiii) and 5(xiv)) (collectively, the "Permitted Recipients", and

each a "Permitted Recipient"), and the firm representative or individual, as the case may be, must

execute a Non-Disclosure Declaration in the form annexed as an Exhibit hereto prior to the firm

or individual receiving any Highly Confidential or Confidential information.

13.     In the event that the Examiner, a Discovery Party or a Permitted Recipient is

required, by interrogatories, subpoena, civil investigative demand or similar legal process or

applicable law or regulation, to disclose any of the Discovery Materials designated as Highly

Confidential or Confidential, it is agreed that the Examiner or the relevant Discovery Party, and

any relevant Permitted Recipient will provide Barclays with prompt notice of such event so that

Barclays may seek a protective order or other appropriate remedy or waive compliance with the

applicable provisions of this Stipulation.  In the event that Barclays determines to seek such

protective order or other remedy, the Examiner or the relevant Discovery Party, and any relevant

Permitted Recipient will not oppose Barclays' seeking such protective order or other remedy,

provided the terms of the protective order Barclays seeks will not narrow the scope of this

Stipulation and Order.  In the event that such protective order or other remedy is not obtained

and disclosure of the Discovery Materials designated as Highly Confidential or Confidential is

required under law, or Barclays grants a waiver hereunder, the Examiner, the relevant Discovery

Party and/or the relevant Permitted Recipient, as the case may be, (i) may, without liability

hereunder, furnish that portion (and only that portion) of the Discovery Materials which, the

Examiner, the relevant Discovery Party and/or the relevant Permitted Recipient, is legally

required to disclose, and (ii) will exercise its commercially reasonable efforts to have

confidential treatment accorded the Discovery Materials so furnished.

14.      If at any time Barclays determines or realizes that certain testimony or some

portion(s) of Discovery Materials that it previously produced should be designated as

Confidential or Highly Confidential, Barclays may apprise the Examiner and Discovery Parties

in writing, and such designated testimony or portion(s) of Discovery Materials will thereafter be

treated as Confidential or Highly Confidential under the terms of this Stipulation, provided,

however, that Barclays shall, at its cost, provide the Examiner or the relevant Discovery Party

with substitute copies, bearing the appropriate legend, of any such Discovery Materials.

16

15.     All Confidential and Highly Confidential information filed with the Bankruptcy Court, and all portions of pleadings, motions or other papers filed with the Bankruptcy Court that disclose such Confidential or Highly Confidential Discovery Materials, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Bankruptcy Court.

16.     In the event the Examiner or any Discovery Party objects to any designation of testimony or Discovery Materials as Confidential or Highly Confidential, the Examiner or the relevant Discovery Party shall so inform Barclays, stating the grounds of the objection, and the parties shall have seven business days to attempt to resolve the objection, at the end of which the Examiner or the relevant Discovery Party may seek a ruling from the Bankruptcy Court that such information should not be treated as Confidential or Highly Confidential, provided that no Confidential or Highly Confidential information shall be filed in the public record prior to such a determination by the Court, and provided further that the burden shall be on Barclays to justify the claim that disputed material has been properly designated.

17.     Notwithstanding Barclays' designation of Discovery Materials as Confidential or Highly Confidential, nothing in this Protective Order shall limit any third party's right to challenge such designation in the Bankruptcy Court or any other court of competent jurisdiction.

18.     This Protective Order shall survive the termination of the Examiner Investigation and the conclusion of Court-Ordered Discovery.

Dated: July 16, 2009
New York, New York

By:    /s/ Jack G. Stern
    Jonathan D. Schiller
    Hamish P.M. Hume
    Jack G. Stern

    BOIES, SCHILLER & FLEXNER LLP
    575 Lexington Avenue
    New York, NY 10022
    (212) 446-2300


By:    /s/ Lindsee P. Granfield
    Lindsee P. Granfield

    CLEARY GOTTLIEB STEEN
    & HAMILTON LLP
    One Liberty Plaza
    New York, NY 10006
    (212) 225-2000

Attorneys for Barclays Capital Inc.


By:    /s/ Robert W. Gaffey
    Robert W. Gaffey

    JONES DAY
    222 East 41st Street
    New York, NY 10017
    (212) 326-3939

Special Counsel to Debtors and Debtors in Possession


By:    /s/ Sarah L. Cave
    James B. Kobak, Jr.
    Sarah L. Cave

    HUGHES HUBBARD & REED LLP
    One Battery Park Plaza
    New York, New York 10004
    (212) 837-6000

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.


By:    /s/ Robert L. Byman
    Robert L. Byman
    Patrick J. Trostle

    JENNER & BLOCK LLP
    330 North Wabash Avenue
    Suite 4000
    Chicago, IL 60611
    (312) 923-2679

    919 Third Avenue
    37th Floor
    New York, New York 10022
    (212) 891-1600

Attorneys for Anton R. Valukas, Esq.,
Examiner


By:    /s/ James Tecce
    Susheel Kirpalani
    James Tecce
    Eric Kay

    QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
    51 Madison Avenue
    New York, NY 10010
    (212) 849-7000

Special Counsel to the Official Committee
of Unsecured Creditors of Lehman
Brothers Holdings, Inc., et al.

**SO ORDERED**: this ___ day of _____ 2009

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

<u>EXHIBIT</u>

NON-DISCLOSURE DECLARATION


I, _____, declare under penalty of perjury, the

following:

I reside at _____ in the City/ County of

_____ and State of _____;

I have read the annexed Confidentiality Stipulation and Protective Order between the

Examiner and Barclays Capital Inc., dated _____, 2009, in the matter entitled *In re*

*Lehman Brothers Holdings, Inc., et al.*, Case No. 08-13555 (JMP), which is pending in the

United States Bankruptcy Court for the Southern District of New York;

I am fully familiar with and agree to comply with and be bound by the provisions of that

Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the

Southern District of New York; and

I will not divulge to persons other than those specifically authorized by the Protective

Order, and will not copy or use, except solely for the purpose of this litigation, any information

designated as Confidential or Highly Confidential.

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct.

Dated: _____

_____

20