**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
                                                                       :
In re                                                                  :    Chapter 11 Case No.
                                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                               :    08-13555 (JMP)
                                                                       :
            Debtors.                                                   :    (Jointly Administered)
                                                                       :
                                                                       :
-----------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 365(A)
AND 562(A) OF THE BANKRUPTCY CODE AUTHORIZING
REJECTION OF EXECUTORY CONTRACT BETWEEN LEHMAN
BROTHERS SPECIAL FINANCING INC. AND JANA MASTER FUND, LTD.**

Upon the motion dated June 30, 2009 (the "Motion") of Lehman Brother Special Financing Inc. ("LBSF") and its affiliated debtors in the above-referenced Chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 365(a) and 562(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to reject the executory contract, dated March 14, 2007 (the "Master Agreement") and all confirmations thereunder (together with the Master Agreement, the "Agreement") governed by such Master Agreement, between LBSF and JANA Master Fund, Ltd. ("JANA"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) JANA Master Fund, Ltd.; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, rejection of the Agreement is approved; and it is further

ORDERED that, pursuant to section 562(a) of the Bankruptcy Code, any claim for damages arising as a result of LBSF's rejection of the Agreement shall be determined as of the date of this Order; and it is further

ORDERED that, pursuant to section 562(a) of the Bankruptcy Code, LBSF shall have the option to deliver to JANA within ten (10) business days of the date hereof a statement that describes in reasonable detail the calculations used to determine

the damages arising under the Agreement as a result of the LBSF's rejection (the "Damages Calculation"); and it is further

ORDERED that if LBSF does not deliver a Damages Calculation within ten (10) days of the date hereof or JANA disputes the amount of damages set forth in LBSF's Damages Calculation, JANA shall file a proof of claim, in compliance with the terms established by any order of this Court establishing a deadline for filing proofs of prepetition claims in LBSF's chapter 11 case (a "Bar Date Order"), for the damages arising under the Agreement by the later of (i) the date established by a Bar Date Order or (ii) thirty (30) days from the date of entry of an order granting the relief requested herein; and it is further

ORDERED that if LBSF timely delivers a Damages Calculation and JANA does not timely file a proof of claim in compliance with the terms established by a Bar Date Order, JANA shall be deemed to have an allowed general unsecured claim against each of LBSF and LBHI (although JANA will not be entitled to distributions in excess of the amount of such claim) in the amount set forth in the Damages Calculation delivered to JANA by LBSF, and JANA will have no right to assert any other claims or claim amounts under the Agreement; and it is further

ORDERED that if LBSF does not timely deliver a Damages Calculation and JANA does not timely file a proof of claim in compliance with the Bar Date Order, then JANA will not be allowed any claim against LBSF or LBHI in respect of the Agreement; and it if further

ORDERED that if JANA timely files a proof of claim in compliance with the terms established by a Bar Date Order, then (i) JANA, LBSF, and LBHI shall each

have the ability to assert all rights in respect of claims arising under the Agreement and (ii) any party in interest shall have the right to object to such proofs of claim arising under the Agreement; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      July 16, 2009

                                        *s/ James M. Peck*
                                UNITED STATES BANKRUPTCY JUDGE