LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
David L. Neale (DN 1948)

Attorneys for Lessor and Sublessor,
Kalaimoku-Kuhio Development Corp.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

**In re**                                                           :    **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al*  :    **08-13555 (JMP)**
                                                                    :
            **Debtors.**                                     :    **(Jointly Administered)**
                                                                    :
                                                                    :

-------------------------------------------------------------x

**NOTICE OF PROPOSED ORDER GRANTING, IN PART, MOTION OF
KALAIMOKU-KUHIO DEVELOPMENT CORP. (A) COMPELLING PAYMENT OF
POST-PETITION RENT AND CHARGES; (B) GRANTING RELIEF FROM THE
AUTOMATIC STAY; AND
(C) COMPELLING ASSUMPTION OR REJECTION OF LEASES**

PLEASE TAKE NOTICE that, pursuant to the Court's ruling at a hearing held on July 15, 2009, regarding the motion, dated June 4, 2009 [docket no. 3768] of Kalaimoku-Kuhio Development Corp. for entry of an order (1) compelling payment of post-petition rent and charges immediately upon the entry of an order granting the motion, (2) prospectively vacating the automatic stay immediately following default under the Leases (as defined herein), to exercise all of its rights and remedies under: (a) the "Amended and Restated Ground Lease" (the "Ground Lease"), pursuant to which LB 2080 Kalakaua Owners LLC, a debtor and debtor in possession in the above-captioned, jointly-administered bankruptcy cases (the "Debtor") is the lessee, and (b) the "Amended and Restated Sublease" (the "Ground Sublease," and with the Ground Lease, collectively referred to herein as the "Leases") pursuant to which the Debtor is the sublessee, and under all applicable laws, in the event Debtor does not timely perform its

post-petition obligations under the Leases, and (3) compelling assumption or rejection of the Leases (the "Motion"), attached hereto as "Exhibit A" is the proposed order upon the Motion.

DATED: July 17, 2009

LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.

By: */s/ David L. Neale*
DAVID L. NEALE
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Lessor and Sublessor, Kalaimoku-Kuhio Development Corp.

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al*   :    08-13555 (JMP)
                                              :
                        Debtors.              :    (Jointly Administered)
                                              :
                                              :
-----------------------------------------------------------------x

## ORDER GRANTING, IN PART, MOTION OF KALAIMOKU-KUHIO DEVELOPMENT CORP. (A) COMPELLING PAYMENT OF POST-PETITION RENT AND CHARGES; (B) GRANTING RELIEF FROM THE AUTOMATIC STAY; AND (C) COMPELLING ASSUMPTION OR REJECTION OF LEASES

Upon the Motion[1] of Kalaimoku-Kuhio Development Corp. (the "Landlord") for entry of an order (1) compelling payment of post-petition rent and charges immediately upon the entry of an order granting this Motion, (2) prospectively vacating the automatic stay immediately following default under the Leases (as defined herein), to exercise all of its rights and remedies under: (a) the "Amended and Restated Ground Lease" (the "Ground Lease"), pursuant to which LB 2080 Kalakaua Owners LLC, a debtor and debtor in possession in the above-captioned, jointly-administered bankruptcy cases (the "Debtor") is the lessee, and (b) the "Amended and Restated Sublease" (the "Ground Sublease," and with the Ground Lease, collectively referred to herein as the "Leases") pursuant to which the Debtor is the sublessee, and under all applicable laws, in the event Debtor does not timely perform its post-petition obligations under the Leases, and (3) compelling assumption or rejection of the Leases, the Court finds that, (i) the Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii)

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Motion.

the relief requested in the Motion is proper and should be granted as set forth herein; (iv) proper and adequate notice of the Motion and the hearing thereon has been given under the circumstances and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of relief as set forth herein,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted in part, subject to the provisions hereof.

2. The Debtor is hereby ordered to pay to Landlord, by no later than 5:00 p.m., prevailing Eastern time on August 1, 2009 all Post-Petition Rent and other charges, including, but not limited to, attorneys' fees and costs, due under the Leases through such date, and to thereafter timely perform all other and future post-petition obligations under the Leases.

3. In the event the Debtors fail to pay the Post-Petition Rent and other charges, including, but not limited to, attorneys' fees and costs, as required under paragraph 2 above, or otherwise fail to timely perform all other and future post-petition obligations under the Leases pursuant to 11 U.S.C. § 365(d)(3), then, pursuant to 11 U.S.C. § 362(d), the automatic stay in effect in the Debtors' bankruptcy cases shall be terminated effective immediately without the need for any further order of the Court, and Landlord shall thereafter be permitted to exercise all of its rights and remedies under the Leases and all applicable laws.

4. The prospective termination of the automatic stay granted by this Order shall take effect immediately as provided for herein, and shall not be stayed by operation of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

5.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: July ___, 2009
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE