WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
: 
In re                                                          :   Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :   08-13555 (JMP)
                                                               :
            Debtors.                                           :   (Jointly Administered)
                                                               :
-------------------------------------------------------------------x

**DEBTORS' OBJECTION TO PROPOSED ORDER GRANTING,**
**IN PART, MOTION OF KALAIMOKU-KUHIO DEVELOPMENT**
**CORP. (A) COMPELLING PAYMENT OF POST-PETITION RENT AND**
**CHARGES;(B) GRANTING RELATED RELIEF FROM THE AUTOMATIC**
**STAY; AND (C) COMPELLING ASSUMPTION OR REJECTION OF LEASES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, including LB 2080 Kalakaua Owners LLC ("LB 2080"), as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman") respectively submit this objection (this "Objection") to the Proposed Order (the "Proposed Order") Granting, In Part, Motion (the "Motion") of Kalaimoku-Kuhio Development Corp. (the "Landlord") (A) Compelling Payment of Post-Petition Rent and Charges; (B) Granting Relief From the Automatic Stay; and (C) Compelling Assumption or Rejection of Leases [Docket No. 4444]:

**Objection**

1. The Proposed Order provides the Landlord with relief extending far beyond that granted by the Court during the July 15, 2009 hearing on the Motion (the "Hearing"). The Landlord sought relief with respect to that certain Amended and Restated Ground Lease, dated as of July 1, 2003, and that certain Amended and Restated Sublease, dated as of July 1, 2003 (together, the "Leases"). At the Hearing it was concluded that LB 2080 has until August 1, 2009 to pay postpetition rent under the Leases and, if it fails to pay such rent, the automatic stay should be modified to permit the Landlord to pursue its rights any remedies under applicable state law.

2. The Proposed Order, however, provides that LB 2080 is "ordered to pay the Landlord, by no later than 5:00 P.M., prevailing Eastern Time on August 1, 2009 all Post-Petition Rent . . ." Proposed Order ¶ 2 (emphasis added). The Debtors believe that it was the Court's clear intent to give LB 2080 the option of determining whether to pay rent and avoid a modification of the automatic stay, and, if LB 2080 fails to pay rent, grant the Landlord relief from the automatic stay to pursue its remedies under the Leases. Nevertheless, the Proposed Order orders LB 2080 to pay rent to the Landlord and, as a result, subjects LB 2080 to being in contempt of the Court if it determines to not pay and to permit the Landlord to pursue its state law remedies. Accordingly, the Debtors submit that the Proposed Order does not reflect the Court's ruling and, consequently, should not be entered by the Court.

3. While the Court indicated it intended to grant the Landlord stay relief to pursue its remedies under applicable state law if LB 2080 fails to pay rent, the relief provided in the Proposed Order extends well beyond these purposes by granting complete relief from the

automatic stay in <u>all of the Debtors' cases</u> for any and all actions by any parties against each of the Debtors' estates.  The Proposed Order provides:

> In the event the Debtors fail to pay the Post-Petition Rent . . . <u>the automatic stay in effect in the Debtors' bankruptcy cases shall be terminated effective immediately without the need for any further order of the Court</u>, and Landlord shall thereafter be permitted to exercise all of its rights and remedies under the Leases and all applicable laws.

Proposed Order ¶ 3 (emphasis added).

4.　　Rather than provide the Landlord with relief from the automatic stay extant in LB 2080's case to permit the Landlord to exercise its remedies with respect to the Leases, the Proposed Order provides complete and unfettered relief from the automatic stay to allow the Landlord or any other party to take action against any claims or assets of any of the Debtors' estates.  Such expansive relief was not requested by the Landlord, was not granted by the Court, and is totally unnecessary to allow the Landlord to pursue its remedies under the Leases.

5.　　In light of the foregoing, the Proposed Order should not be entered by the Court.  The Debtors request that the Court enter the form of order, attached hereto as <u>Exhibit A</u> (the "<u>New Proposed Order</u>"), which provides that it is:

> ORDERED that, unless LB 2080 Kalakaua Owners LLC ("<u>LB 2080</u>") pays the Landlord, by no later than 5:00 p.m. (prevailing Eastern time) on August 1, 2009, all post-petition rent and other charges due under the Leases through such date and thereafter timely performs other post-petition obligations under the Leases as required pursuant to section 365(d)(3) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"); the automatic stay extant in LB 2080's chapter 11 case pursuant to section 362 of the Bankruptcy Code shall be modified solely to allow the Landlord to exercise its rights and remedies under the Leases under applicable Hawaii law, effective immediately without the need for any further order of the Court.

New Proposed Order at 2.  The foregoing relief is consistent with the Court's ruling at the Hearing.

WHEREFORE the Debtors respectfully request that the Court enter the New Proposed Order instead of the Proposed Order and grant the Debtors such other and further relief as is just.

Dated:  July 20, 2009
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                                  :
In re                                                             :      Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                      :      08-13555 (JMP)
                                                                  :
                        Debtors.                                  :      (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS
### 362 AND 365 OF THE BANKRUPTCY CODE GRANTING KALAIMOKU-
### KUHIO DEVELOPMENT CORP. RELIEF FROM THE AUTOMATIC STAY

Upon the motion, dated June 4, 2009 (the "Motion"), of Kalaimoku-Kuhio Development Corp. (the "Landlord") (A) compelling payment of post-petition rent and charges; (B) granting relief from the automatic stay; and (C) compelling assumption or rejection of that certain Amended and Restated Ground Lease, dated as of July 1, 2003, and that certain Amended and Restated Sublease, dated as of July 1, 2003 (together, the "Leases"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that, unless LB 2080 Kalakaua Owners LLC ("LB 2080") pays the Landlord, by no later than 5:00 p.m. (prevailing Eastern time) on August 1, 2009, all post-petition rent and other charges due under the Leases through such date and thereafter timely performs other post-petition obligations under the Leases as required pursuant to section 365(d)(3) of title 11 of the United States Code (the "Bankruptcy Code"); the automatic stay extant in LB 2080's chapter 11 case pursuant to section 362 of the Bankruptcy Code shall be modified solely to allow the Landlord to exercise its rights and remedies under the Leases under applicable Hawaii law, effective immediately without the need for any further order of the Court.

Dated: July ___, 2009
       New York, New York

                                                    _____
                                                    UNITED STATES BANKRUPTCY JUDGE