Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
MILBANK, TWEED, HADLEY & M^cCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re:                                                         :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,                         :    08-13555 (JMP)
                                                               :
                            Debtors.                           :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

**JOINDER OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO DEBTORS' OBJECTION TO PROPOSED ORDER GRANTING, IN
PART, MOTION OF KALAIMOKU-KUHIO DEVELOPMENT CORP.
(A) COMPELLING PAYMENT OF POST-PETITION RENT AND
CHARGES; (B) GRANTING RELIEF FROM THE AUTOMATIC STAY;
AND (C) COMPELLING ASSUMPTION OR REJECTION OF LEASES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") appointed in

the chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. and its

affiliated debtors in possession (collectively, the "Debtors") hereby joins (the "Joinder") in the

Debtors' objection [Docket No. 4448] (the "Objection") to the order proposed by Kalaimoku-

Kuhio Development Corp. ("KKDC"), granting in part its motion (the "Motion") for an order (a)

compelling payment of post-petition rent and charges, (b) granting relief from the automatic stay,

08-13555-mg    Doc 4450    Filed 07/20/09    Entered 07/20/09 17:01:11    Main Document
                                      Pg 2 of 3


and (c) compelling assumption or rejection of leases [Docket No. 4444].(the "Proposed Order"), and in support of its Joinder respectfully represents as follows:

## BACKGROUND

1.  On September 15, 2008, and periodically thereafter, the Debtors commenced the Chapter 11 Cases. On September 17, 2008, the United States Trustee for the Southern District of New York appointed the Committee.

2.  Prior to the Chapter 11 Cases, LB 2080 Kalakaua Owners LLC ("LB 2080") and KKDC became party to certain leases with respect to a building owned by LB 2080 (the "Building"), located on property owned by KKDC (the "Property"). On June 4, 2009, KKDC filed the Motion seeking, among other relief, to foreclose on the Building if LB 2080 could not satisfy its post-petition rent obligations.

3.  On July 15, 2009, the Court heard arguments on the Motion (the "Hearing") and granted the Motion in part. Specifically, the Court allowed LB 2080 until August 1, 2009, to pay post-petition rents due to KKDC, the failure of which would result in a modification of the automatic stay with respect to the Building.

4.  On July 17, 2009, KKDC filed the Proposed Order, which would, among other things, terminate the automatic stay "in effect in the Debtors' bankruptcy cases." (Proposed Order, ¶¶ 2-3).

## THE COMMITTEE'S JOINDER

5.  The Committee concurs with the arguments set forth in the Objection and, accordingly, files this Joinder in support thereof. KKDC, through its Proposed Order, attempts to enlarge the scope of the relief granted during the Hearing and, as a result, unduly burden the Debtors' estates.

6. First, despite the Court's clear instruction that, in the event LB 2080 fails to make payment of its post-petition rent obligations to KKDC, the automatic stay would be lifted with respect to the Building, KKDC rather incredibly proposes that "the automatic stay in effect in the Debtors' bankruptcy cases shall be terminated effective [upon non-payment]." (Proposed Order, ¶ 3) (emphasis added).

7. Second, while the overbroad language with respect to the automatic stay would be reason enough to repudiate the Proposed Order, the Committee further objects to KKDC generating additional potential liabilities in the Debtors and their estates. See Objection, ¶ 2. The Court granted LB 2080 a "fifteen day window to either come up with financing if it wishes to in effect play the optionality of holding onto the property for sale." See Transcript (July 15, 2009) at *27, lines 5-7. To the extent the Proposed Order exposes the Debtors to claims or relief beyond those appropriate under the leases with KKDC and applicable non-bankruptcy law, such Proposed Order should be rejected.

WHEREFORE, the Committee respectfully requests that the Court enter the form of order submitted by the Debtors.

Dated:  New York, New York
        July 20, 2009

**MILBANK, TWEED, HADLEY & McCLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

3