**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                          :   Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :   08-13555 (JMP)
                                                :
                    Debtors.                    :   (Jointly Administered)
------------------------------------------------------------x

**FOURTH SUPPLEMENTAL AFFIDAVIT OF ROBERT JAY MOORE**
**IN CONNECTION WITH RETENTION AND EMPLOYMENT OF**
**MILBANK, TWEED, HADLEY & M$^{c}$CLOY LLP AS COUNSEL TO**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

STATE OF CALIFORNIA          )
                             )  SS.:
COUNTY OF LOS ANGELES        )

ROBERT JAY MOORE, being duly sworn, says:

1.  I submit this Fourth Supplemental Affidavit (the "Affidavit") on behalf of Milbank, Tweed, Hadley & M$^{c}$Cloy LLP ("Milbank") as a supplement to the Initial Affidavit sworn to on October 21, 2008, the First Supplemental Affidavit sworn to on November 13, 2008, the Second Supplemental Affidavit sworn to on January 30, 2009, and the Third Supplemental Affidavit sworn to on May 29, 2009 (collectively, the "Prior Affidavits")[1], pursuant to sections 328 and 1103(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure, and rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York, in connection with Milbank's retention as counsel to the Official Committee of Unsecured Creditors (the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Prior Affidavits or the Application of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al., Under 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014 and 5002, for Order Authorizing Retention and Employment of Milbank, Tweed, Hadley & M$^{c}$Cloy LLP as Counsel, Effective as of September 17, 2008, dated October 21, 2008 (the "Application") (Docket No. 1165).

"Creditors' Committee" or the "Committee") of Lehman Brothers Holdings Inc. and its affiliated debtors in possession (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Lehman") in their chapter 11 cases (the "Chapter 11 Cases").

2. I am a partner in the Financial Restructuring Group of Milbank and a member of the Task Force established to oversee the continuing process of identifying to the fullest extent possible all connections that Milbank, and its attorneys and employees had in the past and presently have to the Debtors, Lehman, the Chapter 11 Cases, and the parties in interest in the Chapter 11 Cases and to gather the information required to complete this Affidavit. I have consulted with, and relied upon the input obtained from, the members of the Task Force, and I, or other members of the Task Force, have knowledge of all facts described herein.

3. Unless otherwise stated in this Affidavit, I have knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.[2] In preparing this Affidavit, I used the Milbank Disclosure Procedures outlined in the Initial Affidavit and, among other things, applied those procedures to certain parties in interest in the Chapter 11 Cases.

**Milbank's Retention**

4. The Court authorized Milbank's retention as counsel for the Committee in these Chapter 11 Cases pursuant to the Final Order Under 11 U.S.C. § 1103 And Fed. R. Bankr. P. 2014 And 5002, Authorizing Retention And Employment Of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP As Counsel To Official Committee Of Unsecured Creditors Of Lehman Brothers Holdings Inc., et al., Effective As Of September 17, 2008, entered on November 21, 2008 (Docket. No. 1654).

---

[2] Certain of the disclosures set forth herein relate to matters not within my personal knowledge, but rather within the personal knowledge of other attorneys and employees at Milbank, and are based on information provided by them to the Task Force.

2

5. In connection with its retention in these Chapter 11 Cases, Milbank has monitored, and will continue to monitor, its connections with the Debtors, their creditors, and other parties in interest, as well as their respective attorneys and accountants. As set forth in the Prior Affidavits, Milbank intends to continue to file supplemental affidavits regarding its retention as and if any additional relevant information comes to its attention.

### **Milbank's Additional Connections with the Debtors and Parties in Interest**

6. Based upon the information gathered by the Task Force using the Milbank Disclosure Procedures, to the best of my knowledge the following sets forth the connections, in addition to those disclosed in the Prior Affidavits, that Milbank, its attorneys and its employees have with regard to the Debtors, their creditors, and other parties in interest in these Chapter 11 Cases as of the date of this Affidavit.

<u>Connections with the Debtors, Counsel, etc.</u>

7. Except as set forth below and in the Prior Affidavits, to the best of my knowledge: (a) no Milbank attorney has been, within two years before the date of filing of the Debtors' petitions, a director, officer, or employee of any of the Debtors as specified in subparagraph (C) of section 101(14) of the Bankruptcy Code, and (b) the attorneys of Milbank (i) do not have any connection with the Debtors, the Debtors' creditors known to Milbank, or any other known party in interest, or their respective attorneys and accountants and (ii) consistent with Bankruptcy Code section 1103(b), do not represent in connection with these Chapter 11 Cases any other entity having an adverse interest.

8. Except as set forth in this paragraph, and the related paragraphs in the Prior Affidavits, to the best of my knowledge, no attorney or employee of Milbank is related to counsel or accountants to the Debtors and other parties in interest. In addition to the matters set

3

forth in the Prior Affidavits, certain Milbank attorneys have relatives, spouses, or domestic partners who are employed by the counsel to the Debtors or other parties in interest, as follows: a Milbank partner's son works as a summer intern for U.S. District Court Judge for the Southern District of New York Naomi Reice Buchwald; a Milbank of counsel's wife is a paralegal at Jones Day; a Milbank associate's mother is employed by JPMorgan Securities, Inc.; a Milbank associate's husband works at JPMorgan; a Milbank legal assistant's wife is an associate in PricewaterhouseCoopers; a Milbank summer associate's fiancée is an employee of Deloitte and Touche; a Milbank summer associate's father is a partner at Hogan & Hartson; and a Milbank employee's son is an analyst at Societe Generale.  In each instance the applicable Milbank attorney and/or employee will not be assigned to any matters in these Chapter 11 Cases that involve such party, and has been advised in writing of, and directed to maintain, his or her duty of confidentiality with respect to client matters.

