FAEGRE & BENSON LLP
Stephen M. Mertz
Michael M. Krauss (MK-9699)
Michael F. Doty
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

ATTORNEYS FOR WELLS FARGO
BANK, NATIONAL ASSOCIATION,
IN ITS CAPACITY AS TRUSTEE
PURSUANT TO VARIOUS TRUST
AGREEMENTS

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x
                                                                       :
**In re**                                          :      Chapter 11 Case No.
                                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :      08-13555 (JMP)
                                                                       :
                    Debtors.                       :      (Jointly Administered)
                                                                       :
                                                                       :
-----------------------------------------------------------------------x

**LIMITED OBJECTION OF WELLS FARGO BANK, NATIONAL ASSOCIATION, IN ITS CAPACITY AS TRUSTEE PURSUANT TO VARIOUS TRUST AGREEMENTS, TO THE MOTION OF THE DEBTORS PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b) FOR ESTABLISHMENT OF PROCEDURES FOR THE DEBTORS TO COMPROMISE AND SETTLE CLAIMS IN RESPECT OF THE ORIGINATION OR PURCHASE OF <u>RESIDENTIAL MORTGAGE LOANS</u>**

Wells Fargo Bank, National Association, in its capacity as trustee pursuant to various

trust agreements, ("<u>Wells Fargo</u>") by and through its undersigned attorneys, hereby submits

this limited objection to the Motion Of The Debtors, Pursuant To Section 105(a) Of The

Bankruptcy Code And Bankruptcy Rule 9019(b) For Establishment Of Procedures For The Debtors To Compromise And Settle Claims In Respect Of The Origination Or Purchase Of Residential Mortgage Loans (the "Motion"). Wells Fargo objects to the Motion to the extent that the debtors in the above-captioned bankruptcy case (each a "Debtor" and collectively, the "Debtors") seek authority to compromise and settle Repurchase or Indemnification Claims (as that term is defined in the Motion) that have been assigned to, and are now held by, securitization trusts for which Wells Fargo acts as trustee (such trusts, the "Trusts"). In support of its objection, Wells Fargo respectfully states and represents as follows:

## Background

1. Certain of the Debtor entities sold, assigned, or otherwise conveyed mortgage loans secured by residential real properties (each such loan a "Residential Mortgage Loan" and collectively, the "Residential Mortgage Loans") to the Trusts.

2. By way of example, certain of the Trusts acquired Residential Mortgage Loans from Structured Asset Securities Corporation, who acquired the Residential Mortgage Loans from Lehman Brothers Holdings, Inc., who in turn generally acquired the Residential Mortgage Loans with the assistance of Lehman Brothers Bank FSB n/k/a Aurora Bank FSB ("LBB"). In these cases, LBB acquired the Residential Mortgage Loans directly from the various third parties who originated the Residential Mortgage Loans (each such third party, an "Originator" and collectively, the "Originators"). Wells Fargo also acts as trustee for Trusts that acquired Residential Mortgage Loans from Debtor entities through sale, assignment or conveyance methods that differ from the foregoing example.

3. Generally, as part of the Trusts' acquisition of the Residential Mortgage Loans, the relevant Debtor entities each conveyed to the Trusts all of the representations and

2

warranties that they received from the Originators with respect to the Residential Mortgage Loans. The Debtor entities also conveyed to the Trusts all of their rights to assert certain claims against the Originators. Typically under the Trusts' governing documents, if the parties discover any breach of an Originator's representation or warranty that adversely and materially affects the value of a Residential Mortgage Loan, the Originator must either (i) cure the breach in all material respects; (ii) repurchase the affected Residential Mortgage Loan from the Trust at the purchase price; or (iii) provide the Trust with a substitute Residential Mortgage Loan.

## **Objection**

4.   By the Motion, the Debtors seek authority to establish procedures by which they may compromise and settle claims:

> against any party involved in the origination of Residential Mortgage Loans owned by the Debtors, *or the sale of Residential Mortgage Loans to the Debtors* (i) based on any fraud or tort claim against any party in connection with such party's role in the origination or sale of such Residential Mortgage Loan, or (ii) resulting from the breach of any representation, warranty, or covenant made by such party, or any other contractual obligation, in the applicable mortgage loan broker and purchase agreements, indemnity agreements, and guaranties for which such party is obligated to either repurchase such Residential Mortgage Loan for an amount outlined in said agreement, pay damages for a failure to repurchase such loan, or indemnify the Debtors for a realized loss suffered due to (x) liquidation of the loan, (y) sale of the loan to a third party for an amount significantly less than what the Debtors initially paid for the loan, or (z) for an amount paid by the Debtors to a subsequent purchaser of the loan because of a defect therein (each such claim, a "Repurchase or Indemnification Claim").

Motion, ¶ 10 (emphasis added). While the Debtors undoubtedly have claims against parties involved in the origination or sale of Residential Mortgage Loans to the Debtors, in many

3

instances the Debtors have already conveyed these claims to the Trusts. Thus, the Motion's definition of Repurchase or Indemnification Claim encompasses claims that the Debtors have assigned to the Trusts.

5. There are two distinct categories of Repurchase or Indemnification Claims arising from the sale of Residential Mortgage Loans to the Debtors: (i) Repurchase or Indemnification Claims related to the sale of Residential Mortgage Loans that the Debtors have not assigned to third parties; and (ii) Repurchase or Indemnification Claims related to the sale of Residential Mortgage Loans that the Debtors have subsequently assigned to third parties such as the Trusts. Wells Fargo objects to the Motion to extent that it would grant the Debtors the ability to settle or compromise the second category of Repurchase or Indemnification Claims.

