Presentment Date and Time: August 5, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                           :

In re                                              :      Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :      08-13555 (JMP)
                                                  :
        Debtors.                            :      (Jointly Administered)
                                                 :
------------------------------------------------------------------x

**NOTICE OF REVISED PROPOSED ORDER**
**APPROVING LBHI'S APPLICATION PURSUANT TO**
**SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY**
**CODE TO RETAIN AND EMPLOY CB RICHARD ELLIS, INC.**
**AS REAL ESTATE BROKER, *NUNC PRO TUNC* TO JULY 15, 2009**

        PLEASE TAKE NOTICE that attached hereto as "Exhibit A" is a blackline reflecting revisions to the proposed order (the "Proposed Revised Order") approving the application, dated July 20, 2009 [docket no. 4447] of Lehman Brothers Holdings Inc., pursuant to sections 327(e) and 328(a) of chapter 11 of title 11 of the United States Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, for authorization to employ CB Richard Ellis, Inc. as its real estate broker, *nunc pro tunc* to July 15, 2008 (the "Application"). The blackline reflects modifications made to the proposed order annexed to the Application. In addition, a clean copy of the Proposed Revised Order is attached hereto as "Exhibit B."

US_ACTIVE:\43118577\01\43118577_1.DOC\58399.0003

PLEASE TAKE FURTHER NOTICE that, the undersigned will present the Proposed Revised Order to the Honorable James M. Peck, United States Bankruptcy Judge, for approval and signature on **August 5, 2009 at 10:00 a.m. (Prevailing Eastern Time)**.

Dated: July 30, 2009
      New York, New York

                                            /s/ Richard P. Krasnow
                                            Richard P. Krasnow

                                            WEIL, GOTSHAL & MANGES LLP
                                            767 Fifth Avenue
                                            New York, New York 10153
                                            Telephone: (212) 310-8000
                                            Facsimile: (212) 310-8007

                                            Attorneys for Debtors
                                            and Debtors in Possession

**<u>Exhibit A</u>**
**(Blackline of Proposed Revised Order)**

US_ACTIVE:\43118577\01\43118577_1.DOC\58399.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
In re                                                                    :    Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :    08-13555 (JMP)
:
Debtors.                                        :    (Jointly Administered)
:
-----------------------------------------------------------------x

## ORDER GRANTING LBHI'S APPLICATION PURSUANT TO SECTIONS 327(a) ~~and~~AND 328(a) OF THE BANKRUPTCY CODE TO RETAIN AND EMPLOY CB RICHARD ELLIS, INC~~,~~. AS REAL ESTATE BROKER, *NUNC PRO TUNC* TO ~~SEPTEMBER 19, 2008~~JULY 15, 2009

Upon the Application, dated July 20, 2009 (the "Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI," together with its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors-in-possession the "Debtors"), pursuant to sections 327(a) and 328(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), for authority to retain and employ CB Richard Ellis, Inc. ("CBRE") as its real estate broker, *nunc pro tunc* to ~~September 19, 2008,~~July 15, 2009, as more fully set forth in the Application; and upon consideration of the Declaration of Mitchell E. Rudin, President and CEO of the New York Tri-State region of CBRE, executed July 15, 2009 (the "Rudin Declaration"), filed in support of the Application, a copy of which is attached to the Application as Exhibit 1; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein

08-13555-mg    Doc 4522    Filed 07/30/09    Entered 07/30/09 13:30:55    Main Document
                                    Pg 5 of 10

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] (the "<u>Case Management Order</u>") to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved <u>as set forth herein</u>; and it is further

ORDERED that, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, LBHI is authorized to retain and employ CBRE as its real estate broker, *nunc pro tunc* to ~~September 19, 2008,~~<u>July 15, 2009,</u> on the terms and conditions generally described and set forth in the Agreement; and it is further

ORDERED that CBRE will not be required to file interim fee applications pursuant to sections 330 and 331 of the Bankruptcy Code, and that CBRE will be compensated for its Services pursuant to the following procedures:

---

<sup>1</sup>    Capitalized terms used but not defined herein shall have the meanings ascribed to them in

- LBHI will request the Court's allowance of CBRE's Commission either (i) as part of a motion, if one is deemed to be necessary under the Bankruptcy Code, requesting the Court's approval of an Acquisition or (ii) if such Court approval is not required, by filing a notice after consummation of the Acquisition setting forth the Commission to be paid to CBRE with respect thereto (the "Commission Notice") and serving the Commission Notice on all parties entitled to receive notice in these cases pursuant to the procedures set forth in the Case Management Order.

- Each Commission Notice will include the following information: (i) the amount of the Commission, (ii) a brief explanation of the method by which the amount of the Commission was determined, (iii) the identity of the party or parties responsible for paying the commission, and (iv) where more than one party is responsible for payment of the Commission, a breakdown of the amount that each party is responsible for.

- Parties will have ten (10) days after the filing of the Commission Notice to file an objection to any portion of the Commission and serve the objection on LBHI and CBRE. Any objection to the Commission Notice shall set forth the amount of the Commission to which the party is objecting and the reasons for the objection.

- If no party timely files and serves an objection to the Commission Notice, LBHI shall be authorized to pay the Commission to CBRE without further notice or authorization from the Court.

- If any party files a timely objection to the Commission Notice, LBHI shall be authorized to pay, without further notice or authorization from the Court, (i) any portion of the Commission to which any party filing the objection has not objected and (ii) any portion of the Commission to which LBHI, CBRE, and the objecting party or parties have agreed in writing may be paid. If LBHI, CBRE, and the objecting party or parties are unable to resolve the objection, LBHI or CBRE may schedule a hearing for the Court to determine the objection.

Dated: ~~July~~August __, 2009
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

---

the Application.

**<u>Exhibit B</u>**
**(Proposed Revised Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                                               :
In re                                                          :   Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :   08-13555 (JMP)
                                                               :
           Debtors.                                            :   (Jointly Administered)
                                                               :
---------------------------------------------------------------x

**ORDER GRANTING LBHI'S APPLICATION PURSUANT**
**TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY**
**CODE TO RETAIN AND EMPLOY CB RICHARD ELLIS, INC.**
**AS REAL ESTATE BROKER, *NUNC PRO TUNC* TO JULY 15, 2009**

Upon the Application, dated July 20, 2009 (the "Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI," together with its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors-in-possession the "Debtors"), pursuant to sections 327(a) and 328(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), for authority to retain and employ CB Richard Ellis, Inc. ("CBRE") as its real estate broker, *nunc pro tunc* to July 15, 2009, as more fully set forth in the Application; and upon consideration of the Declaration of Mitchell E. Rudin, President and CEO of the New York Tri-State region of CBRE, executed July 15, 2009 (the "Rudin Declaration"), filed in support of the Application, a copy of which is attached to the Application as Exhibit 1; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

8

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] (the "Case Management Order") to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved as set forth herein; and it is further

ORDERED that, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, LBHI is authorized to retain and employ CBRE as its real estate broker, *nunc pro tunc* to July 15, 2009, on the terms and conditions generally described and set forth in the Agreement; and it is further

ORDERED that CBRE will not be required to file interim fee applications pursuant to sections 330 and 331 of the Bankruptcy Code, and that CBRE will be compensated for its Services pursuant to the following procedures:

- LBHI will request the Court's allowance of CBRE's Commission either (i) as part of a motion, if one is deemed to be necessary under the Bankruptcy Code, requesting the Court's approval of an Acquisition or (ii) if such Court approval is not required, by filing a notice after consummation of

9

the Acquisition setting forth the Commission to be paid to CBRE with respect thereto (the "Commission Notice") and serving the Commission Notice on all parties entitled to receive notice in these cases pursuant to the procedures set forth in the Case Management Order.

- Each Commission Notice will include the following information: (i) the amount of the Commission, (ii) a brief explanation of the method by which the amount of the Commission was determined, (iii) the identity of the party or parties responsible for paying the commission, and (iv) where more than one party is responsible for payment of the Commission, a breakdown of the amount that each party is responsible for.

- Parties will have ten (10) days after the filing of the Commission Notice to file an objection to any portion of the Commission and serve the objection on LBHI and CBRE.  Any objection to the Commission Notice shall set forth the amount of the Commission to which the party is objecting and the reasons for the objection.

- If no party timely files and serves an objection to the Commission Notice, LBHI shall be authorized to pay the Commission to CBRE without further notice or authorization from the Court.

- If any party files a timely objection to the Commission Notice, LBHI shall be authorized to pay, without further notice or authorization from the Court, (i) any portion of the Commission to which any party filing the objection has not objected and (ii) any portion of the Commission to which LBHI, CBRE, and the objecting party or parties have agreed in writing may be paid.  If LBHI, CBRE, and the objecting party or parties are unable to resolve the objection, LBHI or CBRE may schedule a hearing for the Court to determine the objection.

Dated: August __, 2009
      New York, New York

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE