Presentment Date and Time: August 17, 2009 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: August 17, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): September 16, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                              :
**In re**                                     :    **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :    **08-13555 (JMP)**
                                              :
                              **Debtors.**    :    **(Jointly Administered)**
                                              :
                                              :
------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION AND**
**AGREED ORDER PURSUANT TO RULE 9019 OF THE**
**BANKRUPTCY RULES RESOLVING DISPUTE REGARDING OPEN**
**TRADE CONFIRMATION WITH PENTWATER CAPITAL MANAGEMENT, LP**

        **PLEASE TAKE NOTICE** that the undersigned will present the annexed
Stipulation and Agreed Order (the "Stipulation") among Lehman Brothers Holdings Inc. ("LBHI")
and its affiliated debtor in the above referenced Chapter 11 cases, Lehman Commercial Paper Inc.
("LCPI"), as debtors and debtors-in-possession (together, the "Debtors"), and Pentwater Capital
Management, LP to the Honorable James M. Peck, United States Bankruptcy Judge, for signature
on **August 17, 2009 at 12:00 noon (Prevailing Eastern Time).**

        **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the
proposed Stipulation, with proof of service, is served and filed with the Clerk of the Court and a
courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be
received by **August 17, 2009 at 10:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing
and the Stipulation may be signed.

        **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served
and filed, a hearing (the "Hearing") will be held to consider the Stipulation on **September 16, 2009
at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States
Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House,
Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: July 30, 2009
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Presentment Date and Time: August 17, 2009 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: August 17, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): September 16, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                  :
**In re**                                         :    **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :    **08-13555 (JMP)**
                                                  :
                                **Debtors.**      :    **(Jointly Administered)**
                                                  :
                                                  :
                                                  :
-------------------------------------------------------------------x

**STIPULATION AND AGREED ORDER**
**PURSUANT TO RULE 9019 OF THE BANKRUPTCY**
**RULES RESOLVING DISPUTE REGARDING OPEN TRADE**
**CONFIRMATION WITH PENTWATER CAPITAL MANAGEMENT, LP**

This Stipulation and Agreed Order (this "Stipulation") is entered into between

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor in the above-referenced

chapter 11 cases, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession

(together, the "Debtors"), and Pentwater Capital Management, LP ("Pentwater").

**RECITALS**

A.    On September 15, 2008 and periodically thereafter (as applicable, the

"Commencement Date"), LBHI and certain of its affiliates each commenced in this Court

voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

The Debtors are authorized to operate their businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.      Prior to the Commencement Date, LCPI was active in the secondary loan market.  In this capacity, LCPI purchased and sold both par and distressed commercial loans. LCPI's prepetition trades were entered into both orally and through written trade confirmations. Numerous trades remained pending as of the Commencement Date, including the Visteon Trade (as defined below).

C.      On September 12, 2008,  LCPI and Pentwater discussed via telephone the trade of a $3 million term loan of borrower Visteon Corporation (the "<u>Visteon Trade</u>").  The Visteon Corporation term loan shall be referred to herein as the "<u>Visteon Debt</u>."

D.      Pentwater, informed LCPI that it wished to acquire the Visteon Debt from LCPI  through a "total return swap" or a "TRS" with  Deutsche Bank AG, New York Branch ("<u>DB</u>").  Consistent with industry practice, LCPI prepared a written LSTA Par/Near Par Trade Confirmation for signature by DB, in its capacity as purchaser.  The Debtors submit that the effort by LCPI to accommodate Pentwater's TRS financing does not in any way release Pentwater from its obligations to LCPI with respect to the trade.  LCPI believes that a binding oral agreement was reached with Pentwater with respect to the Visteon Trade and that the Visteon Trade is enforceable against Pentwater.  Pentwater denies that it was ever obligated to purchase the Visteon Debt.

E.      On November 14, 2008, LCPI filed the Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 1541] (the "<u>Motion</u>") seeking, *inter alia*, to assume the Visteon Trade.  In the Motion, LCPI listed Pentwater as the counterparty to the Visteon Trade.

F.      On November 28, 2008, Pentwater filed the Objection of Pentwater Capital Management, LP to Assumption of Open Trade Confirmation [Docket No. 1916] (the

2

"Objection")), arguing that "Pentwater's books and records do not reflect any trade, or even any confirmation, with the Debtors on September 12, 2008."

   G.  On December 14, 2008, the Debtors filed the Notice of Filing of Revised Exhibits and Revised Proposed Order Relating to the Debtors' Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 2206] (the "Revised Exhibits").  In the Revised Exhibits, the Debtors listed DB, rather than Pentwater, as the counterparty to the Visteon Trade.

   H.  On December 16, 2008, Pentwater filed the Notice of Withdrawal and Reservation of Rights with Respect to Objection of Pentwater Capital Management, LP to Assumption of Certain Open Trade Confirmations [Docket No. 2247], stating therein that "Pentwater, as the entity the Debtors asserted had a putative economic interest in the Alleged Trades . . . reserves all of its rights with respect to the Motion, including without limitation, all issues and arguments set forth in the Objection, at a later date in the event the Motion becomes relevant to Pentwater."

   I.  On March 9, 2009, the Debtors entered into a letter agreement with DB in which the Debtors and DB agreed that "there was and is no contract between LCPI and DB concerning [the Visteon Trade]."

   J.  LCPI and Pentwater dispute whether LCPI may now seek to assume the Visteon Trade as a trade with Pentwater and whether the Visteon Trade is enforceable against Pentwater.  To avoid protracted litigation over this dispute, Pentwater and LCPI (together, the "Parties") have agreed that LCPI may assume the Visteon Trade and that the Parties will settle the Visteon Trade at a reduced price.  The statutory committee of unsecured creditors appointed

in the Debtors' chapter 11 cases has consented to LCPI's assumption of the Visteon Trade and to settlement of the Visteon Trade at such price.  Specifically, the Parties have agreed as follows:

**AGREED ORDER**

IT IS HEREBY AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1.      LCPI's assumption of the Visteon Trade as a trade with Pentwater is hereby approved.

2.      Subject to the terms of that certain letter agreement between LCPI and Pentwater, dated July 30, 2009 (the "Letter Agreement"), Pentwater is the counterparty to the Visteon Trade and the Visteon Trade is enforceable against Pentwater.

3.      The Parties agree that the purchase rate by which the Parties will calculate the amount payable to LCPI upon settlement of the Visteon Trade shall be reduced from the purchase rate set forth in the original Visteon Trade as set forth in the Letter Agreement.  In addition, LCPI has agreed to increase the amount of Visteon Debt that will be sold to Pentwater under the Visteon Trade to $3,349,351.32.

4.      Upon Court approval hereof,  Pentwater agrees to forego all further objection with regard to the Visteon Trade, with prejudice and without reservation of rights.

5.      The Parties agree to use commercially reasonable efforts to settle the Visteon Trade, and further agree that the Visteon Trade shall settle in accordance with the LSTA Standard Terms, including adjustments to pricing set forth therein.

6.      Pentwater hereby waives any and all claims against LCPI relating to the Visteon Trade and the September 4th Trade (as defined in the Objection) (collectively with the Visteon Trade, the "Visteon Trades"), and hereby releases any other setoff, recoupment, or

4

counterclaims relating to the Visteon Trades, with the exception of claims that may arise

hereunder, under the Letter Agreement, or under the documents executed in connection with the

closing of the Visteon Trade.  LCPI waives any and all claims against Pentwater relating to the

Visteon Trades, and hereby releases any other setoff, recoupment, or counterclaims relating to

the Visteon Trades, with the exception of claims that may arise hereunder or under the

documents executed in connection with the closing of the Visteon Trade.  For the avoidance of

doubt, this letter agreement shall not affect any claims that Pentwater or its affiliates may have

against any of the Debtors other than with respect to the Visteon Trades, or the rights of the

respective Debtor to object to the allowance of any such claim.

7.    Pentwater shall not be entitled to assert or take any action to exercise a

right to set off any claim that it might have against LCPI or any of LCPI's affiliates against

Pentwater's obligation to make payment to LCPI pursuant to the Visteon Trade.

8.    Each person who executes this Stipulation on behalf of a party hereto

represents that he or she is duly authorized to execute this Stipulation on behalf of such party.

9.    The Court retains jurisdiction to resolve any disputes or controversies

arising from or related to this Stipulation or the assumption of the Visteon Trade.

10.    This Stipulation may be executed in multiple counterparts, each of which

shall be deemed an original but all of which together shall constitute one and the same

instrument.  Evidence of execution of this Stipulation may be exchanged by fax or by electronic

transmission of a scanned copy of the signature pages or by exchange of an originally signed

document, each of which shall be as fully binding on the party as a signed original.

11.    If this Stipulation is not approved by the Court, it shall be deemed null and void and shall not be referred to or used for any purpose by any of the Parties hereto or any of the other parties in the Debtors' chapter 11 cases.  In such event, the Parties shall retain their respective rights regarding the Visteon Trade.

Dated:  July 30, 2009

| **BAKER & MCKENZIE LLP** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| /s/ Ira A. Reid<br>Ira A. Reid | /s/ Jacqueline Marcus<br>Jacqueline Marcus |
| 1114 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 891-3976<br>Facsimile: (212) 310-1600 | 767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile:  (212) 310-8007 |
| Attorneys for Pentwater Capital<br>Management, LP | Attorneys for Debtors<br>and Debtors in Possession |

Dated: _____, 2009
          New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE