UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :    08-13555 (JMP)
                                            :
                Debtors.                    :    (Jointly Administered)
                                            :
                                            :
-----------------------------------------------------------------x
```

**<u>OBJECTION TO MOTION OF DEBTORS FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVE CONTRACTS</u>**

Wellmont Health System ("Wellmont"), a creditor, swap counterparty and party in interest, objects to the Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-143 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors under Derivative Contracts (the "Motion") filed by Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced Chapter 11 cases as debtors and debtors in possession (together, the "Debtors").

**<u>BACKGROUND</u>**

1.      Wellmont is a not-for-profit healthcare system doing business in northeastern Tennessee and southwestern Virginia. Without limitation, Wellmont operates full-service, acute care and critical access hospitals.

2.      On or about April 29, 2002, Wellmont and the Debtors entered into an agreement (the "Master Agreement") that governs the terms and conditions of certain swap agreements by and between Wellmont and the Debtors dated April 29, 2002,

October 9, 2003, November 9, 2005, and June 28, 2006 (collectively the "Swap Agreements").

3. On or about September 15, 2008, the Debtors filed voluntary petitions for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code").

4. On or about July 20, 2009, the Debtors filed the Motion. In the Motion, the Debtors seek to implement certain alternative dispute resolution procedures with respect to claims of the Debtors arising from terminated and open prepetition derivative contracts. On information and belief, the Motion applies to the Swap Agreements and the Master Agreement (collectively, the "Wellmont Agreements").

## Summary of Objection

5. The Motion proposes procedures that are, among other things, unduly burdensome and expensive, vague and ambiguous in nature, and inconsistent in application.

6. Wellmont respectfully requests the Court to deny the Motion.

## Basis of Objection

7. Wellmont objects to the Motion to the extent that the Debtors seek to modify, prejudice, or affect Wellmont's substantive rights under the Bankruptcy Code and applicable non-bankruptcy law. Without limitation:

(a) Paragraphs 26, 28 and 29 of the Motion provide that: mediation of the Wellmont Agreements will take place in New York, New York unless agreed to by the parties and the mediator; in-person attendance is

      required; and failure to participate may result in, among other things, payment of the participating party's attorneys' fees. As the Debtors note in the Motion, by order dated December 16, 2008, this Court has authorized the Debtors to implement procedures for the settlement or assumption and assignment of the Wellmont Agreements, which did not require mediation. Wellmont contends that it should be allowed to settle any dispute involving the Wellmont Agreements voluntarily with the Debtors, without incurring the expense and burden of attending formal mediation proceedings in New York, New York, or paying the Debtors' attorneys' fees for failing to attend.

(b)    Paragraph 23 of the Motion provides that the Debtors believe that the Court should select <u>one mediator</u> who will hear and preside over all mediations. Having only one mediator preside over hundreds of mediations in unduly prejudicial to Wellmont. Without limitation, this provision creates a situation in which the mediator may become too associated with the Debtors' positions over the positions of the numerous counterparties having dissimilar claims and defenses.

(c)    Paragraph 10.a. of the proposed order accompanying the Motion (the "Proposed Order") provides that the Debtors and the counterparty "together shall contact the mediator to schedule the initial mediation date." On the other hand, paragraph 15 of the Proposed Order states that "the party who requests the Mediation shall pay the reasonable fees and costs charged by the Mediator." The Proposed Order is thus

3

ambiguous regarding the party responsible for paying the mediator, as it requires the Debtors and the counterparty to jointly approach the mediator. Wellmont has not requested mediation and objects to bearing any expense. If the Debtors request mandatory mediation via the Motion or otherwise, the Debtors should be responsible for payment of all fees and costs charged by the mediator.

(d) Paragraph 10.b. of the Proposed Order gives the mediator the broadest possible discretion, "including the discretion to certify specific legal issues to the Court for decision." Such authority is in conflict, or at least inconsistent, with the confidentiality provisions in paragraph 13 of the Proposed Order and paragraph 5.0 of the Court's General Order #M-143.

(e) Paragraph 14 of the Proposed Order states that, "Except to the extent a Derivatives Counterparty affirmatively chooses the mediation option set forth herein, participation in the Derivatives ADR Procedures shall not waive any right to a jury trial that might otherwise exist." Paragraph 14 is ambiguous in that if the Court grants the Motion and the Debtors send the counterparty a Derivatives ADR Package, the counterparty is obligated to participate in the Derivatives ADR Procedures. Thus, it is not clear as to what constitutes "affirmatively choosing" mediation such that a party has waived its right to a jury trial.

8. Wellmont reserves all rights, claims and defenses under the documents governing the Wellmont Agreements, the Bankruptcy Code and applicable law.

## **Conclusion**

9. Based on the foregoing, Wellmont objects to the Motion. The Motion proposes procedures that are, among other things, unduly burdensome and expensive, vague and ambiguous in nature, and inconsistent in application. Wellmont respectfully requests the Court to deny the Motion and to provide such other, further, or different relief as may be just and proper.

Respectfully submitted this the 30th day of July, 2009.

/s/Patrick Darby_____
Patrick Darby (JPD 0120)
Rashad Blossom
Molly C. Taylor
BRADLEY ARANT BOULT
CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: 205.521.8000
Facsimile: 205.521.8800

Counsel for Wellmont HealthSystem

OF COUNSEL:

Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: 205.521.8000
Facsimile: 205.521.8800

## **CERTIFICATE OF SERVICE**

       I hereby certify that I have served a copy of the foregoing Objection to Motion of Debtors for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors under Derivative Contracts on the following parties by overnight courier or electronically through the Court's CM/ECF system on the 30th day of July, 2009.

Hon. James M. Peck
One Bowling Green
Courtroom 601
New York, NY 10004

Lori R. Fife
Robert J. Lemons
Sunny Singh
WEIL, GOTSHAL, & MANGES LLP
767 Fifth Avenue
New York, NY 10153

Andrew D. Velez-Rivera
Paul Schwartzberg
Brian Masumoto
Linda Riffkin
Tracy Hope Davis
OFFICE OF THE U.S. TRUSTEE
33 Whitehall Street
21st Floor
New York, NY 10004

Dennis F. Dunne
Dennis O'Donnell
Evan Fleck
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005

Lindsee P. Granfield
Lisa Schweiger
CLEARY GOTLIEBB LLP
One Liberty Plaza
New York, NY 10006

08-13555-mg Doc 4527 Filed 07/30/09 Entered 07/30/09 16:48:11 Main Document
Pg 7 of 7

Robinson B. Lacy
Hydee R. Feldstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

Christopher K. Kiplok
Jeffrey S. Margolin
Sarah K. Loomis Cave
HUGHES HUBBARD & REED
1 Battery Park Plaza
New York, NY 10004

Robert K. Dakis
James Tecce
Susheel Kirpalani
QUINN EMANUEL URQUHART OLIVER & HEDGES
51 Madison Avenue, 22nd Floor
New York, NY 10010

/s/ Patrick Darby
OF COUNSEL