SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Sally McDonald Henry

-and-

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
Wilmington, Delaware 19899
(302) 651-3000
Anthony W. Clark (admitted *pro hac vice*)
Robert A. Weber (admitted *pro hac vice*)

Counsel for American Family Life Assurance Company of Columbus

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                                    : Chapter 11
                                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,                    : Case No. 08-13555 (JMP)
                                                          :
                    Debtors.                              : (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**OBJECTION OF AMERICAN FAMILY LIFE ASSURANCE COMPANY
OF COLUMBUS TO DEBTORS' MOTION PURSUANT TO
SECTION 105(a) OF THE BANKRUPTCY CODE AND GENERAL
ORDER M-143 FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE
DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS
OF DEBTORS UNDER DERIVATIVE CONTRACTS**

American Family Life Assurance Company of Columbus ("Aflac") hereby

objects to the Debtors' Motion Pursuant To Section 105(a) Of The Bankruptcy Code And

General Order M-143 For Authorization To Implement Alternative Dispute Resolution

Procedures For Affirmative Claims Of Debtors Under Derivative Contracts (the "Motion")[1] and

respectfully states as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

## BACKGROUND

1.    Aflac is the sole investor in certain notes relating to certain credit default swaps (the "Swaps") as to which the debtors in the above-captioned bankruptcy cases (the "Debtors" or "Lehman"), through a non-debtor affiliate, are the ultimate counterparty.  After the commencement of these cases, and in accordance with the Swaps' terms, Aflac caused the Swaps to be terminated and sought to have BNY Corporate Trustee Services Limited (the "Trustee"), which holds certain collateral that supports the Swaps (and the related notes held by Aflac), turn the collateral over to Aflac.  However, Lehman took the position that the Swaps' provisions on which Aflac relies are unenforceable as a matter of law and that if the Trustee released the collateral to Aflac, that would violate the automatic stay under section 362 of the Bankruptcy Code.  As a result, the Trustee has declined to release the collateral until the disputes regarding the Swaps are resolved or the parties' respective rights and obligations under the Swaps have been judicially determined.

2.    On June 3, 2009, Lehman commenced an adversary proceeding (the "Aflac Action") against Aflac and the Trustee seeking such a determination, and Aflac has counterclaimed for a declaratory judgment that the Swaps' termination provisions are enforceable and that it is entitled to receive the collateral.  *See Lehman Bros. Special Financing Inc., et al. v. American Family Life Assurance Co. of Columbus, et al.*, Adv. Pro. No. 09-01261 (JMP) (Bankr. S.D.N.Y. filed June 3, 2009).  Several other litigations are pending in this Court that implicate similar enforceability issues (the "Enforceability Actions").  *See, e.g., Lehman Bros. Special Financing Inc. v. Ballyrock ABS CDO 2007-1 Ltd., et al.*, Adv. Pro. No. 09-01032 (JMP) (Bankr. S.D.N.Y. filed Feb. 3, 2009); *Lehman Bros. Special Financing Inc., et al. v. Libra CDO Limited, et al.*, Adv. Pro. No. 09-01177 (JMP) (Bankr. S.D.N.Y. filed May 5, 2009);

*Lehman Bros. Special Financing Inc. v. BNY Corporate Trustee Services Ltd.*, Adv. Pro. No. 09-01242 (JMP) (Bankr. S.D.N.Y. filed May 20, 2009).  Indeed, the issue of the enforceability of similar termination provisions likely affects dozens, perhaps hundreds, of Lehman credit default swap transactions involving tens of billions of dollars in value that the Debtors propose to be subject to the mandatory mediation process proposed in the Motion.

3.      By the Motion, the Debtors seek the ability to require mandatory mediation for those swap disputes (including the Enforceability Actions) that they may unilaterally designate and, based on conversations with the Debtors' counsel, to stay any litigation involving the designated disputes during the mediation process.  Aflac has asked which of the Enforceability Actions, including, specifically, the Aflac Action, are to be so designated and stayed, but the Debtors say they have not yet made that determination.

## ARGUMENT

4.      Aflac does not object generally to the Motion or to mediating its dispute with the Debtors, so long as the mediation is conducted and concluded expeditiously, and the other Enforceability Actions are stayed while mediation is pending.  Absent those protections, the Motion should be denied.

5.      Aflac caused the Swaps to be terminated as of October 10, 2008, nearly 10 months ago.  Since then, Lehman's actions wrongfully have deprived Aflac of hundreds of millions of dollars of collateral consisting of securities that are at risk of devaluation in one of the most volatile times in history of the modern financial markets.  An open-ended mediation process could be drawn out and give the Debtors unfair leverage over Aflac and counterparties to other Lehman-sponsored swaps in negotiating a settlement of their disputes.  To avoid this possibility, it is reasonable to require that if Lehman wants to mediate these disputes, such

mediations be concluded within a reasonable period which, under the circumstances, should not exceed 60 days.

6.      More importantly, neither Aflac nor any other credit default swap counterparty should be forced into mandatory mediation and stayed from litigating the issues concerning enforceability of the termination provisions as a matter of law if Lehman intends to proceed with litigation on those very same issues in any other cases.  While the values involved in these transactions are huge, the legal issues are relatively straightforward, and may be readily resolved on summary judgment.  So for those parties who are prepared to move for and be heard on argument for summary judgment on these issues promptly, there is no reason not to allow them to do so if the issues are to be considered by the Court in any event.

7.      Aflac is such a party, and is prepared to file its opening brief in support of summary judgment in the Aflac Action immediately.  All Aflac requests is the opportunity to do so and to be heard along with any other parties who have an interest in these issues at the earliest time the Court determines to consider them in any pending case.  To the extent the relief sought in the Motion would preclude Aflac from being so heard, the Motion should be denied.

## <u>CONCLUSION</u>

For all of the foregoing reasons, Aflac respectfully requests that the Motion be denied or, if granted, the relief should be made subject to the conditions explained above.

Dated: New York, New York
       July 31, 2009

                              Respectfully submitted,


                              */s/ Sally McDonald Henry*
                              Sally McDonald Henry
                              SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                              LLP
                              Four Times Square
                              New York, New York 10036
                              Telephone: (212) 735-3000
                              Facsimile:  (212) 735-2000

                              -and-

                              Anthony W. Clark (admitted *pro hac vice*)
                              Robert A. Weber (admitted *pro hac vice*)
                              SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                              LLP
                              One Rodney Square
                              Wilmington, Delaware 19899
                              Telephone:  (302) 651-3000
                              Facsimile:   (302) 651-3001

                              *Attorneys for American Family Life Assurance*
                              *Company of Columbus*