| | |
|---|---|
| David W. Dykhouse<br>Brian P. Guiney<br>**PATTERSON BELKNAP WEBB & TYLER** LLP<br>1133 Avenue of the Americas<br>New York, New York 10036-6710<br>Telephone: (212) 336-2000<br>Fax: (212) 336-2222 | Hearing Date: August 5, 2009 at 10:00 a.m.<br>Objection Deadline: July 31, 2009 at 4:00 p.m. |

Attorneys for Asbury Atlantic, Inc. and Asbury-Solomons, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
          :
In re:         :  Chapter 11
          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*    :  Case No. 08-13555 (JMP)
          :
          Debtors.      :  Jointly Administered
          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**LIMITED OBJECTION OF ASBURY ATLANTIC,
INC. AND ASBURY-SOLOMONS, INC. TO DEBTORS'
MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY
CODE AND GENERAL ORDER M-143 FOR AUTHORIZATION TO
IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR
AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVE CONTRACTS**

Asbury Atlantic, Inc. ("AAI"), and Asbury-Solomons, Inc. ("ASI" and, together with AAI, "Asbury"), by their undersigned counsel, respectfully submit this limited objection to the motion of the debtors and debtors-in-possession herein ("Debtors") dated July 20, 2009, pursuant to Section 105(a) of the Bankruptcy Code and General Order M-143 for authorization to implement alternative dispute resolution procedures for affirmative claims of Debtors under derivative contracts ("Motion"). Asbury respectfully states as follows:

  1. AAI and Lehman Brothers Special Financing, Inc. ("LBSF"), one of the Debtors, are parties to an interest-rate swap documented with a Master Agreement dated Decem-

ber 8, 2006 and a related confirmation and schedule ("AAI Swap").  ASI and LBSF are parties to an interest-rate swap documented with a Master Agreement dated March 15, 1999 and a related confirmation and schedule (together with the AAI Swap, "Asbury Swaps").[1]

2.  Under the terms of the Asbury Swaps, LBSF's bankruptcy filing was a default that gave Asbury the right – ***but not the obligation*** – to elect to terminate the Asbury Swaps at any time prior to their maturity.  In contrast, no default exists that gives LBSF the right to terminate the Asbury Swaps.  To date, the Asbury Swaps have not been terminated.

3.  The Motion seeks authority to implement a set of alternative dispute resolution procedures with respect to "the affirmative claims of the Debtors for monetary recovery arising from their terminated and open prepetition Derivative Contracts."  Motion ¶ 8.  But as between Asbury and the Debtors, there is no dispute.  The Debtors have not filed an adversary proceeding, motion or any other form of process against Asbury.  Nor have the Debtors ever disputed the fact that Asbury and Asbury alone has the option to terminate the Asbury Swaps.

4.  Instead, the Debtors have made only the conclusory statement in the Motion that certain "counterparties have refrained from giving notice of termination presumably because termination would result in a net payment to a Debtor."  Motion ¶ 9.  Even if this assertion is correct, the Debtors cannot manufacture a dispute merely because another party has taken or refrained from taking an action that it has the contractual right to take or refrain from taking, nor can they implicate a counterparty for acting, consistently with its contractual rights, in its own best economic interests.  Yet the Motion, if granted, would force Asbury to participate in costly and perhaps lengthy dispute resolution procedures – under penalty of drastic sanctions if they refuse – to settle a dispute that does not presently exist.  There is no authority in the Bankruptcy

---

[1] The documentation of both Asbury Swaps was based on widely-used ISDA forms, but the terms were customized in important respects.

- 2 -

3430495v.2

Code or any applicable Court order that permits the Debtors to compel a party to spend time and resources to engage in a process to resolve a non-existent dispute.[2]

5. If a dispute between Asbury and the Debtors ever arises, by virtue of either a change in circumstances (*e.g.*, an Event of Default by Asbury under either of the Asbury Swaps) or the commencement of an adversary proceeding by LBSF that withstands scrutiny under, among others, Rules 7012 and 9011 of the Federal Rules of Bankruptcy Procedure), then Asbury could properly be compelled to engage in mediation under the terms of the Standing Order (as defined in the Motion). To that end, Asbury has proposed that the following language be added to the end of the third paragraph of the proposed order annexed to the Motion:

> **Nothing in this Order shall authorize a Debtor to (i) designate a dispute to the Derivatives ADR Procedures that does not theretofore exist by virtue of the commencement of an adversary proceeding or other legal proceeding, the giving of a notice of default or termination, the exercise of an option or other action exercising legal or contractual rights (a disagreement about the extent, if any, to which a Derivative Contract has recovery potential, without more, is not such a dispute) or (ii) make a demand that is not warranted by such Debtor's rights under the Derivative Contract and applicable non-bankruptcy law.**

As of the time of the filing of this Limited Objection, the Debtors have not accepted Asbury's invitation to resolve its objection to the Motion by inclusion of the foregoing language.

6. Any order approving the Motion should also make clear that it does not alter the substantive rights of the parties. The stated purpose of the Motion is the promotion of judicial economy and the efficient marshalling of property of the estate for distribution to creditors. But whether by design or only by effect, the Motion could be read to endorse the re-writing of contractual terms to help the Debtors monetize an asset that they have heretofore been unable to

---

[2] The Debtors cite mediation orders entered in the *Enron Corp.* and *Ames Department Stores* cases as authority for the relief requested in the Motion. Motion ¶ 38. But in those cases, by the Debtors' own admission, the mediation was ordered only *after* an adversary proceeding was commenced. By contrast, the Debtors here seek authority to force Asbury and other similarly-situated counterparties to submit to mediation of an imaginary dispute.

- 3 -

3430495v.2

sell.[3] Any ambiguity in this regard should be clarified by the Court. To that end, Asbury has proposed that the following language be added to the end of the second sentence of paragraph 6 of the proposed order annexed to the Motion:

> **, nor shall anything contained herein be construed to abridge, enlarge or otherwise modify the rights and obligations of any Derivatives Counterparty under a Derivative Contract or applicable non-bankruptcy law or to provide a right or remedy under a Derivative Contract to a Debtor that is not provided thereby or by applicable non-bankruptcy law.**

As of the time of the filing of this Limited Objection, the Debtors have not accepted Asbury's invitation to resolve its objection to the Motion by inclusion of the foregoing language.

7.  Asbury reserves all rights with respect to the Asbury Swaps and to supplement this Limited Objection.

---

[3] Indeed, as the Debtors note in the Motion, they have already received authority to assign Derivative Contracts in accordance with criteria established by this Court. Motion ¶ 11, n. 1.

**WHEREFORE**, Asbury requests that the Court either deny the relief requested in the Motion or grant the relief requested in the Motion only on terms consistent with this Limited Objection, and award Asbury such other or further relief as is just and proper.

Dated: New York, New York
July 31, 2009

Respectfully submitted,

**PATTERSON BELKNAP WEBB & TYLER LLP**
Attorneys for Asbury Atlantic, Inc. and Asbury-Solomons, Inc.

By:    **s/David W. Dykhouse**
       David W. Dykhouse
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Fax: (212) 336-2222