HAYNES AND BOONE, LLP
Jason A. Nagi (JN 6891)
1221 Avenue of the Americas
26th Floor
New York, NY 10020
Telephone: (212) 659-7300
Facsimile:  (212) 918-8989

Hearing Date and Time: August 5, 2009, at 10:00 a.m. ET
Objection Deadline: July 31, 2009, at 4:00 p.m. ET

*Counsel for Highland Capital Management, L.P.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X
In re                                                       :
                                                                  :    Chapter 11
                                                                  :
Lehman Brothers Holdings Inc., *et al*.    :    Case No.  08-13555 (JMP)
                                                                  :
                                                                  :    (Jointly Administered)
                              Debtors       :
------------------------------------------------------X

**LIMITED OBJECTION TO DEBTORS' MOTION PURSUANT TO SECTION 105(A)
OF THE BANKRUPTCY CODE AND GENERAL ORDER M-143 FOR
AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION
PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER
DERIVATIVE CONTRACTS [Docket No. 4453]**

Highland Capital Management L.P., and its related funds ("Highland"), by their counsel, Haynes and Boone, LLP ("Haynes and Boone"), hereby submit this limited objection (the "Limited Objection") to the Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-143 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivative Contracts (the "ADR Motion") and respectfully state as follows:

**BACKGROUND**

1.        On September 15, 2008 (the "Petition Date"), and on various dates thereafter, Lehman Brothers Holdings Inc. and its affiliated debtors (the "Debtors") commenced voluntary

cases under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

2. On the Petition Date, the Highland entities were parties to certain derivative contracts with the Debtors.[1]

3. On July 20, 2009, the Debtors filed the ADR Motion seeking entry of an order pursuant to Section 105(a) of the Bankruptcy Code and the Court's General Order M-143 (the "Standing Order") implementing alternative dispute resolution procedures with respect to prepetition Derivative Contracts[2] and the affirmative claims of Debtors for monetary recovery arising from Derivative Contracts with Recovery Potential.

## LIMITED OBJECTION

4. Highland objects to the ADR Motion on the limited basis that the ADR Motion fails to provide for certain protections to which the Derivative Creditors should be entitled.

5. First, the ADR Motion does not provide a sufficient reservation of rights for Derivative Counterparties. Any order granting the relief requested in the ADR Motion should provide, at a minimum, that each Derivative Counterparty retains all of its rights under bankruptcy and applicable non-bankruptcy law.

6. Second, the Derivative ADR Procedures do not provide a mechanism for Derivative Counterparties to contest the applicability of the Derivative ADR Procedures after receiving a Derivative ADR Notice. For example, a Derivative Counterparty may receive a Derivative ADR Notice despite the fact that the Derivative Counterparty's position is that Lehman is "out of the money." In this scenario, the Derivative ADR Procedures would require

---

[1] By filing the Limited Objection, Highland makes no representations or admissions of any type whatsoever regarding the applicability of the proposed ADR Procedures to particular Derivative Contracts.

[2] Capitalized terms not otherwise defined herein shall have the meaning assigned to them in the ADR Motion.

the Derivative Counterparty to provide an answer, engage in settlement discussions, participate in mediation, and follow all the other provisions of the Derivative ADR Procedures based on the Debtors' unilateral determination that the applicable Debtor is "in the money." Any order granting the relief requested in the ADR Motion should provide that a Derivative Counterparty may include an objection to the application of the Derivative ADR Procedures in their response to a Derivative ADR Notice and that such objection will be determined by the Court prior to any mediation. This request is consistent with the provisions of General Order M-143.

7. Third, the Derivative ADR Procedures do not provide a mechanism for Derivative Counterparties to consolidate ADR proceedings for multiple Derivative Contracts. If a Derivative Counterparty is a party to more than one Derivative Contract, the Derivative Counterparty should not be forced to participate in the Derivative ADR Procedures multiple times. Additionally, if a Derivative Counterparty is a party to multiple Derivative Contracts -- some where the applicable Debtor is arguably in the money, and others where the applicable Debtor is arguably out of the money -- the Derivative Counterparty should have the option to mediate all of those Derivative Contracts in the same proceeding. Any order granting the relief requested in the ADR Motion should provide that, when applicable, a Derivative Counterparty may include in their response to a Derivative ADR Notice a request to consolidate mediation for all of its Derivative Contracts. The order should provide that consolidated mediation can be agreed to by the parties or ordered by the Court prior to mediation. This request is consistent with the provisions of General Order M-143.

8. Fourth, it is unclear in the ADR Motion whether a Derivative Counterparty is required to serve any further pleading after the Debtors' serve their reply. This potential

ambiguity in paragraph 20 of the ADR Motion should be clarified to avoid confusion regarding the Debtors' proposed sanctions.

9. Finally, to the extent the Court approves ADR procedures, a process should be included that would allow the Derivative Creditors to take full advantage of the ADR procedures for all Derivative Contracts and not have participation be dependent on the Debtor's service of a Derivative ADR Notice.[3] Clearly, the Debtors argue that the ADR procedures are an efficient method for resolving claims based on the Derivative Contracts, and the Derivative Creditors should be permitted to participate in any efficiencies that will be implemented if this Court approves the ADR procedures. This request is consistent with the provisions of General Order M-143.

FOR ALL THE ABOVE STATED REASONS, Highland respectfully requests that the Court (a) deny the relief requested in the ADR Motion as proposed, and (b) grant such further relief as the Court deems just.

Dated: July 31, 2009
    New York, New York

> HAYNES AND BOONE, LLP
> *Counsel for Highland Capital Management, L.P.*
>
>   */s/ Jason A. Nagi*
> Jason A. Nagi (JN 6891)
> 1221 Avenue of the Americas
> 26th Floor
> New York, NY 10020
> Telephone: (212) 659-7300
> Facsimile: (212) 918-8989

---

[3] The concern is that the Debtors will simply not serve a Derivative ADR Notice on the Derivative Creditors if the Derivative Creditors are parties to Derivative Contracts where the Derivative Creditors are "in the money."

# CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing *Limited Objection to Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-143 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivative Contracts [Docket No. 4453]* was served via hand delivery, on July 31, 2009, upon the parties listed below with a courtesy copy to the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601.

                                                        */s/ Jason A. Nagi*

**Attorneys for the Debtors**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Lori R. Fife, Esq.,
Shai Y. Waisman, Esq., and
Jacqueline Marcus, Esq.,

**Office of the United States Trustee**
**for the Southern District of NY**
33 Whitehall Street, 21st Floor
New York, New York, 10004
Attn: Andy Velez-Rivera, Esq.,
Paul Schwartzberg, Esq.,
Brian Masumoto, Esq.,
Linda Riffkin, Esq., and
Tracy Hope Davis, Esq.

**Attorneys for the Official Committee**
**of Unsecured Creditors**
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York, 10005
Attn: Dennis F. Dunne, Esq.,
Dennis O'Donnell, Esq., and
Evan Fleck, Esq.