HUNTON & WILLIAMS LLP                    Hearing Date and Time:  8/05/09 at 10:00 a.m.
Peter S. Partee
Scott H. Bernstein
200 Park Avenue, 53rd Floor
New York, New York 10166-0136
(212) 309-1000

-and-

J.R. Smith (admitted *pro hac vice*)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
(804) 788-8200

*Counsel for Gaselys*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 08-13555 |
| **LEHMAN BROTHERS HOLDINGS, INC.,** *et al.* | (JMP) |
| | (Jointly Administered) |
| Debtors. | |
-------------------------------------------------------------x

**OBJECTION OF GASELYS TO**
**DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY**
**CODE AND GENERAL ORDER M-143 FOR AUTHORIZATION TO IMPLEMENT**
**ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR**
**AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVE CONTRACTS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Gaselys ("Gaselys"), by and through its undersigned counsel, hereby submits this

objection (the "Objection") to the *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy*

*Code and General Order M-143 for Authorization to Implement Alternative Dispute Resolutions*

*for Affirmative Claims of Debtors Under Derivative Contracts* [Docket No. 4453] (the

"Mediation Motion") filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").

## SUMMARY OF THE OBJECTION

While Gaselys has no objection to the Debtor's efforts to establish an alternate dispute resolution process in connection with the prepetition derivatives contracts (the "Derivatives Contracts"), Gaselys objects to the Debtors efforts to obtain entry of an order that (i) authorizes the mediator to certify legal issues to the Court for decision -- essentially sanctioning a process whereby the Court will render advisory opinions; (ii) provides no mechanism for business principals of foreign companies to participate in the Mediation without incurring the costs of traveling to New York; (iii) provides a mechanism for the Debtors to obfuscate the mediation process by arguing that counterparties to the Derivatives Process failed to mediate in good faith and therefore that Debtors should be awarded the full value of the amount specified in the Debtor's Derivatives ADR Notice;[1] and (iv) requires counterparties to the Derivatives Contracts to bear the burden of the costs of mediation. For these reasons and any additional reasons discussed below or at any hearing on this Objection, Gaselys respectfully requests that the Mediation Motion be denied to the extent provided herein.

## ARGUMENT

Gaselys is a party in interest in these bankruptcy cases and a counterparty to a number of prepetition Derivatives Contracts with certain of the Debtors. Gaselys has attempted to engage in a substantive dialogue with the Debtors concerning certain of the derivative contracts since the Debtors filed their bankruptcy petitions. Gaselys objects to the Debtors' proposed form of order setting forth the proposed mediation procedures because it requests that the Court authorize

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Mediation Motion.

"[t]he mediator . . . to certify specific legal issues to the court for decision" in violation of Article III of the United States Constitution. *[Proposed] Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors under Derivatives Contracts*, ¶ 10.b.

It is axiomatic that the United States Constitution limits the jurisdiction of federal courts to actual "cases" or "controversies." U.S. Const. art III, § 2, cl. 1. In *Public Service Commission of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 244 (1952), the United States Supreme Court instructed that the actual "case" or "controversy" requirement is satisfied when "the disagreement [is not ] nebulous or contingent but [has] taken a fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on its adversaries, and some useful purpose [is] to be achieved in deciding them." Bankruptcy courts are subject to the jurisdictional constraints of Article III of the United States Constitution. *See The Bank of New York v. Adelphia Communications Corp. (In re Adelphia Communications Corp.)*, 307 B.R. 432, 447 fn. 5 (Bankr. S.D.N.Y. 2004) (citation omitted) (holding that the bankruptcy court cannot give an advisory opinion when there is no actual "case" or "controversy").

By requesting entry of an order authorizing the mediator "to certify specific legal issues to the court for decision," the Debtors are improperly trying to create a predicate upon which they may seek an advisory opinion of this Court declaring what the law would be upon a hypothetical state of facts based on a disagreement that is nebulous, contingent, and not the subject of a pending contested matter before this Court. Accordingly, it would be a violation of the "case" or "controversy" requirement for this Court to authorize any mediator that may be appointed in these cases to certify legal issues to this Court for decision. *See Public Service Commission of Utah v. Wycoff Co., Inc.*, 344 U.S. at 244.

Moreover, the Debtors' efforts to obtain advisory opinions of this Court would provide them with significant settlement leverage when favorable to them and a chance for a complete do-over in front of this Court when the advisory opinions are favorable to the non-debtor party. Thus, this aspect of the proposed mediation procedures also violates the mandate of the United States Supreme Court that "some useful purpose . . . be achieved" by decisions of the federal courts.

Gaselys also objects to the proposed order to the extent that it requires in-person participation of a business principal. *[Proposed] Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors under Derivatives Contracts*, ¶ 10.f.  Gaselys has its principal place of business in Paris, France and respectfully submits that the in-person requirement of the proposed order provides the Debtor with unfair leverage in the pre-Mediation stages of the bargaining process because the costs of sending a business principal to New York would be extensive.  Gaselys respectfully submits that it should be permitted to designate an in-person representative to attend any mediation proceedings; provided however, that a business principal with settlement authority would be available to participate by telephone or video conference, as necessary in connection with any Mediation.

While Gaselys has no objection per se to the good faith requirement proposed by the Debtors, the process as requested by the Debtors should be designed to mitigate the need for litigation -- not create new litigation.  Gaselys objects to the provision as set forth in the Mediation Motion and proposed order that would allow the Debtor to recover against a Derivative Counterparty "an award of the Derivatives ADR Dispute up to the amount specified in the Debtor's Notice." *[Proposed] Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors under Derivatives Contracts*, ¶ 12.b.  By allowing one party to

recover the amount in controversy and fees due to an assertion that the other party failed to act in good faith, the Mediation Motion invites endless litigation to define the subjective intent of a party.  As a matter of policy, while the proposed process is designed to reduce litigation, the Mediation Motion actually invites litigation with respect to this aspect of the process.  Because the mediation is non-binding, this process would effectively allow a party to obfuscate the process by arguing that the counterparty has failed to act in good faith, the Mediation Motion effectively eviscerates the benefits of the proposed process.

Additionally, Gaselys requests that paragraph 15 of the proposed order annexed to the Mediation Motion be revised to provide that the reasonable costs and expenses charged by the Mediator should be split equally by the parties, instead of being borne by the party that is requesting the mediation.  *[Proposed] Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors under Derivatives Contracts*, ¶ 15.

Gaselys respectfully submits that, at a minimum, any order granting the Mediation Motion must (i) deny the mediator the power to certify legal issues to this Court for decision, (ii) provide a mechanism, where appropriate, for business principals with settlement authority to participate in mediation proceedings remotely; (iii) deny the debtors' request to be able to seek sanctions including an award of the Derivatives ADR Dispute up to the amount specified in the Debtor's Notice against parties that are allegedly not mediating in "good faith;" and (iv) provide that the reasonable costs and fees of the mediator are to be shared equally by the parties to the mediation.

Respectfully submitted this 31st day of July 2009.

HUNTON & WILLIAMS LLP

*/s/ Peter S. Partee*
Peter S. Partee
Scott H. Bernstein
200 Park Avenue, 53rd Floor
New York, New York 10166-0136
(212) 309-1000

    -and-

J.R. Smith (admitted *pro hac vice*)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
(804) 788-8200

*Counsel for Gaselys*