ALSTON & BIRD LLP
Martin G. Bunin, Esq.
90 Park Avenue
New York, N.Y. 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

and

James C. Grant, Esq.
William S. Sugden, Esq.
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Consolidated Container Company LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                                           :
In re:                                                     :   Chapter 11
                                                           :
LEHMAN BROTHERS HOLDINGS, INC.,                            :   Case No. 08-13555 (JMP)
et al.                                                     :
                                                           :   (Jointly Administered)
        Debtors.                                           :
-----------------------------------------------------------x
```

**LIMITED RESPONSE OF CONSOLIDATED CONTAINER COMPANY LLC TO
DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO
BANKRUPTCY RULE 2004 COMPELLING DISCOVERY [DOCKET NO. 4465]**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Consolidated Container Company LLC ("CCC") files this limited response to the

above-captioned debtors (the "Debtors") motion (the "Rule 2004 Motion") to conduct

discovery of CCC pursuant Rule 2004 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").[1] As set forth in the documents the Debtors attach to the Rule 2004

Motion, CCC has been proactive in attempting to address questions posed by the Debtors

to CCC. Among other things, months ago CCC proposed that the parties proceed to

mediation.[2] CCC does not object to the Debtors' conducting discovery in accordance

with Rule 2004; however, the requested relief does not comply with the rules applicable

to third party discovery under Rule 2004. The Court should not enter an Order granting

the Rule 2004 Motion that does not comply with the rule itself.

The second decretal paragraph of the proposed Order purports to require CCC "to

produce all responsive documents … by 10:00 a.m. (New York time) on August 25,

2009 …." The third decretal paragraph requires CCC to "designate an individual or

individuals … and produce that individual(s) to be examined by the Debtors under

oath … and the examination shall be taken on September 11, 2009…."

These provisions of the proposed Order purport to compel CCC to comply on the

terms set forth therein. However, because CCC is not a party to this proceeding, the

Debtor is required to comply with Rule 2004(c). Rule 2004(c) protects third parties such

as CCC and provides that "[t]he attendance of an entity for examination and for the

production of documents … may be compelled as provided in Rule 9016…." Rule 9016

in turn incorporates Rule 45 of the Federal Rules of Civil Procedure (the "Civil Rules")

---

[1]     CCC files this limited response solely to protect its legal rights and interests. CCC does not, by
the filing of this limited response, consent to the jurisdiction of this Court, nor does it consent to the entry
by this Court of a final order in any non-core matter. CCC reserves its rights in all respects.

[2]     Contemporaneous with the filing of this limited response, CCC is filing an objection to the
Debtors' "Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-143 for
Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors
Under Derivative Contracts" (the "ADR Motion"). While CCC has been proactive in attempting to address
issues between CCC and the Debtors through alternative dispute resolution procedures, as set forth in
CCC's objection to the ADR Motion, the ADR Motion imposes inappropriate burdens on counterparties to
derivatives contracts, such as CCC.

and the attendant protections for third parties such as CCC contained in Rule 45.

CCC does not object to entry of an Order granting the Rule 2004 Motion,

provided that any such Order complies with Rule 2004(c) and requires the Debtors to

proceed in accordance with Rule 9016 of the Bankruptcy Rules such that CCC, if

necessary, can invoke the protections of Rule 45 of the Federal Rules of Civil Procedure.

The proposed Order ignores the existence of these important rights.  CCC reserves its

rights to object to or otherwise seek to quash or modify any subpoena so issued.

Respectfully submitted this 31st day of July 2009.

<div style="margin-left: 40%;">

/s/ Martin G. Bunin

ALSTON & BIRD LLP
Martin G. Bunin, Esq.
90 Park Avenue
New York, N.Y. 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
and

James C. Grant, Esq.
William S. Sugden, Esq.
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Consolidated Container
Company, LLC*

</div>