DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Phone: (212) 698-3500
Fax:    (212) 698-3599
Glenn E. Siegel
Alessandra Tebaldi-Castelli

*Attorneys for Frank Russell Company*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                              :
In re:                                        :    Chapter 11
                                              :
LEHMAN BROTHERS HOLDINGS, INC. et al.,        :    Case No. 08-13555 (JMP)
                                              :
                    Debtors.                  :    Jointly Administered
                                              :
-------------------------------------------------------------X

### LIMITED OBJECTION BY RUSSELL INVESTMENT GROUP TO MOTION OF DEBTORS FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVE CONTRACTS

Frank Russell Company d/b/a Russell Investment Group ("**Russell**"), by and through its undersigned attorneys, hereby submits this limited objection (the "**Objection**") to the Debtors' *Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-143 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivative Contracts* (the "**ADR Motion**") [Docket No. 4453]. In support of the Objection, Russell respectfully represents as follows:

15210226

**Background**

1. Russell acts as investment manager for various domestic and foreign persons (the "**Russell Clients**") that are parties to numerous terminated and open prepetition derivative contracts with certain of the Debtors (the "**Russell Clients' Agreements**").

2. The ADR Motion seeks authorization, pursuant to section 105(a) of the Bankruptcy Code and the Court's General Order M-143 (the "**Standing Order**"), to implement certain alternative dispute resolution procedures (the "**ADR Procedures**") with respect to prepetition Derivative Contracts and the affirmative claims of the Debtors for monetary recovery arising from their terminated and open prepetition derivative contracts, including, but not limited to, swap agreements and forward contracts (the "**Derivative Contracts with Recovery Potential**"). On information and belief, the ADR Motion applies to the Russell Clients' Agreements.

**Summary of Russell's Position**

3. Russell does not object to the resolution of the Debtors' affirmative claims under the Russell Agreements through the ADR Procedures *per se*. Russell does, however object to the mechanism and scope of the ADR Procedures proposed by the Debtors, for several reasons. First, Russell objects to the inclusion of "a person or entity who exercised or failed to exercise duties in relation to such a contract" within the definition of "Derivative Counterparties" in paragraph 2 of the order accompanying the ADR Motion (the "**Proposed Order**"), as it enables the Debtors to treat a non-party to Derivative Contracts as the contract counterparty for the purposes of the mediation proscribed by the Proposed Order.[1]

---

[1] Capitalized terms used and not defined herein shall have the meaning ascribed to them in the ADR Motion.

2

4. Second, Russell objects to the limited scope of the ADR Procedures because it believes that, in addition to applying to the Debtors' affirmative claims, the ADR Procedures should apply to all counterclaims that any Derivative Counterparty may have against the Debtors.

5. Third, Russell objects to the requirement contained in paragraph 10(f) of the Proposed Order that all participants in the mediation "must appear in person with a business principal who has settlement authority," as this requirement is unduly burdensome, expensive and unnecessary in the media age where parties can attend conferences, including court hearings, via teleconferencing or videoconferencing.

6. Finally, the procedures established by the Proposed Order are inflexible, unduly restrictive and punitive to a degree wholly inconsistent with the spirit of mediation and the Standing Order.

**Objections**

7. First, Russell objects to the definition of "Derivative Counterparties" contained in paragraph 2 of the Proposed Order because the inclusion of "a person or entity who exercised or failed to exercise duties in relation to such a contract" within such definition would capture persons that are not parties to the Derivative Contracts and the Derivative Contracts with Recovery Potential, including investment managers such as Russell itself, whose contractual agreements with their clients and applicable law, provide them with no authority to settle and/or reach a binding compromise.[2]

---

[2] As previously stated to the Debtors, Russell does not have the authority to settle and/or reach a binding compromise with respect to the claims the Debtors may have against certain foreign Russell Clients in connection with the Russell Clients' Agreements.

8.  The Proposed Order should be revised to include within the definition of Derivative Counterparties the actual parties to Derivative Contracts and Derivative Contracts with Recovery Potential that the Debtors wish to subject to mediation.

9.  In addition, the definition of "Derivative Counterparties" contained in paragraph 2 of the Proposed Order appears to create jurisdiction over foreign parties without any analysis or evidence that such parties are properly subject to United States jurisdiction. Upon information and belief, many of the counterparties to Derivative Contracts and Derivative Contracts with Recovery Potential with the Debtors are foreign entities, including some of the Russell Clients, and did not file a proof of claim in this case. It is quite possible, that this Court has no personal jurisdiction over such foreign counterparties. The Proposed Order should be clarified to provide that the service by the Debtors of a Derivative ADR Package does not create jurisdiction, and the Proposed Order, when entered, is not binding over a party who is not otherwise subject to this Court's jurisdiction.

10.  Second, Russell objects to the limited scope of the ADR Procedures because they fail to include all the counterclaims that the Derivative Counterparties may have against the Debtors. It is unfair and unreasonable to exclude such counterclaims from any determination of the proper extent of the obligations between the parties.

11.  Third, Russell objects to the requirement contained in paragraph 10(f) of the Proposed Order whereby "all participants in the mediation for the applicable Derivative ADR Dispute, must appear in person with a business principal who has settlement authority". Even to the extent that foreign parties are appropriately subject to United States jurisdiction, it is overly burdensome, expensive and unjust to require foreign parties as well as parties located throughout the United States, to incur travel, airfare, and lodging expenses in order to appear in person.

4

12.     Russell respectfully submits that business representatives for counterparties to Derivative Contracts located beyond a 100 mile radius of the location of the mediation, may appear telephonically and/or videoconferencing as arranged for and paid by the Debtors.

13.     Finally, the Proposed Order is extremely rigid, punitive and inconsistent with the spirit of mediation.  Mediation is a flexible process designed to achieve consensual resolution of a pending dispute.  See Standing Order, Preliminary Statements ("Whereas the court believes that a program of Mediation/Voluntary Arbitration may potentially reduce the number of disputes needing the attention of the court…..Whereas the court wishes to encourage and promote, at appropriate stages in bankruptcy proceedings, the use of innovative, cost efficient, speedy methods of resolving disputes other than adjudication by a presiding judge.").  The procedures proposed by the Debtors are anything but that.

14.     The procedures proposed by the Debtors impose strict deadlines that, as a result, do not accommodate any potential issues that will need to be addressed before a deadline set in the Proposed Order is set to expire.  While the proposed procedures provide the mediator with the broadest possible discretion, they do not, at least not specifically, allow the mediator, or the parties, to modify specific terms and timelines established by the Proposed Order.  The inflexibility takes an ominous turn when one of the sanctions proposed for failure to comply with the process is awarding the Debtors the amount sought by them in the Mediation.

15.     In light of the foregoing, Russell believes that should the Court order mediation with respect of Derivative Contracts with Potential Recovery, the mediation process should be governed by the Standing Order with no unnecessary coercive, punitive and inflexible provisions as those contained in the Proposed Order.

5

**Conclusion**

16.     For these reasons, Russell respectfully requests that any order approving the ADR Procedures (i) specify that paragraph 2 of the Proposed Order shall be modified to delete "a person or entity who exercised or failed to exercise duties in relation to such a contract" from the definition of "Derivative Counterparties," (ii) be clarified to provide that the service by the Debtors of a Derivative ADR Package does not create jurisdiction, and the Proposed Order, when entered, is not binding over a party who is not otherwise subject to this Court's jurisdiction; (iii) specify that the ADR Procedures apply to all counterclaims any Derivative Counterparty may have; (iv) specify that all participants in the mediation may appear by telephone or videoconference; (v) conform the Proposed Order to the Standing Order; and (vi) grant Russell such other and further relief as this Court deems just and proper.

Dated: July 31, 2009         Respectfully Submitted,
       New York, New York
                             DECHERT LLP

                             /s/ Glenn E. Siegel
                             Glenn E. Siegel
                             Alessandra Tebaldi-Castelli
                             1095 Avenue of the Americas
                             New York, New York 10036
                             Phone: (212) 698-3500
                             Fax:   (212) 698-3599
                             glenn.siegel@dechert.com
                             alessandra.tebaldi-castelli@dechert.com

                             *Attorneys for Frank Russell Company,*
                             *d/b/a Russell Investment Group*

6