# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | |
|---|---|
| In re | : |
| ENRON CORP., et al., | : Chapter 11 |
| Debtors. | : Case No.: 01-16034 (AJG) |
| | : Jointly Administered |

-------------------------------------------------------------x

## ORDER GOVERNING MEDIATION OF TRADING CASES

The Court having *sua sponte* directed the mediation of all adversary proceedings involving trading agreements and the Court having defined for the parties the procedures to be followed, it is hereby:

ORDERED that, in light of certain common issues shared, including the enforceability and applicability of setoff, recoupment, arbitration, and termination provisions, the calculation and payment of termination payments, alleged grounds for rescission and the significant dollar amounts at issue for both Debtors and the counterparties, the twenty five (25) adversary proceedings listed on Exhibit "A" hereto (the "Pending Trading Cases") and any future adversary proceedings between or among counterparties to wholesale trading and retail agreements (collectively the "Trading Cases") are referred to coordinated and confidential mediation to be conducted by the Honorable Allan L. Gropper of the United States Bankruptcy Court for the Southern District of New York, who shall have the broadest possible discretion as mediator, consistent with the Standing Order described below, in regard to each Trading Case, including without limitation, the grouping of Trading Cases and, if the affected parties agree, certifying specific legal issues to this Court for decision; and it is further

ORDERED that, to facilitate such mediation, each plaintiff and defendant-side to a Pending Trading Case shall by no later than 5:00 p.m. (EST) on March 5, 2003, unless otherwise ordered by the Court, prepare and provide to Judge Gropper (and serve only on opposing counsel in that case), a brief summary of the essential issues in the matter (the "Summaries"), attach thereto any significant pleadings previously filed by the side providing the Summary and identify by docket number all pleadings previously filed by that side; and it is further

ORDERED that, Summaries are not to be filed with this Court electronically or otherwise, nor otherwise disclosed to any other person or party, unless consented to by the party who submitted the Summary; and it is further

ORDERED that, counsel (only) for each party to a Pending Trading Case shall appear in person on March 12, 2003 at 2:30 p.m. (EST) in Courtroom 617 of the United States Bankruptcy Court for the Southern District of New York, located at Alexander Hamilton Custom House, One Bowling Green, New York, New York, for the initial (non-public) mediation, at which time Judge Gropper will provide further instructions; and it is further

ORDERED that, until further Order of this Court, all pending motions seeking to arbitrate or to modify the automatic stay in order to seek arbitration (including any scheduled hearings on, and any scheduled briefing in, already pending motions) are stayed and no party shall take any action to commence arbitration of an issue or dispute related to a Trading Case, but such party may file a motion to compel arbitration or to modify the automatic stay to seek arbitration; provided, however, that nothing in this paragraph shall prevent any party that has not yet filed an answer to a complaint in a Trading Case from stating in its answer that the matter should be determined by

arbitration, which statement will be deemed to preserve the issue of seeking entitlement to arbitration notwithstanding the filing of an answer; and it is further

ORDERED that, future Trading Cases may be commenced by filing adversary complaints by or against the Debtors, provided that (i) a copy of this Order and Exhibit "A" hereto (updated to include all then-pending Trading Cases), shall be served with the summons accompanying any such adversary complaint filed by the Debtors and the Debtors shall file a copy of this Order when an adversary complaint is served on them by a Trading Counterparty, and (ii) each such Trading Case shall be deemed referred to Judge Gropper for mediation as provided for in this Order; and it is further

ORDERED that, for all Trading Cases (notwithstanding the terms of this Order) motions to dismiss, motions involving collection matters, matters already *sub judice*, and the service and filing of adversary complaints, answers to such complaints, replies to counterclaims and dispositive motions in lieu of an answer, shall not be stayed and shall proceed as provided for in the Federal Rules of Bankruptcy Procedure and the Second Amended Case Management Order, and any response to such dispositive motion is hereby stayed; provided however, that although matters already *sub judice* are not stayed, any such *sub judice* matters, upon the joint request of the parties to any Trading Case, may be made the subject of mediation and may be stayed by the Court; and it is further

ORDERED that, until further Order of this Court, except for those proceedings referred to above, all proceedings in the Trading Cases, including pre-trial conferences, shall be adjourned and all discovery shall be stayed; and it is further

ORDERED that, this Order shall not affect the right of any party to file a motion to withdraw the reference of its case to this Court, and seek therein any other

appropriate relief, provided that a copy of this Order accompany any such motion filed with a District Court; and it is further

ORDERED that, all the provisions of the General Order #M – 117, dated November 10, 1993, providing for "Procedures Governing Mediation of Matters in Bankruptcy Cases and Adversary Proceedings" in the Bankruptcy Court for the Southern District of New York, and all amendments and future amendments thereto (the "Standing Order") shall apply to the mediation of the Trading Cases; and it is further

ORDERED that, the Court in its discretion may terminate the mediation at any time.

Dated:  New York, New York
        March 4, 2003

                                              **s/Arthur J. Gonzalez**
                                              United States Bankruptcy Judge

# EXHIBIT "A"

## PENDING TRADING CASES

1. Utah Associated Municipal Power Systems v. EPMI, 02-02250.

2. Enron Group v. Dynegy Group, 02-03468.

3. EESI v. IBM, 02-03537.

4. EPMI v. Select Energy, Inc, 02-03538.

5. EPMI v. Old Dominion Electric Cooperative, 02-03539.

6. EPMI v. Smurfit-Stone Container Corp., 02-03540.

7. EPMI v. AES Corp., 02-03541.

8. ENA Corp. v. The American Coal Co., 02-03542.

9. EPMI v. Santa Clara, 02-02719.

10. ENA Corp. v. Noble Gas Marketing Inc, Samedan Oil Corp & Aspect Resources, 02-03543.

11. Duke Energy Trading and Marketing & Duke Energy Merchants v. Enron Group, 02-03609.

12. ENA Corp. v. Tribune Co., 02-03033.

13. ENA Corp. v. Knight-Ridder, Inc., 02-03032.

14. EPMI v. Nevada Power Co.., 02-02520.

15. Enron Corp. v. Reliant Energy Services, Inc., 03-02073.

16. EPMI v. GPU Service, Inc., 03-02074.

17. EPMI v. The United Illuminating Co. and UIL Holdings Corp., 03-02065.

18. EPMI v. Public Utility District No. 1 of Snohomish County, 03-02064.

19. ENA Corp. v. City of Palo Alto, 03-02062.

20. EPMI v. City of Palo Alto, 03-02063.

21. EPMI v. Connectiv Energy Supply, Inc., 03-02066.

22. EPMI v. Valley Electric Association, Inc., 03-02107.

23. ENA v. Macromedia Inc. & North Jersey Media Group, 03-02094.

24. Enron Power Mktg., Inc. v. Luzenac America, Inc, 03-02096.

25. Cinergy Group v. Enron Group, 03-02097.