GREENBERG TRAURIG, LLP
Attorneys for FPL Energy Power Marketing, Inc. and
    Florida Power & Light Company
Maria J. DiConza
200 Park Avenue
New York, New York 10166
(212) 801-9200

- and -

Scott D. Cousins
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, Delaware 19801
Telephone: 302-661-7000
Facsimile:  302- 661-7360

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                   :
                                   :
**In re:**                                 :         Chapter 11 Case No.
                                   :
**LEHMAN BROTHERS HOLDINGS, INC.,** *et al.,*  :        08-13555 (JMP)
                                   :
                   Debtors.         :         (Jointly Administered)
------------------------------------------------------------------ x

**OBJECTION OF NEXTERA ENERGY POWER MARKETING, LLC (F/K/A FPL ENERGY POWER MARKETING, INC. ) AND FLORIDA POWER & LIGHT COMPANY TO DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND  GENERAL ORDER M-143 FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR <u>AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVE CONTRACTS</u>**

NextEra Energy Power Marketing, LLC (F/K/A FPL Energy Power Marketing, Inc.) (**"PMI"**) and Florida Power & Light Company (**"FPL,"** and together with PMI, the **"FPL Parties"**), hereby object to the *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-143 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivative Contracts* (the **"ADR**

**Derivative Contracts Motion"**), and in support thereof respectfully aver as follows:

### BACKGROUND

1. PMI is a party to that certain International Swap Dealers Association, Inc. Master Agreement dated as of January 30, 2007 (the **"PMI Agreement"**) by and between PMI and Lehman Brothers Commodity Services Inc. (**"LBCS"**). A copy of the PMI Agreement is annexed hereto as **Exhibit "A"**.

2. FPL is a party to that certain International Swap Dealers Association, Inc. Master Agreement dated as of August 14, 2006 (the "**FPL Agreement**," and together with the PMI Agreement, the **"FPL Parties' Agreements"**) by and between LBCS and FPL. In connection with the FPL Agreement, FPL delivered to LBCS a letter of credit No. 10050004/80085 issued by Scotiabank dated July 25, 2007 as amended on August 15, 2007 (the **"FPL Letter of Credit"**). A copy of the FPL Agreement is annexed hereto as **Exhibit "B"**.

3. On September 15, 2008, Lehman Brothers Holdings Inc. (**"LBHI"**) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the **"Bankruptcy Code"**).

4. On September 15, 2008, PMI delivered by hand to LBCS its Notice of Event of Default and Designation of an Early Termination Date (the "**PMI Notice of Early Termination**"). Pursuant to Section 5(a)(vii) of the FPL Agreement, an "Event of Default" occurred upon LBHI's filing of its chapter 11 voluntary petition. Section 5(a)(vii) of the PMI Agreement provides that if "any Credit Support Provider" (in this instance, LBHI was LBCS's Credit Support Provider under the PMI Agreement) files bankruptcy, this constitutes an "Event of Default." PMI Agreement, Section 5(a)(vii). The PMI Notice of Early Termination provided LBCS, *inter alia*, with notice of an "Event of Default" under the PMI Agreement. Moreover, the

2

PMI Notice of Early Termination designated September 17, 2008 as the "Early Termination Date" for all outstanding "Transactions" under the PMI Agreement. A copy of the PMI Notice of Early Termination is annexed hereto as **Exhibit "C"**.

5. Concurrently therewith, FPL delivered by hand to LBCS (i) its Notice of Event of Default and Designation of an Early Termination Date (the **"FPL Notice of Early Termination,"**) and (ii) its Notice of Demand of Return of Letter of Credit (the **"FPL Demand of Return of Letter of Credit"** and, together with the FPL Notice of Early Termination and the PMI Notice of Early Termination, the **"Notices of Early Termination"**). The FPL Notice of Early Termination provided LBCS, *inter alia*, with notice of an "Event of Default" under the FPL Agreement and designated September 16, 2008 as the "Early Termination Date" for all outstanding "Transactions" under the FPL Agreement. Likewise, the FPL Demand of Return of Letter of Credit noted the "Event of Default" and demanded the immediate "Transfer" and return of the FPL Letter of Credit, pursuant to Paragraph 8(b) and 13(j)(iv)(B) of the Credit Support Annex to the FPL Agreement. As was the case under the PMI Agreement, the commencement of the chapter 11 bankruptcy by LBHI, LBCS's Credit Support Provider under the FPL Agreement, caused the "Event of Default" under the FPL Agreement. See FPL Agreement, Section 5(a)(vii). A copy of the FPL Notice of Early Termination and FPL Demand of Return of Letter of Credit are annexed hereto as **Exhibit "D"**.

6. Thereafter, on October 2, 2008, FPL delivered by courier and facsimile to Weil Gotshal & Manges LLP, counsel to LBCS, a second Notice of Demand of Return of Letter of Credit (the **"Second FPL Demand for Return of Letter of Credit"**). The Second FPL Demand for Return of Letter of Credit provided, *inter alia*, that LBCS's refusal (after FPL's proper demand) to return the FPL Letter of Credit was unacceptable for the following reasons:

3

a. The entity that is required to return the Letter of Credit to FPL is LBCS, which, as you know, is not an entity that is subject to the automatic stay in connection with the chapter 11 proceeding of *In re Lehman Brothers Holdings Inc.*, Chapter 11 Case No. 08-13555 (JMP). Moreover, even if the Letter of Credit were property of the *Lehman Brothers Holdings* bankruptcy estate, *which it is not*, its return would be unaffected by the automatic stay. *See* 11 U.S.C. § 556. As you also know, the Agreement is a "forward contract" within the meaning of section 556 of the Bankruptcy Code and is also not subject to the automatic stay. *See* Order Pursuant to Sections 105 of the Bankruptcy Code, Enforcing the Protections of Section 362 of the Bankruptcy Code, Chapter 11 Case No. 08-13555 (JMP), *In re Lehman Brothers Holdings Inc.*

b. LBCS is contractually required to return the Letter of Credit to FPL pursuant to Paragraphs 8(b) and 13(j)(iv)(B) of the Credit Support Annex to the Agreement. Please note that FPL is in the process of establishing its damages pursuant to the terms of the Agreement; however, return of the Letter of Credit is not dependent upon LBCS receiving that calculation nor is it dependent upon payment of the settlement amount by one party to the other determined pursuant to such calculation. The return obligation was triggered by LBCS's default under the terms of the Agreement.

Second FPL Demand for Return of Letter of Credit at pp. 1-2. A copy of the Second FPL Demand for Return of Letter of Credit is annexed hereto as **Exhibit "E"**.

7. On October 3, 2008, LBCS filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code (the **"LBCS Commencement Date"**). The PMI Notice of Early Termination, the FPL Notice of Early Termination and the FPL Demand for Return of Letter of Credit were delivered to LBCS eighteen (18) days prior to the LBCS Commencement Date. The Second FPL Demand for Return of Letter of Credit was delivered one (1) day prior to the LBCS Commencement Date.

8. LBHI filed its *Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts* on November 13, 2008 [Docket No. 1498] (the **"Contract Assumption Motion"**) and the FPL Parties filed their *Objection of FPL Energy Power Marketing, Inc. and Florida Power & Light Company to Debtors' Motion for an Order Pursuant*

4

*to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts* [Docket No. 1729] on November 25, 2008 [Docket No. 1729] (the **"First Objection"**) in response to LBHI's Contract Assumption Motion. The Contract Assumption Motion, as it pertains to the FPL Parties and the First Objection, has been adjourned to September 16, 2009.

### OBJECTION TO THE DERIVATIVE CONTRACTS MOTION

9. The FPL Parties object to the ADR Derivative Contracts Motion to the extent (i) that the FPL Parties' Agreements are not treated as terminated in accordance with the Notices of Early Termination; (ii) the Debtors do not immediately return the FPL Letter of Credit; and (iii) this Court exercises jurisdiction over the FPL Parties and the FPL Parties' Agreements for purposes of calculating the settlement amounts or set-offs under the FPL Parties' Agreements.

10. LBHI asserts that as of the Commencement Date, the Debtors were party to more than 900,000 prepetition derivative contracts, "many of which are Derivative Contracts with Recovery Potential." ADR Derivative Contracts Motion at ¶ 9. Further, LBHI asserts that the "commencement of LBHI's chapter 11 cases constituted events of default under many of these contracts which many counterparties purportedly terminated on the basis of such reason." Id. LBHI notes that "counterparties have refrained from giving notice of termination presumably because termination would result in a net payment to a debtor." Id.

11. The FPL Parties, as they noted in their First Objection, aver that the FPL Parties' Agreements were clearly and unequivocally terminated in proper fashion. See Exhibits C – E. The FPL Parties' Agreements explicitly state that if a party or Credit Support Provider files for bankruptcy, such action constitutes an "Event of Default." See, supra ¶¶ 4, 5. Further, the FPL Parties did not refrain from providing proper notice of termination as LBHI asserts many parties

5

did in the ADR Derivative Contracts Motion.  See Exhibits C – E.  Moreover, while the FPL Parties appreciate LBHI's attempts to marshal value with respect to "in the money" Derivative Contracts, the FPL Parties' Agreements cannot, on the facts above, be the subject of the ADR Derivative Contracts Motion and the procedures set forth therein.

*[Remainder of page intentionally left blank]*

## **CONCLUSION**

WHEREFORE, the FPL Parties respectfully request that the Court deny the ADR Derivative Contracts Motion, except to the extent that this Court (i) finds the FPL Parties' Agreements are terminated in accordance with the Notices of Early Termination;[1] (ii) directs LBHI to immediately return the FPL Letter of Credit; and (iii) abstains from exercising its jurisdiction over the FPL Parties and the FPL Parties' Agreements for purposes of its jurisdiction over the FPL Parties and the FPL Parties' Agreements for purposes of calculating the settlement amounts or set-offs under the FPL Parties' Agreements.

Dated: July 31, 2009
      New York, New York

                        GREENBERG TRAURIG, LLP

                        By:    */s/ Maria J. DiConza*
                              Maria J. DiConza
                              200 Park Avenue
                              New York, NY 10166
                              (212) 801-9200 (telephone)
                              (212) 801-64100 (facsimile)

                              - and -

                              Scott D. Cousins
                              The Nemours Building
                              1007 North Orange Street
                              Suite 1200
                              Wilmington, Delaware 19801
                              Telephone: 302-661-7000
                              Facsimile:  302- 661-7360

                              Attorneys for NextEra Energy Power Marketing, LLC (F/K/A FPL Energy Power Marketing, Inc.) and Florida Power & Light Company

---

[1] As noted, the FPL Parties believe that the FPL Parties' Agreements and the FPL Parties are not subject to the jurisdiction of this Court.  The FPL Parties reserve all their rights to the extent this Court concludes otherwise.