Hearing Date and Time: August 5, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  July 31, 2009 at 4:00 p.m. (Prevailing Eastern Time)

BERNSTEIN, SHUR, SAWYER & NELSON, PA
100 Middle Street
P.O. Box 9729
Portland, Maine 04104-5029
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
Michael A. Fagone, Esq.

Attorneys for Hebron Academy

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS INC., et al., | (Jointly Administered) |
| Debtors. | Judge James M. Peck |

**OBJECTION OF HEBRON ACADEMY TO DEBTORS' MOTION PURSUANT
TO SECTION 105(A) OF THE BANKRUPTCY CODE AND
GENERAL ORDER M-143 FOR AUTHORIZATION TO IMPLEMENT
ALTERNATIVE DISPUTE RESOLUTION PROCEDURES
FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVE CONTRACTS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Hebron Academy ("Hebron") submits this objection to the Debtors' Motion Pursuant to Section 105(A) of the Bankruptcy Code and General Order M-143 For Authorization to Implement Alternative Dispute Resolution Procedures For Affirmative Claims of Debtors Under Derivative Contracts [Docket No. 4453] (the "Motion"), and respectfully states as follows:

**Background**

1.      Hebron is a small private secondary educational institution located in Hebron, Maine.

2.      In connection with its 2007 financing involving tax-exempt and taxable bonds issued by the Finance Authority of Maine, Hebron entered into two interest rate swap agreements (collectively, the "Swaps") with Lehman Brothers Special Financing Inc. ("LBSF"). The obligations of LBSF under the Swaps were guaranteed by Lehman Brothers Holding Inc. ("Holdings").

3.      On September 15, 2008, Holdings filed for protection under Chapter 11 of the United States Bankruptcy Code (the "Code"), and LBSF soon followed, filing on October 3, 2008. Holdings and LBSF are currently functioning as debtors-in-possession under the Code.

4.      The Swaps are both in the standard International Swaps and Derivatives Association, Inc. ("ISDA") 1992 form and provide, among other things, that Hebron has the right (but not the obligation) to designate an Early Termination Date in the event of the bankruptcy of either LBSF or Holdings.

**Response**

5.      As an initial matter, Hebron does not understand exactly what the Debtors propose to mediate. In several instances, the Motion refers to the Debtors' "affirmative claims" or "claims" under Derivative Contract with Recovery Potential. See Motion, ¶¶8, 12, 37. The Debtors do not explain what those claims are or whether, when, and how those claims might be formally asserted.

6. Hebron has performed all of its obligations under the Swaps. Although the Chapter 11 filings of LBSF and Holdings constituted Events of Default (as such term is used in the Swaps), thereby allowing Hebron the option (but not the obligation) to designate an Early Termination Date in respect of all outstanding transactions, LBSF has no such right.[1] There is no adversary proceeding, contested matter, or other dispute to which the General Order M-143 could apply. Simply put, there is nothing to mediate. Neither the Debtors' belief that there currently is, or may be, value in certain derivatives, nor their desire to receive that value at this point, translates into a "dispute" for the purposes of General Order M-143. The cases cited by Debtors are inapposite, as both involved mediation ordered in the context of ongoing adversary proceedings. See Motion, at ¶ 38 (citing In re Enron Corp, et al., Case No. 01-16034 (ALG) (Bankr. S.D.N.Y. March 4, 2003) [Docket No. 9533] and (Bankr. S.D.N.Y. March 20, 2003) [Docket No. 9862]; In re Ames Department Stores, Inc., et al., Case No. 01-42217 (REG) (Bankr. S.D.N.Y. June 25, 2007) [Docket No. 3195]).

7. Further, Hebron submits that the Debtors' proposed ADR procedures are overly complex, unclear in certain respects, and punitive in other respects. For example, the Debtors propose that they be able to seek sanctions in the event that the mediator (presumably of the Debtors' choosing in the first instance) determines that a counterparty is not participating in good faith or is not cooperating. That is fundamentally inconsistent with the concept of a voluntary, non-binding mediation.

8. The Debtors propose that they be able to apply for sanctions or a judgment if a "Derivative Counterparty fails to respond . . ." See Motion, at ¶ 20. They do not, however, explain what the Counterparty must respond to, or when or how the response must be provided.

---

[1] Hebron reserves all of its rights under the Swaps and applicable law, including, without limitation 11 U.S.C. § 560.

3

9.  The Debtors suggest that a counterparty's affirmative choice to participate in the Mediation Stage would result in a loss of jury trial rights that may exist. *See* <u>Motion</u>, at ¶ 31. Under the Debtors' proposed procedures, there is nothing elective about participation in the Mediation Stage if the parties have not resolved the "dispute" during the Derivative Notice/Response Stage. No party should suffer the forfeiture of potentially valuable rights, such as the right to a jury trial, by participating in a non-binding mediation.

10. Hebron joins in and adopts the objections filed by EPCO Holdings, Inc. [Docket No. 4532] and Asbury Atlantic, Inc. and Asbury-Solomons, Inc. [Docket No. 4540].

### Conclusion

For all the reasons set forth herein, Hebron respectfully requests that this Court enter an Order (i) denying the relief requested in the Motion or, in the alternative, providing that such relief does not apply with respect to Hebron, and (ii) granting such other relief as is just and adequate.

Dated: July 31, 2009
      Portland, Maine

        /s/ *Michael A. Fagone*
Michael A. Fagone, Esq.
BERNSTEIN, SHUR, SAWYER & NELSON
100 Middle Street
P.O. Box 9729
Portland, Maine 04104-5029
(207) 774-1200

Attorneys for Hebron Academy

**CERTIFICATE OF SERVICE**

       I hereby certify that I have served a copy of the foregoing Objection of Hebron Academy to Debtors' Motion Pursuant to Section 105(A) of the Bankruptcy Code and General Order M-143 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors under Derivative Contracts on the following parties by overnight mail, or electronically through the Court's CM/ECF system on the 31st day of July 2009.

Honorable James M. Peck  
One Bowling Green  
Courtroom 601  
New York, NY 10004

Lori R. Fife  
Robert J. Lemons  
Sunny Singh  
WEIL, GOTSHAL & MANGES LLP  
767 Fifth Avenue  
New York, NY 10153

Andrew D. Velez-Rivera  
Paul Schwartzberg  
Brian Masumoto  
Linda Riffkin  
Tracy Hope Davis  
OFFICE OF THE U.S. Trustee  
33 Whithall Street  
21st Floor  
New York, NY 10004

Dennis F. Dunne  
Dennis O'Donnell  
Evan Fleck  
MILBANK, TWEED, HADLEY & MCCLOY LLP  
1 Chase Manhattan Plaza  
New York, NY 10005

Lindsee P. Granfield  
Lisa Schweiger  
CLEARY GOTLIEBB LLP  
One Liberty Plaza  
New York, NY 10006

5

Robinson B. Lacy
Hydee R. Feldstein
SULLIVAN & CROMWELL,LLP
125 Broad Street
New York, NY 10004

Christopher K. Kiplok
Jeffrey S. Margolin
Sarah K. Loomis Cave
HUGES HUBBARD & REED
1 Battery Park Plaza
New York, NY 10004

Robert K. Dakis
James Tecce
Susheel Kirpalani
QUINN EMANUEL URQUHART OLIVER & HEDGES
51 Madison Avenue, 22nd Floor
New York NY 10010

                                           /s/ Michael A. Fagone