**REED SMITH** LLP

599 Lexington Avenue

New York, NY 10022

Tel:  (212) 521-5400

Fax:  (212) 521-5450

Eric A. Schaffer (ES-6415)

Michael J. Venditto (MV-6715)

*Counsel to The Bank of New York Mellon,*
*The Bank of New York Mellon Trust Company,*
*N.A., and BNY Corporate Trustee Services*
*Limited, in their representative capacities*

**Objections Due: July 31, 2009 at 4:00 p.m. (Eastern)**
**Hearing: August 5, 2009 at 10:00 a.m. (Eastern)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------- X
In re                                                                         :        **Chapter 11**
                                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                                       :        **Case No. 08-13555 (JMP)**
                                                                              :        **(Jointly Administered)**
                                                        Debtors.              :
                                                                              :        Refers to Dkt. No. 4453
-------------------------------------------------------------------------- X

**OBJECTION OF THE BANK OF NEW YORK MELLON, THE BANK OF**
**NEW YORK MELLON TRUST COMPANY, N.A. AND BNY CORPORATE TRUSTEE**
**SERVICES LIMITED TO DEBTORS' MOTION PURSUANT TO SECTION 105(A) OF**
**THE BANKRUPTCY CODE AND GENERAL ORDER M-143 FOR AUTHORIZATION**
**TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR**
**AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVE CONTRACTS**

The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A.,

and any affiliate thereof, through its Corporate Trust Department, and BNY Corporate Trustee

Services Limited, each as trustee, indenture trustee, agent, or in its other representative capacity

(collectively, the "Trustee") for the holders (the "Holders") of certain notes, certificates, bonds,

or other interests (collectively, the "Notes") issued by certain issuers pursuant to structures

created by the Debtors or their affiliates that have entered into derivative contracts with one or

more Debtors, objects to the Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code

and General Order M-143 for Authorization to Implement Alternative Dispute Resolution

Procedures for Affirmative Claims of Debtors under Derivative Contracts (the "<u>Motion</u>")

(D.I. 4453).[1]

## I.    <u>PRELIMINARY STATEMENT</u>

1.      It is unclear whether the Motion is intended to apply to the Trustee.  The Trustee

and the Holders are not contractual counterparties to the Derivative Contracts in some instances

and, in those instances, they should not be parties to any mediation.  The Debtors also cannot

look to the Trustee as a representative of the Holders, who have the real economic interests in

transactions involved here, because the Trustee has no authority to act on behalf of or otherwise

bind Holders absent their consent and direction.  Even where the Holders may be able to direct

the Trustee, it is questionable whether an effective mediation is possible absent Holders' direct

involvement.

2.      The Motion also presents certain practical problems, including the fact that many

Holders (and perhaps the Issuers) have had insufficient notice of the Motion or time to organize

or, as appropriate, direct the Trustee.  The timing of hearing on the Motion is such that the

Trustee has been unable to notify Holders of the pending Motion.  Because the Trustee has not

received direction from any of the Holders with regard to the Motion, it presently lacks any

authority to participate in any mediation with the Debtors.

---

[1]      Capitalized terms not defined in this Objection shall have the meanings assigned to such terms in
the Motion.

US_ACTIVE-102043099.5-999983-11745

## II.   **SUMMARY OF OBJECTION**

3.      The proposed alternative dispute resolution procedures do not account for the complexity of the synthetic structures created by the Debtors.  Consistent with the points noted above, the Trustee objects to entry of an order approving the Motion on the following grounds:

- The Trustee should not be forced to attend or participate in mediation (let alone be subject to sanctions for not participating) absent direction from the relevant Holders of Notes or other relevant parties in accordance with the governing documents;

- The Derivatives ADR Procedures should be modified to ensure that the beneficial Holders (many of which are located overseas) receive notice sufficiently in advance of any mediation, to permit telephonic participation, and to avoid imposition of unreasonable or impractical deadlines and other requirements on Holders.

## III.   **FACTUAL BACKGROUND**

### A.   **The Trustee Transactions**

4.      The Trustee acts in a representative capacity for Holders and other parties in interest in hundreds of transactions that were structured by the Debtors and their affiliates (collectively, the "Trustee Transactions").[2]  Holders who would be affected by the Derivative ADR Procedures are located in Europe, Asia, North America, and Australia.  Often, the Trustee Transactions include an indenture and a swap or repurchase agreement pursuant to which a trust, special purpose vehicle, or other issuer (an "Issuer") is the Derivatives Counterparty to a Derivative Contract with a Debtor.  Because the obligations of the Issuer are generally limited to the trust assets, the beneficial parties in interest are the Holders.

5.      As a general rule, the Trustee is required by the transaction documents to serve relevant notices on Holders and to solicit Holders' direction in connection with the exercise of

---

[2]      A detailed description of the hundreds of Trustee Transactions at issue is much too voluminous for this Objection; therefore, the Trustee provides a general description of the Trustee Transactions.

US_ACTIVE-102043099.5-999983-11745

their contractual rights. In most instances, however, neither the Debtors nor the Trustee regularly maintain a register identifying the beneficial Holders because the Notes are traded in the financial markets and the Holders typically hold through "street names." The Trustee communicates with the Holders through clearing systems in the United States and Europe including the Depository Trust Clearing Corporation, Euroclear System, and Clearstream Banking S.A. (collectively, the "Clearing Systems"), which Clearing Systems are the registered owners of the Notes and are responsible for holding, clearing, and settling transactions.

6.      The notice periods and required form of notice vary among Trustee Transactions. In certain cases, a Holders' meeting must be called within a particular timeframe before action may be voted upon, and then an additional notice and solicitation must occur. The percentage of Holders required to direct the Trustee's actions varies among transactions. As a general rule, the Trustee is entitled to indemnification from the directing Holders before taking any action.

7.      As noted above, the timing of this Motion and hearing are such that Trustee has been unable to seek or receive direction from Holders with regard to the Motion.[3]

**B.      The Derivatives ADR Procedures**

8.      On July 20, 2009, the Debtors filed the Motion, the terms of which are set forth therein, seeking entry of an order authorizing Debtors to implement certain alternative dispute resolution procedures ("Derivatives ADR Procedures") to resolve "affirmative claims" against certain Derivatives Counterparties to derivatives contracts.

---

[3]      As the Debtors apparently have not taken steps to serve the Motion on Holders, the lack of objection from any Holder should not be viewed as consent to the relief requested. The Trustee reserves any and all objections, rights, claims, and defenses of the Holders of Notes to the proposed Derivatives ADR Procedures. Further, the Trustee reserves the rights of Holders and the Issuers to object to or challenge any action taken by the Debtors in reliance upon the proposed Derivatives ADR procedures.

US_ACTIVE-102043099.5-999983-11745

IV.    **OBJECTIONS**

   A.    **The Trustee Cannot Be Compelled to Mediate Holders' Rights When the Trustee, Lacking Holders' Direction, Has No Contractual or Legal Right to Settle Holders' Claim.**

   9.    It is unclear whether the Debtors propose to compel the Trustee (as opposed to Holders) to participate in mediation as a "Derivative Counterparty."  The Motion ambiguously defines the Derivative Counterparties as "counterparties or an affiliate of such counterparty or a person or entity who exercised or failed to exercise duties in relation to" a derivative contract. *See* Motion at ¶ 9.

   10.    As a general rule, the right of each Holder to receive principal and interest cannot be impaired without the Holder's consent.[4]  Even in the bankruptcy context, a trustee may not settle dissenting holders' claims without direction from a majority of the holders.[5]  In those instances in which the Issuers are debtors, any settlement may require 100% Holder approval.

   11.    For purposes of this Motion, the Trustee has not received any direction from Holders.  The Trustee certainly should not be required to attend a mediation where it has no authority to compromise Holders' claims.

   12.    The Bankruptcy Code provides no authority to rewrite the Trustee Transactions documents to grant authority that the Trustee lacks under those documents.[6]  The documents

---

[4]    *See, e.g., In re Bd. of Directors of Multicanal S.A.*, 307 B.R. 384, 388 (Bankr. S.D.N.Y. 2004); *UPIC & Co. v. Kinder-Care Learning Ctrs., Inc.*, 793 F.Supp. 448, 452 (S.D.N.Y. 1992).

[5]    *See In re Delta Air Lines, Inc.*, 370 B.R. 537, 548 (Bankr. S.D.N.Y. 2007), *aff'd*, 374 B.R. 516, 528 (S.D.N.Y. 2007 (trustee can only settle "at the behest of a majority of the Bondholders"), *aff'd*, *Ad Hoc Comm. of Kenton County Bondholders v. Delta Air Lines, Inc.*, 309 Fed.Appx. 455 (2d Cir. Feb 9, 2009), *petition for certiorari filed* (July 22, 2009) (No. 09-104).

[6]    *See In re Continental Airlines Corp.,* 907 F.2d 1500, 1509 (5th Cir. 1990) (precluding substantive modifications of labor agreement); *Official Unsecured Creditors' Comm. v. Stern (In re SPM Mfg. Corp.),* 984 F.2d 1305, 1311 (1st Cir. 1993) ("[S]ection 105(a) [does not] authorize courts to create substantive rights that are otherwise unavailable under the Code, or to expand the contractual obligations of parties.");  *In re DeMert & Dougherty, Inc.,* 227 B.R. 508, 517 (Bankr. N.D.Ill. 1998) (Court may not
Continued on following page

US_ACTIVE-102043099.5-999983-11745

governing the Trustee Transactions documents should be enforced as a matter of basic contact law.[7]

13.     Accordingly, there is no legal or contractual basis to impose upon the Trustee an obligation to participate in a mediation process where the Trustee lacks legal and contractual authority to compromise the Holders' claims.  To the extent the Debtors seek to compel the Trustee to participate in mediation, the Motion should be denied.

**B.     The Proposed Derivatives ADR Procedures Fail to Provide Sufficient Notice to Holders.**

14.     To the extent that the Derivatives ADR Procedures are intended to apply to Holders (as opposed to the Trustee), the procedures fail to provide adequate notice to the Holders.  Similarly, to the extent the proposed procedures would authorize entry of a judgment (or sanctions) against a party over which the Court lacks personal jurisdiction, the procedures may violate the requirements of due process.  Due process requires notice that is "reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response."[8]

---

Continued from previous page

rewrite the terms of an asset purchase agreement.").  *See also In re Metromedia Fiber Network, Inc.,* 416 F.Supp.2d 136, 142 (2d Cir. 2005) (quoting *New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.)*, 351 F.3d 86, 92 (2d Cir. 2003)).

[7]     *See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas,* 618 F.Supp.2d 280, 291 (S.D.N.Y. 2009) ("It is a well-established rule in this Circuit that the 'interpretation of Indenture provisions is a matter of basic contract law.'") (quoting *Jamie Sec. Co. v. The Limited, Inc.,* 880 F.2d 1572, 1576 (2d Cir. 1989)); *see generally McMahan & Co. v. Warehouse Entertain., Inc.,* 65 F.3d 1044, 1051 (2d Cir. 1995) (enforcing obligation to indemnify indenture trustee under no-action clause); *Friedman v. Chesapeake & Ohio Ry. Co.,* 261 F.Supp. 728, 731 (S.D.N.Y. 1966) (describing indemnification requirement in no-action clause as "plainly reasonable"), *aff'd, Friedman v. Chesapeake & O. Ry. Co.,* 395 F.2d 663 (2d Cir. 1968), *cert. denied,* 393 U.S. 1016 (1969).

[8]     *In re Aboody,* 223 B.R. 36, 40 (1st Cir. BAP 1998); *see also Jones v. Flowers,* 547 U.S. 220, 226 (2006); *In re Robintech, Inc.,* 863 F.2d 393, 396 (5th Cir.), *cert. denied,* 493 U.S. 811 (1989) (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

US_ACTIVE-102043099.5-999983-11745

15.    Due to the complex nature of the financial structure of the Trustee Transactions, the timeframe for notice contemplated by the Motion is not "reasonably calculated" to provide meaningful notice to beneficial Holders. The Debtors must provide enough advance notice to permit registered Holders and the Clearing Systems to send the notices to the appropriate first-tier participants, for forwarding to the beneficial Holders of the Notes. Holders then need sufficient time to prepare for any mediation.

### C.    The Proposed Derivatives ADR Procedure Are Unreasonable.

16.    To the extent the Derivative ADR procedures are intended to apply to the Trustee or the Holders, they are unreasonable for reasons set forth above.

17.    The timeframes set forth in the Motion are unreasonable in light of the fact that many of the Holders are located in foreign countries. Requiring Holders to accept one of the Debtors' times for the settlement conference or to attend mediations in New York (and apparently before mediators chosen by the Debtors) could lend itself to abuse because many of the Holders are in foreign countries and different time zones.

18.    The potential disallowance of creditors' claims essentially converts a non-binding mediation into a mandatory arbitration. Where the Trustee and the Holders did not agree to mandatory arbitration, the Court cannot impose such a procedure.[9]

19.    The Debtors also propose that the mediator have the authority to certify questions to the bankruptcy court. Seeking such advisory opinions is simply improper. *See Rhone-Poulenc Surfactants and Specialties, L.P. v. C.I.R.,* 249 F.3d 175, 181-82 (3d Cir. 2001). Indeed,

---

[9]    *See Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83 (2002) ("This Court has determined that 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'") (quoting *Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)).

US_ACTIVE-102043099.5-999983-11745

the prohibition against a federal court's issuance of advisory opinions is "the oldest and most consistent thread in the federal law of justiciability."  *Flast v. Cohen*, 392 U.S. 83, 96 (1968).

20.    The proposed Derivatives ADR Procedures also conflict with General Order M-143 (January 18, 1995).

21.    Finally, the proposed Derivatives ADR Procedures contemplate a mediation with a single counterparty.  The procedures may be unworkable for those series of Notes that involve multiple holders.

22.    Taken as a whole, the proposed Derivatives ADR Procedures appear to set unreasonable deadlines and impose other burdensome requirements that can serve only to impair legitimate claims and provide a windfall for the Debtors.

WHEREFORE, the Trustee objects to the Motion and respectfully requests that this Court (i) deny the Motion to the extent that the Debtors seek to define the Trustee as a "Derivatives Counterparty," (ii) deny the Motion to the extent that it fails to provide adequate notice to the Holder, (iii) deny the Motion because it proposes unfair, unreasonable, and impractical procedures, and (iv) grant such further relief to the Trustee as is appropriate.

Dated: July 31, 2009
        New York, New York            Respectfully Submitted,

                        By:    */s/ Eric A. Schaffer*
                               Eric A. Schaffer (ES-6415)
                               Michael J. Venditto (MV-6715)
                               599 Lexington Avenue
                               New York, NY 10022
                               Tel:  (212) 521-5400
                               Fax:  (212) 521-5450

                               Counsel to The Bank of New York Mellon,
                               The Bank of New York Mellon Trust Company, N.A.
                               and BNY Corporate Trustee Services Limited,
                               in their representative capacities

US_ACTIVE-102043099.5-999983-11745

TO:

Chambers of Honorable James J. Peck
One Bowling Green, Courtroom 601
New York, New York 10004

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attention:    Lori R. Fife
              Robert J. Lemons
              Richard P. Krasnow
              Shai Y. Waisman
              Jacqueline Marcus

Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178
Attention:    Steven J. Reisman
              L. P. Harrison 3rd

Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004
Attention:    Andy Velez-Rivera
              Paul Schwartzberg
              Brian Masumoto
              Linda Riffkin
              Tracy Hope Davis

Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, New York 10005
Attention:    Dennis F. Dunne
              Dennis O'Donnell
              Evan Fleck, Esq.

Cleary Gotliebb LLP
One Liberty Plaza
New York, New York 10006
Attention:    Lindsee P. Granfield
              Lisa Schweiger

Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
Attention:    Robinson B. Lacy
              Hydee R. Feldstein