Hearing Date: August 5, 2009 at 10:00 a.m.
Objection Date: July 31, 2009 at 4:00 p.m.

CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375
Jennifer C. DeMarco (JD-9284)
Wendy Rosenthal (WR-4461)

*Attorneys for Barclays Global Investors
National Association*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Lehman Brothers Holdings Inc., *et al.*<br><br>Debtors | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>Jointly Administered |

**LIMITED OBJECTION OF BARCLAYS GLOBAL INVESTORS NATIONAL
ASSOCIATION TO DEBTORS' MOTION PURSUANT TO SECTION 105(A) OF
THE BANKRUPTCY CODE AND GENERAL ORDER M-143 FOR AUTHORIZATION
TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR
<u>AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVE CONTRACTS</u>**

Barclays Global Investors National Association ("BGI"), by and through its undersigned counsel, submits this limited objection to the Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-143 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivative Contracts (the "Motion") and respectfully states as follows:

AMR #206859-v1

**Relevant Background Facts**

1. Commencing on September 15, 2008 (the "Commencement Date"), and periodically thereafter, Lehman Brothers Holdings Inc. and certain of its subsidiaries (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On September 19, 2008, a proceeding was commenced under the Securities and Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

4. BGI is a funds manager for numerous funds that had trading relationships with the Debtors and LBI. Many of those funds were party to outstanding derivative transactions with the Debtors and LBI as of the Commencement Date and the date of the filing of the SIPA proceeding.

**Limited Objection**

5. The Debtors are seeking authorization to implement alternative dispute resolution procedures with respect to prepetition Derivative Contracts[1] and the affirmative claims of Debtors for monetary recovery arising from their terminated and open prepetition Derivative Contracts. BGI has no issue with the Derivative ADR Procedures *per se*, but objects to the overly-rigid time periods within which Derivative Counterparties are required to act.

6. As proposed in the Motion, upon receipt of the Derivative ADR Package, a Derivatives Counterparty will have twenty (20) calendar days to respond in writing setting forth its position with respect to the Debtors' demand. Motion at ¶19. In its response, the Derivatives

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion.

2

Counterparty may agree to settle the Derivatives ADR Dispute in accordance with the terms in the Debtors' Derivatives ADR Notice or decline to settle the matter and provide a Statement of Position setting forth the reasons for such denial. Motion at ¶19. If the Derivatives Counterparty fails to respond, the Debtors may move for (a) sanctions, (b) entry of a judgment of the amounts sought in the Derivative ADR Notice or (c) immediate entry into the Mediation Stage (collectively, the "<u>Default Remedies</u>"). Motion at ¶20.

7.  BGI respectfully submits that this proposed twenty (20) day response period will not in all cases provide sufficient time within which to analyze the Debtors' demand and prepare a meaningful Statement of Position, especially in light of the Default Remedies available to the Debtors. Some Derivative Contracts are complicated financial instruments, and a response to a Derivatives ADR Notice may involve, among other things, obtaining input from individual specialists and gathering specific data and evidence as to pricing and valuation. Given the complex nature of the Derivatives Contracts, the potential unavailability of key personnel at the salient time and the potential volume and disposition of documentation relating to the Derivatives Contracts, BGI requests that the Court afford Derivatives Counterparties a period of forty-five (45) days to respond to any Derivative ADR Package. This additional time will enable a Derivatives Counterparty to craft an appropriate and well based Statement of Position essential for a productive and fair mediation.

8.  The timeframes imposed for subsequent steps in the ADR procedure are similarly short and give rise to an unacceptable risk of the imposition of sanctions, even where a Derivatives Counterparty is working in good faith to achieve a settlement with the Debtors.

9.  The Debtors propose that at any time after receipt of a Derivative ADR Package, a Debtor or Derivatives Counterparty may request a Settlement Conference to be held five (5) calendar days of the receipt of such request. Motion at ¶21. Upon receipt of the Notice of Settlement Conference, the recipient is required to respond within two (2) calendar days by either accepting the proposed date and time or proposing an alternative date and time that is no

later than five (5) calendar days from the date and time in the Notice of Settlement Conference. Motion at ¶21. If the parties are unable to agree on a time and date for the Settlement Conference, the Derivatives ADR Dispute will proceed to the Mediation Stage. Motion at ¶21.

10. Given that resolution of many of the issues relating to Derivatives Contracts will rely on the availability of a small number of specialist employees at each Derivatives Counterparty, who may be overseas and will have other obligations unrelated to the settlement of the Derivative Contracts, a two (2) day period within which to respond to a Notice of Settlement Conference and a five (5) day period within which to hold a deferred Settlement Conference are unnecessarily burdensome and likely not feasible. BGI submits that as long as the Derivatives Counterparty acts in good faith to respond and schedule the Settlement Conference within a reasonably practicable timeframe after receipt of the Notice of Settlement Conference, no sanctions should apply.

11. Similarly, the period of time in which the parties must agree upon an alternate mediator, where the initially selected mediator is unwilling or unavailable to serve, is not realistic. According to the proposed procedures, if the Debtors and the Derivatives Counterparty cannot agree upon a mediator within ten (10) calendar days after the Derivative Notice/Response Stage, the Court will appoint one or more mediators. Motion at ¶24. Selection of a mutually acceptable mediator involves research, review of appropriate candidates, resolution of conflicts and scheduling issues, including with the potential mediator. As long as the Derivatives Counterparty and the Debtors are acting in good faith to identify and agree upon a mediator within a reasonably practicable timeframe, the Court should not be required to intervene.

## Conclusion

12. BGI respectfully requests that the Court introduce practical flexibility to the specified timeframes, as set forth above.

AMR #206859-v1

WHEREFORE, BGI respectfully requests that the Court sustain the relief sought in this limited objection and grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 31, 2009

                CLIFFORD CHANCE US LLP

By:   /s/ Jennifer DeMarco

Jennifer C. DeMarco (JD-9284)
Wendy Rosenthal (WR-4461)
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375

*Attorneys for Barclays Global Investors National Association*