KLESTADT & WINTERS, LLP
Tracy L. Klestadt
John E. Jureller, Jr.
292 Madison Avenue, 17th Floor
New York, New York 10017
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

Attorneys for Massachusetts Water Resources Authority

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
　　　　　　　　　　　　　　　　　　　　　:
In re LEHMAN BROTHERS HOLDINGS,　　　:　　Case No. 08-13555 (JMP)
INC., *et al.*　　　　　　　　　　　　　　　:　　(Jointly Administered)
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Debtors.　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
---------------------------------------------------------------x

**LIMITED OBJECTION TO DEBTORS' MOTION PURSUANT TO SECTION 105(A)
OF THE BANKRUPTCY CODE AND GENERAL ORDER M-143 FOR
AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION
PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER
<u>DERIVATIVE CONTRACTS</u>**

TO: THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

　　　　　Massachusetts Water Resources Authority (the "<u>Objector</u>") by its attorneys, Klestadt

& Winters, LLP, as and for its limited objection to Lehman Brothers Holdings Inc.'s

("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases (together, the

"<u>Debtors</u>" and, collectively with their non-debtor affiliates, "<u>Lehman</u>") motion, pursuant to

section 105(a) and General Order M-143, for authorization to implement alternative dispute

resolution procedures (the "<u>ADR Procedures</u>") for affirmative claims of the Debtors

regarding derivative contracts (the "<u>Motion</u>"), respectfully represents as follows:

1. The Objector is a counterparty to one or more swap agreements with Lehman Brothers Financial Products Inc. ("LBFP") as documented by an ISDA Master Agreement (the "Swap Agreement"). Pursuant to the Swap Agreement, LBHI served as a Credit Support Provider.[1]

2. On October 5, 2008, LBFP filed a petition for relief under chapter 11 of the Bankruptcy Code, triggering an Event of Default under the Swap Agreement. Pursuant to the Swap Agreement, the Objector, as a Non-defaulting Party, is exclusively entitled to certain rights and remedies against LBFP. Among the Objector's rights is the right, at the Objector's sole discretion as a Non-defaulting Party, to give notice of an Early Termination Event, which begins a procedure to terminate, liquidate and/or accelerate the Swap Agreement. LBFP, as the Defaulting Party, has the right to give notice of an Early Termination Event or otherwise terminate, liquidate and/or accelerate the Swap Agreement.

3. By way of the Motion, the Debtors are now attempting to grant unto themselves rights and remedies that have been reserved in the Swap Agreement to the Objector and have been given particular protections in sections 365, 560 and 561 of the Bankruptcy Code.

4. Notwithstanding the Debtors' attempt to usurp the Objector's exclusive rights and remedies, the Objector recognizes that alternative dispute resolution, in some form, may provide an efficient and desirable means to resolve certain outstanding issues between the Debtors and the Objector. With this in mind, the Objector objects to certain aspects of the Motion but would entertain an alternative dispute resolution proposal on appropriate and balanced terms.

---

[1] Capitalized terms that are not defined herein shall have the same meaning as in the Swap Agreement or the Motion as applicable.

### I.     THE ADR PROCEDURES ARE UNDULY BURDENSOME TO THE OBJECTOR

5.     Certain provisions set forth in the Motion and the proposed ADR Procedures place undue burden on the Objector with no corresponding benefit to the estates of the Debtors or perceptible increase in judicial efficiency.

6.     First, the proposed timeframes in the ADR Procedures are unreasonable and lack necessary flexibility. For example, the Motion provides: "Upon receipt of the Derivatives ADR Package, the Derivatives Counterparty will have twenty (20) calendar days to respond in writing its position with respect to the Debtors' demand." Motion at ¶ 19. This timeframe is particularly unreasonable "[g]iven the complex nature of the Derivative Contracts." Motion at ¶ 12. The ADR Procedures should provide for deadlines that reflect the nature of the issues at hand and recognize that in order to provide any meaningful response to a demand based on one or more extremely complex financial transactions, involving notional amounts of tens and/or hundreds of millions of dollars, the Objector must be afforded substantially more than twenty calendar days in which to respond.

7.     Second, the ADR Procedures would require that a business principal of the Objector, having settlement authority, attend any mediation proceedings *in person,* in New York, New York. Considering the nature of the Objector's business, the location of its businesses, and its limited personnel resources, such a requirement would entail a substantial hardship on the Objector. On the other hand, the Debtors, formerly a leader in the *global* financial markets (Motion at ¶ 5), which have hired an army of professionals working in every corner of the Earth, could, with minimal expense, attend mediation proceedings in a location more convenient to the Objector. Pursuant to the General Order M143, the Mediator

3

should fix a reasonable place and time for the mediation, and this procedure should be put into effect in this matter as well.

8.      Further, to the extent an adversary proceeding has been commenced against the Objector, such proceeding should be stayed pending the duration of the mediation process.

## II.     THE ADR PROCEDURES UNNECESSARILY FAVOR THE DEBTORS

9.      The proposed ADR Procedures are biased in favor of the Debtors such that the entire process is unlikely to resolve any outstanding issues between the Debtors and the Objector.

10.     Most notably, the Debtors have retained for themselves the sole ability to select the mediator. In order for a mediation proceeding to resolve any contentious issues, the mediator of such proceedings must be fair and unbiased. The ADR Procedures provide no assurance that such a mediator will be selected. Further, the requirement of having a single mediator for all of these potential matters can only benefit the Debtors based upon continued association throughout this process.

11.     Also, the proposed ADR Procedures seem to allow the Debtors to cherrypick particular transactions and issues within transactions that are most favorable to them. This is so because pursuant to the ADR Procedures only the Debtors are able to commence mediation. In order for a mediation process to be effective, both parties must be given some latitude to raise and frame issues for resolution.

## III.    THE ADR PROCEDURES ARE AMBIGUOUS AND INCONSISTENT

12.     Certain of the proposed ADR Procedures are ambiguous and inconsistent on their face. For example, paragraph 10.a. of the proposed order accompanying the Motion

4

(the "Proposed Order") provides that the Debtors and the counterparty "together shall contact the mediator to schedule the initial mediation date." In contrast, paragraph 15 of the Proposed Order states that "the party who requests the Mediation shall pay the reasonable fees and costs charged by the Mediator." The Proposed Order is thus ambiguous regarding the party responsible for paying the mediator, as it requires the Debtors and the counterparty to jointly approach the mediator. If the Debtors request mandatory mediation via the Motion or otherwise, the Debtors should be responsible for payment of all fees and costs charged by the mediator. Objector has not requested mediation and thus objects to bearing any expense for the process.

13. Paragraph 10.b. of the Proposed Order gives the mediator the broadest possible discretion, "including the discretion to certify specific legal issues to the Court for decision." This authority is in conflict, or at least inconsistent, with the confidentiality provisions in paragraph 13 of the Proposed Order and paragraph 5.0 of the Court's General Order #M-143. It fails to provide the parties a right to brief such legal issues prior to any determination. Further, it conflicts with Rule 408 of the Federal Rules of Evidence.

14. Paragraph 14 of the Proposed Order states "Except to the extent a Derivatives Counterparty affirmatively chooses the mediation option set forth herein, participation in the Derivatives ADR Procedures shall not waive any right to a jury trial that might otherwise exist." Paragraph 14 is ambiguous in that if the Court grants the Motion and the Debtors send the counterparty a Derivatives ADR Package, the counterparty is obligated to participate in the Derivatives ADR Procedures. Thus, it is not clear as to what constitutes "affirmatively choosing" mediation such that a party has waived its right to a jury trial.

15. In the Motion, the Debtors provide that they will supply the Counterparties with a Derivative ADR Notice setting forth "sufficient information" regarding the dispute, any affirmative claim as well as a settlement offer. Parties have 20 days to respond by: (1) agreeing or (2) or denying the demand through a "statement of position." Failure to respond in this fashion may result in sanctions. The ADR Procedures do not provide flexibility if there is a need or request for clarification and further information, as the Objector has no knowledge at this point of the extent of such "sufficient information" to be provided by the Debtors. Further, the proposed ADR Procedures seem heavy handed with respect to such proposed penalties and sanctions.

## **CONCLUSION**

16. Objector respectfully requests the Court to deny the Motion or alternatively, modify any ADR Procedures to provide for a more reasonable and balanced mediation process, together with such other, further, or different relief as may be just and proper.

Dated: New York, New York
       July 31, 2009

KLESTADT & WINTERS, LLP

By: */s/ John E. Jureller, Jr.*
    Tracy L. Klestadt
    John E. Jureller, Jr.
    292 Madison Avenue, 17th Floor
    New York, New York 10017
    Telephone (212) 972-3000

Attorneys for Massachusetts Water Resources Authority