Hearing Date: August 5, 2009 at 10:00 a.m. (Prevailing Eastern Time)

Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- x
: 
In re:                                                      :          Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,       :          08-13555 (JMP)
                                                            :
                           Debtors.                         :          (Jointly Administered)
                                                            :
----------------------------------------------------------------- x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN SUPPORT OF LBHI'S MOTION, PURSUANT TO SECTIONS 105(a)
AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004,
FOR AUTHORIZATION TO ENTER INTO (I) AMENDED REPURCHASE
AGREEMENT WITH AURORA BANK FSB AND (II) FINANCING
FACILITY WITH AURORA LOAN SERVICES LLC**

The Official Committee of Unsecured Creditors (the "Committee") appointed in

the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated chapter 11

debtors, as debtors in possession (collectively, the "Debtors"), hereby files this statement (the

"Statement") in support of LBHI's motion, dated July 16, 2009 [Docket No. 4432] (the

"Motion"), for entry of an order, pursuant to sections 105(a) and 363(b)(1) of title 11 of the

United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 6004

of the Federal Rules of Bankruptcy Procedure, authorizing, but not directing, LBHI to enter into

(i) an amended master repurchase agreement (the "Amended Repurchase Agreement") with its

indirect wholly owned non-Debtor subsidiary, Aurora Bank FSB ("Aurora Bank") and

(ii) a secured bridge financing facility (the "Financing Facility") with Aurora Bank's wholly

owned subsidiary, Aurora Loan Services, LLC.  In support of the Motion, the Committee

respectfully states as follows:

## STATEMENT

1.      Since the outset of these cases, the Committee has consistently supported

the Debtors' efforts to improve the financial condition of both Aurora Bank and LBHI's other

non-Debtor subsidiary bank, Woodlands Commercial Bank ("Woodlands Bank," and together

with Aurora Bank, the "Banks"), in the continuing belief that preserving the value of the Banks,

and LBHI's equity interest therein, could ultimately yield considerable value for the Debtors'

estates and creditors.  In connection therewith, the Committee has supported each of LBHI's

prior requests for authority to invest cash or other consideration in, or make financing available

to, the Banks to help them achieve and maintain the capital and liquidity levels mandated by

their regulators, the Federal Deposit Insurance Corporation (the "FDIC") and Office of Thrift

Supervision (the "OTS," and together with the FDIC, the "Regulators").  After due consideration

and deliberation, the Committee has determined to support LBHI's current request for authority

to enter into the Amended Repurchase Agreement and Financing Facility.

2.      The Committee has reached this conclusion in close consultation with the

Debtors and based upon its own diligence about the options currently available to the Banks and

the Debtors' estates.  At the heart of these consultations and diligence have been the ongoing,

extremely delicate negotiations with the Regulators concerning the future of the Banks.  At issue

in these negotiations have been details about the Banks' financial condition that the Debtors have

been precluded by regulation or the nature of the discussions from making public and

macroeconomic and political considerations that are beyond the control of the Banks and Debtors' estates.[1]

3.    Against this backdrop, much has been accomplished since the Debtors first sought authority to support the Banks' capital levels in February 2009.  At the time, Aurora Bank's capital levels were significantly below the 8% "adequately capitalized" benchmark, and these diminished capital levels had resulted in the issuance by the OTS of a Prompt Corrective Action directive, which, among other consequences, precluded Aurora Bank from issuing certificates of deposit – previously its primary source of funds.  Since February, Aurora Bank has not only been restored to "adequately capitalized" levels, but, as of March 31, 2009, had a total risk-based capital ratio of 10.7%, or measurably in excess of the 10% "well-capitalized" threshold.  Aurora Bank has also filed a three-year business plan that contemplates that it will – subject to continued maintenance of its "well capitalized" status and the approval of the Regulators – once again issue brokered certificates of deposit in the near future.

4.    Favorable action by the Regulators on its request to issue certificates of deposit is critical to a viable path forward for Aurora Bank.  If Aurora Bank is not authorized to issue certificates of deposits in the near term, upcoming maturities on existing certificates of deposits could precipitate repeated liquidity crises that could challenge LBHI's ability to continue to support Aurora Bank.  If Aurora Bank is permitted to access the brokered certificate of deposit market, it will be able to conduct normal business operation without the need for

---

[1]    While the Committee does not disagree with the assertion by Elliott Management Corporation  ("Elliott") that certain of the details concerning the Banks' financial  condition and plans can and should be made public, it does not believe that all the information, views and positions that have informed these discussions can be publicly disclosed.  (Limited Objection of Elliott Management Corp. ¶ 10)  It bears repeating that these are extremely delicate negotiations that are being conducted in a very unsettled regulatory climate. Public disclosure of the content of these discussions (to the extent even permissible under applicable regulation) would almost certainly ensure their failure.  To the extent that the Court requires further information about the negotiations with the Regulators in order to assess the soundness of the Debtors'

further capital support from LBHI, and thus resume its progress toward ongoing financial

viability.

5.      Granting the relief requested in the Motion will enable the Debtors to see

through to closure the negotiations with the Regulators required to achieve this result.  While

absolute certainty on the subject is not possible, and the risk of regulatory reversal of course is

ultimately unavoidable, the Committee is nonetheless hopeful that  authorizing the Debtors to

enter into the Amended Repurchase Agreement and the Financing Facility will permit the

Debtors to keep open their active dialogue with the Regulators long enough to fully address the

liquidity issues, capital requirements and future business plans of the Banks.  Denial of the

Motion would dash all such hopes and forfeit the Debtors' substantial investment in the Banks

over the past six months.  Under such circumstances – and contrary to assertions of parties (such

as Elliott) that have not been involved in the regulatory discussions – entry into the Amended

Repurchase Agreement and the Financing Facility should be deemed a sound exercise of the

Debtors' business judgment, and the Motion should therefore be granted.

---

business judgment, the Committee respectfully submits that such information is best furnished on an *in camera* basis at a Chambers conference.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Committee respectfully requests that the Court grant (i) the relief requested in the Motion; and (ii) such other relief as is just and proper.

Dated:  New York, New York
       July 31, 2009

                 **MILBANK, TWEED, HADLEY & McCLOY LLP**

                 By:    /s/ Dennis F. Dunne
                     Dennis F. Dunne
                     Dennis C. O'Donnell
                     Evan R. Fleck

                     1 Chase Manhattan Plaza
                     New York, New York 10005
                     Telephone:  (212) 530-5000

                 Counsel for Official Committee of Unsecured
                 Creditors of Lehman Brothers Holdings Inc., et al.