Objection Deadline: July 31, 2009, 4 pm
Hearing Date: August 5, 2009, 10:00 am

SCHLAM STONE & DOLAN LLP
26 Broadway
New York, New York 10004
(212) 344-5400
Bennette D. Kramer (BK-1269)
*Attorneys for Glencore Commodities Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re                                                  :
                                                       :   Chapter 11
LEHMAN BROTHERS HOLDING, INC., *et al.*,  :   Case No. 08-13555 (JMP)
                                                       :
                      Debtors.              :   Jointly Administered
----------------------------------------------------------X

**OBJECTION OF GLENCORE COMMODITIES LTD. TO DEBTORS' MOTION PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AND GENERAL ORDERM-143 FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVE CONTRACTS**

Glencore Commodities Ltd.("Glencore" or the "Objector"), through their undersigned counsel, Schlam Stone & Dolan LLP, submits this Objection to the Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-143 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors under Derivative Contracts (the "Motion") filed by Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced Chapter 11 cases as debtors and debtors in possession (together, the "Debtors"), as follows:

### PRELIMINARY STATEMENT

1. The Debtors seek entry of an order for authorization to implement pre-mediation and mediation procedures, outside the context of either an adversary

proceeding or contested matters, which are vague, potentially punitive and controlled exclusively by the Debtors.

2. Pursuant to the order proposed by the Debtors, counterparties to Derivative Contracts must participate in the Derivative ADR Procedures initiated at the Debtors' sole discretion. If the counterparty does not settle the matter and must mediate, the proposed order is ambiguous as to which party must bear the fees and costs of the mediator. Typically parties share the costs of mediation.

3. General Administrative Order M-143, of the United States Bankruptcy Court for the Southern District of New York ("Order M-143"), referenced by the Debtors in the Motion, does not provide authority for referral of matters not otherwise before the Court to mediation.

4. Thus, the Objector asks the Court to require the Debtors to initiate adversary proceedings and that any mediation ordered by the Court be commenced within the context of any such adversary proceeding.

5. The Objector also joins the Objection of Wellmont Health System, Docket No. 4527, filed on 7/30/2009.

## BACKGROUND

6. The Objector is a counterparty to Derivative Contracts entered into with Lehman Brothers Commodities Services, Inc., and guaranteed by Lehman Brothers Holdings Inc.

2

7. The Objector has not filed claims and is not party to adversary proceedings.

## MOTION BEFORE THE COURT

8. The Motion asks the Court to establish elaborate and vague procedures at the discretion of the Debtors outside the context of any adversary proceeding.

9. Section 1.1 of Order M-143 provides that the "court may order assignment of a matter to mediation upon its own motion, or upon a motion by any party in interest or the U.S. Trustee." Section 1.3 of Order M-143 describes the types of matters subject to mediation as: "any adversary proceeding, contested matter or other dispute."

10. The Debtors contend that "the relief requested in the Motion is substantially similar to the relief that has been granted by this Court in connection with similar motions to implement mediation procedures." Motion, ¶ 36. However, in both the cases that the Debtors refer to, the Court ordered mediation in connection with pending adversary proceedings and "future adversary proceedings." *In re Enron Corp., et al.*, Chapter 11 Case No. 01-16034 (ALG) (Bankr. S.D.N.Y. March 20, 2003) [Docket No. 9862] (referring twenty-five <u>pending adversary proceedings</u> listed on an exhibit and future adversary proceedings to mediation). *See also In re Ames Department Stores, Inc. et al.*, Chapter 11 Case No. 01-42217 (REG) (Bankr. S.D.N.Y. June 25, 2007) [Docket No. 3195] (ordering mediation with respect to <u>pending adversary proceedings</u> that the

debtors had commenced). The Debtors do not cite to any case where a court ordered mediation outside the context of a pending adversary proceeding.

11.  Here, the Debtors seek imposition of complicated and vague procedures, largely under the control of the Debtors themselves, on counterparties to transactions which have not been brought before the Court by filing a claim or as party to an adversary proceeding. The Debtors should be required to initiate adversary proceedings and follow the Bankruptcy Rules and Local Rules if they want the benefits of Court-ordered mediation.

## WAIVER OF MEMORANDUM OF LAW

12.  This Objection does not raise any novel issues of law and the legal basis for the relief requested is set forth above. Accordingly, Glencore respectfully requests that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted.

**WHEREFORE**, Glencore respectfully requests that the Court deny the Debtors' Motion in all respects.

Dated:  New York, New York
July 31, 2009

**SCHLAM STONE & DOLAN LLP**

By: _____

Bennette D. Kramer (BK-1269)
Schlam Stone & Dolan LLP
Attorneys for Defendant
26 Broadway
New York, New York  10004
Tel.: (212) 344-5400
Fax: (212) 344-7677
E-mail: bdk@schlamstone.com
*Attorneys for Glencore Commodities Ltd.*

OF COUNSEL

Lauren Teigland-Hunt
Teigland-Hunt LLP
127 West 24th Street
New York, NY  10011
Tel.: (212) 269-1600
Fax: (212) 269-1580
lteigland@teiglandhunt.com