Objection Date and Time: July 31, 2009 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time: August 5, 2009 at 10:00 a.m. (Prevailing Eastern Time)

Jeffrey A. Rosenthal
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Wachovia Bank, National Association
and its affiliates and Evergreen Investment
Management Company, LLC, acting as agent for
various funds.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
**In re**                                                      :        **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :        **08-13555 (JMP)**
                                                               :
            **Debtors.**                                       :        **(Jointly Administered)**
                                                               :
                                                               :
-------------------------------------------------------------------x

**OBJECTION OF WACHOVIA TO DEBTORS' MOTION FOR AUTHORIZATION TO
IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES AND
JOINDER TO THE OBJECTIONS OF
THE ROYAL BANK OF SCOTLAND AND D.E. SHAW**

            Wachovia Bank, National Association and its affiliates and Evergreen Investment

Management Company, LLC, acting as agent for various funds (together "Wachovia"), by and

through their undersigned counsel, hereby join in the Objection to Debtors' Motion for

Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims

of Debtors under Derivative Contracts, dated July 31, 2009, filed on behalf of The Royal Bank of

Scotland PLC and affiliates (the "RBS Objection"), docket number [4544], and the Limited

Objection To Debtors' Motion Pursuant To Section 105(A) Of The Bankruptcy Code And

General Order M-143 For Authorization To Implement Alternative Dispute Resolution

Procedures For Affirmative Claims Of Debtors Under Derivative Contracts, dated July 31, 2009

filed by D.E. Shaw Composite Portfolios, L.L.C., D.E. Shaw Oculus Portfolios, L.L.C., and their

affiliates (the "D.E. Shaw Objection" and, together with the RBS Objection, the "Objections"),

docket number [4579], and incorporate the objections raised therein by reference as if set forth

fully herein, and respectfully represent as follows:

1.      Wachovia is a creditor of Lehman Brothers Holdings Inc. and its affiliated

debtors ("Debtors") in the above-captioned cases.  Wachovia was a direct party to many

Derivative Contracts with certain of the Debtors, most or all of which have been terminated.

Wachovia is also a holder of notes ("Notes") issued by a number of special purpose entities

created by the Debtors ("CDOs") that are parties to Derivative Contracts with one or more of the

Debtors.  For one or more of these CDOs, (1) Wachovia owns the majority of the controlling

class of Notes and (2) any resolution of disputes concerning the amount and priority of payment

for termination payments under the Derivative Contracts will have a material effect on the value

of the Notes held by Wachovia.

2.      Wachovia hereby joins with, and incorporates by reference herein, all

arguments and assertions made in the Objections.  Wachovia joins the Objections to the Debtors'

motion, dated July 20, 2009, for authorization to implement alternative dispute resolution

procedures [D.I. 4453] (the "ADR Motion") as it applies to Wachovia as a potential Derivatives

Counterparty and as a holder of Notes issued by any CDOs that are parties to Derivative

Contracts with one or more of the Debtors.  Wachovia reserves all rights to be heard before the

Court with regard to the issues raised in the Objections and this Objection and Joinder;

3.      Further, Wachovia objects to certain provisions of the ADR Motion as ambiguous, unduly burdensome and/or inappropriate, particularly in light of the Standing Order.[1] In particular, Wachovia objects to the following:

   a.      Paragraph 10(b) of the proposed order provides that the mediator shall have "the discretion to certify specific legal issues to the court for decision." This discretion is inconsistent with the Standing Order, and granting the mediator the right to certify legal issues to the Court for binding decision without the ability of parties at interest to appear and be heard before the Court is inconsistent with due process and the goals of the mediation process.

   b.      Paragraph 15 of the proposed order provides that "the party who requests the Mediation shall pay the reasonable fees and costs charged by the Mediator." This paragraph is ambiguous as to which party pays the mediator's fees, especially in light of paragraph 10(a), which provides that the Debtors and counterparty "together shall contact the mediator to schedule the initial mediation date."

   c.      Paragraph 8 of the proposed order provides that Debtors shall serve notices upon the Derivatives Counterparty. Wachovia respectfully requests that any order entered by the Court require Debtors to serve any notice upon Derivative Counterparties and their attorneys.

4.      Wachovia requests that, if any special procedures are adopted for disputes relating to the Debtors' Derivative Contracts, they should provide for notice to and an opportunity for participation by the Trustee and Noteholders in connection with any dispute with a CDO. The CDO itself may have not economic interest in the outcome of a dispute concerning its Derivative Contracts because the dispute will only affect how the value of the CDO's assets are allocated between the Debtors, the Noteholders, and potentially other creditors of the CDO. In contrast, the Trustee of a CDO generally is responsible for protecting the CDO's assets, including its Derivative Contracts, for the benefit of all the CDO's creditors, while the Noteholders are likely to have the greatest economic interest in disputing the Debtors' claims

---

[1]      Capitalized terms used but not otherwise defined herein shall have the same meaning ascribed to such terms in the ADR Motion.

against the CDO.  Although the Noteholders and Trustee should be permitted to rely on the CDO

to represent their interests if they choose to do so, and therefore should not be required to

participate in mediation, they should have a full opportunity to do so.  Yet, nothing in the

Debtors' proposed order ensures that they have such an opportunity, and the confidentiality

provisions in paragraph 13 of the Proposed Order appear to preclude their participation.

5.       Wachovia reserves all rights and nothing herein shall be construed as an

admission or waiver of any rights or claims that Wachovia may be entitled to assert.

WHEREFORE, for the reasons set forth herein, Wachovia respectfully joins in the Objections, makes the further objections stated above and requests that: (i) the relief sought therein be made fully applicable to Wachovia and any CDOs in which it is a holder of Notes; (ii) the Debtors' motion be denied to the extent set forth in the Objection and Joinder and (iii) this Court grant such other and further relief as this Court may deem just or proper.

Dated: New York, New York
July 31, 2009

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:   /s/ Jeffrey A. Rosenthal
      Jeffrey A. Rosenthal
      A Member of the Firm

One Liberty Plaza
New York, New York 10006
(212) 225-2000
jrosenthal@cgsh.com

*Attorneys for Wachovia Bank, National Association and its affiliates and Evergreen Investment Management Company, LLC, acting as agent for various funds.*