John H. Genovese, Esq.
W. Barry Blum, Esq.
Robert F. Elgidely, Esq. (RE-0512)
GENOVESE, JOBLOVE & BATTISTA, P.A.
Bank of America Tower at International Place
100 S.E. 2nd Street, Suite 4400
Miami, Florida 33131
(305) 349-2300 (tel.)
(305) 349-2310 (fax)

Co-Counsel for the Wong Minibond Noteholders

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | Case No. 08-13555-JMP |
| | : | |
| Debtors. | : | |

-----------------------------------------------------------------x

**LIMITED OBJECTION OF THE WONG MINIBOND NOTEHOLDERS TO DEBTORS' MOTION PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-143 FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVE CONTRACTS**

TO:   THE HONORABLE JAMES M. PECK,
        UNITED STATES BANKRUPTCY JUDGE:

Plaintiffs KA KIN WONG, SIU LUI CHING, CHUN IP, JIN LIU, YIN YING LEUNG, LAI MEI CHAN, and SING HEUNG (hereinafter collectively, the "Wong Minibond Noteholders"), by and through their undersigned counsel, hereby file their Limited Objection to Debtors' Motion Pursuant To Section 105(A) Of The Bankruptcy Code And General Order M-143 For Authorization To Implement Alternative Dispute Resolution Procedures For Affirmative Claims Of Debtors Under Derivative Contracts, and respectfully state in support thereof as follows:

Procedural and Factual Background

1.  On September 15, 2008, Lehman Brothers Holdings Inc. (hereinafter "LBHI") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (hereinafter the "Bankruptcy Code") with the Clerk of this Court.

2.  On September 17, 2008, the Official Committee of Unsecured Creditors was appointed by the Office of the United States Trustee.

3.  On October 3, 2008, Lehman Brothers Special Financing Inc. (hereinafter "LBSF") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Clerk of this Court.

4.  On October 16, 2008, the bankruptcy proceedings of LBHI, LBSF, and other LBHI affiliates (hereinafter referred to collectively as the "Debtors") were consolidated for procedural purposes only and are being jointly administered by this Court.

5.  On or about January 20, 2009, the Court approved the appointment of an examiner in these bankruptcy proceedings.

6.  On July 20, 2009, the Debtors filed their Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-143 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivative Contracts [D.E. No. 4453] (hereinafter the "Motion").

7.  The Wong Minibond Noteholders object to the Motion on the grounds that: (i) they are the direct beneficiaries of the collateral associated with certain derivative contracts; (ii) the transaction documents and swap agreements governing their rights and interests do not mandate an alternative dispute resolution procedure but expressly permit proceedings to be brought in any court; (iii) their pending adversary proceeding should not be subsumed into,

subject to, or affected by the proposed alternative dispute resolution procedures; (iv) the Debtors' counterparties to certain derivative contracts are foreign, bankruptcy remote, single purpose entities which issued notes to the Wong Minibond Noteholders directly (or issued notes held in trust for their direct benefit) and it is unlikely such entities will participate or adequately protect their interests in the alternative dispute resolution process; (v) they should receive notice of, and be permitted to participate in, any alternative dispute resolution process which may affect their rights and interests; (vi) the time frames set forth in the Motion for responses and replies to the Derivatives ADR Package and to address settlement conference issues are unreasonably short; (vii) the parties should have a voice in the selection of a proposed Mediator; and (viii) the cost of the Mediator should be borne solely by the Debtors.

8.    On March 12, 2009, the Wong Minibond Noteholders filed an Adversary Complaint on behalf of a class of approximately 33,000 persons who acquired Minibond series notes from a non-debtor issuer in the period June 16, 2003 to September 15, 2008 (hereinafter the "Adversary Complaint").

9.    The Wong Minibond Noteholders' claims in the Adversary Complaint spring from the rights and obligations of the parties under the transaction documents for the Minibond deal structure (e.g., principal and supplemental trust deeds, programme prospectuses, issue prospectuses, pricing supplements, etc.) (hereinafter collectively, the "Transaction Documents") and credit default swap agreements.

10.   As alleged in the Adversary Complaint, retail investors (such as the Wong Minibond Noteholders) purchased investment products referred to as Minibond series notes from

a foreign, bankruptcy remote, single purpose entity (such as Pacific International Finance Limited or "PIF") for approximately $1.6 Billion (hereinafter the "Subscription Proceeds").[1]

11. The Issuer then utilized the Subscription Proceeds to purchase notes from yet another foreign, bankruptcy remote, single purpose entity (such as Saphir Finance PLC or "Saphir") (hereinafter the "Secondary Issuer").

12. Both PIF and Saphir entered into credit default or interest rate swap agreements with LBSF and LBHI.

13. Under the swap agreements, LBSF agreed to fulfill the Initial Issuer's obligation to make annual coupon payments used to pay the Noteholders and LBHI agreed to serve as the guarantor or credit support provider for LBSF's obligations.

14. The Transaction Documents and swap agreements describe certain events of default and the consequences thereof.

15. The Wong Minibond Noteholders contend that certain material events of default occurred under the Transaction Documents and swap agreements which were triggered by an early termination of the Minibond deal structure and triggered the obligation to liquidate the Minibond collateral in redemption of the Minibond series notes.

16. **<u>Significantly, however, the Transaction Documents and swap agreements do not mandate an alternative dispute resolution procedure for any of the parties who have legal and equitable rights under the express terms of those instruments including the Minibond Noteholders</u>**.

---

[1] PIF is an entity that was organized in the Cayman Islands. The Minibond series notes were non-recourse as to PIF.

17. Thus, it would be a violation of the Wong Minibond Noteholders' equitable, contractual, and Due Process rights to force them to comply with the procedures set forth in the Motion.

18. The Debtors and the Court have previously recognized the Debtors' inability to correspond with certain counterparties. In the Derivative Procedures Order entered on December 16, 2008 and the Supplemental Derivative Procedures Order entered on January 15, 2009, the Court noted that the address, fax number, or email address of certain Counterparties may not be available to the Debtors. *See* [D.E. Nos. 2257, p. 2 and 2557, p. 2].

19. Notwithstanding these facts, the Debtors purportedly will serve counterparties with a Derivatives ADR Package by hand delivery, first class, *or* overnight mail and propose the right to obtain significant relief (including sanctions or judgment for recovery of the amount sought in the Derivative ADR Notice) by default in the event a counterparty fails to respond thereto.

20. If the Motion is granted under these circumstances, the Debtors would be permitted to exclude economic stakeholders and interested parties from an alternative dispute resolution process, to invoke an alternative dispute resolution process with a shell entity counterparty, and to obtain significant relief against the shell entity counterparty by default and to the detriment of the economic stakeholders and interested parties. Such a possibility should not be condoned.

21. The Wong Minibond Noteholders also submit that:

   (i) they should receive notice of, and should be permitted to participate in, any alternative dispute resolution process which may affect their rights and interests;

(ii) the time frames set forth in the Motion for responses and replies to the Derivatives ADR Package and to address settlement conference issues are unreasonably short; particularly, in instances where the parties are located in different countries.

(iii) the parties should have a voice in the selection of a proposed Mediator;

(iv) the cost of the Mediator should be borne equally by the Debtors; and

(v) a party's right to a jury trial should be preserved irrespective of the level of such party's participation in the alternative dispute resolution procedures.

## Conclusion

For the foregoing reasons, the Wong Minibond Noteholders respectfully request the Court to deny the Motion and for such other and further relief as the Court may deem just and proper.

Dated: Miami, Florida
July 31, 2009

Respectfully submitted,

GENOVESE, JOBLOVE & BATTISTA, P.A.

By: /s/ Robert F. Elgidely
Robert F. Elgidely, Esq. (RE-0512)
Bank of America Tower at International Place
100 S.E. 2nd Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Telecopier: (305) 349-2310

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
DAVID C. WALTON
PATRICK W. DANIELS
NATHAN W. BEAR

By: /s/ Ray A. Mandlekar
Ray A. Mandlekar, Esq.
(*Admitted Pro Hac Vice*)

655 West Broadway, Suite 1900
San Diego, California 92101
Telephone: (619) 231-1058
Telecopier: (619) 231-7423


COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
ROBERT M. ROTHMAN
MARK T. MILLKEY
58 South Service Road, Suite 200
Melville, New York 1177
Telephone: (631) 367-7100
Telecopier: (631) 367-1173

COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
JASON C. DAVIS
100 Pine Street, Suite 2600
San Francisco, California 94111
Telephone: (415) 288-4545
Telecopier: (415) 288-4534

Attorneys for Wong Minibond Noteholders