ALSTON & BIRD LLP
Martin G. Bunin, Esq.
90 Park Avenue
New York, N.Y. 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

and

John C. Weitnauer, Esq.
William S. Sugden, Esq.
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Bank of America, National Association successor by merger with LaSalle Bank National Association, as Trustee under certain Indentures, Pooling and Servicing Agreements, Trust Agreements and Similar Agreements*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
In re:

**LEHMAN BROTHERS HOLDINGS, INC.,** *et al.*

    Debtor.
-----------------------------------------------------------x

Chapter 11

Case No. **08-13555** (JMP)

**(Jointly Administered)**

**LIMITED OBJECTION AND JOINDER OF BANK OF AMERICA,
NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LASALLE
BANK NATIONAL ASSOCIATION, IN ITS CAPACITY AS TRUSTEE
UNDER CERTAIN INDENTURES, POOLING AND SERVICING
<u>AGREEMENTS, TRUST AGREEMENTS AND SIMILAR AGREEMENTS</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Bank of America, National Association, successor by merger to LaSalle Bank

National Association, in its capacity as trustee ("<u>Trustee</u>") under certain indentures, pooling and servicing agreements, trust agreements and similar agreements, hereby joins in the Limited Objection of Bank of America, N.A., Merrill Lynch & Co., Inc. and Their Respective Affiliates to the Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-143 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivative Contracts (the "<u>Bank of America Limited Objection</u>").  In addition to the grounds set forth in the Bank of America Limited Objection, the Trustee sets forth the following further Limited Objection to Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-143 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivative Contracts (Docket No. 4453) (the "<u>Motion</u>").

## **TRUSTEE'S FURTHER LIMITED OBJECTION**

**A. Where the Counterparty is a Trust or Other Special Purpose Vehicle in a Structured Transaction, Interested Persons Must Be Allowed to Participate in the Alternative Dispute Resolution Process**

Paragraph 22 of the Motion provides that "only the Debtor and its representatives and the Derivatives Counterparty and its representatives will participate" in the pre-mediation settlement conference.  The Debtors do not explicitly propose a limitation on the persons that will be allowed to participate in a mediation.

The Trustee objects to the Motion and the proposed Order to the extent the Debtors seek to limit the persons who will be permitted to participate on a counterparty's behalf in the alternative dispute resolution process.  Once the alternative dispute resolution process has been initiated, the counterparty should be afforded discretion to determine the persons that will participate on its behalf.  For instance, if a counterparty

has employed advisors (other than counsel) to assist in the resolution of a dispute with the Debtors, the counterparty should be entitled to designate the advisor as an attending party.

Additionally, in some instances, a counterparty will be a trust or other special purpose vehicle in a structured transaction involving the issuance of securities to investors. In such instances, the counterparty will have no officers or employees who can act on its behalf. Instead, the counterparty may have engaged an asset manager or other party to assist in managing its assets and derivative contracts. In addition, a trustee will have been appointed to exercise certain rights of the counterparty on behalf of the related investors. That trustee may in turn take directions from a designated party, including in some cases a controlling group of investors. In such a case, such parties, including the investors (who will bear the economic risk of any settlement and who may ultimately need to approve a settlement), should be permitted to participate in the alternative dispute resolution procedures.

The counterparties should thus have a reasonable opportunity to designate participants. If either a Debtor or a counterparty believes the other party is not acting in good faith in designating attendees, the Court should be available to resolve any such disputes.

**B. The Order Should Not Specify the Location of Mediations**

Paragraph 26 of the Motion proposes that all mediation proceedings shall be held in New York, New York. It is inappropriate for the order to require that participants appear in-person and to set a default location. Particularly where the counterparty is a trust or other special purpose vehicle in a structured transaction, mediation proceedings could involve multiple interested participants in multiple locations. In such

circumstances, a requirement that all participants appear in-person in New York could impose undue inconvenience or hardship. Section 3.1 of the General Order provides that the mediator shall decide the location for mediation after consultation with all attorneys. Consistent with that provision, the mediator should be empowered to determine the location for in-person mediation and consider requests that in-person participation not be required.

## CONCLUSION

The Trustee respectfully requests that the ADR Motion be denied, or, in the alternative, that the proposed Derivatives ADR Procedures be modified in accordance with the Bank of America Limited Objection and the further limited objection set forth herein.

Dated: New York, New York
       July 31, 2009

        /s/ Martin G. Bunin
ALSTON & BIRD LLP
Martin G. Bunin, Esq.
90 Park Avenue
New York, New York 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
-and-
John C. Weitnauer, Esq.
William S. Sugden, Esq.
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Bank of America, National Association, successor by merger to LaSalle Bank National Association, as Trustee under Certain Indentures, Pooling and Servicing Agreements, Trust Agreements and Similar Agreements*