Hearing Date and Time: August 5, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: July 31, 2009 at 4:00 p.m. (Prevailing Eastern Time)

Carmine D. Boccuzzi
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Goldman, Sachs & Co., for itself and on behalf of certain funds and accounts for which it acts as investment manager, Goldman Sachs (Asia) Finance, Goldman Sachs Bank USA, Goldman Sachs Credit Partners L.P., Goldman Sachs International, Goldman Sachs International Bank, Seoul Branch, Goldman Sachs Japan Co. Ltd., Goldman Sachs (Japan) Ltd., GS European Performance Fund Limited, GSW Grundbesitz GmbH & Co. KG, Harpen Immobilien GmbH & Co. KG, J. Aron & Company, WH 2005 / NIAM III East Holding OY, Zwinger Opco 6 BV, Goldman Sachs Asset Management, L.P., on behalf of certain funds and accounts for which it acts as investment manager, Goldman Sachs Asset Management International, on behalf of certain funds and accounts for which it acts as investment manager, and GS Investment Strategies, LLC on behalf of certain funds and accounts for which it acts as investment manager*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                                  :
**In re**                                                 :        **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,              :        **08-13555 (JMP)**
                                                                  :
    **Debtors.**                                          :         **(Jointly Administered)**
                                                                  :
                                                                  :
------------------------------------------------------------------x

### OBJECTION OF GOLDMAN TO DEBTORS' MOTION FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES AND JOINDER TO THE OBJECTIONS OF THE ROYAL BANK OF SCOTLAND AND D.E. SHAW

Goldman, Sachs & Co., for itself and on behalf of certain funds and accounts for

which it acts as investment manager, Goldman Sachs (Asia) Finance, Goldman Sachs Bank

USA, Goldman Sachs Credit Partners L.P., Goldman Sachs International, Goldman Sachs International Bank, Seoul Branch, Goldman Sachs Japan Co. Ltd., Goldman Sachs (Japan) Ltd., GS European Performance Fund Limited, GSW Grundbesitz GmbH & Co. KG, Harpen Immobilien GmbH & Co. KG, J. Aron & Company, WH 2005 / NIAM III East Holding OY, Zwinger Opco 6 BV, Goldman Sachs Asset Management, L.P., on behalf of certain funds and accounts for which it acts as investment manager, Goldman Sachs Asset Management International, on behalf of certain funds and accounts for which it acts as investment manager, and GS Investment Strategies, LLC, on behalf of certain funds and accounts for which it acts as investment manager (together, "Goldman"), by and through their undersigned counsel, hereby join in the Objection To Debtors' Motion For Authorization To Implement Alternative Dispute Resolution Procedures For Affirmative Claims Of Debtors Under Derivative Contracts, dated July 31, 2009, filed by The Royal Bank of Scotland plc and its affiliates [D.I. 4544] (the "RBS Objection") and the Limited Objection To Debtors' Motion Pursuant To Section 105(A) Of The Bankruptcy Code And General Order M-143 For Authorization To Implement Alternative Dispute Resolution Procedures For Affirmative Claims Of Debtors Under Derivative Contracts, dated July 31, 2009, filed by D.E. Shaw Composite Portfolios, L.L.C., D.E. Shaw Oculus Portfolios, L.L.C., and their affiliates [D.I. 4579] (the "D.E. Shaw Objection," and together with the RBS Objection, the "Objections"), and incorporate the objections raised therein by reference as if set forth fully herein, and respectfully represent as follows:

    1.    Goldman is the counterparty of the Debtors for numerous derivatives contracts, including swap agreements and forward contracts.

        2.       Goldman hereby joins with, and incorporates by reference herein, all arguments and assertions made in the Objections. Goldman reserves all rights to be heard before the Court with regard to the issues raised in the Objections and this Joinder.

        3.       Further, Goldman objects to certain provisions of the Debtors' motion for authorization to implement alternative dispute resolution procedures, dated July 20, 2009 [D.I. 4453] (the "ADR Motion") as ambiguous, unduly burdensome and/or inappropriate, particularly in light of the Standing Order.[1] In particular, Goldman objects to the following:

    a.    Paragraph 10(b) of the proposed order provides that the mediator shall have "the discretion to certify specific legal issues to the court for decision." This discretion is inconsistent with the Standing Order, and granting the mediator the right to certify legal issues to the Court for binding decision without the ability of parties at interest to appear and be heard before the Court is inconsistent with due process and the goals of the mediation process.

    b.    Paragraph 15 of the proposed order provides that "the party who requests the Mediation shall pay the reasonable fees and costs charged by the Mediator." This paragraph is ambiguous as to which party pays the mediator's fees, especially in light of paragraph 10(a), which provides that the Debtors and counterparty "together shall contact the mediator to schedule the initial mediation date."

    c.    Paragraph 8 of the proposed order provides that Debtors shall serve notices upon the Derivatives Counterparty. Goldman respectfully requests that any order entered by the Court require Debtors to serve any notice upon Derivative Counterparties and their attorneys.

        4.       Goldman reserves all rights and nothing herein shall be construed as an admission or waiver of any rights or claims that Goldman may be entitled to assert.

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meaning ascribed to such terms in the ADR Motion.

WHEREFORE, for the reasons set forth herein, Goldman respectfully joins in the Objections, makes the further objections stated above, and requests that the relief sought therein be made fully applicable to Goldman and that this Court grant such other and further relief as this Court may deem just or proper.

Dated: New York, New York
July 31, 2009

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:   /s/ Carmine D. Boccuzzi
  Carmine D. Boccuzzi
  A Member of the Firm

One Liberty Plaza
New York, New York 10006
(212) 225-2000
cboccuzzi@cgsh.com

*Attorneys for Goldman, Sachs & Co., for itself and on behalf of certain funds and accounts for which it acts as investment manager, Goldman Sachs (Asia) Finance, Goldman Sachs Bank USA, Goldman Sachs Credit Partners L.P., Goldman Sachs International, Goldman Sachs International Bank, Seoul Branch, Goldman Sachs Japan Co. Ltd., Goldman Sachs (Japan) Ltd., GS European Performance Fund Limited, GSW Grundbesitz GmbH & Co. KG, Harpen Immobilien GmbH & Co. KG, J. Aron & Company, WH 2005 / NIAM III East Holding OY, Zwinger Opco 6 BV, Goldman Sachs Asset Management, L.P., on behalf of certain funds and accounts for which it acts as investment manager, Goldman Sachs Asset Management International, on behalf of certain funds and accounts for which it acts as investment manager, and GS Investment Strategies, LLC on behalf of certain funds and accounts for which it acts as investment manager*