RIKER, DANZIG, SCHERER, HYLAND
 & PERRETTI LLP
Joseph L. Schwartz, Esq.
Kevin J. Larner, Esq. (KL-8627)
Headquarters Plaza, One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800

-and-

500 Fifth Avenue, Suite 4920
New York, New York 10110
(212) 302-6574

*Attorneys for The Kroger Co.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br>Jointly administered |
|---|---|

**OBJECTION OF THE KROGER CO. TO THE DEBTORS' MOTION PURSUANT
TO SECTION 105(A) OF THE BANKRUPTCY CODE AND GENERAL ORDER
M-143 FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE
RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS
UNDER DERIVATIVE CONTRACTS**

THE KROGER CO. ("Kroger"), by and through its counsel, submits this objection to the motion of Lehman Brothers Holdings, Inc., et al. (the "Debtors") for an order pursuant to Section 105(A) of the Bankruptcy Code and General Order M-143 for authorization to implement alternative dispute resolution ("ADR") procedures for affirmative claims of debtors under derivative contracts (the "Motion"), and in support thereof, respectfully states as follows:

**BACKGROUND**

1. Commencing on September 15, 2008 and periodically thereafter, the Debtors commenced before this Court voluntary cases under chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 (as amended, "SIPA") with respect to Lehman Brothers Inc.

3. On July 20, 2009, the Debtors filed the Motion, seeking to establish ADR procedures with respect to derivatives contracts.

## OBJECTION

### A. The Timeframes for Response to a Derivative ADR Notice are not Adequate.

4. In the Motion, the Debtors set forth that Derivative Counterparties[1] who are served with a Derivative ADR Notice shall have twenty (20) calendar days to gather information and meaningfully respond to a Derivative ADR Notice served upon it by the Debtors.

5. Kroger respectfully submits that given the complexity of the transactions at issue, and in order to participate in any meaningful way in the ADR process, the Derivative Counterparties should be provided at least forty-five (45) days to respond to the receipt of a Derivative ADR Notice.

### B. The Court Should Not Require the Mediations to Take Place in New York.

6. Paragraph 26 of the Motion states that, as a default, the mediation proceedings will take place in New York, New York, and that the addition or elimination of mediation locations shall be in the sole discretion of the Debtors. This is unduly burdensome to Kroger.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

3969919.1

7.      Kroger, like many potential Derivative Counterparties, is not located in New York, and should not be forced to expend significant resources to attend mediation proceedings in New York, only because New York is a convenient forum for the Debtors.  Instead, the location of the mediation should be either mutually agreed to by the parties to each of the mediation proceedings, or, if the parties are unable to agree to a location, the mediator should determine the location of the mediation proceedings after consulting with the parties and their counsel.

C.      **The Court Should Not Require Representatives of the Derivative Counterparties to Participate in Person.**

8.      In addition to requiring that the mediation proceedings take place in New York, the Debtors seek an order of the Court requiring parties to a Derivative ADR Dispute to appear in person at the mediation proceedings.  See Motion at ¶ 28.  Again, this is unduly burdensome to Kroger.

9.      The Court should permit the mediator to determine in his or her sound judgment, based upon the facts and circumstances of each Derivative ADR Dispute, whether in person attendance of the parties is required, or whether alternative methods of participation in the mediation proceedings, including, but not limited to telephonic or video-conference participation, is appropriate.

D.      **The Debtors Should Disclose the Derivatives Contracts They Believe are Subject to the Motion.**

10.     Kroger is forced to file this Objection without knowing whether the Motion seeks to affect Kroger's rights, because the Debtor has not identified which Derivative Counterparties it seeks to bind pursuant to the Derivative ADR Procedures.

11.     Kroger submits that it would be fair and equitable for this Court to require the Debtor to publish a non-binding list of Derivative Counterparties subject to the Motion, so, *inter*

3

3969919.1

*alia,* such parties have notice that their contract is subject to the Derivative ADR Procedures, and to eliminate any surprise that would befall parties upon being served by the Debtor with a Derivative ADR Notice.

### RESERVATION OF RIGHTS

12. Kroger reserves it rights to adopt and incorporate by reference any objections raised by any other parties to the Motion.

### CONCLUSION

WHEREFORE, for all of the foregoing reasons, Kroger respectfully requests that the Court deny the Debtors the relief sought in the Motion, or alternatively, modify the relief requested as set forth herein.

Dated: July 31, 2009
Morristown, New Jersey

        RIKER, DANZIG, SCHERER, HYLAND
         & PERRETTI LLP

        By:  /s/  Kevin J. Larner
          Joseph L. Schwartz, Esq.
          Kevin J. Larner, Esq. (KL-8627)
          Headquarters Plaza, One Speedwell Avenue
          Morristown, New Jersey  07962-1981
          (973) 538-0800
          -and-
          500 Fifth Avenue, Suite 4920
          New York, New York 10110
          (212) 302-6574

        *Attorneys for The Kroger Co.*