WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
              Debtors.                    :    (Jointly Administered)
                                          :
-------------------------------------------------------------------x
```

**NOTICE OF (I) ADJOURNMENT OF HEARING AND (II) REVISED PROPOSED ORDER APPROVING DEBTORS' MOTION PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-143 FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVES CONTRACTS**

   **PLEASE TAKE NOTICE** that the hearing (the "Hearing") on the Debtors'

Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-143 for

Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims

of Debtors Under Derivatives Contracts [Docket No. 4453] (the "Motion"), which was scheduled

for August 5, 2009 at 10:00 a.m. **has been adjourned to August 26, 2009 at 10:00 a.m.**, or as

soon thereafter as counsel may be heard.  The Hearing will be held before the Honorable James

M. Peck, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling

Green, New York, New York, Room 601, and such Hearing may be further adjourned from time

to time without further notice other than an announcement at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as <u>Exhibit A</u> is a blackline of the order approving the Motion (the "<u>Proposed Revised Order</u>").  The Proposed Revised Order reflects modifications made to the proposed order annexed to the Motion.  A clean copy of the Proposed Revised Order is attached hereto as <u>Exhibit B</u>.


Dated:  July 31, 2009
   New York, New York

        /s/ Lori R. Fife_____
        Lori R. Fife

        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York 10153
        Telephone: (212) 310-8000
        Facsimile: (212) 310-8007

        Attorneys for Debtors
        and Debtors in Possession

**<u>Exhibit A</u>**
**(Blackline of Proposed Revised Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                         :

| | |
|---|---|
| In re | :     **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | :     **08-13555 (JMP)** |
| | : |
| Debtors. | :     **(Jointly Administered)** |
| | : |
| | : |

-------------------------------------------------------------------x

## ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVES CONTRACTS

       The following alternative dispute resolution procedures (the "Derivatives ADR Procedures") are ORDERED to apply in the chapter 11 cases of Lehman Brothers Holdings, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession in various chapter 11 proceedings consolidated for procedural purposes only (collectively, "the Debtors").

## FINDINGS

       On motion of Debtors, the Court FINDS that numerous open and terminated derivatives contracts, including swap agreements and forward contracts (the "Derivatives Contracts with Recovery Potential"), exist as to which one or more Debtors assert that monetary recovery is due to a Debtor from a counterparty, its affiliates, or related parties.  The Court further FINDS that certain common issues exist regarding these contracts, including questions involving appropriateness of setoff, termination, valuation and computation of termination payments, and notice.  The Court further FINDS that substantial value may be recovered for the estates of Debtors, and judicial efficiency can be promoted, if expedient resolution of disputes and recoveries under such contracts can be achieved without the need for trial of adversary proceedings or other litigation.  The Court further FINDS that similar proceedings ordered in

other complex chapter 11 cases have contributed to effective administration of the proceedings and have reduced costs for all parties.

The procedures described below are ORDERED to promote consensual recovery with respect to the Derivatives Contracts with Recovery Potential, and to encourage effective communication between the affected parties, consultation, negotiation, and, when necessary, mediation procedures.

1.    <u>Standing Mediation Order</u>.  All provisions of the General Order #M-143, adopted January 17, 1995, providing for Procedures Governing Mediation of Matters in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York and all existing and further amendments thereto (the "<u>Standing Order</u>") shall apply to the mediations to be conducted under this ~~order~~<u>Order</u>.

2.    <u>Derivatives ADR Counterparties</u>.  To date, the Debtors have identified approximately two hundred fifty (250) counterparties (which number will surely increase) to Derivatives Contracts with Recovery Potential with whom there is reasonable cause for Debtors to believe that disagreement exists over the amounts that may be owed to Debtors under such contracts (whether or not an actual lawsuit or adversary proceeding has been commenced), whether from a counterparty to a Derivatives Contract with a Recovery Potential, an affiliate of such counterparty or a person or entity who exercised or failed to exercise duties in relation to such a contract (collectively, the "<u>Derivative Counterparties</u>").

3.        <u>Derivatives ADR Disputes</u>.  Any Debtor may designate any dispute regarding a Derivative Contract with Recovery Potential to the Derivatives ADR Procedures by serving the following on a Derivative Counterparty:

a.        a copy of this Order; and

b.        a Derivatives ADR Notice (as defined below) (collectively, the "<u>Derivatives ADR Package</u>").

For purposes of the Derivatives ADR Procedures, service on or notice to a Derivatives Counterparty shall be deemed adequate if such service or notice is provided to the Derivatives Counterparty, the Derivatives Counterparty's counsel, legal guardian, estate representative, or other representative by (i) <u>email and (ii) at the option of the Debtors either (x) </u>hand delivery, <u>or </u>(~~ii~~<u>y</u>) first class mail, or (~~iii~~<u>z</u>) overnight mail.

4.        <u>Settlement of Disputes During the Derivatives ADR Procedures</u>.  Nothing contained herein shall prevent the parties from settling, and the parties are encouraged to settle, a Derivatives ADR Dispute at any time before, during, or following the designation of a Derivatives ADR Dispute to the Derivatives ADR Procedures by the mutual consent of the parties, provided that such settlement

a.        complies with (i) the Order, dated December 16, 2008, authorizing the Debtors to establish procedures for the settlement or assumption and assignment of prepetition derivative contracts [Docket 2257]; (ii) the Order, dated January 29, 2009, authorizing the consensual assumption and assignment of prepetition derivative contracts [Docket No. 2667], or (iii) other orders in these bankruptcy cases permitting such settlement, or

b.        is approved by specific order of the Court.

Any settlement discussions between any of the parties and the Official Unsecured Creditors'
Committee (the "Creditors' Committee"), the contents of any papers submitted during the
mediation stage described below, and all discussions in mediation shall remain confidential and
privileged and shall not be discoverable or admissible as evidence in any subsequent litigation of
the Derivatives ADR Dispute or elsewhere, except as provided by further order of this Court.

     5.    Participation Mandatory.  Unless otherwise provided in a specific order
applicable to a particular Derivatives ADR Dispute or a particular Derivatives Counterparty,
after service of an ADR Package on a Derivatives Counterparty,

    a.    compliance with the Derivatives ADR Procedures in this Order is
mandatory in the specified Derivatives ADR Disputes for both the
applicable Debtor or Debtors and each Derivatives Counterparty; and

    b.    no party is required to settle or compromise any dispute or enter into a
particular settlement or compromise, but each Debtor serving a
Derivatives ADR Package and each Derivatives Counterparty must serve
the required responses, engage in the specified communications to discuss
settlement, participate in any mediation in good faith, follow directions of
the mediator, and otherwise comply with the Derivatives ADR Procedures
specified below for all Derivatives ADR Disputes covered by such notice.

All rights, remedies, claims and defenses of a Derivatives Counterparty and a Debtor in good
faith compliance with the Derivatives ADR Procedures shall not be impaired, waived or
compromised in any further proceedings in these cases should no settlement or compromise
result from participation in these Derivatives ADR Procedures.

6.      <u>No Substitute For Claims Procedures</u>.  The Derivatives ADR Procedures are not intended and shall not be utilized as a substitute for chapter 11 claims procedures. Nothing contained herein, however, shall prevent a Derivatives Counterparty from asserting in any respect to a Derivatives ADR Notice and elsewhere during the course of a Derivatives ADR Dispute a right to assert valid and enforceable setoff rights with respect to a Debtor's claim of a Derivative Contract with Recovery Potential or any other valid defense to a Debtor's demand thereunder.

7.      <u>Debtor's Rights As to Proceedings Previously or Hereafter Commenced by Derivative Counterparties</u>.  If a Derivatives Counterparty previously has commenced, any action or proceeding in any other court or forum, or any action or proceeding in any other court or forum following service upon it of a Derivative ADR Package, the Debtors reserve their right, pursuant to the order dated December 18, 2008 [Docket No. 2306], to remove to this Court any such lawsuit, proceeding, or claim and to defend or take action in any such other court or proceeding to protect the estate of Debtors, despite the incomplete status of the steps prescribed under the Derivative ADR Procedures.

## NOTICE/RESPONSE STAGE

8.      <u>Notice/Response</u>.  The initial stage of the Derivatives ADR Procedures will be a notice/response stage, providing the parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve a Derivatives ADR Dispute on a consensual basis (the "<u>Notice/Response Stage</u>").  The Notice/Response Stage shall include:

a.      <u>Derivatives ADR Notice</u>.  Debtors shall serve upon a Derivatives Counterparty (and its attorneys who have appeared in these cases) a notice containing sufficient information regarding the Derivatives ADR Dispute

to make the Derivatives Counterparty aware of the nature of Debtor's affirmative claim, a brief explanation setting forth the basis for the demand and the amount, and of its demand for settlement (which demand shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), including an amount of monetary recovery Debtor(s) would accept in full settlement and compromise (a "Derivatives ADR Notice").  In addition, the Debtors shall serve an ADR Notice upon any trustee or other party acting in a fiduciary capacity in connection with a trust or other financing arrangement that relates to the applicable Derivatives Contract with any of the Debtors (such fiduciaries collectively referred to as "Indenture Trustees," and each singly as an "Indenture Trustee").

b.    Derivatives Counterparty's Response to Notice.  A Derivatives Counterparty must respond to the Derivatives ADR Notice in writing through a "Statement of Position" within twenty (20) calendar days from the date of the Derivatives Counterparty's receipt of the Notice.  An Indenture Trustee must respond to the Derivatives ADR Notice in writing through a "Statement of Position" within thirty (30) calendar days from the date of such Indenture Trustee's receipt of the ADR Notice.  The response options available to a Derivatives Counterparty or an Indenture Trustee are as follows (the "Responses"):

i.    Agreeing to Settle the Demand.  If a Derivatives Counterparty agrees to settle the demand in the Derivatives

ADR Notice, the Counterparty shall state in writing that the offer of settlement in the Derivatives ADR Notice is accepted.  The parties will then execute a settlement and general release (including a confidentiality provision) and, if the matter is in litigation, the Debtor shall dismiss any applicable claims in a lawsuit or adversary proceeding with prejudice upon execution of the release; or

ii.    <u>Denying the Demand</u>.  A Derivatives Counterparty may decline to settle for the amount stated in the demand in the Derivatives ADR Notice, in which case the Derivatives Counterparty must include a brief explanation in the Response to the Derivatives ADR Notice setting forth the reason(s) for such denial.  In addition, the Derivatives Counterparty may provide a counteroffer to the demand in the Derivatives ADR Notice.

c.    <u>Failure to Respond</u>.  Failure to provide a timely Response to the Derivatives ADR Notice, as described in paragraphs 8(b)(i) and (ii), may result, at the option of Debtors, either in an application to the Court <u>(with notice to any applicable Indenture Trustee)</u> for Sanctions (as defined below) as set forth below, including an order or judgment for  recovery of amounts demanded by Debtors in the Derivatives ADR Notice, or immediate entry into the mediation stage.

d.      <u>Reply to Response</u>.  The Debtor shall have fifteen (15) days from the date

of the receipt of the Response to serve a reply to the Response to the

Derivatives ADR Notice (which Response shall have been determined

with the benefit of consultation between Debtors and the Creditors'

Committee), in which the Debtor ~~may~~<u>shall</u> (i) modify its Demand, (ii)

respond to any counteroffer, (iii) provide additional information in support

of its demands in the Derivatives ADR Dispute, or (iv) reject any

counteroffer in which case ~~the Derivatives ADR Dispute will~~

~~automatically proceed to the Mediation Stage.  If the Debtor fails to~~

~~respond within this period,~~ the Derivatives ADR Dispute will

automatically proceed to the Mediation Stage.

9.      <u>Request for Initial Settlement Conference</u>.  At any time in the

Notice/Response Stage, either a Debtor or a Derivatives Counterparty may request an initial

telephonic settlement conference by written request, to be held within five (5) calendar days<u>,

and, in the case of Indenture Trustees, to be held within ten (10) business days</u>.  Within two (2)

~~calendar~~<u>business</u> days of a receipt of such a request, the other parties must respond by

acceptance of one of the proposed dates and times or by a proposal for an initial settlement call

no later than five (5) calendar days from the earliest date set forth in the written request.  <u>In the

case of Indenture Trustees, within seven (7) business days of a receipt of such a request, the

other parties must respond by acceptance of one of the proposed dates and times or by a proposal

for an initial settlement call no later than ten (10) business days from the earliest date set forth in

the written request.</u>  If an acceptable date cannot be achieved through this process, the parties

shall immediately proceed to the Mediation Stage.  At least one hour shall be reserved for the

initial conference to discuss settlement.  No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this paragraph, together with any continuations or rescheduled settlement calls or meetings arising from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, the confidentiality provisions of this Order shall apply to this call or series of calls as if a mediator were present.  Settlement conferences during the Notice/Response Stage may be held in person if both parties agree in writing.

## MEDIATION STAGE

10.    <u>Mediation</u>.  Derivatives ADR Disputes that are not resolved through the Notice/Response Stage will proceed to mediation (the "<u>Mediation Stage</u>").

      a.    Debtor and the Derivatives Counterparty together shall contact the mediator to schedule the initial mediation date.

      b.    <u>Powers of Mediator</u>.  The mediator shall have the broadest possible discretion consistent with the Standing Order ~~described below, including the discretion to certify specific legal issues to the court for decision~~.

      c.    <u>Choice of Mediator</u>.  **INSERT MEDIATOR NAME(S) is (are)** APPOINTED as the mediator(s) for Derivatives ADR Disputes reaching the Mediation Stage.  If **NAME(S)** is (are) not available to serve as mediator, an alternate mediator shall be selected as mutually agreed in writing by all parties to a specific Derivatives ADR Dispute or group of related Derivatives ADR Disputes.  Any such alternative shall be deemed to have been appointed upon entry into a written stipulation to that effect by all Debtors and Derivatives Counterparties participating in the applicable Derivatives ADR Dispute or Disputes.  If the parties cannot

agree upon a selection of mediator within ten (10) calendar days of the completion of the Notice/Response Stage, the court shall appoint one or more mediators

d.  Mediation Sites.  All mediation proceedings will take place in New York, New York, unless agreed to by the parties and the mediator.  The addition or elimination of Mediation Sites shall be within the sole discretion of the Debtors.

e.  Mediation Briefs.  Any party to a Mediation may submit a Mediation Brief, with service upon the other parties to the Mediation and upon the Creditors' Committee; provided, however, the Mediator may order that the parties to serve upon each other, the Mediator, and the Creditors' Committee a Mediation Brief.  If a party to the Mediation opts to serve a Mediation Brief upon another party to the Mediation hereunder, such Mediation Brief shall also be filed with the Mediator and the Creditors' Committee.  Any such Mediation Brief shall be served and filed so as to be received no later than five (5) calendar days prior to the scheduled initial Mediation Date.  No Mediation Brief shall be filed with the Court.

f.  Appearance at Mediations.  Unless otherwise ordered by the mediator all participants in the mediation for the applicable Derivatives ADR Dispute, must appear in person with a business principal who has settlement authority; *provided, however*, that, to the extent acceptable to the mediator, the business principal with settlement authority on behalf of a Derivative Counterparty may attend the mediation by video conference at

the sole expense of the Derivative Counterparty.  The Creditors'

Committee may attend and participate in all mediations hereunder.

Counsel may also be present and participate.

g.      End of Mediation.  The mediation shall end upon request of a party and

        concurrence by the mediator.

**OTHER PROVISIONS**

11.    <u>Deadlines</u>.  Notwithstanding any of the provisions set forth above, any of

the deadlines contained herein may be modified by:  (i) the mutual consent of the Debtors and

the Derivatives Counterparty or (ii) the Bankruptcy Court, for cause shown.

12.    <u>Sanctions for Parties</u>.  Each Debtor and each Derivatives Counterparty

must participate in good faith with these Derivatives ADR Procedures with regard to the ADR

Disputes specified in the applicable Derivatives ADR Notice.  If, after notice and a hearing, the

Court determines that the Debtors or a Derivatives Counterparty have not complied with the

Derivatives ADR Procedures in good faith in connection with any Derivatives ADR Dispute, the

Debtors or the Derivatives Counterparty may be subject to such sanctions as the Court deems

appropriate (the "<u>Sanctions</u>").  If a mediator reports to the Court that any party subject to this

Order is not cooperating in good faith with the ~~mediation procedures~~Derivatives ADR

Procedures, the Court may, without the need for further motion by any party, schedule a hearing

and order Sanctions.  Litigation with respect to the issuance of Sanctions shall not delay the

commencement of the Mediation Stage of these procedures upon completion of the

Notice/Response Stage.  Sanctions shall include, but are not limited to:

a.      <u>Against Debtors</u>:  (i) attorneys' fees incurred by a Derivatives

        Counterparty (including an Indenture Trustee) with respect to the

        Derivatives ADR Procedures after the receipt of an ADR Package; (ii)

fees and costs of the Mediator; (iii) termination of the Derivatives ADR

Procedures as to one or more Derivatives Contracts with Potential

Recovery; and/or (iii) rejection of some or all claims asserted by Debtors

in the applicable Derivatives ADR Dispute.

b.      Against Derivatives Counterparties (including Indenture Trustees):  (i)

attorneys' fees incurred by the Debtors with respect to the Derivatives

ADR Procedures after the sending of an ADR Package; (ii) fees and costs

of the Mediator; (iii)  an award of the Derivatives ADR Dispute up to the

amount specified in the Debtor'sDerivatives ADR Notice (as defined

below).

13.     Confidentiality.  The confidentiality provisions of section 5.0 of the

Standing Order are hereby incorporated by reference into this Order.  No statements or

arguments made or positions taken by the mediator, the applicable Debtors, Derivative

Counterparties, or the Creditors' Committee during any part of the alternative dispute resolution

process, including Settlement Conferences and the Mediation Stage may not be disclosed by the

mediator or any such parties or their attorneys and advisors to the Court or any third party.

Similarly, all briefs, records, reports, and other documents received or made by the mediator

while serving is such capacity shall remain confidential and not be provided to the Court, unless

they would be otherwise admissible.  In addition, the mediator shall not be compelled to disclose

such records, reports, and other documents in connection with any hearing held by the Court;

*provided*, *however*, the mediator mayshall on a monthly basis beginning 60 days following entry

of this Order report to the Court the status of the mediation efforts but shall not disclose the

content thereof, which report shall include the number of ADR Notices served on Derivatives

12

Counterparties, the number of settlements reached after mediation, the number of mediations still pending, the number of mediations that have terminated without settlement, and the cumulative dollar amount of settlements reached with Derivatives Counterparties following service of ADR Notices.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the Derivative ADR Procedures including Settlement Conferences and Mediation Stage.

14.    Jury ~~Trials~~Trial, Arbitration and Exclusive Foreign Forum Selection Rights Unaffected.  ~~Except to the extent~~Unless a Derivatives Counterparty ~~affirmatively chooses the mediation option set forth herein~~or a Debtor affirmatively waives its right to a jury trial, arbitration or exclusive foreign forum selection that otherwise may exist, participation in the Derivatives ADR Procedures shall not waive ~~any right to a jury trial that might otherwise exist.~~ or otherwise modify such rights.  The Derivatives Counterparty's or a Debtor's rights and defenses to contest the assertion of a jury trial or arbitration or exclusive foreign forum selection right by a Derivatives Counterparty are fully preserved.

15.    <u>Fees</u>.  Except as otherwise provided herein, each party to the Mediation shall bear its own counsel fees and other costs of the <u>Derivatives ADR Procedures, including</u> Mediation; *provided, however*, that the ~~party who requests the Mediation~~<u>Debtors</u> shall pay the reasonable fees and costs charged by the Mediator <u>unless otherwise ordered by the Court pursuant to the terms of this Order</u>.

**SO ORDERED:**

August __, 2009
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**
**(Revised Proposed Order – Clean)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                               :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |
| | : | |

-------------------------------------------------------------------x

## ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVES CONTRACTS

       The following alternative dispute resolution procedures (the "Derivatives ADR Procedures") are ORDERED to apply in the chapter 11 cases of Lehman Brothers Holdings, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession in various chapter 11 proceedings consolidated for procedural purposes only (collectively, "the Debtors").

## FINDINGS

       On motion of Debtors, the Court FINDS that numerous open and terminated derivatives contracts, including swap agreements and forward contracts (the "Derivatives Contracts with Recovery Potential"), exist as to which one or more Debtors assert that monetary recovery is due to a Debtor from a counterparty, its affiliates, or related parties. The Court further FINDS that certain common issues exist regarding these contracts, including questions involving appropriateness of setoff, termination, valuation and computation of termination payments, and notice. The Court further FINDS that substantial value may be recovered for the estates of Debtors, and judicial efficiency can be promoted, if expedient resolution of disputes and recoveries under such contracts can be achieved without the need for trial of adversary proceedings or other litigation. The Court further FINDS that similar proceedings ordered in

other complex chapter 11 cases have contributed to effective administration of the proceedings and have reduced costs for all parties.

The procedures described below are ORDERED to promote consensual recovery with respect to the Derivatives Contracts with Recovery Potential, and to encourage effective communication between the affected parties, consultation, negotiation, and, when necessary, mediation procedures.

1.    Standing Mediation Order.  All provisions of the General Order #M-143, adopted January 17, 1995, providing for Procedures Governing Mediation of Matters in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York and all existing and further amendments thereto (the "Standing Order") shall apply to the mediations to be conducted under this Order.

2.    Derivatives ADR Counterparties.  To date, the Debtors have identified approximately two hundred fifty (250) counterparties (which number will surely increase) to Derivatives Contracts with Recovery Potential with whom there is reasonable cause for Debtors to believe that disagreement exists over the amounts that may be owed to Debtors under such contracts (whether or not an actual lawsuit or adversary proceeding has been commenced), whether from a counterparty to a Derivatives Contract with a Recovery Potential, an affiliate of such counterparty or a person or entity who exercised or failed to exercise duties in relation to such a contract (collectively, the "Derivative Counterparties").

3.    Derivatives ADR Disputes.  Any Debtor may designate any dispute regarding a Derivative Contract with Recovery Potential to the Derivatives ADR Procedures by serving the following on a Derivative Counterparty:

a.        a copy of this Order; and

b.    a Derivatives ADR Notice (as defined below) (collectively, the

"Derivatives ADR Package").

For purposes of the Derivatives ADR Procedures, service on or notice to a Derivatives

Counterparty shall be deemed adequate if such service or notice is provided to the Derivatives

Counterparty, the Derivatives Counterparty's counsel, legal guardian, estate representative, or

other representative by (i) email and (ii) at the option of the Debtors either (x) hand delivery, or

(y) first class mail, or (z) overnight mail.

4.    Settlement of Disputes During the Derivatives ADR Procedures.  Nothing

contained herein shall prevent the parties from settling, and the parties are encouraged to settle, a

Derivatives ADR Dispute at any time before, during, or following the designation of a

Derivatives ADR Dispute to the Derivatives ADR Procedures by the mutual consent of the

parties, provided that such settlement

a.    complies with (i) the Order, dated December 16, 2008, authorizing the

Debtors to establish procedures for the settlement or assumption and

assignment of prepetition derivative contracts [Docket 2257]; (ii) the

Order, dated January 29, 2009, authorizing the consensual assumption and

assignment of prepetition derivative contracts [Docket No. 2667], or

(iii) other orders in these bankruptcy cases permitting such settlement, or

b.    is approved by specific order of the Court.

Any settlement discussions between any of the parties and the Official Unsecured Creditors'

Committee (the "Creditors' Committee"), the contents of any papers submitted during the

mediation stage described below, and all discussions in mediation shall remain confidential and

privileged and shall not be discoverable or admissible as evidence in any subsequent litigation of

the Derivatives ADR Dispute or elsewhere, except as provided by further order of this Court.

    5.  <u>Participation Mandatory</u>.  Unless otherwise provided in a specific order

applicable to a particular Derivatives ADR Dispute or a particular Derivatives Counterparty,

after service of an ADR Package on a Derivatives Counterparty,

    a.    compliance with the Derivatives ADR Procedures in this Order is

mandatory in the specified Derivatives ADR Disputes for both the

applicable Debtor or Debtors and each Derivatives Counterparty; and

    b.    no party is required to settle or compromise any dispute or enter into a

particular settlement or compromise, but each Debtor serving a

Derivatives ADR Package and each Derivatives Counterparty must serve

the required responses, engage in the specified communications to discuss

settlement, participate in any mediation in good faith, follow directions of

the mediator, and otherwise comply with the Derivatives ADR Procedures

specified below for all Derivatives ADR Disputes covered by such notice.

All rights, remedies, claims and defenses of a Derivatives Counterparty and a Debtor in good

faith compliance with the Derivatives ADR Procedures shall not be impaired, waived or

compromised in any further proceedings in these cases should no settlement or compromise

result from participation in these Derivatives ADR Procedures.

    6.  <u>No Substitute For Claims Procedures</u>.  The Derivatives ADR Procedures are

not intended and shall not be utilized as a substitute for chapter 11 claims procedures.  Nothing

contained herein, however, shall prevent a Derivatives Counterparty from asserting in any

respect to a Derivatives ADR Notice and elsewhere during the course of a Derivatives ADR

Dispute a right to assert valid and enforceable setoff rights with respect to a Debtor's claim of a Derivative Contract with Recovery Potential or any other valid defense to a Debtor's demand thereunder.

7.     Debtor's Rights As to Proceedings Previously or Hereafter Commenced by Derivative Counterparties.  If a Derivatives Counterparty previously has commenced, any action or proceeding in any other court or forum, or any action or proceeding in any other court or forum following service upon it of a Derivative ADR Package, the Debtors reserve their right, pursuant to the order dated December 18, 2008 [Docket No. 2306], to remove to this Court any such lawsuit, proceeding, or claim and to defend or take action in any such other court or proceeding to protect the estate of Debtors, despite the incomplete status of the steps prescribed under the Derivative ADR Procedures.

**NOTICE/RESPONSE STAGE**

8.     Notice/Response.  The initial stage of the Derivatives ADR Procedures will be a notice/response stage, providing the parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve a Derivatives ADR Dispute on a consensual basis (the "Notice/Response Stage").  The Notice/Response Stage shall include:

a.     Derivatives ADR Notice.  Debtors shall serve upon a Derivatives Counterparty (and its attorneys who have appeared in these cases) a notice containing sufficient information regarding the Derivatives ADR Dispute to make the Derivatives Counterparty aware of the nature of Debtor's affirmative claim, a brief explanation setting forth the basis for the demand and the amount, and of its demand for settlement (which demand shall have been determined with the benefit of consultation between

Debtors and the Creditors' Committee), including an amount of monetary

recovery Debtor(s) would accept in full settlement and compromise

(a "Derivatives ADR Notice").  In addition, the Debtors shall serve an

ADR Notice upon any trustee or other party acting in a fiduciary capacity

in connection with a trust or other financing arrangement that relates to the

applicable Derivatives Contract with any of the Debtors (such fiduciaries

collectively referred to as "Indenture Trustees," and each singly as an

"Indenture Trustee").

b.    Derivatives Counterparty's Response to Notice.  A Derivatives

Counterparty must respond to the Derivatives ADR Notice in writing

through a "Statement of Position" within twenty (20) calendar days from

the date of the Derivatives Counterparty's receipt of the Notice.  An

Indenture Trustee must respond to the Derivatives ADR Notice in writing

through a "Statement of Position" within thirty (30) calendar days from

the date of such Indenture Trustee's receipt of the ADR Notice.  The

response options available to a Derivatives Counterparty or an Indenture

Trustee are as follows (the "Responses"):

i.    Agreeing to Settle the Demand.  If a Derivatives

Counterparty agrees to settle the demand in the Derivatives

ADR Notice, the Counterparty shall state in writing that the

offer of settlement in the Derivatives ADR Notice is

accepted.  The parties will then execute a settlement and

general release (including a confidentiality provision) and,

if the matter is in litigation, the Debtor shall dismiss any

applicable claims in a lawsuit or adversary proceeding with

prejudice upon execution of the release; or

    ii.    <u>Denying the Demand</u>.  A Derivatives Counterparty may

decline to settle for the amount stated in the demand in the

Derivatives ADR Notice, in which case the Derivatives

Counterparty must include a brief explanation in the

Response to the Derivatives ADR Notice setting forth the

reason(s) for such denial.  In addition, the Derivatives

Counterparty may provide a counteroffer to the demand in

the Derivatives ADR Notice.

    c.    <u>Failure to Respond</u>.  Failure to provide a timely Response to the

Derivatives ADR Notice, as described in paragraphs 8(b)(i) and (ii), may

result, at the option of Debtors, either in an application to the Court (with

notice to any applicable Indenture Trustee) for Sanctions (as defined

below) as set forth below, including an order or judgment for  recovery of

amounts demanded by Debtors in the Derivatives ADR Notice, or

immediate entry into the mediation stage.

    d.    <u>Reply to Response</u>.  The Debtor shall have fifteen (15) days from the date

of the receipt of the Response to serve a reply to the Response to the

Derivatives ADR Notice (which Response shall have been determined

with the benefit of consultation between Debtors and the Creditors'

Committee), in which the Debtor shall (i) modify its Demand, (ii) respond

to any counteroffer, (iii) provide additional information in support of its demands in the Derivatives ADR Dispute, or (iv) reject any counteroffer in which case the Derivatives ADR Dispute will automatically proceed to the Mediation Stage.

9. <u>Request for Initial Settlement Conference</u>. At any time in the Notice/Response Stage, either a Debtor or a Derivatives Counterparty may request an initial telephonic settlement conference by written request, to be held within five (5) calendar days, and, in the case of Indenture Trustees, to be held within ten (10) business days. Within two (2) business days of a receipt of such a request, the other parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than five (5) calendar days from the earliest date set forth in the written request. In the case of Indenture Trustees, within seven (7) business days of a receipt of such a request, the other parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than ten (10) business days from the earliest date set forth in the written request. If an acceptable date cannot be achieved through this process, the parties shall immediately proceed to the Mediation Stage. At least one hour shall be reserved for the initial conference to discuss settlement. No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this paragraph, together with any continuations or rescheduled settlement calls or meetings arising from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, the confidentiality provisions of this Order shall apply to this call or series of calls as if a mediator were present. Settlement conferences during the Notice/Response Stage may be held in person if both parties agree in writing.

## **MEDIATION STAGE**

10. Mediation.  Derivatives ADR Disputes that are not resolved through the Notice/Response Stage will proceed to mediation (the "Mediation Stage").

a.      Debtor and the Derivatives Counterparty together shall contact the mediator to schedule the initial mediation date.

b.      Powers of Mediator.  The mediator shall have the broadest possible discretion consistent with the Standing Order.

c.      Choice of Mediator.  **INSERT MEDIATOR NAME(S) is (are) APPOINTED** as the mediator(s) for Derivatives ADR Disputes reaching the Mediation Stage.  If **NAME(S)** is (are) not available to serve as mediator, an alternate mediator shall be selected as mutually agreed in writing by all parties to a specific Derivatives ADR Dispute or group of related Derivatives ADR Disputes.  Any such alternative shall be deemed to have been appointed upon entry into a written stipulation to that effect by all Debtors and Derivatives Counterparties participating in the applicable Derivatives ADR Dispute or Disputes.  If the parties cannot agree upon a selection of mediator within ten (10) calendar days of the completion of the Notice/Response Stage, the court shall appoint one or more mediators

d.      Mediation Sites.  All mediation proceedings will take place in New York, New York, unless agreed to by the parties and the mediator.  The addition or elimination of Mediation Sites shall be within the sole discretion of the Debtors.

e.    <u>Mediation Briefs</u>.  Any party to a Mediation may submit a Mediation Brief, with service upon the other parties to the Mediation and upon the Creditors' Committee; provided, however, the Mediator may order that the parties to serve upon each other, the Mediator, and the Creditors' Committee a Mediation Brief.  If a party to the Mediation opts to serve a Mediation Brief upon another party to the Mediation hereunder, such Mediation Brief shall also be filed with the Mediator and the Creditors' Committee.  Any such Mediation Brief shall be served and filed so as to be received no later than five (5) calendar days prior to the scheduled initial Mediation Date.  No Mediation Brief shall be filed with the Court.

f.    <u>Appearance at Mediations</u>.  Unless otherwise ordered by the mediator all participants in the mediation for the applicable Derivatives ADR Dispute, must appear in person with a business principal who has settlement authority; *provided, however*, that, to the extent acceptable to the mediator, the business principal with settlement authority on behalf of a Derivative Counterparty may attend the mediation by video conference at the sole expense of the Derivative Counterparty.  The Creditors' Committee may attend and participate in all mediations hereunder. Counsel may also be present and participate.

g.    <u>End of Mediation</u>.  The mediation shall end upon request of a party and concurrence by the mediator.

## OTHER PROVISIONS

11. <u>Deadlines</u>.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by:  (i) the mutual consent of the Debtors and the Derivatives Counterparty or (ii) the Bankruptcy Court, for cause shown.

12. <u>Sanctions for Parties</u>.  Each Debtor and each Derivatives Counterparty must participate in good faith with these Derivatives ADR Procedures with regard to the ADR Disputes specified in the applicable Derivatives ADR Notice.  If, after notice and a hearing, the Court determines that the Debtors or a Derivatives Counterparty have not complied with the Derivatives ADR Procedures in good faith in connection with any Derivatives ADR Dispute, the Debtors or the Derivatives Counterparty may be subject to such sanctions as the Court deems appropriate (the "<u>Sanctions</u>").  If a mediator reports to the Court that any party subject to this Order is not cooperating in good faith with the Derivatives ADR Procedures, the Court may, without the need for further motion by any party, schedule a hearing and order Sanctions. Litigation with respect to the issuance of Sanctions shall not delay the commencement of the Mediation Stage of these procedures upon completion of the Notice/Response Stage.  Sanctions shall include, but are not limited to:

a.   <u>Against Debtors</u>:  (i) attorneys' fees incurred by a Derivatives Counterparty (including an Indenture Trustee) with respect to the Derivatives ADR Procedures after the receipt of an ADR Package; (ii) fees and costs of the Mediator; (iii) termination of the Derivatives ADR Procedures as to one or more Derivatives Contracts with Potential Recovery; and/or (iii) rejection of some or all claims asserted by Debtors in the applicable Derivatives ADR Dispute.

      b.      <u>Against Derivatives Counterparties (including Indenture Trustees)</u>:

(i) attorneys' fees incurred by the Debtors with respect to the Derivatives ADR Procedures after the sending of an ADR Package; (ii) fees and costs of the Mediator; (iii) an award of the Derivatives ADR Dispute up to the amount specified in the Derivatives ADR Notice.

13. <u>Confidentiality</u>.  The confidentiality provisions of section 5.0 of the Standing Order are hereby incorporated by reference into this Order.  No statements or arguments made or positions taken by the mediator, the applicable Debtors, Derivative Counterparties, or the Creditors' Committee during any part of the alternative dispute resolution process, including Settlement Conferences and the Mediation Stage may be disclosed by the mediator or any such parties or their attorneys and advisors to the Court or any third party.  Similarly, all briefs, records, reports, and other documents received or made by the mediator while serving is such capacity shall remain confidential and not be provided to the Court, unless they would be otherwise admissible.  In addition, the mediator shall not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; *provided*, *however*, the mediator shall on a monthly basis beginning 60 days following entry of this Order report to the Court the status of the mediation efforts but shall not disclose the content thereof, which report shall include the number of ADR Notices served on Derivatives Counterparties, the number of settlements reached after mediation, the number of mediations still pending, the number of mediations that have terminated without settlement, and the cumulative dollar amount of settlements reached with Derivatives Counterparties following service of ADR Notices.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the Derivative ADR Procedures including Settlement Conferences and Mediation Stage.

14. <u>Jury Trial, Arbitration and Exclusive Foreign Forum Selection Rights</u>

<u>Unaffected</u>.  Unless a Derivatives Counterparty or a Debtor affirmatively waives its right to a

jury trial, arbitration or exclusive foreign forum selection that otherwise may exist, participation

in the Derivatives ADR Procedures shall not waive or otherwise modify such rights.  The

Derivatives Counterparty's or a Debtor's rights and defenses to contest the assertion of a jury

trial or arbitration or exclusive foreign forum selection right by a Derivatives Counterparty are

fully preserved.

15. <u>Fees</u>.  Except as otherwise provided herein, each party to the Mediation shall

bear its own counsel fees and other costs of the Derivatives ADR Procedures, including

Mediation; *provided, however*, that the Debtors shall pay the reasonable fees and costs charged

by the Mediator unless otherwise ordered by the Court pursuant to the terms of this Order.

**SO ORDERED:**

August __, 2009
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE