UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                                   :

In re                                                      :          Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :          08-13555 (JMP)

                   Debtors.                :          (Jointly Administered)

------------------------------------------------------------------x

**SUPPLEMENTAL DECLARATION OF RAJIV MADAN
ON BEHALF OF BINGHAM MCCUTCHEN PURSUANT TO
SECTIONS 327, 328(a), 329 AND 504 OF THE BANKRUPTCY
CODE AND RULES 2014(a) AND 2016(b) OF THE BANKRUPTCY RULES**

Rajiv Madan, being duly sworn, deposes and says:

1.     I am an attorney and member of the firm Bingham McCutchen LLP ("Bingham" or the "Firm") and am duly authorized to make this declaration on the Firm's behalf. I was formerly a member of the firm McKee Nelson LLP ("McKee"), which combined with Bingham effective as of August 1, 2009. I submit this Supplemental Declaration in support of the continued engagement by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively, the "Debtors") of the combined firm as special counsel under section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"). I have been the principal partner in charge of the tax controversy matters related to the Debtors since March 2005, and have continued in that capacity since being retained by the Debtors in their chapter 11 cases. All of the attorneys and paralegals from McKee who previously worked with me on tax controversy matters related to the Debtors are now members of, or employed by, Bingham, and I intend to have each of them continue their work on behalf of the Debtors.

2. McKee represented certain of the Debtors and their affiliates in a range of tax controversy matters since 2005, and represented certain of the Debtors in connection with various securitization and capital markets matters since 2001. By orders dated November 5, 2008 (for tax controversy matters) and March 24, 2009 (for securitization and capital markets matters), McKee was retained by the Debtors as special counsel to continue to perform such legal services for the Debtors. As of June 30, 2009, McKee had billed the Debtors approximately $6,305,000 for fees and expenses related to tax matters and $311,900 for fees and expenses related to securitization and capital markets matters.

3. As set forth more fully herein, in connection with the combination of McKee and Bingham, and as may be required by Bankruptcy Rule 2014, attorneys and paralegals working under my supervision reviewed Bingham's "connections" with the parties enumerated in the "parties in interest list" provided by counsel for the Debtors as of July 21, 2009.[1]

4. This Declaration supplements my previous declarations on behalf of McKee dated October 8, 2008 (Docket No. 916) (the "Original Declaration") and March 17, 2009 (Docket No. 3171), and the declaration of my partner, Jeffrey Johnson, dated March 10, 2009 (Docket No. 3040) (collectively, and together with the Original Declaration, the "Previous Declarations"). The Previous Declarations remain applicable to the extent they disclose McKee's "connections" with the Parties in Interest prior to the combination with Bingham. The primary purpose of this Declaration is to disclose Bingham's "connections" with such parties immediately prior to the

---

[1] Bingham has performed conflicts searches for approximately 1,300 of the entities and their affiliates included in the list provided by the Debtors (the "Debtors' List"). The results of those searches are contained herein. For the purposes of this Declaration, "Parties in Interest" shall mean the parties in interest for which conflicts searches were conducted, a list of which is attached hereto as Schedule 1. It is my understanding that Bingham did not conduct such searches for those entities identified on the Debtors' List as "Potential Parties in Interest." I do not believe a search of "potentially" interested parties is necessary to satisfy the requirements of Bankruptcy Rule 2014. However, to the extent the United States Trustee requires that the Firm also conduct conflict searches with respect to those parties, the Firm would certainly be willing to do so.

2

combination of the firms, and to make additional disclosures required by the Bankruptcy Code and the Bankruptcy Rules as a result thereof.

5. Except as otherwise stated herein, I have personal knowledge of the matters set forth herein, and, if called as a witness, would testify competently thereto.[2] To the extent any information disclosed herein requires amendment or modification upon Bingham's completion of further review, or as additional party in interest information becomes available to it, a further supplemental declaration reflecting such amended or modified information will be submitted to the Court.

6. Despite our substantial efforts to identify and disclose connections with the Debtors and the Parties in Interest in these cases, because the Debtors are a large enterprise with many creditors and other relationships, Bingham is unable to state with complete certainty that all of its client connections with the Debtors and the Parties in Interest have been disclosed. In this regard, if Bingham discovers additional information that requires disclosure, the Firm will file supplemental disclosures with the Court.

### Bingham's Connections to Parties In Interest
### In Matters Unrelated to the Debtors' Chapter 11 Cases

7. Bingham maintains databases containing the names of current and former clients and certain other parties related to such clients. As stated above, in connection with this Declaration, I caused attorneys and paralegals working under my supervision to conduct a detailed review of the information generated from these databases to determine Bingham's "connections"[3] with the Parties in Interest. I was assisted in this matter by a McKee partner and

---

[2] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Bingham (including former McKee attorneys) and are based on information provided by them.

[3] To the best of my knowledge, neither the term "connection" as used in Bankruptcy Rule 2014 nor the proper scope of a professional's search for "connections" has been completely defined, and I am

3

counsel (both now with Bingham) who are experienced in such matters. Based upon this review, while Parties in Interest (including certain of the Debtors) may be current or former clients of Bingham, or may otherwise be involved in litigation or transactional matters in which Bingham represents a client, I do not believe that Bingham holds any interest adverse to the estates with respect to any of the tax, securitization or capital markets matters for which Bingham is retained. Furthermore, to the best of my knowledge, neither Bingham nor any attorney at the Firm holds or represents any interest adverse to the Debtors' estates with respect to such matters.

8. As part of its comprehensive legal practice, Bingham has represented in the past and may currently represent certain of the Parties in Interest (including subsidiaries and other related entities). These representations may include, among other things, various general corporate, financial restructuring, finance, securities, environmental, real estate, tax and employee benefits, intellectual property, and litigation matters. Except as expressly set forth herein, such representations are not directly related to the Debtors' chapter 11 cases.

9. To the extent Bingham's research of its relationships with the Parties in Interest indicates that Bingham has represented within the past two years, or currently represents, any of the Parties in Interest or entities that may be related to such Parties in Interest, the identities of these entities and their respective relationships to the Debtors are set forth in Schedule 2, attached hereto.

10. I understand that the Debtors have retained or will retain various professionals to aid in the prosecution of the Debtors' chapter 11 cases, including the professionals included on the list of Parties in Interest provided to the Firm. In the past, attorneys at Bingham have worked

---

therefore required to exercise some degree of professional judgment in applying that term to the facts of which I am aware, as well as in defining the scope of how to search for such facts. Out of an abundance of caution, I may be disclosing items that are not disqualifying or problematic under either the Bankruptcy Code or applicable standards of professional ethics.

with certain of these professionals on various matters, representing either the same parties, parties with similar interests or parties with adverse interests. In addition, certain of these firms may be current or former clients of Bingham. We believe it is also likely that many of the professionals who may appear in these cases are trustees, witnesses, advisors or counsel, as the case may be, in transactions or cases in which Bingham also represents a client. Bingham may retain various such professionals or affiliates thereof to provide, *inter alia*, litigation support and financial advisory services to Bingham or Bingham's clients in a variety of past, present or future engagements. Current employees at Bingham may be former employees of, or related to employees of, one or more of the other professionals in this case. In addition, attorneys at Bingham belong to professional organizations to which other professionals who may appear in these cases may also belong.

11. To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor Bingham, nor any partner or associate thereof, has any connection with the Debtors, the U.S. Trustee or any Parties in Interest, except as set forth herein.

12. I am not related, and, to the best of my knowledge, no other Bingham attorney is related, to any United States Bankruptcy or District Judge for the Southern District of New York or to the United States Trustee in these chapter 11 cases.

13. Bingham attorneys may have personal relationships with persons affiliated with certain of the Parties in Interest and with certain Judges in the Southern District of New York (whether arising from clerkships or otherwise). Bingham attorneys may also have ordinary business relationships with various Parties in Interest and may have previously been employed

by Parties in Interest. It is my understanding that none of the foregoing relationships are related to the Debtors' chapter 11 cases.

14. I do not understand Bankruptcy Rule 2014(a) or other applicable law to require disclosure of each present or future engagement Bingham receives from a Party in Interest as long as it is unrelated to the Debtors' chapter 11 cases. Bingham intends to accept engagements from other Parties in Interest (whether existing or new clients), but will not undertake a representation in which the client would be adverse to the Debtors with respect to the tax, securitization or capital markets matters for which the Firm is retained.

**Bingham's Connections to Parties In Interest
In Matters Related to the Debtors' Chapter 11 Cases**

15. Bingham has a comprehensive U.S. and international creditors' rights practice. Prior to the combination with McKee, Bingham represented a number of Firm clients in connection with the Debtors' chapter 11 cases (and, as set forth below, will continue to do so subject to certain restrictions). McKee, on the other hand, did not have a stand-alone bankruptcy practice prior to the combination and, thus, included a statement in the Original Declaration that the firm would not "undertake a representation directly related to the Debtors' chapter 11 cases." Original Declaration, ¶ 9. Consistent with that statement, prior to the combination, the attorneys at McKee did not represent any creditors in connection with the Debtors' bankruptcy cases.

16. A list of clients which Bingham advises in connection with the Debtors' chapter 11 cases is attached hereto as Schedule 3 (collectively, the "Bingham Clients").[4] These representations have thus far been limited in scope and are unrelated to the tax, securitization and capital markets matters for which the McKee attorneys were originally retained. To that end, I note the following:

- Bingham has not advised any of the Bingham Clients in connection with any tax issues related to the Debtors' chapter 11 cases.

- Most of the issues raised in the pleadings filed to date by Bingham on behalf of such clients have been resolved. As of the date hereof, the only pending contested matter or adversary proceeding in the bankruptcy case in which Bingham is involved is an adversary proceeding in which State Street Bank and Trust Company seeks a declaratory judgment against one of the Debtors concerning the ownership of certain assets.

- Nearly all of the issues for the Bingham Clients arise out of stand-alone actual or potential claims. A number of the Bingham Clients' claims arise in circumstances where the primary Lehman entity involved is not a chapter 11 debtor (but is, instead, involved in the Lehman Brothers, Inc. ("LBI") proceeding under the Securities Investor Protection Act of 1970 ("SIPA") or one of the foreign insolvency cases), and the only issue in the chapter 11 cases is a potential guaranty claim.

17. I do not believe there are any actual or potential conflicts which would preclude Bingham from simultaneously representing the Debtors and the Bingham Clients. Based on, among other things, the following pertinent facts, I do not believe such dual representation will cause any harm to the Debtors or the Bingham Clients:

- The Debtors have requested that Bingham continue to represent them as special counsel in their chapter 11 cases.

- The Debtors have consented to and have waived any potential conflicts resulting from Bingham's representation of the Bingham Clients on matters that may be

---

[4] I note that Schedule 3 includes only clients whom Bingham advises in connection with the Debtors' chapter 11 cases. The attached list does not include Bingham clients who Bingham believes may have an interest in the Debtors' cases, but who have not specifically requested that Bingham represent them in connection therewith.

7

adverse to the Debtors, so long as those engagements are not related to and would not cause Bingham to represent a party adverse to the Debtors on the tax, securitization and capital markets matters for which the Firm is retained.

- Each Bingham Client has consented to, or will consent to, and has waived, or will waive, any potential conflicts resulting from Bingham's simultaneous representation of it and the Debtors in connection with the Debtors' chapter 11 cases.

- The attorneys or non-attorneys who are involved in Bingham's representation of the Bingham Clients (collectively, the "Creditors' Team") are primarily located in the Firm's New York, Boston, Hartford and UK offices. In contrast, all of the attorneys or non-attorneys from McKee who are working on the Debtors' substantive tax, securitization and capital markets matters (collectively, the "Debtors' Team") are based in Washington, D.C.

- None of the work performed or anticipated to be performed for the Bingham Clients is related to the Firm's work for the Debtors, and the Debtors' Team has not been (and does not expect to be) adverse to the Creditors' Team in any matter related to the Debtors.

- Attorneys working on substantive tax and securitization matters for the Debtors will be in completely separate administrative groups within Bingham from the attorneys working on the matters for the Bingham Clients. (Former McKee attorneys working on tax matters for the Debtors are part of Bingham's "Tax and Employee Benefits" group within the "Corporate" area, and former McKee attorneys working on securitization or capital markets matters for the Debtors are part of Bingham's "Capital Markets" group within the "Securities" area. In contrast, most of the attorneys representing the Bingham Clients are in the "Financial Restructuring" group within the "Financial Institutions" area, and none are in the Tax and Employee Benefits Group.

- The only parties adverse to the Debtors with respect to the matters for which McKee has been retained are the Internal Revenue Service and the Department of Justice, neither of whom I believe are or have ever been Bingham clients.

18.    While I do not believe there are any actual or potential conflicts (or any restrictions under section 327(e) of the Bankruptcy Code) which would preclude Bingham from representing the Debtors and the Bingham Clients, to avoid even the appearance of impropriety resulting from such representations, the Firm will be implementing certain voluntary safeguards, including, as set forth more fully below, establishing an ethical wall between the Debtors' Team

8

and the Creditors' Team. In order to implement the wall, Bingham management will send a memorandum to all personnel at Bingham who have billed time (or, in the case of non-billing personnel, who support those who have billed time) to matters related to the Debtors' chapter 11 cases. Each recipient of the memorandum will be required to sign and return it to a designated person, which signature will indicate the recipient's understanding of the memorandum and his/her obligation to comply therewith. The memorandum will include the following provisions:

- The members of the Debtors' Team shall not be permitted to be involved in any way in Bingham's representation of any of the Bingham Clients in connection with the Debtors' chapter 11 cases.

- The members of the Creditors' Team shall not be permitted to be involved in any way in Bingham's representation of any of the Debtors in connection with the Debtors' chapter 11 cases.

- No member of the Debtors' Team may disclose to anyone on the Creditors' Team any confidences or secrets or work product of the Debtors or seek to obtain confidences or secrets or work product from members of the Creditors' Team.

- No member of the Creditors' Team may disclose to anyone on the Debtors' Team any confidences or secrets or work product of the Bingham Clients or seek to obtain confidences or secrets or work product from members of the Debtors' Team.

- Each member of the Debtors' Team and the Creditors' Team is responsible for ensuring that all documents relating to the work of its team are kept in a secure location when not in use and for ensuring that such secure locations are not accessible to members of the other team.

- To the extent reasonably practicable, files should not be maintained on shared Firm directories, and secure areas for file storage must be created. Files relevant to the Bingham Clients and/or the Debtors which are maintained on individuals' desktop or laptop computers must be backed up to these secure areas.

- The procedures set forth in this memorandum are mandatory and must be complied with. Such compliance is of utmost importance both to the interests of our clients and to the integrity and reputation of our Firm. Any breach of the procedures set forth in this memorandum by any person will be grounds for sanctions, including dismissal where circumstances warrant, and may subject such person to liability.

19. In furtherance of the foregoing, to the extent practicable, Bingham will take the steps necessary to ensure that the Debtors' Team will not have access to any electronic or other documents related to the Debtors that are drafted or maintained by the Creditors' Team and the Creditors' Team will not have access to any electronic or other documents related to the Debtors that are drafted or maintained by the Debtors' Team.

20. Additionally, Bingham will not represent any creditors in the Debtors' chapter 11 cases adverse to the Debtors on the tax controversy matters and securitization and capital markets transactions for which the Firm is retained, as required by section 327(e) of the Bankruptcy Code. The Creditors' Team intends to continue to advise clients in connection with the Debtors' chapter 11 cases (including, but not limited to, the Bingham Clients listed on Schedule 3). No member of the Debtors' Team will be permitted to participate in any such representations (and, in particular, no member of the Debtors' Team will provide any tax or other advice to the Bingham Clients in connection with the Debtors' chapter 11 cases).

### Bingham's Connections to the Debtors in Matters Not Directly Related to the Chapter 11 Cases

21. Bingham currently represents and may continue to represent other clients in, among other things, derivative transactions, investing or lending transactions, real estate, litigation, and bankruptcy matters in which the Debtors or their non-debtor affiliates may have an interest, but which are not directly related to the Debtors' chapter 11 cases. In particular, and by way of example only, Bingham (i) recently conducted due diligence related to hedge funds in which the Debtors or their non-debtor affiliates may have an interest, (ii) represents a lender syndicate where one of the Debtors is a lender, (iii) represents certain clients as lenders in connection with the financing of an investment by a non-debtor affiliate of the Debtors, (iv)

represents a limited partner in a real estate partnership of which a non-debtor affiliate of the Debtors is general partner.

22.     Bingham represents clients that are co-defendants with one or more of the Debtors, but I do not believe that there is any adversity between such co-defendants and the Debtors.

23.     Bingham represents various entities in connection with matters related to LBI and certain of the Debtors' foreign affiliates. Such matters include filing or assisting clients with proofs of claim and/or the sale of claims related to LBI's SIPA and pending foreign insolvency proceedings. Except as specifically set forth herein, I do not believe that there is any adversity between such clients and the Debtors.

24.     Bingham represents a client in connection with certain matters involving non-debtor real estate affiliates of the Debtors. I do not believe that there is any adversity between such clients and the Debtors.

## Securities Ownership

25.     Certain individual attorneys at Bingham may own, or have beneficial interests in trusts owning, shares in LBHI and securities of related entities and may own shares in other Parties in Interest. We have not conducted any investigation of such attorneys' banking, insurance, brokerage or investment activities in preparing this Declaration. It should be noted, however, that Bingham has a long-standing policy prohibiting all attorneys and support staff from using any confidential information that may come to their attention in the course of their work. Bingham also has a policy restricting all attorneys and support staff from trading in the public securities of certain companies included on restricted lists maintained by the Firm. All

personnel are barred from trading in securities as to which they were exposed to confidential information.

27. Subject to the Court's approval and consistent with McKee's prior billing practices, Bingham will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered. These rates may change from time to time in accordance with Bingham's established billing practices and procedures and, generally, are adjusted in January of each year. Bingham will not charge rates in excess of rates previously charged by McKee in connection with the Debtors' chapter 11 cases, except to the extent any increases are a result of the Firm's annual adjustments. Presently, Bingham's hourly rate structure for its domestic offices ranges from $605 to $995 for partners and of counsel, $300 to $590 for associates and counsel, and $215 to $305 for paraprofessionals.

26. I also note that it is my understanding that a large number of the Debtors' debt and equity securities are held by various mutual funds, trusts and portfolios and accounts that are managed by various advisors. Bingham does not know the ultimate beneficial owners of the funds, although it is believed they are widely held. Similarly, many of the Debtors' securities are registered in the name of Depository Trust Company or its nominee, and securities entitlements to such securities are held through securities accounts maintained by brokers, investment advisors and other securities intermediaries. The ultimate owners of the securities entitlements are unknown to Bingham, except for those reported on the list of parties in interest provided by Debtors' counsel. It is possible that some of such holders may be clients of Bingham.

**Compensation**

27. Subject to the Court's approval and consistent with McKee's prior billing practices, Bingham will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered. These rates may change from time to time in accordance with Bingham's established billing practices and procedures and, generally, are adjusted in January of each year. Bingham will not charge rates in excess of rates previously charged by McKee in connection with the Debtors' chapter 11 cases, except to the extent any increases are a result of the Firm's annual adjustments. Presently, Bingham's hourly rate structure for its domestic offices ranges from $605 to $995 for partners and of counsel, $300 to $590 for associates and counsel, and $215 to $305 for paraprofessionals.

28. During the course of this case, Bingham will invoice the Debtors no less frequently than monthly for services rendered and charges and disbursements incurred. Bingham

will maintain detailed contemporaneous records of time and any actual or necessary expenses incurred in connection with the services rendered for the Debtors. Bingham intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in connection with its engagement in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Orders of this Court.

29. No promises have been received by Bingham, or any attorney of the Firm, as to payment or compensation for this case other than in accordance with the provisions of the Bankruptcy Code. Bingham has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under § 504(b)(1) of the Bankruptcy Code.

[Remainder of page intentionally left blank]

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on August 1, 2009.

          */s/ Rajiv Madan*
          Rajiv Madan, Esq.
          Partner
          Bingham McCutchen LLP