**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                   :

In re                               :         Chapter 11 Case No.
                                   :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :          08-13555 (JMP)
                                   :

               Debtors.            :         (Jointly Administered)
                                   :
-----------------------------------------------------------------x

**ORDER GRANTING LBHI'S MOTION, PURSUANT TO
SECTIONS 105(A) AND 363 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 6004, FOR AUTHORIZATION TO ENTER INTO
(I) AN AMENDED REPURCHASE AGREEMENT WITH AURORA BANK
FSB AND (II) A FINANCING FACILITY WITH AURORA LOAN SERVICES, LLC**

Upon the motion, dated July 16, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to enter into (i) an amended master repurchase agreement (the "Amended Repurchase Agreement") with its indirect wholly owned non-debtor subsidiary, Aurora Bank FSB (the "Bank") and (ii) a secured bridge financing facility with the Bank's wholly owned subsidiary, Aurora Loan Services, LLC ("Aurora") (the "Financing Facility"), all as more fully described in the Motion; and a limited objection to the Motion having been filed by Elliot Management Corporation (the "Limited Objection") [Docket No. 4508] and subsequently having been withdrawn [Docket No. 4689]; and a statement in support of the Motion having been filed by the Official Committee of Unsecured Creditors (the "Statement") [Docket No. 4595]; and the Debtors having filed a reply in support of the relief requested in the Motion (the "Reply") [Docket No. 4676]; and the Court having considered the declaration [Docket No. 4678] and supplemental declaration [Docket No. 4690] of Douglas Lambert filed in support of the

Motion (collectively, the "Declaration"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held on August 5, 2009 (the "Hearing") to consider the relief requested in the Motion; and upon the record of the Hearing; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

    FOUND THAT:

    A.    Arm's-Length Transaction.  The Amended Repurchase Agreement and the Financing Facility were negotiated and entered into by the Debtors, the Bank, Aurora and Aurora

2

Advance Receivables LLC (the "Borrower SPV") without collusion, in good faith and from arm's-length bargaining positions.

     B.     Business Justification. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion and the approval of the Amended Repurchase Agreement and the Financing Facility.

     C.     Fair and Reasonable. The Debtors have demonstrated that the Amended Repurchase Agreement and the Financing Facility are fair and reasonable. The Debtors have satisfied their obligations and taken adequate measures to protect their investments under the Amended Repurchase Agreement and the Financing Facility. In entering into the Financing Facility, LBHI has relied upon the separate legal existence of Aurora and Borrower SPV, which will be the owner of the receivables provided to LBHI as collateral under the Financing Facility and the obligor under the Financing Facility.

     D.     Consideration. The consideration to be provided by the Borrower SPV under the Financing Facility constitutes reasonably equivalent value or fair consideration.

     E.     Prompt Consummation. The prompt consummation of the Amended Repurchase Agreement and the Financing Facility is in the best interests of the Debtors, their estates, and their creditors.

     F.     Notice. Due and proper notice of the relief requested in the Motion has been provided to parties in interest and no further notice need be provided.

NOW, THEREFORE, IT IS ORDERED THAT:

     1.     The Motion is GRANTED.

     2.     Pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBHI is authorized, but not required, to enter into the Amended Repurchase Agreement substantially on the terms and conditions identified in the Motion.

3. Pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBHI is authorized, but not required, to enter into the Financing Facility substantially on the terms and conditions identified in the Motion.

4. LBHI is authorized to take all further actions that may be necessary or required for LBHI's entry into and performance of the Amended Repurchase Agreement and the Financing Facility.

5. The requirements of Bankruptcy Rule 6004(h) are waived and this Order shall be effective immediately upon its entry.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
        August 5, 2009

                                                  *s/ James M. Peck*
                                                  UNITED STATES BANKRUPTCY JUDGE