UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
                                                          :
In re                                                     :    Chapter 11 Case No.
                                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :    08-13555 (JMP)
                                                          :
                      Debtors.                            :    (Jointly Administered)
                                                          :
                                                          :
---------------------------------------------------------------------x

ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 9019(b) AUTHORIZING THE
ESTABLISHMENT OF PROCEDURES FOR THE DEBTORS
TO COMPROMISE AND SETTLE CLAIMS IN RESPECT OF THE
ORIGINATION OR PURCHASE OF RESIDENTIAL MORTGAGE LOANS

Upon the motion, dated July 15, 2009 (the "Motion"), of Lehman Brothers Holdings Inc., and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 105(a) of the Bankruptcy Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to compromise and settle certain claims with respect to the origination or purchase of residential mortgage loans, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered

February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that Debtors shall be, and hereby are, authorized to compromise Repurchase and Indemnification Claims in accordance with the following procedures:

    a.    Without further order of the Court or approval of any party in interest, but with notice to the Creditors' Committee, the Debtors may compromise and settle Repurchase or Indemnification Claims against any single party that (x) in the aggregate, exclusive of any claim for payment of attorneys' fees, costs and expenses, and after offset of any counterclaim, do not exceed $3,000,000 or (y) in the aggregate, exclusive of any claim for payment of attorneys' fees, costs and expenses, and after offset of any counterclaim, are greater than $3,000,000, but only if the amount that the Debtors receive in respect of such settlement or compromise is at least 60% of such aggregate amount of such Repurchase of Indemnification Claim;

    b.    For settlements of Repurchase or Indemnification Claims against any single party which, (x) in the aggregate, exclusive of any claim for payment of attorneys' fees, costs and expenses, and after offset of any counterclaim, are greater than $3,000,000 but less than $8,000,000 and (y) the amount that the Debtors receive in respect of such settlement or compromise is less than 60% of such aggregate amount of such Repurchase of Indemnification Claim, the Debtors

2

will submit the proposed settlement to the Creditors' Committee together with (i) the name of the other party to the settlement, (ii) a summary of the claim against the other party, including the settlement amount, (iii) an explanation of why the settlement of such Repurchase or Indemnification Claims is favorable to the Debtors and their estates, and (iv) a copy of any proposed settlement agreement (the "<u>Repurchase or Indemnification Claim Settlement Summary</u>"). The Creditors' Committee will be required to submit any objections to a proposed settlement reflected on a Repurchase or Indemnification Claim Settlement Summary on or before three (3) business days after service of such Repurchase or Indemnification Claim Settlement Summary.  In the event that the Creditors' Committee objects to the settlement set forth in the Repurchase or Indemnification Claim Settlement Summary, the Debtors may (i) seek to renegotiate the proposed settlement and may submit a revised Repurchase or Indemnification Claim Settlement Summary in connection therewith or (ii) file a motion with the Court seeking approval of the proposed settlement.  If the Creditors' Committee does not timely object to the proposed settlement, then the Debtors will be deemed, without further order of the Court or notice to any party in interest, to be authorized by the Court to enter into an agreement to settle the Repurchase or Indemnification Claims at issue as provided in the Repurchase or Indemnification Claim Settlement Summary previously submitted to the Creditors' Committee; and

c.    For any settlement of a Repurchase or Indemnification Claims against any single party, which, in the aggregate, exclusive of any claim for payment of attorneys' fees, costs and expenses, and after offset of any counterclaim, are greater than $8,000,000, the Debtors will be required to file a motion with the Court requesting approval of the compromise and settlement under Bankruptcy Rule 9019;

and it is further

ORDERED that, as part of the procedures set forth herein, the Debtors will file with the Court, on a quarterly basis beginning not later than 105 calendar days after entry of this Order, reports of all agreements that the Debtors have entered into to compromise and settle Repurchase and Indemnification Claims during such quarterly period pursuant to the authority granted in this Order.  Such reports[1] will set forth (x) each party with which the Debtors entered

---

[1] The Debtors shall not be obligated to include any information in these reports that would cause the Debtors to violate any of the confidentiality provisions included in the mortgage loan purchase agreements, settlement agreements or similar agreements.

into an agreement to settle or compromise Repurchase or Indemnification Claims and (y) the date of any such agreements entered into by the Debtors to compromise and settle Repurchase and Indemnification Claims; and it is further

ORDERED that this Order shall not obligate or require Debtors to compromise any Repurchase or Indemnification Claim it may have with respect to a Residential Mortgage Loan, nor shall this Order preclude Debtors from settling or compromising any Repurchase or Indemnification Claim upon further application to the Court; and it is further

ORDERED that, the Debtors are authorized to execute such documents or other instruments as may be necessary to compromise its Repurchase or Indemnification Claim with respect to Residential Mortgage Loans in accordance with this Order; and it is further

ORDERED that, nothing in this Order shall authorize the Debtors to compromise or settle any Repurchase or Indemnification Claim that the Debtors have assigned or conveyed to any non-Debtor entity; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
      August 5, 2009

    *s/ James M. Peck*
    UNITED STATES BANKRUPTCY JUDGE