UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                            :

In re                                         :         Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :         08-13555 (JMP)
                                            :
                 Debtors.              :         (Jointly Administered)
                                            :
------------------------------------------------------------------x

## ORDER GRANTING LBHI'S APPLICATION PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE TO RETAIN AND EMPLOY CB RICHARD ELLIS, INC. AS REAL ESTATE BROKER, *NUNC PRO TUNC* TO JULY 15, 2009

Upon the Application, dated July 20, 2009 (the "Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI," together with its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors-in-possession the "Debtors"), pursuant to sections 327(a) and 328(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), for authority to retain and employ CB Richard Ellis, Inc. ("CBRE") as its real estate broker, *nunc pro tunc* to July 15, 2009, as more fully set forth in the Application; and upon consideration of the Declaration of Mitchell E. Rudin, President and CEO of the New York Tri-State region of CBRE, executed July 15, 2009 (the "Rudin Declaration"), filed in support of the Application, a copy of which is attached to the Application as Exhibit 1; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding

---

[1]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] (the "Case Management Order") to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved as set forth herein; and it is further

ORDERED that, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, LBHI is authorized to retain and employ CBRE as its real estate broker, *nunc pro tunc* to July 15, 2009, on the terms and conditions generally described and set forth in the Agreement; and it is further

ORDERED that CBRE will not be required to file interim fee applications pursuant to sections 330 and 331 of the Bankruptcy Code, and that CBRE will be compensated for its Services pursuant to the following procedures:

- LBHI will request the Court's allowance of CBRE's Commission either (i) as part of a motion, if one is deemed to be necessary under the Bankruptcy Code, requesting the Court's approval of an Acquisition or (ii) if such Court approval is not required, by filing a notice after consummation of

2

the Acquisition setting forth the Commission to be paid to CBRE with respect thereto (the "Commission Notice") and serving the Commission Notice on all parties entitled to receive notice in these cases pursuant to the procedures set forth in the Case Management Order.

- Each Commission Notice will include the following information: (i) the amount of the Commission, (ii) a brief explanation of the method by which the amount of the Commission was determined, (iii) the identity of the party or parties responsible for paying the commission, and (iv) where more than one party is responsible for payment of the Commission, a breakdown of the amount that each party is responsible for.

- Parties will have ten (10) days after the filing of the Commission Notice to file an objection to any portion of the Commission and serve the objection on LBHI and CBRE. Any objection to the Commission Notice shall set forth the amount of the Commission to which the party is objecting and the reasons for the objection.

- If no party timely files and serves an objection to the Commission Notice, LBHI shall be authorized to pay the Commission to CBRE without further notice or authorization from the Court.

- If any party files a timely objection to the Commission Notice, LBHI shall be authorized to pay, without further notice or authorization from the Court, (i) any portion of the Commission to which any party filing the objection has not objected and (ii) any portion of the Commission to which LBHI, CBRE, and the objecting party or parties have agreed in writing may be paid. If LBHI, CBRE, and the objecting party or parties are unable to resolve the objection, LBHI or CBRE may schedule a hearing for the Court to determine the objection.

Dated: New York, New York
     August 5, 2009                          _s/ James M. Peck_
                                            Honorable James M. Peck