George A. Zimmerman
Lea Haber Kuck
Mark A. McDermott
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036-6522
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Plaintiff Prudential Global Funding LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 15 |
| LEHMAN BROTHERS FINANCE AG, IN LIQUIDATION, a/k/a LEHMAN BROTHERS FINANCE SA, IN LIQUIDATION, | Case No. 09-10583 (JMP) |
| Debtor in a Foreign Proceeding. | |

------------------------------------------------------x

| | |
|---|---|
| PRUDENTIAL GLOBAL FUNDING LLC, | Adversary Proceeding |
| Plaintiff, | No. 09-_____ (JMP) |
| -against- | |
| LEHMAN BROTHERS SPECIAL FINANCING INC., LEHMAN BROTHERS HOLDINGS INC., and LEHMAN BROTHERS FINANCE AG, | |
| Defendants. | |

------------------------------------------------------x

## ADVERSARY COMPLAINT

Plaintiff PRUDENTIAL GLOBAL FUNDING LLC ("Prudential") f/k/a Prudential Global Funding, Inc., by its undersigned attorneys, hereby brings this complaint for declaratory relief against defendants LEHMAN BROTHERS SPECIAL FINANCING INC. ("Lehman Financing"), LEHMAN BROTHERS HOLDINGS INC. ("LBHI"), and LEHMAN BROTHERS FINANCE AG a/k/a LEHMAN BROTHERS FINANCE SA ("Lehman Switzerland") (collectively, "Defendants"), and alleges upon knowledge with respect to itself and its own acts and upon information and belief as to all other matters, as follows:

## NATURE OF ACTION

This is an action for declaratory relief, in which Prudential seeks a judgment declaring that (a) (i) it held an effective lien on $550,641,243 in collateral delivered by Lehman Financing that covered the obligations of both Lehman Financing and Lehman Switzerland under certain swap agreements, and (ii) upon default by Lehman Financing and Lehman Switzerland under the swap agreements, Prudential properly foreclosed on the collateral; or, alternatively, (b) Prudential was entitled to set-off, under § 553 of the Bankruptcy Code, against the collateral amounts owed to it by Lehman Switzerland.

## THE PARTIES

1. Plaintiff Prudential is a Delaware limited liability company with its principal business address at 2 Gateway Center, 5th Floor, Newark, New Jersey 07102.

2. Defendant LBHI is a Delaware corporation with its former principal business address at 745 Seventh Avenue, New York, NY 10019 and its current principal business address at 1271 Avenue of the Americas, 45th Floor, New York, NY 10020. On September 15, 2008, LBHI filed a voluntary petition in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") seeking relief under Chapter 11 of the Bankruptcy Code.

3. Defendant Lehman Financing is a Delaware corporation with its former principal business address at 745 Seventh Avenue, New York, NY 10019 and its current principal business address at 1271 Avenue of the Americas, 45th Floor, New York, NY 10020. Lehman Financing is a wholly-owned subsidiary of LBHI. On October 3, 2008, Lehman Financing commenced a voluntary Chapter 11 bankruptcy case, which is jointly administered for procedural purposes with the Chapter 11 bankruptcy cases of LBHI and certain of their affiliates under *In re Lehman Bros. Holdings Inc., et al.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y.).

4. Defendant Lehman Switzerland is a Swiss corporation with its principal business address at Talstrasse 82, Zurich CH-8021, Switzerland. Lehman Switzerland is a wholly-owned subsidiary of LBHI. On October 3, 2008, Lehman Switzerland filed a petition in the Bankruptcy Court seeking relief under Chapter 11 of the Bankruptcy Code. Subsequently, it was determined that Lehman Switzerland was already the subject of regulatory proceedings in Switzerland. On March 12, 2009, this Court, *inter alia*, (a) recognized the Swiss bankruptcy proceeding as a foreign main proceeding under § 1517 of the Bankruptcy Code; and (b) dismissed Lehman Switzerland's Chapter 11 case.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

6. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

7. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## FACTUAL ALLEGATIONS

**The Relevant Contracts**

*The Swap Agreements*

8. Prudential and Lehman Financing entered into an ISDA Master Agreement (Multicurrency-Cross Border), the associated Schedule and a Credit Support Annex (the "Lehman Financing CSA"), each dated as of April 19, 2006 (collectively, the "Lehman Financing Swap Agreement"). The Lehman Financing Swap Agreement, and the confirmations thereunder, govern the derivative transactions between Prudential and Lehman Financing. A true and correct copy of the Lehman Financing Swap Agreement is attached as Exhibit A.

9. Prudential and Lehman Switzerland entered into an ISDA Master Agreement (Multicurrency-Cross Border), the associated Schedule and a Credit Support Annex, each dated as of March 11, 1997 (collectively, the "Lehman Switzerland Swap Agreement," and, with the Lehman Financing Swap Agreement, the "Swap Agreements"). The Lehman Switzerland Swap Agreement, and the confirmations thereunder, govern the derivative transactions executed between Prudential and Lehman

Switzerland. A true and correct copy of the Lehman Switzerland Swap Agreement is attached as Exhibit B.[1]

10. The Lehman Financing CSA grants Prudential a security interest in collateral delivered by Lehman Financing to Prudential in connection with the Lehman Financing Swap Agreement.

*The Cross Margining and Netting Agreement*

11. As credit support for each party, Prudential, Lehman Financing and Lehman Switzerland collectively entered into a Cross Margining and Netting Agreement (the "Master Security Agreement"), dated as of April 19, 2006. Under the Master Security Agreement, Lehman Financing granted Prudential a security interest in collateral delivered by Lehman Financing to secure the obligations of both Lehman Financing and Lehman Switzerland under their respective Swap Agreements. A true and correct copy of the Master Security Agreement is attached as Exhibit C.

**Event of Default, Termination and Foreclosure**

12. As of September 12, 2008, Lehman Financing had delivered cash collateral to Prudential in the amount of $550,641,243 to secure the obligations of both Lehman Financing and Lehman Switzerland under their respective Swap Agreements and the Master Security Agreement.

---

[1] Under each of the Swap Agreements, LBHI is designated as "Credit Support Provider" to Lehman Financing and Lehman Switzerland. (Scheds. to Swap Agreements at Part 4(g).) As Credit Support Provider, LBHI issued unconditional guarantees in favor of Prudential for the due and punctual payment of all amounts payable by both Lehman Financing and Lehman Switzerland under their respective swap agreements.

13. On September 15, 2008, both Lehman Financing and Lehman Switzerland defaulted under the Swap Agreements as a result of LBHI's filing for Chapter 11 protection (the "Default").

14. On September 15 and 16, 2008, Prudential delivered notices to Lehman Financing and Lehman Switzerland, respectively, designating those dates the "Early Termination Dates" (as defined in the Swap Agreements) in respect of all outstanding transactions under the Swap Agreements. True and correct copies of the notices are attached as Exhibits D and E.

15. Following the Default and consequent termination of the Swap Agreements, Prudential calculated the amounts owed by Lehman Financing ($197,594,381) and Lehman Switzerland ($488,626,260) (the "Settlement Amounts").

16. On September 25, 2008, Prudential delivered a Notice of Settlement Amount Due including valuation statements to Lehman Financing and Lehman Switzerland reflecting the Settlement Amounts. True and correct copies of the valuation statements are attached as Exhibits F and G.

17. Thus, prior to October 3, 2008, Prudential properly foreclosed on the $550,641,243 collateral and applied the proceeds to the Settlement Amounts, leaving an unsecured deficiency claim in the amount of $135,579,398.

**The Dispute Between Prudential and the Defendants**

18. In a letter to Prudential dated June 15, 2009 (the "June 15 Letter"), counsel to LBHI and Lehman Financing do not dispute that, as of September 12, 2008: (a) Lehman Financing had delivered to Prudential collateral in the amount of $550,641,243; (b) an Event of Default had occurred under the Swap Agreements; (c) Prudential was entitled to designate, and did so designate properly, Early Termination Dates under the

6

Swap Agreements; and (d) Prudential was entitled to apply the $550,641,243 in collateral to the Settlement Amount due from Lehman Financing.

19. However, in the June 15 Letter, LBHI and Lehman Financing asserted that (a) they disagreed with Prudential's treatment of the collateral; (b) they denied that Prudential had a security interest in the collateral; and (c) the collateral ($550,641,243) may be applied only to debts of Lehman Financing, and that any excess amount is property of the estate and must be returned, lest Prudential be subject to legal action for an alleged violation of the automatic stay pursuant to § 362 of the Bankruptcy Code. A true and accurate copy of the letter is attached as Exhibit H.

20. Prudential now seeks a declaration that (a) (i) it held an effective lien on $550,641,243 in collateral delivered by Lehman Financing that covered the obligations of both Lehman Financing and Lehman Switzerland under the Swap Agreements and the Master Security Agreement, and (ii) upon the Default by Lehman Financing and Lehman Switzerland under the Swap Agreements and the Master Security Agreement, Prudential properly foreclosed on the collateral; or, alternatively, (b) Prudential was entitled to set-off, under § 553 of the Bankruptcy Code, against the collateral amounts owed to it by Lehman Switzerland.

21. The automatic stay does not apply because Prudential enforced its rights before Lehman Financing and Lehman Switzerland filed for bankruptcy. In any event, the Swap Agreements and Master Security Agreement are swap agreements and master netting agreements contemplated by the safe harbor provisions of the Bankruptcy Code, including §§ 362(b)(17) and (27), 560, 561, and 1521(f).

## COUNT I
(Declaratory Judgment –
Prudential Properly Foreclosed on Posted Collateral)

22. Prudential repeats and incorporates the allegations in paragraphs 1 through 21 as if set forth fully herein.

23. A substantial and actual controversy exists between Prudential and Defendants as to whether (a) Prudential had an effective lien on the $550,641,243 in collateral that secured the obligations of both Lehman Financing and Lehman Switzerland, and (b) Prudential properly foreclosed on the collateral.

24. A declaration of the rights and legal relations of the parties with respect to the $550,641,243 in collateral is required to clarify and settle the legal issues involved and, in particular, to confirm that (a) Prudential had an effective lien on the $550,641,243 in collateral that secured the obligations of both Lehman Financing and Lehman Switzerland, and (b) Prudential properly foreclosed on the collateral.

25. Resolution of these issues will provide certainty to the parties to this adversary proceeding during the bankruptcy cases of LBHI, Lehman Financing, and Lehman Switzerland.

26. Pursuant to 28 U.S.C. § 2201 and Bankruptcy Rule 7001, this Court should issue judgment declaring that (a) Prudential had an effective lien on the $550,641,243 in collateral that secured the obligations of both Lehman Financing and Lehman Switzerland, and (b) Prudential properly foreclosed on the collateral.

## COUNT II
(Declaratory Judgment – Right to Set-Off)

27. Prudential repeats and incorporates the allegations in paragraphs 1 through 21 as if set forth fully herein.

28. In the alternative, a substantial and actual controversy exists between Prudential and Defendants as to whether (a) Prudential was entitled to set-off, under § 553 of the Bankruptcy Code, against the collateral amounts owed to it by Lehman Switzerland, and (b) the automatic stay is inapplicable because Prudential enforced its rights before Lehman Financing and Lehman Switzerland filed for bankruptcy, or because the relevant agreements are swap agreements and master netting agreements contemplated by the safe harbor provisions of the Bankruptcy Code, including §§ 362(b)(17) and (27), 560, 561, and 1521(f).

29. A declaration of the rights and legal relations of the parties with respect to set-off is required to clarify and settle the legal issues involved and, in particular, to confirm that (a) Prudential was entitled to set-off, under § 553 of the Bankruptcy Code, against the collateral amounts owed to it by Lehman Switzerland, and (b) the automatic stay is inapplicable because Prudential enforced its rights before Lehman Financing and Lehman Switzerland filed for bankruptcy, or because the relevant agreements are swap agreements and master netting agreements contemplated by the safe harbor provisions of the Bankruptcy Code, including §§ 362(b)(17) and (27), 560, 561, and 1521(f).

30. Resolution of these issues will provide certainty to the parties to this adversary proceeding during the bankruptcy cases of LBHI, Lehman Financing, and Lehman Switzerland.

31. Pursuant to 28 U.S.C. § 2201 and Bankruptcy Rule 7001, this Court should issue judgment declaring that (a) Prudential was entitled to set-off against, under § 553 of the Bankruptcy Code, the collateral amounts owed to it by Lehman Switzerland, and (b) the automatic stay is inapplicable because Prudential enforced its

9

rights before Lehman Financing and Lehman Switzerland filed for bankruptcy, or because the relevant agreements are swap agreements and master netting agreements contemplated by the safe harbor provisions of the Bankruptcy Code, including §§ 362(b)(17) and (27), 560, 561, and 1521(f).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and respectfully requests that the Court enter judgment in its favor as follows:

(a)    (i) Prudential had an effective lien on the $550,641,243 in collateral that secured the obligations of both Lehman Financing and Lehman Switzerland, and (ii) Prudential properly foreclosed on the collateral; or, alternatively,

(b)    (i) Prudential was entitled to set-off, under § 553 of the Bankruptcy Code, against the collateral amounts owed to it by Lehman Switzerland, and (ii) the automatic stay is inapplicable because Prudential enforced its rights before Lehman Financing and Lehman Switzerland filed for bankruptcy, or because the relevant agreements are swap agreements and master netting agreements contemplated by the safe harbor provisions of the Bankruptcy Code, including §§ 362(b)(17) and (27), 560, 561, and 1521(f).

(c) Granting Prudential such other and further relief as the Court finds just and proper.

Dated: New York, New York
August 7, 2009

/s/ *George A. Zimmerman*
George A. Zimmerman
Lea Haber Kuck
Mark A. McDermott
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

Attorneys for Plaintiff Prudential Global Funding LLC