# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017-6702
TELEPHONE: 212-326-3939 • FACSIMILE: 212-755-7306

Direct Number: (212) 326-3604
jtambe@jonesday.com

June 15, 2009

**BY OVERNIGHT MAIL**

Prudential Global Funding LLC
2 Gateway Center, 5th Floor
Newark, NJ 07102
Attention: Collateral Team and Operations Department

> Re: In re Lehman Brothers Holdings Inc., et al., Chapter 11
> Case No. 08-13555 (JMP) (jointly administered)

Dear Sir or Madam:

    We are special counsel to Lehman Brothers Holdings Inc. and its affiliated debtors, including Lehman Brothers Special Financing Inc. ("LBSF" or the "Debtor" and collectively "Lehman"), in the above-referenced Chapter 11 case. We are writing to you in connection with that representation and, specifically, on behalf of the estate of LBSF. We refer you to the following: (i) the ISDA Master Agreement, dated as of April 19, 2006 between LBSF and Prudential Global Funding LLC ("Pru Global"), as supplemented by a Schedule thereto and a Credit Support Annex (together referred to as the "LBSF Swap Agreement"); (ii) the ISDA Master Agreement, dated as of March 11, 1997 between Lehman Brothers Finance, S.A. ("LBF") and Pru Global, as supplemented by a Schedule thereto and a Credit Support Annex (together referred to as the "LBF Swap Agreement); (iii) the Cross-Margining and Netting Agreement, dated as of April 19, 2006 between LBSF and LBF (the "CMNA"); (iv) the Notice of Settlement Amount Due from Pru Global to LBSF, dated September 25, 2008 (the "LBSF Calculation Statement"); and (v) the Notice of Settlement Amount Due from Pru Global to LBF, dated September 25, 2008, including Schedule I and exhibits attached thereto (together with the LBSF Calculation Statement, the "Calculation Statements").

    As of September 12, 2008, LBSF had delivered collateral to Pru Global in the amount of $550,641,243. The Calculation Statements claimed that the early termination Settlement Amounts that LBSF and LBF owed to Pru Global were $197,594,381 and $488,626,260, respectively. In the Calculation Statements, Pru Global indicated its intention to apply the collateral delivered by LBSF, first to pay the Settlement Amount owed to Pru Global by LBF, and second, to pay, to the extent of the remaining collateral, the Settlement Amount owed to Pru Global by LBSF, leaving an amount allegedly owed to Pru Global by LBSF of $135,579,398. LBSF fundamentally disagrees with Pru Global's proposed application of the collateral in this manner. Furthermore, Lehman is currently reviewing, and has yet to verify, the calculations set forth in the Calculation Statements and reserves all of its rights to challenge the calculations.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Prudential Global Funding LLC
June 15, 2009
Page 2

Under the relevant contracts and governing law, Pru Global was required to apply the LBSF-delivered collateral exclusively to the LBSF Settlement Amount under the LBSF Swap Agreement. After doing so, Pru Global had no further right to apply any of the remaining collateral to any amounts allegedly owed to Pru Global under the LBF Swap Agreement. Nothing in the LBSF Swap Agreement, the LBF Swap Agreement or the CMNA required LBSF to deliver collateral on behalf of LBF, nor did the delivery of any such collateral to Pru Global create a security interest in favor of Pru Global in such collateral.

Accordingly, the additional collateral – *i.e.* all collateral delivered by LBSF to Pru Global and in excess of the Posted Collateral under the LBSF Swap Agreement – is the property of the estate, and we hereby request its immediate return. The failure of Pru Global to remit the additional collateral to the estate will constitute, among other things, a violation of the automatic stay pursuant to section 362 of the Bankruptcy Code, which expressly prohibits, among other things, "any act to obtain possession of property of the estate" or to "exercise control over property of the estate," 11 U.S.C. § 362(a)(3), for which we are prepared to take appropriate legal action.

This letter is sent without prejudice to, or limitation or waiver of, any rights or remedies the Debtor may have under applicable law, the LBSF Master Agreement, or under any other agreement(s) or document(s) relating thereto, and the Debtor hereby expressly reserves all such rights and remedies. In addition, nothing herein shall be construed as an admission of any fact or the establishment of any position by or on behalf of the Debtor. In particular, the Debtor is in the process of further examination and reserves its rights to dispute the calculations set forth in the Calculation Statements and to supplement its position if and when appropriate.

Very truly yours,

Jayant W. Tambe

cc:   Gary F. Neubeck ✓
      Locke R. McMurray