

# TRANSPERFECT

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BERLIN
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBAI
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MILAN
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PHOENIX
PORTLAND
PRAGUE
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
STUTTGART
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Livia Cheung, hereby certify that the following document is to the best of my knowledge and belief, true and accurate translation, of the document "Shinsei Bank Application for Approval to Revise Rehabilitation Plan" from Japanese to English.

Livia Cheung
Signature

Sworn to before me this

11th day of August, 2009

Signature, Notary Public

Stephanie Dill
Notary Public, State of New York
No. 01DI6180934
Qualified in NEW YORK County
Commission Expires Jan 22, 2012

Stamp, Notary Public

No. 208, 2008 (Rehabilitation): Case for Motion to Commence Rehabilitation Procedures [Stamp: Judge, Civil Procedures No. 20, District Court of Tokyo: 6/26/2009]

the Rehabilitation Debtor: Sunrise Finance Co., Ltd.

Application for Approval to Revise Rehabilitation Plan

June 26, 2009

To: Case Adjudication Section, 20th Civil Division, Tokyo District Court

Applicant: Shinsei Bank, Rehabilitation Creditor

Yoshihiko Okuno, Attorney Representing Shinsei Bank [Seal: Yoshihiko Okuno, Attorney]

Isozo Suzuki, Attorney Representing Shinsei Bank [Seal: Isozo Suzuki, Attorney]

Toshiyuki Arai, Attorney Representing Shinsei Bank [Seal: Toshiyuki Arai, Attorney]

Shimpei Yamamoto, Attorney Representing Shinsei Bank [Seal: Shimpei Yamamoto, Attorney]

Yasushi Ono, Attorney Representing Shinsei Bank [Seal: Yasushi Ono, Attorney]

Hiroki Sakuraba, Attorney Representing Shinsei Bank [Seal: Hiroki Sakuraba, Attorney]

Ryosuke Koike, Attorney Representing Shinsei Bank [Seal: Ryosuke Koike, Attorney]

Mamoru Furushima, Attorney Representing Shinsei Bank [Seal: Mamoru Furushima, Attorney]

Shinsei Bank, a Rehabilitation Creditor (hereinafter referred to as "Shinsei Bank, Rehabilitation Creditor"), requests the District Court of Tokyo for approval as follows, in accordance with Article 167 of the law, concerning the subject matter:

Background

1. Matters Needing Court's Approval

We request your approval to revise the following matters in the Rehabilitation Plan (hereinafter referred to as "Plan Files by Rehabilitation Creditor") filed at your court by Shinsei Bank, Rehabilitation Creditor on May 15, 2009:

1) No. 1;

2) No. 2-2;

3) No. 4-1;

4) No. 4-2;

(The matters above are in the "Application for Approval to Revise Rehabilitation Plan" of May 19, 2009, which has already been filed with your court.)

5) No. 4-6;

6) Attachment No. 2: List of Confirmed Rehabilitation Creditors;

(The matters above are in the "Application for Approval to Revise Rehabilitation Plan" of May 19, 2009, which has been already filed with your court, and we further request your approval for revising the following matters, on the assumption that revision of these matters would be permitted, in accordance with 3. Of this Application.)

7) Attachment 3: List of Confirmed Rehabilitation Creditors; and

8) Attached Table and Attached documents

2. Reasons

Shinsei Bank, Rehabilitation Creditor, has determined that it is reasonable to include all the rehabilitation creditors of Lehman Brothers Group for subordination, and not only the two companies, LBAH and LBHI, taking into consideration the disclosed information from rehabilitation debtor and the results of the questioning conducted against persons involved with the rehabilitation debtor (This applies to 1), 2), 6), and 8) of the matters listed above to be revised).

Upon discussions with other rehabilitation creditors after the submission of the Rehabilitation Plan on May 15, 2009, Shinsei Bank, Rehabilitation Creditor, has determined it to be reasonable to revise the rehabilitation handling concerning rehabilitation creditors, among creditors of unconfirmed loans, which are not fixed solely for part of the rehabilitation debts (This applies to 3), 4), 5), 6) and 7) out of the matters fixed under 1. above).

Furthermore, upon taking into consideration procedures taken following the submission of the
Rehabilitation Plan on May 15, 2009, Shinsei Bank, Rehabilitation Creditor, has determined it to be
reasonable to set the standard for a small-sum repayment to preferential creditors, for ten (10) million yen,
in lieu of one (1) million yen (This applies to 4) and 6) out of the matters listed under 1above).
In response to the facts above, the Rehabilitation Debtor seeks the authority's approval to revise the
Rehabilitation Plan, as described above, in order to revise the content of the Rehabilitation Plan relating to
the submission of rehabilitation creditors.

3. Details of Revisions

1) No.1

(Prior to Revisions)

No.1. Need to Submit the Rehabilitation Plan by Shinsei Bank, Rehabilitation Creditor
1. Subordination of each debt by Lehman Brothers Asia Holdings Ltd. and Lehman Brothers Holdings, Inc. under the principles of equity
(1) This is a case where non-Lehman Brothers Group creditors are structurally prone to suffer having no earnings, since the Rehabilitation Debtor, its principal creditors, its debtors and its third debtor all belong to the Lehman Brothers Group. With this in the background, this case is characterized by the following facts: that the Rehabilitation Debtor incurs significant undercapitalization; Lehman Brothers Group has illegitimately exploited and managed the Rehabilitation Debtor; and that while the Lehman Brothers Group unilaterally and directly received profits, at its discretion, from companies belonging to the Lehman Brothers Group, such as the Rehabilitation Debtor and business loan borrowers, said Group used the scheme to make non-Lehman Brothers Group creditors, such as    Shinsei Bank, Rehabilitation Creditor, liable for risks of bankruptcy and lack of funds.
(2) In other words, the ratio of the Rehabilitation Debtor's capital to gross asset amount was very low at less than 0.2%, or 0.0027% to 0.152% at the most, and the Rehabilitation Debtor was suffering from significant undercapitalization. On the other hand, the Rehabilitation Debtor illegally caused outside creditors to take business risks that should have been normally taken by LBAH by supplying assets from Lehman Brothers Holdings Ltd. (hereinafter referred to as "LBAH") in the form of loans and borrowing money from outside financial institutions, including Shinsei Bank, Rehabilitation Creditor, borrowing money from LBAH and said outside financial institutions simultaneously.

On this account, Attachments 3 through 6 were prepared based on the financial statements of the Rehabilitation Debtor, etc. Attachment 3 is a graph showing the changing amounts of totals between the Rehabilitation Debtor's business loans and investment from a silent partnership, the changing amounts of purchased loans in addition to the changing amounts of short-term borrowed money totals from affiliated companies belonging to the Lehman Brothers Group, and long-term borrowed money totals from companies belonging to non-Lehman Brothers Group. (As is clearly shown in Attachment 7, a business loan refers to a loan for affiliated companies belonging to the Lehman Brothers Group, and a purchased loan refers to bad loans purchased by the Rehabilitation Debtor.) Furthermore, as is clearly shown in Attachment 3, the increase/decrease trends are interlocked and it is presumed that short-term loans to the Rehabilitation Debtor from LBAH, etc. were being used as business loans to other Lehman Brothers Group companies and investment from a silent partnership, for the totals (shown as red bars) between the amounts of loans from companies belonging to the Lehman Brothers Group, such as LBAH (shown as yellow lines), out of the Rehabilitation Debtor's debts and the amounts of business loans and investments from a silent partnership, out of the Rehabilitation Debtor's assets.

Furthermore, a similar situation is found in the balance sheets of Lehman Brothers Finance Japan (hereinafter referred to as "LBFJ"). In other words, since LBFJ's role was to advance pay the expenses incurred by affiliated companies belonging to the Lehman Brothers Group, as Attachment 4 (Borrower (LBAH) Financial Analysis) shows, it is found that borrowed money from affiliated companies of LBFJ (shown as right-hand side bars in the graph) and the money unpaid to LBFJ affiliated companies (shown as left-hand side bars) are interlocked in their increase/decrease trends, and it is found that LBFJ was using the money borrowed from the Rehabilitation Debtor to advance pay for other affiliated companies belonging to the Lehman Brothers Group. In addition, as affiliated companies' unpaid money by LBFJ's advance payment was in current assets, it should be normally collected within one (1) year. However, as "Affiliated Companies' Unpaid Money by LBFJ" in the same graph shows clearly, it was not settled from time to time but increased every year, instead (by 21.1 billion yen in 2006, 49.2 billion yen in 2007 and 52.2 billion yen in 2008). From this, it is clear that there was a structure for Lehman Brothers Group to make LBFJ advance pay the costs, which should be paid by affiliated companies belonging to the Lehman Brothers Group, and to illegally make the company liable for debts. This means that the Group caused the Rehabilitation Debtor, who is supposed to have borrowed most of the LBFJ loans (approximately 53.1 billion yen as of August 31, 2008), to be liable for the debts by affiliated companies belonging to the Lehman Brothers Group.

As described above, in this case, most of the money the Rehabilitation Debtor borrowed from LBAH (mostly short-term loans) was used as loans to affiliated companies of the Lehman Brothers Group. However, if LBAH had used the money as direct loans to any affiliated company belonging to the Group or as investment, LBAH would have become liable for the risk of lack of funds of any of the affiliated companies within the Group, sparing outside creditors who loaned money to the Rehabilitation Debtor from such liability. Nevertheless, as LBAH was providing funds to other affiliated companies through the Rehabilitation Debtor in the form of short-term loans to the Rehabilitation Debtor, not only LBAH but also the outside creditors who loaned money to the Rehabilitation Debtor ended up being liable for the risk of lack of funds, which should be the liability of the Rehabilitation Debtor, a company within the Group, and the affiliated companies of the Group.

In addition, since Lehman Brothers Holdings, Inc. (hereinafter referred to as "LBHI") was the ultimate parent company of the Rehabilitation Debtor and should have been liable for the Rehabilitation Debtor's risk of bankruptcy, loans made to the Rehabilitation Debtor were fully guaranteed by the Rehabilitation Creditor, who had expressed the intention of being liable for the Rehabilitation Debtor's risk of bankruptcy. Therefore, the Rehabilitation Debtor's risk of bankruptcy should normally be assumed by its guarantor or LBHI, but it is extremely against the law that LBHI is trying to exercise its obligatory rights on the Rehabilitation Debtor, on the same level as other creditors of the Group, using an excuse that it has suffered bankruptcy itself.

In this case, bankruptcy proceedings are underway for the two companies, LBAH and LBHI (hereinafter referred to as "Two LB Companies"), but as the parent company's bankruptcy proceedings do not affect the property of loans of the parent company to its affiliated companies, the loans of Two LB Companies to the Rehabilitation Debtor should be subordinated.

Furthermore, Two LB Companies are in control of the Rehabilitation Debtor through their capital relationship, controlling the loans made by the Rehabilitation Debtor to affiliated companies of the Group and investment by a silent partnership. Nevertheless, business loan interest was 1.6%-7.9% of the sales, and gain/loss distribution under silent partnership was limited to 6.1% to 10.6% of the sales, providing little profit to the Rehabilitation Debtor using short-term loans from LBAH, etc. to provide business loans to other affiliated companies. On the other hand, 90% or more of the Rehabilitation Debtor's sales was accounted for by Purchased Loans collected; most of the earnings was through collecting Purchased Loans purchased with the money loaned from creditors not belonging to the Lehman Brothers Group.

Nevertheless, as Attachment 5 (Itemized capital draining by Sunrise Finance Co., Ltd.) shows, larger amounts of funds were going from the Rehabilitation Debtor toward the companies belonging to the Lehman Brothers Group under the items such as distribution, labor, and outsourcing expenses than to other companies not belonging to the Lehman Brothers Group.

(3) Such unique facts in detail as shown in this case call for the principle of equity quite strongly, and the rehabilitation debts of Two LB Companies, out of rehabilitation creditors, must be treated more as subordination than the loans of others. In other words, with all these facts, for Article 155 of the law stipulates that the change of rights through a rehabilitation plan must be equal between rehabilitation creditors, said subordination treatment refers to "another situation where no equity is harmed even if more difference is applied among those creditors (provisory clause of the same Article)". Rather, Rehabilitation Plan that treats the loans of Two LB Companies and other loans would point to "violation of law (2.1 of Article 174)" as described in each of the following statements of position.

For grounds for such treatment, please refer to the Statement of Opinion (Attachment 1), prepared on April 16, 2009 by Professor Junichi Matsushita, Graduate School of Law and Politics, Faculty of Law, University of Tokyo and the Statement of Opinion (Attachment 2) prepared on March 5, 2009 by Shinsei Bank, Rehabilitation Creditor. These statements of opinion are based solely on facts that have become public knowledge to this day, following disclosure of information. If there is further disclosure of information and findings of new facts, these statements of opinion will be revised in order to make the grounds more solid.


2. Preconditions of This Rehabilitation Plan

This Rehabilitation Plan was prepared and submitted by Shinsei Bank, Rehabilitation Creditor, but said Bank does not have adequate amount of information necessary to prepare this Rehabilitation Plan. This is   due to the fact that the Rehabilitation Debtor has not, to this day, disclosed adequate information to Shinsei Bank, Rehabilitation Creditor.

As a result, Shinsei Bank, Rehabilitation Creditor, was forced to prepare this Rehabilitation Plan to the best of its knowledge, based on the information it had, as an oblige, in accordance with the Rehabilitation Plan Draft (Attachment 1 (SF)) presented by the Rehabilitation Debtor on May 14, 2009.

Therefore, after Rehabilitation Plan is prepared by the Rehabilitation Debtor (hereinafter referred to as "Debtor's Rehabilitation Plan"), this Rehabilitation Plan may be revised, as a precondition, upon obtaining approval (Article 167) from the court, depending on the content of Debtor's Rehabilitation Plan.

(After Revisions)

No. 1: Need to Submit the Rehabilitation Plan by Shinsei Bank, Rehabilitation Creditor
1. Subordination of each debt by Lehman Brothers Asia Holdings Ltd. and Lehman Brothers Holdings, Inc. under the principles of equity

In this case, compared with other loans, these loans must be handled as subordinated loans for Lehman Brothers Holdings, Inc. (hereinafter referred to as "LBHI"), Lehman Brothers Asia Holdings, Ltd. (hereinafter referred to as "LBAH"), Lehman Brothers Japan, Pluto Real Estate, Gardenia Co., Ltd., Turpin International, Ltd., Merlin International, Pike International, Zinnia Co., Ltd., Piranha International, Hisen Building, Co., Ltd., Duckhorn Ltd., Yellowtail International, Ltd., Japan Investment Partnership, Inc. and Lehman Brothers Real Estate (hereinafter collectively referred to as "Fifteen Creditor Companies of LB Group"), out of rehabilitation creditors.

For the grounds for such handling, please refer to Statement of Opinion (Attachment 4) prepared this day by Shinsei Bank, Rehabilitation Creditor.

2) No. 2-2

(Prior to Revisions)

No. 2: Basic Principle for Rehabilitation Plan
2. Basic Principle for Rehabilitation Plan
(1) Selecting the Liquidation Type
the Rehabilitation Debtor proceeds with conversion into cash and money collection to pay back to creditors the amount obtained by deducting expenses from money converted or collected. After that, the Rehabilitation Debtor goes into liquidation upon receiving immunity against the remaining debts.
(2) Basic Principle for Paying Back
Out of the rehabilitation creditors, the loans of Two LB Companies should be handled as subordinated loans compared to the rights of other companies, as described later.

(3) Relation to Principle of Liquidation Value Indemnity

As described above, it is apparent that liquidation in this Rehabilitation Plan for rehabilitation creditors other than Two LB Companies will exceed the liquidation returns from the property appraisal point of view, even with the first liquidation return only, for it is the total of the first through third liquidations.

(After Revisions)
* Revised parts are underlined.

No. 2: Basic Principle for Rehabilitation Plan
2. Basic Principle for Rehabilitation Plan
(1) Selecting the Liquidation Type
The Rehabilitation Debtor proceeds with conversion into cash and money collection to pay back to creditors the amount obtained by deducting expenses from money converted or collected. After that, the Rehabilitation Debtor goes into liquidation upon receiving immunity against the remaining debts.
(2) Basic Principle for Paying Back
Out of the rehabilitation creditors, the loans of <u>Fifteen Creditor Companies of LB Group</u> should be handled as subordinated loans compared to the rights of other companies, as described later.
(3) Relation to Principle of Liquidation Value Indemnity
As described above, it is apparent that liquidation in this Rehabilitation Plan for rehabilitation creditors other than <u>Fifteen Creditor Companies of LB Group</u> will exceed the liquidation returns from the property appraisal point of view, even with the first liquidation return only, for it is the total of the first through third liquidations.

3) No. 4-1

(Prior to Revisions)

No. 4: Change of Rights concerning Rehabilitation Debts and Liquidation Method

1. Status of Rehabilitation Debts
Refer to the Rehabilitation Debtor's Plan (No. 2-1 of Attachment 1).

(After Revisions)

No. 4: Change of Rights concerning Rehabilitation Debts and Liquidation Method
    1.    Status of Rehabilitation Debts

The number of rehabilitation creditors with fixed loans and Confirmed rehabilitation claim amounts, as of this day or the day of Rehabilitation Plan submission, are as follows:

i) Number of confirmed rehabilitation creditors: 27
ii) Total amount of confirmed rehabilitation debts: ¥319,454,840,813 and undetermined amounts

(Itemization)
Principal and Interest/Late fees incurred by the day before the decided starting date:
    ¥319,454,840,813
Interest/Late fees incurred by the day before the decided starting date:
    Undetermined

4) No. 4-2

(Prior to Revisions)

* As for this part, a request was made to your authority through "Application for Approval to Revise the Rehabilitation Plan" prepared on May 19, 2009, and we seek additional revisions, assuming that you will grant approval for us to make the original revisions.

No. 4: Change of Rights concerning Rehabilitation Debts and Liquidation Method

2. General Provisions

(1) Liquidation Method

Liquidation, first of all, will be carried out against the rehabilitation debt's principal and interest/late fees as of prior to the starting date (hereinafter referred to as "Rehabilitation Debts Such as Principal") of rehabilitation creditors other than Two LB Companies (hereinafter referred to as "Preferred Creditors"). When the full amount of Rehabilitation Debts Such as Principal is liquidated for Preferred Creditors, liquidation will be carried out toward Rehabilitation Debts Such as Principal of Two LB Companies (hereinafter referred to as "Subordinated Creditors") out of the remaining liquidation resources.

A. First Liquidation

The following liquidation will be carried out, on the last day of the month that is one month after the day the Rehabilitation Plan is approved (hereinafter referred to as "First Liquidation Date"), toward rehabilitation creditors having no unconfirmed rehabilitation debts as of the last day of the month preceding the month on which the first liquidation falls (hereinafter referred to as "First Liquidation Base Date").

As for liquidation resources, the content of the Rehabilitation Debtor's Plan ("No. 1-3 (2) A. c." of Attachment 1):

(a)　The full amount of Rehabilitation Debts Such as Principal, if one (1) million yen or less, will be liquidated toward Preferred Creditors. If a loan exceeds one (1) million yen, up to one (1) million yen will be liquidated in full (hereinafter referred to as "Full Liquidation for 1 Million Yen or less"), and the remaining loan amount, after deducting Full Liquidation for 1 Million Yen or less from the liquidation resources, will be distributed among Preferred Creditors.

Out of the principal assets set aside as liquidation resources at the time this Rehabilitation Plan is submitted, if liquidation is carried out using the money obtained from the collection/cash conversion of assets whose collection and conversion have been completed by the time this Rehabilitation Plan is submitted and the money from the sale of assets whose sale has been signed and executed (approximately 51 billion yen total), the total amount of Rehabilitation Debts Such as Principal of Preferred Creditors would be approximately 96.5 billion yen, on the assumption that loans have been fixed at the amount claimed by Rehabilitation Creditors at the appraisal procedures. Therefore, it becomes possible to liquidate the total amount calculated by the following percentages, for the first liquidation, toward the amount of Rehabilitation Debts Such as Principal of Preferred Creditors.

When amount of Rehabilitation Debts Such as Principal of Preferred Creditors is ¥1 million or less: 100%
When amount of Rehabilitation Debts Such as Principal of Preferred Creditors is more than ¥1 million: 52%

Therefore, at the time of the first liquidation, at least the amount calculated using the above percentages toward Rehabilitation Debts Such as Principal fixed by Preferred Creditors will be liquidated, and if the amount of the first liquidation using the above distribution method exceeds this, the exceeding amount will be liquidated.

(b) If the full amount of Rehabilitation Debts Such as Principal is liquidated toward Preferred Creditors, the remaining liquidation resources will be liquidated by distributing Rehabilitation Debts Such as Principal among Subordinated Creditors.

(c) As for First Liquidation, the full amount calculated using the following percentages will be liquidated toward the fixed amount of Rehabilitation Debts Such as Principal:

i) When amount of Rehabilitation Debts Such as Principal of Preferred Creditors is ¥1 million or less: 100%

ii) Amount exceeding ¥1 million, out of Rehabilitation Debts Such as Principal of Preferred Creditors: Liquidation rate for Preferred Creditors

(I) or (II) below, whichever is higher:

(I) $\underline{\text{A-C}}$ %
$\qquad$ B-C

(II) 52%

iii) Liquidation toward Subordinated Creditors
Liquidation rate for Subordinated Creditors:

$\underline{\text{A-B}}$ %
$\quad$ D

(Limited, however, to when A > B)

A = Gross amount of First Liquidation resources

B = Total amount of Rehabilitation Debts Such as Principal of Preferred Creditors as of First Liquidation Base Date

C = Total amount of Full Liquidation for 1 Million Yen or less toward Preferred Creditors

D = Total amount of Rehabilitation Debts Such as Principal for Subordinated Creditors

As for the calculation of liquidation amounts, unconfirmed Rehabilitation debts are assumed to be fixed at the amount claimed by Rehabilitation Creditors as of First Liquidation Base Date. Furthermore, a liquidation amount will be calculated, in accordance with No. 4.4 below, using B above, as calculated on First Liquidation Base Date if the Confirmed rehabilitation claim amounts are fixed.

12

In addition, the total amount of money calculated, for the ¥1 million and the part in excess of ¥1 million of Rehabilitation Debts Such as Principal for Preferred Creditors, using the liquidation rate described in (I) above, is referred to as "Fluctuating Liquidation Amount". The total amount of money calculated, for the ¥1 million and the part in excess of ¥1 million of Rehabilitation Debts Such as Principal for Preferred Creditors, using the liquidation rate described in (II) above, is referred to as "Fixed Liquidation Amount".

B. Second Liquidation

The following liquidation will be carried out for Rehabilitation Creditors whose amount of Rehabilitation Debts Such as Principal (i.e. the amount prior to exercising First Liquidation) with no unconfirmed rehabilitation debts exceeding ¥1 million, on the last day of December, 2010 or the last day of the month that is three months after all of the following unconfirmed rehabilitation debts are confirmed and all cash conversion/collection of liquidation resource assets are completed, whichever falls first (hereinafter referred to as "Second Liquidation Date"), toward the Rehabilitation Debts Such as Principal having no unconfirmed rehabilitation debts as of the day three months preceding Second Liquidation Date (hereinafter referred to as "Second Liquidation Base Date"). As for liquidation resources, the content of the Rehabilitation Debtor's Plan ("No. 1-3 (2) B. c." of Attachment 1):

(a)    Liquidation will be carried out toward Preferred Creditors whose amount of Rehabilitation Debts Such as Principal (i.e. amount prior to First Liquidation) exceeds ¥1 million, by distributing the liquidation resource amount exceeding Rehabilitation Debts Such as Principal (i.e. amount prior to First Liquidation).

 (b) If the full amount of Rehabilitation Debts Such as Principal is liquidated toward Preferred Creditors, the remaining liquidation resources will be liquidated by distributing Rehabilitation Debts Such as Principal (i.e. amount prior to First Liquidation) among Subordinated Creditors.

(c) As for Second Liquidation, the full amount calculated using the following percentages will be liquidated toward the fixed amount of Rehabilitation Debts Such as Principal:

i) For the amount exceeding ¥1 million, out of Rehabilitation Debts Such as Principal of Preferred Creditors

Liquidation rate for Preferred Creditors

E %

F-C

ii) Liquidation toward Subordinated Creditors

Liquidation rate for Subordinated Creditors:

$\frac{\text{E-F}}{\text{D}}$ %

(Limited, however, to when E > F)

        E = Gross amount of Second Liquidation resources

        F = Total amount of Rehabilitation Debts Such as Principal of Preferred Creditors as of Second Liquidation Base Date

        C = Total amount of Full Liquidation for 1 Million Yen or less toward Preferred Creditors

        D = Total amount of Rehabilitation Debts Such as Principal for Subordinated Creditors

As for the calculation of liquidation amounts, unconfirmed Rehabilitation debts are assumed to be fixed at the amount claimed by Rehabilitation Creditors as of Second Liquidation Base Date. Furthermore, a liquidation amount will be calculated, in accordance with No. 4.4 below, using F above, as calculated on Second Liquidation Base Date if the Confirmed rehabilitation claim amounts is fixed (provided, however, that the total fixed amount of Rehabilitation Debts Such as Principal, not F above, if Second Liquidation is the final liquidation).

C. Third Liquidation

The following liquidation will be carried out toward Rehabilitation Creditors whose amount of Rehabilitation Debts Such as Principal (i.e. the amount prior to exercising First and Second Liquidations) with no unconfirmed rehabilitation debts exceeding ¥1 million, on the last day of the month that is three months after (hereinafter referred to as "Third Liquidation Date") all of the following unconfirmed rehabilitation debts are confirmed and all cash conversion/collection of liquidation resource assets are completed (hereinafter referred to as "Third Liquidation Base Date").

As for liquidation resources, the content of the Rehabilitation Debtor's Plan ("No. 1-3 (2) C. b." of Attachment 1):

(a)   Liquidation will be carried out toward Preferred Creditors whose amount of Rehabilitation Debts Such as Principal (i.e. amount prior to First and Second Liquidations) exceeds ¥1 million, by distributing the liquidation resource amount exceeding Rehabilitation Debts Such as Principal (i.e. amount prior to First and Second Liquidations).

 (b) If the full amount of Rehabilitation Debts Such as Principal is liquidated toward Preferred Creditors, the remaining liquidation resources will be liquidated by distributing Rehabilitation Debts Such as Principal (i.e. amount prior to First and Second Liquidations) among Subordinated Creditors.

(c) As for Third Liquidation, the total amount calculated using the following percentages will be liquidated toward the fixed amount of Rehabilitation Debts Such as Principal:

i) For the amount exceeding ¥1 million, out of Rehabilitation Debts Such as Principal of Preferred Creditors
Liquidation rate for Preferred Creditors

$$\underline{G}\%$$
$$H\text{-}C$$

ii) Liquidation toward Subordinated Creditors
Liquidation rate for Subordinated Creditors:

$$\underline{G\text{-}H}\%$$
$$D$$

(Limited, however, to when G > H)

    G = Gross amount of Third Liquidation resources
    H = Total amount of Rehabilitation Debts Such as Principal of Preferred Creditors as of Third Liquidation Base Date
    C = Total amount of Full Liquidation for 1 Million Yen or less toward Preferred Creditors
    D = Total amount of Rehabilitation Debts Such as Principal for Subordinated Creditors

(2) Change of Rights
Content of the Rehabilitation Debtor's Plan (corresponding to No. 2-2 (2) of Attachment 1) is used.

(After Revisions)
* Revised parts are underlined.

No. 4: Change of Rights concerning Rehabilitation debts and Liquidation Method
2. General Provisions
(1) Liquidation Method
Liquidation, first of all, will be carried out against the rehabilitation debt's principal and interest/late fees as of prior to the starting date (hereinafter referred to as "Rehabilitation Debts Such as Principal") of rehabilitation creditors other than <u>Fifteen Creditor Companies    of LB Group</u> Preferred Creditors"). When the full amount of Rehabilitation Debts Such as Principal is liquidated for Preferred Creditors, liquidation will be carried out toward Rehabilitation Debts Such as Principal of <u>Fifteen Creditor Companies of LB Group</u> (hereinafter referred to as "Subordinated Creditors") out of the remaining liquidation resources.

A. First Liquidation

The following liquidation will be carried out, on the last day of the month on which the first the one-month anniversary date falls after the day Rehabilitation Plan is approved (hereinafter referred to as "First Liquidation Date"), toward rehabilitation creditors having fixed rehabilitation debts, in proportion to the amount of each fixed rehabilitation debt, as of the last day of the month preceding the month on which the first liquidation falls (hereinafter referred to as "First Liquidation Base Date"). As for liquidation resources, the content of the Rehabilitation Debtor's Plan ("No. 1-3 (2) A. c." of Attachment 1):

(a)    The full amount of Rehabilitation Debts Such as Principal, if under ten (10) million yen, will be liquidated toward Preferred Creditors. If a loan exceeds ten (10) million yen, up to ten (10) million yen will be liquidated in full (hereinafter referred to as "Full Liquidation for 10 Million Yen or less"), and the remaining loan amount, after deducting Full Liquidation for 10 Million Yen or less from the liquidation resources, will be distributed among Preferred Creditors.

Out of the principal assets set aside as liquidation resources at the time this Rehabilitation Plan is submitted, if liquidation is carried out using the money obtained from the collection/cash conversion of assets whose collection and conversion have been completed by the time this Rehabilitation Plan is submitted and the money from the sale of assets whose sale has been signed and executed (approximately 51 billion yen total), the total amount of Rehabilitation Debts Such as Principal of Preferred Creditors would be approximately 96.5 billion yen, on the assumption that loans have been fixed at the amount claimed by Rehabilitation Creditors at the appraisal procedures. Therefore, it becomes possible to liquidate the total amount calculated by the following percentages, for the first liquidation, toward the amount of Rehabilitation Debts Such as Principal of Preferred Creditors.

When amount of Rehabilitation Debts Such as Principal of Preferred Creditors is ¥10 million or less: 100%
When amount of Rehabilitation Debts Such as Principal of Preferred Creditors is more than ¥10 million: 56%

Therefore, at the time of the first liquidation, at least the amount calculated using the above percentages toward Rehabilitation Debts Such as Principal fixed by Preferred Creditors will be liquidated, and if the amount of the first liquidation using the above distribution method exceeds this, the exceeding amount will be liquidated.

(b) If the full amount of Rehabilitation Debts Such as Principal is liquidated toward Preferred Creditors, the remaining liquidation resources will be liquidated by distributing Rehabilitation Debts Such as Principal among Subordinated Creditors.

(c) As for First Liquidation, the full amount calculated using the following percentages will be liquidated toward the fixed amount of Rehabilitation Debts Such as Principal:

i) When amount of Rehabilitation Debts Such as Principal of Preferred Creditors is ¥10 million or less: 100%

ii) Amount exceeding ¥10 million, out of Rehabilitation Debts Such as Principal of Preferred Creditors: Liquidation rate for Preferred Creditors

(I) or (II) below, whichever is higher:

(I) $\dfrac{\text{A-C}}{\text{B-C}}$ %

(II) 56%

iii) Liquidation toward Subordinated Creditors

Liquidation rate for Subordinated Creditors:

$\dfrac{\text{A-B}}{\text{D}}$ %

(Limited, however, to when A > B)

A = Gross amount of First Liquidation resources

B = Total amount of Rehabilitation Debts Such as Principal of Preferred Creditors as of First Liquidation Base Date

C = Total amount of Full Liquidation for 10 Million Yen or less toward Preferred Creditors

D = Total amount of Rehabilitation Debts Such as Principal for Subordinated Creditors

As for the calculation of liquidation amounts, unconfirmed Rehabilitation debts are assumed to be fixed at the amount claimed by Rehabilitation Creditors as of First Liquidation Base Date. Furthermore, a liquidation amount will be calculated, in accordance with No. 4.4 below, using B above, as calculated on First Liquidation Base Date if the Confirmed rehabilitation claim amounts are fixed.

In addition, the total amount of money calculated, for the ¥10 million and the part in excess of ¥10 million of Rehabilitation Debts Such as Principal for Preferred Creditors, using the liquidation rate described in (I) above, is referred to as "Fluctuating Liquidation Amount". The total amount of money calculated, for the ¥10 million and the part in excess of ¥10 million of Rehabilitation Debts Such as Principal for Preferred Creditors, using the liquidation rate described in (II) above, is referred to as "Fixed Liquidation Amount".

B. Second Liquidation

The following liquidation will be carried out toward Rehabilitation Creditors whose amount of Rehabilitation Debts Such as Principal (i.e. the amount prior to exercising First Liquidation) with fixed rehabilitation debts exceeding ¥10 million, in proportion to the amount of each fixed rehabilitation debt, on the last day of December, 2010 or the last day of the month on which the three month anniversary of all of the following unconfirmed rehabilitation debts are confirmed and all cash conversion/collection of liquidation resource assets are completed, whichever falls first (hereinafter referred to as "Second Liquidation Date"), toward the Rehabilitation Debts Such as Principal having no unconfirmed rehabilitation debts as of the day three months preceding Second Liquidation Date (hereinafter referred to as "Second Liquidation Base Date").

As for liquidation resources, the content of the Rehabilitation Debtor's Plan ("No. 1-3 (2) B. c." of Attachment 1):

(a)    Liquidation will be carried out toward Preferred Creditors whose amount of Rehabilitation Debts Such as Principal (i.e. amount prior to First Liquidation) exceeds ¥10 million, by distributing the liquidation resource amount in excess of ¥10 million Rehabilitation Debts Such as Principal (i.e. amount prior to First Liquidation).

 (b) If the full amount of Rehabilitation Debts Such as Principal is liquidated toward Preferred Creditors, the remaining liquidation resources will be liquidated by distributing Rehabilitation Debts Such as Principal (i.e. amount prior to First Liquidation) among Subordinated Creditors.

(c) As for Second Liquidation, the full amount calculated using the following percentages will be liquidated toward the fixed amount of Rehabilitation Debts Such as Principal:

i) For the amount exceeding ¥10 million, out of Rehabilitation Debts Such as Principal of Preferred Creditors
Liquidation rate for Preferred Creditors

$$\frac{E}{F-C} \%$$

ii) Liquidation toward Subordinated Creditors
Liquidation rate for Subordinated Creditors:

18

$$\underline{E\text{-}F}\ \%$$
$$D$$

(Limited, however, to when E > F)

      E = Gross amount of Second Liquidation resources

      F = Total amount of Rehabilitation Debts Such as Principal of Preferred Creditors as of Second Liquidation Base Date

      C = Total amount of Full Liquidation for <u>10 Million</u> Yen or less toward Preferred Creditors

      D = Total amount of Rehabilitation Debts Such as Principal for Subordinated Creditors

As for the calculation of liquidation amounts, unconfirmed Rehabilitation debts are assumed to be fixed at the amount claimed by Rehabilitation Creditors as of Second Liquidation Base Date. Furthermore, a liquidation amount will be calculated, in accordance with No. 4.4 below, using F above, as calculated on Second Liquidation Base Date if the Confirmed rehabilitation claim amounts is fixed (provided, however, that the total fixed amount of Rehabilitation Debts Such as Principal, not F above, if Second Liquidation is the final liquidation).

C. Third Liquidation

The following liquidation will be carried out toward Rehabilitation Creditors whose amount of Rehabilitation Debts Such as Principal (i.e. the amount prior to exercising First and Second Liquidations) with no unconfirmed rehabilitation debts exceeding ¥<u>10 million</u>, on the last day of the month on which the three month anniversary (hereinafter referred to as "Third Liquidation Date") all of the following unconfirmed rehabilitation debts are confirmed and all cash conversion/collection of liquidation resource assets are completed (hereinafter referred to as "Third Liquidation Base Date").

However, the Third Liquidation shall be omitted if all repayment resource asset collection/ conversion processes are completed and all of the Unconfirmed rehabilitation claims defined below are confirmed as of the last day of September 2010.

As for liquidation resources, the content of the Rehabilitation Debtor's Plan ("No. 1-3 (2) C. b." of Attachment 1):

(a)    Liquidation will be carried out toward Preferred Creditors whose amount of Rehabilitation Debts Such as Principal (i.e. amount prior to First and Second Liquidations) exceeds ¥<u>10 million</u>, by distributing the liquidation resource amount of Rehabilitation Debts Such as Principal (i.e. amount prior to First and Second Liquidations) in excess of   ¥<u>10 million</u>.

(b) If the full amount of Rehabilitation Debts Such as Principal is liquidated toward Preferred Creditors, the remaining liquidation resources will be liquidated by distributing Rehabilitation Debts Such as Principal (i.e. amount prior to First and Second Liquidations) among Subordinated Creditors.

(c) As for Third Liquidation, the total amount calculated using the following percentages will be liquidated toward the fixed amount of Rehabilitation Debts Such as Principal:

i) For the amount exceeding ¥10 million, out of Rehabilitation Debts Such as Principal of Preferred Creditors
Liquidation rate for Preferred Creditors

$$\frac{G}{H-C} \%$$

ii) Liquidation toward Subordinated Creditors
Liquidation rate for Subordinated Creditors:

$$\frac{G-H}{D} \%$$

(Limited, however, to when G > H)

G = Gross amount of Third Liquidation resources

H = Total amount of Rehabilitation Debts Such as Principal of Preferred Creditors as of Third Liquidation Base Date

C = Total amount of Full Liquidation for 10 Million Yen or less toward Preferred Creditors

D = Total amount of Rehabilitation Debts Such as Principal for Subordinated Creditors

(2) Change of Rights
Content of the Rehabilitation Debtor's Plan (corresponding to No. 2-2 (2) of Attachment 1) is used.

5) No. 4-6

(Prior to Revisions)

No. 4: Change of Rights concerning Rehabilitation debts and Liquidation Method

6. Other Provisions concerning Liquidation
Content of the Rehabilitation Debtor's Plan (corresponding to No. 2-2 (3) of Attachment 1) is used.

(After Revisions)
* Revised parts are underlined.

No. 4: Change of Rights concerning Rehabilitation debts and Liquidation Method
6. Other Provisions concerning Liquidation
Content of the Rehabilitation Debtor's Plan (corresponding to No. 2-2 (3) of Attachment 1), <u>except for C</u>, is used. <u>If any part of rehabilitation debts is not fixed, the fixed part will be handled as fixed rehabilitation debts.</u>
vi) Attachment 2: List of Fixed Rehabilitation debts

(Prior to Revisions)
* As for this part, a request was made to your authority through "Application for Approval to Revise the Rehabilitation Plan" prepared on May 19, 2009, and we seek additional revisions, assuming that you will grant approval for us to make the original revisions.

Refer to Attachment 1 hereto.

(After Revisions)

Refer to Attachment 2 hereto.

vii) Attachment 3: List of Unconfirmed Rehabilitation Creditors

(Prior to Revisions)

Refer to Attachment 3 hereto.

(After Revisions)

Refer to Attachment 4.
(The revised parts are the parts revised by creditors of Filing Numbers 20 and 32)

viii) Index of Attachments and Attached Documents

(Prior to Revisions)

Index of Attachments

1. Rehabilitation Plan Draft, titled "Rehabilitation Plan (SF)", disclosed on May 14, 2009 by the Rehabilitation Debtor
2. List of Confirmed Rehabilitation Creditors
3. List of Unconfirmed Rehabilitation Creditors

Attached Documents

1. Statement of Opinion, prepared on April 16, 2009 by Professor Junichi Matsushita, Graduate School of Law and Politics, Faculty of Law, University of Tokyo
2. Statement of Opinion, prepared on April 16, 2009 by representative of Shinsei Bank, Rehabilitation Creditor
3. Interlocking Correlation between Borrowed Money and Loan Obligation
4. Business Loan Borrower (LBFJ) Financial Analysis
5. Sunrise Finance Co., Ltd. Capital Drainage Itemization
6. Sunrise Finance Co., Ltd. Financial Analysis Table
7. Table of Individual Notes for Term 11 (from July 1, 2007 to November 30, 2007)

(After Revisions)

Index of Attachments

1. Rehabilitation Plan Draft, titled "Rehabilitation Plan (SF)", disclosed on May 14, 2009 by the
Rehabilitation Debtor
2. List of Confirmed Rehabilitation Creditors
3. List of Unconfirmed Rehabilitation Creditors
4. Statement of Opinion prepared on June 26, 2009 by Shinsei Bank, Rehabilitation Creditor

List of Confirmed Rehabilitation Creditors

| Notice No. | Name of Creditor | Confirmed rehabilitation claim amount | Rehabilitation claim waiver amount | | Liquidation Method | | |
|---|---|---|---|---|---|---|---|
| | | | A | B | 1st Liquidation | 2nd Liquidation | 3rd Liquidation |
| | | Rehab. claims of principal, etc. | Interest/ late charge incurred on or after the rehab. proceedings decision date | (a) Date for receiving waiver: approval date of Rehabilitation Plan (b) Amt. of waiver: interest/late fees after rehabilitation proceedings date is determined | (a) Date for receiving waiver: the day after the Third Liquidation (day of Second Liquidation if no Third Liquidation) (b) Amt. of waiver: balance after deducting total of 1st, 2nd, and 3rd Liquidations from Rehabilitation Debts Such as Principal (or total of 1st and 2nd Liquidations if no 3rd Liquidation) | (a) Date of liquidation: last day of the month on which the first anniversary month falls after Rehabilitation Plan is approved (b) Creditors to be liquidated: rehabilitation creditors having no unconfirmed rehab. loans as of the last day of the month prior to the month on which First Liquidation falls (c) Amount of Liquidation: total of amounts corresponding to the following percentages, out of the Rehab. Loans Such as Principal: i) ¥1 million or less out of Rehab. Loans Such as Principal of Preferred Creditors:100% ii) Part of Rehab. Loans Such as Principal, exceeding ¥1 million: amt. calculated based on Rehab. 4-2 (1) A. (c) ii) of Rehab. Plan iii) Liquidation toward subordinated creditors: amt. calculated based on Rehab. 4-2 (1) A. (c) iii) of Rehab. Plan | (a) Date of liquidation: Dec. 31, 2010 or last day of the month on which the three month anniversary falls after all proceedings for cash conversion/ collection are completed and all unconfirmed rehab loans are fixed, whichever falls first (b) Creditors to be liquidated: rehabilitation creditors whose amount of Rehab Loans Such as Principal having no unconfirmed rehab. loans (= amt prior to First Liquidation), as of the day 3 months prior to Second Liquidation, exceeds ¥1 million (c) Amount of Liquidation: total of amounts corresponding to the following percentages, out of the Rehab. Loans Such as Principal: i) ¥1 million or less out of Rehab. Loans Such as Principal of Preferred Creditors:100% ii) Part of Rehab. Loans Such as Principal, exceeding ¥1 million: amt. calculated based on Rehab. 4-2 (1) B. (c) i) of Rehab. Plan iii) Liquidation toward subordinated creditors: amt. calculated based on Rehab. 4-2 (1) B. (c) i) of Rehab. Plan | (a) Date of liquidation: last day of the month on which the three month anniversary falls after all proceedings for cash conversion/ collection are completed and all unconfirmed rehab loans are fixed (b) Creditors to be liquidated: rehabilitation creditors whose amount of Rehab Loans Such as Principal (= amt prior to 1st and 2nd Liquidations) exceeds ¥1 million (c) Amount of Liquidation: total of amounts corresponding to the following percentages, out of the Rehab. Loans Such as Principal: i) ¥1 million or less out of Rehab. Loans Such as Principal of Preferred Creditors: amt. calculated based on Rehab. 4-2 (1) C. (c) i) of Rehab. Plan ii) Liquidation toward subordinated creditors: amt. calculated based on Rehab. 4-2 (1) C. (c) ii) of Rehab. Plan (d) Requirements for Liquidation: No liquidation will be carried out if all proceedings for cash conversion/collection of liquidation assets are completed and if all of unconfirmed rehab loans are fixed by the last day of September, 2010 |
| 4 | GA (Ltd.) | 18,821,818 | - | - | TBD | ¥10,787,344 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 11 | MA Asset Researchers (Ltd.) | 25,464,281 | - | - | TBD | ¥10,710,226 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 13 | J-Vehicle (LLC) | 12,083,841 | - | - | TBD | ¥10,094,257 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 18 | Shinsei Bank (Ltd.) | 15,980,950,921 | TBD | Full Amt. | TBD | ¥13,042,574,482 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 22 | Gracchus and Associates Inc. | 12,772,002 | TBD | Full Amt. | TBD | ¥7,121,039 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 26 | Nippon Life Insurance Company | 8,006,808,424 | TBD | Full Amt. | TBD | ¥2,600,631,080 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 27 | Lehman Brothers Asia Holdings Ltd. | 228,600,304,644 | TBD | Full Amt. | TBD | TBD | TBD | TBD |
| 29 | Tokyo-Mitsubishi UFJ Bank (Ltd.) | 20,006,441,626 | TBD | Full Amt. | TBD | ¥10,406,380,800 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 31 | Intesa Sao Paolo SpA, Tokyo Branch | 4,002,882,082 | TBD | Full Amt. | TBD | ¥2,081,874,082 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 38 | Lehman Brothers Holdings Inc. | 1,378,806,264 | TBD | Full Amt. | TBD | TBD | TBD | TBD |
| [50] | Japan Investment Partnership Inc. | 44,738,204 | TBD | Full Amt. | TBD | ¥23,764,004 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| [60] | Lehman Brothers Japan (Inc.) | 104,817,684 | - | - | TBD | ¥64,004,996 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| [62] | Lehman Brothers Real Estate (Ltd.) | 2,846,740,818 | - | - | TBD | ¥2,012,226,226 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 63 | Hisen Building (Ltd.) | 300,749,802 | - | - | TBD | ¥201,587,004 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 64 | Pike International (Ltd.) | 323,782,866 | - | - | TBD | ¥171,972,284 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 65 | Piranha International (Ltd.) | 170,378,872 | - | - | TBD | ¥89,076,463 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 66 | Yellowtail International (Ltd.) | 335,030,910 | - | - | TBD | ¥174,698,884 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 67 | Gardenia (Ltd.) | 219,164,428 | - | - | TBD | ¥114,466,801 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 68 | Marlin International (Ltd.) | 32,701,182 | - | - | TBD | ¥17,500,198 or ¥1 mil + TBD, whichever is higher | TBD | TBD |

| List of Confirmed Rehabilitation Creditors | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Notice No. | Name of Creditor | Confirmed rehabilitation claim amount | | Amount of Exempted Rehabilitation debt | | Liquidation Method | | |
| | | | | A | B | 1st Liquidation | 2nd Liquidation | 3rd Liquidation |
| | | Rehab. claims of principal, etc. | Interest/ late charge incurred on or after the rehab. proceedings decision date | (a) Date for receiving waiver: approval date of Rehabilitation Plan (b) Amt. of waiver: interest/late fees after rehabilitation proceedings date is determined | (a) Date for receiving waiver: the day after the Third Liquidation (day of Second Liquidation if no Third Liquidation) (b) Amt. of waiver: balance after deducting total of 1st, 2nd, and 3rd Liquidations from Rehabilitation Debts Such as Principal (or total of 1st and 2nd Liquidations if no 3rd Liquidation) | (a) Date of liquidation: last day of the month on which the first anniversary month falls after Rehabilitation Plan is approved (b) Creditors to be liquidated: rehabilitation creditors having no unconfirmed rehab. loans as of the last day of the month prior to the month on which First Liquidation falls (c) Amount of Liquidation: total of amounts corresponding to the following percentages, out of the Rehab. Loans  Such as Principal: i) ¥1 million or less out of Rehab. Loans Such as Principal of Preferred Creditors:100% ii) Part of Rehab. Loans Such as Principal, exceeding ¥1 million: amt. calculated based on Rehab. 4-2 (1) A. (c) ii) of Rehab. Plan iii) Liquidation toward subordinated creditors: amt. calculated based on Rehab. 4-2 (1) A. (c) iii) of Rehab. Plan | (a) Date of liquidation: Dec. 31, 2010 or last day of the month on which the three month anniversary falls after all proceedings for cash conversion/ collection are completed and all unconfirmed rehab loans are fixed, whichever falls first (b) Creditors to be liquidated: rehabilitation creditors whose amount of Rehab Loans Such as Principal having no unconfirmed rehab. loans (= amt prior to First Liquidation), as of the day 3 months prior to Second Liquidation, exceeds ¥1 million (c) Amount of Liquidation: total of amounts corresponding to the following percentages, out of the Rehab. Loans  Such as Principal: i) ¥1 million or less out of Rehab. Loans Such as Principal of Preferred Creditors:100% ii) Part of Rehab. Loans Such as Principal, exceeding ¥1 million: amt. calculated based on Rehab. 4-2 (1) B. (c) i) of Rehab. Plan iii) Liquidation toward subordinated creditors: amt. calculated based on Rehab. 4-2 (1) B. (c) i) of Rehab. Plan | (a) Date of liquidation: last day of the month on which the three month anniversary falls after all proceedings for cash conversion/ collection are completed and all unconfirmed rehab loans are fixed (b) Creditors to be liquidated: rehabilitation creditors whose amount of Rehab Loans Such as Principal (= amt prior to 1st and 2nd    Liquidations) exceeds ¥1 million (c) Amount of Liquidation: total of amounts corresponding to the following percentages, out of the Rehab. Loans  Such as Principal: i) ¥1 million or less out of Rehab. Loans Such as Principal of Preferred Creditors: amt. calculated based on Rehab. 4-2 (1) C. (c) i) of Rehab. Plan ii) Liquidation toward subordinated creditors: amt. calculated based on Rehab. 4-2 (1) C. (c) ii) of Rehab. Plan (d) Requirements for Liquidation: No liquidation will be carried out if all proceedings for cash conversion/collection of liquidation assets are completed and if all of unconfirmed rehab loans are fixed by the last day of September, 2010 |
| 69 | Turbin International (Ltd.) | 304,788,200 | - | - | TBD | ¥158,970,380 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 70 | Duckhorn (Ltd.) | 1,031,385,008 | - | - | TBD | ¥536,502,020 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 71 | Genia (Ltd.) | 254,581,009 | - | - | TBD | ¥132,747,763 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 72 | Bruto Real Estate (Ltd.) | 75,257,898 | - | - | TBD | ¥39,606,106 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 73 | Capital Servicing Shoken Kaishu (Ltd.) | 223,481,520 | TBD | Full Amt. | TBD | ¥110,095,596 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| 76 | Joint Venture Millennium Rehab. Investment | 11,214,537 | - | - | TBD | ¥6,311,668 or ¥1 mil + TBD, whichever is higher | TBD | TBD |
| | | | | | | | | |
| | Total | 252,490,037,213 | TBD | TBD | TBD | ¥32,020,838,963 or ¥1 mil + TBD, whichever is higher | | |

List of Confirmed Rehabilitation Creditors

| Notice No. | Name of Creditor | Rehabilitation debt Such as Principal | Interest/Late Fees after Rehabilitation Proceedings Starting date is determined | A | B | 1st Liquidation | 2nd Liquidation | 3rd Liquidation |
|---|---|---|---|---|---|---|---|---|
| | | Confirmed rehabilitation claim amount | | Amount of Exempted Rehabilitation debt | | Liquidation Method | | |
| | | | | (a) Date for receiving waiver: approval date of Rehabilitation Plan (b) Amt. of waiver: interest/late fees after rehabilitation proceeding date is determined | (a) Date for receiving waiver: the day after the Third Liquidation (day of Second Liquidation if no Third Liquidation) (b) Amt. of waiver: balance after deducting total of 1st, 2nd, and 3rd Liquidations from Rehabilitation Debts Such as Principal (or total of 1st and 2nd Liquidations if no 3rd Liquidation) | (a) Date of liquidation: last day of the month on which the first anniversary month falls after Rehabilitation Plan is approved (b) Creditors to be liquidated: rehabilitation creditors having no unconfirmed rehab. loans as of the last day of the month prior to the month on which First Liquidation falls (c) Amount of Liquidation: total of amounts corresponding to the following percentages, out of the Rehab. Loans   Such as Principal: i) ¥10 million or less out of Rehab. Loans Such as Principal of Preferred Creditors: 100% ii) Part of Rehab. Loans Such as Principal, exceeding ¥10 million: amt. calculated based on Rehab. 4-2 (1) A. (c) ii) of Rehab. Plan iii) Liquidation toward subordinated creditors: amt. calculated based on Rehab. 4-2 (1) A. (c) iii) of Rehab. Plan | (a) Date of liquidation: Dec. 31, 2010 or last day of the month on which the three month anniversary falls after all proceedings for cash conversion/ collection are completed and all unconfirmed rehab loans are fixed, whichever falls first (b) Creditors to be liquidated: rehabilitation creditors whose amount of Rehab Loans Such as Principal having no unconfirmed rehab. loans (= amt prior to First Liquidation), as of the day 3 months prior to Second Liquidation, exceeds ¥10 million (c) Amount of Liquidation: total of amounts corresponding to the following percentages, out of the Rehab. Loans   Such as Principal: i) ¥10 million or less out of Rehab. Loans Such as Principal of Preferred Creditors: amt. calculated based on Rehab. 4-2 (1) B. (c) i) of Rehab. Plan ii) Part of Rehab. Loans Such as Principal, exceeding ¥10 million: amt. calculated based on Rehab. 4-2 (1) B, (c) i) of Rehab. Plan | (a) Date of liquidation: last day of the month on which the three month anniversary falls after all proceedings for cash conversion/ collection are completed and all unconfirmed rehab loans are fixed (b) Creditors to be liquidated: rehabilitation creditors whose amount of Rehab Loans Such as Principal (= amt prior to 1st and 2nd Liquidations) exceeds ¥10 million (c) Amount of Liquidation: total of amounts corresponding to the following percentages, out of the Rehab. Loans   Such as Principal: i) ¥10 million or less out of Rehab. Loans Such as Principal of Preferred Creditors: amt. calculated based on Rehab. 4-2 (1) C. (c) i) of Rehab. Plan ii) Liquidation toward subordinated creditors: amt. calculated based on Rehab. 4-2 (1) C. (c) ii) of Rehab. Plan (d) Requirements for Liquidation: No liquidation will be carried out if all proceedings for cash conversion/collection of liquidation assets are completed and if all of unconfirmed rehab loans are fixed by the last day of September, 2010 |
| 4 | GA (Ltd.) | 10,821,811 | - | - | TBD | ¥15,500,216 or ¥10 mil + TBD, whichever is higher | TBD | TBD |
| 11 | MA Asset Researchers (Ltd.) | 25,454,261 | - | - | TBD | ¥18,654,397 or ¥10 mil + TBD, whichever is higher | TBD | TBD |
| 13 | J-Vehicle (LLC) | 19,068,841 | - | - | TBD | ¥15,076,870 or ¥10 mil + TBD, whichever is higher | TBD | TBD |
| 18 | Shinsei Bank (Ltd.) | 25,880,050,921 | TBD | Full Amt. | TBD | ¥14,049,732,518 or ¥10 mil + TBD, whichever is higher | TBD | TBD |
| 22 | Gracchus and Associates Inc. | 18,837,570,781 | TBD | Full Amt. | TBD | ¥11,652,534 or ¥10 mil + TBD, whichever is higher | TBD | TBD |
| 26 | Nippon Life Insurance Company | 12,772,861 | TBD | Full Amt. | TBD | ¥2,807,686,317 or ¥10 mil + TBD, whichever is higher | TBD | TBD |
| 27 | Lehman Brothers Asia Holdings Ltd. | 8,005,088,424 | TBD | Full Amt. | TBD | TBD | TBD | TBD |
| 29 | Tokyo-Mitsubishi UFJ Bank (Ltd.) | 229,490,334,846 | TBD | Full Amt. | TBD | ¥11,209,887,261 or ¥10 mil + TBD, whichever is higher | TBD | TBD |
| 31 | Intesa Sao Paolo SpA, Tokyo Branch | 20,009,441,536 / 4,002,692,082 | TBD | Full Amt. | TBD | ¥2,245,901,966 or ¥10 mil + TBD, whichever is higher | TBD | TBD |
| 32 | Mizuho Corporate Bank | 8,510,832,811 | TBD | Full Amt. | TBD | ¥4,770,466,374 or ¥10 mil + TBD, whichever is higher | | |
| 38 | Lehman Brothers Holdings Inc. | 1,376,858,384 | TBD | Full Amt. | TBD | TBD | TBD | TBD |
| 50 | Japan Investment Partnership Inc. | 44,759,394 | TBD | Full Amt. | TBD | TBD | TBD | TBD |
| 60 | Lehman Brothers Japan (Inc.) | 104,817,295 | - | - | TBD | TBD | TBD | TBD |
| 62 | Lehman Brothers Real Estate Inc. | 3,868,740,018 | - | - | TBD | TBD | TBD | TBD |
| 63 | Hisen Building (Ltd.) | 306,745,892 | - | - | TBD | TBD | TBD | TBD |
| 64 | Pike International (Ltd.) | 229,792,055 | - | - | TBD | TBD | TBD | TBD |
| 65 | Piranha International (Ltd.) | 170,375,672 | - | - | TBD | TBD | TBD | TBD |
| 66 | Yellowtail International (Ltd.) | 335,006,318 | - | - | TBD | TBD | TBD | TBD |

| | Name of Creditor | Confirmed rehabilitation claim amount | | Amount of Exempted Rehabilitation debt | | Liquidation Method | | |
|---|---|---|---|---|---|---|---|---|
| | | Rehabilitation debt Such as Principal | Interest/Late Fees after Rehabilitation Proceedings Starting date is determined | A | B | 1st Liquidation | 2nd Liquidation | 3rd Liquidation |
| | | | | (a) Date for receiving waiver: approval date of Rehabilitation Plan<br><br>(b). Amt. of waiver: interest/late fees after rehabilitation proceeding date is determined | (a) Date for receiving waiver: the day after the Third Liquidation (day of Second Liquidation if no Third Liquidation)<br><br>(b). Amt. of waiver: balance after deducting total of 1st, 2nd, and 3rd Liquidations from Rehabilitation Debts Such as Principal (or total of 1st and 2nd Liquidations if no 3rd Liquidation) | (a) Date for receiving waiver: the day after the month on which the first anniversary month falls after Rehabilitation Plan is approved<br><br>(b) Creditors to be liquidated: rehabilitation creditors having no unconfirmed rehab. loans as of the last day of the month prior to the month on which First Liquidation falls<br><br>(c) Amount of Liquidation: total of amounts corresponding to the following percentages, out of the Rehab. Loans Such as Principal:<br>i) ¥10 million or less out of Rehab. Loans Such as Principal of Preferred Creditors:100%<br>ii) Part of Rehab. Loans Such as Principal, exceeding ¥10 million: amt. calculated based on Rehab. 4-2 (1) A. (c) ii) of Rehab. Plan<br>iii) Liquidation toward subordinated creditors: amt. calculated based on Rehab. 4-2 (1) A. (c) iii) of Rehab. Plan | (a) Date of liquidation: Dec. 31, 2010 or last day of the month on which the three month anniversary falls after all proceedings for cash conversion/ collection are completed and all unconfirmed rehab loans are fixed, whichever falls first<br><br>(b) Creditors to be liquidated: rehabilitation creditors whose amount of Rehab Loans Such as Principal having no unconfirmed rehab. loans (= amt prior to First Liquidation), as of the day 3 months prior to Second Liquidation, exceeds ¥10 million<br><br>(c) Amount of Liquidation: total of amounts corresponding to the following percentages, out of the Rehab. Loans Such as Principal:<br>i) ¥10 million or less out of Rehab. Loans Such as Principal of Preferred Creditors: amt. calculated based on Rehab. 4-2 (1) B. (c) i) of Rehab. Plan<br><br>ii) Part of Rehab. Loans Such as Principal, exceeding ¥10 million: amt. calculated based on Rehab. 4-2 (1) B, (c) i) of Rehab. Plan | (a) Date of liquidation: last day of the month on which the three month anniversary falls after all proceedings for cash conversion/ collection are completed and all unconfirmed rehab loans are fixed<br><br>(b) Creditors to be liquidated: rehabilitation creditors whose amount of Rehab Loans Such as Principal (= amt prior to 1st and 2nd Liquidations) exceeds ¥10 million<br><br>(c) Amount of Liquidation: total of amounts corresponding to the following percentages, out of the Rehab. Loans Such as Principal:<br>i) ¥10 million or less out of Rehab. Loans Such as Principal of Preferred Creditors: amt. calculated based on Rehab. 4-2 (1) C. (c) ii) of Rehab. Plan<br>ii) Liquidation toward subordinated creditors: amt. calculated based on Rehab. 4-2 (1) C. (c) ii) of Rehab. Plan<br><br>(d) Requirements for Liquidation:<br>No liquidation will be carried out if all proceedings for cash conversion/collection of liquidation assets are completed and if all of unconfirmed rehab loans are fixed by the last day of September, 2010 |
| 67 | Gardenia (Ltd.) | 219,184,42 | - | | TBD | TBD | TBD | TBD |
| 68 | Marlin International (Ltd.) | 32,731,15 | - | | TBD | TBD | TBD | TBD |
| 69 | Turbin International (Ltd.) | 304,788,20 | - | | TBD | TBD | TBD | TBD |
| 70 | Duckhorn (Ltd.) | 1,031,388,66 | - | | TBD | TBD | TBD | TBD |
| 71 | Genia (Ltd.) | 254,361,08 | - | | TBD | TBD | TBD | TBD |
| 72 | Bruto Real Estate (Ltd.) | 76,357,88 | - | | TBD | TBD | TBD | TBD |
| 73 | Capital Servicing Shoken Kaishu (Ltd.) | 223,491,63 | TBD | Full Amt. | TBD | ¥129,555,256 or ¥10 mil + TBD, whichever is higher | TBD | TBD |
| 76 | Joint Venture Millennium Rehab. Investment | 11,214,63 | - | | TBD | ¥10,680,140 or ¥10 mil + TBD, whichever is higher | TBD | TBD |
| | | | | | | | | |
| | Total | 319,454,840,81 | TBD | TBD | TBD | ¥45,870,157,490 or ¥10 mil + TBD, whichever is higher | | |

\* Creditors receiving Notification No. 20 possessing Unconfirmed debts of 1,500,093,166 yen besides the confirmed debt.

Creditors receiving Notification No. 32 possessing Unconfirmed debts of 1,500,331,160 yen besides the confirmed debt.

List of Confirmed Rehabilitation Creditors

Notice No.

List of Unconfirmed Rehabilitation Creditors

Appendix 2 of the Rehabilitation Debtor's Plan (see the corresponding part of Appendix 2 of Attachment 1) is used.

List of Unconfirmed Rehabilitation Creditors

| Reason for pending confirmation | | Notice No. | Name of Creditor | Amount of Rehab. Claims Notified | |
|---|---|---|---|---|---|
| Evaluation | Special adjustment | | | Rehab. Claims of Principal, etc. | Interest/Late Charge Incurred on or After the Date of the Rehab Proceedings Initiation Decision |
| | ○ | 20 | Risona Bank (Ltd.) | ¥1,500,093,166 | TBD |
| ○ | | 28 | Citi Group Principal Investments Japan (Ltd.) | ¥4,561,994,059 | TBD |
| | ○ | 32 | Mizuho Corporate Bank (Ltd.) | ¥1,500,331,160 | TBD |
| ○ | | 37 | Kaneru Property Joint Venture | ¥325,063,151 | TBD |
| | ○ | 83 | Foreign Law Partnership, Law Office of Jones Day | ¥402,707 | - |
| | ○ | 84 | Mori Real Estate Management (Ltd.) | ¥821,700 | - |
| | ○ | 85 | BF Capital (Ltd.) | ¥556,500 | - |
| | ○ | 86 | Takashi Sashige | ¥20,000,000 | - |
| | | | | | |
| | | | Grand Total | ¥7,909,262,443 | TBD |