

平成２０年（再）第２０８号　再生手続開始申立事件

再生債務者　サンライズファイナンス株式会社



# 再　生　計　画　案

平成２１年５月１５日

東京地方裁判所民事第２０部合議係　御中

監督委員　弁護士　多比羅　誠　殿

再生債務者　　サンライズファイナンス株式会社

代表者代表取締役　　後　藤　正　敏

上記代理人弁護士　　上　田　裕　康

同　　　　福　森　亮　二

同　　　　田　中　信　隆

同　　　　岸　本　愛

同　　　　北　野　知　広

同　　　　坂　東　雄　大

同　　　　山　口　拓　郎

平成２０年（再）２０８号　サンライズファイナンス株式会社

## ＜ 目 次 ＞

第１　再生計画案の基本方針 ........................................ 2

　１　再生手続開始申立に至る経緯 ................................. 2

　２　再生手続の基本方針 ........................................ 3

　３　弁済計画 ................................................ 4

　　（１）基本方針 ............................................ 4

　　（２）再生債権に対する弁済率及び弁済条件等 ................. 7

　　（３）清算価値保障原則との関係 ............................ 14

　４　株式の取得等に関する定めについて ........................ 15

第２　再生計画案の内容 .......................................... 15

　１　再生債権の状況 .......................................... 15

　２　弁済の方法及び権利の変更の一般的基準 .................... 16

　　（１）弁済の方法 .......................................... 16

　　（２）権利の変更 .......................................... 17

　　（３）弁済に関するその他の事項 ............................ 17

　３　個別条項 ................................................ 19

　　（１）権利の変更 .......................................... 19

　　（２）弁済の方法 .......................................... 19

　４　未確定の再生債権等に関する措置（法１５９条） ............ 19

第３　共益債権の弁済方法 ........................................ 20

第４　一般優先債権の弁済方法 .................................... 20

平成２０年（再）２０８号　サンライズファイナンス株式会社

## 第１　再生計画案の基本方針

### 1　再生手続開始申立に至る経緯

再生債務者は、リーマン・ブラザーズ証券株式会社（以下「ＬＢＪ」という。）の子会社であり（平成１０年１月５日に設立された当初は、リーマン・ブラザーズ・グループの米国所在の法人の子会社であったが、平成１９年８月３１日に、ＬＢＪの１００％子会社となった。）、ＬＢＪはLehman Brothers Holdings Inc.（以下「ＬＢＨＩ」という。）の傘下企業である。

再生債務者の業務は、①債権買取業、②不動産ファイナンス業に大別されるが、このうち、主たる事業である債権買取業においては、再生債務者が金融機関等から貸付債権を買い取り、買い取った債権の回収や再生債務者による債務者の再生を通じた回収等を行ってきた。

しかしながら、ＬＢＨＩは、サブプライムローン問題の影響を受けて経営に行き詰まり、平成２０年９月１５日（米国時間）、米国における連邦破産法１１条に基づく倒産手続（以下「チャプター１１」という。）を申請した。

再生債務者の対外的な信用は、ＬＢＨＩを含むリーマン・ブラザーズ・グループ全体の信用によって支えられていたが、ＬＢＨＩのチャプター１１の申請によりその信用を喪失した。また、ＬＢＨＩのチャプター１１の申請又は親会社であるＬＢＪの民事再生手続開始申立により、再生債務者は負担している債務について、期限の利益を喪失し、あるいは期限の利益喪失事由を有することとなった。

平成２０年（再）２０８号　サンライズファイナンス株式会社

　このため、再生債務者においても、取引の混乱防止のため、平成２０年９月
１６日、リーマン・ブラザーズ・ホールディングス株式会社、ＬＢＪ及びリー
マン・ブラザーズ・コマーシャル・モーゲージ株式会社（以下「ＬＢＣＭ」と
いう。）とともに、御庁に対し民事再生手続開始の申立を行い、同月１９日開始
決定の発令を受けた。

## 2　再生手続の基本方針

　民事再生手続開始申立後、再生債務者の業務に従事していたリーマン・ブラ
ザーズ・リアル・エステート株式会社（以下「ＬＢＲＥ」という。）を含むリー
マン・ブラザーズ・グループのアジア太平洋地域の２６法人と野村グループと
の間で締結された「INTERNATIONAL ASSET SALE AGREEMENT」（国際的資産譲渡契
約）に基づき、ＬＢＲＥの従業員は野村證券株式会社に転籍したが、平成２０
年１１月１日付けでこれらの従業員は再生債務者に出向した。再生債務者は、
それらの従業員の協力の下、もっぱら自らが有する既存の債権の管理・回収業
務を行ってきた。なお、再生債務者は、原則として新規の貸付債権の購入を停
止している。

　再生債務者が保有する資産は、購入貸付債権、匿名組合出資金及び商業用不
動産ローン担保証券などに区分されるが、このうち購入貸付債権及び匿名組合
出資金は、いずれも不動産を担保又は引当てとするものであり、売却による換
価になじむ資産であること、適正な価格で売却できるのであれば、その手取金
で早期に弁済を行うことが総債権者の利益に資すると考えられたことから、再
生債務者は、平成２０年１２月以降、同様の資産を有するＬＢＪ及びＬＢＣＭ
とともに、これらの資産について売却のための入札手続を実施した（以下「本
件入札手続」という。）。また、再生債務者は、商業用不動産ローン担保証券に

ついても、同様の資産を有するＬＢＪ及びＬＢＣＭとともに、別途入札手続を
実施している。

　このような状況を踏まえて、再生債務者は、本件入札手続及びその他の手続
により、平成２２年中を目途に、再生債権者への弁済原資となる上記資産のう
ち回収・換価可能な全資産（以下「弁済原資対象資産」という。）の回収・換価
手続を完了させ、もって再生債権者への弁済の極大化を実現することを本件再
生手続の基本方針とした。

　なお、再生債務者は、弁済原資対象資産の回収・換価手続が完了し、再生債
権者に対する弁済が完了した後に、清算することを予定している。

## ３　弁済計画

### （１）基本方針

　再生債務者は保有する購入貸付債権及び匿名組合出資をいくつかのプール
に分けて入札手続に付した。

　本件入札手続の結果、再生債務者は、以下のプールを投資家に売却するこ
ととした。売却価格の総額は約４４０億円である（見込み額。一部は本再生
計画案提出時点では契約締結未了である。なお、入札手続はＬＢＪ及びＬＢ
ＣＭの資産と一緒に行われたため、プール番号は両者の資産も併せた通番と
なっている。）。

平成２０年（再）２０８号　サンライズファイナンス株式会社

| プール名 | 区分 | 概要 |
|---|---|---|
| プール14 | 購入貸付債権 | 弁済が行われている債権プール |
| プール15 | 購入貸付債権 | 弁済が遅延又は停止している債権プール |
| プール16 | 匿名組合出資 | 購入貸付債権等を裏付けとする劣後受益権等を対象とした匿名組合出資 |
| プール17 | 匿名組合出資 | |

　また、再生債務者は関係会社に対する営業貸付債権を有している。

　そのうち、リベルタス住宅ローン株式会社（以下「リベルタス」という。）に対する約３７２億円の貸付債権については、以下のとおり回収を想定している。すなわち、リベルタスは保有する住宅ローンポートフォリオを売却するために入札手続を実施した。２社からの入札があり、最も高い価格を提示した先と契約を締結し、売却を完了しており、その譲渡代金は約２９８億円であった。リベルタスの債務の大半は再生債務者に対するものであることから、上記譲渡代金を含む同社の現預金の大半（約２９０億円）は再生債務者への返済に充てられ、本再生計画に基づく弁済原資となる予定である。

　その他、再生債務者はリーマン・ブラザーズ・ファイナンス・ジャパン・インク（以下「ＬＢＦＪ」という。）に対しても約４７５億円の貸付債権を有しており、約９９億円程度の回収が見込まれている。

　再生債務者は、これらの弁済原資を、再生債権の元本及び開始決定前の利息・遅延損害金部分（以下「元本等再生債権」という。）に対して、原則として合計３回（弁済原資対象資産の回収・換価手続の完了及び後記の未確定の

平成２０年（再）２０８号　サンライズファイナンス株式会社

再生債権の確定がいずれも早期に実現した場合は合計２回）に分割して弁済する。

　第１回弁済は、弁済原資対象資産のうち回収・換価手続が完了している資産の回収・換価代金総額から、未払共益債権及び未払一般優先債権の全額に対する弁済に必要と見込まれる額、再生手続及び清算手続を遂行するために必要な経費額等を控除した残額（以下「第１回弁済原資総額」という。）を弁済原資として、再生計画の認可決定確定後速やかに行う。

　第１回弁済においては、確定した元本等再生債権のうち１０００万円以下のものについて全額を弁済し、１０００万円を超えるものについては１０００万円までの部分を全額弁済する（以下「１０００万円以下全額弁済」という。）。また、第１回弁済原資総額から１０００万円以下全額弁済の弁済額合計を控除した後の弁済原資を、確定した元本等再生債権のうち１０００万円を超える部分に対して按分して支払う。

　なお、本再生計画案提出時点で予定している主な弁済原資対象資産は以下のとおりである。
　①　再生計画案提出時点における再生債務者の現預金の金額から未払共益債権及び未払一般優先債権の全額、再生手続及び清算手続を遂行するために必要な経費額、税務リスクに対応するための留保金等を控除した残額である約１０億円
　②　リベルタスから回収予定の資金約２９０億円
　③　ＬＢＦＪから回収予定の資金約９９億円
　④　本件入札手続により売却を進めている資産の売却代金のうち第１回弁済基準日までに売却手続が完了すると見込まれる部分の売却代金から

6

平成２０年（再）２０８号　サンライズファイナンス株式会社

売却に要する費用を控除した約３９０億円

　このうち、少なくとも、本再生計画案提出時点で回収・換価が終了した資産の回収・換価金及び売買契約を締結した資産の売却代金（合計約５１０億円）をもって弁済を行うとすると、未確定の再生債権について再生債権者が査定手続において主張する金額で債権が確定したものと仮定した場合の元本等再生債権の合計額は約３２７３億円であるので、第１回弁済においては、確定した元本等再生債権の金額に対して、少なくとも以下の割合により算出される金額の合計額を弁済することが可能となる。

　　　　　元本等再生債権の金額が１０００万円以下の部分　　　１００％
　　　　　元本等再生債権の金額が１０００万円を超える部分　　　１５％
　そこで、第１回弁済においては、少なくとも、確定した元本等再生債権に対して上記割合により算出される金額を弁済するものとし、前記按分計算方法による第１回弁済額がこれを上回るときは、その額を弁済するものとする。

**（２）再生債権に対する弁済率及び弁済条件等**

ア　第１回弁済

　再生計画認可決定確定日から１ヶ月後の日の属する月の末日（以下「第１回弁済日」という。）に、以下の定めに従って第１回の弁済を行う。

　a．弁済基準日

　第１回弁済日が属する月の前月の末日（以下「第１回弁済基準日」という。）

平成２０年（再）２０８号　サンライズファイナンス株式会社

    ｂ．弁済対象債権者

    第１回弁済基準日において未確定の再生債権がない再生債権者

    ｃ．弁済原資

    以下の①から②を控除した額（第１回弁済原資総額）

    ①　弁済原資対象資産のうち第１回弁済基準日までに回収・換価手続
      が完了している資産の回収・換価代金総額

    ②　未払共益債権及び未払一般優先債権の全額に対する弁済に必要と
      見込まれる額、再生手続及び清算手続を遂行するために必要な経
      費額等

    ｄ．弁済額

    ①　元本等再生債権の金額が１０００万円以下の再生債権者

      当該元本等再生債権全額

    ②　元本等再生債権の金額が１０００万円を超える再生債権者

      以下の（Ⅰ）と（Ⅱ）のいずれか多い額

      （Ⅰ）　１０００万円及び元本等再生債権の１０００万円を超える部

平成２０年（再）２０８号　サンライズファイナンス株式会社

分に対し以下で算出される金額（以下「変動弁済額」という。）

$$（A-B-C） \times \frac{E}{D-B-C}$$

A＝第１回弁済原資総額

B＝元本等再生債権の金額が１０００万円以下の再生債権者に対する弁済額の合計額

C＝元本等再生債権の金額が１０００万円を超える再生債権者に対する１０００万円の弁済額の合計額

D＝第１回弁済基準日における元本等再生債権の金額の合計額

E＝元本等再生債権のうち１０００万円を超える金額


　　なお、弁済額の計算にあたっては、未確定の再生債権は、第１回弁済基準日時点で、再生債権者が主張する金額で債権が確定したものと仮定する。また、未確定の再生債権が確定した場合に後記第２の４の定めに従い行われる弁済の弁済額の算定にあたっても、元本等再生債権の金額の合計額は第１回弁済基準日時点で算出された本Ｄを用いる。


（Ⅱ）　１０００万円及び元本等再生債権の１０００万円を超える部分の１５％の金額（以下「確定弁済額」という。）


イ　第２回弁済

　　平成２２年１２月末日、又は、弁済原資対象資産の回収・換価手続がす

平成２０年（再）２０８号　サンライズファイナンス株式会社

べて完了するとともに後記の未確定の再生債権がすべて確定した日から３ヶ月後の日の属する月の末日のいずれか早い日（以下「第２回弁済日」という。）に以下の定めに従って、第２回の弁済を行う。

ａ．弁済基準日

　第２回弁済日の３ヶ月前の日（以下「第２回弁済基準日」という。）

ｂ．弁済対象債権者

　第２回弁済基準日において１０００万円を超える確定した元本等再生債権を有する再生債権者

ｃ．弁済原資

　以下の①及び②の合計額から③を控除した額（以下「第２回弁済原資総額」という。）

　①　弁済原資対象資産のうち第１回弁済基準日の翌日から第２回弁済基準日までに回収・換価手続を完了した資産の回収・換価代金総額
　②　前記アｄ②に定める第１回弁済において、
　（Ｉ）前記アｄ②（Ｉ）の定めに従った変動弁済額の弁済を行った場合は、第１回弁済原資総額のうち、第１回弁済基準日の翌日以降、第２回弁済基準日までの間に、未確定の再生債権のうち弁済の対象とならない元本等再生債権が確定した部分に対し、前

10

平成２０年（再）２０８号　サンライズファイナンス株式会社

記ア　ｄ②（Ｉ）の第１回弁済の計算上、割り当てられていた弁済額の合計額

（Ⅱ）前記ア　ｄ②（Ⅱ）の定めに従った確定弁済額の弁済を行った場合は、第１回弁済原資総額から、以下の金額を控除した額

（ⅰ）第２回弁済基準日までの間に前記ア　ｄ②（Ⅱ）の定めに従って実施した弁済の額

（ⅱ）第２回弁済基準日時点で未確定の再生債権に対し、未確定の再生債権が再生債権者が主張する金額で債権が確定したものと仮定して、前記ア　ｄ②（Ⅱ）の第１回弁済の計算上、割り当てる金額

③　未払共益債権及び未払一般優先債権の全額に対する弁済に必要と見込まれる額、再生手続及び清算手続を遂行するために必要な経費額等

ｄ．弁済額

以下で算出される金額（以下「第２回弁済額」という。）

$$F \times \frac{E}{G-B-C}$$

Ｆ＝第２回弁済原資総額

Ｂ＝元本等再生債権の金額が１０００万円以下の再生債権者に対する弁済額の合計額

Ｃ＝元本等再生債権の金額が１０００万円を超える再生債権者に対する１０００万円の弁済額の合計額

11

平成２０年（再）２０８号　サンライズファイナンス株式会社

G＝第２回弁済基準日における元本等再生債権の金額の合計

E＝元本等再生債権のうち１０００万円を超える金額

　　　なお、弁済額の計算にあたっては、未確定の再生債権は、第２回弁済基準日時点で、再生債権者が主張する金額で債権が確定したものと仮定する。また、未確定の再生債権が確定した場合に後記第２の４の定めに従って行われる弁済の弁済額の算定にあたっても、元本等再生債権の金額の合計額は第２回弁済基準日時点で算出された本Gを用いる（但し、第２回弁済が最終弁済である場合は本Gではなく、確定した元本等再生債権の金額の合計額を用いる。）。

ウ　第３回弁済

　　弁済原資対象資産の回収・換価手続がすべて完了するとともに後記の未確定の再生債権がすべて確定した日から３ヶ月後の日の属する月の末日（以下「第３回弁済日」という。）に、以下の定めに従って第３回の弁済を行う。

　　但し、平成２２年９月末日までに弁済原資対象資産の回収・換価手続がすべて完了し、かつ、後記の未確定の再生債権のすべてが確定している場合は、第３回弁済を行わない。

ａ．弁済対象債権者

　　１０００万円を超える確定した元本等再生債権を有する再生債権者

12

平成２０年（再）２０８号　サンライズファイナンス株式会社

　　　ｂ．弁済原資

　　　　以下の①及び②の合計額から③を控除した額（以下「第３回弁済原資
　　総額」という。）

　　　　　①　弁済原資対象資産のうち第２回弁済基準日の翌日以降に回収・換
　　　　　　価手続を完了した資産の回収・換価代金総額
　　　　　②　第１回及び第２回弁済原資総額のうち、第２回弁済基準日の翌日
　　　　　　以降、第３回弁済基準日までの間に、未確定の再生債権のうち弁
　　　　　　済の対象とならない元本等再生債権が確定した部分に対し、前記
　　　　　　アの第１回弁済及び前記イの第２回弁済の計算上、割り当てられ
　　　　　　ていた弁済額の合計額
　　　　　③　未払共益債権及び未払一般優先債権の全額に対する弁済に必要と
　　　　　　見込まれる額、再生手続及び清算手続を遂行するために必要な経
　　　　　　費額等

　　　ｃ．弁済額

　　　　以下で算出される金額

$$H \times \frac{E}{I-B-C}$$

　　　　Ｈ＝第３回弁済原資総額
　　　　Ｂ＝元本等再生債権の金額が１０００万円以下の再生債権者に対す
　　　　　る弁済額の合計額

13

平成２０年（再）２０８号　サンライズファイナンス株式会社

C＝元本等再生債権の金額が１０００万円を超える再生債権者に対
する１０００万円の弁済額の合計額

I＝第３回弁済基準日における元本等再生債権の金額の合計額

E＝元本等再生債権のうち１０００万円を超える金額

## （３）清算価値保障原則との関係

再生手続開始決定日時点での清算を前提とした場合の、再生債務者の資産
の清算残高は約４２７億円であり（平成２１年２月２５日付け財産価額評定
書）、ここから相殺・別除権対象額、共益・優先債権の弁済、清算費用の支払
いを考慮した場合、一般破産債権の配当原資は約３７７億円程度になると考
えられる。

これに対し本再生計画案においては、以下のとおり、各再生債権者に対し、
再生債務者が破産した場合より有利な弁済がなされ、又は有利な弁済となる
ことが見込まれ、したがって、本再生計画案は清算価値保障原則に反するも
のではないと思料する。

① 元本等再生債権の金額が１０００万円以下の再生債権者は、その全額に
ついて弁済を受けることから、破産時の配当より有利なことは明らかで
ある。

② 元本等再生債権の金額が１０００万円を超える再生債権者は、１０００
万円以下の元本等再生債権については全額弁済を受け、１０００万円を
越える部分についてはかかる超過額の按分比例で弁済を受ける。弁済原
資として、本件入札手続で売却した購入貸付債権等の対価である約４４
０億円や、関係会社への貸付債権の回収（リベルタスに対するもの約２

14

平成２０年（再）２０８号　サンライズファイナンス株式会社

９０億円、ＬＢＦＪに対するもの約９９億円）、その他資産を回収・換価することが見込まれている。したがって、本再生計画案に従った場合、諸費用を控除するとしても、再生債務者保有の現預金も考慮に入れると、第１回乃至第３回弁済原資の総額は約８３０億円前後にはなると見込まれ、破産時の配当より有利なことは明らかである。


4　株式の取得等に関する定めについて


再生債務者の株式の取得等に関する定めは設けない。


第2　再生計画案の内容


1　再生債権の状況


本再生計画案提出日現在における確定再生債権者総数及び確定再生債権総額等は、以下のとおりである。


　　①　確定再生債権者総数　　　２５名


　　②　確定再生債権総額　　　　　292,406,037,213円及び額未定


　　　（内訳）
　　　　元本及び開始決定日の前日までに発生した利息・遅延損害金
　　　　292,406,037,213円


　　　　開始決定日以降に発生した利息・遅延損害金


15

平成２０年（再）２０８号　サンライズファイナンス株式会社

額未定


## 2　弁済の方法及び権利の変更の一般的基準


### （１）弁済の方法


#### ア　第１回弁済

第１回弁済日に、第１回弁済基準日において確定した元本等再生債権を有する再生債権者に、以下のとおり弁済を行う。


① 　元本等再生債権の金額が１０００万円以下の再生債権者

当該元本等再生債権全額を弁済する。


② 　元本等再生債権の金額が１０００万円を超える再生債権者

１０００万円及び変動弁済額と確定弁済額のいずれか多い方の額を弁済する。


#### イ　第２回弁済

第２回弁済日に、第２回弁済基準日において１０００万円を超える確定した元本等再生債権を有する再生債権者に、第２回弁済額を弁済する。


#### ウ　第３回弁済（実施する場合のみ）

平成２０年（再）２０８号　サンライズファイナンス株式会社

　　　　第３回弁済日に、１０００万円を超える確定した元本等再生債権を有す
　　　る再生債権者に、第３回弁済額を弁済する。

## （２）権利の変更

### ア　開始決定後の利息・遅延損害金

　　　再生債権のうち開始決定日以降に発生した利息・遅延損害金については、
　　　再生計画認可決定確定日に全額の免除を受ける。

### イ　元本等再生債権

　　　元本等再生債権の金額から第１回弁済額、第２回弁済額及び第３回弁済
　　　額の合計額を控除した残額については、第３回弁済日の翌日に全額の免除
　　　を受ける。但し、第３回弁済が実施されない場合は、元本等再生債権の金
　　　額から第１回弁済額及び第２回弁済額の合計額を控除した残額について、
　　　第２回弁済日の翌日に全額の免除を受ける。

## （３）弁済に関するその他の事項

### ア　弁済の方法

　　　本再生計画に基づく弁済は、再生債権者が指定する日本国内にある金融
　　　機関の本支店の預貯金口座に振り込む方法により行う。振込手数料は、再
　　　生債務者の負担とする（海外送金費用は再生債権者の負担とする。）。但し、

平成２０年（再）２０８号　サンライズファイナンス株式会社

　　　再生債務者が定める日までに金融機関の預貯金口座を指定しなかった再生

　　債権者に対する弁済は、再生債務者の本店所在地において行う。


　イ　債権譲渡等がされた場合の取扱い


　　　本再生計画案提出日以降に再生債権の全部又は一部の譲渡又は移転によ

　　る債権者名義の変更があった場合においても、権利の変更は、譲渡又は移

　　転前の債権額を基準として、前記第１の３及び第２の２の規定に基づいて

　　行う。なお、本再生計画案提出日以降に再生債権の一部の譲渡又は移転が

　　あった場合には、新旧債権者の双方がその債権額に按分して弁済を受け、

　　免除額を負担するものとする。


　ウ　複数の再生債権を有する場合の措置


　　　再生債権者が複数の再生債権を有する場合、すべての再生債権をまとめ

　　て一本の再生債権とみなし、また、すべての再生債権の合計金額を確定し

　　た再生債権の額として、本再生計画に基づく弁済を受けるものとする。再

　　生債権の一部について確定していない場合には、全体として未確定の再生

　　債権として取り扱う。


　エ　端数の処理


　　　本再生計画に基づく弁済額の計算により生じる１円未満の端数は切り捨

　　てる。


　オ　本再生計画に基づく弁済が遅滞した場合の取扱い

平成２０年（再）２０８号　サンライズファイナンス株式会社

　　　　　本再生計画に基づく各弁済が各弁済日を途過した場合であっても、遅延
　　　　損害金は付さない。

　カ　弁済日が銀行営業日ではない場合の取扱い等

　　　　　本再生計画の他の規定で定められた各弁済の弁済日が銀行営業日ではな
　　　　い場合は、その直前の銀行営業日を弁済日とする。また、再生債務者は、
　　　　本再生計画の他の規定で定められた各弁済の弁済日よりも前の日に各弁済
　　　　を行うことができる。

３　個別条項

（１）権利の変更

　　　　　別表１「確定再生債権者一覧表」記載の再生債権について、同表の「再生
　　　　債権免除額」欄記載のとおり免除を受ける。

（２）弁済の方法

　　　　　別表１「確定再生債権者一覧表」記載の再生債権について、同表の「弁済
　　　　方法」欄記載のとおり弁済を行う。

４　未確定の再生債権等に関する措置（法１５９条）

　　　　　別表２「未確定再生債権一覧表」記載の未確定再生債権が確定したときは、

平成２０年（再）２０８号　サンライズファイナンス株式会社

前記第１の３及び第２の２の定めを適用する。但し、再生計画認可決定確定日
の翌日以降に確定したときは、「再生計画認可決定確定」を「未確定債権確定」
と読み替え、また、未確定債権確定時に既に弁済日が到来している場合には、
未確定の再生債権が確定した日から１ヶ月後の日の属する月の末日限り、既に
実施された弁済に相当する金額を一括して支払う。

## 第３　共益債権の弁済方法

未払共益債権及び今後発生する共益債権は随時弁済する。

## 第４　一般優先債権の弁済方法

未払一般優先債権及び今後発生する一般優先債権は随時弁済する。

以　上

再生計画案別表一覧表

別表１　確定再生債権者一覧表

別表２　未確定再生債権者一覧表

*SF別表1  確定債権者一覧表*

| 番号 | 債権者名 | 確定再生債権額 元本再生債権額 | 再生債務免除額 A | 再生債務免除額 B | 第1回弁済 | 第2回弁済 | 第3回弁済 |
|---|---|---|---|---|---|---|---|
| 4 | 株式会社A | 19,821,816 | ― | 額未定 | 11,473,272 | 額未定 | 額未定 |
| 11 | 株式会社エー・エーセッカリサーチ・サービーズ | 25,454,281 | ― | 額未定 | 12,318,142 | 額未定 | 額未定 |
| 13 | 株式会社エイピー・グループ | 19,056,841 | 額未定 | 額未定 | 11,359,876 | 額未定 | 額未定 |
| 18 | 湘南信用金庫 | 25,080,950,927 | 全額 | 額未定 | 3,770,642,639 | 額未定 | 額未定 |
| 22 | 株式会社ブラックス・アンド・アソシエイツ | 12,772,383 | 全額 | 額未定 | 10,415,857 | 額未定 | 額未定 |
| 26 | 日本生命保険相互会社 | 5,005,868,424 | 全額 | 額未定 | 759,380,263 | 額未定 | 額未定 |
| 27 | Lehman Brothers Asia Holdings Limited | 229,460,334,640 | 全額 | 額未定 | 34,427,550,196 | 額未定 | 額未定 |
| 29 | 株式会社東京スター銀行 | 20,009,441,539 | 全額 | 額未定 | 3,009,916,230 | 額未定 | 額未定 |
| 31 | インター・サン・ソシエロ・エコノミービーア 東京支店 | 4,002,682,082 | 全額 | 額未定 | 608,902,312 | 額未定 | 額未定 |
| 38 | リーマン・ブラザーズ・アジア・ホールディングス・インク | 1,376,898,354 | 全額 | 額未定 | 215,208,898 | 額未定 | 額未定 |
| 50 | ジャパン・ブラザーズ・ベストベント・パートナーシップ・インク | 44,758,394 | ― | 額未定 | 15,213,759 | 額未定 | 額未定 |
| 60 | リーマン・ブラザーズ証券株式会社 | 104,817,299 | ― | 額未定 | 24,222,594 | 額未定 | 額未定 |
| 62 | リーマン・ブラザーズ・リアル・エステート株式 | 3,808,740,818 | ― | 額未定 | 588,811,122 | 額未定 | 額未定 |
| 63 | 有限会社ビルディング | 386,745,893 | ― | 額未定 | 66,511,883 | 額未定 | 額未定 |
| 64 | 株式会社ペイシ・インターナショナル | 328,792,855 | ― | 額未定 | 57,998,928 | 額未定 | 額未定 |
| 65 | 株式会社ラニア・インターナショナル | 170,375,873 | ― | 額未定 | 34,056,380 | 額未定 | 額未定 |
| 66 | 株式会社イエロー・テイル・インターナショナル | 335,036,316 | ― | 額未定 | 58,755,447 | 額未定 | 額未定 |
| 67 | 株式会社チーフニア | 219,184,426 | ― | 額未定 | 41,377,663 | 額未定 | 額未定 |
| 68 | 株式会社オーバーン・インターナショナル | 32,731,151 | ― | 額未定 | 13,409,672 | 額未定 | 額未定 |

22

## SF別表1　確定債権者一覧表

| 届出債権番号 | 債権者名 | 確定再生債権額（元本等再生債権額） | 再生債権免除額 A（ア)免除を受ける（又は第3回弁済期日以後の再生手続終結の日・担保の実・担保実行価額を控除した額） | 再生債権免除額 B（(ア)免除を受ける（又は第3回弁済期日・(イ)免除） | 第1回弁済 | 第2回弁済 | 第3回弁済 |
|---|---|---|---|---|---|---|---|
| 69 | ㈱ソニー・インターナショナル | 304,789,205 | - | 個未定 | 54,218,380円又は1000万円のいずれか多い額 | 個未定 | 個未定 |
| 70 | ㈱ダイワボーン | 1,031,389,666 | - | 個未定 | 163,203,449円又は1000万円のいずれか多い額 | 個未定 | 個未定 |
| 71 | ㈱ソニー | 254,361,065 | - | 個未定 | 46,654,159円又は1000万円のいずれか多い額 | 個未定 | 個未定 |
| 72 | ブルート不動産㈱ | 75,357,898 | - | 個未定 | 19,803,684円又は1000万円のいずれか多い額 | 個未定 | 個未定 |
| 73 | キャピタル・サーヴィシング債権回収㈱ | 223,491,530 | 全額 | 個未定 | 42,023,729円又は1000万円のいずれか多い額 | 個未定 | 個未定 |
| 76 | 合同会社ヒューニアム再生投資 | 11,214,537 | - | 個未定 | 10,182,180円又は1000万円のいずれか多い額 | 個未定 | 個未定 |
| | 総　計 | 292,406,031,213 | 個未定 | 個未定 | 44,073,405,569円又は1000万円＋低未定のいずれか多い額 | 個未定 | 個未定 |

23

## SF別表2　未確定債権者一覧表

| 未確定事由 | | 届出番号 | 債権者名 | 届出再生債権額 | |
| 査定 | 特調 | | | 元本等再生債権 | 再生手続開始決定日以降の利息・損害金 |
|---|---|---|---|---|---|
| ○ | | 20 | (株)りそな銀行 | ¥20,038,063,955 | 額未定 |
| | ○ | 28 | シティグループ・プリンシパル・インベストメンツ・ジャパン(株) | ¥4,561,994,059 | 額未定 |
| ○ | | 32 | (株)みずほコーポレート銀行 | ¥10,011,163,971 | 額未定 |
| ○ | | 37 | カネル・プロパティー合同会社 | ¥325,063,151 | 額未定 |
| | | 83 | 外国法共同事業ジョーンズ・デイ法律事務所 | ¥402,707 | - |
| | | 84 | (有)漆不動産事務所 | ¥821,700 | - |
| | ○ | 85 | (有)ビーエフ・キャピタル | ¥556,500 | - |
| | ○ | 86 | 佐茂孝司 | ¥20,000,000 | - |
| | | | 総　計 | ¥34,958,066,043 | 額未定 |

24