平成２０年（再）第２０８号　再生手続開始申立事件

再生債務者　サンライズファイナンス株式会社

# 再生計画案修正許可申請書

平成２１年6月２６日

東京地方裁判所民事第２０部　御中

申請者　再生債権者　株式会社新生銀行

同代理人弁護士　奥野善彦

同　鈴木五十三

同　荒井俊行

同　山本晋平

同　尾野恭史

同　櫻庭広樹

同　小池良輔

同　古島守

再生債権者株式会社新生銀行（以下「再生債権者新生銀行」という。）は、頭書事件について、法１６７条に基づき以下のとおり許可を求める。

第１　許可を求める事項

再生債権者新生銀行が平成２１年５月１５日御庁に提出した再生計画案（以下「再生債権者提出計画案」）のうち、

①　第１

②　第２の２

③　第４の１

④　第４の２

（この部分については、平成２１年５月１９日付け「再生計画案修正許可申請書」により御庁に対して修正の許可を求めているものであるが、当該修正が許可されることを前提として追加の修正を求めるものである。）

⑤　第４の６

⑥　別紙２　確定再生債権者一覧表

（この部分については、平成２１年５月１９日付け「再生計画案修正許可申請書」により御庁に対して修正の許可を求めているものであるが、当該修正が許可されることを前提として追加の修正を求めるものである。）

⑦　別紙３　未確定再生債権者一覧表

⑧　別紙目録及び添付資料

につき、本書第３のとおり修正することについて、許可を求める。

第２　理由

再生債権者新生銀行は、平成２１年５月１５日付け再生計画案提出後の再生債務者からの情報開示及び再生債務者関係者に対する事情聴取の結果等を踏まえ、劣後化の対象をＬＢＡＨ及びＬＢＨＩの２社のみとするのでなく、リーマン・ブラザーズ・グループに属する全ての再生債権者とすることが妥当と判断するに至った（第１記載の修正事項のうち、①、②、⑥及び⑧）。

また、再生債権者新生銀行は、平成２１年５月１５日付け再生計画案提出後の他の再生債権者との協議等を経て、未確定再生債権者のうち再生債権の一部のみ未確定となっている再

生債権者については、再生計画上の取扱いを修正することが妥当と判断するに至った（第１記載の修正事項のうち、③、④、⑤、⑥及び⑦）。

　さらに、再生債権者新生銀行は、平成２１年５月１５日付け再生計画案提出後の手続の経過等を踏まえ、優先債権者に対する少額弁済の基準額を１００万円でなく１０００万円とすることが妥当と判断するに至った（第１記載の修正事項のうち、④及び⑥）。

　そこで、再生債務者は、再生債権者提出に係る再生計画案の内容を修正すべく、上記のとおり再生計画案修正の許可を求めるものである。

第３　修正の内容

①　第１

（修正前）

第１　再生債権者新生銀行による再生計画案提出の必要性

１　衡平の原則に基づくリーマン・ブラザーズ・アジア・ホールディングス・リミテッド及びリーマン・ブラザーズ・ホールディングス・インクの各債権の劣後化

（１）　本件は、再生債務者、その主要債権者、債務者及び第三債務者が、いずれもリーマン・ブラザーズ・グループに属することから、構造的に、非リーマン・ブラザーズ・グループの債権者が不利益を被る状況にある。このような状況を背景として、再生債務者においては極端な過少資本状態であること、リーマン・ブラザーズ・グループによって不当な搾取・経営が行われてきたこと、並びに再生債務者及び営業貸付先といったリーマン・ブラザーズ・グループに属する会社からリーマン・ブラザーズ・グループが意のままに収益を一方的・直接に享受する一方、倒産リスク・無資力リスクを再生債権者新生銀行をはじめとする非リーマン・ブラザーズ・グループの債権者も負担させられるスキームが採られていることなどの特徴を有している。

（２）　すなわち、再生債務者の資本金の総資産額に対する比率は、０．００２７％から多いときでも０．１５２％と、０．２％にも満たない極めて低い水準であって、再生債務者は、著しい過少資本に陥っていた。その一方で、再生債務者は、リーマン・ブラザーズ・アジア・ホールディングス・リミテッド（以下「ＬＢＡＨ」という。）から、融資形態で資金を調達すると同時に、再生債権者新生銀行をはじめとする外部金融機関からの借入を行うことにより、ＬＢＡＨからの借入と、外部金融機関からのそれを同列におくことによって、本来ＬＢＡＨが負うべき事業リスクを不当に外部の債権者に負担させていた。

この点、添付資料３ないし６は、いずれも再生債務者等の財務諸表に基づき作成したものであるが、そのうち添付資料３は、再生債務者の営業貸付金及び匿名組合出資金の合計並びに購入貸付債権の金額の推移と、リーマン・ブラザーズ・グループに属する関係会社からの短期借入金の合計と非リーマン・ブラザーズ・グループからの長

期借入金の合計の推移をグラフ化したものである（なお、営業貸付金とは、添付資料７からも明らかなとおり、リーマン・ブラザーズ・グループに属する関係会社向け貸付金のことをいい、購入貸付債権とは再生債務者が購入した不良債権のことをいう。）。そして、添付資料３からも明らかなとおり、再生債務者の負債のうちＬＢＡＨ等のリーマン・ブラザーズ・グループに属する会社からの借入金額（黄色で示した折れ線）と再生債務者の資産のうち営業貸付金及び匿名組合出資金の合計金額（赤色で示した棒グラフ）とは、その増減の傾向が連動していることが認められ、再生債務者のＬＢＡＨ等からの短期借入金が、他のリーマン・ブラザーズ・グループへの営業貸付金及び匿名組合出資金として流出していたことが推認できる。

また、Lehman Brothers Finance Japan（以下「ＬＢＦＪ」という。）の貸借対照表からも同様の事情が認められる。すなわち、ＬＢＦＪは、リーマン・ブラザーズ・グループに属する関係会社の費用を立替払する役割を担っていた会社であるところ、添付資料４（営業貸付先（ＬＢＦＪ）財務分析）のとおり、ＬＢＦＪの関係会社からの借入金額（右の棒グラフ）とＬＢＦＪの関係会社に対する未収入金額（左の棒グラフ）とは、その増減の傾向が連動しており、ＬＢＦＪが再生債務者からの借入金をもって他のリーマン・ブラザーズ・グループに属する関係会社の立替払を行っていたことが認められる。加えて、ＬＢＦＪの立替払による関係会社未収入金は、流動資産であるから、本来１年以内に回収されるべきところ、同表の「ＬＢＦＪ関係会社未収入金」からも明らかなとおり、適宜精算されることなく年々増加していること（平成１８年２１１億円、平成１９年４９２億円、平成２０年５２２億円）からすると、リーマン・ブラザーズ・グループに属する関係会社が本来支払うべき費用をＬＢＦＪに立替払をさせて同社に債務を不当に負担させる構造となっていることが明らかである。そして、これは、結局、ＬＢＦＪに対する借入金（平成２０年８月末日時点で約５３１億円）の大半を貸し付けた形になっている再生債務者に、他のリーマン・ブラザーズ・グループに属する関係会社の債務を負担させていることにほかならない。

以上のとおり、本件においては、再生債務者のＬＢＡＨからの借入金（おおむね短期借入金）の大半は、リーマン・ブラザーズ・グループの関係会社への貸付に用いられていたが、再生債務者からの貸付に代えて、ＬＢＡＨが、グループ内会社に直接融資、あるいは出資の形態で拠出していれば、グループ内関係会社の無資力リスクは、ＬＢＡＨが負うことになり、再生債務者に融資をしている外部の債権者が負うことは

なかった。しかしながら、ＬＢＡＨは、再生債務者に対する短期貸付金の形態で、再生債務者を介して他の関係会社に資金を拠出していたため、グループ内の会社として運命を共にする再生債務者及びグループ内関係会社の無資力リスクを、ＬＢＡＨのみならず、再生債務者に対する貸付をしていた外部債権者も負担することになったものである。

　また、リーマン・ブラザーズ・ホールディングス・インク（以下「ＬＢＨＩ」という。）は、再生債務者の最終的な親会社であって、再生債務者の破綻リスクを背負うべき立場にあるところ、再生債権者の再生債務者に対する貸付債権について全額保証しており、再生債務者の破綻リスクを負担する意思を表示していた。したがって、本来であれば、再生債務者の破綻リスクは、最終的な親会社であり、かつ、保証人であるＬＢＨＩが負うべきでものであるが、ＬＢＨＩは、自らも破綻したことを奇貨として、他のグループ外の債権者と同等の立場で、再生債務者に対する債権を行使しようとしており、極めて不当と言わざるを得ない。

　なお、本件では、ＬＢＡＨ及びＬＢＨＩ２社（以下「ＬＢ２社」という。）について倒産手続が行われているが、支配会社について倒産手続が行われていることは、支配会社の従属会社に対する債権の属性に影響を与える事柄ではないから、支配会社について倒産手続が開始されていても、ＬＢ２社の再生債務者に対する債権は、劣後化されるべきである。

　また、ＬＢ２社は、資本関係を通じて再生債務者を支配しており、再生債務者が行うグループ内関係会社への融資及び匿名組合出資をコントロールしていたが、営業貸付利息は売上高の１．６％から７．９％の水準、匿名組合出資契約に基づく損益分配額（営業外収益）も、売上高比では６．１％から１０．６％の水準にとどまるもので、再生債務者自身にとっては、ＬＢＡＨ等からの短期借入金をもちいて他の関係会社に営業貸付を行うことによる利益は少なかった。他方、再生債務者の売上高の約９割以上は購入貸付債権回収額が占めており、収益の大半は、非リーマン・ブラザーズ・グループ以外の債権者からの借入金により購入した購入貸付債権の回収等によるものであった。

　にもかかわらず、添付資料５（サンライズファイナンスの資金流出の内訳）のとおり、再生債務者から非リーマン・ブラザーズ・グループに対する支払に比して、リーマン・ブラザーズ・グループに属する会社に対し、配当・人件費・業務委託費の名目

で、多額の資金が流出していたものである。

（３） このような本件における特徴的な具体的事実関係の下においては、衡平の原則が極めて強く要請され、再生債権者のうちＬＢ２社の有する再生債権については、他の再生債権に比して劣後的に取り扱われなければならない。すなわち、再生計画案による権利の変更の内容は、原則として、再生債権者の間では平等でなければならないとされているところ（法１５５条）、本再生手続に係る具体的事実関係の下においては、上記の劣後的取扱いは「その他これらの者の間に差を設けても衡平を害しない場合」（同条ただし書）に該当するものであるばかりか、むしろ、ＬＢ２社の再生債権と他の再生債権とを形式的に平等に扱う再生計画は、下記各意見書記載のとおり、「法律の規定に違反」（法１７４条２項１号）するものであるというべきである。

このような取扱いの根拠については、東京大学法学部・大学院法学政治学研究科松下淳一教授作成に係る平成２１年４月１６日付け「意見書」（添付資料１）及び再生債権者新生銀行提出に係る平成２１年３月５日付け「意見書」（添付資料２）に詳述されているとおりである。なお、これらの意見書においては、現時点において開示を受けた情報に基づいて明らかとなった事実関係のみを前提としているが、今後、更なる情報開示及び事実関係の解明がなされた場合には、その根拠をさらに強固にすべく意見書を補充する予定である。

２ 本再生計画案作成の前提

本再生計画案は再生債権者新生銀行が作成及び提出するものであるが、再生債権者新生銀行は、現時点において、本再生計画案を作成するために必要かつ十分な情報を有していない。これは、再生債権者新生銀行が、再生債務者に対し、当該情報を開示するよう再三にわたって要請してきたにもかかわらず、現時点において未だ十分な当該情報の開示を受けるに至っていないからである。

そこで、再生債権者新生銀行としては、やむなく、再生債務者から平成２１年５月１４日に提示された再生計画案ドラフト（別紙１「再生計画案（ＳＦ）」）を基礎として、再生債権者として有する情報に基づき可能な限りにおいて、本再生計画案を作成せざるを得なかったものである。

したがって、本再生計画案は、再生債務者の作成に係る再生計画案（以下「再生債務者計画案」という。）が提出された後、再生債務者計画案の内容に応じて、裁判所の許可（法

１６７条）を得た上で修正する可能性を含むものであることを前提としている。

（修正後）

第１　再生債権者新生銀行による再生計画案提出の必要性

本件においては、再生債権者のうち、リーマン・ブラザーズ・ホールディングス・インク（以下「ＬＢＨＩ」という。）、リーマン・ブラザーズ・アジア・ホールディングス・リミテッド（以下「ＬＢＡＨ」という。）、リーマン・ブラザーズ証券株式会社、有限会社プルート不動産、有限会社ガーデニア、有限会社ターピン・インターナショナル、有限会社マーリン・インターナショナル、有限会社パイク・インターナショナル、有限会社ジニア、有限会社ピラニア・インターナショナル、有限会社飛泉ビルディング、有限会社ダックホーン、有限会社イエローテイル・インターナショナル、ジャパン・インベストメント・パートナーシップ・インク及びリーマン・ブラザーズ・リアル・エステート株式会社（これらを総称して、以下「ＬＢグループ再生債権者１５社」という。）の再生債権については、他の再生債権に比して劣後的に取り扱われなければならない。

このような取扱いの根拠については、再生債権者新生銀行提出に係る本日付け「意見書」（別紙４）に詳述のとおりである。

②　第２の２

（修正前）

第２　再生計画案の基本方針

２　再生計画の基本方針

（１）　清算型の選択

再生債務者は、その保有する資産の換価・回収を進め、換価・回収できた金額から必要経費等を除いた上、債権者に対し弁済を行う。

その後、再生債務者は、残債務について免除を受けた上、清算する。

（２）　弁済の基本方針

再生債権者のうち、ＬＢ２社の有する再生債権については、後述するとおり、他

　の再生債権に比して劣後的に取り扱うものとする。

（３） 清算価値保障原則との関係

以上のとおり、本再生計画による弁済は、第１回弁済から第３回弁済までの合計であるところ、ＬＢ２社を除く再生債権者に対しては、第１回弁済の配当率のみをもってしても、財産評定上の清算配当率を上回ることは明らかである。

（修正後）

※ 加除修正した部分は下線で示すとおり。

第２ 再生計画案の基本方針

２ 再生計画の基本方針

（１） 清算型の選択

再生債務者は、その保有する資産の換価・回収を進め、換価・回収できた金額から必要経費等を除いた上、債権者に対し弁済を行う。

その後、再生債務者は、残債務について免除を受けた上、清算する。

（２） 弁済の基本方針

再生債権者のうち、ＬＢ<u>グループ再生債権者１５社</u>の有する再生債権については、後述するとおり、他の再生債権に比して劣後的に取り扱うものとする。

（３） 清算価値保障原則との関係

以上のとおり、本再生計画による弁済は、第１回弁済から第３回弁済までの合計であるところ、ＬＢ<u>グループ再生債権者１５社</u>を除く再生債権者に対しては、第１回弁済の配当率のみをもってしても、財産評定上の清算配当率を上回ることは明らかである。

③ 第４の１

（修正前）

第４ 再生債権に対する権利の変更及び弁済方法

1　再生債権の状況

　　再生債務者計画案記載内容（別紙１の「第２の１」に対応する内容）を援用する。


（修正後）


第４　再生債権に対する権利の変更及び弁済方法

1　再生債権の状況


　　本再生計画案提出日現在における確定再生債権者総数及び確定再生債権総額等は、以下のとおりである。


①　確定再生債権者総数　　　２７名


②　確定再生債権総額　　　　３１９，４５４，８４０，８１３円及び額未定


　　　（内訳）
　　　元本及び開始決定日の前日までに発生した利息・遅延損害金
　　　　３１９，４５４，８４０，８１３円


　　　開始決定日以降に発生した利息・遅延損害金
　　　　額未定


④　第４の２


（修正前）

※　この部分については、平成２１年５月１９日付け「再生計画案修正許可申請書」により御庁に対して修正の許可を求めているものであるが、当該修正が許可されることを前提として追加の修正を求めるものである。

第４　再生債権に対する権利の変更及び弁済方法

２　一般条項

（１）　弁済の方法

弁済は、まず、再生債権者のうちＬＢ２社を除く再生債権者（以下「優先債権者」という。）の再生債権の元本及び開始決定前の利息・遅延損害金部分（以下「元本等再生債権」という。）に対して行う。優先債権者に対して、その元本等再生債権の全額が弁済されるに至った場合には、残余の弁済原資をもって、ＬＢ２社（以下「劣後債権者」という。）の元本等再生債権に対して行う。

ア　第１回弁済

再生計画認可決定確定日から１か月後の日の属する月の末日（以下「第１回弁済日」という。）において、第１回弁済日が属する月の前月の末日（以下「第１回弁済基準日」という。）において未確定の再生債権がない再生債権者に対し、以下の弁済を行う。

なお、弁済原資については、再生債務者計画案記載内容（別紙１の「第１の３（２）アｃ.」に対応する内容）を援用する。

（ア）　優先債権者に対して、その元本等再生債権のうち１００万円以下のものについて全額を弁済し、１００万円を超えるものについては１００万円までの部分を全額弁済し（以下「１００万円以下全額弁済」という。）、弁済原資から１００万円以下全額弁済の弁済額合計を控除した後の弁済原資をもって、その元本等再生債権のうち１００万円を超える部分に対して按分して弁済する。

なお、本再生計画案提出時点で予定している主な弁済原資対象資産のうち、少なくとも、本再生計画案提出時点で回収・換価が終了した資産の回収・換価金及び売買契約を締結した資産の売却代金（合計約５１０億円）をもって弁済を行うとすると、未確定の再生債権について再生債権者が査定手続において主張する金額で債権が確定したものと仮定した場合の優先債権者の元本等再生債権の合計額は約９６５億円であるので、第１回弁済においては、優先債権者の元本等再生債権の金額に対して、少なくとも以下の割合により算出される金額の合計額を弁済することが可能となる。

| | |
|---|---|
| 優先債権者の元本等再生債権の金額が１００万円以下の部分 | １００％ |
| 優先債権者の元本等再生債権の金額が１００万円を超える部分 | ５２％ |

　　そこで、第１回弁済においては、少なくとも、優先債権者の確定した元本等再生債権に対して上記割合により算出される金額を弁済するものとし、上記按分方法による第１回弁済額がこれを上回るときは、その額を弁済するものとする。

（イ）　優先債権者に対して、その元本等再生債権の全額が弁済されるに至った場合には、残余の弁済原資をもって、劣後債権者の元本等再生債権に対して按分して弁済する。

（ウ）　第１回弁済においては、確定した元本等再生債権額に対して、以下の割合により算出される金額の合計額を弁済するものとする。

①　優先債権者の元本等再生債権のうち１００万円以下の部分

１００％

②　優先債権者の元本等再生債権のうち１００万円を超える部分

優先債権者に対する弁済率

以下の（Ⅰ）と（Ⅱ）のいずれか多い弁済率

（Ⅰ）

$$\frac{A-C}{B-C}\ \%$$

（Ⅱ）

５２％

③　劣後債権者に対する弁済

劣後債権者に対する弁済率

$$\frac{A-B}{D}\ \%$$

（但し、Ａ＞Ｂの場合に限る。）

Ａ＝第１回弁済原資総額

Ｂ＝第１回弁済基準日時点における優先債権者の元本等再生債権の合計額

Ｃ＝優先債権者に対する１００万円以下全額弁済の合計額

Ｄ＝劣後債権者の元本等再生債権の合計額

なお、弁済額の計算に当たっては、未確定の再生債権は、第１回弁済基準日時点で、再生債権者が主張する金額で債権が確定したものと仮定する。また、未確定再

　　生債権が確定した場合に後記第４の４の定めに従い行われる弁済の弁済額の算定に当たっても、元本等再生債権の金額の合計額は第１回弁済基準日時点で算出された本Ｂを用いる。

また、以下、１００万円及び優先債権者の元本等再生債権の１００万円を超える部分に対し上記（Ｉ）の弁済率に基づき算出される金額の合計額を「変動弁済額」といい、１００万円及び優先債権者の元本等再生債権の１００万円を超える部分に対し上記（II）の弁済率に基づき算出される金額の合計額を「確定弁済額」という。

イ　第２回弁済

平成２２年１２月末日、又は、弁済原資対象資産の換価・回収手続が全て完了するとともに後記の未確定再生債権が全て確定した日から３か月後の日の属する月の末日のいずれか早い日（以下「第２回弁済日」という。）において、第２回弁済日の３か月前の日（以下「第２回弁済基準日」という。）において未確定の再生債権がない元本等再生債権額（第１回弁済を行う前の金額）が１００万円超の再生債権者に対し、以下の弁済を行う。

なお、弁済原資については、再生債務者計画案記載内容（別紙１の「第１の３（２）イｃ.」に対応する内容）を援用する。

（ア）　元本等再生債権額（第１回弁済前の金額）が１００万円を超える優先債権者に対して、弁済原資をもって、その元本等再生債権（第１回弁済前の金額）のうち１００万円を超える部分に対して按分して弁済する。

（イ）　優先債権者に対して、その元本等再生債権の全額が弁済されるに至った場合には、残余の弁済原資をもって、劣後債権者の元本等再生債権（第１回弁済前の金額）に対して按分して弁済する。

（ウ）　第２回弁済においては、確定した元本等再生債権額に対して、以下の割合により算出される金額の合計額を弁済するものとする。

①　優先債権者の元本等再生債権のうち１００万円を超える部分

優先債権者に対する弁済率

$$\frac{E}{F-C}\ \%$$

②　劣後債権者に対する弁済

劣後債権者に対する弁済率

$$\frac{E-F}{D}\ \%$$

（但し、Ｅ＞Ｆの場合に限る。）

Ｅ＝第２回弁済原資総額

Ｆ＝第２回弁済基準日時点における優先債権者の元本等再生債権の合計額

Ｃ＝優先債権者に対する１００万円以下全額弁済の合計額

Ｄ＝劣後債権者の元本等再生債権の合計額

なお、弁済額の計算に当たっては、未確定の再生債権は、第２回弁済基準日時点で、再生債権者が主張する金額で債権が確定したものと仮定する。また、未確定再生債権が確定した場合に後記第４の４の定めに従い行われる弁済の弁済額の算定に当たっても、元本等再生債権の金額の合計額は第２回弁済基準日時点で算出された本Ｆを用いる（但し、第２回弁済が最終弁済である場合は本Ｆではなく、確定した元本等再生債権の金額の合計額を用いる）。

ウ　第３回弁済

弁済原資対象資産の換価・回収手続が全て完了するとともに後記の未確定再生債権が全て確定した日（以下「第３回弁済基準日」という。）から３か月後の日の属する月の末日（以下「第３回弁済日」という。）において、元本等再生債権額（第１回弁済及び第２回弁済を行う前の金額）が１００万円超の再生債権者に対し、以下の弁済を行う。

但し、平成２２年９月末日までに弁済原資対象資産の換価・回収手続が全て完了し、かつ、後記の未確定再生債権の全てが確定している場合は、第３回弁済を行わない。

なお、弁済原資については、再生債務者計画案記載内容（別紙１の「第１の３（２）ウｂ.」に対応する内容）を援用する。

（ア）　元本等再生債権額（第１回弁済及び第２回弁済を行う前の金額）が１００万円を超える優先債権者に対して、弁済原資をもって、その元本等再生債権（第１回弁済及び第２回弁済を行う前の金額）のうち１００万円を超える部分に対して按分して弁済する。

（イ）　優先債権者に対して、その元本等再生債権の全額が弁済されるに至った場合に

は、残余の弁済原資をもって、劣後債権者の元本等再生債権（第１回弁済及び第２回弁済を行う前の金額）に対して按分して弁済する。

（ウ）　第３回弁済においては、確定した元本等再生債権額に対して、以下の割合により算出される金額の合計額を弁済するものとする。

①　優先債権者の元本等再生債権のうち１００万円を超える部分

優先債権者に対する弁済率

$$\frac{G}{H-C}\ \%$$

②　劣後債権者に対する弁済

劣後債権者に対する弁済率

$$\frac{G-H}{D}\ \%$$

（但し、G＞Hの場合に限る。）

Ｇ＝第３回弁済原資総額

Ｈ＝第３回弁済基準日時点における優先債権者の元本等再生債権の合計額

Ｃ＝優先債権者に対する１００万円以下全額弁済の合計額

Ｄ＝劣後債権者の元本等再生債権の合計額

（２）　権利の変更

再生債務者計画案記載内容（別紙１の「第２の２（２）」に対応する内容）を援用する。

（修正後）

※　加除修正した部分は下線で示すとおり。

第４　再生債権に対する権利の変更及び弁済方法

２　一般条項

（１）　弁済の方法

弁済は、まず、再生債権者のうちＬＢ<u>グループ再生債権者１５社</u>を除く再生債権者

（以下「優先債権者」という。）の再生債権の元本及び開始決定前の利息・遅延損害金部分（以下「元本等再生債権」という。）に対して行う。優先債権者に対して、その元本等再生債権の全額が弁済されるに至った場合には、残余の弁済原資をもって、ＬＢグループ再生債権者１５社（以下「劣後債権者」という。）の元本等再生債権に対して行う。

ア　第１回弁済

再生計画認可決定確定日から１か月後の日の属する月の末日（以下「第１回弁済日」という。）において、第１回弁済日が属する月の前月の末日（以下「第１回弁済基準日」という。）において確定再生債権を有する再生債権者に対し、その確定再生債権額に応じて、以下の弁済を行う。

なお、弁済原資については、再生債務者計画案記載内容（別紙１の「第１の３（２）アｃ.」に対応する内容）を援用する。

（ア）　優先債権者に対して、その元本等再生債権のうち１０００万円以下のものについて全額を弁済し、１０００万円を超えるものについては１０００万円までの部分を全額弁済し（以下「１０００万円以下全額弁済」という。）、弁済原資から１０００万円以下全額弁済の弁済額合計を控除した後の弁済原資をもって、その元本等再生債権のうち１０００万円を超える部分に対して按分して弁済する。

なお、本再生計画案提出時点で予定している主な弁済原資対象資産のうち、少なくとも、本再生計画案提出時点で回収・換価が終了した資産の回収・換価金及び売買契約を締結した資産の売却代金（合計約５１０億円）をもって弁済を行うとすると、未確定の再生債権について再生債権者が査定手続において主張する金額で債権が確定したものと仮定した場合の優先債権者の元本等再生債権の合計額は約９６５億円であるので、第１回弁済においては、優先債権者の元本等再生債権の金額に対して、少なくとも以下の割合により算出される金額の合計額を弁済することが可能となる。

優先債権者の元本等再生債権の金額が１０００万円以下の部分　　１００％
優先債権者の元本等再生債権の金額が１０００万円を超える部分　　５６％

そこで、第１回弁済においては、少なくとも、優先債権者の確定した元本等再生債権に対して上記割合により算出される金額を弁済するものとし、上記按分方法による第１回弁済額がこれを上回るときは、その額を弁済するものとする。

（イ） 優先債権者に対して、その元本等再生債権の全額が弁済されるに至った場合には、残余の弁済原資をもって、劣後債権者の元本等再生債権に対して按分して弁済する。

（ウ） 第１回弁済においては、確定した元本等再生債権額に対して、以下の割合により算出される金額の合計額を弁済するものとする。

① 優先債権者の元本等再生債権のうち１０００万円以下の部分

１００％

② 優先債権者の元本等再生債権のうち１０００万円を超える部分

優先債権者に対する弁済率

以下の（Ｉ）と（Ⅱ）のいずれか多い弁済率

（Ｉ）

$$\frac{A-C}{B-C}\ \%$$

（Ⅱ）

５６％

③ 劣後債権者に対する弁済

劣後債権者に対する弁済率

$$\frac{A-B}{D}\ \%$$

（但し、Ａ＞Ｂの場合に限る。）

Ａ＝第１回弁済原資総額

Ｂ＝第１回弁済基準日時点における優先債権者の元本等再生債権の合計額

Ｃ＝優先債権者に対する１０００万円以下全額弁済の合計額

Ｄ＝劣後債権者の元本等再生債権の合計額

なお、弁済額の計算に当たっては、未確定の再生債権は、第１回弁済基準日時点で、再生債権者が主張する金額で債権が確定したものと仮定する。また、未確定再生債権が確定した場合に後記第４の４の定めに従い行われる弁済の弁済額の算定に当たっても、元本等再生債権の金額の合計額は第１回弁済基準日時点で算出され

た本Ｂを用いる。

また、以下、１０００万円及び優先債権者の元本等再生債権の１０００万円を超える部分に対し上記（Ｉ）の弁済率に基づき算出される金額の合計額を「変動弁済額」といい、１０００万円及び優先債権者の元本等再生債権の１０００万円を超える部分に対し上記（II）の弁済率に基づき算出される金額の合計額を「確定弁済額」という。

イ　第２回弁済

平成２２年１２月末日、又は、弁済原資対象資産の換価・回収手続が全て完了するとともに後記の未確定再生債権が全て確定した日から３か月後の日の属する月の末日のいずれか早い日（以下「第２回弁済日」という。）において、第２回弁済日の３か月前の日（以下「第２回弁済基準日」という。）において元本等再生債権額（第１回弁済を行う前の金額）が１０００万円超の確定再生債権を有する再生債権者に対し、その確定再生債権額に応じて、以下の弁済を行う。

なお、弁済原資については、再生債務者計画案記載内容（別紙１の「第１の３（２）イｃ.」に対応する内容）を援用する。

（ア）　元本等再生債権額（第１回弁済前の金額）が１０００万円を超える優先債権者に対して、弁済原資をもって、その元本等再生債権（第１回弁済前の金額）のうち１０００万円を超える部分に対して按分して弁済する。

（イ）　優先債権者に対して、その元本等再生債権の全額が弁済されるに至った場合には、残余の弁済原資をもって、劣後債権者の元本等再生債権（第１回弁済前の金額）に対して按分して弁済する。

（ウ）　第２回弁済においては、確定した元本等再生債権額に対して、以下の割合により算出される金額の合計額を弁済するものとする。

①　優先債権者の元本等再生債権のうち１０００万円を超える部分

優先債権者に対する弁済率

$$\frac{E}{F-C} \%$$

②　劣後債権者に対する弁済

劣後債権者に対する弁済率

$$\frac{E-F}{D}\ \%$$

（但し、Ｅ＞Ｆの場合に限る。）

Ｅ＝第２回弁済原資総額

Ｆ＝第２回弁済基準日時点における優先債権者の元本等再生債権の合計額

Ｃ＝優先債権者に対する１０００万円以下全額弁済の合計額

Ｄ＝劣後債権者の元本等再生債権の合計額

なお、弁済額の計算に当たっては、未確定の再生債権は、第２回弁済基準日時点で、再生債権者が主張する金額で債権が確定したものと仮定する。また、未確定再生債権が確定した場合に後記第４の４の定めに従い行われる弁済の弁済額の算定に当たっても、元本等再生債権の金額の合計額は第２回弁済基準日時点で算出された本Ｆを用いる（但し、第２回弁済が最終弁済である場合は本Ｆではなく、確定した元本等再生債権の金額の合計額を用いる)。

ウ　第３回弁済

弁済原資対象資産の換価・回収手続が全て完了するとともに後記の未確定再生債権が全て確定した日（以下「第３回弁済基準日」という。）から３か月後の日の属する月の末日（以下「第３回弁済日」という。）において、元本等再生債権額（第１回弁済及び第２回弁済を行う前の金額）が１０００万円超の再生債権者に対し、以下の弁済を行う。

但し、平成２２年９月末日までに弁済原資対象資産の換価・回収手続が全て完了し、かつ、後記の未確定再生債権の全てが確定している場合は、第３回弁済を行わない。

なお、弁済原資については、再生債務者計画案記載内容（別紙１の「第１の３（２）ウｂ.」に対応する内容）を援用する。

（ア）　元本等再生債権額（第１回弁済及び第２回弁済を行う前の金額）が１０００万円を超える優先債権者に対して、弁済原資をもって、その元本等再生債権（第１回弁済及び第２回弁済を行う前の金額）のうち１０００万円を超える部分に対して按分して弁済する。

（イ）　優先債権者に対して、その元本等再生債権の全額が弁済されるに至った場合に

　　　　は、残余の弁済原資をもって、劣後債権者の元本等再生債権（第１回弁済及び第２回弁済を行う前の金額）に対して按分して弁済する。

（ウ）　第３回弁済においては、確定した元本等再生債権額に対して、以下の割合により算出される金額の合計額を弁済するものとする。

①　優先債権者の元本等再生債権のうち１０００万円を超える部分

優先債権者に対する弁済率

$$\frac{G}{H-C}\ \%$$

②　劣後債権者に対する弁済

劣後債権者に対する弁済率

$$\frac{G-H}{D}\ \%$$

（但し、Ｇ＞Ｈの場合に限る。）

Ｇ＝第３回弁済原資総額

Ｈ＝第３回弁済基準日時点における優先債権者の元本等再生債権の合計額

Ｃ＝優先債権者に対する１０００万円以下全額弁済の合計額

Ｄ＝劣後債権者の元本等再生債権の合計額

（２）　権利の変更

再生債務者計画案記載内容（別紙１の「第２の２（２）」に対応する内容）を援用する。

⑤　第４の６

（修正前）

第４　再生債権に対する権利の変更及び弁済方法

　　6　弁済に関するその他の事項

再生債務者計画案記載内容（別紙１の「第２の２（３）」に対応する内容）を援用する。

（修正後）

※　加除修正した部分は下線で示すとおり。

第４　再生債権に対する権利の変更及び弁済方法

6　弁済に関するその他の事項

再生債務者計画案記載内容（別紙１の「第２の２（３）」に対応する内容）を、同ウを除き援用する。再生債権の一部について確定していない場合には、確定している部分につき、確定再生債権として取り扱う。

⑥　別紙２　確定再生債権者一覧表

（修正前）

※　この部分については、平成２１年５月１９日付け「再生計画案修正許可申請書」により御庁に対して修正の許可を求めているものであるが、当該修正が許可されることを前提として追加の修正を求めるものである。

本書別紙１のとおり

（修正後）

本書別紙２のとおり

⑦　別紙３　未確定再生債権者一覧表

（修正前）

本書別紙３のとおり

（修正後）

本書別紙４のとおり

（修正部分は、届出番号２０番及び３２番の債権者に係る部分のみ。）

⑧ 別紙目録及び添付資料

（修正前）

別　紙　目　録

1 再生債務者から平成２１年５月１４日に提示された再生計画案ドラフト「再生計画案（ＳＦ）」

2 確定再生債権者一覧表

3 未確定再生債権者一覧表

添　付　資　料

1 東京大学法学部・大学院法学政治学研究科松下淳一教授作成に係る平成２１年４月１６日付け「意見書」

2 再生債権者新生銀行代理人作成に係る平成２１年４月１６日付け「意見書」

3 借入金と貸付債権等との連動関係

4 営業貸付先（ＬＢＦＪ）財務分析

5 サンライズファイナンスの資金流出の内訳

6 サンライズファイナンス財務分析表

7 第１１期（自平成１９年７月１日至同年１１月３０日）個別注記表

（修正後）

別　紙　目　録

1　再生債務者から平成２１年５月１４日に提示された再生計画案ドラフト「再生計画案（ＳＦ）」

2　確定再生債権者一覧表

3　未確定再生債権者一覧表

4　再生債権者新生銀行提出に係る平成２１年６月２６日付け「意見書」

別紙1

確定再生債権者一覧表

| 届出番号 | 債権者名 | 確定再生債権額 | | 再生債権免除額 | | 弁済方法 | | |
|---|---|---|---|---|---|---|---|---|
| | | 元本等再生債権 | 再生手続開始決定日以降の利息・損害金 | A | B | 第1回弁済 | 第2回弁済 | 第3回弁済 |
| | | | | (ア)免除を受ける日<br>再生計画認可決定確定日<br><br>(イ)免除額<br>再生手続開始決定日以降の利息・損害金 | (ア)免除を受ける日<br>第3回弁済日(第3回弁済が実施されない場合は第2回弁済日)の翌日<br><br>(イ)免除額<br>元本等再生債権額から第1・2・3回弁済額(第3回弁済が実施されない場合は第1・2回弁済額)の合計額を控除した残額 | (ア)弁済日<br>再生計画認可決定確定日から1ヶ月後の日の属する月の末日<br><br>(イ)弁済対象債権者<br>第1回弁済日が属する月の前月の末日において未確定の再生債権がない再生債権者<br><br>(ウ)弁済額<br>元本等再生債権のうち、以下に記載する割合に相当する額の合計額<br>①優先債権者の元本等再生債権のうち100万円以下の部分100%に相当する額<br>②優先債権者の元本等再生債権のうち100万円を超える部分<br>再生計画案第4の2(1)ア(ウ)②の規定により算出される弁済額<br>③ 劣後債権者に対する弁済<br>再生計画案第4の2(1)ア(ウ)③の規定により算出される弁済額 | (ア)弁済日<br>平成22年12月末日、又は、弁済原資対象資産の換価・回収手続が全て完了するとともに未確定再生債権が全て確定した日から3か月後の日の属する月の末日のいずれか早い日<br><br>(イ)弁済対象債権者<br>第2回弁済日の3か月前の日において未確定の再生債権がない元本等再生債権額(第1回弁済を行う前の金額)が100万円超の再生債権者<br><br>(ウ)弁済額<br>元本等再生債権のうち、以下に記載する割合に相当する額の合計額<br>①優先債権者の元本等再生債権のうち100万円を超える部分<br>再生計画案第4の2(1)イ(ウ)①の規定により算出される弁済額<br>②劣後債権者に対する弁済<br>再生計画案第4の2(1)イ(ウ)①の規定により算出される弁済額 | (ア)弁済日<br>弁済原資対象資産の換価・回収手続が全て完了するとともに最後の未確定再生債権が全て確定した日から3か月後の日の属する月の末日<br><br>(イ)弁済対象債権者<br>元本等再生債権額(第1回弁済及び第2回弁済を行う前の金額)が100万円超の再生債権者<br><br>(ウ)弁済額<br>元本等再生債権のうち、以下に記載する割合に相当する額の合計額<br>①優先債権者の元本等再生債権のうち100万円を超える部分<br>再生計画案第4の2(1)ウ(ウ)①の規定により算出される弁済額<br>②劣後債権者に対する弁済<br>再生計画案第4の2(1)ウ(ウ)②の規定により算出される弁済額<br><br>(エ)弁済実施条件<br>平成22年9月末日までに弁済原資対象資産の換価・回収手続が全て完了し、かつ、未確定再生債権の全てが確定している場合は実施しない。 |
| 4 | (株)GA | 19,821,816 | — | — | 額未定 | 10,787,344 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 11 | (株)エム・エー・アセットリサーチャーズ | 25,464,281 | — | — | 額未定 | 13,710,226 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 13 | (株)ジェイピークルー | 19,066,841 | — | — | 額未定 | 10,394,237 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 18 | (株)新生銀行 | 25,080,950,927 | 額未定 | 全額 | 額未定 | 13,042,674,482 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 22 | (株)グラックス・アンド・アソシエイツ | 12,772,383 | 額未定 | 全額 | 額未定 | 7,121,039 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 26 | 日本生命保険相互会社 | 5,006,808,424 | 額未定 | 全額 | 額未定 | 2,603,631,080 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 27 | Lehman Brothers Asia Holdings Limited | 229,460,334,640 | 額未定 | 全額 | 額未定 | 額未定 | 額未定 | 額未定 |
| 28 | (株)三菱東京UFJ銀行 | 20,009,441,539 | 額未定 | 全額 | 額未定 | 10,405,389,600 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 31 | インテーザ・サンパオロ・エッセ・ピー・ア 東京支店 | 4,002,082,082 | 額未定 | 全額 | 額未定 | 2,081,874,682 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 38 | リーマン・ブラザーズ・ホールディングス・インク | 1,370,068,354 | 額未定 | 全額 | 額未定 | 額未定 | 額未定 | 額未定 |
| 50 | ジャパン・インベストメント・パートナーシップ・インク | 44,758,394 | 額未定 | 全額 | 額未定 | 23,754,304 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 60 | リーマン・ブラザーズ証券(株) | 104,817,299 | — | — | 額未定 | 54,904,995 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 62 | リーマン・ブラザーズ・リアル・エステート(株) | 3,868,740,818 | — | — | 額未定 | 2,012,225,226 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 63 | (有)汎泉ビルディング | 380,745,893 | — | — | 額未定 | 201,567,864 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 64 | (有)パイク・インターナショナル | 320,792,866 | — | — | 額未定 | 171,972,284 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 65 | (有)ピラニア・インターナショナル | 170,376,873 | — | — | 額未定 | 89,075,463 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 66 | (有)イエローテイル・インターナショナル | 336,030,310 | — | — | 額未定 | 174,698,664 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 67 | (有)ガーデニア | 219,164,420 | — | — | 額未定 | 114,466,901 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 68 | (有)マーリン・インターナショナル | 32,731,161 | — | — | 額未定 | 17,500,199 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |

# 確定再生債権者一覧表

| 届出番号 | 債権者名 | 確定再生債権額 | | 再生債権免除額 | | 弁済方法 | | |
|---|---|---|---|---|---|---|---|---|
| | | 元木等再生債権 | 再生手続開始決定日以降の利息・損害金 | A<br>(ア)免除を受ける日<br>再生計画認可決定確定日<br>(イ)免除額<br>再生手続開始決定日以降の利息・損害金 | B<br>(ア)免除を受ける日<br>第3回弁済日(第3回弁済が実施されない場合は第2回弁済日)の翌日<br>(イ)免除額<br>元木等再生債権額から第1・2・3回弁済額(第3回弁済が実施されない場合は第1・2回弁済額)の合計額を控除した残額 | 第1回弁済<br>(ア)弁済日<br>再生計画認可決定確定日から1ヶ月後の日の属する月の末日<br>(イ)弁済対象債権者<br>第1回弁済日が属する月の前月の末日において未確定の再生債権がない再生債権者<br>(ウ)弁済額<br>元木等再生債権のうち、以下に記載する割合に相当する額の合計額<br>①優先債権者の元木等再生債権のうち100万円以下の部分<br>100%に相当する額<br>②優先債権者の元木等再生債権のうち100万円を超える部分<br>再生計画案第4の2(1)ア(ウ)②の規定により算出される弁済額<br>③ 劣後債権者に対する弁済<br>再生計画案第4の2(1)ア(ウ)③の規定により算出される弁済額 | 第2回弁済<br>(ア)弁済日<br>平成22年12月末日、又は、弁済原資対象資産の換価・回収手続が全て完了するとともに未確定再生債権が全て確定した日から3か月後の日の属する月の末日のいずれか早い日<br>(イ)弁済対象債権者<br>第2回弁済日の3か月前の日において未確定の再生債権がない元木等再生債権額(第1回弁済を行う前の金額)が100万円超の再生債権者<br>(ウ)弁済額<br>元木等再生債権のうち、以下に記載する割合に相当する額の合計額<br>①優先債権者の元木等再生債権のうち100万円を超える部分<br>再生計画案第4の2(1)イ(ウ)①の規定により算出される弁済額<br>②劣後債権者に対する弁済<br>再生計画案第4の2(1)イ(ウ)①の規定により算出される弁済額 | 第3回弁済<br>(ア)弁済日<br>弁済原資対象資産の換価・回収手続が全て完了するとともに後記の未確定再生債権が全て確定した日から3か月後の日の属する月の末日<br>(イ)弁済対象債権者<br>元木等再生債権額(第1回弁済及び第2回弁済を行う前の金額)が100万円超の再生債権者<br>(ウ)弁済額<br>元木等再生債権のうち、以下に記載する割合に相当する額の合計額<br>①優先債権者の元木等再生債権のうち100万円を超える部分<br>再生計画案第4の2(1)ウ(ウ)①の規定により算出される弁済額<br>②劣後債権者に対する弁済<br>再生計画案第4の2(1)ウ(ウ)②の規定により算出される弁済額<br>(エ)弁済実施条件<br>平成22年9月末日までに弁済原資対象資産の換価・回収手続が全て完了し、かつ、未確定再生債権の全てが確定している場合は実施しない。 |
| 69 | (有)タービン・インターナショナル | 304,789,206 | — | — | 額未定 | 158,970,380 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 70 | (有)ダックホーン | 1,031,389,600 | — | — | 額未定 | 530,802,026 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 71 | (有)ジニア | 254,301,065 | — | — | 額未定 | 132,747,763 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 72 | プルート不動産(有) | 75,357,898 | — | — | 額未定 | 39,606,106 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 73 | キャピタル・サーヴィシング債権回収(株) | 223,491,530 | 額未定 | 全額 | 額未定 | 110,095,596 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 70 | 合同会社ミレニアム再生投資 | 11,214,537 | — | — | 額未定 | 6,311,559 円 又は 100万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| | | | | | | | | |
| | 総計 | 292,406,037,213 | 額未定 | 額未定 | 額未定 | 32,020,838,983 円 又は 100万円+額未定 のいずれか多い額 | | |

別紙2

| 届出番号 | 債権者名 | 確定再生債権額 | | 再生債権免除額 | | 弁済方法 | | |
|---|---|---|---|---|---|---|---|---|
| | | 元本等再生債権 | 再生手続開始決定日以降の利息・損害金 | A<br>(ア)免除を受ける日<br>再生計画認可決定確定日<br>(イ)免除額<br>再生手続開始決定日以降の利息・損害金 | B<br>(ア)免除を受ける日<br>第3回弁済日(第3回弁済が実施されない場合は第2回弁済日)の翌日<br>(イ)免除額<br>元本等再生債権額から第1・2・3回弁済額(第3回弁済が実施されない場合は第1・2回弁済額)の合計額を控除した残額 | 第1回弁済<br>(ア)弁済日<br>再生計画認可決定確定日から1ヶ月後の日の属する月の末日<br>(イ)弁済対象債権者<br>第1回弁済日が属する月の前月の末日において未確定の再生債権がない再生債権者<br>(ウ)弁済額<br>元本等再生債権のうち、以下に記載する割合に相当する額の合計額<br>①優先債権者の元本等再生債権のうち1000万円以下の部分100%に相当する額<br>②優先債権者の元本等再生債権のうち1000万円を超える部分<br>再生計画案第4の2(1)ア(ウ)②の規定により算出される弁済額<br>③ 劣後債権者に対する弁済<br>再生計画案第4の2(1)ア(ウ)③の規定により算出される弁済額 | 第2回弁済<br>(ア)弁済日<br>平成22年12月末日、又は、弁済原資対象資産の換価・回収手続が全て完了するとともに未確定再生債権が全て確定した日から3か月後の日の属する月の末日のいずれか早い日<br>(イ)弁済対象債権者<br>第2回弁済日の3か月前の日において未確定の再生債権がない元本等再生債権額(第1回弁済を行う前の金額)が1000万円超の再生債権者<br>(ウ)弁済額<br>元本等再生債権のうち、以下に記載する割合に相当する額の合計額<br>①優先債権者の元本等再生債権のうち1000万円を超える部分<br>再生計画案第4の2(1)イ(ウ)①の規定により算出される弁済額<br>②劣後債権者に対する弁済<br>再生計画案第4の2(1)イ(ウ)①の規定により算出される弁済額 | 第3回弁済<br>(ア)弁済日<br>弁済原資対象資産の換価・回収手続が全て完了するとともに後記の未確定再生債権が全て確定した日から3か月後の日の属する月の末日<br>(イ)弁済対象債権者<br>元本等再生債権額(第1回弁済及び第2回弁済を行う前の金額)が1000万円超の再生債権者<br>(ウ)弁済額<br>元本等再生債権のうち、以下に記載する割合に相当する額の合計額<br>①優先債権者の元本等再生債権のうち1000万円を超える部分<br>再生計画案第4の2(1)ウ(ウ)①の規定により算出される弁済額<br>②劣後債権者に対する弁済<br>再生計画案第4の2(1)ウ(ウ)②の規定により算出される弁済額<br>(エ)弁済実施条件<br>平成22年9月末日までに弁済原資対象資産の換価・回収手続が全て完了し、かつ、未確定再生債権の全てが確定している場合は実施しない。 |
| 4 | ㈱GA | 19,821,816 | — | — | 額未定 | 15,500,216 円 又は 1000万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 11 | ㈱エム・エー・アセットリサーチャーズ | 25,454,281 | — | — | 額未定 | 18,654,397 円 又は 1000万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 13 | ㈱ジェイピークルー | 19,065,841 | — | — | 額未定 | 15,076,870 円 又は 1000万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 18 | ㈱新生銀行 | 25,080,950,927 | 額未定 | 全額 | 額未定 | 14,049,732,519 円 又は 1000万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 20 | ㈱りそな銀行 | 18,537,970,789 | 額未定 | 全額 | 額未定 | 10,385,663,641 円 又は 1000万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 22 | ㈱グラックス・アンド・アソシエイツ | 12,772,383 | 額未定 | 全額 | 額未定 | 11,552,534 円 又は 1000万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 26 | 日本生命保険相互会社 | 5,005,868,424 | 額未定 | 全額 | 額未定 | 2,807,686,317 円 又は 1000万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 27 | Lehman Brothers Asia Holdings Limited | 229,460,334,640 | 額未定 | 全額 | 額未定 | 額未定 | 額未定 | 額未定 |
| 29 | ㈱三菱東京UFJ銀行 | 20,009,441,539 | 額未定 | 全額 | 額未定 | 11,209,687,261 円 又は 1000万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 31 | インテーザ・サンパオロ・エッセ・ピー・ア 東京支店 | 4,002,682,082 | 額未定 | 全額 | 額未定 | 2,245,901,965 円 又は 1000万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 32 | ㈱みずほコーポレート銀行 | 8,510,832,811 | 額未定 | 全額 | 額未定 | 4,770,466,374 円 又は 1000万円+額未定 のいずれか多い額 | 額未定 | 額未定 |
| 38 | リーマン・ブラザーズ・ホールディングス・インク | 1,376,858,354 | 額未定 | 全額 | 額未定 | 額未定 | 額未定 | 額未定 |
| 50 | ジャパン・インベストメント・パートナーシップ・インク | 44,758,394 | 額未定 | 全額 | 額未定 | 額未定 | 額未定 | 額未定 |
| 60 | リーマン・ブラザーズ証券㈱ | 104,817,299 | — | — | 額未定 | 額未定 | 額未定 | 額未定 |
| 62 | リーマン・ブラザーズ・リアル・エステート㈱ | 3,868,740,818 | — | — | 額未定 | 額未定 | 額未定 | 額未定 |
| 63 | ㈲飛泉ビルディング | 386,745,893 | — | — | 額未定 | 額未定 | 額未定 | 額未定 |
| 64 | ㈲パイク・インターナショナル | 329,792,855 | — | — | 額未定 | 額未定 | 額未定 | 額未定 |
| 65 | ㈲ピラニア・インターナショナル | 170,375,873 | — | — | 額未定 | 額未定 | 額未定 | 額未定 |
| 66 | ㈲イエローテイル・インターナショナル | 335,036,316 | — | — | 額未定 | 額未定 | 額未定 | 額未定 |

| 届出番号 | 債権者名 | 確定再生債権額 | | 再生債権免除額 | | 弁済方法 | | |
|---|---|---|---|---|---|---|---|---|
| | | | | A | B | 第1回弁済 | 第2回弁済 | 第3回弁済 |
| | | 元本等再生債権 | 再生手続開始決定日以降の利息・損害金 | (ア)免除を受ける日<br>再生計画認可決定確定日<br><br>(イ)免除額<br>再生手続開始決定日以降の利息・損害金 | (ア)免除を受ける日<br>第3回弁済日(第3回弁済が実施されない場合は第2回弁済日)の翌日<br><br>(イ)免除額<br>元本等再生債権額から第1・2・3回弁済額(第3回弁済が実施されない場合は第1・2回弁済額)の合計額を控除した残額 | (ア)弁済日<br>再生計画認可決定確定日から1ケ月後の日の属する月の末日<br><br>(イ)弁済対象債権者<br>第1回弁済日が属する月の前月の末日において未確定の再生債権がない再生債権者<br><br>(ウ)弁済額<br>元本等再生債権のうち、以下に記載する割合に相当する額の合計額<br>①優先債権者の元本等再生債権のうち1000万円以下の部分100%に相当する額<br>②優先債権者の元本等再生債権のうち1000万円を超える部分<br>再生計画案第4の2(1)ア(ウ)②の規定により算出される弁済額<br>③ 劣後債権者に対する弁済<br>再生計画案第4の2(1)ア(ウ)③の規定により算出される弁済額 | (ア)弁済日<br>平成22年12月末日、又は、弁済原資対象資産の換価・回収手続が全て完了するとともに未確定再生債権が全て確定した日から3か月後の日の属する月の末日のいずれか早い日<br><br>(イ)弁済対象債権者<br>第2回弁済日の3か月前の日において未確定の再生債権がない元本等再生債権額(第1回弁済を行う前の金額)が1000万円超の再生債権者<br><br>(ウ)弁済額<br>元本等再生債権のうち、以下に記載する割合に相当する額の合計額<br>①優先債権者の元本等再生債権のうち1000万円を超える部分<br>再生計画案第4の2(1)イ(ウ)①の規定により算出される弁済額<br>②劣後債権者に対する弁済<br>再生計画案第4の2(1)イ(ウ)①の規定により算出される弁済額 | (ア)弁済日<br>弁済原資対象資産の換価・回収手続が全て完了するとともに後記の未確定再生債権が全て確定した日から3か月後の日の属する月の末日<br><br>(イ)弁済対象債権者<br>元本等再生債権額(第1回弁済及び第2回弁済を行う前の金額)が1000万円超の再生債権者<br><br>(ウ)弁済額<br>元本等再生債権のうち、以下に記載する割合に相当する額の合計額<br>①優先債権者の元本等再生債権のうち1000万円を超える部分<br>再生計画案第4の2(1)ウ(ウ)①の規定により算出される弁済額<br>②劣後債権者に対する弁済<br>再生計画案第4の2(1)ウ(ウ)②の規定により算出される弁済額<br><br>(エ)弁済実施条件<br>平成22年9月末日までに弁済原資対象資産の換価・回収手続が全て完了し、かつ、未確定再生債権の全てが確定している場合は実施しない。 |
| 67 | (有)ガーデニア | 219,184,426 | — | — | 額未定 | 額未定 | 額未定 | 額未定 |
| 68 | (有)マーリン・インターナショナル | 32,731,151 | — | — | 額未定 | 額未定 | 額未定 | 額未定 |
| 69 | (有)タービン・インターナショナル | 304,789,205 | — | — | 額未定 | 額未定 | 額未定 | 額未定 |
| 70 | (有)ダックホーン | 1,031,389,666 | — | — | 額未定 | 額未定 | 額未定 | 額未定 |
| 71 | (有)ジニア | 254,361,066 | — | — | 額未定 | 額未定 | 額未定 | 額未定 |
| 72 | ブルート不動産(有) | 75,357,898 | — | — | 額未定 | 額未定 | 額未定 | 額未定 |
| 73 | キャピタル・サーヴィシング債権回収(株) | 223,491,530 | 額未定 | 全額 | 額未定 | 129,555,256 円 又は 1000万円＋額未定 のいずれか多い額 | 額未定 | 額未定 |
| 76 | 合同会社ミレニアム再生投資 | 11,214,537 | — | — | 額未定 | 10,680,140 円 又は 1000万円＋額未定 のいずれか多い額 | 額未定 | 額未定 |
| | | | | | | | | |
| | 総計 | 319,454,840,813 | 額未定 | 額未定 | 額未定 | 45,670,157,490 円 又は 1000万円＋額未定 のいずれか多い額 | | |

※ 届出番号20番の債権者は、確定債権の他に1,500,093,166円の未確定再生債権を有する。
届出番号32番の債権者は、確定債権の他に1,500,331,160円の未確定再生債権を有する。

# 未確定再生債権者一覧表

再生債務者計画案別表2（別紙1の別表2の該当部分に対応する内容）を援用する。

# 未確定再生債権者一覧表

| 未確定事由 | | 届出番号 | 債権者名 | 届出再生債権額 | |
|---|---|---|---|---|---|
| 査定 | 特調 | | | 元本等再生債権 | 再生手続開始決定日以降の利息・損害金 |
| | ○ | 20 | ㈱りそな銀行 | ¥1,500,093,166 | 額未定 |
| ○ | | 28 | シティグループ・プリンシパル・インベストメンツ・ジャパン㈱ | ¥4,561,994,059 | 額未定 |
| | ○ | 32 | ㈱みずほコーポレート銀行 | ¥1,500,331,160 | 額未定 |
| ○ | | 37 | カネル・プロパティー合同会社 | ¥325,063,151 | 額未定 |
| | ○ | 83 | 外国法共同事業ジョーンズ・デイ法律事務所 | ¥402,707 | — |
| | ○ | 84 | ㈲森不動産事務所 | ¥821,700 | — |
| | ○ | 85 | ㈲ビーエフ・キャピタル | ¥556,500 | — |
| | ○ | 86 | 佐茂孝司 | ¥20,000,000 | — |
| | | | | | |
| | | | 総　計 | ¥7,909,262,443 | 額未定 |