**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                                :
In re                                           :   Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :   08-13555 (JMP)
                                                :
            Debtors.                            :   (Jointly Administered)
                                                :
-------------------------------------------------------------------x
                                                :
In re                                           :
                                                :
LEHMAN BROTHERS INC.                            :   Case No. 08-01420 (JMP) SIPA
                                                :
            Debtor.                             :
                                                :
-------------------------------------------------------------------x
```

**STIPULATION BETWEEN AND AMONG LEHMAN BROTHERS
HOLDINGS INC., JAMES W. GIDDENS, AS TRUSTEE FOR LEHMAN
BROTHERS INC., AND DENNIS J. CONNOLLY, IN HIS CAPACITY
AS PLAN ADMINISTRATOR OF SONICBLUE, INCORPORATED
AND ITS AFFILIATED DEBTORS REGARDING DISTRIBUTIONS
FROM THE SONICBLUE, INCORPORATED BANKRUPTCY ESTATE**

WHEREAS, commencing on September 15, 2008 and periodically thereafter (as applicable, the "Bankruptcy Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (collectively, the "Lehman Debtors") commenced with this Court voluntary cases (the "Lehman Bankruptcy Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, on September 19, 2008 ("SIPC Commencement Date"), a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI") and James W. Giddens was appointed as Trustee under the SIPA (the "LBI Trustee") to administer LBI's estate (Case No. 08-01420, such proceeding, the "SIPA Proceeding");

WHEREAS, on March 21, 2003, SONICblue, Incorporated, Diamond Multimedia Systems, Inc., ReplayTV, Inc., and Sensory Science Incorporated (collectively, the "SONICblue Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California (the "SONICblue Bankruptcy Court"), jointly administered under case number 03-51775 (the "SONICblue Bankruptcy Proceeding");

WHEREAS, the SONICblue Debtors scheduled "Lehman Brothers" as holding a non-contingent, undisputed, and liquidated claim in the SONICblue Bankruptcy Proceeding of $1,327,188 (the "Allowed Lehman Brothers Claim");

WHEREAS, neither the Lehman Debtors, LBI, nor any their affiliates filed a proof of claim in the SONICblue Bankruptcy Proceeding;

WHEREAS, on April 17, 2007, Dennis J. Connolly was appointed as chapter 11 trustee for the SONICblue Debtors;

WHEREAS, on October 24, 2008, the SONICblue Bankruptcy Court entered an order confirming a joint plan of liquidation for the SONICblue Debtors (the "SONICblue Plan");

WHEREAS, pursuant to the SONICblue Plan, Dennis J. Connolly was appointed as plan administrator of the SONICblue Debtors (the "SONICblue Plan Administrator");

WHEREAS, pursuant to the SONICblue Plan, the holder of the Allowed Lehman Brothers Claim is entitled to receive distributions as an unsecured creditor of the SONICblue Debtors;

WHEREAS, counsel to the SONICblue Plan Administrator has conferred with counsel to the Lehman Debtors and counsel to the LBI Trustee regarding the identity of the holder of the Allowed Lehman Brothers Claim;

NOW, THEREFORE, in consideration of the mutual covenants set forth below, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO THAT:

1. Each of the recitals set forth above is true and correct and incorporated herein.

2. The effective date of this stipulation (the "Effective Date") shall be the date on which an Order is entered in the Lehman Bankruptcy Cases and the SIPA Proceeding authorizing and approving this stipulation.

3. LBI shall be entitled to receive any and all distributions on account of the Allowed Lehman Brothers Claim in accordance with the terms of the SONICblue Plan; provided, however, that nothing in this stipulation shall affect or be determinative of the rights, as among the Lehman Debtors and LBI, as to the legal right to, or to retain, such distributions.

4. Notwithstanding anything to the contrary in this stipulation, provided that the SONICblue Plan Administrator makes distributions on the Allowed Lehman Claim in accordance with the terms of this stipulation, neither the SONICblue Plan Administrator nor the bankruptcy estates of the SONICblue Debtors shall incur any liability to nor shall there be any claim asserted by the Lehman Debtors, their non-debtor affiliates within their direct or indirect control (other than LBI), or LBI arising from or related to the distributions to be made on account of the Allowed Lehman Claim.

5. From and after the Effective Date, the SONICblue Plan Administrator shall make any and all distributions on the Allowed Lehman Brothers Claim in accordance with the terms of the SONICblue Plan to the LBI Trustee and any account or accounts the LBI Trustee may direct.

6. To the extent that it is later determined, by agreement of LBI and the Lehman Debtors, or by order of a court of competent jurisdiction, that any of the Lehman Debtors or their non-debtor affiliates had a superior right to the distribution from the SONICblue Plan Administrator, such Lehman Debtor or non-debtor affiliate shall have an administrative expense claim in the SIPA Proceeding equal to any monies LBI receives from the SONICblue Plan Administrator.

7. The LBI Trustee is authorized to execute any document and take any other action necessary to allow the SONICblue Plan Administrator to make distributions on the Allowed Lehman Brothers Claim in accordance with the terms of this stipulation.

8. This stipulation may be signed in counterparts which, when taken as a whole, shall constitute one and the same document; and faxed signatures shall be deemed originals.

9. Each individual signing this stipulation on behalf of any party hereto acknowledges and, with respect to his or her own signature below, warrants and represents that he/she is authorized to execute this stipulation in his/her representative capacity, as reflected below and on behalf of the party indicated.

10. This stipulation shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code or SIPA apply, without regard to New York's rules governing conflicts of laws.

Dated: July 23, 2009

/s Jeffrey S. Margolin
James B. Kobak, Jr.
Jeffrey S. Margolin
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel to James W. Giddens, Esq.,
as Trustee for the SIPA Liquidation of
the Business of Lehman Brothers Inc.*

Dated: July 23, 2009.

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*


Dated: July 23, 2009.

/s/ William S. Sugden
Grant T. Stein
William S. Sugden
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia, 30309
404-881-7000

*Counsel to the SONICblue Plan Administrator*


**SO ORDERED:**

Dated: New York, New York
      August 5, 2009

                                      *s/ James M. Peck*
                                      Honorable James M. Peck
                                      United States Bankruptcy Judge