HURON CONSULTING GROUP

Tax Services Providers
1120 Avenue of the Americas, 8th Floor
New York, New York 10036

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11** |
|  | : | **Case No. 08-13555** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* : | | **(Jointly Administered)** |
| Debtors. | | |
|  | : | |

------------------------------------------------------------- x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES**
**FOR REVIEWING APPLICATIONS FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. §§ 330 AND 331**

FIRST INTERIM APPLICATION

| | |
|---|---|
| **NAME OF APPLICANT:** | Huron Consulting Group |
| **TIME PERIOD:** | January 26, 2009 through and including May 31, 2009 |
| **ROLE IN THE CASE:** | Tax Services Provider to the Debtors |
| **CURRENT APPLICATION:** | Total Fees Requested: $606,674.20 |
| | Total Expenses Requested: $115,258.89 |
| **PRIOR APPLICATIONS:** | None |

1

FIRST INTERIM APPLICATION PERIOD JANUARY 26, 2009 THROUGH MAY 31, 2009

| PROFESSIONAL HOURS SUMMARY | | |
|---|---|---|

| Professional | Level | Hours |
|---|---|---|
| | | |
| Lukenda, James | Managing Director | 4.20 |
| O'Neil, Jacqueline M. | Managing Director | 350.00 |
| Pawlak, Robert J. | Managing Director | 12.10 |
| Joyce, Tom | International Tax Director | 64.25 |
| Barissi, Barbara A. | Director | 532.70 |
| de Souza-Lawrence, Pauline | Director | 60.50 |
| Ruehle, Tim | Director | 292.40 |
| Billings-Middleton, Brenda L. | Manager | 584.30 |
| Blair, Leslie C. | Manager | 550.40 |
| Fourt, Ann | Manager | 691.01 |
| Shellhammer, Jennifer | Associate | 399.50 |
| Underwood, Edan | Manager | 642.60 |
| Total | | 4183.96 |

| Total Hours | Rate | Total Fees |
|---|---|---|
| 4183.96 | $145.00 | $    606,674.20 |

HURON CONSULTING GROUP
Tax Services Providers
1120 Avenue of the Americas, 8th Floor
New York, New York 10036

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
**In re**                                                   :        **Chapter 11**
:        **Case No. 08-13555**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* :        **(Jointly Administered)**
**Debtors.**                                                :
.
:
-------------------------------------------------------------x

**FIRST INTERIM APPLICATION OF HURON CONSULTING GROUP FOR**
**ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Huron Consulting Group ("Huron" or the "Firm"), consultants to Lehman Brothers

Holdings Inc. ("LBHI") and its subsidiaries that are debtors and debtors in possession in these

proceedings (collectively, the "Debtors" ), for its first interim application (the "Application"),

pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code")

and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for

allowance of compensation for professional services performed by Huron during the period

commencing January 26, 2009, through and including May 31, 2009 (the "Compensation Period"),

and for reimbursement of its actual and necessary expenses incurred during the Compensation

Period, respectfully represents:

**Background**

1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

**Jurisdiction**

4.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Lehman's Business**

5.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

6.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### Retention of Huron Consulting

7.      By an order dated March 12, 2009 (the "Retention Order"), the Court approved the application dated February 23, 2009 filed by the Debtors seeking authorization pursuant to section 327(a) and 328(a) of the Bankruptcy Code *nunc pro tunc* to January 23, 2009 to employ Huron as Tax Services Providers (the "Retention Application"). These matters are more fully described in the Declaration of Robert J Pawlak, a managing director of Huron, sworn to February 23, 2009 and in accordance with the terms and conditions set forth in the agreements between the Debtors and Huron, including without limitations, the provisions described in the engagement letter, dated as of December 17, 2008 (the "Engagement Letter"), as modified by paragraph 21 of the Pawlak Declaration.

### Summary of Requested Professional Compensation
### And Reimbursement of Expenses

8.      This Application has been prepared in accordance with (a) the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), (b) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and (c) the Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals entered by the Court on March 13, 2009 (the "Interim

<u>Compensation Order</u>" and, collectively with the Local Guidelines and the UST Guidelines, the

"<u>Guidelines</u>").

9.      Huron has not requested previously any compensation from the Court for

professional services or reimbursement of expenses.

10.      By this Application, Huron seeks allowance in full of interim compensation

for professional services rendered to the Debtors during the Compensation Period, in the aggregate

amount of $606,674.20, and for reimbursement of actual, necessary expenses incurred in

connection with such services in the aggregate amount of $115,258.89. During the Compensation

Period, Huron expended a total of 4,183.96 hours for which compensation is sought.

11.      In accordance with the Interim Compensation Order, Huron has received

payments to date totaling $600,598.23 ($485,339.34 of which is for services rendered and

$115,258.89 of which is for reimbursement of expenses) for the Compensation Period. By this

Application, Huron seeks payment of the remaining $121,334.84, which amount represents the

Court-ordered 20% holdback of Huron requested fees during the Compensation Period.

12.      During the Compensation Period, other than pursuant to the Interim

Compensation Order, Huron has received no payment and no promises of payment from any source

for services rendered or to be rendered in any capacity whatsoever in connection with the matters

covered by this Application. Except as set forth in the Pawlak Declaration, Huron has not shared or

agreed to share any of its compensation in connection with this matter with any other person, as

permitted by section 504 of the Bankruptcy Code.

13.      The compensation arrangements provided for in the Engagement Letter are

consistent with and typical of arrangements entered into by Huron and other tax firms with respect

to rendering comparable services for clients similar to the Debtors, both in and outside of

bankruptcy.  Considering the Services that Huron will provide, and the market prices for Huron's

services, the Debtors submit that the Fee Structure (including reasonable reimbursements) is reasonable under the standards set forth in section 328(a) of the Bankruptcy Code and fulfills the requirements of Rule 2014-1 of the Local Rules.

14.     Prior to the filing of this Application, Huron sent the Debtors, Weil, Gotshal & Manges LLP, the U.S. Trustee and counsel to the Creditors' Committee monthly fee statements setting forth Huron's fees for professional services rendered and expenses incurred beginning January 2$^{6th}$, 2009 through May 31, 2009.  No party objected to any element of any of Huron's monthly statements.

15.     Pursuant to the UST Guidelines, annexed to the U.S. Trustee summary section preceding this Application is a schedule setting forth all Huron professionals who have performed services in these chapter 11 cases during the Compensation Period, their title and the total number of hours performed.

16.     Pursuant to the Local Guidelines, a certification regarding compliance with the same is annexed hereto as Exhibit A.

17.     Annexed hereto as Exhibit B is a schedule specifying the categories of actual, necessary expenses for which Huron is seeking reimbursement and the total amount for each such expense category.

18.     Pursuant to the UST Guidelines, annexed hereto as Exhibit C is a summary of the number of hours and amounts billed by Huron during the Compensation Period, organized by task.  Huron maintains computerized records of the time spent by all Huron professionals in connection with the Debtors' chapter 11 cases.

19.     To the extent that time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, Huron reserves the right to request compensation for such services

7

and reimbursement of such expenses in a future application.

### Summary of Services

20.      The Debtors sought and received the Court's approval to retain Huron because Huron is a respected and experienced consulting services firm, well recognized in the fields of tax and bankruptcy and is frequently engaged by companies that have chapter 11 cases pending in United States bankruptcy courts. The Debtors believe that Huron possesses extensive tax expertise useful in these cases, and that Huron is well-qualified to advise the Debtors. Furthermore, the Debtors selected Huron because of their expertise in providing tax services to debtors and creditors in chapter 11 and other distressed situations. *See e.g., In re The 1031 Tax Group, LLC,* Case No. 07-11448 (MG) (Bankr. S.D.N.Y. July 3, 2007) [Doc. No. 334]; *In re Delta Air Lines, Inc., et al.,* Case No. 05-17923 (ASA) (Bankr. S.D.N.Y. Jan. 23, 2007) [Doc. No. 4234]; *In re Northwest Airlines Corporation, et al.,* Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. Oct. 27, 2005) [Doc. No. 822]; *In re The Delaco Company,* Case No. 04-10899 (CB) (Bankr. S.D.N.Y. Mar. 3, 2004) [Doc. No. 48]; *In re Global Crossing Ltd., et at.,* Case No. 02-40187 (REG) (Bankr. S.D.N.Y. July 15, 2002) [Doc. No. 1446].

21.      Furthermore, Huron has indicated a desire and willingness to act in these chapter 11 cases and render the necessary professional services as tax services providers for the Debtors, on the terms set forth in the Engagement Letter and described herein, and to subject itself to the jurisdiction of the Court.

22.      By the Retention Order, the Debtors received the Court's approval to retain Huron as Tax Services Providers to LBHI pursuant to section 327(a)  and 328(a)of the Bankruptcy Code, *nunc pro tunc* to the January 23, 2009 to perform certain tax services, all as more fully describes in the Declaration of Robert J Pawlak, a managing director of Huron, sworn February 23, 2009, and in accordance with the terms and conditions set forth in the agreements between the

Debtors and Huron, including without limitations, the provisions described in the engagement letter, dated as of December 17, 2008.

23.    During this compensation period, Huron personnel assisted the management of Lehman Brothers Holding Incorporated (LBHI) and Alvarez and Marsal (A&M) with the preparation and processing of the 2008 International tax returns, Forms 5471, 8858 and 8865. The preparation of these forms is required to be filed by the Internal Revenue Service.

24.    These professional services included meetings and training with the Lehman management team to provide an orderly transition of the International tax compliance responsibilities to the Huron tax group. This transition included a thorough review of prior year returns and workpapers, the completion of training on Lehman systems, and the development of a 2008 workpaper standardization and process. In addition, there were meetings and discussions with the Lehman Tax Management team to discuss International tax transactions, 482 Transfer Pricing, and Tax Compliance Strategies. Also, the Huron Managing Tax Director accompanied Lehman Management on a trip to Asia for meetings with Controlled Foreign Corporation entities for meetings in order to gather information necessary for the complete and accurate filings of these International tax returns. During this period, the Huron tax team initiated the preparation and review of the International tax returns, Forms 5471, 8858, and 8865. It is estimated there are 800plus Lehman Brothers  International tax returns that must be completed by the September 15 due date. There are 129 returns completed through the end of May, 2009.

25.    The following is a summary of the significant professional services rendered by Huron during the Compensation Period. This summary is organized in accordance with Huron's internal system of project or work codes.

Task    Description

10      Project Planning

        Project planning including providing communication to Lehman management team
        with weekly status updates, developing oversight structure of tax project, and
        developing 2008 Workpaper standardization and process.

15      Quality Control

        Project oversight to ensure quality control including discussions with client to solicit
        feedback and ensure Lehman management expectations are met.

20      International Tax planning

        International tax planning including meetings and discussions with Lehman Tax
        Management team to discuss International tax transactions, 482 Transfer Pricing, and
        other miscellaneous International tax planning matters.

30      Client Meetings

        Client meetings including attending Tax compliance strategy meetings between
        Lehman Management and A&M with discussions of process, areas of simplification
        and areas of continuing difficulties (domestic and international), Asia down-load
        meetings between Lehman Management and Huron tax team, Received notice from
        Jeff Ciongoli we will use the bankruptcy date (9/12/08) GL information to complete
        the non-A&M Controlled entities that require filings for 2008.  Weekly status
        meeting with Lehman management, Lehman interns, and Huron tax team to discuss
        project status, developing issues, and on-going standardized procedures.

40      Review Prior year returns and workpapers

        Review prior year returns and workpapers including review of hard copy and soft
        copy files to obtain transitional knowledge required to complete project and to ensure
        compliance with Lehman established procedures and processes.

50      Earning and Profits analysis

        Earnings and Profits analysis including review and analysis of entity file, roll-over of
        prior year data, incorporation of current year data, to allow for a reconciliation of
        E&P ending balance with Schedule J in return preparation process.

60      Compliance Preparation

        Compliance preparation including the preparation of Forms 5471, 8858, and 8865,
        and their related workpapers, calculations and required schedules.  In addition, this
        time is also segregated by Court Administrator as follows:

61      Compliance Preparation – A&M
62      Compliance Preparation – PwC
63      Compliance Preparation – KPMG
64      Compliance Preparation – Oebashi
65      Compliance Preparation – Other
66      Compliance Preparation – Monico Jacobs
69      Compliance Preparation – Unknown

70      Compliance Review

Compliance review and analysis of Forms 5471, 8858, and 8865, and their related workpapers, calculations and required schedules.  In addition, this time is also segregated by Court Administrator as follows:

71      Compliance Review – A&M
72      Compliance Review – PwC
73      Compliance Review – KPMG
74      Compliance Review – Oebashi
75      Compliance Review – Other
76      Compliance Review – Monico Jacobs
79      Compliance Review – Unknown

80      Other

Other required tasks associated with this project including project administration, team scheduling and assignments, team communication regarding processes, uploading of entity data, Essbase pulls from company GL system, researching differences and discrepancies in company data, supervision of interns, and other miscellaneous administrative tasks and matters.

85      IT Issues

IT Issues including working with Lehman IT department regarding remote access to Lehman in-house systems, and working with InSource (Tax software vendor) regarding Foreign Income sourcing issues, reclass issues, E&P adjustments and other miscellaneous system issues in order to avoid errors on the International entities tax returns.  InSource indicated Lehman is their largest International 5471 customer and it is always a time consuming process to correct errors from rolling over the data and the uploading of current year data.

90      Time and expense reporting

Time and expense reporting including the preparation of detail time records to the tenth of an hour for time incurred in the execution of this engagement as required by the Bankruptcy court.

11

95      Travel time - Billable

Travel time that is billable as it exceeds the normal and customary 2 hour commute.


26.     The foregoing professional services performed by Huron were necessary and appropriate to the administration of the Debtors' chapter 11 cases. These services were in the best interests of the Debtors and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues and tasks involved. The services were performed in an efficient manner.

27.     The professional services performed by Huron on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 4,183.96 recorded hours by Huron's professionals. During the Compensation Period, Huron billed the Debtors for time expended by professionals based on a blended hourly rate of $145.00 per hour.

28.     As set forth in Exhibit B hereto, Huron has incurred or disbursed $115,258.89 in expenses in providing professional services to the Debtors during the Compensation Period. These expense amounts are intended to cover direct operating costs, which costs are not incorporated into the Huron's hourly billing rates.

**The Requested Compensation and Expense Reimbursement
Should be Allowed**

29.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code reasonable compensation for "actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded,
> the court should consider the nature, the extent, and the value of such
> services, taking into account all relevant factors, including—
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this title;
>
> (D)  whether the services were performed within a reasonable amount of time
> commensurate with the complexity, importance, and nature of the problem,
> issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases other
> than cases under this title.

30.     In the instant case, Huron respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the orderly administration of the Debtors' estates. Such services and expenditures were necessary to and in the best interests of the Debtors' estates and creditors. Huron further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates and all parties in interest.

31.     In sum, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## Conclusion

WHEREFORE Huron respectfully requests (i) an allowance of compensation for professional services rendered during the Compensation Period in the amount of $606,674.20 and reimbursement of actual and necessary expenses Huron incurred during the Compensation Period in the amount of $115,258.89; (ii) authorization for the Debtors to pay to Huron that portion of the

13

compensation amount not yet paid; (iii) that the allowance of such compensation for professional

services rendered and reimbursement of actual and necessary expenses incurred be without

prejudice to Huron's right to seek additional compensation for services performed and expenses

incurred during the Compensation Period that were not processed at the time of this Application;

and (iv) such other and further relief as is just.

Dated: August 11, 2009
New York, New York

_____
Robert J Pawlak
Huron Consulting Group
1120 Avenue of the Americas, 8th Floor
New York, New York 10036

## <u>INDEX OF EXHIBITS</u>

Exhibit A                                    Certification of Robert J Pawlak
Exhibit B                                    Schedule of Expenses
Exhibit C                                    Detail of Services by Work Code

<u>**EXHIBIT A**</u>

HURON CONSULTING GROUP      Tax
Services Providers
1120 Avenue of the Americas, 8th Floor
New York, New York 10036

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                             :

**In re**                             :          **Chapter 11**
                                             :          **Case No. 08-13555**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* **:**    **(Jointly Administered)**
                                **Debtors.**
                                        .
                                          : :

-------------------------------------------------------------x

**CERTIFICATION UNDER UNITED STATES TRUSTEE GUIDELINES IN**
**RESPECT OF FIRST INTERIM APPLICATION OF HURON CONSULTING GROUP**
<u>**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**</u>

      I, Robert J. Pawlak, hereby certify that:

I.      I am a managing director with the applicant firm, Huron Consulting Group

("<u>Huron</u>"), and am the professional designated by Huron with responsibility for compliance with

the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New

York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "<u>Local Guidelines</u>"), the

United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "<u>UST</u>

<u>Guidelines</u>") and the Second Amended Order Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals entered by the Court on March

13, 2009 (the "<u>Interim Compensation Order</u>", and collectively

with the Local Guidelines and UST Guidelines, the "Guidelines") in the chapter 11 cases of

Lehman Brothers Holdings Inc. and its subsidiaries that are debtors and debtors in possession in

these proceedings (collectively, the "Debtors").

II.    This certification is made in respect of Huron's application, dated, August 11,

2009 (the "Application"), for compensation and reimbursement of expenses for the period

commencing January 26, 2009 through and including May 31, 2009 (the "Compensation

Period") in accordance with the Local Guidelines.

III.    In respect of section B.1 of the Local Guidelines, I certify that:

a.    I have read the Application;

b.    to the best of my knowledge, information and belief formed after

reasonable inquiry, the fees and expense reimbursements sought fall within the

Guidelines;

c.    the fees and expense reimbursements sought are billed at rates not

exceeding those customarily charged by Huron and generally accepted by Huron's

clients; and

IV.    In respect of section B.2 of the Local Guidelines and as required by the Interim

Compensation Order, I certify that Huron has complied with those provisions requiring it to

provide Weil, Gotshal & Manges LLP, the Debtors, counsel for the statutory committee of

unsecured creditors appointed in these cases and the United States Trustee for the Southern

District of New York, on a monthly basis, a statement of Huron's fees and expenses accrued

during the previous month.

V.    Although the Debtors have not reviewed this Application, they have

reviewed Huron's monthly statements of fees and expenses, to which there have been no

objections, and approved the amounts requested.

VI.    In respect of section B.3 of the Local Guidelines, I certify that Weil, Gotshal & Manges LLP, the Debtors, counsel for the statutory committee of unsecured creditors and the United States Trustee for the Southern District of New York are each being provided with a copy of the Application.

New York, New York
Dated: August 11, 2009

Robert J Pawlak
Huron Consulting Group
1120 Avenue of the Americas, 8th Floor
New York, New York 10036

EXHIBIT B

ACTUAL AND NECESSARY DISBURSEMENTS INCURRED BY

HURON CONSULTING GROUP

COMMENCING JANUARY 26, 2009 THROUGH MAY 31, 2009

| Type | Amounts |
|---|---|
| Airfare | $22,343.67 |
| Hotel/Lodging | $57,297.52 |
| Other | $1,136.54 |
| Business Meals | $19,043.88 |
| Local Transportation | $15,437.28 |
| **Grand Total** | **$115,258.89** |

EXHIBIT C

DETAIL OF SERVICES BY WORK CODE

FOR SERVICES RENDERED COMMENCING JANUARY 26, 2009 THROUGH MAY 31, 2009

| Code | Description | Total Hours | Total Fees |
|---|---|---|---|
| 10 | Project Planning | 936.8 | 135,836.00 |
| 15 | Quality Control | 19.8 | 2,871.00 |
| 20 | International Tax Planning | 46.47 | 6,738.15 |
| 30 | Client Meetings | 313 | 45,385.00 |
| 40 | Review PY Returns/workpapers | 254.2 | 36,859.00 |
| 50 | E&P Analysis | 479 | 69,455.00 |
| 60 | Compliance Preparation | 356.4 | 51,678.00 |
| 61 | Compliance Preparation - A&M | 301.4 | 43,703.00 |
| 62 | Compliance Preparation - PwC | 49.6 | 7,192.00 |
| 70 | Compliance Review | 112.4 | 16,298.00 |
| 71 | Compliance Review - A&M | 136.4 | 19,778.00 |
| 72 | Compliance Review - PwC | 12.4 | 1,798.00 |
| 73 | Compliance Review - KPMG | 2.5 | 362.50 |
| 75 | Compliance Review - Other | 4 | 580.00 |
| 79 | Compliance Review - Unknown | 5.7 | 826.50 |
| 80 | Other | 318.72 | 46,214.40 |
| 85 | IT Issues | 224.52 | 32,555.40 |
| 90 | Time and Expense reporting | 169.25 | 24,541.25 |
| 95 | Travel time - Billable | 441.4 | 64,003.00 |
| Grand Total | | 4183.96 | 606,674.20 |

19