**Hearing Date and Time: September 16, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: September 11, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

**HOGAN & HARTSON LLP**
Ira S. Greene (IG-2315)
Lyndon M. Tretter (LT-4031)
Dena Copulsky Kaufman (DC-9222)
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

Attorneys for Landwirtschaftliche Rentenbank

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------ x
In re                                         :        Chapter 11
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :        Case No. 08-13555 (JMP)
                                              :
                          Debtors.            :        (Jointly Administered)
                                              :
                                              :
                                              :
------------------------------------------------------ x
```

**NOTICE OF MOTION OF LANDWIRTSCHAFTLICHE RENTENBANK FOR ORDER**
**PROVIDING FOR EXAMINATION OF AND PRODUCTION OF DOCUMENTS**
**BY THE DEBTORS AND DEBTORS-IN-POSSESSION PURSUANT TO**
**RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of

Landwirtschaftliche Rentenbank ("Rentenbank"), pursuant to Rule 2004 of the Federal Rules of

Bankruptcy Procedure, for entry of an order providing for the examination of and production of

documents by Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing

Inc. ("LBSF," together with LBHI, the "Debtors"), all as more fully described in the Motion, will

be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United

States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling

Green, New York, New York 10004 (the "Bankruptcy Court"), **on September 16, 2009 at 10:00**

**a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in

writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the

Bankruptcy Court for the Southern District of New York, shall set forth the name of the

objecting party, the basis for the objection and the specific grounds thereof, shall be filed with

the Bankruptcy Court electronically in accordance with General Order M-242 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing

system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with two

hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the

Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601;

(ii) Hogan & Hartson LLP, 875 Third Avenue, New York, New York 10022, Attn: Ira S. Greene,

Esq. and Dena C. Kaufman, Esq., counsel for Rentenbank; (iii) Weil Gotshal & Manges LLP,

767 Fifth Avenue, New York, New York 10153, Attn: Lori R. Fife, Esq. and Jacqueline Marcus,

Esq., attorneys for the Debtors; (iv) the Office of the United States Trustee for the Southern

District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Andy

Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and

Tracy Hope Davis, Esq.; (v) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza,

New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan

Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these

cases; and (vi) any person or entity with a particularized interest in the Motion, so as to be

\\\NY - 028826/000003 - 1153508 v6

received no later than **September 11, 2009, by 4:00 p.m. (prevailing Eastern Time)** (the

"Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received

by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy

Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the

Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: August 14, 2009
New York, New York

HOGAN & HARTSON LLP


By:    /s/ Ira S. Greene
       Ira S. Greene (IG-2315)
       Lyndon M. Tretter (LT-4031)
       Dena Copulsky Kaufman (DC-9222)
       875 Third Avenue
       New York, New York 10022
       (212) 918-3000 (telephone)
       (212) 918-3100 (facsimile)


Attorneys for Landwirtschaftliche Rentenbank

\\\NY - 028826/000003 - 1153508 v6

**Hearing Date and Time: September 16, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: September 11, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

**HOGAN & HARTSON LLP**
Ira S. Greene (IG-2315)
Lyndon M. Tretter (LT-4031)
Dena Copulsky Kaufman (DC-9222)
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

Attorneys for Landwirtschaftliche Rentenbank

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.,* | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |
| | : | |

------------------------------------------------------------ x

**MOTION OF LANDWIRTSCHAFTLICHE RENTENBANK FOR ORDER**
**PROVIDING FOR EXAMINATION OF AND PRODUCTION OF DOCUMENTS**
**BY THE DEBTORS AND DEBTORS-IN-POSSESSION PURSUANT TO**
**RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**TO:    THE HONORABLE JAMES M. PECK**
**        UNITED STATES BANKRUPTCY JUDGE**

Landwirtschaftliche Rentenbank ("Rentenbank"), by and through its undersigned counsel,

hereby moves for entry of an order providing for an examination of and the production of

documents by Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing

Inc. ("LBSF," together with LBHI, the "Debtors") pursuant to Federal Rule of Bankruptcy

Procedure 2004 ("Rule 2004") and respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction to consider this matter pursuant to 28

U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue

is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

2.      On September 15, 2008 (the "Petition Date"), LBHI filed a voluntary petition

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3.      Thereafter, several of its direct and indirect subsidiaries and affiliates also

commenced cases under chapter 11 of the Bankruptcy Code.  LBSF commenced a voluntary

chapter 11 case on October 3, 2008.

4.      The Debtors continue to manage and operate their businesses and manage their

properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

## FACTUAL BACKGROUND

5.      Rentenbank is an institution established under German federal public law to

function as a central refinancing agency for the agriculture, forestry, fishing and food industries

in Germany.

6.      Prior to the Petition Date, Rentenbank made a loan (the "Bankhaus Loan") to

Lehman Brothers Bankhaus AG ("LBB"), a company incorporated under the laws of the Federal

Republic of Germany and a subsidiary of LBHI, in the principal amount of EUR 30,000,000.

7.      Prior to the Petition Date, LBHI executed that certain Guarantee dated as of

September 19, 2003, pursuant to which LBHI unconditionally guaranteed the obligations of LBB

2

to Rentenbank with respect to the Bankhaus Loan, including, without limitation, the full payment

thereof.

8.      Prior to the Petition Date, in 1996, LBSF and Rentenbank entered into that certain

ISDA Master Agreement (together with all schedules, amendments and annexes, the "Master

Agreement").  Subsequently, between 1996 and 2007, LBSF and Rentenbank entered into

several swap arrangements under the Master Agreement pursuant to certain written

confirmations.

9.      On the Petition Date, the German Federal Financial Supervisory Authority

(_Bundesanstalt für Finanzdienstleistungsaufsicht_ or _BaFin_) issued a moratorium in respect of

LBB (the "Moratorium").  As a result of the Moratorium, Rentenbank issued a notice to LBB

terminating the Note in accordance with its terms effective as of the Petition Date and requesting

full payment of the total amount outstanding thereunder.  Retenbank also has a claim against

LBHI on the Guarantee of the Bankhaus Loan.

10.     On or about June 23, 2009, LBSF commenced an action in England against

Rentenbank, asserting amounts owed by Rentenbank to LBSF in connection with the Master

Agreement.

## **RELIEF REQUESTED**

11.     By this motion, Rentenbank hereby requests, pursuant to Rule 2004, entry of an

order (a) directing the Debtors to produce for examination by Rentenbank the documents

requested on the attached Exhibit A hereto; and (b) directing the Debtors to designate an

individual or individuals with knowledge described on the attached Exhibit B hereto to be

examined by Rentenbank under oath.

3

## BASIS FOR THE RELIEF REQUESTED

12.      Rule 2004 provides that "on motion of any party in interest, the court may order the examination of any person." Fed. R. Bankr. P. 2004(a).

13.      The term "party in interest" is broad, encompassing anyone with an interest in the administration of the estate. *See*, *e.g.*, *In re Johns-Manville Corp.*, 36 B.R. 743, 747-49 (Bankr. S.D.N.Y. 1984), *aff'd*, 52 B.R. 940 (S.D.N.Y. 1985) (holding that the term "party in interest" is to be construed liberally).  A creditor, like Rentenbank, qualifies as a party in interest for the purposes of Rule 2004.  *See In re Mittco, Inc.*, 44 B.R. 35, 37 (Bankr. E.D. Wisc. 1984).

14.      Similarly, it is well established that the scope of inquiry under Rule 2004 is intended to be very broad, unfettered and in the nature of a fishing expedition.  *See In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005); *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002); *In re Ecam Pub'ns, Inc*., 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984); *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983).

15.      Examinations pursuant to Rule 2004 need to relate only to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b).

16.      The rule further provides that the debtor may be examined at such time and place that the court designates.  Fed. R. Bankr. P. 2004(d).  Moreover, "when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person: (A) if the debtor is a corporation, 'debtor' includes, if designated by the court, any or all of its officers, members of

4

its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control . . ." Fed. R. Bankr. P. 9001(5).

17.     "Rule 2004 has been termed 'the basic discovery device used bankruptcy cases,' permitting the examination of any party without the requirement of a pending adversary proceeding or contested matter. . . . Its obvious purposes are the discovery of assets of the estate and the exposure of fraudulent conduct." In re Symington, 209 B.R. 678, 683 – 84 (Bankr. D. Md. 1997) (citations omitted).

18.     Rentenbank is both a creditor of LBHI and a contract counter-party with LBSF and, as such, qualifies as a party in interest for the purposes of Rule 2004.

19.     Based on publicly available information, it appears that there may be a basis for the substantive consolidation of LBHI with its operating subsidiaries, including, without limitation, LBSF.  In particular, among other things, the Lehman Brothers Holdings Inc. Operational Issues and Challenges Presentation by Alvarez & Marsal North America LLC dated November 3, 2008 indicates that the entities commingled their funds through the cash management system pursuant to which LBHI swept the cash from its operating subsidiaries at the end of each day.

20.     As Rentenbank has a claim against LBHI and LBSF allegedly has a claim against Rentenbank, if LBHI and LBSF are substantively consolidated, Rentenbank may have the right to set off its alleged debt to LBSF against LBHI's debt to Rentenbank.

\\\NY - 028826/000003 - 1153508 v6

21.     As the right of set off would be a defense to any alleged amounts owed by Rentenbank to LBSF, Rentenbank seeks discovery to determine whether sufficient facts exist to warrant the substantive consolidation of LBHI with LBSF.

22.     The requested discovery would permit Rentenbank to evaluate its rights and obligations with respect to the Debtors and to investigate facts and circumstances relating to LBHI and LBSF that may affect the administration of their estates.

23.     Rentenbank submits that it has tailored its requests to focus on issues relating to the potential substantive consolidation of LBHI with LBSF.

24.     As the discovery being requested herein by Rentenbank relates only to the "acts, conduct, or property or to the liabilities and financial condition of the debtor" and to matters which "may affect the administration of the debtor's estate," it is well within the scope of Rule 2004.

25.     "If the discovery fits within the ambit of the Rule [i.e., relates only to the 'acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . .'], that should end the inquiry." *In re Lehman Brothers Inc.,* 2008 WL 5423214, *4 (Bankr. S.D.N.Y.).

26.     Finally, the information Rentenbank seeks is not readily available without the discovery requested.

## PRODUCTION OF DOCUMENTS

27.     Based on the foregoing, Rentenbank requests that the Debtors produce for inspection the documents requested as set forth on <u>Exhibit A,</u> within thirty (30) days of the entry

6

of the order granting the relief requested herein, at the office of undersigned counsel, Hogan &

Hartson LLP, 875 Third Avenue, New York, New York 10022 (Attention: Ira S. Greene)

pursuant to Rule 2004, which requests are necessary for Rentenbank's investigation of the

business and financial affairs of LBHI and LBSF.  Rentenbank respectfully submits that these

requests are appropriate in the course of its investigation into matters which may affect the

administration of the Debtors' cases and are therefore warranted.

28.    Rentenbank reserves the right to supplement its requests for additional documents

and information as such is deemed necessary.

## EXAMINATIONS

29.    Rentenbank seeks to conduct examinations of LBHI and LBSF as set forth on

Exhibit B.  Accordingly, Rentenbank requests that LBHI and LBSF each designate an individual

or individuals with knowledge of the matters and documents described in Exhibit B and produce

such individual(s) to be examined by Rentenbank under oath and in accordance with Bankruptcy

Rule 2004 on such date and time and at such location as may be designated in writing by

Rentenbank on not less than 14 days notice.

30.    Rentenbank submits that the relief requested in this motion is reasonable and

proper and is in keeping with its rights under Rule 2004 to examine the Debtors regarding the

Debtors' business and financial affairs and other matters pertaining to the administration of these

estates.

## WAIVER OF MEMORANDUM OF LAW

31.    As there are no novel issues of law presented in this motion and the legal points

and authorities upon which Rentenbank relies are incorporated herein, Rentenbank respectfully

7

requests that the Court waive the requirement that it file a memorandum of law in support of this

motion pursuant to Local Bankruptcy Rule 9013-1(b).

## **NO PRIOR REQUEST**

32.    No prior request for the relief sought herein has been made to this or any other

court.

WHEREFORE, Rentenbank respectfully requests that the Court grant this motion for

entry of an order providing for an examination of and the production of documents by LBHI and

LBSF in its entirety and grant such further relief as this Court deems just and proper.


Dated:  August 14, 2009
        New York, New York



                        HOGAN & HARTSON LLP



                        By:   /s/ Ira S. Greene
                              Ira S. Greene (IG-2315)
                              Lyndon M. Tretter (LT-4031)
                              Dena Copulsky Kaufman (DC-9222)
                              875 Third Avenue
                              New York, New York 10022
                              (212) 918-3000 (telephone)
                              (212) 918-3100 (facsimile)


                        Attorneys for Landwirtschaftliche Rentenbank

\\\NY - 028826/000003 - 1153508 v6

## EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------- x
In re                                          :        Chapter 11
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :        Case No. 08-13555 (JMP)
                                               :
                            Debtors.           :        (Jointly Administered)
                                               :
                                               :
                                               :
--------------------------------------------------------------- x
```

## LANDWIRTSCHAFTLICHE RENTENBANK'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO LEHMAN BROTHERS HOLDINGS, INC.

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Landwirtschaftliche Rentenbank ("Rentenbank") hereby requests that Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF") produce the documents described in this First Set of Requests for Production of Document (the "Requests").

## INSTRUCTIONS

1.      Documents shall be produced in their original file folders, or, in lieu thereof, any writing on the file folders from which documents are taken shall be copied and appended to such documents. Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond with each numbered paragraph and each lettered

subparagraph of this request for production in response to which such documents are being produced.

2.     Produce electronically stored information ("ESI") as image files with full-text OCR readable with the integrity of the electronically stored information's content (i.e., the original formatting of the document, its metadata and, where applicable, its revision history) preserved.

3.     Produce all responsive documents and ESI in your possession, custody or control or in the possession, custody or control of your representatives and agents, including all former and current counsel.

4.     If any document that would have been produced is no longer in your possession or custody or subject to your control, please state the present location of such document.

5.     If an objection is made to any request made herein, on privilege grounds or otherwise, for each item and category objected to please state the following, along with your objections to the production thereof: (a) the date of the document; (b) its general nature (e.g., letter, memorandum, etc.); (c) the name(s) of the person(s) who prepared, signed or participated in the preparation of the document and the relationship of said person(s) to the plaintiff; (d) the name(s) of the person(s) to whom the document was addressed, given or sent, or of the recipient(s) of the document and any drafts or copies thereof; (e) the identify of each person having possession, custody, or control of such document or copy thereof and the relationship of each such person to the plaintiff; (f) the subject matter or circumstances of the preparation of the document in sufficient detail to ascertain the availability of the claim of privilege or protection; and (g) the legal or factual basis for such claim of privilege or protection.

\\\NY - 028826/000003 - 1153508 v6

6.      In the event that a document called for by these Requests has been destroyed, the response hereto shall identify for each document:  (i) its preparer; (ii) its addressor; (iii) its addressee(s); (iv) each recipient thereof; (v) each person to whom it was distributed or shown; (vi) date prepared; (vii) date transmitted; (viii) date received; (ix) the manner of its destruction; (xii) the name, title and address of the person authorizing its destruction; (xiii) the reason(s) for its destruction; (xiv) the name, title and address of the person destroying the document; and (xv) a description of efforts to locate the document and copies of it.

7.      The documents requested are to be produced at the offices of Hogan & Hartson LLP, 875 Third Avenue, New York, NY 10022, Attn: Ira S. Greene.

8.      If no documents are in existence that are responsive to a particular request or subsection thereof, your answer must so indicate.

9.      When any original, draft, copy, or reproduction of any document responsive to any of the following requests contains or has been revised to include any postscript, notation, change, amendment, or addendum not appearing on the document itself as originally written, typed or otherwise prepared, produce each such revised original, draft, copy, or reproduction.

10.     All document requests herein are continuing and are to be supplemented to the fullest extent required by Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.  Rentenbank reserves the right to serve further document requests.

## **DEFINITIONS**

Unless the terms of a particular request specifically indicate otherwise, the following definitions are applicable throughout these Requests for documents and are incorporated into each specific request:

3

1.      "Document" means those things described in Fed. R. Civ. P. 3 4(a), made applicable in bankruptcy cases by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, including without limitation the original and each draft or otherwise non-identical copy of such document, all writings, graphics, printed matter, recordings of any kind, including audiotape, videotape, and all information retrievable from computer systems, including electronic mail, in the actual or constructive possession, custody, care or control of defendants, their attorneys, or other persons or entities acting on behalf of the defendants. Any copy differing in any respect from an original shall be deemed herein to be a separate document.

2.      The term "communication," as used herein, means and includes any transmission or exchange of information between two or more persons, whether orally or in writing, and including without limitation any conversation or discussion by means of letter, note, memorandum, telephone, telegraph, telex, telecopy, fax transmission, cable or electronic or other medium.

3.      The term "affiliate" is defined herein as it is in 11 U.S.C. § 101.

4.      The term "person" as used herein means any natural person, individual, partnership, organization, institution, corporation or other association.

5.      The terms "LBHI," "you," and "your" means Lehman Brothers Holdings Inc. including its officers, employees, attorneys, agents, servants, directors, subsidiaries, affiliates, representatives, investment bankers, and/or anyone acting on the instructions of or on behalf of or in active concert or participation with LBHI.

6.      "LBSF" means Lehman Brothers Special Financing Inc., including its officers, employees, attorneys, agents, servants, directors, subsidiaries, affiliates, representatives,

4

investment bankers, and/or anyone acting on the instructions of or on behalf of or in active

concert or participation with LBSF.

7.      The term "Petition Date" means October 3, 2008, the date LBSF filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code.

8.      A document that "concerns," "refers to" or "relates to" a given subject matter

means any document that evidences, constitutes, describes, contains, embodies, reflects,

identifies, states, references, deals with, or is in any way pertinent to that subject, including,

without limitation, documents concerning the presentation of other documents.

9.      The terms "any," "each" and "all" mean both any and all as necessary to make the

Request inclusive rather than exclusive.

10.     The term "including" shall be construed as including without limitation.

11.     The words "and" and "or" shall be construed both conjunctively and disjunctively,

and each shall include the other, wherever such dual construction will serve to bring within the

scope of these interrogatories any answer or response which otherwise would not be brought

within its scope.

12.     All pronouns shall apply equally to the male, female and neutral genders.

13.     The past tense shall include the present tense and vice versa.

14.     The singular form shall include the plural and vice versa, wherever such dual

construction will serve to bring within the scope of these requests for production any answer or

response that otherwise would not be brought within its scope.

5

## DESIGNATED DOCUMENTS TO BE PRODUCED

1.      Documents sufficient to show all business addresses, telephone numbers, fax numbers and website addresses that were common to LBHI and LBSF or that were used by both LBHI and LBSF at any time from 1996 to the Petition Date.

2.      Exemplars of the letterhead(s) used by LBHI.

3.      Exemplars of the letterhead(s) used by LBSF.

4.      Documents sufficient to show the identity of all owners of equity, directors, officers, shareholders, agents, employees or lenders of funds of LBHI that are, or at any time were, owners of equity, directors, officers, shareholders, agents, employees or lenders of funds of LBSF.

5.      All documents related to the incorporation and/or formation of LBSF, including but not limited to LBSF's articles of incorporation, by-laws and/or similar organizational documents.

6.      All documents related to board meetings, including board minutes and agendas, of LBSF from 1996 to the Petition Date.

7.      All documents concerning the payment of any salary, director's fees, consulting fees or other compensation to or for the benefit of LBSF by LBHI from 1996 to the Petition Date.

8.      All documents concerning the payment of any salary, director's fees, consulting fees or other compensation to or for the benefit of LBHI by LBSF.

9.      All documents related to the creation of LBHI accounts at any and all banks or financial institutions from 1996 to the Petition Date.

10.      All documents related to the creation of LBSF accounts at any and all banks or financial institutions from 1996 to the Petition Date.

6

11.     All documents referring to bank statements and/or financial statements of LBHI from 1996 to the Petition Date.

12.     All documents referring to bank statements and/or financial statements of LBSF from 1996 to the Petition Date.

13.     All documents referring to annual, monthly or otherwise periodic financial reports for LBHI, including but not limited to audited and/or unaudited financial statements from 1996 to the Petition Date.

14.     All documents referring to annual, monthly or otherwise periodic financial reports for LBSF, including but not limited to audited and/or unaudited financial statements from 1996 to the Petition Date.

15.     All documents referring to banking records of LBHI from 1996 to the Petition Date, including but not limited to any and all bank ledgers, bank account statements, and records of deposits and withdrawals.

16.     All documents referring to banking records of LBSF from 1996 to the Petition Date, including but not limited to any and all bank ledgers, bank account statements, and records of deposits and withdrawals.

17.     All documents referring to the state and/or federal income tax returns, reports and filings of LBHI from 1996 to the Petition Date.

18.     All documents referring to the state and/or federal income tax returns, reports and filings of LBSF from 1996 to the Petition Date.

19.     Documents sufficient to identify the assets and liabilities of LBHI as of January of 1996 and September of 2003.

\\\NY - 028826/000003 - 1153508 v6

20.     Documents sufficient to identify the assets and liabilities of LBSF as of January of 1996 and September of 2003.

21.     All documents referring to any insurance policies under which LBHI is a beneficiary that are owned by LBSF and/or for which LBSF paid premiums.

22.     All documents referring to any insurance policies which LBSF is a beneficiary that are owned by LBHI and/or for which LBHI paid premiums.

23.     Documents sufficient to show any corporate record-keeping protocols of LBHI in effect from 1996 to the Petition Date.

24.     Documents sufficient to show any corporate record-keeping protocols of LBSF in effect from 1996 to the Petition Date.

25.     Documents sufficient to show the sources of funds used in business transactions by LBSF from 1996 to the Petition Date.

26.     Documents sufficient to describe the corporate relationship between LBHI and LBSF.

27.     All documents relating to communications between LBHI and LBSF from 1996 to the Petition Date in connection with any and all transactions where either acted on behalf of the other or where either assumed and/or guaranteed the obligations of the other.

28.     All documents concerning any contribution of capital, other equity contribution, or loan by LBHI to LBSF from 1996 to the Petition Date.

29.     All documents concerning any dividend, payment, contribution of capital, other equity contribution, or loan by LBSF to LBHI from 1996 to the Petition Date.

30.     All documents concerning any transfer(s) of assets, including but not limited to cash, from LBSF to LBHI from 1996 to the Petition Date.

8

31.     All documents concerning any transfer(s) of assets, including but not limited to cash, from LBHI to or for the benefit of LBSF during the time period from 1996 to the Petition Date.

32.     All documents sufficient to describe payments by LBSF of obligations of LBHI from 1996 to Petition Date.

33.      All documents sufficient to describe payments by LBHI of obligations of LBSF from 1996 to Petition Date.

34.     All documents concerning any transfer(s) of assets, including but not limited to cash, from LBSF to or for the benefit of LBHI during the time period from 1996 to the Petition Date.

Dated:  August 14, 2009
        New York, New York

                    HOGAN & HARTSON LLP


                    By:    /s/ Ira S. Greene
                           Ira S. Greene (IG-2315)
                           Lyndon M. Tretter (LT-4031)
                           Dena Copulsky Kaufman (DC-9222)
                           875 Third Avenue
                           New York, New York 10022
                           (212) 918-3000 (telephone)
                           (212) 918-3100 (facsimile)


                    Attorneys for Landwirtschaftliche Rentenbank

9

## EXHIBIT B

## EXAMINATION OF LBHI AND LBSF

## INSTRUCTIONS AND SCOPE OF EXAMINATIONS

For the subject matter in this notice, LBHI and LBSF shall designate one or more of their officers, directors, managing agents or employees who are most knowledgeable with respect to the subject matter.

The definitions set forth in Exhibit A are incorporated by reference as if fully set forth herein.

The general scope of questions to be asked of the individual(s) designated by LBHI and LBSF to be examined under oath will relate to the subjects covered by the requests identified on Exhibit A, the documents which are produced in response thereto and the topics provided below.

## TOPICS FOR EXAMINATIONS

1.      Corporate ownership, structure, organization and observance of corporate formalities from date of incorporation to the present.

2.      Corporate management, decision-making and control of LBSF.

3.      LBHI's involvement in the business activities, management, operations and decision-making of LBSF.

4.      LBSF's involvement in the business activities, management, operations and decision-making of LBHI.

5.      Relationship between LBHI and LBSF from date of incorporation to the present.

6.      Capitalization of LBSF.

7.      Payments by LBSF to, for the benefit of or on behalf of LBHI.

8.      Payments by LBHI to, for the benefit of or on behalf of LBSF.

9.      Transactions between LBHI and LBSF, and facts and circumstances surrounding same.

10.     Transactions involving both LBHI and LBSF, and facts and circumstances surrounding same.

11.     Intercompany loans and guarantees.