**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------- x
In re                                              :    Chapter 11
                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,             :    Case No. 08-13555 (JMP)
                                                   :
                      Debtors.                     :    (Jointly Administered)
                                                   :
                                                   :
                                                   :
---------------------------------------------------------------- x
```

### ORDER GRANTING MOTION OF LANDWIRTSCHAFTLICHE RENTENBANK FOR ORDER PROVIDING FOR EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY THE DEBTORS AND DEBTORS-IN-POSSESSION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Upon the motion, dated August 14, 2009 (the "Motion"), of Landwirtschaftliche Rentenbank ("Rentenbank"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, for entry of an order providing for the examination of and production of documents by Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF," together with LBHI, the "Debtors"), as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided,

and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and approval of the relief requested in the Motion being within the sound discretion of the Court; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, including that the examination of Debtors relates to the "property or to the liabilities and financial condition" of the Debtors and may "affect the administration of the [Debtors'] estate"; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

> ORDERED that the Motion is granted; and it is further

> ORDERED that the Debtors shall produce responsive, non-privileged documents requested in Exhibit A attached hereto within 30 days of the entry of this order; and it is further

> ORDERED that the Debtors shall each designate an individual or individuals with knowledge of the matters and documents described in Exhibit B and produce such individual(s) to be examined by Rentenbank under oath and in accordance with Bankruptcy Rule 2004 on such date and time and at such location as may be designated in writing by Rentenbank on not less than 14 days notice; and it is further

> ORDERED that Rentenbank may issue discovery requests and subpoenas as may be necessary to accomplish the discovery authorized by this Order; and it is further

ORDERED that, to the extent necessary, Rentenbank's rights are reserved to request additional documents and depositions under Bankruptcy Rule 2004 based on any information that may be revealed as a result of the documents provided pursuant to this Order; and it is further

ORDERED that this Court retains jurisdiction to resolve all matters arising funder or related to this Order, including any disputes regarding discovery or any subpoena issued pursuant to this Order, that may arise between or among the parties, and to interpret, implement and enforce the provisions of this Order.

Dated: September __, 2009
New York, New York

> HONORABLE JAMES M. PECK
> UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT A**

## **SCHEDULE OF DOCUMENTS TO BE PRODUCED**

### **INSTRUCTIONS**

1. Documents shall be produced in their original file folders, or, in lieu thereof, any writing on the file folders from which documents are taken shall be copied and appended to such documents. Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond with each numbered paragraph and each lettered subparagraph of this request for production in response to which such documents are being produced.

2. Produce electronically stored information ("ESI") as image files with full-text OCR readable with the integrity of the electronically stored information's content (i.e., the original formatting of the document, its metadata and, where applicable, its revision history) preserved.

3. Produce all responsive documents and ESI in your possession, custody or control or in the possession, custody or control of your representatives and agents, including all former and current counsel.

4. If any document that would have been produced is no longer in your possession or custody or subject to your control, please state the present location of such document.

5. If an objection is made to any request made herein, on privilege grounds or otherwise, for each item and category objected to please state the following, along with your objections to the production thereof: (a) the date of the document; (b) its general nature (e.g., letter, memorandum, etc.); (c) the name(s) of the person(s) who prepared,

signed or participated in the preparation of the document and the relationship of said person(s) to the plaintiff; (d) the name(s) of the person(s) to whom the document was addressed, given or sent, or of the recipient(s) of the document and any drafts or copies thereof; (e) the identify of each person having possession, custody, or control of such document or copy thereof and the relationship of each such person to the plaintiff; (f) the subject matter or circumstances of the preparation of the document in sufficient detail to ascertain the availability of the claim of privilege or protection; and (g) the legal or factual basis for such claim of privilege or protection.

      6.      In the event that a document called for by these Requests has been destroyed, the response hereto shall identify for each document: (i) its preparer; (ii) its addressor; (iii) its addressee(s); (iv) each recipient thereof; (v) each person to whom it was distributed or shown; (vi) date prepared; (vii) date transmitted; (viii) date received; (ix) the manner of its destruction; (xii) the name, title and address of the person authorizing its destruction; (xiii) the reason(s) for its destruction; (xiv) the name, title and address of the person destroying the document; and (xv) a description of efforts to locate the document and copies of it.

      7.      The documents requested are to be produced at the offices of Hogan & Hartson LLP, 875 Third Avenue, New York, NY 10022, Attn: Ira S. Greene.

      8.      If no documents are in existence that are responsive to a particular request or subsection thereof, your answer must so indicate.

      9.      When any original, draft, copy, or reproduction of any document responsive to any of the following requests contains or has been revised to include any postscript, notation, change, amendment, or addendum not appearing on the document

itself as originally written, typed or otherwise prepared, produce each such revised original, draft, copy, or reproduction.

10. All document requests herein are continuing and are to be supplemented to the fullest extent required by Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. Rentenbank reserves the right to serve further document requests.

## DEFINITIONS

Unless the terms of a particular request specifically indicate otherwise, the following definitions are applicable throughout these Requests for documents and are incorporated into each specific request:

1. "Document" means those things described in Fed. R. Civ. P. 3 4(a), made applicable in bankruptcy cases by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, including without limitation the original and each draft or otherwise non-identical copy of such document, all writings, graphics, printed matter, recordings of any kind, including audiotape, videotape, and all information retrievable from computer systems, including electronic mail, in the actual or constructive possession, custody, care or control of defendants, their attorneys, or other persons or entities acting on behalf of the defendants. Any copy differing in any respect from an original shall be deemed herein to be a separate document.

2. The term "communication," as used herein, means and includes any transmission or exchange of information between two or more persons, whether orally or in writing, and including without limitation any conversation or discussion by means of letter, note, memorandum, telephone, telegraph, telex, telecopy, fax transmission, cable or electronic or other medium.

3. The term "affiliate" is defined herein as it is in 11 U.S.C. § 101.

4. The term "person" as used herein means any natural person, individual, partnership, organization, institution, corporation or other association.

5. The terms "LBHI," "you," and "your" means Lehman Brothers Holdings Inc. including its officers, employees, attorneys, agents, servants, directors, subsidiaries, affiliates, representatives, investment bankers, and/or anyone acting on the instructions of or on behalf of or in active concert or participation with LBHI.

6. "LBSF" means Lehman Brothers Special Financing Inc., including its officers, employees, attorneys, agents, servants, directors, subsidiaries, affiliates, representatives, investment bankers, and/or anyone acting on the instructions of or on behalf of or in active concert or participation with LBSF.

7. The term "Petition Date" means October 3, 2008, the date LBSF filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.

8. A document that "concerns," "refers to" or "relates to" a given subject matter means any document that evidences, constitutes, describes, contains, embodies, reflects, identifies, states, references, deals with, or is in any way pertinent to that subject, including, without limitation, documents concerning the presentation of other documents.

9. The terms "any," "each" and "all" mean both any and all as necessary to make the Request inclusive rather than exclusive.

10. The term "including" shall be construed as including without limitation.

11. The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other, wherever such dual construction will serve

to bring within the scope of these interrogatories any answer or response which otherwise would not be brought within its scope.

12. All pronouns shall apply equally to the male, female and neutral genders.

13. The past tense shall include the present tense and vice versa.

14. The singular form shall include the plural and vice versa, wherever such dual construction will serve to bring within the scope of these requests for production any answer or response that otherwise would not be brought within its scope.

## DESIGNATED DOCUMENTS TO BE PRODUCED

1. Documents sufficient to show all business addresses, telephone numbers, fax numbers and website addresses that were common to LBHI and LBSF or that were used by both LBHI and LBSF at any time from 1996 to the Petition Date.

2. Exemplars of the letterhead(s) used by LBHI.

3. Exemplars of the letterhead(s) used by LBSF.

4. Documents sufficient to show the identity of all owners of equity, directors, officers, shareholders, agents, employees or lenders of funds of LBHI that are, or at any time were, owners of equity, directors, officers, shareholders, agents, employees or lenders of funds of LBSF.

5. All documents related to the incorporation and/or formation of LBSF, including but not limited to LBSF's articles of incorporation, by-laws and/or similar organizational documents.

6. All documents related to board meetings, including board minutes and agendas, of LBSF from 1996 to the Petition Date.

7. All documents concerning the payment of any salary, director's fees, consulting fees or other compensation to or for the benefit of LBSF by LBHI from 1996 to the Petition Date.

8. All documents concerning the payment of any salary, director's fees, consulting fees or other compensation to or for the benefit of LBHI by LBSF.

9. All documents related to the creation of LBHI accounts at any and all banks or financial institutions from 1996 to the Petition Date.

10. All documents related to the creation of LBSF accounts at any and all banks or financial institutions from 1996 to the Petition Date.

11. All documents referring to bank statements and/or financial statements of LBHI from 1996 to the Petition Date.

12. All documents referring to bank statements and/or financial statements of LBSF from 1996 to the Petition Date.

13. All documents referring to annual, monthly or otherwise periodic financial reports for LBHI, including but not limited to audited and/or unaudited financial statements from 1996 to the Petition Date.

14. All documents referring to annual, monthly or otherwise periodic financial reports for LBSF, including but not limited to audited and/or unaudited financial statements from 1996 to the Petition Date.

15. All documents referring to banking records of LBHI from 1996 to the Petition Date, including but not limited to any and all bank ledgers, bank account statements, and records of deposits and withdrawals.

16. All documents referring to banking records of LBSF from 1996 to the Petition Date, including but not limited to any and all bank ledgers, bank account statements, and records of deposits and withdrawals.

17. All documents referring to the state and/or federal income tax returns, reports and filings of LBHI from 1996 to the Petition Date.

18. All documents referring to the state and/or federal income tax returns, reports and filings of LBSF from 1996 to the Petition Date.

19. Documents sufficient to identify the assets and liabilities of LBHI as of January of 1996 and September of 2003.

20. Documents sufficient to identify the assets and liabilities of LBSF as of January of 1996 and September of 2003.

21. All documents referring to any insurance policies under which LBHI is a beneficiary that are owned by LBSF and/or for which LBSF paid premiums.

22. All documents referring to any insurance policies which LBSF is a beneficiary that are owned by LBHI and/or for which LBHI paid premiums.

23. Documents sufficient to show any corporate record-keeping protocols of LBHI in effect from 1996 to the Petition Date.

24. Documents sufficient to show any corporate record-keeping protocols of LBSF in effect from 1996 to the Petition Date.

25. Documents sufficient to show the sources of funds used in business transactions by LBSF from 1996 to the Petition Date.

26. Documents sufficient to describe the corporate relationship between LBHI and LBSF.

27. All documents relating to communications between LBHI and LBSF from 1996 to the Petition Date in connection with any and all transactions where either acted on behalf of the other or where either assumed and/or guaranteed the obligations of the other.

28. All documents concerning any contribution of capital, other equity contribution, or loan by LBHI to LBSF from 1996 to the Petition Date.

29. All documents concerning any dividend, payment, contribution of capital, other equity contribution, or loan by LBSF to LBHI from 1996 to the Petition Date.

30. All documents concerning any transfer(s) of assets, including but not limited to cash, from LBSF to LBHI from 1996 to the Petition Date.

31. All documents concerning any transfer(s) of assets, including but not limited to cash, from LBHI to or for the benefit of LBSF during the time period from 1996 to the Petition Date.

32. All documents sufficient to describe payments by LBSF of obligations of LBHI from 1996 to Petition Date.

33. All documents sufficient to describe payments by LBHI of obligations of LBSF from 1996 to Petition Date.

34. All documents concerning any transfer(s) of assets, including but not limited to cash, from LBSF to or for the benefit of LBHI during the time period from 1996 to the Petition Date.

## **EXHIBIT B**

## **EXAMINATION OF LBHI AND LBSF**

## **INSTRUCTIONS AND SCOPE OF EXAMINATIONS**

For the subject matter in this notice, LBHI and LBSF shall designate one or more of their officers, directors, managing agents or employees who are most knowledgeable with respect to the subject matter.

The definitions set forth in <u>Exhibit A</u> are incorporated by reference as if fully set forth herein.

The general scope of questions to be asked of the individual(s) designated by LBHI and LBSF to be examined under oath will relate to the subjects covered by the requests identified on <u>Exhibit A</u>, the documents which are produced in response thereto and the topics provided below.

## **TOPICS FOR EXAMINATIONS**

1. Corporate ownership, structure, organization and observance of corporate formalities from date of incorporation to the present.

2. Corporate management, decision-making and control of LBSF.

3. LBHI's involvement in the business activities, management, operations and decision-making of LBSF.

4. LBSF's involvement in the business activities, management, operations and decision-making of LBHI.

5. Relationship between LBHI and LBSF from date of incorporation to the present.

6.  Capitalization of LBSF.

7.  Payments by LBSF to, for the benefit of or on behalf of LBHI.

8.  Payments by LBHI to, for the benefit of or on behalf of LBSF.

9.  Transactions between LBHI and LBSF, and facts and circumstances surrounding same.

10. Transactions involving both LBHI and LBSF, and facts and circumstances surrounding same.

11. Intercompany loans and guarantees.