Presentment Date and Time (AS ADJOURNED): August 27, 2009 at 2:00 p.m. (Prevailing Eastern Time)
Objection Deadline (AS ADJOURNED): August 24, 2009 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): September 16, 2009 at 10:00 a.m. (Prevailing Eastern Time)

CROWELL & MORING LLP
590 Madison Avenue
New York, New York 10022
Telephone: (212) 223-4000
Facsimile: (212) 895-4201
William M. O'Connor
Steven B. Eichel
Bruce Zabarauskas

Attorneys for American Express Travel
Related Services Company, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | ) | **Chapter 11 Case No.** |
| | ) | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | ) | **08-13555 (JMP)** |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |

## NOTICE OF ADJOURNMENT OF NOTICE PRESENTMENT OF SETTLEMENT AGREEMENT PURSUANT TO RULE 9019 OF THE BANKRUPTCY RULES RESOLVING DISPUTE REGARDING BARCLAY'S MOTION PURSUANT TO RULE 60(b) AND FED. R. BANKR. P. 9024

**PLEASE TAKE NOTICE** that the deadline for Lehman Brothers Holdings Inc. and its affiliated debtors and the Official Committee of Unsecured Creditors to file an objection to the annexed Notice of Presentment of Settlement Agreement Pursuant to Rule 9019 of the Bankruptcy Rules Resolving Dispute Regarding Barclay's Motion Pursuant to Rule 60(b) and Fed. R. Bankr. P. 9024 is extended from August 17, 2009 at 4:00 p.m. to **August 24, 2009 at 4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE** that if no written objections to the Settlement Agreement among American Express Travel Related Services Company, Inc. and Barclays Capital Inc. (the "Settlement Agreement"), with proof of service, is served and filed by August 24, 2009 at 4:00 p.m., then the undersigned will present the Settlement Agreement for signature on **August 27, 2009 at 2:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Agreement on **September 16, 2009 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House,

Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: August 14, 2009
New York, New York

/s/ William M. O'Connor
William M. O'Connor
Steven B. Eichel
Bruce Zabarauskas
CROWELL & MORING LLP
590 Madison Avenue
New York, New York 10022
Telephone: (212) 223-4000
Facsimile: (212) 895-4201
*Attorneys for American Express*
*Travel Related Services Company, Inc.*

NYIWDMS: 11229689_1

Presentment Date and Time: August 20, 2009 at 2:00 p.m. (Prevailing Eastern Time)
Objection Deadline: August 17, 2009 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): September 16, 2009 at 10:00 a.m. (Prevailing Eastern Time)

CROWELL & MORING LLP
590 Madison Avenue
New York, New York 10022
Telephone: (212) 223-4000
Facsimile: (212) 895-4201
William M. O'Connor
Steven B. Eichel
Bruce Zabarauskas

Attorneys for American Express Travel
Related Services Company, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | )   Chapter 11 Case No. |
| | ) |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | )   08-13555 (JMP) |
| | ) |
|         Debtors. | )   (Jointly Administered) |
| | ) |

**NOTICE OF PRESENTMENT OF SETTLEMENT AGREEMENT
PURSUANT TO RULE 9019 OF THE BANKRUPTCY RULES
RESOLVING DISPUTE REGARDING BARCLAY'S MOTION
PURSUANT TO RULE 60(b) AND FED. R. BANKR. P. 9024**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Settlement Agreement (the "Agreement") among American Express Travel Related Services Company Inc. and Barclays Capital Inc. for signature on **August 20, 2009 at 2:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Agreement, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **August 17, 2009 at 4:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Agreement may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Agreement on **September 16, 2009 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: August 6, 2009
New York, New York

/s/ William M. O'Connor
William M. O'Connor
Steven B. Eichel
Bruce Zabarauskas
CROWELL & MORING LLP
590 Madison Avenue
New York, New York 10022
Telephone: (212) 223-4000
Facsimile: (212) 895-4201
*Attorneys for American Express*
*Travel Related Services Company, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| **In re** | ) | **Chapter 11 Case No.** |
| | ) | |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | ) | **08-13555 (JMP)** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |
| | ) | |

## ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN BARCLAYS CAPITAL INC. AND AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.

Upon the motion dated October 14, 2008 (the "Motion") of Barclays Capital

Inc. ("Barclays") For Relief Concerning an American Express Contract Erroneously Posted

with the Closing Date Contracts (D.I. 959) and declarations of Lindsee Granfield and Patrick

Coster in support thereof (D.I. 960, 961); and upon the Debtors' Response to the Motions of

Barclays Capital Inc. for Relief, Pursuant to Federal Rule of Civil Procedure 60(b) and

Federal Rule of Bankruptcy Procedure 9024, Concerning Various Closing Date Contracts

(D.I. 1212); and upon the Objection of American Express Travel Related Services Company,

Inc. ("American Express") to Motion of Barclays Capital Inc. for Relief Concerning American

Express Contracts Listed as Closing Date Contracts and Request For Interest, Fees and

Expenses, and declaration of Eugene J. Chikowski, and affidavits of Stephanie Diehl, Daniel

J. Massoni and Lydia Schulz in support thereof (D.I. 1216); and upon the Objection of

Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al. to

Motions of Barclays Capital Inc. For Relief, Pursuant to Federal Rule of Civil Procedure

60(b), Concerning Certain Contracts Erroneously Posted With the Closing Date Contracts

(D.I. 1672); and upon the Reply of Barclays Capital Inc. in Further Support of its Motion for

Relief Concerning American Express Contracts Erroneously Posted With the Closing Date

Contracts (D.I. 1747) and declarations of Michael Feldberg, Jason White and Leslie Bernauer

in support thereof (D.I. 1750, 1751, 1753); and upon the Court's consideration of the above

and the Settlement Agreement and after due deliberation thereon, and it appearing that notice

is good, sufficient and appropriate under the circumstances and no further notice need be

provided; and sufficient cause appearing therefor,

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

A.    **Jurisdiction and Venue.**  This Court has jurisdiction to consider the

Motion and the Settlement Agreement under 28 U.S.C. §§ 157 and 1334. This is a core

proceeding under 28 U.S.C. § 157(b). Venue of these cases in this District is proper under 28

U.S.C. §§ 1408 and 1409.

B.    **Statutory Predicate.**  The statutory predicate for the relief sought is

Bankruptcy Rule 9019.

NOW, THEREFORE, IT IS ORDERED THAT:

1.    **Settlement  Agreement is Approved.**  The Motion has been settled

pursuant to the Settlement Agreement between Barclays and American Express (the

"Settlement Agreement").[1] The Settlement Agreement, which is attached hereto as Exhibit A,

and all the terms and conditions thereto are hereby approved.

2.    **Payment.**  Barclays shall pay to American Express the aggregate

amount of US $3,900,000.00 within 15 days of this Order becoming a final order.

3.    **Right to File A Claim.**  American Express shall be authorized to file

one or more claims against the Debtors for the balance owed to it under the Amex Contracts.

4.    **Claim.**  American Express' claims against the Debtors shall not be the

subject of an objection nor disallowed on the grounds that American Express' settlement with

---

[1]    Capitalized terms used herein but not defined herein shall have the meaning ascribed to such terms in
the Settlement Agreement.

Barclays bars American Express from filing one or more claims against the Debtors; however,

American Express shall not file a claim for the amount paid pursuant to the Settlement

Agreement. The Settlement Agreement may be used to reduce a claim filed against the

Debtors in contravention of this provision.

5.   **Debtors Have No Claims Against Barclays**. Neither the Debtors nor

their estates shall have a claim against Barclays based on any claim filed by American Express

against the Debtors.

6.   **Retention of Jurisdiction.** This Court retains jurisdiction to hear and

determine all matters arising from the implementation of this Order.

7.   **Non-material Modifications.** The Settlement Agreement and any

related agreements, documents or other instruments may be modified, amended or

supplemented by the parties thereto, in a writing signed by such parties, and in accordance

with the terms thereof, without further order of the Court, provided that any such

modification, amendment or supplement does not have a material adverse effect on the

Debtors' estates.

Dated: New York, New York
       August __, 2009

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

3

## SETTLEMENT AGREEMENT

This Settlement Agreement (the **"Agreement"**) is entered into by and between: (1) Barclays Capital Inc. (**"Barclays"**) and (2) American Express Travel Related Services Company, Inc. (**"AmEx"**) (collectively, the **"Parties"** or, individually, the **"Party"**).

WHEREAS, on September 15, 2008, Lehman Brothers Holdings Inc. (**"LBHI"**) and LB 745 LLC commenced voluntary cases under Chapter 11 of the Bankruptcy Code, and proceedings under the Securities Investors Protection Act of 1970 were commenced in respect of Lehman Brothers Inc. (**"LBI"**) on September 19, 2008 (LBHI, LB 745 LLC and LBI collectively, the **"Debtors"**);

WHEREAS, on September 16, 2008, the Debtors and Barclays executed the asset purchase agreement pursuant to which Barclays would purchase certain assets of the Debtors (the **"APA"**);

WHEREAS, on September 17, 2008, the Honorable James M. Peck, United States Bankruptcy Court Judge of the United States Bankruptcy Court for the Southern District of New York (the **"Court"**) held a hearing on a proposed sale of certain assets pursuant to the APA, and thereafter issued the Order (I) Approving the Break-Up Fee and Expense Reimbursement, (II) Certain Matters Relating to Competing Bids, if any, (III) Approving the Form and Manner of Sale Notices, and (IV) Setting the Sale Hearing Date in Connection with the Sale of the Debtors' Assets (the **"Sale Procedures Order"**), which required, inter alia, that the Debtors file and serve at least one day before the sale hearing a notice of assumption, assignment and cure, which would direct parties to a website on which they could ascertain whether their contract was proposed for assumption and assignment to Barclays as a closing date contract;

WHEREAS, on September 18, 2008 a list of closing date contracts was posted (the **"Closing Date Contracts"**) that included two references to AmEx;

WHEREAS, on September 20, 2008, the Court issued the Order Under 11 U.S.C. §§ 105(a), 363 And 365 And Federal Rules of Bankruptcy Procedure 2002, 6004 And 6006 Authorizing And Approving (A) The Sale of Purchased Assets Free And Clear of Liens And Other Interests And (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, dated September 19, 2008 (the **"Sale Order"**), which, inter alia, authorized the assumption and assignment of the Closing Date Contracts, but established a process for finalizing cure amounts for those contracts;

WHEREAS, a dispute arose as to whether Barclays had accepted the assignment of two AmEx contracts due to a mistake that satisfied the requirements of Rule 60(b) of the Federal Rules of Civil Procedure;

WHEREAS, the two contracts relevant to this dispute were: (1) the Business Travel Services Agreement between AmEx and LBI entered into on September 1, 2000 and amended from time to time (the **"Business Travel Agreement"**), and (2) the Global Corporate Services Commercial Account Agreement between AmEx and LBHI, as amended (the **"Corporate Services Agreement,"** together with the Business Travel Agreement and collectively referred to as the **"AmEx Contracts"**);

WHEREAS, on October 14, 2008, Barclays filed with the Court a Motion seeking relief from the Sale Procedure Order and Sale Order as these orders pertained to the AmEx Contracts (the **"Motion"**),

requesting that the Court order that the AmEx Contracts were erroneously included as Closing Date Contracts;

WHEREAS, AmEx subsequently filed an Objection (the "Objection") to the motion (the Motion and all actions taken in connection with the Motion collectively, the **"Contested Matter"**);

WHEREAS, the Parties wish to avoid the expense of litigating and wish to settle the Contested Matter strictly as a business accommodation with respect to all such claims and without addressing their respective positions;

NOW, THEREFORE, in consideration of the foregoing and the terms and conditions set forth below, and intending to be legally bound, it is agreed by and between the Parties as follows:

**1.    PARTIES**

Barclays Capital Inc., as used herein, means (i) its present, former and future persons, parents, subsidiaries, funds and/or any other entity or investment vehicle that is affiliated or associated with Barclays Capital Inc. (**"Barclays Affiliated Persons"**), and (ii) any and all present, former and future officers, directors, shareholders, partners, employees, agents, attorneys, insurance carriers, successors, heirs and assigns of Barclays Capital Inc. and/or any Barclays Affiliated Person.

American Express Travel Related Services Company, Inc., as used herein, means (i) its present, former and future persons, parents, subsidiaries, funds and/or any other entity or investment vehicle that is affiliated or associated with American Express Travel Related Services Company, Inc. (**"AmEx Affiliated Persons"**), and (ii) any and all present, former and future officers, directors, shareholders, partners, employees, agents, attorneys, insurance carriers, successors, heirs and assigns of American Express Travel Related Services Company, Inc. and/or any AmEx Affiliated Person.

**2.    PAYMENTS IN COMPROMISE OF DISPUTE**

(a)    In full and final settlement of the matters released herein, Barclays shall pay to AmEx within 15 days of the Approval Order (defined below) becoming a final order a total settlement amount of US $3,900,000.

(b)    The payment specified in Section 2(a) shall be made by wire transfer as provided by instructions to be provided by Amex to Barclays upon execution of this Agreement.

**3.    CONDITIONS TO EFFECTIVENESS**

The following are conditions precedent to the effectiveness of the Agreement:

(a)    The Bankruptcy Court shall have entered an order (the "Approval Order"), substantially similar in substance to the proposed order attached hereto as Exhibit A.

(b)    No stay of the Approval Order shall be in effect and no appeal of such order shall have been filed or be pending upon expiration of the 10-day period as calculated pursuant to Rules 8002, 9006 and 9023 of the Federal Rules of Bankruptcy Procedure following the date of entry of the Approval Order.

(c) The Approval Order shall provide that Amex shall be authorized to file one or more claims against the Debtors.

(d) The Approval Order shall provide that Amex's claims against the Debtors shall not be the subject of an objection nor disallowed on the grounds that Amex's settlement with Barclays bars Amex from filing one or more claims against the Debtors; however, Amex will not file a claim for the amount paid pursuant to this Agreement and this Agreement may be used to reduce any claim filed in contravention of this provision.

(e) The Approval Order shall provide that neither the Debtors nor their estates shall have a claim against Barclays based on any claim or claims Amex files against the Debtors.

## 4. RELEASE

In consideration of the payment described in Section 2(a) and the AmEx Released Claims (defined below), the sufficiency of which is hereby acknowledged, AmEx, on behalf of (i) itself, (ii) any and all AmEx Affiliated Persons, and (iii) any and all present, former and future officers, directors, shareholders, partners, employees, agents, attorneys, insurance carriers, successors, heirs and assigns of AmEx and/or any AmEx Affiliated Person (subsections (i) through (iii) collectively, the "**AmEx Releasors**") does hereby release, remise, and forever discharge Barclays, including without limitation Barclays, Barclays Affiliated Persons and any and all present, former and future officers, directors, shareholders, partners, employees, agents, attorneys, insurance carriers, successors, heirs and assigns of Barclays Capital Inc. and any Barclays Affiliated Person (collectively, the "**Barclays Releasees**") of and from all debts, demands, actions, causes of action, suits, accounts, liens, covenants, contracts, agreements, torts, damages, and any and all claims and liabilities whatsoever, of every name and nature, both at law and in equity that any of the AmEx Releasors now has or ever had or may ever have with or against any of the Barclays Releasees relating to or arising out of (1) the Sale Procedures Order, (2) the Sale Order, (3) the Business Travel Agreement, including without limitation any agreements associated with or related to the Business Travel Agreement, (4) the Corporate Services Agreement, including without limitation any agreements associated with or related to the Corporate Services Agreement, (5) the Closing Date Contracts, and/or (6) the Contested Matter ((1) through (6) collectively, "**Barclays Released Claims**").

In consideration for the foregoing Barclays Released Claims, the sufficiency of which is hereby acknowledged, the Barclays Releasees do hereby release, remise and forever discharge the AmEx Releasors of and from all debts, demands, actions, causes of action, suits, accounts, liens, covenants, contracts, agreements, torts, damages, and any and all claims and liabilities whatsoever, of every name and nature, both at law and in equity that any of the Barclays Releasees now has or ever had or may ever have with or against any of the AmEx Releasors relating to or arising out of (1) the Sale Procedures Order, (2) the Sale Order, (3) the Business Travel Agreement, including without limitation any agreements associated with or related to the Business Travel Agreement, (4) the Corporate Services Agreement, including without limitation any agreements associated with or related to the Corporate Services Agreement, (5) the Closing Date Contracts, and/or (6) the Contested Matter ((1) through (6) collectively, "**AmEx Released Claims**"); however, the following debts, demands, actions, causes of action, suits, accounts, liens, covenants, contracts, agreements, torts, damages, and any and all claims and liabilities whatsoever, of every name and nature, both at law and in equity shall be excluded from the AmEx Released Claims: (a) any Membership Reward points; and (b) any excess

3

payment made by a card member resulting in a positive balance (i.e., a credit) that has been retained by AmEx (the "**AmEx Carve-Out**").

For avoidance of doubt, upon the Approval Order becoming a final order and payment in full by Barclays of the $3.9 million set forth in paragraph 2 above, neither Barclays nor AmEx will have any outstanding obligations to each other under the Business Travel Agreement, the Corporate Services Agreement and/or any agreements associated with or related to the Business Travel Agreement and/or the Corporate Services Agreement with the exception of any obligations within the AmEx Carve-Out, if any, and Barclays will have no obligation to pay any additional amount in connection with the AmEx Contracts (except for the $3,900,000 payment set forth in paragraph 2 above).

## 5.    WITHDRAWAL OF THE MOTION

Within five days of the Approval Order becoming a final order, (i) Barclays will file a notice of withdrawal of the Motion currently pending before the Court in substantially the form attached as Exhibit B of this Agreement, and (ii) AmEx's requests for interest, fees and expenses contained in its Objection of October 27, 2008 shall be deemed withdrawn.

## 6.    NO ADMISSION BY THE PARTIES

The payment provided in Section 2(a) is for the full and complete compromise of the dispute, and such payment will not be construed as an admission by Barclays as to the validity of any claims made by AmEx in connection with the Contested Matter. By entering into this Agreement, Barclays does not admit that it had any liability to AmEx or to any other person or entity arising out of or in connection with the matters in dispute.

## 7.    NO CONSTRUCTION AGAINST ANY PARTY

The wording of this Agreement was reviewed and accepted by legal counsel for Barclays and AmEx prior to being signed by them. Neither of the Parties shall be entitled to have any wording of this Agreement construed against the other Party in the event of any dispute arising in connection with it, whether based on the identity of the drafter or on any other basis. This Agreement shall be construed as a good faith integrated settlement intended to fairly accomplish the objectives set forth herein.

## 8.    INADMISSIBILITY OF AGREEMENT

Any evidence of the existence, terms or negotiations of this Agreement shall be inadmissible in any litigation or dispute provided, however, that such evidence may be offered in an action seeking solely to enforce the terms of this Agreement. This Agreement has been entered into in reliance upon the provisions of Rule 408 of the Federal Rules of Evidence and similar state law provisions that preclude the introduction of evidence regarding settlement negotiations or agreements.

## 9.    REPRESENTATIONS AND WARRANTIES

(a)    Barclays represents and warrants as follows:

    i.    that Barclays is fully authorized to enter into this Agreement;

4

ii. that Barclays has taken all necessary corporate and internal legal actions to duly approve the making and performance of this Agreement and that no further corporate or other internal approval is necessary;

iii. that the making and performance of this Agreement will not violate any provision of law or of Barclays' articles of incorporation, charter or by-laws, where applicable;

iv. that Barclays has read this entire Agreement and knows the contents hereof, that the terms hereof are contractual and not merely recitals, and that Barclays has signed this Agreement of its own free act; and

v. that in making this Agreement, Barclays has obtained the advice of legal counsel.

(b) AmEx represents and warrants as follows:

i. that AmEx is fully authorized to enter into this Agreement;

ii. that AmEx has taken all necessary corporate and internal legal actions to duly approve the making and performance of this Agreement and that no further corporate or other internal approval is necessary;

iii. that the making and performance of this Agreement will not violate any provision of law or of AmEx's articles of incorporation, charter or by-laws, where applicable;

iv. that AmEx has read this entire Agreement and knows the contents hereof, that the terms hereof are contractual and not merely recitals, and that AmEx has signed this Agreement of its own free act; and

v. that in making this Agreement, AmEx has obtained the advice of legal counsel.

## 10. SEVERABILITY

If any provision of this Agreement (or any portion thereof) or the application of any such provision (or any portion thereof) to any person or circumstance shall be held invalid, illegal or unenforceable in any respect by a court of competent jurisdiction, such invalidity, illegality or unenforceability shall not affect any other provision hereof (or the remaining provisions thereof) or the application of such provision to any other person or circumstances. Upon such determination that any term or other provision is invalid, illegal or incapable of being enforced, the parties hereto shall negotiate in good faith to modify this Agreement so as to effect the original intent of the parties as closely as possible in an acceptable manner in order that the transactions contemplated by this Agreement are consummated as originally contemplated to the greatest extent possible. Notwithstanding the foregoing, if the release provided in Section 3 is determined to be invalid or in violation of applicable law, the Agreement in its entirety will be invalid and unenforceable, at which time any payments made under Section 2 will be returned.

## 11.   ENTIRE AGREEMENT

This Agreement contains the entire agreement and understanding among the Parties hereto with respect to the subject matter hereof and supersedes all prior agreements and understandings, both written and oral, by and among Barclays and AmEx relating to the subject matter described in Section 4. Neither of the Parties shall be liable or bound to the other Party in any manner by any representations, warranties or covenants relating to such subject matter except as specifically set forth herein.

## 12.   HEADINGS

The headings of paragraphs are designed to facilitate ready reference to subject matter and shall be disregarded when resolving any dispute concerning the meaning or interpretation of any language contained in this Agreement.

## 13.   AMENDMENTS

This Agreement may not be amended or modified except by a written instrument signed by duly authorized representatives of both Barclays and AmEx.

## 14.   GOVERNING LAW

This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of New York, without regard to its conflict of law principles.

## 15.   CONSENT TO JURISDICTION

Each Party irrevocably and unconditionally submits to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York to hear and determine all matters arising from the implementation of the Approval Order.

## 16.   COUNTERPARTS

This Agreement may be executed and delivered in one or more counterparts and by the different parties hereto in separate counterparts, all of which shall be deemed one and the same agreement, and shall become one and the same agreement when one or more such counterparts have been signed by each of the Parties and delivered to the other Party.

6

17.    **EXECUTION**

IN WITNESS WHEREOF, THIS AGREEMENT HAS BEEN READ AND SIGNED IN DUPLICATE
ORIGINALS BY PARTIES OR THE DULY AUTHORIZED OFFICERS OF THE PARTIES.

BARCLAYS CAPITAL INC.

By: _____

July ___, 2009

AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC.

By: _____
     Daniel Massoni
     Vice President & Chief Credit Officer

July 20 2009

7

## 17.    EXECUTION

IN WITNESS WHEREOF, THIS AGREEMENT HAS BEEN READ AND SIGNED IN DUPLICATE ORIGINALS BY PARTIES OR THE DULY AUTHORIZED OFFICERS OF THE PARTIES.

BARCLAYS CAPITAL INC.

By: _____

CAROLINA DEONIS
DIRECTOR, BARCLAYS CAPITAL
~~July ___, 2009~~   August 3, 2009

AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC.

By: _____
        Daniel Massoni
        Vice President & Chief Credit Officer

July ___, 2009

7

**EXHIBIT A**

**FORM OF PROPOSED APPROVAL ORDER**

1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 11 Case No. |
| | ) |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | ) 08-13555 (JMP) |
| | ) |
| Debtors. | ) (Jointly Administered) |

## ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN BARCLAYS CAPITAL INC. AND AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.

Upon the motion dated October 14, 2008 (the "Motion") of Barclays Capital Inc. ("Barclays") For Relief Concerning an American Express Contract Erroneously Posted with the Closing Date Contracts (D.I. 959) and declarations of Lindsee Granfield and Patrick Coster in support thereof (D.I. 960, 961); and upon the Debtors' Response to the Motions of Barclays Capital Inc. for Relief, Pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9024, Concerning Various Closing Date Contracts (D.I. 1212); and upon the Objection of American Express Travel Related Services Company, Inc. ("American Express") to Motion of Barclays Capital Inc. for Relief Concerning American Express Contracts Listed as Closing Date Contracts and Request For Interest, Fees and Expenses, and declaration of Eugene J. Chikowski, and affidavits of Stephanie Diehl, Daniel J. Massoni and Lydia Schulz in support thereof (D.I. 1216); and upon the Objection of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al. to Motions of Barclays Capital Inc. For Relief, Pursuant to Federal Rule of Civil Procedure 60(b), Concerning Certain Contracts Erroneously Posted With the Closing Date Contracts (D.I. 1672); and upon the Reply of Barclays Capital Inc. in Further Support of its Motion for Relief Concerning American Express Contracts Erroneously Posted With the Closing Date Contracts (D.I. 1747) and declarations of Michael Feldberg, Jason White and Leslie Bernauer

in support thereof (D.I. 1750, 1751, 1753); and upon the Court's consideration of the above

and the Settlement Agreement and after due deliberation thereon, and it appearing that notice

is good, sufficient and appropriate under the circumstances and no further notice need be

provided; and sufficient cause appearing therefor,

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

A.     **Jurisdiction and Venue**. This Court has jurisdiction to consider the

Motion and the Settlement Agreement under 28 U.S.C. §§ 157 and 1334. This is a core

proceeding under 28 U.S.C. § 157(b). Venue of these cases in this District is proper under 28

U.S.C. §§ 1408 and 1409.

B.     **Statutory Predicate**.  The statutory predicate for the relief sought is

Bankruptcy Rule 9019.

NOW, THEREFORE, IT IS ORDERED THAT:

1.     **Settlement Agreement is Approved**.  The Motion has been settled

pursuant to the Settlement Agreement between Barclays and American Express (the

"Settlement Agreement").[1] The Settlement Agreement, which is attached hereto as Exhibit A,

and all the terms and conditions thereto are hereby approved.

2.     **Payment**.  Barclays shall pay to American Express the aggregate

amount of US $3,900,000.00 within 15 days of this Order becoming a final order.

3.     **Right to File A Claim**.  American Express shall be authorized to file

one or more claims against the Debtors for the balance owed to it under the Amex Contracts.

4.     **Claim**.  American Express' claims against the Debtors shall not be the

subject of an objection nor disallowed on the grounds that American Express' settlement with

---

[1]     Capitalized terms used herein but not defined herein shall have the meaning ascribed to such terms in
the Settlement Agreement.

2

Barclays bars American Express from filing one or more claims against the Debtors; however, American Express shall not file a claim for the amount paid pursuant to the Settlement Agreement.  The Settlement Agreement may be used to reduce a claim filed against the Debtors in contravention of this provision.

5.      **Debtors Have No Claims Against Barclays**.  Neither the Debtors nor their estates shall have a claim against Barclays based on any claim filed by American Express against the Debtors.

6.      **Retention of Jurisdiction**.  This Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

7.      **Non-material Modifications**.  The Settlement Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

Dated: New York, New York
       August ___, 2009

 

                                     HONORABLE JAMES M. PECK
                                     UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**FORM OF NOTICE OF WITHDRAWAL**

Michael S. Feldberg
Laura Martin
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 610 6300

*Attorneys for Barclays Capital Inc.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------x
                                     :
In re                                :    Chapter 11 Case No.
                                     :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :    08-13555 (JMP)
                                     :
            Debtors.                 :    (Jointly Administered)
------------------------------------------------x
```

### NOTICE OF WITHDRAWAL

**PLEASE TAKE NOTICE** that Barclays Capital Inc.'s motion under Federal Rule of Civil

Procedure 60(b), made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure

9024, for relief concerning the American Express contracts erroneously posted with the closing

date contracts [Docket No. 959] is hereby withdrawn.

Dated: New York, New York
_____, 2009

                              Respectfully submitted,

                              Allen & Overy LLP

                              By:_____
                                 Michael S. Feldberg
                                 Laura Martin

                              1221 Avenue of the Americas
                              New York, NY 10020
                              Tel: (212) 610 6300
                              Facsimile: (212) 610 6399

                              Attorneys for Barclays Capital Inc.