**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                    :

                                    :

In re:                               :          Chapter 11

                                    :

LEHMAN BROTHERS HOLDINGS INC., et al.,  :          Case No. 08-13555 (JMP)

                                    :

                    Debtors.         :          (Jointly Administered)

                                    :

-------------------------------------------------------------x

## SECOND INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD FEBRUARY 1, 2009 THROUGH MAY 31, 2009

| | |
|---|---|
| Name of Applicant: | <u>FTI Consulting, Inc.</u> |
| Authorized to Provide<br>Professional Services to: | <u>THE OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS OF LEHMAN<br>BROTHERS HOLDINGS, INC., et al.</u> |
| Date of Retention: | <u>September 17, 2008</u> |
| Period for which compensation<br>and reimbursement is sought: | <u>February 1, 2009 to May 31, 2009</u> |

Amount requested in this fee app
    Compensation requested:      <u>$6,690,011.59</u>
    Expense reimbursement requested:  <u>$231,881.68</u>

Amount previously requested
    Compensation requested:      <u>$5,261,715.61</u>
    Expense reimbursement requested:  <u>$148,515.81</u>

This is an (a): __X__Interim ____Final Application

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

|  |  |  |
|---|---|---|
|  | : |  |
|  | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | Case No. 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

---------------------------------------------------------------x

### SECOND INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD <u>FEBRUARY 1, 2009 THROUGH MAY 31, 2009</u>

FTI Consulting, Inc. ("FTI" or "Applicant"), as financial advisors to the Official

Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc.

("LBHI"), the debtors and debtors-in-possession in the above-captioned chapter 11 cases

(collectively, the "Debtors" or the "Company") and, together with their non-debtor affiliates,

("Lehman"), hereby submits its second application pursuant to 11 U.S.C. §§330 and 331 for an

interim allowance of compensation for services rendered and for reimbursement of expenses

incurred in these cases.

### <u>INTRODUCTION</u>

1. By this application, FTI seeks a second interim allowance of

compensation for professional services rendered as financial advisors to the Committee for the

period February 1, 2009 through and including May 31, 2009 (the "Second Interim Period") in

the amount of $6,690,011.59, representing 15,620.3 hours in professional services, and actual and necessary expenses of $231,881.68. In support of this application, the Applicant represents as follows:

2.       This application is submitted pursuant to the terms of the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members dated November 5, 2008 (the "Administrative Fee Order"). FTI is seeking the interim award and the full payment, without any holdback of fees, of $6,690,011.59 in fees and $231,881.68 for reimbursement of its expenses relating to services rendered on behalf of the Committee during the Second Interim Period. Included in the $6,690,011.59 fee amount is $1,338,002.31 that represents the 20% professional fee holdback as required in the Administrative Fee Order for the period of February 1, 2009 through May 31, 2009.

## BACKGROUND

3.       On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in the management and operation of their businesses and properties as debtors-in-possession pursuant to 1107(a) and 1108 of the Bankruptcy Code.

4.       On September 17, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

5.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

6.      By an Order dated November 21, 2008, the United States Bankruptcy Court for the Southern District of New York authorized and approved the Committee's retention of FTI *nunc pro tunc* to September 17, 2008. FTI also filed its First Supplemental Affidavit of Michael Eisenband in Support of Application for an Order for Retention of FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured Creditors on January 23, 2009, a Second Supplemental Affidavit on April 6, 2009, and a Third Supplemental Affidavit on June 19, 2009.

7.      On August 13, 2009, the Court entered an Order (Docket No. 4795) approving FTI's First Interim Application for Allowance of Compensation and for Reimbursement of Expenses for Services Rendered from September 17, 2008 through January 31, 2009, subject to a 10% holdback as recommended by a fee committee (the "Fee Committee") pending the resolution of the issues identified in FTI's Individual Summary Sheet, awarding FTI an interim allowance of $4,735,544.05 for professional services rendered and $148,515.81 as reimbursement for actual and necessary expenses FTI incurred during that period. An additional $526,171.56 in fees incurred by FTI during that period have been held-back and remain subject to approval by the Court.

## SUMMARY OF SERVICES RENDERED

8.      The Debtors' chapter 11 cases have presented numerous complex issues that had to be addressed in order to preserve and maximize value for unsecured creditors.  The

Retention Order authorizes FTI to render essential financial advisory services to the Official

Committee of Unsecured Creditors, which included, but were not limited to the following

services during the Second Interim Period:

### PCD 3 Assessment and Monetization of Remaining Assets

During this fee period, FTI met on a regular basis with the Debtors to discuss the management of

certain exposures in the loan portfolio and develop a strategy to maximize value. FTI spent time

reviewing the weekly loan book flash report prepared by the Debtors, participated in the weekly

loan book call with the Debtors, reviewed issues surrounding the pledging of loan book trades to

third parties, and reviewed related cash flows. FTI also presented its findings and participated in

regular calls with the Loan Book Sub-Committee.

### PCD 4 Review, Assessment and Valuation of Real Estate

The Lehman real estate portfolio includes positions in hundreds of properties and development

projects, including both residential and commercial properties, which span the world with assets

in the Americas, Asia and Europe. The portfolio, which has invested capital in the tens of

billions, has many significant and complex projects, some of which have more than a billion

invested in them individually. The investment positions that the Debtors maintain in these

projects are extremely varied and include all levels throughout the projects' capital structure. FTI

met on a regular basis with the Debtors' financial advisor, Alvarez & Marsal ("A&M"), and

legacy Lehman real estate employees retained by Lehman to gain both an in-depth understanding

of the portfolio and to deal with current pressing real estate issues. Many of these issues

pertained to various motions filed in the case that required positions to be taken by the

Committee and many pertained to certain funding requirements. During the second interim

period, the Debtors performed a re-underwriting of all of the positions included in the Commercial America Portfolio, the European Portfolio and the Asian Portfolio. This process was performed to help Lehman determine the strategic action to be taken on each of these properties and how best to protect and maximize value. The process also included estimation of the funding requirements on a go forward basis as well as estimation of future recoveries. FTI also undertook detailed reviews of the significant properties in the portfolio to assess the reasonableness and accuracy of the Debtors' analysis, which included the funding requirements for the projects. FTI and its real estate specialists met with various Lehman Asset Managers to review their assumptions in regard to all aspects of the properties including projected cash flows, future funding requirements, and potential recoveries. FTI has presented its findings on a regular basis to both the Committee's Real Estate Sub-Committee and the full Committee, where appropriate.

## PCD 8 Forensic Accounting Projects

FTI participated in numerous meetings with A&M to review the status of forensic investigation activities. The forensic investigations included intercompany transactions and analysis of the claims by and against financial institutions related to the granting/freezing of collateral immediately prior to the bankruptcy filing. FTI participated in meetings with A&M and Lehman personnel to review their reconciliation of these claims. FTI also reviewed documents produced in connection with the various 2004 Discovery requests and participated in meetings with counsel and A&M regarding the documents produced and next steps.  FTI also participated in meeting with the examiner to discuss FTI's work plan.

## PCD 10 Analyze Worldwide Corporate Structure and Debt Structure

FTI spent time analyzing Lehman's complex corporate and debt structure on a consolidated and entity-by-entity basis, including intercompany balances, and guarantee obligations. FTI worked with A&M and Committee professionals, to review and analyze public information regarding the debt issued by both the Debtor and Non-Debtor entities and also reviewed and discussed the progress and preparation of the debt database. Time in this task code includes the preparation of the intercompany analysis and debt summary for reports to the Committee. This included time spent analyzing and reviewing the intercompany matrix and reconciling the various intercompany balances to the balances presented in the Statements of Assets and Liabilities ("SoALs") and Monthly Operating Reports ("MORs"). Time was also spent meeting with the Debtors to discuss the substantiations of the Debtors' balance sheets, which included the review of the changes in asset and liability balances between September 15, 2008 and each Debtor entity's respective filing date. FTI also spent time developing an initial cost allocation strategy to be discussed with the Debtors to allocate overhead costs to the various subsidiaries.

## PCD 11 Analyze Foreign Administration and Insolvency Proceedings

FTI monitored the performance of the UK administration, which included the review of the administrator's report to creditors dated April 14, 2009, and prepared an update report to the Committee covering the current state of the LBIE administration and preliminary sources of realization in the LBIE estate. During this period, FTI also monitored the claims made by LBIE and other non-debtor entities against cash that was received into the bank accounts of LBHI. All claim documents were reviewed back to source documents.

## PCD 12 Analysis/Monitoring of Cash Flow and Liquidity

FTI reviewed the Company's cash and short-term investment position and cash flow projections to provide comments and guidance to management prior to finalization of weekly reports. This included developing an understanding of what cash was available at both the Debtor and Non Debtor entities and what cash was segregated and unavailable for use by the Company. FTI attended regular meetings with A&M to discuss the actual weekly cash flow results and prepared reports to the Committee with details of the Debtors' current cash and short-term investment position and the review of advances made to subsidiaries. Time spent during this period also included the review of Lehman's short-term investment strategy. FTI also reviewed and analyzed two three- month cash flow forecasts (February – April and April – June), identifying risk and opportunities for the Committee. These services aided the Committee in obtaining a complete understanding of the Company's complex cash flows, financial performance, key business drivers, and areas that needed to be evaluated further (e.g., potential capital calls, hedging opportunities, etc.) in order to ensure that sufficient liquidity was maintained.

### PCD 13 Analyze Employee Compensation

FTI provided support to the Debtors by assisting in the development and review of the employee retention and recruiting plan. Specifically, FTI reviewed updated versions of the employee retention and recruiting plan to analyze employee headcount and related compensation (base, bonus, and severance pay). Time in this category included discussions with the Debtors with regards to headcount, compensation, the determination of bonus performance goals, pensions, VEBA issues, and other employee benefits. FTI issued two reports to update the Committee on the current state of the retention and recruiting plan, the determination of employee compensation structure, the determination of bonus performance goals, the 2008 bonuses payout,

costs incurred to date versus those approved in the court plan, and the status of employees who have been given extensions to their original offers. Time spent in this category also included review and analysis of the Lehman Pension Plan documents, the review of the PBGC term sheet, and the participation in calls with counsel regarding the PBGC settlement proposal.

## PCD 14 Analysis of News/Press

Lehman operated internationally. Aside from the Debtors Chapter 11 proceedings, there are over 80 international insolvency proceedings related to current and former LBHI entities, resulting from the US Chapter 11 filing. It was essential that the Committee's financial advisors be aware of all events and press throughout the world. Accordingly, FTI reviewed and summarized news articles from numerous sources which were distributed to all team members for their review. The review of this information enabled the Committee to be up to date on the activities for all Lehman entities, both Debtors and non-Debtors.

## PCD 16 Review and Development of Plan of Reorganization/Disclosure Statement

FTI was actively involved in the assessment of Plan of Reorganization ("POR") issues, which included the LAMCO concept, guarantee exposure, and substantive consolidation.

## PCD 19 Operational Wind-down Other

FTI participated in various work-streams to transition dependency on the Barclays Transition Services Agreement ("TSA") to an outsourced provider, LBHI personnel, or wind-down the services altogether. FTI assisted the Company in the migration of the non-IT portion of the TSA services, and in coordinating the transition of TSA items provided by Barclays to the private equity and hedge funds ahead of their separation from the estate. FTI also advised on various internal processes and procedures including HR policies and the dissolution of corporate entities.

Finally, FTI continued to play a significant role in enforcing the services LBHI requires under the TSA with Barclays, which entails both controlling the current services delivered, resolution of conflicts, and diligence on the monthly invoice details.  FTI also spent time reviewing and analyzing the TSA systems migration plan from Barclays.

**PCD 20 IT Systems and Data Preservation**

FTI continued to assist A&M with identifying, acquiring, and analyzing data held within the LBHI systems.  Tasks included, but not were not limited to, application and database preservation for IBM based and Sybase systems; reviewing and cataloging contents of LBHI legacy databases; acquiring and analyzing all data owned and accessed by custodians; the aggregation, normalization, and analysis of data associated with collateral investigations. Additional ad-hoc requests included, but were not limited to, assisting with unstructured data review, vendor selection, development of an application to automate and QC the migration process, the normalization of email extract data, cataloguing relevant hard documents and acquiring/documenting the associated database, data parsing and normalization, and other requests from A&M and LBHI in support of data preservation. Progress made included building more than a dozen parsing and search tools, managing and analyzing over 400,000 backup tapes (including reconciling this data to 20 million text files). Time in this code also included the continued migration of more than 10 terabytes of data which encompasses over 300 applications and 150 databases.

**PCD 22 Assess Proposed Resolution of Derivatives**

FTI attended and participated in daily credit adjudication meetings with the A&M and Lehman Derivative management teams to discuss issues regarding the derivatives portfolio, plus regular

meetings with Natixis discuss the SPV recovery strategies to approve proposed derivative settlements.  FTI worked with the applicable transactors and traders before and after the credit adjudication meetings to discuss relevant settlement issues, provide strategic guidance in negotiations with counterparties and independently assessed the value of the swaps and appropriate settlement amounts for certain transactions. A total of 136 settlements with derivatives counterparties were approved by FTI during this fee period.  This included 112 settlements that were receivables to the applicable Lehman entity with a total net settlement value of approximately $206 million and 24 settlements with counterparties where claims with an aggregate nominal amount of approximately $27 million were crystallized for the counterparties. FTI worked with Committee counsel to provide relevant data and information to the Derivatives sub-committee as appropriate.

## PCD 25 Analysis of Bankruptcy Filings and Court Documents

FTI assisted Committee counsel with the review and analysis of facts related to various motions that have been filed. In performing these analyses, FTI met with the appropriate Debtor personnel, discussed the costs and benefits of the relief being sought, and reviewed the underlying data and supporting facts.  FTI's involvement with reviewing these motions provided assurance to the Committee as to the propriety of the relief being sought. Additionally, we reviewed the Debtors' Statements of Financial Affairs ("SoFAs") and the Debtors' SoALs for 19 Debtors, which included over 1,900 pages. Time in this code was also spent meeting with the Debtor to discuss the SoFAs and SoALs and the preparation of a summary presentation to the Committee and their advisors.

FTI also worked closely with the Debtors to review and analyze the Monthly Operating Reports required to be filed with the Bankruptcy Court.  As part of this process, analysis was performed on significant variances from prior month's data.

## PCD 26 Planning, Supervision and Review

FTI established project teams to facilitate engagement management.  Time expended in this category includes developing and coordinating work plans and meetings to update FTI team members on current case issues. These hours were limited and valuable to the overall project planning of this engagement and ensured services were provided in the most cost efficient and effective manner.

## PCD 32 Preparation and Participation in Conference Calls/Meetings With Creditors Committee

FTI's role included coordinating and fulfilling numerous requests from the Committee for financial and operational data pertaining to the Debtors.  FTI worked with Committee counsel in the preparation and presentation of extensive materials for weekly calls with both the full Committee and with the Committee co-chairs regarding updates on derivative positions, real estate positions, cash positions, TSA status, capital calls, monthly operating reports, intercompany balances and other key issues. FTI also attended three in person meetings with the Debtor and the Committee on February 26, 2009, March 10, 2009, and April 15, 2009.

## PCD 36 Preparation of Fee Expense Application

FTI expended necessary resources to ensure the timely filing of monthly fee statements in accordance with the Administrative Order Pursuant to 11 U.S.C. Sections 105(a) and 331 Establishing Procedures For Interim Compensation and Reimbursement of Expenses of Professionals dated November 5, 2008. Time in this category includes preparing the Monthly Fee

Statements for the fee periods of February 2009 through May 2009, as well as the time spent

preparing the First Interim Application of FTI Consulting, Inc. for Allowance of Compensation and

for Reimbursement of Expenses.

## ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

9.      All of the services for which interim compensation is sought herein were

rendered for and on behalf of the Committee, and not on behalf of any other entity.  FTI

respectfully submits that the professional services rendered were necessary, appropriate and have

contributed to the effective administration of the Debtors' chapter 11 cases and maximization of

value.  It is respectfully submitted that the services rendered to the Committee were performed

efficiently, effectively and economically.

10.      During the Second Interim Period, FTI professionals expended an

aggregate of 15,620.3 hours in rendering services on behalf of the Committee for a total fee of

$6,690,011.59. FTI submits that its fee is reasonable for the work performed in these cases and

the results obtained.

11.      FTI incurred out-of-pocket expenses of $231,881.68 in connection with

the rendition of the professional services described above during this Second Interim Period. The

actual expenses incurred in providing professional services were necessary, reasonable, and

justified under the circumstances to serve the needs of the Committee in these Chapter 11 cases.

All air travel to and from the Debtors' location was necessary and billed at actual coach airfare.

Additionally, FTI voluntarily limited meal charges to $40 per meal and reduced all travel time by

50% during the Second Interim Period.

## APPLICATION

12.    This Application is made by FTI in accordance with the Guidelines

adopted by the Executive Office for the United States Trustees and the Administrative Order.

Pursuant to this application, FTI has attached the following exhibits:

A.    Exhibit A -- – Certification Under Guidelines for Fees and Disbursements

for Professionals in Respect of Second Application of FTI Consulting, Inc;

B.    Exhibit B -- Retention Order dated November 21, 2008 authorizing the

employment and retention of FTI Consulting, Inc. effective as of September 17, 2008 to

provide professional services as Financial Advisors to the Official Committee of

Unsecured Creditors;

C.    Exhibit C -- Summary of billings and collections for each of the months

covered in the First and Second Interim Period;

D.    Exhibit D -- Summary of time and fees by professional;

E.    Exhibit E -- Summary of time by task code;

F.    Exhibit F -- Summary of out of pocket expenses by category incurred

during the Second Interim Period;

G.    Exhibit G[1]  --  Detail of time by task codes, including detailed time entry

by professional with description of task performed;

H.    Exhibit H[1] – Detail of expenses by category and professional incurred

during the Second Interim Period.

---

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.

## CONCLUSION

12.    No agreement or understanding exists between FTI and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

13.    No prior application has been made to this or any other Court for the relief requested herein for the Second Interim Period.

**WHEREFORE,** FTI respectfully requests that this Court enter an order:

a.    approving the allowance of $6,690,011.59 for compensation for services rendered during the Second Interim Period, and reimbursement of $231,881.68 for out of pocket expenses,

b.    directing the payment of such fees by the Debtors, and

c.    granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
August 14, 2009

FTI Consulting, Inc.
Financial Advisors to the Official Committee
Of Unsecured Creditors

By: /s/ Samuel Star

Samuel Star
Senior Managing Director
Three Times Square
New York, NY  10036
(212) 841-9368

# EXHIBIT

## "A"
## Certification

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

In re:                                    :        Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :        08-13555 (JMP)
                                          :
                  Debtors.                :        (Jointly Administered)
                                          :
------------------------------------------------------------ x

### CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF SECOND APPLICATION OF FTI CONSULTING, INC., FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING PERIOD FROM <u>FEBRUARY 1, 2009 THROUGH AND INCLUDING MAY 31, 2009</u>

Pursuant to the Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases adopted by the Court on June 24, 1991 and

amended April 21, 1995 (together, the "Local Guidelines"), and the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "U.S. Trustee Guidelines" and,

together with the Local Guidelines, the "Guidelines"), the undersigned, a senior managing

director of FTI Consulting, Inc. ("FTI"), financial advisors to the Official Committee of

Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. and its affiliated

debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby certifies

with respect to FTI's second application for allowance of compensation for services rendered

and for reimbursement of expenses, dated August 14, 2009 (the "Application"), for the period of

February 1, 2009 through and including May 31, 2009 (the "Second Interim Period") as follows:

1.    I am the professional designated by FTI in respect of compliance with the Guidelines.

2.    I make this certification in support of the Application, for interim compensation and reimbursement of expenses for the Second Interim Period, in accordance with the Local Guidelines.

3.    In respect of section B.1 of the Local Guidelines, I certify that:

    a.    I have read the Application.

    b.    To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

    c.    Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by FTI and generally accepted by FTI's clients.

    d.    In providing a reimbursable service, FTI does not make a profit on that service, whether the service is performed by FTI in-house or through a third party.

4.    In respect of section B.2 of the Local Guidelines, I certify that FTI has provided statements of FTI's fees and disbursements previously accrued, by filing and serving monthly statements in accordance with the Administrative Fee Order (as defined in the Application).

5.    In respect of section B.3 of the Local Guidelines, I certify that copies of the Application are being provided to (a) the Court, (b) the Debtors, (c) counsel for the Debtors, (d) counsel for the Committee (e) the Office of the United States Trustee and the (f) the Fee Committee.

Dated:        New York, New York
              August 14, 2009

                          FTI Consulting, Inc.
                          Financial Advisors to the Official Committee
                          Of Unsecured Creditors

                          By: /s/ Samuel Star

                              Samuel Star
                              Senior Managing Director
                              Three Times Square
                              New York, NY  10036
                              (212) 841-9368

# EXHIBIT

## "B"
### Retention Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                                  :      Chapter 11
                                                        :
LEHMAN BROTHERS HOLDINGS INC., et al., :      08-13555 (JMP)
                                                        :
                          Debtors.                      :      (Jointly Administered)

---------------------------------------------------------------x

### FINAL ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103, FED. R. BANKR. P. 2014, AND S.D.N.Y. LBR 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF FTI CONSULTING INC., AS FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., ET AL., EFFECTIVE AS OF SEPTEMBER 17, 2008

Upon the application, dated October 21, 2008 (the "Application"), of the

Official Committee of Unsecured Creditors (the "Creditors' Committee"), appointed in the

above-captioned jointly administered chapter 11 cases of Lehman Brothers Holdings Inc., and

its affiliated debtors and debtors in possession (collectively, the "Debtors") for an order

authorizing the Creditors' Committee to retain and employ FTI Consulting Inc. ("FTI"),

effective as of September 17, 2008, as financial advisor for the Creditors' Committee in the

above-captioned cases, pursuant to sections 328(a) and 1103(a) of title 11 of the United States

Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local

Bankruptcy Rules for the District of New York (the "Local Rules"); and the Court having

considered the Affidavit of Michael Eisenband, sworn to October 21, 2008 (the "Eisenband

Affidavit"), in connection with the Application; and the Court being satisfied based on the

representations in the Application and the Eisenband Affidavit, that FTI does not represent any

other entity having an adverse interest in connection with the case within the meaning of

section 1103(b) of the Bankruptcy Code and is "disinterested" as defined in section 101(14) of

the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the

relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of

Cases to Bankruptcy Judges of the United States District Court for the Southern District of

New York (Ward, Acting C.J.), dated July 10, 1984; and consideration of the Application and

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the time for

objections to the Application having expired on October 31, 2008, except for the United States

Trustee and the Debtors, whose respective time to object was extended on consent until

November 13, 2008; and, with no objections having been timely filed by any party; and the

Court having entered an Interim Order (the "Interim Order") dated November 5, 2008 (Docket

No. 1405), approving the Application on an interim basis without objection; and no objection

having been timely made or filed by either the Debtors, the United States Trustee, or any other

party; and due and proper notice of the Application, the Interim Order, and the hearing to

consider entry of a final order approving the Application having been provided as approved in

the Interim Order; and it appearing that no other or further notice need be provided; and the

Court having reviewed the Application; and the Court having determined that the legal and

factual bases set forth in the Application establish just cause for the relief granted herein; and

upon all of the proceedings had before the Court, and after due deliberation and sufficient

cause appearing therefor, it is hereby

   ORDERED that the Application is granted to the extent provided herein; and it

is further

   ORDERED, that all compensation and reimbursement of expenses to be paid to

FTI, shall be subject to prior approval of this Court in accordance with the requirements under

2

§§ 330 and 331 of the Bankruptcy Code and the order of this Court which establishes

procedures for monthly compensation and reimbursement of expenses; and it is further

ORDERED, that without limiting the rights of the United States Trustee to

object to FTI's interim or final fee applications and without limiting the requirement that all

compensation and reimbursement of expenses to be paid to FTI shall be subject to prior

approval of this Court, in each instance as set forth in this Order, the Completion Fee (as

defined in the Application), to the extent approved by the Court, shall be an expense of the

administration of the above-captioned chapter 11 cases, payable, following conversion of such

cases to a case under Chapter 7 of Title 11 of the United States Code, in the same order of

priority as other allowed chapter 11 administrative expenses; and it is further

ORDERED, that all requests of FTI for payment of indemnity pursuant to the

Engagement shall be made by means of an application (interim or final as the case may be) and

shall be subject to review by the Court to ensure that payment of such indemnity conforms to

the terms of the Engagement and is reasonable based upon the circumstances of the litigation

or settlement in respect of which indemnity is sought, provided, however, that in no event shall

FTI be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if

any), gross negligence or willful misconduct; and it is further

ORDERED, that in no event shall FTI be indemnified if the Debtor or a

representative of the estate, asserts a claim for, and a court determines by final order that such

claim arose out of, FTI's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross

negligence, or willful misconduct; and it is further

ORDERED that in the event FTI seeks reimbursement for attorneys' fees

pursuant to the terms of the Engagement, the invoices and supporting time records from such

attorneys shall be included in FTI's own application and such invoices and time records shall

be subject to the United States Trustee's guidelines for compensation and reimbursement of

expenses and the approval of the Bankruptcy Court under the standards of sections 330 and

331 of the Bankruptcy Code; and it is further

        ORDERED that to the extent this Order is inconsistent with the Engagement or

the Application, this Order shall govern; and it is further

        ORDERED that this court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.

Dated: New York, New York
       November 21, 2008

                        *s/ James M. Peck*
                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT

## "C"
## Monthly Billing and Collection Summary

**EXHIBIT C**
**LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555**
**SUMMARY OF FEES & EXPENSES BY MONTH**
*FOR THE FIRST INTERIM PERIOD SEPTEMBER 17, 2008 TO JANUARY 31, 2009*

| | September 17, 2008 - October 31, 2008 | November 1, 2008 - November 30, 2008 | December 1, 2008 - December 31, 2008 | January 1, 2009 - January 31, 2009 | Total |
|---|---|---|---|---|---|
| **FEES** | | | | | |
| Incurred | $ 1,752,222.61 | $ 1,156,717.97 | $ 1,002,308.40 | $ 1,398,096.38 | $ 5,309,345.36 |
| Travel Reduction (50%) | (11,358.75) | (10,185.50) | (9,939.25) | (16,146.25) | (47,629.75) |
| Billed | $ 1,740,863.86 | $ 1,146,532.47 | $ 992,369.15 | $ 1,381,950.13 | $ 5,261,715.61 |
| Paid | (1,392,691.09) | (917,225.98) | (793,895.32) | (1,105,560.10) | (4,209,372.49) |
| Unpaid | $ 348,172.77 | $ 229,306.49 | $ 198,473.83 | $ 276,390.03 | $ 1,052,343.12 |
| **EXPENSES** | | | | | |
| Incurred & Billed | $ 22,663.93 | $ 31,033.25 | $ 41,631.35 | $ 53,187.28 | $ 148,515.81 |
| Paid | (22,663.93) | (31,033.25) | (41,631.35) | (53,187.28) | (148,515.81) |
| Unpaid | $ - | $ - | $ - | $ - | $ - |
| **TOTAL** | | | | | |
| Incurred | $ 1,774,886.54 | $ 1,187,751.22 | $ 1,043,939.75 | $ 1,451,283.66 | $ 5,457,861.17 |
| Travel Reduction | (11,358.75) | (10,185.50) | (9,939.25) | (16,146.25) | (47,629.75) |
| Billed | $ 1,763,527.79 | $ 1,177,565.72 | $ 1,034,000.50 | $ 1,435,137.41 | $ 5,410,231.42 |
| Paid | (1,415,355.02) | (948,259.23) | (835,526.67) | (1,158,747.38) | (4,357,888.30) |
| Unpaid | $ 348,172.77 | $ 229,306.49 | $ 198,473.83 | $ 276,390.03 | $ 1,052,343.12 |

**EXHIBIT C**

**LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555**

**SUMMARY OF FEES & EXPENSES BY MONTH**

*FOR THE SECOND INTERIM PERIOD FEBRUARY 1, 2009 TO MAY 31, 2009*

| | February 1, 2009 - February 28, 2009 | March 1, 2009 - March 31, 2009 | April 1, 2009 - April 30, 2009 | May 1, 2009 - May 31, 2009 | Total |
|---|---|---|---|---|---|
| **FEES** | | | | | |
| Incurred | $ 1,561,633.72 | $ 1,793,516.15 | $ 1,768,470.02 | $ 1,664,594.95 | $ 6,788,214.84 |
| Travel Reduction (50%) | (17,115.00) | (27,450.00) | (23,457.50) | (30,180.75) | (98,203.25) |
| Billed | $ 1,544,518.72 | $ 1,766,066.15 | $ 1,745,012.52 | $ 1,634,414.20 | $ 6,690,011.59 |
| Paid | (1,235,614.98) | (1,412,852.92) | (1,396,010.02) | (1,307,531.36) | (5,352,009.28) |
| Unpaid | $ 308,903.74 | $ 353,213.23 | $ 349,002.50 | $ 326,882.84 | $ 1,338,002.31 |
| | | | | | |
| **EXPENSES** | | | | | |
| Incurred & Billed | $ 47,480.69 | $ 61,836.79 | $ 54,601.10 | $ 67,963.10 | $ 231,881.68 |
| Paid | (47,480.69) | (61,836.79) | (54,601.10) | (67,963.10) | (231,881.68) |
| Unpaid | $ - | $ - | $ - | $ - | $ - |
| | | | | | |
| **TOTAL** | | | | | |
| Incurred | $ 1,609,114.41 | $ 1,855,352.94 | $ 1,823,071.12 | $ 1,732,558.05 | $ 7,020,096.52 |
| Total Travel Reduction | (17,115.00) | (27,450.00) | (23,457.50) | (30,180.75) | (98,203.25) |
| Billed | $ 1,591,999.41 | $ 1,827,902.94 | $ 1,799,613.62 | $ 1,702,377.30 | $ 6,921,893.27 |
| Paid | (1,283,095.67) | (1,474,689.71) | (1,450,611.12) | (1,375,494.46) | (5,583,890.96) |
| Unpaid | $ 308,903.74 | $ 353,213.23 | $ 349,002.50 | $ 326,882.84 | $ 1,338,002.31 |

# EXHIBIT

## "D"
### Summary of Time and Fees by Professional

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD FEBRUARY 1, 2009 THROUGH MAY 31, 2009*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Alvarez, Javier | Director | $490.00 | 22.5 | $11,025.00 |
| Baumkirchner, Michael | Director | $550.00 | 431.8 | $237,490.00 |
| Beloreshki, Tsvetan | Managing Director | $565.00 | 23.2 | $13,108.00 |
| Belov, Mikhail | Director | $450.00 | 51.5 | $23,175.00 |
| Brodwin, Jahn | Senior Managing Director | $490.00 | 54.4 | $26,656.00 |
| Brunner, Robert | Senior Managing Director | $700.00 | 11.0 | $7,700.00 |
| Burkhardt, Rachel | Director | $450.00 | 30.5 | $13,725.00 |
| Chang, Richard | Consultant | $275.00 | 61.5 | $16,912.50 |
| Cheng, Laura | Senior Consultant | $405.00 | 425.2 | $172,206.00 |
| Chin, Clara | Director | $490.00 | 185.7 | $90,993.00 |
| Darefsky, Robert J. | Senior Managing Director | $825.00 | 396.1 | $326,782.50 |
| Dean, Christopher | Director | $615.00 | 622.3 | $382,714.50 |
| [3] Denyer, Emma | Consultant | $521.80 | 12.3 | $6,418.14 |
| [4] Denyer, Emma | Consultant | $521.89 | 5.5 | $2,870.40 |
| [3] Dewar, Mark | Senior Managing Director | $977.34 | 11.5 | $11,239.41 |
| [4] Dewar, Mark | Senior Managing Director | $977.51 | 20.7 | $20,234.46 |
| Djordjevic, Nikola | Senior Consultant | $305.00 | 634.7 | $193,583.50 |
| Donoghue, Patrick | Senior Managing Director | $825.00 | 4.0 | $3,300.00 |
| Eisenband, Michael | Senior Managing Director | $825.00 | 309.4 | $255,255.00 |
| Fick, Kenneth | Director | $490.00 | 7.2 | $3,528.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD FEBRUARY 1, 2009 THROUGH MAY 31, 2009*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Finkenstaedt, James | Associate | $220.00 | 5.9 | $1,298.00 |
| French, Jennifer | Director | $615.00 | 400.8 | $246,492.00 |
| Friedland, Deborah | Managing Director | $420.00 | 50.9 | $21,378.00 |
| Friedland, Scott | Senior Managing Director | $630.00 | 171.7 | $108,171.00 |
| Friedmann, Peter | Director | $370.00 | 31.4 | $11,618.00 |
| Ghi, Katherine | Consultant | $335.00 | 333.4 | $111,689.00 |
| Gosik, Jaime | Director | $490.00 | 217.4 | $106,526.00 |
| Green, Jordan | Associate | $220.00 | 384.0 | $84,480.00 |
| Gross, Kenneth | Senior Consultant | $480.00 | 3.2 | $1,536.00 |
| Hain, Danielle | Managing Director | $685.00 | 210.6 | $144,261.00 |
| Hall, Whitney | Consultant | $255.00 | 2.0 | $510.00 |
| Hellmund-Mora, Marili | Associate | $250.00 | 70.3 | $17,575.00 |
| [1] Hewitt, Kevin | Senior Managing Director | $783.82 | 1.0 | $783.82 |
| [2] Hewitt, Kevin | Senior Managing Director | $862.75 | 1.0 | $862.75 |
| [3] Hewitt, Kevin | Senior Managing Director | $977.34 | 3.0 | $2,932.02 |
| [4] Hewitt, Kevin | Senior Managing Director | $977.51 | 3.0 | $2,932.53 |
| Hofstad, Ivo | Director | $450.00 | 0.5 | $225.00 |
| Jelen, Michael | Senior Consultant | $320.00 | 712.2 | $227,904.00 |
| Joffe, Steven | Senior Managing Director | $825.00 | 6.0 | $4,950.00 |
| Johnston, Cheryl | Paraprofessional | $210.00 | 248.6 | $52,206.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD FEBRUARY 1, 2009 THROUGH MAY 31, 2009*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Kim, Jae | Consultant | $280.00 | 373.3 | $104,524.00 |
| Korsman, Lynn | Senior Consultant | $455.00 | 751.9 | $342,114.50 |
| Kream, Benjamin | Consultant | $350.00 | 135.5 | $47,425.00 |
| Lake, Brett | Manager | $300.00 | 21.7 | $6,510.00 |
| Lau, King | Director | $450.00 | 172.1 | $77,445.00 |
| Lazzara, Frank | Managing Director | $515.00 | 4.8 | $2,472.00 |
| Lennon, Chad | Consultant | $255.00 | 22.5 | $5,737.50 |
| [1] Lewin, Suzanne | Managing Director | $464.98 | 5.0 | $2,324.90 |
| [2] Lewin, Suzanne | Managing Director | $511.80 | 8.0 | $4,094.40 |
| Lloyd, Brian | Consultant | $335.00 | 9.5 | $3,182.50 |
| Luchsinger, John | Senior Consultant | $310.00 | 762.0 | $236,220.00 |
| Lyman, Scott | Senior Consultant | $480.00 | 250.9 | $120,432.00 |
| McDonald, Robert | Director | $490.00 | 8.9 | $4,361.00 |
| Moore, Meghan | Consultant | $275.00 | 16.0 | $4,400.00 |
| Narang, Karan | Associate | $250.00 | 34.6 | $8,650.00 |
| Nelms, Christopher | Director | $615.00 | 834.2 | $513,033.00 |
| Pelavin, David | Senior Consultant | $335.00 | 6.6 | $2,211.00 |
| Pelino, Nicholas | Consultant | $235.00 | 814.0 | $191,290.00 |
| Reagan, Mark | Consultant | $255.00 | 80.7 | $20,578.50 |
| [3] Rickelton, Lisa | Director | $728.86 | 7.5 | $5,466.45 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD FEBRUARY 1, 2009 THROUGH MAY 31, 2009*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| [4] Rickelton, Lisa | Director | $728.99 | 8.5 | $6,196.42 |
| Rizvi, Tabish | Manager | $330.00 | 356.3 | $117,579.00 |
| Rodriguez, Yolanda | Paraprofessional | $175.00 | 5.0 | $875.00 |
| Selwood, Michael | Senior Managing Director | $750.00 | 14.0 | $10,500.00 |
| Singh, Amandeep | Senior Consultant | $385.00 | 6.6 | $2,541.00 |
| Siris, John | Managing Director | $685.00 | 447.9 | $306,811.50 |
| Smith, Douglas | Senior Consultant | $350.00 | 4.6 | $1,610.00 |
| Star, Samuel | Senior Managing Director | $825.00 | 162.3 | $133,897.50 |
| Stern, Philip | Senior Managing Director | $630.00 | 1.2 | $756.00 |
| Strong, Pamela | Consultant | $235.00 | 434.1 | $102,013.50 |
| Suh, Joseph | Manager | $330.00 | 1.6 | $528.00 |
| Summers, Joseph | Director | $585.00 | 1.0 | $585.00 |
| Tully, Conor | Senior Managing Director | $725.00 | 323.5 | $234,537.50 |
| Turner, David | Managing Director | $575.00 | 358.2 | $205,965.00 |
| Tuteja, Gurpreet | Senior Consultant | $350.00 | 462.9 | $162,015.00 |
| Volsky, Hannah | Consultant | $235.00 | 708.5 | $166,497.50 |
| [4] Wang, Luda | Consultant | $521.89 | 2.2 | $1,148.16 |
| Weinthal, Rachel | Director | $410.00 | 447.4 | $183,434.00 |
| Williams, Mark | Consultant | $275.00 | 589.5 | $162,112.50 |
| Witinok, Daniel | Director | $395.00 | 685.3 | $270,693.50 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD FEBRUARY 1, 2009 THROUGH MAY 31, 2009*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Wong, Edith | Director | $410.00 | 61.2 | $25,092.00 |
| Wu, Simon | Managing Director | $565.00 | 40.9 | $23,108.50 |
| | | **Grand Total** | 15,620.3 | $6,788,214.84 |
| | | *Less: 50% Travel Reduction* | | ($ 98,203.25) |
| | | **Net Grand Total** | | $6,690,011.59 |

(1) February 2009 GBP bill rate converted to USD bill rate.

(2) March 2009 GBP bill rate converted to USD bill rate.

(3) April 2009 GBP bill rate converted to USD bill rate.

(4) May 2009 GBP bill rate converted to USD bill rate.

**"E"**
**Summary of Time by Task Code**

EXHIBIT E
LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555
SUMMARY OF HOURS AND FEES BY PROJECT CATEGORY BY MONTH
*FOR THE PERIOD FEBRUARY 1, 2009 TO MAY 31, 2009*

| Category | Category Description | February 1 - 28, 2009 Hours | Fees | March 1, 2009 - March 31, 2009 Hours | Fees | April 1, 2009 - April 30, 2009 Hours | Fees | May 1, 2009 - May 31, 2009 Hours | Fees | Total Hours | Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | Assessment and Monetization of Remaining Assets | 32.2 | $ 25,175.00 | 26.4 | $ 21,252.00 | 22.0 | $ 14,151.50 | 15.8 | $ 12,257.00 | 96.4 | $ 72,835.50 |
| 4 | Review, Assessment and Valuation of Real Estate | 473.8 | 185,776.50 | 370.6 | 143,360.50 | 331.0 | 133,867.50 | 402.0 | 148,750.50 | 1,577.4 | 611,755.00 |
| 5 | Review, Assessment and Valuation of Other Assets | 23.3 | 18,438.50 | 8.6 | 7,095.00 | 1.9 | 1,378.50 | 6.6 | 5,235.00 | 40.4 | 32,147.00 |
| 8 | Forensic Accounting Projects | 40.2 | 26,261.00 | 7.1 | 4,506.50 | 6.8 | 4,836.00 | 21.3 | 14,195.50 | 75.4 | 49,799.00 |
| 10 | Analyze Worldwide Corporate Structure and Debt Structure | 306.2 | 168,955.50 | 68.9 | 37,919.50 | 66.6 | 35,030.00 | 37.7 | 22,475.50 | 479.4 | 264,380.50 |
| 11 | Analyze Foreign Administration and Insolvency Proceedings | 10.7 | 6,706.22 | 9.8 | 5,449.15 | 38.7 | 28,841.02 | 54.7 | 43,097.96 | 113.9 | 84,094.35 |
| 12 | Analysis/Monitoring of Cash Flow/Liquidity | 104.9 | 54,621.50 | 212.9 | 120,342.00 | 201.1 | 111,550.00 | 128.4 | 68,079.00 | 647.3 | 354,592.50 |
| 13 | Analyze Employee Compensation | 45.2 | 28,055.00 | 44.8 | 29,046.00 | 20.5 | 12,914.50 | 50.0 | 26,983.00 | 160.5 | 96,998.50 |
| 14 | Analysis of News/Press | 29.9 | 15,280.50 | 20.6 | 10,113.00 | 21.7 | 11,302.50 | 11.5 | 5,960.50 | 83.7 | 42,656.50 |
| 16 | Review and Development of Plan of Reorganization | 46.3 | 33,377.50 | 4.3 | 2,791.50 | 6.0 | 4,224.00 | 6.4 | 4,288.00 | 63.0 | 44,681.00 |
| 19 | Operational Wind-down Other | 252.4 | 156,277.00 | 255.3 | 157,287.50 | 209.9 | 129,363.50 | 154.2 | 94,884.00 | 871.8 | 537,812.00 |
| 20 | IT System and Data Preservation | 890.6 | 282,269.00 | 1,551.4 | 501,100.00 | 1,498.8 | 486,873.50 | 1,414.7 | 458,423.00 | 5,355.5 | 1,728,665.50 |
| 21 | Claims Assessment, Analysis and Adjudication | 26.4 | 17,798.00 | 4.9 | 3,256.50 | 4.7 | 3,604.50 | - | - | 36.0 | 24,659.00 |
| 22 | Assess Proposed Resolution of Derivatives | 656.4 | 345,125.00 | 975.4 | 470,231.50 | 1,076.6 | 513,057.50 | 1,219.8 | 541,164.00 | 3,928.2 | 1,869,578.00 |
| 23 | Review and Assessment of Tax Issues | 1.0 | 825.00 | 1.3 | 942.50 | 3.4 | 2,301.00 | 6.1 | 4,892.50 | 11.8 | 8,961.00 |
| 25 | Analysis of Bankruptcy Filings and Court Documents | 40.8 | 24,720.50 | 177.5 | 99,058.00 | 89.6 | 53,142.00 | 19.1 | 10,707.50 | 327.0 | 187,628.00 |
| 26 | Planning, Supervision and Review | 26.2 | 19,363.00 | 16.5 | 11,274.50 | 28.8 | 20,108.00 | 30.1 | 19,682.00 | 101.6 | 70,427.50 |
| 30 | Government Investigation Status | - | - | 2.0 | 1,263.00 | - | - | - | - | 2.0 | 1,263.00 |
| 31 | Preparation and Participation in Conference Calls with Debtor | 10.6 | 5,986.50 | 10.7 | 4,744.50 | 26.1 | 18,290.00 | 6.7 | 5,053.50 | 54.1 | 34,074.50 |
| 32 | Preparation and Participation in Conference Calls with Creditors Committee | 95.8 | 68,491.00 | 73.5 | 49,759.00 | 126.1 | 82,130.50 | 130.9 | 85,228.50 | 426.3 | 285,609.00 |
| 34 | Meetings with Other Parties | 22.7 | 16,246.50 | 7.5 | 5,717.50 | 7.1 | 3,526.50 | 16.3 | 10,961.00 | 53.6 | 36,451.50 |
| 35 | Firm Retention and Relationships Check | 11.4 | 7,865.00 | 6.4 | 3,514.00 | 79.6 | 25,016.00 | 12.7 | 5,524.00 | 110.1 | 41,919.00 |
| 36 | Preparation of Fee and Expense Application | 71.3 | 19,790.00 | 138.7 | 48,592.50 | 86.3 | 26,046.50 | 62.2 | 16,391.50 | 358.5 | 110,820.50 |
| 37 | Non-Working Travel Time | 114.0 | 34,230.00 | 182.0 | 54,900.00 | 156.0 | 46,915.00 | 194.4 | 60,361.50 | 646.4 | 196,406.50 |
| | **Sub Total** | 3,332.3 | $ 1,561,633.72 | 4,177.1 | $ 1,793,516.15 | 4,109.3 | $ 1,768,470.02 | 4,001.6 | $ 1,664,594.95 | 15,620.3 | $ 6,788,814.84 |
| | Less Travel Reduction (50% of travel fees) | | (17,115.00) | | (27,450.00) | | (23,457.50) | | (30,180.75) | | (98,203.25) |
| | **Grand Total** | 3,332.3 | $ 1,544,518.72 | 4,177.1 | $ 1,766,066.15 | 4,109.3 | $ 1,745,012.52 | 4,001.6 | $ 1,634,414.20 | 15,620.3 | $ 6,690,011.59 |

# EXHIBIT

## "F"
### Expenses by Category

**EXHIBIT F**

**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**

**SUMMARY OF EXPENSES BY CATEGORY BY MONTH**

*FOR THE PERIOD FEBRUARY 1, 2009 THROUGH MAY 31, 2009*

| Expense Category | February 1, 2009 - February 28, 2009 | March 1, 2009 - March 31, 2009 | April 1, 2009 - April 30, 2009 | May 1, 2009 - May 31, 2009 | Total |
|---|---|---|---|---|---|
| Airfare [1] | $ 11,325.77 | $ 4,605.68 | $ 9,793.98 | $ 4,973.91 | $ 30,699.34 |
| Lodging | 28,383.38 | 41,748.02 | 33,856.60 | 45,787.44 | 149,775.44 |
| Meals [2] | 4,016.77 | 6,309.93 | 6,247.21 | 5,113.97 | 21,687.88 |
| Transportation | 3,198.82 | 9,173.16 | 4,235.07 | 10,049.54 | 26,656.59 |
| Other | 555.95 | - | 468.24 | 2,038.24 | 3,062.43 |
| Total Out-of-Pocket Expenses | $ 47,480.69 | $ 61,836.79 | $ 54,601.10 | $ 67,963.10 | $ 231,881.68 |

Notes:

[1] All airplane travel is charged at the cost of coach airfare. To the extent that staff travel to locations other than their home destination for the weekend, travel expenses are limited to the lesser cost associated with the alternative destination or their home city.

[2] Meals have been limited to $40 per person per meal.

# EXHIBIT

## "G"
### Time Detail[1]

---

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.

# EXHIBIT

## "H"
### Expense Detail[1]

---

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.