WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                               :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,            :    **08-13555 (JMP)**
:
                          Debtors.                      :    **(Jointly Administered)**
:
:
------------------------------------------------------------------x

**STIPULATION AND AGREED ORDER**
**RESOLVING DISPUTE REGARDING OPEN TRADE**
**CONFIRMATION WITH PENTWATER CAPITAL MANAGEMENT, LP**

This Stipulation and Agreed Order (this "Stipulation") is entered into between

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor in the above-referenced

chapter 11 cases, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession

(together, the "Debtors"), and Pentwater Capital Management, LP ("Pentwater").

**RECITALS**

        A.    On September 15, 2008 and periodically thereafter (as applicable, the

"Commencement Date"), LBHI and certain of its affiliates each commenced in this Court

voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

The Debtors are authorized to operate their businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  Prior to the Commencement Date, LCPI was active in the secondary loan market.  In this capacity, LCPI purchased and sold both par and distressed commercial loans.  LCPI's prepetition trades were entered into both orally and through written trade confirmations.  Numerous trades remained pending as of the Commencement Date, including the Visteon Trade (as defined below).

C.  On September 12, 2008, LCPI and Pentwater discussed via telephone the trade of a $3 million term loan of borrower Visteon Corporation (the "Visteon Trade").  The Visteon Corporation term loan shall be referred to herein as the "Visteon Debt."

D.  Pentwater, informed LCPI that it wished to acquire the Visteon Debt from LCPI through a "total return swap" or a "TRS" with Deutsche Bank AG, New York Branch ("DB").  Consistent with industry practice, LCPI prepared a written LSTA Par/Near Par Trade Confirmation for signature by DB, in its capacity as purchaser.  The Debtors submit that the effort by LCPI to accommodate Pentwater's TRS financing does not in any way release Pentwater from its obligations to LCPI with respect to the trade.  LCPI believes that a binding oral agreement was reached with Pentwater with respect to the Visteon Trade and that the Visteon Trade is enforceable against Pentwater.  Pentwater denies that it was ever obligated to purchase the Visteon Debt.

E.  On November 14, 2008, LCPI filed the Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 1541] (the "Motion") seeking, *inter alia*, to assume the Visteon Trade.  In the Motion, LCPI listed Pentwater as the counterparty to the Visteon Trade.

F.  On November 28, 2008, Pentwater filed the Objection of Pentwater Capital Management, LP to Assumption of Open Trade Confirmation [Docket No. 1916] (the

"Objection"), arguing that "Pentwater's books and records do not reflect any trade, or even any confirmation, with the Debtors on September 12, 2008."

G. On December 14, 2008, the Debtors filed the Notice of Filing of Revised Exhibits and Revised Proposed Order Relating to the Debtors' Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 2206] (the "Revised Exhibits"). In the Revised Exhibits, the Debtors listed DB, rather than Pentwater, as the counterparty to the Visteon Trade.

H. On December 16, 2008, Pentwater filed the Notice of Withdrawal and Reservation of Rights with Respect to Objection of Pentwater Capital Management, LP to Assumption of Certain Open Trade Confirmations [Docket No. 2247], stating therein that "Pentwater, as the entity the Debtors asserted had a putative economic interest in the Alleged Trades . . . reserves all of its rights with respect to the Motion, including without limitation, all issues and arguments set forth in the Objection, at a later date in the event the Motion becomes relevant to Pentwater."

I. On March 9, 2009, the Debtors entered into a letter agreement with DB in which the Debtors and DB agreed that "there was and is no contract between LCPI and DB concerning [the Visteon Trade]."

J. LCPI and Pentwater dispute whether LCPI may now seek to assume the Visteon Trade as a trade with Pentwater and whether the Visteon Trade is enforceable against Pentwater. To avoid protracted litigation over this dispute, Pentwater and LCPI (together, the "Parties") have agreed that LCPI may assume the Visteon Trade and that the Parties will settle the Visteon Trade at a reduced price. The statutory committee of unsecured creditors appointed

3

in the Debtors' chapter 11 cases has consented to LCPI's assumption of the Visteon Trade and to settlement of the Visteon Trade at such price. Specifically, the Parties have agreed as follows:

**AGREED ORDER**

IT IS HEREBY AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1. LCPI's assumption of the Visteon Trade as a trade with Pentwater is hereby approved.

2. Subject to the terms of that certain letter agreement between LCPI and Pentwater, dated July 30, 2009 (the "Letter Agreement"), Pentwater is the counterparty to the Visteon Trade and the Visteon Trade is enforceable against Pentwater.

3. The Parties agree that the purchase rate by which the Parties will calculate the amount payable to LCPI upon settlement of the Visteon Trade shall be reduced from the purchase rate set forth in the original Visteon Trade as set forth in the Letter Agreement. In addition, LCPI has agreed to increase the amount of Visteon Debt that will be sold to Pentwater under the Visteon Trade to $3,349,351.32.

4. Upon Court approval hereof, Pentwater agrees to forego all further objection with regard to the Visteon Trade, with prejudice and without reservation of rights.

5. The Parties agree to use commercially reasonable efforts to settle the Visteon Trade, and further agree that the Visteon Trade shall settle in accordance with the LSTA Standard Terms, including adjustments to pricing set forth therein.

6. Pentwater hereby waives any and all claims against LCPI relating to the Visteon Trade and the September 4th Trade (as defined in the Objection) (collectively with the Visteon Trade, the "Visteon Trades"), and hereby releases any other setoff, recoupment, or

4

counterclaims relating to the Visteon Trades, with the exception of claims that may arise hereunder, under the Letter Agreement, or under the documents executed in connection with the closing of the Visteon Trade.  LCPI waives any and all claims against Pentwater relating to the Visteon Trades, and hereby releases any other setoff, recoupment, or counterclaims relating to the Visteon Trades, with the exception of claims that may arise hereunder or under the documents executed in connection with the closing of the Visteon Trade.  For the avoidance of doubt, this letter agreement shall not affect any claims that Pentwater or its affiliates may have against any of the Debtors other than with respect to the Visteon Trades, or the rights of the respective Debtor to object to the allowance of any such claim.

7. Pentwater shall not be entitled to assert or take any action to exercise a right to set off any claim that it might have against LCPI or any of LCPI's affiliates against Pentwater's obligation to make payment to LCPI pursuant to the Visteon Trade.

8. Each person who executes this Stipulation on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such party.

9. The Court retains jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation or the assumption of the Visteon Trade.

10. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Evidence of execution of this Stipulation may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of an originally signed document, each of which shall be as fully binding on the party as a signed original.

11.     If this Stipulation is not approved by the Court, it shall be deemed null and void and shall not be referred to or used for any purpose by any of the Parties hereto or any of the other parties in the Debtors' chapter 11 cases.  In such event, the Parties shall retain their respective rights regarding the Visteon Trade.

Dated:  August 14, 2009

| **BAKER & MCKENZIE LLP**<br><br> /s/ Ira A. Reid<br>Ira A. Reid<br><br>1114 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 891-3976<br>Facsimile: (212) 310-1600<br><br>Attorneys for Pentwater Capital Management, LP | **WEIL, GOTSHAL & MANGES LLP**<br><br> /s/ Jacqueline Marcus<br>Jacqueline Marcus<br><br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile:  (212) 310-8007<br><br>Attorneys for Debtors<br>and Debtors in Possession |
|---|---|

Dated:  August 17, 2009
         New York, New York

       /S/ James M. Peck
UNITED STATES BANKRUPTCY JUDGE