GIBSON, DUNN & CRUTCHER LLP
Randy M. Mastro (RM-9492)
Michael A. Rosenthal (MR-7006)
Gabriel Herrmann (GH-2436)
200 Park Avenue, 47th Floor
New York, New York  10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Korea Development Bank*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**KOREA DEVELOPMENT BANK'S RESPONSES AND OBJECTIONS
TO EXAMINER'S SUBPOENA FOR RULE 2004 EXAMINATION**

Pursuant to Federal Rule of Civil Procedure 45, made applicable to these proceedings by Federal Bankruptcy Rule 9016, Korea Development Bank ("KDB"), by and through its attorneys, Gibson, Dunn & Crutcher LLP, hereby responds and objects to the requests for documents (the "Requests") contained in the Subpoena for Rule 2004 Examination, dated July 28, 2009 (the "Subpoena"), purportedly served on the New York branch of KDB by counsel for Anton R. Valukas in his capacity as the appointed Examiner (the "Examiner") for Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors (the "Debtors").

## GENERAL OBJECTIONS

1. KDB objects to the Subpoena to the extent it seeks to impose upon KDB duties or obligations beyond those required by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable law or rules.

2. KDB objects to the Subpoena to the extent it seeks information or documents that were prepared in anticipation of or in connection with litigation, constitute work product, constitute or contain attorney-client communications, or are otherwise protected against disclosure pursuant to the attorney-client privilege, the work-product doctrine, or any other applicable privilege, exemption, or immunity arising under any applicable law or rules. Any disclosure of privileged or protected information or documents in response to the Subpoena is inadvertent and is not intended to waive any applicable privileges or protections and KDB requests the immediate return of any such document.

3. KDB objects to the Subpoena to the extent it purports to require the production of documents or information (1) containing confidential, sensitive, or proprietary business information and/or (2) that are subject to protective orders or confidentiality agreements.

4. KDB needs to gain a better understanding of the Examiner's objectives in seeking documents and information from KDB so that it can accurately identify the nature and scope of the documents and information sought by the Examiner's Subpoena. Although KDB will, without waiving its objections, undertake a good-faith effort voluntarily to produce responsive, non-privileged documents sought by the Subpoena, to the extent such documents exist, KDB objects to the Subpoena because, on its face, it is overbroad, unduly burdensome, vague, ambiguous, and/or not reasonably calculated to lead to the discovery of admissible evidence.

5. KDB further objects to the Subpoena as unduly burdensome because it purports to require KDB, a foreign entity and non-party to the above-captioned proceedings, to produce a

2

volume of documents and information authored in Korean or other foreign languages, and maintained outside of the United States, which would require extensive expenditures to process, review, and prepare for production.

6. KDB objects to the Subpoena to the extent that it purports to require the production of documents and information beyond the scope of the investigation authorized by the Court's January 16, 2009 Order appointing the Examiner in connection with the above-captioned proceedings.

7. KDB objects to the Subpoena on the ground that it was provided inadequate notice of the Examiner's motion requesting entry of this Court's February 11, 2009 Order pursuant to Federal Rule of Bankruptcy Procedure 2004 purporting to authorize the issuance of the Subpoena, that the Subpoena purports to require the production of documents and information beyond the scope of a proper motion for an order pursuant to Federal Rule of Bankruptcy Procedure 2004, and that there is no valid basis for seeking compulsory discovery from KDB because there is no contested matter involving KDB pending in these proceedings, no adversary proceeding pending to which KDB is a party, and no viable claim to be asserted by the Examiner or the Debtors against KDB in these proceedings.

8. KDB objects to the Subpoena to the extent it seeks documents that (a) are not in KDB's possession, custody, or control; (b) are already in the Examiner's possession, custody, or control; (c) are in the possession, custody, or control of LBHI, Lehman Brothers Inc., any other Lehman entity, and/or the Debtors; or (d) are obtainable from other, less burdensome sources, including, but not limited to, publicly available documents (including, but not limited to, court papers and exhibits thereto, public filings, or documents available via Internet or otherwise).

9.     KDB objects to the Subpoena to the extent that it calls for the production of documents or information the production of which is restricted under the laws of South Korea. To the extent disclosure of documents or information by KDB would result in a violation of any applicable provision or principle of South Korean law or regulations, whether civil or criminal in nature, including, but not limited to, any applicable laws and regulations concerning data privacy, bank secrecy, or criminal law, KDB objects to the Requests.

10.    KDB objects to the Subpoena to the extent that it is vague and ambiguous, or contains terms or phrases that are undefined and subject to varying interpretations or definitions.

11.    KDB objects to the Subpoena to the extent it calls for the production of documents not reasonably accessible or not in a reasonably usable form, including, without limitation, information or documents stored or otherwise contained within inaccessible sources.

12.    KDB objects to the Subpoena insofar as it fails to provide any confidentiality protection for KDB's documents and information. Without waiving its objections, KDB will undertake a good-faith effort voluntarily to produce responsive, non-privileged documents sought by the Subpoena as detailed herein, if any such documents exist, only after entry by the Court of a suitable Order that protects KDB's documents and information from disclosure to any person or entity other than the Examiner or his counsel.

13.    KDB objects to the purportedly unlimited time period covered by the Subpoena on the grounds that it is overbroad, unduly burdensome, beyond the scope of the investigation authorized by the Court's January 16, 2009 Order appointing the Examiner in connection with the above-captioned proceedings, and not reasonably calculated to lead to the discovery of admissible evidence. Unless otherwise noted, KDB will voluntarily produce responsive, non-

privileged documents as detailed herein, if any such documents exist, dated or created during the period from September 4, 2008 to September 15, 2008.

14. KDB objects to Instruction No. 2 of the Subpoena to the extent that it is unduly burdensome and seeks to impose upon KDB duties or obligations beyond those required by the Federal Bankruptcy Rules, the Federal Rules of Civil Procedure, or other applicable rules or court orders.

15. The fact that KDB has objected or responded to any of the Requests in the Subpoena shall not be deemed an admission that KDB accepts or admits the existence of any fact(s) set forth or assumed by such Request, that KDB agrees with any characterization of any fact or law as set forth in such Request, or that such objection or response constitutes admissible evidence. By agreeing voluntarily to produce documents or information or by voluntarily producing the same in response to the Subpoena, KDB neither waives nor intends to waive any objections that it may have regarding the use of such documents or information by any party, including, but not limited to, authenticity, competency, privilege, relevance, materiality, or admissibility. Furthermore, the fact that KDB has responded to part or all of any Request is not intended to operate as, and shall not be construed as, a waiver by KDB of any part of any objection to any Request. KDB reserves the right to supplement, modify, or amend these responses and to make further objections that may become apparent as additional documents and/or information are located. Further, these responses and objections shall not be deemed to be a waiver of any rights afforded to KDB under the Foreign Sovereign Immunities Act.

16. The General Objections set forth above are incorporated by reference into each of the specific responses set forth below as if fully set forth therein.

17.     The General Objections set forth above and the specific objections to each Request set forth below are made as to matters which are objectionable from the face of the Requests. These objections are made without prejudice to, or waiver of, KDB's right to object on all appropriate grounds to the provision of specific information and the production of specific documents or things, either prior to, at the time of, or after the date set for response to these Requests.

## SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**Preamble to Requests:**

Please provide any documents or information concerning the potential acquisition by KDB (either acting alone, or as part of a consortium) of either LBHI, Lehman Brothers Inc. ("LBI") or Neuberger Berman, or any of the assets, divisions, departments, groups, parts or subsidiaries belonging to any of them (the "target entities") including but not limited to:

**RESPONSE:**

KDB objects to this request as overbroad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. KDB further objects to this request to the extent that it purports to require the production of documents or information (1) containing confidential, sensitive, or proprietary business information and/or (2) that are subject to protective orders or confidentiality agreements, that it purports to require the production of documents and information beyond the scope of the investigation authorized by the Court's January 16, 2009 Order appointing the Examiner, that it purports to require the production of documents or information the production of which is restricted under the laws of South Korea, and that it calls for production of documents in the possession, custody, or control of LBHI, Lehman Brothers Inc., any other Lehman entity, and/or any other party subject to the

6

Court's subpoena power. Subject to and without waiving the foregoing specific objections and the General Objections, KDB will voluntarily produce responsive, non-privileged documents in its possession, custody, or control, if any exist, at a reasonable time after an appropriate confidentiality order has been entered by the Court.

**Request No. 1:**

All communications between Korea Development Bank and LBHI, LBI or any other Lehman entity in connection with the potential investment in or acquisition of any of the target entities.

**RESPONSE:**

KDB objects to this request as overbroad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. KDB further objects to this request to the extent that it purports to require the production of documents or information (1) containing confidential, sensitive, or proprietary business information and/or (2) that are subject to protective orders or confidentiality agreements, that it purports to require the production of documents and information beyond the scope of the investigation authorized by the Court's January 16, 2009 Order appointing the Examiner, that it purports to require the production of documents or information the production of which is restricted under the laws of South Korea, and that it calls for production of documents in the possession, custody, or control of LBHI, Lehman Brothers Inc., any other Lehman entity, and/or any other entity subject to the Court's subpoena power. Subject to and without waiving the foregoing specific objections and the General Objections, KDB will voluntarily produce responsive, non-privileged documents in its possession, custody, or control, if any exist, at a reasonable time after an appropriate confidentiality order has been entered by the Court.

**Request No. 2:**

All analyses or reports created by or at the request or direction of Korea Development Bank concerning the financial condition or the valuation of any assets and/or liabilities of any of the target entities.

**RESPONSE:**

KDB objects to this request as overbroad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. KDB further objects to this request to the extent that it purports to require the production of documents or information (1) containing confidential, sensitive, or proprietary business information and/or (2) that are subject to protective orders or confidentiality agreements, that it purports to require the production of documents and information beyond the scope of the investigation authorized by the Court's January 16, 2009 Order appointing the Examiner, and that it purports to require the production of documents or information the production of which is restricted under the laws of South Korea. Subject to and without waiving the foregoing specific objections and the General Objections, KDB will voluntarily produce responsive, non-privileged documents in its possession, custody, or control, if any exist, at a reasonable time after an appropriate confidentiality order has been entered by the Court.

**Request No. 3:**

All documents reflecting communications with KDB's regulators regarding KDB's potential investment in or acquisition of the target entities.

**RESPONSE:**

KDB objects to this request as overbroad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. KDB further objects

8

to this request to the extent that it purports to require the production of documents or information (1) containing confidential, sensitive, or proprietary business information and/or (2) that are subject to protective orders or confidentiality agreements, that it purports to require the production of documents and information beyond the scope of the investigation authorized by the Court's January 16, 2009 Order appointing the Examiner, and that it calls for the production of documents or information the production of which is restricted under the laws of South Korea.

**Request No. 4:**

All communications within KDB or between or among KDB and other consortium members regarding the potential investment in or acquisition of the target entities.

**RESPONSE:**

KDB objects to this request as overbroad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. KDB further objects to this request to the extent that it purports to require the production of documents or information (1) containing confidential, sensitive, or proprietary business information and/or (2) that are subject to protective orders or confidentiality agreements, that it purports to require the production of documents and information beyond the scope of the investigation authorized by the Court's January 16, 2009 Order appointing the Examiner, and that it calls for the production of documents or information the production of which is restricted under the laws of South Korea. Subject to and without waiving the foregoing specific objections and the General Objections, KDB will voluntarily produce responsive, non-privileged documents in its possession, custody, or control, if any exist, at a reasonable time after an appropriate confidentiality order has been entered by the Court.

**Request No. 5:**

All communications between or among KDB and Perella Weinberg or J.P. Morgan in their roles as strategic advisors to KDB with respect to the potential investment in or acquisition of the target entities.

**RESPONSE:**

KDB objects to this request as overbroad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. KDB further objects to this request to the extent that it purports to require the production of documents or information (1) containing confidential, sensitive, or proprietary business information and/or (2) that are subject to protective orders or confidentiality agreements, that it purports to require the production of documents and information beyond the scope of the investigation authorized by the Court's January 16, 2009 Order appointing the Examiner, that it calls for the production of documents or information the production of which is restricted under the laws of South Korea, and that it calls for production of documents in the possession, custody, or control of LBHI, Lehman Brothers Inc., any other Lehman entity, and/or any other entity subject to the Court's subpoena power. Subject to and without waiving the foregoing objections and the General Objections, KDB will voluntarily produce responsive, non-privileged documents in its possession, custody, or control, if any exist, at a reasonable time after an appropriate confidentiality order has been entered by the Court.

Dated:     New York, New York
           August 19, 2008

                              GIBSON, DUNN & CRUTCHER LLP

                          By:  /s/ Randy M. Mastro
                              Randy M. Mastro (RM-9492)
                              Michael A. Rosenthal (MR-7006)
                              Gabriel Herrmann (GH-2436)

                              200 Park Avenue, 47th Floor
                              New York, NY 10166-0193
                              Tel.:  (212) 351-4000
                              Fax:  (212) 351-4035

                              *Attorneys for Korea Development Bank*

100711403_4.DOC