WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Jacqueline Marcus
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                                         :     **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :     **08-13555 (JMP)**
:
**Debtors.**                            :     **(Jointly Administered)**
:
:
------------------------------------------------------------------x

**STIPULATION AND AGREED ORDER**
**RESOLVING DISPUTE REGARDING OPEN TRADE CONFIRMATION**

This Stipulation and Agreed Order (this "Stipulation") is entered into between

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), and Halbis

Distressed Opportunities Master Fund Ltd. ("Halbis").

**RECITALS**

A.      On September 15, 2008 and periodically thereafter (as applicable, the

"Commencement Date"), LBHI and certain of its affiliates each commenced in this Court

voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

The Debtors are authorized to operate their businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.      Prior to the Commencement Date, LBHI was active in the secondary loan market.  In this capacity, LBHI purchased and sold both par and distressed commercial loans. LBHI's prepetition trades were reflected in various trade confirmations (each a "Trade Confirmation" and collectively, the "Trade Confirmations").  Numerous Trade Confirmations remained pending as of the Commencement Date, including a Trade Confirmation with Halbis dated May 15, 2008, pursuant to which LBHI agreed to sell to Halbis an interest in certain specified amounts of a revolving credit facility of Quebecor World Inc. (the "Quebecor Trade").

C.      On November 14, 2008, LBHI filed the Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 1541] (the "Motion") seeking, *inter alia*, to assume the Quebecor Trade.

D.      On December 12, 2008, Halbis objected to the Debtors' proposed assumption of the Quebecor Trade (the "Objection").  At the hearing on the Motion, the Bankruptcy Court overruled the Objection as untimely, and, by order dated December 16, 2008, the Court granted the Motion as to the Quebecor Trade (the "December 16 Order").  However, the Court stated that its ruling was "not on the merits" and thus did not prejudice Halbis's right to raise the issue of the "suitability" of the Quebecor Trade to assumption by LBHI at some future date. *See* Transcript to December 16, 2008 Hearing, at 132–33.

E.      Since entry of the December 16 Order, Halbis has taken issue with LBHI's ability to perform its obligations under the Quebecor Trade and has indicated that it would seek relief from the Court with respect to the Quebecor Trade.  LBHI has taken the position that it is capable of fully performing under the Quebecor Trade and believes that Halbis is required to settle the Quebecor Trade.  Nevertheless, to avoid protracted litigation over this dispute, Halbis

and LBHI (together, the "Parties") agreed to settle the Quebecor Trade at a slightly reduced

price, and the statutory committee of unsecured creditors appointed in the Debtors' chapter 11

cases has consented to settlement at such price.  Specifically, the Parties have agreed as follows:

**AGREED ORDER**

    IT IS HEREBY AGREED AND, UPON COURT APPROVAL HEREOF, IT

SHALL BE ORDERED THAT:

    1.  The Parties have settled the Quebecor Trade at a slightly reduced purchase

price (the "Settlement Price").

    2.  The Parties agree that this Stipulation, and the Settlement Price, is subject

to approval of the Bankruptcy Court.  If this Stipulation is not approved by the Bankruptcy

Court, LBHI reserves the right to argue that the purchase rate set forth in the Trade Confirmation

is enforceable, and Halbis reserves the right to argue that a different purchase rate applies to the

Quebecor Trade.

    3.  Subject to Court approval hereof, Halbis waives any and all claims against

LBHI relating to the Quebecor Trade, and hereby releases any other setoff, recoupment, or

counterclaims relating to the Quebecor Trade, with the exception of claims that may arise

hereunder or under the documents executed in connection with the closing of the Quebecor

Trade.  Subject to Court approval hereof, LBHI waives any and all claims against Halbis relating

to the Quebecor Trade, and hereby releases any other setoff, recoupment, or counterclaims

relating to the Quebecor Trade, with the exception of claims that may arise hereunder or under

the documents executed in connection with the closing of the Quebecor Trade.

    4.  Each person who executes this Stipulation on behalf of a party hereto

represents that he or she is duly authorized to execute this Stipulation on behalf of such party.

5.      Subject to Court approval hereof, this Stipulation constitutes the entire

agreement and understanding of the Parties relating to the subject matter hereof and supersedes

all prior agreements and understandings relating to the subject matter hereof.

6.      The Court shall retain jurisdiction to resolve any disputes or controversies

arising from or related to this Stipulation or the assumption of the Quebecor Trade.

7.      This Stipulation may be executed in multiple counterparts, each of which

shall be deemed an original but all of which together shall constitute one and the same

instrument.  Evidence of execution of this Agreement may be exchanged by fax or by electronic

transmission of a scanned copy of the signature pages or by exchange of an originally signed

document, each of which shall be as fully binding on the party as a signed original.

8.      If this Stipulation is not approved by the Court, it shall be deemed null and void and shall not be referred to or used for any purpose by any of the Parties hereto or any of the other parties in the Debtors' chapter 11 cases.  In such event, the Parties shall retain their respective rights regarding the Quebecor Trade.

Dated:  August 14, 2009

**BINGHAM MCCUTCHEN LLP**                    **WEIL, GOTSHAL & MANGES LLP**

 /s/ Carol A. Weiner _____                       /s/ Jacqueline Marcus
Carol A. Weiner                                      Jacqueline Marcus

399 Park Avenue                                      767 Fifth Avenue
New York, New York 10022                             New York, New York 10153
Telephone: (212) 705-7000                            Telephone: (212) 310-8000
Facsimile: (212) 752-5378                            Facsimile:  (212) 310-8007

Attorneys for Halbis Distressed                      Attorneys for Debtors
Opportunities Master Fund Ltd.                       and Debtors in Possession


Dated:  August 20, 2009
        New York, New York


                                                    /S/ James M. Peck
                                                    UNITED STATES BANKRUPTCY JUDGE