Hearing Date and Time: August 26, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: August 21, 2009 at 4:00 p.m. (Prevailing Eastern Time)

Sean A. O'Neal
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for PB Capital Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

**OBJECTION TO MOTION OF THE DEBTORS PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE FOR AN ORDER ENFORCING THE AUTOMATIC STAY AND HOLDING SHINSEI BANK IN CONTEMPT FOR VIOLATING THE AUTOMATIC STAY**

PB Capital Corporation ("PB Capital"), by and through its undersigned counsel, hereby submit this objection (the "Objection") to the motion (the "Shinsei Motion") D.I. 4764 of the above-captioned debtors and debtors in possession (the "Debtors") pursuant to sections 105(a) and 362 of the Bankruptcy Code, for an order enforcing the automatic stay and holding Shinsei Bank in contempt for violating the automatic stay. In support of its Objection, PB Capital respectfully states as follows:[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Shinsei Motion.

1. PB Capital is a creditor of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and certain of its affiliated Debtors in the above-captioned cases.

2. PB Capital is also a creditor of certain Foreign Debtors that are affiliates of LBHI, including Lehman Brothers International (Europe) and Lehman Brothers Treasury Co. B.V.

3. PB Capital is not affiliated with Shinsei and has no knowledge of the facts upon which the Shinsei Motion is based, other than by virtue of having read the Shinsei Motion. For purposes of this objection, PB Capital assumes that the factual allegations in the Shinsei Motion are true and correct in all respects that are material to this objection.

4. In the Shinsei Motion, the Debtors have taken the position that Shinsei has violated the automatic stay of Section 362(a) of the United States Bankruptcy Code by proposing an alternative to the plan of rehabilitation proposed by Sunrise in its Japanese insolvency proceedings. According to the Shinsei Motion, the alternative plan of rehabilitation would result in certain intercompany claims of LBHI and its affiliate LB Asia against Sunrise being subordinated to claims of other creditors of Sunrise (including Shinsei).

5. For purposes of this objection, PB Capital assumes that Shinsei has the right under Japanese bankruptcy law to propose its alternative plan of rehabilitation, and that Shinsei's proposal to subordinate the claims of LBHI and LB Asia constitutes the legitimate exercise of the right of a creditor under Japanese insolvency law.

6. PB Capital hereby objects to the Shinsei Motion insofar as it purports to state that the legitimate exercise of the rights of a creditor of a Foreign Debtor, in accordance with the laws governing the Foreign Insolvency Proceedings to which a Foreign Debtor is subject, would constitute a violation of the automatic stay.

7. As the Debtors have noted in the Shinsei Motion, the Lehman group was organized in a complex, international structure involving multiple affiliates in numerous jurisdictions. Many creditors of the group, including PB Capital, have claims against several of these affiliates, including Foreign Debtors. PB Capital and other creditors are currently engaged in a complex process of determining how best to preserve their rights and claims under the laws of several jurisdictions.

8. This process necessarily involves the exercise of rights in Foreign Insolvency Proceedings. As an example, creditors such as PB Capital have submitted or may in the future submit claims in Foreign Insolvency Proceedings. By submitting claims against Foreign Debtors where LBHI is also a creditor, PB Capital and other creditors necessarily reduce the amount that LBHI can recover from the Foreign Debtors (because LBHI must share with other creditors who file valid claims). Surely, filing a claim in a Foreign Insolvency Proceeding cannot be considered a violation of the automatic stay. The Shinsei Motion, if granted, would at least raise a serious question on this point.

9. There is no logical difference between filing a claim in a Foreign Insolvency Proceeding involving a Foreign Debtor, or exercising any other legitimate right in such a Foreign Insolvency Proceeding. If <u>foreign</u> bankruptcy laws legitimately provide that affiliate claims may be subject to subordination, the automatic stay under <u>United States</u> bankruptcy laws should not prevent creditors from seeking to subordinate such claims. Such a result would be an extraordinary extraterritorial application of United States laws, and would be inconsistent with basic notions of international comity.

10. The position taken by the Debtors would also be contrary to fundamental notions of fairness. If the Shinsei Motion were granted and applied in other circumstances, all

creditors other than the Debtors (or their affiliates) could arguably be prohibited from enforcing their rights in Foreign Insolvency Proceedings (even against Debtor affiliates), while the Debtors (and their affiliates) would be subject to no such restriction. The result would be that the Debtors' positions in those proceedings would be unopposed, regardless of their validity as a matter of Foreign Insolvency Law.

11. For the foregoing reasons, PB Capital objects to the Shinsei Motion to the extent that it would purport to preclude a creditor from filing claims against Foreign Debtors, or exercising any other legitimate rights in Foreign Insolvency Proceedings involving Foreign Debtors.

12. PB Capital reserves all rights and nothing herein shall be construed as an admission or waiver of any rights or claims that PB Capital may be entitled to assert.

13. PB Capital reserves all rights to be heard before the Court with regard to the issues raised in the Objection.

WHEREFORE, for the reasons set forth herein, PB Capital respectfully requests that this Court (i) deny the Shinsei Motion, and (ii) grant such other and further relief as this Court may deem just or proper. Alternatively, if the Court considers that there are facts specific to Shinsei that warrant granting the Debtors relief against Shinsei, PB Capital respectfully requests that the Court make it clear that its decision is specific to Shinsei, and does not create any implication that creditors would be generally prohibited by the automatic stay from exercising legitimate rights in Foreign Insolvency Proceedings involving the Foreign Debtors and would not otherwise affect the law of the case.

4

Dated: New York, New York
　　　　August 21, 2009

                              Respectfully submitted,

                              CLEARY GOTTLIEB STEEN & HAMILTON LLP

                              By:  /s/ Sean A. O'Neal
                              Sean A. O'Neal
                              One Liberty Plaza
                              New York, New York 10006
                              Telephone: (212) 225-2000
                              Facsimile: (212) 225-3999

                              *Attorneys for PB Capital Corporation*