**OBJECTION DEADLINE: August 21, 2009 at 4:00 p.m.**
**HEARING DATE: August 26, 2009 at 10:00 a.m.**

Lindsee P. Granfield
Lisa M. Schweitzer
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Barclays Bank PLC and Barclays Capital Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Lehman Brothers Holdings Inc., *et al.*,<br><br>Debtors. | Chapter 11 Case No.<br><br>08-13555 (JMP)<br><br>Jointly Administered |

**RESPONSE OF BARCLAYS BANK PLC AND BARCLAYS CAPITAL INC.
TO DEBTORS' MOTION FOR AN ORDER ENFORCING THE
AUTOMATIC STAY AND HOLDING SHINSEI BANK IN CONTEMPT**

Barclays Bank PLC and Barclays Capital Inc. (together, "Barclays"), by and through their undersigned counsel, hereby submit this response (the "Response") to Debtors' Motion For An Order Enforcing The Automatic Stay And Holding Shinsei Bank In Contempt For Violating The Automatic Stay, dated August 11, 2009 [D.I. 4764] (the "Motion").[1] In support of its Response, Barclays respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Motion seeks a determination that Shinsei Bank violated the automatic stay in the Debtors' chapter 11 cases by filing a competing rehabilitation plan in the

---
[1] All capitalized terms used but not defined herein shall have the definitions ascribed to such terms in the Motion.

Japanese insolvency proceeding of Sunrise, an indirect LBHI subsidiary, that would subordinate the claim of an LBHI non-debtor affiliate, LB Asia, and a much smaller claim of LBHI, against Sunrise. Although the Motion is not directed at Barclays or its affiliates, Barclays and certain of its affiliates are creditors in these chapter 11 cases, as well as creditors in insolvency proceedings in other jurisdictions in respect of certain of the Debtors' affiliates. Accordingly, Barclays is concerned that entry of the relief sought in the Motion would have a chilling effect on the ability of creditors to prosecute their claims against pre-bankruptcy affiliates of the Debtors that are the subject of foreign insolvency proceedings in other jurisdictions. Indeed, the Debtors make clear in the Motion that they are seeking a finding that Shinsei Bank has violated the automatic stay and to hold Shinsei Bank in contempt in order to, *inter alia*, prevent other creditors from "follow[ing] suit." See Motion ¶¶ 35-36. Taking the Debtors' position to its logical conclusion, the mere act of filing a claim in a foreign insolvency proceeding, which may dilute (either directly or indirectly) the recoveries of the Debtors, could potentially be seen as an automatic stay violation. This is not the law.

2. Barclays submits that the Debtors' overly broad interpretation of the scope of the automatic stay is unsupported by the Bankruptcy Code and relevant case law. First, the Debtors have failed to demonstrate why the automatic stay, even if applicable to a creditor's efforts to subordinate a debtor's claim in a foreign insolvency proceeding of an affiliate, should be extended in this instance to protect non-debtor affiliates such as LB Asia from efforts by a creditor to subordinate the non-debtor affiliate's claim. Moreover, the automatic stay is also inapplicable to a creditor's efforts to participate in a foreign insolvency proceeding according to the procedures and the law of that jurisdiction by objecting to (or seeking to subordinate) a claim asserted by a debtor in that proceeding. This is because it is axiomatic that the automatic stay is

2

not violated when parties take defensive actions to protect their claims in way that may have some dilutive impact on a debtor's claim. Finally, the principles set forth in the Protocol militate against using the automatic stay as a sword to stop creditors from legitimately prosecuting their claims and attempting to maximize their recoveries against non-debtors in foreign insolvency proceedings.

## RESPONSE

**A.**     *The Automatic Stay Does Not Apply to Protect the Claim of a Non-Debtor Affiliate*

3.     As set forth in the Motion, the vast majority of the intercompany claims asserted by LBHI and its affiliates in the Sunrise Insolvency Proceeding belong to LB Asia, a non-debtor affiliate of LBHI, while LBHI only possesses a relatively small claim against Sunrise. See Motion ¶18. While the automatic stay protects against "any act to obtain possession . . . or to exercise control over property of the estate," 11 U.S.C. § 362(a)(3), through the Motion, the Debtors are seeking an impermissible extension of the automatic stay to protect non-debtor affiliates. See Teachers Ins. & Annuity Ass'n v. Butler, 803 F.2d 61, 65 (2d Cir.1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors . . . .").

4.     Courts will only extend the automatic stay in limited circumstances to protect non-debtors. For example, courts have extended the automatic stay to non-debtors "where a particular action against the non-debtor party threatens to adversely affect the debtor's reorganization efforts," e.g., Gucci, Amer., Inc. v. Duty Free Apparel, Ltd., 328 F. Supp.2d 439, 441 (S.D.N.Y. 2004), or in "unusual circumstances" (e.g., where there is such an identity of interest between the debtor and the non-debtor that a judgment against the non-debtor could be

3

seen to be a judgment against the debtor), A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986).[2]

5. None of those limited circumstances are present here so as to justify extending the automatic stay to protect claims of a non-debtor affiliate of LBHI. While Shinsei Bank's proposed rehabilitation plan, to the extent adopted, may impact the Debtors' recoveries in their capacity as creditors, the Debtors have failed to make a showing that Shinsei Bank's actions in Japan will materially harm the Debtors' reorganization efforts. Moreover, this is not a situation where a creditor asserts an affirmative claim against a non-debtor that will have an immediate adverse impact on the debtor. Shinsei Bank is not asserting an affirmative claim against LB Asia that will ultimately result in liability for LBHI. Rather, Shinsei Bank is acting defensively in a foreign insolvency proceeding to subordinate an affirmative claim, the recovery on which may ultimately flow to LBHI.[3] Simply put, there is no basis to extend the automatic stay (to the extent it would even apply in the first place to Shinsei Bank's attempt to subordinate the claim of LBHI) to enjoin Shinsei Bank's actions in a foreign insolvency proceeding that may adversely affect the claim of LB Asia.[4]

---

[2] For example, the Second Circuit agreed to stay an appeal of a punitive damage award against an individual debtor and its non-debtor co-defendant wholly-owned corporation on the grounds that "adjudication of a claim against the [non-debtor] corporation would have an immediate adverse impact on [the debtor]." See Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003). This case is inapposite here as LBHI is not a co-defendant with respect to affirmative claims for liability brought against it and its wholly-owned subsidiary. Moreover, in Queenie, it is worth noting that none of the parties opposed the extension of the automatic stay to the appeal of the non-debtor corporation. Id. at 288.

[3] See also Feldman v. Trustees of Beck Indus., Inc. (In re Beck Indus., Inc.), 479 F.2d 410 (2d Cir.1973) (bankruptcy court jurisdiction did not extend to permit a referee to restrain a state court proceeding against a wholly-owned subsidiary of the debtor even though the value of the debtor's stock in the subsidiary would be directly impacted by the results of the state litigation); Gen. Am. Tank Car Corp. v. Adolf Gobel, Inc. (In re Adolf Gobel, Inc.), 80 F.2d 849, 852 (2d Cir.1936) ("[M]ere financial interest of a bankrupt estate in the outcome of litigation pending in the state courts does not authorize the issuance of an injunction against such prosecution.").

[4] The Debtors cite 48th St. Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th St. Steakhouse, Inc.), 835 F.2d 427, 431 (2d Cir. 1987) for the proposition that any action taken against a non-debtor party that would inevitably have an impact on the property of the estate should be barred by the automatic stay. See Motion ¶ 29. 48th Street Steakhouse is wholly inapposite here. In In re 48th St. Steakhouse, the Second Circuit affirmed a finding that a

4

B.   *The Automatic Stay Does Not Apply to Defensive Actions Taken By a Creditor in an Insolvency Proceeding*

6.   Moreover, the automatic stay is inapplicable in any event to a creditor's efforts to maximize its claim in an insolvency proceeding by objecting to (or seeking to subordinate) a claim asserted by a debtor (LBHI) in such proceeding. This is because defensive actions by a creditor seeking to subordinate the claim of another creditor do not violate the automatic stay. See Justus v. Fin. News Network, Inc. (In re Fin. News Network, Inc.), 158 B.R. 570, 573 (S.D.N.Y. 1993) ("The purpose behind [] section 362 also indicates that the distinction between 'offensive' and 'defensive' actions of a party which affect the debtor's estate is an appropriate one to draw in determining the applicability of an automatic stay."). For example, it is not a violation of the automatic stay for a party object to a proof of claim filed by a debtor in a separate bankruptcy proceeding. Id. at 573 ("In objecting to Kaypro's proof of claim filed in the New York Bankruptcy Court, FNN acted in a defensive manner to protect its own legal rights . . . ."). Nor is it a violation of the automatic stay to seek to disallow and/or equitably subordinate the claim of a debtor in bankruptcy proceeding. See In re Metiom, Inc., 301 B.R. 634, 638 (Bankr. S.D.N.Y. 2003); see also In re Palmdale Hills Property LLC, 08-17206 (EAS) (Bankr. C.D. Cal. Mar. 10, 2009) (bankruptcy court in cases of SunCal debtors entered order expressly finding that the automatic stay in these chapter 11 cases does not bar claim objection or

---

landlord's action in sending a lease termination notice to a lessee where the debtor was a sub-lessee violated the automatic stay because "it is axiomatic that, under New York law, when a prime lease falls, so does the sublease." Id. at 430 (internal citations omitted). Unlike the offensive action in 48th St. Steakhouse meant to directly take away property of the debtor's estate, Shinsei Bank's filing of a competing rehabilitation plan in the Sunrise Insolvency Proceeding is a defensive action to protect its claim from dilution vis-à-vis other creditors, including the Debtors and their affiliates, in a foreign insolvency proceeding. As set forth below, such a defensive action does not fall within the ambit of the automatic stay, even if the automatic stay does somehow extend to actions against a non-debtor affiliate's property.

5

proceeding to subordinate the claim of Lehman Commercial Paper Inc. in the SunCal debtors' chapter 11 cases).[5]

7. Based on these authorities, Shinsei Bank and other creditors are entitled to take defensive actions in an insolvency proceeding, such as proposing a rehabilitation plan that may subordinate a claim of a debtor (or an affiliate of the debtor) acting as a creditor, in order to protect against dilution of their own claims. The Debtors and their affiliates have affirmatively lodged claims in the Sunrise Insolvency Proceeding and are seeking distributions from the estate of Sunrise, to the detriment of other creditors such as Shinsei Bank. The Debtors must not be allowed to use the automatic stay as both a sword and a shield when the Debtors or their non-debtor affiliates act as creditors in other parties' insolvency proceedings.

C. *Applying the Automatic Stay to Enjoin Creditor Enforcement Actions in a Foreign Insolvency Proceeding Is Inconsistent With the Principles Set Forth in the Protocol*

8. Contrary to the Debtors' statements in the Motion, the goals set forth in the Protocol would be harmed by entry of the relief requested in the Motion. One of the main principles of the Protocol is comity, and the Debtors have agreed in Protocol that "each Tribunal is an independent, sovereign Tribunal, entitled to preserve its independent jurisdiction and authority with respect to matters before it and the conduct of the Official Representatives." Protocol § 11.1. Moreover, the Debtors agreed in the Protocol that "[n]othing in this Protocol is intended to interfere with the exercise of jurisdiction by each of the Tribunals in the Proceedings . . . according to applicable national law and professional rules." Id. § 11.3. By seeking to prevent Shinsei Bank from taking legitimate actions in Japan in the Sunrise Insolvency Proceeding, the Debtors appear to be interfering with the authority of the Tokyo District Court and with Japanese insolvency law, thereby acting in contravention of the spirit, if not the letter,

---

[5] A copy of the cited order is attached hereto as Exhibit A. This order and certain related orders are currently subject of appeals to the 9th Circuit Bankruptcy Appellate Panel. Such appeals have yet to be determined.

6

of the Protocol. Moreover, to the extent the relief set forth in the Motion is granted, affiliates of the Debtors in foreign jurisdictions may be incentivized to seek similar relief from their domestic courts with respect to these chapter 11 cases. All such actions would run counter to the Protocol's goal of fostering "cooperation and coordination." See Motion ¶ 14.

[*The remainder of this page has been left blank intentionally*]

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, Barclays respectfully requests that this Court: (a) deny the Debtors' Motion in its entirety; and (b) grant such other and further relief as this Court may deem just or proper.

Dated: New York, New York
August 21, 2009

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Lindsee P. Granfield

Lindsee P. Granfield
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Barclays Bank PLC and Barclays Capital Inc.*

**EXHIBIT A**

| Attorney or Party Name, Address, Telephone & Fax Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| PAUL J. COUCHOT -- State Bar No. 131934<br>PETER W. LIANIDES -- State Bar No. 160517<br>**WINTHROP COUCHOT P.C.**<br>660 Newport Center Drive, Fourth Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-4100<br>Facsimile. (949) 720-4111<br>pcouchot@winthropcouchot.com<br>plianides@winthropcouchot.com<br><br>General Insolvency Counsel for<br>Jointly Administered Debtors in Possession<br><br>☒ *Attorney for Jointly Administered Debtors in Possession* | **FILED & ENTERED**<br><br>**MAR 10 2009**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY daniels    DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re<br>PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS,<br><br>        Jointly Administered Debtors and Debtors-in-Possession<br><br>Affects:<br>☐ All Debtors<br>☒ Palmdale Hills Property, LLC,<br>☐ SunCal Beaumont Heights, LLC<br>☒ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☒ SunCal Summit Valley, LLC<br>☒ SunCal Emerald Meadows LLC<br>☒ SunCal Bickford Ranch, LLC<br>☒ Acton Estates, LLC<br>☐ Seven Brothers LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☒ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☐ SCC Communities LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF, LLC | CHAPTER. 11<br><br>CASE NO.. 8:08-bk-17206-ES<br><br>DATE:    February 20, 2009<br>TIME:    10:00 a.m.<br>PLACE:   Courtroom 5A<br>FLOOR:   5 |

**ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**UNDER 11 U.S.C. § 362**
**(MOVANT: Lehman Commercial Paper, Inc.)**
**(Personal Property: SunCal Communities I, LLC Pledged Interests)**

1. The Motion was:    ☒ Contested    ☐ Uncontested    ☐ Not Prosecuted

2. The description of the property (the "Property") to which this Order applies is as follows *(specify common description or street address)*: SuncCal Communities I, LLC's pledged interests in each of the following project-owning entities:
   SunCal Bickford Ranch, LLC, SunCal Emerald Meadows, LLC, SunCal Johansen Ranch, LLC, SunCal Summit Valley, LLC, and SunCal Beaumont Heights, LLC

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                                    **F 4001-10.DENY**

Order Denying Motion for Relief from Automatic Stay – Page 2 of 6    **F 4001-10.DENY**

| In re: PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS | CHAPTER 11 |
|---|---|
| Jointly Administered Debtors in Possession. | CASE NUMBER 8:08-bk-17206-ES |

3. The Motion is denied:  ☒ without prejudice    ☐ with prejudice    ☒ on the following grounds.

   ☒ Based upon the findings and conclusions made on the record at the hearing
   ☐ Unexcused non-appearance by Movant
   ☐ Lack of proper service
   ☐ Lack of good cause shown for relief from stay
   ☐ The automatic stay is no longer in effect under:  ☐ 11 U.S.C. § 362(c)(2)(A)  ☐ 11 U.S.C. § 362(c)(2)(B)
                                                        ☐ 11 U.S.C. § 362(c)(3)(A)  ☐ 11 U.S.C. § 362(c)(4)(A)
   ☐ Other *(specify)*

4. ☐ Movant may not file another motion for relief from the stay in this case absent a court order authorizing re-filing

5. Based upon the findings and conclusions made on the record at the hearing, and having considered the Omnibus Objection to Form of Proposed Order Denying Motion for Relief from the Automatic Stay filed by Lehman Ali, Inc. and Lehman Commercial Paper, Inc. on or about February 27, 2009, the Court holds that:

   (a) The Motion sufficiently states an express demand referencing the nature and amount of the claim, and therefore Movant's Motion constitutes an informal proof of claim.
   (b) This Court has concurrent jurisdiction to determine the scope or applicability of the automatic stay under 11 U.S.C §362(a) and/or (b), arising from the Chapter 11 bankruptcy proceeding of Lehman Commercial Paper, Inc. ("Lehman Commercial") as it applies to matters before this Bankruptcy Court.
   (c) The automatic stay arising from the bankruptcy case of Lehman Commercial does not apply to any objection to the claim of Lehman Commercial, any proceeding to subordinate the claim of Lehman Commercial pursuant to 11 U.S.C. § 510(c)(1), and/or the transfer of a lien securing a subordinated claim to the estate pursuant to 11 U.S.C. § 510(c)(2), in this Chapter 11 proceeding.
   (d) The Debtors may object to the claim of Lehman Commercial, seek to subordinate the claim of Lehman Commercial pursuant to 11 U.S.C. § 510(c)(1), and/or seek to transfer a lien securing a subordinated claim to the estate pursuant to 11 U.S.C. § 510(c)(2), via an adversary proceeding or plan, without violating Lehman Commercial's automatic stay.

###

DATED: March 10, 2009

*/s/ Erithe A. Smith*
United States Bankruptcy Judge

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009    **F 4001-10.DENY**

Order Denying Motion for Relief from Automatic Stay – Page _ of 6    **F 4001-10.DENY**

| In re: PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS | CHAPTER 11 |
|---|---|
| Jointly Administered Debtors in Possession. | CASE NUMBER 8:08-bk-17206-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described **ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY (PROPERTY: SunCal Communities I)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R Civ.P. 5 and/or controlling LBR, on February 20, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 20, 2009   Lindy Herman | /s/ Lindy Herman |
|---|---|
| Date                Type Name | Signature |

| Order Denying Motion for Relief from Automatic Stay – Page _ of 6 | **F 4001-10.DENY** |
|---|---|
| In re: PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS | CHAPTER 11 |
| Jointly Administered Debtors in Possession. | CASE NUMBER  8:08-bk-17206-ES |

**ADDITIONAL SERVICE INFORMATION** (if needed):

- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Dan E Chambers    dchambers@rutan.com
- Paul J Couchot    pcouchot@winthropcouchot.com, pj@winthropcouchot.com
- Caroline Djang    crd@jmbm.com
- Joseph A Eisenberg    jae@jmbm.com
- Richard W Esterkin    resterkin@morganlewis.com
- Alan J Friedman    afriedman@irell.com
- Kelly C Griffith    bkemail@harrisbeach.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Michelle Hribar    mhribar@rutan.com
- Peter W Lianides    pj@winthropcouchot.com
- Charles Liu    cliu@winthropcouchot.com
- Kerri A Lyman    klyman@irell.com
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- Martha E Romero    Romero@mromerolawfirm.com
- William D Schuster    bills@allieschuster.org
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Jason Wallach    jwallach@bergerkahn.com

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009    **F 4001-10.DENY**

Order Denying Motion for Relief from Automatic Stay – Page _ of 6    **F 4001-10.DENY**

| In re: PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS | CHAPTER 11 |
|---|---|
| Jointly Administered Debtors in Possession. | CASE NUMBER 8:08-bk-17206-ES |

**NOTE TO USERS OF THIS FORM:**
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order
3) Category I. below: The United States trustee and case trustee (if any) will always be in this category.
4) Category II. below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief DO NOT list an address if person/entity is listed in category I

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY (PROPERTY: SunCal Communities 1)** was entered on the date indicated on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of February 20, 2009, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009    **F 4001-10.DENY**

Order Denying Motion for Relief from Automatic Stay – Page _ of 6    **F 4001-10.DENY**

| In re: PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS | CHAPTER 11 |
|---|---|
| Jointly Administered Debtors in Possession. | CASE NUMBER 8:08-bk-17206-ES |

**ADDITIONAL SERVICE INFORMATION** (if needed):

BY NEF

- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Dan E Chambers    dchambers@rutan.com
- Paul J Couchot    pcouchot@winthropcouchot.com, pj@winthropcouchot.com
- Caroline Djang    crd@jmbm.com
- Joseph A Eisenberg    jae@jmbm.com
- Richard W Esterkin    resterkin@morganlewis.com
- Alan J Friedman    afriedman@irell.com
- Kelly C Griffith    bkemail@harrisbeach.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Michelle Hribar    mhribar@rutan.com
- Peter W Lianides    pj@winthropcouchot.com
- Charles Liu    cliu@winthropcouchot.com
- Kerri A Lyman    klyman@irell.com
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- Martha E Romero    Romero@mromerolawfirm.com
- William D Schuster    bills@allieschuster.org
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Jason Wallach    jwallach@bergerkahn.com

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009    **F 4001-10.DENY**