東京地方裁判所　平成 20 年（再）第 207 号　再生手続開始申立事件
再生債務者　リーマン・ブラザーズ・コマーシャル・モーゲージ株式会社
東京地方裁判所　平成 20 年（再）第 208 号　再生手続開始申立事件
再生債務者　サンライズファイナンス株式会社

平成 20 年 12 月 12 日

東京地方裁判所　民事第 20 部合議係　御中

多比羅　誠　監督委員　殿

## 再生計画提出期限延長に関する上申書

リーマン・ブラザーズ・アジア・ホールディングス・リミテッド
　代理人弁護士　　飛　松　純　一

　同　　　　　　眞　鍋　佳　奈

リーマン・ブラザーズ・ホールディングス・インク
　代理人弁護士　　桃　尾　重　明

　同　　　　　　内　藤　順　也

1．上申人らの立場

　香港法人である Lehman Brothers Asia Holdings Ltd.（以下「LBAH」といいます）及び米国デラウェア州法人である Lehman Brothers Holdings, Inc.（以下「LBHI」といい、また両社を総称して「本件債権者」といいます）は、御庁に係属中の民事再生事件（平成 20 年（再）第 207 号及び第 208 号）の再生債務者であるリーマン・ブラザーズ・コマーシャル・モーゲージ株式会社（以下「LBCM」といいます）及びサンライズファイナンス株式会社（以下「SF」といい、また両社を総称して「本件債務者」といいます）について、直接又は間接の最大の債権者であり、また、LBHI は間接的に本件債務者の株式を 100 パーセント所有しています。御参考のために本書に会社関係図を添付します。

　LBHI のみならず LBAH についても、それぞれ、米国及び香港の管轄裁判所の監督の下で法的倒産手続が進行しており、LBHI の債権者は日本を含む全世界に多数存在していて、その債権額は 60 兆円以上になります。従いまして、LBCM 及び SF の資産に基づき LBHI 及び LBAH が弁済を受ける額は、LBHI 及び LBAH が自社の債権者に対して配当可能な額

1

に重大な影響を及ぼします。このように本件債権者は、各種のステークホルダーに対し忠実義務を負っていることは云うまでもありません。本件債権者は、通常の債権者とは異なり、いわば公的義務を負っている債権者であり、本件債務者に対して有する債権の回収を最大化する公的義務があります。

２．本件債務者の資産処分

　　本件債権者は、本件債務者がその有する殆ど全ての資産（以下「本件資産」といいます）を入札方式によって売却処分する予定にしていることを知り、直ちに本件債務者に対しその延期を要請しました。その理由は、(1)本件資産を個別に慎重に分析し、直ちに売却処分した方が最大の価値を実現できる資産（以下「入札開始資産」といいます）と、すぐに売却しない方がより資産価値を高められる資産（以下「入札延期資産」といいます）に区分して処理することが、本件資産の全体の資産価値を最大化できる可能性が高いこと、及び、(2)一挙に前例のない大量の資産が市場に出されることによる資産価値の低下を防止する必要があるという経済的理由によるものであります。その後、本件債権者は、監督委員及び本件債務者と協議を繰り返し、その結果、監督委員及び本件債務者の双方において本件債権者の懸念を御理解頂けたものと考えております。同時に、本件債権者も、監督委員及び本件債務者が、全部であれ一部であれ、入札方式によって本件資産を売却するためには、本件資産の管理を担当している従業員の方々が離職することになっている平成21年3月31日までに入札手続を完了する必要があるという、監督委員及び本件債務者の御懸念を理解しました。監督委員、本件債務者及び本件債権者は、両者の懸念を念頭において、実務上可能な方法は何かについて、平成20年12月4日及び5日において深夜に及ぶ議論を重ねました。

　　以上のような両者の真剣な協議の結果、本件債権者は、監督委員及び本件債務者の御懸念である時間的制約を最大限尊重して、困難な選択ではありますが、本件資産については平成20年12月15日から予備的入札手続を開始し、その予備的入札手続が終わる平成21年1月20日（火）後10日間で、本件債権者と本件債務者が協議をして入札開始資産と入札延期資産を選別し、入札開始資産についてのみ最終入札手続を開始することに同意しました。上記協議及び同意の過程において、監督委員、本件債務者及び本件債権者は、以下の点について共通の理解に達しました。

(1)本件債務者は本件債権者に対し、①本件資産を分析するために本件資産に関する情報及び資料を実務上可能な限り提供し、そのための協議（予備的入札手続のための資産の区分、公認会計士による清算価値の算定及び前記従業員のチームとの協議も含まれます）を直ちに開始し、②予備的入札手続の結果及びファイナンシャル・アドバイザーの見解をその終了後に遅滞なく提供すること。

(2)本件債務者は、予備的入札手続の応募者に対して、本件資産のうちの一定の資産は、最終入札手続から理由の如何を問わず除外されることがあり得る旨を予め通告すること。

(3)本件債権者は、本件債務者に対し、①前記の予備的入札手続の結果及び見解を受領後、遅滞なく「入札延期資産」のリスト及び延期する理由を提出し、②平成21年4月1日以後の人的要員を含めた入札延期資産の管理体制及び管理・処分の具体的方法を提案すること。

(4)本件債務者及び本件債権者は、本件債権者が前項に基づき提出する入札延期資産について、予備的入札手続終了後10日以内に協議してその最終的内容を確定すること。この際、本件債務者は、本件債権者の意向を最大限尊重すること。

(5)本件債務者は、入札開始資産について、最終入札手続を平成21年2月初旬頃に開始し、同年3月末日までには最終入札手続を完了して最終契約を締結すること。

(6)本件債務者及び本件債権者は、再生計画案の立案について十分協議するものとし、法令に従う限り、本件債務者は本件債権者の意向を最大限尊重すること。

　以上の次第で、再生計画案の提出期限を現実的に可能な最大限の期間（例えば平成21年4月末日）まで延期して頂きたく上申する次第であります。

以　　上

添付資料

1．会社関係図

