東京地方裁判所　平成２０年（再）第２０８号　再生手続開始申立事件

再生債務者　サンライズファイナンス株式会社

平成２１年５月２２日

東京地方裁判所　民事第２０部合議係　御中

監督委員　弁護士　多比羅　誠　先生

# 上　申　書

リーマン・ブラザーズ・アジア・ホールディングス・リミテッド

代理人弁護士　飛　松　純　一 

同　　　　眞　鍋　佳　奈 

リーマン・ブラザーズ・ホールディングス・インク

代理人弁護士　桃　尾　重　明 

同　　　　内　藤　順　也

1

　平成２０年（再）第２０８号再生手続開始申立事件について、再生債権者株式会社新生銀行（以下「新生銀行」といいます。）より提出された再生計画案（平成２１年５月１５日付再生計画案及び平成２１年５月１９日付再生計画案修正許可申請書による修正後の再生計画案、以下「新生再生計画案」と総称します。）に関し、再生債権者リーマン・ブラザーズ・アジア・ホールディングス・リミテッド（以下「ＬＢＡＨ」といいます。）及びリーマン・ブラザーズ・ホールディングス・インク（以下「ＬＢＨＩ」といいます。）は、以下のとおり上申致します。

　新生銀行は、再生債務者が「極端な過少資本状態」であること、リーマン・ブラザーズ・グループによって「不当な搾取・経営」が行われてきたこと、リーマン・ブラザーズ・グループが収益を享受する一方で、倒産リスク・無資力リスクを新生銀行をはじめとする非リーマン・ブラザーズ・グループの債権者も負担するスキームが採られていることなどを主張し、当該主張を前提に、ＬＢＡＨ及びＬＢＨＩの再生債権を劣後化することを内容とする新生再生計画案を提出しています。

　しかしながら、今回提出された新生再生計画案及び同計画案添付の各種添付資料においては、数多くの事実誤認や誤った法律解釈が見受けられます。その結果、ＬＢＡＨ及びＬＢＨＩの再生債権を劣後化すべきとする新生銀行の主張は、全く法的な根拠を欠くものとなっています。

　ＬＢＡＨ及びＬＢＨＩとしては、このような事実誤認及び誤った法律解釈に基づく新生再生計画案は、再生債権者の権利の変更の内容が不平等である点において民事再生法第１５５条１項に明白に違反し、かつ、いたずらに再生手続を遅延させ、ＬＢＡＨ及びＬＢＨＩも含めた再生債権者の一般の利益に反するものであって、同計画案については、債権者集会の決議に付する旨の御庁のご決定がなされるべきではないと考えております（民事再生法第１６９条１項３号、同第１７４条２項１号及び４号。なお、万が一、新生再生計画案が決議に付されたとして

2

も、再生債務者の再生債務額の過半数を有するＬＢＡＨは同計画案に同意いたしませんので、同案が可決される見込みはありません）。

新生銀行による上記主張の一部については、新生銀行によって管理命令の申立が示唆された段階でＬＢＡＨから監督委員宛にご提出した平成２１年５月７日付上申書（添付ご参考資料）において、既に概括的な反論をさせていただいております。しかしながら、ＬＢＡＨ及びＬＢＨＩとしては、今般の新生再生計画案の提出を受け、同計画案の依拠する事実関係及び法律解釈の誤りをより詳細かつ具体的に明らかにするため、再生債務者から必要な情報の開示を受けた上で、貴庁及び監督委員に対する上申書を改めて提出する予定でおります。

上記上申書において詳細に論ずる予定ではありますが、本件は以下の点においても特別の状況にあることを申し添えます。

(1) 新生銀行は、再生債務者に対する債権についてＬＢＨＩの「保証」を得ていること

(2) 新生銀行は、金融庁の監督の下に銀行業を営んでいる金融取引のプロであって、再生債務者に対する融資にあたっては、リスク分析を十分に行ったうえで融資を行っているはずであること

(3) ＬＢＨＩ及びＬＢＡＨのみならず世界各国のリーマン・ブラザーズ・グループ会社の殆どについてそれぞれの管轄裁判所において法的倒産処理手続が採られており、全世界の債権者が平等に扱われるべき事案であること

以上の事情を斟酌いただき、御庁におかれましては、近日中に別途提出予定のＬＢＡＨ及びＬＢＨＩによる上申書をご検討頂いた上で、公正なご判断を頂きたく、ここに上申致します。

以　上

（ご参考資料）

平成２１年５月７日付上申書（ＬＢＡＨ）

平成20年（再）第208号　再生手続開始申立事件

再生債務者　サンライズファイナンス株式会社

平成21年5月7日

監督委員　弁護士　多比羅　誠　先生

上　申　書

リーマン・ブラザーズ・アジア・ホールディングズ・リミテッド

代理人弁護士　飛　松　純　一　㊞

同　　　　　眞　鍋　佳　奈　㊞

　平成20年（再）第208号再生手続開始申立事件（以下「本件再生手続」といいます。）について再生債権者株式会社新生銀行（以下、単に「新生銀行」といいます。）より提出された平成21年4月24日付上申書（以下「新生上申書」といいます。）に関し、再生債権者リーマン・ブラザーズ・アジア・ホールディングズ・リミテッド（以下「LBAHといいます。」は、以下のとおり上申致します。

1

1　はじめに

　端的に申し上げて、本件再生手続について「民事再生法の濫用」と決めつける新生銀行の主張は、誤った事実関係の認識及び独自の法律解釈論に基づくものであって、何ら正当な根拠に基づくものではありません。また、同行が示唆する管理命令の発令は、その必要性が全くないばかりか、これまで再生債務者によって進められてきた資産処分のプロセスを遅延、さらには覆滅しかねないものであり、明らかに総債権者の利益に反する結果となります。

　したがって、再生債務者の最大債権者であるLBAHとしては、総債権者の利益を害する結果となるような管理命令の発令については全面的に反対であって、監督委員のご指導のもと、再生債務者による本件再生手続の速やかな進行を希望します。

　新生銀行の主張に理由がないことについては、再生債務者自身から具体的かつ説得的な反論がなされるものと考えますが、再生債務者の最大債権者としての立場に鑑み、以下、若干敷衍させていただきます。

2　再生債務者の資本構成は、何ら不当との誹りをうけるものではないこと

　新生銀行は、再生債務者の払込資本金が総資産額に対して低い比率であったことを取り上げて、「再生債務者においては、その利益の大半をリーマン・ブラザーズ・グループが吸収しながら、その破綻リスクについては、他の金融債権者に不当に転嫁するビジネススキームが取られていたものです」と主張しています（新生上申書2頁）。

　しかし、法人の払込資本金と借入金との比率をどのように設定するかはひとえに当該法人の資本戦略上の問題であって、払込資本金の規模が総資産額に比して低い比率であることのみから直ちに「いびつな構造」であると論難されるいわれ

2

はありません。

　もちろん、一般論として、払込資本金の額が小さければ、それだけ債権者に対して引当てとなる資産が少ないことになりますから、金融機関や取引先からの信用供与を受けにくくなるという事実上の不利益は考えられます。しかし、新生銀行が、このような再生債務者の資本構造を十分に理解しつつ、都市銀行としての自らの与信判断の下に貸し付けを実行したと思われる以上（実際の新生銀行による再生債務者への貸付けがどのように実施されたのかＬＢＡＨとして関知するところではありませんが、さすがに都市銀行としての何らかの与信判断のもとに貸し付けを実行したものと思われます）、いざ貸付先が倒産した段階になって、資本構造がいびつであったなどと主張するのは、全く筋違いと考えます。仮に、新生銀行が、ある法人の払込資本金が事業規模に比して過小であると考えたならば、当該法人に対する貸付けを実行しなければよいだけであって（あるいは、担保を徴求するなど適切な債権保全措置を採ればよいだけであって）、法的倒産手続に至ってから債務者の資本構成を「いびつ」であるとか「不当」であるとか後付けの理屈で問題視するのは誤っています。また、本件再生手続において、再生債務者がいかなる資本規模であれば「いびつ」「不当」ではなかったことになるのか、判断することも不可能です。

　また、ＬＢＡＨは、まさに再生債務者の最大の債権者として、本件再生手続において民事再生法に基づいた権利の制約を受けるに至っているのであり、新生銀行を含めた他の金融債権者に破綻リスクを「転嫁した」という評価も客観的事実に反します。仮に、リーマン・ブラザーズ・グループが再生債務者の事業上の利益を享受してきたという経過があったとすれば（なお、ＬＢＡＨは再生債務者の株主ではありません）、それが会社法に則った手続で行われている限り、「再生債務者の事業が失敗すれば自らの出資がゼロになるかも知れない」という株主としてのリスクに見合ったリターンであって、何ら非難される筋合いのものではありません。

3

3　本件再生手続は、リーマン・ブラザーズ・グループ全体の国際的倒産手続の一部として理解されるべきであること

　新生銀行は、あたかも、日本国内の金融債権者の犠牲のもと、再生債務者の利益の大部分が海外のリーマン・ブラザーズ・グループに不当に簒奪されているかのように主張しています。しかし、このような新生銀行の主張において根本的に欠落しているのは、本件再生手続は、リーマン・ブラザーズ・グループ全体の国際的倒産手続の一部である、という視点です。新生銀行のいう「リーマン・ブラザーズ・グループ」については、各国の倒産処理法制のもとで個別に破綻処理が進められており、ＬＢＡＨ自身、香港特別行政区高等法院第一審裁判所のもとで法的清算手続に入っており、ＫＰＭＧに所属する複数の清算人が債権者及び裁判所によって選任され、総債権者のために債権の確定及び資産の処分が行われている状況にあります。また、新生銀行が「リーマン・ブラザーズ・グループの頂点」と形容する米国法人リーマン・ブラザーズ・ホールディングズ・インク（以下「ＬＢＨＩ」といいます。）にしても、米国ニューヨーク州においていわゆる「チャプター・イレブン」の適用が申請され、やはり総債権者の利益のための破綻処理が進められています。これら海外のリーマン・ブラザーズ・グループに対しては、海外の金融機関はもとより、日本の金融機関も巨額の債権を有しており、こうした世界各国のリーマン・ブラザーズ・グループに対する債権者の利害を適切かつ公平に調整することが、現在、もっとも重要な課題になっているところです。この意味で、新生銀行が繰り返し強調するところの「リーマン・ブラザーズ・グループ」などというものは既に解体されており、各国の倒産法制に基づき、それぞれの裁判所の監督のもとで、資産の処分等が進められています。再生債務者の現経営陣にしても、すでに裁判所の選任した清算人のコントロール下に入っているＬＢＡＨを特別かつ不公正に優遇すべきインセンティブは、何もありません。

4

　このように、新生銀行が２００８年９月のリーマン・ブラザーズの破綻の前後を区別することなく「リーマン・ブラザーズ・グループ」と称するものは、同グループの破綻によって大きく性格を変えているのであって、この点をことさらに無視して展開されている新生銀行の議論は、全く実態に即しないものです。仮に、債権者の権利と株主の権利を混同するような新生銀行の主張に基づいて日本の民事再生手続の進行が妨げられたり、遅延したりするようなことがあれば、日本の倒産処理法制及び会社法制に対する海外の裁判所等の信頼が著しく損なわれることは明らかであって、そのような事態は避けられるべきです。

4　清算型倒産手続であるからといって、管財人の選任が必要になるわけではないこと

　新生銀行は、清算型倒産手続においては、「本来、債務者自身にその財産の処理を任せることは適当ではな」いと主張し、本件再生手続においても、管財人のもとで再生債務者の財産の管理または処分が遂行されるべきと述べています（新生上申書３頁）。
　しかし、清算型倒産手続であるから管財人が選任されるべき、ということはありません。現に、清算型倒産手続である特別清算においては、株主総会の決議によって選任された清算人が財産の管理処分を実施することとされており、管財人が選任されるべきかどうかは、個別事件の実態に即してケース・バイ・ケースで判断されるべきものであることは明らかです。清算型の民事再生手続においても、清算型であることを理由に管理命令が発令されるということはなく、いわゆるＤＩＰ型のまま清算型民事再生手続が遂行されることが定着した実務であることも、ここで改めて指摘するまでもありません。
　また、ＬＢＡＨが再生債務者から説明を受けたところによれば、再生債務者の資産の劣化を防止するためには、従来再生債務者において資産の管理を担当して

5

きた従業員及び役員の協力が不可欠であるとのことです。現在、再生債務者の資産を売却するためのビッドプロセスが実施され、最高額入札者との間で資産処分のための契約が締結されつつある重要な局面であると認識していますが、仮に、この段階で管理命令が発令され、再生債務者の現経営陣・現申立代理人が再生債務者の資産の管理処分に携われない事態となれば、落札された資産の価値に予期せぬ悪影響が及び、最高額入札者との契約の締結及びクロージングに障害が生じたりする懸念があり、そうなれば、債権者には極めて深刻な不利益が生じます。

　したがって、清算型倒産手続であることを理由として管財人の選任を妥当とする新生銀行の主張は、根拠自体が薄弱であるばかりか、上記のような重大なリスクを現実化する可能性を孕むものであって、再生債務者の最大債権者として、到底受け容れがたいものです。

5　LBAHの知る限り、入札手続に何ら不公正な点は認められないこと

　新生銀行は、再生債務者の保有する財産の処分及び管理（より具体的には、平成20年12月以降に再生債務者が実施した上記ビッドプロセス）が、LBAHを含めた「リーマン・ブラザーズ・グループを不当に優遇し、その意向に従った」ものであって、「著しく不誠実かつ不衡平」であると論難していますが（新生上申書5頁）、この主張も、全く誤った事実認識に基づくものです。

　そもそも、上記ビッドプロセスは、早期の資産処分が再生債権者の利益を最大化するための最善の選択肢であるとの再生債務者の独自の判断のもと、LBAH及びLBHIの意向は一切聴取されることなく計画されていたものでした。平成20年11月、ビッドプロセスが開始される直前になってようやく日本の状況を把握したLBAH及びLBHIは、再生債務者に対して協議を申し入れ、現下の不動産市場及びファイナンス環境において早急にビッドプロセスを実施することが総債権者にとって有益であるのか（すなわち、このような市場・環境において

6

適切な価格で資産の処分が可能であるのかどうか)、また、少なくとも売り手として資産の評価手続(デュー・ディリジェンス)を実施し、仮に入札価格が客観的に低すぎると判断される場合には当面の間資産を継続保有するという選択肢も留保すべきではないか、との問題提起を行いました。

その後、監督委員をも交えた協議の結果、LBAHの理解なくしては再生計画案の可決ができないという本件再生手続の事情等に鑑み、LBAHが入札対象資産に関して合理的な範囲での情報開示を受け、ビッドプロセスに対する意見を述べる機会を与えられるかわりに、再生債務者が当初計画していたとおりの資産を対象としてビッドプロセスが実施されることとなったものです。

そして、結果的に、第2次入札の結果、最高入札価格は資産の客観的価値に照らして十分に合理的なものであることが判明したため、当初入札対象とされた資産はすべてビッドプロセスを通じた売却を目指すこととなり、LBAH及びLBHIの関与によって入札対象資産の範囲が変更されたことはありませんでした。この点に関し、新生銀行は、LBAH及びLBHIの関与の結果として、「本体財産を入札対象資産と入札延期資産とに区別」し、「入札延期資産とされた財産については、入札手続から外し」たといった主張をしていますが(新生上申書4頁)、客観的事実に反しています。

以上のようなLBAHによる問題提起及びその後のビッドプロセスの進行が何らかの公正さを阻害しているとは全く考えられませんし、むしろ総債権者の協同の利益に合致するものであったことは明らかです。

一方、株式会社三菱東京UFJ銀行等による情報開示等の要望については、LBAHは関知しておりませんが、これらの銀行が民事再生法上の債権者委員会を組織していたわけでもありませんし、ビッドプロセスが進行している関係上、対象資産についての詳細な情報開示を控えることは一般論としては当然のことと思われ、当該要望が受け容れられなかったからといって再生債務者の対応が不誠実

7

であると決めつけることはできないと考えます。

　また、この点に関連してあえて付言すれば、平成２０年１２月、ビッドプロセス実施の報に接したＬＢＡＨが、新生銀行に対し、債権者委員会を組織することも含めて再生債務者に適切な情報開示を求めることを提案した際、新生銀行の幹部は「当行としては、現在のビッドプロセスを尊重し、出来るだけ早期に再生債務者の資産売却が進められることを希望している」と口々に表明し、拙速な資産売却に疑問を呈するＬＢＡＨの意見と異なり、ビッドプロセスを通じた早期一括売却という再生債務者の方針への支持姿勢を明確にしておりました。にもかかわらず、今頃になって再生債務者のビッドプロセスの成果を覆滅しようとする新生銀行の態度には全く一貫性がなく、総債権者の利益にも著しく反するものであって、ＬＢＡＨとしては疑問を禁じ得ません。

6　再生債務者の財産管理体制等について

　再生債務者の財産管理体制に関する新生銀行の主張については、再生債権者であるＬＢＡＨとして特に意見を申し述べる立場にはありませんので、具体的な反論は控えさせていただきます。

　しかしながら、あえて一言申し上げるならば、再生債務者の資産の管理運営の大部分は外部に委託されており、もともと多数の従業員が在籍する必要のあるような事業ではなかったと認識しております。また、人員を増加することで資産の管理及び処分がスムーズに進むというような単純な問題であれば、再生債務者としても当然そのような方策をとっていたはずです。

　いずれにせよ、人員・体制の問題については、新生銀行の示唆するような管理命令の発令によって解決されるような問題ではないことは明らかですし、万一、管理命令によって現経営陣が再生債務者を離れるような事態が生じれば、さらなる人材の散逸を招くだけであって、総債権者にとって不利益をもたらすことは確

8

実であると考えます。

7　まとめ

　以上のとおり、再生債務者によってこれまで進められてきた本件再生手続において、ＬＢＡＨを含めたリーマン・ブラザーズ・グループが不当に優遇されたとか、不当に影響力を行使したといった事情は、一切存在しません。また、再生債務者によって実施されたビッドプロセスには、ＬＢＡＨの知る限りにおいて何ら不公正な点は認められませんし、結果的にも、再生債務者が入札の対象資産として予定していたものについては全て適切な価格で落札されており、総債権者にとって何ら不利益となる点はないと考えます。

　仮に、再生計画案の提出目前という段階になって、新生銀行による管理命令の申立てがなされるとすれば、いたずらに手続を混乱・遅延させ、関係者の努力によって得られたビッドプロセスの成果を覆滅する結果となることは明白です。したがって、本件再生手続の帰趨について最大の利害関係を有するＬＢＡＨとしては、新生銀行の主張及び管理命令の申立てには全面的に反対いたしますので、この旨、念のため上申いたします。

以　上