DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Phone: (212) 698-3500
Fax:   (212) 698-3599
Glenn E. Siegel
Alessandra Tebaldi-Castelli

*Attorneys for Frank Russell Company*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
In re:                                                            :    Chapter 11
:
LEHMAN BROTHERS HOLDINGS, INC. et al.,   :    Case No. 08-13555 (JMP)
:
Debtors.                                                :    Jointly Administered
:
-----------------------------------------------------------X

**JOINDER BY RUSSELL INVESTMENT GROUP TO
CERTAIN OBJECTIONS TO DEBTORS' MOTION FOR AN ORDER
PURSUANT TO SECTIONS 105(A) OF THE BANKRUPTCY CODE AND
GENERAL ORDER M-143 FOR AUTHORIZATION TO IMPLEMENT
ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR
AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVE CONTRACTS**

Frank Russell Company d/b/a Russell Investment Group ("**Russell**"), by and through its undersigned attorneys, hereby submits this joinder (the "**Joinder**") in and to the following Objections (as defined below) to *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-143 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivative Contracts* [Docket No. 4453] (the "**ADR Motion**" )[1]:

    a) *Response of Epco Holdings, Inc. to ADR Motion* [Docket No. 4532], with respect to paragraphs 8 through 15;

---

[1] Capitalized terms used and not defined herein shall have the meaning ascribed to them in the ADR Motion.

15233390

b) *Opposition of Easton Investments II, a California Limited Partnership to ADR Motion* [Docket No. 4533], with respect to sections A through C of the Argument;

c) *Objection of American Family Life Assurance Company of Columbus to ADR Motion* [Docket No. 4536], with respect to paragraphs 4 through 6;

d) *Limited Objection of Embarcadero Aircraft Securitization Trust with respect to ADR Motion* [Docket No. 4539], with respect to paragraphs 3 through 9;

e) *Objection of First Choice Power, L.P. to ADR Motion* [Docket No. 4543], with respect to paragraphs 7 through 21;

f) *Objection of The Royal Bank of Scotland plc and Affiliates to ADR Motion* [Docket No. 4544], with respect to paragraphs 4 through 7;

g) *Objection of Optim Energy Marketing and Trading, LLC (f/k/a Energyco Marketing and Trading, LLC) to ADR Motion* [Docket No. 4545], with respect to paragraphs 7 through 21;

h) *Limited Objection of the University of Pittsburgh to ADR Motion* [Docket No. 4546], with respect to paragraphs 34 through 40;

i) *Objection of Public Bank Berhad to ADR Motion* [Docket No. 4549], with respect to paragraphs 1 through 8;

j) *Objection of the Nebraska Investment Finance Authority to ADR Motion* [Docket No. 4561], with respect to paragraphs 14 through 35;

k) *Objection of the Hotchkiss School to ADR Motion* [Docket No. 4562], with respect to paragraphs 8 through 11 and 14 through 21;

l) *Limited Objection of Bank of America, N.A., Merrill Lynch & Co., Inc. and their Respective Affiliates to ADR Motion* [Docket No. 4566], with respect to paragraphs 5 through 9;

m) *Omnibus Objection of Derivative Counterparties to ADR Motion* [Docket No. 4571], with respect to paragraphs 13 through 36;

n) *Limited Objection of Nomura International PLC and its Affiliates to ADR Motion* [Docket No. 4576], with respect to paragraphs 5 through 9;

o) *Limited Objection of Retirement Housing Foundation, Foundation Property Management, Bixby Knolls Towers, Inc., Gold Country Health Center, Inc., Mayflower Gardens Health Facilities, Inc., Mayflower RHF Housing, Inc., Sun City RHF Housing, Holly Hill RHF Housing, Inc., Merritt Island RHF*

*Housing, Inc., Martin Luther Foundation, Inc., Yellowwood Acres, Inc., Bluegrass RHF Housing, Inc., St. Catherine RHF Housing, Inc, and Desmet RHF Housing, Inc. to ADR Motion* [Docket No. 4586], with respect to paragraphs 5 through 15;

p) *Limited Objection of Massachusetts Water Resources Authority to ADR Motion* [Docket No. 4593], with respect to paragraphs 5 through 15;

q) *Objection of Gaston Christian School, Inc. to ADR Motion and Joinder in the Objections Of The Hotchkiss School And Wellmont Health System thereto* [Docket No. 4594], with respect to paragraphs 8 through 14; and

r) *Limited Objection of Metropolitan West Asset Management, LLC and Metropolitan West Funds, on behalf of itself and its various mutual fund series to ADR Motion* [Docket No. 4597], with respect to paragraphs 5 through 15 (collectively, the "**Objections**").

In support of the Joinder, Russell respectfully represents as follows:

1. Russell acts as investment manager for various domestic and foreign persons (the "**Russell Clients**") that are parties to numerous terminated prepetition derivative contracts under certain ISDA Master Agreements with some of the Debtors (the "**Russell ISDA Agreements**") as well as many foreign exchange transactions that incorporate by reference certain provisions of the ISDA Master Agreements (the "**Foreign Exchange Transactions**").

2. The ADR Motion seeks authorization, pursuant to section 105(a) of the Bankruptcy Code and the Court's General Order M-143 (the "**Standing Order**"), to implement certain alternative dispute resolution procedures (as amended by the *Proposed Revised Order* attached as <u>Exhibit A</u> to *Notice of (I) Adjournment of Hearing and (II) Revised Proposed Order Approving ADR Motion* [Docket No. 4634], the "**ADR Procedures**") with respect to prepetition Derivative Contracts and the affirmative claims of the Debtors for monetary recovery arising from their terminated and open prepetition derivative contracts, including, but not limited to, swap agreements and forward contracts (the "**Derivative Contracts with Recovery Potential**").

3

On information and belief, the ADR Motion applies to the Russell ISDA Agreements and the Foreign Exchange Transactions.

3. The ADR Procedures established by the Proposed Order are inflexible, unduly restrictive and punitive to a degree wholly inconsistent with the spirit of mediation and the Standing Order. In addition, the ADR Procedures violate the express terms of the Russell ISDA Agreements, the provisions of the transaction documentation executed by Russell and the Debtors applicable to the Foreign Exchange Transactions, the general terms and conditions related to dealing in the derivative and foreign exchange markets and grant unto the Debtors rights and remedies that have been reserved for Russell and the Russell Clients.

4. In light of the foregoing, Russell joins with and incorporates by reference the arguments made by the Objections.

5. For these reasons, Russell respectfully requests that any order approving the ADR Procedures grant Russell (i) the relief requested in its *Limited Objection to the ADR Motion* [Docket No. 4555]; (ii) the relief requested in this Joinder and (iii) such other and further relief as this Court deems just and proper.

Dated: August 24, 2009
New York, New York

Respectfully Submitted,

DECHERT LLP

/s/ Glenn E. Siegel
Glenn E. Siegel
Alessandra Tebaldi-Castelli
1095 Avenue of the Americas
New York, New York 10036
Phone: (212) 698-3500
Fax:   (212) 698-3599
glenn.siegel@dechert.com
alessandra.tebaldi-castelli@dechert.com

*Attorneys for Frank Russell Company,
d/b/a Russell Investment Group*