WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
:
**In re** : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
:
Debtors. : **(Jointly Administered)**
:
:
---------------------------------------------------------------------x

**OMNIBUS CERTIFICATE OF NO OBJECTIONS**
**UNDER 28 U.S.C. § 1746 REGARDING DEBTORS'**
**MOTIONS SCHEDULED FOR HEARING ON AUGUST 26, 2009**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 2837] (the "Amended Case Management Order"), the undersigned hereby certifies as follows:

1.  Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the following motions (collectively the "Motions") with this Court:

- Motion for Approval of Settlement Agreement with Orange Beach Member **[Docket No. 4491]**

- Motion to Enter into a Revolving Surety Bond Facility Agreement and to Grant First Priority Liens in Cash Collateral to Travelers **[Docket No. 4769]**

- Motion for Authorization to Act as the Foreign Representatives of their Estates in the United Kingdom **[Docket No. 4718]**

2. In accordance with the Amended Case Management Order, August 21, 2009 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a response to the Motions (the "Objection Deadline"). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the objection deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motions has been filed with the Court on the dockets of the above-referenced cases in accordance with the procedures set forth in Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motions been served on Debtors' counsel.

4. Accordingly, for the reasons set forth in the Motions, the Debtors respectfully request that the proposed Orders annexed hereto as <u>Exhibits A - C</u>, which have not been modified since the filing of the Motions, be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: August 24, 2009
      New York, New York

                                          /s/ Richard P. Krasnow
                                          Richard P. Krasnow

                                          WEIL, GOTSHAL & MANGES LLP
                                          767 Fifth Avenue
                                          New York, New York 10153
                                          Telephone: (212) 310-8000
                                          Facsimile: (212) 310-8007

                                          Attorneys for Debtors
                                          and Debtors in Possession

# EXHIBIT A

**(Proposed Order – Docket No. 4491)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                    :
In re                                               :    Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :    08-13555 (JMP)
                                                    :
                        Debtors.                    :    (Jointly Administered)
                                                    :
------------------------------------------------------------x

### ORDER GRANTING MOTION FOR APPROVAL OF
### SETTLEMENT AGREEMENT WITH ORANGE BEACH MEMBER

Upon the motion, dated July 28, 2009 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for approval of the Settlement Agreement, dated June 24, 2009 (the "Settlement Agreement") between LBHI and Orange Beach Member, LLC ("Orange Beach Member") annexed to the Motion as Exhibit A, as more particularly described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to Orange Beach Member; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, LBHI is duly authorized to enter into the Settlement Agreement and to consummate all of the transactions contemplated thereby, it being understood that any actions described in this paragraph taken by the Debtors or their affiliates may be taken without the necessity of (x) any further court proceedings or approval or (y) any consent of any third party, and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that this Order shall be effective and enforceable immediately

upon entry and its provisions shall be self-executing and shall not be stayed pursuant to Bankruptcy Rule 6004; and it is further

ORDERED, FOUND AND DETERMINED that the Debtors are receiving fair consideration and reasonably equivalent value in exchange for the transfers made by them under the Settlement Agreement; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: August __, 2009
New York, New York

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**(Proposed Order – Docket No. 4769)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                             :

In re                                        :           Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :           08-13555 (JMP)

                  Debtors.                  :           (Jointly Administered)

------------------------------------------------------------------x

**ORDER GRANTING LBHI'S MOTION PURSUANT TO
SECTIONS 105(a) AND 364 OF THE BANKRUPTCY CODE AUTHORIZING
LBHI TO GRANT FIRST PRIORITY LIENS IN CASH COLLATERAL POSTED
IN CONNECTION WITH A SURETY BOND AGREEMENT WITH TRAVELERS**

Upon the motion, dated August 11, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105 and 364 of the Bankruptcy Code, for authorization to grant first priority liens to Travelers Casualty and Surety Company of American and its subsidiaries and affiliates (collectively, "Travelers") in a cash securities account under the control of Travelers of up to $10 million (the "Cash Collateral") in connection with a revolving surety bond facility (the "Surety Bond Agreement"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative

2

procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (ii) the attorneys for the Official Creditors' Committee (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Travelers; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that LBHI is hereby authorized, pursuant to section 364(c)(2) of the Bankruptcy Code, to enter into, and perform under, the Surety Bond Agreement and to post Cash Collateral up to $10 million in accordance with the terms of the Surety Bond Agreement; and it is further

ORDERED that LBHI is authorized to grant Travelers a first priority lien in the Cash Collateral; and it is further

ORDERED that the Debtors are hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the Surety Bond Agreement and the granting of the first priority liens in the Cash Collateral to Travelers; and it is further

ORDERED, that Travelers is granted relief from the automatic stay, as may be necessary, upon five business days' notice to the Debtors, the Creditors' Committee and the U.S.

3

Trustee, to cancel any Bond in accordance with the terms of such Bond and the Surety Bond Agreement and to draw upon the Cash Collateral in accordance with the terms of the Surety Bond Agreement; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated:  August __, 2009
           New York, New York

UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT C

**(Proposed Order – Docket No. 4718)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
:
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
:
------------------------------------------------------------------x

**ORDER AUTHORIZING THE DEBTORS TO ACT AS THE FOREIGN**
**REPRESENTATIVE OF THEIR ESTATES IN THE UNITED KINGDOM**

Upon the motion, dated August 5, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, other than Lehman Brothers Special Financing Inc. ("LBSF"), as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 1505 of title 11 of the United States Code (the "Bankruptcy Code") for authorization to act as the foreign representatives of their estates in the United Kingdom, to seek recognition of their chapter 11 cases on behalf of their estates, and to request that the High Court of Justice, England and Wales ("High Court") lend assistance to this Court in protecting the property of the Debtors' estates, and to seek any other appropriate relief from the High Court that the High Court deems just and proper, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28

6

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, in accordance with the purpose of chapter 15 of the Bankruptcy Code and the UNCITRAL Model Law on Cross-Border Insolvency, to provide effective mechanisms for dealing with cases of cross-border insolvency so as to promote the objectives of (a) cooperation between courts involved in cases of cross-border insolvency; (b) greater legal certainty for trade and investment; (c) fair and efficient administration of cross-border insolvencies that protects the interests of all creditors and other interested persons, including the Debtors; (d) protection and maximization of the value of the debtor's assets; and (e) facilitation of the rescue of

financially troubled businesses, thereby protecting investment and preserving employment; the Debtors are hereby authorized (a) to act as the foreign representatives of their estates in the United Kingdom, (b) to seek recognition of their chapter 11 cases on behalf of their estates, (c) to request that the High Court lend assistance to this Court in protecting the property of their estates, and (d) to seek any other appropriate relief from the High Court that the High Court deems just and proper in the furtherance of the protection of the Debtors' estates; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 9014 are satisfied; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____, 2009
      New York, New York

                                                                              UNITED STATES BANKRUPTCY JUDGE