WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter Gruenberger
Ralph I. Miller
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : 08-13555 (JMP) |
| Debtors. | : (Jointly Administered) |

-------------------------------------------------------------------x

**DECLARATION OF PETER GRUENBERGER IN SUPPORT OF**
**DEBTORS' MOTION PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY**
**CODE AND GENERAL ORDER M-143 FOR AUTHORIZATION TO IMPLEMENT**
**ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE**
**CLAIMS OF DEBTORS UNDER DERIVATIVES CONTRACTS**

Pursuant to 28 U.S.C. § 1746, I, Peter Gruenberger, declare:

1.      I am over the age of 18 years and make these statements of my own personal

knowledge.  If called to testify, I could testify to the truth of the matters set forth herein.

2.      I am the Partner at the law firm of Weil, Gotshal & Manges LLP ("WGM") who

has been primarily responsible for the Debtors' Motion Pursuant to Section 105(a) of the

Bankruptcy Code and General Order M-143 for Authorization to Implement Alternative Dispute

Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Contracts (the

"Motion").

3.    I make this Declaration to explain: (a) Debtors' efforts to compromise with potential and actual objectors by making reasonable changes requested by them to the proposed form of order attached to the Motion (the "Proposed Order"); (b) the lack of effort made by many eventual objectors apparently even to review the changes the Debtors had made to the Proposed Order before filing their objections; and (c) the failure of a vast majority of objectors to withdraw their objections, in whole or in part, despite the reality that their objections have in fact been satisfied by Debtors' modifications to the Proposed Order.

4.    The Motion, together with initial Proposed Order, was filed with the Court on July 20, 2009 and served on counsel for the thousands of existing counterparties to Derivatives Contracts (the "Derivatives Counterparties") with the Debtors.  That same day, WGM began receiving communications from counsel for numerous Derivatives Counterparties regarding questions, comments and proposed changes to that initial Proposed Order.  I personally participated in numerous telephone calls and email exchanges with respect to virtually every inquiry made to WGM in the time period between July 20, 2009 and July 31, 2009, the deadline for filing objections to the Motion and Proposed Order.

5.    Based upon those discussions with various counsel for Derivatives Counterparties, and in consultation with the attorneys for the official committee of unsecured creditors appointed in these cases (the "Creditors' Committee"), we made modifications to the Proposed Order on July 28, 2009 (the "First Interim Order"), attached hereto at Exhibit "A," that were circulated to all counsel who by that date had made inquiries in respect of the Motion and Proposed Order to WGM.  Based upon further discussions over the next four days with counsel to the various Derivatives Counterparties and counsel to the Creditors' Committee, we made additional modifications to the Proposed Order and circulated them on July 31, 2009 (the

"Second Interim Order"), attached hereto at Exhibit "B."  Further modifications were made to

the Second Interim Order on July 31, 2009 after the deadline for filing objections had passed,

leaving unmodified all of the prior changes in the First Interim Order and the Second Interim

Order, and attached to the Debtors' Notice of Adjournment of Hearing from August 5, 2009 to

August 26, 2009 (the "Third Interim Order") attached hereto as Exhibit "C", and thus

immediately became available to all Derivatives Counterparties.

6.    In all, Debtors made a total of 22 different changes to 16 paragraphs and

subparagraphs in the interim orders in the period from July 20 to July 31, 2009.  Such changes

reflected significant accommodations Debtors made in the spirit of compromise and cooperation,

including:

- confirmation that no substantive rights of any party will be impaired in the event a settlement does not result during the ADR process, including mediation.  *See* Revised Proposed Order ¶ 5;

- clarification that Debtors are required to provide the same level of information in the Derivatives ADR Notice regarding the basis for settlement demands that Derivatives Counterparties are required to provide in response to a Derivatives ADR Notice.  *Id.* at ¶¶ 8(a), 8(b)(ii);

- recognition of distinction between Indenture Trustees and Derivatives Counterparties and expansion of time periods for Indenture Trustees who take required actions.  *Id.* at ¶¶ 8(b), 9;

- confirmation that Debtors must reply to a Derivatives Counterparty's response to a Derivatives ADR Notice.  *Id.* at ¶ 8(d);

- elimination of mediator's ability to certify questions of law to the Court.  *Id.* at ¶ 10(b);

- adoption of requirement that the mediator shall report on a monthly basis to the Court on the overall results of the mediation effort without disclosure of the substance of any mediation or settlements to maintain confidentiality.  *Id.* at ¶ 13;

- preservation of parties' extant rights to jury trial, arbitration, and foreign exclusive forum selection.  *Id.* at ¶ 14; and

- clarification that Debtors will pay all fees and costs charged by mediators.  *Id.* at ¶ 15.

7.      Such modifications caused a minimum of 12 Derivatives Counterparties to refrain from filing objections to the Derivatives ADR Procedures prior to the July 31, 2009 objection filing date.

8.      Notwithstanding these good-faith attempts by the Debtors to engage with Derivatives Counterparties to make reasonable modifications to, and achieve a consensus regarding, the Proposed Order, some Derivatives Counterparties wholly ignored the Debtors' changes and filed objections on points that had already been addressed in the First Interim and Second Interim Orders that had been brought to the attention of their counsel.  Significantly, not a single one of the remaining objectors has come forward voluntarily to abandon objections that have been addressed in the cumulative Third Interim Order.  Thus, of the 61 different timely objections filed by Derivatives Counterparties, five were withdrawn between before July 31, 2009 and today, leaving a total of 56 objections remaining as of this date.

9.      I note below just two specific examples of the many Derivatives Counterparties who, notwithstanding changes that had already been made to the Proposed Order, have persisted in pursuing even now the very objections that had been cured before their objections had even been filed.

Goldman Sachs & Co. and Wachovia Bank National Association

10.      On July 31, 2009, Goldman Sachs & Co., represented by Cleary, Gottlieb, Steen & Hamilton, LLP ("Cleary Gottlieb"), on behalf of itself and certain funds and accounts for which it acts as investment manager as well as other related Goldman entities, through its

counsel Cleary Gottlieb, filed an objection to the Motion on several grounds, and joined other objections [Docket No. 4620] (the "Goldman Objection"). The Goldman Objection asserts, among other matters: (i) that a mediator should not be able to certify questions of law to the Court; (ii) that the Proposed Order should be clarified to make it clear that the Debtors are responsible to pay for the mediator's costs and fees; and (iii) that paragraph 8 of the Proposed Order should be clarified to provide that a Derivatives ADR Notice will be served on Derivatives Counterparties and their attorneys. *See* Goldman Objection ¶ 3.

11. Similarly, on July 31, 2009, Wachovia Bank, National Association, also through its counsel Cleary Gottlieb, filed an Objection to the Motion on several grounds, and joined other objections [Docket No. 4614] (the "Wachovia Objection"). The Wachovia Objection is virtually identical to, and raises the same objections as, the Goldman Objection. *See* Wachovia Objection ¶ 3.

12. Apparently signals somehow got crossed at Cleary Gottlieb because both the Goldman and Wachovia Objections, among other matters, raise the very same three points that had been previously specifically discussed with, and modified by the Debtors at the request and in the favor of another Cleary Gottlieb attorney long before Goldman Sachs and Wachovia filed their objections. Specifically, on July 24, 2009, I participated in a conference call with, among other counsel, Joel Moss, Esq. from Cleary Gottlieb representing Barclays Capital Inc. regarding proposed modifications to the Proposed Order. The conference call lasted approximately 70 minutes. Subsequent to the conference call, on July 28, 2009, WGM circulated by email the First Interim Order to Mr. Moss. A copy of that email to Mr. Moss is attached hereto at Exhibit "D." Those changes, among others:

- Struck the ability of the mediator to certify specific legal issues to the Court for decision as originally proposed. *See* First Interim Order ¶ 10(b);

- ▪ Revised section 14 of the Proposed Order to make it clear that jury trial, arbitration, and foreign forum selection rights would not be modified by participation in the Derivative ADR Procedures unless a Derivative Counterparty or a Debtor affirmatively waives such rights. *See* First Interim Order ¶ 14;

- ▪ Clarified the Proposed Order to make clear that the Debtors are responsible for paying all the reasonable fees and costs charged by the mediator unless otherwise ordered by the Court. *See* First Interim Order ¶ 15; and

- ▪ Agreed that the Derivatives ADR Notice will be served upon a Derivatives Counterparty <u>and</u> its attorneys who have appeared in these cases. *See* First Interim Order ¶ 8(a).

13. WGM caused these changes to the Proposed Order to be circulated to Cleary Gottlieb through the First Interim Order and the Second Interim Order on July 28, 2009 and July 31, 2009, respectively, prior to the filing of the Goldman Objection and the Wachovia Objection.

14. Consequently, in light of these concessions, Cleary Gottlieb refrained from filing an objection on behalf of Barclays Capital Inc. But strangely Goldman Sachs and Wachovia did file objections containing these grounds among others, despite the fact that their objections as to these specific grounds previously had evaporated.

15. As it was inexplicable why Cleary Gottlieb filed the Goldman Objection and the Wachovia Objection containing these already cured issues, on August 17, 2009, at my direction, the Debtors sent an email to the counsel at Cleary Gottlieb representing Goldman and Wachovia requesting that their objections made on these grounds be withdrawn in light of the modifications we had made to the Proposed Order that cured this portion of their objections. Our requests were rejected by both counterparties. A copy of the emails rejecting our requests without bothering to state any grounds are attached hereto as Exhibit "E."

I declare under penalty of perjury under the laws of the United States that the foregoing is true

and correct to the best of my knowledge.

Executed on this 24th day of August, 2009.


/s/ Peter Gruenberger
Peter Gruenberger

**<u>Exhibit "A"</u>**

**First Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                                                :

In re                                       :          **Chapter 11 Case No.**

                                                :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*     :          **08-13555 (JMP)**

                                                :

                        **Debtors.**          :          **(Jointly Administered)**

                                                :

                                                :
--------------------------------------------------------------------x

### ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVES CONTRACTS

        The following alternative dispute resolution procedures (the "Derivatives ADR Procedures") are ORDERED to apply in the chapter 11 cases of Lehman Brothers Holdings, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession in various chapter 11 proceedings consolidated for procedural purposes only (collectively, "the Debtors").

### FINDINGS

        On motion of Debtors, the Court FINDS that numerous open and terminated derivatives contracts, including swap agreements and forward contracts (the "Derivatives Contracts with Recovery Potential"), exist as to which one or more Debtors assert that monetary recovery is due to a Debtor from a counterparty, its affiliates, or related parties.  The Court further FINDS that certain common issues exist regarding these contracts, including questions involving appropriateness of setoff, termination, valuation and computation of termination payments, and notice.  The Court further FINDS that substantial value may be recovered for the estates of Debtors, and judicial efficiency can be promoted, if expedient resolution of disputes and recoveries under such contracts can be achieved without the need for trial of adversary proceedings or other litigation.  The Court further FINDS that similar proceedings ordered in

other complex chapter 11 cases have contributed to effective administration of the proceedings and have reduced costs for all parties.

   The procedures described below are ORDERED to promote consensual recovery with respect to the Derivatives Contracts with Recovery Potential, and to encourage effective communication between the affected parties, consultation, negotiation, and, when necessary, mediation procedures.

   1. <u>Standing Mediation Order</u>.  All provisions of the General Order #M-143, adopted January 17, 1995, providing for Procedures Governing Mediation of Matters in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York and all existing and further amendments thereto (the "<u>Standing Order</u>") shall apply to the mediations to be conducted under this ~~order~~<u>Order</u>.

   2. <u>Derivatives ADR Counterparties</u>.  To date, the Debtors have identified approximately two hundred fifty (250) counterparties (which number will surely increase) to Derivatives Contracts with Recovery Potential with whom there is reasonable cause for Debtors to believe that disagreement exists over the amounts that may be owed to Debtors under such contracts (whether or not an actual lawsuit or adversary proceeding has been commenced), whether from a counterparty to a Derivatives Contract with a Recovery Potential, an affiliate of such counterparty or a person or entity who exercised or failed to exercise duties in relation to such a contract (collectively, the "<u>Derivative Counterparties</u>").

3.      <u>Derivatives ADR Disputes</u>.  Any Debtor may designate any dispute regarding a Derivative Contract with Recovery Potential to the Derivatives ADR Procedures by serving the following on a Derivative Counterparty:

a.      a copy of this Order; and

b.      a Derivatives ADR Notice (as defined below) (collectively, the "<u>Derivatives ADR Package</u>").

For purposes of the Derivatives ADR Procedures, service on or notice to a Derivatives Counterparty shall be deemed adequate if such service or notice is provided to the Derivatives Counterparty, the Derivatives Counterparty's counsel, legal guardian, estate representative, or other representative by (i) <u>email and (ii) at the option of the Debtors either (x) </u>hand delivery, <u>or</u> (~~ii~~<u>y</u>) first class mail, or (~~iii~~<u>z</u>) overnight mail.

4.      <u>Settlement of Disputes During the Derivatives ADR Procedures</u>.  Nothing contained herein shall prevent the parties from settling, and the parties are encouraged to settle, a Derivatives ADR Dispute at any time before, during, or following the designation of a Derivatives ADR Dispute to the Derivatives ADR Procedures by the mutual consent of the parties, provided that such settlement

a.      complies with (i) the Order, dated December 16, 2008, authorizing the Debtors to establish procedures for the settlement or assumption and assignment of prepetition derivative contracts [Docket 2257]; (ii) the Order, dated January 29, 2009, authorizing the consensual assumption and assignment of prepetition derivative contracts [Docket No. 2667], or (iii) other orders in these bankruptcy cases permitting such settlement, or

b.      is approved by specific order of the Court.

Any settlement discussions between any of the parties and the Official Unsecured Creditors'

Committee (the "Creditors' Committee"), the contents of any papers submitted during the

mediation stage described below, and all discussions in mediation shall remain confidential and

privileged and shall not be discoverable or admissible as evidence in any subsequent litigation of

the Derivatives ADR Dispute or elsewhere, except as provided by further order of this Court.

     5.     Participation Mandatory.  Unless otherwise provided in a specific order

applicable to a particular Derivatives ADR Dispute or a particular Derivatives Counterparty,

after service of an ADR Package on a Derivatives Counterparty,

     a.     compliance with the Derivatives ADR Procedures in this Order is

     mandatory in the specified Derivatives ADR Disputes for both the

     applicable Debtor or Debtors and each Derivatives Counterparty; and

     b.     no party is required to settle or compromise any dispute or enter into a

     particular settlement or compromise, but each Debtor serving a

     Derivatives ADR Package and each Derivatives Counterparty must serve

     the required responses, engage in the specified communications to discuss

     settlement, participate in any mediation in good faith, follow directions of

     the mediator, and otherwise comply with the Derivatives ADR Procedures

     specified below for all Derivatives ADR Disputes covered by such notice.

All rights, remedies, claims and defenses of a Derivatives Counterparty and a Debtor in good

faith compliance with the Derivatives ADR Procedures shall not be impaired, waived or

compromised in any further proceedings in these cases should no settlement or compromise

result from participation in these Derivatives ADR Procedures.

6.       No Substitute For Claims Procedures.  The Derivatives ADR Procedures

are not intended and shall not be utilized as a substitute for chapter 11 claims procedures.

Nothing contained herein, however, shall prevent a Derivatives Counterparty from asserting in

any respect to a Derivatives ADR Notice and elsewhere during the course of a Derivatives ADR

Dispute a right to assert valid and enforceable setoff rights with respect to a Debtor's claim of a

Derivative Contract with Recovery Potential or any other valid defense to a Debtor's demand

thereunder.

7.       Debtor's Rights As to Proceedings Previously or Hereafter Commenced

by Derivative Counterparties.  If a Derivatives Counterparty previously has commenced, any

action or proceeding in any other court or forum, or any action or proceeding in any other court

or forum following service upon it of a Derivative ADR Package, the Debtors reserve their right,

pursuant to the order dated December 18, 2008 [Docket No. 2306], to remove to this Court any

such lawsuit, proceeding, or claim and to defend or take action in any such other court or

proceeding to protect the estate of Debtors, despite the incomplete status of the steps prescribed

under the Derivative ADR Procedures.

**NOTICE/RESPONSE STAGE**

8.       Notice/Response.  The initial stage of the Derivatives ADR Procedures

will be a notice/response stage, providing the parties with an opportunity to exchange settlement

offers, schedule settlement meetings or conference calls, and, if possible, resolve a Derivatives

ADR Dispute on a consensual basis (the "Notice/Response Stage").  The Notice/Response Stage

shall include:

a.       Derivatives ADR Notice.  Debtors shall serve upon a Derivatives

Counterparty (and its attorneys who have appeared in these cases) a notice

containing sufficient information regarding the Derivatives ADR Dispute

to make the Derivatives Counterparty aware of the nature of Debtor's
affirmative claim and of its demand for settlement (which demand shall
have been determined with the benefit of consultation between Debtors
and the Creditors' Committee), including an amount of monetary recovery
Debtor(s) would accept in full settlement and compromise (a "<u>Derivatives
ADR Notice</u>").

b.    <u>Derivatives Counterparty's Response to Notice</u>.  A Derivatives
Counterparty must respond to the Derivatives ADR Notice in writing
through a "Statement of Position" within twenty (20) calendar days from
the date of the Derivatives Counterparty's receipt of the Notice.  The
response options available to a Derivatives Counterparty are as follows
(the "<u>Responses</u>"):

i.    <u>Agreeing to Settle the Demand</u>.  If a Derivatives
Counterparty agrees to settle the demand in the Derivatives
ADR Notice, the Counterparty shall state in writing that the
offer of settlement in the Derivatives ADR Notice is
accepted.  The parties will then execute a settlement and
general release (including a confidentiality provision) and,
if the matter is in litigation, the Debtor shall dismiss any
applicable claims in a lawsuit or adversary proceeding with
prejudice upon execution of the release; or

ii.    <u>Denying the Demand</u>.  A Derivatives Counterparty may
decline to settle for the amount stated in the demand in the

Derivatives ADR Notice, in which case the Derivatives
Counterparty must include a brief explanation in the
Response to the Derivatives ADR Notice setting forth the
reason(s) for such denial.  In addition, the Derivatives
Counterparty may provide a counteroffer to the demand in
the Derivatives ADR Notice.

c.      <u>Failure to Respond</u>.  Failure to provide a timely Response to the
Derivatives ADR Notice, as described in paragraphs 8(b)(i) and (ii), may
result, at the option of Debtors, either in an application to the Court for
Sanctions (as defined below) as set forth below, including an order or
judgment for  recovery of amounts demanded by Debtors in the
Derivatives ADR Notice, or immediate entry into the mediation stage.

d.      <u>Reply to Response</u>.  The Debtor shall have fifteen (15) days from the date
of the receipt of the Response to serve a reply to the Response to the
Derivatives ADR Notice (which Response shall have been determined
with the benefit of consultation between Debtors and the Creditors'
Committee), in which the Debtor ~~may~~<u>shall</u> (i) modify its Demand, (ii)
respond to any counteroffer, (iii) provide additional information in support
of its demands in the Derivatives ADR Dispute, or (iv) reject any
counteroffer in which case ~~the Derivatives ADR Dispute will
automatically proceed to the Mediation Stage.  If the Debtor fails to
respond within this period,~~ the Derivatives ADR Dispute will
automatically proceed to the Mediation Stage.

9.      Request for Initial Settlement Conference.  At any time in the

Notice/Response Stage, either a Debtor or a Derivatives Counterparty may request an initial

telephonic settlement conference by written request, to be held within five (5) calendar days.

Within two (2) ~~calendar~~business days of a receipt of such a request, the other parties must

respond by acceptance of one of the proposed dates and times or by a proposal for an initial

settlement call no later than five (5) calendar days from the earliest date set forth in the written

request.  If an acceptable date cannot be achieved through this process, the parties shall

immediately proceed to the Mediation Stage.  At least one hour shall be reserved for the initial

conference to discuss settlement.  No mediator or representative of the Court will participate in

this discussion, but the initial conference call specified in this paragraph, together with any

continuations or rescheduled settlement calls or meetings arising from that initial settlement

conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state

evidentiary provisions, the confidentiality provisions of this Order shall apply to this call or

series of calls as if a mediator were present.  Settlement conferences during the Notice/Response

Stage may be held in person if both parties agree in writing.

**MEDIATION STAGE**

10.      Mediation.  Derivatives ADR Disputes that are not resolved through the

Notice/Response Stage will proceed to mediation (the "Mediation Stage").

a.      Debtor and the Derivatives Counterparty together shall contact the

mediator to schedule the initial mediation date.

b.      Powers of Mediator.  The mediator shall have the broadest possible

discretion consistent with the Standing Order ~~described below, including
the discretion to certify specific legal issues to the court for decision~~.

c.      <u>Choice of Mediator</u>.  **INSERT MEDIATOR NAME(S)** is (are)

APPOINTED as the mediator(s) for Derivatives ADR Disputes reaching

the Mediation Stage.  If **NAME(S)** is (are) not available to serve as

mediator, an alternate mediator shall be selected as mutually agreed in

writing by all parties to a specific Derivatives ADR Dispute or group of

related Derivatives ADR Disputes.  Any such alternative shall be deemed

to have been appointed upon entry into a written stipulation to that effect

by all Debtors and Derivatives Counterparties participating in the

applicable Derivatives ADR Dispute or Disputes.  If the parties cannot

agree upon a selection of mediator within ten (10) calendar days of the

completion of the Notice/Response Stage, the court shall appoint one or

more mediators

d.      <u>Mediation Sites</u>.  All mediation proceedings will take place in New York,

New York, unless agreed to by the parties and the mediator.  The addition

or elimination of Mediation Sites shall be within the sole discretion of the

Debtors.

e.      <u>Mediation Briefs</u>.  Any party to a Mediation may submit a Mediation

Brief, with service upon the other parties to the Mediation and upon the

Creditors' Committee; provided, however, the Mediator may order that the

parties to serve upon each other, the Mediator, and the Creditors'

Committee a Mediation Brief.  If a party to the Mediation opts to serve a

Mediation Brief upon another party to the Mediation hereunder, such

Mediation Brief shall also be filed with the Mediator and the Creditors'

Committee.  Any such Mediation Brief shall be served and filed so as to be received no later than five (5) calendar days prior to the scheduled initial Mediation Date.  No Mediation Brief shall be filed with the Court.

f.    Appearance at Mediations.  Unless otherwise ordered by the mediator all participants in the mediation for the applicable Derivatives ADR Dispute, must appear in person with a business principal who has settlement authority; *provided, however*, that, to the extent acceptable to the mediator, the business principal with settlement authority on behalf of a Derivative Counterparty may attend the mediation by video conference at the sole expense of the Derivative Counterparty.  The Creditors' Committee may attend and participate in all mediations hereunder. Counsel may also be present and participate.

g.    End of Mediation.  The mediation shall end upon request of a party and concurrence by the mediator.

## OTHER PROVISIONS

11.    Deadlines.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by:  (i) the mutual consent of the Debtors and the Derivatives Counterparty or (ii) the Bankruptcy Court, for cause shown.

12.    Sanctions for Parties.  Each Debtor and each Derivatives Counterparty must participate in good faith with these Derivatives ADR Procedures with regard to the ADR Disputes specified in the applicable Derivatives ADR Notice.  If, after notice and a hearing, the Court determines that the Debtors or a Derivatives Counterparty have not complied with the Derivatives ADR Procedures in good faith in connection with any Derivatives ADR Dispute, the Debtors or the Derivatives Counterparty may be subject to such sanctions as the Court deems

appropriate (the "Sanctions").  If a mediator reports to the Court that any party subject to this

Order is not cooperating in good faith with the ~~mediation procedures~~Derivatives ADR

Procedures, the Court may, without the need for further motion by any party, schedule a hearing

and order Sanctions.  Litigation with respect to the issuance of Sanctions shall not delay the

commencement of the Mediation Stage of these procedures upon completion of the

Notice/Response Stage.  Sanctions shall include, but are not limited to:

      a.    Against Debtors:  (i) attorneys' fees incurred by a Derivatives

Counterparty with respect to the Derivatives ADR Procedures after the

receipt of an ADR Package; (ii) fees and costs of the Mediator; (iii)

termination of the Derivatives ADR Procedures as to one or more

Derivatives Contracts with Potential Recovery; and/or (iii) rejection of

some or all claims asserted by Debtors in the applicable Derivatives ADR

Dispute.

      b.    Against Derivatives Counterparties:  (i) attorneys' fees incurred by the

Debtors with respect to the Derivatives ADR Procedures after the sending

of an ADR Package; (ii) fees and costs of the Mediator; (iii)  an award of

the Derivatives ADR Dispute up to the amount specified in the

~~Debtor's~~Derivatives ADR Notice ~~(as defined below)~~.

      13.    Confidentiality.  The confidentiality provisions of section 5.0 of the

Standing Order are hereby incorporated by reference into this Order.  No statements or

arguments made or positions taken by the mediator, the applicable Debtors, Derivative

Counterparties, or the Creditors' Committee during any part of the alternative dispute resolution

process, including Settlement Conferences and the Mediation Stage may not be disclosed by the

mediator or any such parties or their attorneys and advisors to the Court or any third party.

Similarly, all briefs, records, reports, and other documents received or made by the mediator

while serving is such capacity shall remain confidential and not be provided to the Court, unless

they would be otherwise admissible.  In addition, the mediator shall not be compelled to disclose

such records, reports, and other documents in connection with any hearing held by the Court;

*provided*, *however*, the mediator may report to the Court the status of the mediation efforts but

shall not disclose the content thereof.  Rule 408 of the Federal Rules of Evidence shall apply to

all aspects of the Derivative ADR Procedures including Settlement Conferences and Mediation

Stage.

> 14.    Jury ~~Trials~~Trial, Arbitration and Exclusive Foreign Forum Selection
Rights Unaffected.  ~~Except to the extent~~Unless a Derivatives Counterparty ~~affirmatively chooses
the mediation option set forth herein~~or a Debtor affirmatively waives its right to a jury trial,
arbitration or exclusive foreign forum selection that otherwise may exist, participation in the
Derivatives ADR Procedures shall not waive ~~any right to a jury trial that might otherwise exist.~~
or otherwise modify such rights.  The Derivatives Counterparty's or a Debtor's rights and
defenses to contest the assertion of a jury trial or arbitration or exclusive foreign forum selection
right by a Derivatives Counterparty are fully preserved.

15.    <u>Fees</u>.  Except as otherwise provided herein, each party to the Mediation

shall bear its own counsel fees and other costs of the Derivatives ADR Procedures, including

Mediation; *provided, however*, that the ~~party who requests the Mediation~~Debtors shall pay the

reasonable fees and costs charged by the Mediator unless otherwise ordered by the Court

pursuant to the terms of this Order.

**SO ORDERED:**

August __, 2009
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit "B"**

**Second Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                    :
In re                                                               :       **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                        :       **08-13555 (JMP)**
                                                                    :
                                        **Debtors.**                :       **(Jointly Administered)**
                                                                    :
                                                                    :
-------------------------------------------------------------------x

### ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVES CONTRACTS

The following alternative dispute resolution procedures (the "Derivatives ADR Procedures") are ORDERED to apply in the chapter 11 cases of Lehman Brothers Holdings, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession in various chapter 11 proceedings consolidated for procedural purposes only (collectively, "the Debtors").

### FINDINGS

On motion of Debtors, the Court FINDS that numerous open and terminated derivatives contracts, including swap agreements and forward contracts (the "Derivatives Contracts with Recovery Potential"), exist as to which one or more Debtors assert that monetary recovery is due to a Debtor from a counterparty, its affiliates, or related parties. The Court further FINDS that certain common issues exist regarding these contracts, including questions involving appropriateness of setoff, termination, valuation and computation of termination payments, and notice. The Court further FINDS that substantial value may be recovered for the estates of Debtors, and judicial efficiency can be promoted, if expedient resolution of disputes and recoveries under such contracts can be achieved without the need for trial of adversary proceedings or other litigation. The Court further FINDS that similar proceedings ordered in

other complex chapter 11 cases have contributed to effective administration of the proceedings and have reduced costs for all parties.

The procedures described below are ORDERED to promote consensual recovery with respect to the Derivatives Contracts with Recovery Potential, and to encourage effective communication between the affected parties, consultation, negotiation, and, when necessary, mediation procedures.

1.    <u>Standing Mediation Order</u>.  All provisions of the General Order #M-143, adopted January 17, 1995, providing for Procedures Governing Mediation of Matters in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York and all existing and further amendments thereto (the "<u>Standing Order</u>") shall apply to the mediations to be conducted under this ~~order~~<u>Order</u>.

2.    <u>Derivatives ADR Counterparties</u>.  To date, the Debtors have identified approximately two hundred fifty (250) counterparties (which number will surely increase) to Derivatives Contracts with Recovery Potential with whom there is reasonable cause for Debtors to believe that disagreement exists over the amounts that may be owed to Debtors under such contracts (whether or not an actual lawsuit or adversary proceeding has been commenced), whether from a counterparty to a Derivatives Contract with a Recovery Potential, an affiliate of such counterparty or a person or entity who exercised or failed to exercise duties in relation to such a contract (collectively, the "<u>Derivative Counterparties</u>").

3.      <u>Derivatives ADR Disputes</u>.  Any Debtor may designate any dispute regarding a Derivative Contract with Recovery Potential to the Derivatives ADR Procedures by serving the following on a Derivative Counterparty:

a.      a copy of this Order; and

b.      a Derivatives ADR Notice (as defined below) (collectively, the

"<u>Derivatives ADR Package</u>").

For purposes of the Derivatives ADR Procedures, service on or notice to a Derivatives Counterparty shall be deemed adequate if such service or notice is provided to the Derivatives Counterparty, the Derivatives Counterparty's counsel, legal guardian, estate representative, or other representative by (i) email and (ii) at the option of the Debtors either (x) hand delivery, or (iiy) first class mail, or (iiiz) overnight mail.

4.      <u>Settlement of Disputes During the Derivatives ADR Procedures</u>.  Nothing contained herein shall prevent the parties from settling, and the parties are encouraged to settle, a Derivatives ADR Dispute at any time before, during, or following the designation of a Derivatives ADR Dispute to the Derivatives ADR Procedures by the mutual consent of the parties, provided that such settlement

a.      complies with (i) the Order, dated December 16, 2008, authorizing the Debtors to establish procedures for the settlement or assumption and assignment of prepetition derivative contracts [Docket 2257]; (ii) the Order, dated January 29, 2009, authorizing the consensual assumption and assignment of prepetition derivative contracts [Docket No. 2667], or (iii) other orders in these bankruptcy cases permitting such settlement, or

b.      is approved by specific order of the Court.

Any settlement discussions between any of the parties and the Official Unsecured Creditors'

Committee (the "Creditors' Committee"), the contents of any papers submitted during the

mediation stage described below, and all discussions in mediation shall remain confidential and

privileged and shall not be discoverable or admissible as evidence in any subsequent litigation of

the Derivatives ADR Dispute or elsewhere, except as provided by further order of this Court.

     5.    <u>Participation Mandatory</u>.  Unless otherwise provided in a specific order

applicable to a particular Derivatives ADR Dispute or a particular Derivatives Counterparty,

after service of an ADR Package on a Derivatives Counterparty,

     a.    compliance with the Derivatives ADR Procedures in this Order is

mandatory in the specified Derivatives ADR Disputes for both the

applicable Debtor or Debtors and each Derivatives Counterparty; and

     b.    no party is required to settle or compromise any dispute or enter into a

particular settlement or compromise, but each Debtor serving a

Derivatives ADR Package and each Derivatives Counterparty must serve

the required responses, engage in the specified communications to discuss

settlement, participate in any mediation in good faith, follow directions of

the mediator, and otherwise comply with the Derivatives ADR Procedures

specified below for all Derivatives ADR Disputes covered by such notice.

All rights, remedies, claims and defenses of a Derivatives Counterparty and a Debtor in good

faith compliance with the Derivatives ADR Procedures shall not be impaired, waived or

compromised in any further proceedings in these cases should no settlement or compromise

result from participation in these Derivatives ADR Procedures.

6.      No Substitute For Claims Procedures.  The Derivatives ADR Procedures
are not intended and shall not be utilized as a substitute for chapter 11 claims procedures.
Nothing contained herein, however, shall prevent a Derivatives Counterparty from asserting in
any respect to a Derivatives ADR Notice and elsewhere during the course of a Derivatives ADR
Dispute a right to assert valid and enforceable setoff rights with respect to a Debtor's claim of a
Derivative Contract with Recovery Potential or any other valid defense to a Debtor's demand
thereunder.

7.      Debtor's Rights As to Proceedings Previously or Hereafter Commenced
by Derivative Counterparties.  If a Derivatives Counterparty previously has commenced, any
action or proceeding in any other court or forum, or any action or proceeding in any other court
or forum following service upon it of a Derivative ADR Package, the Debtors reserve their right,
pursuant to the order dated December 18, 2008 [Docket No. 2306], to remove to this Court any
such lawsuit, proceeding, or claim and to defend or take action in any such other court or
proceeding to protect the estate of Debtors, despite the incomplete status of the steps prescribed
under the Derivative ADR Procedures.

**NOTICE/RESPONSE STAGE**

8.      Notice/Response.  The initial stage of the Derivatives ADR Procedures
will be a notice/response stage, providing the parties with an opportunity to exchange settlement
offers, schedule settlement meetings or conference calls, and, if possible, resolve a Derivatives
ADR Dispute on a consensual basis (the "Notice/Response Stage").  The Notice/Response Stage
shall include:

a.      Derivatives ADR Notice.  Debtors shall serve upon a Derivatives
        Counterparty (and its attorneys who have appeared in these cases) a notice
        containing sufficient information regarding the Derivatives ADR Dispute

to make the Derivatives Counterparty aware of the nature of Debtor's affirmative claim, a brief explanation setting forth the basis for the demand and the amount, and of its demand for settlement (which demand shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), including an amount of monetary recovery Debtor(s) would accept in full settlement and compromise (a "Derivatives ADR Notice").

b.      Derivatives Counterparty's Response to Notice.  A Derivatives Counterparty must respond to the Derivatives ADR Notice in writing through a "Statement of Position" within twenty (20) calendar days from the date of the Derivatives Counterparty's receipt of the Notice.  The response options available to a Derivatives Counterparty are as follows (the "Responses"):

i.      Agreeing to Settle the Demand.  If a Derivatives Counterparty agrees to settle the demand in the Derivatives ADR Notice, the Counterparty shall state in writing that the offer of settlement in the Derivatives ADR Notice is accepted.  The parties will then execute a settlement and general release (including a confidentiality provision) and, if the matter is in litigation, the Debtor shall dismiss any applicable claims in a lawsuit or adversary proceeding with prejudice upon execution of the release; or

ii.    <u>Denying the Demand</u>.  A Derivatives Counterparty may decline to settle for the amount stated in the demand in the Derivatives ADR Notice, in which case the Derivatives Counterparty must include a brief explanation in the Response to the Derivatives ADR Notice setting forth the reason(s) for such denial.  In addition, the Derivatives Counterparty may provide a counteroffer to the demand in the Derivatives ADR Notice.

c.    <u>Failure to Respond</u>.  Failure to provide a timely Response to the Derivatives ADR Notice, as described in paragraphs 8(b)(i) and (ii), may result, at the option of Debtors, either in an application to the Court for Sanctions (as defined below) as set forth below, including an order or judgment for  recovery of amounts demanded by Debtors in the Derivatives ADR Notice, or immediate entry into the mediation stage.

d.    <u>Reply to Response</u>.  The Debtor shall have fifteen (15) days from the date of the receipt of the Response to serve a reply to the Response to the Derivatives ADR Notice (which Response shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), in which the Debtor ~~may~~<u>shall</u> (i) modify its Demand, (ii) respond to any counteroffer, (iii) provide additional information in support of its demands in the Derivatives ADR Dispute, or (iv) reject any counteroffer in which case ~~the Derivatives ADR Dispute will automatically proceed to the Mediation Stage.  If the Debtor fails to~~

respond within this period, the Derivatives ADR Dispute will

automatically proceed to the Mediation Stage.

9.      Request for Initial Settlement Conference.  At any time in the

Notice/Response Stage, either a Debtor or a Derivatives Counterparty may request an initial

telephonic settlement conference by written request, to be held within five (5) calendar days.

Within two (2) calendar business days of a receipt of such a request, the other parties must

respond by acceptance of one of the proposed dates and times or by a proposal for an initial

settlement call no later than five (5) calendar days from the earliest date set forth in the written

request.  If an acceptable date cannot be achieved through this process, the parties shall

immediately proceed to the Mediation Stage.  At least one hour shall be reserved for the initial

conference to discuss settlement.  No mediator or representative of the Court will participate in

this discussion, but the initial conference call specified in this paragraph, together with any

continuations or rescheduled settlement calls or meetings arising from that initial settlement

conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state

evidentiary provisions, the confidentiality provisions of this Order shall apply to this call or

series of calls as if a mediator were present.  Settlement conferences during the Notice/Response

Stage may be held in person if both parties agree in writing.

**MEDIATION STAGE**

10.      Mediation.  Derivatives ADR Disputes that are not resolved through the

Notice/Response Stage will proceed to mediation (the "Mediation Stage").

a.      Debtor and the Derivatives Counterparty together shall contact the

mediator to schedule the initial mediation date.

b.      Powers of Mediator.  The mediator shall have the broadest possible

discretion consistent with the Standing Order ~~described below, including~~

~~the discretion to certify specific legal issues to the court for decision~~.

c.      Choice of Mediator.  **INSERT MEDIATOR NAME(S) is (are)**

APPOINTED as the mediator(s) for Derivatives ADR Disputes reaching

the Mediation Stage.  If **NAME(S)** is (are) not available to serve as

mediator, an alternate mediator shall be selected as mutually agreed in

writing by all parties to a specific Derivatives ADR Dispute or group of

related Derivatives ADR Disputes.  Any such alternative shall be deemed

to have been appointed upon entry into a written stipulation to that effect

by all Debtors and Derivatives Counterparties participating in the

applicable Derivatives ADR Dispute or Disputes.  If the parties cannot

agree upon a selection of mediator within ten (10) calendar days of the

completion of the Notice/Response Stage, the court shall appoint one or

more mediators

d.      Mediation Sites.  All mediation proceedings will take place in New York,

New York, unless agreed to by the parties and the mediator.  The addition

or elimination of Mediation Sites shall be within the sole discretion of the

Debtors.

e.      Mediation Briefs.  Any party to a Mediation may submit a Mediation

Brief, with service upon the other parties to the Mediation and upon the

Creditors' Committee; provided, however, the Mediator may order that the

parties to serve upon each other, the Mediator, and the Creditors'

Committee a Mediation Brief.  If a party to the Mediation opts to serve a Mediation Brief upon another party to the Mediation hereunder, such Mediation Brief shall also be filed with the Mediator and the Creditors' Committee.  Any such Mediation Brief shall be served and filed so as to be received no later than five (5) calendar days prior to the scheduled initial Mediation Date.  No Mediation Brief shall be filed with the Court.

f.    <u>Appearance at Mediations</u>.  Unless otherwise ordered by the mediator all participants in the mediation for the applicable Derivatives ADR Dispute, must appear in person with a business principal who has settlement authority; *provided, however*, that, to the extent acceptable to the mediator, the business principal with settlement authority on behalf of a Derivative Counterparty may attend the mediation by video conference at the sole expense of the Derivative Counterparty.  The Creditors' Committee may attend and participate in all mediations hereunder. Counsel may also be present and participate.

g.    End of Mediation.  The mediation shall end upon request of a party and concurrence by the mediator.

## OTHER PROVISIONS

11.    <u>Deadlines</u>.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by:  (i) the mutual consent of the Debtors and the Derivatives Counterparty or (ii) the Bankruptcy Court, for cause shown.

12.    <u>Sanctions for Parties</u>.  Each Debtor and each Derivatives Counterparty must participate in good faith with these Derivatives ADR Procedures with regard to the ADR Disputes specified in the applicable Derivatives ADR Notice.  If, after notice and a hearing, the

Court determines that the Debtors or a Derivatives Counterparty have not complied with the Derivatives ADR Procedures in good faith in connection with any Derivatives ADR Dispute, the Debtors or the Derivatives Counterparty may be subject to such sanctions as the Court deems appropriate (the "Sanctions").  If a mediator reports to the Court that any party subject to this Order is not cooperating in good faith with the ~~mediation procedures~~Derivatives ADR Procedures, the Court may, without the need for further motion by any party, schedule a hearing and order Sanctions.  Litigation with respect to the issuance of Sanctions shall not delay the commencement of the Mediation Stage of these procedures upon completion of the Notice/Response Stage.  Sanctions shall include, but are not limited to:

    a.    <u>Against Debtors</u>:  (i) attorneys' fees <u>incurred by a Derivatives Counterparty with respect to the Derivatives ADR Procedures after the receipt of an ADR Package</u>; (ii) fees and costs of the Mediator; (iii) termination of the Derivatives ADR Procedures as to one or more Derivatives Contracts with Potential Recovery; and/or (iii) rejection of some or all claims asserted by Debtors in the applicable Derivatives ADR Dispute.

    b.    <u>Against Derivatives Counterparties</u>:  (i) attorneys' fees <u>incurred by the Debtors with respect to the Derivatives ADR Procedures after the sending of an ADR Package</u>; (ii) fees and costs of the Mediator; (iii)  an award of the Derivatives ADR Dispute up to the amount specified in the ~~Debtor's~~Derivatives ADR Notice ~~(as defined below)~~.

    13.    <u>Confidentiality</u>.  The confidentiality provisions of section 5.0 of the Standing Order are hereby incorporated by reference into this Order.  No statements or

arguments made or positions taken by the mediator, the applicable Debtors, Derivative

Counterparties, or the Creditors' Committee during any part of the alternative dispute resolution

process, including Settlement Conferences and the Mediation Stage may not be disclosed by the

mediator or any such parties or their attorneys and advisors to the Court or any third party.

Similarly, all briefs, records, reports, and other documents received or made by the mediator

while serving is such capacity shall remain confidential and not be provided to the Court, unless

they would be otherwise admissible.  In addition, the mediator shall not be compelled to disclose

such records, reports, and other documents in connection with any hearing held by the Court;

*provided*, *however*, the mediator may on a monthly basis beginning 60 days following entry of

this Order report to the Court the status of the mediation efforts but shall not disclose the content

thereof, which report shall include the number of ADR Notices served on Derivatives

Counterparties, the number of settlements reached after mediation, the number of mediations still

pending, the number of mediations that have terminated without settlement, and the cumulative

dollar amount of settlements reached with Derivatives Counterparties following service of ADR

Notices.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the Derivative

ADR Procedures including Settlement Conferences and Mediation Stage.

14.    Jury Trials Trial, Arbitration and Exclusive Foreign Forum Selection

Rights Unaffected.  Except to the extent Unless a Derivatives Counterparty affirmatively chooses

the mediation option set forth herein or a Debtor affirmatively waives its right to a jury trial,

arbitration or exclusive foreign forum selection that otherwise may exist, participation in the

Derivatives ADR Procedures shall not waive any right to a jury trial that might otherwise exist.

or otherwise modify such rights.  The Derivatives Counterparty's or a Debtor's rights and

defenses to contest the assertion of a jury trial or arbitration or exclusive foreign forum selection

right by a Derivatives Counterparty are fully preserved.

15.    <u>Fees</u>.  Except as otherwise provided herein, each party to the Mediation

shall bear its own counsel fees and other costs of the Derivatives ADR Procedures, including

Mediation; *provided, however*, that the ~~party who requests the Mediation~~Debtors shall pay the

reasonable fees and costs charged by the Mediator unless otherwise ordered by the Court

pursuant to the terms of this Order.

**SO ORDERED:**

August __, 2009
New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit "C"</u>**

**Third Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
              Debtors.                    :    (Jointly Administered)
                                          :
                                          :
------------------------------------------------------------x
```

### ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR
### AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVES CONTRACTS

The following alternative dispute resolution procedures (the "Derivatives ADR Procedures") are ORDERED to apply in the chapter 11 cases of Lehman Brothers Holdings, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession in various chapter 11 proceedings consolidated for procedural purposes only (collectively, "the Debtors").

### FINDINGS

On motion of Debtors, the Court FINDS that numerous open and terminated derivatives contracts, including swap agreements and forward contracts (the "Derivatives Contracts with Recovery Potential"), exist as to which one or more Debtors assert that monetary recovery is due to a Debtor from a counterparty, its affiliates, or related parties. The Court further FINDS that certain common issues exist regarding these contracts, including questions involving appropriateness of setoff, termination, valuation and computation of termination payments, and notice. The Court further FINDS that substantial value may be recovered for the estates of Debtors, and judicial efficiency can be promoted, if expedient resolution of disputes and recoveries under such contracts can be achieved without the need for trial of adversary proceedings or other litigation. The Court further FINDS that similar proceedings ordered in

other complex chapter 11 cases have contributed to effective administration of the proceedings and have reduced costs for all parties.

The procedures described below are ORDERED to promote consensual recovery with respect to the Derivatives Contracts with Recovery Potential, and to encourage effective communication between the affected parties, consultation, negotiation, and, when necessary, mediation procedures.

1.    <u>Standing Mediation Order</u>.  All provisions of the General Order #M-143, adopted January 17, 1995, providing for Procedures Governing Mediation of Matters in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York and all existing and further amendments thereto (the "<u>Standing Order</u>") shall apply to the mediations to be conducted under this ~~order~~Order.

2.    <u>Derivatives ADR Counterparties</u>.  To date, the Debtors have identified approximately two hundred fifty (250) counterparties (which number will surely increase) to Derivatives Contracts with Recovery Potential with whom there is reasonable cause for Debtors to believe that disagreement exists over the amounts that may be owed to Debtors under such contracts (whether or not an actual lawsuit or adversary proceeding has been commenced), whether from a counterparty to a Derivatives Contract with a Recovery Potential, an affiliate of such counterparty or a person or entity who exercised or failed to exercise duties in relation to such a contract (collectively, the "<u>Derivative Counterparties</u>").

3.      <u>Derivatives ADR Disputes</u>.  Any Debtor may designate any dispute regarding a Derivative Contract with Recovery Potential to the Derivatives ADR Procedures by serving the following on a Derivative Counterparty:

a.      a copy of this Order; and

b.      a Derivatives ADR Notice (as defined below) (collectively, the "<u>Derivatives ADR Package</u>").

For purposes of the Derivatives ADR Procedures, service on or notice to a Derivatives Counterparty shall be deemed adequate if such service or notice is provided to the Derivatives Counterparty, the Derivatives Counterparty's counsel, legal guardian, estate representative, or other representative by (i) <u>email and (ii) at the option of the Debtors either (x)</u> hand delivery, <u>or</u> (~~ii~~<u>y</u>) first class mail, or (~~iii~~<u>z</u>) overnight mail.

4.      <u>Settlement of Disputes During the Derivatives ADR Procedures</u>.  Nothing contained herein shall prevent the parties from settling, and the parties are encouraged to settle, a Derivatives ADR Dispute at any time before, during, or following the designation of a Derivatives ADR Dispute to the Derivatives ADR Procedures by the mutual consent of the parties, provided that such settlement

a.      complies with (i) the Order, dated December 16, 2008, authorizing the Debtors to establish procedures for the settlement or assumption and assignment of prepetition derivative contracts [Docket 2257]; (ii) the Order, dated January 29, 2009, authorizing the consensual assumption and assignment of prepetition derivative contracts [Docket No. 2667], or (iii) other orders in these bankruptcy cases permitting such settlement, or

b.      is approved by specific order of the Court.

Any settlement discussions between any of the parties and the Official Unsecured Creditors'

Committee (the "Creditors' Committee"), the contents of any papers submitted during the

mediation stage described below, and all discussions in mediation shall remain confidential and

privileged and shall not be discoverable or admissible as evidence in any subsequent litigation of

the Derivatives ADR Dispute or elsewhere, except as provided by further order of this Court.

        5.      Participation Mandatory.  Unless otherwise provided in a specific order

applicable to a particular Derivatives ADR Dispute or a particular Derivatives Counterparty,

after service of an ADR Package on a Derivatives Counterparty,

        a.      compliance with the Derivatives ADR Procedures in this Order is

            mandatory in the specified Derivatives ADR Disputes for both the

            applicable Debtor or Debtors and each Derivatives Counterparty; and

        b.      no party is required to settle or compromise any dispute or enter into a

            particular settlement or compromise, but each Debtor serving a

            Derivatives ADR Package and each Derivatives Counterparty must serve

            the required responses, engage in the specified communications to discuss

            settlement, participate in any mediation in good faith, follow directions of

            the mediator, and otherwise comply with the Derivatives ADR Procedures

            specified below for all Derivatives ADR Disputes covered by such notice.

All rights, remedies, claims and defenses of a Derivatives Counterparty and a Debtor in good

faith compliance with the Derivatives ADR Procedures shall not be impaired, waived or

compromised in any further proceedings in these cases should no settlement or compromise

result from participation in these Derivatives ADR Procedures.

6.        No Substitute For Claims Procedures.  The Derivatives ADR Procedures

are not intended and shall not be utilized as a substitute for chapter 11 claims procedures.

Nothing contained herein, however, shall prevent a Derivatives Counterparty from asserting in

any respect to a Derivatives ADR Notice and elsewhere during the course of a Derivatives ADR

Dispute a right to assert valid and enforceable setoff rights with respect to a Debtor's claim of a

Derivative Contract with Recovery Potential or any other valid defense to a Debtor's demand

thereunder.

7.        Debtor's Rights As to Proceedings Previously or Hereafter Commenced

by Derivative Counterparties.  If a Derivatives Counterparty previously has commenced, any

action or proceeding in any other court or forum, or any action or proceeding in any other court

or forum following service upon it of a Derivative ADR Package, the Debtors reserve their right,

pursuant to the order dated December 18, 2008 [Docket No. 2306], to remove to this Court any

such lawsuit, proceeding, or claim and to defend or take action in any such other court or

proceeding to protect the estate of Debtors, despite the incomplete status of the steps prescribed

under the Derivative ADR Procedures.

**NOTICE/RESPONSE STAGE**

8.        Notice/Response.  The initial stage of the Derivatives ADR Procedures

will be a notice/response stage, providing the parties with an opportunity to exchange settlement

offers, schedule settlement meetings or conference calls, and, if possible, resolve a Derivatives

ADR Dispute on a consensual basis (the "Notice/Response Stage").  The Notice/Response Stage

shall include:

a.        Derivatives ADR Notice.  Debtors shall serve upon a Derivatives

Counterparty (and its attorneys who have appeared in these cases) a notice

containing sufficient information regarding the Derivatives ADR Dispute

to make the Derivatives Counterparty aware of the nature of Debtor's affirmative claim, a brief explanation setting forth the basis for the demand and the amount, and of its demand for settlement (which demand shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), including an amount of monetary recovery Debtor(s) would accept in full settlement and compromise (a "Derivatives ADR Notice").  In addition, the Debtors shall serve an ADR Notice upon any trustee or other party acting in a fiduciary capacity in connection with a trust or other financing arrangement that relates to the applicable Derivatives Contract with any of the Debtors (such fiduciaries collectively referred to as "Indenture Trustees," and each singly as an "Indenture Trustee").

b.  <u>Derivatives Counterparty's Response to Notice</u>.  A Derivatives Counterparty must respond to the Derivatives ADR Notice in writing through a "Statement of Position" within twenty (20) calendar days from the date of the Derivatives Counterparty's receipt of the Notice.  An Indenture Trustee must respond to the Derivatives ADR Notice in writing through a "Statement of Position" within thirty (30) calendar days from the date of such Indenture Trustee's receipt of the ADR Notice.  The response options available to a Derivatives Counterparty or an Indenture Trustee are as follows (the "<u>Responses</u>"):

i.  <u>Agreeing to Settle the Demand</u>.  If a Derivatives Counterparty agrees to settle the demand in the Derivatives

ADR Notice, the Counterparty shall state in writing that the offer of settlement in the Derivatives ADR Notice is accepted.  The parties will then execute a settlement and general release (including a confidentiality provision) and, if the matter is in litigation, the Debtor shall dismiss any applicable claims in a lawsuit or adversary proceeding with prejudice upon execution of the release; or

    ii.    <u>Denying the Demand</u>.  A Derivatives Counterparty may decline to settle for the amount stated in the demand in the Derivatives ADR Notice, in which case the Derivatives Counterparty must include a brief explanation in the Response to the Derivatives ADR Notice setting forth the reason(s) for such denial.  In addition, the Derivatives Counterparty may provide a counteroffer to the demand in the Derivatives ADR Notice.

  c.    <u>Failure to Respond</u>.  Failure to provide a timely Response to the Derivatives ADR Notice, as described in paragraphs 8(b)(i) and (ii), may result, at the option of Debtors, either in an application to the Court <u>(with notice to any applicable Indenture Trustee)</u> for Sanctions (as defined below) as set forth below, including an order or judgment for  recovery of amounts demanded by Debtors in the Derivatives ADR Notice, or immediate entry into the mediation stage.

    d.    <u>Reply to Response</u>.  The Debtor shall have fifteen (15) days from the date of the receipt of the Response to serve a reply to the Response to the Derivatives ADR Notice (which Response shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), in which the Debtor ~~may~~<u>shall</u> (i) modify its Demand, (ii) respond to any counteroffer, (iii) provide additional information in support of its demands in the Derivatives ADR Dispute, or (iv) reject any counteroffer in which case ~~the Derivatives ADR Dispute will automatically proceed to the Mediation Stage.  If the Debtor fails to respond within this period,~~ the Derivatives ADR Dispute will automatically proceed to the Mediation Stage.

9.    <u>Request for Initial Settlement Conference</u>.  At any time in the Notice/Response Stage, either a Debtor or a Derivatives Counterparty may request an initial telephonic settlement conference by written request, to be held within five (5) calendar days<u>, and, in the case of Indenture Trustees, to be held within ten (10) business days</u>.  Within two (2) ~~calendar~~<u>business</u> days of a receipt of such a request, the other parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than five (5) calendar days from the earliest date set forth in the written request.  <u>In the case of Indenture Trustees, within seven (7) business days of a receipt of such a request, the other parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than ten (10) business days from the earliest date set forth in the written request.</u>  If an acceptable date cannot be achieved through this process, the parties shall immediately proceed to the Mediation Stage.  At least one hour shall be reserved for the

initial conference to discuss settlement.  No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this paragraph, together with any continuations or rescheduled settlement calls or meetings arising from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, the confidentiality provisions of this Order shall apply to this call or series of calls as if a mediator were present.  Settlement conferences during the Notice/Response Stage may be held in person if both parties agree in writing.

## MEDIATION STAGE

10.  <u>Mediation</u>.  Derivatives ADR Disputes that are not resolved through the Notice/Response Stage will proceed to mediation (the "<u>Mediation Stage</u>").

    a.  Debtor and the Derivatives Counterparty together shall contact the mediator to schedule the initial mediation date.

    b.  <u>Powers of Mediator</u>.  The mediator shall have the broadest possible discretion consistent with the Standing Order ~~described below, including the discretion to certify specific legal issues to the court for decision~~.

    c.  <u>Choice of Mediator</u>.  **INSERT MEDIATOR NAME(S) is (are)** APPOINTED as the mediator(s) for Derivatives ADR Disputes reaching the Mediation Stage.  If **NAME(S)** is (are) not available to serve as mediator, an alternate mediator shall be selected as mutually agreed in writing by all parties to a specific Derivatives ADR Dispute or group of related Derivatives ADR Disputes.  Any such alternative shall be deemed to have been appointed upon entry into a written stipulation to that effect by all Debtors and Derivatives Counterparties participating in the applicable Derivatives ADR Dispute or Disputes.  If the parties cannot

agree upon a selection of mediator within ten (10) calendar days of the

completion of the Notice/Response Stage, the court shall appoint one or

more mediators

d.    Mediation Sites.  All mediation proceedings will take place in New York,

New York, unless agreed to by the parties and the mediator.  The addition

or elimination of Mediation Sites shall be within the sole discretion of the

Debtors.

e.    Mediation Briefs.  Any party to a Mediation may submit a Mediation

Brief, with service upon the other parties to the Mediation and upon the

Creditors' Committee; provided, however, the Mediator may order that the

parties to serve upon each other, the Mediator, and the Creditors'

Committee a Mediation Brief.  If a party to the Mediation opts to serve a

Mediation Brief upon another party to the Mediation hereunder, such

Mediation Brief shall also be filed with the Mediator and the Creditors'

Committee.  Any such Mediation Brief shall be served and filed so as to

be received no later than five (5) calendar days prior to the scheduled

initial Mediation Date.  No Mediation Brief shall be filed with the Court.

f.    Appearance at Mediations.  Unless otherwise ordered by the mediator all

participants in the mediation for the applicable Derivatives ADR Dispute,

must appear in person with a business principal who has settlement

authority; provided, however, that, to the extent acceptable to the

mediator, the business principal with settlement authority on behalf of a

Derivative Counterparty may attend the mediation by video conference at

the sole expense of the Derivative Counterparty.  The Creditors'

Committee may attend and participate in all mediations hereunder.

Counsel may also be present and participate.

g.        End of Mediation.  The mediation shall end upon request of a party and

            concurrence by the mediator.

## OTHER PROVISIONS

11.        Deadlines.  Notwithstanding any of the provisions set forth above, any of

the deadlines contained herein may be modified by:  (i) the mutual consent of the Debtors and

the Derivatives Counterparty or (ii) the Bankruptcy Court, for cause shown.

12.        Sanctions for Parties.  Each Debtor and each Derivatives Counterparty

must participate in good faith with these Derivatives ADR Procedures with regard to the ADR

Disputes specified in the applicable Derivatives ADR Notice.  If, after notice and a hearing, the

Court determines that the Debtors or a Derivatives Counterparty have not complied with the

Derivatives ADR Procedures in good faith in connection with any Derivatives ADR Dispute, the

Debtors or the Derivatives Counterparty may be subject to such sanctions as the Court deems

appropriate (the "Sanctions").  If a mediator reports to the Court that any party subject to this

Order is not cooperating in good faith with the mediation proceduresDerivatives ADR

Procedures, the Court may, without the need for further motion by any party, schedule a hearing

and order Sanctions.  Litigation with respect to the issuance of Sanctions shall not delay the

commencement of the Mediation Stage of these procedures upon completion of the

Notice/Response Stage.  Sanctions shall include, but are not limited to:

a.        Against Debtors:  (i) attorneys' fees incurred by a Derivatives

            Counterparty (including an Indenture Trustee) with respect to the

            Derivatives ADR Procedures after the receipt of an ADR Package; (ii)

fees and costs of the Mediator; (iii) termination of the Derivatives ADR

Procedures as to one or more Derivatives Contracts with Potential

Recovery; and/or (iii) rejection of some or all claims asserted by Debtors

in the applicable Derivatives ADR Dispute.

b.    <u>Against Derivatives Counterparties (including Indenture Trustees)</u>:  (i)

attorneys' fees incurred by the Debtors with respect to the Derivatives

ADR Procedures after the sending of an ADR Package; (ii) fees and costs

of the Mediator; (iii)  an award of the Derivatives ADR Dispute up to the

amount specified in the ~~Debtor's~~Derivatives ADR Notice ~~(as defined~~

~~below)~~.

13.    <u>Confidentiality</u>.  The confidentiality provisions of section 5.0 of the

Standing Order are hereby incorporated by reference into this Order.  No statements or

arguments made or positions taken by the mediator, the applicable Debtors, Derivative

Counterparties, or the Creditors' Committee during any part of the alternative dispute resolution

process, including Settlement Conferences and the Mediation Stage may ~~not~~ be disclosed by the

mediator or any such parties or their attorneys and advisors to the Court or any third party.

Similarly, all briefs, records, reports, and other documents received or made by the mediator

while serving is such capacity shall remain confidential and not be provided to the Court, unless

they would be otherwise admissible.  In addition, the mediator shall not be compelled to disclose

such records, reports, and other documents in connection with any hearing held by the Court;

*provided*, *however*, the mediator ~~may~~shall on a monthly basis beginning 60 days following entry

of this Order report to the Court the status of the mediation efforts but shall not disclose the

content thereof, which report shall include the number of ADR Notices served on Derivatives

Counterparties, the number of settlements reached after mediation, the number of mediations still pending, the number of mediations that have terminated without settlement, and the cumulative dollar amount of settlements reached with Derivatives Counterparties following service of ADR Notices.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the Derivative ADR Procedures including Settlement Conferences and Mediation Stage.

14.    Jury ~~Trials~~Trial, Arbitration and Exclusive Foreign Forum Selection Rights Unaffected.  ~~Except to the extent~~Unless a Derivatives Counterparty ~~affirmatively chooses the mediation option set forth herein~~or a Debtor affirmatively waives its right to a jury trial, arbitration or exclusive foreign forum selection that otherwise may exist, participation in the Derivatives ADR Procedures shall not waive ~~any right to a jury trial that might otherwise exist.~~ or otherwise modify such rights.  The Derivatives Counterparty's or a Debtor's rights and defenses to contest the assertion of a jury trial or arbitration or exclusive foreign forum selection right by a Derivatives Counterparty are fully preserved.

15.    <u>Fees</u>.  Except as otherwise provided herein, each party to the Mediation shall bear its own counsel fees and other costs of the Derivatives ADR Procedures, including Mediation; *provided, however*, that the ~~party who requests the Mediation~~Debtors shall pay the reasonable fees and costs charged by the Mediator unless otherwise ordered by the Court pursuant to the terms of this Order.

**SO ORDERED:**

August __, 2009
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit "D"

**July 28, 2009 Email to Moss**



·Sunny Singh /NY/WGM/US
07/28/2009 02:21 PM

To  RZubaty@paulweiss.com, jmoss@cgsh.com,
    zsegal-reichlin@cgsh.com
cc  DCohen2@milbank.com, ·Peter
    Gruenberger/NY/WGM/US@WGM
bcc
Subject  Lehman: ADR/Derivatives Procedures - Revised Order

SETTLEMENT DISCUSSION: SUBJECT TO FRE 408

Rebecca, Joel & Zoe,

As previously discussed, attached please find a revised order with respect to the Debtors Motion to
establish ADR Procedures.  Please note that this remains subject to further review of the Creditors'
Committee and its counsel.  Please let us know if you have any comments or questions.  We hope these
address your concerns.



US_ACTIVE_WS_BinaryComparison_#43114748v1_US_ACTIVE_ - Leh_ ADR Procedures Order-#43114748v3_US_ACTI.DOC



US_ACTIVE_Leh_ ADR Procedures Order_43114748_3.DOC

Thank you,

Sunny Singh
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, New York 10153
Tel: (212) 310-8547
Email: sunny.singh@weil.com

## Exhibit "E"

**August 18, 2009 Email from Rosenthal**
**August 20, 2009 Email from Boccuzzi**



"Jeffrey ROSENTHAL "
<jrosenthal @cgsh.com>

08/18/2009 08:17 PM

To  sunny.singh@weil.com

cc  cboccuzzi@cgsh.com, Mark.Bernstein@weil.com,
peter.gruenberger@weil.com, robert.lemons@weil.com,
"Zoe Segal-Reichlin" <zsegal-reichlin@cgsh.com>

bcc

Subject  Re: Lehman:  Debtors' Motion to Implement ADR Procedures

History:          ⤷ This message has been forwarded.

Sunny,

Wachovia does not intend to withdraw its objection.  If you would like to discuss further revisions that may satisfy Wachovia, please feel free to contact my colleague, Zoe Segal-Reichlin.

Best regards,

Jeff

Jeffrey A. Rosenthal
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza, New York NY 10006
t: +1 212 225 2086 | f: +1 212 225 3999
www.clearygottlieb.com | jrosenthal@cgsh.com

sunny.singh@weil.com

17 August 2009  09:18 PM

To  cboccuzzi@cgsh.com, jrosenthal@cgsh.com

cc  peter.gruenberger@weil.com, robert.lemons@weil.com, Mark.Bernstein@weil.com

Subject  Lehman:  Debtors' Motion to Implement ADR Procedures

Dear Mr. Boccuzzi and Mr. Rosenthal,

In light of the revisions made to the proposed order (filed at Docket No. 4634 and attached below for your convenience), with respect to the Debtors' Motion to Implement ADR Procedures for their Derivative Contracts, we request that you withdraw your objections filed on behalf of Goldman Sachs & Co. [Docket No. 4620] and Wachovia Bank [Docket No. 4614] in their entirety.  Please confirm by Thursday, August 20, 2009 at 4:00 p.m. whether you intend to do so.

Thank you,

Sunny Singh
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, New York 10153
Tel: (212) 310-8547
Email: sunny.singh@weil.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you [attachment "Revised Order - Docket No 4634.pdf" deleted by Jeffrey ROSENTHAL/NY/Cgsh]

This message is being sent from a law firm and may contain confidential or privileged information.  If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.



"Carmine D BOCCUZZI "
&lt;cboccuzzi @cgsh.com&gt;

08/20/2009 04:01 PM

To   sunny.singh@weil.com

cc   "Lisa M Gouldy" &lt;lgouldy@cgsh.com&gt;

bcc

Subject   Debtors' Motion to Implement ADR Procedures

| History: | ⤷ This message has been forwarded. |
|---|---|

Dear Sunny,

Goldman Sachs does not intend to withdraw its objection.  If you would like to discuss further revisions, please feel free to contact my colleague, Lisa Gouldy.

Kind regards,

Carmine

---

Carmine D. Boccuzzi, Jr.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza, New York NY 10006
t: +1 212 225 2508 | f: +1 212 225 3999
www.clearygottlieb.com | cboccuzzi@cgsh.com

This message is being sent from a law firm and may contain
confidential or privileged information.  If you are not
the intended recipient, please advise the sender
immediately by reply e-mail and delete this message and
any attachments without retaining a copy.