B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/07)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re  Lehman Brothers Holdings, Inc., et al.
                    Debtor

**SUBPOENA FOR RULE 2004 EXAMINATION**

Case No.* 08-13555 (JMP)

Chapter 11 (Jointly Administered)

To: Tishman Speyer
Rockefeller Center
45 Rockefeller Plaza
New York, NY 10111

cc: David Bryan
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York 10019

☐ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached rider.

| PLACE | DATE AND TIME |
|---|---|
| Jenner & Block LLP
919 Third Avenue 37th Floor
New York, NY 10022-3908 | August 24, 2009, 10:30 a.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| **Robert Byman** Digitally signed by Robert Byman
DN: cn=Robert Byman, o, ou,
email=rbyman@jenner.com, c=US
Date: 2009.08.13 14:47:24 -04'00' | August 13, 2009 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER  Robert L. Byman
Jenner & Block LLP
919 Third Avenue 37th Floor
New York, NY 10022-3908    (312) 923-2679

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                     DATE                                          SIGNATURE OF SERVER

                                                            _____
                                                            ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## DOCUMENT RIDER

Pursuant to Fed. R. Civ. P. 45, Fed. R. Bankr. P. 2004 and the Court's February 11, 2009 Order ("Order," attached hereto as Exhibit A), Anton R. Valukas, Esq., the appointed Examiner for Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors ("Debtors"), through counsel, hereby requests that you produce the documents described below for inspection and copying at the offices of Jenner & Block LLP, 919 Third Avenue, New York, NY 10022-3908 on August 24, 2009 at 10:30 a.m.

### INSTRUCTIONS

1. "Document" should be interpreted as broadly as permitted by the Federal Rules of Civil Procedure and includes all tangible things and electronically stored information. Any terms in these requests should likewise be interpreted as broadly as possible. References to entities should be interpreted broadly to include the named entity and its affiliates, parents, subsidiaries, officers, directors, employees and agents.

2. As directed by the Order, if you withhold any documents from the production based upon a claim of privilege, provide Examiner's counsel with a privilege log containing the information required under Fed. R. Bank. P. 7026 within ten (10) days of service of the foregoing subpoena.

### REQUESTS

1. For the period between January 1, 2007 and October 1, 2008, all documents relating to the risk analysis and valuation of Archstone-Smith Real Estate Investment Trust ("Archstone") and/or assets owned or controlled by it, including, but not limited to valuations, analyses, business plans, forecasts, and projections which were performed by you or any third-party, as well as all documents reflecting any decrease in the market value of Archstone and/or assets owned or controlled by it.

2. For the period between January 1, 2006 and October 1, 2008, all documents relating to the formulas, processes, methodologies, and procedures that you or any third-party used in valuing Archstone-Smith Real Estate Investment Trust and/or assets owned or controlled by it.

3. For the period between January 1, 2006 and October 1, 2008, all documents concerning any agreements between you and any third-parties, including LBHI (and any subsidiaries or affiliates thereof) relating to Archstone-Smith Real Estate Investment Trust, including, but not limited to, term sheets, letters of intent, commitment letters, and contracts.

4. For the period between January 1, 2006 and October 1, 2008, please produce all correspondence, including e-mails, concerning: (1) agreements between you and any third-parties relating to Archstone-Smith Real Estate Investment Trust ("Archstone"); and (2) risk analysis, liquidity analysis, and valuation of Archstone and/or assets owned or controlled by it.

5. For the period between May 1, 2007 and October 31, 2007, all communications between you (including any of your agents, affiliates, or subsidiaries) and LBHI (including any agents, affiliates, or subsidiaries thereof) relating to: (1) LBHI's right to terminate its transaction to acquire Archstone-Smith Trust; and (2) any discussions concerning altering the terms of the transaction between you and LBHI relating to Archstone-Smith Trust.

6. For the period between May 1, 2007 and October 31, 2007, all internal communications within your company (including communications within, between, or among any of your agents, affiliates, or subsidiaries) relating to: (1) LBHI's right to terminate its transaction to acquire Archstone-Smith Trust; and (2) any discussions concerning altering the terms of the transaction between you and LBHI relating to Archstone-Smith Trust.

7. For the period January 1, 2007 and September 15, 2008, all documents, including emails, regarding or reflecting discussions with LBHI (including any affiliates or subsidiaries thereof) relating to potential transactions between you and LBHI which were considered but never consummated.

8.  For the period January 1, 2006 and October 31, 2007, all documents, including emails, relating to the negotiation with LBHI (including any affiliates or subsidiaries thereof) to purchase or acquire an interest in Archstone-Smith Real Estate Investment Trust and/or assets owned or controlled by it.

By: /s/ Robert L. Byman
Robert L. Byman

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

*Attorneys for the Examiner*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------------------x

### ORDER GRANTING EXAMINER'S MOTION DIRECTING THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATIONS OF THE DEBTORS' CURRENT AND FORMER OFFICERS, DIRECTORS AND EMPLOYEES, AND OTHER PERSONS AND ENTITIES

Upon the Motion of Anton R. Valukas (the "Examiner") for an Order Directing the Production of Documents and Authorizing the Examination of the Debtors' Current and Former Officers, Directors and Employees, and Other Persons and Entities (the "Motion"); and the Court having reviewed the Motion and the exhibits submitted in support; and the Court being satisfied that adequate notice of the Motion has been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket # 285] (i) to the Court; (ii) counsel for the Debtors; (iii) the U.S. Trustee; (iv) counsel for the Official Committee of Unsecured Creditors; (v) counsel for the Debtors' postpetition lenders; (vi) the Securities and Exchange Committee; (vii) the Internal Revenue Service; (viii) the United States Attorney for the Southern District of New York; (ix) any person with a particularized interest in the subject matter of the Motion; and (x) all parties who have requested notice in these Chapter 11 Cases; and (xi) it appearing that no other or further notice of the Motion need be provided; and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED

---

' Capitalized terms not otherwise defined shall have the meaning ascribed to them in the Motion.

1. The Motion is granted.

2. The Examiner is authorized, pursuant to Bankruptcy Rule 2004, to issue such subpoenas as may be necessary to compel the production of documents and the testimony of Witnesses in connection with the Examiner's Investigation.

3. The Examiner shall serve each subpoena and a copy of this Order on the target of the subpoena, with copy to (i) the Debtor; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iii) the SIPA Trustee; and (iv) the United States Attorney for the Southern District of New York.

4. As directed in ¶ 8 of the Examiner Order, the Examiner shall cooperate fully with any government agencies including, but not limited to, any Federal, state or local government agency that currently or in the future may be investigating the Debtors, their management or their financial condition, and the Examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with, or duplication of, any investigations conducted by such agencies. The Examiner will follow a protocol to be established with the governmental agencies for the sharing of information to the extent that such sharing benefits the Debtors' estates, and such sharing of information shall be subject to appropriate conditions to protect the Debtors' estates.

5. The Examiner shall file with the Court an affidavit or declaration of service for each subpoena he serves.

6. Unless otherwise agreed to by the Examiner, Witnesses shall have ten (10) days from the service of a subpoena to either (1) produce to the Examiner all responsive documents requested in the Examiner's subpoena, except as provided in ¶ 7 *infra;* or (2) file with the Bankruptcy Court an objection or response to the subpoena, with a hearing promptly scheduled.

7. Unless otherwise agreed by the Examiner, if a Witness withholds any documents from the production based upon a claim of privilege, such Witness is directed to provide counsel for the Examiner with a privilege log, containing the information required under Bankruptcy Rule 7026, within ten (10) days of the service of a subpoena upon the Witnesses.

8. The Witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Examiner, in no event more than fifteen (15) days from the date of service of a deposition subpoena upon such Witness

9. Nothing herein limits the substantive rights of Witnesses or other parties under applicable law to object to or oppose any subpoena the Examiner may serve.

10. This Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.

11. In accordance with Bankruptcy Rules 2004 and 9016, the Clerk of this Court shall issue subpoenas, signed but otherwise in blank, as requested by the Examiner.

12. This Order is without prejudice to the Trustee's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law.

Dated: February 11, 2009
New York, New York

/s/ James M. Peck
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE:

LEHMAN BROTHERS HOLDINGS, INC., et al.

Debtor,

------------------------------------------------------------X

Index No.08-13555 (JMP)

AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                           S.S.:
COUNTY OF NEW YORK)

EVAN S. COHAN, ESQ., being duly sworn, deposes and says that he is over the age of eighteen years, is employed by the attorney service, METRO ATTORNEY SERVICE INC., and is not a party to this action.

That on the 13th day of August, 2004, at approximately 4:20 pm, deponent served a true copy of the Subpoena for Rule 2004 Examination upon Tishman Speyer at 45 Rockefeller Plaza, New York, New York, by personally delivering and leaving the same with Douglas Scullark, Mailroom Clerk, who informed deponent that he is an agent authorized by appointment to receive service at that address.

Douglas Scullark is a black male, approximately 35 years of age, stands approximately 5 feet 9 inches tall, weighs approximately 195 pounds with black hair and dark eyes.

_____
EVAN S. COHAN, ESQ.

Sworn to before me this
14th day of August, 2009

_____
NOTARY PUBLIC

DOMINIC DELLAPORTE
Notary Public, State of New York
No. 01DE6052212
Qualified in Nassau County
Commission Expires December 11, 20 _10_