WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard L. Levine
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                            :
**In re**                                   :   **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,:   **08-13555 (JMP)**
                                            :
            Debtors.                        :   (Jointly Administered)
                                            :
                                            :
-------------------------------------------------------------------x

**STIPULATION AND AGREED ORDER**
**TERMINATING OPEN TRADE CONFIRMATION**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation and Agreed Order (this "Stipulation") is entered into by and between Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors"), and each of the funds listed on the signature pages hereto (collectively, the "Fidelity Funds"), the investment manager for each of which is Fidelity Management & Research Company or Pyramis Global Advisors (collectively, "Fidelity").

**RECITALS**

      A.      On September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

      B.      Prior to the Commencement Date, the Debtors were active in the secondary loan market. In this capacity, the Debtors purchased and sold both par and distressed commercial loans.

      C.      The Debtors' prepetition trades were reflected in various oral and written confirmations (the "Trade Confirmations"). Generally, each Trade Confirmation represented a binding agreement to purchase or sell a position in par or distressed loans at an agreed price. However, the ensuing transaction was not consummated and settled until, among other things, both counterparties executed formal transfer documentation and the purchaser tendered payment.

      D.      As of the Commencement Date, the Debtors had entered into, but had not yet consummated and settled, hundreds of Trade Confirmations (the "Open Trade Confirmations"). The Debtors contend that these Open Trade Confirmations are executory contracts subject to assumption or rejection under section 365 of the Bankruptcy Code.

      E.      On November 14, 2008, the Debtors filed a Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 1541] (the "Open Trades Motion"), in which the Debtors designated most Open Trade Confirmations for assumption, rejection or modification.

      F.      In the Open Trades Motion, the Debtors designated for assumption an Open Trade Confirmation dated September 12, 2008 (with a trade date of September 11, 2008),

between LCPI and Fidelity, a trade which Fidelity intended to allocate to the Fidelity Funds for the sale of debt of Wind Acquisition Holdings Finance S.A. (the "Fidelity Trade"). *See* Exhibit A to the Open Trades Motion, page 7.

G.  The Fidelity Funds and Fidelity did not file an objection to the Open Trades Motion. Therefore, by Order dated December 16, 2008, the Court granted the Open Trades Motion with respect to the Fidelity Trade, thereby approving LCPI's assumption of the Fidelity Trade [Docket No. 2258] (the "Open Trades Order"). *See* Exhibit A to Open Trades Order, page 11.

H.  LCPI subsequently contacted Fidelity to close the Fidelity Trade. Fidelity, however, contends that the Fidelity Trade was terminated pre-petition and therefore is not assumable. LCPI does not agree that the Fidelity Trade was effectively terminated pre-petition, but is willing to treat the Fidelity Trade as terminated.

I.  The Debtors and the Fidelity Funds (each a "Party," and collectively, the "Parties") therefore have agreed to resolve their dispute as follows:

**AGREED ORDER**

IT IS HEREBY AGREED AND, SUBJECT TO COURT APPROVAL HEREOF, THAT:

1.  The Fidelity Trade is hereby terminated and the rights and obligations of the Parties thereunder are hereby finally and fully extinguished, notwithstanding any provision in any agreement related to the Fidelity Trade that provides for any term or condition to survive the termination or cancellation thereof. The Parties agree that this Stipulation shall constitute or waive any termination notice or provision under any agreement related to the Fidelity Trade.

2.   For the avoidance of doubt, this Stipulation is not a rejection of the Fidelity Trade and neither the Fidelity Funds nor Fidelity nor any of their respective affiliates or any other funds managed by Fidelity shall be entitled to file any claim against the Debtors relating to breach or rejection of the Fidelity Trade.

3.   Upon court approval hereof, the Open Trades Order shall be deemed vacated to the extent that it provided that LCPI would assume the Fidelity Trade.

4.   Each Party generally releases and discharges the other Party from all claims, rights, causes of action, judgments, costs, expenses, and damages of every kind, nature and character whatsoever arising under or related to the Fidelity Trade, its negotiation, execution, performance, non-performance, any breaches thereof, or its termination.

5.   Each person who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

6.   This Stipulation constitutes the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7.   The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

8.   This Stipulation shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

9.   This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

10. If this Stipulation is not approved by the Court, it shall be deemed null and void and shall not be referred to or used for any purpose by any of the Parties hereto or any of the other parties in the Debtors' chapter 11 cases. In such event, the Parties shall retain their respective rights regarding the Fidelity Trade.

Dated: August 5, 2009

| | |
|---|---|
| **VARIABLE INSURANCE PRODUCTS V: STRATEGIC INCOME PORTFOLIO** | **WEIL, GOTSHAL & MANGES LLP** |
| | /s/ Jacqueline Marcus |
| **FIDELITY SUMMER STREET TRUST: FIDELITY CAPITAL & INCOME FUND** | Richard L. Levine<br>Jacqueline Marcus |
| **FIDELITY SCHOOL STREET TRUST: FIDELITY STRATEGIC INCOME FUND** | 767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000 |
| **FIDELITY ADVISOR SERIES II: FIDELITY ADVISOR STRATEGIC INCOME FUND** | Facsimile: (212) 310-8007<br><br>Attorneys for Debtors<br>and Debtors in Possession |

 /s/ Paul Murphy
Paul Murphy, Assistant Treasurer
82 Devonshire Street V10F
Boston, Massachusetts 02109

**PYRAMIS GLOBAL ADVISORS TRUST COMPANY AS INVESTMENT MANAGER FOR THE ILLINOIS MUNICIPAL RETIREMENT BOARD**

 /s/ David Censorio
David Censorio, Vice President
900 Salem Street
Smithfield, Rhode Island 02917

SO ORDERED:

Dated: New York, New York
       August 25, 2009                    *s/ James M. Peck*
                                         UNITED STATES BANKRUPTCY JUDGE