WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re                                         :    Chapter 11 Case No.
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :    08-13555 (JMP)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
                                              :
------------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER BETWEEN
### THE DEBTORS AND THE SIGNATORIES TO THE CROSS- BORDER
### INSOLVENCY PROTOCOL WITH RESPECT TO THE BAR DATE ORDER

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This stipulation, agreement, and order (this "Stipulation, Agreement and Order") is entered into between Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), and the other parties (the "Foreign Protocol Signatories" and, collectively with the Debtors, the "Protocol Signatories") to that certain Cross-Border Insolvency Protocol for the Lehman Brothers Group of Companies dated May 12, 2009 (the "Protocol").

### RECITALS

A. On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court

voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

    B.  On and after the Commencement Date, certain of Lehman's foreign direct and indirect subsidiaries commenced, or in some cases, had initiated against them a variety of insolvency, administration, liquidation, rehabilitation, receivership or like proceedings, as well as ancillary proceedings (the "Foreign Proceedings," and collectively, with the Debtors' chapter 11 cases, the "Proceedings") across various foreign jurisdictions and before different courts and governmental, regulatory, or administrative bodies (collectively with the Court, the "Tribunals"). In certain of the Foreign Proceedings, committees of creditors have been formed (the "Foreign Creditors' Committees").

    C.  On May 26, 2009, the Debtors filed a Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code for Approval of a Cross-Border Insolvency Protocol (the "Protocol Motion") [Docket No. 3647]. The Protocol Motion states that once the Protocol Signatories secure approval of the Protocol from their respective Tribunals or Foreign Creditors' Committees, a series of meetings and teleconferences would follow on the substance of the Protocol. (Protocol Motion ¶ 19.) In particular, the Protocol Motion states that the Protocol Signatories were planning an initial conference to take place in mid-July to discuss, among other things, the key procedural and substantive differences among the various Proceedings, and a thorough analysis of the intercompany financial matrix. *Id.* On June 17, 2009, the Court entered an order approving the Protocol [Docket No. 4020].

        D.       One of the stated aims of the Protocol is "to provide for a consistent and measured approach to the calculation and adjudication of intercompany claims that avoids unnecessary intercompany litigation." Protocol § 1.4.5.

        E.       On July 2, 2009, the Court entered an Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order establishes September 22, 2009 as the deadline for the filing of proofs of claim by virtually all creditors against the Debtors (such deadline as is established under the Bar Date Order, the "General Bar Date"), October 22, 2009 as the deadline for the filing of questionnaires with respect to any Derivative Contract (as defined in the Bar Date Order) and Guarantees (as defined in the Bar Date Order) claims (the "Questionnaire Deadline") and November 2, 2009 as the deadline for the filing of proofs of claim with respect to any Lehman Program Securities (as defined in the Bar Date Order) (the "Program Securities Bar Date").

        F.       On July 17, 2009, as contemplated by the Protocol Motion, the Protocol Signatories convened a meeting in London, United Kingdom (the "First Protocol Meeting"). At the First Protocol Meeting, the Protocol Signatories made substantial progress in determining how they might arrive at a potential resolution of intercompany claims through a streamlined, multilaterally consistent and transparent process that could significantly reduce administrative expenses and avoid years of potential litigation in multiple jurisdictions.

        G.       In furtherance of this effort to arrive at a consensual resolution of intercompany claims, the Protocol Signatories have set forth an aggressive timeline of milestones that will lead to a second meeting of said signatories in mid-October (the "Second Protocol Meeting"). For the Second Protocol Meeting to succeed and ultimately result in an agreement

that forms the basis for an intercompany claims settlement, a substantial amount of work will be required of all the Protocol Signatories in a short period of time.  In that regard, the Protocol Signatories are entirely dependent on each other's motivation and initiative for this unanimous effort to succeed.  Recognizing that in addition to this unanimity of effort, the Protocol Signatories also face similarly burdensome circumstances in administering their own Proceedings, and recognizing that the consummation of an intercompany claims settlement would dramatically reduce the time, expense, and uncertainty of claims administration and distributions in each of their Proceedings, the Debtors and the Foreign Protocol Signatories agree to the terms of this Stipulation, Agreement and Order to provide additional time for the Protocol Signatories to continue to pursue complex multilateral settlement discussions designed to achieve intercompany claims settlements, as well as to discuss other issues contemplated by the Protocol.

## **AGREEMENT**

NOW THEREFORE, it is hereby ORDERED that, and the parties hereto, by and through their respective attorneys, hereby AGREE and STIPULATE as follows:

1. Notwithstanding any deadline established pursuant to the Bar Date Order, the Bar Date and Questionnaire Deadline for the Foreign Protocol Signatories with respect to the entities set forth on Schedule A annexed hereto shall be **November 2, 2009, at 5:00 p.m. (prevailing Eastern Time)**.

2. Other than the deadlines established pursuant to the Bar Date Order for the (i) filing of proofs of claim and (ii) the submission of Derivative Questionnaires and Guarantee Questionnaires, which now shall be November 2, 2009 at 5:00 p.m. (prevailing Eastern Time), the Foreign Protocol Signatories shall be obligated to comply with all other provisions of the Bar

4

Date Order, including, but not limited to, the procedures for filing a proof of claim against the Debtors.

3. Each person who executes this Stipulation, Agreement and Order on behalf of a party or parties hereto represents that he or she is duly authorized to execute this Stipulation, Agreement and Order on behalf of such party or parties.

4. This Stipulation, Agreement and Order is subject to approval of the Court and shall be of no force and effect unless and until it is approved.

5. This Stipulation, Agreement and Order shall be binding upon and inure solely to the benefit of the parties hereto and their respective successors and permitted assigns, including any subsequent trustee elected or appointed for the Debtors. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation, Agreement and Order.

6. Except to the extent that a Foreign Protocol Signatory otherwise submits to the jurisdiction of this Court, the Foreign Protocol Signatories hereby consent to this Court's jurisdiction solely for the purpose of the enforcement of this Stipulation, Agreement and Order.

7. No amendment, waiver, or modification of any provision of this Stipulation, Agreement and Order shall be effective unless the same shall be in writing and signed by each of the parties hereto.

8. This Stipulation, Agreement and Order may be executed in two or more counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument. This Stipulation, Agreement and Order may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an

5

original signature whether or not confirmed by delivering the original signatures in person, by courier, or by mail.

9. This Stipulation, Agreement and Order shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of laws that would require the application of laws of another jurisdiction.

[*signature pages follow*]

Dated: New York, New York
       August 6, 2009

| | |
|---|---|
| By: /s/ Richard P. Krasnow | By: /s/ David Cowling |
| Richard P. Krasnow | David Cowling |
| WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 | CLAYTON UTZ<br>1 O'Connell Street<br>Sydney NSW 2000<br>Australia<br>Telephone: +61 (0) 2 9353 4000<br>Facsimile: +61 (0) 2 8220 6700 |
| *Attorneys for Lehman Brothers Holdings, Inc. and its Affiliated Debtors and Debtors-in-Possession* | *Attorneys for Neil Singleton, as one of the joint and several administrators of Lehman Brothers Australia Granica Pty Limited (Administrators Appointed), Lehman Brothers Real Estate Australia Commercial Pty Limited (Administrators appointed), Lehman Brothers Australia Real Estate Holdings Pty Limited (Administrators appointed), Lehman Brothers Australia Finance Pty Limited (Administrators Appointed), Lehman Brothers Australia Holdings Pty Limited (Administrators Appointed), Lehman Brothers Australia Limited (Administrators Appointed), LBHV 1 Pty Limited (Administrators Appointed), HV 1 Pty Limited (Administrators Appointed), and HV 2 Pty Limited (Administrators Appointed)* |

7

By: /s/ Steven Miller

Steven Miller

MAYER BROWN JSM
Q. House Lumpini Building
1 South Sathorn Road
Tungmahamek, Sathorn, Bangkok 10120
Thailand
Telephone: +66 2 677 7555
Facsimile: +66 2 677 7599

*Attorneys for Edward Simon Middleton as one of the Joint and Several Liquidators, without personal liability, of and for and on behalf of Lehman Brothers Asia Holdings Limited (In Liquidation), Lehman Brothers Asia Limited (In Liquidation), Lehman Brothers Futures Asia Limited (In Liquidation), Lehman Brothers Securities Asia Limited (In Liquidation), LBQ Hong Kong Funding Limited (In Liquidation), Lehman Brothers Nominees (H.K.) Limited (In Liquidation), Lehman Brothers Asia Capital Company (In Liquidation), Lehman Brothers Commercial Corporation Asia Limited (In Liquidation)*

By: /s/ Patrick P.K. Ang

Patrick P.K. Ang

RAJAH & TANN LLP
4 Battery Road
#26-01 Bank of China Building
Singapore 049908
Telephone: +65-6535 3600
Facsimile: +65-6720 8660

*Attorneys for Chay Fook Yuen for himself, Yap Cheng Ghee and Tay Puay Cheng, as Joint and Several Liquidators, without personal liability, of and for and on behalf of Lehman Brothers Investments Pte. Ltd. (In Creditors' Voluntary Liquidation), Lehman Brothers Finance Asia Pte. Ltd. (In Creditors' Voluntary Liquidation), Lehman Brothers Commodities Pte. Ltd. (In Creditors' Voluntary Liquidation), Lehman Brothers Pacific Holdings Pte. Ltd. (In Creditors' Voluntary Liquidation), Sail Investors Pte. Ltd. (In Creditors' Voluntary Liquidation), Lehman Brothers Asia Pacific Holdings Pte. Ltd. (In Creditors' Voluntary Liquidation)*

By: /s/ Frédéric Verhoeven

Frédéric Verhoeven

HOUTHOFF BURUMA N.V.
Gustav Mahlerplein 50
1082 MA Amsterdam
The Netherlands
Telephone: +31 (0)20 605 60 00
Facsimile: +31 (0)20 605 67 00

*Attorneys for Rutger Schimmelpenninck, in his capacity as bankruptcy trustee ("curator") for Lehman Brothers Treasury Co. B.V.*

By: /s/ D. Farrington Yates

D. Farrington Yates

SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas, 24th Floor
New York, New York 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

*Attorneys for Dr. Michael C. Frege in his capacity as Insolvency Administrator ("Insolvenzverwalter") of Lehman Brothers Bankhaus AG (in Insolvenz)*

| | |
|---|---|
| By: /s/ Christopher K. Kiplok | By: /s/ Michael A. Rosenthal |
| James B. Kobak, Jr.<br>Christopher K. Kiplok | Michael A. Rosenthal |
| HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br>Facsimile: (212) 422-4726 | **GIBSON, DUNN & CRUTCHER LLP**<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035 |
| *Attorneys for James W. Giddens, as Trustee for the Liquidation of Lehman Brothers Inc. under the Securities Investor Protection Act.* | *Attorneys for PricewaterhouseCoopers AG, Zurich, as Bankruptcy Liquidator and Foreign Representative of Lehman Brothers Finance AG, in Liquidation, a/k/a Lehman Brothers Finance SA, in Liquidation* |
| | By: /s/ Robert F. van Beemen |
| | Robert F. van Beemen |
| | VANEPS KUNNEMAN VANDOORNE<br>Julianaplein 22<br>P.O. Box 504<br>Willemstad, Curacao<br>Netherlands Antilles<br>Telephone: +599 9 461 3400<br>Facsimile: +599 9 461 2023 |
| | *Attorneys for Mr. Michiel R.B. Gorsira in his capacity of Court appointed receiver ("curator") of Lehman Brothers Securities N.V.* |

SO ORDERED

Dated: New York, New York
       August 25, 2009

                                              *s/ James M. Peck*
                                        UNITED STATES BANKRUPTCY JUDGE

Schedule A

| Signatories ||
|---|---|
| **Signatory** | **Entities** |
| Rutger Schimmelpenninck, in his capacity as bankruptcy trustee ("curator") for Lehman Brothers Treasury Co. B.V. | Lehman Brothers Treasury Co. B.V. |
| Edward Simon Middleton as one of the Joint and Several Liquidators, without personal liability, of and for and on behalf of the Lehman Hong Kong Group | Lehman Brothers Asia Holdings Limited (In Liquidation)<br>Lehman Brothers Asia Limited (In Liquidation)<br>Lehman Brothers Futures Asia Limited (In Liquidation)<br>Lehman Brothers Securities Asia Limited (In Liquidation)<br>LBQ Hong Kong Funding Limited (In Liquidation)<br>Lehman Brothers Nominees (H.K.) Limited (In Liquidation)<br>Lehman Brothers Asia Capital Company (In Liquidation)<br>Lehman Brothers Commercial Corporation Asia Limited (In Liquidation) |
| Chay Fook Yuen for himself, Yap Cheng Ghee and Tay Puay Cheng, as Joint and Several Liquidators, without personal liability, of and for and on behalf of the Lehman Singapore Group | Lehman Brothers Investments Pte. Ltd. (In Creditors' Voluntary Liquidation)<br>Lehman Brothers Finance Asia Pte. Ltd. (In Creditors' Voluntary Liquidation)<br>Lehman Brothers Commodities Pte. Ltd. (In Creditors' Voluntary Liquidation)<br>Lehman Brothers Pacific Holdings Pte. Ltd. (In Creditors' Voluntary Liquidation)<br>Sail Investors Pte. Ltd. (In Creditors' Voluntary Liquidation)<br>Lehman Brothers Asia Pacific Holdings Pte. Ltd. (In Creditors' Voluntary Liquidation) |
| Dr. Michael C. Frege in his capacity as insolvency administraton ("Insolvenzverwalter") of Lehman Brothers Bankhaus AG (in Insolvenz) | Lehman Brothers Bankhaus AG (in Insolvenz) |

| | |
|---|---|
| Neil Singleton, as one of the joint and several administrators of the Lehman Australia Group | Lehman Brothers Australia Granica Pty Limited (Administrators Appointed) <br> Lehman Brothers Real Estate Australia Commercial Pty Limited (Administrators appointed) <br> Lehman Brothers Australia Real Estate Holdings Pty Limited (Administrators appointed) <br> Lehman Brothers Australia Finance Pty Limited (Administrators Appointed) <br> Lehman Brothers Australia Holdings Pty Limited (Administrators Appointed) <br> Lehman Brothers Australia Limited (Administrators Appointed) <br> LBHV 1 Pty Limited (Administrators Appointed) <br> HV 1 Pty Limited (Administrators Appointed) <br> HV 2 Pty Limited (Administrators Appointed) |
| James W. Giddens, as Trustee for the Liquidation of Lehman Brothers Inc. under the Securities Investor Protection Act. | Lehman Brothers Inc. |
| Mr. Michiel R.B. Gorsira in his capacity of Court appointed receiver ("curator") of Lehman Brothers Securities N.V. | Lehman Brothers Securities N.V. |
| PricewaterhouseCoopers Ltd., Zurich, Christiana Suhr-Brunner and Pascal Portmann, appointed bankruptcy administrators of Lehman Brothers Finance S.A. in liquidation. | Lehman Brothers Finance AG, in Liquidation, a/k/a Lehman Brothers Finance SA, in Liquidation |

11