REED SMITH LLP  
599 Lexington Avenue  
New York, NY 10022  
Tel: (212) 521-5400  
Fax: (212) 521-5450  
Eric A. Schaffer (ES-6415)  
Michael J. Venditto (MV-6715)  

*Counsel to The Bank of New York Mellon,*  
*The Bank of New York Mellon Trust Company,*  
*N.A., and BNY Corporate Trustee Services*  
*Limited, in their representative capacities*

Hearing: August 26, 2009 at 10:00 a.m. (Eastern)

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X
                                                                 :
In re                                                            :    **Chapter 11**
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                         :    **Case No. 08-13555 (JMP)**
                                                                 :    **(Jointly Administered)**
                                    Debtors.                     :
                                                                 :    Refers to Dkt. No. 4453, 4903
                                                                 :
---------------------------------------------------------------- X

**REPLY OF THE BANK OF NEW YORK MELLON, THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AND BNY CORPORATE TRUSTEE SERVICES LIMITED TO DEBTORS' OMNIBUS RESPONSES TO OBJECTIONS TO THE MOTION OF THE DEBTORS PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-143 FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVE CONTRACTS**

The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., and any affiliate thereof, through its Corporate Trust Department, and BNY Corporate Trustee Services Limited, each as trustee, indenture trustee, agent, or in its other representative capacity (collectively, the "Trustee") for the holders (the "Holders") of certain notes, certificates, bonds, or other interests (collectively, the "Notes") issued by certain issuers pursuant to structures

created by the Debtors or their affiliates that have entered into derivative contracts with one or more Debtors, files this reply in response to the Debtors' Omnibus Response (the "Response") (D.I. 4903) to the objections interposed to their motion, dated July 20, 2009, for an order approving alternative dispute resolution procedures for affirmative claims of Debtors under derivatives contracts (the "Motion")(D.I. 4453).[1]

1.  The Trustee does not oppose the use of alternative dispute resolution ("ADR") to expedite the settlement of open derivative contracts. However, the Trustee continues to object to the Debtors' proposed ADR procedures because they do not account for the complexity of the synthetic structures created by the Debtors.

2.  The Trustee objected to the Motion on the following grounds:

- The Trustee cannot be compelled to mediate the rights of noteholders when the Trustee, in the absence of direction, has no legal authority to settle or compromise their claims;

- The Derivatives ADR Procedures should be modified to ensure that the beneficial holders (many of which are located overseas) receive notice sufficiently in advance of any mediation, to permit telephonic participation, and to avoid imposition of unreasonable or impractical deadlines and other requirements on Holders.

3.  While the Debtors' Response addresses some of the procedural concerns in the original objection, it ignores the substantive grounds raised by the Trustee. Instead, the Debtors have made clear their intention that the Motion apply to the Trustee, even where the Trustee has no authority to enter into meaningful negotiations.[2]

4.  Mediation is a voluntary process designed to enable participants to reach an

---

[1] Capitalized terms not defined in this Objection have the meanings assigned to such terms in the Motion.

[2] The Debtors also have revised the proposed form of order to provide more time for noteholders to receive notice of a mediation process. The additional time, however, in no way addresses the issues of authority addressed herein.

- 2 -

agreement that resolves disputes. The Motion, however, envisions a process that compels parties to participate without regard to their legal rights or interests. Efficiency is an admirable goal, but implementing procedures that are inconsistent with the parties' rights cannot serve this goal. The Debtors have therefore failed to demonstrate that the extraordinary relief they seek is either warranted or appropriate with regard to the Trustee.

5. Since filing the Motion, the Debtors have revised the proposed procedures to address many of the objections. These modifications, however, do not deal with the fundamental issues arising under the synthetic structures that the Debtors created and marketed to investors around the world. While the Motion focuses on the thousands of derivative contracts to which the Debtors are counterparty, there is no meaningful discussion of the hundreds of structured transactions that the Debtors designed and marketed, which enabled them to enter into derivative contracts with shell entities. As a substitute for dealing with the note holders to whom they sold these investments, the Debtors urge the Court to look to the indenture trustees as substitutes for the missing counterparties. This overlooks the limited role of an indenture trustee.

6. As a general rule, an indenture is a contract establishing rights and duties as between the indenture trustee and the issuer of the notes and the noteholders. Because the indenture trustee's duties are contractual, the word "trustee" is something of a misnomer. *See Elliott Assoc. v. J. Henry Schroder Bank & Trust Co.*, 838 F.2d 66, 70-71 (2d Cir. 1988) ("[A]n indenture trustee is more like a stakeholder whose duties and obligations are exclusively defined in the terms of the indenture agreement") (citation omitted).

7. In *Meckel v. Continental Resources*, 758 F.2d 811, 815-16 (2d Cir. 1985), the Second Circuit wrote:

> Trust indentures are important mechanisms for servicing corporate debt and banks play an essential role in the process that brings corporate financings to the public

market. It is important that a bank's obligations with respect to notice be limited to those agreed upon, subject only to the requirement that the provision for notice be reasonable. … An indenture trustee is not subject to the ordinary trustee's duty of undivided loyalty. Unlike the ordinary trustee, who has historic common-law duties imposed beyond those in the trust agreement, an indenture trustee is more like a stakeholder whose duties and obligations are exclusively defined by the terms of the indenture agreement.

8. The duties of an indenture trustee are not, therefore, fixed by general principles of trust law. "The authority of the trustee is limited by the terms of the trust deed. *Connecticut Gen. Life Ins. Co. v. Eldridge*, 102 U.S. 545, 547, 26 L.Ed. 245 (1880)." *Daniel G. Kamin Easton Enterprises v. J.P. Morgan Trust Company, N.A.,* 2008 WL 2763595 (W.D. Pa, July 11, 2008). Therefore, without a specific grant of authority either in the trust indenture or from the consent of the parties, a release given by an indenture trustee is ineffective. *Id*.; *Locke v. Andrasko*, 178 Wash. 145, 34 P.2d 444, 447 (1934).

9. The Debtors—who structured these synthetic transactions—understand that the Trustee lacks the authority to play the role of a substitute for the derivative counterparty. That presumably is why the only reference in their Response to the authorization issue is tucked away in item 15 of Exhibit A, where the Debtors assert that "[t]he Court has held (in denying BNY's motion to dismiss in the Perpetual matters [*sic*] that noteholders are not indispensable parties." This is a mischaracterization of the Court's holding, and it simply is not responsive to this fundamental issue. Instead, the reliance on an inapposite ruling in the Perpetual adversary proceeding[3] demonstrates the lack of practical or logical support for the Debtor's argument that the Court should compel the Trustee to engage in *ultra vires* negotiations.

---

[3] "Perpetual Adversary Proceeding" refers to *Lehman Brothers Special Financing Inc., Plaintiff, against, BNY Corporate Trustee Services Limited, Defendant*. Adv. P. No. 09-01242 (JMP). The Trustee respectfully requests that the Court take judicial notice of the record of the proceedings in that litigation.

10. Despite the broad reading that the Debtors give to the Court's ruling in the Perpetual Adversary Proceeding, the ruling has no relevance to the scope of the Trustee's authority.[4] The Court described its analysis as focused on the requirements of Rule 19(a) of the Federal Rules of Civil Procedure:

> The narrow question presented, however, is whether dismissal of this action is required under the strict application of Rule 19 principles involving allegedly necessary or allegedly indispensable parties.

Transcript[5] at 67, ll. 4-7. After considering that question, the Court concluded:

> I believe, as a matter of law, that Perpetual is not an indispensable party. Perpetual may or may not be a necessary party, but I don't need to decide that question. Without doubt, Perpetual is a directly interested and affected party, and a sophisticated one, at that.

Transcript at 72, l. 22 – 73, l.1.

11. The primary reason for this holding was the Court's conclusion that the Trustee was involved in similar litigation in which "the legal issues are exactly the same" and if the Trustee litigated that case it would be "ardently advocating the very same points in the Perpetual [Adversary Proceeding]." *Id*. at 70. Such rationale is simply not applicable to the question of the Trustee's authority to compromise the rights of noteholders without their authority. Therefore, the Court should reject the Debtors' argument and deny the Motion.

12. The Bankruptcy Code provides no authority to rewrite the underlying documents to grant authority that the Trustee lacks. The documents governing the Trustee Transactions documents should be enforced as a matter of basic contact law.

---

[4]    The Trustee has recently filed an application for leave to appeal this ruling. If the decision were to be reversed on appeal, the sole justification offered by the debtors would be undermined.

[5]    "Transcript" refers to the Transcript of the hearing conducted by the Court on August 11, 2009; excerpts referenced herein are annexed as Exhibit "A".

13. More importantly, any ADR process should be designed to include, and not exclude, parties with a direct economic interest. Until the Debtors are able to devise such an inclusive process, there is no legal or contractual basis to impose upon the Trustee an obligation to participate in a mediation process where the Trustee lacks legal and contractual authority to compromise the holders' claims. To the extent the Debtors seek to compel the Trustee to participate in mediation, the Motion should be denied.

WHEREFORE, the Trustee objects to the Motion and respectfully requests that this Court deny the Motion to the extent that it would require the Trustee to participate in mediations relating to derivative contracts to which it is not a party.

Dated: August 25, 2009
      New York, New York          Respectfully Submitted,

By:   */s/ Eric A. Schaffer*
Eric A. Schaffer (ES-6415)
Michael J. Venditto (MV-6715)
599 Lexington Avenue
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450

Counsel to The Bank of New York Mellon,
The Bank of New York Mellon Trust Company, N.A.
and BNY Corporate Trustee Services Limited,
in their representative capacities

TO:

Chambers of Honorable James J. Peck
One Bowling Green, Courtroom 601
New York, New York 10004

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attention: Lori R. Fife
Robert J. Lemons
Richard P. Krasnow
Shai Y. Waisman
Jacqueline Marcus

Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178
Attention: Steven J. Reisman
L. P. Harrison 3rd

Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004
Attention: Andy Velez-Rivera
Paul Schwartzberg
Brian Masumoto
Linda Riffkin
Tracy Hope Davis

Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, New York 10005
Attention: Dennis F. Dunne
Dennis O'Donnell
Evan Fleck, Esq.

Cleary Gotliebb LLP
One Liberty Plaza
New York, New York 10006
Attention: Lindsee P. Granfield
Lisa Schweiger

Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
Attention:    Robinson B. Lacy
              Hydee R. Feldstein

US_ACTIVE-102222366.2-600318-60036