**Presentment Date and Time: September 4, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: September 3, 2009 at 12:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed): September 15, 2009 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                                                  :
In re                                                             :   Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., et al.,                            :   08-13555 (JMP)
                                                                  :
                                   Debtors.                       :   (Jointly Administered)
                                                                  :
                                                                  :
------------------------------------------------------------------x
```

### NOTICE OF PRESENTMENT OF
### MOTION OF LB 2080 KALAKAUA OWNERS LLC
### PURSUANT TO SECTIONS 105(a), 365(a) AND 554(a) OF THE
### BANKRUPTCY CODE AND RULE 6006 OF THE FEDERAL RULES OF
### BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO (I) REJECT
### CERTAIN EXECUTORY CONTRACTS AND A LEASE OF NONRESIDENTIAL
### REAL PROPERTY AND (II) ABANDON CERTAIN PERSONAL PROPERTY

**PLEASE TAKE NOTICE** that the undersigned will present the annexed motion (the "Motion") of LB 2080 Kalakaua Owners LLC ("LB 2080") for an order pursuant to sections 105(a), 365(a) and 554(a) of title 11 of the United States Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure for authorization to (i) reject certain executory contracts and that certain Lease, dated as of August 7, 1995, between Nike Retail Services Inc. and LB 2080, as successor-in-interest to Kalakaua Associates International, Inc. and (ii) abandon certain personal property, all as more fully described in the Motion, to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **September 4, 2009 at 10:00 a.m. (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Motion, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by no later

than **September 3, 2009 at 12:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the order granting the Motion may be signed.

   **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed as set forth above, a hearing (the "<u>Hearing</u>") will be held to consider the Motion on **September 15, 2009 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

   **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: August 26, 2009
   New York, New York

               <u>/s/ Shai Y. Waisman</u>
               Shai Y. Waisman
               WEIL, GOTSHAL & MANGES LLP
               767 Fifth Avenue
               New York, New York 10153
               Telephone: (212) 310-8000
               Facsimile: (212) 310-8007
               Attorneys for Debtors
               and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                   :

| | | |
|---|---|---|
| **In re** | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

**MOTION OF LB 2080 KALAKAUA OWNERS LLC**
**PURSUANT TO SECTIONS 105(a), 365(a) AND 554(a)**
**OF THE BANKRUPTCY CODE AND RULE 6006 OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR**
**AUTHORIZATION TO (I) REJECT CERTAIN EXECUTORY**
**CONTRACTS AND A LEASE OF NONRESIDENTIAL**
**REAL PROPERTY AND (II) ABANDON CERTAIN PERSONAL PROPERTY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        LB 2080 Kalakaua Owners LLC ("<u>LB 2080</u>") as debtor and debtor in possession, files this Motion and respectfully represents:

**Background**

        1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "<u>Commencement Date</u>"), Lehman Brothers Holdings Inc. (together with Lehman it's affiliated debtors in the above-captioned chapter 11 cases, the "<u>Debtors</u>" and its non-debtor

affiliates, "Lehman") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On April 23, 2009, LB 2080 commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

**Jurisdiction**

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Lehman's Business**

5. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

6. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### Relief Requested

7.   LB 2080 has determined that the Lease, dated as of August 7, 1995, between Nike Retail Services Inc. ("Nike") and LB 2080, as successor-in-interest to Kalakaua Associates International, Inc. (as amended, the "Nike Lease") and the executory contracts set forth on Exhibit A annexed hereto (the "Contracts") are no longer of utility and represent a drain on LB 2080's estate and resources.  Pursuant to sections 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, LB 2080 seeks authorization to reject the Nike Lease and Contracts, effective as of the date hereof.  In addition, LB 2080 seeks authorization to abandon, pursuant to section 554(a) of the Bankruptcy Code, certain personal property of LB 2080 (the "Personal Property") located on the premises of the leasehold estate created by that certain Ground Lease and Sublease, dated October 6, 1995, by and between the predecessor-in-interest of Kalaimoku-Kuhio Development Corp. (the "Landlord") and LB 2080, as successor-in-interest to King Kalakaua Owners (as amended, the "Ground Lease"), and the subleasehold estate created by that certain Ground Lease and Sublease, dated October 6, 1995, by and between the predecessor-in-interest of the Landlord and LB 2080, as successor-in-interest to King Kalakaua Owners (as amended, the "Ground Lease") (as amended, the "Ground Sublease").

### The Nike Lease and Contracts

8.   In 2006, LBHI loaned King Kalakaua Owners $45 million to finance costs related to a commercial property located in Honolulu, Hawaii.  LBHI assigned its rights and interests in the loan and the collateral securing the loans to LB 2080.  As a result of KKO's

3

default under the loan, LB 2080 foreclosed on its collateral and obtained title to, among other things, the Ground Lease and Ground Sublease, including, a four-story retail building (the "Building" and, collectively with the Ground Lease and Ground Sublease, the "Property"). The parcels of land demised by the Ground Lease and Ground Sublease and underlying the Building are owned by third parties, including the Landlord.

9. The income generated by LB 2080 from the Property has been, and currently is, insufficient to cover the Property's current monthly operating costs. As a result, LB 2080 and its estate are plagued by monthly losses with respect to the Property.

10. Accordingly, prior to the filing of its chapter 11 case, LB 2080 engaged a broker to extensively market the Property to prospective purchasers. While LB 2080 marketed the property, an inability to pay mounting costs with respect to the Property compelled LB 2080 to commence its chapter 11 case. Since the commencement of its case, LB 2080 has continued to attempt a sale of the Property without success.

11. The Contracts relate to LB 2080's use and occupation of the Property. LB 2080 leases space in Building to Nike pursuant to the Nike Lease.

12. As a result of the mounting monthly losses arising with respect to the Property, LB 2080 therefore likely will not assume the Ground Lease or the Ground Sublease. LB 2080 has determined that continued compliance with the terms of the Nike Lease and the Contracts would be burdensome and provide no corresponding benefit to LB 2080's estate. Accordingly, LB 2080 seeks to reject the Nike Lease and twelve (12) Contracts.

13. In addition, LB 2080 has determined that the Personal Property located at the premises of the Property is burdensome and of little utility to the Debtors' estates. Accordingly, LB 2080 seeks authorization to abandon the Personal Property.

4

**Rejection of the Contracts and the Nike Lease is
<u>Supported By the LB 2080's Business Judgment and Should Be Approved By the Court</u>**

14. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993).

15. Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco & Bildisco*, 465 U.S. at 523 (recognizing the "business judgment" standard used to approve rejection of executory contracts and unexpired leases); *Nostas Assocs. v. Costich (In re Klein Sleep Products, Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *In re Minges*, 602 F.2d 38, 42-43 (2d Cir. 1979) (holding that the "business judgment" test is appropriate for determining when an executory contract can be rejected); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994) (approving rejection of license by debtor because such rejection satisfied the "business judgment" test); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under section 365(a) in the exercise of its "business judgment").

5

16. Because of the monthly losses incurred by LB 2080 with respect to the Property, the Nike Lease and the Contracts are a cash drain on LB 2080's estate and provide no corresponding benefit. LB 2080 is also unlikely to be able to assume and assign the Nike Lease and Contracts.

17. In accordance with section 365(a) of the Bankruptcy Code, LB 2080 seeks to reject the Nike Lease and the Contracts, effective as of the date hereof. While section 365 of the Bankruptcy Code does not specifically address whether the Court may order rejection to be effective retroactively, many courts, including those in this district, have held that bankruptcy courts may, in their discretion, authorize rejection retroactive to a date prior to entry of the order authorizing such rejection. *See, e.g., In re Acterna Corp., et al.*, Case No. 03-12837 (BRL) [Docket No. 97] (Bankr. S.D.N.Y. 2003) (approving a similar process for determining the effective date for the rejection of leases); *In re Stone Barn Manhattan LLC, et al.*, Case No. 08-12579 (ALG) [Docket No. 887] (Bankr. S.D.N.Y. 2008) (same); *see also In re At Home Corp.*, 392 F.3d 1064, 1071 (9th Cir. 2004) (holding that there is no requirement that the debtor tender possession of the leased premises to the landlord prior to the motion filing date for the court to grant retroactive relief *nunc pro tunc* to the motion filing date); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, *3 (S.D.N.Y. Nov. 15, 2002) (finding that retroactive rejection is valid when the balance of equities favor such treatment); *In re Jamesway Corp.*, 179 B.R. 33, 36 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions on the manner in which the court can approve rejection"); *In re Thinking Mach. Corp. v. Mellon Fin. Servs.*, 67 F.3d 1021, 1028 (1st Cir. 1995) (approving retroactive orders of rejection where the balance of equities favors such relief); *In re Mid Region Petroleum, Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (effective date of rejection of leases was the date the trustee gave notice to lessor of

6

intent to reject); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (debtor may reject executory contract by clearly communicating intention to reject).

18. Nike and the counterparties to the Contracts are not prejudiced by the effective date of the rejection because they will each receive notice of the relief requested herein and will have ample opportunity to object. Additionally, Nike is not prejudiced by the effective date of the rejection because, pursuant to certain non-disturbance and attornment agreements, Nike has to right to continue to occupy the premises of its leasehold so long as it is not in default under the terms of the Nike Lease.

19. LB 2080 requests that the Court direct that any claim for damages arising as a result of the rejection of the Leases be filed in accordance with the date established by the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271].

20. In light of the foregoing, LB 2080 respectfully requests that the Court approve rejection of the Nike Lease and the Contracts under section 365(a) of the Bankruptcy Code in the manner requested herein as a sound exercise of its business judgment.

**Authorization to Abandon the Personal Property**

21. LB 2080's requests authority to abandon the Personal Property. Section 554(a) provides that a debtor in possession may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Before authorizing abandonment of property, a bankruptcy court must find either: (i) the property is burdensome to the estate or (ii) the property is both of inconsequential value and inconsequential benefit to the estate. *See*, *e.g.*, *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*,

7

474 U.S. 494, 497 (1986), *reh'g denied*, 475 U.S. 1091 (1986); *In re Texaco, Inc.*, 90 B.R. 38, 44 (S.D.N.Y. 1988); *In re Crowthers McCall Pattern, Inc.*, 114 B.R. 877, 882 n.7 (Bankr. S.D.N.Y. 1990).

22. LB 2080 submits that the standard set forth in section 554(a) of the Bankruptcy Code is satisfied. LB 2080 will be vacating the Property. If LB 2080 is required to remove the Personal Property from the Property and store the Personal Property, it would incur a cost that would be greater than the value of such assets. Therefore, LB 2080 has determined that it is in its best interests of its estate and its creditors to abandon the Personal Property.

## Notice

23. No trustee has been appointed in these chapter 11 cases. LB 2080 has served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the counterparties to the Contracts listed on Exhibit A; (vii) Nike and (viii) all parties who have requested notice in these chapter 11 cases. LB 2080 submits that no other or further notice need be provided.

24. No previous request for the relief sought herein has been made by the LB 2080 to this or any other court.

8

WHEREFORE LB 2080 respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as is just.

Dated: August 26, 2009
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

9

## **Exhibit A**

## **Schedule of Contracts to be Rejected**

| Counterparty and Notice Address | Description of Contract or Lease | Contract Date |
|---|---|---|
| CB Richard Ellis Hawaii, Inc.<br>1001 Bishop Street, ASB Tower<br>Honolulu, HI 96813-3429<br>Attn:  Marlene DeCosta<br><br>CB Richard Ellis<br>2222 Kalakaua Avenue, Suite 1003<br>Honolulu, HI 96815-2524<br>Attn:  Troy H. Fujino | Service Contract for Property Management | 11/1/2004 |
| CB Richard Ellis, Inc.<br>3501 Jamboree Road<br>Suite 100<br>Newport Beach, CA 92660 | Listing Agreement for Brokerage of Real Property | 2/5/2009 |
| Chem Systems, Inc.<br>PO BOX 17716<br>Honolulu, HI 96817 | Service Contract for A/C Water Treatment | 9/10/2001 |
| Elite Mechanical<br>98-055 Kamehameha Hwy Ste C-6<br>Aiea, HI 96701 | Service Contract for Common Area, A/C, Parking Garage Fan and Pump Equipment Maintenance | 11/10/1998 |
| Hawaiian Building Maintenance<br>Pauahi Tower<br>1003 BISHOP ST<br>STE 2020<br>Honolulu, Ill 96813 | Service Contract for Janitorial and Maintenance | 8/19/2002 |
| Mitsubishi Elevators and Escalators, Inc.<br>ELEVATORS & ESCALATORS DIVISION<br>PO BOX 100403<br>Pasadena, CA 91189 | Service Contract for Common Area Elevator Maintenance | 10/26/98 |
| Oceanfront Hawaii, Inc.<br>1888 Kalakaua Avenue,<br>Suite #2502<br>Honolulu, HI  96815 | Supplemental Payment Agreement for Ground Sublease | 7/1/2003 |
| SimplexGrinnell<br>DEPT CH 10320<br>Palatine, IL 60055-0320 | Service Contract for Fire Alarm System Maintenance | 1/1/2006 |
| Standard Parking<br>1001 BISHOP ST<br>PAUAHI TOWER STE 600<br>Honolulu, HI 96813 | Service Contract for Parking Management | 11/17/1997 |
| Tenance Co LLC<br>PO Box 66<br>Waialua, HI 96791 | Service Contract for Landscaping Maintenance | 8/21/2000 |
| World Wide Window Cleaning<br>PO BOX 17400<br>Honolulu, HI 96817 | Service Contract for Exterior Building and Window Cleaning | 9/7/2005 |

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
:
In re                                                    :    Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :   08-13555 (JMP)
                                                         :
                    Debtors.                       :    (Jointly Administered)
                                                         :
---------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 365(a) AND 554(a) OF THE
BANKRUPTCY CODE AND RULE 6006 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AUTHORIZING (I) THE REJECTION OF
CERTAIN EXECUTORY CONTRACTS AND A LEASE OF NONRESIDENTIAL REAL
PROPERTY AND (II) THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY**

Upon the motion, dated August 26, 2009 (the "Motion"), of LB 2080 Kalakaua Owners LLC ("LB 2080"), as debtor and debtor in possession, pursuant to sections 365(a) and 554(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to (i) reject (a) that certain Lease, dated as of August 7, 1995, between Nike Retail Services Inc. ("Nike") and LB 2080, as successor-in-interest to Kalakaua Associates International, Inc. (as amended, the "Nike Lease") and (b) the executory contracts set forth on Exhibit A annexed hereto (the "Contracts") and (ii) abandon certain miscellaneous assets, including fixtures, furniture, and other office equipment of LB 2080 (the "Personal Property") located on the premises of (y) the leasehold estate created by that certain Ground Lease and Sublease, dated October 6, 1995, by and between the predecessor-in-interest of Kalaimoku-Kuhio Development Corp. (the "Landlord") and LB 2080, as successor-in-interest to King Kalakaua Owners, as amended, and (z) the subleasehold estate created by that certain Ground Lease and Sublease, dated October 6, 1995, by and between the predecessor-in-interest of the Landlord and LB 2080, as successor-in-

US_ACTIVE:\43102480\05\43102480_5.DOC\58399.0003

interest to King Kalakaua Owners, as amended, without further authorization of the Court, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the counterparties to the Contracts set forth in <u>Exhibit A</u> annexed to the Motion; (vii) Nike and (viii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "<u>Hearing</u>") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LB 2080, its estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is hereby granted; and it is further

        ORDERED that pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the rejection of the Contracts and Nike Lease, is hereby approved, effective as of August 26, 2009; and it is further

ORDERED that any rejection damage claim asserted by Nike or the counterparties to the Contracts shall be filed (subject to all of the LB 2080's rights, claims and defenses, including rights of setoff with respect to any such claims) on or before the final date for filing proofs of claim in LB 2080's chapter 11 case established by the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271], which proofs of claim shall be filed in accordance with the procedures set forth in such order; and it is further

ORDERED that LB 2080 is authorized, but not directed, in its sole discretion to abandon any Personal Property pursuant to section 554(a) of the Bankruptcy Code; and it further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order; and it is further

ORDERED that the stay pursuant to Bankruptcy Rules 6006(d) is hereby waived and this Order shall be effective immediately upon its entry.

Dated: September __, 2009
       New York, New York

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

**Schedule of Contracts to be Rejected**

| Counterparty and Notice Address | Description of Contract or Lease | Contract Date |
|---|---|---|
| CB Richard Ellis Hawaii, Inc.<br>1001 Bishop Street, ASB Tower<br>Honolulu, HI 96813-3429<br>Attn: Marlene DeCosta<br><br>CB Richard Ellis<br>2222 Kalakaua Avenue, Suite 1003<br>Honolulu, HI 96815-2524<br>Attn: Troy H. Fujino | Service Contract for Property Management | 11/1/2004 |
| CB Richard Ellis, Inc.<br>3501 Jamboree Road<br>Suite 100<br>Newport Beach, CA 92660 | Listing Agreement for Brokerage of Real Property | 2/5/2009 |
| Chem Systems, Inc.<br>PO BOX 17716<br>Honolulu, HI 96817 | Service Contract for A/C Water Treatment | 9/10/2001 |
| Elite Mechanical<br>98-055 Kamehameha Hwy Ste C-6<br>Aiea, HI 96701 | Service Contract for Common Area, A/C, Parking Garage Fan and Pump Equipment Maintenance | 11/10/1998 |
| Hawaiian Building Maintenance<br>Pauahi Tower<br>1003 BISHOP ST<br>STE 2020<br>Honolulu, Ill 96813 | Service Contract for Janitorial and Maintenance | 8/19/2002 |
| Mitsubishi Elevators and Escalators, Inc.<br>ELEVATORS & ESCALATORS DIVISION<br>PO BOX 100403<br>Pasadena, CA 91189 | Service Contract for Common Area Elevator Maintenance | 10/26/98 |
| Oceanfront Hawaii, Inc.<br>1888 Kalakaua Avenue,<br>Suite #2502<br>Honolulu, HI 96815 | Supplemental Payment Agreement for Ground Sublease | 7/1/2003 |
| SimplexGrinnell<br>DEPT CH 10320<br>Palatine, IL 60055-0320 | Service Contract for Fire Alarm System Maintenance | 1/1/2006 |
| Standard Parking<br>1001 BISHOP ST<br>PAUAHI TOWER STE 600<br>Honolulu, HI 96813 | Service Contract for Parking Management | 11/17/1997 |
| Tenance Co LLC<br>PO Box 66<br>Waialua, HI 96791 | Service Contract for Landscaping Maintenance | 8/21/2000 |
| World Wide Window Cleaning<br>PO BOX 17400<br>Honolulu, HI 96817 | Service Contract for Exterior Building and Window Cleaning | 9/7/2005 |

US_ACTIVE:\43102480\05\43102480_5.DOC\58399.0003