**EXHIBIT D**

◄COX CASTLE NICHOLSON►

Cox, Castle & Nicholson LLP
2049 Century Park East, 28ᵗʰ Floor
Los Angeles, California 90067-3284
P 310.277.4222   F 310.277.7889

Michael I. Pak
310.284.2215
mpak@coxcastle.com

October 14, 2008                                          File No. 54741

**VIA FEDERAL EXPRESS**

Lehman Brothers Holdings Inc.              Orrick, Herrington & Sutcliffe LLP
399 Park Avenue                            666 Fifth Avenue
New York, New York 10022                   New York, New York 10103
Attention: Joseph J. Flannery and Richard Siu   Attention: Marc S. Shapiro, Esq.

Lehman Brothers Holdings Inc.              Trimont Real Estate Advisors, Inc.
745 7ᵗʰ Avenue, 13ᵗʰ Floor                 3424 Peachtree Road, N.E., Suite 2200
New York, New York 10022                   Atlanta, Georgia 30326
Attention: Alan Kanders                    Attention:   Timothy J. Dick
                                                        John Bealle

Weil, Gotschal & Manges, LLP
767 Fifth Avenue
New York, New York 10153
Attention: Harvey R. Miller, Esq. and Shai
Waisman, Esq.

    Re:  $66 Million Loan (the "Loan") from Lehman Brothers Holdings Inc. ("Lender")
        to A/P Hotel, LLC ("Borrower") - Notice of Breach of Loan Agreement

Gentlemen:

   This letter is being sent pursuant to that certain Loan Agreement dated as of September 5, 2007 (as amended, the "Loan Agreement") between Borrower and Lender. All initially capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Loan Agreement.

   This letter shall constitute notice that Lender's failure to timely respond to Borrower regarding Request for Disbursement #9 and/or fund the Subsequent Advance in the total amount of $1,321,100 requested in such Request for Disbursement #9 constitutes a material breach by Lender of Sections 2.1.1, 2.6 and 2.7(a) of the Loan Agreement. Borrower submitted Request for Disbursement #9 and all other documents and items required pursuant to the Advance Conditions set forth in Section 2.6 of the Loan Agreement to Lender on September 29, 2008. (Please note that as a point of clarification, the loan servicer, Trimont Real Estate Advisors, Inc., directed Borrower to submit Request for Disbursement #9 in two separate amounts ($770,570

Lehman Brothers Holdings Inc.
Orrick, Herrington & Sutcliffe LLP
Weil, Gotschal & Manges, LLP
Trimont Real Estate Advisors, Inc.
October 14, 2008
Page 2

and $550,530), which total $1,321,100 and were both submitted by Borrower to Lender on September 29, 2008.) As specified in Section 2.7(a) of the Loan Agreement, Lender is required to fund Subsequent Advance ten (10) days following the submission of the corresponding Request for Disbursement by Borrower. Lender's failure to respond to Borrower regarding Request for Disbursement #9 and/or fund the applicable Subsequent Advance by October 9, 2008 therefore constitutes a material breach of Lender's obligation to fund Subsequent Advances of the Loan pursuant to Sections 2.1.1, 2.6 and 2.7(a) of the Loan Agreement. Demand is hereby made for Lender to promptly fund the Subsequent Advance in the total amount of $1,321,100 as requested in Request for Disbursement #9.

Please also note that Borrower received the attached Notice of Default and Suspension of Work dated October 10, 2008 from Kraus-Anderson Construction Company ("Contractor"), the general contractor for the project. Pursuant to such letter, Contractor notified Borrower of its intent to stop work at the Property due to failure to remit payments to Contractor in a timely matter, and we have been informed that the Contractor has already ceased operations at the Property. We previously notified Lender of Contractor's concerns regarding the funding of the Loan and requested written assurances from Lender that it will be able to fund the Loan to the completion of the project in our letter to you dated September 19, 2008 and a follow-up letter delivered by Borrower dated October 9, 2008. Lender has not yet responded to such requests. Consequently, Borrower has and will continue to suffer damages at the project, including without limitation damages caused by Contractor's discontinuation of work at the Property, because of Lender's failure to adequately respond to our inquiries and more importantly, fund the Subsequent Advance described above in a timely manner.

Nothing contained in this letter, or in any discussions either before or after the date of this letter, is intended to limit or affect, nor shall it be deemed to limit or affect, any rights or remedies available to Borrower under the Loan Documents, at law, in equity or otherwise with respect to the matters described in this letter or any past, present, or future default. In addition, nothing contained in this letter, or in any discussions either before or after the date of this letter, is intended to constitute, nor shall it be deemed to constitute, an agreement by Borrower to forbear from exercising any of its rights or remedies under the Loan Documents, at law, in equity or otherwise.

To this end, Borrower reserves all rights and remedies available to it under the Loan Documents or otherwise. Time is strictly of the essence of this letter and the Loan Documents. If you have any questions or would like to discuss this matter further, please feel free to contact me.

Lehman Brothers Holdings Inc.
Orrick, Herrington & Sutcliffe LLP
Weil, Gotschal & Manges, LLP
Trimont Real Estate Advisors, Inc.
October 14, 2008
Page 3

Sincerely,

Michael I. Pak

MIP/mip
Enclosure
54741\1366985v1
cc:    Mr. Richard Alter (via Email)
       Mr. Eddy Chao (via Email)
       Mr. Mitch Kang (via Email)