**EXHIBIT F**

LAW OFFICES

## BALLARD SPAHR ANDREWS & INGERSOLL, LLP

100 CITY PARKWAY, SUITE 1750
LAS VEGAS, NV 89106-4814
702-471-7000
FAX: 702-471-7070
WWW.BALLARDSPAHR.COM

ATLANTA, GA
BALTIMORE, MD
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHILADELPHIA, PA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

DAVID A. DARKSDALE
DIRECT DIAL: (702) 387-3088
PERSONAL FAX: (866) 254-2297
E MAIL: BARKSDALED@BALLARDSPAHR.COM

November 12, 2008

**Via Overnight Courier and Facsimile**

Michael I. Pak
Cox, Castle & Nicholson LLP
2049 Century Park East, 28th Floor
Los Angeles, California 90067-3284

Re:     Notice of Borrower Default - $66 Million Loan (the "Loan") and Loan
        Agreement dated as of September 5, 2007 (the "Loan Agreement")
        between Lehman Brothers Holdings Inc. and A/P Hotel, LLC

Dear Mr. Pak:

We represent Lehman Brothers Holdings Inc. ("Lender") in connection with the referenced matter. Lender has received your letter to Lender of October 14, 2008, and your letter to Trimont Real Estate Advisors, Inc. ("Trimont") dated October 29, 2008, in which you allege that Lender has materially breached its obligations to A/P Hotel, LLC ("Borrower") under the Loan Agreement by failing to fund a Subsequent Advance requested by Borrower pursuant to Request for Disbursement #9 submitted by Borrower to Trimont. All defined terms used in this letter and signified by initial capitalization shall have the meanings given such terms in the Loan Agreement unless otherwise defined.

Lender is not in default under the Loan Agreement and it has refused to fund the Subsequent Advance referred to above as a result of Borrower's material breach of the Loan Agreement. Pursuant to Sections 1.1 and 5.3.2 of the Loan Agreement, Borrower is required to cause the Substantial Completion of the Renovation Work to occur on or before the Completion Date, or May 31, 2008. Substantial Completion of the Renovation Work has not yet occurred. Pursuant to Section 8.1(xxx) of the Loan Agreement, Borrower's failure to cause Substantial Completion of the Renovation Work to occur on or before the Completion Date constitutes an Event of Default. Moreover, your instruction to Trimont in your October 29 letter that Trimont refrain from making payments to Lender for any future Debt Service or Monthly Debt Service Payment Amounts from the Deposit Account, Debt Service Account or Interest Reserve

DMWEST #3735802 v1

Michael I. Pak
November 12, 2008
Page 2

Account, or to pay, release, transfer or convey any amounts to Lender currently held at the Deposit Bank or otherwise, also constitutes an Event of Default.

Pursuant to Section 2.6.3 of the Loan Agreement, Lender is under no obligation to fund a Subsequent Advance if an Event of Default has occurred and is continuing. Therefore, Lender's failure to fund the Subsequent Advance requested by Borrower does not constitute a breach of its obligations under the Loan Agreement.

Notice is hereby given that Borrower has thirty (30) days after receipt of this letter in which to cure the foregoing Events of Default. Should Borrower fail to timely cure the Events of Default to Lender's satisfaction, Lender may (and hereby reserves the right to) seek any and all rights and remedies granted to Lender under the Loan Agreement and the other Loan Documents.

In addition, and as set forth above, it is a condition precedent to the disbursement of any Loan proceeds under Section 2.6.3 of the Loan Agreement that no Default or Event of Default shall have occurred and be continuing. In light of the foregoing Events of Default, Lender will not disburse any Loan proceeds as requested by Borrower in a Request for Disbursement, including any disbursements for accrued interest from the Interest Reserve Fund, and Borrower shall be responsible to pay the accrued interest, penalties and other sums in the amounts set forth in the Interest statements from its own funds until such time as the Events of Default outlined in this letter have been cured to Lender's satisfaction.

Lender has previously established, and Lender hereby re-establishes if, and to the extent, necessary, that time is of the essence with regard to Borrower's obligations under the Loan Agreement and all of the other Loan Documents.

There may be existing Defaults or Events of Default other than those described in this letter and Lender reserves and preserves all of its rights and remedies with regard thereto under the Loan Documents. Should you have any questions concerning the foregoing, please contact me.

Sincerely,

David A. Barksdale

DAB/
cc:    Gary Murray (*via email*)
       Eddy L. Chao
       Rick S. Kirkbride (*via facsimile*)
       Gregory J. Karns (*via facsimile*)
       Marc S. Sharpiro (*via facsimile*)
       Timothy J. Dick (*via facsimile*)
       John Bealle (*via facsimile*)