# EXHIBIT H

When Recorded Mail To:

Fidelity National Title Insurance Company
135 Main Street, Suite 1900
San Francisco, CA 94105

Receipt/Conformed Copy
Requestor:
TITLE COURT SERVICE INC
06/24/2009 13:06:03   T20090220245
Book/Instr:  20090624-0002890
Breach          Page Count: 3
Fees: $16.00    N/C Fee: $0.00

Debbie Conway
Clark County Recorder

APN: 162-22-103-005

TS #09-00453-4

The undersigned hereby affirms that there is no Social Security number contained in this document

## IMPORTANT NOTICE

## NOTICE OF BREACH AND DEFAULT AND ELECTION
## TO CAUSE SALE OF REAL PROPERTY UNDER DEED OF TRUST

**NOTICE IS HEREBY GIVEN THAT:**

That **Fidelity National Title Insurance Company** is acting as agent for the current beneficiary (the "Beneficiary") under a Deed of Trust, Security Agreement, Financing Statement, Fixture Filing, and Assignment of Leases, Rents and Security Deposits, dated as of September 5, 2007 (together with any modifications thereto, the "Deed of Trust"), executed by A/P Hotel, L.L.C., a Delaware limited liability company, as Borrower ("Trustor"), to secure certain obligations in favor of Lehman Brothers Holdings, Inc., a Delaware corporation, as beneficiary ("the "Original Beneficiary"), and recorded on September 6, 2007, in Book No. 20070906 as Instrument No.0003145 of the Official Records of Clark County, Nevada. The Deed of Trust secures the obligations of Trustor arising under that certain Loan Agreement dated as of September 25, 2007 by and between the Trustor and the Original Beneficiary (together with any modifications thereto, the "Loan Agreement") and certain other documents and instruments executed in connection with the loan from Lender to Grantor in the original principal amount of $66,000,000.00. Capitalized terms used and not defined herein shall have the meaning ascribed thereto in the Loan Agreement, and that

The Deed of Trust encumbers certain property more particularly described therein (the "Trust Property") and that

The term "Trustor" as used herein shall mean either the Original Trustor or, if applicable, its successor in interest with respect to the Trust Property, and that

The term "Beneficiary" as used herein shall mean either the Original Beneficiary or, if applicable, its successor in interest with respect to the Trust Property, and that

The term "Trustee" as used herein shall mean either the original trustee set forth in the Deed of Trust or, if applicable, its successor in interest with respect to the Trust Property, and that

Notice is hereby given that a breach of, and default in, the obligations for which said Deed of

3

Trust is security has occurred in that the Trustor has failed to perform obligations pursuant to or under the Note and/or the Deed of Trust, specifically: Trustor has failed to pay the Debt Service due under the Note, Trustor has deviated from and failed to complete construction in accordance with the Renovation Schedule; it has been determined that Substantial Completion of the Renovation Work cannot occur on or before the Completion Date and, as a result, Lender has declared that all of the Debt is immediately due and payable, and that the principal balance and interest accrued thereon which is now due and payable, has not been paid in full and the balance remains due, owing and delinquent, together with default interest, late charges, and sums advanced by the beneficiary; and that

The Trustor has failed, or shall hereafter fail, to pay all other and subsequent interest and/or principal together with late charges and/or default interest and/or any and all other obligations and indebtedness as may become due under the terms of or under the Secured Obligations and/or Deed of Trust and not performed and/or paid including, without limitation, reimbursement to the Beneficiary and/or the Trustee of any of the following fees, costs and expenses heretofore or hereafter incurred, suffered or paid by the Beneficiary and/or the Trustee in connection with the Secured Obligations and/or Deed of Trust, the Trustor or the Trust Property:

1. Attorneys' fees and costs including, without limitation, those incurred in connection with foreclosure of the Deed of Trust, appointment of a receiver with respect to the Trust Property, litigation over the amount, validity, enforcement or priority of the Secured Obligations and/or Deed of Trust, or commencement of an action or proceeding for relief from any bankruptcy court or other judicial or administrative stay, order or injunction, and all other such matters;

2. Real and/or personal property taxes, or payments under or with respect to prior or junior liens or encumbrances, insurance premiums and all other such matters;

3. Protection, preservation, repairs, restoration or completion of the Trust Property, and all other such matters;

4. Compliance with any applicable laws, regulations or orders, and all other such matters;

5. Trustee's fees, trustee's sale guarantee premiums, and other foreclosure costs, and all other such matters; and that

It is the intention of the Beneficiary to include herein all delinquent sums or obligations now or hereafter secured by and under the Deed of Trust, whether presently known or unknown, and whether or not specifically set forth herein, and that

Beneficiary hereby elects to conduct a unified foreclosure sale and to include in the non-judicial foreclosure of the estate described in this Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust all of the personal property and fixtures described in the Deed of Trust and in other instruments executed by the Trustor in favor of the Beneficiary. Beneficiary reserves the right to revoke its election as to some or all of said personal property and/or fixtures, or to add additional personal property and/or fixtures to the election herein expressed, at Beneficiary's sale to be conducted pursuant to the Deed of Trust and this Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust.

By reason thereof, the present beneficiary under such Deed of Trust, has delivered to said

Trustee a Declaration and Demand for Sale, and has deposited with said duly appointed Trustee such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the Trust Property to be sold to satisfy the obligations secured thereby.

NRS Section 107.080 permits certain defaults to be cured upon payment of the amounts required by that section without requiring payment of the portion of the principal and interest which would not be due had not default occurred. Where reinstatement is possible if the default is not cured within 35 days following recording and mailing of the notice to trustor or Trustor's successors in interest, the right of reinstatement will terminate and the property may thereafter be sold.

Dated: June 23, 2009

Fidelity National Title Insurance Company, agent to the Beneficiary
135 Main Street, Suite 1900
San Francisco, CA 94105
415-247-2450
TS #09-00453-4

By: Title Court Service, Inc., its agent

_Jessica Deng_
Jessica Deng, Authorized Signature

State of _Nevada_
County of _Clark_

On _6-24-09_ before me, _Hannelore Lizama_ Notary Public in and for said county, personally appeared _Jessica Deng_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _Nevada_ the the foregoing paragraph is true and correct.

WITNESS my hand and official seal.



Signature _Hannelore Lizama_