# EXHIBIT F

400 CAPITOL MALL, SUITE 1450
SACRAMENTO, CA 95814-4434
tel 916•329•7400 fax 916•329•7435
web www.ffwplaw.com

HOLLY A. ESTIOKO
*Attorney at Law*
DIRECT: (916) 329-7400, Ext. 228
EMAIL: hestioko@ffwplaw.com

May 14, 2009

*Via U.S. Mail*

Lehman Brothers
1271 Sixth Avenue, 43rd Floor
New York, New York 10020
Attn: Locke R. McMurray

    Re:    In re Lehman Brothers Holdings, Inc. et al
            Bankruptcy Case No. 08-13555
            Our Client - California Public Employees Retirement System

Dear Mr. McMurray:



FELDERSTEIN
FITZGERALD
WILLOUGHBY
&amp; PASCUZZI LLP

    We are in receipt of your letter dated February 3, 2009, sent to our client, the California Public Employees Retirement System ("CalPERS"), regarding termination of the ISDA Master Agreement (the "Master Agreement") dated June 5, 2006, between CalPERS and Lehman Brothers Special Financing, Inc. ("LBSF").

    As to the Valuation Statement mentioned in your letter, we note that CalPERS provided such a Statement to Jim Glen at LBSF in December of 2008, which Statement is attached to this letter. LBSF, however, has not similarly complied with the Statement requirement of Section 6(d)(i). According to that provision, "On or as soon as reasonably practicable following the occurrence of an Early Termination Date, each party will make the calculations on its part, if any, contemplated by Section 6(e) and will provide to the other party a statement (1) showing, in reasonable detail, such calculations (including all relevant quotations and specifying *any amount payable under Section 6(e)*..." (Italics added).

    Because LBSF has not provided such a Statement to CalPERS, nor has it confirmed the amounts set forth in CalPERS' Statement, no interest can be accruing at this point as to any amounts owed, notwithstanding the language of Section 6(d)(ii). CalPERS has been prejudiced by LBSF's delay in confirming the amount due, and to require it to pay interest from the Early Termination Date forward would be inequitable. Thus, due to LBSF's noncompliance with Section 6(d)(i), it is CalPERS' position that no interest will begin to accrue until it receives a Valuation Statement from LBSF.

    In addition, we note that Section 6(e), regarding payments on Early Termination, provides that any amount payable under Section 6 will be subject to setoff. "Set-off" is defined in the Master Agreement as the "set-off, offset, combination of accounts, right of retention or withholding or similar right or requirement to which the payer of an amount under Section 6 is entitled or subject (whether arising under this Agreement, another

contract, applicable law or otherwise) that is exercised by, or imposed on, such payer." Further, Subclause 6(f), set forth in the Schedule to the Master Agreement (the "Schedule") also provides that any amount payable under Section 6(e) may be reduced by setoff, and that if an obligation is unascertained, the party may in good faith estimate the obligation and setoff in respect of the estimate. Finally, the December 16, 2008 order of the Bankruptcy Court establishing procedures regarding the settlement of pre-petition derivative contracts specifies that "A termination agreement may resolve and fix amounts owing between the Debtors and Counterparty…and such amounts may incorporate setoff or recoupment solely to the extent that such setoff or recoupment is legally valid."

Pursuant to these Master Agreement provisions, the December 16, 2008 Bankruptcy Court Order, as well as 11 U.S.C. § 553 and other applicable law, CalPERS claims the right to setoff any and all amounts that it may owe LBSF under Section 6 of the Master Agreement (approximately $17 million) (the "Debt") against any and all amounts owed to it by Lehman Brothers Holding, Inc. ("LBHI") in connection with certain bonds issued by LBHI (approximately $450 million) and/or any and all amounts owed to it by Lehman Brothers, Inc. ("LBI") in connection with certain failed international equity trades (approximately $2.5 million) (collectively, the "Claim").

In general, there are four conditions required for the allowance of a setoff: (1) the creditor must hold a claim against the debtor that arose pre-petition; (2) the creditor must owe a debt to the debtor that also arose pre-petition; (3) the claim and debt must be mutual; and (4) the claim and debt must each be valid and enforceable. CalPERS believes that these requirements have been met. The contracts and transactions that are the basis of the Claim and the Debt arose pre-petition, and there is no basis on which to contend that the contracts involved are not valid and enforceable. As to mutuality, CalPERS asserts that mutuality is met by the following:

As to the Debt: LBHI was the Credit Support Provider and Guarantor for the Master Agreement between CalPERS and LBSF. Part 4, subsection (4) of the Schedule specifies that "a guarantee of Party A's obligations by the Credit Support Provider…forms part of, and is subject to, this Agreement." Thus, LBHI was liable on that contract as a guarantor, and also had the right to assert the claim(s) of the principal against CalPERS, in the amount of approximately $17 million.

As to the Claim: CalPERS purchased certain bonds issued by LBHI. LBHI is the obligor on the bonds and currently owes CalPERS approximately $450 million pursuant to those bonds. In addition, CalPERS had approximately 20 equity trades in the Japanese market that failed to settle with Lehman, resulting in an estimated loss of about $2.5 million due to market movement. CalPERS has filed a claim in the LBI SIPA proceeding for this portion of the Claim.[1]

The foregoing establishes that the same entity (LBHI) was a key party to both the bond and the derivative contract transactions, with the rights and obligations of the

---

[1] In addition, CalPERS believes that it may have additional setoff rights against LBI, which CalPERS expressly reserves herein.

principals, and therefore that mutuality is met, at least as to those transactions, and a setoff is proper. See Bloor v. Shapiro, 32 B.R. 993, 1001-1002 (S.D.N.Y. 1983)(a Bankruptcy Act case involving two guarantors, each of whom had mutuality because of their status as a guarantor).

Notwithstanding the above, even if the above does not strictly meet the mutuality requirement, courts in the Second Circuit have recognized an exception to that requirement. In the case of In re Sherman Plastering Corp., 346 F.2d 492 (2nd Cir. 1965), the court held that the mutuality requirement should not be construed to bar setoff when "the justice of the particular case requires...[a setoff], and...injustice would result from refusing it." Sherman, 346 F.2d at 494 (citing Gray v. Rollo, 85 U.S. 629, 633 (1873)). Here, CalPERS asserts that it would be unjust to require it to pay $17 million when it is owed more than $450 million by the Lehman Brothers entities that all are debtors in these procedurally consolidated cases.

In addition, numerous courts have recognized a contract exception to the mutuality requirement, finding that a "triangular" setoff may be allowed when the pre-petition contract between the parties allows for such. See Bloor v. Shapiro, supra; Wooten v. Vicksburg Refining, Inc., 95 B.R. 404 (Bankr. W.D. La. 1988); U.S. Aeroteam, Inc. v. Delphi Automotive System, LLC, 327 B.R. 852 (Bankr. S.D. Ohio 2005); In re. Berger Steel Co., 327 F.2d 401 (7th Cir. 1964). CalPERS asserts that certain provisions in the contracts connected with the Claim and Debt may provide for such a setoff.

Wherefore, based upon all the above, and because the amount that it may owe under the Master Agreement is far less than the amount it is owed pursuant to the Bonds, CalPERS intends to exercise its right to setoff and pay LBSF nothing. If the parties cannot reach a mutual agreement on this issue, CalPERS intends to file a motion for relief from the automatic stay to effect such a setoff.

Very truly yours,

HOLLY A. ESTIOKO

Enclosure

cc: Tom Noguerola (via Electronic Mail w/enclosure)
    Jim Glen (via U.S. Mail w/enclosure)

# CalPERS

## Close out Values in accordance with ISDA termination

| BOND | Description | Inception Date | SECID | Lehman's Ref # | Notional | Index | Fees | Accrued Interest** | Replacement Cost | Inherent P&L |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehge SW5B | UNW BUY-P PHILIP 225 20/Dec/17 | | CDS320553 | | 7,000,000.00 | | | | 74,945.41 | (501,093.43) |
| Lehge SW5B | UNW BUY-P BRAZIL 143 20/Dec/17 | | CDS406103 | | 7,000,000.00 | | | | 63,422.45 | (584,217.94) |
| Lehge SW5B | UNW BUY-P RUSSIA 100 20/Dec/12 | | CDS503870 | | 10,500,000.00 | | | | 22,861.69 | (557,717.20) |
| Lehge SW5B | UNW SELL-P CHILE 41 20/Dec/17 | | CDS641382 | | 6,500,000.00 | | | | 77,562.40 | 339,293.36 |
| Lehge SW5B | UNW SELL-P SOAF 81 20/Dec/17 | | CDS654984 | | 20,000,000.00 | | | | 137,198.10 | 2,379,735.30 |
| Lehge SW5B | UNW SELL-P COLOM 203 20/Dec/17 | | CDS737397 | | 13,000,000.00 | | | | 168,520.20 | 613,751.79 |
| Lehge SW5B | UNW SELL-P MALAYS 105 20/Sep/13 | | CDS767766 | | 5,000,000.00 | | | | 19,661.15 | (149,872.28) |
| Lehge SW5B | UNW BUY-P REPHUN 135 20/Feb/1 | | CDS940221 | | 1,100,000.00 | | | | 8,732.27 | 77,704.59 |
| Lehge SW5B | STATION CASINOS SR SP LSI 6/20/2012 | 9/22/2008 | SWPC28545 | | 250,000.00 | | | | | (98,308.00) |
| LEhge SW7W | SPGCCIP 0.000 03/31/2009 | 3/13/2008 | BCP03NEA5 | 3713649 | 241,592,660.00 | (24,195,982.00) | (4,633.00) | | 124,436.77 | (24,076,178.23) |
| COMM OVER / SWGO | LBPB 0.000 03/31/2009 | 3/13/2008 | BCP03NED9 | 3713701 | 250,000,000.00 | (128,579.79) | (67,123.00) | | | (195,702.79) |
| COMM OVER / SWGO | LEH 0.000 10/30/2009 | 5/23/2008 | BCP03S225 | 3849787 | 250,000,000.00 | (128,579.79) | (62,328.77) | | | (190,908.56) |
| COMM OVER / SWGO | LBPB 0.000 09/30/2009 | 7/15/2008 | BCP048AH6 | 1863528 | 250,000,000.00 | (484,560.37) | (62,328.77) | | | (546,889.14) |
| CALP-COLL / SWGO | CASH COLLATERAL | 9/12/2008 | BCP1EHUS6 | | 6,300,000.00 | | | | 6,300,000.00 | 6,300,000.00 |
| CALP-COLL / SWKD | Interest on Collateral | 9/1/2008 | BCP1EHUS6 | | | | | 9,215.69 | 9,215.69 | 9,215.69 |
| CALP-COLL / SWKD | Interest on Collateral | 10/1/2008 | BCP1EHUS6 | | | | | 5,258.75 | 5,258.75 | 5,258.75 |
| CALP-COLL / SWKD | Interest on Collateral | 11/1/2008 | BCP1EHUS6 | | | | | 2,035.25 | 2,035.25 | 2,035.25 |
| Total | | | | | | | | | | (17,173,892.83)* |

*Amount subject to a reservation of any and all rights CalPERS has to setoff or recoupment.
**Interest on collateral is being calculated through 30th Nov 2008.