WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re                                            :    Chapter 11 Case No.
                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*     :    08-13555 (JMP)
                                                 :
                          Debtors.               :    (Jointly Administered)
-----------------------------------------------------------------x

**NOTICE OF MOTION OF THE DEBTORS PURSUANT TO SECTIONS 105(a)**
**AND 363(b) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR ESTABLISHMENT**
**OF PROCEDURES FOR THE DEBTORS TO TRANSFER THEIR INTERESTS**
**IN RESPECT OF RESIDENTIAL AND COMMERCIAL LOANS SUBJECT**
**TO FORECLOSURE TO WHOLLY-OWNED NON-DEBTOR SUBSIDIARIES**

PLEASE TAKE NOTICE that a hearing on the annexed motion, dated as of

August 26, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. and its affiliated debtors in

the above-referenced chapter 11 cases (together, the "Debtors"), pursuant to sections 105(a) and

363(b) of title 11 of the United States Code and rule 9019 of the Federal Rules of Bankruptcy

Procedure for the establishment of procedures for the Debtors to transfer their interests in respect

of residential and commercial real estate loans subject to foreclosure to wholly-owned non-

debtor subsidiaries, all as more fully described in the Motion, will be held before the Honorable

James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court,

Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New

York 10004 (the "Bankruptcy Court"), on **September 15, 2009 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases, so as to be so filed and received no later than **September 10, 2009 at 4:00 p.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.


Dated: August 26, 2009
      New York, New York

                /s/ Jacqueline Marcus
                Shai Y. Waisman
                Jacqueline Marcus

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Debtors
                and Debtors in Possession

08-13555-mg    Doc 4966    Filed 08/26/09    Entered 08/26/09 20:50:53    Main Document
Pg 4 of 49

Objection Date and Time: September 18, 2009 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time: September 25, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                             :

**In re**                         :     **Chapter 11 Case No.**

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :     **08-13555 (JMP)**

            **Debtors.**        :     **(Jointly Administered)**

                             :
------------------------------------------------------------x

## MOTION OF THE DEBTORS PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR THE ESTABLISHMENT OF PROCEDURES FOR THE DEBTORS TO TRANSFER THEIR INTERESTS IN RESPECT OF RESIDENTIAL AND COMMERCIAL LOANS SUBJECT TO FORECLOSURE TO WHOLLY-OWNED NON-DEBTOR SUBSIDIARIES

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this Motion and respectfully represent:

## Background

1.     Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.     On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

4.     On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

## Jurisdiction

5.     This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Lehman's Business

6.     Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been

a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

7.    Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### Relief Requested

8.    By this Motion, the Debtors seek authority under sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 to establish procedures to transfer commercial mortgage loans, commercial mezzanine loans, residential mortgage loans and other loans owned by the Debtors ultimately secured directly or indirectly by real property or interests therein (as applicable, "Commercial Real Estate Loans" or "Residential Real Estate Loans," and collectively "Real Estate Loans") that may be subject to foreclosure or deeds or assignments in lieu of foreclosure (as applicable "Residential Foreclosure Loans" or "Commercial Foreclosure Loans," and collectively "Real Estate Foreclosure Loans") to non-debtor special purpose entities wholly owned directly or indirectly by LBHI (the "Foreclosure SPEs").  The Debtors further seek authority to establish procedures pursuant to which the real property underlying Real Estate Foreclosure Loans (the "Foreclosure Property") that are acquired by Foreclosure SPEs can be sold or otherwise disposed of.  For the purposes of this Motion, the reference to any Commercial Real Estate Loan or Residential Real Estate Loan includes all loans held by the Debtors that are secured, directly or indirectly, by the same property or ownership interest (e.g. a mortgage and mezzanine loan both ultimately secured by the same piece of real estate).

### Transfer of Real Estate Loans to Foreclosure SPEs

9.    The Debtors originated or acquired, and now own, thousands of Real Estate Loans.  In the ordinary course of their business prior to the Commencement Date and as is common in their industry, the Debtors, from time to time, determine to foreclose or accept deeds or assignments in lieu of foreclosure on Real Estate Loans on which borrowers have defaulted or shortly expect to default.  Prior to completing foreclosure, or other similar proceedings with respect to Real Estate Loans, the Debtors, in accordance with standard practice in the mortgage lending industry, transfer the Real Estate Loans or related foreclosure judgments to Foreclosure SPEs established to shield the Debtors' assets from potential liabilities that may arise in connection with owning the Foreclosure Property.  For instance, the Foreclosure Property could be subject to various tort or environmental remediation claims or other judgments and suits, potentially exposing the Debtors, as owners of such property once foreclosure has been completed, to significant liability.  By transferring the Real Estate Loans into Foreclosure SPEs prior to foreclosure or execution of a deed or an assignment in lieu of foreclosure, the Debtors' assets are effectively isolated from liability associated with Foreclosure Property.  As stated, and for the logical reasons set forth above, these procedures are the rule for mortgage lenders.[1]

---

[1] In the context of Residential Foreclosure Loans, because the Debtors service such loans through mortgage loan servicing agents, the Debtors believe that such servicing agents often fail to transfer a loan to a Foreclosure SPE before foreclosing on the loan, and often proceed to hold title to the related Foreclosure Property and sell the Foreclosure Property for the benefit of LBHI.  Effecting the transfer of Residential Foreclosure Loans to Foreclosure SPEs is sometimes outside of the Debtors' direct control pursuant to the terms of the existing servicing agreements which may either require or otherwise allow the servicers to foreclose and hold title to the related Foreclosure Property in their own name for the benefit of LBHI.  To the extent that a Residential Foreclosure Loan is foreclosed by a servicing agent and sold for the benefit of LBHI, such sale would undoubtedly fall within the purview of the relief granted to the Debtors in the *Order Granting Debtors' Motion Pursuant to Section 105, 363 and 554(a) of the Bankruptcy Code for Authority to Establish Procedures to Sell or Abandon De Minimis Assets* entered on June 17, 2009 [D.I. No. 4021].

10.      With respect to commercial mortgage transactions, each Commercial

Foreclosure Loan is typically transferred into a separate non-debtor Foreclosure SPE.  Unlike

Commercial Real Estate Loans which are typically secured by higher valued real estate assets

and each held in a separate and distinct Foreclosure SPE, it is LBHI corporate policy that

Residential Foreclosure Loans be grouped together in Foreclosure SPEs either by portfolio,

region or by shared servicing agent[2] or some combination thereof (each a "Residential Loan

Portfolio") until the aggregate fair market value of the Residential Foreclosure Loans and

Foreclosure Properties held by the particular Foreclosure SPE reaches a threshold amount

established by LBHI from time to time, at which point additional Foreclosure SPEs are created

for the purpose of holding additional Residential Foreclosure Loans and/or the Foreclosure

Properties with respect to such Residential Foreclosure Loans within such Residential Loan

Portfolio.  This is done to reduce the cost to the Debtors of administration of such residential real

estate assets.

11.      Notably, the value of all Real Estate Loans and Foreclosure Properties that

are transferred to Foreclosure SPEs are meticulously recorded and properly accounted for on the

Debtors' balance sheets on a regular basis.  Because the Debtors' own *several thousand*

Residential Real Estate Loans, the value of each individual Residential Real Estate Loan or

residential Foreclosure Property transferred to a Foreclosure SPE will not be separately recorded

on the Debtors' balance sheets, rather, the Debtors will record the value of each Residential Loan

Portfolio on their balance sheets.

---

[2] In the context of Residential Real Estate Loans, multiple loans are typically serviced by a common
servicing agent responsible for collecting payments from borrowers and otherwise handling
administration of the loan.

12.     Once a Real Estate Loan or the related foreclosure judgment is transferred into a Foreclosure SPE, the Foreclosure SPE may acquire an ownership interest in the Foreclosure Property underlying the Real Estate Loan, either by submitting a winning credit bid at a foreclosure proceeding or upon the execution of a deed or assignment in lieu of foreclosure. From time to time, the Foreclosure SPE does not acquire an ownership interest in the Foreclosure Property where the highest bid at the foreclosure proceeding is submitted by a third party. As required by law, the Foreclosure Property must be sold to the highest bidder at a foreclosure proceeding. Where a Foreclosure SPE does acquire an ownership interest in the Foreclosure Property, the Foreclosure Property is then either developed, operated, held or sold, or some combination thereof. If the Foreclosure Property is sold out of the Foreclosure SPE, subject to maintaining adequate reserves for potential liabilities, the sale proceeds are upstreamed from the SPE to its parent and up the chain to LBHI, with each such transfer recorded on the Debtors' books and records. By transferring the Real Estate Foreclosure Loans to wholly-owned Foreclosure SPEs, the Debtors maintain 100% of the economic benefit of the foreclosure, while at the same time significantly limiting the potential administrative expense liability that could arise out of the Foreclosure Property to the detriment of the estates and their creditors.

13.     To ensure that the Debtors realize the value of the Real Estate Foreclosure Loans they transfer out of their estates, such Real Estate Foreclosure Loans will be transferred into Foreclosure SPEs directly or indirectly wholly-owned by LBHI, including Lunar Real Estate Holdings LLC ("Lunar"), which is a wholly-owned subsidiary of LBHI created for the sole purpose of owning the equity of Foreclosure SPEs.

14.     The Debtors propose to continue to transfer Real Estate Foreclosure Loans to Foreclosure SPEs and dispose of Foreclosure Property in a manner substantially consistent

with their prepetition practices and without the need for obtaining Court approval of each such transfer and disposition.  Since the Commencement Date, the Debtors have transferred the Commercial Real Estate Loans identified on <u>Exhibit A</u> annexed hereto to various Foreclosure SPEs.  With respect to Residential Real Estate Loans, since the Commencement Date, servicers on the Debtors' behalf, have foreclosed on the loans identified on <u>Exhibit B</u> annexed hereto. While the Debtors believe that transfers of Real Estate Foreclosure Loans to Foreclosure SPEs constitute transactions in the ordinary course of the Debtors' business not requiring notice or a hearing under section 363(c) of the Bankruptcy Code, it is out of an abundance of caution and for the purpose of providing full disclosure to the estates' creditors of the disposition of the Debtors' Real Estate Loans that the Debtors filed this motion.

15.    The Debtors believe that granting the relief requested herein would enable the Debtors to continue to efficiently foreclose on defaulting Real Estate Loans and realize the economic value of the related Foreclosure Properties without exposing the estate to potential liabilities arising from the Foreclosure Properties, while at the same notifying interested parties of the proposed transaction without incurring the administrative costs and burden associated with separately seeking Court approval for every single such transaction.  Given the extreme volatility that has developed in the mortgage lending market over the past two years as the value of real estate across the United States and internationally has declined and the risk of non-payment by the borrowers of mortgage loans has increased, the Debtors anticipate that numerous of their Real Estate Loans will become subject to foreclosure, or other similar proceedings, requiring transfer of the Real Estate Loans to Foreclosure SPEs to protect the estate's assets.

16.    Absent the relief requested in this Motion, the Debtors may be required to seek specific Court approval prior to transferring each individual Real Estate Foreclosure Loan

to a Foreclosure SPE and disposing of the Foreclosure Property underlying same.  Given the

number of Real Estate Loans the Debtors own, filing individual pleadings with respect to each

transfer of a Real Estate Foreclosure Loan, sending notice of each proposed Real Estate

Foreclosure Loan transfer to every party entitled to receive notice in these cases, and holding

individual hearings to approve same would add unnecessary expense and would be unduly

expensive, cumbersome and highly inefficient.

   17. Furthermore, seeking court approval for individual Real Estate

Foreclosure Loan transfers would not be practicable, particularly in the case of Residential Real

Estate Loans, where servicing agents service entire pools of Residential Real Estate Loans and

are given, pursuant to their servicing agreements, the right to foreclose on the real property

underlying entire pools of loans as opposed to individual Residential Real Estate Loans.

   18. Accordingly, this Motion sets forth various guidelines and procedures the

Debtors propose to implement with respect to transferring Real Estate Foreclosure Loans to

Foreclosure SPEs and disposing of the underlying Foreclosure Property.  The Debtors believe

that it would be far more efficient and cost effective for their estates and creditors if they were

authorized to transfer Real Estate Foreclosure Loans to Foreclosure SPEs under the terms and

conditions outlined in this Motion.

   19. The Debtors seek authorization to implement the following procedures to

transfer Residential and Commercial Foreclosure Loans to Foreclosure SPEs:

**Residential Foreclosure Loans**

   a. Without further order of the Court or approval of or notice to any party,
the Debtors may (i) transfer Residential Foreclosure Loans (or other loans secured
by residential real estate subject to foreclosure) or the related foreclosure
judgments to Foreclosure SPEs directly or indirectly wholly owned by LBHI or
Lunar, and (ii) where a Foreclosure SPE takes title to the Foreclosure Property
through execution of a deed in lieu of foreclosure, assignment in lieu of

foreclosure, or similar mechanism, grant releases to the borrowers, indemnitors, and guarantors (to the extent the Debtors deem necessary) under such loans of all obligations with respect to such loans.

b.      To the extent the Debtors seek to sell one or more Residential Real Estate Loans and/or residential Foreclosure Properties held by a Foreclosure SPE, or for that matter an entire Foreclosure SPE holding Residential Real Estate Loans or residential Foreclosure Properties, in one or more related transactions to the same purchaser (a "Residential Portfolio Sale") the aggregate value or purchase price of which is less than $10,000,000.00, the Debtors may sell such Residential Real Estate Loans or residential Foreclosure Properties or Foreclosure SPEs holding Residential Real Estate Loans or residential Foreclosure Properties without further order of the Court or approval of any other party; *provided, however*, that the Debtors will provide notice to the Creditors' Committee of such Residential Portfolio Sale following the closing of the Residential Portfolio Sale.

c.      With respect to a Residential Portfolio Sale where (1) the aggregate value or purchase price of the Residential Real Estate Loans and residential Foreclosure Properties included in such Residential Portfolio Sale is equal to or greater than $10,000,000.00 but less than $25,000,000.00, (2) the purchase price of the Residential Real Estate Loans and residential Foreclosure Properties included in such Residential Portfolio Sale is less than 50% of the aggregate value of the Residential Real Estate Loans and residential Foreclosure Properties included in such Residential Portfolio Sale, or (3) purchaser is a person employed by the Debtors at any time on or after September 15, 2007, or an entity unaffiliated with the Debtors for which a person employed by the Debtors at any time on or after September 15, 2007 is materially involved in the negotiations of the purchase of such loan, the Debtors will submit to the Creditors' Committee a summary of the proposed sale transaction identifying (i) the Residential Real Estate Loans and Foreclosure Properties included in the Residential Portfolio Sale, (ii) the aggregate face value of the Residential Real Estate Loans and Foreclosure Properties included in the Residential Portfolio Sale, (iii) the proposed purchaser of the Residential Real Estate Loans and Foreclosure Properties in the Residential Portfolio Sale, (iv) the purchase price, and (v) the material terms and conditions of the proposed Residential Portfolio Sale (the "Residential Portfolio Sale Summary"). The Creditors' Committee will be required to submit any objections to a Residential Portfolio Sale identified in a Residential Portfolio Sale Summary, so as to be received by the Debtors on or before ten (10) business days after service of such Residential Portfolio Sale Summary. In the event that the Creditors' Committee objects to a Residential Portfolio Sale set forth in a Residential Portfolio Sale Summary, the Debtors may attempt to resolve the objection by furnishing the Creditors' Committee with additional information to demonstrate the reasonableness of the proposed Residential Portfolio Sale. If the Debtors and the Creditors' Committee are unable to consensually resolve the objection, the Debtors may transfer the subject Residential Real Estate Loans or residential Foreclosure Properties from the Foreclosure SPE holding said

Residential Real Estate Loans or residential Foreclosure Properties to LBHI and file a motion with the Court seeking approval of the Residential Portfolio Sale.

d.      For any Residential Portfolio Sale where the aggregate value or purchase price of the Residential Real Estate Loans and residential Foreclosure Properties included in such Residential Portfolio Sale is equal to or greater than $25,000,000.00, the Debtors will be required to file a motion with the Court seeking approval of the Residential Portfolio Sale and, to the extent deemed necessary by the Debtors, the Debtors may, without approval or notice, transfer the subject Residential Real Estate Loans or residential Foreclosure Properties to LBHI in order to seek Court approval of the Residential Portfolio Sale.

## Commercial Foreclosure Loans

a.      Without further order of the Court or approval of or notice to any party, the Debtors may (i) transfer Commercial Foreclosure Loans (or other loans secured by commercial real estate subject to foreclosure) or the related foreclosure judgments to Foreclosure SPEs directly or indirectly wholly owned by LBHI or Lunar, and (ii) where a Foreclosure SPE takes title to the Foreclosure Property through execution of a deed in lieu of foreclosure, assignment in lieu of foreclosure, or similar mechanism, grant releases to the borrowers, indemnitors, and guarantors (to the extent the Debtors deem necessary) under such loans of all obligations with respect to such loans.

b.      To the extent the Debtors seek to sell a Foreclosure Property underlying a Commercial Foreclosure Loan ("Commercial Foreclosure Property") held by a Foreclosure SPE, or an entire Foreclosure SPE holding a Commercial Foreclosure Property (a "Commercial Property Sale"), if the Mark-to-Market Carrying Value[3] of the Real Estate Loan securing the Commercial Foreclosure Property is less than $10,000,000.00, the Debtors may sell such Commercial Foreclosure Property or Foreclosure SPE holding a Commercial Foreclosure Property without further order of the Court or approval of any other party; *provided, however*, that the Debtors will provide notice to the Creditors' Committee of such Commercial Property Sale following the closing of the Commercial Property Sale.

---

[3] "Mark-to-Market Carrying Value" as used herein shall mean the mark-to-market carrying value on the Debtors' records of any Real Estate Loan securing the Commercial Foreclosure Property as of December 31, 2008, or as otherwise agreed to by the Creditors' Committee; provided however, if (i) the mark-to-market carrying value of any Real Estate Loan securing the Commercial Foreclosure Property as of December 31, 2008 is less than or equal to 50% of mark-to-market carrying value of such Real Estate Loan securing the Commercial Foreclosure Property on the Debtors' records as of September 17, 2008, and (ii) the mark-to-market carrying value of any Real Estate Loan is not otherwise agreed to by the Creditors' Committee, the Mark-to-Market Carrying Value for the purposes of this Motion shall be the mark-to-market carrying value of such Real Estate Loan securing the Commercial Foreclosure Property on the Debtors' records as of September 17, 2008.

c.      If the Commercial Property Sale involves the sale of Commercial Foreclosure Property secured by a Real Estate Loan and (1) the Mark-to-Market Carrying Value of the Real Estate Loan securing the Commercial Foreclosure Property is equal to or greater than $10,000,000.00 but less than $25,000,000.00, (2) the purchase price of Commercial Foreclosure Property secured by a Real Estate Loan is less than 50% of the Mark-to-Market Carrying Value of the Real Estate Loan securing the Commercial Foreclosure Property, or (3) the purchaser is a person employed by the Debtors at any time on or after September 15, 2007, or an entity unaffiliated with the Debtors for which a person employed by the Debtors at any time on or after September 15, 2007 is materially involved in the negotiations of the purchase of such loan or property, the Debtors will submit to the Creditors' Committee a summary of the proposed sale transaction identifying (i) the Commercial Foreclosure Property, (ii) the Mark-to-Market Carrying Value of the Real Estate Loan underlying the Commercial Foreclosure Property, (iii) the proposed purchaser of the Commercial Foreclosure Property, (iv) the purchase price, and (v) the material terms and conditions of the proposed Commercial Property Sale (the "Commercial Property Sale Summary"). The Creditors' Committee will be required to submit any objections to a Commercial Property Sale identified in a Commercial Property Sale Summary, so as to be received by the Debtors on or before ten (10) business days after service of such Commercial Property Sale Summary. In the event that the Creditors' Committee objects to a Commercial Property Sale set forth in a Commercial Property Sale Summary, the Debtors may attempt to resolve the objection by furnishing the Creditors' Committee with additional information to demonstrate the reasonableness of the proposed Commercial Property Sale. If the Debtors and the Creditors' Committee are unable to consensually resolve the objection, the Debtors may transfer the subject Commercial Foreclosure Property from the Foreclosure SPE holding said Commercial Foreclosure Property to LBHI and file a motion with the Court seeking approval of the Commercial Property Sale.

d.      For any Commercial Property Sale where the Mark-to-Market Carrying Value of the Real Estate Loan securing the Commercial Foreclosure Property is equal to or greater than $25,000,000.00, the Debtors will be required to file a motion with the Court seeking approval of the Commercial Property Sale and, to the extent deemed necessary by the Debtors, the Debtors may, without further approval or notice, transfer the subject Commercial Foreclosure Property to LBHI in order to seek Court approval of the Commercial Property Sale.

20.      With respect to all Real Estate Foreclosure Loan transfers to Foreclosure SPEs carried out in accordance with the procedures set forth above, the Debtors will provide the Creditors' Committee on a quarterly basis a report of such transfers, identifying the Real Estate Foreclosure Loans or related foreclosure judgments that have been transferred during the quarterly period, the Foreclosure SPEs to which such Real Estate Foreclosure Loans have been

transferred, and the disposition, if any, of the Real Estate Foreclosure Loans and/or the

Foreclosure Property underlying such Real Estate Foreclosure Loans.

### Basis for Relief

21.    The Debtors seek, pursuant to sections 105(a) and 363(b)(1) of the

Bankruptcy Code and Bankruptcy Rule 9019, to transfer Real Estate Foreclosure Loans owned

by the Debtors to Foreclosure SPEs pursuant to the procedures outlined above to efficiently

realize maximum value of the Real Estate Foreclosure Loans and/or the Foreclosure Properties

underlying the Real Estate Foreclosure Loans and to minimize the impact on the estate's assets

of the potential liabilities related to such Foreclosure Properties for the benefit of the Debtors'

estates and their creditors.

22.    Section 105(a) of the Bankruptcy Code provides that "[t]he court may

issue any order that is necessary or appropriate to carry out the provisions of this title."  11

U.S.C. § 105(a).  Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, "the

trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of

business, property of the estate."  11 U.S.C. § 363(b)(1).  When considering a transaction outside

the ordinary course of business, courts in the Second Circuit, and others, require that such

transaction be based upon the sound business judgment of the debtor.  *Comm. of Equity Sec.*

*Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *accord In re*

*Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992); *In re Martin*, 91 F.3d 389, 395 (3d Cir.

1996) (citing *Fulton State Bank v. Schipper (In Re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991));

*Institutional Creditors of Cont'l Airlines, Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*,

780 F.2d 1223, 1226 (5th Cir. 1986).

23.    It is generally understood that "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). If a valid business justification exists, there is a strong presumption that "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993). The burden of rebutting this presumption falls to parties opposing the proposed exercise of a debtor's business judgment. *Id.* (citing *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984)).

24.    To the extent that the transfer of Real Estate Foreclosure Loans to Foreclosure SPEs is deemed to involve a compromise and settlement of claims, approval of the transfer is also warranted under Bankruptcy Rule 9019(a), which provides that, "[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). This rule empowers bankruptcy courts to approve compromises "if they are in the best interest of the estate." *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Fisher v. Pereira (In re 47-49 Charles St., Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). Indeed, courts have long considered compromises to be "a normal part of the process of reorganization." *TMT Trailer Ferry*, 390 U.S. at 424 (quoting *Case v. Los Angelas Lumber Prods. Co.*, 308 U.S. 106, 130 (1939).

25.    The decision to approve a particular compromise lies within the sound discretion of the bankruptcy court. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994).  The settlement need not result in the best possible outcome for the debtor, but must not fall beneath the lowest point in the range of reasonableness." *Drexel Burnham Lambert Group*, 134 B.R. at 505; see also *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).  Additionally, a court may exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).  However, the analysis must focus on the question of whether a particular compromise is "fair and equitable, and in the best interest of the estate." *In re Best Products*, 165 B.R. 35, 50 (Bankr. S.D.N.Y. 1994) (internal citations omitted).

26.    While a court must "evaluate … all … factors relevant to a fair and full assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424-25, a court need not conduct a "mini-trial" of the merits of the claims being settled, *W.T. Grant Co.*, 699 F.2d at 608, or conduct a full independent investigation. *Drexel Burnham Lambert Group*, 134 B.R. at 496.  "[T]he bankruptcy judge does not have to decide the numerous questions of law and fact…. The court need only canvass the settlement to determine whether it is within the accepted range of reasonableness." *Nellis*, 165 B.R. at 123 (internal citations omitted).

27.    The court may give weight to the "informed judgments of the … debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise." *Drexel Burnham Lambert Group*, 134 B.R. at 505 (internal citations omitted); *see also In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr.

S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness.... If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other.").

28.    Significantly, there is no requirement that "the value of the compromise … be dollar-for-dollar the equivalent of the claim." *Ionosphere Clubs, Inc.*, 156 B.R. at 427. Instead, "there is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery." *Id.* at 427-28 (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2nd Cir. 1974).

29.    For the reasons discussed above, the Debtors believe that the transfers of Real Estate Foreclosure Loans to Foreclosure SPEs constitute transactions in the ordinary course of the Debtors' business not requiring notice or a hearing under section 363(c) of the Bankruptcy Code.  To the extent that such transactions are deemed to be outside of the ordinary course of the Debtors' business, the Debtors have nevertheless determined, in their sound business judgment, that the transfer of Real Estate Foreclosure Loans to Foreclosure SPEs represents their best method to realize value from the Foreclosure Properties underlying the Real Estate Foreclosure Loans and limit potential liabilities that could otherwise arise against the Debtors for claims related to the Foreclosure Properties to the detriment of the Debtors' estates and their creditors. By transferring Real Estate Loans to wholly-owned Foreclosure SPEs, the Debtors retain their economic interest in the Real Estate Loans while at the same time protecting their estates' assets from potentially significant liability.

30.    In light of the expected volume of such transfers currently contemplated by the Debtors, the Debtors submit that in order to take full advantage of these processes and

limit the costs that would otherwise be incurred in seeking Court approval on a one-off basis, they require pre-authorization from the Court for procedures authorizing them to transfer Real Estate Foreclosure Loans to Foreclosure SPEs, dispose of related Foreclosure Property and, where necessary and appropriate, grant releases to the borrowers, indemnitors, and guarantors of Real Estate Foreclosure Loans of all obligations under such loans. The proposed procedures are designed to allow the Debtors to effectively and safely dispose of Real Estate Foreclosure Loans and/or Foreclosure Property while at the same time protecting the interests of the estates' creditors' in same by implementing certain notice and consent requirements as conditions to Commercial Property and Residential Portfolio Sales. To the extent the Creditors' Committee does not consent to a proposed Commercial Property or Residential Portfolio Sale, the proposed procedures provide the Debtors the ability to transfer the subject Real Estate Foreclosure Loans and/or Foreclosure Property back to LBHI so that the Debtors can seek Court approval of same on an individualized basis.

31.    To the extent the Debtors deem it necessary to grant releases to particular borrowers, indemnitors, and guarantors under Real Estate Foreclosure Loans, they require pre-authorization from the Court for procedures approving future compromises and settlements of claims of the sort other courts have granted to debtors in possession in other large chapter 11 cases, including *In re Footstar, Inc. et al.*, (Case No. 04-22350) (Bankr. S.D.N.Y.) (approving procedures for the settlement of litigation claims and pre-petition leases and contracts); *In re NRG Energy, Inc., et al.* (Case No. 03-13024) (Bankr. S.D.N.Y. 2003) (approval of procedures for the settlement of terminated derivative contracts); *In re Mirant Corporation, et al.* (Case No. 03-46590) (Bankr. N.D. Tex. 2003) (approval of procedures for the settlement of terminated derivative contracts); *In re Enron Corp., et al.* (Case No. 01-16034) (Bankr. S.D.N.Y. 2001)

(approval of procedures for estimation and settlement of unliquidated and contingent claims); *In re Armstrong World Industries, Inc., et al.* (Case No. 00-4471) (Bankr. D. Del. 2000) (approving procedures for the settlement of personal injury claims, employee litigation claims and tax claims against the debtor).

32.    For the foregoing reasons, the procedures set forth in this Motion for the transfer and disposition of Real Estate Foreclosure Loans and granting of releases with respect to same are within the parameters set forth in Bankruptcy Rule 9019 and are in the best interests of the Debtors, their estates, their creditors, and all parties in interest.

### Notice

33.    No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditor's Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

34.    No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

DATED:    August 26, 2009
          New York, New York

                                    /s/ Jacqueline Marcus
                                    Shai Y. Waisman
                                    Jacqueline Marcus

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    (212) 310-8000

                                    ATTORNEYS FOR DEBTORS AND
                                    DEBTORS IN POSSESSION

## Exhibit A - Commercial Real Estate Loans

| Original MTS Number | REO Number | Formation Date | Original Lender Entity | Foreclosure SPE |
|---|---|---|---|---|
| WH9196 | REO247 | April-08 | LBHI | Lincoln Aventura LLC |
| VE38 | REO254 | March-09 | LBHI | SD Mark Holdings LLC |
| WB66 | REO255 | March-09 | LBHI | 734 NW 6th Avenue LLC |
| WE12 | REO256 | April-09 | LBHI | AZ 72 Holdings LLC |
| WH5658 | REO257 | April-09 | LBHI | CO 112 Overlook Drive LLC |
| WB99 | REO259 | May-09 | LBHI | NY 325 West Broadway Holdings LLC |
| WE297 | REO260 | May-09 | LBHI | MD Northgate Holdings LLC |
| WH5904 | REO264 | July-09 | LBHI | NY West 37th Street Holdings LLC |
| WE152/VA94 | REO265 | July-09 | LBHI | FL Azure Holdings LLC |
| VV82 | REO266 | July-09 | LBHI | CT Westport Riverside LLC |
| SN75 | REO267 | July-09 | LBHI | MI Hamlin Development Associates LLC |
| QZ23 | REO268 | July-09 | LBHI | MI One Woodward Avenue Associates LLC |
| RX32 | REO269 | July-09 | LBHI | MI Shelby Industrial Investors LLC |
| WH4689 | REO270 | July-09 | LBHI | FL Whitworth Holdings LLC |
| WE284 | REO273 | August-09 | LBHI | FL 5931 West Commercial Boulevard LLC |
| TS20 | REO274 | August-09 | LBHI | FL 1857 San Marco Road LLC |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 123889883 | 89001791 | LBHI |
| 111387098 | 12398533 | LBHI |
| 116904475 | 1870575 | LBHI |
| 122291990 | 73725604 | LBHI |
| 124476987 | 9963442 | LBHI |
| 124486887 | 75247539 | LBHI |
| 122316763 | 73726733 | LBHI |
| 104696281 | 74674939 | LBHI |
| 123896342 | 144638463 | LBHI |
| 124373820 | 22268777 | LBHI |
| 125117044 | 75935785 | LBHI |
| 124372475 | 22257887 | LBHI |
| 119772499 | 124001797 | LBHI |
| 123895799 | 147331677 | LBHI |
| 122288046 | 73730829 | LBHI |
| 122297583 | 73709618 | LBHI |
| 124486663 | 75247259 | LBHI |
| 123154767 | 74584752 | LBHI |
| 124974916 | 75889347 | LBHI |
| 122302961 | 73710859 | LBHI |
| 124794082 | 75244379 | LBHI |
| 117072587 | 74584696 | LBHI |
| 122288624 | 73727773 | LBHI |
| 124486671 | 75247427 | LBHI |
| 125117069 | 75935809 | LBHI |
| 100833771 | 74142233 | LBHI |
| 122297443 | 73725628 | LBHI |
| 113842652 | 74156338 | LBHI |
| 122317308 | 73729597 | LBHI |
| 116745985 | 74171820 | LBHI |
| 117068320 | 74584072 | LBHI |
| 122319825 | 73707066 | LBHI |
| 123036709 | 74050229 | LBHI |
| 122297591 | 73709490 | LBHI |
| 122922024 | 74035171 | LBHI |
| 122288525 | 73727213 | LBHI |
| 124229071 | 1100239931 | LBHI |
| 118701390 | 1100160007 | LBHI |
| 113253769 | 1100074509 | LBHI |
| 124827221 | 8020064138 | LBHI |
| 123165342 | 1100234571 | LBHI |
| 122258023 | 1100226832 | LBHI |
| 123805111 | 1100239296 | LBHI |
| 122708829 | 1100230711 | LBHI |
| 124228503 | 1100239882 | LBHI |
| 119386142 | 1100175800 | LBHI |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 124229485 | 1100239964 | LBHI |
| 119437887 | 1100160431 | LBHI |
| 124228925 | 1100239919 | LBHI |
| 124228982 | 1100239922 | LBHI |
| 120561576 | 1100196156 | LBHI |
| 119370427 | 1100175084 | LBHI |
| 122238306 | 1100225217 | LBHI |
| 116581307 | 1100117085 | LBHI |
| 118255256 | 1100151317 | LBHI |
| 123804106 | 1100239241 | LBHI |
| 118255272 | 1100151322 | LBHI |
| 121307318 | 1100215615 | LBHI |
| 120788799 | 1100202889 | LBHI |
| 120813902 | 1100204598 | LBHI |
| 46895850 | 46895850 | LBHI |
| 11720315 | 11720315 | LBHI |
| 33020082 | 33020082 | LBHI |
| 123785727 | 123785727 | LBHI |
| 40070211 | 40070211 | LBHI |
| 46900593 | 46900593 | LBHI |
| 124172693 | 124172693 | LBHI |
| 40692758 | 40692758 | LBHI |
| 33491523 | 33491523 | LBHI |
| 125013714 | 125013714 | LBHI |
| 123784696 | 123784696 | LBHI |
| 47650189 | 47650189 | LBHI |
| 39562376 | 39562376 | LBHI |
| 40512618 | 40512618 | LBHI |
| 46180014 | 46180014 | LBHI |
| 124994294 | 124994294 | LBHI |
| 124697947 | 124697947 | LBHI |
| 47801568 | 47801568 | LBHI |
| 40722910 | 40722910 | LBHI |
| 123771727 | 123771727 | LBHI |
| 40537383 | 40537383 | LBHI |
| 123687683 | 123687683 | LBHI |
| 33701053 | 33701053 | LBHI |
| 40812109 | 40812109 | LBHI |
| 120615943 | 120615943 | LBHI |
| 33031204 | 33031204 | LBHI |
| 47458666 | 47458666 | LBHI |
| 33306085 | 33306085 | LBHI |
| 14274401 | 14274401 | LBHI |
| 121187983 | 121187983 | LBHI |
| 40698714 | 40698714 | LBHI |
| 123846768 | 123846768 | LBHI |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 33031642 | 33031642 | LBHI |
| 124395138 | 124395138 | LBHI |
| 36894392 | 36894392 | LBHI |
| 118058254 | 118058254 | LBHI |
| 124599218 | 124599218 | LBHI |
| 40448086 | 40448086 | LBHI |
| 122948706 | 122948706 | LBHI |
| 14957609 | 14957609 | LBHI |
| 11855525 | 11855525 | LBHI |
| 14276737 | 14276737 | LBHI |
| 123699159 | 123699159 | LBHI |
| 123948275 | 123948275 | LBHI |
| 14495600 | 14495600 | LBHI |
| 32434771 | 32434771 | LBHI |
| 37436243 | 37436243 | LBHI |
| 124996315 | 124996315 | LBHI |
| 33754979 | 33754979 | LBHI |
| 32088148 | 32088148 | LBHI |
| 14674543 | 14674543 | LBHI |
| 124122862 | 124122862 | LBHI |
| 124818311 | 124818311 | LBHI |
| 119243996 | 119243996 | LBHI |
| 47725726 | 47725726 | LBHI |
| 33043274 | 33043274 | LBHI |
| 18056325 | 18056325 | LBHI |
| 124172701 | 124172701 | LBHI |
| 47463815 | 47463815 | LBHI |
| 16045510 | 16045510 | LBHI |
| 8104390 | 8104390 | LBHI |
| 33678392 | 33678392 | LBHI |
| 33633397 | 33633397 | LBHI |
| 124982588 | 124982588 | LBHI |
| 40741092 | 40741092 | LBHI |
| 14654776 | 14654776 | LBHI |
| 123958001 | 123958001 | LBHI |
| 11723863 | 11723863 | LBHI |
| 31951742 | 31951742 | LBHI |
| 124404864 | 124404864 | LBHI |
| 119972495 | 119972495 | LBHI |
| 40130338 | 40130338 | LBHI |
| 46548368 | 46548368 | LBHI |
| 40303190 | 40303190 | LBHI |
| 39924360 | 39924360 | LBHI |
| 40868937 | 40868937 | LBHI |
| 115939092 | 115939092 | LBHI |
| 124402231 | 124402231 | LBHI |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 124975186 | 124975186 | LBHI |
| 11777430 | 11777430 | LBHI |
| 40227480 | 40227480 | LBHI |
| 14015234 | 14015234 | LBHI |
| 33398090 | 33398090 | LBHI |
| 124978636 | 124978636 | LBHI |
| 123692683 | 123692683 | LBHI |
| 123671075 | 123671075 | LBHI |
| 14011712 | 14011712 | LBHI |
| 124121898 | 124121898 | LBHI |
| 124401506 | 124401506 | LBHI |
| 123788689 | 123788689 | LBHI |
| 124810136 | 124810136 | LBHI |
| 14124994 | 14124994 | LBHI |
| 124974338 | 124974338 | LBHI |
| 31502263 | 31502263 | LBHI |
| 123689242 | 123689242 | LBHI |
| 124405705 | 124405705 | LBHI |
| 124813429 | 124813429 | LBHI |
| 36380889 | 36380889 | LBHI |
| 124974957 | 124974957 | LBHI |
| 38514246 | 38514246 | LBHI |
| 45230661 | 45230661 | LBHI |
| 37223690 | 37223690 | LBHI |
| 35881648 | 35881648 | LBHI |
| 122398852 | 122398852 | LBHI |
| 15613144 | 15613144 | LBHI |
| 46019691 | 46019691 | LBHI |
| 124818006 | 124818006 | LBHI |
| 33756008 | 33756008 | LBHI |
| 124809526 | 124809526 | LBHI |
| 123950388 | 123950388 | LBHI |
| 32603037 | 32603037 | LBHI |
| 46388286 | 46388286 | LBHI |
| 39116918 | 39116918 | LBHI |
| 40397622 | 40397622 | LBHI |
| 39571617 | 39571617 | LBHI |
| 124994666 | 124994666 | LBHI |
| 115938516 | 115938516 | LBHI |
| 31939697 | 31939697 | LBHI |
| 38728887 | 38728887 | LBHI |
| 124961566 | 124961566 | LBHI |
| 124992116 | 124992116 | LBHI |
| 124513615 | 124513615 | LBHI |
| 33672601 | 33672601 | LBHI |
| 40724460 | 40724460 | LBHI |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 40728776 | 40728776 | LBHI |
| 40102964 | 40102964 | LBHI |
| 123782849 | 123782849 | LBHI |
| 40098980 | 40098980 | LBHI |
| 124395401 | 124395401 | LBHI |
| 38086112 | 38086112 | LBHI |
| 40713414 | 40713414 | LBHI |
| 124961533 | 124961533 | LBHI |
| 33029125 | 33029125 | LBHI |
| 123675118 | 123675118 | LBHI |
| 39165287 | 39165287 | LBHI |
| 38220968 | 38220968 | LBHI |
| 32265506 | 32265506 | LBHI |
| 122950892 | 122950892 | LBHI |
| 124406646 | 124406646 | LBHI |
| 123680845 | 123680845 | LBHI |
| 124399908 | 124399908 | LBHI |
| 121904171 | 121904171 | LBHI |
| 124974544 | 124974544 | LBHI |
| 124991068 | 124991068 | LBHI |
| 32207755 | 32207755 | LBHI |
| 124404278 | 124404278 | LBHI |
| 124990482 | 124990482 | LBHI |
| 124816497 | 124816497 | LBHI |
| 124828567 | 124828567 | LBHI |
| 123670556 | 123670556 | LBHI |
| 40776957 | 40776957 | LBHI |
| 124988395 | 124988395 | LBHI |
| 40044042 | 40044042 | LBHI |
| 124845769 | 124845769 | LBHI |
| 123704074 | 123704074 | LBHI |
| 118060714 | 118060714 | LBHI |
| 124400706 | 124400706 | LBHI |
| 40337628 | 40337628 | LBHI |
| 47315742 | 47315742 | LBHI |
| 124704974 | 124704974 | LBHI |
| 15177819 | 15177819 | LBHI |
| 33375726 | 33375726 | LBHI |
| 124408311 | 124408311 | LBHI |
| 124603176 | 124603176 | LBHI |
| 14207732 | 14207732 | LBHI |
| 124106451 | 124106451 | LBHI |
| 47607551 | 47607551 | LBHI |
| 11809977 | 11809977 | LBHI |
| 123772733 | 123772733 | LBHI |
| 123960155 | 123960155 | LBHI |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 38917670 | 38917670 | LBHI |
| 14282560 | 14282560 | LBHI |
| 124395492 | 124395492 | LBHI |
| 33279084 | 33279084 | LBHI |
| 31743610 | 31743610 | LBHI |
| 123930356 | 123930356 | LBHI |
| 124409483 | 124409483 | LBHI |
| 123789067 | 123789067 | LBHI |
| 123791402 | 123791402 | LBHI |
| 47116231 | 47116231 | LBHI |
| 124106121 | 124106121 | LBHI |
| 125000745 | 125000745 | LBHI |
| 40788010 | 40788010 | LBHI |
| 40303182 | 40303182 | LBHI |
| 123670820 | 123670820 | LBHI |
| 47886304 | 47886304 | LBHI |
| 40758526 | 40758526 | LBHI |
| 38496840 | 38496840 | LBHI |
| 15056484 | 15056484 | LBHI |
| 124229568 | 124229568 | LBHI |
| 124991530 | 124991530 | LBHI |
| 40020380 | 40020380 | LBHI |
| 11747557 | 11747557 | LBHI |
| 39663521 | 39663521 | LBHI |
| 33640889 | 33640889 | LBHI |
| 32239857 | 32239857 | LBHI |
| 124402728 | 124402728 | LBHI |
| 123948473 | 123948473 | LBHI |
| 123753444 | 123753444 | LBHI |
| 124810508 | 124810508 | LBHI |
| 120234471 | 120234471 | LBHI |
| 33661851 | 33661851 | LBHI |
| 47666391 | 47666391 | LBHI |
| 123951295 | 123951295 | LBHI |
| 123936577 | 123936577 | LBHI |
| 45079423 | 45079423 | LBHI |
| 123727745 | 123727745 | LBHI |
| 40657694 | 40657694 | LBHI |
| 124407743 | 124407743 | LBHI |
| 124404492 | 124404492 | LBHI |
| 124645508 | 124645508 | LBHI |
| 118060706 | 118060706 | LBHI |
| 11909512 | 11909512 | LBHI |
| 45683059 | 45683059 | LBHI |
| 124994260 | 124994260 | LBHI |
| 124842824 | 124842824 | LBHI |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 46589065 | 46589065 | LBHI |
| 14773907 | 14773907 | LBHI |
| 32962276 | 32962276 | LBHI |
| 40053910 | 40053910 | LBHI |
| 124928177 | 124928177 | LBHI |
| 14314249 | 14314249 | LBHI |
| 47883129 | 47883129 | LBHI |
| 124408352 | 124408352 | LBHI |
| 124849167 | 124849167 | LBHI |
| 11498581 | 11498581 | LBHI |
| 33675570 | 33675570 | LBHI |
| 123687204 | 123687204 | LBHI |
| 124687286 | 124687286 | LBHI |
| 124981507 | 124981507 | LBHI |
| 19083591 | 19083591 | LBHI |
| 47391602 | 47391602 | LBHI |
| 40350761 | 40350761 | LBHI |
| 40732513 | 40732513 | LBHI |
| 39566534 | 39566534 | LBHI |
| 33487695 | 33487695 | LBHI |
| 40555591 | 40555591 | LBHI |
| 40359416 | 40359416 | LBHI |
| 125007955 | 125007955 | LBHI |
| 32930596 | 32930596 | LBHI |
| 124965963 | 124965963 | LBHI |
| 125004739 | 125004739 | LBHI |
| 33014689 | 33014689 | LBHI |
| 47303359 | 47303359 | LBHI |
| 33769894 | 33769894 | LBHI |
| 40687691 | 40687691 | LBHI |
| 125004812 | 125004812 | LBHI |
| 124965377 | 124965377 | LBHI |
| 45079340 | 45079340 | LBHI |
| 40666083 | 40666083 | LBHI |
| 33675752 | 33675752 | LBHI |
| 33457276 | 33457276 | LBHI |
| 119452928 | 119452928 | LBHI |
| 123785297 | 123785297 | LBHI |
| 124397498 | 124397498 | LBHI |
| 32454456 | 32454456 | LBHI |
| 40834913 | 40834913 | LBHI |
| 47881487 | 47881487 | LBHI |
| 38619383 | 38619383 | LBHI |
| 14969687 | 14969687 | LBHI |
| 47158142 | 47158142 | LBHI |
| 39235312 | 39235312 | LBHI |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 124408097 | 124408097 | LBHI |
| 33098864 | 33098864 | LBHI |
| 123785966 | 123785966 | LBHI |
| 118057959 | 118057959 | LBHI |
| 123698581 | 123698581 | LBHI |
| 40340077 | 40340077 | LBHI |
| 40571846 | 40571846 | LBHI |
| 123731416 | 123731416 | LBHI |
| 125001578 | 125001578 | LBHI |
| 124995564 | 124995564 | LBHI |
| 40625170 | 40625170 | LBHI |
| 124400888 | 124400888 | LBHI |
| 40240509 | 40240509 | LBHI |
| 40687386 | 40687386 | LBHI |
| 40191579 | 40191579 | LBHI |
| 32950594 | 32950594 | LBHI |
| 122943517 | 122943517 | LBHI |
| 47226899 | 47226899 | LBHI |
| 14298202 | 14298202 | LBHI |
| 14736409 | 14736409 | LBHI |
| 124981481 | 124981481 | LBHI |
| 40756561 | 40756561 | LBHI |
| 121188072 | 121188072 | LBHI |
| 47338843 | 47338843 | LBHI |
| 47093844 | 47093844 | LBHI |
| 122949977 | 122949977 | LBHI |
| 33148511 | 33148511 | LBHI |
| 123750077 | 123750077 | LBHI |
| 14773915 | 14773915 | LBHI |
| 120906672 | 120906672 | LBHI |
| 18076836 | 18076836 | LBHI |
| 122950611 | 122950611 | LBHI |
| 14671077 | 14671077 | LBHI |
| 123153389 | 123153389 | LBHI |
| 45889482 | 45889482 | LBHI |
| 11817806 | 11817806 | LBHI |
| 124994302 | 124994302 | LBHI |
| 14138226 | 14138226 | LBHI |
| 40900193 | 40900193 | LBHI |
| 40614810 | 40614810 | LBHI |
| 35992999 | 35992999 | LBHI |
| 47876917 | 47876917 | LBHI |
| 14716526 | 14716526 | LBHI |
| 124461203 | 124461203 | LBHI |
| 15520935 | 15520935 | LBHI |
| 39382197 | 39382197 | LBHI |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 118059591 | 118059591 | LBHI |
| 118060011 | 118060011 | LBHI |
| 124981911 | 124981911 | LBHI |
| 40725004 | 40725004 | LBHI |
| 47023981 | 47023981 | LBHI |
| 46443750 | 46443750 | LBHI |
| 124793928 | 124793928 | LBHI |
| 124121542 | 124121542 | LBHI |
| 124400771 | 124400771 | LBHI |
| 40771297 | 40771297 | LBHI |
| 39019013 | 39019013 | LBHI |
| 124984287 | 124984287 | LBHI |
| 123683765 | 123683765 | LBHI |
| 31536410 | 31536410 | LBHI |
| 33760141 | 33760141 | LBHI |
| 123792749 | 123792749 | LBHI |
| 40206492 | 40206492 | LBHI |
| 16725475 | 16725475 | LBHI |
| 11818515 | 11818515 | LBHI |
| 11818457 | 11818457 | LBHI |
| 11818416 | 11818416 | LBHI |
| 11704319 | 11704319 | LBHI |
| 112774757 | 112774757 | LBHI |
| 124121443 | 124121443 | LBHI |
| 33237892 | 33237892 | LBHI |
| 45222536 | 45222536 | LBHI |
| 123047557 | 123047557 | LBHI |
| 123745416 | 123745416 | LBHI |
| 124409558 | 124409558 | LBHI |
| 124782830 | 124782830 | LBHI |
| 114121817 | 114121817 | LBHI |
| 14044895 | 14044895 | LBHI |
| 123787392 | 123787392 | LBHI |
| 40014805 | 40014805 | LBHI |
| 40673634 | 40673634 | LBHI |
| 33237546 | 33237546 | LBHI |
| 15050081 | 15050081 | LBHI |
| 32816324 | 32816324 | LBHI |
| 123753204 | 123753204 | LBHI |
| 14087860 | 14087860 | LBHI |
| 123792285 | 123792285 | LBHI |
| 33531203 | 33531203 | LBHI |
| 32946600 | 32946600 | LBHI |
| 11871977 | 11871977 | LBHI |
| 125012195 | 125012195 | LBHI |
| 47187646 | 47187646 | LBHI |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 123950560 | 123950560 | LBHI |
| 40005175 | 40005175 | LBHI |
| 125075101 | 125075101 | LBHI |
| 33231275 | 33231275 | LBHI |
| 45346970 | 45346970 | LBHI |
| 123689689 | 123689689 | LBHI |
| 47498449 | 47498449 | LBHI |
| 122948748 | 122948748 | LBHI |
| 40147225 | 40147225 | LBHI |
| 11842523 | 11842523 | LBHI |
| 47188297 | 47188297 | LBHI |
| 33629023 | 33629023 | LBHI |
| 125004085 | 125004085 | LBHI |
| 33238015 | 33238015 | LBHI |
| 40030918 | 40030918 | LBHI |
| 124975749 | 124975749 | LBHI |
| 123952194 | 123952194 | LBHI |
| 46703849 | 46703849 | LBHI |
| 124401209 | 124401209 | LBHI |
| 32873010 | 32873010 | LBHI |
| 123672404 | 123672404 | LBHI |
| 11424975 | 11424975 | LBHI |
| 47785506 | 47785506 | LBHI |
| 11855913 | 11855913 | LBHI |
| 114175268 | 114175268 | LBHI |
| 124961541 | 124961541 | LBHI |
| 47520077 | 47520077 | LBHI |
| 30703573 | 30703573 | LBHI |
| 46444824 | 46444824 | LBHI |
| 46556635 | 46556635 | LBHI |
| 40739955 | 40739955 | LBHI |
| 123226417 | 123226417 | LBHI |
| 39393806 | 39393806 | LBHI |
| 124404120 | 124404120 | LBHI |
| 116114018 | 116114018 | LBHI |
| 124901463 | 124901463 | LBHI |
| 32976409 | 32976409 | LBHI |
| 124482019 | 124482019 | LBHI |
| 32129991 | 32129991 | LBHI |
| 124965526 | 124965526 | LBHI |
| 123229007 | 123229007 | LBHI |
| 125001966 | 125001966 | LBHI |
| 124456112 | 124456112 | LBHI |
| 47451620 | 47451620 | LBHI |
| 118525765 | 118525765 | LBHI |
| 124793902 | 124793902 | LBHI |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 124976721 | 124976721 | LBHI |
| 124645946 | 124645946 | LBHI |
| 11777455 | 11777455 | LBHI |
| 123462046 | 123462046 | LBHI |
| 11818549 | 11818549 | LBHI |
| 124977059 | 124977059 | LBHI |
| 15472350 | 15472350 | LBHI |
| 32493009 | 32493009 | LBHI |
| 47747241 | 47747241 | LBHI |
| 123745432 | 123745432 | LBHI |
| 40070807 | 40070807 | LBHI |
| 125080010 | 125080010 | LBHI |
| 39995055 | 39995055 | LBHI |
| 33374273 | 33374273 | LBHI |
| 11606761 | 11606761 | LBHI |
| 124819467 | 124819467 | LBHI |
| 121187868 | 121187868 | LBHI |
| 124703117 | 124703117 | LBHI |
| 116139411 | 116139411 | LBHI |
| 40914954 | 40914954 | LBHI |
| 47051453 | 47051453 | LBHI |
| 123786246 | 123786246 | LBHI |
| 124744533 | 124744533 | LBHI |
| 40085953 | 40085953 | LBHI |
| 123788556 | 123788556 | LBHI |
| 38454468 | 38454468 | LBHI |
| 119418978 | 119418978 | LBHI |
| 124961525 | 124961525 | LBHI |
| 40601007 | 40601007 | LBHI |
| 40417735 | 40417735 | LBHI |
| 119756427 | 116583157 | LBHI |
| 124181504 | 6794122025 | LBHI |
| 125137612 | 10662732 | LBHI |
| 125146688 | 704741205 | LBHI |
| 125149716 | 1151534 | LBHI |
| 110136454 | 1119796907 | LBHI |
| 106743172 | 1119851729 | LBHI |
| 125521179 | 1283106 | LBHI |
| 125523340 | 6001130 | LBHI |
| 110143518 | 1119840133 | LBHI |
| 16730574 | 770594605 | LBHI |
| 116462797 | 624385155 | LBHI |
| 106737257 | 1119817199 | LBHI |
| 116463589 | 628787548 | LBHI |
| 105225007 | 1119816833 | LBHI |
| 125519801 | 1011136 | LBHI |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
| --- | --- | --- |
| 40898157 | 823087 | LBHI |
| 123193492 | 357413014 | LBHI |
| 122915713 | 74030163 | LBHI |
| 122287121 | 73729309 | LBHI |
| 124999582 | 75888531 | LBHI |
| 102544715 | 3671647 | LBHI |
| 124815598 | 359516180 | LBHI |
| 124817222 | 359516233 | LBHI |
| 124402389 | 359504286 | LBHI |
| 124817487 | 359516223 | LBHI |
| 122299241 | 73730565 | LBHI |
| 112632799 | 18706911 | LBHI |
| 118619246 | 47367883 | LBHI |
| 123634156 | 28809481 | LBHI |
| 123776353 | 35346725 | LBHI |
| 123778789 | 30822266 | LBHI |
| 123625881 | 26458539 | LBHI |
| 123637324 | 30071534 | LBHI |
| 124815184 | 359516389 | LBHI |
| 124816190 | 359516170 | LBHI |
| 124227307 | 359510111 | LBHI |
| 123561151 | 359493195 | LBHI |
| 124400326 | 359503963 | LBHI |
| 124400243 | 359503909 | LBHI |
| 124223405 | 359509730 | LBHI |
| 124404963 | 359504396 | LBHI |
| 124812579 | 359516320 | LBHI |
| 124818634 | 359516247 | LBHI |
| 124816711 | 359516218 | LBHI |
| 124402967 | 359504388 | LBHI |
| 124841321 | 359522009 | LBHI |
| 124407099 | 359504322 | LBHI |
| 124404450 | 359504302 | LBHI |
| 124814310 | 359516149 | LBHI |
| 124402827 | 359504412 | LBHI |
| 124407354 | 359504174 | LBHI |
| 124405853 | 359504146 | LBHI |
| 124810318 | 359516351 | LBHI |
| 122297492 | 359420598 | LBHI |
| 124225350 | 359509924 | LBHI |
| 124361767 | 359510806 | LBHI |
| 124407644 | 359504046 | LBHI |
| 123984957 | 359493192 | LBHI |
| 122313612 | 359420645 | LBHI |
| 124960543 | 359522817 | LBHI |
| 124816703 | 359516251 | LBHI |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 124223660 | 359509756 | LBHI |
| 120004163 | 307675003 | LBHI |
| 124817545 | 359516257 | LBHI |
| 120014576 | 307677222 | LBHI |
| 124401258 | 359504378 | LBHI |
| 124452707 | 359516843 | LBHI |
| 124960329 | 359522826 | LBHI |
| 124960220 | 359522838 | LBHI |
| 124222431 | 359509638 | LBHI |
| 122882376 | 307716987 | LBHI |
| 124814054 | 359516332 | LBHI |
| 124841669 | 359521997 | LBHI |
| 124841388 | 359521975 | LBHI |
| 124841404 | 359521977 | LBHI |
| 124812363 | 359516279 | LBHI |
| 124841636 | 359522012 | LBHI |
| 124841396 | 359521976 | LBHI |
| 122300429 | 359420590 | LBHI |
| 122921976 | 359420766 | LBHI |
| 124227224 | 359510103 | LBHI |
| 124227265 | 359510107 | LBHI |
| 33359654 | 89001646 | LBHI |
| 124816984 | 89001994 | LBHI |
| 124121914 | 89001820 | LBHI |
| 118131960 | 89001679 | LBHI |
| 122944028 | 89001728 | LBHI |
| 121868632 | 89001715 | LBHI |
| 124407636 | 89001903 | LBHI |
| 124123845 | 89001832 | LBHI |
| 115602401 | 89001659 | LBHI |
| 123838088 | 89001790 | LBHI |
| 122612062 | 89001719 | LBHI |
| 124812918 | 89001967 | LBHI |
| 113022149 | 89001655 | LBHI |
| 124481995 | 89001914 | LBHI |
| 123948440 | 89001800 | LBHI |
| 124407909 | 89001905 | LBHI |
| 113485965 | 89001656 | LBHI |
| 122948771 | 89001735 | LBHI |
| 124403353 | 89001873 | LBHI |
| 124813692 | 89001975 | LBHI |
| 123789026 | 89001783 | LBHI |
| 123935124 | 89001792 | LBHI |
| 124811175 | 89001942 | LBHI |
| 122948730 | 89001732 | LBHI |
| 122947567 | 89001730 | LBHI |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 123790230 | 89001784 | LBHI |
| 124404203 | 89001877 | LBHI |
| 124811019 | 89001941 | LBHI |
| 124817149 | 89001996 | LBHI |
| 124402587 | 89001867 | LBHI |
| 124166281 | 6100551 | LBHI |
| 124140682 | 6095500 | LBHI |
| 123970923 | 6078759 | LBHI |
| 123303976 | 6059146 | LBHI |
| 124131145 | 124956256 | LBHI |
| 123348856 | 6014402 | LBHI |
| 123350365 | 6048940 | LBHI |
| 123356461 | 6029688 | LBHI |
| 124853078 | 126753712 | LBHI |
| 123299380 | 6049288 | LBHI |
| 124733643 | 126585824 | LBHI |
| 124853300 | 126592058 | LBHI |
| 122694961 | 6033182 | LBHI |
| 124853060 | 126688381 | LBHI |
| 105601926 | 6427565 | LBHI |
| 124405630 | 359504398 | LBHI |
| 109903781 | 8433659490 | LBHI |
| 124816604 | 359516192 | LBHI |
| 124811704 | 359516353 | LBHI |
| 123037145 | 359420807 | LBHI |
| 113284285 | 185795564 | LBHI |
| 124404435 | 359504299 | LBHI |
| 124809294 | 359516346 | LBHI |
| 124841313 | 359522025 | LBHI |
| 124408782 | 359504066 | LBHI |
| 115244998 | 1100099769 | LBHI |
| 120732656 | 195110739 | LBHI |
| 124224577 | 359509846 | LBHI |
| 120037676 | 1100180342 | LBHI |
| 123041774 | 359420661 | LBHI |
| 124409707 | 359504118 | LBHI |
| 124812132 | 359516278 | LBHI |
| 124810532 | 359516394 | LBHI |
| 124225251 | 359509914 | LBHI |
| 124222845 | 359509677 | LBHI |
| 124167321 | 125484699 | LBHI |
| 125131565 | 642501639 | LBHI |
| 117485268 | 695432666 | LBHI |
| 123936742 | 359516151 | LBHI |
| 124842147 | 359521990 | LBHI |
| 123471005 | 6067014 | LBHI |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 124224601 | 359509849 | LBHI |
| 122878416 | 307716483 | LBHI |
| 122691280 | 6023285 | LBHI |
| 124836826 | 49246937 | LBHI |
| 123168601 | 154931521 | LBHI |
| 121164214 | 56184930 | LBHI |
| 124454968 | 359517314 | LBHI |
| 124817628 | 359516263 | LBHI |
| 124401902 | 359504379 | LBHI |
| 124404369 | 359504267 | LBHI |
| 124366139 | 359510675 | LBHI |
| 124818121 | 359516229 | LBHI |
| 124810771 | 359516275 | LBHI |
| 123035396 | 359420773 | LBHI |
| 124401936 | 359504382 | LBHI |
| 124359340 | 359510464 | LBHI |
| 122959034 | 307725978 | LBHI |
| 122286032 | 359420774 | LBHI |
| 124400425 | 359503976 | LBHI |
| 124407271 | 359504036 | LBHI |
| 124811100 | 359516289 | LBHI |
| 124405465 | 359504359 | LBHI |
| 124407289 | 359504033 | LBHI |
| 124227513 | 359510136 | LBHI |
| 120290549 | 307709026 | LBHI |
| 122311335 | 359420639 | LBHI |
| 124841446 | 359522008 | LBHI |
| 123935686 | 359516141 | LBHI |
| 124842089 | 359522026 | LBHI |
| 123036147 | 359420806 | LBHI |
| 123040008 | 359420697 | LBHI |
| 119602258 | 144325917 | LBHI |
| 125111120 | 9421866 | LBHI |
| 108825761 | 6162504556 | LBHI |
| 110130929 | 8976130 | LBHI |
| 124822412 | 251942785 | LBHI |
| 111485603 | 8451226925 | LBHI |
| 107886475 | 5600590 | LBHI |
| 112929039 | 9304019 | LBHI |
| 122189061 | 195857248 | LBHI |
| 111483822 | 8471469372 | LBHI |
| 124797424 | 24559023 | LBHI |
| 124911033 | 24637621 | LBHI |
| 118686260 | 22354138 | LBHI |
| 124905183 | 24622177 | LBHI |
| 124948274 | 24665358 | LBHI |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 123519720 | 24053787 | LBHI |
| 116626771 | 20741690 | LBHI |
| 124827528 | 201030764 | LBHI |
| 124917550 | 20428017 | LBHI |
| 124925868 | 21983457 | LBHI |
| 124915224 | 21993795 | LBHI |
| 124924697 | 21984471 | LBHI |
| 124928144 | 21745625 | LBHI |
| 124929472 | 22100507 | LBHI |
| 124927344 | 21929484 | LBHI |
| 124926643 | 22009245 | LBHI |
| 124928896 | 21922182 | LBHI |
| 124926593 | 22045413 | LBHI |
| 124923574 | 22051817 | LBHI |
| 124915398 | 21974563 | LBHI |
| 124915638 | 21949029 | LBHI |
| 124917022 | 22057475 | LBHI |
| 124922857 | 22068563 | LBHI |
| 124924713 | 21910138 | LBHI |
| 124917329 | 21976055 | LBHI |
| 124931486 | 21436969 | LBHI |
| 124923137 | 22018089 | LBHI |
| 124918194 | 21939442 | LBHI |
| 124926205 | 22010870 | LBHI |
| 124920968 | 21985544 | LBHI |
| 124916115 | 21974449 | LBHI |
| 124918707 | 22044796 | LBHI |
| 124931791 | 21545264 | LBHI |
| 124917147 | 22067771 | LBHI |
| 124919663 | 21939822 | LBHI |
| 124929159 | 21884762 | LBHI |
| 124927674 | 22097018 | LBHI |
| 124915281 | 21929070 | LBHI |
| 124924085 | 22023170 | LBHI |
| 124916362 | 21957568 | LBHI |
| 124917204 | 21990221 | LBHI |
| 124921008 | 21911318 | LBHI |
| 124918996 | 21987474 | LBHI |
| 124924465 | 21955778 | LBHI |
| 124923798 | 21998034 | LBHI |
| 124931098 | 21754262 | LBHI |
| 124924861 | 21736251 | LBHI |
| 124920018 | 22052872 | LBHI |
| 124931122 | 21769195 | LBHI |
| 124923772 | 22086631 | LBHI |
| 124919895 | 20428306 | LBHI |

# Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 124927054 | 21985478 | LBHI |
| 124925421 | 22029698 | LBHI |
| 124918566 | 21976592 | LBHI |
| 124928961 | 21975156 | LBHI |
| 124925751 | 21901194 | LBHI |
| 124926254 | 22086060 | LBHI |
| 124926452 | 21584479 | LBHI |
| 124929480 | 22100101 | LBHI |
| 124919051 | 22054142 | LBHI |
| 124923392 | 22052252 | LBHI |
| 124925645 | 21913314 | LBHI |
| 124915786 | 22050389 | LBHI |
| 124923707 | 20426557 | LBHI |
| 124924077 | 21903349 | LBHI |
| 124928300 | 21894399 | LBHI |
| 124928771 | 21918628 | LBHI |
| 124926494 | 22016745 | LBHI |
| 124916867 | 21937230 | LBHI |
| 124917774 | 22046759 | LBHI |
| 124929464 | 22097083 | LBHI |
| 124926437 | 22032478 | LBHI |
| 124918210 | 21909866 | LBHI |
| 124915372 | 21987805 | LBHI |
| 124916909 | 22068605 | LBHI |
| 124927963 | 22099840 | LBHI |
| 124926619 | 22043400 | LBHI |
| 124914383 | 22049860 | LBHI |
| 124931551 | 22053623 | LBHI |
| 124929324 | 22102594 | LBHI |
| 124929936 | 22101026 | LBHI |
| 124926908 | 21953609 | LBHI |
| 124930215 | 22101141 | LBHI |
| 124914540 | 22031587 | LBHI |
| 124925504 | 21968441 | LBHI |
| 124932179 | 22096705 | LBHI |
| 124915059 | 22040125 | LBHI |
| 124915521 | 21936158 | LBHI |
| 124925454 | 21920723 | LBHI |
| 124924945 | 21902986 | LBHI |
| 124925181 | 21976105 | LBHI |
| 124926213 | 22050868 | LBHI |
| 124923566 | 21909197 | LBHI |
| 124916917 | 21915905 | LBHI |
| 124927617 | 21999339 | LBHI |
| 124924846 | 21973748 | LBHI |
| 124928748 | 21892526 | LBHI |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 124917964 | 21967930 | LBHI |
| 124930389 | 22075691 | LBHI |
| 124915851 | 21954086 | LBHI |
| 122189384 | 193562113 | LBHI |
| 117819383 | 139739544 | LBHI |
| 119603215 | 141167411 | LBHI |
| 117083022 | 3023108 | LBHI |
| 124838715 | 5367574 | LBHI |
| 123207482 | 151411436 | LBHI |
| 125110171 | 255021719 | LBHI |
| 125131672 | 641760756 | LBHI |
| 125108993 | 3660563 | LBHI |
| 120740600 | 1100202046 | LBHI |
| 125132688 | 633659446 | LBHI |
| 124820440 | 9278325 | LBHI |
| 121840656 | 1100220956 | LBHI |
| 117094375 | 3063864 | LBHI |
| 125107144 | 3227917 | LBHI |
| 125115550 | 193578069 | LBHI |
| 124822347 | 196463087 | LBHI |
| 124825456 | 1139603 | LBHI |
| 124840224 | 255151813 | LBHI |
| 124824509 | 252113576 | LBHI |
| 116886276 | 5123457 | LBHI |
| 125118836 | 5430021 | LBHI |
| 120737309 | 1100202361 | LBHI |
| 125119206 | 382551 | LBHI |
| 124836727 | 201075959 | LBHI |
| 125128009 | 630876266 | LBHI |
| 124825514 | 200868792 | LBHI |
| 124823261 | 8472128456 | LBHI |
| 124142597 | 6098105 | LBHI |
| 124823956 | 196201065 | LBHI |
| 117099861 | 3079720 | LBHI |
| 119310019 | 148519382 | LBHI |
| 112821509 | 8291543 | LBHI |
| 125117341 | 8406471 | LBHI |
| 117108555 | 2908374 | LBHI |
| 113256614 | 5753658 | LBHI |
| 117083857 | 3460276 | LBHI |
| 125120238 | 5100387751 | LBHI |
| 117820175 | 141589531 | LBHI |
| 125130773 | 644236895 | LBHI |
| 124824517 | 226278513 | LBHI |
| 121163802 | 641273727 | LBHI |
| 123920217 | 6065709 | LBHI |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 124824715 | 201935962 | LBHI |
| 122982267 | 195227103 | LBHI |
| 109895045 | 255190589 | LBHI |
| 123553042 | 24098634 | LBHI |
| 119093433 | 22647721 | LBHI |
| 124596701 | 41275603 | LBHI |
| 124534660 | 41166919 | LBHI |
| 124327198 | 99909509 | LBHI |
| 117111757 | 30484695 | LBHI |
| 117074088 | 100369743 | LBHI |
| 124550468 | 41231846 | LBHI |
| 124562174 | 41268715 | LBHI |
| 115931610 | 3897139 | LBHI |
| 124501545 | 41151168 | LBHI |
| 120023189 | 5454632 | LBHI |
| 39729959 | 40873978 | LBHI |
| 33474396 | 40870776 | LBHI |
| 120029061 | 5457148 | LBHI |
| 124324195 | 99857476 | LBHI |
| 124530999 | 41163866 | LBHI |
| 116896499 | 30379630 | LBHI |
| 113204622 | 30366082 | LBHI |
| 109864538 | 32966657 | LBHI |
| 105700736 | 31481815 | LBHI |
| 124318635 | 99794067 | LBHI |
| 113197891 | 31513468 | LBHI |
| 124324849 | 99871253 | LBHI |
| 124512609 | 41156506 | LBHI |
| 115930927 | 3894532 | LBHI |
| 116911330 | 30490510 | LBHI |
| 105845408 | 31583560 | LBHI |
| 124558412 | 41267451 | LBHI |
| 124498767 | 41149618 | LBHI |
| 124320151 | 99809436 | LBHI |
| 124500778 | 41150632 | LBHI |
| 117086702 | 30490353 | LBHI |
| 124322298 | 99828881 | LBHI |
| 119317634 | 148718174 | LBHI |
| 123976060 | 153074679 | LBHI |
| 122639073 | 152008694 | LBHI |
| 123976201 | 151727237 | LBHI |
| 123207409 | 151488731 | LBHI |
| 123973943 | 151370921 | LBHI |
| 124314303 | 99718496 | LBHI |
| 123936049 | 21438965 | LBHI |
| 124928722 | 21939640 | LBHI |

## Exhibit B - Residential Real Estate Loans

| Aurora Loan Number | Servicer Loan Number | Lender |
|---|---|---|
| 124927880 | 22101588 | LBHI |
| 124922055 | 21932579 | LBHI |
| 124925991 | 21906052 | LBHI |
| 117077263 | 100384627 | LBHI |
| 124925306 | 22016323 | LBHI |
| 124924937 | 22030431 | LBHI |
| 102531910 | 3796744 | LBHI |
| 124924895 | 21971270 | LBHI |
| 124325077 | 99876286 | LBHI |
| 122290513 | 73723692 | LBHI |
| 116906439 | 5047877 | LBHI |
| 120262118 | 325003689 | LBHI |
| 118164722 | 324607621 | LBHI |
| 122781073 | 326328853 | LBHI |
| 122765274 | 325826386 | LBHI |
| 122765340 | 325825370 | LBHI |
| 124812330 | 89001962 | LBHI |
| 124402520 | 89001865 | LBHI |
| 122584394 | 307713351 | LBHI |
| 122318199 | 359420795 | LBHI |
| 111568606 | 50246744 | LBHI |
| 20438396 | 50165443 | LBHI |
| 123781007 | 35017136 | LBHI |
| 123659542 | 38887170 | LBHI |
| 123505539 | 10816692 | LBHI |
| 124322256 | 99828444 | LBHI |
| 124329160 | 99924243 | LBHI |
| 117148205 | 21035852 | LBHI |
| 124445685 | 24439168 | LBHI |
| 124756347 | 24529042 | LBHI |
| 124400599 | 359503984 | LBHI |
| 124409178 | 359504211 | LBHI |
| 123639056 | 30479901 | LBHI |
| 115368730 | 20049961 | LBHI |
| 115216830 | 19961341 | LBHI |
| 123777047 | 35726314 | LBHI |
| 106744386 | 611159600 | LBHI |
| 120256250 | 324998806 | LBHI |
| 118192376 | 324618040 | LBHI |
| 122750508 | 325817534 | LBHI |
| 116597691 | 630057362 | LBHI |
| 122180128 | 148351505 | LBHI |
| 105035968 | 4508230 | LBHI |
| 105564876 | 8473665902 | LBHI |
| 108311564 | 8006551025 | LBHI |
| 124822099 | 42716878 | LBHI |

## **Exhibit B - Residential Real Estate Loans**

| Aurora Loan Number | Servicer Loan Number | Lender |
| --- | --- | --- |
| 108605445 | 8430858269 | LBHI |
| 107333817 | 8002630872 | LBHI |
| 125113324 | 43792092 | LBHI |
| 121164198 | 3073434015 | LBHI |
| 109060699 | 8450459592 | LBHI |
| 124814658 | 359516380 | LBHI |
| 123937088 | 89001796 | LBHI |
| 124816307 | 359516256 | LBHI |
| 124815796 | 359516207 | LBHI |
| 124818915 | 89002015 | LBHI |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                :

**In re**                :        **Chapter 11 Case No.**

                :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :      **08-13555 (JMP)**

                :

           **Debtors.**     :        **(Jointly Administered)**

                :

                :

---------------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE ESTABLISHING PROCEDURES FOR THE DEBTORS TO TRANSFER THEIR INTERESTS IN RESPECT OF RESIDENTIAL AND COMMERCIAL LOANS SUBJECT TO FORECLOSURE TO WHOLLY-OWNED NON-DEBTOR SUBSIDIARIES

Upon the motion, dated August 26, 2009 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors in possession (collectively, the "Debtors" and, together with their non-debtor

affiliates, "Lehman"), pursuant to sections 105(a) and 363(b) of title 11 of the United States

Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure for

the establishment of procedures for the Debtors to transfer their interests in respect of Real Estate

Foreclosure Loans[1] to wholly-owned non-debtor subsidiaries, all as more fully described in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the order entered

February 13, 2009 governing case management and administrative procedures for these cases

[Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the

attorneys for the official committee of unsecured creditors appointed in these cases (the

"Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service;

(v) the United States Attorney for the Southern District of New York; and (vi) all parties who

have requested notice in these chapter 11 cases, and it appearing that no other or further notice

need be provided; and a hearing (the "Hearing") having been held to consider the relief requested

in the Motion; and the Court having found and determined that the relief sought in the Motion is

in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that

the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that Debtors shall be, and hereby are, authorized to transfer

Residential Foreclosure Loans (or other loans secured by residential real estate subject to

foreclosure) or the related foreclosure judgments to Foreclosure SPEs in accordance with the

following Procedures:

a.      Without further order of the Court or approval of or notice to any party,
the Debtors may (i) transfer Residential Foreclosure Loans (or other loans secured
by residential real estate subject to foreclosure) or the related foreclosure
judgments to Foreclosure SPEs directly or indirectly wholly owned by LBHI or
Lunar, and (ii) where a Foreclosure SPE takes title to the Foreclosure Property
through execution of a deed in lieu of foreclosure, assignment in lieu of
foreclosure, or similar mechanism, grant releases to the borrowers, indemnitors,
and guarantors (to the extent the Debtors deem necessary) under such loans of all
obligations with respect to such loans.

b.    To the extent the Debtors seek to sell one or more Residential Real Estate Loans and/or residential Foreclosure Properties held by a Foreclosure SPE, or for that matter an entire Foreclosure SPE holding Residential Real Estate Loans or residential Foreclosure Properties, in one or more related transactions to the same purchaser (a "Residential Portfolio Sale") the aggregate value or purchase price of which is less than $10,000,000.00, the Debtors may sell such Residential Real Estate Loans or residential Foreclosure Properties or Foreclosure SPEs holding Residential Real Estate Loans or residential Foreclosure Properties without further order of the Court or approval of any other party; *provided, however*, that the Debtors will provide notice to the Creditors' Committee of such Residential Portfolio Sale following the closing of the Residential Portfolio Sale.

c.    With respect to a Residential Portfolio Sale where (1) the aggregate value or purchase price of the Residential Real Estate Loans and residential Foreclosure Properties included in such Residential Portfolio Sale is equal to or greater than $10,000,000.00 but less than $25,000,000.00, (2) the purchase price of the Residential Real Estate Loans and residential Foreclosure Properties included in such Residential Portfolio Sale is less than 50% of the aggregate value of the Residential Real Estate Loans and residential Foreclosure Properties included in such Residential Portfolio Sale, or (3) purchaser is a person employed by the Debtors at any time on or after September 15, 2007, or an entity unaffiliated with the Debtors for which a person employed by the Debtors at any time on or after September 15, 2007 is materially involved in the negotiations of the purchase of such loan, the Debtors will submit to the Creditors' Committee a summary of the proposed sale transaction identifying (i) the Residential Real Estate Loans and Foreclosure Properties included in the Residential Portfolio Sale, (ii) the aggregate face value of the Residential Real Estate Loans and Foreclosure Properties included in the Residential Portfolio Sale, (iii) the proposed purchaser of the Residential Real Estate Loans and Foreclosure Properties in the Residential Portfolio Sale, (iv) the purchase price, and (v) the material terms and conditions of the proposed Residential Portfolio Sale (the "Residential Portfolio Sale Summary"). The Creditors' Committee will be required to submit any objections to a Residential Portfolio Sale identified in a Residential Portfolio Sale Summary, so as to be received by the Debtors on or before ten (10) business days after service of such Residential Portfolio Sale Summary. In the event that the Creditors' Committee objects to a Residential Portfolio Sale set forth in a Residential Portfolio Sale Summary, the Debtors may attempt to resolve the objection by furnishing the Creditors' Committee with additional information to demonstrate the reasonableness of the proposed Residential Portfolio Sale. If the Debtors and the Creditors' Committee are unable to consensually resolve the objection, the Debtors may transfer the subject Residential Real Estate Loans or residential Foreclosure Properties from the Foreclosure SPE holding said Residential Real Estate Loans or residential Foreclosure Properties to LBHI and file a motion with the Court seeking approval of the Residential Portfolio Sale.

d.    For any Residential Portfolio Sale where the aggregate value or purchase price of the Residential Real Estate Loans and residential Foreclosure Properties

included in such Residential Portfolio Sale is equal to or greater than $25,000,000.00, the Debtors will be required to file a motion with the Court seeking approval of the Residential Portfolio Sale and, to the extent deemed necessary by the Debtors, the Debtors may, without approval or notice, transfer the subject Residential Real Estate Loans or residential Foreclosure Properties to LBHI in order to seek Court approval of the Residential Portfolio Sale;

and it is further

ORDERED that Debtors shall be, and hereby are, authorized to transfer Commercial Foreclosure Loans (or other loans secured by commercial real estate subject to foreclosure) or the related foreclosure judgments to Foreclosure SPEs in accordance with the following procedures:

a.      Without further order of the Court or approval of or notice to any party, the Debtors may (i) transfer Commercial Foreclosure Loans (or other loans secured by commercial real estate subject to foreclosure) or the related foreclosure judgments to Foreclosure SPEs directly or indirectly wholly owned by LBHI or Lunar, and (ii) where a Foreclosure SPE takes title to the Foreclosure Property through execution of a deed in lieu of foreclosure, assignment in lieu of foreclosure, or similar mechanism, grant releases to the borrowers, indemnitors, and guarantors (to the extent the Debtors deem necessary) under such loans of all obligations with respect to such loans.

b.      To the extent the Debtors seek to sell a Foreclosure Property underlying a Commercial Foreclosure Loan ("Commercial Foreclosure Property") held by a Foreclosure SPE, or an entire Foreclosure SPE holding a Commercial Foreclosure Property (a "Commercial Property Sale"), if the Mark-to-Market Carrying Value[2] of the Real Estate Loan securing the Commercial Foreclosure Property is less than $10,000,000.00, the Debtors may sell such Commercial Foreclosure Property or Foreclosure SPE holding a Commercial Foreclosure Property without further order of the Court or approval of any other party; *provided, however*, that the

---

[2] "Mark-to-Market Carrying Value" as used herein shall mean the mark-to-market carrying value on the Debtors' records of any Real Estate Loan securing the Commercial Foreclosure Property as of December 31, 2008, or as otherwise agreed to by the Creditors' Committee; provided however, if (i) the mark-to-market carrying value of any Real Estate Loan securing the Commercial Foreclosure Property on the Debtors' records as of December 31, 2008 is less than or equal to 50% of mark-to-market carrying value of such Real Estate Loan securing the Commercial Foreclosure Property on the Debtors' records as of September 17, 2008, and (ii) the mark-to-market carrying value of any Real Estate Loan is not otherwise agreed to by the Creditors' Committee, the Mark-to-Market Carrying Value for the purposes of this Order shall be the mark-to-market carrying value of such Real Estate Loan securing the Commercial Foreclosure Property on the Debtors' records as of September 17, 2008.

Debtors will provide notice to the Creditors' Committee of such Commercial Property Sale following the closing of the Commercial Property Sale.

c.      If the Commercial Property Sale involves the sale of Commercial Foreclosure Property secured by a Real Estate Loan and (1) the Mark-to-Market Carrying Value of the Real Estate Loan securing the Commercial Foreclosure Property is equal to or greater than $10,000,000.00 but less than $25,000,000.00, (2) the purchase price of Commercial Foreclosure Property secured by a Real Estate Loan is less than 50% of the Mark-to-Market Carrying Value of the Real Estate Loan securing the Commercial Foreclosure Property, or (3) the purchaser is a person employed by the Debtors at any time on or after September 15, 2007, or an entity unaffiliated with the Debtors for which a person employed by the Debtors at any time on or after September 15, 2007 is materially involved in the negotiations of the purchase of such loan or property, the Debtors will submit to the Creditors' Committee a summary of the proposed sale transaction identifying (i) the Commercial Foreclosure Property, (ii) the Mark-to-Market Carrying Value of the Real Estate Loan underlying the Commercial Foreclosure Property, (iii) the proposed purchaser of the Commercial Foreclosure Property, (iv) the purchase price, and (v) the material terms and conditions of the proposed Commercial Property Sale (the "Commercial Property Sale Summary"). The Creditors' Committee will be required to submit any objections to a Commercial Property Sale identified in a Commercial Property Sale Summary, so as to be received by the Debtors on or before ten (10) business days after service of such Commercial Property Sale Summary. In the event that the Creditors' Committee objects to a Commercial Property Sale set forth in a Commercial Property Sale Summary, the Debtors may attempt to resolve the objection by furnishing the Creditors' Committee with additional information to demonstrate the reasonableness of the proposed Commercial Property Sale. If the Debtors and the Creditors' Committee are unable to consensually resolve the objection, the Debtors may transfer the subject Commercial Foreclosure Property from the Foreclosure SPE holding said Commercial Foreclosure Property to LBHI and file a motion with the Court seeking approval of the Commercial Property Sale.

d.      For any Commercial Property Sale where the Mark-to-Market Carrying Value of the Real Estate Loan securing the Commercial Foreclosure Property is equal to or greater than $25,000,000.00, the Debtors will be required to file a motion with the Court seeking approval of the Commercial Property Sale and, to the extent deemed necessary by the Debtors, the Debtors may, without further approval or notice, transfer the subject Commercial Foreclosure Property to LBHI in order to seek Court approval of the Commercial Property Sale;

and it is further

ORDERED that with respect to all Real Estate Foreclosure Loan transfers to

Foreclosure SPEs carried out in accordance with the procedures set forth above, the Debtors will

provide the Committee on a quarterly basis a report of such transfers, identifying the Real Estate

Foreclosure Loans or related foreclosure judgments that have been transferred during the

quarterly period, the Foreclosure SPEs to which such Real Estate Foreclosure Loans have been

transferred, and the disposition, if any, of the Real Estate Foreclosure Loans and/or the

Foreclosure Property underlying such Real Estate Foreclosure Loans; and it is further

ORDERED that the Debtors are authorized to execute such documents or other

instruments and carry out all other actions as may be necessary to transfer Real Estate

Foreclosure Loans to Foreclosure SPEs and dispose of Real Estate Foreclosure Loans and

Foreclosure Property, including through Commercial Property Sales and Residential Portfolio

Sales, in accordance with this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation and/or enforcement of this

Order.

Dated: September __, 2009
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE