UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    08-13555 (JMP)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AUTHORIZING AND APPROVING SETTLEMENT WITH LEHMAN RE LTD.

Upon the motion, dated August 5, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI" and, together with LBHI and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession, the "Debtors"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to enter into and approval of a settlement pursuant to an agreement substantially consistent with the form agreement annexed to the Motion as Exhibit A (the "Settlement Agreement"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in

the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to Lehman Re and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion and on the record establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

FOUND AND DETERMINED that, based on factual and legal bases set forth in the Motion, the Mortgage Loans (as defined in the Settlement Agreement) are not and were not property of LBHI's estate or LCPI's estate; and it is further

FOUND AND DETERMINED that, based on factual and legal bases set forth in the Motion, neither LBHI nor LCPI have assumed or assumed and assigned nor will assume or assume and assign that certain Master Repurchase Agreement, dated as of July 9, 1999, by and among LCPI, Lehman Brothers Inc. ("LBI") and Lehman Re Ltd. ("Lehman Re") pursuant to the Bankruptcy Code, including section 365 thereof, in connection herewith or with the Settlement Agreement or any of the transactions contemplated thereby; and it is further

ORDERED that, pursuant to sections 105 and Bankruptcy Rule 9019, the Settlement Agreement is approved, and LCPI and LBHI are duly authorized to (i) enter into an agreement substantially consistent with the Settlement Agreement and to consummate all of the

transactions contemplated thereby and (ii) execute and deliver such assignments, allonges, conveyances, and other documents, and instruments of transfer and to take such other actions as may be reasonably necessary to consummate the Settlement Agreement, it being understood that any actions described in this paragraph taken by the Debtors or their affiliates may be taken without the necessity of any further Court proceedings or approval and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that the Settlement Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, *provided* that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates; and it is further

ORDERED that, pursuant to and to the extent provided by the terms of the Settlement Agreement, Lehman Re shall assume all of the obligations of LBHI, LCPI and Lehman ALI Inc. as lender arising from the documents evidencing the Mortgage Loans as of September 17, 2008, and thereafter; and it is further

ORDERED that nothing in the Motion, Settlement Agreement or herein shall affect or be construed as affecting the rights of LBI arising from or relating to any transactions entered into by it under the Initial MRA or the MRA (as respectively defined in the Motion) or the right of LBI to pursue Claims (as defined in he Motion) arising from or relating to the Initial MRA or the MRA, LBHI, LCPI, Lehman Re and their respective affiliates having agreed that they shall not assert a defense, including but not limited to res judicata and collateral estoppel, to any Claim asserted by LBI based upon this Order approving the Motion and the Settlement Agreement; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
August 27, 2009

*s/ James M .Peck*
Honorable James M. Peck
United States Bankruptcy Judge