**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                  :

**In re**                              :        **Chapter 11 Case No.**
                                    :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :        **08-13555 (JMP)**
                                    :

                  **Debtors.**        :        **(Jointly Administered)**
                                    :
-------------------------------------------------------------------x

<u>**ORDER GRANTING LBHI'S MOTION PURSUANT TO**
**SECTIONS 105(a) AND 364 OF THE BANKRUPTCY CODE AUTHORIZING**
**LBHI TO GRANT FIRST PRIORITY LIENS IN CASH COLLATERAL POSTED**
**IN CONNECTION WITH A SURETY BOND AGREEMENT WITH**
**TRAVELERS**</u>

Upon the motion, dated August 11, 2009 (the "<u>Motion</u>"), of Lehman

Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "<u>Debtors</u>" and,

together with their non-debtor affiliates, "<u>Lehman</u>"), pursuant to sections 105 and 364 of

the Bankruptcy Code, for authorization to grant first priority liens to Travelers Casualty

and Surety Company of American and its subsidiaries and affiliates (collectively,

"<u>Travelers</u>") in a cash securities account under the control of Travelers of up to $10

million (the "<u>Cash Collateral</u>") in connection with a revolving surety bond facility (the

"<u>Surety Bond Agreement</u>"), all as more fully described in the Motion; and the Court

having jurisdiction to consider the Motion and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy

Judges for the Southern District of New York Any and All Proceedings Under Title 11,

dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and

proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (ii) the attorneys for the Official Creditors' Committee (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Travelers; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a Certificate of No Objection having been filed; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that LBHI is hereby authorized, pursuant to section 364(c)(2) of the Bankruptcy Code, to enter into, and perform under, the Surety Bond Agreement and to post Cash Collateral up to $10 million in accordance with the terms of the Surety Bond Agreement; and it is further

ORDERED that LBHI is authorized to grant Travelers a first priority lien in the Cash Collateral; and it is further

ORDERED that the Debtors are hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or

2

appropriate to implement and effectuate the Surety Bond Agreement and the granting of

the first priority liens in the Cash Collateral to Travelers; and it is further

ORDERED, that Travelers is granted relief from the automatic stay, as

may be necessary, upon five business days' notice to the Debtors, the Creditors'

Committee and the U.S. Trustee, to cancel any Bond in accordance with the terms of such

Bond and the Surety Bond Agreement and to draw upon the Cash Collateral in

accordance with the terms of the Surety Bond Agreement; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to the implementation and/or interpretation of this

Order.

Dated: New York, New York
       August 27, 2009

_____ *s/ James M. Peck* _____
Honorable James M. Peck
United States Bankruptcy Judge