UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11 Case<br><br>No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**NOTICE OF PRESENTMENT OF FIELD POINT IV S.À.R.L.'S REQUEST PURSUANT TO RULE 28(b)(1)(B) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 9014 AND 7028 FOR A LETTER OF REQUEST FOR AN EXAMINATION OUTSIDE OF THE JURISDICTION**

PLEASE TAKE NOTICE that the attached Request Pursuant to Rule 28(b)(1)(B) and Federal Rules of Bankruptcy Procedures 9014 and 7028 for a Letter of Request for an Examination Outside of the Jurisdiction (the "Request") will be presented to the Honorable James M. Peck, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for approval on September 8, 2009, at 12:00 Noon (the "Presentment Date").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested in the Request must comply with the Federal Rules of Bankruptcy Procedure, must set forth in writing a description of the basis therefore, must be filed in accordance with the Local Bankruptcy Rules for the Southern District of New York, must comply with the Case Management Order entered in these chapter 11 cases, and must be filed with the Bankruptcy Court and received in the chambers of the Honorable Judge James M. Peck, United States Bankruptcy Court and by the undersigned not later than 12:00 Noon on September 7, 2009 (the "Objection Deadline"). Unless

1

objections are served and received by the Objection Deadline, the Bankruptcy Court may grant the relief sought in the Request on the Presentment Date without a hearing.

PLEASE TAKE FURTHER NOTICE that if a written objection is timely served and filed and the Court determines that a hearing is necessary, a hearing will be held at the United States Bankruptcy Court for the Southern District of New York in the courtroom of the Honorable Judge James M. Peck on September 16, 2009 at 10:00 am (Prevailing Eastern Time). The moving and objecting parties are required to attend the hearing, failure to appear may result in relief being granted or denied upon default.

Dated: August 31, 2009
      New York, New York

                                        Respectfully submitted,

                                        /s/ Neil S. Binder_____
                                        Neil S. Binder
                                        RICHARDS KIBBE & ORBE LLP
                                        One World Financial Center
                                        New York, New York 10281-1003
                                        Telephone: (212) 530-1800
                                        Facsimile: (212) 530-1801

                                        *Counsel for Field Point IV S.à.r.l.*

To:    Counsel for Debtors
        Office of the U.S. Trustee
        Counsel for Committee of Unsecured Creditors
        All parties receiving electronic notice hereof

**Presentment Date: September 8, 2009 at 12:00 pm (Prevailing Eastern Time)**
**Objection Deadline: September 7, 2009 at 12:00 pm  (Prevailing Eastern Time)**

RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, NY 10281
Telephone: (212) 530-1800
Facsimile: (212) 530-1801
Neil S. Binder

*Counsel for Field Point IV S.à.r.l.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11 Case<br><br>No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**FIELD POINT IV S.À.R.L.'S REQUEST PURSUANT TO RULE 28(b)(1)(B) AND
FEDERAL RULES OF BANKRUPTCY PROCEDURE 9014 AND 7028 FOR A LETTER
OF REQUEST FOR AN EXAMINATION OUTSIDE OF THE JURISDICTION**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Field Point IV S.à.r.l. ("Field Point") hereby requests that the Court, pursuant to Rule 28 of the Federal Rules of Civil Procedure, made applicable by Rules 9014 and 7028 of the Federal Rules of Bankruptcy Procedure, issue a letter of request to the High Court of Justice of England and Wales, The Royal Courts of Justice, Strand, London WC2A 2LL for an examination outside of the jurisdiction of George Perry, who resides outside of the jurisdiction of this Court.

3

**FACTS**

A.    <u>Debtor's Motion and Field Point's Objection</u>

    1.    Field Point and Lehman Commercial Paper Inc. ("LCPI") are parties to a Loan Market Association ("LMA") distressed trade confirmation, dated July 14, 2008, for the sale of certain loans made to Pertus Sechzehnte GmBH ("Pertus") (the "July 14 Confirmation"). Field Point and LCPI are also parties to a LMA par trade confirmation, dated August 4, 2008, for the sale of loans made to Pertus (the "August 4 Confirmation," and together with the July 14 Confirmation, the "Trade Confirmations"). *See* Declaration of Neil S. Binder ("Binder Decl."), Exhibit A, Amended Stipulation and Order Regarding Discovery ("Amended Stipulation") at ¶ 1.

    2.    On November 14, 2008, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors") filed Debtors' Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations (the "Debtors' Motion"), wherein Debtors requested, pursuant to section 365(a) of the Bankruptcy Code, Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York, an order approving the assumption of the open Trade Confirmations that it had entered into, but had not yet consummated and settled, with Field Point. *Id.* at ¶ 2.

    3.    On November 26, 2008, in relevant part, Field Point objected to the Debtors' Motion on the ground that the disputed trades were terminated prepetition and therefore could not be assumed by the Debtor. *Id.* at ¶ 3.

4. Specifically, Field Point contends that LCPI refused to close the open trades and that such refusal constituted a material breach of the Trade Confirmations amounting to a repudiation of those contracts. Accordingly, when on September 30, 2008, Field Point advised LCPI that Field Point was terminating the agreements because of LCPI's repudiation, the contracts were no longer in force. Because the termination occurred prior to LCPI's October 5, 2008 bankruptcy petition, the Trade Confirmations were not the proper subject of a motion to assume.

5. The parties are currently in discovery with regards to this contested matter. Documents have been exchanged, and depositions are scheduled to begin in the second week in September.

B. George Perry, Who Resides in the United Kingdom, Is a Key Witness

6. It is Field Point's position that under English law, if LCPI was unwilling or unable to close the open trades, such refusal constituted a material breach of the Trade Confirmations amounting to a repudiation of those contracts. Thus, Field Point had the right to terminate the Trade Confirmations prepetition. Therefore, one of the key disputes is whether, as Field Point contends, LCPI was unwilling or unable to close the trades.

7. In opposition to Field Point's claim, LCPI has taken the position that LCPI always intended to close the trades and that this intent was communicated to Field Point. Amended Stipulation at ¶ 6. In fact, LCPI seeks to shift its failure to close the trades to Field Point, contending that "[t]hroughout the month of August, Lehman made repeated attempts to settle the Confirmations. However, because Field Point refused to execute the necessary documentation to settle the Confirmations, they remained open." *Id.* at ¶ 4. Discovery to date contradicts this

5

assertion, and George Perry is a key witness to the facts and circumstances pertaining to the dispute.

8. In or about August through October 2008, Mr. Perry was the individual at LCPI with responsibility for closing the trades between the parties. He was Field Point's primary contact at LCPI regarding the trades, and he was the primary contact for Robin Fujiwara, the person at Field Point responsible for closing the trades at issue in this dispute. Mr. Perry is no longer employed by any Lehman entity.

9. Among other things, Mr. Perry is expected to be able to provide testimony on whether LCPI was willing and able to close the trades and to refute LCPI's contention that it was Field Point that refused to settle the Confirmations. For instance, Mr. Perry received multiple emails from Field Point seeking to advance the process of closing the trades, yet Mr. Perry failed to respond. On August 26, 2008, Ms. Fujiwara sent Mr. Perry executed assignment agreements with respect to the August 4 Confirmation and asked that LCPI execute these transfer documents. *See* Binder Decl., Ex. B (email chain). Over the course of the next several days, Ms. Fujiwara made repeated inquiries to Mr. Perry to secure the executed transfer documents. On August 28, 2008, Ms. Fujiwara sent Mr. Perry an email regarding the status of the transfer documents. *Id.* On September 1, 2008, Ms. Fujiwara sent Mr. Perry an email, asking, "[h]ave you been able to obtain Lehman's signatures to the Mauser [also known as "Pertus"] docs as of yet? I would like to get these into (sic) the agent sooner rather than later so that we can aim to get these done by the end of the week." *Id.* On September 2, 2008, Ms. Fujiwara sent Mr. Perry an email asking, "George, Any word on this?" *Id.* On September 3, 2008, Ms. Fujiwara sent another email to Mr. Perry, stating, "George, I'm sorry to have to keep chasing you on this but

6

we need to get this settled ASAP. Please can you respond with what the hold-up is with Lehman at this time?" *Id.*

10. As the emails quoted above make plain, Mr. Perry was directly involved in the transaction giving rise to this dispute. In fact, his failure to respond to Field Point's efforts to obtain executed documents is a key issue in this case that will (i) refute LCPI's contention that Field Point, and not LCPI, was delaying the close of the trade, and (ii) provide important evidence concerning LCPI's willingness and ability to close the transaction.

## RELIEF REQUESTED

11. Field Point respectfully requests that this Court sign and place the Court's seal on a Letter of Request for Examination Outside of the Jurisdiction substantially in the form attached hereto as Exhibit A (the "Letter of Request") in order to permit LCPI to obtain an oral examination of Mr. Perry outside of the jurisdiction. Such order is in the interest of justice and is essential to the resolution of matters in this litigation.

12. Debtors have consented to this request for execution upon notice of presentment and the relief requested herein.

## ARGUMENT

A. <u>Because the Testimony Sought from Mr. Perry is Relevant to this Dispute, this Court Should Request that the Appropriate Foreign Authority Compel Him to Provide Testimony</u>

13. This Court should issue a letter of request to the High Court of Justice of England and Wales requesting that it compel the deposition of Mr. Perry. Rule 28(b) of the Federal Rules of Civil Procedure (incorporated by Bankruptcy Rules 9014 and 7028) provides that "[a]

7

deposition may be taken in a foreign country (A) under an applicable treaty or convention; (B) under a letter of request, whether or not captioned a 'letter rogatory.'" The United States and the United Kingdom, where Mr. Perry resides, are both parties to the Hague Evidence Convention, which provides a mechanism by which a non-party witness located abroad may be compelled to testify. *See* The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, opened for signature, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444. Application for a letter of request to take testimony pursuant to the Hague Evidence Convention is an appropriate method of obtaining discovery from a non-party witness in a foreign country. *See e.g., Metso Minerals Inc. v. Powerscreen Int'l Distrib. Ltd.,* cv-06-1446, 2007 U.S. Dist. LEXIS 51010, at *7 (E.D.N.Y. June 25, 2007); *c.f. Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct. S.D. Iowa*, 482 U.S. 522, 541 (1987) (Hague Evidence Convention applies to third party witnesses).

14.   A party seeking discovery through the Hague Evidence Convention must demonstrate that proceeding in this manner is "necessary and appropriate." *Metso*, 2007 U.S. Dist. LEXIS 51010, at *4. "That burden is not great, however, since the [Hague Evidence Convention] procedures are available whenever they will facilitate the gathering of evidence by the means authorized in [that treaty.]" *Id*. at *5. A letter of request pursuant to the Hague Evidence Convention may issue where the witness sought is not subject to the jurisdiction of the requesting court and the testimony sought is relevant to the litigation. *Id*. at *7.

15.   Here, the Court should issue a letter of request because Mr. Perry resides outside of the jurisdiction of this Court and because his role as the key LCPI contact for the disputed trades renders his expected testimony relevant to the instant litigation. Accordingly, a letter

8

requesting that Mr. Perry be compelled to provide oral testimony is necessary and appropriate at this juncture. *See e.g.*, *Metso*, 2007 U.S. Dist. LEXIS 51010, at *7-8 (granting motion to issue letter of request to obtain deposition of witness located in the United Kingdom where requested testimony was "relevant" to the litigation); *S.E.C. v. Leslie,* C-07-03444, 2009 U.S. Dist. LEXIS 24737, at *9-11 (N.D. Ca. Mar. 16, 2009) (same). Whether the request will ultimately be executed, of course, is "best left to the judicial authorities in the United Kingdom"; what is clear, however, is that because Mr. Perry is a key witness in this litigation, a letter should issue at this time. *Metso*, 2007 U.S. Dist. LEXIS 51010, at *8.

16. Mr. Perry, who resides in the United Kingdom, was the primary contact at LCPI for the disputed trades. Documents cited in this motion demonstrate that he has first-hand knowledge of the matters at issue in this litigation.

17. Field Point seeks oral testimony from Mr. Perry regarding his position and duties at Lehman, his personal knowledge of the Pertus transactions, and his knowledge of LCPI's practices regarding open trades in the weeks just prior to LCPI's filing for bankruptcy. All of this testimony is relevant to the issues in this litigation and relevant to the trial of this dispute.

WHEREFORE, Field Point respectfully requests that this Court sign the Letter of Request and grant such other and further relief as may be just and proper.

Dated: August 31, 2009
       New York, New York

                              RICHARDS KIBBE & ORBE LLP

                              /s/ Neil S. Binder

                              Neil S. Binder
                              One World Financial Center
                              New York, NY 10281
                              Telephone: (212) 530-1800
                              Facsimile: (212) 530-1801

                              *Counsel for Field Point IV S.à.r.l.*