**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11 Case<br><br>No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**LETTER OF REQUEST FOR EXAMINATION OUTSIDE OF THE JURISDICTION**

To the High Court of Justice of England and Wales, Royal Courts of Justice:

1.      I, the Honorable James M. Peck, United States Bankruptcy Judge for the United States Bankruptcy Court of the Southern District of New York, respectfully request international judicial assistance to obtain evidence to be used in connection with a dispute before this Court in the above-captioned matter.  The United States Bankruptcy Court for the Southern District of New York is located at One Bowling Green, New York, New York, 10004-2870.

2.      This Request is being made to the High Court of Justice of England and Wales, Royal Courts of Justice, Strand, London WC2A 2LL.

3.      A copy of the executed request should be returned to the English solicitors for Field Point IV S.à.r.l.: Richards Kibbe & Orbe LLP, Broadgatewest, 9 Appold Street, London EC2A 2AP (Attention: Carl Winkworth).

4.      In conformity with Article 3 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention")

2

(a) the requesting judicial authority (the "Requesting Authority") is the United States Bankruptcy Court for the Southern District of New York, the Honoroble James M. Peck;

(b) the competent authority is the High Court of Justice of England and Wales, Royal Courts of Justice.

5. This case is a civil proceeding pending before the Requesting Authority. The Requesting Authority seeks assistance of the High Court to obtain oral testimony for use at a trial in this action, from the following individual known to be residing in the United Kingdom: George Perry, c/o Nomura International Plc, 25 Bank Street, London E14 5LE, England.

**Parties**

6. The parties to the litigation are Field Point IV S.à.r.l. ("Field Point"), 100 West Putnam Avenue, Greenwich, Connecticut 06830, represented by Neil S. Binder, Esq. of Richards Kibbe & Orbe, LLP, One World Financial Center, New York, New York, 10281 and Lehman Commercial Paper Inc. ("LCPI") and its affiliated debtor, Lehman Brothers Holdings, Inc. (together, the "Debtors", and collectively with their debtor and non-debtor affiliates, "Lehman"), c/o Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York, 10153, represented by Richard L. Levine of Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York, 10153.

**Nature and Purpose of the Proceedings**

7. Field Point and Lehman Commercial Paper Inc. ("LCPI") are parties to a Loan Market Association ("LMA") distressed trade confirmation, dated July 14, 2008, for the sale of certain loans made to Pertus Sechzehnte GmBH ("Pertus") (the "July 14 Confirmation"). Field

Point and LCPI are also parties to a LMA par trade confirmation, dated August 4, 2008, for the sale of loans made to Pertus (the "August 4 Confirmation," and together with the July 14 Confirmation, the "Trade Confirmations"). See Motion Seeking a Letter of Request (the "Motion") at ¶ 1.

8.     On November 14, 2008, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors") filed Debtors' Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations (the "Debtors' Motion"), wherein Debtors requested, pursuant to section 365(a) of the Bankruptcy Code, Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York, an order approving the assumption of the open Trade Confirmations that it had entered into, but had not yet consummated and settled, with Field Point. See Motion at ¶ 2.

9.     On November 26, 2008, in relevant part, Field Point objected to the Debtors' Motion on the ground that the disputed trades were terminated prepetition and therefore could not be assumed by the Debtor. *Id.* at ¶ 3.

10.    Specifically, Field Point contends that LCPI refused to close the open trades and that such refusal constituted a material breach of the Trade Confirmations amounting to a repudiation of those contracts. Accordingly, when on September 30, 2008, Field Point advised LCPI that Field Point was terminating the agreements because of LCPI's repudiation, the contracts were no longer in force. Because the termination occurred prior to LCPI's October 5,

2008 bankruptcy petition, the Trade Confirmations were not the proper subject of a motion to assume. *Id.* at ¶ 4.

11. The parties are currently in discovery with regards to this contested matter. Documents have been exchanged, and depositions are scheduled to begin in the second week in September. *Id.* at ¶ 5.

12. It is Field Point's position that under English law, if LCPI was unwilling or unable to close the open trades, such refusal constituted a material breach of the Trade Confirmations amounting to a repudiation of those contracts. Thus, Field Point had the right to terminate the Trade Confirmations prepetition. Therefore, one of the key disputes is whether, as Field Point contends, LCPI was unwilling or unable to close the trades. *Id.* at ¶ 6.

13. In opposition to Field Point's claim, LCPI has taken the position that LCPI always intended to close the trades and that this intent was communicated to Field Point. In fact, LCPI seeks to shift its failure to close the trades to Field Point, contending that "[t]hroughout the month of August, Lehman made repeated attempts to settle the Confirmations. However, because Field Point refused to execute the necessary documentation to settle the Confirmations, they remained open." *Id.* at ¶ 7. Discovery to date contradicts this assertion, and George Perry is a key witness to the facts and circumstances pertaining to the dispute.

14. In or about August through October 2008, Mr. Perry was the individual at LCPI with responsibility for closing the trades between the parties. He was Field Point's primary contact at LCPI regarding the trades and he was the primary contact for Robin Fujiwara, the person at Field Point responsible for closing the trades at issue in this dispute. Mr. Perry is no longer employed by any Lehman entity. *Id.* at ¶ 8.

15. Among other things, Mr. Perry is expected to be able to provide testimony on whether LCPI was willing and able to close the trades and to refute LCPI's contention that it was Field Point that refused to settle the Confirmations. For instance, Mr. Perry received multiple emails from Field Point seeking to advance the process of closing the trades, yet Mr. Perry failed to respond. On August 26, 2008, Ms. Fujiwara sent Mr. Perry executed assignment agreements with respect to the August 4 Confirmation and asked that LCPI execute these transfer documents. *Id.* at ¶ 9. Over the course of the next several days, Ms. Fujiwara made repeated inquiries to Mr. Perry to secure the executed transfer documents. On August 28, 2008, Ms. Fujiwara sent Mr. Perry an email regarding the status of the transfer documents. *Id.* at ¶ 9. On September 1, 2008, Ms. Fujiwara sent Mr. Perry an email, asking, "[h]ave you been able to obtain Lehman's signatures to the Mauser [also known as Pertus] docs as of yet? I would like to get these into (sic) the agent sooner rather than later so that we can aim to get these done by the end of the week." *Id.* at ¶ 9. On September 2, 2008, Ms. Fujiwara sent Mr. Perry an email asking, "George, Any word on this?" *Id.* at ¶ 9. On September 3, 2008, Ms. Fujiwara sent another email to Mr. Perry, stating, "George, I'm sorry to have to keep chasing you on this but we need to get this settled ASAP. Please can you respond with what the hold-up is with Lehman at this time?" *Id.* at ¶ 9.

16. As the emails quoted above make plain, Mr. Perry was directly involved in the transaction giving rise to this dispute. In fact, his failure to respond to Field Point's efforts to obtain executed documents is a key issue in this case that will (i) refute LCPI's contention that Field Point, and not LCPI, was delaying the close of the trade, and (ii) provide important evidence concerning LCPI's willingness and ability to close the transaction.

**Evidence to Be Obtained**

17.     Specifically, the categories of testimony sought from Mr. Perry will be as follows:

(a)     his position, duties, and responsibilities at LCPI;

(b)     his knowledge of and involvement with the Pertus trades;

(c)     his knowledge of and experience with the Clearpar Electronic Loan Settlement System, both generally and in connection with the Pertus trades;

(d)     his knowledge of LCPI's ability or willingness to close the Pertus trades or settle any transactions in the period from August 1, 2008-October 5, 2008;

(e)     his knowledge of any decisions or directives by individuals at LCPI or its affiliates concerning the closing of any trades with counterparties;

(f)     his knowledge of any internal discussions at LCPI regarding LCPI's impending bankruptcy in the period from August 1, 2008-October 5, 2008;

(g)     his knowledge of any effect of the bankruptcy of any Lehman entity upon LCPI's ability or willingness to close the Pertus trades or settle any transactions;

(h)     his knowledge of any effect of the bankruptcy of any Lehman entity upon Mr. Perry's ability, position, duties, and responsibilities at LCPI;

(i)     his knowledge of Field Point's letters of September 30, 2008 terminating the trade confirmations.

18. It is necessary for the purposes of justice and for the due determination of the matters in dispute between the parties that you cause Mr. Perry, who is resident within your jurisdiction, to be examined.

**Procedure**

19. It is respectfully requested, with respect to examination of Mr. Perry:

(a) An examiner or other appropriate judicial officer of England direct that the witness be duly sworn and/or given an oath and affirmation in accordance with the applicable procedure under English law and that his testimony be taken orally and be recorded verbatim and transcribed in writing and that the transcript of the testimony be authenticated. It is also requested that the witness sign the transcript of his testimony and that the signed, transcribed testimony together with any documents marked as exhibited be transmitted to Field Point's representative at the examination or as soon as possible thereafter.

(b) It is also requested that counsel for the parties to the action, their agents and/or English counsel on behalf of the witness as are agreed between the parties be permitted to attend the examination.

20. It is requested that Mr. Perry give his testimony on September 22, 2009 at 9:30 a.m. at Richards, Kibbe & Orbe LLP, Broadgate West, 9 Appold Street, London, England, EC2A 2AP.

21. The fees and costs incurred which may be reimbursable under the second paragraph of Article 14 of the Hague Evidence Convention and the fees and costs occasioned by the use of the special procedure requested in Article 26 of the Hague Evidence Convention being the fees and costs in connection with the execution of this Letter of Request, for the service of process necessary to secure the testimony and documents requested will be borne by Field Point.

22. The evidence sought is intended for use at trial.

Done in Chambers in New York, New York this ___ day of ___ 2009.

_____
The Honorable James M. Peck
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408
Chambers: (212) 668-5632

[Seal of Court]

(Enclosures)