# EXHIBIT A

08-13555 [Dkt. No. 3985]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11 Case<br><br>No. 08-13555 (JMP)<br><br>(Jointly Administered) |

## AMENDED STIPULATION AND ORDER REGARDING DISCOVERY

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors" and, collectively with their debtor and non-debtor affiliates, "Lehman") and Field Point IV S.à.r.l. ("Field Point") hereby submit the following Amended Joint Pre-Trial Order for the Bankruptcy Court's consideration:

## BACKGROUND AND PROCEDURAL HISTORY

1. Field Point and LCPI are parties to a Loan Market Association ("LMA") distressed trade confirmation, dated July 14, 2008, for the sale of certain loans made to Pertus Sechzehnte GmbH ("Pertus") (the "July 14 Confirmation"). Field Point and LCPI are also parties to an LMA par trade confirmation, dated August 4, 2008, for the sale of loans made to Pertus (the "August 4 Confirmation," and together with the July 14 Confirmation, the "Confirmations").

2. On November 14, 2008, Lehman filed the Debtors' Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations (the "Debtors' Motion"), wherein Lehman requested, pursuant to section 365(a) of the Bankruptcy Code, Rule 6006 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), an order approving the assumption of the open trade confirmations that it had entered into, but had not yet consummated and settled, with Field Point.

3. On November 26, 2009, in relevant part, Field Point objected to the Debtors' Motion on the ground that the disputed trades were terminated prepetition and therefore could not be assumed by the Debtor.

### LEHMAN'S STATEMENT OF THE CASE

4. As noted jointly by the parties above, LCPI and Field Point executed the Confirmations in July and August 2008. Throughout the month of August, Lehman made repeated attempts to settle the Confirmations. However, because Field Point refused to execute the necessary documentation to settle the Confirmations, they remained open. LCPI did not refuse to settle the trades. Rather, LCPI had every intention of closing the Confirmations and made repeated attempts to do so.

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries, including LCPI, commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code.

6. Field Point alleges that it exercised its right to terminate the Confirmations by separate letters dated September 30, 2008. It is Lehman's position that Field Point had no right to terminate the Confirmations. LCPI did not breach its obligations under the LMA and subsequent Confirmations. Indeed, LCPI always had the intention to close the trades and this intent was communicated to Field Point. Despite Field Point's statements to the contrary, *see* Field Point's Statement of the Case below, Lehman never refused to close the trades.

7.  Because the Confirmations were not terminated prepetition, they remain open trades that Lehman is entitled to assume pursuant to section 365(a) of the Bankruptcy Code, Rule 6006 of the Bankruptcy Rules and Rule 6006-1 of the Local Rules.

### FIELD POINT'S STATEMENT OF THE CASE

8.  Field Point executed the July 14 Confirmation on or before July 16, 2008 and sent it to LCPI on July 16, 2008. On that date, Field Point asked that LCPI execute the document and return a fully executed copy. Over the next week and a half, Field Point made several requests to LCPI for its signature on the July 14 Confirmation. On July 25, 2008, LCPI sent Field Point the fully executed July 14 Confirmation by email. LCPI sent its "apolog[y] for the delay."

9.  The August 4, 2008 Confirmation was fully executed no later than August 20, 2008.

10. In order to settle the trades subject to the Confirmations, the parties were required to enter into assignment agreements transferring the two Pertus loans. On August 26, 2008, Field Point sent to LCPI executed assignment agreements with respect to the Pertus loans and asked that LCPI execute these transfer documents. LCPI did not respond. In the days and weeks that followed, Field Point made repeated requests to LCPI to execute the assignment agreements and settle the trades. LCPI refused to do so.

11. More than one month after Field Point sent the transfer documents to LCPI, and notwithstanding Field Point's month-long effort to close, the trades remained open. LCPI made clear by its words and actions that it did not consider itself obligated to close the trades.

12. Under English law, which governs the transactions, LCPI's refusal to

close the open trades constituted a material breach of the Confirmations amounting to a repudiation of those contracts. Thus, Field Point had the right to terminate the Confirmations. At the hearing of this matter or at such other appropriate time, Field Point will raise issues concerning English law.

13. By letter dated September 30, 2008, Field Point wrote to LCPI expressly stating that based on LCPI's repudiation of the Confirmations, the contracts were terminated. As of that date, all obligations under the Confirmations ceased to bind the parties.

14. Because the Confirmations were terminated prior to LCPI's petition date of October 5, 2008, they cannot be assumed.

## **DISCOVERY SCHEDULE**

The parties respectfully request entry of the following discovery schedule:

| | |
|---|---|
| January 14, 2009: | Last day to serve First Set or First Supplemental Set of Discovery Requests. |
| January 28, 2009: | Debtors to begin producing documents in response to Field Point's First Supplemental Request for Documents. |
| February 13, 2009: | Field Point to begin producing documents in response to Debtors' First Request for Documents. |
| February 20, 2009: | Debtors' to serve response to Field Point IV S.à.r.l's First Set of Interrogatories to Debtors. |
| July 17, 2009: | Completion of all document production by parties. |
| September 25, 2009: | Completion of depositions. |

Dispositive motions, if any, shall be filed thirty (30) business days after the completion of discovery, with responses due twenty one (21) business days thereafter, and replies due ten (10) business days thereafter. If no dispositive motion is filed, an evidentiary hearing date will be set by the Court.

| | |
|---|---|
| Dated: New York, New York<br>June 10, 2009 | Dated: New York, New York<br>June 10, 2009 |
| RICHARDS KIBBE & ORBE LLP | WEIL, GOTSHAL & MANGES LLP |
| /s/ Neil S. Binder<br>Neil S. Binder<br>Richards Kibbe & Orbe LLP<br>One World Financial Center<br>New York, New York 10281<br>Telephone: (212) 530-1800 | /s/ Richard L. Levine<br>Richard L. Levine<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000 |
| *Attorneys for Field Point IV S.à.r.l.* | *Attorneys for Debtors<br>and Debtors in Possession* |

SO ORDERED this 16th day of June 2009

                                                      *s/ James M. Peck*
                                                      Honorable James M. Peck
                                                      United States Bankruptcy Judge