# LEHMAN BROTHERS

### Revised Transaction

Date: 11 April, 2006

To: MEG Energy Corp.
Attention: Documentation Unit

From: Lehman Brothers Special Financing Inc.
Transaction Management Group
Kathy Tsang
Facsimile: 646-885-9551 (United States of America)
Telephone: 212-526-9080

Ref. Numbers: Risk ID: 1170981L / Effort ID: 894529 / Global Deal ID: 2461470

---

Dear Sir or Madam:

The purpose of this communication (this "Confirmation") is to confirm the terms and conditions of the transaction (the "Transaction") entered into between Lehman Brothers Special Financing Inc. ("Party A") and MEG Energy Corp. ("Party B") on the Trade Date specified below. This Confirmation constitutes a "Confirmation" as referred to in the Agreement specified below. **This Confirmation supersedes and replaces in its entirety any other confirmation referencing the Transaction to which this Confirmation relates.**

This Confirmation evidences a complete and binding agreement between Party A and Party B as to the terms of the Transaction to which this Confirmation relates. In addition, you and we agree to use all reasonable efforts promptly to negotiate, execute and deliver an agreement in the form of the ISDA Master Agreement (Multicurrency-Cross Border) (the "ISDA Form"), with such modifications as you and we will in good faith agree. Upon the execution by you and us of such an agreement, this Confirmation shall supplement, form a part of, and be subject to that agreement (the "Agreement"). All provisions contained or incorporated by reference in the Agreement, upon its execution, will govern this Confirmation except as expressly modified below. Until we execute and deliver the Agreement, this Confirmation, together with all other documents confirming transactions entered into between us and referring to the ISDA Form, shall supplement, form a part of, and be subject to an agreement in the form of the ISDA Form as if we had executed an agreement in such form (but without any Schedule) on the Trade Date of this Transaction. In the event of any inconsistency between the provisions of that agreement, or the Agreement, when executed, and this Confirmation, this Confirmation will prevail for the purpose of this Transaction.

The definitions and provisions contained in the 2000 ISDA Definitions as published by the International Swaps and Derivatives Association, Inc. (the "Definitions") are incorporated into this Confirmation. In the event of any inconsistency between the Definitions and the terms of this Confirmation, this Confirmation will govern. For the purpose of the Definitions, references herein to a "Transaction" shall be deemed to be references to a "Swap Transaction".

Party A and Party B each represents that its entering into the Transaction is within its capacity, is duly authorized and does not violate any laws of its jurisdiction of organization or residence or the terms of any agreement to which it is a party. Party A and Party B each represents that (a) it is not relying on the other party in connection with its decision to enter into this Transaction, and neither party is acting as an advisor to or fiduciary of the other party in connection with this Transaction regardless of whether the other party provides it with market information or its views; (b) it understands the risks of the Transaction and any legal, regulatory, tax, accounting and economic consequences resulting therefrom; and (c) it has determined based upon its own judgment and upon any advice received from its own professional

LEHMAN BROTHERS SPECIAL FINANCING INC.
LEHMAN BROTHERS INC.
745 SEVENTH AVENUE, NEW YORK NY 10019

advisors as it has deemed necessary to consult that entering into the Transaction is appropriate for such party in light of its financial capabilities and objectives. Party A and Party B each represents that upon due execution and delivery of this Confirmation, it will constitute a legally valid and binding obligation, enforceable against it in accordance with its terms, subject to applicable principles of bankruptcy and creditors' rights generally and to equitable principles of general application.

The terms of the particular Transaction to which this Confirmation relates are as follows:

**General Terms:**

| | |
|---|---|
| Trade Date: | 03 April, 2006 |
| Effective Date: | 29 December, 2006 |
| Termination Date: | 31 December, 2010, subject to adjustment in accordance with the Modified Following Business Day Convention. |
| Notional Amount: | USD 350,000,000.00 |

**Floating Amounts:**

| | |
|---|---|
| Floating Amount Payer: | Party A |
| Floating Amount Payer Payment Dates: | The last calendar day of each March, June, September, and December, from and including 30 March, 2007 to and including the Termination Date, subject to adjustment in accordance with the Modified Following Business Day Convention. |
| Floating Rate Option: | USD-LIBOR-BBA |
| Designated Maturity: | 3 months |
| Spread: | Inapplicable |
| Floating Rate Day Count Fraction: | Actual/360 |
| Reset Dates: | The first day of each Calculation Period |

**Fixed Amounts:**

| | |
|---|---|
| Fixed Amount Payer: | Party B |
| Fixed Amount Payer Payment Dates: | The last calendar day of each March, June, September, and December, from and including 30 March, 2007 to and including the Termination Date, subject to adjustment in accordance with the Modified Following Business Day Convention. |
| Fixed Rate: | 5.29157% |
| Fixed Rate Day Count Fraction: | Actual/360 |
| Business Days: | New York, London and Calgary |

Additional Provisions: (provided, however, any provision to the contrary in the Agreement, when executed, shall take precedence over these provisions)

1. Additional Termination Event: (provided, however, any provision to the contrary in the Agreement, when executed, shall take precedence over these provisions)

   Failure to Deliver an ISDA Master Agreement. Party A or Party B fails to execute and deliver to the other the Agreement within 60 calendar days following the Trade Date. For the purpose of the foregoing Termination Event, both Party A and Party B shall be the Affected Parties.

2. The "Cross Default" provisions of Section 5(a)(vi) of the Agreement will apply.

   "Threshold Amount" means the lesser of (i) USD 75 million or (ii) two percent (2%) of the Stockholders' Equity of Lehman Brothers Holdings Inc. ("Holdings"), in the case of Party A and Holdings (or its equivalent in any other currency), and USD 50 million, in the case of Party B (or its equivalent in any other currency).

   "Stockholders' Equity" means with respect to an entity, at any time, the sum at such time of (i) its capital stock (including preferred stock) outstanding, taken at par value, (ii) its capital surplus and (iii) its retained earnings, minus (iv) treasury stock, each to be determined in accordance with generally accepted accounting principles.

3. The "Credit Event Upon Merger" provisions of Section 5(b)(iv) of the Agreement will apply to Party A and Party B, provided, that the term "materially weaker" means, with respect to Party A, that Holdings or the resulting, surviving or transferee entity of Holdings fails to maintain a long-term senior, unsecured debt rating of at least Baa3 as determined by Moody's Investors Service, Inc. and BBB- from Standard & Poor's Ratings Services, a division of the The McGraw-Hill Companies Inc.

4. Representations: Section 3 of the Agreement is hereby amended by adding the following additional subsection:

   Eligible Contract Participant. It is an "eligible contract participant" as defined in the Commodity Futures Modernization Act of 2000.

5. Waiver of Trial By Jury. Insofar as is permitted by law, each party irrevocably waives any and all rights to trial by jury in any legal proceeding in connection with this Transaction, and acknowledges that this waiver is a material inducement to the other party's entering into this Transaction hereunder.

Miscellaneous:

| | |
|---|---|
| Calculation Agent: | Party A |
| Transfer: | Notwithstanding Section 7 of the Agreement, Party A may assign its rights and obligations under this Transaction, in whole and not in part, to any Affiliate of Lehman Brothers Holdings Inc. ("Holdings") effective upon delivery to Party B of the guarantee by Holdings, in favor of Party B, of the obligations of such Affiliate, provided, however, any provision to the contrary in the Agreement, when executed, shall take precedence over this election. |
| Governing Law: | The laws of the State of New York (without reference to choice of law doctrine); provided, however, any provision to the contrary in the Agreement, when executed, shall take precedence over this election. |
| Termination Currency: | USD; provided, however, any provision to the contrary in the Agreement, when executed, shall take precedence over this election. |

Please confirm your agreement with the foregoing by executing this Confirmation and returning such Confirmation, in its entirety, to us at facsimile number 646-885-9551 (United States of America), Attention: Documentation.

Yours sincerely,                                  Accepted and agreed to:

Lehman Brothers Special Financing Inc.            MEG Energy Corp.

By: _/s/ Anatoly Kozlov_
Name: Anatoly Kozlov
Title: Authorized Signatory

By: _/s/ Dale Holm_
Name: Dale Holm
Title: Chief Financial Officer

Risk ID: 1170981L / Effort ID: 894529 / Global Deal ID: 2461470

Page 4 of 4