**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: 212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd

*Conflicts Counsel for the Debtors*
 *and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x
: 
**In re** : **Chapter 11 Case No.**
 : 
**LEHMAN BROTHERS HOLDINGS INC.**, *et al*., : **08-13555 (JMP)**
 : 
Debtors. : **(Jointly Administered)**
 : 
------------------------------------------------------------------------ x

**FIRST SUPPLEMENTAL AFFIDAVIT OF STEVEN J. REISMAN ON BEHALF OF
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP PURSUANT
TO RULES 2014(a) AND 2016(b) OF THE FEDERAL RULES OF
<u>BANKRUPTCY PROCEDURE</u>**

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

  I, Steven J. Reisman, pursuant to 28 U.S.C. § 1746, hereby declare under the penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

  1. I am an attorney duly admitted to practice before this Court. I am a member of the law firm of Curtis, Mallet-Prevost, Colt & Mosle LLP ("<u>CMP</u>"). CMP is a multi-national law firm with principal offices located at 101 Park Avenue, New York, New York 10178-0061. CMP maintains regional offices in Washington, D.C.; Stamford, Connecticut; Houston, Texas;

5346899

Paris, France; London, England; Frankfurt, Germany; Milan, Italy; Mexico City, Mexico; Muscat, Sultanate of Oman; Istanbul, Turkey; Almaty, Kazakhstan; Astana, Kazakhstan; and Dubai, United Arab Emirates.

2. I submit this affidavit (the "Supplemental Affidavit") to supplement my affidavit on behalf of CMP, sworn to on October 8, 2008 (the "Original Affidavit"), in support of the application (the "Application") of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), pursuant to Sections 327, 328(a), 329 and 504 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), for entry of an order authorizing the employment and retention of CMP as conflicts counsel for the Debtors in the Chapter 11 Cases at CMP's normal hourly rates in effect from time to time and in accordance with CMP's normal reimbursement policies, and to provide the disclosures required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. On November 21, 2008, this Court entered an order approving the Application and the Debtors' retention and employment of CMP as conflicts counsel to the Debtors on a final basis [Docket No. 1659].

4. To the best of my knowledge, after due inquiry, and except as set forth herein, neither I, CMP, nor any member of, counsel to or associate of CMP represents any creditor, party in interest or entities other than the Debtors in connection with the Chapter 11 Cases.

5. Unless otherwise stated in this Supplemental Affidavit or in the Original Affidavit, I have personal knowledge of the facts set forth herein. CMP periodically reviews its files during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. As additional information concerning the Debtors' creditors and relationships that have material connections with the Debtors develops, CMP will

2

5346899

file a further supplemental affidavit with the Court. To the best of my knowledge, CMP has not represented and will not represent any parties other than the Debtors in these cases or in connection with any matters that would be adverse to the Debtors related to these cases in respect of the matters on which CMP is employed in the Chapter 11 Cases.

6. None of the relationships described herein are materially adverse to the interests of the Debtors' estates and none would conflict CMP from its present or any future matters for the Debtors in the Chapter 11 Cases.

## CMP'S CONNECTIONS WITH CLIENTS IN MATTERS UNRELATED TO THE CHAPTER 11 CASES

7. CMP has represented, currently represents, and may in the future represent, various entities or their affiliates in matters unrelated to the Chapter 11 Cases. Since filing the Original Affidavit, CMP has become aware of additional parties in interest in the Chapter 11 Cases with whom CMP has, or may have, client connections. Certain of the client connections included in this Supplemental Affidavit were previously disclosed in the Original Affidavit under other categories.

8. CMP has identified the client connections disclosed below. The connections are categorized as follows:

    (a) clients for which CMP has rendered services in the prior two (2) years and is presently rendering services ("Current Clients");

    (b) clients for which CMP has rendered services in the prior two (2) years and which engagement was closed within the prior two (2) years ("Former Clients");

    (c) entities that are related to, or may be related to, a current client for which CMP has rendered services in the prior two (2) years and is presently rendering services; and

    (d) entities that are related to, or may be related to, a former client for which CMP has rendered services in the prior two (2) years and which engagement was closed within the prior two (2) years.

9. All client connections were diligently reviewed by an attorney working under my supervision.

10. From such review, I determined that, with respect to each client connection between CMP and such parties, CMP does not hold or represent an interest that is adverse to the Debtors' estates, and that CMP is a "disinterested person," as such term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, for the reasons described below.

**Current Clients – Exhibit 1**

11. CMP has currently rendered services and may, in the future, render services to the Current Clients set forth on **Exhibit 1** hereto and their respective affiliates in matters unrelated to the Debtors.

12. To the best of my knowledge and information, the annual fees paid to CMP by any of the Current Clients and their respective affiliates for either of the last two calendar years did not exceed 1% (one percent) of the annual gross revenue of CMP for such year.

13. CMP has not, does not and will not represent any of the Current Clients or their respective affiliates in the Chapter 11 Cases or in other matters adverse to the Debtors during the pendency of these Chapter 11 Cases.

**Former Clients – Exhibit 2**

14. CMP has rendered services to the following Former Clients set forth on **Exhibit 2** hereto, within the prior two (2) years and CMP's engagement was formally concluded within such period. CMP may, however, in the future, render services to the Former Clients or their affiliates or subsidiaries in matters unrelated to the Debtors and the Chapter 11 Cases. If any Former Client becomes a Current Client during the pendency of these Chapter 11 Cases, CMP will make the appropriate supplemental disclosures to the Court.

4

**Entities That Are Related or May Be Related to Current Clients – Exhibit 3**

15.  In addition, the entities set forth on **Exhibit 3** hereto either (i) have a name similar to a client in the client database or (ii) are or may be related to a current client (collectively, the "Potential Clients"). In certain instances, after a diligent effort, CMP was unable to determine whether the similarity of names was, in fact, a coincidence or whether, and to what extent, the Potential Clients are related to a current client. However, out of an abundance of caution, CMP has confirmed that, similar to the Current Clients and Former Clients identified above, CMP does not represent any of the Potential Clients set forth on **Exhibit 3** in matters related to the Chapter 11 Cases.

**Entities That Are Related or May Be Related to Former Clients – Exhibit 4**

16.  Similarly, the entities set forth on **Exhibit 4** hereto either (i) have a name similar to a former client in the client database or (ii) are or may be related to a former client. After a diligent effort, CMP was unable to determine whether the similarity of names was, in fact, a coincidence or whether, and to what extent, such entity is related to a former client in the client database. However, out of an abundance of caution, CMP has confirmed that, similar to the Current Clients, Former Clients, and Potential Clients identified above, CMP does not represent any of the entities set forth on **Exhibit 4** in matters related to the Chapter 11 Cases.

17.  Subsequent to the submission of the Original Affidavit, on December 15, 2008, CMP employed Maryann Gallagher as counsel in its Restructuring & Insolvency department. Prior to joining CMP, Ms. Gallagher served as in-house counsel at NYSE Euronext, Inc. As disclosed in the Original Affidavit, as a one-time courtesy, CMP represented NYSE Euronext, Inc. and its affiliates (collectively, "NYSE") in the Chapter 11 Cases for the sole purpose of protecting NYSE's cure claim with respect to contracts assigned to Barclays Capital, Inc. in connection with the sale of Lehman's broker-dealer business and real estate. CMP obtained a

waiver from NYSE that allowed it to act adverse to NYSE on any engagement related to these cases or otherwise. CMP no longer represents the NYSE in this matter.

18. Subsequent to the submission of the Original Affidavit, CMP employed Jason Gottlieb as counsel in its Litigation department. Prior to joining CMP, Mr. Gottlieb was as a partner at Clearly Gottlieb Steen & Hamilton LLP, from September 2001 to May 2009, and represented Goldman Sachs & Co. against the Debtors. Goldman Sachs & Co. is a known party in interest in the Chapter 11 Cases. Out of an abundance of caution, CMP will institute formal screening procedures to screen Mr. Gottlieb from all aspects of CMP's representation of the Debtors.

## CMP RATES AND BILLING PRACTICES

19. As disclosed in the Original Affidavit, CMP is not a creditor of the Debtors. CMP did not receive a retainer from the Debtors prior to the filing of the Chapter 11 Cases.

20. All compensation for services rendered by CMP and reimbursement of expenses incurred by CMP in the Chapter 11 Cases shall be subject to the approval of this Court, and CMP shall seek this Court's approval for the payment of such compensation pursuant to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court.

21. In addition, as stated in the Original Affidavit, CMP's hourly rates for its New York office, subject to periodic firm-wide adjustment in the ordinary course of CMP's practice, which generally become effective September 1st of each year,[1] are $675 to $785 for partners, $525 to $595 for counsel, $290 to $575 for associates, $170 to $210 for paraprofessionals, $415 for managing clerks and $55 to $325 for other support personnel.

---

[1] It is anticipated that CMP's current hourly rates will increase effective September 1, 2009 in accordance with CMP's standard and customary rate increases.

5346899

22. The foregoing constitutes the first supplemental affidavit of CMP pursuant to Section 327 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

23. I certify that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: New York, New York
August 31, 2009

/s/ Steven J. Reisman
STEVEN J. REISMAN
A Member of the Firm

SWORN TO AND SUBSCRIBED
before me this 31st day of August 2009

/s/ Beth I. Forman
Notary Public

Beth I. Forman
Notary Public, State of New York
NO. 01-FO6095302
Qualified in New York County
Commission Expires July 7, 2011

7

5346899

# INDEX OF EXHIBITS TO SUPPLEMENTAL AFFIDAVIT OF STEVEN J. REISMAN

EXHIBIT 1        CURRENT CLIENTS OF CMP

EXHIBIT 2        FORMER CLIENTS OF CMP

EXHIBIT 3        ENTITIES THAT ARE RELATED OR MAY BE RELATED TO CURRENT CLIENTS OF CMP

EXHIBIT 4        ENTITIES THAT ARE RELATED OR MAY BE RELATED TO FORMER CLIENTS OF CMP

5346899

# EXHIBIT 1

# CURRENT CLIENTS OF CMP[1]

| Name of Entity Searched | Relationship to Debtors | Relationship to CMP |
|---|---|---|
| BRE Bank, S.A. | Potential Party in Interest | Current Client in matters unrelated to Debtors |
| Charter Communications, Inc.[2] | Potential Party in Interest | Current Client in matters unrelated to Debtors |
| Federal Deposit Insurance Corporation | Regulatory Agency | Current Client in matters unrelated to Debtors |
| Flextronics International Ltd.[3] | Potential Party in Interest | Current Client in matters unrelated to Debtors |
| Lloyds Bank, Plc | Unsecured Creditor, Potential Party in Interest | Current Client in matters unrelated to Debtors |
| MF Global Ltd. | Potential Party in Interest | Current Client in matters unrelated to Debtors |
| Millennium International, Ltd. | Potential Party in Interest | Current Client in matters unrelated to Debtors |
| SEB Enskilda, Inc. | Potential Party in Interest | Current Client in matters unrelated to Debtors |
| The Star Tribune Company[4] | Potential Party in Interest | Current Client in matters unrelated to Debtors |
| Svenska Handelsbanken AB[5] | Unsecured Creditor, Potential Party in Interest | Current Client in matters unrelated to Debtors |
| The Bank of New York Mellon[6] | Committee Member, Potential Party in Interest | Current Client in matters unrelated to Debtors |
| Wilmington Trust Company[7] | Committee Member, Potential Party in Interest | Current Client in matters unrelated to Debtors |

---

[1]  Several of the Current Clients have either executed a waiver letter or indicated that they will execute a waiver allowing CMP to act adversely to their interests on all matters unrelated to the matter(s) on which we are acting for them.  CMP does not act for any Current Clients on any matter related to the Debtors.  In addition, CMP has represented two overseas clients in evaluating claims that may be made against such clients by non-Lehman entities related to Lehman's insolvency proceedings.  CMP has not and will not represent Lehman in matters related to such clients.

[2]  Charter Communications, Inc. is a Current Client on limited matters unrelated to the Debtors.  CMP has obtained a waiver from Charter Communications, Inc. that allows CMP to act adverse to Charter Communications, Inc. so long as any adverse matter is not substantially related to the limited matters on which we are engaged.

[3]  Flextronics International, Ltd. is a Current Client on limited matters unrelated to the Debtors.  CMP has obtained a waiver from Flextronics International, Ltd. that allows CMP to act adverse to Flextronics International, Ltd. so long as any adverse matter is not substantially related to the limited matters on which we are engaged.

[4]  The Star Tribune Company is a Current Client on limited matters unrelated to the Debtors.  CMP has obtained a waiver from The Star Tribune Company that allows CMP to act adverse to The Star Tribune Company so long as any adverse matter is not substantially related to the limited matters on which we are engaged.

[5]  Svenska Handelsbanken AB is a Current Client on limited matters unrelated to the Debtors.  CMP has obtained a waiver from Svenska Handelsbanken AB that allows CMP to act adverse to Svenska Handelsbanken AB so long as any adverse matter is not substantially related to the limited matters on which we are engaged.

[6]  The Bank of New York Mellon is a Current Client on limited matters unrelated to the Debtors.  CMP has obtained a waiver from The Bank of New York Mellon that allows CMP to act adverse to The Bank of New York Mellon so long as any adverse matter is not substantially related to the limited matters on which we are engaged.

[7]  Wilmington Trust Company is a Current Client on limited matters unrelated to the Debtors.  CMP has obtained a waiver from Wilmington Trust Company that allows CMP to act adverse to Wilmington Trust Company so long as any adverse matter is not substantially related to the limited matters on which we are engaged.

5346899

# EXHIBIT 2

## FORMER CLIENTS OF CMP

| Name of Entity Searched | Relationship to Debtors | Relationship to CMP |
|---|---|---|
| Assicurazioni | Potential Party in Interest | Former Client in matters unrelated to Debtors |
| Baker & McKenzie LLP | Professional | Former Client in matters unrelated to the Debtors |
| Banco Santander, S.A. | Potential Party in Interest | Former Client in matters unrelated to the Debtors |
| Capital Research and Management Co. | Bondholder | Former Client in matters unrelated to the Debtors |
| Dechert LLP | Professional | Former Client in matters unrelated to Debtors |
| IBM Corporation | Unsecured Creditor, Potential Party in Interest | Former Client in matters unrelated to the Debtors |
| Lazard Frères & Co. | Professional | Former Client in matters unrelated to Debtors |
| Northwest Airlines | Potential Party in Interest | Former Client in matters unrelated to Debtors |
| Sidley Austin LLP | Unsecured Creditor, Professional | Former Client in matters unrelated to the Debtors |
| Silicon Graphic, Inc. | Potential Party in Interest | Former Client in matters unrelated to the Debtors |
| Southern California Edison Company | Derivative Counterparty | Former Client in matters unrelated to the Debtors |
| Toronto-Dominion Bank | Potential Party in Interest | Former Client in matters unrelated to the Debtors |
| WestLB, AG | Potential Party in Interest | Former Client in matters unrelated to the Debtors |

5346899

# EXHIBIT 3

## ENTITIES THAT ARE RELATED OR MAY BE RELATED TO CURRENT CLIENTS OF CMP

| Name of Entity Searched | Relationship to Debtors | Relationship to CMP |
|---|---|---|
| ABN AMRO Holding N.V. | Potential Party in Interest | Affiliate of current client in matters unrelated to Debtors |
| Bank of America[1] | Potential Party in Interest | Affiliate of current client in matters unrelated to Debtors |
| BNY Capital Markets, Inc. | Potential Party in Interest | Affiliate of current client in matters unrelated to Debtors |
| Deutsche Bank Trust Company | Potential Party in Interest, Derivative Counterparty | Affiliate of current client in matters unrelated to Debtors |
| GE Corporate Financial Services, Inc. | Potential Party in Interest | Affiliate of current client in matters unrelated to Debtors |
| General Electric Capital Corporation | Potential Party in Interest | |
| ING Financial Markets LLC | Potential Party in Interest | Affiliate of current client in matters unrelated to Debtors |
| Investcorp | Potential Party in Interest | Affiliate of current client in matters unrelated to Debtors |
| Kraft Foods Inc. | Potential Party in Interest | Affiliate of current client in matters unrelated to Debtors |
| Maples & Calder | Professional | Affiliate of current client in matters unrelated to Debtors |
| Northrup Grumman | Potential Party in Interest, Holder of Trade Debt | Affiliate of current client in matters unrelated to Debtors |
| Prudential Financial Inc. | Bondholder | Affiliate of current client in matters unrelated to Debtors |
| Prudential Insurance Company of America | Bondholder | |
| RBS Greenwich Capital | Potential Party in Interest | Affiliate of current client in matters unrelated to Debtors |
| Russell Investment Group | Potential Party in Interest, Derivative Counterparty | Affiliate of current client in matters unrelated to Debtors |
| Siemens AG | Potential Party in Interest | Affiliate of current client in matters unrelated to Debtors |

---

[1] Bank of America is an affiliate of a current client, Merrill Lynch & Co., Inc. ("Merrill"). Merrill became an affiliate of the Bank of America on January 1, 2009. By letter dated November 3, 2008, Merrill waived any conflict of interest, and consented to CMP's representation of Lehman in the Chapter 11 Cases, subject to the proviso that CMP would seek an additional waiver prior to filing any adversary proceeding and/or complaint against Merrill or any of its subsidiaries or affiliates.

5346899

# EXHIBIT 4

## ENTITIES THAT ARE RELATED OR MAY BE RELATED TO FORMER CLIENTS OF CMP

| Name of Entity Searched | Relationship to Debtors | Relationship to CMP |
|---|---|---|
| AXA Equitable Life Insurance Company | Bondholder | Affiliate of former client in matters unrelated to Debtors |
| Harrah's Operating Co. Inc. | Potential Party in Interest | Affiliate of former client in matters unrelated to Debtors |
| Verizon Communications Inc. | Potential Party in Interest | Affiliate of former client in matters unrelated to Debtors |
| Philip Morris International Inc. | Potential Party in Interest | Affiliate of former client in matters unrelated to Debtors |

5346899