Presentment Date and Time:  September 8, 2009 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline:  September 8, 2009 at 11:30 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): September 15, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard L. Levine
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
                                          :
In re                                     :      Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :      08-13555 (JMP)
                                          :
                    Debtors.              :      (Jointly Administered)
                                          :
                                          :
----------------------------------------------------------------x
```

## NOTICE OF PRESENTMENT OF DEBTORS' APPLICATION ON CONSENT FOR AN ORDER PURSUANT TO RULE 7028 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE ISSUING A LETTER OF REQUEST FOR AN ORDER COMPELLING THE EXAMINATION UNDER OATH OF LOUISA WATT IN THE UNITED KINGDOM UNDER THE HAGUE EVIDENCE CONVENTION

**PLEASE TAKE NOTICE** that the undersigned will present the annexed

application (the "Application") of debtor Lehman Brothers Holdings Inc. ("LBHI") and its

affiliated debtor, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession

(together, the "Debtors," and collectively with their debtor and non-debtor affiliates, "Lehman"),

pursuant to Rule 28(b) of the Federal Rules of Civil Procedure, made applicable hereto by Rules

7028 and 9104(c) of the Federal Rules of Bankruptcy Procedure, for the issuance of a Letter of

Request compelling the examination under oath of Louisa Watt in the United Kingdom under the

Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil and

Commercial Matters, 23 U.S.T. 2555 (the "Hague Evidence Convention"), all as more fully

described in the Application, to the Honorable James M. Peck, United States Bankruptcy Judge,

for approval and signature on **September 8, 2009 at 12:00 noon (Prevailing Eastern Time)**.

   **PLEASE TAKE FURTHER NOTICE** that objections to the Application, if any,

shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall

set forth the name of the objecting party, the basis for the objection and the specific grounds

thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order

M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy

Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the

Chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004,

Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York,

10153, Attn: Richard L. Levine, Esq., attorneys for the Debtors; (iii) the Office of the United

States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York,

New York, 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto,

Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy

LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq.,

Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured

Creditors appointed in these cases; and (v) Richards Kibbe & Orbe LLP, One World Financial

Center New York, NY 10281, Attn: Neil S. Binder, Esq., attorneys for Field Point IV S.a.r.l. **so as**

**to be so filed and received by no later than September 8, 2009 at 11:30 a.m. (Prevailing**

**Eastern Time)** (the "Objection Deadline").

          **PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely

filed and served, a hearing will be held on **September 15, 2009, at 10:00 a.m. (Prevailing**

**Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York,

before the Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green,

New York, New York 10004-1408.  If an objection is filed the moving and objecting parties are

required to attend the hearing, and failure to appear may result in relief being granted or denied

upon default.

Dated:  August 31, 2009
      New York, New York

                        /s/ Richard L. Levine
                        Richard L. Levine
                        Jacqueline Marcus

                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone: (212) 310-8000
                        Facsimile: (212) 310-8007

                        Attorneys for Debtors
                        and Debtors in Possession

**Presentment Date and Time:  September 8, 2009 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline:  September 8, 2009 at 11:30 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed): September 15, 2009 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard L. Levine
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                    :
**In re**                                             :         **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :         **08-13555 (JMP)**
                                                    :
                                  **Debtors.**       :         **(Jointly Administered)**
                                                    :
-------------------------------------------------------------------x

### DEBTORS' APPLICATION ON CONSENT FOR AN ORDER PURSUANT TO RULE 7028 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE ISSUING A LETTER OF REQUEST FOR AN ORDER COMPELLING THE EXAMINATION UNDER OATH OF LOUISA WATT IN THE UNITED KINGDOM UNDER THE HAGUE EVIDENCE CONVENTION

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Debtor Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor,

Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the

"Debtors" and, collectively with their debtor and non-debtor affiliates, "Lehman"), submit this

application to the Court (the "Application") pursuant to Rule 28(b) of the Federal Rules of Civil

Procedure, made applicable hereto by Rules 7028 and 9014(c) of the Federal Rules of

Bankruptcy Procedure, for the issuance of a Letter of Request, in the form annexed hereto as

Exhibit A (the "Letter of Request"), requesting that the appropriate court in the United Kingdom,

pursuant to a properly filed petition, order that Louisa Watt, located at the offices of Richards

Kibbe & Orbe LLP, Broadgate West, 9 Appold Street, London EC2A 2AP, counsel for objector

Field Point IV S.a.r.l. ("Field Point"), be examined under oath in the United Kingdom pursuant

to the Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil and

Commercial Matters, 23 U.S.T. 2555 (the "Hague Evidence Convention").

The Debtors seek the requested relief in connection with discovery being

undertaken regarding the objection of Field Point to the Debtors' Motion for an Order Pursuant

to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade

Confirmations [Docket No. 1541] (the "Open Trades Motion"). Field Point has consented to the

relief sought by this Application.

## **BACKGROUND**

1.      Commencing on September 15, 2008, and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries, including LCPI,

commenced with this Court voluntary cases under chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code").

2.      The Debtors are authorized to operate their businesses and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.

3.      Prior to the Commencement Date, the Debtors were active in the

secondary loan market. In this capacity, the Debtors purchased and sold both par and distressed

commercial loans. The Debtors' pre-petition trades were reflected in various oral and written

confirmations (the "Trade Confirmations"). As of the Commencement Date, the Debtors had

entered into, but had not yet consummated and settled, over 800 Trade Confirmations (the "Open Trade Confirmations").

4.    On November 14, 2008, the Debtors filed the Open Trades Motion in which the Debtors designated most Open Trade Confirmations for assumption, rejection or modification.  Among these Open Trade Confirmations were two confirmations dated July 14, 2008 and August 4, 2008 (with trade dates of July 11, 2008 and July 31, 2008, respectively), by which Field Point agreed to purchase certain distressed and par commercial debt extended to Pertus Sechzehnte GmbH (collectively, the "Field Point Trades").

5.    On November 26, 2008, Field Point filed an objection to the Open Trades Motion, arguing that Field Point had terminated the Field Point Trades pre-petition by letters dated September 30, 2008 due to LCPI's alleged refusal to close the trades and, thus, that they could not be assumed by LCPI [Docket No. 1841].

6.    On December 15, 2008, the Debtors filed an omnibus reply to the objections filed to the Open Trades Motion, arguing, in part, that Field Point could not terminate the Field Point Trades because there was no breach by LCPI, which had undertaken every reasonable effort to close the Field Point Trades [Docket No. 2208].

7.    On January 14, 2009, the Court directed that the Debtors and Field Point proceed with discovery to resolve the factual issues raised by Field Point's objection to the Open Trades Motion.  On June 16, 2009, the Court entered an the Amended Stipulation and Order Regarding Discovery in connection with this matter [Docket No. 3985] (the "Discovery Order"). In connection with such discovery, the Debtors seek to depose Louisa Watt, who was involved in relevant communications on behalf of Field Point, in the United Kingdom, where she currently

3

resides.  The Discovery Order provides that depositions shall be completed by September 25, 2009.

## BASIS FOR RELIEF

8.      The relief the Debtors seek by way of this Application is that the Court issue a Letter of Request directed to the appropriate judicial authority in the United Kingdom requesting that it compel the oral examination under oath of Louisa Watt.  This Court has the authority to issue such a Letter of Request pursuant to Rule 28(b)(1) of the Federal Rules of Civil Procedure, made applicable hereto by Rules 7028 and 9014(c) of the Federal Rules of Bankruptcy Procedure.  Rule 28(b)(1) expressly provides that a deposition may take place in a foreign country "under an applicable treaty or convention."  In this case, the Hague Evidence Convention is the applicable treaty or convention and both the United States and the United Kingdom are signatories.  See Metso Minerals Inc. v. Powerscreen Int'l Distribution Ltd.,  No. 06-1446, 2007 WL 1875560 (E.D.N.Y. June 25, 2007) (issuing a letter of request for a deposition in the United Kingdom); Dept. of Economic Dev. v. Arthur Andersen & Co. (U.S.A.), Nos. 85-1292, 84-7703, 1993 WL 293719 (S.D.N.Y. July 23, 1993) (same).

9.      Article 1 of the Hague Evidence Convention provides, "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that state, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act."  See Hague Evidence Convention, 23 U.S.T. 2555, Article 1.

10.      Here, it is appropriate for this Court to issue a Letter of Request so as to enable the Debtors to depose Ms. Watt, a key fact witness, in the United Kingdom.  Ms. Watt is a partner in the London office of Richards Kibbe & Orbe LLP and purportedly specializes in the

acquisition and sale of debt instruments.  More importantly, she was counsel to Field Point in

connection with the execution and potential closing of the Field Point Trades.  The Debtors seek

to depose Ms. Watt because documents produced in discovery reveal that Ms. Watt

communicated directly with certain Lehman employees concerning the closing of open trades.

For example, in late September and early October 2008, she communicated with Neils Ribeiro,

the Manager of the Loan Closing Team at LCPI's London branch, about whether LCPI was able

or willing to close trades.  In addition, it is the Debtors' understanding that Ms. Watt also

communicated by telephone with Mr. Ribeiro and, possibly, other Lehman employees

concerning the status of open trades.  These various communications are directly relevant to the

issue in this litigation – whether the Field Point Trades were legally terminated pre-petition.

Accordingly, the Debtors seek non-privileged factual information from Ms. Watt concerning

these discussions and her involvement in the Field Point Trades.  The Debtors expect to use such

information in support of their claims and/or defenses in this matter.

> 11.    On August 26, 2009, Field Point consented to this Application, but denied

the Debtors' request to produce Ms. Watt voluntarily.

## NOTICE

> 12.    No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this Motion in accordance with the procedures set forth in the Amended

Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and

9007 Implementing Certain Notice and Case Management Procedures [Docket No. 2837] on (i)

the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and

Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the

Southern District of New York; (vi) Richards Kibbe & Orbe LLP, One World Financial Center,

New York, New York 10281, Attn. Neil S. Binder, Esq., and (vii) all parties who have requested

notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be

provided.


WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein by executing the Letter of Request attached hereto as Exhibit A and imprinting

the Court's Seal upon it, and entering the Order attached hereto as Exhibit B; and further grant

the Debtors all other relief as it deems just and proper.


Dated:  August 31, 2009
        New York, New York


/s/ Richard L. Levine
Richard L. Levine
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# Exhibit A

**Request to the Central Authority of the United Kingdom for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

1.    **Sender**

Lehman Brothers Holdings Inc.
1271 Avenue of the Americas, 38th Floor
New York, NY 10020

Lehman Commercial Paper Inc., U.K. Branch
25 Bank Street
London E14 5LE

(Lehman Brothers Holdings Inc. and Lehman Commercial Paper Inc., collectively, the "Debtors")

2.    **Central Authority of the Requested State**

The Senior Master
The Foreign Process Department
Royal Courts of Justice
Strand, London WC2A 2LL
Switchboard: +44 207 947 6000
Tel: +44 20 7947 6691
Fax: +44 20 7947 6237

3.    **Person to whom the executed request is to be returned**

Richard L. Levine
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Tel:  (212) 310-8286
Fax: (212) 310-8007

4.    **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

Prior to the September 25, 2009 discovery cut-off or as soon as practicable.

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

**5.**      **a**.   **Requesting judicial authority**

Honorable James M. Peck, United States Bankruptcy Judge
United States Bankruptcy Court, Southern District of New York
One Bowling Green
Courtroom 601
New York, New York 10004

**b.  To the competent authority of**

The United Kingdom of Great Britain and Northern Ireland

**c.  Name of the case and any identifying number**

*In re Lehman Brothers Holdings Inc., et al.*, Chapter 11 Case. No. 08-13555 (JMP), United States Bankruptcy Court for the Southern District of New York (the "Lehman Bankruptcy Case")

**6.**   **Name and addresses of the parties and their representatives**

*a*.  **Debtors**

Lehman Brothers Holdings Inc.
1271 Avenue of the Americas, 38th Floor
New York, NY 10020

Lehman Commercial Paper Inc., U.K. Branch
25 Bank Street
London E14 5LE

**Representatives**

Richard L. Levine
Jacqueline Marcus
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

Matthew Shankland
Weil, Gotshal & Manges LLP
One South Place
London EC2M 2WG, England

+44 20 7903 1165

*Counsel for Debtors*

### *b*.  Counterparty

Field Point IV S.a.r.l.
Rue De La Poste 20
2346 Luxembourg, Luxembourg

**Representatives**

Neil S. Binder, Esq.
Richards Kibbe & Orbe LLP
One World Financial Center
New York, New York  10281

*Counsel for Field Point IV S.a.r.l.*

**7.**    **Nature of the proceedings**

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc. ("LCPI") (together, the "Debtors") are debtors and debtors in possession in a chapter 11 bankruptcy proceeding in the United States of America (the "Lehman Bankruptcy Case"). This Letter of Request pertains to a contested matter being litigated in the Lehman Bankruptcy Case (the "Contested Matter").  The Contested Matter is currently proceeding before this Court.

On November 14, 2008, the Debtors filed the Debtors' Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Assuming and Approving the Assumption or Rejection of Open Trade Confirmations (the "Open Trades Motion") in the Lehman Bankruptcy Case.  Under Section 365 of the United States Bankruptcy Code, a debtor may, upon Court approval, "assume or reject any executory contracts."  11 U.S.C. § 365(a).  Two of the Trades at issue in the Open Trades Motion were between LCPI, as seller, and Field Point IV S.ar.l. ("Field Point"), as buyer. They are parties to (i) a Loan Market Association ("LMA") distressed trade confirmation, dated July 14, 2008 (with a trade date of July 11, 2008) and (ii) an LMA par trade confirmation, dated August 4, 2008 (with a trade date of July 31, 2008), both for the sale of certain debt extended to Pertus Sechzehnte GmbH (collectively, the "Field Point Trades").  In the Open Trades Motion, the Debtors sought the United State Bankruptcy Court's approval to assume, among other open trade confirmations, the Field Point Trades.

On November 26, 2008, Field Point objected to the Open Trades Motion, arguing that Field Point terminated the Field Point Trades by letters dated September 30, 2008, due to LCPI's alleged refusal to close the trades and resulting breach.  Field Point contends that, because the Field Point Trades were terminated prior to LCPI's filing under chapter 11 bankruptcy, they cannot be assumed by LCPI.

3

On December 15, 2008, the Debtors filed an omnibus reply to the objections filed to the Open Trades Motion. The Debtors argued that Field Point could not have terminated the Field Point Trades, in part, because there was no breach by LCPI, which had undertaken every reasonable effort to close the Field Point Trades.

On January 14, 2009, the United States Bankruptcy Court directed the Debtors and Field Point to proceed with discovery in this Contested Matter. Field Point and LCPI stipulated to a discovery schedule that includes document production, interrogatories, and depositions. (Exhibit 1) Field Point also consent to the Debtors' Application for a Letter of Request.

## 8.    *a*.  **Evidence to be obtained or other judicial act to be performed**

The United States Bankruptcy Court requests that the appropriate judicial authority in the United Kingdom do, in accordance with its relevant laws and procedures, summon and compel witness Ms. Louisa Watt to attend an examination under oath at the offices of Weil, Gotshal & Manges LLP, One South Place, EC 2M 2WG, London, or such other place as Requested Authority shall deem appropriate. The order compelling said attendance  should be delivered to Louisa Watt, at her place of business at the offices of Richards Kibbe & Orbe, Broadgate West, 9 Appold Street, London EC2A 2AP. The examination will be recorded stenographically and/or by videotape.

The requested examination under oath seeks factual information from Ms. Watt to be used as evidence in the litigation of the Contested Matter. The examination will cover the following topics:

1.    General information on Louisa Watt's background and relationship with Field Point.

2.    Ms. Watt's communications concerning the possible closing or settlement of open trades, including, but not limited to, communications with Neils Ribeiro on or about September 26, 2008, October 6, 2008 and October 7, 2008.

3.    The negotiation of the terms of each of the Field Point Trades.

4.    Field Point's and LCPI's attempts to close or settle each of the Field Point Trades and communications related thereto.

5.    Information obtained by Ms. Watt regarding the Debtors' ability or inability to close or settle any open trades, including each of the Field Point Trades.

6.    Information obtained by Ms. Watt regarding the Debtors' intention to close or settle any open trades, including each of the Field Point Trades.

7.    Information obtained by Ms. Watt regarding the Debtors' alleged refusal to close or settle each of the Field Point Trades.

### *b.*        **Purpose of the evidence or judicial act sought**

A factual issue in this Contested Matter is whether the Field Point Trades were legally terminated by Field Point prior to LCPI filing for bankruptcy protection based on LCPI's alleged breach resulting from its alleged refusal to close the Field Point Trades consistent with contractual obligations and market practices.  Ms. Watt is a partner in the London office of Richards Kibbe & Orbe LLP, who purportedly specializes in the acquisition and sale of debt instruments and represented Field Point in connection with the execution and potential closing of the Field Point Trades.  Documents produced in discovery reveal that Ms. Watt communicated directly with certain employees of the Debtors concerning the closing of open trades and LCPI's ability or intention to close open trades, including the Field Point Trades.  Thus, the purpose of the examination under oath of Ms. Watt is to obtain information to resolve factual disputes regarding the timing and validity of any alleged breach or termination of the Field Point Trades, which is at issue in the Contested Matter.  Accordingly, the examination, if obtained, would be used by the Debtors to support its claims and defenses, including in an evidentiary hearing.  In all of the circumstances, the Debtors believe that such information is within Ms. Watt's knowledge.

Counsel for the Debtors who will conduct the examination under oath of Ms. Watt will respect the privileges and duties existing under the laws of the United Kingdom as asserted by counsel for Field Point.

On August 26, 2009, Field Point consented to the Debtors' Application for this Letter of Request, which was granted on the date set forth below.

DATE OF REQUEST:                    September ___, 2009

SIGNATURE AND SEAL OF THE
REQUESTING AUTHORITY         _____
                                                    Honorable James M. Peck
                                                    United States Bankruptcy Judge
                                                    Southern District of New York

# Exhibit 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

LEHMAN BROTHERS HOLDINGS, INC., *et al.*,

Debtors.

Chapter 11 Case

No. 08-13555 (JMP)

(Jointly Administered)

## AMENDED STIPULATION AND ORDER REGARDING DISCOVERY

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors" and, collectively with their debtor and non-debtor affiliates, "Lehman") and Field Point IV S.à.r.l. ("Field Point") hereby submit the following Amended Joint Pre-Trial Order for the Bankruptcy Court's consideration:

## BACKGROUND AND PROCEDURAL HISTORY

1.      Field Point and LCPI are parties to a Loan Market Association ("LMA") distressed trade confirmation, dated July 14, 2008, for the sale of certain loans made to Pertus Sechzehnte GmbH ("Pertus") (the "July 14 Confirmation"). Field Point and LCPI are also parties to an LMA par trade confirmation, dated August 4, 2008, for the sale of loans made to Pertus (the "August 4 Confirmation," and together with the July 14 Confirmation, the "Confirmations").

2.      On November 14, 2008, Lehman filed the Debtors' Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations (the "Debtors' Motion"), wherein Lehman requested, pursuant to section 365(a) of the Bankruptcy Code, Rule 6006 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Rules"), an order

approving the assumption of the open trade confirmations that it had entered into, but had

not yet consummated and settled, with Field Point.

3.      On November 26, 2009, in relevant part, Field Point objected to the

Debtors' Motion on the ground that the disputed trades were terminated prepetition and

therefore could not be assumed by the Debtor.

### LEHMAN'S STATEMENT OF THE CASE

4.      As noted jointly by the parties above, LCPI and Field Point executed the

Confirmations in July and August 2008.  Throughout the month of August, Lehman made

repeated attempts to settle the Confirmations.  However, because Field Point refused to

execute the necessary documentation to settle the Confirmations, they remained open.

LCPI did not refuse to settle the trades.  Rather, LCPI had every intention of closing the

Confirmations and made repeated attempts to do so.

5.      Commencing on September 15, 2008, and periodically thereafter, LBHI

and certain of its subsidiaries, including LCPI, commenced with this Court voluntary

cases under chapter 11 of title 11 of the United States Code.

6.      Field Point alleges that it exercised its right to terminate the Confirmations

by separate letters dated September 30, 2008.  It is Lehman's position that Field Point

had no right to terminate the Confirmations.  LCPI did not breach its obligations under

the LMA and subsequent Confirmations.  Indeed, LCPI always had the intention to close

the trades and this intent was communicated to Field Point.  Despite Field Point's

statements to the contrary, *see* Field Point's Statement of the Case below, Lehman never

refused to close the trades.

7.     Because the Confirmations were not terminated prepetition, they remain
open trades that Lehman is entitled to assume pursuant to section 365(a) of the
Bankruptcy Code, Rule 6006 of the Bankruptcy Rules and Rule 6006-1 of the Local
Rules.

## FIELD POINT'S STATEMENT OF THE CASE

8.     Field Point executed the July 14 Confirmation on or before July 16, 2008
and sent it to LCPI on July 16, 2008.  On that date, Field Point asked that LCPI execute
the document and return a fully executed copy.  Over the next week and a half, Field
Point made several requests to LCPI for its signature on the July 14 Confirmation.  On
July 25, 2008, LCPI sent Field Point the fully executed July 14 Confirmation by email.
LCPI sent its "apolog[y] for the delay."

9.     The August 4, 2008 Confirmation was fully executed no later than August
20, 2008.

10.     In order to settle the trades subject to the Confirmations, the parties were
required to enter into assignment agreements transferring the two Pertus loans.  On
August 26, 2008, Field Point sent to LCPI executed assignment agreements with respect
to the Pertus loans and asked that LCPI execute these transfer documents.  LCPI did not
respond.  In the days and weeks that followed, Field Point made repeated requests to
LCPI to execute the assignment agreements and settle the trades.  LCPI refused to do so.

11.     More than one month after Field Point sent the transfer documents to
LCPI, and notwithstanding Field Point's month-long effort to close, the trades remained
open.  LCPI made clear by its words and actions that it did not consider itself obligated to
close the trades.

12.     Under English law, which governs the transactions, LCPI's refusal to

3

close the open trades constituted a material breach of the Confirmations amounting to a

repudiation of those contracts.  Thus, Field Point had the right to terminate the

Confirmations.  At the hearing of this matter or at such other appropriate time, Field

Point will raise issues concerning English law.

13.     By letter dated September 30, 2008, Field Point wrote to LCPI expressly

stating that based on LCPI's repudiation of the Confirmations, the contracts were

terminated.  As of that date, all obligations under the Confirmations ceased to bind the

parties.

14.     Because the Confirmations were terminated prior to LCPI's petition date

of October 5, 2008, they cannot be assumed.

## DISCOVERY SCHEDULE

The parties respectfully request entry of the following discovery schedule:

| | |
|---|---|
| January 14, 2009: | Last day to serve First Set or First Supplemental Set of Discovery Requests. |
| January 28, 2009: | Debtors to begin producing documents in response to Field Point's First Supplemental Request for Documents. |
| February 13, 2009: | Field Point to begin producing documents in response to Debtors' First Request for Documents. |
| February 20, 2009: | Debtors' to serve response to Field Point IV S.à.r.l's First Set of Interrogatories to Debtors. |
| July 17, 2009: | Completion of all document production by parties. |
| September 25, 2009: | Completion of depositions. |

4

Dispositive motions, if any, shall be filed thirty (30) business days after the completion of discovery, with responses due twenty one (21) business days thereafter, and replies due ten (10) business days thereafter. If no dispositive motion is filed, an evidentiary hearing date will be set by the Court.

Dated: New York, New York
       June 10, 2009

RICHARDS KIBBE & ORBE LLP


/s/ Neil S. Binder
Neil S. Binder
Richards Kibbe & Orbe LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 530-1800

*Attorneys for Field Point IV S.à.r.l.*

Dated: New York, New York
       June 10, 2009

WEIL, GOTSHAL & MANGES LLP


/s/ Richard L. Levine
Richard L. Levine
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000

*Attorneys for Debtors
and Debtors in Possession*


SO ORDERED this 16th day of June 2009

       s/ James M. Peck
Honorable James M. Peck
United States Bankruptcy Judge

# Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
                                           :
In re                                      :       **Chapter 11 Case No.**
                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :   **08-13555 (JMP)**
                                           :
               **Debtors.**                 :       **(Jointly Administered)**
                                           :
----------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' APPLICATION ON CONSENT FOR AN ORDER PURSUANT TO RULE 7028 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE ISSUING A LETTER OF REQUEST FOR AN ORDER COMPELLING THE EXAMINATION UNDER OATH OF LOUISA WATT IN THE UNITED KINGDOM UNDER THE HAGUE EVIDENCE CONVENTION

Upon the application on consent, dated August 31, 2009 (the "Application"), of

Debtor Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial

Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors" and,

collectively with their debtor and non-debtor affiliates, "Lehman"), for an Order pursuant to Rule

28 of the Federal Rules of Civil Procedure and Rules 7028 and 9014(c) of the Federal Rules of

Bankruptcy Procedure issuing a Letter of Request (as defined in the Application) in substantially

the form annexed to the Application as Exhibit A, as more fully set forth in the Application, and

due and proper notice of the Application having been provided and it appearing that no further

notice need be provided; and after due deliberation and sufficient cause therefore, it is:

ORDERED that the Application is approved; and it is further

ORDERED that the Letter of Request shall be executed in the form annexed to

the Application as Exhibit A.


Dated:  September __, 2009
       New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE