McKENNA LONG & ALDRIDGE LLP
230 Park Avenue, Suite 1700
New York, New York 10169
Telephone: (212) 922-1800
Facsimile: (212) 922-1819

McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, N.E., Suite 5300
Atlanta, Georgia 30308
Telephone: (404) 527-4000
Facsimile: (404) 527-4198

*Special Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                          :
In re                                     :   Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :   08-13555 (JMP)
                                          :
                     Debtors.             :   (Jointly Administered)
                                 :        :
                                          :
-----------------------------------------------------------x
```

**THIRD SUPPLEMENTAL DECLARATION OF CHARLES D. WEISS**
**IN CONNECTION WITH THE DEBTORS' ENGAGEMENT OF**
**McKENNA LONG & ALDRIDGE LLP AS SPECIAL COUNSEL**

CHARLES D. WEISS, hereby declares, pursuant to section 1746 of title 28 of the United States

Code, as follows:

      1.      I am a partner in the firm of McKenna Long & Aldridge LLP ("McKenna" or the

"Firm"), a law firm with principal offices at 303 Peachtree Street, N.E., Suite 5300, Atlanta,

Georgia 30308 and at 1900 K Street, N.W., Washington, DC 20006, and other offices in

Albany, New York; Brussels, Belgium; Denver, Colorado; Los Angeles, California; New York, New York; Philadelphia, Pennsylvania; San Diego, California; and San Francisco, California.

2.　　Unless otherwise stated in this Third Supplemental Declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon McKenna's completion of further review or as additional information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

3.　　I initially submitted a declaration (the "Initial Declaration") in connection with the Application dated December 2, 2008 (the "Application") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), for approval of the Debtors' employment and retention of McKenna as special counsel in the above-captioned chapter 11 cases at the Firm's normal hourly rates in effect from time to time and in accordance with the Firm's normal reimbursement policies, in compliance with sections 328(a), 329 and 504 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and to provide disclosure required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors filed the Application requesting approval from this Court to retain and employ McKenna as special counsel during these chapter 11 cases to provide services with respect to commercial lending, loan restructuring, collection and litigation matters.

4.　　On December 9, 2008, I submitted a supplemental declaration in further support of the Application (the "First Supplemental Declaration").

2

5.     By order entered December 18, 2008, the Court granted approval for the employment of McKenna as special counsel, *nunc pro tunc* to the Commencement Date. No objections to the Employment Application were filed, and, accordingly, the Court's order of December 18, 2008 became final.

6.     On April 13, 2009, I submitted a second supplemental declaration in further support of the Application (the "Second Supplemental Declaration").

7.     This Third Supplemental Declaration provides additional information with respect to McKenna's connections to parties in interest first disclosed in the Initial Declaration and the First Supplemental Declaration.

8.     McKenna is representing clients in three additional matters in which it is our understanding the Debtors are indirectly involved. These matters are wholly unrelated to the matters on which we are engaged as special counsel to Debtors.

(a)     McKenna is representing Bank of America, N.A., successor by merger to LaSalle Bank National Association, as trustee for the Lehman Brothers Floating Rate Commercial Mortgage Trust 2006-LLF C5, Commercial Mortgage Pass-Through Certificates, Series 2006-LLF C5 (the "Lehman 2006 LLF C5 Mortgage Pool Trustee") in connection with a securitized mortgage loan secured by the Sheraton Kona Hotel in Hawaii. It is our understanding that LBHI currently is the controlling certificateholder and operating advisor in the CMBS mortgage pool. It also is our understanding that LBHI holds a mezzanine loan relating to the hotel. Such mezzanine loan is not secured by the hotel, but is secured by a pledge of membership interests in the mortgage borrower. The Lehman 2006 LLF C5 Mortgage Pool Trustee has engaged local Hawaii counsel, who is in the process of foreclosing upon the mortgage loan, with the approval of LBHI, in its capacity as controlling certificateholder and

ATLANTA:5129339.6

operating advisor of the CMBS mortgage pool. The primary role of McKenna is to advise the special servicer of the CMBS mortgage pool with regards to matters relating to the mortgage loan and mortgage borrower.

(b)     McKenna is representing Bank of America, N.A., as successor by merger to LaSalle Bank National Association, as Trustee for the Registered Holders of the Lehman Brothers Floating Rate Commercial Mortgage Trust 2007-LLF C5, Commercial Mortgage Pass-Through Certificates, Series 2007-LLF C5 (the "Lehman 2007 LLF C5 Mortgage Pool Trustee") in connection with a securitized mortgage loan secured by an office building in San Francisco, California known as the 120 Howard Property. It is our understanding that LBHI holds a second priority mezzanine loan relating to the 120 Howard Property. Such second priority mezzanine loan is not secured by the hotel, but is secured by a pledge of indirect membership interests in the mortgage borrower. The Lehman 2007 LLF Mortgage Pool Trustee is currently engaged in restructuring discussions with the third party owning the senior mezzanine position. The primary role of McKenna is to advise the special servicer with regards to matters relating to such proposed restructuring.

(c)     McKenna is representing the Lehman 2007 LLF C5 Mortgage Pool Trustee in connection with a sale and partial release of collateral requested by the mortgage borrower in a securitized mortgage loan secured by a portfolio of office buildings in Minnesota known as ERP Portfolio. It is our understanding that LBHI, one of the Debtors, holds a mezzanine loan relating to the ERP Portfolio. Such mezzanine loan is not secured by any of the mortgage collateral, but is secured by a pledge of membership interests in the mortgage borrower. The Lehman 2007 LLF C5 Mortgage Pool Trustee is currently engaged in discussions with the mortgage borrower and LBHI relating to the division of release proceeds in connection

ATLANTA:5129339.6

with such sale and partial release transaction.  The primary role of McKenna is to close such sale and partial collateral release transaction for Lehman 2007 LLF C5 Mortgage Pool Trustee.

(d)    These representations have been undertaken post-petition under terms pursuant to which McKenna would withdraw from the representation of such other clients in the event any direct adverse litigation were to ensue between the Debtors and such other clients. Accordingly, these representations would not preclude McKenna from its ongoing representation of the Debtors as special counsel on the matters on which McKenna is engaged by the Debtors.

9.    McKenna further discloses that it previously has represented, currently represents and may represent in the future Indianapolis Life Insurance Company, or its affiliates, in matters totally unrelated to the Debtors.[1]  McKenna does not and will not represent any of such entities with respect to the matters for which McKenna is proposed to be retained by the Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on August _/7_, 2009.

Declarant: Charles D. Weiss

---

[1]  Indianapolis Life Insurance Company is listed as a selected derivative counterparty on the comprehensive list of certain parties in interest created and recently updated by the Debtors after an exhaustive review of their records in consultation with management of the Debtors and through discussions with attorneys at Weil, Gotshal & Manges LLP.

ATLANTA:5129339.6