Hearing Date and Time: September 15, 2009 at 2:00 p.m.
Objection Date and Time: September 1, 2009 at 4:00 p.m.

SELTZER CAPLAN MCMAHON VITEK
A Law Corporation
750 B Street, Suite 2100
San Diego, California 92101-8177
Telephone: (619) 685-3035
Facsimile: (619) 702-6812
Email: wickham@scmv.com
Dennis J. Wickham, Esq.

Attorneys for Lusardi Construction Company

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>Petition of Peter C.B. Mitchell and D. Geoffrey Hunter, as Joint Provisional Liquidators of LEHMAN RE LTD.,<br><br>Debtor in a Foreign Proceeding. | Case No. 09-14884 (JMP)<br><br>Chapter 15<br><br>Hon. James M. Peck |

## OBJECTION OF LUSARDI CONSTRUCTION COMPANY TO MOTION Of FOREIGN REPRESENTATIVES FOR RECOGNITION AND RELATED RELIEF UNDER CHAPTER 15 OF THE UNITED STATES BANKRUPTCY CODE

Lusardi Construction Company ("Lusardi") respectfully submits this Objection to the motion for recognition as a foreign main or foreign nonmain proceeding and related relief under Chapter 15 of the United States Bankruptcy Code (the "Motion For Recognition") sought by Peter C.B. Mitchell and D.

Geoffrey Hunter, as Joint Provisional Liquidators of Lehman Re Ltd ("Lehman Re").

### I. RECOGNITION SHOULD BE DENIED BOTH AS A FOREIGN MAIN PROCEEDING AND A FOREIGN NONMAIN PROCEEDING.

The evidence presented by the applicant reveals an entity very similar to that in <u>Bear Stearns High Grade Structured Credit Strategies Master Fund, Ltd.</u>, 374 B.R. 122 (Bankr.S.D.N.Y. 2007) Here, as in <u>Bear</u>, Lehman Re entity was formed an exempted company, which as evidenced by the Declaration of Robin J. Mayor In Support of Verified Petition ("Mayor Declaration"), at paragraph 9, are:

> *"exempted from provisions of Bermuda law applying to local companies which, among other things restricts the portion of share capital which may be owned by non-Bermudians. Thus, exempted companies are predominantly owned by non-Bermudians and, although incorporated in Bermuda, may carry on business from within Bermuda normally only in connection with transactions and activities external to Bermuda."*

Measured at the time of the filing of the Petition or Recognition Lehman Re, has zero employees and zero establishment in Bermuda. Even measured almost a year ago, when a Bermuda proceeding commenced[1], Lehman Re still had no employees in Bermuda and transacted all of its business from New York, as the wholly owned subsidiary of a United States corporation, from which assets had been assigned. The First Affidavit of Douglas McBeth submitted to the Bermuda

---

[1] It is curious that the applicants are still **PROVISIONAL** Liquidators nearly a year after their appointment. The Mayor Declaration notes, at paragraph 13, that under Bermuda Law, this is an interim position until the election after a meeting of creditors. The absence of even the pro-forma election described by the Mayor Declaration strongly suggests that there are no real creditors in Bermuda.

court (attached as Exhibit "B" to the Mayer Declaration) recites that since 2002, the company had zero employees in Bermuda. See paragraph 10.

> *Commensurate with other strategic and operation decisions made across the Lehman Group at that time, the employment relationship with those individuals [the 3 to 5 employees in the Bermuda office up until 2002] ceased. About the same time, the Lehman Group sought the serves of one part time employee and outsourced many local functions to support the ongoing operations of the Company. Since the Company's establishment, it has always relied on the services and franchise of the Lehman Group.*

Id. The Company's U.S. parent was the source of its "strong capital and liquidity support." (See paragraph 11.) Although the Motion For Recognition asserts that a major portion of Lehman Re's business was with Pulsar Re, a Bermuda registered reinsurer, Mr. McBeth testifies that Pulsar is wholly owned by a US based hedge fund (see paragraph 12(b)) and that the collateral for the secured debt of Pulsar Re is located in New York (see paragraph 10). He further notes, at paragraph 27:

> *"That as a result of the Company's position as part of the Lehman group and its location in the Lehman Group offices, the administrative services required by the Company were provided by the Lehman Group, including but not limited to accounting and valuation services (to value the assets of the Company and the collateral held in various trust accounts in favor of both cedants), and the Company itself. <u>The Company is therefore wholly reliant upon personnel within the Lehman Group to continue its operations.</u>"*

(Emphasis added.) Mr. McBeth resigned and joined other Lehman directors when Lehman Brothers sale to Barclay was approved by the bankruptcy court. See paragraph 29.

The Bermuda proceeding for Lehman Re is not a foreign main proceeding. Lehman Re's own evidence confirms that it was a US centered organization which

3

would not be lawfully owned as a wholly owned subsidiary of a US Corporation except that it was exempted by Bermuda law because all business transactions and activities were required to occur "external to Bermuda." Similarly, it had no establishment in Bermuda to be a foreign nonmain proceeding.[2] It is an attempt by an insurance company centered in the United States and "exempted" from transacting any local business in Bermuda except in connection with transactions wholly outside and external to Bermuda, to seek protection of the bankruptcy laws in contravention of the public policy of the United States that domestic insurance companies are not eligible for bankruptcy protection.

## II.   IF THE ALTERNATIVE, THE ORDER GRANTING RELIEF SHOULD CLARIFY IT DOES NOT AFFECT LUSARDI'S ENFORCEMENT OF ITS MECHANIC'S LIEN UNDER NEVADA LAW.

If, for any purpose, the Court should recognize the proceeding as a foreign non-main proceeding, however, Lusardi respectfully requests that the order granting any relief clarify that the order does not affect Lusardi's action to enforce its mechanic's lien against a third party owner of the property under its mechanic's lien. (See Objection of Lusardi Construction Company to and Order Denying Motion For Preliminary Injunction.) For the same reasons found by the Court in denying Lehman Re's motion for a preliminary injunction, the enforcement by Lusardi of its Nevada state court judgment for the foreclosure of its mechanic's lien is not an action against Lehman Re or against the assets of Lehman Re. 11 U.S.C. section 1522 provides that the Court may limit relief under section 1521

---

[2] As noted by the Sun-Cal respondents, even though Lehman Re never met the test for a main or nonmain proceeding, the correct time for determining eligibility is the time of the application for recognition. Lavi v. Ran, 477 B.R. 277, 284-285 (S.D. Tex 2009). Lehman Re does not even purport to currently be an establishment in Bermuda.

4

(relief after recognition) where the interests of creditors and the debtor are sufficiently protected, and here, under applicable Nevada law, any secured claim held by the debtor against the judgment debtor in the Lusardi action is sufficiently protected.

Lusardi has pursued a state law claim against LB/VPC – NEV CENTENNIAL HILLS, LLC, ("Centennial") not Lehman Re, and has received a judgment against Centennial, and not Lehman Re. Under Nevada law, the mechanic's lien foreclosure is not the prosecution of a claim against the lender or the lender's assets. A.F. Construction Company v. Virgin River Casino Corp. (2002) 118 Nev. 699, 890. The owner of a note secured by a deed of trust on the property subject to a mechanic's lien is not a necessary party required to be joined in the mechanic's lien action, and the Nevada court may issue a judgment for the foreclosure of the mechanic's lien against the property without the participation of the lender. The facts of A.F. Construction Company, begin remarkably similar to those of Lusardi. There, the contractor filed suit against the owner of the property for a judgment enforcing its mechanic's lien. The action named the owner of the property, but not the owner of a note secured by a deed of trust. The owner defaulted, and the lower court entered a default foreclosure judgment against the owner. The assignee of the construction loan learned about the foreclosure sale and filed a complaint for declaratory relief that its lien was recorded before the commencement of the work of improvement, and thus, under Nevada law, had priority over the mechanics liens. The Nevada Supreme Court rejected the note owner's claim that is was a necessary party to the mechanic's lien action:

> *We conclude that Virgin River, a deed of trust beneficiary, was not a necessary party to the mechanic's lien enforcement proceeding, and further that AFC was not required to join Virgin River in that proceeding.*

5

> *We note that the mechanic's lien statutory scheme contemplates a straightforward enforcement proceeding, wherein the lien claimant simply must establish the validity and amount of the mechanic's lien. Requiring the lien claimant to join a deed of trust beneficiary would defeat the purpose behind the mechanic's lien enforcement proceeding.*

Id. at pages 704, 705. The Nevada Supreme Court held that the deed of trust holder can bring a subsequent action, following the enforcement proceeding, to challenge the priority and amount of the mechanic's lien.

In the case at bar, however, Lehman Re voluntarily appeared before the Nevada state court and was given an opportunity, if it chose to participate in the action, to file a complaint in intervention. Lehman Re made a tactical decision not to do so.

Nevada Law affords several remedies at law to Lehman Re. A lender who asserts that the deed of trust was recorded may commence a subsequent action to challenge the priority and amount of the mechanic's lien. A.F. Construction Co. v. Virgin River Casino Corp., 118 Nev. 699, 705. In fact, Lehman Re already has once declined the opportunity provided by the Nevada state court to bring a motion to intervene "if they believe they should be involved in the litigation." Lehman Re cannot ignore its remedies at law, and then contend it has none.

The Nevada action does not interfere with Lehman Re's proceeding in Bermuda. None of the parties to the action are, or purport to be creditors of Lehman Re. There is no risk of an unfair distribution of dividends to any creditors, whether there are any inside or outside of Bermuda. Indeed, the Bermuda liquidation proceeding has not, and cannot determine Lehman Re's right to foreclosure on Nevada deed of trust against a third party Nevada resident. Such action for foreclosure, in rem, may occur only in the Nevada Court.

### III. CONCLUSION.

Lehman Re has not met its burden of showing that it there is a foreign main or foreign nonmain proceeding pending in Bermuda, or that, even if the Court issues an order for recognition as a foreign nonmain proceeding, any relief should extend to affect Lusardi's enforcement of its mechanic's lien judgment against a third party. Lusardi respectfully requests that the motion should be denied, and any relief provided to the moving party clarify that the order does not affect Lusardi's foreclosure of its mechanic's lien.

Dated: August 31, 2009

SELTZER CAPLAN MCMAHON VITEK
A Law Corporation

By: _____
Dennis J. Wickham, Esq.
Attorneys for Lusardi Contraction Company