**RICHARDS KIBBE & ORBE LLP**  
One World Financial Center  
New York, New York 10281-1003  
Telephone: (212) 530-1800  
Facsimile: (212) 530-1801  
Michael Friedman  

**MILLER & MARTIN PLLC**  
1200 One Nashville Place  
150 Fourth Avenue, North  
Nashville, Tennessee 37219-2433  
Telephone: (615) 744-8514  
Facsimile: (615) 256-8197  
W. Neal McBrayer – *pro hac vice* pending  

*Co-Counsel for Bacar Constructors, Inc.,*  
*Humerick Environmental Construction, Inc.*  
*and Southeastern Golf, Inc.*

Hearing Date & Time  
September 15, 2009 at 2:00 p.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

_____
| | |
|---|---|
| In re: | : |
| | : |
| Petition Peter C.B. Mitchell and D. | :  Chapter 15 Case No. 09-14884 (JMP) |
| Geoffrey Hunter, as Joint Provisional | : |
| Liquidators of LEHMAN RE LTD., | : |
| | : |
| Debtor in a Foreign Proceeding | : |
_____:

### RESPONSE TO PETITION UNDER CHAPTER 15 FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING

Bacar Constructors, Inc., Humerick Environmental Construction, Inc., and Southeastern Golf, Inc. ("Respondents") submit this response to the Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Application for Order to Show Cause with Temporary Restraining Order and Preliminary Injunction (the "Petition"). By the Petition, Peter C.B. Mitchell and D. Geoffrey Hunter, as Joint Provisional Liquidators of Lehman Re Ltd. (the "Petitioners"), seek entry of an order pursuant to sections 105(a), 1504, 1507, 1515, 1517, 1520,

and 1521 of title 11 of the United States Code (the "Bankruptcy Code") recognizing a proceeding pending against Lehman Re Ltd. under the Bermuda Companies Act 1981 and the Bermuda Insurance Act 1978 in the Supreme Court of Bermuda as a "foreign main proceeding" and the Petitioners as "foreign representatives" in respect of the Bermuda proceeding. For the reasons set forth herein, the Respondents respectfully submit that the Bermuda proceeding should not be recognized as a foreign main proceeding.

**Preliminary Statement**

1.      Pursuant to this Court's Order Directing a Hearing on Petitioners' Application for Preliminary Injunction and Scheduling Recognition Hearing dated August 7, 2009 (the "Scheduling Order"), the parties were given until September 1, 2009 to file a response or objection to the Petitioners' request for recognition of the Bermuda proceeding as a foreign main proceeding, a permanent injunction and related relief. The recognition hearing has been set for September 15, 2009, at 2:00 p.m.

2.      Because Bermuda is not the center of Lehman Re's main interest as defined in section 1502(4) of the Bankruptcy Code, the Bermuda proceeding should, at most, be recognized as a foreign nonmain proceeding, provided that the Petitioners meet their burden of proof that Lehman Re has an establishment in Bermuda.

**Factual Background**

3.      The Respondents each entered into one or more contracts with Laurel Cove Development, LLC to provide certain labor, materials and/or equipment for the construction of and/or improvements to real property known as the Laurel Cove Golf & Country Club located in College Grove, Williamson County, Tennessee (the "Property"). Laurel Cove Development, LLC did not fully pay Respondents for the labor, materials and/or equipment furnished, and in

2

accordance with Tennessee law, the Respondents each filed with Williamson County Register of Deed's Office a notice of construction or mechanic's and materialmen's lien. Respondent Bacar Constructors, Inc. asserts a lien in the principal amount of $2,593,693 against the Property. Respondent Humerick Environmental Construction, Inc. asserts a lien in the principal amount of $5,112,151.31 against the Property, and Respondent Southeastern Golf, Inc. asserts a lien in the principal amount of $1,727,315.69.

4. Upon information and belief, Lehman Re is the holder of a mortgage loan made by Lehman Brothers Holdings, Inc. to Laurel Cove Development, LLC. As noted in the filings in support of the Petition, Lehman Re has reached an "agreement in principle" by which Lehman Brothers Holdings, Inc. ("LBHI"), Lehman Commercial Paper Inc. ("Lehman CPI") and Lehman ALI, Inc. will acknowledge Lehman Re's interest in and title to certain commercial and residential loans. (Mitchell Decl., ¶10). Based on filings in the LBHI bankruptcy,[1] the settlement relates to residential and commercial mortgage and mezzanine loans sold to Lehman CPI and/or Lehman Brothers Inc. by LBHI and Lehman ALI pursuant to repurchase agreements. Lehman CPI and/or Lehman Brothers Inc. in turn committed to sell the residential and commercial mortgage and mezzanine loans to Lehman Re (the "Loans"). (Motion of Lehman Brothers Holdings Inc. and Lehman Commercial Paper Inc. Pursuant to Section 105 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 for Authorization and Approval of Settlement with Lehman Re Ltd). Apparently, LBHI and Lehman ALI disputed whether Lehman CPI or Lehman Brothers Inc. had the right to sell the Loans to Lehman Re. The

---

[1] Respondents request that the Court take judicial notice of the pleadings filed and its orders entered in the case styled *In re Lehman Brothers Holdings Inc., et al.*, Case No. 08-13555(JMP), including the Motion of Lehman Brothers Holdings Inc. and Lehman Commercial Paper Inc. Pursuant to Section 105 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 for Authorization and Approval of Settlement with Lehman Re Ltd. (Docket Entry No. 4716) and the Order Signed on 8/27/2009 Authorizing and Approving Settlement with Lehman RE Ltd. (Docket Entry No. 4980).

3

proposed settlement provides, among other things, that LBHI, Lehman CPI, and Lehman ALI will execute and deliver to Lehman Re certain assignment documents with respect to the Loans and confirm that Lehman Re is, and has been, the sole owner of the Loans since September 17, 2008. *Id*. The Respondents believe the mortgage loan made by Lehman Brothers Holdings, Inc. to Laurel Cove Development, LLC to be among the Loans addressed by the settlement. *Id*. An order approving the proposed settlement was entered in the LBHI case on August 27, 2009. (Order Authorizing and Approving Settlement with Lehman Re Ltd.).

5. The Respondents have each filed suit against Laurel Cove Development, LLC and Lehman Re, as the apparent holder of the deed of trust on the Property, in the Chancery Court for Williamson County, Tennessee[2] seeking enforcement of their liens and damages for unjust enrichment.[3] Those actions are pending.

### Argument

**I. THE BERMUDA PROCEEDING IS NOT ENTITLED TO RECOGNITION AS A "FOREIGN MAIN PROCEEDING" WHERE THE CENTER OF LEHMAN RE'S MAIN INTEREST IS OUTSIDE OF BERMUDA.**

6. The Bermuda proceeding does not qualify as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code. Although the Petitioners are entitled to a presumption that Bermuda is where Lehman Re has its center of main interest under section 1516(c), the presumption "creates no more than a rebuttable evidentiary presumption, which may be rebutted notwithstanding the lack of party opposition." *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 335 (S.D.N.Y. 2008). Several factors could be relevant to determining the center of main interest, including

---

[2] At the filing of the Petition, only Respondents Bacar Constructors, Inc. and Southeastern Golf, Inc. had filed suit naming Lehman Re as a defendant. Respondent Humerick Environmental Construction, Inc. filed suit on August 11, 2009.

[3] The Respondents reserve the right to pursue other causes of action against Lehman Re, including, but not limited, to claims for equitable subordination.

4

the location of the debtor's headquarters; the location of those who actually manage the debtor (which, conceivably could be the headquarters of a holding company); the location of the debtor's primary assets; the location of the majority of the debtor's creditors or of a majority of the creditors who would be affected by the case; and/or the jurisdiction whose law would apply to most disputes.

*In re SPhinX, Ltd.*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006). In this case, the facts establish that Lehman Re's center of main interest is likely the United States, but certainly not Bermuda.

7. Lehman Re is a wholly owned subsidiary of LBHI, a Delaware corporation. (Mitchell Decl., ¶ 6; Petition, ¶ 9). LBHI and its subsidiaries "provided substantial financial and operational support" for Lehman Re. (Petition, ¶ 25). Lehman Re "accessed a substantial portion of its books and records electronically through a system known as LehmanLive," which was maintained by LBHI and its subsidiaries. (Petition, ¶ 25). The Bermuda proceeding was precipitated, at least in part, by the bankruptcy filing of LBHI and its subsidiaries. (Petition, ¶ 14). The Loans, including Laurel Cove Development, LLC loan, are "a substantial part of the Lehman Re estate." (Mitchell Decl., ¶¶ 10 & 14). Lehman Re currently has no employees in Bermuda. (Mitchell Decl., ¶ 6).

II. **EVEN IF THE PETITIONERS ARE GRANTED CHAPTER 15 RELIEF ON THE BASIS THAT THE BERMUDA PROCEEDING IS A "FOREIGN NONMAIN PROCEEDING," THE PETITIONERS ARE NOT ENTITLED TO BROAD PERMANENT INJUNCTIVE RELIEF.**

8. The Petitioners improperly seek to permanently enjoin parties from "commencing or continuing any action or legal proceeding" against Lehman Re. (Petition, ¶ 44). The request is procedurally improper. Under section 1521(a)(1) of the Bankruptcy Code, the court may stay "the commencement or continuation of an individual action or proceeding concerning the debtor's assets, rights, obligations or liabilities . . ." 11 U.S.C. § 1521(a)(1). The Petitioners seek a broad injunction against all actions, not an individual action. Both sections 1521(a)(1), by specifying that the stay may be applicable to an individual action or proceeding, and 1521(e)

5

contemplate that a Chapter 15 debtor will comply with Rule 7001 of the Federal Rules of Bankruptcy Procedure by seeking injunction relief through an adversary proceeding. Fed. R. Bankr. P 7001(7). Section 1521(e) states that "[t]he standards, procedures, and limitations applicable to an injunction shall apply to relief under" paragraph (a)(1). 11 U.S.C. § 1521(e). Because the Petitioners have not sought injunctive relief through an adversary proceeding, the request for injunction relief should be denied.

9.  Even if the request for a permanent injunction was procedurally proper, the Petitioner has failed to establish the standards for a permanent injunction. A four-factor test applied to requests for a permanent injunction:

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C*., 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L.Ed.2d 641, 643 (2006) (citations omitted), *quoted in In re Adelphia Communications Corp*., 345 B.R. 69, 84 (Bankr. S.D.N.Y. 2006).

10.  The Petitioners have not suffered an irreparable injury. Petitioners claim that irreparable injury is present because there is a risk of "'the premature piecing out of property involved in a foreign liquidation proceeding'" and that the assets of Lehman Re have been threatened. However, the Petitioners do not explain how the state court actions commenced by the Respondents threaten the deed of trust held by Lehman Re. No explanation is given because the asset is not at risk. Lehman Re's deed of trust would remain in place even if the Respondents were ultimately successful in their actions to enforce their liens.

11. The Petitioners have legal remedies available to them other than injunctive relief. The Petitioners can appear in the state court actions to challenge the claims of the Respondents. Other than expressing that Bermuda is a more convenient forum for them, the Petitioners have failed to show why the available legal remedies are inadequate.

12. If a permanent injunction is granted, the hardship to the Respondents is greater than the hardship to the Petitioners. The Respondents have supplied labor, materials and/or equipment that have benefited the Property, which is subject to Lehman Re's deed of trust. Through the permanent injunction, the Petitioners seek to have the Respondents litigate the value of their services and their rights in the Property in a forum other than where owner of the Property and the Property are located.

13. Finally, the public interest would not be served by the grant of the permanent injunction. There is no public policy that favors allowing a "foreign nonmain proceeding" the same benefits as a "foreign main proceeding."

**Conclusion**

For the foregoing reasons, Respondents request entry of an order denying the request for recognition of the Bermuda proceeding as a "foreign main proceeding" and the request for injunctive relief.

Dated: September 1, 2009

RICHARDS KIBBE & ORBE LLP

/s/ Michael Friedman
Michael Friedman
One World Financial Center
New York, New York 10281-1003
Telephone: (212) 530-1800
Facsimile: (212) 530-1801

and

**MILLER & MARTIN PLLC**
W. Neal McBrayer – *pro hac vice* pending
1200 One Nashville Place
150 Fourth Avenue, North
Nashville, Tennessee 37219-2433
Telephone: (615) 744-8514
Facsimile: (615) 256-8197

*Co-Counsel for Bacar Constructors, Inc.
Humerick Environmental Construction, Inc.
and Southeastern Golf, Inc.*