E-FILED

MAR 3 0 2009

23

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | DOCKET NO._____ | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: SJD PARTNERS, LTD. | | Case Number: 8:08-bk-17242 |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): Lehman ALI, Inc.

Name and address where notices should be sent:

Lehman ALI, Inc., Attn: Gerald Pietroforte         Weil, Gotshal & Manges LLP, Attn: Shai Y. Waisman
1271 Sixth Avenue, 46th Floor     with a copy to:   767 Fifth Avenue
New York, New York 10020                            New York, New York 10153

Telephone number:
(646) 333-4027

Name and address where payment should be sent (if different from above):

Lehman ALI, Inc., Attn: Gerald Pietroforte
1271 Sixth Avenue, 46th Floor
New York, New York 10020

Telephone number:
(646) 333-4027

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:   $ See Exhibit "1"

   If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

   If all or part of your claim is entitled to priority, complete item 5.

   ☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: See Exhibit "1"
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____ 7A49 _____

   3a. Debtor may have scheduled account as: _____
       (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:   ☒ Real Estate   ☐ Motor Vehicle   ☒ Other
   Describe:

   Value of Property: $ Undetermined   Annual Interest Rate: As specified in the Loan Documents, as defined in Exhibit "1"

   Amount of arrearage and other charges as of time case filed included in secured claim,
   if any: $ See Exhibit "1"   Basis for perfection: See Exhibit "1"

   Amount of Secured Claim: $ See Exhibit "1"   Amount Unsecured: $ See Exhibit "1"

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| DATE: 3/ /2009 27 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>Print:   Gerald Pietroforte, Managing Director<br>Signature:  /s/ | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

NY2:\1981326\04\16GS04!.DOC\58399.0003

B10 (Official Form 10) (12/08) – Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

1. **Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

2. **Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care foods or services, limit the disclosure of the foods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files and objection to your claim.

3. **Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

   3a. **Debtor May Have Scheduled Account As:**
   Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

4. **Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

5. **Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

6. **Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

7. **Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

___DEFINITIONS___    ___INFORMATION___

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. § 101 (10)

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C § 101 et seq.), and any applicable orders of the bankruptcy court.

NY2:\1900674\01\14QKS01!.DOC\99980.0001

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| In re<br><br>Palmdale Hills Property, LLC, and its Related Debtors.<br><br>Jointly Administered Debtors and Debtors-in-Possession | Case No.: 8:08-bk-17206-ES<br><br>Jointly Administered with Case Nos. 8:08-bk-17209-ES; 8:08-bk-17240-ES; 8:08-bk-17224-ES; 8:08-bk-17242-ES; 8:08-bk-17225-ES; 8:08-bk-17245-ES; 8:08-bk-17227-ES; 8:08-bk-17246-ES; 8:08-bk-17230-ES; 8:08-bk-17231-ES; 8:08-bk-17236-ES; 8:08-bk-17248-ES; |
|---|---|
| Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☒ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SCC Communities LLC<br>☐ SunCal Communities III, LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF, LLC<br>☐ LB-L-SunCal Oak Valley, LLC<br>☐ SunCal Heartland, LLC<br>☐ LB-L-SunCal Northlake, LLC<br>☐ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>☐ SunCal PSV, LLC<br>☐ Delta Coves Venture, LLC<br>☐ SunCal Torrance, LLC<br>☐ SunCal Oak Knoll, LLC | 8:08-bk-17249-ES; 8:08-bk-17573-ES; 8:08-bk-17574 ES; 8:08-bk-17575-ES; 8:08-bk-17404-ES; 8:08-bk-17407-ES; 8:08-bk-17408-ES; 8:08-bk-17409-ES; 8:08-bk-17458-ES; 8:08-bk-17465-ES; 8:08-bk-17470-ES; 8:08-bk-17472-ES; and 8:08-bk-17588-ES.<br><br><br>**EXHIBIT "1" TO PROOF OF SECURED CLAIM OF**<br>**LEHMAN ALI, INC.** |

1

NY2:\1981448\01\16GW801!.DOC\58399.0003

1  Pursuant to section 501 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3003, this proof of claim (the "*Claim*") is made by and on behalf of Lehman ALI, Inc. as agent for the lenders (the "*Agent*") under that certain Term Loan and Revolving Line of Credit Loan Agreement dated as of February 16, 2006 (as amended and/or supplemented, the "*Loan Agreement*") and the various related loan documents as well as any other documents evidencing perfection (collectively, including any amendments and/or supplements thereto, together with the Loan Agreement, the "*Loan Documents*").[1] This Claim is made by the undersigned, Gerald Pietroforte, who is a duly authorized signatory of the Agent, and is authorized to make and file this Claim on behalf of the Agent.

The liability of SJD Partners, Ltd. (the "*Debtor*")[2] to the Agent arises under the Loan Documents with respect to which the following amounts were, and still are, due and owing under the Loan Documents. The liability against the Debtor arises because the Debtor is the borrower under the Loan Agreement. Such amounts are summarized as follows:[3]

| Facility | Description | Amount |
| --- | --- | --- |
| Term | Principal | $88,123,683.52 |
|  | Interest Owing | $13,439,831.95 |
|  | Other Charges and Fees | $36,666.63 |
| Pac Point Revolver | Principal | $16,686,297.87 |
|  | Interest Owing | $1,814,590.18 |
|  | Service Fee | $9,166.63 |
| TOTAL |  | $120,110,236.78 |

---

[1] Any reference to the rights of the Agent described herein shall also incorporate and include the rights of the lenders under the Loan Documents.

[2] The Agent is simultaneously filing proofs of claim against the Debtor and SJD Development Corp. based upon their liabilities arising under the Loan Documents.

[3] Amounts noted are as of November 7, 2008, the petition date in the Debtor's chapter 11 case. The Agent reserves the right to assert a claim for any postpetition amounts due and owing.

2

The Agent is the holder of valid and perfected first priority security interests in and liens on substantially all of the tangible and intangible assets of the Debtor, including, but not limited to, the following (collectively, the "*Collateral*"):

(a) any real or personal property granted by the Debtor pursuant to a deed of trust on the property commonly referred to as Pacific Pointe;

(b) accounts, chattel paper, deposit accounts, documents, equipment, general intangibles, instruments, inventory, investment property, letter of credit rights and any supporting obligations related to any of the foregoing;

(c) all books and records pertaining to the Collateral;

(d) goods and personal property (including fixtures);

(e) intellectual property;

(f) investment property;

(g) money, cash and any cash equivalents; and

(h) all proceeds, rents and products of any and all of the foregoing, in any form, as more thoroughly set forth in the Loan Documents and the amendments and supplements thereto.

Because of their substantial volume, the Loan Documents are not annexed as exhibits hereto but are incorporated herein by reference and are available for inspection at the offices of the Agent's counsel, Weil, Gotshal & Manges LLP, 1395 Brickell Avenue, Suite 1200, Miami, Florida 33131, attn: Nellie Camerik, Esq. and Elisa R. Lemmer, Esq. The Loan Documents are on file with the Debtor and can be provided to the Court upon request. Any party in interest who wishes to view or obtain copies of any of the Loan Documents or other related documents referenced in this Claim may contact the Agent's counsel at the address noted herein.

1   This Claim is not subject to any set-off or counterclaim by the Debtor.

2   This Claim is filed as a secured claim to the extent of the value of the
3   Collateral. If the value of such Collateral is insufficient to satisfy the amounts asserted in
4
5   this Claim, this Claim is filed as a general unsecured claim to the extent of any such
6   deficiency.

7   Nothing in this proof of secured claim constitutes an election under section
8   1111(b) of the Bankruptcy Code, as to which the Agent expressly reserves all of its rights
9   and elections.

10  The Agent reserves the right to amend and/or supplement this Claim,
11  including any exhibits filed concurrently herewith, and to assert any and all other claims
12
13  of whatever kind or nature that they or any of them have, or they or any of them may
14  have, against the Debtor that come to the Agent's attention or arise after the filing of this
15  Claim. The filing of this Claim shall not be deemed a waiver of any such claims.

16  A portion of the claims asserted in this Claim may be entitled to
17  administrative expense priority. This Claim is without prejudice to the Agent to assert an
18  administrative expense claim against the Debtor.

19  In filing the Claim, the Agent expressly reserves all rights and causes of
20
21  action, including without limitation, contingent or unliquidated rights that it may have
22  against the Debtor. The description of claims and the classification thereof herein is not a
23  concession or admission as to the correct characterization or treatment of any such claims
24  or a waiver of any rights of the Agent under the Loan Documents. Furthermore, the
25  Agent expressly reserves all rights to amend, modify and/or supplement the Claim in any
26  respect, including without limitation, with respect to filing an amended proof of claim to
27  fix and liquidate any contingent or unliquidated claim set forth herein, or to file additional
28

4

proofs of claim for additional claims, including without limitation, claims for interest, fees and related expenses (including attorneys' fees) that are not ascertainable at this time. The Claim is filed without prejudice to the filing by the Agent of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of the Debtor.

The filing of the Claim is not and shall not be construed as an election of remedies or limitation of rights or remedies. In filing this Claim, the Agent does not waive or release: (i) its rights and remedies against any other person or entity who may be liable for all or part of the claims set forth in this Claim, whether an affiliate or subsidiary of the Debtor, a guarantor, an assignee or otherwise, (ii) any obligation owed to it, or any right to any security that may be determined to be held by it for its benefit or (iii) any past, present or future defaults or events of default by the Debtor or any other person or entity.

Nothing contained in the Claim is intended to be a waiver or release of any rights, claims, actions, defenses, setoffs or recoupments to which the Agent is or may be entitled under any agreements, instruments or documents, in law or equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved. In filing this Claim, the Agent does not submit itself to the jurisdiction of this Court for any purpose other than with respect to the claims asserted in this Claim.

All notices concerning this Claim should be sent to:

Lehman ALI, Inc.
1271 Sixth Avenue, 46th Floor
New York, New York 10020
Attn: Gerald Pietroforte

with copies to:

| | |
|---|---|
| 1 | Weil, Gotshal & Manges LLP |
| 2 | 767 Fifth Avenue |
|   | New York, New York 10153 |
| 3 | Facsimile: (212) 310-8007 |
|   | Attn: Shai Y. Waisman, Esq. |
| 4 | |
|   | -and- |
| 5 | |
| 6 | Weil, Gotshal & Manges LLP |
|   | 1395 Brickell Avenue, Suite 1200 |
| 7 | Miami, Florida 33131 |
|   | Facsimile: (305) 374-7159 |
| 8 | Attn: Nellie Camerik, Esq. and Elisa R. Lemmer, Esq. |

*[The remainder of this page is intentionally blank]*

Dated: March 27, 2009

Lehman ALI, Inc.

By: /s/ Gerald Pietroforte
Gerald Pietroforte

NY2:\1981448\01\16GW801!.DOC\58399.0003