## COMPARISON OF FACTS BEARING ON RECOGNITION
## BEAR STEARNS[1] VS. LEHMAN RE

| Bear Stearns | Lehman Re |
|---|---|
| Registered in foreign jurisdiction.<br><br>389 B.R. at 328. | Same.<br><br>However, it should be noted that Lehman Re is wholly-owned by Lehman Brothers, whose operations are located in New York. In contrast, the Bearn Stearns hedge fund was sponsored and managed from Bear Stearns headquarters in New York. In the case of Bear Stearns, the JPLs could argue that at least some of the "investors" were non-United States parties. Here Lehman Brothers owned and effectively operated everything – from New York.<br><br>Verified Petition, ¶ 9. |
| Audit and taxes prepared in foreign jurisdiction.<br><br>389 B.R. at 338. | Appears to be the same.<br><br>In the Petition to the Supreme Court of Bermuda dated September 23, 2008, Ex. A to the Declaration of Robin Mayer, dated August 6, 2009 (the "Bermuda Petition"), Lehman Re states that it had one part-time employee in Bermuda. This employee, whose duty was to report to the Bermuda Monetary Board was fired in December of 2008, a year prior to the filing before this Court.<br><br>Bermuda Petition, ¶ 12; Verified Petition, ¶ 10. |
| No employees in foreign jurisdiction when case filed<br><br>389 B.R. at 337. | Same.<br><br>Lehman Re had no employees when the petition was filed which is the relevant time frame. Moreover, Lehman Re had only one "employee" in Bermuda since 2002. Apparently, this geographic placeholder was only maintained because of a was requirement under Bermuda law. All other employees were |

---

[1] Citations in this chart reference the District Court opinion in *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325 (S.D.N.Y. 2008).

| | |
|---|---|
| | terminated in 2002 – seven years before the petition was filed.<br><br>Verified Petition, ¶ 10. |
| Sponsor located in New York<br><br>389 B.R. at 337. | Same.<br><br>Lehman Re acknowledges that all of its essential business operations were performed in New York:<br><br>(a) "The Company, as a subsidiary of Holdings, has in the past, been provided with full administrative support by the Lehman Group in order to operate effectively."<br><br>Bermuda Petition, ¶ 12.<br><br>(b) "The Company has only one part time employee in Bermuda."<br><br>Bermuda Petition, ¶ 12.<br><br>(c) *This one part-time employee was a statutory requirement only, who was terminated in December of 2008.*<br><br>Verified Petition, ¶ 10.<br><br>The concept that a single individual could engage in "nontransitory" international reinsurance activity in Bermuda strains credulity to the breaking point. |
| Operations and related books and records in New York<br><br>389 B.R. at 337. | Same.<br><br>Lehman Re carefully parses its words regarding this issue, stating that "necessary corporate records" were maintained in Bermuda. This appears to refer to the articles of incorporation or the Bermuda equivalent. However, in paragraph 34 of the Verified Petition Lehman Re effectively admits that the books and records were maintained by Lehman in New York and that Lehman Re only had |

| | |
|---|---|
| | electronic access. Further, it is difficult to see how Lehman Re could credibly argue that one "part-time" employee ran the "nontransitory economic" reinsurance operation and kept the related books and records as well. Certainly, no such evidence is before the Court.<br><br>Bermuda Petition, ¶ 12; Verified Petition, ¶ 34. |
| Sole material asset in foreign jurisdiction – bank account with remaining liquid assets. However, the record indicates that cash assets were historically maintained in New York.<br><br>389 B.R. at 338. | Substantially the same.<br><br>Lehman Re apparently has some cash in a Bermuda bank account. However, it is not clear when it arrived there, from what sources, and why it is maintained there. Under *Bear Stearns*, the mere existence of this asset in the foreign jurisdiction does not rise to the level of nontransitory economic activity to satisfy the definition of "establishment" under 11 U.S.C. § 1502, the minimum required for nonmain recognition under § 1517(b)(2).<br><br>Verified Petition, ¶ 21. |
| Two of directors located in foreign jurisdiction.<br><br>389 B.R. at 338. | Four of Lehman Re's six were former directors Lehman employees. There is no evidence that the remaining two directors had any connection to Bermuda.<br><br>Bermuda Petition, ¶ 12. |

DB2/21296435.2