UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                    :

In re                                               :        Chapter 11 Case No.
                                               :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)
                                               :

        Debtors.                             :        (Jointly Administered)
                                               :
                                               :
------------------------------------------------------------------x

### SUPPLEMENTAL DECLARATION OF ADAM TRUE IN CONNECTION WITH RETENTION AND EMPLOYMENT OF NATIXIS NORTH AMERICA INC. AS STRATEGIC ADVISOR

Adam True makes this declaration under 28 U.S.C. § 1746, and states:

1.      I am an attorney in the U.S. Legal Department of Natixis North America Inc. (successor by merger to Natixis Capital Markets Inc., "Natixis"). I make this declaration in support of the November 10, 2008 declaration of Joshua Laterman in support of Lehman Brothers Holdings Inc.'s ("LBHI," together with its affiliated debtors and debtors in possession the "Debtors" and collectively with Natixis the "Parties") motion pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") for authorization to employ Natixis as strategic advisor (the "Natixis Retention Motion") [Docket No. 1469]. The retention and employment of Natixis was approved by order (the "Engagement Order") of this court on December 18, 2008 [Docket No. 2308].

### The Natixis Engagement

2.      The engagement letter between Natixis and LBHI, dated November 12, 2008 (as amended and restated December 1, 2008 and December 12, 2008, the "Initial Engagement Letter") and filed as Exhibit A to the Natixis Retention Motion, provided LBHI with the option to request that Natixis perform certain additional services (the "Phase II Services") for

implementing disposition strategies identified by Natixis during the course of its initial services. The fee structure for the Phase II Services, however, had not been negotiated when the Parties entered into the Initial Engagement Letter and thus was not included among its provisions, as the nature and scope of the particular Phase II Services were not yet determined.

3. LBHI has now determined the nature and scope of the Phase II Services, and has requested that Natixis perform the Phase II Services pursuant to an incentive fee structure (the "Incentive Fee Structure") that is mutually satisfactory to the Parties. I have been informed that the statutory committee of unsecured creditors appointed in the above referenced chapter 11 cases has been briefed on the Phase II Services, has reviewed the Incentive Fee Structure, and consents to both.

4. I am submitting this affidavit for the purpose of disclosing the Incentive Fee Structure.

### The Incentive Fee Structure

5. LBHI has agreed to pay Natixis fees equal to 3.0% of the amount equal to the product of (a) the value of certain financial products assigned by Lehman to third parties pursuant to the Phase II Services, and (b) the percentage of cash flows from such financial products payable to Lehman under such assignments (provided that if percentages vary, the figure used for this calculation will be the weighted average percentage for each included financial product) minus 55% (the "Success Fees"). The Success Fees are capped at $3,625,000.00.

6. Natixis shall continue to earn hourly fees for activities directly relating to the services described in the Initial Engagement Letter, payable pursuant to the fee structure described therein (the "Hourly Fee Structure"). Natixis shall also be paid hourly fees pursuant to

the Hourly Fee Structure for Phase II Services (the "Phase II Hourly Fees"), provided however, that all such Phase II Hourly Fees will be credited against any Success Fees that are ultimately determined payable to Natixis by LBHI.

7. In addition, LBHI has agreed, upon request, to reimburse Natixis for all reasonable out-of-pocket expenses incurred in connection with the Phase II Services. As with the initial services, Natixis shall provide LBHI with detailed invoices with respect to the Phase II Services and expenses.

I declare under penalty of perjury that, to the best of my knowledge, and after reasonable inquiry, the foregoing is true and correct.

Dated this 1st day of September, 2009

By: /s/ Adam True
Adam True
Natixis North America Inc.