UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
 : 
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
 : 
Debtors. : (Jointly Administered)
 : 
 : 
------------------------------------------------------------------x

ORDER PURSUANT TO SECTIONS
327(e) AND 328(a) OF THE BANKRUPTCY
CODE AUTHORIZING THE EMPLOYMENT AND RETENTION
OF HUDSON GLOBAL RESOURCES MANAGEMENT, INC. AS PROVIDER
OF CONTRACT ATTORNEYS, *NUNC PRO TUNC* TO JANUARY 27, 2009

Upon consideration of the application, dated August 19, 2009 (the "Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to employ and retain Hudson Global Resources Management, Inc. ("Hudson") as provider of contract attorneys to the Debtors *nunc pro tunc* to January 27, 2009; and the Court being satisfied, based on the representations made in the Application, that Hudson and the Contract Attorneys represent no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under section 327 of the Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (ii) the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

>ORDERED that the Application is approved; and it is further

>ORDERED that pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain Hudson as provider of contract attorneys to the Debtors under the terms of the Agreement annexed as Exhibit A to the Application, effective *nunc pro tunc* to January 27, 2009; and it is further

>ORDERED that the terms of the Agreement, including without limitation, the fee provisions, are reasonable terms and conditions and are approved; and it is further

ORDERED that Hudson will not be required to file interim fee applications pursuant to sections 330 and 331 of the Bankruptcy Code, and that the Debtors are authorized to pay Hudson in such amounts and at such times as is provided in the Agreement without further order of this Court; and it is further

ORDERED that the Contract Attorneys who will be providing legal services to the Debtors must individually complete and execute an affidavit and disclosure statement (the "Affidavit"), substantially in the form annexed hereto as Exhibit 1, certifying that they do not represent or hold any interest adverse to the Debtors or their estates; and it is further

ORDERED that the Debtors' attorneys shall file the Affidavit with the Court and serve a copy thereof upon the (i) U.S. Trustee, and (ii) Creditors' Committee (together with the Debtors, the "Reviewing Parties"); and it is further

ORDERED that the retention, employment, and compensation of the Contract Attorneys shall be deemed approved as of the date of the filing of the Affidavits without the need for a hearing and without further order from the Court, *provided*, *however,* no objection is filed by the Reviewing Parties within ten days of the filing of the Affidavits; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
      September 1, 2009

                                    *s/ James M. Peck*
                                   UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**Affidavit and Disclosure Statement**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
:
**In re**                                                  :   **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :   **08-13555 (JMP)**
:
　　　　　　　　**Debtors.**                      :   **(Jointly Administered)**
:
----------------------------------------------------------------x

　　　　　**AFFIDAVIT AND DISCLOSURE STATEMENT OF** _____

STATE OF _____  )
　　　　　　　　　　　　　　) ss:
COUNTY OF _____  )

_____, being duly sworn, upon his oath, deposes and says:

　　　　1.　　I am a lawyer admitted to practice in the State of _____. I am not affiliated with any law firm. I am employed by _____, a staffing agency.

　　　　2.　　I am not an insider of the debtors in the above-captioned bankruptcy cases (the "<u>Debtors</u>"). I do not hold any claim, debt or equity security of the Debtors.

　　　　3.　　I am not, and have not been within two years before September 15, 2008, a director, officer, or employee of any of the Debtors.

　　　　4.　　I am not, and have not been within three years before September 15, 2008, an investment banker for any outstanding security of any of the Debtors.

　　　　5.　　I am not, and have not been within two years before September 15, 2008, an investment banker for a security of any of the Debtors, or an attorney for any such investment banker in connection with the offer, sale, or issuance of a security for any of the Debtors.

6. I do not have any connections with (a) any Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, (b) the United States Trustee (Region 2), or (c) any person employed by the United States Trustee (Region 2).

7. I have reviewed the list of identified parties set forth in the Master Conflicts List. Based upon my review of that list, I hereby disclose the following connections to parties set forth on that list: [i.e. "I worked as a contract attorney for _____ on matters unrelated to Lehman Brothers" or I have nothing relevant to disclose."]

8. If I should discover any facts bearing on the matters described herein, I will supplement the information contained in this Affidavit.

By: _____

Subscribed and sworn to before me
this ___ day of _____, 2009

_____
      Notary Public