Amish R. Doshi (AD5996)
**DAY PITNEY LLP**
7 Times Square
New York, New York 10036-7311
Telephone:   (212) 297-5800
Facsimile:   (212) 916-2940

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**LEHMAN BROTHERS HOLDINGS, INC.,** *et al.*,<br><br>Debtors. | **Chapter 11**<br><br>**Case No. : 08-13555 (JMP)**<br><br>**(Jointly Administered)** |
| In re:<br><br>**LEHMAN BROTHERS SPECIAL FINANCING, INC.**<br><br>Debtors. | **Chapter 11**<br><br>**Case No. : 08-13888 (JMP)**<br><br>**(Jointly Administered)** |

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY PURSUANT TO FED. R. BANKR. P. 3001 (e) (2)

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a), by Alliance Laundry Systems LLC (the "Transferor"), against Lehman Brothers Special Financing Inc., in the amount of $1,046,015.30, which has been designated as Claim No. 1300 (the "Claim"). Assignee (as that term is defined below) hereby gives notice pursuant to Fed. R. Bankr. P. Rule 3001(e)(2), of the transfer, other than for security, of the Claim (the "Transferred Claim"). A copy of the Evidence of Transfer of Claim is attached hereto as Exhibit "A" and is incorporated by reference.

**Name of Assignee:**                                **Name of Transferor:**

SPCP Group, L.L.C., as agent for                     Alliance Laundry Systems LLC
Silver Point Capital Fund, L.P. and
Silver Point Capital Offshore Fund, Ltd.

| **Name and Address where notices notices to Assignee should be sent:** | **Name and Address where Assignee payments should be sent:** |
|---|---|
| Day Pitney LLP<br>7 Times Square<br>New York, New York 10036<br>Attn: Ronald S. Beacher, Esq.<br>Telephone    (212) 297-5812 | SPCP Group, L.L.C.<br>Two Greenwich Plaza<br>Greenwich, Connecticut 06830<br>Attn: Brian A. Jarmain<br>Telephone:   (203) 542-4032 |

    The Transferor has waived its rights, pursuant to Rule 3001 (e)(2) of the Bankruptcy Rules, to receive from the Clerk of the Court notice of filing of the evidence of transfer of the Claim and its right to object to such transfer within twenty (20) day period set forth therein. The Transferor stipulates that an order may be entered recognizing the transfer of the Claim as an unconditional transfer and the Assignee as the valid owner of the Claim.

Dated: New York, New York
       September 2, 2009

**DAY PITNEY LLP**

By: _____
    Amish R. Doshi (AD5996)
7 Times Square
New York, New York 10036
Telephone: (212) 297-5800
Facsimile: (212) 916-2490

*Attorneys For SPCP Group, L.L.C., As Agent For Silver Point Capital Fund, L.P. And Silver Point Capital Offshore Fund, Ltd.*

# EXHIBIT A

81492601A01090209

## EVIDENCE OF TRANSFER OF CLAIM

### TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **ALLIANCE LAUNDRY SYSTEMS LLC** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to **SPCP GROUP, L.L.C.**, as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. ("Assignee"), all of Assignor's right, title, interest, claims (as that term is defined in 11 USC § 101(5)) and causes of action in and to, or arising under or in connection with the claims set forth in Proof of Claim Number 1300 filed by Alliance Laundry Equipment Receivables Trust 2005 A (the "Trust") in an amount of not less than $1,046,015.30 (the "Assigned Claim") against Lehman Brothers Special Financing Inc. (the "Debtor"), the debtor-in-possession in Case No. 08-13888 (jointly administered under Case No. 08-13555) (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all other proofs of claim filed by the Trust or Assignor with the Bankruptcy Court in respect of the Assigned Claim. The Trust has previously assigned all of its right, title and interest in and to the Assigned Claim to Assignor.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Assigned Claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim for all purposes, including, without limitation, voting and distribution purposes. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of the Assigned Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on July 10, 2009.

ALLIANCE LAUNDRY SYSTEMS LLC

By: _____
Name of person signing: Bruce P. Rounds
Title of person signing: Vice President Chief Financial Officer