WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter Gruenberger

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

**STIPULATION BY AND BETWEEN OCCIDENTAL POWER SERVICES, INC., OCCIDENTAL ENERGY MARKETING, INC. AND LEHMAN BROTHERS COMMODITY SERVICES, INC., CONCERNING THE MOTION OF OCCIDENTAL POWER SERVICES, INC. AND OCCIDENTAL ENERGY MARKETING, INC. TO EFFECTUATE SETOFF AND SETTLE OUTSTANDING DERIVATIVE CONTRACTS AND FOR RELATED RELIEF**

WHEREAS, Occidental Power Services, Inc. ("OPSI") and Occidental Energy Marketing, Inc. ("OEMI" and together with OPSI, "Occidental") filed a Motion to Effectuate Setoff and Settle Outstanding Derivative Contracts and for Related Relief [D.I. # 4238] (the "Setoff Motion");

WHEREAS, debtor Lehman Brothers Commodity Services, Inc. ("LBCS") and its debtor affiliates (jointly, the "Debtors") have indicated an intent to oppose the relief sought in the Setoff Motion;

WHEREAS, the Official Committee of Unsecured Creditors (the "Creditors' Committee") has also indicated an intent to oppose the relief sought in the Setoff Motion;

WHEREAS, Occidental, the Debtors and the Creditors' Committee (the "Parties") are amenable to exploring alternative dispute resolution ("ADR") to resolve the Setoff Motion and to that end have executed this stipulation (the "Stipulation"); and

IT IS HEREBY STIPULATED AND AGREED, subject to Court approval that:

1. Except as agreed to otherwise herein, the Setoff Motion and all disputes arising by and between the Parties concerning the derivative contracts at issue in the Setoff Motion (the "Derivative Contracts") are to be referred to ADR according to M-143 Amended General Order regarding Adoption of Procedures Governing Mediation of Matters in Bankruptcy Cases and Adversary Proceedings in the Southern District of New York (the "Standing Mediation Order") as modified by the attached Appendix (the "ADR Procedures"). The Parties agree to confer in the selection of a mediator, and if no agreement is reached between the Parties as to a mediator, a mediator will be appointed under section 2.0 of the Standing Mediation Order;

2. Upon approval of this Stipulation, the Setoff Motion will be withdrawn without prejudice until the conclusion of the ADR proceedings;

3. Any and all interest accruing on the Derivative Contracts shall be tolled as of July 7, 2009 pending the termination of the ADR proceedings, denoted by the termination of mediation in the absence of an agreement in principle to resolve all disputes by and between the parties concerning the Derivative Contracts;

4. Upon termination of the Derivative Contracts identified in the Setoff Motion, OPSI alleged that it owed LBCS $2,700,581, and OEMI alleged that LBCS owed OEMI $1,802,435. OPSI alleges in the Setoff Motion that it may set off the claim of OEMI against the debt owed by OPSI. Were such setoff allowed, the net payable ("Net Payable") without taking into account interest, from OPSI to LBCS would be $898,146 (calculated by subtracting

$1,802,435 from $2,700,581). The parties agree that as of the date of termination, the amount due by OPSI to LBCS was $2,700,581, and the amount due by LBCS to OEMI was $1,802,435. The parties disagree however on the calculation of any and all interest due and owing between the parties and on the permissibility of the setoff;

5. Within five (5) business days of the entry of an Order approving this Stipulation, as provided in section 1.2 of the Standing Mediation Order, Occidental shall tender the Net Payable (as calculated above) plus all accrued interest thereon (as provided for under the respective ISDA agreements which are the subject of the Setoff Motion), as of July 7, 2009 (as calculated by Occidental) to Debtors' counsel, pursuant to wire transfer instructions to be provided by the Debtors;

6. Occidental's tender of the Net Payable plus accrued interest thereon pursuant to paragraph 5 above, is without prejudice to the Debtors' and/or Creditors' Committee's ability to later verify and/or challenge the interest rate calculation, reconcile or challenge the amount of interest alleged to be due and owing under the Derivative Contracts; and/or insist upon further payment of interest;

7. The Debtors and the Creditors' Committee agree to forego and irrevocably waive any argument that OPSI or OEMI violated the automatic stay imposed by 11 U.S.C. § 362 by allegedly withholding payment under the Derivative Contracts and/or with respect to the timing or filing of the Setoff Motion, provided however, that the Debtors and the Creditors' Committee reserve their right to argue and do not agree to waive any argument that the proposed setoff is impermissible;

8. Except as set forth in the foregoing paragraph 7, all rights, claims, and defenses are expressly preserved by the respective Parties; and

9. All parties to the ADR shall bear their own costs and expenses associated with participating in the mediation, and share equally the cost of the mediator's fee.

WHEREFORE, the Parties, by and through their undersigned counsel, respectfully request that the Court Order the relief sought in this Stipulation.

/s/ Peter Gruenberger
Peter Gruenberger (PG 6040)
Eleanor Gilbane (EG 0764)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession


/s/ David J. Adler
David J. Adler, Esquire (# DA0048)
Eduardo J. Glas, Esquire (# EG7027)
McCARTER & ENGLISH, LLP
245 Park Avenue
27th Floor
New York, New York  10167
(212) 609-6800 - Telephone
(212) 609-6921 - Facsimile
eglas@mccarter.com

and

        Katharine L. Mayer, Esquire
        McCarter & English, LLP
        Renaissance Centre
        405 N. King Street, 8th Floor
        Wilmington, DE 19899
        (302) 984-6300 - Telephone
        (302) 984-6399 - Facsimile
        kmayer@mccarter.com

        *Attorneys for Occidental Energy Marketing, Inc.*
        *and Occidental Power Supply, Inc.*

**SO ORDERED:**

Dated: New York, New York
      September 9, 2009

        *s/ James M. Peck*
        Honorable James M. Peck

5

# APPENDIX

# ADR PROCEDURES

A. <u>NOTICE/RESPONSE STAGE</u>

    1. <u>Notice/Response</u>. The initial stage of the Derivatives ADR Procedures will be a notice/response stage, providing the parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve the Parties' dispute ("Dispute") on a consensual basis (the "<u>Notice/Response Stage</u>"). The Notice/Response Stage shall include:

    a. <u>Derivatives ADR Notice</u>. LBCS shall serve upon Occidental (and its attorneys who have appeared in these cases) a notice containing sufficient information regarding the dispute to make the Occidental aware of the nature of LBCS's affirmative claim, a brief explanation setting forth the basis for the demand and the amount, and of its demand for settlement (which demand shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), including an amount of monetary recovery LBCS would accept in full settlement and compromise (the "<u>Notice</u>").

    b. <u>Derivatives Counterparty's Response to Notice</u>. Occidental must respond to the Notice in writing through a "Statement of Position" within twenty (20) calendar days from the date of the Occidental's receipt of the Notice. The response options available to a Occidental are as follows (the "<u>Responses</u>"):

    i. <u>Agreeing to Settle the Demand</u>.  If Occidental agrees to settle the demand in the Notice, it shall state in writing that the offer of settlement in the Notice is accepted.  The parties will then execute a settlement and general release (including a confidentiality provision) and, if the matter is in litigation, LBCS shall dismiss any applicable claims in a lawsuit or adversary proceeding with prejudice upon execution of the release; or

    ii. <u>Denying the Demand</u>.  Occidental may decline to settle for the amount stated in the demand in the Notice, in which case Occidental must include a brief explanation in the Response to the Notice setting forth the reason(s) for such denial.  In addition, Occidental may provide a counteroffer to the demand in the Notice.

  c. <u>Reply to Response</u>.  LBCS shall have fifteen (15) days from the date of the receipt of the Response to serve a reply to the Response to the Notice (which Response shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), in which LBCS shall (i) modify its Demand, (ii) respond to any counteroffer, (iii) provide additional information in support of its demands in the Dispute, or (iv) reject any counteroffer in which case the Dispute will automatically proceed to the Mediation Stage.

2

2.      Request for Initial Settlement Conference.  At any time in the Notice/Response Stage, either LBCS or Occidental may request an initial telephonic settlement conference by written request, to be held within five (5) calendar days.  Within two (2) business days of a receipt of such a request, the other party must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than five (5) calendar days from the earliest date set forth in the written request.  If an acceptable date cannot be achieved through this process, the parties shall immediately proceed to the Mediation Stage.  At least one hour shall be reserved for the initial conference to discuss settlement.  No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this paragraph, together with any continuations or rescheduled settlement calls or meetings arising from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, the confidentiality provisions of this Order shall apply to this call or series of calls as if a mediator were present.  Settlement conferences during the Notice/Response Stage may be held in person if both parties agree in writing.

B.      MEDIATION STAGE

3.      Mediation.  If the Dispute is not resolved through the Notice/Response Stage it will proceed to mediation (the "Mediation Stage").

    a.      LBCS and Occidental together shall contact the mediator to schedule the initial mediation date.

    b.      Powers of Mediator.  The mediator shall have the broadest possible discretion consistent with the Standing Mediation Order.

    c.      Mediation Sites.  All mediation proceedings will take place in New York, New York, unless otherwise agreed to by the parties and the mediator.

      d.      <u>Mediation Briefs</u>.  Any party to a Mediation may submit a Mediation Brief, with service upon the other parties to the Mediation and upon the Creditors' Committee; provided, however, the Mediator may order that the parties to serve upon each other, the Mediator, and the Creditors' Committee a Mediation Brief.  If a party to the Mediation opts to serve a Mediation Brief upon another party to the Mediation hereunder, such Mediation Brief shall also be filed with the Mediator and the Creditors' Committee.  Any such Mediation Brief shall be served and filed so as to be received no later than five (5) calendar days prior to the scheduled initial Mediation Date.  No Mediation Brief shall be filed with the Court.

      e.      <u>Appearance at Mediations</u>.  Unless otherwise ordered by the mediator all participants in the mediation for the Dispute, must appear in person with a business principal who has settlement authority.  The Creditors' Committee may attend and participate in all mediations hereunder.  Counsel may also be present and participate.

      g.      <u>End of Mediation</u>.  The mediation shall end upon request of a party and concurrence by the mediator.