UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                    :
In re                                               :    Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :    08-13555 (JMP)
                                                    :
                    Debtors.                        :    (Jointly Administered)
                                                    :
-----------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 365(a) AND 554(a) OF THE
BANKRUPTCY CODE AND RULE 6006 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AUTHORIZING (I) THE REJECTION OF
CERTAIN EXECUTORY CONTRACTS AND A LEASE OF NONRESIDENTIAL REAL
PROPERTY AND (II) THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY**

Upon the motion, dated August 26, 2009 (the "Motion"), of LB 2080 Kalakaua Owners LLC ("LB 2080"), as debtor and debtor in possession, pursuant to sections 365(a) and 554(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to (i) reject (a) that certain Lease, dated as of August 7, 1995, between Nike Retail Services Inc. ("Nike") and LB 2080, as successor-in-interest to Kalakaua Associates International, Inc. (as amended, the "Nike Lease") and (b) the executory contracts set forth on Exhibit A annexed hereto (the "Contracts") and (ii) abandon certain miscellaneous assets, including fixtures, furniture, and other office equipment of LB 2080 (the "Personal Property") located on the premises of (y) the leasehold estate created by that certain Ground Lease and Sublease, dated October 6, 1995, by and between the predecessor-in-interest of Kalaimoku-Kuhio Development Corp. (the "Landlord") and LB 2080, as successor-in-interest to King Kalakaua Owners, as amended, and (z) the subleasehold estate created by that certain Ground Lease and Sublease, dated October 6, 1995, by and between the predecessor-in-interest of the Landlord and LB 2080, as successor-in-

interest to King Kalakaua Owners, as amended, without further authorization of the Court, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the counterparties to the Contracts set forth in Exhibit A annexed to the Motion; (vii) Nike and (viii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LB 2080, its estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is hereby granted; and it is further

ORDERED that pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the rejection of the Contracts and Nike Lease, is hereby approved, effective as of August 26, 2009; and it is further

ORDERED that any rejection damage claim asserted by Nike or the counterparties to the Contracts shall be filed (subject to all of the LB 2080's rights, claims and defenses, including rights of setoff with respect to any such claims) on or before the final date for filing proofs of claim in LB 2080's chapter 11 case established by the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271], which proofs of claim shall be filed in accordance with the procedures set forth in such order; and it is further

ORDERED that LB 2080 is authorized, but not directed, in its sole discretion to abandon any Personal Property pursuant to section 554(a) of the Bankruptcy Code; and it further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order; and it is further

ORDERED that the stay pursuant to Bankruptcy Rules 6006(d) is hereby waived and this Order shall be effective immediately upon its entry.

Dated: New York, New York
      September 9, 2009

                                        *s/ James M. Peck*
                                      Honorable James M. Peck

# Exhibit A

## Schedule of Contracts to be Rejected

| Counterparty and Notice Address | Description of Contract or Lease | Contract Date |
|---|---|---|
| CB Richard Ellis Hawaii, Inc.<br>1001 Bishop Street, ASB Tower<br>Honolulu, HI 96813-3429<br>Attn: Marlene DeCosta<br><br>CB Richard Ellis<br>2222 Kalakaua Avenue, Suite 1003<br>Honolulu, HI 96815-2524<br>Attn: Troy H. Fujino | Service Contract for Property Management | 11/1/2004 |
| CB Richard Ellis, Inc.<br>3501 Jamboree Road<br>Suite 100<br>Newport Beach, CA 92660 | Listing Agreement for Brokerage of Real Property | 2/5/2009 |
| Chem Systems, Inc.<br>PO BOX 17716<br>Honolulu, HI 96817 | Service Contract for A/C Water Treatment | 9/10/2001 |
| Elite Mechanical<br>98-055 Kamehameha Hwy Ste C-6<br>Aiea, HI 96701 | Service Contract for Common Area, A/C, Parking Garage Fan and Pump Equipment Maintenance | 11/10/1998 |
| Hawaiian Building Maintenance<br>Pauahi Tower<br>1003 BISHOP ST<br>STE 2020<br>Honolulu, Ill 96813 | Service Contract for Janitorial and Maintenance | 8/19/2002 |
| Mitsubishi Elevators and Escalators, Inc.<br>ELEVATORS & ESCALATORS DIVISION<br>PO BOX 100403<br>Pasadena, CA 91189 | Service Contract for Common Area Elevator Maintenance | 10/26/98 |
| Oceanfront Hawaii, Inc.<br>1888 Kalakaua Avenue,<br>Suite #2502<br>Honolulu, HI 96815 | Supplemental Payment Agreement for Ground Sublease | 7/1/2003 |
| SimplexGrinnell<br>DEPT CH 10320<br>Palatine, IL 60055-0320 | Service Contract for Fire Alarm System Maintenance | 1/1/2006 |
| Standard Parking<br>1001 BISHOP ST<br>PAUAHI TOWER STE 600<br>Honolulu, HI 96813 | Service Contract for Parking Management | 11/17/1997 |
| Tenance Co LLC<br>PO Box 66<br>Waialua, HI 96791 | Service Contract for Landscaping Maintenance | 8/21/2000 |
| World Wide Window Cleaning<br>PO BOX 17400<br>Honolulu, HI 96817 | Service Contract for Exterior Building and Window Cleaning | 9/7/2005 |