Hearing Date and Time: September 15, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

------------------------------------------------------------x

## DEBTORS' OBJECTION TO THE MOTION OF WILLIAM KUNTZ III FOR RELIEF, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b), FROM THE COURT'S ORDER DENYING RELIEF FROM THE AUTOMATIC STAY

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), respectfully submit this objection to the motion (the "60(b) Motion"), dated October 18, 2008 [Docket No. 1261], filed by William Kuntz, III ("Kuntz") for relief from an order (the "Order") of this Court, entered on October 16, 2009 [Docket No. 1094], denying Kuntz's motion for relief from stay, and respectfully represent:

### Preliminary Statement

1.      On September 15, 2009, the one year anniversary of the commencement of these chapter 11 cases, this Court's limited resources must again be distracted by Mr. William Kuntz, III and his motion for an order, pursuant to section 362 of the Bankruptcy Code, lifting or

modifying the automatic stay in these chapter 11 cases (the "<u>Stay Relief Motion</u>") [Docket No. 271] that was denied after due consideration and a hearing held almost eleven months ago.

2.      The Stay Relief Motion sought a modification of the automatic stay to allow Kuntz to pursue purported claims against Grand Union Capital ("<u>Grand Union</u>") – an entity that has no affiliation with the Debtors or Lehman and that reorganized under the supervision of the Delaware Bankruptcy Court in 1995.  Allegedly, Kuntz believed, without a shred of evidence in support, that a distribution he was entitled to from the Grand Union case was used to repay a loan to an unidentified Lehman entity, and, that he purportedly held a constructive trust against such funds in these chapter 11 cases.  The Stay Relief Motion did not demonstrate cause for relief from the automatic stay.  Indeed, Kuntz failed to demonstrate that he had any interest in these chapter 11 cases whatsoever.  The Debtors objected to the Stay Relief Motion (the "<u>Objection to Stay Relief</u>") [Docket No. 830], which objection was sustained by the Court.

3.      At the hearing held on October 16, 2008 to consider the Stay Relief Motion (the "<u>Hearing</u>"), this Court found that Kuntz failed to carry his burden to demonstrate cause for relief from the automatic stay under <u>any</u> of the *Sonnax* factors.  *See* Tr. of Oct. 16, 2008 Hr'g at 90:22 – 91:5, attached hereto as <u>Exhibit A</u> (holding that "Mr. Kuntz has failed to make out a case that sets forth cause for relief from the stay. . .under any of [the *Sonnax*] factors").  The Court also questioned whether Kuntz even had an interest in these cases.  *See id. at* 91:16 – 19 ("and it appears that at best [Kuntz] is one of the perhaps hundreds of thousands of creditors of this estate . . . [a]nd it's not clear to [the Court] . . .that he actually has such a claim.").  Accordingly, on October 16, 2008, the Court entered the Order denying the Stay Relief Motion with prejudice.

4.      Kuntz now appears to be asking the Court to amend the Order to remove

the words 'with prejudice' because the Order does not refer to an alleged "Affidavit and Memo"

that "may have not been considered by the Court" in denying the Stay Relief Motion.  60(b)

Motion, at 1 – 2.  Consistent with the deficiencies of the Stay Relief Motion, the 60(b) Motion

fails to offer any discernable evidence or even an allegation that all of the relevant facts

associated with the Stay Relief Motion were not duly considered by the Court.  As set forth more

fully below, while the 60(b) Motion contains nine pages of Kuntz's stream of consciousness, it

unequivocally fails to set forth a basis for relief under the strict standards of Rule 60(b) of the

Federal Rule of Civil Procedure ("Rule 60(b)").  The 60(b) Motion should, therefore, be denied.

5.    Moreover, as previously stated in the Debtors' Objection to Stay Relief,

Kuntz's *pro se* status should not cause the Court to believe he is unfamiliar with the judicial

system as Kuntz has participated in hundreds of judicial proceedings all over the country.  *See*

Objection to Stay Relief ¶¶ 2, 22-26.  Courts consistently find, almost without exception, that

Kuntz has asserted claims that have no merit and that his *pro se* status was no excuse for his

failure to comply with the procedures and timeliness imposed by courts.  *Id*.  The 60(b) Motion

is another example of Kuntz's conscious disregard for the orders and procedures of this Court

(and the judicial system generally), and represents another example of Kuntz's endless assertion

of meritless claims and allegations that impose unnecessary costs onto, and require the

expenditure of, the scarce resources of the Debtors.

### Background

6.    Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").

7.    On September 18, 2008, Kuntz filed the Stay Relief Motion.  Although

difficult to discern, Kuntz alleged in the Stay Relief Motion – without any evidence – that he

holds a claim in an unspecified amount against some unidentified Lehman entity on account of a

constructive trust arising from an extension of credit by such unidentified Lehman entity to

reorganized Grand Union.  *See* Stay Relief Motion ¶ 16.  Apparently, Kuntz was a creditor of

Grand Union and was entitled to, but did not receive, a distribution from that estate under Grand

Union's confirmed plan of reorganization.  *See id.* ¶ 12.  While it is unclear, Kuntz appeared to

suggest that subsequent to Grand Union's confirmation, an unidentified Lehman entity made a

loan to reorganized Grand Union and Grand Union repaid that loan with funds from a settlement

sum — over which Kuntz claimed to have a constructive trust.  Thus, Kuntz sought stay relief to

advance distribution on his purported unsecured claim, which was and remains completely

devoid of any evidence in support of Kuntz's allegations.

8.       On October 10, 2008, the Debtors filed their Objection to Stay Relief on

the basis that Kuntz failed to carry his burden to demonstrate that he had an interest in these

cases or that he was entitled to relief from the automatic stay under the *Sonnax* factors.  *See*

Objection to Stay Relief ¶¶ 13-21.  On October 13, 2008, the Official Committee of Unsecured

Creditors (the "Creditors' Committee) joined the Debtors' Objection to Stay Relief [Docket No.

851].

9.       After duly considering all of the filed pleadings and providing Kuntz an

opportunity to be heard, which he voluntarily waived in open court, the Court denied the Stay

Relief Motion at the Hearing and entered the Order denying, with prejudice, the Stay Relief

Motion.  *See* Order; *see also* Tr. of Oct. 16, 2008 Hr'g, at 90: 2 – 4 ("Your Honor, in light of the

large crowd here, I'd submit my motion on papers.").

10.      The 60(b) Motion, dated October 18, 2008, was filed on the docket on

October 24, 2008.  That same day, Kuntz also filed with this Court a motion to extend the time to

appeal the Order (the "Motion to Extend"), dated October 23, 2008 [Docket No. 1260]. The

Motion to Extend did not set a hearing date, as required by the Order Implementing Certain

Notice and Case Management Procedures (as applicable, the "Case Management Order")

[Docket No. 285],[1] and Kuntz, not surprisingly, never prosecuted the Motion to Extend. This

Court has not ruled on the Motion to Extend.

        11.     Following this Court's denial of the Stay Relief Motion and Kuntz's filing

of the 60(b) Motion, on November 13, 2008, Kuntz filed a notice of appeal of the Order to the

United States District Court for the Southern District of New York (the "District Court") [Docket

No. 1502]. Again disregarding procedural rules, Kuntz filed the statement of issues on appeal

and designation of items to be included in the record on appeal late (the "Statement of Issues and

Designation"). Kuntz's notice of appeal is dated November 13, 2008, which required Kuntz to

file the Statement of Issues and Designation on or before November 24, 2008. *See* Rule 8006 of

the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") (requiring designation of

items to be included in record on appeal within 10 days of filing notice of appeal). Kuntz filed

his Statement of Issues and Designation on December 1, 2008.

        12.     At the initial pre-trial conference on February 19, 2009, the District Court

dismissed Kuntz's appeal of the Order, without prejudice, for lack of jurisdiction because the

60(b) Motion was still pending before this Court although Kuntz had not yet scheduled it for

hearing by this Court (again in violation of the Case Management Order). *See* Tr. of Feb. 19,

2009 Pre Trial Conference, at 5:2 – 11, attached hereto as Exhibit B. Subsequent to the District

Court's dismissal of the appeal, on March 10, 2009, Kuntz scheduled the 60(b) Motion to be

heard six months out in September 2009. *See* Docket No. 3028, at 2.

---

[1] The Case Management Order was amended by the Amended Order Implementing Certain Notice and Case
Management Procedures, dated February 13, 2009 [Docket No. 2837].

13.     From what the Debtors can ascertain from the 60(b) Motion, Kuntz now

appears to argue that this Court should vacate or amend the Order pursuant to Rule 60(b) because

the Court may not have considered an unidentified "Affidavit and Memo."  60(b) Motion, at 1 –

2.  To the extent that there is an "Affidavit and Memo" that may not have been considered, such

"Affidavit and Memo" are irrelevant as the 60(b) Motion fails to allege, let alone demonstrate,

any new facts or circumstances that were not considered by the Court in considering the Stay

Relief Motion.  Thus, Kuntz cannot satisfy his heavy burden to show exceptional or

extraordinary circumstances justifying relief from the Order under Rule 60(b).

### **Kuntz Has Not Satisfied the Standard for Relief Under Rule 60(b)**

14.     Kuntz is not entitled to relief under Rule 60(b).  Rule 60(b) of the Federal

Rules of Civil Procedure, made applicable here pursuant to Bankruptcy Rule 9024, permits a

court, in its discretion, to rescind or amend a final judgment or order under certain limited

circumstances.  *See In re U. S. Lines*, 97 Civ. 6727 (MBM), 1999 U.S. Dist. LEXIS 5385, *8

(S.D.N.Y. Apr. 15, 1999).  Those circumstances are, in relevant part:  (1) mistake, inadvertence,

surprise, or excusable neglect; (2) newly discovered evidence. . .; (3) fraud. . .,

misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the

judgment has been satisfied, released, or discharged. . .; or (6) any other reason that justifies

relief.  *See* Fed. R. Civ. P. 60(b).  The Second Circuit has indicated that the movant bears the

heavy burden of proof on a motion for relief from an order or final judgment.  *Paddington

Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994) ("since 60(b) allows extraordinary

relief, it is invoked only if the moving party meets its burden of demonstrating 'exceptional

circumstances'"); *see also Nemaizer v. Baker*, 794 F.2d 58, 61 (2d Cir. 1986).

15.     In the 60(b) Motion, Kuntz alleges that the Court should vacate the Order

because the Court "may not" have considered an unidentified "Affidavit and Memo", the

contents of which Kuntz does not offer.  The 60(b) Motion should fail because the Court has

considered all of the relevant filed pleadings.  In denying the Stay Relief Motion, this Court

stated multiple times at the Hearing that it reviewed and considered the Stay Relief Motion and

all filed papers relating thereto submitted by Kuntz, the Debtors, and the Creditors' Committee.

*See e.g.,* Tr. of Oct. 16, 2008 Hr'g, at 90: 22 – 24 ("based upon [the Court's] review of Mr.

Kuntz's affidavit and the papers filed both by the debtor and by the creditors' committee, which

[the Court has] reviewed. . ."); *id.* at 91: 7 – 8 ("based upon [the Court's] review of [Kuntz's]

motion and supporting affidavit and of the papers in opposition. . ."); *id.* at 91:15 – 16 ("based

upon [the Court's] review of Mr. Kuntz's motion and affidavit. . .").  Thus, the Court based its

decision upon its review of all papers filed and all facts and circumstances relevant to the Stay

Relief Motion.

      16.     In addition, the 60(b) Motion does not satisfy the strict standards for

modification of a final judgment or order.  Notably, the 60(b) Motion fails to set forth under

which subsection of Rule 60(b) Kuntz is relying on for relief from this Court nearly one-year

after the entry of the Order.  Subsections (1)-(5) of Rule 60(b) are clearly not applicable to the

60(b) Motion.  Kuntz does not allege any new facts or circumstances not already considered by

the Court.  Kuntz does not assert, nor does the 60(b) Motion identify, mistake, inadvertence,

surprise, or excusable neglect.  Kuntz also does not allege any newly discovered evidence or

alleged fraud, misrepresentation, or misconduct by the Debtors.  Moreover, the Order is not void

and has not been satisfied, released, or discharged.  Thus, the only possible subsection arguably

applicable to Kuntz's 60(b) Motion is subsection (6) — "any other reason that justifies relief."

Fed. R. Civ. Pro. 60(b)(6).

      17.     Courts in this circuit have held that relief should be granted under Rule

60(b)(6) only where the moving party has demonstrated "extraordinary circumstances" or

"extreme hardship" and only where the more specific provisions of Rule 60(b) do not apply. *In re U. S. Lines*, 97 Civ. 6727, 1999 U.S. Dist. LEXIS 5385, *11; *see also Nemaizer*, 793 F.2d at 63 ("[Rule 60(b)(6)] is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." (citations omitted)). The 60(b) Motion does not set forth a basis for relief under Rule 60(b)(6).

18.     For all the reasons recited by this Court at the Hearing, the Court was correct in denying the Stay Relief Motion with prejudice. Nearly a year after the entry of the Order, Kuntz still cannot demonstrate that he is entitled to relief from the automatic stay. Assuming, *arguendo*, the "Affidavit and Memo" are relevant and were not considered by the Court, the 60(b) Motion does not identify facts, circumstances or evidence that this Court has not already considered in making its determination with respect to the Stay Relief Motion. Rather, Kuntz simply states in the first two pages of the 60(b) Motion that an "Affidavit and Memo" might not have been considered by the Court and fills the remaining pages with his thoughts and opinions on matters irrelevant to the 60(b) Motion.[2] Simply stating that an "Affidavit and Memo" may not have been considered, without an explanation of the relevant facts and circumstances that may have been included in such "Affidavit and Memo" that were not otherwise considered by the Court, is insufficient under Rule 60(b). The circumstances set forth in the 60(b) Motion, if any, are barely discernable, far from exceptional, and do not justify relief under Rule 60(b) generally, let alone under Rule 60(b)(6) specifically.

19.     Alternatively, if the Court is inclined to grant the Rule 60(b) Motion, the

---

[2] For example, the 60(b) Motion recites remarks made by Debtors' counsel unrelated to the 60(b) Motion, Kuntz's winter in the Bahamas, Kuntz's Platinum Mine in Montana, the possibility of moving the Court to convert the Debtors' chapter 11 cases to a proceeding under chapter 7 of the Bankruptcy Code, demonstrations and riots in Hong Kong and Singapore, and even the definition of a "flop". *See generally* 60(b) Motion.

Court should, again, deny the Stay Relief Motion for all the reasons recited by the Court at the Hearing and set forth in the Order denying the Stay Relief Motion.  Kuntz cannot satisfy his burden to demonstrate that he had any interest in these chapter 11 cases or that cause existed to justify relief from the automatic stay under the *Sonnax* factors.

### The Court Should Give No Weight to Kuntz's *Pro Se* Status

20.    As set forth more fully in the Objection to Stay Relief, the Court should give no weight to Kuntz's status as a *pro se* litigant.  *See* Objection to Stay Relief ¶¶ 22-26. Kuntz is no stranger to the formal procedures or rules imposed by courts, including bankruptcy courts.  The Debtors again direct the Court to a decision issued by the District Court over 15 years ago, in which the District Court found that

> Kuntz's status as a *pro se* litigant is of little import. During his fourteen-year participation in the underlying Grant bankruptcy proceedings, Kuntz has amassed litigation experience that would embarrass the majority of associates, and some partners, at large New York law firms.  He has already filed no fewer than eight appeals, all unsuccessful, with six dismissed as either untimely or for failure to prosecute.  I had to adjourn one conference in this action because Kuntz had an argument before the Second Circuit.  Although I am unsure what significance to give to the ten years that Kuntz purportedly spent in law school, I find that his failure to comply with court rules, procedures, and deadlines is the result of conscious disregard, and not because of unfamiliarity with the courts. Throughout the proceedings, Kuntz has demonstrated a consistent pattern of vexatious litigation and little respect for the courts or other parties.  The acts required of Kuntz were within his complete control and there was no acceptable reason for the delay.

*Kuntz v. Pardo*, 160 B.R. 35, 39 (S.D.N.Y. 1993).  The court further stated that

> Kuntz's dilatory conduct throughout his participation in the Grant case evinces bad faith.  Apart from the lack of merit to his appeals, he has repeatedly failed to abide by the rules of the court and repeatedly fails to prosecute the appeals that he has filed.  By contrast to cases holding that a party should not be penalized without considering the relative culpability of the appellant and his or her attorney, Kuntz has elected to appear *pro se* and thus the culpability is all his. There is no injustice manifest in allowing Kuntz to bear the brunt of his own neglect.

*Kuntz v. Pardo*, 160 B.R. at 39 (internal citations omitted).  *See also In re Silicon Graphics, Inc.
et al.*, Case No. 06-10977 (Bankr. S.D.N.Y. June 20, 2007) (Mem. Decision Denying Mot. of
William Kuntz III For An Order Reinstating His Proof of Claim, at 6) [Docket No. 877], *aff'd*,
Case No. 07-7698 (DAB) (S.D.N.Y. Sept. 29, 2008) [Docket No. 9] (finding that Kuntz's
"extensive legal experience, unlike many other pro se litigants, invokes little sympathy from this
Court . . ..");  *In re Commercial Financial Services, Inc.*, 238 B.R. 479, 484 n.7 (Bankr. N.D.
Okla. 1999) (noting that Kuntz has considerable experience with federal law and his *pro se* status
is not something the court considered relevant).[3]

---

[3] The court in *Commercial Financial* listed some of the published and unpublished decisions that Kuntz
has been an active party:

> *Kuntz v. DASU LLC*, (*In re Cray Computer Corp.*), 145 F.3d 1345 (Table) (10th Cir.
> 1998); *Kuntz v. Cray Computer Corp.* (*In re Cray Computer Corp.*), 107 F.3d 880
> (Table) (10th Cir. 1997); *Kuntz v. Grand Union Co.* (*In re Grand Union Co.*), 106 F.3d
> 385 (Table) (3d Cir. 1996); *Kuntz v. Saul, Ewing, Remick & Saul*, 200 B.R. 101 (D. Del.
> 1996) (Kuntz sanctioned for pursuing a frivolous appeal, notwithstanding his *pro se*
> status, because of Kuntz's extensive appellate experience – listing failed federal and state
> appeals); *Kuntz v. Cray Computer Corp.* (*In re Cray Computer Corp.*), 97 F.3d 1464
> (Table) (10th Cir. 1996); *Kuntz v. Nova Vista Industries, Inc.* (*In re Nova Vista
> Industries, Inc.*), 1992 WL 60395 (S.D.N.Y. 1992); *In re Adirondack Railway*, 1990 WL
> 124225 (N.D.N.Y. 1990); *Ehre v. State of New York* (*In re Adirondack Railway*), 93 B.R.
> 867 (N.D.N.Y. 1998); *In re W.T. Grant Co.*, 85 B.R. 250 (Bankr. S.D.N.Y. 1988), *aff'd
> in part, reversed in part*, 119 B.R. 898 (S.D.N.Y. 1990) (denial of Kuntz's request for
> fees and expenses); *In re One Westminister Co.*, 74 B.R. 37 (D. Del. 1987); *In re W.T.
> Grant Co.*, 4 B.R. 53 (Bankr. S.D.N.Y. 1980).

> Kuntz brought an action in connection with the fate of The Peter Kuntz Company, a
> company apparently founded by his grandfather, against six banks, an investment firm,
> and John and Jane Does 1-299, alleging a conspiracy to dismantle the company.  *See
> Kuntz v. Shawmut Bank of Boston*, 1987 WL 11172 (S.D.N.Y. 1987).

> Kuntz also sued the New York State Senate, the New York State Board of Elections,
> various individuals, and numerous John and Jane Does, claiming constitutional violations
> in connection with Kuntz's attempt to run as an independent candidate for the United
> States House of Representatives in 1992. *See Kuntz v. New York State Board of Elections*,
> 924 F. Supp. 364 (N.D.N.Y. 1996); *Kuntz v. New York State Senate*, 113 F.3d 326 (2d
> Cir. 1997).

> Kuntz has filed complaints against the New York Stock Exchange (motion for leave to
> appeal denied, 92 N.Y.2d 877 (1998)); the Board of Governors of the Federal Reserve,

21.    Even if the Court were to disregard the 60(b) Motion's informal presentation and lack of merit, Kuntz's *pro se* status does not relax the applicable standards that must be satisfied to obtain relief under Rule 60(b).  *See Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

### Kuntz is a Burden on the Debtors' Estates and Resources

22.    In the 60(b) Motion, Kuntz complains that this Court's entry of orders authorizing the admission *pro hac vice* of "out of town [l]awyers [m]oving toward the gravy train" is a "total waste of time and effort by the Court."  60(b) Motion, at 6.  The Debtors submit that the only thing wasteful is Kuntz's relentless antics in these chapter 11 cases.  Nearly a year ago, Kuntz filed the Stay Relief Motion.  Kuntz was afforded every opportunity to make his case.  He failed to do so.  The Court denied the Stay Relief Motion and entered the Order.

23.    Nearly a year later, the Debtors are still dealing with and responding to issues identified in the Stay Relief Motion.  On the same facts and circumstances, Kuntz's antics have caused the Debtors to unnecessarily expend significant time and resources to this matter.  Specifically, the Debtors have had to prepare the Objection to Stay Relief, respond to Kuntz's

---

*see* 1997 WL 150062 (D.C. Cir. 1997); the City of Dayton, Ohio, see 99 F.3d 1139 (Table) (6th Cir. 1996); the Department of Energy (1995); and the United States Postal Service (1993).  Kuntz has also been to Tax Court, although not *pro se*.  *See Kuntz v. Commissioner*, 64 T.C.M 1258 (1992).

Further, Kuntz has unsuccessfully petitioned to the United States Supreme Court for writs of certiorari in numerous cases, including *Kuntz v. Fadness*, 519 U.S. 996 (1996); *Kuntz v. Shawmut Bank of Boston*, 501 U.S. 1252 (1991); *Kuntz v. Manley, Burke and Fischer, L.P.A.*, 500 U.S. 918 (1991); *Kuntz v. City of Dayton*, 499 U.S. 962 (1991); *Kuntz v. Society Bank, N.A.*, 498 U.S. 1089 (1991); *Kuntz v. Little Miami Railroad Co.*, 498 U.S. 1027 (1991); *Kuntz v. City of Dayton*, 488 U.S. 1008 (1989); *Kuntz v. Shawmut Bank of Boston*, 488 U.S. 952 (1988); *Kuntz v. Winters National Bank and Trust Co.*, 465 U.S. 1080 (1984).

*Commercial Financial*, 238 B.R. at 484 n.7.

meritless appeal of the Order to the District Court, which he failed to prosecute, and now, reply

to this baseless 60(b) Motion.  All this over a purported unsecured claim asserted by Kuntz

against an unidentified Lehman entity, which may or may not be a debtor, and that can be

adjudicated, if necessary, in the claims process.

        24.    Kuntz has failed to satisfy his burden under Rule 60(b).  Therefore, the

60(b) Motion must be denied.

        WHEREFORE the Debtors respectfully request that the Court deny the 60(b)

Motion with prejudice and grant the Debtors such other relief as is just.

Dated:  September 10, 2009
      New York, New York

                   /s/ Richard P. Krasnow
                   Richard P. Krasnow

                   WEIL, GOTSHAL & MANGES LLP
                   767 Fifth Avenue
                   New York, New York 10153
                   Telephone: (212) 310-8000
                   Facsimile: (212) 310-8007

                   Attorneys for Debtors
                   and Debtors in Possession

**Exhibit A**

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 08-13555

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


LEHMAN BROTHERS HOLDINGS, INC., et al.


        Debtors.


- - - - - - - - - - - - - - - - - - - -x


            United States Bankruptcy Court

            One Bowling Green

            New York, New York


            October 16, 2008

            11:19 AM


B E F O R E:

HON. JAMES M. PECK

U.S. BANKRUPTCY JUDGE

89

1    the order with the Office of the U.S. Trustee and the debtor,

2    and I believe it's substantially similar to the language you

3    approved for the other two.

4              THE COURT:  That's approved as well.

5              MR. VENDITTO:  Thank you, Your Honor.

6              MR. MILLER:  I'm going to resume my role, Your Honor.

7              THE COURT:  What role were you in Hamasmore (ph.)?

8              MR. MILLER:  I was going to wear a tuxedo, but I

9    try -- no.  There are some other matters, Your Honor, which I

10   think are now in the process of being uncontested.  If Your

11   Honor would like to hear those: R3 and Eagle Energy.

12             UNIDENTIFIED MALE SPEAKER:  No, just R3.

13             MR. MILLER:  R3?

14             UNIDENTIFIED MALE SPEAKER:  Just R3.

15             THE COURT:  Anything that's uncontested I'm prepared

16   to hear right now.

17             MR. MILLER:  And that is -- I'll just get the item

18   number, Your Honor.  Okay, Your Honor.  There's some language

19   that has to be added and the committee would like to have the

20   opportunity to reconsider then.  So I withdraw those remarks.

21             It's ten to 1, Your Honor.  I don't think some of

22   these motions would take a lot of time.

23             THE COURT:  Let's continue.

24             MR. MILLER:  Could we take, Your Honor, the motion to

25   lift the automatic stay by Mr. Kuntz.  That's agenda II, number

90

1    1.

2         MR. KUNTZ:  Your Honor, in light of the large crowd

3    here, I'd submit my motion on papers.  I'm sure Mr. Miller has

4    some copies --

5         THE COURT:  Are you Mr. Kuntz?

6         MR. MILLER:  Are you Mr. Kuntz?

7         MR. KUNTZ:  Yes, I am, Mr. Miller, as you recall.

8         MR. MILLER:  You've changed a lot since 1975.  I'm

9    sorry, Your Honor.

10        THE COURT:  Was that picked up on the record, I hope?

11        MR. MILLER:  Mr. Kuntz and I met a long time ago in

12   the --

13        THE COURT:  I noticed that in the affidavit that he

14   filed.

15        MR. MILLER:  -- WC grand case.  If Mr. Kuntz wants to

16   submit other papers, Your Honor, I have no comments to lay on

17   it.  They're all in the papers.

18        THE COURT:  Fine.  So they're sitting on the papers.

19   Now, as far as the papers in opposition, are you prepared to

20   rely on the papers as well?

21        MR. WILSON:  Yes, Your Honor.

22        THE COURT:  Well, based upon my review of Mr. Kuntz's

23   affidavit and the papers filed both by the debtor and by the

24   creditors' committee, which I have reviewed, in opposition to

25   the motion freely from automatic stay I've concluded that Mr.

91

1    Kuntz has failed to make out a case that sets forth cause for

2    relief from the stay and indeed, based upon my review of the

3    Sonax factors which is the leading case in the Second Circuit

4    dealing with the grant of stay relief, I find that Mr. Kuntz

5    has not made out a case under any of those factors.

6         Additionally, and I mean no disrespect to Mr. Kuntz

7    in saying this, based upon my review of his motion and

8    supporting affidavit and of the papers in opposition, it

9    appears that Mr. Kuntz is principally complaining about certain

10   matters arising out of a series of bankruptcies affecting the

11   Grand Union Company, the most recent of which I think was in

12   New Jersey before Judge Winfield.  The circumstances of those

13   cases are known to me only from the papers since I was not, at

14   the time when I was in practice, involved in those cases.

15   However, based upon my review of Mr. Kuntz's motion and

16   affidavit, it appears that at best he is one of the perhaps

17   hundreds of thousands of creditors of this estate who has a

18   claim, potentially, against the Lehman estate.  And it's not

19   clear to me from his papers that he actually has such a claim.

20   If he has such a claim, presumably it will be asserted when

21   proofs of claim are solicited and filed and will be dealt with

22   in the ordinary course as a claim to either be allowed or

23   objected to or dealt with in whatever way claims of that type

24   of dealt with.

25        But I'd like it to be clearly noted for record

92

1    purposes that at this stage of this massively complicated

2    bankruptcy case, it would be administratively burdensome for

3    parties who are unable to make an absolutely compelling case

4    that they're entitled to stay relief to be able to proceed

5    against the debtor.  I'm particularly persuaded by comments

6    made by Mr. Marsal during his informal presentation which I

7    treat as the equivalent of testimony under oath, although he

8    wasn't sworn, that he is in the midst of a truly heroic effort

9    to marshal the data, work across boarders with other parties

10   who are working in parallel proceedings and working with

11   Barclays in an effort to develop the transparency that in

12   direct response to Mr. Miller's question, is his goal.

13          It seems to me that Mr. Kuntz, at some point in the

14   future, in a manner no different from other parties in

15   interest, may be in a position to make further inquiry of the

16   debtor concerning his particular issue involving these Grand

17   Union notes and at least get an answer to his question.  But

18   his question doesn't go to the front of the line simply because

19   he filed a motion for stay relief.  This is a matter that

20   presumably will be handled along with the many other claims of

21   equal merit or greater merit.

22          For the reasons that I have expressed, the motion for

23   relief from automatic stay, filed by William Kuntz, is denied.

24          MR. MILLER:  The rest of the calendar, Your Honor,

25   with the exception of R3 -- we may come back after the lunch

**Exhibit B**

1

```
 1              UNITED STATES DISTRICT COURT
 2            SOUTHERN DISTRICT OF NEW YORK

 3   ------------------------------x

 4   IN RE: LEHMAN BROTHERS          DOCKET NO.: CV-08-11273 (JSR)
 5   HOLDING INC                     New York, New York
 6                                   February 19, 2009

 7   ------------------------------x

 8         TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE

 9        BEFORE THE HONORABLE JED S. RAKOFF
10             UNITED STATES DISTRICT JUDGE

11   A P P E A R A N C E S:

12   For the Appellant:            WILLIAM KUNTZ, III, Pro Se
13                                 P.O. Box 1801
14                                 Nantucket, MA  02554

15   For the Appellee:             RICHARD P. KRASNOW, ESQ.
16                                 JOHN W. LUCAS, ESQ.
17                                 Weil Gotshal & Manges LLP
18                                 767 Fifth Avenue
19                                 New York, NY  10153

20   Audio Operator:               No Audio Operator

21        Proceedings Recorded by Electronic Sound Recording
22        Transcript Produced by Transcription Service
23   -------------------------------------------------------------
24                      KRISTIN M RUSIN
25                   217 Pine Meadows Circle
26                      Hickory NC 28601
27                   kmrusin@earthlink.net
```

1          THE CLERK:  February 19, 2009, In re: Lehman

2   Brothers.

3          Counsel, please state your name for the record.

4          MR. KUNTZ:  William Kuntz the third.

5          MR. KRASNOW:  Your Honor, Richard Krasnow, Weil

6   Gotshal & Manges, on behalf of the appellee, Lehman Brothers.

7          MR. LUCAS:  John Lucas, on behalf of Lehman Brothers,

8   also Weil Gotshal & Manges.

9          THE COURT:  Good morning.  All right.

10          So this is an appeal from the decision of the

11  bankruptcy court.

12          Mr. Kuntz, when do you want to file your brief?

13          MR. KUNTZ:  Whenever your Court -- Your Honor would

14  care to set a date.

15          THE COURT:  Well, the earlier the better, from my

16  standpoint.

17          MR. KUNTZ:  The earlier the better.  Two weeks, three

18  weeks, a month?

19          THE COURT:  Well, since you're giving me the choice,

20  I'll take two weeks.

21          MR. KUNTZ:  That's fine, Your Honor.

22          THE COURT:  Yeah.

23          MR. KRASNOW:  Your Honor, in reviewing the file last

24  night in preparation for today's hearing, I came across a

25  pleading which would suggest that the appeal is premature and

1   that, in fact, the notice of appeal is, under the rules,

2   ineffective.

3           And I say that, Your Honor, because the order that

4   Mr. Kuntz has appealed from was entered on October 16th.  It

5   appears that on October 22, within the ten-day period that I'm

6   about to refer to, Mr. Kuntz filed with the bankruptcy court a

7   motion which he's filed, a motion under Rule 60, in which he

8   sought, presumably, reconsideration of the bankruptcy court's

9   order.

10          Your Honor, pursuant to Rule 8010(b) of the Rules of

11  Bankruptcy Procedure -- that governs --

12          THE COURT:  He's a pro se plaintiff.  He can't be

13  expected to have that kind of knowledge.

14          MR. KRASNOW:  Well, --

15          THE COURT:  Unless you think it's jurisdictional, --

16          MR. KRASNOW:  It is jurisdictional.

17          THE COURT:  Why is it jurisdictional?

18          MR. KRASNOW:  Because --

19          THE COURT:  Did he label it a motion for

20  reconsideration?

21          MR. KRASNOW:  He labeled it as a Rule 60, Your Honor,

22  and I will get to --

23          THE COURT:  Let me see it.

24          MR. KRASNOW:  Your Honor, may I --

25          THE COURT:  No, not the rule, his motion that you're

1    referring to.

2            MR. KRASNOW:  May I approach?

3            THE COURT:  Please.  Just hand it to my courtroom

4    deputy.

5            MR. KRASNOW:  Your Honor, what I've handed to the

6    Court is the appellate designation of record that Mr. Kuntz

7    filed with the bankruptcy court.  And --

8            THE COURT:  Excuse me.

9            MR. KRASNOW:  Sorry, Your Honor.

10        (Pause in proceeding)

11            THE COURT:  All right.  So it is clear, now that I've

12    had a chance to look at this, that Mr. Kuntz filed this motion

13    asking -- his specific application is that the court amend the

14    order that he's now appealing from to remove the with prejudice

15    determination, which, of course, would be a material issue.

16    And then he also suggests, somewhat gratuitously, that the

17    debtor do this or that.  That's not something appropriately

18    addressed to the bankruptcy court.  But the first part is.

19            So has that motion been acted on or not?

20            MR. KRASNOW:  No, Your Honor.

21            THE COURT:  Okay.  So I lack jurisdiction, you're

22    right.

23            So, Mr. Kuntz, you're going to have to go back and

24    either ask the bankruptcy court to rule promptly on your motion

25    to amend, or perhaps you'll want to withdraw it.  I don't know.

1  That's something you'll have to take up with the bankruptcy

2  court.   I can't take jurisdiction of this because there's a

3  pending motion to amend the order, and, putting it in non-legal

4  terms, how can I review something until I know whether the

5  judge is going to grant your motion to make it without

6  prejudice or not?  It makes a big difference, which is

7  presumably why you filed your motion.

8          So I'm sorry that this was not brought to my

9  attention sooner, but this appeal will be now dismissed without

10  prejudice with leave to reply when that motion is resolved or

11  withdrawn, as the case may be.

12          All right, very good.  Thanks so much.

13              *     *     *     *     *