UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | : | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

---

### FEE COMMITTEE REPORT PERTAINING TO THE SECOND INTERIM FEE APPLICATIONS OF ALL RETAINED PROFESSIONALS

In accordance with the Fee Protocol approved by order of this Court on May 26, 2009, the Fee Committee hereby submits the Fee Committee Report Pertaining to the Second Interim Fee Applications of all Retained Professionals ("the Second Fee Report"). This Second Fee Report sets forth the Fee Committee's Final Recommended Deductions from the First Interim Fee Applications as well as the Fee Committee's Recommendations regarding the Second Interim Fee Applications. This Report has been unanimously approved by the Fee Committee members.

I. The Fee Committee's Final Recommended Deductions from the First Interim Fee Applications

Pursuant to the Fee Protocol, the Fee Committee received and reviewed written comments and/or conferred with Retained Professionals who responded to the issues raised in the Fee Committee's Report Pertaining to the First Interim Fee Applications of all Retained Professionals ("the First Fee Report") and specified in detail in the Individual Summary Sheets. The Fee Committee's Final Recommended Deductions set forth below are based upon a reexamination of the Committee's First Fee Report in light of all the responses received from the Retained Professionals. In cases where no response was received from a Retained Professional, the Committee has retained the initial recommendation in the First Report. The Committee recommends that these Final Recommended Deductions, set forth below, be applied to the outstanding 10% holdback from the First Interim Fee Applications and that the remainder of the holdback be returned.

1. <u>Bortstein Legal, LLC</u>

    No objection to the Committee's recommendation.

**First Interim Report Deduction:** $0.00
**Final Recommended Deduction:** $0.00

2. <u>Curtis, Mallet-Prevost, Colt & Mosle LLP</u>

    No objection to the Committee's recommendation.

**First Interim Report Deduction:** $6,477.50
**Final Recommended Deduction:** $6,477.50

3. <u>Ernst & Young LLP</u>

    No objection to the Committee's recommendation.

**First Interim Report Deduction:** $47,507.75
**Final Recommended Deduction:** $47,507.75

4. <u>FTI Consulting, Inc.</u>
    a. The deduction for billing rate variations of $2,127.00 should be removed based on information provided by FTI.
    b. Retain deduction for reviewing and editing time entries and fee applications. Billed amount was $82,290.50. Deduction should remain at recommended amount of $41,145.25.
    c. FTI agreed to the deduction of $1,999.00 for duplicate time entries.
    d. FTI agreed to a deduction of $186.53 for non-reimbursable overhead.

**First Interim Report Deduction:** $45,457.78
**Final Recommended Deduction:** $43,330.78

5. <u>Houlihan Lokey Howard & Zurkin Capital Inc.</u>

    a. The expense of $33.47 billed prior to retention is not disputed and should be deducted.
    b. The expense of $2,376.13 has been adequately explained (upgrade for

Analytics package used to model derivatives) and should not be deducted.

c. Deduction for outside legal services.

In the First Fee Report the Committee recommended deduction of an expense of $72,475.50 for outside legal services for assistance in negotiating the retention of Houlihan as a Retained Professional. Houlihan has objected to the deduction based on an Engagement Letter with the Committee of Unsecured Creditors, approved by the Court, providing that Houlihan has the right to be reimbursed for reasonable fees and expenses of Houlihan's legal counsel incurred in connection with the negotiation and performance of the Engagement Letter, Houlihan's employment as a professional person and the payment of all fees and expenses. The Court's order provides that the fees shall be subject to the U.S. Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court. The U.S. Trustee was not served with copies of the invoices of outside legal counsel by Houlihan. The Fee Committee will address this deduction after further review and analysis of the relevant documents and the Court's order

**First Interim Report Deduction:**                                         74,885.10
**Final Recommended Deduction:**                               Recommendation deferred

6. Jenner & Block LLP

No objection to the Committee's recommendation.

**First Interim Report Deduction:**                                         $0.00
**Final Recommended Deduction:**                                   $0.00

7. Jones Day

a. Billing Rate variations of $1,065.00 have been adequately explained by reference to the retention application of Jones Day and should not

3

be deducted.

   b. Duplicate time entries in the amount of $2,249.50 which were recommended as deductions were not in fact duplicates and should not be deducted.

**First Interim Report Deduction:** $3,314.50
**Final Recommended Deduction:** $0.00

8. Lazard & Freres LLP

   No objection to the Committee's recommendation

**First Interim Report Deduction:** $0.00
**Final Recommended Deduction:** $0.00

9. McKee Nelson LLP/Bingham McCutchen LLP

   No objection to the Committee's recommendation.

**First Interim Report Deduction** $0.00
**Final Recommended Deduction:** $0.00

10. McKenna Long & Aldridge LLP

    No objection to the Committee's recommendation.

**First Interim Report Deduction:** $522.00
**Final Recommended Deduction:** $522.00

11. Milbank Tweed Hadley & McCloy LLP

    a. Duplicate time entry of $495.00 has been adequately explained and should not be deducted.
    b. Recommended deduction based on calculation error of $6,376.50 is accepted by Milbank.
    c. Retain deduction for reviewing and editing time entries and fee applications. Billed amount was $127,142.00. Deduction should remain at recommended amount of $63,571.00.

4

    d. Non Reimbursable Overheard of $42.54 accepted by Milbank.

**First Interim Report Deduction:**     $70,485.04
**Final Recommended Deduction:**     $69,990.04

12. <u>Quinn Emanuel Urquhart Oliver & Hedges LLP</u>

    a. Billing variation deduction of $145.00 has been adequately explained.

    b. Retain deduction for reviewing and editing time entries and fee applications. Billed amount was $18,598.00. Deduction should remain at recommended amount of $9,299.00.

**First Interim Report Deduction:**     $9,444.00
**Final Recommended Deduction:**     $9,299.00

13. <u>Reilly Pozner LLP</u>

    a. Billing rate variations of $945.00 in increase in billing rates have been adequately explained.

    b. The Reilly Pozner reconciliation substantiates $1,535.00 of the $4,498.50 in fees deducted for insufficient fee detail. The amount of $2,963.50 in insufficient detail of services provided has not been explained and should be deducted.

**First Interim Report Deduction:**     $5,443.50
**Final Recommended Deduction:**     $2,963.50

14. <u>Simpson Thacher & Bartlett LLP</u>

    No objection to the Committee's recommendation.

**First Interim Report Deduction:**     $5,975.51
**Final Recommended Deduction:**     $5,975.51

15. <u>Weil Gotshal & Manges LLP</u>

    a. Billing rate variations have been adequately explained by reference to

the application of Weil. The recommended deduction of $27,737.00 for billing rate variations should be removed.

    b. Duplicate time entries of $532.50 have been explained and should not be deducted. The amount of $594.00 in duplicate time entries has not been explained and the recommended deduction of $594.00 is accepted by Weil Gotshal.

**First Interim Report Deduction:**                    $28,863.50
**Final Recommended Deduction:**                  $594.00

The total of the recommended deductions of the Fee Committee for the First Interim Fee Applications of Retained Professionals is $186,660.08.

## II The Fee Committee's Recommendations Pertaining to the Second Interim Fee Applications

### A. The Fee Committee's Review Process

To accomplish a review of the Second Interim fee applications submitted by the Retained Professionals, the Fee Committee undertook and completed the following tasks:

- Determined the adequacy of the submissions and recommended, if necessary, areas of improvement;
- Reviewed reasonableness of time entries within the context of the case;
- Reviewed all expenses for appropriateness and reasonableness.

### B. Review of Fees

All time records were reviewed by Feinberg Rozen, LLP and BrownGreer for compliance with applicable guidelines and with the additional guidance provided by the Fee Committee in the First Fee Report. The following issues applied to some of the fee applications submitted by the various Retained Professionals.

- Fees must not be overhead or administrative
- Fees must be billed in tenths of an hour, except as may be authorized in an applicable retention order
- Billing rate variations must be explained
- Duplicate time entries will be deducted
- Days excessive hours (>18/day) must be explained

- Sufficient detail of services must be provided
- Mathematical computation errors will be deducted
- Sufficient explanation must be provided for multiple timekeepers attending a hearing/conference
- Fees for reviewing/editing time entries, monthly invoices and fee applications must be nominal.
- Services must not be combined or "lumped" together
- Total hours in description must equal hours billed

C. <u>Review of Expenses</u>

All expenses for the Retained Professionals were reviewed. The following issues applied to some of the Retained Professionals' applications.

- Airfare -- fare must be specified as coach -- no first class/business class fares will be allowed
- Cellular or other unexplained wireless charges must be explained
- Ground Transportation - car service limit of $100 for overtime travel home - beginning 8:00 pm; Ground Transportation -- car services to and from airport should be reasonable and will be separately reviewed
- Hotel/Lodging limited to $500/night
- Expense charges with insufficient or no explanation will be disallowed. When outside professionals/consultants are billed, provide details including authority for retention
- Travel/conference/meeting meals limited to $40/per person
- Overtime meals limited to $20/per person for overtime
- Expenses with no description disallowed
- Parking - no description provided (appears to be monthly fee) disallowed
- Photocopies -- should provide cost per page provided -- # of pages
- On-line Research Greater than $5,000 - must have sufficient description
- No Staff Overtime Charges

III. <u>The Fee Committee's Recommendations for the Second Interim Fee Applications</u>

Set forth below are the Fee Committee's unanimous recommendations regarding the Second

Interim Fee Applications. The Fee Committee has sent each Retained Professional an Individual Summary Sheet setting forth in detail the deductions in fees and expenses recommended by the Fee Committee.

A. Fees:

The Committee concluded that certain fees submitted by the Retained Professionals are inappropriate, inadequately explained or insufficiently described. In these instances, the Fee Committee recommends that the fees be disallowed. In regard to fees for invoice and fee application preparation, the Committee recommends that recovery for this category of fees be limited to a "nominal amount." For purposes of the Second Interim Fee Applications, the Committee has concluded that 1% of the total fees requested by a Retained Professional is an appropriate "nominal amount." The Committee will revisit this issue going forward after further consideration.

The total amount of the fees for which the Committee recommends disallowance is $1,975,451.68 out of $114,793,596.42. Pursuant to the terms and conditions of the Fee Protocol (Fee Protocol, Fee Disputes) each Professional shall be afforded an opportunity to explain and negotiate with the Fee Committee concerning these questioned fees. At the conclusion of these discussions and negotiations, the Fee Committee will decide whether or not these questioned fees are warranted or should be disallowed.

B. Expenses:

The Committee concluded that certain expenses submitted by the Retained Professionals are either inappropriate, inadequately explained or insufficiently described. In these instances, the Fee Committee recommends that the expenses be disallowed. The total amount of these expenses is $537,234.08 out of $4,035,346.59. Pursuant to the terms and conditions of the Fee Protocol (Fee Protocol, Fee Disputes), each Professional shall be afforded an opportunity to explain and negotiate with the Fee Committee concerning these questioned expenses. At the conclusion of these discussions and negotiations, the Fee Committee will decide whether or not these questioned additional expenses are warranted or should be disallowed.

C. Total Recommended Deductions

The total of the recommended deductions of the Fee Committee for the Second Interim Fee Applications is $2,512,685.76.

D. Holdback:

The Fee Committee recommends that the 20% holdback be reduced to 10% for the Second Interim Fee Applications pending the resolution of the outstanding issues noted by the Fee Committee in the Individual Summary Sheets that have been sent to the Retained Professionals.

Respectfully Submitted,

_____
Kenneth R. Feinberg
Chairman, Fee Committee


/s/ John K. Suckow
John K. Suckow
President, Lehman Brothers Holdings, Inc.


/s/ Julie J. Becker
Julie J. Becker
Representative, Official Committee of the
Unsecured Creditors


/s/ Linda A. Riffkin
Linda A. Riffkin
Assistant United States Trustee, signing on
behalf of the United States Trustee

Dated: 9/10/2009
Washington, D.C.