WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                                 :
**In re**                                        :   **Chapter 11 Case No.**
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :   **08-13555 (JMP)**
                                                                 :
                    Debtors.                     :   (Jointly Administered)
                                                                 :
                                                                 :
-----------------------------------------------------------------x

**OMNIBUS CERTIFICATE OF NO OBJECTIONS**
**UNDER 28 U.S.C. § 1746 REGARDING DEBTORS'**
**MOTIONS SCHEDULED FOR HEARING ON SEPTEMBER 15, 2009**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 2837] (the "Amended Case Management Order"), the undersigned hereby certifies as follows:

1.    Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the following motions (collectively the "Motions") with this Court:

- Motion for Approval of a Debt Repayment Agreement with ELQ Hypotheken N.V. **[Docket No. 4959]**

- Motion of Lehman Brothers Holdings Inc. for Authorization and Approval of Settlement with VCC **[Docket No. 4968]**

2.　　In accordance with the Amended Case Management Order, September 10, 2009 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a response to the Motions (the "Objection Deadline").  The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the objection deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.　　The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motions has been filed with the Court on the dockets of the above-referenced cases in accordance with the procedures set forth in Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motions been served on Debtors' counsel.

4. Accordingly, for the reasons set forth in the Motions, the Debtors respectfully request that the proposed Orders annexed hereto as <u>Exhibit A</u> and <u>Exhibit B</u>, which have not been modified since the filing of the Motions, be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: September 11, 2009
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

## (Proposed Order – Docket No. 4959)

US_ACTIVE:\43158386\01\43158386_1.DOC\58399.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : **Chapter 11 Case No.**
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : **08-13555 (JMP)**
:
Debtors. : **(Jointly Administered)**
:
:
------------------------------------------------------------------x

**ORDER PURSUANT TO RULE 9019 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE FOR APPROVAL OF A
<u>DEBT REPAYMENT AGREEMENT WITH ELQ HYPOTHEKEN N.V.</u>**

Upon the motion, dated August 26, 2009 (the "<u>Motion</u>"), of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "<u>Debtors</u>" and, together with their non-debtor affiliates, "<u>Lehman</u>"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for authorization and approval of LBHI's release and discharge of debt owed by ELQ Hypotheken N.V., all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided

in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion and the Objection; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted; and it is further

        ORDERED that, pursuant to Bankruptcy Rule 9019, LBHI's execution of the Debt Repayment Agreement is approved; and it is further

        ORDERED that LBHI is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Debt Repayment Agreement and perform any and all obligations contemplated therein; and it is further

        ORDERED that in connection with the Debt Repayment Agreement, LBHI is authorized, but not directed, to release and discharge the LBHI Debt; and it is further

ORDERED that the terms of this Order shall be immediately effective and enforceable upon its entry; it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
      New York, New York

                                                            _____
                                                            UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

# (Proposed Order – Docket No. 4968)

US_ACTIVE:\43158386\01\43158386_1.DOC\58399.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    08-13555 (JMP)
                                                                  :
                        Debtors.                              :    (Jointly Administered)
                                                                  :
                                                                  :
------------------------------------------------------------------x

**ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY
PROCEDURE 9019 AUTHORIZING AND APPROVING LEHMAN
BROTHERS HOLDINGS INC.'S ENTRY INTO SETTLEMENT WITH VCC**

Upon the motion, dated August 26, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI," together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors," and, together with their non-debtor affiliates, "Lehman"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization for LBHI to enter into a settlement (the "Settlement") with certain entities owned or controlled, directly or indirectly, by Robert J. Eves substantially consistent with the term sheet attached to the Motion as Exhibit A (the "Term Sheet"), all as more particularly described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to the VCC Guarantors;[1] (vii) counsel to the VCC Affiliates; (viii) counsel to the Lehman SPEs; (ix) counsel to Lehman Re Ltd.; and (x) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement is hereby approved and LBHI is duly authorized to (i) consummate all of the transactions contemplated thereby, including the execution of a settlement agreement substantially consistent with the Term Sheet; (ii) execute and deliver such assignments, conveyances, and other documents, and instruments of transfer and to take such other actions as may be reasonably necessary to consummate the Settlement, and (iii) consent to any amendment,

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

restatement, waiver, supplement or other modification of any of the documents contemplated under the Settlement, it being understood that any actions described in this paragraph taken by LBHI or its affiliates may be taken without the necessity of (x) any further court proceedings or approval or (y) any consent of any third party, and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that the Settlement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, *provided* that any such modification, amendment or supplement does not have a material adverse effect on LBHI's estate; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: September __, 2009
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE