Claim No: 2009 Folio 838

**IN THE HIGH COURT OF JUSTICE**

**QUEEN'S BENCH DIVISION**

**COMMERCIAL COURT**

**BETWEEN:**

**LEHMAN BROTHERS SPECIAL FINANCING INC**

**Claimant**

and

**LANDWIRTSCHAFTLICHE RENTENBANK**

**Defendant**

---

**WITNESS STATEMENT OF RODNEY RUSSELL BAKER**

---

I, RODNEY RUSSELL BAKER, of Juxon House, 100 St Paul's Churchyard, London EC4M 8BU WILL SAY as follows:

1. I am a solicitor and partner in the firm of Hogan & Hartson. I have conduct of this matter on behalf of the Defendant and am authorised by the Defendant to make this Witness Statement.

2. Unless otherwise stated, defined terms in this witness statement have the meaning given to them in the Particulars of Claim. Exhibits to this Witness Statement are contained in the bundle of documents headed "RRB1" and references to the exhibits are in the reference "RRB1/ 1 to 81".

3. On September 15, 2008, LBHI filed a voluntary petition in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing a chapter 11 case. Thereafter, on October 3, 2008, LBSF commenced a chapter 11 case (together with the chapter 11 case of LBHI, the "Chapter 11 Proceedings") by filing a

1

voluntary petition in the Bankruptcy Court seeking relief under chapter 11 of the Bankruptcy Code.

4. Further background to these proceedings, including the relationships between Rentenbank, LBSF and its parent company, LBHI and the insolvency and Chapter 11 Proceedings in the United States relating to Lehman Brothers, are set out accurately in LBSF's Particulars of claim and I do not propose to repeat them in this Witness Statement, save for some additional comments set out below.

**The Bankhaus Loan**

5. For reasons more fully explained below, a further loan arrangement (which is not mentioned in the Particulars of Claim) is of particular importance to this Application, on the basis that it may give rise to a right on the part of Rentenbank to set-off the amount claimed by LBSF in these proceedings against an amount owed to Rentenbank by LBHI.

6. On 26 September 2003, Rentenbank and a subsidiary of LBHI called Lehman Brothers Bankhaus A.G. ("Bankhaus") entered into a Loan Agreement, pursuant to which Rentenbank provided Bankhaus with a Euro30 million credit facility (the "Bankhaus Loan") (RRB1/ 1 to 7). Also, on 19 September 2003, LBHI and Rentenbank entered into a Guarantee, pursuant to which LBHI unconditionally guaranteed, as primary obligor, the repayment of any and all sums due and owing by Bankhaus to Rentenbank under the Bankhaus Loan (the "Bankhaus Guarantee") (RRB1/ 8 to 12).

7. Bankhaus subsequently made a number of draw-downs on the Bankhaus Loan and, as of the date of this Application, the total amount of Bankhaus' indebtedness to Rentenbank under the Bankhaus Loan is Euro 30,245,373 (the sum outstanding at the date of termination of the Bankhaus Loan) plus interest. This sum is also due and owing by LBHI to Rentenbank, as primary obligor under the Guarantee.

8. The total amount claimed by LBSF in this action is US$43,465,860.98, plus interest (at LIBOR plus 13.5 percent per annum compounded daily) since 23 June 2009. This total amount is made up of a principal amount owing under the Swap Master Agreement of US$39,032,728 (the calculation of which Rentenbank does not challenge), and a claim for interest from 16 September 2008 to 23 June 2009 in the amount of US$4,433,132.98 (which, for the reasons given in paragraph 8 of the Defence Rentenbank does dispute). It is not possible at this point to ascertain what the appropriate rate of interest rate should be, since this will be ascertained by evidence of the cost to LBSF of funding the principal amount owing since 16 September 2008. However, if Rentenbank's defence is successful, the amount of

interest owing by Rentenbank to LBSF will be less than that claimed in the Particulars of Claim.

**The right of set-off**

9. I am informed by my colleagues in Hogan & Hartson's New York office that, certain occurrences in the Chapter 11 Proceedings could provide Rentenbank with a right to set-off the amount claimed by LBSF in these proceedings against the amount owed to Rentenbank under the Bankhaus Loan and Guarantee (the "Right to Set-off").

10. As explained above, the total amount owing by LBHI to Rentenbank under the Bankhaus Loan and Guarantee is Euro 30,245,373 plus interest. To effect a fair comparison, the total amount alleged to be owing by Rentenbank to LBSF under the Swap Master Agreement is Euro 27,358,780 plus interest. It follows that, if Rentenbank has a Right to Set-off, since the amount owing *to* Rentenbank is greater than the amount owed *by* Rentenbank, this right will constitute a complete defence in these proceedings.

(a) <u>Applicability of Delaware law to the issue of set-off</u>

11. As a matter of English conflict of law principles and, I am informed by my New York colleagues, as a matter of Delaware law[1], since LBSF and LBHI are both companies organised and incorporated under the laws of Delaware, the issue of whether there is a Right of Set-off between Rentenbank, LBSF and LBHI is governed by the laws of Delaware.

(b) <u>Establishing the Right of Set-off</u>

12. I also understand from my New York colleagues that Rentenbank may be able to establish a Right of Set-off, as a matter of Delaware law, if Rentenbank can pierce the corporate veil between LBSF and LBHI and/or establish that LBSF is the *alter ego* of LBHI, based on the relationship between and activities of LBSF and LBHI (which guaranteed the obligations of LBSF (as primary obligor) in relation to the Swap Master Agreement) and their financial dealings and inter-relationship generally.

13. Rentenbank may also be able to establish a Right of Set off if an order is entered by the Bankruptcy Court substantively consolidating the bankruptcy estate of LBSF with the bankruptcy estate of LBHI (a "Substantive Consolidation"). I understand that the effect of such an order is to consolidate the assets and liabilities of multiple debtors and treat them as if

---

[1] All further references to Delaware and United States Bankruptcy law in this Witness Statement reflect advice provided by my colleagues in the New York office of Hogan & Hartson

the liabilities were owed by, and the assets were held by, a single entity, and, that if such an Order is granted, Rentenbank might therefore also have grounds to present a defence in these proceedings based on a Right of Set-off. I understand that Substantive Consolidation is a fact-intensive issue that is typically determined on a case-by-case basis, where courts have looked at, among other things, (1) the presence or absence of consolidated financial statements; (2) the unity of interests and ownership between various corporate entities; (3) the existence of parent and intercorporate guarantees on loans; (4) the degree of difficulty in segregating and ascertaining individual assets and liabilities; (5) the existence of transfers of assets without observance of corporate formalities; and (6) the commingling of assets and business functions.

14. In order to determine whether the substantive consolidation of the estates of LBSF and LBHI may be appropriate, Rentenbank has made an application in the Bankruptcy Court for entry of an order providing for an examination of and the production of documents by LBHI and LBSF pursuant to Federal Rule of Bankruptcy Procedure 2004, requesting discovery relating to the acts, conduct, liabilities of and financial condition of LBHI and LBSF and to matters which may affect the administration of their estates (the "Discovery Application") RRB1/ 13 to 81. More specifically, the Discovery Application requests documentation and examinations relating to, among other things, (a) the corporate structure and organization of LBSF and LBHI, (b) the observance of corporate formalities by LBHI and LBSF; (c) the bank statements, banking records, financial statements, financial reports and tax returns of LBSF and LBHI; (d) the record keeping protocols and board meetings of LBHI and LBSF; and (e) the relationship, communications and flow of funds between LBHI and LBSF. Although it is not possible to predict whether the Discovery Application will be granted, I understand that the Application may be heard by the Bankruptcy Court on September 16, 2009 (the next omnibus hearing date in the Chapter 11 Proceedings), and, if granted, discovery may be produced by LBHI and LBSF within thirty (30) days thereafter.

15. Rentenbank has not made an application for Substantive Consolidation; however, if Rentenbank's Discovery Application is successful and provides evidence supporting a finding of Substantive Consolidation, veil piercing or alter ego, Rentenbank may make further application(s) to the Bankruptcy Court.

16. It is also possible that other creditors will apply for the entry of an order of Substantive Consolidation. If so, and if such an order were to be granted, this may also give Rentenbank grounds to present a defence in these proceedings based on the Right of Set-off, based on the mutuality of the debts owed by the parties.

4

**Request for a stay**

17. Under Part 3.1(2)(f) of the Civil Procedure Rules, the Court has the discretion, as part of its general case management powers, to "*stay the whole or part of any proceedings or judgment either generally or until a specified date or event*". As I have explained above, Rentenbank may, depending on the outcome of the proceedings in the United States referred to above, be able to present a defence in these proceedings, on the basis of its Right to Set-off the amounts owing to it by Rentenbank under the Bankhaus Loan and Guarantee against the amount owing by Rentenbank to LBSF and the subject of these proceedings.

18. Until such proceedings are dealt with by the United States Courts, it is not possible to ascertain whether Rentenbank has such a Right of Set-off. Accordingly, and in order to allow Rentenbank to establish its rights in relation to the allegations made against it in these proceedings, Rentenbank hereby respectfully requests that the court grants an order that these proceedings are stayed pending the conclusion of (and, if successful, compliance with) Rentenbank's Discovery Application, following which the stay be lifted on the Application of ether party on seven days' notice and subject to Rentenbank's right to apply for a further stay if appropriate.

19. I would add that there appears to be little prospect that the stay requested by Rentenbank will cause prejudice to LBHI or LBSF or their creditors, particularly in circumstances where the Chapter 11 Proceedings are likely to continue for many months (for example the deadline to file claims in the US bankruptcy has not yet passed) with little prospect of a distribution to creditors within such time. Moreover, should LBSF ultimately be successful in these proceedings any delay on the terms set out above will be adequately compensated in interest.

**Statement of Truth**

1    I confirm that I believe that the contents of this Witness Statement are true.

Signed :    *[signature]*

**RODNEY RUSSELL BAKER**

Dated :    17 August 2009