WGM Draft 8/28/09

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                      :
In re                                                 :        **Chapter 11 Case No.**
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,          :        **08-13555 (JMP)**
                                                      :
                                      **Debtors.**    :        **(Jointly Administered)**
                                                      :
                                                      :
-------------------------------------------------------------------x

### ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR
### AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVES CONTRACTS

The following alternative dispute resolution procedures (the "Derivatives ADR

Procedures") are ORDERED to apply in the chapter 11 cases of Lehman Brothers Holdings, Inc.

and certain of its direct and indirect subsidiaries, as debtors and debtors in possession in various

chapter 11 proceedings consolidated for procedural purposes only (collectively, "the Debtors").

### FINDINGS

On motion of Debtors, the Court FINDS that numerous open and terminated

derivatives contracts, including ~~swap agreements and forward contracts (the "Derivatives~~

~~Contracts with Recovery Potential")~~ any derivative contract that is a "swap agreement" or

"forward contract", in each case, as such term is defined in section 101 of the Bankruptcy Code,

exist as to which one or more Debtors assert that monetary recovery is due to a Debtor from a

counterparty, its affiliates, or related parties (the "Derivatives Contracts with Recovery

Potential").  The Court further FINDS that certain common issues exist regarding these

contracts, including questions involving appropriateness of setoff, termination, valuation and

computation of termination payments, and notice.  The Court further FINDS that substantial

value may be recovered for the estates of Debtors, and judicial efficiency can be promoted, if

expedient resolution of disputes and recoveries under such contracts can be achieved without the

need for trial of adversary proceedings or other litigation.  The Court further FINDS that similar

proceedings ordered in other complex chapter 11 cases have contributed to effective

administration of the proceedings and have reduced costs for all parties.

The procedures described below are ORDERED to promote consensual recovery

with respect to the Derivatives Contracts with Recovery Potential, and to encourage effective

communication between the affected parties, consultation, negotiation, and, when necessary,

mediation procedures.

1.    <u>Standing Mediation Order</u>.  All provisions of the General Order #M-143,

adopted January 17, 1995, providing for Procedures Governing Mediation of Matters in

Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District

of New York and all existing and further amendments thereto (the "<u>Standing Order</u>") shall apply

to the mediations to be conducted under this Order.

2.    <u>Derivatives ADR Counterparties</u>.  To date, the Debtors have identified

approximately two hundred fifty (250) counterparties (which number will surely increase) to

Derivatives Contracts with Recovery Potential with whom there is reasonable cause for Debtors

to believe that disagreement exists over the amounts that may be owed to Debtors under such

contracts (whether or not an actual lawsuit or adversary proceeding has been commenced),

whether from a counterparty to a Derivatives Contract with a Recovery Potential, an affiliate of

such counterparty or a person or entity who exercised or failed to exercise duties in relation to

such a contract (collectively, the "~~Derivative Counterparties")~~Derivatives Counterparties");

provided, however, that the term Derivatives Contract with Recovery Potential shall not include

any cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or

loan for settlement within the standard settlement cycle for the relevant market), exchange-traded

future or option, securities loan transaction or repurchase agreement in respect of securities or
loans.

        3.      <u>Derivatives ADR Disputes</u>.  Any Debtor may designate any dispute
regarding a ~~Derivative~~Derivatives Contract with Recovery Potential to the Derivatives ADR
Procedures by serving ~~the following on a Derivative Counterparty:~~ on a Derivatives
Counterparty a copy of this Order and a Derivatives ADR Notice (as defined below)
(collectively, the "Derivatives ADR Package").

        a.      ~~a copy of this Order; and~~Debtors shall not implement Derivatives
ADR Procedures with respect to a Derivatives Contract with Recovery Potential that (i) has not
been purportedly terminated and (ii) with respect to which a Derivatives Counterparty has not
failed to make a payment, or perform any other obligation, due, if any, to the Debtor(s) (without
regard to any provision in a Derivatives Contract with Recovery Potential that purports to permit
a Derivatives Counterparty to withhold performance by reason of a default by a Debtor or its
affiliates).

        b.      ~~a Derivatives ADR Notice (as defined below) (collectively, the
"Derivatives ADR Package").~~ Debtors shall take commercially reasonable efforts to minimize
the frequency of service of Derivatives ADR Notices on any one Derivatives Counterparty.

        c.      For purposes of the Derivatives ADR Procedures, service on or
notice to a Derivatives Counterparty shall be deemed adequate if such service or notice is
provided to the Derivatives Counterparty, the Derivatives Counterparty's counsel, legal
guardian, estate representative, or other representative by (i) email and (ii) at the option of the
Debtors either (x) hand delivery, or (y) first class mail, or (z) overnight mail.

4.     <u>Settlement of Disputes During the Derivatives ADR Procedures</u>.  Nothing
contained herein shall prevent the parties from settling, and the parties are encouraged to settle, a
Derivatives ADR Dispute at any time before, during, or following the designation of a
Derivatives ADR Dispute to the Derivatives ADR Procedures by the mutual consent of the
parties, provided that such settlement

a.     complies with (i) the Order, dated December 16, 2008, authorizing the
Debtors to establish procedures for the settlement or assumption and
assignment of prepetition derivative contracts [Docket 2257]; (ii) the
Order, dated January 29, 2009, authorizing the consensual assumption and
assignment of prepetition derivative contracts [Docket No. 2667], or (iii)
other orders in these bankruptcy cases permitting such settlement, or

b.     is approved by specific order of the Court.

Any settlement discussions between any of the parties and the Official Unsecured Creditors'
Committee (the "<u>Creditors' Committee</u>"), the contents of any papers submitted during the
mediation stage described below, and all discussions in mediation shall remain confidential and
privileged and shall not be discoverable or admissible as evidence in any subsequent litigation of
the Derivatives ADR Dispute or elsewhere, except as provided by further order of this Court.

5.     <u>Participation Mandatory</u>.  Unless otherwise provided in a specific order
applicable to a particular Derivatives ADR Dispute or a particular Derivatives Counterparty,
after service of an ADR Package on a Derivatives Counterparty,

a.     compliance with the Derivatives ADR Procedures in this Order is
mandatory in the specified Derivatives ADR Disputes for both the
applicable Debtor or Debtors and each Derivatives Counterparty; and

b.      no party is required to settle or compromise any dispute or enter into a

particular settlement or compromise, but each Debtor serving a

Derivatives ADR Package and each Derivatives Counterparty must serve

the required responses, engage in the specified communications to discuss

settlement, participate in any mediation in good faith, follow directions of

the mediator, and otherwise comply with the Derivatives ADR Procedures

specified below for all Derivatives ADR Disputes covered by such notice.

All rights, remedies, claims and defenses of a Derivatives Counterparty and a Debtor in good

faith compliance with the Derivatives ADR Procedures shall not be impaired, waived or

compromised in any further proceedings in these cases should no settlement or compromise

result from participation in these Derivatives ADR Procedures. Participation in the Derivatives

ADR Procedures by a Derivatives Counterparty shall not waive such party's defense of lack of in

personam jurisdiction, which defense shall be preserved.

6.      <u>No Substitute For Claims Procedures</u>.  The Derivatives ADR Procedures

are not intended and shall not be utilized as a substitute for chapter 11 claims procedures.

Nothing contained herein, however, shall (a) prevent a Derivatives Counterparty from asserting

in any respect to a Derivatives ADR Notice and elsewhere during the course of a Derivatives

ADR Dispute a right to assert valid and enforceable setoff rights with respect to a Debtor's claim

of a ~~Derivative~~Derivatives Contract with Recovery Potential or any other valid defense to a

Debtor's demand thereunder or (b) be construed to abridge, enlarge, or otherwise modify the

rights and obligations of Debtors or Derivatives Counterparties under a Derivatives Contract

with Recovery Potential or applicable law or to provide a right or remedy under a Derivatives

Contract with Recovery Potential to Debtors or Derivatives Counterparties that is not provided thereby or by applicable law.

       7.    <u>Debtor's Rights As to Proceedings Previously or Hereafter Commenced by ~~Derivative~~Derivatives Counterparties</u>.  If a Derivatives Counterparty previously has commenced, any action or proceeding in any other court or forum, or any action or proceeding in any other court or forum following service upon it of a ~~Derivative~~Derivatives ADR Package, the Debtors reserve their right, pursuant to the order dated December 18, 2008 [Docket No. 2306], to remove to this Court any such lawsuit, proceeding, or claim and to defend or take action in any such other court or proceeding to protect the estate of Debtors, despite the incomplete status of the steps prescribed under the ~~Derivative~~Derivatives ADR Procedures.

<strong><u>NOTICE/RESPONSE STAGE</u></strong>

       8.    <u>Notice/Response</u>.  The initial stage of the Derivatives ADR Procedures will be a notice/response stage, providing the parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve a Derivatives ADR Dispute on a consensual basis (the "<u>Notice/Response Stage</u>").  The Notice/Response Stage shall include:

       a.    <u>Derivatives ADR Notice</u>.  Debtors shall serve upon a Derivatives Counterparty (and its attorneys who have appeared in these cases) a notice containing sufficient information regarding the Derivatives ADR Dispute to make the Derivatives Counterparty aware of the nature of Debtor's affirmative claim, a brief explanation setting forth the basis for the demand and the amount, and of its demand for settlement (which demand shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), including an amount of monetary

recovery Debtor(s) would accept in full settlement and compromise (a
"Derivatives ADR Notice").  In addition, the Debtors shall serve an ADR
Notice upon any trustee or other party acting in a fiduciary capacity in
connection with a trust or other financing arrangement that relates to the
applicable Derivatives Contract with any of the Debtors (such fiduciaries
collectively referred to as "Indenture Trustees," and each singly as an
"Indenture Trustee").  Service of a completed Derivatives ADR Notice in
the form annexed to this Order as Exhibit "A" shall presumptively be
deemed to comply with this Order.

b.    Derivatives Counterparty's Response to Notice.  A Derivatives
Counterparty must respond to the Derivatives ADR Notice in writing
through a "Statement of Position" within ~~twenty~~thirty (~~20~~30) calendar
days from the date of the Derivatives Counterparty's receipt of the Notice.
An Indenture Trustee must respond to the Derivatives ADR Notice in
writing through a "Statement of Position" within ~~thirty (30~~forty-five (45)
calendar days from the date of such Indenture Trustee's receipt of the
ADR Notice.  The response options available to a Derivatives
Counterparty or an Indenture Trustee are as follows (the "Responses"):

i.    Agreeing to Settle the Demand.  If a Derivatives
Counterparty agrees to settle the demand in the Derivatives
ADR Notice, the Counterparty shall state in writing that the
offer of settlement in the Derivatives ADR Notice is
accepted.  The parties will then execute a settlement and

general release (including a confidentiality provision) and,
if the matter is in litigation, the Debtor shall dismiss any
applicable claims in a lawsuit or adversary proceeding with
prejudice upon execution of the release; or

ii.    <u>Denying the Demand</u>.  A Derivatives Counterparty may
decline to settle for the amount stated in the demand in the
Derivatives ADR Notice, in which case the Derivatives
Counterparty must include a brief explanation in the
Response to the Derivatives ADR Notice setting forth the
reason(s) for such denial.  In addition, the Derivatives
Counterparty may provide a counteroffer to the demand in
the Derivatives ADR Notice.  <u>Service of a completed
Response to a Derivatives ADR Notice in the form annexed
to this Order as Exhibit "B" shall presumptively be deemed
to comply with this Order.</u>

c.    <u>Failure to Respond</u>.  Failure to provide a timely Response to the
Derivatives ADR Notice, as described in paragraphs 8(b)(i) and (ii), may
result, at the option of Debtors, either in an application to the Court (with
notice to any applicable Indenture Trustee) for Sanctions (as defined
below) as set forth below, including an order or judgment for  recovery of
amounts demanded by Debtors in the Derivatives ADR Notice, or
immediate entry into the mediation stage.

d.    <u>Reply to Response</u>.  The Debtor shall have fifteen (15) days from the date

of the receipt of the Response to serve a reply to the Response to the

Derivatives ADR Notice (which Response shall have been determined

with the benefit of consultation between Debtors and the Creditors'

Committee), in which the Debtor shall (i) modify its Demand, (ii) respond

to any counteroffer, (iii) provide additional information in support of its

demands in the Derivatives ADR Dispute, or (iv) reject any counteroffer

in which case the Derivatives ADR Dispute will automatically proceed to

the Mediation Stage.

9.    <u>Request for Initial Settlement Conference</u>.  At any time in the

Notice/Response Stage, either a Debtor or a Derivatives Counterparty may request an initial

telephonic settlement conference by written request, to be held within ~~five~~ten (~~5~~10) calendar

days, and, in the case of Indenture Trustees, to be held within ~~ten~~fifteen (~~10~~15) business days.

Within ~~two~~four (~~2~~4) business days of a receipt of such a request, the other parties must respond

by acceptance of one of the proposed dates and times or by a proposal for an initial settlement

call no later than five (5) calendar days from the earliest date set forth in the written request.  In

the case of Indenture Trustees, within ~~seven~~ten (~~7~~10) business days of a receipt of such a request,

the other parties must respond by acceptance of one of the proposed dates and times or by a

proposal for an initial settlement call no later than ~~ten~~fifteen (~~10~~15) business days from the

earliest date set forth in the written request.  If an acceptable date cannot be achieved through

this process, the parties shall immediately proceed to the Mediation Stage.  At least one hour

shall be reserved for the initial conference to discuss settlement.  No mediator or representative

of the Court will participate in this discussion, but the initial conference call specified in this

paragraph, together with any continuations or rescheduled settlement calls or meetings arising from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, the confidentiality provisions of this Order shall apply to this call or series of calls as if a mediator were present.  Settlement conferences during the Notice/Response Stage may be held in person if both parties agree in writing.

## **MEDIATION STAGE**

10.    <u>Mediation</u>.  Derivatives ADR Disputes that are not resolved through the Notice/Response Stage will proceed to mediation (the "<u>Mediation Stage</u>").

a.    Debtor and the Derivatives Counterparty together shall contact the mediator to schedule the initial mediation date.

b.    <u>Powers of Mediator</u>.  The mediator shall have the broadest possible discretion consistent with the Standing Order<u>, including the ability to consolidate mediations involving the same Derivatives Counterparty upon application by such Derivatives Counterparty and consultation with the Debtors</u>.

c.    <u>Choice of Mediator</u>.  **INSERT MEDIATOR NAME(S)** is (are) APPOINTED as the mediator(s) for Derivatives ADR Disputes reaching the Mediation Stage.  If **NAME(S)** is (are) not available to serve as mediator, an alternate mediator shall be selected as mutually agreed in writing by all parties to a specific Derivatives ADR Dispute or group of related Derivatives ADR Disputes.  Any such alternative shall be deemed to have been appointed upon entry into a written stipulation to that effect by all Debtors and Derivatives Counterparties participating in the applicable Derivatives ADR Dispute or Disputes.  If the parties cannot

agree upon a selection of mediator within ten (10) calendar days of the

completion of the Notice/Response Stage, the court shall appoint one or

more mediators

d.    <u>Mediation Sites</u>.  All mediation proceedings will take place in New York,

New York, unless agreed to by the parties and the mediator.

e.    <u>Mediation Briefs</u>.  Any party to a Mediation may submit a Mediation

Brief, with service upon the other parties to the Mediation and upon the

Creditors' Committee; provided, however, the Mediator may order that the

parties to serve upon each other, the Mediator, and the Creditors'

Committee a Mediation Brief.  If a party to the Mediation opts to serve a

Mediation Brief upon another party to the Mediation hereunder, such

Mediation Brief shall also be filed with the Mediator and the Creditors'

Committee.  Any such Mediation Brief shall be served and filed so as to

be received no later than five (5) calendar days prior to the scheduled

initial Mediation Date.  No Mediation Brief shall be filed with the Court.

f.    <u>Appearance at Mediations</u>.  Unless otherwise ordered by the mediator all

participants in the mediation for the applicable Derivatives ADR Dispute,

must appear in person with a business principal who has settlement

authority; *provided, however*, that, to the extent acceptable to the

mediator, the business principal with settlement authority on behalf of a

~~Derivative~~<u>Derivatives</u> Counterparty may attend the mediation by video

conference at the sole expense of the ~~Derivative~~<u>Derivatives</u> Counterparty.

The Creditors' Committee may attend and participate in all mediations

hereunder.  Counsel may also be present and participate.

g.      <u>End of Mediation</u>.  The mediation shall end upon request of a party and

concurrence by the mediator.

### **<u>OTHER PROVISIONS</u>**

11.      <u>Deadlines</u>.  Notwithstanding any of the provisions set forth above, any of

the deadlines contained herein may be modified by:  (i) the mutual consent of the Debtors and

the Derivatives Counterparty or (ii) the Bankruptcy Court, for cause shown.

12.      <u>Sanctions for Parties</u>.  Each Debtor and each Derivatives Counterparty

must participate in good faith with these Derivatives ADR Procedures with regard to the ADR

Disputes specified in the applicable Derivatives ADR Notice.  If, after notice and a hearing, the

Court determines that the Debtors or a Derivatives Counterparty have not complied with the

Derivatives ADR Procedures in good faith in connection with any Derivatives ADR Dispute, the

Debtors or the Derivatives Counterparty may be subject to such sanctions as the Court deems

appropriate (the "<u>Sanctions</u>").  If a mediator reports to the Court that any party subject to this

Order is not cooperating in good faith with the Derivatives ADR Procedures, the Court may,

without the need for further motion by any party, schedule a hearing and order Sanctions.

Litigation with respect to the issuance of Sanctions shall not delay the commencement of the

Mediation Stage of these procedures upon completion of the Notice/Response Stage.  Sanctions

may include, but are not limited to:

a.      <u>Against Debtors</u>:  (i) attorneys' fees incurred by a Derivatives

Counterparty (including an Indenture Trustee) with respect to the

Derivatives ADR Procedures after the receipt of an ADR Package; (ii)

fees and costs of the Mediator; (iii) termination of the Derivatives ADR

Procedures as to one or more Derivatives Contracts with Potential

Recovery; and/or (iii) rejection of some or all claims asserted by Debtors

in the applicable Derivatives ADR Dispute.

b.    <u>Against Derivatives Counterparties (including Indenture Trustees)</u>:  (i)

attorneys' fees incurred by the Debtors with respect to the Derivatives

ADR Procedures after the sending of an ADR Package; (ii) fees and costs

of the Mediator; (iii)  an award of the Derivatives ADR Dispute up to the

amount specified in the Derivatives ADR Notice.

13.    <u>Confidentiality</u>.  The confidentiality provisions of section 5.0 of the

Standing Order are hereby incorporated by reference into this Order.  No statements or

arguments made or positions taken by the mediator, the applicable Debtors,

~~Derivative~~<u>Derivatives</u> Counterparties, or the Creditors' Committee during any part of the

alternative dispute resolution process, including Settlement Conferences and the Mediation Stage

may be disclosed by the mediator or any such parties or their attorneys and advisors to the Court

or any third party; *provided, however*, that Indenture Trustees may disclose such statements,

arguments and positions as may become necessary with their respective noteholders and advisors

subject to these same confidentiality provisions.  Similarly, all briefs, records, reports, and other

documents received or made by the mediator while serving is such capacity shall remain

confidential and not be provided to the Court, unless they would be otherwise admissible.  In

addition, the mediator shall not be compelled to disclose such records, reports, and other

documents in connection with any hearing held by the Court; *provided*, *however*, the mediator

shall on a monthly basis beginning 60 days following entry of this Order report to the Court the

status of the mediation efforts but shall not disclose the content thereof, which report shall

include the number of ADR Notices served on Derivatives Counterparties, the number of

settlements reached after mediation, the number of mediations still pending, the number of

mediations that have terminated without settlement, and the cumulative dollar amount of

settlements reached with Derivatives Counterparties following service of ADR Notices.  Rule

408 of the Federal Rules of Evidence shall apply to all aspects of the ~~Derivative~~Derivatives ADR

Procedures including Settlement Conferences and Mediation Stage.

       14.    <u>Jury Trial, Arbitration and Exclusive Foreign Forum Selection Rights</u>

<u>Unaffected</u>.  Unless a Derivatives Counterparty or a Debtor affirmatively waives its right to a

jury trial, arbitration or exclusive foreign forum selection that otherwise may exist, participation

in the Derivatives ADR Procedures shall not waive or otherwise modify such rights.  The

Derivatives Counterparty's or a Debtor's rights and defenses to contest the assertion of a jury

trial or arbitration or exclusive foreign forum selection right by a Derivatives Counterparty are

fully preserved.

       15.    <u>Fees</u>.  Except as otherwise provided herein, each party to the Mediation

shall bear its own counsel fees and other costs of the Derivatives ADR Procedures, including

Mediation; *provided, however*, that the Debtors shall pay the reasonable fees and costs charged

by the Mediator unless otherwise ordered by the Court pursuant to the terms of this Order.

**SO ORDERED:**

~~August~~September __, 2009
New York, New York

                      _____
                      UNITED STATES BANKRUPTCY JUDGE

WGM Draft 8/28/09

Exhibit A

**Form of Derivatives ADR Notice**

WGM Draft 8/28/09

Exhibit B

**Form of Response to Derivatives ADR Notice**

-

Document comparison by Workshare Professional on Friday, August 28, 2009 11:52:54 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://USDMS/US_ACTIVE/43114748/7 |
| Description | #43114748v7<US_ACTIVE> - Leh: ADR Procedures Order |
| Document 2 ID | interwovenSite://USDMS/US_ACTIVE/43114748/9 |
| Description | #43114748v9<US_ACTIVE> - Leh: ADR Procedures Order |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 70 |
| Deletions | 31 |
| Moved from | 2 |
| Moved to | 2 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 105 |

WGM Draft 8/28/09

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
In re                                                      :          **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :          **08-13555 (JMP)**
:
Debtors.                                    :          **(Jointly Administered)**
:
:
-------------------------------------------------------------------x

### ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVES CONTRACTS

The following alternative dispute resolution procedures (the "Derivatives ADR Procedures") are ORDERED to apply in the chapter 11 cases of Lehman Brothers Holdings, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession in various chapter 11 proceedings consolidated for procedural purposes only (collectively, "the Debtors").

### FINDINGS

On motion of Debtors, the Court FINDS that numerous open and terminated derivatives contracts, including ~~swap agreements and forward contracts (the "Derivatives Contracts with Recovery Potential")~~ any derivative contract that is a "swap agreement" or "forward contract", in each case, as such term is defined in section 101 of the Bankruptcy Code, exist as to which one or more Debtors assert that monetary recovery is due to a Debtor from a counterparty, its affiliates, or related parties (the "Derivatives Contracts with Recovery Potential"). The Court further FINDS that certain common issues exist regarding these contracts, including questions involving appropriateness of setoff, termination, valuation and computation of termination payments, and notice. The Court further FINDS that substantial value may be recovered for the estates of Debtors, and judicial efficiency can be promoted, if expedient resolution of disputes and recoveries under such contracts can be achieved without the

need for trial of adversary proceedings or other litigation.  The Court further FINDS that similar

proceedings ordered in other complex chapter 11 cases have contributed to effective

administration of the proceedings and have reduced costs for all parties.

  The procedures described below are ORDERED to promote consensual recovery

with respect to the Derivatives Contracts with Recovery Potential, and to encourage effective

communication between the affected parties, consultation, negotiation, and, when necessary,

mediation procedures.

  1. <u>Standing Mediation Order</u>.  All provisions of the General Order #M-143,

adopted January 17, 1995, providing for Procedures Governing Mediation of Matters in

Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District

of New York and all existing and further amendments thereto (the "<u>Standing Order</u>") shall apply

to the mediations to be conducted under this Order.

  2. <u>Derivatives ADR Counterparties</u>.  To date, the Debtors have identified

approximately two hundred fifty (250) counterparties (which number will surely increase) to

Derivatives Contracts with Recovery Potential with whom there is reasonable cause for Debtors

to believe that disagreement exists over the amounts that may be owed to Debtors under such

contracts (whether or not an actual lawsuit or adversary proceeding has been commenced),

whether from a counterparty to a Derivatives Contract with a Recovery Potential, an affiliate of

such counterparty or a person or entity who exercised or failed to exercise duties in relation to

such a contract (collectively, the "~~Derivative Counterparties")~~Derivatives Counterparties");

provided, however, that the term Derivatives Contract with Recovery Potential shall not include

any cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or

loan for settlement within the standard settlement cycle for the relevant market), exchange-traded

future or option, securities loan transaction or repurchase agreement in respect of securities or

loans.

      3.     <u>Derivatives ADR Disputes</u>.  Any Debtor may designate any dispute

regarding a ~~Derivative~~<u>Derivatives</u> Contract with Recovery Potential to the Derivatives ADR

Procedures by serving ~~the following on a Derivative Counterparty:~~ <u>on a Derivatives</u>

<u>Counterparty a copy of this Order and</u> a Derivatives ADR Notice (as defined below)

(collectively, the "Derivatives ADR Package").

      a.     ~~a copy of this Order; and~~<u>Debtors shall not implement Derivatives</u>

<u>ADR Procedures with respect to a Derivatives Contract with Recovery Potential that (i) has not</u>

<u>been purportedly terminated and (ii) with respect to which a Derivatives Counterparty has not</u>

<u>failed to make a payment, or perform any other obligation, due, if any, to the Debtor(s) (without</u>

<u>regard to any provision in a Derivatives Contract with Recovery Potential that purports to permit</u>

<u>a Derivatives Counterparty to withhold performance by reason of a default by a Debtor or its</u>

<u>affiliates).</u>

      b.     ~~a Derivatives ADR Notice (as defined below) (collectively, the~~

~~"Derivatives ADR Package").~~ <u>Debtors shall take commercially reasonable efforts to minimize</u>

<u>the frequency of service of Derivatives ADR Notices on any one Derivatives Counterparty.</u>

      <u>c.</u>     For purposes of the Derivatives ADR Procedures, service on or

notice to a Derivatives Counterparty shall be deemed adequate if such service or notice is

provided to the Derivatives Counterparty, the Derivatives Counterparty's counsel, legal

guardian, estate representative, or other representative by (i) email and (ii) at the option of the

Debtors either (x) hand delivery, or (y) first class mail, or (z) overnight mail.

4.      <u>Settlement of Disputes During the Derivatives ADR Procedures</u>.  Nothing
contained herein shall prevent the parties from settling, and the parties are encouraged to settle, a
Derivatives ADR Dispute at any time before, during, or following the designation of a
Derivatives ADR Dispute to the Derivatives ADR Procedures by the mutual consent of the
parties, provided that such settlement

a.      complies with (i) the Order, dated December 16, 2008, authorizing the
Debtors to establish procedures for the settlement or assumption and
assignment of prepetition derivative contracts [Docket 2257]; (ii) the
Order, dated January 29, 2009, authorizing the consensual assumption and
assignment of prepetition derivative contracts [Docket No. 2667], or (iii)
other orders in these bankruptcy cases permitting such settlement, or

b.      is approved by specific order of the Court.

Any settlement discussions between any of the parties and the Official Unsecured Creditors'
Committee (the "<u>Creditors' Committee</u>"), the contents of any papers submitted during the
mediation stage described below, and all discussions in mediation shall remain confidential and
privileged and shall not be discoverable or admissible as evidence in any subsequent litigation of
the Derivatives ADR Dispute or elsewhere, except as provided by further order of this Court.

5.      <u>Participation Mandatory</u>.  Unless otherwise provided in a specific order
applicable to a particular Derivatives ADR Dispute or a particular Derivatives Counterparty,
after service of an ADR Package on a Derivatives Counterparty,

a.      compliance with the Derivatives ADR Procedures in this Order is
mandatory in the specified Derivatives ADR Disputes for both the
applicable Debtor or Debtors and each Derivatives Counterparty; and

b.      no party is required to settle or compromise any dispute or enter into a

particular settlement or compromise, but each Debtor serving a

Derivatives ADR Package and each Derivatives Counterparty must serve

the required responses, engage in the specified communications to discuss

settlement, participate in any mediation in good faith, follow directions of

the mediator, and otherwise comply with the Derivatives ADR Procedures

specified below for all Derivatives ADR Disputes covered by such notice.

All rights, remedies, claims and defenses of a Derivatives Counterparty and a Debtor in good

faith compliance with the Derivatives ADR Procedures shall not be impaired, waived or

compromised in any further proceedings in these cases should no settlement or compromise

result from participation in these Derivatives ADR Procedures. Participation in the Derivatives

ADR Procedures by a Derivatives Counterparty shall not waive such party's defense of lack of in

personam jurisdiction, which defense shall be preserved.

6.      No Substitute For Claims Procedures.  The Derivatives ADR Procedures

are not intended and shall not be utilized as a substitute for chapter 11 claims procedures.

Nothing contained herein, however, shall (a) prevent a Derivatives Counterparty from asserting

in any respect to a Derivatives ADR Notice and elsewhere during the course of a Derivatives

ADR Dispute a right to assert valid and enforceable setoff rights with respect to a Debtor's claim

of a DerivativeDerivatives Contract with Recovery Potential or any other valid defense to a

Debtor's demand thereunder or (b) be construed to abridge, enlarge, or otherwise modify the

rights and obligations of Debtors or Derivatives Counterparties under a Derivatives Contract

with Recovery Potential or applicable law or to provide a right or remedy under a Derivatives

Contract with Recovery Potential to Debtors or Derivatives Counterparties that is not provided thereby or by applicable law.

7.    <u>Debtor's Rights As to Proceedings Previously or Hereafter Commenced by ~~Derivative~~Derivatives Counterparties</u>.  If a Derivatives Counterparty previously has commenced, any action or proceeding in any other court or forum, or any action or proceeding in any other court or forum following service upon it of a ~~Derivative~~Derivatives ADR Package, the Debtors reserve their right, pursuant to the order dated December 18, 2008 [Docket No. 2306], to remove to this Court any such lawsuit, proceeding, or claim and to defend or take action in any such other court or proceeding to protect the estate of Debtors, despite the incomplete status of the steps prescribed under the ~~Derivative~~Derivatives ADR Procedures.

**NOTICE/RESPONSE STAGE**

8.    <u>Notice/Response</u>.  The initial stage of the Derivatives ADR Procedures will be a notice/response stage, providing the parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve a Derivatives ADR Dispute on a consensual basis (the "<u>Notice/Response Stage</u>").  The Notice/Response Stage shall include:

a.    <u>Derivatives ADR Notice</u>.  Debtors shall serve upon a Derivatives Counterparty (and its attorneys who have appeared in these cases) a notice containing sufficient information regarding the Derivatives ADR Dispute to make the Derivatives Counterparty aware of the nature of Debtor's affirmative claim, a brief explanation setting forth the basis for the demand and the amount, and of its demand for settlement (which demand shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), including an amount of monetary

recovery Debtor(s) would accept in full settlement and compromise (a
"Derivatives ADR Notice").  In addition, the Debtors shall serve an ADR
Notice upon any trustee or other party acting in a fiduciary capacity in
connection with a trust or other financing arrangement that relates to the
applicable Derivatives Contract with any of the Debtors (such fiduciaries
collectively referred to as "Indenture Trustees," and each singly as an
"Indenture Trustee").  Service of a completed Derivatives ADR Notice in
the form annexed to this Order as Exhibit "A" shall presumptively be
deemed to comply with this Order.

b.     Derivatives Counterparty's Response to Notice.  A Derivatives
Counterparty must respond to the Derivatives ADR Notice in writing
through a "Statement of Position" within ~~twenty~~thirty (~~20~~30) calendar
days from the date of the Derivatives Counterparty's receipt of the Notice.
An Indenture Trustee must respond to the Derivatives ADR Notice in
writing through a "Statement of Position" within ~~thirty (30~~forty-five (45)
calendar days from the date of such Indenture Trustee's receipt of the
ADR Notice.  The response options available to a Derivatives
Counterparty or an Indenture Trustee are as follows (the "Responses"):

i.     Agreeing to Settle the Demand.  If a Derivatives
Counterparty agrees to settle the demand in the Derivatives
ADR Notice, the Counterparty shall state in writing that the
offer of settlement in the Derivatives ADR Notice is
accepted.  The parties will then execute a settlement and

general release (including a confidentiality provision) and,
if the matter is in litigation, the Debtor shall dismiss any
applicable claims in a lawsuit or adversary proceeding with
prejudice upon execution of the release; or

ii.    <u>Denying the Demand</u>.  A Derivatives Counterparty may
decline to settle for the amount stated in the demand in the
Derivatives ADR Notice, in which case the Derivatives
Counterparty must include a brief explanation in the
Response to the Derivatives ADR Notice setting forth the
reason(s) for such denial.  In addition, the Derivatives
Counterparty may provide a counteroffer to the demand in
the Derivatives ADR Notice.  <u>Service of a completed
Response to a Derivatives ADR Notice in the form annexed
to this Order as Exhibit "B" shall presumptively be deemed
to comply with this Order.</u>

c.    <u>Failure to Respond</u>.  Failure to provide a timely Response to the
Derivatives ADR Notice, as described in paragraphs 8(b)(i) and (ii), may
result, at the option of Debtors, either in an application to the Court (with
notice to any applicable Indenture Trustee) for Sanctions (as defined
below) as set forth below, including an order or judgment for  recovery of
amounts demanded by Debtors in the Derivatives ADR Notice, or
immediate entry into the mediation stage.

d.    <u>Reply to Response</u>.  The Debtor shall have fifteen (15) days from the date of the receipt of the Response to serve a reply to the Response to the Derivatives ADR Notice (which Response shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), in which the Debtor shall (i) modify its Demand, (ii) respond to any counteroffer, (iii) provide additional information in support of its demands in the Derivatives ADR Dispute, or (iv) reject any counteroffer in which case the Derivatives ADR Dispute will automatically proceed to the Mediation Stage.

9.    <u>Request for Initial Settlement Conference</u>.  At any time in the Notice/Response Stage, either a Debtor or a Derivatives Counterparty may request an initial telephonic settlement conference by written request, to be held within ~~five~~ten (~~5~~10) calendar days, and, in the case of Indenture Trustees, to be held within ~~ten~~fifteen (~~10~~15) business days. Within ~~two~~four (~~2~~4) business days of a receipt of such a request, the other parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than five (5) calendar days from the earliest date set forth in the written request.  In the case of Indenture Trustees, within ~~seven~~ten (~~7~~10) business days of a receipt of such a request, the other parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than ~~ten~~fifteen (~~10~~15) business days from the earliest date set forth in the written request.  If an acceptable date cannot be achieved through this process, the parties shall immediately proceed to the Mediation Stage.  At least one hour shall be reserved for the initial conference to discuss settlement.  No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this

paragraph, together with any continuations or rescheduled settlement calls or meetings arising

from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of

Evidence and analogous state evidentiary provisions, the confidentiality provisions of this Order

shall apply to this call or series of calls as if a mediator were present.  Settlement conferences

during the Notice/Response Stage may be held in person if both parties agree in writing.

## MEDIATION STAGE

10.    <u>Mediation</u>.  Derivatives ADR Disputes that are not resolved through the

Notice/Response Stage will proceed to mediation (the "<u>Mediation Stage</u>").

a.    Debtor and the Derivatives Counterparty together shall contact the
mediator to schedule the initial mediation date.

b.    <u>Powers of Mediator</u>.  The mediator shall have the broadest possible
discretion consistent with the Standing Order, including the ability to
consolidate mediations involving the same Derivatives Counterparty upon
application by such Derivatives Counterparty and consultation with the
Debtors.

c.    <u>Choice of Mediator</u>.  **INSERT MEDIATOR NAME(S)** is (are)
APPOINTED as the mediator(s) for Derivatives ADR Disputes reaching
the Mediation Stage.  If **NAME(S)** is (are) not available to serve as
mediator, an alternate mediator shall be selected as mutually agreed in
writing by all parties to a specific Derivatives ADR Dispute or group of
related Derivatives ADR Disputes.  Any such alternative shall be deemed
to have been appointed upon entry into a written stipulation to that effect
by all Debtors and Derivatives Counterparties participating in the
applicable Derivatives ADR Dispute or Disputes.  If the parties cannot

agree upon a selection of mediator within ten (10) calendar days of the

completion of the Notice/Response Stage, the court shall appoint one or

more mediators

d.   Mediation Sites.  All mediation proceedings will take place in New York,

New York, unless agreed to by the parties and the mediator.

e.   Mediation Briefs.  Any party to a Mediation may submit a Mediation

Brief, with service upon the other parties to the Mediation and upon the

Creditors' Committee; provided, however, the Mediator may order that the

parties to serve upon each other, the Mediator, and the Creditors'

Committee a Mediation Brief.  If a party to the Mediation opts to serve a

Mediation Brief upon another party to the Mediation hereunder, such

Mediation Brief shall also be filed with the Mediator and the Creditors'

Committee.  Any such Mediation Brief shall be served and filed so as to

be received no later than five (5) calendar days prior to the scheduled

initial Mediation Date.  No Mediation Brief shall be filed with the Court.

f.   Appearance at Mediations.  Unless otherwise ordered by the mediator all

participants in the mediation for the applicable Derivatives ADR Dispute,

must appear in person with a business principal who has settlement

authority; *provided, however*, that, to the extent acceptable to the

mediator, the business principal with settlement authority on behalf of a

~~Derivative~~Derivatives Counterparty may attend the mediation by video

conference at the sole expense of the ~~Derivative~~Derivatives Counterparty.

The Creditors' Committee may attend and participate in all mediations
hereunder.  Counsel may also be present and participate.

g.    <u>End of Mediation</u>.  The mediation shall end upon request of a party and
concurrence by the mediator.

**<u>OTHER PROVISIONS</u>**

11.    <u>Deadlines</u>.  Notwithstanding any of the provisions set forth above, any of
the deadlines contained herein may be modified by:  (i) the mutual consent of the Debtors and
the Derivatives Counterparty or (ii) the Bankruptcy Court, for cause shown.

12.    <u>Sanctions for Parties</u>.  Each Debtor and each Derivatives Counterparty
must participate in good faith with these Derivatives ADR Procedures with regard to the ADR
Disputes specified in the applicable Derivatives ADR Notice.  If, after notice and a hearing, the
Court determines that the Debtors or a Derivatives Counterparty have not complied with the
Derivatives ADR Procedures in good faith in connection with any Derivatives ADR Dispute, the
Debtors or the Derivatives Counterparty may be subject to such sanctions as the Court deems
appropriate (the "<u>Sanctions</u>").  If a mediator reports to the Court that any party subject to this
Order is not cooperating in good faith with the Derivatives ADR Procedures, the Court may,
without the need for further motion by any party, schedule a hearing and order Sanctions.
Litigation with respect to the issuance of Sanctions shall not delay the commencement of the
Mediation Stage of these procedures upon completion of the Notice/Response Stage.  Sanctions
may include, but are not limited to:

a.    <u>Against Debtors</u>:  (i) attorneys' fees incurred by a Derivatives
Counterparty (including an Indenture Trustee) with respect to the
Derivatives ADR Procedures after the receipt of an ADR Package; (ii)
fees and costs of the Mediator; (iii) termination of the Derivatives ADR

Procedures as to one or more Derivatives Contracts with Potential

Recovery; and/or (iii) rejection of some or all claims asserted by Debtors

in the applicable Derivatives ADR Dispute.

b.    <u>Against Derivatives Counterparties (including Indenture Trustees)</u>:  (i)

attorneys' fees incurred by the Debtors with respect to the Derivatives

ADR Procedures after the sending of an ADR Package; (ii) fees and costs

of the Mediator; (iii)  an award of the Derivatives ADR Dispute up to the

amount specified in the Derivatives ADR Notice.

13.    <u>Confidentiality</u>.  The confidentiality provisions of section 5.0 of the

Standing Order are hereby incorporated by reference into this Order.  No statements or

arguments made or positions taken by the mediator, the applicable Debtors,

~~Derivative~~<u>Derivatives</u> Counterparties, or the Creditors' Committee during any part of the

alternative dispute resolution process, including Settlement Conferences and the Mediation Stage

may be disclosed by the mediator or any such parties or their attorneys and advisors to the Court

or any third party; *provided, however*, that Indenture Trustees may disclose such statements,

arguments and positions as may become necessary with their respective noteholders and advisors

subject to these same confidentiality provisions.  Similarly, all briefs, records, reports, and other

documents received or made by the mediator while serving is such capacity shall remain

confidential and not be provided to the Court, unless they would be otherwise admissible.  In

addition, the mediator shall not be compelled to disclose such records, reports, and other

documents in connection with any hearing held by the Court; *provided*, *however*, the mediator

shall on a monthly basis beginning 60 days following entry of this Order report to the Court the

status of the mediation efforts but shall not disclose the content thereof, which report shall

include the number of ADR Notices served on Derivatives Counterparties, the number of

settlements reached after mediation, the number of mediations still pending, the number of

mediations that have terminated without settlement, and the cumulative dollar amount of

settlements reached with Derivatives Counterparties following service of ADR Notices.  Rule

408 of the Federal Rules of Evidence shall apply to all aspects of the ~~Derivative~~Derivatives ADR

Procedures including Settlement Conferences and Mediation Stage.

> 14.     <u>Jury Trial, Arbitration and Exclusive Foreign Forum Selection Rights</u>
<u>Unaffected</u>.  Unless a Derivatives Counterparty or a Debtor affirmatively waives its right to a

jury trial, arbitration or exclusive foreign forum selection that otherwise may exist, participation

in the Derivatives ADR Procedures shall not waive or otherwise modify such rights.  The

Derivatives Counterparty's or a Debtor's rights and defenses to contest the assertion of a jury

trial or arbitration or exclusive foreign forum selection right by a Derivatives Counterparty are

fully preserved.

> 15.     <u>Fees</u>.  Except as otherwise provided herein, each party to the Mediation

shall bear its own counsel fees and other costs of the Derivatives ADR Procedures, including

Mediation; *provided, however*, that the Debtors shall pay the reasonable fees and costs charged

by the Mediator unless otherwise ordered by the Court pursuant to the terms of this Order.

**SO ORDERED:**

~~August~~September __, 2009
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

WGM Draft 8/28/09

Exhibit A

**Form of Derivatives ADR Notice**

WGM Draft 8/28/09

Exhibit B

**Form of Response to Derivatives ADR Notice**

Document comparison by Workshare Professional on Friday, August 28, 2009 11:52:54 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://USDMS/US_ACTIVE/43114748/7 |
| Description | #43114748v7<US_ACTIVE> - Leh: ADR Procedures Order |
| Document 2 ID | interwovenSite://USDMS/US_ACTIVE/43114748/9 |
| Description | #43114748v9<US_ACTIVE> - Leh: ADR Procedures Order |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 70 |
| Deletions | 31 |
| Moved from | 2 |
| Moved to | 2 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 105 |

WGM Draft 8/28/09

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

In re                              :        **Chapter 11 Case No.**

**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :        **08-13555 (JMP)**

                   **Debtors.**        :        **(Jointly Administered)**

---------------------------------------------------------------------x

**ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR**
**AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVES CONTRACTS**

      The following alternative dispute resolution procedures (the "Derivatives ADR Procedures") are ORDERED to apply in the chapter 11 cases of Lehman Brothers Holdings, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession in various chapter 11 proceedings consolidated for procedural purposes only (collectively, "the Debtors").

**FINDINGS**

      On motion of Debtors, the Court FINDS that numerous open and terminated derivatives contracts, including ~~swap agreements and forward contracts~~ ~~(the "Derivatives Contracts with Recovery Potential")~~any derivative contract that is a "swap agreement" or "forward contract", in each case, as such term is defined in section 101 of the Bankruptcy Code, exist as to which one or more Debtors assert that monetary recovery is due to a Debtor from a counterparty, its affiliates, or related parties (the "Derivatives Contracts with Recovery Potential").  The Court further FINDS that certain common issues exist regarding these contracts, including questions involving appropriateness of setoff, termination, valuation and computation of termination payments, and notice.  The Court further FINDS that substantial value may be recovered for the estates of Debtors, and judicial efficiency can be promoted, if expedient resolution of disputes and recoveries under such contracts can be achieved without the

need for trial of adversary proceedings or other litigation.  The Court further FINDS that similar

proceedings ordered in other complex chapter 11 cases have contributed to effective

administration of the proceedings and have reduced costs for all parties.

The procedures described below are ORDERED to promote consensual recovery

with respect to the Derivatives Contracts with Recovery Potential, and to encourage effective

communication between the affected parties, consultation, negotiation, and, when necessary,

mediation procedures.

1.    Standing Mediation Order.  All provisions of the General Order #M-143,

adopted January 17, 1995, providing for Procedures Governing Mediation of Matters in

Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District

of New York and all existing and further amendments thereto (the "Standing Order") shall apply

to the mediations to be conducted under this Order.

2.    Derivatives ADR Counterparties.  To date, the Debtors have identified

approximately two hundred fifty (250) counterparties (which number will surely increase) to

Derivatives Contracts with Recovery Potential with whom there is reasonable cause for Debtors

to believe that disagreement exists over the amounts that may be owed to Debtors under such

contracts (whether or not an actual lawsuit or adversary proceeding has been commenced),

whether from a counterparty to a Derivatives Contract with a Recovery Potential, an affiliate of

such counterparty or a person or entity who exercised or failed to exercise duties in relation to

such a contract (collectively, the "~~Derivative Counterparties")~~Derivatives Counterparties");

provided, however, that the term Derivatives Contract with Recovery Potential shall not include

any cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or

loan for settlement within the standard settlement cycle for the relevant market), exchange-traded

future or option, securities loan transaction or repurchase agreement in respect of securities or
loans.

       3.      <u>Derivatives ADR Disputes</u>.  Any Debtor may designate any dispute
regarding a ~~Derivative~~<u>Derivatives</u> Contract with Recovery Potential to the Derivatives ADR
Procedures by serving ~~the following on a Derivative Counterparty:~~ <u>on a Derivatives
Counterparty a copy of this Order and</u> a Derivatives ADR Notice (as defined below)
(collectively, the "Derivatives ADR Package").

       a.      ~~a copy of this Order; and~~<u>Debtors shall not implement Derivatives
ADR Procedures with respect to a Derivatives Contract with Recovery Potential that (i) has not
been purportedly terminated and (ii) with respect to which a Derivatives Counterparty has not
failed to make a payment, or perform any other obligation, due, if any, to the Debtor(s) (without
regard to any provision in a Derivatives Contract with Recovery Potential that purports to permit
a Derivatives Counterparty to withhold performance by reason of a default by a Debtor or its
affiliates).</u>

       b.      ~~a Derivatives ADR Notice (as defined below) (collectively, the
"Derivatives ADR Package").~~ <u>Debtors shall take commercially reasonable efforts to minimize
the frequency of service of Derivatives ADR Notices on any one Derivatives Counterparty.</u>

       <u>c.</u>      For purposes of the Derivatives ADR Procedures, service on or
notice to a Derivatives Counterparty shall be deemed adequate if such service or notice is
provided to the Derivatives Counterparty, the Derivatives Counterparty's counsel, legal
guardian, estate representative, or other representative by (i) email and (ii) at the option of the
Debtors either (x) hand delivery, or (y) first class mail, or (z) overnight mail.

4.      <u>Settlement of Disputes During the Derivatives ADR Procedures</u>.  Nothing

contained herein shall prevent the parties from settling, and the parties are encouraged to settle, a

Derivatives ADR Dispute at any time before, during, or following the designation of a

Derivatives ADR Dispute to the Derivatives ADR Procedures by the mutual consent of the

parties, provided that such settlement

a.      complies with (i) the Order, dated December 16, 2008, authorizing the

Debtors to establish procedures for the settlement or assumption and

assignment of prepetition derivative contracts [Docket 2257]; (ii) the

Order, dated January 29, 2009, authorizing the consensual assumption and

assignment of prepetition derivative contracts [Docket No. 2667], or (iii)

other orders in these bankruptcy cases permitting such settlement, or

b.      is approved by specific order of the Court.

Any settlement discussions between any of the parties and the Official Unsecured Creditors'

Committee (the "<u>Creditors' Committee</u>"), the contents of any papers submitted during the

mediation stage described below, and all discussions in mediation shall remain confidential and

privileged and shall not be discoverable or admissible as evidence in any subsequent litigation of

the Derivatives ADR Dispute or elsewhere, except as provided by further order of this Court.

5.      <u>Participation Mandatory</u>.  Unless otherwise provided in a specific order

applicable to a particular Derivatives ADR Dispute or a particular Derivatives Counterparty,

after service of an ADR Package on a Derivatives Counterparty,

a.      compliance with the Derivatives ADR Procedures in this Order is

mandatory in the specified Derivatives ADR Disputes for both the

applicable Debtor or Debtors and each Derivatives Counterparty; and

      b.      no party is required to settle or compromise any dispute or enter into a particular settlement or compromise, but each Debtor serving a Derivatives ADR Package and each Derivatives Counterparty must serve the required responses, engage in the specified communications to discuss settlement, participate in any mediation in good faith, follow directions of the mediator, and otherwise comply with the Derivatives ADR Procedures specified below for all Derivatives ADR Disputes covered by such notice.

All rights, remedies, claims and defenses of a Derivatives Counterparty and a Debtor in good faith compliance with the Derivatives ADR Procedures shall not be impaired, waived or compromised in any further proceedings in these cases should no settlement or compromise result from participation in these Derivatives ADR Procedures. Participation in the Derivatives ADR Procedures by a Derivatives Counterparty shall not waive such party's defense of lack of in personam jurisdiction, which defense shall be preserved.

      6.      <u>No Substitute For Claims Procedures</u>.  The Derivatives ADR Procedures are not intended and shall not be utilized as a substitute for chapter 11 claims procedures. Nothing contained herein, however, shall (a) prevent a Derivatives Counterparty from asserting in any respect to a Derivatives ADR Notice and elsewhere during the course of a Derivatives ADR Dispute a right to assert valid and enforceable setoff rights with respect to a Debtor's claim of a ~~Derivative~~Derivatives Contract with Recovery Potential or any other valid defense to a Debtor's demand thereunder or (b) be construed to abridge, enlarge, or otherwise modify the rights and obligations of Debtors or Derivatives Counterparties under a Derivatives Contract with Recovery Potential or applicable law or to provide a right or remedy under a Derivatives

Contract with Recovery Potential to Debtors or Derivatives Counterparties that is not provided thereby or by applicable law.

7.      Debtor's Rights As to Proceedings Previously or Hereafter Commenced by ~~Derivative~~Derivatives Counterparties.  If a Derivatives Counterparty previously has commenced, any action or proceeding in any other court or forum, or any action or proceeding in any other court or forum following service upon it of a ~~Derivative~~Derivatives ADR Package, the Debtors reserve their right, pursuant to the order dated December 18, 2008 [Docket No. 2306], to remove to this Court any such lawsuit, proceeding, or claim and to defend or take action in any such other court or proceeding to protect the estate of Debtors, despite the incomplete status of the steps prescribed under the ~~Derivative~~Derivatives ADR Procedures.

## NOTICE/RESPONSE STAGE

8.      Notice/Response.  The initial stage of the Derivatives ADR Procedures will be a notice/response stage, providing the parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve a Derivatives ADR Dispute on a consensual basis (the "Notice/Response Stage").  The Notice/Response Stage shall include:

a.      Derivatives ADR Notice.  Debtors shall serve upon a Derivatives Counterparty (and its attorneys who have appeared in these cases) a notice containing sufficient information regarding the Derivatives ADR Dispute to make the Derivatives Counterparty aware of the nature of Debtor's affirmative claim, a brief explanation setting forth the basis for the demand and the amount, and of its demand for settlement (which demand shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), including an amount of monetary

recovery Debtor(s) would accept in full settlement and compromise (a

"Derivatives ADR Notice").  In addition, the Debtors shall serve an ADR

Notice upon any trustee or other party acting in a fiduciary capacity in

connection with a trust or other financing arrangement that relates to the

applicable Derivatives Contract with any of the Debtors (such fiduciaries

collectively referred to as "Indenture Trustees," and each singly as an

"Indenture Trustee").  Service of a completed Derivatives ADR Notice in

the form annexed to this Order as Exhibit "A" shall presumptively be

deemed to comply with this Order.

b.    Derivatives Counterparty's Response to Notice.  A Derivatives

Counterparty must respond to the Derivatives ADR Notice in writing

through a "Statement of Position" within twentythirty (2030) calendar

days from the date of the Derivatives Counterparty's receipt of the Notice.

An Indenture Trustee must respond to the Derivatives ADR Notice in

writing through a "Statement of Position" within thirty (30forty-five (45)

calendar days from the date of such Indenture Trustee's receipt of the

ADR Notice.  The response options available to a Derivatives

Counterparty or an Indenture Trustee are as follows (the "Responses"):

    i.    Agreeing to Settle the Demand.  If a Derivatives

        Counterparty agrees to settle the demand in the Derivatives

        ADR Notice, the Counterparty shall state in writing that the

        offer of settlement in the Derivatives ADR Notice is

        accepted.  The parties will then execute a settlement and

general release (including a confidentiality provision) and,

if the matter is in litigation, the Debtor shall dismiss any

applicable claims in a lawsuit or adversary proceeding with

prejudice upon execution of the release; or

ii. <u>Denying the Demand</u>. A Derivatives Counterparty may

decline to settle for the amount stated in the demand in the

Derivatives ADR Notice, in which case the Derivatives

Counterparty must include a brief explanation in the

Response to the Derivatives ADR Notice setting forth the

reason(s) for such denial. In addition, the Derivatives

Counterparty may provide a counteroffer to the demand in

the Derivatives ADR Notice. <u>Service of a completed</u>

<u>Response to a Derivatives ADR Notice in the form annexed</u>

<u>to this Order as Exhibit "B" shall presumptively be deemed</u>

<u>to comply with this Order.</u>

c. <u>Failure to Respond</u>. Failure to provide a timely Response to the

Derivatives ADR Notice, as described in paragraphs 8(b)(i) and (ii), may

result, at the option of Debtors, either in an application to the Court (with

notice to any applicable Indenture Trustee) for Sanctions (as defined

below) as set forth below, including an order or judgment for recovery of

amounts demanded by Debtors in the Derivatives ADR Notice, or

immediate entry into the mediation stage.

      d.    <u>Reply to Response</u>.  The Debtor shall have fifteen (15) days from the date of the receipt of the Response to serve a reply to the Response to the Derivatives ADR Notice (which Response shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), in which the Debtor shall (i) modify its Demand, (ii) respond to any counteroffer, (iii) provide additional information in support of its demands in the Derivatives ADR Dispute, or (iv) reject any counteroffer in which case the Derivatives ADR Dispute will automatically proceed to the Mediation Stage.

      9.    <u>Request for Initial Settlement Conferenc</u>e.  At any time in the Notice/Response Stage, either a Debtor or a Derivatives Counterparty may request an initial telephonic settlement conference by written request, to be held within ~~five~~ten (~~5~~10) calendar days, and, in the case of Indenture Trustees, to be held within ~~ten~~fifteen (~~10~~15) business days. Within ~~two~~four (~~2~~4) business days of a receipt of such a request, the other parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than five (5) calendar days from the earliest date set forth in the written request.  In the case of Indenture Trustees, within ~~seven~~ten (~~7~~10) business days of a receipt of such a request, the other parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than ~~ten~~fifteen (~~10~~15) business days from the earliest date set forth in the written request.  If an acceptable date cannot be achieved through this process, the parties shall immediately proceed to the Mediation Stage.  At least one hour shall be reserved for the initial conference to discuss settlement.  No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this

paragraph, together with any continuations or rescheduled settlement calls or meetings arising

from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of

Evidence and analogous state evidentiary provisions, the confidentiality provisions of this Order

shall apply to this call or series of calls as if a mediator were present.  Settlement conferences

during the Notice/Response Stage may be held in person if both parties agree in writing.

### **MEDIATION STAGE**

      10.   <u>Mediation</u>.  Derivatives ADR Disputes that are not resolved through the

Notice/Response Stage will proceed to mediation (the "<u>Mediation Stage</u>").

    a.    Debtor and the Derivatives Counterparty together shall contact the

        mediator to schedule the initial mediation date.

    b.    <u>Powers of Mediator</u>.  The mediator shall have the broadest possible

        discretion consistent with the Standing Order<u>, including the ability to</u>

        <u>consolidate mediations involving the same Derivatives Counterparty upon</u>

        <u>application by such Derivatives Counterparty and consultation with the</u>

        <u>Debtors</u>.

    c.    <u>Choice of Mediator</u>.  **INSERT MEDIATOR NAME(S)** is (are)

        APPOINTED as the mediator(s) for Derivatives ADR Disputes reaching

        the Mediation Stage.  If **NAME(S)** is (are) not available to serve as

        mediator, an alternate mediator shall be selected as mutually agreed in

        writing by all parties to a specific Derivatives ADR Dispute or group of

        related Derivatives ADR Disputes.  Any such alternative shall be deemed

        to have been appointed upon entry into a written stipulation to that effect

        by all Debtors and Derivatives Counterparties participating in the

        applicable Derivatives ADR Dispute or Disputes.  If the parties cannot

agree upon a selection of mediator within ten (10) calendar days of the

completion of the Notice/Response Stage, the court shall appoint one or

more mediators

d.    <u>Mediation Sites</u>.  All mediation proceedings will take place in New York,

New York, unless agreed to by the parties and the mediator.

e.    <u>Mediation Briefs</u>.  Any party to a Mediation may submit a Mediation

Brief, with service upon the other parties to the Mediation and upon the

Creditors' Committee; provided, however, the Mediator may order that the

parties to serve upon each other, the Mediator, and the Creditors'

Committee a Mediation Brief.  If a party to the Mediation opts to serve a

Mediation Brief upon another party to the Mediation hereunder, such

Mediation Brief shall also be filed with the Mediator and the Creditors'

Committee.  Any such Mediation Brief shall be served and filed so as to

be received no later than five (5) calendar days prior to the scheduled

initial Mediation Date.  No Mediation Brief shall be filed with the Court.

f.    <u>Appearance at Mediations</u>.  Unless otherwise ordered by the mediator all

participants in the mediation for the applicable Derivatives ADR Dispute,

must appear in person with a business principal who has settlement

authority; *provided, however*, that, to the extent acceptable to the

mediator, the business principal with settlement authority on behalf of a

~~Derivative~~<u>Derivatives</u> Counterparty may attend the mediation by video

conference at the sole expense of the ~~Derivative~~<u>Derivatives</u> Counterparty.

The Creditors' Committee may attend and participate in all mediations

hereunder. Counsel may also be present and participate.

g.    <u>End of Mediation</u>. The mediation shall end upon request of a party and

concurrence by the mediator.

## OTHER PROVISIONS

11.    <u>Deadlines</u>. Notwithstanding any of the provisions set forth above, any of

the deadlines contained herein may be modified by: (i) the mutual consent of the Debtors and

the Derivatives Counterparty or (ii) the Bankruptcy Court, for cause shown.

12.    <u>Sanctions for Parties</u>. Each Debtor and each Derivatives Counterparty

must participate in good faith with these Derivatives ADR Procedures with regard to the ADR

Disputes specified in the applicable Derivatives ADR Notice. If, after notice and a hearing, the

Court determines that the Debtors or a Derivatives Counterparty have not complied with the

Derivatives ADR Procedures in good faith in connection with any Derivatives ADR Dispute, the

Debtors or the Derivatives Counterparty may be subject to such sanctions as the Court deems

appropriate (the "<u>Sanctions</u>"). If a mediator reports to the Court that any party subject to this

Order is not cooperating in good faith with the Derivatives ADR Procedures, the Court may,

without the need for further motion by any party, schedule a hearing and order Sanctions.

Litigation with respect to the issuance of Sanctions shall not delay the commencement of the

Mediation Stage of these procedures upon completion of the Notice/Response Stage. Sanctions

may include, but are not limited to:

a.    <u>Against Debtors</u>: (i) attorneys' fees incurred by a Derivatives

Counterparty (including an Indenture Trustee) with respect to the

Derivatives ADR Procedures after the receipt of an ADR Package; (ii)

fees and costs of the Mediator; (iii) termination of the Derivatives ADR

Procedures as to one or more Derivatives Contracts with Potential

Recovery; and/or (iii) rejection of some or all claims asserted by Debtors

in the applicable Derivatives ADR Dispute.

b.    <u>Against Derivatives Counterparties (including Indenture Trustees)</u>:  (i)

attorneys' fees incurred by the Debtors with respect to the Derivatives

ADR Procedures after the sending of an ADR Package; (ii) fees and costs

of the Mediator; (iii)  an award of the Derivatives ADR Dispute up to the

amount specified in the Derivatives ADR Notice.

13.    <u>Confidentiality</u>.  The confidentiality provisions of section 5.0 of the

Standing Order are hereby incorporated by reference into this Order.  No statements or

arguments made or positions taken by the mediator, the applicable Debtors,

~~Derivative~~<u>Derivatives</u> Counterparties, or the Creditors' Committee during any part of the

alternative dispute resolution process, including Settlement Conferences and the Mediation Stage

may be disclosed by the mediator or any such parties or their attorneys and advisors to the Court

or any third party; *provided, however*, that Indenture Trustees may disclose such statements,

arguments and positions as may become necessary with their respective noteholders and advisors

subject to these same confidentiality provisions.  Similarly, all briefs, records, reports, and other

documents received or made by the mediator while serving is such capacity shall remain

confidential and not be provided to the Court, unless they would be otherwise admissible.  In

addition, the mediator shall not be compelled to disclose such records, reports, and other

documents in connection with any hearing held by the Court; *provided*, *however*, the mediator

shall on a monthly basis beginning 60 days following entry of this Order report to the Court the

status of the mediation efforts but shall not disclose the content thereof, which report shall

include the number of ADR Notices served on Derivatives Counterparties, the number of

settlements reached after mediation, the number of mediations still pending, the number of

mediations that have terminated without settlement, and the cumulative dollar amount of

settlements reached with Derivatives Counterparties following service of ADR Notices. Rule

408 of the Federal Rules of Evidence shall apply to all aspects of the ~~Derivative~~Derivatives ADR

Procedures including Settlement Conferences and Mediation Stage.

        14.     <u>Jury Trial, Arbitration and Exclusive Foreign Forum Selection Rights</u>

<u>Unaffected</u>. Unless a Derivatives Counterparty or a Debtor affirmatively waives its right to a

jury trial, arbitration or exclusive foreign forum selection that otherwise may exist, participation

in the Derivatives ADR Procedures shall not waive or otherwise modify such rights. The

Derivatives Counterparty's or a Debtor's rights and defenses to contest the assertion of a jury

trial or arbitration or exclusive foreign forum selection right by a Derivatives Counterparty are

fully preserved.

        15.     <u>Fees</u>. Except as otherwise provided herein, each party to the Mediation

shall bear its own counsel fees and other costs of the Derivatives ADR Procedures, including

Mediation; *provided, however*, that the Debtors shall pay the reasonable fees and costs charged

by the Mediator unless otherwise ordered by the Court pursuant to the terms of this Order.

**SO ORDERED:**

~~August~~September __, 2009
New York, New York

                              _____
                              UNITED STATES BANKRUPTCY JUDGE

WGM Draft 8/28/09

Exhibit A

**Form of Derivatives ADR Notice**

WGM Draft 8/28/09

Exhibit B

**Form of Response to Derivatives ADR Notice**

-

Document comparison by Workshare Professional on Friday, August 28, 2009 11:52:54 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://USDMS/US_ACTIVE/43114748/7 |
| Description | #43114748v7<US_ACTIVE> - Leh: ADR Procedures Order |
| Document 2 ID | interwovenSite://USDMS/US_ACTIVE/43114748/9 |
| Description | #43114748v9<US_ACTIVE> - Leh: ADR Procedures Order |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 70 |
| Deletions | 31 |
| Moved from | 2 |
| Moved to | 2 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 105 |