WGM Draft 9/11/09

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
**In re**                                              :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
:
Debtors.                                :    **(Jointly Administered)**
:
:
-----------------------------------------------------------------x

### ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVES CONTRACTS

The following alternative dispute resolution procedures (the "Derivatives ADR Procedures") are ORDERED to apply in the chapter 11 cases of Lehman Brothers Holdings, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession in various chapter 11 proceedings consolidated for procedural purposes only (collectively, "the Debtors").

### FINDINGS

On motion of Debtors, the Court FINDS that numerous open and terminated derivatives contracts, including any derivative contract that is a "swap agreement" or "forward contract", in each case, as such term is defined in section 101 of the Bankruptcy Code, exist as to which one or more Debtors assert that monetary recovery is due to a Debtor from a counterparty, its affiliates, or related parties (the "Derivatives Contracts with Recovery Potential"). The Court further FINDS that certain common issues exist regarding these contracts, including questions involving appropriateness of setoff, termination, valuation and computation of termination payments, and notice. The Court further FINDS that substantial value may be recovered for the estates of Debtors, and judicial efficiency can be promoted, if expedient resolution of disputes and recoveries under such contracts can be achieved without the need for trial of adversary proceedings or other litigation. The Court further FINDS that similar proceedings ordered in

other complex chapter 11 cases have contributed to effective administration of the proceedings and have reduced costs for all parties.

The procedures described below are ORDERED to promote consensual recovery with respect to the Derivatives Contracts with Recovery Potential, and to encourage effective communication between the affected parties, consultation, negotiation, and, when necessary, mediation procedures.

1. <u>Standing Mediation Order</u>.  All provisions of the General Order #M-143, adopted January 17, 1995, providing for Procedures Governing Mediation of Matters in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York and all existing and further amendments thereto (the "<u>Standing Order</u>") shall apply to the mediations to be conducted under this Order.

2. <u>Derivatives ADR Counterparties</u>.  To date, the Debtors have identified approximately two hundred fifty (250) counterparties (which number will surely increase) to Derivatives Contracts with Recovery Potential with whom there is reasonable cause for Debtors to believe that disagreement exists over the amounts that may be owed to Debtors under such contracts (whether or not an actual lawsuit or adversary proceeding has been commenced), whether from a counterparty to a Derivatives Contract with a Recovery Potential, an affiliate of such counterparty or a person or entity who exercised or failed to exercise duties in relation to such a contract (collectively, the "<u>Derivatives Counterparties</u>"); provided, however, that the term Derivatives Contract with Recovery Potential shall not include any cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction or repurchase agreement in respect of securities or loans.

3. <u>Derivatives ADR Disputes</u>.  Any Debtor may designate any dispute regarding a Derivatives Contract with Recovery Potential to the Derivatives ADR Procedures by serving on a Derivatives Counterparty a copy of this Order and a Derivatives ADR Notice (as defined below) (collectively, the "<u>Derivatives ADR Package</u>").

a. Debtors shall not implement Derivatives ADR Procedures with respect to a Derivatives Contract with Recovery Potential that (i) has not been purportedly terminated and (ii) with respect to which a Derivatives Counterparty has not failed to make a payment, or perform any other obligation, due, if any, to the Debtor(s) (without regard to any provision in a Derivatives Contract with Recovery Potential that purports to permit a Derivatives Counterparty to withhold performance by reason of a default by a Debtor or its affiliates).

b. Debtors shall make commercially reasonable efforts to minimize the frequency of service of Derivatives ADR Notices on any one Derivatives Counterparty.

c. Any trustee, indenture trustee or party acting in a fiduciary capacity in connection with a trust or other financing arrangement that relates to the applicable Derivatives Contract with any of the Debtors (such persons or entities collectively referred to as "<u>Indenture Trustees</u>," and each singly as an "<u>Indenture Trustee</u>") shall be subject to this Order.

d. For purposes of the Derivatives ADR Procedures, service on or notice to a Derivatives Counterparty or Indenture Trustee, as the case may be, shall be deemed adequate if such service or notice is provided to such Derivatives Counterparty, such Indenture Trustee, a legal guardian, estate representative, or other representative and such party's counsel who have appeared in these cases by (i) email and (ii) at the option of the Debtors either (x) hand delivery, or (y) first class mail, or (z) overnight mail.

    4.    <u>Settlement of Disputes During the Derivatives ADR Procedures</u>.  Nothing contained herein shall prevent the parties from settling, and the parties are encouraged to settle, a Derivatives ADR Dispute at any time before, during, or following the designation of a Derivatives ADR Dispute to the Derivatives ADR Procedures by the mutual consent of the parties, provided that such settlement

    a.    complies with (i) the Order, dated December 16, 2008, authorizing the Debtors to establish procedures for the settlement or assumption and assignment of prepetition derivative contracts [Docket 2257]; (ii) the Order, dated January 29, 2009, authorizing the consensual assumption and assignment of prepetition derivative contracts [Docket No. 2667], or (iii) other orders in these bankruptcy cases permitting such settlement, or

    b.    is approved by specific order of the Court.

Any settlement discussions between any of the parties and the Official Unsecured Creditors' Committee (the "<u>Creditors' Committee</u>"), the contents of any papers submitted during the mediation stage described below, and all discussions in mediation shall remain confidential and privileged and shall not be discoverable or admissible as evidence in any subsequent litigation of the Derivatives ADR Dispute or elsewhere, except as provided by further order of this Court.

    5.    <u>Participation Mandatory</u>.

    a.    Unless otherwise provided in a specific order applicable to a particular Derivatives ADR Dispute or a particular Derivatives Counterparty or Indenture Trustee with Authority (as defined below), after service of a Derivatives ADR Package on a Derivatives Counterparty or Indenture Trustee with Authority (i) compliance with the Derivatives ADR Procedures in this Order is mandatory in the specified Derivatives ADR Disputes for the

applicable Debtor or Debtors, Derivatives Counterparty and Indenture Trustee with Authority; and (ii) no party is required to settle or compromise any dispute or enter into a particular settlement or compromise, but each Debtor serving a Derivatives ADR Package, each Derivatives Counterparty, and each Indenture Trustee with Authority must serve the required responses, engage in the specified communications to discuss settlement, participate in any mediation in good faith, follow directions of the mediator, and otherwise comply with the Derivatives ADR Procedures specified below for all Derivatives ADR Disputes covered by such Derivatives ADR Package.

      b.    With respect to any Derivatives ADR Package served on an Indenture Trustee, within the period provided in paragraph 8(b) for service of a response thereto by an Indenture Trustee, Debtors and such Indenture Trustee shall review the governing documents to determine whether the Indenture Trustee has authority to participate and to settle the Derivatives ADR Dispute covered by the Derivatives ADR Notice on behalf of holders ("Authority").

      i.    If the Indenture Trustee has Authority, it shall participate in the Derivatives ADR Procedures on behalf of holders to the extent authorized by such documents.

      ii.    If the Indenture Trustee lacks Authority via the governing documents, it shall contact the holders for which it acts as Indenture Trustee through the clearing systems or when possible by a direct written communication that: (v) advises such holders that the Debtors dispute holders' claims; (w) transmits to them the applicable Derivatives ADR Notice; (x) invites them to participate in the Derivatives ADR Procedures as an alternative to litigation;

(y) encourages them to communicate directly with the Debtors; and (z) offers to take holders' direction in accordance with the governing documents to participate in the Derivatives ADR Procedures on behalf of such directing holders.

iii. In taking the steps outlined in this paragraph 5(b), Indenture Trustees shall make commercially reasonable efforts to act as promptly as possible under the prevailing circumstances.

c. Nothing contained in this paragraph 5 with respect to Indenture Trustees shall relieve or be construed to relieve any Derivatives Counterparty from compliance with this Order.

d. All rights, remedies, claims and defenses of any Derivatives Counterparty, Indenture Trustees, holders and Debtor in good faith compliance with the Derivatives ADR Procedures shall not be impaired, waived or compromised in any further proceedings in these cases should no settlement or compromise result from participation in these Derivatives ADR Procedures.  Participation in the Derivatives ADR Procedures by a Derivatives Counterparty, Indenture Trustee, or holder shall not waive the defense of lack of in personam jurisdiction, if any, which defense shall be preserved.

6. <u>No Substitute For Claims Procedures</u>.  The Derivatives ADR Procedures are not intended and shall not be utilized as a substitute for chapter 11 claims procedures. Nothing contained herein, however, shall (a) prevent a Derivatives Counterparty from asserting in any respect to a Derivatives ADR Notice and elsewhere during the course of a Derivatives ADR Dispute a right to assert valid and enforceable setoff rights with respect to a Debtor's claim of a Derivatives Contract with Recovery Potential or any other valid defense to a Debtor's

demand thereunder or (b) be construed to abridge, enlarge, or otherwise modify the rights and obligations of Debtors or Derivatives Counterparties under a Derivatives Contract with Recovery Potential or applicable law or to provide a right or remedy under a Derivatives Contract with Recovery Potential to Debtors or Derivatives Counterparties that is not provided thereby or by applicable law.

    7. <u>Debtor's Rights As to Proceedings Previously or Hereafter Commenced by Derivatives Counterparties</u>.  If a Derivatives Counterparty previously has commenced, any action or proceeding in any other court or forum, or any action or proceeding in any other court or forum following service upon it of a Derivatives ADR Package, the Debtors reserve their right, pursuant to the order dated December 18, 2008 [Docket No. 2306], to remove to this Court any such lawsuit, proceeding, or claim and to defend or take action in any such other court or proceeding to protect the estate of Debtors, despite the incomplete status of the steps prescribed under the Derivatives ADR Procedures.

## NOTICE/RESPONSE STAGE

    8. <u>Notice/Response</u>.  The initial stage of the Derivatives ADR Procedures will be a notice/response stage, providing the parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve a Derivatives ADR Dispute on a consensual basis (the "<u>Notice/Response Stage</u>").  The Notice/Response Stage shall include:

    a. <u>Derivatives ADR Notice</u>.  Debtors shall serve upon a Derivatives Counterparty or Indenture Trustee (and its attorneys who have appeared in these cases) a notice containing sufficient information regarding the Derivatives ADR Dispute to make the Derivatives Counterparty or Indenture Trustee aware of the nature of Debtor's affirmative claim, a

        brief explanation setting forth the basis for the demand and the amount, and of its demand for settlement (which demand shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), including an amount of monetary recovery Debtor(s) would accept in full settlement and compromise (a "<u>Derivatives ADR Notice</u>").  Service of a completed Derivatives ADR Notice in the form annexed to this Order as Exhibit "A" shall presumptively be deemed to comply with this Order.

    b.    <u>Derivatives Counterparty's Response to Notice</u>.  A Derivatives Counterparty must respond to the Derivatives ADR Notice in writing within thirty (30) calendar days from the date of the Derivatives Counterparty's receipt of the Notice.  An Indenture Trustee with Authority contained in the governing documents must respond to the Derivatives ADR Notice in writing within forty-five (45) calendar days from the date of such Indenture Trustee's receipt of the Derivatives ADR Notice, and an Indenture Trustee with Authority obtained by way of direction from holders pursuant to paragraph 5(b) above, must respond to the Derivatives ADR Notice within thirty (30) days from the date of receipt of such direction from holders.  The response options available to a Derivatives Counterparty or an Indenture Trustee with Authority are as follows (the "<u>Responses</u>"):

        i.    <u>Agreeing to Settle the Demand</u>.  If a Derivatives Counterparty or an Indenture Trustee with Authority agrees

      to settle the demand in the Derivatives ADR Notice, the Counterparty shall state in writing that the offer of settlement in the Derivatives ADR Notice is accepted. The parties will then execute a settlement and general release (including a confidentiality provision) and, if the matter is in litigation, the Debtor shall dismiss any applicable claims in a lawsuit or adversary proceeding with prejudice upon execution of the release; or

  ii. <u>Denying the Demand</u>. A Derivatives Counterparty or Indenture Trustee with Authority may decline to settle for the amount stated in the demand in the Derivatives ADR Notice, in which case the Derivatives Counterparty or Indenture Trustee with Authority must include a brief explanation in the Response to the Derivatives ADR Notice setting forth the reason(s) for such denial. In addition, the Derivatives Counterparty or Indenture Trustee with Authority may provide a counteroffer to the demand in the Derivatives ADR Notice. Service of a completed Response to a Derivatives ADR Notice in the form annexed to this Order as Exhibit "B" shall presumptively be deemed to comply with this Order.

c. <u>Failure to Respond</u>. Failure to provide a timely Response to the Derivatives ADR Notice, as described in paragraphs 8(b)(i) and (ii), may

result, at the option of Debtors, either in an application to the Court (with notice to any applicable Derivatives Counterparty or Indenture Trustee) for Sanctions (as defined below) as set forth below, including an order or judgment for recovery of amounts demanded by Debtors in the Derivatives ADR Notice, or immediate entry into the mediation stage.

  d. <u>Reply to Response</u>.  The Debtor shall have fifteen (15) days from the date of the receipt of the Response to serve a Reply to the Response to the Derivatives ADR Notice (which Response shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), in which the Debtor shall (i) modify its Demand, (ii) respond to any counteroffer, (iii) provide additional information in support of its demands in the Derivatives ADR Dispute, or (iv) reject any counteroffer in which case the Derivatives ADR Dispute will automatically proceed to the Mediation Stage.

  9. <u>Request for Initial Settlement Conference</u>.  At any time in the Notice/Response Stage, either a Debtor, Derivatives Counterparty or Indenture Trustee with Authority may request an initial telephonic settlement conference by written request, to be held within ten (10) calendar days, and, in the case of Indenture Trustees with Authority, to be held within fifteen (15) business days.  Within four (4) business days of a receipt of such a request, the other parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than five (5) calendar days from the earliest date set forth in the written request.  In the case of Indenture Trustees with Authority, within ten (10) business days of a receipt of such a request, the other parties must respond by acceptance of one

of the proposed dates and times or by a proposal for an initial settlement call no later than fifteen (15) business days from the earliest date set forth in the written request. If an acceptable date cannot be achieved through this process, the parties shall immediately proceed to the Mediation Stage. At least one hour shall be reserved for the initial conference to discuss settlement. No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this paragraph, together with any continuations or rescheduled settlement calls or meetings arising from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, the confidentiality provisions of this Order shall apply to this call or series of calls as if a mediator were present. Settlement conferences during the Notice/Response Stage may be held in person if both parties agree in writing.

## **MEDIATION STAGE**

10. <u>Mediation</u>. Derivatives ADR Disputes that are not resolved through the Notice/Response Stage will proceed to mediation (the "<u>Mediation Stage</u>"). The Debtors shall transmit on a rolling basis as promptly as possible to the mediators appointed pursuant to paragraph 10(a) hereof sets of Derivatives ADR Notices and any applicable Response(s) and Replies thereto for purposes of allocating specific mediations pursuant to paragraph 10(b)(i) hereof.

      a.    <u>Choice of Mediator</u>. **[INSERT MEDIATOR NAMES]** are APPOINTED as the mediators for Derivatives ADR Disputes reaching the Mediation Stage. If any named mediator is not available to serve as mediator, an alternate mediator shall be selected by the Court upon notice to the Debtors, the Creditors' Committee, all Derivatives Counterparties and Indenture Trustees.

  b. <u>Powers of Mediator</u>.  The mediators shall have the broadest possible discretion consistent with the Standing Order, including (i) the manner of allocating among themselves specific mediations on a fair and equitable basis; and (ii) the ability to consolidate mediations involving the same Derivatives Counterparty upon application by such Derivatives Counterparty and consultation with the Debtors.

  c. Once a specific mediator has been selected and notice of such selection has been conveyed to the parties, the Debtor and the Derivatives Counterparty or Indenture Trustee with Authority together shall contact the mediator to schedule the initial mediation date.

  d. <u>Mediation Sites</u>.  All mediation proceedings will take place in New York, New York, unless agreed to by the parties and the mediator.

  e. <u>Mediation Briefs</u>.  Any party to a Mediation may submit a Mediation Brief, with service upon the other parties to the Mediation and upon the Creditors' Committee; provided, however, the Mediator may order that the parties to serve upon each other, the Mediator, and the Creditors' Committee a Mediation Brief.  If a party to the Mediation opts to serve a Mediation Brief upon another party to the Mediation hereunder, such Mediation Brief shall also be filed with the Mediator and the Creditors' Committee.  Any such Mediation Brief shall be served and filed so as to be received no later than five (5) calendar days prior to the scheduled initial Mediation Date.  No Mediation Brief shall be filed with the Court.

      f.    <u>Appearance at Mediations</u>.  Unless otherwise ordered by the mediator all participants in the mediation for the applicable Derivatives ADR Dispute, must appear in person with a business principal who has settlement authority; *provided, however*, that, to the extent acceptable to the mediator, the business principal with settlement authority on behalf of a Derivatives Counterparty may attend the mediation by video conference at the sole expense of the Derivatives Counterparty.  The Creditors' Committee may attend and participate in all mediations hereunder.  Counsel may also be present and participate.

      g.    <u>End of Mediation</u>.  The mediation shall end upon request of a party and concurrence by the mediator.

## OTHER PROVISIONS

11.    <u>Deadlines</u>.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by:  (i) the mutual consent of the Debtors and the Derivatives Counterparty or (ii) the Bankruptcy Court, for cause shown.

12.    <u>Sanctions for Parties</u>.  Each Debtor, Derivatives Counterparty and Indenture Trustee must participate in good faith with these Derivatives ADR Procedures with regard to the ADR Disputes specified in the applicable Derivatives ADR Notice.  If, after notice and a hearing, the Court determines that a party has not complied with the Derivatives ADR Procedures in good faith in connection with any Derivatives ADR Dispute, the Debtors, Derivatives Counterparty or Indenture Trustee, as the case may be, may be subject to such sanctions as the Court deems appropriate (the "<u>Sanctions</u>").  If a mediator reports to the Court that any party subject to this Order is not cooperating in good faith with the Derivatives ADR Procedures, the Court may, without the need for further motion by any party, schedule a hearing

and order Sanctions. Litigation with respect to the issuance of Sanctions shall not delay the commencement of the Mediation Stage of these procedures upon completion of the Notice/Response Stage. Sanctions may include, but are not limited to:

    a. <u>Against Debtors</u>: (i) attorneys' fees incurred by a Derivatives Counterparty (including an Indenture Trustee with Authority) with respect to the Derivatives ADR Procedures after the receipt of an ADR Package; (ii) fees and costs of the Mediator; (iii) termination of the Derivatives ADR Procedures as to one or more Derivatives Contracts with Potential Recovery; and/or (iii) rejection of some or all claims asserted by Debtors in the applicable Derivatives ADR Dispute.

    b. <u>Against Derivatives Counterparties (including Indenture Trustees with Authority)</u>: (i) attorneys' fees incurred by the Debtors with respect to the Derivatives ADR Procedures after the sending of an ADR Package; (ii) fees and costs of the Mediator; (iii) an award of the Derivatives ADR Dispute up to the amount specified in the Derivatives ADR Notice.

13. <u>Confidentiality</u>. The confidentiality provisions of section 5.0 of the Standing Order are hereby incorporated by reference into this Order. No statements or arguments made or positions taken by the mediator, the applicable Debtors, Derivatives Counterparties, Indenture Trustee or the Creditors' Committee during any part of the alternative dispute resolution process, including Settlement Conferences and the Mediation Stage may be disclosed by the mediator or any such parties or their attorneys and advisors to the Court or any third party; *provided, however*, that Indenture Trustees may disclose such statements, arguments and positions as may become necessary with their respective noteholders and advisors subject to

these same confidentiality provisions.  Similarly, all briefs, records, reports, and other documents received or made by the mediator while serving is such capacity shall remain confidential and not be provided to the Court, unless they would be otherwise admissible.  In addition, the mediator shall not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; *provided*, *however*, the mediator shall on a monthly basis beginning 60 days following entry of this Order report to the Court the status of the mediation efforts but shall not disclose the content thereof, which report shall include the number of ADR Notices served on Derivatives Counterparties, the number of settlements reached after mediation, the number of mediations still pending, the number of mediations that have terminated without settlement, and the cumulative dollar amount of settlements reached with Derivatives Counterparties following service of ADR Notices.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the Derivatives ADR Procedures including Settlement Conferences and Mediation Stage.

        14.    <u>Jury Trial, Arbitration and Exclusive Foreign Forum Selection Rights Unaffected</u>.  Unless a Derivatives Counterparty, Indenture Trustee or a Debtor affirmatively waives its right to a jury trial, arbitration or exclusive foreign forum selection that otherwise may exist, participation in the Derivatives ADR Procedures shall not waive or otherwise modify such rights.  All parties' rights and defenses to contest the assertion of a jury trial or arbitration or exclusive foreign forum selection right by any other party are fully preserved.

        15.    <u>Fees</u>.  Except as otherwise provided herein, each party to the Mediation shall bear its own counsel fees and other costs of the Derivatives ADR Procedures, including Mediation; *provided, however*, that (i) the Debtors shall pay the reasonable fees and costs charged by the Mediator unless otherwise ordered by the Court pursuant to the terms of this

Order and (ii) nothing contained herein shall be deemed to vary the terms of any Derivative Contract with Recovery Potential in respect of the reimbursement of fees and expenses.

**SO ORDERED:**

September __, 2009
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

WGM Draft 9/2/09

<u>Exhibit A</u>

**<u>Form of Derivatives ADR Notice</u>**

Derivatives ADR Notice No.: _____

<u>Debtor(s)</u>: _____    <u>Derivatives Counterparty</u>: _____
                 Name(s)                                                                      Name(s)

or

<u>Indenture Trustee</u>: _____
                                       Name

<u>Derivatives Contract</u>: _____
_____
_____

<u>Settlement Demand</u>:  $ _____

<u>Explanation of Basis for Settlement Demand</u>: _____

<u>Date of Derivatives ADR Notice</u>: _____

<u>Date of Service</u>: _____

<u>Response Due Date</u>: _____

<u>Debtor Contact</u>:    [Name]
                              [Address]
                              Telephone Number: _____
                              Email: _____

WGM Draft 9/2/09

Exhibit B

**Form of Response to Derivatives ADR Notice**

Derivatives Counterparty: _____
                                    Name

or

Indenture Trustee with Authority: _____
                                              Name

Response to Derivatives ADR Notice No.: _____

☐ Agree to Settlement Demand

☐ Denial of Settlement Demand          ☐ Counteroffer

                                        Counteroffer Amount:  $_____

Explanation of Basis for Counteroffer/Denial of Settlement Demand: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Counterparty Contact:  [Name]
                       Telephone Number: _____
                       Email: _____

-

Document comparison by Workshare Professional on Thursday, September 10, 2009 11:16:14 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://USDMS/US_ACTIVE/43114748/14 |
| Description | #43114748v14<US_ACTIVE> - Leh: ADR Procedures Order |
| Document 2 ID | interwovenSite://USDMS/US_ACTIVE/43114748/15 |
| Description | #43114748v15<US_ACTIVE> - Leh: ADR Procedures Order |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 8 |
| Deletions | 6 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 14 |