Hearing Date: September 15, 2009 at 10:00 a.m.

Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                             :
In re:                                       :       Chapter 11 Case No.
                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,       :       08-13555 (JMP)
                                             :
            Debtors.                         :       (Jointly Administered)
                                             :
------------------------------------------------------------ x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN SUPPORT OF DEBTORS' MOTION PURSUANT
TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 9019(b) FOR ESTABLISHMENT
OF PROCEDURES FOR THE DEBTORS TO COMPROMISE
CLAIMS OF THE DEBTORS IN RESPECT OF REAL ESTATE LOANS**

The Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. and its affiliated chapter 11 debtors in possession (collectively, the "Debtors") hereby files this statement (the "Statement") in support of the Debtors' motion, dated August 25, 2009 (the "Motion"), seeking entry of an order, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), establishing, among other things, procedures (the "Procedures") for the Debtors to compromise claims of the Debtors in respect of Real Estate Loans (defined below) [Docket No. 4942]. In support thereof, the Committee respectfully states as follows:

**BACKGROUND**

1.  As of the Commencement Date,[1] the Debtors were party to over 1,000 mortgage, mezzanine, and other loans secured directly or indirectly by commercial real estate or interests in entities that own commercial real estate (collectively, the "Commercial Real Estate Loans"), as well as thousands of loans secured by residential properties (the "Residential Real Estate Loans" and, together with the Commercial Real Estate Loans, the "Real Estate Loans"). With respect to the Real Estate Loans, the Debtors either (i) through certain subsidiaries, retained the rights to service or act as administrative agent for certain Real Estate Loans, or (ii) entered into agreements and granted various rights with respect to the loans to third-party companies that specialized in administering large pools of loans.

2.  Pursuant to industry practice, and in the ordinary course of their prepetition and post-petition business, the Debtors receive from time to time requests to: (i) compromise and settle claims against borrowers, or sell and assign Real Estate Loans to borrowers, releasing the borrowers from all obligations thereunder, for amounts that are less than the outstanding aggregate amounts of such loans (a "Discounted Payoff"); or (ii) solely with respect to Residential Real Estate Loans, modify the terms of the loans (the "Loan Modifications").

3.  The Debtors propose that they should be permitted to agree, or to permit the servicers of the Real Estate Loans to agree, to Discounted Payoffs and Loan Modifications in a manner substantially consistent with their prepetition practices, without further order of the Court. The Debtors submit that, absent the requested relief, the Debtors would be required to seek specific Court approval prior to each of the thousands of Discounted Payoffs or Loan

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

Modifications, which process would be expensive, cumbersome, and inefficient. Accordingly, the Debtors propose to implement certain guidelines and procedures with respect Discounted Payoffs and Loan Modifications.

## STATEMENT

4. The Committee concurs in the Debtors' view that the relief requested in the Motion is in the best interests of the Debtors' estates and creditors and should be granted. The Committee supports approval by this Court of the Procedures for, among other reasons, those reasons noted by the Debtors in the Motion, including (i) the resulting efficient and economical monetization of the Real Estate Loans, (ii) a significant reduction in postpetition costs incurred in monitoring and servicing the Real Estate Loans, (iii) an anticipated drop in foreclosure proceedings and associated losses and expenses, (iv) an anticipated increase in full repayments of Real Estate Loans, and (v) the fact that certain Discounted Payoffs and Loan Modifications have been accounted for on the Debtors' balance sheet and, thus, included in calculations of expected recoveries.

5. For the last several months, the Committee and its advisors have been involved in the process that led to the filing of the Motion. During this period, the Committee's advisors proffered a list of modifications. Most significant among the proposed changes, all of which were ultimately accepted by the Debtors, were suggestions that (i) oversight mechanisms be put in place to protect against Discounted Payoffs or Loan Modifications at large discounts, to former insiders or repeat borrowers, or to entities against which the Debtors have avoidance claims, (ii) proposed thresholds for Committee and Court approval be modified to assure greater scrutiny of significant transactions, and (iii) in connection with discussions with the Ad Hoc Group of Lehman Brothers Creditors, and consistent with the public disclosure proposed by the

Committee in connection with other assets, reports of sales and modifications under the Motion be publicly filed on a monthly basis.

      6.      Based upon the foregoing considerations, among others, the Committee has come to believe that the Procedures and other relief requested in the Motion are in the best interests of the Debtors, their estates and creditors, and that the relief requested in the Motion should consequently be granted.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Committee respectfully requests that the Court grant (i) the relief requested in the Motion and (ii) such other relief as is just.

Dated:  New York, New York
         September 11, 2009

                              **MILBANK, TWEED, HADLEY & M$^c$CLOY LLP**

                              By:  /s/Dennis F. Dunne
                                   Dennis F. Dunne
                                   Dennis C. O'Donnell
                                   Evan R. Fleck
                                   1 Chase Manhattan Plaza
                                   New York, NY 10005
                                   Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.