**Hearing Date: September 15, 2009 at 10:00 a.m.**

Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
                                                            :
In re:                                                      :        Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :        08-13555 (JMP)
                                                            :
                          Debtors.                       :        (Jointly Administered)
                                                            :
------------------------------------------------------------- x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**IN SUPPORT OF DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND**
**363(b) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE FOR ESTABLISHMENT OF**
**PROCEDURES FOR THE DEBTORS TO TRANSFER THEIR INTERESTS IN**
**RESPECT OF RESIDENTIAL AND COMMERCIAL LOANS SUBJECT TO**
**FORECLOSURE TO WHOLLY-OWNED NON-DEBTOR SUBSIDIARIES**

The Official Committee of Unsecured Creditors (the "Committee") of Lehman

Brothers Holdings Inc. and its affiliated chapter 11 debtors in possession (collectively, the

"Debtors") hereby files this statement (the "Statement") in support of the Debtors' motion, dated

August 26, 2009 (the "Motion"), seeking entry of an order, pursuant to sections 105(a) and

363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the

"Bankruptcy Code"), establishing, among other things, procedures (the "Procedures") for the

Debtors to transfer their interests in respect of residential and commercial loans subject to

foreclosure to wholly-owned non-debtor subsidiaries [Docket No. 4966].  In support thereof, the

Committee respectfully states as follows:

## BACKGROUND

1.        The Debtors estimate that they hold thousands of residential and

commercial loans secured directly or indirectly by real property or interests therein (the "Real

Estate Loans") that are subject to foreclosure or deeds/assignments in lieu of foreclosure (the

"Defaulted Loans").  Prior to the commencement of the Debtors' chapter 11 cases, when the

Debtors were forced to foreclose on Defaulted Loans, prior to completing foreclosure, the

Debtors would transfer the applicable Defaulted Loans or related foreclosure judgments to non-

Debtor special purpose entities ("SPEs") established to shield the Debtors' assets from potential

liabilities associated with owning the foreclosure property (the "Foreclosure SPEs").  The

Foreclosure SPEs usually acquired the real property underlying the applicable Defaulted Loans

(the "Foreclosure Property") and would thereafter develop, operate, or sell the Foreclosure

Property, with profits upstreamed to LBHI.

2.        With respect to commercial Defaulted Loans, each such loan was usually

transferred to a separate Foreclosure SPE, while, with respect to residential Defaulted Loans, the

loans were typically grouped together into a portfolio in a particular Foreclosure SPE (based on

region, servicing agent, or other criteria) until their aggregate value reached a certain threshold

established by LBHI, at which time additional SPEs were established.

3.        The Debtors propose that they should be permitted to continue these

practices postpetition, in a manner substantially consistent with their prepetition practices,

without further order of the Court.  To that end, the Debtors seek authority to establish pre-

approved uniform procedures, rather than obtaining Court approval on a one-off basis.  The

Debtors submit that this relief would enable them to continue efficiently their past practices with

respect to the Defaulted Loans and to realize the economic value of the related Foreclosure

Properties while avoiding both the potential liabilities and the administrative costs of seeking

court approval for each individual transfer or disposition.

## STATEMENT

4.        The Committee concurs in the Debtors' view that the relief requested in

the Motion is in the best interests of the Debtors' estates and creditors and should be granted.

The Committee supports approval by this Court of the Procedures in light of, among other

reasons, (i) the expected volume of transfers and subsequent sales, and (ii) the need to limit the

costs that would otherwise be incurred in seeking Court approval on an individual basis of each

such transfer or sale.

5.        For the last several months, the Committee and its advisors have been

involved in the process that led to the filing of the Motion.  During this period, the Committee's

advisors proffered a list of modifications to the Procedures.  Most significant among the

proposed changes, all of which were ultimately accepted by the Debtors, were the suggestions

that (i) any new SPEs established for purposes of these procedures be structured in a way to

maximize returns to the Debtors' creditors, (ii) oversight mechanisms be put in place to protect

against loan or property sales at large discounts or to former insiders, (iii) the thresholds for

Committee and Court approval be modified to ensure greater scrutiny of significant transactions,

and (iv) in connection with discussions with the Ad Hoc Group of Lehman Brothers Creditors,

and consistent with the arrangements proposed by the Committee in connection with other asset

classes, reports of transfers and sales under the Motion be publicly filed on a monthly basis.

3

6.      Based upon the foregoing considerations, among others, the Committee

has come to believe that the Procedures and other relief requested in the Motion are in the best

interests of the Debtors, their estates and creditors, and that the relief requested in the Motion

should consequently be granted.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Committee respectfully

requests that the Court grant (i) the relief requested in the Motion and (ii) such other relief as is

just and proper.

Dated:  New York, New York
          September 11, 2009

**MILBANK, TWEED, HADLEY & McCLOY LLP**


By:   /s/Dennis F. Dunne
        Dennis F. Dunne
        Dennis C. O'Donnell
        Evan R. Fleck
        1 Chase Manhattan Plaza
        New York, NY 10005
        Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.