CROWELL & MORING LLP
590 Madison Avenue
New York, New York 10022
Telephone: (212) 223-4000
Facsimile: (212) 895-4201
William M. O'Connor
Steven B. Eichel
Bruce Zabarauskas

Attorneys for American Express Travel
Related Services Company, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | **08-13555 (JMP)** |
| **Debtors.** | **(Jointly Administered)** |

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746**
**REGARDING NOTICE OF PRESENTMENT OF SETTLEMENT**
**AGREEMENT PURSUANT TO RULE 9019 OF THE BANKRUPTCY**
**RULES RESOLVING DISPUTE REGARDING BARCLAYS'**
**MOTION PURSUANT TO RULE 60(b) AND FED. R. BANKR. P. 9024**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management

procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy

Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case

Management Procedures [Docket No. 2837], dated, February 13, 2009 (the "Amended Case

Management Order"), the undersigned hereby certifies as follows:

　　　　1.　　　　On August 7, 2009, American Express Travel Related Services

Company ("American Express") filed a notice of presentment of settlement agreement

pursuant to Rule 9019 of the Bankruptcy Rules Resolving Dispute Regarding Barclays' Motion Pursuant to Rule 60(b) and Fed. R. Bankr. P. 9024 (the "Notice of Presentment"). [Docket No. 4742]. The Notice of Presentment was served in accordance with the procedures set forth in the Amended Case Management Order on (i) counsel for the Lehman Brothers Holding Inc, (ii) counsel for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc., (iii) the United States Trustee for the Southern District of New York; (iv) counsel for the Official Committee of Unsecured Creditors; (v) counsel to Barclays Capital Inc. ("Barclays"); and (vi) all parties who have requested notice in these chapter 11 cases.

2.    The Notice of Presentment initially set August 17, 2009, at 2:00 pm (New York Time) as the deadline for parties to object or file a response to the Notice of Presentment (the "Objection Deadline").

3.    American Express filed several Notices of Adjournment extending the Objection Deadline to September 9, 2009, at 4:00 pm.

4.    The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

5.    The Objection Deadline has now passed and, to the best of my knowledge, no objections or other responsive pleadings to the Notice of Presentment have been filed with the Court on the dockets of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Notice of Presentment been served upon

Crowell & Moring LLP. While counsel to (i) Lehman Brothers Holding, Inc., (ii) James W. Giddens Trustee for the SIPA Liquidation of Lehman Brothers Inc., and (iii) the Official Committee of Unsecured Creditors raised concerns with respect to the proposed order approving the Settlement Agreement between American Express and Barclays, those issues have been resolved and a consent order has been entered into between American Express, Barclays, Lehman Brothers Holding Inc. and James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc. ("the Consent Order"). A blackline reflecting the revised order is attached hereto as Exhibit 1.

6.     Accordingly, American Express respectfully requests that the revised proposed Consent Order approving the Settlement Agreement, attached in clean copy hereto as Exhibit 2, be entered.

I declare that the foregoing is true and correct.

Dated: September 11, 2009
       New York, New York

/s/ Steven B. Eichel
William M. O'Connor
Steven B. Eichel
Bruce Zabarauskas
CROWELL & MORING LLP
590 Madison Avenue
New York, New York 10022
Telephone: (212) 223-4000
Facsimile: (212) 895-4201
*Attorneys for American Express*
*Travel Related Services Company, Inc.*

NY1WDMS: 11256942_3

3

# **Exhibit 1**

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

|                                              |   |                              |
|----------------------------------------------|---|------------------------------|
| ~~In re~~                                    | ) | ~~Chapter 11 Case No.~~      |
|                                              | ) |                              |
| ~~LEHMAN BROTHERS HOLDINGS INC., *et al.*,~~ | ) | ~~08-13555 (JMP)~~           |
|                                              | ) |                              |
| ~~Debtors.~~                                 | ) | ~~(Jointly Administered)~~   |
|                                              | ) |                              |

---------------------------------------------------------------x
                  :

|                                            |   |                            |
|--------------------------------------------|---|----------------------------|
| In re                                      | : | Chapter 11 Case No.        |
|                                            | : |                            |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*,   | : | 08-13555 (JMP)             |
|                                            | : |                            |
| Debtors.                                   | : | (Jointly Administered)     |
|                                            | : |                            |

---------------------------------------------------------------x

<u>**CONSENT**</u> **ORDER APPROVING SETTLEMENT AGREEMENT**
**BETWEEN**
**BARCLAYS CAPITAL INC. AND AMERICAN EXPRESS**
**TRAVEL** <u>**RELATED SERVICES COMPANY, INC. AND ASSUMPTION OF AMEX**</u>
<u>**CONTRACTS**</u>

Upon the motion dated October 14, 2008 (the "<u>Motion</u>") of Barclays Capital Inc.

("<u>Barclays</u>") For Relief Concerning an American Express Contract Erroneously Posted with the

Closing Date Contracts (D.I. 959) and declarations of Lindsee Granfield and Patrick Coster in

support thereof (D.I. 960, 961); and upon the Debtors' Response to the Motions of Barclays

Capital Inc. for Relief, Pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of

Bankruptcy Procedure 9024, Concerning Various Closing Date Contracts (D.I. 1212); and upon

the Objection of American Express Travel Related Services Company, Inc. ("<u>American</u>

<u>Express</u>") to Motion of Barclays Capital Inc. for Relief Concerning American Express Contracts

Listed as Closing Date Contracts and Request For Interest, Fees and Expenses, and

~~declaration~~<u>Declaration</u> of Eugene J. Chikowski, and affidavits of Stephanie Diehl, Daniel J.

Massoni and Lydia Schulz in support thereof (the "Objection") (D.I. 1216); and upon the

Objection of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et

al. to Motions of Barclays Capital Inc. For Relief, Pursuant to Federal Rule of Civil Procedure

60(b), Concerning Certain Contracts Erroneously Posted With the Closing Date Contracts (D.I.

1672); and upon the Reply of Barclays Capital Inc. in Further Support of its Motion for Relief

Concerning American Express Contracts Erroneously Posted With the Closing Date Contracts

(D.I. 1747) and ~~declarations~~Declarations of Michael Feldberg, Jason White and Leslie Bernauer

in support thereof (D.I. 1750, 1751, 1753); and upon the Court's consideration of the above and

the Settlement Agreement and after due deliberation thereon, and it appearing that notice is good,

sufficient and appropriate under the circumstances and no further notice need be provided; and

sufficient cause appearing therefor,

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

~~A.~~ **A. Jurisdiction and Venue.**  This Court has jurisdiction to consider the

Motion and the Settlement Agreement under 28 U.S.C. §§ 157 and 1334. This is a core

proceeding under 28 U.S.C. § 157(b). Venue of these cases in this District is proper under 28

U.S.C. §§ 1408 and 1409.

~~**B.      Statutory Predicate.**   The statutory predicate for the relief sought is~~

~~Bankruptcy Rule 9019.~~

NOW, THEREFORE, IT IS ORDERED THAT:

**1.      Settlement  Agreement is Approved.**  The Motion has been settled

pursuant to the Settlement Agreement between Barclays and American Express (the "Settlement

Agreement").~~¹~~ ¹ ~~The Settlement Agreement,~~ which is attached hereto as Exhibit A, and ~~all~~ the

---

¹       Capitalized terms used herein but not defined ~~herein~~ shall have the meaning ascribed to such terms in the
Settlement Agreement.

terms and conditions ~~thereto are hereby approved.~~ of this Order.  To the extent there is any inconsistency or conflict between this Order and the Settlement Agreement, the terms and conditions of this Order shall govern.

2. **Payment.**  Barclays shall pay to American Express the aggregate amount of US $3,900,000.00 within 15 days of this Order becoming a final order (the "Barclays Payment").

3. **Right to File A Claim.**  American Express shall be authorized to file one ~~or more claims against the Debtors for the balance owed to it under the Amex Contracts.~~general unsecured nonpriority claim against each of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Inc. ("LBI") in an amount not to exceed US $7,000,000 in the aggregate (the "Unsecured Claim"); *provided; however*, the rights of the Debtors, the Official Committee of Unsecured Creditors (the "Committee"), James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of LBI, or any other party in interest to object to any claim filed by American Express on any grounds are expressly preserved other than that such claim(s) are the obligation of Barclays as a result of the assumption and assignment of (a) the Business Travel Services Agreement between American Express and LBI entered into on September 1, 2000, as amended from time to time, and (b) the Global Corporate Services Commercial Account Agreement between American Express and LBHI effective as of October 13, 2007, as amended from time to time (collectively, the "Amex Contracts") in accordance with paragraph 7 below.

4. ~~**Claim.**  American Express' claims against the Debtors shall not be the subject of an objection nor disallowed on the grounds that American Express' settlement with Barclays bars American Express from filing one or more claims against the Debtors; however,~~ **Reduction and Rights.**  American Express shall not file a~~a~~ny claim(s) for the amount paid

pursuit to the Settlement Agreement. ~~The Settlement Agreement may be used to reduce a claim filed against the Debtors in contravention of this provision~~American Express shall reduce its claim against the Debtors by the amount of the Barclays Payment.

     **5.** ~~**Debtors Have No Claims Against Barclays.** Neither the Debtors nor their estates shall have a claim against Barclays based on any claim filed by American Express against the Debtors.~~**Release.**

     **A.** American Express' sole remedy with respect to any amounts owing to it under the Amex Contracts is hereby limited to (i) receipt of the Barclays Payment and (ii) filing of the Unsecured Claim. Other than the claim set forth in paragraph 3 above, American Express has forever waived and released any and all Claims (as such term is defined in section 101(5) of title of 11 of the United States Code (the "Bankruptcy Code")), including, but not limited to, any administrative expense claims, pursuant to sections 503 or 507 of the Bankruptcy Code, it may have had or may have against any of the Debtors arising under or related to the Amex Contracts, the assumption thereof by Barclays or otherwise. Other than the claim set forth in paragraph 3 above, American Express shall not, and hereby has waived, any right to file a proof of claim for or otherwise assert or collect any administrative expenses against any of the Debtors in connection therewith.

     **B.** Except as set forth below, American Express hereby waives and releases any and all claims, liabilities, causes of action, demands, and damages of whatever kind or nature, and whether known or unknown, against each individual former or current Corporate and/or Commercial Cardmember (as defined in the Amex Contracts) arising under or in connection with the Amex Contracts or other related agreements, irrespective of such Corporate and/or Commercial Cardmember's current employment. American Express shall cease and

refrain from taking any and all attempts to collect from the Corporate and/or Commercial Cardmembers amounts owed under the Amex Contracts or other related agreements, except if the Debtors, the Committee, the Trustee or any other party in interest assert that the Unsecured Claim filed by American Express shall be reduced because the Debtors reimbursed one or more Corporate and/or Commercial Cardmembers for amounts owed to American Express. In that event, American Express reserves its right to commence an action against a Corporate and/or Commercial Cardmember to recover the amount of the payments that the Debtors, the Committee, or any other party in interest assert and demonstrate were paid to the Corporate and/or Commercial Cardmember. To the extent that American Express is provided notice that a Corporate and/or Commercial Cardmember's credit ratings have been negatively impacted, American Express shall make a good faith effort to take appropriate actions to assist the Corporate and/or Commercial Cardmember in reversing his or her negatively impacted credit ratings.

**C.** Barclays shall have no claim against the Debtors with respect to the Amex Contracts, the assumption thereof by Barclays or the payment of the Barclays Payment.

**D.** The Debtors shall have no claim against Barclays with respect to the Amex Contracts, the assumption thereof by Barclays or the filing of the Unsecured Claim by American Express.

**6.** **Withdrawal of Motion.** Within five days of this Order becoming a final order, (i) Barclays will file a notice of withdrawal of the Motion currently pending before the Court in substantially the form attached as Exhibit B to the Settlement Agreement, and (ii) Amex's requests for interest, fees and expenses contained in its Objection of October 27, 2008 shall be deemed withdrawn with prejudice.

**7.** **Assumption of Amex Contracts.** Pursuant to section 365 of the Bankruptcy Code, the Amex Contracts shall be deemed assumed and assigned to Barclays as of September 22, 2008.

**8.** ~~6.~~ **Retention of Jurisdiction.** This Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

**9.** ~~7.~~ **Non-material Modifications.** The Settlement Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented ~~by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof.~~ only upon the written consent of LBHI, LBI, and the Committee without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

~~Dated: New York, New York~~
~~August ___, 2009~~

**10. Accrual of Claim Against LBI.** The Unsecured Claim as against LBI shall accrue as of the date of the entry of this consent order.

AGREED AND ACCEPTED:

/s/ William M. O'Connor
William M. O'Connor
Steven B. Eichel
Bruce Zabarauskas
CROWELL & MORING LLP
590 Madison Avenue
New York, New York 10022
Telephone: (212) 223-4000
Facsimile: (212) 895-4201
Attorneys for American Express
Travel Related Services Company, Inc.

/s/ Michael S. Feldberg
Michael S. Feldberg
Laura Martin
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Attorneys for Barclays Capital Inc.

/s/ Shai Y. Waisman
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

/s/  Daniel S. Lubell
James B. Kobak, Jr.
Daniel S. Lubell
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
Attorneys for James W. Giddens, Trustee for the
SIPA Liquidation of Lehman Brothers Inc.


SO ORDERED, this
_____ day of September, 2009



================================

HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

NYIWDMS: 11165025_711247913_4

Document comparison done by DeltaView on Friday, September 11, 2009 12:20:45 PM

| Input: | |
|---|---|
| Document 1 | interwovenSite://NYIWDMS/NYACTIVE/11165025/7 |
| Document 2 | interwovenSite://NYIWDMS/NYACTIVE/11247913/4 |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 80 |
| Deletions | 37 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 117 |

**Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                    :

In re                              :         **Chapter 11 Case No.**
                                    :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :        **08-13555 (JMP)**
                                    :

                     **Debtors.**       :         **(Jointly Administered)**
                                    :
-----------------------------------------------------------------x

## CONSENT ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN BARCLAYS CAPITAL INC. AND AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. AND ASSUMPTION OF AMEX CONTRACTS

Upon the motion dated October 14, 2008 (the "Motion") of Barclays Capital Inc.

("Barclays") For Relief Concerning an American Express Contract Erroneously Posted with the

Closing Date Contracts (D.I. 959) and declarations of Lindsee Granfield and Patrick Coster in

support thereof (D.I. 960, 961); and upon the Debtors' Response to the Motions of Barclays

Capital Inc. for Relief, Pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of

Bankruptcy Procedure 9024, Concerning Various Closing Date Contracts (D.I. 1212); and upon

the Objection of American Express Travel Related Services Company, Inc. ("American

Express") to Motion of Barclays Capital Inc. for Relief Concerning American Express Contracts

Listed as Closing Date Contracts and Request For Interest, Fees and Expenses, and Declaration

of Eugene J. Chikowski, and affidavits of Stephanie Diehl, Daniel J. Massoni and Lydia Schulz

in support thereof (the "Objection") (D.I. 1216); and upon the Objection of Official Committee

of Unsecured Creditors of Lehman Brothers Holdings Inc., et al. to Motions of Barclays Capital

Inc. For Relief, Pursuant to Federal Rule of Civil Procedure 60(b), Concerning Certain Contracts

Erroneously Posted With the Closing Date Contracts (D.I. 1672); and upon the Reply of Barclays

Capital Inc. in Further Support of its Motion for Relief Concerning American Express Contracts

Erroneously Posted With the Closing Date Contracts (D.I. 1747) and Declarations of Michael

Feldberg, Jason White and Leslie Bernauer in support thereof (D.I. 1750, 1751, 1753); and upon the Court's consideration of the above and the Settlement Agreement and after due deliberation thereon, and it appearing that notice is good, sufficient and appropriate under the circumstances and no further notice need be provided; and sufficient cause appearing therefor,

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

A. **Jurisdiction and Venue.** This Court has jurisdiction to consider the Motion and the Settlement Agreement under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

NOW, THEREFORE, IT IS ORDERED THAT:

1. **Settlement Agreement is Approved.** The Motion has been settled pursuant to the Settlement Agreement between Barclays and American Express (the "Settlement Agreement"),[1] which is attached hereto as Exhibit A, and the terms and conditions of this Order. To the extent there is any inconsistency or conflict between this Order and the Settlement Agreement, the terms and conditions of this Order shall govern.

2. **Payment.** Barclays shall pay to American Express the aggregate amount of US $3,900,000.00 within 15 days of this Order becoming a final order (the "Barclays Payment").

3. **Right to File A Claim.** American Express shall be authorized to file one general unsecured nonpriority claim against each of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Inc. ("LBI") in an amount not to exceed US $7,000,000 in the aggregate (the "Unsecured Claim"); *provided; however*, the rights of the Debtors, the Official Committee

---

[1] Capitalized terms used herein but not defined shall have the meaning ascribed to such terms in the Settlement Agreement.

of Unsecured Creditors (the "Committee"), James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of LBI, or any other party in interest to object to any claim filed by American Express on any grounds are expressly preserved other than that such claim(s) are the obligation of Barclays as a result of the assumption and assignment of (a) the Business Travel Services Agreement between American Express and LBI entered into on September 1, 2000, as amended from time to time, and (b) the Global Corporate Services Commercial Account Agreement between American Express and LBHI effective as of October 13, 2007, as amended from time to time (collectively, the "<u>Amex Contracts</u>") in accordance with paragraph 7 below.

      4.    **<u>Reduction and Rights</u>**.  American Express shall not file any claim(s) for the amount paid pursuant to the Settlement Agreement.  American Express shall reduce its claim against the Debtors by the amount of the Barclays Payment.

      5.    **<u>Release.</u>**

      A.    American Express' sole remedy with respect to any amounts owing to it under the Amex Contracts is hereby limited to (i) receipt of the Barclays Payment and (ii) filing of the Unsecured Claim.  Other than the claim set forth in paragraph 3 above, American Express has forever waived and released any and all Claims (as such term is defined in section 101(5) of title of 11 of the United States Code (the "<u>Bankruptcy Code</u>")), including, but not limited to, any administrative expense claims, pursuant to sections 503 or 507 of the Bankruptcy Code, it may have had or may have against any of the Debtors arising under or related to the Amex Contracts, the assumption thereof by Barclays or otherwise.  Other than the claim set forth in paragraph 3 above, American Express shall not, and hereby has waived, any right to file a proof of claim for or otherwise assert or collect any administrative expenses against any of the Debtors in connection therewith.

**B.** Except as set forth below, American Express hereby waives and releases any and all claims, liabilities, causes of action, demands, and damages of whatever kind or nature, and whether known or unknown, against each individual former or current Corporate and/or Commercial Cardmember (as defined in the Amex Contracts) arising under or in connection with the Amex Contracts or other related agreements, irrespective of such Corporate and/or Commercial Cardmember's current employment. American Express shall cease and refrain from taking any and all attempts to collect from the Corporate and/or Commercial Cardmembers amounts owed under the Amex Contracts or other related agreements, except if the Debtors, the Committee, the Trustee or any other party in interest assert that the Unsecured Claim filed by American Express shall be reduced because the Debtors reimbursed one or more Corporate and/or Commercial Cardmembers for amounts owed to American Express. In that event, American Express reserves its right to commence an action against a Corporate and/or Commercial Cardmember to recover the amount of the payments that the Debtors, the Committee, or any other party in interest assert and demonstrate were paid to the Corporate and/or Commercial Cardmember. To the extent that American Express is provided notice that a Corporate and/or Commercial Cardmember's credit ratings have been negatively impacted, American Express shall make a good faith effort to take appropriate actions to assist the Corporate and/or Commercial Cardmember in reversing his or her negatively impacted credit ratings.

**C.** Barclays shall have no claim against the Debtors with respect to the Amex Contracts, the assumption thereof by Barclays or the payment of the Barclays Payment.

**D.** The Debtors shall have no claim against Barclays with respect to the Amex Contracts, the assumption thereof by Barclays or the filing of the Unsecured Claim by American Express.

6. **Withdrawal of Motion.** Within five days of this Order becoming a final order, (i) Barclays will file a notice of withdrawal of the Motion currently pending before the Court in substantially the form attached as <u>Exhibit B</u> to the Settlement Agreement, and (ii) Amex's requests for interest, fees and expenses contained in its Objection of October 27, 2008 shall be deemed withdrawn with prejudice.

7. **Assumption of Amex Contracts.** Pursuant to section 365 of the Bankruptcy Code, the Amex Contracts shall be deemed assumed and assigned to Barclays as of September 22, 2008.

8. **Retention of Jurisdiction.** This Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

9. **Non-material Modifications.** The Settlement Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented only upon the written consent of LBHI, LBI, and the Committee without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

10.  **Accrual of Claim Against LBI.** The Unsecured Claim as against LBI shall accrue as of the date of the entry of this consent order.


AGREED AND ACCEPTED:

/s/ William M. O'Connor
William M. O'Connor
Steven B. Eichel
Bruce Zabarauskas
CROWELL & MORING LLP
590 Madison Avenue
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 895-4201
Attorneys for American Express
Travel Related Services Company, Inc.


/s/ Michael S. Feldberg
Michael S. Feldberg
Laura Martin
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Attorneys for Barclays Capital Inc.


/s/  Shai Y. Waisman
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

/s/ Daniel S. Lubell
James B. Kobak, Jr.
Daniel S. Lubell
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Attorneys for James W. Giddens, Trustee for the
SIPA Liquidation of Lehman Brothers Inc.


SO ORDERED, this
___ day of September, 2009


_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit A</u>**

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is entered into by and between: (1) Barclays Capital Inc. ("**Barclays**") and (2) American Express Travel Related Services Company, Inc. ("**AmEx**") (collectively, the "**Parties**" or, individually, the "**Party**").

WHEREAS, on September 15, 2008, Lehman Brothers Holdings Inc. ("**LBHI**") and LB 745 LLC commenced voluntary cases under Chapter 11 of the Bankruptcy Code, and proceedings under the Securities Investors Protection Act of 1970 were commenced in respect of Lehman Brothers Inc. ("**LBI**") on September 19, 2008 (LBHI, LB 745 LLC and LBI collectively, the "**Debtors**");

WHEREAS, on September 16, 2008, the Debtors and Barclays executed the asset purchase agreement pursuant to which Barclays would purchase certain assets of the Debtors (the "**APA**");

WHEREAS, on September 17, 2008, the Honorable James M. Peck, United States Bankruptcy Court Judge of the United States Bankruptcy Court for the Southern District of New York (the "**Court**") held a hearing on a proposed sale of certain assets pursuant to the APA, and thereafter issued the Order (I) Approving the Break-Up Fee and Expense Reimbursement, (II) Certain Matters Relating to Competing Bids, if any, (III) Approving the Form and Manner of Sale Notices, and (IV) Setting the Sale Hearing Date in Connection with the Sale of the Debtors' Assets (the "**Sale Procedures Order**"), which required, inter alia, that the Debtors file and serve at least one day before the sale hearing a notice of assumption, assignment and cure, which would direct parties to a website on which they could ascertain whether their contract was proposed for assumption and assignment to Barclays as a closing date contract;

WHEREAS, on September 18, 2008 a list of closing date contracts was posted (the "**Closing Date Contracts**") that included two references to AmEx;

WHEREAS, on September 20, 2008, the Court issued the Order Under 11 U.S.C. §§ 105(a), 363 And 365 And Federal Rules of Bankruptcy Procedure 2002, 6004 And 6006 Authorizing And Approving (A) The Sale of Purchased Assets Free And Clear of Liens And Other Interests And (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, dated September 19, 2008 (the "**Sale Order**"), which, inter alia, authorized the assumption and assignment of the Closing Date Contracts, but established a process for finalizing cure amounts for those contracts;

WHEREAS, a dispute arose as to whether Barclays had accepted the assignment of two AmEx contracts due to a mistake that satisfied the requirements of Rule 60(b) of the Federal Rules of Civil Procedure;

WHEREAS, the two contracts relevant to this dispute were: (1) the Business Travel Services Agreement between AmEx and LBI entered into on September 1, 2000 and amended from time to time (the "**Business Travel Agreement**"), and (2) the Global Corporate Services Commercial Account Agreement between AmEx and LBHI, as amended (the "**Corporate Services Agreement,**" together with the Business Travel Agreement and collectively referred to as the "**AmEx Contracts**");

WHEREAS, on October 14, 2008, Barclays filed with the Court a Motion seeking relief from the Sale Procedure Order and Sale Order as these orders pertained to the AmEx Contracts (the "**Motion**"),

requesting that the Court order that the AmEx Contracts were erroneously included as Closing Date Contracts;

WHEREAS, AmEx subsequently filed an Objection (the "Objection") to the motion (the Motion and all actions taken in connection with the Motion collectively, the **"Contested Matter"**);

WHEREAS, the Parties wish to avoid the expense of litigating and wish to settle the Contested Matter strictly as a business accommodation with respect to all such claims and without addressing their respective positions;

NOW, THEREFORE, in consideration of the foregoing and the terms and conditions set forth below, and intending to be legally bound, it is agreed by and between the Parties as follows:

## 1.    PARTIES

Barclays Capital Inc., as used herein, means (i) its present, former and future persons, parents, subsidiaries, funds and/or any other entity or investment vehicle that is affiliated or associated with Barclays Capital Inc. (**"Barclays Affiliated Persons"**), and (ii) any and all present, former and future officers, directors, shareholders, partners, employees, agents, attorneys, insurance carriers, successors, heirs and assigns of Barclays Capital Inc. and/or any Barclays Affiliated Person.

American Express Travel Related Services Company, Inc., as used herein, means (i) its present, former and future persons, parents, subsidiaries, funds and/or any other entity or investment vehicle that is affiliated or associated with American Express Travel Related Services Company, Inc. (**"AmEx Affiliated Persons"**), and (ii) any and all present, former and future officers, directors, shareholders, partners, employees, agents, attorneys, insurance carriers, successors, heirs and assigns of American Express Travel Related Services Company, Inc. and/or any AmEx Affiliated Person.

## 2.    PAYMENTS IN COMPROMISE OF DISPUTE

(a)    In full and final settlement of the matters released herein, Barclays shall pay to AmEx within 15 days of the Approval Order (defined below) becoming a final order a total settlement amount of US $3,900,000.

(b)    The payment specified in Section 2(a) shall be made by wire transfer as provided by instructions to be provided by Amex to Barclays upon execution of this Agreement.

## 3.    CONDITIONS TO EFFECTIVENESS

The following are conditions precedent to the effectiveness of the Agreement:

(a)    The Bankruptcy Court shall have entered an order (the "Approval Order"), substantially similar in substance to the proposed order attached hereto as Exhibit A.

(b)    No stay of the Approval Order shall be in effect and no appeal of such order shall have been filed or be pending upon expiration of the 10-day period as calculated pursuant to Rules 8002, 9006 and 9023 of the Federal Rules of Bankruptcy Procedure following the date of entry of the Approval Order.

(c)     The Approval Order shall provide that Amex shall be authorized to file one or more claims against the Debtors.

(d)     The Approval Order shall provide that Amex's claims against the Debtors shall not be the subject of an objection nor disallowed on the grounds that Amex's settlement with Barclays bars Amex from filing one or more claims against the Debtors; however, Amex will not file a claim for the amount paid pursuant to this Agreement and this Agreement may be used to reduce any claim filed in contravention of this provision.

(e)     The Approval Order shall provide that neither the Debtors nor their estates shall have a claim against Barclays based on any claim or claims Amex files against the Debtors.

## 4.     RELEASE

In consideration of the payment described in Section 2(a) and the AmEx Released Claims (defined below), the sufficiency of which is hereby acknowledged, AmEx, on behalf of (i) itself, (ii) any and all AmEx Affiliated Persons, and (iii) any and all present, former and future officers, directors, shareholders, partners, employees, agents, attorneys, insurance carriers, successors, heirs and assigns of AmEx and/or any AmEx Affiliated Person (subsections (i) through (iii) collectively, the "**AmEx Releasors**") does hereby release, remise, and forever discharge Barclays, including without limitation Barclays, Barclays Affiliated Persons and any and all present, former and future officers, directors, shareholders, partners, employees, agents, attorneys, insurance carriers, successors, heirs and assigns of Barclays Capital Inc. and any Barclays Affiliated Person (collectively, the "**Barclays Releasees**") of and from all debts, demands, actions, causes of action, suits, accounts, liens, covenants, contracts, agreements, torts, damages, and any and all claims and liabilities whatsoever, of every name and nature, both at law and in equity that any of the AmEx Releasors now has or ever had or may ever have with or against any of the Barclays Releasees relating to or arising out of (1) the Sale Procedures Order, (2) the Sale Order, (3) the Business Travel Agreement, including without limitation any agreements associated with or related to the Business Travel Agreement, (4) the Corporate Services Agreement, including without limitation any agreements associated with or related to the Corporate Services Agreement, (5) the Closing Date Contracts, and/or (6) the Contested Matter ((1) through (6) collectively, "**Barclays Released Claims**").

In consideration for the foregoing Barclays Released Claims, the sufficiency of which is hereby acknowledged, the Barclays Releasees do hereby release, remise and forever discharge the AmEx Releasors of and from all debts, demands, actions, causes of action, suits, accounts, liens, covenants, contracts, agreements, torts, damages, and any and all claims and liabilities whatsoever, of every name and nature, both at law and in equity that any of the Barclays Releasees now has or ever had or may ever have with or against any of the AmEx Releasors relating to or arising out of (1) the Sale Procedures Order, (2) the Sale Order, (3) the Business Travel Agreement, including without limitation any agreements associated with or related to the Business Travel Agreement, (4) the Corporate Services Agreement, including without limitation any agreements associated with or related to the Corporate Services Agreement, (5) the Closing Date Contracts, and/or (6) the Contested Matter ((1) through (6) collectively, "**AmEx Released Claims**"); _however_, the following debts, demands, actions, causes of action, suits, accounts, liens, covenants, contracts, agreements, torts, damages, and any and all claims and liabilities whatsoever, of every name and nature, both at law and in equity shall be excluded from the AmEx Released Claims:  (a) any Membership Reward points; and (b) any excess

payment made by a card member resulting in a positive balance (i.e., a credit) that has been retained by AmEx (the "**AmEx Carve-Out**").

For avoidance of doubt, upon the Approval Order becoming a final order and payment in full by Barclays of the $3.9 million set forth in paragraph 2 above, neither Barclays nor AmEx will have any outstanding obligations to each other under the Business Travel Agreement, the Corporate Services Agreement and/or any agreements associated with or related to the Business Travel Agreement and/or the Corporate Services Agreement with the exception of any obligations within the AmEx Carve-Out, if any, and Barclays will have no obligation to pay any additional amount in connection with the AmEx Contracts (except for the $3,900,000 payment set forth in paragraph 2 above).

## 5.    WITHDRAWAL OF THE MOTION

Within five days of the Approval Order becoming a final order, (i) Barclays will file a notice of withdrawal of the Motion currently pending before the Court in substantially the form attached as Exhibit B of this Agreement, and (ii) AmEx's requests for interest, fees and expenses contained in its Objection of October 27, 2008 shall be deemed withdrawn.

## 6.    NO ADMISSION BY THE PARTIES

The payment provided in Section 2(a) is for the full and complete compromise of the dispute, and such payment will not be construed as an admission by Barclays as to the validity of any claims made by AmEx in connection with the Contested Matter.  By entering into this Agreement, Barclays does not admit that it had any liability to AmEx or to any other person or entity arising out of or in connection with the matters in dispute.

## 7.    NO CONSTRUCTION AGAINST ANY PARTY

The wording of this Agreement was reviewed and accepted by legal counsel for Barclays and AmEx prior to being signed by them.  Neither of the Parties shall be entitled to have any wording of this Agreement construed against the other Party in the event of any dispute arising in connection with it, whether based on the identity of the drafter or on any other basis.  This Agreement shall be construed as a good faith integrated settlement intended to fairly accomplish the objectives set forth herein.

## 8.    INADMISSIBILITY OF AGREEMENT

Any evidence of the existence, terms or negotiations of this Agreement shall be inadmissible in any litigation or dispute provided, however, that such evidence may be offered in an action seeking solely to enforce the terms of this Agreement.  This Agreement has been entered into in reliance upon the provisions of Rule 408 of the Federal Rules of Evidence and similar state law provisions that preclude the introduction of evidence regarding settlement negotiations or agreements.

## 9.    REPRESENTATIONS AND WARRANTIES

(a)    Barclays represents and warrants as follows:

      i.    that Barclays is fully authorized to enter into this Agreement;

  ii.  that Barclays has taken all necessary corporate and internal legal actions to duly approve the making and performance of this Agreement and that no further corporate or other internal approval is necessary;

  iii.  that the making and performance of this Agreement will not violate any provision of law or of Barclays' articles of incorporation, charter or by-laws, where applicable;

  iv.  that Barclays has read this entire Agreement and knows the contents hereof, that the terms hereof are contractual and not merely recitals, and that Barclays has signed this Agreement of its own free act; and

  v.  that in making this Agreement, Barclays has obtained the advice of legal counsel.

(b)  AmEx represents and warrants as follows:

  i.  that AmEx is fully authorized to enter into this Agreement;

  ii.  that AmEx has taken all necessary corporate and internal legal actions to duly approve the making and performance of this Agreement and that no further corporate or other internal approval is necessary;

  iii.  that the making and performance of this Agreement will not violate any provision of law or of AmEx's articles of incorporation, charter or by-laws, where applicable;

  iv.  that AmEx has read this entire Agreement and knows the contents hereof, that the terms hereof are contractual and not merely recitals, and that AmEx has signed this Agreement of its own free act; and

  v.  that in making this Agreement, AmEx has obtained the advice of legal counsel.

## 10. SEVERABILITY

If any provision of this Agreement (or any portion thereof) or the application of any such provision (or any portion thereof) to any person or circumstance shall be held invalid, illegal or unenforceable in any respect by a court of competent jurisdiction, such invalidity, illegality or unenforceability shall not affect any other provision hereof (or the remaining provisions thereof) or the application of such provision to any other person or circumstances. Upon such determination that any term or other provision is invalid, illegal or incapable of being enforced, the parties hereto shall negotiate in good faith to modify this Agreement so as to effect the original intent of the parties as closely as possible in an acceptable manner in order that the transactions contemplated by this Agreement are consummated as originally contemplated to the greatest extent possible. Notwithstanding the foregoing, if the release provided in Section 3 is determined to be invalid or in violation of applicable law, the Agreement in its entirety will be invalid and unenforceable, at which time any payments made under Section 2 will be returned.

## 11. ENTIRE AGREEMENT

This Agreement contains the entire agreement and understanding among the Parties hereto with respect to the subject matter hereof and supersedes all prior agreements and understandings, both written and oral, by and among Barclays and AmEx relating to the subject matter described in Section 4. Neither of the Parties shall be liable or bound to the other Party in any manner by any representations, warranties or covenants relating to such subject matter except as specifically set forth herein.

## 12. HEADINGS

The headings of paragraphs are designed to facilitate ready reference to subject matter and shall be disregarded when resolving any dispute concerning the meaning or interpretation of any language contained in this Agreement.

## 13. AMENDMENTS

This Agreement may not be amended or modified except by a written instrument signed by duly authorized representatives of both Barclays and AmEx.

## 14. GOVERNING LAW

This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of New York, without regard to its conflict of law principles.

## 15. CONSENT TO JURISDICTION

Each Party irrevocably and unconditionally submits to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York to hear and determine all matters arising from the implementation of the Approval Order.

## 16. COUNTERPARTS

This Agreement may be executed and delivered in one or more counterparts and by the different parties hereto in separate counterparts, all of which shall be deemed one and the same agreement, and shall become one and the same agreement when one or more such counterparts have been signed by each of the Parties and delivered to the other Party.

## 17. EXECUTION

IN WITNESS WHEREOF, THIS AGREEMENT HAS BEEN READ AND SIGNED IN DUPLICATE ORIGINALS BY PARTIES OR THE DULY AUTHORIZED OFFICERS OF THE PARTIES.

BARCLAYS CAPITAL INC.

By: _____

July ___, 2009

AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.

By: _____
Daniel Missoni
Vice President & Chief Credit Officer

July 20 2009

7

## 17.    EXECUTION

IN WITNESS WHEREOF, THIS AGREEMENT HAS BEEN READ AND SIGNED IN DUPLICATE ORIGINALS BY PARTIES OR THE DULY AUTHORIZED OFFICERS OF THE PARTIES.

BARCLAYS CAPITAL INC.

By: _____

CAROLINA DEONIS
DIRECTOR, BARCLAYS CAPITAL
~~July ___, 2009~~   August 3, 2009

AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC.

By: _____
        Daniel Massoni
        Vice President & Chief Credit Officer

July ___, 2009

7

**EXHIBIT A**

**FORM OF PROPOSED APPROVAL ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | ) | **Chapter 11 Case No.** |
|  | ) |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | ) | **08-13555 (JMP)** |
|  | ) |  |
| **Debtors.** | ) | **(Jointly Administered)** |
|  | ) |  |

## ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN BARCLAYS CAPITAL INC. AND AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.

Upon the motion dated October 14, 2008 (the "Motion") of Barclays Capital Inc. ("Barclays") For Relief Concerning an American Express Contract Erroneously Posted with the Closing Date Contracts (D.I. 959) and declarations of Lindsee Granfield and Patrick Coster in support thereof (D.I. 960, 961); and upon the Debtors' Response to the Motions of Barclays Capital Inc. for Relief, Pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9024, Concerning Various Closing Date Contracts (D.I. 1212); and upon the Objection of American Express Travel Related Services Company, Inc. ("American Express") to Motion of Barclays Capital Inc. for Relief Concerning American Express Contracts Listed as Closing Date Contracts and Request For Interest, Fees and Expenses, and declaration of Eugene J. Chikowski, and affidavits of Stephanie Diehl, Daniel J. Massoni and Lydia Schulz in support thereof (D.I. 1216); and upon the Objection of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al. to Motions of Barclays Capital Inc. For Relief, Pursuant to Federal Rule of Civil Procedure 60(b), Concerning Certain Contracts Erroneously Posted With the Closing Date Contracts (D.I. 1672); and upon the Reply of Barclays Capital Inc. in Further Support of its Motion for Relief Concerning American Express Contracts Erroneously Posted With the Closing Date Contracts (D.I. 1747) and declarations of Michael Feldberg, Jason White and Leslie Bernauer

in support thereof (D.I. 1750, 1751, 1753); and upon the Court's consideration of the above and the Settlement Agreement and after due deliberation thereon, and it appearing that notice is good, sufficient and appropriate under the circumstances and no further notice need be provided; and sufficient cause appearing therefor,

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

A. **Jurisdiction and Venue.** This Court has jurisdiction to consider the Motion and the Settlement Agreement under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. **Statutory Predicate.** The statutory predicate for the relief sought is Bankruptcy Rule 9019.

NOW, THEREFORE, IT IS ORDERED THAT:

1. **Settlement Agreement is Approved.** The Motion has been settled pursuant to the Settlement Agreement between Barclays and American Express (the "Settlement Agreement").[1] The Settlement Agreement, which is attached hereto as Exhibit A, and all the terms and conditions thereto are hereby approved.

2. **Payment.** Barclays shall pay to American Express the aggregate amount of US $3,900,000.00 within 15 days of this Order becoming a final order.

3. **Right to File A Claim.** American Express shall be authorized to file one or more claims against the Debtors for the balance owed to it under the Amex Contracts.

4. **Claim.** American Express' claims against the Debtors shall not be the subject of an objection nor disallowed on the grounds that American Express' settlement with

---

[1] Capitalized terms used herein but not defined herein shall have the meaning ascribed to such terms in the Settlement Agreement.

2

Barclays bars American Express from filing one or more claims against the Debtors; however, American Express shall not file a claim for the amount paid pursuant to the Settlement Agreement. The Settlement Agreement may be used to reduce a claim filed against the Debtors in contravention of this provision.

5. **Debtors Have No Claims Against Barclays**. Neither the Debtors nor their estates shall have a claim against Barclays based on any claim filed by American Express against the Debtors.

6. **Retention of Jurisdiction**. This Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

7. **Non-material Modifications**. The Settlement Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

Dated: New York, New York
      August __, 2009

                                        HONORABLE JAMES M. PECK
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

## FORM OF NOTICE OF WITHDRAWAL

Michael S. Feldberg
Laura Martin
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 610 6300

*Attorneys for Barclays Capital Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                      :

**In re**                             :     **Chapter 11 Case No.**
                                       :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :     **08-13555 (JMP)**
                                       :

           **Debtors.**                  :     **(Jointly Administered)**
------------------------------------------------------------x

### NOTICE OF WITHDRAWAL

     **PLEASE TAKE NOTICE** that Barclays Capital Inc.'s motion under Federal Rule of Civil

Procedure 60(b), made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure

9024, for relief concerning the American Express contracts erroneously posted with the closing

date contracts [Docket No. 959] is hereby withdrawn.

Dated: New York, New York
          _____ \_\_\_, 2009

                           Respectfully submitted,

                           Allen & Overy LLP

                           By:_____
                              Michael S. Feldberg
                              Laura Martin

                           1221 Avenue of the Americas
                           New York, NY 10020
                           Tel: (212) 610 6300
                           Facsimile: (212) 610 6399

                           Attorneys for Barclays Capital Inc.