

Whyte Hirschboeck Dudek S.C.

---

Bruce G. Arnold
414-978-5501
barnold@whdlaw.com

September 14, 2009

**VIA CM/ECF**

The Honorable James M. Peck
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
1 Bowling Green, Room 610
New York, New York 10004

      Re:  In re Lehman Brothers Holdings Inc.,
            Case No. 08-13555 (JMP)(Jointly Administered)

Dear Judge Peck:

      We are the attorneys for Metavante Corporation ("Metavante"), and we write in connection with the status conference on the Debtors' Motion to Pursuant to Sections 105(a), 362 and 365 of the Bankruptcy Code to Compel Performance of Metavante Corporation's Obligations Under An Executory Contract and to Enforce the Automatic Stay (the "Metavante Motion"), scheduled for September 15, 2009, at 10:00 a.m.. As we discussed with the Debtors' attorneys last week, Metavante requests that the Court adjourn the status conference to October 14, 2009, for two reasons.

      First, Metavante believes that an adjournment will facilitate the parties' settlement negotiations. At Metavante's request, the Debtors made a settlement proposal, which was received on September 5, 2009. Although Metavante is prepared to make a counterproposal, it is unable to do so until after the closing of the merger between Metavante Technologies, Inc. (NYSE:MV) and Fidelity National Information Services, Inc. (NYSE:FIS). As we discussed with the Debtors' attorneys, on September 3, 2009, Metavante and FIS announced that the companies received clearance from the Antitrust Division of the U.S. Department of Justice to complete their proposed merger without conditions. On September 4, 2009, Metavante announced that it received the approval of its shareholders to proceed with its previously announced plans to merge with FIS, and that Metavante and FIS are targeting an October 1,

WHD/6672038.3

555 EAST WELLS STREET  |  SUITE 1900  |  MILWAUKEE, WI 53202-3819  |  TEL 414 273 2100  |  FAX 414 223 5000  |  WWW.WHDLAW.COM
OFFICES IN MILWAUKEE AND MADISON

Whyte Hirschboeck Dudek S.C.

---

The Honorable James M. Peck
September 14, 2009
Page 2

2009, completion date for the merger, subject to customary closing conditions. Thus, while Metavante expects to make a counterproposal, it is simply not able to do so until after the closing of the Metavante-FIS transaction.

    Second, a short adjournment will allow the Court to put the Metavante Motion on the same track as the nearly identical Motion Pursuant to Sections 105(a), 362 and 365 of the Bankruptcy Code to Compel Performance By AIG CDS, Inc. of Its Obligations Under An Executory Contract and to Enforce the Automatic Stay (the "AIG Motion"). In the event that the parties are unable to achieve a consensual resolution of the questions of first impression implicated by both the Metavante Motion and the AIG Motion, judicial economy favors the Court's collective consideration of these Motions at the hearing on October 14, 2009.[1]

    Thank you for your consideration of Metavante's request. We look forward to appearing before the Court on September 15, 2009.

                      Very truly yours,

                        /s/

                      Bruce G. Arnold

---

[1] Metavante is aware that many of the same issues of law are also implicated in <u>Board of Education of the City of Chicago v. Lehman Brothers Special Financing Inc.</u>, Adv. Proc. No. 09-1455 (JMP), where the School Board seeks a declaration that (i) "the Events of Default are material and enforceable against LBSF and permanently excuses the School Board's obligations to make payments to LBSF in respect of the Swap agreement," (ii) "section 365 of the Bankruptcy Code requires that LBSF cure the Events of Default, including the nonmonetary Events of Default, before the Swap Agreement may be assumed or assigned by LBSF", that "LBSF cannot cure the Events of Default relating to Holdings' bankruptcy filing and financial condition," and that "accordingly, LBSF cannot assume or assign the Swap Agreement;" and (iii) the "School Board has no obligation to make any payments under the Swap Agreement, including the proposed Cure Amounts demanded by LBSF, with respect to the time period that LBSF failed to perform its obligations under the Swap Agreement." Adversary Complaint at 14. The Court scheduled a Pretrial Conference in this Adversary Proceeding for October 14, 2009, at 2:00 p.m.

WHD/6672038.3

Whyte Hirschboeck Dudek S.C.

---

The Honorable James M. Peck<br>
September 14, 2009<br>
Page 3

BGA/jdw
Cc:  Robert Lemons, Esq. (via overnight mail and email)
    Richard Slack, Esq. (via overnight mail and email)
    Wilbur F. Foster, Jr., Esq. (via overnight mail and email)
    J. Christopher Shore, Esq. (via overnight mail and email)
    Daryl L. Diesing, Esq.

WHD/6672038.3