UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re                                                          :    Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    Case No. 08-13555 (JMP)
:
Debtors.                                            :    (Jointly Administered)
:
:
---------------------------------------------------------------x

## SECOND SUPPLEMENTAL AFFIDAVIT AND DISCLOSURE STATEMENT OF KENNETH J. FRIEDMAN ON BEHALF OF PAUL, HASTINGS, JANOFSKY & WALKER LLP

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

Kenneth J. Friedman, being duly sworn, upon his oath, deposes and says:

1. I am a partner in the law firm of Paul, Hastings, Janofsky & Walker LLP with offices in several locations, including an office located at Park Avenue Tower, 75 East 55th Street, 1st Floor, New York, New York 10022 (the "Firm").

2. In connection with their chapter 11 filing, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), requested that the Firm serve as ordinary course counsel to the Debtors. On December 29, 2008, I submitted the "Affidavit of Ordinary Course Professional" (the "Initial Affidavit") (Docket No. 2407). Capitalized terms used but not defined herein have the meaning given in the Initial Affidavit.

3. Thereafter, certain attorneys joined the Firm, and the Debtors' counsel supplemented the list of Interested Parties, thus necessitating additional disclosure. Accordingly, on May 21, 2009, I submitted the "First Supplemental Affidavit and Disclosure

LEGAL_US_E # 83923048.1

Statement Pursuant to the Order Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business" [Docket No. 3631] (together with the Initial Affidavit, the "Affidavits").

4.  I respectfully submit this second supplemental affidavit in connection with the Firm's continued services as ordinary course counsel to the Debtors. Since filing the Affidavits, certain attorneys have joined the Firm, the Firm has been asked to handle new matters, and the Debtors' counsel has supplemented the list of Interested Parties, thus necessitating additional disclosure.

## New Attorneys

5.  In April 2009, James T. Grogan, III joined the Firm as an associate in the Firm's New York office in the Corporate Department. Before joining the Firm, Mr. Grogan was an associate at Weil, Gotshal & Manges LLP, where he represented certain Lehman entities in a variety of matters in connection with these chapter 11 cases. As noted in the Initial Affidavit, the Firm represents certain entities in matters adverse to one or more Lehman entities in matters unrelated to the matters on which the Firm is employed in these chapter 11 cases. The Firm has imposed (and will continue to impose) an ethical wall between Mr. Grogan and the attorneys working on matters adverse to Lehman.

6.  In February 2009, Justin Jowitt joined the Firm as a partner in its London office. While Mr. Jowitt came from the law firm of Cadwalader, Wickersham & Taft LLP, he previously had practiced at the law firm of Allen & Overy in its London office. The Debtors have included Allen & Overy in the list of Interested Parties. While at Allen & Overy, Mr. Jowitt was not involved in any Lehman matters. While employed at Paul Hastings, Mr. Jowitt

will not represent any Interested Party (other than the Debtors) in matters related to the matters on which the Firm is engaged as ordinary course counsel for the Debtors.

## New Matters

7. Douglas Koff, an attorney in the Firm's New York office, has been asked to represent a number of former employees of Lehman Brothers Inc. ("LBI") in certain investigations related to Auction Rate Securities. Consequently, attorneys in the Firm's New York office are representing former employees of LBI in these investigations. Previously, while at another law firm, Mr. Koff represented LBI in similar matters and obtained information from LBI relevant to these matters. I am informed that, after Mr. Koff discussed this with representatives of LBI, the Trustee of LBI, through his attorneys, stated that he does not object to the Firm's representation of former LBI employees in connection with the Auction Rate Securities investigations as long as the government does not object. I am informed that the government has offered no objections. I am further informed that this representation is unrelated to the matters on which the Debtors have engaged the Firm.

8. In addition, attorneys in the Firm's New York office have been asked to represent David N. Sherr, a former Lehman executive, with respect to the Examiner's work in connection with the Debtors' estates. I am informed that the Firm's representation of Mr. Sherr is unrelated to the matters on which the Firm is engaged in the Debtors' bankruptcy cases.

9. Attorneys in the Firm's Italy and London offices have been asked to represent Beni Stabili SpA in connection with the replacement of Lehman Brothers Special Financing Inc. as the hedging counterparty of Imser Securitisation Srl, an Italian securitization vehicle that had securitized a mortgage loan granted to a subsidiary of Beni Stabili SpA. I am informed that the replacement results from the Debtors' chapter 11 filing and is standard

LEGAL_US_E # 83923048.1

procedure under the applicable hedging agreement. I am further informed that the matter is unrelated to the matters on which the Firm is engaged in the Debtors' bankruptcy cases.

10. Attorneys in the Firm's San Francisco office represent Hitachi Global Storage Technologies, Inc. ("Hitachi") in an arbitration conducted by the Judicial Arbitration and Mediation Service ("JAMS") in San Francisco, Reference # 1100056208. While Paul Hastings does not believe this representation is disqualifying or problematic under either Section 327(e) of the Bankruptcy Code or the applicable standards of professional ethics, the Firm makes this disclosure out of an abundance of caution. The Firm represents Hitachi in an arbitration proceeding against Signature Properties, Inc. ("Signature") and an entity called PCCP-Signature San Jose, LLC ("PCCP-Signature") stemming from a Purchase and Sale Agreement ("PSA") covering an approximately 143-acre property in South San Jose, California owned by Hitachi. Hitachi claims that Signature and PCCP-Signature defaulted on the PSA, allowing Hitachi to retain a $30 million earnest money deposit placed by Signature and PCCP-Signature, and that Signature and PCCP-Signature committed other contract breaches and fraudulent misrepresentations entitling Hitachi to additional damages. Signature and PCCP-Signature claim that Hitachi failed to meet the conditions precedent to closing (including certain environmental remediation requirements) required by the PSA, and thus Signature and PCCP-Signature are entitled to the return of the $30 million earnest money deposit and reimbursement of other related costs.

11. PCCP-Signature also commenced, in April 2009, a writ proceeding in San Francisco Superior Court against the State of California's Department of Toxic Substances Control, challenging its March 2009 approval of Hitachi's remediation of the

property previously scheduled to be sold to Signature and PCCP-Signature. Hitachi is a real party in interest in that writ proceeding, which is pending.

12. The Firm recently learned that LBHI indirectly holds an approximately 40% ownership interest in PCCP-Signature. Certain subsidiaries of LBHI are passive investors in PCCP-Signature, but there are no LBHI employees running the deal or the project, which is managed by LBHI's joint venture partners. If Hitachi is successful in the arbitration, there may be a resulting loss to LBHI's estate.

Additional Interested Parties

13. In May 2009, the Firm received a supplemental list of Interested Parties from the Debtors' counsel (the "Additional Interested Parties"). The Firm searched on its electronic database for its connection to the Additional Interested Parties.

14. Based on its conflicts research, the Firm makes the following specific disclosure: annexed hereto as Exhibit 1 is a list of Additional Interested Parties (or their affiliates) whom the Firm represents, or has represented in the past, in matters unrelated to the matters on which the Firm is employed.

15. Based on the foregoing and the Affidavits, and except as provided herein and in the Affidavits, to the best of my knowledge, information, and belief formed after reasonable inquiry, the Firm does not: (a) represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which the Firm is employed; or (b) have any connection with the Debtors, any creditors or other Interested Parties, their respective attorneys and accountants, or the United States Trustee for the Southern District of New York or any person employed by the Office of such United States Trustee.

16. Despite the efforts described above to identify and disclose the Firm's connections with the Interested Parties in these cases, because the Firm is an international firm with hundreds of attorneys in several offices, and because the Debtors have thousands of creditors and other relationships, the Firm is unable to state with certainty that every client representation or other connection has been disclosed. If any new relevant facts or relationships are revealed or arise, the Firm will file a supplemental affidavit, in accordance with Bankruptcy Rule 2014(a).

Kenneth J. Friedman

SWORN AND SUBSCRIBED before me
this 31st day of August, 2009.

Notary Public
My Commission Expires:

LAUREN P. SCHMAUCH
NOTARY PUBLIC, State of New York
No. 01SC5031836
Qualified in Queens County
Commission Expires 08/15/2010

### Exhibit 1

### Interested Parties or Their Affiliates Whom the Firm Represents or Has Represented in the Past in Matters Unrelated to the Matters on Which the Firm Seeks to Be Employed

**Potential Parties in Interest**
Danske Bank A/S
Jin Liu – if this is Liu Jin Bo of China Lounge Investments Limited, not a client, but affiliated with China Lounge Investments Limited
Litton Loan Servicing, L.P. - not a client, but affiliated with Goldman Sachs Group Inc.
Pacific Summit Energy LLC - not a client, but affiliated with Sumitomo Corporation
Sampo Bank PLC - not a client, but affiliated with Danske Bank AS
Silver Point Capital, LP
The Commonwealth Of Pennsylvania
Fairfield Residential LLC

**Selected Derivative Counterparties**
Advanced Micro Devices, Inc.
Allison Transmission - not a client, but affiliated with Carlyle Holding Corp.
American Investor Life Insurance Company - not a client, but affiliated with Aviva PLC
Aviva Life Insurance Company - Firm client and affiliated with Aviva PLC
Aviva Live & Annuity Company - not a client, but affiliated with Aviva PLC
Consolidated Container Company LLC - need more information
Government of Singapore Investment Corp. - not a client, but affiliated with the Government of Singapore
Houghton Mifflin Harcourt Publishing Company - not a client, but affiliated with Education Media & Publishing Group Ltd.
Indianapolis Life Insurance Company (Inc.) - not a client, but affiliated with Aviva PLC
ING Life Insurance & Annuity Company - not a client, but affiliated with ING Groep NV
ING USA Annuity & Life Insurance Company - not a client, but affiliated with ING Groep NV
Intel Corporation
Life Investors Insurance Company of America - not a client, but affiliated with AEGON NV
Ministry of Finance Italy - not a client, but affiliated with Repubblica Italiana
Monumental Life Insurance Company (Inc.) - not a client, but affiliated with AEGON NV
New York Life & Annuity Insurance Corporation - not a client, but affiliated with New York Life Insurance Company
New York Life INS & Annuity Corp Private Placi - not a client, but affiliated with New York Life Insurance Company
New York Life Insurance Company Inc.
Pacific Life & Annuity Co. - not a client, but affiliated with Pacific Mutual Holding Co.
Pacific Lifecorp - not a client, but affiliated with Pacific Mutual Holding Co.

Principal Financial Services Inc. - not a client, but affiliated with Principal Financial Group
Reliastar Life Insurance Company - not a client, but affiliated with ING Groep NV
Reliastar Life Insurance Company of New York - not a client, but affiliated with ING Groep NV
Russell Implementation Services Inc. - not a client, but affiliated with Northwestern Mutual Life Insurance Co.
Russell Investment Group - not a client, but affiliated with Northwestern Mutual Life Insurance Co.
Security Life of Denver Insurance Company - Firm client and affiliated with ING Groep NV
Security Life of Denver Insurance Company Inc. - Firm client and affiliated with ING Groep NV
Sunamerica Life Insurance Company - not a client, but affiliated with American International Group Inc.
Transamerica Financial Life Insurance Co. - not a client, but affiliated with AEGON NV
Transamerica Occidental Life Insurance Co. - Firm client and affiliated with AEGON NV

**Principal Investments**
Varel Funding Corp. - not a client, but affiliated with Arcapita Bank BSC c
Varel International Ind., L.P. - not a client, but affiliated with Arcapita Bank BSC c

LEGAL_US_E # 83923048.1