Hearing Date: October 14, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: October 11, 2009 at 4:00 p.m. (Prevailing Eastern Time)

Phillips Lytle LLP
Angela Z. Miller (AM4473)
Allan L. Hill (AH5470)
437 Madison Avenue, 34th Fl.
New York, New York  10022
Telephone:  (212) 759-4888
  and
3400 HSBC Center
Buffalo, New York  14203
Telephone:  (716) 847-8400
Fax:  (716) 852-6100

*Attorneys for New York Institute of Finance, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────

In re

Lehman Brothers Holdings Inc., et al.

                Debtors.

Case No. 08-13555 (JMP)
Chapter 11

(Jointly Administered)

──────────────────────────────────

### MOTION FOR AN ORDER PROVIDING RELIEF FROM THE AUTOMATIC STAY IN ORDER TO EFFECT SETOFF PURSUANT TO 11 U.S.C. § 553

      New York Institute of Finance, Inc. ("NYIF"), by its attorneys, Phillips Lytle LLP, presents this motion, together with the Declaration of Evan Simon dated September 4, 2009 ("Simon Declaration") filed and served herewith ("Motion"), for entry of an Order pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 4001 and 9014 granting it relief from the automatic stay under Section 362 of Title 11, United States Code ("Bankruptcy Code") in order to effect setoff pursuant to Section 553 of the Bankruptcy Code of certain debts owed by NYIF to Lehman Brothers Holdings Inc. ("Debtor") against certain obligations of the Debtor to NYIF; and for such other and further relief as is appropriate.  In support of the Motion, NYIF respectfully represents:

**Jurisdiction and Venue**

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(a). Venue of this case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The subject matter of this Motion is a "core proceeding" within the purview of, without limitation, 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought by the Motion are Sections 362 and 553 of the Bankruptcy Code, as complemented by Rule 4001 of the Federal Rules of Bankruptcy Procedure.

**Background**

2.      On September 15, 2008 ("Petition Date"), the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code, initiating the above-captioned case. The Debtor is operating its businesses and managing its affairs as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      NYIF is a subsidiary of Pearson Education, Inc. ("Pearson") and a provider of corporate financial education and training.

4.      The Debtor incurred registration fees for training courses offered by NYIF on July 7, 2008 and August 12, 2008 in the aggregate amount of $3,023 ("Prepetition Purchases"). Copies of the Invoices evidencing the Prepetition Purchases are attached to the Simon Declaration as **Exhibit A**.

5.      As of the Petition Date, the Debtor owed, and continues to owe NYIF $3,023 for the Prepetition Purchases ("Lehman Debt").

6.      On April 28, 2006, Pearson, on behalf of NYIF, forwarded a check in the amount of $1,500 ("NYIF Debt") to the Debtor in order to refund an erroneous payment previously made by the Debtor to NYIF ("Refund Check"). Copies of the check statements evidencing the Refund Check are attached to the Simon Declaration as **Exhibit B**.

7. As of August 27, 2009, the Debtor has not presented the Refund Check for payment and thus the NYIF Debt remains outstanding.

8. Pearson has placed an "administrative hold" on the Refund Check pending the outcome of this Motion to lift the automatic stay to permit NYIF to offset the NYIF Debt against the Lehman Debt. *See* Citizens Bank v. Strumpf, 516 U.S. 16, 20-21 (1995) (holding that creditor's administrative hold on bankruptcy debtor's assets subject to setoff did not violate the automatic stay imposed by the Bankruptcy Code).

**Relief Sought Pursuant to Section 362 of the Bankruptcy Code**

9. The Bankruptcy Code "does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor… against a claim of such creditor against the debtor." 11 U.S.C. § 553(a). "In general, the right of setoff allows parties who owe mutual debts to each other to assert the amounts owed on these debts, subtract one from the other, and then pay only the balance." In re Johnson, 215 B.R. 381, 385 (Bankr. N.D. Ill 1997) (citations omitted).

10. Section 553(a) recognizes and preserves rights of setoff where four conditions exist:

  i. the creditor holds a "claim" against the debtor that arose before the commencement of the case

  ii. the creditor owes a "debt" to the debtor that also arose before the commencement of the case;

  iii. the claim and the debt are "mutual"; and

  iv. the claim and debt are each valid and enforceable.

See 5 Lawrence P. King, Collier on Bankruptcy ¶ 553.01[2] (15th ed. rev.); Johnson, 215 B.R. at 385.

11. The term "claim" is defined in section 101 of the Bankruptcy Code as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured…" 11 U.S.C. § 101(5)(A). NYIF holds a prepetition claim against the Debtor for Prepetition Purchases.

12. NYIF owes the Debtor the NYIF Debt which obligation arose prior to the petition date.

13. Debts are considered "mutual" if the claims are "due to and from the same person in the same capacity." Packaging Ind. Group, Inc. v. Dennison Mfg. Co., Inc. (In re Sentinel Prods. Corp.), 192 B.R. 41, 45 (N.D.N.Y. 1996) (citations omitted). This element is met here because both NYIF and the Debtor contracted with each other on their own behalves and the obligations were incurred to one another prepetition in their same legal capacity.

14. Mutual debts are validly enforceable for purposes of setoff unless a setoff of such debt would be invalid under either (i) applicable nonbankruptcy law or (ii) applicable provisions of the Bankruptcy Code. 2 Collier on Bankruptcy ¶ 553.02[4] (3d. ed. 2001). Both NYIF's obligation to pay the NYIF Debt to the Debtor and the Debtor's obligation to pay the Lehman Debt to NYIF are valid and undisputed, and neither the Bankruptcy Code nor non-bankruptcy law would invalidate them.

15. Accordingly, NYIF's right to setoff the NYIF Debt against the Lehman Debt is established.

### No Prior Motion

16. NYIF has not made any prior motion or application for the relief requested herein to this Court or to any other court and expressly reserves its rights to seek such other relief as it deems appropriate.

WHEREFORE, NYIF respectfully requests that the Court enter an order (i) granting NYIF relief from the automatic stay in order to effect setoff pursuant to Section 553 of the Bankruptcy Code of the NYIF Debt against the Lehman Debt, and (ii) for such other and further relief as the Court deems appropriate.

Dated: Buffalo, New York
September 14, 2009

        PHILLIPS LYTLE LLP

        By   /s/ Angela Z. Miller
            Angela Z. Miller (AM4473)
            Allan L. Hill (AH5470)
        437 Madison Avenue, 34th Fl.
        New York, New York 10022
        Telephone: (212) 759-4888
          and
        3400 HSBC Center
        Buffalo, New York 14203
        Telephone: (716) 847-8400
        Fax: (716) 852-6100

        Attorneys for New York Institute of Finance, Inc.

Doc # 01-2317511.2