**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**STIPULATION AND AGREED ORDER**
**BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND**
**CITIBANK, N.A. REGARDING RETURN OF MISDIRECTED WIRE**

Lehman Brothers Holdings Inc. ("LBHI") and Citibank, N.A. ("Citibank," together with LBHI, the "Parties" and each a "Party"), by and through their respective counsel, hereby enter into this Stipulation and Agreed Order and represent and agree as follows:

**RECITALS**

A. On September 15, 2008 (the "Commencement Date"), LBHI commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court. LBHI is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. Subsequent to the Commencement Date, on October 2, 2008, Citibank erroneously wired to LBHI (UK) at Bank of America account number 6550161536 the amount of $67,114.86 (the "Misdirected Funds") that Citibank intended to make for the benefit of Autonomy Master Fund Ltd. (the "Transfer").

C. Citibank has informed LBHI that the Transfer was made in error and has requested a return of the Misdirected Funds. Following receipt from Citibank of information concerning the Transfer, and having conducted an internal review and investigation, LBHI has determined that the Misdirected Funds should be returned to Citibank.

D. Prior to the Commencement Date, Autonomy Master Fund Ltd. ("Autonomy") and LBHI were parties to various commercial transactions or dealings. The total amounts owed either to Autonomy or LBHI have not yet been determined by the Court or agreed upon by Autonomy and LBHI.

**IT IS HEREBY STIPULATED, AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. The recitals set forth above are incorporated as if fully set forth herein.

2. Within five (5) business days of the approval of this Stipulation and Agreed Order by the Court, LBHI shall transfer the Misdirected Funds by wire transfer to Citibank in accordance with the following wire instructions provided to LBHI by Citibank:

> Bank: Citibank NA New York
> BIC: CITIUS33 (or ABA: 021000089)
> F/O: Citibank New York
> A/C: 00167679
> Ref: NY Swap Operations

3. In consideration for the return of the Misdirected Funds, the adequacy of which is hereby acknowledged, upon LBHI's wiring of the Misdirected Funds in accordance with the wire instruction stated above, Citibank, together with its agents, employees, principals, professionals, successors and assigns, shall be deemed to have waived and released any and all claims it may have against LBHI, its estate, successors

2

and assigns solely with respect to the Transfer and the Misdirected Funds, including, without limitation, any claim for interest.

4. In the event it is determined by an order of the Court or the agreement of LBHI and Autonomy that Autonomy owes an amount payable (the "Amount Payable") to LBHI in connection with LBHI's commercial dealings or transactions with Autonomy, Citibank hereby agrees, within five (5) business days of the entry of an order of the Court or the execution of such an agreement between LBHI and Autonomy, to return the Misdirected Funds (up to the Amount Payable) to LBHI; *provided, however*, that, for the avoidance of doubt, such repayment shall not be construed or deemed to be a payment in full satisfaction of the Amount Payable if the Amount Payable is in excess of the Misdirected Funds, nor shall such repayment constitute a compromise, release or waiver of LBHI's rights with respect to the Amount Payable to LBHI by Autonomy in excess of the Misdirected Funds; *provided, further,* that Citibank is not assuming any debts that Autonomy owes to LBHI, that Citibank shall have no liability or obligations with respect to any Amount Payable other than the return of the Misdirected Funds, and that Citibank shall not, for example, have any liability or obligation to pay any amounts that Autonomy owes in excess of the Misdirected Funds.

5. Each Party agrees to pay its own costs and expenses (including legal fees) incurred in connection with the negotiation, execution, and delivery of this Stipulation and Agreed Order and the consummation of the transactions contemplated hereby.

6. This Stipulation and Agreed Order is solely for the benefit of the Parties and not for any other person or entity, and no such person or entity shall be entitled to the benefit of (or be entitled to rely upon) this Stipulation and Agreed Order.

7. Each Person who executes this Stipulation and Agreed Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Agreed Order on behalf of such Party.

8. The Parties warrant and represent: (a) that no promises or inducement for this Stipulation and Agreed Order have been offered or made except as expressly stated in this Stipulation and Agreed Order; (b) that this Stipulation and Agreed Order is executed without reliance on any statement or representation by any other Party or its employees, officers, agents, affiliates or attorneys; (c) that they have not assigned, transferred or granted to any person or entity, any of the causes of action, claims or demands that are the subject of this Stipulation and Agreed Order.

9. This Stipulation and Agreed Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. The Parties agree that this Stipulation and Agreed Order may be executed via facsimile and electronic mail, and that this Stipulation and Agreed Order executed in such manner shall have full legal force.

10. This Stipulation and Agreed Order can only be amended or otherwise modified by a signed writing executed by the Parties.

11. This Stipulation and Agreed Order shall be interpreted, construed and enforced exclusively in accordance with the laws of the State of New York.

12. The terms of this Stipulation and Agreed Order are subject to approval of the Court and shall be of no force and effect unless and until it is approved.

13. This Stipulation and Agreed Order shall be effective immediately upon its entry by the Court.

14. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

**AGREED TO:**

Dated: August 31, 2009
      New York, New York

| | |
|---|---|
| /s/ Alfredo R. Pérez | /s/ Claudia Hammerman |
| Alfredo R. Pérez | Claudia Hammerman |
| (alfredo.perez@weil.com) | (chammerman@paulweiss.com) |
| | |
| WEIL, GOTSHAL & MANGES LLP | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| 700 Louisiana, Suite 1600 | |
| Houston, TX 77002 | New York, New York 10019 |
| Telephone:   (713) 546-5000 | Telephone:   (212) 373-3000 |
| Facsimile:   (713) 224-9511 | Facsimile:   (212) 757-3990 |
| | |
| *Attorneys for the Debtors and Debtors in Possession* | *Attorneys for Citigroup, Inc. and its respective affiliates and subsidiaries (including, without limitation, Citibank, N.A.)* |

**SO ORDERED:**

Dated: New York, New York
      September 14, 2009

                                      *s/ James M. Peck*
                                    Honorable James M. Peck