RECEIVED SEP 1 4 2009 U.S. BANKRUPTCY COURT, SDNY

UNITED STATES BANKRUPTCY COURT-SDNY

In Re: Lehman Brothers Holdings, Inc et al   Ch 11 Case # 08-13555 (JMP)

Debtors

## REPLY OF WILLIAM KUNTZ, III

1) It came to my attention late last week, that Counsel for the Debtor attempted to Serve me with the Objection by Electronics. I have not and do not consent to that as I have in neither the Technical[1] Skills or Equipment. So I tried to make the early freight boat to Nantucket to check my mail on Saturday. I missed that and had to take the high-speed boat. None the less, there were no papers in the mail from either Weil, Gotshal or the Service Company. In any event, I was able to print out Mr. Krasnow's Complaining as the Library here on Nantucket has Microsoft Word on the newer Computers. In any event, I hereby **Waive** on this Occasion the otherwise Fatal Defects of Service.

2) I am well acquainted with Weil, Gotshal's style of Blitzkrieg/Banzai[2]/Take no Prisoner's Litigation. However, it appears that Mr. Krasnow should take more care in who he selects to ghostwrite his papers. In the Olden Days, Mr. Krasnow was sharp as a tack, he never would have missed the following, and I assume is suffering from Fatigue from so many billable hours.

---

[1] In old Bankruptcy Cases like Penn Central, W.T. Grant and Grand Union, I used to get all the papers Which I was in the Process of trying to Donate to the Tuck School of Business, however my angry now-ex First wife threw them out, so I changed my posture and only ask for things that directly concern me.

[2] http://www.merriam-webster.com/dictionary/banzai-an all-out usually desperate attack

At the Conference in District Court in the spirit of co-operative Discovery, I provided copies of many Lehman Documents as related to Grand Union. Included was the ***Letter Opinion of District Court Judge Martin*** dated June 10,2005 which is already on file with this court as my Exhibit 1. <ExA>

3) It is remarkable that Mr. Krasnow would have the nerve to appear ill-informed about Grand Union when it is clear that they were deeply involved in Grand Union. Further, Weil, Gotshal clearly mentions Grand Union in the Application to Be Worldcom's Counsel in this District <ExB> <Extracted on page 6>

4) In addition and consistent with the Bar Date Order, I sent in and filed Proofs of Claim 2 weeks ago. I guess Mr. Krasnow's Good judgement has fallen prey to his ego as he overlooked this relevant fact. <EX C & D>

To be candid, I would rather have my stream of consciousness put before the Court rather than a total display[3] of ineptitude and incompetence. There is nothing I can see in all those hundreds of cases alluded to that would impair the Right of a Security Holder of Grand Union Capital Corp 0% Notes to assert a Superior claim to a Cash Escrow Account set up 14 years ago. It is believed that Lehman Commerical Paper took this Escrow **without** an Order of Judge Walsh or Judge Winfield.

---

[3] While Debtor's Counsel rants and raves about the Case from Oklahoma and what it stands for, they have never bothered to examine just how a $500 Visa Bill got to Okla in the First Place and the entire underlying reasons of why Judge Rasure would author such an extensive opinion. I think this just illustrates the flawed thinking of relying on Lexus/Nexus Research.

5) I have not read the Sonnax Opinion, at the time of bringing on my Motion to Lift the Stay, it was unclear just what was going to happen to Lehman. As reflected in my Original Exhibits, I was just on the Verge of Obtaining my First Judgement in Westchester County, NY. As I understand it, and if I am correct about Lehman's conversion of the Escrow, Obtaining a Judgment might operate in Theory as a Constructive Trust upon the Funds Lehman took away in New Jersey. Over the Past year, I have tried to obtain more info from the Company that has the Grand Union Records. As the Court may see, I contacted them several times over the Summer and all I get is silence. <EX E> As I understand all the Grand Union Court Records are now out in Saint Louis, Mo it seems that some slight cooperation from the Debtor might be in Order.

## Conclusion

While Lifting of the stay may not suit Weil, Gotshal, it does not leave them defenseless. Every other Defensive Tool both under Federal and State Law Remain available to them. Further, I does allow me to proceed to obtain Judgements against Grand Union Capital and Grand Union Holdings consistent with the Oral Modification to the Grand Union Company Ch 11 Plan as set forth before Judge Walsh in Delaware in 1995 where I rejected the Settlement Offer[4]

---

[4] Of those who took the Settlement offer, they lost out -$300 million-Putnam Investments alone - once known best for its bond department - fired nearly a quarter of its bond-fund managers yesterday in a reorganization of the group. Boston Herald - Boston, Mass.

elected to Retain my Notes and was 'carved out' so to speak without being overly concerned with the Automatic Stay.

I have watched 2 others matters in the Lehman Cases, DnB NorBank and the Unclaimed Funds Rescue consume way more of the Court's time and Counsel's Effort than my request.

Respectfully,

William Kuntz, III

India St

PO Box 1801

Nantucket Island, Ma 02554-1801

508-775-5225

Sept 12, 2009

---

Author:     BETH HEALY
Date:       Mar 31, 1998
Start Page: 022
Text Word Count: 460

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
JUDGE

June 10, 2005

**LETTER OPINION**

**VIA REGULAR MAIL**

Ravin, Greenberg & Marks, P.A.
Sheryll S. Tahiri, Esq.
101 Eisenhower Pkwy.
Roseland, NJ 07068

*(Attorneys for The Grand Union Company)*

Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman, P.C.
Thomas G. Aljian, Jr., Esq.
The Legal Center
One Riverfront Plaza
Newark, NJ 07102

*(Attorney for Americe, Inc.)*

Re:  **The Grand Union Co. v. Americe, Inc.**
     **Docket No.: 04-5669  (WJM)**

Dear Counsel:

This matter comes before the Court on The Grand Union Company's ("Grand Union") motion pursuant to Federal Rules of Civil Procedure 59 and 60 and Local Civil Rule 7.1(g) for reconsideration of the Court's April 18, 2005 Order dismissing Grand Union's bankruptcy appeal for want of prosecution. For the reasons set forth below, the motion is **DENIED**.

**BACKGROUND**

Bankruptcy Judge Novalyn L. Winfield entered an Order on August 6, 2004 that, among other things, denied bankruptcy debtor Grand Union's motion for summary judgment and granted Americe, Inc. ("Americe") leave to file an administrative claim request. Six days later, on August 12, 2004, Grand Union, through counsel Ravin Greenberg P.C. ("Ravin Greenberg") and Weil, Gotshal & Manges LLP ("Weil Gotshal"), filed a notice of appeal and shortly thereafter (on August 23, 2004) filed a designation of items to be included in the record and statement of issues to be presented on appeal pursuant to Bankruptcy Rule 8006. The bankruptcy court transmitted these filings to this Court on November 17, 2004. Although Grand Union was



required by rule to submit appellate briefs to this Court within fifteen days of its appeal having been docketed, Fed. R. Bankr. P. 8009(a)(1), the notation of this transmission on the docket indicates that Grand Union was given until December 27, 2004. Despite this generous briefing schedule, Grand Union never filed any appellate brief. This Court exercised its discretion and dismissed Grand Union's appeal by Order dated April 18, 2005 for want of prosecution.

Counsel for Grand Union—specifically, Ravin Greenberg, not Weil Gotshal—now asks the Court to reconsider this dismissal on the ground that Grand Union's failure to submit any appellate brief was attributable to counsel's "mistake and excusable neglect." (*See* Memorandum of Law in Support of Motion for Reconsideration [*hereinafter* "App. Br."].) Specifically, counsel for Grand Union points out that the attorney who was primarily in charge of handling Grand Union's appeal, Allan Harris ("Mr. Harris") of Ravin Greenberg, left the firm December 31, 2004 and that "[i]t was only after [Mr. Harris] left, much past the deadline set forth in Rule 8009, that [Howard S. Greenberg ("Mr. Greenberg"), also of Ravin Greenberg] became aware that a brief had not been filed." (*See* Cert. of Howard S. Greenberg ¶ 10.) Because the December 27, 2004 deadline ran several days before Mr. Harris left Ravin Greenberg, counsel for Grand Union also notes that "[d]uring the time of filing of the appeal, several complications made it difficult for [Ravin Greenberg] to file a brief on Appellant's behalf, and to proceed with the appeal." (*Id.* ¶ 8.)

## ANALYSIS

Although dismissal of bankruptcy appeals for want of prosecution is discretionary, courts must at least consider less severe sanctions for a litigant's failure to prosecute its case. *See Jewelcor, Inc. v. Asia Commercial Co., Ltd.*, 11 F.3d 394, 397 (3d Cir. 1993). Counsel for Grand Union argues, therefore, that this Court, rather than dismissing Grand Union's appeal for want of prosecution, should have resorted to the less severe sanction of either issuing an Order to Show Cause setting forth an expedited briefing schedule or, instead, simply issuing another briefing schedule. (*See* App. Br. at 4.) The Court fails to see how giving appellant additional time to submit an appellate brief *which at the time of dismissal was already almost four months late* is an effective "sanction." Indeed, that would be no sanction at all.

The Court can discern no other effective sanction for failure to submit an appellate brief. As this Court has already explained, the bankruptcy rules require appellant to file a brief with this Court within fifteen days of an appeal having been docketed. Fed. R. Bankr. P. 8009(a)(1). The purpose of the briefing schedule in Bankruptcy Rule 8009 is to provide for the expeditious resolution of bankruptcy proceedings. *See Jewelcor*, 11 F.3d at 397. It is clear that the purpose of the rule would be completely thwarted were the Court to allow Grand Union to delay indefinitely the filing of its appellate brief, without which the Court cannot even begin to review the merits of its appeal.

Grand Union's failure to prosecute its appeal is the result of its own neglect. Indeed, Ravin Greenberg acknowledges as much. (*See* App. Br. at 4.) Unable to dispute that it had notice of the December 27, 2004 deadline, Ravin Greenberg offers only the vague excuse that "several complications made it difficult for [Ravin Greenberg] to file a brief on Appellant's

behalf." This neglect is all the more inexplicable considering that Grand Union appears to have been represented in bankruptcy proceedings not by one but in fact by two different law firms, the other—Weil Gotshal—being known for the strength of its bankruptcy practice. (*See* Notice of Appeal dated Aug. 12, 2004).

Finally, there is evidence suggesting that Grand Union's failure to prosecute its appeal simply reflects its history of proceeding in a dilatory manner. That is, during the bankruptcy court's October 4, 2004 telephone conference with counsel for Americe and with Ravin Greenberg regarding, among other things, the instant appeal, Judge Winfield stated: "I actually find this issue of appeal a little bit frustrating. [Grand Union] has had an astonishing disinclination to try this case. It's been difficult to get this to final conclusions. . . . I'm tired of fooling around. . . . . [I] implore both parties to act with all due speed to get [Grand Union's appeal] before the district court and adjudicated . . . . This is an old adversary and it shouldn't hang around." (Transcript of October 4, 2004 Telephone Status Conference before Honorable Novalyn L. Winfield at 8:6–11, 10:22–24, 11:4–5.) In response to Judge Winfield's request that Grand Union diligently prosecute its appeal, Mr. Greenberg, who now asks the Court to excuse Grand Union's failure to file any appellate brief because the Ravin Greenberg attorney primarily handling Grand Union's bankruptcy case left the firm four days *after* the December 27, 2004, stated: "We're trying to, Your Honor." (*Id.* at 11:3.) Grand Union nevertheless failed to prosecute its appeal despite Mr. Greenberg's representation to Judge Winfield that it would do so with all due speed.

## CONCLUSION

For the foregoing reasons, Grand Union's motion for reconsideration of the Court's April 18, 2005 Order dismissing Grand Union's bankruptcy appeal for want of prosecution is **DENIED**.

An appropriate Order accompanies this Letter Opinion.

s/William J. Martini

**William J. Martini, U.S.D.J.**

cc:   The Honorable Ronald J. Hedges, U.S.M.J.


WWW.FINDLAW.COM

WEIL, GOTSHAL & MANGES LLP
Attorneys for Debtors and Debtors In Possession
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Marcia L. Goldstein, Esq. (MG 2606)
Lori R. Fife, Esq. (LF 2839)
Alfredo R. Perez, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                        :
                                                             :    Chapter 11 Case No.
WORLDCOM, INC., et al.,                                      :    02-_____ (    )
                                                             :
                                                             :    (Jointly Administered)
                          Debtors.                           :
-------------------------------------------------------------x

### APPLICATION OF THE DEBTORS PURSUANT TO
### SECTIONS 327(a) AND 328(a) OF THE
### BANKRUPTCY CODE FOR AUTHORIZATION TO EMPLOY
### WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

WorldCom, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, "WorldCom" or the "Debtors"), respectfully represent:

#### Background

1. On the date hereof (the "Commencement Date"), WorldCom, Inc. and substantially all of its direct and indirect domestic subsidiaries commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

NY2:\1171782\08\P45$08!.DOC\81793.0001

attorneys, to perform the extensive legal services that will be necessary during their chapter 11 cases in accordance with WG&M's normal hourly rates in effect when services are rendered and normal reimbursement policies. A form of proposed order is attached hereto as Exhibit "A."

9. The Debtors have been informed that Marcia L. Goldstein, Lori R. Fife and Alfredo R. Perez,[2] members of WG&M, and certain other members of, counsel to, and associates of WG&M who will be employed in these chapter 11 cases, are members in good standing of, among others, the Bar of the State of New York and the United States District Court for the Southern District of New York. In addition, Christopher Mallon, a member of WG&M as well as other members of, counsel to and associates in WG&M's office in London, United Kingdom will provide international expertise with respect to matters pertaining to the Debtors' operations in foreign jurisdictions.

10. The Debtors have selected WG&M as their attorneys because of the firm's knowledge of the Debtors' businesses and financial affairs and its extensive general experience and knowledge, and in particular, its recognized expertise in the field of debtors' protections and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. WG&M has been actively involved in major chapter 11 cases, including the representation of the debtor(s) in Global Crossing Ltd., Enron Corp., APW Ltd., Bethlehem Steel Corporation, Rhythms NetConnections Inc., Regal Cinemas,

---

[2] Mr. Perez is admitted to the State Bar of Texas and the United States District Courts for the Southern, Eastern, Western, and Northern Districts of Texas. Concurrently with the filing of this application, a motion for leave to appear *pro hac vice* is being filed by Mr. Perez.

Inc., Armstrong Worldwide Industries, Sunbeam Corporation, Ames Department Stores, Inc., Genesis Health Services Corp., Carmike Cinemas, Inc., DIMAC Holdings, Inc., Sun Healthcare Group, Inc., Bruno's, Inc., United Companies Financial Corporation, Consolidated Hydro, Inc., Olympia & York Development Limited, Texaco Inc., Edison Brothers Stores, Inc. (I) and (II), G. Heileman Brewing Company, Inc., R.H. Macy & Co., Inc., Weiner's Stores, Best Products Co., Inc. (I) and (II), P.A. Bergner & Co. Holding Company, Grand Union Corporation and The Drexel Burnham Lambert Group, Inc., among others.

11. WG&M is also familiar with the Debtors' businesses, affairs, and capital structure. Prior to the Commencement Date, in June 2002 the Debtors engaged WG&M to assist and advise them with respect to the formulation, evaluation, and implementation of various restructuring alternatives, debtor in possession financing, and then with respect to the commencement and prosecution of their chapter 11 cases. Accordingly, WG&M has the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the context of the Debtors' chapter 11 cases. The Debtors believe that WG&M is both well qualified and uniquely able to represent them in their chapter 11 cases in a most efficient and timely manner.

12. Were the Debtors required to retain attorneys other than WG&M in connection with the prosecution of these chapter 11 cases, the Debtors, their estates, and all parties in interest would be unduly prejudiced by the time and expense necessarily attendant to such attorneys' familiarization with the intricacies of the Debtors and their business operations.


USPS - Track & Confirm

# UNITED STATES POSTAL SERVICE

Home | Help | Sign In

Track & Confirm | FAQs

## Track & Confirm

### Search Results

Label/Receipt Number: EH95 6875 163U S
Class: Express Mail®
Status: Delivered

Your item was delivered at 11:32 AM on September 2, 2009 in NEW YORK, NY 10004. The item was signed for by S HIBBERT.

**Track & Confirm**

Enter Label/Receipt Number.

(Go >)

Detailed Results:
* Delivered, September 02, 2009, 11:32 am, NEW YORK, NY 10004
* Sorting Complete, September 02, 2009, 9:35 am, NEW YORK, NY 10004
* Arrival at Post Office, September 02, 2009, 9:04 am, NEW YORK, NY 10004
* Processed through Sort Facility, September 02, 2009, 12:58 am, NEW YORK, NY 10199
* Processed through Sort Facility, September 01, 2009, 6:23 pm, WAREHAM, MA 02571
* Acceptance, September 01, 2009, 2:30 pm, HYANNIS, MA 02601

### Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email. (Go >)

**Proof of Delivery**
Verify who signed for your item by email, fax, or mail. (Go >)

---

Site Map | Customer Service | Forms | Gov't Services | Careers | Privacy Policy | Terms of Use | Business Customer Gateway

Copyright© 2009 USPS. All Rights Reserved.   No FEAR Act EEO Data   FOIA

---

EH 956875163 US

**ORIGIN (POSTAL SERVICE USE ONLY)**
PO ZIP Code: 02601
Day of Delivery: [ ] Next [ ] 2nd [ ] 2nd Del. Day
Postage: $17.50
Date Accepted: 9/1/09
Scheduled Date of Delivery: Month __ Day __
Return Receipt Fee: $
Scheduled Time of Delivery: [x] Noon [ ] 3 PM
COD Fee: $   Insurance Fee: $
Time Accepted: 14:30 [ ] AM [x] PM
Military
Total Postage & Fees: $
Flat Rate [ ] or Weight
[ ] 2nd Day [ ] 3rd Day
Int'l Alpha Country Code   Acceptance Emp. Initials
lbs. __ ozs. 9

FROM: (PLEASE PRINT) PHONE ( )
Wm Kunz
PO Bx 1901
Amherst, MA
02574

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®
Customer Copy
Label 11-B, March 2004
Post Office To Addressee

**DELIVERY (POSTAL USE ONLY)**
Delivery Attempt / Time / [ ] AM [ ] PM / Employee Signature
Mo. __ Day __
Delivery Attempt / Time / [ ] AM [ ] PM / Employee Signature
Mo. __ Day __
Delivery Date / Time / [ ] AM [ ] PM / Employee Signature
Mo. __ Day __

**CUSTOMER USE ONLY**
PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.
Federal Agency Acct. No. or Postal Service Acct. No.

[ ] WAIVER OF SIGNATURE (Domestic Mail Only)
[ ] NO DELIVERY [ ] Weekend [ ] Holiday
Mailer Signature

TO: (PLEASE PRINT) PHONE ( )
Clerk - Claims
US Bankruptcy Clerk
1 Bowling Green
NY NY
ZIP + 4: 1 0 0 0 4 +

**FOR PICKUP OR TRACKING**
Visit www.usps.com
Call 1-800-222-1811

- Epiq Directory
- Contact Us
- Forms
- BSI

# Epiq Systems, Inc.

**646 282 2400**

Client Home | Filed Claims & Schedules | Key Documents | Docket | Change Client

## Lehman Brothers Holdings Inc. (Chapter 11)

Filed Claims and Schedules

Claim # _____   Name Starts With: kuntz   Debtor ___
Schedule # _____   Total Claim Value Equals _____   Scope Claims and Schedules
Claim Date Range _____ to _____
Order By Creditor Name   Results Per Page 10   [Search] [Clear]

Page 1 of 1   Page [ ] [Go]

| Claim # | Schedule # | Creditor Name | Date | Total Claim Value | |
|---|---|---|---|---|---|
| 10511 | | KUNTZ, WILLIAM III | 9/2/2009 | $5,391,527.44 | Image |
| 10510 | | KUNTZ, WILLIAM III | 9/2/2009 | $4,147,328.80 | Image |
| 10509 | | KUNTZ, WILLIAM III | 9/2/2009 | $3,699,417.29 | Image |
| | 555282770 | KUNTZEVICH, RICHARD | | Schedule G | |
| | 555187540 | KUNTZEVICH, RICHARD | | $0.00 | |

Claims 1-5 of 5

Epiq Bankruptcy Solutions, LLC ("Epiq") maintains this website for the public's convenience. While Epiq makes every attempt to assure the accuracy of the information contained herein, this website is not the website of the United States Bankruptcy Court and does not contain the complete, official record of the Bankruptcy Court. All documents filed with the Bankruptcy Court are available for inspection at the office of the Clerk of the Bankruptcy Court during its normal business hours or online on the Bankruptcy Court's website. Use of this website is also subject to our terms of use and end user license agreement. Please review our privacy statement for additional information regarding the data maintained on this website.
© 2009 Epiq Systems, Inc. All Rights Reserved.

- Home
- Contact
- Subscribe
- Site Map
- Disclaimer
- Terms of Use
- Privacy Statement
- Safe Harbor

http://chap11.epiqsystems.com/LBH/claim/search.aspx    9/10/2009



08-13555-mg    Doc 5180    Filed 09/14/09    Entered 09/16/09 11:34:45    Main Document
Pg 13 of 13



C+S legal    June 15, 09
603-354-7000
     -469-33°
         445



Tax Information
TRAVELWEB STORES ALL TAX INFORMATION FOR YOUR HOTEL IN OUR DATABASE.

PLEASE LET US KNOW IMMEDIATELY IF THIS INFORMATION IS INCORRECT OR HAS RECENTLY CHANGED.

Commission Information
THESE RESERVATIONS ARE NON-COMMISSIONABLE. PLEASE DO NOT REMIT PAYMENT AS COMMISSION PAYMENTS CAN NOT BE REFUNDED.

DO NOT REVEAL TRAVELWEB
THE CUSTOMER HAS PREPAID TRAVELWEB FOR
TRAVELWEB MERCHANT BOOKING WILL CONTA
FOUND IN YOUR CRS.

PLEASE CHARGE ROOM AND TAX (SEE "TOTAL
CREDIT CARD NUMBER NO EARLIER THAN 48 H
CHARGE A TRAVELWEB CREDIT CARD WITHIN 1
CARD WILL BE DEACTIVATED AND YOU MAY NOT

GUESTS ARE ADVISED TO PROVIDE A CREDIT C.
PHOTO ID UPON CHECK IN

IT IS NEVER ACCEPTABLE TO CHARGE A TRAV
THE GUEST. THE ABOVE GUESTS ARE ONLY RE

Telephone (US/Canada): 800-818-0034      E-Mail: hotelh
Outside of the US: 412-690-2149           PROPRIETARY

