UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :        08-13555 (JMP)
                                          :
                    Debtors.              :        (Jointly Administered)
                                          :
                                          :
------------------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b) AUTHORIZING THE ESTABLISHMENT OF PROCEDURES FOR THE DEBTORS TO COMPROMISE CLAIMS OF THE DEBTORS IN RESPECT OF REAL ESTATE LOANS

Upon the motion, dated August 25, 2009 (the "Motion"), of Lehman

Brothers Holdings Inc. ("LBHI"), and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and,

together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and

363(b) of the Bankruptcy Code (the "Bankruptcy Code") and Rule 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order

establishing procedures authorizing the Debtors to compromise certain of their claims

with respect to mortgage loans and other loans, sell mortgage loans or other loans and

modify the terms of mortgage loans or other loans, as more fully described in the Motion;

and the Court having jurisdiction to consider the Motion and the relief requested therein

in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the order entered February 13, 2009 governing case management

and administrative procedures for these cases [Docket No. 2837] to (i) the United States

Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and

Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney

for the Southern District of New York (the "U.S. Trustee"); and (vi) all parties who have

requested notice in these chapter 11 cases, and it appearing that no other or further notice

need be provided; and a hearing (the "Hearing") having been held to consider the relief

requested in the Motion; and the Court having found and determined that the relief sought

in the Motion is in the best interests of the Debtors, their estates and creditors, and all

parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that Debtors shall be, and hereby are, authorized to

compromise claims that they have with respect to certain Real Estate Loans[1], sell and

assign certain Real Estate Loans and modify the terms of Residential Real Estate Loans,

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to
them in the Motion.

in each case, by agreeing to Discounted Payoffs or Loan Modifications in accordance

with the following procedures:

a.     Without further order of the Court or approval of any party, but with notice to the Creditors' Committee following any such transaction, the applicable Debtor may agree to Discounted Payoffs in its business judgment with respect to any Commercial Real Estate Loan with a Mark-to-Market Carrying Value[2] of less than $10 million; provided that, with respect to any Discounted Payoff (w) entered into by the Debtors with an entity (including a borrower or sponsor that may own more than one borrower) for which the Debtors have entered into a Discounted Payoff in the six months immediately preceding such proposed transaction with respect to Commercial Real Estate Loans, the aggregate Mark-to-Market Carrying Value of which is equal to or exceeds $10 million, (x) entered into by the Debtors with a person employed by the Debtors at any time on or after September 15, 2007, or an entity unaffiliated with the Debtors for which a person employed by the Debtors at any time on or after September 15, 2007 is materially involved in the negotiations of the Discounted Payoff transaction, (y) entered into by the Debtors with an entity against which the Debtors, in their commercially reasonable judgment, believe they have an outstanding claim pursuant to Sections 547 or 548 of the Bankruptcy Code, or (z) in which the discount is greater than 50% of the Mark-to-Market Carrying Value of such Commercial Real Estate Loan, the provisions of clause (c) below shall apply.

b.     Without further order of the Court or approval of any party, but with notice to the Creditors' Committee following any such transaction, the applicable Debtor may agree to Discounted Payoffs and/or Loan Modifications in its business judgment with respect to any Residential Real Estate Loans with a Mark-to-Market Carrying Value of less than $5 million; provided that, with respect to any Discounted Payoff (w) entered into by the Debtors with an entity (including a borrower or sponsor that

---

[2] "Mark-to-Market Carrying Value" as used herein shall mean the mark-to-market carrying value on the Debtors' records of any Real Estate Loan as of December 31, 2008, or as otherwise agreed to by the Creditors' Committee; provided however, if (i) the mark-to-market carrying value of any Real Estate Loan on the Debtors' records as of December 31, 2008 is less than or equal to 50% of mark-to-market carrying value of such Real Estate Loan on the Debtors' records as of September 17, 2008, and (ii) the mark-to-market carrying value of any Real Estate Loan is not otherwise agreed to by the Creditors' Committee, the Mark-to-Market Carrying Value for the purposes of this Order shall be the mark-to-market carrying value of such Real Estate Loan on the Debtors' records as of September 17, 2008.

may own more than one borrower) for which the Debtors have entered into a Discounted Payoff or Loan Modification in the six months immediately preceding such proposed transaction with respect to Residential Real Estate Loans, the aggregate Mark-to-Market Carrying Value of which equals to or exceeds $5 million, (x) entered into by the Debtors with person employed by the Debtors at any time on or after September 15, 2007, or an entity unaffiliated with the Debtors for which a person employed by the Debtors at any time on or after September 15, 2007 is materially involved in the negotiations of the Discounted Payoff transaction, (y) entered into by the Debtors with an entity against which the Debtors, in their commercially reasonable judgment, believe they have an outstanding claim pursuant to Sections 547 or 548 of the Bankruptcy Code, or (z) in which the discount is greater than 50% of the Mark-to-Market Carrying Value of such Residential Real Estate Loan, the provisions of clause (d) below shall apply.

c.        With respect to Discounted Payoffs of any Commercial Real Estate Loans (1) with a Mark-to-Market Carrying Value equal to or greater than $10 million and less than $25 million, (2) entered into by the Debtors with an entity (including a borrower or sponsor that may own more than one borrower) for which the Debtors have entered into a Discounted Payoff in the six months immediately preceding such proposed transaction with respect to Commercial Real Estate Loans, the aggregate Mark-to-Market Carrying Value of which is equal to or exceeds $10 million but is less than $25 million, (3) entered into by the Debtors with a person employed by the Debtors at any time on or after September 15, 2007, or an entity unaffiliated with the Debtors for which a person employed by the Debtors at any time on or after September 15, 2007 is materially involved in the negotiations of the Discounted Payoff transaction, (4) entered into by the Debtors with an entity against which the Debtors, in their commercially reasonable judgment, believe they have an outstanding claim pursuant to Sections 547 or 548 of the Bankruptcy Code, or (5) in which the discount is greater than 50% of the Mark-to-Market Carrying Value of such Commercial Real Estate Loan, the Debtors will submit to the Creditors' Committee (i) the identity of the borrower of such Commercial Real Estate Loan; (ii) the outstanding principal balance of such Commercial Real Estate Loan, (iii) the proposed amount of the discount, (iv) an explanation of why the Debtor believes the discount is appropriate and (v) the criteria above that triggered the requirement to seek the consent of the Creditors' Committee (the "Commercial Real Estate Loan Transaction Summary"). The Creditors' Committee will be required to submit any objections to the acceptance of a Discounted Payoff reflected on a Commercial Real Estate Loan Transaction Summary on or before ten (10) business days after service of such Commercial Real Estate Loan Transaction Summary. In the event that the Creditors' Committee objects

to the acceptance of a Discounted Payoff set forth in the Commercial Real Estate Loan Transaction Summary, the Debtors may (i) seek to renegotiate the terms of the Discounted Payoff and submit a revised Commercial Real Estate Loan Transaction Summary in connection therewith or (ii) file a motion with the Court seeking approval of the acceptance of a Discounted Payoff.  If the Creditors' Committee does not timely object to the acceptance of a Discounted Payoff, then the Debtors will be deemed, without further order of the Court, to be authorized by the Court to accept the Discounted Payoff at issue as provided in the Commercial Real Estate Loan Transaction Summary previously submitted to the Creditors' Committee.

d.        With respect to Discounted Payoffs and Loan Modifications of any Residential Real Estate Loans (1) with a Mark-to-Market Carrying Value equal to or greater than $5 million and less than $10 million, (2) entered into by the Debtors with an entity (including a borrower or sponsor that may own more than one borrower) for which the Debtors have entered into a Discounted Payoff or Loan Modifications in the six months immediately preceding such proposed transaction with respect to Residential Real Estate Loans, the aggregate Mark-to-Market Carrying Value of which is equal to or exceeds $5 million but is less than $10 million, (3) entered into by the Debtors with a person employed by the Debtors at any time on or after September 15, 2007, or an entity unaffiliated with the Debtors for which a person employed by the Debtors at any time on or after September 15, 2007 is materially involved in the negotiations of the Discounted Payoff transaction, (4) entered into by the Debtors with an entity against which the Debtors, in their commercially reasonable judgment, believe they have an outstanding claim pursuant to Sections 547 or 548 of the Bankruptcy Code, or (5) in which the discount is greater than 50% of the Mark-to-Market Carrying Value of such Residential Real Estate Loan, the Debtors will submit to the Creditors' Committee (i) the identity of the borrower of such Residential Real Estate Loan; (ii) the outstanding principal balance of such Residential Real Estate Loan, (iii) the proposed amount of the discount or description of the modification, as applicable, (iv) an explanation of why the Debtor believes the discount or modification is appropriate and (v) the criteria above that triggered the requirement to seek the consent of the Creditors' Committee (the "Residential Real Estate Loan Transaction Summary").  The Creditors' Committee will be required to submit any objections to the acceptance of a Discounted Payoff or Loan Modification reflected on a Residential Real Estate Loan Transaction Summary on or before ten (10) business days after service of such Residential Real Estate Loan Transaction Summary.  In the event that the Creditors' Committee objects to the acceptance of a Discounted Payoff or Loan Modification set forth in the Residential Real Estate Loan Transaction Summary, the Debtors may

(i) seek to renegotiate the terms of the Discounted Payoff or Loan Modification and submit a revised Residential Real Estate Loan Transaction Summary in connection therewith or (ii) file a motion with the Court seeking approval of the acceptance of a Discounted Payoff or Loan Modification.  If the Creditors' Committee does not timely object to the acceptance of a Discounted Payoff or Loan Modification, then the Debtors will be deemed, without further order of the Court, to be authorized by the Court to accept the Discounted Payoff or Loan Modification at issue as provided in the Residential Real Estate Loan Transaction Summary previously submitted to the Creditors' Committee.

e.      For any Discounted Payoffs with respect to Commercial Real Estate Loan with a Mark-to-Market Carrying Value equal to or greater than $25 million, the Debtors will be required to file a motion with the Court requesting approval of a Discounted Payoff as a compromise and settlement under Bankruptcy Rule 9019 or a sale pursuant to Section 363 of the Bankruptcy Code.

f.      For any Discounted Payoffs and Loan Modifications with respect to Residential Real Estate Loans with a Mark-to-Market Carrying Value equal to or greater than $10 million, the Debtors will be required to file a motion with the Court requesting approval of a Discounted Payoff or Loan Modification as a compromise and settlement under Bankruptcy Rule 9019 or a sale pursuant to Section 363 of the Bankruptcy Code.

g.      With respect to any Discounted Payoffs and/or Loan Modifications of any Real Estate Loans completed by the Debtors in accordance with the procedures set forth herein, the Debtors may, without further order of the Court or approval of or notice to any party, grant releases to the borrowers, indemnitors, and guarantors (to the extent the Debtors deem necessary) under such loans of all or any part of obligations with respect to such loans;

and it is further

ORDERED that, as part of the procedures set forth herein, the Debtors will file with the Court, on a quarterly basis beginning not later than 105 calendar days after entry of this Order, reports of Discounted Payoffs that the Debtors have entered into with respect to Commercial Real Estate Loans and Residential Real Estate Loans and Loan Modifications that the Debtors have entered into with respect to Residential Real Estate Loans during the prior three calendar months pursuant to the authority granted in

this Order[3].  Such reports will set forth (x) (a) the aggregate number of Commercial Real Estate Loans for which the Debtors entered into a Discounted Payoff, (b) the aggregate number of Residential Real Estate Loans for which the Debtors entered into a Discounted Payoff and (c) the aggregate number of Residential Real Estate Loans for which the Debtors have entered into a Loan Modification, in each case in the prior three calendar months and (y) the Mark-to-Market Carrying Value, in the aggregate, of all such (i) Commercial Real Estate Loans with respect to which the Debtors entered into a Discounted Payoff (ii) Residential Real Estate Loans with respect to which the Debtors entered into a Discounted Payoff, and (iii) Residential Real Estate Loans with respect to which the Debtors have entered into a Loan Modification, in each case in the prior three calendar months, in the following format:

| Discounted Payoff Report | | |
| --- | --- | --- |
| | Number of Discounted Payoffs in Last Three Months | Aggregate Mark-to-Market Carrying Value of all Residential or Commercial Real Estate Loans Subject to Discounted Payoff in Last Three Months |
| Commercial Real Estate Loans | _____ | $_____ |
| Residential Real Estate Loans | _____ | $_____ |

---

[3] Debtors are only obligated to include Discounted Payoffs and Loan Modifications with respect to Residential Real Estate Loans to the extent that such information is provided to the Debtors by the applicable servicer.

| Residential Real Estate Loan- Loan Modification Report | |
| --- | --- |
| Number of Residential Real Estate Loan Loan Modifications in Last Three Months | Aggregate Mark-to-Market Carrying Value of all Residential Real Estate Loans Subject to Loan Modifications in Last Three Months |
| _____ | $_____ |

; and it is further

ORDERED that this Order shall not obligate or require any Debtor to compromise any claim it may have with respect to a Real Estate Loan, sell or assign a Real Estate Loan or modify the terms of a Residential Real Estate Loan, nor shall this Order preclude Debtors from settling or compromising any claim upon further application to the Court; and it is further

ORDERED that, the Debtors are authorized to execute such documents or other instruments as may be necessary to compromise their claims with respect to Real Estate Loans, sell Real Estate Loans and modify the terms of Residential Real Estate Loans in accordance with this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
        September 16, 2009

_s/ James M. Peck_____
UNITED STATES BANKRUPTCY JUDGE