WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
: 
In re                                                         :    Chapter 11 Case No.
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (JMP)
                                                              :
                                 Debtors.                :    (Jointly Administered)
                                                              :
                                                              :
---------------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER BETWEEN
BNC MORTGAGE LLC AND WELLS FARGO BANK, N.A., AS
TRUSTEE, PROVIDING FOR RELIEF FROM THE AUTOMATIC STAY WITH
<u>REGARD TO REAL PROPERTY LOCATED IN OZONE PARK, NEW YORK</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    This Stipulation, Agreement and Order (the "<u>Stipulation, Agreement and Order</u>") is entered into by and between BNC Mortgage LLC ("<u>BNC</u>") and its affiliated debtors in the above referenced chapter 11 cases, as debtors and debtors in possession (together, the "<u>Debtors</u>"), and Wells Fargo Bank, N.A. ("<u>Wells Fargo</u>").

**<u>RECITALS</u>**

    A.  On September 15, 2008 and periodically thereafter (as applicable, the "<u>Commencement Date</u>"), Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and certain of its

subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

   B.  On January 9, 2009, BNC, an indirect subsidiary of LBHI, commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

   C.  On August 3, 2009, Wells Fargo filed a Motion For Relief From the Automatic Stay Pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 11 U.S.C. § 362(d) [Docket No. 4640] (the "Motion").

   D.  The Motion asserts that Wells Fargo, as Trustee, is the holder of a first mortgage executed by Jose Olivio in favor of BNC Mortgage, Inc.[1] on March 9, 2007 (the "First Mortgage"), and transferred to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for BNC Mortgage Inc., securing the repayment of the principal sum of $381,600.00 due under a bond or note. The First Mortgage granted MERS, as nominee for BNC Mortgage, Inc., a security interest in the property commonly know as 87-16 95th Avenue, Ozone Park, New York 11416 (the "Property"). The First Mortgage was assigned to Wells Fargo, as Trustee, by an instrument, dated February 5, 2008, and recorded on May 15, 2008. There is a subordinate mortgage on the Property (the "Second Mortgage") held by MERS, as nominee for BNC Mortgage, Inc., in the amount of $95,400.00.

   E.  BNC has determined that it transferred its interest in both the First Mortgage and the Second Mortgage to Lehman Brothers Bank, FSB on or about May 1,

---

[1] BNC Mortgage, Inc. and BNC Mortgage LLC are the same entity. BNC was originally organized under the laws of Delaware as a corporation under the name "BNC Mortgage, Inc." On or about January 13, 1998, BNC changed its corporate form from a corporation to a limited liability company under the name "BNC Mortgage LLC." BNC is still referred to as "BNC Mortgage Inc." in those states in which it is registered to conduct business under its former name.

2

2007, and that, thereafter, the First Mortgage and the Second Mortgage were further transferred to LBHI, then to Structured Asset Securities Corporation, a debtor in the above referenced chapter 11 cases, and finally to Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-OSI, a non-debtor securitization. As a result of the above-described transfers, BNC does not currently hold an interest in the First Mortgage or the Second Mortgage.

F.  The Motion seeks entry of an order terminating the automatic stay extant in the Debtors' chapter 11 cases pursuant to section 362 of the Bankruptcy Code and allowing Wells Fargo to exercise its non-bankruptcy rights and remedies as to the Property, including but not limited to foreclosure of the First Mortgage and the Second Mortgage.

G.  In light of the foregoing, and to ensure that Wells Fargo is not prohibited from exercising its rights with respect to the Property, BNC and Wells Fargo (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to resolve the Motion on the terms set forth below.

**IT IS HEREBY STIPULATED, AGREED, AND ORDERED** by and between BNC and Wells Fargo, through their undersigned attorneys, that:

1.  This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2.  Upon the Effective Date, to the extent that the automatic stay is applicable, it shall be modified with respect to Wells Fargo's interest in the Property, and Wells Fargo shall be permitted to exercise its rights under applicable non-bankruptcy law against the Property.

3

3. Except as provided in paragraph 2, the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from BNC's estate and/or assets or property of BNC (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4. Upon the Effective Date, the Motion shall be deemed resolved.

5. This Stipulation, Agreement, and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

6. Each person who executes this Stipulation, Agreement, and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

7. This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

8. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreements and Order.

Dated: September 14, 2009
      New York, New York

      /s/ Anne E. Miller-Hulbert
      Anne E. Miller-Hulbert

      Shapiro & DiCaro, LLP
      250 Mile Crossing Boulevard, Suite One
      Rochester, NY 14624
      Telephone: (585) 247-9000

      Attorneys for Wells Fargo Bank. N.A., as Trustee

Dated: September 14, 2009
      New York, New York

      /s/ Jacqueline Marcus
      Jacqueline Marcus

      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Debtors
      and Debtors in Possession

**SO ORDERED:**

Dated: New York, New York
      September 16, 2009

      *s/ James M. Peck*
      UNITED STATES BANKRUPTCY JUDGE

5