WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                                           :        **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :        **08-13555 (JMP)**
:
                        **Debtors.**                             :        **(Jointly Administered)**
:
------------------------------------------------------------------x

**NOTICE OF MOTION OF**
**LEHMAN COMMERCIAL PAPER INC. PURSUANT**
**TO SECTION 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY**
**RULE 6004 FOR AUTHORIZATION TO PURCHASE FAIRPOINT PARTICIPATION**

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman

Commercial Paper Inc. ("LCPI" and, together with its affiliated debtors in the above-referenced

chapter 11 cases, the "Debtors") pursuant to section 363 of title 11 of the United States Code and

Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for

authorization to purchase a participation in the loan known as FairPoint Communications Term

Loan A from Variable Funding Trust 2008-1, as more fully described in the Motion, will be held

before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States

Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green,

New York, New York 10004 (the "Bankruptcy Court"), on **October 14, 2009 at 10:00 a.m.**

**(Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall

be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy

Court for the Southern District of New York, shall set forth the name of the objecting party, the

basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with two hard copies

delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable

James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil,

Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Jacqueline

Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the

Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York,

New York 10004 Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto,

Esq., Linda Riffkin, Esq., and Tracy Hope Davis; Esq., (iv) Milbank, Tweed, Hadley & McCloy

LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq.,

Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured

creditors appointed in these cases; (v) Bingham McCutchen LLP, 399 Park Avenue, New York,

New York 10022, Attn:  Steven Wilamowsky, Esq., attorneys for The Metropolitan Life

Insurance Company and (vi) any person or entity with a particularized interest in the Motion, so

as to be so filed and received by no later than **October 1, 2009 at 4:00 p.m. (prevailing Eastern

Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: September 17, 2009
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                    :        Chapter 11 Case No.
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :        **08-13555 (JMP)**
                                                         :
                          Debtors.               :        **(Jointly Administered)**
                                                         :
------------------------------------------------------------------x

**MOTION OF LEHMAN COMMERCIAL PAPER INC. PURSUANT**
**TO SECTION 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY**
**RULE 6004 FOR AUTHORIZATION TO PURCHASE FAIRPOINT PARTICIPATION**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Commercial Paper, Inc. ("LCPI," together with its affiliated debtors in

the above-referenced chapter 11 cases, as debtors and debtors-in-possession, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), files this motion (the "Motion") and

respectfully represents:

**Preliminary Statement**

1.        On May 13, 2009, the Court approved a settlement (the "Settlement")

between LCPI and The Metropolitan Life Insurance Company ("MetLife") pursuant to the Order

Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019

Authorizing LCPI to Settle Dispute with MetLife [Docket No. 3558] (the "Settlement Order").

The Settlement relates to, among other things, a securitization trust from which MetLife

purchased notes that are secured by participations in corporate loans sold or assigned to such

trust by LCPI.  MetLife asserts that, pursuant to the Settlement, one of such participations, the

FairPoint Participation (as further described and defined below), must be sold at the current

prevailing market rate.   LCPI believes that the sale of the FairPoint Participation to a third party

at the current market price would likely result in its sale at a significant discount to its intrinsic

value and would not be in the best interests of the securitization trust and LCPI.  Accordingly,

LCPI, has determined, in an appropriate exercise of its business judgment, that it is in best

interests of its estate to purchase the FairPoint Participation from the securitization trust.

### Relief Requested

2.       LCPI believes that the purchase of the FairPoint Participation is in the

ordinary course of its business, and, as a result, does not require authorization from the Court.

Nonetheless, at the request of the statutory committee of unsecured creditors (the "Creditors'

Committee") and out of an abundance of caution, LCPI seeks authorization to purchase the

FairPoint Participation pursuant to section 363(b)(1) of title 11 of the United States Code (the

"Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

### Background

3.       Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11

cases have been consolidated for procedural purposes only and are being jointly administered

pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code.

5.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

6.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

## Jurisdiction

7.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Lehman's Business

8.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

9.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications,

filed on September 15, 2008 [Docket No. 2].

### LCPI's Relationship with MetLife and VFT 2008

10.    Prior to the Commencement Date, Variable Funding Trust 2008-1, a

Delaware statutory trust ("VFT 2008") entered into a Note Purchase Agreement, dated as of May

9, 2008 (the "2008 Note Purchase Agreement") with MetLife.  Pursuant to the 2008 Note

Purchase Agreement, VFT 2008 issued to MetLife certain notes (the "2008 Notes"), and MetLife

agreed to provide a variable rate senior secured revolving credit facility to VFT 2008 in an

aggregate principal amount of up to $500 million.

11.    Pursuant to that certain Collateral Trust Agreement, dated as of May 9,

2008 (the "Collateral Agreement"), between VFT 2008 and The Bank of New York Trust

Company, N.A. ("Bank of New York"), Bank of New York serves as the collateral trustee (the

"Collateral Trustee") on behalf of the holders of the 2008 Notes.

12.    Prior to the Commencement Date, LCPI sold and assigned to VFT 2008

participations (the "Participations") in certain specific corporate loans (the "Corporate Loans").

VFT 2008 in turn pledged the Participations to the Collateral Trustee as collateral for the 2008

Notes.  Under the terms of the 2008 Note Purchase Agreement, the value of the Participations

must at all times exceed the outstanding principal amount of the 2008 Notes, as further provided

therein.  LCPI is the legal and beneficial owner of the certificates issued by VFT 2008 that

confer on LCPI the right to receive any residual interest in VFT 2008 after the 2008 Notes are

paid in full.

13.     LCPI is the lender of record on the loan known as FairPoint

Communications Term Loan A (the "FairPoint Loan").  The FairPoint Loan accrues interest at

the rate of LIBOR plus 2.5 percent and has a maturity date of March 31, 2014.

14.     Prior to the Commencement Date, LCPI assigned to VFT 2008 a

Participation in the FairPoint Loan (the "FairPoint Participation").  The FairPoint Participation

has a notional value of $59,284,919 (the "Current Notional Value").  VFT 2008 in turn pledged

the FairPoint Participation to the Collateral Trustee as collateral for the 2008 Notes.

15.     On May 13, 2009, the Court entered the Settlement Order, which

authorized LCPI to enter into the Settlement with MetLife on terms substantially consistent with

those set forth in the term sheet annexed to the Settlement Order as Exhibit A (the "Term

Sheet").  The Settlement resolves certain of the disputes of MetLife and LCPI regarding, among

other things, VFT 2008.  MetLife and LCPI are currently finalizing the documentation with

respect to the Settlement and expect to file the final documents within the next several weeks.

However, the Settlement may not close before the hearing on this Motion.

16.     Pursuant to the Term Sheet, on a periodic basis LCPI and MetLife review

VFT 2008's interests in the Corporate Loans for potential sale.  The Term Sheet further provides

that, if LCPI and MetLife do not agree to sell VFT 2008's interest in a Corporate Loan and if the

outlook of both of Moody's Investors Service and Standard & Poors (together, the "Rating

Agencies") for such Corporate Loan is negative, then a sale of VFT 2008's interest in the

Corporate Loan shall be executed at a prevailing market rate.

17.     LCPI and MetLife have reviewed the FairPoint Participation for its

potential sale.  While MetLife desires the sale of the FairPoint Participation, LCPI believes the

sale would not be in the best interests of VFT 2008 and, by extension, LCPI and its estate.  The

outlook of both of the Rating Agencies for the FairPoint Loan is currently negative.
Accordingly, MetLife has asserted that, pursuant to the Term Sheet, the sale of the FairPoint
Participation must be executed at the current prevailing market rate.

### LCPI's Purchase of the FairPoint Participation

18.     The FairPoint Loan is currently trading at 76.25 percent of its par value.
LCPI believes that it is possible that the FairPoint Loan will be trading at a significantly higher
market rate within the next eighteen months.  LCPI has analyzed the financial condition and the
capital structure of FairPoint Communications ("FairPoint"), the borrower under the FairPoint
Loan, and believes, in an appropriate exercise of its business judgment, that the current
prevailing market rate for the FairPoint Loan does not reflect its intrinsic value.

19.     To preserve the ability of LCPI and its estate to realize the full value of its
interest in the FairPoint Loan, LCPI intends to purchase the FairPoint Participation from VFT
2008 for a purchase price equal to 76.25 percent of the notional value of the FairPoint
Participation as of the date of such purchase (the "Purchase Price").  If the notional value of the
FairPoint Participation on the date of its purchase by LCPI is equal to the Current Notional
Value, the Purchase Price would be approximately $45.2 million.  In accordance with the
Settlement, LCPI will cause VFT 2008 to prepay the outstanding balance of the 2008 Notes by
an amount equal to the Purchase Price, upon the consummation of the purchase of the FairPoint
Participation, and in exchange MetLife will cause the Collateral Trustee to waive and release its
interest in the FairPoint Participation.  Thus, at the conclusion of the proposed transaction, LCPI
would own the beneficial interest in the portion of the FairPoint Loan that is the subject of the
FairPoint Participation, free and clear of all liens.

### The Purchase of the FairPoint Participation is An
### Appropriate Exercise of LCPI's Business Judgment

20.     LCPI's purchase of the FairPoint Participation is in the ordinary course of

LCPI's business.  Specifically, prior to the Commencement Date, LCPI regularly purchased and

sold similar loans and participations.  At the request of the Creditor's Committee and out of an

abundance of caution, however, LCPI is seeking approval of the Court pursuant to section

363(b)(1) of the Bankruptcy Code to use property of LCPI's estate in connection with the

purchase of the FairPoint Participation.

21.     Ample authority exists for LCPI's purchase of the FairPoint Participation

from VFT 2008.  Section 363 of the Bankruptcy Code provides, in relevant part, "[t]he trustee,

after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business,

property of the estate." 11 U.S.C. § 363(b)(1).  When considering a transaction outside the

ordinary course of business, courts in the Second Circuit, and others, require that such

transaction be based upon the sound business judgment of the debtor.  *Comm. of Equity Sec.*

*Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1070 (2d Cir. 1983); *accord In re*

*Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992); *In re Martin*, 91 F.3d 389, 395 (3d Cir.

1996) (citing *Fulton State Bank v. Schipper* (*In re Schipper*), 933 F.2d 513, 515 (7th Cir. 1991));

*Institutional Creditors of Cont'l Airlines, Inc. v. Cont'l Airlines, Inc.* (*In re Cont'l Airlines, Inc.*),

780 F.2d 1223, 1226 (5th Cir. 1986).

22.     It is generally understood that "[w]here the debtor articulates a reasonable

basis for its business decisions (as distinct from a decision made arbitrarily or capriciously),

courts will generally not entertain objections to the debtor's conduct."  *In re Johns-Manville*

*Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).  If a valid business justification exists, there is

a strong presumption that "the directors of a corporation acted on an informed basis, in good

faith and in the honest belief that the action taken was in the best interests of the company." *In

re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom,* 488

A.2d 858, 872 (Del. 1985)), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993).  The burden of rebutting

this presumption falls to parties opposing the proposed exercise of a debtor's business judgment.

*Id.* (citing *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984)).

23.    LCPI has determined, in the sound exercise of its business judgment, that

the purchase of the FairPoint Participation is in the best interests of its estates and creditors.

FairPoint is currently engaging in restructuring discussions.  LCPI has examined the financial

condition and the capital structure of FairPoint.   LCPI believes it is possible that the FairPoint

Loan will be trading at significantly higher values within the next eighteen months.  As a result,

LCPI believes that a sale of the FairPoint Participation at its current market price will deprive

VFT 2008, and, by extension, LCPI and its estate, of the fully realizable value of VFT 2008's

interests in the FairPoint Loan.

24.    The purchase of the FairPoint Participation is fair and reasonable and in

accordance with the terms of the Settlement.  LCPI will purchase the FairPoint Participation at

the prevailing market rate.  Even if LCPI did not purchase the FairPoint Participation, LCPI

would still be required to cause the sale of the FairPoint Participation to a third party, and in

doing so relinquish the opportunity to benefit from any future increase in market price with

respect to the value of the FairPoint Participation.  In contrast, the purchase of the FairPoint

Participation allows LCPI and VFT 2008 to perform under the terms of the Settlement without

sacrificing the prospect of a full recovery of LCPI's investment in the FairPoint Loan.  LCPI has

thoroughly discussed and vetted the purchase of the FairPoint Participation with the Creditors'

Committee and its advisors.  LCPI has been advised that the Creditors' Committee does not

object to the purchase of the FairPoint Participation.[1]

26. Accordingly, in light of the undeniable benefits of the relief requested

herein to LCPI and its reorganization, LCPI's decision to purchase the FairPoint Participation is

a sound exercise of business judgment, and approval of the purchase of the FairPoint

Participation is in the best interests of LCPI's estate and creditors.

**Relief Under Bankruptcy Rule 6004(h)**

26. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale,

or lease of property . . . is stayed until the expiration of 10 days after entry of the order, unless

the court orders otherwise." FED. R. BANKR. P. 6004(h).  Because LCPI and MetLife seek as

prompt a closing of the sale and purchase of the FairPoint Participation to quickly realize its

benefits, LCPI respectfully requests that any order be effective immediately by providing that the

10-day stay is inapplicable.

**Notice**

27. No trustee has been appointed in these chapter 11 cases.  LCPI has served

notice of this Motion in accordance with the procedures set forth in the amended order entered

on February 13, 2009 governing case management and administrative procedures for these cases

[Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii)

the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; (vi) counsel to MetLife; and (vii) all

---

[1] The Creditors' Committee has advised LCPI that it will not oppose LCPI's purchase of the FairPoint Participation provided that LCPI files this Motion.

parties who have requested notice in these chapter 11 cases.  LCPI submits that no other or

further notice need be provided.

28.    No previous request for the relief sought herein has been made by LCPI to

this or any other court.

WHEREFORE LCPI respectfully requests that the Court grant the relief requested

herein and such other and further relief as it deems just and proper.

Dated: September 17, 2009
       New York, New York


                                        /s/ Jacqueline Marcus
                                        Jacqueline Marcus

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                                                           :
In re                                                      :       **Chapter 11 Case No.**
                                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*                :       **08-13555 (JMP)**
                                                           :
                                **Debtors.**               :       **(Jointly Administered)**
                                                           :
--------------------------------------------------------------------x

<u>**ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY**
**CODE AND BANKRUPTCY RULE 6004 AUTHORIZING LEHMAN**
**COMMERCIAL PAPER INC. TO PURCHASE FAIRPOINT PARTICIPATION**</u>

Upon the motion (the "<u>Motion</u>") of Lehman Commercial Paper Inc. ("<u>LCPI</u>")

pursuant to section 363 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule

6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for authorization

to purchase a participation in the loan known as FairPoint Communications Term Loan A (the

"<u>FairPoint Participation</u>") from Variable Funding Trust 2008-1, as more particularly described in

the Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the amended

order entered February 13, 2009 governing case management and administrative procedures

[Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the

attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to The Metropolitan Life Insurance Company; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LCPI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 363(b)(1) of the Bankruptcy Code, LCPI is authorized to purchase the FairPoint Participation, and execute and deliver such assignments, conveyances, and other documents, and instruments of transfer and to take such other actions as may be reasonably necessary to consummate the purchase of the FairPoint Participation, it being understood that any actions described in this paragraph taken by LCPI or its affiliates may be taken without the necessity of (x) any further court proceedings or approval or (y) any consent of any third party, and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that, for the avoidance of doubt, LCPI's purchase of the FairPoint Participation shall be deemed to be consistent with the Order Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 Authorizing LCPI to Settle Dispute with MetLife [Docket No. 3558]; and it is further

ORDERED that this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed pursuant to Bankruptcy Rule 6004(h); and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.

Dated:  October __, 2009
           New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE