| | |
|---|---|
| GARFIELD COUNTY ATTORNEY<br>108 8th Street, Suite 219<br>Glenwood Springs, CO  81601<br>Facsimile:  (970) 384-5005<br>Deborah Quinn, Assistant Garfield County Attorney<br>Attorneys for Movant<br>Garfield County (Colorado) Treasurer | Hearing Date and Time<br>October 14, 2009 @ 10:00 a.m. |

**IN THE UNITED STATES BANRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | ) | Case No. 08-13555 (JMP) |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |

---------------------------------------------------------------

**GARFIELD COUNTY TREASURER'S MOTION FOR (I) A
DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY,
OR, (II) IN THE ALTERNATIVE RELIEF FROM THE AUTOMATIC STAY
AS APPLIED TO TAXES DUE FROM DEBTOR LB ROSE RANCH, LLC**

Creditor, Garfield County Treasurer ("Treasurer"), by and through undersigned counsel, files this motion for (i) a determination that the automatic stay does not apply or (ii) for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), to exercise the Treasurer's statutory remedies against real property owned by the Debtor, LB Rose Ranch, LLC ("Debtor") in Garfield County, Colorado.  In support of this Motion, the Treasurer is filing the Declaration of Georgia Chamberlain, attaching the documents discussed herein ("Chamberlain Declaration").

INTRODUCTION

1.   Treasurer is a secured creditor of the Debtor by virtue of its statutory lien for 2008 *ad valorem* property taxes pursuant to § 39-1-107(2), C.R.S. (2009), as summarized in Exhibit A of the Chamberlain Declaration.  The Treasurer holds a first priority lien on all of the real property owned by the Debtor and located in Garfield County, Colorado.

2. The Treasurer asserts that the advertising and sale of its tax liens as required by state law does not constitute a violation of the automatic stay as the Treasurer is not taking any action to obtain possession of property of the estate or to exercise control over property of the estate, no action is being taken against the Debtor directly, and the Debtor retains title to and full control and use of its real property for at least three years after the date of any tax lien sale. However, out of an abundance of caution, the Treasurer is filing this Motion for determination that the automatic stay does not apply to actions taken and sought to be taken, or alternatively, for relief from the automatic stay pursuant to § 362 (d)(1) of the Bankruptcy Code.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### FACTUAL BACKGROUND

4. Lehman Brothers Holdings Inc. ("LBHI") commenced a voluntary proceeding under Chapter 11 of the Bankruptcy Code in this Court on September 15, 2008. Debtor initiated its own petition in bankruptcy in this court, case number 09-10560, on February 9, 2009 ("Petition Date"), which is being jointly administered with the LBHI bankruptcy.

5. Debtor filed an Amended Schedule of Assets and Liabilities on June 14, 2009 (Dkt. No. 3918), which shows that all of Debtor's real property assets are located in Garfield County, Colorado, and include an 18-hole golf course, related clubhouse and other buildings, as well as numerous lots that it has developed or is developing for sale.

6. After the Petition Date, Debtor failed to pay the 2008 real property taxes, the lien for which is a first priority lien that dates back to January 1, 2008, §§ 39-1-105 and 107, C.R.S.

(2009), and for which delinquent interest began to accrue as of May 1, 2009, § 39-1-104.5, C.R.S. (2009) (Chamberlain Decl. ¶¶ 8, 9).

7. By statute, § 39-11-101, C.R.S. (2009), entitled **Notice to delinquent owner**, all Colorado county treasurers are required to notify delinquent taxpayers by mail. Such notice must include the amount of delinquency and a statement that if the delinquent amount is not paid by the date specified in the notice, the treasurer will advertise and sell a tax lien on the property on the date specified in the notice at public auction, the sale to include delinquent taxes, interest and applicable fees.

8. Prior to holding the tax lien sale, Colorado law requires publishing notice of the sale for three consecutive weeks, the first publication being at least four weeks prior to the sale, § 39-11-102, C.R.S. (2009).

9. The tax lien is sold to the person who pays the past due taxes, delinquent interest and fees, plus the largest amount in excess of the taxes, delinquent interest and fees, § 39-11-115, C.R.S. (2009), after which the treasurer issues a certificate of purchase to the successful bidder, § 39-11-117, C.R.S. (2009). A deed for the property subject to the tax lien for which the certificate of purchase was issued may not be demanded by the tax lien purchaser until after the expiration of three years from the date of the tax lien sale, § 39-11-120, C.R.S. (2009). Additional notice is required prior to issuance of any deed, § 39-11-128, C.R.S. (2009). An owner can redeem any time prior to the issuance of the deed by paying taxes, delinquent interest, costs, plus redemption interest at an annual rate of nine points above the commercial rate for the federal reserve bank in Kansas City, § 39-12-103, C.R.S. (2009).

10. As required by law, the Treasurer sent out delinquent tax notices in July to the owners of all property whose 2008 real property taxes were delinquent, including Debtor, and advised that a tax sale will be held on November 19, 2009 (Chamberlain Decl., ¶9).

11. Advertising and sale of tax liens is a necessary step in the tax collection process and enables the taxing entities to receive tax revenue in a timely fashion in order to fund ongoing governmental functions (Chamberlain Decl., ¶12), while allowing the owner of the property to continue ownership, possession and use of the property for at least three years after the date of sale.

12. The taxing entities that provide services to Debtor in Garfield County include the County, which provides the gamut of local government services, including but not limited to, zoning, land use, law enforcement, and social services; RE-1 school district; Carbondale and Rural Fire Protection District; among others (Chamberlain Decl., ¶12). Debtor continues to have the benefit of these public services despite its failure to pay for them through payment of its taxes.

## RELIEF REQUESTED

13. The Treasurer seeks (i) a determination that the automatic stay does not apply to the Treasurer's exercise of her statutory remedies relating to the sale of tax liens on Debtor's real property or, (ii) in the alternative, relief from the automatic stay.

## ARGUMENT AND AUTHORITY

14. The automatic stay set out in 11 U.S.C. § 362(a) operates to stay any action to obtain possession of property, to exercise control over the property, to create, perfect or enforce any lien against property of the estate and to collect, assess or recover a claim against the Debtor that arose before the commencement of the case.

15. The assessment and perfection of tax liens post-petition does not violate the stay, 11 U.S.C. § 362(b)(18). Although this Court held that under certain circumstances a tax lien sale violates the automatic stay, *In re Haight*, 52 B.R. 104 (S.D.N.Y. 1985), the notice of

4

delinquency required by Colorado law is exempt from the automatic stay pursuant to 11 U.S.C. § 362(b)(9)(B) or (D).

16. The Colorado statutory scheme for assessment and collection of *ad valorem* real estate taxes allows a county treasurer to advertise and sell tax liens on real property as a means of collecting and distributing tax revenue in a timely fashion, § 39-11-101, *et seq.*, C.R.S. (2009).

17. The sale of a tax lien by the Treasurer is comparable to a secured lender assigning its security agreement to a third party. In both instances, a new creditor is substituted for the original creditor. Such transfers of claims among private creditors do not violate the automatic stay. This Court should determine that the exercise by the Treasurer of this portion of Colorado's statutory tax collection scheme (not to include issuance of a tax deed) does not violate the automatic stay.

18. In the alternative, the Treasurer is being harmed by the automatic stay because this Debtor, as a debtor in possession, still has the benefit of all the services provided by the taxing entities, but the stay prevents any efforts to collect such taxes for the taxing entities.

19. At the request of a party in interest and after notice and a hearing, a Court may grant relief from the automatic stay by terminating, annulling, modifying or conditioning such stay for cause, including the lack of adequate protection of an interest in the property of a party in interest, 11 U.S.C. § 362(d)(1). Whether cause exists must be determined on a case-by-case basis, based on the totality of the circumstances, *In re Bogdanovich*, 292 F.3d 104, 110 (2d Cir. 2002), and the Court should assess the impact of the stay to all the parties and balance the harms among them, 292 F.3d at 110.

20. In the private creditor scenario, this Court has held that a debtor's failure to make post-confirmation mortgage payments is grounds for lifting the stay, *In re Davis*, 64 B.R. 358, 359 (S.D.N.Y. 1986). Similarly, failure to make post-petition mortgage payments in a

5

rehabilitation proceeding can constitute cause for granting relief from stay, *In re Uvaydov*, 354 B.R. 620, 623 (E.D.N.Y. 2006).

21.   Allowing the Treasurer to proceed with tax lien sales will not prejudice other creditors of Debtor because Debtor will continue to own the properties for at least three years after the tax lien sales and any other lien holders in the property will, along with the Debtor, receive notice and will have the opportunity to redeem before any tax deed may be issued, § 39-11-128(1)(a), C.R.S. (2009).

22.   All but one of the real properties located in Garfield County are of a *de minimis* value compared to all the assets involved in this bankruptcy proceeding, *see* Debtor's Motion to Establish Procedures to Sell or Abandon *De Minimis* Assets (Dkt. No. 3572), Garfield County's Objection (Dkt. No. 3686), the Court's Order Granting Debtor's Motion (Dkt. No. 4021) and Chamberlain Declaration, Exhibit A, showing that only one of the real properties has a value greater than $2,000,000.00, Schedule R041511, the large parcel to be subdivided as "Future Lots," Phase III.

23.   Debtor is in the business of developing and selling real estate, yet no properties in Garfield County have sold since the Petition Date, now a period of over seven months, or since the Order referenced in paragraph 22.  The total of $286,059.32 due in outstanding taxes and the additional $14,302.97 in accrued interest through September 2009 is not likely to be paid through sales of the properties in the near future.

24.   The Treasurer has shown sufficient cause to lift the stay, thus the burden shifts to the Debtor to prove it is entitled to the continued protections of the automatic stay, *In re Enron Corp.,* 306 B.R. 465, 476 (S.D.N.Y. 2004).

25. Considering the totality of the circumstances and the absence of harm to Debtor or other creditors, the Debtor will not be able to establish that it is entitled to the continued protections of the automatic stay.

## NOTICE

Treasurer is serving this Motion by ECF upon all parties that have filed papers in the Debtor's cases by ECF. Treasurer is also causing this Motion to be served by overnight mail to bankruptcy counsel for Debtor, counsel for Trustee, counsel for the Official Committee of Unsecured Creditors, and the Office of the United States Trustee.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Treasurer respectfully requests that an order, substantially in the form attached hereto as Exhibit 1, be entered for (i) a determination that the automatic stay does not apply, or (ii) in the alternative, relief from the automatic stay as applied to taxes due from Debtor LB Rose Ranch, LLC, and (iii) granting Treasurer such other and further relief as is just and proper.

Respectfully submitted this 17th day of September, 2009.

Respectfully submitted,

OFFICE OF THE COUNTY ATTORNEY
OF GARFIELD COUNTY, COLORADO

/s/ Deborah Quinn, original signature on file
Deborah Quinn
Assistant Garfield County Attorney
108 8th Street, Suite 219
Glenwood Springs, CO 81601
(970) 945-9150
E-mail: dquinn@garfield-county.com
ATTORNEY FOR GARFIELD COUNTY
TREASURER AND BOARD OF COUNTY
COMMISSIONERS OF GARFIELD COUNTY,
COLORADO

EXHIBIT 1

PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | ) | **Case No. 08-13555 (JMP)** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |
| | ) | |
---------------------------------------------------------------

**ORDER ON GARFIELD COUNTY, COLORADO TREASURER'S
MOTION FOR (I) A DETERMINATION THAT THE
AUTOMATIC STAY DOES NOT APPLY, OR, (II) IN THE
ALTERNATIVE RELIEF FROM THE AUTOMATIC STAY
AS APPLIED TO TAXES DUE FROM DEBTOR LB ROSE RANCH, LLC**

Upon the motion of the Garfield County, Colorado Treasurer dated September 17, 2009 (the "Motion), pursuant to 11 U.S.C. § 362(d), for entry of an Order (i) determining that the automatic stay does not apply, or (ii) in the alternative, for relief from the automatic stay to permit the Treasurer to pursue Colorado statutory tax lien sales for tax liens on real property of Debtor LB Rose Ranch, LLC, and sufficient notice of the Motion having been given, and due deliberation having been had upon the Motion, the exhibits thereto, and upon all of the proceedings had before the Court, and good and sufficient cause appearing therefore, it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the automatic stay does not prevent the Garfield County, Colorado Treasurer from pursuing Colorado statutory remedies relating to the sale of tax liens; and it is further

ORDERED that to the extent the automatic stay does apply, the Garfield County Treasurer is granted relief from the automatic stay to pursue all Colorado statutory remedies relating to tax liens on all real property owned by Debtor LB Rose Ranch, LLC located in

Garfield County, Colorado, including, but not limited to, the advertising and public sale of the tax liens and the issuance of tax deeds should circumstances so require, and it is further

ORDERED that the ten-day stay pursuant to F.R.B.P. 4001(a)(3) is waived and this order is effective upon the signing of this Order.

DATED _____, 2009.

_____
Honorable James M. Peck
United States Bankruptcy Judge