UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC., | Chapter 11 |
| | Case No. 08-13555 (JMP) |
| Debtor. | |

---------------------------------------------------------X

| | |
|---|---|
| CYNTHIA SWABSIN and ALEXANDER LEYTMAN, on behalf of themselves and all others similarly situated, | ADVERSARY PROCEEDING CLASS ACTION COMPLAINT |
| Plaintiffs, | ADV. PRO. 09-_____ (JMP) |
| v. | |
| LEHMAN BROTHERS HOLDINGS, INC., | |
| Defendant. | |

---------------------------------------------------------X

Plaintiffs CYNTHIA SWABSIN and ALEXANDER LEYTMAN ("Plaintiffs") allege on behalf of themselves and the class of those similarly situated ("Class Members") as follows:

**NATURE OF THE ACTION**

The Plaintiffs Cynthia Swabsin, Alexander Leytman and the Class Members they seek to represent were employees of Debtor/Defendant LEHMAN BROTHERS HOLDINGS, INC ("LHBI"), and were terminated without cause as part of LHBI's layoffs and eventual shutdown. On or about September 9, 2008, LHBI provided Plaintiffs with written agreements setting forth the date each plaintiff would be separated from the Debtor. The LHBI agreement offered them salary continuation and benefits through that date and stipulated they would remain on the LHBI payroll as employees until their separation. LHBI paid Plaintiffs' salary continuation through at least September 17, 2008, two days after LHBI's filed its bankruptcy petition. On September 30, 2008, LBHI sent Plaintiffs and the Class Members a letter informing them that it was

terminating the payment of salary compensation and some other amounts, but otherwise leaving the continuing terms of the agreement in tact. LBHI failed to pay the Plaintiffs and Class Members their further post-petition salary amounts through the remainder of the employment period set forth in the agreement. In this bankruptcy proceeding, LHBI has scheduled the unpaid portion of the agreement including salary as a general, nonpriority unsecured unliquidated contingent claim – describing it as "outstanding severance." Plaintiffs and the Class Members seek a declaratory judgment, pursuant to Fed.R. Bank. P. 7001(2),(9), stating that their claims under these agreements for unpaid salary continuation are priority claims either as administrative claims under 11 U.S.C. §503(a) or alternatively § 507(a)(4) inasmuch as post-petition compensation, whether couched as wages or separation pay, are administrative expenses that result in priority claims when they go unpaid.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this adversary pursuant to 28 U.S.C. §§ 157, 1331, 1334, and 1367.

4.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## THE PARTIES

*Plaintiffs*

6.  Plaintiff Cynthia Swabsin was employed by the Debtor as an Assistant Vice President and worked at the Debtor's facility located at 745 Seventh Avenue, New York, New York.

7. Plaintiff Alexander Leytman was employed by the Debtor as an Assistant Vice President and worked at the Debtor's facility located at 110 Hudson Street, Jersey City, New Jersey.

### *Defendant*

8. The Debtor maintained and operated its corporate headquarters at 745 Seventh Avenue, New York, New York and maintained and operated additional facilities throughout the United States and major cities around the world.

9. On September 15, 2008, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

## CLASS ALLEGATIONS

10. On or about September 9, 2008, the Debtor distributed to Plaintiffs and those similarly situated employees ("putative Class Members") a letter agreement (Annexed hereto as Exhibits A and B) ("Sept. 9 Agreement").

11. Upon information and belief, LBHI offered the agreement to several hundred employees.

12. The Sept. 9 Agreement promised putative Class Members continued base salary on the LBHI payroll and full employee benefits through November 8, 2008, and termed this the "notice period."

13. The Agreement promised that after the November 8, 2008 notice period, the putative Class Members would receive their current base salary and certain benefits continuation until their separation date.

14. In exchange for entering into this ongoing employment relationship, the employee had to sign a complete release or claims and give up other valuable consideration. In particular,

3

employees had to comply with the terms of the agreement by complying with non-disclosure provisions and confidential information restrictions, as well as the return of property, non-disparagement and future cooperation.

15. Although the Agreement informed the putative Class Members that they were not expected to report to work, the employees gave fair value for their continued status as employees on the payroll through their specified separation date under the terms of the Agreement.

16. Plaintiffs and the Class Members signed and returned their agreements.

17. On September 15, 2008, LBHI filed petitions for bankruptcy but did not repudiate nor reject the Agreements, nor has Debtor done so to the Plaintiffs' knowledge.

18. After filing its petition, Debtor continued to perform its obligations under the Agreement.

19. On or about September 17, 2008, LBHI issued regular payroll amounts to the putative Class Members, reflecting the post-petition relationship, including payment of their regular base salary and benefits contributions.

20. On or about September 30, 2008, Debtor sent a letter to Plaintiffs and the putative Class Members. (Annexed hereto as Exhibit C) ("Sept. 30 Letter") It stated that,

"we are disappointed to inform you that as a result of the bankruptcy of Lehman Brothers Holdings Inc. and the placement of Lehman Brothers Inc. into a liquidation proceeding under the Securities Investor Protection Act (SIPA), Lehman Brothers is unfortunately no longer able to provide the salary continuation or other payments described in your separation agreement. As a result, you will not receive a payment on October 3, 2008 or thereafter."

21. The September 30, 2008 letter assured recipients that,

4

"If you are owed additional severance payments that cannot be paid at this time as a result of the various Lehman Bankruptcy proceedings, you will have claims for these amounts that can be filed as part of the bankruptcy process." It advised them that they would be receiving bar date notification.

22. Upon information and belief, LHBI has included in its schedules filed in this bankruptcy proceeding claims for the unpaid amounts of the salary continuation promised in the September 9, 2008 Agreement.

23. On information and belief, Debtor has characterized those scheduled claims as unliquidated contingent claims for "outstanding severance" and is treating them as general unsecured claims.

24. The Debtor's refusal to pay the putative class members their salary through the separation date, as it had begun to do in the post-petition period, is improper.

25. While Debtor appears to recognize these amounts are valid claims in this proceeding, Debtor's characterization of them as general unsecured claims is improper, inasmuch as they should be deemed administrative expense claims or alternatively wage priority claims.

## CLASS ALLEGATIONS, F.R.B.P. 7023 and F.R.C.P. 23

26. Plaintiffs sue under Rule 7023(a) and (b)(3) of the Federal Rules of Bankruptcy Procedure, and Rule 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons who entered into agreements on or about September 9, 2008, to be paid salary and benefits through a 60-day notice period and subsequent separation date whose but who LBHI ceased paying on or around October 3, 2008 (the "Class").

27. The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of the Debtor.

28. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

29. The claims of the Plaintiffs are typical of the claims of the Class.

30. The Plaintiffs will fairly and adequately protect the interests of the Class.

31. The Plaintiffs have retained counsel competent, experienced in complex class action employment litigation in bankruptcy courts.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of wage and benefits litigation, where individual plaintiff and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

33. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

   a. whether the Class Members were employees of the Debtor who entered into an agreement promising them salary and benefits through post-petition periods;

   b. whether the Class Members in the post-petition period received compensation under the agreement and abided by its terms;

   c. whether the Debtor has failed to onor the agreements signed by the Class members by failing to pay the amounts of compensation provided.

   d. whether the compensation owed under the agreement is to be treated as administrative expense or wage/severance priority.

6

## CLAIMS FOR RELIEF

### First Cause of Action – Declaratory Judgment Under Fed.R. Bank. P. 7001(2),(9)

34. Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

35. LBHI offered Plaintiffs and the Class Members salary continuation and benefits in the Sept. 9 Agreement, which they duly executed and returned.

36. LBHI made salary payments to the Plaintiffs and the Class Members after the filing of the bankruptcy petition on September 15, 2008.

37. On September 30, 2008, LBHI informed Plaintiffs by letter that it was not going to make further salary continuation payments.

38. LBHI failed or refused to make further salary continuation payments.

39. Debtor filed schedules showing unpaid salary continuation amounts that it failed to make to Plaintiffs and the Class Members under the Sept. 9 Agreement.

40. Debtor is endeavoring to treat the amounts due Plaintiffs and the Class Members as general unsecured claims.

41. Plaintiffs and the Class Members are entitled to a declaratory judgment that the unpaid salary continuation and other payments due them under the Sept. 9 Agreement are administrative expense or, in the alternative, are wage/benefit priority claims pursuant to 11 U.S.C. §503(a) or alternatively § 507(a)(4), (5) and treatment as such in this bankruptcy proceeding.

### Second Cause of Action – Breach of Employment/Severance Contract

42. Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

7

43. LBHI offered Plaintiffs and the Class Members each a period of salary and benefits continuation pursuant to a separation agreement. Under the terms of the agreement, Plaintiffs and the Class Members were offered: (a) salary and full benefits continuation for a notice period of 60 days, (b) salary continuation and certain benefit until a separation date. The offer of salary continuation and benefits was memorialized in the terms of the written agreement which Plaintiffs and the Class Members duly executed and returned.

44. LBHI made salary payments to the Plaintiffs and the Class Members and continued their benefits pursuant to the agreement after the date it filed its bankruptcy petition on September 15, 2008.

45. On September 30, 2008, LBHI informed Plaintiffs and the Class Members by letter that it was not going to make further salary continuation payments.

46. LBHI failed or refused to make further salary continuation payments.

47. LBHI laid off the Plaintiffs and the Class Members.

48. Debtor filed schedules showing unpaid salary continuation amounts that it failed to make to Plaintiffs and the Class Members under the agreement.

49. Debtor characterizes the amounts under the Sept. 9 Agreement that it refuses to pay Plaintiffs and the Class Members over the balance of the post-petition period as general unsecured claims.

50. As a result of Debtor's breach of its contractual agreement and characterization of the claims as general unsecured claims instead of administrative or wage priority claims, Plaintiffs and the Class Members have been damaged in the amounts equal to the sum of their: (a) respective lost salary continuation; (b) cost of benefits discontinued due to their layoff; (c) interest for the time value of the lost payments and benefits.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against the Debtor:

A.  Certification of this action as a class action;

B.  Designation of the Plaintiffs as Class Representatives;

C.  Appointment of the undersigned attorneys as Class Counsel;

D.  Damages and/or equitable relief, including restitution, in favor of Plaintiffs Cynthia Swabsin and Alexander Leytman , and each other similarly situated former employee, equal to the sum of: (a) the amount of any unpaid severance; and (b) the amount necessary to cover unpaid benefit contributions for the period under the separation dates set forth in their agreements.

E.  A declaration that the amounts owed in paragraph D, above, are administrative expense amounts, under 11 U.S.C. § 503 against the Debtor  or in the alternative, as wage or benefit priority amounts under 11 U.S.C. § 507(a)(4),(5);

F.  An order enjoining the Debtor to treat the amounts set forth in paragraph D, above, as administrative expense or alternatively priority amounts,

G.  An award of Plaintiffs' reasonable attorneys' fees, costs and disbursements; and

H.  Such other and further relief as this Court may deem just and proper.

Dated: September 21, 2009

Respectfully submitted,

By:   /s/  Jack A. Raisner_____
Jack A. Raisner
René S. Roupinian
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, New York 10016

9

Telephone: (212) 245-1000
Facsimile: (212) 977-4005

Christopher D. Loizides (3345)
**LOIZIDES, P.A.**
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728

*Attorneys for Plaintiffs and the putative Class*

10