UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Motion Return Date: _____ Time: _____ |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Chapter 11 Case No. |
| Debtors. | 08-13555 (JMP) |
| | (Jointly Administered) |
| JAMIE DESMOND, Movant, v. LB 745 LLC, Respondent. | **NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY** |

PLEASE TAKE NOTICE that upon the annexed Affirmation of Tonino Sacco, Esq. dated September 16, 2009, and upon all the pleadings and proceedings heretofore had herein, Jamie Desmond will move before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York at One Bowling Green, New York, NY, on October 14, 2009 at 10:00 a.m., or as soon thereafter as counsel can be heard, for an Order pursuant to 11 U.S.C. § 362(d): (1) lifting, vacating and/or modifying the automatic stay to permit the continuation of personal injury litigation commenced in the Civil Court, City of New York by Jamie Desmond v. LB 745 LLC, *et al.*, under Index Number

///

///

300593TSN05; and (2) for such other and further relief as this Court may deem, just, proper and

equitable.


Dated: Whitestone, New York
      September _____, 2009

                                  Tonino Sacco, Esq.
                                  Sacco & Fillas, LLP
                                  141-07 20th Avenue, Suite 506
                                  Whitestone, New York 11357
                                  (718) 746-3440
                                  tsacco@saccofillas.com
                                  Attorneys for Movant


TO:    Shai Waisman                        Fiedelman, Garfinkel & Lesman
       Weil, Gotshal & Manges, LLP     110 William Street
       767 5th Avenue                    New York, NY 10038
       New York, NY 10153            Attorneys for Defendant, LB 745 LLC
       (212) 310-8274
       shai.waisman@weil.com
       Attorneys for Respondent        Gordon & Silber, P.C.
                                      355 Lexington, Avenue
                                      New York, NY 10017
                                      Attorneys for Defendant, Restaurant
                                      Associates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

LEHMAN BROTHERS HOLDINGS INC., *et al.*,

                        Debtors.

Chapter 11 Case No.

08-13555 (JMP)

(Jointly Administered)

JAMIE DESMOND,

                      Movant,

        v.

LB 745 LLC,

                      Respondent.

**AFFIRMATION IN
SUPPORT OF MOTION
FOR RELIEF FROM
AUTOMATIC STAY**

COUNTY OF QUEENS    )
                            )   ss.:
STATE OF NEW YORK   )

I, TONINO SACCO, an attorney duly admitted to practice before the federal and state courts in
the State of New York, affirm that the following statements are true under the penalties of
perjury:

    1. I am an partner with Sacco & Fillas, LLP, attorneys for movant in the above-referenced

       matter.  This affirmation is submitted in support of the instant motion for an Order

       pursuant to 11 U.S.C. 362(d)(1):  (1) lifting, vacating and/or modifying the automatic

       stay to permit the continuation of personal injury litigation commenced in the Civil Court,

       City of New York by Jamie Desmond v. LB 745 LLC, *et al.*, under Index Number

       300593TSN05; and (2) for such other and further relief as this Court may deem, just,

       proper and equitable under the circumstances.

3

2. On January 22, 2009, the Civil Court of the City of New York issued a decision/order to stay Jamie Desmond v. LB 745 LLC, *et al.*, Index No. 300593TSN05 pursuant to the filing of In re LB 745 LLC, Debtor, Chapter 11 Case No. 08-13600 (JMP). (A true and correct copy of the Civil Court's Decision/Order is annexed hereto as Exhibit "A.")

3. On September 17, 2008, an order was entered directing the procedural consolidation and joint administration of Case No. 08-13600 (JMP) with Case No. 08-13555 (JMP). The Order also directed the caption to read as above-referenced. (A true and correct copy of the Court's Order is annexed hereto as Exhibit "B.")

4. Plaintiff, Jamie Desmond, commenced an action for personal injuries she sustained as a result of a slip and fall accident on August 6, 2004. Jamie Desmond, an employee of non-party Lehman Brothers, was walking in the Lehman Brothers' cafeteria during the lunch hour and slipped on salad dressing that had spilled on the floor. The building is owned by LB 745 LLC. Lehman Brothers was the sole tenant of the building and the cafeteria was operated by Defendant, Restaurant Associates. (A true and correct copy of the Civil Court's Order denying LB 745 LLC's Motion for Summary Judgment is annexed hereto as Exhibit "C.")

5. One or more of LB 745 LLC's insurance carriers has agreed to provide a defense and indemnity to LB 745 LLC regarding Jamie Desmond's claims. Therefore, Jamie Desmond now desires to have the automatic stay lifted to pursue her claims against LB 745 LLC to the extent of available insurance proceeds.

6. It is respectfully submitted that Jamie Desmond will be severely prejudiced if not granted relief from the automatic stay to allow the continuation of the personal injury litigation

against debtor.

7.  Bankruptcy Code § 362(d) provides, in the pertinent part.:

> (d) on the request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay…(1) for cause, including the lack of inadequate protection of an interest in property of such party in interest.

8.  Since the term "cause" is neither defined in the Bankruptcy Code nor in the legislative history of section 362(d), courts must determine whether cause exists on a case by case basis.   Manhattan Kind David Restaurant, Inc. v. Levine 163 B.R. 36, 40 (S.D.N.Y. 1993), citing In re Sonnax Industries 907 Fed.2d 1280, 1286 (2d Cir. 1990).  The "cause" standard set forh in section 362(d)(1) is intentionally broad and flexible to provide courts with the authority to grant appropriate relief from the automatic stay.   In re Sentry Park, Ltd. 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988).

9.  Additionally, Congress has recognized that the automatic stay should be lifted in appropriate circumstances:

> [I]t will often be more appropriate to permit proceeding to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their close forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.  H.R. Rep. 95-595, 95[th] Cong. 1[st] Sess. 341 (1977); S. Rep. No. 95-989, 95[th] Cong., 2d Sess 50 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5836, 6297.

10. The automatic stay was never intended to preclude a determination of tort liability and the attendant damages.   It was merely intended to prevent a prejudicial dissipation of the debtor's assets.   In re Todd Shipyards Corporation 92 B.R. 600, 603 (D. N.J. 1988).

11. Since the commencement of the personal injury action, Plaintiff, Jamie Desmond had

incurred and continues to incur substantial expenses in prosecuting the matter, including discovery and depositions, hiring experts and investigators and serving process upon the defendants.

12. The delay of Jamie Desmond v. LB 745 LLC, et al. from the automatic stay will cause Jamie Desmond to remain uncompensated for her losses which have severely impacted upon her quality of life, will impede the memories of the parties and witnesses and are likely to result in the spoliation of evidence.

13. Thus the automatic stay will work a substantial hardship upon Jamie Desmond and will severely prejudice her chances for a successful outcome in the personal injury action.

14. In addition, since the Civil Court of the County of New York is fully familiar with the case through its review and rulings on several motions and the holding of conferences, the parties would be required to expend further considerable time, effort and expense if the case is brought into this bankruptcy proceeding.

15. No hardship to the debtor would result from continuing to litigate Jamie Desmond v. LB 745 LLC, et al. in Civil Court of the City of New York.

16. Since this motion does not present any novel issues of law and in light of the authority cited herein, it is respectfully submitted that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the motion is waived.

17. No prior request for relief sought herein has been made to this or any other court.


WHEREFORE, it is respectfully requested that the Court lift, vacate and/or modify the

6

automatic stay to permit the continuation of *Jamie Desmond v. LB 745 LLC, et al.* and for

such other and further relief as this Court may deem just, proper and equitable.


Dated: September 10 2009          Signature: _____
Whitestone, NY                                    Tonino Sacco, Esq.

# EXHIBIT "A."

# Civil Court of the City of New York

County of _N.Y._

Part _30_

Index Number _300593 TSN05_

Motion Cal. # _5_    Motion Seq. # _1/22/09_

Jamie Desmond

Claimant(s)/Plaintiff(s)/Petitioner(s)?

_against_

CB 745 LLC +
Restaurant Associates

Defendant(s)/Respondent(s)

**DECISION/ORDER**

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | 1 |
| Order to Show Cause and Affidavits Annexed..... | |
| Answering Affidavits ............................... | |
| Replying Affidavits................................. | |
| Exhibits ............................................... | |
| Other.................................................. | |

_Civil Court of the City of New York — JAN 2 2009 — ENTERED NEW YORK COUNTY_ (stamp)

Upon the foregoing cited papers, the Decision/Order on this Motion to _Vacate The_

Notice of trial #                                           is as follows:

the matter is hereby stayed
pursuant the bankruptcy of CB 745 LLC.
The Notice of trial and certificate
of readiness are vacated.
Upon notice of the lifting of the
stay, and completion of discovery,
plaintiff may re-file the Notice
of Trial without further
Court order.

\* the motion is w/drawn w/out
prejudice with leave to renew after
the stay is lifted and upon the re-filing of the
Notice of trial.

Date

**JAN 2 2 2009**

Judge, Civil Court
**Hon. Debra Samuels**

CIV-GP-85 (Revised, September, 1999)

Hon. Debra Samuels

**EXHIBIT "B."**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                          :
In re                                     :        **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC.,**        :        **08-13555 (JMP)**
                                          :
            Debtor.                       :
                                          :
                                          :
                                          :
---------------------------------------------------------x
                                          :
In re                                     :        **Chapter 11 Case No.**
                                          :
            **LB 745 LLC,**               :        **08-13600 (JMP))**
                                          :
                                          :
            Debtor.                       :
                                          :
---------------------------------------------------------x

## ORDER PURSUANT TO RULE 1015(b)
## OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
## DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion, dated September 16, 2008 (the "Motion"), of Lehman

Brothers Holdings Inc. and its debtor affiliate LB 745 LLC (collectively, the "Debtors"),

as debtors and debtors in possession, pursuant to Rule 1015(b) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") requesting the joint administration of the

Debtors' chapter 11 cases for procedural purposes only, as more fully described in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration

of the Motion and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided to (i) the United

States Trustee for the Southern District of New York, (ii) those creditors holding the

thirty (30) largest unsecured claims against the Debtors' estates, (iii) the Securities and

Exchange Commission, (iv) the Internal Revenue Service, (v) the United States Attorney

for the Southern District of New York, and (vi) those parties who have filed a notice of

appearance and requested service of pleadings; and it appearing that no other or further

notice need be provided; and a hearing having been held to consider the relief requested

in the Motion (the "Hearing"); and upon the Affidavit of Ian T. Lowitt pursuant to Rule

1007-2 of the Local Bankruptcy Rules of the Southern District for New York in Support

of First-Day Motions and Applications, the record of the Hearing, and all of the

proceedings had before the Court; and the Court having found and determined that the

relief sought in the Motion is in the best interests of the Debtors, their estates and

creditors, and all parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the above-captioned chapter 11 cases are consolidated for

procedural purposes only and shall be jointly administered by the Court; and it is further

ORDERED that nothing contained in this Order shall be deemed or

construed as directing or otherwise effecting the substantive consolidation of any of the

above-captioned cases; and it is further

2

ORDERED that the caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------x

; and it is further

ORDERED that a docket entry shall be made in each of Debtors' chapter 11 cases substantially as follows:

An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Lehman Brothers Holdings Inc. and LB 745 LLC. The docket in **Case No. 08-13555 (JMP)** should be consulted for all matters affecting this case.;

and it is further

ORDERED that the Debtors shall be permitted to file their monthly operating reports required by the United States Trustee Operating Guidelines on a consolidated basis.

Dated: September 17, 2008
      New York, New York

                        _s/ James M. Peck_
                        UNITED STATES BANKRUPTCY JUDGE

3

# EXHIBIT "C."

2278-04

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: PART 62
----------------------------------------x

JAMIE DESMOND,

                    Plaintiff,

          -against-                              Index No. 300593TSN05

                                                 DECISION AND ORDER

LB 745 LLC and RESTAURANT ASSOCIATES,

                    Defendants.

----------------------------------------x

**JEFFREY K. OING, J.:**

Recitation, as required by CPLR 2219(a), of the papers considered
in the review of this motion for summary judgment:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed _____ | ____1____ |
| Order to Show Cause and Affidavits Annexed _____ | _____ |
| Answering Affidavits _____ | ____2____ |
| Replying Affidavits _____ | ____3____ |
| Exhibits _____ | _____ |
| Other _____ | _____ |

     Defendant, LB 745 LLC ("LB 745"), moves, pursuant to CPLR
3212, for an order granting it summary judgment dismissing the
complaint, and, pursuant to NYCRR § 130-1.1, granting it costs
and sanctions.

### Background

     Plaintiff, Jamie Desmond, commenced this action for personal
injuries she allegedly sustained as a result of a slip and fall
accident on August 6, 2004. Plaintiff, an employee of non-party
Lehman Brothers, while walking in the Lehman Brothers' cafeteria
during the lunch hour allegedly slipped on salad dressing on the

floor in the tray pickup area.  The building is owned by LB 745.
Lehman Brothers is the sole tenant of the building and the
cafeteria is operated by defendant Restaurant Associates
("Restaurant Associates").

In support of its motion to dismiss, defendant LB 745
proffers the EBT testimony of Christian Lecole, global head of
food procurement services and a vice-president at Lehman
Brothers.  Mr. Lecole is the first and only party deposed in this
case thus far.  According to Mr. Lecole, the food and management
services for the cafeteria is provided by Restaurant Associates
(Moving Papers, Ex. C, Lecole EBT, p. 9).  There is a written
contract between Lehman Brothers and Restaurant Associates which
was initially signed in March 2002 for a five year term and was
extended in July 2005 for a six year term (Id., p. 10-11).  Mr.
Lecole signed the original contract which was in effect on the
day of plaintiff's accident on August 6, 2004 (Id., p. 11).

According to Mr. Lecole's EBT testimony, under Restaurant
Associates' contract with Lehman Brothers, Restaurant Associates
had the duty to "maintain the whole space, both back and front of
the house" and "the overall maintenance of the space is part of
their responsibility" (Moving Papers, Ex. C., pp. 12-13).  Mr.
Lecole further testified that Lehman Brothers contracted with
another non-party, The Rock Group, for general housekeeping
services to the building (Id., p. 13).  In addition, more than

2

one employee of Restaurant Associates would routinely go around
cleaning the cafeteria space during the hours of operation (Id.,
p. 15).

### Discussion

In support of its motion, LB 745 argues that Restaurant
Associates had a contractual duty to clean the cafeteria and also
that LB 745 had no actual or constructive notice of the alleged
salad dressing spill.  For the following reasons, LB 745 fails to
meet its prima facie burden for summary judgment.

First, while LB 745 argues that it had no actual or
constructive notice of the salad dressing on the floor where
plaintiff's accident occurred, LB 745 fails to proffer an
affidavit from an individual with personal knowledge of the facts
of this case.  Counsel's bare affirmation is insufficient
(Zuckerman v City of New York, 49 NY2d 557 [1980]).
Additionally, LB 745's argument that plaintiff has failed to set
forth facts in the bill of particulars establishing notice is
misplaced.  The bill of particulars LB 745 annexes to its moving
papers is in response to the demand made by Restaurant
Associates.  In any event, it does indeed allege notice of the
salad dressing on the floor (Moving Papers, Ex. B).

LB 745's next argument, that it did not have a contractual
duty to maintain the cafeteria floors where plaintiff alleges her
accident occurred, is equally unavailing.  LB 745 points to the

3

contract between plaintiff's employer, Lehman Brothers, and
Restaurant Associates as evidence that they are the only two
entities who had a duty to clean the area where plaintiff fell.
LB 745, however, is not a party to that contract.  Further, LB
745 fails to proffer any contract or lease it has, as owner of
the building, with Lehman Brothers.  While an owner that has
transferred possession and control over property to a tenant is
generally not liable for accidents caused by a subsequently
dangerous condition, this rule does not apply where the owner,
either contractually or through a course of conduct, has become
obligated to maintain the property or a portion of the property
(Melendez v American Airlines, Inc., 290 AD2d 241 [1st Dept
2002]).  Thus, without a contract or lease between LB 745 and
Lehman Brothers, or an affidavit by one with personal knowledge
of LB 745's practices, this Court cannot determine on this record
whether LB 745 exercised any control over maintenance or daily
housekeeping services in the cafeteria area (Helena v 300 Park
Avenue, LLC, 306 AD2d 170 [1st Dept 2003]; Perez v Metropolitan
Museum of Art, 304 AD2d 481 [1st Dept 2003]).

Accordingly, defendant LB 745's motion for summary judgment
is denied.  If discovery has been completed, plaintiff is
directed to file forthwith a notice of trial with the appropriate
Clerk and payment of the appropriate fee.  Plaintiff is directed

4

to serve a copy of this order on the appropriate Clerk, and to
notify defendant of the trial date.

This memorandum opinion constitutes the decision and order
of this Court.

Dated: 6|4|08

_____

HON.  JEFFREY K. OING, C.C.J.

5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Motion Return Date: _____ Time: _____ |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Chapter 11 Case No. |
| Debtors. | 08-13555 (JMP) |
| | (Jointly Administered) |
| JAMIE DESMOND, Movant, v. LB 745 LLC, Respondent. | NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY |

PLEASE TAKE NOTICE that upon the annexed Affirmation of Tonino Sacco, Esq. dated September 16, 2009, and upon all the pleadings and proceedings heretofore had herein, Jamie Desmond will move before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York at One Bowling Green, New York, NY, on October 14, 2009 at 10:00 a.m., or as soon thereafter as counsel can be heard, for an Order pursuant to 11 U.S.C. § 362(d): (1) lifting, vacating and/or modifying the automatic stay to permit the continuation of personal injury litigation commenced in the Civil Court, City of New York by Jamie Desmond v. LB 745 LLC, *et al.*, under Index Number

/// 

///

300593TSN05; and (2) for such other and further relief as this Court may deem, just, proper and

equitable.


Dated: Whitestone, New York
       September ___, 2009


                                        _____
                                        Tonino Sacco, Esq.
                                        Sacco & Fillas, LLP
                                        141-07 20th Avenue, Suite 506
                                        Whitestone, New York 11357
                                        (718) 746-3440
                                        tsacco@saccofillas.com
                                        Attorneys for Movant


TO:    Shai Waisman                     Fiedelman, Garfinkel & Lesman
       Weil, Gotshal & Manges, LLP      110 William Street
       767 5th Avenue                   New York, NY 10038
       New York, NY 10153               Attorneys for Defendant, LB 745 LLC
       (212) 310-8274
       shai.waisman@weil.com
       Attorneys for Respondent
                                        Gordon & Silber, P.C.
                                        355 Lexington, Avenue
                                        New York, NY 10017
                                        Attorneys for Defendant, Restaurant
                                        Associates


                                        2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

| | |
|---|---|
| JAMIE DESMOND, | |
| Movant, | |
| v. | **AFFIRMATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| LB 745 LLC, | |
| Respondent. | |

COUNTY OF QUEENS      )
                                            )   ss.:
STATE OF NEW YORK    )

I, TONINO SACCO, an attorney duly admitted to practice before the federal and state courts in the State of New York, affirm that the following statements are true under the penalties of perjury:

1. I am an partner with Sacco & Fillas, LLP, attorneys for movant in the above-referenced matter. This affirmation is submitted in support of the instant motion for an Order pursuant to 11 U.S.C. 362(d)(1): (1) lifting, vacating and/or modifying the automatic stay to permit the continuation of personal injury litigation commenced in the Civil Court, City of New York by Jamie Desmond v. LB 745 LLC, *et al.*, under Index Number 300593TSN05; and (2) for such other and further relief as this Court may deem, just, proper and equitable under the circumstances.

3

2. On January 22, 2009, the Civil Court of the City of New York issued a decision/order to stay Jamie Desmond v. LB 745 LLC, *et al.*, Index No. 300593TSN05 pursuant to the filing of In re LB 745 LLC, Debtor, Chapter 11 Case No. 08-13600 (JMP). (A true and correct copy of the Civil Court's Decision/Order is annexed hereto as Exhibit "A.")

3. On September 17, 2008, an order was entered directing the procedural consolidation and joint administration of Case No. 08-13600 (JMP) with Case No. 08-13555 (JMP). The Order also directed the caption to read as above-referenced. (A true and correct copy of the Court's Order is annexed hereto as Exhibit "B.")

4. Plaintiff, Jamie Desmond, commenced an action for personal injuries she sustained as a result of a slip and fall accident on August 6, 2004. Jamie Desmond, an employee of non-party Lehman Brothers, was walking in the Lehman Brothers' cafeteria during the lunch hour and slipped on salad dressing that had spilled on the floor. The building is owned by LB 745 LLC. Lehman Brothers was the sole tenant of the building and the cafeteria was operated by Defendant, Restaurant Associates. (A true and correct copy of the Civil Court's Order denying LB 745 LLC's Motion for Summary Judgment is annexed hereto as Exhibit "C.")

5. One or more of LB 745 LLC's insurance carriers has agreed to provide a defense and indemnity to LB 745 LLC regarding Jamie Desmond's claims. Therefore, Jamie Desmond now desires to have the automatic stay lifted to pursue her claims against LB 745 LLC to the extent of available insurance proceeds.

6. It is respectfully submitted that Jamie Desmond will be severely prejudiced if not granted relief from the automatic stay to allow the continuation of the personal injury litigation

4

against debtor.

7. Bankruptcy Code § 362(d) provides, in the pertinent part.:

> (d) on the request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay…(1) for cause, including the lack of inadequate protection of an interest in property of such party in interest.

8. Since the term "cause" is neither defined in the Bankruptcy Code nor in the legislative history of section 362(d), courts must determine whether cause exists on a case by case basis. Manhattan Kind David Restaurant, Inc. v. Levine 163 B.R. 36, 40 (S.D.N.Y. 1993), citing In re Sonnax Industries 907 Fed.2d 1280, 1286 (2d Cir. 1990). The "cause" standard set forh in section 362(d)(1) is intentionally broad and flexible to provide courts with the authority to grant appropriate relief from the automatic stay. In re Sentry Park, Ltd. 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988).

9. Additionally, Congress has recognized that the automatic stay should be lifted in appropriate circumstances:

> [I]t will often be more appropriate to permit proceeding to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their close forum and to relieve the bankruptcy court from any duties that may be handled elsewhere. H.R. Rep. 95-595, 95th Cong. 1st Sess. 341 (1977); S. Rep. No. 95-989, 95th Cong., 2d Sess 50 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5836, 6297.

10. The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of the debtor's assets. In re Todd Shipyards Corporation 92 B.R. 600, 603 (D. N.J. 1988).

11. Since the commencement of the personal injury action, Plaintiff, Jamie Desmond had

5

incurred and continues to incur substantial expenses in prosecuting the matter, including discovery and depositions, hiring experts and investigators and serving process upon the defendants.

12. The delay of Jamie Desmond v. LB 745 LLC, *et al.* from the automatic stay will cause Jamie Desmond to remain uncompensated for her losses which have severely impacted upon her quality of life, will impede the memories of the parties and witnesses and are likely to result in the spoliation of evidence.

13. Thus the automatic stay will work a substantial hardship upon Jamie Desmond and will severely prejudice her chances for a successful outcome in the personal injury action.

14. In addition, since the Civil Court of the County of New York is fully familiar with the case through its review and rulings on several motions and the holding of conferences, the parties would be required to expend further considerable time, effort and expense if the case is brought into this bankruptcy proceeding.

15. No hardship to the debtor would result from continuing to litigate Jamie Desmond v. LB 745 LLC, *et al.* in Civil Court of the City of New York.

16. Since this motion does not present any novel issues of law and in light of the authority cited herein, it is respectfully submitted that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the motion is waived.

17. No prior request for relief sought herein has been made to this or any other court.

WHEREFORE, it is respectfully requested that the Court lift, vacate and/or modify the

6

automatic stay to permit the continuation of Jamie Desmond v. LB 745 LLC, *et al.* and for

such other and further relief as this Court may deem just, proper and equitable.

Dated: September 12 2009
Whitestone, NY

Signature: _____
Tonino Sacco, Esq.

7

# EXHIBIT "A."

**Civil Court of the City of New York**

County of _NY_

Part _30_

Index Number _3005937SNOS_

Motion Cal. # _5_    Motion Seq. # _1/22/09_

Jamie Desmond

Claimant(s)/Plaintiff(s)/Petitioner(s)

against

CB 745 LLC +
Restaurant Assoc

Defendant(s)/Respondent(s)

**DECISION/ORDER**

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed.......... | 1 |
| Order to Show Cause and Affidavits Annexed..... | |
| Answering Affidavits ...................................... | |
| Replying Affidavits........................................... | |
| Exhibits ........................................................... | |
| Other................................................................ | |

*[Stamp: Civil Court of the City of New York ENTERED JAN 2 2009 NEW YORK COUNTY]*

Upon the foregoing cited papers, the Decision/Order on this Motion to _Vacate the_

_Notice of trial #_                                               is as follows:

the matter is hereby stayed
pursuant the bankruptcy of CB 745 LLC.
The Notice of trial and certificate
of Readiness are vacated.
Upon notice of the lifting of the
Stay, and completion of discovery,
plaintiff may re-file the Notice
of Trial without further
Court order.

\* the motion is w/drawn w/out
prejudice with leave to renew after
the stay is lifted and upon the refiling of the
Notice of trial.

Date    JAN 2 2 2009

Judge, Civil Court
Hon. Debra Samuels

Al order got out

Hon. Debra Samuels

# EXHIBIT "B."

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re                                               :        Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC.,                      :        08-13555 (JMP)
                                                    :
            Debtor.                                 :
                                                    :
                                                    :
                                                    :
---------------------------------------------------------------x

In re                                               :        Chapter 11 Case No.
                                                    :
            LB 745 LLC,                             :        08-13600 (JMP))
                                                    :
                                                    :
            Debtor.                                 :
                                                    :
---------------------------------------------------------------x

## ORDER PURSUANT TO RULE 1015(b)
## OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
## DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion, dated September 16, 2008 (the "Motion"), of Lehman

Brothers Holdings Inc. and its debtor affiliate LB 745 LLC (collectively, the "Debtors"),

as debtors and debtors in possession, pursuant to Rule 1015(b) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") requesting the joint administration of the

Debtors' chapter 11 cases for procedural purposes only, as more fully described in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration

of the Motion and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided to (i) the United

States Trustee for the Southern District of New York, (ii) those creditors holding the

thirty (30) largest unsecured claims against the Debtors' estates, (iii) the Securities and

Exchange Commission, (iv) the Internal Revenue Service, (v) the United States Attorney

for the Southern District of New York, and (vi) those parties who have filed a notice of

appearance and requested service of pleadings; and it appearing that no other or further

notice need be provided; and a hearing having been held to consider the relief requested

in the Motion (the "Hearing"); and upon the Affidavit of Ian T. Lowitt pursuant to Rule

1007-2 of the Local Bankruptcy Rules of the Southern District for New York in Support

of First-Day Motions and Applications, the record of the Hearing, and all of the

proceedings had before the Court; and the Court having found and determined that the

relief sought in the Motion is in the best interests of the Debtors, their estates and

creditors, and all parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the above-captioned chapter 11 cases are consolidated for

procedural purposes only and shall be jointly administered by the Court; and it is further

ORDERED that nothing contained in this Order shall be deemed or

construed as directing or otherwise effecting the substantive consolidation of any of the

above-captioned cases; and it is further

2

ORDERED that the caption of the jointly administered cases shall read as

follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------x

; and it is further

ORDERED that a docket entry shall be made in each of Debtors' chapter

11 cases substantially as follows:

An Order has been entered in this case directing the procedural
consolidation and joint administration of the chapter 11 cases of Lehman
Brothers Holdings Inc. and LB 745 LLC. The docket in **Case No. 08-
13555 (JMP)** should be consulted for all matters affecting this case.;

and it is further

ORDERED that the Debtors shall be permitted to file their monthly

operating reports required by the United States Trustee Operating Guidelines on a

consolidated basis.

Dated:  September 17, 2008
        New York, New York

        _s/ James M. Peck_____
        UNITED STATES BANKRUPTCY JUDGE

3

EXHIBIT "C."

*2228-04*

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: PART 62
------------------------------------------x

JAMIE DESMOND,

        Plaintiff,

    -against-

LB 745 LLC and RESTAURANT ASSOCIATES,

        Defendants.

------------------------------------------x

**Index No. 300593TSN05**

**DECISION AND ORDER**

**JEFFREY K. OING, J.:**

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion for summary judgment:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed _____ | 1 |
| Order to Show Cause and Affidavits Annexed _____ | |
| Answering Affidavits _____ | 2 |
| Replying Affidavits _____ | 3 |
| Exhibits _____ | |
| Other _____ | |

    Defendant, LB 745 LLC ("LB 745"), moves, pursuant to CPLR 3212, for an order granting it summary judgment dismissing the complaint, and, pursuant to NYCRR § 130-1.1, granting it costs and sanctions.

### Background

    Plaintiff, Jamie Desmond, commenced this action for personal injuries she allegedly sustained as a result of a slip and fall accident on August 6, 2004. Plaintiff, an employee of non-party Lehman Brothers, while walking in the Lehman Brothers' cafeteria during the lunch hour allegedly slipped on salad dressing on the

floor in the tray pickup area.  The building is owned by LB 745.
Lehman Brothers is the sole tenant of the building and the
cafeteria is operated by defendant Restaurant Associates
("Restaurant Associates").

In support of its motion to dismiss, defendant LB 745
proffers the EBT testimony of Christian Lecole, global head of
food procurement services and a vice-president at Lehman
Brothers.  Mr. Lecole is the first and only party deposed in this
case thus far.  According to Mr. Lecole, the food and management
services for the cafeteria is provided by Restaurant Associates
(Moving Papers, Ex. C, Lecole EBT, p. 9).  There is a written
contract between Lehman Brothers and Restaurant Associates which
was initially signed in March 2002 for a five year term and was
extended in July 2005 for a six year term (Id., p. 10-11).  Mr.
Lecole signed the original contract which was in effect on the
day of plaintiff's accident on August 6, 2004 (Id., p. 11).

According to Mr. Lecole's EBT testimony, under Restaurant
Associates' contract with Lehman Brothers, Restaurant Associates
had the duty to "maintain the whole space, both back and front of
the house" and "the overall maintenance of the space is part of
their responsibility" (Moving Papers, Ex. C., pp. 12-13).  Mr.
Lecole further testified that Lehman Brothers contracted with
another non-party, The Rock Group, for general housekeeping
services to the building (Id., p. 13).  In addition, more than

2

one employee of Restaurant Associates would routinely go around
cleaning the cafeteria space during the hours of operation (<u>Id.</u>,
p. 15).

### Discussion

In support of its motion, LB 745 argues that Restaurant
Associates had a contractual duty to clean the cafeteria and also
that LB 745 had no actual or constructive notice of the alleged
salad dressing spill.  For the following reasons, LB 745 fails to
meet its prima facie burden for summary judgment.

First, while LB 745 argues that it had no actual or
constructive notice of the salad dressing on the floor where
plaintiff's accident occurred, LB 745 fails to proffer an
affidavit from an individual with personal knowledge of the facts
of this case.  Counsel's bare affirmation is insufficient
(<u>Zuckerman v City of New York</u>, 49 NY2d 557 [1980]).
Additionally, LB 745's argument that plaintiff has failed to set
forth facts in the bill of particulars establishing notice is
misplaced.  The bill of particulars LB 745 annexes to its moving
papers is in response to the demand made by Restaurant
Associates.  In any event, it does indeed allege notice of the
salad dressing on the floor (Moving Papers, Ex. B).

LB 745's next argument, that it did not have a contractual
duty to maintain the cafeteria floors where plaintiff alleges her
accident occurred, is equally unavailing.  LB 745 points to the

3

contract between plaintiff's employer, Lehman Brothers, and
Restaurant Associates as evidence that they are the only two
entities who had a duty to clean the area where plaintiff fell.
LB 745, however, is not a party to that contract.  Further, LB
745 fails to proffer any contract or lease it has, as owner of
the building, with Lehman Brothers.  While an owner that has
transferred possession and control over property to a tenant is
generally not liable for accidents caused by a subsequently
dangerous condition, this rule does not apply where the owner,
either contractually or through a course of conduct, has become
obligated to maintain the property or a portion of the property
(Melendez v American Airlines, Inc., 290 AD2d 241 [1st Dept
2002]).  Thus, without a contract or lease between LB 745 and
Lehman Brothers, or an affidavit by one with personal knowledge
of LB 745's practices, this Court cannot determine on this record
whether LB 745 exercised any control over maintenance or daily
housekeeping services in the cafeteria area (Helena v 300 Park
Avenue, LLC, 306 AD2d 170 [1st Dept 2003]; Perez v Metropolitan
Museum of Art, 304 AD2d 481 [1st Dept 2003]).

Accordingly, defendant LB 745's motion for summary judgment
is denied.  If discovery has been completed, plaintiff is
directed to file forthwith a notice of trial with the appropriate
Clerk and payment of the appropriate fee.  Plaintiff is directed

4

to serve a copy of this order on the appropriate Clerk, and to
notify defendant of the trial date.

This memorandum opinion constitutes the decision and order
of this Court.

Dated: 6/4/08

_____
HON. JEFFREY K. OING, C.C.J.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

LEHMAN BROTHERS HOLDINGS INC., *et al.*,

               Debtors.

Chapter 11 Case No.

08-13555 (JMP)

(Jointly Administered)

JAMIE DESMOND,

               Movant,

     v.

LB 745 LLC,

               Respondent.

**ORDER GRANTING
MOTION FOR RELIEF
FROM AUTOMATIC
STAY**

This matter coming before the Court on the Motion for Relief from Automatic Stay, pursuant to 11 U.S.C. § 362(d) filed by party in interest, Jamie Desmond, the Court having reviewed the Motion and the Court having found that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333; (b) notice of the Motion was sufficient; and (c) in light of the circumstances, the requirements of Local Bankruptcy Rule 9013-1(b), that a separate memorandum of law be filed in support of the Motion is waived and the Court having determined that the legal and factual bases set forth in the Motion establish grounds for the relief granted herein:

      IT IS HEREBY ORDERED THAT

      1.  The Motion is GRANTED.

2.  The relief from the automatic stay shall be effective upon the signing of this

Order.


Dated: September ___, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

LEHMAN BROTHERS HOLDINGS INC., *et al.*,

                          Debtors.

Chapter 11 Case No.

08-13555 (JMP)

(Jointly Administered)

JAMIE DESMOND,

                   Movant,

        v.

LB 745 LLC,

                    Respondent.

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the within Motion for Relief from Automatic Stay and Order Granting Motion for Relief from Automatic Stay has this 16th day of September, 2009 been made on the respective parties herein, by depositing a true and correct copy thereof, enclosed in a pre-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, to the following last known addresses set forth below:

Shai Waisman
Weil, Gotshal & Manges, LLP
767 5th Avenue
New York, NY 10153
(212) 310-8274
shai.waisman@weil.com
Attorneys for Respondent

Fiedelman, Garfinkel & Lesman
110 William Street
New York, NY 10038
Attorneys for Defendant, LB 745 LLC

Gordon & Silber, P.C.
355 Lexington, Avenue
New York, NY 10017
Attorneys for Defendant,
Restaurant Associates

                                   _____
                                   Scott London, Esq.

10