**QUINN EMANUEL URQUHART OLIVER & HEDGES LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
Susheel Kirpalani
James C. Tecce
Robert K. Dakis

*Special Counsel to the Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.*

Hearing Date:
**OCTOBER 15, 2009 at 2:00 P.M.**
Objections Due:
**OCTOBER 9, 2009 at 4:00 P.M.**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
| In re: | : Chapter 11 |
| | : Case No. 08-13555 (JMP) |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | : Jointly Administered |
| | : |
| Debtors. | : |

------------------------------------------------------------------------x
| In re: | : SIPA Proceeding |
| | : Case No. 08-01420 (JMP) |
| **LEHMAN BROTHERS INC.,** | : |
| | : |
| Debtor. | : |

------------------------------------------------------------------------x

**NOTICE OF HEARING OF MOTION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., ET AL., PURSUANT TO
11 U.S.C. §§ 105(a) AND 107(a), TO UNSEAL MOTIONS FOR RELIEF FROM
SEPTEMBER 20, 2008 SALE ORDER (AND RELATED SIPA SALE ORDER)**

PLEASE TAKE NOTICE that a hearing on the Motion of Official Committee of

Unsecured Creditors of Lehman Brothers Holdings Inc., et al., Pursuant to 11 U.S.C. §§ 105(A)

And 107(A), to Unseal Motions for Relief from September 20, 2008 Sale Order (And Related

SIPA Sale Order) (the "Motion"), the exhibit to which was filed under seal substantially

contemporaneously herewith, will be held before the Honorable James M. Peck, United States

Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House,

Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **October 15, 2009 at 2:00 p.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn: Robert W. Gaffey, William J. Hine, and Jayant W. Tambe) and Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Richard P. Krasnow, Lori R. Fife, Shai Y. Waisman, and Jacqueline Marcus), attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis); (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Dennis O'Donnell, and Evan Fleck) and Quinn Emanuel Urquhart Oliver & Hedges, LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010 (Attn: Susheel Kirpalani and James C. Tecce), attorneys for the official committee of unsecured creditors appointed in these cases; (v) Hughes Hubbard & Reed, LLP, One Battery

Park Plaza, New York, NY 10004 (Attn: William R. Maguire, Neil Oxford and Seth D. Rothman), attorneys for the SIPA Trustee; (vi) Jenner & Block LLP, 919 Third Avenue, 37th Floor, New York, New York 10022-3908 (Attn: Anton R. Valukas, Vincent E. Lazar, Robert L. Byman, David C. Layden, and Patrick J. Trostle) attorneys for the examiner; and (vii) Boies, Schiller & Flexner LLP, 575 Lexington Avenue, 7th Floor, New York, New York 10022 (Attn: Jonathan D. Schiller, Hamish P.M. Hume and Jack G. Stern), attorneys for Barclays Capital Inc., so as to be filed and received no later than **October 9, 2009 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: September 24, 2009
      New York, New York

**QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP**

/s/ James C. Tecce
Susheel Kirpalani
James C. Tecce
Robert K. Dakis

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone No.: (212) 849-7000

*Special Counsel to the Official Committee Of
Unsecured Creditors Of Lehman Brothers
Holdings Inc., et al.*

**QUINN EMANUEL URQUHART OLIVER & HEDGES LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
Susheel Kirpalani
James C. Tecce
Robert K. Dakis

*Special Counsel to the Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.*

Hearing Date:
**OCTOBER 15, 2009**
Objections Due:
**OCTOBER 9, 2009**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : Case No. 08-13555 (JMP) |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | : Jointly Administered |
| | : |
| Debtors. | : |

------------------------------------------------------------------------x

| | |
|---|---|
| In re: | : SIPA Proceeding |
| | : Case No. 08-01420 (JMP) |
| **LEHMAN BROTHERS INC.,** | : |
| | : |
| Debtor. | : |

------------------------------------------------------------------------x

**MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF LEHMAN BROTHERS HOLDINGS INC., ET AL., PURSUANT TO
11 U.S.C. §§ 105(a) AND 107(a), TO UNSEAL MOTIONS FOR RELIEF FROM
SEPTEMBER 20, 2008 SALE ORDER (AND RELATED SIPA SALE ORDER)**

The Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al. (the "Committee"), hereby moves the Court, pursuant to sections 105(a) and 107(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), for the entry of an order unsealing (with limited exceptions relating to compensation information) the filed -- yet redacted -- versions of the

(i) Motion Of Official Committee Of Unsecured Creditors Of Lehman Brothers Holdings Inc., et al., Pursuant To 11 U.S.C. § 105(a), Fed. R. Civ. P. 60(b), And Fed. R. Bankr. P. 9024, For Relief From Order Under 11 U.S.C. §§ 105(a), 363, And 365 And Federal Rules Of Bankruptcy Procedure 2002, 6004 And 6006 Authorizing And Approving (A) Sale Of Purchased Assets Free And Clear Of Liens And Other Interests And (B) Assumption And Assignment Of Executory

Contracts And Unexpired Leases, Dated September 20, 2008 (And Related SIPA Sale Order) And Joinder In Debtors' And SIPA Trustee's Motions For An Order Under Rule 60(b) To Modify Sale Order (the "Committee Motion") and the accompanying exhibits,

(ii) Debtors' Motion For An Order, Pursuant To Fed. R. Civ. P. 60 And Fed. R. Bankr. P. 9024, Modifying September 20, 2008 Sale Order And Granting Other Relief, dated September 15, 2009 (the "Debtors' Motion") and the accompanying exhibits, and

(iii) Trustee's Motion For Relief Pursuant To The Sale Orders Or, Alternatively, For Certain Limited Relief Under Rule 60(b), dated September 15, 2009 (the "Trustee Motion" and the accompanying exhibits); collectively, the Committee Motion, the Debtors' Motion and the Trustee Motion and their respective accompanying exhibits shall be referred to as the "Rule 60(b) Motions"[1],

and, in support thereof, respectfully states as follows:

## I. PRELIMINARY STATEMENT

1. The Committee's request to unseal the Rule 60(b) Motions comports squarely with both longstanding bankruptcy principles of disclosure and transparency and the strong public policy favoring open court proceedings. These concerns become paramount when, as here, a debtor consummates a significant transaction (e.g., the Sale Transaction) that materially affects the administration of the estate.

2. The Committee conducted an investigation into the assets transferred and liabilities assumed by Barclays in the Sale Transaction. The Committee Motion and its exhibits set forth a summary of facts unearthed in that investigation, and the Lehman Sellers and the SIPA Trustee similarly reported the results of their respective investigations in their Rule 60(b) Motions. Because the parties entered into a confidentiality stipulation and protective order, however, the parties redacted the Rule 60(b) Motions to the extent they reference materials Barclays produced in discovery to the Committee and the Lehman Sellers designated as "confidential" or "highly confidential."

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Committee Motion.

3. Well-established bankruptcy principles of transparency and public policy demanding access to court proceedings favor providing creditors and parties in interest with all information available concerning the Sale Transaction. The Committee thus moves for the entry of an order authorizing the Committee, the Lehman Sellers, and the SIPA Trustee to file unredacted versions of the Rule 60(b) Motions.[2] The Court authorized an investigation to illuminate the facts and circumstances surrounding the Sale Transaction. The inability to disclose the results of that investigation offends the spirit and purpose of the Court's instruction.

## II. RELEVANT PROCEDURAL BACKGROUND

4. On September 16, 2008, LBHI filed a motion with this Court seeking approval of the APA, providing for, among other things, Barclays' purchase of certain assets and its assumption of certain liabilities relating to these assets. The Sale hearing commenced on Friday evening, September 19, 2008. The court entered the Sale Order on September 20, 2008. Given the speed with which the Sale Transaction was consummated, the Committee lacked sufficient information to make an informed decision whether to extend its support. After the transaction closed, the Committee continued investigating the specifics of the Sale Transaction, including information sufficient to identify the assets transferred to, and liabilities assumed by Barclays and their respective values. Ultimately, the Lehman Sellers and the SIPA Trustee joined that investigation.

5. On July 16, 2009, the Lehman Sellers, the Committee, the SIPA Trustee, the Examiner and Barclays each executed the Confidentiality Stipulation And Protective Order Between The Examiner, Debtors, Trustee, Committee And Barclays Capital Inc. (the "Confidentiality Stipulation"). On July 30, 2009, the Court "so ordered" the Confidentiality Stipulation. The Confidentiality Stipulation provides, in part, that:

---

[2] The Committee proposes that certain, limited, information, such as compensation paid to individuals, will remain redacted. A copy of the pleading the Committee intends to file is annexed hereto as Exhibit 1 (the "Proposed Unredacted Pleading").

> All Confidential and Highly Confidential information filed with the Bankruptcy Court, and all portions of pleadings, motions or other papers filed with the Bankruptcy Court that disclose such Confidential or Highly Confidential Discovery Materials, ***shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Bankruptcy Court***. (emphasis added).

6. On September 15, 2009, the Committee filed the Committee Motion seeking relief from the Sale Order. Similarly, the Lehman Sellers filed the Debtors' Motion, and the SIPA Trustee filed the Trustee Motion, seeking similar relief. To comply with the Confidentiality Stipulation, the Committee and the Lehman Sellers each heavily redacted and sealed their Rule 60(b) Motions to prevent public disclosure of documents and testimony Barclays designated as "confidential" or "highly confidential."

7. The Committee subsequently provided Barclays with the Proposed Unredacted Pleading in an attempt to reach agreement regarding the filing an un-redacted form of the Committee Motion. The parties were unable to reach an agreement, and the Committee filed this motion consistent with the Confidentiality Stipulation to obtain Court approval to file the Proposed Unredacted Pleading and to unseal the accompanying exhibits. Given that each of the Rule 60(b) Motions contains similarly designated information, the Committee also is asking that the Court authorize the Lehman Sellers and the SIPA Trustee to file un-redacted versions of their Rule 60(b) Motions.

### III. JURISDICTION AND VENUE

8. This Court has jurisdiction over this motion under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1409. The statutory predicates for the relief requested herein are sections 105(a) and 107(a) of the Bankruptcy Code.

## IV. ARGUMENT

### A. WELL-ESTABLISHED POLICIES DEMAND OPEN ACCESS TO COURT DOCUMENTS

9. The "open courtroom has been a fundamental feature of the American judicial system." Brown & Williamson Tobacco Corp. v. Federal Trade Commission, 710 F.2d 1165, 1178 (6th Cir. 1983).

10. Moreover, "[t]here is a strong presumption and public policy in favor of public access to Court Records." In re Food Mgmt. Group, LLC., 35 B.R. 543,553 (Bankr. S.D.N.Y. 2007). Indeed, the right to public access to court-filed documents is an essential protection to stakeholders in a chapter 11 case:

> Public scrutiny is the means by which the persons for whom the system is to benefit are able to insure its integrity and protect their rights. This policy of open inspection, established in the Bankruptcy Code itself, is fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised.

In re Bell & Beckwith, 44 B.R. 661, 664 (Bankr. N.D. Ohio 1984).

11. To that end, the Bankruptcy Code specifically recognizes the importance of open access to court proceedings, and documents filed in connection with court proceedings. See also In re Hemple, 295 B.R. 200, 201 (Bankr. D. Vt. 2003) ("The Bankruptcy Code creates the presumption that all documents in bankruptcy cases are public documents"). Specifically, section 107(a) of the Bankruptcy Code provides that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a).

12. Section 107 was enacted, in part, to further the bankruptcy policy of creditor participation in bankruptcy cases. See In re Muma Servs., Inc., 279 B.R. 478, 484 (Bankr. D. Del. 2002) (holding section "107(a)'s directive for open access flows from the nature of the bankruptcy process-which is heavily dependent upon creditor participation, and which requires full financial disclosure of the debtor's affairs"). See also 2 Collier on Bankruptcy ¶ 107.02 (15th

ed. rev.) (noting section 107(a) "codifies the public's general right under common law to inspect and copy public documents, including judicial records …. [T]he basis for this right to access is not a proprietary interest in the information but, rather, the public's interest in monitoring the workings of the judicial system. The existence of such rights has been called 'fundamental to a democratic state'").

13. Section 107(a) is rooted in the common law and Constitutional right of public access to judicial proceedings:

> a principle long-recognized in the common law and buttressed by the First Amendment. This governmental interest is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system.

In re Crawford, 194 F.3d 954, 960 (9th Cir. 1999); see also Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."); In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) ("[i]t is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records").[3]

14. The salient policy underlying open court proceedings is best furthered by providing access to information filed on a court's docket. See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994) ("[T]he right of public access to court records is firmly entrenched and well supported by policy and practical considerations").

---

[3] Courts have similarly identified a qualified right of access to court documents arising under the First Amendment to the Constitution. See, e.g., Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006) (holding "the First Amendment does secure to the public and to the press a right of access to civil proceedings") (quoting Westmoreland v. Columbia Broad. Sys., Inc., 752 F.2d 16, 23 (2d Cir. 1984)); Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 93 (2d Cir. 2004).

15. Until the Rule 60(b) Motions were filed, information sufficient to understand the assets transferred by the Lehman Sellers has been lacking. That information appears in the Rule 60(b) Motions. However, the Committee's ability to apprise creditors of its understanding of the Sale Transaction is hamstrung by Barclays' unreasonable and aggressive document designations, which forced the Committee to file a heavily redacted version of the Committee Motion. Indeed, the majority of documents Barclays produced and nearly every deposition was designated confidential or highly confidential. Reviewing each of the Rule 60(b) Motions as filed does little to advance creditors' understanding of this important transaction. There is no question that each of the Rule 60(b) Motions is publically filed, and as such there is a presumption that their contents should be made available to the public.

### B. BARCLAYS CANNOT DEMONSTRATE THAT RULE 60(B) MOTIONS CONTAIN COMMERCIAL INFORMATION ENTITLED TO SECTION 107(B)(1) PROTECTION

16. Barclays may argue entitlement to relief under the two exceptions to the broad right of public access codified in section 107(b):

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may-
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under [the Bankruptcy Code].

11 U.S.C. § 107(b). Nonetheless, courts have "zealously upheld the public's right to access and narrowly construed the exceptions [in section 107(b)]. See In re FiberMark, Inc., 330 B.R. 480, 506 (Bankr. D. Vt. 2005); see also 2 L. King, et al. Collier on Bankruptcy at ¶107 .03[1][b] (15th ed. Rev. 2007) (noting section 107(b) exceptions are "construed narrowly, in light of the general public policy that court records should be open for public inspection"). Barclays cannot satisfy either element of section 107(b).

17. In the first instance, the 60(b) Motions do not threaten to disclose any commercial information belonging to Barclays. The Second Circuit has held that section 107(b) of the Bankruptcy Code applies only to commercial information "which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" In re Orion Pictures Corp., 21 F.3d at 27 (citing Ad Hoc Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp.), 17 B.R. 942, 944 (9th Cir. B.A.P. 1982)).

18. The "commercial information" standard is high, and courts will look to more than mere allegations that the release of information may have some nebulous affect on a party's business. See In re Northwest Airlines Corp., 363 B.R. 704, 707 (Bankr. S.D.N.Y. 2007) (rejecting argument that claims pricing information should be sealed because the information could be used to reverse engineer a fund's business model); see also Geltzer v. Andersen Worldwide, S.C., 2007 WL 273526, at *3-4 (S.D.N.Y. Jan. 30, 2007) (unsealing settlement agreement that failed to disclose the total amount of consideration and rejecting argument that the settlement terms were "commercial information" that could prejudice the debtors in other settlements if released).

19. Indeed, the United States District Court for the Southern District of New York recently held, in the context of a motion under Rule 26(c), that documents regarding the operation of a publically-held company, including information that was arguably part of the firm's fundamental business operations (e.g., the firm's marketing strategies and credit analysis processes), were not protectable as confidential information. See In re Parmalat Securities Litigation, 2009 WL 1576300 (S.D.N.Y. June 1, 2009).

20. The Committee Motion and its accompanying exhibits sets forth in detail its understanding of the terms of the Sale Transaction as consummated. The Debtors' Motion and the Trustee's Motion and their accompanying exhibits recount similar facts. Keeping those motions sealed will harm both the creditors in these cases and the public at large. Barclays

cannot support the argument that the amounts of additional assets the Committee believes were transferred to Barclays without Court approval is sensitive information that is entitled to protection by section 107(b)(1) of the Bankruptcy Code.

21. Moreover, the bulk of the information contained in the Rule 60(b) Motions was derived from deposition testimony of former employees of the Lehman Sellers discussing actions they took *while they were working for the Lehman Sellers*. Barclays simply does not have the right to limit public access to information that belongs to the Lehman Sellers' estates. Even if the redacted information rose to the level of "commercial information," the majority of that commercial information belongs to the Lehman Sellers -- not Barclays. Accordingly, section 107(b)(1) does not authorize the continued sealing of the Rule 60(b) Motions.

22. Lastly, the Proposed Unredacted Pleading annexed hereto conceded the scant instances where Barclays' position may be justifiable (e.g., disclosure of individual's compensation). Barclays cannot, however, justify additional redactions beyond those identified in the Proposed Unredacted Pleading.[4] Given the profound effect the Sale Transaction had on all creditors, and considering the strong interest in complete and full disclosure, the Court should remove the seal and authorize the parties to file unredacted copies of the Rule 60(b) Motions.

---

[4] The Committee cannot conceive of any basis upon which Barclays will maintain that section 107(b)(2) of the Bankruptcy Code authorizes continued sealing of the Rule 60(b) Motions. See, e.g., In re Gitto Global Corp., 422 F.3d 1, 14 (1st Cir. 2005) (holding that section 107(b) is only satisfied where the movant establishes "either (1) the material is untrue, or (2) the material is potentially untrue and irrelevant or included within a bankruptcy filing for an improper end"); see also, In re Food Management Group, LLC, 359 B.R. at 561 (holding "mere embarrassment or harm caused to the party is insufficient to grant protection under § 107(b)(2)"); In re Analytical Sys., Inc., 83 B.R. 833, 836 (Bankr. N.D. Ga. 1987) (finding that possible embarrassment does not justify sealing court records).

## V. CONCLUSION

For the foregoing reasons, the Committee respectfully requests that the Court enter an order (A) unsealing the Committee Motion, (B) authorizing the Committee to file a substantially unredacted form of the Committee Motion and its annexed exhibits consistent with the Proposed Unredacted Pleading annexed hereto, (C) authorizing the Lehman Sellers to file a substantially unredacted form of the Debtor Motion and its annexed exhibits, (D) authorizing the SIPA Trustee to file a substantially unredacted form of the Trustee Motion and its annexed exhibits, and (E) awarding the Committee such further, different relief as the Court deems appropriate.

Dated: September 24, 2009
      New York, New York

**QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**

/s/ James C. Tecce
Susheel Kirpalani
James C. Tecce
Robert K. Dakis

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone No.: (212) 849-7000

*Special Counsel to the Official Committee Of Unsecured Creditors Of Lehman Brothers Holdings Inc., et al.*