# Exhibit 4

# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017-6702
TELEPHONE: 212-326-3939 • FACSIMILE: 212-755-7306

Direct Number: (212) 326-7838
rwgaffey@jonesday.com

JP636767:dh          September 16, 2009
125426-600002

BY E-MAIL

Hamish Hume
Jack B. Stern
Boies, Schiller & Flexner LLP
575 Lexington Avenue
New York, NY 10022

Re:   In re: Lehman Brothers Holdings Inc., Case No. 08-13555

Dear Hamish and Jack:

As you know from Bill Hine's prior correspondence with Chris Green, we believe that Barclays has been excessive in its designation of documents and testimony as "confidential" or "highly confidential" under the Confidentiality Order.

In our view, Barclays has misused the provisions of the Confidentiality Order to seal virtually the entire record. Its confidentiality designations of deposition testimony cover almost every page of every transcript. This is particularly misguided with respect to the testimony of former Lehman employees, who testified about their tenure at Lehman, not Barclays. Thus, Barclays has marked as confidential reams of material in which it has no legitimate confidentiality interest. With regard to the Barclays witnesses, the confidentiality designations have been just as overbroad. There is no genuine reason to keep from the record testimony about the negotiation of the September 2008 transaction at issue, which is not Barclays' on-going business information; not proprietary; and not competitively sensitive. With regard to documents, it is difficult to find a document Barclays has not marked as confidential or highly confidential, with the exception of a few public filings. This indicates a strategy, not a good faith effort to identify truly confidential information.

Our efforts to resolve this have thus far been fruitless. Chris Green's suggestion that we go through all the transcripts and suggest, line by line, what should not be designated is obviously tactical, not a real effort to solve the problem. So, once again, we ask that Barclays reconsider its designations and do them properly.

In the nearer term, we need to resolve the problem Barclays' designations have caused in connection with LBHI's Rule 60(b) motion, which had to be filed almost entirely under seal. To that end, enclosed is a copy of our motion, marked to show portions where we would agree that confidentiality might be appropriate. We ask you to agree that, apart these marked sections (and the exhibits to which they specifically refer), our motion can be filed without redaction.

**JONES DAY**

Hamish Hume
Jack B. Stern
September 16, 2009
Page 2

    In addition, we need your confirmation that an unredacted set of the papers can be shared with the United States Trustee. We believe it is required by statute. *See* 11 U.S.C. § 107(c).

    It is our hope not to have to burden Judge Peck with this issue, so please let me have your response by Friday.

                                Sincerely,

                                Robert W. Gaffey

Enclosures

cc:    William Maguire
       James Tecce
       Robert Byman

NYI-4215722v1

# Filed Under Seal Pursuant To Protective Order