# Vinson&Elkins

J. Ronald Trost  jrtrost@velaw.com
**Tel** 212.237.0085  **Fax** 917.849.5384

September 29, 2009

The Honorable Judge James M. Peck
United States Bankruptcy Court, SDNY
One Bowling Green, Room 610
New York, NY 10004

**Re:   In re Lehman Brothers Holdings, Inc. (Case No. 08-13555) (JPM)
       Debtors' Motion to Enforce Stay Against Shinsei Bank**

Dear Judge Peck:

Shinsei's Sur-Reply should not be stricken. Shinsei's Sur-Reply appropriately addressed Lehman's changed theory of the case, raised less than 24 hours before the hearing on its Contempt Motion. This was not Lehman's first revised theory. First, Lehman filed a supplement to retract the original emphasis of alleged Shinsei misconduct because of its membership on the Creditors Committee. Then, Lehman advanced in its Reply brief the new theory that Shinsei's filing of a competing rehabilitation Plan in the Japanese proceeding was "offensive," violative of subsection 362 (a)(3) and therefore prohibited by an unreported *Enron* decision dealing with subsection 362 (a)(1) that was not amongst the 16 cases cited in Lehman's 22 page opening brief (though as Enron's bankruptcy counsel, Weil, Gotshal and Manges LLP was aware of the Enron decision when it filed the Contempt Motion). Raising a new theory in a reply brief is a practice uniformly frowned upon and would have justified the Court in refusing to consider it. *See, e.g., Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418 (2d. Cir. 2001) ("[I]f [a party] raises a new argument in a reply brief [the other party] may not have had an adequate time to respond to it."); *Playboy Enters., Inc. v. Dumas*, 960 F.Supp. 710, 720 n. 7 (S.D.N.Y. 1997) ("Arguments made for the first time in a reply brief need not be considered by a court."); *Rickel & Assocs., Inc. v. Smith (In re Rickel & Assocs.)*, 272 B.R. 74, 101 n. 22 (Bankr. S.D.N.Y. 2002) ("I decline to consider this contention first raised in the reply brief."). Since the Court did consider it, Shinsei's Sur-Reply was its first opportunity to respond in writing to this changed theory.

**Vinson & Elkins LLP  Attorneys at Law**                          666 Fifth Avenue, 26th Floor
Abu Dhabi  Austin  Beijing  Dallas  Dubai  Hong Kong  Houston      New York, NY 10103-0040
London  Moscow  New York  Shanghai  Tokyo  Washington              **Tel** +1.212.237.0000  **Fax** +1.212.237.0100  **www.velaw.com**

V&E

September 29, 2009   Page 2

      Lehman's aggressive Contempt Motion improperly attempts to use this Court to obtain leverage over Shinsei in the Sunrise proceeding and to intimidate other likewise situated parties.  Lehman has been in retreat ever since.  It is now reduced to using its recently filed Supplemental Declaration of Shigeaki Momo-o to argue before this Court that Shinsei's actions in Japan are somehow inconsistent with Japanese law.  Recognizing that its lone authority to support its Contempt Motion is an unreported opinion decided under subsection (a)(1) while its argument is premised on a violation of subsection (a)(3), Lehman characterizes Shinsei's proposal of a plan as "a vehicle of litigation for an alternative plan." Letter of Richard Krasnow to the Court of September 25, 2009 at par. C, p.4 (the "Krasnow Letter") (attached hereto as Exhibit A).

      The substantive arguments raised in the Krasnow Letter are adequately addressed in Shinsei's Declaration of Isomi Suzuki and Sur-Reply.

                               Respectfully submitted,

                                 /s/ J. Ronald Trost

                               J. Ronald Trost,
                               Attorney for Shinsei Bank, Limited

cc:    Richard P. Krasnow (*via hand delivery and e-mail*)
cc:    Dennis O'Donnell *(via hand delivery and e-mail)*