UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER
BETWEEN THE EXAMINER AND KOREA DEVELOPMENT BANK**

This Stipulation (the "Stipulation" or "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Anton R. Valukas, Esq., in his capacity as Examiner (as defined below) appointed in the Chapter 11 Cases (as defined below) of Lehman Brothers Holdings, Inc. and its affiliated debtors and debtors-in-possession (the "Debtors") in the Chapter 11 Cases, and (b) Korea Development Bank ("KDB").

WHEREAS, commencing on September 15, 2008 ("Commencement Date"), the Debtors commenced voluntary cases ("Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on January 16, 2009, the Bankruptcy Court entered an Order Directing the Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code (the "Examiner Order"), and the Examiner Order, *inter alia*, ordered: (a) the United States Trustee for the Southern District of New York (the "U.S. Trustee") to appoint an examiner (the "Examiner"), and (b) the Examiner to conduct an investigation into certain specified matters and

to perform the duties set forth in sections 1106(a)(3) and (4) of the Bankruptcy Code (collectively, and as may be amended and/or supplemented by a Bankruptcy Court order, the "Examiner Investigation");

WHEREAS, on January 19, 2009, pursuant to the Examiner Order, the U.S. Trustee appointed Anton R. Valukas as Examiner and the Bankruptcy Court approved the appointment by Order dated January 20, 2009;

WHEREAS, the Examiner has requested that KDB produce certain documents and provide information relevant to the Examiner Investigation (all documents and information provided by KDB to the Examiner, the "Discovery Materials");

WHEREAS, KDB has requested, and the Examiner has agreed, that certain Discovery Materials be subject to a protective order, pursuant to, *inter alia*, Fed. R. Bankr. P. 9016, Fed. R. Bankr. P. 9018, Fed. R. Civ. P. 45, and/or Fed. R. Bankr. P. 7026, to protect the confidentiality of sensitive information; and

WHEREAS, the Examiner and KDB have entered into this Stipulation and agreed to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1.    "Confidential Information" shall mean and refer to all documents and information provided or otherwise made available by KDB to the Examiner for purposes of the Examiner Investigation, which KDB, in its discretion, designates as such, on the general grounds that such information: (a) is non-public information concerning potential mergers with, investments in, or acquisitions of any assets, divisions, departments, groups, parts, or subsidiaries of Lehman Brothers Holdings Inc. or any of its affiliates by KDB; (b) relates to the confidential business

practices, plans, strategies, or projections of KDB or any customer or affiliate of KDB;

(c) relates to confidential financial information of KDB or any customer or affiliate of KDB;

(d) constitutes or contains trade secrets or other confidential research, development, or commercial information of KDB or any customer or affiliate of KDB; (e) is of a personal or intimate nature regarding any individual and will cause undue harm to the reputation of or embarrassment to that individual; and/or (f) is kept confidential by KDB pursuant to law or regulation; provided that the Examiner shall not be required to treat the following as "Confidential Information":  information that is at any time independently developed by the Examiner without use of or reliance upon any of KDB's Discovery Material; information rightfully acquired by the Examiner from an independent source without restrictions as to use; information that was, prior to disclosure, rightfully in the possession or knowledge of the Examiner; information that is publicly available in substantially the same form in which it was provided by KDB; information that is required by law to be made available to third parties; information that was, is, or becomes public knowledge, not in violation of this Protective Order; or information that is voluntarily de-designated by KDB.

2. KDB may designate Discovery Materials as Confidential Information or Highly Confidential Information by applying the applicable legend to the Discovery Materials.  In the case of data stored in electronic form, the applicable legend, if any, shall be printed on the cover or container of the disk, tape or other medium in which the electronic form data is stored.

3. Confidential Information shall be maintained in confidence and shall not be shared by the Examiner with any person other than:  (a) persons who authored or who were the original recipients of the document at issue; (b) Jenner & Block, in its capacity as counsel to the Examiner, including Jenner & Block attorneys, legal assistants, paralegals, secretarial, and other

staff; (c) professional firms or persons that are retained by the Examiner to provide specialized advice in connection with the Examiner Investigation, including their staff, and including Duff & Phelps; (d) the court-appointed Trustee of Lehman Brothers Inc. ("LBI") in connection with the liquidation of LBI in the Securities Investor Protection Act bankruptcy proceeding; (e) outside vendors such as copy services or document management vendors used by the Examiner in connection with the Examiner Investigation; (f) the Bankruptcy Court; and (g) other persons upon further order of the Court or consent of KDB.

4.   In the event the Examiner in good faith believes that, in order to effectively carry out his duties pursuant to the Examiner Investigation, it is necessary to provide Confidential Information to a witness or any individual or entity other than those identified in paragraph 3 above who is providing information to the Examiner in connection with the Examiner Investigation, the Examiner shall, prior to such disclosure, provide such individual or entity with a copy of this Protective Order, and such individual, or in the case of a corporate entity, such entity's qualified representative, shall execute a Non-Disclosure Declaration in the form annexed as an Exhibit hereto.

5.   Counsel for the Examiner shall provide a copy of this Protective Order to a representative of any professional firm, vendor, or individual other than Jenner & Block who is retained by the Examiner, and the firm or vendor representative or individual, as the case may be, must execute a Non-Disclosure Declaration in the form annexed as an Exhibit hereto prior to the firm or individual receiving any Highly Confidential or Confidential information.

6.   KDB reserves the right to designate certain information that it deems of the most sensitive nature "Highly Confidential Information." "Highly Confidential Information" shall be defined and treated in the same manner as Confidential Information, however, in the event the

Examiner deems it necessary to disclose Highly Confidential Information to any individual or entity not identified in paragraph 3 above, the Examiner shall provide reasonable notice to KDB. KDB and the Examiner shall use their best efforts within five business days to agree on the use of such material, while protecting KDB's interest in confidentiality, including, but not limited to, considering whether portions of such material can be redacted, re-evaluating whether such material should be designated Highly Confidential Information, or considering other provisions to allow the Examiner to carry out his duties while protecting the confidentiality of such information.  In the event the Examiner and KDB cannot resolve an issue concerning the use of Highly Confidential Information, the matter may be presented to the Bankruptcy Court for resolution on an expedited basis.

7. If Confidential or Highly Confidential information is the subject of testimony during a deposition or other recorded interview, then it shall be indicated on the record by counsel for the Examiner (or, if counsel for KDB is present, by counsel for KDB) that a question, or a line of questioning concerning a particular subject matter, calls for Confidential or Highly Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

8. If at any time KDB determines or realizes that certain testimony or some portion(s) of Discovery Materials that it previously produced should be designated as Confidential Information or Highly Confidential Information, KDB may apprise the Examiner in writing, and such designated testimony or portion(s) of Discovery Materials will thereafter be treated as Confidential Information or Highly Confidential Information under the terms of this

Agreement, provided, however, that KDB shall, at its cost, provide the Examiner with substitute copies, bearing the appropriate designation, of any such Discovery Materials.

9. Pursuant to Fed. R. Civ. P. 45, if information produced by KDB is subject to a claim of privilege or of protection as trial-preparation material, KDB may notify the Examiner of the claim and the basis for it. After being notified, the Examiner must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Examiner disclosed it before being notified; and may promptly present the information to the Bankruptcy Court under seal for a determination of the claim. KDB must preserve the information until the claim is resolved.

10. All Confidential Information or Highly Confidential Information filed with the Bankruptcy Court, and all portions of pleadings, motions or other papers filed with the Bankruptcy Court that disclose such Confidential Information or Highly Confidential Information, or the contents thereof, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Bankruptcy Court.

11. In the event the Examiner objects to any designation of testimony or Discovery Materials as Confidential Information or Highly Confidential Information, the Examiner shall so inform KDB, stating the grounds of the objection, and the parties shall have seven business days to attempt to resolve the Examiner's objection, at the end of which the Examiner may seek a ruling from the Bankruptcy Court that such information should not be treated as Confidential Information or Highly Confidential Information, provided that no Confidential Information or Highly Confidential Information shall be filed in the public record prior to such a determination by the Court.

12. In the event the Examiner is required by law to provide Confidential Information or Highly Confidential Information to any third party, the Examiner shall first provide prompt prior written notice to counsel for KDB and KDB shall be given a reasonable opportunity to seek protection from a court.

13. This Protective Order shall survive the termination of the Examiner Investigation.

Dated:          September 17, 2009

                                              KOREA DEVELOPMENT BANK

                                              By:  */s/ Randy M. Mastro*
                                                     Randy M. Mastro (RM-9492)

                                            200 Park Avenue, 47th Floor
                                            New York, New York 10166
                                            Tel.:  (212) 351-4000

                                            Attorneys for Korea Development Bank


                                            JENNER & BLOCK LLP

                                            By:  */s/ Robert L. Byman*
                                                     Robert L. Byman

                                            919 Third Avenue, 37th Floor
                                            New York, New York 10022
                                            Tel.:  (212) 891-1600

                                            Attorneys for Anton R. Valukas, Esq., Examiner

**SO ORDERED:**

Dated: New York, New York
        September 29, 2009

                                            *s/ James M. Peck*
                                            Honorable James M. Peck
                                            United States Bankruptcy Judge

<u>EXHIBIT</u>

NON-DISCLOSURE DECLARATION

I, _____, declare under penalty of perjury, the following:

I reside at _____ in the City/ County of _____ and State of _____;

I have read the annexed Protective Order, dated _____, 2009, in the matter entitled *In re Lehman Brothers Holdings, Inc., et al.*, Case No. 08-13555 (JMP), which is pending in the United States Bankruptcy Court for the Southern District of New York;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York; and

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this litigation, any information designated as Confidential Information or Highly Confidential Information.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____

_____