**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : |
| | : Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : |
| | : 08-13555 (JMP) |
| Debtors. | : |
| | : (Jointly Administered) |
| | : |

**STIPULATION AND ORDER BETWEEN THE EXAMINER**
**AND TISHMAN SPEYER REAL ESTATE VENTURE VII, L.P.**

This Stipulation (the "Stipulation" or "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Anton R. Valukas, Esq., in his capacity as Examiner (as defined below) appointed in the Chapter 11 Cases (as defined below) of Lehman Brothers Holdings Inc. and its affiliated debtors and debtors-in-possession (the "Debtors") in the Chapter 11 Cases, and (b) Tishman Speyer Real Estate Venture VII, L.P. ("Tishman Speyer").

WHEREAS, commencing on September 15, 2008 ("Commencement Date"), the Debtors commenced voluntary cases ("Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on January 16, 2009, the Bankruptcy Court entered an Order Directing the Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code (the "Examiner Order"), and the Examiner Order, inter alia, ordered (i) the United States Trustee for the Southern District of New York (the "U.S. Trustee") to appoint an examiner (the "Examiner"), and (ii) the Examiner to conduct an investigation into certain specified matters and to perform the duties set forth in sections 1106(a)(3) and (4) of the Bankruptcy Code (collectively, and as may be amended and/or supplemented by a Bankruptcy Court order, the "Examiner Investigation");

WHEREAS, on January 19, 2009, pursuant to the Examiner Order, the U.S. Trustee appointed Anton R. Valukas as Examiner and the Bankruptcy Court approved the appointment by Order dated January 20, 2009;

1803762.2

WHEREAS, the Examiner has requested that Tishman Speyer produce certain documents and provide information relevant to the Examiner Investigation (all documents and information provided by Tishman Speyer to the Examiner, the "<u>Discovery Material</u>");

WHEREAS, Tishman Speyer has requested, and the Examiner has agreed, that certain Discovery Material be subject to a protective order, pursuant to Fed. R. Bankr. P. 7026, to protect the confidentiality of sensitive information; and

WHEREAS, the Examiner and Tishman Speyer have entered into this Stipulation and agreed to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

    1. Tishman Speyer may designate as "Confidential" any Discovery Material that Tishman Speyer believes in good faith constitutes confidential, proprietary, trade secret, or other sensitive commercial or business information, provided that "Confidential" information shall not include:  information that is at any time independently developed by the Examiner without use of or reliance upon any of Tishman Speyer's Discovery Material; information rightfully acquired by the Examiner from an independent source without restrictions as to use; information that was, prior to disclosure, rightfully in the possession or knowledge of the Examiner; information that is publicly available in substantially the same form in which it was provided by Tishman Speyer; information that was, is or becomes public knowledge, not in violation of this Protective Order; or information that is voluntarily de-designated by Tishman Speyer.

    2. Tishman Speyer may designate Discovery Material as Confidential by applying the legend "CONFIDENTIAL" to the Discovery Material.  In the case of data stored in electronic form, the applicable legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored.

    3. Discovery Material that has been designated Confidential shall be maintained in confidence and shall not be shared by the Examiner with any person other than:  (i) persons who have already rightfully seen or received the Discovery Material at issue; (ii) Jenner & Block, in

its capacity as counsel to the Examiner, including Jenner & Block attorneys, legal assistants, paralegals, secretarial, and other staff; (iii) professional firms or persons, including their staff, retained by the Examiner to provide specialized advice in connection with the Examiner Investigation; (iv) outside vendors such as copy services or document management vendors used by the Examiner; (v) the Bankruptcy Court; (vi) witnesses or other persons who are providing information to the Examiner in connection with the Examiner Investigation provided that counsel for the Examiner has provided such person with a copy of this Protective Order and such person has executed a Non-Disclosure Declaration in the form annexed as an Exhibit hereto; and (vii) other persons upon further order of the Court or consent of Tishman Speyer.  In the event the Examiner and Tishman Speyer cannot resolve an issue concerning the use of Confidential information, the matter may be presented to the Bankruptcy Court for resolution on an expedited basis.  Discovery Material that has been designated as Confidential shall not be used by any recipient for any purpose other than conducting the Examiner Investigation, nor shall it be disclosed to any third parties, except as provided in this paragraph 3.  If Confidential Discovery Material is utilized in a deposition or other recorded interview, then it shall be indicated on the record by counsel for the Examiner (or, if counsel for Tishman Speyer is present, by counsel for Tishman Speyer) that a question, or a line of questioning concerning a particular subject matter, discloses or calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

    4. Counsel for the Examiner shall provide a copy of this Protective Order to a representative of any professional firm or individual other than Jenner & Block who is retained by the Examiner, and the firm representative or individual, as the case may be, must execute a

Non-Disclosure Declaration in the form annexed as an Exhibit hereto prior to the firm or individual receiving any Confidential information.

5. If at any time Tishman Speyer determines or realizes that certain testimony or some portion(s) of Discovery Material that it previously produced should be designated as Confidential, Tishman Speyer may apprise the Examiner in writing, and such designated testimony or portion(s) of Discovery Material will thereafter be treated as Confidential under the terms of this Agreement, provided, however, that Tishman Speyer shall provide the Examiner with substitute copies, bearing the appropriate legend, of any such Discovery Material.

6. The inadvertent production of any documents or other information by Tishman Speyer, including but not limited to material designated as Confidential, shall be without prejudice to any claim that such material is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, and Tishman Speyer shall not be held to have waived any rights by such inadvertent production.

7. All Confidential information filed with the Bankruptcy Court, and all portions of pleadings, motions or other papers filed with the Bankruptcy Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Bankruptcy Court.

8. In the event the Examiner objects to any designation of testimony or Discovery Material as Confidential, the Examiner shall so inform Tishman Speyer, stating the grounds of the objection, and the parties shall have seven (7) business days to attempt to resolve the Examiner's objection, at the end of which the Examiner may seek a ruling from the Bankruptcy Court that such information should not be treated as Confidential, provided that no Confidential information shall be filed in the public record prior to such a determination by the Court, and

provided further that the burden shall be on Tishman Speyer to justify the claim that disputed material has been properly designated.

9. In the event the Examiner is required by law to provide Confidential Discovery Material to any third party, the Examiner shall first provide prompt prior written notice to counsel for Tishman Speyer and Tishman Speyer shall be given a reasonable opportunity to seek protection from a court.

10. This Protective Order shall survive the termination of the Examiner Investigation. Within 45 days of the termination of the Examiner Investigation, all Discovery Material designated as Confidential, and all copies thereof, shall be returned to Tishman Speyer or destroyed.

Dated: September 25, 2009

| | |
|---|---|
| By: /s/ David C. Bryan<br>    David C. Bryan | By: /s/ Robert L. Byman<br>    Robert L. Byman |
| WACHTELL, LIPTON, ROSEN & KATZ<br>51 W 52nd St.<br>New York, NY  10019 | JENNER & BLOCK LLP<br>300 N Wabash Avenue<br>Chicago, Illinois  60611 |
| Attorneys for Tishman Speyer Real Estate Venture VII, L.P. | Attorneys for Anton R. Valukas, Esq., Examiner |

**SO ORDERED**: this ___ day of _____ 2009

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

-5-

1803762.2

EXHIBIT

NON-DISCLOSURE DECLARATION

I, _____, declare under penalty of perjury, the following:

I reside at _____ in the City/ County of _____ and State of _____;

I have read the annexed Protective Order, dated _____, 2009, in the matter entitled *In re Lehman Brothers Holdings, Inc., et al.*, Case No. 08-13555 (JMP), which is pending in the United States Bankruptcy Court for the Southern District of New York;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York; and

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of the Examiner Investigation, any information designated as Confidential.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____

_____

1803762.2