**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------x
)
In re:                                              )   Chapter 11
                                                    )
LEHMAN BROTHERS HOLDINGS INC.                       )   Case No. 08-13555 (JMP)
                                                    )
                                                    )
                                                    )
          Debtor.                                   )   (Jointly Administered)
---------------------------------------------------------------------------x

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1.    TO:                        **TPG-AXON PARTNERS (OFFSHORE), LTD** ("Transferor")
                                 TPG-Axon Capital Management, LP
                                 Attention: Chief Financial Officer
                                 888 7th Avenue – 38th Floor
                                 New York, NY 10019
                                 Tel: 212-479-2000
                                 Fax: 212-479-2001

2.    Please take notice that the transfer in the amount of 100% of your claim against LEHMAN
BROTHERS HOLDINGS INC., Case No. 08-13555 (JMP) arising from and relating to Claim No.
17603 (attached in Exhibit A hereto), has been transferred to:

                                 **GOLDMAN SACHS LENDING PARTNERS LLC** ("Transferee")
                                 c/o Goldman, Sachs & Co.
                                 30 Hudson Street, 36th Floor
                                 Jersey City, NJ 07302
                                 Fax: 212-428-1243
                                 Contact: Andrew Caditz
                                 Phone: 212-357-6240
                                 Email: Andrew.Caditz@gs.com

         An evidence of transfer of claim is attached hereto as Exhibit B. All distributions and notices
regarding the transferred portion of the claim should be sent to the Transferee at the instructions attached
in Exhibit C.

3.    No action is required if you do not object to the transfer of your claim. However, **IF YOU OB-**

542179.1/153-05290

JECT TO THE TRANSFER OF YOUR CLAIM, WITHIN **20 DAYS** OF THE DATE OF THIS NOTICE, YOU MUST:

\-\-           **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

United States Bankruptcy Court
Southern District of New York
Attn: Clerk of Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

\-\-           **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**

\-\-           Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further correspondence related to this transfer.

4.        If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

CLERK

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

**FOR CLERK'S OFFICE USE ONLY:**
This notice was mailed to the first named party, by first class mail, postage prepaid on _____,
2005.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtor's Attorney ___

_____
Deputy Clerk

542179.1/153-05290

## EXHIBIT A

**PROOF OF CLAIM**

542179.1/153-05290

OFFICE CO[

| *United States Bankruptcy Court/Southern District of New York*<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
|---|---|

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Joint Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

TPG-Axon Partners (Offshore), Ltd.

(For addresses and telephone numbers, see attached annex)

Telephone number:          Email Address:

Name and address where payment should be sent (if different from above)

(See attached annex)

Telephone number:          Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
   (*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

NOTICE OF SCHEDULED CLAIM:
Your Claim is scheduled by the indicated Debtor as:

1.   Amount of Claim as of Date Case Filed: $ 7,552,687.06  (see attached annex for details)

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9), complete Item 6.

☒  Check this box if all or part of your claim is based on a Derivative Contract*
☒  Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☒  Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2.   Basis for Claim:  (See attached annex)
     (See instruction #2 on reverse side.)

3.   Last four digits of any number by which creditor identifies debtor:  N/A
     3a.  Debtor may have scheduled account as: _____
          (See instruction #3a on reverse side.)

4.   Secured Claim (See instruction #4 on reverse side.)
     Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
     Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☒ Other
     Describe:   (See attached annex)
     Value of Property: $_____  Annual Interest Rate _____%
     Amount of arrearage and other charges as of time case filed included in secured claim, if any:
     $_____  Basis for perfection: _____
     Amount of Secured Claim: $_____  Amount Unsecured: $_____

6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $ N/A
     (See instruction #6 on reverse side.)

7.   Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8.   Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (*See definition of "redacted" on reverse side.*) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain: (See attached annex)

5.   Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

**Amount entitled to priority:**

$    N/A

FOR COURT USE ONLY
**FILED / RECEIVED**

**SEP 1 8 2009**

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date:<br>9\17\2009 | Signature:<br>By: |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

USActive 17182192.2

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
Fill in the name of the Debtor in the bankruptcy case, and the bankruptcy case number.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1 Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and the state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### ___DEFINITIONS___

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owned a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

### ___INFORMATION___

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                              :
In re:                                        :
                                              :    Chapter 11
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :    Case No. 08-13555 (JMP)
                                              :
                                              :    (Jointly Administered)
                                              :
                  Debtors.                    :
                                              :
-------------------------------------------------------------------x

## ANNEX TO PROOF OF CLAIM HELD BY

## TPG-AXON PARTNERS (OFFSHORE), LTD.

This is an Annex to, and a part of, the proof of claim (the "Proof of Claim") filed by TPG-Axon Partners (Offshore) Ltd. ("TPG" or "Claimant"), c/o TPG-Axon Capital Management, L.P., 888 Seventh Avenue, 38th Floor, New York, NY 10019. TPG is the holder of a claim (the "Claim") against Lehman Brothers Holdings Inc. ("LBHI" or the "Debtor"," and collectively with LBHI's affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases the "Debtors") described on the prefixed Proof of Claim and as set forth in further detail in this Annex.

THIS ANNEX CONSTITUTES A PART OF THE PROOF OF CLAIM AND IS INCORPORATED THEREIN BY REFERENCE. Copies of certain supporting documents relating to the Claim are described below and will be filed in accordance with the procedures established for the filing of claims in the Debtors' chapter 11 cases and are incorporated by reference into the Proof of Claim. Copies of certain additional supporting documentation (including but not limited to the Agreements (as defined herein)) are voluminous, contain proprietary business information and are readily available to the Debtors and accordingly, not attached hereto. The Claimant will furnish the Debtor with copies of any additional pertinent documentation upon request or as otherwise required by order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

1.      Basis for Claim: On September 15, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), in the Bankruptcy Court. The Debtor is obligated to the Claimant for the Claim described herein arising from that certain ISDA Master Agreement (and all schedules, annexes and confirmations thereto) by and among TPG and Lehman Brothers OTC Derivatives Inc. ("LBOTC"), as counterparties, and LBHI, as guarantor, dated as of April 9, 2008 (as amended, supplemented or otherwise modified from time to time, and including any related agreements and other documents, collectively, the "Master Agreement"); and (b) that certain Guarantee of LBHI, dated as of April 9, 2008, (as amended, supplemented or otherwise modified from time to time, and including any related agreements and other documents,

USActive 17296017.1

collectively, the "Guarantee Agreement" and together with the Master Agreement, the "Agreements"). In connection with the counterparties' entry into the Master Agreement and pursuant to the Guarantee Agreement, LBHI agreed to act as Guarantor of LBOTC's obligations under the Master Agreement for the benefit of TPG. The Claims are based upon obligations, liabilities and indebtedness owing by the Debtors to the Claimant (collectively, the "Obligations"), which Obligations arise under and in connection with the Agreements and other related documents.

(a)     Without limiting the generality of the foregoing, the Claim includes, without limitation, the Obligations described below.

Guaranteed Termination Agreement. The Debtors and TPG have agreed by means of a Termination Agreement dated August 12, 2009 to quantify the amount owed to TPG under the Agreements as $7,552,687.06 (see Exhibit A). LBHI and LBOTC are jointly and severally liable for this amount.

Total Amount of Claim at Time of Bankruptcy Filing: Liquidated claims .of not less than $7,552,687.06 inclusive of accrued interest as of the Petition Date, in the aggregate, plus contingent unliquidated claims not presently ascertainable as described herein.

Without limiting any of the foregoing, Claimant reserves all of its rights to assert claims for interest (including, without limitation, at the default rate), fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts, including, without limitation, legal fees and expenses (including, without limitation, in connection with the preparation, filing and prosecution of the Proof of Claim), that exist or arise as of or after the date of the filing of the Proof of Claim, whether prior to, on or subsequent to the Petition Date, in each case to the extent or as may be permitted, provided and/or contemplated in the Agreements, any supporting documentation or applicable law.

2.     Secured Claim: The Claim of the Claimant against the Debtors for amounts due and owing as of the Petition Date is an unsecured claim to the extent of any deficiency following any exercise by Claimant of any rights of setoff that it may have against the Debtor. Claimant hereby asserts any and all rights of setoff it may have in respect of the Claim, including, without limitation, the right to setoff its Claim against any claims that Debtors (or any successor, assignee or person claiming through Debtors) may assert against the Claimant.

3.     Credits: The amount of all payments on the Claim has been credited and deducted for purposes of making this Proof of Claim.

4.     Reservation of Rights:

(a)     In filing its Proof of Claim, Claimant expressly reserves all rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against the Debtor. This description and classification of claims by Claimant is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of the Claimant. Furthermore, Claimant expressly reserves all rights to amend, modify and/or supplement the Proof of Claim in any respect, including, without limitation, with respect

to the filing of an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim for additional claims, including, without limitation, claims for interest (including, without limitation, at the default rate), fees and related expenses (including, without limitation, attorneys' fees) that are not ascertainable at this time.

(b)     Claimant's Proof of Claim is filed without prejudice to the filing by Claimant of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of any of the Debtors.  Claimant does not, by its Proof of Claim or any amendment or other action, waive any rights with respect to any scheduled claim.

(c)     By filing the Proof of Claim, Claimant does not waive any rights under chapter 5 of the Bankruptcy Code.

(d)     In executing and filing its Proof of Claim, Claimant does not submit itself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to its Claim against the Debtor and does not waive or release: (i) its rights and remedies against any other person or entity that may be liable for all or part of the Claim set forth herein, whether an affiliate or subsidiary of the Debtor, an assignee, guarantor or otherwise; (ii) any obligation owed to it, or any right to any security that may be determined to be held by it or for its benefit; (iii) any past, present or future defaults (or events of default) by the Debtor or others; or (iv) any right to the subordination, in favor of Claimant, of indebtedness or liens held by other creditors of the Debtor.  The filing of the Proof of Claim is not, and shall not be construed as, an election of remedies or limitation of rights or remedies.

(e)     Nothing contained in the Proof of Claim nor any subsequent appearance, pleading, claim or suit is intended to be a waiver or release of: (i) the right of Claimant to have final orders in non-core matters entered only after de novo review by a district court judge; (ii) the right of Claimant to a jury trial in any proceeding so triable herein or, in any case, any controversy or proceeding related hereto; (iii) the right of Claimant to have the reference withdrawn by the United States District Court for the Southern District of New York in any matter subject to mandatory or discretionary withdrawal; (iv) the right of Claimant to have any unliquidated portions of the Claim determined by applicable state courts; or (v) any other rights, claims, actions, defenses, setoffs or recoupments to which Claimant is or may be entitled under agreements, documents or instruments, in law or equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

5.    <u>Notices</u>:  All notices with respect to the Claim should be sent to:

TPG-Axon Partners (Offshore), Ltd.
c/o TPG-Axon Capital Management, L.P.
888 Seventh Avenue, 38th Floor
New York, NY 10019
Attention: Mia Harding
Email: mharding@tpgaxon
Telephone:  +44 207 758 6243

with copies to:

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Attention:    Steven Lofchie
Phone:        212-504-6000
Facsimile:    212-504-6666

Dated:  September 17, 2009

**EXHIBIT A**

## TERMINATION AGREEMENT

This Termination Agreement (the "Termination Agreement") is made and entered into as of the 12 day of August, by and between TPG-Axon Partners (Offshore) Ltd. ("Counterparty") and Lehman Brothers OTC Derivatives Inc. ("Lehman"), and Lehman Brothers Holdings Inc. ("Holdings") as credit support provider (each of the foregoing a "Party" and collectively the "Parties").

RECITALS:

WHEREAS, the Parties entered into one or more transactions (each a "Transaction") that were governed by ISDA Master Agreement, dated as of April 9, 2008, which included certain schedules, documents, confirmations and a guaranty of the obligations of Lehman by Holdings (collectively, the "Agreement Documents").

WHEREAS, commencing on September 15, 2008 and thereafter, Holdings and certain of its affiliates, including Lehman, each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (collectively, the "Bankruptcy Cases").

WHEREAS, the Parties wish to terminate and/or acknowledge the termination of each Transaction under Agreement Documents as of September 16, 2008.

WHEREAS, on December 16, 2008 the court having jurisdiction over the Bankruptcy Cases entered an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption or Assignment of Prepetition Derivative Contracts (the "Order").

WHEREAS, as of the date hereof, the Parties have agreed a settlement amount in favor of Counterparty in the amount of $7,552,687.06 (the "Settlement Amount") in respect of the claims arising under the Agreement Documents.

NOW, THEREFORE, in consideration of the recitals set forth above and promises made herein, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

Section 1.    Allowance of General Unsecured Claim.  In consideration of the termination of the Transactions under the Agreement Documents by Counterparty, Lehman and Holdings hereby agree to the allowance of general, unsecured claims against each of them in their respective chapter 11 cases (the "Claim Allowance"), in favor of Counterparty in the amount of the Settlement Amount (the "Allowed Claims") in full and complete satisfaction of all of the claims of Counterparty under the Agreement Documents and the Transactions thereunder; provided, however, that the aggregate recovery of Counterparty in respect of the Allowed Claims shall not exceed the Settlement Amount

Section 2.    Release.  In consideration of each other Party's execution of this Termination Agreement and the Claim Allowance, each Party on behalf of itself and any other party, person or entity claiming under or through it, hereby generally releases, discharges and

acquits each other Party, and its respective current and former agents, servants, officers, directors, shareholders, employees, subsidiaries, divisions, branches, units, affiliates, parents, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, a "Released Party"), from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses, and claims of every kind, nature, and character whatsoever, other than the Allowed Claim, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulation, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that such releasing Party ever had or claimed to have or now has or claims to have presently or at any future date, against any Released Party arising under or related to the Agreement Documents or the Transactions thereunder, their negotiation, execution, performance, any breaches thereof, or their termination.

Section 3.    Representations. Each Party represents and warrants to each other Party that (i) the execution, delivery, and performance by such Party of this Termination Agreement are within the powers of such Party and have been duly authorized by all necessary action on the part of such Party and (ii) this Termination Agreement has been duly executed and delivered by such Party and constitutes a valid and binding obligation of such Party, enforceable against such Party in accordance with the terms hereof, (iii) it is not relying upon any statements, understandings, representations, expectations, or agreements other than those expressly set forth in this Termination Agreement, (iv) it has had the opportunity to be represented and advised by legal counsel in connection with this Termination Agreement, which it enters voluntarily and of its own choice and not under coercion or duress, (v) it has made its own investigation of the facts and is relying upon its own knowledge and the advice of its counsel, (vi) it has no expectation that any of the other Parties will disclose facts material to the Agreement Documents or this Termination Agreement, and (vii) it knowingly waives any and all claims that this Termination Agreement was induced by any misrepresentation or non-disclosure and knowingly waives any and all rights to rescind or avoid this Termination Agreement based upon presently existing facts, known or unknown. Additionally, Lehman and Holdings represent and warrant to Counterparty that this termination agreement is being entered into in accordance with the terms of the Order. The Parties agree and stipulate that each Party is relying upon the representations and warranties in this Section in entering into the Termination Agreement. Furthermore, the Parties agree that these representations and warranties are a material inducement for entering into this Termination Agreement. These representations and warranties shall survive the execution of this Termination Agreement indefinitely without regard to statutes of limitations.

Section 4.    Execution in Counterparts. This Termination Agreement may be executed in any number of counterparts and by different Parties in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same instrument. Delivery of an executed counterpart of a signature page by facsimile or PDF transmission shall be as effective as delivery of a manually executed counterpart.

2

Section 5.    Effectiveness. This Termination Agreement shall become effective upon execution hereof by each of the Parties. The Transactions that are not already terminated according to their terms will terminate as of the effective date of this Termination Agreement.

Section 6.    Governing Law. This Termination Agreement will be construed and enforced in accordance with, and the rights of the Parties shall be governed by, the laws of the State of New York.

Section 7.    Special Provision for Unknown Claims. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the Release in Section 2. Section 1542 of the California Civil Code reads as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

Section 8.    Successors and Assigns. The provisions of this Termination Agreement will be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

Section 9.    Amendment. This Termination Agreement may only be amended, modified, superseded or canceled and any of the terms, covenants, representations, warranties or conditions hereof may be waived only by an instrument in writing signed by each of the Parties.

Section 10.    Entire Agreement. This Termination Agreement constitutes the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

Section 11.    Construction. This Termination Agreement has been negotiated by the Parties and their respective legal counsel, and legal or equitable principles that might require the construction of this Termination Agreement or any of its provisions against the Party responsible for drafting this Termination Agreement will not apply in any construction or interpretation of this Termination Agreement.

*[Signature pages follow]*

3

IN WITNESS WHEREOF, the undersigned have executed, or have caused to be executed, this Termination Agreement on the date first written above.

TPG-AXON PARTNERS (OFFSHORE) LTD

By: _____

Name:

Title:

August 12, 2009

LEHMAN BROTHERS OTC DERIVATIVES INC

By: _____

Name: William Fox

Title: Chief Financial Officer, Controller and Senior Vice President

LEHMAN BROTHERS HOLDINGS INC.

By: _____

Name: William Fox

Title: Executive Vice President

**EXHIBIT B**

**EVIDENCE OF TRANSFER OF CLAIM**

<u>EVIDENCE OF TRANSFER OF CLAIM</u>

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, TPG-Axon Partners (Offshore), Ltd ("<u>Assignor</u>") hereby unconditionally and irrevocably sells, transfers and assigns to Goldman Sachs Lending Partners LLC (the "<u>Assignee</u>") 100% of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code), against Lehman Brothers Holdings Inc. (the "<u>Debtor</u>"), the debtor in Case No. 08-13555 (JMP) ("<u>Case</u>") pending in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"), and the relevant portion of any and all proofs of claim (No. 17603) filed by Assignor or its predecessor-in-interest with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim, recognizing Assignee as the sole owner and holder of the claim, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM is executed this 24 day of September, 2009.

TPG-AXON PARTNERS (OFFSHORE), LTD
By: TPG-Axon Capital Management, LP, its
investment adviser

By: _____
Name:
Title:   Michael Gismondi
         Chief Financial Officer


GOLDMAN SACHS LENDING PARTNERS LLC


By: _____
Name:
Title:

541731.1/153-05290

## EVIDENCE OF TRANSFER OF CLAIM

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, TPG-Axon Partners (Offshore), Ltd ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to Goldman Sachs Lending Partners LLC (the "Assignee") 100% of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code), against Lehman Brothers Holdings Inc. (the "Debtor"), the debtor in Case No. 08-13555 (JMP) ("Case") pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the relevant portion of any and all proofs of claim (No. 17603) filed by Assignor or its predecessor-in-interest with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim, recognizing Assignee as the sole owner and holder of the claim, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM is executed this 24 day of September, 2009.

TPG-AXON PARTNERS (OFFSHORE), LTD
By: TPG-Axon Capital Management, LP, its
investment adviser


By: _____
Name:
Title:



GOLDMAN SACHS LENDING PARTNERS LLC


By: _____
Name:                Jennifer Dokish
Title:                Authorized Signatory



541731.1/153-05290

**EXHIBIT C**

Address for Notices:

c/o Goldman, Sachs & Co.
30 Hudson Street, 36th Floor
Jersey City, NJ 07302
Fax: 212-428-1243
Contact: Andrew Caditz
Phone: 212-357-6240
Email: Andrew.Caditz@gs.com

Wire Instructions:

Citibank, N.A.
ABA# 021000089
A/C Name: Goldman Sachs Lending Partners LLC
A/C # 30581483
Ref: Lehman LBOTC LBHI Claims/TPG
Attn: Bank Loan Operations

542179.1/153-05290