UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------------------------x
                                           :
In re                                      :    Chapter 11 Case No.
                                           :
LEHMAN BROTHERS HOLDINGS INC., et al.,     :    08-13555 (JMP)
                                           :
                    Debtors.               :    (Jointly Administered)
                                           :
                                           :
--------------------------------------------------------------------x
```

## ORDER PURSUANT TO BANKRUPTCY
## RULE 2004 AUTHORIZING DISCOVERY

Upon the motion, dated September 29, 2009 (the "Motion"), of Lehman Brothers

Special Financing, Inc. ("LBSF"), as debtor and debtor in possession (the "Debtor" and,

collectively with its non-debtor affiliates, "Lehman"), pursuant to Rule 2004 of the Federal Rules

of Bankruptcy Procedure, authorizing Dollar General Corporation ("Dollar General") to produce

certain discovery, as more fully set forth in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and

the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the

Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Motion having been provided, and it appearing that no other or

further notice need be provided; and the Court having reviewed the Motion; and approval of the

relief requested in the Motion being within the sound discretion of the Court; and the Court

having determined that the relief sought in the Motion is in the best interests of the Debtor, its

creditors and all parties in interest; and the Court having determined that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein, including that the examination of Dollar General relates to the "property or to the liabilities and financial condition" of the Debtor and may "affect the administration of the [Debtor's] estate"; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that Dollar General shall produce responsive, non-privileged documents requested in Exhibit A attached hereto; and it is further

ORDERED that Dollar General shall designate an individual or individuals with knowledge of the matters and documents described in Exhibit A, and produce that individual(s) to be examined by the Debtor under oath and in accordance with Bankruptcy Rule 2004 on such date and time and at such location as may be designated in writing by the Debtor on not less than 14 days notice; and it is further

ORDERED that the Debtor may issue discovery requests and subpoenas as may be necessary to accomplish the discovery authorized by this Order; and it is further

ORDERED that, to the extent necessary, the Debtor's rights are reserved to request additional documents and depositions under Bankruptcy Rule 2004 based on any information that may be revealed as a result of the documents provided pursuant to this Order; and it is further

ORDERED that this Court retains jurisdiction to resolve all matters arising under or related to this Order, including any disputes regarding discovery, or any subpoena issued pursuant to this Order, that may arise between or among the parties, and to interpret, implement and enforce the provisions of this Order.

2

Dated: October ___, 2009
New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

### DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1.      "Concerning" shall have the meaning set forth in Southern District of New York Local Civil Rule 26.3(c)(7).

2.      "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes, without limitation, reports, correspondence, minutes, emails, instant messages, spreadsheets, memoranda, notes and all other writings, Bloomberg screenshots, drawings, graphs, charts, photographs, sound recordings and electronic or computerized data compilations from which information can be obtained and/or translated, if necessary, through electronic detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of this term. The word "including" means including, but not limited to.

3.      The terms "Debtor," "Debtors," "LBHI" or "LBSF" shall mean Lehman Brothers Holdings, Inc. or Lehman Brothers Special Financing, Inc.

4.      "Dollar General," "You," and "Your" shall mean Dollar General Corporation and any person acting on its behalf or under its control, including any of its agents, subsidiaries, affiliates, predecessors, successors, or representatives.

5.      The terms "and" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of this request all documents which might otherwise be considered to be outside of that scope.

6.      The word "each" shall mean both "each" and "every", and the word

"every" shall mean both "each" and "every," as appropriate in order to bring within the scope of

this Request documents which might otherwise be beyond its scope.

7.      The term "Market Quotation" shall have the meaning ascribed to it in

Section 14 of the Master Agreement.

8.      The term "Master Agreement" shall mean the standard 1992 ISDA Master

Agreement, subject to the terms and conditions of the July 9, 2007 Confirmation entered into by

Dollar General and LBSF.

9.      The term "Reference Market-makers" shall have the meaning  ascribed to

it in Section 14 of the Master Agreement.

10.     The term "Replacement Transaction" shall mean any transaction entered

into by Dollar General to replace the Terminated Transaction.

11.     The term "Terminated Transaction" means the Transaction terminated by

Dollar General in its October 30, 2008 letter to LBSF.

12.     The term "Unpaid Amounts" shall have the meaning ascribed to it in

Section 14 of the Master Agreement.

13.     The term "Valuation Letter" shall mean the letter from Dollar General,

dated November 10, 2008.

## <u>GENERAL INSTRUCTIONS</u>

The following General Instructions apply to each request set forth herein.

1.      Each request seeks production of each Document, in its entirety, without

abbreviation or expurgation, and all drafts and non-identical copies of each Document.

2.      If any Document requested herein was formerly in Your possession,

custody or control (or that of Your Representative) and has been lost or destroyed or otherwise

disposed of, You are requested to submit in lieu of any such Document a written statement (a)

describing in detail the nature of the Document and its contents, (b) identifying the person(s)

who prepared or authored the Document and, if applicable, the person(s) to whom the Document

was sent, (c) specifying the date on which the Document was prepared or transmitted and (d)

specifying the date on which the Document was lost or destroyed and, if destroyed, the

conditions of and reasons for such destruction and the person(s) requesting and performing the

destruction.

3.      If any Document requested herein is withheld on the basis of any claim of

privilege, You are requested to submit, in lieu of any such Document, a written statement (a)

identifying the person(s) who prepared or authored the Document, and, if applicable, the

person(s) to whom the Document was sent or shown, (b) specifying the date on which the

Document was prepared or transmitted, (c) describing the nature of the Document (e.g., letter,

telegram, etc.), (d) stating briefly why the Document is claimed to be privileged or to constitute

work product, and (e) identifying the paragraph of this request to which the Document relates.

4.      If a portion of an otherwise responsive Document contains information

subject to a claim of privilege, those portions of the Document subject to the claim of privilege

shall be deleted or redacted from the Document, the instructions in the preceding paragraph shall

be applicable, and the rest of the Document shall be produced.

5.      All Documents are to be produced as kept in the usual course of business

or are to be organized and labeled to correspond with the categories in this request.  The method

for production of each category is to be identified at the time of production.  Documents are to be

produced in full and unexpurgated form.

6.    Each page of each document should be numbered consecutively.  A

request for a document shall be deemed to include a request for any and all file folders within

which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or

attachments to the document in addition to the document itself.

7.    Documents attached to each other (physically or via electronic mail)

should not be separated.

8.    In producing the requested documents, even though the requests are

directed to "you," furnish all documents which are available to you, including documents in the

possession of any of your officers, directors, employees, agents, attorneys, investigators,

accountants or consultants and not merely such documents in your possession.

9.    The requests which follow are to be regarded as continuing, and Dollar

General is requested to provide by the way of supplementary compliance herewith, such

additional documents as Dollar General may hereafter obtain, which will augment the documents

now produced in response to the requests below.  Such additional documents are to be produced

at the offices of Weil, Gotshal & Manges LLP promptly after receipt thereof.

10.    At a future date, the Debtor may request the production of additional

documents based on information revealed during this document request.

11.    At a future date, the Debtor may request to depose additional individuals

based on information revealed during this document request.

## **RELEVANT TIME PERIOD**

Unless otherwise stated, the relevant time period for each of the following

requests is from and including October 30, 2008 through the present.

## REQUESTS FOR PRODUCTION

REQUEST NO. 1

   All documents concerning any valuation of the Terminated Transaction,

including, but not limited to, the valuation contained in the Valuation Letter.

REQUEST NO. 2

   All documents containing or reflecting a description, in whole or in part, of the

methodology used by Dollar General to determine the value of the Terminated Transaction,

including any documents describing how quotations, if any, were utilized.

REQUEST NO. 3

   All documents reflecting requests by or on behalf of Dollar General for quotations

from Reference Market-makers or any other persons, and all responses from Reference Market-

makers and any other persons thereto.

REQUEST NO. 4

   All documents concerning any Unpaid Amounts, including accrued interest

thereon, due with respect to the Terminated Transaction.

REQUEST NO. 5

   All documents concerning any Replacement Transaction, including, but not

limited to, documents concerning (i) any consideration paid or received in connection with a

Replacement Transaction, (ii) the names of any entity which effectuated a replacement, and (iii)

when any such transaction was effected.

REQUEST NO. 6

   All documents concerning any communications between and among, or on behalf

of, Dollar General and any third party, including Dollar General's representatives, advisors,

agents, accountants, and counsel related to Market Quotations from Reference Market-makers,

Unpaid Amounts, and/or Replacement Transactions in connection with the Terminated Transaction.

REQUEST NO. 7

Documents sufficient to identify all persons who were involved in the valuation of the Terminated Transaction or in the replacement of the Terminated Transaction and their roles in connection therewith.

REQUEST NO. 8

All documents concerning fees, expenses, interest, or other ancillary items incurred by Dollar General with respect to the Terminated Transaction.

REQUEST NO. 9

All documents sufficient to identify any financial or accounting entries made on Dollar General's books and records as a result of the termination of the Terminated Transaction, and all supporting documents or other information related to the determination of such amounts.

REQUEST NO. 10

Documents sufficient to identify the historical bid/offer spread and mid-point (or estimate) for the Terminated Transaction as of the close of business for each day from and including September 12, 2008 to and including October 31, 2008, and Dollar General's internal valuation models and external sources evidencing these amounts.

REQUEST NO. 11

Documents sufficient to identify all master agreements, other agreements, confirmations and other documents constituting the Agreement between the parties in connection with the Terminated Transaction.