Hearing Date: November 18, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: October 9, 2009 at 4:00 p.m. (Prevailing Eastern Time)

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Attorneys for the Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                                        :
In re                                                                   :    Chapter 11
                                                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,                                  :    Case No. 08-13555 (JMP)
                                                                        :
                        Debtors.                                        :    (Jointly Administered)
------------------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION TO COMPEL ABN AMRO INC.**
**TO RESPOND TO EXAMINER'S SUBPOENA FOR RULE 2004 EXAMINATION**

PLEASE TAKE NOTICE that a Hearing on the attached Motion to Compel ABN AMRO Inc. To Respond to Examiner's Subpoena for Rule 2004 Examination (the "Motion"), all as more fully described in the Motion, will be held on **November 18, 2009 at 10:00 a.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that the Hearing will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court,

i

Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck ("Chambers"), One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; (v) Jenner & Block LLP, 919 Third Avenue, 37th Floor, New York, New York 10022-3908, Attn:  Patrick J. Trostle, attorneys for the Examiner; (vi) ABN AMRO Incorporated, 600 Washington Blvd., Stamford, CT 06901, Attn: Mary Elizabeth Taylor, Senior Vice President &

Interim General Counsel; and (vii) any person or entity with a particularized interest in the subject matter of the Motion; so as to be received no later than **October 9, 2009, at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

      PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

      PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: September 30, 2009
New York, New York

Respectfully submitted,

By: */s/ Patrick J. Trostle*
    Patrick J. Trostle

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Attorneys for the Examiner

Hearing Date: November 18, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: October 9, 2009 at 4:00 p.m. (Prevailing Eastern Time)

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Attorneys for the Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11
: 
LEHMAN BROTHERS HOLDINGS INC., et al., : Case No. 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
---------------------------------------------------------------x

**MOTION TO COMPEL ABN AMRO INC. TO RESPOND**
**TO EXAMINER'S SUBPOENA FOR RULE 2004 EXAMINATION**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Anton R. Valukas, Esq. (the "Examiner"), files this motion for an Order pursuant to section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") compelling ABN AMRO Incorporated ("ABN AMRO") to respond, fully and promptly, to a pending subpoena. In support of his motion, the Examiner states:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Preliminary Statement**

2.      Since his appointment on January 20, 2009, the Examiner has conducted more than 110 interviews and has collected over twenty eight million potentially relevant pages of documents from multiple parties in interest, primarily through voluntary cooperation and without the intervention of this Court.  As part of that process, the Examiner requested documents from ABN AMRO, first informally and then by subpoena on August 11, 2009 (the "Subpoena").[1]

3.      The Examiner has requested documents from ABN AMRO to explore a false rumor concerning Lehman that may have been initiated, or at the very least repeated, by an ABN AMRO employee and that may have contributed to the naked short selling of Lehman stock.  As set forth more fully below, the Examiner has gone to great lengths to obtain voluntary compliance from ABN AMRO, but has been met with evasion or worse.  The Examiner therefore respectfully requests that this Court order ABN AMRO to produce within 5 days of this Court's order:  (1) a Rule 30(b)(6) witness who can testify under oath concerning ABN AMRO's

---

[1] The Court appointed the Examiner on January 20, 2009 to investigate, among other things, whether there are colorable claims for breaches of fiduciary duties "arising in connection with the financial condition of the Lehman enterprise prior to the commencement of the LBHI chapter 11 case on September 15, 2008" and "The events that occurred from September 4, 2008 through September 15, 2008 or prior thereto that may have resulted in commencement of the LBHI chapter 11 case." (Order Directing Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code.)  On February 11, 2009, this Court granted the Examiner subpoena power pursuant to Bankruptcy Rule 2004 "to issue such subpoenas as may be necessary to compel the production of documents and the testimony of Witnesses in connection with the Examiner's Investigation."  (Order Granting Examiner's Motion Directing the Production of Documents and Authorizing the Examinations of the Debtors' Current and Former Officers, Directors and Employees, and other Persons and Entities.)

2

IT systems so that the Examiner has sworn testimony against which to evaluate ABN AMRO's conflicting accounts; and (2) all documents responsive to the Examiner's subpoena. Accordingly, the Examiner respectfully requests that this Court direct ABN AMRO to comply immediately with the Subpoena.

**Background**

4.   On July 23, 2009, the Examiner's counsel sent a letter request to ABN AMRO, seeking documents that "concern, discuss, evaluate, or analyze short selling, including 'shorting' or 'naked' selling of the stock of LBHI or any of its affiliates" (the "Responsive Materials"). (Byman Aff., Ex. A.) ABN AMRO did not respond.

5.   On August 5, 2009, the Examiner's counsel sent another letter to ABN AMRO, again requesting the Responsive Materials and stating that a subpoena would be forthcoming if the Examiner did not receive a prompt response. (Byman Aff., Ex. B.) Once again, ABN AMRO did not respond.

6.   On August 11, 2009, the Examiner served a subpoena on ABN AMRO seeking the production of the Responsive Materials by August 24, 2009. (Byman Aff., Ex. C.)

7.   On August 24, 2009, Ken Coleman, counsel for ABN AMRO, contacted the Examiner's counsel. Mr. Coleman stated that he was responding to the Examiner's letter request and that he was not aware of the pending subpoena. The Examiner's counsel provided Mr. Coleman with an additional copy of the Subpoena.

8.   On August 26, 2009, Mr. Coleman told the Examiner's counsel that the matter was transitioning within the bank and that he would no longer be working on the Examiner's request.

9.   On August 27, 2009, Shawn Sprecker of ABN AMRO called the Examiner's counsel. During that call, he asserted that, due to the structure of ABN AMRO's IT systems,

ABN AMRO could not search for the Responsive Materials unless the Examiner provided the name of a specific entity or department within ABN AMRO. That same day, the Examiner's counsel provided the name of a business unit within ABN AMRO and further agreed to narrow the time period covered by the Examiner's Subpoena, in order to make it easier for ABN AMRO to locate Responsive Materials. Rather than comply with the Subpoena, however, at that point ABN AMRO raised a new objection — that it was unable to perform any searches without the name of a specific custodian.

10. On September 1, 2009, ABN AMRO sent its objections by U.S. mail to the Examiner (the "Objections"). (Byman Aff., Ex. D.) Those Objections assert that the Subpoena: (1) is overly broad and unduly burdensome; (2) requires the disclosure of privileged documents; (3) seeks confidential information; (4) seeks information more easily accessed from other parties; and, (5) cannot be complied with without a custodian's name due to the constraints of their IT systems. ABN AMRO did not provide any date by which any Responsive Materials would be produced.

11. On September 3, 2009, the Examiner's counsel provided the name of an individual custodian to ABN AMRO in order to facilitate ABN AMRO's search, while reiterating that the pending Subpoena was not limited to documents to or from that custodian.

12. On September 8, 2009, ABN AMRO left a voicemail message indicating that, because that the custodian was located abroad, ABN AMRO would not produce responsive material for an indefinite period of time. In response, also on September 8, 2009, the Examiner's counsel sent a letter requesting that ABN AMRO immediately contact counsel for the Examiner to discuss a mutually agreeable schedule for the production of responsive materials

4

and indicating that the Examiner would seek relief from this Court if ABN AMRO did not promptly respond. (Byman Aff., Ex. E.)

13.     On September 16, 2009, ABN AMRO responded to the Examiner's counsel's September 8 letter. (Byman Aff., Ex. F.) In its September 16 letter, ABN AMRO agreed to conduct an extremely limited search, extending only to emails of the individual custodian whose name the Examiner had provided — and restricted further to materials located in the United States. ABN AMRO admitted that "our Hong Kong office, a foreign office of [ABN AMRO Incorporated]'s parent company," may have additional responsive materials, but ABN AMRO asserts that those materials are outside of its possession, custody, or control and therefore will not be produced. ABN AMRO's September 16 letter also failed to provide any of the information that the Examiner's counsel had requested regarding ABN AMRO's IT systems.

## Relief Requested

14.     By this Motion, the Examiner seeks an order directing ABN AMRO to comply fully with the Subpoena within five (5) business days.

## Basis for Relief

**I.     Rule 2004 Grants the Examiner Broad Subpoena Power.**

15.     Rule 2004(a) governs the scope of the Examiner's subpoena power. Rule 2004 subpoenas may relate to

> the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan.

Fed. R. Bankr. P. 2004.

5

16. The scope of a Rule 2004 subpoena has been described as "very broad[,]" Rule 2004 adv. comm. notes, and "unfettered[,]" *In re Bazemore*, 216 B.R. 1020, 1223 (Bankr. S.D. Ga. 1999). Rule 2004 permits a "larger [scope of examination] than permitted under the Federal Rules of Civil Procedure." *In re Wilcher*, 56 B.D. 428, 433 (Bankr. N.D. Ill. 1985).

17. Rule 2004 authority is construed particularly broadly for Examiners. *See In re Ionosphere Clubs, Inc.*, 156 B.D. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) ("[t]he investigation of an examiner in bankruptcy, unlike civil discovery under Rule 26(c), is supposed to be a 'fishing expedition,' as exploratory and groping as appears proper to the Examiner[]") (citing *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983)).

**II.    ABN AMRO Should Be Compelled To Produce The Responsive Materials.**

18. ABN AMRO has not provided any basis for refusing, or indefinitely delaying, its response to the Subpoena. To the contrary, ABN AMRO's Objections are largely boilerplate.

19. First, ABN AMRO objects that the Subpoena "is overly broad, unduly burdensome and seeks information which is not reasonable calculated to lead to the discovery of admissible evidence." (Byman Aff., Ex. D.) ABN AMRO has provided no support for that naked conclusion. In fact, the limited nature of the Subpoena, which focuses tightly on the short selling of Lehman stock, and the narrow time frame as to which the Examiner seeks Responsive Materials, belie ABN AMRO's conclusory objection.

20. Second, ABN AMRO objects that the Subpoena "requires the disclosure of documents protected from discovery based on the work product doctrine, or other applicable privilege." (Byman Aff., Ex. D.) The mere possibility that a privilege may apply to some materials provides no basis to refuse compliance with the Subpoena.

6

21. Third, ABN AMRO objects to producing confidential, sensitive, or proprietary business information. (Byman Aff., Ex. D.) That excuse is meritless. The Examiner will execute a Protective Order for materials that ABN AMRO produces, in substantially the same form as the Examiner has done with other parties.

22. Fourth, ABN AMRO objects that the Subpoena seeks information that "is more readily and efficiently obtained from parties in the dispute." (Byman Aff., Ex. D.) That is not correct. The Examiner is investigating whether ABN AMRO initiated or facilitated false rumors concerning Lehman, and the naked short selling of Lehman's stock.

23. Fifth, ABN AMRO has provided conflicting accounts concerning its IT system and its ability to search for responsive documents. ABN AMRO asserts that its "IT system does not have [the] capability" to perform an electronic search without a custodian's name. (Byman Aff., Ex. D.) However, ABN AMRO has failed to provide basic information necessary to test that assertion, including: the locations of the servers that may contain responsive information; the hardware and equipment, for each such server; and, the software packages and versions that are used on those servers, as well as other computers that may contain information responsive to the Examiner's Subpoena. The Examiner requested that information by letter (Ex. E), but ABN AMRO has failed to respond. ABN AMRO cannot avoid complying with the Subpoena by making assertions concerning its IT systems that it refuses to substantiate. *Cf.* Fed. R. Civ. P. 26(2)(B) (party objecting to production bears burden of showing "that the information is not reasonably accessible").

24. As noted above, the Examiner provided the name of a custodian to ABN AMRO, yet ABN AMRO nonetheless has failed to produce any Responsive Materials. ABN AMRO initially responded with a delaying tactic, contending that the search for potentially responsive

7

materials to the Subpoena will take an indeterminate period because it requires the production of documents potentially located outside the United States. On September 16, 2009, ABN AMRO changed course and asserted for the first time that it does not have possession, custody, or control over documents located in "our Hong Kong office, a foreign office of [ABN AMRO Incorporated]'s parent company." (Byman Aff., Ex. F.)

25. ABN AMRO's latest argument is baseless. It is well established that "the person subject to the subpoena is required to produce materials in that person's control whether or not the materials are located within the district or within the territory within which the subpoena can be served." Fed. R. Civ. P. 45 adv. comm. notes to 1991 Amendment. "The 'control' over its records upon which is founded the obligation of a corporation to produce them upon summons or subpoena *duces tecum* is not an esoteric concept. Any officer or agent of the corporation who has power to cause the branch records to be sent from a branch to the home office for any corporate purpose, surely has sufficient control to cause them to be sent on when desired for a governmental purpose properly implemented by a subpoena." *First National City Bank of New York v. Internal Revenue Service*, 271 F.2d 615, 618 (2d Cir. 1959). *See also Elder-Beerman Stores Corp. v. Federated Department Stores, Inc.*, 45 F.R.D. 515, 516 (S.D.N.Y. 1968) (stating "A foreign corporation doing business in a district is subject to all process, including subpoena, in the district, and if documents are required in response to a subpoena, the court has the power to order their production even though they are physically located outside the jurisdiction.")

26. Further, ABN AMRO maintains a branch in New York. It is not unreasonable to believe that at least some Responsive Materials reside on ABN AMRO's servers within the United States. In *In re Jee*, 104 B.R. 289, (Bankr. C.D. Cal. 1989), the Korean Exchange Bank refused to produce documents located in any branch other than its Los Angeles branch, which

8

had been served with a subpoena. However, the court rejected the bank's arguments and required production of all documents "regardless of their location." ABN AMRO has provided no basis for refusing, or delaying indefinitely, in responding to the Subpoena.

### Notice

27.     No trustee has been appointed in these chapter 11 cases. The Examiner has served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009, governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the Court; (ii) counsel for the Debtors; (iii) the U.S. Trustee; (iv) counsel for the Creditors' Committee; (v) ABN AMRO; (vi) the Securities and Exchange Commission; (vii) the Internal Revenue Service; (viii) the United States Attorney for the Southern District of New York; and (ix) all parties who have requested notice in these chapter 11 cases. In light of the nature of the relief requested, the Examiner submits that no other or further notice need be provided.

28.     No previous request for the relief sought herein has been made to this or any other Court.

**Conclusion**

WHEREFORE, the Examiner respectfully requests that this Court (a) enter an order granting the relief requested herein and as set forth in the proposed order submitted herewith and (b) such other and further relief to the Examiner as the Court may deem just and proper.

Dated: September 30, 2009
New York, New York

                                              Respectfully submitted,

                                              By:  */s/ Robert L. Byman*
                                                   Robert L. Byman

                                            JENNER & BLOCK LLP
                                            919 Third Avenue, 37th Floor
                                            New York, New York 10022-3908
                                            Telephone: (212) 891-1600
                                            Facsimile: (212) 891-1699

                                            Attorneys for the Examiner