**Hearing Date: November 18, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: October 9, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Patrick J. Trostle

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Attorneys for the Examiner

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
|  | : |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC., <u>et</u> <u>al.</u>, | : | Case No. 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

-----------------------------------------------------------------------x

## <u>AFFIDAVIT OF ROBERT L. BYMAN</u>

| STATE OF NEW YORK | ) | |
|---|---|---|
|  | ) | SS: |
| COUNTY OF NEW YORK | ) | |

**ROBERT L. BYMAN**, being duly sworn, deposes and says:

1.  I am over the age of 18.  I am a partner with the law firm of Jenner & Block LLP and serve as counsel to Anton R. Valukas, the Examiner, in the above-captioned action.

2.    On July 23, 2009, I sent a letter to ABN AMRO Inc. ("ABN AMRO") on the Examiner's behalf seeking documents that "concern, discuss, evaluate, or analyze short selling, including 'shorting' or 'naked' selling of the stock of LBHI or any of its affiliates."   (Ex. A.)

3.    ABN AMRO did not respond to my letter.   Accordingly, on August 5, 2009, I sent a further letter to ABN AMRO informing ABN AMRO that if no response was received by August 10, 2009, we would proceed formally and issue a subpoena.  (Ex. B.)

4.    Once again, ABN AMRO did not respond. On August 11, 2009, a subpoena was served on ABN AMRO with a return date of August 24, 2009. (Ex. C.)

5.    On August 24, 2009, Ken Coleman, counsel for ABN AMRO, called Laura Pelanek, one of the Examiner's attorneys.   Mr. Coleman stated that he was responding to my July 23, 2009 letter request and was unaware of the pending subpoena.

6.    On August 26, 2009, Mr. Coleman e-mailed Ms. Pelanek to say that that the matter was transitioning within the bank and that he would no longer be working on the Examiner's request.

7.    On August 27, 2009, Shawn Sprecker of ABN AMRO called Ms. Pelanek.  During that call, he asserted that, due to the structure of ABN AMRO's IT systems, ABN AMRO could not search for the Responsive Materials unless the Examiner provided the name of a specific entity or department within ABN AMRO.

8.    In an effort to cooperate with ABN AMRO and to facilitate the production of responsive documents, on August 27, 2009, the Examiner's counsel provided the name of a business unit within ABN AMRO.   Additionally, counsel for the Examiner agreed to narrow the responsive time period from May 1, 2008 through September 30, 2008 to the period from July 1, 2008 through July 22, 2008.

1803892

9.  In response, in a call on August 27, 2009, ABN AMRO asserted that a business unit actually was not sufficient and instead a custodian's name would be required for any search to be performed.

10. On September 1, 2009, ABN AMRO sent five objections to the Subpoena by U.S. mail to the Examiner. (Ex. D)

11. On September 3, 2009, the Examiner's counsel, Ms. Pelanek provided the name of an individual custodian to Shawn Sprecker, of ABN AMRO, in order to facilitate ABN AMRO's search.  During that call, the Examiner's counsel reiterated that the pending Subpoena was not limited to documents to or from that custodian.

12. On September 8, 2009, Shawn Sprecker left a voicemail message for Ms. Pelanek, indicating that, because that the custodian was located abroad, ABN AMRO would not produce responsive material for an indefinite period of time.

13. Also on September 8, 2009, I sent a letter to ABN AMOR requesting that ABN AMRO immediately contact counsel for the Examiner to discuss a mutually agreeable schedule for the production of responsive materials and indicating that the Examiner would seek relief from this Court if ABN AMRO did not promptly respond. (Ex. E.)

14. On September 16, 2009, ABN AMRO responded to my September 8 letter.  ABN AMRO agreed to conduct an extremely limited search, extending only to emails of the individual custodian whose name the Examiner had provided — and restricted further to materials located in the United States. (Ex. F.)

1803892

15. On September 29, 2009, Ms. Pelanek left a voicemail message for Shawn Sprecker,

asking ABN AMRO for the status of the document for which ABN AMRO previously agreed to

search as well as to ABN AMRO's objection to producing documents in overseas offices. As of

the filing of this affidavit, that call was not returned.

FURTHER AFFIANT SAYETH NOT.

Robert L. Byman

Subscribed and sworn to before me
this 30 day of SEPT, 2009.

Notary Public

MARK R. SCHOLL
NOTARY PUBLIC, State of New York
No. 01SC6063204
Qualified in New York County
Commission Expires August 27, 2013

4

1803892

# EXHIBIT "A"

# JENNER&BLOCK

**ROBERT L. BYMAN**
Tel 312 923-2679
Fax 312 840-7679
rbyman@jenner.com

| | |
|---|---|
| Jenner & Block LLP | Chicago |
| 330 N. Wabash Avenue | Los Angeles |
| Chicago, IL 60611-7603 | New York |
| Tel 312 222-9350 | Washington, DC |
| www.jenner.com | |

July 23, 2009

*Via Facsimile and U.S. Mail*

Re:     *In re Lehman Brothers Holdings Inc., Case No. 08-13555 (Bankr. S.D.N.Y.)*

ABN AMRO Bank N.V.
Head Office
Gustav Mahlerlaan 10
1082 PP Amsterdam, Netherlands
Fax: 31-20-629-9111

Dear Sir or Madam:

On behalf of Anton R. Valukas, Esq. the appointed Examiner for Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors ("Debtors"), we respectfully request that you produce, within 10 days of receipt of this request, the following documents for inspection and copying at the offices of Jenner & Block LLP, 919 Third Avenue, New York, NY 10022-3908.

"Document" should be interpreted as broadly as permitted by the Federal Rules of Civil Procedure and includes all tangible things and electronically stored information. Any terms in these requests should likewise be interpreted as broadly as possible. References to entities should be interpreted broadly to include the named entity and its affiliates, parents, subsidiaries, officers, directors, employees and agents.

If any document is withheld under a claim of privilege, please provide a privilege log containing the information required under Fed. Bankr. R. 7026, within ten (10) days following receipt of these Requests.

July 23, 2009
Page -2-

## REQUEST

Please produce documents, for the period of May 1, 2008 to September 30, 2008, that concern or discuss short selling, including "shorting," or "naked" short selling, of the stock of LBHI or any of its affiliates, or any actual, reported, or rumored basis for such short selling.

Sincerely,

Robert L. Byman

# EXHIBIT "B"

# JENNER&BLOCK

**ROBERT L. BYMAN**
Tel 312 923-2679
Fax 312 840-7679
rbyman@jenner.com

Jenner & Block LLP        Chicago
330 N. Wabash Avenue      Los Angeles
Chicago, IL 60611-7603    New York
Tel  312 222-9350         Washington, DC
www.jenner.com

August 5, 2009

*Via Facsimile and US Mail*

Re:      *In re Lehman Brothers Holdings Inc., Case No. 08-13555 (Bankr. S.D.N.Y.)*

ABN AMRO Bank N.V.
Head Office
Gustav Mahleraan 10
1082 PP Amsterdam, Netherlands
Fax:  31-20-629-9111

Dear Sir or Madam:

On July 23, 2009, we sent the attached letter requesting the voluntary production of certain documents.  Please be advised that if we have not heard from you by August 10, 2009, we will proceed formally and issue a subpoena for these documents.

Sincerely,

Robert L. Byman

Enclosure

# EXHIBIT "C"

# UNITED STATES BANKRUPTCY COURT

_____Southern_____    District of    _____New York_____

In re Lehman Brothers Holdings Inc., et al.,

Debtor

## SUBPOENA FOR RULE 2004 EXAMINATION

Case No.*    08-13555

Chapter    11 (jointly administered)

To:

ABN AMRO Securities (USA) Inc.
Park Avenue Plaza
55 E 52nd St.
New York, NY 10055

☐  **YOU ARE COMMANDED** to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below.  A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒  **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached rider.

| PLACE    Jenner & Block LLP<br>919 3rd Avenue, 37th Floor<br>New York, NY 10022-3908 | DATE AND TIME<br>August 24, 2009 |
|---|---|

| ISSUING OFFICER SIGNATURE AND TITLE | DATE<br>August 11, 2009 |
|---|---|

| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER | Robert L. Byman<br>Jenner & Block LLP<br>919 Third Avenue, 37th Floor<br>New York NY 10022-3908 | (312) 923-2679 |
|---|---|---|

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

    DATE                                                    SIGNATURE OF SERVER

                                                            ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
   (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
   (2) Command to Produce Materials or Permit Inspection.
      (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
   (3) Quashing or Modifying a Subpoena.
      (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information;
         (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
         (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
      (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
   (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
      (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
      (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) Claiming Privilege or Protection.
      (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## DOCUMENT RIDER

Pursuant to Fed. R. Civ. P. 45, Fed. R. Bankr. P. 2004 and the Court's February 11, 2009 Order ("Order," attached hereto as Exhibit A), Anton R. Valukas, Esq., the appointed Examiner for Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors ("Debtors"), through counsel, hereby requests that you produce the documents described below for inspection and copying at the offices of Jenner & Block LLP, 919 Third Avenue, New York, NY 10022-3908 on August 24, 2009 at 10:30 a.m.

## INSTRUCTIONS

1.     "Document" should be interpreted as broadly as permitted by the Federal Rules of Civil Procedure and includes all tangible things and electronically stored information.  Any terms in these requests should likewise be interpreted as broadly as possible.  References to entities should be interpreted broadly to include the named entity and its affiliates, parents, subsidiaries, officers, directors, employees and agents.

2.     As directed by the Order, if you withhold any documents from the production based upon a claim of privilege, provide Examiner's counsel with a privilege log containing the information required under Fed. R. Bank. P. 7026 within ten (10) days of service of the foregoing subpoena.

## REQUESTS

Please produce documents responsive to the below requests for May 1, 2008 to September 30, 2008.

1.     Please produce documents that concern, discuss, evaluate or analyze short selling, including "shorting" or "naked" short selling of the stock of LBHI or any of its affiliates, or any actual, reported, or rumored basis for such short selling,

By:   _/s/ Robert L. Byman_
        Robert L. Byman

JENNER & BLOCK LLP

919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

*Attorneys for the Examiner*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
 ------------------------------------------------------------------------x

In re                                                                Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.,*                              08-13555 (JMP)

                                 Debtors.                            (Jointly Administered)

 ------------------------------------------------------------------------ x

## ORDER GRANTING EXAMINER'S MOTION DIRECTING THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATIONS OF THE DEBTORS' CURRENT AND FORMER OFFICERS, DIRECTORS AND EMPLOYEES, AND OTHER PERSONS AND ENTITIES

Upon the Motion of Anton R. Valukas (the "Examiner") for an Order Directing the
Production of Documents and Authorizing the Examination of the Debtors' Current and Former
Officers, Directors and Employees, and Other Persons and Entities (the "Motion"); and the Court
having reviewed the Motion and the exhibits submitted in support; and the Court being satisfied
that adequate notice of the Motion has been provided in accordance with the procedures set forth in
the order entered September 22, 2008 governing case management and administrative procedures
[Docket # 285] (i) to the Court; (ii) counsel for the Debtors; (iii) the U.S. Trustee; (iv) counsel for
the Official Committee of Unsecured Creditors; (v) counsel for the Debtors' postpetition lenders;
(vi) the Securities and Exchange Committee; (vii) the Internal Revenue Service; (viii) the United
States Attorney for the Southern District of New York; (ix) any person with a particularized
interest in the subject matter of the Motion; and (x) all parties who have requested notice in these
Chapter 11 Cases; and (xi) it appearing that no other or further notice of the Motion need be
provided; and after due deliberation and sufficient cause appearing therefor; it is hereby
ORDERED

---

' Capitalized terms not otherwise defined shall have the meaning ascribed to them in the Motion.

1.        The Motion is granted.

2.        The Examiner is authorized, pursuant to Bankruptcy Rule 2004, to issue such subpoenas as may be necessary to compel the production of documents and the testimony of Witnesses in connection with the Examiner's Investigation.

3.        The Examiner shall serve each subpoena and a copy of this Order on the target of the subpoena, with copy to (i) the Debtor; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iii) the SIPA Trustee; and (iv) the United States Attorney for the Southern District of New York.

4.        As directed in ¶ 8 of the Examiner Order, the Examiner shall cooperate fully with any government agencies including, but not limited to, any Federal, state or local government agency that currently or in the future may be investigating the Debtors, their management or their financial condition, and the Examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with, or duplication of, any investigations conducted by such agencies. The Examiner will follow a protocol to be established with the governmental agencies for the sharing of information to the extent that such sharing benefits the Debtors' estates, and such sharing of information shall be subject to appropriate conditions to protect the Debtors' estates.

5.        The Examiner shall file with the Court an affidavit or declaration of service for each subpoena he serves.

6.        Unless otherwise agreed to by the Examiner, Witnesses shall have ten (10) days from the service of a subpoena to either (1) produce to the Examiner all responsive documents requested in the Examiner's subpoena, except as provided in ¶ 7 *infra;* or (2) file with the Bankruptcy Court an objection or response to the subpoena, with a hearing promptly scheduled.

7.      Unless otherwise agreed by the Examiner, if a Witness withholds any documents from the production based upon a claim of privilege, such Witness is directed to provide counsel for the Examiner with a privilege log, containing the information required under Bankruptcy Rule 7026, within ten (10) days of the service of a subpoena upon the Witnesses.

8.      The Witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Examiner, in no event more than fifteen (15) days from the date of service of a deposition subpoena upon such Witness

9.      Nothing herein limits the substantive rights of Witnesses or other parties under applicable law to object to or oppose any subpoena the Examiner may serve.

10.     This Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.

11.     In accordance with Bankruptcy Rules 2004 and 9016, the Clerk of this Court shall issue subpoenas, signed but otherwise in blank, as requested by the Examiner.

12.     This Order is without prejudice to the Trustee's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law.

Dated: February 11, 2009
New York, New York

                                        */s/ James M. Peck*_____
                                        UNITED STATES BANKRUPTCY JUDGE

| | COURT | UNITED STATES BANKRUPTCY COURT |
|---|---|---|
| COUNTY OF | | SOUTHERN DISTRICT OF NEW YORK |

IN RE LEHMAN BROTHERS HOLDINGS INC. ET AL.,
DEBTOR.

*Plaintiff(s)*

against

*Defendant(s)*

CASE
~~Index~~ No.  08-13555

*AFFIDAVIT OF*
*SERVICE OF SUBPOENA*
FOR RULE 2004 EXAMINATION

STATE OF NEW YORK, COUNTY OF   NEW YORK                    SS:   The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at   EAST MEADOW, NEW YORK

That on   8/11/09                          at  4:56  P.M., at  101 PARK AVENUE, NEW YORK, NEW YORK 6TH FL.

deponent served the within subpoena on           ABN AMRO SECURITIES (USA) INC.                                    witness therein named,
FOR RULE 2004 EXAMINATION         C/O ROYAL BANK OF SCOTLAND

**INDIVIDUAL**
1. ☐   by delivering a true copy to said witness personally; deponent knew the person so served to be the witness described in said subpoena.

**CORPORATION**
2. ☒   a  DOMESTIC                 corporation, by delivering thereat a true copy to   CARL KEITT
personally, deponent knew said corporation so served to be the corporation witness and knew said individual to be
MANAGING AGENT         thereof.

**SUITABLE AGE PERSON**
3. ☐   by delivering thereat a true copy to                                         a person of suitable age
and discretion. Said premises is witness'—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC.**
4. ☐   by affixing a true copy to the door of said premises, which is witness'—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find witness or a person of suitable age and discretion thereat, having called there

**MAILING TO RESIDENCE**
**USE WITH 3 OR 4**
5A. ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to witness at witness' last known residence, at                                         and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS**
**USE WITH 3 OR 4**
5B. ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to witness at witness' actual place of business, at
in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the witness.

**DESCRIPTION**
**USE WITH 1, 2, OR 3**
☒

| ☒ Male | ☐ White Skin | ☒ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
|---|---|---|---|---|---|---|
| ☐ Female | ☒ Black Skin | ☐ Brown Hair | ☐ Balding | ☒ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ☐ 5'4"-5'8" | ☒ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☒ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

At the time of said service, deponent paid (tendered) in advance $                    the authorized traveling expenses and one day's witness fee.

Sworn to before me on
8/12/09

Gabriela Galindo
Notary Public, State of New York
No. 01GA6187899
Qualified in Queens County
Commission Expires 6/02/2012

PRINT NAME BENEATH SIGNATURE
JUAN D. AGUIRRE

License No.                843839

# EXHIBIT "D"

**ABN·AMRO**

600 Washington Blvd.
Stamford, CT 06901
Ph: 203-897-0807

September 1, 2009

**VIA FedEx overnight mail**

Robert L. Byman
Jenner & Block LLP
919 Third Avenue, 37th Fl.
New York, NY 10022-3908

       **Re:**    **Subpoena – Case No. 08-13555**
              **In re Lehman Brothers Holdings Inc., et al.**

Mr. Byman:

      We acknowledge receipt of the above-referenced subpoena, dated August 11, 2009 (the "Subpoena"). ABN AMRO Incorporated ("AAI") hereby responds and objects to the Subpoena as follows:

      First, AAI objects to the Subpoena on the grounds that it is overly broad, unduly burdensome and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.

      Second, AAI objects to the Subpoena to the extent that it requires disclosure of documents protected from discovery based on the work product doctrine, or other applicable privilege.

      Third, AAI objects to the Subpoena to the extent that it seeks proprietary, financial, trade-secret or other confidential information that would infringe upon the privacy rights of non-parties to the litigation.

      Fourth, AAI objects to the Subpoena to the extent that it seeks information that is publicly available and/or is more readily and efficiently obtained from parties to the dispute.

      Fifth, AAI objects to the Subpoena to the extent that we are unable to search for electronic mail without a custodian's name because our IT system does not have that capability.

      For the sake of good order, we note that the information set forth above is based on a review of our records performed by our employees upon our instructions. It is inevitably subject to unintentional errors and omissions.

                           Very truly yours,
                         ABN AMRO Incorporated

Mary E. Elizabeth Taylor /sas

   Mary Elizabeth Taylor
   Senior Vice President &
   Interim General Counsel

                               David J. Deegan
                                Director &
                          Associate General Counsel

Cc: Laura Pelanek

# EXHIBIT "E"

# JENNER&BLOCK

**ROBERT L. BYMAN**
Tel 312 923-2679
Fax 312 840-7679
rbyman@jenner.com

Jenner & Block LLP            Chicago
330 N. Wabash Avenue          Los Angeles
Chicago, IL 60611-7603        New York
Tel  312 222-9350             Washington, DC
www.jenner.com

September 8, 2009

*Via Facsimile and US Mail*

Mary Elizabeth Taylor
Senior Vice President & Interim General Counsel
ABN AMRO Incorporated
600 Washington Blvd.
Stamford, CT 06901

Re:    *In re Lehman Brothers Holdings Inc., Case No. 08-13555 (Bankr. S.D.N.Y.)*

Dear Ms. Taylor:

We have not yet received any materials responsive to the subpoena that we served on August 11, 2009, which had a due date of August 24, 2009. Although your letter dated September 1, 2009 set out several objections to our subpoena, we have understood based on numerous phone conversations that you intend to produce materials responsive to our subpoena. Accordingly, we have continued to work with you, responding to several requests for further information concerning materials that we are seeking.

However, a voicemail message that Shawn Sprecker left this morning for Laura Pelanek suggests that you do not plan to produce responsive material for an indefinite additional time. That is not acceptable. You have had our subpoena for almost a month, and you received our informal request for the same information nearly three weeks before that. The response date for the subpoena came and went two weeks ago. The time frame under which the Examiner's investigation must proceed does not permit us to wait indefinitely. Please contact Laura Pelanek immediately to discuss a mutually agreeable schedule for the production of responsive materials. In the absence of such an agreement, we will have to proceed before the Bankruptcy Court to enforce the subpoena.

Because you have not produced any responsive materials or indicated to us what materials you are withholding pursuant to the objections in your letter, it is premature

September 8, 2009
Page -2-

to respond specifically to those objections. However, with respect to your fifth objection, that you are "unable to search for electronic mail without a custodian's name because [y]our IT system does not have that capability," please note that Ms. Pelanek provided the name of one custodian to Shawn Sprecker on September 3, 2009. We provided that name in order to facilitate your search; we are not limiting our request to emails to and from that custodian.

Moreover, your statement that your "IT system does not have [the] capability" to search for emails other than by custodian raises further questions that must be addressed promptly. Accordingly, please identify:

> (1)    the locations of all servers for ABN AMRO Incorporated and its subsidiaries and affiliates, including but not limited to the broker-dealer, that you believe may contain information responsive to our subpoena;
>
> (2)    the hardware and equipment, including manufacturer, date, and model name or number, for each such server; and,
>
> (3)    the software packages and versions that are used on those servers, as well as any networked or otherwise relevant end-user machines, to store or retrieve information that may be responsive to our subpoena.

It is important that we receive your response promptly.


Sincerely,

Robert L. Byman

# EXHIBIT "F"

**ABN·AMRO**

ABN AMRO Incorporated
101 Park Avenue
New York, NY  10178
Ph: 203-897-0807

September 16, 2009

**VIA FedEx overnight mail**

Robert L. Byman
Jenner & Block LLP
919 Third Avenue, 37th Fl.
New York, NY  10022-3908

> Re:    Subpoena – Case No. 08-13555
>        In re Lehman Brothers Holdings Inc., et al.

Mr. Byman:

We acknowledge receipt of the above-referenced subpoena, dated August 11, 2009 (the "Subpoena"). By letter dated September 1, 2009 ABN AMRO Incorporated ("AAI") responded and objected to the Subpoena. All of our objections set forth in that letter are incorporated herein. We are also in receipt of your letter dated September 8, 2009.

Through several phone conversations with Laura Pelanek of your firm, we have agreed to narrow the scope of the Subpoena. Now that you have also provided us with the identification of a custodian we are able to conduct a search for documents responsive to the Subpoena. We will conduct a search in the U.S. and produce responsive emails of James Archibald for the timeframe July 1, 2008 – July 22, 2008 (if any).

It has come to our attention that there may be documents within the scope of the Subpoena that are located in our Hong Kong office, a foreign office of AAI's parent company. Unfortunately, we are therefore unable to produce such documents in response to the Subpoena as they are not within the possession, custody or control of AAI. Accordingly, if you require access to these documents, we would ask that you approach our affiliate directly. You should also note that some of those documents may well be subject to local legal or regulatory restrictions which prevent our affiliate from providing copies to you unless they obtain relevant third party consents or are compelled to provide them by a relevant local regulator, such as the Hong Kong Securities Futures Commission.

Very truly yours,
ABN AMRO Incorporated

Shawn R. Sprecker
Senior Paralegal

Cc:  Laura Pelanek via e-mail