Presentment Date and Time: October 9, 2009 at 2:00 p.m. (Prevailing Eastern Time)
Objection Deadline: October 8, 2009 at 2:00 p.m.. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): October 14, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                :
**In re**                                       :    Chapter 11 Case No.
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (JMP)
                                                :
                    Debtors.                    :    (Jointly Administered)
                                                :
                                                :
------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF AMENDED ORDER AUTHORIZING THE
DEBTORS TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR
ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS**

     **PLEASE TAKE NOTICE** that the undersigned will present the annexed Debtors' proposed Fourth Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement and Assumption and Assignment of Prepetition Derivative Contracts (the "Fourth Supplemental Order") on **October 9, 2009 at 2:00 p.m. (Prevailing Eastern Time).**

     **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Fourth Supplemental Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **October 8, 2009 at 2:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Fourth Supplemental Order may be signed.

US_ACTIVE:\43180359\01\43180359_1.DOC\58399.0003

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Fourth Supplemental Order on **October 14, 2009 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: October 2, 2009
       New York, New York

                                /s/ Robert J. Lemons
                                Lori R. Fife
                                Robert J. Lemons
                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, New York 10153
                                Telephone: (212) 310-8000
                                Facsimile: (212) 310-8007

                                Attorneys for Debtors
                                and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                    :
In re                                               :   Chapter 11 Case No.
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,        :   08-13555 (JMP)
                                                    :
                         Debtors.                   :   (Jointly Administered)
                                                    :
------------------------------------------------------------------x

**FOURTH SUPPLEMENTAL ORDER**
**PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY**
**CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR**
**ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS**

Upon the motion, dated November 13, 2008 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"),[1] pursuant to sections 105 and 365 of the Bankruptcy Code (the "Bankruptcy Code") and Rules 6006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order establishing procedures for the assumption and assignment (the "Assumption and Assignment Procedures") of derivative contracts (the "Derivative Contracts")[2] the Debtors entered into with various counterparties (the "Counterparties") and the settlement of claims arising from the termination of Derivative Contracts (the "Termination and Settlement Procedures" and together with the Assumption and

---

[1]  The Debtors do not include Lehman Brothers Inc. ("LBI") or any affiliates of LBHI that are not chapter 11 debtors.

[2]  For the avoidance of doubt, Derivative Contracts shall not include contracts or assets transferred to Barclays Capital Inc. or its affiliates pursuant to the terms of that certain Asset Purchase Agreement dated September 16, 2008 (as amended, supplemented, modified or clarified) among LBHI, LBI, LB 745 LLC, and Barclays Capital Inc.

Assignment Procedures, the "Procedures"), all as more fully described in the Motion; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (ii) the attorneys for the Official Creditors' Committee (the "Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all Counterparties (via mail, fax, or email) in the Debtors' records to the extent that the Counterparties' last known mail address, fax number, or email address is available to the Debtors; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "First Hearing") having been held on December 16, 2008 to consider the relief requested in the Motion; and an order having been entered on December 16, 2008 [Docket No. 2257] granting the relief requested in the Motion (the "Derivatives Procedures Order") except as to the Derivative Contracts in respect of which the Remaining Objectors (as defined in the Derivatives Procedures Order) filed an objection (the "Remaining Derivative Contracts"); and the hearing on the Motion as to the Remaining Derivative Contracts having been adjourned to January 14, 2009 at 10:00 (the "Second Hearing"); and the Second Hearing having been held to consider the relief requested in the Motion as to the Remaining Derivative Contracts; and an order having been entered on January 15, 2009 [Docket No. 2557] granting the relief requested in the Motion (the "Second Derivatives Procedures Order") except as to the Remaining Derivative Contracts in

respect of which the January Remaining Objectors (as defined in the Second Derivatives Procedures Order) filed an objection (the "January Remaining Derivative Contracts"); and an order having been entered on September 29, 2009 [Docket No. 5292] (the "Third Derivatives Procedures Order") rendering the Termination and Settlement Procedures of the Derivatives Procedures Order applicable to the January Remaining Derivatives Contracts related to the series transactions identified on Exhibit 1 attached to the Third Derivatives Procedures Order; and the hearing on the Motion regarding the January Remaining Derivative Contracts having been adjourned to December 16, 2009 at 10:00 a.m. or such later date as may be either indicated in a notice filed by the Debtors with the Court or ordered by the Court; and the Court having previously found and determined at the First Hearing that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, notwithstanding anything to the contrary in the Derivatives Procedures Order, the Second Derivatives Procedures Order, or the Third Derivatives Procedures Order, the Termination and Settlement Procedures of the Derivatives Procedures Order shall be applicable to any termination agreement that is or has been entered into by the Debtors with respect to any January Remaining Derivative Contract so long as all January Remaining Objectors that filed objections as to such January Remaining Derivative Contract are either parties to or consent in writing to such termination agreement; and it is further

ORDERED that nothing in this Order shall render the Assumption and Assignment Procedures applicable to any January Remaining Derivative Contracts; and it is further

ORDERED that all terms of the Derivatives Procedures Order, the Second Derivatives Procedures Order, and the Third Derivatives Procedures Order shall continue to apply and remain in full force and effect without modification, except to the extent expressly modified by the terms of this Order; and it is further

ORDERED that entry of this Order is without prejudice to the rights of the Debtors, including, but not limited to, the right to seek further, other, or different relief regarding the Derivative Contracts pursuant to, among other things, section 365 of the Bankruptcy Code.

Dated: _____, 2009
          New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE