Presentment Date and Time: October 13, 2009 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: October 13, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): October 14, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                                                 :
In re                                          :   Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :   08-13555 (JMP)
                                                                 :
                   Debtors.                    :   (Jointly Administered)
                                                                 :
                                                                 :
-----------------------------------------------------------------x
```

**NOTICE OF PRESENTMENT OF**
**STIPULATION AND AGREED ORDER RESOLVING DISPUTE**
**REGARDING OPEN TRADE CONFIRMATIONS WITH FIELD POINT IV S.À.R.L.**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation and Agreed Order (the "Stipulation") among Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above referenced Chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (collectively, the "Debtors") and Field Point IV S.à.r.l. for signature on **October 13, 2009 at 12:00 p.m. (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **October 13, 2009 at 10:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation on **October 14, 2009 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: October 2, 2009
      New York, New York

                             /s/ Jacqueline Marcus
                             Jacqueline Marcus
                             WEIL, GOTSHAL & MANGES LLP
                             767 Fifth Avenue
                             New York, New York 10153
                             Telephone: (212) 310-8000
                             Facsimile: (212) 310-8007

                             Attorneys for Debtors
                             and Debtors in Possession

Presentment Date and Time: October 13, 2009 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: October 13, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): October 14, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard L. Levine
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re                                                                    :        Chapter 11 Case No.
                                                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        08-13555 (JMP)
                                                                             :
                                  Debtors.                      :        (Jointly Administered)
                                                                             :
                                                                             :
---------------------------------------------------------------x

**STIPULATION AND AGREED ORDER RESOLVING DISPUTE
REGARDING OPEN TRADE CONFIRMATION WITH FIELD POINT IV S.À.R.L.**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation and Agreed Order (this "Stipulation") is entered into by and between Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors"), and Field Point IV S.à.r.l. ("Field Point"), subject to the approval of this Court.

**RECITALS**

A.    On September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to

US_ACTIVE:\43138791\02\43138791_2.DOC\58399.0003

operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

      B.      Prior to the Commencement Date, the Debtors were active in the secondary loan market.  In this capacity, the Debtors purchased and sold both par and distressed commercial loans.

      C.      The Debtors' prepetition trades were reflected in various oral and written confirmations (the "<u>Trade Confirmations</u>").  Generally, each Trade Confirmation represented a binding agreement to purchase or sell a position in par or distressed loans at an agreed price.  However, the transaction was not consummated and settled until, among other things, both counterparties executed formal transfer documentation and the purchaser tendered payment.

      D.      As of the Commencement Date, the Debtors had entered into, but had not yet consummated and settled, hundreds of Trade Confirmations (the "<u>Open Trade Confirmations</u>").

      E.      On November 14, 2008, the Debtors filed a Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 1541] (the "<u>Open Trades Motion</u>"), in which the Debtors designated most Open Trade Confirmations for assumption, rejection or modification.

      F.      In the Open Trades Motion, the Debtors designated for assumption, among others, the following Open Trade Confirmations for the sale by LCPI of Pertus Sechzehnte debt to Field Point:  (i) a Loan Market Association ("<u>LMA</u>") distressed trade confirmation dated July 14, 2008 (with a trade date of July 11, 2008); and (ii) an LMA par trade confirmation dated August 4, 2008 (with a trade date of July 31, 2008) (collectively, the "<u>Field Point Trades</u>").  *See* Exhibit A to the Open Trades Motion, page 7.

   G. On November 26, 2008, Field Point filed an objection to LCPI's assumption of the Field Point Trades based upon Field Point's contention that Field Point had terminated the Field Point Trades pre-petition by letters dated September 30, 2008 (the "Field Point Objection") [Docket No. 1841]. On December 15, 2008, the Debtors filed an omnibus reply asserting, among other things, their position that the Field Point Trades had not been effectively terminated prepetition because there had been no breach by LCPI [Docket No. 2208].

   H. On January 14, 2009, the Court directed that the Debtors and Field Point proceed with discovery to resolve the factual issues raised by the Field Point Objection and, since that time, LCPI and Field Point have been participating in such discovery.

   I. The Debtors and Field Point have now agreed to resolve this dispute pursuant to the terms set forth in that certain letter agreement between LCPI and Field Point dated October 1, 2009 (the "Letter Agreement").

   J. The Debtors and Field Point (each a "Party," and collectively, the "Parties"), therefore agree to resolve the Open Trades Motion and the Field Point Objection as follows:

**AGREED ORDER**

   IT IS HEREBY AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

   1. The purchase rate for the Field Point Trades shall be reduced to the rate set forth in the Letter Agreement.

   2. The Debtors are not required to pay any cure costs to Field Point in connection with the Field Point Trades.

3. The Debtors have demonstrated adequate assurance of future performance of the Field Point Trades and no further showing of adequate assurance is necessary pursuant to the Bankruptcy Code.

4. Upon court approval hereof, the Field Point Objection shall be deemed withdrawn, with prejudice.

5. The terms of the Letter Agreement are hereby approved and binding on each of the parties thereto.

6. Each person who executes this Stipulation on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such party.

7. The Debtors are authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the assumption of the Field Point Trades as provided in this Stipulation.

8. This Stipulation and the Letter Agreement constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

9. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Stipulation and the Letter Agreement.

10. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

11. If this Stipulation is not approved by the Court, it and the Letter Agreement shall each be deemed null and void and shall not be referred to or used for any

purpose by any of the Parties hereto or any of the other parties in the Debtors' chapter 11 cases.

In such event, the Parties shall retain their respective rights regarding the Field Point Trades.

Dated: October 1, 2009

| **RICHARDS KIBBE & ORBE LLP** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| /s/ Neil S. Binder | /s/ Jacqueline Marcus |
| Neil S. Binder | Richard L. Levine |
| | Jacqueline Marcus |
| One World Financial Center | 767 Fifth Avenue |
| New York, New York 10281 | New York, New York 10153 |
| Telephone: (212) 530-1800 | Telephone: (212) 310-8000 |
| Facsimile: (212) 530-1801 | Facsimile: (212) 310-8007 |
| Attorneys for Field Point IV S.à.r.l. | Attorneys for Debtors and Debtors in Possession |

Dated: _____, 2009
           New York, New York

SO ORDERED:

_____
UNITED STATES BANKRUPTCY JUDGE