## **EXHIBIT A**

ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                            :

In re                                    :          Chapter 11
                                            :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :         Case No. 08-13555 (JMP)
                                            :

                Debtors.               :          (Jointly Administered)
                                            :
                                            :
------------------------------------------------------------------x


**ORDER DENYING MOTION PURSUANT TO 11 U.S.C. §§ 503(b), 507(b) FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM <u>AND ALLOWING SETOFF OF SUCH CLAIM</u>**


WEIL, GOTSHAL & MANGES LLP
Attorneys for Debtors and Debtors in Possession
767 Fifth Avenue
New York, New York 10153

       Richard P. Krasnow, Esq.

WHITE & CASE LLP
Attorneys for DnB NOR Bank ASA
1155 Avenue of the Americas
New York, New York 10036

       Thomas E. Lauria, Esq.
       J. Christopher Shore, Esq.


MILBANK, TWEED, HADLEY & McCLOY LLP
Attorneys for Official Committee of Unsecured Creditors
1 Chase Manhattan Plaza
New York, New York 10005

       Dennis F. Dunne, Esq.

**JAMES M. PECK**
**UNITED STATES BANKRUPTCY JUDGE**

Upon the motion, dated June 19, 2009 (the "Motion") [ECF Doc. # 4054], of DnB NOR Bank ASA ("DnB NOR" or the "Bank"), for allowance and payment of a superpriority administrative expense claim pursuant to 11 U.S.C. §§ 503(b) and 507(b), and allowing setoff of such claim pursuant to 11 U.S.C. § 553, as more fully set forth in the Motion; and upon the objections of the Debtors [ECF Doc. # 4321] and the Official Committee of Unsecured Creditors (the "Committee") [ECF Doc. # 5064], dated July 10, 2009 (together, the "Objections"); and oral argument having been heard on July 15, 2009; and upon the supplemental brief of DnB NOR, dated September 3, 2009 [ECF Doc. # 5064]; and upon the joint supplemental brief of the Debtors and the Committee, dated September 3, 2009 [ECF Doc. # 5063]; and a status conference having been held on September 15, 2009; and the Court having denied the Motion and provided certain reasons for its ruling during the status conference; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and determination of the Motion being within the sound discretion of the Court; and upon consideration of the Motion, Objections, supplemental briefs and statements of counsel

presented to the Court with respect to the Bank's setoff rights on November 5, 2008; and the Court having determined that the legal and factual bases set forth in the Objections establish cause to deny the relief sought in the Motion; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that the Motion is denied for reasons stated on the record on September 15, 2009, specifically, that DnB NOR was not granted adequate protection until a status conference held on November 5, 2008 (the "Status Conference"), and has therefore failed to satisfy Bankruptcy Code section 507(b).[1] While the parties consented to modify the automatic stay and allow setoff as to this particular claim subsequent to the Status Conference, adequate protection was never granted as to such claim for which DnB NOR is now seeking superpriority administrative expense claim treatment, as evidenced by 1) statements made on the record during the Status Conference, whereby the parties agreed prospectively to allow the conversion of Norwegian kroner to U.S. dollars "to protect [] against deterioration in value," 2) the fact that the Debtors did not use the cash or have need for the cash on deposit with the Bank and did not agree to provide adequate protection for the period prior to the Status Conference and 3) DnB NOR's acknowledgment in its Motion that it was not granted adequate protection until the Status Conference, asserting that "the dollar value of the cash collateral securing the DnB NOR Claim . . . declined by . . . nearly 14 percent, before DnB NOR was granted any protection of its interest in that cash collateral." Consequently, DnB NOR has not

---

[1] Because this Court has denied the Motion, there is no need to decide the issue of whether there is an entitlement of adequate protection in respect of currency exchange risk, the question that was addressed by the parties in their supplemental briefs.

established the first prerequisite of section 507(b), that adequate protection applied to its claim.  Additionally, the Bank did not satisfy the second prong of section 507(b), that it has an administrative expense claim under section 503(b), because the funds did not provide any real benefit to the estate.  *See In re Enron Corp.*, 279 B.R. 695, 705 (Bankr. S.D.N.Y. 2002) (determining that because the purpose of allowing an administrative expense claim is to prevent the estate from being unjustly enriched, "a court looks to the actual benefit to the estate").  Having failed to meet the requirements of section 507(b), the Bank is not entitled to setoff in relation to its asserted administrative claim; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

SO ORDERED.

Dated:  New York, New York         *s/ James M. Peck*
       September 25, 2009              HONORABLE JAMES M. PECK
                                           UNITED STATES BANKRUPTCY JUDGE