## **EXHIBIT F**

DNB NOR'S SUPPLEMENTAL LETTER BRIEF

**WHITE & CASE**

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel  + 1 212 819 8200
Fax  + 1 212 354 8113
www.whitecase.com

Direct Dial +1 212 819 2637     tlauria@whitecase.com

September 3, 2009

BY HAND

The Hon. James M. Peck
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York  10004-1408

Re:  In re Lehman Brothers Holdings, Inc. ("LBHI"), et al., Case No. 08-13555 (JMP)

Dear Judge Peck:

On behalf of DnB NOR Bank ASA ("DnB NOR"), we submit this supplemental letter brief in further support of the Motion of DnB NOR Bank ASA Pursuant to 11 U.S.C. §§ 503(b) and 507(b) for Allowance and Payment of Administrative Expense Claim and Allowing Setoff of Such Claim (the "Motion"). More specifically, we are responding to the Court's request at the hearing held on July 15, 2009, that the parties address one narrow issue of law.[1] At the hearing on the Motion, and in reference to arguments regarding devaluation of currency collateral for LBHI's obligations to DnB NOR, the Court asked "whether there is an entitlement to adequate

---

[1] By way of further background, DnB NOR currently holds a deposit account (the "'268 Account") in the name of LBHI. That account has a balance of 99,113,236.36 Norwegian kroner (the "Undisputed Amount"). See Stipulation, Agreement and Order (A) Resolving in Part the Motion of DnB NOR Bank ASA for Entry of (I) an Order Pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001 Granting Relief from the Automatic Stay to Effect Setoff or, in the Alternative, (II) an Order Pursuant to 11 U.S.C. §§ 361 and 506(a) Requiring the Debtors to Provide Adequate Protection and (B) Fixing a Briefing Schedule [Docket No. 2605], so ordered by the Court on January 22, 2009 (the "Stipulation"), at ¶ 12. DnB NOR also is the lender and Lehman Brothers Holdings Inc. ("LBHI") is the borrower under a U.S. $25,000,000 Revolving Credit Facility dated as of March 1, 2008 (the "Credit Facility"). See id. at ¶ 1. The amount owing under the Credit Facility as of September 15, 2008 (the "Commencement Date") was not less than the dollar equivalent of 106,178,587.79 NOK. Id. As of the Commencement Date, the dollar-equivalent value of the Undisputed Amount was $17,139,908.75. Motion, at ¶ 4. As of November 5, 2008, the dollar-equivalent value of the Undisputed Amount had decreased by nearly 14% from its value as of the Commencement Date, to $14,728,226.92. Stipulation, at ¶¶ 12-13. By its Motion, DnB NOR has sought allowance of an administrative expense claim for adequate protection against that loss. Out of respect for the Court's request that the parties make "very brief presentations" on the issue that the Court articulated, see Hr'g July 15, 2009, at 49:9, DnB NOR does not here repeat its argument that it is otherwise entitled to the allowance of the administrative expense claim it seeks, but rather incorporates the points made in the Motion.

---

ABU DHABI   ALMATY   ANKARA   BANGKOK   BEIJING   BERLIN   BRATISLAVA   BRUSSELS   BUDAPEST   DRESDEN   DÜSSELDORF   FRANKFURT
HAMBURG   HELSINKI   HONG KONG   ISTANBUL   JOHANNESBURG   LONDON   LOS ANGELES   MEXICO CITY   MIAMI   MILAN   MOSCOW   MUNICH
NEW YORK   PALO ALTO   PARIS   PRAGUE   RIYADH   SÃO PAULO   SHANGHAI   SINGAPORE   STOCKHOLM   TOKYO   WARSAW   WASHINGTON, DC

NEWYORK 7291847 (2K)

The Hon. James M. Peck

**WHITE & CASE**

September 3, 2009

protection in respect of currency exchange risk." Tr. Hr'g July 15, 200, at 48:15-16. The answer is "Yes."

Fundamentally, the question posed by the Court is whether currency not denominated in U.S. dollars should be treated differently from any other form of collateral for purposes of sections 503(b) and 507(b) of the Bankruptcy Code. Although we have been unable to find any case law on point, the answer is found in the Code itself. To determine any right to adequate protection, the Court must first determine whether a claimant is even a secured creditor. Under Section 506(a) of the Bankruptcy Code "[a]n allowed claim of a creditor ... that is subject to setoff under section 553 of this title[] is a secured claim ... to the extent of the amount subject to setoff." 11 U.S.C. § 506(a)(1). Section 502(b), in turn requires the Court to "determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition." 11 U.S.C. § 502(b); Maasvlatke Energie BV v. Global Power Equip. Corp. (In re Global Power Equip. Corp.), 400 B.R. 17, 20 (D. Del. 2009) ("[T]he plain language of Section 502(b) requires the Bankruptcy Court to determine the amount of the allowed claim in U.S. currency, using the exchange rate in effect on the Petition Date."). Thus, in order to make an apples-to-apples comparison of collateral value to claim amount, collateral value must be denominated in dollars. Indeed, we are unaware of any case in which a bankruptcy court has denominated collateral securing a claim in anything other than U.S. dollars.

As LBHI has stipulated, DnB NOR held 99,113,236.36 NOK, the Undisputed Amount, in collateral as of the Commencement Date. In order to determine the amount of the secured claim that DnB NOR held on account of its right of setoff, therefore, the Court must convert the Undisputed Amount into its dollar-equivalent value as of the Commencement Date. The exchange rate prevailing at the Commencement Date was 5.7826 Norwegian kroner to one U.S. dollar, yielding a dollar-equivalent value of $17,139,908.75. That figure, therefore, was the Commencement-Date amount of DnB NOR's secured claim. Similarly, the amount of the secured claims as of November 5 must be determined by a conversion of collateral into value expressed in U.S. dollars, which results in a secured claim as of that date of $14,728,226.92. The resulting delta between the two secured claims represents the adequate protection due here, i.e., the amount that LBHI must pay to DnB NOR for having refused to allow a setoff immediately.

Moreover, this process of converting collateral into U.S. dollars accords with the duality of the terms "debt" and "claim" in the Bankruptcy Code. Section 553 refers to the setoff creditor's obligation to the debtor as a "debt owing by such creditor to the debtor." See 11 U.S.C. § 553(a). "[T]here is no distinction between 'debt,'" the term that appears in section 553, "and 'claim,'" the term that appears in section 502, for the purpose of the Bankruptcy Code." Lindsey, Stephenson & Lindsey v. Fed. Dep. Ins. Corp. (In re Lindsey, Stephenson & Lindsey), 995 F.2d 626, 628 (5th Cir. 1993); see 11 U.S.C. § 101(12) ("The term 'debt' means liability on a claim."); Pa. Dep't of Pub. Welfare v. Davenport, 495 U.S. 552, 558 (1990) ("Th[e] definition [of 'debt'] reveals [Congress's] intent that the meanings of 'debt' and 'claim' be coextensive."). Valuing the debt that a creditor asserting setoff owes to a debtor in U.S. currency as of the date of the petition, as section 502 requires for claims against the debtor, simply recognizes that each reflects a right to payment that is fixed as of the commencement of the case. See Stalnaker v. DLC, Ltd. (In re DLC, Ltd.), 295 B.R. 593, 605 (8th Cir. B.A.P. 2003) ("The date of the filing of

2

the petition is important because it generally fixes the rights of the estate and other parties in interest.").

The fixing of the parties' rights as of the Commencement Date and protection against changes in those rights over time dovetails with the concern that the Court expressed at the hearing on the Motion, over "equating foreign currency exchange risk, which is inherent in banking, which is what [DnB NOR] does, with diminution in value of collateral. [The amount on deposit] is worth what it's worth in the market." Tr. Hr'g July 15, 2009, at 34:9-14. If the amount of DnB NOR's debt to LBHI had been denominated in U.S. dollars, it would be clear that the amount entitled to setoff would have been fixed in that dollar amount as of the Commencement Date, and it would be an easy matter to say that that amount, and that amount alone, was eligible for setoff. Indeed, the Court has said so in the context of this very dispute, observing that "offset of mutual obligations involves a debt and claim, each of which 'arose before the commencement of the case . . .'" In re Lehman Brothers Holdings Inc., 404 B.R. 752, 757 (Bankr. S.D.N.Y. 2009) (Peck, J.). As of the Commencement Date, DnB NOR owed LBHI a determinable amount—the dollar equivalent of 99,113,236.36 NOK—and that amount then became fixed and became the amount that DnB NOR was entitled to apply against the amount that LBHI owed to it. It is important to note that this conversion works both ways – had the value of the collateral increased in the relevant period, LBHI would have obtained the benefit of a reduced deficiency claim. In that way, the Debtors here are not prejudiced by a rule that treats currency just like any other form of collateral. Indeed, as we now know, to the extent that a debtor is either unwilling or unable to bear the risk of rapid changes in currency values it can, in addition to agreeing to lift stay, hedge against those risks with variety of financial products. Correspondingly, in that one of the fundamental premises of the Bankruptcy Code is to interfere as little as possible with the property rights of a secured creditor, there is no justifiable basis for a that would place currency fluctuation risk on a secured creditor while the automatic stay is in place.

In light of the foregoing, and for the reasons set forth herein and in the Motion, DnB NOR therefore requests that the Court grant the Motion.

We are available at the Court's pleasure for any concerns regarding the foregoing.

Respectfully,

*/s/ Thomas E. Lauria*

Thomas E. Lauria

JCS:pjn

cc:   Richard P. Krasnow, Esq. (via email to richard.krasnow@weil.com)
      John W. Lucas, Esq. (via email to john.lucas@weil.com)
      Dennis F. Dunne, Esq. (via email to ddune@milbank.com)
      Evan R. Fleck, Esq. (via email to efleck@milbank.com)

3