# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               )
In re:                                                         )   Chapter 11
                                                               )
LEHMAN BROTHERS HOLDINGS INC.                                  )   Case No. 08-13555 (JMP)
                                                               )
                                                               )
                                                               )
         Debtor.                                               )   (Jointly Administered)
---------------------------------------------------------------x

## NOTICE OF TRANSFER OF CLAIM
## PURSUANT TO FRBP RULE 3001(e)(2)

1.   TO:             **III FINANCE LTD.** ("Transferor")
                     c/o III Offshore Advisors
                     777 Yamato Road – Suite 300
                     Boca Raton, FL 33431
                     Contact: Christopher Hite
                     Contact: Scott Wyler
                     Phone: 561-544-4400
                     Fax: 561-544-4414
                     Email: chris.hite@avmltd.com
                     Email: scott.wyler@avmltd.com

2.   Please take notice that the transfer in the amount of 100% of your claim against LEHMAN BROTHERS HOLDINGS INC. Case No. 08-13555 (JMP) arising from and relating to Claim No. 23559 (attached in <u>Exhibit A</u> hereto), has been transferred to:

                     **GOLDMAN SACHS LENDING PARTNERS LLC** ("Transferee")
                     c/o Goldman, Sachs & Co.
                     30 Hudson Street, 36th Floor
                     Jersey City, NJ 07302
                     Fax: 212-428-1243
                     Contact: Andrew Caditz
                     Phone: 212-357-6240
                     Email: Andrew.Caditz@gs.com

   An evidence of transfer of claim is attached hereto as <u>Exhibit B</u>. All distributions and notices regarding the transferred portion of the claim should be sent to the Transferee at the instructions attached in <u>Exhibit C</u>.

545411.1/153-05361

3.   No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

--   **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

United States Bankruptcy Court
Southern District of New York
Attn: Clerk of Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

--   **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**

--   Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further correspondence related to this transfer.

4.   If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

CLERK

----

**FOR CLERK'S OFFICE USE ONLY:**
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2005.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtor's Attorney ___

Deputy Clerk

545411.1/153-05361

# EXHIBIT A

## PROOF OF CLAIM

| United States Bankruptcy Court/Southern District of New York | PROOF OF CLAIM |
|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | COPY |

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

III Finance Ltd.
c/o III Offshore Advisors
777 Yamato Road, Suite 300
Boca Raton, FL 33431
Attn: Chris Hite
Attn: Scott Wyler

with a copy to:
III Finance Ltd.
c/o Admiral Administration Ltd.
Admiral Financial Center
George Town, Grand Cayman, KY1-1208
Cayman Islands
Attn: Canover Watson

Telephone number:
(561) 544-4400

Email Address:
chris.hite@avmltd.com, scott.wyler@avmltd.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number:_____
(If known)

Filed on:_____

NOTICE OF SCHEDULED CLAIM:
Your Claim is scheduled by the indicated Debtor as

Name and address where payment should be sent (if different from above)

Telephone number:       Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:  $31,421,626.78; see attached schedule.
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☒ Check this box if all or part of your claim is based on a Derivative Contract.*
☒ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. Basis for Claim: See attached schedule.
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: N/A
   3a. Debtor may have scheduled account as: N/A
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____    Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection: _____

Amount of Secured Claim: $_____     Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7)

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(__).

Amount entitled to priority:

$_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: See Guarantee Questionnaire.

| Date:<br>9/14/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>_____ SCOTT WYLER AUTHORIZED SIGNATORY |
|---|---|

FILED / RECEIVED

SEP 21 2009

FOR COURT USE ONLY
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS INC., | ) | Case No. 08-13555 (JMP) |
| | ) | |
| Debtor | ) | |

## SCHEDULE TO PROOF OF CLAIM OF
## III FINANCE LTD.

1. This Schedule to the proof of claim of III Finance Ltd. ("Finance") shall be deemed a part of, and incorporated by reference in, the attached proof of claim (together with this Schedule, the "Proof of Claim") filed by Finance. The Proof of Claim arises out of that certain guarantee issued by Lehman Brothers Holdings Inc. ("LBHI") to Finance (the "Guarantee") relating to that certain ISDA Master Agreement (as amended, supplemented or otherwise modified from time to time, and including all annexes, schedules, exhibits, confirmations and any related agreements and other documents, including the Credit Support Annex and the Guarantee, collectively, the "Agreement Documents"), dated as of August 10, 1993, between Finance and Lehman Brothers Special Financing Inc. ("LBSF", and together with Finance, the "Parties").

2. In accordance with the terms and procedures granted under that certain Order to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts dated December 16, 2008 [Docket No. 2257] (the "Order"), LBSF, LBHI and Finance entered into that certain termination agreement dated September 8, 2009 (the "Termination Agreement").[1]

---

[1] As required by that Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3)

3. Pursuant to the Termination Agreement, in consideration of, among other things, the termination of the transactions under the Agreement Documents, LBSF and LBHI agreed, and the Official Committee of Unsecured Creditors consented, to the allowance of general, unsecured claims against each of LBSF and LBHI in favor of Finance in the amount of $31,421,626.78 (the "Allowed Claims Amount"). Finance hereby files this Proof of Claim to assert its Allowed Claims Amount against LBHI under the Guarantee.

## I. RESERVATION OF RIGHTS

4. Subject to the terms of the Termination Agreement, but without any modification thereof, in filing the Proof of Claim, Finance expressly reserves all rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against LBHI. Furthermore, Finance expressly reserves all rights to amend, modify and/or supplement the Proof of Claim in any respect.

5. The Proof of Claim is filed without prejudice to the filing by Finance of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of LBSF, LBHI or any other debtor.

6. In executing and filing this claim, Finance does not submit itself to the jurisdiction of the United States Bankruptcy Court for any purpose other than with respect to this claim against LBHI and, except as otherwise provided in the Termination Agreement, Finance does not waive or release: (a) its rights and remedies against any other person or entity who may be liable for all or part of the Claims set forth herein, whether an affiliate or subsidiary of LBHI, an assignee, guarantor or otherwise, (b) any obligation owed to them, or any right to any security that may be determined to be held by one of them or for their benefit, (c) any past, present or

---

Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") entered on July 2, 2009 [Docket No. 4271], a copy of the Termination Agreement will be uploaded as part of the Guarantee Questionnaire relating to this Proof of Claim.

future defaults (or events of default) by LBHI or others, or (d) any right to the subordination, in favor of the claimants, of indebtedness or liens held by other creditors of LBHI. The filing of the Proof of Claim is not, and shall not be construed as, an election of remedies or limitation of rights or remedies.

7. Subject to the terms of the Termination Agreement, nothing contained in the Proof of Claim nor subsequent appearance, pleading, claim or suit is intended to be a waiver or release of: (i) the right of Finance to have final orders in non-core matters entered only after de novo review by a district court judge; (ii) the right of Finance to a jury trial in any proceeding so triable herein or, in any case, any controversy or proceeding related hereto; (iii) the right of Finance to have the reference withdrawn in any matter subject to mandatory or discretionary withdrawal; (iv) the right of Finance to have any unliquidated portions of its claim determined by applicable state courts; or (v) any other rights, claims, actions, defenses, setoffs or recoupments to which Finance is or may be entitled under agreements, documents or instruments, in law or equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

## II. NAME AND ADDRESS OF WHERE NOTICES SHOULD BE SENT

8. All communications in connection with the Claims should be sent to:

III Offshore Advisors
777 Yamato Road, Suite 300
Boca Raton, FL 33431
Attn: Chris Hite
Attn: Scott Wyler

Facsimile: (561) 544-4433
Telephone: (561) 544-4400
Email: chris.hite@avmltd.com
scott.wyler@avmltd.com

with copies to:

III Finance Ltd.
c/o Admiral Administration Ltd.
Admiral Financial Center
George Town, Grand Cayman, KY1-1208
Cayman Islands
Attn: Canover Watson

Facsimile: (345) 949-0705
Email: canover.watson@admiraladmin.com

and:

Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Attn: Lee S. Attanasio
Alex R. Rovira

Facsimile: (212) 839-5599
Email: lattanasio@sidley.com
arovira@sidley.com

# EXHIBIT B

# EVIDENCE OF TRANSFER OF CLAIM

545411.1/153-05361

Exhibit A

## EVIDENCE OF TRANSFER OF CLAIM

TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, III Finance Ltd. ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to Goldman Sachs Lending Partners LLC ("Assignee") 100% of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) against Lehman Brothers Holdings Inc. ("LBHI") (the "Debtor"), the debtor in Case No. 08 13555 (JMP) pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the relevant portion of any and all proofs of claim (No. [ 83559 ]) filed by Assignor or its predecessor-in-interest with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim, recognizing Assignee as the sole owner and holder of the claim, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM is executed this 18th day of September 2009.

III FINANCE LTD.

By: _____
Name:
Title:

GOLDMAN SACHS LENDING PARTNERS LLC

By: _____
Name:
Title:    Wendy Myers
          Authorized Signatory

11

## **EXHIBIT C**

Address for Notices:

c/o Goldman, Sachs & Co.
30 Hudson Street, 36th Floor
Jersey City, NJ 07302
Fax: 212-428-1243
Contact: Andrew Caditz
Phone: 212-357-6240
Email: Andrew.Caditz@gs.com


Wire Instructions:

Citibank, N.A.
ABA# 021000089
A/C Name: Goldman Sachs Lending Partners LLC
A/C # 30581483
Ref: <Deal Name>
Attn: Bank Loan Operations