**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                           :

**In re**                                                        :        **Chapter 11 Case No.**

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**

                      **Debtors.**             :        **(Jointly Administered)**

-----------------------------------------------------------------x

**ORDER PURSUANT TO BANKRUPTCY**
**<u>RULE 2004 AUTHORIZING DISCOVERY</u>**

Upon the motion, dated October 7, 2009 (the "<u>Motion</u>"), of Lehman Brothers Special Financing, Inc. ("<u>LBSF</u>"), as debtor and debtor in possession (the "<u>Debtor</u>" and, collectively with its non-debtor affiliates, "<u>Lehman</u>"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, authorizing Veyance Technology, Inc. ("<u>Veyance</u>") to produce certain discovery, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and approval of the relief requested in the Motion being within the sound discretion of the Court; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors and all parties in interest; and the Court having determined that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein, including that the examination of Veyance relates to the "property or to the liabilities and financial condition" of the Debtor and may "affect the administration of the [Debtor's] estate"; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

        ORDERED that the Motion is granted; and it is further

        ORDERED that Veyance shall produce responsive, non-privileged documents requested in Exhibit A attached hereto; and it is further

        ORDERED that Veyance shall designate an individual or individuals with knowledge of the matters and documents described in Exhibit A and produce that individual(s) to be examined by the Debtor under oath and in accordance with Bankruptcy Rule 2004 on such date and time and at such location as may be designated in writing by the Debtor on not less than 14 days notice; and it is further

        ORDERED that the Debtor may issue discovery requests and subpoenas as may be necessary to accomplish the discovery authorized by this Order; and it is further

        ORDERED that, to the extent necessary, the Debtor's rights are reserved to request additional documents and depositions under Bankruptcy Rule 2004 based on any information that may be revealed as a result of the documents provided pursuant to this Order; and it is further

ORDERED that this Court retains jurisdiction to resolve all matters arising under or related to this Order, including any disputes regarding discovery or any subpoena issued pursuant to this Order, that may arise between or among the parties, and to interpret, implement and enforce the provisions of this Order.

Dated: October ___, 2009
      New York, New York

                                                   HONORABLE JAMES M. PECK
                                                   UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

# SCHEDULE OF DOCUMENTS TO BE PRODUCED

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1. "Concerning" shall have the meaning set forth in Southern District of New York Local Civil Rule 26.3(c)(7).

2. "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes, without limitation, reports, correspondence, minutes, emails, instant messages, spreadsheets, memoranda, notes and all other writings, drawings, graphs, charts, photographs, sound recordings and electronic or computerized data compilations from which information can be obtained and/or translated, if necessary, through electronic detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term. The word "including" means including, but not limited to.

3. The terms "Debtor," "Debtors," "LBHI" or "LBSF" shall mean Lehman Brothers Holdings, Inc. or Lehman Brothers Special Financing, Inc.

4. "Veyance," "You," and "Your" shall mean Veyance Technologies, Inc. and any person acting on its behalf or under its control, including any of its agents, subsidiaries, affiliates, predecessors, successors, or representatives.

5. The terms "and" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of this request all documents which might otherwise be considered to be outside of that scope.

6. The word "each" shall mean both "each" and "every", and the word "every" shall mean both "each" and "every," as appropriate in order to bring within the scope of this Request documents which might otherwise be beyond its scope.

7. The term "Confirmation" shall mean the confirmation sent by LBSF to Veyance on May 22, 2008, as well as any revised versions of the Confirmation exchanged by LBSF and Veyance after May 22, 2008.

8. The term "Transaction" shall mean the interest-rate swap transaction that is the subject of the Confirmation.

**GENERAL INSTRUCTIONS**

The following General Instructions apply to each request set forth herein.

1. Each request seeks production of each Document, in its entirety, without abbreviation or expurgation, and all drafts and non-identical copies of each Document.

2. If any Document requested herein was formerly in Your possession, custody or control (or that of Your Representative) and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such Document a written statement (a) describing in detail the nature of the Document and its contents, (b) identifying the person(s) who prepared or authored the Document and, if applicable, the person(s) to whom the Document was sent, (c) specifying the date on which the Document was prepared or transmitted and (d) specifying the date on which the Document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

3. If any Document requested herein is withheld on the basis of any claim of privilege, You are requested to submit, in lieu of any such Document, a written statement (a) identifying the person(s) who prepared or authored the Document, and, if applicable, the

5

person(s) to whom the Document was sent or shown, (b) specifying the date on which the Document was prepared or transmitted, (c) describing the nature of the Document (e.g., letter, telegram, etc.), (d) stating briefly why the Document is claimed to be privileged or to constitute work product, and (e) identifying the paragraph of this request to which the Document relates.

4.  If a portion of an otherwise responsive Document contains information subject to a claim of privilege, those portions of the Document subject to the claim of privilege shall be deleted or redacted from the Document, the instructions in the preceding paragraph shall be applicable, and the rest of the Document shall be produced.

5.  All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this request. The method for production of each category is to be identified at the time of production. Documents are to be produced in full and unexpurgated form.

6.  Each page of each document should be numbered consecutively. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

7.  Documents attached to each other (physically or via electronic mail) should not be separated.

8.  In producing the requested documents, even though the requests are directed to "you," furnish all documents which are available to you, including documents in the possession of any of your officers, directors, employees, agents, attorneys, investigators, accountants or consultants and not merely such documents in your possession.

9. The requests which follow are to be regarded as continuing, and Veyance is requested to provide by the way of supplementary compliance herewith, such additional documents as Veyance may hereafter obtain, which will augment the documents now produced in response to the requests below. Such additional documents are to be produced at the offices of Weil, Gotshal & Manges LLP promptly after receipt thereof.

10. At a future date, the Debtor may request the production of additional documents based on information revealed during this document request.

11. At a future date, the Debtor may request to depose additional individuals based on information revealed during this document request.

## RELEVANT TIME PERIOD

Unless otherwise stated, the relevant time period for each of the following requests is from and including January 1, 2008 through the present.

## REQUESTS FOR PRODUCTION

REQUEST NO. 1

All documents concerning communications between Veyance and LBSF regarding the Transaction and the Confirmation.

REQUEST NO. 2

All documents concerning communications between Veyance and any third-party regarding the Transaction and the Confirmation.

REQUEST NO. 3

All documents concerning internal communications at Veyance regarding the Transaction and the Confirmation.

REQUEST NO. 4

All documents concerning financial or accounting entries made on Veyance's books and records regarding the Transaction.

REQUEST NO. 5

All documents concerning any revisions, edits, or comments to the Confirmation.

REQUEST NO. 6

All board resolutions and minutes concerning the Transaction or the Confirmation.

REQUEST NO. 7

All documents concerning the Transaction and/or Confirmation not specifically requested by Requests 1-6.