WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street
Suite 1900
Milwaukee, WI 53202-3819
Telephone: (414) 273-2100
Facsimile: (414) 223-5000
Bruce G. Arnold, Esq.
Daryl L. Diesing, Esq.
Daniel J. McGarry, Esq.

Attorneys for Metavante Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC.,<br>*et al.*,<br><br>        Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**METAVANTE CORPORATION'S MOTION FOR AN ORDER
STAYING THE EFFECT OF THE COURT'S ORDER GRANTING LEHMAN
BROTHERS SPECIAL FINANCING INC. AND ITS AFFILIATED DEBTORS'
<u>MOTION TO COMPEL AND ENFORCE THE AUTOMATIC STAY</u>**

Metavante Corporation ("<u>Metavante</u>") hereby moves the Court, pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure and Section 105 of the Bankruptcy Code, for entry of an Order staying the effect of the Court's Order granting Lehman Brothers Holdings Special Financing Inc. and its affiliated debtors' ("<u>Debtors</u>") "Motion to Compel Performance of Metavante Corporation's Obligations Under An Executory Contract and To Enforce the Automatic Stay" ("<u>Debtors' Motion</u>"). The Order granting Debtors' Motion (the "<u>Motion to

Compel Order") appears on the case docket as entry number 5209.[1] A copy of the Motion to Compel Order is attached hereto as **Exhibit A**.

In support of this Motion, Metavante respectfully states as follows:

### Jurisdiction

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2).

2.  Venue of these cases and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

3.  By this Motion, Metavante seeks an Order from this Court, pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure and Section 105 of the Bankruptcy Code, staying the effect of the Motion to Compel Order pending resolution of: (A) Metavante's Motion to Alter or Amend the Motion to Compel Order; and (B) Metavante's Appeal of the Motion to Compel Order.

### Background

4.  On May 29, 2009, the Debtors asked this Court to enter an Order compelling Metavante to make payments pursuant to a Swap Agreement that the Debtors had already

---

[1] Although Metavante intends to appeal this Court's decision with respect to the Motion to Compel Order, Metavante has not yet filed a Notice of Appeal because, on September 25, 2009, Metavante moved the Court for entry of an Order to Alter or Amend the Motion to Compel Order (Docket No. 5284). In that Motion, Metavante sought clarification as to: (A) the Debtors' future obligations to Metavante under the Motion to Compel Order; and (B) the precise amount that Metavante owes as default interest under the Motion to Compel Order. The deadline for filing objections, if any, to the Motion to Alter or Amend is October 13, 2009. The hearing date on the Motion to Alter or Amend is set for November 18, 2009. In accordance with Rule 8002(b)(2) of the Federal Rules of Bankruptcy Procedure, the time for filing a Notice of Appeal runs from the entry of an order resolving the Motion to Alter or Amend. Nevertheless, in light of the Debtors' demand for payment, *infra*, Metavante respectfully seeks the relief afforded by Rule 8005 of the Federal Rules of Bankruptcy Procedure.

breached. Metavante objected to the Debtors' contention that any payments were owed, and the parties briefed the questions of first impression raised by the Debtors' motion.

5. A hearing was held on the matter on July 14, 2009. The Court subsequently rendered an oral decision at a hearing on September 15, 2009, and pursuant to Rule 9021 of the Federal Rules of Bankruptcy Procedure, on September 17, 2009, the Court entered an "Order Pursuant to Sections 105(a), 362 and 365 of the Bankruptcy Code to Compel Performance of Contract and to Enforce the Automatic Stay" that incorporated the Court's September 15, 2009, oral decision, as well as the Court's statements on the record from the hearing on July 14, 2009.

6. On September 25, 2009, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 9023 of the Federal Rules of Bankruptcy Procedure and Local Rule 9023-1 of the Local Bankruptcy Rules for the Southern District of New York, Metavante filed a Motion to Alter or Amend the Motion to Compel Order (Docket No. 5284) (the "Motion to Alter or Amend") seeking clarification as to: (A) the Debtors' future obligations to Metavante under the Motion to Compel Order; and (B) the precise amount that Metavante owes as default interest under the Motion to Compel Order. In seeking this relief from the Court, Metavante specifically offered to place the full amount due under the Motion to Compel Order into an interest-bearing escrow account, and to make any reset payments that may otherwise become due under the terms of the Metavante Swap Agreement into the escrow account, beginning with the reset payment due on November 1, 2009.

7. On October 5, 2009, Lehman Brothers Special Financing Inc. ("LBSF") served a Demand Letter ("Demand Letter") on Metavante, arguing that pursuant to the Motion to Compel Order, LBSF is entitled to immediate payment of $11,085,554.68, plus Default Interest in the amount of $662,915.72, for a total of $11,748,470.40. A copy of the Demand Letter is attached

3

hereto as **Exhibit B**. Like the underlying Debtors' Motion, the Demand Letter contains no explanation of the amounts sought by the Debtors, including with respect to the calculation of Default Interest.

8. Because the Demand Letter, if enforceable, would cause Metavante irreparable harm, Metavante now brings the instant Motion to Stay.

## Basis For Relief

9. Rule 8005 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part: "A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance." In addition, section 105 of the Bankruptcy Code provides bankruptcy courts with broad discretionary power in order to carry out the provisions of the Bankruptcy Code.

10. Granting a motion for stay is within the sound discretion of the bankruptcy court. *In re Ward*, 184 B.R. 253 (Bankr. D.S.C. 1995). Whether to grant a stay turns on the following factors: (1) the moving party's likelihood of success on the merits; (2) whether the moving party will suffer irreparable injury if a stay is not granted; (3) whether other parties will suffer substantial harm if the stay is issued; and (4) whether there will be harm to the public interest if the stay is issued. *Dornik v. Maurice (in Re Maurice)*, 167 B.R. 136 (Bankr. N.D. Ill. 1994); *see also Cooper v. Town of East Hampton*, 83 F.3d 31, 36 (2d Cir. 1996) (listing factors generally considered on a motion for stay).

11. In the instant case, the first three factors support issuing a stay.[2] First, although the issues between the parties are novel, principles of New York contract law govern the parties'

---

[2] Because the public interest is not implicated in this matter, Metavante believes that this factor weighs neither for nor against the issuance of a stay pending appeal.

4

WHD/6717405.1

dispute and, under New York contract law, the Debtors' failure of a condition precedent relieved Metavante from its obligation to make the reset payments. Specifically, Metavante believes that it will be able to establish on appeal that Metavante is permitted to suspend performance under the Metavante Swap Agreement based upon the prepetition default triggered by the Lehman Brothers Holdings Inc.'s ("LBHI") bankruptcy filing. *See Ergonomic Sys. Philippines Inc. v. CCS Int'l Ltd.*, 777 N.Y.S.2d 446, 447 (N.Y. App. Div. 2004); *Pan Am Corp. v. Delta Air Lines, Inc.*, 175 B.R. 438, 506 (S.D.N.Y. 1994); Restatement (Second) of Contracts §§ 224-25, 237 (1981); *see, e.g., Transport Props., Inc. v. ABC Treadco, Inc.*, 589 F. Supp. 445, 448 (S.D.N.Y. 1984). LBSF's decision to commence its own chapter 11 bankruptcy proceedings on October 3, 2008, does not allow LBSF to utilize its own chapter 11 filing to excuse the pre-petition (as to LBSF) default occasioned by LBHI's filing on September 15, 2008. 11 U.S.C. § 365(e)(1). LBHI's decision to file for relief on September 15, 2008, and LBHI's subsequent decision to sell all of its assets to Barclay's Capital Inc., left Metavante without an effective counterparty and without a Credit Support Provider (LBHI). Moreover, LBSF's decision to commence a bankruptcy proceeding does not empower LBSF to compel performance from the non-debtor party that the debtor has no right to compel pre-petition. *See Ergonomic Sys.*, 777 N.Y.S.2d at 447. In light of these principles, Metavante believes that it will be able to establish on appeal that the Court should have denied Debtors' Motion.

12. Likewise, Metavante will argue that it was entitled to suspend performance under the Metavante Swap Agreement based upon the pre-petition default triggered by LBHI's failure to comply with the "Specified Indebtedness" provisions, and therefore, the Court should have denied Debtors' Motion.

13. Metavante also believes that it will be able to establish on appeal that Metavante has the right to suspend payments under the swap transaction to preserve Metavante's future rights of setoff if LBSF owes Metavante any amount upon the ultimate termination of the swap transaction. 11 U.S.C. §§ 560 and 561.

14. Moreover, Metavante will be able to establish on appeal that the Court erred, as a matter of law, in imposing a deadline on the termination of swap agreements under section 560 of the Bankruptcy Code, and therefore, even if the Court can compel the performance of a nondebtor counterparty in the face of a prepetition default, the Court cannot establish a statutory deadline for the nondebtor counterparty to terminate a swap agreement.

15. Finally, Metavante will demonstrate on appeal that the Metavante Swap Agreement was a financial accommodation contract, not an executory contract subject to the limitations set forth in section 365(e)(1) of the Bankruptcy Code, and therefore, the Court should have denied the Debtors' Motion. *See* 11 U.S.C. § 365(e)(2)(B).

16. As to the potential harm to the parties, Metavante will suffer irreparable harm if it is required to pay Debtors the payments contemplated in the Motion to Compel Order -- which, according to LBSF's calculation, total $11,748,470.40 -- while the outcome of the Motion to Alter or Amend and the subsequent appeal are pending.

17. In particular, as Metavante's Motion to Alter or Amend explains, Metavante has a right to adequate assurances from the Debtors that Metavante's interests will be diligently protected in the event that interest rates change before the Debtors decide to assume or reject the Metavante Swap Agreement. (Mot. to Alter or Amend ¶¶12-16.) If LBSF does not assume or reject the contract before the next scheduled quarterly reset payment is due, and if interest rates have, by that time or anytime thereafter, swung in Metavante's favor, then LBSF must pay

6

Metavante for the value LBSF received (*i.e.*, an effective counterparty as a hedge against fluctuating interest rates) during that quarter. *See Cont'l Energy Assoc. Ltd. P'ship v. Hazelton Fuel Mgmt. Co. (In re Cont'l Energy Ass'n Ltd.)*, 178 B.R. 405, 408 (Bankr. M.D. Pa. 1995); *In re Resource Tech. Corp.*, 254 B.R. 215, 221 (Bankr. N.D. Ill. 2000); *In re the Bolling Group, L.L.C.*, Case No. 01-81304C-11D, 2002 WL 31812671, at *6 (Bankr. M.D.N.C. Dec. 13, 2002). In addition, Metavante will be irreparably harmed if it is required to continue performance without receiving assurances -- *e.g.*, through the use of an interest-bearing escrow account -- that the Debtors will have the funds available to pay Metavante, and will actually pay Metavante, should interest rates swing in Metavante's favor before the Debtors have assumed or rejected the contract. *See In re Cont'l Energy Assocs.*, 178 B.R. at 408 ("The only reasonable conclusion is that this court . . . can issue an order that would allow such debtor to enforce the contract until such time that it accepts or rejects the contract, provided that we diligently guard the interests of the non-debtor party to the contract.").

18. Furthermore, in light of the fact that there is no doubt that Metavante is able to make the payments in question, the cost of a bond would itself be an inappropriate waste of money. *See Olympia Equip. v. W. Union Telegraph*, 786 F.2d 794, 796 (7th Cir. 1984).[3] As one of the leading cases, *Federal Prescription Services v. American Pharmaceutical Association*, 636 F.2d 755 (D.C. Cir. 1980), explains, filing a supersedeas bond is merely one of the acceptable methods for obtaining a stay. *Id.* at 759-61. Indeed, a court is permitted to exercise "a sound discretion to authorize unsecured stays in cases it considers appropriate," *id.* at 758, including situations where, as here, the moving party has voluntarily offered to place the full amount in an

---

[3] Rule 8005 of the Federal Rules of Bankruptcy Procedure generally governs stays pending appeals, and Rule 7062 of the Federal Rules of Bankruptcy Procedure, which governs stays of proceedings to enforce a judgment, explicitly adopts Rule 62 of the Federal Rules of Civil Procedure. Therefore, cases discussing motions to stay pursuant to Rule 62 of the Federal Rules of Civil Procedure are useful in the analysis on whether to grant the proposed Motion to Stay.

agreed-upon escrow account, *see Miami Intern. Realty Co. v. Paynter*, 807 F.2d 871, 874 (10th Cir. 1986) (approving decision to relax the bond requirement and permit the funds to be placed in an escrow account pending appeal); *Int'l Telemeter v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) (permitting appellant to place disputed money into an escrow account as an alternative method to guarantee the judgment); *see, e.g., Winfrey v. Simmons Foods, Inc.*, Case No. 03-2237, 2006 U.S. Dist. LEXIS 70628 at *2 (W.D. Ark. Sept. 28, 2006) (same). The use of an alternative to a bond is particularly appropriate where, as here, there is no doubt that the party seeking a stay will be able to make the payment in question if it loses on appeal. *See Olympia Equip.*, 786 F.2d at 796. As Judge Posner explained, "[A]n inflexible requirement of a bond would be inappropriate . . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money . . . ." *Id.*

19. In this case, because Metavante is willing to voluntarily place the full amount due (once the Court clarifies the exact amount due and the default interest issues as requested in the Motion to Alter or Amend) under the Motion to Compel Order into an interest-bearing escrow account, neither the Debtors, nor any other party to this case, will suffer substantial harm if the stay is issued. Moreover, because Metavante is willing to agree to continue making any reset payments that may otherwise become due under the terms of the Metavante Swap Agreement, including the next scheduled quarterly reset payment, which is due on November 1, 2009, into the escrow account -- at least until such time as a final, non-appealable order is entered regarding Metavante's appeal of the Motion to Compel Order -- all parties with any expectancy of payment from the amount due under the Motion to Compel Order will be protected.

20. Given the forgoing, Metavante respectfully requests that the Court issue an Order staying the effect of the Motion to Compel Order pending the outcome of: (A) Metavante's

WHD/6717405.1

Motion to Alter or Amend the Motion to Compel Order; and (B) Metavante's Appeal of the Motion to Compel Order.

## Notice

21. No trustee has been appointed in these chapter 11 cases. Metavante has served notice of this Motion in accordance with the procedures set forth in the order entered on February 13, 2009, governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the attorneys for Debtors; and (vi) the attorneys for the Ad Hoc Group of Lehman Brothers Creditors. Metavante submits that no other or further notice need be provided.

## No Prior Request

22. No previous motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, Metavante respectfully requests that the Court enter an Order staying the effect of the Court's Order granting Lehman Brothers Holdings Special Financing Inc. and its affiliated debtors' "Motion to Compel Performance of Metavante Corporation's Obligations Under An Executory Contract and To Enforce the Automatic Stay."

WHD/6717405.1

Dated at Milwaukee, Wisconsin, this 8th day of October, 2009.

/s/ Bruce G. Arnold

Bruce G. Arnold
Daryl L. Diesing
Daniel J. McGarry

WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, WI 53202
Telephone: (414) 273-2100
Facsimile: (414) 223-5000
Attorneys for Metavante Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re                                            :   Chapter 11 Case No.
                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,         :   08-13555 (JMP)
                                                 :
                          Debtors.               :   (Jointly Administered)
---------------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 105(a), 362 AND 365 OF THE BANKRUPTCY CODE TO COMPEL PERFORMANCE OF CONTRACT AND TO ENFORCE THE AUTOMATIC STAY

Upon the motion, dated May 29, 2009 (the "Motion"), of Lehman Brothers Special Financing Inc. (the "Debtor"), as debtor in possession (collectively with Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a), 362, and 365 of the Bankruptcy Code to Compel Performance of Metavante Corporation's Obligations Under an Executory Contract and to Enforce the Automatic Stay (the "Motion"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to Metavante Corporation, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, its creditors and all parties in interest; and the



Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, for the reasons set forth by the Court at the September 15, 2009 hearing, the Motion is granted; and it is further

ORDERED that, pending assumption or rejection of the Agreement (as defined in the Motion) by LBSF, Metavante Corporation shall perform its obligations to make payments to LBSF under the Agreement, without regard to any alleged defaults by LBSF under the Agreement, including but not limited to promptly making all payments that were, without regard to any alleged defaults by LBSF under the Agreement, owed to LBSF on November 1, 2008, February 1, 2009, and May 1, 2009, to pay default interest on such payment obligations, and to make all other payments to LBSF under the Agreement.

Dated: New York, New York
       September 17, 2009

                                        *s/ James M. Peck*
                                      UNITED STATES BANKRUPTCY JUDGE

# LEHMAN BROTHERS

October 1, 2009

BY OVERNIGHT COURIER

Metavante Corporation
4900 West Brown Deer Road
Milwaukee, WI   53223
Attention: Norie Dargoda

Re:   Default Interest

Dear Sir or Madam:

Reference is hereby made to (i) the ISDA Master Agreement, dated as of November 20, 2007, between Lehman Brothers Special Financing Inc. ("Lehman") and Metavante Corporation ("Metavante") (as amended or supplemented and together with any schedules, confirmations or other documents incorporated therein, the "Master Agreement"), (ii) the Debtors' Motion Pursuant to Sections 105(A), 362 and 365 of the Bankruptcy Code to Compel Performance of Metavante Corporation's Obligations under an Executory Contract and to Enforce the Automatic Stay Filed by Lehman on May 29, 2009 (the "Motion") in connection with the Chapter 11 Bankruptcy Case of Lehman Bothers Holdings Inc. and its affiliated debtors and (iii) the Order Pursuant to Sections 105(a), 362 and 365 of the Bankruptcy Code to Compel Performance of Contract and to Enforce the Automatic Stay dated September 17, 2009 (the "Order") issued by the Honorable Judge James M. Peck in connection with the Chapter 11 Bankruptcy Case of Lehman Bothers Holdings Inc. and its affiliated debtors.   Terms used and not otherwise defined herein shall have the meanings ascribed thereto in the Agreement.

Pursuant to the Order, Metavante is required to make all payments to Lehman under the Agreement, with default interest.   Those payments, including an additional payment that fell due August 3, 2009, presently total $11,085,554.68, and we calculate Default Interest, at the same rate as was utilized in Paragraph 21 of the Motion, on such payments to be $662,915.72 through the date hereof for a total of $11,748,470.40 (the "Due Amount"). For your convenience, we have included a breakdown of the Due Amount as Annex A hereto.



Lehman hereby demands that Metavante remit the Due Amount in immediately available funds to Citibank NA New York, 388 Greenwich Street, New York, New York 10013, ABA No. 021-000-089, Acct No. 3078-4731 (Lehman Brothers Special Financing Inc. – DIP), Reference: Metavante Corporation / Global Deal ID 3499431.

If you have any questions, please call Locke McMurray at (212) 526-7186.

Very truly yours,

LEHMAN BROTHERS SPECIAL FINANCING INC.

By: _____
Name: Daniel J. Ehrmann
Title: Vice President

<u>Enclosure</u>

# ANNEX A

## Due Amount

| Payment Due Date | Amount Due | Interest Accrued |
|---|---|---|
| | | |
| November 3, 2008 | $1,667,513.00 | $225,801.69 |
| February 2, 2009 | $1,019,958.34 | $98,371.48 |
| May 1, 2009 | $3,952,666.67 | $237,624.96 |
| August 3, 2009 | $4,445,416.67 | $101,117.59 |
| | $11,085,554.68 | $662,915.72 |