**Presentment Date and Time:  October 9, 2009 at 2:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline:  October 8, 2009 at 2:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed):  October 14, 2009 at 10:00 a.m. (Prevailing Eastern Time)**

Edward H. Tillinghast, III (ET 5566)
Malani J. Cademartori (MS 3882)
Michael K. Dunn (MD 4469)
**SHEPPARD MULLIN RICHTER & HAMPTON, LLP**
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
Telephone:  (212) 653-8700
Facsimile:  (212) 653-8701

*Attorneys for Norton Gold Fields Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., et al.,<br><br>Debtors. | Case No.   08-13555 (JMP)<br><br>Chapter 11<br><br>(Jointly Administered) |

**RESERVATION OF RIGHTS OF NORTON GOLD FIELDS LIMITED
TO DEBTORS' PROPOSED FOURTH SUPPLEMENTAL ORDER PURSUANT
TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH
PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND ASSIGNMENT
OF PREPETITION DERIVATIVE CONTRACTS (DOCKET NO. 5327)**

Norton Gold Fields Limited ("Norton Gold"), by and through its undersigned counsel, hereby files this Reservation of Rights ("Reservation of Rights") with regard to the *Debtors' Proposed Fourth Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts* (the "Proposed Order") (Docket No. 5327).  In support of its Reservation of Rights, Norton Gold respectfully states as follows:

**Factual Background**

1. Norton Gold entered into an ISDA Master Agreement with Lehman Brothers Commercial Corporation ("LBCC") dated as of August 29, 2007 (the "ISDA Agreement").

Lehman Brothers Holdings Inc. ("LB Holdings") acts as guarantor for the obligations of LBCC and/or credit support provider under the ISDA Agreement.[1]

2. On September 15, 2008, LB Holdings filed a petition for relief under chapter 11 of the Bankruptcy Code, and on September 26, 2008, LBCC filed a petition for relief under chapter 11 of the Bankruptcy Code. The bankruptcy filings of each of LB Holdings, as credit support provider, and of LBCC, as ISDA counterparty, constitute events of default under the terms of the ISDA Agreement.

3. To date, Norton Gold has not exercised its right to set an early termination date with respect to the ISDA Agreement despite the continuing events of default thereunder. However, Norton Gold reserves all rights to set an early termination date from and after the date hereof with respect to the ISDA Agreement.

4. On November 13, 2008, the Debtors filed their *Motion for an Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts* (the "Derivative Procedures Motion") (Docket No. 1498). Norton Gold timely filed an objection to the Derivative Procedures Motion (the "Norton Gold Objection") (Docket No. 1877), and at all times has objected to and continues to object to the applicability of the procedures outlined in the Derivatives Procedures Motion to the ISDA Agreement for the reasons set forth, and based on the arguments outlined in, the Norton Gold Objection.

---

[1] A more detailed description of the ISDA Agreement and the background and history of the transactions in connection with the ISDA Agreement is provided in the Norton Gold Objection (defined below), and should be referred to with respect to this Reservation of Rights.

5.     On December 16, 2008, the Court entered an order granting the relief requested in the Derivative Procedures Motion (the "First Derivative Procedures Order") (Docket No. 2257), stating specifically that the terms of the First Derivative Procedures Order would not be applicable to certain objecting parties, including specifically Norton Gold (defined therein as the "Remaining Objectors").  Subsequently, the Court entered further orders with respect to the Derivatives Procedures Motion on January 15, 2009 (Docket No. 2557) and September 29, 2009 (Docket No. 5292) (respectively, the "Second Derivative Procedures Order" and the "Third Derivative Procedures Order", and together with the First Derivatives Procedures Order, to be collectively referred to as the "Derivative Procedures Orders").

6.     The Second Derivative Procedures Order expanded the applicability of the First Derivative Procedures Order to additional parties who had either withdrawn or settled their previous objections to the Derivatives Procedures Motion, but specifically exempted the parties defined therein as the "January Remaining Objectors," which includes Norton Gold, from the procedures approved thereby and under the First Derivative Procedures Order.  The Third Derivative Procedures Order dealt with the application of the procedures outlined in the Derivatives Procedures Motion to specific transactions of specific entities, and had no effect on the outstanding objections of Norton Gold or otherwise expanded the application of the procedures approved in the Derivative Procedures Orders to any January Remaining Objectors not specifically referred to in Exhibit 1 thereto.

7.     Accordingly, the relief requested in the Derivatives Procedures Motion, and subsequently approved by each of the Derivative Procedures Orders previously entered by the Court with respect to the Derivatives Procedures Motion, is not applicable to Norton Gold.

**Reservation of Rights**

8. The Proposed Order states that the Termination and Settlement Procedures[2] of the First Derivative Procedures Order shall be applicable to any termination agreement that is or has been entered into by the Debtors with respect to any January Remaining Derivative Contract, so long as all January Remaining Objectors that filed objections as to such January Remaining Derivative Contract are either parties to or consent in writing to such termination agreement. The Proposed Order further states, however, that nothing therein shall render the Assumption and Assignment Procedures applicable to any January Remaining Objectors.

9. For the avoidance of doubt, and as stated above, Norton Gold has not exercised its right to set an early termination date with respect to the ISDA Agreement, and is neither a party to nor has it consented to any termination agreement with respect to the ISDA Agreement or otherwise with any of the Debtors. Accordingly, the Proposed Order should not apply to Norton Gold and Norton Gold should be specifically excepted from the relief sought to be approved thereby.

**Conclusion**

WHEREFORE, Norton Gold respectfully requests that the Court (a) provide a specific carve-out excepting the Norton Gold ISDA Agreement from the application of the relief requested in the Proposed Order to the extent approved by the Court, or (b) in the alternative, deny the Proposed Order as to the Norton Gold ISDA Agreement, and (c) grant such other and further relief as the Court may deem just and proper.

---

[2] Unless defined herein, all capitalized terms shall have the meaning ascribed to them in the Proposed Order.

| | |
|---|---|
| Dated: New York, New York<br>October 8, 2009 | **SHEPPARD MULLIN RICHTER & HAMPTON LLP**<br><br>By:   /s/ Malani J. Cademartori<br>Malani J. Cademartori (MS 3882)<br>Edward H. Tillinghast, III (ET 5566)<br>Michael K. Dunn (MD 4469)<br>30 Rockefeller Plaza, 24th Floor<br>New York, New York 10112<br>Tel: (212) 653-8700<br><br>*Attorneys for Norton Gold Fields Limited* |