WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
: 
**In re** : Chapter 1I Case No.
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
---------------------------------------------------------------------x

**STIPULATION AND AGREED ORDER GRANTING**
**EUROHYPO AG, NEW YORK BRANCH, AS ADMINISTRATIVE AGENT**
**FOR THE SENIOR LENDERS, LIMITED RELIEF FROM THE AUTOMATIC STAY**

Eurohypo AG, New York Branch ("Eurohypo"), as administrative agent for the Senior Lenders (as defined below), and Lehman Brothers Holdings Inc. ("LBHI" and, together with Eurohypo, the "Parties"), by and through their respective counsel, hereby enter into this Stipulation and Agreed Order (this "Stipulation") and represent and agree as follows:

**RECITALS**

A. On September 15, 2008 and periodically thereafter (the "Petition Date"), LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.      Eurohypo, in its capacity as administrative agent for the Senior Lenders (as defined below), Montelucia Hotel, LLC, a Delaware limited liability company ("Hotel LLC"), Montelucia Suites, LLC, a Delaware limited liability company ("Suites LLC"), Montelucia Casitas, LLC, a Delaware limited liability company ("Casitas LLC"), Montelucia Villas, LLC, a Delaware limited liability company ("Villas LLC"), Montelucia Resort & Spa, LLC, a Delaware limited liability company ("Resort LLC" and, collectively with Hotel LLC, Suites LLC, Casitas LLC, and Villas LLC, the "Borrower"), and the lenders from time to time party thereto (together with their respective successors and assigns, the "Senior Lenders"), are parties to that certain Construction Loan Agreement, dated as of December 4, 2006, and other loan documents executed in connection therewith (collectively, the "Senior Loan Documents"), pursuant to which the Senior Lenders agreed to make a loan (the "Senior Loan") to the Borrower for the construction and development costs of a resort and spa project (the "Project") on the terms and conditions set forth in the Senior Loan Documents.  The Senior Loan is secured by, inter alia, a deed of trust, assignment of leases and rents, security agreement and fixture filing encumbering the real property owned by the Borrower on which the Project is situated.

C.      LBHI extended mezzanine financing on the Project (the "Mezzanine Loan") to Montelucia Holdings, LLC, a Delaware limited liability company (the "Mezzanine Borrower") and the sole member of the Borrower.  The Mezzanine Loan is secured by, inter alia, 100% of the Mezzanine Borrower's membership interests in Borrower.

D.      Eurohypo, in its capacity as administrative agent for the Senior Lenders, and LBHI are parties to that certain Intercreditor Agreement, dated as of January 9, 2007 (the "Intercreditor Agreement"), pursuant to which all of LBHI's rights, title and interests in and to the collateral securing the Mezzanine Loan are subordinated to all of Eurohypo's and the Senior Lenders' rights, title and interests in and to the collateral securing the Senior Loan (collectively, the "Senior Collateral").

E.      Eurohypo asserts that prior to the Petition Date, the Borrower defaulted on the Senior Loan (and that such defaults have continued and additional defaults have occurred

2

subsequent to the Petition Date) and, accordingly, Eurohypo is entitled to and seeks to foreclose on the Senior Collateral.

F. Pursuant to the Intercreditor Agreement, Eurohypo is required to provide LBHI with copies of all notices of default in connection with the Senior Loan, and LBHI has the right (but no obligation) to cure any default by the Borrower. Pursuant to the Intercreditor Agreement, LBHI also has an option to purchase the Senior Loan on the terms set forth therein, which option (together with other rights of LBHI under the Intercreditor Agreement), if not sooner terminated, shall terminate upon a foreclosure of the Project under the deed of trust. Eurohypo delivered the required notices in accordance with the provisions of the Intercreditor Agreement commencing in July and August 2008, prior to the Petition Date. LBHI did not elect to exercise its rights to cure the Borrower's alleged default or exercise its option to purchase the Senior Loan.

G. In an effort to consensually resolve certain issues that may arise in connection with Eurohypo's exercise of its rights and remedies with respect to the Borrower's alleged default in connection with the Senior Loan, the parties hereto have agreed that it is in their best interests to enter into this Stipulation upon the terms and conditions herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation is hereby approved without necessity or requirement of further proceedings or further Court approval.

2. LBHI, through its officer(s), is hereby authorized to make, execute, file and deliver such statements, instruments, and other documents and to take all other and further actions that may be required or necessary for the performance by LBHI of the terms of this Stipulation, and each of the Parties are hereby authorized to file, register or otherwise record a copy of this Stipulation.

3. The automatic stay extant pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay") is hereby modified solely to the extent necessary to permit Eurohypo to exercise its rights, solely with respect to the Senior Collateral, under the Senior Loan Documents and applicable law, including foreclosure on the Senior Collateral constituting real property and any other Enforcement Action (as such term is defined in the Intercreditor Agreement), solely as against third parties other than the Debtors, including the Borrower and any guarantor of indebtedness under the Senior Loan, and the Automatic Stay shall further be modified such that all acts previously taken by Eurohypo in connection with the exercise of such rights, including without limitation its prior notification to LBHI of the Borrower's default and LBHI's opportunity to exercise its rights in connection therewith, are deemed to have been permitted.

4. Other than as set forth in Paragraph 3 above, the Automatic Stay remains in full force and effect including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Petition Date from the Debtors, the Debtors' estates and/or to exercise control over assets or property of the Debtors or the Debtors' estates (as defined in section 541 of the Bankruptcy Code).

5. This Stipulation shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, records of deeds, registrars of deeds, administrative agencies, governmental units, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, contract, or the duties of their office to accept, acknowledge, assent or consent to, file, register, record or release any documents or instruments with respect to the Senior Collateral and the transactions effectuated in connection therewith under this Stipulation.

6. Except as expressly provided herein, nothing in this Stipulation shall constitute or be construed as (a) an amendment to the documents evidencing the Mezzanine Loan, the Construction Loan Agreement or the Intercreditor Agreement or a waiver or forgiveness of the Borrower's alleged default in connection with the Senior Loan or (b) an admission as to the

4

validity of any claim of or against any Party, or as a waiver of the rights of any Party to dispute any claim.

7. This Stipulation is subject to approval of the Court and shall be of no force and effect unless and until it is approved.

8. Each person who executes this Stipulation on behalf of a Party represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

9. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

10. This Stipulation can only be amended or otherwise modified by a signed writing executed by the Parties.

11. This Stipulation shall be effective immediately upon its entry and shall not be stayed pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

12. This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

[*The remainder of this page is intentionally blank.*]

Dated: September 25, 2009

| **WEIL, GOTSHAL & MANGES LLP** | **MORRISON & FOERSTER LLP** |
|---|---|
| /s/ Shai Y. Waisman | /s/ Karen Ostad |
| Shai Y. Waisman | Karen Ostad |
| 767 Fifth Avenue | 1290 Avenue of the Americas |
| New York, New York 10153 | New York, New York 10104-0050 |
| Telephone: (212) 310-8000 | Telephone: (212) 468-8000 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 468-7900 |
| Attorneys for Debtors and Debtors in Possession | Counsel for Eurohypo AG, New York Branch, as administrative agent for the Senior Lenders |

SO ORDERED this 8th day of October, 2009

_s/ James M. Peck_
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE