| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: October 15, 2009<br>Objections: October 9, 2009 |

---------------------------------------------------------x
                                          :

In re                                        :   Chapter 11

LEHMAN BROTHERS HOLDINGS, INC.,  :   Case No. 08-13555 (JMP)
*et al.*,                                          :   (Jointly Administered)

                            Debtors.  :

---------------------------------------------------------x

## STATEMENT OF THE UNITED STATES TRUSTEE REGARDING MOTIONS TO UNSEAL MOTIONS FOR RELIEF FROM SEPTEMBER 20, 2008 SALE ORDER (AND RELATED SIPA SALE ORDER)

**TO: HON. JAMES M. PECK, UNITED STATES BANKRUPTCY JUDGE:**

Diana G. Adams, the United States Trustee for Region 2 (the "United States Trustee"), by and through her counsel, hereby files this Statement of the United States Trustee Regarding Motions to Unseal Motions for Relief From September 28, 2008 Sale Order (and Related SIPA Sale Order) (the "Motions to Unseal").

### SUMMARY STATEMENT

Before the Court are related Rule 60(b) Motions (defined at 3 below) and Motions to Unseal filed by Lehman Brothers Holdings, Inc. ("LBHI") and certain of its direct and indirect subsidiaries (collectively with LBHI, the "Debtors"), the Official Creditors' Committee of the Debtors (the "Creditors' Committee") and James W. Giddens, as trustee for the SIPA liquidation of Lehman Bros. Inc. (the "SIPA Trustee") with respect to the signature transaction in these cases thus far – the sale of the assets from the North American broker dealer business of Lehman Brothers Inc. to Barclays Capital, Inc. ("Barclays") within four days of the commencement of

these bankruptcy cases. The Motions to Unseal should be granted, and the Rule 60(b) Motions unsealed and adjudicated, to the extent of the fullest disclosure permitted under Bankruptcy Code section 107.

The "open courtroom has been a fundamental feature of the American judicial system." *Brown v. Williamson Tobacco Corp. v. Federal Trade Comm'n*, 710 F.2d 1165, 1178 (6th Cir. 1983). Particularly here, where there is widespread public interest in the Debtors' bankruptcy cases, and because the issues raised in the Motions to Unseal and their underlying Rule 60(b) Motions are so significant to the cases, it is important that these specific proceedings be carried out with as much transparency as is possible within the parameters of Bankruptcy Code section 107. Accordingly, the United States Trustee respectfully requests that the evidentiary basis upon which the Rule 60(b) Motions are adjudicated – and the public conduct of the proceedings – be as open as the statute allows.

## BACKGROUND

1. On September 15, 2008 (the "Petition Date"), LBHI commenced a voluntary case under chapter 11 of the Bankruptcy Code. Docket No. 1.

2. Since the Petition Date, certain of the other Debtors also have filed voluntary petitions for relief. The Debtors' chapter 11 cases have been consolidated, for procedural purposes only, and are being jointly administered under Federal Rule of Bankruptcy Procedure 1015(b), pursuant to an order of the Court. Docket No. 86.

3. On September 17, 2008, the United States Trustee appointed the Official Committee of Unsecured Creditors of the Debtors (the "Creditors' Committee") pursuant to Bankruptcy Code section 1102. Docket No. 62. Subsequently, on October 3, 2008, the United

States Trustee filed a first amended committee appointment. Docket No. 592.

4. On September 15, 2009, the Debtor, the Creditors' Committee and the "SIPA Trustee filed related motions (the "Rule 60(b) Motions"), as follows:

(a) [Lehman Debtors'] Motion For An Order, Pursuant To Fed. R. Civ. P. 60 And Fed. R. Bankr. P. 9024, Modifying September 20, 2008 Sale Order And Granting Other Relief (Docket No. 5148)

(b) Motion Of Official Committee Of Unsecured Creditors Of Lehman Brothers Holdings Inc., et al., Pursuant To 11 U.S.C. § 105(a), Fed. R. Civ. P. 60(b), And Fed. R. Bankr. P. 9024, For Relief From Order Under 11 U.S.C. §§ 105(a), 363, And 365 And Federal Rules Of Bankruptcy Procedure 2002, 6004 And 6006 Authorizing And Approving (A) Sale Of Purchased Assets Free And Clear Of Liens And Other Interests And (B) Assumption And Assignment Of Executory Contracts And Unexpired Leases, Dated September 20, 2008 (And Related SIPA Sale Order) And Joinder In Debtors' And SIPA Trustee's Motions For An Order Under Rule 60(b) To Modify Sale Order (Docket No. 5169) and,

(c) [SIPA] Trustee's Motion For Relief Pursuant To The Sale Orders Or, Alternatively, For Certain Limited Relief Under Rule 60(b) (A.P. No. 08–1420 Docket No. 1682).

5. In light of confidentiality stipulations they entered into with Barclays Capital Inc. and protective orders entered by the Court, portions of the Rule 60(b) Motions and supporting documents filed by the Debtor and the SIPA Trustee have been heavily redacted. *See* Docket No. 5169 and A.P. 08-01420 Docket No. 1682. Also, the Rule 60(b) Motion filed by the Creditors' Committee has been similarly redacted. *See* Docket No. 5169, at 3-5, 15-36, and 38-48.

6. On September 24, 2009, the Debtors, the Creditors' Committee and the SIPA Trustee filed motions to unseal most of the redacted portions of their Rule 60(b) Motions and related filings, as follows:

(a) Motion of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al., Pursuant to 11 U.S.C. § 105(a) and 107(a) to Unseal Motions for Relief From September 20, 2008 Sale Order (and Related SIPA Sale Order) (Docket No. 5269);

(b) Joinder of Debtor LBHI with the Committee's Motion Pursuant to 11 U.S.C. § 105(a) and 107(a) to Unseal Motions for Relief From September 20, 2008 Sale Order (and Related SIPA Sale Order) (Docket No. 5270); and

(c) The [SIPA] Trustee's Joinder in Motion of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al., Pursuant to 11 U.S.C. § 105(a) and 107(a) to Unseal Motions for Relief From September 20, 2008 Sale Order (and Related SIPA Sale Order) (Docket No. 5271).

## ARGUMENT

### A. Public Policy Favors Open Access To Documents Filed in Bankruptcy Cases

Federal Rule of Bankruptcy Procedure 5001(b) provides, in pertinent part, as follows: "All trials and hearings shall be conducted in open court and so far as convenient in a regular court room." *See In re Global Crossing Ltd.*, 295 B.R. 720, 723-24 (Bankr. S.D.N.Y. 2003). Thus, parties seeking to deny public access to court documents must overcome a strong presumption. *Neal v. The Kansas City Star* (*In re Neal*), 461 F.3d 1048, 1053 (8th Cir. 2006); *Gitto v. Worcester Telegram & Gazette Corp.* (*In re Gitto Global Corp.*), 422 F.3d 1, 6 (1st Cir. 2005).

In the bankruptcy context, the general rule of open access is set forth in section 107(a) of the Bankruptcy Code, which provides, in part, that subject to certain limited exceptions,

> a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

11 U.S.C. § 107(a). *See In re Food Management Group, LLC,* 359 B.R. 543, 553-555 (Bankr. S.D.N.Y. 2007) (section 107 reflects Congress's intent to favor public access to papers filed with

the bankruptcy court).

"The policy of open inspection, codified generally in Section 107(a) of the Bankruptcy Code, evidences Congress's strong desire to preserve the public's right of access to judicial records in a bankruptcy proceeding." *In re Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994); *In re Barney's, Inc.*, 201 B.R.703, 707 (Bankr. S.D.N.Y. 1996) ("Congress did not intend that sealed pleadings be the rule in bankruptcy cases"); *In re Alterra Healthcare Corp.*, 353 B.R. 66, 74 (Bankr. D. Del. 2006) ("Congress has codified the historical practice of open access in bankruptcy").

**B.     The Denial Of Public Access Is An Extraordinary Remedy
        That Is Appropriate Only Under Very Limited Circumstances**

Limited exceptions to the general rule are contained in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. *See generally*, *Food Management*, 359 B.R. at 553-55. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. Section 107(b) provides in relevant part that

> [o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."

11 U.S.C. § 107(b).

Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under the Bankruptcy Code Section 107(b) and provides as follows:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation."

Fed. R. Bankr. P. 9018.

As a limited exception to the rule, the burden is on the moving party to show that a request to place documents under seal falls within the parameters of Bankruptcy Code Section 107(b) and FRBP 9018. *Food Management,* 359 B.R. at 561; *In re Fibermark, Inc.*, 330 B.R. 480 (Bankr. D. Vt. 2005). Courts do not lightly ignore their mandate to conduct open proceedings. A party that invokes section 107(b) must demonstrate that "compelling circumstances" are present before a court will deviate from the rule that "all documents filed in bankruptcy cases should be available to the public." *In re Hemple*, 295 B.R. 200, 202 (Bankr. D. Vt. 2003); *Food Management*, 359 B.R. at 561.

In light of the general rule that "the public has a right to know," the sealing of records "is a highly unusual and extraordinary remedy." *In re Eric Associates V*, 54 B.R. 445, 448 (Bankr. E.D. Va. 1985). While "not absolute," "the right of public access to court records is firmly entrenched and well supported by policy and practical considerations. . . ." *Orion*, 21 F.3d at 27. Therefore, "documents which are part of the court record should not remain under seal absent the

most compelling reasons." *Fibermark*, 330 B.R. at 503-04. The inquiry then is whether the moving party has met its burden for keeping documents "out of the public domain." *Id.* at 504.

The strong presumption of openness does not permit the routine closing of judicial records to the public, and the party seeking to seal any part of a judicial record bears the heavy burden of showing (1) that the material is the kind of information that courts will protect and (2) that disclosure will work a clearly defined and serious injury to the party seeking closure. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059 (3d Cir. 1984). Before sealing the record, the court must be able to articulate the compelling countervailing interests to be protected, make specific findings on the record concerning the effects of the disclosure, and provide an opportunity for interested third parties to be heard. *Id.*, 733 F.2d at 1072.

Moreover, to make the difficult case that the facts at hand should lead to the extraordinary remedy of hiding documents from public view, the moving party must "clearly define[]" the "serious injury" that would ensue from public disclosure of the documents. *In re Cendant Corp.*, 260 F.3d 183, 194 (3rd Cir. 2001). Vague allegations that public access to documents would cause hardship are not sufficient to defeat the clear public policy embodied in section 107(a). *See id.* ("specificity is essential" for party seeking to deny public access).

C. **The Public Policies of Openness and Transparency in Judicial Proceedings Ought to be Carried Out Here**

The United States Trustee lacks sufficient information as to whether the information contained in the redacted portions of the Rule 60(b) Motions constitutes protected material under Bankruptcy Code section 107.[1] However, to the extent that Barclays sustains its burden of proof

---

[1] Neither the United States Trustee nor the members of her staff are privy to the passages redacted from the Rule 60(b) Motions and their supporting papers.

and establishes that some of the redacted materials meet the statutory requirements contained in section 107(b), any redactions should be narrowly drawn so as to allow for the greatest degree of transparency. The redactions that currently have been made appear to have been drawn with as broad a brush as possible. Yet, even without specific knowledge of the information currently redacted, it appears unlikely that such heavy redactions are all mandated or warranted under section 107.

## **CONCLUSION**

**For the reasons set forth herein,** the United States Trustee respectfully requests that the Court grant such relief as the Court deems just and proper.

Dated:  New York, New York  Respectfully submitted,
        October 9, 2009  DIANA G. ADAMS
          UNITED STATES TRUSTEE

        **By:** */s/ Andrew D. Velez-Rivera*
        Trial Attorney
        33 Whitehall Street, 21st Floor
        New York, New York 10004
        Tel. No. (212) 510-0500
        Fax No. (212) 668-2255