# Vinson&Elkins

J. Ronald Trost  jrtrost@velaw.com
Tel 212.237.0085  Fax 917.849.5384

October 9, 2009

The Honorable Judge James M. Peck
United States Bankruptcy Court, SDNY
One Bowling Green, Room 610
New York, NY 10004

Re: **In re Lehman Brothers Holdings, Inc. (Case No. 08-13555) (JPM)**
     **Debtors' Motion to Enforce Stay Against Shinsei Bank**

Judge Peck:

Richard Krasnow's October 8, 2009 letter (Exhibit A) is yet another illustration of the confusion that results from Lehman's attempt to have this Court control what is happening in a foreign jurisdiction where proceedings are conducted in languages and following procedures different from our own.

While Mr. Krasnow first learned of the September 18, 2009 Shinsei filing on October 2, 2009, Vinson & Elkins first learned of it on October 8, 2009, when it received Mr. Krasnow's letter. Had Mr. Krasnow contacted us prior to submitting his letter to the Court, we would have explained to him, as was explained to us by Japanese Counsel, that he misunderstands the purpose of the September 18 Sunrise filing:

- First, the September 18 filing was a status report, not a request for intervention or for any specific relief. This Court can well appreciate that a Japanese court and supervisor are keenly interested in how Your Honor rules on Lehman's Contempt Motion. Consequently, as we were advised by Shinsei's Japanese Counsel, the report was provided at the suggestion of the Sunrise Supervisor to explain to the Tokyo District Court and the Supervisor the status of the U.S. proceedings.
- Second, Mr. Krasnow misunderstands the characterization of one of the issues before your Honor as described in the report. The September 18 report merely pointed out that Lehman was challenging Shinsei's ability to make an equitable subordination challenge to the Lehman affiliate claims <u>after</u> the conclusion of the ordinary investigation period, as a matter of Japanese law—which Lehman did challenge in both its Reply brief [Docket No. 4920] and in the Momo-O Declaration [Docket No. 5205] on issues of Japanese law. Shinsei was not, however, suggesting that this Court would be issuing its own rulings on issues of substantive Japanese law.

Vinson & Elkins LLP  Attorneys at Law                    666 Fifth Avenue, 26th Floor
Abu Dhabi  Austin  Beijing  Dallas  Dubai  Hong Kong  Houston    New York, NY 10103-0040
London  Moscow  New York  Shanghai  Tokyo  Washington           Tel +1.212.237.0000  Fax +1.212.237.0100  www.velaw.com

# Vinson&Elkins

Attempting to translate actions and proceedings in foreign jurisdictions into U.S. terms is fraught with difficulty. The September 18 status report filed by Shinsei and Mr. Krasnow's misunderstanding of its significance is merely another example and illustrates why this Court should avoid focusing on technical distinctions like offense/defense in deciding whether the automatic stay applies to actions in foreign jurisdictions.

                                                Respectfully submitted

                                                J. Ronald Trost

cc: Richard P. Krasnow *(via hand delivery and e-mail)*
cc: Dennis O'Donnell *(via hand delivery and e-mail)*