Hearing Date and Time: October 15, 2009 at 2:00 p.m.
Objection Deadline: October 9, 2009 at 4:00 p.m.

**FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP**
One New York Plaza
New York, NY 10004
(212) 859-8000
Stephanie Goldstein, Esq.

*Counsel for HWA 555 Owners, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br><br><br>Debtors. | Chapter 11 Case No.<br><br>08-13555 (JMP)<br><br>(Jointly Administered) |
| In re<br><br>LEHMAN BROTHERS INC.,<br><br><br><br>Debtor. | Case No. 08-01420 (JMP)<br>SIPA |

**LIMITED OBJECTION OF HWA 555 OWNERS, LLC TO THE MOTIONS OF
LEHMAN BROTHERS HOLDINGS INC., JAMES W. GIDDENS AS TRUSTEE FOR
LEHMAN BROTHERS INC., AND THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF LEHMAN BROTHERS HOLDINGS INC. TO MODIFY THE
<u>SEPTEMBER 20, 2008 SALE ORDER AND FOR OTHER RELIEF</u>**

HWA 555 Owners, LLC ("HWA"), by and through its undersigned counsel, hereby submits this limited objection (the "Limited Objection") to the following motions (collectively, the "Motions"):

- Debtor's Motion for an Order, Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Modifying the September 20, 2008 Sale Order and Granting Other Relief [LBHI Docket Nos. 5148; 5168];[1]

- Trustee's Motion for Relief Pursuant to the Sale Orders or, Alternatively, for Certain Limited Relief Under Rule 60(b) [LBI Docket Nos. 1682, 1690];[2] and

- Motion of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., *et al.*, Pursuant to 11 U.S.C. § 105(a), Fed. R. Civ. P. 60(b), and Fed. R. Bankr. P. 9024, for Relief from Order Under 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, Dated September 20, 2008 (and Related SIPA Sale Order) and Joinder in Debtors' and SIPA Trustee's Motions for an Order Under Rule 60(b) to Modify Sale Order [LBHI Docket No. 5169; LBI Docket Nos. 1686, 1694];

and respectfully states as follows:

## LIMITED OBJECTION

1. By their respective Motions, Lehman Brothers Holdings Inc. ("LBHI"), the Trustee (the "Trustee") for Lehman Brothers Inc. ("LBI"), and the Official Committee of Unsecured Creditors of LBHI, *et al.* (the "Committee," with LBHI and the LBI Trustee, the "Movants") each assert (i) that Barclays Capital Inc. ("Barclays") received a windfall through the sale transaction that closed in September of 2008 by which, among other things, LBHI, LBI and

---

[1] HWA also objects to the Trustee's Joinder in Debtors' Motion for an Order, Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Modifying the September 20, 2008 Sale Order and Granting Other Relief [LBHI Docket No. 5173], to the extent it seeks the relief sought in the Motions, on the same grounds as stated herein with respect to the Motions.

[2] HWA also objects to the related Motion of Lehman Brothers Holdings Inc., Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Modifying the SIPA Sale Order and Joinder in Official Committee of Unsecured Creditors' Motion for Relief from SIPA Sale Order [LBI Docket No. 1702], to the extent it seeks the relief sought in the Motions, on the same grounds as stated herein with respect to the Motions.

LB 745 LLC sold certain assets to Barclays (the "Barclays Transaction") and (ii) that certain assets received by or actions taken by Barclays in relation to the Barclays Transaction were not approved by the Bankruptcy Court for the Southern District of New York (the "Court"). To remedy this purported "windfall," Movants, by their respective Motions, seek to modify the September 20, 2008 order approving the Barclays Transaction (the "Order")[3] so as to revise or delete any reference in the Order to a clarification letter that was entered into in relation to the Barclays Transaction (the "Clarification Letter") and/or to void any transactions entered into or actions taken as provided in the Clarification Letter. The LBI Trustee additionally seeks, in its Motion, a determination that the Clarification Letter and the transactions related thereto were never approved by the Order or separately approved by the Court.

2. Since the entry of the Order and the closing of the Barclays Transaction, multiple third parties, which were impacted directly or indirectly by the Barclays Transaction, such as HWA, have reasonably relied upon the Order and its finality. As this Court is aware, HWA and the LBI Trustee have been involved in a dispute concerning a lease of premises at 555 California Street in San Francisco (the "Lease") and the Trustee's assumption of the Lease in connection with the Barclays Transaction. Although HWA's position with respect to this dispute will not be repeated here,[4] HWA has consistently relied upon the Order, the Clarification Letter and the transactions approved therein, including with respect to the assumption of the Lease by the LBI Trustee, and has reasonably and irrevocably changed its position in reliance thereon.

---

[3] Movants also, by their Motions, seek to modify the related order entered in the LBI SIPA proceeding, which incorporated the Order and the relief approved in the Order.

[4] A copy of HWA's Memorandum of Law in Opposition to the LBI Trustee's motion to dismiss the adversary complaint filed by HWA against LBI (the "Response") is annexed hereto as **Exhibit "A"** and is incorporated herein by reference so as not to burden the Court in this Limited Objection with a reiteration of HWA's statements made therein.

Movants, particularly the LBI Trustee, should not be allowed to now, almost a year later, circumvent the provisions of the Order they find unfavorable, such as the assumption of the Lease, to the detriment of third parties such as HWA. To allow such would set a harmful precedent for all parties with respect to the finality of sale orders and the transactions approved therein.

    3.  This finality, and the reliance thereon, has a special significance in the context of assumption of an executory contract or unexpired lease. Pursuant to the Bankruptcy Code, once an executory contract or unexpired lease is assumed, a debtor has one of two alternatives: to perform under the respective agreement or to reject it. With respect to unexpired nonresidential real property leases, such as the Lease, the Bankruptcy Code provides that a rejection following a prior assumption entitles the counterparty to an administrative expense claim against the debtor's estate, rather than a capped general unsecured claim. See 11 U.S.C. §§ 365(g)(2); 503(b)(7). In this respect, the Bankruptcy Code provides a debtor with flexibility to reexamine its decision to assume a particular lease, while simultaneously providing protection to counterparties by elevating the priority of their claims to compensate for the change of position. To allow a debtor to "undo" an assumption which has been previously approved by court order, such as the assumption of the Lease, would eviscerate such counterparty protections. Such a decision would not only have a considerable impact on third parties such as HWA, it would set a dangerous precedent going forward by providing debtors such as LBHI and LBI with the license to sidestep, without consequence, the requirements inherent in Bankruptcy Code sections 365(g)(2) and 503(b)(7).

4.      For the foregoing reasons, to the extent that the Motions seek to eliminate any reference to the Clarification Letter in the Order, seek a declaration from this Court that transfers made pursuant to the Clarification Letter are void and/or unauthorized and should be carved out of the Order, or seek a ruling from the Court that the Clarification Letter was not approved by the Order as part of the Barclays Transaction and was not incorporated into the Order as entered, HWA hereby objects to the Motions. Moreover, given that the Motions, and/or their exhibits and appendices, have been either (i) filed under seal or (ii) filed as heavily redacted, HWA hereby reserves its rights to amend this Limited Objection to the extent that additional information comes to light following the release of unredacted or unsealed versions of the Motions and their related exhibits and appendices.

**[Continued on next page.]**

WHEREFORE, HWA respectfully requests, for all of the reasons set forth herein, that this Court (i) deny the Motions insofar as they seek to strike any reference to the Clarification Letter in the Order, to declare that the Clarification Letter was never approved by the Order or otherwise approved by the Court, or to deem unauthorized and void all transfers entered into under the Clarification Letter; and (ii) grant such other and further relief as the Court deems to be just and appropriate.

Dated: New York, New York
October 9, 2009

        FRIED, FRANK, HARRIS, SHRIVER
         & JACOBSON LLP

          /s/ Stephanie Goldstein
        Stephanie Goldstein, Esq.
        One New York Plaza
        New York, New York 10004
        (212) 859-8000

*Counsel for HWA 555 Owners, LLC*

6