UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re                                                            :   Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :   08-13555 (JMP)
                                                                 :
                      Debtors.                              :   (Jointly Administered)
                                                                 :
------------------------------------------------------------------x

### ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 6004 AND 9019 AND SECTION 363 OF THE BANKRUPTCY CODE AUTHORIZING LEHMAN COMMERCIAL PAPER INC. TO CONSUMMATE TRANSACTIONS CONTEMPLATED IN THE CHAPTER 11 PLAN PROPOSED BY THE LEHMAN LENDERS IN THE SUNCAL CHAPTER 11 CASES

Upon the motion (the "Motion"),[1] of Lehman Commercial Paper Inc. ("LCPI" and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors"), pursuant to Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code (the "Bankruptcy Code") for an order authorizing LCPI to enter into and consummate the transactions proposed in the chapter 11 reorganization plan for the SunCal Plan Debtors proposed by LCPI and certain of its non-debtor affiliates and annexed as Exhibit A to the Motion (the "Proposed Plan"), all as more particularly described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to the SunCal Voluntary Debtors; (vii) counsel to the SunCal Involuntary Debtors; and (viii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and upon consideration of the objection of William Kuntz, III to the Motion (the "Objection") [Docket No. 5333]; and a hearing having been held on October 7, 2009, to consider the relief requested in the Motion and the Objection (the "Hearing"); and upon all of the proceedings had before the Court; and for the reasons set forth by the Court on the record at the Hearing; and the Court having found and determined that the relief sought in the Motion is in the best interests of LCPI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Objection is denied; and it is further

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019 and section 363(b) of the Bankruptcy Code, LCPI is duly authorized to (i) enter into and consummate all of the transactions contemplated the Proposed Plan; (ii) execute and deliver such assignments, conveyances, and other documents, and instruments of transfer and to take such other actions as may be reasonably necessary to consummate the transactions contemplated by the Proposed Plan, and (iii) consent to any amendment, restatement, waiver, supplement or other modification

of any of the documents contemplated under the Proposed Plan, it being understood that any actions described in this paragraph taken by LCPI or its affiliates may be taken without the necessity of (x) any further court proceedings or approval or (y) any consent of any third party, and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that the Proposed Plan may be modified, amended or supplemented by the proponents thereof without further order of the Court, and any agreements related to the Proposed Plan, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, *provided* that, in each case, any such modification, amendment or supplement does not have a material adverse effect on LCPI's estate; and it is further

ORDERED that LCPI shall file on the docket of these chapter 11 cases, and serve in accordance with the case management order extant in these cases, a notice of any material modification, amendment, or supplement to the Proposed Plan; and it is further

ORDERED that LCPI shall determine, in its business judgment, whether any modification, amendment or supplement to the Proposed Plan (i) has a material adverse effect on LCPI's estate and/or (ii) is material after consultation with the Creditors' Committee; and it is further

ORDERED that this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed pursuant to Bankruptcy Rule 6004(h); and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: October 9, 2009
      New York, New York

                                    *s/ James M. Peck*
                                  UNITED STATES BANKRUPTCY JUDGE