**Hearing Date: October 14, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  October 9, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

Lee S. Attanasio
Sidley Austin LLP
787 Seventh Avenue
New York, New York  10019
(212) 839-5300 (tel)
(212) 839-5599 (fax)

*Attorneys for First Data Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC., <u>et al.</u>,** | : | Case No. 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

**FIRST DATA CORPORATION'S RESPONSE IN OPPOSITION TO
DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO
<u>BANKRUPTCY RULE 2004 AUTHORIZING DISCOVERY</u>**

First Data Corporation ("<u>First Data</u>") hereby files this objection (the "<u>Objection</u>") to Debtors' Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Discovery (the "<u>Motion</u>") [Docket No. 5303].  In support of this Objection, First Data respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Debtors come before this Court seeking permission to engage in expedited and expansive discovery without any justification.  As an initial matter, First Data is unaware of any reason for the expediency by which Debtors attempt to move, which is, by itself, patently unreasonable under these circumstances.  Second, much of the information Debtors seek

already is in the Debtors' possession, making these requests all the more unreasonable. Finally, Debtors' Motion misconstrues the purpose of Bankruptcy Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which Debtors attempt to use to compel the production of irrelevant information and documents, without affording First Data protections to which it is entitled, including the ability to object to the substance and scope of the discovery requests. For the reasons cited here, Debtors' Motion should be denied. To the extent the Court concludes that Bankruptcy Rule 2004 relief is appropriate, at most, Debtors should be permitted to issue the document request to First Data, to which First Data would be entitled to respond in due course consistent with Bankruptcy Rule 9016.

## FACTUAL BACKGROUND

2.      On October 8, 2007, Debtors entered into an interest rate swap transaction with First Data, which transaction First Data terminated on October 29, 2008, following the bankruptcy of Lehman Brothers Holdings Inc. Under the terms of the swap agreement, First Data calculated the Termination Amount in accordance with the governing documents and determined that it owed Debtors approximately $14.3 million. Unlike some other parties in First Data's position, First Data remitted to the Debtors the entire amount due, less costs and expenses, deducted in accordance with the terms of the agreement. With the October 29, 2008 Notice of Early Termination, First Data provided a statement of calculations, demonstrating for the Debtors the manner in which it had calculated the Termination Amount.

3.      On April 3, 2009, Debtors sent a letter to First Data seeking information far beyond that which was required under the swap agreement between the two parties, as well as information that First Data had previously provided to the Debtors. By letter dated April 17, 2009, First Data provided again, in the spirit of cooperation, some of the information Debtors

2

sought. First Data also noted that much of the information that Debtors sought in the letter was "not provided for under our agreement and irrelevant."

4.      Rather than engage First Data in conversations concerning the bases upon which Debtors sought the seemingly irrelevant information, Debtors waited a full six months and then filed the Motion, asking the Court to compel the production of the information that First Data maintains is irrelevant to the parties' rights under the terminated swap agreement, and provided First Data with less than two weeks to respond to the Motion.

## ARGUMENT

### I. There is no Reason to Deny First Data a Reasonable Time Frame by which to Object and Respond to the Requests.

5.      The simple filing of a motion seeking the examination of a creditor under Bankruptcy Rule 2004 does not automatically entitle the movant to such discovery. Rather, the determination of whether to permit such an examination rests with the sound discretion of the Court. In re Enron, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (noting that grant of a request for a Bankruptcy Rule 2004 examination is in the court's discretion); In re French, 145 B.R. 991, 993 (Bankr. D.S.D. 1992) (holding that Bankruptcy Rule 2004 "grants the Court complete discretion in making a determination regarding Rule 2004 examinations"). The party seeking to conduct an examination pursuant to Bankruptcy Rule 2004 has the burden to establish good cause for the examination which it seeks. In re Koma Equip. Leasing Co., No. J07-00101-DMD, 2007 WL 4219405, at *1 (Bankr. D. Alaska Nov. 29, 2007) ("If the debtor challenges the right of the examiner to conduct a Rule 2004 examination, then the examiner has the burden of establishing that 'good cause' exists for the taking of the examination.") (citation and internal quotation marks omitted). "Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its

3

legitimate interests." Id. (citation and internal quotations marks omitted).  To evaluate whether good cause has been shown, courts also examine whether the burdens imposed upon the examinee by the requested discovery outweigh the potential benefit to the examiner of conducting the examination.  Id.  Where, as here, the burden imposed by the examination sought by the Debtors clearly outweighs any benefit, a request under Bankruptcy Rule 2004 should be denied.

6. The Debtors have failed to establish good cause for the examination sought under Bankruptcy Rule 2004.  First, the 2004 Motion does not provide any basis whatsoever for denying First Data a reasonable time in which to object and respond to the discovery requests.  That is because there simply is no basis for Debtors' hurry.  There is no emergency, no exigent circumstances, nor any concern that First Data will be unable to locate relevant documents and materials if discovery in this matter proceeds along a more reasonable pace.  Indeed, Debtors waited a full six months since their last communication with First Data.  The fact that as a general matter debtors do not require such expediency has led at least one court to question Bankruptcy Rule 2004's availability to debtors.  In In re Good Hope Refineries, Inc., the court doubted the need for such haste in a debtor's request for Bankruptcy Rule 2004 examinations: "there may even be a question whether Rule 205 [Bankruptcy Rule 2004] was ever intended for a Chapter XI debtor who . . . unlike the Trustee was not in need of a quick factual fix relative to the estate, its existence and location." In re Good Hope Refineries, Inc., 9 B.R. 421, 423 (Bankr. D. Mass. 1981) (emphasis supplied) (denying debtor's Bankruptcy Rule 2004 motion); In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702 (Bankr. S.D.N.Y. 1991) (same). Absent a showing that this examination is necessary – and at this pace – the Motion must be denied.

4

       7.      Second, Debtors' Motion is an obvious attempt to circumvent First Data's right to reasonable notice and the opportunity to object to unreasonable requests.  This attempt must fail.  Bankruptcy Rule 2004 does not provide for the suspension of the normal due process requirements nor does it supplant a normal discovery process, and is "subject to the same limitations" as the Federal Rules of Civil Procedure, In re Symington, 209 B.R. 678, 685 (Bankr. D. Md. 1997) (emphasis supplied), not the least of which is "reasonable time to comply."  Fed. R. Civ. Proc. 45(c)(2) and (3).  See also In re Continental Forge Co., 73 B.R. 1005, 1007 (Bankr. W.D. Pa. 1987) (discussing application of Fed. R. Civ. P. 26 in Rule 2004 proceedings).  By expediting these proceedings as Debtors attempt to do, Debtors seek to deny First Data the opportunity and the time to challenge Debtors' request for documents that have no bearing on the relationship between First Data and Debtors, and ask the Court simply to accept the Debtors' unchallenged statement that the documents are relevant.

       8.      This is not to say that First Data objects wholly to the production of documents relating to its swap agreement with the Debtors and the calculation of the Termination Amount thereunder.  It does not.  Indeed, First Data already has produced documents bearing on this matter – both voluntarily and at Debtors' request – a fact Debtors are forced to acknowledge.  (See Motion, pgs. 7-8).  That Debtors already have in their possession much of the information sought in this Motion further supports denial.  See In re Coffee Cupboard, Inc., 128 B.R. 509, 516 (Bankr. E.D.N.Y. 1991) (no examination on documents/records already in the possession of, or as accessible to examiner); In re Clearview Concrete Products, Inc., 23 C.B.C. 373 (Bankr. E.D.N.Y. 1980) (same).

## II. Debtors Misconstrue the Purpose of Bankruptcy Rule 2004 in Asking this Court to Compel the Production of Certain Documents and the Appearance of a Witness.

9. Even if this Court determines that Debtors are entitled to discovery and grants Debtors' Motion, at most, Debtors will be entitled to serve a subpoena on First Data, to which First Data will be allowed, under Bankruptcy Rule 9016, to object in terms of scope, assert any available privileges, and, quash if Debtors do not provide reasonable time to comply. Bankruptcy Rule 2004 provides:

> The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

Fed. R. Bankr. P. 2004(c).

10. Here, the Motion asks the Court to order an examination <u>without</u> compliance with Bankruptcy Rule 9016, without the service of a subpoena, and without the due process protections afforded in connection with responding to a subpoena issued under Federal Rule of Civil Procedure 45. Because Bankruptcy Rule 2004 includes and incorporates the requirements of Bankruptcy Rule 9016, Debtors are entitled only to serve a subpoena on First Data for the production of documents and a witness, at which time First Data will respond (including the assertion of any objections it may have) consistent with the applicable federal and bankruptcy rules.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons, First Data respectfully requests that the Court deny or limit Debtors' Motion as set forth herein.

Dated: New York, New York
October 9, 2009

**SIDLEY AUSTIN LLP**

By: /s/ Lee S. Attanasio
Lee S. Attanasio
787 Seventh Avenue
New York, New York 10019
(212) 839-5300 (tel)
(212) 839-5599 (fax)

*Attorneys for First Data Corporation*