        9.        To the best of my knowledge, neither Milbank nor any attorney or employee at the firm is a creditor, an equity security holder, or an insider of the Debtors, except as described in the Application and Prior Affidavits.[3]

        10.      As described in the Application and Prior Affidavits, Milbank has agreed not to seek to collect from Lehman, subject to approval by the Bankruptcy Court of its retention as counsel to the Committee, any amount owing to Milbank by Lehman for accrued and unpaid fees for services rendered or reimbursement for expenses incurred (whether or not billed) as of the Initial Petition Date.  Without limiting the foregoing, Milbank reserves the right to seek payment directly from third parties who may be liable to pay such amounts with respect to the

---

[3] As disclosed in the Initial Affidavit, as of the Petition Date certain attorneys and employees of Milbank held stock issued by LBHI; each such person has either donated such shares to charity, or sold such shares and donated the proceeds to charity, as proposed in the Initial Affidavit.

4

applicable transaction, but agrees that it shall not seek payment from any such third party to the extent that, to the knowledge of Milbank, such third party has a contractual right to seek reimbursement or indemnity from a Lehman Entity on account of a payment to Milbank.

Connections with Creditors and Other Parties in Interest, Counterparties

11. Using information in the Database and by making specific inquiries of Milbank personnel, Milbank attorneys under the supervision of the Task Force verified that, except as set forth below and in the Prior Affidavits, Milbank does not represent in connection with these Chapter 11 Cases any entity known by Milbank to be a creditor of, or counterparty in a transaction with, the Debtors or other person or entity that has appeared as a creditor in these Chapter 11 Cases.

12. On information and belief, Lehman Commercial Paper Inc. ("LCPI") is the administrative agent for the secured bank lenders to Hawaiian Telcom Communications Inc. and certain of its affiliates (collectively, the "Hawaiian Telcom Debtors") which commenced chapter 11 cases on December 1, 2008 in the United States Bankruptcy Court for the District of Delaware.[4] Milbank has been retained as counsel to Sandwich Isles Communications, Inc. ("Sandwich Isles"), a creditor of the Hawaiian Telcom Debtors and potential purchaser of their assets.

13. On June 3, 2009, the Hawaiian Telcom Debtors filed a plan of reorganization which, among other things, upon information and belief, would make certain undisclosed investors, which may include LCPI or other Lehman affiliates, the majority owners of the Hawaiian Telcom Debtors' businesses. Contemporaneously therewith, the Hawaiian

---

[4] Venue was subsequently transferred to the Bankruptcy Court for the District of Hawaii. The Hawaiian Telcom Debtors' chapter 11 cases are jointly administered under Case Number 08-02005 (Bankr. D. Haw. LK).

5

Telcom Debtors filed a second motion seeking entry of an order further extending the exclusivity period for an additional three months – through and including September 30, 2009 (the "Second Motion to Extend Exclusivity"). On June 12, 2009, Milbank, on behalf of Sandwich Isles, filed a memorandum in opposition to the Second Motion to Extend Exclusivity and cross-motion seeking to modify the exclusivity period and permit Sandwich Isles to file a chapter 11 plan which would provide for the sale to it of substantially all of the Hawaiian Telcom Debtors' assets. On June 19, 2009, the Hawaiian Debtors filed a reply to Sandwich Isles' pleading (the "Reply"). Also on June 19, 2009, LCPI filed a joinder in support of the Hawaiian Telcom Debtors' Reply. On June 24, 2009, Sandwich Isles filed a sur-reply. The Second Motion to Extend Exclusivity, Sandwich Isles' cross-motion, and the related responsive pleadings were heard by the Hawaii Bankruptcy Court on July 1, 2009. The Hawaii Bankruptcy Court denied the Hawaiian Telcom Debtors' Second Motion to Extend Exclusivity.

14.     The Milbank attorneys representing Sandwich Isles have not and will not be assigned to any matter in these Chapter 11 Cases relating to the Hawaiian Telecom Debtors.

15.     Milbank is carrying on further inquiries of its partners, counsel, and associates with respect to the matters contained herein and in the Prior Affidavits. As indicated above, Milbank will file supplemental declarations as and if any additional relevant information comes to its attention.

_____
ROBERT JAY MOORE

Sworn to before me this ___ day
of _____

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

State of California

County of _Los Angeles_

On _7/20/09_ before me, _Bonita J. Paul, Notary Public_,
    Date                            Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared _Robert Jay Moore_
                                Name(s) of Signer(s)

☑ personally known to me

☐ (or proved to me on the basis of satisfactory evidence)

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Place Notary Seal Above                Signature _Bonita J. Paul_
                                                      Signature of Notary Public

[Notary Seal: BONITA J. PAUL, Commission # 1779251, Notary Public - California, Los Angeles County, My Comm. Expires Nov 10, 2011]

——————————— **OPTIONAL** ———————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**
Title or Type of Document: _Fourth Supplemental Affidavit of Robert Jay Moore_

Document Date: _July 20, 2009_                Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☑ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _Official Committee of Unsecured Creditors_

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 2006 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402    Item No. 5907 v609    Reorder: Call Toll-Free 1-800-876-6827