## Relief Requested

WHEREFORE, for the reasons set forth herein, Wells Fargo requests that this Court: (A) deny Debtors' Motion to the extent that it seeks an entry of an order allowing the Debtors to compromise or settle claims that belong to the Trusts; (B) include the following language after the penultimate paragraph and before the final paragraph of the Debtors' proposed order granting the Motion:

"ORDERED that nothing in this Order shall authorize the Debtors to compromise or settle any Repurchase or Indemnification Claim that the Debtors have assigned or conveyed to any non-Debtor entity; and it is further"

and (C) grant such other and further relief as the Court shall deem just.

July 29, 2009                                    /s/ Michael M. Krauss
                                            Stephen M. Mertz
                                            Michael M. Krauss (MK-9699)
                                            Michael F. Doty
                                            Faegre & Benson LLP
                                            2200 Wells Fargo Center
                                            90 South Seventh Street
                                            Minneapolis, MN  55402-3901
                                            Telephone: (612) 766-7000
                                            Facsimile: (612) 766-1600

                                            ATTORNEYS FOR WELLS FARGO
                                            BANK, NATIONAL ASSOCIATION, IN
                                            ITS CAPACITY AS TRUSTEE
                                            PURSUANT TO VARIOUS TRUST
                                            AGREEMENTS

fb.us.4262961.05

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                                  :
**In re**                                                         :    **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                      :    **08-13555 (JMP)**
                                                                  :
               Debtors.                                           :    **(Jointly Administered)**
                                                                  :
                                                                  :
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 9019(b) AUTHORIZING THE
ESTABLISHMENT OF PROCEDURES FOR THE DEBTORS TO
COMPROMISE AND SETTLE CLAIMS IN RESPECT OF THE
ORIGINATION OR PURCHASE OF RESIDENTIAL MORTGAGE LOANS**

Upon consideration of the motion, dated July 15, 2009 (the "Motion"), of Lehman Brothers Holdings Inc., and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 105(a) of the Bankruptcy Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to compromise and settle certain claims with respect to the origination or purchase of residential mortgage loans, as more fully described in the Motion, and the limited objection of Wells Fargo Bank, National Association, in its capacity as Trustee pursuant to various trust agreements, to the Motion (the "Limited Objection"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion and Limited Objection establish just cause for the relief granted herein, after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Limited Objection is sustained; and it is further

ORDERED that the Motion, as modified by the Limited Objection, is granted; and it is further

ORDERED that Debtors shall be, and hereby are, authorized to compromise Repurchase and Indemnification Claims in accordance with the following procedures:

> a. Without further order of the Court or notice to or approval of any party in interest, the Debtors may compromise and settle Repurchase or Indemnification Claims against any single party that (x) in the aggregate, exclusive of any claim for payment of attorneys' fees, costs and expenses, and after offset of any counterclaim, do not exceed $3,000,000 or (y) in the aggregate, exclusive of any claim for payment of attorneys' fees, costs and expenses, and after offset of any counterclaim, are greater than $3,000,000, but only if the amount that the Debtors receive in respect of such settlement or compromise is at least 60% of such aggregate amount of such Repurchase of Indemnification Claim;

2

  b. For settlements of Repurchase or Indemnification Claims against any single party which, (x) in the aggregate, exclusive of any claim for payment of attorneys' fees, costs and expenses, and after offset of any counterclaim, are greater than $3,000,000 but less than $8,000,000 and (y) the amount that the Debtors receive in respect of such settlement or compromise is less than 60% of such aggregate amount of such Repurchase of Indemnification Claim, the Debtors will submit the proposed settlement to the Creditors' Committee together with (i) the name of the other party to the settlement, (ii) a summary of the claim against the other party, including the settlement amount, (iii) an explanation of why the settlement of such Repurchase or Indemnification Claims is favorable to the Debtors and their estates, and (iv) a copy of any proposed settlement agreement (the "<u>Repurchase or Indemnification Claim Settlement Summary</u>").  The Creditors' Committee will be required to submit any objections to a proposed settlement reflected on a Repurchase or Indemnification Claim Settlement Summary on or before three (3) business days after service of such Repurchase or Indemnification Claim Settlement Summary. In the event that the Creditors' Committee objects to the settlement set forth in the Repurchase or Indemnification Claim Settlement Summary, the Debtors may (i) seek to renegotiate the proposed settlement and may submit a revised Repurchase or Indemnification Claim Settlement Summary in connection therewith or (ii) file a motion with the Court seeking approval of the proposed settlement. If the Creditors' Committee does not timely object to the proposed settlement, then the Debtors will be deemed, without further order of the Court or notice to any party in interest, to be authorized by the Court to enter into an agreement to settle the Repurchase or Indemnification Claims at issue as provided in the Repurchase or Indemnification Claim Settlement Summary previously submitted to the Creditors' Committee; and

  c. For any settlement of a Repurchase or Indemnification Claims against any single party, which, in the aggregate, exclusive of any claim for payment of attorneys' fees, costs and expenses, and after offset of any counterclaim, are greater than $8,000,000, the Debtors will be required to file a motion with the Court requesting approval of the compromise and settlement under Bankruptcy Rule 9019;

and it is further

  ORDERED that this Order shall not obligate or require Debtors to compromise any Repurchase or Indemnification Claim it may have with respect to a Residential Mortgage Loan, nor shall this Order preclude Debtors from settling or compromising any Repurchase or Indemnification Claim upon further application to the Court; and it is further

3

ORDERED that, the Debtors are authorized to execute such documents or other instruments as may be necessary to compromise its Repurchase or Indemnification Claim with respect to Residential Mortgage Loans in accordance with this Order; and it is further

ORDERED that nothing in this Order shall authorize the Debtors to compromise or settle any Repurchase or Indemnification Claim that the Debtors have assigned or conveyed to any non-Debtor entity; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated:_____
    New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE